# EXHIBIT 39

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613-LPS |
| v. | ) ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**OPENING EXPERT REPORT OF DR. JONATHAN L. KREIN**
**HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY**

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

## TABLE OF CONTENTS

1. Introduction.................................................................................................................1

2. Summary of Opinions..................................................................................................2

3. Background and Expert Qualifications........................................................................3

    3.1    Education, Industry, and Professional Experience ................................................8

    3.2    Research and Teaching Experience .....................................................................10

4. Retention and Compensation .....................................................................................12

5. Summary of Materials and Information Considered ..................................................12

6. Legal Standards Applied in this Expert Report .........................................................13

7. Relevant Technologies...............................................................................................16

    7.1    Artificial Intelligence ..........................................................................................16

    7.2    Machine Learning ...............................................................................................18

    7.3    Training Data ......................................................................................................20

    7.4    Supervised vs. Unsupervised Learning...............................................................23

    7.5    Ranked Retrieval Systems ..................................................................................24

    7.6    Natural Language Processing ..............................................................................25

8. Overview of the Relevant Parties and Products.........................................................26

    8.1    The Parties and Key Third Parties ......................................................................26

            8.1.1    Thomson Reuters and West ...................................................................26

            8.1.2    ROSS Intelligence.................................................................................27

            8.1.3    LegalEase Solutions ..............................................................................28

            8.1.4    Morae Global .........................................................................................29

    8.2    The Products .......................................................................................................30

            8.2.1    Westlaw and Westlaw Content ..............................................................30

            8.2.2    Westlaw Search.......................................................................................34

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

8.2.3    The ROSS Platform ...........................................................................37

9.    ROSS's Copying of Westlaw Content.............................................................39

9.1    Chronology of Key Events.........................................................................39

9.1.1    Use of Artificial Intelligence in Westlaw ..............................................39

9.1.2    ROSS's Need for Training Data ...........................................................43

9.1.3    ROSS's Attempts to Access Westlaw To Acquire Training Data ....................................................................43

9.1.4    The Creation of the Bulk Memos Using Westlaw ................................50

9.1.5    Termination of LegalEase's Access to Westlaw ..................................61

9.1.6    ROSS's Awareness of LegalEase's Conduct.......................................64

9.1.7    ROSS's Use of the Bulk Memos as Training Data..............................68

9.1.8    The Market for Training Data...............................................................78

10.    Conclusion ...................................................................................................89

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

## <u>APPENDICES</u>

Appendix A:        *Curriculum Vitae* of Jonathan L. Krein, Ph.D.

Appendix B:        List of Materials Considered

Appendix C:        Bulk Memos and West Headnotes Chart

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

1. <u>**INTRODUCTION**</u>

1.     My name is Dr. Jonathan L. Krein. I have nearly twenty years of experience in the software field including software development, software management, academic and industrial empirical research, computer science and software engineering education, and executive-level business leadership and management. I have been retained as an expert in connection with the matter of *Thomson Reuters Enterprise Centre GmbH and West Publishing Corp. v. ROSS Intelligence Inc.* (United States District Court, District of Delaware, C.A. No. 20-613-LPS). In this report, I refer to Plaintiffs/Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation as "TREC" and "West," respectively, and collectively as "Thomson Reuters"; I refer to Defendant/Counterclaimant ROSS Intelligence Inc. as "ROSS Intelligence" or "ROSS."

2.     I have been retained by Thomson Reuters to provide opinions concerning ROSS's development of its legal research platform and Thomson Reuters' allegations of copyright infringement and tortious interference. In this expert report, I summarize my findings regarding these topics and the bases and reasons for those findings.

3.     I understand that expert discovery is ongoing. I may be asked to continue my efforts, including study of new materials (as they become available) and further review of materials already available to me. If I am asked to testify at deposition or trial, I may study additional materials, documentation, software, and testimony as it becomes pertinent and/or available. If I am asked to testify, I may provide demonstrative computer systems, graphic materials, schematics, models, animations, or other expository material. If warranted, I may issue a supplement to this report, for example, to address information made available to me after the date of this report. This

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

report may also be supplemented by deposition and trial testimony. I may also be asked to provide additional reports in response to any report(s) issued by ROSS's expert witness(es).

## 2.    SUMMARY OF OPINIONS

4.     The opinions outlined in this report are being provided to the Court to assist it in understanding the parties' respective technologies, and in particular, how ROSS developed its legal research platform using content from Thomson Reuters' Westlaw product. My opinions are based on my current understanding of the facts of this case, including my review of documents and testimony, and my application of my own experience and knowledge. In particular, I have reached the following conclusions.

5.     *First*, LegalEase systematically copied from Westlaw, copying its headnotes, West Key Numbers, the relationships between them, and other editorial contents from the judicial opinions that appear in the Westlaw database. It did so at the direction and expense of ROSS, to create a large training dataset of 25,000 memoranda (the "Bulk Memos") comprised of questions and ranked answers. The Bulk Memos were organized topically according to the West Key Number System, with the questions being derived from West's headnotes within those West Key Numbers, and the "great" answers being derived from the cases linked to the headnotes.

6.     *Second*, LegalEase distributed and ROSS copied the Bulk Memos to create a legal research platform that would compete with Westlaw. Specifically, to train the artificial intelligence model that ran its platform, ROSS needed high-quality training data in the form of legal questions mapped to relevant case passages across (and categorized by) a range of legal topics.  It used the West Key Numbers and headnotes as that training data. In addition to ROSS's own use of this content, and the fact that Thomson Reuters' customers regularly pay for it, the content's value is

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

demonstrated by the fact that Thomson Reuters itself used the same content to train its own artificial intelligence models.

7.     ***Third***, ROSS was aware of LegalEase's use of Westlaw, controlled LegalEase's activities and directed them. Specifically, ROSS took charge of each stage of the project, including setting its parameters, commenting on the work product, and then using it in its platform. This makes sense, as ROSS needed the training data to be high-quality and in a specific format so that it could be used to train ROSS's artificial intelligence model.

8.     ***Fourth***, there is a robust market for training data in general and the content copied from Thomson Reuters in particular. There are numerous entities that charge for content that is used in artificial intelligence models. Likewise, Thomson Reuters itself uses its headnotes and the West Key Number System as inputs to its own artificial intelligence models. Thus, there is an existing market for that content and for the use to which ROSS put it.

## 3.     BACKGROUND AND EXPERT QUALIFICATIONS

9.     I have formally studied computer science and programming since 2000 and have been professionally engaged in the software industry since 2005 in engineering, management, research, and instructional positions. I have worked as a professional software developer, research scientist, and adjunct professor, including as the CTO and Chief Software Architect for a genealogy software company providing cloud/AWS-backed web and mobile applications to a base of more than 500,000 users. I have developed web-based business tools and content management systems (CMSs) and have extensive experience with both frontend and server-side software development, including client-server architectures, distributed application architectures, cloud architectures, networking protocols, databases and data management systems, and a host of client- and server-side programming languages and application frameworks.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

10.     I have also formally studied artificial intelligence and its subdiscipline, machine learning, including a broad array of its applications. I have developed novel artificial intelligence and machine learning models, which are published in peer-reviewed articles in the field of computer science, including a custom Bayesian model as part of my PhD thesis, which is published in the premier journal *Transactions on Software Engineering*. I have also developed and participated in the development of machine learning models in the areas of open source software and social networks, including a gender prediction model for Facebook accounts geared toward making online communities a safer place for children and adolescents. I have also worked on machine learning projects involving natural language processing (NLP), including a project focused on the study of developer commit messages within open source software repositories, which spun out of my master's thesis. In that project we applied LDA (Latent Dirichlet Allocation) to the classification of commit messages, in particular, to understand open source developer communities.

11.     Most of my career I have been involved in data science projects generally, including in the software industry, where I led the development of a data search and retrieval product for genealogy research. The Kinpoint Web Console and Take a Name® products were built on top of a multi-billion node graph database representing data input from users, combined with data from third parties. I have also worked on data science projects in the area of family services, including for a large non-profit in Utah, Kids On The Move, involving the management of volunteer data, government compliance, and business intelligence, among other things. I currently serve as Chairman of the Board for Kids On The Move.

12.     I have also studied and published numerous peer-reviewed articles in the field of Software Engineering, as well as taught software engineering methods at the university level—

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

including, among others, software development, testing, and quality assurance standards and practices. I hold M.S. and Ph.D. degrees in Computer Science from Brigham Young University.

13.     I have served as a testifying and consulting expert on more than forty cases over the past decade. I have served on cases in both district and state courts, as well as the United States International Trade Commission, the American Arbitration Association, JAMS Arbitration, and the United States Patent Trial and Appeal Board. I have dealt with a range of issues, including copyright infringement, trade secret misappropriation, breach of contract, and patent infringement, to name a few—all pertaining to software, source code, and/or software-enabled products and services. I have also dealt with a wide range of computer science topics, including cases involving artificial intelligence and machine learning, source code, and software process, among others.

14.     Cases involving machine learning and artificial intelligence include, for example, products in the areas of: online media aggregation, search, and retrieval for the purposes of consumer and market intelligence (big data, machine learning, artificial intelligence, natural language processing, data analytics, user interface design, data visualization, graph theory, social network analysis, training data as a marketable commodity); decision support software geared toward helping growers improve crop yields through, for example, the improved efficiency and efficacy of soil nitrogen augmentation (machine learning, artificial intelligence, neural networks, user interface design, software project management, software engineering); targeted advertising and ad personalization in the space of online advertising at scale (big data, machine learning, artificial intelligence, natural language processing, A/B testing, content delivery networks); robot control software for the purposes of order fulfillment (grid storage, fulfillment centers, vehicle automation, embedded systems, crash avoidance, route planning); voice detection and automatic speech recognition in embedded systems (Alexa-like technologies, machine learning, deep neural

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

networks, digital signal processing, mobile communications, streaming audio); home automation and remote security (artificial intelligence, streaming audio/video, facial recognition, security and surveillance systems).

15.     I also have extensive experience performing source code and software process reviews, including in industry, academia, and litigation settings. I have performed hundreds of such reviews over my career. In the context of computer science and software engineering, I have performed code and process reviews for the purposes of peer review, quality assurance, pair programming, and research (on proprietary and open-source systems). In the context of research, I have published peer-reviewed papers on the development of methods for source code review and examined key software process issues in open-source and proprietary software development. In the context of industry, I have performed countless hours of source code review and analysis to ensure code and system quality and scalability, as well as to maintain and enhance various software systems, among other things. I have also performed software process analysis for companies on both consulting and academic bases—including for International Business Machines (IBM), the results of which are published in a peer-reviewed conference. Additionally, my graduate education focused on software engineering, which is the study of software process and, more broadly, how software is created (from conception to end of life). I also co-founded and co-own a company, Source Code Discovery, dedicated to source code review in both litigation and industrial contexts.

16.     In addition to the above, I have experience with the various background technologies involved in this case. For example, I have been developing Internet-based and data-centric applications (including web and mobile applications) for the entirety of my professional career, including applications such as content management systems, network monitoring systems, e-commerce systems, data mining and analysis systems, data aggregation and sharing systems, and

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

others. Additionally, I have extensive training in data science and statistics (including frequentist and Bayesian statistics) and have published research papers in top venues on novel methods for data mining, machine learning, and statistical inference.

17.    Also related to data science, in 2011, I helped design a graduate-level computer science course on Social Network Analysis (SNA). SNA is the application of networks and graph theory to the study of both offline and online (e.g., Facebook, Instagram, Twitter) social structures. For several years I worked on research applying SNA to the study of latent community structures in open source software (OSS) development—with a particular interest in understanding why and under what conditions OSS ecosystems work well (as compared to closed source ecosystems). This research involved the development of large-scale data mining techniques specific to OSS repositories, the development of natural language processing techniques to understand source code commit comments (mentioned above), and, among other things, the extensive exploration and tuning of metrics to develop effective community detection techniques specific to the context of OSS development. I also contributed to and helped advise a master's thesis applying SNA and graph theory techniques to the development of a novel approach to information retrieval in the area of library sciences. The technology was eventually deployed as part of the library search engine at Brigham Young University. Additionally, upon invitation, I advised the development of curriculum for a new data science major[1] in the Dept. of Computer Science at Utah Valley University, which includes substantial coverage of machine learning and related skills.

---

[1] *See* https://www.uvu.edu/catalog/current/departments/computer-science/computational-data-science-bs/.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

### 3.1    Education, Industry, and Professional Experience

18.    I received my B.S. and M.S. degrees in Computer Science from Brigham Young University (2008, 2011). My M.S. thesis was on the topic of *Programming Language Fragmentation and Developer Productivity*, and relied heavily on data mining, big datasets, and source code analysis. I also received a Ph.D. degree in Computer Science from Brigham Young University (2014), with an emphasis in Software Engineering. My Ph.D. dissertation was on the topic of *Replication and Knowledge Production in Empirical Software Engineering Research* and focused on applying machine learning and Bayesian statistics to the problem of non-replicability across research studies in the area of software design patterns. Throughout graduate school, my research and education focused on the study of software engineering principles and methods, including work on both open and closed source systems, which work is published in peer-reviewed journals, conferences, and workshops.

19.    From February 2006 to August 2008, I was employed as a systems management engineer and then solutions and software engineer at the Office of Information Technology (OIT) at Brigham Young University. During that time, I maintained the campus-wide network-monitoring framework, including developing, installing, and maintaining enterprise-class network monitoring systems, as well as developing custom monitoring solutions for the emergency phone system, web servers and applications, databases, etc., including a wide variety of server platforms. I also led the development of web-based internal business tools, with an emphasis on integrating business processes across the organization. Additionally, I participated in internal processes for selecting, implementing, configuring, and deploying large-scale enterprise software.

20.    From October 2007 to June 2016, I served as the chief software developer for Friday's Kids Respite (FKR), a non-profit corporation. In that capacity, I designed and developed FKR's web-based business services including, but not limited to, web interface design and

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

implementation, backend server infrastructure design and implementation, and database design and implementation. I also designed and implemented a user access portal to serve the thousands of personnel and volunteers who participated each year in the FKR program. From August 2013 to June 2016, I also served on the Board of Directors for FKR, overseeing technology strategy for the organization. The tools I developed for FKR are still in use today.

21.     Since 2008, I have held numerous positions at Kinpoint, Inc., a Utah-based genealogy software company. From 2008 to 2016, I was an Inventor at Kinpoint, helping to develop the early technology. From March 2016 to January 2018, I served as CEO for Kinpoint. As CEO, I was responsible for "rebooting" the organization to focus on a new product, the "Take a Name" app. From January 2018 to January 2019, I transitioned to the CTO and Chief Software Architect roles. As CEO and then CTO/Architect, I led the development of the Take a Name® app (including iOS and Android platforms, UI design, and backend architecture), which released in February 2017, reaching 500,000 installs in the first 24 months. I guided the software and systems architecture for Take a Name, including managing Kinpoint's AWS infrastructure and actively developing both frontend and backend systems (Java, JavaScript, Objective-C, etc.).

22.     As part of my consulting practice, I also periodically work with software companies on specialized software engineering problems, particularly focused on software process, software product quality, user interface and product design, cloud infrastructure, and software testing. Recently, in 2018, I assisted Sound Concepts (now Verb Technology)—a software company offering tools for CRM, lead generation, and video marketing—with AWS (Amazon Web Services) and systems architecture. This work was in support of a key mobile application. In 2018 and 2019, I worked with Quintric, a startup in the area of finance and cryptocurrency, by providing

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

software process training and virtual CTO services, as well as user interface and product design consulting.

23.     From June 2016 to present, I have served on the Board of Directors for Kids On The Move (KOTM), a non-profit corporation. In that capacity, I advise KOTM on technology issues, as well as provide software development services. During the merger of FKR and KOTM, I managed the transition and integration of software systems between the two organizations, including providing development services for web-based applications. From July 2020 to December 2020, I served as Chair Elect and a member of the Board's Executive Committee. Since January 2021, I have served as Chairman of the Board. Additionally, since January 2021, I have been engaged with KOTM in the capacity of Data Scientist and Systems Architect, in which capacity I advise the organization in defining and implementing business intelligence and monitoring solutions (including data, systems, and compliance infrastructure).

24.     In addition to my work with KOTM, I also currently serve on the Board of Directors for Kinpoint, am the Managing Partner for Source Code Discovery, and am the founder and Managing Partner of Dryden Technology Group. I also partner with several other firms to provide a range of consulting services—including leadership, training, and software development services within the software industry, as well as training and support services for intellectual property litigation.

**3.2    Research and Teaching Experience**

25.     Since 2006, I have held numerous research and teaching positions in computer science at Brigham Young University (BYU). These include serving as: (i) a Research Assistant in BYU's Computational Science Laboratory (2007); (ii) an Instructor for the BYU Computer Science Department's introduction to computer programming for non-CS majors (2012); (iii) a Research Assistant (2008-2014) and then Adjunct Researcher (2014-2016) in the BYU SEQuOIA

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

(Software Engineering) Lab, working on topics such as methods for source code analysis, coordination and collaboration concerns for stakeholders in large software project ecosystems, the philosophy, methods, and challenges of replication in empirical software engineering research, and analysis of open source software and open source ecosystems; and (iv) an Adjunct Professor teaching the BYU Computer Science Department's senior Software Engineering course (2014-2017), which teaches students to apply software engineering principles pertaining to product life cycles, requirements, analysis, specification, design, coding, testing, project management, software cost estimation, quality assurance, and configuration management. I also led a 2010 research project at the IBM T. J. Watson Research Center in Yorktown Heights, New York, examining software process across IBM.

26.     I have published numerous papers on information technology, computer science, and software engineering. From 2010 to 2015, I was an active member of the Institute of Electrical and Electronics Engineers (IEEE)—having chaired multiple committees, presented at numerous workshops, and published numerous articles in that organization's publications. I have also published in peer-reviewed journals, presented at peer-reviewed conferences, and conducted peer-reviewed workshops, all in the areas of computer science and software. I am a named inventor on U.S. Patent No. 8,452,805, relating to software-based methods for genealogy context preservation. I have served in leadership positions (including Organizing Committee, Technical Program Committee, Session Chair, and Reviewer) for academic conferences and journals dealing with empirical software engineering, analysis, and measurement—including the IEEE Transactions on Software Engineering journal, the Empirical Software Engineering journal, the International Working Conference on Mining Software Repositories, the Journal of Information and Software Technology, and the International Conference on Open Source Systems.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

27.    Additional information regarding my education, industry and professional experience, and research and teaching experience, along with lists of all publications I have authored within the last 10 years and all cases in the last 4 years in which I have testified as an expert at trial or by deposition, may be found in my *curriculum vitae*, attached to this report as Appendix A.

**4.    RETENTION AND COMPENSATION**

28.    I have been retained to offer my expert opinion as described above. I have not been asked to adopt any opinion with which I disagree or for which I have not observed factual support, nor would I do so.

29.    I am being compensated for my study and work in this matter at a rate of $500 per hour, and I have no financial interest that is contingent or dependent on my testimony, on the content of this report, or on the outcome of this case in any way.

**5.    SUMMARY OF MATERIALS AND INFORMATION CONSIDERED**

30.    The opinions set forth in this report are my own and are based upon my education and professional experience in computer science, systems engineering, software engineering, software development, and other relevant areas of knowledge and professional experience, as well as on my review of the materials cited in this report. A list of the materials that have been considered in the course of preparing this report is attached as Appendix B. Additionally, the opinions and analyses in this report are based on the information made available to me to date. If I am provided with additional information, I may supplement and amend my opinions accordingly. This report may also be supplemented by deposition or other testimony.

31.    If asked to testify, I will base my testimony on the materials discussed or cited in this report and the attached appendices (along with any supplemental reports and appendices),

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

including any of the additional materials listed in Appendix B. I will also base my testimony on my own work, teachings, and knowledge. I may further rely on handbooks, textbooks, technical literature, data sheets, and the like to demonstrate my opinions and assertions. I may rely on any of these materials, experiences, and knowledge, in addition to the evidence specifically cited as supportive examples in particular sections of this report, as additional support for my opinions.

32.     I reserve the right to supplement this report, including to respond to any expert retained by ROSS or to consider any discovery that may be made available in the future.

## 6.     LEGAL STANDARDS APPLIED IN THIS EXPERT REPORT

33.     I am not an expert in law and I have not been asked to provide legal opinions. That said, I have considered the U.S. statute on copyright and the law on tortious interference with contract, and have been informed by counsel for Thomson Reuters of certain basic principles of law relevant to my technical expert opinions, which are set forth below.

34.     First, I understand that, according to the Copyright Act, "[c]opyright protection subsists … in original works of authorship fixed in any tangible medium of expression … from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device."[2] It is further my understanding that this definition includes software, such as a computer program, and can include software content of various forms, such as automated databases and compilations of content. For example, as described by the United States Copyright Office (the "Copyright Office"), "[a] computer program is a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result. Copyright protection for a

---

[2] 17 U.S.C. § 102(a).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

computer program extends to all of the copyrightable expression embodied in the program."[3] Likewise, the Copyright Office writes that "[d]atabases may be considered copyrightable as a form of compilation, which is defined in the law as a work 'formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.'"[4]

35.    It is my understanding that, to establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) unauthorized copying of original elements of the plaintiff's work."[5] I further understand that when considering direct copyright infringement, (1) the validity factor turns on the copyrightability of the work where originality means at least some minimal degree of creativity,[6] and (2) the unauthorized copying factor comprises two components: actual copying and material appropriation of the copyrighted work.[7]

36.    Moreover, I understand and have been informed that a claim of indirect copyright infringement can be established by showing vicarious or contributory infringement. To demonstrate vicarious liability, a plaintiff must show that the defendant had: (1) the right and ability to supervise the infringing activity, and (2) a direct financial interest in the infringing activity.[8] To demonstrate contributory infringement, a plaintiff must show: (1) a third party directly

---

[3] United States Copyright Office. (March 2021). *Copyright Registration of Computer Programs*. Circular 61. https://www.copyright.gov/circs/circ61.pdf, p. 1.

[4] https://www.copyright.gov/reports/appendix.pdf.

[5] *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197 (3d Cir. 2002).

[6] *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991).

[7] *Tanksley v. Daniels*, 902 F.3d. 165, 173 (3d Cir. 2018).

[8] *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 388 (3d Cir. 2016); *see also Metro Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd*, 545 U.S. 913, 914 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.") (internal citations omitted).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

infringed the plaintiff's copyright; (2) the defendant knew or should have known that the third party was directly infringing; and (3) the defendant materially contributed to or induced the infringement.[9] I also understand that knowledge for purposes of contributory infringement includes actual knowledge, constructive knowledge (*i.e.*, where the defendant should have known about the infringement), and willful blindness (*i.e.*, where the defendant believes that there is a high probability that a fact exists and takes deliberate actions to avoid learning of that fact).[10]

37.     I also understand that ROSS intends to rely on a defense of fair use to Plaintiffs' claims of copyright infringement. I understand and have been informed that the analysis of a fair use defense revolves around four factors considered by the Court: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work."[11] I understand that in determining whether an actual or potential market exists, courts look to whether there is a "traditional, reasonable, or likely to be developed" market.[12]

---

[9] *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 388 (3d Cir. 2016).

[10] *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) (stating that the knowledge standard for contributory liability "is an objective one; contributory infringement liability is imposed on persons who 'know or have reason to know' of the direct infringement"; also noting that willful blindness to infringement is sufficient); *see also In re: Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) ("[w]illful blindness is knowledge"); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (stating willful blindness requires that "(1) The defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.")

[11] 17 U.S.C. § 107; *see also Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 545 (1985).

[12] *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 308 (3d Cir. 2011)

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

38.     I also understand that Thomson Reuters asserts its tortious interference claim is governed by Minnesota law. I understand and have been informed that under Minnesota law a cause of action for tortious interference with a contractual relationship requires five elements: "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages."[13]

## 7.   RELEVANT TECHNOLOGIES

39.     In this section, I provide a brief overview of relevant technologies, including artificial intelligence, machine learning, and related concepts. Since this case concerns the classification of legal cases into document clusters for rank and retrieval purposes, it falls in the domain of machine learning, which is a subset of artificial intelligence.

### 7.1   Artificial Intelligence

40.     To define Artificial Intelligence (AI), a formative source on the topic—*Artificial Intelligence: A Modern Approach*, by Russell and Norvig—proffers a list of definitions, including, for example:[14]

- A 1978 definition by Bellman: "[The automation of] activities that we associate with human thinking, activities such as decision-making, problem solving, learning . . ."

---

[13] *Kallok v. Medtronic, Inc.*, 573 N.W.2d 356, 362 (Minn. 1998). It is my understanding that ROSS contends California law applies to the tortious interference claim, which requires a plaintiff to prove "(1) it has a valid and existing contract with a third party; (2) defendants had knowledge of the contract; (3) defendants committed an intentional act designed to induce a breach or disrupt the contractual relationship; (4) actual breach or disruption of the contract relationship occurred; and (5) damages were suffered as a result." *See Sebastian Int'l, Inc. v. Russolillo*, 162 F. Supp. 2d 1198, 1203 (C.D. Cal. 2001).

[14] Russell, S. J. and Norvig, P. (2010). *Artificial Intelligence: A Modern Approach*, third edition. Pearson Education, p. 2.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

- A 1985 definition by Charniak and McDermott: "The study of mental faculties through the use of computational models."

- A 1990 definition by Kurzweil: "The art of creating machines that perform functions that require intelligence when performed by people."

- A 1992 definition by Winston: "The study of the computations that make it possible to perceive, reason, and act."

- A 1998 definition by Poole *et al*.: "Computational Intelligence is the study of the design of intelligent agents."

41.     As this list demonstrates, AI has had many definitions over the years. Traditionally, AI was focused on recreating the intelligence displayed by humans across a wide range of tasks. However, contemporary AI has moved toward a more formal definition based on "rationality," which is the characteristic of being based on or in keeping with logic. Therefore, modern AI tends to cast most problems in terms of *rational* or *intelligent agents*. According to Russell and Norvig:[15]

> An agent is just something that acts . . . Of course, all computer programs do something, but computer agents are expected to do more: operate autonomously, perceive their environment, persist over a prolonged time period, adapt to change, and create and pursue goals. A rational agent is one that acts so as to achieve the best outcome or, when there is uncertainty, the best expected outcome.

42.     As can be imagined, this is still a very broad definition with an extremely large reach. Setting aside the issue of defining "intelligence," a more straightforward definition of AI is simply *the study of how to make computers and computer-based systems more intelligent, in terms of both decision-making and, where applicable, behavior*. This definition is particularly applicable to the matter at hand because it speaks to the use of AI in most contemporary industrial contexts. For example, we want our laptop to learn our usage patterns and tailor its own charging to

---

[15] *Id*., p. 4.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

maximize battery life; we want our map application to not only accurately predict drive times, but to dynamically update those times based on real-time data from its many users (so we can avoid accidents and unexpected slowdowns); and we want our mobile phones to recognize us whether we wear a mask or not.

### 7.2    Machine Learning

43.    Often when we think of modern AI, we envision a system either dominated by or at least based in large part on *machine learning*. Machine learning (ML) has become so prevalent today that rather than being viewed as a subfield of AI, it is often treated as synonymous with modern AI. Even the Russell and Norvig reference (cited previously) notes a clear rise in the ubiquity and popularity of machine learning over the last decade. In their fourth edition (2021), Russell and Norvig state, "This edition reflects the changes in AI since the last edition in 2010," after which they provide a bulleted list of eight items.[16] Topmost on that list—the growing ubiquity of machine learning. In their words, "We focus more on machine learning rather than hand-crafted knowledge engineering, due to the increased availability of data, computing resources, and new algorithms."

44.    Given the dramatic rise of machine learning within the overall field of AI, Garnelo and Shanahan have recently (2019) divided the field of AI into two dominant paradigms: "symbolic (or classical) artificial intelligence" and "deep learning" (or, more generally, "neural networks").[17] On this point, Garnelo and Shanahan state:[18]

---

[16] Russell, S. and Norvig, P. (2021). *Artificial Intelligence: A Modern Approach*, fourth edition. Pearson Education, p. vii.

[17] Garnelo, M. and Shanahan, M. (2019). *Reconciling deep learning with symbolic artificial intelligence: Representing objects and relations*. Current Opinion in Behavioral Sciences, vol. 29, pp. 17-23.

[18] *Id.*, p. 17.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

In the past a number of rival paradigms have competed with neural networks for influence, including symbolic (or classical) artificial intelligence, which was arguably the dominant approach until the late 1980s. A symbolic AI system works by carrying out a series of logic-like reasoning steps over language-like representations. The representations are typically propositional in character, and assert that certain relations hold between certain objects, while each reasoning step computes a further set of relations that follow from those already established, according to a formally specified set of inference rules.

45.    Symbolic, or rule-based AI, was an attempt to define intelligent agents by defining a set of rules to govern their decision making and/or behavior. These rules were developed in a top-down manner in that they were largely the work of a human designer. For example, applied to the classification of legal cases, such a technique might look like a series of pre-selected categories—*e.g.*, criminal cases, civil cases, property disputes, breach of contract cases, patent cases, etc.—coupled with predefined rules for assigning cases to those categories (*e.g.*, identifying criminal cases, in part, by their use of known terms like "theft" or "burglary"). No data was involved in creating the model, at least not in the sense described below for machine learning. Instead, a programmer would write code to embody the rules, and when a prediction was needed, the case in question would be run through the rule-set to produce an answer. A case that included the word "theft," for example, might also need to meet a couple other rules to rise above a threshold to be classified by the model as a criminal case.

46.    Machine learning, on the other hand, is an attempt to define intelligent agents by having them learn directly through observation and experience (rather than simply being told how to do things by a human designer). This approach even sounds more intelligent, or at least more human-like. However, in many respects, modern machine learning is just the meeting point between statistical modeling, big data, and a whole lot of computer power—in other words, given sufficient resources and effective models (both of which we now have in abundance), as well as a

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

lot of high-quality data (harder to come by), computers can extract far more information (of a certain type) from real-world observations than any think tank or research group.

47.    Looking to Russell and Norvig again:[19]

> An agent is learning if it improves its performance after making observations about the world. . . . When the agent is a computer, we call it machine learning: a computer observes some data, builds a model based on the data, and uses the model as both a hypothesis about the world and a piece of software that can solve problems.

Thus, one might reasonably define machine learning as simply *the use of a computer to detect and extrapolate patterns from data*.[20]

48.    A machine learning approach to the problem of classifying legal cases (mentioned above) might be one in which the system "learns" how to recognize cases of various types by extracting patterns from a dataset of exemplary cases that have already been classified (by a human). Or the system could learn its own categories from scratch based on trends, clusters, and/or other generalizations within the data, effectively bootstrapping its own learning.

### 7.3    Training Data

49.    Of critical importance to modern machine learning is *data*. No matter what machine learning model you use, it will only ever be as good as the data fed into it. As mentioned above, computing power is, today, relatively cheap and abundant. Amazon Web Services (AWS) and Microsoft Azure, for example, are just two prominent vendors among many providing cloud computing infrastructure at commodity prices. Indeed, a company no longer needs to be able to construct and support its own datacenter in order to provide machine-learning-based products at scale. Additionally, the literature—as well as open source software—is now filled with machine

---

[19] Russell, S. and Norvig, P. (2021). *Artificial Intelligence: A Modern Approach*, fourth edition. Pearson Education, p. 651.

[20] *Id.*, p. 2.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

learning methods and techniques applicable to almost every domain and industry. Given *high-quality* data, a basic understanding of applied machine learning, and a descent ML pipeline, many standard models—*e.g.*, clustering, decision trees, support vector machines (SVMs), neural networks (of many types)—can be applied effectively, even without much or any customization.[21] Often, 80-90% of the learning can be achieved via standard models and minimal tuning alone. It's typically in squeezing out the last 3-5% where most of the work is done. In other words, hiring a team of research scientists is no longer a *de facto* precondition to achieving meaningful results in machine learning. Unfortunately, good data, and a lot of it, still is.

50.     "Training data" are the values that are input to a machine learning model for the purpose of teaching the model to solve a given problem. Training data is generally a derived portion or subset of a larger dataset, selected, cleaned, and prepared specifically for use in the model of interest. Common machine learning practice generally partitions a dataset into three portions or batches, consisting of: (1) training data, (2) a validation set(s), and (3) a final test set.[22] The training data are used to teach the model; one or more validation sets are used to evaluate the model at intervals; and the test set is used to determine the model's final quality.

51.     Note that any data used in training a model (including the validation set) cannot also be used to assess its final quality. This is because, with the right model and tuning, 100% accuracy can be achieved on any dataset. Just imagine a model that consists entirely of a lookup table comprising a copy of the training dataset. The problem is, despite scoring perfectly when tested against the training data, such a model would not generalize at all to novel data. Once a model reaches the point of learning nuances in the training dataset that do not generalize, it is said

---

[21] *See*, *e.g.*, Brownlee, J. (2022). *Machine Learning Mastery*.
https://machinelearningmastery.com/.

[22] *See*, *e.g.*, https://towardsdatascience.com/train-validation-and-test-sets-72cb40cba9e7.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

to be "overfitted" to the data. Thus, a final test set is needed in order to accurately assess the model's quality. However, once applied, the test set can technically never be used as a valid test set again for that model, or possibly any model (because running the test set teaches the engineer, and any subsequent changes to the model are potentially a derivative, at least in part, of the observations made when running the test set).

52. Because good data can be hard to come by, techniques such as K-fold cross validation have been developed, which can be used in lieu of a holdout set for validation, or even in lieu of a final test set in a pinch. That said, even statistically-informed methods such as cross validation are still subject to bias and cannot fully detect overfitting.[23] Thus, when it comes to machine learning, *nothing can take the place of good data, nothing*. Certainly, model selection, tuning of hyperparameters, even customization of a model, or development of a new model from scratch, can make a difference in machine learning outcomes. Nevertheless, the training data dictate the limit of the learning that can *ever* be achieved, by any model, no matter how sophisticated the approach. If poor quality training data are used, the quality of the resulting model, any model, will likewise be poor.

---

[23] K-fold cross validation involves shuffling the data, splitting it into $k$ equally sized partitions or subsets (say 10), and then training the model $k$ times, using each subset in turn as a validation set. When a subset is used for validation, it is excluded from the training. After each round of training and validation, the validation accuracy is saved and the model is discarded. Once all $k$ rounds of training and validation are complete, the $k$ accuracy scores can be combined, such as by averaging, to provide a representative estimate of the model's overall accuracy. This approach has been shown to reduce bias in the final estimate, though it cannot fully eliminate that bias. *See*, *e.g.*, Brownlee, J. (2020). *A Gentle Introduction to k-fold Cross-Validation*. https://machinelearningmastery.com/k-fold-cross-validation/.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

### 7.4     Supervised vs. Unsupervised Learning

53.     Supervised learning entails the fitting of a model, essentially, from labeled data—meaning, teaching the computer to learn a function or mapping from a set of inputs to a set of outputs, where the inputs and outputs are taught by example.

54.     Russel and Norvig:[24]

In supervised learning the agent observes input-output pairs and learns a function that maps from input to output. For example, the inputs could be camera images, each one accompanied by an output saying "bus" or "pedestrian," etc. An output like this is called a label. The agent learns a function that, when given a new image, predicts the appropriate label.

55.     In the machine-learning version of the example I gave previously of classifying legal cases, the fact that we provide the computer with example cases, each paired with a classification (such as "criminal," "civil," "patent," etc.), means we are applying a supervised learning approach. In a supervised approach, the ML practitioner provides the model with the "correct answer" or "correct output" for each input (or set of inputs). Supervised learning algorithms can include Neural Networks (NNs), Naive Bayes, Linear Regression, Logistic Regression, Support Vector Machines (SVMs), K-Nearest Neighbors (KNNs), Random Forests, and many other techniques.

56.     In contrast, unsupervised learning . . .

. . . learns patterns in the input without any explicit feedback. The most common unsupervised learning task is clustering: detecting potentially useful clusters of input examples. For example, when shown millions of images taken from the Internet, a computer vision system can identify a large cluster of similar images which an English speaker would call "cats."[25]

---

[24] Russell, S. and Norvig, P. (2021). *Artificial Intelligence: A Modern Approach*, fourth edition. Pearson Education, p. 652.

[25] *Ibid*.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

57.     Unsupervised learning techniques work from unlabeled data. Imagine a scatterplot of data points, which you believe to represent multiple groups of things that behave differently relative to the metrics shown on the scatterplot. You might even discern some possible groupings of the dots on the scatterplot by looking at it manually. A clustering algorithm, however, would apply a mathematical process to systematically identify groupings our clusters within the data in such a way that, once trained, could be used to consistently predict the same categories given new previously unseen examples. Notice, though, that the ML practitioner never had to tell the algorithm what the actual grouping were. Of course, if you know the true groupings, you might get better results from a supervised approach. But sometimes you don't know the true groupings, and you want to infer them from the data. For such a situation, an unsupervised approach would be required. Common unsupervised learning techniques include clustering and association algorithms, such as Hierarchical Clustering, Probabilistic Clustering, Apriori Algorithms, Principal Component Analysis (PCA), and autoencoders.

### 7.5    Ranked Retrieval Systems

58.     A ranked retrieval system is one that, in response to a query or question, retrieves a set of documents or items, and then ranks or sorts the retrieved set such that the best ones (relative to the query) are at the top. Think Google, Bing, DuckDuckGo, or any other Internet search engine. In the context of Internet search engines, the query would be what you type into the search box; the documents would be web pages or other web content; the retrieval step would produce the list of all websites returned; and the ranking step would produce the particular order in which the results are listed on your screen. Conversely, in the case of a *legal* search engine, the query would be whatever an attorney would type into the search box; the documents would be things like court proceedings; the retrieval step would produce a list of, say, cases, as represented by the underlying documents; and the ranking would be the order in which the cases are listed on the screen.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

59.     Obviously, if what we're looking for wasn't typically on the first page of Google, we'd all be using Bing instead—in other words, a good ranking doesn't have to be perfect, but in today's world, it has to get really close, most of the time, or it quickly becomes worthless to us.

### 7.6    Natural Language Processing

60.     "Natural Language Processing, or NLP for short, is broadly defined as the automatic manipulation of natural language, like speech and text, by software."[26] NLP is a broad subfield of AI that intersects heavily with machine learning. NLP deals with any computer-based processing of natural language, for any reason, outcome, or goal. There are lots of ways to perform NLP, from simple approaches to very sophisticated ones. Writing a program to split out sentences from a text by finding basic punctuation (periods, questions marks, exclamation points, etc.) would be an example of NLP (and one that doesn't rely on machine learning). Of course, to split sentences well, takes a more complex solution than simply looking for punctuation. For example, you'd need to not end a sentence and then create another tiny one every time you see the acronym "U.S." written with periods. But simply meeting the definition of NLP does not require a good solution, only that a computer is being used to automate the processing of natural language in some way. That's it.

61.     Of course, really good solutions to most interesting NLP problems are not just complex, but very complex, and that's where machine learning comes in. Like with AI in general, or perhaps even more so, machine learning has almost completely dominated the field of NLP.

---

[26] Brownlee, J. (2017). *Deep Learning for Natural Language Processing*. http://ling.snu.ac.kr/class/AI_Agent/deep_learning_for_nlp.pdf, p. 2.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

## 8.   OVERVIEW OF THE RELEVANT PARTIES AND PRODUCTS

### 8.1   The Parties and Key Third Parties

#### 8.1.1   Thomson Reuters and West

62.      Thomson Reuters Enterprise Centre GmbH (TREC) is a Swiss corporation, and a wholly owned subsidiary of Thomson Reuters Corporation, a Canadian corporation with operations in the United States and the Americas, Europe, Middle East, Africa and in the Asia Pacific.[27] Among TREC's suite of products is Westlaw.[28] Westlaw is Thomson Reuters' primary online legal research delivery platform.[29] Westlaw offers authoritative content, powerful search functionality and research organization, team collaboration features and navigation tools to find and share specific points of law and search for analytical commentary.[30] TREC is the owner of copyrights in Westlaw.[31]

63.      West Publishing Corporation, a Minnesota corporation, is a wholly owned subsidiary of Thomson Reuters Corporation.[32] West creates and authors content.[33] West's rights to

---

[27] Thomson Reuters Corporation 2021 Annual Report, pp. 102, 116, 189.

[28] 2022 Strategic Growth Priorities, Thomson Reuters Corporation 2021 Annual Report, p. 6.

[29] *Id.*, p. 8.

[30] *Id.*

[31] TR-0359959–TR-0360216 (Business Transfer Agreement between Thomson Reuters Global Resources Unlimited Company and Thomson Reuters Enterprise Centre GmbH, dated 12/18/2019); *see also* A. Martens Dep. Tr. 202:22–203:4 ("Q. And do you know who is the holder of the rights to Westlaw content? A. I think it's TREC. Q. What is TREC? A. Thomson Reuters Enterprise Centre.") (objection omitted).

[32] Thomson Reuters Corporation 2021 Annual Report, p. 189.

[33] *See generally* TR-0033982–TR-0034560 (copyright registrations for Westlaw); *see also* E. Lindberg Dep. Tr. 18:11–14 (Q. And what is West Publishing? A. West Publishing is the subsidiary that actually produces the Westlaw product line that I work in.").

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

sell and market that content are defined in a January 1, 2014 agreement and a January 1, 2018 agreement with Thomson Reuters.[34]

### 8.1.2   ROSS Intelligence

64.     ROSS Intelligence Inc. is a corporation organized and existing under the laws of the State of Delaware and has an office in San Francisco, California. ROSS was founded in 2014 by Andrew Arruda, Jimoh Ovbiagele, Pargles Dall'Oglio, and two others.[35] ROSS claimed to offer a natural language, question-based search engine as part of its legal research platform.[36] ROSS began by offering research services in bankruptcy law, but later expanded into other areas of the

---

[34] *See* A. Martens Dep. Tr. 154:23-155:14 ("Q. Mr. Martens, does Exhibit 25 govern the rights of West Publishing Corporation to the products identified under Schedule 1 to this day? A. No. Q. Okay. What does? A. It was superseded by a later, I believe, sales and marketing agreement. Q. And do you remember when that later sales and marketing agreement was entered into? A. 2018. Q. And so this document was in effect -- this agreement was in effect, as you understand it, from January 1st, 2014 to some point in 2018, correct? A. Yes, I believe so."), 201:19-202:7 ("Q. I'd asked you whether Exhibit 25 was the document that still controls the West right to Westlaw content, and you said there was a 2018 agreement; do you remember that? A. I don't remember that I said 2018, but yes, there was a superseding agreement. Q. And is Exhibit 48 that superseding agreement? A. Yes, sir. Q. Okay. And this is -- this agreement allows West to market and sell products including Westlaw content, correct? A. Yes, sir."); *see also* TR-0358927-TR-0358948 (Sales and Marketing (Product) Agreement, effective January 1, 2014; TR-0358967-TR-0358988 (Distribution Agreement (Products), effective January 1, 2018).

[35] A. Arruda Dep. Tr. 59:3–5 ("Q. So just going back to -- you and -- who were the other cofounders of ROSS? A. Jimoh Ovbiagele and Pargles Dall'Oglio."), 68:1–11 ("Q. So it would be the three of you: you, Jimoh, and Pargles? The three of you came up with your own training data from the Bankruptcy Code, just the three of you? A. No. There was also Tom Hamilton was there. And we had two other cofounders when we were a student project that also were involved with the company at the beginning stages that also, I believe, took -- played a role in that. Q. Who were they? A. Akash Venkat and Shuai Wang.").

[36] "Features," https://www.rossintelligence.com/features.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

law (including statutes and regulations across various practice areas and all 50 states).[37] ROSS

officially ceased operation of their platform on January 31, 2021.[38]

### 8.1.3   LegalEase Solutions

65.      LegalEase Solutions, LLC ("LegalEase"), a Michigan corporation founded by Tariq

Hafeez, is a legal support services company specializing in legal research and writing. LegalEase

is sometimes called a "Legal Processing Outsource Company" or "LPO" in the legal research

space.[39] An LPO is a company that provides legal services including legal research and writing to

other entities.[40] West does not license its legal research platform to direct competitors,[41] but

because LegalEase was an LPO, it was able to obtain a limited Westlaw license beginning in

2008.[42] Westlaw's terms of service agreed to by LegalEase (the "Westlaw Terms of Service")

conditioned the Westlaw license on certain prohibitions, including that LegalEase was not

permitted to share its credentials; run or install any computer software on West's products or

---

[37] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, pp. 8–9.

[38] TR-0037677-TR-0037680 (ROSS's announcement—dated December 11, 2020—that it would be ceasing operation of the ROSS Platform on January 31, 2021).

[39] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 11.

[40] T. Whitehead Dep. Tr. 26:16-27:10 ("Q. What did LegalEase do? A. Okay. So they had two components -- or they may not have had two components at that time, but they had two components: A corporate side and a private attorney side. The private attorney side you can hire them to draft your briefs, your arguments, anything that you needed for a flat fee, so that, you know, it's kind of like you're paying for a staff attorney on the spot. And then on the corporate side what they do or what their goals were which you kind of do work for corporations such as FCA, Iconic, and a few other entities.") (objection omitted).

[41] See A. Martens Dep. Tr. 229:25–230:2 ("Q. Right. And you never would license to Ross, correct? A. We don't license to competitors."); see also ROSS-003389728-ROSS-003389730 (email from West to ROSS denying ROSS access to Westlaw on the basis that West does not sell to "direct competitors"); TR-0002812-TR-0002814 (Thomson Reuters Legal Products and Professional Services, General Terms and Conditions, July 1, 2017).

[42] TR-0002779-TR-0002781 (LegalEase Order Form, effective August 28, 2008).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

network; or sell, sublicense, distribute, display, store, or transfer Westlaw content in bulk to third parties, among other things.[43]

### 8.1.4   Morae Global

66.    Morae Global Corporation ("Morae Global") provides legal and technological services including e-discovery and "general traditional consulting."[44] In August 2017, LegalEase entered into a Strategic Alliance Agreement with Morae Global whereby Morae Global worked as a subcontractor for LegalEase.[45] Specifically, LegalEase entered into this agreement with Morae Global in order to complete a project for ROSS called the "Bulk Memo Project" (as defined below).[46] This agreement was outlined in a document called the Statement of Work II,[47] which described the process for creating "legal research memorandum"—*i.e.*, training data for ROSS's legal research product—based on questions created by paraphrasing West Headnotes (as defined

---

[43] TR-0002812-TR-0002814 (Thomson Reuters Legal Products and Professional Services, General Terms and Conditions, July 1, 2017) ("(d) You may not sell, sublicense, distribute, display, store or transfer our products or any data in our products in bulk or in any way that could be used to replace or substitute for our products in whole or in part or as a component of any material offered for sale, license or distribution to third parties. You may not use any means to discern the source code of our products. (e) Your access to certain products is password protected. You are responsible for assigning the passwords and maintaining password security. Sharing passwords is strictly prohibited. (f) You may not run or install any computer software or hardware on our products or network or introduce any spyware, malware, viruses, Trojan horses, backdoors or other software exploits.").

[44] C. Cahn Dep. Tr. 16:15–24 ("Q. And what are the services that Morae provides? A. Morae provides a wide array of services that include things related to compliance, technology, you know, general traditional consulting, e-discovery, as well as compliance and managed services. And we both -- we do that both in an advisory capacity and as an actual deliverer of the services on behalf of our client.").

[45] TR-0039933-TR-0039942 (Strategic Alliance Agreement, effective August 31, 2017).

[46] T. Hafeez Dep. Tr. 237:10–16 ("Q. And Morae Global worked on the Bulk Memo Project, correct? A. Correct. Q. And Morae Global, on the Bulk Memo Project, the point of contact was someone at LegalEase, correct? A. Yes. Correct.").

[47] R-LEGALEASE-00048772-R-LEGALEASE-00048776 at '772 (Statement of Work II, October 5, 2017).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

below). LegalEase provided Morae Global credentials for Westlaw in order to create the training data for ROSS.[48]

### 8.2    The Products

#### 8.2.1    Westlaw and Westlaw Content

67.    Westlaw is an online legal research delivery platform that collects, organizes, designs, structures, and publishes legal content, including case law, in a readily accessible format. Westlaw is searchable through keywords, natural language, and/or Boolean inquiries, and is backed by a rigorous editorial process.[49]

68.    Specifically, this editorial process begins with attorneys hired by Thomson Reuters, called "attorney-editors," whose job is to parse large volumes of case law and develop "editorial enhancements" in order to make legal research more efficient.[50] As a first step, Thomson Reuters acquires judicial opinions as they are issued by courts and uploads them to the Westlaw database.[51] Then, its attorney-editors carefully review the opinions to identify key concepts discussed therein that they select to call out as points of law.[52]

---

[48] C. Cahn Dep. Tr. 72:25–73:7 ("Q. And did these credentials for Westlaw have a relation to the ROSS Bulk Project? A. Yes. Q. And what was that? A. They were intended for use and provided on the Bulk Memo Project and were provided by LegalEase.").

[49] *See, e.g.*, TR-0179838-TR-0179842 (Free vs. Westlaw: Why You Need The Key Number System, October 15, 2021); TR-0179830- TR-0179837 (Searching with Topic and Key Numbers, October 15, 2021); TR-0432528-TR-0432533 (Why Westlaw Classic).

[50] *See generally* L. Oliver Dep. Tr., pp. 26-27, 31-34.

[51] L. Oliver Dep. Tr. 51:17–52:8 ("Q. And do you know what happens to that file once Westlaw receives it in terms of where does it go next? Does it go immediately onto Westlaw? A. At a general level I know. We -- there is a process by which we convert the file we got into the files that will move through our system. It goes through some steps to determine the jurisdiction, the case title, the things that will appear on Westlaw. It goes through history, where we link it to other cases that it's related to. Those things generally happen before it reaches the headnoting stage.")

[52] L. Oliver Dep. Tr. 26:19–27:4 ("Q. When you talk about creating editorial enhancements, what sort of -- you mentioned headnotes, synopses, and other features for cases, right? A. Right.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

69.     For each point of law selected, the attorney-editors create "headnotes," which summarize facts and/or explain in clear language key concepts of law, the holding of the court, or contentions of the parties ("West Headnotes").[53] These West Headnotes are then included at the top of the opinion on Westlaw along with hyperlinks, created by the attorney-editors, to the passages of the case that the attorney-editors believe are most relevant to the point of law reflected in each of the headnotes.[54]

70.     The creation of a West Headnote involves multiple decision-making steps, from whether there should be a headnote at all, the length of each headnote, the text linked to the headnote, how the headnote should fit into the West Key Number System (the "WKNS"), and the text of the headnote itself.[55] None of these are proscribed by the text of the judicial opinion.

71.     In addition, attorney-editors will assign "Key Numbers" to West Headnotes as they are created in order to integrate them, as well as the opinions for which they are created, into the WKNS—Thomson Reuters' unique hierarchy for organizing U.S. law.[56]

---

Q. What is your understanding of a headnote? A. A headnote is a representation of a point of law made in a court opinion.")

[53] L. Oliver Dep. Tr. 27:16-24 ("Q. So what's the difference between an abstract and a concrete headnote? A. An abstract headnote is a more general statement of the law, one that could be applied in probably multiple cases. A concrete headnote is, more typically, about the facts of the individual case and, really, not something that would apply in other cases."), 30:7-13 ("Q. And so what is a concrete headnote? A. A concrete headnote is a representation of a holding in the case that is particular to the case and the facts within the case.).

[54] A. Martens Dep. Tr. 142:7-20 ("Q. And when you say 'points of law,' do you -- are you including -- what is included in the definition, your definition of 'points of law'? A. Headnotes and notes of decisions classified to the key number system. And again, those headnotes are keys to unlocking the complexity that exists in case law. You'll remember I talked about jump sites once, so I find the headnote that I'm interested in, directly link you to the section of the case that that was drawn from, so that's another way that we stitch the information together.")

[55] *See generally* TR-0002864-TR-0003137 (Editorial Manual, Policies and Guidelines for Headnoting).

[56] L. Oliver Dep. Tr. 227:16-228:23 ("Q. What is the relationship between headnotes and key numbers? A. The key number represents the issue for which the headnote stands and its

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

72.    I understand that the WKNS is the backbone through which thousands of lawyers conduct legal research on Westlaw[57] and that the development of the WKNS has been and continues to be the result of creative and editorial choices about how to organize, classify, and structure the voluminous body of American law, requiring substantial investments of time, technological and human resources, and money over the course of decades.[58]

73.    As Laurie Oliver testified, attorney-editors regularly edit and revise the West Headnotes and WKNS so that the overall hierarchy of information on Westlaw is accurate and up-

---

placement within the larger key number system. Q. How do you guys go about determining or assigning a key number to a headnote? That is a process that requires a fair amount of training. Our classification editors do that task of reading the headnote, determining first probably which high level topic it goes into, and then drilling down from there, also determining whether a headnote might classify to more than one key number, which does happen sometimes. Q. And so when a classifier gets a headnote, they read the headnote, and then they determine, based on the content of that headnote, how it should be assigned in the key number system, correct? A. They start with the text of the headnote. Sometimes they might not find everything they need there about the context of the case. They may need to look at the case. They may look at the notes that we talked about before and, ultimately, decide where in the key number system to classify that headnote.").

It is my understanding that the Classification and Recommendation Engine ("CaRE," or "JCaRE" if referring to the java-based version) tool is something that West created to assist "classifiers," the attorney-editors responsible for classifying headnotes in the WKNS. *See* Plaintiffs' Second Supplemental Response to ROSS's Interrogatory No. 1, March 23, 2022, p. 81. The CaRE tool works by providing the classifier with five or more possible Key Numbers to which a headnote could be classified. *Id*. The tool does not itself select which Key Number(s) are assigned to the headnote or classify the West Headnote. *Id*. Rather, the tool merely provides the classifier with options to consider—the classifier ultimately decides how to classify the headnote, including whether to classify the headnote under any of the Key Numbers suggested by CaRE. *Id*.

[57] *See, e.g.*, TR-0179838-TR-0179842 (Free vs. Westlaw: Why You Need The Key Number System, October 15, 2021); TR-0179830- TR-0179837 (Searching with Topic and Key Numbers, October 15, 2021); TR-0432528-TR-0432533 (Why Westlaw Classic); TR-0002864–TR-0003137 (Editorial Manual, Policies and Guidelines for Headnoting); Plaintiffs' Second Supplemental Response to ROSS's Interrogatory No. 1, March 23, 2022, p. 9.

[58] *Id*.; L. Oliver Dep. Tr., pp. 198-211, 340-341.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

to-date.[59] Attorney-Editors also make decisions about how a West Headnote relates to topics in WKNS, how to interconnect cases with similar West Headnotes in WKNS, and changes that need to be made to WKNS as a result of a new West Headnote.[60] Accordingly, it is clear that Thomson Reuters invests resources, including creativity, talent, time, effort, and money, to create Westlaw content, and the content is constantly being updated.

74.     I understand that because Westlaw is an ever-changing and evolving database, Thomson Reuters registers Westlaw with the United States Copyright Office every three months.[61] Using TR-0034557-TR-0034560 (registration certificate for Westlaw, TXu 2-178-620) as an example, it is my understanding that these registrations cover the "original and revised text and compilation of legal material" authored by West, which, as Andrew Martens testified, includes the original and creative work of West's attorney-editors, such as West Headnotes and the WKNS.[62] It is also my understanding that each copyright registration states that "[r]egistration does not extend to U.S. government works or government edicts that have been issued by any state, local,

---

[59] L. Oliver Dep. Tr., pp. 198-211, 340-341.

[60] Plaintiffs' Second Supplemental Response to ROSS's Interrogatory No. 1, March 23, 2022, pp. 8-9.

[61] *See* A. Martens Dep. Tr. 274:4-13 ("Q. How often does Thomson Reuters file for copyright registrations concerning Westlaw? A. I believe it's every three months. Q. What materials are encompassed in each three-month filing? A. I believe it's the changes, revisions and new editorial enhancements that are created since the prior three-month filing."); *see also* TR-0033982–TR-0034560 (Westlaw Copyright Registrations); TR-0003138–TR-0033981 (Westlaw Copyright Deposit Copies).

[62] *See* TR-0034557-TR-0034560; *see also* A. Martens Dep. Tr. 162:4-17 ("Q. So that would include headnotes, key number system, key cites? A. Yes, citing, cited relationships, all of those components. Q. Okay. And then it is -- it calls Author Of: and says, Compilation, revisions, additions; do you see that? A. I do. Q. And do you know what that is referencing? A. I believe it references the editorial work that our attorney editors do in summarizing, organizing, relating, interleafing information.").

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

or territorial government, including legislative enactments, judicial decisions, administrative rulings, public ordinances, or similar types of official legal materials that have the force of law."[63]

### 8.2.2   Westlaw Search

75.     Thomson Reuters' Westlaw platform includes sophisticated search functionality. Khalid Al-Kofahi, the former Vice President of R&D at Thomson Reuters, and Isabelle Moulinier, the Vice President of Applied Research for Artificial Intelligence at Thomson Reuters, have led artificial intelligence and machine learning initiatives in connection with search algorithms on the Westlaw platform, an effort dating back to the early 1980's.[64]

76.     Both Mr. Al-Kofahi and Ms. Moulinier explained how artificial intelligence was utilized in developing WestlawNext[65] (the Westlaw platform which launched in 2010) and Westlaw Edge[66] (the enhanced platform launched in 2018). Starting with WestlawNext, Thomson Reuters utilized a "learning to rank" ranking algorithm in its search functionality.[67] The training data for the ranking algorithm consisted of question-answer pairs.[68] The idea of using question-answer pairs is to train the search algorithm to recognize a question, the "input," and come up with the right answer, the "output." Isabelle Moulinier, the Vice President of Research and Data Science at Thomson Reuters, described the process for training WestlawNext this way:

> In order to carry out the training process, the first step is to assemble training data. We had a team of product managers who work on Westlaw as well as contractors I believe identify legal topics based on feedback from customers or other areas where you can identify what a legal question might be. They then created a list of

---

[63] *See generally* TR-0033982–TR-0034560 (Westlaw Copyright Registrations).

[64] TR-0037669-TR-0037676 (Our AI Timeline).

[65] K. Al-Kofahi Dep. Tr. 11:13-17:5.

[66] I. Moulinier Dep. Tr. 72:13-87:18; *see also* WestSearch Plus, https://legal.thomsonreuters.com/en/products/Westlaw-edge/westsearch-plus.

[67] I. Moulinier Dep. Tr. 72:13-74:10.

[68] I. Moulinier Dep. Tr. 74:11-13.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

documents -- cases in our case -- that need to be identified or returned as those are very responsive documents. Those are responsive documents, those are okay documents to show, and those are documents that we…don't want to show.

So basically for each query or topic -- and we add a general topic as well as a smaller version of the topic. We add a list of documents that add a grade. We also add a list of key numbers that add a grade so that we could identify the first element of finding good key numbers.[69]

77.     Thomson Reuters also used artificial intelligence in the development of the Westlaw Edge search engine, teaching the Westlaw Edge search engine to "understand the question, and understand the answer, and determine algorithmically that the answer is responsive to that question" using an "ensemble of algorithms."[70] Westlaw Edge's general search functionality returns results for a variety of content, including cases, statutes, administrative decisions, trial briefs, headnotes, and key numbers.[71] Thomson Reuters used hundreds of question-answer pairs to train Westlaw Edge's search functionality.[72]

78.     In addition to the general search functionality, Westlaw Edge contains a feature called "WestSearch Plus."[73] WestSearch Plus "utilizes advanced artificial intelligence to surface information you need right at the top of your results."[74] Users searching in WestSearch Plus can use either plain language queries or Boolean terms and connectors to obtain answers.[75] As Mr. Al-

---

[69] I. Moulinier Dep. Tr. 73:18-74:10.

[70] K. Al-Kofahi Dep. Tr. 20:3-21:20.

[71] "WestSearch Plus," https://legal.thomsonreuters.com/en/products/Westlaw-edge/westsearch-plus.

[72] K. Al-Kofahi Dep. Tr. 43:15–48:5.

[73] "WestSearch Plus," https://legal.thomsonreuters.com/en/products/Westlaw-edge/westsearch-plus.

[74] *Id*.

[75] *Id*.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

Kofahi explained, the content that is returned in a Westlaw Plus search is West Headnotes.[76] In training the ranking algorithm for WestSearch Plus, Thomson Reuters again used question-answer pairs, this time tens of thousands of them.[77]

79.     In order to train Westlaw's various search functionalities, Thomson Reuters used "data that corresponds to the use," namely, "West data."[78] In particular, Thomson Reuters used content on Westlaw that was created, selected, and arranged by its attorney-editors. For example, to train WestSearch Plus, West Headnotes served as "the answers that we want the system to provide, so they will be used as answers to questions for training the system."[79] A Dynamic System Overview document produced by Thomson Reuters also describes how a "headnote corpus" was used in training this search functionality.[80] As Mr. Al-Kofahi testified, West Headnotes were the "core" and "most important" part of the question-answer training data.[81]

---

[76] K. Al-Kofahi Dep. Tr. 41:12–15 ("Headnotes are the set of answers to the questions for Westlaw Edge, for case law. When someone searches for some legal question, headnotes are the set of potential answers.").

[77] I. Moulinier Dep. Tr. 108:19–24 ("Q. So with respect to the Westlaw -- sorry -- the WestSearch Plus training data, was the size of the question and answer pairs similar, thousands or tens of thousands? A. The WestSearch Plus training data is the one with 10 thousands of question-answer pairs.").

[78] I. Moulinier Dep. Tr. 104:18–20 ("In order to train the system itself, we would have to use data that corresponds to the use, which would be West data.").

[79] I. Moulinier Dep. Tr. 78:2–4; *see also* TR-0884952–TR-0884970 (Document titled "Dynamic System Overview," which describes, among other things, how West Headnotes are used as training data and as results in WestSearch).

[80] TR-0884952–TR-0884970 at TR-0884962 (describing how, in the context of entity recognition for headnotes, "the training dataset is constructed via application of handcrafted Tokens Regex and Semgrex rules to a large sample of the headnote corpus. The rest of the training procedure is the same.").

[81] K. Al-Kofahi Dep. Tr. 44:3–15 ("Q. Were the headnotes -- other than the training of the tagger as discussed, were headnotes used to train any other algorithm used in Westlaw search? A. Headnotes were the primary -- sort of the core of the training data for -- the headnotes were the core, the main, the most important -- yeah, they were the training data for the question-answer function of the Westlaw Edge.") (objection omitted).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

80.     Similarly, West Key Numbers are used to train Thomson Reuters' ranking algorithms.[82] In particular, Ms. Moulinier testified: "[Thomson Reuters] uses key numbers for training the search specific to key numbers as an output as well as underlying information for training case search. And headnotes are used for some case search as well."[83]

### 8.2.3   The ROSS Platform

81.     ROSS's legal research search platform (the "ROSS Platform") was created in 2014 when the company was founded. Originally, the ROSS Platform was powered by IBM's Watson ("Watson"),[84] which is an off-the-shelf question-answering search algorithm that allows companies like ROSS to integrate Watson into their own products. The main feature that ROSS marketed was that the ROSS Platform allowed users to search for legal content by posing a question in natural language, as opposed to Boolean terms or keywords.[85] Andrew Arruda, ROSS's founder and CEO, testified that the ROSS Platform was a direct competitor of Thomson Reuters' Westlaw product.[86] Mr. Arruda also testified that ROSS marketed the ROSS Platform as a

---

[82] I. Moulinier Dep. Tr. 126:11–21 ("Q. Are key numbers used in the training of the ranking algorithms? A. Page 12, the document states that, "In particular" -- at the bottom of the last paragraph: "In particular, both question and answer candidate are run through a key number classifier and the feature scoring functions compare similarity between those outputs." So based on what's in the document, key numbers will be used as part of the scoring function.") (objection omitted).

[83] I. Moulinier Dep. Tr. 143:6–11 ("Q. Does Westlaw use the West key number system as training data for its artificial intelligence? A. It uses key numbers for training the search specific to key numbers as an output as well as underlying information for training case search. And headnotes are used for case search as well.").

[84] *See generally* A. Arruda Dep. Tr., pp. 58-60.

[85] "How is Natural Language Search Changing The Face of Legal Research?," https://blog.rossintelligence.com/post/how-natural-language-search-changing-face-of-legal-research.

[86] A. Arruda Dep. Tr. 114:10–20 ("Q. And in Paragraph 5 you wrote, 'ROSS is a direct competitor of West's Westlaw legal research platform.' And you believe that to be true, under penalty of perjury. Right? A. Yes. Q. And you consider Westlaw a direct competitor because

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

replacement to Westlaw and hoped that law firms would stop using Westlaw and use ROSS instead.[87]

82.     Because Watson is an off-the-shelf, question-answering search algorithm, ROSS needed to train it to be able to answer legal questions. ROSS, however, "did not have access to Watson's proprietary machine-learning models" and "could only input training data into Watson and then rely on Watson to power ROSS' Question-Answering System."[88] The training data that ROSS used to train Watson was "legal memoranda" it purchased from LegalEase, which I discuss in more detail below.[89] Initially, these "legal memoranda" were created using questions furnished by ROSS, and answers furnished by LegalEase.[90] But ROSS eventually began to "amass a more expansive corpus of law and needed to train larger datasets," ultimately leading it to purchase 25,000 "legal memoranda" (the "Bulk Memos") from LegalEase to be used as training data. As discussed in further detail below, LegalEase created the Bulk Memos by copying and using Westlaw and the content created by Thomson Reuters' attorney-editors.

---

both the ROSS platform and Westlaw offer legal research platforms. Correct? A. Yes.") (objection omitted).

[87] A. Arruda Dep. Tr. 114:25–115:11 ("Q. ROSS marketed itself as a replacement for Westlaw. Correct? A. Eventually. Yes. …Q. Did you hope that law firms would stop using Westlaw and use ROSS instead? A. Yes. And eventually, they did.").

[88] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12.

[89] *Id*.

[90] ROSS-003334354 (Email chain between Andrew Arruda, Thomas Hamilton, Jimoh Ovbiagele, and Akash Venkat, dated July 29, 2015); ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12.

83.    The search functionality of the ROSS Platform purportedly stopped running on Watson in 2018, as ROSS transitioned to its own AI stack that it created in-house.[91] As I describe in detail below, ROSS used the 25,000 Bulk Memos that it purchased from LegalEase as training data to train the search functionality of the ROSS Platform when it transitioned to its in-house AI stack.[92]

## 9.    ROSS'S COPYING OF WESTLAW CONTENT

84.    As discussed above, Thomson Reuters asserts that ROSS copied a large amount of Westlaw's copyrighted content and tortiously interfered with the contract between West and LegalEase. In order to properly analyze the scope of ROSS's infringement and tortious interference, I have reviewed numerous documents produced in this litigation, discovery responses, and deposition testimony. Below is (1) a chronology of key events relevant to my analysis, (2) the analysis I undertook, and (3) my opinions regarding Thomson Reuters' claims against ROSS.

### 9.1    Chronology of Key Events

#### 9.1.1    Use of Artificial Intelligence in Westlaw

85.    As discussed on Thomson Reuters' "AI Timeline" webpage, the earliest version of Westlaw launched in 1975.[93] Since then, Thomson Reuters has employed numerous AI methods and techniques to improve a Westlaw user's ability to find the information they needed.[94]

---

[91] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, pp. 12-13.

[92] *Id.*, p. 13.

[93] TR-0037669-TR-0037676 (Our AI Timeline) (describing how "Westlaw was one of the first online legal research services.").

[94] *Id.* (Our AI Timeline) (describing how, among other developments, in 1992, Westlaw Is Natural (WIN) was the "first commercially available search engine with probabilistic rank retrieval." In 2003, ResultsPlus launched, incorporating "user behavior analysis to enable

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

86.     The concept of machine learning, as Mr. Al-Kofahi testified, was introduced to Westlaw's search capabilities in or around 2006 and 2007.[95] Ms. Moulinier described two different search functionalities on Westlaw that use machine learning, Westlaw Edge's general search functionality, and a functionality called WestSearch Plus. As Ms. Moulinier explained, the "general search in Westlaw Edge returns results for a variety of content," including West Headnotes and West Key Numbers.[96] By contrast, WestSearch Plus returns results for just West Headnotes.[97] It is my understanding that WestSearch Plus and Westlaw Edge's search functionality were separately trained.[98]

87.     Starting with WestSearch Plus, after a user types a query into WestSearch Plus, it assesses which key numbers are most responsive to the question, and then runs searches against West Headnotes and judicial opinions that include West Headnotes.[99] Thomson Reuters uses West

---

personalized recommendations" and "dynamic ranking of selections based on data from real-time A/B testing.")

[95] K. Al-Kofahi Dep. Tr. 19:2–17 ("Q. Was it the case that this learning to rank machine learning method was a part of both WestlawNext and Westlaw Edge through that whole period? A. Not exactly, yeah. I will explain why. So the concept of machine learning is essentially what the machine learning is about, yeah. We introduced that concept to search in the 2006, 2007 time frame. After 2010, 2011, '12 it was common, everyone was using.").

[96] I. Moulinier Dep. Tr. 14:10–22 ("Q. Is it the case that in the, what -- I'll call it the general Westlaw Edge search functionality -- that -- is that search functionality looking to return both eh content of headnotes and the content of the judicial opinions, for example, or only headnotes? A. The general search in Westlaw Edge returns results for a variety of content. Through key numbers you have access to headnotes directly. You can have results for cases, statutes, administrative decision, analytical material, various trial documents, briefs as well.").

[97] I. Moulinier Dep. Tr. 14:25–15:5 ("Q. In the case of WestSearch Plus, describe for me what is the -- what is the -- or what are the content types that are returned in WestSearch Plus search? A. For WestSearch Plus, the only content is the headnotes.").

[98] I. Moulinier Dep. Tr. 108:10–15 ("Q. And I think you mentioned separately the WestSearch Plus ranking algorithm was trained separately from the Westlaw Edge search functionality generally; is that true? A. Correct.").

[99] I. Moulinier Dep. Tr. 16:5–15 ("Q. It's -- what is the -- you know the first thing that Westlaw Edge does with the string of texts constituting my question? A. So we are going to start by

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

Headnotes to train WestSearch Plus.[100] In particular, WestSearch Plus was trained on 10,000 question and answer pairs, with ranked answers.[101] Mr. Al-Kofahi explained that West Headnotes are the "core" and "most important" part of the question-answer training data.[102] This is because they were used to help determine the quality of the answers.[103] In other words, ensuring that great answers are in fact great is key to quality training data, and Thomson Reuters' West Headnotes allowed them to do that.

---

assessing which key numbers are most responsive to that question. We use the key numbers -- in order to do that, we run searches against headnotes and opinions which includes headnotes for the full text of the opinion.").

[100] I. Moulinier Dep. Tr. 143:2–5 ("Q. Does Westlaw use its headnotes as training data for its artificial intelligence? A. It uses its headnote for training WestSearch Plus.")

[101] K. Al-Kofahi Dep. Tr. 44:3–46:22 ("Q. Were the headnotes -- other than the training of the tagger as discussed, were headnotes used to train any other algorithm used in Westlaw search? A. Headnotes were the primary -- sort of the core of the training data for -- the headnotes were the core, the main, the most important -- yeah they were the training data for the question-answer function of the Westlaw Edge."); I. Moulinier Dep. Tr. 106:11–14; 108:19–24 ("Q. Do you know how many question and answer pairs were used to train the ranking algorithm? A. In the orders of thousands, if not 10 thousands, or more. … Q. So with respect to Westlaw -- sorry - the WestSearch Plus training data, was the size of the question and answer pairs similar, thousands or tens of thousands? A. The WestSearch Plus training data is the one with 10 thousands of question-answer pairs.").

[102] K. Al-Kofahi Dep. Tr. 44:3–45:15 ("Q. Were the headnotes -- other than the training of the tagger as discussed, were headnotes used to train any other algorithm used in Westlaw search? A. Headnotes were the primary -- sort of the core of the training data for -- the headnotes were the core, the main, the most important -- yeah, they were the training data for the question-answer function of Westlaw Edge.").

[103] K. Al-Kofahi Dep. Tr. 44:17–46:22 ("Q. How were headnotes used as training data in the question-answer pairs of Westlaw search? A. Given that question, an attorney will research, do research for that question, search to understand what the question means, and comes up with -- and after the research, he or she will say 'For this question, here are the top five, ten, whatever headnotes that answer that question.'… Q. Okay. So did the human, attorney-editor who is -- or editors who are creating this body of training data, comprised of headnotes, did they exercise their judgment as to what headnotes are, for example, suitable answers for a question? A. Yes."); *see also* I. Moulinier Dep. Tr. 104:12–20 ("Q. In the training of any of the algorithms in -- involved in Westlaw Edge general search functionality or WestSearch Plus, does West obtain training data from sources outside of West, for example? A. In order to train the system itself, we would have to use data that corresponds to the use, which would be West data.")

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

88.     Turning to Westlaw Edge's general search functionality, Thomson Reuters applied two "learning to rank" algorithms in the context of Westlaw Edge's search functionality.[104] Learning to rank is a class of methods that helps you serve up results in ranked order. The two algorithms that Thomson Reuters used were "support vector machine…with a linear model," and an algorithm "based on logistic regression in order to predict the rating a document might have for a specific query."[105] To train Westlaw Edge's general search functionality, Thomson Reuters used hundreds of question-and-answer pairs.[106] It is my understanding that Thomson Reuters also uses West Headnotes and West Key Numbers in training Westlaw Edge's general search functionality.[107]

---

[104] I. Moulinier Dep. Tr. 61:14–64:5 ("Q. Is there any particular learning-to-rank algorithm that is utilized in Westlaw Edge general search ranking? A. We've relied on two families of algorithm. I am not sure which one is used for which anymore, because we use the ranking function that came out on a day-to-day basis, not the measuring algorithm itself on a regular basis…Q. And so you said there were two learning-to-rank algorithms that were used in general? A. Yes.").

[105] I. Moulinier Dep. Tr. 61:4–64:5 ("Q. And so you said there were two learning-to-rank algorithms that were used in general? A. Yes. Q. Describe those. A. Originally we used an approach called SVM, support vector machine…with a linear model. And we used something which is called pairwise learning-to-rank…That's the one that was one algorithm. The other one that we used was based on logistic regression in order to predict the rating that document might have for a specific query. And the regression coefficients are what makes the scoring function based on feature values.")

[106] I. Moulinier Dep. Tr. 108:25–109:5 ("Q. And then, so separately for Westlaw Edge search functionality generally, do you know how big that training -- the question and answer pairs were? A. Given the complexity of the grading and the number of results that you need for each query, it was in the order of hundreds.")

[107] I. Moulinier Dep. Tr. 143:6–11 ("Q. Does Westlaw use the West Key Number System as training data for its artificial intelligence? A. It uses key numbers for training the search specific to key numbers as an output as well as underlying information for training case search. And headnotes are used for case search as well.")

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

### 9.1.2   ROSS's Need for Training Data

89.     As discussed above, ROSS was founded in 2014 and used IBM's Watson technology to "help us with the natural language processing and machine-learning side of the development" of the ROSS platform.[108]

90.     Because Watson is an off-the-shelf, question-answering search algorithm not designed for use in legal research platforms, ROSS needed to acquire training data to teach Watson how to answer legal questions.[109] Specifically, ROSS needed training data in the form of legal questions mapped to relevant answers.[110] And the testimony shows that ROSS wanted to use Westlaw to do this.[111]

### 9.1.3   ROSS's Attempts to Access Westlaw To Acquire Training Data

91.     Communications produced by ROSS show that, as early as February 17, 2015, ROSS wanted to use Westlaw to develop ROSS's competing product, the ROSS Platform.

---

[108] A. Arruda Dep. Tr. 57:20–58:6 ("Q. Did IBM's Watson have any role in the development of the ROSS Platform? A. We used IBM's Watson technology at the beginning of ROSS's development. Q. To do what? A. To -- I don't know exactly because I'm -- like I said, I'm not technical. So it will be the best answer I can give, which was to help us on the natural language processing and machine-learning side of the development of the system.").

[109] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12 (describing how ROSS inputted training data into IBM's Watson system using "supervised learning").

[110] A. Arruda Dep. Tr. 275:23–276:12 ("Q. And you wrote, 'We needed legal questions mapped directly to passages from case law that answer those questions.' Why did you need legal questions mapped directly from passages from case law to answer those questions? A. Because that's how -- that's what a question-answer pair is. Q. But why was that necessary for ROSS to obtain in order to train its AI? A. As I said earlier, you need question-answer pairs to train your system. And that mapping was creating question-answer pairs.") (objections omitted).

[111] J. Ovbiagele Dep. Tr. 204:3–7 ("Q. Why did you want to get a Westlaw subscription for your legal memos? A. We wanted questions and quotes from case law and we wanted to use Westlaw to get those questions and quotes from case law."); *see also* Email chain between Andrew Garber and Andrew Arruda, October 19, 2015, ROSS-003390881-ROSS-003390884 (enclosing Westlaw Terms of Service); T. van der Heijden Dep. Tr. 87:14-89:5 (admitting by July 21, 2015, ROSS had received a copy of Westlaw Terms of Service).

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

Specifically, as early as February 17, 2015, ROSS's co-founders Andrew Arruda and Jimoh Ovbiagele were discussing getting a Westlaw subscription to create "legal memoranda" to use as training data with Watson.[112] The next day, Mr. Ovbiagele shared a task with Mr. Arruda to sign up for a Westlaw account by posing as a student.[113]

92.    On July 21, 2015, in furtherance of its attempt to sign up for a Westlaw account, ROSS received a copy of Westlaw's terms of service from Dentons, a law firm with a Westlaw license and one of ROSS's investors, with "relevant points highlighted in the PDF."[114]

93.    On August 4, 2015, ROSS asked Dentons to provide ROSS with access to Westlaw for "product research purposes."[115] Dentons initially declined.[116] But shortly thereafter, Dentons provided ROSS with a list of bankruptcy-related materials from Westlaw.[117] A few days later, it appears Dentons also provided ROSS with access to Westlaw using Dentons' account.[118]

94.    In September 2015, Thomas Hamilton, the Head of Legal Research at ROSS, reached out to West directly asking for a license to Westlaw, but was explicitly denied on the basis that West "do[es] not sell [its] legal research products to direct competitors."[119]

---

[112] ROSS-003391075 (Slack Messages between Jimoh Ovbiagele and Andrew Arruda, February 17, 2015) (Jimoh Ovbiagele suggests to Andrew Arruda "for legal memos…why don't we just get a westlaw subscription?").

[113] ROSS-003391076 (Updated Task List from Andrew Arruda, February 18, 2015).

[114] ROSS-023032254 (Email chain between Andrew Garber and Andrew Arruda, July 21, 2015) (enclosing Westlaw Terms of Service).

[115] ROSS-003390773-ROSS-003390774 (Emails between John Fernandez, Andrew Arruda, and Dan Jansen, August 5, 2015).

[116] ROSS-003390233 (Email between Thomas Hamilton and John Fernandez, August 6, 2015).

[117] *Id.*

[118] ROSS-003390772 (Email between Andrew Arruda and Andre Garber, August 22, 2015) (Andrew Arruda stating that "Westlaw and Lexis need not know anything :).").

[119] ROSS-003390563-ROSS-003390565 (Emails between Thomas Hamilton and Melissa Pritchard, September 25, 2015); ROSS's Supplemental Responses and Objections to Plaintiffs'

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

95.     Nevertheless, the documents and testimony show that ROSS continued to seek access to Westlaw and Westlaw's competitor Lexis by other means, including through Denton's.[120] Specifically, on September 29, 2015, ROSS reached out to Dentons once again saying that ROSS was "ready to open a paid account with Lexis, and have been sent the terms and conditions of their Subscription Agreement."[121] Documents produced by ROSS indicate that ROSS was "especially curious" about provisions of Lexis's Subscription Agreement that prohibited using Lexis's platform and materials to "compete with the business of [Lexis]."[122]

96.     ROSS also attempted to get access to Westlaw through Charles von Simson, one of ROSS's employees who reached out to West under the guise of a working as solo practitioner in New York. But as Mr. van der Heijden explained, although ROSS did "try to get access to Westlaw under ROSS accounts," it "decided not to get them because we thought they would violate the terms of service."[123]

---

First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 11.

[120] T. van der Heijden Dep. Tr. 142:9–143:11 (describing attempts to get Westlaw credentials).

[121] ROSS-010164415-ROSS-010164417 (Emails between Thomas Hamilton and Andrew Arruda, September 29, 2015).

[122] ROSS-010164415-ROSS-010164417 (Emails between Thomas Hamilton and Andrew Arruda, September 29, 2015). Notably, Denton's responded to this concern by informing ROSS that its proposed use was likely "competitive." As discussed below in Section 9.1.5, Westlaw's terms of service contain highly similar provisions, which indicates to me that ROSS knew that its conduct, as well as LegalEase's conduct on ROSS's behalf, would violate Westlaw's terms of service.

[123] T. van der Heijden Dep. Tr. 148:10–149:10 ("Q. Did ROSS investigate whether Mr. von Simson, the law students, or you were violating any user agreements by accessing Westlaw for those purposes? A. The timeline is a bit fuzzy but we did try to get access to Westlaw under ROSS accounts, or Charlie specifically looked into that, and we decided not to get them because we thought it would violate the terms of service."). I have also reviewed ROSS's Terms of Service and have concluded that ROSS itself used similar language regarding the use of the ROSS platform in its own terms of service shortly before the filing of this litigation. *See* TR-0001142-TR-0001153 (ROSS's Terms of Service as of April 28, 2020). It is my understanding that ROSS updated these terms of service after the filing of this litigation to remove the provision

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

97.     The documents and testimony I reviewed also show that, in light of the hurdles ROSS was facing to get direct access to Westlaw, ROSS opted to use LPOs like LegalEase to acquire the training data it needed to train the ROSS Platform. The documents also make it clear that access to Westlaw was ROSS's primary motivation. For instance, on September 17, 2015, ROSS contacted Vezarto Legal, another LPO like LegalEase, to provide answers to "a very large number of questions" ROSS derived from the U.S. Bankruptcy Code.[124] However, two days later, Mr. Hamilton informed Vezarto Legal that ROSS was not comfortable "outsourcing [its] research to a service which is not trained and equipped with Lexis or Westlaw now that [it] [was] training the software on more complex questions," even though ROSS was "very happy with the quality of [Vezarto's] work."[125]

98.     Subsequently, on September 20, 2015, ROSS contacted LegalEase to obtain "legal memorandum style answers" to the questions derived from the U.S. Bankruptcy Code.[126] In doing

---

that prohibited direct competitors from using the ROSS Platform. TR-0001154-TR-0001165 (ROSS's Terms of Service as of June 15, 2020). Regardless, documents and testimony I reviewed reflect that ROSS's leadership asked that ROSS's terms of service be modeled after Westlaw's terms of service, so it is clear to me that ROSS was aware of Westlaw's terms of service when it was attempting to get access for competitive purposes. ROSS-010361787-ROSS-010361789 (Mr. van der Heijden directing a ROSS employee to compare ROSS's terms of service to Westlaw's); *see also* T. van der Heijden Dep. Tr. 174:10 ("Q. So you had reviewed the Westlaw terms and conditions in approximately the middle of 2016? A. I must have, yeah.") (objection omitted).

[124] ROSS-003610162-ROSS-003610165 (Emails between Thomas Hamilton and Shazina Razeen, Re: Scaling up # of questions, September 17-20, 2015).

[125] *Id.*

[126] ROSS-010164290-ROSS-010164291 (Emails between Akash Venkat, Thomas Hamilton, Andrew Arruda, and Jimoh Obviagele, September 20, 2015).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

so, ROSS was clear that it wanted LegalEase "to use LexisNexis/Westlaw and other reliable sources for your research."[127] [128]

99.   On October 15, 2015, ROSS and LegalEase entered into a Master Services Agreement[129] and a Statement of Work[130] to provide ROSS with legal memoranda to be used as training data.[131] This project was sometimes referred to as the "ROSS Original Project."[132] The Statement of Work contemplated that LegalEase would provide ROSS with written responses to legal research questions proposed by ROSS by "consulting Case Law, Legislation and or Secondary Sources."[133] LegalEase was to create the legal memoranda following the specific format determined by ROSS and in return ROSS would pay LegalEase $80 per memo.[134] Per the Statement of Work, the "project location"—*i.e.* the location where the work was to take place—

---

[127] *Id.*

[128] ROSS's direction to LegalEase to use Westlaw, Lexis, and "other reliable sources" to create the memorandum is consistent with the fact that ROSS intended to use the memorandum as training data (and which it in fact did)—ROSS would want the training data it used to be high-quality and train its system to return accurate results like other "reliable" legal research platforms do, such as Westlaw.

[129] TR-0038909-TR-0038920 (Master Services Agreement between ROSS Intelligence, Inc. and LegalEase Solutions LLC, effective October 15, 2015).

[130] LEGALEASE-00056843-LEGALEASE-00056844 (Statement of Work between ROSS Intelligence, Inc. and LegalEase Solutions LLC, October 15).

[131] T. Hamilton Dep. Tr. 125:4–9 (identifying the statement of work).

[132] T. Hafeez Dep. Tr., p. 188:4–7 ("Q. And you recall, don't you, that there was a project called the ROSS Original Project, correct? A. I do, yes.").

[133] LEGALEASE-00056843-LEGALEASE-00056844 (Statement of Work between ROSS Intelligence, Inc. and LegalEase Solutions LLC, October 15).

[134] *Id.*

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

was Ann Arbor, Michigan, which is the location of LegalEase's principle place of business.[135] The ROSS Original Project was focused initially on bankruptcy law.[136]

100.    In mid-2017, as ROSS was expanding beyond bankruptcy law and beginning development of its own in-house AI stack, it determined that it needed a significant amount of "high-quality" training data.[137] Accordingly, ROSS commissioned LegalEase to provide it with 25,000 "legal memoranda" to be used as training data to teach ROSS's machine learning system, which it referred to as the "Bulk Memo Project."[138]

101.    As early as July 2017, LegalEase began adding additional capabilities to ramp up the production for the Bulk Memo Project, including hiring additional attorneys and a subcontractor—Morae Global—to create the legal memoranda (the "Bulk Memos") and investing in additional Westlaw access.[139] Specifically, on August 31, 2017, LegalEase and Morae Global entered into a Strategic Alliance Agreement.[140] Pursuant to this agreement, as well as a subsequent

---

[135] *Id.*

[136] T. Hafeez Dep. Tr., 188:25–189:3 ("Q. And, at least originally, the ROSS Original Project was focused on bankruptcy law, correct? A. Correct.")

[137] J. Ovbiagele Dep. Tr. 236:9–237:2 ("Q. For ROSS, it needed high quality data, right? A. It needed questions and quotes from case law with accurate relevance labels. Q. Does that make the data high quality? A. It makes it right for ROSS's needs. Q. Does it make it high quality? A. Yes.").

[138] ROSS-000304769-ROSS-000304784 (Email chain between Tomas van der Heijden and Teri Whitehead, Subject: Final SOW, September 15, 2017, with attachment Statement of Work II for ROSS Bulk Memos between ROSS Intelligence, Inc. and LegalEase Solutions, LLC, September 15, 2017) at ROSS-000304771-ROSS-000304774.

[139] *See generally* T. Hafeez Dep. Tr., pp. 78-79; *see also* R-LEGALEASE-00050718-R-LEGALEASE-00050721 (Email chain between Aditya Lokanland, Teri Whitehead, Tariq Akbar, Tariq Hafeez, Gayathri Rajeev and Merin Sony, Subject: Ross Bulk Memo Production Metrics – Update – July 19, July 19-20, 2017).

[140] TR-0039933-TR-0039942 (Strategic Alliance Agreement between LegalEase LLC and Morae Global Corporation, effective August 31, 2017).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

agreement entered into on October 5, 2017, [141] Morae Global worked on the Bulk Memo Project

as subcontractor.[142] Under the terms of their agreements, LegalEase provided Morae Global with

Westlaw credentials that Morae Global used in order to create the Bulk Memos.[143]

102.    On September 15, 2017, ROSS and LegalEase entered into a second Statement of

Work (the "Statement of Work II") related to the Bulk Memo Project.[144] The Statement of Work II

laid out a specific format, dictated by ROSS, [145] that LegalEase was to follow for each of the Bulk

Memos. Specifically, each of the Bulk Memos was to contain (1) a "Legal Research Question,"

defined as "a question grounded in legal principles," created by LegalEase, (2) a "Reference List,"

---

[141] R-LEGALEASE-00048772-R-LEGALEASE-00048776 (Statement of Work II for Bulk Memos Project between LegalEase Solutions, LLC and Morae Global Corporation, October 5, 2017).

[142] T. Hafeez Dep. Tr., 88:19–89:20, 94:6–8 (Q. So how many memos did LegalEase provide to ROSS? Do you remember? A. I believe -- and this is a guess, but I believe we provided 20,000 memos. Q. And did Morae Global or Clutch assist in creating those memos? A. Yes, we did. ); Strategic Alliance Agreement, effective August 31, 2017, TR-0039933-TR-0039942.

[143] R-LEGALEASE-00048772-R-LEGALEASE-00048776 (Statement of Work II for Bulk Memos Project between LegalEase Solutions, LLC and Morae Global Corporation, October 5, 2017); C. Cahn Dep. Tr. 72:25–73:7 ("Q. And did these credentials for Westlaw have a relation to the ROSS Bulk Project? A. Yes. Q. And what was that? A. They were intended for use and provided on the Bulk Memo Project and were provided by LegalEase.").

[144] ROSS-000304769-ROSS-000304784 (Email chain between Tomas van der Heijden and Teri Whitehead, Subject: Final SOW, September 15, 2017, with attachment Statement of Work II for ROSS Bulk Memos between ROSS Intelligence, Inc. and LegalEase Solutions, LLC, September 15, 2017) at ROSS-000304771-ROSS-000304774.

[145] Per ROSS's direction, LegalEase was to "research topics and Legal Research Questions from any Federal or State jurisdiction in the United States, … and compile the Memos in the format approved by ROSS." *See* ROSS-000175054 – ROSS-000175067 (Statement of Work II for ROSS Bulk Memos). LegalEase also stated that "[it] was hired by Ross to create legal research memos in a very specific format and template – *as meticulously directed by Ross.*" *See* LEGALEASE-00171828-LEGALEASE-00171831 (emphasis added). LegalEase further stated that it "followed [ROSS's] instructions to a tee on how the research memos are to be constructed, what content is required to be in the memos (case law consisting of 'good quotes', 'great quotes', 'irrelevant quotes,' 'topical quotes') how the memos are to be formatted precisely, what topics the memos should cover and more." *Id.*

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

defined as, "the list of Case Law included in the Memo," and (3) "a target of at least four (4) and no more than six (6) Quotes," defined as "an independent paragraph excerpt from Case Law."[146] Per the Statement of Work II, ROSS directed LegalEase to create unique legal questions for each of the Bulk Memos, assign a relevancy tag to each "quote" (*i.e.*, "great," "good," "topical," and "irrelevant"), and categorized each of the Bulk Memos it provided ROSS by "practice area."[147]

### 9.1.4    The Creation of the Bulk Memos Using Westlaw

103.    After reviewing extensive documents and testimony in this Litigation, I have concluded that, in order to create the Bulk Memos, LegalEase and Morae Global copied substantial amounts of Thomson Reuters' Westlaw content. Specifically, LegalEase and Morae Global copied a substantial number of West Headnotes, the connections between them and the various case passages that were created by Thomson Reuters' attorney-editors, and the portions of the WKNS associated with those West Headnotes.

104.    Based on the documents and corroborating testimony that I reviewed, I have identified a number of steps that LegalEase and Morae Global employed to create the Bulk Memos.

105.    *First*, given the three-month timeline imposed by ROSS, LegalEase and Morae Global needed an efficient way to (1) create 25,000 unique legal questions, (2) identify the correct legal topics under which to categorize the 25,000 questions, (3) identify four to six passages from judicial opinions that were responsive to each of the 25,000 questions, and (4) rank the responsiveness of those passages to their respective questions.

106.    The solution to all of these issues was to use Westlaw. Because the WKNS is a taxonomy of cases and West Headnotes organized by legal topics, LegalEase and Morae Global

---

[146] ROSS-000175054-ROSS-000175067 (Statement of Work II for ROSS Bulk Memos).

[147] *Id*.; *see also* ROSS-003419784-ROSS-003419786 (Mapping Practice Areas with New Q&A Data) (ROSS requested LegalEase to categorize memos by "practice area").

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

determined that they could use it to create the Bulk Memos in an efficient and systematized manner.[148] Specifically, LegalEase and Morae Global used the WKNS to identify the legal topics to be covered by each of the Bulk Memos by assigning various "Digest Topics," which are the highest-level legal topics in the WKNS, amongst their employees.[149] Once a Digest Topic was assigned, LegalEase and Morae Global employees would navigate to it on Westlaw and begin reviewing individual "Key Numbers," which are the more granular legal topics listed under Digest Topics in the WKNS. Listed under each individual Key Number are the various West Headnotes and associated cases identified by Thomson Reuters' attorney-editors during the editorial process described above.[150]

107.    This allowed LegalEase and Morae Global to determine the "number of possible memos for any single Westlaw Key Number,"[151] because each West Headnote listed under an assigned Key Number was to be copied and turned into a question for a Bulk Memo.[152] Indeed, LegalEase specifically described the West Headnotes contained within each Key Number as

---

[148] *See e.g.*, TR-0048632 (Email between Morea Global and Clutch Group discussing "creating questions out of headnotes," dated October 4, 2017).

[149] This is confirmed by documents describing the naming convention for the memos, which include Key Number Topics taken from the WKNS, as well as by deposition testimony from LegalEase and Morae Global. *See, e.g.*, LEGALEASE-00093066-LEGALEASE-00093074 (Project Proposal, dated November 19, 2017); T. Hafeez Dep. Tr. 66:4–17 ("Q. And LegalEase instructed its lawyers that the best practice was to begin from the top [of the West Key Number System] (sub topic number 1) and follow the pattern. Right? A. I would to have go back up and see that, but -- Q. Well, if you go to the top of Page 6, this document instructs your lawyers 'the best practice is to begin from the top (sub topic number 1) and follow the pattern.' Right? A. Yep.")

[150] LEGALEASE-00093066-LEGALEASE-00093074 (Project Proposal, dated November 19, 2017).

[151] R-LEGALEASE-00189134-R-LEGALEASE-00189139 (explaining how to use West Key Number System to create questions out of Headnotes)

[152] *Id*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

"unique" and noted that each West Headnote "can be used to create a memo."[153] The screenshots below are included in one of the LegalEase documents describing this process,[154] and show how, for the Digest Topic "181 Forgery," LegalEase instructed its employees to navigate to the "Nature of Offense in General" Key Number and identify the West Headnotes listed therein that can be used to create the Bulk Memos.



---

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



108.     LegalEase proceeded to create a Bulk Memo "for every unique headnote that appear[ed] under a given Westlaw Key" by turning the West Headnote into a question and identifying the case it came from as highly responsive.[155] The "Best Practices Guide" specifically advises that the West Headnote should be used to create the question, as shown in the screenshot below:[156]

---

[155] LEGALEASE-00093066-LEGALEASE-00093074 (Project Proposal).

[156] LEGALEASE-00078065-LEGALEASE-00078083 (Best Practices Guide for ROSS Intelligence). It is my understanding that, although the "Best Practice Guide" provides guidance for using LexisNexis to create the Bulk Memos, Westlaw was used to create most, if not all, of the Bulk Memos. Morae Global, which created over 20,000 Bulk Memos, did so exclusively using Westlaw. *See* C. Cahn Dep. Tr. 68:3–9 ("Q. And if you turn the page, which is page 360, there are instructions for Lexis, correct? Do you see that? A. I do. Q. And as I understand it -- as I understand it, Morae did not use Lexis, correct? A. Correct."), 194:19–195:5 ("Q. Okay. So fair to say at a minimum the numbers that are in the second column are I believe you said the floor of the amount of memos that Morae created for LegalEase; is that fair? A. That is correct, yeah. Q. Okay. And I'll represent to you if you add up those numbers you get about 20,151."). Similarly, during the time of the Bulk Memo Project I understand LegalEase had "at least 50" Westlaw credentials and only "two or three" LexisNexis credentials, the latter of which Mr. Hafeez testified was being used by another cohort at LegalEase on other matters. *See* T. Hafeez Dep. Tr. 152:7–21 ("Q. Why would you get trial IDs? A. I think the accounts we already had were being used by other members of our team, supporting other clients. So we just -- we needed to get -- I'm guessing here. I would -- I with have to go back and look at our Lexis contract and agreements, when -- when they were in place and when they were not in place. But my conjecture, my guess, is that we had Lexis. It had been used by another cohort of our company

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



6) Which pulls up the exact headnote on point. As well as a ton of others...

| 12 | **Abandoned and Lost Property**<br>Under Nevada law, abandonment of property may be inferred from acts done. |

| 13 | **Federal Courts**<br>Any error was harmless as to district court's failure to give jury instructions lost profits and punitive damages, which failure was based on district court determination that such damages were unduly speculative, in action for conversion under Nevada law, relating to destruction of mobile replica of 16th-century Spanish galleon, built from used school bus, where jury found favor of defendant on the conversion claim brought by mobile replica's creators, so that there were no damages to be awarded. |

7) From that headnote, make the statement a question.

So – headnote 12 - "Under Nevada law, abandonment of property may be inferred from acts done."
Convert to a question, "May abandonment of property under Nevada Law be inferred from acts done?"

109.    Spreadsheets in this case show this process in action, revealing how thousands of West Headnotes were reproduced, along with their associated West Key Number and topic, and then paraphrased in the form of a question.[157] An example from one of the spreadsheets, produced by the subcontractor Morae Global, is shown below.[158]

| Key Number | Sub-topic Key Number | Sub-Topic Title | Case Name | Head Note | Question |
|---|---|---|---|---|---|
| 371 | 3602 | Nature of Taxes In General | Allstate Insurance Company v. Hegar | Sales tax is, fundamentally, a tax on the transaction, namely, on each sale of a taxable item. | What is a sales tax? |

---

on other matters, and for the ROSS project we would need -- we needed to get additional licenses.").

[157] *See, e.g.,* MORAE_00024103 (ROSS Question Tracker), MORAE_00002386 (showing memo deliveries in November) MORAE_00003801 (question/memo tracker), MORAE_00013863 (question/memo tracker), MORAE_00029239 (question/memo tracker), MORAE_00045427 (question/memo tracker), MORAE_00092628 (question/memo tracker), MORAE_00092629 (question/memo tracker), MORAE_00005079 (question/memo tracker), MORAE_00043660 (question/memo tracker), MORAE_00015344 (question/memo tracker), MORAE_00014068 (question/memo tracker), MORAE_00030512 (question/memo tracker); LEGALEASE-00115007 (ROSS Bulk Daily Production).

[158] MORAE_00045427 (question/memo tracker).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

| 371 | 3602 | Nature of Taxes In General | Travelocity.com, L.P. v. Director of Taxation | The General Excise Tax is a privilege tax assessed based on the privilege or activity of doing business within the state, and not on the fact of domicile. HRS Â§ 237-13. | What is a General Excise Tax? |
|---|---|---|---|---|---|
| 371 | 3602 | Nature of Taxes In General | Travelocity.com, L.P. v. Director of Taxation | General Excise Tax is assessed when the taxpayer avails itself of the protection, opportunities, and benefits afforded by the State of Hawai"i. HRS Â§ 237-13. | When is a General Excise Tax assessed? |
| 371 | 3602 | Nature of Taxes In General | S & H Transport, Inc. v. City of York | The business-privilege tax differs from a "transaction tax," which is imposed on the receipts from the designated transactions, the measure of which is the value of the transaction. | How is the business-privilege tax different from a "transaction tax"? |
| 371 | 3602 | Nature of Taxes In General | Loeffler v. Target Corp. | The central principle of the sales tax is that retail sellers are subject to a tax on their "gross receipts" derived from retail "sale" of tangible personal property. West's Ann.Cal.Rev. & T.Code Â§ 6051. | What is the central principle of the sales tax? |

110.    This workflow is also discussed in detail in many other documents that I reviewed, including the below flowchart indicating that LegalEase and Morae Global associates were supposed to "draft memos using the headnotes from the topic / subtopic assigned" and the

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

memoranda are then renamed to conform with the training data requirements of ROSS.[159]



111.    Documents and testimony I reviewed also show that once the West Headnotes were paraphrased into questions for the Bulk memos, LegalEase and Morae Global created a reference list of cases, with the case from which the West Headnote came serving as the "great" quote, *e.g.*, the best "answer" to the legal question posed in the Bulk Memo. For example, one document from Morae Global explains how the "great" quote was created by navigating to the paragraph of the case that was linked to the West Headnote.[160] Another document, which is an email from LegalEase to Morae Global, explains how "[u]sing the LegalEase Creative Drafting Process, your first

---

[159] MORAE_00011129 (Bulk Memo Process - Clutch).

[160] MORAE_00045427 (question/memo tracker).

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

headnote should provide you with great quote as the question, is drafted directly from the headnote."[161]

112.     In addition to reviewing these documents, I also did my own analysis of the approximately 25,000 Bulk Memos produced in this case. Specifically, I compared the QA pairs for the "great" answers listed in the Bulk Memos to the West Headnotes associated with the "great" answers. My analysis shows that, for about 78% of the Bulk Memos, the question in the Bulk Memo is nearly identical to a West Headnote associated with a case identified in the Bulk Memo as a "great" answer. Moreover, for about 94% of the memos, the question is clearly derived from a West Headnote associated with a case identified in the Bulk Memo as a "great" answer. Additionally, for this latter number, of those questions that fall below the threshold of "nearly identical," a majority still entail the copying of substantial portions of the headnote. These findings make sense, given the process I have described above. A chart showing the side-by-side comparisons is included herein as Appendix C. I reserve the right to continue to analyze these results, which I suspect will show that the percentages actually should be higher.[162]

---

[161] TR-0073545-TR-0073546 (Email from LegalEase discussing good/great quotes, dated October 24, 2017).

[162] The process began with question and "great" answer pairs extracted from the Bulk Memos produced by ROSS, LegalEase, and Morae Global. I ran basic data cleaning procedures, such as removing bad characters, problematic text encodings, interjected newlines, etc., which are typical of text data that has been extracted from documents such as PDF files. I then removed all QA pairs that were duplicates in terms of the question, case name, and bracketed text. I then removed a small number of pairs due to flagrant data errors, such as question text that did not correspond with answer text. Some of the pairs removed also included issues like no spaces in the text, etc. Given this cleaning procedure, I was left with 50,483 QA pairs, which is consistent with the fact that the Bulk Memo dataset included about 25,000 memos, having, as I understand it, about two "great" answers per memo on average. I then compared the case names and citations for each answer against the Westlaw headnotes and removed any QA pairs for which I could not find a matching case among the headnotes. This process left me with 24,933 QA pairs, which is consistent with the expected 25,000 headnotes that were minimally copied (minus a few pairs due to the data errors). I then processed the West Headnotes associated with the "great" answers and the remaining QA pairs by removing stop words (*i.e.*, common words) and stemming the

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

113.    Copying of the WKNS is also evident from a review of the "practice areas" that ROSS used in developing its case classifier, which it did by mapping the "practice areas" LegalEase and Morae Global provided in the file names of the Bulk Memos to ROSS's internal practice area list.[163] WKNS topics are listed on the left below, [164] and compared against the "LPO classification" names that were provided to ROSS by LegalEase and Morae Global.[165] It is very clear where this "LPO classification" comes from: the WKNS. And it confirms what the other documents already tell me, which is that LegalEase and Morae Global were providing ROSS training data organized into the exact same topics as significant portions of the WKNS.

| West Key Number System Digest Topic as shown in TR-0179847-TR-0179854* | "LPO classification" as shown in ROSS-010128683 |
| --- | --- |
| 2 - Abatement and Revival | ABATEMENT AND REVIVAL |

remaining words. I performed those steps for both the question and the answer in each QA pair. Finally, I compared each QA pair to the Westlaw headnote data. In the process of making that comparison, I assessed both the question and the answer from each pair against the headnotes, counting the overlap in stemmed words across both, such that the best matching headnote was the one for which both the question and the answer matched the headnote well. The process produced 24,890 QA pairs that showed at least some degree of matching to a headnote. I then checked over the data, performing a coverage sampling across the results, sorted by the strength of the match score. Finally, I drew a random sample of 100 QA pairs, manually inspected each, from which I produced my final percentage estimates. To call a QA pair "nearly identical," I verified that both the words and the sentence structure matched between the question and the headnote. The headnote may have been recast as a question when it was copied, but both the embedded vocabulary and the structure matched up so closely or exactly that I felt a reasonable person would be comfortable saying it was "nearly identical."

[163] *Compare* TR-0179847-TR-0179854 (WKNS Numerical List of Digest Topics), *with*, ROSS-010128683 (LPO Practice list of topics).

[164] Starred (*) topics are not listed in TR-0179847-TR-0179854, but are part of the WKNS.

[165] Although a few "practice areas" are listed differently in ROSS's list, LegalEase still provided memos labeled by the corresponding topics of the WKNS to ROSS for those "practice areas." Specifically, those "practice areas" include: ARMED FORCES (*see, e.g.*, ROSS-003280407-ROSS-003280408 (memo titled "Armed Services - Memo 344 - RK_66865.docx")), CUSTOMS USAGE (*see, e.g.,* ROSS-003284576-ROSS-003284577 (memo titled "Customs & Usage - Memo 16 - JS.docx")); SEX OFFENCE (*see, e.g.,* ROSS-003280067-ROSS-003280068 (memo titled "Sex Offenses - Memo 137 - RK_66940.docx")); THREATS (see, e.g., ROSS-003280375-ROSS-003280376 (memo titled "Threats, Stalking, and Harassment - Memo #8 - C - LB_58581.docx")).

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

| | |
|---|---|
| 9 - Account | ACCOUNT |
| 13 - Action | ACTION |
| 15A - Administrative Law and Procedure | ADMINISTRATIVE LAW |
| 16 - Admiralty | ADMIRALTY |
| 18 - Adulteration | ADULTERATION |
| 20 - Adverse Possession | ADVERSE POSSESSION |
| 21 - Affidavits | AFFIDAVIT |
| 23 - Agriculture | AGRICULTURE |
| 24 - Aliens, Immigration, and Citizenship | ALIENS IMMIGRATION AND CITIZENSHIP |
| 25T - Alternative Dispute Resolution | ALTERNATIVE DISPUTE RESOLUTION |
| 26 - Ambassadors and Consuls | AMBASSADORS AND CONSULS |
| 27 - Amicus Curiae | AMICUS CURIAE |
| 30 - Appeal and Error | APPEAL AND ERROR |
| 34 - Armed Services | ARMED FORCES |
| 36 - Arson | ARSON |
| 38 - Assignments | ASSIGNMENTS |
| 50 - Bailment | BAILMENT |
| 52 - Banks and Banking | BANKS AND BANKING |
| 56 - Bills and Notes | BILLS AND NOTES |
| 63 - Bribery | BRIBERY |
| 67 - Burglary | BURGLARY |
| 75 - Charities | CHARITIES |
| 76D - Child Custody | CHILD CUSTODY |
| 79 - Clerks of Court | CLERKS OF COURT |
| 83H - Commodity Futures Trading Regulation | COMMODITY FUTURES TRADING REGULATION |
| 92B - Consumer Credit | CONSUMER CREDIT |
| 98 - Convicts | CONVICTS |
| 108H - Creditors Remedies* | CREDITORS REMEDIES |
| 113 - Customs and Usage | CUSTOMS USAGE |
| 129 - Disorderly Conduct | DISORDERLY CONDUCT |
| 135 - Domicile | DOMICILE |
| 135H - Double Jeopardy | DOUBLE JEOPARDY |
| 141E - Education* | EDUCATION |
| 145 - Electricity | ELECTRICITY |
| 146 - Embezzlement | EMBEZZLEMENT |
| 148 - Eminent Domain | EMINENT DOMAIN |
| 149E - Environmental Law | ENVIRONMENTAL LAW |
| 156 - Estoppel | ESTOPPEL |
| 159 - Exchange of Property | EXCHANGE OF PROPERTY |
| 164T - Extortion* | EXTORTION |
| 174 - Fines | FINES |
| 181 - Forgery | FORGERY |
| 183 - Franchises | FRANCHISES |
| 192 - Good Will | GOODWILL |
| 195 - Guaranty | GUARANTY |

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

| | |
|---|---|
| 200 - Highways | HIGHWAY |
| 203 - Homicide | HOMICIDE |
| 207 - Incest | INCEST |
| 209 - Indians | INDIANS |
| 212 - Injunction | INJUNCTION |
| 216 - Inspection | INSPECTION |
| 217 - Insurance | INSURANCE |
| 221 - International Law | INTERNATIONAL LAW |
| 231E - Kidnapping | KIDNAPPING |
| 231H - Labor and Employment | LABOR AND EMPLOYMENT |
| 233 - Landlord and Tenant | LANDLORD AND TENANT |
| 237 - Libel and Slander | LIBEL AND SLANDER |
| 240 - Life Estate | LIFE ESTATE |
| 249 - Malicious Prosecution | MALICIOUS PROSECUTION |
| 253 - Marriage and Cohabitation* | MARRIAGE AND COHABITATION |
| 260 - Mines and Minerals | MINES AND MINERALS |
| 265 - Monopolies | MONOPOLY |
| 272 - Negligence | NEGLIGENCE |
| 273 - Neutrality Laws | NEUTRALITY LAWS |
| 277 - Notice | NOTICE |
| 278 - Novation | NOVATION |
| 284 - Pardon and Parole | PARDON AND PAROLE |
| 289 - Partnership | PARTNERSHIP |
| 296 - Pension | PENSION |
| 302 - Pleading | PLEADING |
| 307A - Pretrial Procedure | PRE TRIAL PROCEDURE |
| 308 - Principal and Agent | PRINCIPAL AND AGENT |
| 311H - Privileged Communications and Confidentiality | PRIVILEGED COMMUNICATIONS AND CONFIDENTIALITY |
| 313A - Products Liability | PRODUCTS LIABILITY |
| 315 - Property | PROPERTY |
| 317A - Public Utilities | PUBLIC UTILITIES |
| 349A - Secured Transactions | SECURED TRANSACTIONS |
| 352H - Sex Offenses* | SEX OFFENCE |
| 366 - Subrogation | SUBROGATION |
| 368 - Suicide | SUICIDE |
| 371 - Taxation | TAXATION |
| 377E - Threats, Stalking, and Harassment* | THREATS |
| 384 - Treason | TREASON |
| 386 - Trespass | TRESPASS |
| 399 - Vagrancy | VAGRANCY |
| 401 - Venue | VENUE |
| 407 - Weights and Measures | WEIGHTS AND MEASURES |
| 411 - Woods and Forests | WOODS AND FORESTS |
| 413 - Workers' Compensation | WORKERS COMPENSATION |
| 414 - Zoning and Planning | ZONING AND PLANNING |

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

114.    I have thus concluded that LegalEase and Morae Global copied substantial amounts of Thomson Reuters' copyrighted content in creating the Bulk Memos and passed that copied content along to ROSS. Not only did LegalEase and Morae Global copy the text of West Headnotes in creating questions, but they also copied the WKNS Digest Topics, Thomson Reuters' classification of cases under those Digest Topics, and the connections between the copied West Headnotes and portions of the cases that were created by Thomson Reuters' attorney-editors. In other words, the Bulk Memos link these elements together just as Thomson Reuters does on Westlaw.

### 9.1.5    Termination of LegalEase's Access to Westlaw

115.    To access Westlaw, it is my understanding that LegalEase agreed to Thomson Reuters' Westlaw Terms of Service, as confirmed by LegalEase's founder Tariq Hafeez.[166] It is also my understanding that West terminated LegalEase's access to Westlaw in January 2018 due to LegalEase violating those Terms of Service.[167] Specifically, West terminated LegalEase's access due to LegalEase's unauthorized sharing of Westlaw credentials and excessive usage.[168]

116.    As discussed above, LegalEase began using Westlaw for the ROSS Original Project starting on October 15, 2015, and continued using Westlaw in connection with the Bulk Memo Project starting in mid-July 2017. I reviewed a number of spreadsheets showing LegalEase's use of Westlaw significantly increase beginning in July 2017, which is consistent with the fact that it

---

[166] T. Hafeez Dep. Tr., pp. 39:19–25 ("Q. To obtain access to Westlaw, LegalEase entered into a license agreement with West, right? A. Yes. Q. And it agreed to West -- Westlaw's terms of service? A. Yes.").

[167] R-LEGALEASE-00140998 (Letter terminating LegalEase's Westlaw account, dated January 4, 2018).

[168] *Id*; *see also* R-LEGALEASE-00101636-R-LEGALEASE-00101642 (Email chain between Thomson Reuters and LegalEase discussing account termination).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

needed to access a significant number of cases to create the massive volume of training data that ROSS had requested.[169] For example, one spreadsheet shows that LegalEase accessed thousands of cases while working on the Bulk Memo Project, which is unsurprising given the process LegalEase and Morae Global followed for creating the Bulk Memos that I have described herein.[170] This spreadsheet, as well as others I reviewed, also shows LegalEase users accessing their Westlaw accounts for extremely long periods of time, including some sessions lasting 24 hours in a single day.[171]

117.    The Westlaw Terms of Service state that a subscriber "may not sell, sublicense, distribute, display, store or transfer [West's] products or any data in [its] products in bulk or in any way that could be used to replace or substitute for [its] products in whole or in part or as a component of any material offered for sale, license or distribution to third parties."[172] While a subscriber may "store, on a matter-by-matter basis, *insubstantial portions* of [Westlaw content]… in connection with an active matter being handled by Subscriber in its regular course of business," the amount stored must "(a) have no independent value other than as part of Subscriber's work product; and (b) c[an] not be used in any way in whole or in part as a substitute for any service or product provided by West."[173]

118.    Similarly, although a subscriber may "on *an occasional basis* and via *Product functionality*, direct West to transmit individual documents in electronic format to… individual third parties in connection with actual, ascertainable matters being handled by Subscriber…. [a]ll

---

[169] TR-0836004 (Spreadsheet showing LegalEase's use of Westlaw).

[170] *Id.*

[171] *Id.*

[172] *See, e.g.*, TR-0002827-TR-0002830 (Thomson Reuters Research Subscriber Agreement)

[173] *Id.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

other direct transmission of electronic copies by Subscriber is *prohibited*."[174] Finally, the Westlaw

Terms of Service state that a "Subscriber shall not copy, download, scrape, store, publish, post,

transmit, retransmit, transfer, distribute, disseminate, broadcast, circulate, sell, resell, license,

sublicense or otherwise use [Westlaw content], or any portion of [Westlaw content], in any form

or by any means except as expressly permitted by [the License Grant], or as otherwise expressly

permitted in writing by West."[175]

119.    LegalEase admits to having violated the aforementioned provisions as a result of

the Bulk Memo Project. Specifically, LegalEase admits that it was using Westlaw for competitive

purposes and that it used a computer program to scrape a large amount of content from Westlaw

to create the Bulk Memos.[176] Additionally, LegalEase admits "the research memos that we drafted

[for ROSS] did include Westlaw content" and that it understood the Bulk Memos were being used

as training data by ROSS.[177]

---

[174] *Id.*

[175] *Id.*

[176] TR-0035897-TR-0035908 (Settlement Agreement between LegalEase and West Publishing, dated 4/2020 ("LegalEase agrees and admits that it breached the Subscription Agreement it had with West by (a) sharing Westlaw credentials with users outside of its Subscription Agreement; (b) creating and utilizing automated processes, automated tools, computer programs, and computer software to access, copy, store and provide Westlaw Content; and (c) generating in bulk documents that reproduced Westlaw Content; (d) transferring, reproducing, and distributing Westlaw Content in bulk to a certain third party at the third party's direction."); *see also* T. Hafeez Dep. Tr. 98:24-99:17 ("Q. You understand that using an automated tool or computer program in Westlaw is a violation of Westlaw's terms of service. A. I do. Q. And LegalEase created such a tool, didn't it? A. We did. Q. You sub- -- used a subcontractor named CodeMatrix? A. That's correct. Q. And that automated tool was created for the Bulk Memo Project, wasn't it? A. Yes, it was. Q. And it was designed to access and scrape content from Westlaw. A. It was designed to do multiple things, one of them being trying to streamline accessing Westlaw, for the attorneys to do their research.").
[177] T. Hafeez Dep. Tr. 41:22–42:7, 114:17–115:7.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

120.    It is my understanding that, based on the above, LegalEase and Morae Global used Westlaw to create the Bulk Memos after breaching Westlaw's Terms of Service and thus did so without authorization and without the benefit of a Westlaw license. TR-0836004 is a spreadsheet detailing the unauthorized use of Westlaw by LegalEase and Morae Global, as well as the value of the content LegalEase and Morae Global accessed in order to create the Bulk Memos. As discussed below, at all times during this period, ROSS had or should have had knowledge of LegalEase's actions and contributed to them, as well as controlled LegalEase at every step and profited from its activities.

### 9.1.6    ROSS's Awareness of LegalEase's Conduct

121.    It is my understanding that ROSS claims to have no knowledge of LegalEase's use of Westlaw at any time, including during the Bulk Memo Project. As Mr. Ovbiagele testified, it allegedly "didn't cross [ROSS's] mind to ask [LegalEase] how they planned on delivering [ROSS] the [Bulk Memos]."[178] Based on my review of the documents and deposition testimony, as well as my extensive experience creating and using training data with artificial intelligence and machine learning models, that position is highly suspect. It is my opinion that ROSS was aware of LegalEase's use of Westlaw and that LegalEase was using Westlaw in a manner that ROSS believed was inconsistent with Westlaw's Terms of Service. Moreover, it is my opinion that ROSS either knew that fact or consciously avoided confirming it, despite understanding that it was highly likely that LegalEase was copying Westlaw content to create the memos. At a minimum, ROSS should have known for the reasons described below.

---

[178] J. Ovbiagele Dep. Tr. 67:6–9 ("Q. Has ROSS, at any time, asked LegalEase whether it used Westlaw to create ROSS's training data? A. No."), 67:12–14.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

122.     As an initial matter, as ROSS readily admits, it was critical that ROSS obtain *high quality* training data to train Watson and, later, its own in-house algorithms. Without high-quality training data, ROSS's search functionality would have been of lower quality, and in my opinion, it would not have been able to fulfill ROSS's goal of replacing Westlaw. Accordingly, ROSS would have been intimately involved in the process of the creating the training data, as it had a huge stake in the overall quality of that data.

123.     Moreover, as discussed above, the documents I have reviewed show that ROSS directed LegalEase to use Westlaw after ROSS tried and failed to get access to Westlaw directly.[179] Indeed, ROSS specifically chose *not* to hire an LPO that was not sufficiently trained on Westlaw, which indicates that LegalEase's use of Westlaw was an important factor in ROSS's choice to have LegalEase create the training data it needed.[180]

124.     Additionally, ROSS's communications with LegalEase make clear that ROSS actively controlled and supervised the creation of the Bulk Memos.[181] ROSS took great care to ensure that the formatting of the Bulk Memos made them useable, and that the "great" answers they were getting to the questions posed were, in fact, great. Indeed, beyond requiring LegalEase to be trained in Westlaw, the documents show that ROSS hired LegalEase to "create legal research memos in a very specific format and template -- *as meticulously directed by Ross*."[182]

125.     This is consistent with the witness testimony I reviewed as well. Thomas van der Heijden, Vice President of Product at ROSS, testified that ROSS provided samples of the format

---

[179] *See* Section 9.1.3, *supra*.

[180] *Id*.

[181] ROSS-000204366-ROSS-000204367 (LegalEase communications with ROSS asking how it should deal with "lengthy paragraphs" that it copied directly from Westlaw).

[182] LEGALEASE-00171828-LEGALEASE-00171831 (Emails between ROSS and LegalEase in which LegalEase declines to indemnify ROSS in this litigation).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

in which they wanted LegalEase to deliver the Bulk Memos, and LegalEase delivered them in that format.[183] Jimoh Obviagele, one of ROSS's co-founders also confirmed that ROSS provided LegalEase with instructions on what format the Bulk Memos should be in, and "assessed the work product" when completed.[184] Given the purpose of the Bulk Memos as training data, this meticulous control is, in my view, unsurprising. The format would have been important for ensuring that the Bulk Memos worked as quality training data.

126.    Equally important, however, is *how* the training data is created. In my view, it is highly likely, given that ROSS would provide so much direction, oversight, and quality assurance measures with respect to the format and content of the Bulk Memos, that it also would be aware of and involved in the process by which the Bulk Memos were being created. Such a scenario is also consistent with the documents and testimony I reviewed that show numerous instances in which LegalEase's use of Westlaw was made clear to ROSS. For example, LegalEase communicated with ROSS about how it should deal with "lengthy paragraphs" that it was copying directly from Westlaw for use in the Bulk Memos.[185] In another instance, ROSS received approximately 500 cases from LegalEase that were clearly downloaded from Westlaw given they contained Thomson Reuters' copyright notice, West Headnotes, Key Numbers, and other content authored by Thomson Reuters' attorney-editors.[186] LegalEase also sent ROSS a large number of

---

[183] *See generally* T. van der Heijden Dep. Tr., pp. 293-296.

[184] J. Obviagele Dep. Tr. 73:21-77:5 (describing how ROSS provided LegalEase instructions as to the Bulk Memos and reviewed them when completed).

[185] ROSS-000204366-ROSS-000204367 (LegalEase communications with ROSS asking how it should deal with "lengthy paragraphs" that it copied directly from Westlaw); *see also* T. van der Heijden Dep. Tr. 342:4–7 ("Q. So she was using Westlaw for memo 12, right? A. Yes.")

[186] ROSS-000177723 (Email from LegalEase to ROSS attaching zip files of cases downloaded from Westlaw); *see also* T. van der Heijden Dep. Tr. 347:20–22 ("At this point, I knew that Teri had provided us with cases that had Westlaw headnotes in them for the Classifier project.").

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

Bulk Memos that included Westlaw's "WL" case citation, such that ROSS knew that LegalEase was, in fact, using Westlaw.[187] Indeed, one document I reviewed shows ROSS's senior employees discussing how LegalEase's use of Westlaw's "WL" case citations in memoranda was causing issues with ROSS's training program.[188] Per Mr. Hamilton, because cases with the "WL" case citation were only published on Westlaw, memos that LegalEase provided with those citations could not be used for training ROSS's system until ROSS specifically requested and uploaded a copy of the case to ROSS's database.[189]

127.    Furthermore, the rate at which LegalEase began producing Bulk Memos was many magnitudes greater than its previous productivity, jumping from 75 per week to thousands per week. It would have been extremely difficult to create that much training data, that quickly, from scratch and ensure its quality, which is a fact I understand ROSS to have been keenly aware of. Just before the Bulk Memo Project started, Mr. Arruda, Mr. Ovbiagele, and Mr. van de Heijden discussed how "[ROSS] will need to conduct considerable QC early on and throughout the memo production process to ensure the memo bodies are of an acceptable quality."[190] In fact, Mr. van der Heijden specifically remarked that "we know from experience, particularly with LegalEase, that

---

[187] ROSS-003297293-ROSS-003297295 (cases 2 through 4 and 6 cited using WL citation format and case 1 containing a Westlaw citation in the cited passage); *see also* ROSS-000136374-ROSS-000136379; *see also* T. van der Heijden Dep. Tr. 335:15–19 ("Q. It's highly likely they were using Westlaw, given the Westlaw citation, right? A. It's possible, yes, that they used Westlaw to generate that citation.") (objection omitted).

[188] ROSS-009637509 (Slack messages between ROSS employees discussing problems in training program caused by LegalEase memoranda using WL citation).

[189] *Id.*

[190] ROSS-009637399-ROSS-009637400 (Slack messages between ROSS employees).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

quality can slip from time to time and we need to keep a close eye on what they're doing. This will require dedicated man hours/resources on our end."[191]

128.    In short, it is clear to me that ROSS knew LegalEase was using Westlaw in light of the documents and testimony I reviewed. If ROSS was ignorant of that fact, it would be, in my view, because ROSS was grossly incompetent as a software company and willfully ignorant of the truth.

### 9.1.7    ROSS's Use of the Bulk Memos as Training Data

129.    Documents produced by ROSS, including its source code, as well as testimony from its most senior employees, make it abundantly clear that the Bulk Memos were received and copied by ROSS in numerous ways when they were used as training data to develop the ROSS Platform.[192]

130.    As part of my investigation, I reviewed ROSS's source code. I conducted my review at the New York offices of Crowell & Moring.[193] The files that were produced for my inspection included dozens of source code repositories, consisting of a total of 70,176 files, 14,635 directories, and approximately 7.5 GB of data. Owing to the organization of the source code into relatively bite-sized repositories, with reasonable documentation, the relevant projects were, for the most part, easy to identify and digest. Given two full days in the source code room, I was able to isolate and reconstruct much of ROSS's machine learning pipeline, and therein to identify the

---

[191] *Id.*

[192] *See, e.g.*, ROSS-000054844 (spreadsheet showing Bulk Memos were uploaded and received by ROSS); ROSS-000155730 (same).

[193] 590 Madison Ave #20th, New York, NY 10022.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

numerous points along the way at which the Bulk Memo dataset was used and copied as it moved through the processes of model building, training, validation, and testing.[194]

131.     The source code shows that ROSS provided a web interface for LegalEase to use when extracting data from Westlaw, copying that data, and saving it in a format for ROSS's use. The interface required LegalEase to save data, such as the copied West Headnotes into a web form, literally by copying it over into the form. Submission of the form resulted in the data being transmitted to a remote web server, from which it was transmitted again to a MongoDB database server running in AWS (Amazon Web Services). At the database server a copy of the data was created and saved to a database table, which ultimately resulted in the data being saved to a backend database file.[195]

132.     From this location, the data is then reviewed, at some point, via the same web application tool, although via a different area of that tool requiring additional privileges to access. Obviously, viewing the data results in additional transient copies being made and transmitted across the backend servers and ultimately to the terminal through which the reviewer is working. Once a given data entry has been reviewed and approved for use in the machine learning pipeline, it promoted as part of a "bulk data dump" or "bulk release." The bulk release entails copying the newly released data to another database.

---

[194] ROSS's ML pipeline entailed numerous source code repositories, some of which were clearly older than others, and I could readily tell that some parts of the pipeline were undoubtedly replaced by others at various times as the pipeline evolved. The description I provide here is meant to be a general overview of the steps found in the source code, many of which referred to one another in documentation within the source code, such that I could tell, for the most part, the flow of the pipeline. Although, the pipeline as it was used at any specific time may have had a step or two fewer or more overall than what I describe here, all of the steps described here are represented in ROSS's source code.

[195] http://mongodb.github.io/node-mongodb-native/schema/chapter3/.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

133.     The bulk-release database represents a holding zone for data that are considered ready for machine learning. However, not all data should be put through every model up front. As is typical in machine learning, multiple sets of data are needed to train any given model—a training set, a validation set, and a final testing set. If the data are not used judiciously, the practitioner will have no way to confidently assess one model's effectiveness against another. Consequently, ROSS's pipeline treats the bulk release data as a master copy, not to be modified or analyzed in place. Instead, a process referred to in the source code as "snapshotting" would be applied, in which the ML practitioner would create a copy of a portion of the bulk release data for use in the next round of model building. The snapshotting process involved saving another copy of the data to yet another database table. The data in this case represented an assemblage of QA (question-answer) pairs.[196] Among the multiple tools constructed for doing this, some would also pre-assign each row to a training, validation, or testing set. These tools also included functionality to identify "missed questions," a copy of which were saved out to a separate file for consideration.

134.     Given a data snapshot consisting of QA pairs, the next step was preprocessing. The tools for preprocessing transformed the data into multiple versions (*i.e.*, multiple copies)—such as an original copy, a lowercase copy, a paraphrased copy, a lemmatized copy, etc.[197] These pre-processing transformations also included things like removing punctuation (*e.g.*, apostrophes) and stop words.[198] The data may also be converted to an "index" notation, in which each word is

---

[196] *See*, *e.g.*, the "ross-pipelines" repository, which provides tools to create QA data snapshots.

[197] Lemmatization is a linguistic process of unifying different versions of the same words. This is also sometimes called "stemming," though stemming may connote a cruder, more quick-and-dirty approach to the process. Ultimately, for machine learning, the net effect is typically the same, irrespective of how the words are unified.

[198] Stop words are words so common they carry little useful information for a machine learning model (*e.g.*, words like "the," "a," "that")—and so instead of improving accuracy, they tend to wash out results and thus necessitate larger datasets if not removed.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

swapped out with its numerical index from a vocabulary file, with the indices being stored in a numerical format (as an array) rather than as a character string. These are all different ways of representing the same data and the same meaning. However, by varying the data's encoding, the ML practitioner can better leverage or bring forward different features (or characteristics) of the text for the model to see and potentially prioritize. The final results of the preprocessing step were saved out to files as new copies of the data.

135.    At this stage, if the dataset had not already been partitioned into train-validate-test subsets, that partitioning was carried out. As part of the partitioning step, the source code includes tools for assembling the data into *labeled* QA pairs, that is, questions mapped to answers labeled with a quality score. Typically, if each question is associated in the database with four to six answers, then at this stage (if not prior) four to six training examples (or rows in a table) would be created, in which the question is duplicated each time alongside one of its associated answers. Along with each QA pair, a "correct output" is also included—in this case, an assessment of the answer's quality. The "correct output" represents the expected output of the model and is the thing we want the model to learn to predict. To teach the model, we are effectively showing it what the right output should be for each training example. The model's job is to figure out *why* (not in a cognitive sense, but in a reproducibility sense) that output is correct for each training example in a way that generalizes to yet unseen examples (which are what we want to use the model to predict going forward).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

136.    Determining what the "correct output" is for each row of a dataset is typically called tagging. In the case of the Bulk Memo data, tagging is a classification problem. As the source code shows, ROSS used the (human-readable) tags "great," "good," "topical," and "irrelevant."[199]

137.    Once the data were assembled into rows of QA pairs, each tagged with a quality score, and subdivided into training, validation, and test sets, a copy of the data was saved to one or more files, this time in either CSV or JSON format.[200]

138.    Given train-validation-test sets, the ML practitioner would then "featurize" the data, as in, convert each row of data into a specific set of features to be fed into a machine learning model. The features of a model represent the very specific aspects of the data being considered by that model for the purposes of learning. For example, if I wanted a model to predict author gender from Facebook posts, it turns out the percentage of swear words would be a particularly good feature to include. Typically, features are boiled down to quantitative values, which can be easily fed into a machine learning model (which, after all, is really just a complex series of calculations). The preprocessing discussed above is a step toward featurization. Typically preprocessing puts the data into a state from which the final features can be directly calculated.

---

[199] At some point during the history of the pipeline, ROSS also used the labels "highly relevant," "relevant," "topical," and "irrelevant." However, the exact choice of text is irrelevant for the model, which ultimately sees numeric categories, such as 1, 2, 3, and 4. What is important is the relationship between each category and the QA pairs. Thus, even if ROSS at some point stopped using the exact labels from the Bulk Memos, they were still using that labeling (in full) from a machine learning standpoint.

[200] CSV stands for "Comma Separated Value" and is a commonly used generic format for representing tabular data, such that it can be easily viewed by a spreadsheet tool and/or loaded into an application for processing. JSON stands for "JavaScript Object Notation" and is a slightly more verbose format than CSV, but one that allows for minimal inline markup of the data. JSON is also highly portable and numerous open source libraries exist for importing and exporting JSON data to/from applications.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

139.    Given featurized data, the ML practitioner can now train a machine learning model on that data. The resulting model may be saved if the results are good, and if good enough, the model would be used in production to make predictions, such as to rank answers for ROSS's legal search engine.

140.    At a macro level, the machine learning process would entail repeating this pipeline multiple times to test different types of models to see which ones work best. When it comes to modern machine learning practice, this is a well-known iterative process, which is why practitioners create scripts and applications to automate it.[201] Indeed, ROSS's source code follows the pattern of a typical ML pipeline, including the various tools I have been describing, which ROSS used to automate the steps of their machine learning pipeline.

141.    With respect to training multiple models to find the good ones, which again is a standard process in machine learning, ROSS's source code includes a template project from which new models were constructed. The project demonstrates that models were saved out in a binary format, along with various other artifacts that could be used to introspect the model. If a model was determined to be good enough, it could be deployed to production using the binary file.

142.    In terms of model types, and as would be expected, the source code included numerous projects dedicated to training models. I examined most of the repositories at some level and found various models, many of which were based on neural networks and deep learning approaches. The "latent-representation-ranking" project, for example, was geared toward training "learning to rank" models in the form of neural networks. The code explicitly indicates that it was used for training models on the "LPO dataset." The code also utilized the PyTorch Python open

---

[201] *See*, *e.g.*, Brownlee, J. (2022). *Machine Learning Mastery*.
https://machinelearningmastery.com/.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

source machine learning library for constructing its models. In fact, out of the fifteen or so model-training projects I examined closely, none entailed the development of a novel model. Rather, every model was either from an open source library, or it was expressly implemented from the machine learning literature (as documented in the source code). For example, the "attention-over-attention" project was an implementation from the paper, "Attention-over-Attention Neural Networks for Reading Comprehension," by Cui *et al.*, 2017.[202] Other examples of papers used to implement models included:

- "Learning to Match Using Local and Distributed Representations of Text for Web Search," by Mitra, Diaz, and Craswell, 2016.[203]

- "Get To The Point: Summarization with Pointer-Generator Networks," by See, Liu, and Manning, 2017.[204]

- "A Structured Self-attentive Sentence Embedding," by Lin, *et al.*, 2017.[205]

- Etc.

Additional examples of libraries that were used in the source code to build models included: OpenNMT,[206] Comet ML,[207] TensorFlow,[208] NLTK,[209] and RankLib,[210] among others.

---

[202] *See* https://arxiv.org/abs/1607.04423.

[203] *See* https://arxiv.org/abs/1610.08136.

[204] *See* https://arxiv.org/abs/1704.04368.

[205] *See* https://arxiv.org/abs/1703.03130.

[206] https://opennmt.net/.

[207] https://www.comet.com/site/.

[208] https://www.tensorflow.org/.

[209] https://www.nltk.org/.

[210] https://sourceforge.net/p/lemur/wiki/RankLib/.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

143.    ROSS's source code also included projects for their production product. I was able to trace within those projects to locate the production machine learning model in use as of the snapshot of the source code that was produced. The "search-engine" project represents the server backend for the "Core ROSS search functionality" (as documented in the source code). The search engine performs retrieval of documents followed by ranking them. Ranking was implemented as FRANK v0.5.0-rc.1. The "frank-service" project appeared to contain the backend code for this ranking model, which ultimately traced to the open source RankLib library (compiled as RankLib.jar). "Learning to rank" models were trained using, at least in some cases, LambdaMART running on top of RankLib.[211] As mentioned previously, the source code shows that ROSS trained its "learning to rank" models on the "LPO dataset"—that is, on the Bulk Memos which copied West Headnotes and the other editorial content created by West's attorney-editors, such as the hyperlinking between West Headnote and relevant case passage.[212]

144.    Given the above, it is clear that ROSS copied the Bulk Memos by storing them on its servers and extensively reproducing and distributing them within ROSS during the development of the ROSS Platform.[213] Moreover, the copying was not only performed, but was a necessary part of the machine learning process, without which ROSS could not have effectively trained its models, including the "learning to rank" model it used in production to power its search engine.

---

[211] LambdaMART is an algorithm for training learning to rank models and is implemented in the RankLib library. *See*, *e.g.*, https://sourceforge.net/p/lemur/wiki/RankLib/; *see also*, https://www.educative.io/answers/what-is-lambdamart.

[212] Incidentally, I also noted the term "westlaw" (case-insensitive) occurring 217 times across ROSS's source code.

[213] ROSS-003419784-ROSS-003419786 (document explaining how ROSS created over 25,000 datapoints using Bulk Memos, and then used those datapoints to create over 150,000 labels for additional training data).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

145.    ROSS has also admitted that it in fact used the "main components" of the Bulk Memos, specifically, the combination of the question, case passage, and relevancy tag (*e.g.*, "great," "good," "topical," and "irrelevant")—in training its artificial intelligence.[214]

146.    ROSS also used the Bulk Memos for training data as part of its "Case Classifier Project." Based on my review of documents produced by ROSS, after it realized its current training data to classify cases was "critically flawed,"[215] ROSS determined that it had "an untapped source of training data in the form of [its] new QA data that links questions with ***practice area tags*** to cases in our database,"[216] which is a reference to Thomson Reuters' classification that was copied in the Bulk Memos, that I have discussed at length above. ROSS's own documents confirm that it, in fact, used the Bulk Memos it received from LegalEase to train its case classifier, specifically noting that it utilized "25,539 Q&A pairs from which [it] extracted 151,695 labels for cases mapped to a practice area,"[217] which is consistent with the fact that ROSS received approximately 25,000 Bulk Memos containing approximately six case passages each (the target number of case passages LegalEase and Morae Global were to aim for in each Bulk Memo). As shown above, my review of ROSS's source code also supports these conclusions.

147.    Training data was of critical importance to ROSS, because quality training data is imperative to a good machine learning model. The accuracy of a machine learning model fundamentally depends on the quality of the training data used.[218] Unsurprisingly, given its desire

---

[214] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12.

[215] ROSS-003658597–ROSS-003658604 (detailed notes from internal meeting regarding ROSS's Case Classifier Project).

[216] *Id.*

[217] ROSS-003419784-ROSS-003419786 (document discussing how ROSS was able to generate training data for its Case Classifier Project using the Bulk Memos).

[218] *See* Section 7.3, *supra*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

to create an artificial intelligence driven legal research platform, ROSS repeatedly emphasized that it needed to ensure it was receiving "high quality data."[219]

148.    It is my opinion that Plaintiffs' West Headnotes and WKNS were the "high-quality data" that ROSS needed and, because ROSS copied it from Plaintiffs, it had it at a fraction of the time and cost that it had previously been expending through the original memoranda of LegalEase and Morae Global.[220] As a start-up artificial intelligence company, this would have been critical to developing the quality technology it needed to compete. Without high-quality training data, ROSS simply would not have been able to develop a high-quality search engine.

149.    It is my understanding that ROSS claims it did not want or need anything from Westlaw, and instead only needed the case law identified in the Bulk Memos. That does not make any sense to me. Judicial opinions alone could not be used to train ROSS's artificial intelligence model—training a question-answering system requires, at the very least, questions and answers, preferably mapped together in a way that is meaningful. In other words, if judicial opinions are the "answer," ROSS would still need questions that can be mapped to those answers in order to train

---

[219] ROSS-009558441-ROSS-009558443; ROSS-003487472-ROSS-003487474; ROSS-009545896-ROSS-009545899.

[220] ROSS-003487472-ROSS-003487474 (remarking to an investor a year after receiving training data from LegalEase that "[t]here's also a scarcity of companies who have the requisite datasets to take advantage of deep neural networks. You don't just need a lot of data. You need high-quality data. This and the reason above are why you see a lot of enterprise AI initiatives failing. We have one of the largest question answering data sets in existence, which we specifically collected for our application."; ROSS-009558441-ROSS-009558443 ("We constantly need to ensure the training data remains of high quality (e.g. that the quotes actually answer the questions)."; ROSS-009545896-ROSS-009545899 ("[W]e will want to continuously revise and improve a product which provides us with high quality training data (our protective moat – part of why its so important we properly ensure that we can 'honeypot' to get training data) which also *simultaneously helps us kill our only real competition to date*[.]" (emphasis in original)); ROSS-003704423-ROSS-003704439 (presentation titled "ROSS Project & Technology & Vision & Strategy," stating that, in the context of training data, ROSS plans to "[i]nvest in high-quality hand-labelled data**.**").

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

its AI. Additionally, it is my understanding that ROSS already had a corpus of judicial opinions at the time it contracted with LegalEase for the Bulk Memos. In fact, if ROSS didn't already have a corpus of judicial opinions, the Bulk Memos could not have been used as training data as ROSS's AI wouldn't have anything to map the passages from the Bulk Memos to in the ROSS Platform. Rather, it is clear from the documents and testimony I reviewed that ROSS specifically needed training data that had coherent legal questions mapped accurately to specific case passages so ROSS's AI could learn how to parse ROSS's corpus of judicial opinions to provide accurate, responsive results. Thus, the utility of the Bulk Memos was the specific relationship between the question and answer and the quality thereof, which is original to Plaintiffs not to ROSS.

### 9.1.8   The Market for Training Data

150.    Both in connection with this case and related to other work I have performed, I am familiar with the market for machine learning and/or artificial intelligence tools.

151.    As an initial matter, it is widely known that merely using information to build a dataset for AI or machine learning purposes does <u>not</u> grant ownership of the underlying work to the person or entity training the AI. This is generally clearly communicated when using an open-source dataset. For example, when Google announced its "Open Images" dataset in 2016, it specifically noted that although many of the millions of images in the dataset were licensed under a Creative Commons Attribution license, others were not necessarily licensed and anyone seeking to use the dataset should "verify the license for each image."[221]

152.    Likewise, the mere fact that data exists online and is accessible does not mean that anyone has a license to use it in order to train an AI or machine learning tool. For instance, Getty has started a new program by which consumers may expressly license Getty material for artificial

---

[221] https://ai.googleblog.com/2016/09/introducing-open-images-dataset.html

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

intelligence purposes, indicating that there is a growing market for the data required to train artificial intelligence applications.[222] The licensing of datasets by Getty and others show that where a company possesses extensive data collected over time that can be used to develop machine learning applications, this data presents a potential goldmine that can be exploited and sold to train the next generation of artificial intelligence.

153.    There are numerous examples of companies licensing their large datasets for training purposes. Below are some examples:

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| **Defined.ai** | | "Train Automatic Speech Recognition (ASR) models, fast-track machine learning, and expedite deployment." Contains a variety of languages discussing a variety of topics like "insurance" or "telecommunication." | $425/hour of data. For the Arabic set, there are 64249 words in a 13-hour tape. It is approximately $.085 per word. | https://getdata.defined.ai/default/ |
| **Defined.ai** | | "Our catalog of datasets for Natural Language Processing can help machine learning teams | The price point has to be requested from the company by sending a message. | https://getdata.defined.ai/default/nlp |

---

[222] http://press.gettyimages.com/getty-images-launches-industry-first-model-release-supporting-data-privacy-in-artificial-intelligence-and-machine-learning/

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| | | build a prototype, expand existing models, evaluate internal models and benchmark third-party cognitive services." | | |
| **Defined.ai** | | "Open source datasets for facial recognition lack quality and diversity. Our selfies and paired ID photo datasets have that and more." Contains 2 IDs & 8 Selfies per person. Broken apart by race. | The price point has to be requested from the company by sending a message. | https://getdata.de fined.ai/default/c omputer-vision |
| **TONIC** | | "Tonic mimics your production data to create safe, realistic, and de-identified data for QA, testing, and analysis." "Generate data that looks, acts, and feels just like your production data and safely share it across teams, businesses, and international borders." | Pricing has to be requested, but has three different tiers: Basic, Professional, and Enterprise | https://www.toni c.ai/features/over view |

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| **Metatext** | | This is a website that offers a variety of services to create NLP programs. | There is a free demo (1000 rows of a dataset upload, training only 1 model), a premium which is $185/mo, and Enterprise pricing, which requires contact to receive the price point. | https://metatext.io/ |
| **Bright Data** | | "Bright Data's technology allows a cost-effective way to perform fast and stable public web data collection at scale, effortlessly converting unstructured data into structured data, resulting in complete, accurate, and enriched datasets." Includes a variety of datasets which scrape information | "Prices start from $3,000 for selected datasets" | https://brightdata.com/products/datasets |
| **Stanford** | SQuAD (The Stanford Question Answering Dataset) | "Stanford Question Answering Dataset (SQuAD) is a reading comprehension dataset, consisting of questions posed | Free | https://rajpurkar.github.io/SQuAD-explorer/ |

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| | | by crowdworkers on a set of Wikipedia articles, where the answer to every question is a segment of text, or span, from the corresponding reading passage, or the question might be unanswerable. … SQuAD2.0 tests the ability of a system to not only answer reading comprehension questions, but also abstain when presented with a question that cannot be answered based on the provided paragraph." | | |
| **LexisNexis** | Data Science & Analytics | Lexis "data as a service." "Use metadata and content enrichments to easily identify and refine data results. You can then integrate this consistent, semi-structured data into your data science and analysis tools." "Direct access to clean data ready | Pricing not publicly available. | https://www.lexisnexis.com/en-us/professional/connect/daas/data-science.page |

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| | | for consumption" "Take advantage of a taxonomy with deep family entries that you won't get from web scraping." | | |
| **Datatang** | | "We offer an extensive volume of datasets covering different fields such as computer vision, speech recognition, and NLP. All the datasets have clear copyright." | Pricing not publicly available. Customers: Oracle, Facebook, Intel, Cisco, TikTok, Toyota, Zoom, Qualcomm, Samsung | http://datatang.ai |
| **Telus International** | | "We collect and / or create diverse and representative datasets via our large and vetted global AI Community. Harnessing human intelligence in a manner that reduces bias is key to successful machine learning." "Source text, image, audio, video and/or geo-local data to train your machine learning models using both | Pricing not publicly available. | https://www.telusinternational.com/solutions/ai-data-solutions |

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| | | platform automation and human verification." | | |
| **StageZero Technologies** | | Inserts in-app "microtasks" into mobile games, such as "labeling" items by drawing boxes around certain objects or providing simple audible translations, using their voice. Collects speech, text, audio, image, video, gif, handwriting data. "We are specialists in speech and text data creation for virtual assistants, chatbots, and other applications and can give you access to over 10 million users to provide needed data." | One-third of the cost of "Amazon's Mechanical Turk" | https://stagezero.ai/ |

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| **Amazon Mechanical Turk** | SageMaker | "MTurk can be a great way to minimize the costs and time required for each stage of ML development. It is easy to collect and annotate the massive amounts of data required for training machine learning (ML) models with MTurk. Building an efficient machine learning model also requires continuous iterations and corrections." "you can create high-quality training datasets without having to build labeling applications or manage labeling workforces on your own." | Pricing not publicly available. | https://www.mturk.com/ |
| **Primer.ai** | | "Primer provides industrial-grade NLP applications for government agencies, financial institutions, Fortune 50 companies, and many other organizations." "Assemble your own NLP | Pricing not publicly available. Customers: US Air Force, venture capital firms, Walmart, Singapore's sovereign wealth fund, Bill & Melinda Gates Foundation. | https://primer.ai/ |

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| | | solutions with our world-class pre-trained engines. Our rigorously trained engines are performant, scalable, and fast." | | |
| Coresignal | | "We offer public web data collected with our own global operation. Our main data offering consists of employee and firmographic data spanning 8 web sources with hundreds of unique data points. Our full data offering includes a total of 8 data categories with 20 sources offered." Community and repository data, Company employee review data, Company funding data, Firmographic data, Job posting data, Employee data, Tech product review data, Technographic data | Pricing not publicly available. | https://coresignal.com/ |

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| **People Data Labs** | | "Understand labor force movement at scale by aggregating data across person and company records." | Pricing not publicly available. | https://www.peopledatalabs.com/data-license |
| **Clickworker** | | "Clickworker can help accelerate your AI or Machine Learning projects by providing you with high-quality structured or unstructured data via our community of 3.6M+ Clickworkers." | Pricing not publicly available. | https://www.clickworker.com/ai-training-data-collection-ab/ |
| **MagicDataTech** | | "400 training datasets covering over 60 languages and dialects can be licensed with full compliance for HCI, customer services, virtual assistant, machine translation and many other AI-based scenarios, accelerating launches of your AI products. Conversational datasets featuring natural pronunciation phenomena assist | Pricing not publicly available. | https://www.magicdatatech.com/ |

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

| Manufacturer | Name | Description | Price Point | Link(s) |
|---|---|---|---|---|
| | | you taking leading position in conversational AI, securing more business opportunities." | | |

154.    The above list shows that the market for training datasets is thriving, indeed growing, and as the top executives at ROSS themselves recognize, they are valuable.[223] Given this robust market for editorial enhancements to be used as training data, as well as Thomson Reuters' own use of the copied Westlaw content for its AI, it is clear that there is an existing market for the content that ROSS copied to be used as training data.

155.    Also of note, the data provided in most or all of the above examples—such as pre-tagged text (for NLP) or speech recordings (for ASR)—is less demanding to produce than what ROSS needed. Indeed, Amazon's Mechanical Turk marketplace exists on the premise that many machine learning datasets can be produced without the use of niche expertise. And yet, such data, in the form of a high-quality dataset and in sufficient quantities, is still hard enough to produce that a thriving market now exists for it. ROSS's predicament was substantially more challenging, however, since the data it needed required legal expertise—and to such a degree that ROSS couldn't farm out the task to be crowdsourced on a platform like Mechanical Turk. Ultimately, the time and expertise required to produce the type of data that ROSS needed (the Bulk Memos) was

---

[223] J. Obviagele Dep. Tr. 171:7–11 ("[The Bulk Memos] were valuable to ROSS because they had questions, quotes from case law, and relevance labels, which we could feed into our machine learning model to train it.").

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

exceptionally high, as is evidenced by the fact that it has taken years for Thomson Reuters to build up the database of headnotes from which the Bulk Memos were copied.

156.    Additionally, it is clear the Bulk Memos were essential to the success of ROSS's product. Indeed, ROSS said as much to one of its investors when it remarked that "[t]here's also a scarcity of companies who have the requisite datasets to take advantage of deep neural networks. You don't just need a lot of data. You need high-quality data. This and the reason above are why you see a lot of enterprise AI initiatives failing. We have one of the largest question answering data sets in existence, which we specifically collected for our application."[224] I agree that, without the Bulk Memos to use as training data, ROSS would not have been able to create its legal research product, and thus, whatever financial success ROSS's product had in the market is attributable to the Bulk Memos and other copying from Plaintiffs discussed above.

**10.    CONCLUSION**

157.    I have formulated my opinions in this report to at least a reasonable degree of professional certainty. I expressly reserve the right to modify or supplement this report based upon any additional information produced or presented to me in this case.

                                    ***

---

[224] ROSS-003487472-ROSS-003487474; *see also* ROSS-009558441-ROSS-009558443 ("We constantly need to ensure the training data remains of high quality (e.g. that the quotes actually answer the questions."); ROSS-009545896-ROSS-009545899 ("[W]e will want to continuously revise and improve a product which provides us with high quality training data (our protective moat – part of why its so important we properly ensure that we can 'honeypot' to get training data) which also *simultaneously helps us kill our only real competition to date*[.]" (italics/underlining in original)).

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2022

Respectfully submitted,

_____

Dr. Jonathan L. Krein

# APPENDIX A

# Curriculum Vitae
## Jonathan L. Krein

+1 843 861 3410 /m                                      2155 E Blue Sky Dr
**jonathankrein@gmail.com**                        Eagle Mountain, UT 84005

## Education

**Doctor of Philosophy** (Ph.D.), **Computer Science**, 2012–2014
Brigham Young University, Provo, Utah, USA

- Dissertation: *Replication and Knowledge Production in Empirical Software Engineering Research*
- Advisor: Charles D. Knutson
- Emphases: Software Engineering, Sociology, Bayesian Statistics, Machine Learning
- GPA: 4.00/4.00

**Master of Science** (M.S.), **Computer Science**, 2009–2011
Brigham Young University, Provo, Utah, USA

- Thesis: *Programming Language Fragmentation and Developer Productivity: An Empirical Study*
- Advisor: Charles D. Knutson
- Emphases: Software Engineering, Statistics, Data Mining
- GPA: 4.00/4.00

**Bachelor of Science** (B.S.), **Computer Science**, 2005–2008
Brigham Young University, Provo, Utah, USA

- GPA: 3.99/4.00, Summa cum Laude
- Clemson University, 2001–2002

**Selected Courses:** advanced topics in data mining, artificial intelligence, Bayesian methods in computer science, classical social theory, computer communications and networking, ethnographic research techniques, machine learning and data mining, research in open source systems, research in social media, social network analysis, software engineering, statistical methods for research, theoretical foundations of computing.

## Positions & Affiliations

**Partner, Chief Scientist - Data Science, Software Engineering** (October 2020 – Present)
*Crimson Vista* (crimsonvista.com), Austin, Texas

Crimson Vista is a software and cybersecurity engineering firm focused on developing research and technology for industry applications (incl. government, academic, and non-profit sectors), as well as providing consulting services in both industry and litigation contexts. Industry services include engineering innovation, solutions engineering, software architecture and cloud systems engineering, cybersecurity planning and infrastructure development, software quality assurance and testing, compliance and best-practice assessments, security training, and others. IP litigation support includes experienced consulting and testifying subject matter experts skilled in source code review, systems analysis, compliance and best-practice assessments, prior art search and analysis, application of industry standards and best practices, etc. Research initiatives include P2PCD (a security certificate distribution protocol for vehicle-to-vehicle communication), CryptoDoneRight (a

cryptographic knowledgebase focused on practical cryptography and best practices), Network Security Playground (an instructional framework for teaching network security fundamentals), and privacy-preserving contact tracing for COVID-19 (and future pandemics).

**Founder, Managing Partner** (February 2020 – Present)
*Dryden Technology Group* (drydentechgroup.com), Draper, Utah

Dryden Technology Group is a boutique consulting firm providing support for intellectual property litigation (particularly trade secret, copyright infringement, contract dispute, and patent infringement cases) in the areas of software, source code, and related technologies. Dryden also provides a range of consulting services within the software industry, including in the areas of software development, software engineering, artificial intelligence, machine learning, data analytics, e-commerce, mobile application development, networking, web technologies, and others. Dryden works in partnership with other consulting firms to provide an expanded network of resources to its clients, including access to subject matter experts in a wide array of technologies from computer security to wireless data communications and more.

*Selected Industry Engagements:*

**Data Scientist & Systems Architect** (January 2021 – Present)
*Kids On The Move* (kotm.org), Orem, Utah

Kids On The Move (KOTM) is a non-profit serving children and families across Utah and Utah County – a region with a rapidly growing population (expected to double over the next 20-30 years). With client loads and waitlists increasing by double-digit percentages year over year, KTOM is overhauling its infrastructure for growth. I advise the initiative to build out KOTM's business intelligence and monitoring (data, systems, compliance, etc.) infrastructures – including advising the selection of tools and technologies, advising on the design of the system architecture, and helping develop key metrics, dashboards, and indicators. This multi-year initiative spans the organization as a whole, addressing each of KOTM's programs and serving all levels of relevant stakeholders from staff to directors, external partners, and donors and funding agencies.

**Program Manager & Software Architect** (January 2020 – Present)
*Equity Values Foundation*, Alpine, Utah

Manage software development for iOS/Android application software. Also manage strategic partnerships, as well as financial and other concerns related to software offerings.

**Co-Founder, Managing Partner** (August 2019 – Present)
*Source Code Discovery* (sourcecodediscovery.com), Austin, Texas

Source Code Discovery (SCD) is a consulting firm specializing in the review and analysis of software systems and source code for intellectual property litigation, mergers and acquisitions, and various cyber-security needs. SCD's services include extensive technical subject matter expertise in software development, software engineering, artificial intelligence, machine learning, data analytics, cyber-security, cryptography, e-commerce, wireless data communications, networking, embedded systems, web technologies, and others. SCD's experts have performed code reviews on every major operating system platform of the past 25 years and are knowledgeable in a vast array of programming languages and software frameworks. SCD's experts also have extensive experience testifying and consulting in complex intellectual property litigation.

**Chair, Board of Directors** (January 2021 – Present)
**Member, Board of Directors** (June 2016 – Present)
*Kids On The Move* (kotm.org), Orem, Utah

Advise on technology issues, provide software development services, and assist the organization and C-suite in meeting KOTM's mission, including overseeing administration of programs, finances and fundraising, strategic direction and planning. For example, managed the transition and enhancement of the volunteer portal from

Friday's Kids Respite (see below) to KOTM. Serve on the executive committee, direct board business, represent KOTM and the board externally.

*Positions:* Member of the Board (June 2016 − Present), Chair-elect (July 2020 − December 2020), Member of the Executive Committee (July 2020 − Present), Board Chair (January 2021 − Present).

KOTM is a Utah-based nonprofit focused on serving children and families. Mission: Empowering families, one kid at a time, by supporting the development of children and families. Services: Early Head Start, Early Intervention, Autism Center, Child Care Center, Respite Care, Child & Family Mental Health.

**Member, Board of Directors** (August 2015 − Present)
*Kinpoint* (kinpoint.com), Alpine, Utah

Kinpoint is a genealogy software company that began in 2007 as a student project in the Computer Science Department at Brigham Young University (originally dubbed "The 20-Minute Genealogist"). After a five-year incubation on campus, Kinpoint launched as a corporation in late 2012. Kinpoint's mission is to engage the 90% who care about family history, yet (because it's too hard or otherwise inaccessible) spend little or no time actually doing it. Kinpoint is committed to delivering a meaningful family history experience in as little as 60 seconds. In February 2017, Kinpoint released the Take a Name® app which reached 500,000 installs in its first 24 months.

## Professional Experience

**Partner, Consulting and Testifying Expert** (January 2013 − January 2022)
*Ironwood Experts* (ironwoodexperts.com), Alpine, Utah

Ironwood Experts was a consulting firm providing support for software IP litigation (especially patent and trade secret cases), as well as software process consulting and training. We provided expert services to some of the world's leading technology companies including Apple, Google, Microsoft, Amazon, Comcast, Toyota, Cisco, Barnes and Noble, Expedia, Vizio and others. We provided expert witness services, as well as technical support including prior art search, claim charts, source code analysis, and technical document review. We served on cases in district courts, the International Trade Commission, the Federal Trade Commission, and USPTO reexaminations. Ironwood Experts also provided software engineering consulting and training particularly focused on software process, software product quality, user interface and product design, and Amazon Web Services. Ironwood Experts also provided custom software testing services. Positions: Consulting Expert (Jan 2013 − Jan 2022), Partner (Jul 2014 − Jan 2022), Testifying Expert (Jan 2015 − Jan 2022), Managing Partner (Mar 2016 − Aug 2017).

*Selected Industry Engagements:*

**AWS/Cloud & Systems Architect** (May 2018 − November 2018)
*Sound Concepts* (now *Verb Technology*) (verb.tech), American Fork, Utah

Mature software company (offering tools for CRM, lead generation, and video marketing) needing specialized assistance with cloud architecture. I reduced their monthly AWS costs by 25% through infrastructure tuning and pruning. Also worked on a project to enhance and scale out their systems to handle significantly larger loads.

**Software Process Advisor & Virtual CTO** (October 2018 − July 2019)
*Quintric* (quintric.com), Alpine, Utah

Startup in the area of finance promoting a "real-time institutional grade cryptocurrency and legal tender backed by gold and silver" − that did not realize it was also a software company. I trained management on software process and foundational technology concerns, as well as provided user interface and product design consulting.

*Kinpoint* ([kinpoint.com](kinpoint.com)), Alpine, Utah

See board position above for description of Kinpoint.

**President, CTO** (January 2018 – January 2019)

Led the development of the Take a Name® app (including iOS and Android platforms, UI design, and backend architecture), which released in February 2017, reaching 500,000 installs in the first 24 months. Guided the software and systems architecture for Take a Name, including managed Kinpoint's AWS infrastructure and actively developed both front-end and back-end systems as needed (Java, JavaScript, Objective-C, etc.). Managed strategic partnerships, including with FamilySearch. Oversaw finances, hiring, and other business needs. Co-designed the product and managed quality assurance during development.

**President, CEO** (March 2016 – January 2018)

Brought in as part of a process to recycle the corporate DNA and to reboot on a new product (Take a Name). Enlisted to drive quality home, to ensure scalable architectures, and to act as a bridge between founder/vision/strategy and implementation. See above description for additional detail.

**Inventor** (2008 – 2016)

Patent: Genealogy Context Preservation. Issued May 28, 2013. US 8,452,805, see below.

Helped develop the early technology from 2008 to 2012. Tacitly involved at incorporation and from 2012-2016.

**Adjunct Professor** (December 2014 – May 2017)
*Brigham Young University, Computer Science Department* ([cs.byu.edu](cs.byu.edu)), Provo, Utah

Taught CS 428, Software Engineering. The course teaches students to apply software engineering principles pertaining to product life cycles, requirements, analysis, specification, design, coding, testing, project management, quality assurance, and configuration management.

**Member, Board of Directors** (August 2013 – June 2016)
*Friday's Kids Respite* ([fridayskids.org](fridayskids.org)), Orem, Utah

Advised on technology issues, provided software development services, and participated in oversight of program administration, finances, and planning. Managed the online presence and technical infrastructure, including overseeing development/maintenance of the organization's website and internal business tools. Integrated the organization's PHP-based volunteer portal (which I previously built for them in 2007 – HTML/CSS/JavaScript frontend, MySQL/PHP backend) into a WordPress-templated architecture.

Friday's Kids Respite was a non-profit aimed at strengthening families of children with special needs by providing quality respite care. In June 2016, Friday's Kids Respite joined with Kids On The Move, a larger non-profit serving children and families (see above).

**Adjunct Researcher** (January 2014 – May 2016)
**Research Scientist** (September 2008 – December 2014)
*Brigham Young University, SEQuOIA Lab* ([sequoia.cs.byu.edu](sequoia.cs.byu.edu)), Provo, Utah

Research topics: the philosophy, methods, and challenges of replication in empirical software engineering research; the effects of language fragmentation (working concurrently across multiple programming languages) on developer productivity; coordination and collaboration concerns for stakeholders in large software project ecosystems; open source development processes (both in isolation and in comparison to proprietary development). Founded and organized IEEE's RESER workshop on Replication in Empirical Software Engineering Research.

**Co-Founder, Managing Partner** (July 2015 – April 2016)

*Ironwood Quality Experts* (*Ironwood QX*), Alpine, Utah

Provided software engineering consulting focused on software process and software product quality, as well as custom software testing services.

**Web Developer** (October 2007 – August 2013)
*Friday's Kids Respite* (fridayskids.org), Orem, Utah

Designed and implemented the Friday's Kids website and volunteer portal (PHP/JavaScript/HTML/MySQL framework). The website and portal supported client engagement and volunteer signup/participation, including providing user accounts, Wordpress-like dynamic webpage creation/editing via graphical interfaces, management of volunteer dates/times/schedules, automated email correspondence, and statistical reporting. Frontend implemented in HTML/CSS/JavaScript; backend in PHP; MySQL database; MVC architecture.

Friday's Kids Respite was a non-profit aimed at strengthening families of children with special needs by providing quality respite care. In June 2016, Friday's Kids Respite joined with Kids On The Move, a larger non-profit serving children and families (see above).

**Instructor** (June 2012 – August 2012)
*Brigham Young University, Computer Science Department* (cs.byu.edu), Provo, Utah

Taught CS 142, Introduction to Programming. The course introduces students to programming fundamentals in the C++ language.

**Research Scientist (Intern)** (July 2010 – October 2010)
*IBM T.J. Watson Research Center, Governance Science Research Group* (www.research.ibm.com/labs/watson), Hawthorne, New York

Software process governance. Interviewed software project stakeholders across IBM to identify coordination and collaboration concerns that threaten large software production environments. As a grounded theory study, the work informed initial hypotheses for process improvement. Further studied the problem of private information—referring to Friedrich Hayek's work, *The Use of Knowledge in Society*, 1945—as well as the potential applicability of principles from *The Wisdom of Crowds* (Surowiecki, 2005) and prediction markets to the management of private information within software production organizations.

**Software and Solutions Engineer** (April 2007 – August 2008)
*Brigham Young University, Office of Information Technology* (it.byu.edu), Provo, Utah

Developed technical solutions and software applications to enable internal business processes. Responsibilities included: software developer, project manager, team director, customer interface, requirements elicitation and definition. Emphasis on integrating business processes across the organization.

**Research Assistant** (January 2007 – December 2007)
*Brigham Young University, Computational Science Laboratory* (csl.cs.byu.edu), Provo, Utah

Bioinformatics research, Phylogenetic Search Open-source Data Analysis (PSODA). Designed and implemented an interpreted language (PsodaScript) for the specification and execution of phylogenetic search and alignment algorithms. PsodaScript extends the NEXUS format; designed to be a competitive, open source alternative to PAUP*, the current industry standard. PsodaScript is backwards compatible with PAUP*, but adds advanced language constructs—e.g., looping structures, conditionals, functions, etc. Used Flex/Bison (in C++) to implement the PsodaScript grammar. Upon execution, the PsodaScript interpreter constructs a call (or object) graph; the graph structure represents the flow logic, nodes represent program constructs.

**Systems Management Engineer** (February 2006 – April 2007)
*Brigham Young University, Office of Information Technology* (it.byu.edu), Provo, Utah

Maintained the university's network-monitoring framework. Developed plugins for and installed/maintained enterprise network-monitoring systems, such as ManagedObject, Nagios (open source), and Fruity (open source). Implemented enhancements and customizations for Nagios and Fruity. Nagios is an industry standard infrastructure-monitoring application; Fruity is a web-based configuration tool for the Nagios system. Of note: enhanced Fruity to support a distributed Nagios architecture; developed custom monitoring solutions for various technologies, including the campus emergency phone system and various web applications and server platforms.

**Missionary, Ukraine** (October 2002 – November 2004)
*The Church of Jesus Christ of Latter-day Saints* (lds.org), Kiev/Odessa, Ukraine

Taught the gospel of Jesus Christ in the Russian language. Taught English classes and rendered other service. Missions for the Church are full time, unpaid.

# Academic Service

**Program Advisory Committee** (January 2020 – January 2021)
Stevens-Henager College, School of Technology (stevenshenager.edu/technology), Orem, UT

Advised faculty on industry needs and recommendations for curriculum.

**Co-Founder/Organizer**

*2013 IEEE International Workshop on Replication in Empirical Software Engineering Research* (RESER 2013), co-located with the *International Symposium on Empirical Software Engineering and Measurement* (ESEM 2013, Baltimore, Maryland, USA).

*2011 IEEE International Workshop on Replication in Empirical Software Engineering Research* (RESER 2011), co-located with the *International Symposium on Empirical Software Engineering and Measurement* (ESEM 2011, Banff, Alberta, Canada).

*2010 IEEE International Workshop on Replication in Empirical Software Engineering Research* (RESER 2010), co-located with the *International Conference on Software Engineering* (ICSE 2010, Cape Town, South Africa).

**Committee Chair Positions**
IEEE International Workshop on Replication in Empirical Software Engineering Research (RESER 2013)
IEEE International Workshop on Replication in Empirical Software Engineering Research (RESER 2011)
IEEE International Workshop on Replication in Empirical Software Engineering Research (RESER 2010)

**Reviewer/Program Committee**
IEEE Transactions on Software Engineering (TSE), 2012–2018
Empirical Software Engineering: An International Journal (EMSE), 2012–2018
EMSE Special Issue on Experimental Replications, 2012, 2013
Working Conference on Mining Software Repositories (MSR), Data Track, 2013, 2016

**External Reviewer**
International Conference on Evaluation and Assessment in Software Engineering (EASE), 2013
IEEE Transactions on Software Engineering (TSE), 2010–2012
International Conference on Open Source Systems (OSS), 2011–2012
Journal of Information and Software Technology (IST), 2011
Psychology of Programming Interest Group Conference (PPIG), 2009–2011

# Publications

(Electronic copies of papers available upon request.)

## Peer-Reviewed Journals

1. **Jonathan L. Krein**, Lutz Prechelt, Natalia Juristo, Kevin Seppi, Aziz Nanthaamornphong, Jeffrey C. Carver, Sira Vegas, and Charles D. Knutson. A Method for Generalizing across Contexts in Software Engineering Experiments. Under review.

2. **Jonathan L. Krein**, Lutz Prechelt, Natalia Juristo, Aziz Nanthaamornphong, Jeffrey C. Carver, Sira Vegas, Charles D. Knutson, Kevin D. Seppi, and Dennis L. Eggett. A Multi-Site Joint Replication of a Design Patterns Experiment using Moderator Variables to Generalize across Contexts. *IEEE Transactions on Software Engineering*, vol. 42, no. 4, pp. 302–321, 2016.

3. **Jonathan L. Krein**, Alexander C. MacLean, Charles D. Knutson, Daniel P. Delorey, and Dennis L. Eggett. Impact of Programming Language Fragmentation on Developer Productivity: A SourceForge Empirical Study. *International Journal of Open Source Software and Processes*, vol. 2, no. 2, pp. 41–61, 2010.

4. Hyrum D. Carroll, Adam R. Teichert, **Jonathan L. Krein**, Kenneth Sundberg, Quinn O. Snell, and Mark J. Clement. An Open Source Phylogenetic Search and Alignment Package. *International Journal of Bioinformatics Research and Applications*, vol. 5, no. 3, pp. 349–364, 2009.

## Peer-Reviewed Conferences

5. Devin Robert Wright, Tim Severance, Charles D. Knutson, **Jonathan L. Krein**, Tyler D. Buchanan. An Autonomous Discord Bot to Improve Online Course Experience and Engagement: Lessons Learned Amid the COVID-19 Pandemic. *Proceedings of the IEEE Conference on Software Engineering Education and Training*, Maui, Hawaii, January 4-7, 2022.

6. (Awarded Best Paper) Brandon Foushee, **Jonathan L. Krein**, Justin Wu, Randy Buck, Charles D. Knutson, Landon J. Pratt, and Alexander C. MacLean. Reflexivity, Raymond, and the Success of Open Source Software Development: A SourceForge Empirical Study. In *Proceedings of the International Conference on Evaluation and Assessment in Software Engineering*, pp. 246–251, Porto de Galinhas, Brazil, 2013.

7. Quinn C. Taylor, **Jonathan L. Krein**, Alexander C. MacLean, and Charles D. Knutson. An Analysis of Author Contribution Patterns in Eclipse Foundation Project Source Code. In *Proceedings of the International Conference on Open Source Systems*, pp. 269–281, Salvador, Brazil, 2011.

8. **Jonathan L. Krein**, Patrick Wagstrom, Stanley M. Sutton Jr., Clay Williams, Charles D. Knutson. The Problem of Private Information in Large Software Organizations. In *Proceedings of the International Conference on Software and Systems Process*, pp. 218–222, Honolulu, Hawaii, USA, 2011.

9. Jason R. Casebolt, **Jonathan L. Krein**, Alexander C. MacLean, Charles D. Knutson, and Daniel P. Delorey. Author Entropy vs. File Size in the GNOME Suite of Applications. In *Proceedings of the International Working Conference on Mining Software Repositories*, pp. 91–94, Vancouver, Canada, 2009.

10. **Jonathan L. Krein**, Adam R. Teichert, Hyrum D. Carroll, Mark J. Clement, and Quinn O. Snell. PsodaScript: Applying Advanced Language Constructs to Open-source Phylogenetic Search. In *Proceedings of the Biotechnology and Bioinformatics Symposium*, pp. 89–94, Boulder, Colorado, USA, 2007.

## Peer-Reviewed Workshops

11. Kyle L. Blatter, T.J. Gedhill, **Jonathan L. Krein**, and Charles D. Knutson. Impact of Communication Structure on System Design: Towards a Controlled Test of Conway's Law. In *Proceedings of the International Workshop on Replication in Empirical Software Engineering Research*, pp. 25–33, Baltimore, Maryland, USA, 2013.

12. Sabrina E. Bailey, Sneha S. Godbole, Charles D. Knutson, and **Jonathan L. Krein**. A Decade of Conway's Law: A Literature Review from 2003–2012. In *Proceedings of the International Workshop on Replication in Empirical Software Engineering Research*, pp. 1–14, Baltimore, Maryland, USA, 2013.

13. **Jonathan L. Krein**, Landon J. Pratt, Alan B. Swenson, Alexander C. MacLean, Charles D. Knutson, and Dennis L. Eggett. Design Patterns in Software Maintenance: An Experiment Replication at Brigham Young University. In *Proceedings of the International Workshop on Replication in Empirical Software Engineering Research*, pp. 25–34, Banff, Alberta, Canada, 2011.

14. Scott H. Burton, Paul M. Bodily, Richard G. Morris, Charles D. Knutson, and **Jonathan L. Krein**. Design Team Perception of Development Team Composition: Implications for Conway's Law. In *Proceedings of the International Workshop on Replication in Empirical Software Engineering Research*, pp. 52–60, Banff, Alberta, Canada, 2011.

15. **Jonathan L. Krein** and Charles D. Knutson. A Case for Replication: Synthesizing Research Methodologies in Software Engineering. In *Proceedings of the International Workshop on Replication in Empirical Software Engineering Research,* Cape Town, South Africa, 2010.

16. Alexander C. MacLean, Landon J. Pratt, **Jonathan L. Krein**, and Charles D. Knutson. Threats to Validity in Analysis of Language Fragmentation on SourceForge Data. In *Proceedings of the International Workshop on Replication in Empirical Software Engineering Research*, Cape Town, South Africa, 2010.

17. Alexander C. MacLean, Landon J. Pratt, **Jonathan L. Krein**, and Charles D. Knutson. Trends that Affect Temporal Analysis Using SourceForge Data. In *Proceedings of the International Workshop on Public Data about Software Development*, South Bend, Indiana, USA, 2010.

18. **Jonathan L. Krein**, Alexander C. MacLean, Daniel P. Delorey, Charles D. Knutson, and Dennis L. Eggett. Language Entropy: A Metric for Characterization of Author Programming Language Distribution. In *Proceedings of the International Workshop on Public Data about Software Development*, Skovde, Sweden, 2009.

19. Charles D. Knutson and **Jonathan L. Krein**. The 20-Minute Genealogist: A Context-Preservation Metaphor for Assisted Family History Research. In *Proceedings of the Workshop on Technology for Family History and Genealogical Research*, Provo, Utah, USA, 2009.

## Thesis and Dissertation

20. **Jonathan L. Krein**, *Replication and Knowledge Production in Empirical Software Engineering Research*. Doctoral Dissertation, Brigham Young University, 2014.

21. **Jonathan L. Krein**. *Programming Language Fragmentation and Developer Productivity: An Empirical Study*. Master's Thesis, Brigham Young University, 2011.

## Trade Journals

22. **Jonathan L. Krein**. RAM Nagios vs. HD Nagios: Performance Evaluation. *Sys Admin, the journal for UNIX and Linux systems administrators*, vol. 16, no. 3, pp. 32–34, 2007.

23. **Jonathan L. Krein**. Nagios and Fruity: What is Their Monitoring Potential for Your Network? *Sys Admin, the journal for UNIX and Linux systems administrators*, vol. 16, no. 1, pp. 12–16, 2007.

## Patents

24. United States Patent No. 8,452,805. Charles D. Knutson, **Jonathan L. Krein**, Daniel Zappala, and Daniel P. Delorey. *Genealogy Context Preservation*. Issued: May 28, 2013.

## Other Publications

25. **Jonathan L. Krein**, Charles D. Knutson, and Christian Bird. Report from the 3rd International Workshop on Replication in Empirical Software Engineering Research (RESER 2013). *SIGSOFT Software Engineering Notes*, vol. 39, no. 1, pp. 31–35, 2014.

26. **Jonathan L. Krein**, Charles D. Knutson, Lutz Prechelt, and Christian Bird. Message from the RESER 2013 Workshop Chairs. In *Proceedings of the International Symposium on Empirical Software Engineering and Measurement*, p. 395, Baltimore, Maryland, USA, 2013.

27. **Jonathan L. Krein**, Charles D. Knutson, Lutz Prechelt, and Natalia Juristo. Report from the 2nd International Workshop on Replication in Empirical Software Engineering Research (RESER 2011). *SIGSOFT Software Engineering Notes*, vol. 37, no. 1, pp. 27–30, 2012.

28. Charles D. Knutson, **Jonathan L. Krein**, Lutz Prechelt, and Natalia Juristo. Report from the 1st International Workshop on Replication in Empirical Software Engineering Research (RESER 2010). *SIGSOFT Software Engineering Notes*, vol. 35, no. 5, pp. 42–44, 2010.

29. Charles D. Knutson, **Jonathan L. Krein**, Lutz Prechelt, and Natalia Juristo. 1st International Workshop on Replication in Empirical Software Engineering Research (RESER). In *Proceedings of the International Conference on Software Engineering*, pp. 461–462, Cape Town, South Africa, 2010.

30. Charles D. Knutson and **Jonathan L. Krein**. The 20-Minute Genealogist: Validating a Research Metaphor. Poster in *BYU Studies 50th Anniversary Symposium*, Provo, Utah, USA, 2010.

# Honors and Awards

- Recipient:
    - Graduate Research Fellowship Award, Brigham Young University, 2010
    - Karl G. Maeser Scholarship, full tuition and books, Brigham Young University, 2007
    - Brigham Young Scholarship, full tuition, Brigham Young University, 2005–2006, 2008
    - Palmetto Fellows Scholarship, full tuition, Clemson University, 2001–2002
- Graduated Summa cum Laude, B.S. in Computer Science, Brigham Young University, 2008
- Dean's List all years, Clemson University and Brigham Young University
- Honor Society of Phi Kappa Phi, Brigham Young University chapter, invited

# Memberships

- Institute of Electrical and Electronics Engineers (IEEE)
- Association for Computing Machinery (ACM)

## Miscellaneous

- **Citizenship:** United States of America.

- **Spoken languages:** Native English, Russian (lived two years in Ukraine, 2002–2004).

- **Programming languages, frameworks, tools, etc.:** Java, C/C++, Objective-C, C#, PHP, Python, Perl, JavaScript, CSS, HTML/HTML5, COBOL, R, SAS, Node.js, MySQL, PostgreSQL, iOS, Android, Unix, Linux, macOS, Windows, AWS, Apache (HTTP Server), Maven, Make, Oracle, Flex/Bison, Hibernate, Tapestry, JSP, JSF, Angular, Ruby, Scheme, JBoss, LaTeX, etc.

- **Statistical methods/tools:** Linear mixed models, Bayesian inference, SAS, R, etc.

- **Empirical research methods:** Grounded theory, ethnographic research, surveys and interviews, human subjects research, study design, IRB processes, subject recruitment, data cleaning/analysis, etc.

- **Data science:** Machine learning, data mining, social network analysis.

- **Other methods:** research in open-source software, analysis of software repositories, source code analysis.

## Relevant Litigation Experience (deposition/trial testimony, last 4 years)

- 1-800-Registry, LLC, et al. v. Teamvvork, LLC et al., Case No. A-17-763044-B, District Court, Clark County, Nevada, Filed: October 13, 2017.

- Quid, Inc. v. Sean Gourley, Case/Ref No. 1210036447, JAMS Arbitration, San Francisco, California, Filed: May 13, 2019.

- Impact Engine, Inc. v. Google LLC, Case No. 3:19-cv-01301-CAB-BGS, District Court, Southern District of California, Filed: July 15, 2019.

- MGMTL, LLC v. Strategic Technology Institute, Inc., Case No. 2:20-cv-02138, District Court, Eastern District of Louisiana, Filed: July 28, 2020.

- Marquette University, v. Kuali, Inc., Case No. 2:20-CV-954-WED, District Court, Eastern District of Wisconsin, Filed: June 25, 2020.

- AutoStore Technology AS and AutoStore AS v. Ocado Group PLC et al., Investigation No. 337-TA-1228, United States International Trade Commission, Washington, D.C., Filed: October 1, 2020.

- Mobile Equity Corp. v. Walmart Inc., Case No. 2:21-cv-00126-JRG-RSP, District Court, Eastern District of Texas, Filed: April 7, 2021.

# APPENDIX B

## <u>MATERIALS CONSIDERED IN EXPERT REPORT OF JONATHAN L. KREIN, PH.D</u>

In addition to the materials cited within and attached to my foregoing report and in my Opening Report, I was provided with the below materials for review:

### <u>WRITTEN DISCOVERY</u>

- 2/22/2022 Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only)

- 3/23/2022 Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc's Interrogatory No. 1

- 4/6/2022 Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre Gmbh and West Publishing Corporation's Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s First Set of Requests for Admission (Nos. 1-129)

### <u>DEPOSITIONS</u>

- 3/17/2022 Deposition of Tomas van der Heijden and exhibits thereto

- 3/22/2022 Deposition of Erik Lindberg and exhibits thereto

- 3/25/2022 Deposition of Andrew Martens and exhibits thereto

- 3/30/2022 Deposition of Andrew Arruda and exhibits thereto

- 3/30/2022 Deposition of Laurie Oliver and exhibits thereto

- 4/8/2022 Deposition of Khalid Al-Kofahi and exhibits thereto

- 4/12/2022 Deposition of Jimoh Ovbiagele and exhibits thereto

- 4/18/2022 Deposition of Thomas Hamilton and exhibits thereto

- 4/18/2022 Deposition of Teri Whitehead and exhibits thereto

- 5/12/2022 Deposition of Christopher Cahn and exhibits thereto

- 5/26/2022 Deposition of Tariq Hafeez and exhibits thereto

- 7/1/2022 Deposition of Isabelle Moulinier and exhibits thereto

## PRODUCTION DOCUMENTS

| | |
|---|---|
| LEGALEASE-00056843 | ROSS-003297293 |
| LEGALEASE-00068628 | ROSS-003334354 |
| LEGALEASE-00078065 | ROSS-003362818 |
| LEGALEASE-00093066 | ROSS-003389728 |
| LEGALEASE-00108391 | ROSS-003390233 |
| LEGALEASE-00115007 | ROSS-003390563 |
| LEGALEASE-00171828 | ROSS-003390772 |
| MORAE_00002386 | ROSS-003390773 |
| MORAE_00003801 | ROSS-003390881 |
| MORAE_00005079 | ROSS-003391075 |
| MORAE_00011129 | ROSS-003391076 |
| MORAE_00012592 | ROSS-003419784 |
| MORAE_00013863 | ROSS-003483172 |
| MORAE_00014068 | ROSS-003484901 |
| MORAE_00015344 | ROSS-003487472 |
| MORAE_00024103 | ROSS-003501339 |
| MORAE_00029239 | ROSS-003610162 |
| MORAE_00030512 | ROSS-003658597 |
| MORAE_00043660 | ROSS-003704423 |
| MORAE_00045427 | ROSS-009545896 |
| MORAE_00092628 | ROSS-009558441 |
| MORAE_00092629 | ROSS-009558474 |
| R-LEGALEASE-00048728 | ROSS-009637399 |
| R-LEGALEASE-00048772 | ROSS-009637509 |
| R-LEGALEASE-00050718 | ROSS-010128683 |
| R-LEGALEASE-00101636 | ROSS-010164290 |
| R-LEGALEASE-00189134 | ROSS-010164415 |
| ROSS-000054844 | ROSS-010361787 |
| ROSS-000136374 | ROSS-023018233 |
| ROSS-000155730 | ROSS-023032254 |
| ROSS-000175054 | TR-0000587 |
| ROSS-000177723 | TR-0001142 |
| ROSS-000204366 | TR-0001154 |
| ROSS-000241438 | TR-0002779 |
| ROSS-000247119 | TR-0002812 |
| ROSS-000304769 | TR-0002842 |
| ROSS-000304771 | TR-0002864 |
| ROSS-003277880 | TR-0003138–TR-0033981 |
| ROSS-003280067 | TR-0003743 |
| ROSS-003280375 | TR-0030796 |
| ROSS-003280407 | TR-0033982 |
| ROSS-003282142 | TR-0033986 |
| ROSS-003284576 | TR-0033990 |

| | |
|---|---|
| TR-0033994 | TR-0034180 |
| TR-0033999 | TR-0034184 |
| TR-0034003 | TR-0034188 |
| TR-0034008 | TR-0034192 |
| TR-0034012 | TR-0034196 |
| TR-0034016 | TR-0034200 |
| TR-0034020 | TR-0034204 |
| TR-0034024 | TR-0034208 |
| TR-0034028 | TR-0034212 |
| TR-0034032 | TR-0034216 |
| TR-0034036 | TR-0034220 |
| TR-0034040 | TR-0034224 |
| TR-0034044 | TR-0034228 |
| TR-0034048 | TR-0034231 |
| TR-0034052 | TR-0034234 |
| TR-0034056 | TR-0034237 |
| TR-0034060 | TR-0034240 |
| TR-0034064 | TR-0034243 |
| TR-0034068 | TR-0034246 |
| TR-0034072 | TR-0034249 |
| TR-0034076 | TR-0034252 |
| TR-0034080 | TR-0034255 |
| TR-0034084 | TR-0034258 |
| TR-0034088 | TR-0034261 |
| TR-0034092 | TR-0034264 |
| TR-0034096 | TR-0034267 |
| TR-0034100 | TR-0034270 |
| TR-0034104 | TR-0034273 |
| TR-0034108 | TR-0034276 |
| TR-0034112 | TR-0034279 |
| TR-0034116 | TR-0034282 |
| TR-0034120 | TR-0034285 |
| TR-0034124 | TR-0034288 |
| TR-0034128 | TR-0034291 |
| TR-0034132 | TR-0034294 |
| TR-0034136 | TR-0034297 |
| TR-0034140 | TR-0034300 |
| TR-0034144 | TR-0034303 |
| TR-0034148 | TR-0034306 |
| TR-0034152 | TR-0034309 |
| TR-0034156 | TR-0034312 |
| TR-0034160 | TR-0034315 |
| TR-0034164 | TR-0034318 |
| TR-0034168 | TR-0034321 |
| TR-0034172 | TR-0034324 |
| TR-0034176 | TR-0034327 |

| | |
|---|---|
| TR-0034330 | TR-0034479 |
| TR-0034333 | TR-0034482 |
| TR-0034336 | TR-0034486 |
| TR-0034339 | TR-0034490 |
| TR-0034342 | TR-0034494 |
| TR-0034345 | TR-0034498 |
| TR-0034348 | TR-0034502 |
| TR-0034351 | TR-0034505 |
| TR-0034354 | TR-0034509 |
| TR-0034357 | TR-0034513 |
| TR-0034360 | TR-0034517 |
| TR-0034363 | TR-0034521 |
| TR-0034366 | TR-0034525 |
| TR-0034369 | TR-0034529 |
| TR-0034372 | TR-0034533 |
| TR-0034375 | TR-0034537 |
| TR-0034378 | TR-0034541 |
| TR-0034381 | TR-0034545 |
| TR-0034384 | TR-0034549 |
| TR-0034387 | TR-0034553 |
| TR-0034391 | TR-0034557 |
| TR-0034394 | TR-0035897 |
| TR-0034398 | TR-0036336 |
| TR-0034402 | TR-0037669 |
| TR-0034405 | TR-0037677 |
| TR-0034408 | TR-0038891 |
| TR-0034411 | TR-0039933 |
| TR-0034414 | TR-0048632 |
| TR-0034418 | TR-0073545 |
| TR-0034421 | TR-0179830 |
| TR-0034424 | TR-0179838 |
| TR-0034427 | TR-0179847 |
| TR-0034430 | TR-0358927 |
| TR-0034433 | TR-0358967 |
| TR-0034436 | TR-0359181 |
| TR-0034440 | TR-0359202 |
| TR-0034443 | TR-0359401 |
| TR-0034447 | TR-0359503 |
| TR-0034451 | TR-0359564 |
| TR-0034455 | TR-0359959 |
| TR-0034459 | TR-0432528 |
| TR-0034463 | TR-0586032 |
| TR-0034467 | TR-0825991 |
| TR-0034471 | TR-0884952 |
| TR-0034475 | |

## CASE LAW

- 17 U.S.C. § 102(a)

- 17 U.S.C. § 107

- *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197 (3d Cir. 2002).

- *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340 (1991).

- *Tanksley v. Daniels*, 902 F.3d. 165 (3d Cir. 2018).

- *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376 (3d Cir. 2016).

- *Metro Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd*, 545 U.S. 913 (2005)

- *Arista Recs., LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010)

- *In re: Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003)

- *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011)

- *Square Ring, Inc. v. Doe-1*, No. CV 09-563 (GMS), 2015 WL 307840 (D. Del. Jan. 23, 2015)

- *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985).

- *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295 (3d Cir. 2011).

- *Kallok v. Medtronic, Inc.*, 573 N.W.2d 356 (Minn. 1998).

- *Sebastian Int'l, Inc. v. Russolillo*, 162 F. Supp. 2d 1198 (C.D. Cal. 2001).

## ARTICLES AND WEBSITES

- *Introducing the Open Images Dataset*, Google AI Blog, Ivan Krasin and Tom Duerig, September 30, 2016, https://ai.googleblog.com/2016/09/introducing-open-images-dataset.html

- *Introducing Westlaw Edge, the Next Generation of Thomson Reuters' Legal Research Service*, Law.com, Ian Lopez, July 12, 2018, https://www.law.com/legaltechnews/2018/07/12/introducing-westlaw-edge-the-next-generation-of-thomson-reuters-legal-research-service/

- *ROSS Supports Boolean Terms and Connectors Searches*, ROSS Intelligence, March 27, 2019, https://blog.rossintelligence.com/post/ross-supports-boolean-terms-and-connectors-searches

- *How is Natural Language Search Changing The Face of Legal Research?*, ROSS Intelligence, Stergios Anastasiadis, April 8, 2019, https://blog.rossintelligence.com/post/how-natural-language-search-changing-face-of-legal-research

- *Getty Images Launches Industry-First Model Release Supporting Data Privacy in Artifical Intelligence And Machine Learning*, Getty Images, March 22, 2022, http://press.gettyimages.com/getty-images-launches-industry-first-model-release-supporting-data-privacy-in-artificial-intelligence-and-machine-learning/

- *Features*, ROSS Intelligence, July 15, 2022, https://www.rossintelligence.com/features

- *Our Company*, ROSS Intelligence, July 15, 2022, https://www.rossintelligence.com/about-us

- *Company History*, Thomson Reuters, July 15, 2022, https://www.thomsonreuters.com/en/about-us/company-history.html

- *WestSearch Plus*, Thomson Reuters, July 15, 2022, https://legal.thomsonreuters.com/en/products/westlaw-edge/westsearch-plus

## MISCELLANEOUS CASE DOCUMENTS

- Complaint, Dkt. 1, dated May 6, 2020

- Exhibit A to Complaint, Dkt. 1-1, dated May 6, 2020

## MISCELLANEOUS DOCUMENTS

- *Copyright Registration for Automated Databses*, Circular 65, Appendix to Report on Legal Protection for Databases

- *Copyright Registration of Computer Programs*, Circular 61, United States Copyright Office (March 2021), https://www.copyright.gov/circs/circ61.pdf

- Thomson Reuters Annual Report 2021

# APPENDIX C

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Warfaa v. Ali, 33 F. Supp. 3d 653 | 221+342 | There are three policies guiding a court's discretion in determining whether the act of state doctrine applies to prevent a federal court from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory: (1) the greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it; (2) the less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches; and (3) the balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. | What are three policies guiding a court's discretion in determining whether the act of state doctrine applies to prevent a federal court from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | 019883.docx | LEGALEASE-00122639-LEGALEASE-00122640 |
| Frederickson v. Alton M. Johnson Co., 390 N.W.2d 786 | 307A+486 | "Prejudice," for purposes of rule providing that trial court may permit withdrawal or amendment of admission where presentation of merits of action will be subserved thereby and party who obtained admission fails to satisfy court that withdrawal or amendment will prejudice him in maintaining his action of defense on the merits, concerns difficulty party may face in proving case because of unexpected and sudden need to obtain evidence required to prove matter that had been previously admitted. 48 M.S.A., Rules Civ.Proc., Rule 36.02. | "Does ""prejudice,"" for purposes of rule providing that trial court may permit withdrawal or amendment of admission where presentation of merits of action will be subserved thereby, concern the difficulty a party may face in proving case because of unexpected and sudden need to obtain evidence required to prove matter that had been previously admitted?" | 028747.docx | LEGALEASE-00134671-LEGALEASE-00134672 |
| Lee v. Pugh, 811 N.E.2d 881 | 307A+583 | Factors to be balanced when determining whether trial court abused its discretion in dismissing case for failure to prosecute include: (1) length of delay, (2) reason for delay, (3) degree of personal responsibility on part of plaintiff, (4) degree to which plaintiff will be charged for acts of his attorney, (5) amount of prejudice to defendant caused by delay, (6) presence or absence of lengthy history of having deliberately proceeded in dilatory fashion, (7) existence and effectiveness of sanctions less drastic than dismissal which fulfill purposes of the rules and desire to avoid court congestion, (8) desirability of deciding case on the merits, and (9) extent to which plaintiff has been stirred into action by threat of dismissal as opposed to diligence on plaintiff's part. Trial Procedure Rule 41(E). | What factors does the court consider in determining whether a trial court abused its discretion in dismissing an action for failure to prosecute? | Pretrial Procedure - Memo # 8038 - C - MS_58393.docx | ROSS-003278611-ROSS-003278613 |
| Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773 | 307A+563 | A sanction of dismissal for fraud on the court may be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing; in other words, the extreme sanction of dismissal should be imposed only where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Does fraud on the court occur where it can be demonstrated clearly and convincingly that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense? | 035393.docx | LEGALEASE-00145565-LEGALEASE-00145567 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Case v. Galesburg Cottage Hosp., 227 Ill. 2d 207 | 307A+560 | Trial court may consider many factors when determining whether to allow or deny motion to dismiss based on plaintiff's failure to exercise reasonable diligence to obtain service on defendant, including, but not limited to: (1) length of time used to obtain service of process; (2) activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on part of defendant of pendency of action as result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant. Sup.Ct.Rules, Rule 103(b) (2006). | Can a trial court consider many factors when determining whether to allow or deny a Rule 103 (b) motion to dismiss based on plaintiff failure to exercise reasonable diligence to obtain service on defendant? | 033747.docx | LEGALEASE-00143584-LEGALEASE-00143585 |
| Humble Oil & Ref. Co. v. Boudoin, 154 So. 2d 239 | 156+1 | Estoppels are generally classified as one of three kinds: (1) "estoppel by record," as for instance where a party files pleadings in a suit, he may be thereafter estopped to assert a contrary position, where opposing litigant has relied on such pleadings to his detriment, (2) "estoppel by deed," as for instance where a vendor warrants full title to vendee, the vendor is estopped to thereafter assert an interest contrary to his warranty, and (3) "estoppel in pais" or "equitable estoppel" is a term applied to a situation where, because of some conduct on his part, a person is denied the right to assert or prove a certain fact, as for instance where a person has done or said something with intent to influence the other, and the other has acted upon faith of it to his detriment, the former is estopped to change his position. | "Is estoppel generally classified as one of three kinds, estoppel by record, estoppel by deed, and estoppel in pais?" | 018008.docx | LEGALEASE-00149025-LEGALEASE-00149026 |
| Taylor v. Jewish Hosp. & St. Mary's Healthcare, 26 F. Supp. 3d 642 | 231H+29 | Under Kentucky law, in determining whether a person is acting as another's agent or independent contractor, the following factors must be considered: (1) the extent of control which, by the agreement, the master may exercise over the details of the work; (2) whether or not the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the person is employed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work is a part of the regular business of the employer; and (9) whether or not the parties believe they are creating the relationship of master and servant. | What are the factors that determine if a person is acting as an agent or independent contractor? | Principal and Agent - Memo 513 - RK_63972.docx | ROSS-003293225-ROSS-003293226 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does a juvenile court make have to make a finding that it would not be in the alien's best interest to return to the alien's previous country of nationality to be eligible for Special Immigrant Juvenile (SIJ) status? | 006775.docx | LEGALEASE-00160320-LEGALEASE-00160321 |
| Camelot Enterprises v. Mitropoulos, 151 Wis. 2d 277 | 275+20 | Court did not abuse its discretion in denying motion for new trial in interest of justice, despite plaintiff's contention that significant aspects of real controversy were not tried due to trial court's refusal to revise its scheduling order to allow plaintiff's substitute counsel to undertake additional discovery and designate experts after plaintiff's original counsel withdrew from case; no showing was made regarding what expert testimony plaintiff would have presented, and thus, trial court could not have determined whether real controversy was or was not tried. W.S.A. 805.15(1). | Will the court abuse its discretion in denying motion for new trial when the plaintiff substituted counsel to undertake additional discovery and designate experts after plaintiff's original counsel withdrew from case? | Pretrial Procedure - Memo # 6123 - C - TM.docx | ROSS-003289774-ROSS-003289775 |
| Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773 | 307A+563 | A sanction of dismissal for fraud on the court may be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing; in other words, the extreme sanction of dismissal should be imposed only where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Does fraud on the court occur where it can be demonstrated clearly and convincingly that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense? | Pretrial Procedure - Memo # 7342 - C - RY.docx | LEGALEASE-00036076-LEGALEASE-00036078 |
| In re Cox Enterprises Set-top Cable Television Box Antitrust Litig., 790 F.3d 1112 | 25T+182(2) | In determining whether party has waived its right to arbitration, court considers: (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps, e.g., taking advantage of judicial discovery procedures not available in arbitration, had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party. | What are the factors the court will consider in determining whether a party has waived its right to arbitration? | 10740.docx | LEGALEASE-00094127-LEGALEASE-00094129 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kelly v. New W. Fed. Sav., 49 Cal. App. 4th 659 | 307A+3 | Motions in limine permit more careful consideration of evidentiary issues than would take place in heat of battle during trial, minimize side-bar conferences and disruptions during trial and allow for uninterrupted flow of evidence, and, by resolving potentially critical issues at outset, enhance efficiency of trials and promote settlements. | "Do motions in limine permit more careful consideration of evidentiary issues than would take place in heat of battle during trial, minimize side-bar conferences and disruptions during trial and allow for uninterrupted flow of evidence, and, by resolving potentially critical issues at outset, enhance efficiency of trials and promote settlements?" | Pretrial Procedure - Memo # 522 - C - CK.docx | ROSS-003316073-ROSS-003316074 |
| Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Are pretrial grants of a motion in limine justified as opposed to a ruling during the trial because the offer or mention of evidence during trial may cause unfair prejudice? | 024373.docx | LEGALEASE-00124440-LEGALEASE-00124441 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does a juvenile court have to make a finding that reunification with one or both of the immigrant's parents is not viabledue to abandonment for a person to be eligible for Special Immigrant Juvenile (SIJ) status? | 006798.docx | LEGALEASE-00160394-LEGALEASE-00160395 |
| Washington Mut. Bank, F.A. v. ShoreBank Corp., 267 Mich. App. 111 | 366+1 | Doctrine of "legal subrogation" rests upon the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect. | "Does the doctrine of ""legal subrogation"" rest upon the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect?" | 044174.docx | LEGALEASE-00121613-LEGALEASE-00121614 |
| BAC Home Loan Servicing, LP v. Bertram, 51 Misc. 3d 770 | 307A+699 | A party in default who opposes a motion for a default judgment may have the default vacated and obtain leave to serve and file a late answer without service of a notice of cross motion seeking leave to extend the time to answer; however, the granting of such relief is dependent upon a demonstration of the elements of a claim for a discretionary vacatur of a default on excusable default grounds, namely, a reasonable excuse for the default and a meritorious defense to the action. McKinney's CPLR 3012(d). | Can a party in default who opposes a motion for a default judgment have the default vacated and obtain leave to serve and file a late answer without service of a notice of cross motion seeking leave to extend the time to answer? | 025484.docx | LEGALEASE-00158574-LEGALEASE-00158575 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does a child have to be declared dependent by a state juvenile court in order to be eligible for Special Immigrant Juvenile (SIJ) status? | "Aliens, Immigration and Citizenship - Memo 102 - RK_64744.docx" | ROSS-003281453-ROSS-003281454 |
| Washington Mut. Bank, F.A. v. ShoreBank Corp., 267 Mich. App. 111 | 366+1 | Doctrine of "legal subrogation" rests upon the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect. | "Does the doctrine of ""legal subrogation"" rest upon the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect?  " | Subrogation - Memo # 803 - RM C.docx | ROSS-003298100-ROSS-003298101 |
| Martinez v. United States, 793 F.3d 533 | 221+364 | The rule of non-inquiry bars courts from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters; this rule has a narrow scope and is typically cited only to bar inquiry into humanitarian concerns or a lack of procedural rights in a foreign criminal justice system. | "Does the rule of non-inquiry bar courts from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters; this rule has a narrow scope and is typically cited only to bar inquiry into humanitarian concerns or a lack of procedural rights in a foreign criminal justice system?" | International Law - Memo # 210 - C - MLS.docx | ROSS-003282946-ROSS-003282948 |
| Miller v. Marina Mercy Hosp., 157 Cal. App. 3d 765 | 307A+483 | Determination of motion for relief from deemed admissions due to failure to respond to request for admissions is within sound discretion of trial court, and court's decision will not be disturbed on appeal without a clear showing of abuse; even if appellate court may have ruled otherwise in first instance, there is no reversal unless, as a matter of law, trial court's decision is not supported by record. West's Ann.Cal.C.C.P. S 473. | "Is the determination of a motion for relief from deemed admissions, under section 473, due to failure to respond to request for admissions within the sound discretion of a trial court, and the court's decision will not be disturbed on appeal without a clear showing of abuse, even if appellate court may have ruled otherwise in first instance?" | Pretrial Procedure - Memo # 4173 - C - SKG.docx | ROSS-003289986-ROSS-003289987 |
| Reverse Mortg. Sols. v. Unknown Heirs, 207 So. 3d 917 | 307A+563 | Before dismissing a case with prejudice based on a party's failure to comply with a court rule or order, the court must consider and make explicit findings on the following factors: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. West's F.S.A. RCP Rule 1.420(b). | What factors should a Court consider before dismissing a case with prejudice based on a party's failure to comply with a court rule or order? | 034461.docx | LEGALEASE-00143800-LEGALEASE-00143801 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Columbia Air Servs. v. Dep't of Transp., 293 Conn. 342 | 307A+685 | If complaint is supplemented by undisputed facts established by affidavits submitted in support of motion to dismiss, trial court, in determining jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume validity of allegations of complaint; rather, those allegations are tempered by light shed on them by supplementary undisputed facts, and if those affidavits or other evidence conclusively establish that jurisdiction is lacking, and plaintiff fails to undermine this conclusion with counteraffidavits or other evidence, trial court may dismiss action without further proceedings, but if, however, defendant submits either no proof to rebut plaintiff's jurisdictional allegations or only evidence that fails to call those allegations into question, plaintiff need not supply counteraffidavits or other evidence to support complaint, but may rest on jurisdictional allegations therein. | "When does a plaintiff need not supply counter-affidavits or other evidence to support the complaint, but can rest on the jurisdictional allegations therein?" | 039405.docx | LEGALEASE-00155006-LEGALEASE-00155007 |
| State v. Taylor, 136 Ohio Misc. 2d 18 | 135H+100.1 | Under common law double jeopardy plea of "autrefois acquit," after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanor, the verdict of acquittal can never afterward, in any form of proceeding, be set aside and a new trial granted, and it matters not whether such verdict be the result of a misdirection of the judge on a question of law, or of a misconception of fact on the part of the jury. | "Under common law double jeopardy plea of ""autrefois acquit,"" after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanour, can the verdict of acquittal never afterward be set aside and a new trial be granted?" | 016269.docx | LEGALEASE-00165593-LEGALEASE-00165594 |
| Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | Under three-factor balancing test to determine whether the act of state doctrine bars suit: (1) the greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it; (2) the less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches; and (3) the balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. | What is the three-factor balancing test to determine whether the act of state doctrine bars suit? | International Law - Memo # 303 - C - ES.docx | ROSS-003296546-ROSS-003296547 |
| Victims of Hungarian Holocaust v. Hungarian State Railways, 798 F. Supp. 2d 934 | 221+342 | In considering the applicability of the act of state doctrine, district court looks at several factors, including the degree of codification or consensus concerning a particular area of international law, and whether the government which perpetrated the challenged act of state is still in existence. Restatement (Third) of Foreign Relations Law of the United States, S 443 comment. | "In considering the applicability of acts of state doctrine to set of claims, will the court looks at several factors, including the degree of codification or consensus concerning a particular area of international law, and whether the government which perpetrated challenged act of state is still in existence?" | International Law - Memo  474 - TH.docx | ROSS-003328988-ROSS-003328990 |
| In re Vitamin C Antitrust Litig., 837 F.3d 175 | 221+162 | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other; it is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws. | "Is comity the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of persons who are under protection of its laws?" | International Law - Memo #1049 ANC.docx | ROSS-003290510-ROSS-003290511 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Milliken & Co. v. Bank of China, 758 F. Supp. 2d 238 | 106+512 | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other; it is a recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. | "Is comity the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws?" | 020761.docx | LEGALEASE-00135834-LEGALEASE-00135835 |
| Alvarado v. Snow White & Seven Dwarfs, 8 So. 3d 388 | 307A+563 | To ensure that the sanction of dismissal is prudently applied, trial courts must first make certain preliminary findings of fact, including: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. | What findings must the trial court address to ensure that the sanction of dismissal is prudently applied? | Pretrial Procedure - Memo # 7334 - C - KBM.docx | LEGALEASE-00036062-LEGALEASE-00036063 |
| Prestenback v. Hearn, 85 So. 3d 256 | 307A+581 | Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay; and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. LSA-C.C.P. art. 561. | "Is the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, a policy consideration for dismissal of abandonment?" | Pretrial Procedure - Memo # 8410 - C - SN_58900.docx | ROSS-003284903-ROSS-003284904 |
| Phillip v. Nat'l Collegiate Athletic Ass'n, 960 F. Supp. 552 | 141E+1224 | The 1996-1997 booklet published by the National Collegiate Athletic Association (NCAA) to provide guidance for college-bound athletes, stating that the NCAA Initial-Eligibility Clearinghouse determines whether a high school course qualifies as a core course for eligibility purposes, could not be applied to student who was a high school senior during the 1995-1996 academic year where he and his guidance counselor relied on rule set forth in 1995-1996 booklet, stating that high school principal decides whether course qualifies, to determine whether courses student had already taken, and those in which he planned to enroll in his final semester, would satisfy the NCAA core course requirements. | Does the National Collegiate Athletic Association have the authority to determine whether courses qualify as core courses for eligibility purposes? | 017329.docx | LEGALEASE-00164381-LEGALEASE-00164382 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Alvarado v. Snow White & Seven Dwarfs, 8 So. 3d 388 | 307A+563 | To ensure that the sanction of dismissal is prudently applied, trial courts must first make certain preliminary findings of fact, including: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. | What findings must the trial court address to ensure that the sanction of dismissal is prudently applied? | 035379.docx | LEGALEASE-00145374-LEGALEASE-00145375 |
| United States v. All Assets Held In Account No. XXXXXXXX, 83 F. Supp. 3d 360 | 221+342 | One of the major concerns underlying the act of state doctrine is the strong sense of the judicial branch that its engagement in the task of passing on the validity of foreign acts of a state may hinder rather than further this country's pursuit of goals both for itself and for the community of nations as a whole in the international sphere. | Is one of the major concerns underlying the act of state doctrine the strong sense of the judicial branch that its engagement in the task of passing on the validity of foreign acts of a state may hinder rather than further this country's pursuit of goals both for itself and for the community of nations as a whole in the international sphere? | 019683.docx | LEGALEASE-00123602-LEGALEASE-00123604 |
| Prestenback v. Hearn, 85 So. 3d 256 | 307A+581 | Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay; and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. LSA-C.C.P. art. 561. | "Is the legislative purpose for a suits dismissal for abandonment which is not intended to be punitive that suits once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription?" | 036676.docx | LEGALEASE-00150137-LEGALEASE-00150138 |
| GMS Mine Repair & Maint. v. Miklos, 798 S.E.2d 833 | 307A+747.1 | The civil procedure rules require active judicial management of a case, and mandate that a trial court shall enter a scheduling order establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case. W. Va. R. Civ. P. 16(b). | "Does the Civil Procedure Rule governing scheduling orders require active judicial management of a case, and mandates that a trial court enter a scheduling order establishing time frames for the joinder of parties?" | 026698.docx | LEGALEASE-00130017-LEGALEASE-00130018 |
| Wilson v. John Crane, 385 Md. 185 | 307A+486 | In reaching any decision regarding withdrawal or amendment of deemed admissions in relation to allegedly inadvertent admissions, it is imperative that courts consider whether the party seeking the withdrawal or amendment has acted with due diligence; courts should seek to ascertain whether the aggrieved party was careless in not timely filing its responses to valid requests for admissions. Md.Rule 2-424(d). | "In reaching any decision regarding withdrawal or amendment of deemed admissions in relation to allegedly inadvertent admissions, is it imperative that courts consider whether the party seeking the withdrawal or amendment has acted with due diligence; courts should seek to ascertain whether the aggrieved party was careless in not timely filing its responses to valid requests for admissions?" | Pretrial Procedure - Memo # 2917 - C - ES.docx | ROSS-003332062-ROSS-003332063 |
| Reeves v. Travelers Ins. Companies, 421 A.2d 47 | 307A+747.1 | In addition to penalizing noncompliance with court order and trying to remedy effect of noncompliance by compensating innocent party for costs incurred thereby or by extracting compliance from recalcitrant party, sanction selected for failure to comply with pretrial order or failure to comply with discovery should also serve as a deterrent to similar conduct by same offender or others. Rules of Civil Procedure, Rules 16(d), 37(b)(2). | "In addition to penalizing noncompliance with court order and trying to remedy effect of noncompliance by compensating innocent party for costs incurred thereby or by extracting compliance from recalcitrant party, should a sanction selected for failure to comply with pretrial order or failure to comply with discovery also serve as a deterrent to similar conduct?" | Pretrial Procedure - Memo # 2118 - C - ES.docx | ROSS-003331602-ROSS-003331603 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Worth v. Comm'r of Transp., 135 Conn. App. 506 | 307A+683 | On a motion to dismiss, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss, other types of undisputed evidence, and/or public records of which judicial notice may be taken, the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint; rather, those allegations are tempered by the light shed on them by the supplementary undisputed facts. | "If the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss, can other types of undisputed evidence and/or public records of which judicial notice be taken?" | 038060.docx | LEGALEASE-00153207-LEGALEASE-00153208 |
| Ham v. Dunmire, 891 So. 2d 492 | 307A+46 | Kozel factors for determining whether dismissal with prejudice is warranted response to attorney's behavior that violates discovery order require trial court to consider: (1) whether attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether attorney has been previously sanctioned; (3) whether client was personally involved in the act of disobedience; (4) whether delay prejudiced opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether attorney offered reasonable justification for noncompliance; and (6) whether delay created significant problems of judicial administration. | What is the six factor analysis to determine whether dismissal with prejudice for non-compliance with a court order is warranted where the failure was attributable to the attorney? | 024967.docx | LEGALEASE-00157287-LEGALEASE-00157288 |
| Colvin v. Sheets, 598 F.3d 242 | 135H+95.1 | The double jeopardy clause of the Fifth Amendment protects a defendant's valued right to have his trial completed by a particular tribunal; at the same time, given the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused, a defendant's valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. U.S.C.A. Const.Amends. 5, 4. | Is a defendant's valued right to have the trial concluded by a particular tribunal sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury? | 015401.docx | LEGALEASE-00163329-LEGALEASE-00163330 |
| Strickland v. State, 300 Ga. App. 898 | 135H+95.1 | There must be high degree of necessity that trial come to end, and reviewing court must determine that trial judge did not act irrationally or irresponsibly, and that mistrial order reflects exercise of sound discretion; sound discretion normally requires trial judge to consider less drastic alternative to mistrial, giving adequate consideration to defendant's right against double jeopardy, before declaring mistrial. U.S.C.A. Const.Amends. 4, 5. | "Does sound discretion require a trial judge to consider less drastic alternatives to mistrial, and he must give adequate consideration to defendant's right against double jeopardy before declaring mistrial?" | Double Jeopardy - Memo 469 - C - TJ_67158.docx | ROSS-003281907 |
| In re Taylor, 209 B.R. 482 | 349A+10 | Under Illinois law, in determining whether economics of transaction indicate security agreement rather than true lease, court will consider whether lessee has option to renew lease or to become owner of property, whether amount of rent exceeds fair market value of property, whether debtor is responsible for payment of taxes, insurance and other costs incident to ownership, and whether useful life of property exceeds length of term of lease. S.H.A. 810 ILCS 5/1-201(37). | "In determining whether the economics of a transaction indicate a security agreement rather than true lease, will a court consider whether a lessee has an option to renew a lease or to become owner of property?" | 042732.docx | LEGALEASE-00166751-LEGALEASE-00166752 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hamlet at Willow Creek Dev. Co. v. Ne. Land Dev. Corp., 64 A.D.3d 85 | 366+26 | Doctrine of equitable subrogation includes every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability. | "Does the doctrine of equitable subrogation include every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability?" | Subrogation - Memo 329 - RM C.docx | ROSS-003285493-ROSS-003285494 |
| Elias v. Rolling Stone LLC, 192 F. Supp. 3d 383 | 237+6(1) | In discerning whether a statement is a fact or opinion, for purposes of determining whether the statement is actionable as defamation, New York law considers a non-exclusive list of factors that include: (1) an assessment of whether the specific language in issue has a precise meaning which is readily understood or whether it is indefinite and ambiguous, (2) a determination of whether the statement is capable of being objectively characterized as true or false, (3) an examination of the full context of the communication in which the statement appears, and (4) a consideration of the broader social context or setting surrounding the communication including the existence of any applicable customs or conventions which might signal to readers or listeners that what is being read or heard is likely to be opinion, not fact. | How do Courts distinguish between fact and opinion? | Libel and Slander - Memo 193  - BP.docx | ROSS-003285360-ROSS-003285362 |
| Warfaa v. Ali, 33 F. Supp. 3d 653 | 221+342 | There are three policies guiding a court's discretion in determining whether the act of state doctrine applies to prevent a federal court from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory: (1) the greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it; (2) the less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches; and (3) the balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. | "To determine whether the act of state doctrine applies, do courts consider three factors?" | 020249.docx | LEGALEASE-00124067-LEGALEASE-00124068 |
| Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221+342 | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts, and thus the doctrine applies to bar an action when the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory, but the doctrine can apply even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act. | "Under the act of state doctrine, may a legal action be barred if the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory?" | 020247.docx | LEGALEASE-00124727-LEGALEASE-00124728 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hornor v. Hanks, 22 Ark. 572 | 150+187 | The right of a plaintiff must be adjudicated upon as it existed at the time of the filing of his bill; and if he has a good cause of action, which had not then accrued, the bill cannot be maintained: And it would seem that a court of chancery would not allow a defendant to modify the relief to which the plaintiff was entitled when the suit was begun, by setting up as a defense a change of circumstances produced by the use of legal process or remedies after he is brought into court: So, if the defendant has a judgment against the plaintiff when the bill is filed, his case is not strengthened by a subsequent sale and purchase of the property in dispute under such judgment. | Must the right of a plaintiff be adjudicated upon as it existed at the time of filing of his bill? | 006010.docx | LEGALEASE-00128379-LEGALEASE-00128380 |
| Shoemaker v. Johnson, 241 Or. 511 | 85+12 | Workmen's Compensation Act abolished common-law concept of tort liability through fault concept and vicarious liability and provided means to guarantee employee monetary recovery, medical care, and a hope of rehabilitation and means to avoid great and unnecessary cost incurred in litigation. ORS 656.004. | "Did the Workmens Compensation Act abolish the common-law concept of tort liability through fault and vicarious liability, as well as provide a means to guarantee employee monetary recovery, medical care, and a hope of rehabilitation and means to avoid great and unnecessary cost incurred in litigation?" | 047868.docx | LEGALEASE-00132925-LEGALEASE-00132926 |
| Rautenberg v. Falz, 193 So. 3d 924 | 307A+554 | In considering a motion to dismiss for lack of personal jurisdiction, the trial court must first determine whether the complaint alleges jurisdictional facts that are sufficient to bring the action within the ambit of the long-arm statute; if it does, the next inquiry is whether sufficient minimum contacts are demonstrated to satisfy due process requirements. U.S.C.A. Const.Amend. 14; West's F.S.A. § 48.193. | "In considering a motion to dismiss for lack of personal jurisdiction, must the trial court first determine whether the complaint alleges jurisdictional facts that are sufficient to bring the action within the ambit of the long-arm statute?" | 032747.docx | LEGALEASE-00139723-LEGALEASE-00139724 |
| Miller v. Nelms, 966 So. 2d 437 | 307A+563 | A fraud that warrants dismissal of a complaint arises when it is clearly and convincingly demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Does a fraud that warrants dismissal of a complaint arise when it is clearly and convincingly demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially? | Pretrial Procedure - Memo # 7052 - C - PC_58306.docx | ROSS-003283468-ROSS-003283470 |
| Newdow v. Rio Linda Union Sch. Dist., 597 F.3d 1007 | 141E+724 | Pledge of Allegiance, including words "one Nation under God," as voluntarily recited by public school children, pursuant to school district's policy that implemented California statute requiring school day to begin with patriotic exercise that was fulfilled by teacher-led recitation of Pledge, did not violate Establishment Clause, under coercion test, even though students were coerced to listen to other students recite Pledge and could even feel induced to recite Pledge themselves, since students were being coerced to participate in patriotic, not religious, exercise. U.S.C.A. Const.Amend. 1; 4 U.S.C.A. S 4; West's Ann.Cal.Educ.Code S 52720. | Does requiring students in public school to voluntarily recite the pledge of allegiance violate the Establishment Clause? | 017093.docx | LEGALEASE-00153728-LEGALEASE-00153729 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Westport Ins. v. St. Paul Fire & Marine Ins. Co., 375 F. Supp. 2d 4 | 366+1 | Under Connecticut law, equitable subrogation is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it; this doctrine is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which is equity and good conscience should have been discharged by the latter. | "Does equitable subrogation include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter?" | Subrogation - Memo # 721 - C - NO.docx | ROSS-003298522-ROSS-003298524 |
| United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1 | 221+342 | One of the major concerns underlying the "act of state doctrine" is the strong sense of the judicial branch that its engagement in the task of passing on the validity of foreign acts of a state may hinder rather than further the United States' pursuit of goals both for itself and for the community of nations as a whole in the international sphere; therefore, when the executive branch brings suit, the doctrine's rationale no longer applies. | Is one of the major concerns underlying the act of state doctrine the sense of the judicial branch that its engagement in the task of passing on the validity of foreign acts of a state may hinder the United States' pursuit of goals both for itself and for the community of nations as a whole in the international sphere? | International Law - Memo # 99 - C -LK.docx | ROSS-003324310-ROSS-003324311 |
| McCullough v. Spitzer Motor Ctr., 108 Ohio App. 3d 530 | 307A+3 | Motion in limine, if granted, is tentative, interlocutory, precautionary ruling by trial court reflecting its anticipatory treatment of evidentiary issue; accordingly, proponent who has been temporarily restricted from introducing evidence by virtue of motion in limine must seek introduction of evidence by proffer or otherwise at trial to enable court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal. | Must a proponent who has been temporarily restricted from introducing evidence by virtue of motion in limine seek introduction of evidence by proffer or otherwise at trial to enable court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal? | Pretrial Procedure - Memo # 532 - C - RY.docx | ROSS-003284027-ROSS-003284028 |
| Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | When the court finds evidence inadmissible at trial should it grant a motion in limine? | Pretrial Procedure - Memo # 642 - C - SSB.docx | LEGALEASE-00015027-LEGALEASE-00015028 |
| Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Are pretrial grants of a motion in limine justified as opposed to a ruling during the trial? | Pretrial Procedure - Memo # 644 - C - SSB.docx | ROSS-003295300-ROSS-003295301 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Shadden, 290 Kan. 803 | 110+632(4) | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial, and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury, the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury, or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Are pretrial grants of a motion in limine justified as opposed to a ruling during the trial? | 024371.docx | LEGALEASE-00124428-LEGALEASE-00124429 |
| Hanson v. Versarail Sys., 175 Or. App. 92 | 413+1 | The workers' compensation scheme involves a quid pro quo, in which the employer gives up the right to defend against certain actions involving workplace injuries, while receiving the benefit of a limit on potential damages; conversely, the employee is compensated for injuries regardless of whether the employer would be liable in tort, while giving up the right to pursue other statutory or common-law remedies. | Does the workers compensation scheme involve a quid pro quo in which the employer gives up the right to defend against certain actions involving workplace injuries while receiving the benefit of a limit on potential damages? | 048072.docx | LEGALEASE-00126964-LEGALEASE-00126965 |
| Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | A trial court has discretion to defer signing an order of dismissal so that it can allow a reasonable amount of time for holding hearings on these matters which are collateral to the merits of the underlying case; although the civil procedure rule governing nonsuits permits motions for costs, attorney fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Is there any rule which forestall the non-suit's effect of rendering the merits of the case moot although it permits motions for costs, attorney fees, and sanctions to remain viable in the trial court?" | Pretrial Procedure - Memo # 2308 - C - NS.docx | ROSS-003327030-ROSS-003327031 |
| Neal v. State Farm Fire & Cas. Co., 300 Ga. App. 68 | 307A+486 | Party seeking to withdraw admissions by operation of law for failure to answer requests for admission within 30 days has the burden of establishing that withdrawal of the admissions will subserve or advance the presentation of the merits of the action by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility, or is incredible on its face, and the denial is not offered solely for purposes of delay; failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw. West's Ga.Code Ann. S 9-11-36(b). | "Does the failure to present admissible, credible evidence contradicting the admitted matters justify the denial of the motion to withdraw admissions so deemed by operation of law for failure to answer requests for admissions within 30 days of service?" | 029208.docx | LEGALEASE-00136625-LEGALEASE-00136627 |
| Todeva v. Oliver Iron Min. Co., 232 Minn. 422 | 413+1 | In certain limited sense, rights and liabilities for workmen's compensation arise out of contract, on theory that Compensation Act becomes part of contract of employment but strictly speaking, such rights and liabilities are created independently of any actual or implied contract and, pursuant to police power, are imposed on employment status or relationship as a cost of industrial production. M.S.A. S 176.01 et seq. | "Do the rights and liabilities for workmens compensation arise out of contract in certain limited senses, on the theory that the Compensation Act becomes part of the employment contract, while strictly speaking, such rights and liabilities are created independently of any actual or implied contract and are imposed on the employment status pursuant to the police power?" | 047931.docx | LEGALEASE-00137280-LEGALEASE-00137281 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Deutsche Bank Nat. Tr. Co. v. Lippi, 78 So. 3d 81 | 307A+690 | When deciding whether to sanction a party by dismissing its case with prejudice, a court should consider the following factors: (1) whether the attorneys' disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. | "When deciding whether to sanction a party by dismissing its case with prejudice, should a court consider any factors?" | 024951.docx | LEGALEASE-00156853-LEGALEASE-00156854 |
| DeBenedetto v. Denny's, 421 N.J. Super. 312 | 307A+679 | In addressing a motion to dismiss for failure to state a claim upon which relief may be granted, a court's inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint; however, the court must search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary. R. 4:6-2(e). | "Before a court dismisses a civil complaint with prejudice, should it search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action can be gleaned even from an obscure statement of claim an opportunity to amend if necessary?" | 040124.docx | LEGALEASE-00162224-LEGALEASE-00162225 |
| Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | What factors must be present for a district court to grant a motion in limine? | 041151.docx | LEGALEASE-00124055-LEGALEASE-00124056 |
| In re Vitamin C Antitrust Litig., 584 F. Supp. 2d 546 | 221+343 | The defense of foreign sovereign compulsion focuses on the plight of a defendant who is subject to conflicting legal obligations under two sovereign states, and rather than being concerned with the diplomatic implications of condemning another country's official acts, the foreign sovereign compulsion doctrine recognizes that a defendant trying to do business under conflicting legal regimes may be caught between the proverbial rock and a hard place where compliance with one country's laws results in violation of another's. | Does the defense of foreign sovereign compulsion focus on the plight of a defendant who is subject to conflicting legal obligations under two sovereign states? | International Law - Memo  588 - TH.docx | ROSS-003297476-ROSS-003297477 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Noyel v. City of St. Gabriel, 202 So. 3d 1139 | 67+2 | In order to convict one accused of looting during a declared emergency, the State must prove that the alleged perpetrator: (1) intentionally entered a building, plant, establishment, or other structure, (2) that lacked normal security because of a hurricane, flood, act of God, or force majeure of any kind, (3) during a declared state of emergency that the defendant knew or should have known existed, and (4) that the defendant obtained, exerted control over, damaged, or removed property of the owner; additionally, the State must prove the identity of the defendant as the perpetrator. LSA-R.S. 14:62.5(C). | What must the state prove in order to convict a defendant for looting during a declared emergency? | 012623.docx | LEGALEASE-00128415-LEGALEASE-00128416 |
| Brougham Casket & Vault Co. v. DeLoach, 323 Ga. App. 701 | 307A+486 | If the burden of proof on the subject matter of a request for admission is on the requestor, the movant for withdrawal of the admission is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay; if the movant fails to make the required showing, then the trial court is authorized to deny the motion to withdraw the admissions. West's Ga.Code Ann. S 9-11-36(b). | "Is the movant for withdrawal or amendment of an admission required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay?" | 029079.docx | LEGALEASE-00134489-LEGALEASE-00134490 |
| Univ. of Massachusetts Mem'l Med. Ctr. v. Christodoulou ex rel. Christodoulou, 360 N.J. Super. 313 | 307A+515.1 | The main object of voluntary dismissal rule allowing court to impose appropriate terms and conditions is to protect a litigant, where a termination of the proceedings without prejudice will place him in the probable position of having to defend, at additional expense, another action based upon similar charges at another time. R. 4:37-1(b). | "Is the main object of dismissal without prejudice under such terms and conditions is to protect a litigant from probable position of having to defend, at additional expense, another action based upon similar charges at another time?" | Pretrial Procedure - Memo # 5510 - C - NC.docx | ROSS-003302305-ROSS-003302306 |
| Rautenberg v. Falz, 193 So. 3d 924 | 307A+554 | In considering a motion to dismiss for lack of personal jurisdiction, the trial court must first determine whether the complaint alleges jurisdictional facts that are sufficient to bring the action within the ambit of the long-arm statute; if it does, the next inquiry is whether sufficient minimum contacts are demonstrated to satisfy due process requirements. U.S.C.A. Const.Amend. 14; West's F.S.A. S 48.193. | "In ruling on a motion to dismiss for lack of personal jurisdiction, must the trial court first determine whether a complaint alleges sufficient facts to bring it within the ambit of the long-arm statute?" | 033445.docx | LEGALEASE-00143009-LEGALEASE-00143010 |
| Fernandez v. Cohn, 54 So. 3d 1040 | 307A+560 | Where no good cause or excusable neglect exists for failure to make timely service of process, a trial court is left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, to dismiss action without prejudice, or to drop unserved defendant as a party, except where statute of limitations has run, in which case discretion should normally be exercised in favor of extending time for service of process. West's F.S.A. RCP Rule 1.070(j). | "Is a trial court left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, where no good cause or excusable neglect exists for failure to make timely service of process?" | 033654.docx | LEGALEASE-00144101-LEGALEASE-00144102 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| GECMC 2006-C1 Carrington Oaks v. Weiss, 233 N.C. App. 633 | 307A+685 | The standard of review to be applied by a trial court in deciding a motion to dismiss for lack of jurisdiction over the person depends upon the procedural context confronting the court; when both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues the court may hear the matter on affidavits presented by the respective parties, or the court may direct that the matter be heard wholly or partly on oral testimony or depositions. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | Does the standard of review to be applied by a trial court in deciding a motion to dismiss for lack of jurisdiction over the person depend upon the procedural context confronting the court? | 039340.docx | LEGALEASE-00154869-LEGALEASE-00154870 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 360+18.43 | Statute requiring an arresting agency to notify the appropriate federal agency having charge of deportation matters when there is reason to believe that any person arrested for a violation of a specified drug offense may not be a citizen of the United States was not designed primarily for the purpose of effecting the removal of persons unlawfully present in the country and thus was not constitutionally impermissible state regulation of immigration; statute reflected legislative conviction that federal deportation of non-citizens arrested for selling or using narcotics could be effectuated with much greater certainty than the prosecution and conviction of such persons for violation of state narcotics laws and that exposure of such persons to deportation would help stamp out illicit drug traffic, and, if regulation of immigration was the purpose of the statute, the statute would not have been limited to persons arrested only for narcotics offenses and likely would have been placed in the Penal Code. U.S.C.A. Const. Art. 6, cl. 2; West's Ann.Cal.Health & Safety Code S 11369. | Is there a legislative conviction that deportation of non-citizens arrested for selling narcotics could be effectuated with much greater certainty than the prosecution and conviction of such persons for violation of state narcotics laws? | 006844.docx | LEGALEASE-00160376-LEGALEASE-00160377 |
| Vidal v. Ricciardi, 81 A.D.3d 635 | 307A+697 | Plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant; all four components of the test must be satisfied before the dismissal can be properly vacated and the case restored. McKinney's CPLR 3404. | "Should a plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked ""off,"" and after it has been dismissed demonstrate the existence of a potentially meritorious cause of action?" | Pretrial Procedure - Memo 11277 - C - DA_64227.docx | ROSS-003281971-ROSS-003281972 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Keveney v. Missouri Military Acad., 304 S.W.3d 98 | 141E+949 | Former employee, a contract teacher for a military academy, stated a cause of action for wrongful discharge against employer; employee alleged that he noticed unusual bruises on one of his students, that he reasonably suspected the student was being physically abused, that he reported the suspected abuse to three of his supervisors, each of whom was under a statutory duty to report the suspected abuse to the Division of Family Services (DFS), but that he was told that his job would be in jeopardy if he reported the suspected abuse to DFS, employee was subject to criminal liability if he failed to report the abuse, and employee alleged that he was terminated because he continued to insist that the student's bruises be reported to DFS in accordance with state law. V.A.M.S. SS 210.115, 210.165. | Can teachers state a cause of action for wrongful discharge? | 017209.docx | LEGALEASE-00162067-LEGALEASE-00162069 |
| Oregon v. Kennedy, 456 U.S. 667 | 135H+97 | Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, the most important consideration for double jeopardy clause purposes is that defendant retain primary control over the course to be followed in the event of such error, and only where the governmental conduct is intended to "goad" defendant into moving for a mistrial may defendant raise the bar of double jeopardy to a second trial after having proceeded in aborting the first on his own motion. U.S.C.A.Const.Amend. 5. | "Only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial, can a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion?" | Double Jeopardy - Memo 261 - C - RF.docx | LEGALEASE-00053042-LEGALEASE-00053043 |
| Oregon v. Kennedy, 456 U.S. 667 | 135H+97 | Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, the most important consideration for double jeopardy clause purposes is that defendant retain primary control over the course to be followed in the event of such error, and only where the governmental conduct is intended to "goad" defendant into moving for a mistrial may defendant raise the bar of double jeopardy to a second trial after having proceeded in aborting the first on his own motion. U.S.C.A.Const.Amend. 5. | "Only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial, can a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion?" | 015218.docx | LEGALEASE-00163677-LEGALEASE-00163678 |
| Robinson v. Texas Auto. Dealers Ass'n, 214 F.R.D. 432 | 311H+102 | Elements necessary to establish that material is protected by the federal attorney-client privilege are: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of a bar of a court, or his subordinate, and in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed by his client without the presence of strangers for the purpose of securing primarily either an opinion on law or legal services or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. | What should a party invoking the protection of the attorney-client privilege establish? | Privileged Communications and Confidentiality - Memo 7 - VP.docx | LEGALEASE-00001611-LEGALEASE-00001612 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Columbia Cmty. Bank v. Newman Park, 166 Wash. App. 634 | 366+1 | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1)in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. | When is equitable subrogation appropriate to prevent unjust enrichment? | 003529.docx | LEGALEASE-00120309-LEGALEASE-00120310 |
| Evergreen Recycle v. Indiana Lumbermens Mut. Ins. Co., 51 Kan. App. 2d 459 | 307A+3 | Once district court determines that evidence challenged by motion in limine will be inadmissible at trial, the court also must find that a pretrial ruling is justified because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during trial might unduly interrupt and delay the trial; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | "Once the district court determines that evidence challenged by motion in limine will be inadmissible at trial, must the court also find that a pre-trial ruling is justified?" | 024222.docx | LEGALEASE-00122046-LEGALEASE-00122047 |
| State v. Johnston, 249 Ga. 413 | 110+392.60 | Trial court has absolute right to refuse to decide admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial; if, however, trial court decides to rule on admissibility of evidence prior to trial, court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it controls the subsequent course of action unless modified at trial to prevent manifest injustice. | "If the trial court decides to rule on the admissibility of evidence prior to trial, is the court's determination of admissibility similar to a preliminary ruling on evidence at a pretrial conference and will it control the subsequent course of action, unless modified at the trial to prevent manifest injustice?" | 027894.docx | LEGALEASE-00122326-LEGALEASE-00122327 |
| Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Tr. Co., 161 Misc. 903 | 221+146 | In construing Constitution of Soviet government, court should look to history of times and examine origin and development of new nation and state of facts existing when Constitution was framed and adopted and prior history of constituent republics in order to give significance to new system of government which Constitution created. | "In construing Constitution of a State government, should the court look to history of times and examine origin and development of new nation and state of facts existing when Constitution was framed and adopted and prior history of constituent republics in order to give significance to new system of government which Constitution created?" | 020085.docx | LEGALEASE-00123367-LEGALEASE-00123368 |
| Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221+342 | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts, and thus the doctrine applies to bar an action when the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory, but the doctrine can apply even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act. | Does the act-of-state doctrine bar courts from adjudicating a case when the relief sought would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries? | International Law - Memo 321 - RK.docx | ROSS-003324517-ROSS-003324519 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Heine v. Allen Mem'l Hosp. Corp., 549 N.W.2d 821 | 307A+2 | Rule providing that court may hear and determine any point of law raised in any pleading that goes to whole or any material part of case allows adjudication if either there are no material facts in dispute or if court is presented with legal issues independent of disputed factual issue and ruling favorable to applying party will necessarily be dispositive of case in whole or in part. Rules Civ.Proc., Rule 105. | "Does a Rule providing that court may hear and determine any point of law raised in any pleading that goes to whole or any material part of case, allow adjudication if there are no material facts in dispute?" | Pretrial Procedure - Memo  # 220 - C - CRB.docx | ROSS-003281901-ROSS-003281902 |
| Columbia Cmty. Bank v. Newman Park, 166 Wash. App. 634 | 366+1 | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1)in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. | When is subrogation appropriate to prevent unjust enrichment? | 044398.docx | LEGALEASE-00125078-LEGALEASE-00125079 |
| Bandes v. Harlow & Jones, 852 F.2d 661 | 221+342 | Act of state doctrine requiring courts to avoid inquiries respecting validity of acts executed by foreign sovereign within its territory reflects fundamental notions of separation of powers and urges nation to conduct foreign relations with unified voice of executive branch. | Does an act of state doctrine requiring courts to avoid inquiries respecting the validity of acts executed by foreign sovereign within its territory reflects fundamental notions of separation of powers and urges the nation to conduct foreign relations with a unified voice of executive branch? | 020659.docx | LEGALEASE-00126191-LEGALEASE-00126193 |
| Brook Vill. N. Assocs. v. Gen. Elec. Co., 686 F.2d 66 | 170A+1684 | The prejudice contemplated by rule permitting withdrawal or amendment of an admission is not simply that the party who initially obtained the admission will presently have to convince the finder of fact of its truth but, rather, it relates to the difficulty a party may face in proving its case, e.g., caused by unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the question previously answered by the admission. Fed.Rules Civ.Proc. Rules 36, 36(b), 28 U.S.C.A. | "Does prejudice warranting denial of permission to withdraw admission relate to difficulty a party may face in proving its case, due to unavailability of key witnesses or the sudden need to obtain evidence on matters previously admitted?" | 028936.docx | LEGALEASE-00134357-LEGALEASE-00134358 |
| Jackson v. Computer Sci. Raytheon, 36 So. 3d 754 | 413+2 | Because issues relating to an employee's entitlement to workers' compensation benefits and a carrier's right to various offsets are founded on statutory and legal bases, there is no occasion, or allowance, for the District Court of Appeal to graft onto an otherwise coherent statutory scheme, general equitable principles so as to permit non-legal, or equitable, permutations of such rights. | "Since issues relating to an employees entitlement to benefits and a carriers right to various offsets are founded on statutory and legal bases, when can a court graft onto the otherwise coherent statutory scheme, general equitable principles?" | Workers Compensation - Memo #329 ANC.docx | LEGALEASE-00026882-LEGALEASE-00026883 |
| First Horizon Merch. Servs. v. Wellspring Capital Mgmt., 166 P.3d 166 | 307A+36.1 | It is not manifestly arbitrary, unreasonable, or unfair, and thus not an abuse of discretion, to require a plaintiff to assert facts sufficient to satisfy the trial court that discovery might reveal evidence showing personal jurisdiction before requiring a defendant to bear the cost and burden of responding to discovery. | "Is it not manifestly arbitrary, unreasonable, or unfair, and thus not an abuse of discretion, to require a plaintiff to assert facts sufficient to satisfy the trial court that discovery might reveal evidence showing personal jurisdiction?" | 032709.docx | LEGALEASE-00139577-LEGALEASE-00139578 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mueller v. Shacklett, 156 Neb. 881 | 307A+483 | Where a party properly serves request for admissions of relevant matters of fact or genuineness of relevant documents, and all objections thereto are heard and appropriately denied by court, and other party has been ordered to respond thereto, failure of such party to do so within time allotted constitutes admission of facts sought to be elicited. R.S.Supp.1951, S 25-1267.41. | "Where a party properly serves a request for admissions of relevant matters of fact or genuineness of relevant documents, and all objections are heard and denied by the court, and the other party has been ordered to respond thereto, does failure of the party to do so within the time allotted constitute admission of facts sought to be elicited?" | 030613.docx | LEGALEASE-00141156-LEGALEASE-00141157 |
| Am. Coll. Connection v. Berkowitz, 332 Ga. App. 867 | 307A+554 | When a motion to dismiss for lack of personal jurisdiction is decided without an evidentiary hearing and based solely upon the written submissions of the parties, any disputes of fact must be resolved in the light most favorable to the party asserting the existence of personal jurisdiction, and the Court of Appeals reviews the decision of the trial court de novo. | "When a motion to dismiss for lack of personal jurisdiction is decided without an evidentiary hearing and based solely upon the written submissions of the parties, must any disputes of fact be resolved in the light most favorable to the party asserting the existence of personal jurisdiction?" | 033769.docx | LEGALEASE-00142728-LEGALEASE-00142729 |
| Zarychta v. Montgomery Cty. Dist. Atty., 398 S.W.3d 260 | 307A+697 | When a case is dismissed for want of prosecution based on the trial court's inherent power to do so for lack of due diligence, the plaintiff seeking reinstatement must prove that the failure or omission that led to dismissal was the product of an accident or mistake or must otherwise reasonably explain that its actions were not intentional or consciously indifferent. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | "When a case is dismissed for want of prosecution based on the trial court's inherent power to do so for lack of due diligence, should the plaintiff seeking reinstatement prove that the failure or omission that led to dismissal was the product of an accident?" | Pretrial Procedure - Memo 11271 - C - DA_64221.docx | ROSS-003282608-ROSS-003282609 |
| Parker ex rel. Parker v. Arizona Interscholastic Ass'n, 204 Ariz. 42 | 141E+965 | Interscholastic association rule that barred a student who transferred from one school to another without changing domicile from participating for a prescribed period in sports he or she had played during previous 12 months, even if transfer was not athletically motivated, did not violate equal protection; rule was rationally related to legitimate purpose of deterring athletically motivated transfers and recruitment of students, and objective standard was reasonable because conducting factual inquiry into motivation for every transfer was not possible. U.S.C.A. Const.Amend. 14, S 1; A.R.S. Const. Art. 2, S 13. | Does athletic association's rule that transferring students are ineligible to compete in sports for one year violate equal protection? | 017295.docx | LEGALEASE-00164315-LEGALEASE-00164316 |
| Green v. U.S. Cash Advance Illinois, 724 F.3d 787 | 135H+6 | Idea underlying constitutional prohibition against double jeopardy is that state with all its resources and powers should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continued state of anxiety and insecurity, as well as enhancing possibility that even though innocent he may be found guilty. U.S.C.A.Const. Amend. 5. | "Is the principle underlying the constitutional prohibition on double jeopardy that the state, with all its resources and power, should not be allowed to make repeated attempts to convict an individual for an alleged offense?" | 016453.docx | LEGALEASE-00165251-LEGALEASE-00165252 |
| City of New Orleans v. Benson, 665 So. 2d 1196 | 135H+25 | Where defendant previously has sustained criminal penalty and civil penalty sought in subsequent proceeding bears no rational relation to goal of compensating government for its loss, but rather appears to qualify as "punishment" under plain meaning of word, defendant is entitled to accounting of government's damages and costs to determine if penalty sought in fact constitutes second punishment which violates double jeopardy clause. U.S.C.A. Const.Amend. 5. | What happens where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss? | 015710.docx | LEGALEASE-00166431-LEGALEASE-00166432 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jackson v. Computer Sci. Raytheon, 36 So. 3d 754 | 413+2 | Because issues relating to an employee's entitlement to workers' compensation benefits and a carrier's right to various offsets are founded on statutory and legal bases, there is no occasion, or allowance, for the District Court of Appeal to graft onto an otherwise coherent statutory scheme, general equitable principles so as to permit non-legal, or equitable, permutations of such rights. | " Since issues relating to an employees entitlement to benefits and a carriers right to various offsets are founded on statutory and legal bases, when can a court graft onto the otherwise coherent statutory scheme, general equitable principles?" | 048028.docx | LEGALEASE-00136974-LEGALEASE-00136975 |
| Wasko v. Manella, 269 Conn. 527 | 366+1 | The doctrine of legal or equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | "Is the doctrine of equitable subrogation broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter?" | Subrogation - Memo 377 - VP C.docx | ROSS-003285172-ROSS-003285174 |
| Columbia Cmty. Bank v. Newman Park, 166 Wash. App. 634 | 366+1 | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1)in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. | Is subrogation an appropriate means of preventing unjust enrichment? | Subrogation - Memo 371 - VP.docx | ROSS-003297116-ROSS-003297117 |
| Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal. App. 4th 1279 | 217+3513(3) | Aim of equitable subrogation in the insurance context is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor; in contrast, the aim of equitable contribution is to apportion a loss between two or more insurers who cover the same risk, so that each pays its fair share and one does not profit at the expense of the others. West's Ann.Cal.Civ.Code S 1432. | "Is the aim of equitable subrogation to place the burden for loss on the party ultimately responsible for it and by whom it should have been discharged, and to entirely relieve insurer or surety who indemnified loss and who in equity was not primarily liable for it?" | Subrogation - Memo # 707 - C - SA.docx | ROSS-003298088-ROSS-003298089 |
| Ward v. Nat'l Lumber & Box Co., 54 Wash. 304 | 231H+2857 | The factory act, Laws 1905, p. 164, c. 84, entitled "An act providing for the protection and health of employees in factories, mills and workshops where machinery is used," apparent purpose of which is to protect operatives in factories in every particular consistent with reasonable operation, though in terms providing only for safeguards for all "vats, pans, trimmers, cut-off, gang edger, and other saws, planers, cogs, gearings, belting, shafting, coupling, set screws, live rollers, conveyors, mangles in laundries, and machinery of other similar description," required friction wheels to be guarded. | Does the Factory Act provide safeguard to the machinery and appliances and protect employees in manufacturing establishments? | 001411.docx | LEGALEASE-00118845-LEGALEASE-00118847 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gainer v. Koewler, 200 Wis. 2d 113 | 307A+3 | To increase costs associated with deceptive behavior, particularly as it regards violating motion in limine orders, courts must be alert to possibility that lawyer who is violating order is assuming there will be little or no risk associated with bringing out damaging material during long trial. | "To increase costs associated with deceptive behavior, particularly as it regards violating motion in limine orders, must courts be alert to possibility that lawyer who is violating order is assuming there will be little or no risk associated with bringing out damaging material during long trial?" | 032312.docx | LEGALEASE-00122827-LEGALEASE-00122828 |
| DiQuinzio v. Panciera Lease Co., 612 A.2d 40 | 413+1 | Under Workers' Compensation Act, injured employee is ensured timely and certain, though limited, compensation, in exchange for which he or she gives up right to pursue action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful. Gen.Laws 1956, S 28-29-20. | "Under the Workers Compensation Act, are injures employees ensured timely and certain, though limited, compensation, in exchange for which he or she gives up the right to pursue action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful?" | 047719.docx | LEGALEASE-00128724-LEGALEASE-00128725 |
| Beck v. Sapet, 937 So. 2d 945 | 307A+19 | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | "Are trial judges afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases?" | Pretrial Procedure - Memo # 1666 - C - KG.docx | ROSS-003286279-ROSS-003286280 |
| Hysong v. Lewicki, 811 A.2d 46 | 307A+486 | Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to rule governing requests for admission, once trial has begun a court may grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice. Rules Civ.Proc., Rule 4014, 42 Pa.C.S.A. | "Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to rule governing requests for admission, once trial has begun, may a court grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice?" | Pretrial Procedure - Memo # 2906 - C - NS.docx | ROSS-003305109-ROSS-003305110 |
| Joyce v. Ford Motor Co., 198 Cal. App. 4th 1478 | 307A+478 | When a party is served with a request for admission concerning a legal question properly raised in the pleadings, he should make the admission if he is able to do so and does not in good faith intend to contest the issue at trial, thereby setting at rest a triable issue, and otherwise he should set forth in detail the reasons why he cannot truthfully admit or deny the request; he cannot object simply by asserting that the request calls for a conclusion of law. West's Ann.Cal.C.C.P. S 2033.010. | "When a party is served with a request for admission concerning a legal question raised in the pleadings, can he object by asserting that the request calls for a conclusion of law or should he make the admission thereby setting at rest a triable issue?" | 030203.docx | LEGALEASE-00135987-LEGALEASE-00135988 |
| Indianapolis-Marion Cty. Pub. Library v. Shook, 835 N.E.2d 533 | 307A+554 | When reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Trial Procedure Rule 12(B)(1). | "When reviewing a motion to dismiss for lack of subject matter jurisdiction, is the relevant question whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute?" | Pretrial Procedure - Memo # 6003 - C - DA.docx | ROSS-003289046-ROSS-003289047 |
| United States v. Bragan, 499 F.2d 1376 | 110+593 | Where dates for hearing of motions for trial on charges of violating wiretapping and wiretap device provisions of Omnibus Crime Control Act were rearranged to afford defendant's new cocounsel an adequate opportunity to raise defenses peculiar to his field of expertise, trial court did not abuse discretion in denying motion of defendant, made a month before scheduled trial date, for a continuance to permit new cocounsel, who had a trial commitment elsewhere, to conduct defense. 18 U.S.C.A. SS 2511, 2512; U.S.C.A.Const. Amend. 6; Fed.Rules Crim.Proc. rule 50(b), 18 U.S.C.A. | Will the court abuse its discretion in denying motion for continuance to permit new cocounsel to conduct defense? | 033112.docx | LEGALEASE-00144185-LEGALEASE-00144186 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kenny v. Banks, 289 Conn. 529 | 307A+554 | When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two-part inquiry to determine the propriety of its exercising such jurisdiction over the defendant; trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant, and if the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. U.S.C.A. Const.Amend. 14. | "When a defendant challenges personal jurisdiction in a motion to dismiss, must the court undertake a two-part inquiry to determine the propriety of its exercising such jurisdiction over the defendant?" | Pretrial Procedure - Memo # 6166 - C - BP.docx | ROSS-003289586-ROSS-003289588 |
| Long v. Elborno, 376 Ill. App. 3d 970 | 307A+560 | A court must consider the following seven factors in determining whether to grant a motion to dismiss based on the plaintiff's alleged failure to exercise reasonable diligence in serving a summons and complaint: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant. Sup.Ct.Rules, Rule 103(b); S.H.A. 735 ILCS 5/2-622(a)(1, 2). | Should courts consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence? | 033621.docx | LEGALEASE-00143886-LEGALEASE-00143887 |
| Hair v. Morton, 36 So. 3d 766 | 307A+563 | The severe sanction of dismissal based on fraud is appropriate only when it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Is the severe sanction of dismissal based on fraud appropriate only when it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme? | 035521.docx | LEGALEASE-00145780-LEGALEASE-00145781 |
| ARB Upstate Commc'ns LLC v. R.J. Reuter, 93 A.D.3d 929 | 307A+679 | Courts considering a motion to dismiss a complaint for failure to state a cause of action must liberally construe the pleadings, accept the facts alleged in the complaint as true, give plaintiffs the benefit of every possible favorable inference, and determine whether the alleged facts fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | Should courts considering a motion to dismiss a complaint for failure to state a cause of action liberally construe the pleadings and accept the facts alleged in the complaint as true? | 037581.docx | LEGALEASE-00151807-LEGALEASE-00151808 |
| In re Dufton, 158 N.H. 784 | 307A+679 | In ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in a petitioner's pleadings are sufficient to state a basis upon which relief may be granted, and to make this determination, the court will normally accept all facts pled by a petitioner to be true and construe all reasonable inferences in the light most favorable to her. | "In ruling upon a motion to dismiss, is the trial court required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief can be granted?" | 037996.docx | LEGALEASE-00152744-LEGALEASE-00152745 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Meyer v. N. Shore-Long Island Jewish Health Sys., 137 A.D.3d 880 | 307A+680 | A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss; when evidentiary material is considered on a motion to dismiss a complaint, and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7), (c). | "Where evidentiary material is submitted and considered on a motion to dismiss a complaint and the motion is not converted into one for summary judgment, does the question become whether the plaintiff has a cause of action?" | 024475.docx | LEGALEASE-00155960-LEGALEASE-00155961 |
| Cornelius v. Benefield, 168 So. 3d 1028 | 307A+690 | While delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss an action with prejudice for failure to prosecute, the trial judge should also consider whether a lesser sanction would serve the best interests of justice; such sanctions may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. (Per Carlton, J., with four judges concurring and one judge concurring in result.) Rules Civ.Proc., Rule 41(b). | "While considering whether lesser sanctions would better serve the interest of justice for dismissal as a sanction for delay or contumacious conduct, do lesser sanctions include fines?" | Pretrial Procedure - Memo # 10481 - C - SHB_62416.docx | ROSS-003282166-ROSS-003282167 |
| People v. Jackson, 178 Cal. App. 4th 590 | 3.77E+10 | In order to support a conviction for attempted criminal threat, the jury must find that the defendant specifically intended to threaten to commit a crime resulting in death or great bodily injury with the further intent that the threat be taken as a threat, under circumstances sufficient to convey to the person threatened a gravity of purpose and an immediate prospect of execution so as to reasonably cause the person to be in sustained fear for his or her own safety or for his or her family's safety. West's Ann.Cal.Penal Code SS 21a, 422. | What must the jury find the defendant intended to do in order to support a conviction for attempted criminal threat? | 046692.docx | LEGALEASE-00156508-LEGALEASE-00156509 |
| Houser v. Cty. of Volusia, 25 So. 3d 75 | 307A+563 | Before a trial court can dismiss a case with prejudice for disobedience of court orders it must consider: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for the noncompliance; and (6) whether the delay created significant problems of judicial administration. | What are the factors to be considered before a trial court can dismiss a case with prejudice for disobedience of court orders? | 024991.docx | LEGALEASE-00157534-LEGALEASE-00157535 |
| Deloatch v. Becker, 698 A.2d 94 | 307A+699 | In order to prove entitlement to relief from non pros judgment, burden is upon moving party to demonstrate that petition to open and/or strike judgment was promptly filed; reasonable explanation or legitimate excuse exists for default or delay, and there exist sufficient facts to support a cause of action. | "In order to prove entitlement to relief from non pros judgment, is the burden upon a moving party to demonstrate that a petition to open and/or strike judgment was promptly filed?" | Pretrial Procedure - Memo 11188 - C - AC_64397.docx | ROSS-003294501 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Coughlin, 610 F.3d 89 | 135H+100.1 | To decipher what issues the jury has necessarily decided on acquitted charges, as would bar relitigation of those issues under the Double Jeopardy Clause, courts should examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration; this inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings. U.S.C.A. Const.Amend. 5. | "To decipher what issues the jury has necessarily decided on acquitted charges, as would bar relitigation of those issues under the Double Jeopardy Clause, should courts examine the record of a prior proceeding, taking into account the pleadings?" | Double Jeopardy - Memo 782 - C - TJ.docx | LEGALEASE-00055365-LEGALEASE-00055366 |
| United States v. Rich, 589 F.2d 1025 | 135H+99 | Jeopardy attaches in criminal trial when jury is impaneled and sworn, and double jeopardy clause prevents subsequent prosecution of defendant whose previous trial has ended with discharge of jury before it has granted a verdict, unless findings of manifest necessity justifying trial court's discharge of first jury appear by express declaration of court or are apparent from trial court record, or the defendant consents to trial court's order discharging jury upon either Government's or trial court's motion, or waives the right to later object thereto. (Per Barrett, Circuit Judge, with one Judge concurring in result and one Judge concurring in part.) U.S.C.A.Const. Amend. 5. | Will the answer to a question whether a discharge of a first jury prevents trial of a defendant before a second jury on ground of double jeopardy be found only on rare occasions? | 015837.docx | LEGALEASE-00166631-LEGALEASE-00166632 |
| Alvis v. CIT Grp./Equip. Fin., 918 So. 2d 1177 | 366+33(1) | "Subrogation" is the legal fiction established by law whereby an obligation, extinguished with regard to the original creditor by payment which he has received from a third person, or from the original debtor but with funds that a third person has provided, is regarded as substituting in favor of this third person who in essence steps into the shoes of the original debtor and is entitled to assert, in the measure of what he has paid, the rights and actions of the former creditor. LSA-C.C. art. 1825. | Is subrogation the legal fiction established by law whereby an obligation extinguished with regard to the original creditor by payment which he has received from a third person is regarded as substituting in favor of the third person? | Subrogation - Memo 550 - MS C.docx | ROSS-003325066-ROSS-003325067 |
| Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | A decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of distinctly sovereign act and formal governmental action concerning internal affairs that triggers the act of state doctrine's and international comity's traditional concerns. | Is a decision by a foreign government to engage in official speech about its own nationals' domestic activities the kind of distinctly sovereign act and formal governmental action concerning internal affairs that triggers the act of state doctrine's and international comity's traditional concerns? | 019938.docx | LEGALEASE-00123613-LEGALEASE-00123614 |
| Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 366+1 | The doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | "Is the doctrine of equitable subrogation broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter?" | Subrogation - Memo 387 - RM C.docx | ROSS-003283860-ROSS-003283862 |
| Gainer v. Koewler, 200 Wis. 2d 113 | 307A+3 | To increase costs associated with deceptive behavior, particularly as it regards violating motion in limine orders, courts must be alert to possibility that lawyer who is violating order is assuming there will be little or no risk associated with bringing out damaging material during long trial. | "To increase costs associated with deceptive behavior, particularly as it regards violating motion in limine orders, must courts be alert to possibility that lawyer who is violating order is assuming there will be little or no risk associated with bringing out damaging material during long trial?  " | Pretrial Procedure - Memo # 530 - C - RY.docx | ROSS-003324891-ROSS-003324892 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cottman Transmission Sys. v. Kershner, 536 F. Supp. 2d 543 | 25T+182(2) | Prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation; to make this determination, courts consider factors, including: (1) timeliness or lack thereof of a motion to arbitrate, (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims, (3) whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings, (4) the extent of its non-merits motion practice, (5) its assent to the trial court's pretrial orders, and (6) the extent to which both parties have engaged in discovery. | What are the factors considered by the Court to determine whether waiver has occurred? | Alternative Dispute Resolution - Memo 14 - JS.docx | LEGALEASE-00000684-LEGALEASE-00000686 |
| In re Grand Jury Subpoena dated Aug. 9, 2000, 218 F. Supp. 2d 544 | 221+342 | Under act of state doctrine, assessment of the validity of a foreign law is limited to its application within the sovereign's territory, and where the relief sought or the defense interposed would require a federal court to declare invalid the foreign government's official act; foreign government need not be party to the action, and the doctrine may apply if the validity of acts of a foreign sovereign will be passed on by the court. | "Under the act of state doctrine, is the assessment of the validity of a foreign law limited to its application within the sovereign's territory, and where the relief sought or the defense interposed would require a federal court to declare invalid the foreign government's official act?" | International Law - Memo # 268 - C - ANC.docx | ROSS-003285991-ROSS-003285992 |
| State v. Jack, 125 P.3d 311 | 221+136 | Under the "right of innocent passage doctrine," a coastal nation is not authorized to assert jurisdiction over a foreign vessel unless the consequences of the crime extend to the coastal State, or the crime is of a kind to disturb the peace of the country or the good order of the territorial sea. | "Under the right of innocent passage doctrine, is a coastal nation authorized to assert jurisdiction over a foreign vessel or can it assert jurisdiction only if the consequences of the crime extend to the coastal State, or the crime is of a kind to disturb the peace of the country or the good order of the territorial sea?" | 020198.docx | LEGALEASE-00124163-LEGALEASE-00124164 |
| Baldwin Cty. Elec. Membership Corp. v. City of Fairhope, 999 So. 2d 448 | 307A+3 | A motion in limine seeking to exclude evidence, which is denied by the trial court, is, unless the court clearly indicates to the contrary, the legal equivalent of an announcement by the court that it reserves the right to rule on the subject evidence when it is offered and is not a final ruling made in a pretrial context. | "Is a motion in limine seeking to exclude evidence, which is denied by the trial court, unless the court clearly indicates to the contrary, the legal equivalent of an announcement by the court that it reserves the right to rule on the subject evidence when it is offered and is not a final ruling made in a pretrial context?" | Pretrial Procedure - Memo # 305 - C - CRB.docx | ROSS-003283761-ROSS-003283763 |
| Fairholme Funds v. United States, 132 Fed. Cl. 49 | 393+1031 | When deciding whether to allow the participation of an amicus curiae, Court of Federal Claims may consider a number of factors, including: (1) whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party, (2) whether the parties consent to the participation of the amicus curiae, (3) whether one of the parties is not interested in or capable of fully presenting one side of the argument, (4) whether the court's decision would directly affect the movant's rights or would set a controlling precedent regarding a claim of the movant, and (5) whether participation by an amicus curiae would unnecessarily delay the litigation. | What discretion and authority is available to the Courts of Federal Claims in allowing participation by amici curiae? | Amicus Curiae - Memo 9 - JS.docx | ROSS-003326870-ROSS-003326871 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thrasher v. U. S. Liab. Ins. Co., 19 N.Y.2d 159 | 272+1508 | The law maintains fiction that insured is real party in interest at trial of underlying negligence action in order to protect insurer against overly sympathetic juries, but once judgment has been rendered, and suit is subsequently brought against insurance company on judgment against insured, reason for fiction no longer exists, since factor of insurance is then one of essential elements of pending cause of action. Insurance Law, S 167, subd. 1(b). | "Is the fiction that the law maintains i.e., that the insured is the real party in interest at the trial of underlying negligence action, only to protect the insurance company against overly sympathetic juries?" | 031683.docx | LEGALEASE-00125236-LEGALEASE-00125237 |
| Ayr-Way Stores v. Chitwood, 261 Ind. 86 | 307A+749.1 | Neither pleadings, pretrial orders, nor theories postulated by either party should operate to frustrate trier of fact in finding facts which the evidence, including all reasonable inferences the trier may draw therefrom, convinces him, whether he be a judge or juror, by the preponderance thereof, is true or block him from awarding the relief, if any, which rules of substantive law say those facts merit. | "Do pleadings, pre-trial orders, or theories postulated by either party operate to frustrate trier of fact in finding facts that a preponderance of the evidence permits?" | 028115.docx | LEGALEASE-00132542-LEGALEASE-00132543 |
| Hysong v. Lewicki, 811 A.2d 46 | 307A+486 | Provision providing that a court on motion may permit withdrawal or amendment of admissions where presentation of merits will be subserved, and party who obtained admission fails to convince court that it will suffer prejudice, emphasizes importance of resolving action on merits, and permits withdrawal where it promotes decision on merits while not prejudicing party who obtained admission. Rules Civ.Proc., Rule 4014, 42 Pa.C.S.A. | "Will a provision providing that a court on motion permit withdrawal or amendment of admissions where presentation of merits be subserved, and party who obtained admission fails to convince court that it will suffer prejudice, emphasize importance of resolving action on merits?" | Pretrial Procedure - Memo # 2905 - C - NS.docx | ROSS-003290321-ROSS-003290322 |
| Lucas v. Neidlinger, 210 Ga. 557 | 307A+24 | Where petitioner alleged that information and facts sought were necessary, beneficial and material to his suit for damages to be brought against defendants, and were peculiarly within knowledge of defendants and unknown to petitioner, and that petitioner was unable to ascertain or prove such facts and information without resort to defendants' conscience, and that petitioner had no adequate and complete remedy at law, and that discovery was necessary in order for petitioner to bring his suit against proper parties, such suit to be brought upon securing information requested, petition stated cause of action for writ of discovery. | Is the discovery granted upon the principle that the party cannot prove the thing sought to be discovered without resort to the conscience of the other party? | 030924.docx | LEGALEASE-00136942-LEGALEASE-00136944 |
| Nagy v. Ford Motor Co., 6 N.J. 341 | 413+1115 | Compensation Act provides social insurance in the common interest as well as interest of injured workman, and indemnity for risks of service, even without fault, is made to fall upon industry as an incident of the operation, and eventually upon the consumer, and parties themselves are not free to bargain for surrender of a right of compensation under the statute, and cannot contract out of the statute after the occurrence of a compensable accident. P.L.1945, c. 74, S 9; R.S. 34:15-22, N.J.S.A. | "Does the compensation act provide social assurance in the common interest as well as the interest of the injured workman, and is indemnity for risk of service, even without fault, made to fall upon industry as incident of the operation, and eventually upon the consumer?" | 047929.docx | LEGALEASE-00137256-LEGALEASE-00137257 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Carman-Crothers v. Brynda, 2014 IL App (1st) 130280 | 307A+560 | The trial court may consider several factors when evaluating a motion to dismiss for plaintiff's failure to exercise reasonable diligence in obtaining service on a defendant, including: (1) the length of time the plaintiff used to obtain service of process; (2) the plaintiff's activities during that time; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the plaintiff could have ascertained the defendant's whereabouts; (5) whether the defendant had actual knowledge of the pending action; (6) any special circumstances that affected the plaintiff's efforts; and (7) whether the defendant was actually served. Sup.Ct.Rules, Rule 103(b). | "In making a decision on motion to dismiss for failure to act with reasonable diligence in effecting the service of process, should the trial court consider certain factors?" | 033683.docx | LEGALEASE-00143037-LEGALEASE-00143038 |
| Silverberg v. Haji, 2015 IL App (1st) 141321 | 307A+560 | The relevant factors to consider when determining whether to grant a motion to dismiss based on plaintiff's lack of reasonable diligence in serving a defendant, include, but are not limited to: (1) the length of time used to obtain service of process, (2) the activities of plaintiff, (3) plaintiff's knowledge of defendant's location, (4) the ease with which defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service, (6) special circumstances which would affect plaintiff's efforts, and (7) actual service on defendant. Sup.Ct.Rules, Rule 103(b). | "In ruling on a motion to dismiss for lack of diligence in service of process, can a court consider the following nonexclusive factors?" | 033623.docx | LEGALEASE-00143892-LEGALEASE-00143893 |
| United States v. Biaggi, 909 F.2d 662 | 164T+24(6) | If United States congressman demands payment for taking official action as to matter that requires some legal services, his demand is extortion if he instructs payer to retain his son's law firm for needed services and to pay sum for both firm's legal services and his own official action; in such cases, however, evidence must suffice to permit jury to find beyond reasonable doubt that unlawful purposes were of substance, not merely vague possibilities that might attend otherwise legitimate transaction. 18 U.S.C.A. S 1951. | Is it possible that a payment to law firm become unlawful under bribery statutes? | 011770.docx | LEGALEASE-00146349-LEGALEASE-00146350 |
| Putnam v. State, 245 Ga. App. 95 | 135H+95.1 | Although the trial judge should explain on the record that he or she considered and rejected alternative remedies to mistrial, the fact that the lower court failed to do so does not, standing alone, render the judge's determination so unwarranted as to preclude the defendant's retrial on grounds of former jeopardy. O.C.G.A. S 16-1-8(a)(2). | "Although the trial judge should explain on the record that he or she considered and rejected alternative remedies to mistrial, does the fact that the lower court failed to do so not render the judge's determination so unwarranted as to preclude the defendant's retrial on grounds of former jeopardy?" | Double Jeopardy - Memo 396 - C - RF_66806.docx | ROSS-003279842-ROSS-003279843 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Coughlin, 610 F.3d 89 | 135H+100.1 | To decipher what issues the jury has necessarily decided on acquitted charges, as would bar relitigation of those issues under the Double Jeopardy Clause, courts should examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration; this inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings. U.S.C.A. Const.Amend. 5. | "To decipher what issues the jury has necessarily decided on acquitted charges, as would bar re litigation of those issues under the Double Jeopardy Clause, should courts examine the record of a prior proceeding, taking into account the pleadings?" | 016240.docx | LEGALEASE-00165561-LEGALEASE-00165562 |
| In re Trask, 462 B.R. 268 | 366+1 | Traditional doctrine of "equitable subrogation" enables one who pays, otherwise than as a volunteer, an obligation for which another is primarily liable, to be given by equity the protection of any lien or other security for the payment of the debt to the creditor, and to enforce such security against the principal debtor or collect the obligation from him. | "Does equitable subrogation traditionally enable one who pays, other than as volunteer, an obligation for which another is primarily liable to be given by equity the protection of any lien or other security for payment of debt to creditor, and to enforce such security against the principal debtor or collect obligation from him?" | Subrogation - Memo 385 - RM C.docx | ROSS-003313040-ROSS-003313041 |
| In re Shavers, 418 B.R. 589 | 366+1 | In Mississippi, the doctrine of equitable subrogation applies, in general, wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable. | "Does the doctrine of equitable subrogation apply, in general, wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable?" | Subrogation - Memo 346 - VP.docx | ROSS-003324195-ROSS-003324197 |
| State v. Jack, 125 P.3d 311 | 221+136 | Under the "right of innocent passage doctrine," a coastal nation is not authorized to assert jurisdiction over a foreign vessel unless the consequences of the crime extend to the coastal State, or the crime is of a kind to disturb the peace of the country or the good order of the territorial sea. | "Under the right of innocent passage doctrine, is a coastal nation authorized to assert jurisdiction over a foreign vessel or can it assert jurisdiction only if the consequences of the crime extend to the coastal State, or the crime is of a kind to disturb the peace of the country or the good order of the territorial sea? " | International Law - Memo # 3 - C - LK.docx | ROSS-003325745-ROSS-003325746 |
| Breimhorst v. Beckman, 227 Minn. 409 | 92+2625(1) | In the exercise of police power, the vesting by the legislature in the industrial commission of quasi-judicial powers inclusive of power to determine facts and apply the law thereto in employment-accident controversies is not in violation of state constitutional provisions for the division of the powers of government or for the vesting of judicial power in the courts as long as the commission's awards and determinations are not only subject to review by certiorari but lack judicial finality in not being enforceable by execution or other process in the absence of a binding judgment entered thereon by duly established court. M.S.A.Const. art. 1, SS 2, 8; art. 3, S 1; art. 6, S 1. | Is vesting of quasi-judicial powers in an administrative agency constitutional when its decisions are subject to judicial review? | 000339.docx | LEGALEASE-00117691-LEGALEASE-00117692 |
| Schwartz v. Hasty, 175 S.W.3d 621 | 366+1 | Collateral source rule and the principles of subrogation work in tandem by ensuring that the tortfeasor bears the ultimate responsibility for payment of damages without diminishment for benefits received by the injured party from collateral sources, while preventing double recovery by the injured party where the party providing the collateral source benefits seeks reimbursement through subrogation. | Does the collateral source rule and the principles of subrogation work in tandem by ensuring that the tortfeasor bears the ultimate responsibility for payment of damages without diminishment for benefits received by the injured party from collateral sources? | 043898.docx | LEGALEASE-00121078-LEGALEASE-00121079 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Orem v. Wrightson, 51 Md. 34 | 366+1 | The doctrine of subrogation, or substitution, is a peculiar feature of equity. It is not founded in contract, but has its origin in a sense of natural justice. So soon as a surety pays the debt of the principal debtor, equity subrogates him to the place of the creditor, and gives him every right, lien and security to which the creditor could have resorted for the payment of his debt. | "As soon as surety pays the debt of principal debtor, does equity subrogate him to place of creditor that is paid and give him every right, lien, security to which creditor could have resorted for payment of debt?" | 043957.docx | LEGALEASE-00121185-LEGALEASE-00121186 |
| In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | The act of state doctrine bars judicial review of claim if (1) there is official act of foreign sovereign performed within its own territory and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | "Does the act of state doctrine bar judicial review of claim if there is an official act of a foreign sovereign performed within its own territory, and relief is sought or a defense interposed that require a court in United States to declare invalid the foreign sovereign's official act?" | International Law - Memo # 92 - C - LK.docx | ROSS-003286110-ROSS-003286111 |
| Gov't of Dominican Republic v. AES Corp., 466 F. Supp. 2d 680 | 221+342 | Act of state doctrine does not take the form of an absolute or inflexible rule, but rather requires a careful case-by-case analysis to determine if, in a particular situation, the conduct of foreign affairs by the executive branch is likely to be vexed or hindered by judicial review of the acts of a foreign government. | Does the act of state doctrine require a careful case-by-case analysis to determine if the conduct of foreign affairs by the executive branch is likely to be vexed or hindered by judicial review of the acts of a foreign government? | International Law - Memo # 96 - C - LK.docx | ROSS-003286173-ROSS-003286174 |
| Mayekawa Mfg. Co. v. Sasaki, 76 Wash. App. 791 | 221+351 | A generally recognized rule of international comity states that an American court will only recognize a final and valid judgment; however, modifiable foreign orders can be granted extraterritorial effect even though they might not be final for purposes of res judicata. | "Does a generally recognized rule of international comity state that an American court will only recognize a final and valid judgement however, modifiable foreign orders can be granted extraterritorial effect even though they might not be final for purposes of res judicata?" | International Law - Memo # 402 - C - MLS.docx | ROSS-003312371-ROSS-003312372 |
| In re Bruetman, 259 B.R. 649 | 106+512 | "Comity" is defined as recognition which one nation allows within its territory to legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to rights of its own citizens, or of other persons who are under protection of its laws. | "Is comity defined as recognition which one nation allows within its territory to legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to rights of its own citizens, or of other persons who are under protection of its laws?" | 020548.docx | LEGALEASE-00125282-LEGALEASE-00125283 |
| Trugman-Nash v. New Zealand Dairy Bd., 942 F. Supp. 905 | 221+342 | It is necessary factual predicate for application of act of state doctrine that relief sought or defense interposed would have required court in United States to declare invalid official act of foreign sovereign performed within its own territory. | Is it a necessary factual predicate for the application of an act of state doctrine that relief sought or defense interposed would have required court in United States to declare invalid official act of foreign sovereign performed within its own territory? | International Law - Memo 592 - TH.docx | ROSS-003325946-ROSS-003325947 |
| State v. Harris, 104 P.3d 1250 | 67+2 | In order to convict a defendant of looting during a declared emergency, the state must prove that defendant (1) intentionally entered a structure containing a business, (2) that lacked normal security because of a hurricane, flood, act of God, or force majeure of any kind, (3) during a declared state of emergency that the defendant knew or should have known existed, and (4) that defendant obtained, exerted control over, damaged or removed property of the owner; additionally, the state must prove the identity of the defendant as the perpetrator. LSA-R.S. 14:62.5. | What must the state prove in order to convict a defendant for looting during a declared emergency? | Burglary - Memo 11 - RK.docx | ROSS-003311927-ROSS-003311928 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mission Mun. Hosp. v. Bryant, 563 S.W.2d 293 | 307A+742.1 | The purpose of a pretrial hearing is to aid the trial court in narrowing the issues and in disposing of other matters which may aid in the final disposition of the action; in a pretrial conference, the trial court may consider all dilatory pleas and all motions and exceptions relating to a suit pending, the necessity or desirability of amendments to the pleadings, the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof and such other matters as may aid in disposition of the action. Rules of Civil Procedure, rule 166. | "When can a Trial court in a pretrial conference among other things, consider all dilatory pleas and all motions and exceptions relating to a suit pending?" | Pretrial Procedure - Memo # 1495 - C - NC.docx | ROSS-003287610-ROSS-003287611 |
| Polansky v. Berenji, 393 S.W.3d 362 | 307A+517.1 | Although rule regarding nonsuits allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after a nonsuit is filed, the rule does not forestall the nonsuit's effect of rendering the merits of the case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Although rule regarding nonsuits allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after a nonsuit is filed, does the rule forestall the nonsuit's effect of rendering the merits of the case moot?" | Pretrial Procedure - Memo # 2278 - C - SHB.docx | ROSS-003301642-ROSS-003301643 |
| Angerame v. Nissenbaum, 208 A.D.2d 579 | 307A+517.1 | While it is true that plaintiff should be permitted to discontinue action without prejudice in order to rectify tactical error, simplify form of action, or avoid juror confusion, leave to discontinue action without prejudice generally should not be granted to enable plaintiff to circumvent effect of court order in defendant's favor, since prejudice would inure to defendant. | "Should leave to discontinue an action without prejudice generally not be granted to enable a plaintiff to circumvent an effect of a court order in a defendant's favor, since prejudice would inure to a defendant?" | 028481.docx | LEGALEASE-00132298-LEGALEASE-00132299 |
| Coburn v. Domanosky, 257 Pa. Super. 474 | 307A+723.1 | Where a lower court believes that counsel's scheduling conflict is so inexcusable that the client must suffer compulsory nonsuit rather than be granted a continuance, the court should ensure that all relevant factors are explored on the record and that the record supports a finding that the attorney had no reasonable explanation. | "Where a lower court believes that counsel's scheduling conflict is so inexcusable that the client must suffer compulsory nonsuit rather than be granted a continuance, should the court ensure that all relevant factors are explored on the record and that the record supports a finding that the attorney had no reasonable explanation?" | Pretrial Procedure - Memo # 4153 - C - ES.docx | ROSS-003330449-ROSS-003330450 |
| Bland v. Graves, 99 Ohio App. 3d 123 | 307A+711 | Under Supreme Court's Unger test, objective factors that may be considered by trial court in assessing propriety of motion for continuance include length of requested delay, whether other continuances have been requested and received, inconvenience to litigants, witnesses, opposing counsel and the court, whether requested delay is for legitimate reasons or is dilatory, purposeful or contrived, whether moving party contributed to circumstance which gives rise to request for continuance, and other relevant factors, depending on unique facts of case. | What are the objective factors which may be considered by the trial judge in determining a motion for a continuance? | 031386.docx | LEGALEASE-00137786-LEGALEASE-00137787 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Weaver v. Giffels, 317 Mich. App. 671 | 76E+393 | In determining whether a child who has reached the age of majority but who is still attending high school resides full-time with a recipient of child support based on child's intent to make recipient's home her permanent residence, providing basis for child support to continue, trial court should consider, when relevant, the factors historically considered in determining where an individual resides or has his or her domicile: (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises; (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household. M.C.L.A. S 552.605b. | What all factors should a court consider in determining where an individual resides or has his or her domicile? | 014471.docx | LEGALEASE-00141069-LEGALEASE-00141070 |
| United States v. Barash, 365 F.2d 395 | 63+10 | If a government officer threatens serious economic loss unless paid for giving a citizen his due, the latter is entitled to have the jury consider this, not as a complete defense like duress, but as bearing on the specific intent required for the commission of bribery. 18 U.S.C.A. S 201(b). | "If a government officer threatens serious economic loss unless paid for giving a citizen his due, is the citizen entitled to have the jury consider this as bearing on the specific intent required for the commission of bribery?" | 011493.docx | LEGALEASE-00142209-LEGALEASE-00142210 |
| McRoberts v. Bridgestone Americas Holding, 365 Ill. App. 3d 1039 | 307A+560 | In making a decision on motion to dismiss for failure to act with reasonable diligence in effecting the service of process, the trial court should consider the following factors: (1) the length of time used to obtain the service of process, (2) the activities of the plaintiff, (3) the plaintiff's knowledge of the defendant's location, (4) the ease with which the defendant's whereabouts could have been ascertained, (5) special circumstances that would affect the plaintiff's rights, and (6) actual service on the defendant. Sup.Ct.Rules, Rule 103(b). | "In making a decision on motion to dismiss for failure to act with reasonable diligence in effecting the service of process, should the trial court consider certain factors?" | Pretrial Procedure - Memo # 6224 - C - SJ.docx | ROSS-003288244-ROSS-003288245 |
| Lewis v. Dillon, 352 Ill. App. 3d 512 | 307A+560 | In ruling on motion to dismiss case for failure to exercise reasonable diligence to obtain service of process, courts look to the following factors: (1) length of time used in serving defendant; (2) plaintiff's activities; (3) whether plaintiff is aware of defendant's location; (4) whether defendant's location could be easily ascertained; (5) actual knowledge of complaint on part of defendant; (6) special circumstances affecting plaintiff's efforts; and (7) actual service on defendant. Sup.Ct.Rules, Rule 103(b). | Is prejudice against a defendant a factor considered in ruling on a motion to dismiss case for failure to exercise reasonable diligence to obtain service of process? | 033972.docx | LEGALEASE-00142939-LEGALEASE-00142940 |
| Chacha v. Transp. USA, 78 So. 3d 727 | 307A+563 | An order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process. | Should an order granting a dismissal or default for fraud on the court include express written findings demonstrating that the trial court has carefully balanced the equities? | 034656.docx | LEGALEASE-00145200-LEGALEASE-00145201 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Atwater v. Town of Plainfield, 160 N.H. 503 | 307A+681 | In ruling upon a motion to dismiss, a trial court normally accepts all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff; however, when the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, such as that the trial court lacks jurisdiction to hear the claim due to the plaintiff's failure to exhaust its administrative remedies, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | Can the court look beyond petitioners' unsubstantiated allegations and determine whether petitioners have sufficiently demonstrated their right to claim relief? | Pretrial Procedure - Memo # 7657 - C - NS.docx | ROSS-003286447-ROSS-003286448 |
| Com., Dep't of Ed. v. First Sch., 22 Pa. Cmwlth. 334 | 141E+914 | Nonpublic Elementary and Secondary Education Act, which authorizes reimbursement of nonpublic schools for actual expenditures for teachers' salaries, textbooks and other instructional materials, and which had been held unconstitutional because cumulative impact of entire relationship between secular and religious educational functions arising under statute involved excessive entanglement between government and religion, was not unconstitutional as applied to situations where prohibited church-state entanglement was not involved as in case of nonpublic, nonsectarian institutions. 24 P.S. S 5601 et seq. | Does the Nonpublic Elementary and Secondary Education Act apply to nonsectarian public schools? | 017022.docx | LEGALEASE-00150068-LEGALEASE-00150069 |
| Jackson v. Bank of Am., N.A., 149 A.D.3d 815 | 307A+679 | On a motion to dismiss a pleading for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff or petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "While a plaintiffs' pleadings are liberally interpreted in the context of motion to dismiss for failure ina CPLR 3211(a)(7) motion to state a cause of action, will such liberal standard not save allegations that consist of bare legal conclusions?" | Pretrial Procedure - Memo # 8165 - C - SKG.docx | LEGALEASE-00040057-LEGALEASE-00040058 |
| Mariano v. Fiorvante, 118 A.D.3d 961 | 307A+683 | In assessing motion to dismiss complaint for failure to state a cause of action, facts as alleged in complaint and opposition papers must be accepted as true; court must accord plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "In assessing a motion to dismiss a complaint for failure to state a cause of action, should facts as alleged in complaint and opposition papers be accepted as true?" | Pretrial Procedure - Memo # 8654 - C - KS_60220.docx | ROSS-003282445-ROSS-003282446 |
| Zellner v. Odyl, 117 A.D.3d 1040 | 307A+681 | In determining a motion to dismiss complaint for failure to state a claim, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law, the motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | Is the sole criterion determining a motion to dismiss pursuant to CPLR 3211(a)(7) that factual allegations of a pleading's four corners are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal for failure to state a cause of action? | Pretrial Procedure - Memo # 9368 - C - TJ_61056.docx | ROSS-003308840-ROSS-003308841 |
| Hall v. Podleski, 355 S.W.3d 570 | 30+3896 | Upon review of a ruling on a motion to dismiss for failure to state a claim, rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts; that is, although the Court of Appeals treats all of the factual allegations in a petition as true, and liberally grants to plaintiffs all reasonable inferences therefrom, conclusory allegations of fact and legal conclusions are not considered in determining whether a petition states a claim upon which relief can be granted. | "On motion to dismiss, are conclusory allegations of fact and legal conclusions not considered in determining whether a petition states a claim upon which relief can be granted?" | 038690.docx | LEGALEASE-00154061-LEGALEASE-00154062 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Warth v. Seldin, 422 U.S. 490 | 170A+392 | For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party; at the same time, it is within trial court's power to allow or require plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of standing. | "On a motion to dismiss for want of standing, do courts accept as true all material allegations in the complaint and affidavits and construe them in favor of the plaintiffs?" | 039494.docx | LEGALEASE-00155028-LEGALEASE-00155029 |
| Atwater v. Town of Plainfield, 160 N.H. 503 | 307A+681 | In ruling upon a motion to dismiss, a trial court normally accepts all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff; however, when the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, such as that the trial court lacks jurisdiction to hear the claim due to the plaintiff's failure to exhaust its administrative remedies, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | "When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, must a court look beyond a plaintiff's unsubstantiated allegations?" | 025916.docx | LEGALEASE-00158156-LEGALEASE-00158157 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+103 | The initial inquiry into whether a state statute relating to immigration is preempted by federal law is whether the state statute constitutes an attempted regulation of immigration that is per se preempted because of the exclusivity of federal power to regulate in the area under the United States Constitution; if this is not the case, the statute may nevertheless be preempted under a second test, which is whether it was the clear and manifest purpose of Congress to effect a complete ouster of state power-including state power to promulgate laws not in conflict with federal laws with respect to the subject matter of the state statute-because Congress intended to occupy the field to which the state statute applies. U.S.C.A. Const. Art. 6, cl. 2. | Are state statutes relating to immigration preempted by federal law? | "Aliens, Immigration and Citizenship - Memo 143 - RK_64782.docx" | ROSS-003297747-ROSS-003297748 |
| D.H. by Dawson v. Clayton Cty. Sch. Dist., 830 F.3d 1306 | 141E+744 | To determine the constitutional reasonableness of a school official's decision to search a student, courts apply a two-pronged inquiry: first, the search must be justified at its inception, meaning that the official has reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school, and second, the scope of the search must be reasonably related to the circumstances which justified the interference in the first place, meaning that the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction. U.S. Const. Amend. 4. | When can a school official reasonably search a student? | 017313.docx | LEGALEASE-00164355-LEGALEASE-00164357 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prison Health Servs. v. Mitchell, 256 Ga. App. 537 | 307A+695 | A plaintiff may avoid renewal statute's requirement that he pay court costs in first suit before re-filing previously dismissed action where he demonstrates that the costs were unknown to him after a good faith effort to ascertain them, and further shows that any subsequently discovered costs were paid within a reasonable time. O.C.G.A. SS 9-2-61(a), 9-11-41(d). | Can a plaintiff avoid a renewal statute's requirement that he pay court costs in the first suit before re-filing previously dismissed an action where he demonstrates that the costs were unknown to him after a good faith effort to ascertain them? | 040836.docx | LEGALEASE-00166100-LEGALEASE-00166101 |
| Laguerre v. State, 799 S.E.2d 736 | 110+867.2 | A trial court has acted within its sound discretion in rejecting possible alternatives and in granting a mistrial if reasonable judges could differ about the proper disposition, even though in a strict, literal sense, the mistrial is not necessary; this great deference means that the availability of another alternative does not without more render a mistrial order an abuse of sound discretion. | "Does a Court act within its sound discretion in rejecting possible alternatives and in granting a mistrial, for the purposes of double jeopardy analysis, differ about the proper disposition that mistrial is not necessary?" | 015635.docx | LEGALEASE-00166128-LEGALEASE-00166129 |
| State v. Gouveia, 384 P.3d 846 | 135H+99 | "Manifest necessity," as would warrant a mistrial and not bar retrial based on defendant's right against double jeopardy, is defined as circumstances in which it becomes no longer possible to conduct the trial or to reach a fair result based upon the evidence. U.S. Const. Amend. 5; Haw. Rev. Stat. S 701-110(4) (b) (iii). | "Is ""manifest necessity,"" as would warrant a mistrial and not bar retrial based on defendant's right against double jeopardy, defined as circumstances in which it becomes no longer possible to conduct the trial or to reach a fair result based upon the evidence?" | 015896.docx | LEGALEASE-00166258-LEGALEASE-00166259 |
| Jackson v. Bank of Am., N.A., 149 A.D.3d 815 | 307A+679 | On a motion to dismiss a pleading for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff or petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "While a plaintiffs' pleadings are liberally interpreted in the context of motion to dismiss for failure in a CPLR 3211(a)(7) motion to state a cause of action, will such liberal standard not save allegations that consist of bare legal conclusions?" | 036670.docx | LEGALEASE-00150468-LEGALEASE-00150469 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+103 | The initial inquiry into whether a state statute relating to immigration is preempted by federal law is whether the state statute constitutes an attempted regulation of immigration that is per se preempted because of the exclusivity of federal power to regulate in the area under the United States Constitution; if this is not the case, the statute may nevertheless be preempted under a second test, which is whether it was the clear and manifest purpose of Congress to effect a complete ouster of state power-including state power to promulgate laws not in conflict with federal laws with respect to the subject matter of the state statute-because Congress intended to occupy the field to which the state statute applies. U.S.C.A. Const. Art. 6, cl. 2. | Are state statutes relating to immigration preempted by federal law? | 006846.docx | LEGALEASE-00160458-LEGALEASE-00160459 |
| Murray v. Cadle Co., 257 S.W.3d 291 | 366+1 | "Equitable subrogation" is a legal fiction whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another. | "Is equitable subrogation a legal fiction whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another?" | Subrogation - Memo 292 RM C.docx | ROSS-003302789-ROSS-003302790 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| N.L.R.B. v. Okun Bros. Shoe Store, 825 F.2d 102 | 231H+1439 | In determining whether employer's conduct has been coercive or has tended to interfere with employees' exercise of their rights, National Labor Relations Board considers total context to which challenge conduct occurs and is justified in viewing issue from standpoint of its impact upon employees; assessment should take into account economic dependence of employees on their employers, and necessary tendency of the former, because of that relationship, to pick upon intended implications of the latter that might be more readily dismissed by a more disinterested ear. National Labor Relations Act, S 8(a)(1), as amended, 29 U.S.C.A. S 158(a)(1). | How should the coercive tendencies of an employer's conduct be determined? | 001405.docx | LEGALEASE-00118510-LEGALEASE-00118511 |
| Spinetti v. Serv. Corp. Int'l, 324 F.3d 212 | 25T+134(1) | While Court of Appeals must respect liberal federal policy favoring arbitration agreements illustrated by Federal Arbitration Act (FAA) it must face equally strong policies of invalidating arbitration agreements when large arbitration costs could preclude litigant from effectively vindicating her federal statutory rights in arbitral forum and permitting award of attorney fees to prevailing party pursuant to Title VII and ADEA. 9 U.S.C.A. S 1 et seq.; Age Discrimination in Employment Act of 1967, S 7(b), 29 U.S.C.A. S 626(b); Civil Rights Act of 1964, S 706(k), as amended, 42 U.S.C.A. S 2000e-5(k). | Should large arbitration costs that preclude a litigant from effectively vindicating their federal statutory rights be invalidated? | 001701.docx | LEGALEASE-00118745-LEGALEASE-00118747 |
| People v. Owen, 299 Ill. App. 3d 818 | 110+632(4) | Trial court has discretion to choose not to entertain motion in limine at all, and is fully justified to exercise its discretion by telling moving party that, for whatever reason, court chooses not to entertain motion in limine, and instead will require evidence in question, if it is to be offered at all, to be presented in normal course of trial; court will then make its ruling upon evidentiary question at issue when matter has become ripe, assuming it ever does. | Do trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions after the contested evidence is offered in the normal course of the trial? | 028078.docx | LEGALEASE-00122099-LEGALEASE-00122100 |
| Ottenheimer Publishers v. Regal Publishers, 626 S.W.2d 276 | 366+7(1) | Generally a surety or guarantor, by payment of debt of his principal when he is obligated to make that payment, acquires an immediate right to subrogate it to extent necessary to obtain reimbursement or contribution to all rights, remedies and securities which were available to creditor to obtain payment from person or property of any person who, as to surety, is primarily liable to debt. | "Does a surety or guarantor, by payment of debt of his principal when he is obligated to make that payment, acquire an immediate right to subrogate it to the extent necessary to obtain reimbursement or contribution to all rights, remedies and securities which were available to creditor?" | Subrogation - Memo # 917 - RM C.docx | ROSS-003329811-ROSS-003329812 |
| In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | Under "act of state doctrine," every sovereign state is bound to respect the independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory; redress of grievances by reason of such acts must be obtained through means open to be availed of by sovereign powers as between themselves. | "Under the act of the state doctrine, will a court review actions of a foreign sovereign because every sovereign state is bound to respect the independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory?" | International Law - Memo 353 SB.docx | ROSS-003284494-ROSS-003284496 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Zivotofsky ex rel. Zivotofsky v. Sec'y of State, 725 F.3d 197 | 221+502 | An entity recognized by the United States as a foreign state may maintain a suit in a United States court, assert the sovereign immunity defense in a United States court, and benefit from the "act of state doctrine," which provides that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. | "Is every sovereign state bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" | International Law - Memo # 120 - C - CAR.docx | ROSS-003324865-ROSS-003324866 |
| Washington Legal Found. v. Legal Found. of Washington, 271 F.3d 835 | 148+2.4 | Because of the state's traditionally high degree of control of commercial dealings, the principles of takings law that apply to real property do not apply in the same manner to statutes imposing monetary liability; thus, even though taxes or special municipal assessments indisputably take money from individuals or businesses, assessments of that kind are not treated as per se takings under the Fifth Amendment. U.S.C.A. Const.Amend. 5. | "Does the principles of takings law that apply to real property, apply in the same manner to statutes imposing monetary liability?" | 017629.docx | LEGALEASE-00126624-LEGALEASE-00126625 |
| Iacampo v. Hasbro, 929 F. Supp. 562 | 413+1 | Rhode Island Workers' Compensation Act establishes statutory scheme whereby employee is provided with swift, though limited, relief for all injuries suffered on job; however right to no-fault compensation is afford in lieu of all other rights and remedies that injured employee might have. R.I.Gen.Laws 1956, SS 28-29-1 to 28-37-31. | "Does the workers compensation act (WCA) establish a statutory scheme whereby an employee is provided with a swift, though limited, relief for all injures suffered on the job, even though the right to no-fault compensation is afforded in lieu of all other rights and remedies that injured employee might have?" | 048457.docx | LEGALEASE-00126826-LEGALEASE-00126827 |
| Cunniffe v. Cunniffe, 141 Conn. App. 227 | 307A+711 | There are several factors that the trial court may consider in exercising its discretion in deciding whether to grant a continuance: (1) timeliness of the request for continuance; (2) the likely length of the delay; (3)the age and complexity of the case; (4) the granting of other continuances in the past; (5) the impact of delay on the litigants, witnesses, opposing counsel and the court; (6) the perceived legitimacy of the reasons proffered in support of the request; (7) the defendant's personal responsibility for the timing of the request; and (8) the likelihood that the denial would substantially impair the defendant's ability to defend himself. | What two factors does a court consider when determining whether to grant a continuance? | 026700.docx | LEGALEASE-00130021-LEGALEASE-00130023 |
| In re Dissolution of Marriage of Leverock & Hamby, 23 So. 3d 424 | 307A+483 | A judge does not have the discretion to deem a matter admitted, because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate; the trial court, may, however, permit withdrawal or amendment of the admission. Rules Civ.Proc., Rule 36. | "Does a judge have the discretion to deem a matter admitted, because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate?" | 029009.docx | LEGALEASE-00134046-LEGALEASE-00134047 |
| Zivotofsky ex rel. Zivotofsky v. Sec'y of State, 725 F.3d 197 | 221+502 | An entity recognized by the United States as a foreign state may maintain a suit in a United States court, assert the sovereign immunity defense in a United States court, and benefit from the "act of state doctrine," which provides that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. | "Is every sovereign state bound to respect the independence of every other sovereign, and will the courts of one country sit in judgment on the acts of the government of another done within its own territory?" | International Law - Memo #1063 ANC.docx | ROSS-003290635-ROSS-003290636 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Zivotofsky ex rel. Zivotofsky v. Sec'y of State, 725 F.3d 197 | 221+502 | An entity recognized by the United States as a foreign state may maintain a suit in a United States court, assert the sovereign immunity defense in a United States court, and benefit from the "act of state doctrine," which provides that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. | "Is every sovereign state bound to respect the independence of every other sovereign, and will the courts of one country sit in judgment on the acts of the government of another done within its own territory?" | 020739.docx | LEGALEASE-00135765-LEGALEASE-00135766 |
| Williams v. Bordon's, 274 S.C. 275 | 307A+716 | Generally, request for a continuance due to counsel's legislative duties should be granted in a civil action for damages if the request is timely and made in good faith, unless a substantial right of the parties to the litigation will be defeated or abridged by the delay. | "Generally, should a request for a continuance due to counsel's legislative duties be granted in a civil action for damages if the request is timely and made in good faith, unless a substantial right of the parties to the litigation will be defeated or abridged by the delay?" | Pretrial Procedure - Memo # 3263 - C - SS.docx | LEGALEASE-00025173-LEGALEASE-00025174 |
| Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | If party denies request for admission of substantial importance under circumstances where party lacked personal knowledge but had available sources of information and failed to make reasonable investigation to ascertain facts, such failure justifies award of expenses under S 2034(c) on basis that party had no good reasons for denial of request for admission. West's Ann.Cal.C.C.P. S 2034(c). | "If a party denies a request for admission in circumstances where party lacked personal knowledge but had available sources of information and failed to make reasonable investigation to ascertain the facts, will such failure justify an award of expenses?" | Pretrial Procedure - Memo # 3484 - C - NS.docx | ROSS-003317456-ROSS-003317457 |
| Soto v. BorgWarner Morse TEC Inc., 239 Cal. App. 4th 165, 191 Cal. Rptr. 3d 263 | 307A+36.1 | A plaintiff seeking punitive damages may do nothing pretrial and instead wait until liability is established to ask the court for the order permitting discovery of the defendant's financial condition, but this strategy may backfire, as it is left to the court's discretion whether to delay the proceedings by ordering the defendant to produce information that could have been obtained earlier or to forge ahead upon concluding that such an order is inappropriate under the circumstances of the case. Cal. Civ. Code S 3295(c). | Is pretrial discovery of a defendant's financial condition in connection with a claim for punitive damages prohibited if a court order permitting such discovery is absent? | 031037.docx | LEGALEASE-00137993-LEGALEASE-00137994 |
| Short v. Frink, 151 Cal. 83 | 307A+74 | Where a general objection to a question in a deposition susceptible of an answer that may be properly given in evidence has been overruled, the objector's only remedy, after the answer is read, is a motion to strike out, and, in the absence of such motion, the question will not be considered on appeal, since, in the absence of actual knowledge, specific objection, or intimation to the contrary, a trial court has the right to assume that a question in a deposition susceptible of an answer properly admissible in evidence has been so answered. | "Where a general objection to a question in a deposition susceptible of an answer that may be properly given in evidence has been overruled, is the objector's only remedy a motion to strike out?" | 032459.docx | LEGALEASE-00140492-LEGALEASE-00140493 |
| Indianapolis-Marion Cty. Pub. Library v. Shook, 835 N.E.2d 533 | 307A+554 | When reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Trial Procedure Rule 12(B)(1). | "In reviewing a motion to dismiss for lack of subject matter jurisdiction, is the question whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution relevant?" | 033400.docx | LEGALEASE-00142716-LEGALEASE-00142717 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sykes v. Melba Creek Mining, 952 P.2d 1164 | 30+3324 | Choice of particular sanction for discovery violation is ordinarily matter committed to broad discretion of the trial court, subject only to review for abuse of discretion, but trial court's discretion is limited when effect of sanction is to impose liability on offending party, establish outcome of or preclude evidence on central issue, or end litigation entirely. Rules Civ.Proc., Rule 37. | "Is the choice of particular sanction for discovery violation ordinarily matter committed to broad discretion of the trial court, subject only to review for abuse of discretion?" | 034222.docx | LEGALEASE-00144735-LEGALEASE-00144736 |
| Ramey v. Haverty Furniture Companies, 993 So. 2d 1014 | 307A+563 | A "fraud on the court," upon which dismissal of action can be based, occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. | "Does a ""fraud on the court"" occur where it can be demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability?" | 034131.docx | LEGALEASE-00145423-LEGALEASE-00145425 |
| Dean v. Tucker, 182 Mich. App. 27 | 307A+746 | While trial court has authority to bar expert witness or dismiss action as sanction for failure to timely file witness list, fact that such action is discretionary rather than mandatory necessitates consideration of circumstances of each case to determine if such drastic sanction is appropriate. | "While a trial court has authority to bar expert witness or dismiss action as sanction for failure to timely file a witness list, is the fact that such action is discretionary rather than mandatory necessitate consideration of circumstances of each case?" | Pretrial Procedure - Memo # 7017 - C - CK.docx | ROSS-003286042-ROSS-003286043 |
| Lentz v. Phil's Toy Store, 228 N.C. App. 416 | 307A+690 | Before civil case may be involuntarily dismissed with prejudice for failure to prosecute, trial court must address the following three factors in its order: (1) whether plaintiff acted in manner which deliberately or unreasonably delayed the matter; (2) amount of prejudice, if any, to defendant caused by plaintiff's failure to prosecute; and (3) reason, if one exists, that sanctions short of dismissal would not suffice. Rules Civ.Proc., Rule 41(b), West's N.C.G.S.A. S 1A-1. | What factors should the court address before a case may be involuntarily dismissed with prejudice for failure to prosecute? | Pretrial Procedure - Memo # 8019 - C - RY_58374.docx | ROSS-003280011-ROSS-003280012 |
| Xia-Ping Wang v. Diamond Hill Realty, 116 A.D.3d 767 | 307A+682.1 | Where defendant has submitted evidentiary material in support of motion to dismiss complaint for failure to state cause of action, and motion has not been converted to one for summary judgment, criterion is whether plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7),(c). | "Where a defendant has submitted evidentiary material in support of a motion to dismiss for failure to state a cause of action, is the criterion whether the plaintiff has a cause of action?" | 036718.docx | LEGALEASE-00149974-LEGALEASE-00149976 |
| Elmhurst Dairy v. Bartlett Dairy, 97 A.D.3d 781 | 307A+622 | When the moving party submits evidentiary material in support of his or her motion to dismiss, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he or she has stated one; however, a motion to dismiss must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | "When a movant submits evidentiary material in support of a motion to dismiss, does the criterion become whether the proponent of the pleading has a cause of action?" | 037449.docx | LEGALEASE-00151745-LEGALEASE-00151747 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Orlando v. New York Homes by J & J Corp., 128 A.D.3d 784 | 307A+622 | When a defendant submits evidence in support of a motion to dismiss and the motion has not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "When a defendant submits evidence in support of a motion to dismiss and the motion has not been converted into one for summary judgment, is the criterion whether the plaintiff has a cause of action?" | 037853.docx | LEGALEASE-00152116-LEGALEASE-00152117 |
| Bd. of Managers of 100 Cong. Condo. v. SDS Cong., 152 A.D.3d 478 | 307A+680 | When evidentiary material outside the pleading's four corners is considered, and a motion to dismiss for failure to state a cause of action is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one, and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "During a motion to dismiss, when evidentiary material outside the pleading's four corners is considered, does the question become whether the pleader has a cause of action?" | Pretrial Procedure - Memo # 8965 - C - DA_60416.docx | ROSS-003280568-ROSS-003280569 |
| Coomes v. Slater Dev. Corp., 36 S.W.3d 412 | 307A+680 | In determining whether to grant a motion to dismiss for failure to give rise to a cause of action, the plaintiff's petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case, and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive. | "In determining whether to grant a motion to dismiss for failure to give rise to a cause of action, is the plaintiff's petition reviewed in an almost academic manner?" | Pretrial Procedure - Memo # 9016 - C - UG.docx | LEGALEASE-00043084-LEGALEASE-00043085 |
| New York Hosp. Med. Ctr. of Queens v. Microtech Contracting Corp., 98 A.D.3d 1096 | 24+103 | In order to preserve the national uniformity of the Immigration Reform and Control Act's (IRCA's) verification system and the sanctions imposed for violations, Congress expressly provided that IRCA preempts any State or local law imposing civil or criminal sanctions, other than through licensing and similar laws, upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens; IRCA is silent, however, as to its preemptive effect on any other state or local laws. Immigration Reform and Control Act of 1986, S 101(a)(1), 8 U.S.C.A. S 1324a(h)(2). | Does IRCA preempt State or local laws imposing civil or criminal sanctions upon those who recruit or refer for a fee for employment unauthorized aliens? | "Aliens, Immigration and Citizenship - Memo 123 - RK_64765.docx" | ROSS-003323214-ROSS-003323215 |
| Stephens v. Messick, 2002 PA Super 117 | 307A+698 | Once a judgment of non pros has been entered, a three-part test determines whether a party may obtain relief from the judgment, namely first, the petition seeking relief from the judgment of non pros must be promptly filed, second, there must be a reasonable explanation for the delay that preceded the entry of the judgment of non pros, and third, the movant must show facts to exist that would support a meritorious cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | "Once a judgment of non pros has been entered, does a three-part test determine whether a party can obtain relief from the judgment?" | 040017.docx | LEGALEASE-00160767-LEGALEASE-00160768 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Finneran, 43 Misc. 3d 34 | 3.77E+38 | District Court correctly declined to charge jury with defense of justification regarding defendant's count of harassment in the second degree pursuant to statute providing that parent, guardian, or other person entrusted with care and supervision of person under age of 21 may use physical force upon such person when he reasonably believes it necessary to maintain discipline or to promote welfare of such person; contrary to contention of defendant, who was coach of youth football team, defendant was entrusted with care and supervision only of 10-year-old boys of team he coached, and physical force defendant used upon 11-year-old from another team was not physical force upon person who was under his care and supervision. McKinney's Penal Law SS 35.10(1), 240.26(1). | Can  a parent or guardian use reasonable physical force with the defense of justification? | 046927.docx | LEGALEASE-00161030-LEGALEASE-00161031 |
| State v. Mercado, 121 So. 3d 604 | 135H+96 | Absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions, the defendant waives his constitutional double jeopardy rights where the defendant moves for a mistrial, consents to one, or by his conduct causes one. U.S.C.A. Const.Amend. 5. | Absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions; does the defendant waive his constitutional double jeopardy rights? | 015213.docx | LEGALEASE-00163667-LEGALEASE-00163668 |
| Wilcox v. State, 342 Ark. 388 | 135H+1 | Constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense; the underlying idea is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. U.S.C.A. Const.Amend. 5; Const. Art. 2, S 8. | What is the underlying idea of the prohibition against double jeopardy? | 015997.docx | LEGALEASE-00166353-LEGALEASE-00166354 |
| Calvert Fire Ins. Co. v. James, 236 S.C. 431 | 366+1 | Legal "subrogation" is not dependent upon contract; the doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | Is the purpose of equitable subrogation to require the ultimate discharge of debt by person who in equity and good conscience ought to pay it? | Subrogation - Memo 134-VP C.docx | ROSS-003285440-ROSS-003285441 |
| Calvert Fire Ins. Co. v. James, 236 S.C. 431 | 366+1 | Legal "subrogation" is not dependent upon contract; the doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | Is the purpose of equitable subrogation to require the ultimate discharge of debt by person who in equity and good conscience ought to pay it? | 06403.docx | LEGALEASE-00083859-LEGALEASE-00083860 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Cupp, 383 B.R. 84 | 366+1 | Under Tennessee law, "subrogation" is equitable doctrine that facilitates adjustment of rights to avoid unjust enrichment in various situations, by substituting one person or entity in place of another in regard to some claim or right that a second person or entity may have against third party. | "Is subrogation an equitable doctrine that facilitates adjustment of rights to avoid unjust enrichment in various situations, by substituting one person or entity in place of another in regard to some claim or right that a second person or entity may have against third party?" | Subrogation - Memo # 540 - C - NO.docx | ROSS-003285847-ROSS-003285848 |
| Dean v. Tucker, 182 Mich. App. 27 | 307A+746 | While trial court has authority to bar expert witness or dismiss action as sanction for failure to timely file witness list, fact that such action is discretionary rather than mandatory necessitates consideration of circumstances of each case to determine if such drastic sanction is appropriate. | "While a trial court has authority to bar expert witness or dismiss action as sanction for failure to timely file a witness list, is the fact that such action is discretionary rather than mandatory necessitate consideration of circumstances of each case? " | 10818.docx | LEGALEASE-00094203-LEGALEASE-00094204 |
| Williams v. Bordon's, 274 S.C. 275 | 307A+716 | Generally, request for a continuance due to counsel's legislative duties should be granted in a civil action for damages if the request is timely and made in good faith, unless a substantial right of the parties to the litigation will be defeated or abridged by the delay. | "Generally, should a request for a continuance due to counsel's legislative duties be granted in a civil action for damages if the request is timely and made in good faith, unless a substantial right of the parties to the litigation will be defeated or abridged by the delay?" | Pretrial Procedure - Memo # 3263 - C - SS.docx | ROSS-003289653-ROSS-003289654 |
| Calvert Fire Ins. Co. v. James, 236 S.C. 431 | 366+1 | Legal "subrogation" is not dependent upon contract; the doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | "Is the doctrine of equitable subrogation to be applied according to dictates of equity and good conscience, in light of actions and relationship of parties?" | Subrogation - Memo # 403 - C - SA.docx | ROSS-003284274-ROSS-003284275 |
| Iacampo v. Hasbro, 929 F. Supp. 562 | 413+1 | Rhode Island Workers' Compensation Act establishes statutory scheme whereby employee is provided with swift, though limited, relief for all injuries suffered on job; however right to no-fault compensation is afford in lieu of all other rights and remedies that injured employee might have. R.I.Gen.Laws 1956, SS 28-29-1 to 28-37-31. | "Does the workers' compensation act (WCA) establish a statutory scheme whereby an employee is provided with a swift, though limited, relief for all injures suffered on the job, even though the right to no-fault compensation is afforded in lieu of all other rights and remedies that injured employee might have?" | Workers Compensation - Memo #58 ANC.docx | ROSS-003286907-ROSS-003286908 |
| Health Republic Ins. Co. v. United States, 129 Fed. Cl. 115 | 27+1 | When deciding whether to allow the participation of an amicus curiae, Court of Federal Claims may consider a number of factors, including (1) whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party, (2) whether the parties consent to the participation of the amicus curiae, (3) whether one of the parties is not interested in or capable of fully presenting one side of the argument, (4) whether the court's decision would directly affect the movant's rights or would set a controlling precedent regarding a claim of the movant, and (5) whether participation by an amicus curiae would unnecessarily delay the litigation. | What are the important factors in courts determining whether to accept an amicus brief? | Amicus Curiae - Memo 1 - JS.docx | ROSS-003295344-ROSS-003295345 |
| Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | Equitable subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. | "Does legal, or equitable subrogation arise by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid?" | Subrogation - Memo 351 - MS C.docx | ROSS-003308569-ROSS-003308571 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Washington Mut. Bank, FA v. Aultman, 172 Ohio App. 3d 584 | 366+1 | Equitable subrogation arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. | Does equitable subrogation arise by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid? | Subrogation - Memo # 460 - C - SU.docx | ROSS-003327712-ROSS-003327713 |
| Morgan Creek Residential v. Kemp, 153 Cal. App. 4th 675 | 366+1 | "Subrogation" is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim; by undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant, the "subrogee" is equitably subrogated to the claimant, or "subrogor," and succeeds to the subrogor's rights against the obligor. | Is subrogation defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim by undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant? | Subrogation - Memo # 510 - C - SU.docx | ROSS-003288145-ROSS-003288147 |
| In re Chateaugay Corp., 53 F.3d 478 | 366+7(1) | In equity, when property of one person is used in discharging obligation owed by another under such circumstances that the other would be unjustly enriched by retention of benefit thus conferred, former is entitled to be subrogated to position of obligee. | "In equity, when property of one person is used in discharging an obligation owed by another under such circumstances that the other would be unjustly enriched by retention of benefit thus conferred, is the former entitled to be subrogated to the position of obligee?" | Subrogation - Memo # 733 - C - SU.docx | ROSS-003325937-ROSS-003325938 |
| Yousuf v. Samantar, 552 F.3d 371 | 221+151 | Like the related doctrine of sovereign immunity, the rationale of head-of-state immunity is to promote comity among nations by ensuring that leaders can perform their duties without being subject to detention, arrest or embarrassment in a foreign country's legal system. | "Is the rationale of head-of-state immunity to promote comity among nations by ensuring that leaders can perform their duties without being subject to detention, arrest or embarrassment in a foreign country's legal system?" | 019727.docx | LEGALEASE-00123792-LEGALEASE-00123793 |
| World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154 | 221+342 | The "act of state doctrine" precludes the courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, and is applicable when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | Does the act of state doctrine preclude United States courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | International Law - Memo # 77 - C - LK.docx | ROSS-003282520-ROSS-003282522 |
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid. | "Does the act of state doctrine establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid?" | 019958.docx | LEGALEASE-00122823-LEGALEASE-00122824 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+342 | In considering the applicability of the act-of-state doctrine, that is, the affirmative defense that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official. | "In considering the act-of-state doctrine, does the affirmative defense that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official?" | 020087.docx | LEGALEASE-00123394-LEGALEASE-00123396 |
| State v. Grubb, 28 Ohio St. 3d 199 | 110+1035(2) | At trial, it is incumbent upon defendant, who has been temporarily restricted from introducing evidence by virtue of grant of motion in limine in favor of State, to seek introduction of the evidence by proffer or otherwise in order to enable trial court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal. | Must a party who has been temporarily restricted from introducing evidence must seek to introduce it at trial in order to enable court to make final determination as to its admissibility and to preserve any objection on record? | 032173.docx | LEGALEASE-00122759-LEGALEASE-00122760 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Philadelphia Gear Corp. v. Philadelphia Gear de Mexico, S.A., 44 F.3d 187 | 221+162 | Under principle of "international comity," domestic court normally will give effect to executive, legislative, and judicial acts of a foreign nation, and comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect. | "Under principle of ""international comity,"" will domestic courts normally give effect to executive, legislative, and judicial acts of a foreign nation, and should comity be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect?" | 020154.docx | LEGALEASE-00124686-LEGALEASE-00124687 |
| United States v. Labs of Virginia, 272 F. Supp. 2d 764 | 221+342 | The "act of state doctrine" prohibits United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government. | Does the act of state doctrine prohibit United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government? | 020210.docx | LEGALEASE-00124455-LEGALEASE-00124456 |
| Mannington Mills v. Congoleum Corp., 595 F.2d 1287 | 221+342 | To determine whether act of state doctrine applies in given factual context, court must analyze nature of questioned conduct and effect upon parties in addition to appraising the sovereign's role. | "To determine whether act of state doctrine applies in given factual context, must a court analyze the nature of questioned conduct and effect upon parties in addition to appraising the sovereign's role?" | International Law - Memo # 505 - C - KI.docx | ROSS-003297936-ROSS-003297938 |
| Tucker v. Interarms, 186 F.R.D. 450 | 221+341 | When possible, foreign law should be given effect in domestic courts, as matter of international comity, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations. | "Should foreign law be given an effect in domestic courts, as matter of international comity, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations?" | International Law - Memo 349 - SB.docx | ROSS-003299797-ROSS-003299798 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence, but is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | Is the trial court's ruling on a motion in limine a ruling that excludes or admits evidence; or is it merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling? | 031602.docx | LEGALEASE-00124954-LEGALEASE-00124956 |
| Scalice v. Performance Cleaning Sys., 50 Cal. App. 4th 221 | 413+1 | Foundation of workers' compensation system is presumed compensation bargain, wherein employer assumes liability for industrial injury or death without regard to fault and employee is afforded relatively quick payment of benefits. | "Is the foundation of the workers compensation system presumed on a compensation bargain, wherein the employer assumes liability for industrial injury or death without regard to fault and the employee is afforded relatively quick payment of benefits?" | 048352.docx | LEGALEASE-00126865-LEGALEASE-00126866 |
| Franke v. Fabcon, 509 N.W.2d 373 | 413+11 | Workers' compensation is social legislation, providing measure of security to workers injured on job, with burden of that expense considered proportionate part of expense of production; system endeavors fairly and fully to compensate meritorious injury claim. | "Is workers compensation a social legislation that provides a measure of security to workers injured on the job, with the burden of that expense to be considered a proportionate part of expense of production, and does the system endeavor to fairly and fully compensate a meritorious injury claim?" | 048549.docx | LEGALEASE-00127195-LEGALEASE-00127196 |
| Cramer v. Roberts, 19 N.J. Super. 1 | 150+71(1) | Long lapse of time before asserting right claimed by plaintiff if unexplained, may create or justify presumption against existence or validity of such right and in favor of defendant's adverse right, or presumption that right, if ever possessed by plaintiff, has been abandoned, waived or satisfied, that plaintiff has assented to or acquiesced in defendant's adverse right, that evidence of transaction in issue has been lost or become obscured, that conditions have changed since plaintiff's right accrued, or that defendant would be prejudiced by enforcement of plaintiff's claim. | Will a long lapse of time creates a presumption that a valid right never existed? | 005398.docx | LEGALEASE-00127996-LEGALEASE-00127997 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Perdue v. Mitchell, 373 So. 2d 650 | 307A+717.1 | To warrant continuance because of absence of witness, movant must show that expected evidence will be material and competent; that probability exists that testimony can be obtained at future date to which cause may be continued or postponed; that due diligence has been exercised by movant to secure absent witness or evidence; that expected evidence is credible and will probably affect results; that evidence is not merely cumulative or impeaching; and that motion for continuance is not made merely for purposes of delay. | "To warrant continuance because of the absence of the witness, must a movant show that expected evidence will be material and competent?" | Pretrial Procedure - Memo # 2092 - C - NS.docx | ROSS-003300817-ROSS-003300818 |
| Autin v. Goetz, 524 S.W.3d 617 | 307A+501 | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Tenn. R. Civ. P. 41.01(1). | Is a plaintiff's right to voluntary dismissal without prejudice subject to the exceptions expressly stated in the rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right? | Pretrial Procedure - Memo # 2219 - C - KA.docx | ROSS-003287933-ROSS-003287934 |
| Yanez v. Milburn, 932 S.W.2d 725 | 307A+517.1 | In performing its ministerial function to dismiss action upon motion for nonsuit, trial court does not adjudicate merits of case but merely places parties in position they were in before action was brought and, subject to certain conditions, does not preclude plaintiff from filing subsequent action seeking same relief. | "In performing its ministerial function to dismiss action upon motion for nonsuit, does a trial court adjudicate merits of case but merely places parties in position they were in before action was brought?" | Pretrial Procedure - Memo # 2825 - C - SB.docx | ROSS-003301095-ROSS-003301096 |
| United States v. Demko, 385 U.S. 149 | 413+1 | Historically, workmen's compensation statutes were offspring of desire to give injured workers quicker and more certain recovery than can be obtained from tort suits; they are practically always thought of as substitutes for, not supplements to, common-law tort actions. | "Historically, were workmens compensation statutes the offspring of a desire to give injured workers quicker and more certain recovery than could be obtained from tort suits, and were they practically always thought of as substitutes for, not supplements to, common-law tort actions?" | Workers Compensation - Memo #177 ANC.docx | ROSS-003300426-ROSS-003300428 |
| Sheets v. Hill Bros. Distributors, 379 S.W.2d 514 | 413+2084 | Workmen's Compensation Law is not supplemental or declaratory of any existing rule, right, or remedy but creates an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies, where employer and employee have elected to accept the law or are subject thereto by operation of law. Section 287.120, subd. 2 RSMo 1959, V.A.M.S. | "Is the Workmens Compensation Law a supplement or declaratory of any existing rule, right, or remedy, or does it create an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies where the employer and employee have elected to accept the law or who are subject to it by operation of law?" | 047875.docx | LEGALEASE-00132952-LEGALEASE-00132953 |
| Daugherty v. United States, 212 F. Supp. 2d 1279 | 34+3(1) | In determining whether to review internal military affairs, if threshold requirements for review are met, court must examine substance of allegations in light of policy reasons behind nonreview of military matters, weighing following four factors: (1) nature and strength of plaintiff's challenge to military determination, (2) potential injury to plaintiff if review is refused, (3) type and degree of anticipated interference with military function, and (4) extent to which exercise of military expertise and discretion is involved. | What are the factors to be considered in determining whether the court should review a military decision? | Armed Services - Memo 94 - JS.docx | LEGALEASE-00023579-LEGALEASE-00023580 |
| Medina v. Raven, 492 S.W.3d 53 | 307A+486 | Although a party moving to withdraw admissions ordinarily must prove the requirements of the governing rule, when the deemed admissions are merit-preclusive, good cause exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal. Tex. R. Civ. P. 198.3(b). | "Although a party moving to withdraw admissions ordinarily must prove the requirements of the governing rule, when the deemed admissions are merit-preclusive, does good cause exist absent bad faith or callous disregard of the rules by the party seeking the withdrawal?" | 028483.docx | LEGALEASE-00134595-LEGALEASE-00134596 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| French v. Banco Nacional de Cuba, 23 N.Y. 2d 46 | 221+359 | In area of international law where there is a wide divergence between national interests of capital importing and capital exporting nations and between the social ideologies of those countries that favor state control of a considerable portion of means of production and those that adhere to a free enterprise system judicial restraint is indicated. | "Given the divergence between the national interests of capital importing and exporting nations, and the countries that favor state control of the means of production and those that adhere to a free enterprise system, would courts embark on adjudication which touches the practical and ideological goals of the various members of the community of nations?" | 020746.docx | LEGALEASE-00135811-LEGALEASE-00135812 |
| Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435 | 221+162 | Although more than mere courtesy and accommodation, comity does not achieve the force of an imperative or obligation; rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws. | "Is comity more than mere courtesy and accommodation, which does not achieve the force of an imperative or obligation, or is it a nations expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its laws?" | 020751.docx | LEGALEASE-00135819-LEGALEASE-00135820 |
| Andra v. Left Gate Prop. Holding, 453 S.W.3d 216 | 228+183 | A trial court's consideration of affidavits and depositions in ruling on a nonresident defendant's motion to dismiss for lack of personal jurisdiction, as allowed where the motion is based on facts not appearing in the record, does not serve to convert the motion to dismiss into a motion for summary judgment; the trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction, and the merits of the underlying case are not considered. Mo. Sup. Ct. R. 55.28. | "Does a trial court's consideration of affidavits and depositions in ruling on a nonresident defendant's motion to dismiss for lack of personal jurisdiction, not serve to convert the motion to dismiss into a motion for summary judgment?" | 032878.docx | LEGALEASE-00140019-LEGALEASE-00140020 |
| Chacha v. Transp. USA, 78 So. 3d 727 | 307A+563 | The requisite fraud on the court occurs, as basis for dismissing a claim, where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | "Does the requisite fraud on the court occur, as basis for dismissing a claim that a party has sentiently set in motion some unconscionable scheme?" | Pretrial Procedure - Memo # 6734 - C - RF.docx | LEGALEASE-00033034-LEGALEASE-00033035 |
| Chacha v. Transp. USA, 78 So. 3d 727 | 307A+563 | The requisite fraud on the court occurs, as basis for dismissing a claim, where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | "Does the requisite fraud on the court occur, as basis for dismissing a claim that a party has sentiently set in motion some unconscionable scheme?" | 034416.docx | LEGALEASE-00143574-LEGALEASE-00143575 |
| Cohen v. W.C.A.B. (City of Philadelphia), 589 Pa. 498 | 413+2 | Workers' Compensation Act's uniquely detailed substantive and procedural provisions supplant traditional common law rights and remedies, limiting recoveries in a manner that, in any other context, would be beyond the Legislature's authority. 77 P.S. S 701 et seq. | "Do the workers compensation act uniquely detailed substantive and procedural provisions supplant traditional common law rights and remedies, and would limiting recoveries in a manner that, in any other context, be beyond the Legislatures authority?" | 048080.docx | LEGALEASE-00144257-LEGALEASE-00144258 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Paul v. Smith, Gambrell & Russell, 323 Ga. App. 447 | 307A+590.1 | The statutory "five-year rule," which provides for the automatic dismissal of an action when no written order is taken for a period of five years, is a reasonable procedural rule that serves the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and of protecting litigants from dilatory counsel. (Per Miller, J., with two judges concurring in judgment.) West's Ga.Code Ann. SS 9-2-60(b), 9-11-41(e). | "Is the statutory ""five-year rule,"" which provides for the automatic dismissal of an action when no written order is taken for a period of five years, a reasonable procedural rule?" | 035265.docx | LEGALEASE-00146003-LEGALEASE-00146004 |
| Cox v. Burke, 706 So. 2d 43 | 307A+563 | Requisite fraud on the court, justifying extraordinary measure of dismissal, occurs where it can be demonstrated, clearly and convincingly, that party has sentiently set in motion some unconscionable scheme calculated to interfere with judicial system's ability impartially to adjudicate a matter by improperly influencing trier of fact or unfairly hampering presentation of opposing party's claim or defense. | "Does the requisite fraud on the court occur where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme?" | 035488.docx | LEGALEASE-00146236-LEGALEASE-00146237 |
| U.S. ex rel. De Luca v. O'Rourke, 213 F.2d 759 | 24+101 | Aliens, so long as they are permitted to remain in the United States, are entitled to protection of its Constitution and laws with respect to their rights of person and of property and to their civil and criminal responsibility, but they continue to be aliens and, therefore, remain subject to power of Congress to expel them, or to order them to be removed or deported from the country whenever, in its judgment, their removal is necessary or expedient for the public interest. | Are aliens in United States entitled to the protection of its Constitution and laws with respect to their rights in both criminal and civil proceedings against them? | Aliens_Immigration and_1O41zeAHWEmDx4 DCwTVsg7LQOPpGaAucF. docx | ROSS-000000290 |
| Thomas v. Pierce, 87 Ark. App. 26 | 307A+622 | In order to properly dismiss a complaint for the failure to state a claim upon which relief can be granted, the trial court must find that the complaining parties either (1) failed to state general facts upon which relief could have been granted or (2) failed to include specific facts pertaining to one or more of the elements of one of its claims after accepting all facts contained in the complaint as true and in the light most favorable to the nonmoving party. Rules Civ.Proc., Rule 12(b)(6). | "In order to properly dismiss complaint for failure to state facts upon which relief can be granted, what should the circuit court find?" | 036997.docx | LEGALEASE-00150346-LEGALEASE-00150347 |
| Porco v. Lifetime Entm't Servs., 147 A.D.3d 1253 | 307A+679 | On a motion to dismiss a complaint for failure to state a cause of action, a court must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss a complaint for failure to state a cause of action, should a court afford the complaint a liberal construction?" | 037087.docx | LEGALEASE-00150684-LEGALEASE-00150685 |
| Kassab v. Kasab, 137 A.D.3d 1135 | 307A+624 | In deciding a motion to dismiss a complaint for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "In deciding a motion to dismiss a complaint for failure to state a cause of action, should a court accept the facts alleged in the complaint as true?" | 037208.docx | LEGALEASE-00150904-LEGALEASE-00150905 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Meyer v. N. Shore-Long Island Jewish Health Sys., 137 A.D.3d 880 | 307A+680 | A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss; when evidentiary material is considered on a motion to dismiss a complaint, and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7), (c). | "When evidentiary material is considered on a motion to dismiss a complaint, is the criterion whether the plaintiff has a cause of action?" | Pretrial Procedure - Memo # 8704 - C - KBM_59741.docx | ROSS-003281501-ROSS-003281503 |
| Cantwell v. State of Connecticut, 310 U.S. 296 | 129+109 | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | Whether the state has the power to prevent or punish when a clear and present danger of interference with traffic upon public streets appear? | Disorderly Conduct-Memo 125-PR_60853.docx | ROSS-003280411-ROSS-003280412 |
| Podberesky v. Kirwan, 38 F.3d 147 | 141E+1234 | In determining reference pool in analyzing whether underrepresentation of African-American students in university student body is present effect of past discrimination which will justify race-conscious scholarship program under equal protection clause, pool must factor out, to extent practicable, all nontrivial, nonrace based disparities in order to permit inference that racial considerations contributed to remaining disparity. U.S.C.A. Const.Amend. 14. | Can universities remedy past discrimination through race-conscious programs under Equal Protection Clause? | 016772.docx | LEGALEASE-00153764-LEGALEASE-00153765 |
| Wilner v. Allstate Ins. Co., 71 A.D.3d 155 | 307A+624 | In determining a motion to dismiss, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | Is the sole criterion determining a motion to dismiss pursuant to CPLR 3211(a)(7) that factual allegations of a pleading's four corners are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal for failure to state a cause of action? | 038637.docx | LEGALEASE-00153980-LEGALEASE-00153981 |
| City of Los Angeles v. Gleneagle Dev. Co., 62 Cal. App. 3d 543 | 307A+581 | Penalty of dismissal against a dilatory plaintiff should be exercised with utmost care and when it appears that plaintiff has a good cause of action, the plaintiff has made some showing of excuse for delay, and where defendant does not claim actual prejudice and has waited until last possible moment to file a motion to dismiss, ends of substantial justice are best met by preference for policy of favoring trial on merits as contrasted with policy which favors presumptions of prejudice. | Should penalty of dismissal against a dilatory plaintiff be exercised with utmost care? | Pretrial Procedure - Memo # 9698 - C - VP_61598.docx | ROSS-003283047-ROSS-003283048 |
| Robinson v. Trenton Dressed Poultry Co., 344 Pa. Super. 545 | 307A+697 | When an action is dismissed with prejudice for failure to prosecute a claim, it is not a denial of relief to plaintiff because it is not an adjudication on the merits; rather, it means only that plaintiff whose complaint is thus dismissed cannot reinstate the complaint unless he first petitions the court to exercise discretion to remove the non pros and establishes certain facts. | Can a plaintiff reinstate a complaint unless he first petitions a court to exercise its discretion to remove the non pros and establish certain facts? | Pretrial Procedure - Memo # 11021 - C - VP_63729.docx | ROSS-003281373-ROSS-003281374 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Carrillo v. Superior Court, 145 Cal. App. 4th 1511 | 135H+96 | Once a defendant is placed on trial in a court of competent jurisdiction, on a valid accusatory pleading, before a jury duly impaneled and sworn, a discharge of that jury without a verdict is equivalent in law to an acquittal and bars a retrial, unless the defendant consents to the discharge or legal necessity requires it. U.S.C.A. Const.Amends. 5, 14; West's Ann.Cal. Const. Art. 1, S 15. | "Once a defendant is placed on trial in a court of competent jurisdiction, before a jury duly impaneled and sworn, is a discharge of that jury without a verdict equivalent in law to an acquittal and bars a retrial?" | 015063.docx | LEGALEASE-00162474-LEGALEASE-00162475 |
| People v. Haishun, 238 A.D.2d 521 | 135H+25 | Under United States Supreme Court's Ursery decision, court determining whether civil forfeiture proceeding constitutes punishment for double jeopardy purposes considers whether legislature intended proceeding to be criminal or civil in nature, and whether proceeding is so punitive that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5. | "Under the United States Supreme Court's Ursery decision, does a court determining whether civil forfeiture proceeding constitutes punishment for double jeopardy purposes consider whether legislature intended proceeding to be criminal or civil in nature?" | Double Jeopardy - Memo 213 - C - VP_66736.docx | ROSS-003278677-ROSS-003278678 |
| State v. Lamar, 205 Ariz. 431 | 135H+96 | A prosecutor's misconduct implicates a defendant's double jeopardy rights when: (1) mistrial is granted because of improper conduct or actions by the prosecutor; (2) such conduct is not merely the result of legal error, negligence, mistake or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for an improper purpose with indifference to significant resulting danger of mistrial or reversal; and (3) the conduct causes prejudice to defendant which cannot be cured by means short of a mistrial. U.S.C.A. Const.Amends. 5, 14; A.R.S. Const. Art. 1, SS 4, 10, 24. | When does a prosecutor's misconduct implicate a defendant's double jeopardy rights? | Double Jeopardy - Memo 264 - C - MS_66578.docx | ROSS-003279504-ROSS-003279505 |
| State v. Williams, 124 Wash. 160 | 135H+99 | Power of trial court to declare a mistrial, discharge jury and order a new trial must be exercised wisely; absent existence of manifest necessity, a trial court's discharge of jury without rendering a verdict has effect of an acquittal and gives rise to a plea of double jeopardy. Code, 62-3-7. | "Absent the existence of manifest necessity, does a trial court's discharge of the jury without rendering a verdict have the effect of an acquittal of the accused and gives rise to a plea of double jeopardy?" | 015438.docx | LEGALEASE-00163756-LEGALEASE-00163757 |
| State ex rel. City of St. Louis v. Oakley, 354 Mo. 124 | 148+320 | In condemnation suits under general statutes, easement in or title to private property is fully acquired by condemnor when it pays to owner, or into court for him, the amount of damages awarded by commissioners legally appointed, although judgment does not become final and appealable until all exceptions are determined and the commissioners' report finally approved. | "Is the easement in or title to the property condemned fully acquired by the condemnor when it pays to the owner, or into the court for him, the amount of the damages awarded by the commissioners, in condemnation suits?" | 017682.docx | LEGALEASE-00127296-LEGALEASE-00127297 |
| Coomes v. Slater Dev. Corp., 36 S.W.3d 412 | 307A+680 | In determining whether to grant a motion to dismiss for failure to give rise to a cause of action, the plaintiff's petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case, and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive. | "In determining whether to grant a motion to dismiss for failure to give rise to a cause of action, is the plaintiff's petition reviewed in an almost academic manner?" | 038160.docx | LEGALEASE-00153057-LEGALEASE-00153058 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Davis' Estate, 5 Whart. 530 | 308+1 | Under Ohio law, factors considered in determining whether the requisite amount of control exists to form an agency relationship include the following: (1) whether the individual is performing in the course of the principal's business rather than in some ancillary capacity, (2) whether the individual was receiving any compensation from the principal, (3) whether the principal supplied the tools and the place of work in the normal course of the relationship, (4) whether the individual offers his or her services to the public at large or to one individual at a time, and (5) the length of the relationship. | What factors determine whether the requisite amount of control exists to form an agency relationship? | Principal and Agent - Memo 427 - RK_63547.docx | ROSS-003284769-ROSS-003284770 |
| State ex rel. City of St. Louis v. Oakley, 354 Mo. 124 | 148+320 | In condemnation suits under general statutes, easement in or title to private property is fully acquired by condemnor when it pays to owner, or into court for him, the amount of damages awarded by commissioners legally appointed, although judgment does not become final and appealable until all exceptions are determined and the commissioners' report finally approved. | "Is the easement in or title to the property  condemned fully acquired by the condemnor when it pays to the owner, or into the court for him, the amount of the damages awarded by the commissioners, in condemnation suits?" | Eminent Domain - Memo 316 - GP.docx | ROSS-003300204-ROSS-003300206 |
| Sheets v. Hill Bros. Distributors, 379 S.W.2d 514 | 413+2084 | Workmen's Compensation Law is not supplemental or declaratory of any existing rule, right, or remedy but creates an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies, where employer and employee have elected to accept the law or are subject thereto by operation of law. Section 287.120, subd. 2 RSMo 1959, V.A.M.S. | "Is the Workmen's Compensation Law a supplement or declaratory of any existing rule, right, or remedy, or does it create an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies where the employer and employee have elected to accept the law or who are subject to it by operation of law?" | Workers Compensation - Memo #184 ANC.docx | ROSS-003301358-ROSS-003301359 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+342 | In considering the applicability of the act-of-state doctrine, that is, the affirmative defense that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official. | "In considering the act-of-state doctrine, does the affirmative defense that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official?" | International Law - Memo # 237 - C - AP.docx | ROSS-003311908-ROSS-003311910 |
| Osterman v. Baber, 714 N.E.2d 735 | 366+32 | Doctrine of "equitable subrogation," also known as legal subrogation, is applicable when a party, not acting as a mere volunteer, pays the debt of another which, in good conscience, should have been paid by the one primarily liable; at that time, if equity permits, the party who has paid the creditor, or subrogee, becomes entitled to the legal rights and security originally held by the creditor. | "Is equitable subrogation applicable when a party, not acting as a mere volunteer, pays the debt of another which, in good conscience, should have been paid by the one primarily liable?" | Subrogation - Memo # 413 - C - SA.docx | ROSS-003323790-ROSS-003323792 |
| May v. May, 214 W. Va. 394 | 192+1 | "Goodwill" may be defined generally as the advantage or benefit, which is acquired by an establishment, beyond the mere value of the capital stock, funds, or property employed therein, in consequence of general public patronage and encouragement, which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices. | What is defined as goodwill? | 004742.docx | LEGALEASE-00116415-LEGALEASE-00116417 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat. Res. Def. Council v. E.P.A., 755 F.3d 1010 | 1.49E+294 | Even if a party may be deemed not to have raised a particular argument before the agency during the notice and comment period and thus waives the argument before a court, Environmental Protection Agency (EPA) retains a duty to examine key assumptions as part of its affirmative burden of promulgating and explaining a nonarbitrary, non-capricious rule under the Administrative Procedure Act (APA), and therefore EPA must justify that assumption even if no one objects to it during the comment period. 5 U.S.C.A. S 551 et seq. | "Does the Environmental Protection Act (EPA) retain a duty to examine key assumptions as part of promulgating and explaining a non-arbitrary, non-capricious rule?" | Environmental Law - Memo 42 - AKA.doc | LEGALEASE-00002146-LEGALEASE-00002148 |
| Zivotofsky ex rel. Zivotofsky v. Sec'y of State, 725 F.3d 197 | 221+502 | An entity recognized by the United States as a foreign state may maintain a suit in a United States court, assert the sovereign immunity defense in a United States court, and benefit from the "act of state doctrine," which provides that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. | "Can an entity recognized by the United States as a foreign state maintain a suit in a United States court, assert the sovereign immunity defense in a United States court, and benefit from the act of state doctrine?" | 019715.docx | LEGALEASE-00123776-LEGALEASE-00123777 |
| In re Nazi Era Cases Against German Defendants Litig., 236 F.R.D. 231 | 221+133 | Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory; redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. | "Under the act of the state doctrine, will a court review actions of a foreign sovereign because every sovereign state is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory?" | 019804.docx | LEGALEASE-00124085-LEGALEASE-00124087 |
| Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pretrial evidentiary ruling on the admission of evidence, without the trial court having any evidentiary foundation for the ruling in the context of the trial. | "Is the grant of a motion in limine excluding evidence a judicial power which must be exercised with great care, because it seeks to preclude by pretrial evidentiary ruling on the admission of evidence, without the trial court having any evidentiary foundation for the ruling in the context of the trial?" | Pretrial Procedure - Memo # 149 - C - CRB.docx | ROSS-003283900-ROSS-003283901 |
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Does the act of state apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory? | International Law- Memo # 759 - C -  SU.docx | ROSS-003322875-ROSS-003322877 |
| State v. Metz, 241 A.D.2d 192 | 307A+3 | Generally, function of motion in limine is to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use; purpose of motion is to prevent introduction of such evidence to trier of fact, in most instances a jury. | "Is the function of a motion in limine to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use?" | Pretrial Procedure - Memo # 163 - C - CRB.docx | ROSS-003281760-ROSS-003281761 |
| Rossman v. Morasco, 115 Conn. App. 234 | 307A+3 | The motion in limine has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial. | Has the motion in limine generally been used in courts to invoke a trial judge's inherent discretionary powers to prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial? | Pretrial Procedure - Memo # 620 - C - SSB.docx | ROSS-003322111-ROSS-003322113 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Titmas v. Superior Court, 87 Cal. App. 4th 738 | 307A+1 | In the absence of a clear legislative directive for or against oral hearings on a pretrial motion, the court examines the applicable statutory language and considers the context, looking in particular to the following factors: (1) whether the statutory scheme, read as a whole, encompasses an oral hearing; (2) whether the proceedings involve critical pretrial matters of considerable significance to the parties; and (3) whether the motion or other pretrial proceeding involves a real and genuine dispute. | What are the factors looked into by the court in the absence of a clear legislative directive for or against oral hearings on a pretrial motion? | Pretrial Procedure - Memo # 515 - C - LK.docx | ROSS-003311704-ROSS-003311705 |
| Fed. Land Bank of Baltimore v. Joynes, 179 Va. 394 | 366+27 | "Subrogation" is generally classified as being either legal or conventional, "legal subrogation" arising by operation of law where one having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid, and "conventional subrogation" arising where by express or implied agreement with the debtor, a person advancing money to discharge a prior lien might be substituted to the security of the prior lienee. | How is subrogation classified under the law? | Subrogation - Memo 1003 - C- CAT.docx | ROSS-003298682-ROSS-003298684 |
| Dow Jones & Co. v. Harrods, Ltd., 237 F. Supp. 2d 394 | 106+512 | State's exercise of jurisdiction to adjudicate, as adjunct of power to prescribe governing law, generally derives from relationship of state to particular person or thing that is subject of litigation, including defendant's presence, conduct, or ownership of property within state, or conduct occurring outside state's territorial boundaries but producing certain kinds of injury within state. | Does a state's exercise of jurisdiction to adjudicate derive from the relationship of a state to a particular person or thing that is the subject of litigation? | 020578.docx | LEGALEASE-00125942-LEGALEASE-00125943 |
| Manufactured Hous. Communities of Wash. v. State, 90 Wash. App. 257 | 148+2.1 | Owner of property subject to a regulation that constitutes physical invasion or total taking is entitled to relief regardless of the public interest reasons supporting regulation, unless state provides rebuttal evidence showing that the use violates nuisance or property laws. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 6. | Is an owner of property subject to a regulation that constitutes a taking entitled to relief if the State fails to provide rebuttal evidence showing that the use violates nuisance or property laws? | 017603.docx | LEGALEASE-00126338-LEGALEASE-00126339 |
| Starcraft Co., A Div. of Bangor Punta Operations v. C.J. Heck Co. of Texas, 748 F.2d 982 | 366+4 | Under Texas law, drawee bank which missed the midnight deadline and was held strictly accountable to payee for amount of check was statutorily liable to payee, but the bank, which had been awarded judgment against maker pursuant to its right of charge back, was equitably subrogated to insolvent maker's right to restitution against payee as maker had previously discharged the underlying debt pursuant to mutual release with payee, but resulting circularity of obligations had effect of extinguishing payee's statutory claim against the drawee. V.T.C.A., Bus. & C. S 4.302(1). | Is a drawee bank which missed the midnight deadline held strictly accountable to payee for amount of check under the law? | Subrogation - Memo # 697 - C - SA.docx | LEGALEASE-00016679-LEGALEASE-00016680 |
| State ex rel. City of St. Louis v. Oakley, 354 Mo. 124 | 148+320 | In condemnation suits under general statutes, easement in or title to private property is fully acquired by condemnor when it pays to owner, or into court for him, the amount of damages awarded by commissioners legally appointed, although judgment does not become final and appealable until all exceptions are determined and the commissioners' report finally approved. | "Is the easement in or title to the property condemned fully acquired by the condemnor when it pays to the owner, or into the court for him, the amount of the damages awarded by the commissioners,in condemnation suits?" | Eminent Domain - Memo 316 - GP.docx | LEGALEASE-00017614-LEGALEASE-00017615 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Charleston v. Pub. Serv. Comm'n of W. Virginia, 57 F.3d 385 | 317A+114 | Under West Virginia law, all contracts made by utility relating to public service must be deemed to be entered into in contemplation of exercise by state of its regulatory power whenever the public interest may make it necessary, although otherwise valid contract is binding on parties to it until departure from such contract has been directed by competent authority. | Are all contracts made by public utilities relating to public service deemed to be entered into with the exercise by the state of its regulatory powers? | 042535.docx | LEGALEASE-00129402-LEGALEASE-00129404 |
| Galimi v. Jetco, 514 F.2d 949 | 413+1 | Workmen's compensation laws are designed to assure employees that they will receive disability and medical benefits in case of injury; in return, the employer is assured of a fixed liability which is predictable enough so that he may insure against his probable costs. | "Are the workmens compensation laws designed to assure employees that they will receive disability and medical benefits in the case of an injury, and in return, employers are assured of a fixed liability which is predictable enough so that he may insure against his protectable costs?" | 047814.docx | LEGALEASE-00130122-LEGALEASE-00130123 |
| State v. Thomas, 124 So. 3d 1049 | 307A+717.1 | To warrant a continuance because of the absence of a witness, it must be shown: (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence must be credible and will probably affect the result; (5) the evidence must not be merely cumulative or impeaching; and (6) that the motion for continuance is not made merely for purposes of delay. | "To warrant continuance because of absence of evidence, must a movant show that expected evidence will be material and competent?" | Pretrial Procedure - Memo # 1677 - C - BP.docx | ROSS-003286287-ROSS-003286288 |
| Smith v. Arkansas Dep't of Human Servs., 93 Ark. App. 395 | 307A+718 | When deciding whether a continuance should be granted, the trial court should consider the following factors (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the witness's attendance in the event of postponement; (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. | "When deciding whether a continuance should be granted, should the court consider diligence, effect of the testimony, likelihood of attendance, and the filing of an affidavit?" | 027003.docx | LEGALEASE-00131282-LEGALEASE-00131283 |
| Rozales v. Peerless Welder, 311 Minn. 6 | 413+1 | Workers' Compensation Law is a substituted remedy created by legislature and, absent a reasonably clear indication of legislative action modifying rights created by the Law, the Supreme Court must proceed cautiously in attempting to infer legislative intent. M.S.A. S 176.021, subd. 3. | "Is the Workers' Compensation law a substituted remedy created by the Legislature, and absent a reasonably clear indication of legislative action modifying rights created by the law, how should the Supreme Court proceed in attempting to infer legislative intent?" | 047798.docx | LEGALEASE-00131686-LEGALEASE-00131688 |
| Payne v. Superior Court, 17 Cal. 3d 908 | 310+310 | If a court determines that a prisoner's personal testimony is needed to preserve due process rights in a civil suit, but the department of corrections refuses accommodation, the court may order a continuance or employ other alternatives to transporting the prisoner, such as recording his testimony or, if feasible, holding a portion of the trial at the prison. | "If a court determines that a prisoner's personal testimony is needed to preserve due process rights in a civil suit, may the court order a continuance or employ other alternatives to transporting the prisoner?" | 027183.docx | LEGALEASE-00132830-LEGALEASE-00132831 |
| Medina v. Raven, 492 S.W.3d 53 | 92+3986 | Where a party moves to withdraw deemed admissions that are merit-preclusive, due process requires the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from flagrant bad faith or callous disregard of the rules; this showing of flagrant bad faith or callous disregard of the rules is an element of the opposing party's summary judgment burden. U.S. Const. Amend. 14; Tex. R. Civ. P. 198.3(b). | "Where a party moves to withdraw deemed admissions that are merit-preclusive, does due process require the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from flagrant bad faith or callous disregard of the rules?" | Pretrial Procedure - Memo # 2747 - C - SHB.docx | ROSS-003291651-ROSS-003291652 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lee v. Ofield, 847 S.W.2d 99 | 307A+483 | When party fails to respond to request for admissions, that party is deemed to have admitted the matters set forth and no further sanction is necessary or available to party propounding the request for admissions, and instead such admissions can be used in motion for summary judgment, in motion to dismiss, or as evidence in ensuing trial and must be considered by court in deciding motion for directed verdict; to avoid these consequences, party who has failed to respond can request leave to file belated response. | "Does a party who fails to respond to requests for admissions admit those matters, and no further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial?" | 029666.docx | LEGALEASE-00134909-LEGALEASE-00134911 |
| Joachim v. Travelers Ins. Co., 279 S.W.3d 812 | 307A+517.1 | Under civil procedural rule governing nonsuit, a trial court retains authority after a nonsuit is filed and during the period of its plenary power to consider costs, attorney's fees, and sanctions, or matters collateral to the merits; but the trial court is without discretion to deny a nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Under civil procedural rule governing nonsuit, does a trial court retain authority after a nonsuit is filed and during the period of its plenary power to consider costs, attorney's fees, and sanctions, or matters collateral to the merits?" | Pretrial Procedure - Memo # 2769 - C - DA.docx | ROSS-003290637-ROSS-003290639 |
| Tavakolian v. Agio Corp., 304 Ga. App. 660 | 307A+483 | The ultimate sanction for failing to respond to requests for admissions, deeming a matter admitted, is available when a party completely fails to respond or after the requesting party has moved to determine the sufficiency of the answer and the trial court finds the answer fails to comply with statutory requirements. West's Ga.Code Ann. S 9-11-36. | Is the ultimate sanction of deeming a matter admitted available when a party completely fails to respond or after the requesting party has moved to determine the sufficiency of the answer and the trial court finds the answer fails to comply with statutory requirements? | Pretrial Procedure - Memo # 3661 - C - NE.docx | ROSS-003304001-ROSS-003304002 |
| Heath v. Color Imprints USA, 329 Ga. App. 605 | 307A+486 | The party seeking to withdraw deemed admissions has the burden of establishing that withdrawal of the admissions will subserve or advance presentation of the merits by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay; if the party seeking to withdraw the admissions makes this showing, the burden is on the respondent to satisfy the second prong, i.e., to show that he would be prejudiced by the withdrawal. West's Ga.Code Ann. S 9-11-36(a)(2). | "Does a party seeking to withdraw deemed admissions have the burden of establishing that that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay?" | Pretrial Procedure - Memo # 4106 - C - RR.docx | ROSS-003303443-ROSS-003303445 |
| Thurmond v. Superior Court of City & Cty. of San Francisco, 66 Cal. 2d 836 | 307A+716 | Legislative policy of granting continuances of court proceedings so as not to interfere unduly with functions of the Legislature should be given full force and effect wherever and whenever it may be done without unduly adversely affecting the rights of others. West's Ann.Code Civ.Proc. S 595. | Should the legislative policy of granting continuances of court proceedings so as not to interfere unduly with functions of the Legislature be given full force and effect without unduly adversely affecting the rights of others? | 029850.docx | LEGALEASE-00136824-LEGALEASE-00136826 |
| Henn v. Sandler, 589 So. 2d 1334 | 307A+36.1 | Statute which requires factual showing before claim for punitive damages are allowed in civil actions creates positive legal right in party not to be subjected to financial worth discovery until trial court has first made affirmative finding that there is reasonable evidentiary basis for punitive damages claim to go to jury. West's F.S.A. S 768.72. | Does a statute which requires a factual showing before a claim for punitive damages are allowed in civil actions create a positive legal right? | Pretrial Procedure - Memo # 5074 - C - TM.docx | ROSS-003291795-ROSS-003291796 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Banc of Am. Sec. LLC v. Evergreen Int'l Aviation, 169 N.C. App. 690 | 307A+554 | In a motion to dismiss for lack of personal jurisdiction, when neither party submits evidence, the allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged, and the trial judge must decide whether the complaint contains allegations that, if taken as true, set forth a sufficient basis for the court's exercise of personal jurisdiction. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | "When neither party submits evidence in support or opposition of a motion to dismiss for lack of personal jurisdiction, must the allegations of the complaint disclose jurisdiction although the particulars of jurisdiction need not be alleged?" | 032813.docx | LEGALEASE-00139800-LEGALEASE-00139801 |
| Nappe v. Town of E. Haven Bd. of Police Comm'rs, 2014 WL 6476599 | 307A+679 | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light, and in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, must it consider the allegations of the complaint in their most favorable light?" | 032890.docx | LEGALEASE-00140070-LEGALEASE-00140071 |
| Patton v. Jones, 212 S.W.3d 541 | 307A+554 | To prevail on a motion to dismiss for lack of subject matter jurisdiction, the defense must show that, even accepting all of the plaintiff's allegations as true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. | "To prevail on a motion to dismiss for lack of subject matter jurisdiction, must the defense show that, even accepting all of the plaintiff's allegations as true, an incurable jurisdictional defect remains on the face of the pleadings?" | 033353.docx | LEGALEASE-00140974-LEGALEASE-00140975 |
| Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+560 | There is no specific time limitation, in rule allowing dismissal of action based on plaintiff's failure to exercise due diligence to obtain service on defendant; rather, trial court must consider passage of time in relation to all other facts and circumstances of each case individually. Sup.Ct.Rules, Rule 103(b). | Is there no specific time limitation in the rule allowing dismissal of action based on plaintiff's failure to exercise due diligence to obtain service on a defendant? | Pretrial Procedure - Memo # 6245 - C - TM.docx | ROSS-003288253-ROSS-003288254 |
| Aeroflex Wichita v. Filardo, 294 Kan. 258 | 307A+554 | When a defendant's motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings, affidavits, and other written materials without an evidentiary hearing, any factual disputes must be resolved in the plaintiff's favor and the plaintiff need only make a prima facie showing of jurisdiction. Rules Civ.Proc., K.S.A. 60-212(b)(2). | "When a defendant's motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings, should any factual disputes be resolved in the plaintiff's favor?" | Pretrial Procedure - Memo # 6766 - C - VA.docx | ROSS-003289838-ROSS-003289839 |
| In re Risk Level Determination of J.V., 741 N.W.2d 612 | 307A+552 | Generally, a case should not be dismissed on the ground of mootness if it implicates issues that are capable of repetition, yet evading review; but absent certification as a class action, this only applies to the situation where two elements are combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. | Should a case be dismissed on the ground of mootness if it implicates issues that are capable of repetition? | 034076.docx | LEGALEASE-00145222-LEGALEASE-00145223 |
| Peterson v. McCawley, 135 Idaho 282 | 307A+746 | Before ordering the most drastic sanction-the dismissal of an action or entry of judgment against a litigant-the trial court must first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate. Rules Civ.Proc., Rule 16(i). | "Before ordering the most drastic sanction-the dismissal of an action or entry of judgment against a litigant, must the trial court first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate?" | 034163.docx | LEGALEASE-00145496-LEGALEASE-00145497 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tomlinson-McKenzie v. Prince, 718 So. 2d 394 | 307A+746 | In determining whether to admit the testimony of a witness or permit introduction of an exhibit not disclosed pursuant to a pretrial order, trial court's discretion should be guided primarily by whether the objecting party would be prejudiced by the admission of the evidence. | "In determining whether to admit the testimony of a witness or permit introduction of an exhibit not disclosed pursuant to a pretrial order, should a trial court's discretion be guided primarily by whether the objecting party would be prejudiced?" | 034651.docx | LEGALEASE-00145066-LEGALEASE-00145067 |
| Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596 | 307A+563 | When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, trial judge has inherent power and broad discretion to fashion judicial response warranted by fraudulent conduct; dismissal of claims or entire action, or entry of default judgment, may be warranted by fraud. | "When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, does a trial judge have inherent power and broad discretion to fashion a judicial response warranted by fraudulent conduct?" | 034936.docx | LEGALEASE-00146798-LEGALEASE-00146800 |
| Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A+581 | In considering motion to dismiss for failure to prosecute, trial court should consider number of relevant factors in exercise of its discretion when balancing policy favoring prevention of unreasonable delay in litigation against policy favoring resolution of disputes on merits, such as length of delay, reasons for delay, prejudice that will result to defendant by allowing matter to continue, difficulties in trying case as result of delay, and nature and extent of plaintiff's renewed efforts. Rules Civ.Proc., Rule 41(b)(1, 2). | What factors are considered in balancing the policy favoring resolution of disputes on the merits and preventing unreasonable delay? | 036530.docx | LEGALEASE-00150430-LEGALEASE-00150431 |
| Legacy Acad. for Leaders v. Mt. Calvary Pentecostal Church, 999 N.E.2d 175 | 307A+622 | Motions to dismiss for failure to state a claim upon which relief can be granted merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties, i.e., Ohio generally follows notice, rather than fact, pleading; plaintiffs need not prove their case at the pleading stage. Rules Civ.Proc., Rule 12(B)(6). | Do motions to dismiss for failure under Civ.R. 12(B)(6)  to state a claim upon which relief can be granted merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties? | 036659.docx | LEGALEASE-00150574-LEGALEASE-00150575 |
| Waldman v. Pitcher, 70 N.E.3d 1025 | 307A+679 | A trial court ruling on a motion for judgment on the pleadings must accept all material allegations in the nonmoving party's complaint as true, must construe all reasonable inferences in that party's favor, and can only grant a dismissal if it appears beyond doubt that the nonmoving plaintiffs cannot prove any set of facts entitling them to the requested relief. Rules Civ.Proc., Rule 12(C). | Should a trial court ruling on a motion for judgment on the pleadings accept all material allegations in the nonmoving party's complaint as true? | 037167.docx | LEGALEASE-00150838-LEGALEASE-00150839 |
| Lynch v. Helm Plumbing & Elec. Contractors, 108 S.W.3d 657 | 308+99 | To establish apparent authority, a party must show that: (1) the principal manifested his consent to the exercise of such authority or knowingly permitted the agent to assume the exercise of such authority, (2) the person relying on this exercise of authority knew of the facts and, acting in good faith, had reason to believe, and actually believed, the agent possessed such authority, and (3) the person reasonably relying on the appearance of authority changed his position, and will be injured or suffer loss, if the transaction executed by the agent does not bind the principal. | To establish apparent authority should a principal knowingly permit agent to act exercising that authority? | Principal and Agent - Memo 174 - KC_59456.docx | ROSS-003294113-ROSS-003294114 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cantwell v. State of Connecticut, 310 U.S. 296 | 129+109 | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | Whether the state has the power to prevent or punish when a clear and present danger of an immediate threat to public safety appear? | Disorderly Conduct-Memo 127-PR_60854.docx | ROSS-003284966-ROSS-003284967 |
| Becker v. Zellner, 292 Ill. App. 3d 116 | 307A+679 | When presented with motion to dismiss for failure to state claim, reviewing court must accept as true all well-pleaded facts and reasonable inferences that may be drawn therefrom and determine whether allegations in complaint, when viewed in light most favorable to plaintiff, sufficiently set forth cause of action on which relief may be granted; claim should not be dismissed unless it appears that no set of facts can be proved that would entitle plaintiff to recovery. S.H.A. 735 ILCS 5/2-615. | "When presented with a motion to dismiss for failure to state a claim, should the reviewing court accept as true all well-pleaded facts and reasonable inferences that can be drawn thereform?" | 038506.docx | LEGALEASE-00154316-LEGALEASE-00154317 |
| Kaiser v. Umialik Ins., 108 P.3d 876 | 30+3281 | When materials outside pleadings are submitted with motion to motion to dismiss, and superior court neither explicitly excludes materials or converts motion into one for summary judgment, but instead decides the motion without stating whether it is considering outside materials, the Supreme Court has three options: it may reverse and remand for proper consideration, or it may review superior court's decision as if motion for dismissal had been granted after exclusion of outside materials, or as if summary judgment had been granted after conversion of motion to dismiss into one for summary judgment. Rules Civ.Proc., Rule 12(b)(6). | When can the superior court either exclude the evidence or convert the motion into one for summary judgment? | 038647.docx | LEGALEASE-00154179-LEGALEASE-00154180 |
| Larson v. State, Dep't of Corr., 284 P.3d 1 | 228+183 | When parties present additional materials outside of the pleadings in connection with a motion to dismiss, the superior court must expressly exclude the materials or convert the motion into a motion for summary judgment and allow all parties a reasonable opportunity to submit materials pertinent to such a motion. Rules Civ.Proc., Rules 12(b)(6), 56. | "When parties present additional materials outside of the pleadings in connection with a motion to dismiss, should the superior court expressly exclude the materials or convert the motion into a motion for summary judgment and allow all parties a reasonable opportunity to submit materials?" | Pretrial Procedure - Memo # 9377 - C - VA_61060.docx | ROSS-003296764-ROSS-003296765 |
| N. Shore Towers Apartments Inc. v. Three Towers Assocs., 104 A.D.3d 825 | 307A+679 | On motion to dismiss complaint for failure to state a cause of action, court must afford pleading liberal construction, accept all facts as alleged in pleading to be true, accord plaintiff the benefit of every possible inference, and determine only whether facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "In evaluating the sufficiency of pleadings in deciding a motion to dismiss for failure to state a cause of action, should the court afford the pleadings a liberal construction?" | 024471.docx | LEGALEASE-00155926-LEGALEASE-00155927 |
| Bryan R. v. Watchtower Bible & Tract Soc. of New York, 738 A.2d 839 | 307A+685 | To survive a motion to dismiss a claim for breach of fiduciary duty, the plaintiff must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship. | "To survive a motion to dismiss a claim for breach of fiduciary duty, should the plaintiff set forth specific facts constituting the alleged relationship with sufficient particularity?" | 024835.docx | LEGALEASE-00157612-LEGALEASE-00157613 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Davis' Estate, 5 Whart. 530 | 308+1 | Under Ohio law, factors considered in determining whether the requisite amount of control exists to form an agency relationship include the following: (1) whether the individual is performing in the course of the principal's business rather than in some ancillary capacity, (2) whether the individual was receiving any compensation from the principal, (3) whether the principal supplied the tools and the place of work in the normal course of the relationship, (4) whether the individual offers his or her services to the public at large or to one individual at a time, and (5) the length of the relationship. | What factors determine whether the requisite amount of control exists to form an agency relationship? | 041786.docx | LEGALEASE-00157884-LEGALEASE-00157885 |
| McIntire Assocs. v. Glens Falls Ins. Co., 41 A.D.2d 692 | 228+143(2) | Once action has been deemed abandoned and automatically dismissed, a motion to open default and restore the case to calendar requires same kind of proof of merit, lack of prejudice to opposing party and excusable neglect as must be shown to open a default judgment. CPLR 3404, 5015(a), par. 1; N.Y. Ct. Rules, S 1024.13. | "Will a motion to open the default and restore the case to the calendar require the same kind of proof of merit, lack of prejudice to the opposing party and excusable neglect as must be shown to open a default judgment?" | 039670.docx | LEGALEASE-00161146-LEGALEASE-00161147 |
| Babalola v. HSBC Bank, USA, N.A., 324 Ga. App. 750 | 302+367(4) | When a plaintiff, particularly a pro se plaintiff, fails to identify specifically the allegedly fraudulent acts or statements on which his fraud claim is based, the proper remedy is a more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his pleadings to conform to the statutory requirements. West's Ga.Code Ann. S 9-11-9(b). | "When a pro se plaintiff fails to identify specifically the allegedly fraudulent acts or statements on which his fraud claim is based, is the proper remedy a more definite statement?" | 040160.docx | LEGALEASE-00161839-LEGALEASE-00161840 |
| Clift v. Com., 105 S.W.3d 467 | 135H+96 | In general, a party who moves for a mistrial may not thereafter invoke the bar of double jeopardy to prevent retrial; when the party who moved for a mistrial below seeks to prevent her retrial upon double jeopardy grounds, she must show that the conduct giving rise to the order of mistrial was precipitated by bad faith, overreaching or some other fundamentally unfair action of the prosecutor or the court. U.S.C.A. Const.Amend. 5; Const. S 13. | "When the party who moved for a mistrial below seeks to prevent her retrial upon double jeopardy grounds, should she show that the conduct giving rise to the order of mistrial was precipitated by bad faith?" | 015239.docx | LEGALEASE-00163103-LEGALEASE-00163104 |
| State v. Denis, 692 So. 2d 1055 | 336H+401 | Principles of res judicata or double jeopardy do not preclude state in a single prosecution from adjudicating defendant a third offender and then adjudicating him a fourth offender in subsequent proceeding on basis of conviction and documentary evidence not used previously to determine his multiple offender status, as long as punishment imposed on defendant does not exceed what legislature has prescribed, and in the absence of any evidence that state sought separate hearings to oppress or harass defendant. U.S.C.A. Const.Amend. 5; LSA-R.S. 15:529.1. | What do principles of res judicata or double jeopardy not preclude? | 015014.docx | LEGALEASE-00164645-LEGALEASE-00164646 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Colvin v. Sheets, 598 F.3d 242 | 135H+95.1 | The double jeopardy clause of the Fifth Amendment protects a defendant's valued right to have his trial completed by a particular tribunal; at the same time, given the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused, a defendant's valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. U.S.C.A. Const.Amends. 5, 4. | Is the valued right to have the trial concluded by a particular tribunal subordinate to the public interest? | 016020.docx | LEGALEASE-00165740-LEGALEASE-00165741 |
| McNeal v. Collier, 353 F. Supp. 485 | 135H+107.1 | Accused may be constitutionally retried where first jury is unable to arrive at verdict, where judge discovers that one or more members of jury may harbor important bias and dismisses panel, where prior conviction is vacated upon appeal, or where conviction is set aside in collateral proceeding. U.S.C.A.Const. Amend. 5. | Can an accused be constitutionally retried where a first jury is unable to arrive at verdict or where a judge discovers that one or more members of jury may harbor important bias? | 016118.docx | LEGALEASE-00165866-LEGALEASE-00165867 |
| Greenberg Traurig of New York, P.C. v. Moody, 161 S.W.3d 56 | 307A+3 | A "motion in limine" is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make; the purpose of the motion in limine is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. | "Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make and the purpose to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission?" | 028836.docx | LEGALEASE-00122332-LEGALEASE-00122333 |
| Starcraft Co., A Div. of Bangor Punta Operations v. C.J. Heck Co. of Texas, 748 F.2d 982 | 366+4 | Under Texas law, drawee bank which missed the midnight deadline and was held strictly accountable to payee for amount of check was statutorily liable to payee, but the bank, which had been awarded judgment against maker pursuant to its right of charge back, was equitably subrogated to insolvent maker's right to restitution against payee as maker had previously discharged the underlying debt pursuant to mutual release with payee, but resulting circularity of obligations had effect of extinguishing payee's statutory claim against the drawee. V.T.C.A., Bus. & C. S 4.302(1). | Is a drawee bank which missed the midnight deadline held strictly accountable to payee for amount of check under the law? | 044074.docx | LEGALEASE-00126522-LEGALEASE-00126523 |
| State v. Thomas, 124 So. 3d 1049 | 307A+717.1 | To warrant a continuance because of the absence of a witness, it must be shown: (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence must be credible and will probably affect the result; (5) the evidence must not be merely cumulative or impeaching; and (6) that the motion for continuance is not made merely for purposes of delay. | "To warrant continuance because of absence of evidence, must a movant show that expected evidence will be material and competent?" | 026804.docx | LEGALEASE-00130770-LEGALEASE-00130771 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kaiser v. Umialik Ins., 108 P.3d 876 | 30+3281 | When materials outside pleadings are submitted with regard to motion to dismiss, and superior court neither explicitly excludes materials or converts motion into one for summary judgment, but instead decides the motion without stating whether it is considering outside materials, the Supreme Court has three options: it may reverse and remand for proper consideration, or it may review superior court's decision as if motion for dismissal had been granted after exclusion of outside materials, or as if summary judgment had been granted after conversion of motion to dismiss into one for summary judgment. Rules Civ.Proc., Rule 12(b)(6). | When can the superior court either exclude the evidence or convert the motion into one for summary judgment? | Pretrial Procedure - Memo # 9374 - C - AC_61059.docx | ROSS-003294738-ROSS-003294739 |
| Becker v. Zellner, 292 Ill. App. 3d 116 | 307A+679 | When presented with motion to dismiss for failure to state claim, reviewing court must accept as true all well-pleaded facts and reasonable inferences that may be drawn therefrom and determine whether allegations in complaint, when viewed in light most favorable to plaintiff, sufficiently set forth cause of action on which relief may be granted; claim should not be dismissed unless it appears that no set of facts can be proved that would entitle plaintiff to recovery. S.H.A. 735 ILCS 5/2-615. | "When presented with a motion to dismiss for failure to state a claim, should the reviewing court accept as true all well-pleaded facts and reasonable inferences that can be drawn therefrom?  " | Pretrial Procedure - Memo # 9285 - C - SB_61041.docx | ROSS-003296527-ROSS-003296528 |
| Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316 | 209+223 | Montana exceptions to principle that tribe has no authority to regulate use of non-Indian fee land are: (1) tribe may regulate, through taxation, licensing, or other means, activities of nonmembers who enter consensual relationshipswith tribe or its members, through commercial dealing, contracts, leases or other arrangements, and (2) tribe may exercise civil authority over conduct of non-Indians on fee lands within reservation when that conduct threatens or has some direct eff ect on political integrity, economic security, or health or welfare of tribe. | "When can an Indian tribe exercise civil jurisdiction over non-Indians on their reservations, even on non-Indian fee lands?" | Indians - Memo 85 - BP.docx | ROSS-003310472-ROSS-003310474 |
| Bank of Am., N.A. v. Wells Fargo Bank, N.A., 126 Wash. App. 710 | 366+31(4) | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. Restatement (Third) of Property: Mortgages S 7.6 comment. | "As an equitable remedy, is subrogation designed to avoid one person receiving an unearned windfall, i.e. intervening lienholders through an advancement in priority, at the expense of another, for example the new mortgagee who paid the prior debt?" | Subrogation - Memo # 575 - C - LK.DOCX | ROSS-003325861-ROSS-003325862 |
| Fed. Land Bank of Baltimore v. Joynes, 179 Va. 394 | 366+27 | "Subrogation" is generally classified as being either legal or conventional, "legal subrogation" arising by operation of law where one having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid, and "conventional subrogation" arising where by express or implied agreement with the debtor, a person advancing money to discharge a prior lien might be substituted to the security of the prior lienee. | How is subrogation classified? | Subrogation - Memo 71 - VP C.docx | ROSS-003284641-ROSS-003284643 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bergen Cty. v. Dep't of Pub. Utilities, 117 N.J. Super. 304 | 317A+102 | The statutes governing public utilities reflect legislative recognition that public interest in proper regulation of public utilities transcends municipal or county lines, and that centralized control must be entrusted to an agency whose continually developing expertise will assure uniformly safe, proper and adequate service by utilities throughout the State. N.J.S.A. 48:2-1, 48:13A-4. | Does public interest in proper regulation of public utilities transcend municipal or county lines entrusting an agency to assure adequate utility services? | 042571.docx | LEGALEASE-00120951-LEGALEASE-00120952 |
| C. Green Scaping v. Westfield Ins. Co., 248 S.W.3d 779 | 366+1 | The doctrine of subrogation is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | "Is the doctrine of subrogation broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter?" | Subrogation - Memo # 511 - C - SU.docx | LEGALEASE-00011326-LEGALEASE-00011327 |
| Bank of Am., N.A. v. Wells Fargo Bank, N.A., 126 Wash. App. 710 | 366+31(4) | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. Restatement (Third) of Property: Mortgages S 7.6 comment. | "As an equitable remedy, is subrogation designed to avoid one person receiving an unearned windfall, i.e. intervening lienholders through an advancement in priority, at the expense of another or the new mortgagee who paid the prior debt?" | Subrogation - Memo # 575 - C - AP.docx | ROSS-003315768-ROSS-003315769 |
| Rock River Lumber Corp. v. Universal Mortg. Corp. of Wisconsin, 82 Wis. 2d 235 | 366+1 | Subrogation is an equitable doctrine invoked to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Is subrogation an equitable doctrine invoked to avoid unjust enrichment and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another? | Subrogation - Memo # 623 - ANG C.docx | ROSS-003297066-ROSS-003297067 |
| Doe I v. State of Israel, 400 F. Supp. 2d 8 | 221+342 | The act of state doctrine, which is a close cousin of the political question doctrine, prevents a court from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory. | Does the act of state doctrine prevent a court from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory? | International Law - Memo # 136 - C - SA.docx | ROSS-003325616-ROSS-003325618 |
| Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75 | 221+342 | Act of state doctrine must be considered when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Must the act of state doctrine be considered when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory? | International Law - Memo # 209 - C - MLS.docx | ROSS-003281956-ROSS-003281957 |
| Nn aka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17 | 221+342 | "Act of state doctrine" is a function of the domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs. | "Is the act of state doctrine a function of the domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs?" | International Law - Memo # 24 - C - LK.docx | ROSS-003313129-ROSS-003313130 |
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | Act of state doctrine precludes court of United States from considering plaintiff's claims where either claims or defenses asserted would require court to determine that foreign sovereign's official acts performed in its own territory were invalid. | Does the act of state doctrine preclude a court of the United States from considering plaintiff's claims where either claims or defenses asserted would require the court to determine that a foreign sovereign's official acts performed in its own territory were invalid? | International Law - Memo # 319 - C - NS.docx | ROSS-003315882-ROSS-003315883 |
| Bandes v. Harlow & Jones, 826 F. Supp. 700 | 221+342 | Two practical rationales underlie Act of State Doctrine: first, it permits political arms of government, and executive branch in particular, exclusive control over foreign policy; second, when disputed property is located in foreign sovereign, it would likely be futile, to say nothing of arrogant, for United States court to pronounce on self-contained activities of independent state. | What are the two practical rationales that underlie the Act of State Doctrine? | 020305.docx | LEGALEASE-00123347-LEGALEASE-00123348 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1 | 221+342 | The "act of state doctrine" precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | Does the act of state doctrine prevent any court in the United States from declaring that an official act of a foreign sovereign performed within its own territory is invalid? | 020798.docx | LEGALEASE-00123720-LEGALEASE-00123722 |
| Pellegrini v. Weiss, 165 Cal. App. 4th 515 | 307A+3 | Generally speaking, in limine motions are disfavored in cases in which they are used to determine in advance the court's projected ruling if presented with an evidentiary objection during trial, but instead to serve as a substitute for a dispositive statutory motion. | "Generally speaking, are in limine motions disfavored in cases in which they are used not to determine in advance the court's projected ruling if presented with an evidentiary objection during trial, but instead to serve as a substitute for a dispositive statutory motion?" | Pretrial Procedure - Memo # 330 - C - ANC.docx | ROSS-003284748-ROSS-003284749 |
| City of New York v. Consol. Edison Co. of New York, 274 A.D.2d 189 | 315+71 | All property is held under the implied obligation that the owner's use of it shall not be injurious to the community, and the Takings Clause did not transform that principle to one that requires compensation whenever the state asserts its power to enforce it. U.S.C.A. Const.Amend. 5. | "Does the Takings Clause transform the principle that, all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community, to one that requires compensation whenever the State asserts its power to enforce it?" | 017514.docx | LEGALEASE-00124666-LEGALEASE-00124667 |
| Roe v. Unocal Corp., 70 F. Supp. 2d 1073 | 221+342 | Act of state doctrine may only be invoked to bar adjudication of plaintiff's claims when nature of claims or defenses will require court to declare invalid foreign sovereign's official acts, in other words, when outcome of case turns upon effect of official action by foreign sovereign. | Can the act of state doctrine only be invoked to bar adjudication of plaintiff's claims when nature of claims or defenses will require the court to declare invalid foreign sovereign's official acts? | International Law - Memo # 409 - C - MLS.docx | ROSS-003298794-ROSS-003298795 |
| Beanal v. Freeport-McMoRan, 969 F. Supp. 362 | 24+765 | To allege state action for purpose of claim under the Alien Tort Statute, the challenged conduct must be attributable to the state, in other words, it must be official conduct; state is responsible for any violation of its obligations under international law resulting from action or inaction by, "any organ, official, employee, or other agent of a government or of any political subdivision, acting within the scope of authority or under color of such authority.". 28 U.S.C.A. S 1350; Restatement (Third) of Foreign Relations Law of the United States S 207 comment. | "To allege state action for purpose of claim under the Alien Tort Statute, must the challenged conduct be official conduct?" | International Law - Memo 477 - TH.docx | ROSS-003283415-ROSS-003283416 |
| Compania de Gas de Nuevo Laredo, S. A. v. Entex, 686 F.2d 322 | 221+342 | Whether act of state doctrine is applicable is determined by balancing several factors, namely, the degree of involvement of the foreign state, whether the validity of its laws or regulation was in issue, whether the foreign state was a named defendant, and whether there was a showing of harm to American commerce. | "Is the act of state doctrine applicable by balancing several factors, namely, the degree of involvement of the foreign state, whether the validity of its laws or regulation was in issue, whether the foreign state was a named defendant, and whether there was a showing of harm to American commerce?" | International Law- Memo # 758 - C - SU.docx | ROSS-003295602-ROSS-003295604 |
| Commercial Credit Equip. Corp. v. Hatton, 429 F. Supp. 997 | 366+7(1) | To the extent that a surety feels insecure and believes a debtor is in default, he is always entitled to pay off the indebtedness, be subrogated to the rights of the creditor, and then repossess, taking upon himself the significant risks of a wrongful repossession or of committing a breach of the peace in connection with the repossession. | "Is a surety always entitled to pay off indebtedness, be subrogated to the rights of the creditor, and then repossess, taking upon himself the significant risks of a wrongful repossession or of committing a breach of the peace in connection with the repossession?" | Subrogation - Memo 926 - RK.docx | ROSS-003314017-ROSS-003314018 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Behrend v. Bell Tel. Co., 242 Pa. Super. 47 | 317A+111 | Exclusive regulatory jurisdiction conferred on the Public Utility Commission in cases involving rates, services, rules of service, extension and expansion, hazard to public safety through the use of utility facilities, installation of utility facilities, location of utility facilities, obtaining, altering, dissolving, abandoning, selling or transferring any right, power, privilege, service, franchise or property, and right to serve particular territory permits evaluation and control of utility activities as they affect public service. 17 P.S. S 211.508(a)(55); 66 P.S. SS 1102(20), 1171, 1183, 1343, 1491. | Does the Public Utilities Commission (PUC) have the jurisdiction to regulate the transfer of franchises to utilities? | 042341.docx | LEGALEASE-00125862-LEGALEASE-00125864 |
| Becker v. Crounse Corp., 822 F. Supp. 386 | 16+1.20(5) | Personal injury action brought within three years after boating accident was timely; federal statute of limitations determined whether claim was timely, even if case had remained in Kentucky's courts, and federal statute permitted passenger in fishing boat to recover damages for personal injury arising out of maritime tort if litigation was commenced within three years from date cause of action accrued. 46 App.U.S.C.A. S 763a. | Does Tort cause of action accrue on date of accident or injury? | 006470.docx | LEGALEASE-00126404-LEGALEASE-00126405 |
| Maryland Cas. Co. v. Messina, 874 P.2d 1058 | 413+1 | Workers' Compensation Act establishes administrative process designed to adjudicate promptly narrow issue of law containing limited legal questions, and creates just remedy of compensating workers for employment related injuries. C.R.S. 8-52-102(1)(b). | "Does the workers compensation act establish an administrative process designed to adjudicate promptly narrow issues of law containing limited legal questions, and creates a just remedy of compensating workers for employment related injuries?" | 048530.docx | LEGALEASE-00126770-LEGALEASE-00126771 |
| Wilhite v. Illinois Power Co., 139 F. Supp. 2d 971 | 413+6 | Illinois' Workers' Compensation Act entitles employees who have been injured in the course of employment to obtain an award of benefits without regard to fault; in exchange for this benefit, the employee accepts the Workers' Compensation Act as his exclusive remedy and forfeits his right to recover tort damages for the same injury. S.H.A. 820 ILCS 305/1 et seq. | "Does the Workers' Compensation Act allows employees who are injured in the course of their employment to obtain benefits, regardless of fault, in exchange for accepting this as their exclusive remedy, thereby forfeiting tort recovery for the injury?" | 048481.docx | LEGALEASE-00127417-LEGALEASE-00127418 |
| City of Chicago v. Morales, 177 Ill. 2d 440 | 92+4509(8) | For purposes of determining whether city's gang loitering ordinance, which criminalized failure to obey police officer's dispersal order to persons loitering in group including person officer believed to be gang member, provided adequate notice of proscribed conduct as required to save ordinance from being void for vagueness, if city intended to require defendant's actual knowledge of another loiterer's gang membership, then that knowledge had to be established as fact to support conviction. U.S.C.A. Const.Amends. 5, 14; S.H.A. Const. Art. 1, S 2; Chicago, Ill., Municipal Code S 8-4-015. | What is the purpose of a gang loitering ordinance? | 047452.docx | LEGALEASE-00130181-LEGALEASE-00130182 |
| GMS Mine Repair & Maint. v. Miklos, 798 S.E.2d 833 | 307A+747.1 | The civil procedure rules require active judicial management of a case, and mandate that a trial court shall enter a scheduling order establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case. W. Va. R. Civ. P. 16(b). | Do the civil procedure rules require active judicial management of a case? | 026659.docx | LEGALEASE-00130412-LEGALEASE-00130413 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mitchell v. Moore, 406 So. 2d 347 | 307A+717.1 | In order for the absence of a witness to warrant a continuance, it must be shown that the expected evidence will be material and competent, that there is a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed, that due diligence was exercised by movant to secure absent witness or evidence, that expected evidence is credible and will probably affect result of trial, that the evidence will not be merely cumulative or in the nature of impeachment, and that the motion for continuance was not made merely for purposes of delay. | What must be shown to warrant a continuance because of the absence of a witness? | Pretrial Procedure - Memo # 1762 - C - PC.docx | ROSS-003313258-ROSS-003313260 |
| B.J. v. State, 951 So. 2d 100 | 399+1 | With regard to the first element of loitering and prowling, the state must prove that a defendant loitered and prowled, which means that he engaged in incipient criminal behavior in which law abiding people do not usually engage given the time, place, or manner of the conduct involved; the gist of the first element is aberrant and suspicious criminal conduct that comes close to, but falls short of, actual commission or attempted commission of a substantive crime. West's F.S.A. S 856.021(1). | Is engagement in suspicious criminal conduct an element of the offense of loitering? | Vagrancy - Memo 9 - SB.docx | LEGALEASE-00021300-LEGALEASE-00021301 |
| United States v. Bryant, 885 F. Supp. 2d 749 | 63+1(1) | An honest services fraud prosecution for bribery requires Government to prove: (1) that the payor provided a benefit to a public official intending that he would thereby take favorable official acts that he would not otherwise take, and (2) that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. 18 U.S.C.A. S 1346. | Does honest services fraud prosecution for bribery require the Government to prove that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take? | Bribery - Memo #111 - C-CSS.docx | ROSS-003286658-ROSS-003286659 |
| Fuller v. Alex. Hollander & Co., 61 N.J. Eq. 648 | 307A+331 | The jurisdiction of the court of chancery to compel production, for inspection, of books and papers, whether of an individual or corporation, is confined to cases where the same are evidential in a cause pending in the court, and cases arising under a bill filed for relief as well as discovery, or under a bill filed for discovery only, in aid of a prosecution or defense in litigation pending or contemplated. | "Is the jurisdiction of the court of chancery to compel production, for inspection, of books and papers confined to cases of an individual or corporation where the same are evidential in a cause pending in the court?" | Pretrial Procedure - Memo # 2000 - C - UG.docx | ROSS-003301537-ROSS-003301538 |
| Lakewood Tr. Co. of Lakewood v. Fid. & Deposit Co. of Md., 81 N.J. Super. 329 | 307A+331 | Intention and rationale of discovery rule is to permit more liberal discovery by way of access to all relevant material contained in books, papers and documents to simplify issues, obviate lengthy and haphazard examination and cross-examination, and shorten trials and thus achieve substantial justice. R.R. 4:24-1. | "Is the intention and rationale of the discovery rule to permit more liberal discovery by way of access to all relevant material contained in books, papers and documents to simplify issues?" | Pretrial Procedure - Memo # 1932 - C - PB.docx | ROSS-003287304-ROSS-003287305 |
| Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | The civil procedure rule governing nonsuits permits the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Does the rule governing dismissals and non-suits permit the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power?" | 027721.docx | LEGALEASE-00132910-LEGALEASE-00132911 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Calvert v. Berg, 177 Wash. App. 466 | 307A+517.1 | Although a voluntary dismissal generally deprives a court of authority to decide a case on the merits, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees, which is collateral to the underlying proceeding. CR 41(a)(1)(B). | "Although a voluntary dismissal generally deprives a court of authority to decide a case on the merits, does the court retain jurisdiction for the limited purpose of considering a defendant's motion for fees, which is collateral to the underlying proceeding?" | 027987.docx | LEGALEASE-00133267-LEGALEASE-00133268 |
| Credit Car Ctr. v. Chambers, 969 S.W.2d 459 | 307A+486 | Party seeking to withdraw deemed admissions establishes "good cause" by showing that its failure to file was not intentional or in conscious disregard of its obligation to answer the requests, and even a slight excuse for failure to answer will suffice. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Does the party seeking to withdraw deemed admissions establish good cause by showing that its failure to file was not intentional or in conscious disregard of its obligation to answer the requests, and even a slight excuse for failure to answer will suffice?" | Pretrial Procedure - Memo # 2976- C - KG.docx | ROSS-003317672-ROSS-003317673 |
| McDonnell v. United States, 136 S. Ct. 2355 | 63+13 | It is up to the jury, under the facts of the case, to determine whether a public official agreed to perform an "official act," for purposes of the federal bribery statute, which makes it a crime for a public official to demand anything of value in return for being influenced in the performance of any official act, at the time of the alleged quid pro quo; the jury may consider a broad range of pertinent evidence, including the nature of the transaction, to answer that question. 18 U.S.C.A. S 201(a)(3), (b)(2). | "In determining whether the defendant agreed to be influenced in the quid pro quo exchange, can the jury consider a broad range of pertinent evidence, including the nature of the transaction?" | 011582.docx | LEGALEASE-00135119-LEGALEASE-00135121 |
| Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | Where party who justifiably denies request for admission based upon information available at time of denial, but who later learns of additional facts which would have called for request to be admitted if known at time of denial, and thereafter advises requesting party that denial was error that should be modified, such factors should be considered in assessing whether there were no good reasons for denial so as to warrant imposition of expenses incurred to prove truth of requested admission under S 2034(c), but if party stands on initial denial and then fails to contest issue at trial, court would be justified in finding no good reason for denial so as to mandate imposition of expenses. West's Ann.Cal.C.C.P. S 2034(c). | "Can a court be justified in finding no good reason for denial so as to mandate imposition of expenses, if a party stands on initial denial and then fails to contest issue at trial?" | Pretrial Procedure - Memo # 3486 - C - NS.docx | ROSS-003317926-ROSS-003317927 |
| Schindler v. AG Aero Distributors, 502 S.W.2d 581 | 30+3317 | The ruling made by the trial court in the exercise of its discretion to refuse to grant motion to deem admitted matters inquired about in request for admissions where there is neither answer nor denial within the time specified in the request or in the refusing or granting of motion of the nonanswering party to permit the filing of an answer or denial to the request for admissions after the time therefor has expired will be set aside only upon showing of clear abuse. Rules of Civil Procedure, rule 169. | Does the trial court under the rule governing requests for admissions have considerable discretion in refusing or granting a motion to deem answers admitted? | 030112.docx | LEGALEASE-00135905-LEGALEASE-00135906 |
| Shields v. Crump, 499 So. 2d 479 | 307A+716 | Trial court's discretion should usually be exercised in favor of granting continuance to plaintiff who is no longer represented by counsel, so as to afford plaintiff additional opportunity to obtain counsel and to have day in court, even though plaintiff has not been diligent in obtaining new counsel. | "Should a trial court's discretion usually be exercised in favor of granting continuance to a plaintiff who is no longer represented by counsel, so as to afford the plaintiff an additional opportunity to obtain counsel and to have a day in court, even though the plaintiff has not been diligent in obtaining new counsel?" | Pretrial Procedure - Memo # 3295 - C - SU.docx | ROSS-003290745-ROSS-003290746 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Colonial Pipeline Co. v. Westlake Club, 112 Ga. App. 412 | 307A+723.1 | No abuse of discretion in denying continuance is shown where it does not appear that movant invoked explicit remedy to which he was entitled, to wit, postponement of trial to another day in same term or until other panels could be drawn from which to select jury. | "Is no abuse of discretion in denying continuance shown where it does not appear that a movant invoked an explicit remedy to which he was entitled, to wit, postponement of trial to another day in same term or until other panels could be drawn from which to select a jury?" | 030303.docx | LEGALEASE-00136998-LEGALEASE-00136999 |
| Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | In determining whether party had no good reasons for denial of request for admission found to have been of substantial importance so as to warrant imposing costs of proving truth of requested admissions on denying party under S 2034(c), court should assess whether at time request was denied it was reasonably possible for party making denial to appreciate that requested admission involved central issue in case. West's Ann.Cal.C.C.P. S 2034(c). | "Should a court assess whether at time request was denied it was reasonably possible for party making denial to appreciate that requested admission involved central issue in case, in determining whether party had no good reasons for denial of request for admission found to have been of substantial importance?" | Pretrial Procedure - Memo # 4179 - C - SKG.docx | ROSS-003291020-ROSS-003291021 |
| Trahan v. State Through Dep't of Health & Hosps, 663 So. 2d 242 | 307A+726 | Trial court did not abuse its discretion in denying motion for continuance to plaintiffs who alleged that they were unable to complete discovery prior to hearing on motion for summary judgment; although hearing was continued previously at plaintiffs' request, they did not propound any discovery until five days before continued hearing, and they had nine months to propound discovery. LSA-C.C.P. arts. 1601, 1603. | Did the trial court abuse its discretion in denying motion for continuance to plaintiffs who alleged that they were unable to complete discovery prior to hearing on motion for summary judgment although they had sufficient time to propound discovery? | Pretrial Procedure - Memo # 4695 - C - TM.docx | ROSS-003291180-ROSS-003291181 |
| Farm Inv. Co. v. Wyoming Coll. & Normal Sch., 10 Wyo. 240 | 83E+401 | In the absence of contract prescribing the rights and duties of the parties, or furnishing a basis for their determination, a creditor to whom are transferred and delivered, by his debtor, negotiable promissory notes of third persons, as collateral security, is required to exercise ordinary diligence to preserve the pecuniary value of the pledge. | "When the debtor transfers a negotiable promissory note of the third person to the creditor, is the creditor required to exercise any ordinary diligence to preserve the pledge?" | 010497.docx | LEGALEASE-00141236-LEGALEASE-00141237 |
| Houston v. Houston, 64 Mass. App. Ct. 529 | 307A+486 | A judge may usually ameliorate the effect of the rule governing admissions when the presentation of the merits of the action will be advanced, and the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Rules Civ.Proc., Rule 36(b), 43A M.G.L.A. | "Can a judge usually ameliorate the effect of the rule governing admissions when the presentation of the merits of the action will be advanced, and when the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits?" | 029196.docx | LEGALEASE-00140780-LEGALEASE-00140781 |
| Chen v. Guo Liang Lu, 144 A.D.3d 735 | 307A+683 | When opposing a motion to dismiss a complaint for lack of personal jurisdiction on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant. McKinney's CPLR 3211(a)(8). | "When opposing a motion to dismiss a complaint for lack of personal jurisdiction on the ground that discovery on the issue of personal jurisdiction is necessary, need plaintiffs make a prima facie showing of jurisdiction?" | Pretrial Procedure - Memo # 6045 - C - KA.docx | LEGALEASE-00031537-LEGALEASE-00031538 |
| Mayfield v. de Benavides, 693 S.W.2d 500 | 386+50 | When trespass is done in bad faith, measure of damages is value of things mined at time of severance without making deduction for cost of labor and other expenses incurred in committing wrongful act or for any value trespasser may have added to minerals by his labor. | Is the measure of damages for bad faith trespass the value of the things mined at the time of severance without making deduction for the cost of labour and other expenses in curred in committing the wrongful act? | 021420.docx | LEGALEASE-00143578-LEGALEASE-00143579 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mitchell v. Bousson, 29 Mich. App. 222 | 307A+726 | Order setting case for trial on a day certain, which gave defendant ample time to be prepared to defend negligence action, rather than granting continuance to enable defendant to obtain another lawyer, was not an abuse of discretion where defendant had received four previous adjournments. GCR 1963, 503, 503.1. | "Would it be an abuse of discretion for the order setting case for trial on a day that gives the defendant ample time to prepare to defend negligence action, rather than granting continuance?" | 033836.docx | LEGALEASE-00142855-LEGALEASE-00142856 |
| Verploegh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+560 | Courts consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence in obtaining service of process, including but not limited to: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect plaintiff's efforts; and (6) actual service on the defendant. Sup.Ct.Rules, Rule 103(b). | Should courts consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence? | Pretrial Procedure - Memo # 6188 - C - DHA.docx | ROSS-003329593-ROSS-003329594 |
| Wilk v. Wilmorite, 349 Ill. App. 3d 880 | 307A+560 | No absolute time frame exists for a defendant to show that the plaintiff was not diligent in effecting service that will shift the burden and require the plaintiffs to offer an explanation for their actions; consequently, the determination of whether the defendant has established a prima facie case based on lack of diligence must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | Does no absolute time frame exist for a defendant to show that the plaintiff was not diligent in effecting service that will shift the burden and require the plaintiffs to offer an explanation for their actions? | 034451.docx | LEGALEASE-00144365-LEGALEASE-00144366 |
| Am. Mfg. Co. v. City of St. Louis, 270 Mo. 40 | 371+2005 | State may exercise sovereign right of taxation with respect to all persons, things, and business activities which exist under protection of its laws, its power being unlimited as to mode, form, and extent of taxation, unless restrained by federal Constitution, where subjects to which it applies are within jurisdiction. | "Can a state exercise sovereign right of taxation with respect to all persons, things, and business activities which exist under protection of its laws in any mode and form?" | 045797.docx | LEGALEASE-00144607-LEGALEASE-00144608 |
| Montgomery v. SmithKline Beecham Corp., 910 So. 2d 541 | 307A+560 | Ordinarily, under the civil procedure rule regarding service of process, if 120 days has expired after the filing of the complaint, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal, and the plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. Rules Civ.Proc., Rule 4(h). | "Under the civil procedure rule regarding service of process, if 120 days have expired after the filing of the complaint, must a plaintiff appear and attempt to show good cause?" | 035255.docx | LEGALEASE-00145971-LEGALEASE-00145972 |
| MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, 364 Ill. App. 3d 6 | 307A+680 | A motion for involuntary dismissal based on certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters, such as the untimeliness of the complaint, which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim, thus enabling the court to dismiss the complaint after considering issues of law or easily proved issues of fact. S.H.A. 735 ILCS 5/2-619. | "Will a motion for involuntary dismissal admit the legal sufficiency of the complaint and raise defects, defenses, or other affirmative matters that appear on the face of the complaint?" | 11367.docx | LEGALEASE-00094736-LEGALEASE-00094737 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stapleton v. Shower, 251 S.W.3d 341 | 307A+581 | Factors a trial court is to consider in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules include: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. Rules Civ.Proc., Rules 37.02, 41.02. | "Should the prejudice to the other party and the availability of alternative sanctions be considered by court, in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules?" | Pretrial Procedure - Memo # 8012 - C - SKG_58367.docx | ROSS-003306441-ROSS-003306442 |
| Temple v. Guideone Specialty Mut. Ins. Co., 330 S.W.3d 318 | 307A+581 | When deciding whether to dismiss a case for want of prosecution, the trial court may consider the entire history of the case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay; no single factor is dispositive. | "Should a court consider the entire history of the case including, requests for a trial date, and the existence of reasonable excuses for delay, when deciding whether to dismiss a case for want of prosecution?" | 036392.docx | LEGALEASE-00149354-LEGALEASE-00149355 |
| Gohel v. Montgomery Hosp., 698 A.2d 653 | 307A+581 | Trial court may enter judgment of non pros where it finds failure to proceed diligently with reasonable promptitude, lack of compelling reason for delay, and delay has caused some prejudice to adverse party, which will be presumed in cases where delay exceeds two years. Rules Civ.Proc., Rule 3051(b), 42 Pa.C.S.A. | "Can court enter judgment of non pros where it finds failure to proceed diligently with reasonable promptitude, lack of compelling reason for delay, and delay has caused some prejudice to adverse party?" | 037083.docx | LEGALEASE-00150804-LEGALEASE-00150805 |
| Christian v. Christian, 985 S.W.2d 513 | 307A+581 | To decide whether party prosecuted motion with due diligence, trial court may consider entire history of case, including whether movant has requested hearing; amount of activity in case; passage of time; and movant's excuses for delay. | "To decide the due diligence issue, may the trial court consider the entire history of the case, including whether the movant has requested a hearing, the amount of activity in the case, the passage of time, and the movants excuses for delay?" | Pretrial Procedure - Memo # 8880 - C - TM_60562.docx | ROSS-003292203-ROSS-003292204 |
| Poola v. Howard Univ., 147 A.3d 267 | 307A+679 | To survive a motion to dismiss for failure to state a claim on which relief can be granted, a complaint must plead enough facts to state a claim to relief that is plausible on its face, i.e., factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. D.C. Super. Ct. R. Civ. P. 12(b)(6). | "To survive a 12(b)(6) motion to dismiss, should a complaint plead enough facts to state a claim to relief that is plausible on its face?" | 037937.docx | LEGALEASE-00153079-LEGALEASE-00153080 |
| K.L.N. Constr. Co. v. Town of Pelham, 107 A.3d 658 | 307A+561.1 | When a motion to dismiss does not challenge the sufficiency of the petitioners' legal claim but, instead, raises certain defenses, the trial court must look beyond the petitioners' unsubstantiated allegations and determine, based on the facts, whether the petitioners have sufficiently demonstrated their right to claim relief; a jurisdictional challenge based upon lack of standing is such a defense. | Is a jurisdictional challenge based upon lack of standing a defense that requires a trial court to look beyond the plaintiff's unsubstantiated allegations? | 038271.docx | LEGALEASE-00153702-LEGALEASE-00153703 |
| UMC Dev. v. D.C., 120 A.3d 37 | 307A+681 | For purposes of ruling on a motion to dismiss for want of standing, when a defendant makes a factual, as opposed to a facial, attack on the plaintiff's complaint, the trial court may conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes concerning whether subject-matter jurisdiction exists. Civil Rule 12(b)(1). | "When a defendant makes a factual attack on the plaintiff's complaint, can the trial court conduct an independent review of the evidence submitted by the parties, including affidavits?" | 038584.docx | LEGALEASE-00154047-LEGALEASE-00154048 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nappe v. Town of E. Haven Bd. of Police Comm'rs, 2014 WL 6476599 | 307A+679 | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light, and in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, should it consider the allegations of the complaint in their most favorable light?" | Pretrial Procedure - Memo # 9344 - C - PC_61047.docx | ROSS-003291970-ROSS-003291971 |
| In re ExxonMobil Corp., 153 S.W.3d 605 | 15A+2161 | When the Legislature has given exclusive jurisdiction to an administrative body, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's action deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. | Does a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's action deprive the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction? | Pretrial Procedure - Memo # 10367 - C - SN_62092.docx | ROSS-003279074-ROSS-003279075 |
| Scovill Fasteners v. Sure-Snap Corp., 207 Ga. App. 539 | 307A+685 | When outcome of motion to dismiss for lack of personal jurisdiction depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record, and to the extent that defendant's evidence controverts complaint's allegations, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Uniform Superior Court Rule 6.1. | Can a plaintiff rely on mere allegations in controverting the allegations of the complaint but also submit supporting affidavits or documentary evidence? | Pretrial Procedure - Memo # 10434 - C - KG_62582.docx | ROSS-003319001 |
| Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1 | 336H+85 | Dismissal without prejudice may operate to preclude party from bringing another action for same cause and may be res judicata of what judgment actually decided; appeal from such dismissal can be taken where dismissal has practical effect of terminating litigation in form cast or in plaintiff's chosen forum. | Can a dismissal without prejudice operate to preclude a party from bringing another action for the same cause and can be res judicata of what the judgment actually decided? | 025761.docx | LEGALEASE-00158737-LEGALEASE-00158738 |
| Builders Apartment Corp. Condo. v. Gingold, 37 A.D.3d 635 | 307A+697 | Case stricken from the trial calendar and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in seeking restoration of the action to the trial calendar, a lack of intent to abandon the action, and a lack of prejudice to the defendant. McKinney's CPLR 3404. | Can a case stricken from the trial calendar and subsequently dismissed after one year be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action? | Pretrial Procedure - Memo 11297 - C - VP.docx | LEGALEASE-00049775-LEGALEASE-00049776 |
| People v. Smith, 128 Misc. 2d 733 | 110+1156.2 | Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the Legislature, the Supreme Court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of the constitutional requirement that all penalties shall be proportioned to the nature of the offense. S.H.A.Const. art. 2, S 11. | Can a sentence be disturbed on the basis that it is excessive if it is within the limitations prescribed by the legislature but also deemed to be greatly at variance with the purpose and spirit of the law? | 012564.docx | LEGALEASE-00161462-LEGALEASE-00161464 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Finneran, 43 Misc. 3d 34 | 3.77E+38 | District Court correctly declined to charge jury with defense of justification regarding defendant's count of harassment in the second degree pursuant to statute by which a person may use physical force upon another person when and to extent he reasonably believes such to be necessary to defend third person from what he reasonably believes to be use or imminent use of unlawful physical force by such other person; to extent that defendant, who was coach of youth football team, reasonably believed that he was defending 10-year-olds that he was coaching from use of unlawful physical force by 11-year-old from another team, such use of force was no longer imminent, as defendant's actions occurred as particular play during scrimmage had ended, and prior to commencement of next play, and defendant had alternatives to running across field and knocking victim down, such as calling time out or ordering his team off field. McKinney's Penal Law SS 35.15(1), 240.26(1). | Under the defense of justification can a person use physical force to defend a third person from imminent unlawful force? | 046929.docx | LEGALEASE-00161048-LEGALEASE-00161049 |
| Foman v. Davis, 371 U.S. 178 | 170A+833 | Leave to amend complaint should be freely given in absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment. Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A. | "In the absence of any apparent reason, such as undue delay, bad faith, or dilatory motive on the part of the movant, should the district court grant a party's motion for leave to amend after issuing an order dismissing the complaint with leave to amend?" | 040133.docx | LEGALEASE-00162362-LEGALEASE-00162363 |
| Colcloughley v. Johnson, 115 A.D.2d 58 | 135H+95.1 | Absent prejudicial error depriving defendant of fair trial, or gross misconduct by defendant or juror, the only ground upon which new trial may be had after declaration of mistrial is when it is physically impossible to proceed with trial in conformity with law. McKinney's CPL S 280.10, subds. 1-3; McKinney's Const. Art. 1, S 6; U.S.C.A. Const.Amend. 5. | "Absent prejudicial error depriving defendant of fair trial, or gross misconduct by defendant or juror, is the only ground upon which new trial may be had after declaration of mistrial when it is physically impossible to proceed with trial in conformity with law?" | Double Jeopardy - Memo 416 - C - TJ_66986.docx | ROSS-003283629-ROSS-003283630 |
| Williams v. D'Angelo, 24 A.D.3d 538 | 307A+697 | A case marked off the trial calendar and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant. McKinney's CPLR 3404. | Can a case marked off the trial calendar and subsequently dismissed after one year be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action? | Pretrial Procedure - Memo 11948 - C - TM_67023.docx | ROSS-003294680-ROSS-003294681 |
| Jake F. v. Plainview-Old Bethpage Cent. Sch. Dist., 94 A.D.3d 804 | 141E+808(3) | School district did not breach its duty to provide adequate supervision, with respect to assault on student by fellow student; although assailant's disciplinary record contained several instances of nonviolent, disruptive behavior and single, remote incident of fighting two years and nine months prior, district had no knowledge or actual or constructive notice of prior conduct similar to the assault. | Do school districts breach their duty to supervise students when students are injured on school premises? | 017290.docx | LEGALEASE-00164306-LEGALEASE-00164308 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Levine v. Agus, 28 A.D.3d 719 | 307A+697 | Case marked off trial calendar and subsequently dismissed after one year may be restored to trial calendar provided that plaintiff demonstrates meritorious cause of action, reasonable excuse for delay in prosecuting action, lack of intent to abandon action, and lack of prejudice to defendant. McKinney's CPLR 3404. | Can a case marked off the trial calendar and subsequently dismissed after one year be restored to trial calendar provided that the plaintiff demonstrate a meritorious cause of action? | Pretrial Procedure - Memo 12117 - C - VP_67399.docx | ROSS-003281301-ROSS-003281302 |
| State v. Sater, 588 N.W.2d 512 | 135H+105 | A defendant who is acquitted or convicted of one among several criminal charges, tried in a single proceeding and arising from a single course of conduct, may be retried for any charges on which the jury did not reach a verdict because those charges have not been "disposed of" by conviction, acquittal, entry of a plea, or dismissal. | "Can a defendant who is acquitted or convicted of one among several criminal charges, tried in a single proceeding and arising from a single course of conduct, be retried for any charges on which the jury did not reach a verdict?" | Double Jeopardy - Memo 798 - C - SB_67803.docx | ROSS-003295851-ROSS-003295852 |
| Stanley v. Superior Court, 206 Cal. App. 4th 265 | 135H+1 | The policies and protections underlying or afforded by double jeopardy principles include: (1) protecting the defendant from being subjected to the embarrassment, expense, ordeal, and anxiety of repeated trials, (2) preserving the finality of judgments, (3) precluding the government from retrying the defendant armed with new evidence and knowledge of defense tactics, (4) recognizing the defendant's right to have trial completed by a particular tribunal, and (5) precluding multiple punishment for the same offense. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | What are the policies and protections afforded by double jeopardy principles? | Double Jeopardy - Memo 902 - C - RF_67691.docx | ROSS-003280045 |
| Taylorsville City v. Adkins, 145 P.3d 1161 | 135H+100.1 | Acquittals, unlike convictions, terminate the initial jeopardy, whether they are express or implied by a conviction on a lesser included offense; thus, whether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "Whether the trial is to a jury or to the bench, does subjecting the defendant to post acquittal fact-finding proceedings going to guilt or innocence violate the Double Jeopardy Clause?" | 015682.docx | LEGALEASE-00166405-LEGALEASE-00166406 |
| Pierson v. State, 398 S.W.3d 406 | 135H+86 | Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, a retrial may not be automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused; under such circumstances, a retrial over the objection of a defendant is permitted only when the prosecutor demonstrates manifest necessity. U.S.C.A. Const.Amend. 5. | "Although a retrial is automatically barred when a trial ends with an acquittal or a conviction, is the same true when a criminal proceeding ends before a final resolution of the merits of the charges against the accused is reached?" | 016014.docx | LEGALEASE-00166363-LEGALEASE-00166364 |
| MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, 364 Ill. App. 3d 6 | 307A+680 | A motion for involuntary dismissal based on certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters, such as the untimeliness of the complaint, which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim, thus enabling the court to dismiss the complaint after considering issues of law or easily proved issues of fact. S.H.A. 735 ILCS 5/2-619. | "Will a motion for involuntary dismissal admit the legal sufficiency of the complaint and raise defects, defenses, or other affirmative matters that appear on the face of the complaint? " | 10551.docx | LEGALEASE-00095246-LEGALEASE-00095247 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| B.J. v. State, 951 So. 2d 100 | 399+1 | With regard to the first element of loitering and prowling, the state must prove that a defendant loitered and prowled, which means that he engaged in incipient criminal behavior in which law abiding people do not usually engage given the time, place, or manner of the conduct involved; the gist of the first element is aberrant and suspicious criminal conduct that comes close to, but falls short of, actual commission or attempted commission of a substantive crime. West's F.S.A. S 856.021(1). | Is engagement in suspicious criminal conduct an element of the offense of loitering? | 047460.docx | LEGALEASE-00130654-LEGALEASE-00130655 |
| Chen v. Guo Liang Lu, 144 A.D.3d 735 | 307A+683 | When opposing a motion to dismiss a complaint for lack of personal jurisdiction on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant. McKinney's CPLR 3211(a)(8). | "When opposing a motion to dismiss a complaint for lack of personal jurisdiction on the ground that discovery on the issue of personal jurisdiction is necessary, need plaintiffs make a prima facie showing of jurisdiction?" | Pretrial Procedure - Memo # 6045 - C - KA.docx | ROSS-003304835-ROSS-003304836 |
| Builders Apartment Corp. Condo. v. Gingold, 37 A.D.3d 635 | 307A+697 | Case stricken from the trial calendar and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in seeking restoration of the action to the trial calendar, a lack of intent to abandon the action, and a lack of prejudice to the defendant. McKinney's CPLR 3404. | an a case stricken from the trial calendar and subsequently dismissed after one year be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action? | 039764.docx | LEGALEASE-00159327-LEGALEASE-00159328 |
| K.L.N. Constr. Co. v. Town of Pelham, 107 A.3d 658 | 307A+561.1 | When a motion to dismiss does not challenge the sufficiency of the petitioners' legal claim but, instead, raises certain defenses, the trial court must look beyond the petitioners' unsubstantiated allegations and determine, based on the facts, whether the petitioners have sufficiently demonstrated their right to claim relief; a jurisdictional challenge based upon lack of standing is such a defense. | Is a jurisdictional challenge based upon lack of standing a defense that requires a trial court to look beyond the plaintiff's unsubstantiated allegations? | Pretrial Procedure - Memo # 9089 - C - PC_60769.docx | ROSS-003278564-ROSS-003278565 |
| New York Hosp. Med. Ctr. of Queens v. Microtech Contracting Corp., 98 A.D.3d 1096 | 24+103 | In order to preserve the national uniformity of the Immigration Reform and Control Act's (IRCA's) verification system and the sanctions imposed for violations, Congress expressly provided that IRCA preempts any State or local law imposing civil or criminal sanctions, other than through licensing and similar laws, upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens; IRCA is silent, however, as to its preemptive effect on any other state or local laws. Immigration Reform and Control Act of 1986, S 101(a)(1), 8 U.S.C.A. S 1324a(h)(2). | Does the IRCA preempt any State or local law imposing civil or criminal sanctions upon those who employ unauthorized aliens? | "Aliens, Immigration and Citizenship - Memo 114 - RK_64756.docx" | ROSS-003281710 |
| Baer v. New Hampshire Dep't of Educ., 160 N.H. 727 | 307A+681 | When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | "When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, must a court look beyond a plaintiffs unsubstantiated allegations?" | Pretrial Procedure - Memo # 11079 - C - SKG_63466.docx | ROSS-003283147-ROSS-003283148 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400 | 221+342 | Act of state doctrine does not establish exception to obligation of United States courts to decide cases and controversies for cases and controversies that may embarrass foreign governments, but merely requires that, in process of deciding, acts of foreign sovereigns taken within their own jurisdictions be deemed valid. | "Does the act of state doctrine establish an exception for cases and controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid?" | International Law - Memo # 366 - MC.docx | ROSS-003296128-ROSS-003296129 |
| Wilk v. Wilmorite, 349 Ill. App. 3d 880 | 307A+560 | No absolute time frame exists for a defendant to show that the plaintiff was not diligent in effecting service that will shift the burden and require the plaintiffs to offer an explanation for their actions; consequently, the determination of whether the defendant has established a prima facie case based on lack of diligence must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | Does no absolute time frame exist for a defendant to show that the plaintiff was not diligent in effecting service that will shift the burden and require the plaintiffs to offer an explanation for their actions? | Pretrial Procedure - Memo # 6757 - C - SB.docx | ROSS-003302828-ROSS-003302829 |
| Harper v. Patterson, 270 Ga. App. 437 | 307A+3 | If the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it controls the subsequent course of action, unless modified at trial to prevent manifest injustice. | "If the trial court decides to rule on the admissibility of evidence prior to trial, is the court's determination of admissibility similar to a preliminary ruling on evidence at a pretrial conference and will it control the subsequent course of action, unless modified at the trial to prevent manifest injustice?" | Pretrial Procedure - Memo # 24 - C - KA.docx | ROSS-003315649-ROSS-003315650 |
| Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is a consequence of domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs. | "Is the act of state doctrine a consequence of domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs?  " | International Law - Memo # 363 - MC.docx | ROSS-003316418-ROSS-003316420 |
| City of Chicago v. Morales, 177 Ill. 2d 440 | 92+4509(8) | For purposes of determining whether city's gang loitering ordinance, which criminalized failure to obey police officer's dispersal order to persons loitering in group including person officer believed to be gang member, provided adequate notice of proscribed conduct as required to save ordinance from being void for vagueness, if city intended to require defendant's actual knowledge of another loiterer's gang membership, then that knowledge had to be established as fact to support conviction. U.S.C.A. Const.Amends. 5, 14; S.H.A. Const. Art. 1, S 2; Chicago, Ill., Municipal Code S 8-4-015. | What is the purpose of a gang loitering ordinance? | Vagrancy - Memo 18 - SB.docx | ROSS-003317642-ROSS-003317643 |
| In re Brown, 226 B.R. 39 | 366+1 | Under Ohio law, "legal subrogation" occurs by operation of law and applies when one having liability or right or fiduciary relationship pays debt of another under such circumstances that he is in equity entitled to step into shoes of creditor he has paid. | "Does ""legal subrogation"" occur by operation of law and applies when one having liability or right or fiduciary relationship pays debt of another under such circumstances that he is in equity entitled to step into shoes of creditor he has paid?" | Subrogation - Memo # 416 - C - SA.docx | ROSS-003325803-ROSS-003325804 |
| Guilford Cty. ex rel. Holt v. Puckett, 191 N.C. App. 693 | 366+1 | The doctrine of subrogation is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice. | "Was the doctrine of subrogation adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice?" | Subrogation - Memo 389 - VP C.docx | ROSS-003326690-ROSS-003326692 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Peterson v. McCawley, 135 Idaho 282 | 307A+746 | Before ordering the most drastic sanction-the dismissal of an action or entry of judgment against a litigant-the trial court must first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate. Rules Civ.Proc., Rule 16(i). | "Before ordering the most drastic sanction-the dismissal of an action or entry ofjudgment against a litigant, must the trial court first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate?" | Pretrial Procedure - Memo # 6566 - C - KBM.docx | ROSS-003330235-ROSS-003330236 |
| W. States Petroleum Ass'n v. E.P.A., 87 F.3d 280 | 1.49E+18 | While Environmental Protection Agency (EPA) may have power to adjust its policies and rulings in light of experience and to announce new principles in adjudicatory proceeding, it may not depart, sub silentio, from its usual rules of decision to reach different, unexplained result in single case; to the contrary, EPA must clearly set forth ground for its departure from prior norms so that Court of Appeals may understand basis of EPA's action and judge consistency of that action with EPA's mandate. | "Should an agency, such as the Environmental Protection Agency (EPA), explain the reasons for its departure from its usual set of rules to reach a different result in a case?" | Environmental Law - Memo 53 - AKA.doc | LEGALEASE-00003184-LEGALEASE-00003185 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence, but is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | Is a trial court's ruling on a motion in limine a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling? | 027875.docx | LEGALEASE-00122309-LEGALEASE-00122310 |
| Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938 | 221+342 | For act of state, as opposed to sovereign immunity, purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit; the burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. | "For act of state purposes, are the relevant acts merely those of the named defendants, or are those any governmental acts whose validity would be called into question by adjudication of the suit?" | International Law - Memo # 102 - C - LK.docx | ROSS-003312426-ROSS-003312427 |
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Is an act of state doctrine applicable when the relief sought or the defense interposed would require an American court to declare invalid the official act of a foreign sovereign performed within its boundaries? | 019681.docx | LEGALEASE-00123567-LEGALEASE-00123568 |
| Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221+342 | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts, and thus the doctrine applies to bar an action when the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory, but the doctrine can apply even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act. | "Does the act of state doctrine bar judicial review of claim if there is an official act of a foreign sovereign performed within its own territory, and relief is sought or a defense interposed that require a court in United States to declare invalid the foreign sovereign's official act?" | 019781.docx | LEGALEASE-00123266-LEGALEASE-00123267 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221+342 | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts, and thus the doctrine applies to bar an action when the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory, but the doctrine can apply even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act. | "In determining whether to refrain from adjudicating a case under the act of state doctrine, where official acts of foreign sovereign would be declared invalid, what factors are considered?" | 019783.docx | LEGALEASE-00123253-LEGALEASE-00123255 |
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 221+342 | Act of state doctrine is not one of abstention, rather, it is a principle of decision binding on federal and state courts alike; doctrine comes into play only when the outcome of a case turns on the effect of official action by a foreign sovereign. | Is the act of state doctrine a principle of decision binding on federal and state courts alike that comes into play only when the outcome of a case turns on the effect of official action by a foreign sovereign. | 020223.docx | LEGALEASE-00123689-LEGALEASE-00123690 |
| Riverside Methodist Hosp. Ass'n of Ohio v. Guthrie, 3 Ohio App. 3d 308 | 307A+3 | Motion in limine may be used as equivalent of motion to suppress evidence, which is either not competent or improper because of some unusual circumstances, and as means of raising objection to area of inquiry to prevent prejudicial questions and statements until admissibility of questionable evidence can be determined during course of trial. | Is a motion in limine a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial? | 041185.docx | LEGALEASE-00124157-LEGALEASE-00124158 |
| Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is a consequence of domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs. | "Is the act of state doctrine a consequence of domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs?" | 020244.docx | LEGALEASE-00124702-LEGALEASE-00124704 |
| Callejo v. Bancomer, S.A., 764 F.2d 1101 | 221+342 | Under act of state doctrine, even if defendant is private party, not instrumentality of foreign state, and even if suit is not based specifically on sovereign act, United States will decline to decide merits of case if in doing so it would need to judge validity of public acts of sovereign state performed within its own territory. | Under the act of state doctrine will the United States decline to decide the merits of case if in doing so it would need to judge the validity of public acts of a sovereign state performed within its own territory? | International Law - Memo # 439 - C - MLS.docx | ROSS-003283372-ROSS-003283373 |
| Galu v. Swissair: Swiss Air Transp. Co., 873 F.2d 650 | 221+342 | The act of state doctrine precludes courts of this country from inquiring into the validity of public acts a recognized foreign power commits within its own territory, and the doctrine applies when the challenged conduct is the public act of those with authority to exercise sovereign powers of the foreign state. | Does the act of state doctrine preclude US courts from inquiring into the validity of public acts a recognized foreign power commits within its own territory and apply when the challenged conduct is the public act of those with authority to exercise sovereign powers of the foreign state? | International Law - Memo # 457 - C - NS.docx | ROSS-003298966-ROSS-003298968 |
| Ramirez de Arellano v. Weinberger, 745 F.2d 1500 | 221+383 | When act of state doctrine is raised as defense in connection with motion to dismiss, court must be satisfied that there is no set of facts favorable to plaintiffs and suggested by complaint which would fail to establish occurrence of act of state; to extent crucial facts pertaining to defense are disputed, or not fully developed in a complete record, reviewing court must be certain that it does not lead to conclusions that are reviewable under unelaborated pleadings which could be refuted through ordinary process of discovery and fact-finding in district court. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | "When act of state doctrine is raised as defense in connection with motion to dismiss, must a court be satisfied that there is no set of facts favorable to plaintiffs and suggested by complaint which would fail to establish occurrence of act of state?" | 020511.docx | LEGALEASE-00124469-LEGALEASE-00124470 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Biermann, 678 F. Supp. 1437 | 110+97(3) | As general matter, international law prohibits any country from asserting jurisdiction over foreign vessels on high seas, but general rule does not apply if sufficient nexus indicates that acts aboard foreign vessel are likely to have criminal consequences within United States. | Does international law apply if a sufficient nexus indicates that acts aboard foreign vessel are likely to have criminal consequences within United States? | 020633.docx | LEGALEASE-00124804-LEGALEASE-00124805 |
| Bandes v. Harlow & Jones, 570 F. Supp. 955 | 221+354 | Act of state doctrine recognizes first, that to extent United States has interest in internal affairs of foreign sovereign, that interest is best represented by executive branch, and second, that in any event, United States courts are without power to enforce their decrees as they apply to property held extraterritorially without consent of foreign sovereign. | Does the act of state doctrine recognize that interest is best represented by the executive branch and United States courts are without power to enforce their decrees? | 020975.docx | LEGALEASE-00124587-LEGALEASE-00124588 |
| Huckaby v. Cheatham, 272 Ga. App. 746 | 157+155(1) | A party whose motion in limine was erroneously denied may decide to introduce the information in an attempt explain it to the jury without being found to have later opened the door to introduction of evidence on that topic. | Can a party whose motion in limine was erroneously denied decide to introduce the information in an attempt to explain it to the jury without being found to have later opened the door to introduction of evidence on that topic? | 031156.docx | LEGALEASE-00125162-LEGALEASE-00125163 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | "Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain prejudicial evidentiary issues the court may be asked to rule upon?" | Pretrial Procedure - Memo # 915 - C - TJ.docx | ROSS-003312393-ROSS-003312394 |
| Sporio v. W.C.A.B. (Songer Const.), 553 Pa. 44 | 413+1 | Workers' Compensation Act substitutes a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common law process where the employee must sue the appropriate parties for damages, and employers pay benefits at a set rate and are immune from common-law liability. 77 P.S. S 1 et seq. | Does the Workers Compensation Act substitute a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common law process where the employee must sue the appropriate parties for damages? | 048256.docx | LEGALEASE-00126898-LEGALEASE-00126899 |
| United States v. Mitchell, 553 F.2d 996 | 221+395 | Basic purpose of moratorium, prohibitions and permit system provided by Marine Mammal Protection Act of 1972 appears to be protection of marine mammals only within territory of the United States and on high seas; conservation in other sovereign states is left to diplomatic negotiations. Marine Mammal Protection Act of 1972, SS 2 et seq., 3(7), 101, 108, 113(a), 16 U.S.C.A. SS 1361 et seq., 1362(7), 1371, 1378, 1383(a). | "Does the basic purpose of moratorium, prohibitions and permit system provided by Marine Mammal Protection Act of 1972 (MMPA) appear to be protection of marine mammals only within territory of the United States and on high seas?" | International Law - Memo # 1032 - C - MS.docx | ROSS-003300239-ROSS-003300241 |
| Bell v. Treasurer of Cambridge, 310 Mass. 484 | 13+65 | Events happening since the filing of a bill in equity and which have properly come to attention of court are to be considered in drafting a final decree in order that relief granted may be adequate in view of situation then existing. | Do events happening since the filing of a bill in equity considered in drafting a final decree by a court in order that relief granted may be adequate in view of the situation then existing? | 006098.docx | LEGALEASE-00128140-LEGALEASE-00128142 |
| Schoonover v. Chavous, 974 A.2d 876 | 307A+502 | The requirement of judicial approval and the provision for court-imposed conditions for voluntary dismissal were intended to curb the abuses at common law and in federal practice of automatically granting voluntary dismissals anytime before verdict was rendered; thus, when order of court provision in rule governing dismissal of actions applies, a voluntary dismissal is no longer a matter of right. Civil Rule 41(a)(2). | Are the requirement of judicial approval and the provision for court-imposed conditions for voluntary dismissal intended to curb the abuses at common law and in federal practice of automatically granting voluntary dismissals anytime before verdict was rendered? | Pretrial Procedure - Memo # 937 - C - NS.docx | ROSS-003300131-ROSS-003300132 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pittman v. N. Carolina Dep't of Transp., 97 N.C. App. 658 | 48A+279 | Department of Transportation (DOT) was liable under State Tort Claims Act for injuries and property damage sustained when motorist collided with DOT truck that was parked partially blocking road adjacent to sign being replaced; flashing light on DOT truck was not proper warning as it was blocked from motorist's view by vehicle ahead of him, and motorist was traveling at lawful rate of speed and had no reasonable opportunity to avoid truck. G.S. S 143-291 et seq. | Can the Department of Transportation (DOT) be held liable in tort? | Highways - Memo 35 - RK.docx | ROSS-003314226 |
| State v. Jason H., 215 W. Va. 439 | 307A+717.1 | A party moving for a continuance due to the unavailability of a witness must show: (1) the materiality and importance of the witness to the issues to be tried; (2) due diligence in an attempt to procure the attendance of the witness; (3) that a good possibility exists that the testimony will be secured at some later date; and (4) that the postponement would not be likely to cause an unreasonable delay or disruption in the orderly process of justice. | What must a party who moves for a continuance due to the unavailability of a witness show? | Pretrial Procedure - Memo # 1791 - C - SJ.docx | ROSS-003287771-ROSS-003287772 |
| Henley v. Haynes, 376 So.2d 1030 | 289+545 | Relation of partnership is fiduciary in character and imposes on members of the firm obligation of utmost good faith in their dealings with one another with respect to partnership affairs, of acting for common benefit of all partners in all transactions relating to firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat or adverse pressure of any kind. | "Does a partner have the duty to ensure that he obtains no advantage in partnership affairs by misrepresentation, concealment, threat or adverse pressure?" | 022186.docx | LEGALEASE-00132503-LEGALEASE-00132504 |
| Diocese of W. N. C. of Protestant Episcopal Church v. Sale, 254 N.C. 218 | 307A+331 | Statute giving superior court judges, in their discretion, power to order parties to produce for inspection and copying, documents relating to merits of pending action is remedial and should be liberally construed. G.S. S 8-89. | "Is the statute giving superior court judges, in their discretion, power to order parties to produce for inspection and copying, documents relating to merits of pending action remedial and should be liberally construed?" | Pretrial Procedure - Memo # 2101 - C - SK.docx | ROSS-003286475-ROSS-003286476 |
| Kepa v. Hawaii Welding Co., 56 Haw. 544 | 413+1 | Workmen's compensation laws represent a socially enforced bargain: employee giving up his right to recover common-law damages, in tort, from employer in exchange for certainty of statutory award for all work-connected injuries. HRS SS 386-1, 386-5, 386-88. | "Do workmen's compensation laws represent a socially enforced bargain, that bargain being an employee giving up his right to recover common-law damages, in tort, from his employer in exchange for certainty of a statutory award for all work-connected injuries?" | 047801.docx | LEGALEASE-00131701-LEGALEASE-00131702 |
| Great Socialist People's Libyan Arab Jamahiriya v. Miski, 683 F. Supp. 2d 1 | 221+452 | Where a foreign sovereign has freely come as a suitor into United States courts, the principle of fair dealing allows a setoff or counterclaim based on the same subject matter as the allegations upon which the sovereign is seeking relief. 28 U.S.C.A. S 1607. | "Where a foreign sovereign has freely come as a suitor into United States courts, do principles of fair dealing allow a setoff or counterclaim based on the same subject matter as the allegations upon which the sovereign is seeking relief?" | International Law - Memo #1035 ANC.docx | ROSS-003290506-ROSS-003290507 |
| W. Grp. Nurseries v. Ergas, 167 F.3d 1354 | 307A+517.1 | When a plaintiff takes a voluntary dismissal under Florida law, the effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction; however, a court may retain jurisdiction to decide matters collateral to a case, such as attorney fees. | "When a plaintiff takes a voluntary dismissal, is the effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction?" | Pretrial Procedure - Memo # 2890 - C - SHS.docx | ROSS-003290319-ROSS-003290320 |
| Tucker v. McQuery, 107 Ohio Misc. 2d 31 | 307A+486 | In exercising this discretion whether to allow a party to amend answers deemed admitted, court must balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial. Rules Civ.Proc., Rule 36(B). | "In exercising this discretion whether to allow a party to amend answers deemed admitted, must a court balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial?" | Pretrial Procedure - Memo # 3051 - C - TM.docx | ROSS-003303858-ROSS-003303860 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Liebl's Estate, 201 Misc. 1102 | 221+324 | A country's municipal laws have no force beyond its territorial limits, and government of another country will permit them to be carried into effect within such country's jurisdiction only on principle of comity, but in doing so must take care to inflict no injury on citizens thereof. | "Do the municipal laws of a country have force beyond its territorial limits, and when another government permits that force to be carried into effect within her jurisdiction, does she do so upon a principle of comity, requiring that care be taken so that no injury is inflicted on her own citizens?" | 020724.docx | LEGALEASE-00135728-LEGALEASE-00135730 |
| Hoehn v. Hoehn, 716 N.E.2d 479 | 307A+716 | A trial court is not compelled to find good cause for a continuance based upon a bare allegation that the moving party is out-of-state, nor is it compelled to find good cause based upon an asserted inability to procure local counsel unless the moving party has acted with diligence in seeking counsel. | Is a trial court compelled to find good cause based upon an asserted inability to procure local counsel unless the moving party has acted with diligence in seeking counsel? | 029506.docx | LEGALEASE-00135597-LEGALEASE-00135598 |
| Ramirez v. Noble Energy, 521 S.W.3d 851 | 307A+483 | Using deemed admissions as the basis for summary judgment does not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden. Tex. R. Civ. P. 198.3. | "Does using deemed admissions as the basis for summary judgment not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction?" | 029898.docx | LEGALEASE-00135558-LEGALEASE-00135559 |
| Ex parte Gudel AG, 183 So. 3d 147 | 307A+36.1 | Although the standard for permitting jurisdictional discovery is quite low, the plaintiff requesting jurisdictional discovery must offer the court more than conjecture and surmise in support of the jurisdictional theory; a request for discovery that is predicated upon bare, attenuated, or unsupported assertions of personal jurisdiction is due to be denied. | "Although the standard for permitting jurisdictional discovery is quite low, must the plaintiff requesting jurisdictional discovery offer the court more than conjecture and surmise in support of the jurisdictional theory?" | 030975.docx | LEGALEASE-00136950-LEGALEASE-00136951 |
| Lance v. Calvert, 21 Pa. Super. 102 | 8.30E+95 | Where one who has signed a note, leaving the date blank, delivers it in that condition to a joint maker for the purpose of raising money upon it, he thereby impliedly authorizes that joint maker to fill in the date as of the time when the note is actually negotiated. | "When one who has signed a note, leaving the date blank, delivers it in that condition to a joint maker for the purpose of raising money upon it, does he impliedly authorize the joint maker to fill in the date as of the time when the note is actually negotiated?" | 010286.docx | LEGALEASE-00137871-LEGALEASE-00137872 |
| In re Interest of Azia B., 10 Neb. App. 124 | 307A+723.1 | An oral request for a continuance is not sufficient to comply with statutory requirements that the application be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of the proceedings. Neb.Rev.St. S 25-1148. | Is an oral request for a continuance sufficient to comply with statutory requirements that the application be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of the proceedings? | Pretrial Procedure - Memo # 4157 - C - NC.docx | ROSS-003291014-ROSS-003291015 |
| Estate of Despain v. Avante Grp., 900 So. 2d 637 | 115+151 | Although the punitive damages pleading statute is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. F.S.1999, S 768.72. | Do parties have a substantive right not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the punitive damages pleading statute has been made to the trial court? | 031016.docx | LEGALEASE-00137723-LEGALEASE-00137724 |
| Sleezer v. Lang, 170 Neb. 239 | 302+245(4) | Ordinarily if plaintiff wishes to amend his petition by inserting new issue after he has rested, he should do so by asking leave to withdraw his rest for that purpose and, if granted, to introduce his evidence in support thereof and, if defendant makes it clear to court that he is not prepared to meet new issue, he should be granted continuance for that purpose on such terms as court may deem just, but such procedure is not necessary if evidence relied upon is already properly in record. | "If a plaintiff wishes to amend his petition by inserting a new issue after he has rested, should he do so by asking leave to withdraw his rest for that purpose?" | Pretrial Procedure - Memo # 4579 - C - PB.docx | ROSS-003291079 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Agristor Credit Corp. v. Donahoe, 568 S.W.2d 422 | 307A+483 | Effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under rule governing request for admissions is comparable to a "legal admission" made in applicable pleadings of a party, so as to preclude his denial of such facts on trial of case. Rules of Civil Procedure, rule 169. | "Is the effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under rule governing request for admissions comparable to a ""legal admission"" made in applicable pleadings of a party?" | Pretrial Procedure - Memo # 4712 - C - AP.docx | ROSS-003291186-ROSS-003291187 |
| Taylor v. Hubbell, 188 F.2d 106 | 413+1 | Arizona workmen's compensation statute rests upon police power to regulate status of employer and employee and grants to commission full power, jurisdiction and authority to administer and enforce all laws for protection of life, health, safety and welfare of employees in every case where such duty is not specifically delegated to any other board or officer, and in order to insure uniformity and certainty of compensation to injured employees the statute vests allowance of compensation to workmen coming within law exclusively in commission. Fed.Rules Civ.Proc., rule 12(h), 28 U.S.C.A.; A.R.S. SS 23-107, 23-944, 23-1023, 23-1024. | Does the workmens compensation statute rest upon the police power to regulate the status of employers and employees? | 047921.docx | LEGALEASE-00137206-LEGALEASE-00137208 |
| Anderson Contracting v. DSM Copolymers, 776 N.W.2d 846 | 307A+36.1 | While a court should consider all of the relevant evidence admitted at the class certification stage and resolve any factual disputes necessary to determine if the class certification requirements are met, the court should not assess any aspect of the merits unrelated to a class certification requirement and has the discretion to limit discovery and the extent of a hearing to assure that a class certification motion does not become a pretext for a partial trial of the merits. | Should the court not assess any aspect of the merits unrelated to a class certification requirement and has the discretion to limit discovery? | 031152.docx | LEGALEASE-00138706-LEGALEASE-00138709 |
| Palmisano v. Toth, 624 A.2d 314 | 307A+36.1 | If motion to strike punitive damage claim is denied, plaintiff may proceed to seek discovery relating to wealth or ability of defendant to respond to punitive damage award insofar as such evidence may be relevant to determination of amount adequate to deter defendant from similar activities in future. | "If a motion to strike punitive damage claim is denied, may a plaintiff proceed to seek discovery relating to wealth or ability of a defendant to respond to a punitive damage award?" | 032028.docx | LEGALEASE-00138301-LEGALEASE-00138302 |
| Rickner v. Golfinopoulos, 271 S.W.3d 32 | 307A+690 | Generally, a nonsuit occurs when a court order terminates a cause of action without prejudice; however a "voluntary dismissal" under civil procedural rule constitutes a nonsuit because it allows a plaintiff to dismiss a civil action without prejudice and "without order of the court" any time prior to the introduction of evidence at trial. V.A.M.R. 67.02. | "Does a voluntary dismissal constitute a ""nonsuit"" because it allows a plaintiff to dismiss a civil action without prejudice and without order of the court any time prior to the introduction of evidence at trial?" | Pretrial Procedure - Memo # 2481 - C - SJ.docx | ROSS-003287712-ROSS-003287713 |
| Bryan v. Jeffreys, 104 N.C. 242 | 307A+74 | Under Code, S 1357, providing that depositions shall be returned to the court, and opened and passed on by the clerk, after having first given the parties or their attorneys at least one day's notice, and that all depositions when allowed by the court, or by the judge upon appeal from the clerk's order, are legal evidence, if the witness be competent, a deposition without such notice, and which was not passed on by the clerk, is properly excluded. | "Shall depositions be returned to the court, and opened and passed on by the clerk, after having first given the parties or their attorneys at least one day's notice?" | 032293.docx | LEGALEASE-00139751-LEGALEASE-00139752 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tetreault v. Franchise Tax Bd., 255 Cal. App. 2d 277 | 371+2005 | When dealing with proper domestic concerns and not trenching upon prerogatives of national government or violating guaranties of Federal Constitution, states have attributes of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. | Do states have attributes of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests when dealing with proper domestic concerns? | 045299.docx | LEGALEASE-00142724-LEGALEASE-00142725 |
| MAG-T v. Travis Cent. Appraisal Dist., 161 S.W.3d 617 | 15A+2151 | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. V.T.C.A., Government Code S 2001.171. | Does a litigant's failure to exhaust all administrative remedies before seeking judicial review deprive the court of subject matter jurisdiction over claims within an agencys exclusive jurisdiction? | Pretrial Procedure - Memo # 5779 - C - NS.docx | ROSS-003301555-ROSS-003301556 |
| Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598 | 106+35 | If a nonresident defendant's affidavit in support of a motion to dismiss for lack of jurisdiction fully disputes the jurisdictional allegations in the plaintiff's complaint, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists; if the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted. West's F.S.A. S 48.193. | "If a plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, must the defendant's motion to dismiss for lack of personal jurisdiction be granted?" | 033566.docx | LEGALEASE-00143698-LEGALEASE-00143699 |
| Williams v. Beemiller, 100 A.D.3d 143 | 307A+554 | In opposing a motion to dismiss for lack of personal jurisdiction, on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must set forth a sufficient start, and show their position is not frivolous. McKinney's CPLR 3211(a)(8). | "In opposing a motion to dismiss for lack of personal jurisdiction, on the ground that discovery on the issue of personal jurisdiction is necessary, need plaintiffs not make a prima facie showing of jurisdiction?" | Pretrial Procedure - Memo # 6689 - C - KG.docx | ROSS-003328910-ROSS-003328911 |
| The Florida Bar v. Eubanks, 752 So. 2d 540 | 307A+746 | Court may impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction should be used sparingly and reserved to those instances where the conduct is flagrant, willful, or persistent. West's F.S.A. RCP Rule 1.200(c). | "Can a court impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party?" | Pretrial Procedure - Memo # 6836 - C - SB.docx | ROSS-003304909-ROSS-003304910 |
| Flagg v. Judd, 198 So. 3d 665 | 307A+46 | The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. West's F.S.A. RCP Rule 1.380(b)(2)(C). | Is it an abuse of the trial court's discretion to dismiss an action for failure to obey a court order without making express written findings of fact supporting the conclusion? | 034614.docx | LEGALEASE-00144562-LEGALEASE-00144563 |
| Zuleski v. Pipella, 309 Minn. 585 | 307A+563 | Dismissal for failure to prosecute or to comply with rules or order of court necessarily depends upon circumstances peculiar to each case, justice and equity to each party, and must be considered with reference to just, speedy and inexpensive disposition of case and policy underlying dismissal rules of preventing harassment and unreasonable delays in litigation. | Does dismissal for failure to prosecute or to comply with rules or order of court necessarily depend upon circumstances peculiar to each case? | 035106.docx | LEGALEASE-00146096-LEGALEASE-00146097 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rosa v. Florida Power & Light Co., 636 So. 2d 60 | 307A+590.1 | In determining whether discovery activity is sufficient record activity to preclude dismissal for failure to prosecute, court may consider whether activity is designed toward concluding case on merits or whether it is taken in bad faith to avoid application of rule authorizing dismissal for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | "In determining whether discovery activity is sufficient record activity to preclude dismissal for failure to prosecute, can a court consider whether activity is designed toward concluding case on merits?" | 11088.docx | LEGALEASE-00094220-LEGALEASE-00094221 |
| Berz v. City of Evanston, 2013 IL App (1st) 123763 | 307A+561.1 | When reviewing motion for involuntary dismissal based upon certain defects or defenses, Appellate Court must consider whether a genuine issue of material fact exists which precludes dismissal and whether affirmative matter negates plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material unsupported fact. S.H.A. 735 ILCS 5/2-619. | Should the court consider whether affirmative matter negates plaintiff's cause of action completely or refutes critical conclusions of law or material unsupported fact? | 11254.docx | LEGALEASE-00094355-LEGALEASE-00094357 |
| People, Prop. Owners & Citizens of Pleasant Valley Sch. Dist. v. Burney, 151 Pa. Cmwlth. 124 | 307A+584 | Court may properly enter judgment of non pros when party to proceedings has shown want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for delay which has caused some prejudice to adverse party such as death of or unexplained absence of material witnesses. | Can court properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? | 036337.docx | LEGALEASE-00149049-LEGALEASE-00149050 |
| Everett v. Eastchester Police Dep't, 127 A.D.3d 1131 | 307A+622 | Where evidentiary material is submitted and considered on a motion to dismiss a complaint for failure to state a claim, and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss a complaint for failure to state a cause of action, does the question become whether the plaintiff has a cause of action?" | Pretrial Procedure - Memo # 8185 - C - PC_58760.docx | ROSS-003308423-ROSS-003308425 |
| Gorman v. Am. Honda Motor Co., 302 Mich. App. 113 | 307A+679 | The trial court reviewing a motion for summary disposition on the basis of failure to state a claim for which relief can be granted must accept as true all factual allegations supporting the claim, and any reasonable inferences or conclusions that might be drawn from those facts. MCR 2.116(C)(8). | Should the trial court reviewing a motion for summary disposition on the basis of failure to state a claim for which relief can be granted accept as true all factual allegations supporting the claim? | 037236.docx | LEGALEASE-00151072-LEGALEASE-00151073 |
| Sethness v. Sethness, 62 N.C. App. 676 | 307A+622 | In ruling on motion to dismiss complaint for failure to state claim upon which relief can be granted, test to be applied by court is whether complaint alleges set of facts which would entitle plaintiff to some relief; allegations contained in complaint are liberally construed and treated as true, but conclusions of law or unwarranted deductions of fact are not admitted. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | "In ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, should courts construe allegations in a plaintiff's favor and accept all allegations of fact as true?" | 038524.docx | LEGALEASE-00154481-LEGALEASE-00154482 |
| Hawaii Auto. Retail Gasoline Dealers Ass'n v. Brodie, 2 Haw. App. 99 | 307A+583 | Motion to dismiss for failure to prosecute is matter addressed to court's discretion and is properly granted where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice. Rules of Civil Procedure, Rule 41(b). | Is motion to dismiss for failure to prosecute properly granted where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice? | Pretrial Procedure - Memo # 9679 - C - SB_61580.docx | ROSS-003299237-ROSS-003299238 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Timmins v. Lindsey, 310 S.W.3d 834 | 307A+679 | In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept as true all well-pleaded facts and all reasonable inferences drawn therefrom alleged by the party opposing the motion. | "For purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, does the court accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom?" | 024467.docx | LEGALEASE-00155859-LEGALEASE-00155860 |
| Tercero v. Roman Catholic Diocese of Norwich, Conn., 127 N.M. 294 | 307A+25 | When ruling upon a motion to dismiss for lack of personal jurisdiction, the trial court has discretion to permit discovery to help decide the issue or resolve the issue either upon written affidavits or through a pretrial evidentiary hearing. NMRA, Rule 1-012, subd. B(2). | "When ruling upon a motion to dismiss, does a trial court have discretion to permit discovery to help decide an issue or resolve an issue either upon written affidavits or through a pretrial evidentiary hearing?" | 024581.docx | LEGALEASE-00156002-LEGALEASE-00156003 |
| Turner v. Turner, 216 A.D.2d 910 | 307A+594.1 | If plaintiff fails to take proceedings for entry of judgment within one year after default, complaint will be dismissed as abandoned unless plaintiff can establish that failure to seek default judgment was excusable and cause of action is meritorious. McKinney's CPLR 3215(c). | "If a plaintiff fails to take proceedings for entry of judgment within one year after default, will the complaint be dismissed as abandoned unless a plaintiff can establish that failure to seek default judgment was excusable?" | 024866.docx | LEGALEASE-00156863-LEGALEASE-00156864 |
| Cottman Transmission Sys. v. Kershner, 536 F. Supp. 2d 543 | 25T+182(2) | Prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation; to make this determination, courts consider factors, including: (1) timeliness or lack thereof of a motion to arbitrate, (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims, (3) whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings, (4) the extent of its non-merits motion practice, (5) its assent to the trial court's pretrial orders, and (6) the extent to which both parties have engaged in discovery. | What are the factors relevant to the prejudice inquiry in arbitration? | 008090.docx | LEGALEASE-00165077-LEGALEASE-00165078 |
| United States v. El-Mezain, 664 F.3d 467 | 135H+100.1 | Although the Double Jeopardy Clause prohibits a second prosecution following an acquittal, a retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused. U.S.C.A. Const.Amend. 5. | "Although the Double Jeopardy Clause prohibits a second prosecution following an acquittal, is a retrial not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused?" | Double Jeopardy - Memo 476 - C - TJ_68255.docx | ROSS-003279790-ROSS-003279791 |
| Colvin v. Sheets, 598 F.3d 242 | 135H+95.1 | The double jeopardy clause of the Fifth Amendment protects a defendant's valued right to have his trial completed by a particular tribunal; at the same time, given the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused, a defendant's valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. U.S.C.A. Const.Amends. 5, 4. | Is the valued right to have the trial concluded by a particular tribunal subordinate to the public interest? | Double Jeopardy - Memo 671 - C - KI_67884.docx | ROSS-003284200-ROSS-003284201 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Cobb, 28 A.3d 930 | 135H+95.1 | The determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having his fate determined by the jury first impaneled; additionally, failure to consider if there are less drastic alternatives to a mistrial creates doubt about the propriety of the exercise of the trial judge's discretion and is grounds for barring retrial because it indicates that the court failed to properly consider the defendant's significant interest in whether or not to take the case from the jury. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | Does failure to consider if there are less drastic alternatives to a mistrial create doubt about the propriety of the exercise of the trial judge's discretion? | Double Jeopardy - Memo 494 - C - SB_68273.docx | ROSS-003308011-ROSS-003308012 |
| State v. Vanlue, 216 S.W.3d 729 | 110+1028 | Appellate courts are wary of claims that a trial court erred in failing to sua sponte make objections and rulings in the closing argument of a criminal case; to convict a trial court of an error not put forth by the defendant allows an accused to stand mute when incidents unfavorable to him or her occur during trial, gamble on the verdict, and then seek favorable results on appeal. | Are appellate courts especially wary of a claim that the trial court failed to declare a mistrial sua sponte? | 015670.docx | LEGALEASE-00166393-LEGALEASE-00166394 |
| Wilson v. State ex rel. State Election Bd., 2012 OK 2 | 110+632(4) | A motion in limine should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. | "Should a motion in limine be granted only if the material or evidence in question will be inadmissible at a trial under the rules of evidence and the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury? " | 05218.docx | LEGALEASE-00084951-LEGALEASE-00084952 |
| State ex rel. Camden-Clark Mem'l Hosp. v. Hill, 205 W. Va. 236 | 307A+560 | Dismissal for failing to timely serve process on a defendant after an action is filed is mandatory in a case in which good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance has two options to avoid the consequences of the dismissal: (1) to timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect service under the new complaint. Rules Civ.Proc., Rule 4(l) (1997). | Is dismissal for failing to timely serve process on a defendant after an action is filed is mandatory in a case in which good cause for the lack of service not shown? | Pretrial Procedure - Memo # 6461 - C - SKG.docx | ROSS-003289200-ROSS-003289201 |
| Reaves v. City of Corpus Christi, 518 S.W.3d 594 | 307A+681 | In ruling on a motion to dismiss an action on grounds that it is without basis in law or in fact, the court may not consider evidence, and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure. Tex. R. Civ. P. 91a. | "In ruling on a motion to dismiss an action on grounds that it is without basis in law or in fact, can the court not consider evidence, and decide the motion based solely on the pleading of the cause of action?" | 037805.docx | LEGALEASE-00152004-LEGALEASE-00152005 |
| United States v. Biermann, 678 F. Supp. 1437 | 110+97(3) | As general matter, international law prohibits any country from asserting jurisdiction over foreign vessels on high seas, but general rule does not apply if sufficient nexus indicates that acts aboard foreign vessel are likely to have criminal consequences within United States. | Does international law apply if a sufficient nexus indicates that acts aboard foreign vessel are likely to have criminal consequences within United States? | International Law - Memo # 819 - C - ANC.docx | ROSS-003285098-ROSS-003285100 |
| Sporio v. W.C.A.B. (Songer Const.), 553 Pa. 44 | 413+1 | Workers' Compensation Act substitutes a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common law process where the employee must sue the appropriate parties for damages, and employers pay benefits at a set rate and are immune from common-law liability. 77 P.S. S 1 et seq. | Does the Workers' Compensation Act substitute a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common law process where the employee must sue the appropriate parties for damages? | Workers Compensation - Memo #47 ANC.docx | ROSS-003285514-ROSS-003285515 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Dudley, 502 B.R. 259 | 366+1 | Under Massachusetts law, a five-factor test is used in determining whether equitable subrogation applies, though the doctrine may still apply absent one of the five factors, pursuant to which subrogation will apply if: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | What is the five-factor test used in determining whether equitable subrogation applies? | Subrogation - Memo 274 - ANG C.docx | ROSS-003285562-ROSS-003285563 |
| Anderson Contracting v. DSM Copolymers, 776 N.W.2d 846 | 307A+36.1 | While a court should consider all of the relevant evidence admitted at the class certification stage and resolve any factual disputes necessary to determine if the class certification requirements are met, the court should not assess any aspect of the merits unrelated to a class certification requirement and has the discretion to limit discovery and the extent of a hearing to assure that a class certification motion does not become a pretext for a partial trial of the merits. | Should the court not assess any aspect of the merits unrelated to a class certification requirement and has the discretion to limit discovery? | Pretrial Procedure - Memo # 4549 - C - NC.docx | ROSS-003291071-ROSS-003291074 |
| Turner v. Turner, 216 A.D.2d 910 | 307A+594.1 | If plaintiff fails to take proceedings for entry of judgment within one year after default, complaint will be dismissed as abandoned unless plaintiff can establish that failure to seek default judgment was excusable and cause of action is meritorious. McKinney's CPLR 3215(c). | "If a plaintiff fails to take proceedings for entry of judgment within one year after default, will the complaint be dismissed as abandoned unless a plaintiff can establish that failure to seek default judgment was excusable? " | Pretrial Procedure - Memo # 10435 - C - KG_62583.docx | ROSS-003293039-ROSS-003293040 |
| Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | Equitable subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. | "Does one having a liability or a right in the premises pay a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid under the doctrine of ""equitable subrogation""?" | Subrogation - Memo 275 - ANG C.docx | ROSS-003324743-ROSS-003324744 |
| Boss v. Washington State Dep't of Transp., 113 Wash. App. 543 | 149E+689 | The general rule in both administrative and judicial State Environmental Policy Act (SEPA) appeals is that they must combine review of SEPA issues with the related government action, so as to preclude judicial review of SEPA compliance before an agency has taken final action on a proposal, foreclose multiple lawsuits challenging a single agency action, and deny the existence of "orphan" SEPA claims unrelated to any government action. West's RCWA 43.21C.010 et seq. | Should State Environmental Protection Act (SEPA) appeals combine review of SEPA issues with the related governmental action? | 001059.docx | LEGALEASE-00118056-LEGALEASE-00118057 |
| Calvert Fire Ins. Co. v. James, 236 S.C. 431 | 366+1 | Legal "subrogation" is not dependent upon contract; the doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | Is the doctrine of equitable subrogation founded upon principles of natural justice? | 003533.docx | LEGALEASE-00120334-LEGALEASE-00120335 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Deuel, 361 B.R. 509 | 366+1 | Equitable subrogation traditionally enables one who pays, other than as volunteer, an obligation for which another is primarily liable to be given by equity the protection of any lien or other security for payment of debt to creditor, and to enforce such security against the principal debtor or collect obligation from him. | "Does equitable subrogation enable one who pays, other than as volunteer, an obligation for which another is primarily liable to be given by equity the protection of any lien or other security for payment of debt the to creditor?" | 003541.docx | LEGALEASE-00120673-LEGALEASE-00120674 |
| State Bar of California v. Statile, 168 Cal. App. 4th 650 | 366+1 | Subrogation is a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer? | Subrogation - Memo # 438 - C - SU.docx | ROSS-003326389-ROSS-003326391 |
| Nat'l City Mortg. Co. v. Ross, 34 Kan. App. 2d 282 | 366+23(1) | The right of subrogation or of equitable assignment is not founded upon contract alone, nor upon the absence of contract, but is founded upon the facts and circumstances of the particular case and upon principles of natural justice; and generally, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in the place of the creditor, such person will be so substituted. | "Is the right of subrogation or of equitable assignment founded upon contract alone, but is founded upon the facts and circumstances of the particular case and upon principles of natural justice?" | Subrogation - Memo # 571 - C - NE.docx | ROSS-003324322-ROSS-003324323 |
| Home Owners' Loan Corp. v. Sears, Roebuck & Co., 123 Conn. 232 | 366+1 | "Subrogation" is a legal fiction through which a person who, not as a volunteer or in his own wrong, and in absence of outstanding and superior equities, pays debt of another, is substituted to all rights and remedies of the other, and the debt is treated in equity as still existing for his benefit, and the doctrine is broad enough to include every instance in which one party pays the debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by such other. | Does subrogation include every instance in which one party pays a debt for which another is primarily answerable? | Subrogation - Memo # 620 - C - SU.docx | ROSS-003285036-ROSS-003285038 |
| In re Univ. Ctr. Hotel, 323 B.R. 306 | 366+33(1) | In Florida, equitable subrogation is appropriate where one party non-voluntarily pays the entire debt of another on which the paying party is not primarily liable in order to protect its own interests, as long as subrogation would not harm the rights of a third party; the party that paid the other's debt is then able to stand in the shoes of the party whose debt it paid and receive that party's rights. | "Is equitable subrogation appropriate where one party non-voluntarily pays the entire debt of another on which the paying party is not primarily liable in order to protect its own interests, as long as subrogation would not harm the rights of a third party?" | Subrogation - Memo # 683 - C - SU.docx | ROSS-003329744-ROSS-003329746 |
| Johnson v. W. Suburban Bank, 225 F.3d 366 | 25T+121 | Though TILA clearly contemplates class actions, there are no provisions within the law that create a right to bring them, or evince an intent by Congress that claims initiated as class actions be exempt from binding arbitration clauses; rather, the "right" to proceed to a class action, insofar as TILA is concerned, is a procedural one that arises from Federal Rules of Civil Procedure. Truth in Lending Act, SS 102 et seq., 130, as amended, 15 U.S.C.A. SS 1601 et seq., 1640; Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A. | Can Truth in Lending Act (TILA) claims initiated as class actions be exempt from binding arbitration? | 007097.docx | LEGALEASE-00122442-LEGALEASE-00122443 |
| Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | A motion in limine may be used when the movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during trial, of a certain item of evidence or area of inquiry, until its admissibility can be determined during the course of the trial outside the presence of the jury. | "Can a motion in limine be used when the movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during trial, of a certain item of evidence or area of inquiry?" | Pretrial Procedure - Memo # 153 - C - CRB.docx | ROSS-003298780-ROSS-003298781 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Heflin v. Merrill, 154 So. 3d 887 | 307A+3 | When granting a motion in limine, the circuit court must first find the following two factors present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. (Per James, J., with one judge concurring and three judges concurring in part and in the result.) | Should a motion in limine be granted only when material or evidence will be inadmissible and statements made during trial concerning material will tend to prejudice a jury? | Pretrial Procedure - Memo # 162 - C - CRB.docx | ROSS-003324577-ROSS-003324578 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. | "Should trial judges attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations?" | 024445.docx | LEGALEASE-00122215-LEGALEASE-00122216 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | Under California's decisional law of equitable subrogation, one who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites: (1) payment must have been made by the subrogee to protect his own interest, (2) subrogee must not have acted as a volunteer, (3) the debt paid must be one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | What certain prerequisites must be satisfied by one who claims to be equitably subrogated to the rights of a secured creditor? | Subrogation - Memo # 534 - C - NO.docx | ROSS-003285277-ROSS-003285278 |
| In re Bounds, 495 B.R. 725 | 13+61 | Under Texas law, when act setting injury in motion is itself a completed wrong, such as an invasion of some personal or property right of plaintiff, the act and legal injury occur simultaneously, and cause of action "accrues" from time that act is committed, even though little, if any, actual damage occurs immediately upon commission of act. | "Does a cause of action accrue from the time that the act is committed, even though little, if any, actual damage occurs immediately upon commission of the tort?" | Action - Memo # 35 - C - LK.docx | ROSS-003281832-ROSS-003281833 |
| Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221+342 | The act of state doctrine is applicable when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | Is the act of state doctrine applicable when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries? | International Law - Memo # 85 - C - LK.docx | ROSS-003326735-ROSS-003326737 |
| United States v. Sum of $70,990,605, 991 F. Supp. 2d 154 | 221+342 | The act of state doctrine applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | How does the act of state doctrine apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries? | International Law - Memo # 86 - C - LK.docx | LEGALEASE-00012970-LEGALEASE-00012971 |
| McKesson Corp. v. Islamic Republic of Iran, 539 F.3d 485 | 221+342 | Act of state doctrine applies when the relief sought against a foreign sovereign or the defense interposed by the sovereign would require a court in the United States to declare invalid the official act of the foreign sovereign performed within its own territory. | Does the act of state doctrine apply when the relief sought against a foreign sovereign or the defense interposed by the sovereign would require a court in the United States to declare invalid the official act of the foreign sovereign performed within its own territory? | International Law - Memo # 91 - C - LK.docx | ROSS-003316169-ROSS-003316170 |
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Does the act of state doctrine apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory? | International Law - Memo # 10 - C - LK.docx | ROSS-003289079-ROSS-003289081 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cassirer v. Kingdom of Spain, 580 F.3d 1048 | 221+411 | Doctrine of exhaustion of domestic remedies is a well-established rule of customary international law, under which a state is not required to consider a claim made by a person against a foreign state, and alleging a violation of international law, until that person has exhausted domestic remedies, unless such remedies are clearly sham or inadequate, or their application is unreasonably prolonged. | "Under the doctrine of exhaustion of domestic remedies, is a state required to consider a claim made by a person against a foreign state that alleges a violation of international law?" | International law - Memo # 173 - C - PHS.docx | ROSS-003282904-ROSS-003282905 |
| First Nat. City Bank v. Banco Nacional de Cuba, 406 U.S. 759 | 221+342 | The act of state doctrine represents an exception to the general rule that a court of the United States, where appropriate jurisdictional standards are met, will decide cases before it by choosing the rules appropriate for decision from among the various sources of law including international law. (Per Mr. Justice Rehnquist with The Chief Justice and another Justice concurring and two Justices concurring in result.) | "Where the act of state doctrine is inapplicable, will a court of United States will decide cases for it by choosing the rules appropriate for decision from among various sources of law including international law?" | 020469.docx | LEGALEASE-00124140-LEGALEASE-00124141 |
| O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449 | 221+342 | "Act of state doctrine" is a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of the foreign state, its affairs, and its policies, and into the underlying reasons and motivations for actions of foreign government. | "Is the ""act of state doctrine"" a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of a foreign state, its affairs and its policies, and the underlying reasons and motivations for the actions of the foreign government?" | International Law - Memo # 525 - C - DA.docx | ROSS-003298971-ROSS-003298972 |
| Huber v. Rohrig, 280 Neb. 868 | 307A+3 | Purpose of a motion in limine is to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself. | "Is the purpose of a motion in limine to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself?" | Pretrial Procedure - Memo  # 113 - C - ANC.docx | ROSS-003296193-ROSS-003296195 |
| Lipsey v. State, 50 So. 3d 341 | 110+632(4) | A trial court does not abuse its discretion in granting a motion in limine where the court determines that: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. | "Should a motion in limine be granted only if the material or evidence in question will be inadmissible at a trial under the rules of evidence and the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury?" | Pretrial Procedure - Memo # 190 - C - CRB.docx | ROSS-003328465-ROSS-003328466 |
| Wilson v. State ex rel. State Election Bd., 2012 OK 2 | 110+632(4) | A motion in limine should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. | "Should a motion in limine be granted only if the material or evidence in question will be inadmissible at a trial under the rules of evidence and the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury?" | 05692.docx | LEGALEASE-00084995-LEGALEASE-00084996 |
| Dyer v. Cotton, 333 S.W.3d 703 | 307A+3 | The purpose of a motion in limine is to prevent the opposing party from asking questions to elicit or otherwise introducing unfairly prejudicial evidence without first approaching the bench for a formal ruling. | Is the purpose of a motion in limine to prevent the opposing party from asking questions to elicit or otherwise introducing unfairly prejudicial evidence without first approaching the bench for a formal ruling? | 032431.docx | LEGALEASE-00122744-LEGALEASE-00122745 |
| Vaughan v. Greater Huntington Park & Recreation Dist., 223 W. Va. 583 | 307A+3 | A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of the offer of the evidence in order to prevent the jury from being exposed to inadmissible evidence. | Is a motion in limine a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of the offer of the evidence in order to prevent the jury from being exposed to inadmissible evidence? | 041136.docx | LEGALEASE-00123907-LEGALEASE-00123908 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kaplan v. Cent. Bank of Islamic Republic of Iran, 961 F. Supp. 2d 185 | 221+342 | Act of state issues only arise when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign; when it applies, the doctrine serves as a rule of decision for the courts of the United States, which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions. | Does an act of state issues only arise when a court must decide the outcome of the case turns upon-the effect of official action by a foreign sovereign? | 020188.docx | LEGALEASE-00124584-LEGALEASE-00124586 |
| Riedel v. Bancam, S.A., 792 F.2d 587 | 221+342 | Under "act of state doctrine," courts exercise jurisdiction but prudentially decline to decide merits of case if in doing so court would need to judge validity of public acts of sovereign state performed within its own territory. | "Under the act of state doctrine, do courts exercise jurisdiction but prudentially decline to decide the merits of a case if in doing so the court would need to judge validity of public acts of a sovereign state performed within its own territory?" | International Law - Memo # 436 - C - MLS.docx | ROSS-003324042-ROSS-003324043 |
| Pravin Banker Assocs. Ltd. v. Banco Popular Del Peru, 109 F.3d 850 | 221+342 | Under principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Under principles of international comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, instead allowing those acts and proceedings to have extraterritorial effect in the United States?" | 020405.docx | LEGALEASE-00124916-LEGALEASE-00124917 |
| Chiminya Tachiona v. Mugabe, 216 F. Supp. 2d 262 | 170B+2297 | Certain wrongful conduct violates the law of nations, and gives rise to a right to sue cognizable by exercise of federal jurisdiction under the Alien Tort Claims Act (ATCA), when it offends norms that have become well-established and universally recognized. 28 U.S.C.A. S 1350. | "Does certain wrongful conduct violate the law of nations, and gives rise to a right to sue cognizable by exercise of federal jurisdiction under the Alien Tort Claims Act (ATCA)?" | International Law - Memo # 512 - C - KA.docx | ROSS-003284767-ROSS-003284768 |
| O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449 | 221+342 | "Act of state doctrine" is a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of the foreign state, its affairs, and its policies, and into the underlying reasons and motivations for actions of foreign government. | "Is ""Act of state doctrine"" a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of the foreign state, its affairs, and its policies, and into the underlying reasons and motivations for actions of foreign government?" | International Law - Memo # 516 - C - ES.docx | ROSS-003326521-ROSS-003326523 |
| In re Grand Jury Proceedings Bank of Nova Scotia, 740 F.2d 817 | 221+342 | Act of state doctrine is not required by considerations of sovereignty, international law or the Constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government. | "Is the act of state doctrine not required by considerations of sovereignty, international law or the Constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government?" | International Law - Memo # 565 - C - SA.docx | ROSS-003281912-ROSS-003281913 |
| Bodner v. Paribas, 202 F.R.D. 370 | 170A+1261 | The French blocking statute does not subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court. | "Does the French blocking statute subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court?" | International Law - Memo # 781 - C - NO.docx | ROSS-003283678-ROSS-003283679 |
| West v. Multibanco Comermex, S.A., 807 F.2d 820 | 221+342 | "Act of state doctrine" prohibits United States courts from reaching merits of issue, even though they otherwise have jurisdiction, in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with conduct of our own foreign policy. | Does the act of state doctrine prohibit United States courts from reaching merits of issue in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with conduct of our own foreign policy? | 020965.docx | LEGALEASE-00124545-LEGALEASE-00124546 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Delgado-Garcia, 374 F.3d 1337 | 221+392 | Because decisions about when to subject foreign nationals and foreign conduct to the United States' laws invoke delicate questions of jurisdiction and international relations, and because courts lack the foreign policy expertise of the legislative and executive branches, the Court of Appeals, in deciding whether a statute applies extraterritorially, must apply the canons of construction to interpret, not rewrite, congressional acts. | "In deciding whether a statute applies extraterritorially, must the Courts apply the canons of construction to interpret congressional acts?" | 020646.docx | LEGALEASE-00126114-LEGALEASE-00126115 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | "Is a motion in limine a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon, in order to avoid prejudicing the jury?" | 037625.docx | LEGALEASE-00125913-LEGALEASE-00125914 |
| State v. Johnston, 249 Ga. 413 | 110+392.60 | Trial court has absolute right to refuse to decide admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial; if, however, trial court decides to rule on admissibility of evidence prior to trial, court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it controls the subsequent course of action unless modified at trial to prevent manifest injustice. | "If the trial court decides to rule on the admissibility of evidence prior to trial, is the court's determination of admissibility similar to a preliminary ruling on evidence at a pretrial conference?" | 037958.docx | LEGALEASE-00126151-LEGALEASE-00126152 |
| Duquesne Light Co. v. Pennsylvania Pub. Util. Comm'n, 164 Pa. Super. 166 | 317A+114 | A public utility company, in exercise of its managerial functions, may determine, in first instance, type and extent of its service to public within limits of adequacy and reasonableness, but such service must conform with Public Utility Commission's regulations and orders, and company is bound, on commission's order, to make such changes in service or facilities as are deemed necessary in public interest. 66 P.S. S 1171. | Can a public utility determine the extent of service to the public within the limits of reasonableness in the exercise of its managerial functions? | Public Utilities - Memo 179 - AM.docx | ROSS-003286734-ROSS-003286735 |
| Butte Min. PLC v. Smith, 876 F. Supp. 1153 | 221+395 | When predicate acts upon which Racketeer Influenced and Corrupt Organizations Act (RICO) claim is bottomed consist merely of use of United States communications systems in furtherance of domestic activities which are preparatory to foreign securities fraud, and court lacks subject matter jurisdiction over underlying securities fraud claims, court also lacks subject matter jurisdiction over RICO claims which are primarily predicated upon securities fraud. 18 U.S.C.A. S 1961 et seq. | When does a court lack subject matter jurisdiction over RICO claims which are primarily predicated upon securities fraud? | 005709.docx | LEGALEASE-00126481-LEGALEASE-00126482 |
| Strawberry Elec. Serv. Dist. v. Spanish Fork City, 918 P.2d 870 | 148+86 | For purposes of constitutional takings analysis, to create protectable property interest, contract must establish rights more substantial than unilateral expectation of continued privileges; absent exclusive franchise or equivalent thereof, no vested, legally enforceable interest arises and, consequently, there is no property that can provide basis for compensation in inverse condemnation proceeding. Const. Art. 1, S 22. | When an exclusive franchise or the equivalent is absent can there be property that can provide the basis for compensation in an inverse condemnation proceeding? | Eminent Domain - Memo 292 - GP.docx | ROSS-003286036-ROSS-003286037 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McDonnell v. United States, 136 S. Ct. 2355 | 63+1(1) | An "official act," for purposes of the federal bribery statute, which makes it a crime for a public official to demand anything of value in return for being influenced in the performance of any official act, is a decision or action on a question, matter, cause, suit, proceeding or controversy, and the question, matter, cause, suit, proceeding or controversy must involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee; it must also be something specific and focused that is pending or may by law be brought before a public official. 18 U.S.C.A. S 201(a)(3), (b)(2). | What constitutes an official act by a public official under the federal bribery statute? | 012192.docx | LEGALEASE-00131973-LEGALEASE-00131974 |
| Wolfe v. Sibley, Lindsay & Curr Co., 36 N.Y.2d 505 | 413+1 | Workmen's compensation, as distinguished from tort liability which is essentially based on fault, is designed to shift risk of loss of earning capacity caused by industrial accidents from worker to industry and ultimately to consumer. | "Is the workmens compensation statute, as distinguished from tort liability which is essentially based on fault, designed to shift risk of loss of earning capacity caused by industrial accidents from the worker to industry and ultimately to the consumer?" | 047809.docx | LEGALEASE-00131727-LEGALEASE-00131729 |
| Black v. Don Schmid Motor, 232 Kan. 458 | 307A+745 | Purpose of pretrial order is to define and clarify the issues and, when entered pursuant to statute, the order has full force and effect of other orders of the court and controls the subsequent course of the trial unless modified to prevent manifest injustice. Rules Civ.Proc., K.S.A. 60-216. | "When pretrial order is entered by trial court pursuant to rule, does it have the full force and effect of other orders of court and controls subsequent course of trial unless modified to prevent manifest injustice?" | 027955.docx | LEGALEASE-00132868-LEGALEASE-00132869 |
| Tymar v. Two Men & a Truck, 282 Neb. 692 | 307A+481 | The conclusive effect of admissions that are not withdrawn or amended applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim. Neb. Ct. R. S 6-336. | "Does the conclusive effect of admissions that are not withdrawn or amended apply equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim?" | 028384.docx | LEGALEASE-00132866-LEGALEASE-00132867 |
| United States v. Ring, 706 F.3d 460 | 63+1(1) | A defendant may be guilty of honest-services fraud by bribery when he offers an official something of value with a specific intent to effect a quid pro quo even if that official emphatically refuses to accept; in other words, though the offerer of a bribe is guilty of honest-services fraud, his attempted target may be entirely innocent. 18 U.S.C.A. S 1346. | "Does bribery take place when a person offers an official something of value with a specific intent to effect a quid pro quo, but that official refuses to accept it?" | 011242.docx | LEGALEASE-00134145-LEGALEASE-00134147 |
| In re Liebl's Estate, 201 Misc. 1102 | 221+162 | Necessary intercourse between subjects of independent governments gives rise to sort of compact that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions. | " it the necessary intercourse of the subjects of independent governments, which gives rise to a sort of compact, that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions?" | International Law - Memo #1055 ANC.docx | LEGALEASE-00024997-LEGALEASE-00024998 |
| Pirito v. Penn Eng'g World Holdings, 833 F. Supp. 2d 455 | 106+512 | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other; rather, comity is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. | "If comity is not an absolute obligation or a matter of mere courtesy and good will, what is it?" | 020755.docx | LEGALEASE-00135825-LEGALEASE-00135826 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Austin v. Austin, 12 N.C. App. 286 | 307A+716 | Attorneys, under guise of having business requiring their presence elsewhere, ought not to be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time. | "Ought attorneys, under the guise of having business requiring their presence elsewhere, be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time?" | 029256.docx | LEGALEASE-00135632-LEGALEASE-00135633 |
| Connor v. Scroggs, 821 So. 2d 542 | 307A+716 | Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney; however, because defendant's desire to have case against him tried is also a factor, plaintiff is not entitled to indefinite continuances simply because he is unable to secure counsel. LSA-C.C.P. art. 1601. | "Because defendant's desire to have case against him tried is also a factor, is a plaintiff entitled to indefinite continuances simply because he is unable to secure counsel?" | 029309.docx | LEGALEASE-00135384-LEGALEASE-00135385 |
| Thomsen v. Farmers Mut. United Ins. Co., 240 Neb. 886 | 307A+483 | Request for admission made pursuant to rules of discovery is deemed to have been admitted unless within 30 days, or within such shorter or longer time as designated by court, written answer or objection is filed by party to whom request is directed. Sup.Ct.Rules, Discovery Rule 36(a). | "Is a request for admission made pursuant to rules of discovery deemed to have been admitted unless within 30 days, or within such shorter or longer time as designated by the court, a written answer or objection is filed by a party to whom a request is directed?" | 029790.docx | LEGALEASE-00136749-LEGALEASE-00136750 |
| Ikomoni v. Exec. Asset Mgmt., 309 Ga. App. 81 | 228+185(4) | Where a party has failed to answer a request for admissions within the requisite time and the admissions have removed from the jury at least one essential element of the party's claims, the other party is entitled to a grant of its motion for summary judgment. West's Ga.Code Ann. S 9-11-36(a)(2). | "Where a party has failed to answer a request for admissions within the requisite time and the admissions have removed from the jury at least one essential element of the party's claims, is the other party entitled to a grant of its motion for summary judgment?" | Pretrial Procedure - Memo # 3657 - C - SN.docx | ROSS-003303999-ROSS-003304000 |
| Courtesy Claims Serv. v. Superior Court, 219 Cal. App. 3d 52 | 307A+483 | Statute providing that requests for admission shall be deemed admitted if party fails to respond to requests prior to hearing on opponent's motion is mandatory in nature, and does not permit any "interest of justice" exception. West's Ann.Cal.C.C.P. S 2033(k). | "Is the statute providing that requests for admission shall be deemed admitted if party fails to respond to requests prior to hearing on opponent's motion mandatory in nature, and does not permit any ""interest of justice"" exception?" | Pretrial Procedure - Memo # 3704 - C - TM.docx | ROSS-003290532-ROSS-003290534 |
| Agristor Credit Corp. v. Donahoe, 568 S.W.2d 422 | 307A+483 | Effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under rule governing request for admissions is comparable to a "legal admission" made in applicable pleadings of a party, so as to preclude his denial of such facts on trial of case. Rules of Civil Procedure, rule 169. | "Is a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts comparable to a ""legal admission"" in a party's applicable pleadings so as to preclude his denial of such facts on trial of case?" | 030470.docx | LEGALEASE-00136119-LEGALEASE-00136120 |
| Cadle Co. v. Bankston & Lobingier, 868 S.W.2d 918 | 307A+483 | Upon failure to answer request to admit or deny genuineness of certain facts, facts therein were automatically deemed admitted, unless court, on motion, permitted their withdrawal or amendment, or party relying on admissions failed to object when contradictory evidence was introduced. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Upon failure to answer a request to admit or deny genuineness of certain facts, are facts therein automatically deemed admitted, unless a court, on motion, permitted their withdrawal or amendment?" | 030770.docx | LEGALEASE-00136231-LEGALEASE-00136233 |
| Morgan v. E. Baton Rouge Par. Sch. Bd., 2016-1065 (La. App. 1 Cir. 2/17/17), 215 So. 3d 442 | 307A+747.1 | Trial court renders a pretrial order after holding a pretrial conference, and the order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice; theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. La. Code Civ. Proc. Ann. art. 1551(B). | Does a pretrial order control the subsequent course of the action unless modified at the trial to prevent manifest injustice? | 031243.docx | LEGALEASE-00137190-LEGALEASE-00137192 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re House of Yahweh, 266 S.W.3d 668 | 307A+36.1 | Representative of decedent's estate was not required to establish prima facie case of gross negligence, so as to show right to recover exemplary damages, in suit against religious organization, organization's leader, and midwives for negligence and gross negligence before obtaining discovery of the net worth of the organization, leader, and midwife; rather, representative was entitled to discover net worth information based on gross negligence allegations in his petition. V.T.C.A., Civil Practice & Remedies Code S 41.003. | Is a party entitled to discover net worth information based on the gross negligence allegations in his petition required to make a prima facie showing of a right to recover exemplary damages before obtaining discovery of their net worth? | 031356.docx | LEGALEASE-00137948-LEGALEASE-00137949 |
| Behr v. Hook, 173 Vt. 122 | 217+3522 | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | Are waiver-of-subrogation clauses intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance? | 043335.docx | LEGALEASE-00139477-LEGALEASE-00139478 |
| Barnum v. Barnum, 42 Md. 251 | 150+404 | Where a witness who has been examined before the auditor, applies to be allowed to correct his testimony then given, the court, if entirely satisfied, upon a preliminary examination of the witness, that there is a real mistake, and that there is no collusion, may permit him to appear in open court and there to correct his previous testimony, by answering over a particular interrogatory, propounded by the direction of the court. | "Where a witness who has been examined before the auditor, applies to be allowed to correct his testimony then given, may the court permit him to appear in open court and there to correct his previous testimony?" | Pretrial Procedure - Memo # 5294 - C - TM.docx | ROSS-003289262-ROSS-003289263 |
| State v. Bryant, 110 So. 3d 1191 | 63+1(1) | For purposes of the bribery statute, when any person participates in performing an activity which he or she is legally authorized to undertake on behalf of the state, such as probation supervision services, he is "engaged to serve in a public capacity," even though his immediate employer may be a private company who contracts with the state. I.C.A. S 722.1. | "For purposes of a bribery prosecution, is a person engaged to serve in a public capacity even though his immediate employer is a private company who contracts with the state?" | 012065.docx | LEGALEASE-00140766-LEGALEASE-00140767 |
| Rajpurohit v. Rajpurohit, 122 A.D.3d 706 | 307A+683 | Although a plaintiff bears the ultimate burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant, on a motion to dismiss, a plaintiff may defeat the motion by showing that facts may exist to support the exercise of personal jurisdiction over the defendant. | "Although a plaintiff bears the ultimate burden of establishing, by a preponderance of the evidence, may a plaintiff defeat the motion by showing that facts may exist to support the exercise of personal jurisdiction over the defendant?" | 033297.docx | LEGALEASE-00140754-LEGALEASE-00140755 |
| Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72 | 25T+192 | Court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether parties agreed to arbitrate; second, it must determine scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if court concludes that some, but not all, of claims in case are arbitrable, it must then decide whether to stay balance of proceedings pending arbitration. 9 U.S.C.A. S 1 et seq. | What issues must a court resolve to stay proceedings pending arbitration? | 007519.docx | LEGALEASE-00143222-LEGALEASE-00143223 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 307A+560 | After a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions. Sup.Ct.Rules, Rule 103(b). | "After a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, does the burden shift to the plaintiff to offer an explanation for his actions?" | 033697.docx | LEGALEASE-00142881-LEGALEASE-00142882 |
| Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 307A+560 | After a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions. Sup.Ct.Rules, Rule 103(b). | Does the burden shift to a plaintiff to offer an explanation for his actions after a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit? | 033764.docx | LEGALEASE-00142607-LEGALEASE-00142609 |
| Kole v. Brubaker, 325 Ill. App. 3d 944 | 307A+683 | In moving for dismissal for lack of diligence, the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit; no absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions, rather, because of the nature of the issue, the determination of whether the defendant has established a prima facie case of lack of diligence must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | Does no absolute time frame exist that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on a defendant? | 033568.docx | LEGALEASE-00143706-LEGALEASE-00143707 |
| Vierra v. Workers' Comp. Appeals Bd., 154 Cal. App. 4th 1142 | 413+2084 | The workers' compensation system enacted by the Legislature is exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees. West's Ann.Cal. Const. Art. 14, S 4; West's Ann.Cal.Labor Code S 3200 et seq. | "Is the workers compensation system enacted by the Legislature exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of the employer for injuries to their employees?" | 048066.docx | LEGALEASE-00144097-LEGALEASE-00144098 |
| Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, 327 F.3d 173 | 63+1(1) | In order to obtain a conviction under the Foreign Corrupt Practices Act (FCPA), the government must prove beyond a reasonable doubt that a defendant is (1) a domestic concern (2) that made use of a means or instrumentality of interstate commerce (3) corruptly (4) in furtherance of an offer or payment of anything of value to any person (5) while knowing that the money would be offered or given directly or indirectly to any foreign official (6) for purposes of influencing any act or decision of such foreign official in his official capacity. Foreign Corrupt Practices Act of 1977, S 30A, as amended, 15 U.S.C.A. S 78dd-1 et seq. | What are the elements of a conviction under the Foreign Corrupt Practices Act (FCPA)? | Bribery - Memo #884 - C-JL.docx | LEGALEASE-00034992-LEGALEASE-00034993 |
| S.E.C. v. Jackson, 908 F. Supp. 2d 834 | 349B+67.10 | The "facilitating payments exception" to the Foreign Corrupt Practices Act (FCPA) is intended to provide a very limited exception to the kinds of bribes to which the FCPA does not apply; exception allows for payments to foreign officials the purpose of which is to expedite or secure the performance of a routine government action, which is a very narrow category of largely non-discretionary, ministerial activities performed by mid- or low-level foreign functionaries. Foreign Corrupt Practices Act of 1977, S 103(a), 15 U.S.C.A. S 78dd-1(b). | Does FCPA allow for payments to foreign officials for the purpose of expediting or securing the performance of a routine government action? | Bribery - Memo #886 - C-JL.docx | LEGALEASE-00034996-LEGALEASE-00034997 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pruitt v. Pruitt, 2013 IL App (1st) 130032 | 307A+683 | Once a defendant satisfies the initial burden of going forward on a motion to dismiss on ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is unfounded or requires the resolution of an essential element of material fact before it is proven; the plaintiff may establish this by presenting affidavits or other proof. S.H.A. 735 ILCS 5/2-619(a)(9), (c). | When will the burden shift to plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven? | 09891.docx | LEGALEASE-00096195-LEGALEASE-00096197 |
| United States v. Barash, 365 F.2d 395 | 63+10 | If a government officer threatens serious economic loss unless paid for giving a citizen his due, the latter is entitled to have the jury consider this, not as a complete defense like duress, but as bearing on the specific intent required for the commission of bribery. 18 U.S.C.A. S 201(b). | "If a government officer threatens serious economic loss unless paid for giving a citizen his due, is the latter entitled to have the jury consider this?" | Bribery - Memo #958 - C - CSS_57743.docx | ROSS-003296437-ROSS-003296438 |
| Valence Operating Co. v. Anadarko Petroleum Corp., 303 S.W.3d 435 | 307A+581 | Purpose of allowing a trial court to dismiss a suit for want of prosecution is to provide a penalty when a party seeks to take advantage over its opponent by deliberate neglect and delay and a reluctance to have the merits of the case judged in a trial. | Is the purpose of allowing a trial court to dismiss a suit for want of prosecution to provide a penalty when a party seeks to take advantage over its opponent by deliberate neglect and delay? | 036746.docx | LEGALEASE-00150049-LEGALEASE-00150050 |
| Dinger v. Cefola, 133 A.D.3d 816 | 307A+622 | On a motion to dismiss a complaint for failure to state a cause of action, the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss a complaint pursuant to CPLR 3211(a) (7), should the court liberally construe the complaint and accept all facts as alleged in the pleading to be true?" | 036682.docx | LEGALEASE-00150244-LEGALEASE-00150245 |
| Scoville v. Shaffer, 9 S.W.3d 201 | 307A+594.1 | In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay; no single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. | Will a court consider the entire history of the case in determining whether a party has demonstrated a lack of diligence in prosecuting a claim? | 037011.docx | LEGALEASE-00150668-LEGALEASE-00150669 |
| Moses v. Dirghangi, 430 S.W.3d 371 | 307A+622 | Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are not favored and are rarely granted in light of the liberal pleading standards contained in the Tennessee Rules of Civil Procedure. Rules Civ.Proc., Rule 12.02(6). | Are motions to dismiss a complaint for failure to state a claim upon which relief can be granted not favored and are rarely granted in light of the liberal pleading standards contained in the rules of civil procedure? | 037109.docx | LEGALEASE-00150706-LEGALEASE-00150707 |
| Barnett v. Daley, 809 F. Supp. 1323 | 170A+1829 | On a motion to dismiss a claim for failure to state a cause of action, court must interpret ambiguities in complaint in favor of plaintiffs, and plaintiffs are free, in defending against motions, to allege without evidentiary support any facts consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that, if proved, would entitle them to judgment. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | "Is a plaintiff free, in defending against a motion to dismiss for the failure to state a claim on which relief could be granted, to allege without evidentiary support any facts he pleases that are consistent with the complaint?" | 037685.docx | LEGALEASE-00152223-LEGALEASE-00152224 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Canney v. City of Chelsea, 925 F. Supp. 58 | 308+48 | Restatement (Second) of Agency, portions of which have been incorporated into Massachusetts law, defines agency relationship as having three essential characteristics: (1) power of agent to alter legal relationships between principal and third parties and principal and himself; (2) existence of fiduciary relationship toward principal with respect to matters within scope of agency; and (3) right of principal to control agent's conduct with respect to matters within scope of agency. Restatement (Second) of Agency SS 12-14. | "Is the power of the agent to alter the legal relationships between the principal and third parties, an essential characteristic of agency?" | Principal and Agent - Memo 199 - KC_59867.docx | ROSS-003308981-ROSS-003308982 |
| Com. v. LePore, 40 Mass. App. Ct. 543 | 129+103 | For purpose of statute criminalizing disorderly conduct, person is "disorderly" if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating risk thereof, he: engages in fighting or threatening, or in violent or tumultuous behavior; makes unreasonable noise or offensively coarse utterance, gesture or display, or addresses abusive language to any person present; or creates hazardous or physically offensive condition by act which serves no legitimate purpose of actor. M.G.L.A. c. 272, S 53. | What conduct of an individual would come under the term disorderly? | 014335.docx | LEGALEASE-00153410-LEGALEASE-00153411 |
| Martinez v. Farmington Motors, 931 P.2d 546 | 307A+683 | To withstand motion to dismiss for lack of jurisdiction, plaintiff must make prima facie showing of personal jurisdiction over defendant; in determining whether plaintiff has met burden, allegations of complaint, as well as any evidence introduced by parties, may be considered, and all factual disputes must be resolved in plaintiff's favor. | "To withstand motion to dismiss for lack of jurisdiction, should a plaintiff make a prima facie showing of personal jurisdiction over a defendant?" | 038196.docx | LEGALEASE-00153155-LEGALEASE-00153156 |
| Shiffman v. K, 657 P.2d 401 | 307A+581 | For purposes of rule providing for dismissal of suits for want of prosecution, a case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action. Rules Civ.Proc., Rule 41(e). | Does a case stand stagnant when to the court it appears that for lack of activity of record neither party has taken the steps to be reasonably expected in the pursuit or defense of the particular cause of action? | Pretrial Procedure - Memo # 9488 - C - TM_61156.docx | ROSS-003296995-ROSS-003296996 |
| Shiffman v. K, 657 P.2d 401 | 307A+581 | For purposes of rule providing for dismissal of suits for want of prosecution, a case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action. Rules Civ.Proc., Rule 41(e). | Does a case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps to be reasonably expected in the pursuit or defense of the particular cause of action? | 039096.docx | LEGALEASE-00155237-LEGALEASE-00155238 |
| UMC Dev. v. D.C., 120 A.3d 37 | 307A+681 | For purposes of ruling on a motion to dismiss for want of standing, when a defendant makes a factual, as opposed to a facial, attack on the plaintiff's complaint, the trial court may conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes concerning whether subject-matter jurisdiction exists. Civil Rule 12(b)(1). | "Will the court conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes to determine subject-matter jurisdiction?" | 024575.docx | LEGALEASE-00155936-LEGALEASE-00155937 |
| Belleville v. Dir. of Revenue, State of Mo., 825 S.W.2d 623 | 307A+587 | Dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial, and is ready and willing to present evidence. | "Is dismissal for failure to prosecute an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial, and is ready and willing to present evidence?" | 024808.docx | LEGALEASE-00157496-LEGALEASE-00157497 |

95

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harris Cty. v. Sykes, 136 S.W.3d 635 | 268+742(4) | If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action with prejudice, because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined; abrogating Bell v. State Dep't of Highways & Pub. Transp., 945 S.W.2d 292.. | Is a dismissal after a plaintiff has had a reasonable opportunity to amend pleadings and after a governmental entity files its plea to jurisdiction with prejudice? | 024906.docx | LEGALEASE-00157301-LEGALEASE-00157302 |
| Cantwell v. State of Connecticut, 310 U.S. 296 | 129+109 | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | "Whether the state has the power to prevent or punish when a clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appear?" | Disorderly Conduct - Memo 9-PR_64037.docx | ROSS-003322342-ROSS-003322343 |
| New York Hosp. Med. Ctr. of Queens v. Microtech Contracting Corp., 98 A.D.3d 1096 | 24+103 | In order to preserve the national uniformity of the Immigration Reform and Control Act's (IRCA's) verification system and the sanctions imposed for violations, Congress expressly provided that IRCA preempts any State or local law imposing civil or criminal sanctions, other than through licensing and similar laws, upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens; IRCA is silent, however, as to its preemptive effect on any other state or local laws. Immigration Reform and Control Act of 1986, S 101(a)(1), 8 U.S.C.A. S 1324a(h)(2). | Does the IRCA preempt any State or local law imposing civil or criminal sanctions upon those who employ unauthorized aliens? | 006789.docx | LEGALEASE-00160330-LEGALEASE-00160331 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 360+18.43 | Where a state statute relating to immigration does not attempt to regulate immigration and applies to an area in which Congress did not intend to completely oust the states of power to regulate, the state statute may still be preempted by federal law under a third test, which is whether it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the Immigration and Nationality Act. U.S.C.A. Const. Art. 6, cl. 2; Immigration and Nationality Act, S 101 et seq., 8 U.S.C.A. S 1101 et seq. | Will a state statute that does not attempt to regulate immigration be preempted when it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress? | "Aliens, Immigration and Citizenship - Memo 146 - RK_64784.docx" | ROSS-003280091-ROSS-003280092 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Creation of the special immigrant juvenile (SIJ) status shows a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for lawful permanent resident status. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Was Special Immigrant Juvenile (SIJ) status created to assist or help a limited group of abused children to remain safely in the country with a means to apply for Lawful Permanent Resident (LPR) status? | "Aliens, Immigration and Citizenship - Memo 60 - RK_64794.docx" | ROSS-003311898-ROSS-003311899 |
| Wynter v. Our Lady of Mercy Med. Ctr., 3 A.D.3d 376 | 307A+699 | If a case is dismissed for failure to timely effect substitution pursuant to the rules of civil procedure, the plaintiff, in order to achieve reinstatement, must demonstrate a prima facie showing of merit, a reasonable excuse for the delay, and no undue prejudice to the defendants. McKinney's CPLR 1021. | "Should the plaintiff, in order to achieve reinstatement, demonstrate a prima facie showing of merit, a reasonable excuse for the delay, and no undue prejudice to the defendants?" | Pretrial Procedure - Memo 11172 - C - RF_64383.docx | ROSS-003294560 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thompson v. Houston, 2003 PA Super 467 | 307A+697 | Some of the circumstances a court should consider in determining whether counsel's failure to appear for trial should be excused are: 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the appeal; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions. | Should some of the circumstances a court should consider in determining whether counsel's failure to appear for trial be excused? | 039770.docx | LEGALEASE-00159323-LEGALEASE-00159324 |
| Hawes v. 1997 Jeep Wrangler, 602 N.W.2d 874 | 135H+25 | In determining whether an in rem civil forfeiture is "punishment" for double jeopardy purposes, the court must first examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial, and then must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "In determining whether an in rem civil forfeiture is ""punishment"" for double jeopardy purposes, should the court first examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal or punitive?" | Double Jeopardy - Memo 16 - C - SS_65115.docx | ROSS-003292746-ROSS-003292747 |
| State v. Greene, 196 W. Va. 500 | 135H+25 | To determine whether particular statutorily defined penalty is civil or criminal for double jeopardy purposes, court must ask whether legislature, in establishing penalty, indicated either expressly or impliedly that statutory penalty was intended to be civil or criminal, and, if legislature indicated intention to establish civil penalty, whether statutory scheme was so punitive either in purpose or effect as to negate that intention. U.S.C.A. Const.Amend. 5; Const. Art. 3, S 5. | "Should a court ask whether a legislature, in establishing a penalty, indicated either expressly or impliedly that statutory penalty was intended to be civil or criminal?" | 015423.docx | LEGALEASE-00160652-LEGALEASE-00160653 |
| People v. Brooks, 133 Cal. App. 3d 200 | 92+3781 | Crime of uttering and publishing a bank bill or note is based upon material differences and substantial distinctions, with regard to subject matter, from crime of uttering and publishing a check, since bank bills and notes denote currency issued under legal restriction, while a check is, not currency, although it may pass readily from hand to hand, so that differing sentences for these offenses do not violate the equal protection clauses of the State and Federal Constitutions since there is a rational distinction between the subject matter of the two offenses, and a prosecutor may not arbitrarily elect between the two crimes since any forged document must fall into one or the other of the two classes. M.C.L.A. SS 750.249, 750.253. | Does the statutory scheme of imposing different maximum sentences for the crime of forging or uttering and publishing a forged instrument violate equal protection of the law? | 018452.docx | LEGALEASE-00161868-LEGALEASE-00161869 |
| Kourtsounis by Kourtsounis v. Chakrabarty, 254 A.D.2d 394 | 307A+697 | Party wishing to restore a case to the trial calendar after dismissal may have the action reinstated upon a demonstration of four essential factors: (1) the case has merit; (2) there is a reasonable excuse for the delay; (3) there was no intent to abandon the matter; and (4) there is no prejudice to the nonmoving party. McKinney's CPLR 3404. | "Can a party wishing to restore a case to the trial calendar after dismissal, have the action reinstated upon a demonstration of four essential factors?" | Pretrial Procedure - Memo 11472 - C - KS_65312.docx | ROSS-003295296-ROSS-003295297 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Asphalt Paving Co. v. Zoning Hearing Bd. of Jackson Twp., 706 A.2d 1283 | 307A+583 | Trial court may exercise its discretion and enter judgement of non pros where: (1) party has shown lack of due diligence by failing to proceed with reasonable promptness; (2) there is no compelling reason for delay; and (3) delay has caused prejudice to adverse party. | Can a trial court exercise its discretion and enter judgement of non pros where a party has shown lack of due diligence by failing to proceed with reasonable promptness? | Pretrial Procedure - Memo 11759 - C - SB_65628.docx | ROSS-003322259-ROSS-003322260 |
| Garedakis v. Brentwood Union Sch. Dist., 183 F. Supp. 3d 1032 | 78+1069 | Alleged verbal and physical abuse of disabled minor students by their former special day class teacher, if proven, was not discrimination or denial of benefits by reason of students' disabilities, and, thus, former teacher did not violate Title II of ADA, which prohibits discrimination of disabled individuals by public entities, or Rehabilitation Act, even if statements by former teacher's colleagues demonstrated that she became frustrated with her students, where such statements did not demonstrate that students' disabilities were factor that motivated alleged discrimination or denial of benefits by former teacher. Americans with Disabilities Act of 1990 S 202, 42 U.S.C.A. S 12132; Rehabilitation Act of 1973 S 504, 29 U.S.C.A. S 794. | Are school districts liable under Title II of ADA for abuse of disabled students? | 017203.docx | LEGALEASE-00162057-LEGALEASE-00162059 |
| Walker v. Allen, 119 So. 3d 1111 | 307A+583 | Rule of civil procedure allowing a defendant to move for the dismissal of an action when a plaintiff fails to prosecute embodies the tenet that any court of law or equity may exercise the power to dismiss for want of prosecution; this power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket. Rules Civ.Proc., Rule 41(b). | "Is the Rule of civil procedure allowing a defendant to move for the dismissal of an action when a plaintiff fails to prosecute, necessary as a means to the orderly expedition of justice and the court's control of its own docket?" | 040615.docx | LEGALEASE-00162502-LEGALEASE-00162503 |
| City of New Brighton v. 2000 Ford Excursion VIN No. 1FMNU43S2YEA74156, 622 N.W.2d 364 | 135H+25 | To determine whether civil forfeiture constitutes "punishment" for double jeopardy purposes, court must first examine governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial; next, the court must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "To determine whether a civil forfeiture constitutes ""punishment"" for double jeopardy purposes, should a court first examine a governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal or punitive?" | 015110.docx | LEGALEASE-00163782-LEGALEASE-00163783 |
| State v. Carr, 172 Conn. 458 | 135H+95.1 | Appellate courts are particularly wary of claims that a trial court erred in failing to declare a mistrial sua sponte, because double jeopardy clause generally bars retrial if a judge declares a mistrial in a criminal case without the defendant's request or consent. U.S.C.A. Const.Amend. 5. | Does a double jeopardy clause generally bars retrial if a judge declares a mistrial in a criminal case without the defendant's request or consent? | Double Jeopardy - Memo 387 - C - RF.docx | LEGALEASE-00053264-LEGALEASE-00053265 |
| State v. Stone, 400 P.3d 692 | 135H+1 | The prohibition against double jeopardy is based on deeply ingrained constitutional policies designed to protect a defendant by ensuring finality of prosecution and the protection against the state's attempts to relitigate facts underlying a prior acquittal and from attempts to secure additional punishment after a prior conviction and sentence. U.S. Const. Amends. 5, 14; Mont. Const. art. 2, S 25. | Is the prohibition against double jeopardy based on deeply ingrained constitutional policies designed to protect a defendant by ensuring finality of prosecution? | Double Jeopardy - Memo 695 - C - VA_67908.docx | ROSS-003291943-ROSS-003291944 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Wilson, 127 N.C. App. 129 | 135H+106 | When a trial court enters a judgment of acquittal based on insufficient evidence at the close of the state's case, the constitutional protection against double jeopardy precludes review or reversal of that ruling on appeal, but the same is not true for a judgment of acquittal entered after a jury has returned a guilty verdict, when a reversal would merely reinstate that verdict. U.S.C.A. Const.Amend. 5; A.R.S. Const. Art. 2, S 10. | "When a trial court enters a judgment of acquittal based on insufficient evidence at the close of the state's case, does the constitutional protection against double jeopardy preclude review or reversal of that ruling on appeal?" | 016259.docx | LEGALEASE-00165581-LEGALEASE-00165582 |
| People v. McNally, 107 Cal. App. 3d 387 | 135H+59 | A person is in legal jeopardy for an offense when placed on trial in court of competent jurisdiction, on valid accusatory pleading, before a jury duly impaneled and sworn, and discharge of that jury without a verdict is equivalent to acquittal and bars retrial unless defendant consented to discharge or legal necessity required it. | "Is a person in legal jeopardy for an offense when placed on trial in court of a competent jurisdiction, on a valid accusatory pleading?" | 015802.docx | LEGALEASE-00166549-LEGALEASE-00166550 |
| Zelman v. Simmons-Harris, 536 U.S. 639 | 141E+943(3) | School voucher program, enacted for valid secular purpose of providing educational assistance to poor children in demonstrably failing public school system, did not violate Establishment Clause, even though majority of participating students had enrolled in religiously affiliated schools; program was neutral in all respects toward religion, and any direction of government aid to religious schools was result of individual recipients' independent private choices. U.S.C.A. Const.Amend. 1; Ohio R.C. SS 3313.974-3313.979. | Do student grant programs violate the Establishment Clause even though majority of participating students had enrolled in religiously affiliated schools? | 017165.docx | LEGALEASE-00166963-LEGALEASE-00166964 |
| Home Owners' Loan Corp. v. Sears, Roebuck & Co., 123 Conn. 232 | 366+1 | "Subrogation" is a legal fiction through which a person who, not as a volunteer or in his own wrong, and in absence of outstanding and superior equities, pays debt of another, is substituted to all rights and remedies of the other, and the debt is treated in equity as still existing for his benefit, and the doctrine is broad enough to include every instance in which one party pays the debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by such other. | Does subrogation include every instance in which one party pays a debt for which another is primarily answerable? | 06467.docx | LEGALEASE-00084324-LEGALEASE-00084326 |
| State Bar of California v. Statile, 168 Cal. App. 4th 650 | 366+1 | Subrogation is a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer? | 06455.docx | LEGALEASE-00084349-LEGALEASE-00084351 |
| Pruitt v. Pruitt, 2013 IL App (1st) 130032 | 307A+683 | Once a defendant satisfies the initial burden of going forward on a motion to dismiss on ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is unfounded or requires the resolution of an essential element of material fact before it is proven; the plaintiff may establish this by presenting affidavits or other proof. S.H.A. 735 ILCS 5/2-619(a)(9), (c). | When will the burden shift to plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven? | 11243.docx | LEGALEASE-00094165-LEGALEASE-00094167 |
| Scott v. City of New York, 591 F. Supp. 2d 554 | 170A+614 | A court's ruling regarding a motion in limine is subject to change when the case unfolds; indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling. | "Even if nothing unexpected happens at trial, will the district judge free, in the exercise of sound judicial discretion, to alter a previous in limine ruling?" | 028761.docx | LEGALEASE-00122984-LEGALEASE-00122985 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Sum of $70,990,605, 991 F. Supp. 2d 154 | 221+342 | The act of state doctrine applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | How does the act of state doctrine apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries? | International Law - Memo # 86 - C - LK.docx | ROSS-003285782-ROSS-003285783 |
| In re Liebl's Estate, 201 Misc. 1102 | 221+162 | Necessary intercourse between subjects of independent governments gives rise to sort of compact that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions. | "Is it the necessary intercourse of the subjects of independent governments, which gives rise to a sort of compact, that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions?" | 020719.docx | LEGALEASE-00135719-LEGALEASE-00135720 |
| McRoberts v. Bridgestone Americas Holding, 365 Ill. App. 3d 1039 | 307A+560 | For purposes of motion to dismiss for a failure to act with reasonable diligence in effecting the service of process, the standard the trial court is to apply when determining whether a plaintiff was duly diligent in effecting the service of process is an objective one, with each case turning on its own specific facts; the trial court's determination of a plaintiff's lack of diligence is a fact-intensive inquiry suited to balancing, not bright lines. Sup.Ct.Rules, Rule 103(b). | "For purposes of motion to dismiss for a failure to act with reasonable diligence in effecting the service of process, is the standard the trial court to apply when determining whether a plaintiff was duly diligent?" | 033613.docx | LEGALEASE-00143866-LEGALEASE-00143867 |
| S.E.C. v. Jackson, 908 F. Supp. 2d 834 | 349B+67.10 | The "facilitating payments exception" to the Foreign Corrupt Practices Act (FCPA) is intended to provide a very limited exception to the kinds of bribes to which the FCPA does not apply; exception allows for payments to foreign officials the purpose of which is to expedite or secure the performance of a routine government action, which is a very narrow category of largely non-discretionary, ministerial activities performed by mid- or low-level foreign functionaries. Foreign Corrupt Practices Act of 1977, S 103(a), 15 U.S.C.A. S 78dd-1(b). | Does FCPA allow for payments to foreign officials for the purpose of expediting or securing the performance of a routine government action? | 012329.docx | LEGALEASE-00145822-LEGALEASE-00145823 |
| Manning v. Pioneer Sav. Bank, 56 Misc. 3d 790 | 307A+679 | When considering a motion to dismiss for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "In determining a motion to dismiss a complaint for failure to state a cause of action, is the court's role ordinarily limited to determining whether the complaint states a cause of action?" | 037003.docx | LEGALEASE-00150363-LEGALEASE-00150364 |
| Belleville v. Dir. of Revenue, State of Mo., 825 S.W.2d 623 | 307A+587 | Dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial, and is ready and willing to present evidence. | "Is dismissal for failure to prosecute an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial, and is ready and willing to present evidence? " | Pretrial Procedure - Memo # 10401 - C - AC_63351.docx | ROSS-003278679 |
| Vaughan v. Greater Huntington Park & Recreation Dist., 223 W. Va. 583 | 307A+3 | A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of the offer of the evidence in order to prevent the jury from being exposed to inadmissible evidence. | Is a motion in limine a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of the offer of the evidence in order to prevent the jury from being exposed to inadmissible evidence? | Pretrial Procedure - Memo 352 - TH.docx | ROSS-003284726-ROSS-003284727 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prestridge v. Lazar, 132 Miss. 168 | 366+1 | The doctrine of subrogation applies wherever any person other than a mere volunteer pays a debt or demand which in equity or good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable, or where one has such an interest in property as makes it necessary for him to get in an outstanding claim or equity for its protection. | Does the doctrine of equitable subrogation apply wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another? | Subrogation - Memo 148 - VP C.docx | ROSS-003285580-ROSS-003285581 |
| Pulte Home Corp. v. Parex, 174 Md. App. 681 | 366+32 | The doctrine of subrogation is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person, who succeeds to the rights of the creditor in relation to the debt. | "Is the doctrine of subrogation a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person, who succeeds to the rights of the creditor in relation to the debt?" | Subrogation - Memo 548 - C - SA.docx | ROSS-003285658-ROSS-003285660 |
| Pravin Banker Assocs. Ltd. v. Banco Popular Del Peru, 109 F.3d 850 | 221+342 | Under principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Under principles of international comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, instead allowing those acts and proceedings to have extraterritorial effect in the United States?" | International Law - Memo # 483 - TH.docx | ROSS-003289056-ROSS-003289057 |
| Kaplan v. Cent. Bank of Islamic Republic of Iran, 961 F. Supp. 2d 185 | 221+342 | Act of state issues only arise when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign; when it applies, the doctrine serves as a rule of decision for the courts of the United States, which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions. | Does an act of state issues only arise when a court must decide the outcome of the case turns upon-the effect of official action by a foreign sovereign? | International Law - Memo # 295 - C - TJ.docx | ROSS-003309288-ROSS-003309290 |
| Nn aka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17 | 221+342 | Act of state doctrine directs United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory. | "Under the act of state doctrine, are United States courts to refrain from deciding a case when the outcome turns upon legality or illegality of official action by foreign sovereign performed within its own territory?" | International Law - Memo 533 - TH.docx | ROSS-003311767-ROSS-003311769 |
| Grant v. Target Corp., 126 F. Supp. 3d 183 | 237+4 | To prove defamation under Massachusetts law, a plaintiff must establish that the defendant was at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss; the level of fault required varies between negligence for statements concerning private persons and actual malice for statements concerning public officials and public figures. | What is the level of fault required for public and private persons in defamation? | Libel and Slander - Memo 142 - RK.docx | ROSS-003312417-ROSS-003312419 |
| Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221+342 | The act of state doctrine is to be interpreted and applied in accordance with the policy interests of international comity, respect for the sovereignty of other nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations. | "Is the act of state doctrine to be interpreted and applied in accordance with the policy interests of international comity, respect for the sovereignty of other nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations?" | International Law - Memo # 521 - C - SU.docx | ROSS-003325077-ROSS-003325079 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Johnston, 249 Ga. 413 | 110+392.60 | Trial court has absolute right to refuse to decide admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial; if, however, trial court decides to rule on admissibility of evidence prior to trial, court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it controls the subsequent course of action unless modified at trial to prevent manifest injustice. | "If the trial court decides to rule on the admissibility of evidence prior to trial, is the court's determination of admissibility similar to a preliminary ruling on evidence at a pretrial conference?" | Pretrial Procedure - Memo # 890 - C - KA.docx | ROSS-003325665-ROSS-003325666 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. | "Should trial judges attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations?" | Pretrial Procedure - Memo # 10 - C - KA.docx | ROSS-003326198-ROSS-003326199 |
| Dyer v. Cotton, 333 S.W.3d 703 | 307A+3 | The purpose of a motion in limine is to prevent the opposing party from asking questions to elicit or otherwise introducing unfairly prejudicial evidence without first approaching the bench for a formal ruling. | Is the purpose of a motion in limine to prevent the opposing party from asking questions to elicit or otherwise introducing unfairly prejudicial evidence without first approaching the bench for a formal ruling? | Pretrial Procedure - Memo # 537 - C - RY.docx | ROSS-003326289-ROSS-003326290 |
| Board of Commissioners of the South East Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline Company, 29 F. Supp. 3d 808 | 16+4 | In determining whether the activities that caused an injury constituted an operation conducted on the Outer Continental Shelf (OCS) that involved the exploration and production of minerals, as required to establish jurisdiction under the Outer Continental Shelf Lands Act (OCSLA), Court considers whether the incident involved the doing of some physical act such as searching for minerals on the OCS, preparing to extract them by, inter alia, drilling wells and constructing platforms, and removing the minerals and transferring them to shore. Outer Continental Shelf Lands Act, S 23(b)(1), 43 U.S.C.A. S 1349(b)(1). | How is jurisdiction assessed under The Outer Continental Shelf Lands Act? | Admiralty Law - Memo 5 - MS.docx | ROSS-003285936-ROSS-003285938 |
| Sunglory Maritime, Ltd. v. PHI, 212 F. Supp. 3d 618 | 221+281 | Under the Convention on Salvage and general maritime law, to succeed on a salvage claim, a plaintiff must prove three elements: (1) that the property faced a marine peril, (2) voluntary service was rendered when not required as an existing duty or from a special contract, and (3) the salvage attempt succeeded in whole or in part, or contributed to the success of the operation. | What elements must a plaintiff prove to succeed on a salvage claim pursuant to the general maritime law? | Admiralty Law - Memo 7 - JS.docx | ROSS-003314435-ROSS-003314436 |
| Ballard v. Stich, 628 P.2d 918 | 15A+1703 | Whenever entity which normally acts as legislative body applies policy to particular persons in their private capacities, instead of passing on general policy or rights of individuals in the abstract, it is functioning as an "administrative agency" within meaning of former appellate rule providing that appeals from administrative agencies must be filed within 30 days after appellant is informed of agency's action. Rules of Appellate Procedure, Rule 45(a)(2)(Renumbered Rule 602(a)(2)). | Is an entity which normally acts as a legislative body functioning as an administrative agency when applying policy to particular persons in their private capacity? | 000361.docx | LEGALEASE-00117398-LEGALEASE-00117399 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fields v. Walpole Tire Serv., 37 So.3d 549 | 313A+111 | To maintain a successful products liability action under the Louisiana Products Liability Act (LPLA), a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. LSA-R.S. 9:2800.54(A). | What must a plaintiff establish to maintain a successful action under the Product Liability Act (PLA)? | 000634.docx | LEGALEASE-00117872-LEGALEASE-00117873 |
| Campanelli v. AT&T Wireless Serv., 85 Ohio St. 3d 103 | 317A+101 | Although no one factor is controlling in determining whether an entity conducts its operation in such a manner as to be a matter of public concern, Supreme Court weighs several, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority, to determine if an entity, alleged to be a public utility, conducts its business in such a way as to become a matter of public concern. | Are any factors controlling in determining whether an entity conducts in the matter of public concern? | 01031.docx | LEGALEASE-00081692-LEGALEASE-00081693 |
| Bernstein v. Virgin Am., 227 F. Supp. 3d 1049 | 231H+8 | Although the federal government has exclusive sovereignty over the United States airspace and aviation safety, Congress has not occupied the field of employment law in the aviation context, and the Federal Aviation Act (FAA) does not confer upon the agency the exclusive power to regulate all employment matters involving airmen. | Does the Federal Aviation Act (FAA) confer upon the agency exclusive power to regulate all employment matters involving airmen? | Labor and Employment - Memo 59 - VP.docx | ROSS-003285498-ROSS-003285499 |
| In re Tribune Media Co., 552 B.R. 282 | 92+2162 | Standard of fault used to review a defamation claim under Maryland law varies according to the plaintiff's status as a public figure, limited public figure, or a private individual, because when the speech is of public concern and the plaintiff is a public official or public figure, the Constitution clearly requires the plaintiff to surmount a much higher barrier before recovering damages from a media defendant than is necessary to prove with a private plaintiff. U.S.C.A. Const.Amend. 1. | Does the standard of fault in a defamation claim depend on the plaintiffs private or public status? | 003326.docx | LEGALEASE-00120611-LEGALEASE-00120612 |
| Bacon v. Towne, 58 Mass. 217 | 249+58(1) | Since the abolition of special pleading, the defendant, in an action for malicious prosecution, may give evidence of facts tending to prove the plaintiff guilty of the criminal charge imputed to him, both in proof of probable cause and in mitigation of damages, although he is not prepared with evidence to show that these facts were known to him at the time of the complaint against the plaintiff. | Can a defendant prove facts tending to mitigate damages in an action for malicious prosecution? | 05602.docx | LEGALEASE-00084263-LEGALEASE-00084264 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | Under California's decisional law of equitable subrogation, one who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites: (1) payment must have been made by the subrogee to protect his own interest, (2) subrogee must not have acted as a volunteer, (3) the debt paid must be one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | What prerequisites must one who claims to be equitably subrogated to the rights of a secured creditor satisfy? | Subrogation - Memo # 435 - C - SU.docx | ROSS-003298593-ROSS-003298594 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Westport Ins. v. St. Paul Fire & Marine Ins. Co., 375 F. Supp. 2d 4 | 366+1 | Under Connecticut law, equitable subrogation is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it; this doctrine is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which is equity and good conscience should have been discharged by the latter. | "Does the doctrine of subrogation include every instance in which one person not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter?" | Subrogation - Memo # 470 - C - SA.docx | ROSS-003282215-ROSS-003282216 |
| St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co., 111 Cal. App. 4th 1234 | 217+3513(3) | In contrast to equitable contribution, the aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor. | "Is the aim of equitable subrogation to place the burden for loss on the party ultimately responsible for it and by whom it should have been discharged, and to entirely relieve insurer or surety who indemnified loss and who in equity was not primarily liable for it?" | Subrogation - Memo # 563 - C - TJ.docx | ROSS-003288439-ROSS-003288440 |
| Cruickshank v. Clean Seas Co., 346 B.R. 571 | 366+26 | Equitable principle behind "subrogation," an old term rooted in equity which today is used to mean to stand in the shoes of, is that when one, pursuant to obligation, and so not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons. | "Does the equitable principle behind ""subrogation"" is that when one, pursuant to obligation, and so not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons?" | 043959.docx | LEGALEASE-00121191-LEGALEASE-00121192 |
| Dawson v. Higgins, 197 A.D.2d 127 | 148+295 | Property owner who challenges government action as regulatory taking bears heavy burden of overcoming presumption of constitutionality that attaches to regulation and of proving every element of his claim beyond a reasonable doubt. U.S.C.A. Const.Amends. 5, 14; McKinney's Const. Art. 1, SS 6, 7(a). | Does a property owner asserting a takings claim bear the burden of overcoming the presumption of constitutionality that attaches to the regulation and of proving every element of his claim beyond a reasonable doubt? | 017422.docx | LEGALEASE-00121884-LEGALEASE-00121885 |
| State v. Grubb, 28 Ohio St. 3d 199 | 110+632(4) | "Motion in limine," if granted, is tentative, interlocutory, precautionary ruling by trial court reflecting its anticipatory treatment of an evidentiary issue; in virtually all circumstances, finality does not attach when motion is granted, so that, should circumstances subsequently develop at trial, trial court is at liberty to consider admissibility of disputed evidence in its actual context. | "Does a ruling on a motion in limine reflect the court's anticipated treatment of an evidentiary issue at trial, and is a tentative, interlocutory ruling which the trial court is at liberty to change at trial?" | Pretrial Procedure - Memo # 173 - C - CRB.docx | ROSS-003298154-ROSS-003298155 |
| Hawker v. State, 951 So. 2d 945 | 307A+3 | Motion in limine rulings are subject to change during trial as the trial court develops an understanding of the facts and circumstances of the case; such a ruling may be based on an incomplete oral proffer or on the trial court's limited understanding of the issues in the case, not having heard the first bit of evidence. West's F.S.A. S 394.910 et seq. | "Can a motion in limine be based on an incomplete oral proffer or on the trial court's limited understanding of the issues in the case, not having heard the first bit of evidence?" | 024157.docx | LEGALEASE-00122033-LEGALEASE-00122034 |
| Nn aka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17 | 221+342 | Even when it is not directed solely to another government, official speech that gives voice to the foreign government speaking from within its own territory may constitute an act of state that district court would deem valid under act of state doctrine. | "Even when it is not directed solely to another government, does official speech that gives voice to the foreign government speaking from within its own territory constitute an act of state that the district court would deem valid under act of state doctrine?" | 019703.docx | LEGALEASE-00123727-LEGALEASE-00123728 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221+342 | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts, and thus the doctrine applies to bar an action when the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory, but the doctrine can apply even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act. | Does the act of state doctrine apply whenever the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign? | International Law  - Memo # 79 - C - LK.docx | ROSS-003283671-ROSS-003283672 |
| Walter Fuller Aircraft Sales v. Republic of Philippines, 965 F.2d 1375 | 221+342 | When determining whether act of state doctrine limits adjudication in American courts, Court of Appeals looks not only to acts of named defendants, but to any governmental acts whose validity would be called into question by adjudication of suit. | "When determining whether act of state doctrine limits adjudication in American courts, does the Court of Appeals looks not only to acts of named defendants, but to any governmental acts whose validity would be called into question by adjudication of the suit?" | 019807.docx | LEGALEASE-00124104-LEGALEASE-00124106 |
| Animal Sci. Prod. v. China Nat. Metals & Minerals Imp. & Exp. Corp., 702 F. Supp. 2d 320 | 221+342 | The act of state doctrine is an inquiry into a consequence of domestic separation of powers, and it directs the court to dismiss the suit if its resolution would require the court to declare invalid an official act of a foreign sovereign. | "Is the act of state doctrine is an inquiry into a consequence of domestic separation of powers, and it directs the court to dismiss the suit if its resolution would require the court to declare invalid an official act of a foreign sovereign?" | International Law - Memo # 208 - C - MLS.docx | ROSS-003314588-ROSS-003314589 |
| In re Estate of Ferdinand E. Marcos Human Rights Litig., 978 F.2d 493 | 170B+2297 | In addition to resolving defendant's immunity, for court to determine whether plaintiff has claim for tort committed in violation of international law, it must decide whether there is applicable norm of international law, whether it is recognized by United States, what its status is and whether it was violated in particular case. U.S.C.A. Const. Art. 3, S 2, cl. 1; 28 U.S.C.A. S 1350. | "For a court to determine whether a plaintiff has claim for tort committed in violation of international law, under the Alien Tort Claims Act, should it first decide whether there is applicable norm of international law, and then whether it was violated in the particular case?" | International Law - Memo # 393 - C - TJ.docx | ROSS-003283561-ROSS-003283563 |
| Menorah Nursing Home v. Zukov, 153 A.D.2d 13 | 366+7(1) | Surety who answers for default of his principal pursuant to terms of performance bond, either by completing work required under principal's contract with owner obligee or by paying compensation to owner obligee, is entitled to be subrogated to rights of obligee whom he has paid, or on whose behalf he has completed contract; however, this right is not exclusive of all other equitable subrogation rights. | "Is a surety who answers for the default of his principal pursuant to terms of performance bond entitled to be subrogated to the rights of the obligee whom he has paid, or on whose behalf he has completed contract?" | Subrogation - Memo # 964 - C - MLS.docx | ROSS-003297894-ROSS-003297897 |
| Skip Kirchdorfer v. United States, 26 Cl. Ct. 666 | 148+2.1 | United States may be held responsible for taking even where its action is not the final direct cause of the property loss or damage; test is whether government involvement in deprivation of private property is sufficiently direct and substantial to require compensation under Fifth Amendment. U.S.C.A. Const.Amend. 5. | Can the United States be held responsible for a taking even when its action is not the final direct cause of the property loss or damage? | 017500.docx | LEGALEASE-00124328-LEGALEASE-00124329 |
| Washlefske v. Winston, 234 F.3d 179 | 148+2.1 | Even though fundamental principles of State property law may define property rights, the Takings Clause nevertheless limits a State's authority to redefine preexisting property rights, so that a State, by ipse dixit, may not transform private property into public property without compensation, nor can it sidestep the Takings Clause by disavowing traditional property interests long recognized under state law. U.S.C.A. Const.Amend. 5. | "Can a State, by ipse dixit, transform private property into public property without compensation?" | 017518.docx | LEGALEASE-00125351-LEGALEASE-00125352 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Beanal v. Freeport-McMoRan, 969 F. Supp. 362 | 24+763 | For purposes of the Alien Tort Statute, an "international tort," i.e., one that violates the law of nations, should satisfy the following requirements: no state condones the act in question and there is a recognizable "universal" consensus of prohibition against it; there are sufficient criteria to determine whether a given action amounts to the prohibited act and thus violates the norm; and the prohibition against it is nonderogable and therefore binding at all times upon all actors. 28 U.S.C.A. S 1350. | "For purposes of the Alien Tort Statute, an ""international tort,"" what are the requirements that should be satisfied?" | International Law - Memo  346 - SB.docx | ROSS-003297313-ROSS-003297315 |
| Kalamazoo Spice Extraction Co. v. Provisional Military Gov't of Socialist Ethiopia, 729 F.2d 422 | 221+342 | Act of state doctrine is exception to general rule that court of United States, where appropriate jurisdictional standards are met, will decide cases before it by choosing rules appropriate for decision from among various sources of law, including international law. | Is the act of state doctrine an exception to the general rule that courts of the United States will decide cases before it by choosing rules appropriate for decision from among various sources of law? | International Law - Memo # 504 - C - KI.docx | ROSS-003283457-ROSS-003283458 |
| Yeary v. Bell, 228 Ga. App. 522 | 307A+1 | Preliminary hearing of defenses of lack of jurisdiction over person, improper service, and improper venue whether made in pleading or by motion may be heard and determined by court before trial on application of party, and at such hearing factual issues shall be determined by trial court. | "Can a preliminary hearing of defenses of lack of jurisdiction over person, improper service, and improper venue whether made in pleading or by motion be heard and determined by court before trial on application of any party?" | Pretrial Procedure - Memo # 461 - C - HAM.docx | ROSS-003287217-ROSS-003287218 |
| Alfone v. Sarno, 87 N.J. 99 | 307A+1 | To determine whether wrongful death plaintiff may pursue elements of damages that technically could have been but in fact were not recovered in earlier action, trial court must conduct a pretrial hearing to determine whether the true extent of the injuries could have been discovered before decedent's own personal injury action of the decedent had exercised reasonable diligence and intelligence in investigating the original injuries and to determine what elements of damages plaintiff may pursue in wrongful death action; burden of proof would be on the plaintiff to show by a preponderance of the evidence at the hearing that the true extent of the injuries was not reasonably discoverable earlier and to demonstrate such damages by a preponderance of the evidence. | Should the trial court conduct a pretrial hearing to determine whether the true extent of the injuries could have been discovered before a prior action if the decedent had exercised reasonable diligence and intelligence in investigating the original injuries? | Pretrial Procedure - Memo # 480 - C - LK.docx | ROSS-003329801-ROSS-003329802 |
| Totten v. United States, 92 U.S. 105 | 34+1 | A contract between President of the United States as commander-in-chief of the army and secret agents, under which secret agents had agreed to enter rebel lines and obtain information respecting strength, resources and movements of the enemy was so far binding upon the government as to render it lawful for the president to direct payment of the amount stipulated out of the contingent fund under the president's control. | Is the President of the United States authorized to employ secret agents to enter rebel lines? | 008745.docx | LEGALEASE-00126286-LEGALEASE-00126287 |
| Smith v. Loews Miami Beach Hotel Operating Co., 35 So. 3d 101 | 307A+501 | The party seeking affirmative relief has an almost absolute right to dismiss his entire action once without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment. West's F.S.A. RCP Rule 1.420(a)(1). | Does the party seeking affirmative relief have a right to dismiss the entire action without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment? | Pretrial Procedure - Memo # 956 - C - SS.docx | ROSS-003300139-ROSS-003300140 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wolf v. Scott Wetzel Servs., 113 Wash. 2d 665 | 413+1 | Under the Industrial Insurance Act, employer pays some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law actions and remedies in exchange for sure and certain relief. West's RCWA 51.04.010, 51.32.010. | "nder the Industrial Insurance Act, does an employer pay some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law actions and remedies in exchange for sure and certain relief?" | Workers Compensation - Memo #112 ANC.docx | LEGALEASE-00018832-LEGALEASE-00018834 |
| Cty. of La Crosse v. Wisconsin Employment Relations Comm'n, 182 Wis. 2d 15 | 413+1 | Workers' Compensation Act represents legislative compromise between interests of employers, employees and public in resolving compensation disputes regarding work-related physical or mental harms arising in industrial society. W.S.A. 102.01 et seq. | "Does the workers compensation act represent a legislative compromise between the interests of the employers, employees and the public in resolving compensation disputes regarding work related physical or mental harms arising in industrial society?" | 048540.docx | LEGALEASE-00128698-LEGALEASE-00128699 |
| Hurrell-Harring v. State, 112 A.D.3d 1213 | 307A+502 | While the decision to grant an application to discontinue a proceeding is generally committed to the sound discretion of the trial court, a party cannot ordinarily be compelled to litigate and, absent special circumstances-such as prejudice to a substantial right of the defendant or other improper consequences-discontinuance should be granted. McKinney's CPLR 3217(b). | "While the determination to permit a plaintiff to voluntarily discontinue an action is generally within the sound discretion of the court, can a party ordinarily be compelled to litigate and, absent special circumstances, such as prejudice to adverse parties, discontinuance should be granted?" | Pretrial Procedure - Memo # 1286 - C - RY.docx | ROSS-003287725-ROSS-003287726 |
| Ballard v. Meyers, 275 Ga. 819 | 307A+351 | The pretrial disclosure requirement does not extend to documentary evidence upon which a party may possibly rely defensively for impeachment purposes; those documents that a litigant intends to rely upon affirmatively to meet the burden of proving his or her case still must be disclosed in the pretrial order. Uniform Superior Court Rule 7.2(14). | Must those documents that a litigant intends to rely on affirmatively to meet a burden of proving his or her case be disclosed in a pretrial order? | Pretrial Procedure - Memo # 1352 - C - TJ.docx | ROSS-003327515-ROSS-003327516 |
| Patterson v. Liz Claiborne, 872 So. 2d 181 | 307A+717.1 | In order to be entitled to a continuance, the movant must establish: (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence must be credible and will probably affect the result; (5) the evidence must not be merely cumulative or impeaching; and (6) that the motion for continuance is not made merely for purposes of delay. (Per Thompson, J., with one Judge concurring and one Judge concurring in the result.) | "In order to be entitled to a continuance, what must a movant establish?" | 026695.docx | LEGALEASE-00129996-LEGALEASE-00129998 |
| Walton v. New York State Dep't of Corr. Servs., 57 A.D.3d 1180 | 371+2001 | Regardless of the label placed on a charge or an assessment, "taxes" are burdens of a pecuniary nature imposed for the purpose of defraying the costs of government services generally without relation to particular benefits derived by the taxpayer. | Are taxes a burden of a pecuniary nature imposed for the purpose of defraying the costs of government services generally without relation to particular benefits derived by the taxpayer? | 044729.docx | LEGALEASE-00130866-LEGALEASE-00130868 |
| United States v. Robinson, 663 F.3d 265 | 63+10 | Provision of federal-funds bribery statute indicating that "(t)his section does not apply to bona fide salary, wages, fees, or other compensation paid in the usual course of business" excluded from definition of bribe legitimate salary, wages, and other compensation, but did not preclude introduction of salary evidence to prove value of "business" or "transaction" that bribe-giver or bribe-taker intended to influence. 18 U.S.C.A S 666(c). | "Can a defendant's bona fide salary, wages, fees, or other compensation paid in the usual course of business be used to establish the transactional element of the offense of bribery?" | 012371.docx | LEGALEASE-00132100-LEGALEASE-00132101 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Futrell v. Scott Truck & Tractor Co. of Louisiana, 629 So. 2d 449 | 307A+749.1 | Inherent in theory of pretrial procedure are orderly disposition of each case and in entire docket and avoidance of surprise; these are sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of action. LSA-C.C.P. art. 1551. | Is an orderly disposition of each case and avoidance of surprise inherent in theory of pretrial procedure and are they sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of action? | 027259.docx | LEGALEASE-00132248-LEGALEASE-00132249 |
| United States v. Pacchioli, 718 F.3d 1294 | 63+1(1) | A violation of federal statute proscribing theft or bribery in connection with program receiving federal funds can be proven in three distinct ways: (1) by giving, offering or agreeing to give a thing of value to any person; (2) with the corrupt intent to influence or reward an agent of an organization that receives more than $10,000 in federal funding in any one-year period; (3) in connection with any business transaction or series of transactions of that organization involving more than $5,000. 18 U.S.C.A. S 666(a)(2). | How should a theft or bribery in connection with program receiving federal funds be proven? | Bribery - Memo #139 - C-JL.docx | ROSS-003287169-ROSS-003287170 |
| Frevele v. McAloon, 222 Kan. 295 | 307A+749.1 | A pretrial order, entered by the trial court pursuant to statute, controls subsequent course of an action unless such order is modified at the trial to prevent manifest injustice; statute reposes in trial court large discretionary powers. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | "Does a pretrial order, entered by the trial court pursuant to statute, control subsequent course of an action unless such order is modified at the trial to prevent manifest injustice; statute reposes in trial court large discretionary powers?" | Pretrial Procedure - Memo # 1836 - C - KS.docx | ROSS-003287277-ROSS-003287278 |
| Burry & Son Homebuilders v. Ford, 310 S.C. 529 | 307A+517.1 | Generally, plaintiff is entitled to voluntary nonsuit without prejudice as matter of right unless legal prejudice is shown by defendant or important issues of public policy are present; once legal prejudice is found, granting or denial is within discretion of trial court. Rules Civ.Proc., Rule 41(a)(1). | Is a plaintiff entitled to a voluntary non-suit without prejudice as a matter of right unless the defendant shows legal prejudice or important issues of public policy are present? | 028575.docx | LEGALEASE-00132728-LEGALEASE-00132729 |
| Loman v. Freeman, 375 Ill. App. 3d 445 | 97C+117 | Contract or no contract, if one cuts, carves, lacerates, incises, or otherwise alters someone else's property except as authorized by that person, one commits a classic tort: either trespass to chattels or conversion, depending on the extent of the alteration. Restatement (Second) of Torts SS 278, 892A. | "Does one commit trespass to chattels if they cut, carve, lacerate, incise, or otherwise alter someone else's property?" | 047318.docx | LEGALEASE-00133316-LEGALEASE-00133317 |
| Maybach v. Falstaff Brewing Corp., 359 Mo. 446 | 302+13 | Where from nature of case, plaintiff in action for damages for negligence could not be expected to know exact cause of precise negligent acts which became cause of injury, and facts are peculiarly within knowledge of defendant, plaintiff is not required to allege the particular cause. V.A.M.S. S 509.300. | "Will a plaintiff be required to allege a particular cause, where from nature of case, the plaintiff in action for damages for negligence could not be expected to know exact cause of precise negligent act?" | 023265.docx | LEGALEASE-00134242-LEGALEASE-00134243 |
| In re Gillies' Estate, 8 N.J. 88 | 124+67.24 | A child adopted in a foreign country may take under local statutes of descent and distribution if such foreign country had jurisdiction to fix his status with respect to adopted parents, but this rule of international comity is subject to condition that the law, with regard to adoption, of state in which real and personal property is situated, does not differ essentially from law of state in which adoption was had, so that local public policy is not violated by recognizing and giving effect to the adoption proceeding of the foreign country. | What conditions are a comity subject to? | 020730.docx | LEGALEASE-00135736-LEGALEASE-00135738 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dublin Sportswear v. Charlett, 485 Pa. 633 | 307A+716 | Generally, previous court commitment of attorney which requires his presence before another tribunal, if made known to trial court before which continuance or extension is sought, constitutes "satisfactory excuse" within meaning of rule permitting party who is ready for trial to have nonsuit entered if such party is defendant or to proceed to trial if such party is plaintiff when case is called for trial and other party is not ready and is without "satisfactory excuse." Pa.R.C.P. No. 218, 42 Pa.C.S.A. | "Generally, does the previous court commitment of attorney which requires his presence before another tribunal, if made known to the trial court before which continuance or extension is sought, constitute ""satisfactory excuse""?" | 029677.docx | LEGALEASE-00135041-LEGALEASE-00135042 |
| Robinson v. Glob. Res., 300 Ga. App. 139 | 307A+483 | Party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests, even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case. West's Ga.Code Ann. S 9-11-36(b). | "Does a party's failure to timely respond to requests for admission conclusively establish as a matter of law each of the matters addressed in the requests, even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case?" | Pretrial Procedure - Memo # 3638 - C - CK.docx | ROSS-003331288-ROSS-003331289 |
| Kelly v. Gaines, 181 S.W.3d 394 | 307A+716 | When a motion for continuance is premised on the withdrawal of counsel, the movant must show that the failure to be represented at trial is not due to his own fault or negligence, and this principle likewise applies when new counsel is retained shortly before trial. | "When a motion for continuance is premised on the withdrawal of counsel, must the movant show that the failure to be represented at trial is not due to his own fault or negligence, and this principle likewise applies when new counsel is retained shortly before trial?" | Pretrial Procedure - Memo # 3395 - C - BP.docx | LEGALEASE-00026233-LEGALEASE-00026234 |
| Bray v. Miller, 397 S.W.2d 103 | 307A+723.1 | Trial judge does not abuse his discretion in overruling motion for continuance based on absence of witness when allegations of motion are nothing more than mere conclusions of pleader and do not allege specific facts to which absent witness could testify. Rules of Civil Procedure, rules 251, 252. | Does a trial judge abuse his discretion in overruling a motion for continuance based on absence of a witness when allegations of a motion are nothing more than mere conclusions of pleader and do not allege specific facts to which absent witness could testify? | 030266.docx | LEGALEASE-00136678-LEGALEASE-00136679 |
| Brooker v. Smith, 108 So. 2d 790 | 307A+129 | Rule concerning discovery and production of documents and rule concerning subpoena for taking depositions should be considered in pari materia and a party must make a showing of good cause required by rule concerning discovery before another party will be required to produce documents under subpoena duces tecum. 30 F.S.A.Rules of Civil Procedure, rules 1.28, 1.34(d); Fed.Rules Civ.Proc. rules 34, 45, 28 U.S.C.A. | "Is the proper procedure for requiring a production of documents set forth in a rule providing for discovery and production of documents, and requires showing of good cause?" | Pretrial Procedure - Memo # 4010 - C - TM.docx | ROSS-003290602-ROSS-003290603 |
| Krirat v. State, 286 Ga. App. 650 | 110+594(1) | In all cases wherein a continuance is sought upon the ground of the absence of a witness, the movant must make a showing that the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay. West's Ga.Code Ann. S 17-8-25. | "In an application for a continuance on the ground of the absence of the witness, what are the requirements to be shown by the movant?" | 030811.docx | LEGALEASE-00136840-LEGALEASE-00136841 |
| West v. Milner Enterprises, 162 Ga. App. 667 | 307A+483 | To avoid conclusive establishment of matters contained in a request for admissions, party who has failed to answer or object to the request within the statutory period must move the court for withdrawal or amendment of the admissions. Code, S 81A-136(b). | "To avoid conclusive establishment of matters contained in a request for admissions, must the party who has failed to answer or object to the request within the statutory period move the court for withdrawal or amendment of the admissions?" | Pretrial Procedure - Memo # 4164 - C - SB.docx | ROSS-003304137-ROSS-003304138 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| DiMauro v. Metro. Suburban Bus Auth., 105 A.D.2d 236 | 307A+718 | It is abuse of discretion to deny continuance where application complies with every requirement of law and is not made merely for delay, where evidence is material and where need for a continuance does not result from failure to exercise due diligence. | "Is it an abuse of discretion to deny continuance where an application complies with every   of law and is not made merely for delay, where evidence is material and where need for a continuance does not result from failure to exercise due diligence?" | 030561.docx | LEGALEASE-00137824-LEGALEASE-00137825 |
| Estate of Despain v. Avante Grp., 900 So. 2d 637 | 115+151 | Although the punitive damages pleading statute is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. F.S.1999, S 768.72. | Do parties have a substantive right not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing of a reasonable basis for recovery of such damages has been made to the trial court? | 031047.docx | LEGALEASE-00138035-LEGALEASE-00138036 |
| Com., Dep't of Highways v. Frank Fehr Brewing Co., 376 S.W.2d 541 | 307A+725 | If witness, or better witness, is discovered on eve of trial, unless there is some reason why continuance or delay would be abuse to opposing party or court, the most that could fairly be required is that opposing party be given reasonable time in which to examine witness and make such additional preparation as may be required by information elicited from him. | Should an opposing party be given reasonable time to examine a witness and make additional preparations if a witness is discovered on eve of trial? | 031484.docx | LEGALEASE-00137116-LEGALEASE-00137117 |
| Ehnes v. Krinsky, 198 Misc. 251 | 307A+91 | Under Civil Practice Act, permitting parties to elicit material and necessary testimony by examination before trial, party who does not have burden of proof will be allowed to examine an adversary before trial in order to obtain such testimony in aid of cause of action or defense. Civil Practice Act, S 288. | "Under the Civil Practice Act, will the party who does not have a burden of proof be allowed to examine an adversary before trial in order to obtain such testimony in aid of cause of action or defense?" | 031796.docx | LEGALEASE-00138248-LEGALEASE-00138249 |
| Perryman v. Crawford, 968 So. 2d 83 | 30+3324 | In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is a clear showing of abuse prejudicial to the affected party. | Is broad discretion vested in a trial court in the context of interpretation and enforcement of pretrial orders mandating witness disclosure and should the reviewing court reverse only where there is a showing of abuse? | 026420.docx | LEGALEASE-00139113-LEGALEASE-00139116 |
| Conahan v. Fisher, 233 Mass. 234 | 113+3 | General commercial customs or particular usages of trade, not contrary to express terms or necessary implications of contract, or special meaning attached under dialect of particular business, occupation, or profession to use of word or phrase, and not invoking application of law contrary to established principles of common or statutory law, are valid. | Are general commercial customs or particular usages of trade valid when used in a contract? | Customs & Usage - Memo 150 - RK.docx | ROSS-003289000-ROSS-003289001 |
| R.R. Comm'n v. Humble Oil & Ref. Co., 193 S.W.2d 824 | 260+92.49 | The Railroad Commission's power to regulate oil production in the interest both of conservation and of protecting correlative rights is a continuing one, and its proration orders are subject to change, modification, or amendment at any time, upon due notice and hearing, either upon the commission's own motion or upon application of interested parties. | Is the Commission's power to regulate oil production in the interest of both conservation and protecting correlative right a continuing one? | Mines and Minerals - Memo #92 - C - CSS.docx | ROSS-003288457-ROSS-003288458 |
| Stonebridge Life Ins. Co. v. Pitts, 236 S.W.3d 226 | 307A+36.1 | Due process requires that defendants be permitted, in a class action, to take appropriate discovery of absent class members and to present evidence at trial reasonably calculated to defeat the class members' claims; therefore, the discovery limitations imposed by the certification of class must be appropriate and reasonable. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 42. | "Does due process require that defendants be permitted, in a class action, to take appropriate discovery of absent class members and to present evidence at trial reasonably calculated to defeat the class members' claims?" | 031576.docx | LEGALEASE-00141152-LEGALEASE-00141153 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Cent. Realty Co., 338 Pa. 172 | 371+2744 | State taxes are essential to very preservation of state itself, while local levies are authorized or permitted by state merely to maintain machinery of local government, and commonwealth's direct revenues must be so guarded that no lien for state taxes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise. | "While local levies are authorized or permitted by state merely to maintain machinery of local government, are state taxes essential to very preservation of a state itself?" | 045143.docx | LEGALEASE-00140863-LEGALEASE-00140864 |
| W.S. Butterfield Theatres v. Dep't of Revenue, 353 Mich. 345 | 371+3621 | Restriction that power of taxation shall not be so exercised as to deny to any the equal protection of the laws does not compel adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in selection of subject, or classification for taxation of property, businesses, trades, callings, or occupations. | Does the restriction that the power of taxation shall not be so exercised as to deny to any the equal protection of the laws prevent discretion in the selection of subjects or the classification for taxation? | 045179.docx | LEGALEASE-00141109-LEGALEASE-00141110 |
| Towne Properties v. City of Fairfield, 50 Ohio St. 2d 356 | 371+2005 | Although, in the exercise of their taxing powers, municipalities and the state are subject to the requirements of the equal protection clause of the Fourteenth Amendment, that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of taxation. U.S.C.A.Const. Amend. 14. | "Does the equal protection clause of the Fourteenth Amendment impose an iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of taxation by the municipalities and the state?" | 045421.docx | LEGALEASE-00140997-LEGALEASE-00140999 |
| Terry v. Terry, 160 Ind. App. 653 | 307A+723.1 | Though trial judge may sua sponte grant continuance because of party's illness, such action is within sound discretion of judge and will not be disturbed on appeal absent clear showing of abuse of discretion. | "Though a trial judge may sua sponte grant continuance because of a party's illness, is such action within the sound discretion of a judge and will not be disturbed on appeal absent a clear showing of abuse of discretion?" | 030654.docx | LEGALEASE-00142726-LEGALEASE-00142727 |
| Cobb v. Fisher, 20 So. 3d 1253 | 30+3328 | The decision concerning the appropriate sanction for failure to comply with a pretrial order, including whether to exclude the testimony of the noncomplying witness, is within the trial court's discretion, and the Supreme Court reviews such decisions to determine whether the trial court exceeded its discretion. | "Is the decision concerning the appropriate sanction for failure to comply with a pretrial order, including whether to exclude the testimony of the noncomplying witness, within the trial court's discretion?" | 033771.docx | LEGALEASE-00142712-LEGALEASE-00142713 |
| Copiah Cty. Sch. Dist. v. Buckner, 61 So. 3d 162 | 313+63 | The plaintiff bears the burden to demonstrate good cause for a failure to serve process in a timely manner; to establish good cause the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and the plaintiff must demonstrate that a diligent effort was made to effect timely service. Rules Civ.Proc., Rule 4(h). | Does the plaintiff bear the burden to demonstrate good cause for a failure to serve process in a timely manner in order to avoid dismissal of action? | 033931.docx | LEGALEASE-00142390-LEGALEASE-00142391 |
| Withrow v. Williams, 216 W. Va. 385 | 307A+560 | Dismissal for failure to timely serve summons and complaint is mandatory if good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance with the rule has two options to avoid the consequence of the dismissal: (1) timely show good cause for not having effected service of the summons and complaint or (2) refile the action before any time defenses arise and timely effect service under the new complaint. Rules Civ.Proc., Rule 4(k); Rule 4(l) (1997). | Is a dismissal for failure to timely serve summons and complaint mandatory if good cause for the lack of service is not shown? | Pretrial Procedure - Memo # 6136 - C - SB.docx | ROSS-003315125-ROSS-003315126 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kole v. Brubaker, 325 Ill. App. 3d 944 | 307A+683 | In moving for dismissal for lack of diligence, the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit; no absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions, rather, because of the nature of the issue, the determination of whether the defendant has established a prima facie case of lack of diligence must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | Should the determination of whether the defendant has established a prima facie case of lack of diligence in serving defendant be made on a case-by-case basis? | Pretrial Procedure - Memo # 6167 - C - CK.docx | ROSS-003318354-ROSS-003318355 |
| McRoberts v. Bridgestone Americas Holding, 365 Ill. App. 3d 1039 | 307A+560 | For purposes of motion to dismiss for a failure to act with reasonable diligence in effecting the service of process, the standard the trial court is to apply when determining whether a plaintiff was duly diligent in effecting the service of process is an objective one, with each case turning on its own specific facts; the trial court's determination of a plaintiff's lack of diligence is a fact-intensive inquiry suited to balancing, not bright lines. Sup.Ct.Rules, Rule 103(b). | "For purposes of motion to dismiss for a failure to act with reasonable diligence in effecting the service of process, is the standard the trial court to apply when determining whether a plaintiff was duly diligent?" | Pretrial Procedure - Memo # 6180 - C - SJ.docx | LEGALEASE-00034062-LEGALEASE-00034063 |
| Holland v. Lefler, 80 Ark. App. 316 | 313+63 | Service of process under civil procedure rule governing summons must be accomplished within 120 days after the filing of complaint unless plaintiff has filed a motion to extend time prior to the expiration of the deadline; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | Should service of process under civil procedure rule governing summons be accomplished within 120 days after the filing of complaint unless a plaintiff has filed a motion to extend time prior to the expiration of the deadline? | Pretrial Procedure - Memo # 6691 - C - NS.docx | ROSS-003329803-ROSS-003329804 |
| Wilk v. Wilmorite, 349 Ill. App. 3d 880 | 307A+560 | In moving for dismissal based on lack of diligence, the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit. Sup.Ct.Rules, Rule 103(b). | "Is the defendant required to make a prima facie show that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, in moving for dismissal based on lack of diligence?" | Pretrial Procedure - Memo # 6736 - C - SB.docx | ROSS-003316328-ROSS-003316329 |
| Blinkoff v. O & G Indus., 89 Conn. App. 251 | 307A+563 | Although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious, or unwarranted disregard for the court's authority, the court should be reluctant to employ the sanction of dismissal except as a last resort; the sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court. | "Is dismissal of an action not an abuse of discretion where a party shows a deliberate, contumacious, or unwarranted disregard for the court's authority?" | 034512.docx | LEGALEASE-00143824-LEGALEASE-00143825 |
| Duarte v. Snap-on Inc., 216 So. 3d 771 | 307A+563 | Generally, unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim. | "Unless it appears that the process of trial has itself been subverted, are factual inconsistencies or even false statements well managed through the use of impeachment or other traditional discovery sanctions?" | 034622.docx | LEGALEASE-00144439-LEGALEASE-00144440 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Villasenor v. Martinez, 991 So. 2d 433 | 307A+563 | Fraud warranting the severe sanction of dismissal occurs when it is established by clear and convincing evidence that a party has sentiently set in motion an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | When does fraud warrant the severe sanction of dismissal? | 035407.docx | LEGALEASE-00144981-LEGALEASE-00144982 |
| Atkins v. Guice, 21 Ark. 164 | 307A+74 | The provisions of the statute (Dig., chap. 55, sec. 18), requiring exhibits to be attached to the depositions of witnesses proving them, do not apply to a case where the exhibits are made a part of the bill or answer, and filed with it. It is sufficient if the witness refer to the exhibits by their marks and numbers as designated and identified by the answer, etc. | "Do the provisions of the statute requiring exhibits to be attached to the depositions of witnesses proving them, apply to a case where the exhibits are made a part of the bill or answer?" | 033177.docx | LEGALEASE-00145395-LEGALEASE-00145396 |
| Trans Health Mgmt. Inc. v. Nunziata, 159 So. 3d 850 | 307A+563 | A "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | "Does fraud arise when it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme?" | Pretrial Procedure - Memo # 6525 - C - SK.docx | ROSS-003289728-ROSS-003289729 |
| Reyes v. Int'l Metals Supply Co., 666 S.W.2d 622 | 307A+483 | Generally, where party fails to answer a request for admissions within period set by trial court, facts stated therein will be taken as true, and courts will not allow evidence to refute or controvert those facts. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Generally, where a party fails to answer a request for admissions within the period set by a trial court, will the facts stated therein be taken as true, and courts will not allow evidence to refute or controvert those facts?" | Pretrial Procedure - Memo # 7276 - C - KI.docx | ROSS-003290012-ROSS-003290013 |
| Mueller v. Shacklett, 156 Neb. 881 | 307A+483 | Where a party properly serves request for admissions of relevant matters of fact or genuineness of relevant documents, and all objections thereto are heard and appropriately denied by court, and other party has been ordered to respond thereto, failure of such party to do so within time allotted constitutes admission of facts sought to be elicited. R.S.Supp.1951, S 25-1267.41. | Does a failure to appropriately respond within time allotted to a properly served request for admission of facts constitute an admission of facts sought to be elicited? | 035383.docx | LEGALEASE-00145405-LEGALEASE-00145406 |
| Cordts v. Chicago Tribune Co., 369 Ill. App. 3d 601 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim, thus enabling the court to dismiss the complaint after considering issues of law or easily proved issues of fact. S.H.A. 735 ILCS 5/2-619. | Can a motion to dismiss base upon defects or defenses admit the legal sufficiency of the complaint? | Pretrial Procedure - Memo # 7942 - C - SK.docx | ROSS-003291478-ROSS-003291480 |
| Tenneco Resins v. Davy Int'l, AG, 770 F.2d 416 | 25T+182(2) | When only a minimal amount of discovery has been conducted, which may also be useful for purpose of arbitration, court should not ordinarily infer waiver based upon prejudice to party opposing the motion to stay litigation pending arbitration. | Can a court infer waiver based upon prejudice to the party opposing the motion to stay litigation pending arbitration when only a minimal amount of discovery has been conducted? | 007885.docx | LEGALEASE-00148944-LEGALEASE-00148946 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Patton v. Kera Tech., 946 So. 2d 983 | 307A+590.1 | A two-step test is to be applied by trial courts considering whether a dismissal for failure to prosecute is proper: first, the defendant must show that there was no record activity for the year preceding the motion; second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | Is a two-step test is to be applied by trial courts considering whether a dismissal for failure to prosecute is proper? | 035075.docx | LEGALEASE-00148468-LEGALEASE-00148469 |
| Oversole v. Manci, 216 P.3d 621 | 307A+583 | A trial court's discretion to dismiss an action for failure to prosecute is not without bounds: when evaluating a motion to dismiss for failure to prosecute, a trial court must bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties. | "Should a court bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties, when evaluating a motion to dismiss for failure to prosecute?" | Pretrial Procedure - Memo # 8005 - C - DHA_58361.docx | ROSS-003320923-ROSS-003320924 |
| Stapleton v. Shower, 251 S.W.3d 341 | 307A+581 | Factors a trial court is to consider in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules include: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. Rules Civ.Proc., Rules 37.02, 41.02. | "Should the attorney's conduct be considered by court, in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules?" | Pretrial Procedure - Memo # 8008 - C - SKG.docx | LEGALEASE-00038679-LEGALEASE-00038680 |
| Stapleton v. Shower, 251 S.W.3d 341 | 307A+581 | Factors a trial court is to consider in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules include: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. Rules Civ.Proc., Rules 37.02, 41.02. | "Should the attorney's conduct be considered by court, in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules?" | 036414.docx | LEGALEASE-00149001-LEGALEASE-00149002 |
| Stapleton v. Shower, 251 S.W.3d 341 | 307A+581 | Factors a trial court is to consider in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules include: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. Rules Civ.Proc., Rules 37.02, 41.02. | "Should the meritoriousness of the claim be considered by court, in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules?" | Pretrial Procedure - Memo # 8010 - C - SKG.docx | LEGALEASE-00038683-LEGALEASE-00038684 |
| Jahn v. Burns, 593 P.2d 828 | 8.30E+04 | A negotiable instrument, or a commercial paper, involves the business of commerce insofar as activities delineated in Article III of the Uniform Commercial Code are concerned, i. e., transfer, rights of payor, payee, endorser, holder in due course, etc.; however, the use of such in connection with a noncommercial transaction does not ipso facto turn that transaction into a commercial transaction which is subject to other provisions of the Code. W.S.1977, SS 34-21-301 to 34-21-379. | "Can use of negotiable instrument, or a commercial paper in connection with a non-commercial transaction turn that transaction into a commercial transaction?" | 010610.docx | LEGALEASE-00149101-LEGALEASE-00149102 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morgan v. Am. Family Life Assur. Co. of Columbus, 559 F. Supp. 477 | 170A+1835 | When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, court must take all allegations in complaint as admitted, and pleading should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of claim which would entitle him to relief. | "In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, should the allegations of the complaint be viewed as admitted?" | Pretrial Procedure - Memo # 7977 - C - SS_58339.docx | ROSS-003284669-ROSS-003284670 |
| Harvey v. Town of Tiverton, 764 A.2d 141 | 307A+581 | In considering a motion to dismiss for failure to prosecute, the court is required to weigh conflicting interests: on the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay; on the other hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b)(2). | "Is a court required to weigh the risk of prejudice to the defendants from delay, in considering a motion to dismiss for failure to prosecute?" | 036504.docx | LEGALEASE-00149277-LEGALEASE-00149278 |
| Pursell v. First Am. Nat. Bank, 937 S.W.2d 838 | 307A+681 | Motion to dismiss for failure to state claim upon which relief can be granted tests sufficiency of complaint; basis for motion is that allegations contained in complaint, considered alone and taken as true, are insufficient to state claim as matter of law. | "Would the basis for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted is that the allegations in the complaint when considered alone and taken as true, are insufficient to state a claim as a matter of law?" | Pretrial Procedure - Memo # 8502 - C - KI_59274.docx | ROSS-003294540-ROSS-003294541 |
| Mudd v. Nosker Lumber, 443 Pa. Super. 483 | 307A+683 | In order to obtain judgment of non prosequitur dismissing case for lack of activity, movant must show party has failed to diligently proceed with reasonable promptitude; there was no compelling reason for delay; delay has caused some prejudice to adverse party, which will be presumed in actions in which delay exceeds two years. | Should a movant show that party has failed to diligently proceed with reasonable promptitude in order to dismiss case for lack of activity? | 037431.docx | LEGALEASE-00151717-LEGALEASE-00151718 |
| Barber v. Schmidt, 354 P.3d 158 | 307A+683 | Court reviewing a motion to dismiss for failure to state a claim upon which relief can be granted must presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. Rules Civ.Proc., Rule 12(b)(6). | Should the court reviewing a motion to dismiss for failure to state a claim presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party? | 037991.docx | LEGALEASE-00152700-LEGALEASE-00152701 |
| Rodriguez v. Brady, 79 N.E.3d 841 | 307A+622 | The critical inquiry in deciding a motion to dismiss with respect to the pleadings is whether the allegations of the complaint, considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. 735 Ill. Comp. Stat. Ann. 2-615. | Is critical inquiry in deciding a section 2-615 motion to dismiss the allegations of the complaint those which are considered in a light most favorable to the plaintiff sufficient to state a cause of action upon which relief can be granted? | 037979.docx | LEGALEASE-00152923-LEGALEASE-00152924 |
| Randolph v. Hays, 665 P.2d 500 | 307A+581 | While no precise rule may be laid down as to what circumstances justify dismissal for lack of prosecution, circumstances surrounding each case must be examined, keeping in mind the conflict between need for the court to manage its docket for purpose of preventing undue delay on the one hand, and policy favoring disposition of cases on the merits on the other hand. Rules Civ.Proc., Rule 41(b)(2); District Court Rule 14. | Is there a precise rule that may be laid down as to what circumstances justify dismissal for lack of prosecution? | 038840.docx | LEGALEASE-00154372-LEGALEASE-00154373 |
| Salabaschew v. TRW, 100 Ohio App. 3d 503 | 307A+46 | To successfully proceed with action, burden is on plaintiff to attend all pretrial and trial proceedings as well as be available for depositions and other discovery; should plaintiff fail to fully prosecute action or comply with discovery, trial court could impose appropriate sanctions including involuntary dismissal of case. | Can court impose appropriate sanctions including involuntary dismissal of case if plaintiff fails to fully prosecute action or comply with discovery? | 039010.docx | LEGALEASE-00155068-LEGALEASE-00155069 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cogswell v. Am. Transit Ins. Co., 282 Conn. 505 | 307A+685 | The motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone; however, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of a jurisdictional issue. | "Does a motion to dismiss admit all facts that are well pleaded, invokes the existing record, and must be decided upon that alone?" | Pretrial Procedure - Memo # 9916 - C - NE_61468.docx | ROSS-003282792-ROSS-003282793 |
| Wilson Tool & Die v. TBDN Tennessee Co., 237 S.W.3d 611 | 307A+685 | When a motion to dismiss for lack of long-arm jurisdiction is based on facts not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition. V.A.M.S. S 506.500. | "When a motion to dismiss for lack of long-arm jurisdiction is based on facts not appearing on the record, can the trial court hear it on affidavits presented by the parties?" | Pretrial Procedure - Memo # 9926 - C - SKG_61477.docx | ROSS-003280257-ROSS-003280258 |
| Cogswell v. Am. Transit Ins. Co., 282 Conn. 505 | 307A+685 | The motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone; however, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of a jurisdictional issue. | "Does the motion to dismiss admit all facts which are well pleaded, invokes the existing record, and must be decided upon that alone?" | Pretrial Procedure - Memo # 9930 - C - BP_61481.docx | ROSS-003323886-ROSS-003323887 |
| Doe by Doe v. Coe, 83 N.E.3d 612 | 307A+685 | Need for strict compliance with supreme court rule governing requirements for affidavits submitted in support of motions for summary judgment and motions for involuntary dismissal based upon defects or defenses applies equally in both proceedings; the reason is that, in both proceedings, the question for decision is whether the existence of a genuine issue of material fact precludes dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. 735 Ill. Comp. Stat. Ann. 5/2-619. | Does the need for strict compliance with a Supreme Court rule governing requirements for affidavits submitted in support of motions for summary judgment and motions for involuntary dismissal based upon defects or defenses apply equally in both proceedings? | 024517.docx | LEGALEASE-00157215-LEGALEASE-00157216 |
| Clark v. State Farm Mut. Auto. Ins. Co., 769 So. 2d 176 | 307A+699 | If a judge signs an ex parte dismissal order based on abandonment, despite some action by defendant arguably constituting a waiver, the proper procedural mechanism is for the plaintiff to rule defendant into court to show cause why the ex parte dismissal should not be vacated because the defendant took a step in the defense of the suit within the previous three years. LSA-C.C.P. art. 561. | Is the proper procedural mechanism for the plaintiff to rule a defendant into court is to show cause why the ex parte dismissal should not be vacated? | 025535.docx | LEGALEASE-00158460-LEGALEASE-00158461 |
| Fisher & Co. v. Dep't of Treasury, 282 Mich. App. 207 | 371+3674 | A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden; sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question. M.C.L.A. SS 205.51 et seq., 205.91 et seq. | "Is a sales-use tax scheme designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden?" | 046228.docx | LEGALEASE-00159838-LEGALEASE-00159839 |
| Pierson v. State, 398 S.W.3d 406 | 135H+86 | Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, a retrial may not be automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused; under such circumstances, a retrial over the objection of a defendant is permitted only when the prosecutor demonstrates manifest necessity. U.S.C.A. Const.Amend. 5. | "Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, can a retrial not be automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused?" | Double Jeopardy - Memo 59 - C - SJ_65159.docx | ROSS-003293567-ROSS-003293568 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Philadelphia v. Williams, 122 Pa. Cmwlth. 630 | 307A+697 | Before court may grant petition to open judgment non pros, petition must be timely filed, there must be reasonable explanation or excuse for default, and facts constituting grounds for cause of action must be alleged. | "Before court can grant petition to open judgment non pros, should a petition be timely filed, there must be reasonable explanation or excuse for default, and facts constituting grounds for cause of action must be alleged?" | Pretrial Procedure - Memo 11446 - C - TJ_65290.docx | ROSS-003280423-ROSS-003280424 |
| Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244 | 302+34(1) | On motion to strike complaint as not setting forth facts upon which relief can be granted, plaintiffs are entitled to benefit of every favorable inference of fact, and court will search complaint in depth and with liberality to ascertain whether fundament of cause of action may be gleaned even from obscure statement of claim, with opportunity being given to amend if necessary. R.R. 4:8-6. | "Before a court dismisses a civil complaint with prejudice, should it search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action can be gleaned even from an obscure statement of claim an opportunity to amend if necessary?" | Pretrial Procedure - Memo 11534 - C - NS_65972.docx | ROSS-003297004-ROSS-003297005 |
| McPhail v. F & B Assocs., 160 A.D.2d 398 | 307A+697 | While party which has had its action stricken from trial calendar and not restored for one year must move to vacate automatic dismissal of complaint, court may properly treat motion to restore case as one to vacate dismissal. McKinney's CPLR 3404. | "While a party which has had its action stricken from the trial calendar and not restored for one year must move to vacate automatic dismissal of complaint, can a court properly treat a motion to restore case as one to vacate dismissal?" | 040582.docx | LEGALEASE-00162320-LEGALEASE-00162321 |
| Greater Franklin Developers Ass'n v. Town of Franklin, 49 Mass. App. Ct. 500 | 371+2002 | "Fees" share common traits that distinguish them from "taxes": (1) they are charged in exchange for particular governmental service which benefits party paying the fee in manner not shared by other members of society, (2) they are paid by choice, in that party paying the fee has option of not utilizing the governmental service and thereby avoiding the charge, and (3) the charges are collected not to raise revenues but to compensate governmental entity providing the services for its expenses. M.G.L.A. Const. Amend. Art. 89, S 7; M.G.L.A. c. 40, S 22F. | "In distinguishing fees with taxes, do fees benefit the party in a manner not shared by other members of society?" | Taxation - Memo 1032 - C - JL_66476.docx | ROSS-003295330 |
| Merch. v. State, 201 So. 3d 146 | 135H+95.1 | In cases where a mistrial is declared over the objection of the defendant, the double jeopardy clause does not guarantee that the defendant cannot be retried; right to have a trial concluded by a particular tribunal must give way to the public interest in allowing the State one full and fair opportunity to present evidence to an impartial jury. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | "Where mistrial is declared over objection of a defendant, does a double jeopardy clause not guarantee that a defendant cannot be retried?" | 015313.docx | LEGALEASE-00163089-LEGALEASE-00163090 |
| Palmieri v. Romat Realty Corp., 45 A.D.2d 948 | 307A+699 | Upon renewal of motion to open default and to restore action to calendar, factors to be considered are the affidavit of merit, sufficiency of excuse for delay, prejudice, progress of case and intent to abandon. | "Upon renewal of motion to open default and to restore action to calendar, are factors to be considered the affidavit of merit, sufficiency of excuse for delay, prejudice, progress of case and intent to abandon?" | 040668.docx | LEGALEASE-00163052-LEGALEASE-00163053 |
| State v. Smith, 10 R.I. 258 | 135H+95.1 | In deciding whether retrial shall be allowed following mistrial, trial judge must weigh rights of public to fair and complete adjudication against constitutional right of accused not to be harassed, oppressed by successor trials, or otherwise denied protection of his constitutional rights. U.S.C.A. Const.Amend. 5. | "In deciding whether retrial shall be allowed following mistrial, should a trial judge weigh rights of the public to a fair and complete adjudication against a constitutional right of accused not to be harassed?" | Pretrial Procedure - Memo 12168 - C - TM_67592.docx | ROSS-003293250-ROSS-003293251 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Bailey, 118 N.M. 466 | 3.77E+17 | In distinguishing between public officers and public employees, for purposes of offense of threatening the life of a public official, a court must look at whether (1) the position was created by the General Assembly; (2) the qualifications for appointment of the position are established by law; (3) the duties, tenure, salary, bond, and oath are prescribed or required by law; and (4) the person occupying the position is a representative of the sovereign. Code 1976, S 16-3-1040. | "In distinguishing between public officers and public employees, for purposes of offense of threatening the life of a public official, what must the court look at?" | 047045.docx | LEGALEASE-00164575-LEGALEASE-00164576 |
| Griffin v. State, 148 Ga. App. 311 | 135H+100.1 | When there is a common nucleus of operative facts existing in both indictments and the ultimate fact has been determined in the prior acquittal of the substantive offense by a final judgment, conspiracy trial is barred thereafter under constitutional double jeopardy provision. U.S.C.A. Const.Amend. 5. | "When there is a common nucleus of operative facts existing in both indictments and the ultimate fact has been determined in the prior acquittal of the substantive offense by a final judgment, is a conspiracy trial barred?" | 016280.docx | LEGALEASE-00165601-LEGALEASE-00165602 |
| In re Gateway Ethanol, 415 B.R. 486 | 349A+10 | Under Illinois law, when the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, the court must then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk. S.H.A. 810 ILCS 5/1-201(37) (2005). | "When the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, should the court then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk?" | Secured Transactions - Memo 33 - C - PC_68062.docx | ROSS-003294308-ROSS-003294309 |
| State v. Gradison, 758 N.E.2d 1008 | 135H+100.1 | A trial court's judgment that the evidence is legally insufficient to support a guilty verdict, even though erroneous, acts as an acquittal for double jeopardy purposes, and any retrial would violate defendant's rights under the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "Does a trial court's judgment that the evidence legally insufficient to support a guilty verdict, even though erroneous, act as an acquittal for double jeopardy purposes?" | 015752.docx | LEGALEASE-00166470-LEGALEASE-00166471 |
| State v. Johnson, 115 N.J. Super. 6 | 135H+96 | Because the double jeopardy clauses of the United States and State Constitutions protect a criminal defendant against being twice put in jeopardy of life or limb for the same offense, once the jury is sworn and jeopardy attaches, a defendant will not be required to stand trial a second time unless he consents to a mistrial or unless under all the circumstances, the mistrial was mandated by manifest necessity. U.S.C.A. Const.Amend. 5; M.R.S.A. Const. Art. 1, S 8. | "Once jeopardy attaches, will a criminal defendant normally not lose the opportunity to seek a favorable verdict from the jury and will not be required to stand trial a second time?" | 015807.docx | LEGALEASE-00166565-LEGALEASE-00166566 |
| Campanelli v. AT&T Wireless Serv., 85 Ohio St. 3d 103 | 317A+101 | Although no one factor is controlling in determining whether an entity conducts its operation in such a manner as to be a matter of public concern, Supreme Court weighs several, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority, to determine if an entity, alleged to be a public utility, conducts its business in such a way as to become a matter of public concern. | Are any factors controlling in determining whether an entity conducts in the matter of public concern? | 00799.docx | LEGALEASE-00081583-LEGALEASE-00081584 |
| Bacon v. Towne, 58 Mass. 217 | 249+58(1) | Since the abolition of special pleading, the defendant, in an action for malicious prosecution, may give evidence of facts tending to prove the plaintiff guilty of the criminal charge imputed to him, both in proof of probable cause and in mitigation of damages, although he is not prepared with evidence to show that these facts were known to him at the time of the complaint against the plaintiff. | Can a defendant prove facts tending to mitigate damages in an action for malicious prosecution? | 05128.docx | LEGALEASE-00084206-LEGALEASE-00084207 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wolf v. Scott Wetzel Servs., 113 Wash. 2d 665 | 413+1 | Under the Industrial Insurance Act, employer pays some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law actions and remedies in exchange for sure and certain relief. West's RCWA 51.04.010, 51.32.010. | "Under the Industrial Insurance Act, does an employer pay some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law actions and remedies in exchange for sure and certain relief?" | 047736.docx | LEGALEASE-00128744-LEGALEASE-00128746 |
| Roberts v. Stidham, 19 So. 3d 1155 | 307A+560 | Rule governing dismissal of actions for failure to serve process within 120 days is designed to be a case management tool, not an additional statute of limitations cutting off the liability of a tortfeasor, and it is not to be imposed inflexibly when the plaintiff demonstrates diligence and good cause. West's F.S.A. RCP Rule 1.070(j). | Is the rule governing dismissal of actions for failure to serve process within 120 days designed to be a tool of case management? | 034084.docx | LEGALEASE-00145276-LEGALEASE-00145277 |
| Ballard v. Stich, 628 P.2d 918 | 15A+1703 | Whenever entity which normally acts as legislative body applies policy to particular persons in their private capacities, instead of passing on general policy or rights of individuals in the abstract, it is functioning as an "administrative agency" within meaning of former appellate rule providing that appeals from administrative agencies must be filed within 30 days after appellant is informed of agency's action. Rules of Appellate Procedure, Rule 45(a)(2)(Renumbered Rule 602(a)(2)). | Is an entity which normally acts as a legislative body functioning as an administrative agency when applying policy to particular persons in their private capacity? | Administrative Law - Memo 153 - RK.docx | ROSS-003283544-ROSS-003283545 |
| Zivotofsky ex rel. Zivotofsky v. Sec'y of State, 725 F.3d 197 | 221+502 | An entity recognized by the United States as a foreign state may maintain a suit in a United States court, assert the sovereign immunity defense in a United States court, and benefit from the "act of state doctrine," which provides that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. | Will the courts of one country sit in judgment on the acts of the government of another done within its own territory? | International Law - Memo 326 - RK.docx | ROSS-003283947-ROSS-003283949 |
| Walter Fuller Aircraft Sales v. Republic of Philippines, 965 F.2d 1375 | 221+342 | When determining whether act of state doctrine limits adjudication in American courts, Court of Appeals looks not only to acts of named defendants, but to any governmental acts whose validity would be called into question by adjudication of suit. | "When determining whether act of state doctrine limits adjudication in American courts, does the Court of Appeals looks not only to acts of named defendants, but to any governmental acts whose validity would be called into question by adjudication of the suit? " | International Law - Memo  356 - SB.docx | ROSS-003284896-ROSS-003284898 |
| Gerseta Corp. v. Equitable Tr. Co. of New York, 241 N.Y. 418 | 366+1 | "Subrogation" includes every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability. | "Is subrogation broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter?" | Subrogation - Memo # 576 - C - LK.DOCX | ROSS-003285751-ROSS-003285752 |
| Wasko v. Manella, 269 Conn. 527 | 366+1 | The object of legal or equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | "Is legal or equitable subrogation designed to promote and to accomplish justice, and is the mode that equity adopts to compel the ultimate payment of a debt by one who, in justice, equity and good conscience should pay it?" | Subrogation - Memo 272 - ANG C.docx | ROSS-003324762-ROSS-003324764 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Salomon S.A. v. Scott USA Ltd. P'ship, 117 F.R.D. 320 | 2+8(2) | District court may, in its discretion, defer or abate proceedings where another suit involving identical issues is pending in either federal or state court and it would be duplicative, uneconomical, and vexatious to proceed otherwise, and court has broad discretion in questions of severance. Fed.Rules Civ.Proc.Rule 21, 28 U.S.C.A. | "Can a court in its discretion defer or abate proceedings, where another suit involving identical issues is pending either in federal or state court?" | Abatement and Revival - Memo 5 - VP.docx | ROSS-003295044-ROSS-003295045 |
| Brown v. Wood, 451 So. 2d 569 | 20+97 | Under general codal provisions on acquisitive prescription, possessor lacking good faith or just title may acquire prescriptive title to land by corporeally possessing tract for 30 years with intent to possess as owner, but only when possession is continuous, uninterrupted, peaceable, public and unequivocal, and only as to such immovable property as is actually possessed; alternatively, titleholder may acquire more land than his title calls for by possessing property beyond his title for 30 years without interruption and within visible bounds, and may attain 30 years possessory period, which is necessary to perfect prescriptive title in absence of good faith and just title, by tacking on possession of his ancestor in title. LSA-C.C. arts. 794, 3424, 3441, 3442, 3476, 3486, 3487, 3488. | Can the ownership of immovable property under record title be eclipsed and superseded by ownership acquired under prescriptive title? | 003866.docx | LEGALEASE-00115862-LEGALEASE-00115863 |
| Hargus v. Ferocious & Impetuous, 840 F.3d 133 | 16+17.1 | The connection aspect of the test to determine whether a district court has federal admiralty jurisdiction over a tort claim is a conjunctive two-part inquiry: first, the court must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce, and second, the court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. 28 U.S.C.A. S 1333(1). | How can federal admiralty jurisdiction be invoked over a tort claim? | Admiralty Law - Memo 31 - JS.docx | ROSS-003285462-ROSS-003285464 |
| Express Scripts v. Aegon Direct Mktg. Servs., 516 F.3d 695 | 25T+213(5) | District court's denial of motion for stay pending arbitration is reviewed de novo; Court of Appeals need not accept either party's allegations as true but instead must review evidentiary record to determine whether movant has offered sufficient proof to satisfy court that issue involved is referable to arbitration under written arbitration agreement. 9 U.S.C.A. S 3. | What standard of review is used by the court when hearing the appeal of a district court's denial of a motion to stay pending arbitration? | 001029.docx | LEGALEASE-00118030-LEGALEASE-00118031 |
| Kent Cty. Rd. Comm'n v. Hunting, 170 Mich. App. 222 | 1.49E+22 | Under Michigan Environmental Protection Act, trial court must conduct dual inquiry to determine if prima facie showing of pollution, impairment, or destruction of natural resource has been made by assessing whether natural resource is involved and whether impact of activity on environment rises to level of impairment to justify trial court's intervention. M.C.L.A. S 691.1201 et seq. | "How does the trial court determine if a prima facie showing of pollution, impairment, or destruction of a natural resource has been made?" | 000928.docx | LEGALEASE-00118243-LEGALEASE-00118244 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United Fruit Co. v. Dep't of Labor & Indus., 344 Pa. 172 | 83+10 | In the absence of federal legislation on the subject, the state may, without violating the commerce clause of the Federal Constitution, legislate concerning relative rights and duties of employers and employees while within the state's borders, although engaged in interstate commerce, or in foreign commerce. U.S.C.A.Const. art. 1, S 8, cl. 3. | "In the absence of congressional or federal legislation can the states legislate concerning relative rights and duties of employers and employees while within their borders, although engaged in interstate commerce?" | 001371.docx | LEGALEASE-00118142-LEGALEASE-00118143 |
| Grant v. Target Corp., 126 F. Supp. 3d 183 | 237+4 | To prove defamation under Massachusetts law, a plaintiff must establish that the defendant was at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss; the level of fault required varies between negligence for statements concerning private persons and actual malice for statements concerning public officials and public figures. | What is the level of fault required for public and private persons in defamation? | 003299.docx | LEGALEASE-00120584-LEGALEASE-00120586 |
| Guilford Cty. ex rel. Holt v. Puckett, 191 N.C. App. 693 | 366+1 | The doctrine of subrogation is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice. | "Is the basis of subrogation the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice?" | Subrogation - Memo # 450 - C - NO.docx | ROSS-003285068-ROSS-003285070 |
| Dominski v. Garrett, 276 Pa. Super. 18 | 366+2 | Subrogation is granted as a means of placing the ultimate burden of a debt on the one who in good conscience ought to pay it and it is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another. | Is subrogation an equitable doctrine involving the right of legal substitution which is granted as a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another? | Subrogation - Memo # 489 - C - SA.docx | ROSS-003328369-ROSS-003328371 |
| Air Pegasus of D.C. v. United States, 424 F.3d 1206 | 148+81.1 | The Constitution does not itself create or define the scope of property interests protected by the Fifth Amendment; instead, existing rules and understandings and background principles derived from an independent source, such as state, federal, or common law, define the dimensions of the requisite property rights for purposes of establishing a cognizable taking. U.S.C.A. Const.Amend. 5. | What defines the dimensions of the requisite property rights for purposes of establishing a cognizable taking? | 017446.docx | LEGALEASE-00122096-LEGALEASE-00122098 |
| In re L.W., 362 Ill. App. 3d 1106 | 307A+3 | A motion in limine is a pretrial motion that seeks an order excluding inadmissible evidence and prohibiting questions concerning such evidence, without the necessity of having the questions asked and objections thereto made in front of the jury. | "Is a motion in limine a pretrial motion that seeks an order excluding inadmissible evidence and prohibiting questions concerning such evidence, without the necessity of having the questions asked and objections thereto made in front of the jury?" | 024081.docx | LEGALEASE-00121839-LEGALEASE-00121841 |
| United States v. Labovitz, 251 F.2d 393 | 63+1(1) | Under statute making it a crime to offer money to any person acting for United States with intent to influence his decision or action on any matter before him in his official capacity or to induce him to do or omit to do any act in violation of his lawful duty, either an intention to influence official behavior or an intention to induce unlawful action will supply required culpability. 18 U.S.C.A. S 201. | Does an intention to influence official behavior or an intention to induce unlawful action supply the culpability which the public official bribery statute requires? | 011027.docx | LEGALEASE-00123219-LEGALEASE-00123220 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ramirez & Feraud Chili Co. v. Las Palmas Food Co., 146 F. Supp. 594 | 221+134 | The power to impose, even upon foreigners owing no allegiance, liability for acts done abroad which proximately cause damage within territorial limits of sovereign is inherent in national sovereignty. | Is there inherent power national sovereignty to impose liability on foreigners for acts done abroad which proximately cause damage within the territorial limits of the sovereign? | 019964.docx | LEGALEASE-00122879-LEGALEASE-00122881 |
| Gross v. German Found. Indus. Initiative, 456 F.3d 363 | 221+342 | Courts must dismiss under the "act of state doctrine" when resolution of a suit would require the court to declare invalid and ineffective as a rule of decision for the courts of this country the official act of a foreign sovereign. | Must courts dismiss under the act of state doctrine when resolution of a suit would require the court to declare invalid and ineffective as a rule of decision for the courts of this country the official act of a foreign sovereign? | 020024.docx | LEGALEASE-00123592-LEGALEASE-00123593 |
| Antares Aircraft v. Fed. Republic of Nigeria, 999 F.2d 33 | 221+440 | Although contractual provision designating United States as place of performance is sufficient to vest jurisdiction under Foreign Sovereign Immunities Act, foreign tort is not necessarily sufficient to deprive federal courts of jurisdiction inasmuch as foreign tort may have had sufficient contacts with the United States to establish requisite "direct effect" in United States. 28 U.S.C.A. S 1605(a)(2). | "Is a foreign tort sufficient to deprive federal courts of jurisdiction in as much as the foreign tort may have had sufficient contacts with the United States to establish a requisite ""direct effect"" in the United States?" | 020293.docx | LEGALEASE-00123691-LEGALEASE-00123693 |
| Schweitzer v. Westminster Investments, 157 Cal. App. 4th 1195 | 307A+3 | A motion in limine, which is a commonly used tool at the beginning of trial when evidentiary issues are anticipated by the parties, is designed to preclude the presentation of evidence deemed inadmissible and prejudicial by the moving party. | "Is a motion in limine, which is a commonly used tool at the beginning of trial when evidentiary issues are anticipated by the parties, designed to preclude the presentation of evidence deemed inadmissible and prejudicial by the moving party?" | Pretrial Procedure - Memo  # 185 - C - CRB.docx | ROSS-003311425-ROSS-003311427 |
| Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516 | 221+342 | Applicability of "act of state" doctrine depends on likely impact on international relations that would result from judicial consideration of the foreign sovereign's act; if adjudication would embarrass or hinder the executive in realm of foreign relations, court should refrain from inquiring into validity of the foreign state's act. | "In determining applicability of ""act of state"" doctrine, is the likely impact on international relations that would result from judicial consideration of a foreign sovereign's act relevant?" | International Law - Memo  603 - TH.docx | ROSS-003284394-ROSS-003284396 |
| Roe v. Unocal Corp., 70 F. Supp. 2d 1073 | 221+342 | Act of state doctrine embodies purely prudential concern that judicial inquiry into the validity of foreign nation's sovereign acts may interfere with executive and congressional foreign policy efforts. | Does the act of state doctrine embody purely prudential concern that judicial inquiry into the validity of a foreign nation's sovereign acts may interfere with executive and congressional foreign policy efforts? | 020325.docx | LEGALEASE-00124366-LEGALEASE-00124368 |
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | Act of state doctrine embodies purely prudential concern that judicial inquiry into validity of foreign nation's sovereign acts may interfere with Executive and Congressional foreign policy efforts. | Does the act of state doctrine embody purely prudential concern that judicial inquiry into validity of a foreign nation's sovereign acts may interfere with the Executive and Congressional foreign policy efforts? | International Law - Memo # 415 - C - MLS.docx | ROSS-003325123-ROSS-003325124 |
| Tachiona ex rel. Tachiona v. Mugabe, 186 F. Supp. 2d 383 | 221+284 | Precise contours of protection from assertions of foreign territorial jurisdiction over heads of state are not specifically spelled out in any treaty or universally accepted instrument reflecting customary international law. | Are the precise contours of protection from assertions of foreign territorial jurisdiction over heads of state specifically spelled out in any treaty or universally accepted instrument reflecting customary international law? | International Law - Memo # 471 - C - MS.docx | ROSS-003297361-ROSS-003297362 |
| Beanal v. Freeport-McMoRan, 969 F. Supp. 362 | 24+765 | To determine whether state action has been alleged in action under the Alien Tort Statute for human rights violations, district court considers test contained in Restatement section and "under color of law" jurisprudence of S 1983. 42 U.S.C.A. S 1983; Restatement (Third) of Foreign Relations Law of the United States S 207 comment. | "To determine whether state action has been alleged in action under the Alien Tort Statute for human rights violations, does a district court consider tests contained in Restatement section and ""under color of law"" jurisprudence of  1983?" | 020839.docx | LEGALEASE-00124965-LEGALEASE-00124966 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barragan v. Banco BCH, 188 Cal. App. 3d 283 | 221+342 | Act of state doctrine precludes judicial inquiry into validity of public acts of foreign sovereigns committed within their own territory; however, doctrine does not prevent judicial resolution of commercial consequences arising from foreign government's public acts, nor does doctrine apply to commercial acts of nationalized corporations. | Does the act of state doctrine prevent judicial resolution of commercial consequences arising from a foreign government's public acts or apply to commercial acts of nationalized corporations? | 020897.docx | LEGALEASE-00124656-LEGALEASE-00124657 |
| Teegarden v. United States, 42 Fed. Cl. 252 | 148+2.1 | In the context of a claim for inverse condemnation, damages resulting from a random event induced more by an extraordinary natural phenomenon than by government interference cannot rise to the level of a compensable taking, even if there is permanent damage to property partially attributable to government activity. U.S.C.A. Const.Amend. 5. | "Can damages resulting from a random event induced more by an extraordinary natural phenomenon than by Government interference, rise to the level of a compensable taking?" | Eminent Domain - Memo 265 - GP.docx | ROSS-003300000-ROSS-003300001 |
| Florida Power & Light Co. v. Sys. Council U-4 of Int'l Bhd. of Elec. Workers, AFL-CIO, 307 So.2d 189 | 13+65 | In absence of a proper supplemental bill filed after permission duly granted, right of complainant to relief prayed must be determined upon facts existing at time original bill was filed. 30 West's F.S.A. Rules of Civil Procedure, rule 1.190(a, d). | "In absence of a proper supplemental bill filed after permission duly granted, must the right of the complainant to the relief prayed be determined upon facts existing at the time the original bill was filed?" | 006051.docx | LEGALEASE-00127504-LEGALEASE-00127505 |
| First Fed. Sav. & Loan Ass'n of Hamilton v. Haley, 377 So. 2d 1082 | 401+5.1 | Venue statute, which relates to equitable proceedings against individuals when the subject matter of the action is real estate, has no limitation upon the general statewide jurisdiction of a circuit court. Code of Ala.1975, S 6-3-2; Const.1901, Amend. 328, S 6.04. | "Does a venue statute, which relates to equitable proceedings against individuals when the subject matter of the action is real estate, have any limitation upon the general statewide jurisdiction of a circuit court?" | Venue - Memo 135 - SB.docx | ROSS-003290163-ROSS-003290164 |
| Felmlee v. Falcon Cable TV, 36 Cal. App. 4th 1032 | 413+11 | Workers' compensation scheme operates regardless of fault and achieves identical purposes that underlie recovery under peculiar risk doctrine by ensuring swift, sure compensation for workplace injuries. | "Does the workers compensation scheme operate regardless of fault and achieve identical purposes that underlie recovery under the peculiar risk doctrine by ensuring swift, sure compensation for workplace injuries?" | 048492.docx | LEGALEASE-00127466-LEGALEASE-00127468 |
| Dome Labs. v. Farrell, 599 P.2d 152 | 307A+506.1 | Method of dismissal, under rule allowing plaintiff to file notice of dismissal at any time before service by adverse party of answer or of motion for summary judgment, whichever first occurs, is matter of right running to plaintiff and may not be extinguished or circumscribed by adversary or court. Rules of Civil Procedure, rule 41(a)(1)(a). | Is voluntary dismissal by notice a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court? | 039073.docx | LEGALEASE-00128422-LEGALEASE-00128424 |
| Ex parte Helle, 477 S.W.2d 379 | 307A+508 | Rule granting plaintiff the right to take a nonsuit at any time before trial court announces its decision in a nonjury case and further providing that plaintiff by taking a nonsuit shall not thereby prejudice right of an adverse party to be heard on his claim for affirmative relief is to be liberally construed. Rules of Civil Procedure, rule 164. | Does a rule granting a plaintiff the right to take a nonsuit at any time before the trial court announces its decision in the non-jury case to be liberally construed and grant an absolute right not subject to denial? | 025522.docx | LEGALEASE-00129295-LEGALEASE-00129296 |
| Jones-Lee v. Arkansas Dep't of Human Servs., 2009 Ark. App. 160 | 307A+717.1 | When deciding whether a continuance should be granted, the circuit court should consider the following factors: (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the witness's attendance in the event of postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. | "While deciding whether a continuance should be granted, what are the factors that a court should consider?" | Pretrial Procedure - Memo # 1609 - C - SHB.docx | ROSS-003328343-ROSS-003328345 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kwaiser v. Peters, 6 Mich. App. 153 | 106+107 | Statement in Supreme Court decision that there is no reason why plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case at hand cannot be interpreted as authorizing use of a new procedural device entitled a "demand." | "Is there a reason why questing plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case at hand?" | Pretrial Procedure - Memo # 1627 - C - NS.docx | ROSS-003314078-ROSS-003314079 |
| Gen. Motors Acceptance Corp. v. Falcone, 130 N.J. Super. 517 | 413+1 | Workmen's compensation affords an injured worker a measure of economic security during the period of time he is recuperating from a work-related accident, and further compensates him for permanent disability which reduces his future earning capacity. | "Does Workmens Compensation afford an injured worker a measure of economic security during the period of time he is recuperating from a work-related accident, and further compensate him for permanent disability which reduces his future earning capacity?" | 047816.docx | LEGALEASE-00130131-LEGALEASE-00130132 |
| Roache v. Charney, 38 A.3d 281 | 307A+718 | After providing the trial judge with the reasons for and the length of the continuance, the party seeking the continuance must also demonstrate: (1) that it was diligent in preparing the presentation of the testimony; (2) that the continuance will be likely to satisfy the need to present the testimony; and (3) that the inconvenience to the court, opposing parties, witnesses, and jurors is insubstantial in relation to the likely prejudice which would result from the denial of the continuance. | "After providing the trial judge with the reasons for and the length of the continuance, should the party seeking the continuance demonstrate anything further?" | 026916.docx | LEGALEASE-00130673-LEGALEASE-00130674 |
| 321 Henderson Receivables Origination LLC v. Ramos, 172 Cal. App. 4th 305 | 307A+517.1 | Voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees. West's Ann.Cal.C.C.P. S 581. | "Does a voluntary dismissal of an entire action deprive the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees?" | 027644.docx | LEGALEASE-00132303-LEGALEASE-00132304 |
| Appeal of Boeing Co., 261 Kan. 508 | 371+2001 | "General taxes" are exactions placed upon citizens by taxing authorities for support of government while "special assessments" are imposed upon property within limited area for payment of special or local improvements. | "Are ""general taxes"" exactions placed upon the citizens by the taxing authorities for the support of the government while ""special assessments"" are imposed upon property within a limited area for payment of special or local improvements?" | Taxation - Memo # 303 - C - CK.docx | ROSS-003327336-ROSS-003327337 |
| State ex rel. Cummings v. Witthaus, 358 Mo. 1088 | 307A+331 | Discovery statutes are intended to assist in the administration of justice, are remedial in nature, and are to be liberally construed but they cannot be liberally construed in contravention of inhibitions respecting unreasonable searches and seizures or the invasion of the right of privacy. V.A.M.S. S 510.030; V.A.M.S.Const.1945, art. 1, S 15. | "Are discovery statutes intended to assist in the administration of justice, are remedial in nature, and are to be liberally construed but they cannot be liberally construed in contravention of inhibitions respecting unreasonable searches and seizures or the invasion of the right of privacy?" | 027220.docx | LEGALEASE-00132572-LEGALEASE-00132573 |
| Jabri v. U Save Motors, 971 So. 2d 912 | 307A+517.1 | The right to dismiss one's own lawsuit during the course of a trial is guaranteed by rule, endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve; the effect is to remove completely from the court's consideration the power to enter an order, unilateral in all respects to a deprivation of jurisdiction. West's F.S.A. RCP Rule 1.420(a). | Is a plaintiff endowed with unilateral authority to block action favourable to a defendant which a trial judge might be disposed to approve thereby completely removing it from the courts consideration? | 027594.docx | LEGALEASE-00133862-LEGALEASE-00133863 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shaheen v. Cty. Of Mathews, 265 Va. 462 | 307A+486 | First prong of two-part test governing a trial court's discretion to permit the withdrawal or amendment of matters admitted pursuant to requests for admissions, requiring the moving party to demonstrate that withdrawal or amendment of an admission will subserve the presentation of the merits of the action, is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. Sup.Ct.Rules, Rule 4:11(b). | "Under the first prong of two-part test governing a trial court's discretion, does the moving party have the burden to demonstrate that withdrawal or amendment of an admission will subserve the presentation of the merits of the action?" | 029002.docx | LEGALEASE-00134007-LEGALEASE-00134008 |
| TBF Fin. v. Stone, 213 S.W.3d 231 | 307A+483 | A party who fails to respond to requests for admissions admits those matters, and no further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial, and a court must consider such admissions in deciding a motion for a directed verdict. V.A.M.R. 59.01. | "Does a party who fails to respond to requests for admissions admit those matters, and no further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial?" | Pretrial Procedure - Memo # 3535 - C - SK.docx | ROSS-003290480-ROSS-003290482 |
| Lawyers' Ass'n of St. Louis v. City of St. Louis, 294 S.W.2d 676 | 268+959 | The name, purpose, designation or character given by legislative body to particular tax in statute or ordinance imposing it is not conclusive on court in determining nature or purpose of exaction, though entitled to due weight and consideration; determination of purpose, nature and effect of tax being for court in final analysis, regardless of its apparent legislative designation. | "Is the name, purpose, designation or character given by legislative body to particular tax in statute or ordinance imposing it, conclusive upon court in determining nature or purpose of exaction?" | Taxation - Memo # 335 - C- NA.docx | ROSS-003303634-ROSS-003303636 |
| Medina v. Raven, 492 S.W.3d 53 | 307A+486 | Undue prejudice to the nonmoving party that would preclude withdrawing deemed admissions depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Tex. R. Civ. P. 198.2(a). | Will undue prejudice to the nonmoving party that would preclude withdrawing deemed admissions depends on whether withdrawing an admission or filing a late response delay trial or significantly hamper the opposing party's ability to prepare for it? | 028522.docx | LEGALEASE-00134992-LEGALEASE-00134993 |
| Harms v. Simkin, 322 S.W.2d 930 | 30+3911 | Mere fact that an attorney withdraws from a case does not give a party an absolute right to a continuance and decision whether to grant or deny continuance on that ground rests largely in discretion of trial court, and, although that discretion is judicial in nature and reviewable on appeal, every intendment is in favor of court's ruling. | Does the fact that an attorney withdraws from a case give a party an absolute right to a continuance? | Pretrial Procedure - Memo # 3339 - C - NS.docx | ROSS-003305136-ROSS-003305138 |
| Gendebien v. Gendebien, 668 S.W.2d 905 | 307A+716 | Absence of counsel will not be a good cause for a continuance of the cause when called for trial except in discretion of trial court upon cause shown or upon matters within the knowledge or information of the judge to be stated in the record. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | Will absence of counsel not be a good cause for a continuance of the cause when called for trial except in discretion of trial court upon cause shown or upon matters within the knowledge or information of the judge to be stated in the record? | 029538.docx | LEGALEASE-00135278-LEGALEASE-00135279 |
| Ramirez v. Noble Energy, 521 S.W.3d 851 | 228+185(4) | To substantiate a summary judgment based solely on merits-preclusive deemed admissions, the party relying upon the deemed admissions must demonstrate flagrant bad faith or callous disregard for the rules. Tex. R. Civ. P. 198.3. | "To substantiate a summary judgment based solely on merits-preclusive deemed admissions, must the party relying upon the deemed admissions demonstrate flagrant bad faith or callous disregard for the rules?" | 029896.docx | LEGALEASE-00135553-LEGALEASE-00135554 |
| In re Marriage of Dishon, 277 Mont. 501 | 307A+483 | Although failure to file answer brief within ten days is deemed an admission that motion is well taken, district court is not required to grant unanswered motion. Uniform District Court Rule 2(b). | "Although failure to file answer brief within ten days is deemed an admission that motion is well taken, is a district court not required to grant the unanswered motion?" | Pretrial Procedure - Memo # 3689 - C - SKG.docx | ROSS-003290880-ROSS-003290881 |
| Travis v. Commercial Union Ins. Co., 569 So. 2d 115 | 307A+483 | Generally, when obligation is based on writing, prima facie proof of obligation requires introducing that writing; jurisprudential exception is that when plaintiff requests admissions of contractual coverage or production of policy, defendant's failure to comply may be construed as supplying missing proof. | Is the jurisprudential exception to rule that prima facie proof of contractual obligation requires introduction of the writing that when a plaintiff in a case involving an insurance contract requests admissions of contractual coverage? | 030484.docx | LEGALEASE-00135751-LEGALEASE-00135752 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Time Warner v. Gonzalez, 441 S.W.3d 661 | 307A+483 | When due process concerns are raised by deemed admissions which act as a merits-preclusive sanction, the trial court must follow the guiding rules and principles established by the Texas Supreme Court. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "When due process concerns are raised by deemed admissions which act as a merits-preclusive sanction, must the trial court follow the guiding rules and principles established by the Texas Supreme Court?" | 029987.docx | LEGALEASE-00136662-LEGALEASE-00136663 |
| Hill v. Caparino, 370 S.W.2d 760 | 307A+483 | In absence of a motion to permit a late filing of an answer to a request for admissions, there can be no complaint of action of trial court in entering order decreeing that request for admissions of relevant facts be deemed answered affirmatively. Rules of Civil Procedure, rule 169. | "In absence of a motion to permit a late filing of an answer to a request for admissions, can there be a complaint of the action of the trial court in entering its order decreeing that the request for admissions of relevant facts be deemed answered affirmatively?" | Pretrial Procedure - Memo # 3941 - C - PB.docx | ROSS-003290584-ROSS-003290586 |
| Perry v. Perry, 100 Ohio App. 15 | 307A+723.1 | When party to action amends pleading therein and it does not appear that adverse party is taken by surprise or is unprepared to meet issue made by amended pleading, and he fails to request continuance, trial court may continue with trial of case. | "Can trial court continue with the trial of case when a party to action amends a pleading and it does not appear that an adverse party is taken by surprise or is unprepared to meet an issue made by an amended pleading, and he fails to request continuance?" | 030344.docx | LEGALEASE-00136510-LEGALEASE-00136511 |
| Zutter v. Kral, 268 Wis. 606 | 388+26 | Statute providing that no continuance by court or referee shall be granted unless by consent of parties except upon immediate payment of fees of witnesses in actual attendance and reasonable attorney's fees and that costs of continuance shall be taxed by clerk immediately and without notice, is mandatory. St.1953, S 270.145(6). | Can a continuance by court be granted without consent of parties even upon immediate payment of fees of witnesses in actual attendance? | 032020.docx | LEGALEASE-00138270-LEGALEASE-00138271 |
| Law Offices of Nye & Assocs., Ltd. v. Boado, 2012 IL App (2d) 110804 | 307A+517.1 | The voluntary dismissal of an action is typically without prejudice to the bringing of a second action; however, the use of without prejudice language is not sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has gone to final judgment in a previous action. S.H.A. 735 ILCS 5/2-1009(a). | Is the use of without prejudice language sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has gone to final judgment in a previous action? | 028121.docx | LEGALEASE-00139014-LEGALEASE-00139015 |
| Graefe & Graefe v. Beaver Mesa Expl. Co., 635 P.2d 900 | 307A+750 | Where evidence is admitted for limited purpose other than that for which it is later sought to be used, and where proposed amendment to conform to evidence seeks to introduce issue outside of pretrial order and not consented to by adverse parties, trial court does not err in refusing to allow amendment. Rules Civ.Proc., Rule 15(b). | Does a court err in refusing to allow amendment where proposed amendment seeks to introduce an issue outside of pretrial order not consented to by the adverse parties? | 028139.docx | LEGALEASE-00139019-LEGALEASE-00139020 |
| United States v. Nagin, 810 F.3d 348 | 63+1(1) | An official may be convicted of bribery if he has corruptly entered into a quid pro quo, knowing the purpose behind the payment he has agreed to receive is to induce or influence him in an official act, even if he has no intention of actually fulfilling his end of the bargain. 18 U.S.C.A. S 201(b)(2). | "If an official knows the purpose behind the payment he has agreed to receive is to induce or influence him in an official act, is he guilty of bribery even if he has no intention of performing the action?" | Bribery - Memo #709 - C - LB.docx | ROSS-003301654-ROSS-003301655 |
| Lewis v. Clarke, 320 Conn. 706 | 307A+681 | Depending on the record before it, a trial court ruling on a motion to dismiss for lack of subject matter jurisdiction may decide that motion on the basis of: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts; different rules and procedures will apply, depending on the state of the record at the time the motion is filed. Practice Book 1998, S 10-31(a)(1). | "Depending on the record before it, can a trial court ruling on a motion to dismiss for lack of subject matter jurisdiction decide that motion on the basis of what?" | Pretrial Procedure - Memo # 5593 - C - CK.docx | ROSS-003316353 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elliff v. Texon Drilling Co., 146 Tex. 575 | 260+92.49 | A landowner is privileged to sink as many wells as he desires on his land and extract therefrom and appropriate all oil and gas that he may produce, so long as he operates within the spirit and purpose of conservation statutes and orders of the Railroad Commission. | Is a landowner privileged to sink as many wells as he desires upon his tract of land and extract therefrom and appropriate all the oil and gas that he may produce? | 021660.docx | LEGALEASE-00140881-LEGALEASE-00140882 |
| Anderson Columbia v. Brown, 902 So. 2d 838 | 307A+36.1 | Discretion of trial court in determining whether to permit discovery and admission of opposing counsel's fees is tempered by requirement that any information sought through discovery process must be relevant to subject matter of pending action. West's F.S.A. RCP Rule 1.280(b)(1). | "Is discretion of trial court in determining whether to permit discovery and admission of opposing counsel's fees, tempered by a requirement that any information sought through discovery process must be relevant to the subject matter of a pending action?" | Pretrial Procedure - Memo # 4811 - C - SKG.docx | LEGALEASE-00031176-LEGALEASE-00031177 |
| Farmers' Oil & Guano Co. v. S. Ref. Co., 10 Ga. App. 415 | 307A+725 | Where a motion is made to continue the trial of a case because of the absence of a witness, the judge may consider the evidence expected to be given by the absent witness, in connection with the pleadings, for the purpose of determining the materiality of the evidence, and if he finds that the evidence of the absent witness would be either immaterial or inadmissible he should refuse the motion. | "Should the judge consider the evidence expected to be given by the absent witness, where a motion is made to continue the trial of a case because of the absence?" | 032169.docx | LEGALEASE-00141457-LEGALEASE-00141458 |
| Bonner v. Peterson, 301 Ga. App. 443 | 30+3212 | The party seeking to benefit from the waiver of sovereign immunity has the burden of proof to establish waiver, and the trial court's pre-trial ruling on factual issues necessary to decide motion to dismiss based on lack of jurisdiction over the subject matter is reviewed on appeal under the any evidence rule. West's Ga.Code Ann. S 9-11-12(b)(1). | Is a motion to dismiss asserting sovereign immunity based on a trial court's lack of subject matter jurisdiction rather than the merits of plaintiff's claim? | 032982.docx | LEGALEASE-00141509-LEGALEASE-00141510 |
| Benjamin v. Ernst & Young, L.L.P.,167 Ohio App. 3d 350 | 307A+554 | In order for a trial court to grant a motion to dismiss for lack of jurisdiction over the subject matter, the standard to apply is whether the plaintiff has alleged any cause of action cognizable by the forum. | "In order for a trial court to grant a motion to dismiss for lack of jurisdiction over the subject matter, is the standard to apply whether the plaintiff has alleged any cause of action cognizable by the forum?" | Pretrial Procedure - Memo # 6077 - C - SS.docx | ROSS-003304837-ROSS-003304838 |
| W.S. Butterfield Theatres v. Dep't of Revenue, 353 Mich. 345 | 371+3621 | Restriction that power of taxation shall not be so exercised as to deny to any the equal protection of the laws does not compel adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in selection of subject, or classification for taxation of property, businesses, trades, callings, or occupations. | Does the restriction that the power of taxation shall not be so exercised as to deny to any the equal protection of the laws compel the adoption of an iron rule of equal taxation? | 045175.docx | LEGALEASE-00141097-LEGALEASE-00141098 |
| All. for Metro. Stability v. Metro. Council, 671 N.W.2d 905 | 228+186 | In deciding whether a continuance of a summary judgment motion to conduct further discovery should be granted, the district court must address two issues: (1) whether the plaintiff has been diligent in obtaining or seeking discovery prior to its motion, and (2) whether the plaintiff is seeking further discovery in the good faith belief that material facts will be uncovered or merely engaging in a fishing expedition. 48 M.S.A., Rules Civ.Proc., Rule 56.06. | Should a court deciding a continuance be granted to allow more time for discovery consider whether the party seeking more time is acting from a good faith? | 030658.docx | LEGALEASE-00142752-LEGALEASE-00142753 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pellecchia v. Connecticut Light & Power Co., 52 Conn. Supp. 435 | 307A+554 | Although subject matter jurisdiction may be raised at any time, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by the statute that governs when a new action may be allowed following an accidental failure of suit; a trial court properly may consider a motion to dismiss in such circumstances when the plaintiff does not object to the use of the motion to dismiss. C.G.S.A. S 52-592(a). | "Can a motion to dismiss be a proper procedural vehicle for asserting that an action is not saved by the statute, although subject matter jurisdiction may be raised at any time?" | Pretrial Procedure - Memo # 6120 - C - SPB.docx | ROSS-003289572-ROSS-003289573 |
| Billerbeck v. Caterpillar Tractor Co., 292 Ill. App. 3d 350 | 313+63 | Plaintiff must act with reasonable diligence in effecting service of process on defendant; if plaintiff fails to act with reasonable diligence after statute of limitations expires, cause of action shall be dismissed with prejudice. Sup.Ct.Rules, Rule 103(b). | Does Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process on a defendant and if the plaintiff fails to act with reasonable diligence after the statute of limitations expires shall the cause of action be dismissed with prejudice? | 033728.docx | LEGALEASE-00143095-LEGALEASE-00143096 |
| United States v. Dixon, 536 F.2d 1388 | 63+1(1) | Doctrine of deprivation of honest and faithful services has developed to fit the situation in which a public official avails himself of his public position to enhance his private advantage, often by taking bribes; although such actions may not deplete the fisc and, in fact, may enrich it, they are nonetheless frauds since the public official has been paid to act in breach of his duties. | What bribery situations has the doctrine of the deprivation of honest and faithful services been developed to it? | Bribery - Memo #847 - C - LB.docx | ROSS-003288931-ROSS-003288933 |
| Constantine v. Stella Maris Ins. Co., 97 A.D.3d 1129 | 307A+683 | While the ultimate burden of proof rests with the party asserting jurisdiction, in opposition to motion to dismiss for lack of personal jurisdiction, plaintiff need only make a prima facie showing that defendant was subject to trial court's personal jurisdiction. McKinney's CPLR 3211(a)(8). | "While the ultimate burden of proof rests with the party asserting jurisdiction, is the plaintiff required only to make a prima facie showing that the defendant was subject to the personal jurisdiction of the court?" | Pretrial Procedure - Memo # 5814 - C - VA.docx | ROSS-003289471-ROSS-003289472 |
| Halas v. Dick's Sporting Goods, 105 A.D.3d 1411 | 307A+554 | Although the ultimate burden of proof rests with the party asserting jurisdiction, in opposition to a motion to dismiss for lack of personal jurisdiction, plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | "In opposition to a motion to dismiss for lack of personal jurisdiction, need a plaintiff only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court?" | 033628.docx | LEGALEASE-00143897-LEGALEASE-00143898 |
| Old Home Enter. v. Fleming, 20 Neb. App. 705 | 307A+693.1 | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. West's Neb.Rev.St. S 25-217. | "When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, does the trial court have no jurisdiction to make orders thereafter?" | 033706.docx | LEGALEASE-00144385-LEGALEASE-00144386 |
| Splinters v. Greenfield, 63 A.D.3d 717 | 307A+560 | In order to avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made, a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action. McKinney's CPLR 3012(b). | "In order to avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made, must a plaintiff demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action?" | Pretrial Procedure - Memo # 6615 - C - RY.docx | ROSS-003302746-ROSS-003302747 |
| Ahearn v. Bloomfield Charter Twp., 235 Mich. App. 486 | 371+2060 | Unlike a tax, which is imposed to raise revenue for general governmental purposes, a special assessment is designed to recover the costs of improvements that confer local and peculiar benefits upon property within a defined area. | Are special assessment designed to recover the costs of improvements that confer local and peculiar benefits upon property within a defined area? | 045697.docx | LEGALEASE-00144513-LEGALEASE-00144514 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Oldham v. Keaton, 597 S.W.2d 938 | 302+104(2) | Where plaintiff by amended petition abandons cause of action on which venue was based and relies on causes of action not properly triable in county in which suit has been filed, right to then file a plea of privilege enures to the defendant. | "If a plaintiff by amended petition abandons the cause of action on which venue is based and relies only upon causes of action not properly triable in the county where the suit is filed, does the right to then file a plea of privilege enure to the defendant?" | Venue - Memo 133 - SB.docx | ROSS-003330749-ROSS-003330750 |
| In re Peoples, 296 N.C. 109 | 307A+552 | Whenever during course of litigation it develops that relief sought has been granted or that questions originally in controversy between parties are no longer in issue, case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | "Should case be dismissed as moot when, in course of litigation, it develops that relief sought has been granted or that questions originally in controversy between parties are no longer at issue?" | Pretrial Procedure - Memo # 7201 - C - VA.docx | ROSS-003289978-ROSS-003289979 |
| Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596 | 307A+563 | When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, trial judge has inherent power and broad discretion to fashion judicial response warranted by fraudulent conduct; dismissal of claims or entire action, or entry of default judgment, may be warranted by fraud. | "When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, does a trial judge have inherent power and broad discretion to fashion a judicial response warranted by fraudulent conduct?" | Pretrial Procedure - Memo # 7060 - C - SS.docx | LEGALEASE-00036566-LEGALEASE-00036568 |
| Ultracashmere House, Ltd. v. Meyer, 407 So. 2d 125 | 30+3331 | Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders and efficient administration of justice, application of so stringent a sanction as entry of a judgment by default is fully justified and should not be disturbed. Rules Civ.Proc., Rule 37. | "Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders, is a stringent sanction as an entry of a default judgment fully justified?" | 09555.docx | LEGALEASE-00095750-LEGALEASE-00095751 |
| Avery v. New Hampshire Dep't of Educ., 162 N.H. 604 | 307A+561.1 | When the motion to dismiss does not challenge the sufficiency of petitioners' legal claim but, instead, raises certain defenses, trial court must look beyond petitioners' unsubstantiated allegations and determine, based on the facts, whether petitioners have sufficiently demonstrated their right to claim relief. | Can the court look beyond petitioners' unsubstantiated allegations and determine whether petitioners have sufficiently demonstrated their right to claim relief? | 11068.docx | LEGALEASE-00094063-LEGALEASE-00094064 |
| Cotter v. Dias, 130 A.3d 164 | 307A+581 | In considering a dismissal motion for lack of prosecution, trial court must balance court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay, and on theother hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b). | "Should court balance the need to manage its docket and the public interest in the expeditious resolution of litigation, in considering a dismissal motion for lack of prosecution?" | 11146.docx | LEGALEASE-00094145-LEGALEASE-00094146 |
| Utset v. Campos, 548 So. 2d 834 | 307A+590.1 | The filing within the requisite one-year period of a notice of taking deposition, or the issuance of a summons on a complaint, constitutes sufficient record activity to preclude the dismissal of an action for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Does the filing within the requisite one-year period of a notice of taking a deposition constitute sufficient record activity to preclude the dismissal of an action for failure to prosecute? | Pretrial Procedure - Memo # 7727 - C - SN.docx | ROSS-003300061-ROSS-003300062 |
| Nicolitz v. Baptist Eye Inst., P.A., 830 So. 2d 270 | 307A+590.1 | For purposes of rule providing for dismissal of a cause of action for failure to prosecute, "record activity" is defined as any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | "For purposes of rule providing for dismissal of a cause of action for failure to prosecute, is a ""record activity"" defined as any act reflected in the court file that was designed to move the case forward?" | Pretrial Procedure - Memo # 7842 - C - SK.docx | ROSS-003300217-ROSS-003300218 |
| Dollar Sys. v. O'Connor & Meyers, P.A., 883 So. 2d 295 | 307A+590.1 | Record activity sufficient to avoid dismissal for failure to prosecute is more than a mere passive effort to keep the suit on the court docket; it is any act reflected in the court file designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | "For purposes of rule providing for dismissal of a cause of action for failure to prosecute, is a ""record activity"" defined as any act reflected in the court file that was designed to move the case forward?" | 11311.docx | LEGALEASE-00094420-LEGALEASE-00094421 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dollar Sys. v. O'Connor & Meyers, P.A., 883 So. 2d 295 | 307A+590.1 | Record activity sufficient to avoid dismissal for failure to prosecute is more than a mere passive effort to keep the suit on the court docket; it is any act reflected in the court file designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Is record activity sufficient to avoid dismissal for failure to prosecute more than a mere passive effort to keep the suit on the court docket? | 035021.docx | LEGALEASE-00148101-LEGALEASE-00148102 |
| Manning v. Wilkinson, 264 S.W.3d 620 | 307A+590.1 | The rule requiring a trial court to review its cases once a year and dismiss without prejudice those in which no pretrial steps have been taken in the preceding year is commonly referred to as the "housekeeping rule," and is intended to expedite the removal of stale cases from the court's docket. Rules Civ.Proc., Rule 77.02. | "Does the ""housekeeping rule,"" require a trial court to review its cases once a year and dismiss without prejudice those in which no pretrial steps have been taken in the preceding year?" | 035065.docx | LEGALEASE-00148352-LEGALEASE-00148353 |
| Perry v. Perkins, 73 Idaho 4 | 307A+563 | A court has inherent authority, in absence of statute or rule, in exercise of sound judicial discretion, to dismiss an action for failure to comply with an order of court relating to pleadings filed or to be filed by plaintiff, including an order requiring amendment of his pleadings generally or with reference to making them more definite and certain. | Does a court have inherent authority to dismiss an action for failure to comply with an order of court relating to pleadings filed? | 035077.docx | LEGALEASE-00148484-LEGALEASE-00148485 |
| Campanella v. Takaoka, 160 Cal. App. 3d 504 | 307A+582 | In exercising reasonable diligence, plaintiff has affirmative duty to make every reasonable effort to bring his or her case to trial within five years, even during last month of its statutory life. West's Ann.Cal.C.C.P. S 583(b). | "Does a plaintiff have affirmative duty to make every reasonable effort to bring a case to trial within five years, even during last month of its statutory life?" | Pretrial Procedure - Memo # 7793 - C - SN_57817.docx | ROSS-003294318-ROSS-003294319 |
| Dolphin Holdings, Ltd. v. Gander & White Shipping, 122 A.D.3d 901 | 307A+622 | On a motion to dismiss for failure to state a cause of action, the test of the sufficiency of a pleading is whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to the law can be discerned from its averments. McKinney's CPLR 3211(a)(7). | "Is it the test of the sufficiency of a pleading if it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments?" | Pretrial Procedure - Memo # 7985 - C - CK_58346.docx | ROSS-003282417-ROSS-003282418 |
| Jain v. Green Clinic, 830 So. 2d 836 | 307A+581 | Rule of Civil Procedure governing motions to dismiss for lack of prosecution requires the trial court to engage in a two-step process in deciding whether to dismiss a case for lack of prosecution, namely first, the defendant must show that there was no record activity for the year preceding the motion, and second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | What process should the court engage in to decide whether to dismiss a case for lack of prosecution? | Pretrial Procedure - Memo # 8023 - C - SS_58378.docx | ROSS-003292591-ROSS-003292592 |
| Rosin v. Weinberg, 107 A.D.3d 682 | 307A+622 | On a motion to dismiss a complaint for failure to state a cause of action, when a defendant has submitted evidentiary material and the motion has not been converted to one for summary judgment, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "Where a defendant has submitted evidentiary material in support of a motion to dismiss for failure to state a cause of action, is the criterion whether the plaintiff has a cause of action?" | Pretrial Procedure - Memo # 8190 - C - TJ_58765.docx | ROSS-003280550-ROSS-003280552 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Malloy v. Preslar, 228 N.C. App. 183 | 307A+622 | Despite liberal nature of concept of notice pleading, complaint must nonetheless state enough to give substantive elements of at least some legally recognized claim, or it is subject to dismissal under rule for failure to state a claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | "Despite liberal nature of concept of notice pleading, should a complaint nonetheless state enough to give substantive elements of at least some legally recognized claim?" | Pretrial Procedure - Memo # 8354 - C - NE_58866.docx | ROSS-003308426-ROSS-003308427 |
| Skinner v. Reynolds, 237 N.C. App. 150 | 307A+622 | Despite the liberal nature of the concept of notice pleading, a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal for failure to state claim upon which relief can be granted. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | "Despite liberal nature of concept of notice pleading, should a complaint nonetheless state enough to give substantive elements of at least some legally recognized claim?" | 036953.docx | LEGALEASE-00150232-LEGALEASE-00150233 |
| Deloatch v. Becker, 698 A.2d 94 | 307A+581 | Judgment of "non pros" is founded upon equitable principle of laches and may properly be entered when party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there is no compelling reason for delay, and delay has caused some prejudice to adverse party. | "Can judgment of ""non pros"" properly be entered when party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude?" | 037091.docx | LEGALEASE-00150692-LEGALEASE-00150693 |
| Wright v. Texas Dep't of Criminal Justice-Institutional Div., 137 S.W.3d 693 | 307A+581 | A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can a court dismiss for want of prosecution when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice? | Pretrial Procedure - Memo # 8587 - C - SB_59381.docx | ROSS-003322321-ROSS-003322322 |
| Guggenheimer v. Ginzburg, 372 N.E.2d 17 | 307A+682.1 | When evidentiary material is considered in connection with motion to dismiss, criterion is whether proponent of pleading has cause of action, not whether he has stated one, and, unless it has been shown that material facts as claimed by pleader to be one is not fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. CPLR 3211(a), par. 7, (c). | "Unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, should a dismissal not eventuate?" | Pretrial Procedure - Memo # 8402 - C - NC_59264.docx | ROSS-003292101-ROSS-003292102 |
| Lowrey v. Horvath, 689 S.W.2d 625 | 30+3896 | In reviewing trial court's dismissal of plaintiffs' petition for failure to state claim upon which relief can be granted, sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to plaintiffs, the averments invoke principles of substantive law entitling plaintiffs to relief. | "In reviewing the dismissal of a petition, what is the sole issue to be decided?" | 037175.docx | LEGALEASE-00150852-LEGALEASE-00150853 |
| James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Is judgment of non pros properly entered when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? | 037248.docx | LEGALEASE-00151030-LEGALEASE-00151031 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Garver v. Bradford/White Corp., 711 A.2d 1063 | 307A+581 | Court may exercise its discretion to enter judgment of non pros where: party to proceeding has shown lack of due diligence in failing to proceed with reasonable promptitude; there has been no compelling reason for delay; and delay has caused prejudice to adverse party, and prejudice is established by death or absence of material witness or by any substantial diminution of party's ability to present its case at trial. | Can court exercise its discretion to enter judgment of non pros where party to proceeding has shown lack of due diligence in failing to proceed with reasonable promptitude? | 037400.docx | LEGALEASE-00151278-LEGALEASE-00151279 |
| Manos v. Geissler, 321 F. Supp. 2d 588 | 25T+182(2) | Factors for court to consider in determining whether party has engaged in protracted litigation, as would waive his right to arbitrate, include: (1) time elapsed from the commencement of litigation to request for arbitration; (2) amount of litigation; (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay and expense. | What factors do courts need to consider in determining whether a party has engaged in protracted litigation that would waive his right to arbitration? | 008003.docx | LEGALEASE-00151466-LEGALEASE-00151468 |
| Beadall v. Moore, 199 A.D. 531 | 8.30E+11 | Place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to the nature, validity, interpretation, and effect by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place, especially where the note would be void in the place where made and valid where payable. | Which law governs a note when it is executed in one state and payable in another? | Bills and Notes - Memo 868 - RK_59549.docx | ROSS-003320906-ROSS-003320907 |
| Avery v. New Hampshire Dep't of Educ., 162 N.H. 604 | 307A+622 | Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief may be granted. | "In ruling upon a motion to dismiss, is the trial court is required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief can be granted?" | 037490.docx | LEGALEASE-00151875-LEGALEASE-00151876 |
| State v. Baker, 160 A.3d 559 | 307A+682.1 | In the context of a motion to dismiss, a court must take the factual allegations of the petition as true, consider the affidavits submitted on the motion only for the limited purpose of determining whether the plaintiff has stated a claim, and in the absence of proof that an alleged material fact is untrue or beyond significant dispute, the court must not dismiss the complaint. McKinney's CPLR 3211. | "In the context of a motion to dismiss, should a court take the factual allegations of the petition as true?" | Pretrial Procedure - Memo # 8639 - C - VA_59709.docx | ROSS-003282566-ROSS-003282567 |
| James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Can court enter judgment non pros where a party has shown lack of due diligence by failing to proceed with reasonable promptitude? | Pretrial Procedure - Memo # 8858 - C - DA_59855.docx | ROSS-003293740-ROSS-003293741 |
| Covington Cty. Bank v. Magee, 177 So. 3d 826 | 307A+624 | On a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. Rules Civ.Proc., Rule 12(b)(6). | Should the allegations in the complaint be taken as true on a motion to dismiss and that the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim? | 037962.docx | LEGALEASE-00152734-LEGALEASE-00152735 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brazell v. Windsor, 376 S.C. 83 | 307A+681 | A decision to grant a motion to dismiss a complaint for failure to state facts sufficient to constitute a cause of action must be based solely upon the allegations set forth in the complaint. Rules Civ.Proc., Rule 12(b)(6). | Should a decision to grant a motion to dismiss a complaint for failure to state facts sufficient to constitute a cause of action be based solely upon the allegations set forth in the complaint? | 038311.docx | LEGALEASE-00152730-LEGALEASE-00152731 |
| Beadall v. Moore, 199 A.D. 531 | 8.30E+11 | Place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to the nature, validity, interpretation, and effect by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place, especially where the note would be void in the place where made and valid where payable. | What law governs the vaidity of a note when it is executed in one state and payable in another? | 009855.docx | LEGALEASE-00153574-LEGALEASE-00153575 |
| Conboy v. State, 292 Conn. 642 | 307A+679 | When a trial court decides a jurisdictional question, raised by a pretrial motion to dismiss for lack of subject matter jurisdiction, on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light, and in this regard, the trial court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Practice Book 1998, S 10-31(a)(1). | "When a court decides a question raised by a pretrial motion to dismiss, should it consider the allegations of the complaint in their most favorable light?" | 038026.docx | LEGALEASE-00152975-LEGALEASE-00152976 |
| GMAC Mortg. v. Ford, 144 Conn. App. 165 | 307A+685 | If a complaint is supplemented by undisputed facts established by affidavits submitted in support of a motion to dismiss, other types of undisputed evidence, and/or public records of which judicial notice may be taken, the trial court, in determininga jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. | "Can the trial court, in determining a jurisdictional issue, consider supplementary undisputed facts?" | 038629.docx | LEGALEASE-00154585-LEGALEASE-00154586 |
| African Diaspora Mar. Corp. v. Golden Gate Yacht Club, 109 A.D.3d 204 | 307A+624 | Sole criterion for deciding a motion to dismiss a complaint for failure to state a cause of action is whether the pleading states a cause of action, and, if from its four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law a motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | "Is the sole criterion for deciding a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211(a)(7), whether the pleading states a cause of action?" | 038631.docx | LEGALEASE-00153909-LEGALEASE-00153910 |
| Belsky v. Lowell, 117 A.D.2d 575 | 307A+581 | Drastic penalty of dismissal for failure to prosecute requires balanced consideration of all relevant factors before imposition, including merit or lack of merit of action, extent of delay, prejudice or lack of prejudice to defendants and intent or lack of intent to deliberately default or abandon action, as well as strong public policy favoring disposition on the merits. | Does drastic penalty of dismissal for failure to prosecute require balanced consideration of all relevant factors before imposition? | 038797.docx | LEGALEASE-00154051-LEGALEASE-00154052 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Doe v. Rockingham Cty. Sch. Bd., 658 F. Supp. 403 | 78+1309 | Suspended student would suffer irreparable harm by waiting nearly one month for administrative hearing and, therefore, was not required to exhaust administrative remedies in order to bring claim for violation of procedural due process under statute that prohibits deprivation of federal statutory or constitutional rights under color of state law. 42 U.S.C.A. S 1983; U.S.C.A. Const.Amends. 5, 14. | Does a student have a constitutional right to an administrative hearing? | 017085.docx | LEGALEASE-00154829-LEGALEASE-00154830 |
| Berges v. Pfizer, 108 A.D.3d 1118 | 307A+685 | A meritorious cause of action, which must be shown to avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made, may be established by way of an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case; it must be of a type which would defeat a motion for summary judgment on the ground that there is no issue of fact. McKinney's CPLR 3012(b). | Can a meritorious cause of action be established by way of an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case? | 039360.docx | LEGALEASE-00154908-LEGALEASE-00154909 |
| Thompson v. Cohen, 160 A.D.2d 1157 | 307A+594.1 | In order to avoid dismissal of action as abandoned where default has occurred and plaintiff has failed to seek judgment within one year after default, plaintiff must demonstrate reasonable excuse for delay and that cause of action has merit. McKinney's CPLR 3215(c). | Should the plaintiff demonstrate a reasonable excuse for the delay in order to avoid dismissal of an action as abandoned after a default and where the plaintiff has failed to seek a judgment within one year after the default? | Pretrial Procedure - Memo # 10150 - C - KI_62061.docx | ROSS-003278477-ROSS-003278478 |
| Simmons v. McSimmons, 261 A.D.2d 547 | 307A+685 | In order to defeat a motion to dismiss a pleading for failure to prosecute, party upon whom a demand to file a note of issue is served must demonstrate a justifiable excuse for the failure to comply with the demand, and a meritorious claim. McKinney's CPLR 3216(e). | "In order to defeat a motion to dismiss a pleading for failure to prosecute, should a party upon whom a demand to file a note of issue is served demonstrate a justifiable excuse?" | Pretrial Procedure - Memo # 10422 - C - RF_62407.docx | ROSS-003294246-ROSS-003294247 |
| City of Fort Wayne v. Sw. Allen Cty. Fire Prot. Dist., 82 N.E.3d 299 | 307A+684 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider any affidavits or evidence submitted in support of the motion?" | 024830.docx | LEGALEASE-00157600-LEGALEASE-00157601 |
| Day v. State, 68 Wash. 2d 364 | 307A+588 | Under rule requiring dismissal, without prejudice, of any civil action for want of prosecution whenever plaintiff neglects to note action for trial or hearing within one year after any issue of law or fact has been joined, unless failure to bring same on for trial or hearing was caused by party making motion to dismiss, dismissal is mandatory and judicial discretion is not permitted. Rules of Pleading, Practice and Procedure, rule 41.04W. | Is the general rule that a dismissal for want of prosecution is a dismissal without prejudice? | 025119.docx | LEGALEASE-00156933-LEGALEASE-00156934 |
| Whedon v. Whedon, 313 N.C. 200 | 307A+694 | Ordinarily, involuntary dismissal pursuant to rule dealing with affect of such dismissals operates as an adjudication upon merits and ends lawsuit; however, major exception to such general proposition is found in power lodged by rule in trial judge to specifically order that dismissal is without prejudice and, therefore, not an adjudication on merits. Rules Civ.Proc., Rule 41(b), G.S. S 1A-1. | "Though ordinarily an involuntary dismissal operates as an adjudication of the merits, does a trial judge have the power to specifically order that the dismissal is without prejudice?" | 025154.docx | LEGALEASE-00157163-LEGALEASE-00157164 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rosser v. Rosser, 620 S.W.2d 802 | 307A+693.1 | Finality of dismissals under rule providing for dismissals for want of prosecution is not affected by failure to mail notices except to extend time for filing motion to reinstate beyond 30-day period set forth in the rule. Rules of Civil Procedure, Rule 165a. | Is finality of dismissals under rule providing for dismissals for want of prosecution not affected by failure to mail notices except to extend time for filing a motion to reinstate beyond 30-day period set forth in the rule? | 025257.docx | LEGALEASE-00156849-LEGALEASE-00156850 |
| Randolph v. Hays, 665 P.2d 500 | 307A+581 | While no precise rule may be laid down as to what circumstances justify dismissal for lack of prosecution, circumstances surrounding each case must be examined, keeping in mind the conflict between need for the court to manage its docket for purpose of preventing undue delay on the one hand, and policy favoring disposition of cases on the merits on the other hand. Rules Civ.Proc., Rule 41(b)(2); District Court Rule 14. | Can a precise rule be laid down as to what circumstances justify a dismissal for lack of prosecution? | 025377.docx | LEGALEASE-00157506-LEGALEASE-00157507 |
| Summers v. Vill. of Durand, 267 Ill. App. 3d 767 | 307A+561.1 | Where defense of laches is not apparent from face of complaint, motion to dismiss is properly made pursuant to statute, providing for dismissal when challenged claim is barred by affirmative matter avoiding the legal effect of or defeating the claim, and must be supported by affidavit. S.H.A. 735 ILCS 5/2-619(a)(9). | Can a dismissal be provided to support an affidavit when challenged claim is barred by affirmative matter avoiding the legal effect of or defeating the claim? | 025414.docx | LEGALEASE-00158026-LEGALEASE-00158027 |
| Bd. of Ed. of Grant Cmty. High Sch. Dist. No. 121, Lake Cty. v. Bd. of Ed. of Richmond-Burton Cmty. High Sch. Dist. No. 157, McHenry Cty., 301 Ill. App. 228 | 30+78(3) | Where a motion to dismiss a complaint, which is in the nature of a demurrer, is sustained, for such ruling to become "final," and appealable, a "judgment" should be entered for the defendant to the effect that the plaintiff take nothing by virtue of such action and that defendant go hence without day, of words or similar import and meaning. | "For a dismissal ruling to become final a judgment, should it be entered for a defendant to the effect that a plaintiff take nothing by virtue of such action?" | Pretrial Procedure - Memo # 11064 - C - TM_63451.docx | ROSS-003297687-ROSS-003297688 |
| Atwater v. Town of Plainfield, 160 N.H. 503 | 307A+681 | In ruling upon a motion to dismiss, a trial court normally accepts all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff; however, when the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, such as that the trial court lacks jurisdiction to hear the claim due to the plaintiff's failure to exhaust its administrative remedies, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | How does the court determine whether plaintiff has sufficiently demonstrated his right to claim relief? | 025914.docx | LEGALEASE-00158152-LEGALEASE-00158153 |
| Nepomniaschi v. Goldstein, 182 A.D.2d 743 | 307A+699 | In order to succeed on motion to restore to calendar case which was stricken from trial court and thereafter automatically dismissed for neglect to prosecute, plaintiffs must show that they possessed meritorious cause of action, that defendant would not be prejudiced by restoration of case to trial calendar, that they had acceptable excuse for delay, and that they did not intend to deliberately default or abandon action. McKinney's CPLR 3404. | "In order to succeed on motion to restore to calendar case which was stricken from trial court, should plaintiffs show that they possessed a meritorious cause of action?" | 039637.docx | LEGALEASE-00159772-LEGALEASE-00159773 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 307A+685 | If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven; to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit, and the failure to do so results in the facts of the defendant's affidavits being deemed admitted. S.H.A. 735 ILCS 5/2-619(a)(9); Sup.Ct.Rules, Rule 191. | "Will the burden shift to the plaintiff, if the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter?" | 039901.docx | LEGALEASE-00159537-LEGALEASE-00159538 |
| Burns v. Drew Woods, 900 S.W.2d 128 | 307A+697 | If trial court makes finding that party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake, or that failure has been otherwise reasonably explained, it has no discretion and must reinstate case. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 1. | "If trial court makes finding that party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake, does it have no discretion and must reinstate the case?" | 040072.docx | LEGALEASE-00160598-LEGALEASE-00160599 |
| Humphreys v. Meadows, 938 S.W.2d 750 | 307A+695 | If plaintiff makes good faith attempt to amend his petition in response to trial court's sustaining of defendant's special exceptions, trial court may not dismiss plaintiff's amended petition unless defendant files special exceptions to revised pleadings, court sustains new special exceptions, and court gives plaintiff opportunity to amend revised pleadings. | "If a plaintiff makes good faith attempt to amend his petition in response to a trial court's sustaining of a defendant's special exceptions, can a trial court not dismiss a plaintiff's amended petition?" | 040283.docx | LEGALEASE-00160897-LEGALEASE-00160898 |
| Sutherland v. Illinois Bell, 254 Ill. App. 3d 983 | 307A+695 | Generally, if trial court dismisses with prejudice a plaintiff's complaint, failure to request leave to file new complaint before appealing constitutes an election to stand on the dismissed complaint, and cause of action must stand or fall on facts alleged therein. | "If a trial court dismisses with prejudice a plaintiff's complaint, does failure to request leave to file new complaint before appealing constitute an election to stand on the dismissed complaint?" | Pretrial Procedure - Memo 11648 - C - KS_65385.docx | ROSS-003278984 |
| Sisters of the Holy Child Jesus at Old Westbury v. Corwin, 51 Misc. 3d 44 | 141E+937 | Parents' allegation that private school's personnel were unqualified to address special needs of their daughter constituted claim for educational malpractice, which was not cognizable as cause of action or defense, under New York law, providing that quality and qualifications of teachers employed by private schools were concerns not for courts, but rather for New York State Education Department and its Commissioner. McKinney's Education Law S 5003. | Can a plaintiff bring an educational malpractice cause of action against a school in court? | 017194.docx | LEGALEASE-00162027-LEGALEASE-00162029 |
| Ramon v. Zangari, 116 A.D.3d 753 | 307A+583 | Court retains some residual discretion to deny motion to dismiss for want of prosecution, even when plaintiff fails to comply with 90-day requirement and additionally fails to proffer adequate excuse for delay or potentially meritorious cause of action. McKinney's CPLR 3216. | "Can a Court retain some residual discretion to deny motion to dismiss for want of prosecution, even when plaintiff fails to comply with 90-day requirement?" | 040607.docx | LEGALEASE-00162496-LEGALEASE-00162497 |
| First Justice of Bristol Div. of Juvenile Court Dep't v. Clerk-Magistrate of Bristol Div. of Juvenile Court Dep't, 438 Mass. 387 | 79+8 | Judges' authority to control and supervise judicial personnel includes inherent authority, independent of statute, to ensure that clerks, assistant clerks, and probation officers serving in their courts are qualified and possess the skills and competence to enable them to perform their duties in a professional manner and in conformity with governing statutes, rules, orders, and standards of accountability. | What does a judges' authority to control and supervise judicial personnel entail? | 013570.docx | LEGALEASE-00164124-LEGALEASE-00164125 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Grasso, 413 F. Supp. 166 | 135H+95.1 | Where a mistrial has been declared sua sponte, another trial is permissible if the trial judge, in declaring the mistrial, acted in the sole interest of the defendant or if a verdict of conviction could have been reached but would have been reversed on appeal due to an obvious error in the trial. | "Where a mistrial has been declared sua sponte, is another trial permissible if the trial judge, in declaring the mistrial, acted in the sole interest of the defendant or if a verdict of conviction could have been reached?" | 015523.docx | LEGALEASE-00163665-LEGALEASE-00163666 |
| In re Parker, 363 B.R. 769 | 349A+10 | Factors which South Carolina courts consider, as part of totality-of-the-circumstances inquiry, in distinguishing lease from security agreement are: (1) whether alleged lease is terminable at will by lessee; (2) whether lessor has duty to repair; (3) whether lessee is compelled to purchase goods upon termination of lease; (4) whether mandatory payments due under lease are equal to or greater than value of the leased goods; and (5) whether useful life of leased property exceeds term of lease. S.C.Code 1976, S 36-1-201(37). | What factors are part of a totality-of-the-circumstances inquiry? | 042809.docx | LEGALEASE-00164018-LEGALEASE-00164019 |
| Itz v. Penick, 493 S.W.2d 506 | 198H+358 | Statute which, other than in situations involving specified religious and medical exceptions, requires immunization of all persons as prerequisite to admission to elementary or secondary school or institution of higher learning is not unconstitutional on theory that it interferes with parental rights, denies equal protection, contains unconstitutional delegations of power, denies due process or that it invidiously discriminates against attendance at any elementary or secondary school or institution of higher learning. V.T.C.A., Education Code, SS 2.09, 2.09(c)(1, 2). | Can a state constitutionally require immunization of children who attend school? | 017320.docx | LEGALEASE-00164368-LEGALEASE-00164369 |
| United States v. Quintero, 165 F.3d 831 | 336H+200 | When determining whether collateral estoppel applies in the context of a retrial, courts must engage in a two-part inquiry: court first must decide whether it can ascertain the basis of the acquittal at the first trial, and then must determine whether the elements of the crime upon which the prior acquittal was based are also essential elements of the crime for which the defendant is to be retried. | "In deciding whether collateral estoppel, pursuant to the Double Jeopardy Clause, bars a retrial, should courts examine whether it is possible to ascertain the basis of the acquittal at the first trial?" | Double Jeopardy - Memo 478 - C - TJ_68257.docx | ROSS-003282763-ROSS-003282764 |
| Phenix City v. Alabama Power Co., 239 Ala. 547 | 371+2016 | Municipal corporations, in passing ordinances in the exercise of their police power, or their power of taxation and of eminent domain, are performing a function of government which may be delegated to them by the state to prescribe local regulations of self-government, and in so doing the state legislature is not engaged in transferring legislative power committed to the Constitution to it. | "Are the Municipal corporations, in passing ordinances in the exercise of their police power, are performing a function of government which may be delegated to them by the state?" | Taxation - Memo 1363 - C - SD_68650.docx | ROSS-003293728-ROSS-003293729 |
| Ultracashmere House, Ltd. v. Meyer, 407 So. 2d 125 | 30+3331 | Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders and efficient administration of justice, application of so stringent a sanction as entry of a judgment by default is fully justified and should not be disturbed. Rules Civ.Proc., Rule 37. | "Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders, is a stringent sanction as an entry of a default judgment fully justified? " | 10907.docx | LEGALEASE-00094779-LEGALEASE-00094780 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ultracashmere House, Ltd. v. Meyer, 407 So. 2d 125 | 30+3331 | Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders and efficient administration of justice, application of so stringent a sanction as entry of a judgment by default is fully justified and should not be disturbed. Rules Civ.Proc., Rule 37. | "Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders, is a stringent sanction as an entry of a default judgment fully justified? " | 10091.docx | LEGALEASE-00094868-LEGALEASE-00094869 |
| Utset v. Campos, 548 So. 2d 834 | 307A+590.1 | The filing within the requisite one-year period of a notice of taking deposition, or the issuance of a summons on a complaint, constitutes sufficient record activity to preclude the dismissal of an action for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Does the filing within the requisite one-year period of a notice of taking a deposition constitute sufficient record activity to preclude the dismissal of an action for failure to prosecute? | 09835.docx | LEGALEASE-00095908-LEGALEASE-00095909 |
| Cotter v. Dias, 130 A.3d 164 | 307A+581 | In considering a dismissal motion for lack of prosecution, trial court must balance court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay, and on theother hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b). | "Should court balance the need to manage its docket and the public interest in the expeditious resolution of litigation, in considering a dismissal motion for lack of prosecution? " | 09794.docx | LEGALEASE-00096347-LEGALEASE-00096348 |
| K.H. v. Jefferson Cty. Dep't of Human Res., 106 So. 3d 420 | 388+21 | The constitutional right to counsel in a civil matter is not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case. U.S.C.A. Const.Amend. 6. | " Is the constitutional right to counsel in a civil matter not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case?" | 029482.docx | LEGALEASE-00136528-LEGALEASE-00136529 |
| James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Is judgment of non pros properly entered whena party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? | Pretrial Procedure - Memo # 8504 - C - NC_59276.docx | ROSS-003279421-ROSS-003279422 |
| Dollar Sys. v. O'Connor & Meyers, P.A., 883 So. 2d 295 | 307A+590.1 | Record activity sufficient to avoid dismissal for failure to prosecute is more than a mere passive effort to keep the suit on the court docket; it is any act reflected in the court file designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Is record activity sufficient to avoid dismissal for failure to prosecute more than a mere passive effort to keep the suit on the court docket? | Pretrial Procedure - Memo # 7108 - C - NC_57782.docx | ROSS-003280818 |
| Covington Cty. Bank v. Magee, 177 So. 3d 826 | 307A+624 | On a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. Rules Civ.Proc., Rule 12(b)(6). | Should the allegations in the complaint be taken as true on a motion to dismiss and that the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim? | Pretrial Procedure - Memo # 8903 - C - UG_60362.docx | ROSS-003281630-ROSS-003281631 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | "Is a motion in limine a procedural device that identifies, prior to trial, evidentiary rulings that a court may be asked to make?" | Pretrial Procedure - Memo # 833 - C - KA.docx | ROSS-003284018-ROSS-003284019 |
| Roe v. Unocal Corp., 70 F. Supp. 2d 1073 | 221+342 | Act of state doctrine embodies purely prudential concern that judicial inquiry into the validity of foreign nation's sovereign acts may interfere with executive and congressional foreign policy efforts. | Does the act of state doctrine embody purely prudential concern that judicial inquiry into the validity of a foreign nation's sovereign acts may interfere with executive and congressional foreign policy efforts? | International Law - Memo # 414 - C - MLS.docx | ROSS-003288865-ROSS-003288867 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal. App. 4th 1279 | 366+1 | "Subrogation" is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim; by undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant, the "subrogee" is equitably subrogated to the claimant, or "subrogor," and succeeds to the subrogor's rights against the obligor. | Is subrogation defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim? | Subrogation - Memo 288 - RM C.docx | ROSS-003297078-ROSS-003297080 |
| Ysasaga v. Nationwide Mut. Ins. Co., 279 S.W.3d 858 | 366+1 | Equitable, or legal, subrogation does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable, and which in equity should have been paid by the latter. | "Does equitable, or legal, subrogation depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable, and which in equity should have been paid by the latter?" | Subrogation - Memo 344 - NE.docx | ROSS-003299269-ROSS-003299271 |
| State Farm Gen. Ins. Co. v. Wells Fargo Bank, N.A., 143 Cal. App. 4th 1098 | 366+1 | "Subrogation" is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim; it provides a method of compelling the ultimate payment by one who in justice and good conscience ought to make it, putting the charge where it justly belongs. | Can subrogation be defined as the substitution of one person in the place of another with reference to a lawful claim or right? | Subrogation - Memo 179 - ANG C.docx | ROSS-003312507-ROSS-003312509 |
| Rupp v. Transcon. Ins. Co., 627 F. Supp. 2d 1304 | 366+1 | Under Utah law, "subrogation" is an equitable doctrine that allows a person or entity which pays the loss or satisfies the claim of another under a legally cognizable obligation or interest to step into the shoes of the other person and assert that person's rights. | Is subrogation an equitable doctrine that allows a person or entity which pays the loss or satisfies the claim of another under a legally cognizable obligation or interest to step into the shoes of the other person and assert that person's rights? | Subrogation - Memo 335 - RM C.docx | ROSS-003325834-ROSS-003325835 |
| Halas v. Dick's Sporting Goods, 105 A.D.3d 1411 | 307A+554 | Although the ultimate burden of proof rests with the party asserting jurisdiction, in opposition to a motion to dismiss for lack of personal jurisdiction, plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | "In opposition to a motion to dismiss for lack of personal jurisdiction, need a plaintiff only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court?" | Pretrial Procedure - Memo # 6191 - C - KG.docx | ROSS-003331782-ROSS-003331783 |
| Jones v. Halliburton Co., 583 F.3d 228 | 25T+143 | A two-step analysis is employed to determine whether a party may be compelled to arbitrate, under which, first, whether the party has agreed to arbitrate the dispute is examined, and this question itself is further subdivided, such that a court, to determine whether the party has agreed to arbitrate a dispute, must ask: (1) is there a valid agreement to arbitrate the claims, and (2) does the dispute in question fall within the scope of that arbitration agreement; if both questions are answered in the affirmative, the court then asks whether any federal statute or policy renders the claims nonarbitrable. | How do courts determine whether a party is compelled to arbitrate? | 003728.docx | LEGALEASE-00115707-LEGALEASE-00115708 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Frasher, 164 W. Va. 572 | 146+4 | In order to constitute the crime of embezzlement, it is necessary that there be a trust relationship imposed on the person charged and that he fall within the class of persons named by statute, that the property or thing claimed to have been embezzled or converted be property embraced by the statute, that it be the property of another person, that it come into the possession or be placed in the care of the defendant by virtue of his office, place, or employment, that his manner of dealing with the disposing of the property constitutes a fraudulent conversion and an appropriation to his own use, and that the conversion of the property to his own use be with the intent to deprive the owner thereof. Code, 61-3-20. | What is embezzlement? | Embezzlement- Memo 13 - VP.docx | LEGALEASE-00002103- LEGALEASE-00002104 |
| State v. Frasher, 164 W. Va. 572 | 146+4 | In order to constitute the crime of embezzlement, it is necessary that there be a trust relationship imposed on the person charged and that he fall within the class of persons named by statute, that the property or thing claimed to have been embezzled or converted be property embraced by the statute, that it be the property of another person, that it come into the possession or be placed in the care of the defendant by virtue of his office, place, or employment, that his manner of dealing with the disposing of the property constitutes a fraudulent conversion and an appropriation to his own use, and that the conversion of the property to his own use be with the intent to deprive the owner thereof. Code, 61-3-20. | What is embezzlement? | Embezzlement- Memo 13 - VP.docx | LEGALEASE-00002448- LEGALEASE-00002449 |
| Am. Min. Cong. v. U.S. E.P.A., 907 F.2d 1179 | 1.49E+19 | It is not court's role to second-guess scientific judgments of Environmental Protection Agency (EPA) and administrator may apply his expertise to draw conclusions from suspected, but not completely substantiated, relationships between facts, from trends among facts, from theoretical projections from imperfect data, from probative preliminary data not yet certifiable as fact, and the like. | Is it the role of the court to second-guess the scientific judgments of the Environmental Protection Agency (EPA)? | 005029.docx | LEGALEASE-00117215- LEGALEASE-00117216 |
| Williamson v. City of Hays, 275 Kan. 300 | 386+2 | In order to support an action in trespass, it must be established that the defendant intends to have foreign matter intrude upon another's land, or the defendant's act is done with knowledge that it will to a substantial certainty result in the entry of foreign matter. | "To constitute a trespass is it necessary that the defendant intends to have foreign matter intrude upon another's land, or that the defendant's act is done with the knowledge that it will to a substantial certainty will result in the entry of foreign matter to constitute a trespass action?" | 002322.docx | LEGALEASE-00119183- LEGALEASE-00119184 |
| Comber v. United States, 584 A.2d 26 | 203+750 | Unlike circumstances of justification or excuse, legally recognized mitigating factors do not constitute total defense to murder charge but they may serve to reduce the degree of criminality of a homicide which was otherwise committed with an intent to kill, an intent to injure, or in conscious and wanton disregard of life. | Do legally recognized mitigating factors constitute a total defense to a murder charge? | 002870.docx | LEGALEASE-00119775- LEGALEASE-00119776 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Poindexter v. Atchison, Topeka & Santa Fe Ry. Co., 914 F. Supp. 454 | 231H+1524 | RLA establishes mandatory arbitral mechanism for prompt and orderly settlement of two classes of disputes, which are "major disputes" concerning rates of pay, rules or working conditions, and "minor disputes" growing out of grievances or out of interpretation or application of collective bargaining agreements (CBA) covering rates of pay, rules, or working conditions. Railway Labor Act, S 2, 45 U.S.C.A. S 151a. | What are the two mandatory arbitral mechanisms established by the Railway Labor Act (RLA)? | 00792.docx | LEGALEASE-00081568-LEGALEASE-00081570 |
| Grega v. Pettengill, 123 F. Supp. 3d 517 | 249+24(1) | Under Vermont law, mere fact that a criminal tribunal found probable cause normally provides a presumption that probable cause existed in the context of a subsequent malicious prosecution claim; that presumption may be rebutted only by evidence that the probable cause finding was procured by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith. | How can the presumption of probable cause in a subsequent malicious prosecution claim be rebutted? | 002930.docx | LEGALEASE-00119830-LEGALEASE-00119831 |
| Sheffield v. Cantwell, 101 F.2d 351 | 249+24(4) | Under Illinois law, conviction is prima facie evidence of existence of probable cause for prosecution, and complete defense to suit for malicious prosecution unless such prima facie showing is overcome by evidence that conviction was obtained by false testimony, fraud, corrupt practices or unlawful or unjustifiable means on part of one procuring the conviction. | When can one rebut that the conviction is prima facie evidence of probable cause in a malicious prosecution? | 002934.docx | LEGALEASE-00119840-LEGALEASE-00119841 |
| Grega v. Pettengill, 123 F. Supp. 3d 517 | 249+24(1) | Under Vermont law, mere fact that a criminal tribunal found probable cause normally provides a presumption that probable cause existed in the context of a subsequent malicious prosecution claim; that presumption may be rebutted only by evidence that the probable cause finding was procured by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith. | QuestionHow can the presumption of probable cause in a subsequent malicious prosecution claim be rebutted? | Malicious Prosecution - Memo 63 - JS.docx | LEGALEASE-00009547-LEGALEASE-00009548 |
| State v. Doucette, 147 Conn. 95 | 110+413.93 | Although confession is evidence tending to prove both fact that crime charged was committed by someone, that is, the corpus delicti, and defendant's agency therein, it is not sufficient of itself to prove former, and without evidence aliunde of facts also tending to prove corpus delicti it is not enough to warrant conviction, and there must be extrinsic corroborative evidence as will when taken in connection with confession establish corpus delicti in mind of trier beyond a reasonable doubt. | "In a prosecution, is the state required to prove defendant's agency?" | Incest - Memo 83 - RK.docx | LEGALEASE-00009756-LEGALEASE-00009758 |
| Dodge v. Kistler, 140 Fla. 209 | 366+1 | "Legal subrogation" is the substitution of one person in the place of another with reference to a lawful claim or right, and it arises by operation of law where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. | Is subrogation the substitution of one person in place of another with reference to a lawful claim or right? | Subrogation - Memo 114 - VP C.docx | ROSS-003308737-ROSS-003308739 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | Under Alabama law, the elements of equitable subrogation are expressed as follows: (1) the money is advanced at the instance of the debtor in order to extinguish a prior encumbrance, (2) the money is used for that purpose with the just expectation on the part of the lender for obtaining security of equal dignity with the prior encumbrance, (3) the whole debt must be paid before subrogation can be enforced, (4) the lender must be ignorant of intervening lien(s), and (5) the intervening lienor(s) must not be burdened or embarrassed. | What are the elements of equitable subrogation? | Subrogation - Memo # 442 - C - NO.docx | ROSS-003325177-ROSS-003325178 |
| Bankers Tr. Co. v. Hardy, 281 Ga. 561 | 366+1 | Subrogation is the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor; it is of equitable origin, being founded upon the dictates of refined justice, and its basis is the doing of complete, essential, and perfect justice between the parties, and its object is the prevention of injustice. | "Is subrogation the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor?" | 043706.docx | LEGALEASE-00121369-LEGALEASE-00121371 |
| Levy v. HLI Operating Co., 924 A.2d 210 | 366+33(1) | Subrogation differs from contribution because its operation rests on concepts of primary and secondary liability among obligors; thus, it acts to place an entire loss, not just a portion, on another party. | "Does subrogation differ from contribution because its operation rests on concepts of primary and secondary liability among obligors and acts to place an entire loss, not just a portion, on another party?" | 043876.docx | LEGALEASE-00121455-LEGALEASE-00121456 |
| Sikhs for Justice v. Nath, 893 F. Supp. 2d 598 | 221+342 | Under the act of state doctrine, the courts of one state will not question the validity of public acts, acts jure imperii, performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts. | "Under the act of state doctrine, will the courts of one state question the validity of public acts, performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing?" | 019735.docx | LEGALEASE-00123807-LEGALEASE-00123808 |
| United States v. Sum of $70,990,605, 991 F. Supp. 2d 154 | 221+342 | Even if the domestic court's factual findings must necessarily cast doubt upon the validity of the foreign sovereign's acts, the act of state doctrine is inapplicable if the foreign act of state does not need to be invalidated. | "Even if the domestic court's factual findings must necessarily cast doubt upon the validity of the foreign sovereign's acts, is the act of state doctrine inapplicable if the foreign act of state does not need to be invalidated?" | International Law - Memo # 87 - C - LK.docx | ROSS-003283800-ROSS-003283801 |
| Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "Is every sovereign state bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" | 019894.docx | LEGALEASE-00122676-LEGALEASE-00122677 |
| Jovic v. L-3 Servs., 69 F. Supp. 3d 750 | 221+342 | Courts typically consider three factors in determining whether the act of state doctrine applies: (1) the degree of international consensus regarding the acts of the foreign government challenged by the suit; (2) the implications of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. | What factors do courts consider in determining whether the act of state doctrine applies? | International Law - Memo # 135 - C - SA.docx | ROSS-003311643-ROSS-003311645 |
| Rapture Shipping, Ltd. v. Allround Fuel Trading B.V., 350 F. Supp. 2d 369 | 221+342 | Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Under the principles of international comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries?" | International Law - Memo # 222 - C - MLS.docx | ROSS-003298579-ROSS-003298580 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kaplan v. Cent. Bank of Islamic Republic of Iran, 961 F. Supp. 2d 185 | 221+342 | Act of state issues only arise when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign; when it applies, the doctrine serves as a rule of decision for the courts of the United States, which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions. | Does an act of state issue only arise when a court must decide the effect of official action by a foreign sovereign? | International Law - Memo # 242 - C - CRB.docx | ROSS-003300592-ROSS-003300594 |
| Faysound Ltd. v. Walter Fuller Aircraft Sales, 748 F. Supp. 1365 | 221+342 | To qualify as act of state, it is necessary to prove that act occurred as result of considered policy determination by government to give effect to its political and public interest, matters that would have significant impact on American foreign relations. | "To qualify as an act of state, is it necessary to prove that the act occurred as a result of a considered policy determination by a government to give effect to its political and public interest?" | International Law - Memo # 372 - MC.docx | ROSS-003284239-ROSS-003284240 |
| Chiminya Tachiona v. Mugabe, 216 F. Supp. 2d 262 | 221+151 | Judicial deference accorded to United States Department of State's Suggestions of Immunity on behalf of heads-of-state extends to honor its determinations concerning which particular foreign ruler is recognized head-of-state and what acts of his are strictly governmental and thereby entitle official to claim personal immunity from territorial jurisdiction. | What does a judicial deference accorded to United States Department of State's Suggestions of Immunity on behalf of heads-of-state extend to? | 020298.docx | LEGALEASE-00123709-LEGALEASE-00123710 |
| United States v. Rasheed, 802 F. Supp. 312 | 221+391 | In order to be constitutionally applied, statute punishing conduct outside United States territory must clearly indicate intent to give statute extraterritorial effect and must not violate due process. U.S.C.A. Const.Amend. 5. | "In order to be constitutionally applied, must a statute punishing conduct outside United States territory clearly indicate an intent to give statute extraterritorial effect and must not violate due process?" | 020612.docx | LEGALEASE-00123979-LEGALEASE-00123980 |
| In re Estate of Cullen, 118 Ohio App. 3d 256 | 307A+3 | Motion in limine, if granted, is interlocutory ruling by the trial court reflecting its anticipatory treatment of evidentiary issue; accordingly, party who has been temporarily restricted from introducing evidence must seek to introduce it at trial in order to enable court to make final determination as to its admissibility and to preserve any objection on record. | Must a party who has been temporarily restricted from introducing evidence must seek to introduce it at trial in order to enable court to make final determination as to its admissibility and to preserve any objection on record? | Pretrial Procedure - Memo # 519 - C - CK.docx | ROSS-003315046-ROSS-003315047 |
| Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | "Act of state doctrine" prohibits the United States courts from reaching the merits of an issue in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with foreign policy. | Does the act of state doctrine prohibit the United States courts from reaching the merits of an issue in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with foreign policy? | International Law - Memo # 288 - C - SS.docx | ROSS-003282471-ROSS-003282472 |
| MMA Consultants 1 v. Republic of Peru, 245 F. Supp. 3d 486 | 221+342 | The act of state doctrine confers presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts; its applicability depends, in part, on whether judicial examination of the sovereign's act would embarrass or hinder the executive in the realm of foreign relations. | Does the act of state doctrine operate to confer presumptive validity on certain acts of foreign sovereigns by rendering no justiciable claims that challenge such acts? | 020351.docx | LEGALEASE-00124493-LEGALEASE-00124494 |
| Jovic v. L-3 Servs., 69 F. Supp. 3d 750 | 221+342 | Courts typically consider three factors in determining whether the act of state doctrine applies: (1) the degree of international consensus regarding the acts of the foreign government challenged by the suit; (2) the implications of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. | What are the factors to consider in determining whether the acts of state doctrine bars suit against foreign state? | 020409.docx | LEGALEASE-00125393-LEGALEASE-00125394 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Siderman de Blake v. Republic of Argentina, 965 F.2d 699 | 221+342 | "Act of state doctrine" is not a jurisdictional limit on courts, but reflects prudential concern that the courts, if they question the validity of sovereign acts by foreign states, may be interfering with the conduct of American foreign policy by the Executive and Congress; doctrine does not bar action for lack of subject matter jurisdiction but for failure to state claim on which relief can be granted. Fed.Rules Civ.Proc.Rule 12(b)(1, 6), 28 U.S.C.A. | "Is the act of state doctrine not a jurisdictional limit on courts, but a reflection of a prudential concern that the courts may be interfering with the conduct of American foreign policy by the Executive and Congress?" | 020416.docx | LEGALEASE-00124777-LEGALEASE-00124778 |
| Chisholm & Co. v. Bank of Jamaica, 643 F. Supp. 1393 | 221+342 | Act of state doctrine requires that court, after exercising jurisdiction, nevertheless decline to decide merits of case if in doing so it would be required to judge validity of public acts of sovereign state performed within its own territory. | Does the act of state doctrine require that a court declines to decide the merits of a case if in doing so it would be required to judge validity of public acts of sovereign state performed within its own territory? | 020561.docx | LEGALEASE-00124434-LEGALEASE-00124435 |
| Rossman v. Morasco, 115 Conn. App. 234 | 307A+3 | The motion in limine has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial. | Has the motion in limine generally been used in courts to invoke a trial judge's inherent discretionary powers to exclude evidence at trial? | Pretrial Procedure - Memo # 594 - C - SSB.docx | ROSS-003283383-ROSS-003283385 |
| Vaughan v. Greater Huntington Park & Recreation Dist., 223 W. Va. 583 | 307A+3 | A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of the offer of the evidence in order to prevent the jury from being exposed to inadmissible evidence. | Is a motion in limine a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issues evidence to prevent the jury from being exposed to inadmissible evidence? | Pretrial Procedure - Memo # 630 - C - SSB.docx | ROSS-003323505-ROSS-003323506 |
| Riverside Methodist Hosp. Ass'n of Ohio v. Guthrie, 3 Ohio App. 3d 308 | 307A+3 | Motion in limine may be used as equivalent of motion to suppress evidence, which is either not competent or improper because of some unusual circumstances, and as means of raising objection to area of inquiry to prevent prejudicial questions and statements until admissibility of questionable evidence can be determined during course of trial. | Is a motion in limine a means of preventing prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial? | 030090.docx | LEGALEASE-00124717-LEGALEASE-00124718 |
| Chase v. Ameriquest Mortg. Co., 155 N.H. 19 | 366+1 | The purpose behind subrogation is to place the responsibility where it ultimately should rest by compelling payment by the one who in good conscience ought to pay it; it also prevents individuals from recouping a windfall. | Is the purpose behind subrogation to place the responsibility where it ultimately should rest by compelling payment by the one who in good conscience ought to pay it and to prevent individuals from recouping a windfall? | Subrogation - Memo # 419 - C - SA.docx | ROSS-003323758-ROSS-003323759 |
| Jorge v. Travelers Indem. Co., 947 F. Supp. 150 | 366+1 | Generally, subrogation applies where party, not acting voluntarily but under some compulsion, pays debt or discharges obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter. | "Does subrogation apply where a party not acting voluntarily, but under some compulsion, pays a debt or discharges an obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter?" | 044370.docx | LEGALEASE-00125519-LEGALEASE-00125520 |
| Dep't of Navy v. Egan, 484 U.S. 518 | 393+1303 | Authority of the President to classify and control access to information bearing on national security, and to determine whether an individual is sufficiently trustworthy to occupy a position in the executive branch that will give him access to that type of information, flows primarily from the constitutional investment of power in the President to serve as Commander in Chief and exists apart from any explicit congressional grant. U.S.C.A. Const. Art. 2, S 2, cl. 1. | What is the constitutional premise for the President's oversight of national security information? | 008365.docx | LEGALEASE-00128101-LEGALEASE-00128102 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Guy v. Du Uprey, 16 Cal. 195 | 366+35 | A mere stranger, who voluntarily pays off a mortgage, but who fails to take an assignment and allows the mortgage to be canceled and discharged, cannot afterward come into equity, and in the absence of fraud, accident, or mistake, have the mortgage reinstated and himself substituted in the place of the mortgagee. | "Can a mere stranger, who voluntarily pays off a mortgage, but who fails to take an assignment and allows the mortgage to be canceled and discharged, have the mortgage reinstated and himself substituted in the place of the mortgagee?" | 043397.docx | LEGALEASE-00127950-LEGALEASE-00127951 |
| Estate of Underwood v. Nat'l Credit Union Admin., 665 A.2d 621 | 413+2084 | Workers' Compensation Act makes employer liable without fault if employee's occupational injury or death falls within scope of Act, but as quid pro quo for automatic liability, Act provides employee's exclusive remedy against employer for injuries within its reach. D.C.Code 1981, S 36-304(a). | Does the workers compensation act make employers liable without fault if an employees occupational injury or death falls within the scope of the act? | 048479.docx | LEGALEASE-00127402-LEGALEASE-00127403 |
| Irrigation & Indus. Dev. Corp. v. Indag S. A., 75 Misc. 2d 66 | 307A+501 | Rule limiting the kinds of pleadings cannot be construed to prevent court from considering motion for summary judgment in lieu of complaint as equivalent to a complaint and the papers in opposition as a responsive pleading, for purpose of terminating right to unilateral discontinuance without an order. CPLR 3011, 3213, 3217(a), par. 1. | Can a rule limiting the kinds of pleadings be construed to prevent a court from considering a motion for a summary judgment in lieu of a complaint? | Pretrial Procedure - Memo # 1034 - C - KI.docx | ROSS-003287645-ROSS-003287647 |
| White v. S. Cal. Edison Co., 25 Cal. App. 4th 442 | 317A+114 | Exception to general duty rule applicable to public utility exists in case of interruption of service or failure to provide service; in absence of contract between utility and consumer expressly providing for furnishing of service for specific purpose, public utility owes no duty to person injured as result of interruption of service or failure to provide service. West's Ann.Cal.Civ.Code S 1714. | Does a public utility owe a duty to a person injured as a result of an interruption of service or a failure to provide service in the absence of contract? | Public Utilities - Memo 263 - AM_66835.docx | ROSS-003278766-ROSS-003278768 |
| Wilson v. McNeely, 302 Ga. App. 213 | 307A+746 | The trial court must have the power to impose appropriate sanctions to make effective its pre-trial orders; contempt may at times be proper, whereas, in an extreme case, the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, although these remedies are too drastic if less harsh sanctions are appropriate. | Is it within the power of the court to impose appropriate sanctions to make effective its pretrial orders? | 026667.docx | LEGALEASE-00130473-LEGALEASE-00130474 |
| Gadd v. McGuire, 69 Cal. App. 347 | 371+2076 | Determination of elements entering into imposition of tax, including selection of property to be taxed, determination of basis for measurement of tax, and definition of purpose for which levied, is legislative function, while steps taken for assessment and collection, such as valuation of property pursuant to fixed rules, extension, assessment, and collection of taxes, and details of computation, appraisement, and adjustment, are mere machinery, delegable to other than governmental agencies. | Does every system of taxation consist of a legislative function and machinery delegable to other than governmental agencies? | Taxation - Memo # 93 - C - SU.docx | ROSS-003288322-ROSS-003288323 |
| Shulas v. Estabrook, 385 N.J. Super 91 | 307A+517.1 | A motion based on rule regarding voluntary dismissal of a complaint involves three sequential inquiries: (1) whether the matter should be dismissed without prejudice; (2) if so, whether terms should be imposed; and (3) if so, what terms will alleviate any prejudice to the defendant and prevent injury to the efficient administration of justice generated by the ensuing delay and duplication of effort. R. 4:37-1(b). | Does a motion based on rule regarding voluntary dismissal of a complaint involve three sequential inquiries? | 027678.docx | LEGALEASE-00132329-LEGALEASE-00132330 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gogri v. Jack In The Box Inc., 166 Cal. App. 4th 255 | 307A+517.1 | Voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees. West's Ann.Cal.C.C.P. S 581. | "Does a voluntary dismissal of an entire action deprive the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and attorney fees?" | Pretrial Procedure - Memo # 2364 - C - VP.docx | ROSS-003301696-ROSS-003301697 |
| United States v. Head, 641 F.2d 174 | 63+14 | Defendant's proposed instructions regarding campaign contributions, which may have misled jury into believing anything denominated a "campaign contribution" could not constitute a bribe, was not erroneously refused; however, upon retrial, defendant would be entitled, upon proper request, to an instruction accurately stating distinction between lawful goodwill expenditures and bribes made with criminal intent that the benefit be received by the official as a quid pro quo for some official act. | In a bribery case is a defendant entitled to a jury instruction stating the distinction between lawful goodwill expenditures and bribes made with criminal intent? | 011422.docx | LEGALEASE-00133350-LEGALEASE-00133351 |
| Alaska Airlines v. Sweat, 568 P.2d 916 | 307A+747.1 | Whether a rebuttal witness should be included on a pretrial witness list in the absence of specific provision in the pretrial order should be dependent on whether the testimony sought to be rebutted could reasonably have been anticipated prior to trial. | Should the question of whether a rebuttal witness should be included on a pretrial witness list in the absence of specific provision in the pretrial order be dependent on whether the testimony sought to be rebutted could reasonably have been anticipated prior to trial? | 027091.docx | LEGALEASE-00132840-LEGALEASE-00132841 |
| In re Sewell, 472 S.W.3d 449 | 307A+486 | Although a party moving to withdraw admissions ordinarily must prove the requirements of rule allowing for withdrawal when the deemed admissions are merit-preclusive, good cause for withdrawal exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal. Tex. R. Civ. P. 198.3. | "When the deemed admissions are merit-preclusive, does good cause for withdrawal exist absent bad faith or callous disregard of the rules by the party seeking the withdrawal?" | 027611.docx | LEGALEASE-00132804-LEGALEASE-00132805 |
| Sampson v. Hunt, 233 Kan. 572 | 307A+749.1 | When pretrial order is entered by trial court pursuant to rule, it has full force and effect of other orders of court and controls subsequent course of trial unless modified to prevent manifest injustice. Rules Civ.Proc., K.S.A. 60-216. | "When pretrial order is entered by trial court pursuant to rule, does it have the full force and effect of other orders of court and controls subsequent course of trial unless modified to prevent manifest injustice?" | Pretrial Procedure - Memo # 2438 - C - VA.docx | ROSS-003301521-ROSS-003301522 |
| Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 308 | 307A+486 | Prejudice contemplated under rule providing defense against withdrawal of deemed admissions on a showing of prejudice against the opponent of the withdrawal relates to the difficulty a party may face in proving its case because it suddenly needs to obtain evidence to prove a matter that had been deemed admitted. Trial Procedure Rule 36(B). | Does the prejudice contemplated under rule governing withdrawals of admissions relates to the difficulty a party may face in proving its case because it suddenly needs to obtain evidence to prove a matter that had been deemed admitted? | 028183.docx | LEGALEASE-00133018-LEGALEASE-00133019 |
| Polansky v. Berenji, 393 S.W.3d 362 | 307A+517.1 | Although rule regarding nonsuits allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after a nonsuit is filed, the rule does not forestall the nonsuit's effect of rendering the merits of the case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Do the civil procedure rule governing nonsuits permit the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power?" | 028637.docx | LEGALEASE-00133078-LEGALEASE-00133079 |
| Tobkin v. State, 777 So. 2d 1160 | 307A+517.1 | A voluntary dismissal does not divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues such as unresolved contempt of court matters. | "Does a voluntary dismissal divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues such as unresolved contempt of court matters?" | 028443.docx | LEGALEASE-00134456-LEGALEASE-00134457 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| N. River Ins. Co. of New Jersey v. Greene, 824 S.W.2d 697 | 307A+476 | In deciding whether failure to timely answer requests for admissions was result of accident or mistake, controlling issue is absence of purposeful or bad faith failure to answer which requires conscious indifference; consequently, even slight excuse will suffice, especially where delay or prejudice will not result against opposing party. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Will even a slight excuse suffice as a good cause to withdraw or amend an admission, especially when delay or prejudice to the opposing party will not result?" | 028783.docx | LEGALEASE-00134603-LEGALEASE-00134604 |
| Graco Robotics v. Oaklawn Motor, 914 S.W.2d 633 | 307A+486 | Court may permit withdrawal of deemed admissions on showing of good cause if it finds that party relying on deemed admissions will not be unduly prejudiced and that presentation of merits of action will be subserved thereby. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | Can a court permit withdrawal of deemed admissions on showing of good cause if it finds that party relying on deemed admissions will not be unduly prejudiced and that presentation of merits of action will be subserved thereby? | 028852.docx | LEGALEASE-00134523-LEGALEASE-00134524 |
| Gen. Motors Corp., Chevrolet Motor Div. v. Aetna Cas. & Sur. Co., 573 N.E.2d 885 | 307A+486 | Rule permitting withdrawal or amendment of deemed admissions does not compel trial court to grant withdrawal or amendment, even if withdrawal or amendment would subserve presentation of merits and prejudice in maintaining action or defense will not result to party obtaining the admission. Trial Procedure Rules 36, 36(B). | "Does the rule permitting withdrawal or amendment of deemed admissions compel a trial court to grant withdrawal or amendment, even if withdrawal or amendment would subserve presentation of merits and prejudice in maintaining action or defense will not result to party obtaining the admission?" | 028932.docx | LEGALEASE-00134341-LEGALEASE-00134342 |
| Langeland v. Monarch Motors, 952 P.2d 1058 | 307A+486 | To show that a presentation of the merits of an action would be served by amendment or withdrawal of an admission made in response to request for admissions, party seeking amendment or withdrawal must (1) show that the matters deemed admitted against it are relevant to the merits of the underlying cause of action, and (2) introduce some evidence by affidavit or otherwise of specific facts indicating that the matters deemed admitted against it are in fact untrue; such party's own unsworn denial of the matters admitted against it is not sufficient. | What should a party seeking amendment or withdrawal show to prove that presentation of the merits of an action would be served by amendment or withdrawal of an admission? | 028973.docx | LEGALEASE-00134711-LEGALEASE-00134712 |
| Shaheen v. Cty. Of Mathews, 265 Va. 462 | 307A+486 | A trial court's discretion to permit withdrawal or amendment of matters admitted pursuant to requests for admissions must be exercised within certain parameters: (1) when the presentation of the merits of the action will be subserved thereby, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Sup.Ct.Rules, Rule 4:11(b). | What are the parameters under which a trial court's discretion to permit withdrawal or amendment of matters admitted pursuant to requests for admissions be exercised? | 029000.docx | LEGALEASE-00133992-LEGALEASE-00133993 |
| In re Dissolution of Marriage of Leverock & Hamby, 23 So. 3d 424 | 307A+483 | A judge does not have the discretion to deem a matter admitted, because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate; the trial court, may, however, permit withdrawal or amendment of the admission. Rules Civ.Proc., Rule 36. | "Does a judge not have the discretion to deem a matter admitted, because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate?" | 029943.docx | LEGALEASE-00134534-LEGALEASE-00134536 |
| F. W. Stone Eng'g Co. v. Petroleos Mexicanos of Mexico, D. F., 352 Pa. 12 | 221+479 | When State Department makes known its determination as to political matters incidental to relations with a friendly foreign state, courts must abide by status so indicated and refrain from making independent inquiries into merit of such determination or from taking steps that might embarrass government in its foreign relations. | "When a department of state makes its determination with respect to political matters growing out of or incidental to our Governments relations with a foreign state, is it the courts duty to refrain from embarrassing the government in the handling or of its foreign relations?" | 020714.docx | LEGALEASE-00135630-LEGALEASE-00135631 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Zapanta v. Universal Care, 107 Cal. App. 4th 1167 | 307A+517.1 | Exceptions to a plaintiff's right to dismiss action before commencement of trial generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication; upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action, except for matters such as attorney fees. West's Ann.Cal.C.C.P. S 581. | Do exceptions to a plaintiff's right to dismiss action before commencement of a trial generally arise where the action has proceeded to a determinative adjudication? | 028556.docx | LEGALEASE-00135330-LEGALEASE-00135331 |
| Brochtrup v. Intep, 190 Cal. App. 3d 323 | 307A+483 | Where party served with request for admissions fails to respond within 30 days, propounding party may serve nonresponsive party with notice that genuineness of documents or truth of facts alleged is deemed admitted; nonresponsive party then has 30 days to move for relief from default. West's Ann.Cal.C.C.P. SS 473, 2033. | "Where a party served with request for admissions fails to respond within 30 days, can the propounding party serve the nonresponsive party with a notice that genuineness of documents or truth of facts alleged is deemed admitted?" | 029646.docx | LEGALEASE-00135180-LEGALEASE-00135181 |
| State ex rel. State Corp. Comm'n v. Old Abe Co., 43 N.M. 367 | 371+2001 | A mere declaration contained in a statute that it shall be regarded as a tax of a particular character does not make it such if it is apparent that it cannot be so designated consistently with meaning and effect of act, but declaration of lawmaking power is entitled to much weight. | Does a mere declaration contained in a statute that it shall be regarded as a tax of a particular character make it such if it is apparent that it cannot be so designated consistently with the meaning and effect of the act? | 045255.docx | LEGALEASE-00135113-LEGALEASE-00135114 |
| K.H. v. Jefferson Cty. Dep't of Human Res., 106 So. 3d 420 | 388+21 | The constitutional right to counsel in a civil matter is not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case. U.S.C.A. Const.Amend. 6. | "Is the constitutional right to counsel in a civil matter not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case?" | Pretrial Procedure - Memo # 3421 - C - PC.docx | ROSS-003290441-ROSS-003290442 |
| Friedman v. Knecht, 248 Cal. App. 2d 455 | 307A+725 | Although penal code requires motions for continuance to be made upon affirmative proof in open court and code of civil procedure specifies that such motions, when based on absence of evidence, be made on affidavits, they are quite commonly heard on oral representations by counsel, and matters germane to court's ruling range all the way from the health of witnesses to the true significance of religious holidays. West's Ann.Pen.Code, S 1050; West's Ann.Code Civ.Proc. S 595.4. | Does law require motions for continuance to be made upon affirmative proof in open court? | 031466.docx | LEGALEASE-00137043-LEGALEASE-00137044 |
| People v. Alvino, 71 N.Y.2d 233 | 63+1(1) | Before a public servant may be convicted of bribe receiving in the second degree, there must be proof of a corrupt agreement, and State must establish that defendant solicited, accepted or agreed to accept a benefit upon an agreement or understanding that his conduct would be influenced by that benefit. McKinney's Penal Law S 200.10 (now S 200.11). | What must be proved in order to establish that a public servant was involved in a corrupt agreement for purposes of a conviction of bribe receiving in the second degree? | Bribery - Memo #529 - C - LB.docx | ROSS-003303646-ROSS-003303648 |
| Read v. Harvey, 147 Idaho 364 | 307A+485 | Rule that party requesting admissions may apply to court for order requiring the other party to pay reasonable expenses incurred in making that proof, including reasonable attorney fees, is mandatory unless exception applies, and whether the exception applies is committed to the sound discretion of the district court. Rules Civ.Proc., Rule 37(c). | "Is the rule that party requesting admissions may apply to court for order requiring the other party to pay reasonable expenses incurred in making that proof, including reasonable attorney fees, mandatory?" | 030151.docx | LEGALEASE-00137290-LEGALEASE-00137291 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Raulerson v. Finney, 280 So. 2d 484 | 307A+331 | While rules relating to discovery provide for request and opportunity to respond, they obviously do not call for unqualified production of every statement without regard to need, and purpose of rule may be best accomplished by following prescribed procedure. 30 F.S.A. Rules of Civil Procedure, rules 1.280, 1.350(a, b). | "While rules relating to discovery provide for request and opportunity to respond, do they obviously not call for unqualified production of every statement without regard to need?" | 030319.docx | LEGALEASE-00137481-LEGALEASE-00137482 |
| Estate of Despain v. Avante Grp., 900 So. 2d 637 | 115+151 | Although the punitive damages pleading statute is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. F.S.1999, S 768.72. | "Although the punitive damages pleading statute is procedural in nature, does it also provide a substantive right to parties not to be subjected to a punitive damages claim?" | 031248.docx | LEGALEASE-00137201-LEGALEASE-00137202 |
| City of Ashland v. Ashland Salvage, 271 Neb. 362 | 307A+486 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | "Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission?" | Pretrial Procedure - Memo # 4705 - C - AP.docx | ROSS-003332181-ROSS-003332182 |
| Patton Boggs LLP v. Moseley, 394 S.W.3d 565 | 307A+122 | If a petitioner requests a pre-suit deposition to investigate a potential claim, the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure, if the trial court has not found that allowing the requested deposition may prevent a failure or delay of justice in an anticipated suit. Vernon's Ann.Texas Rules Civ.Proc., Rules 202.1(b), 202.4(a)(1, 2). | "When the petitioner requests a deposition to investigate a potential claim, should the trial court find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure?" | 031411.docx | LEGALEASE-00137672-LEGALEASE-00137673 |
| Wagner v. Carex Investigations & Sec. Inc., 93 Nev. 627 | 307A+483 | Matters deemed admitted as result of failure to serve timely answers or objections to requests for admissions may properly serve as basis for summary judgment against party who has failed to serve timely response and relief from motion to vacate summary judgment is discretionary with district court. NRCP 36(a, b). | Can the matters deemed admitted as result of failure to serve timely answers or objections to requests for admissions properly serve as a basis for a summary judgment against a party who has failed to serve timely response and relief? | Pretrial Procedure - Memo # 4735 - C - AP.docx | ROSS-003291111-ROSS-003291112 |
| Ferraro v. Zurcher, 12 N.J. Super. 231 | 413+771 | The compensation act provides social insurance in common interest as well as interest of workmen, and does not sanction punishment of exaggeration or misrepresentations by denial of proper compensations for disability otherwise sustained by proofs. | "Does the compensation act provide social insurance in common interest as well as the interest of workmen, and does it sanction punishment of exaggeration or misrepresentations by denial of proper compensations for disability otherwise sustained by proofs?" | 047926.docx | LEGALEASE-00137235-LEGALEASE-00137237 |
| Trachtenberg v. Failedmessiah.com, 43 F. Supp. 3d 198 | 307A+36.1 | If a plaintiff makes a sufficient start toward meeting her jurisdictional burden, a court has discretion to grant her limited jurisdictional discovery to prove other contacts and activities of the defendant in New York as might confer jurisdiction. N.Y.McKinney's CPLR 3211(d). | "If a plaintiff makes a sufficient start toward meeting her jurisdictional burden, does a court have discretion to grant her limited jurisdictional discovery to prove other contacts?" | Pretrial Procedure - Memo # 4507 - C - DHA.docx | ROSS-003291058-ROSS-003291060 |
| Loveall v. Am. Honda Motor Co., 694 S.W.2d 937 | 307A+36.1 | Showing good cause to protect confidential commercial information from discovery requires showing that disclosure would result in a clearly defined and very serious injury to the disclosing company's business or great competitive disadvantage and irreparable harm. Rules Civ.Proc., Rule 26.03; Fed.Rules Civ.Proc.Rule 26(c), 28 U.S.C.A. | Does showing of good cause to protect confidential commercial information requires a showing that disclosure will result in a clearly defined and very serious injury to the company business? | 031625.docx | LEGALEASE-00138397-LEGALEASE-00138398 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Randall Elec. v. State, 150 A.D.2d 875 | 307A+36.1 | Actions taken and observations made for stated purpose of arriving at settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in mutual attempt to reach settlement, should generally be protected from discovery by public policy encouraging attempts at settlement. | Are actions taken in observations made for stated purpose of arriving at a settlement agreement subject to discovery when actions would not have been accomplished except in a neutral attempt to reach a settlement? | Pretrial Procedure - Memo # 5081 - C - ES.docx | ROSS-003317872-ROSS-003317873 |
| Kaynar Mfg. Co. v. Superior Court In & For Los Angeles Cty., 141 Cal. App. 2d 547 | 307A+403 | In order that a party to an action may, pursuant to Code of Civil Procedure section, have right to inspect books of account or documents, he must (1) show that person against whom the order is sought has the writings to be inspected in his possession or under his control; (2) identify writings desired; and (3) clearly show that they contain competent and admissible evidence which is material to the issues to be tried. West's Ann.Code Civ.Proc. S 1000. | "In order to be entitled for an inspection of documents, should it be shown that they are in the possession of the adverse party?" | 027288.docx | LEGALEASE-00139233-LEGALEASE-00139234 |
| Moseley v. Behringer, 184 S.W.3d 829 | 307A+508 | The granting of a nonsuit is a ministerial act; plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless defendant has, prior to that time, filed pleadings seeking affirmative relief, and, thus, trial court has no discretion but to grant the nonsuit unless defendant has previously sought affirmative relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a plaintiff's right to dismiss the suit exist from the moment a written motion is filed or an oral motion is made in open court? | Pretrial Procedure - Memo # 5213 - C - NC.docx | LEGALEASE-00029087-LEGALEASE-00029088 |
| Fight Against Brownsburg Annexation v. Town of Brownsburg, 32 N.E.3d 798 | 307A+554 | If facts before trial court on motion to dismiss for lack of subject matter jurisdiction are not in dispute, then question of subject matter jurisdiction is purely one of law; under those circumstances, no deference is afforded trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. Trial Procedure Rule 12(B)(1). | "f facts before trial court on motion to dismiss for lack of subject matter jurisdiction are not in dispute, then is the question of subject matter jurisdiction purely one of law?" | Pretrial Procedure - Memo # 5605 - C - BP.docx | LEGALEASE-00029464-LEGALEASE-00029465 |
| Lewis v. Clarke, 320 Conn. 706 | 307A+554 | If the trial court decides the motion to dismiss for lack of subject matter jurisdiction on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light; a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Practice Book 1998, S 10-31(a)(1). | "If the trial court decides the motion to dismiss for lack of subject matter jurisdiction on the basis of the complaint alone, must it consider the allegations of the complaint in their most favorable light?" | 032799.docx | LEGALEASE-00139683-LEGALEASE-00139684 |
| Grudt v. City of Los Angeles, 2 Cal. 3d 575 | 307A+749.1 | When filed, pretrial conference order becomes part of the record in the case, and, even though inconsistent with the pleadings, controls subsequent course of the case, unless modified at or before trial to prevent manifest injustice. Cal.Rules of Court, rule 216. | "Does pretrial conference order become a part of a case, even though inconsistent with the pleadings, and control a subsequent course of the case, unless modified at or before trial?" | 027926.docx | LEGALEASE-00140121-LEGALEASE-00140122 |
| Koken v. One Beacon Ins. Co., 911 A.2d 1021 | 307A+36.1 | To obtain discovery in support of a claim of selective prosecution by an agency, evidence tending to show the existence of the essential elements of the defense, "discriminatory effect" and "discriminatory intent," must be produced. | "To obtain discovery in support of a claim of selective prosecution by an agency, must evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent, be produced?" | 032735.docx | LEGALEASE-00139695-LEGALEASE-00139696 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Whitcraft v. Runyon, 123 A.D.3d 811 | 307A+554 | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | "To defeat a motion to dismiss a complaint, should a plaintiff make a prima facie showing that the defendant is subject to personal jurisdiction of a court?" | 033388.docx | LEGALEASE-00140700-LEGALEASE-00140701 |
| Salazar v. Scotts Bluff County, 665 N.W.2d 659 | 307A+485 | Once the party making a motion for sanctions under discovery rule, which allows a party to recover expenses associated with proving the genuineness of a matter which a party failed to admit to in requests for admission, proves the truth of the matter previously denied and that reasonable expenses were incurred in doing so, the burden then shifts to the nonmoving party to prove, by a preponderance of the evidence, one of the four exceptions enumerated in the discovery rule. Discovery Rule 37(c). | Does a party making a motion for discovery sanctions have the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so? | 030638.docx | LEGALEASE-00141280-LEGALEASE-00141281 |
| Waites v. Sondock, 561 S.W.2d 772 | 307A+712 | Legislative continuance is mandatory except in those cases in which party opposing continuance alleges that substantial existing right will be defeated or abridged by delay; in cases of this type, trial court has duty to conduct hearing on such allegations, and if allegations are shown to be meritorious court should deny continuance. Vernon's Ann.Civ.St. art. 2168a. | Is legislative continuance mandatory except in those cases in which a party opposing continuance alleges that a substantial existing right will be defeated or abridged by delay? | Pretrial Procedure - Memo # 4282 - C - ES.docx | ROSS-003316337 |
| Randall Elec. v. State, 150 A.D.2d 875 | 307A+36.1 | Actions taken and observations made for stated purpose of arriving at settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in mutual attempt to reach settlement, should generally be protected from discovery by public policy encouraging attempts at settlement. | Should actions taken and observations made for stated purpose of arriving at settlement agreement be protected from discovery by public policy encouraging attempts at settlement? | 032153.docx | LEGALEASE-00141378-LEGALEASE-00141379 |
| Bucchere v. Brinker Int'l, 49 Conn. Supp. 441 | 307A+554 | A motion to dismiss for lack of personal jurisdiction requires a two-part inquiry; the trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant, and if the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. U.S.C.A. Const.Amend. 14.; C.G.S.A. S 33-929. | Does a motion to dismiss for lack of personal jurisdiction require a two-part inquiry? | 033307.docx | LEGALEASE-00140790-LEGALEASE-00140791 |
| Staats v. McKinnon, 206 S.W.3d 532 | 307A+554 | If a complaint attacked on its face competently alleges any facts which, if true, would establish grounds for subject matter jurisdiction, the court must uncritically accept those facts, end its inquiry, and deny the dismissal motion. | "When a complaint challenged on subject matter jurisdiction, on its face competently alleges any facts which, if true, would establish grounds for subject matter jurisdiction, should the court uncritically accept those facts?" | 033408.docx | LEGALEASE-00141577-LEGALEASE-00141578 |
| Estate of Rose, 465 Pa. 53 | 220+3003 | Federal and state governments may generally tax same subject matter at same time and neither the United States nor the state, in determining amount of tax due it, is under constitutional obligation to make any allowance on account of tax of the other. | "Can federal and state governments generally tax same subject matter at same time and neither the United States nor the state, in determining amount of tax due it, is under constitutional obligation to make any allowance on account of tax of the other?" | 045511.docx | LEGALEASE-00141777-LEGALEASE-00141778 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Krogmann v. United States, 225 F.2d 220 | 63+1(1) | Under statute prohibiting the offering of any money to any employee of United States with intent to influence his decision on any matter pending before him in official capacity, the crux of offense is intent to influence an official decision of person acting for government in his official capacity and statute is applicable to a situation where advice and recommendation of government official involved would be influential in securing decision desired by person offering bribe, even though official did not have authority to make the final decision. 18 U.S.C.A. S 201. | Is the bribery statute applicable to a situation where advice and recommendation of government official involved would be influential in securing decision desired by person offering bribe? | 012172.docx | LEGALEASE-00142409-LEGALEASE-00142410 |
| Owens v. Thomae, 759 So. 2d 1117 | 307A+723.1 | When continuance is requested to permit discovery in support of opposition to motion for summary judgment, the trial court, if it finds the reasons offered to be sufficient, has the discretion to postpone consideration of the motion for summary judgment and order among other things that discovery be completed. Rules Civ.Proc., Rule 56(f). | "Does the trial court, if it finds the reasons offered to be sufficient, have the discretion to postpone consideration of the motion for summary judgment and order among other things that discovery be completed?" | Pretrial Procedure - Memo # 4249 - C - NS.docx | ROSS-003291230-ROSS-003291231 |
| Nichols v. Muskingum Coll., 318 F.3d 674 | 170A+1835 | In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavit; however, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A. | May a court consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction? | 033426.docx | LEGALEASE-00142754-LEGALEASE-00142755 |
| Palmer v. Hofman, 745 N.W.2d 745 | 307A+560 | Once a determination of good cause has been accepted or rejected for the failure of a plaintiff to serve within 90 days the party against whom the action has been filed, the district court has no discretion and is required to either extend the time for service for an appropriate period or dismiss the action without prejudice. I.C.A. Rule 1.302(5). | Does the district court have no discretion to either extend the time for service for an appropriate period or dismiss the action without prejudice once a determination of good cause has been accepted or rejected? | 033734.docx | LEGALEASE-00143142-LEGALEASE-00143143 |
| Old Home Enter. v. Fleming, 20 Neb. App. 705 | 307A+693.1 | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. West's Neb.Rev.St. S 25-217. | "Does a trial court have jurisdiction to make orders, when a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing?" | Pretrial Procedure - Memo # 6382 - C - PB.docx | ROSS-003289672 |
| Hanna v. City of Chicago, 382 Ill. App. 3d 672 | 307A+552 | A mooted action should be dismissed out of concern that parties to a resolved dispute lack a sufficient personal stake in the outcome to assure that there is an adversarial relationship that sharpens the presentation of issues upon which the courts largely depend for illumination of difficult questions. | Should a mooted action be dismissed out of concern that parties to a resolved dispute lack a sufficient personal stake in the outcome? | 034246.docx | LEGALEASE-00143195-LEGALEASE-00143197 |
| Price v. Roy O. Martin Lumber Co., 915 So. 2d 816 | 401+46 | When a plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case should be transferred to a court of proper venue, though when the plaintiff knowingly files suit in the wrong venue, dismissal is proper. LSA-C.C.P. art. 121. | "When a plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, should the case be transferred to a court of proper venue?" | Pretrial Procedure - Memo # 5771 - C - SS.docx | ROSS-003288964-ROSS-003288965 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| St. Paul Ins. Co. v. Hayes, 2001 ME 71, 770 A.2d 611 | 307A+46 | In determining whether a dismissal was an appropriate sanction for discovery violations, the trial court should consider the following factors: (1) the specific purpose of the discovery rules, (2) the party's conduct throughout the proceedings, (3) the party's bona fides in its failure to comply with the discovery rules, (4) prejudice to the other parties, and (5) the need for the orderly administration of justice. Rules Civ.Proc., Rule 37(b). | "In determining the appropriate sanction to be imposed upon a party for failure to comply with the rules of civil procedure, should the court take into account the purpose of the specific rule at issue?" | Pretrial Procedure - Memo # 6631 - C - NE.docx | LEGALEASE-00034275-LEGALEASE-00034276 |
| Gautreaux v. Maya, 112 So. 3d 146 | 307A+563 | When seeking dismissal of a lawsuit for fraud on the court, a mere testimonial discrepancy is ordinarily not enough; rather, to warrant dismissal, the party's conduct must show a scheme calculated to evade or stymie discovery of facts central to the case. | "To warrant dismissal, should the party's conduct show a scheme calculated to evade or stymie discovery of facts central to the case?" | 034441.docx | LEGALEASE-00144235-LEGALEASE-00144236 |
| Anderson v. Sills, 143 N.J. Super. 432 | 307A+552 | Since a contest engendered by genuinely conflicting self-interests of the parties is best suited to developing all relevant material before the court, where there is a change in circumstances so that a doubt is created concerning the immediacy of the controversy, courts will ordinarily dismiss the case as moot, regardless of the stage to which the litigation has progressed. | Will courts dismiss cases as moot when circumstances out of which controversy arises change so as to raise doubt concerning adversity of parties interests? | 034744.docx | LEGALEASE-00145060-LEGALEASE-00145061 |
| Sazima v. Chalko, 712 N.E.2d 729 | 307A+581 | Extremely harsh sanction of dismissal for failure to prosecute or obey a court order should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party; dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice, and absent such extreme circumstances, a court should first consider lesser sanctions. Rules Civ.Proc., Rule 41(B)(1). | Should the extremely harsh sanction of dismissal for failure to prosecute or obey a court order be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances? | 034961.docx | LEGALEASE-00146194-LEGALEASE-00146195 |
| Ohio Civ. Serv. Emp. Assn., AFSCME, Local 11, AFL-CIO v. Ohio Dep't of Transp., 104 Ohio App. 3d 340 | 307A+552 | Where, prior to rendition of final decision, an event occurs, without fault of either party, which renders it impossible for court to grant effectual relief in case, case should be dismissed as moot. | "Should case be dismissed as moot where, prior to rendition of final decision, an event occurs, without fault of either party, which renders it impossible for court to grant effectual relief in case?" | 035231.docx | LEGALEASE-00145903-LEGALEASE-00145904 |
| Shaw v. Universal Life & Acc. Ins. Co., 123 S.W.2d 738 | 307A+563 | Where an order has been properly granted to make a pleading more definite or more specific, failure to comply therewith is an act of contempt and action may be dismissed without prejudice, at least in absence of proper excuse. | "Where an order has been properly granted to make a pleading more definite or more specific, is failure to comply therewith, can an act of contempt and action be dismissed without prejudice?" | 034907.docx | LEGALEASE-00146769-LEGALEASE-00146770 |
| Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+683 | When proceeding under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, all pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party. S.H.A. 735 ILCS 5/2-619. | Will all pleadings and supporting documents be interpreted favourable to the non-moving party when proceeding allows dismissal of complaint when claim asserted is barred by other affirmative matter? | 11132.docx | LEGALEASE-00094073-LEGALEASE-00094074 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stacy v. Johnson, 25 So. 3d 365 | 307A+581 | Cases are dismissed with prejudice for failure to prosecute if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, and where lesser sanctions would not serve the best interests of justice. Rules Civ.Proc., Rule 41(b). | "Are cases dismissed with prejudice for failure to prosecute, if the record shows that a plaintiff has repeatedly disregarded the procedural directives of the court?" | 036410.docx | LEGALEASE-00148995-LEGALEASE-00148996 |
| Am. Truck Driving Acad. v. Smith, 998 So. 2d 1067 | 30+3206 | An appellate court carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found, since dismissal is such a drastic sanction, and is to be used only in extreme situations. Rules Civ.Proc., Rule 41(b). | "Does a court carefully scrutinize any order terminating an action for want of prosecution, and does it hesitate to set one aside when an abuse of discretion is found?" | Pretrial Procedure - Memo # 7991 - C - SS_58350.docx | ROSS-003292794-ROSS-003292795 |
| Tolmasova v. Umarova, 22 A.D.3d 570 | 307A+594.1 | Statute authorizing the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed never requires such dismissal; while the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay, and a meritorious cause of action, such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal. McKinney's CPLR 3216. | Does the statute prohibit the Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay? | 036631.docx | LEGALEASE-00149181-LEGALEASE-00149182 |
| Harvey v. Town of Tiverton, 764 A.2d 141 | 307A+581 | In considering a motion to dismiss for failure to prosecute, the court is required to weigh conflicting interests: on the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay; on the other hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b)(2). | Is the court required to weigh conflicting interests in considering a motion to dismiss for failure to prosecute? | Pretrial Procedure - Memo # 8194 - C - NC_58769.docx | ROSS-003299160-ROSS-003299161 |
| Treeline 990 Stewart Partners v. RAIT Atria, 107 A.D.3d 788 | 307A+622 | Test to be applied in deciding motion to dismiss complaint for failure to state cause of action is whether complaint gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved, and whether the requisite elements of any cause of action known to state's law can be discerned from its averments. McKinney's CPLR 3211(a)(7). | "Is the test to be applied in deciding motion to dismiss complaint for failure to state cause of action whether a complaint gives sufficient notice of the transactions, occurrences, or series of transactions?" | 036995.docx | LEGALEASE-00150344-LEGALEASE-00150345 |
| O'Dell v. State Farm Mut. Auto. Ins. Co., 173 Ind. App. 106 | 413+2 | Method of affording compensation to an employee based upon a reallocation of risks arises from a need to curb harsh results rendered under common law with its defenses of contributory negligence, assumption of risk, and fellow servant rule. IC 22-3-2-5 (1976 Ed.). | "Is the method of compensation under the workmens compensation based on a real-location of risks arose from a need to curb the harsh results rendered under the common-law with its defenses of contributory negligence, assumption of risk and fellow servant rule?" | 048430.docx | LEGALEASE-00150234-LEGALEASE-00150235 |
| McDonald v. Hanahan, 328 Mass. 539 | 8.30E+56 | To constitute a good promissory note, there should be deducible from its face a written promise to pay money, yet that promise need not be expressed in any particular form of words, and it would be enough if from language used a written undertaking to pay may be fairly inferred. | "Should a written promise to pay money be deducible from the face of a promissory note, yet that promise need not be expressed in any particular form of words?" | 010369.docx | LEGALEASE-00151110-LEGALEASE-00151111 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chanko v. Am. Broad. Companies Inc., 27 N.Y.3d 46 | 307A+683 | When considering a pre-answer motion to dismiss the complaint for failure to state a cause of action, the court must give the pleadings a liberal construction, accept the allegations as true, and accord the plaintiffs every possible favorable inference. McKinney's CPLR 3211(a)(7). | "In considering a pre-answer motion to dismiss a complaint for failure to state a cause of action, should a court give the pleadings a liberal construction?" | 037149.docx | LEGALEASE-00150810-LEGALEASE-00150811 |
| Ament v. Reassure Am. Life Ins. Co., 180 Ohio App. 3d 440 | 307A+679 | In construing the complaint when considering a motion to dismiss for failure to state a claim, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Rules Civ.Proc., Rule 12(B)(6). | Are factual allegations contained in the complaint presumed true and all reasonable inferences are drawn in favor of the nonmoving party on a motion to dismiss for failure to state a claim? | 037161.docx | LEGALEASE-00150834-LEGALEASE-00150835 |
| Atha v. Allen P. Van Overbeke, D.M.D., P.A., 213 So. 3d 1073 | 307A+679 | In ruling on a motion to dismiss for failure to plead a facially sufficient claim, the trial court is limited to a consideration of the allegations within the four corners of the complaint and is required to accept those allegations as true. Fla. R. Civ. P. 1.110(b). | "In ruling on a motion to dismiss for failure to plead a facially sufficient claim, is the trial court limited to a consideration of the allegations within the four corners of the complaint?" | 037453.docx | LEGALEASE-00151772-LEGALEASE-00151773 |
| Hoffman v. Boonsiri, 290 Mich. App. 34 | 228+185(2) | On motion for summary disposition alleging claims are barred by statute of limitations, the trial court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery. MCR 2.116(C)(7). | "On a motion seeking summary disposition on grounds that claim is barred by immunity, should the trial court accept the nonmoving party's well-pleaded allegations as true?" | 037571.docx | LEGALEASE-00151758-LEGALEASE-00151759 |
| In re Levine, 24 B.R. 804 | 83E+335 | Mortgage bond was not a "negotiable instrument" where it called for incorporation of covenants and conditions contained in separate mortgage agreement, so that all the essential terms of the bond could not be ascertained from the face of the document, making the promise conditional, and fact that incorporated mortgage might not actually contain any provisions that would impede unconditional promise to pay was of no significance. N.Y. McKinney's Uniform Commercial Code SS 3-104(1),(1)(b), 3-105. | Should a bond be a conditional or unconditional promise? | 010689.docx | LEGALEASE-00152572-LEGALEASE-00152573 |
| In re Marriage of Buster, 115 S.W.3d 141 | 307A+585.1 | A trial court has the inherent power to dismiss a case for want of prosecution, and express authority to do so is also given by the rules of civil procedure in cases where a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can the court dismiss a case for want of prosecution when case has not been disposed of within Supreme Court's time standard? | Pretrial Procedure - Memo # 9148 - C - KI_60093.docx | ROSS-003281735-ROSS-003281736 |
| Foy v. Hunter, 106 N.C. App. 614 | 46H+1240 | Under civil procedure rule, trial court may enter sanctions for failure to prosecute only where plaintiff or his attorney manifests an intention to thwart progress of the action to its conclusion or fails to progress the action toward its conclusion by engaging in some delaying tactic; whether plaintiff or his attorney have manifested such an intent or has engaged in some delaying tactic may be inferred from facts surrounding delay in prosecution of the case. Rules Civ.Proc., Rule 41(b), G.S. S 1A-1. | Can the court enter sanctions for failure to prosecute when the plaintiff or his attorney manifests an intention to thwart progress of the action to its conclusion by engaging in some delaying tactic? | 038325.docx | LEGALEASE-00152666-LEGALEASE-00152667 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Beadall v. Moore, 199 A.D. 531 | 8.30E+11 | Place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to the nature, validity, interpretation, and effect by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place, especially where the note would be void in the place where made and valid where payable. | Is a note goverened according to its nature when it is executed in one state and payable in another? | 009853.docx | LEGALEASE-00153572-LEGALEASE-00153573 |
| Wilson v. Illinois Benedictine Coll., 112 Ill. App. 3d 932 | 141E+1182 | A college student may have a remedy when it is alleged that an adverse decision concerning the student, supposedly for academic deficiencies, was made arbitrarily and capriciously and in bad faith; a university may not act maliciously or in bad faith by arbitrarily and capriciously refusing to award a degree to a student who fulfills its degree requirements. | "Do students have a remedy for breach of contract when it is alleged that an adverse decision concerning the student, supposedly for academic deficiencies, was made arbitrarily, capriciously, and in bad faith?" | Education -  Memo # 194 - C - KS_60310.docx | ROSS-003278609-ROSS-003278610 |
| Roman Catholic Diocese of Brooklyn v. Christ the King Reg'l High Sch., 149 A.D.3d 994 | 307A+680 | A motion to dismiss for failure to state a cause of action may be granted when exhibits attached to the complaint conclusively establish that a material fact as claimed by the pleader to be one is not a fact at all and that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | Can a motion to dismiss for failure to state a cause of action be granted when exhibits attached to the complaint conclusively establish that a material fact as claimed by the pleader to be one is not a fact at all? | 038067.docx | LEGALEASE-00153251-LEGALEASE-00153252 |
| Guggenheimer v. Ginzburg, 372 N.E.2d 17 | 307A+682.1 | When evidentiary material is considered in connection with motion to dismiss, criterion is whether proponent of pleading has cause of action, not whether he has stated one, and, unless it has been shown that material facts as claimed by pleader to be one is not fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. CPLR 3211(a), par. 7, (c). | "Where evidentiary material is submitted in support of a motion to dismiss for failure to state a claim, is the criterion whether the proponent of the pleading has a cause of action?" | 038082.docx | LEGALEASE-00153315-LEGALEASE-00153317 |
| Dominski v. Frank Williams & Son, 46 A.D.3d 1443 | 307A+679 | While a court must assume the truth of the complaint's allegations on a motion to dismiss for failure to state a cause of action, such an assumption must fail where there are conclusory allegations lacking factual support. McKinney's CPLR 3211(a)(7). | "While a court must assume the truth of a complaint's allegations on a motion to dismiss for failure to state a cause of action, should such an assumption fail where there are conclusory allegations lacking factual support?" | Pretrial Procedure - Memo # 8984 - C - UG_60648.docx | ROSS-003294482-ROSS-003294483 |
| W. Branch Conservation Ass'n v. Cty. of Rockland, 227 A.D.2d 547 | 307A+679 | Although, upon motion to dismiss for failure to state cause of action, court generally must accept facts alleged in complaint as true, court need not accept legal conclusions or factual claims which are either inherently incredible or flatly contradicted by documentary evidence. McKinney's CPLR 3211(a), par. 7. | Does a court need to accept legal conclusions or factual claims which are either inherently incredible or flatly contradicted by documentary evidence? | Pretrial Procedure - Memo # 9042 - C - MS_60448.docx | ROSS-003278387-ROSS-003278388 |
| Tomlinson v. Bd. of Educ. of City of Bristol, 226 Conn. 704 | 308+99 | Issue of apparent authority is to be determined based on two criteria: first, it must appear from principal's conduct that principal held agent out as possessing sufficient authority to embrace act in question, or knowingly permitted agent to act as having such authority, and second, party dealing with agent must have, acting in good faith, reasonably believed, under all the circumstances, that agent had necessary authority to bind principal to agent's action. | What are the two criteria to determine apparent authority? | 041418.docx | LEGALEASE-00153688-LEGALEASE-00153689 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thompson v. City of New York, 50 Misc. 3d 1037 | 307A+679 | The trial court's role when analyzing the complaint in the context of a motion to dismiss for failure to state a cause of action is to determine whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | Is the trial court's role when analyzing the complaint in the context of a motion to dismiss for failure to state a cause of action to determine whether the facts as alleged fit within any cognizable legal theory? | Pretrial Procedure - Memo # 9246 - C - RY_61033.docx | ROSS-003292724-ROSS-003292725 |
| Zellner v. Odyl, 117 A.D.3d 1040 | 307A+681 | In determining a motion to dismiss complaint for failure to state a claim, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law, the motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | "In determining a motion to dismiss complaint for failure to state a claim, is the sole criterion whether the pleading states a cause of action?" | 038615.docx | LEGALEASE-00154527-LEGALEASE-00154528 |
| Shaya B. Pac. v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 A.D.3d 34 | 307A+681 | Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery motion to dismiss. McKinney's CPLR 3211. | "Does, whether a complaint will later survive a motion for summary judgment or whether plaintiffs will ultimately be able to prove their claims, play a part in the determination of a pre-discovery motion to dismiss?" | 038712.docx | LEGALEASE-00154185-LEGALEASE-00154186 |
| State v. Colon, 117 Conn. App. 150 | 129+128 | To prove the defendant guilty of breach of the peace in the second degree, state is required to prove beyond a reasonable doubt that: (1) the defendant engaged in fighting or in violent, tumultuous or threatening behavior; (2) that this conduct occurred in a public place; and (3) that the defendant acted with the intent to cause inconvenience, annoyance or alarm, or that he recklessly created a risk thereof. C.G.S.A. S 53a-181(a)(1). | When is a person guilty of breach of the peace in the second degree? | Disorderly Conduct- Memo 139-JK_61883.docx | ROSS-003282634-ROSS-003282635 |
| Mancinelli v. Davis, 217 So. 3d 1034 | 307A+690 | Where a party may be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion. | "Where a party can be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, is dismissal with prejudice an abuse of discretion?" | 024608.docx | LEGALEASE-00155813-LEGALEASE-00155814 |
| McDuffie v. Mitchell, 155 N.C. App. 587 | 307A+680 | In ruling on a motion to dismiss for failure to state a claim, the trial court must take all of the allegations of the complaint as true; however, the trial court must also draw its own legal conclusions from the facts, which may differ from those advocated by plaintiff. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | "Although the trial court is obligated to take all of the allegations of the complaint as true when ruling on a motion to dismiss for failure to state a claim, should the trial court draw its own legal conclusions from those facts?" | 038142.docx | LEGALEASE-00154861-LEGALEASE-00154862 |
| Jones v. Sullivan, 34 Ill. App. 3d 786 | 307A+581 | When case is reached for trial regularly on call and plaintiff fails to appear and defendant is present insisting upon disposition of case, court may properly dismiss case for want of prosecution. | Can court properly dismiss case for want of prosecution when case is reached for trial regularly on call and plaintiff fails to appear and defendant is present insisting upon disposition of case? | Pretrial Procedure - Memo # 9705 - C - VP_61604.docx | ROSS-003281845-ROSS-003281846 |
| GECMC 2006-C1 Carrington Oaks v. Weiss, 233 N.C. App. 633 | 307A+685 | If the trial court chooses to decide a motion to dismiss for lack of jurisdiction over the person based on affidavits, the trial judge must determine the weight and sufficiency of the evidence presented in the affidavits much as a juror. Rules Civ.Proc., Rule 12(b)(2). | "If the trial court chooses to decide a motion to dismiss for lack of jurisdiction over the person based on affidavits, should the trial judge determine the weight and sufficiency of the evidence presented in the affidavits much as a juror?" | 039342.docx | LEGALEASE-00154871-LEGALEASE-00154872 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598 | 106+35 | If a nonresident defendant's affidavit in support of a motion to dismiss for lack of jurisdiction fully disputes the jurisdictional allegations in the plaintiff's complaint, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists; if the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted. West's F.S.A. S 48.193. | "If the plaintiff's sworn proof fails to refute the allegations in the defendant's affidavit contesting jurisdictional allegations, should the court grant the defendant's motion to dismiss?" | 039515.docx | LEGALEASE-00155066-LEGALEASE-00155067 |
| Boehm v. Univ. of Pennsylvania Sch. of Veterinary Med., 392 Pa. Super. 502 | 141E+1177 | Right of student to attend public or private college or university is subject to the condition that he comply with its scholastic and disciplinary requirements and rules, and regulations may be formulated and enforced by proper authorities, in the exercise of a broad discretion, with respect to both scholastic and disciplinary requirements. | Is the right of a student to attend a public or private college or university is subject to the condition that he comply with its scholastic and disciplinary requirements? | 016854.docx | LEGALEASE-00156337-LEGALEASE-00156338 |
| Smith v. Cent. Illinois Reg'l Airport, 207 Ill. 2d 578 | 307A+624 | There exists in Illinois a policy that favors an adequate and appropriate hearing of a litigant's claim on the merits, and a cause of action should not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief. | Should a cause of action not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief? | 024641.docx | LEGALEASE-00155891-LEGALEASE-00155893 |
| Columbia Air Servs. v. Dep't of Transp., 293 Conn. 342 | 307A+685 | If complaint is supplemented by undisputed facts established by affidavits submitted in support of motion to dismiss, trial court, in determining jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume validity of allegations of complaint; rather, those allegations are tempered by light shed on them by supplementary undisputed facts, and if those affidavits or other evidence conclusively establish that jurisdiction is lacking, and plaintiff fails to undermine this conclusion with counteraffidavits or other evidence, trial court may dismiss action without further proceedings, but if, however, defendant submits either no proof to rebut plaintiff's jurisdictional allegations or only evidence that fails to call those allegations into question, plaintiff need not supply counteraffidavits or other evidence to support complaint, but may rest on jurisdictional allegations therein. | "If complaint is supplemented by undisputed facts established by affidavits submitted in support of motion to dismiss, can a trial court consider these supplementary undisputed facts?" | 039470.docx | LEGALEASE-00156184-LEGALEASE-00156185 |
| Bond v. Messerman, 391 Md. 706 | 228+183 | If additional facts are necessary to decide a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits or other evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment. Md.Rule 322(a). | "If additional facts are necessary to decide a motion to dismiss for lack of personal jurisdiction, can the court consider affidavits or other evidence adduced during an evidentiary hearing?" | Pretrial Procedure - Memo # 10405 - C - RF_63355.docx | ROSS-003295127-ROSS-003295128 |
| Kraus v. Metro. Two Illinois Ctr., 146 Ill. App. 3d 210 | 307A+693.1 | Involuntary dismissal not falling under any of the exceptions of Rule 273 would bar plaintiff from filing subsequent suit involving the same parties and claims pursuant to principles of res judicata. S.H.A. ch. 110A, P 273. | Will involuntary dismissal not falling under any of the exceptions of Rule 273 bar a plaintiff from filing a subsequent suit involving the same parties and claims pursuant to principles of res judicata? | Pretrial Procedure - Memo # 10637 - C - SJ_63246.docx | ROSS-003295188-ROSS-003295189 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Juvenile court's function in deciding motion for special findings which would permit juvenile to file application for adjustment of status as a special immigrant juvenile (SIJ) is limited in scope: court must determine whether, under state law, juvenile is under age 21, unmarried, dependent upon court through order of placement or other court order, whether reunification with one or both parents is not possible due to abuse, neglect, or abandonment, and whether it would be contrary to juvenile's best interest to be returned to his or her previous country of nationality, and court need not determine any other issues, such as juvenile's motivation in moving for required findings, whether allowing particular child to remain in the country might pose threat to public safety, or whether United States Customs and Immigration Services (USCIS), the federal agency charged with enforcing immigration laws, may or may not grant juvenile's application for adjustment of status as a SIJ. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); 8 C.F.R. S 204.11(c). | Should the juvenile court determine whether allowing a particular child to remain in the country might pose a threat to public safety? | "Aliens, Immigration and Citizenship - Memo 122 - RK_64764.docx" | ROSS-003308605-ROSS-003308606 |
| Garcia v. Barreiro, 115 S.W.3d 271 | 307A+697 | "Conscious indifference," in context of rule requiring reinstatement of a case following dismissal for want of prosecution if party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake or has otherwise been reasonably explained, means more than mere negligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | "Is ""conscious indifference,"" in context of a rule requiring reinstatement of a case following dismissal for want of prosecution if party's failure to appear not intentional or result of conscious indifference?" | Pretrial Procedure - Memo 11303 - C - SN.docx | LEGALEASE-00049785-LEGALEASE-00049787 |
| Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 307A+685 | If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven; to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit, and the failure to do so results in the facts of the defendant's affidavits being deemed admitted. S.H.A. 735 ILCS 5/2-619(a)(9); Sup.Ct.Rules, Rule 191. | Does the plaintiff have to show that defense is unfounded or requires the resolution of an essential element of material fact before it is proven? | 039903.docx | LEGALEASE-00159539-LEGALEASE-00159540 |
| Fisher & Co. v. Dep't of Treasury, 282 Mich. App. 207 | 371+3674 | A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden; sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question. M.C.L.A. SS 205.51 et seq., 205.91 et seq. | Are sales and use taxes designed to exact an equal tax based on a percentage of the purchase price of the property in question? | 046230.docx | LEGALEASE-00159840-LEGALEASE-00159841 |
| Kaufman v. Bauer, 36 A.D.3d 481 | 307A+697 | Courts have discretion to grant motion to restore action to calendar, brought more than one year after case is stricken from calendar, provided movant demonstrates (a) merits of his/her claim; (b) lack of prejudice to opposing party or parties; (c) lack of intent to abandon action; and (d) reasonable excuse for the delay. McKinney's CPLR 3404; N.Y.Ct.Rules, S 208.14(c). | Can an action which has been automatically dismissed one year after being stricken from calendar be restored in a trial court's discretion? | 040033.docx | LEGALEASE-00161206-LEGALEASE-00161207 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Almanzar v. Rye Ridge Realty Co., 249 A.D.2d 128 | 307A+697 | Once a case is dismissed for failure to prosecute, a party seeking to restore it to the trial calendar must show a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the matter and a lack of prejudice to the nonmoving party. McKinney's CPLR 3404. | "Once a case is dismissed for failure to prosecute, should a party seeking to restore it to the trial calendar show a meritorious cause of action?" | Pretrial Procedure - Memo 11480 - C - SJ_65318.docx | ROSS-003294134-ROSS-003294135 |
| White v. Bayless, 32 S.W.3d 271 | 228+181(11) | Generally, before a court may grant a no cause of action summary judgment, it must give the plaintiff an adequate opportunity to plead a viable cause of action, but if the plaintiff's petition affirmatively demonstrates that no cause of action exists or that the plaintiff's recovery is barred, no opportunity to amend is necessary, and summary judgment or dismissal is proper. | "If plaintiff's petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, is no opportunity to amend necessary?" | Pretrial Procedure - Memo 11631 - C - SN_65368.docx | ROSS-003291886-ROSS-003291887 |
| Cavaliere v. Duff's Bus. Inst., 413 Pa. Super. 357 | 141E+951 | Cause of action may lie for breach of contract or misrepresentation where private school has made positive representation that certain curriculum will be offered, and student finds that such curriculum is not available, or where school has asserted that it is accredited or licensed to give certain degree and it is later discovered that this is false. | Is a cause of action for breach of contract permitted where a private school has made a positive representation that a certain curriculum will be offered and then such curriculum is not available? | 017273.docx | LEGALEASE-00162135-LEGALEASE-00162137 |
| Edward L. Nezelek v. Sunbeam Television Corp., 413 So. 2d 51 | 307A+676 | Once a court has dismissed a complaint for failure to state a cause of action, but has granted the party leave to amend, complaint may subsequently be dismissed with prejudice only if plaintiff is given separate notice of hearing on motion for dismissal with prejudice or entry of final judgment or if order dismissing complaint with leave to amend is made to specifically provide that on failure to amend within stated time, cause will be dismissed without further notice. West's F.S.A. Rules Civ.Proc., Rule 1.420(b). | "When the trial court grants a motion to dismiss or to strike an entire pleading, and the plaintiff does not seek leave to amend, can the court dismiss the complaint with prejudice?" | Pretrial Procedure - Memo 11536 - C - NS_65974.docx | ROSS-003322094-ROSS-003322095 |
| Shea v. Boston Edison Co., 431 Mass. 251 | 371+2002 | Regulatory fees share common traits that distinguish them from taxes; they are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner not shared by other members of society, they are paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge, and the charges are collected not to raise revenues but to compensate the governmental entity providing the services for its expenses. | Do fees share common traits that distinguish them from taxes? | Taxation - Memo 1011 - C - JL_66471.docx | ROSS-003281315-ROSS-003281316 |
| Davis v. Brown, 87 N.Y.2d 626 | 110+867.20 | Defendant may challenge questionable prosecutorial conduct based on specifically limited theory that prosecution intended to provoke mistrial, and may limit request for mistrial to grant of mistrial with prejudice, while reserving right to have case determined by first jury in event that trial court rejects defendant's argument. | Can a defendant challenge questionable prosecutorial conduct based on a specifically limited theory that prosecution intended to provoke mistrial? | 015279.docx | LEGALEASE-00162889-LEGALEASE-00162890 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex parte Ariza, 913 S.W.2d 215 | 135H+25 | If forfeiture seeks to approximate state's costs attributable to investigating and prosecuting offense giving rise to forfeiture, thereby serving only purpose of compensating state for such costs, then it is remedial in nature and does not constitute "punishment" for double jeopardy purposes; however, if forfeiture serves at least in part to punish owner of forfeited property, then it serves as punishment for purposes of double jeopardy clause. U.S.C.A. Const.Amend. 5. | "If forfeiture seeks to approximate a state's costs attributable to investigating and prosecuting offense giving rise to forfeiture, is it remedial in nature and does not constitute ""punishment"" for double jeopardy purposes?" | 015195.docx | LEGALEASE-00163623-LEGALEASE-00163624 |
| United States v. McCallum, 721 F.3d 706 | 135H+96 | A defendant's motion for a mistrial constitutes a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact; only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. U.S.C.A. Const.Amend. 5. | "Only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial, can a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion?" | Double Jeopardy - Memo 261 - C - RF_66966.docx | ROSS-003293365-ROSS-003293366 |
| State v. Davenport,147 So. 3d 137 | 135H+99 | A mistrial declared by the trial court without the consent of the defendant will ordinarily bar further prosecution of him for the same criminal conduct; however, this rule is subject to limited exceptions, where the court-ordered mistrial is regarded as justified in the interests of the accused or as required by physical or legal necessity. U.S.C.A. Const.Amend. 5; LSA-Const. Art. 1, S 15; LSA-C.Cr.P. arts. 591, 775. | Will a mistrial declared by a trial court without consent of a defendant bar further prosecution of him for the same criminal conduct? | 015358.docx | LEGALEASE-00163397-LEGALEASE-00163398 |
| Narducci v. Mason's Disc. Store, 518 Pa. 94 | 307A+697 | Request to open judgment of non pros is in nature of appeal to equitable powers of court and, in order for judgment of non pros to be opened, three elements must coalesce: petition to open must be promptly filed; default or delay must be reasonably explained or excused; and facts must be shown to exist which support cause of action. | "In order for a judgment of non pros to be opened, what are the three elements that should coalesce?" | Pretrial Procedure - Memo 11983 - C - SHB_66692.docx | ROSS-003284761-ROSS-003284762 |
| Grayson v. AT & T Corp., 140 A.3d 1155 | 307A+695 | Before ruling on a motion to dismiss for lack of standing, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing; and if, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed. | "Is it within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits?" | Pretrial Procedure - Memo 12133 - C - VP_66710.docx | ROSS-003292618-ROSS-003292619 |
| Thomas v. Eighth Judicial Dist. Court in & for Cty. of Clark, 402 P.3d 619 | 135H+1 | The protections of the Double Jeopardy Clause arise from the fact that multiple prosecutions seriously disrupt a defendant's personal life during trial, create a potential for governmental harassment of the defendant, and enhance the likelihood that an innocent defendant may be convicted. U.S. Const. Amend. 5; Nev. Const. art. 1, S 8. | Does the protection of the Double Jeopardy Clause arise from the fact that multiple prosecutions seriously disrupt a defendant's personal life during trial? | 016365.docx | LEGALEASE-00165129-LEGALEASE-00165130 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Paquin, 140 N.H. 525 | 135H+99 | In order to preserve right to have empaneled jury decide case, trial court may declare mistrial over defendant's objection, without jeopardizing retrial, only if there is manifest necessity for the act, or ends of justice would otherwise be defeated. Const. Pt. 1, Art. 16. | "Can a trial court declare a mistrial over the defendant's objections, without jeopardizing retrial, only if there is a manifest necessity for the act?" | 040998.docx | LEGALEASE-00164266-LEGALEASE-00164267 |
| United States v. Sammaripa, 55 F.3d 433 | 135H+7 | Double jeopardy clause of Fifth Amendment of Constitution protects defendant's valued right to have particular tribunal give complete consideration to his case; this right is sometimes subordinate to public's interest in affording prosecutor one full and fair opportunity to present his evidence to impartial jury. U.S.C.A. Const.Amend. 5. | Will consideration be given to the defendant's valued right to have his trial completed by the particular tribunal? | 014678.docx | LEGALEASE-00165673-LEGALEASE-00165674 |
| Ex parte Peterson, 117 S.W.3d 804 | 135H+99 | Double jeopardy principles do not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that: (1) was justified under the manifest necessity doctrine, or (2) was requested or consented to by the defense, absent prosecutorial misconduct which forced the mistrial. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | Do double jeopardy principles not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that was justified or requested? | 016215.docx | LEGALEASE-00165529-LEGALEASE-00165530 |
| Santiago v. State, 644 N.W.2d 425 | 135H+99 | "Manifest necessity" permitting retrial following the preverdict termination of a trial, without implicating constitutional protections against double jeopardy, normally consists of circumstances that make the continuation of the trial or the prospect of a fair verdict either impossible or highly unlikely. U.S.C.A. Const.Amend. 5. | "Does ""manifest necessity"" permitting retrial following the preverdict termination of a trial normally consist of circumstances that make the continuation of the trial or the prospect of a fair verdict either impossible or highly unlikely?" | 015946.docx | LEGALEASE-00166305-LEGALEASE-00166306 |
| Poindexter v. Atchison, Topeka & Santa Fe Ry. Co., 914 F. Supp. 454 | 231H+1524 | RLA establishes mandatory arbitral mechanism for prompt and orderly settlement of two classes of disputes, which are "major disputes" concerning rates of pay, rules or working conditions, and "minor disputes" growing out of grievances or out of interpretation or application of collective bargaining agreements (CBA) covering rates of pay, rules, or working conditions. Railway Labor Act, S 2, 45 U.S.C.A. S 151a. | What are the two mandatory arbitral mechanisms established by the Railway Labor Act (RLA)? | 01024.docx | LEGALEASE-00081681-LEGALEASE-00081683 |
| Fight Against Brownsburg Annexation v. Town of Brownsburg, 32 N.E.3d 798 | 307A+554 | If facts before trial court on motion to dismiss for lack of subject matter jurisdiction are not in dispute, then question of subject matter jurisdiction is purely one of law; under those circumstances, no deference is afforded trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. Trial Procedure Rule 12(B)(1). | "If facts before trial court on motion to dismiss for lack of subject matter jurisdiction are not in dispute, then is the question of subject matter jurisdiction purely one of law?" | Pretrial Procedure - Memo # 5605 - C - BP.docx | ROSS-003289593-ROSS-003289595 |
| St. Paul Ins. Co. v. Hayes, 2001 ME 71, 770 A.2d 611 | 307A+46 | In determining whether a dismissal was an appropriate sanction for discovery violations, the trial court should consider the following factors: (1) the specific purpose of the discovery rules, (2) the party's conduct throughout the proceedings, (3) the party's bona fides in its failure to comply with the discovery rules, (4) prejudice to the other parties, and (5) the need for the orderly administration of justice. Rules Civ.Proc., Rule 37(b). | "In determining the appropriate sanction to be imposed upon a party for failure to comply with the rules of civil procedure, should the court take into account the purpose of the specific rule at issue?" | 034267.docx | LEGALEASE-00144789-LEGALEASE-00144790 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Garcia v. Barreiro, 115 S.W.3d 271 | 307A+697 | "Conscious indifference," in context of rule requiring reinstatement of a case following dismissal for want of prosecution if party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake or has otherwise been reasonably explained, means more than mere negligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | " Is ""conscious indifference,"" in context of a rule requiring reinstatement of a case following dismissal for want of prosecution if party's failure to appear not intentional or result of conscious indifference?" | 039774.docx | LEGALEASE-00159337-LEGALEASE-00159339 |
| Narducci v. Mason's Disc. Store, 518 Pa. 94 | 307A+697 | Request to open judgment of non pros is in nature of appeal to equitable powers of court and, in order for judgment of non pros to be opened, three elements must coalesce: petition to open must be promptly filed; default or delay must be reasonably explained or excused; and facts must be shown to exist which support cause of action. | "In order for a judgment of non pros to be opened, what are the three elements that should coalesce" | 040740.docx | LEGALEASE-00163143-LEGALEASE-00163144 |
| Rowe v. HCA Health Servs. of Oklahoma, 130 P.3d 761 | 307A+695 | When District Court grants motion to dismiss for failure to state claim, it must grant plaintiff leave to file amended petition if defect can be remedied, and District Court has duty to specify time within which plaintiff must file amended petition; if District Court does not prescribe time, defendant who obtained dismissal has responsibility to move court to set time. 12 Okl.St.Ann. S 2012(G). | "When a District Court grants a motion to dismiss for failure to state a claim, can a District Court refuse to allow a plaintiff leave to amend only if it appears that a plaintiff cannot state a claim?" | Pretrial Procedure - Memo 11417 - C - PB_64469.docx | ROSS-003281618-ROSS-003281619 |
| Ex parte Peterson, 117 S.W.3d 804 | 135H+99 | Double jeopardy principles do not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that: (1) was justified under the manifest necessity doctrine, or (2) was requested or consented to by the defense, absent prosecutorial misconduct which forced the mistrial. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | Do double jeopardy principles not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that was justified or requested? | Double Jeopardy - Memo 766 - C - SKG_67771.docx | ROSS-003283608-ROSS-003283609 |
| Chisholm & Co. v. Bank of Jamaica, 643 F. Supp. 1393 | 221+342 | Act of state doctrine requires that court, after exercising jurisdiction, nevertheless decline to decide merits of case if in doing so it would be required to judge validity of public acts of sovereign state performed within its own territory. | Does the act of state doctrine require that a court declines to decide the merits of a case if in doing so it would be required to judge validity of public acts of sovereign state performed within its own territory? | International Law - Memo # 788 - C - NO.docx | ROSS-003283917-ROSS-003283918 |
| Jorge v. Travelers Indem. Co., 947 F. Supp. 150 | 366+1 | Generally, subrogation applies where party, not acting voluntarily but under some compulsion, pays debt or discharges obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter. | "Does subrogation apply where a party not acting voluntarily, but under some compulsion, pays a debt or discharges an obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter?" | Subrogation - Memo 928 - RK.docx | ROSS-003287090-ROSS-003287091 |
| Nichols v. Muskingum Coll., 318 F.3d 674 | 170A+1835 | In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavit; however, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A. | May a court consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction? | Pretrial Procedure - Memo # 6049 - C - PB.docx | ROSS-003288171-ROSS-003288172 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Friedman v. Knecht, 248 Cal. App. 2d 455 | 307A+725 | Although penal code requires motions for continuance to be made upon affirmative proof in open court and code of civil procedure specifies that such motions, when based on absence of evidence, be made on affidavits, they are quite commonly heard on oral representations by counsel, and matters germane to court's ruling range all the way from the health of witnesses to the true significance of religious holidays. West's Ann.Pen.Code, S 1050; West's Ann.Code Civ.Proc. S 595.4. | Does law require motions for continuance to be made upon affirmative proof in open court? | Pretrial Procedure - Memo # 4748 - C - NE.docx | ROSS-003291115-ROSS-003291116 |
| In re Dudley, 502 B.R. 259 | 366+1 | Under Massachusetts law, a five-factor test is used in determining whether equitable subrogation applies, though the doctrine may still apply absent one of the five factors, pursuant to which subrogation will apply if: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | What are the factors necessary for equitable subrogation to apply? | Subrogation - Memo 188 - ANG C.docx | ROSS-003310152-ROSS-003310154 |
| Admiral Ins. Co. v. Arrowood Indem. Co., 471 B.R. 687 | 366+1 | There are two types of subrogation under Texas law: "contractual subrogation," i.e., "conventional subrogation," that is created by agreement or contract that grants right to pursue reimbursement from third party in exchange for payment of loss, and "equitable subrogation," i.e., "legal subrogation," that does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid debt for which another was primarily liable, and which in equity should have been paid by the latter. | What are the types of subrogation? | Subrogation - Memo 257 - VP C.docx | ROSS-003310344-ROSS-003310345 |
| Parish of Plaquemines v. Total Petrochemical & Refining USA, 64 F. Supp. 3d 872 | 170B+2245 | Courts typically assess jurisdiction under the OCSLA by applying a two-prong inquiry which asks: (1) whether the activities that caused the injury constituted an operation conducted on the outer continental shelf that involved the exploration and production of minerals, and (2) whether the case arises out of or in connection with that operation. Outer Continental Shelf Lands Act, S 23(b)(1), 43 U.S.C.A. S 1349(b)(1). | How is jurisdiction assessed under The Outer Continental Shelf Lands Act? | Admiralty Law - Memo 5 - MS.docx | LEGALEASE-00000413-LEGALEASE-00000415 |
| Upstate Shredding v. Carloss Well Supply Co., 84 F. Supp. 2d 357 | 25T+192 | A court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration. 9 U.S.C.A. S 1 et seq. | What aspects are considered by courts to determine arbitrability of a particular dispute? | Alternative Dispute Resolution - Memo 66 - JS.docx | LEGALEASE-00001426-LEGALEASE-00001427 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hess Collection Winery v. California Agr. Labor Relations Bd., 140 Cal. App. 4th 1584 | 231H+1520 | Resolution of disputed contract issues through a binding process is commonly referred to as "interest arbitration" in labor law; unlike grievance arbitration, it focuses on what the terms of a new agreement should be, rather than the meaning of the terms of the old agreement, and the arbitrator is not acting as a judicial officer, construing the terms of an existing agreement and applying them to a particular set of facts, but rather, he is acting as a legislator, fashioning new contractual obligations. | What is interest arbitration? | Alternative Dispute Resolution - Memo 25 - JS.docx | ROSS-003285005-ROSS-003285007 |
| Norris v. Bangor Pub. Co., 53 F.Supp.2d 495 | 237+48(1) | There are three categories of "public figures" who are subjected to higher burden of proof as defamation plaintiffs: (1) public figures for all purposes, who have assumed roles of especial prominence in the affairs of society or achieved pervasive fame or notoriety, or who occupy positions of persuasive power and influence; (2) involuntary public figures, who attain the status through no purposeful action; and (3) limited purpose public figures,who have thrust themselves to the forefront of particular public controversies in order to influence resolution of the issues involved. | What are the different categories of public figures recognized by law? | 005105.docx | LEGALEASE-00117203-LEGALEASE-00117204 |
| Ross v. Lowitz, 222 N.J. 494 | 386+2 | Strict liability without fault should not be imposed, whether that activity be classified as a nuisance or a trespass, absent intentional or hazardous activity requiring a higher standard of care or, as a result of some compelling policy reason. | Can strict liability without fault be imposed in nuisance or trespass actions when an intentional or hazardous activity requiring a higher standard of care or is absent? | Trespass -Memo 38 - RK.docx | ROSS-003283589-ROSS-003283590 |
| Stirling v. Garritee, 18 Md. 468 | 302+2 | The act of 1856, for simplifying pleadings and practice, abolishes old forms and provides and classifies new ones, but does not destroy the distinctive nature of actions. Substantial principles, underlying the system of jurisprudence, must be regarded, and must, to some extent, govern the forms of action. | "Despite the simplification brought in by the Act of 1856, is it necessary that a pleading must still regard substantial principles underlying the system of jurisprudence and govern the forms of action?" | 000857.docx | LEGALEASE-00117891-LEGALEASE-00117893 |
| Goldberg v. State Farm Auto. Mut. Ins. Co., 922 So. 2d 983 | 366+1 | To state a cause of action for equitable subrogation, the allegations of the complaint must demonstrate that: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | What must the allegations of the complaint demonstrate to state a cause of action for equitable subrogation? | Subrogation - Memo # 426 - C - SA.docx | ROSS-003285331 |
| Casstevens v. Smith, 269 S.W.3d 222 | 366+1 | Equitable subrogation is a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the party primarily liable. | Is equitable subrogation a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the party primarily liable? | Subrogation - Memo # 502 - C - NO.docx | ROSS-003311244-ROSS-003311246 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Beadall v. Moore, 199 A.D. 531 | 8.30E+11 | Place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to the nature, validity, interpretation, and effect by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place, especially where the note would be void in the place where made and valid where payable. | What is the general rule that governs the interpretation of a promissory note? | 009548.docx | LEGALEASE-00122324-LEGALEASE-00122325 |
| Texaco v. Short, 454 U.S. 516 | 92+3978 | Due process clause does not require defendant to notify a potential plaintiff that statute of limitations is about to run, although it certainly would preclude him from obtaining declaratory judgment that his adversary's claim is barred without giving notice of that proceeding. U.S.C.A.Const.Amends. 5, 14. | Does the Due Process Clause require a defendant to notify a potential plaintiff that a statute of limitations is about to run? | 017424.docx | LEGALEASE-00121904-LEGALEASE-00121905 |
| Am. Int'l Indus. v. Plumbers Woodwork Co., 114 Ga. App. 490 | 343+2433 | A plea of total failure of consideration includes a partial failure, and no abatement in amount sued for can be had unless amount thereof be shown by evidence, but it does not follow that where there is no valid plea of total failure of consideration, the plea of partial failure of consideration must allege the monetary extent of such partial failure as against a general demurrer or motion to strike where it sufficiently alleges the nature of the defect of the merchandise which was subject matter of contract. | Does a plea of total failure of consideration include a partial failure of consideration? | 022920.docx | LEGALEASE-00121932-LEGALEASE-00121933 |
| Roth v. Roth, 176 S.W.3d 735 | 307A+3 | While motion in limine is normally used to exclude evidence in jury trial that would be unfairly prejudicial or inflammatory, it should not be employed to choke off party's entire claim or defense. | "While motion in limine is normally used to exclude evidence in jury trial that would be unfairly prejudicial or inflammatory, should it be employed to choke off party's entire claim or defense?" | 024091.docx | LEGALEASE-00121898-LEGALEASE-00121899 |
| Dep't of Transp. v. Wallace Enterprises, 234 Ga. App. 1 | 307A+3 | "Motion in limine" is pretrial method of determining admissibility of evidence, as party may secure pretrial ruling on admissibility of evidence or ruling prohibiting any reference to certain evidence until its admissibility can be assessed in context of trial as it unfolds. | "Is a motion in limine pretrial method of determining admissibility of evidence, as party may secure pretrial ruling on admissibility of evidence or ruling prohibiting any reference to certain evidence until its admissibility can be assessed in context of trial as it unfolds?" | 024127.docx | LEGALEASE-00122003-LEGALEASE-00122005 |
| Jakobsen v. Colonial Pipeline Co., 237 Ga. App. 441 | 307A+3 | "Motion in limine" is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | "Is a motion in limine pretrial method of determining admissibility of evidence, as party may secure pretrial ruling on admissibility of evidence or ruling prohibiting any reference to certain evidence until its admissibility can be assessed in context of trial as it unfolds?" | Pretrial Procedure - Memo  # 177 - C - AP.docx | ROSS-003326425-ROSS-003326427 |
| State v. Winston, 71 Ohio App. 3d 154 | 110+632(4) | "Motion in limine" is request that court limit or exclude use of evidence which movant believes to be improper, and is made in advance of actual presentation of evidence to trier of fact, usually before trial. | "Is a motion in limine a request that the court limits or excludes the use of evidence which the movant believes to be improper, and is made in advance of the actual presentation of the evidence to the trier of fact?" | Pretrial Procedure - Memo  # 384 - C - NE.docx | ROSS-003283886-ROSS-003283887 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | "Subrogation" is the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the "subrogee," is placed in the shoes of the person who suffered the loss, the "subrogor." | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the ""subrogee,"" is placed in the shoes of the person who suffered the loss, the ""subrogor""?" | Subrogation - Memo # 528 - C - NO.docx | ROSS-003314741-ROSS-003314742 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Travelers Prop. Cas. Co. of Am., 485 S.W.3d 921 | 13+61 | As a general rule, a cause of action accrues when facts come into existence that authorize a party to seek a judicial remedy; in most cases, this occurs when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur. | Does a cause of action accrue when facts come into existence that authorize a party to seek a judicial remedy? | Action- Memo # 72 - C - LK.docx | ROSS-003299397-ROSS-003299398 |
| Genter v. Blair Cty. Convention & Sports Facilities Auth., 805 A.2d 51 | 148+2.1 | "De facto taking" occurs when entity clothed with power of eminent domain has, by even a non-appropriative act or activity, substantially deprived owner of beneficial use and enjoyment of his property. 26 P.S. S 1-502(e). | "What kind of taking occurs when an entity clothed with the power of eminent domain by even a non-appropriative act or activity, deprives an owner of the beneficial use and enjoyment of his property?" | Eminent Domain - Memo 207 - GP.docx | ROSS-003284901-ROSS-003284902 |
| In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | Under "act of state doctrine," every sovereign state is bound to respect the independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory; redress of grievances by reason of such acts must be obtained through means open to be availed of by sovereign powers as between themselves. | "Under the act of state doctrine, is every sovereign state bound to respect the independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory?" | International Law - Memo # 90 - C - LK.docx | ROSS-003310921-ROSS-003310922 |
| Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | The function of the act of state doctrine is to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations. | "Is the function of the act of state doctrine to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations?" | 019940.docx | LEGALEASE-00123624-LEGALEASE-00123626 |
| United States v. Keller, 451 F. Supp. 631 | 221+134 | Law of nations permits exercise of criminal jurisdiction by nation under five general principles: territorial, wherein jurisdiction is based on place where offense is committed; national, wherein jurisdiction is based on nationality or national character of offender; protective, wherein jurisdiction is based on whether national interest is injured; universal, which amounts to physical custody of offender; and passive personal, wherein jurisdiction is based on nationality or national character of victim. | What are the general principles under which the law of nations permits exercise of criminal jurisdiction? | 019988.docx | LEGALEASE-00123198-LEGALEASE-00123200 |
| Jota v. Texaco, 157 F.3d 153 | 221+342 | Under principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in United States. | "Under principles of international comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries?" | 020061.docx | LEGALEASE-00123428-LEGALEASE-00123429 |
| Pravin Banker Assocs. Ltd. v. Banco Popular Del Peru, 109 F.3d 850 | 221+342 | Under principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Under principle of comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries?" | 020075.docx | LEGALEASE-00123193-LEGALEASE-00123194 |
| Beagle v. Motor Vehicle Acc. Indemnification Corp., 44 Misc. 2d 636 | 221+136 | In a geographical sense, a "state" is the territory over which a particular body politic exercises sovereignty, and land over which state has neither title nor jurisdiction is not part of it, even though it may lie within its exterior boundaries. | "What does state in a geographical sense mean and does land over which a state has neither title nor jurisdiction, even though it may lie within its exterior boundaries, form a part of it?" | International Law - Memo # 261 - C - ANC.docx | ROSS-003286219-ROSS-003286220 |
| Bolmer v. Edsall, 90 N.J. Eq. 299 | 221+136 | The high seas being common to all mankind, vessels afloat upon it are regarded as parts of the territory of the nations whose flag they fly and to which they belong, and the ships of a nation, wherever they may be, are regarded as part of its territory. | "The high seas being common to all mankind, are vessels afloat upon it regarded as parts of the territory of the nations whose flag they fly and to which they belong, and the ships of a nation, wherever they may be, are regarded as part of its territory?" | International Law - Memo # 389 - C - SD.docx | ROSS-003315374-ROSS-003315375 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Tr. Co., 161 Misc. 903 | 221+134 | Power conferred on federal government of Russia to grant oil or mineral concessions cannot exclude power to assign property belonging to a state which arises under budgetary and financial powers of Union of Soviets and its centralized control of entire national economy. | Can power conferred on federal government to grant oil or mineral concessions exclude power to assign property belonging to a state which arises under budgetary and financial powers of the State? | 020283.docx | LEGALEASE-00123668-LEGALEASE-00123670 |
| Bryan v. Brown Childs Realty Co., 252 Ga. App. 502 | 307A+3 | Admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion, but the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Is admission or exclusion of evidence within the sound discretion of the trial court and how should the court exercise its power while granting of a motion in limine excluding evidence? | Pretrial Procedure - Memo # 111 - C - ANC (1).docx | ROSS-003329880-ROSS-003329881 |
| Rufo v. Simpson, 86 Cal. App. 4th 573 | 307A+3 | Ordinarily the opponent of evidence need not object until the evidence is introduced, and a pretrial motion in limine is merely an additional protective device for the opponent of the evidence, to prevent the proponent from even mentioning potentially prejudicial evidence to the jury. | Is a pretrial motion in limine merely an additional protective device for the opponent of the evidence to prevent the proponent from even mentioning potentially prejudicial evidence to the jury? | Pretrial Procedure - Memo # 210 - C - CRB.docx | ROSS-003312308-ROSS-003312310 |
| McMath v. Katholi, 304 Ill. App. 3d 369 | 307A+3 | Trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions only after the contested evidence is offered in the normal course of the trial. | Do trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions only after the contested evidence is offered in the normal course of the trial? | 038912.docx | LEGALEASE-00122982-LEGALEASE-00122983 |
| Jakobsen v. Colonial Pipeline Co., 237 Ga. App. 441 | 307A+3 | "Motion in limine" is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | "Is a motion in limine a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds?" | 038966.docx | LEGALEASE-00122974-LEGALEASE-00122975 |
| Philippine Exp. & Foreign Loan Guarantee Corp. v. Chuidian, 218 Cal. App. 3d 1058 | 221+342 | "Act of state doctrine" is judicially created doctrine treating as nonjusticiable claims that challenge certain acts of foreign sovereigns, where judicial resolution of such claims may embarrass United States foreign policy or otherwise intrude upon legitimate domain of executive branch of government. | Is the act of state doctrine a judicially created doctrine treating as nonjusticiable claims that challenge certain acts of foreign sovereigns? | International Law - Memo 600 - TH.docx | ROSS-003283612-ROSS-003283614 |
| DRFP L.L.C. v. Republica Bolivariana de Venezuela, No. 16-3960, 2017 WL 3635530 | 221+342 | An analysis under the act of state doctrine is not generally guided by an inflexible and all-encompassing rule; rather, the doctrine typically involves an assessment of the likely impact on international relations that would result from judicial consideration of the foreign sovereign's act. | "In determining applicability of ""act of state"" doctrine, is the likely impact on international relations that would result from judicial consideration of foreign sovereign's act relevant?" | 019846.docx | LEGALEASE-00124569-LEGALEASE-00124571 |
| West v. Multibanco Comermex, S.A., 807 F.2d 820 | 221+342 | "Act of state doctrine" prohibits United States courts from reaching merits of issue, even though they otherwise have jurisdiction, in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with conduct of our own foreign policy. | Does the act of state doctrine prohibit the United States courts from reaching the merits of an issue in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with foreign policy? | 020174.docx | LEGALEASE-00124992-LEGALEASE-00124993 |
| Duff & Phelps v. Vitro S.A.B. de C.V., 18 F. Supp. 3d 375 | 51+2341 | District court generally will afford comity to a foreign bankruptcy proceeding, so long as that proceeding abides by fundamental standards of procedural fairness and does not violate the laws or public policy of the United States. | "Will an American court afford comity to foreign bankruptcies only if those proceedings do not violate the laws or public policy of the United States, and if the foreign court abides by fundamental standards of procedural fairness?" | 020180.docx | LEGALEASE-00124286-LEGALEASE-00124288 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | Rather than formalistically applying act of state doctrine whenever it is technically available, a sort of balancing approach can be used to determine whether policies underlying doctrine justify its application. | "Rather than formalistically applying the act of state doctrine whenever it is technically available, can a sort of balancing approach be used to determine whether the policies underlying doctrine justify its application?" | International Law - Memo # 416 - C - MLS.docx | ROSS-003299405-ROSS-003299406 |
| Bank Tejarat v. Varsho-Saz, 723 F. Supp. 516 | 221+342 | "Act of state doctrine" provides that United States court will not adjudicate a politically sensitive dispute which would require court to judge legality of acts of foreign state completed within that state's territory. | Does the act of state doctrine provide that a United States court will not adjudicate a politically sensitive dispute which would require the court to judge the legality of acts of foreign state completed within that state's territory? | International Law - Memo # 421 - C - MLS.docx | ROSS-003284601-ROSS-003284602 |
| Warfaa v. Ali, 33 F. Supp. 3d 653 | 221+342 | An act that violates jus cogens norms of international law cannot serve as a basis for the act of state doctrine that would otherwise prevent federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Can an act that violates jus cogens norms of international law preclude the application of the act of state doctrine that would otherwise prevent federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | 020765.docx | LEGALEASE-00124299-LEGALEASE-00124301 |
| W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400 | 221+342 | Act of state doctrine does not establish exception to obligation of United States courts to decide cases and controversies for cases and controversies that may embarrass foreign governments, but merely requires that, in process of deciding, acts of foreign sovereigns taken within their own jurisdictions be deemed valid. | Does the act of state doctrine establish an exception to the obligation of the United States courts to decide for cases and controversies that may embarrass foreign governments? | 020817.docx | LEGALEASE-00124258-LEGALEASE-00124260 |
| Drexel Burnham Lambert Grp. Inc. v. Galadari, 610 F. Supp. 114 | 221+342 | As a general matter, act of state doctrine only applies to acts occurring within state's territorial boundaries, because it is usually only when state has actual power to complete action at issue within its own borders that state can be said to have a reasonable expectation of dominion over the matter; it is, in turn, only when state has such an expectation that judicial interference with its acts tends to vex relationship of United States with foreign government. | Does the act of state doctrine only apply to acts occurring within state's territorial boundaries? | 020910.docx | LEGALEASE-00124518-LEGALEASE-00124519 |
| Durdin v. Taylor, 159 Ga. App. 675 | 307A+1 | Preliminary hearing of defenses of lack of jurisdiction over person and improper venue, whether made in pleading or by motion, may be heard and determined by trial court before trial on application of any party, and factual issues shall be determined by trial court at such hearing. Code, S 81A-112(d). | "When may a preliminary hearing of defenses of lack of jurisdiction over a person and improper venue, whether made in pleading or by motion, be heard and determined by trial court?" | 031110.docx | LEGALEASE-00125136-LEGALEASE-00125137 |
| Carlson Heating v. Onchuck, 104 Wis. 2d 175 | 307A+1 | Every court has inherent power, exercisable in its sound discretion, consistent within Constitution and statutes, to control disposition of causes on its dockets with economy of time and effort. | "Does every court have an inherent power, exercisable in its sound discretion, consistent within Constitution and statutes, to control disposition of causes on its dockets with economy of time and effort?" | 031174.docx | LEGALEASE-00125207-LEGALEASE-00125209 |
| Fergus v. Songer, 150 Cal. App. 4th 552 | 30+3959 | Where the granting of a motion in limine disposes of one or more causes of action, it is the functional equivalent of the granting of a nonsuit as to those causes of action, and in such circumstances, the appellate court must view the evidence most favorably to appellants, resolving all presumptions, inferences, and doubts in their favor, and must uphold the judgment for appellee on the applicable causes of action only if it was required as a matter of law. | Is the granting of a motion in limine the functional equivalent of the granting of a nonsuit as to those causes of action as a matter of law? | 038280.docx | LEGALEASE-00124210-LEGALEASE-00124211 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Raymond City Coal & Transp. Corp. v. New York Cent. R. Co., 103 F.2d 56 | 70+30 | Tariff schedules are to be construed as a whole, including footnotes, according to their sense and meaning as collected in the first place from the terms used which are to be understood in their plain, ordinary and popular sense unless by the known usage of trade they have acquired a peculiar meaning distinct from the popular one or unless the context points out they must be understood in some special and peculiar sense. | "Should tariff schedules be construed as a whole, including footnotes?" | 042287.docx | LEGALEASE-00125242-LEGALEASE-00125243 |
| Anderson v. U.S. Fid. & Guar. Co., 1997 OK 124 | 366+7(1) | Surety's right of subrogation out of funds taken in completion of project for defaulting contractor in no event exists beyond extent necessary to reimburse itself for expenditures made in fulfilling its obligations on a bond. M.S.A. S 574.26. | Does a surety's right of subrogation out of funds taken in completion of a project for a defaulting contractor exist beyond the extent necessary to reimburse itself for expenditures made in fulfilling its obligations on a bond? | Subrogation - Memo 922 - RK.docx | ROSS-003297963-ROSS-003297964 |
| Am. Ins. Co. v. Ohio Bur. of Workers Comp., 62 Ohio App. 3d 921 | 366+7(1) | When equitable, surety is subrogated not only to rights of obligee but also to rights and remedies of principal against third parties, where those rights arise from or are closely related to debt that surety is called to pay under suretyship agreement. | "When equitable, is a surety subrogated not only to the rights of an obligee but also to the rights and remedies of the principal against third parties, where those rights arise from or are closely related to a debt that the surety is called to pay under the suretyship agreement?" | 044376.docx | LEGALEASE-00125525-LEGALEASE-00125526 |
| San Diego Metro. Transit Dev. Bd. v. Handlery Hotel, 73 Cal. App. 4th 517 | 148+87 | When a public entity condemns certain real property, and the removal or relocation of either tangible or intangible personal property is impossible due to the condemnatory act, the owner is entitled to be justly compensated for the loss of property, regardless of its nature. West's Ann.Cal. Const. Art. 1, S 19. | "Is the owner entitled to be justly compensated, if the removal or relocation of either tangible or intangible personal property is impossible due to the condemnatory act?" | Eminent Domain - Memo 253 - GP.docx | ROSS-003290105-ROSS-003290106 |
| Unity Real Estate Co. v. Hudson, 977 F. Supp. 717 | 148+2.2 | Even when regulation results in claimant's loss of property in its entirety, if government does not appropriate the property for its own use, but instead acts to ensure stability of private fund, then no unconstitutional taking can be found. U.S.C.A. Const.Amend. 5. | "Can a taking be found when a regulation results in a claimant's loss of property in its entirety, if the government does not appropriate the property for its own use, but instead acts to ensure the stability of a private fund?" | 017615.docx | LEGALEASE-00126509-LEGALEASE-00126510 |
| Mercer Cas. Co. v. Lewis, 41 Cal. App. 2d 918 | 13+65 | A court of equity having jurisdiction of the parties and of the subject matter will make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made rather than at the inception of the litigation. | Will a court of equity having jurisdiction of the parties and of the subject matter make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made? | Action - Memo # 875 - C - KBM.docx | ROSS-003286371-ROSS-003286373 |
| Broyles v. Com., 309 Ky. 837 | 302+248(1) | An amended or supplemental petition in any action is permissible where it sets up facts material to the case as presented or serves to explain or perfect or cover proof of the cause of action originally stated, except where it sets up lien notes which have become due pendente lite, but a new or additional cause of action cannot be thus begun and made retroactive, and in such a case the amendment takes effect only from time of filing. Civ.Code Prac. SS 134, 135. | Is an amended or supplemental petition in any action permissible? | Action - Memo # 911 - C - ES.docx | ROSS-003312796 |
| Raymond v. Raymond, 109 R.I. 265 | 79+66 | Although a clerk of court may, with respect to judicial proceedings, perform acts of ministerial and nondiscretionary character, he has no judicial powers in absence of some specific statutory and constitutional authority, and in such instances where judicial power is expressly given to him his power is to be strictly construed within language of provisions authorizing its exercise. | Are judicial powers granted to a clerk of the court strictly construed within the language of the provisions authorizing its exercise? | Clerks of court - Memo 59 - RK.docx | LEGALEASE-00017542-LEGALEASE-00017543 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Farley v. Dep't of Human Servs., 621 A.2d 404 | 148+2.2 | Concept of taking does not apply to overpayment of money to state by citizen, whether in form of welfare reimbursement, tax payment or fine under statute later declared unconstitutional. | "Does the concept of a taking apply to an overpayment of money to the state by a citizen, whether in the form of a welfare reimbursement tax payment, or a fine under statute later declared unconstitutional?" | 017686.docx | LEGALEASE-00127344-LEGALEASE-00127345 |
| Empress Casino Joliet Corp. v. W.E. O'Neil Const. Co., 2016 IL App (1st) 151166 | 366+35 | Competent parties to a construction contract are not prohibited by law or public policy from negotiating a full waiver of subrogation rights, regardless of fault, among themselves, so as to require one of them to obtain insurance and have the insurer provide the sole recovery for the identified. | Are competent parties to a construction contract prohibited by law or public policy from negotiating a full waiver of subrogation rights? | Subrogation - Memo # 1195 - C - KBM.docx | ROSS-003287020-ROSS-003287021 |
| Johnson v. Smith, 215 N.C. 322 | 13+65 | A counterclaim connected with plaintiff's cause of action or with subject of it will usually take its rise before action is brought, but it is not required that such counterclaim should entirely mature before action is commenced, nor even before answer is filed, but if provisions of Code permit, and justice requires amendment be allowed which will enable parties to end same controversy in one litigation. C.S. S 521(1). | Will a counterclaim connected with a plaintiff's cause of action take its rise before an action is brought? | 043272.docx | LEGALEASE-00128443-LEGALEASE-00128445 |
| Sourbier v. State, 498 N.W.2d 720 | 413+1 | Under workers' compensation law, employer provides, secures, or pays compensation for any and all personal injuries sustained by employee arising out of and in course of employment, and in such case, employer is relieved from other liability for recovery of damages or other compensation for such personal injury. I.C.A. S 85.3. | "Under workers compensation law, does an employer provide, secure, or pay compensation for any and all personal injuries sustained by an employee arising out of and in the course of employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury?" | 048555.docx | LEGALEASE-00128713-LEGALEASE-00128714 |
| Pulte Homes of New York v. Planning Bd. of Town of Carmel, 136 A.D.3d 643 | 228+303 | Where a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, a motion to amend a judgment is not the proper procedural mechanism to be employed, and relief should be sought through a direct appeal or by motion to vacate. McKinney's CPLR 5015(a), 5019(a). | When a movant seeks to change an order or judgment in a substantive manner should relief be sought through a direct appeal? | 008177.docx | LEGALEASE-00129059-LEGALEASE-00129060 |
| Levin & Sons v. Mathys, 409 N.E.2d 1195 | 307A+501 | In determining whether to grant a voluntary dismissal, court should follow traditional principle that dismissal should be allowed unless defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Rule TR. 41(A). | "In determining whether to grant a voluntary dismissal, should a court follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice?" | Pretrial Procedure - Memo # 1004 - C - SK.docx | ROSS-003300371-ROSS-003300372 |
| Edenfield v. Crisp, 186 So. 2d 545 | 307A+742.1 | Under his authority at pretrial conference, circuit court judge may narrow or clarify issues between parties, specify issues to be tried, specify any amendments to be made to pleadings, recognize admissions of fact and of documents, limit number of expert witnesses, make preliminary rulings on matters of law relating to case, and adjudge competency and admissibility of evidence. 30 F.S.A. Rules of Civil Procedure, rule 1.16. | What will a circuit court judge under his authority at pre-trial conference do? | 026594.docx | LEGALEASE-00129923-LEGALEASE-00129924 |
| Brown v. Brown, 110 Me. 280 | 307A+501 | Where a plea is filed setting up the pendency of a former suit, and it appears that the second suit was not brought to harass or vex defendant, and is not in fact vexatious, the second suit will be allowed to stand and the first to be discontinued. | "Where a plea is filed setting up the pendency of a former suit, and it appears that the second suit was not brought to harass or vex defendant, and is not in fact vexatious, will the second suit be allowed to stand and the first to be discontinued?" | Pretrial Procedure - Memo # 1623 - C - NS.docx | ROSS-003287663-ROSS-003287664 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hartford Acc. & Indem. Co. v. Duvall, 113 N.H. 28 | 413+1 | Workmen's compensation is remedial in character, designed to provide, in substitution for unsatisfactory common-law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination. | "Is workmens compensation remedial in character which is designed to provide, in substitution for unsatisfactory common-law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination?" | 047828.docx | LEGALEASE-00130147-LEGALEASE-00130148 |
| Lakes v. Marriott Corp., 264 Ga. .475 | 307A+501 | Intent of legislature in enacting statute regarding dismissal of actions was to give plaintiff opportunity to escape from untenable position and relitigate case, and thus there is no bad-faith exception to right to dismiss and later relitigate, despite inconvenience and irritation to defendant. O.C.G.A. S 9-11-41(a). | Is the intent of the legislature in enacting a statute regarding dismissal of actions to give a plaintiff opportunity to escape from an untenable position and relitigate the case? | Pretrial Procedure - Memo # 1217 - C - DA.docx | ROSS-003287693-ROSS-003287694 |
| Cotton v. Ostroski, 250 Neb. 911 | 307A+749.1 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | "Is the purpose of pretrial conference to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial?" | 027513.docx | LEGALEASE-00130747-LEGALEASE-00130748 |
| Church of Peace v. City of Rock Island, 357 Ill. App. 3d 47 | 371+2001 | Taxes are enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government; in contrast, a service charge or fees are contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield. | What is the contrast between a tax and a service charge? | Taxation - Memo # 179 - C - SS.docx | LEGALEASE-00021143-LEGALEASE-00021144 |
| Fiorito v. Bellocchio, 2013 IL App (1st) 121505 | 307A+517.1 | A plaintiff has the right to refile the cause of action within one year of the date of an order of voluntary dismissal, regardless of the fact that the statute of limitations may have run during that time. S.H.A. 735 ILCS 5/2-1009, 5/13-217. | "Does a plaintiff have the right to refile the cause of action within one year of the date of the dismissal order, regardless of the fact that the statute of limitations may have run during that time?" | 027638.docx | LEGALEASE-00132266-LEGALEASE-00132267 |
| Neff v. Rose, 546 So. 2d 480 | 307A+749.1 | Although pretrial orders assist the trial court in the orderly management of its cases, severe limitation of a party's rights for the technical, though justifiable, violation of a pretrial order is not authorized. LSA-C.C.P. art. 1551. | "Although pretrial orders assist the trial court in the orderly management of its cases, severe limitation of a party's rights for the technical, though justifiable, violation of a pretrial order authorized?" | Pretrial Procedure - Memo # 2332 - C - KG.docx | ROSS-003288202-ROSS-003288203 |
| Reynolds v. Murphy, 266 S.W.3d 141 | 307A+517.1 | Although a nonsuit may have the effect of vitiating a trial court's earlier interlocutory orders, a nonsuit does not vitiate a trial court's previously-made decisions on the merits, such as a summary judgment, or even a partial summary judgment, which becomes final upon disposition of the other issues in the case. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Although a nonsuit may have the effect of vitiating a trial court's earlier interlocutory orders, does a nonsuit vitiate a trial court's previously-made decisions on the merits?" | 027836.docx | LEGALEASE-00131951-LEGALEASE-00131952 |
| Valladares v. Valladares, 438 N.Y.S.2d 810 | 307A+502 | Generally, leave to discontinue action without prejudice should not be granted to enable plaintiff to circumvent effect of court order in defendant's favor, since prejudice would inure to defendant. CPLR 3217(b). | "Should leave to discontinue an action without prejudice generally not be granted to enable a plaintiff to circumvent an effect of a court order in a defendant's favor, since prejudice would inure to a defendant?" | Pretrial Procedure - Memo # 2745 - C - SHB.docx | ROSS-003290631-ROSS-003290632 |
| In re Sewell, 472 S.W.3d 449 | 307A+486 | Where a party moves to withdraw deemed admissions that are merit-preclusive, due process requires the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from flagrant bad faith or callous disregard of the rules. U.S. Const. Amend. 14. | "Does due process require the party opposing withdrawal of deemed admissions that are merit preclusive, to prove that the moving party's failure to answer the admissions resulted from flagrant bad faith or callous disregard of the rules?" | Pretrial Procedure - Memo # 2235 - C - VA.docx | ROSS-003287433-ROSS-003287434 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | A trial court has discretion to defer signing an order of dismissal so that it can allow a reasonable amount of time for holding hearings on these matters which are collateral to the merits of the underlying case; although the civil procedure rule governing nonsuits permits motions for costs, attorney fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does the trial court have discretion to defer signing an order of dismissal so that it can allow a reasonable amount of time for holding hearings on matters which are collateral to the merits of the underlying case? | Pretrial Procedure - Memo # 2307 - C - NS.docx | ROSS-003327933-ROSS-003327934 |
| Boyd v. Boyd, 83 So. 3d 409 | 307A+483 | Matters will be deemed admitted if no response to request for admission is submitted after 30 days, unless the court allows for either a shorter or longer period of time in which to answer; however, the trial court, on motion, has the discretion to permit withdrawal or amendment of a matter admitted when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Rules Civ.Proc., Rule 36(a, b). | "Will matters be deemed admitted if no response to request for admission is submitted after thirty days, unless the court allows for either a shorter or longer period of time in which to answer?" | 028382.docx | LEGALEASE-00132860-LEGALEASE-00132861 |
| Lacombe v. Carter, 975 So. 2d 687 | 386+46(3) | In an action for trespass, it is incumbent upon plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass; the damages must be proved by a preponderance of the evidence, and this burden of proof may be met by either direct or circumstantial evidence. | Is it incumbent upon the plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass? | 047314.docx | LEGALEASE-00133283-LEGALEASE-00133284 |
| United Air Lines Transp. Corp. v. Indus. Comm'n, 107 Utah 52 | 413+1 | "Workmen's compensation" is the name commonly used to designate the method and means created by statute for giving greater protection and security to the workman and his dependents against injury and death occurring in the course of employment. Utah Code 1943, 42-1-1 et seq. | Is workmens compensation the name commonly used to designate the method and means created by statute for giving greater protection and security to the workman and his dependents against injury and death occurring in the course of employment? | Workers Compensation - Memo #241 ANC.docx | ROSS-003301368-ROSS-003301369 |
| Williams v. Nat'l Mortg. Co., 903 S.W.2d 398 | 307A+517.1 | Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, claim for affirmative relief filed after notice of lawsuit is usually ineffective to prevent termination of lawsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, is a claim for affirmative relief filed after notice of nonsuit is usually ineffective to prevent termination of lawsuit?" | 028251.docx | LEGALEASE-00133608-LEGALEASE-00133609 |
| Urbonowicz v. Yarinsky, 290 A.D.2d 922 | 307A+517.1 | Unlike a motion for change of venue which involves the affirmative selection of another forum, a court in granting discontinuance merely makes it possible for the action to be brought elsewhere. | "Unlike a motion for change of venue, which involves the affirmative selection of another forum, does a court in granting discontinuance merely make it possible for the action to be brought elsewhere?" | 028661.docx | LEGALEASE-00133846-LEGALEASE-00133847 |
| Weaver v. Prince George's Cty., 281 Md. 349 | 371+2001 | Though nature of any tax should be determined by reference to its actual operation and practical effect, rather than by any particular descriptive language which may have been employed by legislative body, declaration of the Legislature as to character of a levy is entitled to considerable weight in Court of Appeals' own independent determination. | Should the nature of a tax be determined by reference to its actual operation and practical effect rather than by any particular descriptive language? | 045125.docx | LEGALEASE-00133895-LEGALEASE-00133897 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Richman v. Coughlin, 75 S.W.3d 334 | 307A+517.1 | Once plaintiff files voluntary dismissal of his or her petition, nothing remains before the court upon which it can act, and even an order reinstating the case on the trial docket at plaintiff's request would be null; the legal situation is as though the suit had never been brought. V.A.M.R. 67.02(a). | "Once a plaintiff files voluntary dismissal of his or her petition, does nothing remains before the court upon which it can act, and even an order reinstating the case on the trial docket at a plaintiff's request would be null?" | 028437.docx | LEGALEASE-00134052-LEGALEASE-00134053 |
| Fantony v. Fantony, 21 N.J. 525 | 221+162 | Comity, in legal sense, is neither a matter of absolute obligation on one hand nor of mere courtesy and good will upon the other, but is the recognition which one nation allows within its territory to legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience and to rights of its own citizens or of other persons who are under the protection of its laws. | "What is comity, in a legal sense?" | 020727.docx | LEGALEASE-00135731-LEGALEASE-00135733 |
| City of Ashland v. Ashland Salvage, 271 Neb. 362 | 307A+486 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | "Does a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permit withdrawal of the admission?" | 028771.docx | LEGALEASE-00135073-LEGALEASE-00135074 |
| Ziegler v. Klein, 590 So. 2d 1066 | 307A+715 | When undisputed facts reveal that physical condition of either counsel or client prevents fair and adequate presentation of case, failure to grant continuance is reversible error. | "When undisputed facts reveal that physical condition of either counsel or client prevents fair and adequate presentation of a case, is failure to grant a continuance reversible error?" | 029239.docx | LEGALEASE-00135413-LEGALEASE-00135414 |
| Fid.-Phenix Fire Ins. Co. v. Oliver, 25 Tenn. App. 114 | 307A+716 | Where it is shown that defendant's attorney has withdrawn from case, it is court's duty to continue case sufficient length of time to permit defendant to employ other counsel and enable such counsel to investigate case and make defense. | "Where it is shown that defendant's attorney has withdrawn from case, is it a court's duty to continue case a sufficient length of time to permit defendant to employ other counsel and enable such counsel to investigate the case and make defense?" | 029262.docx | LEGALEASE-00135745-LEGALEASE-00135746 |
| Bezou v. Bezou, 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So. 3d 488 | 307A+485 | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | Does the trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine? | 029738.docx | LEGALEASE-00135721-LEGALEASE-00135722 |
| J.M. Parker & Sons v. William Barber, 208 N.C. App. 682 | 307A+476 | In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request; failure to do so means that the facts in question are judicially established. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "In order to avoid having requests for admissions deemed admitted, must a party timely respond if there is any objection whatsoever to the request and failure to do so means that the facts in question are judicially established?" | 029748.docx | LEGALEASE-00135938-LEGALEASE-00135939 |
| Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 308 | 307A+483 | Rule governing deemed admissions is not intended to provide a windfall to litigants, nor is it to be used as a "gotcha" device or as a trap to prevent the presentation of the truth in a full hearing; instead, it is to be used as a tool for the fair disposition of litigation with a minimum of delay. Trial Procedure Rule 36(B). | "Is the rule governing deemed admissions intended to provide a windfall to litigants, or is it to be used as a trap to prevent the presentation of the truth in a full hearing?" | 029796.docx | LEGALEASE-00135184-LEGALEASE-00135185 |
| Schindler v. AG Aero Distributors, 502 S.W.2d 581 | 307A+483 | The trial court has considerable discretion in refusing or granting motion to deem admitted the matters inquired about in a request for admission where there is neither answer nor denial within the time specified in the request. Rules of Civil Procedure, rule 169. | Does the trial court under the rule governing requests for admissions have considerable discretion in refusing or granting a motion to deem answers admitted? | Pretrial Procedure - Memo # 3850 - C - NE.docx | LEGALEASE-00025702-LEGALEASE-00025703 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Empress Casino Joliet Corp. v. Balmoral Racing Club, 651 F.3d 722 | 170B+2036 | The mere use of the word "tax" in an act primarily designed to define and suppress crime is not enough to show that within the true intendment of the term a tax was laid, within meaning of the Tax Injunction Act; when by its very nature the imposition is a penalty, it must be so regarded. 28 U.S.C.A. S 1341. | "Is the mere use of word ""tax"" enough to show that within true intendment of the term, a tax was laid, for when by its very nature the imposition is a penalty?" | Taxation - Memo # 449 - C - SS.docx | ROSS-003290175-ROSS-003290177 |
| Benson v. Benson, 66 Nev. 94 | 307A+716 | Withdrawal on eve of trial of attorney for one of parties to a divorce action, leaving such party unprepared for trial, is not ipso facto a ground for continuance, particularly where withdrawal is unexplained, where no diligence in inducing counsel to remain in case or in securing new counsel is disclosed, and where it is not shown that party is free from fault in matter. | Is it the general rule that an attorney's withdrawal on the eve of the trial of a civil case is not ipso facto grounds for a continuance? | 029284.docx | LEGALEASE-00136538-LEGALEASE-00136539 |
| Harms v. Simkin, 322 S.W.2d 930 | 307A+716 | Whether there has been an abuse of discretion on part of court in directing that a trial proceed in absence of an attorney for party depends upon particular facts and circumstances in a given case. | Does the question of whether there has been an abuse of discretion on part of court in directing that a trial proceed in absence of an attorney for party depend upon particular facts and circumstances in a given case? | 029353.docx | LEGALEASE-00136189-LEGALEASE-00136191 |
| First Interstate Bank of Texas, N.A. v. Burns, 951 S.W.2d 237 | 307A+716 | Tribunal must grant legislative continuance unless party employed legislator-attorney within ten days of trial on the merits or unless continuance would interfere with any party's due process rights; under those circumstances, tribunal has discretion to deny continuance. V.T.C.A., Civil Practice & Remedies Code S 30.003(b, c). | Should a tribunal grant legislative continuance unless party employed legislator-attorney within ten days of trial on the merits or unless continuance would interfere with any party's due process rights? | 029493.docx | LEGALEASE-00136595-LEGALEASE-00136596 |
| Lucas v. Clark, 347 S.W.3d 800 | 307A+483 | Generally, when a party fails to respond to a request for admission, either by timely answer, written objection, or motion to file late answers, the facts contained in the request are deemed admitted. | "Generally, when a party fails to respond to a request for admission, either by the timely answer, written objection, or motion to file late answers, are the facts contained in the request deemed admitted?" | 029853.docx | LEGALEASE-00136862-LEGALEASE-00136863 |
| Miller v. Am. Greetings Corp., 161 Cal. App. 4th 1055 | 307A+485 | Awarding costs of proof is improper if the party who denied the request for admission held a reasonably entertained good faith belief it would prevail on the issue at trial. West's Ann.Cal.C.C.P. S 2033(o) (Repealed). | Is awarding costs of proof improper if the party who denied the request for admission held a reasonably entertained good faith belief it would prevail on the issue at trial? | Pretrial Procedure - Memo # 3725 - C - KS.docx | ROSS-003291710-ROSS-003291711 |
| Bray v. Miller, 397 S.W.2d 103 | 307A+723.1 | Rules relating to continuances merely prescribe certain requisites of application and if an application for continuance does not conform to provisions of statute or rule regulating such application, granting of relief is within sound discretion of court. Rules of Civil Procedure, rules 251, 252. | "Do rules relating to continuances merely prescribe certain requisites of the application and is the granting of relief within the sound discretion of court, if an application for continuance does not conform to the provisions of a statute or rule regulating such application?" | 030241.docx | LEGALEASE-00136792-LEGALEASE-00136793 |
| Matthews v. Matthews, 184 So. 3d 173 | 307A+716 | Mere allegations of indisposition of principal trial counsel do not entitle movant to a continuance, and trial court's denial of continuance will be upheld where circumstances of case induce belief that motion was made merely for delay. LSA-C.C.P. art. 1601. | "Do mere allegations of indisposition of a principal trial counsel entitle a movant to a continuance, and will trial court's denial of continuance be upheld where circumstances of case induce belief that motion was made merely for delay?" | 030260.docx | LEGALEASE-00136920-LEGALEASE-00136921 |
| Matter of Safriet, 112 N.C. App. 747 | 307A+725 | Before ruling on motion for continuance, judge should hear the evidence, pro and con, consider it judicially, along with whether moving party has acted with diligence and in good faith, and then rule with view to promoting substantial justice. | "Before ruling on a motion to continue, should a judge hear the evidence pro and con, consider it judicially with a view to promoting substantial justice?" | Pretrial Procedure - Memo # 4390 - C - ES.docx | ROSS-003304594-ROSS-003304595 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Trummel v. Mitchell, 156 Wash. 2d 653 | 307A+725 | In exercising its discretion whether to grant a continuance, a court may properly consider the necessity of reasonably prompt disposition of the litigation, the needs of the moving party, the possible prejudice to the adverse party, the prior history of the litigation, including prior continuances granted the moving party, any conditions imposed in the continuances previously granted, and any other matters that have a material bearing upon the exercise of the discretion. | What should a court consider in exercising its discretion whether to grant a continuance? | Pretrial Procedure - Memo # 4765 - C - ES.docx | ROSS-003318735-ROSS-003318736 |
| Friedman v. Heart Inst. of Port St. Lucie, 863 So. 2d 189 | 307A+36.1 | While the general rule is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable. | "Where financial materials sought by a party would appear to be relevant to the subject matter of the pending action, is the information fully discoverable?" | Pretrial Procedure - Memo # 4540 - C - NS.docx | ROSS-003304624-ROSS-003304625 |
| Wisegarver v. Yinger, 122 S.W. 925 | 307A+74 | The certificate of the officer taking depositions on written interrogatories propounded under the general statute need not show that the witnesses were first cautioned and sworn to testify to the truth; the statute relating thereto applying only to depositions taken under oral examination. | Does the certificate of the officer taking depositions on written interrogatories propounded under the general statute need not show that the witnesses were first cautioned and sworn to testify to the truth? | 031801.docx | LEGALEASE-00138266-LEGALEASE-00138267 |
| Desselles v. Mossy Motors, 442 F. Supp. 897 | 89+473 | Under Louisiana law, when creditor settles with advance remission as to one of two solidary obligors, creditors thereafter can claim only one-half debt from obligor who has not been released whether obligation be one arising in contract or tort. LSA-C.C. art. 2203. | "When a creditor settles with and grants a remission as to one of two solidary obligors, can the creditor thereafter claim one-half the debt from the obligor who has not been released whether the obligation be one arising in contract or tort?" | Subrogation - Memo # 1229 - C - NE.docx | ROSS-003302194-ROSS-003302195 |
| City of Evanston v. Piotrowicz, 20 Ill. 2d 512 | 308+120(2) | Agency may be established and its nature and extent shown by parol evidence, whether direct or circumstantial, and reference may be had to the situations of parties and property, acts of parties, and other circumstances germane to the question and if the evidence shows one acting for another under circumstances implying knowledge on the part of the supposed principal of such acts, a prima facie case of agency is established. | How is the nature and extent of agency shown by parol evidence? | Principal and Agent - Memo 104 - GP.docx | ROSS-003303102-ROSS-003303103 |
| United States v. Holmes, 618 F. Supp. 2d 529 | 34+36 | A federal district court is not precluded from jurisdiction over a criminal prosecution simply because the Uniform Code of Military Justice gives jurisdiction to punish a member of the armed forces for crimes committed on military installations. | Is a federal district court precluded from jurisdiction simply because the Uniform Code of Military Justice gives jurisdiction to punish a member of the armed forces for crimes committed on military installations? | 008616.docx | LEGALEASE-00141649-LEGALEASE-00141650 |
| State, ex rel. GMS Mgt. Co., v. Callahan, 65 Ohio App. 3d 335 | 307A+723.1 | Statute providing for continuance in forcible entry and detainer actions does not give trial court any discretion in deciding whether bond must be posted when continuance requested by defendant is for more than eight days; pursuant to statute, posting of bond is prerequisite to granting of such a continuance. R.C. S 1923.08. | Does the statute providing for a continuance in forcible entry and detainer actions give a trial court any discretion in deciding whether a bond must be posted when continuance requested by the defendant is for more than eight days? | 030718.docx | LEGALEASE-00141316-LEGALEASE-00141317 |
| Heubel Materials Handling Co. v. Universal Underwriters Ins. Co., 704 F.3d 558 | 366+35 | Under Missouri law, in determining the effect of subrogation waiver clauses upon indemnification provisions, the court must rely on the plain and ordinary meaning of the words in the contract and consider the document as a whole; it is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional or nonsensical. | Should a court rely on the plain and ordinary meaning of the words in a contract and consider the document as a whole while determining the effect of subrogation waiver clauses upon indemnification provisions? | 043577.docx | LEGALEASE-00140923-LEGALEASE-00140924 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Buckstaff Bath House Co. v. McKinley, 198 Ark. 91 | 371+3251 | An "excise," in its original sense, was something cut off from the price paid on a sale of goods as a contribution to the support of the government, but in its broader meaning it includes every form of taxation which is not a burden laid directly upon persons or property. | "Does excise include every form of taxation which is not a burden laid directly upon persons or property, in its broader meaning?" | 045146.docx | LEGALEASE-00140871-LEGALEASE-00140872 |
| W.S. Butterfield Theatres v. Dep't of Revenue, 353 Mich. 345 | 371+3621 | Restriction that power of taxation shall not be so exercised as to deny to any the equal protection of the laws does not compel adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in selection of subject, or classification for taxation of property, businesses, trades, callings, or occupations. | Does the restriction that the power of taxation shall not be so exercised as to deny to any the equal protection of the laws prevent differences in taxation? | 045177.docx | LEGALEASE-00141103-LEGALEASE-00141104 |
| Tennessee Gas Pipeline Co. v. Marx, 594 So. 2d 615 | 371+2005 | Interstate taxpayer may be required to contribute not only to cost of services performed by state on account of particular transaction which forms basis for tax, but for all governmental services including those from which entity arguably received no direct benefit. U.S.C.A. Const. Art. 1, S 8, cl. 3; Amends. 5, 14. | Is an interstate taxpayer required to contribute to cost of services performed by state on account of particular transaction which forms basis for tax? | 045419.docx | LEGALEASE-00140995-LEGALEASE-00140996 |
| In re Turner, 119 F. 231 | 34+36 | An officer of the United States army acting in the discharge of his duty, in obedience to orders of the secretary of war, who in turn is executing an act of congress, is not subject to arrest on a warrant or order of a state court. | "Is an officer of the United States army who is acting in the discharge of his duty, in obedience to orders of the secretary of war, who in turn is executing an act of congress, subject to arrest on a warrant or order of a state court?" | 008627.docx | LEGALEASE-00142262-LEGALEASE-00142263 |
| Nat. Gas Pipeline Co. of Am. v. Pool, 30 S.W.3d 618 | 260+51(5) | Good faith, as it applies to a trespasser under a mineral lease, is not determined by whether the entry is permissive, but by the belief of the one who enters that he had the right to enter and develop the minerals under the lease, and the damages for which a good faith trespasser is liable are limited to the value of the minerals removed, less drilling and operating costs. | Is a good faith trespasser liable in damages only for the value of the minerals removed less drilling and operating costs? | Mines and Minerals - Memo #214 - C - CSS.docx | ROSS-003291092-ROSS-003291093 |
| Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117 | 307A+554 | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | "When deciding a motion to dismiss based on lack of subject matter jurisdiction, must a trial court determine whether the complaint states facts that would vest the court with subject matter jurisdiction?" | 033443.docx | LEGALEASE-00142973-LEGALEASE-00142974 |
| Verploegh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+690 | Dismissal of a cause with prejudice under Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process is a harsh penalty which is justified when the delay in service is of a length which denies a defendant a fair opportunity to investigate the circumstances upon which liability against the defendant is predicated while the facts are accessible. Sup.Ct.Rules, Rule 103(b). | Is dismissal of a cause with prejudice under Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process a harsh penalty? | Pretrial Procedure - Memo # 6233 - C - DHA.docx | ROSS-003304849 |
| Mercantile Capital, LP v. Fed. Transtel, 193 F. Supp. 2d 1243 | 170B+2791 | If plaintiff sustains initial burden of alleging personal jurisdiction, burden shifts to defendant to make prima facie evidentiary showing by affidavits or otherwise, that personal jurisdiction is not present; if defendant sustains that responsibility, plaintiff is then required to substantiate jurisdictional allegations in complaint by affidavits or other competent proof, and may not merely reiterate factual allegations in complaint. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A. | "On a motion to dismiss for want of personal jurisdiction, is the plaintiff required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof?" | 033745.docx | LEGALEASE-00143570-LEGALEASE-00143571 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cuozzo v. Town of Orange, 315 Conn. 606 | 307A+685 | If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits or other evidence, the trial court may dismiss the action without further proceedings; if, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations, or only evidence that fails to call those allegations into question, the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. Practice Book 1998, S 10-30. | "If affidavits and/or other evidence conclusively establish that jurisdiction is lacking, may the trial court dismiss the action without further proceedings?" | 033830.docx | LEGALEASE-00142758-LEGALEASE-00142759 |
| Welsh v. Hosp. Corp. of Utah, 2010 UT App 171 | 307A+44.1 | A trial court need not specifically state that willfulness, bad faith, fault, or persistent dilatory tactics are present to impose sanctions for discovery violations or noncompliance with a court's scheduling order. Rules Civ.Proc., Rules 16(b)(3), 37(b)(2). | "Need a trial court not specifically state that willfulness, bad faith, fault, or persistent dilatory tactics are present to impose sanctions for discovery violations or noncompliance with a court's scheduling order?" | Pretrial Procedure - Memo # 6435 - C - AP.docx | ROSS-003318370-ROSS-003318371 |
| Madera Production Co. v. Atlantic Richfield Co., 107 S.W.3d 652 | 401+5.1 | Action to recover contract damages was ultimately dependent upon proof of ownership rights in mineral lease, and thus the only proper venue was the county in which the relevant real property was located; the party seeking contract damages amended its pleading to exclude real property issues such as title and ownership, but the issue of contract damages required determination of ownership rights in the mineral lease, and the Civil Practice and Remedies Code provided that actions on real property interests could only be filed where the relevant land was located. V.T.C.A., Civil Practice & Remedies Code SS 15.002(a), 15.004, 15.011; Vernon's Ann.Texas Rules Civ.Proc., Rule 87. | "If an action to recover contract damages is ultimately dependent upon proof of ownership rights in a mineral lease, is the proper venue the county in which the relevant land is located?" | 047528.docx | LEGALEASE-00143349-LEGALEASE-00143350 |
| Admiral Mortg. v. Cooper, 357 Md. 533 | 307A+46 | Appropriate sanction for discovery or scheduling order violation is largely discretionary with the trial court, and the more draconian sanctions, of dismissing claim or precluding evidence necessary to support a claim, are normally reserved for persistent and deliberate violations that actually cause some prejudice, either to party or to court. | Is the appropriate sanction for a discovery or scheduling order violation largely discretionary with the trial court? | Pretrial Procedure - Memo # 6145 - C - AP.docx | ROSS-003316559-ROSS-003316561 |
| Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 313+63 | A further purpose of rule requiring a plaintiff to exercise reasonable diligence to obtain service on a defendant is to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss when service is not effected with reasonable diligence. Sup.Ct.Rules, Rule 103(b). | Is a further purpose of rule requiring a plaintiff to exercise reasonable diligence to obtain service on a defendant to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss? | Pretrial Procedure - Memo # 6171 - C - KBM.docx | ROSS-003289795-ROSS-003289796 |
| Jansen v. Lichwa, 13 Ariz. App. 168 | 307A+309 | Where there has been noncompliance with discovery rules and pretrial order, trial judge is given broad discretion in assuring that there is adequate opportunity for discovery and that parties are not unduly prejudiced. 17 A.R.S. Uniform Rules of Practice in the Superior Court, rule VIII. | "Where there has been noncompliance with discovery rules and a pretrial order, is a trial judge given broad discretion in assuring that there is adequate opportunity for discovery and that party are not unduly prejudiced?" | 034309.docx | LEGALEASE-00144211-LEGALEASE-00144212 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United Excavating & Wrecking v. J. L. Wroan & Sons, 43 Ill. App. 3d 101 | 30+3324 | In general, imposition of sanctions for noncompliance with rules relating to discovery and other pretrial procedures rests largely within discretion of trial court and exercise of that discretion will not be interfered with unless it appears that trial court is guilty of apparent abuse of discretion. Supreme Court Rules, rule 219(c), S.H.A. ch. 110A, S 219(c). | "In general, does imposition of sanctions for noncompliance with rules relating to discovery and other pretrial procedures rest largely within discretion of trial court?" | 034324.docx | LEGALEASE-00144293-LEGALEASE-00144294 |
| EMM Enterprises Two v. Fromberg, Perlow & Kornik, P.A., 202 So. 3d 932 | 307A+563 | Before a court may dismiss a cause as a sanction for willful noncompliance with court order, it must first consider the appropriate factors and set forth explicit findings of fact in the order that imposes the sanction of dismissal; the six Kozel factors to be considered are whether (1) the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) the attorney has been previously sanctioned; (3) the client was personally involved in the act of disobedience; (4) the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) the attorney offered reasonable justification for noncompliance; and (6) the delay created significant problems of judicial administration. | "Before a court may dismiss a cause as a sanction for willful noncompliance with court order, should it first consider the appropriate factors and set forth explicit findings of fact in the order that imposes the sanction of dismissal?" | 034428.docx | LEGALEASE-00143671-LEGALEASE-00143672 |
| Oluwabukola Olawoye v. Olufisayo Arubuola, 198 So. 3d 1086 | 307A+746 | Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment; however, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order that the party's conduct was willful and contumacious. West's F.S.A. RCP Rule 1.200(c). | "Can a court impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party?" | 034561.docx | LEGALEASE-00143979-LEGALEASE-00143980 |
| Jeganathan v. O'Reilly, 195 Misc. 2d 197 | 307A+746 | When a plaintiff's Supreme Court case is dismissed for failure to appear at a scheduled calendar call or conference, it may only be restored upon a showing of both a reasonable excuse for the default in failing to appear at the conference and a meritorious cause of action. McKinney's CPLR 3404; N.Y.Ct.Rules, S 202.27(b). | "When a plaintiff's case is dismissed for failure to appear at a scheduled calendar call or conference, can it only be restored upon a showing of both a reasonable excuse for the default in failing to appear at the conference and a meritorious cause of action?" | 034598.docx | LEGALEASE-00143965-LEGALEASE-00143966 |
| Herrick v. Monkey Farm Cafe, 163 Conn. App. 45 | 307A+563 | Although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority, the court should be reluctant to employ the sanction of dismissal except as a last resort. | "Although dismissal of an action is not an abuse of discretion where a party shows a deliberate disregard for the court's authority, should the court be reluctant to employ the sanction of dismissal except as a last resort?" | 034612.docx | LEGALEASE-00144191-LEGALEASE-00144192 |
| Flagg v. Judd, 198 So. 3d 665 | 307A+46 | The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. West's F.S.A. RCP Rule 1.380(b)(2)(C). | Is it an abuse of the trial court's discretion to dismiss an action for failure to obey a court order without making express written findings of fact supporting the conclusion? | Pretrial Procedure - Memo # 6872 - C - RF.docx | LEGALEASE-00034575-LEGALEASE-00034576 |
| In re Gen. Motors Corp., 296 S.W.3d 813 | 13+69(7) | Even when the trial court lacks subject-matter jurisdiction to adjudicate certain claims that are within the administrative agency's exclusive jurisdiction, the court still has the power to either abate or dismiss those claims. | "Even when the trial court lacks subject-matter jurisdiction to adjudicate certain claims that are within the administrative agency's exclusive jurisdiction, does the court still have the power to either abate or dismiss those claims?" | 033124.docx | LEGALEASE-00146146-LEGALEASE-00146148 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Total Holdings USA v. Curran Composites, 999 A.2d 873 | 92+3963 | When deciding a motion to dismiss for lack of personal jurisdiction, the court is to decide, first, whether jurisdiction is appropriate under a relevant statute and, if so, whether the exercise of such jurisdiction would offend the defendant's due process rights under the Fourteenth Amendment of the United States Constitution. U.S.C.A. Const.Amend. 14. | "When deciding a motion to dismiss for lack of personal jurisdiction, is the court to decide, first, whether jurisdiction is appropriate under a relevant statute?" | 033191.docx | LEGALEASE-00145250-LEGALEASE-00145251 |
| Gautreaux v. Maya, 112 So. 3d 146 | 307A+563 | When reviewing case for fraud on court justifying dismissal of action, court should consider proper mix of factors and carefully balance policy favoring adjudication on merits with competing policies to maintain integrity of judicial system. | "When reviewing case for fraud on court justifying dismissal of action, should a court consider a proper mix of factors and carefully balance a policy favoring adjudication on merits?" | 034148.docx | LEGALEASE-00145469-LEGALEASE-00145471 |
| Cox v. Burke, 706 So. 2d 43 | 307A+563 | When reviewing case for fraud on court justifying extraordinary measure of dismissal, court should consider proper mix of factors and carefully balance policy favoring adjudication on merits with competing policies to maintain integrity of judicial system. | "When reviewing case for fraud on a court justifying an extraordinary measure of dismissal, should a court consider a proper mix of factors and carefully balance policy favoring adjudication?" | 10861.docx | LEGALEASE-00094315-LEGALEASE-00094316 |
| Simeon v. Hardin, 339 N.C. 358 | 13+6 | Whenever during the course of litigation it develops that relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, case should be dismissed, for courts will not entertain action merely to determine abstract propositions of law; if the issues before court become moot at any time during course of the proceedings, the usual response is to dismiss the action. | Should a case be dismissed if during litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue? | Pretrial Procedure - Memo # 7100 - C - BP.docx | ROSS-003286124-ROSS-003286125 |
| Ex parte Folmar Kenner, 43 So. 3d 1234 | 307A+563 | The determination of whether a party's conduct was willful or contumacious, so as to warrant a dismissal with prejudice, is within the trial court's discretion; because the trial judge is in the best position to assess party's conduct and the degree of noncompliance with court orders, decision to grant a motion to dismiss with prejudice for such noncompliance will be accorded considerable weight. Rules Civ.Proc., Rule 41(b). | "Is the determination of whether a party conduct was willful or contumacious, so as to warrant a dismissal with prejudice, within the trial court discretion?" | 035296.docx | LEGALEASE-00145575-LEGALEASE-00145576 |
| Schrager v. Bailey, 2012 IL App (1st) 111943 | 307A+561.1 | A dismissal pursuant to statutory provision that allows for an involuntary dismissal based upon certain defects or defenses is proper where the plaintiff's claim against the defendant is barred by affirmative matter avoiding the legal effect of or defeating the claim; "affirmative matter" is something in the nature of a defense, negating the cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Is it proper for a dismissal to allow an involuntary dismissal based upon certain defects or defenses? | 11048.docx | LEGALEASE-00094199-LEGALEASE-00094200 |
| Sommer v. Maharaj, 451 Mass. 615 | 307A+563 | Among the pertinent considerations in determining whether a party's conduct warrants dismissal of a lawsuit are the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions. | What are among the pertinent considerations in determining whether a party's conduct warrants dismissal of a lawsuit? | 10879.docx | LEGALEASE-00094404-LEGALEASE-00094405 |
| Stringer v. Packaging Corp. of Am., 351 Ill. App. 3d 1135 | 307A+690 | An order to dismiss with prejudice or the imposition of a sanction that results in a default judgment should be used only in those cases where a party's actions show a deliberate, contumacious, or unwarranted disregard of the court's authority. | "Should an order to dismiss with prejudice that results in a default judgment be used only in those cases where a party's actions show a deliberate, contumacious, or unwarranted disregard of the court's authority?" | Pretrial Procedure - Memo # 7425 - C - SB.docx | ROSS-003286164-ROSS-003286165 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stapleton v. Shower, 251 S.W.3d 341 | 307A+581 | Factors a trial court is to consider in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules include: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. Rules Civ.Proc., Rules 37.02, 41.02. | What are factors a trial court should consider while ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules? | 10911.docx | LEGALEASE-00094631-LEGALEASE-00094632 |
| Neppl v. Murphy, 316 Ill. App. 3d 581 | 307A+688 | A motion for involuntary dismissal admits the legal sufficiency of the complaint, and raises certain defects, defenses, or other affirmative matter which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619. | "Can a motion to dismiss raise defects, defenses, or other affirmative matter appearing on the face of the complaint or established by external submissions that defeat the plaintiff's claim?" | Pretrial Procedure - Memo # 7655 - C - KG.docx | ROSS-003299891-ROSS-003299892 |
| Baer v. New Hampshire Dep't of Educ., 160 N.H. 727 | 307A+681 | When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | Can the court look beyond petitioners' unsubstantiated allegations and determine whether petitioners have sufficiently demonstrated their right to claim relief? | 10252.docx | LEGALEASE-00094962-LEGALEASE-00094963 |
| Billups v. Jade, 240 Neb. 494 | 307A+581 | In absence of showing of good cause, litigant's failure to prosecute civil action, resulting in noncompliance with Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is basis to dismiss action on account of lack of diligent prosecution. | "Is a litigant's failure to prosecute a civil action, resulting in noncompliance with the court, a basis to dismiss an action on account of a lack of diligent prosecution?" | Pretrial Procedure - Memo # 7752 - C - NS.docx | ROSS-003286654-ROSS-003286655 |
| Betts v. City of Chicago, 2013 IL App (1st) 123653 | 307A+561.1 | An "affirmative matter," within meaning of statute permitting involuntary dismissal of claim when it is barred by other affirmative matter avoiding the legal effect of or defeating the claim, is something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a). | Is an affirmative matter something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or material fact contained in or inferred from the complaint? | Pretrial Procedure - Memo # 7804 - C - ES_57825.docx | ROSS-003323216-ROSS-003323217 |
| In re Cty. Collector, 2016 IL App (3d) 150712 | 307A+561.1 | The purpose of the statute authorizing involuntary dismissal of a complaint based upon certain defects or defenses is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. S.H.A. 735 ILCS 5/2-619. | What would be the purpose of the statute authorizing involuntary dismissal of a complaint based upon certain defects or defenses? | 036325.docx | LEGALEASE-00147640-LEGALEASE-00147641 |
| Bank Polska Kasa Opieki, S.A. v. Pamrapo Sav. Bank, S.L.A., 909 F. Supp. 948 | 83E+503 | Only in very rare instances should court upset Uniform Commercial Code's legislative scheme of loss allocation by permitting common law cause of action when forged check enters negotiation process. | When can a court upset the legislative scheme of loss allocation and allow a common law cause of action when forged check enters negotiation process? | 010949.docx | LEGALEASE-00148626-LEGALEASE-00148627 |
| People v. Charles, 61 N.Y.2d 321 | 63+1(1) | "Colorable" authority exists when bribe is offered to public official to act corruptly in matter to which he bears some official relation, though act itself may be technically beyond his official powers or duties. McKinney's Penal Law S 200.10. | Does colorable authority exist when a bribe is offered to a public official to act corruptly in a matter to which he bears some official relation though the act itself may be technically beyond his official powers or duties? | Bribery - Memo #936- C-JL_57928.docx | ROSS-003306919-ROSS-003306920 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Terry, 707 F.3d 607 | 63+1(1) | Motives and consequences, not formalities, are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor. 18 U.S.C.A. S 201(b)(2). | Is formality the key for determining whether a public official entered an agreement to accept a bribe? | Bribery - Memo #987 - C-JL_57952.docx | ROSS-003282646-ROSS-003282647 |
| Holly v. Harrah's Tunica Corp., 962 So. 2d 136 | 307A+563 | Dismissal for failure to comply with an order of the court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Rules Civ.Proc., Rule 41(b). | Is dismissal for failure to comply with an order of the court appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice? | Pretrial Procedure - Memo # 7111 - C - PC_57785.docx | ROSS-003282342-ROSS-003282343 |
| Novak v. Orca Oil Co., 875 P.2d 756 | 307A+590.1 | Before ordering dismissal for want of prosecution, court must initially inquire whether party facing dismissal has engaged in any proceedings within the previous one-year period and, if not, must inquire as to whether good cause existed for the delay. Rules Civ.Proc., Rule 41(e). | "Before ordering dismissal for want of prosecution, should a court initially inquire whether the party facing dismissal has engaged in any proceedings within the previous one-year period?" | Pretrial Procedure - Memo # 7147 - C - KS_58038.docx | ROSS-003279894-ROSS-003279895 |
| Stacy v. Johnson, 25 So. 3d 365 | 307A+581 | Cases are dismissed with prejudice for failure to prosecute if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, and where lesser sanctions would not serve the best interests of justice. Rules Civ.Proc., Rule 41(b). | "Are cases dismissed with prejudice for failure to prosecute, if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct?" | 036406.docx | LEGALEASE-00148989-LEGALEASE-00148990 |
| Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A+581 | When evaluating motion to dismiss for failure to prosecute, trial court must bear in mind that courts exist primarily to afford forum to settle litigable matters between disputing parties. Rules Civ.Proc., Rule 41(b)(1, 2). | "Should a court bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties, when evaluating a motion to dismiss for failure to prosecute?" | Pretrial Procedure - Memo # 8005 - C - DHA.docx | LEGALEASE-00038673-LEGALEASE-00038674 |
| Holt v. Pitts, 619 F.2d 558 | 170A+1758.1 | A dismissal for failure to prosecute is a harsh sanction that runs counter to policy of law favoring disposition of cases on their merits and, accordingly, such dismissal should be used only in extreme situations where a plaintiff has engaged in a clear pattern of delay or contumacious conduct. | Is a dismissal for failure to prosecute a harsh sanction that turns counter to the policy of the law favoring the disposition of cases on their merits? | 036593.docx | LEGALEASE-00148786-LEGALEASE-00148787 |
| Pinkesz Mut. Holdings v. Pinkesz, 139 A.D.3d 1032 | 307A+624 | In considering a motion to dismiss for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | Is one of the standard for determining a motion to dismiss is whether the pleading states a cause of action? | Pretrial Procedure - Memo # 7958 - C - CK_58321.docx | ROSS-003308825-ROSS-003308826 |
| In re Marriage of Buster, 115 S.W.3d 141 | 307A+585.1 | A trial court has the inherent power to dismiss a case for want of prosecution, and express authority to do so is also given by the rules of civil procedure in cases where a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can a court dismiss a case pursuant to either its inherent power or in accordance with rule for want of prosecution? | Pretrial Procedure - Memo # 8060 - C - PB_58414.docx | ROSS-003281745-ROSS-003281746 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Coons v. Berry, 304 S.W.3d 215 | 307A+622 | In order to avoid dismissal for failure to state a claim upon which relief can be granted, a petition must invoke substantive principles of law entitling the plaintiff to relief and ultimate facts informing the defendant of that which the plaintiff will attempt to establish at trial. | "In order to survive a motion to dismiss, should a petition invoke substantive principles of law entitling plaintiff to relief and ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial?" | Pretrial Procedure - Memo # 8333 - C - SN_58846.docx | ROSS-003280643-ROSS-003280644 |
| Oversole v. Manci, 216 P.3d 621 | 307A+581 | In balancing the policies favoring resolution of disputes on the merits and preventing unreasonable delay, in evaluating a motion to dismiss for failure to prosecute, several nonexclusive factors are considered: the length of the delay, the reason for the delay, any prejudice that may result to the defendant, and the extent to which the plaintiff has renewed efforts to prosecute the case. | What factors are considered in balancing the policy favoring resolution of disputes on the merits and preventing unreasonable delay? | Pretrial Procedure - Memo # 8074 - C - KI_58968.docx | ROSS-003294187-ROSS-003294188 |
| Zeller v. Scafe, 498 S.W.3d 846 | 307A+622 | To avoid dismissal for failure to state a cause of action, the petition must invoke substantive principles of law entitling the plaintiff to relief and ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial. | "In order to avoid dismissal for failure to state a cause of action, should a petition invoke substantive principles of law entitling plaintiff to relief?" | 036898.docx | LEGALEASE-00150066-LEGALEASE-00150067 |
| Leone v. Bates Plan-A-Home of Sidney, 144 A.D.2d 759 | 388+14 | Case stricken from trial calendar, and not restored within one year, is automatically deemed abandoned; Supreme Court retains discretion to restore case to calendar where plaintiff demonstrates viable excuse, meritorious claim, lack of prejudice, and absence of intent to abandon case. McKinney's CPLR 3404. | Is action which is stricken from trial calendar and not restored within one year thereafter deemed abandoned and dismissed pursuant to statute? | 036946.docx | LEGALEASE-00150196-LEGALEASE-00150197 |
| Nasca v. Sgro, 130 A.D.3d 588 | 307A+622 | The test of the sufficiency of a pleading, on a motion to dismiss for failure to state a cause of action, is whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to the law can be discerned from its averments. McKinney's CPLR 3211(a)(7). | "Is the test of the sufficiency of a pleading whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved?" | 036989.docx | LEGALEASE-00150336-LEGALEASE-00150337 |
| PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp., 387 S.W.3d 525 | 307A+679 | The basis for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. Rules Civ.Proc., Rule 12.02(6). | "Would the basis for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted be that the allegations in the complaint when considered alone and taken as true, are insufficient to state a claim as a matter of law?" | 037244.docx | LEGALEASE-00151050-LEGALEASE-00151051 |
| Vill. of W. Dundee v. First United Methodist Church of W. Dundee, 74 N.E.3d 144 | 307A+624 | All that is required to survive a motion to dismiss for failure to state a claim is that the plaintiff allege facts that, taken as true, are sufficient to bring a claim within a recognized cause of action; in other words, a complaint should not be dismissed for failure to state a claim unless no set of facts would warrant relief. 735 Ill. Comp. Stat. Ann. S 2-615. | "Is it that the plaintiff allege facts taken as true are sufficient to bring a claim within a recognized cause of action, all that is required to survive a motion to dismiss for failure to state a claim?" | 037461.docx | LEGALEASE-00151821-LEGALEASE-00151822 |
| Mathews v. Diaz, 426 U.S. 67 | 24+120 | The fact that all persons, aliens and citizens alike, are protected by the due process clause does not lead to the further conclusion that all aliens are entitled to enjoy all of the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14. | Does the fact that aliens are protected by the Due Process Clause lead to a conclusion that all aliens must be placed in a single homogeneous legal classification? | 006880.docx | LEGALEASE-00152558-LEGALEASE-00152559 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ameritrust Co. v. White, 73 F.3d 1553 | 83E+335 | Forfeiture clause in notes executed by limited partner at time he acquired interest in limited partnership, providing that if partner did not timely make all payments owing under notes, then he would retroactively lose all interest in limited partnership, qualified as impermissible "other promise, order, obligation, or power," which prevented promissory notes from qualifying as "negotiable instruments" under Georgia law. O.C.G.A. S 11-3-104(1). | "Does a partner lose interest in a limited partnership, if he fails to make timely payments on a note?" | 010700.docx | LEGALEASE-00152594-LEGALEASE-00152595 |
| Leak v. Live Well Fin., 145 A.D.3d 992 | 307A+682.1 | When evidentiary material is considered on a motion to dismiss for failure to state a cause of action, and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "Where the motion is not converted to one for summary judgment, is the criterion whether the plaintiff has a cause of action, not whether it has stated one?" | Pretrial Procedure - Memo # 8695 - C - PB_59733.docx | ROSS-003278713-ROSS-003278714 |
| Schwarz v. Consol. Edison, 49 Misc. 3d 832 | 307A+680 | A court may consider evidentiary material in evaluating a motion to dismiss; when such material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | Can a court consider evidentiary material in evaluating a motion to dismiss? | Pretrial Procedure - Memo # 8708 - C - KS_59744.docx | ROSS-003282607 |
| Easter Seal Rehab. Ctr. for Will-Grundy Ctys. v. Current Dev. Corp., 307 Ill. App. 3d 48 | 307A+581 | The sanctions of dismissal of a plaintiff's action or entry of a judgment against a defendant is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation. | Should the sanctions of dismissal of a plaintiff's action or entry of a judgment against a defendant be imposed only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation? | 037895.docx | LEGALEASE-00152201-LEGALEASE-00152202 |
| Lynch v. Town of Pelham, 104 A.3d 1047 | 307A+561.1 | When a motion to dismiss does not challenge the sufficiency of a plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | Is a jurisdictional challenge raised in a motion to dismiss a defense for which the trial court will look beyond the plaintiff's allegations in the complaint? | 038684.docx | LEGALEASE-00154043-LEGALEASE-00154044 |
| Am. Truck Driving Acad. v. Smith, 998 So. 2d 1067 | 30+3206 | An appellate court carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found, since dismissal is such a drastic sanction, and is to be used only in extreme situations. Rules Civ.Proc., Rule 41(b). | Does court scrutinize any order terminating action for want of prosecution and not hesitate to set one aside when abuse of discretion is found? | 038768.docx | LEGALEASE-00153903-LEGALEASE-00153904 |
| Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A+581 | When evaluating motion to dismiss for failure to prosecute, trial court must bear in mind that courts exist primarily to afford forum to settle litigable matters between disputing parties. Rules Civ.Proc., Rule 41(b)(1, 2). | Should courts bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties when evaluating motion to dismiss for failure to prosecute? | 038818.docx | LEGALEASE-00154111-LEGALEASE-00154112 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sheldon v. Kettering Health Network, 2015-Ohio-3268 | 307A+679 | A court considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations to be true, and make all reasonable inferences in the plaintiff's favor. Rules Civ.Proc., Rule 12(B)(6). | "In construing a complaint upon a motion for failure to state a claim upon which relief can be granted, should a court presume that all factual allegations in the complaint are true?" | 038964.docx | LEGALEASE-00154501-LEGALEASE-00154502 |
| H & R Block Bank v. Perry, 205 So. 3d 776 | 307A+690 | Among other things, the extreme sanction of dismissal with prejudice is reserved for circumstances in which the trial court makes findings supported by the record that the conduct involved was willful, persistent, or otherwise aggravated and that no lesser sanction would be just under the circumstances. West's F.S.A. RCP Rule 1.420(b). | "Among other things, is the extreme sanction of dismissal with prejudice reserved for circumstances in which the trial court makes findings supported by the record that the conduct involved was willful?" | 024610.docx | LEGALEASE-00155815-LEGALEASE-00155816 |
| Joyce v. Town of Weare, 156 N.H. 526 | 307A+681 | When a party's motion to dismiss challenges the plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. RSA 677:15(1). | "When a party's motion to dismiss challenges the plaintiff's standing to sue, should the trial court look beyond the plaintiff's unsubstantiated allegations?" | 039006.docx | LEGALEASE-00155060-LEGALEASE-00155061 |
| Ho v. State Farm Mut. Auto. Ins. Co., 926 F. Supp. 964 | 156+52(1) | "Equitable estoppel" requires proof that one person willfully caused another to erroneously believe certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment. | "Does equitable estoppel require proof that one person willfully caused another person to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment?" | Estoppel - Memo #132 - C - CSS_62031.docx | ROSS-003294040-ROSS-003294041 |
| Ho v. State Farm Mut. Auto. Ins. Co., 926 F. Supp. 964 | 156+52(1) | "Equitable estoppel" requires proof that one person willfully caused another to erroneously believe certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment. | "Does equitable estoppel require proof that one person willfully caused another person to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment?" | 017779.docx | LEGALEASE-00156168-LEGALEASE-00156169 |
| Clemons v. Nissan N. Am., 2013 IL App (4th) 120943 | 307A+679 | In reviewing a motion for involuntary dismissal based on certain defects or defenses, a court must accept as true all well-pleaded facts in the complaint and all inferences that may reasonably be drawn in the plaintiff's favor and should only grant the motion if the plaintiff can prove no set of facts that would support a cause of action. S.H.A. 735 ILCS 5/2-619(a). | "In reviewing a motion for involuntary dismissal based on certain defects or defenses, should a court accept as true all well-pleaded facts in the complaint?" | 024463.docx | LEGALEASE-00156377-LEGALEASE-00156378 |
| L. Magarian & Co. v. Timberland Co., 245 A.D.2d 69 | 307A+680 | On motion to dismiss for failure to state cause of action, court must accept each factual allegation as true and make no effort to evaluate ultimate merits of case. McKinney's CPLR 3211(a), par. 7. | "On motion to dismiss for failure to state cause of action, should a court accept each factual allegation as true and make no effort to evaluate ultimate merits of case?" | 024480.docx | LEGALEASE-00155982-LEGALEASE-00155983 |
| Woodard v. Westvaco Corp., 315 S.C. 329 | 307A+682.1 | When allegations of complaint are factually sufficient but do not affirmatively show subject matter jurisdiction, motion to dismiss may be supported by, and court may consider, affidavits or other evidence proving lack of jurisdiction. Rules Civ.Proc., Rule 8(a)(1). | "When the allegations of a complaint are factually sufficient, but do not affirmatively show subject matter jurisdiction, should a motion to dismiss be supported by affidavits or other evidence to prove lack of jurisdiction?" | Pretrial Procedure - Memo # 10156 - C - SHB_62066.docx | ROSS-003280527-ROSS-003280528 |
| Int'l Capital Realty Inv. Co. v. West, 234 Ga. App. 725 | 307A+685 | If motion to dismiss for lack of personal jurisdiction is decided on the basis of written submissions alone, disputes of fact found in affidavits are resolved in favor of the exercise of jurisdiction, and appellate standard of review is nondeferential. | "If a motion to dismiss for lack of personal jurisdiction is decided on the basis of written submissions alone, are disputes of fact found in affidavits resolved in favor of the exercise of jurisdiction?" | 024555.docx | LEGALEASE-00156106-LEGALEASE-00156107 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Storm & Assocs., Ltd. v. Cuculich, 298 Ill. App. 3d 1040 | 307A+685 | Motion for involuntary dismissal raises certain defects or defenses and poses the question of whether the defendant is entitled to judgment as a matter of law; if the grounds for such a motion do not appear on the face of the complaint, the motion must be supported by affidavit, but, when the only grounds for the motion appear on the face of the complaint, the appropriate method for reaching the defect is a motion for dismissal on the pleadings. S.H.A. 735 ILCS 5/2-615, 2-619. | Does a motion for involuntary dismissal raise certain defects or defenses and poses the question of whether the defendant is entitled to judgment as a matter of law? | 024557.docx | LEGALEASE-00156114-LEGALEASE-00156115 |
| Schilling v. Human Support Servs., 978 S.W.2d 368 | 307A+685 | On motion to dismiss for lack of personal jurisdiction, trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits and depositions when determining the limited question of personal jurisdiction; the trial court may not consider the merits of the underlying action. | "On motion to dismiss for lack of personal jurisdiction, is a trial court's inquiry limited to an examination of the petition on its face and the supporting affidavits and depositions when determining the limited question of personal jurisdiction?" | 024559.docx | LEGALEASE-00156116-LEGALEASE-00156117 |
| Borgman v. State Farm Ins. Co., 713 N.E.2d 851 | 307A+685 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court has considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction, and in doing so, it may consider not only the complaint and motion but any affidavits or other evidence submitted. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, does the court have considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction?" | 024836.docx | LEGALEASE-00157614-LEGALEASE-00157615 |
| Parmley v. Pringle, 976 So. 2d 422 | 307A+674 | While failure to serve process within 120 days of filing of complaint, absent proof of good cause, warrants dismissal upon court's initiative or upon motion, such dismissal should be made without prejudice, not with prejudice. Rules Civ.Proc., Rule 4(h). | "Does failure to serve process within 120 days of filing of complaint, absent proof of good cause, warrant dismissal upon a court initiative or upon motion?" | Pretrial Procedure - Memo # 10513 - C - NE_63382.docx | ROSS-003294328-ROSS-003294329 |
| Kinberg v. Schwartzapfel, Novick, Truhowsky, Marcus, PC, 136 A.D.3d 431 | 307A+693.1 | A pre-answer motion to dismiss based on one of the grounds set forth in Civil Practice Law and Rule governing motion to dismiss for failure to state a cause of action does not effect a waiver of the other grounds set forth in Rule, which can then be raised in support of a motion for summary judgment dismissing the complaint. McKinney's CPLR 3211(a). | Does a pre-answer motion to dismiss based on one of the grounds set forth in Civil Practice Law and Rule governing motion to dismiss for failure to state a cause of action not effect a waiver of the other grounds set forth in a Rule? | 025145.docx | LEGALEASE-00157139-LEGALEASE-00157140 |
| Cesare v. Cesare, 154 N.J. 394 | 3.77E+13 | Although, under objective standard, courts should not consider victim's actual fear, courts must still consider victim's individual circumstances and background in determining whether reasonable person in that situation would have believed defendant's threat for purposes of determining whether terroristic threat was made. N.J.S.A. 2C:12-3, subd. b. | Should the courts consider a victims individual circumstances and background to determine whether a reasonable person would have believed the defendants threat? | 046710.docx | LEGALEASE-00157197-LEGALEASE-00157198 |
| In re Ricky T., 87 Cal. App. 4th 1132 | 3.77E+11 | Use of word "so" in Penal Code section requiring a prohibited threat to be "so unequivocal, unconditional, immediate, and specific" that it convey a "gravity of purpose and an immediate prospect of execution of threat" indicates that unequivocality, unconditionality, immediacy, and specificity are not absolutely mandated, but must be sufficiently present in threat and surrounding circumstances to convey gravity of purpose and immediate prospect of execution to victim. West's Ann.Cal.Penal Code S 422. | "What does the use of the word ""so"" in the Penal Code section requiring a prohibited threat to be ""so unequivocal, unconditional, immediate, and specific"" indicate?" | 046866.docx | LEGALEASE-00157616-LEGALEASE-00157617 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Binner v. Limestone Cty., 129 S.W.3d 710 | 307A+699 | Motion to reinstate essentially provides an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing, if applicable, the failure to prosecute the case with due diligence, and to request the court to reconsider its decision to dismiss, in much the same manner as a motion for a new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Does a motion to reinstate essentially provide an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing, if applicable?" | 025524.docx | LEGALEASE-00158858-LEGALEASE-00158859 |
| In re Bokeloh, 21 S.W.3d 784 | 307A+699 | A timely and proper motion to reinstate extends the trial court's plenary power until thirty days after the motion is overruled either by a written signed order or by operation of law. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | Is a timely and proper motion to reinstate extends the trial court's plenary power until thirty days after the motion overruled either by a written signed order or by operation of law? | 025541.docx | LEGALEASE-00158594-LEGALEASE-00158595 |
| Stamp v. Touche Ross & Co., 263 Ill. App. 3d 1010 | 307A+693.1 | General rule is that where trial court dismisses complaint and plaintiff does not ask for leave to amend, cause of action must stand or fall on sufficiency of stricken pleading. | "Is the general rule that where a trial court dismisses a complaint and a plaintiff does not ask for leave to amend, a cause of action must stand or fall on sufficiency of a stricken pleading?" | Pretrial Procedure - Memo # 11005 - C - SKG_64125.docx | ROSS-003308130-ROSS-003308131 |
| Mlade v. Finley, 112 Ill. App. 3d 914 | 302+360 | When trial court strikes complaint and plaintiff does not ask for leave to amend, this is considered election to stand by his complaint, and, if lawsuit is dismissed, cause of action must stand or fall upon contents of stricken pleading. | "Is the general rule that where a trial court dismisses a complaint and a plaintiff does not ask for leave to amend, a cause of action must stand or fall on sufficiency of a stricken pleading?" | 025800.docx | LEGALEASE-00159170-LEGALEASE-00159171 |
| Chambers v. State, 127 Ga. App. 196 | 307A+561.1 | Affirmative defenses may be raised in motion to strike or to dismiss or for summary judgment as well as by special pleas or in the answer, and if evidence sufficient to sustain defense is admitted without objection as to lack of pleading and no surprise is claimed there is a waiver of defendant's failure to plead it. | "Is there a waiver of defendant's failure to plead if evidence, sufficient to sustain defense, is admitted without objection?" | 039577.docx | LEGALEASE-00159025-LEGALEASE-00159026 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Creation of the special immigrant juvenile (SIJ) status shows a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for lawful permanent resident status. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Did Congress intend to assist a limited group of abused children to remain safely in the country with a means to apply for Lawful Permanent Residence (LPR) status? | "Aliens, Immigration and Citizenship - Memo 110 - RK_64752.docx" | ROSS-003295266-ROSS-003295267 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 360+18.43 | A state statute impermissibly invades the exclusive power of the federal government to regulate immigration if it essentially requires state or local officials to make a determination of who should or should not be admitted into the country, and defines the conditions under which a legal entrant may remain. U.S.C.A. Const. Art. 6, cl. 2. | Does a state statute that requires its officials to make determinations of who should or should not be admitted into the countryimpermissibly invade the exclusive power of the federal government? | 006828.docx | LEGALEASE-00160380-LEGALEASE-00160381 |
| Fed. Deposit Ins. Corp. v. Webb, 464 F. Supp. 520 | 83E+377 | Negotiability of a note is not destroyed by recitation of the security given, statement that on default the holder may realize against the collateral, promise or power to maintain or protect collateral or give additional collateral, term authorizing confession of judgment if debt is not paid when due, or acceleration clause. T.C.A. SS 47-3-104(1), 47-3-105(1)(e), 47-3-105 comment, 47-3-109(1)(c), 47-3-109 comment, 47-3-112(1)(b-d). | Can negotiability be destroyed by recitation of security given? | Bills and Notes-Memo 69-IS.docx | LEGALEASE-00049227-LEGALEASE-00049228 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Colon, 117 Conn. App. 150 | 129+128 | To prove the defendant guilty of breach of the peace in the second degree, state is required to prove beyond a reasonable doubt that: (1) the defendant engaged in fighting or in violent, tumultuous or threatening behavior; (2) that this conduct occurred in a public place; and (3) that the defendant acted with the intent to cause inconvenience, annoyance or alarm, or that he recklessly created a risk thereof. C.G.S.A. S 53a-181(a)(1). | When is a defendant guilty of breach of the peace? | 014277.docx | LEGALEASE-00159948-LEGALEASE-00159949 |
| Swanson By & Through Swanson v. Guthrie Indep. Sch. Dist. No. I-L, 135 F.3d 694 | 92+1343 | School district's policy against part-time attendance at public school did not infringe parents' constitutional right to raise and educate their children, and assertion by student and her parents that policy violated both free exercise clause and parents' right to direct child's education thus did not invoke hybrid-rights theory requiring application of compelling interest test. U.S.C.A. Const.Amend. 1. | Do parents have a constitutional right to decide where their child attends school? | 017168.docx | LEGALEASE-00159414-LEGALEASE-00159415 |
| Enax v. New York Tel. Co., 280 A.D.2d 294 | 307A+697 | In order to vacate a dismissal of case that has been deemed abandoned, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action. McKinney's CPLR 3404. | "Should a party seeking to have a case restored to the trial calendar demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the action, and the absence of prejudice to the opposing party?" | 039721.docx | LEGALEASE-00159244-LEGALEASE-00159245 |
| Cotton v. Fruge, 8 Neb. App. 484 | 307A+693.1 | When a lawsuit is dismissed by operation of law for lack of service of process within six months of filing, the trial court has no jurisdiction to make orders thereafter and if made, they are a nullity, as are subsequent pleadings. Neb.Rev.St. S 25-217. | "When a lawsuit is dismissed by operation of law for lack of service of process within six months of filing, does the trial court have no jurisdiction to make orders thereafter?" | Pretrial Procedure - Memo 11363 - C - SHB_64430.docx | ROSS-003296644 |
| State v. Nunez, 129 N.M. 63 | 135H+25 | The remedial objectives of forfeitures under the Controlled Substances Act are incidental, and the purposes of the sanction are decidedly punitive for double-jeopardy purposes given the punitive nature of in rem jurisdiction, the deterrent function of the sanction, the lack of correlation between the penalty and the crime, the fact that the sanction is tied to a crime, the exclusion of innocent owners from the sanction, and the fact that a fundamental right is affected. Const. Art. 2, S 15; NMSA 1978, S 30-31-34. | Are the remedial objectives of forfeitures under the Controlled Substances Act incidental? | 014808.docx | LEGALEASE-00160558-LEGALEASE-00160559 |
| Panepinto v. Dummy's Delightful Saloonery, 304 Pa. Super. 256 | 307A+699 | A motion to set aside a judgment of nonsuit should first be made to the lower court en banc so as to give the court an opportunity to reconsider the evidence and correct any errors before an appeal is taken. Rules Civ.Proc., Rules 218, 1512, 42 Pa.C.S.A. | Should a motion to set aside a judgment of nonsuit first be made to the lower court en banc so as to give the court an opportunity to reconsider the evidence and correct any errors before an appeal is taken? | 039662.docx | LEGALEASE-00160891-LEGALEASE-00160892 |
| Thompson v. McQuagge, 464 So. 2d 105 | 30+3206 | Dismissal of a civil action for want of prosecution because of plaintiff's failure to appear at trial falls within judicial discretion of trial court and will not be reversed upon appeal except for abusive use of that discretionary power. Rules Civ.Proc., Rule 41(b). | Does the dismissal of a civil action for want of prosecution because of plaintiff's failure to appear at trial fall within the judicial discretion of the trial court? | Pretrial Procedure - Memo 11758 - C - SB_65468.docx | ROSS-003306305-ROSS-003306306 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Armour v. State, 265 Ga. App. 569 | 3.77E+10 | Crime of making terroristic threats focuses solely on conduct of accused and is completed when threat is communicated to victim with intent to terrorize; that message was not directly communicated to victim would not alone preclude conviction where message is submitted in such a way as to support inference that speaker intended or expected it to be conveyed to victim. West's Ga.Code Ann. S 16-11-37(a). | Does failure to directly communicate a terroristic threat to a victim preclude conviction of the defendant for the crime of making terroristic threats? | 046950.docx | LEGALEASE-00160967-LEGALEASE-00160968 |
| Bernard v. EDS Noland Episcopal Day Sch., 62 F. Supp. 3d 535 | 141E+949 | Under Louisiana law, private religious school did not interfere with employment contract of teacher with eating disorder by terminating her, as reasons for her termination constituted "just cause"; employment contract gave principal sole discretion to determine whether teacher had a condition that materially impaired her continued usefulness or ability to perform required services. | Can a school interfere with a teacher's employment contract by terminating the teacher? | 017206.docx | LEGALEASE-00162064-LEGALEASE-00162066 |
| Malehorn on Behalf of Malehorn v. Hill City Sch. Dist., 1997 DSD 31, 987 F. Supp. 772 | 141E+899 | Mother of special needs student was entitled, under Individuals with Disabilities Education Act (IDEA), to reimbursement for her full costs in providing student with transportation from date student's family took up residence in defendant school district until date of implementation of defendant district's individualized education program (IEP) for student, where student's previous IEP had entitled her to transportation and such IEP remained in effect until new IEP was implemented. Individuals with Disabilities Education Act, S 615(i)(2)(B)(iii), as amended, 20 U.S.C.A. S 1415(i)(2)(B)(iii). | Are parents of disabled students entitled to reimbursement under IDEA for having to provide transportation for their disabled child? | 017215.docx | LEGALEASE-00162083-LEGALEASE-00162085 |
| People v. Brown, 193 Colo. 120 | 181+4 | In a prosecution for forgery, the state must establish that a defendant had the intent to defraud by making or altering, possessing with intent to deliver, or issuing or delivering any document apparently capable of defrauding another; by use of the disjunctive "or," the forgery statute recognizes that these acts can be committed separately and ensures that a defendant is properly charged based on the stage of the process the defendant occupies. S.H.A. 720 ILCS 5/17-3(a)(1-3) (2006 Bar Ed.) | Is the making or altering of an instrument and the knowingly transferring or issuing of the instrument separate offences to prove forgery? | Forgery - Memo 53 - SNJ.docx | LEGALEASE-00051964-LEGALEASE-00051965 |
| In re Valliance Bank, 422 S.W.3d 722 | 307A+697 | A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power to reinstate the case in the same manner as a motion for new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Does a verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extend the trial court's plenary power power in the same manner as a motion for new trial? | 040559.docx | LEGALEASE-00162478-LEGALEASE-00162479 |
| Cornelius v. Benefield, 168 So. 3d 1028 | 307A+583 | The purpose of rule allowing dismissal of an action for failure to prosecute is to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket and ensuring expeditious justice. (Per Carlton, J., with four judges concurring and one judge concurring in result.) Rules Civ.Proc., Rule 41(b). | Is the purpose of rule allowing dismissal of an action for failure to prosecute to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket? | 040613.docx | LEGALEASE-00162436-LEGALEASE-00162437 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bachlet v. State, 941 P.2d 200 | 63+14 | Jury instructions were sufficient to explain elements of receipt of bribe by public servant; under instructions, jury had to find that defendant knowingly accepted or agreed to accept benefit upon agreement or understanding that her opinion, judgment, action, decision, or exercise of discretion as public servant would be influenced by the benefit. AS 11.56.110(a)(2). | Are jury instructions sufficient when they explain that a public servant knowingly accepted or agreed to accept and be influenced by a benefit? | Bribery - Memo 1110 - C - AV_66517.docx | ROSS-003279671-ROSS-003279672 |
| Com. v. Young, 35 A.3d 54 | 135H+95.1 | A failure of the lower court to consider less drastic alternatives before declaring a mistrial creates doubt about the exercise of the court's discretion and may bar re-prosecution because of double jeopardy. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10; Rules Crim.Proc., Rule 605, 42 Pa.C.S.A. | Does a failure of the lower court to consider less drastic alternatives before declaring a mistrial create doubt about the exercise of the court's discretion and may bar re-prosecution because of double jeopardy? | Double Jeopardy - Memo 367 - C - SN_66787.docx | ROSS-003280700-ROSS-003280701 |
| United States v. Andrews, 895 F.2d 406 | 135H+99 | Consistent with double jeopardy provisions of Fifth Amendment, court may not declare mistrial over defendant's objection, even for defendant's own benefit, unless there is manifest necessity for such act or ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 5. | "Consistent with double jeopardy provisions of Fifth Amendment, can a court not declare mistrial over a defendant's objection, even for a defendant's own benefit?" | 015483.docx | LEGALEASE-00163571-LEGALEASE-00163572 |
| People v. Baptiste, 530 N.E.2d 377 | 135H+95.1 | Because jeopardy attaches as soon as jury has been sworn, constitutional provisions also embrace a defendant's right to be free from reprosecution if first trial has not continued to conclusion. McKinney's Const. Art. 1, S 6; U.S.C.A. Const.Amend. 5; McKinney's CPL S 40.30, subd. 1(b). | "Because jeopardy attaches as soon as jury has been sworn, do constitutional provisions also embrace a defendant's right to be free from reprosecution if a first trial has not continued to conclusion?" | Double Jeopardy - Memo 410 - C - MS_66818.docx | ROSS-003280495-ROSS-003280496 |
| Sturgess v. Zelman, 15 Misc. 3d 487 | 307A+697 | To restore a matter to the trial calendar, after a year has passed from it being marked off, a plaintiff must demonstrate: (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. McKinney's CPLR 3404. | What should a plaintiff demonstrate to restore a matter to the trial calendar pursuant to CPLR 3404 after a year has passed from it being marked off? | 040709.docx | LEGALEASE-00163227-LEGALEASE-00163228 |
| Narducci v. Mason's Disc. Store, 518 Pa. 94 | 307A+697 | In ruling on request to open judgment of non pros, which is directed to conscience of court, court is required to balance equities and to deny petition if granting of relief would cause undue hardship or prejudice to opponents, even though elements for granting relief coalesce. | "In ruling on a request to open judgment of non pros, which is directed to conscience of a court, is a court required to balance equities?" | 040742.docx | LEGALEASE-00163149-LEGALEASE-00163150 |
| Binner v. Limestone Cty., 129 S.W.3d 710 | 307A+699 | Motion to reinstate essentially provides an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing, if applicable, the failure to prosecute the case with due diligence, and to request the court to reconsider its decision to dismiss, in much the same manner as a motion for a new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a motion for reinstatement essentially provide an opportunity for a dismissed plaintiff to explain failure to prosecute with due diligence? | 040748.docx | LEGALEASE-00163209-LEGALEASE-00163210 |
| Wheeler v. Eftink, 507 S.W.3d 598 | 307A+583 | A fair test of whether a trial court abused its discretion in dismissing a case for failure to prosecute with due diligence is whether the plaintiff had a reasonable opportunity to resolve the matter at trial. | Is it a fair test of whether a trial court abused its discretion in dismissing a case for failure to prosecute with due diligence by seeing whether the plaintiff had a reasonable opportunity to resolve the matter at trial? | 040856.docx | LEGALEASE-00163855-LEGALEASE-00163856 |
| State v. Abshire, 363 N.C. 322 | 135+2 | "Domicile" is a legal term of art that denotes one's permanent, established home, whereas a person's "residence" may be only a temporary, although actual, place of abode. | "Is ""domicile"" a legal term of art that denotes one's permanent, established home, whereas a person's ""residence"" may be only a temporary, although actual, place of abode?" | Domicile - Memo 52 - C - JA_67131.docx | ROSS-003319031-ROSS-003319032 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kazanjian v. Sch. Bd. of Palm Beach Cty., 967 So. 2d 259 | 141E+691 | By statute, a "habitual truant" was a student who accumulated 15 unexcused absences within 90 calendar days, and thus, students who had 6, 7, or 8 absences, respectively, in a ninety-day period were not habitually truant, as a matter of law, and therefore, the principal had no duty to report them to the school board or Department of Highway Safety and Motor Vehicles (DMV) or to file truancy petitions. West's F.S.A. SS 1003.01(8), 1003.27(2). | Do statutes or school board policy govern whether a child is habitually truant? | 017307.docx | LEGALEASE-00164345-LEGALEASE-00164346 |
| Hollander v. Nance, 888 So. 2d 1275 | 307A+583 | The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power. | Does the dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial fall within the judicial discretion of a court? | 041100.docx | LEGALEASE-00164933-LEGALEASE-00164934 |
| Smith v. McKee, 145 S.W.3d 299 | 307A+583 | The common law vests the trial court with the inherent power to dismiss independently of the rules of civil procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does common law vest the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his case with due diligence? | Pretrial Procedure - Memo 12269 - C - PC.docx | LEGALEASE-00054653-LEGALEASE-00054654 |
| Young v. State, 51 Ala. App. 40 | 135H+30 | Under the rules of statutory construction and common law that constitute one aspect of Indiana's double jeopardy jurisprudence, where one conviction is elevated to a class A felony based on the same bodily injury that forms the basis of another conviction, the two cannot stand. U.S.C.A. Const.Amend. 5. | Can the two stand where one conviction is elevated to a class A felony based on the same bodily injury that forms the basis of another conviction? | 014841.docx | LEGALEASE-00166066-LEGALEASE-00166067 |
| People v. Szalma, 487 Mich. 708 | 135H+100.1 | An acquittal retains its finality for double jeopardy purposes even when the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 1, S 15. | Does an acquittal retain its finality for double jeopardy purposes even when the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense? | 015630.docx | LEGALEASE-00166120-LEGALEASE-00166121 |
| Glover v. United States, 301 A.2d 219 | 135H+95.1 | Although defendant's right under the double jeopardy clause is to have his trial completed by particular tribunal, that right must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments. U.S.C.A.Const. Amend. 5. | "Although a defendant's right under the double jeopardy clause is to have his trial completed by a particular tribunal, should that right in some instances be subordinated to the public's interest in fair trials designed to end in just judgments?" | Double Jeopardy - Memo 717 - C - BP_68038.docx | ROSS-003295231-ROSS-003295232 |
| United States v. Marcello, 531 F. Supp. 1113 | 135H+100.1 | The application of the principle of collateral estoppel to criminal proceedings is embodied in the Fifth Amendment guarantee against double jeopardy and is generally applied to prevent the government from prosecuting a defendant on the basis of facts resolved in favor of a defendant in prior acquittal. U.S.C.A.Const.Amend. 5. | Is the application of the principle of collateral estoppel to criminal proceedings embodied in the Fifth Amendment guarantee against double jeopardy? | 016309.docx | LEGALEASE-00165633-LEGALEASE-00165634 |
| Bullard v. Estelle, 665 F.2d 1347 | 135H+100.1 | Trial verdict or appellate ruling on insufficiency of evidence implicates interest of defendant in maintaining integrity of acquittal and calls for utmost protection of double jeopardy clause. U.S.C.A.Const.Amend. 5. | Does a trial verdict or appellate ruling on insufficiency of evidence implicate an interest of a defendant in maintaining integrity of acquittal and calls for utmost protection of double jeopardy clause? | Double Jeopardy - Memo 816 - C - DHA_67933.docx | ROSS-003294684-ROSS-003294685 |
| State v. Muhannad, 837 N.W.2d 792 | 135H+1 | The constitutional protection against double jeopardy does not mean that every time a defendant is put to trial before a competent tribunal, the defendant is entitled to go free if the trial fails to end in a final judgment. U.S. Const. Amend. 5 | "Does the constitutional protection against double jeopardy mean that every time a defendant is put to trial before a competent tribunal, the defendant is entitled to go free if the trial fails to end in a final judgment?" | 016431.docx | LEGALEASE-00165227-LEGALEASE-00165228 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jordan v. State, 2004 WL 2538719 | 135H+30 | When a reviewing court determines that the State's evidence fails to show that an enhancement allegation is true, the Double Jeopardy Clause does not bar the use of the enhancement conviction during a retrial on punishment. U.S.C.A. Const.Amend. 5; V.T.C.A., Penal Code S 12.42(d). | Does the Double Jeopardy Clause bar the use of the enhancement conviction during a retrial on punishment when a reviewing court determines that the State's evidence fails to show that an enhancement allegation is true? | 014902.docx | LEGALEASE-00166220-LEGALEASE-00166221 |
| Wade v. Hunter, 336 U.S. 684 | 135H+95.1 | "Double-jeopardy" provision of Fifth Amendment does not mean that every time defendant is put to trial before a competent tribunal he is entitled to go free if trial fails to end in a final judgment. U.S.C.A.Const. Amend. 5. | "Does the ""double-jeopardy"" provision of the Fifth Amendment not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if trial fails to end in a final judgment?" | Double Jeopardy - Memo 587 - C - NE_68366.docx | ROSS-003281022-ROSS-003281023 |
| Parish of Plaquemines v. Total Petrochemical & Refining USA, 64 F. Supp. 3d 872 | 170B+2245 | Courts typically assess jurisdiction under the OCSLA by applying a two-prong inquiry which asks: (1) whether the activities that caused the injury constituted an operation conducted on the outer continental shelf that involved the exploration and production of minerals, and (2) whether the case arises out of or in connection with that operation. Outer Continental Shelf Lands Act, S 23(b)(1), 43 U.S.C.A. S 1349(b)(1). | How is jurisdiction assessed under The Outer Continental Shelf Lands Act? | 03613.docx | LEGALEASE-00077154-LEGALEASE-00077156 |
| Billups v. Jade, 240 Neb. 494 | 307A+581 | In absence of showing of good cause, litigant's failure to prosecute civil action, resulting in noncompliance with Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is basis to dismiss action on account of lack of diligent prosecution. | "Is a litigant's failure to prosecute a civil action, resulting in noncompliance with the court, a basis to dismiss an action on account of a lack of diligent prosecution?   " | 11230.docx | LEGALEASE-00094457-LEGALEASE-00094458 |
| Simeon v. Hardin, 339 N.C. 358 | 13+6 | Whenever during the course of litigation it develops that relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, case should be dismissed, for courts will not entertain action merely to determine abstract propositions of law; if the issues before court become moot at any time during course of the proceedings, the usual response is to dismiss the action. | Should a case be dismissed if during litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue? | 10057.docx | LEGALEASE-00094850-LEGALEASE-00094851 |
| Sommer v. Maharaj, 451 Mass. 615 | 307A+563 | Among the pertinent considerations in determining whether a party's conduct warrants dismissal of a lawsuit are the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions. | What are among the pertinent considerations in determining whether a party's conduct warrants dismissal of a lawsuit? | 10063.docx | LEGALEASE-00095012-LEGALEASE-00095013 |
| Billups v. Jade, 240 Neb. 494 | 307A+581 | In absence of showing of good cause, litigant's failure to prosecute civil action, resulting in noncompliance with Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is basis to dismiss action on account of lack of diligent prosecution. | "Is a litigant's failure to prosecute a civil action, resulting in noncompliance with the court, a basis to dismiss an action on account of a lack of diligent prosecution? " | 09878.docx | LEGALEASE-00095786-LEGALEASE-00095787 |
| Bolmer v. Edsall, 90 N.J. Eq. 299 | 221+136 | The high seas being common to all mankind, vessels afloat upon it are regarded as parts of the territory of the nations whose flag they fly and to which they belong, and the ships of a nation, wherever they may be, are regarded as part of its territory. | "The high seas being common to all mankind, are vessels afloat upon it regarded as parts of the territory of the nations whose flag they fly and to which they belong, and the ships of a nation, wherever they may be, regarded as part of its territory?" | 020278.docx | LEGALEASE-00123596-LEGALEASE-00123597 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | Rather than formalistically applying act of state doctrine whenever it is technically available, a sort of balancing approach can be used to determine whether policies underlying doctrine justify its application. | " Rather than formalistically applying the act of state doctrine whenever it is technically available, can a sort of balancing approach be used to determine whether the policies underlying doctrine justify its application?" | 020330.docx | LEGALEASE-00124348-LEGALEASE-00124349 |
| Raymond v. Raymond, 109 R.I. 265 | 79+66 | Although a clerk of court may, with respect to judicial proceedings, perform acts of ministerial and nondiscretionary character, he has no judicial powers in absence of some specific statutory and constitutional authority, and in such instances where judicial power is given to him his power is to be strictly construed within language of provisions authorizing its exercise. | Are judicial powers granted to a clerk of the courtstrictly construed within the language of the provisions authorizing its exercise? | 013503.docx | LEGALEASE-00128012-LEGALEASE-00128013 |
| Miller v. Am. Greetings Corp., 161 Cal. App. 4th 1055 | 307A+485 | Awarding costs of proof is improper if the party who denied the request for admission held a reasonably entertained good faith belief it would prevail on the issue at trial. West's Ann.Cal.C.C.P. S 2033(o) (Repealed). | Is awarding costs of proof improper if the party who denied the request for admission held a reasonably entertained good faith belief it would prevail on the issue at trial ? | 029968.docx | LEGALEASE-00136420-LEGALEASE-00136421 |
| Price v. R & A Sales, 773 N.E.2d 873 | 307A+554 | If the facts before the trial court on a motion to dismiss are not in dispute, then the question of subject matter jurisdiction is purely one of law, and under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. | "If facts before trial court on motion to dismiss for lack of subject matter jurisdiction are not in dispute, then is the question of subject matter jurisdiction purely one of law?" | 032797.docx | LEGALEASE-00139681-LEGALEASE-00139682 |
| Fed. Deposit Ins. Corp. v. Webb, 464 F. Supp. 520 | 83E+377 | Negotiability of a note is not destroyed by recitation of the security given, statement that on default the holder may realize against the collateral, promise or power to maintain or protect collateral or give additional collateral, term authorizing confession of judgment if debt is not paid when due, or acceleration clause. T.C.A. SS 47-3-104(1), 47-3-105(1)(e), 47-3-105 comment, 47-3-109(1)(c), 47-3-109 comment, 47-3-112(1)(b-d). | Can negotiability be destroyed by recitation of security given? | 010957.docx | LEGALEASE-00160069-LEGALEASE-00160070 |
| Bank Polska Kasa Opieki, S.A. v. Pamrapo Sav. Bank, S.L.A., 909 F. Supp. 948 | 83E+503 | Only in very rare instances should court upset Uniform Commercial Code's legislative scheme of loss allocation by permitting common law cause of action when forged check enters negotiation process. | When can a court upset the legislative scheme of loss allocation and allow a common law cause of action when forged check enters negotiation process? | Bills and Notes-Memo 476- PR_57918.docx | ROSS-003280275-ROSS-003280276 |
| State v. Nunez, 129 N.M. 63 | 135H+25 | The remedial objectives of forfeitures under the Controlled Substances Act are incidental, and the purposes of the sanction are decidedly punitive for double-jeopardy purposes given the punitive nature of in rem jurisdiction, the deterrent function of the sanction, the lack of correlation between the penalty and the crime, the fact that the sanction is tied to a crime, the exclusion of innocent owners from the sanction, and the fact that a fundamental right is affected. Const. Art. 2, S 15; NMSA 1978, S 30-31-34. | Are the remedial objectives of forfeitures under the Controlled Substances Act incidental? | Double Jeopardy - Memo 11 - C - SS_65111.docx | ROSS-003281056 |
| McMath v. Katholi, 304 Ill. App. 3d 369 | 307A+3 | Trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions only after the contested evidence is offered in the normal course of the trial. | Do trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions only after the contested evidence is offered in the normal course of the trial? | Pretrial Procedure - Memo # 953 - C - MLS.docx | ROSS-003283817-ROSS-003283818 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Ashland v. Ashland Salvage, 271 Neb. 362 | 307A+486 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | "Does a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permit withdrawal of the admission?" | Pretrial Procedure - Memo # 2968- C - KG.docx | ROSS-003290337-ROSS-003290338 |
| Hartford Acc. & Indem. Co. v. Duvall, 113 N.H. 28 | 413+1 | Workmen's compensation is remedial in character, designed to provide, in substitution for unsatisfactory common-law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination. | "Is workmen's compensation remedial in character which is designed to provide, in substitution for unsatisfactory common-law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination?" | Workers Compensation - Memo #161 ANC.docx | ROSS-003301345-ROSS-003301346 |
| Am. Truck Driving Acad. v. Smith, 998 So. 2d 1067 | 30+3206 | An appellate court carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found, since dismissal is such a drastic sanction, and is to be used only in extreme situations. Rules Civ.Proc., Rule 41(b). | Does court scrutinize any order terminating action for want of prosecution and not hesitate to set one aside when abuse of discretion is found? | Pretrial Procedure - Memo # 9445 - C - NS_60940.docx | ROSS-003305495-ROSS-003305496 |
| Argonaut Ins. Co. v. Allstate Ins. Co., 869 S.W.2d 537 | 366+26 | Doctrine of subrogation is given liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | "Is subrogation broad enough to include every instance where one person, not acting voluntarily, pays another's debt?" | Subrogation - Memo 132 VP C.docx | ROSS-003310690-ROSS-003310691 |
| Bennett Truck Transp. v. Williams Bros. Const., 256 S.W.3d 730 | 366+1 | "Equitable subrogation" is a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the primarily liable party. | Is equitable subrogation a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the primarily liable party? | Subrogation - Memo 297 RM C.docx | ROSS-003311378-ROSS-003311379 |
| M.C. Const. Corp. v. Gray Co., 17 F. Supp. 2d 541 | 25T+113 | By enacting provision of Federal Arbitration Act (FAA) that an arbitration provision is valid and irrevocable, congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to arbitration. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) withdraw the power of states to require a judicial forum for the resolution of claims that the contracting parties agreed to resolve by arbitration? | Alternative Dispute Resolution - Memo 337 - RK.docx | ROSS-003313079-ROSS-003313080 |
| Cassidy v. Murray, 34 F. Supp. 3d 579 | 16+1(1) | The exclusive admiralty jurisdiction of the federal courts only applies to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing itself treated as the offender and made the defendant by name or description in order to enforce a lien. 28 U.S.C.A. S 1333. | Is a Federal courts admiralty jurisdiction exclusive to those maritime causes of action begun and carried on as proceedings in rem? | Admiralty Law - Memo 2 - MS.docx | LEGALEASE-00000403-LEGALEASE-00000405 |
| Ferguson v. Joiner, 667 So. 2d 1133 | 157+318(7) | Generally, an affidavit is inadmissible as hearsay; furthermore, even in rare instances where acceptable as a substitute for testimony, affidavit must be based on personal knowledge, must set forth only facts admissible in evidence, and must show that affiant is competent to testify to matters contained therein. LSA-C.E. art. 602; LSA-C.C.P. art. 967. | Can the contents of an affidavit become inadmissible hearsay in the absence of an allegation of personal knowledge? | 05473.docx | LEGALEASE-00078524-LEGALEASE-00078525 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jet v. Sewage Aeration Sys., 223 F.3d 1360 | 336H+6 | The doctrine of "issue preclusion," also sometimes known as collateral estoppel, which serves to bar the revisiting of issues that have been already fully litigated, requires four factors: (1) identity of the issues in a prior proceeding; (2) the issues were actually litigated; (3) the determination of the issues was necessary to the resulting judgment; and, (4) the party defending against preclusion had a full and fair opportunity to litigate the issues. Restatement (Second) of Judgments SS 27, 39. | How is doctrine of collateral estoppel or issue preclusion identified under the law? | Banks and banking - Memo 23 - JS.docx | ROSS-003289753-ROSS-003289756 |
| Pennsylvania Indep. Oil & Gas Ass'n v. Com., Dep't of Envtl. Prot., 135 A.3d 1118 | 1.49E+19 | Although the Environmental Hearing Board (EHB) has some authority in certain cases to consider constitutional questions concerning regulations within its jurisdiction, it does not have the power to grant declaratory judgment and injunctive relief pursuant to the Declaratory Judgment Act, as only courts of record of the Commonwealth have that jurisdiction; the EHB only has jurisdiction to review post-enforcement matters and may not decide a pre-enforcement challenge. 42 Pa.C.S.A. S 7531 et seq. | Does the Environmental Hearing Board (EHB) have the authority to review constitutional questions concerning regulations within its jurisdiction? | 005023.docx | LEGALEASE-00117124-LEGALEASE-00117125 |
| TRW-United Greenfield Div. v. N.L.R.B., 637 F.2d 410 | 231H+1439 | Test for determining whether an employer has violated provision of the National Labor Relations Act prohibiting employers from interfering with, restraining, or coercing employees in exercise of their right of, inter alia, self-organization is whether employer's questions, threats, or statements tend to be coercive, not whether employees are in fact coerced. National Labor Relations Act, S 8(a)(1) as amended 29 U.S.C.A. S 158(a)(1). | What is the test for determining whether an employer has violated s 8(a)(1) of the National Labor Relations Act? | Labor and Employment - Memo 31 - VP.docx | ROSS-003284068-ROSS-003284069 |
| All. of Descendants of Texas Land Grants v. United States, 37 F.3d 1478 | 148+1 | Claimant under Fifth Amendment must show that United States, by some specific action, took private property interest for public use without just compensation; therefore, claim under Fifth Amendment accrues when that taking action occurs. U.S.C.A. Const.Amend. 5. | Does a successful claim for taking under the Fifth Amendment requires a showing that that the government took a private property interest for public use without paying just compensation? | 001460.docx | LEGALEASE-00118665-LEGALEASE-00118666 |
| Rota-McLarty v. Santander Consumer USA, 700 F.3d 690 | 25T+114 | In deciding to apply the Federal Arbitration Act (FAA) to enforce a contractual arbitration provision, court need not identify any specific effect upon interstate commerce from the transaction to which the contract relates, so long as in the aggregate the economic activity in question would represent a general practice subject to federal control. 9 U.S.C.A. S 2. | Do the courts need to identify any specific effect upon interstate commerce when applying the Federal Arbitration Act (FAA)? | Alternative Dispute Resolution - Memo 236 - RK.docx | ROSS-003297092-ROSS-003297094 |
| Mee Indus. v. Dow Chem. Co., 608 F.3d 1202 | 249+25(2) | Advice of counsel, to provide complete defense to malicious prosecution action under Florida law, must be predicated on a full, correct, and fair statement of all material facts bearing on the guilt of the accused, the specific proceeding complained of must have been advised by counsel, and the advice must have been acted upon in good faith under the belief that the charge was true. | Is advice of counsel a defense to malicious prosecution claim? | 001811.docx | LEGALEASE-00118951-LEGALEASE-00118952 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hill v. Tennessee Valley Auth., 842 F. Supp. 1413 | 316P+952 | The Federal Employees Liability Reform and Tort Compensation Act creates statutory mechanism which immunizes federal employees from personal liability for common-law torts committed within scope of their employment by transforming cases against individual employees into actions against federal government which becomes subject to limitations of Federal Tort Claims Act (FTCA). Federal Employees Liability Reform and Tort Compensation Act of 1988, S 1 et seq., 102 Stat. 4563; 28 U.S.C.A. SS 1346(b), 2671-2680. | Are federal employees immune from liability for torts they commit when acting within the scope of their federal employment? | 00790.docx | LEGALEASE-00081551-LEGALEASE-00081552 |
| Morrison v. Morrison, 284 Ga. 112 | 336H+313 | A cause of action, for res judicata purposes, is the entire set of facts which give rise to an enforceable claim; where some of the operative facts necessary to the causes of action are different in the two cases, the later suit is not upon the same cause as the former, although the subject matter may be same, and even though the causes arose out of the same transaction. | "Is a ""cause of action deemed to be an entire set of facts that give rise to an enforceable claim?" | Action - Memo 34 - ANG.docx | ROSS-003296487-ROSS-003296489 |
| Thomson v. State, 21 Wyo. 196 | 28+65 | The statute, Comp.Stat. 1910, S 6252, which provides that when an indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained, is mandatory, and applies where the accused is charged with stealing a horse, although horse stealing is declared by statute to be a felony regardless of the value of the animal stolen. | "Upon conviction of larceny, embezzlement or obtaining under false pretense, should a jury ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained?" | Embezzlement - Memo 76 - SH.docx | ROSS-003285358-ROSS-003285359 |
| People v. Taylor, 32 Cal. 4th 863 | 352H+69 | Under sexual assault statute, there are two ways that a person may be found guilty of aggravated criminal sexual assault, which are separated by the disjunctive "or:" (1) first way is if person displayed, threatened to use, or used dangerous weapon, other than a firearm; and (2) second way is if person displayed, threatened to use, or used object fashioned or utilized in such a manner as to lead the victim reasonably to believe it to be dangerous weapon, and this second way only requires that victim reasonably believe that object was dangerous weapon, and this second way does not require that victim reasonably believe that the object was a dangerous weapon, other than a firearm. S.H.A. 720 ILCS 5/12-14(a)(1). | When can a person be found guilty of aggravated criminal sexual assault? | 042908.docx | LEGALEASE-00121457-LEGALEASE-00121458 |
| United Servs. Auto. Ass'n v. Alaska Ins. Co., 94 Cal. App. 4th 638 | 366+1 | "Equitable subrogation" permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer? | 05134.docx | LEGALEASE-00084208-LEGALEASE-00084210 |
| Hicks v. Londre, 107 P.3d 1009 | 366+26 | Five factors that have been outlined as conditions precedent to the application of equitable subrogation include (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | What are the five factors that have been outlined as conditions precedent to the application of equitable subrogation? | Subrogation - Memo # 564 - C - AP.docx | ROSS-003324189-ROSS-003324190 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Admiral Ins. Co. v. Arrowood Indem. Co., 471 B.R. 687 | 366+1 | There are two types of subrogation under Texas law: "contractual subrogation," i.e., "conventional subrogation," that is created by agreement or contract that grants right to pursue reimbursement from third party in exchange for payment of loss, and "equitable subrogation," i.e., "legal subrogation," that does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid debt for which another was primarily liable, and which in equity should have been paid by the latter. | What is the difference between legal and conventional subrogation? | Subrogation - Memo # 604 - C - NO.docx | LEGALEASE-00011413-LEGALEASE-00011414 |
| Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+1 | Equitable subrogation under Florida law generally is appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | "Is equitable subrogation appropriate where one party non-voluntarily pays the entire debt of another on which the paying party is not primarily liable in order to protect its own interests, as long as subrogation would not harm the rights of a third party?" | 044047.docx | LEGALEASE-00121450-LEGALEASE-00121452 |
| In re Project Homestead, 374 B.R. 193 | 366+1 | Under North Carolina, equitable subrogation is a creature of equity that applies in instances in which one party has paid a debt for which another party was primarily liable, and which in equity and good conscience should have been discharged by the latter. | "Is equitable subrogation a creature of equity that applies in instances in which one party has paid a debt for which another party was primarily liable, and which in equity and good conscience should have been discharged by the latter?" | 044124.docx | LEGALEASE-00121739-LEGALEASE-00121740 |
| Poteet v. Sauter, 136 Md. App. 383 | 366+1 | Subrogation is founded upon the equitable powers of the court, is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another, and is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person. | Is subrogation founded upon the equitable powers of the court? | Subrogation - Memo # 729 - C - SA.docx | ROSS-003310613-ROSS-003310614 |
| Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713 | 366+1 | The doctrine of equitable subrogation may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. | Can the doctrine of equitable subrogation be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract? | 044162.docx | LEGALEASE-00121571-LEGALEASE-00121572 |
| Universal Forest Prod. E. Div. v. Morris Forest Prod., 558 F. Supp. 2d 893 | 366+1 | Under Wisconsin law, "equitable subrogation" rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer. | "Does the doctrine of subrogation rest upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer?" | Subrogation - Memo # 802 - ES.docx | ROSS-003285183-ROSS-003285184 |
| In re McCabe Grp., 424 B.R. 1 | 366+28 | Five factors that Massachusetts court must consider when deciding whether to apply equitable subrogation are: (1) whether subrogee made payment to protect his or her own interest; (2) whether subrogee acted other than as volunteer; (3) whether subrogee was not him- or herself primarily liable for the debt paid, (4) whether subrogee paid off entire encumbrance, and (5) whether there is absence of any injustice to rights of the junior lienholder if subrogation is applied. | What are the five factors that courts must consider when deciding whether to apply equitable subrogation? | 044348.docx | LEGALEASE-00121448-LEGALEASE-00121449 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fordham v. Eason, 351 N.C. 151 | 386+20(8) | A successful action for trespass to chattel requires the party bringing the action to demonstrate that she had either actual or constructive possession of the personalty or goods in question at the time of the trespass, and that there was an unauthorized, unlawful interference or dispossession of the property. | Should the party bringing the action of trespass to chattel demonstrate that they had either actual or constructive possession of the personalty or goods in question at the time of the trespass? | 047148.docx | LEGALEASE-00121302-LEGALEASE-00121303 |
| Georgia Power Co. v. Harrison, 253 Ga. 212 | 307A+1 | Although trial court has discretion pursuant to statute to hear jurisdictional issues in advance of trial, it is a legal discretion which must balance factors favoring pretrial determination of a defense against other circumstances favoring delay, and which generally should not be exercised to consider questions of jurisdiction which are largely coextensive with merits of claim. O.C.G.A. S 9-11-12(d). | Does the trial court have discretion pursuant to statute to hear jurisdictional issues in advance of trial? | 029183.docx | LEGALEASE-00122387-LEGALEASE-00122388 |
| Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 307A+3 | The purpose of a motion in limine is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court. | Is the purpose of a motion in limine to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court? | Pretrial Proceedure - Memo # 41 - C - TJ.docx | ROSS-003297402-ROSS-003297403 |
| Am. Fid. Fire Ins. Co. v. United States, 385 F. Supp. 1075 | 220+4774 | Where stop notices had not been filed with respect to funds which were due from the state of California under public works contract, under California law, surety of defaulting contractor acquired no subrogation rights to the unpaid funds, the funds constituted "property or rights to property" of contractor, and federal tax liens for contractor's unpaid federal income taxes could attach to the funds. West's Ann.Cal.Civ.Code, SS 2848, 2849, 2858, 3179 et seq., 3187; 26 U.S.C.A. (I.R.C.1954) SS 6321, 6322. | Does the surety of a defaulting contractor acquire subrogation rights to the unpaid funds? | Subrogation - Memo # 900 - C - VA.docx | ROSS-003325315-ROSS-003325316 |
| Evans v. Kroh, 284 S.W.2d 329 | 13+61 | Statute which provides that, before a debt or liability upon contract becomes due or matures, an equitable action for indemnity may be brought (1) by creditor against his debtor, (2) by surety against his principal, or (3) by one who is jointly liable with another for such debt or liability against the latter, if defendant be about to depart from state and, with intent to defraud his creditors, has concealed or removed from state so much of his property that process of court after judgment cannot be executed, is remedial in nature and provides both a right and a remedy, and falls within statutory construction rule which requires a remedial statute granting a right or providing a remedy, to be strictly followed in all respects. | May an equitable action for indemnity may be brought by creditor against his debtor before a debt or liability upon contract becomes due or matures? | 005576.docx | LEGALEASE-00123905-LEGALEASE-00123906 |
| Zidell v. Bird, 692 S.W.2d 550 | 241+43 | Word "accrual," for purposes of statute of limitations, signifies date when one having right of action first becomes legally entitled to apply to court for relief by proceeding commenced therein; it signifies date when plaintiff first becomes entitled to sue defendant based upon legal wrong attributed to the latter. | "Does a cause of action ""accrue"" when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant?" | 005586.docx | LEGALEASE-00123925-LEGALEASE-00123927 |
| Austin v. Abney Mills, 824 So. 2d 1137 | 241+55(4) | To establish when the tort cause of action accrued in a long-latency occupational disease case, wherein the plaintiff suffers from the disease, the plaintiff must present evidence that the exposures were significant and such exposures later resulted in the manifestation of damages. | Does the plaintiff's cause of action in a long-latency occupational disease case accrue when exposures are significant and such exposures later result in the manifestation of damages? | Action - Memo # 62 - C - LK.docx | ROSS-003283906-ROSS-003283907 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown v. Trans World Airlines, 127 F.3d 337 | 25T+121 | Court is bound to enforce any legally negotiated arbitration clause that obligates parties to submit claims under either Title VII or FMLA to arbitration. Family and Medical Leave Act of 1993, S 2 et seq., 29 U.S.C.A. S 2601 et seq.; Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq. | Are courts bound to enforce legally negotiated arbitration clauses that obligate parties to submit claims under Title VII of the Civil Rights Act to arbitration? | 007109.docx | LEGALEASE-00123781-LEGALEASE-00123782 |
| Finne v. Dain Bosworth Inc., 648 F. Supp. 337 | 25T+413 | Claims for violation of Racketeer Influenced and Corrupt Organizations Act were arbitrable pursuant to arbitration clause in customer margin agreement with stockbroker; declining to follow Witt v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 602 F.Supp. 867(W.D.Pa.); Jacobson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 605 F.Supp. 510 (W.D.Pa.); Universal Marine Insurance Co. v. Beacon Insurance Co., 588 F.Supp. 735 (W.D.N.Car.); Wilcox v. Ho-Wing Sit, 586 F.Supp. 561 (N.D.Cal.); S.A. Mineracao Da Trindade-Samitri v. Utah International, Inc., 576 F.Supp. 566 (S.D.N.Y.). 18 U.S.C.A. SS 1961 et seq., 1965; 9 U.S.C.A. SS 1 et seq., 2, 3, 4. | Are RICO claims arbitrable? | 007111.docx | LEGALEASE-00123785-LEGALEASE-00123787 |
| Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | The function of the act of state doctrine is to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations. | "Does the act of state doctrine promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations?" | 019731.docx | LEGALEASE-00123809-LEGALEASE-00123810 |
| Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 | 221+342 | The "act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of the public acts a recognized foreign sovereign power committed within its own territory. | In its traditional formulation does the act of state doctrine preclude the courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | 019743.docx | LEGALEASE-00123830-LEGALEASE-00123831 |
| Saleh v. Bush, 848 F.3d 880 | 221+104 | International law does not recognize an act that violates jus cogens, a norm accepted and recognized by the international community of states as a whole as a norm from which no derogation is permitted and which can be modified only by a subsequent norm of general international law having the same character, as a sovereign act. | "Does international law recognize an act that violates jus cogens, a norm accepted and recognized by the international community of states as a whole as a norm from which no derogation is permitted and which can be modified only by a subsequent norm of general international law having the same character, as a sovereign act?" | International Law - Memo # 17 - C - LK.docx | ROSS-003301967-ROSS-003301968 |
| In re Vitamin C Antitrust Litig., 584 F. Supp. 2d 546 | 221+342 | The act of state doctrine, which derives from both separation of powers and respect for the sovereignty of other nations, holds that the courts of one nation may not sit in judgment of the public acts of another sovereign within its own borders. | Does the act of state doctrine hold that the courts of one nation may not sit in judgment of the public acts of another sovereign within its own borders? | 020054.docx | LEGALEASE-00123438-LEGALEASE-00123440 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions and introducing evidence in front of the jury without first asking the court's permission? | Pretrial Procedure - Memo  350 - TH.docx | ROSS-003297181-ROSS-003297182 |
| Brentson v. Chappell, 66 Ohio App. 3d 83 | 307A+3 | "Motion in limine" seeks anticipatory ruling that evidence will probably be inadmissible, so it should be excluded until opponent demonstrates its propriety; ability of trial court to entertain such motions lies in inherent power and discretion of trial judge to control proceedings. | Does the ability of trial court to entertain motions in limine lie within a court's inherent power and discretion to control proceedings before it? | Pretrial Procedure - Memo # 536 - C - CRB.docx | LEGALEASE-00013843-LEGALEASE-00013844 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sculler v. Sculler, 348 N.J. Super. 374 | 307A+3 | As a general rule, in limine motions are inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and in such cases, the motions should ordinarily be denied until a sufficient predicate is established. | "Are in limine motions inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and should the motions ordinarily be denied until a sufficient predicate is established?" | Pretrial Procedure - Memo # 68 - C - VA.docx | ROSS-003297698-ROSS-003297699 |
| Nelson v. Cyprus Bagdad Copper Corp., 119 F.3d 756 | 25T+132 | Unilateral promulgation by employer of arbitration provisions in employee handbook does not constitute knowing agreement on part of employee to waive statutory remedy provided by civil rights law. | Does an employer's promulgation of arbitration provisions in an employee handbook constitute a knowing agreement on the part of an employee to waive a statutory remedy provided by a civil rights law? | 007158.docx | LEGALEASE-00125557-LEGALEASE-00125558 |
| Rasoulzadeh v. Associated Press, 574 F. Supp. 854 | 221+342 | Application of "act of state" doctrine, barring suits against foreign governments or their officials, requires case-by-case analysis of extent to which separation of powers concerns are implicated, with respect to conduct of foreign relations, by action before the court. | "Does the act of state doctrine barring suits against foreign governments or their officials require a case-by-case analysis of the extent to which separation of powers concerns are implicated, with respect to the conduct of foreign relations?" | 020413.docx | LEGALEASE-00124766-LEGALEASE-00124768 |
| Honduras Aircraft Registry Ltd. v. Gov't of Honduras, 883 F. Supp. 685 | 221+342 | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, courts in United States from inquiring into validity of recognized foreign sovereign's public acts committed within its own territory. | "Does the ""Act of state doctrine"" limit courts in United States from inquiring into validity of recognized foreign sovereign's public acts committed within its own territory for prudential reasons?" | 020459.docx | LEGALEASE-00125255-LEGALEASE-00125257 |
| O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449 | 221+351 | When causal chain between defendant's alleged conduct and plaintiff's injury cannot be determined without an inquiry into the motives of the foreign government, claims made under the antitrust laws must be dismissed. | "When causal chain between defendant's alleged conduct and plaintiff's injury cannot be determined without an inquiry into the motives of the foreign government, must claims made under the antitrust laws be dismissed?" | International Law - Memo # 517 - C - ES.docx | ROSS-003282001-ROSS-003282002 |
| Hargrove v. Underwriters at Lloyd's, London, 937 F. Supp. 595 | 170B+2053 | Although act of state doctrine does not deprive federal court of subject matter jurisdiction over action, if court concludes that doctrine is applicable, dismissal of claims may be appropriate, if presumed validity of official acts precludes possibility of any relief for opposing party. | "If a court concludes that the act of state doctrine is applicable, does the validity of official acts preclude possibility of any relief for the opposing party?" | International Law - Memo 530 - TH.docx | ROSS-003323251-ROSS-003323252 |
| World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154 | 221+342 | When it applies, the act of state doctrine serves as a rule of decision for the courts of the United States, which requires that, in the process of deciding a case, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | "Does the act of state doctrine serve as a rule of decision for the courts of the United States, which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions?" | International Law- Memo # 761 - C - SU.docx | ROSS-003283471-ROSS-003283473 |
| Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680 | 221+342 | To trigger application of the act of state doctrine, the government act concerned must be a public one such as a legislative enactment, regulatory decree, or executive use of the police powers. | "To trigger application of the act of state doctrine, should the government act concerned be a public one such as a legislative enactment, regulatory decree, or executive use of the police powers?" | 020983.docx | LEGALEASE-00124627-LEGALEASE-00124628 |
| Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | A trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial; if, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of the admissibility is similar to a preliminary ruling on evidence at a pretrial conference, and it controls the subsequent course of action, unless modified at trial to prevent manifest injustice. | Is a ruling on the admissibility of evidence prior to trial similar to a preliminary ruling? | Pretrial Procedure - Memo # 832 - C - KA.docx | ROSS-003312897-ROSS-003312898 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matagorda Cty. v. Texas Ass'n of Ctys. Cty. Gov't Risk Mgmt. Pool, 975 S.W.2d 782 | 366+1 | Doctrine of "equitable subrogation" is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | Is equitable subrogation broadly applied to include instances in which one person pays a debt for which another is primarily liable? | Subrogation - Memo 981 - C- CAT.docx | ROSS-003283849-ROSS-003283850 |
| Drago v. Tishman Const. Corp. of New York, 4 Misc. 3d 354 | 307A+3 | Absent a specific pre-trial motion in limine, in the general course, arguments concerning adherence to accepted procedures for collection, storage or analysis of scientific evidence relate to trial issues of foundation and weight of the evidence; if it is determined the evidence is admissible, the weight of the evidence is a question for the trier of fact. | "Absent a specific pre-trial motion in limine, is the weight of the evidence a question for the trier of fact?" | Pretrial Procedure - Memo # 815 - C - SK.docx | ROSS-003286845-ROSS-003286846 |
| Aultman v. United Bank of Crawford, 259 Ga. 237 | 366+7(1) | Rule that surety who has paid debt of principal is entitled to be substituted in place of creditor as to all securities held by him for payment of debt applies whether security is real or personal property. O.C.G.A. S 10-7-57. | Is the rule that a surety who has paid the debt of a principal is entitled to be substituted in place of creditor as to all securities held by him for payment of debt applies whether security is real or personal property? | Subrogation - Memo # 691 - C - SA.docx | ROSS-003290407-ROSS-003290408 |
| Dible v. City of Lafayette, 713 N.E.2d 269 | 148+274(1) | Although injunctive relief may be necessary to remedy governmental interference with landowner rights for a private purpose, equitable relief is generally unavailable as a matter of law to remedy an alleged taking for a public purpose if an action for compensation can be brought subsequent to the taking. U.S.C.A. Const.Amends. 5, 14. | "Is equitable relief available where an alleged taking occurs for what is clearly a public purpose, as a matter of law where an action for compensation can be brought subsequent to the taking?" | 017566.docx | LEGALEASE-00125852-LEGALEASE-00125853 |
| United States v. Rezaq, 134 F.3d 1121 | 221+321 | International law imposes limits on state's ability to render its law applicable to persons or activities outside its borders; states may only exercise jurisdiction to prescribe under limited number of theories. Restatement (Third) of Foreign Relations Law S 401. | Does international law impose limits on a state's ability to render its law applicable to persons or activities outside its borders? | 020678.docx | LEGALEASE-00125997-LEGALEASE-00125998 |
| In re Stroud Oil Properties, 110 S.W.3d 18 | 13+61 | A cause of action to quiet title accrues when: (1) any instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof is executed, or (2) when a person acquires title to real property which appears to be subject to a previously-executed instrument of this type. | When does a cause of action to quiet title accrue? | 005563.docx | LEGALEASE-00126546-LEGALEASE-00126547 |
| City &Cty. of San Francisco v. Mun. Court, 167 Cal. App. 3d 712 | 216+5 | Affidavits in support of inspection warrants pursuant to city rehabilitation assistance program, which specified authorizing state and city code sections and described inspection standards and which incorporated by reference resolution establishing program and city planner's lengthy recommendation that area to be searched be designated as program area, provided probable cause for issuance of warrants to inspect properties in designated area. U.S.C.A. Const.Amend. 4; West's Ann.Cal.C.C.P. SS 1822.50 et seq., 1822.51, 1822.52; West's Ann.Cal.Health & Safety Code SS 37910 et seq., 37922(a, c). | Does an affidavit in support of inspection warrant provide probable cause for the issue of a search warrant? | 019494.docx | LEGALEASE-00126591-LEGALEASE-00126592 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. Cont'l Can Co., 260 Kan. 547 | 413+1165 | Workers' Compensation Act undertakes to cover every phase of right to compensation and of procedure for obtaining it, which is substantial, complete and exclusive, and appellate court must look to procedure of Act for methods of its administration; rules and methods provided by Code of Civil Procedure not included in Act itself are not available in determining rights thereunder. K.S.A. 44-501 et seq. | "Does the Workmens Compensation Act (WCA) undertakes to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive?" | 048591.docx | LEGALEASE-00126722-LEGALEASE-00126723 |
| Seawright v. Am. Gen. Fin. Servs., 507 F.3d 967 | 25T+134(3) | In determining whether an employee knowingly and voluntarily waived the right to sue employer pursuant to arbitration agreement, the court considers: (1) employee's experience, background, and education; (2) the amount of time the employee had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances. | How do courts evaluate whether an employee has knowingly and voluntarily waived the right to sue in court? | 007197.docx | LEGALEASE-00127213-LEGALEASE-00127214 |
| Byers v. Labor & Indus. Review Comm'n, 208 Wis. 2d 388 | 413+2084 | Workers' Compensation Act (WCA) provides alternative to tort liability, making employers strictly liable for injuries encompassed within Act, but limiting liability to compensation established by statute. W.S.A. 102.03(2). | "Does the Workers Compensation Act (WCA) provide an alternative to tort liability, making employers strictly liable for injuries encompassed within the Act, but limiting liability to compensation established by statute?" | 048315.docx | LEGALEASE-00126871-LEGALEASE-00126872 |
| United States v. Hawaii Cty., 473 F. Supp. 261 | 13+65 | Generally, a court is to apply a law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | Should a court apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary? | 006212.docx | LEGALEASE-00127376-LEGALEASE-00127377 |
| Lampert Lumber Co. v. Joyce, 405 N.W.2d 423 | 307A+501 | Whether dismissal without prejudice will be granted and on what terms is matter to be presented on motion to trial court, which then must weigh reasons given for requested nonsuit against any prejudice to other litigants. 48 M.S.A., Rules Civ.Proc., Rule 41.01(2). | "Is the question of whether dismissal without prejudice will be granted and on what terms a matter to be presented on motion to a trial court, which then must weigh reasons given for requested nonsuit?" | Pretrial Proceedure - Memo # 1142 - C - TJ.docx | ROSS-003328647-ROSS-003328648 |
| Jones v. Multi-Color Corp., 108 Ohio App. 3d 388 | 413+1 | Workers' Compensation Act operates as a balance of mutual compromise between interests of employers and employees whereby employees relinquish their common-law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common-law defenses and are protected from unlimited liability. R.C. S 4123.01 et seq. | Does the Workers Compensation Act operate as a balance of mutual compromise between the interests of employers and employees? | 048467.docx | LEGALEASE-00127338-LEGALEASE-00127339 |
| U.S. ex rel. Krueger v. Kinsella, 137 F. Supp. 806 | 34+1 | In time of war, constitutional authority to make rules for government and regulation of land and naval forces is co-extensive with the law of war, and permits extending court-martial jurisdiction over certain classes of civilians. U.S.C.A.Const. art. 1, S 8. | Does the constitutional authority to make rules for government and regulation of land and naval forces permit extending court-martial jurisdiction over certain classes of civilians? | 008320.docx | LEGALEASE-00128606-LEGALEASE-00128607 |
| Ewan v. Hardison Law Firm, 465 S.W.3d 124 | 307A+501 | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in the rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Rules Civ.Proc., Rule 41.01(1). | Is a plaintiff's right to voluntary dismissal without prejudice subject to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right? | 039112.docx | LEGALEASE-00128265-LEGALEASE-00128266 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fox v. Hinderliter, 222 S.W.3d 154 | 307A+508 | For a defensive pleading to qualify as a claim for affirmative relief, for purposes of rule that plaintiff's right to nonsuit does not prejudice right of adverse party to be heard on pending claim for affirmative relief, pleading must allege a cause of action, independent of plaintiff's claim, on which defendant could recover benefits, compensation or relief, even though plaintiff may abandon his cause of action or fail to establish it. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Should a claim for affirmative relief allege a cause of action-independent of the plaintiff's claim-upon which the claimant could recover compensation even if the plaintiff is unable to establish his cause of action? | 039245.docx | LEGALEASE-00128352-LEGALEASE-00128353 |
| Negaubauer v. Great N. Ry. Co., 92 Minn. 184 | 13+63 | Where by statute a right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right, and will control, no matter in what forum the action is brought. | "Where a statute a right of action is given which did not exist at common law, does the time so fixed become a limitation or condition upon the right?" | 006193.docx | LEGALEASE-00128764-LEGALEASE-00128765 |
| Burry & Son Homebuilders v. Ford, 310 S.C. 529 | 307A+517.1 | Generally, plaintiff is entitled to voluntary nonsuit without prejudice as matter of right unless legal prejudice is shown by defendant or important issues of public policy are present; once legal prejudice is found, granting or denial is within discretion of trial court. Rules Civ.Proc., Rule 41(a)(1). | Is a plaintiff entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to a defendant? | Pretrial Proceedure - Memo # 1143 - C - TJ.docx | ROSS-003287661-ROSS-003287662 |
| Allstate Ins. Co. v. Eagle-Picher Indus., 410 N.W.2d 324 | 413+6 | Liability of employer to pay compensation benefits does not depend on whether employee does or does not have cause of action against third party, but exists in any event where injury, including occupational disease, arose out of and in course of employment, regardless of anyone's negligence. M.S.A. S 176.021, subd. 1. | Does the liability of employer to pay workers' compensation benefits depend on whether the employee has a cause of action against a third party? | 048583.docx | LEGALEASE-00128694-LEGALEASE-00128695 |
| Cont'l Cas. Co. v. Am. Nat'l Bank & Tr. Co. of Chicago, 329 Ill. App. 3d 686 | 172H+621 | When a drawer who owes no debt to the bank writes a check payable to the bank's order, the drawer places that check in the bank's custody with the expectation that the bank will negotiate the check according to the drawer's wishes; therefore, a bank may not treat the check as bearer paper and blindly disburse the proceeds according to the instructions of any individual who happens to present the check to the bank. | Should a check made payable to a bank be treated according to the wishes of the drawer or be treated as bearer paper? | 009367.docx | LEGALEASE-00129020-LEGALEASE-00129021 |
| Madison Acquisition Grp. LLC v. 7614 Fourth Real Estate Dev., 134 A.D.3d 683 | 307A+512 | In general, absent a showing of special circumstances, a motion for a voluntary discontinuance should be granted without prejudice, but where the matter has been submitted to the court, the court may not order an action discontinued except upon the stipulation of all parties appearing in the action. McKinney's CPLR 3217(b). | "When the matter has been submitted to the court, will the court order an action discontinued except upon the stipulation of all parties appearing in the action?" | 024431.docx | LEGALEASE-00129516-LEGALEASE-00129517 |
| Terry v. Howard, 546 S.W.2d 66 | 307A+501 | It is the absolute right of a party, subject only to the Rules of Civil Procedure, to take a nonsuit in a judicial proceeding when no affirmative relief is sought by defendant, and a timely motion for nonsuit cannot be denied by trial court. | "Is it the absolute right of a party, subject only to the Rules of Civil Procedure, to take a nonsuit in a judicial proceeding when no affirmative relief is sought by a defendant?" | Pretrial Proceedure - Memo # 1260 - C - TM.docx | ROSS-003287714-ROSS-003287716 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stegmaier v. Trammell, 597 F.2d 1027 | 79+6 | Since, under statutes governing Alabama's unified judicial system, circuit clerks have no authority to make policy decisions with regard to compilation of data and statistics, description of administrative and business methods, systems, forms and records used in the clerk's office or with respect to preparation of budgetary recommendations, investigation and recommendation regarding physical facilities or procurement, distribution and assignment of supplies and since circuit clerks play only a ministerial role in the broad scheme of policy determination, circuit clerk did not occupy a policy-making position for purposes of rules governing patronage dismissals of public employees; therefore, even though deputy circuit clerk had authority concurrent to the circuit clerk's, the deputy could not be deemed a "policy maker." Const.Ala. 1901, Amend. 328, SS 6.01 et seq., 6.01(a), 6.20(b); Code of Ala.1975, SS 12-1-1 et seq., 12-5-1. | Do circuit court clerks have the authority to make policy decisions? | Clerks of court - Memo 119 - RK.docx | ROSS-003300231-ROSS-003300232 |
| Dobson v. Crews, 164 So. 2d 252 | 307A+506.1 | Principal difference between voluntary nonsuit and involuntary nonsuit is that former is taken and granted in such cases as when plaintiff enters court unprepared or unready, while latter is prompted by adverse ruling. | Is the principal difference between a voluntary nonsuit and involuntary nonsuit that the former is taken and granted in such cases as when plaintiff enters court unprepared or unready and the latter is prompted by a proposed adverse ruling of the court? | Pretrial Procedure - Memo # 1069 - C - SHS.docx | LEGALEASE-00020399-LEGALEASE-00020400 |
| Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150 | 228+186 | The following nonexclusive factors may be considered when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery prior to summary judgment: length of time the case has been on file, materiality and purpose of the discovery sought, and due diligence to obtain the discovery sought. Vernon's Ann.Texas Rules Civ.Proc., Rule 166a(g). | "When a movant requests a continuance for additional time to conduct discovery, should any nonexclusive factors be considered?" | 026918.docx | LEGALEASE-00130687-LEGALEASE-00130688 |
| Fisher v. Perez, 947 So. 2d 648 | 388+26 | In addition to the requirements in rule governing motions for a continuance, a party seeking a motion for continuance due to the unavailability of a witness must show: (1) prior due diligence to obtain the witness's presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance would cause material prejudice. West's F.S.A. RCP Rule 1.460. | What must a party who moves for a continuance due to the unavailability of a witness show? | 027007.docx | LEGALEASE-00131288-LEGALEASE-00131289 |
| Bounds v. Caudle, 549 S.W.2d 438 | 307A+331 | Purpose of rule of civil procedure governing discovery is to permit inspection and copying of tangible things within opposing party's custody upon a showing of good cause; although courts are required to give such rule a liberal construction, it was never intended to allow fishing excursions and was not intended to allow invasion of opposing party's thinking processes or that of his expert witnesses. Rules of Civil Procedure, rule 167. | Is the purpose of a rule of civil procedure governing discovery to permit inspection and copying of tangible things within an opposing party's custody upon a showing of good cause? | Pretrial Procedure - Memo # 2180 - C - AP.docx | ROSS-003288132-ROSS-003288134 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Church of Peace v. City of Rock Island, 357 Ill. App. 3d 47 | 371+2001 | Taxes are an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government; in contrast, a service charge or fees are contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield. | What is the contrast between a tax and a fee? | Taxation - Memo # 180 - C - SS.docx | LEGALEASE-00021145-LEGALEASE-00021147 |
| Church of Peace v. City of Rock Island, 357 Ill. App. 3d 47 | 371+2001 | Taxes are an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government; in contrast, a service charge or fees are contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield. | What is the contrast between a tax and a fee? | 044734.docx | LEGALEASE-00130893-LEGALEASE-00130895 |
| McCain Foods USA v. Cent. Processors, 275 Kan. 1 | 307A+749.1 | The pretrial order controls the course of the action unless modified to prevent manifest injustice; an issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. Rules Civ.Proc., K.S.A. 60-216(e). | "Unless modified to prevent manifest injustice, will the pretrial order control the course of action, and an issue or claim for relief that is not contained in pretrial order and should it be entertained by the trial court?" | 027646.docx | LEGALEASE-00132315-LEGALEASE-00132316 |
| Highlands Ins. Co. v. Missouri Pac. R. Co., 532 So. 2d 317 | 307A+749.1 | Pretrial order controls subject and course of action unless modified at trial to prevent manifest injustice and much discretion is left to trial judge in determining whether to modify pretrial order. | Does a pretrial order control the subject and course of action unless modified at trial to prevent manifest injustice and much discretion is left to trial judge in determining whether to modify a pretrial order? | Pretrial Procedure - Memo # 2333 - C - KG.docx | ROSS-003328469-ROSS-003328470 |
| 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2060 | Core of definition of special assessment that makes imposition special assessment rather than general tax is not that benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby, rather special assessment is used to provide combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or use or function of properties that are subject to special assessment. | What is the core of definition of special assessment that makes imposition a special assessment rather than general tax? | 044673.docx | LEGALEASE-00131620-LEGALEASE-00131621 |
| Silicon Valley Taxpayers Ass'n v. Santa Clara Cty. Open Space Auth., 44 Cal. 4th 431 | 268+405 | A "special assessment" is a compulsory charge placed by the state upon real property within a pre-determined district, made under express legislative authority for defraying in whole or in part the expense of a permanent public improvement therein, and levied against real property particularly and directly benefited by a local improvement in order to pay the cost of that improvement. | "Is ""special assessment"" a compulsory charge placed by the state upon real property within a predetermined district?" | Taxation - Memo # 306 - C - CK.docx | ROSS-003301961-ROSS-003301962 |
| People v. Mitchell, 132 Cal. App. 3d 389 | 63+1(1) | Crime of bribery would be complete even if it were found that benefit was conferred or offered solely in exchange for use of a public official's efforts to influence the judgment or action of other public officers. Penal Law 1965, S 200.00. | Is bribery complete even if that benefit was conferred or offered solely in exchange for use of a public official's efforts to influence the judgment or action of other public officers? | 011412.docx | LEGALEASE-00133263-LEGALEASE-00133264 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Serv. Experts v. Northside Air Conditioning & Elec. Serv., 56 So. 3d 26 | 307A+517.1 | Generally, a notice of voluntary dismissal deprives the trial court of jurisdiction over the case, but a trial court retains jurisdiction under rule governing relief from judgment to relieve a party from the act of finality in a narrow range of circumstances. West's F.S.A. RCP Rules 1.420(a), 1.540. | "After a voluntary dismissal, does a court retain jurisdiction under a rule governing relief from judgment to relieve a party from the act of finality in a narrow range of circumstances?" | 028074.docx | LEGALEASE-00133428-LEGALEASE-00133429 |
| In re Det. of J.R., 80 Wash. App. 947 | 307A+515.1 | Plaintiff, after resting his case, may move for voluntary dismissal, without prejudice, upon showing of good cause and upon such terms and conditions as court deems proper. CR 41(a)(2). | "Can a plaintiff, after resting his case, move for voluntary dismissal, without prejudice, upon showing of good cause and upon such terms and conditions as the court deems proper?" | 028210.docx | LEGALEASE-00133205-LEGALEASE-00133206 |
| Elrod v. Sunflower Meadows Dev., 322 Ga. App. 666 | 307A+486 | The movant seeking withdrawal of admissions must show that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that its denial was not offered solely for the purposes of delay. West's Ga.Code Ann. S 9-11-36(b). | "Should the movant seeking withdrawal of admissions show that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that its denial was not offered solely for the purposes of delay?" | 028341.docx | LEGALEASE-00132625-LEGALEASE-00132626 |
| Intel Corp. v. Hamidi, 30 Cal. 4th 1342 | 386+6 | Tort of trespasses to chattels did not encompass electronic communications that neither damaged the recipient computer system nor impaired its functioning; such an electronic communication did not constitute an actionable trespass to the computer system, because it did not interfere with possessor's use or possession of, or any other legally protected interest in, the personal property itself. | Does the tort of trespass to chattel encompass unauthorized access to a computer system that neither damages the recipient computer system nor impairs its functioning? | 047322.docx | LEGALEASE-00133358-LEGALEASE-00133359 |
| Jones v. Bouza, 7 Mich. App. 561 | 413+6 | Workmen's compensation law abolishes common-law theories of negligence, contributory negligence, negligence of fellow employee and assumption of risk and provides for speedy compensation to injured employee and practically exclusive liability of the employer. M.C.L.A. S 411.1 et seq. | "Did the Workmens Compensation Law abolish the common-law theories of negligence, contributory negligence, negligence of fellow employees, and the assumption of risk, as well as provide for speedy compensation to injured employees and practically exclusive liability of the employer?" | 047852.docx | LEGALEASE-00132886-LEGALEASE-00132887 |
| Shapell Indus. v. Superior Court, 132 Cal. App. 4th 1101 | 102+196 | Following entry of a dismissal of an action by a plaintiff, a trial court is without jurisdiction to act further in the action except for the limited purpose of awarding costs and statutory attorney's fees. West's Ann.Cal.C.C.P. S 581. | "Following entry of a dismissal of an action by a plaintiff, is a trial court without jurisdiction to act further in the action except for the limited purpose of awarding costs and statutory attorney's fees?" | 028259.docx | LEGALEASE-00133616-LEGALEASE-00133617 |
| United States v. Terry, 707 F.3d 607 | 63+1(1) | Motives and consequences, not formalities, are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor. 18 U.S.C.A. S 201(b)(2). | What are the keys for determining whether a public official entered into an agreement to accept a bribe? | 011235.docx | LEGALEASE-00134079-LEGALEASE-00134080 |
| Sheehan v. Nw. Mut. Life Ins. Co., 44 S.W.3d 389 | 302+233.1 | Factors that should be considered in deciding whether to allow leave to amend a petition are (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) the possibility of an amendment curing any inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted. V.A.M.R. 55.33. | What are the factors that should be considered in deciding whether to grant leave to amend a pleading? | Pleading - Memo 301 - RMM.docx | ROSS-003303723-ROSS-003303724 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fox Run Properties v. Murray, 288 Ga. App. 568 | 307A+486 | To show that the presentation of the merits of a case would be subserved by the withdrawal of admissions resulting from a party's failure to respond to requests for admissions, party seeking withdrawal of admissions is required to establish that the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility, or that the admitted requests were incredible on their face, and that the denials being tendered to the court with the motion to withdraw had not been offered solely for purposes of delay. West's Ga.Code Ann. S 9-11-36(b). | "If the burden of proof on the subject matter of the request for admission is on the requestor, is the movant required to show the admitted request?" | 028793.docx | LEGALEASE-00134639-LEGALEASE-00134640 |
| Massey v. Haupt, 632 P.2d 824 | 307A+486 | Trial court may permit withdrawal or amendment of admissions when the presentation of the merits of the action shall be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment would prejudice him in maintaining his action or defense on the merits. Rules of Civil Procedure, Rule 36(b). | Does a trial court have discretion to permit withdrawal or amendment of admissions when presentation of merits of action will be subserved and party obtaining admissions fails to satisfy court that he will be prejudiced in maintaining his action? | 028988.docx | LEGALEASE-00134743-LEGALEASE-00134744 |
| Hess v. Hess, 679 N.E.2d 153 | 307A+716 | Unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance, but denial of continuance based on withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. Trial Procedure Rule 53.5. | "Does the unexpected and untimely withdrawal of counsel necessarily entitle a party to a continuance, and is the denial of continuance based on withdrawal of counsel error if the moving party is free from fault and his rights are likely to be prejudiced by the denial?" | 029219.docx | LEGALEASE-00135157-LEGALEASE-00135158 |
| Baron v. Baron, 941 So. 2d 1233 | 307A+715 | It is generally reversible error to refuse to grant a motion for continuance when a party or his counsel is unavailable for physical or mental reasons, which unavailability prevents fair and adequate presentation of the party's case. | Is it reversible error to refuse to grant a motion for continuance where a party or his counsel is unavailable for physical or mental reasons which prevent a fair and adequate presentation of the party's case? | 029220.docx | LEGALEASE-00135117-LEGALEASE-00135118 |
| Progressive Life Ins. Co. v. Haygood, 53 Ga. App. 231 | 307A+716 | Postponement of trial on account of absence of counsel who is engaged in trial of case in court of different circuit, without leave, lies in discretion of court, and postponement for such cause is not favored. Code 1933, S 81-1413. | "Does postponement of trial on account of absence of counsel who is engaged in trial of case in court of different circuit, without leave, lie in discretion of a court, and is postponement for such cause not favored?" | Pretrial Procedure - Memo # 3280 - C - KG.docx | ROSS-003332084 |
| Wm. T. Thompson Co. v. Gen. Nutrition Corp., 593 F. Supp. 1443 | 170A+1636.1 | While litigant is under no duty to keep or retain every document in its possession once complaint is filed, it is under duty to preserve what it knows, or reasonably should know, is relevant in action, is reasonably calculated to lead to discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is subject of pending discovery request. | Does the law impose upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery? | 029325.docx | LEGALEASE-00135636-LEGALEASE-00135637 |
| Kessinger Hunter Mgmt. Co. v. Davis, 782 S.W.2d 426 | 307A+716 | When attorney legislator is attending session of general assembly and he has filed motion for legislative continuance, trial court may determine whether his presence is necessary to fair and proper trial; if it is, continuance will be granted. V.A.M.R. 65.06. | "When attorney legislator is attending session of general assembly and he files a motion for continuance, can the trial court determine whether his presence is necessary to a fair and proper trial?" | Pretrial Procedure - Memo # 3349 - C - VP.docx | ROSS-003290886-ROSS-003290887 |
| Wibbels v. Unick, 229 Neb. 184 | 307A+479 | Party's failure to make timely and appropriate response to request for admission constitutes admission of subject matter of request, which is conclusively established, unless, on motion, court permits withdrawal of admission. Sup.Ct.Rules, Discovery Rule 36. | "Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request, unless, on motion, the court permits withdrawal of the admission?" | 029698.docx | LEGALEASE-00135348-LEGALEASE-00135349 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schwarz v. Platte Valley Exterminating, 258 Neb. 841 | 307A+483 | Rule governing requests for admissions is not self-executing, but requires that a party, claiming another party's admission by failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must subsequently offer the request for admission as evidence. Discovery Rule 36. | "Must a party that seeks to claim another party's admission by failure to respond, prove service of the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence?" | Pretrial Procedure - Memo # 3557 - C - KG.docx | ROSS-003290487-ROSS-003290488 |
| Jackson v. Nemdegelt, 302 Ga. App. 767 | 307A+483 | Matters deemed admitted, as a result of a party's failure to respond to requests for admission, become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. S 9-11-36. | Does matters deemed admitted become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion? | Pretrial Procedure - Memo # 3639 - C - CK.docx | ROSS-003332112-ROSS-003332113 |
| In re Estate of Manuel, 187 Cal. App. 4th 400 | 307A+485 | Award against will contestant's attorneys in the amount of all legal fees executor incurred after the date of contestant's denial of requests for admission could not be upheld as a sanction for misuse of the discovery process; executor's motion sought costs of proof for failure to admit the truth of matter when requested to do so and did not seek misuse of discovery sanctions against counsel, none of the statutorily itemized types of conduct which constituted misuses of discovery explicitly included denying a request for admission without a reasonable ground to believe the party could prevail on the matter, executor never identified any specific conduct as misuse of discovery under the statute, and the trial court never found that attorneys misused discovery or advised that contestant did so. West's Ann.Cal.C.C.P. SS 2023.010, 2023.020, 2033.420. | "Does a ""reasonable ground"" for denying a request for admission, as would preclude a costs of proof award, mean more than a hope or a roll of the dice?" | 029920.docx | LEGALEASE-00135661-LEGALEASE-00135663 |
| Bezou v. Bezou, 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So. 3d 488 | 307A+485 | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | Does the court have wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine? | 030015.docx | LEGALEASE-00136836-LEGALEASE-00136837 |
| Hutchinson v. Montgomery Mem'l Park Corp., 128 W. Va. 419 | 307A+724 | One moving for continuance on ground that a material witness is absent must show that he has used due diligence to procure the attendance of the witness, that testimony is material, that same facts cannot be proved by any other witness in attendance, that movant cannot safely go to trial in absence of such witness, and that there is likelihood of procuring attendance of the witness or his deposition if the case is continued. Code, 56-6-7. | "Is a  motion for continuance, based on the absence of a material witness, calls for a showing satisfactory to the trial court that due diligence has been exercised to procure the attendance of the witness and that his testimony is material; that the same facts cannot be proved by any other witness in attendance? " | Pretrial Procedure - Memo # 3977 - C - DA.docx | LEGALEASE-00026513-LEGALEASE-00026514 |
| Erie Ins. Exch. v. Jones, 236 Va. 10 | 307A+485 | Award of attorney fees and expenses to party who was put to necessity of proof by opponent's failure to admit truth of matters contained in requests for admission was abuse of discretion; requests for admission did not conform to necessary standards of clarity and fairness, and opponent was at risk of conceding away a disputed point by such admission. Sup.Ct.Rules, Rules 4:11, 4:12(c). | "Is awarding of attorney fees and expenses to a party who was put to necessity of proof by opponent's failure to admit truth of matters contained in requests for admission, an abuse of discretion?" | Pretrial Procedure - Memo # 4143 - C - VP.docx | ROSS-003289972-ROSS-003289973 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | Degree to which party making denial of requested admission has attempted in good faith to reach reasonable resolution of matter involved is also appropriate factor to be weighed in determining whether such party had no good reason for denial so as to warrant imposition of expenses incurred in proving truth of requested admission on such party under S 2034(c). West's Ann.Cal.C.C.P. S 2034(c). | "Will the degree to which party making denial of requested admission has attempted in good faith to reach reasonable resolution of matter involved, be an appropriate factor to be weighed in determining whether such party had no good reason for denial?" | Pretrial Procedure - Memo # 4181 - C - SKG.docx | ROSS-003291741-ROSS-003291742 |
| Georgia Cas. Co. v. Campbell, 266 S.W. 854 | 307A+720 | When party has notice that amended pleading is to be filed injecting a new issue, he must exercise some degree of diligence to secure testimony he hopes to secure, and not wait until case is called and then ask trial court to grant him until another term to take such steps. | "Should a party exercise some degree of diligence in making some effort to secure the testimony, and not to wait until the case is called and ask the trial court to grant another term to take such steps?" | 030827.docx | LEGALEASE-00137157-LEGALEASE-00137158 |
| Romano v. Steelcase Inc., 30 Misc. 3d 426 | 307A+36.1 | In an action seeking damages for personal injuries, discovery is generally permitted with respect to materials that may be relevant both to the issue of damages and the extent of a plaintiff's injury including a plaintiff's claim for loss of enjoyment of life. McKinney's CPLR 3101. | Is discovery generally permitted with respect to materials that can be relevant both to the issue of damages and the extent of a plaintiff's injury including a plaintiff's claim for loss of enjoyment of life? | Pretrial Procedure - Memo # 4598 - C - SS.docx | LEGALEASE-00027535-LEGALEASE-00027536 |
| Tymar v. Two Men & a Truck, 282 Neb. 692 | 307A+474 | Rule governing requests for admissions is not self-executing, and thus a party that seeks to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence. Neb. Ct. R. Disc. S 6-336. | "Is the rule governing requests for admissions self-executing and does it require a party, claiming another party's admission by failure to respond properly to a request for admission, to offer the request for admission as evidence?" | 031400.docx | LEGALEASE-00137347-LEGALEASE-00137348 |
| Dresser Indus. v. Solito, 668 S.W.2d 893 | 307A+91 | In cases involving international parties and witnesses the potential for abuse of discovery is great and the trial judge must be especially sensitive to actual need for request of depositions and alternative means of taking the depositions. Vernon's Ann.Texas Rules Civ.Proc., Rules 186b, 201, 201, subds. 4, 5. | "In cases involving international parties and witnesses, is the potential for abuse of discovery great and the trial judge must be especially sensitive?" | 031533.docx | LEGALEASE-00137284-LEGALEASE-00137285 |
| Maddox v. Stone, 174 Md. App. 489 | 307A+747.1 | The rule requiring the entry of scheduling orders is intended to promote the efficient management of the trial court's docket, not to erect additional opportunities for a court to dismiss meritorious claims for lack of strict compliance with arbitrary deadlines. Md.Rule 2-504. | Is the rule requiring the entry of scheduling orders intended to promote the efficient management of the trial court's docket? | Pretrial Procedure - Memo # 5046 - C - SHB.docx | ROSS-003291182-ROSS-003291183 |
| Feldman v. Miller, 106 N.Y.S.2d 684 | 307A+91 | The deposition procedure was never intended to remove a weapon which would defeat an attempted fraud, nor to require the innocent to provide the other party with the way out of an inconsistent situation by disclosure of proof far in advance of trial for such uses as he may make thereof. Civil Practice Act, S 288. | Is the deposition procedure never intended to remove a weapon which would defeat an attempted fraud? | 030915.docx | LEGALEASE-00138930-LEGALEASE-00138931 |
| Gottlieb v. Merrigan, 119 A.D.3d 1054 | 307A+36.1 | Issue of whether long-arm jurisdiction exists often presents complex questions; discovery is, therefore, desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits. McKinney's CPLR 302(a)(1). | Does the issue of whether a long-arm jurisdiction exist often present complex questions? | Pretrial Procedure - Memo # 4530 - C - PC.docx | ROSS-003291151-ROSS-003291152 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Friedman v. Heart Inst. of Port St. Lucie, 863 So. 2d 189 | 307A+36.1 | While the general rule is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable. | "Where materials sought by a party would appear to be relevant to the subject matter of the pending action, is the information fully discoverable?" | Pretrial Procedure - Memo # 4454 - C - ES.docx | ROSS-003315659-ROSS-003315660 |
| Roman v. Cty. of Los Angeles, 85 Cal. App. 4th 316 | 228+181(7) | If the dates establishing the running of a statute of limitations do not clearly appear in the complaint, the proper remedy is to ascertain the factual basis of the contention that limitations has run through discovery and, if necessary, to file a motion for summary judgment. | "QuestionIf the dates establishing the running of a statute of limitations do not clearly appear in the complaint, is the proper remedy to ascertain the factual basis of the contention that limitations has run through discovery?" | Pretrial Procedure - Memo # 5019 - C - SU.docx | LEGALEASE-00029067-LEGALEASE-00029068 |
| Stelly v. Papania, 927 S.W.2d 620 | 307A+486 | Good cause is threshold standard for withdrawal of deemed admissions; party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Is good cause a threshold standard for withdrawal of deemed admissions and can a party establish good cause by showing that its failure to answer was accidental or the result of a mistake? | Pretrial Procedure - Memo # 3230 - C - SHS.docx | ROSS-003289325-ROSS-003289326 |
| Marine Midland Bank, N.A. v. Miller, 664 F.2d 899 | 170A+1275.5 | In deciding pretrial motion to dismiss for lack of personal jurisdiction, district court has considerable procedural leeway and may determine motion on basis of affidavits alone or may permit discovery in aid of motion or may conduct evidentiary hearing on merits of motion. Fed.Rules Civ.Proc. Rule 12(b)(2), 28 U.S.C.A. | Does the court have discretion to decide a pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone? | 032769.docx | LEGALEASE-00139887-LEGALEASE-00139888 |
| United States v. Foley, 73 F.3d 484 | 63+1(1) | For purposes of statute governing theft or bribery concerning programs receiving federal funds, value of a thing is not to be assessed by reference to any and every perspective or measure of value, no matter how subjective or arbitrary; rather, assessment of thing's value must be connected, even if only indirectly, to integrity of federal program funds. 18 U.S.C.A. S 666(a)(1)(B). | "For purposes of the statute governing theft or bribery concerning programs receiving federal funds, what must the assessment of a thing's value be connected to?" | 012148.docx | LEGALEASE-00141951-LEGALEASE-00141952 |
| Wallace v. Morgan, 23 Ind. 399 | 113+3 | To render a local custom valid to control a general principle, it should be well defined, in general use at the place by those engaged in the business to which it is applicable, and of such standing as to raise a reasonable presumption that it was known to those making shipments to such place. It should be uniform, and so well settled that persons in the trade must be considered as contracting with reference to it. | When is a custom rendered valid to control a general contract principle? | 014214.docx | LEGALEASE-00141914-LEGALEASE-00141915 |
| Texaco v. R.R. Comm'n, 583 S.W.2d 307 | 260+92.50 | While it is an elementary rule of property that a landowner is entitled to an opportunity to produce his fair share of oil from a common reservoir, such rule is qualified by both the rule of capture and Railroad Commission's authority to prevent waste. | Is the rule of property that a landowner is entitled to an opportunity to produce his fair share of oil from a common reservoir qualified by both the rule of capture and the Commission's authority to prevent waste? | 021132.docx | LEGALEASE-00140736-LEGALEASE-00140737 |
| RKT Properties v. Northwood, 2005-Ohio-4178, 12, 162 Ohio App. 3d 590 | 307A+486 | While rule governing requests for admissions permits a later withdrawal of the admission, it should be allowed only after considering the prejudice to the other party; against this prejudice the court must weigh the "compelling" circumstances that led to the failure to respond to the request for admissions. Rules Civ.Proc., Rule 36. | "While the rule governing requests for admissions permits a later withdrawal of the admission, should it be allowed only after considering the prejudice to the other party; against this prejudice the court should the court weigh the compelling circumstances that led to the failure to respond to the request for admissions?" | 029198.docx | LEGALEASE-00140784-LEGALEASE-00140785 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Willener v. Sweeting, 107 Wash. 2d 388 | 307A+485 | Determination of costs associated with rule providing for reasonable expenses incurred in making proof of offending party's failure to admit, including reasonable attorney fees, is within bounds of trial court's discretion. CR 37(c). | Is determination of costs associated with rule providing for reasonable expenses incurred in making proof of offending party's failure to admit? | 030696.docx | LEGALEASE-00141332-LEGALEASE-00141333 |
| I-CA Enterprises v. Palram Americas, 185 Cal. Rptr. 3d 24 | 307A+36.1 | A plaintiff who believes that there is a substantial probability that the plaintiff will prevail on its punitive damages claim must seek a court order permitting pretrial discovery of the defendant's financial condition in order to obtain the supporting information. Cal. Civ. Code S 3295(c). | Can a plaintiff who believes that there is a substantial probability that the plaintiff will prevail on its punitive damages claim seek a court order permitting pretrial discovery of the defendant's financial condition in order to obtain the supporting information? | 031574.docx | LEGALEASE-00141126-LEGALEASE-00141127 |
| Grayson v. AT & T Corp., 140 A.3d 1155 | 30+3907 | For purposes of ruling on a motion to dismiss for want of constitutional standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. | "For purposes of ruling on a motion to dismiss for want of constitutional standing, should the trial and reviewing courts accept as true all material allegations of the complaint?" | Pretrial Procedure - Memo # 5722 - C - DHA.docx | ROSS-003316400-ROSS-003316401 |
| In re Haley D., 2011 IL 110886 | 228+135 | In considering a motion to set aside the entry of a default, the court is mindful that the law prefers that controversies be determined according to the substantive rights of the parties, and the provisions of the Code of Civil Procedure governing relief from defaults are to be liberally construed toward that end. S.H.A. 735 ILCS 5/2-1301(e). | Should the controversies be determined according to the substantive rights of the parties and the Code of Civil Procedure be liberally construed toward that end? | Pretrial Procedure - Memo # 5949 - C - MS.docx | ROSS-003288130-ROSS-003288131 |
| In re Haley D., 2011 IL 110886 | 228+135 | In considering a motion to set aside the entry of a default, the court is mindful that the law prefers that controversies be determined according to the substantive rights of the parties, and the provisions of the Code of Civil Procedure governing relief from defaults are to be liberally construed toward that end. S.H.A. 735 ILCS 5/2-1301(e). | Should the controversies be determined according to the substantive rights of the parties and the Code of Civil Procedure be liberally construed toward that end? | 033285.docx | LEGALEASE-00140728-LEGALEASE-00140729 |
| Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117 | 307A+554 | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | "On a motion to dismiss for lack of subject matter jurisdiction, does a district court determine whether the complaint states facts that, if true, would vest the court with subject matter jurisdiction?" | 033396.docx | LEGALEASE-00141409-LEGALEASE-00141410 |
| Estate of Lewis v. Lewis, 229 Ariz. 275 P.3d 615 | 307A+746 | Absent a showing of willfulness or something akin to it, a judgment based on the failure of a nonresident litigant to appear for a pre-trial hearing, where such litigant is represented at the hearing by his attorneys of record, constitutes reversible error. 16 A.R.S. Rules Civ.Proc., Rule 16(f). | "Absent a showing of willfulness or something akin to it, does a judgment based on the failure of a nonresident litigant to appear for a pre-trial hearing constitute reversible error?" | Pretrial Procedure - Memo # 6094 - C - SKG.docx | ROSS-003289761-ROSS-003289762 |
| Brandt v. Brandt, 119 R.I. 607 | 307A+723.1 | Power to continue is inherent in authority of a court to hear and determine cases before it, and court may grant or deny motion properly before it or, absent statutory provisions to contrary, may sua sponte order continuance when it is, in eyes of court, necessary. Gen.Laws 1956, SS 8-10-38, 15-11-1, 15-11-2. | "Is the power to continue inherent in authority of a court to hear and determine cases before it, and a court may grant or deny a motion properly before it?" | 030642.docx | LEGALEASE-00142951-LEGALEASE-00142952 |
| Pac. Exp. Co. v. Needham, 37 Tex. Civ. App. 129 | 307A+723.1 | Under Rev.St.1895, art. 1277, providing that, on the first application for a continuance on the ground of want of testimony, the applicant shall make affidavit that such testimony is material and that he has used due diligence, an application for continuance is properly refused where it fails to state the use of due diligence to procure the required testimony. | Is an application for continuance properly refused where it fails to state the use of due diligence to procure the required testimony? | 030660.docx | LEGALEASE-00142796-LEGALEASE-00142797 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bloxham v. Saldinger, 175 Cal. Rptr. 3d 650 | 307A+477.1 | Since requests for admissions are not limited to matters within personal knowledge of the responding party, that party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge. Cal. Civ. Proc. Code S 2033.220(c). | "Since requests for admissions are not limited to matters within personal knowledge of the responding party, does the party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge?" | 030672.docx | LEGALEASE-00142873-LEGALEASE-00142874 |
| In re Petition to Annex Approximately 7,806 Acres of Real Estate into City of Jeffersonville, 891 N.E.2d 1157 | 307A+554 | The issue of a party's failure to satisfy procedural prerequisites for exercise of subject matter jurisdiction is properly raised by means of a motion to dismiss for lack of jurisdiction or for failure to state a claim, depending on whether the claimed defect is apparent on the face of the complaint. Trial Procedure Rule 12(B)(1, 6). | By what means is the issue of a party's failure to satisfy procedural prerequisites for exercise of subject matter jurisdiction properly raised ? | 033693.docx | LEGALEASE-00143075-LEGALEASE-00143076 |
| Verploegh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+560 | Purpose of Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process, and a primary reason for its passage, is the prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run. Sup.Ct.Rules, Rule 103(b). | Is the primary reason for the passage of Rule 103(b) the prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run? | 033756.docx | LEGALEASE-00142497-LEGALEASE-00142498 |
| U.S. Bank Nat. Ass'n v. Martinez, 188 So. 3d 107 | 307A+746 | Because dismissal of an action is the harshest of all sanctions, the trial court must explicitly find that the party's actions in failing to attend a pretrial or case management conference were willful, flagrant, deliberate, or otherwise aggravated. West's F.S.A. RCP Rule 1.200(c). | "Should the trial court explicitly find that the party's actions in failing to attend a pretrial or case management conference were willful, flagrant, deliberate, or otherwise aggravated because dismissal of an action would be the harshest of all sanctions?" | 033783.docx | LEGALEASE-00142356-LEGALEASE-00142357 |
| McRoberts v. Bridgestone Americas Holding, 365 Ill. App. 3d 1039 | 307A+560 | For purposes of motion to dismiss for a failure to act with reasonable diligence in effecting the service of process, the standard the trial court is to apply when determining whether a plaintiff was duly diligent in effecting the service of process is an objective one, with each case turning on its own specific facts; the trial court's determination of a plaintiff's lack of diligence is a fact-intensive inquiry suited to balancing, not bright lines. Sup.Ct.Rules, Rule 103(b). | "Is the trial court's determination of a plaintiff's lack of diligence in obtaining service of process, so as to warrant dismissal, an objective one and a fact-intensive inquiry suited to balancing?" | 033895.docx | LEGALEASE-00142266-LEGALEASE-00142267 |
| Lasko v. Meier, 394 Ill. 71 | 302+433(5) | A verdict will cure not only all formal and purely technical defects and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively any substantial facts essential to a right of action, if issue joined is such as necessarily requires, on trial, proof of facts so omitted or imperfectly stated, and if such facts can be implied from allegations of complaint by fair and reasonable intendment. | Will a verdict cure technical defects in a complaint? | 023512.docx | LEGALEASE-00143864-LEGALEASE-00143865 |
| Cuozzo v. Town of Orange, 315 Conn. 606 | 307A+678 | When the jurisdictional facts are intertwined with the merits of the case, the court may in its discretion choose to postpone resolution of a jurisdictional question brought pursuant to a motion to dismiss until the parties complete further discoveryor, if necessary, a full trial on the merits has occurred; in that situation, an evidentiary hearing is necessary because a court cannot make a critical factual jurisdictional finding based on memoranda and documents submitted by the parties. Pra ctice Book 1998, S 10-30. | "When the jurisdictional facts are intertwined with the merits of the case, can the court in its discretion choose to postpone resolution of a jurisdictional question brought pursuant to a motion to dismiss until the parties complete further discovery?" | 032675.docx | LEGALEASE-00144321-LEGALEASE-00144322 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kenny v. Banks, 289 Conn. 529 | 307A+554 | When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two-part inquiry to determine the propriety of its exercising such jurisdiction over the defendant; trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant, and if the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. U.S.C.A. Const.Amend. 14. | "When a defendant challenges personal jurisdiction in a motion to dismiss, do the court undertake a two part inquiry to determine the propriety of its exercising such jurisdiction over the defendant?" | 033049.docx | LEGALEASE-00143860-LEGALEASE-00143861 |
| Wilson v. McNeely, 302 Ga. App. 213 | 307A+746 | The trial court must have the power to impose appropriate sanctions to make effective its pre-trial orders; contempt at times be proper, whereas, in an extreme case, the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, although these remedies are too drastic if less harsh sanctions are appropriate. | Can contempt be proper as a sanction for a violation of a trial court's pretrial order? | Pretrial Procedure - Memo # 5809 - C - SB.docx | ROSS-003288984-ROSS-003288985 |
| Carman-Crothers v. Brynda, 2014 IL App (1st) 130280 | 307A+685 | To meet the burden of providing a reasonable explanation for the delay in effectuating service, in order to avoid dismissal for failure to exercise reasonable diligence in obtaining service on a defendant, the plaintiff must present an affidavit or other evidentiary materials which show that the delay in service was reasonable and justified under the circumstances. Sup.Ct.Rules, Rule 103(b). | "To meet the burden of providing a reasonable explanation for the delay in effectuating service, must the plaintiff present an affidavit or other evidentiary materials which show that the delay in service was reasonable and justified under the circumstances?" | 033602.docx | LEGALEASE-00143834-LEGALEASE-00143835 |
| McRoberts v. Bridgestone Americas Holding, 365 Ill. App. 3d 1039 | 313+63 | There is no set time limit during which service must be effected, and each decision on motion to dismiss for a failure to act with reasonable diligence in effecting the service of process must be based on the facts and circumstances in each particular case. Sup.Ct.Rules, Rule 103(b). | "Is there no set time limit during which service must be effected, and each decision on motion to dismiss for a failure to act with reasonable diligence in effecting the service of process must be based on the facts and circumstances in each particular case?" | 033642.docx | LEGALEASE-00144048-LEGALEASE-00144050 |
| Azimi v. Johns, 254 P.3d 1054 | 307A+583 | Before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. Rules Civ.Proc., Rules 37, 41(b). | "Before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, should the court give the litigant notice and an adequate opportunity to cure?" | Pretrial Procedure - Memo # 6718 - C - SS.docx | ROSS-003288446-ROSS-003288447 |
| Chappelle v. S. Florida Guardianship Program, 169 So. 3d 291 | 307A+46 | Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf for entering dismissal as sanction and set forth explicit findings of fact in the order that imposes the sanction of dismissal. | "Before a court may dismiss a cause as a sanction for willful noncompliance with court order, should it first consider the appropriate factors and set forth explicit findings of fact in the order that imposes the sanction of dismissal?" | Pretrial Procedure - Memo # 6742 - C - TM.docx | ROSS-003289826-ROSS-003289827 |
| Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701 | 307A+560 | It is mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made. Rules Civ.Proc., Rule 4(i). | Is it mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made? | Pretrial Procedure - Memo # 6770 - C - ES.docx | ROSS-003316835-ROSS-003316836 |
| Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701 | 307A+560 | Under the rule of civil procedure governing dismissals, a second dismissal based on failure to serve valid process shall be made with prejudice where the plaintiff has previously taken a voluntary nonsuit. Rules Civ.Proc., Rule 41(b). | "Under the rule of civil procedure governing dismissals, shall a second dismissal based on failure to serve valid process be made with prejudice where the plaintiff has previously taken a voluntary nonsuit?" | Pretrial Procedure - Memo # 6771 - C - ES.docx | ROSS-003302835-ROSS-003302836 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Ulm's Estate, 345 So. 2d 1099 | 307A+563 | Although a trial court has the inherent power to impose the sanction of dismissal as a coercive and disciplinary measure, the law abhors denial of access to the courts for any reason other than the willful abuse of the processes of the court. | "Although a trial court has the inherent power to impose the sanction of dismissal as a coercive and disciplinary measure, does the law abhor denial of access to the courts for any reason?" | Pretrial Procedure - Memo # 7114 - C - SHS_57788.docx | ROSS-003282546-ROSS-003282547 |
| McNamara Realty v. Hutchinson, 54 Misc. 2d 810 | 401+5.1 | Venue statute providing that place of trial of an action in which judgment demanded would affect title to, or possession, use or enjoyment of real property shall be in county in which any part of the subject of the action is situated does not apply to action at law to recover damages for breach of contract for payment of real estate commissions, although that contract relates to real property, for in such case the judgment which plaintiff seeks is simple money judgment which does not "affect" title to real property. CPLR 503(a, c), 507, 510; Rule 511. | Does the venue statute apply to an action at law to recover damages for a breach of contract for payment of real estate commissions? | Venue - Memo 163 - TB.docx | ROSS-003289861-ROSS-003289862 |
| McGee v. Macambo Lounge, 158 Mich. App. 282 | 307A+746 | Provisions of court rule providing that failure to appear for duly scheduled pretrial conference shall constitute default were sufficiently general to permit default for nonappearance of insurance representative who was properly ordered to appear at settlement conference. GCR 1963, 301.9. | Shall provisions of court rule providing that failure to appear for duly scheduled pretrial conference constitute default? | 034349.docx | LEGALEASE-00145855-LEGALEASE-00145856 |
| Tobacco Superstore v. Darrough, 362 Ark. 103 | 307A+690 | It is mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of the filing of the complaint and no motion to extend is timely made. Rules Civ.Proc., Rule 4(i). | Is it mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of the filing of the complaint and no motion to extend is timely made? | 034702.docx | LEGALEASE-00145585-LEGALEASE-00145586 |
| Hill v. Caparino, 370 S.W.2d 760 | 307A+483 | In absence of a motion to permit a late filing of an answer to a request for admissions, there can be no complaint of action of trial court in entering order decreeing that request for admissions of relevant facts be deemed answered affirmatively. Rules of Civil Procedure, rule 169. | "In absence of a motion to permit a late filing of answer, can there be no complaint of action of a trial court in entering its order decreeing that a request for admissions be deemed admitted?" | Pretrial Procedure - Memo # 6971 - C - KI.docx | ROSS-003289935-ROSS-003289937 |
| Garcia v. Mireles, 14 S.W.3d 839 | 302+352 | Conclusion that disobeyance of its order was willful or consciously indifferent is sufficient basis for the trial court to impose the ultimate sanction of dismissing the case or striking pleadings and rendering judgment by default. | Is the conclusion that disobeyance of its order was willful or consciously indifferent a sufficient basis for the trial court to impose the ultimate sanction of dismissing the case? | 034816.docx | LEGALEASE-00145909-LEGALEASE-00145910 |
| Proctor v. Poole, 233 F.R.D. 323 | 170A+1278 | Although dismissal as a sanction for failure to comply with court-ordered discovery is a drastic remedy that should be imposed only in extreme circumstances, this severe sanction may well be warranted, even in the case of pro se litigants, when, due to willfulness or bad faith, they fail to comply with discovery orders after being warned that noncompliance can result in dismissal. Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A. | "While a trial court clearly has power to dismiss a case as a sanction for plaintiff's failure to comply with a court order, is dismissal a drastic remedy?" | 035300.docx | LEGALEASE-00145601-LEGALEASE-00145602 |
| Bologna v. Schlanger, 995 So. 2d 526 | 307A+563 | Dismissal for fraud is warranted where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | "Is dismissal for fraud warranted where it can be demonstrated, clearly and convincingly?" | 035323.docx | LEGALEASE-00146317-LEGALEASE-00146318 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Delaware R.R. Tax, 85 U.S. 206 | 371+2063 | The exercise of state's authority to tax its corporations and all their property and franchises and to graduate the tax on corporations according to their business or income or the value of their property when this is not done by discriminating against rights held in other states and the tax is not on imports, exports or tonnage or transportation to other states, does not conflict with any constitutional power of congress. | Does the exercise of state's authority to tax its corporations and all their property and franchises conflict with any constitutional power of congress? | Taxation - Memo # 805 - C - KA.docx | ROSS-003286899-ROSS-003286900 |
| Giglio v. NTIMP, 86 A.D.3d 301 | 307A+590.1 | In instances where an answer is not demanded in response to a cross claim, the denial that is "deemed" to have been made will foreclose any motion for a default judgment on the cross claim and, by extension, foreclose dismissal of such a cross claim even where no default motion is made within one year. McKinney's CPLR 3011, 3215(c). | "In instances where an answer is not demanded in response to a cross claim, will the denial that is ""deemed"" to have been made foreclose any motion for a default judgment?" | Pretrial Procedure - Memo # 7028 - C - RF.docx | ROSS-003286071-ROSS-003286072 |
| Dick v. Am. Motors Sales Corp., 14 Ohio App. 3d 322 | 307A+563 | Trial court has authority to enforce compliance with its orders and to control its process, and where bad faith on part of prosecution intervenes, has the power to punish such abuse in appropriate case by applying penalty of dismissal. | "Where bad faith on part of prosecution intervenes, does the court have the power to punish such abuse in an appropriate case by applying a penalty of dismissal?" | 034948.docx | LEGALEASE-00146810-LEGALEASE-00146812 |
| Howard v. Risch, 959 So. 2d 308 | 307A+563 | Unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim on grounds that a fraud has been perpetrated on the court. | "Unless it appears that the process of trial has itself been subverted, are factual inconsistencies or even false statements well managed through the use of impeachment at trial?" | 10099.docx | LEGALEASE-00095044-LEGALEASE-00095045 |
| Shiffman v. K, 657 P.2d 401 | 307A+590.1 | Term "proceeding" as used in rule providing for dismissal of suits for want of prosecution when no proceedings have been taken therein for more than one year, means a step, act or measure of record, by the plaintiff, which reflects the serious determination of plaintiff to bring the suit to a resolution, or a step, act or measure of record, by either party, which reflects that the suit is not stagnant. Rules Civ.Proc., Rule 41(e). | "Does the term ""proceeding"" mean a step, act or measure of record by the plaintiff, which reflects the serious determination to bring the suit to resolution or a step, act or measure of record, by either party, which reflects that the suit is not stagnant?" | 035620.docx | LEGALEASE-00147614-LEGALEASE-00147615 |
| Avery v. New Hampshire Dep't of Educ., 162 N.H. 604 | 307A+561.1 | When the motion to dismiss does not challenge the sufficiency of petitioners' legal claim but, instead, raises certain defenses, trial court must look beyond petitioners' unsubstantiated allegations and determine, based on the facts, whether petitioners have sufficiently demonstrated their right to claim relief. | Does the motion to dismiss challenge the sufficiency of petitioners' legal claim or raise certain defenses? | Pretrial Procedure - Memo # 7637 - C - NS.docx | ROSS-003326866-ROSS-003326867 |
| Capitol Hill State Bank v. Rawlins Nat. Bank of Rawlins, 24 Wyo. 423 | 83E+401 | A negotiable instrument payable to order may be transferred by the payee or holder without indorsement, though in such case the transferee takes only the title and right of his transferor, and does not become a holder in due course, but has only the equitable instead of the legal title, which principle is recognized by the Negotiable Instruments Law. (Compiled Statutes, 1910, Section 3207.) | Does the transferee becomes holder in due course when a negotiable instrument payable to order is transferred by the payee or holder without indorsement? | Bills and Notes- Memo 671-PR.docx | LEGALEASE-00038108-LEGALEASE-00038109 |
| Mathews v. City of Atlanta, 167 Ga. App. 168 | 307A+563 | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve interest or justice. | Is a dismissal with prejudice warranted only where a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve an interest or justice? | 035049.docx | LEGALEASE-00148310-LEGALEASE-00148311 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Frenzel v. Browning-Ferris Industries, 780 S.W.2d 844 | 307A+581 | In determining whether to dismiss cause for want of prosecution, trial court may consider entire history of case, including length of time case was on file, amount of activity in the case, request for trial setting and existence of reasonable excuses for delay. | "Will a court consider whether a trial setting was requested, in determining whether to dismiss an action for want of prosecution?" | Pretrial Procedure - Memo # 8052 - C - DHA_58406.docx | ROSS-003294714-ROSS-003294715 |
| Wood v. Guilford Cty., 355 N.C. 161 | 307A+622 | Dismissal based on failure to state a claim is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. Rules Civ.Proc., Rule 12(b)(6), G.S. S 8C-1. | "When the complaint on its face reveals that no law supports the claim or discloses facts that necessarily defeat the claim, is dismissal proper?" | 036572.docx | LEGALEASE-00149465-LEGALEASE-00149466 |
| Wisconsin Interscholastic Athletic Ass'n v. Gannett Co., 716 F.Supp.2d 773 | 92+1970 | Venues for sporting events were non-public fora, for purposes of action brought by high school athletic association and online publisher against newspaper publisher and media association, seeking declaration that formation of exclusive licensing agreement for live Internet streaming of tournament events did not violate First Amendment; venues were operated in government's proprietary capacity rather than for political purpose, and intent and nature of fora were primarily commercial. U.S.C.A. Const.Amend. 1. | Can high school athletic associations seek declaration that formation of exclusive licensing agreement for live Internet streaming of tournament? | 017336.docx | LEGALEASE-00150508-LEGALEASE-00150509 |
| Buffington v. McGorty, 136 N.M. 226 | 307A+581 | Rule permitting dismissal of pending motion for lack of action on motion for substantial period of time simply provides a standardized procedure for district courts to evaluate the intentions of parties and their counsel and to rid their dockets of cases that should not be carried as active cases. NMRA, Rule 1-041, subd. E(2). | "Does rule permitting dismissal of pending motion for lack of action on motion, provide a standardized procedure for courts to evaluate the intentions of parties and to rid their dockets of cases that should not be carried as active cases?" | 036661.docx | LEGALEASE-00150578-LEGALEASE-00150579 |
| Hall v. Metro. Dade Cty., 760 So. 2d 1051 | 307A+581 | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry: first, the defendant is required to show there has been no record activity for the year preceding the motion, and second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | Does the plaintiff have an opportunity to establish good cause why the action should not be dismissed if there has been no record activity in the inquiry on a motion to dismiss for lack of prosecution? | 036779.docx | LEGALEASE-00150139-LEGALEASE-00150141 |
| McCall v. D.C. Hous. Auth., 126 A.3d 701 | 30+3441 | To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must set forth sufficient facts to establish the elements of a legally cognizable claim, containing sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Civil Rule 12(b)(6). | "To survive a motion to dismiss, should a complaint set forth sufficient facts to establish the elements of a legally cognizable claim?" | 036888.docx | LEGALEASE-00150166-LEGALEASE-00150167 |
| Mitchell v. Pruden, 796 S.E.2d 77 | 307A+622 | A complaint is not sufficient to withstand a motion to dismiss for failure to state a claim if an insurmountable bar to recovery appears on the face of the complaint; such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. N.C. R. Civ. P. 12(b)(6). | Is a complaint not sufficient to withstand a motion to dismiss for failure to state a claim if an insurmountable bar to recovery appears on the face of the complaint? | 036967.docx | LEGALEASE-00150286-LEGALEASE-00150287 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Spencer v. Beck, 358 Mont. 295 | 307A+581 | When a court is inclined to make a dispositive ruling on an issue not raised by the parties, the court must first afford the parties fair notice and an opportunity to present their positions before acting on its own initiative to dismiss a petition as untimely. | Should a court first afford the parties fair notice and an opportunity to present their positions before acting on its own initiative to dismiss a petition as untimely? | 037017.docx | LEGALEASE-00150698-LEGALEASE-00150699 |
| Osagie v. Peakload Temp. Services, 91 S.W.3d 326 | 307A+581 | Purpose of rule governing dismissal of claim for failure to prosecute is to enable court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. Rules Civ.Proc., Rule 41.02. | Does the purpose of rules governing dismissal of a claim for failure is to prosecute to protect defendants against plaintiffs who are unwilling to put their claims to the test? | Pretrial Procedure - Memo # 8389 - C - SK_59109.docx | ROSS-003279907-ROSS-003279908 |
| Zimmer v. CooperNeff Advisors, 523 F.3d 224 | 25T+182(2) | Factors in determining prejudice to nonmovant, on litigant's motion to compel arbitration, include timeliness of motion, degree to which merits of nonmovant's claims have been contested by movant, whether nonmovant is otherwise aware of movant's intention to seek arbitration, extent of non-merits motion practice that has transpired, movant's assent to trial court's pretrial orders, and degree to which parties have engaged in discovery. | What factors arerelevant to a prejudice inquiry in determining whether the right to arbitrate is waived? | 007940.docx | LEGALEASE-00151403-LEGALEASE-00151405 |
| Kamhi v. EmblemHealth, 37 Misc. 3d 171 | 307A+622 | Where evidentiary material is adduced in support of a motion to dismiss for failure to state a cause of action, the court is required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one. McKinney's CPLR 3211(a)(7). | "Where evidentiary material is adduced in support of a motion to dismiss for failure to state a cause of action, is the court required to determine whether the proponent of the pleading has a cause of action?" | 037256.docx | LEGALEASE-00150938-LEGALEASE-00150939 |
| Wright v. Texas Dep't of Criminal Justice-Institutional Div., 137 S.W.3d 693 | 307A+581 | A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can a court dismiss for want of prosecution when the case is not disposed of within the time standards of the Supreme Court? | Pretrial Procedure - Memo # 8595 - C - SB_59442.docx | ROSS-003319789-ROSS-003319790 |
| Annett v. Am. Honda Motor Co., 548 N.W.2d 798 | 307A+581 | Dismissal of cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. SDCL 15-11-11. | When the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptude should dismissal of the cause of action for failure to prosecute be granted? | 037438.docx | LEGALEASE-00151725-LEGALEASE-00151726 |
| In re Bradley Estate, 296 Mich. App. 31 | 307A+679 | On a motion seeking summary disposition on grounds that claim is barred by immunity, the allegations set forth in the complaint must be accepted as true unless contradicted by other evidence. MCR 2.116(C)(7). | "On a motion seeking summary disposition on grounds that claim is barred by immunity, should the allegations set forth in the complaint be accepted as true unless contradicted by other evidence?" | 037569.docx | LEGALEASE-00151748-LEGALEASE-00151749 |
| Jones v. Trustees of Union Coll., 92 A.D.3d 997 | 307A+679 | In the context of a motion to dismiss for failure to state a cause of action, courts must afford the pleadings a liberal construction, take the allegations of the complaint as true, and provide plaintiff the benefit of every possible inference. | "In the context of a motion to dismiss for failure to state a cause of action, should courts afford the pleadings a liberal construction?" | Pretrial Procedure - Memo # 8691 - C - MS_59729.docx | ROSS-003295210-ROSS-003295211 |
| Peoples Bank v. Carter, 132 S.W.3d 302 | 307A+680 | In general, a trial court's decision on a motion to dismiss for lack for subject-matter jurisdiction is a question of fact left to its sound discretion and will not be reversed on appeal absent an abuse of that discretion. | Is a trial court decision on a motion to dismiss for lack for subject-matter jurisdiction a question of fact left to its sound discretion and will not be reversed on appeal absent an abuse of that discretion? | Pretrial Procedure - Memo # 8773 - C - NE_59773.docx | ROSS-003278403-ROSS-003278404 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Taylor v. Altoona Area Sch. Dist., 513 F. Supp. 2d 540 | 141E+890 | Section of Individuals with Disabilities Education Act (IDEA), providing that nothing in the Act should be construed to restrict or limit rights and remedies available under Constitution or other Federal laws, does not create a cause of action under the IDEA; such section merely recognizes the existence of other causes of action created by other statutes, and clarifies that the IDEA does not preclude plaintiffs from also pursuing remedies independently available under those statutes. Individuals with Disabilities Education Act, S 615(l), 20 U.S.C.A. S 1415(l). | How should Individuals with Disabilities Education Act be construed? | 017047.docx | LEGALEASE-00152738-LEGALEASE-00152739 |
| Sistema Universitario Ana G. Mendez v. Riley, 234 F.3d 772 | 141E+1240 | In the administrative proceedings to determine eligibility of institution of higher education to participate in student financial assistance programs under Title IV of the Higher Education Act of 1965, the burden of proof is on the institution. Higher Education Act of 1965, S 400 et seq., as amended, 20 U.S.C.A. S 1070 et seq.; 34 C.F.R. S 668.116(d). | Are all universities eligible to participate in student financial assistance programs under Title IV of Higher Education Act? | Education - Memo #153 - C - HJ_60324.docx | ROSS-003291896-ROSS-003291897 |
| Annett v. Am. Honda Motor Co., 548 N.W.2d 798 | 307A+581 | Dismissal of cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. SDCL 15-11-11. | "Should dismissal of cause of action for failure to prosecute be granted when, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude?" | 037837.docx | LEGALEASE-00152071-LEGALEASE-00152072 |
| James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Can court enter judgment non pros where delay has caused prejudice to adverse party? | Pretrial Procedure - Memo # 8863 - C - DA_59860.docx | ROSS-003293136-ROSS-003293137 |
| Togo's Eatery of Florida v. Frohlich, 526 So. 2d 999 | 307A+594.1 | Good cause which will avoid dismissal for failure to prosecute must include contact with opposing party and some form of excusable conduct other than negligence or inattention to pleading deadlines. West's F.S.A. RCP Rule 1.420(e). | "Should good cause which will avoid dismissal for failure to prosecute, include contact with opposing party and some form of excusable conduct other than negligence or inattention to pleading deadlines?" | 038347.docx | LEGALEASE-00152716-LEGALEASE-00152717 |
| Forest Guardians v. U.S. Forest Serv., 329 F.3d 1089 | 411+7 | In order to satisfy exhaustion requirements, a plaintiff must present its claim to the United States Forest Service (USFS) in sufficient detail to allow the agency to rectify the alleged violation. Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994, S 212(e), 7 U.S.C.A. S 6912(e). | Does a plaintiff have to present its claim to the United States Forest Service (USFS) in sufficient detail in order to satisfy exhaustion requirements to allow the agency to rectify the alleged violation? | Woods and Forest - Memo 83 - RK_60203.docx | ROSS-003297677-ROSS-003297678 |
| Brown v. Plainfield Cmty. Consol. Dist. 202, 522 F. Supp. 2d 1068 | 170A+1772 | To survive motion to dismiss for failure to state a claim, plaintiff must plead enough to nudge their claims across the line from conceivable to plausible; pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | Should a pleading contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right? | 037941.docx | LEGALEASE-00153429-LEGALEASE-00153430 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Accredited Aides Plus v. Program Risk Mgmt., 147 A.D.3d 122 | 307A+624 | At the dismissal stage of litigation, a court is obligated to afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "At the dismissal stage of litigation, is a court obligated to afford the complaint a liberal construction?" | 037966.docx | LEGALEASE-00152910-LEGALEASE-00152912 |
| Jgk Indus. v. Hayes NY Bus., 145 A.D.3d 979 | 307A+683 | On a motion to dismiss a complaint for failure to state a cause of action, the court must accept the plaintiff's allegations as true and construe the allegations liberally, giving the plaintiff the benefit of every possible favorable inference. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, should the court accept the plaintiff's allegations as true and construe the allegations liberally?" | Pretrial Procedure - Memo # 8908 - C - TM_60366.docx | ROSS-003294674-ROSS-003294675 |
| Born to Build LLC v. Saleh, 36 Misc. 3d 590 | 307A+679 | In determining whether a cause of action exists, the pleading must be afforded a liberal construction: the facts alleged are accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court determines whether the facts alleged fit within any cognizable legal theory. | "In determining whether a cause of action exists, should the pleading be afforded a liberal construction?" | Pretrial Procedure - Memo # 8954 - C - DA_60407.docx | ROSS-003282820 |
| Dibrill v. Normandy Assocs., 383 S.W.3d 77 | 307A+679 | When considering whether a petition fails to state a claim upon which relief can be granted, courts review the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. V.A.M.R. 55.27(a)(6). | "In determining whether a petition states a claim upon which relief can be granted, does a court consider only the well pleaded facts of the petition and gives the pleading its broadest intendment?" | 038259.docx | LEGALEASE-00153716-LEGALEASE-00153717 |
| Godby v. Whitehead, 837 N.E.2d 146 | 307A+624 | The trial court's grant of a motion to dismiss for failure to state a claim is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances, and in determining whether any facts will support the claim, the appellate court look only to the complaint and may not resort to any other evidence in the record. Trial Procedure Rule 12(B)(6). | "On a motion to dismiss for alleging facts incapable of supporting relief under any set of circumstances, can a court only look to the complaint?" | 038305.docx | LEGALEASE-00152836-LEGALEASE-00152837 |
| Bejda v. SGL Indus., 82 Ill. 2d 322 | 307A+581 | Plaintiff's failure to take any action as ordered by court evidences want of prosecution by that party, and trial court may dismiss suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented, and this power exists independent of any statute. | Can a court dismiss a suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented? | Pretrial Procedure - Memo # 9173 - C - KI_60484.docx | ROSS-003279951-ROSS-003279952 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Ridgecrest Healthcare, 571 B.R. 838 | 51+2955 | In deciding whether claim asserted against Chapter 7 debtor, as operator of skilled nursing facility, for quality assurance fee imposed under California's Medicaid program was entitled to eighth-level priority as a claim for excise tax imposed on a transaction occurring within statutory three-year "lookback" period, bankruptcy court first had to determine whether claim was for "excise tax" by applying five-pronged Lorber test and considering the following factors: (1) whether fee was in nature of involuntary pecuniary burden imposed on individual or property; (2) whether it was imposed by or under authority of legislature; (3) whether fee was for public purpose; (4) whether fee was imposed under state's police or taxing power; and (5) whether a similarly situated private creditor could be hypothesized under the relevant statute. 11 U.S.C.A. S 507(a)(8)(E). | What is the test for a court to consider whether a fee is a tax? | 045994.docx | LEGALEASE-00153261-LEGALEASE-00153262 |
| Irvine v. Irvine, 76 U.S. 617 | 156+38 | Generally, when one makes a deed of land, covenanting therein that he is the owner, and he subsequently acquires an outstanding and adverse title, his new acquisition inures to the benefit of his grantee, on the principle of estoppel. | "When one makes a deed of land and subsequently acquires an outstanding and adverse title, does his new acquisition inure to the benefit of his grantee on the principle of estoppel?" | 018059.docx | LEGALEASE-00153893-LEGALEASE-00153894 |
| White v. Jasper City Bd. of Educ., 644 So. 2d 16 | 307A+581 | Although dismissal of action for failure to prosecute or to comply with rules or order is harsh sanction, it is warranted when there is clear record of delay, willful default or contumacious conduct of plaintiff. Rules Civ.Proc., Rule 41(b). | "Is dismissal of action for failure to prosecute or to comply with rules or order warranted when there is clear record of delay, willful default or contumacious conduct of plaintiff?" | 038449.docx | LEGALEASE-00154503-LEGALEASE-00154504 |
| Wilkerson v. Howell Contrs., 163 Ohio App. 3d 38 | 307A+681 | In determining, on a motion to dismiss for lack of subject-matter jurisdiction, whether the plaintiff has alleged any cause of action that the trial court has authority to decide, the trial court is not confined to the allegations of the complaint, and may consider material pertinent to that inquiry without converting the motion into one for summary judgment. Rules Civ.Proc., Rule 12(B)(1). | Are neither trial courts nor appellate courts confined to the allegations in the complaint for the purposes of subject-matter jurisdiction? | 038700.docx | LEGALEASE-00154157-LEGALEASE-00154158 |
| Cogswell v. Am. Transit Ins. Co., 282 Conn. 505 | 307A+685 | The motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone; however, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of a jurisdictional issue. | "Does the motion to dismiss admit all facts that are well pleaded, invokes the existing record?" | Pretrial Procedure - Memo # 9407 - C - UG_61064.docx | ROSS-003296435-ROSS-003296436 |
| Rodriguez v. Allstate Ins. Co., 33 Misc. 3d 827 | 307A+685 | Unless motion to dismiss for failure to state cause of action is converted into one for summary judgment, affidavits may be received for limited purpose only, serving normally to remedy defects in complaint, and are not to be examined for purpose of determining whether there is evidentiary support for pleading. McKinney's CPLR 3211(a)(7), (c). | "Unless a motion to dismiss is converted into one for summary judgment, can affidavits be received for a limited purpose only?" | Pretrial Procedure - Memo # 9550 - C - BP_61169.docx | ROSS-003284746-ROSS-003284747 |
| Hope Assoc. of Syosset LLC v. STP Assocs. LLC, 37 Misc. 3d 490 | 307A+683 | A plaintiff is not ordinarily obligated to demonstrate evidentiary facts to support the allegations contained in the complaint in order to survive a motion to dismiss for failure to state a cause of action, nor is whether a plaintiff can ultimately establish its allegations part of the calculus in determining a motion to dismiss. McKinney's CPLR 3211(a)(7). | Is a plaintiff not ordinarily obligated to demonstrate evidentiary facts to support the allegations contained in the complaint in order to survive a motion to dismiss for failure to state a cause of action? | Pretrial Procedure - Memo # 9572 - C - DA_61187.docx | ROSS-003293291-ROSS-003293292 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cowen v. Bank United of Texas, FSB, 70 F.3d 937 | 172H+1579 | Federal Reserve Board's "official staff commentary" that states that fee for courier service charged by settlement agent to send document to title company or some other party is not finance charge, provided that creditor has not required use of courier or retained the charge, is entitled to some weight as interpretation of statute, despite complaint that it was issued after transaction at issue in case. 12 C.F.R. Pt. 226, Supp. I comment. | Can a fee for courier service charged by a settlement agent be considered as a finance charge if the creditor has not required the use of a courier? | 013955.docx | LEGALEASE-00155160-LEGALEASE-00155161 |
| Thompson v. Echostar Commc'ns Corp., 89 So. 3d 696 | 46H+1247 | Even though the rule providing for the dismissal of an action for failure to prosecute does not specifically mention sanctions, a court may impose lesser sanctions including fines, costs, or damages against a plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Can lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct include fines, costs, or damages against plaintiff or his counsel?" | Pretrial Procedure - Memo # 10205 - C - SJ.docx | LEGALEASE-00044972-LEGALEASE-00044973 |
| Zuleski v. Pipella, 309 Minn. 585 | 307A+563 | Dismissal for failure to prosecute or to comply with rules or order of court necessarily depends upon circumstances peculiar to each case, justice and equity to each party, and must be considered with reference to just, speedy and inexpensive disposition of case and policy underlying dismissal rules of preventing harassment and unreasonable delays in litigation. | "Should justice and equity to each party be considered with reference to just, speedy and inexpensive disposition of case for dismissal for failure to prosecute?" | 039153.docx | LEGALEASE-00155311-LEGALEASE-00155312 |
| Crepin v. Fogarty, 59 A.D.3d 837 | 307A+685 | While factual affidavits submitted by a plaintiff may be considered to remedy defects in the complaint, affidavits submitted by a defendant do not constitute documentary evidence upon which a proponent of dismissal can rely. McKinney's CPLR 3211(a)(1). | "While factual affidavits submitted by a plaintiff can be considered to remedy defects in the complaint, do affidavits submitted by a defendant not constitute documentary evidence upon which a proponent of a dismissal can rely?" | Pretrial Procedure - Memo # 9919 - C - NE_61471.docx | ROSS-003293105-ROSS-003293106 |
| James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Is entry of non pros proper if party to proceeding has shown want of due diligence by failing to proceed with reasonable promptness? | Pretrial Procedure - Memo # 10042 - C - KG_62384.docx | ROSS-003282098-ROSS-003282099 |
| Coleman v. Baker/Mellon Stuart Const., 286 A.D.2d 924 | 307A+685 | Where delay in serving and filing note of issue is caused or affirmatively contributed to by the defendant, a defense motion to dismiss should be denied without requiring plaintiff to serve an affidavit of merit. | "Where delay in serving and filing note of issue is caused or affirmatively contributed to by the defendant, should a defense motion to dismiss be denied without requiring a plaintiff to serve an affidavit of merit?" | 024523.docx | LEGALEASE-00156188-LEGALEASE-00156189 |
| Wilcox v. Webster Ins., 294 Conn. 206 | 307A+685 | When a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. | "When a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for determination of the jurisdictional issue?" | Pretrial Procedure - Memo # 9906 - C - SHB_62118.docx | ROSS-003293807-ROSS-003293808 |
| Nowicki v. Cannon Steel Erection Co., 711 N.E.2d 536 | 307A+681 | When determining whether an on-the-job injury claim should be dismissed for lack of subject matter jurisdiction, the trial court may consider the pleadings, affidavits and any other evidence submitted; in addition, the court may weigh the evidence to determine the existence of the requisite jurisdictional facts and resolve factual disputes. | "When determining whether an on-the-job injury claim should be dismissed for lack of subject matter jurisdiction, can the trial court consider the pleadings, affidavits and any other evidence submitted?" | 024844.docx | LEGALEASE-00156685-LEGALEASE-00156686 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Laspina-Williams v. Laspina-Williams, 46 Conn. Supp. 165 | 307A+685 | Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. | "Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for determination of the jurisdictional issue?" | Pretrial Procedure - Memo # 10416 - C - VP_63366.docx | ROSS-003282853-ROSS-003282854 |
| Nielsen-Massey Vanillas v. City of Waukegan, 276 Ill. App. 3d 146 | 307A+685 | When defendant submits affidavit in support of motion to dismiss which controverts well-pleaded fact in complaint and plaintiff fails to file counter affidavits, facts set forth in affidavit are accepted as true despite any contrary assertions in complaint. | "When a defendant submits an affidavit in support of a motion to dismiss, are facts set forth in the affidavit accepted as true despite any contrary assertions in complaint?" | Pretrial Procedure - Memo # 10431 - C - KG_62579.docx | ROSS-003296153-ROSS-003296154 |
| Scovill Fasteners v. Sure-Snap Corp., 207 Ga. App. 539 | 307A+685 | When outcome of motion to dismiss for lack of personal jurisdiction depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record, and to the extent that defendant's evidence controverts complaint's allegations, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Uniform Superior Court Rule 6.1. | "When an outcome of a motion to dismiss for lack of jurisdiction depends upon unstipulated facts, should a motion be accompanied by a supporting affidavit or citations to evidentiary material in record?" | Pretrial Procedure - Memo # 10433 - C - KG_62581.docx | ROSS-003298049 |
| MAG-T v. Travis Cent. Appraisal Dist., 161 S.W.3d 617 | 15A+2151 | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. V.T.C.A., Government Code S 2001.171. | "In cases where an agency has exclusive jurisdiction, should a trial court dismiss claims without prejudice until the party has exhausted all administrative remedies?" | 024993.docx | LEGALEASE-00157562-LEGALEASE-00157563 |
| Rogers v. Gann, 982 So. 2d 1105 | 307A+690 | A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can a trial court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | Pretrial Procedure - Memo # 10514 - C - TJ_63383.docx | ROSS-003293855-ROSS-003293856 |
| Indus. Commc'ns v. Ward Cty. Appraisal Dist., 296 S.W.3d 707 | 307A+690 | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject-matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must generally dismiss such claims without prejudice. V.T.C.A., Government Code S 2001.171. | "If an agency has exclusive jurisdiction, should a party exhaust all administrative remedies before seeking judicial review of the agency's action?" | 025044.docx | LEGALEASE-00156703-LEGALEASE-00156704 |
| Esslinger v. Sun Ref. & Mktg. Co., 379 Pa. Super. 69 | 307A+699 | There are three requirements that must be satisfied in order to open judgment of non pros: petition to open must be promptly filed, reasonable explanation or excuse must be offered for petitioner's defective conduct, and facts constituting grounds for petitioner's underlying cause of action must be alleged. | Are there three requirements that must be satisfied in order to open a judgment of non pros? | 025571.docx | LEGALEASE-00158234-LEGALEASE-00158235 |
| Clark v. Yarbrough, 900 S.W.2d 406 | 307A+581 | Court may dismiss case for want of prosecution if party seeking relief fails to appear for any hearing or trial of which party has notice, for noncompliance with time standards, or for lack of due diligence and each different kind of dismissal is cumulative and independent. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4. | Can a court dismiss case for want of prosecution if a party seeking relief fails to appear for any hearing or trial of which a party has notice? | 025794.docx | LEGALEASE-00159176-LEGALEASE-00159177 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Potter v. Harvey, 30 Iowa 502 | 308+92(1) | While the general rule is recognized that, if the purchaser of property, who, it is claimed, relied upon the representations of the seller, shall receive and pay for it after he has learned that such representations were false, he will be estopped from afterward claiming damages on account of such false representations; it is, nevertheless, held, that this rule has no just application, if the contract was made by an agent of the purchaser, and the principal was ignorant of the false representations having been made, although he knew the facts showing their falsity. | Is a person whoknows that the representations of an agent were false estopped from afterward claiming damage for such false representations when the principal of the agent is ignorant of the false representations? | 041750.docx | LEGALEASE-00158977-LEGALEASE-00158978 |
| Brent v. Bd. of Trustees of Davis & Elkins Coll., 173 W. Va. 36 | 307A+698 | In order to reinstate cause of action which has been dismissed for failure to prosecute, plaintiff must move for reinstatement within three terms of entry of dismissal order and make showing of good cause which adequately excuses his neglect in prosecution of case. Rules Civ.Proc., Rule 41(b). | "In order to reinstate a cause of action which has been dismissed for failure to prosecute, should the plaintiff move for reinstatement within three terms of entry of the dismissal order?" | 039606.docx | LEGALEASE-00159571-LEGALEASE-00159572 |
| Great Old Broads for Wilderness v. Kimbell, 709 F.3d 836 | 411+7 | Plaintiffs objecting to a Forest Service decision need not frame issues in precise legal formulations to exhaust their administrative remedies, so long as the appeal, taken as a whole, provides sufficient notice to the Forest Service to afford it the opportunity to rectify the violations that the plaintiffs alleged; however, claims raised at the administrative appeal and in the federal complaint must be so similar that the district court can ascertain that the agency was on notice of, and had an opportunity to consider and decide, the same claims now raised in federal court. 5 U.S.C.A. S 704; Department of Agriculture Reorganization Act of 1994, S 212(e), 7 U.S.C.A. S 6912(e); 36 C.F.R. S 215. | "While objecting to a Forest Service decision, should the claims raised at the administrative appeal and in the federal complaint be similar so as to ascertain whether the agency was on notice of the same claims raised in the federal court?" | Woods and Forest - Memo 7 - ANM_64525.docx | ROSS-003296223-ROSS-003296224 |
| State v. $3,000.00 in U.S. Currency, 292 N.J. Super. 205 | 135H+25 | For double jeopardy purposes, civil forfeiture of property constituting proceeds of or facilitating illegal drug transactions and property involved in money laundering does not constitute "punishment." U.S.C.A. Const.Amend. 5; 18 U.S.C.A. S 981(a)(1)(A); Comprehensive Drug Abuse Prevention and Control Act of 1970, S 511(a)(6, 7), 21 U.S.C.A. S 881(a)(6, 7). | "For double jeopardy purposes, does civil forfeiture of property constituting proceeds of or facilitating illegal drug transactions and property involved in money laundering not constitute """punishment"""?" | 015345.docx | LEGALEASE-00160630-LEGALEASE-00160631 |
| Sims-Hearn v. Office of Med. Exam'r, Cty. of Cook, 359 Ill. App. 3d 439 | 307A+695 | Trial court may dismiss a complaint for failure to state a cause of action with no opportunity to replead if it is clearly apparent that no set of facts can be proven which will entitle plaintiff to recovery. | Should a complaint be dismissed for failure to state cause of action with no opportunity to replead only if it is clearly apparent that no set of facts can be proven that would entitle a plaintiff to recovery? | Pretrial Procedure - Memo 11628 - C - TJ_65365.docx | ROSS-003293221-ROSS-003293222 |
| Azimi v. Johns, 254 P.3d 1054 | 307A+583 | Before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. Rules Civ.Proc., Rules 37, 41(b). | "Should a court give the litigant notice and an adequate opportunity to cure the defects in his pleadings, before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute?" | 040401.docx | LEGALEASE-00160672-LEGALEASE-00160673 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ribaudo v. La Salle Inst., 45 A.D.3d 556 | 315T+127 | Basketball player assumed the risk of injury from running into concrete wall while playing basketball in private high school's gymnasium, where risk of colliding with the wall was inherent in the sport, condition of the wall was open and obvious, and there was no evidence that school's failure to pad the wall created a risk beyond those inherent in the sport, or that position of the wall or lack of padding violated any applicable standards relating to basketball courts. | Do students assume the risk of injury while participating in atheltics and physical education at school? | 017191.docx | LEGALEASE-00162004-LEGALEASE-00162006 |
| People v. Brown, 193 Colo. 120 | 181+4 | In a prosecution for forgery, the state must establish that a defendant had the intent to defraud by making or altering, possessing with intent to deliver, or issuing or delivering any document apparently capable of defrauding another; by use of the disjunctive "or," the forgery statute recognizes that these acts can be committed separately and ensures that a defendant is properly charged based on the stage of the process the defendant occupies. S.H.A. 720 ILCS 5/17-3(a)(1-3) (2006 Bar Ed.) | Is the making or altering of an instrument and the knowingly transferring or issuing of the instrument separate offences to prove forgery? | 018467.docx | LEGALEASE-00161982-LEGALEASE-00161983 |
| Krantz v. Scholtz, 201 A.D.2d 784 | 307A+697 | To warrant vacatur of judgment of dismissal of action deemed abandoned and restoration of action to calendar, plaintiff must demonstrate meritorious cause of action, reasonable excuse for delay, absence of prejudice to defendant if action is restored, and no intent to abandon action. McKinney's CPLR 3404. | "To warrant a vacatur of judgment of dismissal of action deemed abandoned and restoration of action to calendar, should a plaintiff demonstrate a meritorious cause of action?" | 040567.docx | LEGALEASE-00162484-LEGALEASE-00162485 |
| Hernandez-Zuniga v. Tickle, 374 S.C. 235 | 413+186 | In determining jurisdictional questions, it must be kept in mind that the basic purpose of the workers' compensation law is the inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion; however, a construction should not be adopted that does violence to the specific provisions of the workers' compensation law. | "With the basic purpose of the Workmens Compensation Act being the inclusion of employers and employees, not their exclusion, should a construction be adopted that does violence to the Act?" | Workers' Compensation - Memo 714 - C - ANC_67084.docx | ROSS-003292556-ROSS-003292557 |
| Yarbrough v. State, 90 Okla. Crim. 74 | 135H+59 | For "jeopardy" to attach, defendant must be put on trial before court of competent jurisdiction under indictment or information sufficient to sustain conviction of crime charged and jury must be impaneled and sworn to try case and thereafter be unnecessarily discharged by court without defendant's consent, and when all such conditions concur, jury's discharge constitutes jeopardy and operates as acquittal of defendant, who cannot again be tried for same offense. | "For jeopardy to attach, should a defendant be put on trial before a court of competent jurisdiction under indictment or information sufficient to sustain a conviction of a crime charged?" | 015568.docx | LEGALEASE-00162863-LEGALEASE-00162864 |
| Leggs v. State, 966 N.E.2d 204 | 135H+30 | A defendant is subjected to double jeopardy where a felony is elevated in class based on the same statutory factor and factual basis that was used to elevate another felony in class, thus the two cannot stand together and one must be reduced in class. U.S.C.A. Const.Amend. 5. | Is a defendant subjected to double jeopardy where a felony is elevated in class based on the same statutory factor and factual basis that was used to elevate another felony in class? | 014853.docx | LEGALEASE-00163988-LEGALEASE-00163989 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilcox v. State, 342 Ark. 388 | 135H+25 | To determine whether the legislature intended a penalty to be a civil sanction or criminal punishment, for double jeopardy purposes, a court must first look to the face of the statute giving rise to the penalty in question. U.S.C.A. Const.Amend. 5; West's A.I.C. Const. Art. 1, S 14. | "To determine whether the legislature intended a penalty to be a civil sanction or criminal punishment, should a court first look to the face of the statute giving rise to the penalty in question?" | 015105.docx | LEGALEASE-00163762-LEGALEASE-00163763 |
| State v. Jandreau, 157 A.3d 239 | 135H+95.1 | Absent defendant's consent to or the manifest necessity for a mistrial, the Double Jeopardy Clauses of the federal and state constitutions preclude state from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial. U.S. Const. Amend. 5; Me. Const. art. 1, S 8. | "Absent defendant's consent to or the manifest necessity for a mistrial, does the Double Jeopardy Clauses of the federal and state constitutions preclude a state from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial?" | 015389.docx | LEGALEASE-00163145-LEGALEASE-00163146 |
| Gianatasio v. D'Agostino, 862 F. Supp. 2d 343 | 336H+124(1) | Under New York res judicata law, when a complaint is dismissed for legal insufficiency or other defect in the pleading, it does not act as a bar to commencement of a new action for the same relief unless the dismissal was expressly made on the merits or the new complaint fails to correct the defects or omissions fatal to the prior one. | "When a complaint is dismissed for legal insufficiency or other defect in pleading, does it not act as a bar to commencement of a new action for the same relief?" | Pretrial Procedure - Memo 12081 - C - TM_67057.docx | ROSS-003296210-ROSS-003296211 |
| Bain v. Doyle, 807 P.2d 1225 | 413+186 | Included within definition of "employer," under statute providing that except for owner of private home any person or other entity owning real property or improvements thereon and contracting out any work done on and to the property shall be deemed an employer under Workers' Compensation Act, are employees, servants, and agents of property owner. C.R.S. 8-48-102(2) (Repealed). | "In the Workers Compensation Act, what is included within the definition of an employer?" | 048761.docx | LEGALEASE-00164144-LEGALEASE-00164145 |
| City of Smithville v. Summers, 690 S.W.2d 850 | 135H+1 | Double jeopardy clause expresses constitutional policy of finality for benefit of defendant in criminal proceeding, manifesting willingness of society to limit government to single proceeding to vindicate its vital interest in enforcement of criminal laws. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause limit the government to a single criminal proceeding to vindicate its vital interest in enforcement of criminal laws? | 016653.docx | LEGALEASE-00165111-LEGALEASE-00165112 |
| Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 442 F.3d 410 | 92+4226 | State interscholastic athletic association violated private high school's procedural due process rights when it imposed fine on school for allegedly violating association's recruiting rule, where association failed to give school notice that it wouldconsider evidence regarding alleged recruiting performed by coach who was not affiliated with the school, but used such evidence in its deliberations and when imposing penalties on school. U.S.C.A. Const.Amend. 14. | Are schools deprived of due process when athletic associations impose penalties on schools without providing notice or a chance to respond? | 017297.docx | LEGALEASE-00164321-LEGALEASE-00164322 |
| DiCenso v. Robinson, 316 F. Supp. 112 | 141E+947 | Rhode Island Salary Supplement Act, providing for payment of state funds to teachers of secular subjects in nonpublic elementary schools, results in excessive government entanglement with religion and thus violates establishment clause of First Amendment. Pub.Laws R.I.1969, c. 246; U.S.C.A.Const. Amends. 1, 14. | Can a state use state fund to pay for teachers or materials of secular subjects in non-public schools without violating the First Amendment? | 017301.docx | LEGALEASE-00164331-LEGALEASE-00164332 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. McKee, 145 S.W.3d 299 | 307A+583 | The common law vests the trial court with the inherent power to dismiss independently of the rules of civil procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the common law vest the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence? | 041062.docx | LEGALEASE-00164547- LEGALEASE-00164548 |
| In re Marriage of Buster, 115 S.W.3d 141 | 307A+585.1 | A trial court has the inherent power to dismiss a case for want of prosecution, and express authority to do so is also given by the rules of civil procedure in cases where a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Do courts have inherent and express authority to dismiss cases for want of prosecution? | 041102.docx | LEGALEASE-00164935- LEGALEASE-00164936 |
| In re Uni Imaging Holdings, 423 B.R. 406 | 349A+10 | Under Pennsylvania law, if debtor fails to meet "bright line" test by demonstrating that alleged lease is non-terminable and satisfies one or more of statutory "residual value" factors, then court, to determine whether lease is in fact a disguised security agreement, must examine whether alleged lessor retains a meaningful residual interest at end of lease term. 13 Pa.C.S.A. S 1201(5)(i)(A-D) (2007). | "If one or more residual value factors is found to exist with respect to a non-terminable ""lease"" agreement, then is it a disguised security agreement as a matter of law?" | 042855.docx | LEGALEASE-00164471- LEGALEASE-00164472 |
| United States v. Bauman, 887 F.2d 546 | 135H+7 | Double jeopardy clause protects defendant's valued right to have trial completed by particular tribunal, and also bars abusive government conduct designed to harass defendant through repetitive prosecution or undertaken for purpose of increasing likelihood of conviction. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause bars abusive governmental conduct designed to harass a defendant through repetitive prosecution? | 016009.docx | LEGALEASE-00165823- LEGALEASE-00165824 |
| Patton v. State of N.C., 381 F.2d 636 | 135H+5.1 | "Double jeopardy", rather than being a single doctrine, is comprised of three separate though related rules prohibiting (1) reprosecution for same offense following acquittal, (2) reprosecution for same offense following conviction, and (3) multiple punishment for same offense. U.S.C.A.Const. Amend. 5. | "Rather than being a single doctrine, is double jeopardy comprised of three separate though related rules prohibiting reprosecution for a same offense following acquittal?" | 016139.docx | LEGALEASE-00165886- LEGALEASE-00165888 |
| State v. Burris, 40 S.W.3d 520 | 135H+6 | Policy underlying double jeopardy is that the state, with all its resources, should not be able to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. U.S.C.A. Const.Amend. 5. | What are the three fundamental protections encompassed in the principle of double jeopardy? | Double Jeopardy - Memo 918 - C - SK_67707.docx | ROSS-003281869-ROSS- 003281871 |
| Huminski v. Lavoie, 173 Vt. 517 | 307A+695 | Although a claim may be entirely spurious on its face, the court cannot know, without hearing the parties, whether the plaintiff may be able to amend the complaint sufficiently to state a claim entitling the plaintiff to relief. Rules Civ.Proc., Rule 12(b)(6). | "Can the court know, without hearing the parties, whether the plaintiff can be able to amend the complaint sufficiently to state a claim entitling the plaintiff to relief?" | 040846.docx | LEGALEASE-00166999- LEGALEASE-00167000 |
| Ferguson v. Joiner, 667 So. 2d 1133 | 157+318(7) | Generally, an affidavit is inadmissible as hearsay; furthermore, even in rare instances where acceptable as a substitute for testimony, affidavit must be based on personal knowledge, must set forth only facts admissible in evidence, and must show that affiant is competent to testify to matters contained therein. LSA-C.E. art. 602; LSA-C.C.P. art. 967. | Can the contents of an affidavit become inadmissible hearsay in the absence of an allegation of personal knowledge? | 06320.docx | LEGALEASE-00078403- LEGALEASE-00078404 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hill v. Tennessee Valley Auth., 842 F. Supp. 1413 | 316P+952 | The Federal Employees Liability Reform and Tort Compensation Act creates statutory mechanism which immunizes federal employees from personal liability for common-law torts committed within scope of their employment by transforming cases against individual employees into actions against federal government which becomes subject to limitations of Federal Tort Claims Act (FTCA). Federal Employees Liability Reform and Tort Compensation Act of 1988, S 1 et seq., 102 Stat. 4563; 28 U.S.C.A. SS 1346(b), 2671-2680. | Are federal employees immune from liability for torts they commit when acting within the scope of their federal employment? | 01022.docx | LEGALEASE-00081658-LEGALEASE-00081659 |
| Thomson v. State, 21 Wyo. 196 | 28+65 | The statute, Comp.Stat. 1910, S 6252, which provides that when an indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained, is mandatory, and applies where the accused is charged with stealing a horse, although horse stealing is declared by statute to be a felony regardless of the value of the animal stolen. | "Upon conviction of larceny, embezzlement or obtaining under false pretense, should a jury ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained? " | 05048.docx | LEGALEASE-00083699-LEGALEASE-00083700 |
| Great Am. Ins. Companies v. Gordon Trucking, 165 Cal. App. 4th 445 | 366+29 | "Equitable subrogation" permits a party who has been required to satisfy a loss created by a third party's wrongful act to "step into the shoes" of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer? | 05608.docx | LEGALEASE-00084297-LEGALEASE-00084299 |
| Sculler v. Sculler, 348 N.J. Super. 374 | 307A+3 | As a general rule, in limine motions are inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and in such cases, the motions should ordinarily be denied until a sufficient predicate is established. | "Are in limine motions inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and should the motions ordinarily be denied until a sufficient predicate is established? " | 06550.docx | LEGALEASE-00085026-LEGALEASE-00085027 |
| Howard v. Risch, 959 So. 2d 308 | 307A+563 | Unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim on grounds that a fraud has been perpetrated on the court. | "Unless it appears that the process of trial has itself been subverted, are factual inconsistencies or even false statements well managed through the use of impeachment at trial? " | 10915.docx | LEGALEASE-00094269-LEGALEASE-00094270 |
| In re Delaware R.R. Tax, 85 U.S. 206 | 371+2063 | The exercise of state's authority to tax its corporations and all their property and franchises and to graduate the tax on corporations according to their business or income or the value of their property when this is not done by discriminating against rights held in other states and the tax is not on imports, exports or tonnage or transportation to other states, does not conflict with any constitutional power of congress. | Does the exercise of state's authority to tax its corporations and all their property and franchises conflict with any constitutional power of congress? | 11404.docx | LEGALEASE-00094448-LEGALEASE-00094450 |
| Pruitt v. Pruitt, 2013 IL App (1st) 130032 | 307A+683 | Once a defendant satisfies the initial burden of going forward on a motion to dismiss on ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is unfounded or requires the resolution of an essential element of material fact before it is proven; the plaintiff may establish this by presenting affidavits or other proof. S.H.A. 735 ILCS 5/2-619(a)(9), (c). | Will the burden shift to the plaintiff once the defendant satisfies the initial burden of presenting affirmative matter? | 10208.docx | LEGALEASE-00095040-LEGALEASE-00095041 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Giglio v. NTIMP, 86 A.D.3d 301 | 307A+590.1 | In instances where an answer is not demanded in response to a cross claim, the denial that is "deemed" to have been made will foreclose any motion for a default judgment on the cross claim and, by extension, foreclose dismissal of such a cross claim even where no default motion is made within one year. McKinney's CPLR 3011, 3215(c). | "In instances where an answer is not demanded in response to a cross claim, will the denial that is ""deemed"" to have been made foreclose any motion for a default judgment? " | 10021.docx | LEGALEASE-00095147-LEGALEASE-00095148 |
| Admiral Ins. Co. v. Arrowood Indem. Co., 471 B.R. 687 | 366+1 | There are two types of subrogation under Texas law: "contractual subrogation," i.e., "conventional subrogation," that is created by agreement or contract that grants right to pursue reimbursement from third party in exchange for payment of loss, and "equitable subrogation," i.e., "legal subrogation," that does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid debt for which another was primarily liable, and which in equity should have been paid by the latter. | What is the difference between legal and conventional subrogation? | 043902.docx | LEGALEASE-00121084-LEGALEASE-00121085 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions and introducing evidence in front of the jury without first asking the court's permission? | 024418.docx | LEGALEASE-00123936-LEGALEASE-00123937 |
| Mitchell v. Moore, 406 So. 2d 347 | 307A+717.1 | In order for the absence of a witness to warrant a continuance, it must be shown that the expected evidence will be material and competent, that there is a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed, that due diligence was exercised by movant to secure absent witness or evidence, that expected evidence is credible and will probably affect result of trial, that the evidence will not be merely cumulative or in the nature of impeachment, and that the motion for continuance was not made merely for purposes of delay. | What must be shown to warrant a continuance because of the absence of a witness? | 026948.docx | LEGALEASE-00130649-LEGALEASE-00130651 |
| Hutchinson v. Montgomery Mem'l Park Corp., 128 W. Va. 419 | 307A+724 | One moving for continuance on ground that a material witness is absent must show that he has used due diligence to procure the attendance of the witness, that testimony is material, that same facts cannot be proved by any other witness in attendance, that movant cannot safely go to trial in absence of such witness, and that there is likelihood of procuring attendance of the witness or his deposition if the case is continued. Code, 56-6-7. | "Is a  motion for continuance, based on the absence of a material witness, calls for a showing satisfactory to the trial court that due diligence has been exercised to procure the attendance of the witness and that his testimony is material; that the same facts cannot be proved by any other witness in attendance?" | 030270.docx | LEGALEASE-00136375-LEGALEASE-00136376 |
| Matter of Safriet, 112 N.C. App. 747 | 307A+725 | Before ruling on motion for continuance, judge should hear the evidence, pro and con, consider it judicially, along with whether moving party has acted with diligence and in good faith, and then rule with view to promoting substantial justice. | Should a judge find out whether moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice? | Pretrial Procedure - Memo # 4795 - C - NA.docx | ROSS-003288701-ROSS-003288702 |
| Roman v. Cty. of Los Angeles, 85 Cal. App. 4th 316 | 228+181(7) | If the dates establishing the running of a statute of limitations do not clearly appear in the complaint, the proper remedy is to ascertain the factual basis of the contention that limitations has run through discovery and, if necessary, to file a motion for summary judgment. | "If the dates establishing the running of a statute of limitations do not clearly appear in the complaint, is the proper remedy to ascertain the factual basis of the contention that limitations has run through discovery?" | Pretrial Procedure - Memo # 5019 - C - SU.docx | ROSS-003291277-ROSS-003291278 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Anderson Columbia v. Brown, 902 So. 2d 838 | 307A+36.1 | Discretion of trial court in determining whether to permit discovery and admission of opposing counsel's fees is tempered by requirement that any information sought through discovery process must be relevant to subject matter of pending action. West's F.S.A. RCP Rule 1.280(b)(1). | "Is discretion of trial court in determining whether to permit discovery and admission of opposing counsel's fees, tempered by a requirement that any information sought through discovery process must be relevant to the subject matter of a pending action?" | 031586.docx | LEGALEASE-00141174-LEGALEASE-00141175 |
| Capitol Hill State Bank v. Rawlins Nat. Bank of Rawlins, 24 Wyo. 423 | 83E+401 | A negotiable instrument payable to order may be transferred by the payee or holder without indorsement, though in such case the transferee takes only the title and right of his transferor, and does not become a holder in due course, but has only the equitable instead of the legal title, which principle is recognized by the Negotiable Instruments Law. (Compiled Statutes, 1910, Section 3207.) | Does the transferee becomes holder in due course when a negotiable instrument payable to order is transferred by the payee or holder without indorsement? | Bills and Notes- Memo 671-PR_57902.docx | ROSS-003293877 |
| Thompson v. Echostar Commc'ns Corp., 89 So. 3d 696 | 46H+1247 | Even though the rule providing for the dismissal of an action for failure to prosecute does not specifically mention sanctions, a court may impose lesser sanctions including fines, costs, or damages against a plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Can lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct include fines, costs, or damages against plaintiff or his counsel?" | 024591.docx | LEGALEASE-00155787-LEGALEASE-00155788 |
| Patton v. State of N.C., 381 F.2d 636 | 135H+5.1 | "Double jeopardy", rather than being a single doctrine, is comprised of three separate though related rules prohibiting (1) reprosecution for same offense following acquittal, (2) reprosecution for same offense following conviction, and (3) multiple punishment for same offense. U.S.C.A.Const. Amend. 5. | "Rather than being a single doctrine, is double jeopardy comprised of three separate though related rules prohibiting reprosecution for a same offense following acquittal?" | Double Jeopardy - Memo 728 - C - BP_58046.docx | ROSS-003281108-ROSS-003281110 |
| United States v. Bauman, 887 F.2d 546 | 135H+7 | Double jeopardy clause protects defendant's valued right to have trial completed by particular tribunal, and also bars abusive government conduct designed to harass defendant through repetitive prosecution or undertaken for purpose of increasing likelihood of conviction. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause bars abusive governmental conduct designed to harass a defendant through repetitive prosecution? | Double Jeopardy - Memo 664 - C - SHB_68029.docx | ROSS-003281406-ROSS-003281407 |
| Mahler v. Szucs, 135 Wash. 2d 398 | 366+1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | "Does the doctrine of subrogation seek to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it?" | Subrogation - Memo 157 - ANG C.docx | ROSS-003285516-ROSS-003285517 |
| United States v. Rezaq, 134 F.3d 1121 | 221+321 | International law imposes limits on state's ability to render its law applicable to persons or activities outside its borders; states may only exercise jurisdiction to prescribe under limited number of theories. Restatement (Third) of Foreign Relations Law S 401. | Does international law impose limits on a state's ability to render its law applicable to persons or activities outside its borders? | International Law - Memo # 839 - C - SKG.docx | ROSS-003286797-ROSS-003286798 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Finne v. Dain Bosworth Inc., 648 F. Supp. 337 | 25T+413 | Claims for violation of Racketeer Influenced and Corrupt Organizations Act were arbitrable pursuant to arbitration clause in customer margin agreement with stockbroker; declining to follow Witt v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 602 F.Supp. 867(W.D.Pa.); Jacobson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 605 F.Supp. 510 (W.D.Pa.); Universal Marine Insurance Co. v. Beacon Insurance Co., 588 F.Supp. 735 (W.D.N.Car.); Wilcox v. Ho-Wing Sit, 586 F.Supp. 561 (N.D.Cal.); S.A. Mineracao Da Trindade-Samitri v. Utah International, Inc., 576 F.Supp. 566 (S.D.N.Y.). 18 U.S.C.A. SS 1961 et seq., 1965; 9 U.S.C.A. SS 1 et seq., 2, 3, 4. | Are RICO claims arbitrable? | Alternative Dispute Resolution - Memo 392 - RK.docx | ROSS-003288173-ROSS-003288175 |
| Brown v. Plainfield Cmty. Consol. Dist. 202, 522 F. Supp. 2d 1068 | 170A+1772 | To survive motion to dismiss for failure to state a claim, plaintiff must plead enough to nudge their claims across the line from conceivable to plausible; pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | Should a pleading contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right? | Pretrial Procedure - Memo # 8887 - C - SN_61228.docx | ROSS-003295216-ROSS-003295217 |
| Bernot v. Primus Corp., 663 N.E.2d 464 | 366+1 | Doctrine of "subrogation" is method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the debt or claim so paid; it is alternatively defined as a doctrine under which a person who, pursuant to a legal liability, has paid for the loss or injury resulting from the negligence or wrongful act of another will be subrogated to the rights of the injured person against such wrongdoer. | Does subrogation allow one who involuntarily paid a debt or claim of another to succeed to the rights of the other with respect to the claim or debt so paid? | Subrogation - Memo # 539 - ANG C.docx | ROSS-003299337-ROSS-003299338 |
| Coronel v. AK Victory, 1 F.Supp.3d 1175 | 16+1(1) | Federal courts' admiralty jurisdiction is exclusive only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. 28 U.S.C.A. S 1333. | Is a Federal courts admiralty jurisdiction exclusive to those maritime causes of action begun and carried on as proceedings in rem? | 03610.docx | LEGALEASE-00077188-LEGALEASE-00077190 |
| Provenzano v. Provenzano, 88 Conn. App. 217 | 157+596(1) | Clear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the fact in issue in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution; the burden is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they arefalse or do not exist. | What is the standard of proof required to claim adverse possession? | 000049.docx | LEGALEASE-00115499-LEGALEASE-00115500 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sykes v. First Nat. Bank, 2 S.D. 242 | 38+4 | The distinction between legal assignments that may be enforced in an action at law, and an equitable assignment that can only be enforced in an equitable action, seems to be this: That an assignment, to be valid as a legal assignment that can be enforced in an action at law, must be of a debt or fund in existence at the time, and of the whole thereof, or of a part of a debt or fund then in existence, and the assignment or order transferring the fund must be accepted by the debtor or person holding the fund. But in an equitable assignment of a specific debt or fund, or a part of a specific debt or fund, it is not an essential element that the debt should have been earned or the fund be in esse at the time of the assignment or order transferring the debt or fund, or that the assignment or order transferring the specific debt or fund, or a part thereof, should be accepted by the debtor or holder of the specific fund. | What is the distinction between a legal assignment and an equitable assignment? | Assignments - Memo 19 - AKA.docx | ROSS-003296373-ROSS-003296375 |
| In re Tillman, 565 B.R. 586 | 315+53 | North Carolina has three requirements that must be met in order for a manufactured home to be considered real property: (1) it is a residential structure, (2) it has the moving hitch, wheels, and axles removed, and (3) it is placed upon a permanent foundation either on land owned by the owner of the manufactured home or on land in which the owner of the manufactured home has a leasehold interest. N.C. Gen. Stat. Ann. S 105-273(13)(d). | Can a manufactured home be considered as real property? | 003040.docx | LEGALEASE-00116033-LEGALEASE-00116034 |
| In re Felker, 211 B.R. 165 | 315+134 | Holder of life estate, that is, life tenant, is entitled to both possession and use of property to exclusion of remainderman, including right to rents, issues, and profits generated by parcel during tenant's life. | "Is a holder of life estate entitled to both possession and use of property to exclusion of remainderman, including right to rents, issues, and profits generated by parcel during tenant's life?" | 004256.docx | LEGALEASE-00115997-LEGALEASE-00115998 |
| Klay v. All Defendants, 389 F.3d 119 | 25T+112 | Determination of propriety of motion to compel arbitration under Federal Arbitration Act (FAA) is two-step inquiry; first step is to determine whether parties agreed to arbitrate dispute, and second step involves deciding whether legal constraints external to parties' agreement foreclosed arbitration. Employee Retirement Income Security Act of 1974, S 2 et seq., 29 U.S.C.A. S 1001 et seq.; 9 U.S.C.A. S 4. | What is the two-step inquiry when determining the propriety of a motion to compel arbitration under Federal Arbitration Act (FAA)? | 05003.docx | LEGALEASE-00078097-LEGALEASE-00078099 |
| Office of Comptroller of Currency v. Spitzer, 396 F. Supp. 2d 383 | 172H+9 | National banks are instrumentalities of the federal government, created for a public purpose, and as such necessarily subject to the paramount authority of the United States; they remain subject to state laws, but only insofar as those laws do not prevent or significantly interfere with the national bank's exercise of its powers. 12 U.S.C.A. SS 21 et seq., 484(a); 12 C.F.R. S 7.4000. | "Can banks be considered as instrumentalities of the federal government, created for a public purpose, and subject to the paramount authority of the United States?" | Banks and banking - Memo 20 - JS.docx | ROSS-003301137-ROSS-003301139 |
| Deerfield Park Dist. v. Progress Dev. Corp., 26 Ill. 2d 296 | 148+66 | Every private owner of property holds title subject to lawful exercise of sovereign power of eminent domain, and courts may not substitute their judgment for that of condemning authorities in inquiring into necessity and propriety of exercise of that power. | Does a private owner of property holds title subject to the lawful exercise of the sovereign power of eminent domain? | Eminent Domain - Memo 27 - AKA.doc | ROSS-003297110-ROSS-003297112 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Petroleum Inst. v. U.S. E.P.A., 52 F.3d 1113 | 1.49E+18 | Environmental Protection Agency (EPA) cannot rely on its general authority to make rules necessary to carry out its functions when specific statutory directive defines relevant functions of EPA in particular area. | Can the Environmental Protection Agency (EPA) rely on its general authority to make rules to carry on functions when a specific statutory directive defines its relevant functions in a particular area? | Environmental Law - Memo 55 - AKA.doc | ROSS-003287593-ROSS-003287595 |
| TVT Records v. Island Def Jam Music Grp., 279 F. Supp. 2d 413 | 115+87(1) | Compensatory and punitive damages are conceptually different and serve distinct purposes: compensatory awards strive to make victim whole, insofar as recompense for injury may be achieved practically and fairly through monetary satisfaction, while punitive damages aim to punish egregious malfeasance and deter offender and potentially other persons from engaging in similar wrongful conduct. | How is compensatory damage different from punitive damage? | 000597.docx | LEGALEASE-00117653-LEGALEASE-00117655 |
| Ex parte Eng'g Design Grp., 200 So. 3d 634 | 401+2 | In determining whether a county has a strong connection to a case for the purpose of deciding venue, the fact that a defendant's allegedly wrongful conduct occurred there carries considerably more weight than the fact that a plaintiff's injury was felt elsewhere. Code 1975, SS 6-3-2, 6-3-7. | "In determining whether a county has a strong connection to a case, does a county where a defendants wrongful conduct occurred carry more weight than a county where the plaintiffs injury was felt?" | Venue - Memo 29 - TH.docx | ROSS-003329939-ROSS-003329940 |
| Maumee v. Pub. Util. Comm., 101 Ohio St. 3d 54 | 317A+101 | A "public utility" is an enterprise with the following characteristics and functions: (1) it provides essential goods or services that the general public has a right to demand from the utility, (2) it conducts its operation in such a manner as to be a matter of public concern, and (3) it occupies a monopolistic or oligopolistic position in the marketplace (by definition, a noncompetitive position). | Does a public utility provide essential goods and services to the general public that has the legal right to demand or receive such goods? | 001630.docx | LEGALEASE-00118994-LEGALEASE-00118995 |
| Wyatt v. United States, 271 F.3d 1090 | 148+2.4 | The mere requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself "take" the property in any sense, since the very existence of a permit system implies that permission may be granted; moreover, mere fluctuations in value during the process of governmental decisionmaking, absent extraordinary delay, are incidents of ownership. U.S.C.A. Const.Amend. 5. | Are fluctuations in value during the process of governmental decision-making incidents of ownership? | 002405.docx | LEGALEASE-00119506-LEGALEASE-00119507 |
| Lesher v. Coyel, 435 S.W.3d 423 | 249+31 | Even a failure to fully and fairly disclose all material information or knowingly providing false information to the prosecutor will not defeat a complainant's probable cause, for the purpose of a malicious prosecution claim, but are instead relevant to issues of malice and causation. | Does a failure to fully disclose all material facts or knowingly providing false information to a public official defeat the probable cause for a malicious prosecution claim? | 002924.docx | LEGALEASE-00119454-LEGALEASE-00119455 |
| Richmond Health Facilities v. Nichols, 811 F.3d 192 | 360+18.15 | State rule is preempted by Federal Arbitration Act (FAA) (1) when state law prohibits outright arbitration of particular type of claim, and (2) when doctrine normally thought to be generally applicable is alleged to have been applied in fashion that disfavors arbitration, if state law rule would have disproportionate impact on arbitration agreements. 9 U.S.C.A. S 1 et seq. | "When state law and prohibits the arbitration of a particular type of claim, will the Federal Arbitration Act (FAA) displace the conflicting rule?" | 002679.docx | LEGALEASE-00120119-LEGALEASE-00120120 |
| Offutt v. Kaplan, 884 F. Supp. 1179 | 384+2 | Statute addressing federal treason and sedition laws is applicable to act of obtaining or furnishing guarded information pertaining to national defense of United States government for use to advantage of any foreign nation. 18 U.S.C.A. S 794(a). | Is the act of obtaining or furnishing guarded information pertaining to the national defense of the United States government for use to the advantage of any foreign nation treason under federal treason and sedition laws? | 003672.docx | LEGALEASE-00120280-LEGALEASE-00120281 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Pihl, 560 B.R. 1 | 366+1 | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | What do courts look for in deciding whether equitable subrogation applies? | 003595.docx | LEGALEASE-00120398-LEGALEASE-00120399 |
| BancInsure v. BNC Nat. Bank, N.A., 263 F.3d 766 | 366+27 | While "subrogation" is generally defined as the substitution of one person in the place of another with reference to a lawful claim or right, under North Dakota law, there are actually two distinct types: conventional subrogation and legal subrogation, which is also called equitable subrogation, due to its origin and basis in equity. | Does subrogation substitute one person in the place of another with reference to a lawful claim or right? | 043610.docx | LEGALEASE-00121013-LEGALEASE-00121015 |
| Hill v. Cross Country Settlements, 402 Md. 281 | 366+1 | Subrogation is also a remedy invoked by courts to prevent unjust enrichment, and for this purpose it is appropriate in any case where restitution is warranted and the remedy can be given without working injustice. | "Is subrogation also a remedy invoked by courts to prevent unjust enrichment, and for this purpose is it appropriate that in any case where restitution is warranted the remedy can be given without working injustice?" | 043704.docx | LEGALEASE-00121360-LEGALEASE-00121361 |
| Garrity v. Rural Mut. Ins. Co., 77 Wis. 2d 537 | 366+11 | Subrogation rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer. | "Does subrogation rest upon the equitable principle that one, other than volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer?" | Subrogation - Memo # 473 - C - SA.docx | ROSS-003297385-ROSS-003297386 |
| Murray v. Cadle Co., 257 S.W.3d 291 | 366+1 | "Equitable subrogation" is a legal fiction whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another. | Is equitable subrogation a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the party primarily liable? | 043771.docx | LEGALEASE-00121621-LEGALEASE-00121622 |
| Nationwide Mut. Fire Ins. Co. v. Gamelin, 173 Vt. 45 | 366+1 | Subrogation is an equitable doctrine that enables a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from the primarily liable party, who, in good conscience, should be required to pay. | "Does subrogation or doctrine of equitable subrogation enable a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from a party that was primarily liable party, who, in good conscience, should be required to pay?" | 044079.docx | LEGALEASE-00121645-LEGALEASE-00121646 |
| Fremont Comp. Ins. Co. v. Sierra Pine, Ltd., 121 Cal. App. 4th 389 | 366+1 | "Equitable subrogation" is a legal device which permits a party who has been required to satisfy a loss created by a third party's wrong to step into the shoes of the loser and recover from the wrongdoer. | Is equitable subrogation a legal device which permits a party who has been required to satisfy a loss created by a third party's wrong to step into the shoes of the loser and recover from the wrongdoer? | Subrogation - Memo # 893 - ES.docx | ROSS-003297817-ROSS-003297818 |
| State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063 | 366+1 | "Subrogation" is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | Is subrogation a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it? | 044443.docx | LEGALEASE-00121662-LEGALEASE-00121663 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Illinois Clean Energy Cmty. Found. v. Filan, 392 F.3d 934 | 148+2.1 | A state can, whether by statutory amendment or otherwise, regulate private entities extensively before it goes so far as to be deemed to have made a "regulatory taking," that is, a taking that does not transfer title to property from the owner to the state but achieves the same end by unreasonably restricting the use of the property, causing its value to plummet, perhaps to zero; however, the state cannot lawfully enlarge its regulatory power by deciding to take someone's property by the device of amending an existing statute rather than enacting a new one. U.S.C.A. Const.Amend. 5. | Can the state lawfully enlarge its regulatory power by deciding to take someone's property by the device of amending an existing statute rather than enacting a new one? | 017449.docx | LEGALEASE-00122117-LEGALEASE-00122118 |
| In re L.W., 362 Ill. App. 3d 1106 | 307A+3 | Evidentiary motions, such as motions in limine, are addressed to the trial court's inherent power to admit or exclude evidence, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion. | "Are evidentiary motions, such as motions in limine, addressed to the trial court's inherent power to admit or exclude evidence, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion?" | 024086.docx | LEGALEASE-00121867-LEGALEASE-00121869 |
| Heflin v. Merrill, 154 So. 3d 887 | 307A+3 | When granting a motion in limine, the circuit court must first find the following two factors present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. (Per James, J., with one judge concurring and three judges concurring in part and in the result.) | What factors must a circuit court consider when granting a motion in limine? | Pretrial Procedure - Memo # 230 - C - NE.docx | ROSS-003298784-ROSS-003298785 |
| Stewart v. Lanier Park Med. Office Bldg., Ltd., 259 Ga. App. 898 | 30+3366 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and the appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "Is the admission of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court that an appellate court will not disturb absent evidence of its abuse?" | Pretrial Procedure - Memo # 99 - C - SPB.docx | ROSS-003329694-ROSS-003329695 |
| Mgmt. Computer Servs. v. Hawkins, Ash, Baptie & Co., 196 Wis. 2d 578 | 307A+2 | Trial court's pretrial decision that contract was ambiguous did not prevent it from later deciding whether, as matter of law, contract was sufficiently definite to be enforced, insofar as it covered party's contractual obligations that jury found had been violated. | Will a court's pretrial decision that a contract was ambiguous prevent it from later deciding whether the contract was sufficiently definite to be enforced? | 029400.docx | LEGALEASE-00122159-LEGALEASE-00122160 |
| In re Harber, 553 B.R. 522 | 13+61 | Under Pennsylvania law, cause of action accrues on date that plaintiff could have first maintained the action to a successful conclusion by holding an enforceable claim or right after sustaining an injury that gives rise to damages. | Does cause of action or a claim accrue on the date that plaintiff could have first maintained the action to a successful conclusion by holding an enforceable claim? | 05186.docx | LEGALEASE-00084923-LEGALEASE-00084924 |
| Dubendorf v. New York State Educ. Dep't, 97 Misc. 2d 382 | 13+61 | A claimant's cause of action does not accrue until claimant possesses the legal right to be paid and to enforce its right to payment in court and, therefore, where the state's obligation to pay is contractually or statutorily conditioned on an audit, no suit can be brought by a claimant until the official charged with making the audit has done so and has formally rejected all or part of the claim. Const. art. 5, § 1. | Does a claimant's cause of action accrue before the claimant possesses the legal right to be paid? | Action - Memo # 140 - C - CS.docx | ROSS-003283207-ROSS-003283208 |
| United States v. Ciavarella, 716 F.3d 705 | 63+1(1) | Bribery-and-kickback theory of honest services fraud requires a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act. 18 U.S.C.A. S 1346. | Does an honest services fraud by bribery require a quid pro quo or specific intent to give or receive something of value in exchange for an official act? | 011024.docx | LEGALEASE-00123195-LEGALEASE-00123197 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Petition of Borough of Boyertown, 77 Pa. Cmwlth. 357 | 148+2.1 | Neither physical appropriation nor formal divestiture of an owner's title are required to create right to eminent domain damages, and when entity clothed with power of eminent domain has, by even nonappropriative act or activity, substantially deprived owner of beneficial use and enjoyment of his property, taking will be deemed to have occurred. 26 P.S. S 1-502(e). | "What kind of taking occurs when an entity clothed with the power of eminent domain by even a non-appropriative act or activity, deprives an owner of the beneficial use and enjoyment of his property?" | 017465.docx | LEGALEASE-00122669-LEGALEASE-00122670 |
| Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | The act of state doctrine is a judicially-created rule of decision that precludes courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | How does the act of state doctrine preclude United States courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory? | International Law - Memo # 84 - C - LK.docx | ROSS-003322619-ROSS-003322620 |
| Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | Under the act of state doctrine, a legal action may be barred if the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Can an action be barred under the act of state doctrine if there is an official act of a foreign sovereign performed within its own territory? | 019896.docx | LEGALEASE-00123650-LEGALEASE-00123651 |
| United States v. Louisiana, 470 U.S. 93 | 221+138 | Factor to be taken into consideration in determining whether a body of water is an historic bay is the vital interests of the coastal nation, including elements such as geographical configuration, economic interest, and the requirements of self-defense. | "Are the vital interests of the coastal nation a factor to be taken into consideration in determining whether a body of water is an historic bay, including elements such as geographical configuration, economic interest, and the requirements of self-defense?" | International Law - Memo # 19 - C - LK.docx | ROSS-003298075-ROSS-003298076 |
| Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 | 221+342 | The "act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the federal act of state doctrine preclude the courts of this country from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory? | International Law - Memo # 204 - C - MLS.docx | ROSS-003284034-ROSS-003284036 |
| Sikhs for Justice v. Nath, 893 F. Supp. 2d 598 | 221+342 | Under the act of state doctrine, the courts of one state will not question the validity of public acts, acts jure imperii, performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts. | "Under the act of state doctrine, will the courts of one state question the validity of public acts, (acts jure imperii,) performed by other sovereigns within their own borders?" | 020044.docx | LEGALEASE-00123482-LEGALEASE-00123483 |
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 221+411 | Under international law, ordinarily a state is not required to consider a claim by another state for an injury to its national until that person has exhausted domestic remedies, unless such remedies are clearly sham or inadequate, or their application is unreasonably prolonged. | "Under international law, is a state required to consider a claim by another state for an injury to its national until that person has exhausted domestic remedies?" | 020046.docx | LEGALEASE-00123463-LEGALEASE-00123464 |
| Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083 | 92+2551 | Act of state doctrine reflects the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy. | "Does the act of state doctrine reflect the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy?" | International Law - Memo # 239 - C - AP.docx | ROSS-003284741-ROSS-003284743 |
| Doe I v. Unocal Corp., 395 F.3d 932 | 221+342 | The act of state doctrine is a non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "Is the act of state doctrine a non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" | International Law - Memo # 254 - C - ANC.docx | ROSS-003283912-ROSS-003283914 |
| United States v. Louisiana, 470 U.S. 93 | 221+138 | When foreign governments know or have reason to know of the effective and continual exercise of sovereignty over maritime area, inaction or toleration on the part of the foreign governments is sufficient to permit an historic title to arise. | "Is an inaction or toleration on the part of the foreign governments, with knowledge of the effective and continual exercise of sovereignty over a maritime, area sufficient to permit an historic title to arise?" | 020144.docx | LEGALEASE-00123161-LEGALEASE-00123162 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kadic v. Karadzic, 70 F.3d 232 | 221+144 | Any government, however violent and wrongful in its origin, must be considered "de facto government" if it is in full and actual exercise of sovereignty over territory and people large enough for nation. Restatement (Third) of Foreign Relations S 201. | "Must a government, however violent and wrongful in its origin, be considered a de facto government if it is in full and actual exercise of sovereignty over territory and people large enough for nation?" | International Law - Memo # 31 - C - LK.docx | ROSS-003282240-ROSS-003282242 |
| United States v. State of Alaska, 352 F. Supp. 815 | 221+138 | Authority which a nation must exercise over a maritime area in order to be able to claim it as historic waters is sovereignty, but it is not necessary that a nation exercise all rights and duties which are included in the concept of sovereignty. | Is sovereignty the authority which a nation must exercise over a maritime area in order to be able to claim it as historic waters and is it necessary that a nation exercises all rights and duties which are included in the concept of sovereignty? | International Law - Memo # 32 - C - LK.docx | ROSS-003287190-ROSS-003287191 |
| Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | The act of state doctrine is a judicially-created rule of decision that precludes courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine preclude courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power commits within its own territory? | 020788.docx | LEGALEASE-00124043-LEGALEASE-00124045 |
| Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | The act of state doctrine is a product of judicial concern for separation of powers, a result of the judiciary's recognition that it is the province of the executive and legislative branches to establish and pursue foreign policy and that judicial determinations regarding the validity of the acts of foreign sovereigns might negatively affect those policies. | Is the act of state doctrine a product of judicial concern for separation of powers? | International Law - Memo 338 - RK.docx | ROSS-003282324-ROSS-003282326 |
| Liu v. Republic of China, 642 F. Supp. 297 | 221+342 | Act of state doctrine is flexible one designed to prevent judicial pronouncements on legality of acts of foreign states which could embarrass executive branch in conduct of foreign affairs. | Is the act of state doctrine a flexible one designed to prevent judicial pronouncements on legality of acts of foreign states which could embarrass executive branch in conduct of foreign affairs? | International Law - Memo 355 -SB.docx | ROSS-003297933-ROSS-003297935 |
| Livingstone v. Greater Washington Anesthesiology & Pain Consultants, P.C., 187 Md. App. 346 | 30+233(2) | In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, the party challenging the admission must object at the time the evidence is actually offered. | "In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, must the party challenging the admission object at the time the evidence is actually offered and does the court need to take great care?" | 024210.docx | LEGALEASE-00123051-LEGALEASE-00123052 |
| Livingstone v. Greater Washington Anesthesiology & Pain Consultants, P.C., 187 Md. App. 346 | 30+233(2) | In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, the party challenging the admission must object at the time the evidence is actually offered. | "In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, must the party challenging the admission object at the time the evidence is actually offered?" | Pretrial Procedure - Memo # 222 - C - KA.docx | LEGALEASE-00013671-LEGALEASE-00013672 |
| T&T Dev. Co. v. S. Nat. Bank of S.C., 125 N.C. App. 600 | 307A+3 | Rulings on motions in limine are merely preliminary and subject to change during course of trial, depending upon actual evidence offered at trial, and thus objection to order granting or denying motion is insufficient to preserve for appeal the question of admissibility of evidence. | Is a trial court's ruling on a motion in limine preliminary and is subject to change depending on the actual evidence offered at trial? | 028860.docx | LEGALEASE-00122939-LEGALEASE-00122940 |
| Tucker v. McQuery, 107 Ohio Misc. 2d 31 | 307A+3 | When a motion in limine is denied, the moving party may nevertheless proffer the evidence at trial, and failing to properly do so waives the right to raise the issue on appeal. | "When a motion in limine is denied, may the moving party nevertheless proffer the evidence at trial, and does failing to properly do so waive the right to raise the issue on appeal?" | Pretrial Procedure - Memo # 314 - C - ANC.docx | ROSS-003297786-ROSS-003297787 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A "motion in limine" provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | "Is a ""motion in limine"" a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy?" | 029151.docx | LEGALEASE-00122980-LEGALEASE-00122981 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Honaker v. Mahon, 210 W. Va. 53 | 307A+3 | The purpose of a motion in limine is to prevent an opposing party from asking prejudicial questions, or introducing prejudicial evidence, in front of the jury without asking the trial court's permission. | "Is the purpose of a motion in limine to prevent an opposing party from asking prejudicial questions, or introducing prejudicial evidence, in front of the jury without asking the trial court's permission?" | Pretrial Procedure - Memo # 66 - C - VA.docx | ROSS-003283962-ROSS-003283963 |
| Quad City Bank & Tr. v. Jim Kircher & Assocs., P.C., 804 N.W.2d 83 | 388+9(1) | A motion in limine serves the useful purpose of raising and pointing out before trial certain evidentiary rulings that the trial court may be called upon to make during the course of the trial and, if sustained, excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof. | What useful purpose does a motion in limine serve? | Pretrial Procedure - Memo 373 - RK.docx | ROSS-003302605-ROSS-003302606 |
| Inland Empire Rural Electrification v. Dep't of Pub. Serv. of Washington, 199 Wash. 527 | 317A+112 | A corporation becomes "public service corporation," subject to regulation by state public service department, only when and to extent that its business is dedicated or devoted to public use, and test to be applied is whether corporation holds itself out, expressly or impliedly, to supply its service or product for use by public or portion thereof which can be served by utility or merely offers to serve particular individuals of its own selection. Rem.Rev.Stat. SS 10339-10459. | Does a corporation become a public service corporation only when it becomes devoted to public use? | 042238.docx | LEGALEASE-00123131-LEGALEASE-00123132 |
| In re Wetzler, 192 B.R. 109 | 366+7(1) | Under Virginia law, while legal subrogation is grounded in law and equitable subrogation is grounded in equity, both types arise through contract and place party satisfying debt of another in shoes of original creditor. | "While legal subrogation is grounded in law and equitable subrogation is grounded in equity, do both types arise through contract and place the party satisfying the debt of another in the shoes of the original creditor?" | Subrogation - Memo # 961 - C -MLS.docx | ROSS-003298052-ROSS-003298053 |
| Collateral Inv. Co. v. Pilgrim, 421 So. 2d 1274 | 366+23(1) | Elements of equitable subrogation are that money is advanced at instance of debtor in order to extinguish prior incumbrance, that money is used for such purpose with just expectation on part of lender for obtaining security of equal dignity with prior incumbrance, that whole debt must be paid before subrogation can be enforced, that lender must be ignorant of intervening lien and that intervening lienor must not be burdened or embarrassed. | What requirements must be met for equitable subrogation to apply? | 044346.docx | LEGALEASE-00123361-LEGALEASE-00123362 |
| United States v. Hernandez, 864 F.3d 1292 | 221+322 | Limits on a nation's jurisdiction to prescribe, under international law, deprive a nation of power to punish criminally the actions of a foreign citizen outside its territory, such that the nation whose national is tried may protest diplomatically. Restatement (Second) of the Foreign Relations Law of the United States S 6 cmt. a. | "Under International law, does a nation lack power to punish criminally the actions of a foreign citizen outside its territory due to limits on a nation's jurisdiction to prescribe?" | 019694.docx | LEGALEASE-00125178-LEGALEASE-00125179 |
| Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | Act of state doctrine does not simply relieve the foreign government of liability for its acts, but operates as an issue preclusive device, foreclosing judicial inquiry into the validity or propriety of such acts in litigation between any set of parties. | "Does the act of state doctrine operate as an issue preclusive device, foreclosing judicial inquiry into the validity or propriety of such acts in litigation between any set of parties?" | International Law - Memo # 292 - C - SS.docx | ROSS-003284877-ROSS-003284878 |
| Roe v. Unocal Corp., 70 F. Supp. 2d 1073 | 221+351 | If court determines that military officer acted on behalf of recognized government and if lawsuit turns on challenge to officer's order, then act of state doctrine bars adjudication of matter. | "If a court determines that military officer acted on behalf of recognized government and if the lawsuit turns on a challenge to officer's order, then does an act of state doctrine bar adjudication of the matter?" | 020321.docx | LEGALEASE-00124415-LEGALEASE-00124416 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030 | 92+2580 | Act of state doctrine and political question doctrine require courts to defer to executive or legislative branches of government when those branches are better equipped to handle politically sensitive issue. | Does the act of state doctrine and political question doctrine require courts to defer to executive or legislative branches of government when those branches are better equipped to handle politically sensitive issue? | International Law - Memo # 498 - C - SB.docx | ROSS-003284037-ROSS-003284038 |
| Beck v. Manufacturers Hanover Tr. Co., 125 Misc. 2d 771 | 221+342 | Act of state doctrine precludes American courts from inquiring into the validity of the public acts of a recognized foreign sovereign committed on the sovereign's own soil, whether or not the acts conformed to sovereign's own laws, and conversely, since our law ordinarily does not recognize extraterritorial jurisdiction, a sovereign cannot affect the rights of noncitizens outside its borders. United Nations Charter, Art. 1 et seq., 59 Stat. 1031. | "Does the act of state doctrine preclude American courts from inquiring into the validity of the public acts of a recognized foreign sovereign committed on the sovereign's own soil, whether or not the acts conformed to sovereign's own laws?" | International Law - Memo # 560 - C - SA.docx | ROSS-003289636-ROSS-003289637 |
| Forbo-Giubiasco S. A. v. Congoleum Corp., 516 F. Supp. 1210 | 221+342 | "Act of state doctrine" precludes judicial determination of legality of acts of foreign states undertaken within their own territories which might embarrass executive department in its conduct of foreign affairs. | Does the act of state doctrine preclude judicial determination of the legality of acts of foreign states undertaken within their own territories which might embarrass the executive department in its conduct of foreign affairs? | 020940.docx | LEGALEASE-00124822-LEGALEASE-00124823 |
| Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680 | 221+342 | Act of state doctrine is not limited to cases challenging the legality of foreign government acts; if it is necessary to inquire into the motivation of an act of a foreign government harmful to the plaintiff in order to establish that the decision was instigated by a private defendant, the act of state doctrine will apply. | "If it is necessary to inquire into the motivation of an act of a foreign government harmful to the plaintiff in order to establish that the decision was instigated by a private defendant, will the act of state doctrine apply?" | International Law- Memo # 776 - C -  SU.docx | ROSS-003326622-ROSS-003326623 |
| Woolam v. Tussing, 54 S.W.3d 442 | 302+48 | In determining whether a cause of action was pleaded, the plaintiff's pleadings must be adequate for the court to be able, from an examination of the pleadings alone, to ascertain with reasonable certainty and without resorting to information from another source, the elements of the plaintiff's cause of action and the relief sought with sufficient information on which to base a judgment. | Must the court look to the pleadings alone in determining whether a cause of action has been stated? | 022984.docx | LEGALEASE-00125395-LEGALEASE-00125397 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from introducing prejudicial evidence in front of the jury without first asking the court's permission? | 024353.docx | LEGALEASE-00125326-LEGALEASE-00125327 |
| Kelly v. New W. Fed. Sav., 49 Cal. App. 4th 659 | 307A+3 | It is a misuse of a motion in limine to attempt to compel witness or party to conform their trial testimony to preconceived factual scenario based on testimony given during pretrial discovery. | Is it a misuse of a motion in limine to attempt to compel witness or party to conform their trial testimony to a preconceived factual scenario based on testimony given during pretrial discovery? | 031943.docx | LEGALEASE-00124253-LEGALEASE-00124254 |
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 307A+3 | The purpose of a motion in limine is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court. | Does a motion in limine prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court? | Pretrial Procedure - Memo # 930 - C - TJ.docx | ROSS-003287493-ROSS-003287494 |
| Premium Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557 | 307A+3 | A "motion in limine" filed in a civil case is generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules. | Is a motion in limine filed in a civil case generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules? | Pretrial Proceedure - Memo # 39 - C - TJ.docx | ROSS-003325827-ROSS-003325828 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State of Ohio ex rel. Star Supply, Div. of Star Indus. v. City of Greenfield, Ohio, 528 F. Supp. 955 | 366+7(1) | Under Ohio law, a surety that is required to pay amounts owing to subcontractor, laborers or materialmen is thereby subrogated to the rights of those it has paid as well as to the rights of those whose obligation it has discharged. | "Is a surety that is required to pay amounts owed to the subcontractor, laborers or materialmen thereby subrogated to the rights of those it has paid as well as to the rights of those whose obligation it has discharged?" | Subrogation - Memo 923 - RK.docx | ROSS-003290420-ROSS-003290422 |
| State v. Webb, 186 Ariz. 560 | 352H+94 | To convict the defendant of attempt to commit sexual assault in the first degree, State had to prove beyond a reasonable doubt that the defendant acted with the specific intent to commit sexual assault in the first degree, which, in turn, included the intent to have sexual intercourse, and that the defendant took a substantial step in a course of conduct planned to culminate in his commission of the crime. C.G.S.A. SS 53a-49(a)(2), 53a-70. | Does a conviction for attempted sexual assault require proof of specific intent? | 042916.docx | LEGALEASE-00125679-LEGALEASE-00125680 |
| Love Terminal Partners v. United States, 126 Fed. Cl. 389 | 148+2.1 | A regulation that restricts the use of property or unduly burdens private property interests results in a regulatory, not a physical, taking; in other words, a regulatory taking is one in which the government prevents the landowner from making a particular use of the property that otherwise would be permissible. U.S. Const. Amend. 5. | In a regulatory taking does the government prevent the landowner from making a particular use of the property that otherwise would be permissible? | Eminent Domain - Memo 259 - GP.docx | LEGALEASE-00015696-LEGALEASE-00015697 |
| United States v. Ganim, 510 F.3d 134 | 63+1(1) | Bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor. | "Can bribery of a public official be accomplished through an ongoing course of conduct, so long as the evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor?" | Bribery - Memo # 32 - C - SD.docx | ROSS-003327118-ROSS-003327120 |
| Porter v. Guill, 298 Ga. App. 782 | 92+4422 | Trial court determination that pediatric pulmonologist was entitled to official immunity based on patient's status as a Medicaid patient did not violate parents' constitutional rights to due process and equal protection, in medical malpractice and wrongful death action against pulmonologist; the bar of sovereign immunity did not result in a deprivation of property without just compensation or constitute a denial of equal protection or due process under the federal or state constitutions. U.S.C.A. Const.Amend. 14; West's Ga.Code Ann. S 50-21-25(a). | Does the bar of sovereign immunity result in a deprivation of property without just compensation or constitute a denial of equal protection and due process under the federal or state constitutions? | 017590.docx | LEGALEASE-00126093-LEGALEASE-00126094 |
| Wiemerslage Through Wiemerslage v. Maine Twp. High Sch. Dist. 207, 824 F. Supp. 136 | 1.41E+31 | Federal judicial intervention in day to day operations of public schools is highly undesirable and requires significant restraint; federal courts must not intervene in resolution of conflicts which arise in daily operation of school systems and which do not directly and sharply implicate basic constitutional values. | "In the educational context, are federal courts the appropriate forum for resolving daily conflicts arising from the operation of school systems?" | 016768.docx | LEGALEASE-00127072-LEGALEASE-00127073 |
| Driscoll v. Gen. Nutrition Corp., 34 F. Supp. 2d 789 | 413+1 | Connecticut Workers' Compensation Act (WCA) compromises an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation. C.G.S.A. SS 31-275 to 31-355a. | Does the Workers Compensation Act (WCA) compromise an employees right to a common law tort action for work related injuries in return for relatively quick and certain compensation? | 048236.docx | LEGALEASE-00126911-LEGALEASE-00126912 |
| Virginia Sunshine All. v. Nuclear Regulatory Comm'n, 509 F. Supp. 863 | 13+65 | A court is to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary. | Is a court to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary? | 005957.docx | LEGALEASE-00127933-LEGALEASE-00127934 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bank of Marlinton v. McLaughlin, 123 W. Va. 608 | 366+35 | A fraudulent grantee cannot equitably apply profits derived from the use of property obtained by fraud and have "subrogation" for the payment thereof on indebtedness assumed as consideration for the fraudulent transfer. | Can a fraudulent grantee equitably apply profits derived from the use of property obtained by fraud and have subrogation for the payment thereof on indebtedness assumed as consideration for the fraudulent transfer? | 043395.docx | LEGALEASE-00127925-LEGALEASE-00127926 |
| Behr v. Hook, 173 Vt. 122 | 217+3522 | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | Are waiver-of-subrogation clauses in construction contracts intended to allow the parties to a contract to exculpate each other from personal liability? | Subrogation - Memo # 1241 - C - SKG.docx | LEGALEASE-00017821-LEGALEASE-00017822 |
| Behr v. Hook, 173 Vt. 122 | 217+3522 | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | Is a standardized waiver-of-subrogation clause in a construction contract allow the parties to exculpate each other from personal liability? | Subrogation - Memo # 1266 - C - SKG.docx | ROSS-003300510-ROSS-003300511 |
| Employers Res. Mgmt. Co. v. James, 62 F.3d 627 | 413+1 | Nothing in ERISA prevents Virginia from functionally requiring employer to maintain plan solely for purpose of complying with applicable worker's compensation laws. Employee Retirement Income Security Act of 1974, S 2 et seq., 29 U.S.C.A. S 1001 et seq.; Va.Code 1950, SS 65.2-100 et seq., 65.2-801, subd. A, pars. 1, 3. | Does The Employee Retirement Income Security Act (ERISA) prevent a state from functionally requiring an employer to maintain a plan solely for purposes of complying with the applicable workers compensation laws? | 048486.docx | LEGALEASE-00127445-LEGALEASE-00127447 |
| Lennon v. Waterfront Transp., 20 F.3d 658 | 413+1 | LHWCA represents compromise between interests of injured workers, employers, and insurers; injured employees receive benefits promptly and without fear of possible future reimbursement, and in return employers and insurers are able to avoid employees taking advantage of superior remedies in tort. Longshore and Harbor Workers' Compensation Act, S 1 et seq., as amended, 33 U.S.C.A. S 901 et seq. | "Does the workers compensation act represent a compromise between the interests of workers, employers and insurers?" | 048526.docx | LEGALEASE-00127354-LEGALEASE-00127355 |
| Snowden v. CheckPoint Check Cashing, 290 F.3d 631 | 25T+134(1) | If a party seeks to avoid arbitration or a stay of federal court proceedings pending the outcome of arbitration by challenging the validity or enforceability of an arbitration provision on any grounds that exist at law or in equity for the revocation of any contract, the grounds must relate specifically to the arbitration clause and not just to the contract as a whole. 9 U.S.C.A. S 2. | Must the grounds for revocation relate specifically to the arbitration clause and not just to the contract as a whole? | 007261.docx | LEGALEASE-00128662-LEGALEASE-00128664 |
| Randle-E. Ambulance Serv. v. Vasta, 360 So. 2d 68 | 307A+517.1 | Effect of plaintiff's announcement, anytime during course of trial, that he voluntarily dismisses lawsuit is to terminate litigation instantaneously, without prejudice to commencement of a wholly new lawsuit against same defendant if right to do so has not been exercised before and is not barred by statute of limitations. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(a)(1)(i). | Can a plaintiff voluntarily dismiss a lawsuit at any time without prejudice to commence a new lawsuit against the same defendant if the right to do so has not been exercised before? | 039134.docx | LEGALEASE-00128273-LEGALEASE-00128274 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Illinois Commerce Comm'n v. F.E.R.C., 576 F.3d 470 | 317A+114 | The Federal Energy Regulatory Commission (FERC) is not authorized to approve a pricing scheme that requires a group of utilities to pay for facilities from which its members derive no benefits, or benefits that are trivial in relation to the costs sought to be shifted to its members. | Is the Federal Energy Regulatory Commission (FERC) authorized to approve a pricing scheme that requires utilities to pay for facilities which the members do not derive benefits from? | 042495.docx | LEGALEASE-00128438-LEGALEASE-00128440 |
| Heubel Materials Handling Co. v. Universal Underwriters Ins. Co., 704 F.3d 558 | 366+35 | Under Missouri law, in determining the effect of subrogation waiver clauses upon indemnification provisions, the court must rely on the plain and ordinary meaning of the words in the contract and consider the document as a whole; it is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional or nonsensical. | "In determining the effect of subrogation waiver clauses upon indemnification provisions, must the court rely on the plain and ordinary meaning of the words in the contract?" | Subrogation - Memo # 1151 - C - VA.docx | ROSS-003298844-ROSS-003298846 |
| Referente v. City View Courtyard, 477 S.W.3d 882 | 307A+501 | Whether a party nonsuited to avoid an unfavorable ruling is a question of fact, and that the trial court's finding on that issue may be challenged on the ground that it is not supported by sufficient evidence. | Is the question whether a party nonsuited to avoid an unfavourable ruling a question of fact and can the trial court's finding on that issue be challenged on the ground that it is not supported by sufficient evidence? | 024437.docx | LEGALEASE-00129528-LEGALEASE-00129529 |
| In re Nancy A., 344 Ill. App. 3d 540 | 307A+501 | Plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the Supreme Court and Code of Civil Procedure. S.H.A. 735 ILCS 5/2-1009. | Do plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the Supreme Court and Code of Civil Procedure? | Pretrial Procedure - Memo # 1293 - C - PB.docx | ROSS-003286092-ROSS-003286094 |
| In re Shinn, 195 Cal. App. 2d 683 | 1.41E+19 | A primary purpose of the educational system is to train school children in good citizenship, patriotism, and loyalty to state and nation as means of protecting public welfare. West's Ann.Const. art. 9, SS 1, 5-7, 14. | "Is training of school children in good citizenship, patriotism, and loyalty to state and nation as means of protecting public welfare a primary purpose of the educational system?" | 016729.docx | LEGALEASE-00129697-LEGALEASE-00129698 |
| Louis R. Shapiro v. Milspemes Corp., 20 A.D.2d 857 | 307A+501 | Ordinarily, plaintiff has right to discontinue pending action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby, and even then right may be exercised subject to terms imposed by courts. CPLR Rule 3217(a), par. 1. | Does a plaintiff have the right to discontinue a pending action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby? | 025358.docx | LEGALEASE-00129884-LEGALEASE-00129886 |
| Autin v. Goetz, 524 S.W.3d 617 | 307A+501 | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Tenn. R. Civ. P. 41.01(1). | Is a plaintiff's right to voluntary dismissal without prejudice subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal? | 026167.docx | LEGALEASE-00129736-LEGALEASE-00129737 |
| Peninsular Florida Dist. Council of Assemblies of God v. Pan Am. Inv. & Dev. Corp., 450 So. 2d 1231 | 184+41 | When fraud is asserted as claim or defense, facts and circumstances constituting fraud must be plead with specificity, and all essential elements of fraudulent conduct must be stated, i.e., that plaintiff relied to his detriment on false statements concerning material fact made with knowledge of its falsity and intent to induce reliance. West's F.S.A. RCP Rule 1.120(b). | Should facts constituting fraud be plead with specificity? | 023176.docx | LEGALEASE-00130643-LEGALEASE-00130644 |
| City of Palos Heights v. Vill. of Worth, 29 Ill. App. 3d 746 | 307A+501 | Upon proper notice of payment of costs, plaintiff has absolute right to dismiss his action before trial or hearing has begun and trial court has no discretion to interfere with exercise of that right. S.H.A. ch. 110, SS 52, 52(1). | Does a plaintiff have an absolute right to dismiss his action before trial or hearing has begun and trial court has no discretion to interfere with exercise of that right upon proper notice of payment of costs? | Pretrial Procedure - Memo # 1232 - C - UG.docx | ROSS-003287497-ROSS-003287498 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hammers v. Hammers, 890 So. 2d 944 | 307A+747.1 | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | Are trial judges afforded considerable discretion in managing the pre-trial discovery process in their courts? | Pretrial Procedure - Memo # 1584 - C - SHS.docx | ROSS-003287860-ROSS-003287861 |
| Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+749.1 | A pretrial order is to limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | "Does a pretrial order, when entered, control the subsequent course of the action unless modified at the trial to prevent manifest injustice?" | 026845.docx | LEGALEASE-00130820-LEGALEASE-00130821 |
| Rubin v. Rubin, 120 N.M. 592 | 307A+717.1 | Under Illinois law, motions for continuance alleging an inability to present certain evidence must be accompanied by affidavits establishing factual basis for the continuance, and, under both Illinois and New Mexico law, the lower court has broad discretion in granting or denying continuances. | Should motions for continuance alleging an inability to present certain evidence be accompanied by affidavits establishing factual basis for the continuance? | 026910.docx | LEGALEASE-00130609-LEGALEASE-00130610 |
| Gohner v. Zundel, 411 N.W.2d 75 | 307A+747.1 | Imposition of appropriate sanction for violation of pretrial order is within broad discretion of trial court, and court abuses its discretion only when it acts in arbitrary, unreasonable, or unconscionable manner. Rules Civ.Proc., Rule 37. | "Is the imposition of an appropriate sanction for violation of a pretrial order within the broad discretion of a trial court, and does a court abuse its discretion only when it acts in arbitrary, unreasonable, or unconscionable manner?" | 026970.docx | LEGALEASE-00130907-LEGALEASE-00130908 |
| Cochran v. Mullinax, 276 Ga. App. 81 | 307A+750 | It generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order; once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. | Will a party advance theories or offer evidence that violate terms of pre-trial order unless pre-trial order is modified at or before trial? | Pretrial Procedure - Memo # 2023 - C - SKG.docx | ROSS-003286443-ROSS-003286444 |
| Monod v. Futura, 415 F.2d 1170 | 170A+1938.1 | Once the issues have been definitively stated in the pretrial order, the pleadings are superseded, the issues are set and discovery proceeds accordingly; with the issues having been thus defined, they ought to be adhered to in the absence of some good and sufficient reason, which must rest largely within the discretion of the trial court. Fed.Rules Civ.Proc. rule 16, 28 U.S.C.A. | "Are the issues to be adhered to in the absence of some good and sufficient reason, once they are defined in a final pretrial order?" | Pretrial Procedure - Memo # 2176 - C - AP.docx | ROSS-003286509-ROSS-003286510 |
| Bill DeLuca Enterprises v. Comm'r of Revenue, 431 Mass. 314 | 371+2001 | Essence of any system of taxation is that it should produce revenue ascertainable, and payable to the government, at regular intervals, since only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation. | "Is the system of taxation practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation?" | Taxation - Memo # 109 - C - SU.docx | ROSS-003301161-ROSS-003301162 |
| Binger v. King Pest Control, 401 So. 2d 1310 | 307A+747.1 | Pretrial order directing parties to exchange names of witnesses requires listing or notification of all witnesses that parties reasonably foresee will be called to testify, whether for substantive, corroborative, impeachment or rebuttal purposes. | Does a pretrial order directing parties to exchange names of witnesses require listing or notification of all witnesses that parties reasonably foresee will be called to testify? | Pretrial Procedure - Memo # 1490 - C - ES.docx | ROSS-003299675-ROSS-003299676 |
| Texas Elec. Co-op. v. Dillard, 171 S.W.3d 201 | 307A+331 | Objective test for anticipation of litigation, as would create duty to preserve evidence, is whether reasonable person would conclude from severity of accident, and other circumstances surrounding it, that there was substantial chance for litigation. | "Is the objective test for anticipation of litigation, as would create duty to preserve evidence, whether reasonable person would conclude from severity of accident, and other circumstances surrounding it that there was substantial chance for litigation?" | Pretrial Procedure - Memo # 1979 - C - SHB.docx | ROSS-003287327-ROSS-003287328 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sidwell Oil & Gas Co. v. Loyd, 230 Kan. 77 | 307A+749.1 | If parties have submitted their entire case for decision on all issues, without objection, they have consented to having court decide such issues even though outside the scope of the pretrial order. | "If parties have submitted their entire case for decision on all issues, without objection, have they consented to having a court decide such issues even though outside the scope of the pretrial order?" | Pretrial Procedure - Memo # 1990 - C - SHB.docx | ROSS-003287844-ROSS-003287845 |
| Structural Pres. Sys. v. Petty, 927 A.2d 1069 | 307A+750 | The pre-trial order limits the issues for trial and controls the subsequent course of the action, thereby precluding the interjection of new issues, absent modification of the order upon good cause. | "Does the pre-trial order limit the issues for trial and controls the subsequent course of the action and does that result in precluding the interjection of new issues, absent modification of the order upon good cause?" | Pretrial Procedure - Memo # 1993 - C - UG.docx | ROSS-003313344-ROSS-003313345 |
| Goudy v. Dayton Newspapers, 14 Ohio App. 2d 207 | 275+82 | It is within discretion of trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against. | "Is it within the discretion of a trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against?" | Pretrial Procedure - Memo # 2134 - C - NC.docx | LEGALEASE-00021699-LEGALEASE-00021700 |
| Montgomery v. McDaniel, 271 Va. 465 | 307A+517.1 | The ability to refile the nonsuited action at some future time is a right afforded a plaintiff by the General Assembly, regardless of any inconvenience or discomfort it might place on the nonsuited defendant. West's V.C.A. SS 8.01-229(E)(3), 8.01-380(B). | "Is the ability to refile the nonsuited action at some future time a right afforded a plaintiff by the General Assembly, regardless of any inconvenience or discomfort it might place on the nonsuited defendant?" | 027679.docx | LEGALEASE-00132334-LEGALEASE-00132335 |
| Burton v. D.C., 835 A.2d 1076 | 307A+750 | Whether to allow a party to go beyond the bounds of the pretrial order is a matter left to trial court's discretion to be exercised in light of language of rule governing pretrial conferences and authorizing modification in the proper case to prevent manifest injustice. Civil Rule 16. | "Is it a matter confided to the trial court's sound discretion, whether to allow a party to go beyond the bounds of the pretrial order?" | 027747.docx | LEGALEASE-00131937-LEGALEASE-00131938 |
| Norris v. Hearst Tr., 500 F.3d 454 | 336H+105 | Under Texas law, subject to certain conditions, plaintiff who takes nonsuit is not precluded from filing subsequent suit seeking the same relief, and nonsuit may have effect of vitiating earlier interlocutory orders. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Is a plaintiff who takes nonsuit precluded from filing a subsequent suit seeking the same relief, and nonsuit may have effect of vitiating earlier interlocutory orders?" | 028530.docx | LEGALEASE-00132192-LEGALEASE-00132193 |
| Harper v. Han Chang, 267 A.D.2d 1011 | 307A+506.1 | Denial of medical malpractice plaintiffs' motion for an adjournment and dismissal of the complaint were not abuses of discretion where the motion, predicated upon the unavailability of plaintiffs' expert medical witness, was made on the eve of trial, the plaintiffs' attorney had known for at least eight months that the expert, who had moved to New Mexico, would not return for trial, and plaintiffs failed to exercise due diligence to remedy the unavailability of that expert. | Will the courts allow adjournment due to unavailability of expert witness in medical malpractice action? | 027077.docx | LEGALEASE-00133186-LEGALEASE-00133187 |
| Burry & Son Homebuilders v. Ford, 310 S.C. 529 | 307A+517.1 | Generally, plaintiff is entitled to voluntary nonsuit without prejudice as matter of right unless legal prejudice is shown by defendant or important issues of public policy are present; once legal prejudice is found, granting or denial is within discretion of trial court. Rules Civ.Proc., Rule 41(a)(1). | Is a plaintiff entitled to a voluntary nonsuit without prejudice as matter of right unless legal prejudice is shown by a defendant or important issues of public policy are present? | 027603.docx | LEGALEASE-00132690-LEGALEASE-00132691 |
| Sidwell Oil & Gas Co. v. Loyd, 230 Kan. 77 | 307A+749.1 | If parties have submitted their entire case for decision on all issues, without objection, they have consented to having the court decide such issues even though outside the scope of the pretrial order. | "If parties submit their entire case for decision on all issues, without objection, do they consent to having the court decide such issues even though outside the scope of a pretrial order?" | 027715.docx | LEGALEASE-00132779-LEGALEASE-00132780 |
| Marino v. King, 355 S.W.3d 629 | 307A+486 | Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" | 028380.docx | LEGALEASE-00132844-LEGALEASE-00132845 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shulas v. Estabrook, 385 N.J. Super 91 | 307A+517.1 | A motion based on rule regarding voluntary dismissal of a complaint involves three sequential inquiries: (1) whether the matter should be dismissed without prejudice; (2) if so, whether terms should be imposed; and (3) if so, what terms will alleviate any prejudice to the defendant and prevent injury to the efficient administration of justice generated by the ensuing delay and duplication of effort. R. 4:37-1(b). | Does a motion based on rule requiring court review prior to a grant of dismissal involve three sequential inquiries? | Pretrial Procedure - Memo # 2839 - C - RF.docx | ROSS-003287638-ROSS-003287639 |
| Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | When a nonsuit is filed while a matter was pending on interlocutory appeal from a pretrial plea to the jurisdiction, the nonsuit extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court; the only requirement is the mere filing of the motion with the clerk of the court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does the nonsuit extinguish a case or controversy from the moment the motion is filed or an oral motion is made in open court? | 028631.docx | LEGALEASE-00133054-LEGALEASE-00133055 |
| Ramirez v. Noble Energy, 521 S.W.3d 851 | 307A+486 | Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, courts cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Tex. R. Civ. P. 198.3. | "Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, can courts do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" | 028503.docx | LEGALEASE-00134665-LEGALEASE-00134666 |
| Time Warner v. Gonzalez, 441 S.W.3d 661 | 307A+486 | A trial court has discretion to permit a party to withdraw an admission if: (1) the party shows good cause for the withdrawal; (2) the court finds that the other party will not be unduly prejudiced; and (3) presentation of the lawsuit's merits is served by the withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Does a trial court have discretion to permit a party to withdraw an admission if the party shows good cause for the withdrawal or if the court finds that the other party will not be unduly prejudiced and presentation of the lawsuit's merits is served by the withdrawal? | Pretrial Procedure - Memo # 2904 - C - NS.docx | ROSS-003330035-ROSS-003330036 |
| State ex rel. Kramer v. Carroll, 309 S.W.2d 654 | 307A+69.1 | Court is without jurisdiction to require production of documentary evidence at taking of depositions unless such evidence is first shown to be relevant and material to issues in pending cause. | Is a court without jurisdiction to require production of documentary evidence at taking of depositions unless such evidence is first shown to be relevant and material to issues in pending cause? | Pretrial Procedure - Memo # 2980- C - KG.docx | ROSS-003317674-ROSS-003317675 |
| Chambers v. Pruitt, 241 S.W.3d 679 | 307A+486 | Trial court has broad discretion to permit or deny the withdrawal of deemed admissions as long as it does not act unreasonably, arbitrarily, or without reference to guiding principles. | "Does the trial court have broad discretion to permit or deny the withdrawal of deemed admissions as long as it does not act unreasonably, arbitrarily, or without reference to guiding principles?" | 028844.docx | LEGALEASE-00134497-LEGALEASE-00134498 |
| Spiecker v. Petroff, 971 S.W.2d 536 | 307A+486 | Party can establish "good cause" for withdrawal of deemed admissions by showing that its failure to answer was accidental or result of mistake, rather than intentional or result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | "Can a party establish ""good cause"" for withdrawal of deemed admissions by showing that its failure to answer was accidental or result of mistake, rather than intentional or result of conscious indifference?" | 028977.docx | LEGALEASE-00134728-LEGALEASE-00134729 |
| Wheeler v. Green, 157 S.W.3d 439 | 228+183 | Undue prejudice, as element for withdrawing deemed admissions or for allowing a late summary-judgment response, depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Vernon's Ann.Texas Rules Civ.Proc., Rules 166a(c), 198.3. | Does undue prejudice depend on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it? | 029065.docx | LEGALEASE-00134388-LEGALEASE-00134389 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wheeler v. Green, 157 S.W.3d 439 | 228+183 | Undue prejudice, as element for withdrawing deemed admissions or for allowing a late summary-judgment response, depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Vernon's Ann.Texas Rules Civ.Proc., Rules 166a(c), 198.3. | "Does undue prejudice, depend on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it?" | 029095.docx | LEGALEASE-00134619-LEGALEASE-00134620 |
| Reeves v. Boatman, 769 P.2d 917 | 307A+483 | Effect of admissions does not mean that favored litigant is necessarily absolved from further proof to justify recovery or establish its amount if all dispositive facts involving recovery were not included in undenied admissions. Rules Civ.Proc., Rules 36, 36(b). | Does the effect of admissions not mean that a favored litigant is necessarily absolved from further proof to justify recovery or establish its amount if all dispositive facts involving recovery were not included in undenied admissions? | Pretrial Procedure - Memo # 3499 - C - ES.docx | ROSS-003305148 |
| Shwe v. Jaber, 147 N.C. App. 148 | 307A+483 | Under civil procedure rules, matters as to which admission is requested are deemed admitted unless party to whom request is directed serves written response within time permitted by rule. Rules Civ.Proc., Rule 36(a), G.S. S 1A-1. | "Under civil procedure rules, are matters as to which admission is requested deemed admitted unless party to whom request is directed serves written response within time permitted by rule?" | 030027.docx | LEGALEASE-00134883-LEGALEASE-00134884 |
| The Janko, 54 F. Supp. 241 | 221+162 | "Comity", which is recognition which one nation allows within its territory to legislative, executive or judicial acts of another nation, binds the courts as well as the diplomatic channels. | "Does comity bind the courts as well as diplomatic channels, and is it the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation?" | International Law - Memo #1052 ANC.docx | ROSS-003290629-ROSS-003290630 |
| Nat'l Inst. of Agrarian Reform v. Kane, 153 So. 2d 40 | 221+321 | Every sovereign state is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory. | "Is every sovereign state bound to respect the independence of every other sovereign, and will the courts of one country sit in judgment on the acts of the government of another done within its own territory?" | International Law - Memo #1063 ANC.docx | LEGALEASE-00025017-LEGALEASE-00025018 |
| Ohio CAT v. Stoneman, 2015-Ohio-3546 | 307A+486 | When a party fails to timely respond to the request for admissions and the admissions become facts of record by operation of law, it is within the trial court's discretion whether it will allow the withdrawal of admissions. Rules Civ.Proc., Rule 36. | "When a party fails to timely respond to the request for admissions and the admissions become facts of record by operation of law, is it within the trial court's discretion whether it will allow the withdrawal of admissions?" | Pretrial Procedure - Memo # 2775 - C - DA.docx | ROSS-003290640-ROSS-003290641 |
| In re Sewell, 472 S.W.3d 449 | 307A+486 | Generally, a party demonstrates good cause necessary to withdraw deemed admissions by showing that his failure to respond to request for admissions was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Tex. R. Civ. P. 198.3. | "Does a party demonstrates good cause necessary to withdraw deemed admissions by showing that his failure to respond to request for admissions was accidental or the result of a mistake, rather than intentional or the result of conscious indifference?" | Pretrial Procedure - Memo # 2776 - C - DA.docx | ROSS-003289537-ROSS-003289538 |
| Motor Car Classics v. Abbott, 316 S.W.3d 223 | 307A+486 | Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(c). | "Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" | Pretrial Procedure - Memo # 2798 - C - MS.docx | ROSS-003305107-ROSS-003305108 |
| 109 Ill.App.3d 627 | 307A+716 | Absence of counsel is just one factor to be considered in granting continuance; more important factor is whether party seeking continuance has acted with diligence, and the very fact that no one has appeared to seek a continuance can be construed as lack of diligence. | "Is absence of counsel just one factor to be considered in granting a continuance and is the more important factor whether the party seeking continuance has acted with diligence, and can the very fact that no one has appeared to seek a continuance be construed as lack of diligence?" | 029247.docx | LEGALEASE-00135481-LEGALEASE-00135482 |
| Chappelaer v. Gen. G. M. C. Trucks, 130 Ga. App. 664 | 307A+716 | Continuances because of the absence of counsel are not favored and strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial court. | "Are continuances because of the absence of counsel not favored and strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial court?" | 029255.docx | LEGALEASE-00135723-LEGALEASE-00135724 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cryer v. West, 771 S.W.2d 5 | 307A+714 | Among factors court must consider in determining whether party will suffer irreparable injury from application of legislative continuance rule are nature and urgency of rights involved; moreover, it is only when opposing party does not show such irreparable injury to substantial, existing right that trial court has no discretion except to grant motion for continuance. Vernon's Ann.Texas Rules Civ.Proc., Rule 254; V.T.C.A., Civil Practice & Remedies Code S 30.003. | Should the court consider nature and urgency of the rights involved in determining whether non-movant will suffer irreparable injury from application of legislative continuance statute? | 029518.docx | LEGALEASE-00135651-LEGALEASE-00135652 |
| Shankweiler v. McCall Procter/Densham, Ltd., 183 Ga. App. 257 | 307A+483 | If party served with request for admission neither files timely response thereto nor moves to withdraw admission resulting from his failure to do so, matter stands conclusively admitted. O.C.G.A. S 9-11-36. | "If a party served with request for admission neither files timely response thereto nor moves to withdraw admission resulting from his failure to do so, does the matter stand conclusively admitted?" | Pretrial Procedure - Memo # 3522 - C - NC.docx | ROSS-003290476-ROSS-003290477 |
| Moy v. Ng, 341 Ill. App. 3d 984 | 307A+483 | Where a party fails to properly respond to a request to admit facts, those factual matters in the request are deemed judicial admissions which cannot later be controverted by any contrary evidence; such an admission is considered incontrovertible and has the effect of withdrawing a fact from contention. Sup.Ct.Rules, Rule 216. | "Where a party fails to properly respond to a request to admit facts, will those factual matters in the request be deemed judicial admissions which cannot later be controverted by any contrary evidence?" | Pretrial Procedure - Memo # 3533 - C - SK.docx | LEGALEASE-00025433-LEGALEASE-00025434 |
| Vaughn v. Grand Prairie Indep. Sch. Dist., 784 S.W.2d 474 | 307A+483 | When one party fails to respond to requests for admissions the matters are deemed admitted as a matter of law and it is not necessary for trial court to enter a formal ruling to such effect. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Where one party fails to respond to requests for admissions, is it necessary for the trial court to enter a formal ruling to effect that such  the matters are deemed admitted as a matter of law?" | Pretrial Procedure - Memo # 3630 - C - KBM.docx | ROSS-003289803-ROSS-003289804 |
| Robinson v. Glob. Res., 300 Ga. App. 139 | 307A+483 | Matters deemed admitted under statute governing failure to timely respond to requests for admission become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. S 9-11-36(a, b). | Do matters deemed admitted under statute governing failure to timely respond to requests for admission become solemn admissions in judicio and are conclusive as a matter of law on the matters stated? | Pretrial Procedure - Memo # 3806 - C - SB.docx | ROSS-003317910-ROSS-003317911 |
| Wright v. Am. Rest. Group, 2002 WL 31520533 | 307A+485 | In determining whether defendant had reasonable ground to deny request for admission in personal injury action, trial court could consider only evidence defendant had at time of denial, for purpose of determining whether plaintiff was entitled to attorney fees. West's Ann.Cal.C.C.P. S 2033(o). | "Can a court consider only the evidence a defendant had at time of denial, for purpose of determining whether plaintiff was entitled to attorney fees in determining whether defendant had reasonable ground to deny request for admission in personal injury action?" | 030068.docx | LEGALEASE-00135035-LEGALEASE-00135036 |
| Schleimer v. Winter, 2002 WL 120561 | 307A+485 | A court's determination that amount requested is unreasonable alone does not justify denial of an award of costs of proof if moving party has presented sufficient information for court to determine a reasonable amount. West's Ann.Cal. C.C.P. S 2033, subd. o. | "Does a court's determination that amount requested is unreasonable, justify denial of an award of costs of proof if moving party has presented sufficient information for court to determine a reasonable amount?" | 030082.docx | LEGALEASE-00135071-LEGALEASE-00135072 |
| Armstrong v. Collins, 366 S.C. 204 | 307A+720 | When a late amendment to a pleading would cause prejudice to the opposing party, the trial court should either deny the amendment or grant a continuance to allow the time reasonably necessary to prepare for the new issue. Rules Civ.Proc., Rule 15. | "When a late amendment to a pleading would cause prejudice to the opposing party, should the trial court either deny the amendment or grant a continuance?" | 030476.docx | LEGALEASE-00135749-LEGALEASE-00135750 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Acorn Iron Works v. Auditor Gen., 295 Mich. 143 | 371+2001 | Tax exactions, property or excise, must rest upon legislative enactment, and collectors can act only within express authority conferred thereby, and the scope of such laws cannot be extended by implication or forced construction, and language, if dubious, is not resolved against the taxpayer. | "Does tax exactions, property or excise, rest upon legislative enactment?" | Taxation - Memo # 459 - C - KBM.docx | ROSS-003291312-ROSS-003291313 |
| State v. Agan, 259 Ga. 541 | 316P+351 | Other than those emoluments of public office that are expressly authorized and established by law, no holder of public office is entitled to request or receive, from any source, directly or indirectly, anything of value in exchange for the performance of any act related to the functions of that office. O.C.G.A. SS 16-10-2, 21-5-1 et seq. | "Under bribery statute, what is a holder of public office entitled to request or receive, from any source, directly or indirectly, anything of value in exchange for the performance of any act related to the functions of that office?" | Bribery - Memo #545 - C-JL.docx | ROSS-003330988-ROSS-003330989 |
| Cross v. Cross, 891 N.E.2d 635 | 307A+486 | In the context of rule allowing a party deemed to have made admissions due to failure to respond to request for admissions to seek withdrawal of admissions, "prejudice" does not mean that the party who has obtained the admission will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of its case. Trial Procedure Rule 36(B). | "In the context of rule allowing a party deemed to have made admissions due to failure to respond to request for admissions to seek withdrawal of admissions, does ""prejudice"" mean that the party who has obtained the admission will lose the benefit of the admissions?" | 029211.docx | LEGALEASE-00136607-LEGALEASE-00136608 |
| Every v. City of New Orleans, 514 So. 2d 556 | 307A+716 | Even though a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney, absent unfairness to the parties, a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer, because the court cannot be closed to a defendant who desires to bring a case to trial. LSA-C.C.P. art. 1601. | Is a plaintiff entitled to indefinite continuances simply because he has discharged his lawyer? | 029414.docx | LEGALEASE-00136245-LEGALEASE-00136246 |
| Inloes v. Inloes, 567 S.W.2d 732 | 307A+715 | A trial court has the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere, illness, or weather conditions does not compel a continuance. | "Does a trial court have the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere, illness, or weather conditions does not compel a continuance?" | 029464.docx | LEGALEASE-00136467-LEGALEASE-00136468 |
| Cline v. Prowler Indus. of Maryland, 418 A.2d 968 | 307A+485 | Award under Superior Court Rule requiring reasonable expenses to be awarded to party litigant when opposing party refuses or fails to admit truth of requested admission and requested admission is later proved to be true is subject to reversal only if abuse of trial court's discretion is found. Superior Court Rules, Civil Rules 36(a), 37(c), Del.C.Ann. | Are reasonable expenses to be awarded to a party litigant when opposing party refuses or fails to admit the truth of a requested admission and requested admission is later proved to be true? | 030257.docx | LEGALEASE-00136917-LEGALEASE-00136919 |
| Rainwater v. Haddox, 544 S.W.2d 729 | 307A+723.1 | Where application for continuance fails to conform to rules, denial of continuance comes within sound discretion of court and it will be presumed, absent a showing of abuse of discretion, that court properly exercised its discretion. Rules of Civil Procedure, rules 251, 252. | "Where application for continuance fails to conform to rules, does the denial of continuance come within the sound discretion of court and it will be presumed, absent a showing of abuse of discretion, that a court properly exercised its discretion?" | 030272.docx | LEGALEASE-00136684-LEGALEASE-00136685 |
| Klesch v. Reid, 95 Ohio App. 3d 664 | 307A+483 | Where party files written request for admission, failure of opposing party to timely answer request constitutes conclusive admission and also satisfies written answer requirement in case of summary judgment, and summary judgment may be premised on failure to respond to request for admission. Rules Civ.Proc., Rules 36, 56(C). | "Where party files written request for admission, does failure of an opposing party to timely answer request constitutes conclusive admission, and also satisfies a written answer requirement of a summary judgment rule?" | 030441.docx | LEGALEASE-00136299-LEGALEASE-00136300 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Simonsen v. Hendricks Sodding & Landscaping Inc., 5 Neb. App. 263 | 307A+724 | Application for continuance must be in writing and supported by affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings. | Must an application for continuance be in writing and supported by affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings? | 030788.docx | LEGALEASE-00136469-LEGALEASE-00136470 |
| W. Point Mfg. Co. v. Bennett, 263 Ala. 571 | 413+1 | Facts necessary to sustain judgment awarding workmen's compensation were (1) that both parties were subject to the law, (2) that personal injury was sustained by plaintiff, (3) that it was caused by accident, (4) that it arose out of his employment, (5) that it arose in course of his employment, (6) that plaintiff suffered such injury, and (7) that facts showed that weekly earnings justified award. Code 1940, Tit. 26, SS 263, 270, 279(E) 3. | What facts are necessary to sustain a judgment awarding workmens compensation? | 047904.docx | LEGALEASE-00137057-LEGALEASE-00137058 |
| Schindler v. AG Aero Distributors, 502 S.W.2d 581 | 307A+483 | The trial court has considerable discretion in refusing or granting motion to deem admitted the matters inquired about in a request for admission where there is neither answer nor denial within the time specified in the request. Rules of Civil Procedure, rule 169. | Does the trial court have considerable discretion in refusing or granting a motion to deem admitted the matters inquired about? | 030161.docx | LEGALEASE-00137137-LEGALEASE-00137138 |
| W. v. W., 248 Conn. 487, 728 A.2d 1076 | 307A+483 | Under rule governing request for admissions, requested matter is admitted unless timely written answer or objection is served and admission continues unless, on motion made by person suffering admission, relief from effect of failure to timely respond is granted. West's F.S.A. RCP Rule 1.370(b). | "Under the rule governing requests for admissions, is a requested matter admitted unless a timely written answer or objection is served and admission continues?" | 030498.docx | LEGALEASE-00137133-LEGALEASE-00137134 |
| Warburton/Buttner v. Superior Court, 103 Cal. App. 4th 1170 | 307A+36.1 | California law permits a plaintiff seeking to assert claims against a corporation to obtain discovery against it about whether it has been doing business in the state, since such facts are normally within the knowledge of the corporate officers and such jurisdictional issues are subject to discovery. | Does law permit a plaintiff seeking to assert claims against a corporation to obtain discovery against it about whether it has been doing business in the state? | Pretrial Procedure - Memo # 4488 - C - CK.docx | ROSS-003305201-ROSS-003305203 |
| P.R.S. Int'l v. Shred Pax Corp., 292 Ill. App. 3d 956 | 307A+720 | In determining motion to extend time for filing pleading, it is prerequisite that responding party demonstrate good cause to obtain relief granted and absence of prejudice to opposing party is immaterial. Sup.Ct.Rules, Rules 183, 216(c). | "In determining a motion to extend time for filing a pleading, is it a prerequisite that a responding party demonstrate good cause to obtain relief granted?" | 031276.docx | LEGALEASE-00137304-LEGALEASE-00137305 |
| Schwarz v. Platte Valley Exterminating, 258 Neb. 841 | 307A+483 | Rule governing requests for admissions is not self-executing, but requires that a party, claiming another party's admission by failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must subsequently offer the request for admission as evidence. Discovery Rule 36. | "Is the rule governing requests for admissions self-executing and does it require a party, claiming another party's admission by failure to respond properly to a request for admission, to offer the request for admission as evidence?" | Pretrial Procedure - Memo # 4707 - C - AP.docx | ROSS-003304244-ROSS-003304245 |
| State v. McLeod, 199 La. 372 | 307A+156 | The statutory provision that depositions be signed by witnesses was for the purpose of avoiding the possibility that deponents might later take the witness stand at the trial and deny the verity of their testimony, and such provision could be waived by the parties, and in any event, where waiver of signature was not to the defendant's detriment, she could not complain. Code Cr.Proc. art. 158. | Is the statutory provision that depositions be signed by witnesses for the purpose of avoiding the possibility that deponents might later take the witness stand at the trial and deny the verity of their testimony? | Pretrial Procedure - Memo # 4896 - C - NE.docx | ROSS-003291781-ROSS-003291782 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Greenblatt v. Kaplan's Rest., 171 Cal. App. 3d 991 | 307A+726 | One continuance rule of West's Ann.Cal.C.C.P. S 36(e) governing motion for preference of party who has reached age 70 should not be interpreted to bar party's motion to take matter off calendar, where elderly party who requested early trial date because of ill health finds that illness or infirmity prevents his or her ability to go to trial within 120-day period. | Will one continuance rule governing motion for preference of elderly party be interpreted to bar party's motion to take the matter off the calendar? | 031782.docx | LEGALEASE-00138039-LEGALEASE-00138040 |
| Ward v. Gerald E. Prince Const., 293 Ark. 59 | 307A+36.1 | Rule of evidence controlling admissibility of summaries does not require that party notify opposing party that he intends to introduce a summary; instead, it merely mandates the originals, or duplicates, which are underlying documents of a summary, be made available for examination or copying or both, by other parties at reasonable time and place. Rules of Evid., Rule 1006. | Does the rule of evidence controlling admissibility of summaries not require that party notify opposing party that he intends to introduce a summary? | 031932.docx | LEGALEASE-00138009-LEGALEASE-00138010 |
| Sculley v. City of Philadelphia, 381 Pa. 1 | 268+806(1) | A pedestrian is not required to keep his vision fixed continually on the ground immediately in front of him to discover possible points of danger, especially where his attention must also be directed toward the imminent peril of approaching vehicles. | Is a pedestrian required to keep his vision fixed continually on the ground to discover possible points of danger? | Highways -Memo 132 - KC.docx | ROSS-003303965-ROSS-003303967 |
| Scott v. Scott, 147 S.W. 3d 887 | 307A+723.1 | Failure to follow the simple, explicit, and mandatory procedure to properly present a motion for continuance renders the motion deficient, meaning the trial court is not obligated to consider the motion. V.A.M.R. 65.03. | "Does failure to follow the simple, explicit, and mandatory procedure to properly present a motion for continuance render the motion deficient, meaning the trial court is not obligated to consider the motion?" | Pretrial Procedure - Memo # 4195 - C - NE.docx | ROSS-003291107-ROSS-003291108 |
| Hall v. Bunn, 11 Ohio St. 3d 118 | 307A+720 | Even in the event an objecting party is not prepared for evidence offered outside pleading, trial court may still allow an amendment under rule governing amendment of pleadings to conform to evidence and grant a continuance to enable objecting party to meet the new evidence. Rules Civ.Proc., Rule 15(B). | "Even in the event an objecting party is not prepared for evidence offered outside a pleading, may a trial court still allow an amendment?" | 030889.docx | LEGALEASE-00138822-LEGALEASE-00138823 |
| State ex rel. FirsTier Bank, N.A. v. Mullen, 248 Neb. 384 | 307A+36.1 | For purposes of ensuring fundamentally fair trial, question of whether disqualified law firm is participating with successor counsel is highly relevant to pending action, for purposes of determining discoverability of fee arrangement. | "For purposes of ensuring a fundamentally fair trial, is the question of whether a disqualified law firm is participating with a successor counsel highly relevant to pending action?" | 031850.docx | LEGALEASE-00138802-LEGALEASE-00138803 |
| McDonnell v. United States, 136 S. Ct. 2355 | 63+13 | It is up to the jury, under the facts of the case, to determine whether a public official agreed to perform an "official act," for purposes of the federal bribery statute, which makes it a crime for a public official to demand anything of value in return for being influenced in the performance of any official act, at the time of the alleged quid pro quo; the jury may consider a broad range of pertinent evidence, including the nature of the transaction, to answer that question. 18 U.S.C.A. S 201(a)(3), (b)(2). | Is nature of transaction considered by a jury in a case involving quid pro quo exchange? | 011079.docx | LEGALEASE-00139216-LEGALEASE-00139217 |
| Sowinski v. Walker, 198 P.3d 1134 | 307A+747.1 | Trial courts are afforded broad discretion to determine whether a situation entails a manifest injustice sufficient to justify departure from pretrial scheduling orders. Rules Civ.Proc., Rule 16(e). | Are trial courts afforded broad discretion to determine whether a situation entails a manifest injustice sufficient to justify departure from pretrial scheduling orders? | Pretrial Procedure - Memo # 1393 - C - DA.docx | ROSS-003291192-ROSS-003291193 |
| In re Martinez, 469 B.R. 74 | 307A+508 | A plaintiff's right to dismiss the suit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, filed pleadings seeking affirmative relief. | Does a plaintiff's right to dismiss the suit exist from the moment a written motion is filed or an oral motion is made in open court? | 032203.docx | LEGALEASE-00139029-LEGALEASE-00139030 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tucker v. Tucker, 55 N.Y.2d 378 | 307A+501 | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | Can a party be compelled to litigate while authority of a court to grant or to deny an application seeking voluntarily to discontinue litigation is within its sound discretion? | Pretrial Procedure - Memo # 5503 - C - NC.docx | ROSS-003291327-ROSS-003291328 |
| Richey v. United States, 322 F.3d 1317 | 34+6.2 | An officer seeking correction of military records may either apply as an initial matter to a corrections board, or file suit under the Tucker Act in the Court of Federal Claims. 10 U.S.C.A. S 1552(a)(1); 28 U.S.C.A. SS 1346, 1491. | "Can an officer seeking correction of military records apply as an initial matter to a corrections board, or file suit under the Tucker Act in the Court of Federal Claims?" | 008540.docx | LEGALEASE-00139663-LEGALEASE-00139664 |
| State v. Schenkolewski, 301 N.J. Super. 115 | 63+1(1) | Neither offeror nor the recipient of bribe need be public official to prove bribery, and it is sufficient if recipient created understanding with offeror that he could influence matters in connection with official duty, whether or not he was capable of actually effecting such an act. N.J.S.A. 2C:27-2. | "To prove bribery, is it sufficient if the recipient created the understanding with the briber that he could influence matters in connection with an official duty? " | Bribery - Memo #104 - C - EB.docx | LEGALEASE-00029213-LEGALEASE-00029214 |
| United States v. Schoenhut, 576 F.2d 1010 | 63+7 | Since essence of offense of receiving a fee for procuring a loan is endeavoring to procure a loan from a bank for a thing of value by an officer of the bank, when the proof establishes that a bank officer endeavored to procure such a loan a variance between the indictment and proof of who in fact received the loan is immaterial where the officer is otherwise informed of the nature of the charges against him so that he is enabled to prepare his defense, is not taken by surprise and is protected against another prosecution for the same offense. Fed.Rules Crim.Proc. rule 52(a), 18 U.S.C.A.; 18 U.S.C.A. S 215. | What is the essence of the offense of receiving a fee for procuring a loan under 18 U.S.C.  215 under the Code? | 011940.docx | LEGALEASE-00139579-LEGALEASE-00139580 |
| Zavoral v. Pac. Intermountain Exp., 181 Neb. 40 | 388+9(1) | Generally, the effect of a pretrial order is to control subsequent course of the action, and unless order is modified at trial to prevent manifest injustice, court may exclude evidence on issues not stated in pretrial order, and such issues need not be submitted to jury. | Does pre-trial order control a subsequent course of action and can the trial court exclude evidence on issues not stated in the pretrial order? | 028019.docx | LEGALEASE-00139496-LEGALEASE-00139497 |
| Boulet v. State, 189 S.W.3d 833 | 307A+486 | Although the trial court has broad discretion to permit or deny the withdrawal of deemed admissions, it cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "Although the trial court has broad discretion to permit or deny the withdrawal of deemed admissions, can it do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" | Pretrial Procedure - Memo # 3190 - C - SB.docx | ROSS-003302069-ROSS-003302070 |
| Roberts v. TriQuint Semiconductor, 358 Or. 413 | 307A+554 | The question whether a trial court should dismiss an action on the basis of a forum-selection agreement is a legal determination that may be raised by way of a motion to dismiss for lack of jurisdiction over the subject matter. Rules Civ.Proc., Rule 21(A)(1). | Is the question whether a trial court should dismiss an action on the basis of a forum-selection agreement a legal determination that may be raised by way of a motion to dismiss for lack of jurisdiction over the subject matter? | 032792.docx | LEGALEASE-00139673-LEGALEASE-00139674 |
| Pocahontas First Corp. v. Venture Planning Grp., 572 F. Supp. 503 | 170B+2792 | It is permissible for court to decide pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone; where this procedure is followed, plaintiff need make only a prima facie showing of jurisdiction through its affidavits to defeat motion to dismiss. | "If a court chooses to rule on a motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, need the party opposing the motion make only a prima facie showing of jurisdiction?" | 032793.docx | LEGALEASE-00139677-LEGALEASE-00139678 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bachellar v. Maryland, 397 U.S. 564 | 129+132 | Disorderly conduct convictions resting on a finding that accused sat or lay across a public sidewalk with intent of fully blocking passage along it, or that they refused to obey police commands to stop obstructing the sidewalk in this manner and move on would not violate Constitution. Code Md.1957, art. 27, S 123; Code Md.Supp. art. 27, S 123(c); U.S.C.A.Const. Amends. 1, 14. | Is the conviction for blocking passage along sidewalk and refusal to obey police commands to stop obstructing sidewalk constitutional? | 014453.docx | LEGALEASE-00140193-LEGALEASE-00140194 |
| Scott v. Greenville Hous. Auth., 353 S.C. 639 | 307A+486 | Trial court may allow party to amend or withdraw its answers to request to admit when: (1) presentation of the merits is furthered by amendment, and (2) party who obtained admission cannot demonstrate prejudice because of amendment. Rules Civ.Proc., Rule 36(b). | Can a trial court allow a party to amend or withdraw its answers to request to admit when presentation of the merits is furthered by amendment and when the party who obtained admission cannot demonstrate prejudice because of amendment? | 029140.docx | LEGALEASE-00139775-LEGALEASE-00139776 |
| Warner v. Chauffeurs, Teamsters, & Helpers Local Union No. 414, 73 N.E.3d 190 | 307A+685 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. Ind. R. Trial P. 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, may the trial court consider not only the complaint and motion but also any affidavits or evidence submitted in support?" | Pretrial Procedure - Memo # 5656 - C - NE.docx | ROSS-003289608-ROSS-003289609 |
| Turner v. Richmond Power & Light Co., 763 N.E.2d 1005 | 307A+682.1 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion, but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Trial Procedure Rule 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, may the trial court consider not only the complaint and motion but also any affidavits or evidence submitted in support?" | 032856.docx | LEGALEASE-00139957-LEGALEASE-00139958 |
| Wallingford v. Trinity Universal Ins. Co., 253 S.W.3d 720 | 307A+554 | A motion to dismiss based on the absence of subject matter jurisdiction is the functional equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | Is a motion to dismiss based on the absence of subject matter jurisdiction the functional equivalent to a plea to the jurisdiction challenging the trial court authority to determine the subject matter of a cause of action? | Pretrial Procedure - Memo # 5919 - C - NE.docx | ROSS-003289015-ROSS-003289016 |
| Ryan v. Gifford, 935 A.2d 258 | 307A+554 | A court engages in a two-step analysis, when a nonresident defendant moves to dismiss a complaint for lack of jurisdiction: (1) the court must first determine that service of process is authorized by statute, and then (2) must determine whether the exercise of jurisdiction over the nonresident defendant comports with traditional due process notions of fair play and substantial justice. U.S.C.A. Const.Amend. 14; Chancery Court Rule 12(b)(2). | "Does a court engage in a two-step analysis, when a nonresident defendant moves to dismiss a complaint for lack of jurisdiction?" | 033466.docx | LEGALEASE-00140404-LEGALEASE-00140405 |
| Moon v. Phipps, 67 Wash. 2d 948 | 308+79(5) | The agent has burden of proving in every case that his principal not only had knowledge that agent was to be buyer or seller, but also burden of showing that all information in possession of agent had been communicated to his principal prior to giving of consent. | Does the agent have the burden of proving in every case that his principal not only had knowledge that the agent was to be the buyer or seller but also the burden of showing that all information in possession of the agent had been communicated to his principal prior to the giving of consent? | 041318.docx | LEGALEASE-00140364-LEGALEASE-00140365 |
| Andra v. Left Gate Prop. Holding, 453 S.W.3d 216 | 307A+554 | When a nonresident defendant's motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a trial court may consider affidavits and depositions properly filed in support of the motion. Mo. Sup. Ct. R. 55.28. | "When a nonresident defendant's motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, will a trial court consider affidavits and depositions properly filed in support of the motion?" | 032980.docx | LEGALEASE-00141505-LEGALEASE-00141506 |
| Patton v. Jones, 212 S.W.3d 541 | 302+104(1) | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | Is a motion to dismiss based on a lack of subject matter jurisdiction functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action? | Pretrial Procedure - Memo # 6031 - C - NS.docx | ROSS-003329533-ROSS-003329534 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilkerson v. Howell Contrs., 163 Ohio App. 3d 38 | 307A+554 | When ruling on a motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the plaintiff has alleged any cause of action that the trial court has authority to decide. Rules Civ.Proc., Rule 12(B)(1). | "When ruling on a motion to dismiss for lack of subject-matter jurisdiction, must the trial court determine whether the plaintiff has alleged any cause of action that the trial court has authority to decide?" | 033419.docx | LEGALEASE-00141634-LEGALEASE-00141635 |
| Brookfield Mach. v. Calbrit Design, 929 F. Supp. 491 | 170B+2792 | In considering defendant's motion to dismiss for lack of personal jurisdiction, court employs prima facie standard, under which court considers whether plaintiffs have proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction; when determining whether prima facie showing has been made, court does not act as fact finder, but instead accepts properly supported proffers of evidence by plaintiff as true. | "Under the prima facie standard, is it an enquiry whether the plaintiff has proffered evidence which, if credited, sufficiently support findings of all facts essential to personal jurisdiction?" | 033014.docx | LEGALEASE-00143138-LEGALEASE-00143139 |
| Bonner v. Peterson, 301 Ga. App. 443 | 307A+562 | A motion to dismiss asserting sovereign immunity is based upon the trial court's lack of subject matter jurisdiction, rather than the merits of the plaintiff's claim. | Is a motion to dismiss asserting sovereign immunity based upon the trial court's lack of subject matter jurisdiction rather than the merits of the plaintiff's claim? | 033016.docx | LEGALEASE-00143148-LEGALEASE-00143149 |
| Lake Rd. Tr. Ltd. v. ABB Powertech (Pty) Ltd., 136 Conn. App. 671 | 307A+554 | When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction. | "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, is the burden of proof on the plaintiff to present evidence which will establish jurisdiction?" | Pretrial Procedure - Memo # 5788 - C - VA.docx | ROSS-003288082-ROSS-003288083 |
| Verploegh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+560 | Purpose of Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process, and a primary reason for its passage, is the prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run. Sup.Ct.Rules, Rule 103(b). | Does the purpose of the Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process is the prevention of intentional delay in the service of summons which would postpone service? | 033832.docx | LEGALEASE-00142786-LEGALEASE-00142787 |
| Nahum v. Mansour, 109 A.D.3d 548 | 307A+746 | To vacate a default based on a failure to appear at a scheduled court conference, the defaulting party is required to demonstrate both a reasonable excuse for the failure to appear and a potentially meritorious cause of action. McKinney's CPLR 5015(a)(1). | "To vacate a default based on a failure to appear at a scheduled court conference, is the defaulting party required to demonstrate both a reasonable excuse for the failure to appear and a potentially meritorious cause of action?" | 033967.docx | LEGALEASE-00142913-LEGALEASE-00142915 |
| Wishard Mem'l Hosp. v. Kerr, 846 N.E.2d 1083 | 413+2 | The exclusive remedies provided in the Worker's Compensation Act are in derogation of common law, and a statute that is in derogation of common law must be strictly construed against limitations on a claimant's right to bring suit. West's A.I.C. 22-3-2-6. | "Are the remedies provided in the Workers Compensation Act in derogation of common law, and must the statute be strictly construed against limitations on a claimants right to bring suit?" | 048110.docx | LEGALEASE-00142682-LEGALEASE-00142683 |
| Peoples Bank v. Frazee, 318 S.W.3d 121 | 307A+683 | Generally, when personal jurisdiction is contested by the filing of a motion to dismiss an action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. | "Generally, when personal jurisdiction is contested by the filing of a motion to dismiss an action, does the plaintiff bear the burden of establishing that the defendant's contacts with the forum state were sufficient?" | Pretrial Procedure - Memo # 5539 - C - PB.docx | ROSS-003289566-ROSS-003289567 |
| Wilson v. McNeely, 302 Ga. App. 213 | 307A+746 | The trial court must have the power to impose appropriate sanctions to make effective its pre-trial orders; contempt may at times be proper, whereas, in an extreme case, the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, although these remedies are too drastic if less harsh sanctions are appropriate. | Can contempt be proper as a sanction for a violation of a trial court's pretrial order? | Pretrial Procedure - Memo # 5809 - C - SB.docx | LEGALEASE-00033937-LEGALEASE-00033938 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Suarez v. Benihana Nat. of Florida Corp., 88 So. 3d 349 | 307A+563 | When reviewing a case for fraud on the court, the trial court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. | "When reviewing a case for fraud on the court, should the trial court consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits?" | Pretrial Procedure - Memo # 6595 - C - SHB.docx | ROSS-003288387-ROSS-003288388 |
| Bartles v. Hinkle, 196 W. Va. 381 | 92+3954 | Although Rules of Civil Procedure do not formally require any particular procedure, before issuing sanction, court must ensure it has adequate foundation either pursuant to rules or by virtue of its inherent powers to exercise its authority; due process clause of State Constitution requires that there exist relationship between sanctioned party's misconduct and matters in controversy such that transgression threatens to interfere with rightful decision of case, and thus, court must ensure that any sanction imposed is fashioned to address identified harm caused by party's misconduct. Const. Art. 3, S 10; Rules Civ.Proc., Rules 11, 16, 37. | Must a court ensure it has an adequate foundation either pursuant to rules or by virtue of its inherent powers to exercise its authority? | Pretrial Procedure - Memo # 6611 - C - KG.docx | ROSS-003289766-ROSS-003289767 |
| People ex rel. Schneiderman v. Frisco Mktg. of N.Y. LLC, 93 A.D.3d 1352 | 307A+554 | In order to defeat motion to dismiss based upon lack of personal jurisdiction, plaintiff need only demonstrate that facts may exist to exercise personal jurisdiction over defendants. | "In order to defeat motion to dismiss based upon lack of personal jurisdiction, need a plaintiff only demonstrate that facts may exist to exercise personal jurisdiction over defendants?" | Pretrial Procedure - Memo # 6791 - C - VA.docx | ROSS-003302847-ROSS-003302849 |
| Wenwei Sun v. Aviles, 53 So. 3d 1075 | 307A+563 | Although trial courts have the inherent authority to dismiss actions based on fraud and collusion, that power should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. | "Should the authority to dismiss actions for fraud or collusion be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing?" | Pretrial Procedure - Memo # 6832 - C - PB.docx | ROSS-003289391-ROSS-003289392 |
| Karuk Tribe of California v. U.S. Forest Serv., 640 F.3d 979 | 260+9 | The Mining Law and the Organic Administration Act give miners a statutory right, not mere privilege, to enter the national forests for mining purposes, but Congress has subjected that right to environmental regulation. Lieu Lands Act, S 1, 16 U.S.C.A. SS 478, 482, 551; 30 U.S.C.A. S 22. | Do the Mining Law and Organic Act give miners a statutory right or mere privilege to enter the national forests for mining purposes? | 021440.docx | LEGALEASE-00146028-LEGALEASE-00146029 |
| Hale v. Cottrell, 456 S.W.3d 481 | 307A+563 | Fraud on the court, as could support sanction of dismissal, may occur when a party knowingly makes a representation to another that is false and material for the person to rely upon it, and the person, not knowing that the representation is false, justly relies on it to the person's injury. | "Can fraud on the court, as could support sanction of dismissal occur when a party knowingly makes a representation to another that is false and material for the person to rely upon it?" | 034078.docx | LEGALEASE-00145228-LEGALEASE-00145229 |
| Moransais v. Jordan, 870 So. 2d 177 | 307A+590.1 | The "record activity" required to survive dismissal of an action for lack of prosecution must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | "Should the ""record activity"" required to survive dismissal of an action for lack of prosecution be more than a mere passive effort to keep the case on the docket?" | 035122.docx | LEGALEASE-00146138-LEGALEASE-00146139 |
| Wheeler v. State, 160 Md. App. 566 | 307A+552 | A case should not be dismissed as moot if the case presents unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct, or the issue presented is capable of repetition, yet evading review. | "Should a case be dismissed as moot if the case presents unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct?" | 035229.docx | LEGALEASE-00145901-LEGALEASE-00145902 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mistich v. Com., Pa. Bd. of Prob. & Parole, 863 A.2d 116 | 307A+552 | The existence of a case or controversy, precluding dismissal of matter as moot, requires (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution. | "Does the existence of a case or controversy, precluding dismissal of matter as moot, require a legal controversy that is real and not hypothetical?" | 035306.docx | LEGALEASE-00145651-LEGALEASE-00145652 |
| Cross v. Pumpco, 910 So. 2d 324 | 307A+563 | Except in the most extreme cases, where it appears that the process of trial has itself been subverted, factual inconsistencies, and even false statements, are well managed through the use of impeachment and traditional discovery sanctions and do not warrant dismissal of a complaint. | "Except in the most extreme cases, are factual inconsistencies, and even false statements, well managed through the use of impeachment and traditional discovery sanctions?" | 035315.docx | LEGALEASE-00146216-LEGALEASE-00146217 |
| New Image Contractors v. Vill. at Mariner's Point L.P., 86 Conn. App. 692 | 307A+552 | "Mootness" is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties; it presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. | Is mootness a threshold issue that implicates subject matter jurisdiction and which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties? | 035316.docx | LEGALEASE-00146234-LEGALEASE-00146235 |
| Granados v. Zehr, 979 So. 2d 1155 | 307A+563 | Allegations of inconsistency, nondisclosure, and even falseness are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action based on an alleged fraud upon the court. | "Are allegations of inconsistency, nondisclosure, and even falseness, best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment?" | 035361.docx | LEGALEASE-00145999-LEGALEASE-00146000 |
| Williams v. Akzo Nobel Chemicals, 999 S.W.2d 836 | 102+2 | To determine whether sanctions are just, the reviewing court applies a two-prong test: the first prong requires that a direct relationship exist between the offensive conduct and the sanction imposed, and the trial court should attempt to determine if the offensive conduct is attributable to the attorney, the party, or both, and the second prong requires that the sanctions be no more severe than necessary to satisfy legitimate purposes. | What is the test of whether a sanction imposed by a trial court is just? | Pretrial Procedure - Memo # 7444 - C - KG.docx | ROSS-003329182-ROSS-003329183 |
| Harris v. Vitale, 2014 IL App (1st) 123514 | 307A+679 | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint that defeats the cause of action; the court construes the pleadings and any supporting documentary evidence in the light most favorable to the nonmoving party. S.H.A. 735 ILCS 5/2-619. | Can a motion for involuntary dismissal assert affirmative matter outside the complaint that defeats the cause of action? | 036307.docx | LEGALEASE-00146682-LEGALEASE-00146683 |
| Farmers' & Mechanics' Nat. Bank v. Dearing, 91 U.S. 29 | 371+2005 | States have no power, against the national will, by taxation or otherwise, to retard, impede, burthen, or in any manner control, the operation of the constitutional laws enacted by Congress to carry into execution the powers vested in the General Government. | "Do States have power by taxation to control, the operation of the constitutional laws enacted by Congress to carry into execution the powers vested in the General Government?" | 045811.docx | LEGALEASE-00146130-LEGALEASE-00146131 |
| Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596 | 307A+563 | "Fraud on the court" occurs where party tampers with fair administration of justice by deceiving institutions set up to protect and safeguard public or otherwise abusing or undermining integrity of judicial process. | "Does ""fraud on the court"" occur where party tampers with fair administration of justice by deceiving institutions set up to protect and safeguard the public?" | 034888.docx | LEGALEASE-00146752-LEGALEASE-00146753 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Evans v. Empire Dist. Elec. Co., 346 S.W.3d 313 | 307A+561.1 | A pre-trial dismissal based on an affirmative defense must be granted under the standards of summary judgment; an exception exists, however, whereby a defendant may properly file a motion to dismiss for failure to state a claim when it appears from the face of the petition that an affirmative defense is applicable. V.A.M.R. 55.27(a)(6). | Is there an exception for a pre-trial dismissal to be granted based on an affirmative defense? | 10993.docx | LEGALEASE-00094031-LEGALEASE-00094032 |
| Galt v. Woliver, 103 Ill. App. 71 | 200+181 | It was unlawful to leave standing on public highway from one to four months machine whose appearance was calculated to frighten ordinarily gentle horses passing by, and person doing so was liable to person who in exercise of due care was injured by actions of ordinarily gentle horse caused by his fright at obstruction. | Is a person liable for leaving an obstruction or a machine in a public highway for an unreasonable time? | 018640.docx | LEGALEASE-00147827-LEGALEASE-00147828 |
| Heist v. Jacoby, 71 Neb. 395 | 200+181 | One who permits young hogs of about 100 pounds weight to go at large on his own premises, so that they wander across the highway to a neighbor's cornfield, and in running back frighten a passer's horses, is not liable for injuries to the wagon and the person, produced by such fright. | "Can one permit hogs to wander across the highway which frightens a horse, be made liable for injuries?" | 09981.docx | LEGALEASE-00095302-LEGALEASE-00095303 |
| Trans World Airlines v. Hughes, 332 F.2d 602 | 170A+1451 | The sanction of judgment by default for failure to comply with discovery orders is the most severe sanction, which the court may apply, and its use must be tempered by careful exercise of judicial discretion to assure that its imposition is merited; however, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and efficient administration of justice, application of even so stringent a sanction is fully justified and should not be disturbed. Fed.Rules Civ.Proc. rule 37, 28 U.S.C.A. | "Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders, is a stringent sanction as an entry of a default judgment fully justified?" | Pretrial Procedure - Memo # 7458 - C - SN.docx | LEGALEASE-00037080-LEGALEASE-00037081 |
| CPI Mfg. Co. v. Industrias St. Jack's, S.A. De C.V., 870 So. 2d 89 | 307A+594.1 | Resolution of a motion to dismiss for failure to prosecute involves a two-step process: first, the defendant is required to show there has been no record activity for one year preceding the motion; second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should remain pending. West's F.S.A. RCP Rule 1.420(e). | Does the resolution of a motion to dismiss for failure to prosecute involve a two-step process? | Pretrial Procedure - Memo # 7500 - C - SHS_57538.docx | ROSS-003278874 |
| In re Marriage of Vaughn, 403 Ill. App. 3d 830 | 307A+561.1 | The phrase "affirmative matter," as used in rule governing involuntary dismissal based on certain defects or defenses, encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action, but where the "affirmative matter" is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint, the rule should not be used. S.H.A. 735 ILCS 5/2-619. | Does an affirmative matter include evidence upon which defendant expects to contest an ultimate fact stated in the complaint? | 10943.docx | LEGALEASE-00094299-LEGALEASE-00094300 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pruitt v. Pruitt, 2013 IL App (1st) 130032 | 307A+683 | Once a defendant satisfies the initial burden of going forward on a motion to dismiss on ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is unfounded or requires the resolution of an essential element of material fact before it is proven; the plaintiff may establish this by presenting affidavits or other proof. S.H.A. 735 ILCS 5/2-619(a)(9), (c). | "When the defendant satisfies the initial burden in a motion to dismiss on affirmative defense, does the burden gets shifted to the plaintiff?" | Pretrial Procedure - Memo # 7571 - C - SK_57558.docx | ROSS-003307767-ROSS-003307769 |
| Pruitt v. Pruitt, 2013 IL App (1st) 130032 | 307A+683 | Once a defendant satisfies the initial burden of going forward on a motion to dismiss on ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is unfounded or requires the resolution of an essential element of material fact before it is proven; the plaintiff may establish this by presenting affidavits or other proof. S.H.A. 735 ILCS 5/2-619(a)(9), (c). | Will the burden shift to the plaintiff once the defendant satisfies the initial burden of presenting affirmative matter? | 11024.docx | LEGALEASE-00094349-LEGALEASE-00094350 |
| Andrews v. Marriott Int'l, 2016 IL App (1st) 122731 | 307A+561.1 | Under statute allowing involuntary dismissal of a claim where the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, "affirmative matter" is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | "Would a defendant's compliance with the controlling statute be an ""affirmative matter"" warranting dismissal of the complaint?" | 036222.docx | LEGALEASE-00147543-LEGALEASE-00147544 |
| Patton v. Kera Tech., 895 So. 2d 1175 | 307A+590.1 | Where a proposed order directed to a dispositive motion is submitted for review, a court generally retains jurisdiction over the case until the order becomes final, and in that regard, the court has "unfinished business" for purposes of a motion to dismiss for lack of prosecution. | "Where a proposed order directed to a dispositive motion is submitted for review, does a court generally retain jurisdiction over the case until the order becomes final?" | Pretrial Procedure - Memo # 7899 - C - DA_57589.docx | ROSS-003278793-ROSS-003278794 |
| In re Estate of Schumann, 2016 IL App (4th) 150844 | 307A+561.1 | Lack of standing qualifies as an "affirmative matter" within the meaning of the rule permitting involuntary dismissal when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | "Would lack of standing qualify as an ""affirmative matter"" permitting involuntary dismissal when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim?" | 036323.docx | LEGALEASE-00147636-LEGALEASE-00147637 |
| Republic Ins. Co. v. PAICO Receivables, 383 F.3d 341 | 25T+182(2) | Where a party fails to demand arbitration, and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been prejudiced. | "Where a party fails to demand arbitration and engages in pretrial activity inconsistent with intent to arbitrate, can the party opposing a motion to compel arbitration show that its position has been prejudiced?" | Alternative Dispute Resolution - Memo 780 - RK_58113.docx | ROSS-003280104-ROSS-003280106 |
| United States v. Pompey, 445 F.2d 1313 | 34+20.6(6) | In order to qualify for a "ministerial exemption," registrant must show a regularity of religious preaching and teaching, the ministry must be his main and primary calling, that is his vocation rather than avocation, and his standing in his congregation must be recognized as that of a minister or leader of a group of lesser members. Military Selective Service Act of 1967, SS 6(g), 16(g) (1-3), 50 U.S.C.A. App. SS 456(g), 466(g) (1-3). | Does a registrant have to establish a regularity of religious preaching and teaching to qualify for a ministerial exemption? | 008752.docx | LEGALEASE-00148757-LEGALEASE-00148759 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McDonald v. Hanahan, 328 Mass. 539 | 8.30E+56 | To constitute a good promissory note, there should be deducible from its face a written promise to pay money, yet that promise need not be expressed in any particular form of words, and it would be enough if from language used a written undertaking to pay may be fairly inferred. | Should a written promise which need not be expressed in any particular form of words constitute a good promissory note? | 010474.docx | LEGALEASE-00148733-LEGALEASE-00148734 |
| Reoforce v. United States, 119 Fed. Cl. 1 | 260+17(1) | The test to qualify a valuable mineral deposit against the United States under federal General Mining Law is not merely physical presence of a mineral, but the prudent person test, which states that the discovered deposits must be of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine; implied in this test is the complementary marketability test, which evaluates whether the mine can be operated and minerals sold at a profit. 30 U.S.C.A. S 22. | "To qualify as valuable mineral deposits', what is the prudent person test or prudent man test for discovered deposits?" | 021181.docx | LEGALEASE-00148215-LEGALEASE-00148216 |
| Miller v. Nelms, 966 So. 2d 437 | 307A+563 | While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, that is the most severe of sanctions and the court must carefully adhere to established due process, adversarial practice, and evidentiary rules when doing so. | "While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, is that the most severe of sanctions and the court must carefully adhere to established due process?" | Pretrial Procedure - Memo # 7102 - C - DA_57776.docx | ROSS-003280035-ROSS-003280036 |
| Rogers v. Gann, 982 So. 2d 1105 | 307A+690 | A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can a court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | Pretrial Procedure - Memo # 8007 - C - DHA_58363.docx | ROSS-003321193-ROSS-003321194 |
| Bellew v. Grady, 744 So. 2d 913 | 307A+690 | Trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can a court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | Pretrial Procedure - Memo # 8007 - C - DHA.docx | LEGALEASE-00038677-LEGALEASE-00038678 |
| Potts v. Starr, 76 S.D. 91 | 307A+581 | "Unreasonable neglect" and "unreasonable delay" are of same meaning and both depend upon particular facts and circumstances to which they are applied, and as used in statute authorizing dismissal of complaint in case of plaintiff's unreasonable neglect to proceed, they imply omission to do something which party might do and might reasonably be expected to do towards vindication or enforcement of his right. S.D.C. 33.1704(4). | Is an unreasonable and unexplained delay defined as an omission to do something which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights? | 036333.docx | LEGALEASE-00149297-LEGALEASE-00149298 |
| Foy v. Hunter, 106 N.C. App. 614 | 46H+1240 | Under civil procedure rule, trial court may enter sanctions for failure to prosecute only when plaintiff or his attorney manifests an intention to thwart progress of the action to its conclusion or fails to progress the action toward its conclusion by engaging in some delaying tactic; whether plaintiff or his attorney have manifested such an intent or has engaged in some delaying tactic may be inferred from facts surrounding delay in prosecution of the case. Rules Civ.Proc., Rule 41(b), G.S. S 1A-1. | Can a court enter sanctions only where the plaintiff or his attorney manifests an intent to thwart the progress of the action or engages in some delaying tactic? | 036621.docx | LEGALEASE-00149343-LEGALEASE-00149344 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Trivette v. Yount, 217 N.C. App. 477 | 413+2 | The purpose of the North Carolina Worker's Compensation Act is to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law. | Does the purpose of the Workmen's Compensation Act is to provide certain limited benefits to injured employees regardless of negligence on the part of the employer? | 048402.docx | LEGALEASE-00149951-LEGALEASE-00149952 |
| K's Merch. Mart v. Northgate Ltd. P'ship, 359 Ill. App. 3d 1137 | 156+14 | An "estoppel certificate" is a signed statement by a party, such as a tenant or mortgagee, certifying for another's benefit that certain facts are correct, as that a lease exists, that there are no defaults, and that rent is paid to a certain date. | "Is an estoppel certificate a signed statement by a party certifying for another's benefit that certain facts are correct, that there are no defaults, and that rent is paid to a certain date?" | Estoppel - Memo #35 - C - CSS_59024.docx | ROSS-003294484 |
| Hall v. Metro. Dade Cty., 760 So. 2d 1051 | 307A+581 | The inquiry on a motion for lack of prosecution involves a two-step inquiry: first, the defendant is required to show there has been no record activity for the year preceding the motion, and second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | Does the inquiry on a motion to dismiss for lack of prosecution require the defendant to show there has been no record activity for the year preceding the motion? | Pretrial Procedure - Memo # 8206 - C - NC_58781.docx | ROSS-003282523-ROSS-003282524 |
| James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Is judgment of non pros properly entered when the delay has caused some prejudice to the adverse party? | 037278.docx | LEGALEASE-00150752-LEGALEASE-00150753 |
| Grund v. Donegan, 298 Ill. App. 3d 1034 | 307A+561.1 | A motion seeking involuntary dismissal of a claim based upon certain specified defenses raises the question of whether there is a genuine issue of material fact and whether the defendant is entitled to judgment as a matter of law. S.H.A. 735 ILCS 5/2-619. | Would a motion raise the question when there is a genuine issue of material fact and if the defendant is entitled to judgment as a matter of law? | 037280.docx | LEGALEASE-00150720-LEGALEASE-00150721 |
| People v. Salazar, 108 Cal. App. 3d 992 | 129+108 | Disorderly conduct statute, providing that a person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, the person obstructs vehicular or pedestrian traffic, punishes disruptive behavior of a public rather than individual dimension. McKinney's Penal Law S 240.20(5). | "Can a person who recklessly created a risk of public inconvenience, annoyance, or alarm by obstructing traffic be convicted for disorderly conduct?" | 014345.docx | LEGALEASE-00150930-LEGALEASE-00150931 |
| Carver v. Nall, 186 Ill. 2d 554 | 307A+624 | When ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party; court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. S.H.A. 735 ILCS 5/2-619(a). | "In ruling on a motion for involuntary dismissal, should the circuit court interpret all pleadings and supporting documents in the light most favorable to the nonmoving party?" | 037076.docx | LEGALEASE-00150790-LEGALEASE-00150791 |
| Gatrell v. Kurtz, 207 P.3d 916 | 307A+679 | In evaluating a motion to dismiss for failure to state a claim, the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. Rules Civ.Proc., Rule 12(b)(5). | "In ruling on a motion to dismiss for failure to state a claim, should the court accept the factual allegations contained in the complaint as true?" | Pretrial Procedure - Memo # 8476 - C - SKG_59175.docx | ROSS-003308059-ROSS-003308060 |
| Rodefer v. McCarthy, 2015-Ohio-3052 | 307A+679 | In deciding on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff. Rules Civ.Proc., Rule 12(B)(6). | "In analyzing the legal sufficiency of a complaint when deciding a motion to dismiss for failure to state a claim, should a court presume that all factual allegations in the complaint are true?" | 037230.docx | LEGALEASE-00151092-LEGALEASE-00151093 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Inst. for Bus. Planning v. Standard Life & Acc. Ins. Co., 242 F. Supp. 100 | 308+99 | To establish that agent had apparent authority to do act, principal must have manifested his consent to exercise of such authority or have knowingly permitted agent to exercise such authority, third person must know of facts and, acting in good faith, have reason to believe and actually believe that agent possessed such authority, and third person relying on appearance of authority must change his position and be injured or suffer loss. | To establish apparent authority should a principal manifest his consent to exercise that authority? | Principal and Agent - Memo 173 - KC_59455.docx | ROSS-003295197-ROSS-003295198 |
| Swenson v. Sanborn Cty. Farmers Union Oil Co., 594 N.W.2d 339 | 307A+581 | Dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | When the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude should dismissal of the cause of action for failure to prosecute be granted? | Pretrial Procedure - Memo # 8606 - C - SJ_59678.docx | ROSS-003280459-ROSS-003280460 |
| Rogers v. Gann, 982 So. 2d 1105 | 30+3206 | Dismissal of an action for want of prosecution is a drastic sanction; accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. | Do courts scrutinize any order terminating an action for want of prosecution and do they hesitate to set one aside when they find an abuse of discretion? | 037441.docx | LEGALEASE-00151729-LEGALEASE-00151730 |
| Gatrell v. Kurtz, 207 P.3d 916 | 307A+679 | In evaluating a motion to dismiss for failure to state a claim, the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. Rules Civ.Proc., Rule 12(b)(5). | "In evaluating a motion to dismiss for failure to state a claim, should the court accept the material allegations of the complaint as true?" | Pretrial Procedure - Memo # 8685 - C - MS_59724.docx | ROSS-003296523-ROSS-003296524 |
| Mathews v. Diaz, 426 U.S. 67 | 24+120 | The fact that all persons, aliens and citizens alike, are protected by the due process clause does not lead to the further conclusion that all aliens are entitled to enjoy all of the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14. | Does the fact that aliens are protected by the Due Process Clause lead to a conclusion that all aliens are entitled to enjoy all the advantages of citizenship? | "Aliens, Immigration and Citizenship - Memo 44 - RK_60130.docx" | ROSS-003307404-ROSS-003307405 |
| Feeley v. D.C., 220 A.2d 325 | 129+132 | Disorderly conduct statute does not impinge upon exercise of free speech, free assembly, and right to petition the government for redress of grievances; the statute does no more than give police the right within reasonable limitations to keep public sidewalks free of unnecessary obstructions and prevent groups from congregating in way that breach of peace may result. D.C.Code 1961, S 22-1121. | "Does police have the right, within reasonable limitations, to keep the public sidewalks free of unnecessary obstructions?" | 010395.docx | LEGALEASE-00152059-LEGALEASE-00152060 |
| Young v. HealthPort Techs., 877 N.W.2d 124 | 307A+680 | To survive a motion to dismiss for the failure to state a claim on which relief may be granted, the petition need not allege the ultimate facts to support each element of a cause of action; however, it must contain factual allegations sufficient to give the defendant fair notice of each claim asserted so the defendant can adequately respond, and the allegations satisfy this "fair notice" requirement if the petition informs the defendant of the general nature of claim and the incident giving rise to it. I.C.A. Rule 1.421(1)(f). | "To survive a motion to dismiss for the failure to state a claim on which relief can be granted, should the petition not allege the ultimate facts to support each element of a cause of action?" | Pretrial Procedure - Memo # 8703 - C - KBM_59740.docx | ROSS-003281691-ROSS-003281692 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mackey v. Cannon, 996 P.2d 1081 | 307A+622 | The courts are a forum for settling controversies, and if there is any doubt about whether a claim should be dismissed for the lack of a factual basis, the issue should be resolved in favor of giving the party an opportunity to present its proof. Rules Civ.Proc., Rule 12(b)(6). | "If there is any doubt about whether a claim should be dismissed for lack of factual basis, should the issue be resolved in favor of giving the party an opportunity to present its proof?" | Pretrial Procedure - Memo # 8797 - C - KBM_59796.docx | ROSS-003280900-ROSS-003280901 |
| SES Indus. v. Intertrade Packaging Mach. Corp., 236 Ga. App. 418 | 307A+680 | If a motion to dismiss for lack of personal jurisdiction is decided on the basis of written submissions alone, disputes of fact found in the affidavits are resolved in favor of plaintiff. O.C.G.A. S 9-10-91. | "If a motion to dismiss for lack of personal jurisdiction is decided on the basis of written submissions alone, are disputes of fact found in the affidavits resolved in favor of a plaintiff?" | 037772.docx | LEGALEASE-00151919-LEGALEASE-00151920 |
| Bellew v. Grady, 744 So. 2d 913 | 307A+690 | Trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can court dismiss an action, with prejudice, for lack of prosecution when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | 037809.docx | LEGALEASE-00152008-LEGALEASE-00152009 |
| Galt v. Woliver, 103 Ill. App. 71 | 200+181 | It was unlawful to leave standing on public highway from one to four months machine whose appearance was calculated to frighten ordinarily gentle horses passing by, and person doing so was liable to person who in exercise of due care was injured by actions of ordinarily gentle horse caused by his fright at obstruction. | "Is a person liable for leaving an obstruction, or a machine in a public highway?" | 019150.docx | LEGALEASE-00153606-LEGALEASE-00153608 |
| Spencer v. Lombardi, 500 S.W.3d 885 | 307A+679 | On a motion to dismiss for failure to state a claim, a court reviews a petition in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted in that case. | "Does a court review the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case?" | Pretrial Procedure - Memo # 8902 - C - UG_60361.docx | ROSS-003279949-ROSS-003279950 |
| Caravousanos v. Kings Cty. Hosp., 74 A.D.3d 716 | 307A+622 | In considering motion to dismiss complaint for failure to state cause of action, court should accept facts as alleged in complaint as true, accord plaintiffs benefit of every possible favorable inference, and determine only whether facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "When considering motion to dismiss, should a court accept facts alleged in a complaint as true?" | 038199.docx | LEGALEASE-00153165-LEGALEASE-00153166 |
| Nicita v. City of Detroit, 216 Mich. App. 746 | 307A+624 | On motion for summary disposition for failure to state defense, well pleaded allegations are accepted as true and the test is whether defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery. MCR 2.116(C)(9). | "On a motion for summary disposition for failure to state defense, are well pleaded allegations accepted as true?" | Pretrial Procedure - Memo # 9040 - C - MS_60446.docx | ROSS-003282312-ROSS-003282313 |
| RRC Ne. v. BAA Maryland, 413 Md. 638 | 307A+622 | Consideration of the universe of facts pertinent to court's analysis of motion to dismiss for failure to state a claim is limited generally to the four corners of the complaint and its incorporated supporting exhibits, if any. | Is the consideration of the universe of facts pertinent to courts analysis of motion to dismiss for failure to state a claim limited generally to the four corners of the complaint and its incorporated supporting exhibits? | 038298.docx | LEGALEASE-00152937-LEGALEASE-00152938 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Broad St. in Sewickley Borough, 165 Pa. 475 | 371+2060 | Taxes proper or general taxes proceed upon the theory that the existence of government is a necessity; that it cannot continue without means to pay its expenses; that for those means it has the right to compel all citizens and property within its limits to contribute, and that for such contribution it renders no return of special benefit to any property, but only secures to the citizen that general benefit which results from protection to his person and property. * * * On the other hand, special assessments or special taxes proceed upon the theory that when a local improvement enhances the value of neighboring property that property should pay for the improvements. | What theory does general tax proceed upon? | 046012.docx | LEGALEASE-00153301-LEGALEASE-00153302 |
| C.I.R. v. Court Holding Co., 324 U.S. 331 | 220+3231 | The tax consequences which arise from gains from a sale of property are not finally to be determined solely by the means employed to transfer legal title, but, rather, the transaction must be viewed as a whole, and each step, from commencement of negotiations to consummation of sale, is relevant. | "Does the court view a property transaction as a whole and its each step, from the commencement of negotiations to the consummation of the sale, as relevant aspects?" | 018318.docx | LEGALEASE-00154625-LEGALEASE-00154626 |
| Rodefer v. McCarthy, 2015-Ohio-3052 | 307A+679 | In deciding on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff. Rules Civ.Proc., Rule 12(B)(6). | "In ruling on a motion to dismiss for failure to state a claim, should the court construe the complaint in the light most favorable to the plaintiff?" | 038465.docx | LEGALEASE-00154386-LEGALEASE-00154387 |
| Gray v. Schenectady City Sch. Dist., 86 A.D.3d 771 | 307A+685 | In deciding a motion to dismiss for failure to state a cause of action, a court may consider evidentiary material submitted by a plaintiff to remedy defects in complaint, but the court should not rely on evidence submitted by proponent of motion as a basis for dismissal unless evidence conclusively establishes falsity of alleged fact. McKinney's CPLR 3211(a)(7). | "On motion to dismiss cause of action, can factual materials be considered to remedy defects in allegations made in complaint or petition?" | Pretrial Procedure - Memo # 9413 - C - PC.docx | LEGALEASE-00044211-LEGALEASE-00044212 |
| Belsky v. Lowell, 117 A.D.2d 575 | 307A+581 | Drastic penalty of dismissal for failure to prosecute requires balanced consideration of all relevant factors before imposition, including merit or lack of merit of action, extent of delay, prejudice or lack of prejudice to defendants and intent or lack of intent to deliberately default or abandon action, as well as strong public policy favoring disposition on the merits. | What factors should be considered before imposition of drastic penalty of dismissal for failure to prosecute? | Pretrial Procedure - Memo # 9462 - C - SPB_60954.docx | ROSS-003294495-ROSS-003294496 |
| Sustala v. El-Romman, 712 S.W.2d 164 | 307A+581 | Trial court may consider entire history of case, including any past lack of diligence exhibited by plaintiff, in contemplation of motion to dismiss for want of prosecution. | "Should the court consider the entire history of case, including any past lack of diligence exhibited by plaintiff, in contemplation of motion to dismiss for want of prosecution?" | 038810.docx | LEGALEASE-00154091-LEGALEASE-00154092 |
| Boazman v. Economics Laboratory, 537 F.2d 210 | 170A+1827.1 | Dismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances where there is a clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice. Fed.Rules Civ.Proc. rule 41(b), 28 U.S.C.A. | Is dismissal of complaint to be used only in extreme circumstances where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice? | Pretrial Procedure - Memo # 9507 - C - DHA_61102.docx | ROSS-003280482-ROSS-003280483 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chenango Contracting v. Hughes Assocs., Landscape Architects PLLC, 128 A.D.3d 1150 | 307A+685 | When dismissal is sought for failure to state a cause of action and plaintiff submits affidavits, a court may freely consider those affidavits and the criterion is whether the proponent of the pleading has a cause of action, not whether he or she hasstated one. McKinney's CPLR 3211(a)(7). | "When dismissal is sought for failure to state a cause of action and plaintiff submits affidavits, can a court freely consider those affidavits and the criterion is whether the proponent of the pleading has a cause of action?" | Pretrial Procedure - Memo # 9554 - C - UG_61173.docx | ROSS-003308802-ROSS-003308804 |
| Cowen v. Bank United of Texas, FSB, 70 F.3d 937 | 172H+1579 | Federal Reserve Board's "official staff commentary" that states that fee for courier service charged by settlement agent to send document to title company or some other party is not finance charge, provided that creditor has not required use of courier or retained the charge, is entitled to some weight as interpretation of statute, despite complaint that it was issued after transaction at issue in case. 12 C.F.R. Pt. 226, Supp. I comment. | Can a fee for courier service charged by a settlement agent be considered as a finance charge if the creditor has not retained the charge? | Consumer Credit - Memo 75 - JK.docx | LEGALEASE-00044735-LEGALEASE-00044736 |
| City of Fort Wayne v. Sw. Allen Cty. Fire Prot. Dist., 82 N.E.3d 299 | 307A+684 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can a trial court consider not only the complaint and motion but also any affidavits or evidence submitted in support?" | 039346.docx | LEGALEASE-00154879-LEGALEASE-00154880 |
| Leggett v. Missouri State Life Ins. Co., 342 S.W.2d 833 | 371+2002 | Fees prescribed by law to be paid to public officers for services rendered in connection with a specific purpose ordinarily are not taxes, unless object is to raise revenue to be paid into general fund of government to defray customary governmental expenditures, rather than to compensate public officers for particular services rendered. Section 374.220(1) RSMo 1949, V.A.M.S. | Are fees or charges prescribed by law to be paid by certain individuals to public officers taxes? | 046120.docx | LEGALEASE-00155827-LEGALEASE-00155828 |
| Butler v. Magnet Sports & Entm't Lounge, 135 A.D.3d 680 | 307A+683 | In considering a motion to dismiss for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory; if the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | "When dismissal is sought for failure to state a cause of action, will the court accept the facts as alleged in the complaint as true?" | 024461.docx | LEGALEASE-00156373-LEGALEASE-00156374 |
| Cook v. Fergus Elec. Co-op., 235 Mont. 173 | 307A+581 | Defendant may request involuntary dismissal of civil action where plaintiff fails to exercise due diligence, absent sufficient showing of excuse, in bringing his or her case to trial. Rules Civ.Proc., Rule 41(b). | "Can defendant request involuntary dismissal of civil action where plaintiff fails to exercise due diligence, in bringing his or her case to trial?" | 024510.docx | LEGALEASE-00156385-LEGALEASE-00156386 |
| Vosbein v. Bellias, 866 So. 2d 489 | 307A+690 | Dismissal with prejudice for failure to prosecute is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his or her claim and is reserved for the most egregious cases, usually where clear delay and ineffective lesser sanctions are present. Rules Civ.Proc., Rule 41(b). | Is dismissal with prejudice for failure to prosecute an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his or her claim and is reserved for the most egregious cases? | Pretrial Procedure - Memo # 10369 - C - NC_62094.docx | ROSS-003295575-ROSS-003295576 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hanson v. Griffiths, 204 Misc. 736 | 371+2002 | Generally speaking "taxes" are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, whereas charges are sustainable as "fees" where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. | "If a charge is imposed upon a person to defray the cost of particular services rendered for his account, is the charge a tax?" | 046134.docx | LEGALEASE-00156365-LEGALEASE-00156366 |
| Dorchester House Assocs. Ltd. P'ship v. D.C. Rental Hous. Comm'n, 913 A.2d 1260 | 307A+690 | A plaintiff must be given an opportunity to withdraw his motion to dismiss without prejudice and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice. Civil Rule 41(b). | Should a plaintiff be given an opportunity to withdraw his motion to dismiss without prejudice and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice? | Pretrial Procedure - Memo # 10522 - C - SK_62422.docx | ROSS-003310389-ROSS-003310390 |
| Southview Co-op. Hous. Corp. v. Rent Control Bd. of Cambridge, 396 Mass. 395 | 371+2002 | In determining whether regulatory charges are fees rather than taxes, reasonable latitude must be given to agency in fixing charges to cover its anticipated expenses in connection with services to be rendered. | "In determining whether regulatory charges are fees rather than taxes, should reasonable latitude be given to the agency in fixing charges to cover its anticipated expenses?" | 046147.docx | LEGALEASE-00156448-LEGALEASE-00156449 |
| Griffin v. Universal Cas. Co., 274 Ill. App. 3d 1056 | 307A+685 | Once defendant meets burden of presenting affirmative matter in support of motion to dismiss through sufficient affidavits, burden shifts to plaintiff to file counteraffidavit to refute evidentiary facts in defendant's supporting affidavit; otherwise, those facts are deemed admitted. S.H.A. 735 ILCS 5/2-619. | "Once a defendant meets a burden of presenting affirmative matter in support of motion to dismiss through sufficient affidavits, does the burden shift to a plaintiff to file a counter affidavit to refute evidentiary facts?" | 024863.docx | LEGALEASE-00156811-LEGALEASE-00156812 |
| Ex parte Puccio, 923 So. 2d 1069 | 307A+693.1 | A denial of a motion to dismiss for lack of personal jurisdiction is interlocutory and preliminary only; after such a denial, the continuation of personal jurisdiction over a defendant who appropriately persists in challenging it in the defendant's answer to the complaint and by motion for summary judgment or at trial depends on the introduction of substantial evidence to prove the plaintiff's jurisdictional allegations in the plaintiff's complaint. Rules Civ.Proc., Rule 12(b)(2). | Is a denial of a motion to dismiss for lack of personal jurisdiction interlocutory and preliminary only? | 025163.docx | LEGALEASE-00157191-LEGALEASE-00157192 |
| In re Gen. Motors Corp., 296 S.W.3d 813 | 307A+581 | A trial court may dismiss for want of prosecution when any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or when a case is not disposed within the time standards promulgated by the supreme court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Can a court dismiss for want of prosecution, when any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice?" | Pretrial Procedure - Memo # 10725 - C - KG_63258.docx | ROSS-003283209-ROSS-003283210 |
| Burton v. Airborne Exp., 367 Ill. App. 3d 1026 | 307A+686.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of a plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the complaint's face or that are established by external submissions acting to defeat the complaint's allegations. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss based on certain defects or defenses admit the legal sufficiency of a plaintiff's allegations? | 025373.docx | LEGALEASE-00157450-LEGALEASE-00157451 |
| Dinerstein v. Evanston Athletic Clubs, 2016 IL App (1st) 153388 | 307A+561.1 | Under rule permitting dismissal of a claim when the claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the affirmative matter must be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials. S.H.A. 735 ILCS 5/2-619(a)(9). | Should the affirmative matter be apparent on the face of the complaint or supported by affidavits or evidence when the claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim? | 025383.docx | LEGALEASE-00157530-LEGALEASE-00157531 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vozniak v. Winans, 191 W. Va. 228 | 307A+699 | To reinstate cause of action which has been dismissed for failure to prosecute, plaintiff must move for reinstatement within three terms of entry of dismissal order and make showing of good cause which adequately excuses his neglect in prosecution of case. Rules Civ.Proc., Rule 41(b). | "To reinstate cause of action which has been dismissed for failure to prosecute, should a plaintiff move for reinstatement within three terms of an entry of a dismissal order?" | 025557.docx | LEGALEASE-00158060-LEGALEASE-00158061 |
| Provencher v. Buzzell-Plourde Assocs., 142 N.H. 848 | 307A+681 | When motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | How does the court determine whether plaintiff has sufficiently demonstrated his right to claim relief? | Pretrial Procedure - Memo # 11078 - C - SKG.docx | LEGALEASE-00048565-LEGALEASE-00048566 |
| Anthony v. Tidwell, 560 S.W.2d 908 | 307A+682.1 | Complaint is subject to dismissal for failure to state claim if affirmative defense clearly and unequivocally appears on face of complaint; it is not necessary for defendant to submit evidence in support of motion to dismiss when facts on which he relies to defeat plaintiff's claim are admitted by plaintiff in his complaint. Rules of Civil Procedure, rule 12.02(6). | Can a complaint be subject to dismissal if an affirmative defense clearly and unequivocally appear on the face of the complaint? | Pretrial Procedure - Memo # 11100 - C - DA_63757.docx | ROSS-003283097-ROSS-003283098 |
| Prodromos v. Poulos, 202 Ill. App. 3d 1024 | 307A+561.1 | In motion to dismiss, court must also consider whether defendant has brought forth facts which constitute affirmative defense that could defeat plaintiff's cause of action. S.H.A. ch. 110, P 2-619. | Should the court consider if defendant has brought forth facts which constitute affirmative defense that could defeat plaintiff's cause of action? | 039556.docx | LEGALEASE-00159236-LEGALEASE-00159237 |
| In re Adoption of Jason K., 41 Misc. 3d 885 | 24+190 | By including restrictions on intent in the definition of some nonimmigrant classes, Congress must have meant aliens to be barred from these classes if their real purpose in coming to the United States was to immigrate permanently. Immigration and Nationality Act, S 101(a)(15)(F)(i), 8 U.S.C.A. S 1101(a)(15)(F)(i). | "By including restrictions on intent in the definition of some nonimmigrant classes, did Congress mean to bar aliens from these classes if their real purpose in coming to the United States was to immigrate permanently?" | "Aliens, Immigration and Citizenship - Memo 111 - RK_64753.docx" | ROSS-003312214-ROSS-003312215 |
| Arizona v. United States, 567 U.S. 387 | 24+690 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the power of the government over the status of aliens rest on the federal governments power to control relations with foreign nations? | "Aliens, Immigration and Citizenship - Memo 128 - RK.docx" | LEGALEASE-00049046-LEGALEASE-00049047 |
| League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755 | 360+18.43 | Even if state law related to immigration is not impermissible regulation of immigration, it may still be preempted if there is showing that it was clear and manifest purpose of Congress to effect complete ouster of state power, including state power to promulgate laws not in conflict with federal laws with respect to subject matter which statute attempts to regulate; statute is preempted where Congress intended to occupy the field which statute attempts to regulate. | Are state statutes relating to immigration preempted by federal law? | "Aliens, Immigration and Citizenship - Memo 143 - RK.docx" | LEGALEASE-00049072-LEGALEASE-00049073 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hawkins v. Nat'l Collegiate Athletic Ass'n, 652 F. Supp. 602 | 78+1326(6) | Actions of National Collegiate Athletic Association, a voluntary association of public and private institutions, in imposing sanctions against university's men's basketball program, for infractions of NCAA's rules, did not constitute state action as required to state claim for due process and equal protection violations; declining to follow Howard University v. NCAA, 510 F.2d 213 (D.C.Cir.); Parish v. NCAA, 506 F.2d 1028 (5th Cir.); Associated Students, Inc. v. NCAA, 493 F.2d 1251 (9th Cir.); Buckton v. NCAA, 366 F.Supp. 1152 (Dist.Mass.); Jones v. NCAA, 392 F.Supp. 295 (Dist.Mass.); Louisiana High School Athletic Association v. St. Augustine High School, 396 F.2d 224 (5th Cir.); Wright v. Arkansas Activities Association, 501 F.2d 25 (8th Cir.); Mitchell v. Louisiana High School Athletic Association, 430 F.2d 1155 (5th Cir.). U.S.C.A. Const.Amend. 14. | Can the National Collegiate Athletic Association impose sanctions against a university? | 017122.docx | LEGALEASE-00159717-LEGALEASE-00159719 |
| Sturgess v. Zelman, 15 Misc. 3d 487 | 307A+697 | To restore a matter to the trial calendar, after a year has passed from it being marked off, a plaintiff must demonstrate: (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. McKinney's CPLR 3404. | "To restore a matter to the trial calendar, after a year has passed from it being marked off, what should a plaintiff demonstrate?" | 039762.docx | LEGALEASE-00159319-LEGALEASE-00159320 |
| Etter v. Cty. of Nassau, 261 A.D.2d 571 | 307A+697 | Actions which are deemed abandoned and which are automatically dismissed may not be restored to the calendar unless the plaintiff produces evidence which (1) rebuts the presumption of abandonment, (2) demonstrates the merit of the underlying cause of action, and (3) shows that the defendants have not been prejudiced. McKinney's CPLR 3404. | Can actions which are deemed abandoned and which are automatically dismissed not be restored to the calendar unless the plaintiff produces evidence? | 039805.docx | LEGALEASE-00159513-LEGALEASE-00159514 |
| Muhammed v. Manhattan Payment Ctr., 251 A.D.2d 228 | 307A+697 | Action which has been deemed abandoned as result of having been marked off or stricken from calendar, and not having been restored within one year, may thereafter be restored where moving party demonstrates meritorious cause of action, reasonable excuse for delay, lack of prejudice to opposing party, and lack of intent to abandon action. McKinney's CPLR 3404. | Can an action which has been deemed abandoned as a result of having been marked off or stricken from a calendar thereafter be restored? | Pretrial Procedure - Memo 11321 - C - SJ_64416.docx | ROSS-003279924-ROSS-003279925 |
| Samaras v. Hartwick, 698 A.2d 71 | 307A+697 | To successfully set aside termination of action, aggrieved party must demonstrate that petition for reactivation was timely filed, reasonable explanation exists for docket inactivity, and facts exist supporting a meritorious cause of action. Pa.R.J.A. No. 1901. | "To successfully set aside termination of action, should an aggrieved party demonstrate that a petition for reactivation was timely filed?" | Pretrial Procedure - Memo 11322 - C - KI_64258.docx | ROSS-003283177-ROSS-003283178 |
| Liton Lighting v. Platinum Television Grp., 2 So. 3d 366 | 307A+674 | A trial judge may not sua sponte dismiss an action based on affirmative defenses not raised by proper pleadings; when a trial judge sua sponte dismisses a cause of action on grounds not pleaded, the trial judge denies the parties due process because the claim is being dismissed without notice and an opportunity for the parties and counsel to be heard. U.S.C.A. Const.Amend. 14. | Can a judge dismiss an action based on affirmative defenses not raised by proper pleadings? | 039912.docx | LEGALEASE-00159551-LEGALEASE-00159552 |
| State v. Wilson, 127 N.C. App. 129 | 135H+25 | Should particular civil penalty bear no rational relation to goal of compensating government for its loss, then defendant is entitled to accounting of government's damages and costs to enable trial court to determine if penalty sought in fact constitutes second punishment. U.S.C.A. Const.Amend. 5. | Should a particular civil penalty bear no rational relation to a goal of compensating a government for its loss? | Double Jeopardy - Memo 22 - C - SU_65122.docx | ROSS-003278718-ROSS-003278719 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Niccolich, 220 A.D.2d 461 | 135H+95.1 | When court declares mistrial without obtaining defendant's consent, double jeopardy provisions of state and federal constitutions prohibit retrial for same crime unless there is manifest necessity for the mistrial, or the ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 5. | Can a retrial after a mistrial present an issue of double jeopardy unless the mistrial is based on reasons of manifest necessity or unless the defendant consented or requested a mistrial? | 015999.docx | LEGALEASE-00160777-LEGALEASE-00160778 |
| Antoine E.J. v. Birch Family Servs., 95 A.D.3d 832 | 141E+938(1) | Injury caused by impulsive, unanticipated act of fellow student ordinarily will not give rise to finding of negligence on part of school, absent proof of prior conduct that would have put reasonable person on notice to protect against injury-causing act. | "Will an injury caused by the impulsive, unanticipated act of a fellow student, give rise to a finding of negligence?" | Education - Memo 346- C KS_65194.docx | ROSS-003281504-ROSS-003281505 |
| Montanaro v. Aspetuck Land Tr., 137 Conn. App. 1 | 200+0.5 | Highways are established by one of the following four methods: (1) through the direct action of the legislature; (2) through authorized proceedings involving an application to a court; (3) through authorized proceedings by agents appointed for that purpose, such as selectmen of towns and specified authorities of cities and boroughs; (4) through private dedication of land for that purpose and its acceptance by the public. C.G.S.A. SS 13a-7, 13A-61. | Can a public highway be established through private dedication of land accepted by the public? | Highways - Memo 470 - RK_66370.docx | ROSS-003319695-ROSS-003319696 |
| Clark v. Yarbrough, 900 S.W.2d 406 | 307A+699 | In reinstatement hearing, after dismissal for failure to prosecute, question of whether party's conduct was intentional or a result of conscious indifference is question of fact to be determined by trial court in its discretion but once finding is made, rule's language is mandatory. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | "After dismissal for failure to prosecute, is the question of whether a party's conduct was intentional or a result of conscious indifference a question of fact to be determined by a trial court?" | 039970.docx | LEGALEASE-00160821-LEGALEASE-00160822 |
| Burton v. Hoffman, 959 S.W.2d 351 | 307A+697 | Rule requiring court to reinstate dismissed case upon finding after hearing that failure of party or his attorney was not intentional or result of conscious indifference but was due to accident or mistake or that failure had been otherwise reasonably explained applies only to dismissals for failure to appear at trial or other hearing and does not apply to cases dismissed for failure to proceed. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | Shall a court reinstate a dismissed case upon a finding after hearing that failure of party or his attorney was not intentional or result of conscious indifference? | 040043.docx | LEGALEASE-00161475-LEGALEASE-00161476 |
| Vasquez v. Gomez, 7 Misc. 3d 958 | 307A+697 | Automatic dismissal of case deemed abandoned under rule is not irrevocable, and even after the dismissal that occurs upon the passage of one year, plaintiff may move to vacate the dismissal and restore the case to the calendar by demonstrating a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to defendant, and the absence of intent to abandon the action. McKinney's CPLR 3404. | "To restore a case to calendar, should a plaintiff establish a meritorious cause of action?" | Pretrial Procedure - Memo 11487 - C - KI_65585.docx | ROSS-003308807-ROSS-003308808 |
| Todd v. Thrifty Corp., 34 Cal. App. 4th 986 | 307A+697 | Under statute authorizing relief from judgment or dismissal, provision concerning attorney affidavit of fault is mandatory in nature, such that when default or dismissal is attorney's fault, court must grant timely noticed motion for relief, unless court finds that default or dismissal was not in fact attorney's fault, for example if attorney is simply covering up for client. West's Ann.Cal.C.C.P. S 473. | "Under statute authorizing relief from judgment or dismissal, is a provision concerning attorney affidavit of fault mandatory in nature?" | 040076.docx | LEGALEASE-00160696-LEGALEASE-00160697 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jeffs v. Janessa, 226 A.D.2d 504 | 307A+697 | Party seeking to restore case to trial calendar after if has been dismissed as abandoned must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to trial calendar. McKinney's CPLR 3404. | "Should a party seeking to restore a matter to a trial calendar after it has been dismissed as abandoned show, inter alia, a reasonable excuse for any delay?" | Pretrial Procedure - Memo 11509 - C - DA_65327.docx | ROSS-003279283-ROSS-003279284 |
| S.E.C. v. Jackson, 908 F. Supp. 2d 834 | 170A+1838 | District court should generally afford plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case for failure to state a claim, unless it is clear that the defects are incurable or plaintiff advises the court that he is unwilling or unable to amend in a manner that will avoid dismissal. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.; Rule 15(a), 28 U.S.C.App.(2006 Ed.) | Should a court generally afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing the case? | Pretrial Procedure - Memo 11526 - C - NS_65341.docx | ROSS-003282191-ROSS-003282192 |
| Harper Companies v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A., 656 So. 2d 627 | 307A+690 | When party may be able to allege additional facts to support its cause of action or even to support another cause of action based on different legal theory, dismissal with prejudice is abuse of discretion. | Can a dismissal with prejudice constitute an abuse of discretion where a party can be able to plead additional facts to support its cause of action or support another cause of action under a different legal theory? | Pretrial Procedure - Memo 11557 - C - NC_65808.docx | ROSS-003281880-ROSS-003281881 |
| In re Gen. Motors Corp., 296 S.W.3d 813 | 307A+583 | Common law vests the trial court with inherent power, independent of the rules of procedure, to move its docket by dismissing cases that are not prosecuted with due diligence. | "Does common law vest the trial court with inherent power, independent of the rules of procedure, to move its docket by dismissing cases that are not prosecuted with due diligence?" | Pretrial Procedure - Memo 11719 - C - NE_65436.docx | ROSS-003292181-ROSS-003292182 |
| People v. Shawn, 107 P.3d 1033 | 3.77E+10 | In determining whether the defendant knowingly placed or attempted to place another person in fear of imminent serious bodily injury, as required for menacing conviction, the proper focus is on the intent and conduct of the actor, not of the victim, and the prosecution need only prove the defendant was aware that his or her conduct was practically certain to cause fear. West's C.R.S.A. S 18-3-206(1). | What should the proper focus be on in determining whether the defendant knowingly placed or attempted to place another person in fear of imminent serious bodily injury? | "Threats, Stalking and Harassment - Memo 208 - C - LB_65508.docx" | ROSS-003283020 |
| Prear v. State, 933 S.W.2d 643 | 135H+25 | To determine if forfeiture is "punitive" for double jeopardy purposes, court's inquiry is two-fold: whether legislature intended proceedings under forfeiture statute to be criminal or civil, and whether proceedings are so punitive in fact as to persuade court that forfeiture proceedings may not legitimately be viewed as civil in nature, despite legislative intent; question of whether forfeiture is civil or criminal therefore starts as one of statutory construction. U.S.C.A. Const.Amend. 5. | "To determine if forfeiture is punitive for double jeopardy purposes, is a court's inquiry two-fold?" | Double Jeopardy - Memo 101 - C - NS_65726.docx | ROSS-003285766 |
| George v. State, 2017 WL 2806281 | 135H+95.1 | Further prosecution is barred by double jeopardy when a judge commits incurable error and does so with the intent to cause a mistrial or with knowledge that a mistrial is likely but nonetheless consciously disregards that likelihood. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | Is further prosecution barred by double jeopardy when a judge commits incurable error and does so with the intent to cause a mistrial or with knowledge that a mistrial is likely but nonetheless consciously disregards that likelihood? | 015464.docx | LEGALEASE-00162562-LEGALEASE-00162563 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Davis v. D.C., 244 F. Supp. 3d 27 | 141E+862 | To meet its substantive obligation under the IDEA to provide personalized instruction with sufficient support services to permit a child to benefit educationally from that instruction, a school must offer an individual education plan (IEP) reasonably calculated to enable the child to make progress appropriate in light of the child's circumstances. Individuals with Disabilities Education Act S 601, 20 U.S.C.A. S 1400(d)(1). | Are school districts required to create an individualized education plan for disabled students under IDEA? | 017218.docx | LEGALEASE-00162090-LEGALEASE-00162092 |
| Prive v. Vermont Asbestos Grp., 992 A.2d 1035 | 307A+695 | Even when a plaintiff has omitted essential elements from the original complaint, the rules allow a plaintiff to plead over and require the court to take the plaintiff's additional allegations as true on a motion to dismiss. Rules Civ.Proc., Rule 15(a). | "Even when a plaintiff has omitted essential elements from the original complaint, do the rules allow a plaintiff to plead over and the court to take the allegations as true on a motion to dismiss?" | Pretrial Procedure - Memo 11564 - C - BP_65987.docx | ROSS-003279107-ROSS-003279108 |
| Riddle v. Buncombe Cty. Bd. of Educ., 805 S.E.2d 757 | 307A+622 | A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint; in ruling on such a motion, the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted. N. C. R. Civ. P. 12(b)(6). | On what basis should the court determine as a matter of law whether the allegations state a claim for which relief may be granted? | 040635.docx | LEGALEASE-00162390-LEGALEASE-00162391 |
| San Diego Gas & Elec. Co. v. San Diego Cty. Air Pollution Control Dist., 203 Cal. App. 3d 1132 | 371+2162 | To show a fee is regulatory fee and not a special tax within purview of Proposition 13, providing that cities, counties, and special districts, by two-thirds vote of qualified electorates, may impose special taxes, government should prove estimated costs of service or regulatory activity and basis for determining manner in which costs are apportioned so that charges allocated to payee bear fair or reasonable relationship to payees' burdens on or benefits from regulatory activity. West's Ann.Cal. Const. Art. 13A, S 4. | "To show a fee is not a special tax, does the government have to prove the estimated costs of the service or regulatory activity?" | Taxation - Memo 1030 - C - JL_66475.docx | ROSS-003294783-ROSS-003294784 |
| Wise v. Shinseki, 26 Vet. App. 517 | 34+101.1 | By requiring only an approximate balance of positive and negative evidence to prove any issue material to a claim for veterans benefits, the nation, in recognition of its debt to veterans, has taken upon itself the risk of error in awarding such benefits. 38 U.S.C.A. S 5107(b). | Does requiring only an approximate balance of positive and negative evidence necessary to prove any issue material to a claim for veterans benefits recognize societys debt to veterans? | Armed Services - Memo 342 - RK_66863.docx | ROSS-003292013-ROSS-003292014 |
| U.S. v. Jackson, 904 F. Supp. 118 | 135H+25 | Criminal and civil forfeiture proceedings which are based upon same acts may subject defendant to double jeopardy; to attack criminal conviction under double jeopardy clause, petitioner bears burden of demonstrating that jeopardy attached in civil forfeiture process before he entered guilty plea in criminal action. U.S.C.A. Const.Amend. 5. | Can criminal and civil forfeiture proceedings based on the same facts subject a defendant to double jeopardy? | 015191.docx | LEGALEASE-00163617-LEGALEASE-00163618 |
| Howard v. State, 400 So. 2d 1329 | 135H+95.1 | Since a conviction in a trial based on a fatally defective instrument is a nullity, a trial court is justified, on the motion of either party or its own motion, to declare a mistrial at any stage of the trial; in such event jeopardy will not attach. | "Since a conviction in a trial based on a fatally defective instrument is a nullity, is a trial court justified, on the motion of either party or its own motion, to declare a mistrial at any stage of the trial?" | Double Jeopardy - Memo 432 - C - PB_67002.docx | ROSS-003292320-ROSS-003292321 |
| Conner v. Deramus, 374 F. Supp. 504 | 135H+95.1 | In reviewing trial court's declaration of mistrial, court must look at possibility of manipulation inherent in procedure complained of, alternatives available to trial judge at time, and presence of some important countervailing interest of proper judicial administration. | "In reviewing trial court's declaration of mistrial, should a court look at a possibility of manipulation inherent in a procedure complained of?" | Double Jeopardy - Memo 439 - C - BP_67009.docx | ROSS-003278571-ROSS-003278572 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Johnson v. Bollinger, 356 S.E.2d 378 | 307A+622 | Dismissal of complaint is proper when one or more of following three conditions is satisfied: when on its face complaint reveals no law supports plaintiff's claim, when on its face complaint reveals absence of fact sufficient to make good claim, and when some fact disclosed in complaint necessarily defeats plaintiff's claim; thus, complaint is deemed sufficient to withstand motion to dismiss where no "insurmountable bar" to recovery appears on face of complaint and complaint's allegations give adequate notice of nature and extent of claim. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | Is a complaint sufficient if no insurmountable bar to recovery appears on its face and its allegations give adequate notice of nature and extent of claim? | 023925.docx | LEGALEASE-00163011-LEGALEASE-00163012 |
| Miramar Petroleum v. Cimarron Eng'g, 484 S.W.3d 214 | 307A+697 | When a plaintiff files a new action arising out of the provision of professional services after a dismissal without prejudice for failure to file a certificate of merit, and includes a certificate of merit with the first-filed petition in the second action, the plaintiff has complied with the plain language of the statute. Tex. Civ. Prac. & Rem. Code Ann. S 150.002(e). | "When a plaintiff files a new action arising out of the provision of professional services after a dismissal without prejudice for failure to file a certificate of merit, has the plaintiff complied with the plain language of the statute?" | Pretrial Procedure - Memo 11903 - C - SHB_67017.docx | ROSS-003295573-ROSS-003295574 |
| MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942 | 25T+182(1) | Equitable estoppel allows a nonsignatory to a written agreement containing an arbitration clause to compel arbitration under the Federal Arbitration Act (FAA) in two different circumstances: when a signatory to the written agreement must rely on the terms of that agreement in asserting its claims against the nonsignatory; and, when the signatory to the written agreement raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. 9 U.S.C.A. S 1 et seq. | What are the circumstances in which equitable estoppel allows a nonsignatory to compel arbitration? | 008049.docx | LEGALEASE-00164997-LEGALEASE-00164998 |
| United States v. Hardwell, 80 F.3d 1471 | 135H+30 | Use of evidence of related criminal conduct to enhance defendant's sentence for a separate crime does not constitute punishment for that conduct within meaning of double jeopardy clause. U.S.C.A. Const.Amend. 5. | Does use of evidence of related criminal conduct to enhance defendant's sentence for a separate crime constitute punishment for that conduct within meaning of double jeopardy clause? | Double Jeopardy - Memo 1250 - C - SB_67552.docx | ROSS-003308327-ROSS-003308328 |
| Doe v. Wilson Cty. Sch. Sys., 564 F. Supp. 2d 766 | 141E+724 | Inclusion of brief two-minute nativity scene at conclusion of twenty-two minute mainly secular elementary school Christmas program did not violate Establishment Clause; nativity scene was presented in prudent, unbiased and objective manner to present traditional historical, cultural and religious meaning of the holiday in America. U.S.C.A. Const.Amend. 1. | Can schools engage in holiday celebration without violating the Establishment Clause? | 017311.docx | LEGALEASE-00164351-LEGALEASE-00164352 |
| Shirrell v. Missouri Edison Co., 535 S.W.2d 446 | 307A+583 | General rule is that courts have inherent power in exercise of sound judicial discretion to dismiss case for failure to prosecute with due diligence and action thereon will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent power, in the exercise of sound judicial discretion, to dismiss case for failure to prosecute with due diligence?" | 040898.docx | LEGALEASE-00164761-LEGALEASE-00164762 |
| Shirrell v. Missouri Edison Co., 535 S.W.2d 446 | 307A+583 | General rule is that courts have inherent power in exercise of sound judicial discretion to dismiss case for failure to prosecute with due diligence and action thereon will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence?" | 041074.docx | LEGALEASE-00164581-LEGALEASE-00164582 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Binner v. Limestone Cty., 129 S.W.3d 710 | 307A+583 | Common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does common law vest the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence? | 041106.docx | LEGALEASE-00164939-LEGALEASE-00164940 |
| State v. Howard, 150 Idaho 471 | 135H+100.1 | When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against double jeopardy bars retrying that charge. U.S.C.A. Const.Amend. 5; West's I.C.A. Const. Art. 1, S 13. | "When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, does the prohibition against double jeopardy bar retrying that charge?" | 015628.docx | LEGALEASE-00166112-LEGALEASE-00166113 |
| State v. Sheets, 128 Wash. App. 149 | 135H+95.1 | A trial judge's decision to declare a mistrial without the defendant's consent after jeopardy has attached but before the jury reaches a verdict will not in every instance bar retrial. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Will a trial judge's decision to declare a mistrial without the defendant's consent after jeopardy has attached but before the jury reaches a verdict in every instance bar retrial? | 016028.docx | LEGALEASE-00165753-LEGALEASE-00165754 |
| United States v. Parris, 88 F. Supp. 2d 555 | 135H+100.1 | When a jury acquits a defendant of a charge, the Double Jeopardy Clause prohibits the government from relitigating issues of fact necessarily decided by that acquittal in a subsequent prosecution. U.S.C.A. Const.Amend. 5. | "When a jury acquits a defendant of a charge, does the Double Jeopardy Clause prohibit the government from relitigating issues of fact necessarily decided by that acquittal in a subsequent prosecution?" | Double Jeopardy - Memo 735 - C - SB_68051.docx | ROSS-003295478-ROSS-003295479 |
| Washington v. Jarvis, 307 F. Supp. 2d 794 | 135H+97 | Absent judicial or prosecutorial misconduct intended to goad defendant into moving for mistrial, double jeopardy principles will not bar reprosecution where criminal defendant consents to declaration of mistrial. U.S.C.A. Const.Amend. 5. | "Absent judicial or prosecutorial misconduct intended to goad defendant into moving for mistrial, will double jeopardy principles not bar reprosecution where a criminal defendant consents to a declaration of mistrial?" | Double Jeopardy - Memo 764 - C - SKG.docx | LEGALEASE-00055329-LEGALEASE-00055330 |
| State v. Howes, 432 A.2d 419 | 135H+100.1 | Fact alone that criminal defendant has been acquitted for insufficiency of evidence does not suffice to make protection against double jeopardy operative so as to bar State's appeal. 15 M.R.S.A. S 2115-A, subd. 2; Const. Art. 1, S 8; U.S.C.A.Const. Amends. 5, 14. | Does the fact alone that a criminal defendant has been acquitted for insufficiency of evidence not suffice to make protection against double jeopardy operative so as to bar State's appeal? | 016314.docx | LEGALEASE-00165639-LEGALEASE-00165640 |
| United States v. McCallum, 721 F.3d 706 | 135H+7 | The constitutional protection against double jeopardy comprises not only the defendant's right to be secure in a judgment of conviction or acquittal but also his valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Does the constitutional protection against double jeopardy comprise not only the defendant's right to be secure in a judgment of conviction or acquittal but also his valued right to have his trial completed by a particular tribunal? | Double Jeopardy - Memo 885 - C - TJ_67674.docx | ROSS-003285871-ROSS-003285872 |
| United States v. Morse, 613 F.3d 787 | 135H+30 | Relevant conduct which has been considered in a prior sentencing can be a basis for subsequent prosecution without violating the double jeopardy clause so long as the earlier sentence was within the statutory or legislatively authorized punishment range. U.S.C.A. Const.Amend. 5. | "When can relevant conduct which has been considered in a prior sentencing, be a basis for subsequent prosecution without violating the double jeopardy clause?" | 014871.docx | LEGALEASE-00166182-LEGALEASE-00166183 |
| Bartee v. State, 28 So. 3d 119 | 135H+30 | Although there is no double jeopardy violation in sentencing a person both as an habitual felony offender (HFO) and a prison releasee reoffender (PRR) for a single conviction, the PRR term of incarceration acts as a minimum mandatory term and, under the PRR statute, it must be less than the overall HFO sentence. U.S.C.A. Const.Amend. 5; West's F.S.A. S 775.082. | Is there double jeopardy violation in sentencing a person both as a habitual felony offender (HFO) and a prison releasee reoffender (PRR) for a single conviction? | Double Jeopardy - Memo 1142 - C - MS_68228.docx | ROSS-003296498-ROSS-003296499 |
| People v. Burtron, 376 Ill. App. 3d 856 | 135H+100.1 | Although a retrial is automatically barred when a trial ends with an acquittal or a conviction, the same is not true when a criminal proceeding ends before a final resolution of the merits of the charges against the accused is reached. U.S.C.A. Const.Amend. 5. | "Although a retrial is automatically barred when a trial ends with an acquittal or a conviction, is the same true when a criminal proceeding ends before a final resolution of the merits of the charges against the accused is reached?" | Double Jeopardy - Memo 669 - C - KI_68441.docx | ROSS-003279148-ROSS-003279149 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Alpart v. Gen. Land Partners, 574 F. Supp. 2d 491 | 13+27(5) | Under Pennsylvania law, a breach of fiduciary duty claim is barred by the gist of the action doctrine, which focuses on whether tort claims pleaded along with contract claims constitute freestanding causes of action, if the fiduciary duty alleged is grounded in contractual obligations; however, claims for breach of fiduciary duty and breach of contract can coexist if the fiduciary duty is based on duties imposed as a matter of social policy and if the fiduciary duty is not based on a contractual agreement between the parties. | Is a breach of fiduciary duty claim barred by gist of the action doctrine if a fiduciary duty alleged is grounded in contractual obligations? | Action - Memo 947 - C - TJ_68572.docx | ROSS-003296242 |
| Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629 | 78+1330(2) | A private damages action may lie against a school board under Title IX in cases of student-on-student harassment, but only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities, and only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit. Education Amendments of 1972, S 901(a), as amended, 20 U.S.C.A. S 1681(a). | Can school boards be liable under Title IX for sexual harassment of students? | 016782.docx | LEGALEASE-00167317-LEGALEASE-00167318 |
| High v. United States, 128 A.3d 1017 | 3.77E+10 | To obtain a conviction for threats to do bodily harm, the government must prove, inter alia, the following beyond a reasonable doubt: that (1) the defendant uttered words to another person, and that (2) those words were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer. D.C. Official Code, 2001 Ed. S 22-407. | What must the government prove in order to obtain a conviction for threats to do bodily harm? | Threats and Stalking - Memo #23 - C - LB_58916.docx | ROSS-003293931-ROSS-003293932 |
| Coronel v. AK Victory, 1 F.Supp.3d 1175 | 16+1(1) | Federal courts' admiralty jurisdiction is exclusive only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. 28 U.S.C.A. S 1333. | Is a Federal courts admiralty jurisdiction exclusive to those maritime causes of action begun and carried on as proceedings in rem? | 04775.docx | LEGALEASE-00077110-LEGALEASE-00077112 |
| Provenzano v. Provenzano, 88 Conn. App. 217 | 157+596(1) | Clear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the fact in issue in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution; the burden is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they arefalse or do not exist. | What is the standard of proof required to claim adverse possession? | 04066.docx | LEGALEASE-00077254-LEGALEASE-00077255 |
| Am. Petroleum Inst. v. U.S. E.P.A., 52 F.3d 1113 | 1.49E+18 | Environmental Protection Agency (EPA) cannot rely on its general authority to make rules necessary to carry out its functions when specific statutory directive defines relevant functions of EPA in particular area. | Can the Environmental Protection Agency (EPA) rely on its general authority to make rules to carry out its functions when a specific statutory directive defines its relevant functions in a particular area? | 07399.doc | LEGALEASE-00079062-LEGALEASE-00079063 |
| Mahler v. Szucs, 135 Wash. 2d 398 | 366+1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | Does subrogation seek to impose ultimate responsibility for a wrong or loss on the party who in equity and good conscience ought to bear it? | Subrogation - Memo 227 - VG C.docx | ROSS-003295749-ROSS-003295750 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Heist v. Jacoby, 71 Neb. 395 | 200+181 | One who permits young hogs of about 100 pounds weight to go at large on his own premises, so that they wander across the highway to a neighbor's cornfield, and in running back frighten a passer's horses, is not liable for injuries to the wagon and the person, produced by such fright. | "Can one permit hogs to wander across the highway which frightens a horse, be made liable for injuries? " | 10797.docx | LEGALEASE-00094801-LEGALEASE-00094802 |
| Gautreaux v. Maya, 112 So. 3d 146 | 307A+563 | When reviewing case for fraud on court justifying dismissal of action, court should consider proper mix of factors and carefully balance policy favoring adjudication on merits with competing policies to maintain integrity of judicial system. | "When reviewing case for fraud on a court justifying an extraordinary measure of dismissal, should a court consider a proper mix of factors and carefully balance policy favoring adjudication?" | 10045.docx | LEGALEASE-00095056-LEGALEASE-00095057 |
| Evans v. Empire Dist. Elec. Co., 346 S.W.3d 313 | 307A+561.1 | A pre-trial dismissal based on an affirmative defense must be granted under the standards of summary judgment; an exception exists, however, whereby a defendant may properly file a motion to dismiss for failure to state a claim when it appears from the face of the petition that an affirmative defense is applicable. V.A.M.R. 55.27(a)(6). | Is there an exception for a pre-trial dismissal to be granted based on an affirmative defense? | 10177.docx | LEGALEASE-00095359-LEGALEASE-00095360 |
| Am. Petroleum Inst. v. U.S. E.P.A., 52 F.3d 1113 | 1.49E+18 | Environmental Protection Agency (EPA) cannot rely on its general authority to make rules necessary to carry out its functions when specific statutory directive defines relevant functions of EPA in particular area. | Can the Environmental Protection Agency (EPA)rely on its general authority to make rules to carry on functions when a specific statutory directive defines its relevant functions in a particular area? | 004710.doc | LEGALEASE-00116920-LEGALEASE-00116921 |
| Livingstone v. Greater Washington Anesthesiology & Pain Consultants, P.C., 187 Md. App. 346 | 30+233(2) | In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, the party challenging the admission must object at the time the evidence is actually offered. | "In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, must the party challenging the admission object at the time the evidence is actually offered?" | Pretrial Procedure - Memo  # 222 - C - KA.docx | ROSS-003329097-ROSS-003329098 |
| United States v. State of Alaska, 352 F. Supp. 815 | 221+138 | Authority which a nation must exercise over a maritime area in order to be able to claim it as historic waters is sovereignty, but it is not necessary that a nation exercise all rights and duties which are included in the concept of sovereignty. | Is sovereignty the authority which a nation must exercise over a maritime area in order to be able to claim it as historic waters and is it necessary that a nation exercises all rights and duties which are included in the concept of sovereignty? | 020234.docx | LEGALEASE-00123666-LEGALEASE-00123667 |
| Love Terminal Partners v. United States, 126 Fed. Cl. 389 | 148+2.1 | A regulation that restricts the use of property or unduly burdens private property interests results in a regulatory, not a physical, taking; in other words, a regulatory taking is one in which the government prevents the landowner from making a particular use of the property that otherwise would be permissible. U.S. Const. Amend. 5. | n a regulatory taking does the government prevent the landowner from making a particular use of the property that otherwise would be permissible? | 017568.docx | LEGALEASE-00125858-LEGALEASE-00125859 |
| Behr v. Hook, 173 Vt. 122 | 217+3522 | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | Are waiver-of-subrogation clauses in construction contracts intended to allow the parties to a contract to exculpate each other from personal liability? | Subrogation - Memo # 1241 - C - SKG.docx | ROSS-003287038-ROSS-003287039 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dobson v. Crews, 164 So. 2d 252 | 307A+506.1 | Principal difference between voluntary nonsuit and involuntary nonsuit is that former is taken and granted in such cases as when plaintiff enters court unprepared or unready, while latter is prompted by adverse ruling. | Is the principal difference between a voluntary nonsuit and involuntary nonsuit that the former is taken and granted in such cases as when plaintiff enters court unprepared or unready and the latter is prompted by a proposed adverse ruling of the court? | Pretrial Procedure - Memo # 1069 - C - SHS.docx | ROSS-003286030-ROSS-003286031 |
| Goudy v. Dayton Newspapers, 14 Ohio App. 2d 207 | 275+82 | It is within discretion of trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against. | " Is it within discretion of a trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against?" | 027465.docx | LEGALEASE-00132233-LEGALEASE-00132234 |
| Sidwell Oil & Gas Co. v. Loyd, 230 Kan. 77 | 307A+749.1 | If parties have submitted their entire case for decision on all issues, without objection, they have consented to having court decide those issues even though outside the scope of the pretrial order. | " If parties have submitted their entire case for decision on all issues, without objection, have they consented to having a court decide such issues even though outside the scope of the pretrial order?" | 027263.docx | LEGALEASE-00132240-LEGALEASE-00132241 |
| Moy v. Ng, 341 Ill. App. 3d 984 | 307A+483 | Where a party fails to properly respond to a request to admit facts, those factual matters in the request are deemed judicial admissions which cannot later be controverted by any contrary evidence; such an admission is considered incontrovertible and has the effect of withdrawing a fact from contention. Sup.Ct.Rules, Rule 216. | "Where a party fails to properly respond to a request to admit facts, will those factual matters in the request be deemed judicial admissions which cannot later be controverted by any contrary evidence? " | Pretrial Procedure - Memo # 3533 - C - SK.docx | ROSS-003316749-ROSS-003316750 |
| Romano v. Steelcase Inc., 30 Misc. 3d 426 | 307A+36.1 | In an action seeking damages for personal injuries, discovery is generally permitted with respect to materials that may be relevant both to the issue of damages and the extent of a plaintiff's injury including a plaintiff's claim for loss of enjoyment of life. McKinney's CPLR 3101. | Is discovery generally permitted with respect to materials that can be relevant both to the issue of damagesand the extent of a plaintiff's injury including a plaintiff's claim for loss of enjoyment of life? | 031238.docx | LEGALEASE-00137182-LEGALEASE-00137183 |
| State v. Schenkolewski, 301 N.J. Super. 115 | 63+1(1) | Neither offeror nor the recipient of bribe need be public official to prove bribery, and it is sufficient if recipient created understanding with offeror that he could influence matters in connection with official duty, whether or not he was capable of actually effecting such an act. N.J.S.A. 2C:27-2. | "To prove bribery, is it sufficient if the recipient created the understanding with the briber that he could influence matters in connection with an official duty?" | 011127.docx | LEGALEASE-00139656-LEGALEASE-00139657 |
| Colorado Interstate Gas Co. v. Sears, 362 S.W.2d 396 | 260+92.26 | Rule of fair chance or fair share is reason for "confiscation" exception to well-spacing rule whereby owner or lessee can get oil and gas well permit for small tract, and proper test of confiscation under the rule is whether owner, with wells which already exist, has been accorded a fair and equal opportunity with other producers of surrounding tracts within drainage area to recover his fair share of oil in place underneath his tract. | "Is the proper test of confiscation whether an owner, with the wells which already exist, has been accorded a fair and equal opportunity with other producers of surrounding tracts to recover his fair share of the oil in place beneath his tract?" | 021241.docx | LEGALEASE-00143280-LEGALEASE-00143281 |
| Bloomgarden v. Lanza, 143 A.D.3d 850 | 106+35 | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | Need a plaintiff only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court? | Pretrial Procedure - Memo # 5533 - C - ES.docx | ROSS-003291329-ROSS-003291330 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gatrell v. Kurtz, 207 P.3d 916 | 307A+679 | In evaluating a motion to dismiss for failure to state a claim, the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. Rules Civ.Proc., Rule 12(b)(5). | "In  evaluating a motion to dismiss for failure to state a claim, should the court accept the material allegations of the complaint as true?" | 037577.docx | LEGALEASE-00151783-LEGALEASE-00151784 |
| Cowen v. Bank United of Texas, FSB, 70 F.3d 937 | 172H+1579 | Federal Reserve Board's "official staff commentary" that states that fee for courier service charged by settlement agent to send document to title company or some other party is not finance charge, provided that creditor has not required use of courier or retained the charge, is entitled to some weight as interpretation of statute, despite complaint that it was issued after transaction at issue in case. 12 C.F.R. Pt. 226, Supp. I comment. | Can a fee for courier service charged by settlement agent be considered as a finance charge if the creditor has not retained the charge? | 013957.docx | LEGALEASE-00155162-LEGALEASE-00155163 |
| Alpart v. Gen. Land Partners, 574 F. Supp. 2d 491 | 13+27(5) | Under Pennsylvania law, a breach of fiduciary duty claim is barred by the gist of the action doctrine, which focuses on whether tort claims pleaded along with contract claims constitute freestanding causes of action, if the fiduciary duty alleged is grounded in contractual obligations; however, claims for breach of fiduciary duty and breach of contract can coexist if the fiduciary duty is based on duties imposed as a matter of social policy and if the fiduciary duty is not based on a contractual agreement between the parties. | Is a breach of fiduciary duty claim barred by gist of the action doctrine if a fiduciary duty alleged is grounded in contractual obligations? | Action - Memo 947 - C _17PuTVGVsrhTJyRJzVaT QTHeXMZnLXIso.docx | ROSS-000000025 |
| In re Felker, 211 B.R. 165 | 315+134 | Holder of life estate, that is, life tenant, is entitled to both possession and use of property to exclusion of remainderman, including right to rents, issues, and profits generated by parcel during tenant's life. | "Is a holder of life estate entitled to both possession and use of property to exclusion of remainderman, including right to rents, issues, and profits generated by parcel during tenant's life?" | Life Estate - Memo 19-JS.docx | ROSS-003282713-ROSS-003282714 |
| Binner v. Limestone Cty., 129 S.W.3d 710 | 307A+583 | Common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does common law vest the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence | Pretrial Procedure - Memo 12269 - C - PC_67605.docx | ROSS-003284254-ROSS-003284255 |
| Illinois Commerce Comm'n v. F.E.R.C., 576 F.3d 470 | 317A+114 | The Federal Energy Regulatory Commission (FERC) is not authorized to approve a pricing scheme that requires a group of utilities to pay for facilities from which its members derive no benefits, or benefits that are trivial in relation to the costs sought to be shifted to its members. | "Is the Federal Energy Regulatory Commission (""FERC"") authorized to approve a pricing scheme that requires utilities to pay for facilities which the members do not derive benefits from?" | Public Utilities - Memo 244 - AM.docx | ROSS-003286952-ROSS-003286954 |
| United States v. Louisiana, 470 U.S. 93 | 221+138 | When foreign governments know or have reason to know of the effective and continual exercise of sovereignty over maritime area, inaction or toleration on the part of the foreign governments is sufficient to permit an historic title to arise. | "Is an inaction or toleration on the part of the foreign governments, with knowledge of the effective and continual exercise of sovereignty over a maritime, area sufficient to permit an historic title to arise?" | International Law - Memo # 27 - C - LK.docx | ROSS-003289293-ROSS-003289294 |
| Johnson v. City Wide Cab, 205 Ga. App. 502 | 307A+486 | In establishing that presentation of the merits would be subserved by granting motion to withdraw admissions, if burden of proof on subject matter of request for admission is on requestor, movant is required to show that admitted request either can be refuted by admissible evidence having modicum of credibility or is incredible on its face, and that denial is not offered solely for purposes of delay. O.C.G.A. S 9-11-36(b). | "If the burden of proof on the subject matter of the request for admission is on the requestor, is the movant required to show the admitted request? " | Pretrial Procedure - Memo # 2978- C - KG.docx | ROSS-003290341-ROSS-003290342 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cook v. Fergus Elec. Co-op., 235 Mont. 173 | 307A+581 | Defendant may request involuntary dismissal of civil action where plaintiff fails to exercise due diligence, absent sufficient showing of excuse, in bringing his or her case to trial. Rules Civ.Proc., Rule 41(b). | "Can defendant request involuntary dismissal of civil action where plaintiff fails to exercise due diligence, in bringing his or her case to trial?" | Pretrial Procedure - Memo # 10052 - C - KG_62393.docx | ROSS-003294807 |
| Johnson v. U.S. Title Agency, 2017-Ohio-2852 | 203+533 | Extremely negligent conduct which creates an unjustifiable and very high degree of risk of death or serious bodily injury to another, without any intent to do either, may constitute murder. | Does extremely negligent conduct which creates an unjustifiable and a very high degree of risk of death or serious bodily injury to another constitute murder? | Homicide - Memo 130 - RK.docx | ROSS-003297501-ROSS-003297502 |
| State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063 | 366+1 | "Subrogation" is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | Is subrogation a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it? | Subrogation - Memorandum - 587 - RM C.docx | ROSS-003298736-ROSS-003298737 |
| Hill v. Cross Country Settlements, 402 Md. 281 | 366+1 | Subrogation is also a remedy invoked by courts to prevent unjust enrichment, and for this purpose it is appropriate in any case where restitution is warranted and the remedy can be given without working injustice. | "Is subrogation also a remedy invoked by courts to prevent unjust enrichment, and for this purpose is it appropriate that in any case where restitution is warranted the remedy can be given without working injustice?" | Subrogation - Memo # 471 - C - SA.docx | ROSS-003299049-ROSS-003299050 |
| Thrower v. Anson, 276 Neb. 102 | 366+32 | "Subrogation" involves the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities. | "Does subrogation involve the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities?" | Subrogation - Memo 311 - RM C.docx | ROSS-003299552-ROSS-003299553 |
| 109 Ill.App.3d 627 | 307A+716 | Absence of counsel is just one factor to be considered in granting continuance; more important factor is whether party seeking continuance has acted with diligence, and the very fact that no one has appeared to seek a continuance can be construed as lack of diligence. | "Is absence of counsel just one factor to be considered in granting a continuance and is the more important factor whether the party seeking continuance has acted with diligence, and can the very fact that no one has appeared to seek a continuance be construed as lack of diligence?" | Pretrial Procedure - Memo # 3271 - C - KG.docx | ROSS-003305129-ROSS-003305130 |
| Nationwide Mut. Fire Ins. Co. v. Gamelin, 173 Vt. 45 | 366+1 | Subrogation is an equitable doctrine that enables a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from the primarily liable party, who, in good conscience, should be required to pay. | "Does subrogation or doctrine of equitable subrogation enable a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from a party that was primarily liable party, who, in good conscience, should be required to pay?" | Subrogation - Memo # 701 - C - SA.docx | ROSS-003309773-ROSS-003309774 |
| In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | Doctrine of equitable subrogation is designed to protect parties who have actually given up property of value in order to discharge an obligation so that another party is not unjustly enriched at the parties' expense. | Is the doctrine of equitable subrogation designed to protect parties who have actually given up property of value in order to discharge an obligation so that another party is not unjustly enriched at the parties' expense? | Subrogation - Memo 289 - RM C.docx | ROSS-003310976-ROSS-003310977 |
| Roe v. Unocal Corp., 70 F. Supp. 2d 1073 | 221+351 | If court determines that military officer acted on behalf of recognized government and if lawsuit turns on challenge to officer's order, then act of state doctrine bars adjudication of matter. | "If a court determines that military officer acted on behalf of recognized government and if the lawsuit turns on a challenge to officer's order, then does an act of state doctrine bar adjudication of the matter?" | International Law - Memo # 410 - C - MLS.docx | ROSS-003312558-ROSS-003312559 |
| World Wide Minerals Ltd. v. Republic of Kazakhstahn, 116 F. Supp. 2d 98 | 221+342 | "Act of state doctrine" bars consideration of claims when the resolution of a case turns on the legality or illegality of official action taken by a foreign sovereign in its own territory. | Does the Act of state doctrine bar consideration of claims when the resolution of a case turns    on the legality or illegality of an official action taken by a foreign sovereign in its own territory? | International Law- Memo # 762 - C - NO.docx | ROSS-003322302-ROSS-003322303 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Autin v. Goetz, 524 S.W.3d 617 | 307A+501 | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Tenn. R. Civ. P. 41.01(1). | Is a plaintiffs right to voluntary dismissal without prejudice subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal? | Pretrial Procedure - Memo # 1280 - C - KS.docx | ROSS-003327985-ROSS-003327986 |
| Livingstone v. Greater Washington Anesthesiology & Pain Consultants, P.C., 187 Md. App. 346 | 30+233(2) | In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, the party challenging the admission must object at the time the evidence is actually offered. | "In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, must the party challenging the admission object at the time the evidence is actually offered and does the court need to take great care?" | Pretrial Procedure - Memo # 222 - C - CRB.docx | ROSS-003328938-ROSS-003328939 |
| In re Frankum, 399 B.R. 498 | 366+1 | Subrogation may arise in two different contexts: (1) when a person who is not liable for a debt pays a creditor and seeks reimbursement from the debtor for the monies paid to that creditor, and (2) when a person is liable for the debt as a codebtor, surety, or guarantor, and seeks reimbursement of the debt he has paid. | "Can subrogation arise when a person who is not liable for a debt pays a creditor and seeks reimbursement from the debtor for the monies paid to that creditor, and when a person is liable for the debt as a codebtor, surety, or guarantor, and seeks reimbursement of the debt he has paid?" | Subrogation - Memo 279 - ANG C.docx | ROSS-003329079-ROSS-003329080 |
| Broward Cty. v. Carney, 586 So. 2d 425 | 148+138 | "Full compensation" for the taking of private property for public purpose, within meaning of the Florida Constitution, consists of two elements: value of property taken and severance damages to the remainder, if any; other damages, such as business damages and lost profits, do not constitute a part of the constitutionally protected concept of "just" or "full" compensation, since they are intangibles which generally are not "property" in the constitutional sense. West's F.S.A. Const. Art. 10, S 6(a). | What elements constitute full compensation in eminent domain matters? | Eminent Domain - Memo 21 - AKA.doc | LEGALEASE-00002810-LEGALEASE-00002811 |
| Monk v. Temple George Assocs., 273 Conn. 108 | 272+211 | In considering whether public policy suggests the imposition of a duty in negligence action, courts consider the following four factors: (1) the normal expectations of the participants in the activity under review; (2) the public policy of encouraging participation in the activity, while weighing the safety of the participants; (3) the avoidance of increased litigation; and (4) the decisions of other jurisdictions. | What are the factors which a court will consider in determining whether public policy suggests an imposition of a duty in a negligence claim? | 005141.docx | LEGALEASE-00117254-LEGALEASE-00117255 |
| Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237 | 25T+113 | Federal Arbitration Act (FAA) codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving courts; in furtherance of this interest, court must scrupulously honor bargains implicit in arbitration agreements and interfere only when award is severely problematic. 9 U.S.C.A. S 1 et seq. | What is the intention of Congress in codifying Federal Arbitration Act? | 004903.docx | LEGALEASE-00117155-LEGALEASE-00117157 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stone-Ashe v. Dep't of Envtl. Prot., 86 Mass. App. Ct. 16 | 1.49E+20 | Upon review of an administrative decision by the Commissioner of the Department of Environmental Protection, when the subsidiary findings of an administrative magistrate rest on a resolution of credibility questions, i.e., that a fact is true because a witness testified to it and that witness is believable, the Commissioner should afford them substantial deference; even so, the Commissioner may reject subsidiary findings provided her decision contains a considered articulation of the reasons underlying that rejection. | Must the Commissioner of Environmental Conservations rejection of a magistrates finding of credibility be accompanied by an explanation? | 001055.docx | LEGALEASE-00118098-LEGALEASE-00118099 |
| Caley v. Gulfstream Aerospace Corp., 333 F. Supp. 2d 1367 | 170B+3053 | To determine whether a binding agreement to arbitrate arose between parties, federal courts apply contract law of particular state; however, the federal policy favoring arbitration is taken into consideration even in applying ordinary state law. 9 U.S.C.A. S 1 et seq. | Can federal courts apply contract law of a state to determine whether a binding agreement arose between the parties? | 001183.docx | LEGALEASE-00118418-LEGALEASE-00118420 |
| Tanner Elec. Co-op. v. Puget Sound Power & Light Co., 128 Wash. 2d 656 | 145+8.1(2.1) | For purposes of resolving electric utility service area disputes, "point of service test," or "point of delivery test," focuses on point at which electricity is delivered, rather than on point at which it is consumed; if utility provides electricity to customer within its territory, sale is proper, even if customer transports power into territory of another utility for customer's use. | Does the point of use test resolve service area disputes between electrical utilities? | 002385.docx | LEGALEASE-00119486-LEGALEASE-00119488 |
| Lesher v. Coyel, 435 S.W.3d 423 | 249+31 | Even a failure to fully and fairly disclose all material information or knowingly providing false information to the prosecutor will not defeat a complainant's probable cause, for the purpose of a malicious prosecution claim, but are instead relevant to issues of malice and causation. | Does a failure to fully disclose all material facts or knowingly providing false information to a public official defeat the probable cause for a malicious prosecution claim? | Malicious Prosecution - Memo 60 - JS.docx | LEGALEASE-00008116-LEGALEASE-00008117 |
| Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+1 | Because the purpose of equitable subrogation under Florida law is to do complete and perfect justice between the parties without regard to form or technicality, the remedy will be applied in all cases where demanded by the dictates of equity, good conscience, and public policy. | "Will the remedy of equitable subrogation be applied in all cases where demanded by the dictates of equity, good conscience, and public policy?" | Subrogation - Memo 8 - ANG.docx | ROSS-003298448-ROSS-003298451 |
| Bramon v. U-Haul, 945 S.W.2d 676 | 249+27 | Three degrees of malice exist for purposes of actions for malicious prosecution; "actual malice" means ill will, spite, personal hatred, or vindictive motives, while "legal malice" embraces any improper motive, and "malice in law" is a wrongful act done intentionally without just cause or excuse. | What are the three degrees of malice in malicious prosecution actions? | 002759.docx | LEGALEASE-00120252-LEGALEASE-00120253 |
| Alcoa Inc. v. F.E.R.C., 564 F.3d 1342 | 145+1 | A party is aggrieved by an order of the Federal Energy Regulatory Commission (FERC) and may petition for judicial review under the Federal Power Act (FPA) if it can establish both the constitutional and prudential requirements for standing, including an actual or imminent, not conjectural or hypothetical, injury in fact. Federal Power Act, S 313(a), 16 U.S.C.A. S 825l(a). | How does a party establish that he is an aggrieved Party under the Federal Energy Regulatory Commission (FERC) order? | 002839.docx | LEGALEASE-00119942-LEGALEASE-00119944 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Alcoa Inc. v. F.E.R.C., 564 F.3d 1342 | 145+1 | A party is aggrieved by an order of the Federal Energy Regulatory Commission (FERC) and may petition for judicial review under the Federal Power Act (FPA) if it can establish both the constitutional and prudential requirements for standing, including an actual or imminent, not conjectural or hypothetical, injury in fact. Federal Power Act, S 313(a), 16 U.S.C.A. S 825l(a). | How does a party establish that he is an aggrieved Party under the Federal Energy Regulatory Commission (FERC) order? | Electricity - Memo 42 - JS.docx | LEGALEASE-00009032-LEGALEASE-00009034 |
| In re Pihl, 560 B.R. 1 | 366+1 | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | What factors must be determined before equitable subrogation can be applied? | Subrogation - Memo 77 - ANG C.docx | ROSS-003298298-ROSS-003298299 |
| Nat'l Labor Relations Bd. v. Little River Band of Ottawa Indians Tribal Gov't, 788 F.3d 537 | 209+222 | Indian tribes retain broad residual power over intramural affairs, and may determine tribal membership, regulate domestic relations among members, prescribe rules of inheritance among members, punish tribal offenders, and exclude outsiders from entering tribal land. | Does an Indian tribe retain power to regulate tribal membership and domestic relations among members? | 003234.docx | LEGALEASE-00120739-LEGALEASE-00120740 |
| Howard Univ. v. Roberts-Williams, 37 A.3d 896 | 307A+3 | Rulings on motions in limine normally are considered provisional, in the sense that the trial court may revisit its pre-trial evidentiary rulings in the context of the presentation of the evidence in the case. | "Are rulings on motions in limine normally considered provisional, in the sense that the trial court may revisit its pre-trial evidentiary rulings in the context of the presentation of the evidence in the case?" | Pretrial Procedure - Memo # 231 - C - ES.docx | ROSS-003283439-ROSS-003283440 |
| First Specialty Ins. Corp. v. Novapro Risk Sols., LP, 468 F. Supp. 2d 1321 | 366+26 | Under New Jersey law, "subrogation" is equitable rather than contractual doctrine, applied in interest of justice when one party who is not volunteer pays obligation which should be imposed on another. | "Is subrogation an equitable rather than contractual doctrine, applied in interest of justice when one party who is not volunteer pays obligation which should be imposed on another?" | 043694.docx | LEGALEASE-00121322-LEGALEASE-00121323 |
| Bainbridge v. Travelers Cas. Co. of Connecticut, 159 P.3d 748 | 366+1 | Equitable subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | Is equitable subrogation a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it? | Subrogation - Memo # 501 - C - NO.docx | ROSS-003311204-ROSS-003311206 |
| In re Karp, 373 B.R. 837 | 366+1 | Four requirements must be met in order for potential subrogee to assert right of subrogation under Illinois law: (1) debt or claim must have been paid in full; (2) subrogee must have paid debt for which third party, and not subrogee, is primarily liable; (3) subrogor must possess right which he could enforce against third party; and (4) subrogee must not have acted as mere volunteer in paying debt or claim. | What four requirements must be met in order for a potential subrogee to assert the right of subrogation? | 043862.docx | LEGALEASE-00121418-LEGALEASE-00121419 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sunshine v. Bankers Tr. Co., 34 N.Y.2d 404 | 366+4 | Statute providing that, if payor bank has paid item over stop payment order of drawer, to prevent unjust enrichment and only to extent necessary to prevent loss to bank by reason of its payment of item, payor bank shall be subrogated to rights of maker against payee with respect to transaction out of which item arose confers on bank substantive rights of subrogation, even if technical mechanical requirements of common-law subrogation have not been met. Uniform Commercial Code, S 4-407. | When does payor bank have to be subrogated to rights of drawer against payee to prevent unjust enrichment? | 044058.docx | LEGALEASE-00121514-LEGALEASE-00121515 |
| Kansas City, Mo. v. Tri-City Const. Co., 666 F. Supp. 170 | 239+7 | All that is necessary for surety's equitable right of subrogation and equitable lien upon retained funds to attach to the exclusion of the contractor is that the contractor be in default as a matter of fact and that the surety become obligated to pay under its payment bond and discharge the obligation. | What is necessary for a surety's equitable right of subrogation and equitable lien upon retained funds to attach to the exclusion of the contractor? | Subrogation - Memo # 693 - C - SA.docx | ROSS-003284060-ROSS-003284061 |
| Walker Process Equip. Co. v. Cooley Bldg. Corp., 129 Vt. 333 | 366+1 | "Subrogation" is an equity called into existence for purpose of enabling party secondarily liable but who has paid debt to reap benefit of any securities or remedies which creditor may hold against principal debtor and by use of which party paying may thus be made whole. | Does the doctrine of equitable subrogation or subrogation enable a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from the primarily liable party? | 044075.docx | LEGALEASE-00121609-LEGALEASE-00121610 |
| State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063 | 366+1 | The pertinent differences between assignment and subrogation include the following: (1) assignment transfers the entire value of the claim, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee, (2) assignees are typically voluntary investors, whereas subrogees, usually insurers, are obligated to pay the insured's obligation to a third party, and (3) assignment is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. | What are the pertinent differences between assignment and subrogation? | 044445.docx | LEGALEASE-00121669-LEGALEASE-00121670 |
| A/S Ivarans Rederi v. United States, 895 F.2d 1441 | 15A+1339 | Private, regulated parties cannot agree to waive subject matter jurisdiction of agency charged with statutory responsibility to insure that parties implement agreements as approved by and filed with that agency. | Can private regulated parties waive the subject matter jurisdiction of the agency charged with the statutory responsibility to insure that parties implement agreements as approved by and filed with that agency? | Alternative Dispute Resolution - Memo 377 - RK.docx | ROSS-003284964-ROSS-003284965 |
| Builders Supply Co. v. Czerwinski, 275 Neb. 622 | 309+115(1) | The general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | Is there a general rule that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control? | Subrogation - Memo # 739 - C - SU.docx | ROSS-003297105-ROSS-003297106 |
| W. Sur. Co. v. Loy, 3 Kan. App. 2d 310 | 366+7(1) | Where subrogation is sought by surety to the rights of the original creditor as against third parties, there must have been either participation in original wrongful act or negligence on the part of the third party sought to be charged, but it is not necessary that such negligence be culpable or gross. | "Where subrogation is sought by a surety to the rights of the original creditor as against third parties, should there be participation in an original wrongful act or negligence on the part of the third party sought to be charged?" | Subrogation - Memo # 741 - C - SA.docx | ROSS-003297150-ROSS-003297151 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| R.S.B. Ventures v. Berlowitz, 211 So. 3d 259 | 13+61 | A cause of action for legal malpractice in the litigation context does not accrue until the litigation is concluded by final judgment and the final judgment becomes final, meaning that the time for filing an appeal or postjudgment motions has expired or, if an appeal was taken, the underlying legal proceeding has been completed on appellate review. | Does a cause of action for legal malpractice in the litigation context accrue before the litigation is concluded by final judgment? | Action - Memo # 51 - C - LK.docx | ROSS-003310831-ROSS-003310832 |
| United States v. Jefferson, 674 F.3d 332 | 63+1(1) | In order to establish the quid pro quo essential to proving bribery, government need not show that the defendant intended for his payments to be tied to specific official acts or omissions; rather, bribery can be accomplished through an ongoing course of conduct. 18 U.S.C.A. S 201. | Does the Government need to show that the defendant intended for his payments to be tied to specific official acts or omissions in order to establish the quid pro quo essential to proving bribery? | 011020.docx | LEGALEASE-00122600-LEGALEASE-00122601 |
| Genter v. Blair Cty. Convention & Sports Facilities Auth., 805 A.2d 51 | 148+2.1 | Merely having house that is somewhat less desirable to live in does not constitute type of exceptional circumstance needed to prove de facto taking of entire residential property. 26 P.S. S 1-502(e). | Does merely having a house that is less desirable to live in constitute the type of exceptional circumstance needed to prove a de facto taking of an entire residential property? | 017467.docx | LEGALEASE-00122703-LEGALEASE-00122704 |
| Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "Under the act of state doctrine, will the courts of one country sit in judgment on the acts of the government of another, done within its own territory?" | International Law - Memo # 101 - C - LK.docx | ROSS-003298819-ROSS-003298820 |
| Warfaa v. Ali, 33 F. Supp. 3d 653 | 92+2588 | Like the political question doctrine, the act of state doctrine is derived in part from the concern that the Judiciary, by questioning the validity of a foreign government's acts, could interfere with the Executive Branch's conduct of foreign affairs. | "Like the political question doctrine, is the act of state doctrine derived in part from the concern that the judiciary could interfere with the conduct of foreign affairs?" | 019670.docx | LEGALEASE-00123841-LEGALEASE-00123843 |
| Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 | 221+342 | The "act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of the public acts a recognized foreign sovereign power committed within its own territory. | QuestionDoes the act of state doctrine preclude the courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | International Law - Memo # 65 - C - LK.docx | LEGALEASE-00012932-LEGALEASE-00012933 |
| Lizarbe v. Rondon, 642 F. Supp. 2d 473 | 221+342 | To determine whether the act of state doctrine applies, as would prevent a district court from adjudicating a dispute involving assessment of official actions of a foreign sovereign, court considers (1) the degree of consensus regarding a certain area of international law, (2) extent to which the issue touches sharply on national nerves, and (3) whether the government that perpetrated the actions is no longer in existence. | What factors does a court consider in determining whether the act of state doctrine applies? | 019986.docx | LEGALEASE-00123191-LEGALEASE-00123192 |
| Fed. Republic of Germany v. Elicofon, 358 F. Supp. 747 | 221+134 | A government is in every sense of the word acting in international affairs when it seeks aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole. | Is a government acting in international affairs when it seeks the aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole? | International Law - Memo # 187 - C - PHS.docx | LEGALEASE-00013131-LEGALEASE-00013132 |
| Fed. Republic of Germany v. Elicofon, 358 F. Supp. 747 | 221+134 | A government is in every sense of the word acting in international affairs when it seeks aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole. | Is a government acting in international affairs when it seeks the aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole? | International Law - Memo # 187 - C - PHS.docx | ROSS-003297306-ROSS-003297307 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid. | Does the act of state doctrine require acts of foreign sovereigns taken within their own jurisdiction to be deemed valid? | 020050.docx | LEGALEASE-00123453-LEGALEASE-00123454 |
| Branch v. F.T.C., 141 F.2d 31 | 221+134 | The United States in exercising its sovereign control over its commerce and acts of its resident citizens therein does not invade sovereignty of any other country or attempt to act beyond territorial jurisdiction of the United States. | "Does the United States, in exercising its sovereign control over its commerce and acts of its resident citizens therein invade sovereignty of any other country, or attempt to act beyond territorial jurisdiction of the United States?" | International Law - Memo # 229 - C - CRB.docx | ROSS-003298596-ROSS-003298597 |
| Siderman de Blake v. Republic of Argentina, 965 F.2d 699 | 221+342 | "Act of state doctrine" is not a jurisdictional limit on courts, but reflects prudential concern that the courts, if they question the validity of sovereign acts by foreign states, may be interfering with the conduct of American foreign policy by the Executive and Congress; doctrine does not bar action for lack of subject matter jurisdiction but for failure to state claim on which relief can be granted. Fed.Rules Civ.Proc.Rule 12(b)(1, 6), 28 U.S.C.A. | "Does the act of state doctrine reflect the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy?" | 020092.docx | LEGALEASE-00123413-LEGALEASE-00123415 |
| Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "Is the act of state doctrine a non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" | 020109.docx | LEGALEASE-00123122-LEGALEASE-00123124 |
| Harper v. Patterson, 270 Ga. App. 437 | 307A+3 | A motion in limine is a pretrial motion which may be used two ways: (1) movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined during course of trial outside the presence of the jury; and (2) movant seeks a ruling on the admissibility of evidence prior to the trial. | "Is ""motion in limine"" the name commonly given a pretrial motion that attempts to prevent the offer of, or reference to, specific evidence or other matter in the presence of the jury?" | 024054.docx | LEGALEASE-00123013-LEGALEASE-00123014 |
| Evans v. Family Inns of Am., 141 N.C. App. 520 | 30+205 | Rulings on motions in limine are merely preliminary and subject to change during the course of trial, depending on the actual evidence offered at trial, and thus, objection to an order granting or denying such motion is insufficient to preserve for appeal the question of the admissibility of evidence. | Is an objection to an order granting or denying such motion insufficient to preserve for appeal the question of the admissibility of evidence? | 024189.docx | LEGALEASE-00123116-LEGALEASE-00123117 |
| Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | "With respect to the admission and exclusion of evidence in ruling on motions in limine, is a court's discretion limited by the legal principles applicable to the case?" | Pretrial Procedure - Memo 354 - RK.docx | ROSS-003285141-ROSS-003285142 |
| In re Goodman Indus., 21 B.R. 512 | 366+7(1) | Trustee, who paid secured debt owed by debtor's related real estate company to debtor's major secured lender under debtor's guarantee of the debt, was entitled to be subrogated to the lender's rights as a secured creditor against the real estate company. | "Is a trustee, who paid secured debt owed by a debtor's related real estate company the debtor's major secured lender under debtor's guarantee of the debt, entitled to be subrogated to the lender's rights as a secured creditor against a real estate company?" | Subrogation - Memo # 958 - C - MLS.docx | ROSS-003324685-ROSS-003324686 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State of New Hampshire v. State of Louisiana, 108 U.S. 76 | 221+134 | One nation may, if it sees fit, demand of another nation the payment of a debt owing by the latter to a citizen of the demanding nation, such power being recognized as an incident of national sovereignty and involving also the national powers of levying war and making treaties. | "Can one nation, if it sees fit, demand of another nation the payment of a debt owing by the latter to a citizen of the demanding nation?" | 020449.docx | LEGALEASE-00125240-LEGALEASE-00125241 |
| Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 | 221+342 | The "act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the Act of State Doctrine preclude American courts from inquiring into the validity of the public acts of recognized foreign sovereign power committed within its own territory? | International Law - Memo 347 - SB.docx | ROSS-003310687-ROSS-003310689 |
| Rapture Shipping, Ltd. v. Allround Fuel Trading B.V., 350 F. Supp. 2d 369 | 221+342 | Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, and allowing those acts and proceedings to have extraterritorial effect in the United States. | "Do United States courts ordinarily defer to proceedings taking place in foreign countries, allowing those proceedings to have extraterritorial effect in the United States?" | 020866.docx | LEGALEASE-00124893-LEGALEASE-00124895 |
| Villoldo v. Castro Ruz, 113 F. Supp. 3d 435 | 221+354 | For purposes of the "act of state doctrine" prohibiting courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, decrees by foreign governments purporting to confiscate property are the very archetype of an act of state. | Does the Act of state doctrine limit courts in United States from inquiring into validity of recognized foreign sovereign's public acts committed within its own territory? | International Law- Memo # 768 - C - SU.docx | ROSS-003311830-ROSS-003311832 |
| State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470 | 30+3209 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "Is the admission of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court that will not be disturbed absent evidence of abuse?" | 024363.docx | LEGALEASE-00124291-LEGALEASE-00124292 |
| English v. Empire Dist. Elec. Co., 220 S.W.3d 849 | 30+3209 | Although appellant alleged that the trial court abused its discretion on a pretrial ruling on a motion in limine, the correct standard was that the trial court "clearly erred" or committed "plain error" in its ruling because a ruling on a motion in limine was merely a preliminary expression of the trial court's opinion as to the admissibility of the evidence and court could change its ruling anytime during the trial if presented with proper circumstances. | "Is a ruling on a motion in limine final, or is the court always free to change its ruling when the issue comes up in the context of a trial?" | 031965.docx | LEGALEASE-00124279-LEGALEASE-00124280 |
| Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection which may be made at trial. | Does a motion in limine provide a means by which a party may seek guidance from the trial court regarding an evidentiary question? | 036784.docx | LEGALEASE-00125491-LEGALEASE-00125492 |
| Higgins v. Columbia Gas of Ohio, 136 Ohio App. 3d 198 | 317A+111 | Pure contract and common-law tort claims against a public utility may be brought in a common pleas court, as the Public Utilities Commission has no power to judicially ascertain and determine legal rights and liabilities, or to award damages. R.C. S 4905.26. | Are pure contract and common-law torts claims against public utilities brought in a common pleas court? | 042280.docx | LEGALEASE-00124959-LEGALEASE-00124961 |
| In re Pihl, 560 B.R. 1 | 366+1 | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | When determining whether equitable subrogation applies what do courts look for? | Subrogation - Memo 1001 - C- CAT.docx | ROSS-003323988-ROSS-003323989 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Pihl, 560 B.R. 1 | 366+1 | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | Are there factors that must be determined before equitable subrogation can be applied? | Subrogation - Memo 1009 -- C- CAT.docx | ROSS-003322803-ROSS-003322805 |
| In re Jones, 534 B.R. 588 | 366+1 | Equitable subrogation is doctrine which revolves around the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to party whose debt was paid. | "When a party is substituted for another whose debt the party pays, is the subrogated party entitled to rights, remedies, or securities that would otherwise belong to the debtor?" | 044406.docx | LEGALEASE-00125119-LEGALEASE-00125120 |
| Zhang v. Slattery, 55 F.3d 732 | 15A+1227 | Notice and comment provisions of Administrative Procedure Act are inapplicable to rules involving military or foreign affairs function of United States, presumably to avoid public airing of matters that might inflame or embarrass relations with other countries. 5 U.S.C.A. S 553(a)(1). | Are rules involving military or foreign affairs exempted from the notice and comment provisions of the Administrative Procedures Act? | Armed Services - Memo 39 - RK.docx | ROSS-003285009-ROSS-003285010 |
| United States v. Jones, 207 F. Supp. 3d 576 | 63+1(1) | For an act by a public official to qualify as an "official act" under the federal bribery statute: (1) it must connote, refer, or involve a focused and concrete formal exercise of governmental power that is pending before the public official performing the act, or before another public official, or is within the specific duties of an official's position, and (2) the public official must make a decision or take action on that act or agree to do so. 18 U.S.C.A. S 201(a)(3). | What is an official act under the bribery statute? | 011048.docx | LEGALEASE-00126022-LEGALEASE-00126023 |
| United States v. Greer, 956 F. Supp. 531 | 221+397 | Congress was constitutionally authorized to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to conduct taking place upon the high seas. U.S.C.A. Const. Art. 1, S 8, cl. 10; Maritime Drug Law Enforcement Act, S 3, 46 App.U.S.C.A. S 1903. | Is Congress constitutionally authorized to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to conduct taking place upon the high seas? | 020930.docx | LEGALEASE-00125938-LEGALEASE-00125939 |
| Bate v. Davis, 309 Ky. 709 | 307A+551 | An action cannot be maintained if commenced before accrual of cause which is sought to be enforced, and such an action should be dismissed without prejudice to plaintiff's right to begin a new action on accrual of the cause; and, upon proper and timely objection being made, the nonexistence of a cause of action when suit was started is a fatal defect which cannot be cured by accrual of cause pending suit. | Can an action be maintained if it commenced before the accrual of the cause of action sought to be enforced? | 005691.docx | LEGALEASE-00126520-LEGALEASE-00126521 |
| E. Minerals Int'l v. United States, 36 Fed. Cl. 541 | 148+277 | For ripeness purposes, in cases involving legislatively-established application process, takings claim normally does not arise until after permit has been sought and denied and effect of denial results in economic detriment; however, plaintiffs are not required to exhaust such procedures if it would be futile to do so. | "In cases involving a legislatively-established application process, does the takings claim arise until after a permit has been sought and denied and the effect of the denial results in economic detriment?" | Eminent Domain - Memo 284 - GP.docx | ROSS-003286547-ROSS-003286548 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Mount Dora v. JJ's Mobile Homes, 579 So. 2d 219 | 317A+113 | When each of two public service utility entities, whether governmental or private, have legal basis for claim of right to provide similar services in same territory, and each has present ability to promptly and efficiently do so, that entity with earliest acquired legal right has exclusive legal right to provide service in that territory without interference from entity with later acquired claim of right. | Does an entity providing a similar service as another in the same territory have an exclusive right to provide service in that territory if the entity had an earlier acquired right? | 042396.docx | LEGALEASE-00126534-LEGALEASE-00126535 |
| Ussery v. Darrow, 238 Ala. 67 | 150+73 | The principle of "laches" is that complainant will be precluded from relief where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult, if not impossible, to do justice, and court need not be satisfied that original claim was unjust, or has been satisfied, or is barred by limitations or prescription. | When will a plaintiff by his laches be precluded from relief? | 005417.docx | LEGALEASE-00126844-LEGALEASE-00126845 |
| Haefner v. First Nat. Bank of Elmwood Place, 67 Ohio App. 213 | 352+40 | If a plaintiff or defendant has no valid and subsisting title or right to subject of his action or counterclaim at time of its commencement, he may not, by subsequent acquisition, or perfection of such right or title, remedy the defect so as to succeed in the action. | "If a plaintiff or defendant has no valid and subsisting title or right to subject of his action or counterclaim at time of its commencement, may he remedy the defect so as to succeed in the action?" | 006251.docx | LEGALEASE-00127145-LEGALEASE-00127146 |
| Barbieri v. Mount Sinai Hosp., 264 A.D.2d 1 | 413+1 | For employees, workers' compensation statute ensures a swift and sure source of benefits in exchange for the loss of a common-law tort claim for which benefits, potentially, might be greater. McKinney's Workers' Compensation Law S 10. | Does the workers compensation statute ensure employees a swift and sure source of benefits in exchange for the loss of a common-law tort claim for which benefits might be greater? | 048152.docx | LEGALEASE-00126948-LEGALEASE-00126949 |
| Casey v. Ne. Utilities, 249 Conn. 365 | 413+1 | Under Workers' Compensation Act, employee surrenders his right to bring common law action against employer, thereby limiting employer's liability to the statutory amount, and in return, employee is compensated for his losses without having to prove liability; Act compromises employee's right to common law tort action for work-related injuries in return for relatively quick and certain compensation. C.G.S.A. S 31-275 et seq. | "Under the Workers' Compensation Act, does an employee surrender his right to bring a common law action against the employer by limiting the employers liability to the statutory amount?" | Workers Compensation - Memo #41 ANC.docx | LEGALEASE-00017146-LEGALEASE-00017147 |
| Persinger v. Peabody Coal Co., 196 W. Va. 707 | 413+1 | Benefits of workers' compensation system accrue both to employer, who is relieved from common-law tort liability for negligently inflicted injuries, and to employee, who is assured prompt payment of benefits. | "Do the benefits of the workers compensation system accrue to both the employer, who is relieved from common-law tort liability for negligently inflicting injuries, and to the employee, who is assured prompt payment of benefits?" | 048414.docx | LEGALEASE-00126852-LEGALEASE-00126853 |
| Edward Balf Co. v. Town of E. Granby, 152 Conn. 319 | 13+65 | Zoning regulations are presumed to be for welfare of entire community, and mere institution of legal proceeding to determine rights should not be allowed to "freeze" rights and possibly upset development of community according to its comprehensive plan. | "Since zoning regulations are presumed to be for the welfare of an entire community, should an institution of a legal proceeding to determine rights be allowed to ""freeze"" rights?" | 005894.docx | LEGALEASE-00127564-LEGALEASE-00127565 |
| City of Owatonna v. Chicago, R. I. & P. Ry. Co., 156 Minn. 475 | 250+172 | When a court is asked to exercise the extraordinary power of mandamus, it is not limited to a consideration of the facts and conditions as they existed at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue. | "In exercising the extraordinary power of mandamus, is the court limited to a consideration of the facts and conditions as they existed at time the proceeding was initiated?" | Action - Memo # 673 - C - SS.docx | ROSS-003289876-ROSS-003289877 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Karavolos v. Brown Derby, 99 Ohio App. 3d 548 | 413+1 | In context of workers' compensation matters the definition of and principles governing torts apply, so one may consider that proximate cause of event is that which in natural and continuous sequence, unbroken by any new, independent cause, produces event, and without which that event would not have occurred. | How principles governing torts do applies in the context of workers compensation matters? | 048508.docx | LEGALEASE-00127584-LEGALEASE-00127585 |
| United States v. Woods, 21 M.J. 856 | 258A+500 | The President has both constitutional and statutory authority to promulgate rules and regulations for the Government of the United States Army, and, so long as military rules prescribed by President are not inconsistent with congressional statutes, they are within scope of his authority as Commander in Chief. | Do military rules prescribed by the President come within the scope of his authority as commander in chief if they are inconsistent with the congressional statutes? | 008297.docx | LEGALEASE-00128579-LEGALEASE-00128580 |
| Leisure v. Leisure, 605 N.E.2d 755 | 413+1 | Federal worker's compensation system, created for similar policy reasons as state worker's compensation system, gives employees quicker and more certain relief than common-law tort action. | "Does the federal workers compensation system, created for similar policy reasons as a states workers compensation system, give employees quicker and more certain relief than common-law tort actions?" | 047715.docx | LEGALEASE-00128720-LEGALEASE-00128721 |
| Openshaw v. FedEx Ground Package Sys., 731 F. Supp. 2d 987 | 25T+134(6) | Numerous factors may make an arbitration provision substantively unconscionable, including severe restrictions on discovery, high arbitration costs borne by one party, limitations on remedies, and curtailed judicial review; essentially, an arbitration provision is substantively unconscionable if it creates an arbitration procedure that favors one party over another. 9 U.S.C.A. SS 2, 4. | What are the factors that make an arbitration provision substantively unconscionable? | 007298.docx | LEGALEASE-00129039-LEGALEASE-00129040 |
| Zechman v. Merrill Lynch, Pierce, Fenner & Smith, 742 F. Supp. 1359 | 25T+140 | Where one term of arbitration agreement has failed, decision between substituting a new term for the failed provision and refusing to enforce the agreement altogether turns on the intent of the parties at the time the agreement was executed, as determined from the language of the contract and the surrounding circumstances. | Do courts look to the intent of the parties in deciding whether to substitute a new term for a failed provision or refusing to enforce the agreement altogether? | 007320.docx | LEGALEASE-00129603-LEGALEASE-00129604 |
| Petritz v. Albertsons, 187 Mont. 102 | 307A+502 | In using its discretion in determining whether to grant motion for voluntary dismissal, court should consider expense and inconvenience that will result to defendant, other prejudicial consequences and whether terms and conditions attached to the dismissal may make defendant reasonably whole. M.R.Civ.P., rule 41(a), (a)(2). | "In ruling on motion for voluntary dismissal by order of court, should a district court consider the expense and inconvenience that will result to a defendant?" | 025918.docx | LEGALEASE-00129490-LEGALEASE-00129491 |
| Louis R. Shapiro v. Milspemes Corp., 20 A.D.2d 857 | 307A+501 | Ordinarily, plaintiff has right to discontinue pending action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby, and even then right may be exercised subject to terms imposed by courts. CPLR Rule 3217(a), par. 1. | Should a plaintiff be permitted to discontinue the action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby? | Pretrial Procedure - Memo # 1292 - C - PB.docx | ROSS-003300458-ROSS-003300460 |
| Bowie v. Montfort Jones Mem'l Hosp., 861 So. 2d 1037 | 307A+19 | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | Does trial judges have considerable discretion in managing the pre-trial discovery process in their courts? | 026582.docx | LEGALEASE-00129962-LEGALEASE-00129963 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dunham v. Roer, 708 N.W.2d 552 | 307A+718 | Court considers two factors when determining whether to grant a continuance; first, the court considers whether the moving party has been diligent in obtaining or seeking discovery, and, second, the court considers whether the moving party seeks further discovery with the good faith belief that material facts will be uncovered, or is merely engaging in a "fishing expedition". | What two factors does a court consider when determining whether to grant a continuance? | Pretrial Procedure - Memo # 1622 - C - SJ.docx | LEGALEASE-00019991-LEGALEASE-00019993 |
| In re Gormally, 550 B.R. 27 | 302+8(15) | Under New York law, burden rests on the party alleging fraud to set forth the necessary elements and to plead with the requisite particularity, which requires the party to enumerate the circumstances constituting the wrong in detail sufficient to inform a defendant with respect to the incidents complained of. N.Y. CPLR S 3016(b). | Does the party alleging fraud have the burden to plead fraud with particularity? | Pleading - Memo 248 - RMM.docx | ROSS-003287390-ROSS-003287391 |
| Siller v. Rivituso-Siller, 129 S.W.3d 433 | 307A+44.1 | Exercise of trial court's discretion concerning response to non-compliance with pretrial discovery or other pretrial orders should be directed toward accomplishment of fundamental fairness and avoidance of unfair surprise. | Should the exercise of a trial court's discretion concerning a response to non-compliance with pretrial discovery or other pretrial orders be directed toward the accomplishment of fundamental fairness and avoidance of unfair surprise? | 026786.docx | LEGALEASE-00130445-LEGALEASE-00130446 |
| Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+749.1 | A pretrial order is to limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | Does a pretrial order control the subsequent course of an action unless modified at the trial to prevent manifest injustice? | 026890.docx | LEGALEASE-00130481-LEGALEASE-00130482 |
| King v. Thompkins, 186 Ga. App. 12 | 307A+749.1 | Pretrial order controls subsequent course of action unless modified at trial to prevent manifest injustice; if claim or issue is omitted from pretrial order, it is waived. O.C.G.A. S 9-11-16(b). | Does a pretrial order control the subsequent course of action unless modified at the trial to prevent manifest injustice and if a claim or issue is omitted from the order is it waived? | 027035.docx | LEGALEASE-00131026-LEGALEASE-00131027 |
| King v. Mayor & Council of Rockville, 249 Md. 243 | 307A+717.1 | Important factor in exercise of court's discretion to grant continuance is whether witness who is unavailable will be able to be present within reasonable time. Maryland Rules, Rule 527. | Is an important factor in exercise of court's discretion to grant continuance is whether witness who is unavailable will be able to be present within reasonable time? | Pretrial Procedure - Memo # 2046 - C - VP.docx | ROSS-003288074-ROSS-003288075 |
| Florida Marine Enterprises v. Bailey, 632 So. 2d 649 | 307A+749.1 | Except in cases of clear abuse of discretion prejudicial to affected party, circuit courts must be allowed to enforce pretrial orders to achieve orderly and efficient administration of justice, fair to all parties. | "Can circuit courts be allowed to enforce pretrial orders to achieve orderly and efficient administration of justice, fair to all parties?" | 027511.docx | LEGALEASE-00130729-LEGALEASE-00130730 |
| Blackwood v. United States, 187 F. Supp. 3d 837 | 34+5(8) | Challenges to the decisions of military correction boards, such as the United States Army Board for Correction of Military Records, are reviewable under the Administrative Procedure Act (APA), which empowers courts to set aside final administrative agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C.A. S 706(2)(A); 38 U.S.C.A. S 1975. | Does the Administrative Procedure Act (APA) allow individuals to challenge the final actions of the military? | 008937.docx | LEGALEASE-00132461-LEGALEASE-00132462 |
| United States v. Dreyer, 804 F.3d 1266 | 34+3(2) | Posse Comitatus Act (PCA) eliminates the direct active use of federal troops by civil law authorities, and prohibits Army and Air Force military personnel from participating in civilian law enforcement activities. 18 U.S.C.A. S 1385. | Does the Posse Comitatus Act (PCA) prohibit Army and Air Force military personnel from participating in civilian law enforcement activities? | 008950.docx | LEGALEASE-00132479-LEGALEASE-00132480 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Fed'n of Musicians v. Superior Court In & For Los Angeles Cty., 150 Cal. App. 2d 165 | 307A+331 | Code of Civil Procedure provision authorizing inspection of writings is remedial in nature and therefore should be liberally construed, and use of remedy provided therein should be encouraged rather than discouraged. West's Ann.Code Civ.Proc., S 1000. | "Is the Code of Civil Procedure provision authorizing inspection of writings remedial in nature and therefore should be liberally construed, and use of remedy provided therein should be encouraged rather than discouraged?" | 027256.docx | LEGALEASE-00132245-LEGALEASE-00132247 |
| Hart v. Redmond Reg'l Med. Ctr., 300 Ga. App. 641 | 307A+517.1 | Mere voluntary dismissal of an action is not a final disposition, so as to divest the trial court of jurisdiction, because Georgia law allows an action to be renewed after dismissal; final disposition does not occur until a second dismissal, expiration of the original applicable period of limitations, or six months after the discontinuance or dismissal, whichever is later. West's Ga.Code Ann. S 9-11-41(a). | "Is mere voluntary dismissal of an action a final disposition, so as to divest the trial court of jurisdiction?" | 028098.docx | LEGALEASE-00132513-LEGALEASE-00132514 |
| C.C. Collings & Co. v. Com., 88 Pa. Cmwlth. 184 | 371+2001 | Necessity of elevating substance over semantics in categorization of tax legislation has as one consequence the impropriety of applying case authorities to species of taxation other than those made subject of judicial decision. | "Is impropriety of applying case authorities to species of taxation, a consequence of necessity of elevating substance over semantics in categorization of tax legislation?" | 044935.docx | LEGALEASE-00131985-LEGALEASE-00131986 |
| United States v. Bailey, 444 U.S. 394 | 151+11 | To be entitled to instruction on duress or necessity as defense to charge of escape, escapee must offer evidence justifying his continued absence from custody as well as his initial departure, and indispensable element of such offer is testimony of bona fide effort to surrender or return to custody as soon as claimed duress or necessity has lost its coercive force. 18 U.S.C.A. S 751(a). | "If a defendant fails to present sufficient evidence of an affirmative defense, does the court have to instruct the jury to consider that defense?" | 011365.docx | LEGALEASE-00133190-LEGALEASE-00133191 |
| United States v. Wright, 665 F.3d 560 | 63+1(1) | An honest services fraud prosecution for bribery requires the factfinder to determine two things: (1) it must conclude that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take; and (2) it must conclude that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor, and the intent of both parties may be inferred from circumstantial evidence. 18 U.S.C.A. S 1346. | What are the questions that the factfinder needs determine in an honest services fraud prosecution for bribery? | 011465.docx | LEGALEASE-00133119-LEGALEASE-00133120 |
| Budget Charge Accounts v. Peters, 213 Ga. 17 | 302+8(3) | A petition which states mere legal conclusions of conspiracy, collusion, and fraud with no facts alleged upon which to base them except general and loose allegations consisting of statements without facts upon which the conclusions are based, does not state a cause of action to cancel loan deed, to restrain assignee of loan deed from selling property and damages. | " a cause of action stated in a petition which states mere legal conclusions of conspiracy, collusion, and fraud without alleging facts?" | Pleading - Memo 286 - RMM.docx | LEGALEASE-00022641-LEGALEASE-00022642 |
| Country Club Home v. Harder, 228 Kan. 756 | 30+3107 | When pretrial order is agreed on by parties and followed by trial court in deciding issues as set forth in order, parties have acquiesced therein and cannot enlarge those issues on appeal; such an order when entered controls subsequent course of action unless modified at trial to prevent manifest injustice. Rules of Civil Procedure, K.S.A. 60-216. | Does a pretrial order entered by court control subsequent course of action? | 027142.docx | LEGALEASE-00133322-LEGALEASE-00133323 |
| VSD Commc'ns v. Lone Wolf Pub. Grp., 124 N.C. App. 642 | 307A+517.1 | Voluntary dismissal does not bar trial court from awarding attorney's fees where dismissed action was frivolously filed or maintained in absence of justiciable issue. G.S. S 6-21.5; Rules Civ.Proc., Rules 11(a), 41, G.S. S 1A-1. | Does a voluntary dismissal bar a trial court from awarding attorney's fees where the dismissed action was frivolously filed or maintained in absence of justiciable issue? | 028283.docx | LEGALEASE-00133648-LEGALEASE-00133649 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Scarantino v. Pub. Sch. Employees' Ret. Bd., 68 A.3d 375 | 63+1(1) | For public official to be found guilty of bribery for accepting or agreeing to accept from another any pecuniary benefit as consideration for a recommendation, public official must have acted intentionally, knowingly, or recklessly. 18 Pa.C.S.A. S 4701. | "Is it essential to show that the public official acted intentionally, knowingly, or recklessly, to be found guilty of bribery for accepting or agreeing to accept from another any pecuniary benefit as consideration for a recommendation?" | 011230.docx | LEGALEASE-00134072-LEGALEASE-00134073 |
| State ex rel. Johnson v. Circuit Court of Milwaukee Cty., 61 Wis. 2d 1 | 307A+69.1 | Trial court has the discretion to allow audio-video recordings of depositions of witnesses to be made and admitted in evidence in addition to stenographic and transcribed recordings provided for in statutes. W.S.A. 887.09, 887.10; Fed.Rules Civ.Proc. rule 30(b)(4), 28 U.S.C.A. | Does a trial court have the discretion to allow audio-video recordings of depositions of witnesses to be made and admitted in evidence in addition to stenographic and transcribed recordings provided for in statutes? | Pretrial Procedure - Memo # 2924 - C - ES.docx | ROSS-003290326-ROSS-003290327 |
| Young v. Brown, 154 Ga. App. 452 | 307A+486 | Evidence would have to be presented and considered by trial court as to whether merits of the action would be subserved by allowing defendant to withdraw admissions and whether plaintiffs would be prejudiced by withdrawal in maintaining their action on the merits. Code, S 81A-136. | Will evidence have to be presented and considered by a trial court as to whether merits of the action would be subserved by allowing a defendant to withdraw admissions and whether plaintiffs would be prejudiced by withdrawal in maintaining their action on the merits? | 028719.docx | LEGALEASE-00134544-LEGALEASE-00134545 |
| Time Warner v. Gonzalez, 441 S.W.3d 661 | 307A+486 | For purposes of rule requiring trial court to allow withdrawal of deemed admissions that are merits-preclusive, unless the party requesting withdrawal acted with flagrant bad faith or callous disregard of the rules, "bad faith" is not simply bad judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Will the trial court allow withdrawal of the deemed admissions when the party requesting withdrawal acts with flagrant bad faith or callous disregard of the rules? | 028729.docx | LEGALEASE-00134840-LEGALEASE-00134841 |
| Salazar v. Collins, 255 S.W.3d 191 | 307A+486 | Good cause supporting decision to grant a request to withdraw deemed admissions is established by a showing that the failure to respond to the request for admissions was an accident or mistake, not intentional or the result of conscious indifference; even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result. | "Is good cause supporting decision to grant a request to withdraw deemed admissions established by a showing that the failure to respond to the request for admissions was an accident or mistake, not intentional or the result of conscious indifference?" | Pretrial Procedure - Memo # 2971 - C - KG.docx | ROSS-003291661-ROSS-003291662 |
| Fibreboard Corp. v. Pool, 813 S.W.2d 658 | 307A+486 | Trial court has broad discretion to permit or deny withdrawal of deemed admissions when nonanswering party presents sufficient evidence to establish good cause for failure to make timely answers to requested admissions; however, court must also find that withdrawals can be ordered without causing undue prejudice to party relying on admissions and that presentation of merits of action will be subserved by withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Should a court find that withdrawals can be ordered without causing undue prejudice to party relying on admissions and that presentation of merits of action will be subserved by withdrawal? | 028934.docx | LEGALEASE-00134347-LEGALEASE-00134348 |
| Spiecker v. Petroff, 971 S.W.2d 536 | 307A+486 | Rule regarding withdrawal of deemed admissions should not be construed to give one litigant advantage over his opponent, permitting him to have judgment without supporting testimony, when without injustice to either party, case can be opened for full hearing on evidence. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | Should the rule regarding withdrawal of deemed admissions be construed to give one litigant advantage over his opponent? | 029027.docx | LEGALEASE-00134141-LEGALEASE-00134142 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marlowe v. Lott, 212 Ga. App. 679 | 307A+486 | Court may grant motion to withdraw admissions of fact when presentation of merits will be subserved thereby and party obtaining admission fails to satisfy court that withdrawal will prejudice maintaining his action or defense on merits. O.C.G.A. S 9-11-36(b). | Can a court grant a motion to withdraw admissions of fact when a party obtaining admission fails to satisfy a court that withdrawal will prejudice maintaining his action or defense on merits? | 029047.docx | LEGALEASE-00134287-LEGALEASE-00134288 |
| Approximately $14,980.00 v. State, 261 S.W.3d 182 | 180+104(1) | Trial court erred when it relied on local court rules in refusing to consider property owner's evidence regarding non-receipt of service of State's requests for admissions in seizure and forfeiture proceeding under the Code of Criminal Procedure; Rule of Civil Procedure governing methods of service entitled owner to opportunity to present evidence of non-receipt, conflicts between local rules and the Rules of Civil Procedure were to be resolved in favor of the Rules, the deemed admissions were merits-preclusive, there was no indication that owner acted in flagrant bad faith or callous disregard for the rules, and due process required that court consider, absent evidence of flagrant bad faith or callous disregard for the rules, a motion to strike deemed admissions that are merits-preclusive. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rules 3a(1), 21a; Vernon's Ann.Texas C.C.P. art. 59.01. | "Should a trial court permit withdrawal of merits-preclusive, deemed admissions if the record contains no evidence of flagrant bad faith or callous disregard for the rules?" | 029081.docx | LEGALEASE-00134559-LEGALEASE-00134560 |
| Campero USA Corp. v. STPC Partners, 410 F. Supp. 2d 1268 | 25T+205 | Under the Federal Arbitration Act (FAA), upon motion of a party, district courts must compel arbitration of all claims subject to arbitration, but on the other hand, the FAA does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement; because parties are free to structure their arbitration agreements as they see fit, they may limit by contract the issues which they will arbitrate. 9 U.S.C.A. S 1 et seq. | Can parties to an arbitration agreement limit by a contract the issues that they will arbitrate? | 007533.docx | LEGALEASE-00135791-LEGALEASE-00135793 |
| Matter of Wong, 252 Mont. 111 | 15A+1421 | In making decision on request for continuance due to lack of counsel, court or agency must assess whether party petitioning for continuance has acted diligently in seeking counsel. | "In making a decision on a request for continuance due to lack of counsel, should a court or agency assess whether party petitioning for continuance has acted diligently in seeking counsel?" | 029237.docx | LEGALEASE-00135479-LEGALEASE-00135480 |
| Martin v. Wyatt, 243 Ga. App. 31 | 307A+716 | Continuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge. O.C.G.A. S 9-10-155. | "Are continuances because of the absence of counsel not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge?" | 029311.docx | LEGALEASE-00135427-LEGALEASE-00135428 |
| Robertson-Ryan & Assocs. v. Pohlhammer, 112 Wis. 2d 583 | 307A+716 | Where there is no good cause for defendant's absence, a motion to continue the case on that basis may properly be denied particularly when the real purpose in seeking a continuance is to delay trial. | "Where there is no good cause for defendant's absence, may a motion to continue the case on that basis properly be denied particularly when the real purpose in seeking a continuance is to delay trial?" | Pretrial Procedure - Memo # 3467 - C - SHS.docx | ROSS-003289733-ROSS-003289734 |
| Grynberg v. Karlin, 134 P.3d 563 | 307A+483 | When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment. Rules Civ.Proc., Rule 36. | "When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, may these admissions then be used to support a summary judgment?" | 029708.docx | LEGALEASE-00135437-LEGALEASE-00135438 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| P.R.S. Int'l v. Shred Pax Corp., 292 Ill. App. 3d 956 | 307A+483 | On discovery request to admit, court may not consider controverted ultimate facts and legal conclusions just because party has failed to respond to request within 28 day statutory period. Sup.Ct.Rules, Rule 216. | "On discovery request to admit, may a court not consider controverted ultimate facts and legal conclusions just because a party has failed to respond to the request within the 28 day statutory period?" | 029910.docx | LEGALEASE-00135595-LEGALEASE-00135596 |
| Dell Dev. Corp. v. Best Indus. Unif. Supply Co., 743 S.W.2d 302 | 30+3239 | Decision of whether to grant motion for continuance, or to continue case sua sponte, rests within discretion of trial court; action of trial court will not be disturbed unless record discloses clear abuse of discretion. | "Does the decision of whether to grant a motion for continuance, or to continue case sua sponte, rest within the discretion of a trial court?" | 030502.docx | LEGALEASE-00135776-LEGALEASE-00135777 |
| Acorn Iron Works v. Auditor Gen., 295 Mich. 143 | 371+2001 | Tax exactions, property or excise, must rest upon legislative enactment, and collectors can act only within express authority conferred thereby, and the scope of such laws cannot be extended by implication or forced construction, and language, if dubious, is not resolved against the taxpayer. | Can the scope of tax laws be extended by implication or forced construction? | 045253.docx | LEGALEASE-00135099-LEGALEASE-00135100 |
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | Good will gift to an official to foster a favorable business climate, given simply with the generalized hope or expectation of ultimate benefit on the part of the donor, does not constitute a "bribe" for purposes of statute prohibiting bribery of public officials and witnesses. 18 U.S.C.A. S 201(b)(1)(A). | Does a good will gift to an official to foster a favorable business climate constitute a bribe for purposes of statute prohibiting bribery of public officials and witnesses? | Bribery - Memo #461 - C-JL.docx | ROSS-003331993-ROSS-003331994 |
| Moscow Fire Ins. Co. v. Bank of New York & Tr. Co., 280 N.Y. 286 | 221+321 | Though state court may not sit in judgment on act of government of foreign country within its own territory or choose between different policies, where no choice is open under established rules of law, it is guided by common-law principles and traditions embodied in state Constitution, statutes, and judicial decisions, where there is room for choice. | "Can a state sit in judgment upon the acts of the government of another, done within its own territory?" | 020704.docx | LEGALEASE-00136575-LEGALEASE-00136576 |
| Cross v. Cross, 891 N.E.2d 635 | 307A+486 | In the context of rule allowing a party deemed to have made admissions due to failure to respond to request for admissions to seek withdrawal of admissions, "prejudice" does not mean that the party who has obtained the admission will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of its case. Trial Procedure Rule 36(B). | "In the context of rule allowing a party deemed to have made admissions due to failure to respond to request for admissions to seek withdrawal of admissions, does ""prejudice"" mean that the party who has obtained the admission will lose the benefit of the admissions?" | Pretrial Procedure - Memo # 3254 - C - KA.docx | LEGALEASE-00026139-LEGALEASE-00026140 |
| Landry v. State, 562 So. 2d 843 | 307A+716 | Trial court has the discretion to refuse continuance where defendant in bad faith neglects to obtain counsel within time provided, but court may apply that discretion only after reasonable inquiry and warning. | Does a trial court have the discretion to refuse continuance where defendant in bad faith neglects to obtain counsel within time provided? | 029412.docx | LEGALEASE-00136236-LEGALEASE-00136237 |
| Jones v. Green, 74 Cal. App. 2d 223 | 30+3239 | The granting or refusing of a continuance on account of illness or absence of counsel rests largely, if not wholly, in discretion of trial court, and such discretion will not be reviewed unless it is clearly abused. | "Does the granting or refusing of a continuance on account of illness or absence of counsel rest largely in discretion of trial court, and such discretion will not be reviewed unless it is clearly abused?" | Pretrial Procedure - Memo # 3370 - C - SB.docx | ROSS-003331322-ROSS-003331323 |
| Kelly v. Gaines, 181 S.W.3d 394 | 307A+716 | When a motion for continuance is premised on the withdrawal of counsel, the movant must show that the failure to be represented at trial is not due to his own fault or negligence, and this principle likewise applies when new counsel is retained shortly before trial. | "When a motion for continuance is premised on the withdrawal of counsel, must the movant show that the failure to be represented at trial is not due to his own fault or negligence, and this principle likewise applies when new counsel is retained shortly before trial?" | Pretrial Procedure - Memo # 3395 - C - BP.docx | ROSS-003332090-ROSS-003332091 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gray v. Gray, 102 Ohio App. 239 | 307A+716 | There is not any constitutional, statutory, or other provision which gives party right to choose a particular lawyer to represent him in trial of action without regard to whether such lawyer has time to try the case. | "Is there not any constitutional, statutory, or other provision which gives party right to choose a particular lawyer to represent him in trial of action without regard to whether such lawyer has time to try the case?" | Pretrial Procedure - Memo # 3717 - C - PC.docx | ROSS-003290537-ROSS-003290538 |
| Williams v. Gould, 232 Neb. 862 | 307A+723.1 | Application for continuance must be in writing and supported by affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings. Neb.Rev.St. S 25-1148. | Should an application for continuance be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or a sufficient reason necessitating postponement of proceedings? | Pretrial Procedure - Memo # 3955 - C - BP.docx | ROSS-003289902-ROSS-003289903 |
| Bowers v. Fred W. Amend Co., 72 Ga. App. 714 | 307A+718 | Trial court did not abuse its discretion in overruling motion for continuance based upon absence of material witness, in absence of showing that such witness lived in county or had been subpoenaed, and where it appeared that witness was serving overseas in United States Army and there was no reason to expect that he would be present at next term of court. Code, S 81-1410. | Should an application for continuance state that the absent witness is expected to be procured at the next term? | 030339.docx | LEGALEASE-00136473-LEGALEASE-00136474 |
| Ramsey v. Criswell, 850 S.W.2d 258 | 307A+486 | Party seeking to have deemed admissions withdrawn has burden to prove good cause for failure to make timely answers, that withdrawal of admissions would not prejudice opposing party, and that presentation of merits would be subserved by withdrawal; requirement of good cause may be established by showing that failure to file was not intentional or in conscious disregard of obligation to timely file answer, and under this standard, even slight excuse for original failure to answer is sufficient. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subds. 1, 2. | Is the burden of proof on the party seeking withdrawal of deemed admissions to establish good cause for failure to make timely answers to requested admissions? | 030766.docx | LEGALEASE-00136177-LEGALEASE-00136178 |
| Killian Const. Co. v. Tri-City Const. Co., 693 S.W.2d 819 | 307A+483 | Civil rule (V.A.M.R. 59.01), relating to requests for admissions, empowers the trial court to accept the default of the party addressed to answer as admission of the matters requested and to deem them as conclusively established. | Does the civil rule relating to requests for admissions empower the trial court to accept the default of the party addressed to answer as admission of the matters requested and to deem them as conclusively established? | 030486.docx | LEGALEASE-00137083-LEGALEASE-00137084 |
| Martinez v. Scandroli, 130 Ill. App. 3d 712 | 307A+723.1 | Once a cause is reached for hearing, no motion for continuance is to be heard without sufficient excuse being shown for the delay in so moving, and movant is then required to present especially grave reasons to support his request. S.H.A. ch. 110A, P 231(f). | "Once a cause is reached for hearing, is no motion for continuance to be heard without a sufficient excuse being shown for the delay in so moving?" | 030557.docx | LEGALEASE-00137810-LEGALEASE-00137811 |
| Serrano v. Ryan's Crossing Apartments, 241 S.W.3d 560 | 307A+723.1 | For purposes of rule requiring verification of a motion for a continuance, "verification" is a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. Vernon's Ann.Texas Rules Civ.Proc., Rule 251. | "For purposes of rule requiring verification of a motion for a continuance, is ""verification"" a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document?" | 030587.docx | LEGALEASE-00137925-LEGALEASE-00137926 |
| Body, Vickers & Daniels v. Custom Mach., 77 Ohio App. 3d 587 | 307A+720 | Where party objecting to augmented or supplemental pleadings is not prepared to proceed under new pleadings, court may still allow amendment and grant continuance to enable opposing party to meet new evidence. Rules Civ.Proc., Rule 15. | "Where a party objecting to augmented or supplemental pleadings is not prepared to proceed under new pleadings, may a court still allow amendment and grant continuance?" | Pretrial Procedure - Memo # 4578 - C - NS.docx | ROSS-003304219-ROSS-003304220 |
| Eagle River Mobile Home Park, Ltd. v. Dist. Court In & For Eagle Cty., 647 P.2d 660 | 302+239(2) | Where prejudice which would be suffered by opposing party from amending of other party's pleadings is lack of adequate time to prepare his case, this hardship may be avoided by granting a continuance of the trial date. | "Where prejudice which would be suffered by an opposing party from amending of other party's pleadings is lack of adequate time to prepare his case, may this hardship be avoided by granting a continuance?" | 031222.docx | LEGALEASE-00137131-LEGALEASE-00137132 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lloyd F. Ukwu, P.C. v. Bell Atl.-Washington, D.C. Inc., 652 A.2d 1109 | 307A+726 | Dismissal of counterclaim without prejudice was justified by counterclaimant's failure to appear at scheduling conference and failure to oppose earlier motions to strike and dismiss counterclaim, despite counterclaimant's allegations that he never received notice; record reflected both that notice was sent to counterclaimant and that he had a history of claiming lack of notice. | Would the dismissal of counterclaim without prejudice be justified by counterclaimant's failure to appear at scheduling conference? | 031439.docx | LEGALEASE-00137485-LEGALEASE-00137486 |
| BioMagic v. Dutch Bros. Enterprises, 729 F. Supp. 2d 1140 | 25T+151 | Inclusion of a generic choice of law clause in a contract does not reflect intent to be bound by specific state procedural rules on arbitration that differ from the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | Does an inclusion of a generic choice of law clause in a contract reflect the intent of the parties to be bound by specific state procedural rules which differ from Federal Arbitraton Act (FAA)? | 007595.docx | LEGALEASE-00138993-LEGALEASE-00138994 |
| Stevenson v. Aquila Foreign Qualifications Corp., 326 S.W.3d 920 | 307A+36.1 | When a plaintiff expressly alleges a right to recover for the exact same injury or damage from independent tortfeasors, the non-settling independent tortfeasor should be permitted to conduct limited discovery regarding the details of a settlement with the other tortfeasor; otherwise, the non-settling independent tortfeasor is deprived access to evidence necessary to prove the affirmative defense of satisfaction. | "When a plaintiff expressly alleges a right to recover for the exact same injury or damage from independent tortfeasors, should the non-settling independent tortfeasor be permitted to conduct limited discovery?" | Pretrial Procedure - Memo # 4532 - C - SS.docx | ROSS-003291065-ROSS-003291067 |
| Pub. Nat. Bank v. Nat'l City Bank, 261 N.Y. 316 | 307A+92 | Right of examination of party before trial is not as matter of law dependent upon purpose or necessity to establish affirmative claim or defense, but court in its discretion may permit examination of party having burden of proof throughout. Civil Practice Act, S 288. | Is the right of examination of a party before trial not as matter of law dependent upon a purpose or necessity to establish an affirmative claim or defense? | 031129.docx | LEGALEASE-00138596-LEGALEASE-00138597 |
| Ridgeway v. Ridgeway, 180 Conn. 533 | 307A+726 | As a general rule, a somewhat stronger showing must be made to support a motion for a continuance where the moving party has obtained prior continuances, particularly where the claim is premised on the ill health of a party. | "Can a stronger showing be made to support a motion for a continuance where the moving party has obtained prior continuances, where the claim is premised on the ill health of a party?" | 031821.docx | LEGALEASE-00138592-LEGALEASE-00138593 |
| Stony Brook I Homeowners Ass'n v. Superior Court, 84 Cal. App. 4th 691 | 307A+36.1 | Court must not generously order disclosure of the private financial affairs of nonparties without a careful scrutiny of the real needs of the litigant who seeks discovery. | Should a court generously order disclosure of the private financial affairs of nonparties without a careful scrutiny of the real needs of the litigant who seeks discovery? | 032030.docx | LEGALEASE-00138309-LEGALEASE-00138311 |
| Bloyed v. Gen. Motors Corp., 881 S.W.2d 422 | 307A+36.1 | Discovery of settlement negotiations and settlement calculus in class action is proper only when objectors seeking discovery lay foundation by adducing from other sources evidence indicating that settlement may be result of collusion. | Is the discovery of settlement negotiations and settlement calculus in class action proper only when objectors seeking discovery lay foundation by adducing from other sources evidence indicating that settlement may be result of collusion? | 031905.docx | LEGALEASE-00139279-LEGALEASE-00139280 |
| Melendez Camilo v. United States, 642 F.3d 1040 | 34+7(2) | When a military officer is involuntarily separated from active duty, or mandatorily retired, for twice failing to be selected for promotion, she may apply for relief to the appropriate correction board. 10 U.S.C.A. S 1552(a). | "Can a person apply for relief when a military officer is involuntarily separated from active duty, or mandatorily retired, for twice failing to be selected for promotion?" | 008543.docx | LEGALEASE-00139644-LEGALEASE-00139645 |
| United States v. Kincaid-Chauncey, 556 F.3d 923 | 372+1014(10) | Quid pro quo necessary for a bribery honest services fraud conviction need not be explicit, and the district court need not use the words "quid pro quo" when it instructs the jury so long as the essential idea of give-and-take is conveyed. 18 U.S.C.A. S 1343. | Does the quid pro quo necessary for a bribery honest services fraud conviction need to be explicit? | 012055.docx | LEGALEASE-00140672-LEGALEASE-00140673 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bedford v. White, 106 Colo. 439 | 296+2 | A "pension" is not a matter of contract and is not founded on legal liability, and no legal vested right thereto exists, but instead "pension" is mere bounty or gratuity given by government in consideration or recognition of meritorious past services, or of loss or damage sustained in public services, and springs from appreciation and graciousness of sovereign, and may be bestowed on such persons and on such terms as legislature prescribes. | Should pensions be subject to such limitations as may be imposed? | 022780.docx | LEGALEASE-00140536-LEGALEASE-00140537 |
| Travers v. Jennings, 39 S.C. 410 | 307A+74 | 18 St. at Large, p. 373, S 3, Act 1883, relating to depositions on commission, provides that every deposition so taken shall be retained by the officer taking it until he delivers it, with his own hand, into the court for which it is taken, or it shall "be by such officer sealed up" and directed and forwarded to such court, either by mail or express, and "remain under his seal" until opened in court, etc. Held, that a deposition transmitted to the court by mail in a sealed envelope is not admissible in evidence unless the notary by some act, such as the use of sealing wax with his notarial seal stamped thereon, or his name written across it, or the writing of his name across the flap of the envelope after sealing it, evinces that the package sent to the court is his work. | "Shall every deposition so taken be retained by the officer taking it until he delivers it, with his own hand, into the court?" | 032476.docx | LEGALEASE-00140522-LEGALEASE-00140523 |
| Borrego v. United States, 577 F. Supp. 408 | 411+8 | Under statute granting Secretary of Agriculture power to make and promulgate rules and regulations concerning "occupancy and use" of national forests, Secretary has broad authority to issue use permits under such regulations as he may make and upon such terms and conditions as he may deem proper. 16 U.S.C.A. SS 551, 580l. | Which statute empowers the Secretary of Agriculture to make rules regarding occupancy and use of national forests? | Woods and Forest - Memo 72 - ANM.docx | ROSS-003330627-ROSS-003330628 |
| Jaggie v. Northstar Tubular Corp., 195 A.D.2d 336 | 63+6(1) | While complaint alleged that accounting firm was actually involved in offering bribe, it did not allege that bribe was offered without knowledge of proposed recipient's principal or that plaintiff was harmed, as required to allege commercial bribery in first degree under New York Penal Law, as predicate act for Racketeer Influenced and Corrupt Organizations Act (RICO) claim. McKinney's Penal Law S 180.03; 18 U.S.C.A. S 1961(1). | "To state a commercial bribery claim, is it required to allege that the bribe was offered without the knowledge of the proposed recipient's principal?" | 012061.docx | LEGALEASE-00140742-LEGALEASE-00140743 |
| United States v. Jefferson, 562 F. Supp. 2d 687 | 63+6(1) | An indictment under the bribery statute is sufficient if the acts alleged to have been undertaken in return for the bribe are among the defendant's official duties or among the settled customary duties or practices of his office. 18 U.S.C.A. S 201. | Under the bribery statute is an indictment sufficient if the acts alleged to have been undertaken in return for the bribe are among the defendant's official duties or among the settled customary duties or practices of his office? | Bribery - Memo #744 - C-JL.DOCX | ROSS-003300741 |
| Kissinger v. Sch. Dist. No. 49 of Clay Cty., 163 Neb. 33 | 307A+483 | Where a party properly serves requests for admissions of relevant matters of fact, failure to make proper response within time allotted constitutes admission of facts sought to be elicited. R.S.Supp.1955, S 25-1267.41. | "Where a party properly serves requests for admissions of relevant matters of fact, does failure to make a proper response within the time allotted constitute an admission of facts sought to be elicited?" | 030697.docx | LEGALEASE-00141344-LEGALEASE-00141345 |
| Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+474 | Determination of whether there was no good reason for denial, whether requested admission was of substantial importance, and amount of expenses awarded for establishing fact denied, if any, are within sound discretion of trial court. West's Ann.Cal.C.C.P. S 2034(c). | "Is determination of whether there was no good reason for denial, and amount of expenses awarded for establishing fact denied, within the sound discretion of trial court?" | 030730.docx | LEGALEASE-00141471-LEGALEASE-00141472 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Williams v. Gould, 232 Neb. 862 | 307A+36.1 | Any party to action in which special appearance has been filed is entitled to discovery authorized by Nebraska Discovery Rules to ascertain facts relevant to court's jurisdiction over person of defendant. | Is any party to an action in which a special appearance has been filed entitled to discovery authorized by rules to ascertain facts relevant to a court's jurisdiction over a person of defendant? | 032151.docx | LEGALEASE-00141372-LEGALEASE-00141373 |
| Matter of Heftel Broad. Honolulu, 57 Haw. 175 | 371+2005 | Basic test of state jurisdiction to tax is whether the tax bears some reasonable fiscal relation to the protection, opportunities and benefits given by the state, i. e., whether the state has provided something for which in fairness it can ask such a return. U.S.C.A.Const. art. 1, S 8, cl. 3; Amend. 14. | "Is whether the tax bears some reasonable fiscal relation to the protection, opportunities and benefits given by the state, the basic test of the state jurisdiction to tax?" | 045486.docx | LEGALEASE-00141756-LEGALEASE-00141757 |
| Greenlee v. Dukes Plastering Serv., 75 S.W.3d 273 | 413+46 | Workers' compensation law is entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. | "When interpreting a statute, like workers compensation law, must a court ascertain the intent of the legislature and give effect to that intent if possible?" | 048166.docx | LEGALEASE-00142063-LEGALEASE-00142064 |
| People v. Adams, 19 Cal. App. 4th 412 | 63+1(1) | The gist of the crime of bribery is the wrong done to the People by corruption in the public service, and thus, the public servant who agrees to and does manipulate events, not to benefit himself or a third party, but for the personal satisfaction of commanding obedience, is said to receive no bribe. Penal Law S 200.10. | Is the gist of the crime of bribery the wrong done to the people by corruption in the public service? | Bribery - Memo #335 - C-CSS.docx | ROSS-003301601-ROSS-003301602 |
| Gerrity Oil & Gas Corp. v. Magness, 946 P.2d 913 | 260+51(1) | In the absence of statutes, regulations, or lease provisions to the contrary, unless conduct of oil and gas operator in accessing, exploring, drilling, and using surface is reasonable and necessary to development of mineral interest, conduct is "trespass." | "Is the conduct of an operator in accessing, exploring, drilling, and using the surface trespass if it is not reasonable and necessary to the development of the mineral interest?" | 021410.docx | LEGALEASE-00143540-LEGALEASE-00143541 |
| King v. Mayor & Council of Rockville, 249 Md. 243 | 307A+717.1 | Important factor in exercise of court's discretion to grant continuance is whether witness who is unavailable will be able to be present within reasonable time. Maryland Rules, Rule 527. | "While granting or refusing of a continuance, is it an important factor in the exercise of a courts discretion that whether the witness who is unavailable will be able to be present within a reasonable time?" | 033018.docx | LEGALEASE-00143536-LEGALEASE-00143537 |
| Main Rehab. & Diagnostic Ctr. v. Liberty Mut. Ins. Co., 376 S.W.3d 825 | 307A+554 | Until a party has satisfied the requirement to exhaust administrative remedies, the trial court lacks subject-matter jurisdiction and must dismiss those claims without prejudice to refiling. | "Does the trial court lack subject-matter jurisdiction until a party has satisfied the requirement to exhaust all administrative remedies, and must dismiss those claims without prejudice to refiling?" | Pretrial Procedure - Memo # 5760 - C - VA.docx | ROSS-003304815-ROSS-003304816 |
| Addison v. Avshalumov, 153 A.D.3d 477 | 307A+746 | To be relieved of a default in appearing at a compliance conference in a personal injury action, a plaintiff is required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action. McKinney's CPLR 5015(a)(1). | "To be relieved of a default in appearing at a compliance conference in a personal injury action, is a plaintiff required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action?" | 033067.docx | LEGALEASE-00142447-LEGALEASE-00142448 |
| Adelson v. Hananel, 510 F.3d 43 | 170B+2081 | Court of Appeals must accept the plaintiff's properly documented evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing, irrespective of whether the defendant disputes them, and in so doing, Court of Appeals must construe them in the light most congenial to the plaintiff's jurisdictional claim; those facts put forward by the defendant become part of the mix only to the extent that they are uncontradicted. | Should the court construe the plaintiff's evidentiary proffers in the light most congenial to the plaintiff's jurisdictional claim? | 033080.docx | LEGALEASE-00142518-LEGALEASE-00142519 |
| Shaw v. Transp. Life Ins. Co., 498 S.W.2d 495 | 307A+726 | Trial court did not abuse its discretion in failing to grant plaintiff a second continuance prior to ruling on summary judgment motion brought by adverse party. | Will the court abuse its discretion in failing to grant plaintiff a second continuance prior to ruling on summary judgment motion brought by adverse party? | 033094.docx | LEGALEASE-00142583-LEGALEASE-00142584 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Corsentino v. Cordova, 4 P.3d 1082 | 307A+554 | If the issue whether a public entity qualifies for immunity under the emergency vehicle exception to waiver of immunity under the Governmental Immunity Act (GIA) is raised before trial, the issue is properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction. West's C.R.S.A. S 24-10-106(1)(a); Rules Civ.Proc., Rule 12(b)(1). | Is the issue properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction if governmental immunity is raised before trial in a tort case? | 033433.docx | LEGALEASE-00142907-LEGALEASE-00142908 |
| Carman-Crothers v. Brynda, 2014 IL App (1st) 130284 | 307A+560 | When moving for dismissal for plaintiff's failure to exercise reasonable diligence in obtaining service on a defendant, defendant must make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint. Sup.Ct.Rules, Rule 103(b). | Should a defendant make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint? | Pretrial Procedure - Memo # 6225 - C - SK.docx | ROSS-003289613 |
| Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 307A+560 | Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. Sup.Ct.Rules, Rule 103(b). | "Can a plaintiff complain where the dismissal resulted from his own lack of diligence in effectuating service, although controversies should ordinarily be resolved on their merits after both sides have had their day in court?" | 033751.docx | LEGALEASE-00142868-LEGALEASE-00142870 |
| Whitaker v. Town of Scotland Neck, 154 N.C. App. 660 | 413+2 | Workers' Compensation Act was created to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law. West's N.C.G.S.A. S 97-1 et seq. | Was the Workers Compensation Act created to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer? | 048158.docx | LEGALEASE-00142150-LEGALEASE-00142151 |
| Bloomgarden v. Lanza, 143 A.D.3d 850 | 106+35 | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | QuestionNeed a plaintiff only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court? | Pretrial Procedure - Memo # 5533 - C - ES.docx | LEGALEASE-00033835-LEGALEASE-00033836 |
| First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+685 | When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, defendant may, but is not required to, support motion with affidavits or other evidentiary materials. Tenn. R. Civ. P. 12.02(2). | "When a trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support the motion with affidavits or other evidentiary materials?" | 032693.docx | LEGALEASE-00144153-LEGALEASE-00144154 |
| State v. N. Atl. Ref. Ltd., 160 N.H. 275 | 307A+622 | The trial court's role when ruling, under the prima facie standard, on a motion to dismiss for lack of personal jurisdiction, and the appellate court's role in its de novo review, is not as a factfinder, but as a data collector; thus, the court must accept the plaintiff's properly documented proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing. | Do the courts have the role of a data collector for the purpose of determining the adequacy of the prima facie jurisdictional showing? | 033039.docx | LEGALEASE-00143782-LEGALEASE-00143783 |
| Munson v. Valley Energy Inv. Fund, U.S., LP, 264 Or. App. 679 | 307A+680 | When considering a motion to dismiss for lack of subject matter jurisdiction, the trial court may decide disputed jurisdictional facts based on evidence submitted by the parties, but the court may not, at that stage, decide disputed facts that go to the merits of the underlying claim because to do so would deprive a party of its entitlement to a trial on disputed questions of material fact. Rules Civ.Proc., Rules 21, 47. | Must a trial court make findings of the jurisdictional facts presented with a motion to dismiss on the basis of lack of jurisdiction? | 033220.docx | LEGALEASE-00144621-LEGALEASE-00144622 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rucker v. Taylor, 828 N.W.2d 595 | 307A+560 | Dismissal for failing to timely accomplish service of process is appropriate when the failure results from inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service. I.C.A. Rule 1.302(5). | "Is dismissal for failing to timely accomplish service of process appropriate when the failure results from inadvertence, neglect, and misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service?" | 033582.docx | LEGALEASE-00143741-LEGALEASE-00143742 |
| Fernandez v. Cohn, 54 So. 3d 1040 | 307A+560 | Where no good cause or excusable neglect exists for failure to make timely service of process, a trial court is left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, to dismiss action without prejudice, or to drop unserved defendant as a party, except where statute of limitations has run, in which case discretion should normally be exercised in favor of extending time for service of process. West's F.S.A. RCP Rule 1.070(j). | "Where no good cause or excusable neglect exists for failure to make timely service of process, is a trial court left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time?" | 033611.docx | LEGALEASE-00143850-LEGALEASE-00143851 |
| Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 307A+560 | Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. Sup.Ct.Rules, Rule 103(b). | "Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, can a plaintiff not complain where the dismissal resulted from his own lack of diligence in effectuating service?" | 033665.docx | LEGALEASE-00144151-LEGALEASE-00144152 |
| Nagy v. Dist. Court of City & Cty. of Denver, 762 P.2d 158 | 307A+746 | If sanctions are warranted for failure to file trial date certificate, trial judge must craft appropriate sanction by considering complete range of sanctions and weighing sanction in light of full record in case. Rules Civ.Proc., Rule 121(c), Standard S 1-18, subd. 1(d). | "If sanctions are warranted for failure to file trial date certificate, should the trial judge craft appropriate sanction by considering the complete range of sanctions and weighing sanction in light of the full record in case?" | Pretrial Procedure - Memo # 6649 - C - PC.docx | ROSS-003289295-ROSS-003289296 |
| McAdoo v. Univ. of N. Carolina at Chapel Hill, 225 N.C. App. 50 | 307A+552 | Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | Will courts entertain or proceed with a cause merely to determine abstract propositions of law? | 034305.docx | LEGALEASE-00144187-LEGALEASE-00144188 |
| Nagy v. Dist. Court of City & Cty. of Denver, 762 P.2d 158 | 307A+746 | To impose sanction of dismissal against party for failure to comply with rule requiring filing of trial data certificate no later than 45 days before trial date, trial court must make specific finding of one of three factors on part of disobedient party: willfulness or deliberate disobedience of rule; bad-faith conduct which is flagrant disregard or dereliction of party's obligation under rule; or culpable conduct which is more than mere inadvertence or simple negligence but is gross negligence. Rules Civ.Proc., Rules 37(b)(2), 121(c), Standard S 1-18, subd. 1(a, d). | "To impose the sanction of a default judgment against a party for failure to comply with a discovery rule or order, should the trial court make a specific finding of one of three factors on the part of the disobedient party?" | 034380.docx | LEGALEASE-00144071-LEGALEASE-00144072 |
| In re Peoples, 296 N.C. 109 | 307A+552 | Whenever during course of litigation it develops that relief sought has been granted or that questions originally in controversy between parties are no longer in issue, case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | Should a case be dismissed when it develops that the questions originally in controversy between the parties are no longer at issue? | 034383.docx | LEGALEASE-00144456-LEGALEASE-00144457 |
| Quinn v. Wenco Food Sys., Co., 269 A.D.2d 437 | 307A+560 | To withstand defendant's motion to dismiss complaint for failure to serve complaint upon demand, plaintiff must demonstrate meritorious cause of action and reasonable excuse for delay. McKinney's CPLR 3012(b). | "To withstand a defendant's motion to dismiss complaint for failure to serve complaint upon demand, should a plaintiff demonstrate meritorious cause of action and reasonable excuse for delay?" | 034421.docx | LEGALEASE-00143631-LEGALEASE-00143632 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| JP Morgan Chase Bank, Nat. Ass'n v. Ilardo, 36 Misc. 3d 359 | 307A+563 | Dismissal of any claim due to a default in the observance of procedural statutes is considered a drastic remedy available only upon a clear showing of willful and contumacious conduct. McKinney's CPLR 3126, 3216. | Is dismissal of any claim due to a default in the observance of procedural statutes considered a drastic remedy available only upon a clear showing of willful and contumacious conduct? | Pretrial Procedure - Memo # 6780 - C - RF.docx | ROSS-003289371-ROSS-003289372 |
| United States v. Fernandez, 722 F.3d 1 | 63+2 | Measures to police the integrity of entities receiving federal funds fall under the scope of Congress's power under the Necessary and Proper Clause to enact the federal bribery statute, even absent evidence of an agent's authority to act specifically with respect to the covered entity's funds. U.S.C.A. Const. Art. 1, S 8, cl. 18; 18 U.S.C.A. S 666. | Do measures to police the integrity of entities receiving federal funds fall under the scope of Congress's power to enact the federal bribery statute? | 012299.docx | LEGALEASE-00145573-LEGALEASE-00145574 |
| In re Davis' Estate, 5 Whart. 530 | 289+956 | After the dissolution of a partnership by agreement, the partner who is authorized to settle the estate may borrow money on the credit of the firm for the purpose of paying the debts of the firm; and if the credit is given in good faith, though with a knowledge of the dissolution, and the money is faithfully applied to the liquidation of the joint debts, the creditor has a claim against the firm, and is not to be considered as a creditor merely of the partner borrowing. | Can the liquidating partner borrow money to pay a firm debt? | 022469.docx | LEGALEASE-00146372-LEGALEASE-00146373 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does a court have power to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process?" | 034048.docx | LEGALEASE-00145136-LEGALEASE-00145137 |
| Mazzuca v. Warren P. Wielt Tr., 59 A.D.3d 907 | 307A+46 | While a trial court has discretion to dismiss a complaint as a sanction against a plaintiff who fails to comply with a court order and frustrates the disclosure process, this drastic sanction is generally only justified when the party seeking dismissal demonstrates that the failure to comply with the request and order for disclosure was willful and contumacious. McKinney's CPLR 3126(3). | Can a trial court dismiss a complaint as a sanction if it finds that a party has willfully disregarded a court order? | 034064.docx | LEGALEASE-00145192-LEGALEASE-00145193 |
| Nagy v. Dist. Court of City & Cty. of Denver, 762 P.2d 158 | 307A+746 | In absence of willfulness, bad faith, or gross negligence on part of disobedient party, and in absence of any prejudice to other parties, trial judge is not required to impose sanctions for party's failure to comply with rule requiring filing of trial data certificate no later than 45 days before trial date. Rules Civ.Proc., Rules 37(b)(2), 121(c), Standard S 1-18, subd. 1(a, d). | "In absence of willfulness, bad faith, or gross negligence on part of a disobedient party, is the trial judge not required to impose sanctions?" | Pretrial Procedure - Memo # 6555 - C - SN.docx | ROSS-003289247-ROSS-003289248 |
| Benware v. Means, 1999-1410 (La. 1/19/00) | 307A+746 | "Death penalty" of dismissal or judgment by default is authorized in appropriate cases of disobedience of or disregard for orders pertaining to pre-trial procedure, although this extreme penalty should seldom be imposed and should be reserved for only the most flagrant case. LSA-C.C.P. art. 1551, subd. C. | "Is a ""death penalty"" of dismissal or judgment by default authorized in appropriate cases of disobedience of or disregard for orders pertaining to pre-trial procedure?" | 034292.docx | LEGALEASE-00145599-LEGALEASE-00145600 |
| Burkes v. Fas-Chek Food Mart Inc, 217 W. Va. 291 | 307A+690 | If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice; however, the circuit court shall extend the time for service if the plaintiff shows good cause for the failure. Rules Civ.Proc., Rule 4(k). | "If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, should the circuit court dismiss the action against that defendant without prejudice?" | Pretrial Procedure - Memo # 6930 - C - AC.docx | ROSS-003288543-ROSS-003288545 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Akinyemi v. JP Morgan Chase Bank, N.A., 391 Ill. App. 3d 334 | 307A+552 | If the defendant in a purported class action tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending; consequently, should the defendant then file a motion to dismiss the cause, the trial court may rule upon that motion even before it has examined the issue of class certification. | Should the underlying cause of action be dismissed as moot if the defendant in a purported class action tenders to the named plaintiff the relief requested before the class is certified? | 034726.docx | LEGALEASE-00146270-LEGALEASE-00146272 |
| Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596 | 307A+563 | When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, trial judge has inherent power and broad discretion to fashion judicial response warranted by fraudulent conduct; dismissal of claims or entire action, or entry of default judgment, may be warranted by fraud. | "When faced with a finding of fraud on the court, does the judge have broad discretion to fashion a judicial response warranted by the fraudulent conduct?" | 034758.docx | LEGALEASE-00145168-LEGALEASE-00145169 |
| Albert S. v. Dep't of Health & Mental Hygiene, 166 Md. App. 726 | 13+6 | A case that has become moot will be dismissed without a decision on the merits of the controversy unless it presents unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct, or the issue presented is capable of repetition, yet evading review. | Will a case be dismissed without a decision on the merits of the controversy if it has become moot? | 034807.docx | LEGALEASE-00145802-LEGALEASE-00145803 |
| Duarte v. Snap-on Inc., 216 So. 3d 771 | 307A+563 | Generally, unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim. | "Are factual inconsistencies, including false statements, are well managed through the use of impeachment and traditional discovery sanctions?" | 034845.docx | LEGALEASE-00146242-LEGALEASE-00146243 |
| Kornblum v. Schneider, 609 So. 2d 138 | 307A+563 | Trial court has inherent authority, in exercise of its sound judicial discretion, to dismiss an action when plaintiff has perpetrated a fraud on the court, or where a party, or the party's counsel, persistently fails or refuses to comply with court orders. | "Does a trial court have inherent authority, in exercise of its sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court?" | 10855.docx | LEGALEASE-00094834-LEGALEASE-00094835 |
| Clark v. Clark, 11 Va. App. 286 | 307A+590.1 | In order to satisfy statute to avoid automatic dismissal, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk; no party can waive this requirement. West's Ga.Code Ann. SS 9-2-60(b), 9-11-41(e). | "In order to satisfy statute to avoid automatic dismissal, should an order be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk?" | Pretrial Procedure - Memo # 7178 - C - SK.docx | ROSS-003330443-ROSS-003330444 |
| Port Auth. of Allegheny Cty. v. Div. 85, Amalgamated Transit Union, 34 Pa. Cmwlth. 71 | 307A+552 | A recognized exception to the doctrine that a case will be dismissed if at any stage of the judicial process it is rendered moot is illustrated by cases in which technically moot issues are nevertheless decided on the merits because they are of a recurring nature, capable of repeatedly avoiding review, and involve issues of important public interest. | Could a case which may be rendered moot be dismissed where issues raised are capable of repeatedly avoiding review and yet are of important public interest? | 035402.docx | LEGALEASE-00145631-LEGALEASE-00145632 |
| Rios v. Moore, 902 So. 2d 181 | 302+359 | Trial court has the authority to dismiss actions based on fraud and collusion, as well as to strike sham pleadings, but this power should be cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | Does court have inherent authority to dismiss actions based on fraud and collusion as well as to strike sham pleadings? | 035441.docx | LEGALEASE-00145226-LEGALEASE-00145227 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cole v. Carnahan, 272 S.W.3d 392 | 307A+552 | A case is moot and generally should be dismissed if a judgment rendered has no practical effect upon an existing controversy or when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible. | Will a case be rendered moot when an event occurs that makes a court's decision unnecessary or makes granting any relief by the court impossible! | 035471.docx | LEGALEASE-00145871-LEGALEASE-00145872 |
| Kornblum v. Schneider, 609 So. 2d 138 | 307A+563 | Trial court has inherent authority, in exercise of its sound judicial discretion, to dismiss an action when plaintiff has perpetrated a fraud on the court, or where a party, or the party's counsel, persistently fails or refuses to comply with court orders. | "Does the trial court have the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court?" | Pretrial Procedure - Memo # 7429 - C - SK.docx | ROSS-003291474-ROSS-003291475 |
| Kentucky Harlan Coal Co. v. Holmes, 872 S.W.2d 446 | 413+2 | Commonwealth's power to legislate public policy in area of employer/employee relations derives from its police power, and there is community interest in regulating safety in workplace requiring employers to provide for injured workers and their dependents so that they do not become burden on the community. | Is there a community interest in requiring employers to provide compensation for injured workers and their dependents so they do not become a burden on the community? | 048263.docx | LEGALEASE-00145627-LEGALEASE-00145628 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does court have power to dismiss an action when it is shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process?" | Pretrial Procedure - Memo # 7879 - C - KG.docx | ROSS-003313751-ROSS-003313752 |
| United States v. Gentile, 525 F.2d 252 | 63+3 | Failure to give Miranda warnings, even in custodial setting, would not prevent prosecution for attempt to bribe law enforcement officer made subsequent to arrest. | Would failure to give Miranda warnings prevent prosecution for an attempt to bribe law enforcement officer made subsequent to arrest? | Bribery - Memo #657 - C- JL.docx | ROSS-003285960-ROSS-003285961 |
| Reyes v. Int'l Metals Supply Co., 666 S.W.2d 622 | 307A+483 | When a party fails to answer request for admissions within period set by trial court, facts are considered to be established as a matter of law and it is usually unnecessary to file formal motion asking that request be deemed admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "When a party fails to answer request for admissions within period set by trial court, are facts considered to be established as a matter of law and is usually unnecessary to file formal motion asking that a request be deemed admitted?" | 10890.docx | LEGALEASE-00094015-LEGALEASE-00094016 |
| Fong Yue Ting v. United States, 149 U.S. 698 | 24+120 | Chinese laborers residing in the United States are entitled, like all other aliens, so long as they are permitted by the government to remain in the country, to all the safeguards of the Constitution, and to the protection of the laws in regard to their rights of person and of property, and to their civil and criminal responsibility; but, as they have taken no steps to become citizens, and are incapable of becoming such under the naturalization laws, they remain subject to the power of congress to order their expulsion or deportation whenever, in its judgment, such a measure is necessary or expedient for the public interest. | Are aliens in United States entitled to the protection of its Constitution with respect to their rights of person and property? | Aliens_Immigration and _1s6VyvvpJY0yXDhCe 4kXgLhhl3w5LiBFF.docx | ROSS-000000300-ROSS-000000301 |
| Scaccia v. State Ethics Comm'n, 431 Mass. 351 | 316P+865 | To establish a violation of gratuity statute, there must be proof of linkage to a particular official act, not merely the fact that the official was in a position to take some undefined or generalized action, such as holding a hearing on proposed legislation that, if passed, could benefit the giver of the gratuity. M.G.L.A. c. 268A, S 3(b). | Is the fact that a public official was in a position to take some form of action enough to establish a violation of the statute prohibiting bribery of a public official? | 012015.docx | LEGALEASE-00148129-LEGALEASE-00148130 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Riley v. Bi-State Transit Sys., 459 S.W.2d 753 | 48A+171(4.1) | Absent statute or ordinance regulating vehicle traffic at highway intersections, vehicle first reaching and entering intersection has right-of-way over vehicles subsequently reaching intersection unless situation would indicate to reasonably prudent man that to proceed would probably result in collision, it being duty of second arrival to allow first arrival to pass in safety. | Does a vehicle reaching an intersection first have a right of way? | 019057.docx | LEGALEASE-00148970-LEGALEASE-00148971 |
| Freeman v. United States Dep't of Interior, 83 F. Supp. 3d 173 | 260+38(14) | The government presents a prima facie case that an unpatented mining claim is invalid under the General Mining Law where a governmental mineral examiner offers expert testimony based on probative evidence that the discovery of a valuable mineral deposit has not been made within the boundaries of the contested claim. 30 U.S.C.A. S 23. | On what basis will the government presents a prima facie case where a governmental mineral examiner offers expert testimony? | 021608.docx | LEGALEASE-00148151-LEGALEASE-00148152 |
| Johnson v. Allis Chalmers Corp., 162 Wis. 2d 261 | 307A+563 | Circuit court has both statutory authority and inherent authority to sanction parties for failure to prosecute, failure to comply with procedural statutes or rules, or failure to obey court orders. W.S.A. 802.10(3)(d), 804.12(2)(a)3, 805.03. | "Does a circuit court have both statutory authority and inherent authority to sanction parties for failure to prosecute, failure to comply with procedural statutes or rules, or failure to obey court orders?" | 035073.docx | LEGALEASE-00148440-LEGALEASE-00148441 |
| Henderson v. Blalock, 465 S.W.3d 318 | 307A+581 | A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. | What are the four factors that a court will consider in deciding whether to dismiss a case for want of prosecution? | Pretrial Procedure - Memo # 8017 - C - NS_58372.docx | ROSS-003320943-ROSS-003320944 |
| Sterry v. Bethlehem Steel Corp., 64 Md. App. 175 | 413+2084 | Other than exceptions created by the act itself, the Workmen's Compensation Act provides exclusive remedy and liability, with respect to all injuries arising out of and in course of employment, as to both employers and employees who come within its purview; as such, this comprehensive and exclusive system replaces prior common-law causes of action against employers for injuries to employees. Code 1957, Art. 101, S 15. | "Besides the exceptions created by the act itself, does the Workmens Compensation Act provide the exclusive remedy and liability, with respect to all injuries arising out of and in the course of the employment, as to both employers and employees ?" | Workers Compensation - Memo #514 ANC_58487.docx | ROSS-003294138-ROSS-003294139 |
| Beadall v. Moore, 199 A.D. 531 | 8.30E+11 | Place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to the nature, validity, interpretation, and effect by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place, especially where the note would be void in the place where made and valid where payable. | What govern the interpretation of a note? | 009655.docx | LEGALEASE-00149657-LEGALEASE-00149658 |
| Jenkins v. Tucker, 18 So. 3d 265 | 307A+581 | Dismissals for want of prosecution should be employed reluctantly, and while there is no set time limit for the prosecution of an action where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld. Rules Civ.Proc., Rule 41(b). | Will dismissal for failure to prosecute be upheld only where the record shows the plaintiff has been guilty of dilatory or contumacious conduct? | 036606.docx | LEGALEASE-00149433-LEGALEASE-00149434 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rogers v. Gann, 982 So. 2d 1105 | 30+3206 | Dismissal of an action for want of prosecution is a drastic sanction; accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. | Can courts scrutinize any order terminating an action for want of prosecution and set one aside when they find an abuse of discretion? | 036617.docx | LEGALEASE-00149368-LEGALEASE-00149369 |
| Hillman v. Weatherly, 14 So. 3d 721 | 307A+690 | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | "Is the propriety of a dismissal with prejudice bolstered by the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay?" | Pretrial Procedure - Memo # 8141 - C - KI_58457.docx | ROSS-003291921-ROSS-003291922 |
| Prewitt v. Brown, 525 S.W.3d 616 | 307A+622 | The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint; in determining whether the pleadings state a claim upon which relief can be granted, only the legal sufficiency of the complaint is tested, not the strength of the plaintiff's proof. Tenn. R. Civ. P. 12.02(6). | "When considering a motion to dismiss for failure to state a claim upon which relief could be granted, does the court look only to the pleadings to determine whether a claim for relief has been stated?" | 036710.docx | LEGALEASE-00149966-LEGALEASE-00149967 |
| Prewitt v. Brown, 525 S.W.3d 616 | 307A+622 | The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint; in determining whether the pleadings state a claim upon which relief can be granted, only the legal sufficiency of the complaint is tested, not the strength of the plaintiff's proof. Tenn. R. Civ. P. 12.02(6). | "When considering a motion to dismiss for failure to state a claim upon which relief could be granted, does the court look only to the pleadings to determine whether a claim for relief has been stated?" | Pretrial Procedure - Memo # 8187 - C - SJ.docx | LEGALEASE-00039537-LEGALEASE-00039538 |
| Jones v. Rochdale Vill., 96 A.D.3d 1014 | 307A+685 | When the party moving to dismiss for failure to state a cause of action submits evidentiary material in support of his or her motion, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he or she has stated one. McKinney's CPLR 3211(a)(7). | "When the party moving to dismiss for failure to state a cause of action submits evidentiary material in support of his or her motion, does the criterion then become whether the proponent of the pleading has a cause of action?" | Pretrial Procedure - Memo # 8188 - C - SKG_58763.docx | ROSS-003294676-ROSS-003294677 |
| Andrews v. Marriott Int'l, 2016 IL App (1st) 122731 | 307A+561.1 | Under statute allowing involuntary dismissal of a claim where the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, "affirmative matter" is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | Would an affirmative matter negate the cause of action completely or refute crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint? | Pretrial Procedure - Memo # 8073 - C - KG_58967.docx | ROSS-003293117-ROSS-003293118 |
| Georgia Dep't of Med. Assistance v. Columbia Convalescent Ctr., 265 Ga. 638 | 92+3989 | Statute pursuant to which action shall automatically stand dismissed if no written order is taken in action for five years did not violate due process; statute was reasonable procedural rule in that it furthered dual purpose of preventing court records from becoming cluttered with inactive litigation and protecting litigants from dilatory counsel; moreover, statute afforded litigants opportunity to litigate their claims and required only minimal activity to avoid dismissal, and gave litigants right to renew action within six months of dismissal. U.S.C.A. Const.Amend. 14; O.C.G.A. S 9-2-60. | Do the automatic dismissal statutes have the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel? | 036544.docx | LEGALEASE-00150488-LEGALEASE-00150489 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barber v. Schmidt, 354 P.3d 158 | 307A+622 | For the non-moving party to survive a motion to dismiss for failure to state a claim upon which relief can be granted, it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action. Rules Civ.Proc., Rule 12(b)(6). | Is it enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action? | Pretrial Procedure - Memo # 8167 - C - SJ_58979.docx | ROSS-003284948-ROSS-003284949 |
| Peters v. Riggs, 2015 IL App (4th) 140043 | 307A+687 | A motion to dismiss brought pursuant to statute governing motions with respect to pleadings presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. S.H.A. 735 ILCS 5/2-615. | Does a motion to dismiss with respect to section 2615 attack the legal sufficiency of a complaint? | 036686.docx | LEGALEASE-00150334-LEGALEASE-00150335 |
| Mabra v. SF, 316 Ga. App. 62 | 307A+622 | A complaint may be dismissed on motion for failure to state a claim if it is clearly without any merit, and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim. West's Ga.Code Ann. S 9-11-12(b)(6). | Can a complaint be dismissed on motion for failure to state a claim if it is clearly without any merit? | Pretrial Procedure - Memo # 8314 - C - KI_58829.docx | ROSS-003283645-ROSS-003283646 |
| Wright v. Texas Dep't of Criminal Justice-Institutional Div., 137 S.W.3d 693 | 307A+581 | A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can court dismiss a case when the case has not been disposed of within the Supreme Court's time standard? | 037190.docx | LEGALEASE-00150878-LEGALEASE-00150879 |
| Hughes v. Fink, Fink & Assocs., 718 A.2d 316 | 307A+602 | Judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, (2) there is no compelling reason for the delay, and (3) the delay has caused some prejudice to the adverse party. | Is judgment of non pros properly entered when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? | Pretrial Procedure - Memo # 8504 - C - NC.docx | LEGALEASE-00040950-LEGALEASE-00040951 |
| Son Broad. v. United States, 52 Fed. Cl. 815 | 411+7 | Forest Service regulations governing the issuance of special use authorizations grant Forest Supervisors express actual authority to enter into binding contracts; even if the regulations are considered too ambiguous to support a finding of express actual authority, issuance of special use authorizations is sufficiently "integral" to the land management duties of a Forest Supervisor to vest them with implied actual authority to enter into binding contracts. 36 C.F.R. SS 251.51, 251.52. | Does the Forest Supervisors have the authority to enter into contracts binding the government? | 047550.docx | LEGALEASE-00151126-LEGALEASE-00151127 |
| S.C. Dep't of Transp. v. Hinson Family Holdings, 361 S.C. 649 | 200+77(2) | State Department of Transportation (DOT) and the local municipality are indispensable parties that must be joined in an action to abandon a public road; without their inclusion, they would not be bound by the decision or discharged from their maintenance duties or other obligations and liabilities. Code 1976, S 57-9-10. | Are the Department of Transportation and the local municipality indispensable parties that must be joined in an action to abandon a public road? | Highways - Memo 311 - RK_59604.docx | ROSS-003297660-ROSS-003297661 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gym Door Repairs v. Astoria Gen. Contracting Corp., 144 A.D.3d 1093 | 307A+622 | While a court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss for failure to state a cause of action, where the motion is not converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether it has stated one. McKinney's CPLR 3211(a)(7). | "Where the motion is not converted to one for summary judgment, is the criterion whether the plaintiff has a cause of action, not whether it has stated one?" | 037597.docx | LEGALEASE-00151851-LEGALEASE-00151852 |
| Zollo v. Comm'r of Correction, 133 Conn. App. 266 | 307A+680 | In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In ruling upon whether a complaint survives a motion to dismiss, should a court take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations?" | Pretrial Procedure - Memo # 8739 - C - NC_60251.docx | ROSS-003293076-ROSS-003293077 |
| 330 Acquisition Co. v. Regency Sav. Bank, F.S.B., 293 A.D.2d 314 | 307A+680 | Existence of an unambiguous written agreement setting forth the respective rights of the parties obviates the need to rely on evidence extrinsic to the contract or to indulge in factual determinations, on a motion to dismiss. | Does the existence of an unambiguous written agreement setting forth the respective rights of the parties obviate the need to rely on evidence extrinsic to the contract? | 037748.docx | LEGALEASE-00151855-LEGALEASE-00151856 |
| James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Can court enter judgment non pros where there is no compelling reason for delay? | 037887.docx | LEGALEASE-00152188-LEGALEASE-00152189 |
| Baker v. Noback, 112 Nev. 1106 | 307A+581 | Rule requiring trial court to dismiss action unless it is brought to trial within five years is intended to compel expeditious determinations of legitimate claims; dismissal after five years is mandatory, and only discretionary aspect of dismissal is whether it is with or without prejudice. Rules Civ.Proc., Rule 41(e). | "Is the rule requiring trial court to dismiss action unless it is brought to trial within five years, intended to compel expeditious determinations of legitimate claims?" | 037921.docx | LEGALEASE-00153249-LEGALEASE-00153250 |
| Nygaard v. Sioux Valley Hosps. & Health Sys., 731 N.W.2d 184 | 307A+679 | While a court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations. SDCL § 15-6-12(b). | "Is a court free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations?" | Pretrial Procedure - Memo # 8885 - C - SN_60360.docx | ROSS-003284001-ROSS-003284002 |
| Farmers Auto. Ins. Ass'n v. Neumann, 2015 IL App (3d) 140026 | 307A+679 | The test for determining the factual sufficiency of an affirmative defense is the same as that applied in deciding a motion to dismiss; the facts constituting the defense must be plainly set forth and the court will disregard any conclusions of law or fact not supported by allegations of specific fact. S.H.A. 735 ILCS 5/2-613(d). | s the test for determining the factual sufficiency of an affirmative defense the same as that applied in deciding a motion to dismiss? | Pretrial Procedure - Memo # 8930 - C - UG.docx | LEGALEASE-00042949-LEGALEASE-00042950 |
| Ball v. City of Syracuse, 60 A.D.3d 1312 | 307A+681 | In determining motions to dismiss in the context of an Article 78 proceeding, a court may not look beyond the petition and must accept all allegations in the petition as true where no answer or return has been filed. McKinney's CPLR 7801 et seq. | "In determining motions to dismiss in the context of an Article 78 proceeding, can a court not look beyond the petition and must accept all allegations in the petition as true?" | Pretrial Procedure - Memo # 9139 - C - KI_60478.docx | ROSS-003285460-ROSS-003285461 |
| Blankenship v. Kane Cty., 85 Ill. App. 3d 621 | 307A+581 | Motion to dismiss based on laches is insufficient absent some allegation of knowledge since that doctrine does not apply unless party against whom defense is asserted has discovered or should have discovered fact upon which his claim is based. S.H.A. ch. 110, § 48; Supreme Court Rules, Rule 191, S.H.A. ch. 110A, § 191. | Does motion to dismiss doctrine of laches not apply unless party against whom defense is asserted has discovered or should have discovered fact upon which his claim is based? | Pretrial Procedure - Memo # 9174 - C - KI.docx | LEGALEASE-00043234-LEGALEASE-00043235 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Oratowski v. Civil Serv. Comm'n of City of Chicago, 3 Ill. App. 2d 551 | 35+63.4(5) | An officer of the law must exercise the greatest degree of restraint in dealing with the public and he must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct, since it may be of such character or so provoked or conditioned as to be fully justified. | Should police officers conceive that every threatening word amounts to disorderly conduct? | 014363.docx | LEGALEASE-00153913-LEGALEASE-00153914 |
| Conard v. Univ. of Washington, 119 Wash. 2d 519 | 92+4224(3) | Contract awarding financial aid to college football players for three consecutive quarters did not create protected property interest in renewal of the athletic scholarships; terms of contract requiring that university consider granting renewal of the assistant were not sufficiently definite to establish legitimate claim of entitlement. U.S.C.A. Const.Amend. 14. | Do student athletes have a property interest in their athletic scholarships? | 016780.docx | LEGALEASE-00153806-LEGALEASE-00153807 |
| Ritterbusch v. Holt, 789 S.W.2d 491 | 307A+621 | A petition is sufficient to withstand a motion to dismiss for failure to state a claim if it involves substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial. | Is a petition sufficient to withstand a motion to dismiss for failure to state a claim if it invokes principles of substantive law? | 038522.docx | LEGALEASE-00154469-LEGALEASE-00154470 |
| Austin v. Clark, , 755 S.E.2d 796 | 307A+681 | Motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim; if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | "If evidence is introduced which will sustain a grant of relief to the plaintiff, is the complaint sufficient?" | 038594.docx | LEGALEASE-00154083-LEGALEASE-00154084 |
| Coleman v. City of Mesa, 230 Ariz. 352 | 307A+681 | Complaint's exhibits, or public records regarding matters referenced in a complaint, are not outside the pleading, and courts may consider such documents without converting a motion to dismiss for failure to state claim into a summary judgment motion. 16 A.R.S. Rules Civ.Proc., Rule 12(b)(6). | Are exhibits or public records appended to a complaint regarding matters within it not outside the pleading and can be considered by the courts without converting a motion to dismiss? | 038617.docx | LEGALEASE-00154541-LEGALEASE-00154542 |
| Pedersen v. Blythe, 292 P.3d 182 | 307A+681 | When considering materials outside the pleadings on motion to dismiss, court must give notice to opposing party of its intent to take judicial notice and afford him opportunity to dispute facts judicially noticed. | "When considering materials outside the pleadings on motion to dismiss, should a court give notice to opposing party of its intent to take judicial notice?" | 06626.docx | LEGALEASE-00096605-LEGALEASE-00096606 |
| State ex rel. Missouri Highway & Transp. Comm'n v. Kersey, 663 S.W.2d 364 | 307A+581 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only length of delay, but attendant circumstances; a fair test is whether the excepting party had a reasonable opportunity to bring its exceptions to trial. | Will the court consider not only the length of the delay but also attendant circumstances in deciding whether to order dismissal for failure to prosecute? | Pretrial Procedure - Memo # 9456 - C - TM_60949.docx | ROSS-003295609-ROSS-003295610 |
| Iacono v. Japan Line, Ltd., 89 A.D.2d 948 | 307A+581 | Even if a violation of a preclusion order may be deemed a "neglect to prosecute" which would bar a second action even if the judgment dismissing the first action was not on the merits, that rule cannot be applied in such a way as to shorten the period otherwise available to the plaintiff. McKinney's CPLR 205(a). | Can a rule be applied in such a way as to shorten the period otherwise available to the plaintiff? | 038859.docx | LEGALEASE-00154497-LEGALEASE-00154498 |
| Duggar v. Quality Dev. Corp., 350 So. 2d 816 | 307A+581 | Amended rule requiring that activity appear on the face of the record to prevent dismissal for failure to prosecute is not applicable to cases involving nonrecord activity prior to the effective date of the amendment. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(e). | "Is amended rule requiring that activity appear on the face of the record to prevent dismissal for failure to prosecute, applicable to cases involving non-record activity prior to the effective date of the amendment?" | 038883.docx | LEGALEASE-00154318-LEGALEASE-00154319 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| High Definition MRI, P.C. v. Travelers Companies, 137 A.D.3d 602 | 307A+685 | On a motion to dismiss for failure to state a cause of action, court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | "When dismissal is sought for failure to state a cause of action and plaintiff submits affidavits, can a court freely consider those affidavits and the criterion is whether the proponent of the pleading has a cause of action?" | 038961.docx | LEGALEASE-00154485-LEGALEASE-00154486 |
| First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+685 | When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, defendant may, but is not required to, support motion with affidavits or other evidentiary materials. Tenn. R. Civ. P. 12.02(2). | "When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support a motion with affidavits or other evidentiary materials?" | Pretrial Procedure - Memo # 9810 - C - SN_61426.docx | ROSS-003281195-ROSS-003281196 |
| Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So. 2d 178 | 307A+581 | Lesser sanctions, which may better serve interests of justice than dismissal for failure to prosecute, include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Do lesser sanctions, include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings?" | 024451.docx | LEGALEASE-00155094-LEGALEASE-00155095 |
| Hanson v. Disotell, 106 So. 3d 345 | 307A+563 | Lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Can lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct include fines, costs, or damages against plaintiff or his counsel?" | Pretrial Procedure - Memo # 10205 - C - SJ_61714.docx | ROSS-003284605-ROSS-003284606 |
| Hartmann Realtors v. Biffar, 13 N.E.3d 350 | 307A+682.1 | When deciding a motion to dismiss for failure to state a claim, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. S.H.A. 735 ILCS 5/2-615. | "When deciding a motion to dismiss for failure to state a claim, can the court not consider affidavits, the products of discovery, or documentary evidence not incorporated into the pleadings as exhibits?" | Pretrial Procedure - Memo # 9834 - C - DA_61789.docx | ROSS-003280698-ROSS-003280699 |
| Peoples Bank v. Frazee, 318 S.W.3d 121 | 307A+683 | Generally, when personal jurisdiction is contested by the filing of a motion to dismiss an action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. | "When personal jurisdiction is contested by the filing of a motion to dismiss an action, does the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient?" | Pretrial Procedure - Memo # 9891 - C - TJ_61802.docx | ROSS-003295287-ROSS-003295288 |
| First Nat. Bank of Logansport v. Logan Mfg. Co., 577 N.E.2d 949 | 156+52(1) | Doctrine of estoppel springs from equitable principles and is designed to aid law in administration of justice where, without its aid, injustice might result; its purpose is to preserve rights previously acquired and not to create new ones. | Does estoppel spring from equitable principles and is it designed to aid in the administration of justice where injustice might result? | 017767.docx | LEGALEASE-00156078-LEGALEASE-00156079 |
| Burks v. Madyun, 105 Ill. App. 3d 917 | 307A+687 | In determining legal sufficiency of complaint on motion to dismiss, all well-pleaded facts are to be taken as true, and reviewing court must determine whether allegations of complaint, when interpreted in light most favorable to plaintiff, are sufficient to set forth cause of action upon which relief may be granted. | "In reviewing a motion to dismiss a complaint as untimely, will a reviewing court take all well-pled facts in a complaint as true and will not weigh the evidence?" | 024478.docx | LEGALEASE-00155968-LEGALEASE-00155969 |
| Frenzel v. Browning-Ferris Industries, 780 S.W.2d 844 | 307A+581 | In determining whether to dismiss cause for want of prosecution, trial court may consider entire history of case, including length of time case was on file, amount of activity in the case, request for trial setting and existence of reasonable excuses for delay. | What should court consider in determining whether to dismiss cause for want of prosecution? | Pretrial Procedure - Memo # 10044 - C - KG_62386.docx | ROSS-003281604-ROSS-003281605 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Fort Wayne v. Sw. Allen Cty. Fire Prot. Dist., 82 N.E.3d 299 | 307A+684 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider not only the complaint and motion but also any affidavits or evidence submitted in support?" | Pretrial Procedure - Memo # 10067 - C - AC_62397.docx | ROSS-003319332 |
| Green v. Wiggins, 304 Ark. 484 | 241+180(7) | Under rule providing that, if service of summons is not made upon defendant within 120 days after filing of the complaint, action shall be dismissed without prejudice, "without prejudice" language does not apply if plaintiff's action is otherwise barred by running of statute of limitations. Rules Civ.Proc., Rule 4(i). | "Does a rule provide that if service of the summons is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion?" | Pretrial Procedure - Memo # 10350 - C - TJ_62177.docx | ROSS-003293391-ROSS-003293392 |
| Vosbein v. Bellias, 866 So. 2d 489 | 307A+690 | Lesser sanctions than dismissal with prejudice for want of prosecution include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Do lesser sanctions than dismissal with prejudice for want of prosecution include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, and dismissal without prejudice?" | 024756.docx | LEGALEASE-00156190-LEGALEASE-00156191 |
| Moore v. Pomory, 329 Md. 428 | 336H+85 | Dismissal of plaintiff's entire complaint "without prejudice" does not mean that case is still pending in trial court and that plaintiff may amend his complaint or file amended complaint in same action, but rather that case is fully terminated in trial court and as such, is final appealable judgment; effect of designation "without prejudice" is simply that there is no adjudication on the merits and that, therefore, new suit on same cause of action is not barred by principles of res judicata. | Does a dismissal of the plaintiff's complaint without prejudice mean that the case is still pending in the trial court and that the plaintiff can amend his or her complaint in the same action? | Pretrial Procedure - Memo # 10483 - C - SHB_62418.docx | ROSS-003292649 |
| Thomas v. Knight, 52 S.W.3d 292 | 307A+690 | When an appellate court reviews whether a trial court abused its discretion in dismissing a state prisoner's civil rights suit, it should consider whether the suit was dismissed with prejudice, and if it was, determine whether the prisoner's error could be remedied through more specific pleading; if the error could be remedied, then a dismissal with prejudice is improper. V.T.C.A., Civil Practice and Remedies Code, S 14.004. | "When reviewing whether a trial court abused its discretion by dismissing an inmate suit with prejudice, should the appellate court consider whether the inmate error could be remedied with a more specific pleading?" | 025005.docx | LEGALEASE-00157610-LEGALEASE-00157611 |
| Burton v. Allen, 628 So. 2d 814 | 307A+581 | Trial court may dismiss action, with prejudice, for lack of prosecution only when there is clear record of delay or contumacious conduct by plaintiff or serious showing of willful default. Rules Civ.Proc., Rule 41(b). | "Can a trial court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | 025008.docx | LEGALEASE-00157650-LEGALEASE-00157651 |
| Burkes v. Fas-Chek Food Mart Inc, 217 W. Va. 291 | 307A+690 | If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice; however, the circuit court shall extend the time for service if the plaintiff shows good cause for the failure. Rules Civ.Proc., Rule 4(k). | "If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, should then the circuit court dismiss the action against that defendant without prejudice?" | 025042.docx | LEGALEASE-00156701-LEGALEASE-00156702 |
| Swenson v. Sanborn Cty. Farmers Union Oil Co., 594 N.W.2d 339 | 307A+581 | Dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | "Should dismissal of a cause of action for failure to prosecute be granted when, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptness?" | Pretrial Procedure - Memo # 10711 - C - SK_62687.docx | ROSS-003320846-ROSS-003320847 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Nicklas, 713 F.3d 435 | 377E+12(1) | To sustain a conviction for transmitting in interstate commerce any communication containing any threat to injure the person of another, the government is required to prove the following elements: (1) defendant caused a transmission to be made in interstate commerce; (2) he did so knowingly; and (3) the transmission contained a threat to injure the person of another. 18 U.S.C.A. S 875(c). | What is the government required to prove to sustain a conviction for transmitting in interstate commerce any communication containing any threat to injure the person of another? | 046694.docx | LEGALEASE-00156917-LEGALEASE-00156918 |
| Chudoba v. Chudoba, 36 Misc. 2d 213 | 302+34(3) | Although pleading attacked for legal insufficiency must be accorded every fair and reasonable intendment, liberality cannot be used as substitute for matters of substance and conclusions utilized to supply material facts by inference within doctrine of liberal construction. | Should pleadings attacked for legal insufficiency be accorded every fair and reasonable intendment? | 023819.docx | LEGALEASE-00158464-LEGALEASE-00158465 |
| Texas Mut. Ins. Co. v. Olivas, 323 S.W.3d 266 | 307A+699 | A trial court does not abuse its discretion by denying a motion to reinstate a suit if the movant receives notice of the actual order of dismissal in time to file a motion to reinstate, and has an opportunity to be heard on the motion. | Does a trial court not abuse its discretion by denying a motion to reinstate a suit if the movant receives notice of the actual order of dismissal in time to file a motion to reinstate? | 025498.docx | LEGALEASE-00158717-LEGALEASE-00158718 |
| Kruis v. McKenna, 2001 PA Super 366 | 307A+699 | Before a petition to open a judgment of non pros may be granted, the moving party must: (1) promptly file a petition to open; (2) present a reasonable explanation or excuse for the default or delay that precipitated the non pros; and (3) establish that there are sufficient facts to support a cause of action. | What should the moving party do before a petition to open a judgment of non pros can be granted? | Pretrial Procedure - Memo # 10834 - C - SN_63867.docx | ROSS-003296204-ROSS-003296205 |
| Regents of Univ. of California v. Superior Court, 225 Cal. App. 3d 972 | 141E+1174(1) | Treating undocumented alien students as nonresidents for tuition purposes does not deprive them of equal protection of the laws; state has legitimate interests in denying resident tuition to undocumented aliens, such as preferring to educate its own lawful residents, avoiding enhancing employment prospects of those to whom employment is forbidden by law, and not subsidizing university education of those who may be deported. West's Ann.Cal.Educ.Code S 68062(h); West's Ann.Cal. Const. Art. 1, S 7. | Is denying resident tuition to undocumented aliens in order to not subsidize the university education of those who may be deported a legitimate state interest? | 006777.docx | LEGALEASE-00160322-LEGALEASE-00160323 |
| In re Adoption of Jason K., 41 Misc. 3d 885 | 24+179 | The issuance by a juvenile court of an order of guardianship or an order of adoption for an alien minor residing in the United States may provide a basis for the juvenile court to make the special findings necessary to submit an application to United States Citizenship and Immigration Services (USCIS) for Special Immigrant Juvenile (SIJ) status, although guardianship of an alien minor may be granted independently of any application for SIJ status. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Are special findings of juvenile court necessary to permit a juvenile to file an application for Special Immigrant Juvenile (SIJ) status? | "Aliens, Immigration and Citizenship - Memo 73 - RK_64807.docx" | ROSS-003323838-ROSS-003323839 |
| In re Lynd Co., 195 S.W.3d 682 | 228+297 | A sworn motion to extend post-judgment deadlines establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. Vernon's Ann.Texas Rules Civ.Proc., Rule 306a. | When is a trial court required to hold an evidentiary hearing? | 039620.docx | LEGALEASE-00159691-LEGALEASE-00159692 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fico v. Health Ins. Plan of Greater New York, 248 A.D.2d 432 | 307A+697 | Party seeking to restore case to trial calendar after it has been dismissed as abandoned must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to trial calendar; all four components of test must be satisfied before dismissal can be properly vacated. McKinney's CPLR 3404. | A party seeking to restore a case to the trial calendar after it has been dismissed as abandoned must demonstrate what? | Pretrial Procedure - Memo 11318 - C - KS_64413.docx | ROSS-003284935-ROSS-003284936 |
| Mohiuddin v. Doctors Billing & Mgmt. Sols., 196 Md. App. 439 | 336H+85 | A dismissal "without prejudice," as opposed to a dismissal with prejudice, is more likely to be ordered in cases where the dismissal is based on some procedural glitch or lapse in the necessary formalities, something that does not engage the merits of res judicata and that can be readily rectified on the next try. Md.Rule 2-322. | "Is a dismissal ""without prejudice"" more likely to be ordered in cases where the dismissal is based on some procedural glitch or lapse in the necessary formalities?" | 039836.docx | LEGALEASE-00159447-LEGALEASE-00159448 |
| 474 W. 150th St. Realty Corp. v. Lewis, 166 Misc. 2d 954 | 307A+697 | In order to have dismissal for abandonment vacated and action restored to trial calendar, movant must show meritorious cause of action, reasonable excuse for delay, lack of prejudice to opposing party and lack of intent to abandon action. McKinney's CPLR 3404. | "In order to have a dismissal for abandonment vacated and action restored to a trial calendar, should a movant show a meritorious cause of action?" | 040060.docx | LEGALEASE-00160435-LEGALEASE-00160436 |
| Shirrell v. Missouri Edison Co., 535 S.W.2d 446 | 307A+583 | General rule is that courts have inherent power in exercise of sound judicial discretion to dismiss case for failure to prosecute with due diligence and action thereon will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent authority, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence?" | Pretrial Procedure - Memo 11800 - C - KI_65476.docx | ROSS-003279721-ROSS-003279722 |
| Campaign for Quality Educ. v. State, 209 Cal. Rptr. 3d 888 | 1.41E+13 | State constitution vests legislature with sweeping and comprehensive powers in relation to public schools, including broad discretion to determine types of programs and services which further the purposes of education and such functions as educational focus, teaching methods, school operations, furnishing of textbooks, and the like. (Per Jenkins, J., with one justice concurring separately.) Cal. Const. art. 9, SS 1, 5. | Do state constitutions delegate power to the Legislature over the public school system? | 017252.docx | LEGALEASE-00161144-LEGALEASE-00161145 |
| Owczarkowski v. Pawlicki, 35 A.D.2d 773 | 307A+699 | On motion by defaulting party to vacate order of dismissal he must show a justifiable excuse for the default and present evidentiary facts establishing that he has a meritorious cause of action. | "On a motion by a defaulting party to vacate order of dismissal, should he show a justifiable excuse for the default and present evidentiary facts establishing that he has a meritorious cause of action?" | Pretrial Procedure - Memo 11455 - C - SKG_65299.docx | ROSS-003296349-ROSS-003296350 |
| Gohel v. Montgomery Hosp., 698 A.2d 653 | 307A+697 | To open judgment of non pros, petitioner must demonstrate to trial court's satisfaction that petition to open was promptly filed, delay was reasonably explained, and facts exist which support cause of action. Rules Civ.Proc., Rule 3051(b), 42 Pa.C.S.A. | "To open judgment of non pros(JNP) , should a petitioner demonstrate to a trial court's satisfaction that a petition to open was promptly filed?" | 040047.docx | LEGALEASE-00161487-LEGALEASE-00161488 |
| Eustice v. Grandy's, 827 S.W.2d 12 | 307A+697 | Rule requiring reinstatement of case dismissed for want of prosecution if failure of party or attorney was not intentional or result of conscious indifference but was due to accident or mistake applies only to cases dismissed for want of prosecution because of failure of attorney or party to appear for trial; it does not apply to cases dismissed for want of diligent prosecution pursuant to inherent power of trial court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | Can a case dismissed for want of prosecution be reinstated upon finding by a trial court that failure of party or his attorney to appear was not intentional? | 040057.docx | LEGALEASE-00161521-LEGALEASE-00161522 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cty. of Erie v. Peerless Heater Co., 660 A.2d 238 | 307A+697 | In order to determine whether or not delay in moving case forward is reasonable, for purposes of motion to remove judgment of non pros., court looks to three-prong test, whether: party has shown lack of due diligence by failing to proceed with reasonable promptitude; there is no compelling reason for delay; and delay has caused prejudice to adverse party. | Does a court look to a three-prong test to determine whether or not a delay in moving case forward is reasonable? | 040070.docx | LEGALEASE-00160594-LEGALEASE-00160595 |
| Stoddard v. Rutgers, 24 N.J. Tax 187 | 307A+622 | In ruling on a motion to dismiss a complaint for failure to state a claim a court must test the adequacy of a pleading by determining whether a cause of action is suggested by the facts alleged in the complaint, without regard to the ability of the plaintiff to prove those facts. R. 4:6-2. | "On motion to dismiss complaint for failure to state a claim upon which relief can be granted, is the test for determining the adequacy of a pleading whether a cause of action is suggested by the facts?" | Pretrial Procedure - Memo 11571 - C - BP_65348.docx | ROSS-003281057-ROSS-003281058 |
| Cambridge Mut. Fire Ins. Co. v. Crete, 150 N.H. 673 | 307A+695 | To assure that the opportunity for amendment has practical meaning, a plaintiff must be given leave to amend the writ to correct perceived deficiencies before an adverse judgment has preclusive effect; therefore, the trial court must allow the plaintiff opportunity to amend the writ before dismissing for failure to state a claim, allowing the plaintiff two chances to state a case before precluding the plaintiff from burdening the courts and opposing parties with further attempts. | "To assure that the opportunity for amendment has practical meaning, should a plaintiff be given leave to amend the writ to correct perceived deficiencies before an adverse judgment has preclusive effect?" | Pretrial Procedure - Memo 11603 - C - SKG_65619.docx | ROSS-003292859-ROSS-003292860 |
| Gray v. Gray, 102 Ohio App. 239 | 307A+560 | Generally, courts have inherent power, independent of statute, to dismiss an action where it appears that plaintiff has failed to have summons issued for an unreasonable period, or there is an unreasonable delay in serving summons, or failure to comply with an order of the court or diligently to prosecute the case. R.C. SS 2323.04, 2323.05. | Does the court have the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute its case with due diligence? | Pretrial Procedure - Memo 11688 - C - SJ_65409.docx | ROSS-003279870-ROSS-003279871 |
| Bobbin v. Sail the Sounds, 153 Conn. App. 716 | 307A+583 | Courts must remain mindful that it is the policy of the law to bring about a trial on the merits of a dispute whenever possible and that termination of proceedings without a determination of the merits of the controversy is not favored, where that can be brought about with due regard to necessary rules of procedure. | Should courts remain mindful that it is the policy of the law to bring about a trial on the merits of a dispute? | Pretrial Procedure - Memo 11691 - C - SJ_65412.docx | ROSS-003280306-ROSS-003280307 |
| PDC Consulting v. Porter, 196 P.3d 626 | 307A+583 | It is well within a trial court's discretion to dismiss a case for failure to prosecute when a party fails to move forward according to the rules and the directions of the court, without justifiable excuse. Rules Civ.Proc., Rules 37, 41(b). | Is it well within a trial court discretion to dismiss a case for failure to prosecute when a party fails to move forward according to the rules and the directions of the court? | 040631.docx | LEGALEASE-00161613-LEGALEASE-00161614 |
| People v. Garrett, 248 Cal. App. 4th 82 | 3.77E+10 | In order to establish conviction for threatening another person with immediate great bodily injury, prosecution must establish (1) defendant had specific intent that his statement would be taken as threat whether or not he actually intended to carry threat out, and (2) victim was in state of "sustained fear." West's Ann.Cal.Penal Code S 422. | What must the prosecution establish in order to convict a defendant under threatening another person with immediate great bodily injury? | 046935.docx | LEGALEASE-00160863-LEGALEASE-00160864 |
| Caraballo v. Montefiore Med. Ctr., 89 A.D.3d 638 | 307A+697 | To vacate an order dismissing an action for want of prosecution, a plaintiff must demonstrate both a reasonable excuse for the failure to comply with the 90-day demand to serve and file a note of issue and a meritorious cause of action. | "To vacate an order dismissing an action for want of prosecution, should a plaintiff demonstrate a reasonable excuse for the failure to comply with the 90-day demand to serve?" | 040565.docx | LEGALEASE-00162482-LEGALEASE-00162483 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| SPS Dev. Co. v. DS Enterprises of Palm Beaches, 970 So. 2d 495 | 307A+551 | Although a trial court has the discretionary power to dismiss a complaint if plaintiff fails to timely file an amendment, because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result. | Does a court have the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment? | 040617.docx | LEGALEASE-00162508-LEGALEASE-00162509 |
| State v. Nielsen, 2000 ME 202 | 135H+99 | A declaration of mistrial after a jury is impaneled will prevent the government from attempting prosecution again on the same charges except in certain limited circumstances-when the defendant consents to the mistrial, or a manifest necessity for the mistrial exists. U.S.C.A. Const.Amend. 5; M.R.S.A. Const. Art. 1, S 8. | Will a declaration of mistrial after a jury is impaneled prevent the government from attempting prosecution again on the same charges except in certain limited circumstances-when the defendant consents to the mistrial? | Double Jeopardy - Memo 285 - C - KG_66970.docx | ROSS-003296173-ROSS-003296174 |
| United States v. Aguilar-Aranceta, 957 F.2d 18 | 135H+201 | Protection embodied in double jeopardy clause is personal defense that may be waived or foreclosed by defendant's voluntary actions or choices, including requests for or effectual consent to mistrial. U.S.C.A. Const.Amend. 5. | Is protection embodied in double jeopardy clause a personal defense that may be waived or foreclosed by a defendant voluntary actions or choices? | Double Jeopardy - Memo 327 - C - NE_66621.docx | ROSS-003284499-ROSS-003284500 |
| United States v. McCallum, 721 F.3d 706 | 110+295 | Although retrial is not automatically barred when a criminal proceeding is terminated prematurely, the prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar. U.S.C.A. Const.Amend. 5. | "Although retrial is not automatically barred when a criminal proceeding is terminated prematurely, should the prosecutor shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar?" | 015409.docx | LEGALEASE-00163368-LEGALEASE-00163369 |
| People v. Cobb, 19 Ill. App. 3d 520 | 135H+95.1 | Though not every mistrial necessarily gives rise to a valid claim of double jeopardy, right not to be put twice in jeopardy for the same offense is a substantial right which should be zealously guarded. | "Though not every mistrial necessarily gives rise to a valid claim of double jeopardy, is a right not to be put twice in jeopardy for the same offense a substantial right which should be zealously guarded?" | 015545.docx | LEGALEASE-00163729-LEGALEASE-00163730 |
| Morriss v. First Nat. Bank of Mission, 249 S.W.2d 269 | 260+79.1(0.5) | The "bonus" provided for in oil and gas lease represents market value of lease apart from royalties to be paid on production and other considerations under the lease, and is a sum of money paid upon execution of a lease or agreed to be paid at some later date, usually out of lessee's share of first oil produced from the land, and is frequently computed at a cash amount per acre. | "Can the term bonus be defined as a sum of money paid in consideration for the execution of a lease, as distinguished from the return or royalty reserved by the lessor to be paid by the lessee through the term of the lease?" | 021692.docx | LEGALEASE-00163311-LEGALEASE-00163312 |
| People ex rel. Dep't of Revenue v. Countryman, 162 Ill. App. 3d 134 | 307A+697 | Dismissal for want of prosecution should be set aside where satisfactory explanation of apparent delay has been given, there has been no intentional or willful disregard of any directions of court, and it is does not appear that further postponement of controversy on merits would result in prejudice or hardship to any of parties. | Should a dismissal for want of prosecution be set aside where a satisfactory explanation of apparent delay has been given? | 040754.docx | LEGALEASE-00163370-LEGALEASE-00163371 |
| McGinnis v. Steeleman, 199 So. 3d 69 | 307A+583 | A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. | "Does the court have the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing?" | Pretrial Procedure - Memo 12093 - C - SHB_67068.docx | ROSS-003294524-ROSS-003294525 |
| Progressive Ins. Co. v. Brown, 195 So. 3d 1007 | 307A+583 | Trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. | "Does the court have the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing?" | 040874.docx | LEGALEASE-00163871-LEGALEASE-00163872 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Scarzella v. DeMers, 17 Cal. App. 4th 1762 | 307A+583 | Dismissal for failure to serve summons within two years and dismissal for failure to bring action to trial within prescribed time, after action is commenced, are both matters within the discretion of trial court; although both are addressed in same statute, scope of discretion is not same. West's Ann.Cal.C.C.P. S 583.420(a), (a)(1, 2), (b). | "Are the dismissal for failure to serve summons within two years and dismissal for failure to bring action to trial within prescribed time, after action is commenced, both matters within discretion of trial court?" | Pretrial Procedure - Memo 12148 - C - VP_66725.docx | ROSS-003292755-ROSS-003292756 |
| State v. Huffman, 141 W. Va. 55 | 352H+94 | To sustain conviction for an attempt to commit rape, proof must establish specific intent to commit rape, and force, or attempted force or an intention to use force, by offender, in perpetration of offense, necessary to overcome the will of victim, together with an attempt to accomplish his lustful desire against will of female and notwithstanding her resistance. | Is the proof of the specific intent to commit rape essential to sustain a conviction on the charge of attempt to commit rape? | 043129.docx | LEGALEASE-00164072-LEGALEASE-00164073 |
| State v. McLellan, 149 N.H. 237 | 135H+30 | Any failure by the state to present sufficient proof of defendant's prior convictions at sentencing, upon which prior convictions state relied in seeking and obtaining enhanced sentence, did not preclude retrial of enhancement on remand for noncapital resentencing, where original sentencing determination did not put defendant in jeopardy for an offense. Const. Pt. 1, Art. 16; RSA 632-A:10-a. | "Does failure by the state to present sufficient proof of defendant's prior convictions at sentencing, preclude retrial of enhancement on remand for noncapital resentencing, where original sentencing determination did not put defendant in jeopardy for an offense?" | Double Jeopardy - Memo 1216 - C - RF.docx | LEGALEASE-00054157-LEGALEASE-00054158 |
| State v. Guillaume, 293 Mont. 224 | 135H+30 | Application of weapon enhancement statute to felony convictions where underlying offense requires proof of use of weapon violates the double jeopardy provision of Montana Constitution. Const. Art. 2, S 25; MCA 46-18-221(1, 4). | Does application of weapon enhancement statute to felony convictions where underlying offense requires proof of use of weapon violate the double jeopardy provision of Constitution? | Double Jeopardy - Memo 1225 - C - SS_67362.docx | ROSS-003282329-ROSS-003282330 |
| Mayo v. W. Virginia Secondary Sch. Activities Comm'n, 223 W. Va. 88 | 92+4226 | Due process protections were inapplicable to rule promulgated by Secondary Schools Activities Commission (SSAC) that lacked an administrative review process before imposing a multi-game suspension sanction on a student athlete, as there was no constitutionally protected interest attached to participation in interscholastic sports. U.S.C.A. Const.Amend. 14. | Does an athletic association violate due process or the Equal Protection clause when it imposes a suspension upon a student athlete? | 017293.docx | LEGALEASE-00164311-LEGALEASE-00164312 |
| State v. Creamer, 161 S.W.3d 420 | 135H+99 | A court may declare a mistrial sua sponte and retry the defendant without violating the double jeopardy clause if the declaration of mistrial meets the manifest necessity doctrine. U.S.C.A. Const.Amend. 5. | Can a court declare a mistrial sua sponte and retry the defendant without violating the double jeopardy clause if the declaration of mistrial meets the manifest necessity doctrine? | 041018.docx | LEGALEASE-00164317-LEGALEASE-00164318 |
| State v. C.J.F., 183 S.W.3d 841 | 135H+59 | A defendant's valued right to have his trial completed by a particular tribunal is within the protection of the constitutional guarantee against double jeopardy, because that right lies at the foundation of the federal rule that jeopardy attaches when the jury is empaneled and sworn. U.S.C.A. Const.Amend. 5. | Is a defendant's right to have his trial completed by a particular tribunal within the protection of the constitutional guarantee against double jeopardy? | Double Jeopardy - Memo 1054 - C - BP_67876.docx | ROSS-003296299-ROSS-003296301 |
| Walck v. Edmondson, 472 F.3d 1227 | 135H+95.1 | Because a criminal defendant's right to have his trial completed by a particular tribunal is substantial, and any mistrial frustrates that right, the prosecution must overcome a heavy burden in justifying a mistrial over the defendant's objection if the double jeopardy bar is to be avoided. U.S.C.A. Const.Amend. 5. | Should the prosecution overcome a heavy burden in justifying a mistrial over the defendant's objection if the double jeopardy bar is to be avoided? | 016018.docx | LEGALEASE-00165736-LEGALEASE-00165737 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Robinson v. State Farm Mut. Auto. Ins. Co., 52 So. 3d 416 | 135H+96 | Double jeopardy does not prevent multiple trials of a single criminal charge if the first trial resulted in a mistrial that (1) was justified under the manifest necessity doctrine or (2) was requested or consented to by the defense, absent prosecutorial misconduct which forced the mistrial. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | When does double jeopardy not prevent multiple trials of a single criminal charge if the first trial resulted in a mistrial? | 016203.docx | LEGALEASE-00165517-LEGALEASE-00165518 |
| State v. Joseph, 2012-466 (La. App. 3 Cir. 3/6/13) | 135H+95.1 | A plea of double jeopardy should be maintained when defendant has been impermissibly deprived of his right to have his trial completed by the jury before which he had been placed in jeopardy, by the court's own granting of a mistrial without defendant's express consent and without his interest having prompted the court ruling. U.S.C.A. Const.Amend. 5. | Should a plea of double jeopardy be maintained when a defendant has been impermissibly deprived of his right to have his trial completed by the jury before which he had been placed in jeopardy? | Double Jeopardy - Memo 769 - C - NS_67774.docx | ROSS-003296384-ROSS-003296385 |
| Bradley v. State Farm Mut. Auto. Ins. Co., 290 Mich. App. 156 | 135H+100.1 | A defendant who proceeds to the conclusion of a criminal trial in which the jury expressly finds the defendant not guilty of the offense charged in the indictment, but finds him guilty of an offense not contemplated by the indictment, resulting in a void conviction, may not be retried for the charged offense of which he has been acquitted, assuming that the jury was instructed that it could consider the offense not contemplated by the indictment only if it found that the state failed to prove all elements of the charged offense, so it could not find the defendant guilty of the charged offense. U.S.C.A. Const.Amend. 5. | Can a defendant who proceeds to the conclusion of a criminal trial in which the jury expressly finds the defendant not guilty of the offense charged in the indictment not be retried? | 016253.docx | LEGALEASE-00165577-LEGALEASE-00165578 |
| State v. Ross, 189 Conn. 42 | 135H+100.1 | If because of unavailability of suppressed evidence, defendant has been acquitted, principle of double jeopardy would prevent new trial regardless of whether exclusionary ruling was erroneous. U.S.C.A. Const.Amend. 5. | "If because of unavailability of suppressed evidence, defendant has been acquitted, will the principle of double jeopardy prevent a new trial regardless of whether an exclusionary ruling was erroneous?" | 016305.docx | LEGALEASE-00165629-LEGALEASE-00165630 |
| In re Gateway Ethanol, 415 B.R. 486 | 349A+10 | Under Illinois law, the first part of the bright-line test for whether a transaction in the form of a lease creates a security interest looks at whether the lessee may terminate the agreement during its term, while the second part looks at what are referred to as the "residual value factors." S.H.A. 810 ILCS 5/1-201(37) (2005). | Does the first part of the bright-line test for whether a transaction in the form of a lease create a security interest looks at whether the lessee may terminate the agreement during its term? | 042758.docx | LEGALEASE-00165787-LEGALEASE-00165788 |
| Wen v. Willis, 117 F. Supp. 3d 673 | 13+27(1) | Under Pennsylvania law, the gist of the action doctrine forecloses a party's pursuit of a tort action for the mere breach of contractual duties without any separate or independent event giving rise to the tort. | "Does the gist-of-the-action doctrine foreclose a party's pursuit of a tort action for the mere breach of contractual duties, without any separate or independent event giving rise to the tort?" | Action - Memo 945 - C _1b2P3GN1fMosef2Yoq5 SSuOpobIWIorNp.docx | ROSS-000000023 |
| DePuy Synthes Sales v. Globus Med., 259 F. Supp. 3d 225 | 13+27(1) | Under Pennsylvania law, claims for breach of fiduciary duty are not barred by gist of the action doctrine if fiduciary duty at issue goes beyond particular obligations contained in parties' contract, but breach of fiduciary duty claims are barred by gist of the action doctrine if there are no allegations of breach of fiduciary duty or duty of loyalty that transcend or exist outside of parties' contractual agreements. | Are claims for breach of fiduciary duty not barred by gist of the action doctrine if fiduciary duty at issue goes beyond particular obligations contained in parties' contract? | Action - Memo 948 - C _1SMMKUYkCPtfXF1TD1 _8ARwiDD_g-mmuS.docx | ROSS-000000026 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Vital Prod. Co., 210 B.R. 109 | 51+3101 | In resolving whether transaction characterized as lease is actually something other than lease, bankruptcy courts typically look to applicable nonbankruptcy law for guidance, and where state has adopted the Uniform Commercial Code (UCC), provisions of UCC are considered in distinguishing true lease from disguised security transaction. U.C.C. S 1-201(37). | Is characterization affixed by parties not necessarily controlling in distinguishing between a true lease and a disguised security agreement? | 042733.docx | LEGALEASE-00166753-LEGALEASE-00166754 |
| In re Phoenix Elec. Mfg. Servs., 429 B.R. 195 | 349A+10 | Under South Carolina's version of Uniform Commercial Code (UCC), if agreement does not meet the ipso facto designation as a security interest, court must examine the facts of the case to determine whether agreement is a true lease or a disguised security agreement. S.C.Code 1976, S 36-1-201(37)(A)(1-4). | "If an agreement does not meet the ipso facto designation as a security interest, should a court examine the facts of the case to determine whether agreement is a true lease or a disguised security agreement?" | 042849.docx | LEGALEASE-00166573-LEGALEASE-00166574 |
| City of Banks v. Washington Cty., 29 Or. App. 495 | 371+2016 | Constitutional mandate for "general laws" for levy and collection of taxes includes authority to assign by statute administrative responsibility to such agencies of government as legislature deems appropriate, including authority to assign fiscal responsibility for those administrative functions. Const. art. 9, S 1. | "Does the constitutional mandate for ""general laws"" for levy and collection of taxes include authority to assign by statute administrative responsibility to government agencies?" | 046596.docx | LEGALEASE-00166641-LEGALEASE-00166642 |
| Nat'l Tunnel & Mines Co. v. Indus. Comm'n, 99 Utah 39 | 371+2013 | The constitutional provisions, specifically vesting power of administering and supervising state tax laws in State Tax Commission, must be considered as limitation on Legislature's power to place such administering and supervising power in any other officer or commission, such as Industrial Commission. Const. art. 13, S 11. | "Should the constitutional provisions, specifically vesting power of administering and supervising state tax laws in State Tax Commission, be considered as limitation on Legislature's power to place such administering and supervising power in any other officer or commission?" | 046620.docx | LEGALEASE-00166799-LEGALEASE-00166800 |
| Browning-Ferris Indus. of Kansas City v. Dance, 671 S.W.2d 801 | 216+6 | In exercising inspection authority through the police power, municipal corporations may impose license fees, permanent fees, or taxes to recover the costs of inspection by a flat amount or an amount based upon volume of business. | "While exercising inspection authority through a police power, can municipal corporations impose license, permit fees, or taxes to recover their costs of inspection?" | Inspection - Memo 11 - SH.docx | ROSS-003285281-ROSS-003285283 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does court have power to dismiss an action when it is shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process?" | 11349.docx | LEGALEASE-00094191-LEGALEASE-00094192 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does court have power to dismiss an action when it is shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process?" | 10533.docx | LEGALEASE-00094852-LEGALEASE-00094853 |
| Reyes v. Int'l Metals Supply Co., 666 S.W.2d 622 | 307A+483 | When a party fails to answer request for admissions within period set by trial court, facts are considered to be established as a matter of law and it is usually unnecessary to file formal motion asking that request be deemed admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "When a party fails to answer request for admissions within period set by trial court, are facts considered to be established as a matter of law and is it usually unnecessary to file formal motion asking that a request be deemed admitted? " | 10074.docx | LEGALEASE-00095048-LEGALEASE-00095049 |
| Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 | 221+342 | The "act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine preclude the courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | 019729.docx | LEGALEASE-00123794-LEGALEASE-00123795 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Casey v. Ne. Utilities, 249 Conn. 365 | 413+1 | Under Workers' Compensation Act, employee surrenders his right to bring common law action against employer, thereby limiting employer's liability to the statutory amount, and in return, employee is compensated for his losses without having to prove liability; Act compromises employee's right to common law tort action for work-related injuries in return for relatively quick and certain compensation. C.G.S.A. S 31-275 et seq. | "Under the Workers' Compensation Act, does an employee surrender his right to bring a common law action against the employer by limiting the employers liability to the statutory amount?" | 048176.docx | LEGALEASE-00126938-LEGALEASE-00126939 |
| King v. Mayor & Council of Rockville, 249 Md. 243 | 307A+717.1 | Important factor in exercise of court's discretion to grant continuance is whether witness who is unavailable will be able to be present within reasonable time. Maryland Rules, Rule 527. | Is an important factor in exercise of court's discretion to grant continuance is whether witness who is unavailable will be able to be present within reasonable time? | 027330.docx | LEGALEASE-00131070-LEGALEASE-00131071 |
| Budget Charge Accounts v. Peters, 213 Ga. 17 | 302+8(3) | A petition which states mere legal conclusions of conspiracy, collusion, and fraud with no facts alleged upon which to base them except general and loose allegations consisting of statements without facts upon which the conclusions are based, does not state a cause of action to cancel loan deed, to restrain assignee of loan deed from selling property and damages. | "Is a cause of action stated in a petition which states mere legal conclusions of conspiracy, collusion, and fraud without alleging facts?" | Pleading - Memo 286 - RMM.docx | ROSS-003300871-ROSS-003300872 |
| Robertson-Ryan & Assocs. v. Pohlhammer, 112 Wis. 2d 583 | 307A+716 | Where there is no good cause for defendant's absence, a motion to continue the case on that basis may properly be denied particularly when the real purpose in seeking a continuance is to delay trial. | "Where there is no good cause for defendant's absence, may a motion to continue the case on that basis properly be denied particularly when the real purpose in seeking a continuance is to delay trial?" | 029550.docx | LEGALEASE-00135365-LEGALEASE-00135366 |
| Farmers Auto. Ins. Ass'n v. Neumann, 2015 IL App (3d) 140026 | 307A+679 | The test for determining the factual sufficiency of an affirmative defense is the same as that applied in deciding a motion to dismiss; the facts constituting the defense must be plainly set forth and the court will disregard any conclusions of law or fact not supported by allegations of specific fact. S.H.A. 735 ILCS 5/2-613(d). | Is the test for determining the factual sufficiency of an affirmative defense the same as that applied in deciding a motion to dismiss? | 038003.docx | LEGALEASE-00152768-LEGALEASE-00152769 |
| Blankenship v. Kane Cty., 85 Ill. App. 3d 621 | 307A+581 | Motion to dismiss based on laches is insufficient absent some allegation of knowledge since that doctrine does not apply unless party against whom defense is asserted has discovered or should have discovered fact upon which his claim is based. S.H.A. ch. 110, S 48; Supreme Court Rules, Rule 191, S.H.A. ch. 110A, S 191. | Does motion to dismiss doctrine of laches not apply unless party against whom defense is asserted has discovered or should have discovered fact upon which his claim is based? | 038370.docx | LEGALEASE-00152800-LEGALEASE-00152801 |
| Broadstone Realty Corp. v. Evans, 213 F. Supp. 261 | 170B+2405 | With respect to diversity jurisdiction of federal courts, "citizenship" has same meaning as domicile and it imports permanent residence in a particular state with intention of remaining; residence alone is not equivalent of citizenship, although place of residence is prima facie the domicile; citizenship is not necessarily lost by protracted absence from home where intention to return remains. 28 U.S.C.A. S 1331(a). | "Is residence not the equivalent of domicile, although it is prima facie evidence of domicile?" | 014550.docx | LEGALEASE-00164176-LEGALEASE-00164177 |
| State v. McLellan, 149 N.H. 237 | 135H+30 | Any failure by the state to present sufficient proof of defendant's prior convictions at sentencing, upon which prior convictions state relied in seeking and obtaining enhanced sentence, did not preclude retrial of enhancement on remand for noncapital resentencing, where original sentencing determination did not put defendant in jeopardy for an offense. Const. Pt. 1, Art. 16; RSA 632-A:10-a. | "Does failure by the state to present sufficient proof of defendant's prior convictions at sentencing, preclude retrial of enhancement on remand for noncapital resentencing, where original sentencing determination did not put defendant in jeopardy for an offense?" | 014985.docx | LEGALEASE-00164845-LEGALEASE-00164846 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moses v. Dirghangi, 430 S.W.3d 371 | 307A+622 | Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are not favored and are rarely granted in light of the liberal pleading standards contained in the Tennessee Rules of Civil Procedure. Rules Civ.Proc., Rule 12.02(6). | Are motions to dismiss a complaint for failure to state a claim upon which relief can be granted not favored and are rarely granted in light of the liberal pleading standards contained in the rules of civil procedure? | Pretrial Procedure - Memo # 8433 - C - KI_59132.docx | ROSS-003279204-ROSS-003279205 |
| Iacono v. Japan Line, Ltd., 89 A.D.2d 948 | 307A+581 | Even if a violation of a preclusion order may be deemed a "neglect to prosecute" which would bar a second action even if the judgment dismissing the first action was not on the merits, that rule cannot be applied in such a way as to shorten the period otherwise available to the plaintiff. McKinney's CPLR 205(a). | Can a rule be applied in such a way as to shorten the period otherwise available to the plaintiff? | Pretrial Procedure - Memo # 9491 - C - TM_61159.docx | ROSS-003280906-ROSS-003280907 |
| In re Wiley, 438 B.R. 331 | 366+2 | Under New Mexico law, "subrogation" is remedy for benefit of one secondarily liable, who has paid debt of another, and to whom in equity and good conscience should be assigned the rights and remedies of original creditor. | "Is subrogation a remedy for the benefit of one secondarily liable, who has paid debt of another and to whom in equity and good conscience should be assigned the rights and remedies of original creditor?" | Subrogation - Memo 349 - KG.docx | ROSS-003283001-ROSS-003283002 |
| Riley v. Bi-State Transit Sys., 459 S.W.2d 753 | 48A+171(4.1) | Absent statute or ordinance regulating vehicle traffic at highway intersections, vehicle first reaching and entering intersection has right-of-way over vehicles subsequently reaching intersection unless situation would indicate to reasonably prudent man that to proceed would probably result in collision, it being duty of second arrival to allow first arrival to pass in safety. | Does a vehicle reaching an intersection first have a right of way? | Highways -Memo 229-IS_58272.docx | ROSS-003283459-ROSS-003283460 |
| SPS Dev. Co. v. DS Enterprises of Palm Beaches, 970 So. 2d 495 | 307A+551 | Although a trial court has the discretionary power to dismiss a complaint if plaintiff fails to timely file an amendment, because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result. | Does a court have the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment? | Pretrial Procedure - Memo 11844 - C - DA_66448.docx | ROSS-003294754-ROSS-003294755 |
| Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765 | 366+1 | "Equitable subrogation," i.e., "legal subrogation" does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Does equitable subrogation apply in instances in which one person not acting voluntarily has paid a debt for which another is primarily liable which in equity should have been paid by the latter? | Subrogation - Memo 155 - ANG C.docx | ROSS-003296281-ROSS-003296283 |
| State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470 | 30+3209 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "Is the admission of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court that will not be disturbed absent evidence of abuse? " | Pretrial Procedure - Memo # 636 - C - SSB.docx | ROSS-003296329-ROSS-003296330 |
| State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063 | 366+1 | The pertinent differences between assignment and subrogation include the following: (1) assignment transfers the entire value of the claim, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee, (2) assignees are typically voluntary investors, whereas subrogees, usually insurers, are obligated to pay the insured's obligation to a third party, whereas subrogation is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. | What are the pertinent differences between assignment and subrogation? | Subrogation - Memorandum - 588 - RM C.docx | ROSS-003299660-ROSS-003299661 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rubin v. Rubin, 120 N.M. 592 | 307A+717.1 | Under Illinois law, motions for continuance alleging an inability to present certain evidence must be accompanied by affidavits establishing factual basis for the continuance, and, under both Illinois and New Mexico law, the lower court has broad discretion in granting or denying continuances. | Should motions for continuance alleging an inability to present certain evidence be accompanied by affidavits establishing factual basis for the continuance? | Pretrial Procedure - Memo # 1743 - C - NS.docx | ROSS-003299791-ROSS-003299792 |
| State v. N. Atl. Ref. Ltd., 160 N.H. 275 | 307A+554 | When the trial court rules upon the motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the trial court applies a prima facie standard, and the appellate court reviews the trial court's decision de novo. | "When the trial court rules upon the motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, does the trial court apply a prima facie standard?" | Pretrial Procedure - Memo # 6071 - C - PB.docx | ROSS-003303036-ROSS-003303037 |
| Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection that may be made at trial. | Does a motion in limine provide a means by which a party may seek guidance from the trial court regarding an evidentiary question? | Pretrial Procedure - Memo # 822 - C - KA.docx | ROSS-003316595-ROSS-003316596 |
| In re Pihl, 529 B.R. 414 | 366+1 | Under Massachusetts law, court considers five factors in deciding whether equitable subrogation applies: (1) whether the subrogee made payment to protect his or her own interest, (2) whether subrogee acted other than as volunteer, (3) whether subrogee was not the one primarily liable for the debt paid, (4) whether subrogee paid off the entire encumbrance, and (5) whether subrogation can be applied without working any injustice to rights of junior lienholder; however, equitable subrogation is a broad equitable remedy, and may apply even when one or more of these factors is absent. | What prerequisites must be met in order for equitable subrogation to apply? | Subrogation - Memo 382 - VP C.docx | ROSS-003324350-ROSS-003324351 |
| Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765 | 366+1 | "Equitable subrogation," i.e., "legal subrogation" does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Does equitable subrogation arise in every instance in which one person has paid a debt for which another is primarily liable and which in equity should have been paid by the latter? | Subrogation - Memo 284 - RM C.docx | ROSS-003325305-ROSS-003325307 |
| Caito v. United California Bank, 20 Cal. 3d 694 | 366+1 | One who claims to be equitably subrogated to the rights of secured creditor must satisfy certain prerequisites, namely, that payment must have been made by the subrogee to protect his own interest; that the subrogee must not have acted as a volunteer; that the debt paid must be one for which the subrogee was not primarily liable; that the entire debt must have been paid and that the subrogation must not work any injustice to the rights of others. | Should one satisfy certain prerequisites to claim to be equitably subrogated? | Subrogation - Memo 220 - RM C.docx | ROSS-003328334-ROSS-003328335 |
| Pub. Nat. Bank v. Nat'l City Bank, 261 N.Y. 316 | 307A+92 | Right of examination of party before trial is not as matter of law dependent upon purpose or necessity to establish affirmative claim or defense, but court in its discretion may permit examination of party having burden of proof throughout. Civil Practice Act, S 288. | Is the right of examination of a party before trial not as matter of law dependent upon a purpose or necessity to establish an affirmative claim or defense? | Pretrial Procedure - Memo # 4537 - C - KG.docx | ROSS-003331481-ROSS-003331482 |
| Killian Const. Co. v. Tri-City Const. Co., 693 S.W.2d 819 | 307A+483 | Civil rule (V.A.M.R. 59.01), relating to requests for admissions, empowers the trial court to accept the default of the party addressed to answer as admission of the matters requested and to deem them as conclusively established. | Does the civil rule relating to requests for admissions empower the trial court to accept the default of the party addressed to answer as admission of the matters requested and to deem them as conclusively established? | Pretrial Procedure - Memo # 4128 - C - KG.docx | ROSS-003332149-ROSS-003332150 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S., 9 F.3d 1060 | 25T+113 | Federal Arbitration Act requires federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged as means of reducing costs and delays associated with litigation; federal policy favoring arbitration is even stronger in context of international transactions. 9 U.S.C.A. S 1 et seq. | Does Federal Arbitration Act require the federal courts to enforce arbitration agreement? | 004899.docx | LEGALEASE-00117381-LEGALEASE-00117382 |
| Hawkeye Land Co. v. ITC Midwest LLC, 125 F. Supp. 3d 885 | 386+1 | Under Iowa law, nuisance and trespass are related doctrines, but there are differences between them; claim of "trespass" involves an actionable invasion of interests in the exclusive possession of land, and an actual invasion by tangible matter, whereas claim of "nuisance" is an actionable invasion of interests in the use and enjoyment of land, usually by intangible substances, such as noises or odors, and usually involving the idea of continuance or recurrence over a considerable period of time. I.C.A. S 657.1. | Is the tort of trespass similar to nuisance? | 000715.docx | LEGALEASE-00117541-LEGALEASE-00117542 |
| Hawkeye Land Co. v. ITC Midwest LLC, 125 F. Supp. 3d 885 | 386+1 | Under Iowa law, nuisance and trespass are related doctrines, but there are differences between them; claim of "trespass" involves an actionable invasion of interests in the exclusive possession of land, and an actual invasion by tangible matter, whereas claim of "nuisance" is an actionable invasion of interests in the use and enjoyment of land, usually by intangible substances, such as noises or odors, and usually involving the idea of continuance or recurrence over a considerable period of time. I.C.A. S 657.1. | What are the differences between nuisance and trespass? | Trespass - Memo 7 - RK.docx | ROSS-003288709-ROSS-003288710 |
| U.S. v. Fink, 69 F.Supp. 610 | 402+1270 | Congress by the Second War Powers Act intended to and did make a valid general delegation to the President of authority to allocate, ration and control scarce and critical materials upon conditions which he deemed necessary or appropriate in the public interest and to promote the national defense. Act June 28, 1940, S 2(a) as amended 50 U.S.C.A.Appendix, S 1152(a). | Is it unconstitutional for Congress to invest the President with the power of allocation? | 000345.docx | LEGALEASE-00117697-LEGALEASE-00117698 |
| Red Hill Farm Tr. v. Schregardus, 102 Ohio App. 3d 90 | 149E+678 | In reviewing decision of Director of Ohio Environmental Protection Agency (OEPA), Environmental Board of Review (EBR) is limited to considering whether director's action was unreasonable or unlawful, given evidence presented at de novo hearing, and EBR may not substitute its judgment for that of director as to factual determinations, whereas appellate court is charged with determining whether EBR's decision concerning reasonableness and lawfulness of Director's decision is supported by reliable, probative and substantive evidence and is in accordance with law. R.C. S 3745.06. | Can the Environmental Board of Review (EBR) substitute its judgment for that of the Director of the Environmental Protection Agency (EPA) as to factual issues in de novo hearings? | 000407.docx | LEGALEASE-00117806-LEGALEASE-00117807 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ogden v. Association of United States Army, 177 F. Supp. 498 | 241+55(1) | The modern American law of libel has adopted the "single publication rule", and it is the prevailing American doctrine that publication of a book, periodical or newspaper containing defamatory matter gives rise to but one cause of action for libel, which accrues at time of original publication, and statute of limitations runs from that date and it is no longer the law that every sale or delivery of a copy of the publication creates a new cause of action. | What is the single publication rule in defamation law? | 000825.docx | LEGALEASE-00117846-LEGALEASE-00117847 |
| Robinson v. Salazar, 838 F. Supp. 2d 1006 | 209+174 | To establish a prima facie case for violation of the Indian Nonintercourse Act, an Indian tribe is required to allege that (1) it is an Indian tribe, (2) the land in question is tribal land, (3) the sovereign has never consented to or approved the alienation of this tribal land, and (4) the trust relationship between the United States and the tribe has not been terminated or abandoned. 25 U.S.C.A. S 177. | What are the elements to prove a prima facie case for violation of the Indian Nonintercourse Act? | Indians - Memo 20 - TH.doc | LEGALEASE-00006241-LEGALEASE-00006242 |
| Dickins v. State, 208 Miss. 69 | 203+909 | The law presumes malice from killing of a human being with a deadly weapon, and presumption prevails and characterizes homicide as murder unless facts are introduced changing character of killing and showing justification or necessity, and when such explanatory facts are in evidence, presumption yields to the facts, but where such explanatory facts are not in evidence, state is entitled to an instruction announcing the principle. | Can malice be presumed from intentional use of a deadly weapon? | Homicide - Memo 39 - TH.docx | LEGALEASE-00006838-LEGALEASE-00006840 |
| Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237 | 25T+113 | Federal Arbitration Act (FAA) codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving courts; in furtherance of this interest, court must scrupulously honor bargains implicit in arbitration agreements and interfere only when award is severely problematic. 9 U.S.C.A. S 1 et seq. | When will courts interfere with arbitration agreements? | 002160.docx | LEGALEASE-00119120-LEGALEASE-00119121 |
| Dickins v. State, 208 Miss. 69 | 203+909 | The law presumes malice from killing of a human being with a deadly weapon, and presumption prevails and characterizes homicide as murder unless facts are introduced changing character of killing and showing justification or necessity, and when such explanatory facts are in evidence, presumption yields to the facts, but where such explanatory facts are not in evidence, state is entitled to an instruction announcing the principle. | Can malice be presumed from intentional use of a deadly weapon? | 001727.docx | LEGALEASE-00118873-LEGALEASE-00118875 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cox v. Ford Leasing Dev. Co., 170 Ga. App. 81 | 233+1085(2) | While recital in lease of purposes for which demised premises are let has been held to constitute express or implied covenant on part of tenant to use them for no other purpose, ordinarily, in the absence of exclusion of other purposes, lease for a specific purpose is generally regarded as permissive, instead of restrictive, and does not limit use of premises by lessee; in order to establish a restriction, express language or language from which a restriction is clearly implied must be shown, so that, in the absence of proof of independent agreement to the effect that a restriction on use of premises was consideration or inducement to execution of lease, tenant has right to use premises for any lawful purpose for which they are adapted. | Should express language from which a restriction can be implied be shown to establish restriction in a lease? | 001954.docx | LEGALEASE-00119694-LEGALEASE-00119696 |
| Int'l Bhd. of Teamsters v. Amerijet Int'l, 904 F. Supp. 2d 1278 | 231H+1524 | Since minor disputes must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions, federal courts lack subject matter jurisdiction over such disputes. Railway Labor Act, S 1 et seq., 45 U.S.C.A. S 151 et seq. | "If the grievances under the Railway Labor Acts (RLA) mandatory arbitral mechanism are minor disputes, should those be resolved only through the RLA mechanisms?" | 003284.docx | LEGALEASE-00119593-LEGALEASE-00119594 |
| In re Pihl, 560 B.R. 1 | 366+1 | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | What are the factors that determine equitable subrogation? | Subrogation - Memo 33 - VP.docx | ROSS-003311621-ROSS-003311622 |
| Flying Tiger Line v. Boyd, 244 F. Supp. 889 | 15A+1101 | Agency performing legislative function need not proceed on evidence formally presented at hearings, but may act on basis of data contained in its own files, on information informally gained by members of body, on its own expertise, or on its own views or opinions. | Does an agency performing legislative functions always have to proceed on evidence formally presented at hearings? | Administrative Law - Memo 183 - RK.docx | ROSS-003308695-ROSS-003308696 |
| People v. Chicago, M. & St. P. Ry. Co., 306 Ill. 486 | 92+3044 | No exercise of the police power can disregard the constitutional guaranties in respect to the taking of private property, due process, and equal protection of the laws, or override the demands of natural justice. | "Can anexercise of the police power disregard the constitutional guaranties in respect to the taking of private property, due process and equal protection?" | 002721.docx | LEGALEASE-00120208-LEGALEASE-00120210 |
| Watson v. United States, 865 F.3d 123 | 249+27 | Under New York law, to prove malice, plaintiff asserting malicious prosecution claim must show that defendant acted in bad faith, i.e., on basis of wrong or improper motive, something other than desire to see ends of justice served. | What must a plaintiff must show to prove malice in a malicious prosecution claim? | 002753.docx | LEGALEASE-00120246-LEGALEASE-00120247 |
| Hicks v. City of New York, 232 F. Supp. 3d 480 | 249+24(7) | In context of malicious prosecution claim, under New York law, grand jury indictment creates a presumption of probable cause that can only be overcome by evidence that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith. | How can the presumption of probable cause created by the grand jury indictment be rebutted in a malicious prosecution case? | 002941.docx | LEGALEASE-00119866-LEGALEASE-00119867 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rural/Metro Corp. v. Arizona Corp. Comm'n, 129 Ariz. 116 | 317A+102 | Article of the Constitution providing that the law-making power may enlarge the powers and extend the duties of the Corporation Commission does not allow the legislature to give "public service corporation" designation to corporations not listed in the article of the Constitution defining that term, and thus statute requiring certificate of public convenience and necessity before construction by public service corporation is unconstitutional insofar as it attempts to expand Commission's jurisdiction to regulate businesses as public service corporations although not defined as such under the Constitution. A.R.S. S 40-281; A.R.S.Const. Art. 15, SS 2, 6. | Can the legislature expand the Commission's jurisdiction by giving public service designation to businesses falling outside the scope of the constitutional definition? | 003523.docx | LEGALEASE-00120895-LEGALEASE-00120896 |
| Baker v. Pennsylvania Pub. Util. Comm'n, 14 Pa. Cmwlth. 245 | 317A+130 | Statutory scheme allows Public Utility Commission on filing of tariffs and without notice and hearing to permit rates to become effective pending decision concerning lawfulness of rates. 66 P.S. SS 1148(b), 1150. | Can the Public Utility Commission (PUC) permit rates to become effective or suspend them pending decisions concerning their lawfulness without notice or hearing? | 042551.docx | LEGALEASE-00120907-LEGALEASE-00120908 |
| Mulvihill v. Spalding Sports Worldwide, 184 F. Supp. 2d 99 | 237+80 | In Massachusetts, defamation claims are subject to special pleading requirements, and to survive motion to dismiss for failure to state claim, defamation plaintiff must plead: (1) the general tenor of the libel or slander claim, along with precise wording of at least one sentence of alleged defamatory statement(s), (2) means and approximate dates of publication, and (3) falsity of those statements. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | How can a plaintiff survive a motion to dismiss a defamation claim? | Libel and Slander - Memo 183 - AKA.docx | ROSS-003310889-ROSS-003310890 |
| Lambert v. Coonrod, 2012 IL App (4th) 110518 | 30+3209 | A trial judge has discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Does a trial judge have discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused? | Pretrial Procedure - Memo # 229 - C - ES.docx | ROSS-003295625-ROSS-003295626 |
| Weidner v. Sanchez, 14 S.W.3d 353 | 307A+3 | The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission? | 033214.docx | LEGALEASE-00121183-LEGALEASE-00121184 |
| Matagorda Cty. v. Texas Ass'n of Ctys. Cty. Gov't Risk Mgmt. Pool, 975 S.W.2d 782 | 366+1 | Doctrine of "equitable subrogation" is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | Is equitable subrogation a broad doctrine which is given liberal application? | Subrogation - Memo # 424 - C - SA.docx | ROSS-003283151-ROSS-003283152 |
| Wilhite v. Schendle, 92 F.3d 372 | 366+1 | Under Louisiana law, "conventional subrogation" occurs when obligee receives performance from third person and in express terms subrogates that person to rights of obligee, even without obligor's consent; "legal subrogation" takes place by operation of law in favor of obligor who pays debt he owes with others and who has recourse against those others as result of the payment. LSA-C.C. arts. 1825, 1827, 1829. | Can subrogation be conventional or legal? | 043648.docx | LEGALEASE-00121082-LEGALEASE-00121083 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Casstevens v. Smith, 269 S.W.3d 222 | 366+26 | Equitable subrogation applies in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | "Does equitable subrogation apply in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter?" | Subrogation - Memo # 447 - C - NO.docx | ROSS-003298527-ROSS-003298528 |
| Koffman v. Leichtfuss, 2001 WI 111, 33, 246 Wis. 2d 31 | 366+1 | Subrogation exists to ensure that the loss is ultimately placed upon the wrongdoer and to prevent the subrogor from being unjustly enriched through a double recovery, i.e., a recovery from the subrogated party and the liable third party. | Does subrogation exist to ensure that the loss is ultimately placed upon the wrongdoer and to prevent the subrogor from being unjustly enriched through a double recovery? | 043856.docx | LEGALEASE-00121406-LEGALEASE-00121407 |
| Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381 | 366+1 | Doctrine of "equitable subrogation" is a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another. | "Does the equitable subrogation doctrine place the ultimate burden for discharging a debt or liability on the person or entity who, in good conscience, ought to pay?" | 043947.docx | LEGALEASE-00121154-LEGALEASE-00121155 |
| Brooks v. Savitch, 576 A.2d 1329 | 366+7(1) | Surety which discharges obligation of principal becomes entitled to right of subrogation, to whatever security creditor has for enforcement of claim against principal, and to all rights, means, or remedies which creditor had for enforcing payment. | "Does a surety who discharges an obligation of the principal become entitled to the right of subrogation, to whatever security the creditor has for enforcement of the claim against principal, and to all rights, means, or remedies which the creditor had for enforcing payment?" | 044010.docx | LEGALEASE-00121429-LEGALEASE-00121430 |
| Norcon Builders v. GMP Homes VG, 161 Wash. App. 474 | 366+1 | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. Restatement (Third) of Property (Mortgages) S 7.6. | Is equitable subrogation or subrogation designed to avoid a person receiving an unearned windfall at the expense of another? | 044052.docx | LEGALEASE-00121471-LEGALEASE-00121472 |
| Filner v. Shapiro, 633 F.2d 139 | 309+179 | Under New York law, existence of principal's duty to pay gives surety equitable right to call upon principal to exonerate him from liability by discharging debt when it becomes due; alternatively, existence of such duty gives surety, who was required to pay, right to be subrogated to creditor's claims against principal. | Does the existence of a principal's duty to pay give a surety an equitable right to call upon principal to exonerate him from liability by discharging debt when it becomes due? | Subrogation - Memo # 710 - C - SA.docx | ROSS-003311538-ROSS-003311539 |
| Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713 | 366+1 | The "equitable subrogation doctrine" allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. | Does the equitable subrogation doctrine allow one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it? | 044158.docx | LEGALEASE-00121557-LEGALEASE-00121558 |
| Hunt v. Mobil Oil Corp., 410 F. Supp. 10 | 25T+191 | Public interest in the enforcement of the antitrust laws makes antitrust claims inappropriate subjects for arbitration; stay of antitrust judicial proceedings in favor of arbitration will not be granted where the arbitrators would be required to consider antitrust issues with respect to the controversy to be determined by them. Sherman Anti-Trust Act, S 1, 15 U.S.C.A. S 1. | Does public interest in the enforcement of antitrust laws make antitrust claims inappropriate subjects for arbitration? | Alternative Dispute Resolution - Memo 364 - RK.docx | ROSS-003297120-ROSS-003297121 |
| Dillon v. BMO Harris Bank, N.A., 856 F.3d 330 | 25T+121 | Arbitration agreements that operate as a prospective waiver of a party's right to pursue statutory remedies are not enforceable under the Federal Arbitration Act (FAA) because they are in violation of public policy; under this prospective waiver doctrine, courts will not enforce an arbitration agreement if doing so would prevent a litigant from vindicating federal substantive statutory rights. 9 U.S.C.A. S 1 et seq. | Is an arbitration agreement that operates as a waiver of a partys right to pursue statutory remedies enforceable? | Alternative Dispute Resolution - Memo 367 - RK.docx | LEGALEASE-00011707-LEGALEASE-00011708 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cahill v. San Diego Gas & Elec. Co., 194 Cal. App. 4th 939 | 30+10 | A writ petition that "may" be filed to challenge a good faith settlement determination is a permissive, not mandatory, means of challenging such a determination, and the availability of writ review, or the summary denial of a writ petition, does not preclude an appeal after a final judgment. West's Ann.Cal.C.C.P. S 877.6(e). | "Is a writ petition filed pursuant to section 877.6(e), a permissive mean to challenge a trial court's good faith settlement determination?" | 008152.docx | LEGALEASE-00121902-LEGALEASE-00121903 |
| Consumers Union of U.S. v. State, 5 N.Y.3d 327 | 148+2.10(7) | Condition placed on land use is an "exaction," and therefore an unconstitutional taking, if the condition lacks an essential nexus with the state interest for which it is imposed, and is not roughly proportional to the impact of the proposed development. U.S.C.A. Const.Amend. 5; McKinney's Const. Art. 1, S 7. | "Is a condition placed on land use an exaction, and therefore an unconstitutional taking, if the condition lacks an essential nexus with the state interest for which it is imposed?" | 017442.docx | LEGALEASE-00122052-LEGALEASE-00122053 |
| Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection which may be made at trial. | Does a motion in limine provide a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy? | 026369.docx | LEGALEASE-00122268-LEGALEASE-00122269 |
| Agnew v. Shaw, 355 Ill. App. 3d 981 | 307A+3 | Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence; generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, so long as the trial court exercises its discretion within the bounds of the law. | Are motions in limine addressed to the trial court's inherent power to admit or exclude evidence? | Pretrial Procedure - Memo # 17 - C - KA.docx | ROSS-003311442-ROSS-003311443 |
| Greenberg Traurig of New York, P.C. v. Moody, 161 S.W.3d 56 | 307A+3 | A "motion in limine" is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make; the purpose of the motion in limine is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. | "Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make?" | Pretrial Procedure - Memo # 30 - C - KA.docx | LEGALEASE-00012257-LEGALEASE-00012258 |
| Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. | "Can a motion in limine permit a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon?" | Pretrial Proceedure - Memo # 35 - C - TJ.docx | ROSS-003310734-ROSS-003310735 |
| Greer v. Buzgheia, 141 Cal. App. 4th 1150 | 307A+3 | The purpose of a motion in limine is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to "unring the bell." | "Is the purpose of a motion in limine to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to ""unring the bell""?" | 041271.docx | LEGALEASE-00122373-LEGALEASE-00122374 |
| In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on Sept. 2, 1998, 210 F. Supp. 2d 570 | 366+32 | Doctrine of equitable subrogation rests on the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of person to whom such payment is made, without agreement to that effect. | "Is equitable subrogation a legal fiction, which permits a party who satisfies another's obligation to recover from the party ""primarily liable"" for the extinguished obligation?" | 043823.docx | LEGALEASE-00121790-LEGALEASE-00121791 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+342 | Act of state doctrine traditionally precludes courts of the United States from examining the validity of public acts committed by a foreign sovereign government within its own territory. | Does the act of state doctrine traditionally preclude courts of the United States from examining the validity of public acts committed by a foreign sovereign government within its own territory? | International Law - Memo # 100 - C - LK.docx | ROSS-003301086-ROSS-003301088 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Warfaa v. Ali, 33 F. Supp. 3d 653 | 221+342 | An act that violates jus cogens norms of international law cannot serve as a basis for the act of state doctrine that would otherwise prevent federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine prevent federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | International Law - Memo # 111 - C - LK.docx | ROSS-003325863-ROSS-003325864 |
| Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1164 | 221+342 | "Act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of public acts recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine prevent federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | International Law - Memo # 111 - C - LK.docx | LEGALEASE-00012878-LEGALEASE-00012879 |
| Doe I v. State of Israel, 400 F. Supp. 2d 8 | 221+342 | The act of state doctrine, which is a close cousin of the political question doctrine, prevents a court from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory. | Does the act of state doctrine bar courts from deciding the legality of a foreign sovereign's public acts taken in its own territory? | 019673.docx | LEGALEASE-00123355-LEGALEASE-00123356 |
| Yousuf v. Samantar, 552 F.3d 371 | 221+150 | A foreign official may assert immunity for official acts performed within the scope of his duty, but not for private acts where the officer purports to act as an individual and not as an official, such that a suit directed against that action is not a suit against the sovereign. | "May a foreign official assert immunity for official acts performed within the scope of his duty, but not for private acts where the officer purports to act as an individual and not as an official?" | 019686.docx | LEGALEASE-00123648-LEGALEASE-00123649 |
| In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | Unlike Foreign Sovereign Immunities Act (FSIA), relevant acts for act of state doctrine include any governmental acts whose validity would be called into question by adjudication of suit, not just acts of defendants. 28 U.S.C.A. S 1604. | "Unlike the Foreign Sovereign Immunities Act (FSIA), do relevant acts for act of state doctrine include any governmental acts whose validity would be called into question by adjudication of the suit?" | 019717.docx | LEGALEASE-00123778-LEGALEASE-00123780 |
| United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1 | 221+342 | The policies underlying the "act of state doctrine" precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory include international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations. | Does the act of state doctrine preclude domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory? | 019725.docx | LEGALEASE-00123790-LEGALEASE-00123791 |
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 221+342 | An action may be barred under act of state doctrine if (1) there is an official act of a foreign sovereign performed within its own territory'; and (2) the relief sought or the defense interposed in the action would require a court in the United States to declare invalid the foreign sovereign's official act. | Can an action be barred under the act of state doctrine if there is an official act of a foreign sovereign performed within its own territory? | International Law - Memo # 121 - C - SA.docx | ROSS-003285168-ROSS-003285169 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+148 | A foreign state cannot ordinarily escape liability for acts of officials and official bodies, national or local, even if the acts were not authorized by or known to the responsible national authorities, or acts expressly forbidden by law, decree, or instruction nor can a state avoid responsibility for acts that violate its own laws. Restatement (Third) of Foreign Relations Law of the United States S 207. | "Can a foreign state ordinarily escape liability for acts of officials and official bodies, national or local, even if the acts were not authorized by or known to the responsible national authorities?" | 019906.docx | LEGALEASE-00123627-LEGALEASE-00123628 |
| Pac. Merch. Shipping Ass'n v. Aubry, 709 F. Supp. 1516 | 405+2536 | Coastal nation may exercise extensive control over "marginal or territorial sea," within three miles of nation's coast, but cannot deny right of innocent passage to foreign nations. | "Can a coastal nation exercise extensive control over marginal or territorial sea, within three miles of the nation's coast, and deny the right of innocent passage to foreign nations?" | International Law - Memo # 196 - C - PHS.docx | ROSS-003282697-ROSS-003282698 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid. | "Is the ""Act of state doctrine"" an exception for cases and controversies that may embarrass foreign governments?" | International Law - Memo # 206 - C - MLS.docx | ROSS-003324026-ROSS-003324028 |
| In re Adoption of Doe, 58 A.D.3d 186 | 221+342 | The act of state doctrine requires an American court to refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction to give effect to its public concerns. | Does the act of state doctrine require an American court to refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction to give effect to its public concerns? | 020052.docx | LEGALEASE-00123443-LEGALEASE-00123444 |
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 221+342 | Act of state doctrine precludes a United States court from adjudicating claims if doing so would require that the court invalidate a foreign sovereign's official acts within its own territory. | Does the Act of state doctrine preclude a United States court from adjudicating claims if doing so would require that the court invalidate a foreign sovereign's official acts within its own territory? | International Law - Memo # 314 - C - NS.docx | ROSS-003303068-ROSS-003303070 |
| Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California, 130 F.3d 1342 | 221+342 | Under current view of act of state doctrine, action will be barred only if (1) there is official act of foreign sovereign performed within its own territory, and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | Is a claim barred by the act of state doctrine only if it involves an official act of a foreign sovereign performed within its own territory? | International Law - Memo # 316 - C - NS.docx | ROSS-003296062-ROSS-003296063 |
| Filartiga v. Pena-Irala, 630 F.2d 876 | 170B+2297 | It is only where the nations of world have demonstrated that the wrong is of mutual, and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international law violation within the meaning of the Alien Tort Statute. 28 U.S.C.A. S 1350. | Does a wrong generally recognized become an international law violation within the meaning of the Alien Tort Statute (ATS)? | 020238.docx | LEGALEASE-00124038-LEGALEASE-00124040 |
| Menendez Rodriguez v. Pan Am. Life Ins. Co., 311 F.2d 429 | 221+108 | The "Act of State" doctrine holds that American courts will not look into or pass upon validity of acts of foreign governments performed in their capacities as sovereigns within their own territories; it is not a rule of international law but one of conflict of laws. | "Will the courts of the United States adjudicate upon the validity of the acts of a foreign nation, performed in its sovereign capacity within its own territory?" | 020378.docx | LEGALEASE-00123731-LEGALEASE-00123732 |
| Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209 | 221+342 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the Act of State doctrine preclude courts from inquiring into the validity of the public acts a recognized foreign sovereign power commits within its own territory? | 020795.docx | LEGALEASE-00123717-LEGALEASE-00123719 |
| Odeh v. City of Baton Rouge/Par. of E. Baton Rouge, 191 F. Supp. 3d 623 | 237+6(1) | Under Louisiana law, statements susceptible to a defamatory meaning are words that tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person or otherwise expose a person to contempt and ridicule, and convey an element of personal disgrace, dishonesty or disrepute. | "Are words with elements of personal disgrace, dishonesty or disrepute defamatory?" | 05210.docx | LEGALEASE-00084932-LEGALEASE-00084933 |
| Miller v. Forsyth Mem'l Hosp., 173 N.C. App. 385 | 307A+3 | A trial court's pretrial ruling on a motion in limine is merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial. | "Is a trial court's pretrial ruling on a motion in limine merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial?" | 024050.docx | LEGALEASE-00122998-LEGALEASE-00122999 |
| Hardy v. Cordero, 399 Ill. App. 3d 1126 | 307A+3 | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated. | "Is the purpose of an in limine order to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated?" | 024056.docx | LEGALEASE-00123026-LEGALEASE-00123027 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | Do trial courts ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine? | Pretrial Procedure - Memo  339 - TH.docx | ROSS-003284732-ROSS-003284733 |
| Huber v. Rohrig, 280 Neb. 868 | 307A+3 | A motion in limine is but a procedural step to prevent prejudicial evidence from reaching the jury; it is not the purpose of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence. | "Is a motion in limine only a procedural step to prevent prejudicial evidence from reaching the jury, and whose purpose is to obtain a final ruling upon the ultimate admissibility of the evidence?" | 029015.docx | LEGALEASE-00122715-LEGALEASE-00122716 |
| Swick v. Liautaud, 169 Ill. 2d 504 | 307A+3 | Trial judge has discretion in granting motion in limine and reviewing court will not reverse trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Does the trial judge have discretion in granting motion in limine and reviewing court will not reverse trial court's order allowing or excluding evidence unless that discretion was clearly abused? | 032326.docx | LEGALEASE-00122821-LEGALEASE-00122822 |
| Turner v. Peril, 50 S.W.3d 742 | 307A+3 | A trial court's grant of a motion in limine simply prohibits references to specific issues without first obtaining a ruling outside the presence of the jury. | Does a trial court's grant of a motion in limine prohibit references to specific issues without obtaining a ruling outside the presence of the jury? | Pretrial Procedure - Memo # 904 - C - VA.docx | ROSS-003281967-ROSS-003281968 |
| Wilbourn v. Cavalenes, 398 Ill. App. 3d 837 | 307A+3 | The purpose of a "motion in limine" is to permit a party to obtain an order before trial excluding inadmissible evidence and prohibiting interrogation concerning such evidence without the necessity of having the questions asked and objections thereto made in the presence of the jury; in this way, the moving party is protected from whatever prejudicial impact the mere asking of the questions and the making of objections may have upon the jury. | Does a motion in limine permit a party to obtain an order excluding inadmissible evidence? | Pretrial Procedure - Memo # 905 - C - KA.docx | ROSS-003285607-ROSS-003285608 |
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon. | "Is a motion in limine a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon?" | Pretrial Proceedure - Memo # 76 - C - TJ.docx | ROSS-003327874-ROSS-003327875 |
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 30+3209 | The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. | "Is the imposition of sanctions for violation of an order in limine left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion?" | Pretrial Procedure - Memo # 77 - C - TJ.docx | ROSS-003285661-ROSS-003285662 |
| In re Ryan N., 92 Cal. App. 4th 1359 | 368+3 | In order to obtain a conviction for aiding, advising or encouraging a suicide, it is necessary to establish all of the following essential elements: (1) the defendant specifically intended the victim's suicide; (2) the defendant undertook some active and direct participation in bringing about the suicide, such as by furnishing the victim with the means of suicide; and, finally, (3) the victim actually committed a specific, overt act of suicide. West's Ann.Cal.Penal Code S 401. | "What are the elements required to establish a conviction for aiding, advising and encouraging a suicide?" | 044469.docx | LEGALEASE-00122605-LEGALEASE-00122606 |
| Casa de Cambio Comdiv S.A. de C.V. v. United States, 48 Fed. Cl. 137 | 393+1010 | In illegal exaction cases, in contrast to other actions for money damages, jurisdiction exists in the Court of Federal Claims even when the constitutional provision allegedly violated does not contain compensation mandating language. | "Does jurisdiction exists in illegal exaction cases, even when the Constitutional provision allegedly violated does not contain compensation mandating language?" | 017504.docx | LEGALEASE-00124381-LEGALEASE-00124382 |
| Republic of Philippines v. Marcos, 806 F.2d 344 | 221+342 | Act of state doctrine immunizes government officials from liability for acts done in their own country in exercise of governmental authority, even where government rules by paramount force as a matter of fact. | "Does the act of state doctrine immunize government officials from liability for acts done in their own country in exercise of governmental authority, even where the government rules by paramount force as a matter of fact?" | 019816.docx | LEGALEASE-00124924-LEGALEASE-00124925 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 | 221+342 | The "act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of the public acts a recognized foreign sovereign power committed within its own territory. | "Does the ""act of state doctrine"" preclude United States courts from inquiring into validity of public acts of a recognized foreign sovereign committed within its own territory?" | 019854.docx | LEGALEASE-00124417-LEGALEASE-00124419 |
| Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938 | 221+342 | The act of state doctrine overlaps in many respects with the political question doctrine, as it is rooted in constitutional separation-of-powers concerns; it recognizes the thoroughly sound principle that on occasion individual litigants may have to forgo decision on the merits of their claims because the involvement of the courts in such a decision might frustrate the conduct of United States foreign policy. | Does the act of state doctrine prohibit United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government? | International Law - Memo # 307 - C - SHS.docx | LEGALEASE-00014457-LEGALEASE-00014458 |
| United States v. Labs of Virginia, 272 F. Supp. 2d 764 | 221+342 | Act of state issues arise only when a court must decide-that is, when the outcome of the case turns upon-the effect of official action by a foreign sovereign. When that question is not in the case, neither is the act of state doctrine. | Does an act of state issue arise only when a court must decide the outcome of the case turns upon-the effect of official action by a foreign sovereign? | International Law - Memo # 308 - C - SHS.docx | ROSS-003283525-ROSS-003283526 |
| Int'l Tin Council v. Amalgamet Inc., 138 Misc. 2d 383 | 221+342 | Under Act of State Doctrine, even where sovereign immunity does not technically exist, certain international disputes more properly should be resolved by executive branch of United States government rather than by courts. | Under the Act of State Doctrine should certain international disputes more properly be resolved by the executive branch of the United States government rather than by the courts? | International Law - Memo # 423 - C - MLS.docx | ROSS-003295669-ROSS-003295670 |
| Drexel Burnham Lambert Grp. Inc. v. Comm. of Receivers for A.W. Galadari, 810 F. Supp. 1375 | 221+342 | Purpose of Act of State Doctrine is to avoid adjudication of actions that foreign states take on their own soil that might embarrass Executive Branch or interfere with foreign policy. | Is the purpose of the Act of State Doctrine to avoid adjudication of actions that foreign states take on their own soil that might embarrass the Executive Branch or interfere with foreign policy? | International Law - Memo # 426 - C - MLS.docx | ROSS-003288476-ROSS-003288478 |
| de Sanchez v. Banco Cent. De Nicaragua, 770 F.2d 1385 | 221+342 | Sovereign immunity is jurisdictional in nature, and thus if it exists, court lacks both personal and subject-matter jurisdiction to hear case and must enter an order of dismissal; in contrast, act of state doctrine merely requires that court, after exercising jurisdiction, decline to review certain issues, in particular, validity or propriety of foreign acts of state. | "Since sovereign immunity is jurisdictional in nature, does a court lacks both personal and subject-matter jurisdiction to hear case and must the court enter an order of dismissal?" | International Law - Memo # 434 - C - MLS.docx | ROSS-003311026-ROSS-003311027 |
| Sharon v. Time, 599 F. Supp. 538 | 221+342 | Act of state doctrine provides that a United States court will refrain from examining validity of act of foreign state by which that state has exercised its jurisdiction to give effect to its public interests. | Does the act of state doctrine provide that a United States court will refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction to give effect to its public interests? | International Law - Memo # 443 - C - MLS.docx | ROSS-003282658-ROSS-003282659 |
| Outboard Marine Corp. v. Pezetel, 461 F. Supp. 384 | 221+342 | In invoking act-of-state doctrine, which precludes courts of United States from inquiring into validity of public acts recognized foreign sovereign power committed within its territory, a litigant must establish that what is involved is (1) a public act (2) committed by a recognized foreign power (3) exclusively within its own territory. | In invoking act-of-state doctrine must a litigant establish that what is involved is a public act committed by a recognized foreign power exclusively within its own territory? | 020436.docx | LEGALEASE-00125189-LEGALEASE-00125190 |
| Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 | 221+342 | The "act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of the public acts a recognized foreign sovereign power committed within its own territory. | "Under the act of state doctrine, are courts precluded from inquiring into validity of public acts of recognized sovereign power committed within its own territories?" | International Law - Memo # 569 - C - SA.docx | ROSS-003302327-ROSS-003302329 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Best, 172 F. Supp. 2d 656 | 221+329 | In addition to the "subjective territorial principle," by which a state has jurisdiction to prescribe law with respect to conduct that, wholly or in substantial part, takes place within its territory, United States recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. Restatement (Third) of the Foreign Relations Law of the United States S 402(1)(a). | Does the United States recognize principles of jurisdiction under international law by which a nation may reach conduct outside its territory? | International Law - Memo # 816 - C - ANC.docx | ROSS-003284614-ROSS-003284616 |
| Quad City Bank & Tr. v. Jim Kircher & Assocs., P.C., 804 N.W.2d 83 | 388+9(1) | A motion in limine serves the useful purpose of raising and pointing out before trial certain evidentiary rulings that the trial court may be called upon to make during the course of the trial and, if sustained, excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof. | What is the purpose of a motion in limine? | 024268.docx | LEGALEASE-00124707-LEGALEASE-00124708 |
| Delnick v. Outboard Marine Corp., 197 Ill. App. 3d 770 | 272+1695 | Application of doctrine of res ipsa loquitur is a question of law which must be decided in the first instance by the trial court, and it is proper function of trial court, at the pretrial motion stage, to determine appropriateness of res ipsa loquitur to facts of the case. | Is the doctrine of res ipsa loquitur a question of law that is determined at the pretrial motion stage? | 024319.docx | LEGALEASE-00125049-LEGALEASE-00125050 |
| Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | "With respect to the admission of evidence in ruling on motions in limine, is a court's discretion limited by the legal principles applicable to the case?" | 024359.docx | LEGALEASE-00124263-LEGALEASE-00124264 |
| Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | "With respect to the exclusion of evidence in ruling on motions in limine, is a court's discretion limited by the legal principles applicable to the case?" | 024361.docx | LEGALEASE-00124261-LEGALEASE-00124262 |
| Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | "In determining if a pretrial ruling is justified, should a district court weigh whether the court will be in a better position during trial to assess the value of the potential prejudice?" | 024383.docx | LEGALEASE-00124577-LEGALEASE-00124578 |
| Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | "In determining if a pretrial ruling is justified, should a district court weigh whether the court will be in a better position during trial to assess the utility of the potential prejudice?" | 024385.docx | LEGALEASE-00124619-LEGALEASE-00124620 |
| Olson v. Sherrerd, 266 Neb. 207 | 307A+3 | A "motion in limine" is but a procedural step to prevent prejudicial evidence from reaching the jury; it is not the purpose of such a motion to obtain a final ruling upon the ultimate admissibility of the evidence. | Is a motion in limine a procedural step to prevent prejudicial evidence from reaching the jury and whose purpose is to obtain a final ruling upon the ultimate admissibility of the evidence? | Pretrial Procedure - Memo # 241 - C - ANC.docx | ROSS-003299570-ROSS-003299571 |
| Evans v. Thobe, 195 Ohio App.3d 1 | 307A+3 | An order granting or denying a motion in limine is a tentative, preliminary, or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context. | "Is an order granting or denying a motion in limine a tentative, preliminary, or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context?" | Pretrial Procedure - Memo # 440 - C - HAM.docx | ROSS-003303015-ROSS-003303016 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State Nat. Bank v. Gregorio, 68 Misc. 2d 926 | 307A+1 | The fiction that the law maintains that insured is the real party in interest at the trial of underlying negligence action is only to protect the insurance company against overly sympathetic juries, but the reason for the fiction does not exist at pretrial stage of the litigation. | "Is the fiction that the law maintains i.e., that the insured is the real party in interest at the trial of underlying negligence action, only to protect the insurance company against overly sympathetic juries?" | Pretrial Procedure - Memo # 487 - C - LK.docx | ROSS-003285602-ROSS-003285603 |
| Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. | Is a motion in limine a procedural device that permits a party to identify certain evidentiary issues the court may be asked to rule upon? | Pretrial Procedure - Memo # 857 - C - TJ.docx | ROSS-003282956-ROSS-003282957 |
| Premium Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557 | 307A+3 | A "motion in limine" filed in a civil case is generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules. | Is a motion in limine filed in a civil case a substitute for evidentiary objections at trial and a means to exclude evidence from trial for violations of the disclosure rules? | Pretrial Procedure - Memo # 919 - C - TJ.docx | ROSS-003282134-ROSS-003282135 |
| In re Cox Enterprises Set-top Cable Television Box Antitrust Litig., 790 F.3d 1112 | 366+1 | One who claims to be equitably subrogated must satisfy certain prerequisites: (1) payment must be made pursuant to an obligation to do so, or to protect the subrogee's own interest, meaning subrogee must not be making payment as a mere volunteer, (2) debt paid must be one for which subrogee was not primarily liable, (3) the entire debt must be paid, and (4) subrogation must not work any injustice to the rights of others. | Is it required that subrogation must not work any injustice to the rights of others? | 05606.docx | LEGALEASE-00084267-LEGALEASE-00084268 |
| People v. Alvarez-Garcia, 395 Ill. App. 3d 719 | 203+527 | Three mental states or conduct that can accompany acts that cause a murder are: (1) a defendant can intend to kill or do great bodily harm to the victim, which is intentional murder; (2) a defendant can know that his acts create a strong probability of death or great bodily harm to the victim, which is knowing murder or strong probability murder; and (3) a defendant can attempt or commit a forcible felony other than second degree murder, which is felony murder. S.H.A. 720 ILCS 5/9-1(a). | What are the mental states that can accompany the act of murder? | 019383.docx | LEGALEASE-00125748-LEGALEASE-00125749 |
| RLI Ins. Co. v. New York State Dep't of Labor, 97 N.Y.2d 256 | 366+7(1) | A surety who completes work on a construction project after a default by the contractor succeeds under equitable subrogation principles to all rights that the obligee/owner has against the contractor, including the right to use the unpaid contract balance to complete the project or satisfy outstanding claims for labor and materials furnished. | Does a surety who completes work on a construction project after a default by the contractor succeed under equitable subrogation principles to all rights that the oblige or owner against the contractor? | Subrogation - Memo # 706 - C - SA.docx | LEGALEASE-00015656-LEGALEASE-00015657 |
| Atl. Container Line AB v. Aref Hassan Abul, 281 F. Supp. 2d 457 | 386+6 | To establish a right to recovery for trespass to chattels under New York law, a plaintiff must establish that the alleged trespasser acted for the purpose of interfering with the chattel, or acted with knowledge that such would be the result of his conduct; while the trespasser need not intend or expect the damaging consequences of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness. | How can a right to recovery for trespass to chattels be established? | 047207.docx | LEGALEASE-00125810-LEGALEASE-00125811 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mekuria v. Washington Metro. Area Transit Auth., 45 F. Supp. 2d 19 | 219+68 | In fully compensating property owner for a taking, choice of an appropriate rate of interest is a question of fact to be determined by the court; in fixing an award of interest, the district court should attempt to determine what a reasonably prudent person investing funds so as to produce a reasonable return while maintaining safety of principal would have achieved. | "Is the choice of an appropriate rate of interest a question of fact, to be determined by the court?" | 017576.docx | LEGALEASE-00125900-LEGALEASE-00125901 |
| United States v. Alomia-Riascos, 825 F.2d 769 | 110+97(1) | Protective principle of international law permits nation to assert subject matter criminal jurisdiction over person whose conduct outside nation's territory threatens national interest. | "Under the ""protective principle"" of international law, is a nation permitted to assert jurisdiction over a person whose conduct outside the nation's territory threatens the nation's security?" | International Law - Memo # 792 - C - ES.docx | ROSS-003312063-ROSS-003312065 |
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon. | "Is a motion in limine a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon, in order to avoid prejudicing the jury?" | Pretrial Procedure - Memo # 871 - C - TJ.docx | ROSS-003300316-ROSS-003300317 |
| Honaker v. Mahon, 210 W. Va. 53 | 307A+3 | The purpose of a motion in limine is to prevent an opposing party from asking prejudicial questions, or introducing prejudicial evidence, in front of the jury without asking the trial court's permission. | Is the purpose of a motion in limine to prevent an opposing party from asking prejudicial questions in front of the jury without asking the trial court's permission? | Pretrial Procedure - Memo # 899 - C - VA.docx | ROSS-003326648 |
| Mt. Carmel Pub. Util. & Serv. Co. v. Pub. Utilities Comm'n, 297 Ill. 303 | 317A+111 | Where public utility corporation is furnishing through various departments of its business different kinds of service, it cannot be compelled to carry on a branch of its business which furnishes one kind of such service at a loss, though its whole business may be conducted at a profit. A corporation may be required to fulfill an obligation imposed by its charter, even though it may be done at a loss. | Can a public utility be compelled to carry on a branch of business furnishing one kind of service at a loss? | 042369.docx | LEGALEASE-00126110-LEGALEASE-00126111 |
| In re Yanke, 225 B.R. 428 | 217+3512 | Although the same business entity often serves as both insurer and surety, the alignment of parties in the two relationships gives rise to different legal consequences in subrogation; in the case of property and casualty insurance, the insurer indemnifies its insured from a loss, and upon payment gains the right to pursue the responsible third party, while under a bond, the surety indemnifies third parties from losses at the hands of its principal, and upon payment gains the right to recover from its own principal. | "If the same business entity often serves as both insurer and surety, does the alignment of parties in the two relationships give rise to different legal consequences in subrogation?" | 043964.docx | LEGALEASE-00126112-LEGALEASE-00126113 |
| Outboard Marine Corp. v. Thomas, 773 F.2d 883 | 216+5 | Environmental Protection Agency's authority to enter property to inspect and obtain samples, gather information and inspect records is limited to hazardous substance itself; section (42 U.S.C.A. S 9604(e)) does not provide authority for taking subsurface samples to determine what construction can be supported or for design and surveying purposes as preliminary to construction of remedial operations on hazardous waste site. Comprehensive Environmental Response, Compensation, and Liability Act of 1980, S 104(e), 42 U.S.C.A. S 9604(e). | "Is the authority of Environmental Protection Agency to inspect and obtain samples, gather information, and inspect records limited to a hazardous substance only?" | 019492.docx | LEGALEASE-00126576-LEGALEASE-00126577 |
| James P. Paul Water Co. v. Arizona Corp. Comm'n, 137 Ariz. 426 | 317A+113 | Once granted, a certificate of convenience and necessity confers upon its holder an exclusive right to provide the relevant service for as long as the grantee can provide adequate service at a reasonable rate. A.R.S. SS 40-281 to 40-285. | Does the granted certificate of convenience and necessity confer upon its holder an exclusive right to provide services at reasonable rates? | Public Utilities - Memo 196 - AM.docx | ROSS-003286755-ROSS-003286757 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Miller v. City Hosp., 197 W. Va. 403 | 413+6 | Workers' compensation system benefits injured workers by providing benefits and full compensation through a basic "no-fault" system and protects employers from financial consequences of civil liability to injured employees. | Does the workers compensation system benefit injured workers by providing benefits and full compensation through a basic no-fault system and protect employers from the financial consequences of civil liability to injured employees? | 048393.docx | LEGALEASE-00126854-LEGALEASE-00126855 |
| Kazanteno v. California-W. States Life Ins. Co., 137 Cal. App. 2d 361 | 13+65 | Court of Equity will make final disposition which is governed by circumstances shown to exist at time decree is made, rather than at time of inception of the litigation, and a supplemental pleading is not necessary to such end. | Will the court of equity make a final disposition of the litigation governed by circumstances shown to exist at the time the decree is made? | Action - Memo # 855 - C - SKG.docx | ROSS-003286551-ROSS-003286554 |
| Nesbitt v. Gettys, 219 S.C. 221 | 141E+38(1) | School districts have no inherent right of local self-government which is beyond legislative control, and legislature may, within constitutional limits, establish a new high school district without consent either of people affected or trustees of constituent districts. | Do school districts have inherent right of local self-government which is beyond legislative control? | Education - Memo # 49 - C - SU.docx | ROSS-003286005-ROSS-003286006 |
| Laidlaw Waste Sys. v. City of Phoenix, 168 Ariz. 563 | 148+2.2 | Government's exercise of its right to compete with businesses, that results in diminution and destruction of value of businesses within area, does not transform lawful competition into compensable taking. A.R.S. Const. Art. 2, S 17; U.S.C.A. Const.Amend. 5. | Does a government's exercise of its right to compete with businesses those results in the diminution or destruction of the value of the businesses within the area transform lawful competition into a compensable taking? | Eminent Domain - Memo 341 - GP.docx | ROSS-003300036-ROSS-003300038 |
| Eagle Bus Lines v. Illinois Commerce Comm'n, 3 Ill. 2d 66 | 317A+113 | Provision of the Public Utilities Act that certificate of convenience and necessity shall not be construed to grant a monopoly or exclusive privilege, immunity, or franchise discloses the intention of the Legislature that mere existence of a certificate shall not preclude the granting of a second certificate. S.H.A. ch. 1112/323, S 56. | "Can a certificate of public convenience and necessity be construed as granting a monopoly or an exclusive privilege, immunity or franchise?" | 042460.docx | LEGALEASE-00127662-LEGALEASE-00127663 |
| Behr v. Hook, 173 Vt. 122 | 217+3522 | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | Are waiver-of-subrogation clauses intended to allow the parties to exculpate each other from personal liability? | Subrogation - Memo # 1216 - C - SN.docx | ROSS-003300488-ROSS-003300489 |
| Thompson v. Int'l Bus. Machines Corp., 870 F. Supp. 541 | 413+1 | Under New York law, employer responsibility for industrial accidents is basically governed by no-fault workers' compensation system providing automatic benefits of limited amount in return for elimination of risk of tort damage suits. | Is an employers responsibility for industrial accidents governed by the no-fault workers compensation system? | 048510.docx | LEGALEASE-00127342-LEGALEASE-00127343 |
| Smith v. H.C. Bailey Companies, 477 So. 2d 224 | 307A+501 | Trial court's decision on motion for voluntary dismissal must consider effect that such action will have upon defendants and other plaintiffs, if any, and must insure fairness and protection for them; generally, voluntary dismissal should be permitted unless such prejudice will occur, other than prospect of another lawsuit. Rules Civ.Proc., Rule 41(a). | "Should a trial court's decision on a motion for voluntary dismissal consider the effect that such action will have upon defendants and other plaintiffs, if any, and must insure fairness and protection for them?" | Pretrial Proceedure - Memo # 1150 - C - TJ.docx | ROSS-003314572-ROSS-003314573 |
| Lynch v. Mayfield, 69 Ohio App. 3d 229 | 413+1 | Ohio workers' compensation system does not make employers absolute insurers of their employees' safety; rather, system is meant to protect employees against potentially devastating consequences of work-related injuries. Const. Art. 2, S 35. | "Does the workers compensation system make employers absolute insurers of their employees safety, or is the system meant to protect employees against the potentially devastating consequences of work-related injuries?" | 047733.docx | LEGALEASE-00128741-LEGALEASE-00128743 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Phelps v. Positive Action Tool Co., 26 Ohio St. 3d 142 | 413+1 | Purpose of Workers' Compensation Act is not to make employer absolute insurer of employee's safety, but only to protect employee against risks and hazards incident to performance of his work. R.C. S 4123.01 et seq. | "Is the purpose of the workers compensation act to make an employer an absolute insurer of employee safety, or to only protect employees against risks and hazards incident to the performance of his work?" | 047748.docx | LEGALEASE-00128756-LEGALEASE-00128757 |
| Zundell v. Dade Cty. Sch. Bd., 636 So. 2d 8 | 413+1 | Workers' compensation is administrative remedy designed to speed employee's compensation while insulating both employer and employee from costs and delays inherent in purely judicial adversarial proceedings. | Is workers compensation an administrative remedy designed to speed the employees compensation while insulating both the employer and employee from the costs and delays inherent in purely judicial adversarial proceedings? | 048542.docx | LEGALEASE-00128700-LEGALEASE-00128702 |
| Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Ins., 760 F. Supp. 1036 | 25T+139 | While parties may not be compelled to submit commercial dispute to arbitration unless they have contracted to do so, federal policy requires district court to construe arbitration clauses as broadly as possible and any doubts concerning scope of arbitrable issue should be resolved in favor of arbitration. | Does federal policy favoring arbitration require courts to construe arbitration clauses as broadly as possible? | 007304.docx | LEGALEASE-00129043-LEGALEASE-00129044 |
| Holiday Queen Land Corp. v. Baker, 489 F.2d 1031 | 170A+1693 | A court exercising its discretion in considering a motion for voluntary dismissal must follow the traditional principle that dismissal should be allowed unless defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit; and it is not a bar that plaintiff may obtain some tactical advantage thereby. Fed.Rules Civ.Proc. rule 41(a)(2), 28 U.S.C.A. | "In determining whether to grant a voluntary dismissal, should a court follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice?" | 024009.docx | LEGALEASE-00129496-LEGALEASE-00129497 |
| Georgiades v. Di Ferrante, 871 S.W.2d 878 | 307A+508 | Defensive pleading states affirmative right to relief, so as to bar plaintiff from taking nonsuit, if it alleges that defendant has cause of action that is independent of plaintiff's claim, upon which defendant could recover benefits, compensation, or relief, even if plaintiff abandons his or her own cause of action or fails to establish it; creative pleading that merely restates defenses in form of declaratory judgment action cannot deprive plaintiff of right to nonsuit. | Is a plaintiff's right to take a nonsuit unqualified and absolute as long as the defendant has not made a claim for affirmative relief? | 024908.docx | LEGALEASE-00129293-LEGALEASE-00129294 |
| New York Mortg. Tr. v. Dasdemir, 116 A.D.3d 679 | 307A+501 | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for voluntary discontinuance should be granted without prejudice. McKinney's CPLR 3217(c). | Is motion for voluntary discontinuance generally granted absent a showing of special circumstances which includes prejudice or other improper consequences? | Pretrial Procedure - Memo # 1288 - C - RY.docx | ROSS-003286089-ROSS-003286091 |
| New York Mortg. Tr. v. Dasdemir, 116 A.D.3d 679 | 307A+501 | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice. McKinney's CPLR 3217(c). | Is motion for voluntary discontinuance generally granted absent a showing of special circumstances which includes prejudice or other improper consequences? | 026182.docx | LEGALEASE-00129189-LEGALEASE-00129190 |
| Ex parte Goodyear Tire & Rubber Co., 248 S.C. 412 | 307A+331 | Where reasonably necessary in the promotion of justice, a court in the exercise of equity jurisdiction has inherent authority to require discovery of a chattel in the possession of the adverse party. Const. art. 5, SS 1, 15; art. 6, S 3; Code 1962, SS 10-7 to 10-10, 10-8, 26-501 to 26-512. | "Where reasonably necessary in the promotion of justice, does a court in the exercise of equity jurisdiction have an inherent authority to require discovery of a chattel in the possession of the adverse party?" | 027308.docx | LEGALEAR-00129410-LEGALEASE-00129411 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pasadena Metro Blue Line Const. Auth. v. Pac. Bell Tel. Co., 140 Cal. App. 4th 658 | 317A+114 | Codified common law rules provide that when a public utility accepts franchise rights in public streets, it assumes an implied obligation to pay for the relocation of its facilities when necessary to make way for a proper governmental use, which obligation arises from the paramount right of the people as a whole to use public thoroughfares; the Legislature may grant a utility the right to compensation for relocating its facilities, but must do so specifically. West's Ann.Cal.Pub.Util.Code S 6297. | What is the implied obligation assumed by a public utility accepting franchise rights in public streets? | Public Utilities - Memo 259 - AM.docx | ROSS-003301660-ROSS-003301662 |
| Mellone v. Lewis, 233 Cal. App. 2d 4 | 307A+747.1 | Statute relating to sanctions which may be imposed for disobedience of discovery orders is not specifically applicable to pretrial orders, but does provide suitable method of practice harmonious with purposes of implementing and enforcing portions of pretrial order relating to evidence and conduct of trial. West's Ann.Code Civ.Proc. S 2034. | Is a statute relating to sanctions which may be imposed for disobedience of discovery orders specifically applicable to pretrial orders? | 026689.docx | LEGALEASE-00129972-LEGALEASE-00129973 |
| Lumbermens Mut. Cas. Co. v. Cont'l Cas. Co., 387 P.2d 104 | 307A+747.1 | Counsel has particular responsibility to assist court at pre-trial so that pre-trial order in final form accomplishes its purpose of clearly defining all issues to be tried and decided. | Does a counsel have a particular responsibility to assist a court at pre-trial so that a pretrial order in a final form accomplishes its purpose of clearly defining all issues to be tried and decided? | Pretrial Procedure - Memo # 1618 - C - SN.docx | ROSS-003300607-ROSS-003300608 |
| Speet v. Schuette, 889 F. Supp. 2d 969 | 92+3781 | Michigan statute which criminalized begging in a public place violated the Equal Protection Clause; the statute restricted some individuals from exercising their fundamental right of freedom of expression, while permitting others, with different messages that the state deemed more acceptable, to exercise that right. U.S.C.A. Const.Amends. 1, 14; M.C.L.A. S 750.167(1)(h). | Does criminalizing begging in a public place violate the Equal Protection Clause? | Vagrancy - Memo 17 - SB.docx | ROSS-003300375-ROSS-003300376 |
| Jacob Hartz Seed Co. v. Thomas, 253 Ark. 176 | 413+1 | The public, as bearer of ultimate burden of compensation protection, has a material interest in minimization of risk of an injured employee becoming object of public charity or public relief. Ark.Stats. S 81-1319(I ). | "Does the public, as a bearer of the ultimate burden of compensation protection, have a material interest in the minimization of risk of an injured employee becoming an object of public charity or public relief?" | 047830.docx | LEGALEASE-00130149-LEGALEASE-00130151 |
| Com. v. Fall River Motor Sales, 409 Mass. 302 | 307A+717.1 | Continuance is appropriate if party opposing summary judgment motion shows that it cannot, without further discovery, present, by affidavit, facts essential to justify its opposition; one common reason for denial of continuance is irrelevance of further discovery to issue being adjudicated in summary judgment. Rules Civ.Proc., Rule 56(f), 43B M.G.L.A. | "Is continuance appropriate if a party opposing summary judgment motion shows that it cannot, without further discovery, present, by affidavit, facts essential to justify its opposition?" | Pretrial Procedure - Memo # 1680 - C - BP.docx | ROSS-003287700-ROSS-003287701 |
| Shawe v. Elting, 157 A.3d 142 | 307A+331 | A party is not obligated to preserve every shred of paper, every e-mail or electronic document, but instead must preserve what it knows, or reasonably should know, is relevant to the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request. | "Is a party obligated to preserve what it knows, or reasonably should know, is relevant to the action?" | 026814.docx | LEGALEASE-00130364-LEGALEASE-00130365 |
| Tober v. Hampton, 178 Neb. 858 | 307A+747.1 | If at pretrial conference it appears there are issues which might be determinative of cause, although not then within the pleadings, they should be stated in pretrial order which should thereafter govern proceeding in that respect. | "If at pretrial conference it appears there are issues which might be determinative of cause although not then within the pleadings, should they be stated in the pretrial order which should thereafter govern proceeding in that respect?" | Pretrial Procedure - Memo # 1736 - C - NS.docx | ROSS-003327697-ROSS-003327698 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hasenauer v. Durbin, 216 Neb. 714 | 307A+750 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | Should litigants adhere to the spirit of procedure and are they bound by pretrial order to which no exception has been taken? | 026979.docx | LEGALEASE-00131060-LEGALEASE-00131061 |
| Singer v. Nat'l Gum & Mica Co., 211 A.D. 758 | 307A+331 | Civil Practice Act, SS 288-309, 324-328, and Rules of Civil Practice, Rules 122, 140 et seq. maintain fundamental distinction between production of books and records in connection with examination of witness before trial and a discovery and inspection of such books and records. | Do the Civil Practice Act and Rules of Civil Practice maintain a fundamental distinction between production of books and records in connection with examination of witness before trial and a discovery and inspection of such books and records? | Pretrial Procedure - Memo # 2042 - C - VP.docx | ROSS-003288072-ROSS-003288073 |
| Heartland Apartment Ass'n v. City of Mission, 51 Kan. App. 2d 699 | 371+2002 | A "fee" is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public; it is not a revenue measure, but a means of compensating the government for the cost of offering and regulating the special service, benefit, or privilege and payment of a fee is voluntary, in that an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered. | Is a tax imposed to raise revenue for the maintenance of governmental services offered to the general public? | Taxation - Memo # 43 - C - CK.docx | ROSS-003315237-ROSS-003315238 |
| Pleasant v. Pleasant, 97 Md. App. 711 | 307A+331 | Although party may choose to depose nonparty holder of documents rather than use request for production of documents, that option is not one that may be forced on party seeking discovery. | "Although a party may choose to depose nonparty holder of documents rather than use request for production of documents, is that option not one that may be forced on a party seeking discovery?" | 027213.docx | LEGALEASE-00132340-LEGALEASE-00132341 |
| De Courcy v. Am. Emery Wheel Works, 89 R.I. 450 | 307A+331 | The superior court has no inherent authority apart from statute to permit a party to a cause to examine, prior to trial, evidence in the possession or control of the opposing party. | "Does the superior court have an inherent authority apart from statute to permit a party to a cause to examine, prior to trial, evidence in the possession or control of the opposing party?" | 027420.docx | LEGALEASE-00131626-LEGALEASE-00131627 |
| City of Prichard v. Moulton, 277 Ala. 231 | 307A+717.1 | Grant of continuance because of absent but subpoenaed witness is largely within trial court's discretion and his ruling will not be error unless palpable abuse is shown. | Is a grant of continuance because of an absent but subpoenaed witness largely within a trial court's discretion and will not be an error unless palpable abuse is shown? | 027469.docx | LEGALEASE-00132292-LEGALEASE-00132293 |
| State v. Patton, 84 S.W.3d 554 | 110+603.3(9) | When a continuance request is based upon the absence of a witness, it is required that the application show the materiality of the potential testimony, the particular facts the witness will prove, due diligence on the part of the defendant to obtain the testimony, and reasonable grounds to believe the attendance or testimony of the witness will be procured within a reasonable time. V.A.M.R. 24.10. | When will the absence of a witness be grounds for a continuance? | 027621.docx | LEGALEASE-00132112-LEGALEASE-00132113 |
| Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | While the date on which the trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, a nonsuit is effective when it is filed. Vernon's Ann.Texas Rules Civ.Proc., Rules 162, 329b. | "While the date on which the trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, is a nonsuit effective when it is filed?" | Pretrial Procedure - Memo # 2282 - C - SHB.docx | ROSS-003300015-ROSS-003300016 |
| Morgan Stanley Dean Witter Commercial Fin. Servs. v. Sutula, 185 Ohio App. 3d 152 | 307A+517.1 | When a case has been properly voluntarily dismissed, the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction. Rules Civ.Proc., Rule 41(A)(1). | "When a case has been properly voluntarily dismissed, does the trial court patently and unambiguously lack jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction?" | 027757.docx | LEGALEASE-00132023-LEGALEASE-00132024 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Joachim v. Travelers Ins. Co., 279 S.W.3d 812 | 307A+517.1 | While the date a trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, a nonsuit is effective when filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "While the date a trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, is a nonsuit effective when filed?" | 027862.docx | LEGALEASE-00132260-LEGALEASE-00132261 |
| In re Carolina Tobacco Co., 360 B.R. 702 | 371+2001 | "Tax" is: (1) involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of, the legislature; (3) for public purposes, including purpose of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of state. | "Is tax for public purposes, including purpose of defraying expenses of government or undertakings authorized by it?" | 044802.docx | LEGALEASE-00131511-LEGALEASE-00131513 |
| Mayor & City Council of Baltimore v. Vonage Am. Inc., 544 F. Supp. 2d 458 | 170B+2036 | Under the Tax Injunction Act (TIA), the "classic tax" is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large, while the "classic fee" is imposed by an administrative agency upon only those persons, or entities, subject to its regulation for regulatory purposes, or to raise money placed in a special fund to defray the agency's regulation-related expenses. 28 U.S.C.A. S 1341. | Who is classic tax imposed upon? | Taxation - Memo # 300 - C - CK.docx | ROSS-003331039-ROSS-003331040 |
| United States v. Menendez, 137 F. Supp. 3d 709 | 63+1(1) | Under the stream of benefits doctrine, the bribery statute's quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. 18 U.S.C.A. S 201. | How is bribery's quid pro quo requirement satisfied under the stream of benefits doctrine? | Bribery - Memo #244 - C - LB.docx | ROSS-003300628-ROSS-003300629 |
| State v. Sherwin, 127 N.J. Super. 370 | 63+1(1) | Corrupt intent necessary to bribery conviction is supplied simply by showing that opportunity was used to perform a public duty as a means of acquiring unlawful benefit. N.J.S.A. 2A:85-14, 2A:93-6. | Is the corrupt intent necessary to bribery conviction supplied simply by showing that opportunity was used to perform a public duty as a means of acquiring unlawful benefit? | Bribery - Memo #259 - C - CSS.docx | ROSS-003287188-ROSS-003287189 |
| State v. Coleman, 167 Conn. 260, 355 A.2d 11 | 110+632(5) | If pretrial conference is held, in either civil or criminal case, both parties are bound by agreements made at conference and included by judge in order entered at conclusion of conference. | "If the pretrial conference is held, in either civil or criminal case, are both parties bound by agreements made at the conference and included by a judge in an order entered at the conclusion of a conference?" | 027490.docx | LEGALEASE-00132558-LEGALEASE-00132559 |
| Wheeler v. Green, 157 S.W.3d 439 | 228+183 | Undue prejudice, as element for withdrawing deemed admissions or for allowing a late summary-judgment response, depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Vernon's Ann.Texas Rules Civ.Proc., Rules 166a(c), 198.3. | Does undue prejudice depend on whether withdrawing a deemed admission will delay the trial or significantly hamper the opposing party's ability to prepare for it? | 028179.docx | LEGALEASE-00132988-LEGALEASE-00132989 |
| In re Estate of Klaas, 8 S.W.3d 906 | 307A+517.1 | Trial court loses jurisdiction when a plaintiff voluntarily dismisses a case, without order of court and prior to introduction of evidence; trial court may take no further action as to the dismissed action and any step attempted is a nullity. | "Does a trial court lose jurisdiction when a plaintiff voluntarily dismisses a case, without an order of the court and prior to the introduction of evidence?" | Pretrial Procedure - Memo # 2582 - C - ES.docx | ROSS-003288099-ROSS-003288100 |
| Escude ex rel. Escude v. King Cty. Pub. Hosp. Dist. No. 2, 117 Wash. App. 183 | 307A+517.1 | After the voluntary dismissal of an action, a trial court retains jurisdiction to consider the defendant's motion for expenses if the motion is made pursuant to a statute or a contractual provision. CR 41(a)(4). | "After the voluntary dismissal of an action, does a trial court retain jurisdiction to consider the defendant's motion for expenses if the motion is made pursuant to a statute or a contractual provision?" | 028573.docx | LEGALEASE-00132720-LEGALEASE-00132721 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 308 | 307A+486 | Where a litigant's use of rule governing deemed admissions contravenes the rule's important purpose of more quickly and efficiently reaching a resolution based on the actual facts, the court may withdraw the admissions when the presentation of the merits will be subserved and the party benefiting from them is not prejudiced. Trial Procedure Rule 36(B). | Can a court withdraw the admissions when the presentation of the merits will be sub-served and the party benefiting from them is not prejudiced? | Pretrial Procedure - Memo # 2827 - C - SB.docx | ROSS-003301841-ROSS-003301842 |
| Flamm v. Hughes, 329 F.2d 378 | 413+1 | Congress has great latitude in promulgating statutory scheme for compensation of workers who may suffer broad range of injuries in terms of duration and severity. Longshoremen's and Harbor Workers' Compensation Act, S 8(c), 33 U.S.C.A. S 908(c). | Does Congress have great latitude in promulgating the statutory scheme for compensation of workers who may suffer a broad range of injuries in terms of duration and severity? | 047877.docx | LEGALEASE-00132958-LEGALEASE-00132959 |
| Jentoft v. United States, 450 F.3d 1342 | 34+4 | During times of national emergencies, the President may mobilize the National Guard, putting it in federal duty status and making its members available for military duties normally assigned to the active armed forces and armed forces reserves. | Can the president mobilize the National Guard putting it in federal duty status and making its members available for military duties? | 008396.docx | LEGALEASE-00133794-LEGALEASE-00133795 |
| Tommy Gio v. Dunlop, 348 S.W.3d 503 | 307A+486 | "Good cause" for withdrawal or amendment of a deemed admission is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3(a). | "Is good cause supporting withdrawal of a deemed admission established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference?" | 028453.docx | LEGALEASE-00134438-LEGALEASE-00134439 |
| Stelly v. Papania, 927 S.W.2d 620 | 307A+486 | Trial court does not abuse its discretion by allowing a party to withdraw and amend its original answers to a request for admissions if moving party shows that there is good cause, that party relying on the responses will not be unduly prejudiced, and that the withdrawal will serve purpose of legitimate discovery and the merits of case. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | "Does a trial court have discretion to permit a party to withdraw an admission if the party shows good cause, and if the trial court finds that the party relying on the admission will not be unduly prejudiced?" | 028693.docx | LEGALEASE-00134021-LEGALEASE-00134022 |
| Indep. Tr. Corp. v. Stan Miller, 796 P.2d 483 | 307A+749.1 | Pretrial conferences and orders are tools for simplifying issues with eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether. | "Are pretrial conferences and orders tools for simplifying issues with eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether?" | Pretrial Procedure - Memo # 2988 - C - AP.docx | ROSS-003317340-ROSS-003317341 |
| Batchelor v. State Farm Mut. Auto. Ins. Co., 240 Ga. App. 366 | 307A+481 | Unlike an evidentiary admission, which may be contradicted, facts admitted via requests for admission are "judicial admissions" which are conclusive unless withdrawal is permitted by the trial court. O.C.G.A. S 9-11-36(b). | "Unlike an evidentiary admission, which may be contradicted, are facts admitted via requests for admission ""judicial admissions"" which are conclusive unless withdrawal is permitted by the trial court?" | Pretrial Procedure - Memo # 3054 - C - TM.docx | ROSS-003291669-ROSS-003291670 |
| DeLong v. Merrill, 233 Ariz. 163 | 307A+486 | "Good cause" is established by a showing that the failure to respond to the requests for admission was an accident or mistake, not intentional or the result of conscious indifference; even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result from the withdrawal or amendment of the admission. 16 A.R.S. Rules Civ.Proc., Rule 36(c). | "Will even a slight excuse suffice, to establish good cause justifying the withdrawal or amendment of an admission, especially when delay or prejudice to the opposing party will not result?" | 029063.docx | LEGALEASE-00134379-LEGALEASE-00134380 |
| Wheeler v. Green, 157 S.W.3d 439 | 307A+486 | While trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "While trial courts have broad discretion to permit or deny withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" | Pretrial Procedure - Memo # 3184 - C - SJ.docx | ROSS-003291676-ROSS-003291678 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morton Salt Co. v. City of S. Hutchinson, 159 F.2d 897 | 371+2001 | Every burden which the state imposes upon its citizens with the view of revenue for support of its government or any of its political subdivisions is levied under the power of taxation whether under the name of a tax or some other designation. | Is every burden that the state imposes upon its citizens with the view of revenue for support of its government levied under the power of taxation? | 045067.docx | LEGALEASE-00134180-LEGALEASE-00134182 |
| Collett v. Cordovana, 290 Va. 139 | 386+10 | To recover for trespass to land, a plaintiff must prove an invasion that interfered with the right of exclusive possession of the land, and that was a direct result of some act committed by the defendant; any physical entry upon the surface of the land constitutes such an invasion, whether the entry is a walking upon it, flooding it with water, casting objects upon it, or otherwise. | How can a plaintiff recover for trespass to land? | 047388.docx | LEGALEASE-00134787-LEGALEASE-00134788 |
| Gulf Guar. Life Ins. Co. v. Connecticut Gen. Life Ins. Co., 304 F.3d 476 | 25T+152 | Federal Arbitration Act (FAA) does not provide for any court intervention prior to issuance of arbitral award, even after court determines that some default has occurred, beyond determination of whether agreement to arbitrate exists and enforcement of that agreement by compelled arbitration of claims falling within scope of agreement. 9 U.S.C.A. S 1 et seq. | Does Federal Arbitration Act (FAA) provide for any court intervention prior to issuance of arbitral award? | 007564.docx | LEGALEASE-00135856-LEGALEASE-00135858 |
| 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 | 25T+153 | The decision to resolve ADEA claims by way of arbitration instead of litigation does not waive statutory right to be free from workplace age discrimination; it waives only the right to seek relief from a court in the first instance. Age Discrimination in Employment Act of 1967, S 2 et seq., 29 U.S.C.A. S 621 et seq. | Does the decision to resolve Age Discrimination in Employment Act claims by way of arbitration waive the statutory right? | 007572.docx | LEGALEASE-00135282-LEGALEASE-00135283 |
| Cardiff Equities v. Superior Court, 166 Cal. App. 4th 1541 | 307A+517.1 | A dismissal "without prejudice" necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations. West's Ann.Cal.C.C.P. S 581. | "Does a dismissal ""without prejudice"" necessarily mean without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations?" | 028516.docx | LEGALEASE-00134960-LEGALEASE-00134961 |
| Hawk v. Branjes, 97 Wash. App. 776 | 102+197 | While a voluntary dismissal generally divests a court of jurisdiction to decide a case on the merits, an award of attorney fees pursuant to a statutory provision or contractual agreement is collateral to the underlying proceeding; as a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees. CR 41(a)(1). | "Does a trial court retain jurisdiction, following landlords' voluntary dismissal of action to enforce terms of commercial leases?" | 028534.docx | LEGALEASE-00135194-LEGALEASE-00135195 |
| City of Ashland v. Ashland Salvage, 271 Neb. 362 | 307A+486 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | "Does a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permit withdrawal of the admission?" | Pretrial Procedure - Memo # 2968- C - KG.docx | LEGALEASE-00025159-LEGALEASE-00025160 |
| Beard Research v. Kates, 981 A.2d 1175 | 307A+331 | Whether a person has reason to anticipate litigation, and thus has a duty to preserve evidence that may be relevant, depends on whether the facts and circumstances lead to a conclusion that litigation is imminent or should otherwise be expected. | "Does the question of whether a person has reason to anticipate litigation, and thus a duty to preserve evidence that may be relevant, depend on whether the facts and circumstances lead to a conclusion that litigation is imminent or should otherwise be expected?" | Pretrial Procedure - Memo # 3309 - C - SPB.docx | ROSS-003291683-ROSS-003291684 |
| Gendebien v. Gendebien, 668 S.W.2d 905 | 307A+716 | Showing that failure to be represented at trial was not due to party's own fault or negligence is required in civil cases in which absence of counsel is urged as grounds for a continuance. | Is showing that failure to be represented at trial not due to party's own fault or negligence is required in civil cases in which absence of counsel is urged as grounds for a continuance? | 029540.docx | LEGALEASE-00135290-LEGALEASE-00135291 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ruiz v. Nicolas Trevino Forwarding Agency, 888 S.W.2d 86 | 307A+483 | If party to whom request for admissions is directed does not properly respond within 30 days after service of request, subject of requests are deemed admitted and trial court has no discretion to deem or refuse to deem admissions admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 21a. | "If a party to whom a request for admissions is directed does not properly respond within 30 days after service of the request, are subject to requests deemed admitted and a trial court has no discretion to deem or refuse to deem admissions admitted?" | 029724.docx | LEGALEASE-00135653-LEGALEASE-00135654 |
| Bezou v. Bezou, 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So. 3d 488 | 307A+485 | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | Does the court have wide discretion in determining whether to award party's attorney's fees for opposing party's failure to admit genuineness of document or truth of any matter? | Pretrial Procedure - Memo # 3833 - C - DA.docx | ROSS-003290929-ROSS-003290930 |
| McElveen v. City of New Orleans, 888 So. 2d 878 | 307A+485 | In determining whether the party failing to admit a fact had reasonable grounds to believe that it might prevail for purposes of determining whether to award attorney fees for that failure, the proper test is whether the party acted reasonably in believing that it might prevail. LSA-C.C.P. art. 1472. | What is the proper test in determining whether the party failing to admit a fact during discovery had reasonable grounds to believe that it might prevail? | Pretrial Procedure - Memo # 3834 - C - DA.docx | LEGALEASE-00025690-LEGALEASE-00025691 |
| Rainer v. Wal-Mart Associates, 119 So. 3d 398 | 307A+483 | While rule governing requests for admissions, which states that a matter is admitted unless, within 30 days after service the party to whom the request is directed serves upon the party requesting the admission a written answer or objection, provides a harsh penalty for the failure to comply, a trial court is still given great discretion when determining whether it will allow the untimely answers to requests for admissions. Rules Civ.Proc., Rule 36. | "Are requested admissions deemed admitted unless, within 30 days after service of request, a party to whom the request is directed serves a written answer or objection?" | 030108.docx | LEGALEASE-00135891-LEGALEASE-00135892 |
| Tennessee Coal, Iron & R. Co. v. King, 26 Ala. App. 581 | 413+1115 | Liability of employer runs primarily to injured employee and, while employee lives, such parties have right to settle all matters relating to payment, subject to limitations of statute which requires compensation to be paid substantially as fixed by statute. Code 1940, Tit. 26, S 278. | "Does an employers liability run primarily to the injured employee while alive, and do the employee and employer have the right to settle matters relating to payment under the workers compensation statute?" | 047983.docx | LEGALEASE-00134937-LEGALEASE-00134938 |
| Chandler v. Chandler, 536 S.W.2d 260 | 30+3239 | Basis for continuance because of absence of attorney is matter within sound discretion of trial court and trial court's ruling will not be disturbed on appeal unless there is shown showing of abuse of discretion. | "Since the basis for continuance due to absence of the attorney is a matter within the sound discretion of trial court, will trial court's ruling be disturbed on appeal unless there has been showing of an abuse of discretion?" | Pretrial Procedure - Memo # 3293 - C - SU.docx | ROSS-003305131-ROSS-003305132 |
| Waste Water v. Alpha Finishing & Developing Corp., 874 S.W.2d 940 | 307A+716 | It is movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending suit, that determines whether "good cause" exists for granting continuance. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | "Is it a movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending suit, that determines whether ""good cause"" exists for granting continuance?" | 029344.docx | LEGALEASE-00136169-LEGALEASE-00136170 |
| Lamb v. Groce, 95 N.C. App. 220 | 307A+716 | If party has not given sufficient prior notice of his intent to withdraw, trial court must either grant a reasonable continuance or deny the attorney's motion to withdraw. | "If an attorney has not given sufficient prior notice of his intent to withdraw, must a trial court either grant a reasonable continuance or deny the attorney's motion to withdraw?" | 029408.docx | LEGALEASE-00136223-LEGALEASE-00136224 |
| Montalbano Builders v. Rauschenberger, 341 Ill. App. 3d 1075 | 307A+483 | Although a party may constructively admit facts, even ultimate facts, by failing to respond to a request for admission, a party does not constructively admit legal conclusions by a failure to respond to requests that contain those conclusions. | "Although a party may constructively admit facts, even ultimate facts, by failing to respond to a request for admission, does a party constructively admit legal conclusions by a failure to respond to requests that contain those conclusions?" | 029778.docx | LEGALEASE-00136542-LEGALEASE-00136543 |
| McElveen v. City of New Orleans, 888 So. 2d 878 | 307A+485 | Attorney fees awarded for a party's failure to admit genuineness of documents or truth of any matter is the reasonable expense incurring in proving the truth of the requested admission. LSA-C.C.P. art. 1472. | "is attorney fees awarded for a party's failure to admit genuineness of documents or truth of any matter, the reasonable expense incurring in proving the truth of the requested admission?" | Pretrial Procedure - Memo # 3735 - C - KS.docx | LEGALEASE-00026380-LEGALEASE-00026381 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Herzog v. Reinhardt, 2 Ariz. App. 103 | 93+42 | In its discretion, court of equity may withhold giving one party remedy of contempt if he himself has violated any part of court's orders, but that does not in any way prevent court from enforcing its orders. | "In its discretion, may a court of equity withhold giving one party a remedy of contempt if he himself has violated any part of a court's orders, but that does not in any way prevent a court from enforcing its orders?" | 030280.docx | LEGALEASE-00136716-LEGALEASE-00136717 |
| In re Marriage of Kuntz, 2007-0601 (La. App. 4 Cir. 10/15/08) | 307A+331 | Since courts are to construe discovery statutes liberally and broadly, including those provisions addressing the scope of discovery, any relevant unprivileged information, whether or not admissible at trial and whether documents or tangible things, is discoverable. LSA-C.C.P. art. 1420 et seq. | "Since courts are to construe discovery statutes liberally and broadly, is any relevant unprivileged information discoverable?" | Pretrial Procedure - Memo # 3994 - C - BP.docx | ROSS-003291727-ROSS-003291728 |
| Bowers v. Fred W. Amend Co., 72 Ga. App. 714 | 307A+718 | Trial court did not abuse its discretion in overruling motion for continuance based upon absence of material witness, in absence of showing that such witness lived in county or had been subpoenaed, and where it appeared that witness was serving overseas in United States Army and there was no reason to expect that he would be present at next term of court. Code, S 81-1410. | Should an application for continuance state that the absent witness is expected to be procured at the next term? | Pretrial Procedure - Memo # 4038 - C - SJ.docx | LEGALEASE-00026562-LEGALEASE-00026563 |
| King v. Breen, 560 So. 2d 186 | 307A+749.1 | Although pretrial orders are to control subsequent course of litigation, liberal allowance of amendments to pleadings takes precedence over strict adherence to rule governing pretrial orders. Rules Civ.Proc., Rules 15, 16. | "Although pretrial orders are to control subsequent course of litigation, do liberal allowance of amendments to pleadings take precedence over strict adherence to rule governing pretrial orders?" | 030353.docx | LEGALEASE-00136579-LEGALEASE-00136580 |
| Fawcett v. Altieri, 38 Misc. 3d 1022 | 307A+36.1 | Broad discovery on the issue of damages is allowed where a plaintiff states a general loss of the enjoyment of life due to injuries sustained as a result of an accident. McKinney's CPLR 3101(a). | Is broad discovery on the issue of damages allowed where a plaintiff states a general loss of the enjoyment of life due to injuries sustained as a result of an accident? | 031184.docx | LEGALEASE-00137024-LEGALEASE-00137025 |
| United States v. Evans, 572 F.2d 455 | 63+1(1) | Requisite intent necessary to sustain conviction for bribery is that official accept thing of value "corruptly"; however, under unlawful gratuity subsection all that need be proven is that official accepted, because of his position, a thing of value otherwise than as provided by law for proper discharge of official duty, and thus, latter subsection makes it criminal for public official to accept thing of value to which he is not lawfully entitled regardless of intent of donor or donee. 18 U.S.C.A. S 201(c, g). | Under unlawful gratuity is all that need be proven that the official accepted a thing of value otherwise than as provided by law for the proper discharge of official duty because of his position? | Bribery - memo #500 - C-CSS.docx | ROSS-003290148-ROSS-003290149 |
| United States v. Kemp, 500 F.3d 257 | 63+1(1) | Key to whether a gift constitutes a bribe is whether the parties intended for the benefit to be made in exchange for some official action; government need not prove that each gift was provided with the intent to prompt a specific official act. | Does the government need to prove that each gift was provided with the intent to prompt a specific official act to prove that a gift constitutes a bribe? | 011802.docx | LEGALEASE-00137784-LEGALEASE-00137785 |
| Widmer v. Modern Ford Tractor Sales, 244 Ark. 696 | 307A+483 | Motion to quash requests for admissions may constitute written objection thereto, and a failure to answer the requests in such case does not necessarily mean that the requests stand admitted. | "May a motion to quash requests for admissions constitute written objection thereto, and a failure to answer the requests in such case does not necessarily mean that the requests stand admitted?" | 030494.docx | LEGALEASE-00137129-LEGALEASE-00137130 |
| Grossmann v. Wagner, 161 Misc. 1 | 307A+91 | Right to examination of defendant before trial is not usually denied unless complaint is so obviously bad that no cause of action may be spelled out from facts alleged and reasonable inferences that may be drawn therefrom. | Is the right to examination of a defendant before trial usually denied unless a complaint is so obviously bad that no cause of action may be spelled out? | Pretrial Procedure - Memo # 4477 - C - NS.docx | ROSS-003317036-ROSS-003317037 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilborn v. GE Marquette Med. Sys., 163 S.W.3d 264 | 307A+716 | When a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. | "When a trial court allows an attorney to voluntarily withdraw, must it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" | 031919.docx | LEGALEASE-00137938-LEGALEASE-00137939 |
| StreetScenes v. ITC Entm't Grp., 103 Cal. App. 4th 233 | 307A+36.1 | A court may order a defendant to produce evidence of his or her financial condition following a determination of liability for punitive damages even if the plaintiff has not attempted to obtain that information prior to trial. | Can a court order a defendant to produce evidence of his or her financial condition following a determination of liability for punitive damages? | Pretrial Procedure - Memo # 5035 - C - CK.docx | ROSS-003290858-ROSS-003290860 |
| Indiana State Bd. of Pub. Welfare v. Tioga Pines Living Ctr., 592 N.E.2d 1274 | 307A+35 | Acts performed by public employee in course of his official duties are not prepared in anticipation of litigation or for trial within meaning of work-product doctrine merely by virtue of fact that they are likely to be subject of later litigation. Trial Procedure Rule 26(B)(3). | Are acts performed by a public employee in the performance of his official duties not prepared in anticipation of litigation or for trial merely by virtue of the fact that they are likely to be the subject of later litigation? | 031941.docx | LEGALEASE-00138043-LEGALEASE-00138044 |
| Squires v. Lafferty, 95 W. Va. 307 | 260+1 | The owner of the mineral underlying land possesses as incident to this ownership the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate. | "Does the owner of the mineral underlying land possess, as incident to this ownership, the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate?" | Mines and Minerals - Memo # 6 - C - EB.docx | ROSS-003291622-ROSS-003291624 |
| Zaragoza v. Ebenroth, 331 Ill. App. 3d 139 | 307A+123.1 | Dog bite victim violated Supreme Court Rules regarding leave of court for taking evidence deposition, even though separate Rule allowed evidence deposition of physician or surgeon may be introduced in evidence at trial, regardless of availability of deponent, without prejudice of right of either party to call deponent as witness, given that victim was still required to obtain leave of court to take evidence deposition and to support motion with affidavit stating that physician-deponent was expected to testify to material issues in case. Sup.Ct.Rules, Rules 212(b), 222(f)(3). | Is the purpose of the taking of depositions to have evidence available in case witnesses leave the jurisdiction of the court and records are removed so that they are not available? | 030919.docx | LEGALEASE-00138932-LEGALEASE-00138933 |
| Am. Seal-Kap Corp. v. Smith Lee Co., 154 Misc. 176 | 307A+93 | Ordinarily, a defendant is entitled to full particulars of plaintiff's claim, and plaintiff is entitled to examine defendant before trial, particularly in case where many of facts upon which action is grounded are in possession of defendant. | "Is the defendant entitled to full particulars of plaintiffs claim and is plaintiff entitled to examine before trial, particularly where many facts upon which action is grounded are in defendants possession?" | Pretrial Procedure - Memo # 4527 - C - NC.docx | ROSS-003304201-ROSS-003304202 |
| Bowes v. Nat'l City Bank of New York, 169 Misc. 78 | 307A+93 | In absence of special circumstances, an examination before trial will not be ordered where its purpose is to compel the defendant to disclose to the plaintiff whether or not there is a cause of action and the party seeking the examination must show some reasonable ground for belief that the result of the examination will be to establish the matters which he seeks to prove which are material and necessary to the cause of action alleged. Rules of Civil Practice, rule 122; Civil Practice Act, SS 288, 289, 296. | "Will a plaintiff be permitted, in the discretion of the court, to examine the defendant before trial?" | 031629.docx | LEGALEASE-00138450-LEGALEASE-00138451 |
| Crow-Crimmins-Wolff & Munier v. Westchester Cty., 126 A.D.2d 696 | 307A+36.1 | Admissions of fact explicitly or implicitly made without prejudice during settlement negotiations are protected from discovery pursuant to public policy of encouraging and facilitating settlement. McKinney's CPLR 3101(b), 5701(c). | Are admissions of fact explicitly or implicitly made without prejudice during settlement negotiations protected from discovery pursuant to a public policy of encouraging and facilitating settlement? | Pretrial Procedure - Memo # 5059 - C - ES.docx | ROSS-003318757-ROSS-003318758 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Osgood v. Sutherland, 36 Minn. 243 | 307A+74 | Under Gen.St.1878, c. 73, S 39 (M.S.A. S 597.13), concerning objections to depositions, the effect of a failure to give notice of the return of a deposition is, not to render it inadmissible, but simply to leave the adverse party at liberty to make at the trial all objections to its introduction which he could have made upon a motion to suppress. | "Concerning objections to depositions, is the effect of a failure to give notice of the return of a deposition not to render it inadmissible?" | Pretrial Procedure - Memo # 5381 - C - SKG.docx | ROSS-003302258 |
| Citizens Cas. Co. of New York v. Hackett, 17 Utah 2d 304 | 307A+749.1 | Pretrial order controls issues of case where it is made without objection and no motion is made to change it, unless modified at trial to prevent manifest injustice. Rules of Civil Procedure, rule 16. | "Does a pretrial order control issues of a case where it is made without objection and no motion is made to change it, unless modified at trial to prevent manifest injustice?" | Pretrial Procedure - Memo # 2476 - C - SJ.docx | ROSS-003289086-ROSS-003289087 |
| People v. Munafo, 50 N.Y.2d 326 | 129+106 | In deciding whether an act carries public ramifications, courts are constrained to assess nature and number of those attracted, taking into account surrounding circumstances including time and place of episode under scrutiny. | "In deciding whether an act carries public ramifications with respect to disorderly conduct statute, should the courts consider surrounding circumstances like time and place of the act?" | 014441.docx | LEGALEASE-00140131-LEGALEASE-00140132 |
| State ex rel. Rosen v. Smith, 241 S.W.3d 431 | 307A+517.1 | In non-jury cases, plaintiff may voluntarily dismiss his suit without a court order at any time prior to the introduction of evidence at trial, and, once plaintiff has done so, it is as if the suit were never brought. V.A.M.R. 67.02(a)(2). | Can a plaintiff voluntarily dismiss a suit without court order prior to the introduction of evidence in non-injury cases and is it as if the suit were never brought at trial? | Pretrial Procedure - Memo # 2409 - C - ES.docx | ROSS-003329562-ROSS-003329563 |
| Odaware v. Robertson Aerial-AG, 13 Ark. App. 285 | 302+231 | Amendments to pleadings should be allowed in nearly all instances without special permission from the court except where on motion of an opposing party the court determines either that prejudice would result or that disposition of the cause would be unduly delayed, and in those instances the court may strike such amended pleadings or grant a continuance of the proceedings. Rules Civ.Proc., Rule 15(a). | Should amendments to pleadings be allowed in nearly all instances without special permission from the court? | Pretrial Procedure - Memo # 4665 - C - NS.docx | ROSS-003329669-ROSS-003329670 |
| Hale v. Matthews, 118 Ind. 527 | 307A+74 | Where it is discovered after the publication of a deposition that the seal of the officer before whom the same was taken is not attached to his certificate, the court may, although a motion to quash is made, order the deposition to be returned to the officer in order that the omission may be supplied. | "Where it is discovered after the publication of a deposition that the seal of the officer before whom the same was taken is not attached to his certificate, may the court order the deposition to be returned to the officer in order that the omission may be supplied?" | Pretrial Procedure - Memo # 5319 - C - KG.docx | ROSS-003289270 |
| City of Indus. v. City of Fillmore, 198 Cal. App. 4th 191 | 15A+2105 | Application of the primary jurisdiction doctrine results in a stay of the action pending the resolution of the issues within the expertise of the administrative body, rather than a dismissal. | "Does application of the primary jurisdiction doctrine result in a stay of the action pending the resolution of the issues within the expertise of the administrative body, rather than a dismissal?" | Pretrial Procedure - Memo # 5573 - C - SPB.docx | ROSS-003304801-ROSS-003304802 |
| Warner v. Chauffeurs, Teamsters, & Helpers Local Union No. 414, 73 N.E.3d 190 | 307A+554 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, may the trial court weigh the evidence to determine the existence of the requisite jurisdictional facts?" | 032872.docx | LEGALEASE-00140001-LEGALEASE-00140002 |
| Haddix v. Am. Zurich Ins. Co., 253 S.W.3d 339 | 302+104(1) | If a party has not exhausted its administrative remedies but has pleaded that it has, the trial court would not be bound by this allegation but could still dismiss a claim for lack of jurisdiction; conversely, if a party exhausts its administrative remedies but fails to properly or adequately plead this, the challenge is not to the trial court's jurisdiction but to the adequacy of the plaintiff's pleading. | "If a party has not exhausted its administrative remedies but has pleaded that it has, would the trial court not be bound by this allegation but could still dismiss a claim for lack of jurisdiction?" | 033259.docx | LEGALEASE-00140674-LEGALEASE-00140675 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Jannotti, 673 F.2d 578 | 63+3 | It is neither material nor a defense to bribery that had there been no bribe, public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted them to make. | "Is it a defense against bribery that had there been no bribe, the public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted them to make?" | 011982.docx | LEGALEASE-00140838-LEGALEASE-00140839 |
| United States v. Purdy, 144 F.3d 241 | 63+1(1) | Kickbacks made at any point in government procurement process for purpose of improperly obtaining favorable treatment are prohibited by Anti-Kickback Act, regardless of whether or not offender knew of government involvement. Anti-Kickback Act of 1986, S 1 et seq., 41 U.S.C.A. S 51 et seq. | Is a kickback that's made during the government procurement process for the purpose of obtaining favorable treatment still prohibited by the Anti-Kickback Act if the offender did not know government involvement? | 012136.docx | LEGALEASE-00141935-LEGALEASE-00141936 |
| State, for Use of Lay v. Clymer, 27 Tenn. App. 518 | 260+93 | Statute imposed positive duty upon district mine inspector to inspect mine for safety and protection of workmen, and, if inspector failed to perform such duties, this was actionable negligence for which he would be liable to workmen injured in explosion if his failure to inspect mine was proximate cause of explosion and their consequent injuries. Code 1932, SS 5547-5549, 5551, 5567, 5569, 8621. | Is the failure to perform a statute imposed positive duty to inspect a mine considered as actionable negligence for which liability would be incurred? | Mines and Minerals - Memo #117 - C - CSS.docx | ROSS-003302332-ROSS-003302333 |
| Szczeblewski v. Gossett, 342 Ill. App. 3d 344 | 307A+477.1 | A party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. Sup.Ct.Rules, Rule 216. | Should a party have a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control? | 030692.docx | LEGALEASE-00141318-LEGALEASE-00141319 |
| F. B. Walker & Sons v. Rose, 223 Miss. 494 | 307A+723.1 | To justify continuance upon ground of absence of party, it is necessary that application set forth with reasonable clearness material facts such party would testify to if present. | "To justify continuance upon the ground of absence of a party, is it necessary that an application set forth with reasonable clearness material facts such a party would testify to if present?" | Pretrial Procedure - Memo # 4305 - C - ES.docx | ROSS-003287773-ROSS-003287774 |
| Sawyer v. First City Fin. Corp., 124 Cal. App. 3d 390 | 307A+717.1 | A court is not required to grant a continuance of a trial when the pleadings have been completed, adequate time for discovery has been provided, the issues are joined, and one side is ready for trial, even though the moving party alleges newly discovered facts or newly found issues which suggest more discovery or amendment to the pleadings. | "When an amendment is made containing substantially new and material allegations, must the opposing party be given a continuance to meet new allegations and prepare for trial?" | Pretrial Procedure - Memo # 4656 - C - SK.docx | LEGALEASE-00031154-LEGALEASE-00031155 |
| Pritchard v. Pritchard, 92 Conn. App. 327 | 13+6 | "Mootness" is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. | "Is mootness a threshold issue that implicates subject-matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties?" | Pretrial Procedure - Memo # 5966 - C - SHB.docx | ROSS-003301613-ROSS-003301614 |
| Ex parte PT Sols. Holdings, 225 So. 3d 37 | 307A+554 | An attempt to seek enforcement of an outbound forum-selection clause is properly presented in a motion to dismiss without prejudice for contractually improper venue. Ala. R. Civ. P. 12(b)(3). | Is an attempt to seek enforcement of an outbound forum-selection clause properly presented in a motion to dismiss without prejudice for contractually improper venue? | Pretrial Procedure - Memo # 5984 - C - KA.docx | ROSS-003304831-ROSS-003304832 |
| Brown Grp. Retail v. State, 155 P.3d 481 | 307A+554 | Whether governmental immunity bars a claim is a question of subject matter jurisdiction that, if raised before trial, is properly addressed by the trial court as a motion to dismiss. West's C.R.S.A. S 24-10-108; Rules Civ.Proc., Rule 12(b)(1). | "Whether governmental immunity bars a claim is a question of subject matter jurisdiction that, if raised before trial, is it properly addressed by the trial court as a motion to dismiss?" | Pretrial Procedure - Memo # 5988 - C - NS.docx | ROSS-003291368-ROSS-003291369 |
| Brown-McKee v. Fiatallis Const. Mach., 587 F. Supp. 38 | 25T+155 | Under the intertwining doctrine, where a party asserts several causes of action, of which at least one lies within the federal court's exclusive jurisdiction, the entire case must remain in federal court despite an arbitration agreement. | Does the intertwining doctrine require the entire case to remain in federal court despite the presence of an arbitration agreement? | 007648.docx | LEGALEASE-00143370-LEGALEASE-00143371 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex parte PT Sols. Holdings, 225 So. 3d 37 | 307A+554 | An attempt to seek enforcement of an outbound forum-selection clause is properly presented in a motion to dismiss without prejudice for contractually improper venue. Ala. R. Civ. P. 12(b)(3). | "In a motion to dismiss without prejudice for contractually improper venue, can an attempt to seek enforcement of an outbound forum-selection clause properly presented?" | 032999.docx | LEGALEASE-00143023-LEGALEASE-00143024 |
| Cmty. Hosp. v. Avant, 790 N.E.2d 585 | 30+3212 | In reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Trial Procedure Rule 12(B)(1). | Does a motion to dismiss for lack of subject matter jurisdiction present a threshold question with respect to a court's power to act? | 033001.docx | LEGALEASE-00143029-LEGALEASE-00143030 |
| Shams v. Hassan, 829 N.W.2d 848 | 307A+554 | Unlike other grounds for dismissal, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant. | "Unlike other grounds for dismissal, must a court considering a motion to dismiss for lack of personal jurisdiction make factual findings to determine whether it has personal jurisdiction over the defendant?" | 033699.docx | LEGALEASE-00142889-LEGALEASE-00142890 |
| Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+690 | An action shall be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations expires. Sup.Ct.Rules, Rule 103(b). | Does Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process on a defendant and if the plaintiff fails to act with reasonable diligence after the statute of limitations expires shall the cause of action be dismissed with prejudice? | Pretrial Procedure - Memo # 6258 - C - DHA.docx | LEGALEASE-00032726-LEGALEASE-00032727 |
| Parmley v. Pringle, 976 So. 2d 422 | 307A+674 | While failure to serve process within 120 days of filing of complaint, absent proof of good cause, warrants dismissal upon court's initiative or upon motion, such dismissal should be made without prejudice, not with prejudice. Rules Civ.Proc., Rule 4(h). | Should dismissal for failure to serve process within 120 days of filing of complaint have been without prejudice? | Pretrial Procedure - Memo # 6288 - C - PB.docx | ROSS-003288271-ROSS-003288272 |
| Abreu v. City of New York, 657 F. Supp. 2d 357 | 170A+1751 | Where no good cause is shown for plaintiff's failure to serve all defendants to an action within 120 days after the filing of the complaint, the Court has the discretion to dismiss the complaint without prejudice or to order that service be made within a specified time. Fed.Rules Civ.Proc.Rule 4(m), 28 U.S.C.A. | Should dismissal for failure to serve process within 120 days of filing of complaint have been without prejudice? | 033777.docx | LEGALEASE-00142891-LEGALEASE-00142892 |
| Matthews v. Barrau, 150 A.D.3d 836 | 307A+560 | If service of a summons and complaint is not made within the time provided, a court, upon motion, must dismiss the action without prejudice, or, upon good cause shown or in the interest of justice, extend the time for service. McKinney's CPLR 306-b. | "If service of a summons and complaint is not made within the time provided, must a court dismiss the action without prejudice?" | 033960.docx | LEGALEASE-00142842-LEGALEASE-00142843 |
| Stevens v. Watson, 16 Cal. App. 3d 629 | 371+2005 | Power of state to select subjects of taxation or to grant exemptions therefrom is very broad and legislative determination in such field must be sustained if there is any conceivable state of facts which would support it. | Can the legislative determination in the power of the state to select subjects of taxation or to grant exemptions be sustained if there is any conceivable state of facts which would support it? | 045400.docx | LEGALEASE-00142700-LEGALEASE-00142701 |
| Abernathy v. City of Albany, 269 Ga. 88 | 413+2 | Recoverability of workers' compensation benefits is strictly matter of statutory construction because there is no common law right to such benefits; Workers' Compensation Act constitutes complete code of laws upon the subject, and ordinary rules of law do not apply. O.C.G.A. S 34-9-1 et seq. | "Does the Workers Compensation Act constitute a complete code of laws, and is the recovery of workers compensation benefits strictly a matter of statutory construction?" | 048143.docx | LEGALEASE-00142106-LEGALEASE-00142107 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. Blake, 120 A.D.3d 415 | 360+28(1) | In proceedings seeking to establish that candidate did not satisfy the residency requirements for the public office of Member of the Assembly, because the question of residence is a factual one, based on a variety of factors and circumstances, where there is conflicting evidence, the resolution of the conflict lies within the province of the finder of fact, and should not be disturbed on appeal unless it is obvious that the conclusion could not be reached under any fair interpretation of the evidence. McKinney's Const. Art. 3, S 7; McKinney's Election Law S 1-104(22). | Is the question of residence based on a variety of factors and circumstances? | Domicile - Memo # 16 - C SA.docx | ROSS-003300885-ROSS-003300886 |
| Potter v. State Farm Mut. Auto. Ins. Co., 996 P.2d 781 | 217+2649 | In the context of automobile insurance exclusions, "residence" is determined on a case-by-case basis using factors such as intent and relative permanence; in general, residence denotes a place where a person dwells, and simply requires bodily presence as an inhabitant in a given place. | "Does ""residence"" simply require bodily presence as an inhabitant in a given place?" | 014492.docx | LEGALEASE-00144409-LEGALEASE-00144410 |
| Bauer v. Douglas Aquatics, 207 N.C. App. 65 | 307A+684 | When a defendant supplements its motion to dismiss for lack of personal jurisdiction with affidavits or other supporting evidence, the unverified allegations of a plaintiff's complaint can no longer be taken as true or controlling, and a plaintiff cannot rest on the complaint's allegations, even if they meet the initial burden of proving jurisdiction, but must respond by affidavit or otherwise setting forth specific facts showing that the court has jurisdiction; however, a verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein. | "When a defendant supplements its motion to dismiss for lack of personal jurisdiction with affidavits or other supporting evidence, can the unverified allegations of a plaintiff's complaint no longer be taken as true or controlling?" | 033060.docx | LEGALEASE-00143951-LEGALEASE-00143952 |
| Newell v. TRW/Kelsey-Hayes Co., 145 Ohio App. 3d 198 | 307A+554 | A court may not dismiss a case for lack of subject-matter jurisdiction if the plaintiff has alleged any cause of action that the court has authority to decide; this determination is generally a question of law that an appellate court reviews independently of the trial court's decision. | Can a court dismiss a case for lack of subject matter jurisdiction if the plaintiff has alleged a cause of action that the court has authority to decide? | 033110.docx | LEGALEASE-00144125-LEGALEASE-00144126 |
| Cooperwood v. Farmer, 315 F.R.D. 493 | 307A+560 | The purpose of the Illinois rule of procedure allowing dismissal of action for lack of reasonable diligence in obtaining service on a defendant prior to the expiration of the applicable statute of limitations is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations. Ill. Sup. Ct. R. 103(b). | Is the purpose of the rule allowing dismissal of action for lack of reasonable diligence to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations? | 033578.docx | LEGALEASE-00143729-LEGALEASE-00143730 |
| Cooperwood v. Farmer, 315 F.R.D. 493 | 307A+560 | Under Illinois law, the standard used in resolving a motion to dismiss for lack of diligence in service of process is not based on the subjective intent of the plaintiff but, rather, an objective one of reasonable diligence in effectuating service; this is a fact-intensive inquiry suited to balancing, not bright lines that considers the totality of the circumstances. Ill. Sup. Ct. R. 103(b). | Is the trial courts determination of a plaintiffs lack of reasonable diligence in obtaining service on a defendant an objective one? | 033630.docx | LEGALEASE-00143905-LEGALEASE-00143908 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vasquez v. New York City Hous. Auth., 51 A.D.3d 781 | 307A+746 | In order to vacate default in appearing at a scheduled court conference, a plaintiff is required to demonstrate both a reasonable excuse for her failure to appear and a meritorious cause of action. | "In order to vacate the default in appearing at a scheduled court conference, is a plaintiff required to demonstrate both a reasonable excuse for her failure to appear and a meritorious cause of action?" | 033871.docx | LEGALEASE-00143621-LEGALEASE-00143622 |
| Clark v. Medina Gen. Hosp., 113 Ohio Misc. 2d 13 | 307A+560 | When service of process on a defendant has not been effectuated within one year of the filing of a complaint, the proper remedy for a trial court is to dismiss the action as to any such defendant against whom the case has not commenced. Rules Civ.Proc., Rules 3(A), 12(B)(2, 5). | "When service of process on a defendant has not been effectuated within one year of the filing of a complaint, is the proper remedy for a trial court to dismiss the action as to any such defendant?" | Pretrial Procedure - Memo # 6458 - C - SKG.docx | ROSS-003288324-ROSS-003288325 |
| Gautreaux v. Maya, 112 So. 3d 146 | 307A+563 | Because dismissal for fraud on court sounds death knell of lawsuit, courts must reserve such strong medicine for instances where defaulting party's misconduct is correspondingly egregious. | "Because dismissal for fraud on court sounds death knell of lawsuit, should courts reserve such strong medicine for instances where a defaulting party's misconduct is correspondingly egregious?" | Pretrial Procedure - Memo # 6584 - C - VP.docx | ROSS-003288378-ROSS-003288379 |
| Rowen v. Le Mars Mut. Ins. Co. of Iowa, 282 N.W.2d 639 | 307A+746 | Rule authorizing trial court to enter appropriate orders for the subsequent course of the action includes the inherent power to enforce those orders by appropriate sanctions. Rules of Civil Procedure, rule 138. | Does the rule authorizing a trial court to enter appropriate orders for the subsequent course of the action include the inherent power to enforce those orders by appropriate sanctions? | 034257.docx | LEGALEASE-00144779-LEGALEASE-00144780 |
| State ex rel. Missouri Coal. for the Env't v. Joint Comm. on Admin. Rules, 519 S.W.3d 805 | 307A+552 | A trial court properly dismisses a cause of action as moot when the question presented for decision seeks a judgment upon some matter which, if the judgment were rendered, would not have any practical effect upon any then existing controversy. | Can a court dismiss a cause of action as moot when the question presented for decision seeks a judgment upon some matter? | 034271.docx | LEGALEASE-00144791-LEGALEASE-00144792 |
| Diaz v. Home Depot USA, 196 So. 3d 504 | 30+3259 | The District Court of Appeal reviews the trial court's order dismissing an action with prejudice for fraud on the court under an abuse of discretion standard, although it does so with the understanding that this standard is somewhat narrowed, as it must take into account the heightened standard of clear and convincing evidence upon which an order of dismissal for fraud on the court must be based. | Is the standard of review narrowed to take into account that the dismissal must be established by clear and convincing evidence? | 034426.docx | LEGALEASE-00143661-LEGALEASE-00143662 |
| Prof'l Firefighters Ass'n of Omaha, Local 385, AFL-CIO CLC v. City of Omaha, 282 Neb. 200 | 30+781(1) | Unless an exception applies, a court must dismiss a moot case on appeal when changed circumstances have precluded it from providing any meaningful relief because the litigants no longer have a legally cognizable interest in the dispute's resolution. | Should a court dismiss a moot case if the litigants no longer have a legally cognizable interest in the dispute's resolution? | 034524.docx | LEGALEASE-00144029-LEGALEASE-00144030 |
| Rios v. Moore, 902 So. 2d 181 | 302+359 | Trial court has the authority to dismiss actions based on fraud and collusion, as well as to strike sham pleadings, but this power should be cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | "While trial courts have the inherent authority to dismiss actions based on fraud, should that power be used cautiously and sparingly?" | 034567.docx | LEGALEASE-00144135-LEGALEASE-00144136 |
| Underwood v. Alabama State Bd. of Educ., 39 So. 3d 120 | 307A+552 | If a case has become moot, or if a judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and the court will dismiss the case. | "When there is no necessity for the judgment because the case has become moot, or if a judgment would not accomplish an end recognized as sufficient in law, will the court decline to consider the merits and dismiss the case?" | 034596.docx | LEGALEASE-00143949-LEGALEASE-00143950 |
| Schindler v. Bank of New York Mellon Tr. Co., 190 So. 3d 102 | 307A+563 | A trial court has the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame. West's F.S.A. RCP Rule 1.420(b). | Does a trial court have the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame? | 034641.docx | LEGALEASE-00144631-LEGALEASE-00144632 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Perez v. Astoria Gen. Hosp., 260 A.D.2d 457 | 307A+746 | To vacate dismissal of complaint due to plaintiff's default in appearing at a scheduled pretrial conference, plaintiff must proffer evidence of a reasonable excuse for the default, and a meritorious cause of action. McKinney's CPLR 2005. | "To vacate the dismissal of complaint due to a plaintiff's default in appearing at a scheduled pretrial conference, must the plaintiff proffer evidence of a reasonable excuse for the default?" | Pretrial Procedure - Memo # 6896 - C - SB.docx | ROSS-003330376-ROSS-003330377 |
| Simpson v. Saunchegrow Const., 965 S.W.2d 899 | 413+2 | Workers' compensation law is entirely creature of statute, and thus, reviewing court is bound by general rules of statutory construction requiring that court ascertain intent of legislature by considering plain and ordinary meaning of terms and also that court give effect to such intent if possible. | "Is workers compensation entirely a creature of statute, and what must the court give effect to?" | 048203.docx | LEGALEASE-00144277-LEGALEASE-00144278 |
| Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691 | 25T+178 | Federal Arbitration Act requires district courts to compel arbitration even where result would be possibly inefficient maintenance of separate proceedings in different forums. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) require courts to compel arbitration even where the result would be the possibly inefficient maintenance of separate proceedings in different forums? | Alternative Dispute Resolution - Memo 722 - RK.docx | ROSS-003288680-ROSS-003288681 |
| Larus v. Bank of Commerce & Tr. Co., 149 Tenn. 126 | 307A+726 | Where the court properly refused to grant a second continuance on count of absence of a witness, neither, the party applying therefor, nor his counsel, could prevent a trial of the case by withdrawing from the courtroom and refusing to introduce any testimony. | "Will the court refuse to grant a second continuance on count of absence of a witness, and prevent a trial of the case by withdrawing from the courtroom and refusing to introduce any testimony?" | Pretrial Procedure - Memo # 5855 - C - NS.docx | ROSS-003328573-ROSS-003328574 |
| Schutte v. Johnson, 337 S.W.3d 767 | 307A+679 | Two methods are available to challenge court's subject matter jurisdiction: most common method is "facial" challenge, which makes war on complaint itself, and facial challenge asserts that complaint, considered from top to bottom, fails to allege facts that show that court has power to hear case; and second method of attack is "factual" challenge, which differs in that it denies that court actually has subject matter jurisdiction as matter of fact, even though complaint alleges facts tending to show jurisdiction, and this method attacks the facts serving as basis for jurisdiction, whereas the first questions whether the alleged facts, if accepted as true, establish grounds for subject matter jurisdiction. | What are the methods available to challenge court's subject matter jurisdiction? | 033179.docx | LEGALEASE-00145381-LEGALEASE-00145382 |
| In re Bledsoe, 41 S.W.3d 807 | 307A+746 | For a court-imposed sanction to have a direct relationship with offensive conduct, the sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party; this prong is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. | "For a court-imposed sanction to have a direct relationship with offensive conduct, should the sanction be directed against the abuse and toward remedying the prejudice caused the innocent party?" | Pretrial Procedure - Memo # 6996 - C - KG.docx | ROSS-003316936-ROSS-003316937 |
| Buckner v. Lower Florida Keys Hosp. Dist., 403 So. 2d 1025 | 307A+563 | Although desirable end of pleading is to create issue and thus dispose of cause of action on merits, when privilege to amend has been abused in violation of orders of court, ultimate sanction of dismissal is sometimes appropriate. | "When the privilege to amend has been abused in violation of orders of court, is the ultimate sanction of dismissal appropriate?" | 034842.docx | LEGALEASE-00146228-LEGALEASE-00146229 |
| Sheen v. The Time Inc. Magazine Co., 817 So. 2d 974 | 307A+590.1 | Trial court may dismiss an action for failure to prosecute if the only activity within the year is discovery taken in bad faith and without any design to move the case forward toward conclusion on the merits. West's F.S.A. RCP Rule 1.420(e). | Can a trial court dismiss an action for failure to prosecute if the only activity within the year is discovery taken in bad faith? | 035257.docx | LEGALEASE-00145979-LEGALEASE-00145980 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Johnson v. Elayyan, 2002 WL 959518 | 307A+563 | The conclusion that disobeyance of its order was willful or consciously indifferent is sufficient basis for the trial court to impose the ultimate sanction of dismissing the case or striking pleadings and rendering judgment by default. | "Is the conclusion that disobeyance of its order was willful or consciously indifferent, a sufficient basis for a trial court to dismiss the case?" | 035295.docx | LEGALEASE-00145563-LEGALEASE-00145564 |
| Will v. Frontier Contractors, 121 Wash. App. 119 | 307A+563 | Dismissal is an appropriate remedy where the record indicates that (1) the party's refusal to obey a court order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed; however, courts do not resort to dismissal lightly. CR 41(b). | When is a dismissal an appropriate remedy when indicated on the record? | Pretrial Procedure - Memo # 7314 - C - SB.docx | ROSS-003290026-ROSS-003290027 |
| Fletcher v. Univ. Hosps. of Cleveland, 172 Ohio App. 3d 153 | 307A+563 | If the plaintiff fails to comply with an order to provide a more definite statement, the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice. Rules Civ.Proc., Rule 12(E). | "If the plaintiff fails to comply with an order to provide a more definite statement, can the court strike the pleading to which the motion was directed?" | 035451.docx | LEGALEASE-00145290-LEGALEASE-00145291 |
| Davis v. Byrd Meml. Hosp., 628 So. 2d 1284 | 30+3324 | Trial judge is vested with much discretion in selecting appropriate sanctions for failure to comply with pretrial and discovery orders, and its choice will not be reversed absent clear showing that it abused that discretion. LSA-C.C.P. arts. 193, 1551. | "As with discovery sanctions, is a trial court vested with much discretion in selecting appropriate sanctions for violation of a statute outlining pretrial procedure?" | Pretrial Procedure - Memo # 7413 - C - CK.docx | ROSS-003290065-ROSS-003290066 |
| Neuhard v. United States, 83 F. Supp. 911 | 34+57 | National Service Life Insurance Act was intended to provide a method for assisting by proceeds of such policies those dependent to some extent upon those in active service. National Service Live Insurance Act of 1940, S 601(c), 38 U.S.C.A. S 801(c). | Does the National Service Life Insurance Act intend to provide a method for assisting those dependent to some extent upon those in active service by the proceeds of such policies? | Armed Services - Memo 294 - JK_57602.docx | ROSS-003294631-ROSS-003294632 |
| United States v. Terry, 707 F.3d 607 | 63+1(1) | As most bribery agreements will be oral and informal, the question of whether alleged bribery of a public official involves the requisite payments in connection with an agreement is one of inferences taken from what the participants say, mean, and do, all matters that juries are fully equipped to assess. 18 U.S.C.A. S 201(b)(2). | "Is the question a one of inferences taken from what the participants say, mean and do of all matters that juries are fully equipped to assess as most bribery agreements will be oral and informal?" | Bribery - Memo #928 - C - JL_57922.docx | ROSS-003279264-ROSS-003279266 |
| Johnson v. Skarvan, 27 So. 3d 178 | 307A+534 | While a trial court undoubtedly has discretion after due consideration of the relevant factors to dismiss a complaint for noncompliance with a court order, the dismissal order must contain explicit findings of willful noncompliance. | "While a trial court undoubtedly has discretion after due consideration of the relevant factors to dismiss a complaint for noncompliance with a court order, should the dismissal order contain explicit findings of willful noncompliance?" | 10903.docx | LEGALEASE-00094581-LEGALEASE-00094582 |
| Citizens Nat. Bank of Greater St. Louis v. Boatmen's Nat. Bank of St. Louis, 934 S.W.2d 6 | 307A+563 | When facts establish willful, contumacious disregard for court's authority, applying sanctions such as striking pleadings, dismissing counterclaims, or entering judgment by default is within trial court's discretion. | "Is applying sanctions such as striking pleadings, dismissing counterclaims, or entering judgment by default within a trial court's discretion?" | Pretrial Procedure - Memo # 7486 - C - DA_57525.docx | ROSS-003308519 |
| Bivona v. Danna & Assocs., P.C., 123 A.D.3d 956 | 307A+561.1 | A motion to dismiss a cause of action based on a defense founded in documentary evidence may be granted only if documentary evidence utterly refutes plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss a cause of action be granted if documentary evidence refutes plaintiff's factual allegations? | 10166.docx | LEGALEASE-00095509-LEGALEASE-00095510 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tech. Chemicals & Prod. v. Home Diagnostics, Inc, 793 So. 2d 1010 | 307A+590.1 | Activity of record of any party is sufficient to toll the one-year time period governing dismissals for failure to prosecute when it is an affirmative act directed toward the disposition of the cause. Rules Civ.Proc., Rule 1.420(e). | Is an activity of record of any party sufficient to toll the one-year time period governing dismissals for failure to prosecute when it is an affirmative act directed toward the disposition of the cause? | 11188.docx | LEGALEASE-00094378-LEGALEASE-00094379 |
| Chicago Title Ins. v. Aurora Loan Servs., 2013 IL App (1st) 123510 | 307A+683 | When a defendant seeking involuntary dismissal of a complaint on the basis that the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim has initially satisfied the burden of presenting an affirmative matter, the burden then shifts to plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(9). | When will the burden shift to plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven? | Pretrial Procedure - Memo # 7760 - C - SJ.docx | ROSS-003300124-ROSS-003300126 |
| Endless Ocean v. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 A.D.3d 587 | 307A+561.1 | A motion to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Can a motion to dismiss a complaint on the ground of payment be granted where the documentary evidence establishes the defense of payment as a matter of law? | 10436.docx | LEGALEASE-00095515-LEGALEASE-00095516 |
| Hascall v. Williams, 2013 IL App (4th) 121131 | 307A+561.1 | Motion for involuntary dismissal on ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating claim admits the legal sufficiency of the complaint, and admits all well-pleaded facts and all reasonable inferences therefrom, but asserts that an affirmative matter outside the complaint bars or defeats the cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | "Will a motion for involuntary dismissal admit the legal sufficiency of the complaint, all well-pleaded facts and all reasonable inferences therefrom?" | 11257.docx | LEGALEASE-00094487-LEGALEASE-00094488 |
| Eisler v. United States, 170 F.2d 273 | 24+117 | Resident alien owes temporary allegiance to government of United States and assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens, and is bound to obey all laws of the United States, not immediately relating to citizenship, and is equally amenable with citizens for any infractions of those laws. | Does an alien domiciled or residing in the United States owe a temporary allegiance to the country? | 007023.docx | LEGALEASE-00148760-LEGALEASE-00148761 |
| Chatham Shipping Co. v. Fertex S. S. Corp., 352 F.2d 291 | 25T+182(2) | Mere filing of action for damages on contract does not preclude subsequent change of mind in favor of arbitration therein provided, and earliest point at which such preclusion may be found is when other party files answer on merits. | Can mere filing of an action for damages on a contract preclude a subsequent change of mind in favor of arbitration? | Alternative Dispute Resolution - Memo 779 - RK_58112.docx | ROSS-003279246-ROSS-003279247 |
| Aetna Life Ins. Co. v. Wells, 557 S.W.2d 144 | 156+3(1) | Doctrine of judicial estoppel is applicable only when party to suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made in the case then being tried. | "Does judicial estoppel apply when a party to a suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made?" | 017753.docx | LEGALEASE-00149055-LEGALEASE-00149056 |
| XXXX v. 363 Prospect Place, 153 A.D.3d 588 | 307A+684 | A motion to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Can a motion to dismiss a complaint be granted based on documentary evidence where the evidence refutes plaintiff's factual allegations? | 035762.docx | LEGALEASE-00148075-LEGALEASE-00148076 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Knoche v. Cox, 282 Md. 447 | 413+2084 | Aside from the exceptions created by the Workmen's Compensation Act itself, the operation of the law is exclusive of all other remedy and liability, as to both the employer and employee who come within the purview of the Act, with respect to all injury arising out of and in the course of the employment. Code 1957, art. 101, SS 1 et seq., 15. | "Besides the exceptions created by the act itself, does the Workmens Compensation Act provide the exclusive remedy and liability, with respect to all injuries arising out of and in the course of the employment, as to both employers and employees ?" | 048342.docx | LEGALEASE-00148697-LEGALEASE-00148698 |
| Wise v. Shinseki, 26 Vet. App. 517 | 34+101.1 | By requiring only an approximate balance of positive and negative evidence to prove any issue material to a claim for veterans benefits, the nation, in recognition of its debt to veterans, has taken upon itself the risk of error in awarding such benefits. 38 U.S.C.A. S 5107(b). | Is an approximate balance of positive and negative evidence necessary to prove any issue material to a claim for veterans benefits? | 008818.docx | LEGALEASE-00149792-LEGALEASE-00149793 |
| Dolphin Holdings, Ltd. v. Gander & White Shipping, 122 A.D.3d 901 | 307A+622 | On a motion to dismiss for failure to state a cause of action, the court is permitted to consider evidentiary material submitted by the defendant in support of the motion, and if it does so, the criterion then becomes whether the plaintiff has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | Is the court permitted to consider evidentiary material submitted by the defendant in support of the motion on a motion to dismiss for failure pursuant to CPLR 3211(a)(7)? | 036382.docx | LEGALEASE-00149253-LEGALEASE-00149254 |
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 192 | 307A+581 | Aggravating factors bolstering a motion to dismiss for want of prosecution include: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | "Does aggravating factors bolstering a motion to dismiss for want of prosecution, include the degree of actual prejudice to the defendant?" | 036451.docx | LEGALEASE-00149095-LEGALEASE-00149096 |
| Henderson v. Blalock, 465 S.W.3d 318 | 307A+581 | A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. | "Will a court consider the extent of activity in the case, in determining whether to dismiss an action for want of prosecution?" | Pretrial Procedure - Memo # 8041 - C - DHA_58396.docx | ROSS-003308447-ROSS-003308448 |
| Osagie v. Peakload Temp. Services, 91 S.W.3d 326 | 307A+581 | Purpose of rule governing dismissal of claim for failure to prosecute is to enable court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. Rules Civ.Proc., Rule 41.02. | Does the purpose of rules governing dismissal of a claim for failure to prosecute to enable courts to manage its own docket? | 036506.docx | LEGALEASE-00149925-LEGALEASE-00149926 |
| Board of Ed. of Aberdeen-Huntington Local School Dist. v. State Bd. of Ed., 116 Ohio App. 515 | 1.41E+13 | General Assembly has plenary power on educational matters, and, in passing laws concerning elementary and secondary schools, is restrained only by its own conscience, fear of the electorate, and the prohibition of the constitution against release of school funds to control by religious group or sect. Const. art. 1, S 7; art. 6, SS 1-4. | Does the General Assembly have plenary powers on educational matters? | 017011.docx | LEGALEASE-00150188-LEGALEASE-00150189 |
| Washington v. City of Baton Rouge, 1999-1987 (La. App. 1 Cir. 2/18/00) | 307A+581 | The code of civil procedure article governing abandonment of an action requires three things of the plaintiff: (1) that he take some step in the prosecution of his suit, (2) that he do so in the trial court, and (3) that he do so within five years of the last step taken by either party. LSA-C.C.P. art. 561. | What does the code of civil procedure article governing abandonment of an action require from a plaintiff? | 037101.docx | LEGALEASE-00150716-LEGALEASE-00150717 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Powell v. Maryland Dep't of Health, 168 A.3d 857 | 307A+683 | When a circuit court considers a motion to dismiss a complaint for failure to state a claim, the court accepts the well-pleaded facts of the complaint, and reasonable inferences that may be drawn from those allegations, in the light most favorable to the plaintiff; the court's decision is thus based on its application of the law to those facts and inferences. | "When a circuit court considers a motion to dismiss a complaint for failure to state a claim, does the court accept the well-pleaded facts of the complaint?" | 037126.docx | LEGALEASE-00150758-LEGALEASE-00150759 |
| Leggett v. Missouri State Life Ins. Co., 342 S.W.2d 833 | 371+2002 | Fees prescribed by law to be paid to public officers for services rendered in connection with a specific purpose ordinarily are not taxes, unless object is to raise revenue to be paid into general fund of government to defray customary governmental expenditures, rather than to compensate public officers for particular services rendered. Section 374.220(1) RSMo 1949, V.A.M.S. | Under what condition can fees paid for services rendered be taxes? | Taxation - Memo # 882 - C - JL_58909.docx | ROSS-003278814-ROSS-003278815 |
| Cassie v. Cassie, 109 A.D.3d 337 | 129+107 | Even where the conduct at issue is alleged to have occurred in a private residence, in order for a petitioner to meet his or her burden of establishing the family offense of disorderly conduct, there must be a prima facie showing that the conduct was either intended to cause, or recklessly created a risk of causing, public inconvenience, annoyance, or alarm. McKinney's Family Court Act S 812. | Can a person on private property commit the offence of disorderly conduct? | 014289.docx | LEGALEASE-00151347-LEGALEASE-00151348 |
| Helia Healthcare of Belleville v. Norwood, 73 N.E.3d 1185 | 307A+679 | A motion to dismiss when some affirmative matter, such as a lack of subject matter jurisdiction, admits all well-pleaded facts and reasonable inferences therefrom, and on such a motion all pleadings are construed in the light most favorable to the nonmoving party. 735 Ill. Comp. Stat. Ann. S 5/2-619(a)(1). | "Does a motion to dismiss when some affirmative matter, such as a lack of subject matter jurisdiction, admit all well-pleaded facts and reasonable inferences therefrom?" | 037138.docx | LEGALEASE-00150780-LEGALEASE-00150781 |
| Griffith & Coe Advert. v. Farmers & Merchants Bank And Tr., 215 W. Va. 428 | 307A+679 | In determining whether a party has made a prima facie showing of personal jurisdiction in response to motion to dismiss, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. Rules Civ.Proc., Rule 12(b)(2). | "In determining whether a party has made a prima facie showing of personal jurisdiction, should the court view the allegations in the light most favorable to such party?" | Pretrial Procedure - Memo # 8468 - C - NC_59167.docx | ROSS-003296729-ROSS-003296731 |
| Easterling v. Am. Optical Corp., 207 W. Va. 123 | 307A+679 | In determining whether a party has made a prima facie showing of personal jurisdiction, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. Rules Civ.Proc., Rule 12(b)(2). | "In determining whether a party has made a prima facie showing of personal jurisdiction, should the court view the allegations in the light most favorable to such party?" | 037182.docx | LEGALEASE-00150866-LEGALEASE-00150867 |
| Holloway v. State, 875 N.W.2d 435 | 307A+679 | A claim has facial plausibility, as required to state a claim, when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. | Does a claim have facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged? | 037216.docx | LEGALEASE-00150914-LEGALEASE-00150915 |
| Signapori v. Jagaria, 84 N.E.3d 369 | 307A+679 | Critical inquiry on a motion to dismiss on the pleadings is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. 735 Ill. Comp. Stat. Ann. 2-615. | Is the critical inquiry on a motion to dismiss on the pleadings whether the allegations of the complaint are sufficient to establish a cause of action upon which relief can be granted? | 037350.docx | LEGALEASE-00151042-LEGALEASE-00151043 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matusow v. Zieger, 702 A.2d 1126 | 307A+581 | Judgment of non pros may be entered where (1) party to proceedings has shown lack of due diligence by failing to proceed with reasonable promptitude, (2) there has been no compelling reason for the delay, and (3) delay has caused some prejudice to adverse party. | Can judgment of non pros be entered where party to proceedings has shown lack of due diligence by failing to proceed with reasonable promptitude? | 037364.docx | LEGALEASE-00151128-LEGALEASE-00151129 |
| Jones v. Halliburton Co., 583 F.3d 228 | 25T+143 | When deciding whether a claim falls within the scope of an arbitration agreement, courts focus on factual allegations in the complaint rather than the legal causes of action asserted. | Do the courts focus on factual allegations in the complaint rather than the legal causes of action asserted while deciding the scope of an arbitration agreement? | 007980.docx | LEGALEASE-00151443-LEGALEASE-00151445 |
| White Eagle v. City of Fort Pierre, 2002 S.D. 68 | 307A+581 | Dismissal of a cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptness. SDCL 15-11-11, 15-30-16. | When the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude should dismissal of the cause of action for failure to prosecute be granted? | Pretrial Procedure - Memo # 8606 - C - SJ.docx | LEGALEASE-00041503-LEGALEASE-00041504 |
| Blockbuster Inv'rs LP v. Cox Enterprises, 314 Ga. App. 506 | 307A+624 | A motion to dismiss should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim; thus, court construes all the allegations in the complaint in a light most favorable to the complaining party and resolves all doubts in his favor. West's Ga.Code Ann. S 9-11-12(b)(6). | Should a motion to dismiss be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim? | Pretrial Procedure - Memo # 8686 - C - MS_59725.docx | ROSS-003282178-ROSS-003282179 |
| Mathews v. Diaz, 426 U.S. 67 | 24+120 | The fact that all persons, aliens and citizens alike, are protected by the due process clause does not lead to the further conclusion that all aliens are entitled to enjoy all of the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14. | Does the fact that aliens are protected by the Due Process Clause mean that aliens are entitled to enjoy all the advantages of citizenship? | "Aliens, Immigration and Citizenship - Memo 38 - RK_60125.docx" | ROSS-003308526-ROSS-003308527 |
| Blon v. Bank One, Akron, N.A., 35 Ohio St. 3d 98 | 172H+91 | Creditor and consumer stand at arm's length in negotiating terms and conditions of consumer loan and, absent understanding by both parties that special trust and confidence has been reposed in creditor, creditor has no duty to disclose to consumer the existence and details of finder's fee or similar arrangement with credit arranger. | Do Creditor and consumer stand at arm's length in negotiating terms and conditions of consumer loan? | Consumer Credit -Memo 27 -DB_60044.docx | ROSS-003298435-ROSS-003298436 |
| Wallace v. Dean, 3 So. 3d 1035 | 307A+679 | For purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. | "For purposes of a motion to dismiss, are the allegations of the complaint assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff?" | 037471.docx | LEGALEASE-00151885-LEGALEASE-00151886 |
| Murphy v. Stonewall Kitchen, 503 S.W.3d 308 | 307A+679 | On a motion to dismiss for failure to state a claim, the petition is reviewed in an almost academic manner to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or of a cause that might be adopted in that case. | "On a motion to dismiss for failure to state a claim, is the petition reviewed in an almost academic manner?" | 037473.docx | LEGALEASE-00151901-LEGALEASE-00151902 |
| J.P. Morgan Sec. Inc. v. Vigilant Ins. Co., 21 N.Y.3d 324 | 307A+679 | In assessing the adequacy of a complaint on motion to dismiss, court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference. McKinney's CPLR 3211(a)(7). | "In assessing the adequacy of a complaint on motion to dismiss, should a court give the pleading a liberal construction?" | 037545.docx | LEGALEASE-00152299-LEGALEASE-00152300 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cadet-Duval v. Gursim Holding, 147 A.D.3d 718 | 307A+683 | On a motion to dismiss for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences. McKinney's CPLR 3211(a)(7). | "In reviewing a motion to dismiss for failure to state a cause of action, are the allegations of the complaint deemed to be true?" | 037557.docx | LEGALEASE-00152331-LEGALEASE-00152332 |
| Tapia v. Heavner, 648 N.E.2d 1202 | 307A+682.1 | Unlike ruling on motion for summary judgment, trial court may weigh evidence and resolve factual disputes when ruling on motion to dismiss for lack of subject matter jurisdiction. Trial Procedure Rules 12(B)(1), 56(C). | "When ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court weigh evidence and resolve factual disputes?" | 037778.docx | LEGALEASE-00151935-LEGALEASE-00151936 |
| Davis v. Cent. Rent-A-Crane, 663 N.E.2d 1177 | 307A+680 | When determining whether claim should be dismissed for lack of subject matter jurisdiction, trial court may weigh evidence to determine existence of requisite jurisdictional facts and resolve factual disputes. Trial Procedure Rule 12(B)(1). | "In determining whether claim should be dismissed for lack of subject-matter jurisdiction, can a trial court weigh evidence to determine if requisite jurisdictional facts exist?" | Pretrial Procedure - Memo # 8817 - C - SJ_59815.docx | ROSS-003293718-ROSS-003293719 |
| Talkington v. Womens Servs., P.C., 7 Neb. App. 378 | 307A+581 | Four factors must be considered in assessing the propriety of a dismissal for lack of prosecution: (1) the length of delay in the proceedings, (2) reasons for the delay in the proceedings, (3) whether any dismissals for lack of prosecution had been entered previously and then rescinded, and (4) whether a new lawsuit would be barred by the applicable statute of limitations. | Should the length of delay in the proceedings be considered in assessing the propriety of a dismissal for lack of prosecution? | 037833.docx | LEGALEASE-00152067-LEGALEASE-00152068 |
| Carlson v. Reed, 249 F.3d 876 | 92+4224(11) | A state violates due process where it creates a university tuition rate scheme that purports to be concerned with residency, but then applies an irrebuttable presumption precluding those seeking to meet its test of residency the opportunity to show factors clearly bearing on the issue. U.S.C.A. Const.Amend. 14. | Does a University violate due process when applies irrebuttable presumptions? | 016697.docx | LEGALEASE-00152758-LEGALEASE-00152759 |
| Coleman v. Lynaugh, 934 S.W.2d 837 | 307A+581 | Judge may dismiss case for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which party had notice, or under judge's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 1. | Can a judge dismiss a case for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which party had notice? | Pretrial Procedure - Memo # 8838 - C - DA_60301.docx | ROSS-003280219-ROSS-003280220 |
| Cowen v. Bank United of Texas, FSB, 70 F.3d 937 | 172H+1579 | Federal Reserve Board's "official staff commentary" that states that fee for courier service charged by settlement agent to send document to title company or some other party is not finance charge, provided that creditor has not required use of courier or retained the charge, is entitled to some weight as interpretation of statute, despite complaint that it was issued after transaction at issue in case. 12 C.F.R. Pt. 226, Supp. I comment. | Is a fee for courier service charged by a settlement agent a finance charge? | Consumer Credit - Memo 73 - JK_60827.docx | ROSS-003282268-ROSS-003282269 |
| Bermudez v. Fulton Auto Depot, 179 Cal. App. 4th 1318 | 172H+55 | Purpose of Automobile Sales Finance Act (ASFA) is to protect motor vehicle purchasers from abusive selling practices and excessive charges by requiring full disclosure of all items of cost. West's Ann.Cal.Civ.Code S 2981 et seq. | Does ASFA require full disclosure of all items of cost to protect motor vehicle purchasers from abusive selling practices and excessive charges? | 014020.docx | LEGALEASE-00154605-LEGALEASE-00154606 |
| Clark v. Gauntt, 138 Tex. 558 | 156+38 | Generally, a deed purporting to convey fee-simple or lesser definite estate in land, with covenants of general warranty of title or ownership, "estops" grantor from asserting after-acquired title to or interest in land as against grantee and those claiming under him. | Does a deed purporting to convey a fee simple in land containing covenants of general warranty operate to estop the grantor from asserting an after-acquired title or interest in the land? | 018053.docx | LEGALEASE-00153867-LEGALEASE-00153868 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gym Door Repairs v. Astoria Gen. Contracting Corp., 144 A.D.3d 1093 | 307A+680 | Unless it has been shown that a material fact as claimed by a plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal of a plaintiff's claim for failure to state a cause of action should not eventuate. McKinney's CPLR 3211(a)(7). | "Unless it has been shown that a material fact as claimed by a plaintiff to be one is not a fact at all, should dismissal of a plaintiff's claim for failure to state a cause of action not eventuate?" | 038480.docx | LEGALEASE-00154443-LEGALEASE-00154444 |
| DMK Biodiesel v. McCoy, 285 Neb. 974 | 307A+681 | For purposes of a motion to dismiss for failure to state a claim, court generally must ignore materials outside the pleadings, but it may consider some materials that are part of public record or do not contradict complaint, as well as materials that are necessarily embraced by the pleadings. Neb. Ct. R. Pldg. S 6-1112(b)(6). | "For purposes of a motion to dismiss for failure to state a claim, should a court generally ignore materials outside the pleadings?" | Pretrial Procedure - Memo # 9366 - C - SJ_61054.docx | ROSS-003282617-ROSS-003282618 |
| Doe 30's Mother v. Bradley, 58 A.3d 42 | 307A+681 | Court may consider representations from the parties, as well as potential hypothetical fact patterns, in determining whether a party will be granted leave to amend a dismissed claim. Superior Court Civil Rule 15. | "Can a court consider representations from the parties, as well as potential hypothetical fact patterns, in determining whether a party will be granted leave to amend a dismissed claim?" | Pretrial Procedure - Memo # 9387 - C - PB_60925.docx | ROSS-003293844 |
| Hoffman v. State of California, 171 Cal. App. 3d 1100 | 307A+581 | In cases under West's Ann.Cal.C.C.P. S 583(b) (Repealed), requiring dismissal of action if not brought to trial within five years, lack of prejudice to defendant is not initially determined criterion; burden is on plaintiff to first establish by clear and convincing proof, existence of either impossibility, impracticability or futility of bringing matter to trial within five years, and absent such showing, five-year statute applies without any further consideration or determination of prejudice. | Is the burden to first establish by clear and convincing proof and futility of bringing matter to trial within five years lie on the plaintiff? | 038805.docx | LEGALEASE-00154085-LEGALEASE-00154086 |
| Buckles by & through Buckles v. Cont'l Res., 402 P.3d 1213 | 307A+624 | Motions to dismiss are construed in a light most favorable to the nonmoving party and should not be granted unless, taking all well-pled allegations of fact as true, it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. | Are motions to dismiss construed in a light most favorable to the nonmoving party? | Pretrial Procedure - Memo # 9568 - C - PB_61183.docx | ROSS-003283344-ROSS-003283345 |
| City of Houston v. Thomas, 838 S.W.2d 296 | 307A+581 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or trial; when case has not been disposed of within Supreme Court's time standard; and by court's inherent power to dismiss when case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4; Judicial Administration Rules, V.T.C.A., Government Code Title 2, Subtitle F App., Rule 6b(2). | Can court dismiss case for want of prosecution when party fails to appear at hearing or at trial? | 039028.docx | LEGALEASE-00154805-LEGALEASE-00154806 |
| Wilson v. Edwards, 202 So. 3d 275 | 307A+622 | A trial court has the authority to dismiss a claim based on an indisputably meritless legal theory, as well as the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Miss. R. Civ. P. 12(b)(6). | Does a trial court have the authority to dismiss a claim based on an indisputably meritless legal theory? | 024455.docx | LEGALEASE-00155114-LEGALEASE-00155115 |
| Dinerman v. Jewish Bd. of Family & Children's Servs., 55 A.D.3d 530 | 307A+684 | While the allegations in the complaint are to be accepted as true when considering a motion to dismiss, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration. McKinney's CPLR 3211(a)(2, 7). | "While considering a motion to dismiss, factual claims flatly contradicted by indisputable documentary evidence are not entitled to accept as true, then can documentary evidence result in dismissal?" | Pretrial Procedure - Memo # 9010 - C - KBM_61359.docx | ROSS-003282555-ROSS-003282556 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ray v. Greer, 212 N.C. App. 358 | 46H+934 | A trial court may enter sanctions when the plaintiff or his attorney violates a rule of civil procedure or a court order; the sanctions may be entered against either the represented party or the attorney, even when the attorney is solely responsible for the delay or violation. | "Can sanctions be entered for delay or violation of court order against either represented party or attorney, even when attorney is solely responsible for the delay or violation?" | 039033.docx | LEGALEASE-00154817-LEGALEASE-00154818 |
| Armistead v. A.L.W. Grp., 155 S.W.3d 814 | 307A+622 | A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition; therefore, on appeal, reviewing court accepts as true all well-pled allegations in the petition and liberally grants the plaintiff all reasonable inferences drawn therefrom. | Is a motion to dismiss for failure to state a claim solely a test of adequacy of a plaintiff's petition? | Pretrial Procedure - Memo # 9682 - C - DA_61583.docx | ROSS-003281028-ROSS-003281029 |
| Am. Bank & Tr. Co. of Pennsylvania v. Ritter, Todd & Haayen, 274 Pa. Super. 285 | 307A+581 | Test governing entry of judgment of non pros encompasses considerations of whether plaintiff's delay indicates that it has not prosecuted the matter with due diligence, and it must be shown that there was no justification or compelling reason for the delay and, the delay must cause prejudice to defendant. | Does test governing entry of judgment of non pros encompasses considerations of whether plaintiff's delay indicate that it has not prosecuted the matter with due diligence? | Pretrial Procedure - Memo # 9693 - C - SK_61594.docx | ROSS-003321825-ROSS-003321826 |
| Ryan v. Dixon, 28 Ill. App. 3d 463 | 307A+581 | Dismissal of a law suit for want of prosecution must be exercised by giving more weight to basic concepts of fundamental fairness and justice than to procedural matters; whether substantial justice is being done between the litigants and whether it is reasonable under the circumstances to compel the other party to go to trial on the merits are the overriding considerations. | Should dismissal of a law suit for want of prosecution be exercised by giving more weight to basic concepts of fundamental fairness and justice than to procedural matters? | 039178.docx | LEGALEASE-00155428-LEGALEASE-00155429 |
| McDonald v. Lipov, 2014 IL App (2d) 130401 | 307A+684 | If the document as a whole shows that the affidavit is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial, rule governing affidavits in support of a motion for involuntary dismissal based upon certain defects or defenses is satisfied. S.H.A. 735 ILCS 5/2-619; Sup.Ct.Rules, Rule 191(a). | When is the rule governing affidavit in support of a motion for involuntary dismissal based upon certain defects or defenses satisfied? | 039334.docx | LEGALEASE-00154857-LEGALEASE-00154858 |
| PNC Multifamily Capital Institutional Fund XXXIV Ltd. P'ship v. AOH-Regent Ltd. P'ship, 262 Or. App. 503 | 307A+554 | A court may consider whether to dismiss a complaint for lack of personal jurisdiction on the basis of facts drawn both from the complaint and matters outside the pleading, including affidavits, declarations and other evidence. Rules Civ.Proc., Rule 21. | Can a court consider whether to dismiss a complaint for lack of personal jurisdiction on the basis of facts drawn both from the complaint and matters outside the pleading? | Pretrial Procedure - Memo # 9840 - C - DA_61435.docx | ROSS-003295696-ROSS-003295697 |
| Bryant v. Smith Interior Design Grp., 2009 WL 981958 | 307A+685 | When presented with a motion to dismiss for lack of personal jurisdiction, a trial court is limited to examining the petition on its face and the supporting affidavits in determining the limited question of personal jurisdiction. | "When presented with a motion to dismiss for lack of personal jurisdiction, is a trial court limited to examining the petition on its face and the supporting affidavits in determining the limited question of personal jurisdiction?" | 039482.docx | LEGALEASE-00155016-LEGALEASE-00155017 |
| Brown v. Refuel Am., 186 N.C. App. 631 | 307A+685 | Where a nonresident defendant submits an affidavit in support of his motion to dismiss for lack of personal jurisdiction, the court will look to the uncontroverted allegations in the complaint and the uncontroverted facts in the sworn affidavit in its determination of the issue. West's N.C.G.S.A. S 1-75.4(1)(d). | "Where a defendant submits an affidavit in support of his motion to dismiss for lack of personal jurisdiction, will the court look to the uncontroverted allegations in the complaint?" | 039505.docx | LEGALEASE-00155052-LEGALEASE-00155053 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gill v. Eagleton, 108 Neb. 179.Gill v. Eagleton, 108 Neb. 179 | 322H+1273 | At common law an "exchange of land" was a mutual grant of equal interest not necessarily in value but in dignity as a fee for a fee the one in consideration of the other and different from the sale in that no fixed money, price or value was placed on either of the properties exchanged. | "At common law, is an exchange of land a mutual grant of equal interests that is different from a sale?" | Exchange of Property - Memo 18 - AM.docx | LEGALEASE-00046663-LEGALEASE-00046664 |
| Gill v. Eagleton, 108 Neb. 179.Gill v. Eagleton, 108 Neb. 179 | 322H+1273 | At common law an "exchange of land" was a mutual grant of equal interest not necessarily in value but in dignity as a fee for a fee the one in consideration of the other and different from the sale in that no fixed money, price or value was placed on either of the properties exchanged. | "At common law, is an exchange of land a mutual grant of equal interests that is different from a sale?" | 018299.docx | LEGALEASE-00157462-LEGALEASE-00157463 |
| Hornstein v. Wolf, 109 A.D.2d 129 | 307A+685 | Unless motion to dismiss for failure to state a cause of action is converted by court to a motion for summary judgment, affidavits received on motion are not to be valid for purpose of determining whether there is evidentiary support for the pleading. | "Unless a motion to dismiss for failure to state cause of action is converted by court to motion for summary judgment, are affidavits submitted in support of or in opposition to motion not to be examined?" | Pretrial Procedure - Memo # 10436 - C - AC_62584.docx | ROSS-003281655-ROSS-003281656 |
| Thacker v. Bartlett, 785 N.E.2d 621 | 307A+690 | A dismissal for failure to state a claim is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. Trial Procedure Rule 12(B)(6). | "Is a dismissal of a complaint for failure to state a claim without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the applicable rule?" | 024915.docx | LEGALEASE-00157337-LEGALEASE-00157338 |
| Stein v. Asheville City Bd. of Educ., 168 N.C. App. 243 | 307A+690 | The legal import of the words "with prejudice" as applied to a judgment of dismissal is to terminate the action operating as res judicata and barring any further prosecution by the plaintiff of the same cause of action. | "Is the legal import of the words ""with prejudice"" as applied to a judgment of dismissal to terminate the action operating as res judicata and barring any further prosecution by the plaintiff of the same cause of action?" | 025655.docx | LEGALEASE-00157988-LEGALEASE-00157989 |
| United States v. Nicklas, 713 F.3d 435 | 377E+12(1) | The statutory prohibition against "transmit(ting) in interstate or foreign commerce any communication containing any threat to injure the person of another" does not require the government to prove a defendant specifically intended his or her statements to be threatening, but rather requires the government to prove a reasonable recipient would have interpreted the defendant's communication as a serious threat to injure. 18 U.S.C.A. S 875(c). | Does the statutory prohibition against transmitting a threatening communication in interstate commerce require the government to prove a defendant specifically intended his or her statements to be threatening? | 046696.docx | LEGALEASE-00156955-LEGALEASE-00156956 |
| League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755 | 360+18.43 | Because federal government bears exclusive responsibility for immigration matters, states can neither add to nor take from conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in United States. | can states add or take from the conditions lawfully imposed by Congress upon the residence of aliens in the United States? | "Aliens, Immigration, and Citizenship - Memo 53 - RK.docx" | LEGALEASE-00047811-LEGALEASE-00047812 |
| In re Strickland, 2002 WL 58482 | 307A+699 | A verified reinstatement motion filed within 30 days of dismissal extends plenary power for the same amount of time as would a properly filed new trial motion; the same is true of a prematurely filed, verified reinstatement motion. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | Does a verified reinstatement motion filed within 30 days of dismissal extend plenary power for the same amount of time as would a properly filed new trial motion? | 025525.docx | LEGALEASE-00158862-LEGALEASE-00158863 |
| Welborn v. Ferrell Enterprises, 376 S.W.3d 902 | 307A+582 | In determining whether a party prosecuted her case with reasonable diligence, for the purpose of deciding whether to dismiss the case for want of prosecution, a trial court may consider a variety of issues, including the entire history of the litigation, periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can a court consider the entire history of a proceeding in determining whether to reinstate an action dismissed for want of prosecution? | 025565.docx | LEGALEASE-00158150-LEGALEASE-00158151 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Caracci v. Edgar, 160 Ill. App. 3d 892 | 307A+693.1 | Exception to rule, that further proceedings after dismissal are, in general, unauthorized until dismissal is vacated and cause reinstated, arises where parties actively participate in further proceedings or party in whose favor dismissal was entered otherwise conducts himself in manner inconsistent with order of dismissal, thus nullifying order of dismissal and revesting trial court with jurisdiction. | Are further proceedings unauthorized until the judgment of dismissal is vacated and the cause reinstated? | 025815.docx | LEGALEASE-00159158-LEGALEASE-00159159 |
| Bengal House Ltd. v. 989 3rd Ave., 118 A.D.3d 575 | 307A+697 | On an application to vacate the dismissal of a complaint, assessment of the sufficiency of the excuse proffered for the delay and the adequacy of the merit of the action are consigned to the sound discretion of the court. | "On an application to vacate the dismissal of a complaint, are assessment of the sufficiency of the excuse proffered for the delay and the adequacy of the merit of the action are consigned to the sound discretion of the court?" | 039713.docx | LEGALEASE-00159226-LEGALEASE-00159227 |
| Lyons v. Pirello, 194 So. 2d 147 | 413+279 | Eligibility for benefits under workmen's compensation statute does not exist unless employee is injured in performance of work of hazardous nature and which forms a part of employer's regular trade, occupation or business. LSA-R.S. 23:1035. | "Can employees get compensation benefits if they are injured while doing work of a hazardous nature which is part of the employers regular trade, occupation, or business?" | 048654.docx | LEGALEASE-00158864-LEGALEASE-00158865 |
| In re Y.M., 207 Cal. App. 4th 892 | 211+2031 | Federal law imposes requirements on state dependency plans and recognizes the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Child Abuse Prevention and Treatment Act, S 106, 42 U.S.C.A. S 5106a. | Are state courts the appropriate forum for child welfare determinations regarding neglect or abandonment of a child? | "Aliens, Immigration and Citizenship - Memo 116 - RK_64758.docx" | ROSS-003322001-ROSS-003322002 |
| H.S.P. v. J.K., 223 N.J. 196 | 24+179 | When making predicate factual findings that a juvenile seeking special immigrant juvenile (SIJ) status satisfies certain criteria, a state juvenile court was required to apply New Jersey law, rather than law of foreign nation, in determining whether juvenile had been abused, neglected, or abandoned, where SIJ statute required a petitioner to show that "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis under State law." Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does a juvenile court have to make a finding that reunification with one or both of the immigrant's parents is not viable for a person to be eligible for Special Immigrant Juvenile (SIJ) status? | 006794.docx | LEGALEASE-00160342-LEGALEASE-00160343 |
| In re Y.M., 207 Cal. App. 4th 892 | 211+2031 | Federal law imposes requirements on state dependency plans and recognizes the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Child Abuse Prevention and Treatment Act, S 106, 42 U.S.C.A. S 5106a. | Are state courts as the appropriate forum for child welfare determinations regarding a childs best interest? | "Aliens, Immigration and Citizenship - Memo 120 - RK_64762.docx" | ROSS-003294794-ROSS-003294796 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Federal law provides a path to lawful permanent residency in the United States to resident alien children who qualify for special immigrant juvenile (SIJ) status. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does Federal law provide a path to lawful permanent residency in the United States to resident alien children who qualify for Special Immigrant Juvenile (SIJ) status? | "Aliens, Immigration and Citizenship - Memo 121 - RK_64763.docx" | ROSS-003320884-ROSS-003320885 |
| Arizona v. United States, 567 U.S. 387 | 24+690 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the power of the government over immigration rest on its power to control relations with foreign nations? | "Aliens, Immigration and Citizenship - Memo 85 - RK_64818.docx" | ROSS-003295019-ROSS-003295020 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Krell v. Silver, 2003 PA Super 27 | 307A+697 | Movant must establish three factors in order to have judgment of non pros opened: (1) petition to open must be promptly filed; (2) there must be reasonable explanation for delay that preceded entry of non pros judgment; and (3) there must exist facts that would support meritorious cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | Should a movant establish three factors in order to have a judgment of non-pros opened? | Pretrial Procedure - Memo 11305 - C - SN_64249.docx | ROSS-003294752-ROSS-003294753 |
| Bowman v. Kusnick, 35 A.D.3d 643 | 307A+596 | Although court may accept law office failure that is not willful or deliberate as a reasonable excuse that warrants vacating dismissal of action for want of prosecution, conclusory and unsubstantiated assertions of law office failure are insufficient, and a pattern of willful default and neglect will not be excused. McKinney's CPLR 3216. | "On motion to reinstate complaint that was dismissed for failure to timely file note of issue, can a court accept law office failure that is not willful or deliberate as a reasonable excuse for failure to timely file note of issue?" | 039783.docx | LEGALEASE-00159354-LEGALEASE-00159355 |
| Campbell v. Yanoff, 273 A.D.2d 166 | 307A+697 | A party seeking to restore a case that has been dismissed after being marked off trial calendar must demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the matter. McKinney's CPLR 3404. | A party seeking to restore a case that has been dismissed after being marked off trial calendar must demonstrate what? | 039799.docx | LEGALEASE-00159485-LEGALEASE-00159486 |
| Murrell v. New York City Transit Auth., 260 A.D.2d 307 | 307A+697 | Party seeking to restore a case to the trial calendar following dismissal for abandonment must demonstrate that the case has merit, that a reasonable excuse for the delay exists, that there was no intent to abandon, and that there will be no prejudice to the non-moving party in the event the matter is restored. McKinney's CPLR 3404. | A party seeking to restore a case to the trial calendar after it has been dismissed as abandoned must demonstrate what? | 039802.docx | LEGALEASE-00159503-LEGALEASE-00159504 |
| Rifkin v. Herman, 262 A.D.2d 389 | 307A+697 | Court has the discretionary power to restore an abandoned case if the movant establishes the merit of the cause of action, a reasonable excuse for the delay, lack of intent to abandon the action, and a lack of prejudice to the other party. McKinney's CPLR 3404. | Does a court have the discretionary power to restore an abandoned case if the movant establishes the merit of the cause of action and a reasonable excuse for the delay? | 039804.docx | LEGALEASE-00159507-LEGALEASE-00159508 |
| Transtechnology Corp. v. Assessor, 71 A.D.3d 1034 | 307A+697 | When action, which was marked off trial calendar and not restored within one year, has been dismissed, plaintiff seeking to restore case to trial calendar must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant. McKinney's CPLR 3404. | Can an action which has been deemed abandoned as a result of having been marked off or stricken from a calendar thereafter be restored? | 039807.docx | LEGALEASE-00159519-LEGALEASE-00159520 |
| Koch v. Lavorne, 699 So. 2d 164 | 307A+583 | Dismissal of party's case and subsequent refusal to set aside dismissal for want of prosecution rests largely within sound discretion of trial court. | Does the dismissal of a party's case and subsequent refusal to set aside dismissal for want of prosecution rest largely within the sound discretion of a trial court? | Pretrial Procedure - Memo 11324 - C - KI_64260.docx | ROSS-003294146-ROSS-003294147 |
| Northside Realty Assocs. v. Peachtree Mortg. Corp., 239 Ga. 62 | 275+116.2 | Entry of a supplemental order making findings of fact and conclusions of law does not change effect of a final order dismissing a complaint, but merely sets out the basis for the judgment of dismissal; such supplemental order is not a new judgment, such as for the purpose of computing time period in which to move for a new trial. Code, S 81A-152(a). | Does entry of a supplemental order making findings of fact and conclusions of law not change effect of a final order dismissing a complaint? | 039871.docx | LEGALEASE-00159677-LEGALEASE-00159678 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Winn v. Armour & Co., 184 Ga. 769 | 307A+693.1 | The dismissal of an action for want of prosecution does not dismiss issues raised by cross-petition filed by defendant seeking equitable relief, even though relief sought affects codefendants. | "Does the dismissal of an action for want of prosecution not dismiss issues raised by cross-petition filed by a defendant seeking equitable relief, even though the relief sought affects codefendants?" | 039877.docx | LEGALEASE-00159722-LEGALEASE-00159723 |
| Kedzie & 103rd Currency Exch. v. Hodge, 156 Ill. 2d 112 | 307A+686.1 | Phrase "affirmative matter" in statute, permitting dismissal on ground that claim asserted against defendant is barred by other "affirmative matter" avoiding the legal effect of or defeating the claim, encompasses any defense other than negation of essential allegations of plaintiff's cause of action and for this reason, such a motion admits legal sufficiency of plaintiff's cause of action much in the same way that motion to dismiss based upon defects in pleadings admits complaint's well-pleaded facts. Ill.Rev.Stat.1989, ch. 110, P 2-615, 2-619(a)(9). | Will an affirmative matter encompass any defense other than a negation of the essential allegation of the plaintiff cause of action? | 039883.docx | LEGALEASE-00159742-LEGALEASE-00159743 |
| Akinyemi v. JP Morgan Chase Bank, N.A., 391 Ill. App. 3d 334 | 307A+561.1 | While a trial court should not grant a motion to dismiss based on certain defects or defenses unless it is clear that there is no way a plaintiff may recover, dismissing a cause pursuant to such a motion efficiently allows for the disposal of issues of law or easily proved facts early in the litigation process. S.H.A. 735 ILCS 5/2-619. | Will a court grant a motion to dismiss based on certain defects or defenses? | 039915.docx | LEGALEASE-00159555-LEGALEASE-00159556 |
| Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257 | 307A+697 | The right to reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to dismissal for lack of prosecution even if the application is made many months later. Rule 1:13-7(a). | Is the right to reinstatement ordinarily routinely and freely granted when a plaintiff has cured the problem that led to the dismissal? | 039952.docx | LEGALEASE-00159693-LEGALEASE-00159694 |
| United States v. Fleming, 671 F.2d 1002 | 110+1184(4.1) | Reviewing court may not change or reduce sentence imposed within applicable statutory limits on ground that sentence was too severe unless trial court relied on improper or unreliable information in exercising its discretion or failed to exercise any discretion at all in imposing the sentence. | Can the court change or reduce a sentence imposed with the applicable statutory limits on the grounds that the sentence was too severe? | 012533.docx | LEGALEASE-00161543-LEGALEASE-00161544 |
| United States v. Taylor, 569 F.3d 742 | 135H+96 | Double Jeopardy Clause of the United States Constitution bars a defendant's retrial unless the district court declared a mistrial either (1) with the defendant's consent, or (2) because the declaration was manifestly necessary. U.S.C.A. Const.Amend. 5. | Does the Double Jeopardy Clause of the United States Constitution bar a defendant's retrial unless the district court declared a mistrial? | 016057.docx | LEGALEASE-00160787-LEGALEASE-00160788 |
| Hewitt v. Booth Mem'l Med. Ctr., 178 A.D.2d 401 | 307A+697 | Party seeking to restore case to trial calendar after it has been dismissed for failure to restore case to trial calendar within one year after it was marked off must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to the calendar. McKinney's CPLR 3404. | "Once a case is dismissed for neglect to prosecute, should a party seeking to restore a case to a trial calendar demonstrate that a case has merit?" | 040053.docx | LEGALEASE-00161507-LEGALEASE-00161508 |
| Fico v. Health Ins. Plan of Greater New York, 248 A.D.2d 432 | 307A+697 | Party seeking to restore case to trial calendar after it has been dismissed as abandoned must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to trial calendar; all four components of test must be satisfied before dismissal can be properly vacated. McKinney's CPLR 3404. | Should a party seeking to restore a case to a trial calendar after it has been dismissed demonstrate the merits of a case? | 040096.docx | LEGALEASE-00161062-LEGALEASE-00161063 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stauff v. Bartnick, 387 P.3d 356 | 307A+695 | If the trial court, in granting a motion to dismiss, concludes a claim does not exist, its order must contain a statement that no amendment of the petition could cure the defects in the plaintiff's petition. | "If the trial court, in granting a motion to dismiss, concludes a claim does not exist, should the trial court's order contain a statement that no amendment of the petition could cure the defects in the plaintiff's petition?" | 040116.docx | LEGALEASE-00161452-LEGALEASE-00161453 |
| Town of Micanopy v. Connell, 304 So. 2d 478 | 307A+695 | Rule which provides that leave to amend a pleading shall be freely given when justice so requires is interpreted to allow a plaintiff to at least amend his complaint one time in an attempt to state a cause of action unless it is clear that a plaintiff will not be able to state a cause of action. 30 West's F.S.A. Rules of Civil Procedure, rule 1.190. | Does the rule require leave to amend to be freely given when justice requires? | Pretrial Procedure - Memo 11609 - C - SKG_65625.docx | ROSS-003282644-ROSS-003282645 |
| Nevada Interstate Properties Corp. v. City of W. Palm Beach, 747 So. 2d 447 | 307A+695 | Dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | Should a dismissal with prejudice for failure to state a cause of action not be ordered without giving the party offering the defective pleading an opportunity to amend? | 040261.docx | LEGALEASE-00160845-LEGALEASE-00160846 |
| People v. Kruger, 2015 IL App (4th) 131080 | 307A+583 | A trial court may dismiss a case for want of prosecution when the petitioner has failed to properly serve the opposing party within a reasonable period of time. | Can a court dismiss a case for want of prosecution when the petitioner has failed to properly serve the opposing party within a reasonable period of time? | 040368.docx | LEGALEASE-00160505-LEGALEASE-00160506 |
| Hollander v. Nance, 888 So. 2d 1275 | 307A+583 | The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power. | Will the dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial be reversed? | Pretrial Procedure - Memo 11702 - C - SKG_65421.docx | ROSS-003282865-ROSS-003282866 |
| Baker v. Felker, 952 S.W.2d 743 | 30+3206 | Trial court has inherent power, in the exercise of sound judicial discretion, to dismiss case for failure to prosecute with due diligence, and dismissal on that ground will not be disturbed on appeal unless such discretion is abused. | "Does the court have inherent power, in the exercise of sound judicial discretion; to dismiss case for failure to prosecute with due diligence?" | 040501.docx | LEGALEASE-00161341-LEGALEASE-00161342 |
| Ben Robinson Co. v. Texas Workers' Comp. Comm'n, 934 S.W.2d 149 | 413+106 | Even if employer's appeal from its designation as extra-hazardous was rendered moot by lifting of designation by the Workers' Compensation Commission, appeal fell within the "capable of repetition yet evading review" exception to the mootness doctrine because short duration of employer's extra-hazardous status renders it nearly impossible for employer to obtain judicial review while that status remains pending. V.T.C.A., Labor Code SS 411.043(a), 411.045; Tex.Admin. Code title 28, SS 164.3(a), 164.5(a). | How would the capable of repetition yet evading review exception to impact an extra-hazardous designation? | 048713.docx | LEGALEASE-00161403-LEGALEASE-00161404 |
| State v. Murphy, 545 N.W.2d 909 | 3.77E+11 | Interpreting terroristic threats statute to limit reach of statute to oral or written threats would lead to absurd result and allow one to terrorize another if terrorist were clever enough to make threats without recourse to spoken or written word. M.S.A. S 609.713, subd. 1. | What would limiting the reach of the terroristic threats statute to oral and written threats lead to? | "Threats, Stalking and Harassment - Memo 222 - C - LB_66018.docx" | ROSS-003280888-ROSS-003280889 |
| Com. v. Balog, 395 Pa. Super. 158 | 135H+96 | If conduct of defense witness is intentionally designed to provoke successful mistrial request by Commonwealth, in order to secure a more favorable outcome, retrial is not barred. | "If the conduct of a defense witness is intentionally designed to provoke a successful mistrial request by a Commonwealth, in order to secure a more favorable outcome, is retrial not barred?" | 015365.docx | LEGALEASE-00162855-LEGALEASE-00162856 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United Servs. Auto. Ass'n v. Mich. Catastrophic Claims Ass'n, 289 Mich. App. 24 | 135+2 | "Residence" and "domicile" are legally synonymous; with respect to question of residency, factors that may be considered include, but are not limited to, the person's intent; mailing address, the address listed on the person's driver's license, tax returns, and other documents, the location of bank accounts, maintenance of a telephone number, and property ownership. | "With respect to question of residency, what are factors that may be considered?" | 014563.docx | LEGALEASE-00164198-LEGALEASE-00164199 |
| U.S. v. Thompson, 118 F. Supp. 2d 723 | 135H+25 | Jeopardy does not attach in civil forfeiture case when property is first seized, or when claimant's ability to control property is affected by lis pendens or occupancy agreement. U.S.C.A. Const.Amend. 5. | "Does jeopardy not attach in a civil forfeiture case when property is first seized, or when a claimant's ability to control property is affected by lis pendens or occupancy agreement?" | Double Jeopardy - Memo 234 - C - BP_66753.docx | ROSS-003282525-ROSS-003282526 |
| United States v. Higgins, 75 F.3d 332 | 135H+97 | Defendants who request mistrial relinquish their entitlement to verdict by jury then impaneled and may not use double jeopardy clause to avoid second trial; but if prosecutor deliberately introduces error in order to provoke mistrial request and rescue trial going badly, Constitution treats matters as if mistrial had been declared on prosecutor's initiative. U.S.C.A. Const.Amend. 5. | Do defendants who request mistrial relinquish their entitlement to a verdict by a jury then impaneled and may not use a double jeopardy clause to avoid a second trial? | Double Jeopardy - Memo 297 - C - PC_66528.docx | ROSS-003280326-ROSS-003280327 |
| Friedmann v. State, 172 P.3d 831 | 135H+95.1 | Because a defendant's right to have his or her case decided by the originally empaneled jury is a crucial aspect of the constitutional protection against double jeopardy, the dismissal of that jury always have constitutional consequences; this remains true even if the jury is dismissed under criminal rule providing that if one or more jurors are unable to perform their duties or are disqualified from performing their duties before the jury retires to consider its verdict, the trial judge is authorized to discharge the affected jurors-and, if there are insufficient alternate jurors to complete the panel, the jury may be discharged and a new jury then or afterwards formed. U.S.C.A. Const.Amend. 5; Rules Crim.Proc. Rule 27(d)(3). | "Because a defendant's right to have his or her case decided by the originally empaneled jury is a crucial aspect of the constitutional protection against double jeopardy, does the dismissal of that jury always have constitutional consequences?" | 015446.docx | LEGALEASE-00163501-LEGALEASE-00163502 |
| Johnson v. State, 138 Md. App. 539 | 135H+95.1 | Neither party has a right to have his case decided by a jury which may be tainted by bias, and in these circumstances, the public's interest in fair trials designed to end in just judgments must prevail over the defendant's valued right to have his trial concluded by the first jury impaneled. | Does neither party have a right to have his case decided by a jury which may be tainted by bias? | 015452.docx | LEGALEASE-00163511-LEGALEASE-00163512 |
| Gore v. State, 784 So. 2d 418 | 135H+97 | Double jeopardy clause prevents state from retrying defendant where it is established that judge or prosecutor, by his or her own egregious conduct, caused defendant to move for mistrial, and conduct of judge or prosecutor was intended to provoke defendant into moving for mistrial. U.S.C.A. Const.Amend. 5. | "Does a double jeopardy clause prevent a state from retrying a defendant where it is established that judge or prosecutor, by his or her own egregious conduct, caused a defendant to move for mistrial?" | Double Jeopardy - Memo 389 - C - RF_66799.docx | ROSS-003284081-ROSS-003284082 |
| Com. v. Ellis, 432 Mass. 746 | 135H+95.1 | Absent evidence that the judge acted in bad faith, alleged judicial errors giving rise to a mistrial do not support a claim of double jeopardy. U.S.C.A. Const.Amend. 5. | "Absent evidence that the judge acted in bad faith, do alleged judicial errors giving rise to a mistrial not support a claim of double jeopardy?" | 015467.docx | LEGALEASE-00163551-LEGALEASE-00163552 |
| United States v. Gallagher, 743 F. Supp. 745 | 135H+95.1 | Double jeopardy provision of Fifth Amendment bars retrial of criminal defendant after mistrial is granted over objection of defense unless there is "manifest necessity" for mistrial. U.S.C.A. Const.Amend. 5. | "Does the double jeopardy provision of the Fifth Amendment bar retrial of a criminal defendant after a mistrial is granted over objection of a defense unless there is a ""manifest necessity"" for mistrial?" | Double Jeopardy - Memo 402 - C - MS_66811.docx | ROSS-003282968-ROSS-003282969 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jordan v. O'Dwyer, 152 A.D.2d 671 | 135H+95.1 | Unlike situation in which criminal trial has resulted in judgment of acquittal, retrial of indictment is not automatically barred where merits of charge against defendant have not been finally resolved. U.S.C.A. Const.Amend. 5. | "Unlike situation in which criminal trial has resulted in judgment of acquittal, is retrial of indictment not automatically barred where merits of a charge against defendant have not been finally resolved?" | 015487.docx | LEGALEASE-00163581-LEGALEASE-00163582 |
| Deal v. Consumer Programs, 470 F.3d 1225 | 156+52.10(3) | Under Missouri law, waiver is the intentional relinquishment of a known right; to rise to level of waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible. | "To rise to the level of waiver, should conduct be so manifestly consistent with an intention to renounce a right that no other reasonable explanation is possible?" | 018206.docx | LEGALEASE-00162955-LEGALEASE-00162956 |
| Knight v. Chicago Corp., 183 S.W.2d 666 | 260+79.1(0.5) | An "undivided interest" in a mineral lease is an undivided percentage of the working interest, which differs from "oil payment" or "overriding royalty" in that it is chargeable with the pro tanto share of the cost of development and production. | "Is an undivided interest an undivided percentage of the working interest, which differs from the oil payment or the overriding royalty in that it is chargeable with its pro tanto share of the cost of development and production?" | Mines and Minerals - Memo 346 - C - ML_66671.docx | ROSS-003297063-ROSS-003297065 |
| Nivens on Behalf of Nivens v. Chestnut Hill Hosp., 373 Pa. Super. 377 | 307A+697 | Before court may open non pros judgment, party seeking vacation must demonstrate that: petition to open was timely filed, default which occasioned entry of judgment can be reasonably explained, and facts constituting grounds for cause of action are alleged. | "Before a court can open a non pros judgment, what should a party seeking vacation demonstrate?" | 040750.docx | LEGALEASE-00163221-LEGALEASE-00163222 |
| Wells Fargo Bank, N.A. v. Bohatka, 112 So. 3d 596 | 302+243 | For purposes of general rule that trial courts are to give plaintiffs an opportunity to amend a defective pleading, the failure to attach necessary documents is a remediable offense. | "For purposes of general rule that trial courts are to give plaintiffs an opportunity to amend a defective pleading, is the failure to attach necessary documents a remediable offense?" | 040792.docx | LEGALEASE-00163841-LEGALEASE-00163842 |
| Mohiuddin v. Doctors Billing & Mgmt. Sols., 196 Md. App. 439 | 307A+695 | Unless the case is being kept alive by some other means, such as other parties or other still unresolved claims, a dismissal of a pleading without the magic words "with leave to amend" closes the case finally and there is, therefore, nothing to amend. Md.Rule 2-322. | "Unless the case is being kept alive by some other means, does a dismissal without the magic words ""with leave to amend"" close the case finally?" | 040942.docx | LEGALEASE-00163245-LEGALEASE-00163246 |
| In re Gateway Ethanol, 415 B.R. 486 | 349A+10 | Under Illinois law, pursuant to the bright-line test for whether a transaction in the form of a lease creates a security interest, if the lessee may not terminate the lease during its term and any one of the "residual value factors" is present, the transaction is a sale without consideration of any other facts and circumstances. S.H.A. 810 ILCS 5/1-201(37) (2005). | "If the lessee may not terminate the lease during its term and any one of the ""residual value factors"" is present, is the transaction a sale without consideration of any other facts and circumstances?" | 042762.docx | LEGALEASE-00164012-LEGALEASE-00164013 |
| Doctor's Assocs. v. Stuart, 85 F.3d 975 | 25T+184 | When party agrees to arbitrate in state where Federal Arbitration Act makes such agreements specifically enforceable, that party must be deemed to have consented to jurisdiction of court that could compel the arbitration proceeding in that state. 9 U.S.C.A. S 1 et seq. | "When a party agrees to arbitrate in state where Federal Arbitration Act (FAA) makes an agreement specifically enforceable, can that party be deemed to have consented to the jurisdiction of that court?" | Alternative Dispute Resolution - Memo 882 - RK.docx | LEGALEASE-00054010-LEGALEASE-00054011 |
| Sunskar Ltd. v. CDII Trading, 828 F. Supp. 2d 604 | 25T+184 | When a party agrees to arbitrate in a state, where the Federal Arbitration Act (FAA) makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in that state. 9 U.S.C.A. S 1 et seq. | "When a party agrees to arbitrate in a state, where the Federal Arbitration Act (FAA) makes such an agreement specifically enforceable, can that party be deemed to have consented to the jurisdiction of that court?" | 008115.docx | LEGALEASE-00165059-LEGALEASE-00165060 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Blue, 207 Ill. 2d 542 | 135H+30 | It does not violate double jeopardy principles for a defendant to be convicted and sentenced for a crime even though the conduct underlying that offense has been considered in determining the defendant's sentence for a previous conviction. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | Does it violate double jeopardy principles for a defendant to be convicted and sentenced for a crime even though the conduct underlying that offense has been considered in determining the defendant sentence for a previous conviction? | Double Jeopardy - Memo 1200 - C - NE_67532.docx | ROSS-003279367-ROSS-003279368 |
| State v. McCoin, 190 Or. App. 532 | 135H+30 | Double jeopardy precludes the multiple use of the same facts to prove an element of an offense and to enhance the defendant's sentence for that offense only if the legislature intended to prohibit such double usage. U.S.C.A. Const.Amend. 5; West's Or.Const. Art. 1, S 12. | Does double jeopardy preclude the multiple use of the same facts to prove an element of an offense and to enhance the defendant sentence for that offense only if the legislature intended to prohibit such double usage? | 014958.docx | LEGALEASE-00164803-LEGALEASE-00164804 |
| State v. Jackson, 112 Wash. 2d 867 | 135H+99 | A specific finding of "manifest necessity" by the trial judge will not prevent termination of jeopardy unless the facts and circumstances upon which the finding is based are apparent from the record. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | "Will a specific finding of ""manifest necessity"" by the trial judge not prevent termination of jeopardy unless the facts and circumstances upon which the finding is based are apparent from the record?" | 041002.docx | LEGALEASE-00164277-LEGALEASE-00164278 |
| People in Interest of R.F.A., 744 P.2d 1202 | 307A+583 | Decision whether to dismiss for failure to prosecute lies within sound discretion of trial court, but must be made with consideration for trial court's primary function to afford forum to settle matters on their merits. Rules Civ.Proc., Rules 41(b), (b)(1), 121, SS 1-10, 1-10, subd. 1. | Does the decision whether to dismiss an action for failure to prosecute lie within the sound discretion of the trial court? | Pretrial Procedure - Memo 12207 - C - PC_67301.docx | ROSS-003292841-ROSS-003292842 |
| City of Brunswick v. Taylor, 87 Ga. App. 751 | 231H+26 | In either workmen's compensation cases or master-and-servant cases generally, the test as to who is the manager or employer is determined by the facts that special master must have complete control and direction of servant for the occasion, that general master must have no such control, and that hirer must have exclusive right to discharge servant and put another in his place, or put him to other work. | Are the tests for determining who is the employer the same in workmens compensation cases as in master-servant cases? | 048777.docx | LEGALEASE-00164304-LEGALEASE-00164305 |
| State v. Michael J., 274 Conn. 321 | 135H+95.1 | As a general rule, the double jeopardy clause imposes no limitation upon the power of the government to retry a defendant who has succeeded in persuading the court to declare a mistrial. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause impose limitation upon the power of the government to retry a defendant who has succeeded in persuading the court to declare a mistrial? | 016024.docx | LEGALEASE-00165746-LEGALEASE-00165747 |
| State v. Liberatore, 4 Ohio St. 3d 13 | 135H+1 | Where successive prosecutions are at stake, double jeopardy guarantee serves constitutional policy of finality for defendant's benefit; furthermore, that policy protects accused from attempts to relitigate facts underlying prior acquittal. U.S.C.A. Const.Amends. 5, 14. | "Where successive prosecutions are at stake, does the guarantee against double jeopardy serve a constitutional policy of finality for the defendant's benefit?" | 016049.docx | LEGALEASE-00165797-LEGALEASE-00165798 |
| Green v. U.S. Cash Advance Illinois, 724 F.3d 787 | 135H+101 | Under constitutional prohibition against double jeopardy, a verdict of acquittal is final and is a bar to a subsequent prosecution for the same offense even when not followed by any judgment, and government cannot secure a new trial by means of an appeal even though acquittal may appear to be erroneous. U.S.C.A.Const. Amend. 5. | "Is a verdict of acquittal final, ending a defendant's jeopardy, and is a bar to a subsequent prosecution for the same offense even when not followed by any judgment?" | 016059.docx | LEGALEASE-00165805-LEGALEASE-00165806 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Jones, 105 N.J. Super. 493 | 135H+96 | Although general rule is that state has only one opportunity to require accused to stand trial, retrial is not automatically barred when court declares mistrial; in determining constitutionality of second trial after mistrial, courts distinguish between mistrials declared with or without defendant's consent. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | "Although general rule is that state has only one opportunity to require accused to stand trial, is a retrial not automatically barred when a court declares mistrial?" | Double Jeopardy - Memo 774 - C - NS_67779.docx | ROSS-003312283-ROSS-003312284 |
| State v. Musselman, 667 P.2d 1061 | 135H+100.1 | Once a criminal charge has resulted in an acquittal by trier of fact, prohibition against double jeopardy prevents that determination from ever again being challenged; it is of no consequence that determination was made as matter of law by directed verdict of acquittal, or as matter of fact by trier of fact. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | "Once a criminal charge has resulted in an acquittal by trier of fact, does prohibition against double jeopardy prevent that determination from ever again being challenged?" | 016303.docx | LEGALEASE-00165627-LEGALEASE-00165628 |
| United States v. Sanders, 591 F.2d 1293 | 135H+95.1 | A defendant may not be reprosecuted for the same crime after an acquittal, but in some instances a court may have to discharge a jury before it makes a decision on guilt or innocence; discharge in such cases will not necessarily operate to the defendant's disadvantage, and may even be at his behest. U.S.C.A.Const. Amend. 5. | "Can a defendant not be reprosecuted for the same crime after an acquittal, but in some instances a court may have to discharge a jury before it makes a decision on guilt or innocence?" | 016330.docx | LEGALEASE-00165653-LEGALEASE-00165654 |
| People v. Izaguirre, 42 Cal. 4th 126 | 230+34(6) | Rule of Apprendi, that other than fact of prior conviction any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond a reasonable doubt, is compelled by the federal Constitution's Fifth Amendment right to due process and Sixth Amendment right to jury trial, made applicable to states through Fourteenth Amendment; it is not grounded on principles of federal double jeopardy protection. U.S.C.A. Const.Amends. 5, 6, 14. | "Should other than fact of prior conviction any fact that increases penalty for crime beyond prescribed statutory maximum, be submitted to jury and proved beyond a reasonable doubt?" | 014909.docx | LEGALEASE-00166214-LEGALEASE-00166215 |
| People v. Grace, 258 Mich. App. 274 | 135H+96 | If a criminal trial is concluded prematurely, a retrial for that offense is prohibited on double jeopardy grounds unless the defendant consented to the interruption or a mistrial was declared because of a manifest necessity. U.S.C.A.Const.Amend. 5; M.C.L.A. Const. Art. 1, S 15. | "If a criminal trial is concluded prematurely, is a retrial for that offense prohibited on double jeopardy grounds unless the defendant consented to the interruption or a mistrial was declared because of a manifest necessity?" | Double Jeopardy - Memo 629 - C - MS_68406.docx | ROSS-003296722-ROSS-003296723 |
| Cty. of Erie v. City of Erie, 113 Pa. 360 | 371+2288 | Article IX, S 1, of the constitution, provides that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax and shall be levied and collected under general laws; but the general assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship," etc. This section does not declare that all property whether public or private shall be subject to taxation nor does it contain any equivalent provision. The provision therefore can not operate to repeal any pre-existing law exempting public property from taxation because there was no such law. Such property was not taxable because there was no law that made it so. The new constitution might have made it taxable, but did not; the provision that the legislation might exempt did not result in making it taxable, without such exemption. | When is a public property exempt from tax? | 046513.docx | LEGALEASE-00166152-LEGALEASE-00166153 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Parce v. Byrd, 533 So. 2d 812 | 135H+95.1 | If jury is discharged before reaching verdict for legally insufficient reasons and without defendant's consent, such discharge is equivalent to acquittal and precludes subsequent trial for same offense. U.S.C.A. Const.Amend. 5. | "If jury is discharged before reaching verdict for legally insufficient reasons and without defendant's consent, is such discharge equivalent to acquittal and precludes subsequent trial for a same offense?" | 015774.docx | LEGALEASE-00166494-LEGALEASE-00166495 |
| Moore v. State, 160 So. 3d 728 | 135H+95.1 | Once jeopardy attaches, it may bar second trial even though first trial is discontinued without a verdict, for defendant possesses a valued right to have his trial completed by jury impaneled and sworn; however, right is subject to defendant's successful motion for mistrial, which is deemed a deliberate election to forego double jeopardy claim, even if necessitated by a prosecutorial or judicial error and right is also subject to mistrial granted sua sponte by court because of manifest necessity. U.S.C.A.Const.Amend. 5. | Can a defendant be subjected to the kind of jeopardy that bars second trial even though first trial is discontinued without verdict? | 015782.docx | LEGALEASE-00166504-LEGALEASE-00166505 |
| State v. Stankevicius, 3 Conn. Cir. Ct. 580 | 135H+104 | Trial court has authority to discharge jury, in exercise of sound discretion and not arbitrarily, without working an acquittal of defendant, but only where there is urgent necessity or compelling reason or when failure so to do would defeat ends of justice. | "Can a court discharge a jury without working an acquittal of accused in any case where ends of justice, under circumstances, would otherwise be defeated?" | 015814.docx | LEGALEASE-00166579-LEGALEASE-00166580 |
| Clukey v. State, 160 Me. 198 | 135H+95.1 | Conditions which will warrant discharge of jury and which, if they appear of record, will bar plea of former jeopardy are: (1) consent of respondent; (2) illness of court, member of jury, or respondent; (3) absenting from trial of member of panel or respondent; (4) where term of court is fixed in duration and ends before verdict; and (5) where jury cannot agree. | What are conditions which will warrant discharge of a jury and bar a plea of former jeopardy? | 015826.docx | LEGALEASE-00166597-LEGALEASE-00166598 |
| United States v. King, 713 F. Supp. 2d 1207 | 135H+5.1 | Although the Fifth Amendment's Double Jeopardy Clause protects against being punished twice for a single offense, where there has been no prior conviction or acquittal, it does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed. U.S.C.A. Const.Amend. 5. | "Although the Fifth Amendment's Double Jeopardy Clause protects against being punished twice for a single offense, does it not protect against simultaneous prosecutions for the same offense?" | 015877.docx | LEGALEASE-00166691-LEGALEASE-00166692 |
| In re Murray, 191 B.R. 309 | 349A+10 | Under Pennsylvania law, transaction does not create security interest merely because lessee assumes risk of loss of goods, or agrees to pay taxes, insurance, filing, recording, or registration fees, or service or maintenance costs with respect to the goods. 13 Pa.C.S.A. S 1201(6)(ii)(B). | Does a transaction create a security interest merely because a lessee assumes a risk of loss of goods? | 042680.docx | LEGALEASE-00167049-LEGALEASE-00167050 |
| Tyska by Tyska v. Bd. of Educ. Twp. High Sch. Dist. 214, Cook Cty., 117 Ill. App. 3d 917 | 1.41E+20 | Board of education in exercise of its discretionary powers may discontinue or abandon use of public school within boundaries of its jurisdiction and assign students thereof to other schools in school system; board must be able to act in reasonable manner consistent with public interest. | Does a board of education have the power to discontinue the use of a public school? | Education - Memo 353 - C - HJ_65200.docx | ROSS-003297015-ROSS-003297016 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Frankum, 399 B.R. 498 | 366+1 | To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest, (2) the party seeking subrogation must not have acted as a volunteer, (3) the party seeking subrogation must not have been primarily liable for the debt, (4) the party seeking subrogation must have paid off the entire debt, and (5) subrogation must not work injustice to the rights of others. | What criteria must be met to invoke the doctrine of equitable subrogation? | Subrogation - Memo 339 - TJ.docx | ROSS-003310523-ROSS-003310524 |
| In re Cox Enterprises Set-top Cable Television Box Antitrust Litig., 790 F.3d 1112 | 366+1 | One who claims to be equitably subrogated must satisfy certain prerequisites: (1) payment must be made pursuant to an obligation to do so, or to protect the subrogee's own interest, meaning subrogee must not be making payment as a mere volunteer, (2) debt paid must be one for which subrogee was not primarily liable, (3) the entire debt must be paid, and (4) subrogation must not work any injustice to the rights of others. | Is it required that subrogation must not work any injustice to the rights of others? | 05132.docx | LEGALEASE-00084214-LEGALEASE-00084215 |
| Odeh v. City of Baton Rouge/Par. of E. Baton Rouge, 191 F. Supp. 3d 623 | 237+6(1) | Under Louisiana law, statements susceptible to a defamatory meaning are words that tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person or otherwise expose a person to contempt and ridicule, and convey an element of personal disgrace, dishonesty or disrepute. | "Are words with elements of personal disgrace, dishonesty or disrepute defamatory? " | 06531.docx | LEGALEASE-00085031-LEGALEASE-00085032 |
| Endless Ocean v. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 A.D.3d 587 | 307A+561.1 | A motion to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Can a motion to dismiss a complaint on the ground of payment be granted where the documentary evidence establishes the defense of payment as a matter of law? | 11252.docx | LEGALEASE-00094597-LEGALEASE-00094598 |
| Bivona v. Danna & Assocs., P.C., 123 A.D.3d 956 | 307A+561.1 | A motion to dismiss a cause of action based on a defense founded in documentary evidence may be granted only if documentary evidence utterly refutes plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss a cause of action be granted if documentary evidence refutes plaintiff's factual allegations? | 10982.docx | LEGALEASE-00094781-LEGALEASE-00094782 |
| Casstevens v. Smith, 269 S.W.3d 222 | 366+26 | Equitable subrogation applies in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | "Does equitable subrogation apply in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter?" | 043654.docx | LEGALEASE-00121108-LEGALEASE-00121109 |
| RLI Ins. Co. v. New York State Dep't of Labor, 97 N.Y.2d 256 | 366+7(1) | A surety who completes work on a construction project after a default by the contractor succeeds under equitable subrogation principles to all rights that the obligee/owner has against the contractor, including the right to use the unpaid contract balance to complete the project or satisfy outstanding claims for labor and materials furnished. | Does a surety who completes work on a construction project after a default by the contractor succeed under equitable subrogation principles to all rights that the oblige or owner against the contractor? | 044087.docx | LEGALEASE-00125656-LEGALEASE-00125657 |
| Lumbermens Mut. Cas. Co. v. Cont'l Cas. Co., 387 P.2d 104 | 307A+747.1 | Counsel has particular responsibility to assist court at pre-trial so that pre-trial order in final form accomplishes its purpose of clearly defining all issues to be tried and decided. | Question Does a counsel have a particular responsibility to assist a court at pre-trial so that a pre-trial order in a final form accomplishes its purpose of clearly defining all issues to be tried and decided? | 026691.docx | LEGALEASE-00129978-LEGALEASE-00129979 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McElveen v. City of New Orleans, 888 So. 2d 878 | 307A+485 | In determining whether the party failing to admit a fact had reasonable grounds to believe that it might prevail for purposes of determining whether to award attorney fees for that failure, the proper test is whether the party acted reasonably in believing that it might prevail. LSA-C.C.P. art. 1472. | What is the proper test in determining whether the party failing to admit a fact during discovery had reasonable grounds to believe that it might prevail? | 030100.docx | LEGALEASE-00135136-LEGALEASE-00135137 |
| McElveen v. City of New Orleans, 888 So. 2d 878 | 307A+485 | Attorney fees awarded for a party's failure to admit genuineness of documents or truth of any matter is the reasonable expense incurring in proving the truth of the requested admission. LSA-C.C.P. art. 1472. | "Is attorney fees awarded for a party's failure to admit genuineness of documents or truth of any matter, the reasonable expense incurring in proving the truth of the requested admission?" | 029979.docx | LEGALEASE-00136492-LEGALEASE-00136493 |
| League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755 | 360+18.43 | Because federal government bears exclusive responsibility for immigration matters, states can neither add to nor take from conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in United States. | Can states add or take from the conditions lawfully imposed by Congress upon the residence of aliens in the United States? | "Aliens, Immigration, and Citizenship - Memo 53 - RK_63921.docx" | ROSS-003296151-ROSS-003296152 |
| Washington v. Jarvis, 307 F. Supp. 2d 794 | 135H+97 | Absent judicial or prosecutorial misconduct intended to goad defendant into moving for mistrial, double jeopardy principles will not bar reprosecution where criminal defendant consents to declaration of mistrial. U.S.C.A. Const.Amend. 5. | "Absent judicial or prosecutorial misconduct intended to goad defendant into moving for mistrial, will double jeopardy principles not bar re prosecution where a criminal defendant consents to a declaration of mistrial?" | 016211.docx | LEGALEASE-00165525-LEGALEASE-00165526 |
| People v. Peace, 48 Mich. App. 79 | 92+3808 | Statutory scheme of imposing different maximum sentences for crime of forging or uttering and publishing different classes of documents or instruments does not violate equal protection of the law. M.C.L.A. SS 750.248, 750.253; U.S.C.A.Const. Amend. 14; M.C.L.A.Const.1963, art. 1, S 2. | Does the statutory scheme of imposing different maximum sentences for the crime of forging or uttering and publishing a forged instrument violate equal protection of the law? | Forgery - Memo 45 - SNJ_65760.docx | ROSS-003281663-ROSS-003281664 |
| State v. Jackson, 112 Wash. 2d 867 | 135H+99 | A specific finding of "manifest necessity" by the trial judge will not prevent termination of jeopardy unless the facts and circumstances upon which the finding is based are apparent from the record. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | "Will a specific finding of ""manifest necessity"" by the trial judge not prevent termination of jeopardy unless the facts and circumstances upon which the finding is based are apparent from the record?  " | Pretrial Procedure - Memo 12171 - C - TM_67208.docx | ROSS-003281815-ROSS-003281816 |
| Casa de Cambio Comdiv S.A. de C.V. v. United States, 48 Fed. Cl. 137 | 393+1010 | In illegal exaction cases, in contrast to other actions for money damages, jurisdiction exists in the Court of Federal Claims even when the constitutional provision allegedly violated does not contain compensation mandating language. | "Does jurisdiction exists in illegal exaction cases, even when the Constitutional provision allegedly violated does not contain compensation mandating language? " | Eminent Domain - Memo 227 - GP.docx | ROSS-003282636-ROSS-003282637 |
| State Bar of California v. Statile, 168 Cal. App. 4th 650 | 366+1 | Subrogation is a substitution of one person in place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to a debt or claim, and its rights, remedies, or securities. | "Is subrogation a substitution of one person in place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to a debt or claim, and its rights, remedies, or securities?" | Subrogation - Memo 295 - RM C.docx | ROSS-003283829-ROSS-003283831 |
| Erie Ins. Co. v. George, 681 N.E.2d 183 | 366+1 | "Subrogation " is doctrine of equity that applies whenever party, not acting as volunteer, pays debt of another that, in good conscience, should have been paid by one primarily liable. | "Does subrogation apply whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable?" | Subrogation - Memo 286 - RM C.docx | ROSS-003284227-ROSS-003284229 |
| RLI Ins. Co. v. New York State Dep't of Labor, 97 N.Y.2d 256 | 366+7(1) | A surety who completes work on a construction project after a default by the contractor succeeds to equitable subrogation principles to all rights that the obligee/owner has against the contractor, including the right to use the unpaid contract balance to complete the project or satisfy outstanding claims for labor and materials furnished. | Does a surety who completes work on a construction project after a default by the contractor succeed under equitable subrogation principles to all rights that the oblige or owner against the contractor? | Subrogation - Memo # 706 - C - SA.docx | ROSS-003285433-ROSS-003285434 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thompson v. Int'l Bus. Machines Corp., 870 F. Supp. 541 | 413+1 | Under New York law, employer responsibility for industrial accidents is basically governed by no-fault workers' compensation system providing automatic benefits of limited amount in return for elimination of risk of tort damage suits. | Is an employer's responsibility for industrial accidents governed by the no-fault workers' compensation system? | Workers Compensation - Memo #78 ANC.docx | ROSS-003285525-ROSS-003285526 |
| Chicago Title Ins. Co. v. AMZ Ins. Servs., 188 Cal. App. 4th 401 | 366+1 | A party claiming to be equitably subrogated to the rights of a creditor must meet these requirements: (1) the subrogee made payment to protect the subrogee's own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must be one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not cause injustice to the rights of others. | What requirements must a party claiming to be equitably subrogated meet? | Subrogation - Memo 399 RM C.docx | ROSS-003285973-ROSS-003285975 |
| Bengal House Ltd. v. 989 3rd Ave., 118 A.D.3d 575 | 307A+697 | On an application to vacate the dismissal of a complaint, assessment of the sufficiency of the excuse proffered for the delay and the adequacy of the merit of the action are consigned to the sound discretion of the court. | "On an application to vacate the dismissal of a complaint, are assessment of the sufficiency of the excuse proffered for the delay and the adequacy of the merit of the action consigned to the sound discretion of the court? " | Pretrial Procedure - Memo 11265 - C - MS_64216.docx | ROSS-003292488-ROSS-003292489 |
| Kedzie & 103rd Currency Exch. v. Hodge, 156 Ill. 2d 112 | 307A+686.1 | Phrase "affirmative matter" in statute, permitting dismissal on ground that claim asserted against defendant is barred by other "affirmative matter" avoiding the legal effect of or defeating the claim, encompasses any defense other than negation of essential allegations of plaintiff's cause of action and for this reason, such a motion admits legal sufficiency of plaintiff's cause of action much in the same way that motion to dismiss based upon defects in pleadings admits complaint's well-pleaded facts. Ill.Rev.Stat.1989, ch. 110, P 2-615, 2-619(a)(9). | Will an affirmative matter encompass any defense other than a negation of the essential allegation of the plaintiff cause of action? | Pretrial Procedure - Memo 11373 - C - NE_64678.docx | ROSS-003294414-ROSS-003294415 |
| Gill v. Eagleton, 108 Neb. 179.Gill v. Eagleton, 108 Neb. 179 | 322H+1273 | At common law an "exchange of land" was a mutual grant of equal interest not necessarily in value but in dignity as a fee for a fee the one in consideration of the other and different from the sale in that no fixed money, price or value was placed on either of the properties exchanged. | "At common law, is an exchange of land a mutual grant of equal interests that is different from a sale? " | Exchange of Property - Memo 18 - AM_62727.docx | ROSS-003294763-ROSS-003294764 |
| State Farm Mut. Auto. Ins. Co. v. Johnson, 18 So. 3d 1099 | 366+1 | A cause of action for equitable subrogation arises where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | Does a cause of action for equitable subrogation arise where the subrogee paid off the entire debt? | Subrogation - Memo 322 RM C.docx | ROSS-003296636-ROSS-003296637 |
| United States v. Aguiar, 610 F.2d 1296 | 135H+95.1 | Once jeopardy attaches, criminal defendant normally will not lose the opportunity to seek a favorable verdict from the jury and will not be required to stand trial a second time; exception to that rule is made if defendant consents to a retrial or if retrial before new jury is mandated by some form of manifest necessity. | "Once jeopardy attaches, will a criminal defendant normally not lose the opportunity to seek a favorable verdict from the jury and will not be required to stand trial a second time? " | Double Jeopardy - Memo 568 - C - SK_68347.docx | ROSS-003296750-ROSS-003296751 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Green Tree Servicing v. U.S. Bank Nat'l Ass'n, N.D., 192 P.3d 1014 | 366+40 | Five factors are conditions precedent to the application of equitable subrogation in the mortgage context: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder; those five factors are, however, invoked only within the overall context of equity and the specific facts of each case such that, even if they are satisfied, the court then considers whether the party seeking subrogation acted with knowledge, negligence, or a degree of sophistication such that application of the doctrine would be inequitable. | What are the five conditions precedent to the application of equitable subrogation? | Subrogation - Memo 152 - ANG C.docx | ROSS-003297928-ROSS-003297929 |
| Parisi v. Goldman, Sachs & Co., 710 F.3d 483 | 25T+121 | Even claims arising under a statute designed to further important social policies may be arbitrated, because so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function. | Can claims arising under a statute designed to further important social policies be arbitrated? | Alternative Dispute Resolution - Memo 399 - RK.docx | ROSS-003298005-ROSS-003298006 |
| Home Ins. Co. v. Mississippi Ins. Guar. Ass'n, 904 So. 2d 95 | 366+1 | "Subrogation" is the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor. | "Is subrogation the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor?" | Subrogation - Memo 234 - VG C.docx | ROSS-003298412-ROSS-003298414 |
| Greer v. Buzgheia, 141 Cal. App. 4th 1150 | 307A+3 | The purpose of a motion in limine is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to "unring the bell." | "Is the purpose of a motion in limine to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to ""unring the bell""? " | Pretrial Proceedure - Memo # 44 - C - TJ.docx | ROSS-003299067-ROSS-003299068 |
| In re Frankum, 399 B.R. 498 | 366+1 | To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest, (2) the party seeking subrogation must not have acted as a volunteer, (3) the party seeking subrogation must not have been primarily liable for the debt, (4) the party seeking subrogation must have paid off the entire debt, and (5) subrogation must not work injustice to the rights of others. | What criteria must be met to invoke doctrine of equitable subrogation? | Subrogation - Memo 342 - KA.docx | ROSS-003300559-ROSS-003300560 |
| Shams v. Hassan, 829 N.W.2d 848 | 307A+554 | Unlike other grounds for dismissal, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant. | "Unlike other grounds for dismissal, must a court considering a motion to dismiss for lack of personal jurisdiction make factual findings to determine whether it has personal jurisdiction over the defendant?" | Pretrial Procedure - Memo # 6235 - C - KG.docx | ROSS-003301724-ROSS-003301725 |
| Rinn v. First Union Nat. Bank of Maryland, 176 B.R. 401 | 366+1 | Subrogation is intended to provide relief against loss to meritorious creditor who had paid debt of another, and to obtain equitable adjustment between parties by securing ultimate discharge of debt by person who in equity ought to pay it. | Is the doctrine of equitable subrogation intended to provide relief against loss to a meritorious creditor who has paid debt of another? | Subrogation - Memo 216 - RM C.docx | ROSS-003302613-ROSS-003302614 |
| Baker v. Felker, 952 S.W.2d 743 | 30+3206 | Trial court has inherent power, in the exercise of sound judicial discretion, to dismiss case for failure to prosecute with due diligence, and dismissal on that ground will not be disturbed on appeal unless such discretion is abused. | "Does the court have inherent power, in the exercise of sound judicial discretion; to dismiss case for failure to prosecute with due diligence? " | Pretrial Procedure - Memo 11761 - C - SB_65630.docx | ROSS-003306487-ROSS-003306488 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Williams v. Curtiss-Wright Corp., 694 F.2d 300 | 221+342 | Act of state doctrine should not be applied to thwart legitimate American regulatory goals in absence of showing that adjudication may hinder international relations. | Should the act of state doctrine be applied to thwart legitimate American regulatory goals in absence of showing that adjudication may hinder international relations? | International Law - Memo  539 - TH.docx | ROSS-003310893-ROSS-003310895 |
| First Am. Title Ins. Co. v. Cumberland Cty. Bank, 633 F. Supp. 2d 566 | 366+2 | Under Tennessee law, "subrogation" is right founded upon equity and justice, and accrues when one person, for protection of his own interests, pays debt for which another is primarily liable. | "Is subrogation right founded upon equity and justice, and accrues when one person, for the protection of his own interests, pays debt for which another is primarily liable?" | Subrogation - Memo 280 - ANG C.docx | ROSS-003311606-ROSS-003311607 |
| Smart v. Tower Land & Inv. Co., 597 S.W.2d 333 | 366+1 | Equitable subrogation may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. | Does the doctrine of equitable subrogation prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract? | Subrogation - Memo 243 - VG C.docx | ROSS-003311993-ROSS-003311995 |
| Georgiades v. Di Ferrante, 871 S.W.2d 878 | 307A+508 | Defensive pleading states affirmative right to relief, so as to bar plaintiff from taking nonsuit, if it alleges that defendant has cause of action that is independent of plaintiff's claim, upon which defendant could recover benefits, compensation, or relief, even if plaintiff abandons his or her own cause of action or fails to establish it; creative pleading that merely restates defenses in form of declaratory judgment action cannot deprive plaintiff of right to nonsuit. | Is a plaintiffs right to take a nonsuit unqualified and absolute as long as the defendant has not made a claim for affirmative relief? | Pre-trial Procedure - Memo # 1046 - C - KG.docx | ROSS-003313864-ROSS-003313865 |
| In re Hutchins, 400 B.R. 403 | 366+1 | Equitable subrogation arises in equity to prevent fraud or injustice and usually arises when (1) the paying party has a liability, claim, or fiduciary relationship with the debtor, (2) the party pays to fulfill a legal duty or because of public policy, (3) the paying party is a secondary debtor, (4) the paying party is a surety, or (5) the party pays to protect its own rights or property. | When does equitable subrogation arise in equity to prevent fraud or injustice? | Subrogation - Memo 330 - RM C.docx | ROSS-003315472-ROSS-003315473 |
| Swick v. Liautaud, 169 Ill. 2d 504 | 307A+3 | Trial judge has discretion in granting motion in limine and reviewing court will not reverse trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Does the trial judge have discretion in granting motion in limine and reviewing court will not reverse trial court's order allowing or excluding evidence unless that discretion was clearly abused? | Pretrial Procedure - Memo # 531 - C - RY.docx | ROSS-003323954-ROSS-003323955 |
| United States v. Lazarenko, 504 F. Supp. 2d 791 | 221+342 | "Act of state doctrine," which is rooted in separation of powers principles, prevents courts of one country from sitting in judgment on acts of government of another, done within its own territory. | "Does the act of state doctrine prevent courts of one country from sitting in judgment on acts of government of another, done within its own territory?" | International Law - Memo # 75 - C - LK.docx | ROSS-003324925-ROSS-003324927 |
| Greenberg Traurig of New York, P.C. v. Moody, 161 S.W.3d 56 | 307A+3 | A "motion in limine" is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make; the purpose of the motion in limine is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. | "Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make?" | Pretrial Procedure - Memo # 30 - C - KA.docx | ROSS-003325161-ROSS-003325162 |
| Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection which may be made at trial. | Does a motion in limine provide a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy? | Pretrial Procedure - Memo # 14 - C - KA.docx | ROSS-003325789-ROSS-003325790 |
| Swarey v. Stephenson, 222 Md. App. 65 | 307A+554 | When a motion to dismiss is based upon lack of jurisdiction, the court can consider affidavits or hold an evidentiary hearing on the motion to dismiss without converting the motion into a motion for summary judgment. | "When a motion to dismiss is based upon lack of jurisdiction, can the court consider affidavits or hold an evidentiary hearing on the motion to dismiss without converting the motion into a motion for summary judgment?" | Pretrial Procedure - Memo # 5762 - C - BP.docx | ROSS-003329430-ROSS-003329431 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Norcon Builders v. GMP Homes VG, 161 Wash. App. 474 | 366+1 | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. Restatement (Third) of Property (Mortgages) S 7.6. | Is subrogation an equitable remedy designed to avoid one person receiving an unearned windfall? | Subrogation - Memo 240-VG C.docx | ROSS-003330098-ROSS-003330099 |
| State v. Thrunk, 157 N.J. Super. 265 | 181+10 | In order that an alteration may constitute forgery it is essential that it be material; a "material alteration" of an instrument within meaning of rule is one which makes it speak a language different in legal effect from that which it originally spoke, or which carries with it some change in rights, interests or obligations of parties to the writing. | What is a material alteration that constitute forgery? | Forgery - Memo 22 - AKA.docx | ROSS-003284972-ROSS-003284973 |
| Dean Witter Reynolds v. McCoy, 995 F.2d 649 | 25T+112 | Where parties agree to submit any conflicts, breaches or other grievances arising under contract to arbitrator, they are bound by that agreement, and party may not unilaterally decide, at the last minute, that it would prefer to take the disputed matter to court. | "Can a party who has agreed to arbitration, unilaterally decide to take the disputed matter to court?" | Alternative Dispute Resolution - Memo 69-JS.docx | LEGALEASE-00001432-LEGALEASE-00001433 |
| Occidental Chem. Corp. v. OHM Remediation Servs. Corp., 175 F.R.D. 431 | 311H+159 | Attorney-client privilege may cover communications made to agents of attorney hired to assist in rendition of legal services; thus, attorney-client privilege can attach to reports of third parties made at request of attorney or client where purpose of report was to put in usable form information obtained from client. | Are agents of an attorney covered by attorney-client privilege? | Privileged Communications and Confidentiality - Memo 11 - VP_62204.docx | ROSS-003305869-ROSS-003305870 |
| Gilliam v. Ordiway, 147 F.Supp.3d 664 | 237+1 | Under Michigan law, the elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm, which is defamation per se, or the existence of special harm caused by publication. | What are the essential elements of a defamation? | Libel and Slander - Memo  1 - RM.docx | LEGALEASE-00002192-LEGALEASE-00002193 |
| Farmers Co-op. Exch. v. Trull, 255 N.C. 202 | 401+51 | A motion by a defendant for removal of case from superior court of one county to superior court of another county for trial to promote convenience of witnesses and ends of justice, presents a question of venue, not jurisdiction, and is within sound discretion of trial judge, and is not subject to review except for manifest abuse of discretion. G.S. S 1-83, subd. 2. | Who decides questions of venue? | 004468.docx | LEGALEASE-00116484-LEGALEASE-00116485 |
| Bd. of Sup'rs of Middle Paxton Twp. v. Dep't of Envtl. Res., 669 A.2d 418 | 1.49E+19 | In order for result of deemed approval to occur from failure of Department of Environmental Resources (DER) to act within statutorily prescribed time period, there must be explicit language in statute providing for deemed approval. | When can the Department of Environmental Resources (DER)s failure to act within a statutorily prescribed time period be considered a deemed approval? | 005027.docx | LEGALEASE-00117281-LEGALEASE-00117282 |
| Hawkeye Land Co. v. ITC Midwest LLC, 125 F. Supp. 3d 885 | 386+1 | Under Iowa law, nuisance and trespass are related doctrines, but there are differences between them; claim of "trespass" involves an actionable invasion of interests in the exclusive possession of land, and an actual invasion by tangible matter, whereas claim of "nuisance" is an actionable invasion of interests in the use and enjoyment of land, usually by intangible substances, such as noises or odors, and usually involving the idea of continuance or recurrence over a considerable period of time. I.C.A. S 657.1. | Is the tort of trespass similar to nuisance? | Trespass - Memo 23 - RK.docx | ROSS-003325820-ROSS-003325821 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Drager by Gutzman v. Aluminum Indus. Corp., 495 N.W.2d 879 | 313A+133 | To determine whether manufacturer has duty to warn, court goes to event causing damage and looks back to alleged negligent act; if connection is too remote to impose liability as matter of public policy, courts then hold there is no duty and consequently no liability, but if consequence is direct and is type of occurrence that was or should have been reasonably foreseeable, courts then hold as matter of law duty exists. | Is the manufacturer held liable in a product liability action if the connection between the danger and the alleged negligent act is too remote? | 000659.docx | LEGALEASE-00117568-LEGALEASE-00117569 |
| CECOS Internatl. v. Shank, 79 Ohio App. 3d 1 | 1.49E+20 | In de novo hearing, Environmental Board of Review (EBR) does not stand in place of Director of Environmental Protection Agency (EPA) and may not substitute its judgment for that of director as to factual issues, but may consider only whether director's actions were unreasonable or unlawful. | Can the Environmental Board of Review (EBR) substitute its judgment for that of the Director of the Environmental Protection Agency (EPA) as to factual issues in de novo hearings? | Environmental Law - Memo 78 - MS.docx | LEGALEASE-00004678-LEGALEASE-00004679 |
| Redevelopment Auth. of Oil City v. Woodring, 498 Pa. 180 | 360+21(2) | Police power involves regulation of property to promote health, safety and general welfare, and its exercise requires no compensation to property owner even if there is actual taking or destruction of property, while "eminent domain" is power to take property for public use, and compensation must be given for property taken, injured or destroyed. | How is police power different from the power of eminent domain? | 05348.docx | LEGALEASE-00080794-LEGALEASE-00080795 |
| Nat'l Labor Relations Bd. v. Little River Band of Ottawa Indians Tribal Gov't, 788 F.3d 537 | 209+210 | Federal statute of general applicability that is silent on issue of applicability to Indian tribes will not apply to them if: (1) law touches exclusive rights of self-governance in purely intramural matters; (2) application of law to tribe would abrogate rights guaranteed by Indian treaties; or (3) there is proof by legislative history or some other means that Congress intended law not to apply to Indians on their reservations. | When will a statute of general applicability be held to be inapplicable to Indians? | Indians - Memo 19 - TH.doc | LEGALEASE-00006238-LEGALEASE-00006240 |
| Solis v. Matheson, 563 F.3d 425 | 209+106 | A statute of general applicability that is silent on the issue of applicability to Indian tribes does not apply to Indian tribes if: (1) the law touches exclusive rights of self-governance in purely intramural matters; (2) the application of the law to the tribe would abrogate rights guaranteed by Indian treaties; or (3) there is proof by legislative history or some other means that Congress intended the law not to apply to Indians on their reservations. | When will a statute of general applicability be held to be inapplicable to Indians? | Indians - Memo 19 - TH.doc | ROSS-003285683-ROSS-003285685 |
| Sullivan v. Iron Silver Mining Co., 109 U.S. 550 | 260+38(12) | Under Code Civ.Proc.Colo.1877, SS 48, 49, 52, 61, as at common law, facts may be pleaded according to their legal effect, without setting out the particulars that lead to it, and necessary circumstances implied by law need not be expressed in the plea; and therefore, in an action by the patentee of a placer claim to recover possession of a vein or lode within its boundaries, an answer alleging that the vein or lode was known to the patentee to exist at the time of applying for the patent, and was not included in his application, well pleads the fact which, under Rev.St. S 2333, 30 U.S.C.A. S 37, precludes him from having any right of possession of the vein or lode. | Should necessary circumstances implied by law be expressed in the plea? | 001577.docx | LEGALEASE-00119027-LEGALEASE-00119028 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Maumee v. Pub. Util. Comm., 101 Ohio St. 3d 54 | 317A+101 | A "public utility" is an enterprise with the following characteristics and functions: (1) it provides essential goods or services that the general public has a right to demand from the utility, (2) it conducts its operation in such a manner as to be a matter of public concern, and (3) it occupies a monopolistic or oligopolistic position in the marketplace (by definition, a noncompetitive position). | Should a public utility conduct its operations in a manner to be of public concern? | 001605.docx | LEGALEASE-00119017-LEGALEASE-00119018 |
| State v. Posenjak, 127 Wash. App. 41 | 209+125 | The signatory tribe has to establish two separate factors to establish their group has preserved its tribal status for purposes of treaty rights: (1) it must show that it has maintained an organized tribal structure, and (2) it must show that a group of citizens of Indian ancestry is descended from a treaty signatory. | What are the factors to be established by a signatory tribe group to preserve their tribal status for treaty rights? | Indians - Memo 29 - TH.doc | LEGALEASE-00006864-LEGALEASE-00006865 |
| King v. Young, 304 S.W.3d 224 | 249+30 | Where an attorney files suit on behalf of a client based on his own investigation, a showing of legal malice is required in order to support a malicious prosecution action against the attorney; to show legal malice, a plaintiff must prove that the primary purpose for initiating or continuing the proceedings was one other than that of securing the proper adjudication of the claim. | What is the malice standard in civil malicious prosecution actions? | 001822.docx | LEGALEASE-00118936-LEGALEASE-00118937 |
| Goff Grp. v. Greenwich Ins. Co., 231 F. Supp. 2d 1147 | 25T+178 | Federal Arbitration Act's (FAA) proarbitration policy does not operate without regard to the wishes of the contracting parties, and thus, the FAA does not prevent the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself. 9 U.S.C.A. SS 1-16. | Does the Federal Arbitration Acts (FAAs) proarbitration policy operate without regard to the wishes of the contracting parties? | Alternative Dispute Resolution - Memo 262 - RK.docx | ROSS-003284336-ROSS-003284338 |
| Hawkins v. Tennessee Dep't of Correction, 127 S.W.3d 749 | 401+17 | Even though venue is considered a personal privilege of the defendant that can be waived if not raised in a timely manner, waiver is not available when a transitory action has been localized by statute; in that situation, venue has become part of thecourt's authority to hear a particular action and is, therefore, jurisdictional. | Can one waive or consent to venue when a transitory action has been localized by statute? | 01033.docx | LEGALEASE-00081667-LEGALEASE-00081668 |
| People v. Eulo, 63 N.Y.2d 341 | 117+1 | Term "death" as used in New York statutes may be construed to embrace a determination, made according to accepted medical standards, that a person has suffered an irreversible cessation of breathing and heartbeat or, when those functions are artificially maintained, an irreversible cessation of the functioning of the entire brain, including the brain stem. McKinney's EPTL 2-1.6, 2-1.7, subd. a, 3-1.1 et seq., 4-1.1 et seq., 5-1.1 et seq., 5-4.1, 6-1.1 et seq.; McKinney's Partnership Law S 62, subd. 4; McKinney's CPLR 210; McKinney's Public Health Law SS 4300 et seq., 4301, subd. 1; McKinney's Penal Law S 125.00. | "Is death considered as an irreversible cessation of circulatory and respiratory functions, or irreversible cessation of total brain functions?" | 13354.docx | LEGALEASE-00081417-LEGALEASE-00081418 |
| Nickerson v. Ribicoff, 206 F.Supp. 232 | 289+453 | Where issue is raised as to whether family relationship is bona fide partnership, courts will scrutinize it and determine if parties really intended in good faith to join together their money, labor or skill for purpose of carrying on business as bona fide partnership. | How do courts determine that a family relationship is a bona fide partnership? | 002429.docx | LEGALEASE-00119524-LEGALEASE-00119525 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Advanced Bodycare Sols. v. Thione Int'l, 524 F.3d 1235 | 25T+114 | The laudatory goals of the Federal Arbitration Act (FAA), to relieve congestion in the courts and to provide parties with an alternative method of dispute resolution that is speedier and less costly than litigation, will be achieved only to the extent that courts ensure arbitration is an alternative to litigation, not an additional layer in a protracted contest. 9 U.S.C.A. S 1 et seq. | How do the courts ensure that the goals of the Federal Arbitration Act are achieved? | 002782.docx | LEGALEASE-00119717-LEGALEASE-00119718 |
| Bucher v. Staley, 297 N.W.2d 802 | 249+21(2) | For advice of counsel to constitute a good defense to a malicious prosecution action, the advice must have been sought in good faith, from honest motives, and for good purposes, after a full and fair disclosure of all facts within the accuser's knowledge and information, and the advice received must have been followed in good faith. | When does the advice of counsel constitute a good defense to a malicious prosecution action? | 002922.docx | LEGALEASE-00119815-LEGALEASE-00119816 |
| Lee v. United States Agency for Int'l Dev., 859 F.3d 74 | 13+5 | Although the express provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages, such a provision in a bare criminal statute, with no other statutory basis for inferring that a civil cause of action exists, is insufficient to imply Congress intended to create a concomitant civil remedy. | Will the Supreme Court imply a private right of action under a criminal statute? | 002491.docx | LEGALEASE-00119937-LEGALEASE-00119938 |
| Dixie Nat. Bank of Dade Cty. v. Employers Commercial Union Ins. Co. of Am., 463 So. 2d 1147 | 217+3513(3) | An insurer is entitled to subrogation to recover from any third party who is legally obligated for the actual loss sustained by its insurer; however, the right to subrogation is not absolute but depends upon the equities and attending facts and circumstances of each case; in order to state a cause of action, the subrogation claimant must affirmatively establish superior equities in himself over the one against whom subrogation is sought to be enforced. | What must a subrogation claimant establish in order to state a cause of action? | 05269.docx | LEGALEASE-00082117-LEGALEASE-00082118 |
| State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063 | 366+1 | The pertinent differences between assignment and subrogation include the following: (1) assignment transfers the entire value of the claim, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee, (2) assignees are typically voluntary investors, whereas subrogees, usually insurers, are obligated to pay the insured's obligation to a third party, and (3) assignment is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. | What does subrogation entail? | 002613.docx | LEGALEASE-00120097-LEGALEASE-00120099 |
| Litman v. Cellco P'ship, 655 F.3d 225 | 25T+117 | A state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the Federal Arbitration Act, irrespective of whether class arbitration is desirable for unrelated reasons. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act preempt a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration? | 002690.docx | LEGALEASE-00120145-LEGALEASE-00120146 |
| Laster v. AT & T Mobility LLC, 584 F.3d 849 | 25T+117 | Federal Arbitration Act (FAA) does not bar federal or state courts from applying generally applicable state contract law principles and refusing to enforce an unconscionable class action waiver in an arbitration clause. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) bar courts from applying generally applicable contract laws and principles during arbitration? | Alternative Dispute Resolution - Memo 313 - RK.docx | ROSS-003295183-ROSS-003295185 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gibson v. Am. Cyanamid Co., 760 F.3d 600 | 148+2.2 | Congress may set minimum wages, control prices, or create causes of action that did not previously exist, all without implicating the Takings Clause. U.S.C.A. Const.Amend. 5. | "Can Congress set minimum wages, control prices, or create causes of action that did not previously exist without implicating the Takings Clause?" | 003099.docx | LEGALEASE-00120384-LEGALEASE-00120385 |
| Stanton v. Metro Corp., 438 F.3d 119 | 237+1 | To succeed on a defamation claim under Massachusetts law, a plaintiff must show that the defendant was at fault for the publication of a false statement of and concerning the plaintiff which was capable of damaging his or her reputation in the community and which either caused economic loss or is actionable without proof of economic loss. | What must a Plaintiff show in order to succeed on a defamation claim? | 003322.docx | LEGALEASE-00120607-LEGALEASE-00120608 |
| Reese v. State, 190 Misc. 316 | 148+95 | Where realty is actually invaded by superinduced additions of water, earth, sand, or other materials, or by having other artificial structures placed thereon by the state, so as to destroy effectually or impair its usefulness, it is a "taking" within meaning of the constitution for which compensation must be made by the state. | "Can it be a taking, when real estate is invaded by super-induced additions of material so as to effectually destroy or impair its usefulness?" | 003120.docx | LEGALEASE-00120704-LEGALEASE-00120705 |
| N. Area Pers. Care Home Adm'rs Ass'n v. Com., Dep't of Pub. Welfare, 899 A.2d 1182 | 148+2.1 | Where a property owner is legally compelled to engage in a price-regulated activity, for example, a public utility, the imposition of regulations may give rise to a taking, but when a service provider voluntarily participates in a price-regulated program or activity, there is no legal compulsion to provide service and, thus, there can be no taking. | "If a property owner is legally compelled to engage in a price-regulated activity, does it amount to a taking?" | 003131.docx | LEGALEASE-00120797-LEGALEASE-00120798 |
| In re City Nat. Bank, 257 S.W.3d 452 | 401+17 | A party must allege two venue facts, and establish them by prima facie proof if specifically denied, to show venue in a suit involving an interest in property: (1) that the nature of the suit fits within those listed in relevant venue statute, and (2) that all or part of the realty at issue is located in the county of suit. V.T.C.A., Civil Practice & Remedies Code S 15.011. | What are the two venue facts that must be established to show that venue is mandatory under the venue statute? | 003702.docx | LEGALEASE-00120729-LEGALEASE-00120730 |
| Heflin v. Merrill, 154 So. 3d 887 | 307A+3 | When granting a motion in limine, the circuit court must first find the following two factors present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. (Per James, J., with one judge concurring and three judges concurring in part and in the result.) | "In considering the merits of a motion in limine, does a trial judge apply a two-step analysis?" | Pretrial Procedure - Memo # 56 - C - AP.docx | ROSS-003310482-ROSS-003310483 |
| Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. | "Is a motion in limine a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make so as to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury?" | Pretrial Procedure - Memo # 58 - C - AP.docx | ROSS-003283011-ROSS-003283013 |
| State ex rel. Toledo Edison Co. v. Clyde, 76 Ohio St. 3d 508 | 317A+114 | Protection of Miller Act, which requires municipalities to obtain Public Utilities Commission of Ohio (PUCO) approval before forcing abandonment of nonmunicipal utility facilities or withdrawal of nonmunicipal utility services located inside municipality, extends to situations in which utility franchise contract has expired and in which service was provided without any franchise contract. R.C. SS 4905.20, 4905.21. | Does the Miller Act require municipalities to obtain the commission approval before forced abandonment or withdrawal of utility facilities? | Public Utilities - Memo 80 - AM.docx | ROSS-003298102-ROSS-003298103 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Weishaupt v. Com., 227 Va. 389 | 352H+59(2) | Wife unilaterally revoked her implied consent to marital sex where she had made manifest her intent to terminate the marital relationship by living separate and apart from her husband, refrained from voluntary sexual intercourse with her husband, and, in light of all circumstances, conducted herself in a manner that established a de facto end to the marriage and, once implied consent was revoked, even though the parties had not yet obtained a divorce, husband could be found guilty of raping wife. Code 1950, S 18.2-61. | Can a married woman withdraw her consent to marital sex? | 042901.docx | LEGALEASE-00121380-LEGALEASE-00121381 |
| Wolf v. Spariosu, 706 So. 2d 881 | 366+27 | Conventional subrogation arises by virtue of an agreement, express or implied, that third person or one having no previous interest in matter involved shall, upon discharging obligation or paying debt, be substituted in place of creditor with respect to such rights, remedies, or securities as creditor may have against debtor. | "Is equitable subrogation distinct from conventional subrogation, which is premised on the contractual obligations of the parties?" | 043715.docx | LEGALEASE-00121408-LEGALEASE-00121409 |
| Hubble v. Dyer Nursing Home, 188 S.W.3d 525 | 366+1 | Subrogation is a right which is founded upon equity and justice and accrues when one person for the protection of his own interests, pays a debt for which another is primarily liable. | "Is subrogation a right which is founded upon equity and justice and accrues when one person for the protection of his own interests, pays a debt for which another is primarily liable?" | Subrogation - Memo # 560 - C - TJ.docx | ROSS-003324232-ROSS-003324233 |
| Am. Home Assur. Co. v. City of OpaLocka, 368 So. 2d 416 | 366+1 | Subrogation, a creation of equity, is founded on the principle of doing justice without regard to form and was designed to afford relief to one who is required to pay a legal obligation which ought to have been met either wholly or partially by another. | "Does equitable subrogation apply when a legal obligation ought to have been met, either wholly or partially, by another?" | 05618.docx | LEGALEASE-00084273-LEGALEASE-00084274 |
| Fin. Sec. Assur. v. Stephens, 500 F.3d 1276 | 366+1 | "Subrogation" is the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. | "s subrogation the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities?" | Subrogation - Memo # 655 - C - SA.docx | LEGALEASE-00011485-LEGALEASE-00011486 |
| In re Crawley, 318 B.R. 512 | 366+26 | Under Wisconsin law, subrogation may properly be applied whenever a person other than mere volunteer pays debt which in equity and good conscience should be satisfied by another. | Can subrogation properly be applied whenever a person other than a mere volunteer pays debt which in equity and good conscience should be satisfied by another? | Subrogation - Memo # 669 - C - SU.docx | ROSS-003285299-ROSS-003285300 |
| In re Constr. Alternatives, 2 F.3d 670 | 366+7(1) | Under Ohio law, surety that pays amounts owed to subcontractor, laborer, or supplier is subrogated to rights of those it has paid and to rights of those persons whose obligations the surety has discharged, in other words, owner and contractor. | Is a surety that pays amounts owed to a subcontractor or laborer subrogated to the rights of those it has paid and to the rights of those persons whose obligations the surety has discharged? | Subrogation - Memo # 682 - C - SU.docx | ROSS-003297283-ROSS-003297284 |
| Feigenbaum v. Guaracini, 402 N.J. Super. 7 | 366+1 | "Subrogation" is the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities?" | 044156.docx | LEGALEASE-00121548-LEGALEASE-00121549 |
| Plaisance v. United States, 433 F. Supp. 936 | 221+138 | While all countries recognize that a coastal state possesses sovereignty or territorial jurisdiction within three miles of its coasts, such sovereignty does not extend past this three-mile limit. | "While all countries recognize that a coastal state possesses sovereignty or territorial jurisdiction within three miles of its coasts, does such sovereignty extend past the three-mile limit?" | International Law - Memo # 16 - C - LK.docx | ROSS-003311551-ROSS-003311553 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reilly v. Meffe, 6 F.Supp.3d 760 | 289+421 | Under Ohio law, courts consider a number of factors in determining the existence of a partnership, including the sharing of profits, the existence of a written or oral partnership agreement; the joint ownership and control of property; the ability of members to bind the business entity; and the nature of the tax returns filed by the business entity. | Is a partners ability to bind the partnership one of the key factors of partnership? | 021855.docx | LEGALEASE-00122507-LEGALEASE-00122508 |
| Sw. Country Enterprises v. Lucky Lady Oil Co., 991 S.W.2d 490 | 307A+3 | Ruling granting a motion in limine is not a ruling on the admissibility of evidence and does not preserve error in exclusion of evidence; motion in limine simply prohibits references to specific issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. | Does a motion in limine merely preclude reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury? | 024132.docx | LEGALEASE-00122015-LEGALEASE-00122016 |
| Allied Prop. & Cas. Ins. Co. v. Good, 919 N.E.2d 144 | 307A+3 | Sanction for violation of motion in limine is within the discretion of the trial court and under appropriate circumstances might extend to declaration of a mistrial and or punishment for contempt. | Is a sanction for violation of motion in limine within the discretion of the trial court and under appropriate circumstances might extend to declaration of a mistrial and or punishment for contempt? | Pretrial Procedure - Memo # 89 - C - JTB.docx | ROSS-003287102-ROSS-003287103 |
| Montgomery Light & Power Co. v. Town of Linden, 217 Ind. 471 | 145+1.5 | The language of the Rural Electric Membership Act prohibiting a municipality from acquiring utility property located outside of its corporate limits without the consent of the Public Service Commission indicates that the Legislature had in mind that there should be no encroachment, without approval of the Public Service Commission, by any other person or corporation not formed under the act, on territory already appropriated and being served by a corporation formed under the act. Burns' Ann.St. S 55-4418. | Is the Public Service Commissions (PSC) approval required for a municipalitys encroachment upon Rural Electric Membership Act (REMA)? | 042191.docx | LEGALEASE-00121906-LEGALEASE-00121907 |
| In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on Sept. 2, 1998, 210 F. Supp. 2d 570 | 366+32 | Doctrine of equitable subrogation rests on the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of person to whom such payment is made, without agreement to that effect. | "Is equitable subrogation a legal fiction, which permits a party who satisfies another's obligation to recover from the party ""primarily liable"" for the extinguished obligation?" | Subrogation - Memo # 529 - C - NO.docx | ROSS-003312406-ROSS-003312407 |
| Builders Supply Co. v. Czerwinski, 275 Neb. 622 | 309+115(1) | The general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | Is a surety or guarantor entitled to be subrogated to benefit of all security and means of payment under a creditor's control? | Subrogation - Memo # 896 - C - VA.docx | ROSS-003297631-ROSS-003297632 |
| In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | The act of state doctrine bars judicial review of claim if (1) there is official act of foreign sovereign performed within its own territory and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | When does the act of state doctrine bar judicial review of action? | 019745.docx | LEGALEASE-00123837-LEGALEASE-00123838 |
| Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221+342 | The "act of state doctrine" precludes United States courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | How does the act of state doctrine preclude United States courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | 019764.docx | LEGALEASE-00123386-LEGALEASE-00123387 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gross v. German Found. Indus. Initiative, 456 F.3d 363 | 221+342 | Under the "act of state doctrine," American courts are precluded from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "Under the act of state doctrine, are American courts precluded from inquiring into the public acts a recognized foreign sovereign power committed within its own territory?" | International Law - Memo # 94 - C - LK.docx | ROSS-003295751-ROSS-003295752 |
| Republic of Ecuador v. Dassum, 146 So. 3d 58 | 106+512 | The "act of state doctrine" is a judicially-created principle of international comity; the courts of Florida and the United States will presumptively defer to governmental acts, whether characterized as executive, legislative, or judicial, taken within the territory of another sovereign nation. | Is the act of state doctrine a judicially-created principle of international comity? | International Law - Memo # 118 - C - CAR.docx | ROSS-003295807-ROSS-003295808 |
| Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | As a general rule, the act of state doctrine applies to foreign government activities undertaken within its own territory, although that factor is not so inflexible as to overlook the quintessentially sovereign nature of foreign governmental action. | Does the act of state doctrine apply to foreign government activities undertaken within its own territory? | 019904.docx | LEGALEASE-00123635-LEGALEASE-00123636 |
| Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | "Act of state doctrine" is not a jurisdictional doctrine; rather, it is a doctrine of judicial restraint that prohibits a United States court from passing judgment on the validity of an act of a foreign sovereign taken within its own territory. | Does the act of state doctrine prohibit a United States court from passing judgment on the validity of an act of a foreign sovereign taken within its own territory? | 020009.docx | LEGALEASE-00123469-LEGALEASE-00123470 |
| Beanal v. Freeport-McMoran, 197 F.3d 161 | 24+763 | It is only when nations of world have demonstrated that the wrong is of mutual and not merely several concern, by means of express international accords, that a wrong generally recognized becomes international law violation within meaning of Alien Tort Statute (ATS). 28 U.S.C.A. S 1350. | Does a wrong generally recognized become an international law violation within the meaning of the Alien Tort Statute (ATS)? | International Law - Memo # 360 - MC.docx | ROSS-003322490-ROSS-003322492 |
| Virgin Atl. Airways Ltd. v. British Airways PLC, 872 F. Supp. 52 | 221+342 | The "act of state doctrine" precludes courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine preclude courts of the US from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | International Law - Memo # 404 - C - MLS.docx | ROSS-003324495-ROSS-003324496 |
| In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on Sept. 2, 1998, 210 F. Supp. 2d 570 | 221+137 | Under generally accepted principles of international law, the navigable sea is divided into three zones: inland waters; territorial waters extending seaward from a defined coastal baseline; and the high seas, international waters beyond the limit of a sovereign's territorial sea. | Under generally accepted principles of international law into how many zones is the navigable sea divided? | 020438.docx | LEGALEASE-00123594-LEGALEASE-00123595 |
| Owens v. Republic of Sudan, 374 F. Supp. 2d 1 | 221+431 | In determining whether act of state doctrine, barring court from deciding case when outcome turns upon legality or illegality of official action by foreign sovereign performed within its own territory, forecloses given case under Foreign Sovereign Immunities Act (FSIA), court is to consider (3) degree of consensus concerning particular area of international law, (2) implications of issue for United States foreign relations, and (3) whether government that perpetrated challenged act is still in existence. 28 U.S.C.A. S 1605(a)(7). | What is the three-factor balancing test to determine whether the act of state doctrine bars suit? | 020810.docx | LEGALEASE-00123750-LEGALEASE-00123751 |
| Schweitzer v. Westminster Investments, 157 Cal. App. 4th 1195 | 307A+3 | A motion in limine at the beginning of trial serves the same function as a motion to exclude, by allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction. West's Ann.Cal.Evid.Code S 353. | " Does a motion in limine at the beginning of trial serve the same function as a motion to exclude, by allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction?" | Pretrial Procedure - Memo  # 186 - C - ES.docx | LEGALEASE-00013610-LEGALEASE-00013611 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470 | 307A+3 | By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial; in light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Does the granting of a motion in limine excluding evidence suggest that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? | Pretrial Procedure - Memo 359 - RK.docx | ROSS-003310367-ROSS-003310369 |
| State of New Hampshire v. State of Louisiana, 108 U.S. 76 | 221+148 | If a sovereign assumes the responsibility of presenting the claim of one of his subjects against another sovereign, the prosecution will be as one nation proceeds against another, not by suit in courts, as of right, but by diplomatic negotiation, or, if need be, by war. | "If a sovereign assumes the responsibility of presenting the claim of one of his subjects against another sovereign, will the prosecution be as one nation proceeds against another, or by suit in courts?" | 020451.docx | LEGALEASE-00125250-LEGALEASE-00125251 |
| Paraschos v. YBM Magnex Int'l, 130 F. Supp. 2d 642 | 221+162 | Principle of international comity, also known as "comity of nations doctrine," permits recognition of foreign proceedings to extent that such proceedings are determined to be orderly, fair, and not detrimental to nation's interests. | "Does the principle of international comity permit recognition of foreign proceedings to the extent that such proceedings are determined to be orderly, fair, and not detrimental to nation's interests?" | 020864.docx | LEGALEASE-00124885-LEGALEASE-00124886 |
| Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | Do trial courts ordinarily enjoy broad discretion with respect to the exclusion of evidence when ruling on motions in limine? | Pretrial Procedure - Memo # 588 - C - SSB.docx | ROSS-003282503-ROSS-003282504 |
| Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | "In determining if a pretrial ruling is justified, should a district court weigh whether the court will be in a better position during trial to assess the utility of the evidence?" | 024387.docx | LEGALEASE-00124658-LEGALEASE-00124659 |
| Kennecott Copper Corp., Nevada Mines Div., McGill, Nev. v. Train, 424 F. Supp. 1217 | 13+61 | The ripeness doctrine involves a twofold aspect, requiring evaluation of both the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration. | "Does the ripeness doctrine involve aspects requiring evaluation of both the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration?" | 005744.docx | LEGALEASE-00126267-LEGALEASE-00126269 |
| Abington Elec. Co. v. Pennsylvania Pub. Util. Comm'n, 131 Pa. Super. 200 | 317A+111 | The Legislature did not contemplate to restrict utility activities, so that a utility may not conduct and control its affairs to its best interests, but utility may fully enjoy and exercise all rights, powers, and privileges which it possesses, keeping in mind public welfare, so that there is a proper service, accommodation, convenience, or safety, and it is only as to matters in which public may be interested, and then only for such special purposes as are mentioned in statute, that commission has jurisdiction. 66 P.S. SS 1122(e) 1123(a). | Does a company have a right to manage its own affairs to the fullest extent consistent with the public interest? | 042371.docx | LEGALEASE-00126176-LEGALEASE-00126178 |
| Abington Elec. Co. v. Pennsylvania Pub. Util. Comm'n, 131 Pa. Super. 200 | 317A+111 | The Legislature did not contemplate to restrict utility activities, so that a utility may not conduct and control its affairs to its best interests, but utility may fully enjoy and exercise all rights, powers, and privileges which it possesses, keeping in mind public welfare, so that there is a proper service, accommodation, convenience, or safety, and it is only as to matters in which public may be interested, and then only for such special purposes as are mentioned in statute, that commission has jurisdiction. 66 P.S. SS 1122(e) 1123(a). | Does a company have a right to manage its own affairs to the fullest extent consistent with the public interest? | Public Utilities - Memo 187 - AM.docx | ROSS-003286746-ROSS-003286748 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Penn v. Carolina Virginia Coastal Corp., 231 N.C. 481 | 148+63 | A "taking" under power of eminent domain is an entering upon private property for more than a momentary period and, under warrant of color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust owner and deprive him of all beneficial enjoyment thereof. | What does the term taking encompasses under the law? | 017639.docx | LEGALEASE-00126724-LEGALEASE-00126725 |
| City of Bisbee v. Arizona Water Co., 214 Ariz. 368 | 317A+113 | Once granted, a certificate of convenience and necessity confers upon its holder an exclusive right to provide the relevant service for as long as the grantee can provide adequate service at a reasonable rate. A.R.S. SS 40-281(A), 40-282. | Does the granted certificate of convenience and necessity confer upon its holder an exclusive right to provide services at reasonable rates? | 042389.docx | LEGALEASE-00126399-LEGALEASE-00126401 |
| Wilson v. Abilene Indep. Sch. Dist., 190 S.W.2d 406 | 1.41E+13 | The constitutional provision imposing duty on Legislature to make suitable provision for support and maintenance of an efficient system of public free schools invested in Legislature full power to do whatever is necessary to establish and maintain an "efficient" system of public free schools, and Legislature had authority to delegate to districts such power as may be necessary to accomplish end intended. Vernon's Ann.St.Const. art. 7, S 1. | Does the legislature have wide discretion in accomplishing its duty to provide for the maintenance and support of a system of free public schools? | Education - Memo # 15 - C - SU.docx | ROSS-003298543-ROSS-003298545 |
| Bacon v. DBI/SALA, 284 Neb. 579 | 413+1065 | In a wrap-up insurance program, pursuant to a waiver of subrogation clause, contractors and subcontractors, on a large construction project, all in relatively equal bargaining positions, exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner, which risk is then transferred to the owner's workers' compensation insurer for valuable consideration. | Can contractors and subcontractors exculpate each other and shift risk of losses of a project to the owner? | 043374.docx | LEGALEASE-00127217-LEGALEASE-00127219 |
| Beverage Capital Corp. v. Martin, 119 Md. App. 662 | 413+1 | Workers' compensation benefits constitute employment-related benefit which replaces common-law right of employees to bring tort actions against their employers for job-related personal injuries. | Do workers compensation benefits constitute employment-related benefits which replace common-law right of employees to bring tort actions against their employers for job-related personal injuries? | 048273.docx | LEGALEASE-00126888-LEGALEASE-00126889 |
| Dukakis v. U.S. Dep't of Def., 686 F. Supp. 30 | 34+1 | Reservation of power to the states over the authority of training the militia according to the discipline prescribed by Congress, expressed in the militia clause of the Constitution, does not override the legitimately exercised power of Congress to raise and support armies. U.S.C.A. Const. Art. 1, S 8, cls. 12, 16. | Does the reservation of power to the states over the authority of training the militia override the legitimately exercised power of Congress to raise and support armies? | Armed Forces - Memo 9 - RK.docx | ROSS-003286629-ROSS-003286630 |
| Westgate, Ltd. v. State, 843 S.W.2d 448 | 148+2.2 | Property owner may not recover economic damage in inverse condemnation action for government's public announcement of plans to condemn property in future, though announcement significantly affects market value of property and government unreasonably delays acquiring property, where government has imposed no current, direct restriction on property's use. Vernon's Ann.Texas Const. Art. 1, S 17. | "Can a landowner recover economic damage caused by the government's public announcement of plans to condemn property in the future, where the government has imposed no current, direct restriction on the property's use?" | 017700.docx | LEGALEASE-00127535-LEGALEASE-00127536 |
| State Farm Ins. Co. v. J.P. Spano Const., 55 A.D.3d 824 | 217+3522 | While parties to an agreement may waive their insurer's right of subrogation, waiver-of-subrogation clauses, which reflect the parties' allocation of the risk of liability between themselves to third parties through the device of insurance, are to be strictly construed and cannot be enforced beyond the scope of the specific context in which they appear. | "Are waiver of subrogation provisions, which reflect the parties' allocation of the risk of liability between themselves to third parties, generally valid and enforceable?" | 043472.docx | LEGALEASE-00127581-LEGALEASE-00127583 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pisano v. Rand, 30 A.D.2d 173 | 366+35 | Lender's right to subrogation is not forfeited because it derives from a contract made void for usury, where his payments subsequent to tainted contract preserve borrower's ownership of subject premises and would confer a benefit of unjust enrichment. General Obligations Law, SS 5-511, 5-513. | Is a lender's right to subrogation forfeited because it derives from a contract made void for usury? | 043596.docx | LEGALEASE-00127319-LEGALEASE-00127320 |
| Hennly v. Richardson, 264 Ga. 355 | 413+1 | Worker's Compensation Act in Georgia is intended to have broad application so as to cover wide variety of injuries and pain and suffering incident to such injuries, but there are exceptions to broad coverage. O.C.G.A. S 34-9-1 et seq. | "Is the workers compensation act intended to have broad application so as to cover wide variety of injuries and pain and suffering incident to such injuries, and are there exceptions to the broad coverage?" | 048521.docx | LEGALEASE-00127487-LEGALEASE-00127489 |
| United States v. Mitchell, 369 F.2d 323 | 34+1 | Congressional power to raise and support armies and to provide and maintain navy is distinct from use the Executive makes of those who have been found qualified and have been inducted into armed forces. | Is the congressional power to raise and support armies distinct from the use the Executive makes of those who have been found qualified and have been inducted into armed forces? | 008312.docx | LEGALEASE-00128600-LEGALEASE-00128601 |
| Serv. Experts v. Northside Air Conditioning & Elec. Serv., 56 So. 3d 26 | 307A+501 | There are limited exceptions to a plaintiff's absolute right to take a voluntary dismissal as a matter of right before a hearing on motion for summary judgment or submission of the case to the trier of fact: (1) if there is fraud on the court; (2) if the defendant can establish the common law exception to the right of voluntary dismissal; or (3) if the plaintiff dismisses the case at a stage which is deemed the equivalent of a summary judgment. West's F.S.A. RCP Rule 1.420(a). | Under what circumstances the court apply exceptions to a plaintiff's absolute right to take a voluntary dismissal as a matter of right? | 039322.docx | LEGALEASE-00128485-LEGALEASE-00128486 |
| Heubel Materials Handling Co. v. Universal Underwriters Ins. Co., 704 F.3d 558 | 366+35 | Under Missouri law, in determining the effect of subrogation waiver clauses upon indemnification provisions, the court must rely on the plain and ordinary meaning of the words in the contract and consider the document as a whole; it is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional or nonsensical. | Do court rely on the plain and ordinary meaning of the words in the contract in determining the effect of subrogation waiver clauses? | 043204.docx | LEGALEASE-00128551-LEGALEASE-00128552 |
| Truck S. v. Patel, 332 S.C. 222 | 401+7(1) | Where the subject-matter of an action is a contract, and the primary and principal relief sought is to enforce it, or to determine the rights and obligations growing out of it, the action is transitory, and must be tried where the defendant resides, although it may also involve the determination of rights in or title to real estate. | Does an action have to be tried where the land is situated when the subject-matter of an action is land only and the primary and principal relief sought relates to the land? | Venue - Memo 101 - RK.docx | ROSS-003288328-ROSS-003288330 |
| N. Valley Water Ass'n v. N. Imp. Co., 415 N.W.2d 492 | 401+5.1 | Alleged defects in underground water pipeline, resulting from defendants' alleged breach of contract, were not the type of "injuries to real property" contemplated by the special venue statute for actions relating to real property. NDCC 28-04-01, subd. 2, 28-04-05. | "Are alleged defects in underground water pipelines, resulting from defendants' alleged breach of contract, the type of injuries to real property contemplated by venue statutes for actions relating to real property?" | Venue - Memo 115 - RK.docx | ROSS-003327409-ROSS-003327410 |
| Publix Super Markets v. Cheesbro Roofing, 502 So. 2d 484 | 401+5.1 | In rem actions where the res is real property must be brought in county in which land lies because the court must have direct control, i.e., geographical jurisdiction, over the res in order to exercise its jurisdiction and grant the relief sought. | Must all in rem actions regarding real property be brought in the county where the court has direct control over the res? | 047500.docx | LEGALEASE-00128887-LEGALEASE-00128888 |
| Detox Indus. v. Leeds, 770 S.W.2d 912 | 307A+506.1 | Right of plaintiff to take nonsuit is absolute and unqualified when motion therefor is timely made, and adverse party has not filed claim for affirmative relief. | Is a right of a plaintiff to take nonsuit absolute and unqualified when a motion therefore is timely made and the adverse party has not filed a claim for relief? | 026201.docx | LEGALEASE-00129297-LEGALEASE-00129298 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Slowke v. Altermatt, 293 Mich. 360 | 307A+501 | A plaintiff's common law right to dismiss action or submit to voluntary nonsuit still exists, except as modified by statute or court rule. | "Does a plaintiff's common law right to dismiss an action or submit to a voluntary nonsuit still exist, except as modified by statute or court rule?" | 026207.docx | LEGALEASE-00129307-LEGALEASE-00129308 |
| Willetts v. Browning, 198 A.D. 551 | 307A+501 | While plaintiff should generally be given leave to discontinue on the payment of costs and disbursements to the time of making the application, that rule is subject to limitations, and discontinuance should not be permitted where special circumstances render the granting of the relief unjust. | Should a plaintiff be given permission to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application without any limitations? | Pretrial Procedure - Memo # 1386 - C - DA.docx | LEGALEASE-00019832-LEGALEASE-00019833 |
| Gutierrez v. Baldridge, 2010-1528 (La. App. 3 Cir. 5/11/11) | 307A+748 | A court that holds a pretrial conference must render an order memorializing the actions taken at the conference; that order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. LSA-C.C.P. art. 1551. | Must a court that holds a pretrial conference render an order memorializing the actions taken at the conference and does that order controls the subsequent course of the action? | 026375.docx | LEGALEASE-00130073-LEGALEASE-00130074 |
| Polis v. Fratkin, 188 Pa. Super. 586 | 307A+742.1 | Where legal firm and accounting firm was each seeking the return of papers allegedly belonging to the other firm and each was asking a money verdict against the other, such matters should be disposed of at a pretrial conference where professional men involved would be able to discuss their differences intelligently, and, under supervision of judge, arrive at a just solution of controversy without resorting to prolonged litigation. | How should matters involving professional men who would be able to discuss their differences intelligently be disposed of? | 026554.docx | LEGALEASE-00129860-LEGALEASE-00129861 |
| Rice v. Perl, 320 N.W.2d 407 | 307A+717.1 | While it is true that trial judge has great discretion to determine procedural calendar of a case, under certain rules continuances should be liberally granted, especially when party seeking a continuance is doing so because of a claim of insufficient time to conduct discovery. 48 M.S.A., Rules Civ.Proc., Rule 56.06; Fed.Rules Civ.Proc. Rule 56(f), 28 U.S.C.A. | "Should continuances be liberally granted, especially when the continuance is sought because of a claim of insufficient time to conduct discovery?" | Pretrial Procedure - Memo # 1610 - C - SHB.docx | ROSS-003327626-ROSS-003327627 |
| Pulse v. Hill, 217 Cal. App. 2d 301 | 307A+749.1 | Pretrial conference order carries over issues remaining in dispute between parties, and order controls subsequent proceedings unless modified at or before trial. Cal.Rules of Court, rules 210(c), 214(1), 216. | "Does a pretrial conference order carry over issues remaining in dispute between parties, and order controls subsequent proceedings unless modified at or before trial?" | 027966.docx | LEGALEASE-00129944-LEGALEASE-00129946 |
| Jones v. Crow, 633 So. 2d 247 | 302+228.6 | "Prematurity" contemplates that the action taken by the petitioner occurs prior to some procedure or assigned time; it is usually utilized in cases wherein the law or a contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. LSA-C.C.P. art. 926(1). | Does the exception to the objection of prematurity contemplate that the plaintiff has filed his action prior to some procedure or assigned time? | 006347.docx | LEGALEASE-00130340-LEGALEASE-00130341 |
| Dykeman v. Ashton, 8 Ariz. App. 327 | 307A+718 | Where party seeks continuance due to absence of witness, there must be showing that witness' testimony would be material were he allowed to testify, and that moving party has used due diligence to procure attendance of witness. | "Where party seeks continuance due to absence of witness, must there be a showing that a witness' testimony would be material were he allowed to testify?" | 027327.docx | LEGALEASE-00131056-LEGALEASE-00131057 |
| Heatherly v. State, 189 N.C. App. 213 | 371+2001 | A "tax" is a charge levied and collected as a contribution to the maintenance of the general government; it is imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue. | Is a tax imposed upon the citizens in common at regularly recurring periods for the purpose of providing continuous revenue? | Taxation - Memo # 118 - C - CK.docx | ROSS-003301679-ROSS-003301681 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wenger v. Monroe, 282 F.3d 1068 | 34+3(1) | Before a court can determine whether review of his claims is appropriate, a person challenging a military decision generally must allege (a) a violation of a recognized constitutional right, a federal statute, or military regulations, and (b) exhaustion of available intraservice remedies. | What two threshold elements do courts use to determine whether review of military decisions are appropriate? | Armed Services - Memo 80 - RK.docx | ROSS-003300080-ROSS-003300081 |
| State v. Vogel, 247 Neb. 209 | 110+377 | Defense may offer evidence on any trait reasonably related to elements of charged offense; however, trial court has responsibility to determine competence of proffered character evidence and to prevent trial from straying into collateral matters. Neb.Rev.Stat. S 27-404(1)(a). | Can the defense offer evidence on any trait reasonably related to the elements of the charged offense? | Bribery - Memo #109 - C - LB.docx | ROSS-003287153-ROSS-003287154 |
| United States v. Sun-Diamond Growers of California, 526 U.S. 398 | 63+1(1) | To convict under federal bribery statute, there must be a quid pro quo, a specific intent to give or receive something of value in exchange for an official act, while illegal gratuity may constitute merely a reward for some future act that public official will take and may already have determined to take, or for a past act that he has already taken. 18 U.S.C.A. S 201(b)(1, 2), (c). | "Under federal criminal statutes, what is the distinction between bribery and illegal gratuities?" | 011161.docx | LEGALEASE-00132501-LEGALEASE-00132502 |
| United States v. Jones, 207 F. Supp. 3d 576 | 63+1(1) | For an act by a public official to qualify as an "official act" under the federal bribery statute: (1) it must connote, refer, or involve a focused and concrete formal exercise of governmental power that is pending before the public official performing the act, or before another public official, or is within the specific duties of an official's position, and (2) the public official must make a decision or take action on that act or agree to do so. 18 U.S.C.A. S 201(a)(3). | What constitutes an official act by a public official under the federal bribery statute? | Bribery - Memo #80 - C-CSS.docx | ROSS-003300156-ROSS-003300157 |
| United States v. Menendez, 137 F. Supp. 3d 709 | 63+1(1) | Honest services fraud based on bribery does not require that each quid, or item of value, be linked to a specific quid, or official act; rather, a bribe may come in the form of a stream of benefits. | Does each item of value need to be linked to a specific official act for honest services fraud based on bribery? | 012238.docx | LEGALEASE-00132045-LEGALEASE-00132046 |
| Denil v. Integrity Mut. Ins. Co., 135 Wis. 2d 373 | 307A+749.1 | A trial court may entertain a motion to exclude evidence during trial, and may, in its discretion, accept motions outside the time parameters set forth in a pretrial order. | "Could a trial court entertain a motion to exclude evidence during trial, and in its discretion accept motions outside the time parameters set forth in a pretrial order?" | Pretrial Procedure - Memo # 1975 - C - MS.docx | ROSS-003301314-ROSS-003301315 |
| Sibley v. Menard, 398 So. 2d 590 | 307A+749.1 | Pretrial order allowing issues and listing witnesses controls subsequent course of action unless modified at trial to prevent manifest injustice. | Does a pretrial order allowing issues and listing witnesses control a subsequent course of action unless modified at trial to prevent manifest injustice? | Pretrial Procedure - Memo # 1992 - C - SHB.docx | ROSS-003328532-ROSS-003328533 |
| Zinke v. Orskog, 422 S.W.3d 422 | 307A+517.1 | Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. V.A.M.S. S 516.230; V.A.M.R. 67.02. | "Once a permitted voluntary dismissal is filed, is there anything pending before the trial court on which it is permitted to act, other than to enter administrative orders such as those with regard to the assessment of costs?" | Pretrial Procedure - Memo # 2310 - C - NS.docx | ROSS-003328457-ROSS-003328458 |
| Travelers Prop. Cas. Co. of Am. v. Twine, 120 Conn. App. 823 | 307A+517.1 | The effect of a withdrawal of a complaint, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket; unless the action is restored to the docket, the court cannot proceed with it further. C.G.S.A. S 52-80. | "is the effect of a withdrawal of a complaint, so far as the pendency of the action is concerned, strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket?" | Pretrial Procedure - Memo # 2347 - C - KG.docx | LEGALEASE-00021901-LEGALEASE-00021902 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City Nat. Bank v. Anlage, 448 So. 2d 199 | 307A+514 | Trial court may not dismiss a suit without prejudice, after defendant has made a general appearance, if substantive rights acquired by defendant would thereby be lost or if the dismissal would deprive defendant of a just defense. LSA-C.C.P. arts. 1671, 1671 comment. | "Can a trial court dismiss a suit without prejudice, upon application of plaintiff, if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense?" | Pretrial Procedure - Memo # 2352 - C - KG.docx | ROSS-003301688-ROSS-003301689 |
| Eanes v. McKnight, 262 La. 915 | 307A+749.1 | An orderly disposition of each case and of entire docket and avoidance of surprise are inherent in theory of pretrial procedure and are sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of an action. | Are an orderly disposition of each case and of entire docket and avoidance of surprise inherent in a theory of pretrial procedure? | Pretrial Procedure - Memo # 2391 - C - KS.docx | ROSS-003300069-ROSS-003300071 |
| Sch. Dist. of City of Scranton v. Dale & Dale Design & Dev., 559 Pa. 398 | 371+2150 | In determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases; the incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied. | Is the operation or incidence of the two taxes controlling to determine double taxation? | Taxation - Memo # 238 - C- NA.docx | ROSS-003304059-ROSS-003304060 |
| Rho Co. v. Dep't of Revenue, 52 Wash. App. 196 | 371+2001 | While it is not established rule that principles of tort and agency law necessarily apply to taxation situations, whether or not principle from one area of law will be applied to another depends on facts and circumstances of transaction and context or purpose in which they are considered. | Is it an established rule that principles of tort and agency law necessarily apply to taxation situations? | Taxation - Memo # 268 - C - SU.docx | ROSS-003304063-ROSS-003304064 |
| People v. Wallace, 57 Ill. 2d 285 | 63+1(1) | In absence of manifest legislative intent to exclude bribery from purview of general attempt provision of Criminal Code, indictment charging defendant with attempting to bribe police officers was valid. S.H.A. ch. 38, SS 8-4, 8-4(a), 33-1, 33-1(a, c). | "In the absence of manifest legislative intent to exclude bribery from purview of general attempt provision of criminal code, is an indictment charging defendant with attempting to bribe valid?" | Bribery - Memo #257 - C- CSS.docx | ROSS-003286680-ROSS-003286681 |
| Schneck v. Mut. Serv. Cas. Ins. Co., 18 Wis. 2d 566 | 307A+749.1 | Pretrial order reciting action taken at pretrial conference, amendments allowed, and agreements made which limit issues for trial controls subsequent course of action. W.S.A. 269.65(1)(a, b), (2). | "Does a pretrial order reciting action taken at a pretrial conference, amendments allow, and agreements made which limit issues for trial control a subsequent course of action?" | 027973.docx | LEGALEASE-00133028-LEGALEASE-00133029 |
| Clarke v. D.C., 311 A.2d 508 | 307A+749.1 | Rule pertaining to pretrial order is intended to remove cases from realm of surprise, but does not contemplate or require that rigid adherence to pretrial order must always be exacted. D.C.C.E. SCR, Civil Rule 16. | "Is a rule pertaining to pretrial order intended to remove cases from a realm of surprise, but does not contemplate or require that rigid adherence to pretrial order must always be exacted?" | 028113.docx | LEGALEASE-00132536-LEGALEASE-00132537 |
| Post-Tensioned Const. v. VSL Corp., 143 Ga. App. 148 | 307A+483 | Since failure to make motion to have admissions withdrawn or amended foreclosed remedial action under code, requests for admissions which were not answered or objected to, in suit based on breach of contract, were deemed admitted. Code, SS 81A-136, 81A-136(b). | "Does failure to make a motion to have admissions withdrawn or amended foreclose remedial action, and therefore the requests for admissions which were not answered or objected to are deemed admitted?" | Pretrial Procedure - Memo # 2566 - C - NS.docx | ROSS-003286674-ROSS-003286675 |
| U.S. Bank Nat. Ass'n v. Peterson, 284 Neb. 820 | 307A+486 | An admission that is not withdrawn or amended cannot be rebutted by contrary evidence or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible. Neb. Ct. R. Disc. S 6-336. | Can an admission that is not withdrawn or amended be rebutted by contrary evidence or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible? | Pretrial Procedure - Memo # 2575 - C - ES.docx | ROSS-003287584-ROSS-003287585 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| VSD Commc'ns v. Lone Wolf Pub. Grp., 124 N.C. App. 642 | 307A+517.1 | Filing of voluntary dismissal strips trial court of its authority to enter further orders in adversary proceedings, except as provided by rule of civil procedure which authorizes court to enter specific orders apportioning and taxing costs. Rules Civ.Proc., Rule 41(a, d), G.S. S 1A-1. | "Does a voluntary dismissal strip the trial court of authority to enter further orders in the case, except specific orders apportioning and taxing costs?" | Pretrial Procedure - Memo # 2670 - C - SKG.docx | ROSS-003301587-ROSS-003301588 |
| Gauthier v. Florida Int'l Univ., 38 So. 3d 221 | 413+1003 | Under the Workers' Compensation Act, an employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker, and this obligation requires an employer to offer or furnish benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due. West's F.S.A. S 440.015. | Is an employer under a continuing obligation to place needed benefits in the hands of the injured worker? | 047775.docx | LEGALEASE-00132677-LEGALEASE-00132678 |
| Berkeley Fed. Sav. Bank v. Terra Del Sol, 119 N.C. App. 249 | 307A+517.1 | Voluntary dismissal taken without court order, unless otherwise stated, is without prejudice and may be refiled within one year of dismissal. Rules Civ.Proc., Rule 41(a)(1), G.S. S 1A-1. | "Is voluntary dismissal taken without a court order, unless otherwise stated, without prejudice and may be refiled within one year of dismissal?" | 028253.docx | LEGALEASE-00133610-LEGALEASE-00133611 |
| Medina v. Raven, 492 S.W.3d 53 | 307A+486 | The standard for withdrawing deemed admissions and for allowing a late summary-judgment response are the same: either is proper upon a showing of (1) good cause, and (2) no undue prejudice. | "Are the standard for withdrawing deemed admissions and for allowing a late summary-judgment response the same: either is proper upon a showing of (1) good cause, and (2) no undue prejudice?" | 028310.docx | LEGALEASE-00133694-LEGALEASE-00133695 |
| Muse v. Dunbar, 716 So. 2d 110 | 307A+517.1 | A voluntary dismissal, without prejudice, restores matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint. | "Does a voluntary dismissal, without prejudice, restore matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint?" | 028324.docx | LEGALEASE-00133708-LEGALEASE-00133709 |
| United States v. Mills, 140 F.3d 630 | 63+1(1) | Bona fide salaries, wages, fees, and other compensation either received by or promised by defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements. 18 U.S.C.A. S 666. | "Do bona fide salaries, wages, fees, and other compensation either received by or promised by defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements?" | 011252.docx | LEGALEASE-00134210-LEGALEASE-00134211 |
| Norrell v. Giles, 343 Ark. 504 | 307A+517.1 | The first voluntary dismissal is without prejudice and is not an adjudication on the merits, and thus, the plaintiff has the right to file a new action within one year after the dismissal. A.C.A. S 16-56-126. | "Is the first voluntary dismissal without prejudice and is not an adjudication on the merits, and thus, the plaintiff has the right to file a new action within one year after the dismissal?" | Pretrial Procedure - Memo # 2716 - C - PC.docx | ROSS-003303781-ROSS-003303782 |
| Stelly v. Papania, 927 S.W.2d 620 | 307A+486 | Good cause is threshold standard for withdrawal of deemed admissions; party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | "Can a party establish good cause for withdrawing deemed admissions by showing that its failure to answer was accidental or result of mistake, rather than intentional or result of conscious indifference?" | Pretrial Procedure - Memo # 3037 - C - SKG.docx | ROSS-003290694-ROSS-003290695 |
| Morgan v. Timmers Chevrolet, 1 S.W.3d 803 | 307A+486 | Before court can properly allow withdrawal of deemed admissions it must find that good cause exists for failure to make timely answers to requested admissions, that withdrawal can be ordered without causing undue prejudice to party relying on admissions, and that presentation of merits will be subserved by withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2) (Repealed). | When can a court properly allow withdrawal of deemed admissions? | 028950.docx | LEGALEASE-00134196-LEGALEASE-00134197 |
| Shwe v. Jaber, 147 N.C. App. 148 | 307A+486 | Once a matter is admitted by failure to respond to request for admissions, matter is conclusively established for purposes of pending action unless court, upon motion, allows withdrawal or amendment of admission. Rules Civ.Proc., Rule 36, G.S. S 1A-1. | "Is a matter conclusively established for purposes of pending action unless court, upon motion, allows withdrawal or amendment of admission?" | Pretrial Procedure - Memo # 3776 - C - MS.docx | ROSS-003289857-ROSS-003289858 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Massachusetts Highway Dep't v. Smith, 51 Mass. App. Ct. 614 | 307A+477.1 | A party requesting an admission may, if he feels the requirements of admissions rule have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. Rules Civ.Proc., Rule 36(a), 43A M.G.L.A. | "Can a party requesting an admission, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted?" | 030031.docx | LEGALEASE-00134887-LEGALEASE-00134888 |
| United States v. Rosen, 716 F.3d 691 | 63+1(1) | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | Does bribery require the specific intent to give something of value in exchange for an official act? | 011720.docx | LEGALEASE-00135973-LEGALEASE-00135974 |
| J. Zeevi & Sons, Ltd. v. Grindlays Bank (Uganda) Ltd., 37 N.Y.2d 220 | 221+341 | Principle which determines whether New York will give effect to foreign legislation is that of public policy and, where there is a conflict between New York's public policy and the application of comity, the New York courts' own sense of justice and equity as embodied in its public policy must prevail. | "What principle determines whether the court shall give effect to foreign legislation and when there is a conflict, what must prevail?" | 020759.docx | LEGALEASE-00135829-LEGALEASE-00135830 |
| Kapoor v. Dybwad, 49 N.E.3d 108 | 302+18 | In order to meet the burden of pleading fraud with specificity, the party alleging fraud must specifically allege the elements of fraud, the time, place, and substance of false reports, and any facts that were misrepresented, as well as the identity of what was procured by fraud. Trial Procedure Rule 9(B). | "Should the party asserting fraud specifically allege the elements of fraud, the time, place, and substance of false reports?" | 023289.docx | LEGALEASE-00135010-LEGALEASE-00135011 |
| Schurgin v. Amfac Elec. Distribution Corp., 182 Ariz. 187 | 307A+517.1 | Neither trial court's failure to hold hearing on motion for voluntary dismissal without prejudice nor dismissal itself deprived opposing parties of any substantial legal right. | Does neither a trial court's failure to hold hearing on motion for voluntary dismissal without prejudice nor dismissal itself deprived opposing parties of any substantial legal right? | 028757.docx | LEGALEASE-00135091-LEGALEASE-00135092 |
| Villegas v. Carter, 711 S.W.2d 624 | 307A+716 | Trial court that allows attorney voluntarily to withdraw must give party time to secure new counsel and time for new counsel to investigate case and prepare for trial. Vernon's Ann.Texas Rules Civ.Proc., Rules 251, 253. | "When a trial court allows an attorney to voluntarily withdraw, will it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" | Pretrial Procedure - Memo # 3341 - C - NS.docx | ROSS-003331308-ROSS-003331309 |
| In re Zhang, 135 Ohio App. 3d 350 | 307A+716 | Court need not grant a continuance for purposes of securing new counsel where the request plausibly can be viewed as simply a delaying tactic or as otherwise unreasonable. | Should a court grant a continuance for purposes of securing new counsel where the request plausibly can be viewed as simply a delaying tactic or as otherwise unreasonable? | 029508.docx | LEGALEASE-00135605-LEGALEASE-00135606 |
| Booth v. Blueberry Hill Restaurants, 245 Neb. 490 | 30+3324 | Determination of appropriate sanction for failure to comply with proper discovery order initially rests with discretion of trial court, and its rulings on appropriate sanction will not be disturbed on appeal absent a showing of an abuse of that discretion. | Does the determination of an appropriate sanction for a party's failure to admit rest within the discretion of the trial court and will it be disturbed on appeal absent an abuse of discretion? | 029732.docx | LEGALEASE-00135703-LEGALEASE-00135704 |
| Fireman's Fund Ins. Co. v. Whirlpool Corp,2002 WL 228208 | 307A+485 | Unlike other discovery sanctions, an award of expenses for failure to respond to request for admission is not a penalty; instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission when any trial would have been expedited or shortened if the request had been admitted. West's Ann.Code Civ.Proc. S 2033(o). | Is it designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission such that trial would have been expedited or shortened if the request had been admitted? | 030086.docx | LEGALEASE-00135081-LEGALEASE-00135082 |
| Brodtmann v. Duke, 1998-1518 (La. App. 4 Cir. 3/21/01) | 307A+485 | Attorney fees awarded for party's failure to admit genuineness of document or truth of any matter would be the reasonable expense incurred in proving the truth of the requested admission. LSA-C.C.P. art. 1472. | "Is an attorney fee awarded for party's failure to admit genuineness of document or truth of any matter be, the reasonable expense incurred in proving the truth of the requested admission?" | 030096.docx | LEGALEASE-00135122-LEGALEASE-00135123 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hess v. Hess, 679 N.E.2d 153 | 307A+716 | Unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance, but denial of continuance based on withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. Trial Procedure Rule 53.5. | "Under some circumstances, can denial of a continuance based on the withdrawal of counsel be error when the moving party is free from fault and her rights are likely to be prejudiced by the denial?" | 030114.docx | LEGALEASE-00135918-LEGALEASE-00135919 |
| Hodge v. Hodge, 507 F.2d 87 | 307A+716 | Refusal to grant continuance is not alone denial of right to counsel even though refusal prevents party from being represented by particular attorney because of that attorney's other professional commitments. | Is refusal to grant a continuance not alone a denial of right to counsel even though refusal prevents party from being represented by a particular attorney because of that attorney's other professional commitments? | 029280.docx | LEGALEASE-00136335-LEGALEASE-00136336 |
| Adcock v. Adcock, 339 Ill. App. 543 | 307A+716 | A party to an action is not entitled, as a matter of absolute right, to a continuance on account of the absence of his counsel and determinative factor is degree of due diligence exercised by party seeking continuance. S.H.A. ch. 110, SS 59, 101.8, 101.14. | Is a party to an action not entitled to a continuance on account of the absence of his counsel and determinative factor is degree of due diligence exercised by party seeking continuance? | 029418.docx | LEGALEASE-00136256-LEGALEASE-00136257 |
| Inloes v. Inloes, 567 S.W.2d 732 | 307A+715 | A trial court has the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere, illness, or weather conditions does not compel a continuance. | "Does a trial court have the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere does not compel a continuance?" | 029434.docx | LEGALEASE-00136337-LEGALEASE-00136338 |
| Villegas v. Carter, 711 S.W.2d 624 | 307A+716 | Trial court that allows attorney voluntarily to withdraw must give party time to secure new counsel and time for new counsel to investigate case and prepare for trial. Vernon's Ann.Texas Rules Civ.Proc., Rules 251, 253. | "When a trial court allows an attorney to withdraw, must it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" | 029486.docx | LEGALEASE-00136548-LEGALEASE-00136549 |
| Post-Tensioned Const. v. VSL Corp., 143 Ga. App. 148 | 307A+483 | Since failure to make motion to have admissions withdrawn or amended foreclosed remedial action under code, requests for admissions which were not answered or objected to, in suit based on breach of contract, were deemed admitted. Code, SS 81A-136, 81A-136(b). | "Failure to make a motion to have admissions withdrawn or amended forecloses remedial action, and therefore are the requests for admissions which were not answered or objected to deemed admitted?" | 029761.docx | LEGALEASE-00136117-LEGALEASE-00136118 |
| State ex rel. Grimm v. Ashmanskas, 298 Or. 206 | 307A+69.1 | A "deposition to perpetuate testimony" is arranged by litigants when it becomes known that a witness will be unavailable to testify at trial, and such depositions usually follow routine of the trial with objections to all matters being made at time of the deposition but with the ruling on the objections reserved for trial judge; such depositions are usually restricted to nonleading questions on direct examination and follow standard cross-examination techniques. | Are perpetuation depositions arranged by the litigants when it becomes known that a witness will be unavailable to testify at trial? | Pretrial Procedure - Memo # 3897 - C - PB.docx | ROSS-003291036-ROSS-003291037 |
| Fibreboard Corp. v. Pool, 813 S.W.2d 658 | 307A+483 | After expiration of 30 days from date of service of request for admissions and in absence of motion to extend time for filing response, admissions are automatically deemed admitted, and trial court has no discretion to deem or to refuse to deem admissions admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "After expiration of 30 days from the date of service of a request for admissions, are admissions automatically deemed admitted, and a trial court has no discretion to deem or to refuse to deem admissions admitted?" | Pretrial Procedure - Memo # 3914 - C - RF.docx | ROSS-003291723-ROSS-003291724 |
| In re Marriage of Chesrow, 255 Ill. App. 3d 613 | 307A+714 | Party seeking continuance must provide court with especially grave reasons for continuance once case has reached trial stage because of potential inconvenience to witnesses, parties, and court. Sup.Ct.Rules, Rule 231(f). | "Should the party seeking continuance provide a trial court with especially grave reasons for continuance once a case has reached the trial stage because of potential inconvenience to witnesses, parties, and court?" | 030436.docx | LEGALEASE-00136273-LEGALEASE-00136274 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Marriage of Gallagher, 256 Ill. App. 3d 439 | 307A+723.1 | When continuance is not requested until the day of trial, especially persuasive reason must be given by the moving party because of the potential inconvenience to the witnesses, the parties, and the court. Sup.Ct.Rules, Rule 231(f). | "When continuance is not requested until the day of trial, must an especially persuasive reason be given by the moving party because of the potential inconvenience to the witnesses, the parties, and the court?" | Pretrial Procedure - Memo # 4124 - C - DA.docx | LEGALEASE-00026698-LEGALEASE-00026699 |
| Peagler v. Skyline Shopping Ctr., 662 So. 2d 282 | 307A+716 | Trial court's denial of motion for continuance on ground attorney is involved in trial of another case will generally be affirmed in exercise of trial court's broad discretion; in order for denial to be abuse of discretion, it must be shown that: attorney is actually engaged in trial of other cause at the time set for trial; other professional advice is unavailable; and meritorious cause of action or defense cannot be competently offered in absence of the attorney. | When do courts consider the denial of motion for continuance an abuse of discretion of the court? | 030773.docx | LEGALEASE-00136269-LEGALEASE-00136270 |
| Pitcher v. Laird, 421 F.2d 1272 | 34+22(3) | Since sole basis of serviceman's conscientious objection claim was not a personal moral code, his request for discharge could not be denied on grounds that his beliefs were based upon philosophical views or personal moral code. | Can a serviceman's request for discharge be denied on grounds that his beliefs were based upon philosophical views or personal moral code? | 008493.docx | LEGALEASE-00137306-LEGALEASE-00137307 |
| United States v. Ganim, 510 F.3d 134 | 63+1(1) | Bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor. | "If favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor, can bribery be accomplished through an ongoing course of conduct?" | 011780.docx | LEGALEASE-00138037-LEGALEASE-00138038 |
| United States v. Little, 687 F. Supp. 1042 | 63+1(1) | Federal bribery statute concerned with officials or other actors connected with state or local agencies that received more than $10,000 in federal funds in any calendar year did not require that payoffs or kickbacks exceed $5,000; instead, it was sufficient the transactions involved exceeded $5,000, not payoffs or kickbacks themselves. 18 U.S.C.A. S 666. | "Does Section 666 of the federal bribery statute concerned with officials or other actors connected with state or local agencies receiving more than $10,000 in federal funds in any calendar year, require the kickbacks themselves to exceed $5,000?" | 011832.docx | LEGALEASE-00137648-LEGALEASE-00137649 |
| Laino v. Cuprum S.A. de C.V, 235 A.D.2d 25 | 307A+91 | Letters rogatory are but one of several procedural devices by which court in one country may request authorities in another country to assist requesting court in the administration of justice. Fed.Rules Civ.Proc.Rules 4(f), 28(b), 28 U.S.C.A.; McKinney's CPLR 3108, 3113(a), par. 3. | Are letters rogatory one of several procedural devices by which a court in one country may request authorities in another country to assist? | 031264.docx | LEGALEASE-00137246-LEGALEASE-00137247 |
| J & B Slurry Seal Co. v. Mid-S. Aviation, 88 N.C. App. 1 | 307A+723.1 | Since judgment without necessary joinder is void, trial court should, on its own motion, order continuance to provide reasonable time for necessary parties to be joined. | "Since judgment without necessary joinder is void, should a trial court order continuance to provide reasonable time for necessary parties to be joined?" | Pretrial Procedure - Memo # 4617 - C - NS.docx | ROSS-003330566-ROSS-003330567 |
| Dolman v. Saltzman, 100 R.I. 327 | 307A+725 | Superior Court under rules may grant continuance upon terms or conditions and withhold execution thereof until subsequent determination that ground upon which continuance was sought is meritorious. | Can a court grant a continuance upon terms or conditions and withhold the execution thereof until a subsequent determination that the ground upon which the continuance was sought is meritorious? | 031378.docx | LEGALEASE-00137699-LEGALEASE-00137700 |
| Todd v. Stokes, 358 Mo. 452 | 307A+725 | Under statute authorizing continuance where any party or his attorney is a member of general assembly, trial court has right to determine whether legislator's presence is necessary to a fair and proper trial and filing of application for continuance under statute does not instantly divest trial court of jurisdiction. V.A.M.S. S 510.120. | "Does the court have a right to determine whether legislator's presence is necessary to a fair and proper trial and filing of application for continuance, if any party or attorney is a member of general assembly?" | Pretrial Procedure - Memo # 4897 - C - NS.docx | ROSS-003291232-ROSS-003291233 |