| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Primm v. Isaac, 127 S.W.3d 630 | 307A+36.1 | The mere fact that an expert witness's activities may fall within the scope of discovery for impeachment purposes does not mean that parties are entitled to unfettered discovery of impeachment evidence by whatever means they seek. | Does the mere fact that an expert witness's activities can fall within the scope of discovery for impeachment purposes not mean that parties are entitled to unfettered discovery of impeachment evidence? | Pretrial Procedure - Memo # 5048 - C - SK.docx | ROSS-003318239-ROSS-003318240 |
| Hardcastle v. Harris, 170 S.W.3d 67 | 30+3239 | While a trial court may grant a continuance to enable a party to respond effectively to an amended pleading, such decisions are discretionary, and appellate courts will not second-guess a trial court's decision regarding a continuance unless the record, reviewed as a whole, shows a clear abuse of discretion or that a clear prejudicial error has been committed. Rules Civ.Proc., Rule 15.01. | Will appellate courts not second-guess a trial court's decision regarding a continuance unless the record shows a clear abuse of discretion? | 030879.docx | LEGALEASE-00138778-LEGALEASE-00138779 |
| Sullivan v. Hopkins, 40 Conn. Supp. 183 | 307A+36.1 | Where punitive damages are sought, party's financial status becomes relevant consideration and may be discovered since penal nature of damages requested requires jury to levy fine sufficient to punish defendant for his actions. Practice Book 1978, S 218. | "Where punitive damages are sought, does financial status become a relevant consideration?" | 031667.docx | LEGALEASE-00138651-LEGALEASE-00138652 |
| Oryx Capital Int'l v. Sage Apartments, 167 S.W.3d 432 | 307A+508 | Plaintiffs generally have an absolute, unqualified right to take a non-suit upon timely motion as long as the defendant has not made a claim for affirmative relief. | "Do plaintiffs generally have an absolute, unqualified right to take a non-suit upon timely motion as long as the defendant has not made a claim for affirmative relief?" | Pretrial Procedure - Memo # 5217 - C - PC.docx | ROSS-003288749-ROSS-003288750 |
| In re Estate of Simmons, 362 Ill. App. 3d 944 | 307A+501 | A client has a right to dismiss his suit at will, even if he had a contingent-fee agreement with his lawyer and the lawyer had served notice of his attorney's lien; the lawyer may not compel the continuation of the lawsuit to protect his lien because the lien is inferior to the client's right to dismiss the action. | "Does a client have a right to dismiss his suit at will, even if he had a contingent-fee agreement with his lawyer and the lawyer had served notice of his attorney's lien?" | Pretrial Procedure - Memo # 5225 - C - MS.docx | ROSS-003288751-ROSS-003288752 |
| Worley v. Johnson, 60 Fla. 294 | 83E+455 | An indorser without qualification of a note engages that on due presentment it shall be paid according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, under the express provisions of F.S.A. S 674.68. | Does an indorser without qualification engage that on due presentment the note shall be paid according to its tenor. | 010465.docx | LEGALEASE-00140344-LEGALEASE-00140345 |
| Salz v. State House Comm'n, 18 N.J. 106 | 296+2 | A public "pension", while not contractual in nature, is akin to wages and salary in that it is payable in stated installments for the maintenance of servant after productive years have ended, and is basically recompense for past services or allowance in consideration of surrender of rights or emoluments to one retired from service. | Is a public pension akin to wages and salary? | 022788.docx | LEGALEASE-00140546-LEGALEASE-00140547 |
| Short v. Frink, 151 Cal. 83 | 307A+81 | Under Code Civ.Proc. S 2032, providing that a deposition when completed must be read to the witness and corrected by him in any particular, if desired, and then signed by the witness and certified by the officer, a certificate of a notary to depositions, stating that the testimony was read over to the witness, "and being by him corrected, and was by him subscribed in my presence," is sufficient, if not otherwise objectionable. | "Can a deposition when completed be read to the witness and corrected by him in any particular, if desired?" | 032407.docx | LEGALEASE-00140382-LEGALEASE-00140383 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Garner v. Cleveland, 35 Tex. 74 | 307A+74 | The provisions of Pasch.Dig. art. 3729, prescribing the mode in which depositions may be transmitted by mail to the clerk of the court in which they are to be used, are directory, and a substantial compliance is all that is required, where there is nothing to raise a presumption of fraud. | "Can the provisions prescribing the mode in which depositions may be transmitted be directory, and a substantial compliance is all that is required, where there is nothing to raise a presumption of fraud?" | Pretrial Procedure - Memo # 5376 - C - SB.docx | ROSS-003289297-ROSS-003289298 |
| Town of Rocky Hill v. SecureCare Realty, 315 Conn. 265 | 106+39 | If the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits; an evidentiary hearing is necessary because a court cannot make a critical factual jurisdictional finding based on memoranda and documents submitted by the parties. | "If the question of jurisdiction is intertwined with the merits of the case, can a court resolve the jurisdictional question on a motion to dismiss for lack of subject matter jurisdiction without a hearing to evaluate those merits?" | Pretrial Procedure - Memo # 5577 - C - CK.docx | ROSS-003329363-ROSS-003329364 |
| Eaker v. Gower, 189 N.C. App. 770 | 307A+685 | Typically, the parties will present personal jurisdiction issues in one of three procedural postures: (1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | Are three procedural postures for a motion to dismiss for lack of personal jurisdiction typical? | 032833.docx | LEGALEASE-00139897-LEGALEASE-00139898 |
| 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2060 | Core of definition of special assessment that makes imposition special assessment rather than general tax is not that benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby, rather special assessment is used to provide combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or use or function of properties that are subject to special assessment. | Is special assessment used to provide combination of services and improvements that are intended and designed to benefit particular properties? | 044675.docx | LEGALEASE-00140161-LEGALEASE-00140162 |
| Am. Bible Soc. v. Lewisohn, 48 A.D.2d 308 | 371+2288 | State has great freedom in selecting subjects of taxation and in granting exemptions and neither due process clause nor equal protection clause imposes any rigid limitations upon state's power to devise reasonable tax policies. | Does the state have great freedom in selecting subjects of taxation and in granting exemptions? | 045528.docx | LEGALEASE-00140431-LEGALEASE-00140432 |
| State v. Schenkolewski, 301 N.J. Super. 115 | 63+1(1) | Neither offeror nor the recipient of bribe need be public official to prove bribery, and it is sufficient if recipient created understanding with offeror that he could influence matters in connection with official duty, whether or not he was capable of actually effecting such an act. N.J.S.A. 2C:27-2. | Does the offeror or recipient of a bribe need to be a public official in order to prove bribery? | 012145.docx | LEGALEASE-00141947-LEGALEASE-00141948 |
| United States v. Rooney, 37 F.3d 847 | 234+7 | Federal statute prohibiting theft or bribery concerning programs receiving federal funds expanded class of individuals subject to federal penalties for prohibited conduct to virtually anyone who either receives federal funds or participates in federal program that meets jurisdictional threshold. 18 U.S.C.A. S 666. | Who is subject to federal penalties under the federal statute prohibiting theft or bribery concerning programs receiving federal funds? | 012158.docx | LEGALEASE-00141961-LEGALEASE-00141962 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prigg v. Preston, 28 Pa. Super. 272 | 113+12(2) | Before a mere usage of trade or a custom can become so firmly imbedded in the law as to govern the rights of parties, it must be so certain, uniform, and notorious as probably to be known to and understood by the parties entering into the contract. | When can the mere usage of trade or a custom become so firmly imbedded in the law as to govern the rights of parties? | Customs & Usage - Memo 159 - RK.docx | LEGALEASE-00030777-LEGALEASE-00030778 |
| R.R. Comm'n v. Magnolia Petroleum Co., 169 S.W.2d 253 | 260+92.26 | Proper test of "confiscation" is whether a lessee or owner is accorded an equal opportunity with surrounding lessees and owners to recover his fair share of the recoverable oil, and to recover the approximate amount of oil lying in place under the lease when the oil is sought to be recovered. | Is a lessee or owner accorded an equal opportunity with surrounding lessees to recover his fair share of the recoverable oil? | 021285.docx | LEGALEASE-00141284-LEGALEASE-00141285 |
| Wells Fargo Bank v. Goldzband, 53 Cal. App. 4th 596 | 260+92.56 | For purposes of Public Resources Code sections in effect prior to 1997 governing plugging and abandoning of oil and gas wells, "plug" and "abandon" are terms of art which are used to describe procedure that must be followed when well is no longer used, to ensure that it does not pose hazard to safety or environment. West's Ann.Cal.Pub.Res.Code SS 3203, 3208, 3208.1, 3230, 3232, 3237. | Are plug and abandon terms of art which are used to describe the procedure that must be followed when a well does not pose a hazard to safety or the environment when it is no longer used? | Mines and Minerals - Memo #111 - C - CSS.docx | ROSS-003302553-ROSS-003302554 |
| In re Sewell, 472 S.W.3d 449 | 307A+486 | Generally, a party demonstrates good cause necessary to withdraw deemed admissions by showing that his failure to respond to request for admissions was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Tex. R. Civ. P. 198.3. | Can a party establish good cause necessary for the withdrawal of deemed admissions by demonstrating that the failure to respond is accidental or the result of a mistake? | 029181.docx | LEGALEASE-00140991-LEGALEASE-00140992 |
| Hosts v. Wells, 443 N.E.2d 319 | 307A+483 | Where creditors in suit upon promissory note served requests for admissions covering necessary elements for recovery and debtor neither answered nor objected within 30 days, matters therein were deemed admitted. Trial Procedure Rule 36(B). | Are requests for admission neither answered nor objected within 30 days deemed admitted? | Pretrial Procedure - Memo # 4217 - C - SB.docx | ROSS-003289334-ROSS-003289335 |
| Nassaney v. Culler, 224 N.C. 323 | 307A+720 | Ordinarily, when an amendment is made containing substantially new and material allegations, opposing party must be given a continuance to meet new allegations and prepare for trial. | "When an amendment is made containing substantially new and material allegations, must the opposing party be given a continuance to meet new allegations and prepare for trial?" | Pretrial Procedure - Memo # 4656 - C - SK.docx | ROSS-003304726-ROSS-003304727 |
| Davis v. Solondz, 122 A.D.2d 401 | 157+134 | Where unlawful intent is issue, evidence of other similar acts would be admissible at trial to negate existence of innocent state of mind and would likewise be relevant and hence discoverable. | "Where unlawful intent is an issue, will evidence of other similar acts be admissible at trial to negate the existence of an innocent state of mind?" | Pretrial Procedure - Memo # 5155 - C - ES.docx | ROSS-003289435-ROSS-003289436 |
| Consol. Elec. & Mechanicals v. Schuerman, 185 S.W.3d 773 | 307A+685 | When affidavits are presented in connection with a motion to dismiss for lack of personal jurisdiction, the trial court may believe or disbelieve any statements made within those affidavits; it is in the sole discretion of the trial court to make such factual determinations. | "Can a trial court believe or disbelieve any statement in affidavits, and is the factual determination within the sole discretion of the court?" | Pretrial Procedure - Memo # 5740 - C - SS.docx | ROSS-003304813-ROSS-003304814 |
| Patton v. Jones, 212 S.W.3d 541 | 302+104(1) | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | Is a motion to dismiss the functional equivalent of a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action? | 033317.docx | LEGALEASE-00140812-LEGALEASE-00140813 |
| Posey v. Proper Mold & Eng'g, 378 S.C. 210 | 307A+554 | The proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss, rather than a motion for summary judgment. Rules Civ.Proc., Rules 12(b)(1), 56. | "Is the proper procedure for raising lack of subject matter jurisdiction prior to trial to file a motion to dismiss, rather than a motion for summary judgment?" | 033334.docx | LEGALEASE-00140899-LEGALEASE-00140900 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Woodard v. Westvaco Corp., 315 S.C. 329 | 228+181(1) | Proper procedure for raising lack of subject matter jurisdiction prior to trial is to file motion to dismiss for lack of subject matter jurisdiction, rather than motion for summary judgment. Rules Civ.Proc., Rule 12(b)(1), 56. | "Is the proper procedure for raising lack of subject matter jurisdiction prior to trial to file a motion to dismiss, rather than a motion for summary judgment?" | Pretrial Procedure - Memo # 5986 - C - NC.docx | LEGALEASE-00031463-LEGALEASE-00031464 |
| Parris v. Douthit, 287 Ga. 119 | 307A+554 | Under pleading rule, the trial court may hear and determine a defense in abatement based upon improper venue prior to trial without submitting it to a jury, or may defer such hearing and determination until trial. West's Ga.Code Ann. S 9-11-12(d). | "Under pleading rule, may the trial court hear and determine a defense in abatement based upon improper venue prior to trial without submitting it to a jury?" | Pretrial Procedure - Memo # 6002 - C - CK.docx | ROSS-003289532-ROSS-003289533 |
| Com. v. Cent. Realty Co., 338 Pa. 172 | 371+2744 | State taxes are essential to very preservation of state itself, while local levies are authorized or permitted by state merely to maintain machinery of local government, and commonwealth's direct revenues must be so guarded that no lien for state taxes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise. | Are state taxes essential to the very preservation of a state itself? | Taxation - Memo # 404 - C- NA.docx | ROSS-003302223-ROSS-003302224 |
| Penn Dairies v. Milk Control Comm'n of Pennsylvania, 318 U.S. 261 | 371+2006 | The constitution presupposes continued existence of states functioning in coordination with federal government, with authority in states to lay taxes and to regulate their internal affairs and policy, and that state regulation like state taxation imposes some burdens on federal government. U.S.C.A.Const. art. 6, cl. 2. | "Does the constitution presupposes continued existence of states functioning in coordination with federal government, with authority in states to lay taxes?" | 045515.docx | LEGALEASE-00141781-LEGALEASE-00141782 |
| Hayes v. Show Me Believers, 192 S.W.3d 706 | 413+2 | Workers' compensation law is entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. | "Since workers compensation law is entirely a creature of statute, when interpreting the law, should the court ascertain the intent of the legislature?" | 048104.docx | LEGALEASE-00141105-LEGALEASE-00141106 |
| Bame v. Lipsett, 172 Neb. 623 | 13+34 | Where a right has been created by statute which did not exist at common law, Legislature may impose restrictions thereon, and conditions so imposed qualify and are integral part of act and must be fully complied with in manner therein prescribed. | "Did the workers compensation act create rights which did not exist at common law, and can the legislature place such restrictions thereon, as it sees fit?" | 048120.docx | LEGALEASE-00141342-LEGALEASE-00141343 |
| United States v. Carson, 464 F.2d 424 | 63+1(2) | Defendant administrative assistant to member of Senate Judiciary Committee was clearly embraced within terms of the bribery statute, for purposes of situation in which influence of defendant was sought in connection with federal criminal charges that were being contemplated against other persons. 18 U.S.C.A. S 201(a). | "Should the administrative assistant to a public official be embraced within terms of the bribery statute, where the influence of defendant was sought in connection with the officials authority?" | Bribery - Memo #787 - C- JL.docx | ROSS-003288705 |
| Bragg v. W. Virginia Coal Ass'n, 248 F.3d 275 | 260+92.5(2) | Even though the states ultimately remain subject to Surface Mining Control and Reclamation Act (SMCRA), primacy states, or ones with an approved program, are granted "exclusive jurisdiction" under SMCRA, thereby conditionally divesting the federal government of direct regulatory authority; therefore, when a state's program has been approved by the Secretary of the Interior, a court can look only to state law on matters involving the enforcement of the minimum national standards, while on matters relating to the good standing of a state program, SMCRA remains directly applicable. Surface Mining Control and Reclamation Act of 1977, S 101 et seq., 30 U.S.C.A. S 1201 et seq. | Does the primacy of a state divest the federal government of direct regulatory authority? | 021216.docx | LEGALEASE-00143269-LEGALEASE-00143270 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McKown v. United States, 908 F. Supp. 2d 1122 | 260+9 | Where a mining claim is located on federal land withdrawn from mineral entry under the Wilderness Act, the claimant must prove discovery of a valuable mineral deposit at the time of a withdrawal; claimant must also demonstrate that the mining claim is valid at the time of the contest hearing. Wilderness Act, S 2 et seq., 16 U.S.C.A. S 1131 et seq. | "Where a claim is located on land withdrawn from mineral entry pursuant to the Wilderness Act, must a claim be supported by a discovery of a valuable mineral deposit at the time of withdrawal?" | 021348.docx | LEGALEASE-00142830-LEGALEASE-00142831 |
| Capasso Restoration v. City of New Haven, 88 Conn. App. 754 | 307A+554 | A motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court. | Does a motion to dismiss for lack of standing attack the jurisdiction of the court asserting that as a matter of law or fact the plaintiff cannot state a claim that should be heard by the court? | 033022.docx | LEGALEASE-00143560-LEGALEASE-00143561 |
| Alex N. Sill Co. v. Fazio, 2 Ohio App. 3d 65 | 307A+723.1 | Party has duty to move for continuance due to conflicting trial assignment dates of counsel within reasonable time after such party's case is set for trial and the conflict thus created; motion for a continuance not made within a reasonable time is untimely, and court does not abuse its discretion in overruling an untimely motion for a continuance. Municipal and County Courts Superintendence Rule 16(B). | Are granting or refusal of continuance or time to prepare matters within the discretion of the trial court and will not be disturbed absence a showing of clear abuse of such discretion? | 033069.docx | LEGALEASE-00142475-LEGALEASE-00142476 |
| Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117 | 307A+554 | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | "Is the inquiry, whether a complaint states facts that would grant the district court subject matter jurisdiction on a motion to dismiss?" | Pretrial Procedure - Memo # 6118 - C - SK.docx | ROSS-003289082-ROSS-003289083 |
| Moore ex rel. Moore v. Boyd, 799 So. 2d 133 | 307A+560 | The service of process rule mandates dismissal upon a finding that service has not been made within the specified time period and that good cause to extend the time does not exist. Rules Civ.Proc., Rule 4(h). | Does the service of process rule mandate dismissal upon a finding that service has not been made within the specified time period and that good cause to extend the time does not exist? | 033724.docx | LEGALEASE-00142955-LEGALEASE-00142956 |
| State v. NV Sumatra Tobacco Trading Co., 403 S.W.3d 726 | 307A+554 | A motion to dismiss for lack of personal jurisdiction, which challenges the trial court's authority to hear the case, is ideally addressed as a threshold issue. Rules Civ.Proc., Rule 12.02(2). | Is a motion to dismiss for lack of personal jurisdiction which challenges the trial court's authority to hear the case ideally addressed as a threshold issue? | 033730.docx | LEGALEASE-00143103-LEGALEASE-00143104 |
| Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+560 | On the merits of a motion to dismiss action under the rule allowing dismissal based on plaintiff's failure to exercise due diligence to obtain service on defendant, the disposition is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion; discretion is abused only if no reasonable person could take the view adopted by the trial court. Sup.Ct.Rules, Rule 103(b). | "Is a disposition on the merits of a motion to dismiss action under the rule allowing dismissal based on plaintiff's failure to exercise due diligence, within sound discretion of a trial court?" | 033743.docx | LEGALEASE-00143130-LEGALEASE-00143131 |
| Robinson v. Williams ex rel. Estate of Dunn, 280 Ga. 877 | 30+3324 | The trial court has the power to impose appropriate sanctions to make effective its pre-trial orders and appellate courts review the action taken for abuse of discretion. | Does the trial court have the power to impose appropriate sanctions to make effective its pre-trial orders and appellate courts review the action taken for abuse of discretion? | 033904.docx | LEGALEASE-00142310-LEGALEASE-00142311 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wallingford v. W. Union Tel. Co., 60 S.C. 201 | 307A+74 | Under 23 St. at Large, p. 48, providing that, whenever it shall appear from the attestation clause or other part of an instrument that the parties intended it to be a sealed instrument, it shall be construed to be and shall have the effect of a sealed instrument, though no seal be actually attached, a deposition was not objectionable as lacking a notarial seal where the word "Seal" was attached to every jurat, and the attestation clause read, "Witness my hand and official seal." | "Whenever it shall appear from the attestation clause or other part of an instrument that the parties intended it to be a sealed instrument, shall it be construed to be and shall have the effect of a sealed instrument?" | 033919.docx | LEGALEASE-00142346-LEGALEASE-00142347 |
| Holland v. Lefler, 80 Ark. App. 316 | 313+63 | Service of process under civil procedure rule governing summons must be accomplished within 120 days after the filing of complaint unless plaintiff has filed a motion to extend time prior to the expiration of the deadline; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | "Should service of process be accomplished within 120 days after the filing of the complaint, unless the plaintiff has timely filed a motion to extend?" | 034279.docx | LEGALEASE-00143208-LEGALEASE-00143209 |
| Crandall Pub. Library v. City of Glens Falls, 216 A.D.2d 814 | 371+2060 | "Taxes" are public burdens imposed generally for governmental purposes benefiting entire community, whereas "ad valorem levy" is assessment imposed for specific municipal improvements which confer special benefit on property assessed beyond that conferred generally. | "Are ""taxes"" public burdens imposed generally for governmental purposes benefiting entire community?" | 045610.docx | LEGALEASE-00142567-LEGALEASE-00142568 |
| United States v. O'Neill, 476 F.2d 295 | 34+20.8(1) | In order to properly perform their classification function, local selective service board members must receive and consider all relevant communications from or concerning registrants. | Should local selective service board members receive and consider all relevant communications from or concerning registrants in order to properly perform their classification function? | Armed Services - Memo 267 - RK.docx | ROSS-003302187-ROSS-003302188 |
| Gray v. City of Opelika, 216 So. 3d 431 | 307A+684 | If the party moving to dismiss presents a prima facie showing of the court's lack of in rem jurisdiction, the nonmoving party's jurisdictional allegations carry no presumptive weight; the nonmoving party must then rely on more than the allegations in the complaint by substantiating the jurisdictional allegations with competent proof. Rules Civ.Proc., Rule 12. | "If the party moving to dismiss presents a prima facie showing of the court's lack of in rem jurisdiction, do the nonmoving party's jurisdictional allegations carry no presumptive weight?" | Pretrial Procedure - Memo # 5536 - C - SPB.docx | ROSS-003302822-ROSS-003302823 |
| Scovill Fasteners v. Sure-Snap Corp., 207 Ga. App. 539 | 307A+685 | When outcome of motion to dismiss for lack of personal jurisdiction depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record, and to the extent that defendant's evidence controverts complaint's allegations, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Uniform Superior Court Rule 6.1. | "When moving to dismiss for lack of personal jurisdiction, can the plaintiff not rely on mere allegations?" | Pretrial Procedure - Memo # 5544 - C - SS.docx | LEGALEASE-00033853-LEGALEASE-00033854 |
| Drye v. Target, 2015 OK CIV APP 61 | 313+63 | The statute requiring service within 180 days after the petition is filed casts a burden upon the plaintiff who resists dismissal to demonstrate good cause why service on the defendant was not made within the prescribed 180-day period; whether good cause has been demonstrated is left largely to the discretion of the trial court. 12 Okl.St.Ann. S 2004(I). | Is the burden upon the plaintiff who resists dismissal for untimely service of process to demonstrate good cause why service on the defendant was not made within the prescribed 180-day period? | 033590.docx | LEGALEASE-00143798-LEGALEASE-00143799 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 313+63 | A further purpose of rule requiring a plaintiff to exercise reasonable diligence to obtain service on a defendant is to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss when service is not effected with reasonable diligence. Sup.Ct.Rules, Rule 103(b). | Is a dismissal of a cause with prejudice under rule requiring a plaintiff to exercise reasonable diligence to obtain service on a defendant considered a harsh penalty? | 033625.docx | LEGALEASE-00143894-LEGALEASE-00143896 |
| Alsobrook v. Cote, 133 Ill. App. 2d 261 | 307A+560 | Rule providing for dismissal for lack of diligence in obtaining service of process does not set specific time limitation within which defendant must be served, but puts burden on plaintiff to show that he has exercised reasonable diligence to obtain service. Supreme Court Rules, rule 103(b), S.H.A. ch. 110A, S 103(b). | Is there no specific time limitation provided by Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process? | 033663.docx | LEGALEASE-00144133-LEGALEASE-00144134 |
| Perez v. New York City Hous. Auth., 290 A.D.2d 265 | 307A+746 | A dismissal of an action based on a plaintiff's failure to appear at a calendar call should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Should a dismissal of an action based on a plaintiff's failure to appear at a calendar call be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action? | 034265.docx | LEGALEASE-00144787-LEGALEASE-00144788 |
| Cronin v. Kottke Assocs., 2012 IL App (1st) 111632 | 307A+563 | An order of dismissal with prejudice is a drastic sanction to be entered only where the party's actions show a deliberate, contumacious or unwarranted disregard of the trial court's authority. | "Is an order of dismissal with prejudice a drastic sanction to be entered only where the party's actions show a deliberate, contumacious or unwarranted disregard of the trial court's authority?" | 034358.docx | LEGALEASE-00143971-LEGALEASE-00143972 |
| Coppola v. Coppola, 243 Conn. 657 | 307A+560 | Once action has been brought by service of process on defendant, trial court may thereafter dismiss action for failure to return service of process within mandated time period. C.G.S.A. S 52-46a. | "Once action has been brought by service of process on defendant, can a trial court thereafter dismiss the action for failure to return service of process within the mandated time period?" | Pretrial Procedure - Memo # 6737 - C - SHB.docx | ROSS-003288459-ROSS-003288460 |
| In re Gosnell, 234 Mich. App. 326 | 307A+560 | Defects in service of process will generally not warrant dismissal unless the service failed to inform the defendant of the action within the time provided in court rules for service. MCR 2.105(J)(3). | Will defects in service of process generally not warrant dismissal unless the service failed to inform the defendant of the action within the time provided in court rules for service? | 034518.docx | LEGALEASE-00143903-LEGALEASE-00143904 |
| Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty., 301 S.W.3d 196 | 307A+552 | When the party asserting that the case has become moot based on the cessation of its own conduct is a government entity or official, the court may, if justified by the circumstances of the case, require the opposing party to demonstrate why the proceeding should not be dismissed for mootness. | Can court require the opposing party to demonstrate why the proceeding should not be dismissed for mootness when the party asserting that the case has become moot? | 034594.docx | LEGALEASE-00144500-LEGALEASE-00144501 |
| State ex rel. Charleston Area Med. Ctr. v. Kaufman, 197 W. Va. 282 | 307A+560 | Plaintiff whose case is subject to dismissal for noncompliance with Rule of Civil Procedure governing dismissal of action for failure to timely serve has two options to avoid consequence of dismissal: to timely show good cause for not having effected service of summons and complaint; or to refile action before any time defenses arise and timely effect service under new complaint. Rules Civ.Proc., Rule 4(l). | Is dismissal mandatory in a case in which good cause for lack of service is not shown? | 034620.docx | LEGALEASE-00144358-LEGALEASE-00144359 |
| Perotti v. Ferguson, 454 N.E.2d 951 | 307A+746 | Before trial court may dismiss case with prejudice for failure to appear at pretrial conference in accordance with local court rule, notice of dismissal must be given to plaintiff's counsel, and if plaintiff is appearing pro se, to plaintiff himself. Rules Civ.Proc., Rule 41(B)(1). | "Before a trial court can dismiss a case with prejudice for failure to appear at a pretrial conference, must notice of dismissal be given to the plaintiff's counsel?" | 034632.docx | LEGALEASE-00145046-LEGALEASE-00145047 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tliche v. Van Quathem, 66 Cal. App. 4th 1054 | 307A+596 | There are at least two limitations or restrictions on trial court's power to dismiss action for noncompliance with local fast track rules: (1) dismissal is inappropriate if noncompliance was responsibility of counsel alone, rather than the party, and (2) dismissal is appropriate only if less severe sanctions would be ineffective. West's Ann.Cal.C.C.P. S 575.2(b); West's Ann.Cal.Gov.Code S 68608(b). | Can the trial court strike out a pleading or dismiss an action as a penalty for noncompliance with its order? | 10872.docx | LEGALEASE-00094248-LEGALEASE-00094249 |
| Healer v. Kansas City Pub. Serv. Co., 251 S.W.2d 66 | 307A+563 | Jurisdiction to dismiss for failure to comply with an order of the court, whether by inherent power or by authority conferred by statute presupposes an order lawfully made. Section 510.140 RSMo 1949, V.A.M.S. | "Does jurisdiction to dismiss for failure to comply with an order of the court, whether by inherent power or by authority conferred by statute, presuppose an order lawfully made?" | Pretrial Procedure - Memo # 7118 - C - SS_57792.docx | ROSS-003281375-ROSS-003281376 |
| Farmers' & Mechanics' Nat. Bank v. Dearing, 91 U.S. 29 | 371+2005 | States have no power, against the national will, by taxation or otherwise, to retard, impede, burthen, or in any manner control, the operation of the constitutional laws enacted by Congress to carry into execution the powers vested in the General Government. | "Do the states have any power by taxation to impede, burden, or in any manner control the operation of the Constitution and laws enacted by Congress?" | 045776.docx | LEGALEASE-00144517-LEGALEASE-00144518 |
| D. Corso Excavating v. Poulin, 747 A.2d 994 | 413+2 | Absent inclusion of unambiguous language that would support contrary conclusion, legislature's enactment of benefits scheme, such as workers' compensation reimbursement benefits, does not rise to level of creating protected property interests, substantive vested rights, or enforceable contractual obligations in prospective recipients until and unless government has accepted liability or has been adjudged liable therefor, and thus, retroactive repeal of scheme cannot be subject of successful due process, just compensation, or contract impairment challenge. U.S.C.A. Const.Amend. 14; Gen.Laws 1956, S 28-37-4 (Repealed). | Is a statutory benefit a property interest or a vested right? | Workers Compensation - Memo #414 ANC.docx | LEGALEASE-00034794-LEGALEASE-00034795 |
| United States v. Andrews, 681 F.3d 509 | 63+1(1) | An honest services fraud prosecution for bribery after Skilling requires the government to prove: (1) that the payor provided a benefit to a public official intending that he would thereby take favorable official acts that he would not otherwise take, and (2) that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. 18 U.S.C.A. S 1346. | What does an honest services fraud prosecution for bribery require the government to prove? | Bribery - Memo #865 - C - LB.docx | ROSS-003290971-ROSS-003290972 |
| Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+560 | The primary purpose of the rule allowing dismissal of action based on plaintiff's failure to exercise due diligence to obtain service on defendant is to prevent intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run. Sup.Ct.Rules, Rule 103(b). | Is the primary purpose of the rule allowing dismissal of action based on a plaintiff's failure to exercise due diligence to obtain service on a defendant? | 034031.docx | LEGALEASE-00145079-LEGALEASE-00145080 |
| Leach v. BB & T Corp., 232 F.R.D. 545 | 307A+560 | Under West Virginia law, plaintiff whose claim is subject to dismissal for failure to timely serve has two options to avoid dismissal: (1) timely show good cause for not having effected service of summons and complaint, or (2) refile the claim before any time defenses arise and timely effect service under new complaint; showing of good cause must be substantial and not just a ruse. W.Va.Rules Civ.Proc., Rule 4(k). | "Does the court rule providing for dismissal of action for untimely service of summons give the court the option of setting an extended time for service even absent a showing of good cause, rather than dismissing outright?" | 034092.docx | LEGALEASE-00145292-LEGALEASE-00145293 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does court have inherent power, to dismiss an action shown to be sham, in order to prevent abuse of the judicial process?" | Pretrial Procedure - Memo # 6648 - C - NS.docx | ROSS-003331822-ROSS-003331823 |
| Woodhead v. Disc. Waterbeds, 78 Wash. App. 125 | 307A+563 | Trial court must consider on record whether lesser sanction than dismissal for violation of court orders and rule will suffice, in addition to making clear on record whether factors of willfulness and prejudice are present. CR 41. | Should a trial court consider on record whether a lesser sanction will suffice in addition to making clear on record whether factors of willfulness and prejudice are present? | Pretrial Procedure - Memo # 7023 - C - KI.docx | ROSS-003286058-ROSS-003286059 |
| Neal v. Hall, 28 So. 2d 131 | 13+68 | A court has inherent power to enforce its lawful orders, and generally the penalty visited upon a litigant for not complying with court's order that has to do with procedure is a stay of proceedings or dismissal of the suit as of non-suit. | Is the penalty visited upon a litigant for not complying with court's order that has to do with procedure a stay of proceedings or dismissal of the suit as of non-suit? | Pretrial Procedure - Memo # 7162 - C - SS.docx | LEGALEASE-00035793-LEGALEASE-00035794 |
| Turner v. Marine Inland Transp. Co. 7 So. 3d 756 | 307A+590.1 | Three things are necessary to defeat a motion to dismiss based on abandonment; a party must take some "step" in the prosecution or defense of the action, the step must be done on the record of the suit except for formal discovery, and the "step" must be made within three years of the last "step." LSA-C.C. art. 591. | What are the requirements to defeat a motion to dismiss based on abandonment? | Pretrial Procedure - Memo # 7167 - C - VP.docx | ROSS-003288592-ROSS-003288593 |
| Hinds v. Glob. Int'l Marine, 57 So. 3d 1181 | 307A+590.1 | Any action or step taken in a case to move the case toward judgment should be considered before granting a motion to dismiss for abandonment; dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. LSA-C.C.P. art. 561. | Should any action or step taken in a case to move the case toward judgment be considered before granting a motion for dismissal for abandonment? | 035184.docx | LEGALEASE-00145727-LEGALEASE-00145728 |
| Oltmanns v. Oltmanns, 241 N.C. App. 326 | 15A+1724(2) | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of an action; accordingly, if the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Is the issue of mootness determined solely by examining facts in existence at the commencement of the action? | Pretrial Procedure - Memo # 7317 - C - SJ.docx | ROSS-003288650 |
| Andrews v. Palmas De Majorca Condo., 898 So. 2d 1066 | 307A+563 | Trial court has inherent authority, within exercise of sound judicial discretion, to dismiss action when party perpetrates fraud on court or willfully refuses to comply with court order. | Does a trial court have inherent authority to dismiss action when a party perpetrates fraud on court or willfully refuses to comply with court order? | 035396.docx | LEGALEASE-00145583-LEGALEASE-00145584 |
| Murphree v. Ziegelmair, 937 S.W.2d 493 | 307A+741 | Due process requires that trial court order specifically provide notice that failure to appear at pretrial conference may result in dismissal, default, or other sanctions before sanctions for nonappearance may be imposed. U.S.C.A. Const.Amend. 14. | "Does due process require that trial court order specifically provide notice that failure to appear at pretrial conference can result in dismissal, default, or other sanctions?" | 035417.docx | LEGALEASE-00145052-LEGALEASE-00145053 |
| Hessmer v. Hessmer, 138 S.W.3d 901 | 307A+563 | Civil procedural rule governing involuntary dismissal of actions affords trial courts express authority to dismiss cases for failure to prosecute or for failure to comply with the procedural rules or the orders of the court. Rules Civ.Proc., Rules 41.02(1). | Does civil procedural rule governing involuntary dismissal of actions afford trial courts express authority to dismiss cases for failure to prosecute or for failure to comply with the procedural rules or the orders of the court? | Pretrial Procedure - Memo # 7373 - C - SK.docx | ROSS-003330518-ROSS-003330519 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Cumberland & P.R. Co., 40 Md. 22 | 371+2005 | The power of taxation resides in the State as an attribute of its sovereignty, and the right of the Legislature, as the representatives of the people, to exercise it, should never be questioned, except in plain cases, where the power is relinquished for valid consideration, or where, to prevent its abuse, it has been placed under restriction, either as to the subjects liable to it, or the mode and manner of its exercise. | Can the power of taxation residing in the State be questioned? | 11398.docx | LEGALEASE-00094601-LEGALEASE-00094602 |
| Halim v. Great Gatsby's Auction Gallery, 516 F.3d 557 | 25T+182(1) | Although a variety of factors may be considered, diligence or a lack thereof should weigh heavily in the court's determination of whether a party implicitly waived its right to arbitrate. | Is diligence or a lack thereof weighed heavily by the courts in determining whether a party implicitly waived its right to arbitrate? | 10733.docx | LEGALEASE-00094807-LEGALEASE-00094809 |
| Ward v. Housman, 809 S.W.2d 717 | 307A+563 | In ruling on motion for involuntary dismissal as sanction for party's failure to comply with scheduling order of court, trial court carefully examine circumstances which justify extreme action of depriving parties of their trial, including: extent of party's personal responsibility for noncompliance; history of dilatoriness; whether noncompliance was willful and in bad faith; meritoriousness of claim; prejudice to other party; and alternative sanctions. Rules Civ.Proc., Rule 41.02(1). | "In ruling on a motion for involuntary dismissal as sanction for party's failure to comply with scheduling order of court, should a trial court carefully examine circumstances which justify extreme action of depriving parties of their trial?" | 034917.docx | LEGALEASE-00146779-LEGALEASE-00146780 |
| D.C. v. Serafin, 617 A.2d 516 | 267+66 | Among factors which trial court should consider when determining sanction to apply for failure to comply with court order are nature of party's conduct, including whether it was willful, length of any delay in complying with court's order, reason for delay, and any prejudice to opposing party. Civil Rule 41(b). | "In determining whether to dismiss as sanction for failure to prosecute or to comply with superior court order, should an inquiry include whether conduct calling for sanctions was willful?" | 034941.docx | LEGALEASE-00146803-LEGALEASE-00146805 |
| Util. Workers Union of Am., Local 69, AFL-CIO v. Pub. Util. Comm'n, 859 A.2d 847 | 307A+552 | A moot case will be dismissed unless at least one of the following exceptions exists: (1) the conduct at issue is likely to be repeated but will necessarily escape judicial review, (2) there is a great public interest in the resolution of the controversy, or (3) one party will suffer a substantial detriment if the controversy is not judicially resolved. | Under what exceptions will a moot case not be dismissed? | 10894.docx | LEGALEASE-00094187-LEGALEASE-00094188 |
| Cannon v. United States, 45 F. Supp. 106 | 92+2512 | Congress alone can prescribe the terms on which a claim for benefits under the War Risk Insurance Act may be recovered, and it is not within the province of the court to extend or limit a clear expression of those terms. World War Veterans' Act of 1924, S 19, as amended, 38 U.S.C.A. S 445. | Can congress prescribe the terms by which a claim for benefits under the World War Veterans' Act 1924 can be recovered? | Armed Services - Memo 301 - RK_57610.docx | ROSS-003295080-ROSS-003295081 |
| Vaughan v. Swift Transp. Co., 14-208 (La. App. 5 Cir. 10/29/14), 164 So. 3d 235 | 13+70 | Motions to withdraw, enroll or substitute counsel are not considered formal "steps" in the prosecution or defense of an action, within the meaning of the abandonment statute, because such motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps, because they do not hasten the matter to judgment. LSA-C.C.P. art. 561. | Are motions to withdraw or enroll as counsel or to substitute counsel not considered formal steps before the court in the prosecution of the suit? | 034973.docx | LEGALEASE-00147666-LEGALEASE-00147667 |
| Wallace v. Jones, 572 So. 2d 371 | 307A+563 | Dismissal for failure to comply with order of district court is appropriate only when there is clear record of delay or contumacious conduct and lesser sanctions would not serve best interest of justice. Rules Civ.Proc., Rule 41(b). | Is a dismissal for failure to comply with an order of a district court appropriate only when there is clear record of delay or contumacious conduct? | Pretrial Procedure - Memo # 7083 - C - NS_57510.docx | ROSS-003325560-ROSS-003325561 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Scallan v. Marriott Intl, 995 So. 2d 1066 | 307A+46 | Although a trial court has discretion to dismiss a complaint for noncompliance with a court's discovery order, it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that it has been determined that an order for dismissal should contain an explicit finding of willful noncompliance. | "While a trial court undoubtedly has discretion after due consideration of the relevant factors to dismiss a complaint for noncompliance with a court order, should the dismissal order contain explicit findings of willful noncompliance?" | 10087.docx | LEGALEASE-00095211-LEGALEASE-00095212 |
| Bivona v. Danna & Assocs., P.C., 123 A.D.3d 956 | 307A+561.1 | A motion to dismiss a cause of action based on a defense founded in documentary evidence may be granted only if documentary evidence utterly refutes plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss a cause of action based on a defense founded in documentary evidence be granted? | 09595.docx | LEGALEASE-00096481-LEGALEASE-00096482 |
| MBIA Ins. Corp. v. Countrywide Home Loans, 34 Misc. 3d 895 | 307A+683 | When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law because it either does not apply under the factual circumstances of the case or fails to state a defense. McKinney's CPLR 3211(b). | Why should the plaintiff bear the burden to demonstrate that the affirmative defense is without merit as a matter of law? | 10133.docx | LEGALEASE-00094960-LEGALEASE-00094961 |
| D.C. v. Serafin, 617 A.2d 516 | 307A+563 | Because dismissal for failure to comply with court order is such an extreme sanction and because of principle preferring trial on merits, trial court's exercise of discretion must be undertaken with care and consistent with well-established standards. Civil Rule 41(b). | "Because dismissal for failure to comply with court order is such an extreme sanction, should a trial court's exercise of discretion be undertaken with care and consistent with well-established standards?" | 10969.docx | LEGALEASE-00094559-LEGALEASE-00094560 |
| Cotten v. Briley, 517 S.W.3d 177 | 307A+581 | Under its inherent power to dismiss a case for want of prosecution, the trial court may look at the entire history of the case, including the length of time the case has been on file, the extent of activity or inactivity, whether a trial setting has been requested, and the reasons for not prosecuting the case. | "Can the court look at the entire history of the case, under its power to dismiss a case for want of prosecution?" | 035722.docx | LEGALEASE-00147427-LEGALEASE-00147428 |
| Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+683 | Once a defendant satisfies the initial burden of presenting affirmative matter, in moving for dismissal under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619. | "Once the burden shifts to plaintiff, can he establish that the defense requires the resolution of an essential element of material fact before it is proven?" | 11092.docx | LEGALEASE-00094271-LEGALEASE-00094272 |
| Toney v. Freeman, 600 So. 2d 1099 | 307A+590.1 | "Record activity" sufficient to preclude dismissal for lack of prosecution must be more than mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Should record activity sufficient to preclude dismissal for failure to prosecution be more than a mere passive effort to keep the case on the docket? | 11181.docx | LEGALEASE-00094695-LEGALEASE-00094696 |
| People v. Patterson, 2012 IL App (1st) 101573 | 352H+224 | Rape shield law bars evidence of the past sexual history of an alleged sexual assault victim, except (1) evidence of the alleged victim's prior consent to sexual conduct with the defendant, offered to show consent, or (2) when the constitution requires the court to admit the evidence. S.H.A. 725 ILCS 5/115-7(a). | Will rape shield laws bar the admission of a victim's sexual history? | 042950.docx | LEGALEASE-00147924-LEGALEASE-00147925 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wray v. State, 474 S.W.3d 230 | 352H+190 | Because direct proof of the requisite mental state for the crime of child molestation is seldom available, the existence of such intent is usually inferred from circumstantial evidence and the permissible inferences that can be drawn therefrom. | Can intent for the crime of child molestation be inferred from circumstantial evidence if direct proof of mental state is not available? | 042963.docx | LEGALEASE-00147950-LEGALEASE-00147951 |
| Lopez v. Howe, 259 F. 401 | 24+211 | The right of Congress to exclude or expel aliens, or any class of aliens, absolutely or upon conditions, in war or in peace, is an inherent and inalienable right of every sovereign and independent nation, which may be exercised entirely through executive officers. | Is the right to exclude or to expel aliens an inherent and inalienable right of every sovereign and independent nation? | Aliens_Immigration and_1BOqhjUxdL-Kl8FwLwU-J1pW9AvYcBR3J.docx | ROSS-000000286-ROSS-000000287 |
| Cabinetree of Wisconsin v. Kraftmaid Cabinetry, 50 F.3d 388 | 25T+182(2) | While normally decision to proceed in judicial forum is waiver of arbitration, variety of circumstances may make case abnormal, and then district court should find no waiver or should permit previous waiver to be rescinded. | Should the court find no waiver or permit a previous waiver to be rescinded when a variety of circumstances may make the case abnormal? | Alternative Dispute Resolution - Memo 782 - RK.docx | LEGALEASE-00037921-LEGALEASE-00037923 |
| Rosenbaum & Mendel v. Thomas, 8 Tenn. App. 89 | 83E+618(2) | In an action involving the payment of a check where it was insisted that the drawer was not liable because the check was not presented to the bank next day after it was drawn, held that the provision contained in Section 186 of the Uniform Negotiable Instruments Law, is in effect, declaratory of the common law or the law merchant, and that the words "within a reasonable time," should be construed to mean within a reasonable time after the check is received under all the facts and circumstances and recognized banking usage and custom. | Is Negotiable Instrument Law a declaratory of law merchant? | Bills and Notes -Memo 629-DB_57864.docx | ROSS-003297370-ROSS-003297371 |
| State Bank of La Crosse v. Michel, 152 Wis. 88 | 8.30E+05 | The purpose of the Negotiable Instrument Law was not to make radical changes in established general principles, but to wipe out differences in minor details in the laws of the various states by adopting in each case of difference that uniform rule which was best adapted to the needs of the business world. | Is the purpose of negotiable instruments law to wipe out differences in minor details between the laws of the various states? | 010619.docx | LEGALEASE-00148658-LEGALEASE-00148659 |
| United States v. Leyva, 282 F.3d 623 | 63+1(1) | Use of an official position was not an element of bribery offense; plain language of statute required only that the public official accept a thing of value in exchange for perpetrating a fraud, and absence of any official act requirement was particularly pointed in light of explicit "official act" or "official duty" language in other subsections of statute. 18 U.S.C.A. S 201(b)(2)(B). | Is the use of an official position to perform an official act an element of the offense of bribery? | 012013.docx | LEGALEASE-00148486-LEGALEASE-00148487 |
| Mouledous v. Poirier, 221 So. 2d 291 | 156+3(1) | Though judicial confessions contained within allegations are full proof against him, party is not estopped from contradicting his sworn allegations in absence of showing that his adversary was misled or deceived by reason of averment. LSA-C.C. art. 2291. | Is a party estopped from contradicting his sworn allegations in the absence of showing that his adversary was misled or deceived by reason of averment? | Estoppel - Memo #14 - C - CSS_58247.docx | ROSS-003292650-ROSS-003292651 |
| Rodolico v. Rubin & Licatesi, P.C., 114 A.D.3d 923 | 307A+561.1 | A motion to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss a complaint be granted on the ground that a defense is found on documentary evidence? | Pretrial Procedure - Memo # 7590 - C - PC_57798.docx | ROSS-003293456-ROSS-003293457 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reilly ex rel. Reilly v. Wyeth, 377 Ill. App. 3d 20 | 307A+683 | Once a defendant moving for involuntary dismissal, on grounds that the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(a)(9). | "Does the burden shift to a plaintiff to establish that the defense is unfounded, when a defendant has initially satisfied the burden of presenting an affirmative matter?" | 035782.docx | LEGALEASE-00148256-LEGALEASE-00148257 |
| Gillars v. United States, 182 F.2d 962 | 384+6 | "Treason" consists of two elements, namely, adherence to the enemy, and rendering him aid and comfort, and, hence, a citizen intellectually or emotionally may favor the enemy and harbor sympathies for convictions disloyal to policy or interests of the United States but so long as he commits no act of aid and comfort to the enemy there is no treason, and a citizen may take actions which aid and comfort the enemy, but if there is no adherence to the enemy in that, and there is no intent to betray, there is no treason. U.S.C.A.Const. art. 3, S 3; Act April 30, 1790, 1 Stat. 112. | Is it treason if a citizen intellectually or emotionally favors the enemy? | 047129.docx | LEGALEASE-00148846-LEGALEASE-00148848 |
| Jones v. Multi-Color Corp., 108 Ohio App. 3d 388 | 413+1 | Workers' Compensation Act operates as a balance of mutual compromise between interests of employers and employees whereby employees relinquish their common-law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common-law defenses and are protected from unlimited liability. R. C. S 4123.01 et seq. | What do the employees relinquish so the employer can be protected from unlimited liability? | 048350.docx | LEGALEASE-00148725-LEGALEASE-00148726 |
| Eisler v. United States, 170 F.2d 273 | 24+117 | Resident alien owes temporary allegiance to government of United States and assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens and is bound to obey all laws of the United States, not immediately relating to citizenship, and is equally amenable with citizens for any infractions of those laws. | Are aliens in the United States bound to obey all the laws of the country? | Aliens_Immigration and_10jUiyM5SortwxISLE yDI7K52vVKzzie_.docx | ROSS-000000280-ROSS-000000281 |
| City of Chicago v. Morales, 177 Ill. 2d 440 | 92+1130.8 | Vagueness may invalidate a criminal law for either of two independent reasons: first, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement. (Per Justice Stevens, with two Justices concurring and three Justices concurring in the judgment.) U.S.C.A. Const.Amend. 14. | When can vagueness invalidate a criminal law? | 014463.docx | LEGALEASE-00149655-LEGALEASE-00149656 |
| Johnson v. Sanders, 319 F.Supp. 421 | 92+1354(1) | State may not maintain educational establishment providing secular classes closely integrated with religious instruction, symbols, and observances, even if latter are sole responsibility of private groups, in same buildings during regular school hours. U.S.C.A.Const. Amend. 1. | Can a state provide secular classes during regular school hours? | Education - Memo #104 - C - HJ_58725.docx | ROSS-003283145-ROSS-003283146 |
| State v. Williams, 124 Wash. 160 | 200+80 | When a conveyance is made of a piece of property abutting upon a public highway, it is natural to assume, in the absence of an express reservation to the contrary, that the grantor intended to convey the same with all of the beneficial rights enjoyed by him in its use. | Is it an assumption that in a conveyance of a piece of property abutting a public highway the grantor conveyed the same along with all of the beneficial rights enjoyed by him in its use? | Highways -Memo 256 - DB_58540.docx | ROSS-003323528-ROSS-003323529 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hillman v. Weatherly, 14 So. 3d 721 | 307A+690 | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | "Is the propriety of a dismissal with prejudice, bolstered by whether the delay was the result of intentional conduct?" | 036474.docx | LEGALEASE-00149173-LEGALEASE-00149174 |
| United Bhd. of Carpenters & Joiners of Am., Local Union No. 2371 v. Merch. Equip. Grp., Div. of MEG Mfg. Corp., 963 N.E.2d 602 | 307A+581 | Although dismissals for failure to prosecute are generally viewed in disfavor and considered extreme remedies that should be granted only under limited circumstances, the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear. Trial Procedure Rule 41(E). | Are dismissals generally viewed in disfavor and considered extreme remedies that should be granted only under limited circumstances? | 036602.docx | LEGALEASE-00149467-LEGALEASE-00149468 |
| Jones v. Rochdale Vill., 96 A.D.3d 1014 | 307A+622 | Motion to dismiss for failure to state a cause of action must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | Should a motion to dismiss for failure to state a cause of action be denied unless it can be said that no significant dispute exists regarding it? | 036744.docx | LEGALEASE-00150045-LEGALEASE-00150046 |
| Moses v. Dirghangi, 430 S.W.3d 371 | 307A+622 | A motion to dismiss a complaint for failure to state a claim upon which relief can be granted seeks only to determine whether the pleadings state a claim upon which relief can be granted, and challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. Rules Civ.Proc., Rule 12.02(6). | Does a motion to dismiss based upon the rule governing motions to dismiss for failure to state a claim require a court to determine if the pleadings state a claim upon which relief can be granted? | 036799.docx | LEGALEASE-00150039-LEGALEASE-00150040 |
| Prof'l Exec. Ctr. v. LaSalle Nat. Bank, 211 Ill. App. 3d 368 | 307A+622 | To state cause of action, complaint must be both legally and factually sufficient; complaint must set forth legally recognized claim as its basis for recovery and must plead facts which bring claim within legally recognized cause of action alleged, and failure to meet both requirements mandates dismissal of complaint. | "To survive a motion to dismiss for the failure to state a cause of action, should a complaint be both legally and factually sufficient?" | 036918.docx | LEGALEASE-00149949-LEGALEASE-00149950 |
| Glynne v. Wilson Med. Ctr., 236 N.C. App. 42 | 307A+622 | A complaint is properly subject to dismissal for failure to state a claim when one of the following three conditions is satisfied: (1) the complaint reveals that no law supports the plaintiff's claim; (2) the complaint reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Is a complaint properly subject to dismissal when one of the three conditions is satisfied? | Pretrial Procedure - Memo # 8342 - C - NS_58854.docx | ROSS-003307328-ROSS-003307329 |
| Kyocera Corp. v. Hemlock Semiconductor, 313 Mich. App. 437 | 307A+622 | Summary disposition tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted. MCR 2.116(C)(8). | Does a summary disposition under MCR 2.116(C)(8) test the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief can be granted? | 036655.docx | LEGALEASE-00150504-LEGALEASE-00150505 |
| Highland Paving Co. v. First Bank, 227 N.C. App. 36 | 307A+622 | While concept of notice pleading is liberal in nature, complaint must nonetheless state enough to give substantive elements of legally-recognized claim, or it may be dismissed for failure to state a claim upon which relief can be granted. Rules Civ.Proc., Rules 8(e)(1), 12(b)(6), West's N.C.G.S.A. S 1A-1. | "While concept of notice pleading is liberal in nature, should a complaint nonetheless state enough to give substantive elements of a legally-recognized claim?" | Pretrial Procedure - Memo # 8208 - C - NS_58783.docx | ROSS-003280896-ROSS-003280897 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rainbow Home Health v. Schmidt, 76 S.W.3d 53 | 307A+581 | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial; (2) when the case has not been disposed of within the Supreme Court's time standard; and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(1, 2). | Can court dismiss a case when a party fails to appear at a hearing or trial? | 036760.docx | LEGALEASE-00150088-LEGALEASE-00150089 |
| Jenkins v. Tucker, 18 So. 3d 265 | 307A+581 | Dismissals for want of prosecution should be employed reluctantly, and while there is no set time limit for the prosecution of an action where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld. Rules Civ.Proc., Rule 41(b). | "Should the court first look to see if there is a record of dilatory or contumacious conduct by the plaintiff, in analyzing the dismissal of a case for lack of prosecution?" | 036890.docx | LEGALEASE-00150144-LEGALEASE-00150145 |
| Harvard Crimson v. President And Fellows Of Harvard Coll., 445 Mass. 745 | 307A+622 | Purpose of motion to dismiss for failure to state a claim upon which relief can be granted is to permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient. Rules Civ.Proc., Rule 12, 43A M.G.L.A.(b)(6). | Is dismissal for failure to state a claim upon which relief can be granted appropriate where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient? | Pretrial Procedure - Memo # 8378 - C - KS.docx | LEGALEASE-00040274-LEGALEASE-00040275 |
| Wooley v. Schaffer, 447 S.W.3d 71 | 30+3281 | In reviewing grant of a motion to dismiss a cause of action on the ground that it has no basis in law or in fact, Court of Appeals applies the fair notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. Vernon's Ann.Texas Rules Civ.Proc., Rule 91a. | "On a motion to dismiss a baseless cause of action, do courts apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action?" | Pretrial Procedure - Memo # 8381 - C - KS_58892.docx | ROSS-003278573-ROSS-003278574 |
| Maxum Foundations v. Salus Corp., 779 F.2d 974 | 25T+182(2) | Where a third-party action does not involve additional discovery or procedural burdens for the original plaintiff, mere filing of a third-party complaint by a party that seeks arbitration will not permit a court to find that the right to arbitrate has been waived. | Does the filing of a third-party complaint by a party that seeks arbitration permit a court to find that the right to arbitrate has been waived? | Alternative Dispute Resolution - Memo 794 - RK_59479.docx | ROSS-003305813-ROSS-003305814 |
| Kirkland v. Bailey, 115 Ga. App. 726 | 241+29(2) | Written exhibit showing a "loan" had been made and stating that writing was a "note" was a promissory note and was not barred by statute of limitations governing actions upon open accounts, even though word "promissory" was not expressly included, as the promise could be implied. Code, S 3-706. | Should a promissory note expressly contain the word promissory to imply promise? | 010366.docx | LEGALEASE-00151088-LEGALEASE-00151089 |
| Dixon v. 105 W. 75th St. LLC, 148 A.D.3d 623 | 307A+679 | In considering the documents offered by the movant to negate the claims in the complaint, a court must adhere to the concept that the allegations in the complaint are presumed to be true, and that the pleading is entitled to all reasonable inferences; however, while the pleading is to be liberally construed, the court is not required to accept as true factual allegations that are plainly contradicted by documentary evidence. McKinney's CPLR 3211(a)(1). | "In considering the documents offered by the movant to negate the claims in the complaint, should a court adhere to the concept that the allegations in the complaint are presumed to be true?" | Pretrial Procedure - Memo # 8444 - C - NS_59143.docx | ROSS-003279380-ROSS-003279381 |
| Guinn v. Hoskins Chevrolet, 361 Ill. App. 3d 575 | 307A+679 | On motion to dismiss, it is the court's duty to determine, considering the allegations of the complaint in the light most favorable to the plaintiffs, whether the allegations are sufficient to state a cause of action upon which relief may be granted. | In determining whether allegations of complaint are sufficient to state a cause of action should a court view allegations of a complaint in light most favorable to a plaintiff? | 037204.docx | LEGALEASE-00150900-LEGALEASE-00150901 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dalley v. Dykema Gossett, 287 Mich. App. 296 | 307A+679 | When deciding a motion for summary disposition for failure to state a claim upon which relief can be granted, the court accepts all well pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. MCR 2.116(C)(8). | "In a motion for summary disposition, are all well-pleaded factual allegations accepted as true and construed in a light most favorable to the nonmovant?" | 037226.docx | LEGALEASE-00151104-LEGALEASE-00151105 |
| THI of New Mexico at Vida Encantada v. Lovato, 848 F. Supp. 2d 1309 | 25T+182(2) | An important consideration in assessing waiver of the right to arbitration is whether the party now seeking arbitration is improperly manipulating the judicial process; evidence of such manipulation includes a delay in suggesting arbitration until substantial discovery has been completed, or until the eve of trial. | Is a delay in suggesting arbitration until substantial discovery has been completed evidence of manipulation of the judicial process? | 008008.docx | LEGALEASE-00151471-LEGALEASE-00151472 |
| Hopkins Auto. Equip. Co. v. Lyon, 59 Ga. App. 468 | 83E+741 | Prior to adoption of Negotiable Instruments Law "irregular indorser" or "accommodation indorser" who merely wrote name on note to guarantee payment and whose signature was not necessary to transfer title was "surety" not liable as "indorser," and liability was barred after lapse of 6 years unless signature was under seal. Code 1933, SS 14-604, 14-605. | What was the situation prior to the adoption of the uniform negotiable instruments law? | 009713.docx | LEGALEASE-00151754-LEGALEASE-00151755 |
| Brazilia v. Collector of St. Louis Cty., 117 S.W.3d 704 | 307A+685 | Whether there is subject matter jurisdiction is a question of fact left to the sound discretion of a trial court, on motion to dismiss for lack of subject matter jurisdiction; the court may review affidavits, exhibits and other evidence to determine jurisdiction. | "Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of a trial court, on a motion to dismiss for lack of subject matter jurisdiction?" | Pretrial Procedure - Memo # 8784 - C - KS.docx | LEGALEASE-00041578-LEGALEASE-00041579 |
| Mazzei v. Kyriacou, 98 A.D.3d 1088 | 307A+679 | In reviewing a motion to dismiss an affirmative defense as meritless, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference. McKinney's CPLR 3211(b). | "In reviewing a motion to dismiss an affirmative defense as meritless, should the court liberally construe the pleadings in favor of the party asserting the defense?" | 037559.docx | LEGALEASE-00152339-LEGALEASE-00152340 |
| Fleischmann v. Wausau Bus. Ins. Co., 671 N.E.2d 473 | 307A+680 | In determining whether claim should be dismissed for lack of subject-matter jurisdiction, trial court may weigh evidence to determine if requisite jurisdictional facts exist and to resolve factual disputes. | "In determining whether claim should be dismissed for lack of subject-matter jurisdiction, can a trial court weigh evidence to determine if requisite jurisdictional facts exist?" | Pretrial Procedure - Memo # 8817 - C - SJ.docx | LEGALEASE-00042243-LEGALEASE-00042244 |
| Fleischmann v. Wausau Bus. Ins. Co., 671 N.E.2d 473 | 307A+680 | In determining whether claim should be dismissed for lack of subject-matter jurisdiction, trial court may weigh evidence to determine if requisite jurisdictional facts exist and to resolve factual disputes. | "In determining whether claim should be dismissed for lack of subject-matter jurisdiction, can a trial court weigh evidence to determine if requisite jurisdictional facts exist?" | 037801.docx | LEGALEASE-00151992-LEGALEASE-00151993 |
| Lumry v. State, 49 Kan. App. 2d 276 | 307A+624 | When faced with a motion to dismiss for failure to state a claim, the court must decide whether facts state a claim as espoused by the plaintiff or on any other possible theory the court can divine. West's K.S.A. 44-1202(a), 44-1210(b). | "When faced with a motion to dismiss for failure to state a claim, should the court decide whether facts state a claim as espoused by the plaintiff or on any other possible theory the court can divine?" | Pretrial Procedure - Memo # 8842 - C - PB_59840.docx | ROSS-003282447-ROSS-003282449 |
| Collura v. L & E Concrete Pumping, 454 Pa. Super. 572 | 307A+581 | Doctrine of non pros has developed in order to ensure that plaintiffs do not take advantage of defendants through dilatory tactics; by same respect, however, defendant will not be allowed to intentionally prejudice plaintiff in prosecution of case. | Has doctrine of non pros developed in order to ensure that plaintiffs do not take advantage of defendants through dilatory tactics? | 037897.docx | LEGALEASE-00152203-LEGALEASE-00152204 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Houston v. Thomas, 838 S.W.2d 296 | 307A+581 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or trial; when case has not been disposed of within Supreme Court's time standard; and by court's inherent power to dismiss when case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4; Judicial Administration Rules, V.T.C.A., Government Code Title 2, Subtitle F App., Rule 6b(2). | Can the court dismiss a case for want of prosecution by court's inherent power to dismiss when the case has not been prosecuted with due diligence? | Pretrial Procedure - Memo # 9149 - C - KI_60094.docx | ROSS-003282275-ROSS-003282276 |
| Bilnoski v. Pizza Inn, 858 S.W.2d 55 | 307A+581 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or at trial, when case has not been disposed of within Supreme Court's guidelines, and when case has not been prosecuted with due diligence; authority to dismiss is derived both from rules of civil procedure and from court's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165. | Can the court dismiss a case for want of prosecution by court's inherent power to dismiss when the case has not been prosecuted with due diligence? | 038319.docx | LEGALEASE-00152668-LEGALEASE-00152669 |
| Gerstner v. Washington Water Power Co., 122 Idaho 673 | 307A+581 | Involuntary dismissal is sanction rather than remedy and therefore should be used sparingly; when faced with motion to dismiss for failure to prosecute, trial court must consider length of delay caused by plaintiff's failure to move case, any justification for delay, and resultant prejudice to defendant. | Should court consider length of delay caused by plaintiff's failure to move case when faced with motion to dismiss for failure to prosecute? | Pretrial Procedure - Memo # 9153 - C - MS_60098.docx | ROSS-003292009-ROSS-003292010 |
| Becky v. Norwest Bank Dillon, N.A., 245 Mont. 1 | 307A+581 | In determining whether to dismiss for failure to prosecute, trial court must balance the concerns of judicial efficiency embodied in applicable rule against a party's right to meaningful access to the judicial system. Rules Civ.Proc., Rule 41(b). | Should court balance the concerns of judicial efficiency embodied in applicable rule against a party's right to meaningful access to the judicial system in determining whether to dismiss for failure to prosecute? | 038335.docx | LEGALEASE-00152698-LEGALEASE-00152699 |
| Cavalier ex rel. Cavalier v. Caddo Par. Sch. Bd., 403 F.3d 246 | 92+3278(4) | Strict scrutiny review under Equal Protection Clause applied to school board's race-conscious admission policy; to pass strict scrutiny review, school board had to demonstrate that the use of race in its current admission program employed narrowly tailored measures that furthered compelling governmental interests. U.S.C.A. Const.Amend. 14. | Can school programs use race as an admission factor? | 016770.docx | LEGALEASE-00153762-LEGALEASE-00153763 |
| Prenger v. Boat Store, 453 S.W.3d 381 | 307A+681 | In determining whether a petition states a claim upon which relief can be granted, a court considers only the well pleaded facts of the petition and gives the pleading its broadest intendment. | "In determining whether a petition states a claim upon which relief can be granted, does a court consider only the well pleaded facts of the petition and gives the pleading its broadest intendment?" | Pretrial Procedure - Memo # 9082 - C - KI_60763.docx | ROSS-003283134-ROSS-003283135 |
| Bond v. Messerman, 391 Md. 706 | 228+183 | If additional facts are necessary to decide a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits or other evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment. Md.Rule 322(a). | "When a motion to dismiss is based upon lack of jurisdiction, can the court consider affidavits on the motion to dismiss without converting the motion into a motion for summary judgment?" | 038303.docx | LEGALEASE-00152848-LEGALEASE-00152849 |
| People v. Gagnon, 21 Misc. 3d 594 | 3.77E+12 | Specific intent to cause fear of serious bodily injury is gravamen of offense of felony menacing, C.R.S. 18-3-206; while it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, what the victim saw or heard and his reactions thereto are relevant considerations in determining whether defendant had the requisite intent to place victim in fear. | What are relevant considerations in determining whether defendant had the requisite intent to place the victim in fear? | Threats - Memo #52 - C - LB_60792.docx | ROSS-003321842-ROSS-003321843 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Aldridge v. Francis, 503 S.W.3d 314 | 307A+680 | On a motion to dismiss for failure to state a claim, the court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | "On a motion to dismiss for failure to state a claim, does the court review the petition in an almost academic manner?" | 038482.docx | LEGALEASE-00154557-LEGALEASE-00154558 |
| O'Callaghan v. Satherlie, 2015 IL App (1st) 142152 | 307A+681 | Although the rule providing for dismissal based on defects or defenses, like the rule providing for dismissal on the pleadings, permits attack based on defects on the complaint's face, those defects should be coupled with grounds not appearing of record; however, courts allow some overlap between motions filed under these rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint. S.H.A. 735 ILCS 5/2-615, 5/2-619. | Do courts allow some overlap between motions filed under rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint? | 038590.docx | LEGALEASE-00154073-LEGALEASE-00154074 |
| Henderson v. Blalock, 465 S.W.3d 318 | 307A+581 | A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. | What are the factors considered by trial court before dismissing case for want of prosecution? | Pretrial Procedure - Memo # 9447 - C - AC_60941.docx | ROSS-003281084-ROSS-003281085 |
| US Chem. Storage v. Berto Constr., 800 S.E.2d 716 | 307A+679 | If a defendant supplements his motion to dismiss for lack of personal jurisdiction with an affidavit or other supporting evidence, the allegations in the complaint can no longer be taken as true or controlling and plaintiff cannot rest on the allegations of the complaint. N. C. R. Civ. P. 12(b)(2). | "If a defendant supplements his motion to dismiss for lack of personal jurisdiction with an affidavit or other supporting evidence, can the allegations in the complaint no longer be taken as true or controlling?" | 038914.docx | LEGALEASE-00154388-LEGALEASE-00154389 |
| Seminole Tribe of Florida v. McCor, 903 So. 2d 353 | 307A+685 | In considering a motion to dismiss challenging subject matter jurisdiction, a trial court may properly go beyond the four corners of the complaint and consider affidavits. | "In considering a motion to dismiss challenging subject matter jurisdiction, can a trial court properly go beyond the four corners of the complaint and consider affidavits?" | Pretrial Procedure - Memo # 9543 - C - NS_61163.docx | ROSS-003319108-ROSS-003319109 |
| Nasca v. Sgro, 130 A.D.3d 588 | 307A+685 | A court is permitted to consider evidentiary material in support of a motion to dismiss for failure to state a cause of action, and, if it does so, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | Is a court permitted to consider evidentiary material in support of a motion to dismiss for failure to state a cause of action? | 038958.docx | LEGALEASE-00154475-LEGALEASE-00154476 |
| Kowalski-Schmidt v. CLS Mortg., 981 F. Supp. 105 | 170B+2793 | Court may determine pretrial motion to dismiss for lack of personal jurisdiction on basis of affidavits alone, it may permit discovery in aid of motion, or it may conduct evidentiary hearing on motion's merits. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A. | "Does the trial court have discretion to decide a pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, to permit discovery?" | 039277.docx | LEGALEASE-00154791-LEGALEASE-00154792 |
| Com. v. Swan, 73 Mass. App. Ct. 258 | 281+126 | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | What is required to prove gross lewdness? | 014371.docx | LEGALEASE-00155756-LEGALEASE-00155757 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Swan, 73 Mass. App. Ct. 258 | 281+126 | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | What is required to prove open lewdness? | Disorderly Conduct- Memo 142- JK_61886.docx | ROSS-003291826-ROSS-003291827 |
| Com. v. Swan, 73 Mass. App. Ct. 258 | 281+126 | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | What is required to prove lascivious behavior? | 014375.docx | LEGALEASE-00155758-LEGALEASE-00155759 |
| Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318 | 156+52(1) | The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct. | Is equitable estoppel proverly invoked where enforcement of the rights of one party would work an injustice upon the other party? | Estoppel - Memo #109 - C - CSS_61676.docx | ROSS-003284711-ROSS-003284712 |
| Dev. Corp. of Palm Beach v. WBC Const., 925 So. 2d 1156 | 106+35 | If only the motion to dismiss for lack of personal jurisdiction is filed, then the defendant merely raises the legal sufficiency of the pleadings; when, however, the defendant files affidavits contesting the factual assertions of jurisdiction or the existence of minimum contacts, the burden then shifts to the plaintiff to file counter-affidavits supporting its position. | Can a defendant contest jurisdictional allegation of a complaint or claim a lack of sufficient minimum contacts? | 024569.docx | LEGALEASE-00155851-LEGALEASE-00155852 |
| The Florida Bar v. Greene, 926 So. 2d 1195 | 307A+680 | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. | "Is a motion to dismiss designed to test the legal sufficiency of the complaint, not to determine factual issues?" | Pretrial Procedure - Memo # 9001 - C - UG_61350.docx | ROSS-003282960-ROSS-003282961 |
| Dakota Cheese v. Taylor, 525 N.W.2d 713 | 307A+581 | Dismissal of cause of action for failure to prosecute should be granted when, after considering all facts and circumstances of particular case, plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Should dismissal of cause of action for failure to prosecute be granted after considering all facts and circumstances of particular case? | 039016.docx | LEGALEASE-00155076-LEGALEASE-00155077 |
| Nash v. Jewell, 227 Va. 230 | 307A+581 | As a general rule, if plaintiff who is ready and willing to go to trial is brought before the court under provisions of statute allowing court to discontinue any action wherein for more than two years there has been no order or proceeding, and if plaintiff demonstrates intent to proceed with the case, court should not discontinue the action. Code 1950, S 8.01-335, subd. A. | Can court discontinue the action if a plaintiff is ready and willing to go to trial brought before the court under the provisions of Code and demonstrates an intent to proceed with his case? | 039081.docx | LEGALEASE-00155148-LEGALEASE-00155149 |
| House v. State of California, 119 Cal. App. 3d 861 | 307A+581 | If summons has not been served and return made within three years after commencement of action, dismissal of complaint is mandatory if plaintiff fails to prove reasonable diligence in attempting to serve and return summons. West's Ann.Code Civ.Proc. S 581a(a). | Is dismissal of complaint mandatory if plaintiff fails to prove reasonable diligence in attempting to serve and return summons? | Pretrial Procedure - Memo # 9677 - C - SB_61578.docx | ROSS-003321548-ROSS-003321549 |
| Suffolk Cty. Water Auth. v. Dow Chem. Co., 44 Misc. 3d 569 | 307A+685 | In assessing a motion to dismiss for failure to state a cause of action, a court is free to consider affidavits submitted to aid in support of allowing the complaint to stand. McKinney's CPLR 3211(a)(7). | "In assessing a motion to dismiss for failure to state a cause of action, is a court free to consider affidavits submitted to aid in support of allowing the complaint to stand?" | Pretrial Procedure - Memo # 9836 - C - DA.docx | LEGALEASE-00045315-LEGALEASE-00045316 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ashwood Capital v. OTG Mgmt., 99 A.D.3d 1 | 307A+679 | On a motion to dismiss, a court must read the complaint liberally, accept as true the facts alleged, and accord plaintiff the benefit of every possible inference; further, a court must consider the factual assertions of an affidavit submitted in opposition to the dismissal motion in order to preserve inartfully pleaded, but potentially meritorious, claims. | "Should a court consider the factual assertions of an affidavit submitted in opposition to the dismissal motion in order to preserve in artfully pleaded, but potentially meritorious, claims?" | Pretrial Procedure - Memo # 9859 - C - MS_61453.docx | ROSS-003278744-ROSS-003278745 |
| McAlpin v. Cassidy, 17 Tex. 449 | 308+93 | Every agency includes in it, or carries with it as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created and none other; and in this respect there is no distinction whether the authority given to an agent is general or special, express or implied. In each case, it embraces the appropriate means to accomplish the desired end, and is limited to the use of those means. | Is there any distinction to the powers of an agent if the authority given is general or special? | Principal and Agent - Memo 316 - RK_61914.docx | ROSS-003282320-ROSS-003282321 |
| Appeal of Sch. Dist. of City of Allentown, 370 Pa. 161 | 371+2121 | Uniformity requires substantial equality of tax burden, and while taxation is not matter of exact science, and perfect uniformity and absolute equality in taxation can rarely be attained, imposition of taxes which are to substantial degree unequal in their operation or effect upon similar kinds of business or property or upon persons in same classification is prohibited. P.S.Const. art. 9, S 1. | Is perfect uniformity and absolute equality always attained in taxation? | 046077.docx | LEGALEASE-00154954-LEGALEASE-00154955 |
| United States v. Murphy, 84 F. 609 | 221+212 | A combination of a number of men in the United States, with a common intent to proceed in a body to a foreign territory, and engage in hostilities, either by themselves or in co-operation with others, against a power with whom the United States are at peace, constitutes a military expedition, when they actually proceed from the United States, whether they are then provided with arms, or intend to secure them in transit. It is not necessary that all the persons shall be brought in personal contact with each other in the United States, or that they shall be drilled, uniformed, or prepared for efficient service. | What constitutes a military expedition or enterprise? | Neutrality Laws - Memo 1 - KC_62358.docx | ROSS-003307568 |
| Coleman v. Comm'r of Correction, 137 Conn. App. 51 | 307A+679 | In reviewing whether a pleading states a cause of action, although the court accepts all well pleaded facts as true, it need not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. | "In reviewing whether a pleading states a cause of action, does it need to admit legal conclusions or the truth or accuracy of opinions stated in the pleadings?" | 024465.docx | LEGALEASE-00155857-LEGALEASE-00155858 |
| Consol. Elec. & Mechanicals v. Schuerman, 185 S.W.3d 773 | 307A+678 | When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct the matter be heard wholly or partly on oral testimony or deposition. | "When a motion is based on facts not appearing of record, can a trial court hear a matter on affidavits presented and believe or disbelieve statements contained in affidavits?" | 024571.docx | LEGALEASE-00155865-LEGALEASE-00155866 |
| Beaublen v. Cambridge Consol., Ltd., 652 So. 2d 936 | 307A+683 | Defendant wishing to contest allegations of complaint concerning jurisdiction or to raise contention of minimum contacts must file affidavits in support of his position; burden is then placed upon plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. | Should a defendant wishing to contest allegations of a complaint concerning jurisdiction or to raise contention of minimum contacts file affidavits in support of his position? | Pretrial Procedure - Memo # 10181 - C - KI_61710.docx | ROSS-003280433-ROSS-003280434 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dworak v. Farmers Ins. Exch., 269 Neb. 386 | 307A+690 | A "dismissal without prejudice" after failing to timely serve defendants means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. Neb.Rev.St. S 25-217. | Does a dismissal without prejudice mean that another petition can be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations? | 024637.docx | LEGALEASE-00155883-LEGALEASE-00155884 |
| Drakeford v. Barnett Bank of Tampa, 694 So. 2d 822 | 307A+690 | Dismissal of complaint with prejudice is severe sanction which should only be granted when pleader has failed to state cause of action and it conclusively appears that there is no possible way to amend complaint in order to state cause of action. | "Is dismissal with prejudice a severe sanction, which should be granted only when the pleader has failed to state a cause of action and it conclusively appears that the pleader cannot possibly amend?" | 024673.docx | LEGALEASE-00155932-LEGALEASE-00155933 |
| Collier v. City & Cty. of San Francisco, 151 Cal. App. 4th 1326 | 371+2002 | To show a fee is a regulatory fee and not a special tax within the meaning of Proposition 13's super-majority requirement for imposing special taxes, the government should prove (1) the estimated costs of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity. West's Ann.Cal. Const. Art. 13A, S 4; West's Ann.Cal.Gov.Code S 50076. | What does the government have to prove in order to show a fee is a regulatory fee and not a special tax? | Taxation - Memo # 1062 - C - JL_62485.docx | ROSS-003292734-ROSS-003292735 |
| People ex rel. Margetich v. McCarroll, 97 Ill. App. 3d 502 | 307A+581 | Purpose of Supreme Court Rule allowing dismissal for failure to exercise due diligence in obtaining service prior to expiration of applicable statute of limitations is to protect defendants from unnecessary and intentional delays of service of process, to safeguard against any evasions of limitations which would undermine the statutes, and to promote the expeditious handling of suits. Supreme Court Rules, Rule 103(b), S.H.A. ch. 110A, S 103(b). | What is the purpose of Court Rule allowing dismissal for failure to exercise due diligence in obtaining service prior to expiration of applicable statute of limitations? | 024794.docx | LEGALEASE-00157712-LEGALEASE-00157713 |
| Nelson v. Mercy Health Ctr., 241 P.3d 276 | 30+3202 | Under abuse of discretion standard of review, if an order of dismissal results in a dismissal with prejudice, an appellate court must take a closer look at the circumstances; circumstances which would support a finding of lack of good cause and dismissal without prejudice might well not support such a finding when the dismissal is terminal under the savings statute. 12 Okl.St.Ann. S 100. | Can circumstances which would support dismissal without prejudice well support such a finding when the dismissal is terminal? | 024884.docx | LEGALEASE-00157111-LEGALEASE-00157112 |
| Deutsche Bank Nat. Tr. Co. v. Lippi, 78 So. 3d 81 | 307A+551 | Although no "magic words" are required when a court dismisses a case with prejudice, the court must find the conduct leading to the order was willful or constituted a deliberate disregard of the court's directives. | "Although no ""magic words"" are required when a court dismisses a case with prejudice, should the court find the conduct leading to the order was willful?" | Pretrial Procedure - Memo # 10488 - C - TM_62756.docx | ROSS-003293475-ROSS-003293476 |
| Unbank Co., LLP v. Merwin Drug Co., 677 N.W.2d 105 | 307A+690 | A district court's designation of "with prejudice" or "without prejudice" must be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred. | "Should a district court's designation of ""with prejudice"" or ""without prejudice"" be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred?" | 025063.docx | LEGALEASE-00156761-LEGALEASE-00156762 |
| Vopalka v. Abraham, 260 Neb. 737 | 307A+690 | A civil action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed as mandated by statute. Neb.Rev.St. S 25-217. | Shall a civil action stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed as mandated by statute? | 025130.docx | LEGALEASE-00156975-LEGALEASE-00156976 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gilmartin v. Abastillas, 10 Haw. App. 283 | 307A+693.1 | Unconditional dismissal with prejudice terminates trial court's jurisdiction, except for limited purposes of reopening and setting aside judgment of dismissal within scope allowed by rule. Rules Civ.Proc., Rule 60(b). | "Does an unconditional dismissal with prejudice terminate a trial court's jurisdiction, except for the limited purposes of reopening and setting aside judgment?" | 025207.docx | LEGALEASE-00157289-LEGALEASE-00157290 |
| Dillaplain v. Lite Indus., 788 S.W.2d 530 | 30+78(4) | A dismissal without prejudice, which plaintiff may cure by filing another suit in the same court, is not a "final judgment" from which an appeal may be taken because it lacks the hallmarks of a final judgment, i.e., it fails to dispose of all the issues and parties to the cause of action. | "Where a petition is dismissed without prejudice, can the plaintiff typically cure the dismissal by filing another suit in the same court?" | 025657.docx | LEGALEASE-00157990-LEGALEASE-00157991 |
| Elrod v. Stewart, 163 S.W.3d 587 | 336H+85 | While a dismissal without prejudice for failure to state a claim may operate to preclude the plaintiff from bringing another action for the same cause and may be res judicata of what the judgment actually decided, the dismissal does not preclude the plaintiff from reasserting the claim on new factual allegations. V.A.M.R. 67.01. | "Does a dismissal without prejudice permit the party to bring another civil action for the same cause, unless it is otherwise barred?" | 025659.docx | LEGALEASE-00157992-LEGALEASE-00157993 |
| In re S. Bay Expressway, 434 B.R. 589 | 183+1 | Under California law, a governmental franchise is a special privilege granted to a private enterprise by a duly-empowered governmental entity to use public property to provide vital public services which the government itself is otherwise obligated to furnish to its citizens, such as providing water, gas, electricity, or telephone services, and the right to use the public streets and ways to bring them to the general public. | What is a governmental franchise? | 018535.docx | LEGALEASE-00158943-LEGALEASE-00158944 |
| Harris v. News-Sun, 269 Ill. App. 3d 648 | 307A+561.1 | Under statute authorizing dismissal of action on ground that claim asserted is barred by other "affirmative matter" avoiding legal effect or defeating claim, affirmative matter includes defense that completely negates asserted cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Does an affirmative matter that defeats claim asserted in complaint include defense that completely negates asserted cause of action? | 025409.docx | LEGALEASE-00158705-LEGALEASE-00158706 |
| City of Philadelphia v. Williams, 122 Pa. Cmwlth. 630 | 307A+699 | When respondent effectively denies material allegations in petition to open judgment non pros, petitioner must support his position with clear and convincing proof. Rules Civ.Proc., Rule 209, 42 Pa.C.S.A. | "When a respondent effectively denies material allegations in a petition to open judgment non pros, should a petitioner support his position with clear and convincing proof?" | 025570.docx | LEGALEASE-00158210-LEGALEASE-00158211 |
| State ex rel. Polaris Indus. v. Journey, 505 S.W.3d 370 | 307A+693.1 | When a court involuntarily dismisses a case without prejudice, the court does not immediately lose jurisdiction over the matter, but instead retains jurisdiction over the matter so that the court is allowed to reconsider its action, correct any errors, and modify or set aside its order. | "When a court involuntarily dismisses a case without prejudice, does the court immediately lose jurisdiction over the matter?" | 025695.docx | LEGALEASE-00158731-LEGALEASE-00158732 |
| Fuller Family Holdings v. N. Tr. Co., 371 Ill. App. 3d 605 | 307A+679 | An action will be dismissed based on defects or defenses which avoid or defeat claims if, after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, the trial court finds that no set of facts can be proved upon which relief could be granted. S.H.A. 735 ILCS 5/2-619. | Would relief be granted if the court finds that no set of facts can be proved? | 025952.docx | LEGALEASE-00158268-LEGALEASE-00158269 |
| Brown By & Through Brown v. Commercial Dispatch Pub. Co., 504 So. 2d 245 | 308+3(1) | Agency relationship is not created when employer merely retains right to supervise or inspect work of an independent contract as it progresses for purpose of determining whether it is completed according to plans and specifications and retains right to stop work that is not properly done. | Is an agency relationship created when an employer retains the right to supervise the work of an independent contractor? | Principal and Agent - Memo 388 - RK_63946.docx | ROSS-003312830-ROSS-003312831 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown By & Through Brown v. Commercial Dispatch Pub. Co., 504 So. 2d 245 | 308+3(1) | Agency relationship is not created when employer merely retains right to supervise or inspect work of an independent contract as it progresses for purpose of determining whether it is completed according to plans and specifications and retains right to stop work that is not properly done. | Does the employer retaining the right to inspect the work of independent contractor create an agency relationship? | Principal and Agent - Memo 391 - RK_63949.docx | ROSS-003305490-ROSS-003305491 |
| Gass v. Anna Hosp. Corp., 392 Ill. App. 3d 179 | 101+1051 | Stock ownership alone in one corporation by another neither creates an identity of corporate interest between the two companies nor renders the stockholding company the owner of the property of the other nor creates the relation of principal and agent, representative, or alter ego between the two. | Can stock ownership in one corporation by another create the relation of principal and agent? | Principal and Agent - Memo 532 - RK_63990.docx | ROSS-003321474-ROSS-003321475 |
| In re Y.M., 207 Cal. App. 4th 892 | 211+2031 | Federal law imposes requirements on state dependency plans and recognizes the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Child Abuse Prevention and Treatment Act, S 106, 42 U.S.C.A. S 5106a. | Are state courts the appropriate forum for child welfare determinations regarding abuse of a child? | "Aliens, Immigration and Citizenship - Memo 104 - RK_64746.docx" | ROSS-003297131-ROSS-003297132 |
| H.S.P. v. J.K., 223 N.J. 196 | 24+179 | A child seeking special immigrant juvenile (SIJ) status, or another individual acting on his or her behalf, must first petition for an order from a state juvenile court making findings that the juvenile satisfies certain criteria. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does a child have to petition for an order from a state juvenile court to make findings that the juvenile satisfies certain criteria to qualify for Special Immigrant Juvenile (SIJ) status? | 006771.docx | LEGALEASE-00160318-LEGALEASE-00160319 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+103 | The initial inquiry into whether a state statute relating to immigration is preempted by federal law is whether the state statute constitutes an attempted regulation of immigration that is per se preempted because of the exclusivity of federal power to regulate in the area under the United States Constitution; if this is not the case, the statute may nevertheless be preempted under a second test, which is whether it was the clear and manifest purpose of Congress to effect a complete ouster of state power-including state power to promulgate laws not in conflict with federal laws with respect to the subject matter of the state statute-because Congress intended to occupy the field to which the state statute applies. U.S.C.A. Const. Art. 6, cl. 2. | Are state statutes that regulate immigration per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution? | "Aliens, Immigration and Citizenship - Memo 141 - RK_64780.docx" | ROSS-003322590-ROSS-003322591 |
| Colorado Seminary (Univ. of Denver) v. Nat'l Collegiate Athletic Ass'n, 570 F.2d 320 | 92+4226 | Interests of student athletes, including those on athletic scholarships, in participating in intercollegiate hockey did not rise to level of constitutionally protected right invoking due process in connection with athletic association's imposition of sanctions against university for failure to declare several of its hockey players ineligible. | Do college athletes have a constitutionally protected interest in playing intercollegiate sports? | 017176.docx | LEGALEASE-00159366-LEGALEASE-00159367 |
| Elite Door & Trim v. Tapia, 355 S.W.3d 757 | 307A+594.1 | A failure to prosecute a case is not intentional or due to conscious indifference within the meaning of rule governing reinstatement of cases dismissed for want of prosecution merely because the failure is deliberate; the failure must also be without adequate justification. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Is a failure to prosecute a case not intentional or due to conscious indifference within the meaning of a rule governing reinstatement of cases dismissed for want of prosecution merely because the failure is deliberate? | 039725.docx | LEGALEASE-00159276-LEGALEASE-00159277 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| BLDG Mgmt. Co. v. Meija, 32 Misc. 3d 652 | 307A+581 | Rule governing calendar defaults, restorations, and dismissals is not applicable to summary proceedings that have been marked off calendar by the trial court or the parties for discovery; rather, the rule applies to cases which have been marked ready for trial, where one party defaults or is not ready to proceed. N.Y.Ct.Rules, S 208.14. | "Is the rule governing calendar defaults, restorations, and dismissals not applicable to summary proceedings that have been marked off calendar by the trial court or the parties for discovery?" | Pretrial Procedure - Memo 11276 - C - DA.docx | LEGALEASE-00049743-LEGALEASE-00049744 |
| Rowe v. HCA Health Servs. of Oklahoma, 130 P.3d 761 | 307A+695 | When District Court grants motion to dismiss for failure to state claim, it must grant plaintiff leave to file amended petition if defect can be remedied, and District Court has duty to specify time within which plaintiff must file amended petition; if District Court does not prescribe time, defendant who obtained dismissal has responsibility to move court to set time. 12 Okl.St.Ann. S 2012(G). | "When District Court grants motion to dismiss for failure to state claim, should it grant a plaintiff leave to file an amended petition if a defect can be remedied?" | Pretrial Procedure - Memo 11416 - C - PB_64468.docx | ROSS-003281032-ROSS-003281033 |
| Sellers v. Foster, 199 S.W.3d 385 | 307A+697 | A party whose case has been dismissed for failure to appear at a hearing due to a lack of notice of that hearing need not show that he or she has a meritorious claim to be entitled to reinstatement. | Should a party whose case has been dismissed for failure to appear at a hearing due to a lack of notice of that hearing not show that he or she has a meritorious claim to be entitled to reinstatement? | 039960.docx | LEGALEASE-00159715-LEGALEASE-00159716 |
| Petrone v. Whirlwind, 444 Pa. Super. 477 | 307A+699 | Three factors must be present in order to open non pros judgment: (1) petition to open must be promptly filed; (2) default or delay must be reasonably explained; and (3) facts must be shown to exist that support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | What three factors must be present in order to open non pros judgment? | Pretrial Procedure - Memo 11494 - C - KI_64688.docx | ROSS-003281872-ROSS-003281873 |
| Hawes v. 1997 Jeep Wrangler, 602 N.W.2d 874 | 135H+25 | In determining whether an in rem civil forfeiture is "punishment" for double jeopardy purposes, the court must first examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial, and then must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "Did the legislature intend that a drug forfeiture proceeding be civil in rem action, rather than a criminal proceeding, for purpose of determining whether forfeiture imposed """"punishment""""?" | Double Jeopardy - Memo 20 - C - KBM.docx | LEGALEASE-00050400-LEGALEASE-00050401 |
| People v. Anderson, 117 Cal. App. Supp. 763 | 135H+99 | In general, if a jury is discharged without returning a verdict, the double jeopardy bar applies unless manifest necessity required the discharge or the defendant consented to it. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | "If a jury is discharged without returning a verdict, does the double jeopardy bar apply unless manifest necessity required the discharge or the defendant consented to it?" | Double Jeopardy - Memo 68 - C - VA_65168.docx | ROSS-003278832-ROSS-003278833 |
| Koch v. Dakota Cty., 151 Neb. 506 | 200+77(2) | The statutory provision that a petition for establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of road, is jurisdictional. R.S.1943, S 39-105. | Is it necessary that the statutory provision for the establishment or vacation of a public road be signed by at least ten electors residing within five miles of the road? | Highways - Memo 445 - RK_66345.docx | ROSS-003309959-ROSS-003309960 |
| Nedell v. Sprigman, 227 A.D.2d 163 | 307A+697 | Case which is deemed abandoned and automatically dismissed for neglect to prosecute should be restored if, on motion, plaintiff can show lack of intent to abandon action, existence of meritorious cause of action, reasonable excuse for delay, and lack of substantial prejudice. McKinney's CPLR 3404. | When should a case which is deemed abandoned and automatically dismissed for neglect to prosecute be restored? | 040055.docx | LEGALEASE-00161513-LEGALEASE-00161514 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Estela v. Bristol Hosp., 165 Conn. App. 100 | 307A+696.1 | To set aside a judgment rendered after a nonsuit, there must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause; both prongs of the test must be met. C.G.S.A. S 52-212(a). | "Should a plaintiff seeking to have a nonsuit set aside establish that it had a good cause of action, the nature of which must be set forth?" | 040082.docx | LEGALEASE-00160759-LEGALEASE-00160760 |
| Florida Nat. Org. for Women v. State, 832 So. 2d 911 | 307A+695 | A party that may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory should be allowed to amend a complaint. West's F.S.A. RCP Rule 1.190(a). | Can a party that can be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory be allowed to amend a complaint? | 040250.docx | LEGALEASE-00161683-LEGALEASE-00161684 |
| Gerena v. New York State Div. of Parole, 266 A.D.2d 761 | 307A+695 | Where a party has failed to separately set forth and number allegations of a pleading as required by statute, the appropriate remedy is dismissal of the pleading with leave to replead. McKinney's CPLR 3014. | "Where a party has failed to separately set forth and number allegations of a pleading as required by statute, is the appropriate remedy dismissal of the pleading with leave to replead?" | 040265.docx | LEGALEASE-00160851-LEGALEASE-00160852 |
| Varo v. Alvis PLC, 261 A.D.2d 262 | 307A+695 | When a motion to dismiss is predicated on a claim of failure to state a cause of action, plaintiff must be afforded an opportunity to seek leave to replead. McKinney's CPLR 3211(e). | "When a motion to dismiss is predicated on a claim of failure to state a cause of action, should the plaintiff be afforded an opportunity to seek leave to replead?" | Pretrial Procedure - Memo 11622 - C - TJ_65359.docx | ROSS-003279991 |
| Aguilar v. Chastain, 923 S.W.2d 740 | 307A+695 | Court may dismiss in forma pauperis lawsuit without affording opportunity to amend given that court is under no duty to suggest voluntarily that plaintiff amend pleading; court has broad discretion to dismiss either before or after service of process. | Can a court dismiss in forma pauperis lawsuit without affording an opportunity to amend given that court is under no duty? | Pretrial Procedure - Memo 11636 - C - SN_65373.docx | ROSS-003292269 |
| Villarreal v. San Antonio Truck & Equip., 974 S.W.2d 275 | 307A+582 | In addition to the trial court's authority to dismiss a case for want of prosecution provided by the rules of civil procedure, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Does a court have the inherent power to dismiss a case, independent of the rules of civil procedure, when a plaintiff fails to prosecute its case with diligence?" | 040397.docx | LEGALEASE-00160640-LEGALEASE-00160641 |
| Smith v. Cowart, 68 So. 3d 802 | 30+3206 | The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power. | Will the dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial be reversed? | 040403.docx | LEGALEASE-00160680-LEGALEASE-00160681 |
| Jones v. Morales, 318 S.W.3d 419 | 307A+583 | A trial court is empowered to dismiss a case for want of prosecution either under Rules of Civil Procedure or its inherent power to control its docket. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Is a trial court empowered to dismiss a case for want of prosecution either under Rules of Civil Procedure or its inherent power to control its docket? | 040417.docx | LEGALEASE-00160741-LEGALEASE-00160742 |
| Lopez v. Harding, 68 S.W.3d 78 | 307A+583 | The trial judge's authority to dismiss a case for want of prosecution derives from two sources: the rules of civil procedure and the court's inherent power. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the trial judge's authority to dismiss a case for want of prosecution derive from two sources: the rules of civil procedure and the court's inherent power? | Pretrial Procedure - Memo 11754 - C - NS_65464.docx | ROSS-003295104-ROSS-003295105 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Mosley, 155 Cal. App. 4th 313 | 3.77E+10 | Determination of whether a defendant intended his words to be taken as a threat, and whether the words were sufficiently unequivocal, unconditional, immediate and specific they conveyed to the victim an immediacy of purpose and immediate prospect of execution of the threat can be based on all the surrounding circumstances and not just on the words alone; the parties' history can also be considered as one of the relevant circumstances. | Is the determination of whether a defendant intended his words to be taken as a threat based on words alone? | 046938.docx | LEGALEASE-00160889-LEGALEASE-00160890 |
| Amodeo v. Gellert & Quartararo, P.C., 26 A.D.3d 705 | 307A+685 | In order to succeed in opposing defendants' motion to dismiss based upon plaintiffs' delay in serving a complaint well beyond the 20-day time limit, plaintiffs were required to show reasonable excuse for the delay and a meritorious cause of action. McKinney's CPLR 3012(b). | "Does the determination of what constitutes a reasonable excuse for delay in serving a complaint, lie within the sound discretion of the motion court?" | 023895.docx | LEGALEASE-00161904-LEGALEASE-00161905 |
| Richter v. Prairie Farms Dairy, 2016 IL 119518 | 307A+695 | Where the circuit court dismisses a complaint, and specifies a number of days for filing an amended complaint, the court retains jurisdiction to allow the amended complaint to be filed even after the time period has expired. | "Where the circuit court dismisses a complaint specifying the number of days for filing an amended complaint, does the court retain jurisdiction to allow the amended complaint to be filed even after the expiry of the time period?" | Pretrial Procedure - Memo 11533 - C - NS_65971.docx | ROSS-003281620-ROSS-003281621 |
| Parrett v. Lebamoff, 179 Ind. App. 25 | 307A+695 | In adjudging dismissal pursuant to trial rules concerning failure to state claims, if claim is not stated court should grant motion, await expiration of ten-day period and then adjudge dismissal for failure of party to plead over, and, in alternative, party against whom motion is granted may advise court of his election not to plead over and thus authorize entry of judgment. Rule TR. 12(B)(6). | "Can the court grant the motion and await the expiration of the ten-day period, or award discretionary time for the party to plead over, and then adjudge the dismissal for failure to plead?" | Pretrial Procedure - Memo 11545 - C - NS_65978.docx | ROSS-003321253 |
| Kimmelman v. Heather Downs Mgmt. Ltd., 278 Mich. App. 569 | 307A+695 | Leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified. MCR 2.118(A)(2). | "Should leave to amend pleadings be freely granted to a nonprevailing party at summary disposition, unless amendment would be futile or otherwise unjustified?" | 040146.docx | LEGALEASE-00162144-LEGALEASE-00162145 |
| Kirby v. BancorpSouth Bank, 211 So. 3d 704 | 307A+583 | The purpose of the rule authorizing dismissal of a claim for the plaintiff's failure to prosecute is to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket and ensuring expeditious justice. Rules Civ.Proc., Rule 41(b). | Do Trial judges have the inherent authority to dismiss cases for failure to prosecute as a means of controlling the court's docket? | Pretrial Procedure - Memo 11849 - C - DA.docx | LEGALEASE-00052244-LEGALEASE-00052245 |
| Stanback v. Stanback, 297 N.C. 181 | 307A+686.1 | In ruling on motion to dismiss for failure to state a claim, allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether allegations state a claim for which relief may be granted. Rules of Civil Procedure, rule 12(b)(6), G.S. S 1A-1. | On what basis should the court determine as a matter of law whether allegations state a claim for which relief may be granted? | Pretrial Procedure - Memo 11864 - C - MS_66467.docx | ROSS-003293693-ROSS-003293694 |
| Hosey v. Lowery, 911 So. 2d 15 | 307A+583 | Trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. | "Does a court have the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute?" | 040883.docx | LEGALEASE-00162586-LEGALEASE-00162587 |
| Gray v. Jim Cuttita Agency Inc., 281 A.D.2d 785 | 307A+697 | A court retains discretion to restore a case dismissed for delay upon a showing of a sufficient excuse for the delay, a lack of intent to abandon the case, a meritorious claim, and the absence of prejudice to the nonmoving party. McKinney's CPLR 3404. | Does a court retain discretion to restore a case dismissed for delay upon a showing of a sufficient excuse for the delay? | Pretrial Procedure - Memo 11964 - C - PC_67032.docx | ROSS-003293676-ROSS-003293677 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Larios v. Superior Court, 24 Cal. 3d 324 | 135H+96 | Once a criminal defendant is placed on trial and jury is duly impaneled and sworn, a discharge of jury without a verdict is equivalent to an acquittal and bars retrial unless defendant consents to discharge or legal necessity requires it. West's Ann.Pen.Code, SS 1023, 1123; West's Ann.Const. art. 1, S 15. | Is a discharge of the entire jury without a verdict equivalent to an acquittal and bars a retrial on double jeopardy grounds unless a defendant consented to it? | 015243.docx | LEGALEASE-00163115-LEGALEASE-00163116 |
| Com. v. Lively, 530 Pa. 464 | 135H+96 | Defendant who has obtained mistrial as result of his or her own motion may invoke bar of double jeopardy in second effort to try him or her if conduct giving rise to motion was intended to provoke defendant into moving for mistrial. 18 Pa.C.S.A. SS 907, 2502(a); U.S.C.A. Const.Amend. 5. | Can a defendant who has obtained mistrial as result of his or her own motion invoke bar of double jeopardy in a second effort to try him or her? | 015335.docx | LEGALEASE-00163280-LEGALEASE-00163281 |
| Bell v. State, 1 N.E.3d 190 | 135H+97 | Double jeopardy generally is not a defense to a subsequent prosecution when mistrial had been granted in the original trial upon the defendant's motion or with his consent, or the circumstances clearly required the mistrial in the interest of justice; however, double jeopardy will bar a second prosecution when the mistrial resulted from judicial or prosecutorial overreaching. U.S.C.A.Const.Amend. 5. | Is double jeopardy generally no bar to a subsequent prosecution when a mistrial was granted in an original trial on a defendant's motion? | Double Jeopardy - Memo 348 - C - MS_66626.docx | ROSS-003280523-ROSS-003280524 |
| Corey v. Dist. Court of Vermont, Rutland Circuit, 917 F.2d 88 | 135H+95.1 | Because jeopardy attaches when jury is empaneled and sworn, double jeopardy clause may preclude second trial even if first trial is terminated before jury reaches verdict. U.S.C.A. Const.Amend. 5. | "Because jeopardy attaches when jury is empaneled and sworn, can a double jeopardy clause preclude a second trial even if first trial is terminated before a jury reaches a verdict?" | Double Jeopardy - Memo 400 - C - MS_66809.docx | ROSS-003293258-ROSS-003293259 |
| Moldovan ex rel. Moldovan v. Miller, 280 A.D.2d 362 | 307A+697 | A party seeking to restore a case dismissed as abandoned to the calendar must establish each of the following: a meritorious cause of action, a reasonable excuse for the delay, lack of intent to abandon the matter, and a lack of prejudice to the non-moving party in the event the case is restored. McKinney's CPLR 3404. | What must be established by a party seeking to restore a case dismissed as abandoned to the calendar? | Pretrial Procedure - Memo 11967 - C - PC_67035.docx | ROSS-003292666-ROSS-003292667 |
| Gibraltar Fin. Corp. v. Prestige Equip. Corp., 949 N.E.2d 314 | 349A+10 | If a court finds that a transaction did not create a security interest per se under the bright-line test of the Uniform Commercial Code (UCC), it must then consider the economic reality of the transaction to determine whether the transaction is more fairly characterized as a lease or a secured financing arrangement. West's C.R.S.A. S 4-1-203(b); West's A.I.C. 26-1-1-201(37). | Should court consider the economic reality of the transaction to determine whether the transaction is more fairly characterized as a lease or a secured financing arrangement? | Secured Transactions - Memo 24 - C - KG_67967.docx | ROSS-003280918-ROSS-003280919 |
| In re Ryan D., 100 Cal. App. 4th 854 | 3.77E+11 | When determining sufficiency of evidence in prosecution for criminal threat, it is necessary first to determine facts and then balance facts against each other to determine whether, viewed in their totality, circumstances are sufficient to meet requirement that communication convey to person threatened a gravity of purpose and an immediate prospect of execution of threat. West's Ann.Cal.Penal Code S 422. | "When determining the sufficiency of the evidence in a prosecution for a criminal threat, what is it necessary to determine?" | 047007.docx | LEGALEASE-00163439-LEGALEASE-00163440 |
| J.N.S. v. D.B.S., 302 N.J. Super. 525 | 3.77E+06 | Neither the harassment statute nor Prevention of Domestic Violence Act were intended to place trial judges in role of super monitors over modern-day parenting. N.J.S.A. 2C:25-17 et seq., 2C:33-4. | Were the harassment statute or the Prevention of Domestic Violence Act intended to place trial judges in the role of super monitors over modern-day parenting? | "Threats, Stalking and Harassment - Memo 247 - C - LB_66852.docx" | ROSS-003279728-ROSS-003279729 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Murphy, 545 N.W.2d 909 | 3.77E+11 | Terroristic threats statute is designed to deter and punish future act threatened, as well as underlying act of making threat; statute mandates that threats must be to commit future crime of violence which would terrorize victim. M.S.A. S 609.713, subd. 1. | Is the terroristic threats statute designed to deter and punish future acts that are threatened as well as the underlying act of making the threat? | 047021.docx | LEGALEASE-00163475-LEGALEASE-00163476 |
| Derigiotis v. J.M. Feighery Co., 185 Mich. App. 90 | 413+186 | Relevant factors considered under economic reality test for determining which entity is worker's employer for purposes of exclusive remedy provision of Workers' Disability Compensation Act are: control of worker's duties; payment of wages; right to hire, fire and discipline; and performance of duties as integral part of employer's business toward accomplishment of common goal. M.C.L.A. S 418.131. | "In the economic reality test, what relevant factors are considered?" | 048763.docx | LEGALEASE-00164146-LEGALEASE-00164147 |
| Eichengreen v. Rollins, 325 Ill. App. 3d 517 | 272+234 | Allegation of negligence based upon a contractual obligation, although sounding in tort rather than contract, is nonetheless defined by the contract, and thus the scope of duty is determined by the terms of the contract. | "Is an allegation of negligence based upon a contractual obligation, although sounding in tort rather than contract, nonetheless defined by the contract?" | Action - Memo 951 - C_1EPiY-DkhQ4mlsapZrxUFNHw1mM35PN04.docx | ROSS-000000029-ROSS-000000030 |
| Ex parte Falk, 449 S.W.3d 500 | 135H+59 | In cases tried before a jury, a defendant is placed in jeopardy, for double jeopardy purposes, when the jury is empaneled and sworn, and because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Will the constitutional protection embrace the defendant's valued right to have his trial completed by a particular tribunal? | Double Jeopardy - Memo 997 - C - PC_67728.docx | ROSS-003311341-ROSS-003311342 |
| Indiana High Sch. Athletic Ass'n v. Cade, 51 N.E.3d 1225 | 141E+968 | In reviewing a decision of the Indiana High School Athletic Association (IHSAA), the courts do not review the decision de novo and do not substitute their judgment for the association's; instead, courts apply an arbitrary and capricious standard and analyze the record as a whole to determine whether substantial evidence supports the IHSAA's findings. | What is the standard of review courts use in reviewing action taken by athletic association? | 017324.docx | LEGALEASE-00164376-LEGALEASE-00164377 |
| Jones v. Nat'l Collegiate Athletic Ass'n, 679 So. 2d 381 | 212+1331 | The National Collegiate Athletic Association (NCAA) is a private association and not a state actor, and thus it should not have been enjoined from enforcing its determination that a student was ineligible to play college football under the NCAA's five-year rule, absent showing that it acted in an arbitrary, capricious, unfair or discriminatory manner. | Do courts have jurisdiction to enjoin intercollegiate athletic associations from taking action or enforcing an order? | 017326.docx | LEGALEASE-00164378-LEGALEASE-00164380 |
| Therrien v. Mercantile-Commerce Bank & Tr. Co., 360 Mo. 149 | 302+214(5) | In ruling upon a general demurrer, all properly pleaded facts and all inferences of fact that may fairly and reasonably be drawn therefrom must be taken as true; but neither conclusions of law nor conclusions of pleader on the facts are admitted by the demurrer. V.A.M.S. SS 509.250, 509.270, 509.300. | "In ruling upon a general demurrer, should all properly pleaded facts and all inferences of fact that may fairly and reasonably be drawn therefrom be taken as true?" | Pleading - Memo 652 - RMM_67284.docx | ROSS-003281236-ROSS-003281237 |
| Manning v. North, 82 S.W.3d 706 | 307A+699 | If a dismissal order is silent, plaintiffs seeking reinstatement must negate all possible grounds for dismissal, including whether dismissal was prompted by a lack of due diligence in prosecuting suit or for a violation of the Supreme Court's standards. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "If a dismissal order is silent, should plaintiffs seeking reinstatement negate all possible grounds for dismissal?" | 040978.docx | LEGALEASE-00164795-LEGALEASE-00164796 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Ervin, 158 Wash. 2d 746 | 135H+1 | The double jeopardy clause applies where (1) jeopardy has previously attached, (2) that jeopardy has terminated, and (3) the defendant is in jeopardy a second time for the same offense in fact and law; where these elements have been met, the double jeopardy clause bars the State from retrying a defendant. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | "Does double jeopardy clause apply where jeopardy has previously attached, jeopardy has terminated, and the defendant is in jeopardy a second time for the same offense in fact and law?" | 016096.docx | LEGALEASE-00165845-LEGALEASE-00165846 |
| Mansfield v. United States, 800 F. Supp. 2d 84 | 135H+1 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy clause afford a defendant protection against a second prosecution for the same offense after conviction? | Double Jeopardy - Memo 896 - C - RF_67685.docx | ROSS-003281864-ROSS-003281865 |
| Auto. Leasing Specialists v. Little, 392 B.R. 222 | 349A+10 | Under Louisiana law, a provision in a contract requiring the lessee to remain financially liable to the lessor for payments that become due after the termination date does not constitute the right to terminate under statute in effect prior to 2006 which governed the issue of whether a transaction created a true lease or a security interest. LSA-R.S. 10:1-201(37). | Does a provision in a contract requiring the lessee to remain financially liable to the lessor for payments that become due after the termination date not constitute the right to terminate? | 042797.docx | LEGALEASE-00166018-LEGALEASE-00166019 |
| United States v. Morse, 613 F.3d 787 | 135H+30 | As long as the sentence previously imposed was within the authorized statutory limits for that earlier crime, enhancing a sentence for a separate crime with the same conduct does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | Does enhancing a sentence for a separate crime with the same conduct constitute punishment for that conduct within the meaning of the Double Jeopardy Clause? | 014873.docx | LEGALEASE-00166194-LEGALEASE-00166195 |
| State v. Nunez, 129 N.M. 63 | 135H+25 | The Double Jeopardy Clause of the federal constitution does not prevent the state from bringing separate criminal and civil forfeiture actions for the same offense under the Controlled Substances Act. U.S.C.A. Const.Amend. 5; NMSA 1978, S 30-31-34. | Does the Double Jeopardy Clause of the federal constitution not prevent the state from bringing separate criminal and civil forfeiture actions for the same offense under the Controlled Substances Act? | Double Jeopardy - Memo 515 - C - KS_68294.docx | ROSS-003280995-ROSS-003280996 |
| City of Billings ex rel. Huertas v. Billings Mun. Court, 404 P.3d 709 | 135H+96 | After a defendant's double jeopardy rights are implicated and a mistrial is declared, a second criminal trial is barred unless there was a manifest necessity to terminate the trial or the defendant acquiesced in the termination. U.S. Const. Amend. 5; Mont. Const. art. 2, S 25. | "After a defendant's double jeopardy rights are implicated and a mistrial is declared, is a second criminal trial barred unless there was a manifest necessity to terminate the trial?" | 015892.docx | LEGALEASE-00166254-LEGALEASE-00166255 |
| Durkin v. Davis, 814 So. 2d 1246 | 307A+695 | A dismissal with prejudice should not be ordered without giving the party an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a cause of action. | Should a dismissal with prejudice not be ordered without giving the party an opportunity to amend unless it is clear that the pleading cannot be amended to state a cause of action? | Pretrial Procedure - Memo 12050 - C - KG_68458.docx | ROSS-003294682-ROSS-003294683 |
| Turk v. TIG Ins. Co., 616 F. Supp. 2d 1044 | 13+27(1) | Under Nevada law, a claim for breach of duty of good faith and fair dealing sounds in tort when a special element of reliance or fiduciary duty exists between the parties. | Does a claim for breach of duty of good faith and fair dealing sound in tort when a special element of reliance or fiduciary duty exists between the parties? | Action - Memo 977 - C _1bA0D045f4TzBisT25yZ NavD-DWjsB7Jk.docx | ROSS-000000078-ROSS-000000079 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Critelli, 237 Iowa 1271 | 135H+99 | Generally, a court may discharge a jury without working an acquittal of the defendant, in any case where the ends of justice, under the circumstances will otherwise be defeated, but court, in its sound discretion, is justified in exercising the power only in case of manifest necessity. Code 1946, SS 777.20, 784.4; Const. art. 1, S 12. | "Can a court discharge a jury without working an acquittal of accused in any case where ends of justice, under circumstances, would otherwise be defeated?" | Double Jeopardy - Memo 571 - C - SHB_68350.docx | ROSS-003280354-ROSS-003280355 |
| Yudashkin v. Linzmeyer, 247 Mich. App. 642 | 307A+695 | If trial court grants summary disposition because the opposing party has failed to state a claim on which relief can be granted, the opposing party has failed to state a valid defense to the claim asserted against him or her, or there is no genuine issue as to any material fact except as to the amount of damages and the moving party is entitled to judgment as a matter of law, the court must give the parties an opportunity to amend their pleadings, unless the amendment would be futile. MCR 2.116(C)(8-10), (I)(5), 2.118. | Should the court give the parties an opportunity to amend their pleadings upon granting summary disposition because the opposing party has failed to state a claim on which relief can be granted? | 040844.docx | LEGALEASE-00166877-LEGALEASE-00166878 |
| In re Durham, 260 B.R. 383 | 349A+10 | Determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law, and often dependent upon the peculiar facts of each creditor-debtor relationship. | Is the determination of whether a transaction constitutes a true lease or a disguised security agreement a matter of state law? | Secured Transactions - Memo 101 - C - SHB_68734.docx | ROSS-003293791-ROSS-003293792 |
| Meadowlands Reg'l Dev. Agency v. State, 112 N.J. Super. 89 | 371+2016 | The Legislature may properly delegate incidents of taxing power, such as the functions of computation, appraisal and adjustment, to appointive officials without running afoul of the proscription against delegation of the power itself thereto. N.J.S.A.Const.1947, Art. IV, S I, par. 1; S VII, par. 9(6). | Can the Legislature properly delegate incidents of taxing to appointive officials without running afoul of the proscription against delegation of the power itself thereto? | Taxation - Memo 1354 - C - NK_68548.docx | ROSS-003279538-ROSS-003279539 |
| Hawkins v. Tennessee Dep't of Correction, 127 S.W.3d 749 | 401+17 | Even though venue is considered a personal privilege of the defendant that can be waived if not raised in a timely manner, waiver is not available when a transitory action has been localized by statute; in that situation, venue has become part of thecourt's authority to hear a particular action and is, therefore, jurisdictional. | Can one waive or consent to venue when a transitory action has been localized by statute? | 00801.docx | LEGALEASE-00081594-LEGALEASE-00081595 |
| Dixie Nat. Bank of Dade Cty. v. Employers Commercial Union Ins. Co. of Am., 463 So. 2d 1147 | 217+3513(3) | An insurer is entitled to subrogation to recover from any third party who is legally obligated for the actual loss sustained by its insurer; however, the right to subrogation is not absolute but depends upon the equities and attending facts and circumstances of each case; in order to state a cause of action, the subrogation claimant must affirmatively establish superior equities in himself over the one against whom subrogation is sought to be enforced. | What must a subrogation claimant establish in order to state a cause of action? | 07774.docx | LEGALEASE-00081921-LEGALEASE-00081922 |
| Dixie Nat. Bank of Dade Cty. v. Employers Commercial Union Ins. Co. of Am., 463 So. 2d 1147 | 217+3513(3) | An insurer is entitled to subrogation to recover from any third party who is legally obligated for the actual loss sustained by its insurer; however, the right to subrogation is not absolute but depends upon the equities and attending facts and circumstances of each case; in order to state a cause of action, the subrogation claimant must affirmatively establish superior equities in himself over the one against whom subrogation is sought to be enforced. | What must a subrogation claimant establish in order to state a cause of action? | 06499.docx | LEGALEASE-00081965-LEGALEASE-00081966 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dixie Nat. Bank of Dade Cty. v. Employers Commercial Union Ins. Co. of Am., 463 So. 2d 1147 | 217+3513(3) | An insurer is entitled to subrogation to recover from any third party who is legally obligated for the actual loss sustained by its insurer; however, the right to subrogation is not absolute but depends upon the equities and attending facts and circumstances of each case; in order to state a cause of action, the subrogation claimant must affirmatively establish superior equities in himself over the one against whom subrogation is sought to be enforced. | What must a subrogation claimant establish in order to state a cause of action? | 14755.docx | LEGALEASE-00081990-LEGALEASE-00081991 |
| Dixie Nat. Bank of Dade Cty. v. Employers Commercial Union Ins. Co. of Am., 463 So. 2d 1147 | 217+3513(3) | An insurer is entitled to subrogation to recover from any third party who is legally obligated for the actual loss sustained by its insurer; however, the right to subrogation is not absolute but depends upon the equities and attending facts and circumstances of each case; in order to state a cause of action, the subrogation claimant must affirmatively establish superior equities in himself over the one against whom subrogation is sought to be enforced. | What must a subrogation claimant establish in order to state a cause of action? | 06590.docx | LEGALEASE-00082208-LEGALEASE-00082209 |
| Am. Home Assur. Co. v. City of OpaLocka, 368 So. 2d 416 | 366+1 | Subrogation, a creation of equity, is founded on the principle of doing justice without regard to form and was designed to afford relief to one who is required to pay a legal obligation which ought to have been met either wholly or partially by another. | "Does equitable subrogation apply when a legal obligation ought to have been met, either wholly or partially, by another? " | 05144.docx | LEGALEASE-00084222-LEGALEASE-00084223 |
| Schweitzer v. Westminster Investments, 157 Cal. App. 4th 1195 | 307A+3 | A motion in limine at the beginning of trial serves the same function as a motion to exclude, by allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction. West's Ann.Cal.Evid.Code S 353. | "Does a motion in limine at the beginning of trial serve the same function as a motion to exclude, by allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction?" | Pretrial Procedure - Memo  # 186 - C - ES.docx | ROSS-003326158-ROSS-003326159 |
| Schweitzer v. Westminster Investments, 157 Cal. App. 4th 1195 | 307A+3 | A motion in limine at the beginning of trial serves the same function as a motion to exclude, by allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction. West's Ann.Cal.Evid.Code S 353. | "Does a motion in limine at the beginning of trial serve the same function as a motion to exclude, by allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction? " | 05690.docx | LEGALEASE-00085013-LEGALEASE-00085014 |
| Occidental Chem. Corp. v. OHM Remediation Servs. Corp., 175 F.R.D. 431 | 311H+159 | Attorney-client privilege may cover communications made to agents of attorney hired to assist in rendition of legal services; thus, attorney-client privilege can attach to reports of third parties made at request of attorney or client where purpose of report was to put in usable form information obtained from client. | Are agents of an attorney covered by attorney-client privilege? | 05864.docx | LEGALEASE-00089192-LEGALEASE-00089193 |
| Bivona v. Danna & Assocs., P.C., 123 A.D.3d 956 | 307A+561.1 | A motion to dismiss a cause of action based on a defense founded in documentary evidence may be granted only if documentary evidence utterly refutes plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss a cause of action based on a defense founded in documentary evidence be granted? | 10947.docx | LEGALEASE-00094071-LEGALEASE-00094072 |
| MBIA Ins. Corp. v. Countrywide Home Loans, 34 Misc. 3d 895 | 307A+683 | When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law because it either does not apply under the factual circumstances of the case or fails to state a defense. McKinney's CPLR 3211(b). | Why should the plaintiff bear the burden to demonstrate that the affirmative defense is without merit as a matter of law? | 10949.docx | LEGALEASE-00094240-LEGALEASE-00094241 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+683 | Once a defendant satisfies the initial burden of presenting affirmative matter, in moving for dismissal under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619. | "Once the burden shifts to plaintiff, can he establish that the defense requires the resolution of an essential element of material fact before it is proven?  " | 10276.docx | LEGALEASE-00095680-LEGALEASE-00095681 |
| Anson v. Erlanger Minerals and Metals, 702 P.2d 393 | 237+1 | Constitutionally required fault elements underlying liability for defamation are willfulness and negligence; liability attaches to anyone who publishes defamatory falsehood concerning private person or public official or figure regarding purely private matter not affecting his official conduct, fitness or capacity if utterer knows statement is false or if publisher acts in reckless disregard of whether such statement is false or not, or if speaker acts negligently in failing to ascertain that statement is false. 76 O.S.1981, S 5(a). | When can liability for defamation be imposed on a defendant? | 004782.docx | LEGALEASE-00117042-LEGALEASE-00117043 |
| Fin. Sec. Assur. v. Stephens, 500 F.3d 1276 | 366+1 | "Subrogation" is the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities?" | Subrogation - Memo # 655 - C - SA.docx | ROSS-003282727-ROSS-003282728 |
| Bacon v. DBI/SALA, 284 Neb. 579 | 413+1065 | In a wrap-up insurance program, pursuant to a waiver of subrogation clause, contractors and subcontractors, on a large construction project, all in relatively equal bargaining positions, exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner, which risk is then transferred to the owner's workers' compensation insurer for valuable consideration. | Do contractors and subcontractors exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner in a wrap-up insurance program? | 043524.docx | LEGALEASE-00127693-LEGALEASE-00127694 |
| Willetts v. Browning, 198 A.D. 551 | 307A+501 | While plaintiff should generally be given leave to discontinue on the payment of costs and disbursements to the time of making the application, that rule is subject to limitations, and discontinuance should not be permitted where special circumstances render the granting of the relief unjust. | Should a plaintiff be given permission to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application without any limitations? | Pretrial Procedure - Memo # 1386 - C - DA.docx | ROSS-003287565-ROSS-003287566 |
| Travelers Prop. Cas. Co. of Am. v. Twine, 120 Conn. App. 823 | 307A+517.1 | The effect of a withdrawal of a complaint, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket; unless the action is restored to the docket, the court cannot proceed with it further. C.G.S.A. S 52-80. | "Is the effect of a withdrawal of a complaint, so far as the pendency of the action is concerned, strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket?" | Pretrial Procedure - Memo # 2347 - C - KG.docx | ROSS-003315129-ROSS-003315130 |
| Prigg v. Preston, 28 Pa. Super. 272 | 113+12(2) | Before a mere usage of trade or a custom can become so firmly imbedded in the law as to govern the rights of parties, it must be so certain, uniform, and notorious as probably to be known to and understood by the parties entering into the contract. | When can the mere usage of trade or a custom become so firmly imbedded in the law as to govern the rights of parties? | 014179.docx | LEGALEASE-00141837-LEGALEASE-00141838 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cabinetree of Wisconsin v. Kraftmaid Cabinetry, 50 F.3d 388 | 25T+182(2) | While normally decision to proceed in judicial forum is waiver of arbitration, variety of circumstances may make case abnormal, and then district court should find no waiver or should permit previous waiver to be rescinded. | Should the court find no waiver or permit a previous waiver to be rescinded when a variety of circumstances may make the case abnormal? | 007895.docx | LEGALEASE-00148960-LEGALEASE-00148962 |
| Harvard Crimson v. President And Fellows Of Harvard Coll., 445 Mass. 745 | 307A+622 | Purpose of motion to dismiss for failure to state a claim upon which relief can be granted is to permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient. Rules Civ.Proc., Rule 12, 43A M.G.L.A.(b)(6). | Is dismissal for failure to state a claim upon which relief can be granted appropriate where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient? | 036999.docx | LEGALEASE-00150357-LEGALEASE-00150358 |
| Brazilia v. Collector of St. Louis Cty., 117 S.W.3d 704 | 307A+685 | Whether there is subject matter jurisdiction is a question of fact left to the sound discretion of a trial court, on motion to dismiss for lack of subject matter jurisdiction; the court may review affidavits, exhibits and other evidence to determine jurisdiction. | "Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of a trial court, on a motion to dismiss for lack of subject matter jurisdiction ?" | 037739.docx | LEGALEASE-00151805-LEGALEASE-00151806 |
| Toise v. Rowe, 82 Conn. App. 306 | 141E+1234 | Decision by Bureau of Rehabilitation Services denying retroactive payments for graduate school tuition at private university did not violate purposes and intent of Rehabilitation Act of 1973; student was not guaranteed optimum employment, and federal regulation prohibited Bureau from making retroactive payments. Rehabilitation Act of 1973, SS 2(a)(6)(B), (b)(2), 100(a)(3)(B), as amended, 29 U.S.C.A. SS 701(a)(6)(B), (b)(2), 720(a)(3)(B); 34 C.F.R. S 361.44 (1996). | Can a disabled student receive retroactive payments or reimbursement for tuition assistance under the Rehabilitation Act? | 017081.docx | LEGALEASE-00154821-LEGALEASE-00154822 |
| Com. v. Swan, 73 Mass. App. Ct. 258 | 281+126 | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | What is required to prove open lewdness? | 014373.docx | LEGALEASE-00155754-LEGALEASE-00155755 |
| Kirby v. BancorpSouth Bank, 211 So. 3d 704 | 307A+583 | The purpose of the rule authorizing dismissal of a claim for the plaintiff's failure to prosecute is to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket and ensuring expeditious justice. Rules Civ.Proc., Rule 41(b). | Do Trial judges have the inherent authority to dismiss cases for failure to prosecute as a means of controlling the court's docket | 040623.docx | LEGALEASE-00162458-LEGALEASE-00162459 |
| People v. Mosley, 155 Cal. App. 4th 313 | 3.77E+10 | Determination of whether a defendant intended his words to be taken as a threat, and whether the words were sufficiently unequivocal, unconditional, immediate and specific they conveyed to the victim an immediacy of purpose and immediate prospect of execution of the threat can be based on all the surrounding circumstances and not just on the words alone; the parties' history can also be considered as one of the relevant circumstances. | Is the determination of whether a defendant intended his words to be taken as a threat based on words alone? | "Threats, Stalking and Harassment - Memo 202 - C - LB_65502.docx" | ROSS-003280922 |
| Slowke v. Altermatt, 293 Mich. 360 | 307A+501 | A plaintiff's common law right to dismiss action or submit to voluntary nonsuit still exists, except as modified by statute or court rule. | "Does a plaintiffs common law right to dismiss an action or submit to a voluntary nonsuit still exist, except as modified by statute or court rule?" | Pretrial Procedure - Memo # 1300 - C - PB.docx | ROSS-003286095-ROSS-003286096 |
| In re Marriage of Chesrow, 255 Ill. App. 3d 613 | 307A+714 | Party seeking continuance must provide court with especially grave reasons for continuance once case has reached trial stage because of potential inconvenience to witnesses, parties, and court. Sup.Ct.Rules, Rule 231(f). | "Should the party seeking continuance provide a trial court with especially grave reasons for continuance once a case has reached the trial stage because of potential inconvenience to witnesses, parties, and court? " | Pretrial Procedure - Memo # 4095 - C - CK.docx | ROSS-003291735-ROSS-003291736 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Prison Health Servs. v. Mitchell, 256 Ga. App. 537 | 307A+695 | A plaintiff may avoid renewal statute's requirement that he pay court costs in first suit before re-filing previously dismissed action where he demonstrates that the costs were unknown to him after a good faith effort to ascertain them, and further shows that any subsequently discovered costs were paid within a reasonable time. O.C.G.A. SS 9-2-61(a), 9-11-41(d). | Can a plaintiff avoid a renewal statute's requirement that he pay court costs in the first suit before re-filing previously dismissed an action where he demonstrates that the costs were unknown to him after a good faith effort to ascertain them? | Pretrial Procedure - Memo 12049 - C - KG_68457.docx | ROSS-003293927-ROSS-003293928 |
| United States v. Murphy, 84 F. 609 | 221+212 | A combination of a number of men in the United States, with a common intent to proceed in a body to a foreign territory, and engage in hostilities, either by themselves or in co-operation with others, against a power with whom the United States are at peace, constitutes a military expedition, when they actually proceed from the United States, whether they are then provided with arms, or intend to secure them in transit. It is not necessary that all the persons shall be brought in personal contact with each other in the United States, or that they shall be drilled, uniformed, or prepared for efficient service. | What constitutes a military expedition? | Neutrality Laws - Memo 1 - SB.docx | ROSS-003297961-ROSS-003297962 |
| One Bluff Drive v. K.A.P., 330 Ga. App. 45 | 307A+3 | By its very nature, grant of motion in limine excluding evidence suggests that there is no circumstance under which evidence under scrutiny is likely to be admissible at trial, and in light of that absolute, grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | Is the grant of a motion in limine excluding evidence a judicial power which must be exercised with great care? | Pretrial Procedure - Memo 375 - RK.docx | ROSS-003298575-ROSS-003298576 |
| In re City Nat. Bank, 257 S.W.3d 452 | 401+17 | A party must allege two venue facts, and establish them by prima facie proof if specifically denied, to show venue in a suit involving an interest in property: (1) that the nature of the suit fits within those listed in relevant venue statute, and (2) that all or part of the realty at issue is located in the county of suit. V.T.C.A., Civil Practice & Remedies Code S 15.011. | What are the two venue facts that must be established to show that venue is mandatory under the venue statute? | Venue - Memo 66 - JS.docx | ROSS-003301690-ROSS-003301691 |
| Mahler v. Szucs, 135 Wash. 2d 398 | 366+1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | "Is subrogation an equitable doctrine, the essential purpose of which is to provide for a proper allocation of payment responsibility?" | Subrogation - Memo # 537 - C - NO.docx | ROSS-003312840-ROSS-003312842 |
| In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on Sept. 2, 1998, 210 F. Supp. 2d 570 | 221+137 | Under generally accepted principles of international law, the navigable sea is divided into three zones: inland waters; territorial waters extending seaward from a defined coastal baseline; and the high seas, international waters beyond the limit of a sovereign's territorial sea. | Under generally accepted principles of international law into how many zones is the navigable sea divided? | International Law - Memo # 5 - C - LK.docx | ROSS-003314003-ROSS-003314004 |
| Perez v. New York City Hous. Auth., 290 A.D.2d 265 | 307A+746 | A dismissal of an action based on a plaintiff's failure to appear at a calendar call should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Should a dismissal of an action based on a plaintiff's failure to appear at a calendar call be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action? | Pretrial Procedure - Memo # 6630 - C - KG.docx | ROSS-003315346-ROSS-003315347 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Carter v. VistaCare, 335 Ga. App. 616 | 307A+486 | The moving party's burden on a motion to withdraw admissions is not perfunctorily satisfied, and the failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw. West's Ga.CodeAnn. S 9-11-36(b). | "Is the moving party's burden on a motion to withdraw admissions perfunctorily satisfied, and the failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw?" | Pretrial Procedure - Memo # 2749 - C - SHB.docx | ROSS-003317296-ROSS-003317297 |
| Doe I v. State of Israel, 400 F. Supp. 2d 8 | 221+342 | When it applies, the act of state doctrine is a rule of law that requires courts to presume that actions taken within a foreign sovereign's own territory are valid. | Is the act of state doctrine a rule of law that requires courts to presume that actions taken within a foreign sovereign's own territory are valid? | International Law - Memo # 528 - TH.docx | ROSS-003325072-ROSS-003325074 |
| Rohan v. Detroit Racing Ass'n, 314 Mich. 326 | 361+1624(20) | Where title of act stated that its object and purpose were to regulate and license horse racing meets, to create office of racing commissioner, to prescribe his powers and duties, to provide for his salary and expenses, to legalize pari-mutuel method of betting at licensed race meets, and to appropriate funds derived therefrom, provision in act authorizing Department of Agriculture to lease state-owned land under its control was unconstitutional for failure of title to give notice of object or purpose of such provision. Comp.Laws Supp.1940, S 9234-49; Const. art. 5, S 21. | Can the state racing commissions regulate horse racing? | 000027.docx | LEGALEASE-00115685-LEGALEASE-00115686 |
| Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306 | 92+3881 | A fundamental requirement of due process of law in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections; and the notice must be of such nature that it reasonably conveys the required information, and must afford a reasonable time for those interested to make their appearance; but if, with due regard for practicalities and peculiarities of the case, those conditions are reasonably met, the constitutional requirements are satisfied. U.S.C.A. Const.Amend. 14. | What are the requisites of a notice under due process? | 000250.docx | LEGALEASE-00115545-LEGALEASE-00115547 |
| Jenkins v. St. Tammany Par. Police Jury, 736 So. 2d 1287 | 414+1002 | "Zoning" is a general plan designed to foster improvement by confining certain classes of building and uses of property to certain localities, and its purpose is to reduce or eliminate the adverse effects that one type of land use might have on another. | Is the elimination of adverse effects of land use considered as a purpose of zoning? | 000307.docx | LEGALEASE-00115740-LEGALEASE-00115741 |
| Livesay v. Keaton, 611 S.W.2d 581 | 315+369 | To establish title by prescription, holder must prove each element of doctrine and thus must show that holder has been in exclusive and uninterrupted possession of land in question for more than 20 years, claiming same as his own without any account with his cotenants or claim on their part, they being under no disability to assert their rights, and it must be shown that holder's occupancy was not by permission, either actually or implied, of other cotenants. | What are the elements necessary to claim title by prescription? | 003863.docx | LEGALEASE-00115857-LEGALEASE-00115859 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Indep. Pier Co., 209 B.R. 333 | 38+48 | Under Pennsylvania law, party that cannot demonstrate legal assignment may nevertheless invoke doctrine of "equitable assignment," which is any order, writing or act by assignor that makes absolute appropriation of chose in action or fund to use of assignee with intention to transfer present interest, although not mounting to legal assignment. | What is the distinction between a legal assignment and an equitable assignment? | 003893.docx | LEGALEASE-00115904-LEGALEASE-00115906 |
| Town & Country Bank of Springfield v. Country Mut. Ins. Co., 121 Ill. App. 3d 216 | 38+24(2) | Cause of action for personal injuries is not assignable because litigious person could harass and annoy others if allowed to purchase claims for pain and suffering and pursue the claims in court as assignee and because all assignments are void unless the assignor has actually or potentially the thing which he attempts to assign. | Are assignments void unless the assignor has actually or potentially the thing he attempts to assign?l | Assignments - Memo 36 - JS.docx | LEGALEASE-00001179-LEGALEASE-00001182 |
| United States v. Spears, 697 F.3d 592 | 181+17 | A "false identification document" within the meaning of statute criminalizing the possession of five or more false identification documents, is an identification document that, although not issued by or under the authority of the government, nonetheless appears to a reasonable person of ordinary intelligence to be issued by or under the authority of the government; the document need not be an exact replica of a government-issued identity card, but it must at least appear to be government-issued and of a type commonly accepted for identification. 18 U.S.C.A. S 1028(a)(3), (d)(4). | What constitute a false identification document? | Forgery - Memo 34 - JS.docx | ROSS-003297076-ROSS-003297077 |
| Town & Country Bank of Springfield v. Country Mut. Ins. Co., 121 Ill. App. 3d 216 | 38+24(2) | Cause of action for personal injuries is not assignable because litigious person could harass and annoy others if allowed to purchase claims for pain and suffering and pursue the claims in court as assignee and because all assignments are void unless the assignor has actually or potentially the thing which he attempts to assign. | Are assignments void unless the assignor has actually or potentially the thing he attempts to assign? | 003993.docx | LEGALEASE-00116005-LEGALEASE-00116008 |
| United States v. Carvajal, 924 F. Supp. 2d 219 | 110+97(3) | Maritime Drug Law Enforcement Act (MDLEA) applies extraterritorially; Congress criminalized "attempting or conspiring" to "knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board," there is no territorial limitation in the statutory text, and the offenses reached by it are not logically dependent on their locality for United States jurisdiction. 46 U.S.C.A. SS 70503(a)(1), 70506(b). | Does the Maritime Drug Law Enforcement Act apply to acts committed outside the territorial jurisdiction of the United States? | 004097.docx | LEGALEASE-00116199-LEGALEASE-00116201 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Howard v. Ferrellgas Partners, 748 F.3d 975 | 25T+111 | When it is apparent from a quick look at the case that no material disputes of fact exist as to whether the parties agreed to arbitrate, it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and by viewing the facts in the light most favorable to the party opposing arbitration, and in these circumstances, the Federal Arbitration Act's (FAA) summary trial can look a lot like summary judgment, but when a quick look at the case suggests material disputes of fact do exist on the question whether the parties agreed to arbitrate, round after round of discovery and motions practice is not the answer, and parties should not have to endure years of waiting and exhaust legions of photocopiers in discovery and motions practice merely to learn where their dispute will be heard. 9 U.S.C.A. S 4. | How will the district court decide an arbitration question? | Alternative Dispute Resolution - Memo 13 - JS.docx | ROSS-003310202-ROSS-003310204 |
| Horn v. Int'l Bus. Machines Corp., 110 A.D.2d 87 | 149E+578 | Literal compliance with Environmental Quality Act's procedural requirements for integrating environmental considerations into decision-making process is mandated; however, state or local "lead agencies" are allowed considerable latitude in exercise of discretion on substantive environmental matters. McKinney's ECL S 8-0101 et seq. | Do the courts allow state or local agencies considerable latitude in the exercise of discretion on substantive environmental matters? | Environmental Law - Memo_1OjoO_GFwUXBL 9eBKNI2_wfs23iD1lD3A.d oc | ROSS-000076032-ROSS-000076034 |
| Sanbutch Properties v. United States, 343 F. Supp. 611 | 272+232 | Under California law, "negligence" is either the omission of a person to do something which an ordinarily prudent person would have done under given circumstances, or the doing of something which an ordinarily prudent person would not have done under such circumstances; it is not absolute or to be measured in all cases in accordance with some precise standard, but always relates to some circumstance of time, place and reason. | Can negligence be measured in all cases in accordance with some precise standard? | 004442.docx | LEGALEASE-00116667-LEGALEASE-00116668 |
| Sch. Bd. of City of Harrisonburg v. Alexander, 126 Va. 407 | 148+1 | It is said that, in the construction of statutes conferring the power of eminent domain, every reasonable doubt is to be solved adversely to the right; that the affirmative must be shown, as silence is negation; and that unless both the spirit and letter of the statute clearly confer the power it cannot be exercised. | Can the power of eminent domain be exercised if a statute doesnt clearly confer the power? | Eminent Domain - Memo 17 - AKA.doc | LEGALEASE-00002803-LEGALEASE-00002805 |
| Matter of Rubicon, 670 So. 2d 475 | 1.49E+19 | When Department of Environmental Quality (DEQ) renders decision in contested case involving complex issues, decision should at least contain: general recitation of facts as presented by all sides; basic finding of facts as supported by record; response to all reasonable public comments; conclusion or conclusions on all issues raised which rationally support order issued; and any and all other matters which rationally support DEQ's decision. | What steps must the Department of Environmental Quality (DEQ) take in order to make a decision? | 005020.docx | LEGALEASE-00117210-LEGALEASE-00117212 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Opinion of the Justices, 133 Me. 525 | 92+2401 | Legislative authority of the government may be exercised only by a quorum of the two bodies of the general court; although the legislature may delegate a portion of the legislative authority to an administrative agency which is not subject to this requirement, it may not delegate its lawmaking authority to a smaller legislative body and thereby evade the requirement for action by a majority of both legislative bodies. Const.Pt. 2, Arts. 20, 37. | Can the legislature delegate its authority to a smaller legislative body in order to evade the requirement for action by a majority of a quorum of both legislative bodies? | 000323.docx | LEGALEASE-00117675-LEGALEASE-00117676 |
| Hamaker v. Am. States Ins. Co. of Texas, 493 S.W.2d 893 | 217+1025 | By enacting articles authorizing Board of Insurance to regulate coverage of policies by prescribing standard forms, clauses and endorsements, legislature exercised its power to regulate a business affected with a public interest and did not improperly delegate its legislative power. V.A.T.S. Insurance Code, arts. 5.35, 5.36. | Is delegation of authority to a State Board of Insurance to promulgate and establish uniform policies a constitutional delegation of legislative power? | 000335.docx | LEGALEASE-00117687-LEGALEASE-00117688 |
| Wachs v. Winter, 569 F. Supp. 1438 | 237+88 | Under New York law, there are two general classes of compensatory damages for defamation: general damages which law presumes to be natural, proximate, and necessary result of publication, and special damages which, although natural and probable consequences thereof, are not assumed to be necessary and inevitable; special damages must generally be shown by allegation and proof, but where language is libelous per se, plaintiff need not plead or prove special damages in order to recover them. | What are the two major categories of compensatory damages in a defamation claim? | 000587.docx | LEGALEASE-00117927-LEGALEASE-00117928 |
| Hoover v. New Holland N. Am., 23 N.Y.3d 41 | 313A+152 | Although a product manufacturer's responsibilities do not extend to designing a product that is impossible to abuse or one whose safety features may not be circumvented, it must still use reasonable care in designing a product that is reasonably safe for all of its intended uses and foreseeable misuses. | Does a manufacturer have a duty to design and manufacture a product that is reasonably safe for its intended use? | 000649.docx | LEGALEASE-00117898-LEGALEASE-00117899 |
| Banc One Acceptance Corp. v. Hill, 367 F.3d 426 | 25T+113 | While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate; nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. 9 U.S.C.A. S 4. | Does the strong federal policy favouring arbitration apply to the initial determination of whether there is a valid arbitration agreement? | Alternative Dispute Resolution - Memo 153 - RK.docx | ROSS-003297372-ROSS-003297374 |
| Carpenters & Joiners Union of Am., Local No. 213 v. Ritter's Cafe, 315 U.S. 722 | 231H+1 | The rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry are subject to modification or qualification in the interests of the society in which they exist. | Is the rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry subject to modification? | Labor and Employment - Memo 10 - VP.docx | LEGALEASE-00004952-LEGALEASE-00004953 |
| O'Brien v. Rautenbush, 10 Ill. 2d 167 | 413+11 | Primary purpose of Workmen's Compensation Act is to provide employees a prompt, sure, and definite compensation, together with a quick and efficient remedy, for injuries or death suffered by such employees in course of their employment and to require cost of such injuries to be borne by industry itself and not by its individual members. S.H.A. ch. 48, S 138.1 et seq. | What is the primary purpose of the Workmen's Compensation Act? | 001369.docx | LEGALEASE-00118132-LEGALEASE-00118133 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Seureau v. ExxonMobil Corp., 274 S.W.3d 206 | 226H+1 | The essential elements of a joint enterprise, which interrelate, require: (1) an agreement, express or implied, among the group members; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that common purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, giving rise to an equal right of control over the enterprise or project formed to carry out that purpose. | What are the essential elements of a joint venture? | 022098.docx | LEGALEASE-00118273-LEGALEASE-00118274 |
| Ball v. Taylor, 416 F.3d 915 | 237+21 | Under Iowa law, although defamatory words must refer to an ascertainable person, the plaintiff need not be specifically named if the alleged defamation contains matters of description or other references therein, or the extraneous facts and circumstances show that plaintiff was intended to be the object of the alleged defamation, and was so understood by others. | Should defamatory words refer to an ascertained person? | 001318.docx | LEGALEASE-00118501-LEGALEASE-00118503 |
| Sec'y, Vermont Agency of Nat. Res. v. Earth Const., 165 Vt. 160 | 1.49E+45 | Under two-pronged test for determining whether "substantial change" has occurred at preexisting development, for purposes of "grandfather" provisions of statutory chapter addressing land use and development plans, Environmental Board must determine whether cognizable physical change to preexisting development has occurred, and if so, whether it would have potential significant impact on statutory criteria. 10 V.S.A. SS 6081(b), 6086(a)(1-10). | What is the two-pronged test for determining substantial change in development introduced by the Environmental Board (Board)? | Environmental Law - Memo 99 - RM.docx | LEGALEASE-00006106-LEGALEASE-00006108 |
| Sec'y, Vermont Agency of Nat. Res. v. Earth Const., 165 Vt. 160 | 1.49E+45 | Under two-pronged test for determining whether "substantial change" has occurred at preexisting development, for purposes of "grandfather" provisions of statutory chapter addressing land use and development plans, Environmental Board must determine whether cognizable physical change to preexisting development has occurred, and if so, whether it would have potential significant impact on statutory criteria. 10 V.S.A. SS 6081(b), 6086(a)(1-10). | What is the two-pronged test for determining substantial change in development introduced by the Environmental Board (Board)? | 001472.docx | LEGALEASE-00118598-LEGALEASE-00118600 |
| Colon Vazquez v. El San Juan Hotel & Casino, 483 F. Supp. 2d 147 | 25T+113 | In enacting section of the Federal Arbitration Act which generally provides for the enforceability of a written arbitration provision, Congress declared a national policy favoring arbitration and took away from the states the power to require a judicial forum for the resolution of the claims that the contracting parties had agreed to resolve through arbitration. 9 U.S.C.A. S 2. | "Under the FAA, can the States require a judicial forum for resolution of the arbitration claims that the parties had agreed to?" | 001663.docx | LEGALEASE-00118707-LEGALEASE-00118709 |
| UHC Mgmt. Co. v. Computer Scis. Corp., 148 F.3d 992 | 25T+113 | Federal Arbitration Act (FAA) establishes national policy favoring arbitration by assuring that when parties to commercial transactions agree to resolve their disputes through arbitration, provisions will be valid, irrevocable, and enforceable, subject only to ordinary grounds that exist at law or in equity for revocation of any contract. 9 U.S.C.A. S 2. | "When parties to commercial transactions agree to resolve their disputes through arbitration, willsuch arbitration provisions be deemed valid?" | 001673.docx | LEGALEASE-00118717-LEGALEASE-00118718 |
| Jalou II v. Liner, 43 So. 3d 1023 | 249+26 | In a malicious prosecution action, there must be malice in fact; any feeling of hatred, animosity, or ill will toward the plaintiff amounts to malice, but malice is also found when the defendant uses the prosecution for the purpose of obtaining any private advantage as, for example, a means to extort money, to collect a debt, or to intimidate witnesses in another action. | How is malice inferred in a malicious prosecution claim? | 001828.docx | LEGALEASE-00118833-LEGALEASE-00118834 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ruggiero v. Am. United Life Ins. Co., 137 F. Supp. 3d 104 | 231H+29 | The critical inquiry under third prong of Massachusetts independent contractor statute's test for rebutting presumption that an individual performing any service is an employee, which asks whether individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed, is whether the worker is capable of performing the service to anyone wishing to avail themselves of the services or, conversely, whether the nature of the business compels the worker to depend on a single employer for the continuation of the services. Mass. Gen. Laws Ann. ch. 149, S 148B(a)(3). | What should be established by an employer to prove that a presumptive employee is actually an independent contractor? | 003241.docx | LEGALEASE-00119179-LEGALEASE-00119180 |
| M.C. Const. Corp. v. Gray Co., 17 F. Supp. 2d 541 | 25T+113 | By enacting provision of Federal Arbitration Act (FAA) that an arbitration provision is valid and irrevocable, congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) withdraw the power of a state to require a judicial forum for arbitration? | 002675.docx | LEGALEASE-00120108-LEGALEASE-00120109 |
| Nat'l City Mortg. Co. v. Ross, 34 Kan. App. 2d 282 | 366+23(1) | The right of subrogation or of equitable assignment is not founded upon contract alone, nor upon the absence of contract, but is founded upon the facts and circumstances of the particular case and upon principles of natural justice; and generally, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in the place of the creditor, such person will be so substituted. | Is the right of subrogation founded upon contract? | Subrogation - Memo 118 - VP C.docx | ROSS-003297220-ROSS-003297221 |
| United States v. Pink, 315 U.S. 203 | 92+4240 | The federal government is not precluded by the Fifth Amendment from securing for itself and its nationals priority against creditors who are nationals of foreign countries and whose claims arose abroad, and it does not matter that the procedure adopted by the federal government is globular and involves a regrouping of assets. U.S.C.A. Const.Amend. 5. | Is the federal government barred by the Fifth Amendment from securing priority for itself against foreign creditors? | Eminent Domain - Memo 147 - RK.docx | ROSS-003297285-ROSS-003297286 |
| Consumers Gas Co. v. Illinois Commerce Comm'n, 144 Ill. App. 3d 229 | 317A+102 | Section of the Public Utilities Act providing for direct appellate review of any final order or decision of the Commerce Commission and setting forth procedures for perfecting appeal is an improper legislative intrusion into areas of appellate practice, and thus, to extent such section conflicts with Supreme Court Rule 335, which requires that petition for review be filed with Appellate Court, such section is unconstitutional. S.H.A. ch. 1112/323, P 10-201; S.H.A. Const. Art. 2, S 1; Art. 6, S 1. | Is Section 10-201 of the Public Utilities Act unconstitutional due to its conflict with Supreme Court Rule 335? | Public Utilities - Memo 54 - RK.docx | LEGALEASE-00010549-LEGALEASE-00010551 |
| City of Wilkes-Barre v. Sheils, 382 B.R. 871 | 366+1 | Under Pennsylvania law, subrogation is equitable doctrine, that is based upon considerations of equity and good conscience to promote justice, and is granted as means of placing ultimate burden of debt on person who should bear it. | Is subrogation an equitable doctrine that is based upon considerations of equity and good conscience to promote justice? | Subrogation - Memo # 421 - C - SA.docx | ROSS-003285083-ROSS-003285084 |
| Taylor v. Bd. of Educ. of City of Chicago, 2014 IL App (1st) 123744 | 307A+3 | Decision of whether to grant motion in limine rests within sound discretion of trial court and will not be disturbed on appeal unless that discretion is abused. | Does the decision of whether to grant motion in limine rest within sound discretion of trial court and will not be disturbed on appeal unless that discretion is abused? | Pretrial Procedure - Memo # 55 - C - AP.docx | ROSS-003327919-ROSS-003327920 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pennsylvania Pub. Util. Comm'n v. Israel, 356 Pa. 400 | 317A+102 | The statute authorizing Public Utility Commission, as an agent of commonwealth, to institute in court of common pleas of Dauphin county injunction or other appropriate legal proceedings to restrain violations of Public Utility Law, and in effect directing that commission resort to no other court, does not change the character of the court of common pleas of Dauphin county and is not unconstitutional as violative of section requiring that laws relating to courts shall be general and of uniform operation. 66 P.S. S 1343; P.S.Const. art. 5, SS 4, 26. | Can the Public Utility Commission approach the Court to obtain an injunction if the Public Utility Commission Law is violated? | Public Utilities - Memo 91 - AM.docx | ROSS-003298433-ROSS-003298434 |
| Chase v. Ameriquest Mortg. Co., 155 N.H. 19 | 366+1 | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | "Does equitable subrogation apply where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor?" | Subrogation - Memo # 430 - C - SA.docx | ROSS-003314721-ROSS-003314722 |
| ContiMortgage Corp. v. United States, 109 F. Supp. 2d 1038 | 366+1 | In general, for equitable subrogation to apply, the equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants, and subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. | "Should the equity of the party seeking subrogation be clear and substantial, and superior to that of other claimants?" | 043627.docx | LEGALEASE-00121319-LEGALEASE-00121321 |
| Morgan Creek Residential v. Kemp, 153 Cal. App. 4th 675 | 217+3513(3) | The aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor; on the other hand, the aim of equitable contribution is to apportion a loss between two or more parties who cover the same risk, so that each pays its fair share and one does not profit at the expense of the others. | Is the aim of equitable subrogation to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged? | Subrogation - Memo # 459 - C - SU.docx | ROSS-003300626-ROSS-003300627 |
| ContiMortgage Corp. v. United States, 109 F. Supp. 2d 1038 | 366+1 | Although equitable subrogation, which is also called legal subrogation, is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case. | Is equitable subrogation an absolute right or one that depends on the equities and attending facts and circumstances of each case? | 043802.docx | LEGALEASE-00121695-LEGALEASE-00121696 |
| McBroome-Bennett Plumbing v. Villa France, 515 S.W.2d 32 | 366+1 | Doctrine of subrogation is always given a liberal interpretation and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | Is the doctrine of subrogation given a liberal interpretation? | 043944.docx | LEGALEASE-00121306-LEGALEASE-00121307 |
| In re Dudley, 502 B.R. 259 | 366+4 | Under Massachusetts law, a nonholder in possession of a non-negotiated negotiable instrument can acquire the rights of a holder through the common law doctrine of subrogation, which allows the payor on a debt to step into the shoes of the creditor vis-a-vis the party obligated to pay. M.G.L.A. c. 106, S 3-309. | Can a nonholder in possession of a non-negotiated negotiable instrument acquire the rights of a holder through subrogation? | Subrogation - Memo # 630 - C - SA.docx | ROSS-003297924-ROSS-003297925 |
| In re Allegheny Health, Educ. & Research Found., 312 B.R. 58 | 366+7(1) | Once the right to subrogation is established, subrogee becomes subrogated to all rights of creditor, whose claim such subrogee satisfied, against principal debtor, including the security given to secure the debt. | "Once the right to subrogation is established, does the subrogee become subrogated to all rights of the creditor, whose claim such subrogee satisfied, against the principal debtor, including the security given to secure the debt?" | Subrogation - Memo # 660 - C - NO.docx | LEGALEASE-00011495-LEGALEASE-00011496 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Allegheny Health, Educ. & Research Found., 312 B.R. 58 | 366+7(1) | Once the right to subrogation is established, subrogee becomes subrogated to all rights of creditor, whose claim such subrogee satisfied, against principal debtor, including the security given to secure the debt. | "Once the right to subrogation is established, does the subrogee become subrogated to all rights of the creditor, whose claim such subrogee satisfied, against the principal debtor, including the security given to secure the debt?" | 043999.docx | LEGALEASE-00121378-LEGALEASE-00121379 |
| Hendrickson v. Carpenter, 88 Ark. App. 369 | 366+1 | Subrogation is an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among parties. | Is subrogation an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among parties? | Subrogation - Memo # 668 - C - SU.docx | ROSS-003298286-ROSS-003298287 |
| Pep'e v. McCarthy, 249 A.D.2d 286 | 366+7(1) | Surety paying on a bond at the behest of a creditor is entitled by operation of law to be subrogated to the rights and remedies available to the creditor for enforcement of the debtor's obligation. | Is the surety paying on a bond at the behest of a creditor entitled by operation of law to be subrogated to the rights and remedies available to the creditor for enforcement of the debtor's obligation? | Subrogation - Memo # 681 - C - SU.docx | ROSS-003283550-ROSS-003283551 |
| Sunshine v. Bankers Tr. Co., 34 N.Y.2d 404 | 366+4 | Statute providing that, if payor bank has paid item over stop payment order of drawer, to prevent unjust enrichment and only to extent necessary to prevent loss to bank by reason of its payment of item, payor bank shall be subrogated to rights of maker against payee with respect to transaction out of which item arose confers on bank substantive rights of subrogation, even if technical mechanical requirements of common-law subrogation have not been met. Uniform Commercial Code, S 4-407. | Does the payor bank have to be subrogated to rights of drawer against payee? | 044054.docx | LEGALEASE-00121481-LEGALEASE-00121482 |
| Scanlan v. U.S., State Farm Ins. Co., 743 F. Supp. 2d 813 | 393+468(5) | A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed. 28 U.S.C.A. S 2410(a). | Does a subrogation right secure the repayment of a secondarily liable party? | Subrogation - Memo # 712 - C - SA.docx | ROSS-003314779-ROSS-003314780 |
| eBay v. Bidder's Edge, 100 F. Supp. 2d 1058 | 386+6 | Under California law, in order to prevail on claim for trespass based on accessing computer system, plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. | What are the elements to establish a claim for trespass based on accessing a computer system? | 047157.docx | LEGALEASE-00121404-LEGALEASE-00121405 |
| Ball v. SFX Broad., 165 F. Supp. 2d 230 | 25T+121 | It is sufficient for employee seeking to avoid arbitration of federal statutory claims to show a likelihood that he or she will be responsible for significant arbitrators' fees, or other costs which would not be incurred in a judicial forum, thereby demonstrating that the challenged arbitration agreement does not provide an effective mechanism for the vindication of statutory rights. | Can a litigant avoid arbitration by showing a likelihood that he or she will be responsible for significant arbitrators expenses? | 007089.docx | LEGALEASE-00122433-LEGALEASE-00122435 |
| Beanal v. Freeport-McMoRan, 969 F. Supp. 362 | 24+763 | State action is not required for all international torts covered by the Alien Tort Statute, as certain conduct, such as genocide, violates the law of nations whether committed by a state or private actor, whereas other conduct only violates the law of nations if committed by a state actor. 28 U.S.C.A. S 1350. | "Is state action required for all international torts covered by the Alien Tort Statute, as certain conduct, violates the law of nations whether committed by a state or private actor?" | 019799.docx | LEGALEASE-00122166-LEGALEASE-00122168 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Crume, 271 Kan. 87 | 110+632(4) | A protective order issued on a motion in limine should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence, and (2) the mere offer of or statements made during trial concerning the material will tend to prejudice the jury. | What must the court find to grant a party's motion in limine? | Pretrial Procedure - Memo # 104 - C - SJ.docx | ROSS-003283910-ROSS-003283911 |
| In Interest of R.V., Jr., 977 S.W.2d 777 | 307A+3 | A motion in limine merely precludes reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. | Does a motion in limine merely preclude reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury? | Pretrial Procedure - Memo # 179 - C - CRB.docx | ROSS-003287261-ROSS-003287262 |
| Jakobsen v. Colonial Pipeline Co., 237 Ga. App. 441 | 307A+3 | "Motion in limine" is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | Does a ruling in a motion in limine prohibit any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds? | 028127.docx | LEGALEASE-00122121-LEGALEASE-00122122 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A "motion in limine" provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | "Does a ""motion in limine"" provide a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question?" | Pretrial Procedure - Memo # 444 - C - NE.docx | ROSS-003301518-ROSS-003301519 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap that results in a new trial if the court determines in retrospect that the order was violated. | "Is the purpose of an in limine order to exclude inadmissible evidence, and not to create a trap that results in a new trial if the court determines in retrospect that the order was violated?" | Pretrial Procedure - Memo # 49 - C - KA.docx | ROSS-003326594-ROSS-003326595 |
| In re N. Am. Rubber Thread Co., 333 B.R. 164 | 366+1 | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into shoes of party who was owed the obligation for purposes of getting recompense for its payment. | Does equitable subrogation occur when one party by virtue of its payment of another's obligation steps into shoes of party who was owed the obligation for purposes of getting recompense for its payment? | Subrogation - Memo # 523 - C - NO.docx | ROSS-003329869-ROSS-003329871 |
| In re Pihl, 560 B.R. 1 | 366+1 | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | Does equitable subrogation occur when one party by virtue of its payment of another's obligation steps into shoes of party who was owed the obligation for purposes of getting recompense for its payment? | 043811.docx | LEGALEASE-00121827-LEGALEASE-00121829 |
| Builders Supply Co. v. Czerwinski, 275 Neb. 622 | 309+115(1) | The general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | Is a surety entitled to be subrogated to the benefit of all securities and means of payment under the creditor's control? | 044192.docx | LEGALEASE-00121900-LEGALEASE-00121901 |
| Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995 | 13+61 | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | "Does a cause of action for damage to real property accrue when the defendant's act causes ""immediate and permanent injury"" to the property or when there is ""actual and appreciable harm"" to the property?" | Action - Memo # 101 - C - SU.docx | ROSS-003288770-ROSS-003288771 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Collins v. Scenic Homes, 38 So. 3d 28 | 241+43 | A party has a cause of action on the date the first legal injury occurs, but not necessarily from the date of the act causing the injury; that is, where the act complained of does not itself constitute a legal injury at the time, but the plaintiff's injury comes only as a result of, and in furtherance and subsequent development of, the act of the defendant, the cause of action "accrues," when, and only when, the damages are sustained. | Does a party have a cause of action on the date the first legal injury occurs? | 005855.docx | LEGALEASE-00123349-LEGALEASE-00123350 |
| Deniz v. Municipality of Guaynabo, 285 F.3d 142 | 148+277 | A takings claim under the Fifth Amendment ordinarily is considered unripe if the claimant comes directly to a federal court without first seeking compensation through state procedures. U.S.C.A. Const.Amend. 5. | Is a takings claim considered unripe if the claimant moves directly to a federal court without first seeking compensation through state procedures? | Eminent Domain - Memo 213 - GP.docx | ROSS-003284885-ROSS-003284886 |
| Mannatt v. United States, 48 Fed. Cl. 148 | 148+2.2 | Although a survey, standing alone, does not affect title in real property, when the government improperly resurveys lands so as to enlarge its interest in the property, and then effectively takes the property, such resurvey plus the assertion of control of the property will constitute a taking by inverse condemnation. | "Does a survey, standing alone, affect title in real property under the taking laws?" | 017491.docx | LEGALEASE-00123297-LEGALEASE-00123298 |
| Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909 | 221+330 | Territoriality-based jurisdiction allows states to regulate conduct or status of individuals or property physically situated within territory, even if effects of conduct are felt outside the territory, while conduct outside territorial boundary which has or is intended to have substantial effect within the territory may also be regulated by the state. | Does territoriality-based jurisdiction allow states to regulate the conduct or status of individuals or property physically situated within the territory? | 019705.docx | LEGALEASE-00123729-LEGALEASE-00123730 |
| United States v. Columba-Colella, 604 F.2d 356 | 221+332 | Under protective theory, country's legislature is competent to enact laws and, assuming physical power over the defendant, its courts have jurisdiction to enforce criminal laws wherever and by whomever act is performed that threatens the country's security or directly interferes with its governmental operations. | When can a country enforce criminal laws under the protective principle? | 019711.docx | LEGALEASE-00123768-LEGALEASE-00123769 |
| Samantar v. Yousuf, 560 U.S. 305 | 221+342 | In the context of the act of state doctrine, an official's acts can be considered the acts of the foreign state, and the courts of one country will not sit in judgment of those acts when done within the territory of the foreign state. | "In the context of the act of state doctrine, can an official's acts be considered the acts of the foreign state, and the courts of one country will not sit in judgment of those acts when done within the territory of the foreign state?" | International Law - Memo # 80 - C - LK.docx | ROSS-003300605-ROSS-003300606 |
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | "Does the act of state doctrine apply only when a court must decide, when the outcome of the case turns upon, the effect of official action by a foreign sovereign?" | 019953.docx | LEGALEASE-00122784-LEGALEASE-00122786 |
| Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083 | 221+342 | A long-standing common law principle, the "act of state doctrine," precludes courts from evaluating the validity of actions that a foreign government has taken within its own borders. | Does the act of state doctrine preclude courts from evaluating the validity of actions that a foreign government has taken within its own borders? | International Law - Memo # 238 - C - CRB.docx | ROSS-003298060-ROSS-003298061 |
| United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1 | 221+342 | The "act of state doctrine" precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory is not a principle of abstention; a defendant may not raise the act of state doctrine as a complete bar to suit whenever the case touches upon the realm of foreign affairs. | Does the act of state doctrine require that the official act of a foreign sovereign performed within its own territory becomes a rule of decision for the courts of this country? | 020097.docx | LEGALEASE-00123418-LEGALEASE-00123420 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 24+764 | Alien Tort Claims Act both confers federal subject matter jurisdiction and creates an independent cause of action for violations of treaties or the law of nations. 28 U.S.C.A. S 1350. | Does the Alien Tort Claims Act both confer federal subject matter jurisdiction and creates an independent cause of action for violations of treaties or the law of nations? | International Law - Memo # 312 - C - NS.docx | ROSS-003324538-ROSS-003324539 |
| Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516 | 221+342 | Acts of foreign governments purporting to have extraterritorial effect, and consequently, by definition, falling outside scope of "act of state" doctrine, should be recognized by courts only if they are consistent with law and policy of the United States. | Should acts of foreign governments purporting to have extraterritorial effect be recognized by United States courts only if they are consistent with the law and policy of the United States? | International Law - Memo # 387 - C - SN.docx | ROSS-003309730-ROSS-003309731 |
| Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221+387 | The party raising the act of state doctrine as a defense bears the burden to affirmatively show that an act of state has occurred and that no bar to the doctrine is applicable under the factual circumstances. | Does the party raising the act of state doctrine as a defense bear the burden to affirmatively show that an act of state has occurred and that no bar to the doctrine is applicable under the factual circumstances? | International Law - Memo # 522 - C - SU.docx | ROSS-003301583-ROSS-003301584 |
| Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938 | 221+342 | For act of state, as opposed to sovereign immunity, purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit; the burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. | Does the burden of establishing that the conduct of a foreign government amounts to an Act of State rest with the party asserting the defense? | 020805.docx | LEGALEASE-00123737-LEGALEASE-00123738 |
| Nesvig v. Nesvig, 712 N.W.2d 299 | 307A+3 | An in limine ruling is only a preliminary order regarding admissibility of evidence; a district court's in limine ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. | "Is a district court's in limine ruling subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer?" | 024060.docx | LEGALEASE-00123061-LEGALEASE-00123062 |
| Banks v. State, 761 N.E.2d 403 | 110+632(4) | Predicating error on the admission of evidence that had been excluded preliminarily by an order in limine presents nothing for review; rather, if the trial court errs by admitting evidence, the exclusion of which was sought by a motion in limine, then the error is in admitting the evidence in violation of an evidentiary rule, not in rescinding a previous order in limine. | "If the trial court errs by admitting evidence sought to be excluded by a motion in limine, will the error be in admitting the evidence at trial in violation of an evidentiary rule, or in denying the motion in limine?" | 024069.docx | LEGALEASE-00123127-LEGALEASE-00123128 |
| Mardirossian & Assocs. v. Ersoff, 153 Cal. App. 4th 257 | 307A+3 | It is a misuse of a motion in limine to attempt to compel a witness or a party to conform his or her trial testimony to his or her deposition testimony; trial testimony may be impeached by inconsistent deposition testimony, but absent an abuse of the discovery process, such testimony should not be precluded. | Is it a misuse of a motion in limine to attempt to compel a witness or a party to conform his or her trial testimony to his or her deposition testimony? | Pretrial Procedure - Memo # 221 - C - CRB.docx | ROSS-003311022-ROSS-003311023 |
| In re Wyatt Field Serv. Co., 454 S.W.3d 145 | 307A+3 | The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions in front of the jury without first asking the court's permission? | Pretrial Procedure - Memo # 628 - C - SSB.docx | ROSS-003283527-ROSS-003283528 |
| City of Wichita v. Denton, 296 Kan. 244 | 307A+3 | The purpose of an order in limine is to assure a fair and impartial trial to all parties by excluding from trial inadmissible evidence, prejudicial statements, and improper questions. | "Is the purpose of an order in limine to assure a fair and impartial trial to all parties by excluding from trial inadmissible evidence, prejudicial statements, and improper questions?" | Pretrial Procedure - Memo # 284 - C - CRB.docx | ROSS-003297782-ROSS-003297783 |
| State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470 | 30+3209 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "Is the admissibility of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court?" | 028838.docx | LEGALEASE-00122964-LEGALEASE-00122965 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pellegrini v. Weiss, 165 Cal. App. 4th 515 | 307A+3 | The better practice in nearly every case in which an in limine motion is brought as a substitute for a dispositive statutory motion is to afford the litigant the protections provided by trial or by the statutory processes. | "When a motion in limine is brought as a substitute for a dispositive statutory motion, is the better practice to afford the litigant the protections provided by trial or by the statutory processes?" | 029321.docx | LEGALEASE-00123114-LEGALEASE-00123115 |
| State v. Wilt, 333 N.W.2d 457 | 110+734 | Motion for adjudication of law points is allowed in criminal cases but lies for resolution of legal issues and may not be used to resolve factual argument and is appropriate only where material facts are undisputed. I.C.A. S 813.2, Rule 10, subd. 2. | Is a motion to adjudicate law points under applicable rule appropriate only when material facts are undisputed? | 031825.docx | LEGALEASE-00124132-LEGALEASE-00124133 |
| Ray v. Paul, 563 N.W.2d 635 | 307A+3 | Primary purpose of motion in limine is to preclude reference to potentially prejudicial evidence prior to trial court's definitive ruling on its admissibility. | Is the primary purpose of motion in limine to preclude reference to potentially prejudicial evidence prior to trial court's definitive ruling on its admissibility? | Pretrial Procedure - Memo # 516a - C - CK.docx | ROSS-003323507-ROSS-003323508 |
| Edwards v. Centex Real Estate Corp., 53 Cal. App. 4th 15 | 307A+3 | Motion in limine is made to exclude evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence; purpose of motion in limine is to avoid the obviously futile attempt to "unring the bell" in the event motion to strike is granted in proceedings before jury. | "Is the purpose of motion in limine to avoid the obviously futile attempt to ""unring the bell"" in the event motion to strike is granted in proceedings before jury?" | Pretrial Procedure - Memo # 518 - C - CRB.docx | ROSS-003311765-ROSS-003311766 |
| Rich v. Quinn, 13 Ohio App. 3d 102 | 307A+3 | Ability of a court to entertain a motion in limine, though not expressly provided for by rule or statute, lies in inherent power and discretion of trial judge to control proceedings. Rules of Evid., Rules 103(A), 611(A). | Does the ability of trial court to entertain motions in limine lie within a court's inherent power and discretion to control proceedings before it? | 032413.docx | LEGALEASE-00122773-LEGALEASE-00122774 |
| Lohmann v. Lohmann, 62 S.W.3d 875 | 307A+3 | A "motion in limine" is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. | "Is a motion in limine a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make?" | Pretrial Procedure - Memo # 939 - C - MLS.docx | ROSS-003324610-ROSS-003324611 |
| Maliqi v. 17 E. 89th St. Tenants, 25 Misc. 3d 182 | 307A+3 | A "motion in limine" is a preliminary application usually made at the beginning of a trial that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. | "Is a ""motion in limine"" a preliminary application usually made at the beginning of a trial, that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial?" | 041125.docx | LEGALEASE-00123944-LEGALEASE-00123946 |
| State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470 | 30+3209 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "Is the admission of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court?" | Pretrial Procedure - Memo 356 - RK.docx | ROSS-003297118-ROSS-003297119 |
| Palazzolo v. Rhode Island, 533 U.S. 606 | 148+2.10(1) | Where a regulation places limitations on land that fall short of eliminating all economically beneficial use, a taking nonetheless may have occurred, depending on a complex of factors including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action. U.S.C.A. Const.Amend. 5. | "Is preventing the government from forcing some people alone to bear public burdens, the purpose of the Takings Clause?" | 017506.docx | LEGALEASE-00124438-LEGALEASE-00124439 |
| Volusia Cty. v. Aberdeen at Ormond Beach, 760 So. 2d 126 | 414+1382(4) | Use of dual rational nexus test to test constitutionality of impact fee, under which local government seeking to impose impact fee must demonstrate reasonable connections between the need for additional capital facilities and growth in population generated by subdivision and the expenditures of funds collected and benefits accruing to subdivision, was not limited to water and sewer line context. | What are required to determine by the court while applying the dual rational nexus test? | Eminent Domain - Memo 233 - GP.docx | ROSS-003301191-ROSS-003301192 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mendenhall v. City of Indianapolis, 717 N.E.2d 1218 | 148+2.1 | A taking by inverse condemnation includes any substantial interference with private property which destroys or impairs one's free use, enjoyment, or interest in the property. | "Does a taking by inverse condemnation include any substantial interference with private property which destroys or impairs one's free use, enjoyment, or interest in the property?" | 017542.docx | LEGALEASE-00125382-LEGALEASE-00125383 |
| Buell v. Mitchell, 274 F.3d 337 | 221+108 | Courts in the United States are bound to give effect to international law and to international agreements, except that a "non-self-executing" agreement will not be given effect as law in the absence of necessary authority. Restatement (Third) of the Foreign Relations Law of the United States S 111. | "Are courts in the United States bound to give effect to international law and to international agreements, except that a ""non-self-executing"" agreement will not be given effect as law in the absence of necessary authority?" | 020150.docx | LEGALEASE-00124660-LEGALEASE-00124661 |
| Liu v. Republic of China, 642 F. Supp. 297 | 221+351 | Act of state doctrine does not automatically bar suit against foreign nation when it is alleged that nation ordered assassination of American citizen within the United States. | Does the act of state doctrine automatically bar suit against a foreign nation when it is alleged that the nation ordered the assassination of American citizen within the United States? | International Law - Memo # 486 - MC.docx | ROSS-003297423-ROSS-003297424 |
| Phoenix Canada Oil Co. v. Texaco Inc., 560 F. Supp. 1372 | 221+387 | If applicable, a court utilizes the act of state doctrine to accord a foreign act an irrebuttable presumption of validity and then proceeds to adjudicate the merits of the claim. | "If applicable, does a court utilize the act of state doctrine to accord a foreign act an irrebuttable presumption of validity and then proceeds to adjudicate the merits of the claim?" | International Law - Memo # 496 - C - SB.docx | ROSS-003284855-ROSS-003284856 |
| Ramirez de Arellano v. Weinberger, 745 F.2d 1500 | 221+342 | Successful act of state defense must rest on factual showing that act of state has occurred, coupled with legal showing that no bar to doctrine is applicable under factual circumstances. | "Must a successful act of state defense rest on a factual showing that an act of state has occurred, coupled with legal showing that no bar to doctrine is applicable under factual circumstances?" | International Law - Memo # 558 - C - SA.docx | ROSS-003283318-ROSS-003283319 |
| Perez v. Chase Manhattan Bank, N.A., 61 N.Y.2d 460 | 221+342 | Basic premise of act of state doctrine is that courts of one country will not sit in judgment on acts of government of another done within its own territory. | Is the basic premise of the act of state doctrine that courts of one country will not sit in judgment on acts of government of another done within its own territory? | International Law - Memo # 561 - SA.docx | ROSS-003281653-ROSS-003281654 |
| DeRoburt v. Gannett Co., 733 F.2d 701 | 221+342 | While sovereign immunity addresses jurisdiction of court, act of state doctrine is prudential doctrine designed to avoid judicial action in sensitive areas. | "While sovereign immunity addresses jurisdiction of court, is the act of state doctrine a prudential doctrine designed to avoid judicial action in sensitive areas?" | International Law - Memo # 563 - SA.docx | ROSS-003286010-ROSS-003286011 |
| Haven v. Rzeczpospolita Polska, 68 F. Supp. 2d 947 | 221+341 | No federal court is vested with a roving commission to force any foreign government to do equity, and if any such government fails or refuses to act in its governmental capacity as conscience would command, no federal court is empowered to force it to do so except as Congress has specified. | Is any federal court vested with a roving commission to force any foreign government to do equity? | 020526.docx | LEGALEASE-00124235-LEGALEASE-00124236 |
| Virtual Def. & Dev. Int'l v. Republic of Moldova, 133 F. Supp. 2d 1 | 221+342 | Act of state doctrine requires that courts defer to legislative and executive branches when those branches are better equipped to resolve politically sensitive question. | Does the act of state doctrine require that courts defer to legislative and executive branches when those branches are better equipped to resolve a politically sensitive question? | International Law - Memo # 570 - C - SA.docx | ROSS-003326206-ROSS-003326207 |
| Gen. Elec. Co. v. Deutz AG, 129 F. Supp. 2d 776 | 106+512 | Comity should be withheld only when acceptance of executive, legislative or judicial acts of foreign nation would be contrary or prejudicial to the interest of the nation called upon to give it effect. | "Should comity be withheld only when acceptance of executive, legislative or judicial acts of foreign nation would be contrary or prejudicial to the interest of the nation called upon to give it effect?" | 020853.docx | LEGALEASE-00124198-LEGALEASE-00124199 |
| Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516 | 221+342 | Acts of foreign governments purporting to have extraterritorial effect, and consequently, by definition, falling outside scope of "act of state" doctrine, should be recognized by courts only if they are consistent with law and policy of the United States. | Should acts of foreign governments purporting to have extraterritorial effect be recognized by courts only if they are consistent with law and policy of the United States? | International Law - Memo 608 - TH.docx | ROSS-003283981-ROSS-003283983 |
| United Mexican States v. Ashley, 556 S.W.2d 784 | 221+342 | Act of state doctrine provides that courts will not review validity of executive or legislative act of foreign sovereign affecting property within that sovereign's own borders. | Does the act of state doctrine provide that courts will not review validity of executive or legislative act of foreign sovereign affecting property within that sovereign's own borders? | International Law - Memo 613 - TH.docx | ROSS-003284887-ROSS-003284888 |

433

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lernout & Hauspie Speech Prod., N.V. v. Stonington Partners, 268 B.R. 395 | 106+512 | United States courts should deny comity to executive, legislative or judicial act of foreign sovereign only where its acceptance would be prejudicial to the interests of United States. | "Should United States courts deny comity to executive, legislative or judicial act of foreign sovereign only where its acceptance would be prejudicial to the interests of United States?" | 020958.docx | LEGALEASE-00124520-LEGALEASE-00124521 |
| Olds v. Olds, 356 N.W.2d 571 | 307A+2 | A party may not obtain an adjudication of any point of law raised in any pleading which goes to the whole or any material part of the case if any material facts are in dispute. Rules Civ.Proc., Rule 105. | Can a party obtain an adjudication of any point of law raised in any pleading which goes to the whole or any material part of the case if any material facts are in dispute? | Pretrial Procedure - Memo # 490 - C - LK.docx | LEGALEASE-00015145-LEGALEASE-00015146 |
| Bailey v. Chicago, B. & Q.R. Co., 179 N.W.2d 560 | 388+9(1) | Rule authorizing pretrial application for adjudication of law points does not authorize party to request advisory opinion by court not involving true issue of law. 58 I.C.A. Rules of Civil Procedure, rules 105, 176. | Does the rule authorizing a pretrial application for the adjudication of law points authorize a party to request an advisory opinion by the court which does not involve a true issue of law? | 031897.docx | LEGALEASE-00124204-LEGALEASE-00124205 |
| Ficken v. Alton & S. Ry. Co., 291 Ill. App. 3d 635 | 30+3209 | Trial court has discretion in deciding whether motion in limine should be granted, and reviewing court will not reverse trial court's order absent clear showing of abuse of that discretion. | "Does a trial court have the discretion in deciding whether a motion in limine should be granted, and will the reviewing court reverse the trial court's order absent a clear showing of abuse of that discretion?" | 032042.docx | LEGALEASE-00124390-LEGALEASE-00124391 |
| Turner v. Peril, 50 S.W.3d 742 | 307A+3 | A trial court's grant of a motion in limine simply prohibits references to specific issues without first obtaining a ruling outside the presence of the jury. | Does a trial court's grant of a motion in limine simply prohibit references to specific issues outside the presence of the jury? | Pretrial Procedure - Memo # 846 - C - VA.docx | ROSS-003284512-ROSS-003284513 |
| Tri-City Const. Council v. Westfall, 127 Wash. App. 669 | 366+26 | The doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting voluntarily, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | Is equitable subrogation broadly applied to include instances in which one person pays a debt for which another is primarily liable? | 044408.docx | LEGALEASE-00125144-LEGALEASE-00125145 |
| Thompson v. Cortese, 41 Pa. Cmwlth. 174 | 79+1 | Prothonotary of the court of common pleas is not administrative officer and does not have discretion to interpret or implement rules and statutes; thus if documents tendered for filing are proper on their face and in conformity to rules of court, a prothonotary does not have discretion to refuse to enter them and mandamus is appropriate remedy to compel him to perform his ministerial duty. | Is a prothonotary an administrative officer who has the discretion to interpret statutes? | Clerks of court - Memo 7-VP.docx | ROSS-003290080-ROSS-003290082 |
| Hladek v. City of Merced, 69 Cal. App. 3d 585 | 148+2.3 | When a municipality or public agency engages in competition with a private business and the latter suffers economic harm, the infliction of that harm is not a "taking" of private property which requires compensation in the constitutional sense. | "When a public entity engages in competition with a private business and the latter suffers economic harm, does the infliction of that harm constitute a taking?" | 017558.docx | LEGALEASE-00125630-LEGALEASE-00125631 |
| Redevelopment Agency v. Int'l House of Pancakes, 9 Cal. App. 4th 1343 | 148+81.1 | Provisions of State and Federal Constitutions which mandate just compensation for taking of private property for public use do not require compensation for loss of business goodwill; however, California eminent domain statute authorizes at least some compensation for loss of goodwill to owner of business conducted on property taken. West's Ann.Cal.C.C.P. S 1263.510; West's Ann.Cal. Const. Art. 1, S 14; U.S.C.A. Const.Amend. 5. | Do the provisions of the state and federal Constitutions which mandate just compensation for the taking of private property for public use require compensation for the loss of business goodwill? | Eminent Domain - Memo 255 - GP.docx | ROSS-003285096-ROSS-003285097 |
| State v. Phillips, 130 So. 3d 416 | 203+541 | To prove the specific intent element of first-degree murder based upon premeditation and deliberation, the State must show not only an intentional act by the defendant that caused death, but also that the defendant intended for his action to result in the victim's death. | Does the state have to prove the defendant intended for his action to result in the victims death? | 019365.docx | LEGALEASE-00125668-LEGALEASE-00125670 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Scanlan v. U.S., State Farm Ins. Co., 743 F. Supp. 2d 813 | 393+468(5) | A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed. 28 U.S.C.A. S 2410(a). | Does the right of subrogation secure repayment of a party that is secondarily liable? | Subrogation - Memo # 743 - C - SA.docx | ROSS-003298645-ROSS-003298646 |
| Van Alstyne v. Elec. Scriptorium, Ltd., 560 F.3d 199 | 386+6 | Nothing in common law of trespass to chattel alters traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed. | Does trespass to chattel require a proof of harm for which damages can reasonably be assessed? | 047177.docx | LEGALEASE-00125778-LEGALEASE-00125779 |
| United States v. McDonnell, 64 F. Supp. 3d 783 | 63+1(2) | Bribery statute's quid pro quo requirement is satisfied so long as evidence shows course of conduct of favors and gifts flowing to public official in exchange for pattern of official actions favorable to donor. 18 U.S.C.A. S 201. | To satisfy federal bribery statute's quid pro quo requirement is it enough to show that payment were made with intent of securing specific type of official action or favor in return? | Bribery - Memo # 42 - C - SD.docx | ROSS-003312883-ROSS-003312885 |
| City of Buffalo v. J. W. Clement Co., 28 N.Y.2d 241 | 148+63 | Mere announcement of impending condemnation, coupled with substantial delay and damage does not, in absence of any acts which may be translated into an exercise of dominion and control by the condemning authority, constitute a "taking" so as to warrant awarding compensation. | "Does a mere announcement of impending appropriation, coupled with substantial delay and damage constitute a de facto taking of property?" | 017586.docx | LEGALEASE-00126036-LEGALEASE-00126037 |
| United States v. Best, 172 F. Supp. 2d 656 | 221+329 | In addition to the "subjective territorial principle," by which a state has jurisdiction to prescribe law with respect to conduct that, wholly or in substantial part, takes place within its territory, United States recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. Restatement (Third) of the Foreign Relations Law of the United States S 402(1)(a). | What are the five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory? | 020626.docx | LEGALEASE-00125935-LEGALEASE-00125937 |
| GSS Grp. Ltd. v. Republic of Liberia, 31 F. Supp. 3d 50 | 221+422 | Foreign state enjoys sovereign immunity under the Foreign Sovereign Immunities Act (FSIA) unless an international agreement or one of several exceptions in the statute provides otherwise, and thus, in the absence of an applicable exception, the foreign sovereign's immunity is complete, and the district court lacks subject matter jurisdiction over the plaintiff's case. 28 U.S.C.A. S 1602 et seq. | Is a foreign state is entitled to sovereign immunity? | 020666.docx | LEGALEASE-00126128-LEGALEASE-00126129 |
| Masgai v. Pub. Serv. Comm'n of Pennsylvania, 124 Pa. Super. 370 | 317A+113 | As respects jurisdiction of Public Service Commission, test in determining whether person in engaged in "business of public character" is whether such person expressly or impliedly holds himself out as engaged in business of supplying his product or service to public as a class, or to limited portion of public, as contradistinguished from holding himself out as serving or ready to serve only particular individuals, and fact that only a limited number of persons may have occasion to use such business is immaterial. 66 P.S. S 1. | Does the use of a utiltys service by a limited number of people make it a private undertaking if the general public can subscribe to such a service? | 042186.docx | LEGALEASE-00126326-LEGALEASE-00126327 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dep't of Highways v. Capone, 298 So. 2d 94 | 148+102 | When there is no taking, damage which merely causes disturbance, inconvenience or discomfort, and which is ordinary and general result of public improvement is not compensable, but is held to be damnum absque injuria. | "When there is no taking, are damages compensable, which merely cause disturbance, inconvenience or discomfort, and which are an ordinary and general result of a public improvement?" | 017605.docx | LEGALEASE-00126365-LEGALEASE-00126366 |
| L & B Transp. Co. v. Louisiana Pub. Serv. Comm'n, 602 So. 2d 712 | 70+8 | If State Public Service Commission has already granted certificate of public convenience and necessity to another carrier to conduct same operations as proposed by applicant for certificate, applicant must clearly show at hearing that public convenience and necessity would be materially promoted by issuance of additional certificate. LSA-R.S. 45:164. | "Does the applicant, to be granted a certificate of public convenience and necessity, have to prove that public convenience and necessity would be materially promoted by the issuance of the certificate to it?" | 042400.docx | LEGALEASE-00126626-LEGALEASE-00126628 |
| Epperson v. State of Ark., 393 U.S. 97 | 1.41E+31 | Courts do not and cannot intervene in resolution of conflicts which arise in daily operation of school systems and which do not directly and sharply implicate basic constitutional values, but, the vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools. | "As a general rule, can courts intervene in the resolution of conflicts which arise in the daily operation of school systems which do not directly and sharply implicate basic constitutional values?" | Education - Memo # 18 - C - SU.docx | ROSS-003312936-ROSS-003312937 |
| Fleischmann v. Wausau Bus. Ins. Co., 671 N.E.2d 473 | 413+1 | Workers' Compensation Act represents compromise between insuring compensation for injured employee and protecting employer from unanticipated costs and large damage verdicts. West's A.I.C. 22-3-1-1 to 22-3-12-5. | Does the Workers Compensation Act represent a compromise between insuring compensation for injured employees and protecting an employer from unanticipated costs and large damage verdicts? | 048371.docx | LEGALEASE-00126856-LEGALEASE-00126858 |
| Gross v. Connecticut Mut. Life Ins. Co., 361 N.W.2d 259 | 212+1009 | In exercise of its discretion in determining whether to grant injunctive relief, trial court is not only authorized, but is duty bound to determine, not merely whether a party was entitled to injunction at time he instituted his action, but whether, under the facts as they appear at the time of trial, such relief should be granted. | "When a trial court exercises its discretion as to granting of an injunction, should relief be granted under facts as they appear at time of trial?" | 005937.docx | LEGALEASE-00127814-LEGALEASE-00127815 |
| Amende v. Town of Morton, 40 Wash. 2d 104 | 13+65 | The absence of a valid or subsisting title or right of action at the inception of a suit cannot be cured by filing a supplemental complaint alleging subsequent acquisition of such title or right of action. | Can the absence of a valid or subsisting title or right of action at the inception of a suit be cured by filing a supplemental complaint alleging subsequent acquisition of such title or right of action? | 006052.docx | LEGALEASE-00127530-LEGALEASE-00127531 |
| State Mut. Life Assur. Co. of Worcester, Mass. v. Heine, 141 F.2d 741 | 13+63 | The courts have concurrent jurisdiction in equity and at law and equitable defenses are available to a law action, but laches is a defense at law only when a plaintiff is seeking to enforce some equitable right and where enforcement lies within the conscience of the chancellor. | Is laches a defense at law only when a plaintiff is seeking to enforce some equitable right and where enforcement lies within the conscience of the chancellor? | 006275.docx | LEGALEASE-00127935-LEGALEASE-00127936 |
| Jahnke v. Palomar Fin. Corp., 22 Ariz. App. 369 | 13+65 | Rights and liabilities of the parties depend upon the facts as they exist at the time of the commencement of the action and not later at the time of the filing of a motion for summary judgment. | Do the rights and liabilities of the parties depend upon the facts as they exist at the time of the commencement of the action and not later at the time of the filing of a motion for summary judgment? | 006291.docx | LEGALEASE-00127978-LEGALEASE-00127979 |
| In re Permian Basin Area Rate Cases, 390 U.S. 747 | 317A+129 | Regulation of prices may, consistently with Constitution, limit stringently return recovered on investment, since investors' interests provide only one variable in constitutional calculus of reasonableness. | "Can a regulation limit stringently the return recovered on investment, for investors' interests provide only one of the variables in the constitutional calculus of reasonableness?" | 017714.docx | LEGALEASE-00127736-LEGALEASE-00127737 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Willetts v. Browning, 198 A.D. 551 | 307A+501 | While plaintiff should generally be given leave to discontinue on the payment of costs and disbursements to the time of making the application, that rule is subject to limitations, and discontinuance should not be permitted where special circumstances render the granting of the relief unjust. | Should a plaintiff be given permission to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application? | 026209.docx | LEGALEASE-00127903-LEGALEASE-00127904 |
| Antol v. Dayton Malleable Iron Co., 38 N.E.2d 100 | 212+1066 | Even though there may have been a right to an injunction as matters stood at the institution of the action, an injunction will not be granted if, at the time of the hearing, conditions are so changed that no unlawful act is then threatened or that the injunction would be of no avail to the parties seeking it. | "Will an injunction be granted if, at the time of the hearing, conditions are so changed that no unlawful act is then threatened?" | Action - Memo # 711 - C - TJ.docx | ROSS-003303380-ROSS-003303381 |
| James v. Calkins, 446 S.W.3d 135 | 307A+501 | Although typically parties have an absolute right to a nonsuit, the decision to nonsuit does not affect a non-moving party's independent claims for affirmative relief, which may include a motion for sanctions. | "Although typically parties have an absolute right to a nonsuit, will the decision to nonsuit affect a non-moving party's independent claims for affirmative relief?" | 039021.docx | LEGALEASE-00128234-LEGALEASE-00128235 |
| Autin v. Goetz, 524 S.W.3d 617 | 307A+501 | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Tenn. R. Civ. P. 41.01(1). | Is a plaintiff's right to voluntary dismissal without prejudice subject to exceptions? | 039260.docx | LEGALEASE-00128417-LEGALEASE-00128419 |
| Hatfield v. New York Times Co., 416 F.3d 320 | 307A+501 | As used in Virginia statute authorizing plaintiff to take a nonsuit on any cause of action, "cause of action" is a set of operative facts which, under the substantive law, may give rise to one or more rights of action. West's V.C.A. S 8.01-380. | "Is a cause of action"" a set of operative facts which, under the substantive law, may give rise to one or more rights of action?" | 039536.docx | LEGALEASE-00128495-LEGALEASE-00128496 |
| Hawkins v. Pierotti, 232 Ga. 631 | 401+5.4 | Action by grantor to cancel deed conveying land allegedly obtained from her by fraud and coercion of grantees was not a suit respecting title to land but was an equitable action which was required to be brought in the county of residence of defendants. Const. art. 6, S 14, pars. 2, 3. | Is an action to cancel a deed conveying land based on allegations of fraud a suit respecting title to land? | 047476.docx | LEGALEASE-00128863-LEGALEASE-00128864 |
| Bernay v. Sales, 424 A.2d 123 | 307A+501 | Purpose of rule of civil procedure dealing with voluntary dismissal is to limit voluntary dismissal as a matter of right to the early stages of litigation and to prevent plaintiff's running for cover after the defendant has expended significant efforts and has presented a substantial defense. D.C.C.E. SCR, Civil Rule 41(a)(1). | Does the rule related to voluntary dismissal limit such dismissal as a matter of right to the early stages of litigation? | 024007.docx | LEGALEASE-00129488-LEGALEASE-00129489 |
| In re Sheena B., 83 A.D.3d 1056 | 307A+501 | Ordinarily a party cannot be compelled to litigate and, absent special circumstances, party's motion for voluntary discontinuance should be granted; however, particular prejudice to the opposing party or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, at times, obligatory. McKinney's CPLR 3217(b). | "Are courts generally reluctant to compel a party to litigate and, in exercise of discretion, will grant motion for discontinuance absent compelling circumstances or particular prejudice to defendants?" | 026050.docx | LEGALEASE-00129484-LEGALEASE-00129487 |
| Greenberg v. Brookshire, 640 S.W.2d 870 | 307A+508 | Granting of nonsuit is merely ministerial act; a plaintiff's right thereto exists from moment a written motion is filed or an oral motion is made in open court unless defendant has, prior to that time, filed pleading seeking affirmative relief. Vernon's Ann.Rules Civ.Proc., Rules 164, 164 note. | Does a plaintiff's right to nonsuit of its own action exist at the moment that an action is filed? | Pretrial Procedure - Memo # 1294 - C - PB.docx | LEGALEASE-00019414-LEGALEASE-00019415 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pfleeger v. Swanson, 229 Or. 254 | 307A+501 | Statutes limiting right of plaintiff to voluntary nonsuit are in derogation of common law, must be strictly construed, and will not be extended to include cases not within their express terms. ORS 18.230. | Are statutes limiting a right of a plaintiff to voluntary nonsuit in derogation of common law and must be strictly construed? | 039444.docx | LEGALEASE-00129332-LEGALEASE-00129333 |
| Georgiades v. Di Ferrante, 871 S.W.2d 878 | 307A+501 | Plaintiff has absolute and unqualified right to take nonsuit upon timely motion so long as defendant has not made claim for affirmative relief. | Does a plaintiff have an absolute and unqualified right to take nonsuit upon timely motion so long as a defendant has not made a claim for affirmative relief? | 041222.docx | LEGALEASE-00129427-LEGALEASE-00129429 |
| Herring v. Poritz, 6 Ill. App. 208 | 307A+501 | A "retraxit" differs from a "nonsuit" in that one is negative and the other positive; the "nonsuit" is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of the costs, but a "retraxit" is an open and voluntary renunciation of his suit in court, and by this he forever loses his action. | "Does a ""retraxit"" differ from a ""nonsuit"" in that one is negative and the other positive?" | Pretrial Procedure - Memo # 1228 - C - SJ.docx | LEGALEASE-00019702-LEGALEASE-00019703 |
| Cotton v. Ostroski, 250 Neb. 911 | 307A+749.1 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | Should the litigants adhere to the spirit of the pretrial procedure and are they bound by a pretrial order? | Pretrial Procedure - Memo # 1344 - C - TJ.docx | ROSS-003313961-ROSS-003313962 |
| Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510 | 307A+742.1 | The requirement for a case management conference in malpractice actions is one intended to benefit the administration of justice and to assist the parties with an expeditious resolution of malpractice cases, as well as an attempt to reduce the flow of litigation that has arisen from the Affidavit of Merit statute, but such requirement does not vest litigants with any additional rights. N.J.S.A. 2A:53A-27. | What is the requirement for a case management conference in malpractice actions? | Pretrial Procedure - Memo # 1433 - C - SKG.docx | ROSS-003287070-ROSS-003287071 |
| Kohler v. Van Peteghem, 330 Ga. App. 230 | 307A+747.1 | Imposition of scheduling deadlines for identification of experts, and questions regarding admission or exclusion of expert testimony, are left to broad discretion of trial court. | "Are the imposition of scheduling deadlines for identification of experts, and questions regarding admission or exclusion of expert testimony, left to the broad discretion of a trial court?" | 026442.docx | LEGALEASE-00130396-LEGALEASE-00130397 |
| In re Advanced Powder Sols., 496 S.W.3d 838 | 307A+331 | When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, a duty to preserve evidence arises. | "When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, does a duty to preserve evidence arise?" | 026822.docx | LEGALEASE-00130461-LEGALEASE-00130462 |
| McCain Foods USA v. Cent. Processors, 275 Kan. 1 | 307A+744 | The purpose of the pretrial conference is to eliminate the element of surprise from trials and to simplify the issues and procedure by full disclosure to all parties of the anticipated evidence, and factual and legal issues, and to consider such other matters as may aid in the disposition of the action. Rules Civ.Proc., K.S.A. 60-216(c)(7). | How will the pretrial conference procedure help to eliminate the element of surprise at trials? | Pretrial Procedure - Memo # 1721 - C - NC.docx | LEGALEASE-00020714-LEGALEASE-00020715 |
| Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+749.1 | A pretrial order is to limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | Does a pretrial order limit the issues for trial to those not disposed of by admission or agreement of counsel? | Pretrial Procedure - Memo # 1749 - C - NE.docx | LEGALEASE-00020762-LEGALEASE-00020763 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hathaway v. Bishop, 214 Ga. App. 870 | 307A+750 | Omission of affirmative defense from pretrial order is not controlling as to whether trial court should instruct jury on omitted defense, where evidence pertaining to issue is introduced without objection, opposing party is not unfairly surprised, and issue is actually litigated. | Is omission of affirmative defense or an issue from pretrial order controlling if evidence pertaining to the issue is introduced without objection? | Pretrial Procedure - Memo # 1796 - C - SPB.docx | ROSS-003287254-ROSS-003287255 |
| Bump v. Firemens Ins. Co. of Newark, N.J., 221 Neb. 678 | 307A+750 | Pretrial conferences are conducted to simplify and narrow issues presented in a case, and issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | "Does an issue specified at a pretrial conference control the course of an action, and unless altered by the court, does it constitute the issues on which the case is tried?" | 027043.docx | LEGALEASE-00131087-LEGALEASE-00131088 |
| Stephens v. Bi-State Dev. Agency, 439 S.W.2d 252 | 307A+717.1 | Generally, in order for absence of a witness to be grounds for a continuance there must be a probability the testimony can be obtained at a certain future time or within a reasonable time. V.A.M.R. Civil Rule 65.04(2, 3). | "In order for absence of a witness to be grounds for a continuance, must there be a probability the testimony can be obtained at a certain future time or within a reasonable time?" | 027318.docx | LEGALEASE-00130851-LEGALEASE-00130852 |
| Great Games v. S.C. Dep't of Revenue, 339 S.C. 79 | 371+2001 | The essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. Code 1976, S 12-60-30(27). | Is tax as an enforced contribution? | 044698.docx | LEGALEASE-00130781-LEGALEASE-00130783 |
| United States v. Hitchcock, 286 F.3d 1064 | 34+3(2) | Posse Comitatus Act (PCA) prohibits Army and Air Force personnel from participating in civilian law enforcement activities unless otherwise permitted by federal law. 18 U.S.C.A. S 1385. | Does the Posse Comitatus Act (PCA) prohibit Army and Air Force military personnel from participating in civilian law enforcement activities? | Armed Services - Memo 86 - RK.docx | ROSS-003287333-ROSS-003287334 |
| United States v. Lowery, 166 F.3d 1119 | 110+392.32(2) | Assuming plea bargain agreements by which government promises sentencing recommendations in exchange for testimony violated Florida Bar Rule of Professional Conduct forbidding lawyers from offering inducement to witness, any such violation of state bar rules could not provide basis for federal court to suppress testimony that was otherwise admissible under federal law. Fed.Rules Evid.Rule 402, 28 U.S.C.A.; West's F.S.A. Bar Rule 4-3.4(b). | Does the admission of testimony derived through plea agreements violate the prohibition against bribing witnesses? | 011148.docx | LEGALEASE-00132206-LEGALEASE-00132207 |
| State v. Badaracco, 156 Conn. App. 65 | 63+1(1) | Under federal law, a bribery conviction must be based on more than evidence of mere preparation; it must progress to the point that the defendant made an offer that consisted of an expression of a desire and an ability to pay the public official for performing a proscribed act. 18 U.S.C.A. S 201(b). | Can a bribery conviction be based on evidence of mere preparation? | Bribery - Memo #95 - C-JL.docx | LEGALEASE-00021464-LEGALEASE-00021465 |
| Perdue Hous. v. Davis, 582 P.2d 1336 | 307A+717.1 | Different factors are considered when request for continuance is sought because of absence of party, or because of absence of witness; however, underlying standard for review in either case is whether trial court abused discretion in denying continuance. | Do courts consider different factors when a request for continuance is sought because of absence of a party and absence of a witness? | Pretrial Procedure - Memo # 2193 - C - AP.docx | ROSS-003287416-ROSS-003287417 |
| Dean v. Gainesville Stone Co., 120 Ga. App. 315 | 307A+331 | Under Civil Practice Act, trial judge is authorized to direct parties to action to produce pertinent documents for inspection, copying or photographing. Code, S 81A-134(a). | "Under the Civil Practice Act, is a trial judge authorized to direct parties to action to produce pertinent documents for inspection, copying or photographing?" | Pretrial Procedure - Memo # 2210 - C - KA.docx | ROSS-003287420-ROSS-003287421 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dalloul v. Agbey, 255 Va. 511 | 307A+506.1 | Within meaning of language of statute allowing plaintiff to request nonsuit, "action" subject to plaintiff's nonsuit request is comprised of claims and parties remaining in case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from case. Code 1950, S 8.01-380, subd. A. | Is the action that remains subject to a plaintiff's nonsuit request comprised only of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case? | 027572.docx | LEGALEASE-00131590-LEGALEASE-00131591 |
| Brown v. Hardin, 197 Kan. 517 | 307A+749.1 | Statute which provides that orders entered at pretrial conference have full force of other orders of court and that they control subsequent course of action, unless modified at trial to prevent manifest injustice, reposes in trial court large discretion. K.S.A. 60-216. | Do orders entered at pretrial conference have the full force of other orders of court and control the subsequent course of the action? | 027616.docx | LEGALEASE-00132043-LEGALEASE-00132044 |
| Page v. Am. Family Mut. Ins. Co., 42 Wis. 2d 671 | 307A+717.1 | Prejudice that might result from failure to be able to produce witness at trial is factor to be considered by trial judge in exercising his discretion to continue a trial but it is only one of several factors to be considered. W.S.A. 270.145. | Is prejudice that might result from failure to be able to produce witness at trial a factor to be considered by a trial judge in exercising his discretion to continue a trial? | Pretrial Procedure - Memo # 2242 - C - SKG.docx | ROSS-003286537-ROSS-003286538 |
| Himmelfarb v. Allain, 380 S.W.3d 35 | 241+130(5) | When a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the lawsuit; the case may be refiled subject to the applicable statutes of limitations. Rules Civ.Proc., Rule 41.01. | "When a voluntary nonsuit is taken, are the rights of the parties adjudicated, and the parties are placed in their original positions prior to the filing of the lawsuit?" | Pretrial Procedure - Memo # 2280 - C - SHB.docx | ROSS-003301443-ROSS-003301444 |
| CHCA Woman's Hosp. v. Lidji, 369 S.W.3d 488 | 307A+517.1 | A voluntary nonsuit extinguishes a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court, and it renders the merits of the nonsuited case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Does a voluntary nonsuit extinguish a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court, and it renders the merits of the nonsuited case moot?" | 027828.docx | LEGALEASE-00131963-LEGALEASE-00131964 |
| Synovus Bank v. Mitchell, 206 So. 3d 568 | 307A+517.1 | While note holder's voluntary dismissal of its action against note maker ipso facto deprived the trial court of the power to proceed further with the action, and rendered all orders entered after its filing void, the trial court retained limited authority to entertain note holder's motion to set aside the dismissal. Rules Civ.Proc., Rules 41(a)(1), 60(b). | Does a plaintiff's voluntary dismissal ipso facto deprive the trial court of the power to proceed further with the action and renders all orders entered after its filing void? | 027847.docx | LEGALEASE-00132108-LEGALEASE-00132109 |
| Tober v. Hampton, 178 Neb. 858 | 307A+749.1 | Subsequent course of action at trial is controlled by agreements made at pretrial conference so long as they remain unmodified, and such would also be true on appeal. Supreme Court Rules, pt. 4, Rule Promulgated by the Supreme Court. | "Is a subsequent course of action at trial controlled by agreements made at pretrial conference so long as they remain unmodified, and such would also be true on appeal?" | Pretrial Procedure - Memo # 2514 - C- BP.docx | ROSS-003301547-ROSS-003301548 |
| 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2060 | Core of definition of special assessment that makes imposition special assessment rather than general tax is not that benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby, rather special assessment is used to provide combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or use or function of properties that are subject to special assessment. | What is the core of definition of special assessment? | 044671.docx | LEGALEASE-00131614-LEGALEASE-00131615 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Se. Michigan Transp. Auth. v. Sec'y of State for State of Mich., 104 Mich. App. 390 | 371+2001 | Designation given by legislature to a tax is not controlling, although entitled to be given great weight; in passing upon constitutionality of statute, court looks to operation of tax imposed rather than to labels or descriptive words used to define tax. | Does a court look to the operation of the tax imposed rather than to the labels or descriptive words used to define the tax in passing upon the constitutionality of statute? | Taxation - Memo # 311 - C - CK.docx | ROSS-003300323-ROSS-003300324 |
| Rozas v. Evangeline Par. Police Jury, 214 So. 2d 398 | 302+8(15) | In determining whether a cause of action based on fraud has been pleaded, court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. LSA-C.C.P. art. 856. | Will a court disregard general charges of fraud as mere conclusions? | 023228.docx | LEGALEASE-00132580-LEGALEASE-00132581 |
| Taylor v. Washington Hosp. Ctr., 407 A.2d 585 | 307A+749.1 | Existing pretrial procedures contemplate that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. D.C.C.E. SCR, Civil Rule 16. | Do the existing pretrial procedures contemplate that fair disclosure will be made to remove cases from the realm of surprise and are both parties generally bound by the pretrial order? | Pretrial Procedure - Memo # 2301 - C - NS.docx | ROSS-003286561-ROSS-003286562 |
| Paselk v. Rabun, 293 S.W.3d 600 | 307A+517.1 | A nonsuit is effective upon filing; the order dismissing the suit, while the starting point for determining when a trial court's plenary power expires, is purely a ministerial act. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Is the order dismissing the suit, while the starting point for determining when a trial court's plenary power expires, purely a ministerial act?" | 027951.docx | LEGALEASE-00132836-LEGALEASE-00132837 |
| Harris v. Billings, 16 Cal. App. 4th 1396 | 307A+517.1 | Plaintiff has no right to dismiss without prejudice if general demurrer has been sustained without leave to amend, since there has been "trial" of legal issues raised by demurrer. | "Does a plaintiff have right to dismiss without prejudice if a general demurrer has been sustained without leave to amend, since there has been ""trial"" of legal issues raised by a demurrer?" | Pretrial Procedure - Memo # 2561 - C - NS.docx | ROSS-003301565-ROSS-003301566 |
| Virginia Concrete Co. v. Bd. of Sup'rs of Fairfax Cty., 197 Va. 821 | 307A+517.1 | An order "dismissed agreed" not only puts an end to the pending suit, but is a bar to any subsequent suit on the same cause of action by the same parties as fully as a retraxit would be. Code 1950, S 8-154. | "Does an order ""dismissed agreed"" puts an end to the pending suit and also bar any subsequent suit on the same cause of action by the same parties as fully as a retraxit would be?" | Pretrial Procedure - Memo # 2581 - C - ES.docx | ROSS-003288316-ROSS-003288317 |
| Alvarado v. Hyundai Motor Co., 885 S.W.2d 167 | 307A+501 | Upon timely motion for nonsuit, plaintiffs' right thereto is absolute and unqualified, and district court has no discretion to dismiss part of suit with prejudice. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Upon a timely motion for nonsuit, is a plaintiffs right thereto absolute and unqualified, and district court has no discretion to dismiss part of a suit with prejudice?" | 028335.docx | LEGALEASE-00132556-LEGALEASE-00132557 |
| VSD Commc'ns v. Lone Wolf Pub. Grp., 124 N.C. App. 642 | 307A+517.1 | Filing of voluntary dismissal strips trial court of its authority to enter further orders in adversary proceedings, except as provided by rule of civil procedure which authorizes court to enter specific orders apportioning and taxing costs. Rules Civ.Proc., Rule 41(a, d), G.S. S 1A-1. | "Does a voluntary dismissal strip the trial court of authority to enter further orders in the case, except specific orders apportioning and taxing costs?" | Pretrial Procedure - Memo # 2670 - C - SKG.docx | LEGALEASE-00023079-LEGALEASE-00023080 |
| Vardaman v. Baker Ctr., 96-0831 (La. App. 1 Cir. 2/14/97), 689 So. 2d 667 | 307A+506.1 | Trial court may not dismiss action without prejudice if substantive rights acquired by defendant would be lost or if dismissal would deprive defendant of a just defense, and when either of these circumstances exists and plaintiff has moved for dismissal without prejudice, trial court may grant voluntary dismissal only if plaintiff agrees that it be dismissed with prejudice. LSA-C.C.P. art. 1671. | Can a trial court dismiss an action without prejudice if the substantive rights acquired by defendant would be lost or if the dismissal would deprive defendant of a just defense? | Pretrial Procedure - Memo # 2672 - C - SKG.docx | ROSS-003288331-ROSS-003288333 |
| Shelter Mut. Ins. Co. v. Vulgamott, 96 S.W.3d 96 | 30+80(6) | A partial summary judgment that does not dispose of an entire claim for relief can not be turned into a final, appealable judgment by the dismissal of the remaining issues without prejudice. | "Can a partial summary judgment that does not dispose of an entire claim for relief be turned into a final, appealable judgment by the dismissal of the remaining issues without prejudice?" | 028245.docx | LEGALEASE-00133600-LEGALEASE-00133601 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Forshey v. Airborne Freight Corp., 142 Ohio App. 3d 404 | 307A+517.1 | Notice dismissal is available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice; this is also called the "double-dismissal rule." Rules Civ.Proc., Rule 41(A)(1) (2000). | "Is a notice dismissal available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice; and is this also called the ""double-dismissal rule""?" | 028271.docx | LEGALEASE-00133634-LEGALEASE-00133635 |
| City Nat. Bank v. Anlage, 448 So. 2d 199 | 307A+514 | Trial court may not dismiss a suit without prejudice, after defendant has made a general appearance, if substantive rights acquired by defendant would thereby be lost or if the dismissal would deprive defendant of a just defense. LSA-C.C.P. arts. 1671, 1671 comment. | May a trial court dismiss the action without prejudice if substantive rights acquired by the defendant would be lost or if dismissal would deprive the defendant of a just defense? | 028279.docx | LEGALEASE-00133644-LEGALEASE-00133645 |
| Levine v. Gonzalez, 901 So. 2d 969 | 307A+517.1 | Where parties file a stipulation of voluntary dismissal, the trial court is divested of "case jurisdiction," which is the power of the court over a particular case that is within its subject matter jurisdiction. | "Where parties file a stipulation of voluntary dismissal, is the trial court divested of ""case jurisdiction,"" which is the power of the court over a particular case that is within its subject matter jurisdiction?" | Pretrial Procedure - Memo # 2640 - C - SN.docx | ROSS-003305101-ROSS-003305102 |
| Watkins v. U.S. Army, 721 F.2d 687 | 34+3(1) | The broad equitable powers courts possess to regulate civilian life may not be used to force military to disobey its own regulations absent determination that regulations cannot be given legal effect. | Can the broad equitable powers the courts possess to regulate civilian life be used to force military to disobey its own regulations? | Armed Services - Memo 102 - JS.docx | ROSS-003290264-ROSS-003290265 |
| Werner Mach. Co. v. Dir. of Div. of Taxation, Dep't of Treasury, 31 N.J. Super. 444 | 371+2001 | The nature of a tax is not to be determined from its statutory label, but primarily by its practicable operation, though the clear and explicit declarations of the Legislature embodied and implicit in the act cannot be arbitrarily ignored. | "Should the nature of a tax be determined by its practicable operation, though the clear and explicit declarations of the Legislature embodied and implicit in the act cannot be arbitrarily ignored?" | Taxation - Memo # 394 - C - KBM.docx | LEGALEASE-00023746-LEGALEASE-00023747 |
| Holmes v. California Nat. Guard, 90 Cal. App. 4th 297 | 34+5(2) | During their time of federal active duty, the state affiliation of members of the National Guard is suspended in favor of an entirely federal affiliation, and they are subject to all applicable laws and regulations of the United States military; upon being relieved from federal active duty, such individuals then revert to their state National Guard status and duty. 10 U.S.C.A. SS 101(d), 12107, 12201(a); 32 U.S.C.A. SS 101(5, 12), 102, 325(a). | Does the National Guard lose their status in their respective state National Guards for the duration of their period of active federal military service? | Armed Services - Memo 134 - JS.docx | ROSS-003290277-ROSS-003290278 |
| Williams v. Pucinski, No. 01 C 5588, 2002 WL 1585571 | 307A+517.1 | Under Illinois law, voluntary dismissals and dismissals for want of prosecution are not considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired. S.H.A. 735 ILCS 5/13-217. | Are voluntary dismissals and dismissals for want of prosecution considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired? | Pretrial Procedure - Memo # 2706 - C - PC.docx | ROSS-003290291-ROSS-003290292 |
| In re Bro Bro Properties, 50 S.W.3d 528 | 307A+517.1 | The signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires. | "Is the signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires?" | Pretrial Procedure - Memo # 2718 - C - PC.docx | LEGALEASE-00024087-LEGALEASE-00024088 |
| In re Bro Bro Properties, 50 S.W.3d 528 | 307A+517.1 | The signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires. | "Is the signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires?" | 028447.docx | LEGALEASE-00134444-LEGALEASE-00134445 |
| City of Krum v. Rice, 508 S.W.3d 808 | 307A+486 | Undue prejudice supporting withdrawal of a deemed admission depends on whether withdrawing an admission will delay trial or significantly hamper the opposing party's ability to prepare for it. Tex. R. Civ. P. 198.3. | Does undue prejudice supporting withdrawal of a deemed admission depend on whether withdrawing an admission will delay trial or significantly hamper the opposing party's ability to prepare for it? | 028455.docx | LEGALEASE-00134434-LEGALEASE-00134435 |
| State ex rel. J. Richard Gaier Co.A. v. Kessler, 97 Ohio App. 3d 782 | 307A+517.1 | Regardless of nature of dismissal, trial courts must retain some limited jurisdiction to determine collateral matters, even when action is dismissed voluntarily. Rules Civ.Proc., Rule 41(A)(1). | "Regardless of nature of dismissal, must trial courts retain some limited jurisdiction to determine collateral matters, even when action is dismissed voluntarily?" | 028477.docx | LEGALEASE-00134563-LEGALEASE-00134564 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Time Warner v. Gonzalez, 441 S.W.3d 661 | 307A+486 | A trial court has discretion to permit a party to withdraw an admission if: (1) the party shows good cause for the withdrawal; (2) the court finds that the other party will not be unduly prejudiced; and (3) presentation of the lawsuit's merits is served by the withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "Does a trial court have discretion to permit a party to withdraw an admission if the party shows good cause, and if the trial court finds that the party relying on the admission will not be unduly prejudiced?" | Pretrial Procedure - Memo # 2907 - C - NS.docx | ROSS-003317654-ROSS-003317655 |
| Steffan v. Steffan, 29 S.W.3d 627 | 307A+486 | The burden is on the party seeking withdrawal of deemed admissions to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer; the failure to answer must have been accidental or the result of mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2 (Repealed). | Is the burden on the party seeking withdrawal of deemed admissions to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer? | Pretrial Procedure - Memo # 2991 - C - AP.docx | LEGALEASE-00024247-LEGALEASE-00024248 |
| Robinson v. Glob. Res., 300 Ga. App. 139 | 307A+483 | Matters deemed admitted under statute governing failure to timely respond to requests for admission become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. S 9-11-36(a, b). | Are matters deemed admitted on basis of failure to respond to requests for admissions become solemn admissions in judicio and are conclusive as a matter of law? | 028846.docx | LEGALEASE-00134509-LEGALEASE-00134510 |
| City of Houston v. Riner, 896 S.W.2d 317 | 307A+486 | "Good cause" such as will justify withdrawal of deemed admission, is established by showing that failure to file was not intentional or conscious disregard of obligation to answer request for admission; thus, even a slight excuse for failure to answer will suffice. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | "Is good cause such as will justify withdrawal of deemed admission, established by showing that failure to file was not intentional or conscious disregard of obligation to answer request for admission?" | 028856.docx | LEGALEASE-00134540-LEGALEASE-00134541 |
| Bryant v. Cty. Council of Lake Cty., 720 N.E.2d 1 | 307A+486 | Party moving for withdrawal of admissions does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. Trial Procedure Rule 36. | Does a party moving for withdrawal of admissions meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated? | 028887.docx | LEGALEASE-00134074-LEGALEASE-00134075 |
| Wilson v. Ortiz, 232 Ga. App. 191 | 307A+486 | Party to suit will not be allowed to disprove admission made in his pleading without first being granted leave by trial court to withdraw such pleading from record. O.C.G.A. S 24-3-30. | Will a party to a suit be allowed to disprove an admission made in his pleading without first being granted leave by trial court to withdraw such pleading from record? | Pretrial Procedure - Memo # 3110 - C - DA.docx | ROSS-003290837-ROSS-003290838 |
| Schwarz v. Platte Valley Exterminating, 258 Neb. 841 | 307A+483 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request? | 029057.docx | LEGALEASE-00134369-LEGALEASE-00134370 |
| Schwarz v. Platte Valley Exterminating, 258 Neb. 841 | 307A+483 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request? | Pretrial Procedure - Memo # 3154 - C - RY.docx | LEGALEASE-00024456-LEGALEASE-00024457 |
| Zwicky v. Freightliner Custom Chassis Corp., 373 Ill. App. 3d 135 | 157+265(7) | Deemed admissions for failing to respond to request for admissions are considered binding judicial admissions and thus are incontrovertible and may be cited in support of a motion for summary judgment. Sup.Ct.Rules, Rule 216(c). | Are deemed admissions for failing to respond to request for admissions considered binding judicial admissions and thus are incontrovertible and may be cited in support of a motion for summary judgment? | Pretrial Procedure - Memo # 3532 - C - SK.docx | ROSS-003290952-ROSS-003290954 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Albitus v. Farmers & Merchants Bank, 159 Ga. App. 406 | 307A+483 | If party served with request for admission does not serve answer or objection and does not move for extension of time or to withdraw admissions resulting from failure to answer, matter stands admitted. Code, S 81A-136. | "If a party served with request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw admissions resulting from failure to answer, does the matter stand admitted?" | 030039.docx | LEGALEASE-00134919-LEGALEASE-00134920 |
| Hampton v. City of Wichita, 192 Kan. 534 | 371+2001 | Tax is not "debt" and civil action will not lie for its recovery except where statute especially confers right to bring such action or where it impliedly confers such right by omitting all mention of any method for collection of tax. | Will a civil action lie for the recovery of a tax where statute expressly confers right to bring such action or where it impliedly confers such right by omitting all mention of any method for collection of tax? | 045077.docx | LEGALEASE-00134129-LEGALEASE-00134130 |
| China Media Express Holdings v. Barth v. Nexus Exec. Risks, Ltd., 182 F. Supp. 3d 42 | 25T+143 | Where a contract contains a broad arbitration clause, only those claims that present no question involving construction of the contract, and no questions in respect of the parties' rights and obligations under it, are beyond the scope of the arbitration agreement. | "Are the claims that present no question involving construction of the contract and parties rights and obligations under it, beyond the scope of the arbitration agreement?" | Alternative Dispute Resolution - Memo 629 - SB.docx | ROSS-003289949-ROSS-003289950 |
| In re Alexandravicus' Estate, 83 N.J. Super. 303 | 228+830.1 | Laws, acts, judgments, and decrees of foreign governments have extra-territorial effect only as matter of comity which in legal sense is neither matter of absolute obligation on one hand or of mere courtesy and good will on other hand. | "Is comity, in the legal sense, neither a matter of absolute obligation on one hand nor of mere courtesy and good will, upon the other?" | International Law - Memo #1064 ANC.docx | ROSS-003289375-ROSS-003289377 |
| Sanford v. Dudley, 196 So. 3d 1106 | 307A+486 | For the trial court to exercise its discretion to permit withdrawal of admission, the party seeking to withdraw an admission must first file a motion requesting that relief. Rules Civ.Proc., Rule 36. | "For the trial court to exercise its discretion to permit withdrawal of admission, must the party seeking to withdraw an admission first file a motion requesting that relief?" | 028550.docx | LEGALEASE-00135305-LEGALEASE-00135306 |
| Costello v. Zavodnik, 55 N.E.3d 348 | 307A+486 | As used in rule allowing withdrawal of admissions when party opposing withdrawal cannot demonstrate prejudice, the word "prejudice" does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case. Trial Procedure Rule 36(B). | "As used in a rule allowing withdrawal of admissions when party opposing withdrawal cannot demonstrate prejudice, does the word ""prejudice"" mean that the party has suffered a detriment in the preparation of his case?" | Pretrial Procedure - Memo # 2797 - C - MS.docx | LEGALEASE-00025135-LEGALEASE-00025136 |
| Brown v. Rowe Chevrolet-Buick, 86 N.C. App. 222 | 307A+716 | Where attorney has given movant no prior notice of intent to withdraw, court has no discretion but must grant reasonable continuance or deny motion to withdraw. Rules Civ.Proc., Rule 40(b), G.S. 1A-1. | "Where an attorney has given movant no prior notice of intent to withdraw, does the court have no discretion but must grant reasonable continuance or deny motion to withdraw?" | 029296.docx | LEGALEASE-00135214-LEGALEASE-00135216 |
| Adobe Land Corp. v. Griffin, 236 S.W.3d 351 | 307A+331 | A duty to preserve evidence arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. | Does a duty to preserve evidence arise only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim? | Pretrial Procedure - Memo # 3312 - C - SPB.docx | ROSS-003305133-ROSS-003305135 |
| US-1 Van Lines of Georgia v. Ho, 240 Ga. App. 417 | 307A+716 | A trial court's denial of a continuance is proper when the defendant negligently fails to employ counsel promptly or where it appears the defendant is using the tactic for delay. | Is a trial court's denial of a continuance proper when the defendant negligently fails to employ counsel promptly or where it appears the defendant is using the tactic for delay? | Pretrial Procedure - Memo # 3437 - C - KBM.docx | ROSS-003316707-ROSS-003316708 |
| Adamek v. Plano Mfg. Co., 64 Minn. 304 | 307A+716 | Held, that, where there are no unusual or extraordinary features in the case, the fact that an attorney is professionally engaged elsewhere, in the trial of another action, cannot be regarded as an absolute right to a postponement or continuance of the cause. Generally, the continuance of an action is discretionary with the trial court, which discretion this court will not undertake to control. | Does the fact that an attorney is professionally engaged elsewhere in the trial of an action not give an absolute right to the continuance of the cause? | 029542.docx | LEGALEASE-00135307-LEGALEASE-00135308 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| D.H. Holmes Co. v. Dronet, 432 So. 2d 1135 | 307A+483 | Failure to answer request for admissions within 15 days as provided by civil procedure article does not per se result in requests for admissions being deemed an admission of facts sought to be established. LSA-C.C.P. art. 1467. | Does failure to answer a request for admissions within fifteen days as provided by civil procedure article per se result in requests for admissions being deemed an admission of facts sought to be established? | Pretrial Procedure - Memo # 3504 - C - ES.docx | ROSS-003290470-ROSS-003290471 |
| St. Mary v. Superior Court, 223 Cal. App. 4th 762, 775,Ä176, 167 Cal. Rptr. 3d 517 | 307A+481 | A "deemed admitted" order establishes, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein. Cal. Civ. Proc. Code S 2033.280(c). | "Does a ""deemed admitted"" order establish, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein?" | Pretrial Procedure - Memo # 3527 - C - SK.docx | ROSS-003290827-ROSS-003290828 |
| Crider v. Pepsi Cola Bottlers of Atlanta, 142 Ga. App. 304 | 307A+483 | Where requests for admissions are timely served on the opposite party and no order extending the time for answer is entered, requests are admitted unless answered or objected to within 30 days. Code, S 81A-136(a, b). | "Where requests for admissions are timely served on the opposite party and no order extending the time for answer is entered, are the requests admitted unless answered or objected to within 30 days?" | Pretrial Procedure - Memo # 3922 - C - MS.docx | ROSS-003290578-ROSS-003290579 |
| New Jersey Realty Title Ins. Co. v. Div. of Tax Appeals in Dep't of Taxation & Fin., 1 N.J. 496 | 371+2064 | A state has power to levy a tax on a legitimate subject such as corporate franchises or property, measured by net assets or income, even though there is included, in the measure of the tax, tax exempt federal instrumentalities or the income derived therefrom, and a state tax so measured is not an infringement of the immunity from taxation. | Does a state has the power to levy a tax on a legitimate subject measured by net assets or income? | 045232.docx | LEGALEASE-00134984-LEGALEASE-00134985 |
| Capitol Novelty Co. v. Evatt, 145 Ohio St. 205 | 371+2001 | A "tax" is a means of distributing burden of costs of government and not an assessment of benefits, the only benefit to which taxpayer is constitutionally entitled being that derived from enjoyment of privilege of living in an organized society, established and safeguarded by devotion of taxes to public purposes. | Is tax a means of distributing the burden of the cost of government and not an assessment of benefits? | 045238.docx | LEGALEASE-00135022-LEGALEASE-00135023 |
| United States v. Jefferson, 674 F.3d 332 | 63+1(1) | In order to establish the quid pro quo essential to proving bribery, government need not show that the defendant intended for his payments to be tied to specific official acts or omissions; rather, bribery can be accomplished through an ongoing course of conduct. 18 U.S.C.A. S 201. | Can bribery of a public official be established through an ongoing course of conduct? | Bribery - Memo #432 - C - LB.docx | ROSS-003290383-ROSS-003290385 |
| In re Peloquin's Estate, 137 Vt. 559 | 307A+716 | Engagement of counsel in other trial courts is not cause for an automatic continuance nor is it alone a ground for claiming abuse of discretion by trial court in dismissing the action with prejudice. V.R.C.P. 40, 41; 4 V.S.A. S 906. | Is engagement of counsel in other trial courts not cause for an automatic continuance or is it alone a ground for claiming abuse of discretion by trial court in dismissing the action with prejudice? | 029213.docx | LEGALEASE-00136585-LEGALEASE-00136586 |
| Hollywood Mgmt. Co. v. Andres, 41 Ill. App. 3d 823 | 307A+716 | Under rule of practice governing continuances, a party is allowed a first continuance as a matter of right when his attorney is actually engaged in another trial. Supreme Court Rules, rule 21, S.H.A. ch. 110A, S 21. | "Under rule of practice governing continuances, is a party allowed a first continuance as a matter of right when his attorney is actually engaged in another trial?" | 029288.docx | LEGALEASE-00136601-LEGALEASE-00136602 |
| In re Posadas USA, 100 S.W.3d 254 | 307A+716 | When an attorney is permitted to withdraw, the trial court must give the party time to secure new counsel and time for new counsel to investigate the case and prepare for trial. | "When an attorney is permitted to withdraw, must the trial court give the party time to secure new counsel and time for new counsel to investigate the case and prepare for trial?" | Pretrial Procedure - Memo # 3301 - C - SU.docx | LEGALEASE-00026165-LEGALEASE-00026166 |
| Computize v. NHS Commc'ns Grp., 992 S.W.2d 608 | 307A+716 | When a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. | "When an attorney is permitted to withdraw, must the trial court give the party time to secure new counsel and time for new counsel to investigate the case and prepare for trial?" | 029305.docx | LEGALEASE-00136432-LEGALEASE-00136433 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dobbelaere v. Cosco, 120 Ohio App. 3d 232 | 307A+483 | Where party files written request for admission, failure of opposing party to timely answer request constitutes conclusive admission, and also satisfies written requirement of summary judgment rule. Rules Civ.Proc., Rules 36, 56(C). | "Where a party files a written request for admission, does failure of the opposing party to timely answer request constitute a conclusive admission and also satisfies the written answer requirement?" | 029767.docx | LEGALEASE-00136229-LEGALEASE-00136230 |
| State Farm Fire & Cas. Co. v. Hatherley, 250 Ill. App. 3d 333 | 307A+476 | Party must respond or object to request to admit facts within 28 days following service of request, otherwise such facts may be deemed admitted. Sup.Ct.Rules, Rule 216. | "Must a party respond or object to request to admit facts within 28 days following service of the request, otherwise such facts may be deemed admitted?" | 029786.docx | LEGALEASE-00136621-LEGALEASE-00136622 |
| J.M. Parker & Sons v. William Barber, 208 N.C. App. 682 | 307A+476 | In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request; failure to do so means that the facts in question are judicially established. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "In order to avoid having request for admissions deemed admitted, must a party respond within the period of the rule if there is any objection whatsoever to the request?" | 029932.docx | LEGALEASE-00136046-LEGALEASE-00136048 |
| Whirlpool Corp. v. Camacho, 251 S.W.3d 88 | 307A+331 | A duty to preserve evidence arises when a party knows or reasonably should know (1) that there is a substantial chance that a claim will be filed, and (2) that evidence in its possession or control will be material and relevant to that claim. | "Does a duty to preserve evidence arise when a party knows or reasonably should know that there is a substantial chance that a claim will be filed, and that evidence in its possession or control will be material and relevant to that claim?" | 030268.docx | LEGALEASE-00136682-LEGALEASE-00136683 |
| Smith v. Circle P Ranch Co., 150 Cal. Rptr. 828 | 307A+485 | The amount which may properly be assessed as sanctions is limited to those fees and expenses related to a particular abuse of discovery; no assessment may be made for expenses unrelated to specific grounds of motion before court. West's Ann.Code Civ.Proc. S 2034(c). | "Is the amount which may properly be assessed as sanctions, limited to those fees and expenses related to a particular abuse of discovery?" | 030335.docx | LEGALEASE-00136455-LEGALEASE-00136456 |
| Albitus v. Farmers & Merchants Bank, 159 Ga. App. 406 | 307A+483 | If party served with request for admission does not serve answer or objection and does not move for extension of time or to withdraw admissions resulting from failure to answer, matter stands admitted. Code, S 81A-136. | "If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw admissions resulting from failure to answer, does the matter stand admitted?" | Pretrial Procedure - Memo # 4104 - C - PC.docx | LEGALEASE-00026676-LEGALEASE-00026677 |
| Masterson v. Hogue, 842 S.W.2d 696 | 307A+483 | Untimely answered requests for admissions are automatically deemed admitted and constitute judicial admissions; responding parties cannot thereafter introduce proof to controvert them. | Are untimely answered requests for admissions automatically deemed admitted and constitute judicial admissions and responding parties cannot thereafter introduce proof to controvert them? | Pretrial Procedure - Memo # 4115 - C - VP.docx | ROSS-003291737-ROSS-003291738 |
| Pemberton v. Tieman, 117 Ill. App. 3d 502 | 307A+91 | To end of ascertainment of truth, for purpose of promoting either fair settlement or fair trial, object of all discovery procedures is disclosure, and right of any party to discovery deposition is "basic and fundamental"; however, that right is limited to disclosure regarding matters relevant to subject matter of pending action. | "To end of ascertainment of truth, is the object of all discovery procedures disclosure, and right of any party to discovery deposition is ""basic and fundamental""?" | Pretrial Procedure - Memo # 4430 - C - PC.docx | ROSS-003288682-ROSS-003288684 |
| Weitz v. Wolfe, 28 Neb. 500 | 83E+431 | The payee of a negotiable note sold the same with the following writing on the back of the note: "I guaranty the payment of the within note, waiving demand and notice of protest." Held an indorsement, and the maker and indorser might be joined in an action on said note. | "Whether a writing on the back of a negotiable promissory note, Demand, notice, and protest waived, and payment guarantied, signed by the payee of the note, is an indorsement?" | 009413.docx | LEGALEASE-00137690-LEGALEASE-00137691 |
| Mauricio v. Mendez, 723 S.W.2d 296 | 8.30E+56 | Written agreement providing for payment of balance due on sale of equipment that contained unconditional promise to pay seller at least certain sum of money each month was in form of "note." | Is a written agreement providing for payment of balance due on sale that contained unconditional promise to pay seller a sum of money each month in the form of note? | Bills and Notes- Memo 318-VP.docx | ROSS-003302618-ROSS-003302619 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Easton, 69 Wash. 2d 965 | 8.30E+76 | Treasury department's issuance of stop payment notice neither affected negotiability of social security check nor discharged treasury department's liability thereon; holder in due course could enforce payment for full amount thereof. RCWA 62A.3-305. | Can a check remain negotiable by a holder in due course and be enforced after the issuance of stop payment order? | 010872.docx | LEGALEASE-00137873-LEGALEASE-00137874 |
| Hobbs v. Va. Nat'l Bank, 147 Va. 802 | 289+497 | It is settled that the common report, or general reputation, is not admissible upon an issue of general partnership, and cannot be used to prove an actual partnership. It seems, however, to be also well settled that when it is sought to hold a person as a partner by estoppel, general reputation is admissible if known to him, or brought about with his consent, or by his acts. | Is general reputation admissible as evidence to prove partnership? | Partnership - Memo 333 - SNP.docx | ROSS-003290547-ROSS-003290548 |
| Components Direct v. European Am. Bank & Tr. Co., 175 A.D.2d 227 | 302+8(1) | Although statements in pleadings are required to be factual, party may supplement or round out his pleading by conclusory allegations or by stating legal theories explicitly, if facts upon which pleader relies are also stated. | Can a party supplement or round out his pleading by conclusory allegations or by stating legal theories explicitly? | Pleading - Memo 342 - RMM.docx | ROSS-003290255-ROSS-003290256 |
| Moore v. Dudley, 31 Kan. App. 2d 184 | 307A+749.1 | Statute which states that a pretrial order controls the future course of the case bestows broad discretionary power upon the trial court in controlling the course of the action. K.S.A. 60-216(e). | Does a statute which state that a pretrial order controls the subsequent course of the case bestows broad discretionary power upon the trial court? | Pretrial Procedure - Memo # 4031 - C - KBM.docx | ROSS-003291063-ROSS-003291064 |
| Boyter v. MCR Const. Co., 673 S.W.2d 938 | 307A+483 | Request for admission directed to one party concerning another's state of mind seeks to elicit inadmissible opinions and cannot be deemed admitted. | Does a request for admission directed to one party concerning another's state of mind seek to elicit inadmissible opinions and cannot be deemed admitted? | 030553.docx | LEGALEASE-00137788-LEGALEASE-00137789 |
| Godfrey v. Godfrey, 854 P.2d 585 | 134+145 | After trial court granted one-day continuance in divorce proceeding due to persistent vomiting and diarrhea experienced by wife prior to trial, trial court did not abuse its discretion in refusing to grant further continuance, where court made provisions to accommodate wife, in case illness forced her to leave suddenly, and parties adequately presented all issues to court despite wife's illness. Rules Civ.Proc., Rule 40(b). | Can the court abuse its discretion in refusing to grant further continuance after granting one day continuance due to illness experienced prior to trial? | 031000.docx | LEGALEASE-00137571-LEGALEASE-00137572 |
| Green v. Selznick, 220 A.D. 12 | 307A+91 | Civil Practice Act, S 288, entitling party to examine his adversary before trial on facts material and necessary to establish his cause of action or affirmative defense, should be liberally construed. | Is a party to an action entitled to an examination of his adversary before trial upon facts which are material and necessary to establish his cause of action or affirmative defense? | Pretrial Procedure - Memo # 4690 - C - SB.docx | ROSS-003304236-ROSS-003304237 |
| Moran v. Superior Court in & for Sacramento Cty., 38 Cal. App. 2d 328 | 307A+12 | The statute authorizing the taking of depositions to be used in pending trials should be liberally construed to the end that a litigant in a pending action may be afforded a reasonable opportunity to procure available testimony in support of his cause. Code Civ.Proc. S 2020. | Should the statute authorizing the taking of depositions used in pending trials be liberally construed? | 031388.docx | LEGALEASE-00137814-LEGALEASE-00137815 |
| Paterno v. Superior Court, 163 Cal. App. 4th 1342 | 307A+36.1 | Trial judges should refrain from ordering unnecessary, expensive, and burdensome discovery proceedings in defamation actions if it appears from the strategic lawsuit against public participation (SLAPP) motion that there are significant issues as to falsity or publication, which the plaintiff should be able to establish without discovery. West's Ann.Cal.C.C.P. S 425.16(g); West's Ann.Cal.Civ.Code S 45. | "Should trial judges refrain from ordering unnecessary, expensive, and burdensome discovery proceedings in defamation actions?" | 031415.docx | LEGALEASE-00137964-LEGALEASE-00137965 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Valley Baptist Med. Ctr. v. Gonzalez, 18 S.W.3d 673 | 307A+24 | Order under civil procedure rule authorizing the taking of an oral or written deposition to either perpetuate testimony for use in an anticipated suit, or to investigate a potential claim or suit, must contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure, and the court may restrict or prohibit the use of a deposition taken under the rule in a subsequent suit to protect a person not served with notice or to prevent the abuse of rule. Vernon's Ann.Texas Rules Civ.Proc., Rule 202.1. | Does any rule prohibit innovative procedures for recording depositions so long as the basic protection provided for all parties is preserved? | 031927.docx | LEGALEASE-00137942-LEGALEASE-00137943 |
| Necchi Sewing Mach. Sales Corp. v. Sewline Co., 194 F. Supp. 602 | 170B+2787 | Party by entering into arbitration agreement subjects himself in advance to jurisdiction of court within whose territorial jurisdiction arbitration proceedings are to be had, and such submission would waive any objection to venue. 9 U.S.C.A. S 4. | Whether objection to venue can be waived if the party in an arbitration agreement subjects himself in advance to jurisdiction of the court within whose territorial jurisdiction arbitration proceeding to be held? | 007586.docx | LEGALEASE-00138979-LEGALEASE-00138980 |
| Pelletier v. Yellow Transp., 549 F.3d 578 | 25T+151 | Contractual clause selecting either judicial or arbitral forum for resolution of disputes establishes legal right which is analytically distinct from rights being asserted in dispute to which it is addressed. | Whether acontractual clause selecting either judicial or arbitral forum for resolution of disputes establishes legal right distinct from rights being asserted in dispute to which it is addressed? | 007590.docx | LEGALEASE-00138988-LEGALEASE-00138990 |
| Brown v. Cain, 56 F. Supp. 56 | 34+21.1 | An enrolled temporary member of Coast Guard Reserve with rating of Boatswain's Mate, First Class, was a member of armed forces of the United States. | "Is an enrolled temporary member of the Coast Guard Reserve, with the rating of Boatswain's Mate, First Class a member of the Armed Forces of the United States?" | 008601.docx | LEGALEASE-00138742-LEGALEASE-00138743 |
| Norman v. Cummings, 73 S.D. 559 | 200+182 | If, as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes duty of duly authorized public authorities to provide the remedy, but no liability on ground of negligence, attaches to user as a result of such use, either to the public or the highway authorities, for damages to highway or to other travelers. SDC 28.0912, 28.9909. | When does no liability attaches to the user as a result of the use of highway? | Highways- Memo 119-ANM.docx | ROSS-003316324-ROSS-003316325 |
| State Highway Comm'n v. Stadler, 158 Kan. 289 | 200+182 | Under statute providing that person causing injury to highway or highway structure shall be responsible for all damage which the highway or structure may sustain as result of conduct prohibited by the statute, the proper measure of damages for destruction of highway or highway structure is actual amount it would take to replace the highway or highway structure at time it was destroyed. Gen.St.Supp.1943, 8-5,124. | Would a person causing damage to the highway be held liable? | 018980.docx | LEGALEASE-00138716-LEGALEASE-00138717 |
| Matter of Est. of Katschor, 543 P.2d 560 | 30+4193 | Where party has acted in a timely and diligent manner, refusal to continue a case to permit the taking of a deposition authorized by statute is prejudicial error. 12 O.S.1971, SS 383, 439, 667. | "Where a party has acted in a timely and diligent manner, is the refusal to continue a case to permit the taking of a deposition authorized by statute prejudicial error?" | 030831.docx | LEGALEASE-00138586-LEGALEASE-00138587 |
| Howard v. Hubertson, 1 Haw. 45 | 307A+723.1 | At least two days' notice of an intended application to put off a trial should be given to plaintiff's attorney with a copy of the affidavit to be produced as a foundation for the motion if the necessity for the motion was known to defendant. | Should at least two days' notice of an intended application to put off a trial be given to a plaintiff's attorney? | 030887.docx | LEGALEASE-00138812-LEGALEASE-00138813 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Woodard v. Dist. Court of Fourteenth Judicial Dist., 120 Mont. 585 | 307A+74 | Whether depositions are taken in proceeding to perpetuate testimony or in any other case wherein depositions may be taken, affidavit, application or complaint should tender issue sufficiently definite to disclose that testimony sought is relevant to framed or proposed issue. Rev.Codes, 1935, SS 10673-10675, 10686-10692. | Should an application or complaint tender an issue sufficiently definite to disclose that testimony sought is relevant? | 031805.docx | LEGALEASE-00138338-LEGALEASE-00138339 |
| Globe Newspaper Co. v. King, 658 So. 2d 518 | 307A+36.1 | Statute governing pleading of punitive damages claims creates substantive legal right not to be subject to punitive damages claim and ensuing financial worth discovery until trial court makes determination that there is reasonable evidentiary basis for recovery of punitive damages. West's F.S.A. S 768.72. | Does a statute which requires a factual showing before a claim for punitive damages are allowed in civil actions create a positive legal right? | 032005.docx | LEGALEASE-00138191-LEGALEASE-00138192 |
| Perryman v. Crawford, 968 So. 2d 83 | 30+3324 | In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is a clear showing of abuse prejudicial to the affected party. | Is broad discretion vested in the courts while interpreting and enforcing pretrial orders? | 032013.docx | LEGALEASE-00138229-LEGALEASE-00138230 |
| Dahl v. Sittner, 474 N.W.2d 897 | 184+64(1) | Statute requiring that court find that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct before permitting any discovery relating to punitive damages claim and before claim is submitted to fact finder applies to claims for punitive damages based upon fraud and deceit. SDCL 21-1-4.1, 21-3-2. | Does the statute which requires a factual showing before a claim for punitive damages are allowed in civil actions require a determination of legal sufficiency of a punitive damage pleading? | 032033.docx | LEGALEASE-00138318-LEGALEASE-00138319 |
| Local 205, United Elec., Radio & Mach. Workers of Am. (UE) v. Gen. Elec. Co., 233 F.2d 85 | 25T+151 | The hoary, though probably misguided, judge-made reluctance to give full effect to arbitration agreements cannot now be ignored by Court of Appeals as a matter of federal law without pretty explicit statutory basis for so doing. | Does the court an ignore arbitration agreement considering the hoary judge-made reluctance to give full effect to arbitration agreements? | 007608.docx | LEGALEASE-00139006-LEGALEASE-00139008 |
| ABB Flakt v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 731 A.2d 811 | 307A+36.1 | Discovery on the issue of contractual intent is usually appropriate whenever the provisions in controversy are reasonably or fairly susceptible of different interpretations or meanings. | Is discovery on the issue of contractual intent usually appropriate whenever the provisions in controversy are reasonably or fairly susceptible of different interpretations or meanings? | 031901.docx | LEGALEASE-00139273-LEGALEASE-00139274 |
| In re Conservatorship of Martha P., 117 Cal. App. 4th 857 | 307A+501 | Voluntary dismissal provision generally extends to a special proceeding when the statutes establishing the special proceeding expressly incorporate that part of Code of Civil Procedure containing voluntary dismissal provision. West's Ann.Cal.C.C.P. S 581(b)(1). | Does a voluntary dismissal provision generally extend to a special proceeding when the statutes establishing the special proceeding expressly incorporate the Code of Civil Procedure voluntary dismissal sections? | Pretrial Procedure - Memo # 5216 - C - SN.docx | ROSS-003301339-ROSS-003301340 |
| Roberts v. Geren, 530 F. Supp. 2d 24 | 34+5(8) | Courts review decisions of military corrections boards under an unusually deferential application of the arbitrary or capricious standard of the Administrative Procedure Act (APA). 5 U.S.C.A. S 706(2). | Do courts review decisions of the Military Corrections Board under an unusually deferential application of the arbitrary or capricious standard of the Administrative Procedure Act? | Armed Services - Memo 180 - JS.docx | ROSS-003288488-ROSS-003288490 |
| W. Pipe & Supply v. Heart Mountain Oil Co., 179 Neb. 858 | 307A+748 | Modification of pretrial order may be had at trial to prevent manifest injustice, but modification should be by direction and not by indirection, that is modification must be attended by degree of directness and formality such as is appropriate to court order of such magnitude that, from time of its entry, it controls subsequent course of the action. | Is a subsequent course of action in the trial court controlled by agreements made at pretrial conference so long as they remain unmodified? | 028015.docx | LEGALEASE-00139490-LEGALEASE-00139491 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Beverly Hills Nat. Bank & Tr. Co. v. Superior Court In & For Los Angeles Cty., 195 Cal. App. 2d 861 | 307A+69.1 | Party initiating proceedings for taking deposition of nonresident has choice of designating that deposition be taken on either oral examination or upon written interrogatories, but trial court is vested with discretion, after hearing, to direct whether interrogatories are to be written or oral, and in exercising such discretion elements of convenience and expense may, among other things, be considered. Fed.Rules Civ.Proc. rule 26, 28 U.S.C.A.; West's Ann.Code Civ.Proc. SS 2016, 2018-2021, 2024-2028, 2025, 2026. | "Is the trial court vested with the discretion, after hearing, to direct whether interrogatories are to be written or oral?" | Pretrial Procedure - Memo # 3196 - C - SB.docx | ROSS-003289094-ROSS-003289095 |
| Indiana & I.S. Ry. Co. v. G.S. Wilson & Son, 77 Ill. App. 603 | 307A+74 | The statute requiring the indorsement of the names of parties litigant on the depositions when sealed up, is merely directory and when no injury or surprise results, depositions will not be suppressed because of the failure of the officer taking the depositions so to indorse the names. | Is the statute requiring the indorsement of the names of parties litigant on the depositions when sealed up merely directory when no injury or surprise results? | Pretrial Procedure - Memo # 5247 - C - SJ.docx | ROSS-003291295-ROSS-003291297 |
| First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+685 | When defendant supports its motion to dismiss for lack of personal jurisdiction with affidavits based on trial court's expressed intent to rule on motion without an evidentiary hearing, burden is on plaintiff to make prima facie showing of personal jurisdiction over defendant by filing its own affidavits or other written evidence. Tenn. R. Civ. P. 12.02(2). | "When a defendant supports its motion to dismiss for lack of personal jurisdiction with affidavit, is the burden on the plaintiff to make a prima facie showing of personal jurisdiction over the defendant?" | 032715.docx | LEGALEASE-00139626-LEGALEASE-00139627 |
| Ohio Multi-Use Trails Assn. v. Vinton Cty. Commrs, 182 Ohio App. 3d 32 | 307A+554 | The legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaints. | Is the legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction whether any cause of action cognizable by the forum has been raised in the complaints? | 032795.docx | LEGALEASE-00139679-LEGALEASE-00139680 |
| Poorman v. D.O. Mills & Co., 39 Cal. 345 | 8.30E+186 | The words written in the body of a certificate, bill, or note, when plain, definite, and certain, must control, without regard to the superscription in figures. | Do the words written in the body of a certificate bill or note when plain definite and certain must control without regard the superscription in figures? | 010099.docx | LEGALEASE-00140261-LEGALEASE-00140262 |
| N. State Bank of Grand Forks v. Bellamy, 19 N.D. 509 | 195+1 | The terms "primarily liable" and "secondarily liable," as used in section 6494, Rev. Codes 1905, have reference to the remedy provided by law for enforcing the obligation of one signing a negotiable instrument, rather than to the character and limits of the obligation itself. The remedy against a guarantor, depending as it does upon his separate contract of guaranty, and not upon the terms of the instrument, is not primary and direct, but collateral and secondary. | What does the terms primarily liable and secondarily liable refer in relation to a negotiable instrument? | Bills and Notes- Memo 375-PR.docx | LEGALEASE-00029669-LEGALEASE-00029671 |
| Boire v. McGinn, 8 Or. 466 | 289+989 | In stating accounts of partners, as between themselves, entries on partnership books to which both partners had access at time when entries were made, or immediately thereafter, were to be taken as prima facie evidence of correctness of those entries, subject to right of either party to show a mistake or error in the charge or credit. | Are books of a partnership prima facie evidence in matters between partners? | Partnership - Memo 383 - SNP.docx | ROSS-003287579-ROSS-003287580 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dawson v. Dawson, 26 Neb. 716 | 307A+74 | To entitle a deposition to be read in evidence the certificate must show that the deposition was taken at the place, room, or office named in the notice, and the certificate or deposition on its face must show that the taking of the deposition was commenced on the day named in the notice. | "To entitle a deposition to be read in evidence, must the certificate show that the deposition was taken at the place, room, or office named in the notice?" | Pretrial Procedure - Memo # 5310 - C - KG.docx | ROSS-003291302-ROSS-003291303 |
| Bulwinkle v. Cramer, 30 S.C. 153 | 307A+74 | A deposition containing a statement that it was taken pursuant to the notice which is appended, and which sets forth the reasons for taking it, sufficiently complies with the requirement that a certificate of such reasons be contained with it, when sent by mail or express. | Does a deposition containing a statement that it was taken pursuant to the notice which is appended sufficiently comply with the requirement that a certificate of such reasons be contained with it? | 032360.docx | LEGALEASE-00140151-LEGALEASE-00140152 |
| Dargart v. Ohio Dept of Transp., 171 Ohio App. 3d 439 | 307A+554 | When ruling on a motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court. Rules Civ.Proc., Rule 12(B)(1). | "When ruling on a motion to dismiss for lack of subject-matter jurisdiction, must trial courts determine whether a claim raises any action cognizable in that court?" | 032898.docx | LEGALEASE-00140080-LEGALEASE-00140081 |
| Cleveland Raceways v. Bowers, 163 N.E.2d 73 | 92+2925 | The state's power over taxation is plenary and only emphatic requirements of the Constitution may authorize interpretation of privileges and immunities clause which restricts power of states to manage their own fiscal affairs. U.S.C.A.Const. Amend. 14. | Which requirements of the Constitution authorize interpretation of the privileges and immunities clause which restricts the power of states to manage their own fiscal affairs? | 045478.docx | LEGALEASE-00140421-LEGALEASE-00140422 |
| Scott v. State, 107 Ohio St. 475 | 63+11 | Upon an indictment for bribery, the state must establish beyond a reasonable doubt the guilt of the defendant of the crime charged and every material allegation of the indictment, including criminal intent. | "Upon an indictment for bribery, should the state establish beyond a reasonable doubt the defendants criminal intent?" | 012105.docx | LEGALEASE-00140760-LEGALEASE-00140761 |
| Castro v. U.S. Dept. of Homeland Sec., 835 F.3d 422 | 63+7 | Under bribery statute, government was not required to allege or prove at trial the identity of the specific statutory scheme pursuant to which county, which was victim of kickback scheme, received federal benefits; rather, government was required to prove that county received in excess of $10,000 in benefits from the federal government under a federal program. 18 U.S.C.A. S 666(a)(2). | "Under bribery statute, is government required to allege or prove at trial the identity of the specific statutory scheme pursuant to which the victim received federal benefits?" | Bribery - Memo #746 - C-JL.DOCX | ROSS-003302145 |
| Southern Ry. Co. v. Crosby, 201 F.2d 878 | 170A+1681.1 | The rule relating to pre-trial admissions requires that denial in sworn statement filed in reply to notice requesting admission meet substance of requested admission, and where good faith requires that party deny only partly, or with qualification, a matter as to which admission is requested, he must specify and admit so much of it as is true and deny only the remainder. Fed.Rules Civ.Proc. rule 36, 28 U.S.C.A. | Should a denial of request for admission fairly meet the substance of a requested admission and responder must admit or deny with particularity if the truth can be ascertained by reasonable inquiry? | 030624.docx | LEGALEASE-00141218-LEGALEASE-00141219 |
| Troyan v. Reyes, 367 Ill. App. 3d 729 | 307A+477.1 | Party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. | Should a party have a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control? | Pretrial Procedure - Memo # 4284 - C - KG.docx | ROSS-003328234-ROSS-003328235 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cline v. Prowler Indus. of Maryland, 418 A.2d 968 | 307A+485 | Under rule requiring that party who unjustifiably fails to admit the truth of a matter requested pay petitioning party "the reasonable expenses incurred in making that proof," "reasonable" would be construed to mean that not only are number of hours, cost per hour, and other expenses charged reasonable in amount, but that total amount assessed against a party bear a relationship to his responsibility in causing that party to prove the fact in question. Superior Court Rules, Civil Rule 37(c), Del.C.Ann. | "Should a party who unjustifiably fails to admit the truth of a matter requested, pay petitioning party ""the reasonable expenses incurred in making that proof?" | 030724.docx | LEGALEASE-00141368-LEGALEASE-00141369 |
| Stone v. Crow, 2 S.D. 525 | 307A+74 | Under Comp. Laws, S 5292, providing that depositions shall be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court, there to remain until opened by the clerk by order of court, or at the request of a party to the action, a deposition so sealed and indorsed, when it is received by the clerk of the court in which it is to be used, and the date of its reception is indorsed on the envelope inclosing the same, is filed within the meaning of Comp. Laws, S 5297, declaring that every deposition intended to be read in evidence on the trial must be filed at least one day before the trial. | "Shall depositions be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court?" | Pretrial Procedure - Memo # 5465 - C - KG.docx | LEGALEASE-00031323-LEGALEASE-00031324 |
| Chase Manhattan Bank v. Gavin, 249 Conn. 172 | 371+3405 | State is free to pursue its own fiscal policies, unembarrassed by Constitution, if by practical operation of a tax the state has exerted its power in relation to opportunities which it has given, to protection which it has afforded, to benefits which it has conferred by fact of being an orderly, civilized society. | "Is a state free to pursue its own fiscal policies, unembarrassed by the Constitution?" | 045412.docx | LEGALEASE-00141596-LEGALEASE-00141597 |
| Revenue Cabinet v. Estate of Field, 864 S.W.2d 930 | 371+2060 | "Ad Valorem" literally means "according to the worth," and is used in taxation to designate assessment of taxes against property at certain rate upon its value. | "Does ""ad valorem"" literally means ""according to the worth"", and is used in taxation to designate assessment of taxes against property at certain rate upon its value?" | 045639.docx | LEGALEASE-00141663-LEGALEASE-00141664 |
| United States v. Andrews, 681 F.3d 509 | 63+1(1) | An honest services fraud prosecution for bribery after Skilling requires the government to prove: (1) that the payor provided a benefit to a public official intending that he would thereby take favorable official acts that he would not otherwise take, and (2) that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. 18 U.S.C.A. S 1346. | What are the requirements to prove honest services fraud prosecution for bribery? | 011467.docx | LEGALEASE-00142154-LEGALEASE-00142155 |
| State v. Emmanuel, 42 Wash. 2d 1 | 63+1(2) | Statute defining crime of asking or receiving bribe does not limit crime to cases where official duties prescribed by statute may be affected, but it is sufficient if State officer, agent or employee is given such official duties by direction of his superiors or by custom of office practice. RCW 9.18.020. | Is it necessary to prescribe by a statute the duties of board secretary to sustain a conviction for asking and receiving a bribe or is it sufficient if the state officer is given such official duties by direction of his superiors or by custom of the office? | 011555.docx | LEGALEASE-00142429-LEGALEASE-00142430 |
| Texas Co. v. R.R. Comm'n of Tex., 246 S.W.2d 487 | 260+92.29 | Rule against subdivision for purpose of drilling oil wells contemplates prohibition of division of tract of land, or tracts of land, under common ownership, into smaller tracts, for purpose of acquiring additional permits to drill. | Does the rule against subdivision contemplate the prohibition of a division of a tract of land under common ownership into smaller tracts for the purpose of acquiring additional permits to drill? | 021249.docx | LEGALEASE-00143286-LEGALEASE-00143287 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Innovate v. United Parcel Serv., 275 Pa. Super. 276 | 307A+483 | A party on which request for admissions of fact are served runs the risk that the facts as set forth in the request will be conclusively binding on him if he chooses not to file an answer or file objections to the request. Pa.R.C.P. Nos. 4014, 4014(d), 42 Pa.C.S.A.; No. 4014(b)(2) (Repealed). | Will a party on which a request for admissions of fact are served run the risk that the facts as set forth in the request will be conclusively binding on him if he chooses not to file an answer or file objections to the request? | 030650.docx | LEGALEASE-00142993-LEGALEASE-00142994 |
| Bauer v. Douglas Aquatics, 207 N.C. App. 65 | 307A+683 | Upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making out a prima facie case that jurisdiction exists. | "Upon a defendant's motion to dismiss for lack of personal jurisdiction, does the plaintiff bear the burden of making out a prima facie case that jurisdiction exists?" | 032659.docx | LEGALEASE-00143315-LEGALEASE-00143316 |
| Providence Volunteer Fire Dep't v. Town of Weddington, 800 S.E.2d 425 | 307A+554 | If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, for example an affidavit, along with the motion to dismiss, the complaint's allegations can no longer be taken as true or controlling and the plaintiff cannot rest on the allegations of the complaint. | "If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, along with the motion to dismiss, can the complaint's allegations no longer be taken as true?" | Pretrial Procedure - Memo # 5706 - C - MS.docx | LEGALEASE-00032499-LEGALEASE-00032500 |
| Cuozzo v. Town of Orange, 315 Conn. 606 | 307A+678 | Where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts; likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. Practice Book 1998, S 10-30. | "Where a jurisdictional determination is dependent on the resolution of a critical factual dispute, can it be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts?" | 032947.docx | LEGALEASE-00143496-LEGALEASE-00143497 |
| Sun Life Assur. Co. of Canada v. Indiana Comprehensive Health Ins. Ass'n, 827 N.E.2d 1206 | 15A+2161 | A party's failure to exhaust its administrative remedies creates a jurisdictional defect and makes a motion to dismiss for lack of subject matter jurisdiction appropriate. | Does a party's failure to exhaust its administrative remedies create a jurisdictional defect and makes a motion to dismiss for lack of subject matter jurisdiction appropriate? | 033008.docx | LEGALEASE-00143114-LEGALEASE-00143115 |
| AAIS Corp. v. Dept of Admin. Servs., 93 Conn. App. 327 | 307A+554 | Motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court. | Does a motion to dismiss for lack of standing attack the jurisdiction of the court that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court? | 033010.docx | LEGALEASE-00143124-LEGALEASE-00143125 |
| Grajcyk v. Tasca, 717 N.W.2d 624 | 307A+683 | The party on whose behalf service has been made has the burden of establishing its validity; however, this initial burden only requires that the party establish a prima facie case: when a defendant moves to dismiss for insufficient service of process, the burden is on the plaintiff to establish a prima facie case that the service was proper. | "When a defendant moves to dismiss for insufficient service of process, is the burden on the plaintiff to establish a prima facie case that the service was proper?" | 033687.docx | LEGALEASE-00143059-LEGALEASE-00143060 |
| Paragon Const. Co. v. Dep't of Pub. Works, 130 Conn. App. 211 | 307A+554 | In the absence of a proper factual basis in the complaint to support the applicability of exceptions to the state's sovereign immunity from suit, the granting of a motion to dismiss on sovereign immunity grounds is proper. | "In the absence of a proper factual basis in the complaint to support the applicability of exceptions to the state's sovereign immunity from suit, is the granting of a motion to dismiss on sovereign immunity grounds proper?" | Pretrial Procedure - Memo # 6339 - C - SPB.docx | ROSS-003288293-ROSS-003288294 |
| Disney Enterprises v. Tax Appeals Tribunal of State, 10 N.Y.3d 392 | 360+18.75 | Since power to tax is traditional state power, unambiguous evidence is required to raise inference that scope of federal pre-emption of such power extends beyond that which clearly is mandated by Congress's language. | Is evidence required to raise inference that scope of federal pre-emption of the state's power to tax extends beyond that which is clearly mandated by Congress's language? | 045281.docx | LEGALEASE-00142909-LEGALEASE-00142910 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| One Beacon Ins. Co. v. Hughes, 269 Ga. App. 390 | 413+2 | The Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. West's Ga.Code Ann. S 34-9-1 et seq. | "Does the Workers Compensation Act constitute a complete code of laws on the subject, and is the entitlement to workers compensation benefits strictly a matter of statutory construction?" | 048145.docx | LEGALEASE-00142108-LEGALEASE-00142109 |
| Hook v. Springfield, 141 Ohio App. 3d 260 | 413+2 | The rights of injured employees and the dependents of killed employees to recover from or participate in the workers' compensation fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory. | "Are the rights of injured employees and dependents of killed employees to recover from or participate in the workers compensation fund constitutional, inherent, common-law, or statutory rights?" | 048170.docx | LEGALEASE-00142183-LEGALEASE-00142184 |
| Lentine v. Hollingsworth, 308 F. Supp. 317 | 197+522.1 | Procedural irregularities in the administration of Universal Military Training and Service Act which do not result in prejudice will not support a claim for relief. Military Selective Service Act of 1967, S 1 et seq., 50 U.S.C.A. App. S 451 et seq. | Do Procedural irregularities in the administration of the Universal Military Training and Service Act which do not result in prejudice support a claim for relief? | Armed Services - Memo 269 - RK.docx | ROSS-003288522-ROSS-003288523 |
| People v. Teitelbaum, 138 A.D.2d 647 | 63+1(1) | Public official's state of mind is controlling, in deciding whether official has agreed to accept benefit on "understanding or agreement" that actions will be influenced thereby. McKinney's Penal Law S 200.10(1973). | Whose state of mind is controlling in deciding whether an official has agreed to accept a benefit on the understanding or agreement that his actions will be influenced? | 012087.docx | LEGALEASE-00143625-LEGALEASE-00143626 |
| United States v. Rosen, 716 F.3d 691 | 63+1(1) | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | What should the government prove in order to establish the corrupt intent necessary to a bribery conviction? | Bribery - Memo #832 - C-JL.docx | ROSS-003290963-ROSS-003290964 |
| Jones v. Blake, 120 A.D.3d 415 | 360+28(1) | In proceedings seeking to establish that candidate did not satisfy the residency requirements for the public office of Member of the Assembly, because the question of residence is a factual one, based on a variety of factors and circumstances, where there is conflicting evidence, the resolution of the conflict lies within the province of the finder of fact, and should not be disturbed on appeal unless it is obvious that the conclusion could not be reached under any fair interpretation of the evidence. McKinney's Const. Art. 3, S 7; McKinney's Election Law S 1-104(22). | Is the question of residence a factual one? | Domicile - Memo # 19 - C-SA.docx | ROSS-003291034-ROSS-003291035 |
| Kachemak Bay Conservation Soc. v. State, Dep't of Nat. Res., 6 P.3d 270 | 260+5.2(1) | Department of Natural Resources' (DNR) finding that "(i)n oil and gas leasing, it cannot be determined with any specificity or definition at the leasing stage if, where, when, how, or what kind of production might ultimately occur as the result of leasing," satisfied the requirement of describing DNR's reasons for a decision to phase its determination of whether oil and gas lease sale concerning state lands was in state's best interests. AS 38.05.035(e)(1)(c)(iii). | "In oil and gas leasing, can it be determined with any specificity or definition at the leasing stage if, were, when, how, or what king of production might ultimately occur as a result of the leasing?" | 021373.docx | LEGALEASE-00144075-LEGALEASE-00144076 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cascaden v. Dunbar, 2 Alaska 408 | 185+56(8) | A grub-stake contract is an agreement between two or more persons to thereafter locate mines upon the public domain by their joint aid, effort, labor, or expense, whereby each is to acquire, by virtue of the act of location, such an interest in the mine as is agreed on in the contract. The title accrues to each as an original locator, though the location be made in the name of one or more of the parties only. Each party to the grub-stake contract not named in the location notice becomes, nevertheless, an equitable owner and tenant in common with those named. A grub-stake contract, though oral, is not within the statute of frauds. | What is a grubstake contract? | 021488.docx | LEGALEASE-00145009-LEGALEASE-00145010 |
| Blake v. Samuelson, 34 Colo. App. 183 | 302+48 | Under rule providing that a complaint shall contain a short and plain statement of claim showing that pleader is entitled to relief, pleadings need only serve notice of claim asserted and need not express a complete recitation of all facts which support the cause of action. Rules of Civil Procedure, rule 8(a). | Should pleadings only serve notice of the claim asserted? | Pleading - Memo 425 - RMM.docx | ROSS-003289062-ROSS-003289063 |
| Teva Pharm. Indus. v. Ruiz, 181 So. 3d 513 | 307A+680 | In ruling on a motion to dismiss for lack of jurisdiction, the complaint must first be examined to determine whether it alleges a basis for jurisdiction under long-arm statute; a plaintiff may either track the language of statute without pleading supporting facts, or the plaintiff may allege specific facts that demonstrate that the defendant's actions fit within one or more subsections of statute. West's F.S.A. S 48.193. | "In ruling on a motion to dismiss for lack of jurisdiction, must the complaint first be examined to determine whether it alleges a basis for jurisdiction under long-arm statute?" | 032663.docx | LEGALEASE-00144427-LEGALEASE-00144428 |
| Providence Volunteer Fire Dep't v. Town of Weddington, 800 S.E.2d 425 | 307A+554 | When a trial court decides a motion to dismiss for lack of personal jurisdiction on affidavits submitted by each party, the trial judge must determine the weight and sufficiency of the evidence presented in the affidavits, much as a juror. | Must a trial judge determine the weight and sufficiency of evidence presented in the affidavits when the court decides a motion to dismiss for lack of personal jurisdiction on affidavits? | 032673.docx | LEGALEASE-00144340-LEGALEASE-00144341 |
| First Horizon Merch. Servs. v. Wellspring Capital Mgmt., 166 P.3d 166 | 307A+36.1 | Where a plaintiff has failed to present facts that show how personal jurisdiction might be established if discovery were permitted, it is not an abuse of discretion to deny discovery on the issue. | "Where a plaintiff has failed to present facts that show how personal jurisdiction might be established if discovery were permitted, is it not an abuse of discretion to deny discovery on the issue?" | 032683.docx | LEGALEASE-00144245-LEGALEASE-00144246 |
| Classic Commercial Servs. v. Baldwin, 336 Ga. App. 183 | 307A+554 | When moving to dismiss for lack of personal jurisdiction, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. West's Ga.Code Ann. S 9-11-43(b). | "When moving to dismiss for lack of personal jurisdiction, can the plaintiff not rely on mere allegations?" | 032697.docx | LEGALEASE-00143959-LEGALEASE-00143960 |
| Krinitt v. Idaho Dep't of Fish & Game, 398 P.3d 158 | 307A+746 | The decision of whether to impose sanctions for violating a scheduling order is within a district court's discretion and an appellate court will not overturn such a decision absent a manifest abuse of that discretion. Idaho R. Civ. P. 16(i), 37(b)(2)(B) (2015). | Is the decision of whether to impose sanctions for violating a scheduling order within a district court's discretion and such a decision will not be overturned absent a manifest abuse of discretion? | 033109.docx | LEGALEASE-00144115-LEGALEASE-00144116 |
| Bobick v. Cmty. & S. Bank, 321 Ga. App. 855 | 307A+554 | A motion to dismiss for lack of subject matter jurisdiction can allege either a facial challenge, in which the court accepts as true the allegations on the face of the complaint or counterclaim, or a factual challenge, which requires consideration of evidence beyond the face of the complaint or counterclaim. | Can a motion to dismiss for lack of subject matter jurisdiction allege a facial challenge? | Pretrial Procedure - Memo # 6172 - C - KG.docx | ROSS-003316570-ROSS-003316571 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Laibe Corp. v. Gen. Pump & Well, 317 Ga. App. 827 | 307A+554 | The consideration of matters outside the pleadings on a motion to dismiss for lack of personal jurisdiction or improper venue does not convert the motion to one for summary judgment. (Per Dillard, J., with two judges concurring in result only.) West's Ga.Code Ann. S 9-11-12(b)(2, 3). | Does the consideration of matters outside the pleadings on a motion to dismiss for lack of personal jurisdiction or improper venue not convert the motion to one for summary judgment? | Pretrial Procedure - Memo # 6470 - C - KG.docx | ROSS-003329688-ROSS-003329689 |
| Gucfa v. King, 865 A.2d 328 | 307A+560 | If good cause cannot be shown for the plaintiff's failure to serve the defendant within 120 days of filing the complaint, the trial court has no discretion to do anything other than to dismiss the case without prejudice. Superior Court Rules Civ.Proc., Rule 4(l). | "If good cause cannot be shown for the plaintiff's failure to serve the defendant within 120 days of filing the complaint, does the trial court have no discretion to do anything other than to dismiss the case without prejudice?" | 034208.docx | LEGALEASE-00144729-LEGALEASE-00144730 |
| In re Peoples, 296 N.C. 109 | 307A+552 | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Should an action be dismissed if the issues before a court become moot at any time during the course of the proceedings? | 034251.docx | LEGALEASE-00144767-LEGALEASE-00144768 |
| Cty. of Shelby v. McWherter, 936 S.W.2d 923 | 13+6 | Moot case is one which has lost its character as present, live controversy; case will generally be considered moot when prevailing party will be provided no meaningful relief from judgment in its favor, and, to avoid being dismissed as moot, cases or issues must be justiciable not only when case is first filed but must remain justiciable throughout entire course of litigation, including appeal. | Should cases or issues must be justiciable not only when a case is first filed but must remain justiciable throughout the entire course of the litigation in order to avoid being dismissed as moot ? | Pretrial Procedure - Memo # 6713 - C - VP.docx | ROSS-003288444-ROSS-003288445 |
| Chacha v. Transp. USA, 78 So. 3d 727 | 307A+583 | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings. | Does a trial court have the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings? | 034449.docx | LEGALEASE-00144338-LEGALEASE-00144339 |
| Hechtman v. Savitsky, 62 Conn. App. 654 | 307A+552 | Mootness implicates subject matter jurisdiction, which imposes a duty on a court to dismiss a case if a court can no longer grant practical relief to the parties. | "Does mootness implicate subject matter jurisdiction, which imposes a duty on a court to dismiss a case if a court can no longer grant practical relief to the parties?" | Pretrial Procedure - Memo # 7353 - C - VA.docx | ROSS-003288665-ROSS-003288666 |
| Adkins v. Labor Ready, 303 F.3d 496 | 83+80.5 | Litigant can compel arbitration under the Federal Arbitration Act (FAA) if he can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute. 9 U.S.C.A. S 1 et seq. | Can litigants compel arbitration under the Federal Arbitration Act (FAA)? | 007755.docx | LEGALEASE-00146414-LEGALEASE-00146415 |
| Adams v. Reed, 138 Idaho 36 | 307A+746 | In deciding whether dismissal with prejudice is warranted for failure to comply with discovery orders or pretrial orders, and for failure to seasonably supplement responses to discovery, court considers two primary factors of clear record of delay and ineffective lesser sanctions, which must be bolstered by presence of at least one aggravating factor, including: (1) delay resulting from intentional conduct; (2) delay caused by plaintiff personally; or (3) delay causing prejudice to defendant. | Should the trial court's consideration of factors supporting imposition of the most severe sanctions appear in the record in order to facilitate appellate review? | 034102.docx | LEGALEASE-00145312-LEGALEASE-00145313 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jancauskas v. Tow Motor Corp., 126 Ill. App. 2d 289 | 307A+746 | Purpose of sanctions of Supreme Court Rule for failure of party to appear for pretrial conference is to coerce corporation rather than to dispose of litigation as a form of punishment. S.H.A. ch. 110, S 59; Supreme Court Rules, rule 219(c), S.H.A. ch. 110A, S 219(c). | Is the purpose of sanctions of the Supreme Court Rule for failure of a party to appear for a pretrial conference is to coerce a corporation rather than to dispose of litigation as a form of punishment? | 034334.docx | LEGALEASE-00145677-LEGALEASE-00145678 |
| Salifu v. Ward, 1998 Mass. App. Div. 273 | 307A+560 | A defect in a summons served upon a defendant does not warrant dismissal for insufficiency of service of process where the defendant receives notice of the lawsuit and is not deprived of an opportunity to defend. M.G.L.A. c. 223, S 84; M.G.L.A. c. 231, S 51; Mass.R.Civ.P. 4(g). | Does a defect in a summons served upon a defendant warrant dismissal for insufficiency of service of process where the defendant receives notice of the lawsuit and is not deprived of an opportunity to defend? | 034668.docx | LEGALEASE-00145383-LEGALEASE-00145384 |
| Wheeler v. Hajianpour, 688 So. 2d 423 | 307A+563 | Dismissal of action with prejudice as sanction for failing to comply with court order has generally been frowned upon by courts, except in most egregious circumstances of intentional defiance and contumacious disregard of court's authority. | Has dismissal of action with prejudice as a sanction for failing to comply with a court order generally been frowned upon by courts? | 035094.docx | LEGALEASE-00146059-LEGALEASE-00146060 |
| Bejda v. SGL Indus., 73 Ill. App. 3d 484 | 307A+563 | Trial court possesses inherent power to dismiss cause for failure of party to take some step as ordered where no sufficient excuse is provided. S.H.A. ch. 110, S 37, Supreme Court Rules, rules 201-219, S.H.A. ch. 110A, SS 201-219. | Does a trial court possess an inherent power to dismiss cause for failure of a party to take some step as ordered where no sufficient excuse is provided? | 035161.docx | LEGALEASE-00145774-LEGALEASE-00145775 |
| In re Risk Level Determination of J.V., 741 N.W.2d 612 | 13+6 | If a party lacks the requisite personal interest and the court is unable to grant "effectual relief," the issue raised is deemed to be moot and may be dismissed. | Is the issue raised deemed to be moot if a party lacks the requisite personal interest and the court is unable to grant effectual relief? | Pretrial Procedure - Memo # 7217 - C - ES.docx | ROSS-003315574-ROSS-003315575 |
| Causey v. Caterpillar Mach. Corp., 822 So. 2d 188 | 13+70 | Only two categories of causes outside the record satisfy the jurisprudential exceptions to the abandonment rule: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. LSA-C.C.P. art. 561. | "Does a party take a ""step"" in the prosecution or defense of an action when he takes a deposition with or without formal notice?" | 035269.docx | LEGALEASE-00146012-LEGALEASE-00146013 |
| Matter of Lawrance, 579 N.E.2d 32 | 13+6 | Indiana Constitution does not restrict jurisdiction of Indiana courts to actual cases and controversies or impose similar restrictions, and thus, although moot cases are usually dismissed, moot case may be decided on its merits under exception to general rule when case involves questions of public interest. | Do courts recognize that a case may be decided on its merits under an exception to the general rule when the case involves questions of great public interest? | 035356.docx | LEGALEASE-00145948-LEGALEASE-00145949 |
| Cole v. Carnahan, 272 S.W.3d 392 | 307A+552 | A case is moot and generally should be dismissed if a judgment rendered has no practical effect upon an existing controversy or when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible. | Will a case be moot if a judgment rendered has no practical effect upon an existing controversy? | Pretrial Procedure - Memo # 7325 - C - VP.docx | ROSS-003303520-ROSS-003303522 |
| Bromley Carpet Co. v. Field, 88 Ill. App. 219 | 307A+552 | While a collusive or fraudulent suit is still pending, court will, at suggestion of either party to record, or a person in interest, or person who may be prejudiced by judgment, or even at the instance of a stranger who appears as amicus curiae, or on its own motion dismiss such suit out of court. | Will a court on its own motion dismiss a suit out of court while a collusive or fraudulent suit is still pending? | Pretrial Procedure - Memo # 7331 - C - BP.docx | ROSS-003288655-ROSS-003288656 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Geico Fin. Serv. v. VRR, 69 Ohio App. 3d 556 | 307A+746 | Where party fails to appear at pretrial conference, such party must receive notice that action will be dismissed sua sponte by court, and if he does not receive such notice, judgment entered against him may be vacated. Rules Civ.Proc., Rules 41(B)(1), 60(B)(1). | "Where a party fails to appear at a pretrial conference, must such party receive notice that the action will be dismissed sua sponte by court?" | Pretrial Procedure - Memo # 7387 - C - CK.docx | ROSS-003303056 |
| Molsness v. City of Walla Walla, 84 Wash. App. 393 | 307A+714 | Trial court does not abuse its discretion in denying motion for continuance, sought on grounds that additional discovery is required, if: (1) requesting party does not offer good reason for delay in obtaining the desired evidence; (2) requesting party does not state what evidence would be established through additional discovery; or (3) desired evidence will not raise genuine issue of material fact. | Is a continuance justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery? | Pretrial Procedure - Memo # 7392 - C - KI.docx | LEGALEASE-00036151-LEGALEASE-00036152 |
| Granados v. Zehr, 979 So. 2d 1155 | 307A+563 | Allegations of inconsistency, nondisclosure, and even falseness are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action based on an alleged fraud upon the court. | Are allegations of inconsistency best resolved by allowing the parties to bring them to the jury's attention through cross examination? | Pretrial Procedure - Memo # 7433 - C - TM.docx | ROSS-003288696-ROSS-003288697 |
| Martin v. Brooks, 270 A.D.2d 538 | 307A+563 | Fundamentally, where a party disobeys a court order and by his or her conduct frustrates the statutory disclosure scheme, dismissal of the complaint is within the broad discretion of the trial court. | "Where a party disobeys a court order and by his or her conduct frustrates the statutory disclosure scheme, is dismissal of the complaint within the broad discretion of the trial court?" | 034909.docx | LEGALEASE-00146771-LEGALEASE-00146772 |
| Helms v. Alabama Pension Comm'n, 231 Ala. 183 | 296+7 | Under statutes providing for pensions to Confederate soldiers, it is not necessary that claimant be given notice and hearing by commission, since technically a "pension" is a bounty on gratuity usually for some public service, and Legislature may pursue its own course in fixing machinery for determining those to whom bounty is granted, and may withdraw allowance at any time, at least before pension is due. Code 1923, SS 2933, 2940, 2960, 2965, 2967. | Is it necessary that a claimant be given notice and hearing when pension rights are to be determined? | Pension - Memo 57 - RK_57643.docx | ROSS-003280731-ROSS-003280732 |
| In re Campbell's Estate, 195 Misc. 520 | 296+10 | Pension payments must be made and accepted in exact conformity with the terms of grant and subject to all the limitations, conditions, and exceptions therein contained. | "Must pension payments be made and accepted in exact conformity with the terms of the grant and be subject to all the limitations, conditions, and exceptions therein contained?" | 022871.docx | LEGALEASE-00147948-LEGALEASE-00147949 |
| Kelly v. Kelly, 2005 WL 1084636 | 307A+581 | A dismissal for failure to appear is a harsh remedy and the court must also consider a broad range of less severe alternatives prior to deciding on dismissal. LSA-C.C.P. art. 1672(A)(1). | Is a dismissal for failure to appear a harsh remedy and should court consider a broad range of less severe alternatives prior to deciding on dismissal? | 035745.docx | LEGALEASE-00147668-LEGALEASE-00147669 |
| Crawford Supply Co. v. Schwartz, 396 Ill. App. 3d 111 | 307A+561.1 | The phrase "affirmative matter," in statute that allows for dismissal where the claim asserted is barred by affirmative matter avoiding the legal effect of or defeating the claim, encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Will an affirmative matter encompass any defense other than a negation of the essential allegations of the cause of action? | 11007.docx | LEGALEASE-00094440-LEGALEASE-00094441 |
| In re Cty. Treasurer, 2015 IL App (1st) 133693 | 307A+561.1 | "Affirmative matter" supporting a motion to dismiss based upon defects or defenses refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619. | Would an affirmative matter refute crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint? | Pretrial Procedure - Memo # 7626 - C - KS.docx | ROSS-003286374 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kirby v. BancorpSouth Bank, 211 So. 3d 704 | 307A+581 | When analyzing whether dismissal for failure to prosecute is appropriate, the court looks for the following factors: (1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding that lesser sanctions would not serve the interests of justice. Rules Civ.Proc., Rule 41(b). | What factors should the court look when analyzing whether dismissal for failure to prosecute is appropriate? | 10212.docx | LEGALEASE-00094900-LEGALEASE-00094901 |
| Guttila v. Peppino's Food, 125 A.D.3d 604 | 228+145(2) | A court may enter default and dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar; in order to be relieved of the default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Can a court dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar? | Pretrial Procedure - Memo # 7699 - C - NE.docx | ROSS-003286539-ROSS-003286540 |
| Ward v. Levin, 161 Cal. App. 3d 1026 | 388+13(1) | Where a party seeks a trial de novo after arbitration, trial court should give matter priority and sign at the earliest possible trial date; time between date arbitration award is filed with court and date set for new trial is to be excluded from calculation of five-year limitation period. West's Ann.Cal.C.C.P. S 583(b). | "Where a party seeks a trial de novo after arbitration, should a trial court give a matter priority and sign at the earliest possible trial date?" | Pretrial Procedure - Memo # 7821 - C - TM.docx | ROSS-003300181-ROSS-003300182 |
| United States v. Pompey, 445 F.2d 1313 | 34+20.6(6) | In order to qualify for a "ministerial exemption," registrant must show a regularity of religious preaching and teaching, the ministry must be his main and primary calling, that is his vocation rather than avocation, and his standing in his congregation must be recognized as that of a minister or leader of a group of lesser members. Military Selective Service Act of 1967, SS 6(g), 16(g) (1-3), 50 U.S.C.A. App. SS 456(g), 466(g) (1-3). | How does a registrant qualify for a ministerial exemption? | Armed Services - Memo 314 - RK_58128.docx | ROSS-003283711-ROSS-003283712 |
| Ferguson v. United States, 309 F. Supp. 632 | 34+65 | When a condition of health is relied on as circumstance preventing timely application for waiver of premiums on National Service Life policies, proof is required to show that insured was mentally incapable of doing so. 38 U.S.C.A. SS 712, 712(b). | "When a condition of health is relied on as a circumstance preventing the timely application for waiver of premiums, is proof required to show that the insured was mentally incapable of doing so?" | Armed Services - Memo 320 - RK.docx | LEGALEASE-00037963-LEGALEASE-00037964 |
| Thomas v. S. Butte Mining Co., 211 F. 105 | 260+38(14) | Where mining claims have passed out of the hands of original owners and stood unchallenged for many years, the certificate of location if in due form is presumptive evidence of discovery, but, in the absence of grounds for indulging such presumption, the location notice, when recorded, is only prima facie evidence of the facts which the statute requires to be contained therein. | "Where mining claims have passed out of the hands of the original owners and have stood unchallenged for years, can the certificate of location be deemed presumptive evidence of discovery of a valid location?" | Mines and Minerals - Memo #311 - C - EB_57762.docx | ROSS-003294711-ROSS-003294713 |
| Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773 | 307A+563 | Except in the most extreme cases, where it appears that the process of trial has itself been subverted, factual inconsistencies, even false statements are well managed through the use of impeachment and traditional discovery sanctions rather than dismissal. | Are false statements well managed through the use of impeachment and traditional discovery sanctions rather than dismissal? | 035011.docx | LEGALEASE-00148085-LEGALEASE-00148086 |
| Kohn's Bakery v. Terracciano, 147 N.J. Super. 582 | 307A+563 | Trial judge has the right, as an exercise of discretion, to impose sanctions for violation of the rules or failure to obey the orders of the court; such sanctions may include dismissal of the action. R. 1:2-4; R. 4:37-2(a). | "Does a trial judge have the right, as an exercise of discretion, to impose sanctions for a violation of the rules or failure to obey the orders of the court?" | Pretrial Procedure - Memo # 7110 - C - NS_57784.docx | ROSS-003308903-ROSS-003308904 |
| Thompson v. Kentucky Power Co., 551 S.W.2d 815 | 307A+563 | Application of rule that a defendant may move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules or any order of court is a matter that is within discretion of court. CR 41.02. | Is application of rule that a defendant can move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules or any order of court a matter that is within discretion of court? | 035069.docx | LEGALEASE-00148408-LEGALEASE-00148409 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Husain, 533 B.R. 658 | 135+4(2) | "Domicile" is place where one has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning, and where he exercises his political rights; there must exist, in combination, the fact of residence and animus manendi, i.e., an intention of remaining. | "Should a combination of the fact of residence and the animus manendi exist in ""domicile""?" | 014530.docx | LEGALEASE-00149327-LEGALEASE-00149328 |
| Lee Cty. v. City of Smithville, 154 Ga. 550 | 92+2435 | The power to have public highways, streets, and roads opened, worked, repaired, improved, or closed may be exercised by the Legislature in such a manner and under such circumstances as it may deem best, subject to no constitutional or other limitation, and it may delegate the power to local inferior bodies, or exercise it through its own agencies. | "Can the legislature exercise the power to construct, maintain and close roads?" | 019278.docx | LEGALEASE-00149455-LEGALEASE-00149456 |
| Am. Truck Driving Acad. v. Smith, 998 So. 2d 1067 | 307A+690 | A dismissal with prejudice for lack of prosecution is proper only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Is a dismissal with prejudice for lack of prosecution, proper where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | 036390.docx | LEGALEASE-00149341-LEGALEASE-00149342 |
| Bagalay v. Lahaina Restoration Found., 588 P.2d 416 | 307A+581 | In general, dismissal of complaint is such severe sanction that it is to be used only in extreme circumstances where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice. | Is dismissal of a complaint a severe sanction to be used in extreme circumstances and where lesser sanctions would not serve the interests of justice? | Pretrial Procedure - Memo # 7998 - C - SKG_58354.docx | ROSS-003281920-ROSS-003281921 |
| Clark v. Yarbrough, 900 S.W.2d 406 | 307A+581 | Court may dismiss case for want of prosecution if party seeking relief fails to appear for any hearing or trial of which party has notice, for noncompliance with time standards, or for lack of due diligence and each different kind of dismissal is cumulative and independent. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4. | Will court dismiss a case for want of prosecution for failure of a party to comply with the time standards set by the Court? | Pretrial Procedure - Memo # 8064 - C - DHA_58741.docx | ROSS-003279188-ROSS-003279189 |
| Hanson v. Disotell, 106 So. 3d 345 | 307A+563 | Lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Will lesser sanctions include fines, costs, or damages against the plaintiff or the counsel?" | Pretrial Procedure - Memo # 8103 - C - NS_58436.docx | ROSS-003326285-ROSS-003326286 |
| Wells Fargo Bank v. Country Place Condo. Ass'n, 304 Mich. App. 582 | 307A+622 | A motion for summary disposition for alleged failure to state a valid defense against a claim asserted tests the sufficiency of the defendant's pleadings, and is appropriately granted where the defendant has failed to state a valid defense to a claim. MCR 2.116(C)(9). | Does a motion for summary disposition for alleged failure to state a valid defense against a claim asserted test the sufficiency of the defendant's pleadings? | 036733.docx | LEGALEASE-00150030-LEGALEASE-00150031 |
| England v. Baird, 1999-2093 (La. App. 1 Cir. 11/3/00) | 307A+581 | A dismissal for failure to prosecute constitutes error if the trial court has not considered a broad range of less severe alternatives prior to entering dismissal. | Does a dismissal for failure to prosecute constitute error if the trial court has not considered a broad range of less severe alternatives prior to entering dismissal? | 036793.docx | LEGALEASE-00150000-LEGALEASE-00150001 |
| Robert T. Reynolds Assocs. v. Asbeck, 23 Conn. App. 247 | 308+136(2) | Agent, by making contract only on behalf of competent disclosed principal whom he has power to bind, does not thereby become liable for its nonperformance, but whether there was nondisclosure of competent principal so that plaintiff might hold defendant personally liable on the contract is question of fact for trial court. | Is the issue of whether an agent disclosed the identity of a principal to avoid liability a question of fact? | Principal and Agent - Memo 138 - RK.docx | LEGALEASE-00039612-LEGALEASE-00039613 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Garcia v. Barreiro, 115 S.W.3d 271 | 307A+697 | Failure to appear is not intentional or due to conscious indifference, such as would preclude reinstatement of a case that has been dismissed for want of prosecution, merely because it is deliberate; it must also be without adequate justification such as accident, mistake, or other reasonable explanation, and proof of such justification negates the intent or conscious indifference for which reinstatement can be denied. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | "Is failure to appear intentional or due to conscious indifference, merely because it is deliberate?" | 036771.docx | LEGALEASE-00150110-LEGALEASE-00150111 |
| Hanlin v. Saugatuck Twp., 299 Mich. App. 233 | 307A+681 | A motion for summary disposition for failure to state a claim on which relief can be granted tests the legal sufficiency of the complaint on the allegations of the pleadings alone. MCR 2.116(C)(8). | Does a motion for summary disposition on the basis of failure to state a claim test the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted? | 036805.docx | LEGALEASE-00150064-LEGALEASE-00150065 |
| Banks v. Bordeaux Long Term Care, 465 S.W.3d 141 | 307A+622 | A motion to dismiss for failure to state a claim upon which relief may be granted challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. Rules Civ.Proc., Rule 12.02(6). | Can a motion to dismiss for failure to state a claim upon which relief be granted challenge only the legal sufficiency of the complaint? | 036808.docx | LEGALEASE-00150102-LEGALEASE-00150103 |
| The Florida Bar v. Greene, 926 So. 2d 1195 | 307A+680 | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. | Is the purpose of a motion to dismiss is to test the legal sufficiency of a complaint and not to determine factual issues? | Pretrial Procedure - Memo # 8352 - C - KI_58864.docx | ROSS-003296235-ROSS-003296236 |
| Spence v. Spence, 368 S.C. 106 | 307A+561.1 | Because the factual analysis of a motion to dismiss for failure to state a claim is confined to the four corners of the complaint, an affirmative defense usually must be pled in an answer and either resolved in later motions such as summary judgment or directed verdict or at trial. Rules Civ.Proc., Rule 12(b)(6). | Why should an affirmative defense be pled in an answer or either resolved in later motions? | 037427.docx | LEGALEASE-00150664-LEGALEASE-00150665 |
| C.L. v. State Dep't of Soc. & Health Servs., 2017 WL 3587372 | 3.77E+10 | To prove intimidation, the State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. West's A.I.C. 35-45-2-1. | "As an evidence of the intimidation, should the state establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act?" | 046854.docx | LEGALEASE-00150328-LEGALEASE-00150329 |
| Norman v. Cummings, 73 S.D. 559 | 200+182 | If, as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes duty of duly authorized public authorities to provide the remedy, but no liability on ground of negligence, attaches to user as a result of such use, either to the public or the highway authorities, for damages to highway or to other travelers. SDC 28.0912, 28.9909. | "Who would be held liable for damage caused to the highway on a usual, ordinary or a reasonable use? " | Highways - Memo 61 - KC_59344.docx | ROSS-003311311-ROSS-003311312 |
| Anderson v. Armentano, 139 A.D.3d 769 | 307A+683 | On a pre-answer motion to dismiss, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference. McKinney's CPLR 3211. | "On a pre-answer motion to dismiss, is the pleading to be afforded a liberal construction and the plaintiffs allegations are accepted as true?" | Pretrial Procedure - Memo # 8469 - C - NC_59168.docx | ROSS-003291928-ROSS-003291930 |
| Lindsay v. Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 A.D.3d 790 | 307A+683 | On a pre-answer motion to dismiss, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference. McKinney's CPLR 3211. | "On a pre-answer motion to dismiss, is the pleading to be afforded a liberal construction and the plaintiffs allegations are accepted as true?" | 037184.docx | LEGALEASE-00150872-LEGALEASE-00150873 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Green v. Trinity Int'l Univ., 344 Ill. App. 3d 1079 | 307A+561.1 | A motion to dismiss because claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim is properly used to raise affirmative matters that negate the claim, not to challenge the essential allegations of the plaintiff's cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Can a motion to dismiss be properly used to raise affirmative matters that negate the claim? | Pretrial Procedure - Memo # 8470 - C - SHB_59169.docx | ROSS-003295685-ROSS-003295686 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+622 | If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, it will be dismissed. Rules Civ.Proc., Rule 12(b)(6). | "If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, will it be dismissed?" | Pretrial Procedure - Memo # 8477 - C - SKG_59176.docx | ROSS-003278397-ROSS-003278398 |
| Locklear v. Lanuti, 176 N.C. App. 380 | 307A+622 | If the complaint discloses an unconditional affirmative defense which defeats the claim asserted, or pleads facts which deny the right to any relief on the alleged claim, it will be dismissed. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | "If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, will it be dismissed?" | 037202.docx | LEGALEASE-00150898-LEGALEASE-00150899 |
| In re Cliquot's Champagne, 70 U.S. 114 | 157+241(1) | Whatever is done by an agent in reference to the business in which he is at the time employed and within scope of his authority is said or done by the principal and may be proved in criminal and civil cases in all respects as if the principal were the actor or speaker. | Can any act done by an agent within the scope of his authority be considered as done or said by the principal and be proved in a criminal case? | 041451.docx | LEGALEASE-00151230-LEGALEASE-00151231 |
| Khan v. Parsons Glob. Servs., Ltd., 521 F.3d 421 | 25T+182(2) | Irrespective of other indicators of involvement in litigation, filing a motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration. | Is filing a motion for summary judgment based on matters outside of the pleadings inconsistent with preserving the right to compel arbitration? | 008001.docx | LEGALEASE-00151464-LEGALEASE-00151465 |
| Lewallen v. Green Tree Servicing, 487 F.3d 1085 | 25T+182(2) | Contractual arbitration provision gives parties the choice of alternative, nonjudicial forum to resolve their disputes, but it does not go so far as to allow or encourage parties to proceed, either simultaneously or sequentially, in multiple forums. | Do contractual arbitration provisions allow or encourage parties to proceed either simultaneously or sequentially in multiple forums? | Alternative Dispute Resolution - Memo 840 - RK_59525.docx | ROSS-003293517-ROSS-003293518 |
| Kamhi v. EmblemHealth, 37 Misc. 3d 171 | 307A+679 | Although the facts pleaded are presumed to be true and accorded every favorable inference on a motion to dismiss for failure to state a cause of action, bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion. McKinney's CPLR 3211(a)(7). | Are bare legal conclusions and factual claims which are flatly contradicted by the evidence not presumed to be true on a motion to dismiss? | 037573.docx | LEGALEASE-00151762-LEGALEASE-00151763 |
| Best Cartage v. Stonewall Packaging, 219 N.C. App. 429 | 307A+624 | The trial court considering a motion to dismiss for failure to state a claim should construe the complaint liberally and only grant the motion if it appears certain that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Should the trial court considering a motion to dismiss for failure to state a claim construe the complaint liberally? | Pretrial Procedure - Memo # 8684 - C - MS_59723.docx | ROSS-003294538-ROSS-003294539 |
| Powell v. State Farm Mut. Auto. Ins. Co., 245 S.W.3d 864 | 307A+534 | Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. V.A.M.R. 55.27(g)(3). | Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of the trial court on a motion to dismiss? | Pretrial Procedure - Memo # 8778 - C - SJ.docx | LEGALEASE-00041566-LEGALEASE-00041567 |
| All Am. Fin. Co. v. Pugh Shows, 30 Ohio St. 3d 130 | 83E+521 | Five criteria must be satisfied to establish holder in due course status, allowing holder to take instrument free from claims and defenses: one must be holder, of negotiable instrument, taken for value, in good faith, and without notice that it is overdue or has been dishonored or of any defense or claim to it on part of any person. R.C. S 1303.31. | How can a person establish the holder in due course status? | Bills and Notes-Memo 1049-ANM_60050.docx | ROSS-003293419-ROSS-003293420 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barnes v. Hodge, 118 A.D.3d 633 | 307A+683 | Although on a motion to dismiss plaintiffs' allegations are presumed to be true and accorded every favorable inference, conclusory allegations, claims consisting of bare legal conclusions with no factual specificity, are insufficient to survive a motion to dismiss. | Are claims consisting of bare legal conclusions with no factual specificity insufficient to survive a motion to dismiss? | 037522.docx | LEGALEASE-00152102-LEGALEASE-00152103 |
| Dorry v. Garden, 313 Conn. 516 | 307A+680 | When a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts; likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. Practice Book 1998, S 10-31. | "When a jurisdictional determination is dependent on the resolution of a critical factual dispute, can it be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts?" | Pretrial Procedure - Memo # 8715 - C - TJ_59751.docx | ROSS-003280508-ROSS-003280509 |
| State ex rel. Com'r of Transp. v. Cherry Hill Mitsubishi, 439 N.J. Super. 462 | 307A+679 | Motions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any cause of action suggested by the facts; the inquiry is limited to examining the legal sufficiency of the factsalleged on the face of the complaint. | Do motions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any cause of action suggested by the facts? | 037999.docx | LEGALEASE-00152754-LEGALEASE-00152755 |
| Gerstner v. Washington Water Power Co., 122 Idaho 673 | 307A+581 | In deciding whether to dismiss case for failure to prosecute, district court must consider length of delay, justification, if any, for delay, and extent of any resultant prejudice. Rules Civ.Proc., Rule 41(b). | "Should court consider length of delay, justification, if any, for delay, and extent of any resultant prejudice in deciding whether to dismiss case for failure to prosecute?" | Pretrial Procedure - Memo # 9150 - C - KI_60095.docx | ROSS-003283049-ROSS-003283050 |
| Maggio v. United Farm Workers, 227 Cal. App. 3d 847 | 307A+581 | In ruling on motion to dismiss on basis that plaintiff has not brought case to trial within two years, trial court should be guided by policy favoring trial on merits over dismissal for failure to prosecute with reasonable diligence. Cal.Rules of Court, Rule 373. | Should courts be guided by policy favoring trial on merits over dismissal for failure to prosecute with reasonable diligence? | 038327.docx | LEGALEASE-00152679-LEGALEASE-00152680 |
| Middleton v. Middleton, 526 So. 2d 859 | 307A+581 | Whether step or steps taken by defendant after accrual of five-year abandonment of action period be termed as "affirmative," "definite," or "formal," it is qualitative effect of step(s) taken by defendant which must be considered to determine whether defendant's conduct waived abandonment. LSA-C.C.P. art. 561. | Is it a qualitative effect of step taken by defendant which must be considered to determine whether defendant waived abandonment? | 038349.docx | LEGALEASE-00152720-LEGALEASE-00152721 |
| Aiello v. Ed Saxe Real Estate, 508 Pa. 553 | 308+159(1) | Principal is liable to innocent third parties for frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, even if principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them. 63 P.S. SS 455.522, 455.601, 455.603. | Is principal liable for agents acts in scope of his employment even though principal did not authorize it? | 041336.docx | LEGALEASE-00152305-LEGALEASE-00152306 |
| Sabel v. Mead Johnson & Co., 737 F. Supp. 135 | 308+1 | Agency relationship has three essential characteristics: power of agent to alter legal relationships between principal and third parties and principal and himself, existence of fiduciary relationship toward principal with respect to matters within scope of agency, and right of principal to control agent's conduct with respect to matters within scope of agency. | "Is the right of the principal to control the agent's conduct, an essential characteristic of agency?" | Principal and Agent - Memo 201 - KC_59869.docx | ROSS-003308473-ROSS-003308474 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Winter v. Nat. Res. Def. Council, 555 U.S. 7 | 149E+577 | When the Government conducts an activity, the National Environmental Policy Act (NEPA) itself does not mandate particular results; instead, NEPA imposes only procedural requirements to ensure that the agency, in reaching its decision, will have available, and will carefully consider, detailed information concerning significant environmental impacts. National Environmental Policy Act of 1969, S 2 et seq., 42 U.S.C.A. S 4321 et seq. | Is National Environmental Policy Acts requirement procedural or substantial? | Woods and Forests - Memo 49-ANM_60276.docx | ROSS-003294608 |
| Rodash v. AIB Mortg. Co., 16 F.3d 1142 | 172H+1322 | Congress intended Truth in Lending Act (TILA) to create system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, Court of Appeals liberally construes language in favor of consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Why did Congress intend to create a system of private attorneys generals under Truth in Lending Act (TILA)? | Consumer Credit - Memo 151-IS.docx | LEGALEASE-00042678-LEGALEASE-00042679 |
| Rodash v. AIB Mortg. Co., 16 F.3d 1142 | 172H+1322 | Congress intended Truth in Lending Act (TILA) to create system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, Court of Appeals liberally construes language in favor of consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Why did Congress intend to create a system of private attorneys generals under Truth in Lending Act (TILA)? | 013697.docx | LEGALEASE-00153388-LEGALEASE-00153389 |
| David v. Neumann Univ., 187 F. Supp. 3d 554 | 141E+1166 | While Pennsylvania law allows a student to sue a private university for breach of contract, the allegations must relate to a specific and identifiable promise that the school failed to honor; as such, the student must point to specific undertakings in the contract that were not provided. | "If a student sues a private university for breach of contract, the allegation must relate to a specific and identifiable promise?" | Education - Memo # 196 C - KS_60312.docx | ROSS-003282264-ROSS-003282265 |
| Goldberg v. Regents of Univ. of Cal., 248 Cal. App. 2d 867 | 141E+1025 | Regents of state university have general rule-making or policy-making power in regard to university and are with certain exceptions, fully empowered with respect to organization and government of university, including authority to maintain order and decorum on campus and enforcement of same by all appropriate means, including suspension or dismissal. West's Ann.Const. art. 9, S 9. | Do the Regents have general rule-making power in regard to the university? | 017101.docx | LEGALEASE-00153740-LEGALEASE-00153741 |
| Wilson v. Holland, 96 Ga. App. 679 | 302+24 | Where plaintiff alleges that he thought he saw a nonexistent object or failed to properly identify existing object because of described conditions, trial court must judge whether such allegations contradict primary physical laws of nature, and, if they do, such allegations must be disregarded. | Should the court disregard allegations which contradict the primary physical laws of nature? | 023716.docx | LEGALEASE-00153461-LEGALEASE-00153462 |
| Lang v. Enervest Energy Institutional Fund XI A LP, 68 N.E.3d 179 | 307A+681 | When a trial court considers a motion to dismiss for failure to state a claim upon which relief may be granted, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. Rules Civ.Proc., Rule 12(B)(6). | "When a court considers a motion to dismiss for failure under Rule 12(b)(6), should it accept as true all factual allegations in the complaint?" | 037981.docx | LEGALEASE-00152830-LEGALEASE-00152831 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Otte v. Edwards, 370 S.W.3d 898 | 307A+679 | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court of Appeals applies the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom; and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive, instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | Is a motion to dismiss for failure to state a cause of action solely a test of the adequacy of the plaintiff's petition? | Pretrial Procedure - Memo # 8958 - C - SKG_60411.docx | ROSS-003279472-ROSS-003279473 |
| Fenlon v. Union Elec. Co., 266 S.W.3d 852 | 307A+680 | On a motion to dismiss for the failure to state a claim upon which can be granted, the court assumes the factual allegations contained in the petition are true and makes no attempt to weigh their credibility or persuasiveness. | "On a motion to dismiss for the failure to state a claim upon which can be granted, does the court assume the factual allegations contained in the petition are true?" | 038119.docx | LEGALEASE-00153523-LEGALEASE-00153524 |
| Walker v. Columbus Ins. Agency, 156 Ga. App. 199 | 307A+581 | Under "three minute" rule, when case is sounded for trial, parties shall immediately announce ready or move for continuance, and if three minutes shall elapse before announcement or motion to continue, case will be dismissed. Code, SS 24-3341, 81A-141(b). | "Should parties immediately announce ready or move for continuance under ""three minute"" rule, when case is sounded for trial?" | 038364.docx | LEGALEASE-00152782-LEGALEASE-00152783 |
| Horowitz v. People's Sav. Bank, 307 Mass. 222 | 156+45 | A deed with full covenants of warranty "estops" grantor who has imperfect title or no title to realty conveyed, from setting up against grantee or those claiming under him, any later acquired title which inured to benefit of grantee and his successors in title, and persons claiming by descent or by grant under grantor after acquisition of later title, are likewise estopped. | Does a deed with full covenants of warranty estop a grantor who has an imperfect title? | Estopel - Memo #80 - C - CSS_60864.docx | ROSS-003281439-ROSS-003281440 |
| Charron v. State, 257 S.W.3d 147 | 30+3212 | Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion; however, where the facts are uncontested, a question as to the subject matter jurisdiction of a court is purely a question of law, which is reviewed de novo. | "Generally, is the decision to dismiss for lack for subject matter jurisdiction a question of fact left to the sound discretion of the trial court?" | Pretrial Procedure - Memo # 8997 - C - SKG_61347.docx | ROSS-003281437-ROSS-003281438 |
| Roadway Servs. v. Sponsler, 138 Ohio Misc. 2d 17 | 307A+682.1 | The movant to dismiss for failure to state a claim may not rely on allegations or evidence outside the complaint; otherwise, the court must, with reasonable notice, treat the motion as a motion for summary judgment. Rules Civ.Proc., Rules 12(B)(6), 56. | Can a movant seeking dismissal of a complaint for failure to state a claim not rely on allegations or evidence outside the complaint? | 038686.docx | LEGALEASE-00154049-LEGALEASE-00154050 |
| Geisler v. City Council of City of Cedar Falls, 769 N.W.2d 162 | 307A+681 | A trial court cannot consider factual allegations contained in the motion to dismiss or the documents attached to the motion, and the trial court must ignore those facts, except those of which the trial court may take judicial notice. | "Can a trial court consider factual allegations contained in the motion to dismiss or the documents attached to the motion, except those of which the trial court can take judicial notice?" | 038706.docx | LEGALEASE-00154171-LEGALEASE-00154172 |
| Dubois v. Corroon & Black Corp., 12 Cal. App. 4th 1689 | 307A+581 | Aside from considering statutory factors when determining whether to dismiss case for lack of prosecution, trial court should also consider whether defendant's position has been prejudiced and should consider public policy favoring trial on the merits over a procedural resolution. Cal.Rules of Court, Rule 373(e). | Should court consider whether defendant's position has been prejudiced and consider public policy favoring trial on the merits over a procedural resolution? | Pretrial Procedure - Memo # 9442 - C - NS_60937.docx | ROSS-003278927-ROSS-003278928 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State of The Art Med. Prod. v. Aries Med., 456 Pa. Super. 148 | 307A+581 | Court may properly enter judgment of non pros where: (1) party to proceedings has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there has been no compelling reason for the delay; and (3) the delay has caused some prejudice to adverse party--in cases involving delay for period of two years or more, delay will be presumed prejudicial. | What standards apply to determine whether to dismiss a case for lack of docket activity? | 038772.docx | LEGALEASE-00153929-LEGALEASE-00153930 |
| Harris v. Winn-Dixie Stores, 378 So. 2d 90 | 307A+581 | Purpose of rule permitting dismissal of action for failure to prosecute is to require prompt and efficient prosecution of case up to point of submission for disposition or determination by judges or jury and to prevent clogging of dockets of trial courts with litigation that has been, essentially, abandoned for stated period. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(e). | What is the purpose of rule dealing with dismissals for failure to prosecute? | 038878.docx | LEGALEASE-00154274-LEGALEASE-00154275 |
| Cadet-Duval v. Gursim Holding, 147 A.D.3d 718 | 307A+685 | In assessing a motion to dismiss for failure to state a cause of action a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint. McKinney's CPLR 3211(a)(7). | "In assessing a motion to dismiss for failure to state a cause of action, can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint?" | Pretrial Procedure - Memo # 9534 - C - SHB.docx | LEGALEASE-00044398-LEGALEASE-00044399 |
| Hinrichs v. Youssef, 214 A.D.2d 604 | 307A+685 | Affidavits received on motion to dismiss for failure to state cause of action which has not been converted to motion for summary judgment are not to be examined for purpose of determining whether there is evidentiary support of pleading. | Are affidavits received on a motion to dismiss for failure to state a cause of action which has not been converted to a motion for summary judgment not to be examined? | Pretrial Procedure - Memo # 9546 - C - TM_61165.docx | ROSS-003279896-ROSS-003279898 |
| Pentland v. Comm'r of Correction, 169 A.3d 851 | 307A+679 | In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In ruling upon whether a complaint survives a motion to dismiss, should a court take the facts to be those alleged in the complaint?" | Pretrial Procedure - Memo # 9564 - C - PB_61179.docx | ROSS-003280572-ROSS-003280573 |
| Williams v. Kroger Food Co., 46 Mich. App. 514 | 307A+581 | Where plaintiff and counsel fail to appear at a duly scheduled trial, trial court may in its discretion dismiss the suit and subsequently deny a motion for reinstatement. | Can court dismiss the suit and subsequently deny a motion for reinstatement where plaintiff and counsel fail to appear at a duly scheduled trial? | 039187.docx | LEGALEASE-00154775-LEGALEASE-00154776 |
| In re Frykberg, 490 B.R. 652 | 172H+15(3) | Massachusetts Predatory Home Loan Practices Act, which requires lenders to receive certification that their borrowers received counseling from an approved third party prior to finalizing a "high-cost home mortgage loan," in order for the loan to be enforceable, is preempted by the Home Owners' Loan Act (HOLA). Home Owners' Loan Act of 1933, S 1 et seq.; 12 U.S.C.A. S 1461 et seq.; M.G.L.A. c. 183C, S 3; 12 C.F.R. S 560.2. | Should lenders require to receive certification that their borrowers received counseling from an approved third-party prior to finalizing a high-cost home mortgage loan for the loan to be enforceable? | Consumer Credit - Memo 11 - AM_61947.docx | ROSS-003292401-ROSS-003292402 |
| Nicholas v. Riley, 874 F. Supp. 10 | 310+414 | State prisoner did not have constitutional entitlement to continued receipt of Pell Grant funds triggering procedural due process protections prior to revocation; any constitutionally protected property right disappeared upon statutory amendment terminating prisoners' eligibility for Pell Grant awards. U.S.C.A. Const.Amends. 5, 14; Higher Education Act of 1965, S 401(b)(8), as amended, 20 U.S.C.A. S 1070a(b)(8). | Can institutions use Pell Grant funds to educate prisoners? | 017091.docx | LEGALEASE-00154845-LEGALEASE-00154846 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Tracts 31a, Lots 31 & 32, Lafitte's Landing Phase Two Port Arthur, Jefferson Cty. Texas, 852 F.3d 385 | 253+922 | Under Texas law, each spouse has the power to convey his or her sole management community property without approval of the other spouse, even though both spouses have an undivided one-half interest in the property. Tex. Fam. Code Ann. S 3.102(a). | "Does each spouse have the power to convey his or her sole management community property without approval of the other spouse, even though both spouses have an undivided one-half interest in the property?" | 018293.docx | LEGALEASE-00155098-LEGALEASE-00155099 |
| Hiles v. Episcopal Diocese of Massachusetts, 437 Mass. 505 | 307A+683 | Under factual challenge to subject matter jurisdiction by motion to dismiss, the plaintiff's jurisdictional averments in the complaint are entitled to no presumptive weight, and the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties. Rules Civ.Proc., Rule 12(b)(1), 43A M.G.L.A. | "Under factual challenge to subject matter jurisdiction by motion to dismiss, are the plaintiff's jurisdictional averments in the complaint entitled to no presumptive weight?" | Pretrial Procedure - Memo # 9009 - C - SKG_61358.docx | ROSS-003279972-ROSS-003279973 |
| Billups v. Jade, 240 Neb. 494 | 307A+581 | In absence of showing of good cause, litigant's failure to prosecute civil action, resulting in noncompliance with Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is basis to dismiss action on account of lack of diligent prosecution. | What is the basis to dismiss action on account of lack of diligent prosecution? | 039037.docx | LEGALEASE-00154833-LEGALEASE-00154834 |
| State ex rel. Nixon v. Summit Inv. Co., 186 S.W.3d 428 | 30+3206 | A trial court has inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion was abused. | "Will action of trial court in dismissing case for failure to prosecute, be disturbed on appeal unless discretion of trial court was abused?" | Pretrial Procedure - Memo # 9689 - C - SK_61590.docx | ROSS-003292753-ROSS-003292754 |
| Koch v. Lavorne, 699 So. 2d 164 | 30+3206 | It falls within judicial discretion of trial court to dismiss action for want of prosecution when plaintiff fails to appear at trial of case, and trial court's determination will not be disturbed on appeal unless there is abuse of that discretion. | "Will action of trial court in dismissing case for failure to prosecute, be disturbed on appeal unless discretion of trial court was abused?" | Pretrial Procedure - Memo # 9689 - C - SK.docx | LEGALEASE-00045170-LEGALEASE-00045171 |
| State ex rel. Missouri Highway & Transp. Comm'n v. Kersey, 663 S.W.2d 364 | 30+3206 | Courts have inherent power, in exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and action thereon will not be disturbed on appeal unless such discretion was abused. | "Will action of trial court in dismissing case for failure to prosecute, be disturbed on appeal unless discretion of trial court was abused?" | 039132.docx | LEGALEASE-00155239-LEGALEASE-00155240 |
| Samanie & Barnes v. Lawler, 619 So. 2d 1166 | 307A+587 | Judgment dismissing action shall be rendered upon application of any party when plaintiff fails to appear on day set for trial. LSA-C.C.P. art. 1672, subd. A. | Should a judgment dismissing an action be rendered upon application of any party when the plaintiff fails to appear on day set for trial? | Pretrial Procedure - Memo # 9784 - C - TJ_61413.docx | ROSS-003292503-ROSS-003292504 |
| Lacey v. Vill. of Palatine, 379 Ill. App. 3d 62 | 307A+685 | The affirmative matter asserted by the defendant on a motion to dismiss based upon defects or defenses must be apparent on the face of the complaint; otherwise, the motion must be supported by affidavits or certain other evidentiary materials. S.H.A. 735 ILCS 5/2-619(a)(9). | Should the affirmative matter asserted by the defendant be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials? | 039358.docx | LEGALEASE-00154906-LEGALEASE-00154907 |
| Finkelstein Newman Ferrara LLP v. Manning, 67 A.D.3d 538 | 307A+685 | On a motion to dismiss asserting a failure to state a cause of action, affidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims. | "On a motion to dismiss for failure to state cause of action, can affidavits be used to preserve in-artfully pleaded, but potentially meritorious, claims?" | 039389.docx | LEGALEASE-00154974-LEGALEASE-00154975 |
| Ex parte Kohlberg Kravis Roberts & Co., 78 So. 3d 959 | 307A+685 | When a defendant files a motion to dismiss for lack of personal jurisdiction and supports that motion with an affidavit, the plaintiff is then required to controvert that affidavit with his or her own affidavit or other competent evidence to survive the motion to dismiss. | "When a defendant files a motion to dismiss for lack of personal jurisdiction and supports that motion with an affidavit, is the plaintiff then required to controvert that affidavit with his or her own affidavit or other competent evidence to survive the motion to dismiss?" | 039400.docx | LEGALEASE-00154991-LEGALEASE-00154993 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Williams v. Getty, 31 Pa. 461 | 308+148(5) | If the principal holds out the agent to the world as a general agent, in the transaction of his business, any contract made by him within the scope of that business will bind the principal, although there may be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract is made has no notice of such restriction. | "If the principal holds the agent out to the world as a general agent, would any contract made within the scope of the business bind the principal?" | Principal and Agent - Memo 318 - RK_61916.docx | ROSS-003294179-ROSS-003294180 |
| Obenschain v. Williams, 750 So. 2d 771 | 307A+690 | Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action. | "Is dismissal with prejudice a severe sanction, which should be granted only when the pleader has failed to state a cause of action and it conclusively appears that the pleader cannot possibly amend?" | Pretrial Procedure - Memo # 10253 - C - SN.docx | LEGALEASE-00045977-LEGALEASE-00045978 |
| Citizens Sav. Bank v. G & C Dev., 113 So. 3d 1085 | 307A+690 | The articles providing a system to determine whether certain dismissals prior to trial on the merits are to be with or without prejudice, when read in pari materia, dictate that dismissals after trials on the merits are to be with prejudice. LSA-C.C.P. art. 1671 et seq. | Do the articles provide a system to determine whether certain dismissals prior to trial on the merits are to be with or without prejudice? | Pretrial Procedure - Memo # 10267 - C - DHA_61772.docx | ROSS-003281043-ROSS-003281044 |
| Nw. Energetic Servs. v. California Franchise Tax Bd., 159 Cal. App. 4th 841 | 371+2002 | To show a fee is a regulatory fee and not a special tax, the government should prove (1) the estimated costs of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity. | What does the government have to prove in order to show a fee is a regulatory fee and not a special tax? | Taxation - Memo # 1062 - C - JL.docx | LEGALEASE-00046391-LEGALEASE-00046392 |
| Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 A.D.2d 159 | 307A+682.1 | Evidentiary material may be considered to remedy defects in complaint, and, unless it can be shown that material fact as claimed by pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal may not be predicated on such evidentiary material. McKinney's CPLR 3211(a), par. 7. | "Unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all, can a dismissal not be predicated on such evidentiary material?" | Pretrial Procedure - Memo # 10411 - C - TM_63361.docx | ROSS-003294644-ROSS-003294645 |
| Cron v. Hargro Fabrics, 91 N.Y.2d 362 | 307A+685 | In opposition to motion to dismiss, plaintiff may submit affidavits to remedy defects in complaint and preserve inartfully pleaded, but potentially meritorious claims; though limited to that purpose, such additional submissions of plaintiff, if any, will be given their most favorable intendment. McKinney's CPLR 3211. | "In opposition to a motion to dismiss, can a plaintiff submit affidavits to remedy defects in complaint and preserve inartfully pleaded, but potentially meritorious claims?" | Pretrial Procedure - Memo # 10423 - C - UG_62408.docx | ROSS-003297810-ROSS-003297811 |
| HealthSouth Med. Ctr. v. Employers Ins. Co. of Wausau, 232 S.W.3d 828 | 307A+690 | Until party has satisfied requirement to exhaust administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. | "Until a party has satisfied the exhaustion of administrative remedies requirement, does the trial court lack subject matter jurisdiction?" | 025012.docx | LEGALEASE-00157690-LEGALEASE-00157691 |
| Dworak v. Farmers Ins. Exch., 269 Neb. 386 | 307A+690 | A "dismissal without prejudice" after failing to timely serve defendants means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. Neb.Rev.St. S 25-217. | "Does a ""dismissal without prejudice"" after failing to timely serve defendants mean that another petition can be filed against the same parties upon the same facts?" | 025053.docx | LEGALEASE-00156721-LEGALEASE-00156722 |
| Weaver v. Leon Cty. Classroom Teachers Ass'n, 680 So. 2d 478 | 307A+690 | Dismissal of complaint with prejudice is severe sanction which should be granted only when pleader has failed to state cause of action and it conclusively appears that there is no possible way to amend complaint to state cause of action. | Should a dismissal of a complaint with prejudice only be granted when the pleader has failed to state a cause of action and it conclusively appears there is no possible way to amend the complaint to state a cause of action? | Pretrial Procedure - Memo # 10554 - C - KG_62451.docx | ROSS-003297233 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Weaver v. Leon Cty. Classroom Teachers Ass'n, 680 So. 2d 478 | 307A+690 | Dismissal of complaint with prejudice is severe sanction which should be granted only when pleader has failed to state cause of action and it conclusively appears that there is no possible way to amend complaint to state cause of action. | Should a dismissal of a complaint with prejudice only be granted when the pleader has failed to state a cause of action and it conclusively appears there is no possible way to amend the complaint to state a cause of action? | 025082.docx | LEGALEASE-00156821-LEGALEASE-00156822 |
| Hughes v. Massey, 65 S.W.3d 743 | 307A+694 | Dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. V.T.C.A., Civil Practice & Remedies Code S 14.003. | Is a dismissal for failure to comply with rules governing filing of in forma pauperis suits not a ruling on the merits? | Pretrial Procedure - Memo # 10557 - C - KG_62454.docx | ROSS-003294160-ROSS-003294161 |
| Lewis v. City of Savannah, 336 Ga. App. 126 | 307A+693.1 | The unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity. | "Does the unqualified dismissal of a case terminate the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity?" | 025139.docx | LEGALEASE-00157129-LEGALEASE-00157130 |
| Fabian v. BGC Holdings, LP, 2014 IL App (1st) 141576 | 307A+694 | A dismissal with prejudice is regarded as a final judgment on the merits and is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and been resolved by a final judgment adverse to the plaintiff. | Is dismissal with prejudice deemed to be as conclusive of rights of parties as if a matter had proceeded to trial and been resolved by final judgment adverse to a plaintiff? | Pretrial Procedure - Memo # 10629 - C - TJ_63239.docx | ROSS-003292226-ROSS-003292227 |
| Thiele v. Sec. State Bank of New Salem, 396 N.W.2d 295 | 307A+693.1 | Court may not consider motion to amend complaint following judgment of dismissal unless court first alters, vacates, or sets aside judgment. Rules Civ.Proc., Rules 59, 60(b). | "Can a court not consider a motion to amend complaint following judgment of dismissal unless a court first alters, vacates, or sets aside judgment?" | Pretrial Procedure - Memo # 10634 - C - SJ_63243.docx | ROSS-003283213-ROSS-003283214 |
| Schaffer v. City of Atlanta, 151 Ga. App. 1 | 241+131 | Where no answer at all was filed by magistrate in response to appellant's application for second writ of certiorari to superior court with regard to decision by municipal court to close her business as public nuisance, first application for certiorari was also dismissed without consideration of merits, and the second application was filed within six months, there was no decision on merits of the case and appellant was entitled to file the second application unless the original action was barred by statute of limitations. Code, S 3-808. | Can a plaintiff who has had his action dismissed other than on the merits refile action within six months if original action has not been barred by statute of limitations? | 025297.docx | LEGALEASE-00157003-LEGALEASE-00157004 |
| Jaroszewski v. Flege, 297 S.W.3d 24 | 307A+581 | The propriety of a trial court's ruling on a motion to dismiss for lack of prosecution does not necessarily hinge on its discussing the six particular factors listed in Ward v. Housman; rather, to rule properly on a motion to dismiss for lack of prosecution, the trial court must assess all factors relevant to that particular case, which might include some or all factors listed in Ward and may include other factors. Rules Civ.Proc., Rule 41.02(1). | Should the court assess all factors relevant to a particular case for a motion to dismiss for lack of prosecution? | 025361.docx | LEGALEASE-00157381-LEGALEASE-00157382 |
| Gass v. Anna Hosp. Corp., 392 Ill. App. 3d 179 | 101+1051 | Stock ownership alone in one corporation by another neither creates an identity of corporate interest between the two companies nor renders the stockholding company the owner of the property of the other nor creates the relation of principal and agent, representative, or alter ego between the two. | "Can stock ownership in one corporation by another, create an identity of interest?" | Principal and Agent - Memo 459-PR_63473.docx | ROSS-003296902 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Oratowski v. Civil Serv. Comm'n of City of Chicago, 3 Ill. App. 2d 551 | 35+63.4(5) | An officer of the law must exercise the greatest degree of restraint in dealing with the public and he must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct, since it may be of such character or so provoked or conditioned as to be fully justified. | "Should police officers conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct?" | 014305.docx | LEGALEASE-00158901-LEGALEASE-00158902 |
| Havens & Dorr v. Hussey, 5 Paige Ch. 30 | 289+672 | The implied authority arising from an ordinary contract of partnership does not authorize one of the partners, without the assent of his copartners, to make a general assignment of the copartnership effects to a trustee for the benefit of creditors, giving preference to one class of creditors over another. | Can a partner make an assignment of partnership property to a trustee without the assent of his copartners? | 021809.docx | LEGALEASE-00158572-LEGALEASE-00158573 |
| Bass v. Daetwyler, 305 S.W.2d 339 | 289+544 | The relationship of partners inter sese is a fiduciary one; and a managing partner, who has kept the partnership records, occupies a position analogous to that of a trustee and is charged with burden of proving, in proceeding for partnership accounting, accuracy of partnership records and of making a faithful and true accounting. | Is a managing partner charged with the burden of making a faithful and true accounting? | 022735.docx | LEGALEASE-00158416-LEGALEASE-00158417 |
| Davis v. Laredo Diesel, 611 S.W.2d 943 | 307A+587 | If dismissal of causes for want of prosecution on date of docket call of which attorneys' law firm received general notice were dismissals under procedural rule authorizing dismissal for want of prosecution, such dismissals violated rule which was revised and became effective deleting the words "or docket call" from sentence authorizing dismissal for want of prosecution "on failure of any party seeking affirmative relief or his attorney to appear for any hearing, trial or docket call of which he had notice." Rules of Civil Procedure, Rule 165a. | Can a case be dismissed for want of prosecution for failure of any party seeking affirmative relief? | 024811.docx | LEGALEASE-00158649-LEGALEASE-00158650 |
| Belington Bank v. Masketeers Co., 185 W. Va. 564 | 30+3634 | In setting aside nonsuit and reinstating case upon trial docket, trial judge may consider evidence adduced before nonsuit and his actions will not be disturbed on appeal unless it is shown that he has abused his discretion. Code, 56-8-12; Rules Civ.Proc., Rule 41(b). | "In setting aside a nonsuit and reinstating a case upon a trial docket, can a trial judge consider evidence adduced before nonsuit?" | Pretrial Procedure - Memo # 10865 - C - TJ.docx | LEGALEASE-00048283-LEGALEASE-00048284 |
| Marshall v. Beach, 143 Ohio App. 3d 432 | 307A+693.1 | When an action is unconditionally dismissed, the trial court loses authority to proceed in that matter, including efforts to enforce a settlement agreement arising from the dismissed action, absent a provision to the contrary. | "When an action is unconditionally dismissed, does the trial court lose authority to proceed in that matter absent a provision to the contrary?" | Pretrial Procedure - Memo # 10993 - C - NS_64116.docx | ROSS-003293553-ROSS-003293554 |
| Gilbreath v. Brewster, 250 Va. 436 | 307A+693.1 | Dismissal with prejudice generally is as conclusive of rights of parties as if suit had been prosecuted to final disposition adverse to plaintiff, and it not only terminates particular action, but also right of action upon which it is based. | Is a dismissal with prejudice generally as conclusive of rights of parties as if suit had been prosecuted to a final disposition adverse to a plaintiff? | Pretrial Procedure - Memo # 10999 - C - RF_64120.docx | ROSS-003294019-ROSS-003294020 |
| W.T. Raleigh Co. v. Barnes, 143 Miss. 597 | 307A+693.1 | Only effect of words "without prejudice" in order dismissing suit is to prevent dismissal in operating in any suit which plaintiff might desire to bring on same cause of action. | "Is the only effect of words ""without prejudice"" in an order dismissing suit to prevent dismissal in operating in any suit which plaintiff might desire to bring on same cause of action?" | Pretrial Procedure - Memo # 11067 - C - BP_63454.docx | ROSS-003283427-ROSS-003283428 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Twist v. McAllen Nat. Bank, 294 S.W.3d 255 | 30+345.1 | If a motion to reinstate, after dismissal for want of prosecution, is not verified or supported by a sufficient substitute for the verification, it is ineffective to extend the trial court's plenary power or the appellate timetable. Rules App.Proc., Rule 26.1(a)(3); Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | "If a motion to reinstate is not verified or supported by a sufficient substitute for the verification, is it ineffective to extend the trial court's plenary power or the appellate timetable?" | 025994.docx | LEGALEASE-00158368-LEGALEASE-00158369 |
| Dalmex, Ltd. v. Apparel Enterprises, 455 S.W.3d 241 | 307A+697 | A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable. Tex. R. Civ. P. 165a(3). | Does a trial court abuse its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable? | 039707.docx | LEGALEASE-00159216-LEGALEASE-00159217 |
| Crafton Contracting Co. v. Swenson Constr. Co., 495 S.W.3d 178 | 308+1 | Generally, there are three essential elements to an agency relationship: (1) the agent holds the power to alter the legal relations between the principal and a third party; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. | Is the right to control an essential element of the agency relationship? | Principal and Agent - Memo 559 - RK_64017.docx | ROSS-003307135-ROSS-003307137 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA) were enacted to protect abused, neglected, or abandoned children who, with their families, illegally entered the United States, by providing an alternative to deportation for these children. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Were Special Immigrant Juvenile (SIJ) provisions of the Immigration and Naturalization Act (INA) enacted to protect abused children who illegally entered the United States? | "Aliens, Immigration and Citizenship - Memo 109 - RK_64751.docx" | ROSS-003320204-ROSS-003320205 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+101 | Federal authority to regulate immigration derives from various sources, including the federal government's power to establish a uniform rule of naturalization, its power to regulate commerce with foreign nations, and its broad authority over foreign affairs. U.S.C.A. Const. Art. 1, cl. 3, 4. | Is the authority to regulate immigration derived from the federal government's power to regulate commerce with foreign nations? | "Aliens, Immigration and Citizenship - Memo 130 - RK_64771.docx" | ROSS-003282130-ROSS-003282131 |
| Regents of Univ. of California v. Superior Court, 225 Cal. App. 3d 972 | 141E+1174(1) | Treating undocumented alien students as nonresidents for tuition purposes does not deprive them of equal protection of the laws; state has legitimate interests in denying resident tuition to undocumented aliens, such as preferring to educate its own lawful residents, avoiding enhancing employment prospects of those to whom employment is forbidden by law, and not subsidizing university education of those who may be deported. West's Ann.Cal.Educ.Code S 68062(h); West's Ann.Cal. Const. Art. 1, S 7. | Is denying resident tuition to undocumented aliens to avoid enhancing employment prospects of those to whom employment is forbidden by law a valid state interests? | "Aliens, Immigration and Citizenship - Memo 137 - RK_64777.docx" | ROSS-003281499-ROSS-003281500 |
| Rosas v. Alice's Tea Cup, 127 F. Supp. 3d 4 | 24+123 | The protections of the FLSA are available to citizens and undocumented workers alike; denying undocumented workers the protection of FLSA would permit abusive exploitation of workers and create an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them. Fair Labor Standards Act of 1938, S 1, 29 U.S.C.A. S 201. | Does denying undocumented workers the protection of the Fair Labor Standards Act (FLSA) create an unacceptable economic incentive to hire undocumented workers? | 006921.docx | LEGALEASE-00160210-LEGALEASE-00160211 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Villas at Parkside Partners v. City of Farmers Branch, Tex., 675 F.3d 802 | 24+101 | In the field of immigration, the power to regulate is unquestionably exclusively a federal power; the exclusivity of Congress's power stems from multiple constitutional sources, including the Federal Government's power to establish a uniform Rule of Naturalization, its power to regulate Commerce with foreign Nations, and its broad authority over foreign affairs. U.S.C.A. Const. Art. 1, S 8, cls. 3, 4. | Does the government have the power to regulate commerce with foreign nations? | 006953.docx | LEGALEASE-00160274-LEGALEASE-00160275 |
| Chu v. Jones, 151 A.D.3d 1341 | 141E+1000 | Administrative decisions of educational institutions involve the exercise of highly specialized professional judgment and these institutions are, for the most part, better suited than courts to make relatively final decisions concerning wholly internal matters. | Are educational institutions better suited than courts to make final decisions concerning internal matters? | 017128.docx | LEGALEASE-00159760-LEGALEASE-00159761 |
| Russo v. Boland, 103 Ill. App. 3d 905 | 307A+561.1 | In respect to provision of the Civil Practice Act which allows dismissal of an action based on the assertion of affirmative matter that does not appear on the face of the complaint, the alleged affirmative matter asserted to defeat the claim or demand must be something more than evidence offered to refute a well-pleaded fact in the complaint, for such well-pleaded facts must be taken as true for purposes of a motion to dismiss. S.H.A. ch. 110, P 48(1)(i). | Will an affirmative matter asserted to defeat the claim be more than evidence offered to refute a well-pleaded fact? | 039559.docx | LEGALEASE-00159262-LEGALEASE-00159263 |
| In re Marriage of Buster, 115 S.W.3d 141 | 30+3206 | The standard for reviewing a dismissal for want of prosecution is abuse of the court's discretion, whereas the test for reinstatement of a case dismissed under the failure to appear provision of the rules of civil procedure is mistake or accident on the part of the aggrieved party. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Is the standard for reviewing a dismissal for want of prosecution an abuse of the court's discretion? | 039777.docx | LEGALEASE-00159340-LEGALEASE-00159341 |
| Kruis v. McKenna, 2001 PA Super 366 | 30+3635 | A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion, and the Superior Court is loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. | Is a request to open a judgment of non pros by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion? | Pretrial Procedure - Memo 11309 - C - PC_64253.docx | ROSS-003308076-ROSS-003308077 |
| K.R. Exch. Servs. v. Fuerst, Humphrey, Ittleman, PL, 48 So. 3d 889 | 307A+695 | In most circumstances, the trial court's dismissal of a complaint for failure to state a cause of action should be without prejudice to the plaintiff's amendment to the complaint to cure the deficiencies. | "In most circumstances, should the trial court's dismissal of a complaint for failure to state a cause of action be without prejudice to the plaintiff's amendment of the complaint to cure the deficiencies?" | Pretrial Procedure - Memo 11341 - C - SHB_64274.docx | ROSS-003280862-ROSS-003280863 |
| Rowe v. HCA Health Servs. of Oklahoma, 130 P.3d 761 | 307A+695 | When District Court grants motion to dismiss for failure to state claim, District Court may refuse to allow plaintiff leave to amend only if it appears to certainty that plaintiff cannot state claim. 12 Okl.St.Ann. S 2012(G). | "When a District Court grants a motion to dismiss for failure to state a claim, can a District Court refuse to allow a plaintiff leave to amend only if it appears that a plaintiff cannot state a claim?" | 039950.docx | LEGALEASE-00159687-LEGALEASE-00159688 |
| Chase v. Dow, 47 N.H. 405 | 83E+666 | Where no place of payment is stipulated on a note running with interest, the law of the place where the contract was made will govern as to the rate of interest, though the note is secured by a mortgage on lands in another state, unless the circumstances show that the parties had in view the laws of the latter state in respect to the interest. | What law governs a contract where the loan was secured by a mortgage on lands in another state? | 010117.docx | LEGALEASE-00161621-LEGALEASE-00161622 |
| Landvatter Ready Mix v. Buckey, 963 S.W.2d 298 | 302+427 | Failure to timely and specifically object to evidence on ground that it is beyond scope of pleadings constitutes consent for determination of issues thereby raised. | Does the failure to timely and specifically object to evidence on ground that it is beyond scope of pleadings constitutes consent for determination of issues thereby raised? | 023885.docx | LEGALEASE-00161419-LEGALEASE-00161420 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Miramar Petroleum v. Cimarron Eng'g, 484 S.W.3d 214 | 307A+697 | When a plaintiff files a new action arising out of the provision of professional services after a dismissal without prejudice for failure to file a certificate of merit, and includes a certificate of merit with the first-filed petition in the second action, the plaintiff has complied with the plain language of the statute. Tex. Civ. Prac. & Rem. Code Ann. S 150.002(e). | "When a plaintiff files a new action after a dismissal without prejudice for failure to file a certificate of merit, has the plaintiff complied with the plain language of the statute?" | 039703.docx | LEGALEASE-00160501-LEGALEASE-00160502 |
| Corte v. Corte, 664 So. 2d 218 | 30+3206 | Dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and Court of Civil Appeals will reverse only for abuse of that discretion. | "Is the dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, within the sound discretion of the trial court?" | 040086.docx | LEGALEASE-00160813-LEGALEASE-00160814 |
| Lewandowski v. Nuclear Mgt., 272 Mich. App. 120 | 302+245(7) | Leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified. | Should leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified? | 040219.docx | LEGALEASE-00161539-LEGALEASE-00161540 |
| Dominion of Canada v. State Farm Fire & Cas. Co., 754 So. 2d 852 | 307A+695 | When a complaint appears amenable to amendment to state a proper cause of action, it should not be dismissed with prejudice without first affording the plaintiff an opportunity to amend. | "When a complaint appears amenable to amendment to state a proper cause of action, should it not be dismissed with prejudice without first affording the plaintiff an opportunity to amend?" | 040259.docx | LEGALEASE-00160841-LEGALEASE-00160842 |
| Brister v. Sw. Louisiana Hosp. Ass'n, 624 So. 2d 970 | 307A+690 | Suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring action anew must be maintained. LSA-C.C.P. arts. 423, 933 comment, 1673. | Should a suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring action anew be maintained? | 040312.docx | LEGALEASE-00161012-LEGALEASE-00161013 |
| Browning v. Walters, 616 N.E.2d 1040 | 307A+695 | When party fails to comply with condition precedent to jurisdiction, complaint is subject to dismissal for failure to state a claim, after which plaintiff may amend. Trial Procedure Rule 12(B)(6). | "When party fails to comply with condition precedent to jurisdiction, is a complaint subject to dismissal for failure to state a claim, after which plaintiff can amend?" | Pretrial Procedure - Memo 11649 - C - KS_65386.docx | ROSS-003285041 |
| Laurie v. Ezard, 595 S.W.2d 336 | 307A+583 | Generally, courts have inherent power, in exercise of sound judicial discretion, to dismiss case for failure to prosecute; discretion to be used is not mental discretion, but legal discretion, to be exercised in conformity with spirit of law, and in manner to serve ends of substantial justice. | Is the court's discretion to dismiss a case for failure to prosecute a mental discretion? | 040467.docx | LEGALEASE-00161202-LEGALEASE-00161203 |
| Corte v. Corte, 664 So. 2d 218 | 30+3206 | Dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and Court of Civil Appeals will reverse only for abuse of that discretion. | "Is the dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, within the sound discretion of the trial court?" | Pretrial Procedure - Memo 11775 - C - BP_65641.docx | ROSS-003280087-ROSS-003280088 |
| Bennett v. Com., 217 S.W.3d 871 | 135H+96 | A defendant's motion for a mistrial generally removes any double jeopardy bar to retrial, except for cases in which the prosecutor's conduct was intended to provoke a defendant into moving for a mistrial. U.S.C.A. Const.Amend. 5. | "Does a defendants motion for a mistrial generally remove any double jeopardy bar to retrial, except for cases in which the prosecutors conduct was intended to provoke a defendant into moving for a mistrial?" | 015065.docx | LEGALEASE-00162476-LEGALEASE-00162477 |
| Clark v. Jesuit High Sch. of New Orleans, 572 So. 2d 830 | 141E+938(1) | High school could not be held strictly liable for injury to student who was shot by fellow student absent showing that school had actual knowledge of gun being kept on school premises or that it should have known that other student had gun; there was no evidence that school authorities had been faced with violence on school grounds before incident in question. | Can schools be held liable for injuries caused by dangerous or hazardous conditions on its premises? | 017197.docx | LEGALEASE-00162032-LEGALEASE-00162034 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Petrone v. Whirlwind, 444 Pa. Super. 477 | 307A+699 | Three factors must be present in order to open non pros judgment: (1) petition to open must be promptly filed; (2) default or delay must be reasonably explained; and (3) facts must be shown to exist that support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | "In order to open non pros judgment, should three factors be present?" | 040575.docx | LEGALEASE-00162292-LEGALEASE-00162293 |
| City of Philadelphia v. Williams, 122 Pa. Cmwlth. 630 | 307A+697 | Before court may grant petition to open judgment non pros, petition must be timely filed, there must be reasonable explanation or excuse for default, and facts constituting grounds for cause of action must be alleged. | "Before a court can grant petition to open judgment non pros, should there be a reasonable explanation or excuse for default?" | Pretrial Procedure - Memo 11828 - C - MS_66112.docx | ROSS-003280486-ROSS-003280487 |
| Scholastic Book Clubs v. State, Dep't of Treasury, Revenue Div., 223 Mich. App. 576 | 371+3602 | "Sales tax" is tax imposed upon sellers for privilege of engaging in business of making sales of tangible personal property at retail within state. | "Is ""sales tax"" imposed upon sellers for the privilege of engaging in business of making sales of tangible personal property at retail within state?" | Taxation - Memo 1118 - C - NS_65680.docx | ROSS-003280870-ROSS-003280871 |
| Collins v. United States, 254 F.2d 66 | 34+69(1) | To void a National Service Life Insurance policy for fraud, evidence must show that insured made a false representation in reference to a material fact with knowledge of its falsity and intent to deceive and that action was taken in reliance upon the representation. National Service Life Insurance Act, S 602(w) as amended 38 U.S.C.A. S 710. | What actions will void a National Life Insurance Policy for fraud? | 008838.docx | LEGALEASE-00163904-LEGALEASE-00163905 |
| Rowan v. United States, 115 F. Supp. 503 | 34+79(1) | To come within statute authorizing suit on claim arising on National Service Life Insurance policy, suit must be one upon policy which has not lapsed and needs no reinstatement. National Service Life Insurance Act of 1940, S 617, as amended, 38 U.S.C.A S 817; World War Veterans' Act, 1924, S 19, as amended, 38 U.S.C.A S 445. | Can a lapsed policy needing reinstatement confer standing to sue under a National Service Life Insurance policy? | 008871.docx | LEGALEASE-00163922-LEGALEASE-00163923 |
| Sanjari v. State, 961 N.E.2d 1005 | 135H+30 | Rules of statutory construction and common law that are separate and in addition to the protections afforded by the Indiana Double Jeopardy Clause include situations in which an enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. U.S.C.A. Const.Amend. 5; West's A.I.C. Const. Art. 1, S 14; West's A.I.C. 35-38-1-6. | What kind of situations do rules of statutory construction and common law include? | 014856.docx | LEGALEASE-00163992-LEGALEASE-00163993 |
| Rose v. Bd. of Zoning Adjustment Platte Cty., 68 S.W.3d 507 | 135H+25 | The determination of whether a civil penalty is considered punishment for purposes of double jeopardy analysis depends upon whether the penalty is remedial or punitive in nature; this determination requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. U.S.C.A. Const.Amend. 5; V.A.M.S. Const. Art. 1, S 19. | Is the determination of whether a civil penalty is considered punishment for purposes of double jeopardy analysis depend upon whether the penalty is remedial or punitive in nature? | Double Jeopardy - Memo 194 - C - SK_66945.docx | ROSS-003296869-ROSS-003296870 |
| City of New Brighton v. 2000 Ford Excursion VIN No. 1FMNU43S2YEA74156, 622 N.W.2d 364 | 135H+25 | Civil in rem forfeiture that has some punitive aspects will not necessarily violate double jeopardy provisions if it still serves important non-punitive goals. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | Will civil in rem forfeiture that has some punitive aspects not necessarily violate double jeopardy provisions if it still serves important non-punitive goals? | 015112.docx | LEGALEASE-00163784-LEGALEASE-00163785 |
| Counihan v. Allstate Ins. Co., 907 F. Supp. 54 | 135H+25 | United States' constructive trust on insurance proceeds for fire loss on forfeited property is not "punishment" for purposes of double jeopardy clause; government's interest is limited to extent of loss suffered to the forfeited property. U.S.C.A. Const.Amend. 5. | "Is the United States' constructive trust on insurance proceeds for fire loss on forfeited property not ""punishment"" for purposes of double jeopardy clause?" | Double Jeopardy - Memo 235 - C - BP_66754.docx | ROSS-003281459-ROSS-003281460 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Rowlands, 343 S.C. 454 | 135H+59 | Generally, jeopardy attaches when a jury is sworn and impaneled, unless prior to reaching a verdict, the jury is discharged with the defendant's consent or upon some ground of legal necessity. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | "Does jeopardy attach when the jury is sworn and impaneled, unless the defendant consents to the jury's discharge before it reaches a verdict or legal necessity mandates the jury's discharge?" | 015228.docx | LEGALEASE-00162993-LEGALEASE-00162994 |
| United States v. Combs, 222 F.3d 353 | 135H+99 | Double jeopardy clause bars retrial unless the district court's mistrial declaration was occasioned by manifest necessity, or consented to by the defendant. U.S.C.A. Const.Amend. 5. | "Does the double jeopardy clause bar retrial unless the district court's mistrial declaration was occasioned by manifest necessity, or consented to by the defendant?" | Double Jeopardy - Memo 287 - C - KG_66972.docx | ROSS-003280255-ROSS-003280256 |
| United States v. Botello, 991 F.2d 189 | 135H+97 | Defendant may waive double jeopardy protection by consenting to mistrial before verdict is entered, even if defendant's motion is necessitated by prosecutorial or judicial error. U.S.C.A. Const.Amend. 5. | "Can a defendant waive double jeopardy protection by consenting to mistrial before verdict is entered, even if a defendant's motion is necessitated by prosecutorial or judicial error?" | Double Jeopardy - Memo 313 - C - TJ_66607.docx | ROSS-003292776 |
| Camden v. Circuit Court of Second Judicial Circuit, Crawford Cty., Ill., 892 F.2d 610 | 135H+96 | Absent other circumstances, it is unfair to infer consent to trial court's declaration of mistrial in presence of jury if defendant is not given adequate opportunity to object. U.S.C.A. Const.Amend. 5. | "Absent other circumstances, is it unfair to infer consent to a trial court declaration of a mistrial in presence of a jury if a defendant is not given an adequate opportunity to object?" | 015371.docx | LEGALEASE-00162901-LEGALEASE-00162902 |
| State v. McDonald, 197 N.W.2d 573 | 135H+95.1 | Circumstances may arise even after jury has been impaneled and sworn in which trial court may abort the proceedings and retry defendant without violating double jeopardy clause. M.S.A.Const. art. 1, S 7; U.S.C.A.Const. Amend. 5. | Can circumstances arise in which a trial court may abort a trial and retry a defendant without violating protection against double jeopardy? | 015498.docx | LEGALEASE-00163607-LEGALEASE-00163608 |
| City of Wichita v. Bannon, 42 Kan. App. 2d 196 | 135H+100.1 | A main component of a judgment of acquittal is the prohibition against subsequent prosecutions for the same offense based upon the Fifth Amendment protection against double jeopardy. U.S.C.A. Const.Amend. 5. | Is a main component of a judgment of acquittal the prohibition against subsequent prosecutions for the same offense based upon the Fifth Amendment protection against double jeopardy? | 015590.docx | LEGALEASE-00162943-LEGALEASE-00162944 |
| Com. v. Riley, 467 Mass. 799 | 203+530 | To prove malice, the Commonwealth must prove one of three prongs: (1) intent to kill the victim; (2) intent to cause grievous bodily harm to the victim; or (3) commission of an act that, in the circumstances known to the defendant, a reasonable person would have known created a plain and strong likelihood of death. | What are the prongs used to prove malice? | 019406.docx | LEGALEASE-00164034-LEGALEASE-00164035 |
| Martin v. Grandview Hosp., 373 Pa. Super. 369 | 307A+697 | Petition to reactivate case terminated for inactivity of record may be granted only upon good cause shown, regardless of whether local rule expressly requires showing of good cause. Pa.R.J.A. No. 1901. | Can a petition to reactivate a case terminated for inactivity of record be granted only upon good cause shown? | 040745.docx | LEGALEASE-00163155-LEGALEASE-00163156 |
| Mohiuddin v. Doctors Billing & Mgmt. Sols., 196 Md. App. 439 | 307A+695 | The problem, following the dismissal of a pleading, of whether the pleading may be amended, is resolved by the trial court either by adding, within the four corners of the order itself, the explicit words "with leave to amend" or by leaving the order silent in that regard; leave to amend is either expressly stated on the face of the order or it does not exist. Md.Rule 2-322. | "Is the problem, following the dismissal of a pleading, of whether the pleading can be amended, resolved by the trial court?" | 040938.docx | LEGALEASE-00163235-LEGALEASE-00163236 |
| Indus. Risk Insurers v. Lorenz Equip. Co., 1994-Ohio-442 | 307A+583 | It is not abuse of discretion for trial court to dismiss action for lack of prosecution when plaintiff voluntarily fails to appear at hearing, without explanation, and trial court has specifically directed him to appear. Rules Civ.Proc., Rule 41(B)(1). | Is it an abuse of discretion for trial court to dismiss action for lack of prosecution when plaintiff voluntarily fails to appear at hearing? | 040944.docx | LEGALEASE-00163247-LEGALEASE-00163248 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Bjergum, 771 N.W.2d 53 | 3.77E+12 | Because threats are context specific, a person who might lack a specific intent to threaten or terrorize may nevertheless utter an objectively threatening statement recklessly, committing a terroristic-threats crime. M.S.A. S 609.713(1). | Can a person who recklessly makes an objectively threatening statement yet lacks the specific intent to threaten or terrorize be convicted of committing a terrorist threats crime? | 047031.docx | LEGALEASE-00163531-LEGALEASE-00163532 |
| Switzerland Gen. Ins. Co. v. Gulf Ins. Co., 213 S.W.2d 161 | 135+2 | "Residence" may mean a temporary, permanent, or transient character; or it may mean one's fixed abode, depending upon the purpose of the particular object of its use, while "domicile" as a fixed permanent abode. | "Does ""residence"" mean a temporary or transient character or may mean one's fixed abode, depending on the purpose of the particular object?" | Domicile - Memo 69 - C - SJ_67148.docx | ROSS-003285202-ROSS-003285203 |
| United States v. Wheeler, 330 F.3d 407 | 135H+5.1 | Although the Constitution prohibits multiple criminal punishments for the same offense, double jeopardy principles generally have no application in the sentencing context because the determinations at issue do not place a defendant in jeopardy for an "offense." U.S.C.A. Const.Amend. 5. | Do double jeopardy principles generally have application in the sentencing context because the determinations at issue do not place a defendant in jeopardy for an offense? | Double Jeopardy - Memo 1210 - C - RF_67542.docx | ROSS-003280625-ROSS-003280626 |
| Emmons v. State, 847 N.E.2d 1035 | 135H+99 | A defendant may be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law. U.S.C.A. Const.Amend. 5; West's A.I.C. Const. Art. 1, S 14; West's A.I.C. 35-34-1-1, 35-41-4-3(a)(2)(iii). | Can a defendant be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law? | 041015.docx | LEGALEASE-00164298-LEGALEASE-00164299 |
| Cagle v. Clinton Cotton Mills, 216 S.C. 93 | 413+186 | The basic purpose of Workmen's Compensation Act is inclusion of employers and employees, not their exclusion, and its presumptions and its penalties are directed toward the end of effective coverage rather than noncoverage. | "Are the presumptions and penalties of the Workmens Compensation Act directed towards the end of effective coverage, rather than noncoverage?" | 048565.docx | LEGALEASE-00164607-LEGALEASE-00164608 |
| Crist v. Bretz, 437 U.S. 28 | 135H+59 | An accused's right to have his trial completed by a particular tribunal lies at the foundation of the federal rule that jeopardy attaches when a jury is empaneled and sworn and is thus within the protection of the constitutional guarantee against double jeopardy. U.S.C.A.Const. Amends. 5, 14. | Is the right to have one's trial completed by a particular tribunal within the protection of the constitutional guarantee against double jeopardy? | 014615.docx | LEGALEASE-00165259-LEGALEASE-00165260 |
| People v. Lett, 466 Mich. 206 | 135H+59 | Jeopardy is said to attach when a jury is selected and sworn, and the Double Jeopardy Clause therefore protects an accused's interest in avoiding multiple prosecutions even where no determination of guilt or innocence has been made. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause protect an accused's interest when no determination of guilt or innocence has been made? | Double Jeopardy - Memo 1085 - C - TM_67991.docx | ROSS-003295143-ROSS-003295144 |
| Collum v. State, 96 S.W.3d 361 | 135H+59 | When district court granted defendant's motion for continuance and dismissed first jury, it made clear on record that jury had not been sworn, and thus, it was clearly apparent that district court did not subject defendant to double jeopardy by dismissing unsworn jury pursuant to defendant's motion for continuance. U.S.C.A. Const.Amend. 5. | Would it be apparent that court did not subject defendant to double jeopardy by dismissing unsworn jury? | 014782.docx | LEGALEASE-00166046-LEGALEASE-00166047 |
| Com. v. Bradley, 311 Pa. Super. 330 | 135H+95.1 | In determining whether circumstances surrounding declaration of mistrial bar reprosecution on same charges, courts must apply standards established by both state and federal decisions. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | "In determining whether circumstances surrounding declaration of mistrial bar reprosecution on same charges, should courts apply standards established by both state and federal decisions?" | Double Jeopardy - Memo 771 - C - NS_67776.docx | ROSS-003292714-ROSS-003292715 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Bradley, 311 Pa. Super. 330 | 110+867.20 | Before trial court can properly declare mistrial sua sponte, it should consider whether there are any less drastic alternatives which would allow trial to continue; failure to consider alternatives before declaring mistrial is grounds for barring retrial. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | "Before trial court can properly declare mistrial sua sponte, should it consider whether there are any less drastic alternatives which would allow a trial to continue?" | 016223.docx | LEGALEASE-00165541-LEGALEASE-00165542 |
| Com. v. Hallman, 2013 PA Super 133 | 135H+1 | The constitutional prohibition on double jeopardy does not offer a guarantee to the defendant that the state will vindicate its societal interest in the enforcement of the criminal laws in one proceeding. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | Does the constitutional prohibition on double jeopardy offer a guarantee to the defendant that the state will vindicate its societal interest in the enforcement of the criminal laws in one proceeding? | Double Jeopardy - Memo 888 - C - TJ_67677.docx | ROSS-003280461-ROSS-003280462 |
| Furnish v. Com., 267 S.W.3d 656 | 135H+30 | It is not double jeopardy to impose a separate penalty for one offense while using the same offense as an aggravating circumstance authorizing imposition of capital punishment for another offense. U.S.C.A. Const.Amend. 5; Const. S 13. | Is it double jeopardy to impose a separate penalty for one offense while using the same offense as an aggravating circumstance authorizing imposition of capital punishment for another offense? | 014907.docx | LEGALEASE-00166216-LEGALEASE-00166217 |
| State v. Lovato, 141 N.M. 508 | 135H+30 | Double jeopardy concerns arise when a defendant has completed service of a sentence, and state thereafter seeks to impose additional punishment for that offense. U.S.C.A. Const.Amend. 5. | "Does a double jeopardy concern arise when a defendant has completed service of a sentence, and state thereafter seeks to impose additional punishment for that offense?" | 014925.docx | LEGALEASE-00166200-LEGALEASE-00166201 |
| Turner v. State ex rel. Gruver, 168 So. 2d 192 | 135H+95.1 | Due to fact that right not to be subjected to double jeopardy is so important and it is frustrated when a trial ends before a verdict is reached, the State bears a heavy burden in justifying a mistrial over the objection of a defendant; doubt about whether the mistrial is appropriate is resolved in favor of the liberty of the citizen. U.S.C.A. Const.Amend. 5. | "When a trial ends before a verdict is reached, does the State bear a heavy burden in justifying a mistrial over the objection of the defendant?" | Double Jeopardy - Memo 489 - C - SB_68268.docx | ROSS-003310119-ROSS-003310120 |
| People v. Jaudon, 307 Ill. App. 3d 427 | 135H+25 | Test for determining whether a civil fixed-penalty provision violates the double jeopardy protections of the Federal Constitution requires a balancing of the government's harm against the size of the penalty. U.S.C.A. Const.Amend. 5. | Does the test for determining whether a civil fixed-penalty provision violate the double jeopardy protections of the Federal Constitution? | 015708.docx | LEGALEASE-00166429-LEGALEASE-00166430 |
| Glover v. Eighth Judicial Dist. Court of State ex rel. Cty. of Clark, 220 P.3d 684 | 135H+105 | Where a criminal trial ends in acquittal or conviction, the constitutional guarantee against double jeopardy automatically bars retrial, unless the conviction is later reversed. U.S.C.A. Const.Amend. 5; West's NRSA Const. Art. 1, S 8. | "Where a criminal trial ends in acquittal or conviction, does the constitutional guarantee against double jeopardy automatically bar retrial, unless the conviction is later reversed?" | 015883.docx | LEGALEASE-00166246-LEGALEASE-00166247 |
| State v. Perry, 95 A.3d 95 | 135H+99 | If the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, then the double jeopardy clause will bar retrial. U.S.C.A. Const.Amend. 5. | "If the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, will then the double jeopardy clause bar retrial?" | 015911.docx | LEGALEASE-00166272-LEGALEASE-00166273 |
| Commodity Futures Trading Comm'n v. Hunt, 591 F.2d 1211 | 393+438 | Without explicit authority, or unless agency is offspring of suable entity, agency of federal government cannot be sued eo nomine for damages; Congress did not write such authority into the Commodity Exchange Act. Commodity Exchange Act, S 1 et seq., 7 U.S.C.A. S 1 et seq. | "Without explicit authority, can a federal government agency be sued Eo nomine for damages under Commodity Exchange Act?" | 013650.docx | LEGALEASE-00166991-LEGALEASE-00166992 |
| Perkinson v. State, 273 Ga. 491 | 135H+100.1 | A defendant is protected by the Double Jeopardy Clause from attempts to re-litigate the facts after an acquittal and from attempts to secure additional punishment after a prior conviction and sentence. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 1, Par. 18. | Is a defendant protected by the Double Jeopardy Clause from attempts to re-litigate the facts after an acquittal and from attempts to secure additional punishment after a prior conviction and sentence? | 015766.docx | LEGALEASE-00166486-LEGALEASE-00166487 |
| People v. Dawson, 431 Mich. 234 | 135H+95.1 | Double jeopardy clause does not bar retrial, where prosecutor or judge made innocent error or where cause prompting mistrial was outside their control. U.S.C.A. Const.Amend. 5. | "Does double jeopardy clause not bar retrial, where a prosecutor or judge made an innocent error or where a cause prompting mistrial was outside their control?" | Double Jeopardy - Memo 554 - C - MS_68333.docx | ROSS-003297650-ROSS-003297651 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Coughlin, 610 F.3d 89 | 135H+100.1 | In the double jeopardy analysis, if multiple potential reasons for acquittal are evident in the record of the trial, courts will not presume that the jury acquitted on the ground most favorable to the defendant; the question is what the jury necessarily decided, so there is no collateral estoppel if a different ground merely could have been a rational basis for acquittal. U.S.C.A. Const.Amend. 5. | "In the double jeopardy analysis, if multiple potential reasons for acquittal are evident in the record of the trial, will courts not presume that the jury acquitted on the ground most favorable to the defendant?" | 015873.docx | LEGALEASE-00166683-LEGALEASE-00166684 |
| State v. Kelly, 148 Wis. 2d 774 | 336H+398 | In cases of inconsistent verdicts returned by the same jury at the same trial, the doctrine of collateral estoppel or issue preclusion, as incorporated in the Double Jeopardy Clause, has no meaning, because it cannot be determined why a jury returned an acquittal; without the determination of an ultimate fact that can rationally foreclose some other issue from consideration, double-jeopardy principles do not apply. U.S.C.A. Const.Amend. 5. | "In cases of inconsistent verdicts returned by the same jury at the same trial, does the doctrine of collateral estoppel or issue preclusion, as incorporated in the Double Jeopardy Clause, have no meaning?" | 015879.docx | LEGALEASE-00166695-LEGALEASE-00166696 |
| McMillan v. Park Towers Owners Corp., 225 A.D.2d 742 | 349A+10 | Since reservation of title under lease does not create security interest unless parties so intended, mere existence of proprietary lease, without more, does not establish enforceable security agreement to which Uniform Commercial Code applies. McKinney's Uniform Commercial Code S 1-201(37) | "Does the mere existence of a proprietary lease, without more, not establish an enforceable security agreement?" | Secured Transactions - Memo 167 - C - VA_68489.docx | ROSS-003283294 |
| United States v. Deardorff, 343 F. Supp. 1047 | 63+3 | Under Pennsylvania law, extortionate activity on part of recipient of a bribe, in connection with the particular bribe charged, is relevant on the issue of the intent of the person offering the bribe, but is not a complete defense as insanity or duress would be. 18 U.S.C.A. SS 1952, 1952(b) (2). | Is extortionate activity on part of recipient of a bribe relevant on the issue of the intent of the person offering the bribe? | Bribery - Memo #691 - C-JL.docx | ROSS-003290912-ROSS-003290913 |
| United States v. Wynn, 827 F.3d 778 | 203+736 | Statute criminalizing act of threatening to assault, kidnap, or murder official includes both objective and subjective elements: (1) a true threat to assault or murder a federal employee, and (2) the intent to retaliate against the employee on account of the performance of official duties. 18 U.S.C.A. S 115(a)(1)(B). | "Does  115(a)(1)(B), the statute criminalizing the act of threatening to assault, kidnap, or murder an official, include subjective or objective elements?" | Threats - Memo #69 - C - LB_61637.docx | ROSS-003282202-ROSS-003282203 |
| Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995 | 13+61 | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | "Does a cause of action for damage to real property accrue when the defendant's act causes ""immediate and permanent injury"" to the property or when there is ""actual and appreciable harm"" to the property? " | 05176.docx | LEGALEASE-00084908-LEGALEASE-00084909 |
| Horn v. Int'l Bus. Machines Corp., 110 A.D.2d 87 | 149E+578 | Literal compliance with Environmental Quality Act's procedural requirements for integrating environmental considerations into decision-making process is mandated; however, state or local "lead agencies" are allowed considerable latitude in exercise of discretion on substantive environmental matters. McKinney's ECL S 8-0101 et seq. | Do the courts allow state or local agencies considerable latitude in the exercise of discretion on substantive environmental matters? | 06189.doc | LEGALEASE-00089454-LEGALEASE-00089456 |
| Guttilla v. Peppino's Food, 125 A.D.3d 604 | 228+145(2) | A court may enter default and dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar; in order to be relieved of the default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Can a court dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar? | 11142.docx | LEGALEASE-00094408-LEGALEASE-00094409 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Crawford Supply Co. v. Schwartz, 396 Ill. App. 3d 111 | 307A+561.1 | The phrase "affirmative matter," in statute that allows for dismissal where the claim asserted is barred by affirmative matter avoiding the legal effect of or defeating the claim, encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Will an affirmative matter encompass any defense other than a negation of the essential allegations of the cause of action? | 09655.docx | LEGALEASE-00096351-LEGALEASE-00096352 |
| Carpenters & Joiners Union of Am., Local No. 213 v. Ritter's Cafe, 315 U.S. 722 | 231H+1 | The rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry are subject to modification or qualification in the interests of the society in which they exist. | Is the rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry subject to modification? | 001359.docx | LEGALEASE-00117814-LEGALEASE-00117815 |
| Consumers Gas Co. v. Illinois Commerce Comm'n, 144 Ill. App. 3d 229 | 317A+102 | Section of the Public Utilities Act providing for direct appellate review of any final order or decision of the Commerce Commission and setting forth procedures for perfecting appeal is an improper legislative intrusion into areas of appellate practice, and thus, to extent such section conflicts with Supreme Court Rule 335, which requires that petition for review be filed with Appellate Court, such section is unconstitutional. S.H.A. ch. 1112/323, P 10-201; S.H.A. Const. Art. 2, S 1; Art. 6, S 1. | Is Section 10-201 of the Public Utilities Act unconstitutional due to its conflict with Supreme Court Rule 335? | 003516.docx | LEGALEASE-00120888-LEGALEASE-00120890 |
| Hawkins v. Pierotti, 232 Ga. 631 | 401+5.4 | Action by grantor to cancel deed conveying land allegedly obtained from her by fraud and coercion of grantees was not a suit respecting title to land but was an equitable action which was required to be brought in the county of residence of defendants. Const. art. 6, S 14, pars. 2, 3. | Is an action to cancel a deed conveying land based on allegations of fraud a suit respecting title to land? | Venue - Memo 107 - RK.docx | ROSS-003328799-ROSS-003328800 |
| Herring v. Poritz, 6 Ill. App. 208 | 307A+501 | A "retraxit" differs from a "nonsuit" in that one is negative and the other positive; the "nonsuit" is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of the costs, but a "retraxit" is an open and voluntary renunciation of his suit in court, and by this he forever loses his action. | " Does a ""retraxit"" differ from a ""nonsuit"" in that one is negative and the other positive?" | 026102.docx | LEGALEASE-00130135-LEGALEASE-00130136 |
| Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+749.1 | A pretrial order is to limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | Does a pretrial order limit the issues for trial to those not disposed of by admission or agreement of counsel? | Pretrial Procedure - Memo # 1749 - C - NE.docx | ROSS-003287745-ROSS-003287746 |
| McCain Foods USA v. Cent. Processors, 275 Kan. 1 | 307A+744 | The purpose of the pretrial conference is to eliminate the element of surprise from trials and to simplify the issues and procedure by full disclosure to all parties of the anticipated evidence, and factual and legal issues, and to consider such other matters as may aid in the disposition of the action. Rules Civ.Proc., K.S.A. 60-216(c)(7). | How will the pretrial conference procedure help to eliminate the element of surprise at trials? | Pretrial Procedure - Memo # 1721 - C - NC.docx | ROSS-003313236-ROSS-003313237 |
| State v. Badaracco, 156 Conn. App. 65 | 63+1(1) | Under federal law, a bribery conviction must be based on more than evidence of mere preparation; it must progress to the point that the defendant made an offer that consisted of an expression of a desire and an ability to pay the public official for performing a proscribed act. 18 U.S.C.A. S 201(b). | Can a bribery conviction be based on evidence of mere preparation? | 012432.docx | LEGALEASE-00132182-LEGALEASE-00132183 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Werner Mach. Co. v. Dir. of Div. of Taxation, Dep't of Taxation, 31 N.J. Super. 444 | 371+2001 | The nature of a tax is not to be determined from its statutory label, but primarily by its practicable operation, though the clear and explicit declarations of the Legislature embodied and implicit in the act cannot be arbitrarily ignored. | "Should the nature of a tax be determined by its practicable operation, though the clear and explicit declarations of the Legislature embodied and implicit in the act cannot be arbitrarily ignored?" | 045117.docx | LEGALEASE-00133910-LEGALEASE-00133911 |
| Steffan v. Steffan, 29 S.W.3d 627 | 307A+486 | The burden is on the party seeking withdrawal of deemed admissions to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer; the failure to answer must have been accidental or the result of mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2 (Repealed). | Is the burden on the party seeking withdrawal of deemed admissions to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer? | 028818.docx | LEGALEASE-00134410-LEGALEASE-00134411 |
| Costello v. Zavodnik, 55 N.E.3d 348 | 307A+486 | As used in rule allowing withdrawal of admissions when party opposing withdrawal cannot demonstrate prejudice, the word "prejudice" does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case. Trial Procedure Rule 36(B). | "As used in a rule allowing withdrawal of admissions when party opposing withdrawal cannot demonstrate prejudice, does the word ""prejudice"" mean that the party has suffered a detriment in the preparation of his case?" | 028552.docx | LEGALEASE-00135320-LEGALEASE-00135321 |
| Moore v. Dudley, 31 Kan. App. 2d 184 | 307A+749.1 | Statute which states that a pretrial order controls the future course of the case bestows broad discretionary power upon the trial court in controlling the course of the action. K.S.A. 60-216(e). | Does a statute which state that a pretrial order controls the subsequent course of the case bestows broad discretionary power upon the trial court ? | 030325.docx | LEGALEASE-00137462-LEGALEASE-00137463 |
| Primm v. Isaac, 127 S.W.3d 630 | 307A+36.1 | The mere fact that an expert witness's activities may fall within the scope of discovery for impeachment purposes does not mean that parties are entitled to unfettered discovery of impeachment evidence by whatever means they seek. | Does the mere fact that an expert witness's activities can fall within the scope of discovery for impeachment purposes not mean that parties are entitled to unfettered discovery of impeachment evidence? | 031961.docx | LEGALEASE-00138083-LEGALEASE-00138084 |
| N. State Bank of Grand Forks v. Bellamy, 19 N.D. 509 | 195+1 | The terms "primarily liable" and "secondarily liable," as used in section 6494, Rev. Codes 1905, have reference to the remedy provided by law for enforcing the obligation of one signing a negotiable instrument, rather than to the character and limits of the obligation itself. The remedy against a guarantor, depending as it does upon his separate contract of guaranty, and not upon the terms of the instrument, is not primary and direct, but collateral and secondary. | What does the terms primarily liable and secondarily liable refer in relation to a negotiable instrument? | 010319.docx | LEGALEASE-00140038-LEGALEASE-00140040 |
| State v. Emmanuel, 42 Wash. 2d 1 | 63+1(1) | Statute defining the crime of asking or receiving a bribe does not limit the crime to cases where official duties prescribed by statute may be affected, but it is sufficient if state officer, agent or employee is given such official duties by direction of his superiors or by customary office practice. RCW 9.18.020. | "For purpose of bribery, can duties given by direction of superiors or by customary office practice be considered the defendants official duties?" | 012112.docx | LEGALEASE-00140822-LEGALEASE-00140823 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stone v. Crow, 2 S.D. 525 | 307A+74 | Under Comp. Laws, S 5292, providing that depositions shall be sealed up and indorsed with the title of the cause, and by him addressed and transmitted to the clerk of the court, there to remain until opened by the clerk by order of court, or at the request of a party to the action, a deposition so sealed and indorsed, when it is received by the clerk of the court in which it is to be used, and the date of its reception is indorsed on the envelope inclosing the same, is filed within the meaning of Comp. Laws, S 5297, declaring that every deposition intended to be read in evidence on the trial must be filed at least one day before the trial. | "Shall depositions be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court?" | Pretrial Procedure - Memo # 5465 - C - KG.docx | ROSS-003302793-ROSS-003302794 |
| Cassin v. Stillman-Delehanty-Ferris Co., 185 A.D. 63 | 113+3 | To justify a decision that parties to a written contract intended to obligate themselves to something unexpressed, the custom must be shown to be reasonable, uniform, well settled, and either known to the parties or so generally known as to raise a presumption of their knowledge at the time. | When can custom justify a decision that parties to a written contract intended to obligate themselves to something which cannot be found in the terms of the contract itself? | 014167.docx | LEGALEASE-00141821-LEGALEASE-00141822 |
| Cannon v. United States, 45 F. Supp. 106 | 92+2512 | Congress alone can prescribe the terms on which a claim for benefits under the War Risk Insurance Act may be recovered, and it is not within the province of the court to extend or limit a clear expression of those terms. World War Veterans' Act of 1924, S 19, as amended, 38 U.S.C.A. S 445. | Can congress prescribe the terms by which a claim for benefits under the War Risk Insurance Act can be recovered? | 008729.docx | LEGALEASE-00148014-LEGALEASE-00148015 |
| Ferguson v. United States, 309 F. Supp. 632 | 34+65 | When a condition of health is relied on as circumstance preventing timely application for waiver of premiums on National Service Life policies, proof is required to show that insured was mentally incapable of doing so. 38 U.S.C.A. SS 712, 712(b). | "When a condition of health is relied on as a circumstance preventing the timely application for waiver of premiums, is proof required to show that the insured was mentally incapable of doing so?" | 008768.docx | LEGALEASE-00148828-LEGALEASE-00148829 |
| Robert T. Reynolds Assocs. v. Asbeck, 23 Conn. App. 247 | 308+136(2) | Agent, by making contract only on behalf of competent disclosed principal whom he has power to bind, does not thereby become liable for its nonperformance, but whether there was nondisclosure of competent principal so that plaintiff might hold defendant personally liable on the contract is question of fact for trial court. | s the issue of whether an agent disclosed the identity of a principal to avoid liability a question of fact? | 041378.docx | LEGALEASE-00149833-LEGALEASE-00149834 |
| Norman v. Cummings, 73 S.D. 559 | 200+182 | If, as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes duty of duly authorized public authorities to provide the remedy, but no liability on ground of negligence, attaches to user as a result of such use, either to the public or the highway authorities, for damages to highway or to other travelers. SDC 28.0912, 28.9909. | "Who would be held liable for damage caused to the highway on a usual, ordinary or a reasonable use?" | 018914.docx | LEGALEASE-00151300-LEGALEASE-00151301 |
| Powell v. State Farm Mut. Auto. Ins. Co., 245 S.W.3d 864 | 307A+534 | Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. V.A.M.R. 55.27(g)(3). | Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of the trial court on a motion to dismiss ? | 037729.docx | LEGALEASE-00151731-LEGALEASE-00151732 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Best Cartage v. Stonewall Packaging, 219 N.C. App. 429 | 307A+624 | The trial court considering a motion to dismiss for failure to state a claim should construe the complaint liberally and only grant the motion if it appears certain that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Should the trial court considering a motion to dismiss for failure to state a claim construe the complaint liberally ? | 037575.docx | LEGALEASE-00151781-LEGALEASE-00151782 |
| State v. Knight, 140 Ohio App. 3d 797 | 3.77E+10 | To come within purview of statute making it unlawful to communicate a terroristic threat, threat need not be in any particular form or in any particular words and may be made by innuendo or suggestion and need not be made directly to intended victim. K.S.A. 21-3419. | Does a threat need to be in any particular form to come within the purview of the statute making it unlawful to communicate a terroristic threat? | 046686.docx | LEGALEASE-00156502-LEGALEASE-00156503 |
| Belington Bank v. Masketeers Co., 185 W. Va. 564 | 30+3634 | In setting aside nonsuit and reinstating case upon trial docket, trial judge may consider evidence adduced before nonsuit and his actions will not be disturbed on appeal unless it is shown that he has abused his discretion. Code, 56-8-12; Rules Civ.Proc., Rule 41(b). | " In setting aside a nonsuit and reinstating a case upon a trial docket, can a trial judge consider evidence adduced before nonsuit?" | 025567.docx | LEGALEASE-00158180-LEGALEASE-00158181 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA) were enacted to protect abused, neglected, or abandoned children who, with their families, illegally entered the United States, by providing an alternative to deportation for these children. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Were Special Immigrant Juvenile (SIJ) provisions of the Immigration and Naturalization Act (INA) enacted to protect abused children who illegally entered the United States? | 006779.docx | LEGALEASE-00160308-LEGALEASE-00160309 |
| Regents of Univ. of California v. Superior Court, 225 Cal. App. 3d 972 | 141E+1174(1) | Treating undocumented alien students as nonresidents for tuition purposes does not deprive them of equal protection of the laws; state has legitimate interests in denying resident tuition to undocumented aliens, such as preferring to educate its own lawful residents, avoiding enhancing employment prospects of those to whom employment is forbidden by law, and not subsidizing university education of those who may be deported. West's Ann.Cal.Educ.Code S 68062(h); West's Ann.Cal. Const. Art. 1, S 7. | Is denying resident tuition to undocumented aliens to conserve fiscal resources for the benefit of lawful residents a legitimate state interest? | 006763.docx | LEGALEASE-00160314-LEGALEASE-00160315 |
| Hawes v. 1997 Jeep Wrangler, 602 N.W.2d 874 | 135H+25 | In determining whether an in rem civil forfeiture is "punishment" for double jeopardy purposes, the court must first examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial, and then must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "Did the legislature intend that a drug forfeiture proceeding be civil in rem action, rather than a criminal proceeding, for purpose of determining whether forfeiture imposed ""punishment""?" | 015103.docx | LEGALEASE-00160584-LEGALEASE-00160585 |
| State v. Carr, 172 Conn. 458 | 135H+95.1 | Appellate courts are particularly wary of claims that a trial court erred in failing to declare a mistrial sua sponte, because double jeopardy clause generally bars retrial if a judge declares a mistrial in a criminal case without the defendant's request or consent. U.S.C.A. Const.Amend. 5. | Does a double jeopardy clause generally bars retrial if a judge declares a mistrial in a criminal case without the defendant's request or consent? | 015453.docx | LEGALEASE-00163513-LEGALEASE-00163514 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Tomblin, 46 F.3d 1369 | 63+14 | By requiring jury to find that official accepted item of value in return for official's acts and that defendant promised something of value to official "with intent to influence an official act," pattern instructions adequately explained reciprocity element of quid pro quo required under bribery statutes. 18 U.S.C.A. S 201; 5th Cir. Crim. PJI 2.12, 2.13. | Can jury instructions on bribery include an explanation of the reciprocity element of quid pro quo? | 012581.docx | LEGALEASE-00166939-LEGALEASE-00166940 |
| State v. Perry, 95 A.3d 95 | 135H+99 | If the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, then the double jeopardy clause will bar retrial. U.S.C.A. Const.Amend. 5. | "If the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, will then the double jeopardy clause bar retrial? " | Double Jeopardy - Memo 620 - C - PB_68397.docx | ROSS-003279766-ROSS-003279767 |
| Williams v. Kroger Food Co., 46 Mich. App. 514 | 307A+581 | Where plaintiff and counsel fail to appear at a duly scheduled trial, trial court may in its discretion dismiss the suit and subsequently deny a motion for reinstatement. | Can court dismiss the suit and subsequently deny a motion for reinstatement where plaintiff and counsel fail to appear at a duly scheduled trial? | Pretrial Procedure - Memo # 9716 - C - SKG_61404.docx | ROSS-003280795-ROSS-003280796 |
| State v. Lovato, 141 N.M. 508 | 135H+30 | Double jeopardy concerns arise when a defendant has completed service of a sentence, and state thereafter seeks to impose additional punishment for that offense. U.S.C.A. Const.Amend. 5. | "Does a double jeopardy concern arise when a defendant has completed service of a sentence, and state thereafter seeks to impose additional punishment for that offense? " | Double Jeopardy - Memo 1175 - C - SHB_68249.docx | ROSS-003281495-ROSS-003281496 |
| Walker v. Allen, 119 So. 3d 1111 | 307A+583 | Rule of civil procedure allowing a defendant to move for the dismissal of an action when a plaintiff fails to prosecute embodies the tenet that any court of law or equity may exercise the power to dismiss for want of prosecution; this power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket. Rules Civ.Proc., Rule 41(b). | "Is the Rule of civil procedure allowing a defendant to move for the dismissal of an action when a plaintiff fails to prosecute, necessary as a means to the orderly expedition of justice and the court's control of its own docket?" | Pretrial Procedure - Memo 11843 - C - DA_66447.docx | ROSS-003281983-ROSS-003281984 |
| Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | Is the act of state doctrine premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state? | International Law - Memo # 362 - MC.docx | ROSS-003285310-ROSS-003285311 |
| Maliqi v. 17 E. 89th St. Tenants, 25 Misc. 3d 182 | 307A+3 | A "motion in limine" is a preliminary application usually made at the beginning of a trial that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. | "Is a ""motion in limine"" a preliminary application usually made at the beginning of a trial, that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial?" | Pretrial Procedure - Memo 345 - TH.docx | ROSS-003285369-ROSS-003285371 |
| Olds v. Olds, 356 N.W.2d 571 | 307A+2 | A party may not obtain an adjudication of any point of law raised in any pleading which goes to the whole or any material part of the case if any material facts are in dispute. Rules Civ.Proc., Rule 105. | Can a party obtain an adjudication of any point of law raised in any pleading which goes to the whole or any material part of the case if any material facts are in dispute? | Pretrial Procedure - Memo # 490 - C - LK.docx | ROSS-003286073-ROSS-003286074 |
| Fleischmann v. Wausau Bus. Ins. Co., 671 N.E.2d 473 | 413+1 | Workers' Compensation Act represents compromise between insuring compensation for injured employee and protecting employer from unanticipated costs and large damage verdicts. West's A.I.C. 22-3-1-1 to 22-3-12-5. | Does the Workers' Compensation Act represent a compromise between insuring compensation for injured employees and protecting an employer from unanticipated costs and large damage verdicts? | Workers Compensation - Memo #53 ANC.docx | ROSS-003286893-ROSS-003286895 |
| Scott v. State, 107 Ohio St. 475 | 63+11 | Upon an indictment for bribery, the state must establish beyond a reasonable doubt the guilt of the defendant of the crime charged and every material allegation of the indictment, including criminal intent. | "Upon an indictment for bribery, should the state establish beyond a reasonable doubt the defendants criminal intent? " | Bribery - Memo #733 - C - JL.DOCX | ROSS-003288678-ROSS-003288679 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Haven v. Rzeczpospolita Polska, 68 F. Supp. 2d 947 | 221+341 | No federal court is vested with a roving commission to force any foreign government to do equity, and if any such government fails or refuses to act in its governmental capacity as conscience would command, no federal court is empowered to force it to do so except as Congress has specified. | Is any federal court vested with a roving commission to force any foreign government to do equity? | International Law - Memo # 567 - C - SA.docx | ROSS-003289389-ROSS-003289390 |
| Bulwinkle v. Cramer, 30 S.C. 153 | 307A+74 | A deposition containing a statement that it was taken pursuant to the notice which is appended, and which sets forth the reasons for taking it, sufficiently complies with the requirement that a certificate of such reasons be contained with it, when sent by mail or express. | Does a deposition containing a statement that it was taken pursuant to the notice which is appended sufficiently comply with the requirement that a certificate of such reasons be contained with it? | Pretrial Procedure - Memo # 5330 - C - KG.docx | ROSS-003291304-ROSS-003291305 |
| AAIS Corp. v. Dept of Admin. Servs., 93 Conn. App. 327 | 307A+554 | Motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court. | Does a motion to dismiss for lack of standing attack the jurisdiction of the court that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court? | Pretrial Procedure - Memo # 5750 - C - NE.docx | ROSS-003291346-ROSS-003291347 |
| Brister v. Sw. Louisiana Hosp. Ass'n, 624 So. 2d 970 | 307A+690 | Suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring action anew must be maintained. LSA-C.C.P. arts. 423, 933 comment, 1673. | Should a suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring action anew be maintained? | Pretrial Procedure - Memo 11647 - C - KS_65384.docx | ROSS-003293945 |
| Schaffer v. City of Atlanta, 151 Ga. App. 1 | 241+131 | Where no answer at all was filed by magistrate in response to appellant's application for second writ of certiorari to superior court with regard to decision by municipal court to close her business as public nuisance, first application for certiorari was also dismissed without consideration of merits, and the second application was filed within six months, there was no decision on merits of the case and appellant was entitled to file the second application unless the original action was barred by statute of limitations. Code, S 3-808. | Can a plaintiff who has had his action dismissed other than on the merits refile action within six months if original action has not been barred by statute of limitations? | Pretrial Procedure - Memo # 10683 - C - KG_62662.docx | ROSS-003294493-ROSS-003294494 |
| Guinn v. Hoskins Chevrolet, 361 Ill. App. 3d 575 | 307A+679 | On motion to dismiss, it is the court's duty to determine, considering the allegations of the complaint in the light most favorable to the plaintiffs, whether the allegations are sufficient to state a cause of action upon which relief may be granted. | In determining whether allegations of complaint are sufficient to state a cause of action should a court view allegations of a complaint in light most favorable to a plaintiff? | Pretrial Procedure - Memo # 8478 - C - KI_59177.docx | ROSS-003295137-ROSS-003295138 |
| State v. Kelly, 148 Wis. 2d 774 | 336H+398 | In cases of inconsistent verdicts returned by the same jury at the same trial, the doctrine of collateral estoppel or issue preclusion, as incorporated in the Double Jeopardy Clause, has no meaning, because it cannot be determined why a jury returned an acquittal; without the determination of an ultimate fact that can rationally foreclose some other issue from consideration, double-jeopardy principles do not apply. U.S.C.A. Const.Amend. 5. | "In cases of inconsistent verdicts returned by the same jury at the same trial, does the doctrine of collateral estoppel or issue preclusion, as incorporated in the Double Jeopardy Clause, have no meaning? " | Double Jeopardy - Memo 603 - C - PC_68382.docx | ROSS-003297355-ROSS-003297356 |
| Laster v. AT & T Mobility LLC, 584 F.3d 849 | 25T+117 | Federal Arbitration Act (FAA) does not bar federal or state courts from applying generally applicable state contract law principles and refusing to enforce an unconscionable class action waiver in an arbitration clause. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) bar federal courts from applying state contract law principles? | Alternative Dispute Resolution - Memo 327 - RK.docx | ROSS-003297795-ROSS-003297797 |
| State v. Phillips, 130 So. 3d 416 | 203+541 | To prove the specific intent element of first-degree murder based upon premeditation and deliberation, the State must show not only an intentional act by the defendant that caused death, but also that the defendant intended for his action to result in the victim's death. | Does the state have to prove the defendant intended for his action to result in the victim's death? | Homicide - Memo 156 - VG.docx | ROSS-003300226-ROSS-003300228 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Pihl, 529 B.R. 414 | 366+1 | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | "Does subrogation or equitable subrogation occur when one party, by virtue of its payment of another's obligation, steps into shoes of party who was owed the obligation for purpose of getting recompense for its payment?" | Subrogation - Memo 381 - VP C.docx | ROSS-003301523-ROSS-003301524 |
| Dargart v. Ohio Dept of Transp., 171 Ohio App. 3d 439 | 307A+554 | When ruling on a motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court. Rules Civ.Proc., Rule 12(B)(1). | "When ruling on a motion to dismiss for lack of subject-matter jurisdiction, must trial courts determine whether a claim raises any action cognizable in that court?" | Pretrial Procedure - Memo # 5682 - C - NE.docx | ROSS-003302880-ROSS-003302881 |
| Porter v. Urban Residential Dev. Corp., 294 Ga. App. 828 | 307A+486 | Failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw admissions so deemed by operation of law for failure to answer requests for admissions within 30 days of service. West's Ga.Code Ann. S 9-11-36(a)(2), (b). | "Does the failure to present admissible, credible evidence contradicting the admitted matters justify the denial of the motion to withdraw admissions so deemed by operation of law for failure to answer requests for admissions within 30 days of service?" | Pretrial Procedure - Memo # 3252 - C - KA.docx | ROSS-003304214-ROSS-003304216 |
| In re Schuler, 354 B.R. 37 | 366+1 | Under New York law, in "subrogation," a third party discharges an obligor's obligation to the obligee and then seeks the right to stand in the obligee's position, so as to be able to assert the obligee's former rights against the obligor. | "In ""subrogation,"" does a third party discharges an obligor's obligation to the obligee and then seeks the right to stand in the obligee's position, so as to be able to assert the obligee's former rights against the obligor?" | Subrogation - Memo # 411 - C - SA.docx | ROSS-003311222-ROSS-003311223 |
| In re Shavers, 418 B.R. 589 | 366+1 | Under Mississippi law, decisions in the area of law dealing with equitable subrogation generally are highly fact-specific, and there is no general rule to determine when the right of subrogation exists, since it depends upon the equities of each case. | Is there a general rule which can be laid down to determine whether a right of equitable subrogation exists since this right depends upon the equities of each particular case? | Subrogation - Memo 226 - VG C.docx | ROSS-003312049-ROSS-003312050 |
| Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | When can a trespasser be subjected to liability to the possessor of the trespassed chattel? | Trespass - Memo 116 - RK.docx | ROSS-003313013-ROSS-003313014 |
| Dalloul v. Agbey, 255 Va. 511 | 307A+506.1 | Within meaning of language of statute allowing plaintiff to request nonsuit, "action" subject to plaintiff's nonsuit request is comprised of claims and parties remaining in case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from case. Code 1950, S 8.01-380, subd. A. | Is the action that remains subject toa plaintiff's nonsuit request comprised only of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case? | Pretrial Procedure - Memo # 2216 - C - KA.docx | ROSS-003313432-ROSS-003313433 |
| Cruz v. United States, 387 F. Supp. 2d 1057 | 221+342 | "Act of state doctrine" is non-jurisdictional, prudential limitation on court's power to examine official actions of foreign state in order to avoid conflicts with foreign policy of political branches. | "Is the act of state doctrine a non-jurisdictional, prudential limitation on a court's power to examine official actions of foreign states?" | International Law - Memo 327 - RK.docx | ROSS-003314198-ROSS-003314199 |
| Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | When will trespassers to chattel be subject to liability to the possessor of the chattel? | Trespass - Memo 118 - RK.docx | ROSS-003314481-ROSS-003314482 |

485

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Brown, 226 B.R. 39 | 366+1 | Doctrine of equitable subrogation, which has as its goal the advancement of justice and the prevention of injustice, is used only in extreme cases bordering on, if not reaching, level of fraud. | "Is the doctrine of equitable subrogation, which has as its goal the advancement of justice and the prevention of injustice, used only in extreme cases bordering on if not reaching the level of fraud?" | Subrogation - Memo 306 - RM C.docx | ROSS-003322218-ROSS-003322220 |
| Rosas v. Alice's Tea Cup, 127 F. Supp. 3d 4 | 24+123 | The protections of the FLSA are available to citizens and undocumented workers alike; denying undocumented workers the protection of FLSA would permit abusive exploitation of workers and create an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them. Fair Labor Standards Act of 1938, S 1, 29 U.S.C.A. S 201. | Does denying undocumented workers the protection of the Fair Labor Standards Act (FLSA) create an unacceptable economic incentive to hire undocumented? | "Aliens, Immigration and Citizenship - Memo 71 - RK_64805.docx" | ROSS-003323442-ROSS-003323443 |
| In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | "Subrogation," generally, is defined as the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. | "Is subrogation generally defined as the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt?" | Subrogation - Memo 347 - TJ.docx | ROSS-003325778-ROSS-003325780 |
| People v. Teitelbaum, 138 A.D.2d 647 | 63+1(1) | Public official's state of mind is controlling, in deciding whether official has agreed to accept benefit on "understanding or agreement" that actions will be influenced thereby. McKinney's Penal Law S 200.10(1973). | Whose state of mind is controlling in deciding whether an official has agreed to accept a benefit on the understanding or agreement that his actions will be influenced? | Bribery - Memo #721 - C - LB.docx | ROSS-003329156-ROSS-003329157 |
| Superior Oil Corp. v. Alcorn, 242 Ky. 814 | 315+138 | If, through some act not his own, but of remainderman or some one in privity with remainderman, even though void, apparent life tenant acquires color of title incompatible with life estate and remainder estate, and takes possession thereunder and not as life tenant, and remainderman knows of possession and its nature, remainderman has a cause of action, and limitation period commences. | "Can a person having a life estate and nothing more, enlarge the estate by any possession, act or declaration?" | Life Estates - Memo 1 - RM.docx | ROSS-003312605-ROSS-003312606 |
| Fallarino v. Fallarino, 56 Misc. 3d 67 | 315+185 | Because the life tenant has the exclusive right to the property during his or her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy. | "Does the remainderman or reversioner have a right to possession or any present right of enjoyment, or tangible or physical ownership, of the land during the term of the life tenancy?" | Life Estate - Memo 14-JS.docx | ROSS-003283919-ROSS-003283920 |
| Consolidated Rail Corp. v. Gottshall, 512 U.S. 532 | 115+57.16(2) | "Zone of danger" test for determining who may recover for negligent infliction of emotional distress limits recovery for emotional injury to those plaintiffs who sustain physical impact as a result of defendant's negligent conduct or who are placed in immediate risk of physical harm by that conduct. | What are the limiting tests for assessing claims of negligent infliction of emotional distress? | 004066.docx | LEGALEASE-00116299-LEGALEASE-00116301 |
| Hearn v. Rhay, 68 F.R.D. 574 | 311H+20 | Party asserting privilege has impliedly waived it through his own affirmative conduct where assertion of privilege was result of some affirmative act, such as filing suit, by asserting party; asserting party, through affirmative act, put protected information at issue by making it relevant to the case; and application of the privilege would deny opposing party access to information vital to his defense. | How does a party impliedly waive the attorney-client privilege? | Privileged Communications and Confidentiality - Memo 8 - VP.docx | LEGALEASE-00001613-LEGALEASE-00001614 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Aguasvivas-Castillo, 668 F.3d 7 | 180+63(1) | To determine whether a forfeiture is grossly disproportional, courts should consider: (1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant. U.S.C.A. Const.Amend. 8. | What factors should the court consider for determining whether a forfeiture is grossly disproportional? | 004738.docx | LEGALEASE-00116411-LEGALEASE-00116412 |
| Shelton v. Wick, 715 N.E.2d 890 | 401+8.2 | Medical malpractice action is "commenced," and determination of preferred venue status becomes proper, at time when complaint is filed in court, and not on earlier date on which proposed complaint is submitted to the Department of Insurance pursuant to Indiana Medical Malpractice Act; submission of proposed complaint cannot be considered commencement of action, as it does nothing more than toll statute of limitations and satisfy the statutory condition precedent to commencing action. West's A.I.C. 34-18-8-4; Trial Procedure Rules 3, 75. | When is the issue of venue to be determined? | Venue - Memo 8 - RM.docx | ROSS-003284110-ROSS-003284111 |
| Nat'l Bank of Rochester v. Meadowbrook Heights, 80 Mich. App. 777 | 253+512 | Married women may acquire, hold, and devise property separate from their husbands' influence and not subject to their husbands' debts, with like effect as if they were unmarried, and may be held liable on any contract made in relation to their sole property. M.C.L.A. SS 557.1 et seq., 557.4. | Is the separate property of a husband or wife liable for the debts of their spouse? | Marriage and Cohabitation - Memo 15 - RK.docx | LEGALEASE-00002709-LEGALEASE-00002710 |
| Karuk Tribe of California v. Ammon, 209 F.3d 1366 | 148+2.1 | A Fifth Amendment takings claim calls for a two-step analysis under which, first, a court determines whether the plaintiff possesses a valid interest in the property affected by the governmental action, that is, whether the plaintiff possessed a "stick in the bundle of property rights," and, if the plaintiff possesses a compensable property right, a court proceeds to the second step, determining whether the governmental action at issue constituted a taking of that "stick." U.S.C.A. Const.Amend. 5. | What are the steps followed by the court in order to identify a taking? | Eminent Domain - Memo 16 - AKA.doc | LEGALEASE-00002801-LEGALEASE-00002802 |
| Southland Corp. v. Keating, 465 U.S. 1 | 83+80.5 | In enacting provision of federal arbitration act that an arbitration provision is valid and irrevocable the Congress declared a national policy favoring arbitration and withdrew power of the states to require a judicial forum for resolution of claims which the contracting parties agreed to resolve by arbitration. 9 U.S.C.A. S 2. | Does Congress withdraw the power of the states by declaring a national policy favoring arbitration? | 004887.docx | LEGALEASE-00117009-LEGALEASE-00117011 |
| E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187 | 25T+141 | The liberal policy favoring arbitration agreements is at bottom a policy guaranteeing the enforcement of private contractual arrangements, and under the Federal Arbitration Act (FAA), a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute. 9 U.S.C.A. S 1 et seq. | "Will a liberal policy favoring arbitration, guarantee the enforcement of private contractual arrangements?" | 004926.docx | LEGALEASE-00117172-LEGALEASE-00117174 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Banc One Acceptance Corp. v. Hill, 367 F.3d 426 | 25T+113 | While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate; nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. 9 U.S.C.A. S 4. | Does a strong federal policy favoring arbitration help in determining a valid agreement to arbitrate exists between parties? | 004929.docx | LEGALEASE-00117175-LEGALEASE-00117176 |
| Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 | 25T+139 | Arbitration Act establishes that, as a matter of federal law, any doubts concerning scope of arbitrable issues should be resolved in favor of arbitration, whether problem at hand is construction of contract language itself or allegation of waiver, delay, or like defense to arbitrability. 9 U.S.C.A. S 2. | Are doubts regarding the scope of arbitral issues resolved in favor of arbitration? | Alternative Dispute Resolution - Memo 130 - JS.docx | ROSS-003282376-ROSS-003282378 |
| Cox v. City of Kinston, 217 N.C. 391 | 92+2625(1) | The Housing Authority Act conferring quasi-judicial and administrational duties on same board violates no implication of constitution requiring the supreme judicial power to be kept separate from the legislative and executive. Pub.Acts 1935, c. 456; Const. art. 1, S 8; art. 2, S 1. | "Is a statute conferring quasi-judicial and administrational duties on a same board violate section of the Constitution, requiring that the supreme judicial power be kept separate from the legislative and executive?" | 000319.docx | LEGALEASE-00117478-LEGALEASE-00117479 |
| Mack v. Carmack, 79 So. 3d 597 | 203+503 | Amendment to homicide statutes to include as a victim of homicide "an unborn child in utero at any stage of development, regardless of viability," constitutes clear legislative intent to protect even nonviable fetuses from homicidal acts. Code 1975, S 13A-6-1(a)(3). | Is there a clear legislative intent to protect even nonviable fetuses? | 000423.docx | LEGALEASE-00117734-LEGALEASE-00117735 |
| Union Nat. Bank & Tr. Co. v. Bd. of Sup'rs of Kendall Cty., 65 Ill. App. 3d 1004 | 1.49E+42 | "Reclamation Act's" provision that all requirements of Environmental Protection Act shall be complied with fully at all times during mining, reclamation and after reclamation only means that a person who seeks to operate strip mine is not exempted from any applicable provisions of Environmental Protection Act by reason of operation of "Reclamation Act." S.H.A. ch. 96 1/2, S 4507(g). | "Does the Reclamation Act provide that all requirements of the Environmental Protection Act shall be complied with fully at all times during mining, reclamation, and after reclamation?" | Environmental Law - Memo 98 - VP.docx | ROSS-003282314-ROSS-003282315 |
| People ex rel. Durham Realty Corp. v. La Fetra, 230 N.Y. 429 | 233+500 | Under the police power the state may regulate a business, however honest in itself, if it is or may become an instrument of widespread oppression; and hence the business of renting homes in the city of New York is subject to control by the Legislature for the common good. | Could state regulate business of renting homes subject to regulations by exercise of police powers? | 000954.docx | LEGALEASE-00118202-LEGALEASE-00118203 |
| Bear Creek Dev. Corp. v. Genesee Found., 919 P.2d 948 | 311+2(5) | Because scope of right condemned by way of necessity can be limited so as to achieve its purpose most effectively, and disputes which arise as to its scope are resolved, in part, by reference to court's order of condemnation, court must clearly define extent of easement, at request of condemnee, in order to avoid inevitable litigation over vague condemnation order. West's C.R.S.A. Const. Art. 2, S 14. | May the scope of the condemned right be limited? | Eminent Domain - Memo 36 - RK.docx | ROSS-003298734-ROSS-003298735 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilson v. City & Cty. of Denver, 65 Colo. 484 | 92+1116 | The right to carry on a legitimate business is a property right, and cannot be taken away or abridged by an exercise of police power, unless necessary to interests of public generally, and unless means employed are reasonably necessary for accomplishment of the purpose, and not unduly oppressive upon individuals. | Is the right to carry on a legitimate business a property right? | 001377.docx | LEGALEASE-00118171-LEGALEASE-00118172 |
| State v. Hill, 214 S.E.2d 67 | 146+27 | To support convictions for willful misapplication of corporate moneys, an indictment must allege an accompanying intent to injure, defraud or deceive an officer of the corporation. G.S. S 14-254. | "To support convictions for willful misapplication of corporate moneys should an indictment allege an accompanying intent to injure, defraud or deceive an officer of the corporation?" | 001224.docx | LEGALEASE-00118547-LEGALEASE-00118548 |
| N. L. R. B. v. Builders Supply Co. of Houston, 410 F.2d 606 | 231H+1824 | Board's order directing employer to cease and desist from interrogating employees about their or other employees' union membership, activities, or desires was too broad and should be modified to prohibit only that interrogation which interferes with, restrains, or coerces the employees in exercise of their organizational rights. National Labor Relations Act, SS 1 et seq., 7, 8(a) (1) as amended 29 U.S.C.A. SS 151 et seq., 157, 158(a) (1). | Does the National Labor Relations Act prohibit employers from interfering with or coercing employees in the exercise of their right? | 001401.docx | LEGALEASE-00118504-LEGALEASE-00118505 |
| Moorman v. Dep't of Cmty. Affairs, 626 So. 2d 1108 | 1.49E+132 | Statutes relating to environmental land and water management require balancing of state's interests in protecting public's health, safety, and welfare against constitutionally protected private property interests of landowner. | "Should there exist a balance in the interests of the state in protecting the health, safety, and welfare of the public with those of the private property owner?" | 001468.docx | LEGALEASE-00118641-LEGALEASE-00118642 |
| Airvantage v. TBAN Properties #~£1, L.T.D, 269 S.W.3d 254 | 401+5.1 | Whether recovery is called conversion, breach of contract, or other non-real property types of recovery, the true nature of a lawsuit, for purposes of determining whether a suit is governed by mandatory venue statute for actions involving an interest in real property, depends on the facts alleged in the petition, the rights asserted, and the relief sought. V.T.C.A., Civil Practice & Remedies Code S 15.011. | "Do the facts alleged in the plaintiffs petition, the rights asserted and the relief sought have any bearing on the nature of the suit?" | Venue  - Memo 38 - RM.docx | ROSS-003312436-ROSS-003312438 |
| McCarthy v. Azure, 22 F.3d 351 | 25T+139 | If contract language chosen by parties is unclear as to nature of claims to which agreement to arbitrate extends, a "healthy regard" for federal policy favoring arbitration requires that any doubts concerning scope of arbitrable issue be resolved in favor of arbitration. | How do the courts interpret agreements when the contract language chosen by the parties is unclear as to which claims are to be submitted to arbitration? | 001689.docx | LEGALEASE-00118733-LEGALEASE-00118735 |
| Cramer v. United States, 325 U.S. 1 | 384+6 | The minimum function that an "overt act" must perform in treason prosecution is that it show sufficient action by accused, in its setting, to sustain a finding that accused actually gave aid and comfort to the enemy. Cr.Code S 1, 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3. | Can an overt act in a treason prosecution be used to determine whether the accuseds action was an aid and comfort to the enemy? | 001636.docx | LEGALEASE-00119070-LEGALEASE-00119071 |
| State v. Begey, 672 N.W.2d 747 | 203+507 | A defendant can be relieved of criminal responsibility for a victim's death if an intervening act breaks the chain of causal connection between the defendant's actions and the victim's death; however, for an intervening act to relieve a defendant of criminal responsibility for homicide, the intervening act must be the sole proximate cause of death. | Should the defendants intervening act be the sole proximate cause of death to constitute criminal responsibility for homicide? | Homicide - Memo 46 - TH.docx | ROSS-003285145-ROSS-003285147 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Athena Holdings v. Marcus, 160 Conn. App. 470 | 13+1 | The word "action" has no precise meaning and the scope of proceedings which will be included within the term depends upon the nature of the particular statute in question; what the legislature may have intended to be a civil action for some purposes may not be a civil action for others. | "What do the scope of proceedings included within the term ""action"" depend upon?" | 002026.docx | LEGALEASE-00119406-LEGALEASE-00119407 |
| Tennessee, Alabama & Georgia R. Co. v. Zugar, 193 Ga. 386 | 386+67 | In case of a trespass by cutting and carrying away timber, a "wilful trespasser" is one who knows that he is wrong, while an "innocent trespasser" is one who believes that he is right, and the question as to whether the trespass was wilfully or innocently done is generally for the jury to determine, except where the trespasser acts with such entire want of care and reckless indifference as would clearly amount to a disregard of the rights of the other party. | Who is a wilful trespasser? | Trespass - Memo 70 - JS.docx | ROSS-003284696-ROSS-003284697 |
| Stacy v. Ross, 798 So. 2d 1275 | 76D+283 | The determination whether parents are unreasonable in denying visitation in whole or part to grandparents is not a contest between equals; parents with custody have a paramount right to control the environment, physical, social, and emotional, to which their children are exposed. West's A.M.C. SS 93-16-1 to 93-16-7. | Do parents with custody have a paramount right to control the environment to which their children are exposed? | 10806.docx | LEGALEASE-00081448-LEGALEASE-00081449 |
| Schachter v. Citigroup, 47 Cal. 4th 610 | 231H+175 | While the public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established, nothing in the public policy of California concerning wages transforms a contingent expectation of receiving bonuses into an entitlement. | Is there a public policy in favor of full and prompt payment of an employee's earned wages? | 003243.docx | LEGALEASE-00119185-LEGALEASE-00119187 |
| In re Johnson, 19 B.R. 371 | 289+421 | Kansas courts use a number of tests in determining existence of a partnership, and no one factor or test is conclusive; relevant factors include parties' intentions, sharing of profits, losses and expenses, joint control of management, joint ownership of assets, and active participation in management. K.S.A. 56-301 et seq. | What tests are utilized to determine the existence of a partnership? | 002420.docx | LEGALEASE-00119515-LEGALEASE-00119517 |
| DeOrnellas v. Aspen Square Mgmt., 295 F. Supp. 2d 753 | 25T+114 | Congress' purpose in enacting the Federal Arbitration Act (FAA) was to reverse longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts. 9 U.S.C.A. S 1 et seq. | What was the purpose behind the enactment of the Federal Arbitration Act (FAA)? | 002766.docx | LEGALEASE-00119701-LEGALEASE-00119703 |
| Sheldon v. PHH Corp., 135 F.3d 848 | 170B+2946 | In diversity case, district court ordinarily determines applicable state law by reference to choice of law rules of forum state, but, when case has been transferred pursuant to interests of justice, even on plaintiff's own motion, court will apply law of transferor forum, including that forum's choice of law rules. 28 U.S.C.A. S 1404(a). | How do courts determine which state's choice of law rules apply? | Alternative Dispute Resolution - Memo 284 - RK.docx | ROSS-003284475-ROSS-003284477 |
| Contech Const. Prod. v. Heierli, 764 F. Supp. 2d 96 | 25T+116 | The intent of the contracting parties to apply state arbitration rules or law to arbitration proceedings and opt out of the applicability of the Federal Arbitration Act (FAA) must be explicitly stated in the contract and a general choice of law provision does not evidence such intent. 9 U.S.C.A. S 1 et seq. | Does a generic choice of law provision explicitly state the intent of the parties to apply state arbitration rules? | 002813.docx | LEGALEASE-00119748-LEGALEASE-00119749 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Safar v. Tingle, 178 F. Supp. 3d 338 | 249+20 | In a malicious prosecution claim, "probable cause" is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected, as judged with reference to the time the defendant took the action initiating the criminal charges; importantly, when the facts relating to probable cause are in dispute, there is a question of fact for the jury. U.S. Const. Amend. 4. | How is probable cause defined in the context of malicious prosecution? | 002915.docx | LEGALEASE-00119799-LEGALEASE-00119800 |
| Boeken v. Philip Morris USA, 48 Cal. 4th 788 | 336H+324 | In California the phrase "cause of action" is often used indiscriminately to mean counts which state according to different legal theories the same cause of action, but for purposes of applying the doctrine of res judicata, the phrase "cause of action" has a more precise meaning: the cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory advanced. | "Is a ""cause of action"" a right to obtain redress for a harm suffered?" | Action - Memo 38 - ANG.docx | ROSS-003326462-ROSS-003326463 |
| Miami Bridge Co. v. Miami Beach Ry. Co., 152 Fla. 458 | 317A+101 | Except insofar as such matters may have been regulated by duly constituted public authority, a utility has the right to prescribe rules, regulations, and rates for the conduct of its business, provided such rules, regulations, and rates are reasonable, just, nondiscriminatory, and not contrary to law. | Do public utilities have the power to prescribe and adopt reasonable rules and regulations not contrary to law? | 002518.docx | LEGALEASE-00120115-LEGALEASE-00120116 |
| Valley View Health Care v. Chapman, 992 F. Supp. 2d 1016 | 25T+117 | As federal substantive law, the Federal Arbitration Act (FAA) preempts contrary state law; nonetheless, the FAA's preemption power has an exception, via the savings clause, in that it does not require the enforcement of arbitration agreements on such grounds as exist at law or in equity for the revocation of any contract. U.S.C.A. Const. Art. 6, cl. 2; 9 U.S.C.A. S 2. | Are there any exceptions to the preemption power of the Federal Arbitration Act? | Alternative Dispute Resolution - Memo 307 - RK.docx | ROSS-003296830 |
| Appeal of Granite State Elec. Co., 120 N.H. 536 | 317A+120 | The Public Utilities Commission may order a public utility, which has collected charges at rates which are not final and which are later found to be unlawful, to make due reparation either by repayment or by credit to persons who have paid according to those rates with interest from the date of payment. | When may a Public Utility Commission order a public utility to refund rates? | 002702.docx | LEGALEASE-00120193-LEGALEASE-00120194 |
| Sundeen v. Kroger, 355 Ark. 138 | 249+24(4) | In a malicious prosecution claim, a judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause, even though the judgment is subsequently reversed and set aside, unless it be shown that the judgment was procured by fraud or undue means. | Is a conviction conclusive evidence of probable cause in a malicious prosecution action? | 002932.docx | LEGALEASE-00119838-LEGALEASE-00119839 |
| St. Paul Fire & Marine Ins. Co. v. Murray Guard, 343 Ark. 351 | 366+21 | Subrogation is broad enough to include every instance in which one party pays a debt for which another is primarily answerable and which in equity and good conscience should have been discharged by the latter; however, the payment must be made either under compulsion or for the protection of some interest of the party making the payment and in discharge of an existing liability. | What does equitable subrogation include? | Subrogation - Memo 53 - RM C.docx | ROSS-003298490-ROSS-003298492 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bank of Am., N.A. v. Diamond Fin., 88 Mass. App. Ct. 564 | 366+1 | Five factors must be determined before equitable subrogation can be applied: (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt paid; (4) the subrogee paid off the entire encumbrance; and (5) subrogation would not work any injustice to the rights of the junior lienholder. | What do courts look for in deciding whether equitable subrogation applies? | Subrogation - Memo 69 - VP C.docx | ROSS-003330086-ROSS-003330087 |
| United States v. Barr, 617 F.3d 370 | 148+131 | The general rule under the Takings Clause is that property owners are paid only the fair market value of their property when they are forced to part with it against their will; under this standard, the owner is entitled to receive what a willing buyer would pay in cash to a willing seller at the time of the taking. U.S.C.A. Const.Amend. 5. | What is the fair market value that the owner is entitled to receive in takings? | 017360.docx | LEGALEASE-00120921-LEGALEASE-00120923 |
| Smith v. Bd. of Ed. of Oswego Cmty. High Sch. Dist., 405 Ill. 143 | 302+8(15) | The unexplained use of the terms fraud or fraudulently in a complaint alleges nothing, and such allegations must include facts on which they are based, and a general charge that a party acted fraudulently or was guilty of fraud is not good pleading for the reason that only a conclusion of the pleader is stated. | Is a general charge that a party acted fraudulently a conclusion? | 022903.docx | LEGALEASE-00120968-LEGALEASE-00120970 |
| Warren Tr. v. United States, 107 Fed. Cl. 533 | 148+2.1 | A "noncategorical taking" of property effected through regulation falls short of eliminating all economically beneficial use of property, and is the consequence of a regulatory imposition that prohibits or restricts only some of the uses that would otherwise be available to the property owner, but leaves the owner with substantial viable economic use. U.S. Const. Amend. 5. | Does a non-categorical takings fall short of eliminating all economically beneficial use of property? | 017389.docx | LEGALEASE-00121110-LEGALEASE-00121112 |
| Cruickshank v. Clean Seas Co., 346 B.R. 571 | 366+26 | Equitable principle behind "subrogation," an old term rooted in equity which today is used to mean to stand in the shoes of, is that when one, pursuant to obligation, and so not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons. | "Is the equitable principle behind ""subrogation that when one, pursuant to obligation, and so not a volunteer, fulfils the duties of another, he is entitled to assert the rights of that other against third persons?" | 043732.docx | LEGALEASE-00121562-LEGALEASE-00121563 |
| Welch v. Complete Care Corp., 818 So. 2d 645 | 366+1 | Equitable subrogation is generally appropriate when the following five factors exist: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | Where is equitable subrogation appropriate? | Subrogation - Memo # 578 - ES.docx | ROSS-003310546-ROSS-003310548 |
| Ripley v. Piehl, 700 N.W.2d 540 | 366+38 | Equitable subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. | "Can equitable subrogation be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties?" | 043940.docx | LEGALEASE-00121282-LEGALEASE-00121283 |
| Cunningham v. Fleetwood Homes of Georgia, 253 F.3d 611 | 25T+151 | Agreements to arbitrate are essentially forum-selection clauses, and by agreeing to arbitrate statutory claim, party does not forgo substantive rights afforded by statute; it only submits to their resolution in arbitral, rather than judicial, forum. | Does a party forgo their substantive rights afforded by statute when agreeing to arbitrate a statutory claim? | 007058.docx | LEGALEASE-00122402-LEGALEASE-00122403 |
| Baucom v. Friend, 52 A.2d 123 | 8.30E+186 | Marginal notations or memoranda, placed on bill or note at time of execution with intention of making them part of the contract, constitute part thereof and must be considered along with body of the instrument in arriving at parties' true intent. | Do memoranda or marginal notations on a bill or note become a substantive part of the instrument? | 009499.docx | LEGALEASE-00122253-LEGALEASE-00122254 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Weidner v. Sanchez, 14 S.W.3d 353 | 307A+3 | A "motion in limine" is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. | "Is a motion in limine a procedural device that allows parties to identify, prior to trial, certain evidentiary rulings the court may be asked to make?" | 024236.docx | LEGALEASE-00121870-LEGALEASE-00121871 |
| Garrity v. Rural Mut. Ins. Co., 77 Wis. 2d 537 | 366+11 | Subrogation rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer. | "Should equity generally grant that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he or she has paid, and be subject to the defenses of the wrongdoer?" | Subrogation - Memo # 735 - C - SU.docx | ROSS-003284058-ROSS-003284059 |
| Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C., 237 S.W.3d 141 | 241+43 | The accrual rule means that the limitations period does not even begin to run until the cause of action accrues; until that time, no cause of action yet exists, meaning a lawsuit would be premature and should be dismissed. | Does the accrual rule mean that the limitations period does not even begin to run until the cause of action accrues? | Action - Memo #  91 - C - NO.docx | ROSS-003310219-ROSS-003310220 |
| Cobb v. City of Stockton, 192 Cal. App. 4th 65 | 241+43 | Generally, a cause of action accrues and the statute of limitation begins to run when a suit may be maintained; ordinarily this is when the wrongful act is done and the obligation or the liability arises, but it does not accrue until the party owning it is entitled to begin and prosecute an action thereon. | Does a claim accrue when a wrongful act is done and the obligation or the liability arise? | Action - Memo #  98 - C - NO.docx | ROSS-003297611-ROSS-003297612 |
| Adamson v. Innovative Real Estate, 284 S.W.3d 721 | 13+61 | A claim matures or accrues when the damage sustained is capable of ascertainment, there exists the right of the injured party to bring and maintain a claim in a court of law, and it is within claimant's power to prosecute a suit to successful judgment. | Does a cause of action or claim mature or accrue when the damage sustained is capable of ascertainment? | 05188.docx | LEGALEASE-00084921-LEGALEASE-00084922 |
| Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75 | 221+342 | Under the act of state doctrine, it is not sufficient that a court's factual findings would impugn the foreign state's actions; the claims must call for the invalidation of those actions. | "Under the act of state doctrine, is it not sufficient that a court's factual findings would impugn the foreign state's actions or should the claims call for the invalidation of those actions?" | International Law - Memo # 104 - C - LK.docx | ROSS-003324476-ROSS-003324477 |
| Yousuf v. Samantar, 552 F.3d 371 | 221+152 | A foreign official or former head-of-state may not assert foreign official immunity for private acts that are not arguably attributable to the state, such as drug possession or fraud. | "May a foreign official or former head-of-state assert foreign official immunity for private acts that are not arguably attributable to the state, such as drug possession or fraud?" | 019688.docx | LEGALEASE-00123673-LEGALEASE-00123674 |
| BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 195 F. Supp. 3d 776 | 221+330 | The same principles underlying territorial jurisdiction occasionally permit a state to address conduct causing harmful effects across national borders. | Do the same principles underlying territorial jurisdiction permit a state to address conduct causing harmful effects across national borders? | 019701.docx | LEGALEASE-00123723-LEGALEASE-00123724 |
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | "Under the act of state doctrine, must federal and state courts in the United States presume the validity of an official act of a foreign sovereign performed within its own territory?" | 019709.docx | LEGALEASE-00123764-LEGALEASE-00123765 |
| Voda v. Cordis Corp., 476 F.3d 887 | 221+342 | As a principle of decision binding on federal and state courts alike, the act of state doctrine requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | Is there a principle of decision that is binding on federal and state courts alike related to the act of state doctrine? | International Law - Memo # 95 - C - LK.docx | ROSS-003284212-ROSS-003284213 |
| Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | A decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of distinctly sovereign act and formal governmental action concerning internal affairs that triggers the act of state doctrine's and international comity's traditional concerns. | "Under the act of state doctrine, is it not sufficient that a court's factual findings would impugn the foreign state's actions or should the claims call for the invalidation of those actions?" | International Law - Memo # 144 - C - SA.docx | LEGALEASE-00013072-LEGALEASE-00013073 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Von Saher v. Norton Simon Museum of Art at Pasadena, 754 F.3d 712 | 221+342 | The act within its own boundaries of one sovereign state cannot become the subject of re-examination and modification in the courts of another; such action when shown to have been taken, becomes, a rule of decision for the courts of the United States. | Can an act within the boundaries of one sovereign state become the subject of re-examination and modification in the courts of another state? | International Law - Memo # 174 - C - PHS.docx | ROSS-003311339-ROSS-003311340 |
| Von Saher v. Norton Simon Museum of Art at Pasadena, 754 F.3d 712 | 221+342 | The act of state doctrine is not inflexible and all-encompassing, nor is it some vague doctrine of abstention, but it is a principle of decision binding on federal and state courts alike; the justification for invoking the act of state doctrine depends greatly on the importance of the issue's implications for foreign policy. | Is the act of state doctrine binding on federal and state courts alike? | 019984.docx | LEGALEASE-00123187-LEGALEASE-00123188 |
| United States v. Pena, 684 F.3d 1137 | 221+136 | The jurisdiction of the nation within its own territory is necessarily exclusive and absolute; all exceptions, therefore, to the full and complete power of a nation within its own territories, must be traced up to the consent of the nation itself. | Is jurisdiction of a nation within its own territory necessarily exclusive and absolute and must all exceptions to the full and complete power of a nation within its own territories need to be traced up to the consent of the nation itself? | International Law - Memo # 2 - C - LK.docx | ROSS-003324581-ROSS-003324583 |
| Doe v. Roman Catholic Diocese of Galveston-Houston, 408 F. Supp. 2d 272 | 221+151 | Although not every case impacting foreign affairs is nonjusticiable, cases involving foreign heads of state are routinely found nonjusticiable or justiciable but subject to absolute immunity for the foreign heads of state. | "Although not every case impacting foreign affairs is nonjusticiable, are cases involving foreign heads of state routinely found nonjusticiable or justiciable?" | International Law - Memo # 259 - C - ANC.docx | ROSS-003284301-ROSS-003284303 |
| Honduras Aircraft Registry Ltd. v. Gov't of Honduras, 883 F. Supp. 685 | 221+342 | "Act of state" doctrine does not limit courts' jurisdiction as Foreign Sovereign Immunities does; rather doctrine is flexibly designed to avoid judicial action in sensitive areas. 28 U.S.C.A. S 1602 et seq. | Does the act of state doctrine limit courts' jurisdiction as a Foreign Sovereign Immunities does and flexibly designed to avoid judicial action in sensitive areas? | 020227.docx | LEGALEASE-00123696-LEGALEASE-00123698 |
| Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California, 130 F.3d 1342 | 221+342 | Under current view of act of state doctrine, action will be barred only if (1) there is official act of foreign sovereign performed within its own territory, and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | "Under current view of the act of state doctrine, when will an action be barred?" | 020394.docx | LEGALEASE-00123762-LEGALEASE-00123763 |
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 221+342 | "Act of state doctrine" prevents United States courts from inquiring into the validity of the public acts of a recognized sovereign power committed within its own territory. | Does the act of state doctrine prevent United States courts from inquiring into the validity of the public acts of a recognized sovereign power committed within its own territory? | 020495.docx | LEGALEASE-00123632-LEGALEASE-00123634 |
| United States v. Louisiana, 394 U.S. 11 | 221+137 | Inland waters are subject to complete sovereignty of nation, as much as if they were part of its land territory, and coastal nation has privilege even to exclude foreign vessels altogether. | Are inland waters subject to complete sovereignty of a nation and do coastal nations have privilege to exclude foreign vessels altogether? | 020682.docx | LEGALEASE-00123334-LEGALEASE-00123335 |
| Transamerica Leasing v. La Republica de Venezuela, 200 F.3d 843 | 221+342 | The "act of state" is a substantive rule of law that precludes the district court from inquiring into the legality of a sovereign's public acts; it is not strictly an immunity from suit. | Is the act of state doctrine a substantive rule of law that precludes the district court from inquiring into the legality of a sovereign's public acts? | International Law - Memo 535 - TH.docx | ROSS-003283785-ROSS-003283786 |
| One Bluff Drive v. K.A.P., 330 Ga. App. 45 | 307A+3 | By its very nature, grant of motion in limine excluding evidence suggests that there is no circumstance under which evidence under scrutiny is likely to be admissible at trial, and in light of that absolute, grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | Should motions in limine only be granted with great care and when there is no circumstance under which the evidence at issue could be admissible at trial? | Pretrial Procedure - Memo # 219 - C - CRB.docx | ROSS-003285046-ROSS-003285047 |
| Krengiel v. Lissner Corp., 250 Ill. App. 3d 288 | 30+204(1) | Party whose motion in limine has been denied must object when the challenged evidence is presented at trial in order to preserve issue for review, and failure to raise such objection constitutes waiver of issue on appeal. | Does the failure to raise an objection to a motion in limine constitute a waiver of the issue on appeal? | 05697.docx | LEGALEASE-00085009-LEGALEASE-00085010 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Defiance v. Kretz, 60 Ohio St. 3d 1 | 110+632(4) | Motion in limine is tentative and precautionary in nature and trial court is at liberty to change its ruling on disputed evidence in its actual context at trial; finality does not attach when motion is granted. | "Does a ruling on a motion in limine reflect the trial court's anticipated treatment of an evidentiary issue at trial, and is it a tentative, interlocutory, and precautionary ruling that may change in the actual context of the trial on the disputed evidence?" | Pretrial Procedure - Memo # 319 - C - ANC.docx | ROSS-003298037-ROSS-003298038 |
| Choate v. Natvig, 952 S.W.2d 730 | 307A+3 | Granting motion in limine is interlocutory ruling only, and additional information produced at trial may prompt trial court to alter its pretrial ruling and admit evidence. | "Is granting a motion in limine only interlocutory, and may additional information produced at trial prompt a trial court to alter its pretrial ruling and admit the evidence?" | Pretrial Procedure - Memo # 327 - C - ANC.docx | ROSS-003302944-ROSS-003302945 |
| Montz v. Hill-Mont Land Co., 329 N.W.2d 657 | 307A+2 | If the pleadings reveal fact issues with respect to law points, disposition under rule governing adjudication of law points is inappropriate unless the parties stipulate the facts. Rules Civ.Proc., Rule 105. | "If the pleadings reveal fact issues with respect to the law points, is a disposition under the rule governing adjudication of law points inappropriate unless the parties stipulate to the facts?" | Pretrial Procedure - Memo # 494 - C - LK.docx | ROSS-003289814-ROSS-003289816 |
| Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | What limits are placed on the Courts discretion with respect to the admission and exclusion of evidence in ruling on motions in limine? | 041146.docx | LEGALEASE-00124050-LEGALEASE-00124051 |
| Great Am. Ins. Co. v. Louis Lesser Enterprises, 353 F.2d 997 | 13+61 | Generally, cause of action is deemed to have accrued when facts exist which enable one party to maintain action against another, or at time when party owning cause of action has legal right to sue thereon. | Does a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another? | 005811.docx | LEGALEASE-00124865-LEGALEASE-00124866 |
| Fairholme Funds v. United States, 132 Fed. Cl. 49 | 27+1 | In deciding whether to allow participation by amici curiae, Court of Federal Claims considers whether movants might have a perspective that would be helpful to the court or otherwise provide information and argument that would illuminate the issues in the case. | What does the Court of Federal Claims consider in deciding whether to allow participation by amici curiae? | Amicus Curiae - Memo 8 - JS.docx | LEGALEASE-00014227-LEGALEASE-00014228 |
| United States v. Redzic, 627 F.3d 683 | 63+1(1) | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. 18 U.S.C.A. S 666(a)(2). | Must the Government present evidence of a quid pro quo to prove the payment of an illegal bribe? | Bribery - Memo 8 - TH.docx | ROSS-003323819-ROSS-003323821 |
| James Square Assocs. LP v. Mullen, 21 N.Y.3d 233 | 148+295 | A party challenging governmental action as an unconstitutional taking bears a substantial burden, and evaluating whether an action is a taking requires a court to consider the economic impact of the regulation, its interference with reasonable investment backed expectations, and the character of the governmental action. U.S.C.A. Const.Amend. 5. | Does the plaintiff bear a substantial burden of proving that government action inflicts an unconstitutional taking? | 017508.docx | LEGALEASE-00125355-LEGALEASE-00125356 |
| Meek v. Smith, 7 S.W.3d 297 | 148+271 | If government appropriates property without paying adequate compensation, owner may recover resulting damages in inverse condemnation suit. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Const. Art. 1, SS 17, 19. | "Can the owner recover, the resulting damages in an inverse condemnation suit, if the government appropriates property without paying adequate compensation?" | Eminent Domain - Memo 241 - GP.docx | ROSS-003284195-ROSS-003284196 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Yousuf v. Samantar, 552 F.3d 371 | 221+152 | Unlike private acts that do not come within the scope of foreign official immunity, jus cogens violations may well be committed under color of law and, in that sense, constitute acts performed in the course of the foreign official's employment by the Sovereign; however, as a matter of international and domestic law, jus cogens violations are, by definition, acts that are not officially authorized by the Sovereign. | Can jus cogens violations be committed under color of law? | 019690.docx | LEGALEASE-00125174-LEGALEASE-00125175 |
| Nn aka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17 | 221+342 | When act of state doctrine applies, it serves as a rule of decision requiring that such official acts shall be deemed valid in the process of deciding a case. | "When act of state doctrine applies, does it serve as a rule of decision requiring that such official acts shall be deemed valid in the process of deciding a case?" | International Law - Memo # 294 - C - ES.docx | ROSS-003327558-ROSS-003327560 |
| Drexel Burnham Lambert Grp. Inc. v. Galadari, 610 F. Supp. 114 | 221+342 | Act of state doctrine focuses on balance of power between three branches of United States government, and in particular the danger that judiciary might interfere with the dominant role of executive branch in the conduct of foreign affairs. | Does the act of state doctrine focus on the balance of power between the three branches of the United States government? | 020420.docx | LEGALEASE-00124785-LEGALEASE-00124787 |
| United States v. Brodie, 174 F. Supp. 2d 294 | 29T+945 | To maintain a foreign sovereign compulsion defense to charged antitrust violation, a party must show that: (1) the behavior violating American law was actually compelled by the foreign government; and (2) the foreign order was "basic and fundamental" to the alleged behavior and not just peripheral to the illegal course of conduct. | Does the foreign compulsion defense shield from liability the acts of parties carried out in obedience to mandate of foreign government? | International Law - Memo # 495 - C - NE.docx | LEGALEASE-00014561-LEGALEASE-00014562 |
| Mannington Mills v. Congoleum Corp., 595 F.2d 1287 | 221+358 | Granting of patents per se, in substance, ministerial activity, was not kind of governmental action contemplated by act of state doctrine or its correlative, foreign compulsion; thus, act of state defense did not support dismissal of complaint in antitrust action alleging fraud in obtaining of foreign patents and did not apply to patents issued in foreign countries. | "Is the granting of patents per se the kind of governmental action contemplated by the act of state doctrine or its correlative, foreign compulsion?" | 020502.docx | LEGALEASE-00124648-LEGALEASE-00124649 |
| Gen. Aircraft Corp. v. Air Am., 482 F. Supp. 3 | 221+342 | "Act of State Doctrine" precludes courts of United States from inquiring into validity of public acts recognized foreign sovereign power commits within its own territory, and the doctrine focuses on both competency and desirability of judicial inquiry into either validity or motivation of actions taken by foreign states on their own soil. | Does the Act of State Doctrine focus on both competency and desirability of judicial inquiry into either validity or motivation of actions taken by foreign states on their own soil? | International Law - Memo # 557 - C - SA.docx | ROSS-003284628-ROSS-003284630 |
| Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209 | 221+342 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "Does the act of state doctrine preclude American courts from inquiring into the validity of the public acts of a recognized foreign sovereign committed on the sovereign's own soil, whether or not the acts conformed to sovereign's own laws?" | 020513.docx | LEGALEASE-00124476-LEGALEASE-00124477 |
| United States v. Evans, 667 F. Supp. 974 | 221+332 | Under protective principle of extraterritorial jurisdiction recognized under international law, jurisdiction may be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty. | "Under protective principle of extraterritorial jurisdiction recognized under international law, can jurisdiction be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty?" | 020637.docx | LEGALEASE-00125091-LEGALEASE-00125092 |
| Warfaa v. Ali, 33 F. Supp. 3d 653 | 221+342 | A plaintiff's claim may be barred under the act of state doctrine to the extent that it challenges: (1) an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed would require a court in the United States to declare invalid the foreign sovereign's official act. | When does the act of state doctrine apply to a plaintiffs claims? | 020763.docx | LEGALEASE-00124315-LEGALEASE-00124316 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Villoldo v. Castro Ruz, 113 F. Supp. 3d 435 | 221+342 | Under the "act of state doctrine," courts in the United States are precluded from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the Act of state doctrine limit courts in United States from inquiring into validity of recognized foreign sovereign's public acts committed within its own territory? | 020960.docx | LEGALEASE-00124535-LEGALEASE-00124537 |
| Agnew v. Shaw, 355 Ill. App. 3d 981 | 307A+3 | Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence; generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, so long as the trial court exercises its discretion within the bounds of the law. | What inherent power of the trial court are motions in limine addressed to? | 036845.docx | LEGALEASE-00125080-LEGALEASE-00125081 |
| Greer v. Buzgheia, 141 Cal. App. 4th 1150 | 307A+3 | The purpose of a motion in limine is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to "unring the bell." | "Is the purpose of a motion in limine to avoid the unfairness of objectionable evidence to the jury, and the obviously futile attempt to ""unring the bell""?" | Pretrial Procedure - Memo # 924 - C - TJ.docx | ROSS-003310539 |
| PacifiCorp v. Pub. Serv. Comm'n of Wyo., 103 P.3d 862 | 317A+111 | The Public Service Commission (PSC) required to give paramount consideration to the public interest in exercising its statutory powers to regulate and supervise public utilities; the desires of the utility are secondary. | Is the Public Service Commission (PSC) required to give paramount consideration to the public interest in exercising its powers to regulate public utilities? | 042267.docx | LEGALEASE-00124312-LEGALEASE-00124314 |
| Gary Phillips & Assoc. v. Ameritech Corp., 144 Ohio App. 3d 149 | 317A+111 | While public utilities are subject to pervasive regulation, and while the Public Utilities Commission (PUCO) is vested with sweeping oversight, such authority is not all-encompassing, nor does it in any manner diminish the jurisdiction of the court of common pleas in other areas of possible claims against public utilities. | Is the authority of the Public Utilities Commission (PUCO) over public utilities subject to pervasive regulation all-encompassing? | 042273.docx | LEGALEASE-00124565-LEGALEASE-00124566 |
| Modesto City Sch. v. Educ. Audits Appeal Panel, 123 Cal. App. 4th 1365 | 15A+1296 | To be deemed an underground regulation, which would be invalid because it was not adopted in substantial compliance with the procedures of the Administrative Procedure Act (APA), the agency must intend it to apply generally rather than in a specific case, and the agency must adopt it to implement, interpret, or make specific the law enforced by the agency. West's Ann.Cal.Gov.Code S 11340 et seq. | "What is an underground regulation, and what requirements must it meet?" | Agriculture - Memo 29 - SB.docx | ROSS-003286405-ROSS-003286406 |
| Modesto City Sch. v. Educ. Audits Appeal Panel, 123 Cal. App. 4th 1365 | 15A+1296 | To be deemed an underground regulation, which would be invalid because it was not adopted in substantial compliance with the procedures of the Administrative Procedure Act (APA), the agency must intend it to apply generally rather than in a specific case, and the agency must adopt it to implement, interpret, or make specific the law enforced by the agency. West's Ann.Cal.Gov.Code S 11340 et seq. | "What is an underground regulation, and what requirements must it meet?" | 006741.docx | LEGALEASE-00125822-LEGALEASE-00125823 |
| Jamgotchian v. Slender, 170 Cal. App. 4th 1384 | 386+6 | The tort of trespass to chattels allows recovery for interferences with possession of personal property not sufficiently important to be classed as conversion, and so to compel the defendant to pay the full value of the thing with which he has interfered. | Can there be a recovery for interferences with possession of personal property not sufficiently important to be classed as conversion? | 047179.docx | LEGALEASE-00125780-LEGALEASE-00125781 |
| In re Jetblue Airways Corp. Privacy Litig., 379 F. Supp. 2d 299 | 386+6 | To state a claim for trespass to chattels under New York law, plaintiffs must establish that defendants intentionally, and without justification or consent, physically interfered with the use and enjoyment of personal property in plaintiffs' possession, and that plaintiffs were thereby harmed. | What must a plaintiff prove to succeed on a claim for trespass to chattels? | Trespass - Memo 167 - RK.docx | ROSS-003299868-ROSS-003299869 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Gee, 432 F.3d 713 | 63+1(1) | A quid pro quo of money for a specific legislative act is sufficient to violate statute barring theft or bribery concerning programs receiving federal funds, but it is not necessary. 18 U.S.C.A. S 666(a)(1)(B). | Is a quid pro quo of money for a specific legislative act sufficient to violate statute barring theft or bribery concerning programs receiving federal funds? | Bribery - Memo # 33 - C-NA.docx | LEGALEASE-00015872-LEGALEASE-00015873 |
| Pittsburgh-Corning Corp. v. Askewe, 823 S.W.2d 759 | 221+342 | "Act of State doctrine" prevents courts of the United States, both federal and state, from inquiring into validity of governmental acts of recognized foreign sovereign committed within its own territory. | Does the act of state doctrine prevent courts from inquiring into the validity of governmental acts of recognized foreign sovereign committed within its own territory? | International Law - Memo # 376 - C - SB.docx | ROSS-003317175-ROSS-003317176 |
| United States v. Evans, 667 F. Supp. 974 | 221+332 | Under protective principle of extraterritorial jurisdiction recognized under international law, jurisdiction may be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty. | "Under the protective principle of extraterritorial jurisdiction recognized under international law, can jurisdiction be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty?" | 020639.docx | LEGALEASE-00126062-LEGALEASE-00126063 |
| United States v. Campbell, 798 F. Supp. 2d 293 | 221+329 | International law imposes limits on the extraterritorial jurisdiction that a domestic court may exercise, and it generally recognizes five theories of jurisdiction, the objective territorial, national, passive, protective and universal. | Does international law impose limits on the extraterritorial jurisdiction that a domestic court may exercise? | 020676.docx | LEGALEASE-00126006-LEGALEASE-00126007 |
| Ball v. Rao, 48 S.W.3d 332 | 30+3209 | The imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court, and the court of appeals will not reverse such sanctions absent a clear abuse of discretion. | "If the imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court, will the court of appeals reverse such sanctions absent a clear abuse of discretion?" | Pretrial Procedure - Memo # 896 - C - VA.docx | ROSS-003325667-ROSS-003325668 |
| Forest City v. City of Oregon, 569 S.W.2d 330 | 268+619 | Where no administrative body has jurisdiction of regulation, courts do have an equitable jurisdiction to prevent a municipality from enforcing public utility charges which are clearly, palpably and grossly unreasonable; however, such principle applies only when city is acting in nature of a public utility and a city does so only to extent that it supplies utility service to its own inhabitants, as to nonresidents, municipality owes no duty of service, sells in purely private capacity on purely contractual basis and cannot be regulated as to rates charged. V.A.M.S. SS 91.050, 91.060. | Do the courts have an equitable jurisdiction to prevent a municipality from enforcing public utility charges that are palpably and grossly unreasonable? | 042381.docx | LEGALEASE-00126330-LEGALEASE-00126331 |
| Neal v. Bullock, 538 N.E.2d 308 | 115+110 | Measure of damages in case of injury to real estate depends upon determination of whether injury is permanent or temporary; "permanent injury" is one in which cost of restoration of property to its preinjury condition exceeds market value of real estate prior to injury, whereas "temporary injury" is one which is not defined as permanent. | What would be the measure of damages in case of a permanent injury of real estate? | Action - Memo # 290 - C - SHB.docx | ROSS-003285760 |
| Kings Mountain Bd. of Educ. v. N. Carolina State Bd. of Educ., 159 N.C. App. 568 | 316P+232(1) | De facto status arises where a person assumes office under color of authority or where one exercises the duties of the office so long or under such circumstances as to raise a presumption of his right; a de facto officer's necessary official acts are valid as to the public and third persons, but he may be ousted by a direct proceeding. | When does a de facto status arise? | 013409.docx | LEGALEASE-00126377-LEGALEASE-00126378 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Liberman v. Cervantes, 511 S.W.2d 835 | 326+326(1) | Photographs, which ordinance required pawnbrokers to make of customers and pawn tickets, were not private papers or records but were public or quasi public in character and, therefore, under city's police power to regulate that type of business, were subject to inspection without a showing that items in question had been stolen or that there was probable cause to believe that the law had been violated. | Are public or quasi-public records subject to inspection? | 019485.docx | LEGALEASE-00126466-LEGALEASE-00126468 |
| Com., Dep't of Envtl. Res. v. Fiore, 88 Pa. Cmwlth. 418 | 216+5 | The law which grants authority to conduct warrantless administrative inspections of commercial property must also necessarily provide a predictable scheme of inspection which will be sufficiently certain and regular so that it will provide inadequate substitute for a warrant. U.S.C.A. Const.Amend. 4. | Is it necessary that the law which grants authority to conduct warrantless inspections must also necessarily provide a predictable scheme of inspection? | Inspection - Memo 38 - BP.docx | LEGALEASE-00016594-LEGALEASE-00016595 |
| S. Bell v. MacDonald, 671 So. 2d 207 | 413+396 | Once employer has knowledge of employee's injury, employer is under continuing obligation to place needed workers' compensation benefits in hands of the injured employee and this obligation cannot be met unless employer informs employee of the benefits to which he is entitled. | "Once an employer has knowledge of an employees injury, is the employer under a continuing obligation to place needed benefits in the hands of the injured employee, and is this obligation met when the employer informs employee of the benefits he is entitled?" | 048465.docx | LEGALEASE-00126820-LEGALEASE-00126821 |
| Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65 | 221+330 | Under general principles of international law, tribunal may prescribe laws with respect to conduct outside its territory that has or is intended to have substantial effects within the territory, and where court may prescribe, it may also enforce. Restatement (Third) of the Foreign Relations Law of the United States SS 402, 402(c), 403, 431(1). | "Under general principles of international law, can a tribunal prescribe laws with respect to conduct outside its territory that has or is intended to have substantial effects within the territory?" | International Law - Memo # 1029 - C - BP.docx | ROSS-003290180-ROSS-003290181 |
| H & M Hennes & Mauritz LP v. Skanska USA Bldg., 617 F. Supp. 2d 152 | 366+35 | Waiver of subrogation provision is viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance, and enforcement of such a provision is not precluded by New York law. N.Y.McKinney's General Obligations Law S 5-321. | Is the waiver of subrogation provision viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance? | 043579.docx | LEGALEASE-00127197-LEGALEASE-00127198 |
| Mem'l Hosp. v. Heckler, 706 F.2d 1130 | 13+65 | A court should apply the law in effect at time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | Should a court apply the law in effect at time it renders its decision unless doing so would result in manifest injustice? | 005948.docx | LEGALEASE-00127919-LEGALEASE-00127920 |
| Log Cabin Republicans v. United States, 716 F. Supp. 2d 884 | 92+1186 | Review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society. U.S.C.A. Const.Amend. 1. | Is the review of military regulations challenged on First Amendment grounds more deferential than constitutional review of similar laws or regulations designed for civilian society? | Armed Forces - Memo 3 - RK.docx | ROSS-003285913-ROSS-003285914 |
| H & M Hennes & Mauritz LP v. Skanska USA Bldg., 617 F. Supp. 2d 152 | 366+35 | Waiver of subrogation provision is viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance, and enforcement of such a provision is not precluded by New York law. N.Y.McKinney's General Obligations Law S 5-321. | Is the waiver of subrogation provision viewed as a device by which the parties merely    allocate the risk of liability between themselves to third parties through insurance? | 043528.docx | LEGALEASE-00127698-LEGALEASE-00127699 |
| Parra v. Larchmont Farms, 932 S.W.2d 68 | 413+1103 | Worker's compensation is security system, rather than double or nothing gambling game, and doctrine of election requires successful selection of inconsistent remedies. | "Is workers compensation a security system, rather than a gambling game, and does the doctrine of election require successful selection of inconsistent remedies?" | 048469.docx | LEGALEASE-00127360-LEGALEASE-00127361 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Franch v. Ankney, 341 Md. 350 | 413+6 | Under Workers' Compensation Act, employer is generally required to pay workers' compensation benefits to employee who suffers accidental personal injury in course of employment, regardless of whether employer is at fault for injury. Code, Labor and Employment, S 9-501. | "When an employee suffers an injury or occupational illness in the course of his or her employment, is the employer required to pay compensation under the terms of the Workers Compensation Act?" | 048500.docx | LEGALEASE-00127492-LEGALEASE-00127494 |
| Tatum v. Townsend, 61 A.2d 478 | 13+65 | Rights of parties and status and condition of plaintiff's claim are to be tested by the facts as they existed on the day suit was filed and not by what developed or what plaintiff was able to accomplish between the filing date and the time claim was filed. | Are the rights of parties and status and condition of plaintiffs claim to be tested by the facts as they existed on the day suit were filed? | 006144.docx | LEGALEASE-00128491-LEGALEASE-00128492 |
| Bigger v. City of Pontiac, 390 Mich. 1 | 13+63 | Where plaintiff fails to resort to courts without delay, within context of time available for adjudication, in cases where absolute time limits must be observed because of nature of subject matter of suit, courts may refuse to entertain case. | Will the courts refuse to entertain the case if the plaintiff fails to resort to the courts without delay within the context of the time available for adjudication? | 006326.docx | LEGALEASE-00128118-LEGALEASE-00128119 |
| Stern v. Marshall, 471 S.W.3d 498 | 307A+501 | Under the civil procedure rule governing a plaintiff's right to nonsuit, a claim for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action. Tex. R. Civ. P. 162. | Should a claim for affirmative relief allege a cause of action independent of the plaintiff's claim on which the claimant could recover compensation or relief? | 039091.docx | LEGALEASE-00128429-LEGALEASE-00128430 |
| In re Conservatory of Martha P., 117 Cal. App. 4th 857 | 307A+501 | The right to voluntarily dismiss an action or special proceeding before the commencement of trial is not absolute, as statute recognizes exceptions, and other limitations have evolved through the courts' construction of the term "commencement of trial." West's Ann.Cal.C.C.P. S 581(b)(1). | "Is the right to voluntarily dismiss an action or special proceeding before the commencement of trial not absolute, as the statutes recognize exceptions?" | Pretrial Procedure - Memo # 998 - C - SN.docx | ROSS-003300352-ROSS-003300353 |
| Viacom Int'l v. Midtown Realty Co., 193 A.D.2d 45 | 366+35 | Waiver of subrogation provision in lease negotiated between two sophisticated parties in arm's length transaction will not be enforced to impose restriction on subrogee's rights beyond plain meaning of waiver provision. | Will a waiver of subrogation provision in a lease negotiated between two sophisticated parties in arm's length transaction be enforced to impose restriction on a subrogee's rights beyond the plain meaning of a waiver provision? | Subrogation - Memo # 1093 - C - VP.docx | ROSS-003285353-ROSS-003285355 |
| Thomas v. Holmes, 142 Iowa 288 | 13+63 | Mere delay in bringing an action at law is not a bar, unless it covers the statutory period, and unless the doctrine of estoppel may be successfully invoked. | "Is a mere delay in bringing an action at law a bar, unless it covers the statutory period, and unless the doctrine of estoppel may be successfully invoked?" | 006187.docx | LEGALEASE-00128747-LEGALEASE-00128748 |
| Keller v. Reynard, 140 Ind. App. 468 | 1.41E+13 | Under the state Constitution, the general assembly has the sole power to determine how and by what instrumentalities common school systems shall be administered and carried into effect. Const. art. 8, S 1. | "Under the State Constitution, does the general assembly have the sole power to determine how and by what instrumentalities common school systems shall be administered and carried into effect?" | 016934.docx | LEGALEASE-00128791-LEGALEASE-00128792 |
| Alabama Youth Servs. Bd. v. Ellis, 350 So. 2d 405 | 401+5.1 | Pursuant to section providing for venue in county where real estate is located if real estate be subject matter of the suit, "subject matter" refers to nature of cause of action and of relief sought and allegation that one of parties owned real estate or has substantial rights in real estate which are dependent upon settlement of the controversy is not enough to make real estate the "subject matter" of the suit. Rules of Civil Procedure, rule 82(c); Code of Ala., Tit. 7, S 294. | Are mere allegations that a party owns real estate or has substantial rights in real estate enough to make real estate the subject matter of an action? | Venue - Memo 104 - RK.docx | ROSS-003302014-ROSS-003302015 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bertram v. Beneficial Consumer Disc. Co., 286 F. Supp. 2d 453 | 25T+140 | Declaration that contract is void nullifies all aspects of agreement, including an embedded arbitration clause, giving neither party the power to ratify or disaffirm its provisions. Restatement (Second) of Contracts S 7 comment. | Does a declaration that a contract is void nullify all aspects of an agreement including an embedded arbitration clause? | Alternative Dispute Resolution - Memo 496 - RK.docx | LEGALEASE-00018998-LEGALEASE-00018999 |
| Serv. Experts v. Northside Air Conditioning & Elec. Serv., 56 So. 3d 26 | 307A+501 | There are limited exceptions to a plaintiff's absolute right to take a voluntary dismissal as a matter of right before a hearing on motion for summary judgment or submission of the case to the trier of fact: (1) if there is fraud on the court; (2) if the defendant can establish the common law exception to the right of voluntary dismissal; or (3) if the plaintiff dismisses the case at a stage which is deemed the equivalent of a summary judgment. West's F.S.A. RCP Rule 1.420(a). | Are there any exceptions to a plaintiff's absolute right to take a voluntary dismissal as a matter of right? | Pretrial Procedure - Memo # 1001 - C - SK.docx | ROSS-003328097-ROSS-003328098 |
| Willetts v. Browning, 198 A.D. 551 | 307A+501 | While plaintiff should generally be given leave to discontinue on the payment of costs and disbursements to the time of making the application, that rule is subject to limitations, and discontinuance should not be permitted where special circumstances render the granting of the relief unjust. | Should the discontinuance of an action be permitted where special circumstances exist which render the granting of the relief unjust or inequitable? | 026211.docx | LEGALEASE-00129311-LEGALEASE-00129312 |
| Renfroe v. Johnson, 142 Tex. 251 | 307A+501 | Privilege given by statute permitting plaintiff to take a nonsuit is not without limitation, since policy of law is to avoid needless litigation. Rev.St.1925, art. 2182. | "Is a privilege given by a statute permitting a plaintiff to take a nonsuit without limitation, since the policy of law is to avoid needless litigation?" | Pretrial Procedure - Memo # 1306 - C-BP.docx | ROSS-003287737-ROSS-003287738 |
| State ex rel. Toledo Edison Co. v. Clyde, 76 Ohio St. 3d 508 | 317A+114 | Miller Act, which requires municipalities to obtain Public Utilities Commission of Ohio (PUCO) approval before forcing abandonment of nonmunicipal utility facilities or withdrawal of nonmunicipal utility services located inside municipality, and Gilmore Act, which applies to abandonment as to railroads and street railway companies, were specifically enacted to protect existing utility facilities, utility consumers, and their utility providers from forced termination of utility services or removal of nonmunicipal utility facilities without Commission approval. R.C. S 4905.20. | Does the Miller Act focus on protecting the existing utility customers from the termination of the utility services without commission approval? | 042509.docx | LEGALEASE-00129162-LEGALEASE-00129163 |
| Lands Council v. Powell, 395 F.3d 1019 | 149E+577 | Purpose of National Environmental Policy Act (NEPA) is to require disclosure of relevant environmental considerations that were given a "hard look" by the agency, and thereby to permit informed public comment on proposed action and any choices or alternatives that might be pursued with less environmental harm. National Environmental Policy Act of 1969, S 2 et seq., 42 U.S.C.A. S 4321 et seq. | Does NEPA require disclosure of relevant information? | 047633.docx | LEGALEASE-00129147-LEGALEASE-00129148 |
| Chomski v. Alston Cab Co., 32 A.D.2d 627 | 307A+742.1 | Justice at pretrial term should act as a catalyst in bringing parties together to a fair settlement, and to that end should evince all reasonable exhortation, guidance and direction, eschewing however undue pressure or any coercive measures, no matter how subtly applied. | How should the Justice at a pretrial term should act? | Pretrial Procedure - Memo # 1381 - C - MS.docx | ROSS-003287777-ROSS-003287778 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Connell v. State Highway Comm'n, 192 Kan. 371 | 388+9(1) | Primary purpose of pretrial procedure is to define issues and eliminate those that are unnecessary, avoid necessity of proof of purely formal matters that should be admitted, expedite trial, avoid surprise, consider and identify exhibits and documentary evidence, and amend pleadings to conform to issues as defined. | What is the primary purpose of pre-trial procedure? | Pretrial Procedure - Memo # 1543 - C - SN.docx | ROSS-003287116-ROSS-003287117 |
| Cockrell v. Garton, 244 Neb. 359 | 307A+742.1 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end litigants must adhere to spirit of pre-trial procedure and are bound by pretrial order to which no exception has been taken. | To what end must litigants adhere to spirit of pre-trial procedure? | Pretrial Procedure - Memo # 1555 - C - CK.docx | ROSS-003313149-ROSS-003313150 |
| Fry v. Blauvelt, 818 N.W.2d 123 | 30+3193 | Although district courts have discretion in deciding whether to enforce pretrial orders, it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits. | "Is it incumbent upon a reviewing court to scrutinize the exercise of the discretion and to confine the exercise to reasonable limits, in matters of enforcement of pre-trial orders?" | Pretrial Procedure - Memo # 1572 - C - TM.docx | LEGALEASE-00019958-LEGALEASE-00019959 |
| Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546 | 25T+143 | A party seeking to stay proceedings or to compel arbitration under the Federal Arbitration Act (FAA) must demonstrate that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope. 9 U.S.C.A. SS 3, 4. | What must a party seeking to stay proceeding or compel arbitration demonstrate? | 007386.docx | LEGALEASE-00130266-LEGALEASE-00130267 |
| In re Smallwood, 470 Mass. 1018 | 13+3 | Just as there is no private right of action to obtain discipline of an attorney, there is no private right of action to obtain discipline of a judge, although an individual may file a complaint with the Commission on Judicial Conduct and may be a witness in Commission proceedings; complainant is not a party in the Commission proceeding, and nothing in the Commission's rules or elsewhere in the law authorizes an appeal or other judicial review by a private individual from any decision of the Commission. | Does an individual have a private right of action to bring disciplinary action against a court clerk? | 013401.docx | LEGALEASE-00131246-LEGALEASE-00131247 |
| Van Welden v. Ramsay's Inc., 199 Kan. 417 | 307A+747.1 | It is the responsibility of both trial judge and counsel to see that a proper record is made of a pretrial conference and the results properly noted by judgment or order. | Is it the responsibility of both a trial judge and counsel to see that a proper record is made of a pre-trial conference and the results properly noted by judgment or order? | 026759.docx | LEGALEASE-00130295-LEGALEASE-00130296 |
| Shamoun & Norman, LLP v. Hill, 483 S.W.3d 767 | 307A+331 | A duty to preserve evidence is triggered only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | Is a duty to preserve evidence triggered only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim? | 026824.docx | LEGALEASE-00130485-LEGALEASE-00130486 |
| Hadox v. Martin, 209 W. Va. 180 | 307A+749.1 | In formulating appropriate sanction for failure to adhere to time constraints enumerated in pretrial orders, court initially must identify alleged wrongful conduct and determine if it warrants sanction. Rules Civ.Proc., Rule 16(f). | Should a court explain its reasons if it decides a sanction is appropriate for failure to adhere to time constraints enumerated in pretrial orders? | Pretrial Procedure - Memo # 1766 - C - PC.docx | ROSS-003287957-ROSS-003287958 |
| Cooper v. Rosser, 232 Ga. 597 | 307A+750 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | Should a pretrial order be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues? | 027026.docx | LEGALEASE-00130927-LEGALEASE-00130928 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Great Games v. S.C. Dep't of Revenue, 339 S.C. 79 | 371+2001 | The essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. Code 1976, S 12-60-30(27). | "Does the question of whether a particular contribution, charge, or burden is to be regarded as a tax depends on its real nature and not on its designation?" | 044701.docx | LEGALEASE-00130784-LEGALEASE-00130785 |
| Young v. Williams, 47 A.D.3d 1084 | 89+331 | In order to avoid a release on the grounds of fraud, a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish a prima facie case. | Must a party allege every material element of fraud to avoid a release? | 023200.docx | LEGALEASE-00131654-LEGALEASE-00131655 |
| Straub v. Smith, No. 31955, 2006 WL 1982878 | 307A+501 | A voluntary dismissal is a matter of right and does not require the consent or permission of the district court so long as a notice of dismissal or a signed stipulation to dismiss is filed with the district court. Rules Civ.Proc., Rule 41(a)(1). | Is a voluntary dismissal a matter of right and does not require the consent or permission of the district court so long as a notice of dismissal or a signed stipulation to dismiss is filed with the district court? | Pretrial Procedure - Memo # 1489 - C - ES.docx | ROSS-003301069-ROSS-003301070 |
| King v. Special Res. Mgmt., 256 Mont. 367 | 230+136(3) | If district court holds no pretrial conference, question of peremptory challenges should be raised by appropriate written motion filed before voir dire, setting forth all facts and references tending to support claim of hostility among parties on each side sufficient to justify grant of additional peremptory challenges; trial court should rule on peremptory challenges issues before voir dire begins. | Should district courts consider use of pretrial conference as the best procedure to resolve peremptory challenges? | Pretrial Procedure - Memo # 1498 - C - NC.docx | ROSS-003287829-ROSS-003287830 |
| Kleibrink v. Missouri-Kansas-Texas R. Co., 224 Kan. 437 | 307A+749.1 | Generally, pretrial order controls subsequent course of action unless such order is modified at trial to prevent manifest injustice. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | "Generally, does a pretrial order control a subsequent course of action unless such order is modified at trial to prevent manifest injustice?" | 027209.docx | LEGALEASE-00132276-LEGALEASE-00132277 |
| Adams v. Bath & Body Works, 358 Ill. App. 3d 387 | 307A+390 | Even prior to the filing of a strict-products-liability action, a potential litigant owes a duty to take reasonable measures to preserve the integrity of relevant and material evidence. Sup.Ct.Rules, Rule 219(c). | Does a potential litigant owe a duty to take reasonable measures to preserve the integrity of relevant and material evidence prior to the filing of the lawsuit? | Pretrial Procedure - Memo # 1981 - C - SHB.docx | ROSS-003286431-ROSS-003286432 |
| Holiday Queen Land Corp. v. Baker, 489 F.2d 1031 | 170A+1693 | A court exercising its discretion in considering a motion for voluntary dismissal must follow the traditional principle that dismissal should be allowed unless defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit; and it is not a bar that plaintiff may obtain some tactical advantage thereby. Fed.Rules Civ.Proc. rule 41(a)(2), 28 U.S.C.A. | Can voluntary dismissals be allowed without any prejudice to the defendant other than by the mere prospect of a second lawsuit? | 027588.docx | LEGALEASE-00131961-LEGALEASE-00131962 |
| In re Collette's Estate, 122 Vt. 231 | 307A+749.1 | Pre-trial court is considered a part of trial procedure and subsequent course of action is controlled by agreements or admissions made at pretrial conference. | Is the pre-trial court considered a part of the trial procedure and the subsequent course of action is controlled by agreements or admissions made at the pretrial conference? | Pretrial Procedure - Memo # 2290 - C - SK.docx | ROSS-003315100-ROSS-003315101 |
| Robinson v. Boyd, 288 Ga. 53 | 241+130(1) | A renewal suit filed after a voluntary dismissal is deemed an action de novo, in which defenses to the original action are inapplicable, unless they would render the original action void and not just voidable. West's Ga.Code Ann. S 9-2-61(a). | "Is a renewal suit filed after a voluntary dismissal deemed an action de novo, in which defenses to the original action are inapplicable, unless they would render the original action void and not just voidable?" | Pretrial Procedure - Memo # 2314 - C - NS.docx | ROSS-003328459-ROSS-003328460 |
| Bank of Am., N.A. v. Mitchell, 204 Cal. App. 4th 1199 | 307A+517.1 | Upon the proper exercise of the right of voluntary dismissal, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action. West's Ann.Cal.C.C.P. S 581. | "Upon the proper exercise of the right of voluntary dismissal, will a trial court thereafter lack jurisdiction to enter further orders in the dismissed action?" | 027824.docx | LEGALEASE-00131941-LEGALEASE-00131942 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hiers v. Mitchell, 95 Fla. 345 | 371+2001 | "Tax" is enforced contribution of money or other property assessed by reasonable rule or apportionment by authority of sovereign state on persons or property within jurisdiction to defray public expenses. | Is tax an enforced contribution of money or other property on persons or property within its jurisdiction for the purpose of defraying the public expenses? | 044815.docx | LEGALEASE-00131546-LEGALEASE-00131548 |
| Knox v. City of Orland, 4 Cal. 4th 132 | 268+405 | "Special assessment" is a compulsory charge placed by the state upon real property within a predetermined district and made under express legislative authority for deferring in whole or in part the expense of a permanent public improvement therein, whereas a "tax" can be levied without reference to particular benefits to particular individuals or property. | "Is legislative authority essential for a ""special assessment"" made on a public property?" | 044970.docx | LEGALEASE-00132055-LEGALEASE-00132056 |
| Great Games v. S.C. Dep't of Revenue, 339 S.C. 79 | 371+2001 | The essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. Code 1976, S 12-60-30(27). | What is the essential feature of a tax? | 045642.docx | LEGALEASE-00132142-LEGALEASE-00132143 |
| United States v. Rosen, 716 F.3d 691 | 63+1(1) | Once the quid pro quo has been established, to support a federal bribery or honest services fraud conviction, the specific transactions comprising the illegal scheme need not match up this for that. 18 U.S.C.A. SS 666(a)(2), 1346. | "If the quid pro quo has been established, to support a federal bribery or honest services fraud conviction, does each specific transaction comprising the illegal scheme need to be matched?" | 011185.docx | LEGALEASE-00132600-LEGALEASE-00132602 |
| J.P. v. Dist. Court In & For 2nd Judicial Dist. of Denver, 873 P.2d 745 | 307A+45 | Sanction of issue or witness preclusion for discovery violation is severe sanction and should only be invoked if there has been serious misconduct by party seeking modification of pretrial order by endorsement of substitute witness. Rules Civ.Proc., Rule 16. | Should severe discovery sanctions such as issue or witness preclusion be invoked when there has been serious misconduct by party seeking modification of pretrial order? | 027230.docx | LEGALEASE-00132787-LEGALEASE-00132788 |
| State ex rel. Rosen v. Smith, 241 S.W.3d 431 | 307A+517.1 | After plaintiff voluntarily dismisses his suit, the court loses jurisdiction as of the date of dismissal; this is so despite the fact the opposing party had motions pending at the time the dismissal was filed. V.A.M.R. 67.02(a)(2). | "After a plaintiff voluntarily dismisses his suit, does the court lose jurisdiction as of the date of dismissal despite the fact the opposing party had motions pending at the time the dismissal was filed?" | 027981.docx | LEGALEASE-00133095-LEGALEASE-00133096 |
| Harris v. Billings, 16 Cal. App. 4th 1396 | 307A+506.1 | Plaintiff may not dismiss without prejudice when, having failed to answer requests for admissions, all issues in case are deemed admitted in defendant's favor. | "Can a plaintiff dismiss without prejudice when, having failed to answer requests for admissions, all issues in the case are deemed admitted in the defendant's favor?" | 028170.docx | LEGALEASE-00132818-LEGALEASE-00132819 |
| Darr v. Altman, 20 S.W.3d 802 | 307A+475 | A party can establish good cause for failing to return answers to requests for admissions by showing that its failure to answer was accidental or the result of mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2) (Repealed). | "Does a party establish ""good cause"" sufficient to withdraw a deemed admission by showing that the failure to timely respond to the requests for admissions was an accident or mistake, not intentional or the result of conscious indifference?" | 028177.docx | LEGALEASE-00132968-LEGALEASE-00132969 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ramsey v. Criswell, 850 S.W.2d 258 | 307A+486 | Party seeking to have deemed admissions withdrawn has burden to prove good cause for failure to make timely answers, that withdrawal of admissions would not prejudice opposing party, and that presentation of merits would be subserved by withdrawal; requirement of good cause may be established by showing that failure to file was not intentional or in conscious disregard of obligation to timely file answer, and under this standard, even slight excuse for original failure to answer is sufficient. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subds. 1, 2. | "Generally, does the party seeking withdrawal of deemed admissions have the burden to establish good cause?" | Pretrial Procedure - Memo # 2571 - C - ES.docx | ROSS-003301571-ROSS-003301572 |
| Estate of Barksdale ex rel. Farthing v. Duke Univ. Med. Ctr., 175 N.C. App. 102 | 307A+517.1 | Voluntary dismissal of action strips the trial court of authority to enter further orders in the case, except to enter specific orders apportioning and taxing costs. Rules Civ.Proc., Rule 41(a,d), West's N.C.G.S.A. S 1A-1. | "Does voluntary dismissal of an action strip the trial court of authority to enter further orders in the case, except to enter specific orders apportioning and taxing costs?" | 028200.docx | LEGALEASE-00132756-LEGALEASE-00132757 |
| Roberts v. Gen. Motors Corp., 140 N.H. 723 | 307A+517.1 | Trial court can deny plaintiff's motion for voluntary nonsuit without prejudice, and grant nonsuit only with prejudice, if it would be manifestly unjust to defendant to grant plaintiff's request. | "Can a trial court deny a plaintiff's motion for voluntary nonsuit without prejudice, and grant nonsuit only with prejudice, if it would be manifestly unjust to the defendant to grant plaintiff's request?" | 028212.docx | LEGALEASE-00133230-LEGALEASE-00133231 |
| Shaheen v. Cty. Of Mathews, 265 Va. 462 | 307A+486 | In action to affirm easement for river landing on landowners' property in which county was seeking to withdraw default admissions to requests for admissions, first prong of two-part test governing trial court's discretion on withdrawal or amendment of admissions, requiring moving party to demonstrate that withdrawal or amendment will subserve the presentation of the merits of the action, was satisfied, as the admissions viewed as a whole would have resulted in county's admitting away its case; landowners had requested county to admit it had not recorded in land records court order establishing landing and easement, and that there was no index references in the land records reflecting county's interest. Sup.Ct.Rules, Rule 4:11(b). | "In order to satisfy the first prong of the two-part test for withdrawing or amending admissions, must the moving party show that the presentation of the merits of the case will be subserved by allowing the withdrawal or amendment?" | Pretrial Procedure - Memo # 2699 - C - TM.docx | ROSS-003300173-ROSS-003300174 |
| Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 308 | 307A+486 | Prejudice contemplated under rule providing defense against withdrawal of deemed admissions on a showing of prejudice against the opponent of the withdrawal relates to the difficulty a party may face in proving its case because it suddenly needs to obtain evidence to prove a matter that had been deemed admitted. Trial Procedure Rule 36(B). | What does prejudice contemplated under rule providing defense against withdrawal of deemed admissions on a showing of prejudice against the opponent of the withdrawal relate to? | 028607.docx | LEGALEASE-00132956-LEGALEASE-00132957 |
| Jones v. Boswell, 250 S.W.3d 140 | 386+7 | The commission of a trespass to chattel does not necessarily mean that the actor is liable for damages; liability does not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. | Does the commission of a trespass to chattels necessarily mean that the actor is liable for damages? | 047312.docx | LEGALEASE-00133275-LEGALEASE-00133276 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Racine Steel Castings, Div. of Evans Prod. Co. v. Hardy, 139 Wis. 2d 232 | 413+1 | Worker's compensation laws are basically economic regulations by which legislature, as matter of public policy, has balanced competing societal interests; such balance permits worker to recover regardless of his own fault or his employer's absence of fault, and employer's common-law defenses of contributory negligence, assumption of risk, and fellow-servant rule are abrogated, and in exchange, worker is obliged to accept limited and scheduled compensation award. | "Are worker's compensation laws basically economic regulations by which the legislature, as a matter of public policy, has balanced competing societal interests?" | 047743.docx | LEGALEASE-00132562-LEGALEASE-00132563 |
| North Dakota v. United States, 495 U.S. 423 | 34+3(1) | Although military authorities are entitled to judicial deference on questions relating to military discipline and military operations, no special deference to military's interpretation of federal regulations is required in questions relating to allocation of power between the federal and state government on civilian commercial issues. | Is special deference accorded to military's interpretation of federal regulations on questions relating to allocation of power between the federal and state government on civilian commercial issues? | 008971.docx | LEGALEASE-00133726-LEGALEASE-00133727 |
| ConocoPhillips Co. v. Noble Energy, 462 S.W.3d 255 | 307A+486 | Good cause necessary to withdraw an admission is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference. Tex. R. Civ. P. 198.3. | "Is the good cause for withdrawing deemed admissions established by showing the failure to respond to such requests within 30 days was an accident or mistake, not intentional or the result of conscious indifference?" | 028312.docx | LEGALEASE-00133696-LEGALEASE-00133697 |
| Wright v. United States, 81 Fed. Cl. 369 | 34+5(8) | In military pay cases, the "constructive service doctrine" embodies the concept that members of the military who have been improperly discharged are treated as having continued to serve until they are properly discharged; they are therefore entitled to back pay and allowances for that period of constructive service. | Are military personnel who are improperly discharged entitled to back pay and allowances for the period of constructive service? | 008459.docx | LEGALEASE-00134152-LEGALEASE-00134154 |
| Wilson v. McHugh, 842 F. Supp. 2d 310 | 34+9 | A party alleging that an armed services member's facially valid resignation was in fact the product of unlawful duress must prove three elements: (1) one side involuntarily accepted the terms of another; (2) the circumstances permitted no other alternative; and (3) the circumstances were the result of coercive acts of the opposite party. | What is the test for whether a resignation is a product of duress? | 008462.docx | LEGALEASE-00134167-LEGALEASE-00134168 |
| Cywinski v. Binney, 488 F. Supp. 674 | 34+20.6(3) | Test to determine whether an individual is entitled to conscientious objector status is the same for persons not yet inducted and persons in the military; essential elements are that person must be opposed to war in any form, his or her opposition must be based upon religious training and belief, and his or her objection must be sincere. | What are the three basic tests to qualify as a conscientious objector? | Armed Services - Memo 151 - JS.docx | LEGALEASE-00023808-LEGALEASE-00023809 |
| Kornberg v. Getz Exterminators, 341 S.W.2d 819 | 302+367(6) | Filing of motion to make more definite and certain is a concession that petition states claim upon which relief can be granted, but challenges, as an injustice to defendant, the stating of claim in manner pleaded. Section 509.050 RSMo 1949, V.A.M.S. | "Is the filing of motion to make more definite and certain, a concession that the petition states claim upon which relief can be granted?" | Pleading - Memo 299 - RMM.docx | ROSS-003290564-ROSS-003290565 |
| Cross v. Cross, 891 N.E.2d 635 | 307A+486 | Prejudice for purposes of rule allowing a party deemed to have made admissions due to failure to respond to request for admissions to seek withdrawal of admissions may be shown where the party who obtained the admission is unable to produce key witnesses or present important evidence. Trial Procedure Rule 36(B). | Should prejudice for purposes of rule withdrawal of admissions be shown where the party who obtained the admission is unable to produce key witnesses or present important evidence? | 028773.docx | LEGALEASE-00134557-LEGALEASE-00134558 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Salazar v. Collins, 255 S.W.3d 191 | 307A+486 | Undue prejudice supporting denial of request to withdraw deemed admissions occurs when permitting the withdrawal and allowing a late response will delay the trial or significantly hamper the opposing party's ability to prepare for trial. | Does undue prejudice supporting denial of request to withdraw deemed admissions occur when permitting the withdrawal and allowing a late response? | 028781.docx | LEGALEASE-00134591-LEGALEASE-00134592 |
| Bireline v. Espenscheid, 15 Ill. App. 3d 368 | 307A+69.1 | Taking of deposition must be at time and place which has been specified in notice or to which it may have been regularly and properly adjourned and disregard of such requirement, unless waived, will render the deposition vulnerable to motion to suppress; however, such motion to suppress must be made in apt time and before trial. Supreme Court Rules, rule 211, S.H.A. ch. 110A, S 211. | Should the taking of deposition be at time and place specified in the notice thereto or to which it may have been regularly and properly adjourned? | 028868.docx | LEGALEASE-00133978-LEGALEASE-00133979 |
| Nat'l Bank of Georgia v. Great S. Bus. Enterprises, 130 Ga. App. 221 | 307A+486 | Party who fails to answer request for admissions of fact within the required time may seek to "withdraw" his admissions but he must take the initiative and file a motion, otherwise he is bound by such admissions. Code, SS 81A-106(b), 81A-136(b). | Can a party who fails to answer request for admissions of fact within the required time can seek to withdraw his admissions? | Pretrial Procedure - Memo # 3029 - C - SN.docx | ROSS-003303848-ROSS-003303849 |
| Spiecker v. Petroff, 971 S.W.2d 536 | 307A+486 | Even a slight excuse will suffice as good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | "Does even a slight excuse suffice as a good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result?" | 028979.docx | LEGALEASE-00134730-LEGALEASE-00134731 |
| Watson v. Dallas Indep. Sch. Dist., 135 S.W.3d 208 | 307A+486 | A party shows good cause for the withdrawal of deemed admissions by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Does a party show good cause for the withdrawal of deemed admissions by showing that its failure to answer was accidental or the result of a mistake? | 028998.docx | LEGALEASE-00133958-LEGALEASE-00133959 |
| Dwight v. Girard Med. Ctr., 154 Pa. Cmwlth. 326 | 307A+486 | Test of whether withdrawal of admissions would prejudice party who obtained admissions turns on whether that party is rendered less able to obtain evidence required to prove matters which had been admitted. Rules Civ.Proc., Rule 4014(d), 42 Pa.C.S.A. | Does the test of prejudice turns on whether that party is rendered less able to obtain evidence required to prove matters which had been admitted? | 029006.docx | LEGALEASE-00134023-LEGALEASE-00134024 |
| Tran v. Nguyen, 480 S.W.3d 119 | 307A+716 | In civil cases in which the absence of counsel has been urged as a ground for continuance, courts generally require a showing that the failure to be represented at trial was not due to the party's own fault or negligence. | Do courts generally require a showing that the failure to be represented at trial was not due to the party's own fault or negligence? | 029033.docx | LEGALEASE-00134214-LEGALEASE-00134215 |
| Johnson v. Davis, 178 S.W.3d 230 | 307A+486 | A party may withdraw a deemed admission if the party shows good cause for the withdrawal, and party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Can a party establish good cause to substitute a new response to a request for admission by showing that its answer was accidental or the result of a mistake? | Pretrial Procedure - Memo # 3181 - C - SJ.docx | LEGALEASE-00024488-LEGALEASE-00024489 |
| Young v. Smith, 67 So. 3d 732 | 307A+483 | Those matters admitted by default, based on failure to timely respond to a request for admissions, are established unless and until the trial court allows amendment or withdrawal by motion. Rules Civ.Proc., Rule 36(a, b). | "Are those matters admitted by default, based on failure to timely respond to a request for admissions, established unless and until the trial court allows amendment or withdrawal by motion?" | Pretrial Procedure - Memo # 3496 - C - ES.docx | ROSS-003290940-ROSS-003290941 |
| City of Bristol v. Tilcon Minerals, 284 Conn. 55 | 386+10 | Essentials of an action for trespass are: (1) ownership or possessory interest in land by the plaintiff, (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest, (3) done intentionally, and (4) causing direct injury. | "Is invasion, intrusion or entry by the defendant that affects the plaintiff's exclusive possessory interest, an element of trespass?" | Trespass - Memo 255 - JS.docx | ROSS-003291256-ROSS-003291257 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Miller, 340 F.2d 421 | 63+1(1) | It is immaterial whether official action which briber seeks to influence is right or wrong, in sense that it is expected to result in pecuniary injury to government or that it calls upon bribe recipient to do something other than what he is legally obligated to do. 18 U.S.C.A. S 201. | "To constitute the offense of attempted bribery, is it immaterial whether the official action sought to be influenced is right or wrong?" | Bribery - Memo #336 - C-EB.docx | LEGALEASE-00024825-LEGALEASE-00024826 |
| State v. Sawyer, 266 Wis. 494 | 63+14 | In prosecution for bribery of alderman, court properly instructed jury that if payment was made by defendant to alderman for purpose of influencing his conduct in respect to matters, which might come before alderman in his official capacity, it was immaterial to defendant's guilt whether or not the alderman's conduct was actually influenced or whether purpose of bribe was fulfilled. St.1951, S 346.06. | Is it immaterial to the guilt of the payor whether or not the official's conduct was actually influenced or whether the purpose of the bribe was fulfilled? | 011537.docx | LEGALEASE-00135407-LEGALEASE-00135408 |
| Kemler v. United States, 133 F.2d 235 | 63+1(1) | The gravamen of offense described in statute making it an offense to promise, offer, or give any money to an officer of the United States or to any person acting for or on behalf of the United States in any official function with intent to influence his decision is the giving or offering of a bribe to a person acting on behalf of the United States for the purpose of influencing official conduct. Cr.Code S 39, 18 U.S.C.A. S 201. | Is the giving or offering of a bribe to a person acting on behalf of the United States for the purpose of influencing official conduct the gravamen of the offense? | 011628.docx | LEGALEASE-00135950-LEGALEASE-00135951 |
| Jackson v. Shuttleworth, 42 Ill. App. 2d 257 | 106+511 | "Comity" is neither absolute obligation nor mere courtesy, but is recognition which one state allows within its territory to legislative, executive or judicial acts of another with due regard both to interstate duty and convenience and to rights of its own citizens. | "Is comity a matter of absolute obligation, or mere courtesy and good will?" | 020716.docx | LEGALEASE-00135642-LEGALEASE-00135644 |
| City of Birmingham v. Goolsby, 227 Ala. 421 | 307A+716 | Ordinarily, party has right to select counsel to try his case, and courts should recognize such right, unless it unduly interferes with right of other party to have case tried without unreasonable delay. | "Does a party have the right to select counsel to try his case, and courts should recognize such right, unless it unduly interferes with right of other party to have case tried without unreasonable delay?" | 029499.docx | LEGALEASE-00135576-LEGALEASE-00135577 |
| Bacon v. Carey Co., 669 P.2d 533 | 307A+716 | In criminal cases, withdrawal of counsel, particularly on eve of trial, may implicate due process considerations and defendant's right to effective assistance of counsel, but in civil cases, withdrawal of counsel does not always provide grounds for granting of continuance. U.S.C.A. Const.Amend. 6; District Court Rule 7. | "In criminal cases, can withdrawal of counsel, particularly on eve of trial, implicate due process considerations and defendant's right to effective assistance of counsel?" | Pretrial Procedure - Memo # 3466 - C - SHS.docx | LEGALEASE-00025343-LEGALEASE-00025344 |
| Bacon v. Carey Co., 669 P.2d 533 | 307A+716 | In criminal cases, withdrawal of counsel, particularly on eve of trial, may implicate due process considerations and defendant's right to effective assistance of counsel, but in civil cases, withdrawal of counsel does not always provide grounds for granting of continuance. U.S.C.A. Const.Amend. 6; District Court Rule 7. | "In criminal cases, can withdrawal of counsel, particularly on eve of trial, implicate due process considerations and defendant's right to effective assistance of counsel?" | 029548.docx | LEGALEASE-00135363-LEGALEASE-00135364 |
| Blackburn v. Morton, 18 Ark. 384 | 307A+69.1 | It is purely a matter of practice, whether depositions can be taken, in a case at law, before the issues are made up; and in the absence of any rule upon the subject, depositions are not rendered irregular by being taken before issue is joined in the cause to which they apply. | "Is it purely a matter of practice, whether depositions can be taken, in a case at law, before the issues are made up?" | Pretrial Procedure - Memo # 3493 - C - ES.docx | ROSS-003331250 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. Home Indem. Co., 683 S.W.2d 559 | 307A+483 | Admissions, once made or deemed admitted by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "May admissions, once made or deemed admitted by the court, be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits?" | 029673.docx | LEGALEASE-00134958-LEGALEASE-00134959 |
| In re Goddard & Peterson, PLLC, 789 S.E.2d 835 | 307A+483 | In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule governing such requests if there is any objection whatsoever. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "n order to avoid having requests for admissions deemed admitted, must a party respond within the period of the rule governing such requests if there is any objection whatsoever?" | Pretrial Procedure - Memo # 3620 - C - KBM.docx | LEGALEASE-00025527-LEGALEASE-00025528 |
| J.M. Parker & Sons v. William Barber, 208 N.C. App. 682 | 307A+476 | In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request; failure to do so means that the facts in question are judicially established. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | Does failure of a party receiving requests for admissions to respond within the period required by the rules of civil procedure mean that the facts in question are judicially established? | 029800.docx | LEGALEASE-00135332-LEGALEASE-00135333 |
| Gary Mun. Airport Auth. Dist. v. Peters, 550 N.E.2d 828 | 307A+483 | Rule pertaining to withdrawal of admissions does not require motion for relief under it to be denominated in any particular manner; merely by challenging deemed admissions and asking for extension of time to respond, party satisfies requirement of rule that party move to withdraw or amend deemed admissions. Trial Procedure Rule 36(B). | Does the rule pertaining to a withdrawal of admissions not require a motion for relief under it to be denominated in any particular manner? | 029863.docx | LEGALEASE-00135204-LEGALEASE-00135205 |
| Bramblett v. Whitfield Fin. Co., 143 Ga. App. 853 | 307A+483 | Where, though defendant served its request for admissions in note action, defendant did not reply within 30 days of service or file an objection, and did not make a motion for permission to file an answer late or to withdraw admissions generated by failure to answer, matters contained in request, such as genuineness of note and balance due and owing, were admitted and were binding on defendant. Code, SS 25-301 et seq.; 81A-136, 81A-136(a). | "Where there was no objection to requests for admissions and no motion made seeking permission for the late filing of an answer to the request, nor to withdraw the admissions made by the failure to answer, are the requests admitted and binding upon the defendant?" | 030193.docx | LEGALEASE-00135903-LEGALEASE-00135904 |
| W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co., 208 F. Supp. 3d 1227 | 386+10 | Under Alabama law, to succeed on a claim of indirect trespass, plaintiffs must show: (1) an invasion affecting an interest in the exclusive possession of their property; (2) an intentional doing of the act which results in the invasion; (3) reasonable foreseeability that the act done could result in an invasion of the plaintiffs' possessory interest; and (4) substantial damages to the res. | What must be proved to succeed a claim of indirect trespass? | Trespass - Memo 262 - JS.docx | ROSS-003290194-ROSS-003290195 |
| Borland v. Sanders Lead Co., 369 So. 2d 523 | 386+10 | For an indirect invasion to amount to an actionable trespass, there must be an interference with one's exclusive possessory interest in land; that is, through the defendant's intentional conduct, and with reasonable foreseeability, some substance has entered on the land itself, affecting its nature and character, and causing substantial actual damage to the res. | What must be proved to succeed a claim of indirect trespass? | 047368.docx | LEGALEASE-00135246-LEGALEASE-00135247 |
| New Albertsons v. Superior Court, 168 Cal. App. 4th 1403 | 307A+486 | Because the law strongly favors trial and disposition on the merits, any doubts in ruling on a motion to withdraw or amend an admission must be resolved in favor of the party seeking relief. West's Ann.Cal.C.C.P. S 2033.300. | Should any doubts in ruling on a motion to withdraw or amend an admission be resolved in favor of the party seeking relief because the law strongly favors trial and disposition on the merits? | 029206.docx | LEGALEASE-00136652-LEGALEASE-00136653 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re M.G., 239 N.C. App. 77 | 46H+188 | Where an attorney has given his client no prior notice of an intent to withdraw his representation, a trial judge has no discretion and must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal. | "Where an attorney has given his client no prior notice of intent to withdraw his representation, does a trial judge have discretion?" | Pretrial Procedure - Memo # 3376 - C - MS.docx | ROSS-003291687-ROSS-003291688 |
| Walker v. Aulds, 28,968 (La. App. 2 Cir. 12/11/96) | 307A+726 | Generally, litigant whose lawyer withdraws at or near trial may be entitled to continuance to employ another attorney, but inability to obtain counsel does not entitle party to indefinite continuances. | "Generally, can a litigant whose lawyer withdraws at or near trial be entitled to continuance to employ another attorney?" | 029458.docx | LEGALEASE-00136451-LEGALEASE-00136452 |
| Moy v. Ng, 341 Ill. App. 3d 984 | 307A+483 | The failure to file a timely response to a request to admit facts, including the ultimate facts of a case, in accordance with discovery rule governing requests for admissions results in the admission of those facts. Sup.Ct.Rules, Rule 216. | "Does the failure to file a timely response to a request to admit facts, including the ultimate facts of a case, in accordance with discovery rule governing requests for admissions result in the admission of those facts?" | 029780.docx | LEGALEASE-00136589-LEGALEASE-00136590 |
| Oliphant Fin. v. Galaviz, 299 S.W.3d 829 | 307A+483 | Plaintiff may serve a request for admissions as part of its petition, and when the defendant fails to file an answer or other response, those requests are deemed admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(c). | "May a plaintiff serve a request for admissions as part of its petition, and when the defendant fails to file an answer or other response, those requests are deemed admitted?" | 029946.docx | LEGALEASE-00136136-LEGALEASE-00136137 |
| In re Forfeiture of 1982 Ford Mustang, Vehicle ID No. ABP16F6CF190433, 725 So. 2d 382 | 307A+483 | While it is normally within the trial court's discretion to use a technically deemed admission to support a summary judgment, it is error if the record contains evidence to the contrary of the admission. West's F.S.A. RCP Rule 1.370. | Is it normally within the trial court's discretion to use a technically deemed admission to support a summary judgment? | Pretrial Procedure - Memo # 3715 - C - PC.docx | ROSS-003291006-ROSS-003291007 |
| Ark-Tenn Distrib. Corp. v. Breidt, 209 F.2d 359 | 170A+1684 | Under the Federal Rules of Civil Procedure, technical considerations will not be allowed to prevail to detriment of substantial justice, and admissions or denials in response to a request for admissions stands in the same relation to the case as that sworn testimony bears. Fed.Rules Civ.Proc., rule 1 et seq., 28 U.S.C.A. | Does the civil procedure permit technical considerations to prevail to a detriment of substantial justice? | Pretrial Procedure - Memo # 3906 - C - PB.docx | ROSS-003290944-ROSS-003290945 |
| Ayr-Way Stores v. Chitwood, 261 Ind. 86 | 30+3239 | Whether to grant continuance where pleadings are amended is matter of discretion for trial court and absent showing of clear and prejudicial abuse of discretion, trial court's ruling will not be disturbed by Appellate Court. | "Absent showing of clear and prejudicial abuse of discretion, will a trial court's ruling on continuance not be disturbed by an Appellate Court?" | 030284.docx | LEGALEASE-00136773-LEGALEASE-00136774 |
| City of Wichita Falls v. Lipscomb, 50 S.W.2d 867 | 307A+720 | Continuance should be granted where amended petition, filed on eve of trial, embodies new allegations of material facts, which, although not constituting new cause of action, surprise defendant. | "Should continuance be granted where an amended petition, filed on the eve of trial, embodies new allegations of material facts?" | 030371.docx | LEGALEASE-00136672-LEGALEASE-00136673 |
| Bryant v. Robledo, 938 So. 2d 413 | 307A+483 | A matter in a request for admissions is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. Rules Civ.Proc., Rule 36(b). | "Where there were no objections or denials by a plaintiff regarding a defense request for admissions, are matters covered thereby deemed as admitted?" | 030443.docx | LEGALEASE-00136306-LEGALEASE-00136307 |
| Wieda v. Am. Box Bd. Co., 343 Mich. 182 | 413+1 | Each case arising under the Workmen's Compensation Law must be determined on basis of the particular facts involved and in accordance with pertinent statutory provisions. Comp.Laws 1948, SS 411.1 et seq., 412.1 et seq. | Should each case arising under the Workmens Compensation Law be determined on the basis of the particular facts involved and in accordance with pertinent statutory provisions? | 047908.docx | LEGALEASE-00137069-LEGALEASE-00137070 |
| Selitsch v. Selitsch, 492 S.W.3d 677 | 34+5(6) | To avoid double payment, in order to receive VA disability pay, a former service member must waive a corresponding portion of his or her retirement pay. 38 U.S.C.A. S 5305. | "Should a former service member waive a corresponding portion of his or her retirement pay to avoid double payment, in order to receive Veterans Affairs disability pay?" | Armed Services - Memo 166 - JS.docx | ROSS-003291559-ROSS-003291560 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Loschiavo, 531 F.2d 659 | 63+1(2) | For purpose of deciding person's status as "public official" under statute making it federal crime to bribe such public official, it is not aspects of particular project which are of greatest significance, but character and attributes of person's employment relationship, if any, with federal Government. 18 U.S.C.A. S 201(a), (b)(1, 2). | "In determining status as a public official, are the character and attributes of his employment relationship with the federal government of greatest significance?" | Bribery - Memo #520 - C-CSS.docx | ROSS-003289253-ROSS-003289254 |
| State v. Merritt, 120 N.C. App. 732 | 110+795(2.35) | While statutory offense of felonious breaking or entering is lesser included offense of burglary in the first degree, submission of this lesser included offense is required only when evidence tends to show that defendant could have gained entry into building in question by means other than burglarious breaking. | Is felonious breaking or entering lesser included offense than burglary? | Burglary - Memo 148 - JS.docx | ROSS-003303682-ROSS-003303684 |
| Itskin v. Rest. Food Supply Co., 7 Ohio App. 3d 127 | 307A+485 | Although party is entitled to contest disputed issues of fact, unless there is good reason to dispute facts when request for admission is made, party failing to admit must bear expense of proving facts. Rules Civ.Proc., Rules 36(A), 37(C). | Should a party failing to admit bear expense of proving facts unless there is good reason to dispute facts when request for admission is made? | 030547.docx | LEGALEASE-00137707-LEGALEASE-00137708 |
| In re W. Star Trucks US, 112 S.W.3d 756 | 307A+36.1 | A party seeking discovery of net worth information is not required to make a prima facie showing of an entitlement to exemplary damages before discovery is permitted. | Is a party seeking discovery of net worth information not required to make a prima facie showing of an entitlement to exemplary damages? | Pretrial Procedure - Memo # 4491 - C - ES.docx | ROSS-003331468-ROSS-003331469 |
| State ex rel. Miller v. DeCoster, 608 N.W.2d 785 | 307A+36.1 | When pertinent inquiry of administrative agency decisionmakers is allowed, it is limited to information concerning the procedural steps that may be required by law and does not extend to inquiries into the mental processes of an administrator which, as being part of the judgmental process, are not discoverable. | "When pertinent inquiry of administrative agency decision makers is allowed, is it limited to information concerning the procedural steps that can be required?" | 031431.docx | LEGALEASE-00137355-LEGALEASE-00137356 |
| Carlson v. Freightliner LLC, 226 F.R.D. 343 | 307A+36.1 | Under Nebraska law, information which, if released, would give advantage to business competitors and serve no public purpose is confidential and not the proper subject of discovery. | Is information that would give advantage to business competitors and serve no public purpose confidential and not the proper subject of discovery? | 031590.docx | LEGALEASE-00138027-LEGALEASE-00138028 |
| Bamberger v. Cooke, 181 A.D. 805 | 307A+91 | Examination of parties before trial should be liberally allowed in furtherance of justice, but care must be taken to see that it is not made unnecessarily vexatious and oppressive. | Should the examination of parties before trial be liberally allowed in furtherance of justice as long as care is taken to see that it is not made unnecessarily vexatious and oppressive? | Pretrial Procedure - Memo # 5045 - C - SB.docx | ROSS-003290863-ROSS-003290864 |
| Taylor v. Hubbell, 188 F.2d 106 | 413+1 | Arizona workmen's compensation statute rests upon police power to regulate status of employer and employee and grants to commission full power, jurisdiction and authority to administer and enforce all laws for protection of life, health, safety and welfare of employees in every case where such duty is not specifically delegated to any other board or officer, and in order to insure uniformity and certainty of compensation to injured employees the statute vests allowance of compensation to workmen coming within law exclusively in commission. Fed.Rules Civ.Proc., rule 12(h), 28 U.S.C.A.; A.R.S. SS 23-107, 23-944, 23-1023, 23-1024. | "Does the workmens compensation statute, in order to ensure uniformity and certainty of compensation to injured employees, vest allowance of compensation to workmen coming within the law exclusively in the commission?" | 047924.docx | LEGALEASE-00137225-LEGALEASE-00137226 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Norman v. Cummings, 73 S.D. 559 | 200+182 | If, as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes duty of duly authorized public authorities to provide the remedy, but no liability on ground of negligence, attaches to user as a result of such use, either to the public or the highway authorities, for damages to highway or to other travelers. SDC 28.0912, 28.9909. | Who would be liable for any damages caused as a result of ordinary use of highway? | 018978.docx | LEGALEASE-00138714-LEGALEASE-00138715 |
| Slatten v. City of Chicago, 12 Ill. App. 3d 808 | 307A+91 | Right of any party to discovery deposition is basic and fundamental to adversary system and accordingly the right of one party imposes a duty on the other which cannot be avoided by technical maneuvers or other conduct which results in destroying purpose of modern discovery principles. Supreme Court Rules, rules 201, 202, 212(b), S.H.A. ch. 110A, SS 201, 202, 212(b). | Is the right of any party to discovery deposition basic and fundamental in an adversary system? | Pretrial Procedure - Memo # 4416 - C - MS.docx | ROSS-003289160-ROSS-003289161 |
| Albert A. Volk Co. v. Cauldwell-Wingate Co., 272 A.D. 290 | 307A+91 | Statutory provisions for examination of witnesses before trial were designed to supersede the former ancillary bills employed for such purpose but only the ancillary action was abolished. Civil Practice Act, SS 288 et seq., 345. | Are statutory provisions for the examination of witnesses before trial designed  to supersede the former ancillary bills employed for such purpose? | 031074.docx | LEGALEASE-00138201-LEGALEASE-00138202 |
| Pub. Nat. Bank v. Nat'l City Bank, 261 N.Y. 316 | 307A+92 | Right of examination of party before trial is not as matter of law dependent upon purpose or necessity to establish affirmative claim or defense, but court in its discretion may permit examination of party having burden of proof throughout. Civil Practice Act, S 288. | Is the right of examination of a party dependent upon a purpose or necessity to establish an affirmative claim? | 031102.docx | LEGALEASE-00138431-LEGALEASE-00138432 |
| Tenet Healthcare Corp. v. Louisiana Forum Corp., 273 Ga. 206 | 307A+36.1 | Through the discovery process, non-privileged information which is in the possession of one party and which gives that party a tactical advantage may be required to be shared with the opposing side. | "Through the discovery process, can non-privileged information which is in the possession of one party and which gives that party a tactical advantage be required to be shared with the opposing side?" | 031647.docx | LEGALEASE-00138622-LEGALEASE-00138623 |
| Boyd v. St. Paul Fire & Marine Ins. Co., 775 So. 2d 649 | 30+3321 | The decision to grant a protective order and the extent of protection extended are within the sound discretion of the trial court; an appellate court will not ordinarily modify or reverse the trial court in such matters absent a showing of abuse of discretion. LSA-C.C.P. art. 1426. | Whether the decision to grant a protective order and the extent of protection extended is within the sound discretion of the trial court? | 031862.docx | LEGALEASE-00138908-LEGALEASE-00138909 |
| Pierce v. Penman, 357 Pa. Super. 225 | 307A+726 | Trial court did not abuse its discretion in denying physicians' motion for continuance, citing prior continuances and change of counsel, and possible delay of two months or longer. | "Will the court abuse its discretion in denying physicians' motion for continuance, citing prior continuances and change of counsel, and possible delay of two months or longer?" | 032082.docx | LEGALEASE-00138515-LEGALEASE-00138516 |
| Andrews v. State, 529 N.E.2d 360 | 67+15 | In a burglary prosecution, proof of entering a structure by fraud or deceit may be considered to show that the entry was without the consent of the owner or occupant and may justify the finding that the act of entering was with the intent to commit a crime which would thereby constitute a burglary; the rationale for this is that consent to enter by fraud or deceit is actually no consent at all and, therefore, the entrance is unauthorized. West's F.S.A. S 810.02(1)(b). | Does entry by fraud constitute entry without consent in burglary? | 012827.docx | LEGALEASE-00139181-LEGALEASE-00139182 |
| Nat'l Fire Ins. Co. of Hartford v. Hutton, 396 S.W.2d 53 | 307A+485 | Where trial judge found that there was no good reason for denial of certain admissions as sought by insurer, insured was properly required to pay the reasonable expenses incurred in producing a witness. | "Can the insured be required to pay the reasonable expenses incurred in producing a witness, where the judge finds that there was no good reason for denial of certain admissions as sought by insurer?" | 030754.docx | LEGALEASE-00139079-LEGALEASE-00139080 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Drake v. State, 239 Ga. 232 | 307A+723.1 | Before trial court may exercise its discretion concerning continuance or postponement, there must be a sworn motion in conformity with rule. Rules of Civil Procedure, rule 251. | "Before a trial court may exercise its discretion concerning continuance or postponement, must there be a sworn motion in conformity with the rule?" | 030758.docx | LEGALEASE-00139071-LEGALEASE-00139072 |
| Boza v. Nat'l Sur. Co., 192 N.Y.S. 648 | 307A+61 | The provisions of Code Civ.Proc. SS 888, 889, as to examination on interrogatories of party absent from state, where material to issue of fact joined, are mandatory, and it was error to refuse request and grant adversary's motion for oral examination, with expenses to movant in being present. | Will a general commission to examine witnesses on interrogatories authorize the examination of a party at the instance of his adversary? | 030968.docx | LEGALEASE-00139163-LEGALEASE-00139164 |
| Fry v. Blauvelt, 818 N.W.2d 123 | 30+3193 | Although district courts have discretion in deciding whether to enforce pretrial orders, it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits. | Is it incumbent upon a reviewing court to scrutinize the exercise of a court's discretion in deciding whether to enforce pretrial orders? | Pretrial Procedure - Memo # 4802 - C - AC.docx | ROSS-003288703-ROSS-003288704 |
| Tucker v. Tucker, 55 N.Y.2d 378 | 307A+501 | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate, and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | "Can a party ordinarily be compelled to litigate and, absent special circumstances, discontinuance should be granted?" | 032225.docx | LEGALEASE-00139075-LEGALEASE-00139076 |
| Stern v. Marshall, 471 S.W.3d 498 | 307A+501 | The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of the right to nonsuit. Tex. R. Civ. P. 162. | Can the use of a creative pleading that merely restates defenses in the form of a declaratory judgment action deprive the plaintiff of the right to nonsuit? | Pretrial Procedure - Memo # 5509 - C - PC.docx | ROSS-003318308-ROSS-003318309 |
| Jernberg v. Virtis Co., 17 A.D.2d 892 | 307A+69.1 | As between written interrogatories and an open examination, while the former is ordinarily preferred, trial court in exercise of its discretion may order the latter where circumstances so warrant. | "As between written interrogatories and an open examination, while the former is ordinarily preferred, can a trial court in exercise of its discretion order the latter where circumstances so warrant?" | Pretrial Procedure - Memo # 3195 - C - SB.docx | ROSS-003329797-ROSS-003329798 |
| Tidwell ex rel. Tidwell v. City & Cty. of Denver, 83 P.3d 75 | 307A+554 | If raised before trial, the issue of whether governmental immunity applies to bar a suit is properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1). | "If governmental immunity is raised before trial, is the issue properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction?" | Pretrial Procedure - Memo # 5564 - C - ES.docx | LEGALEASE-00029446-LEGALEASE-00029447 |
| Tidwell ex rel. Tidwell v. City & Cty. of Denver, 83 P.3d 75 | 307A+554 | If raised before trial, the issue of whether governmental immunity applies to bar a suit is properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1). | "If governmental immunity is raised before trial, is the issue properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction?" | 032730.docx | LEGALEASE-00139646-LEGALEASE-00139647 |
| Huber v. Mullan, 246 F. Supp. 8 | 83E+481 | A note evidencing a promise to repay sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment. | Can a note be rendered non assignable depending upon its language? | 010349.docx | LEGALEASE-00140185-LEGALEASE-00140186 |
| Kimball Union Acad. v. Genovesi, 165 N.H. 132, 136, 70 A.3d 435 | 307A+554 | On motion to dismiss for lack of personal jurisdiction, the plaintiff ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts. | "On a motion to dismiss for lack of personal jurisdiction, can the plaintiff ordinarily rest upon the pleadings but must adduce evidence of specific facts?" | 032846.docx | LEGALEASE-00139925-LEGALEASE-00139926 |
| Highland Credit Opportunities CDO v. UBS AG, 451 S.W.3d 508 | 307A+554 | When it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction. | "When it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, may the proper disposition may be summary judgment on the merits?" | 033235.docx | LEGALEASE-00140611-LEGALEASE-00140612 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kiser v. A.W. Chesterton Co., 285 Va. 12 | 379+106 | The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff, and in the absence of injury or damage to a plaintiff or his property, he has no cause of action, and no right of action can accrue to him. | What are the essential elements of a breach of contract or on a tortious act? | 005661.docx | LEGALEASE-00141099-LEGALEASE-00141100 |
| Mechanics' & Farmers' Sav. Bank v. Katterjohn, 137 Ky. 427 | 83E+433(1) | Negotiable Instrument Act (Laws 1904, c. 102) S 63, provides that "A person placing his signature on an instrument otherwise than as maker, drawer or acceptor, is deemed to be an "indorser,' unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Held, that one who became the payee of a note, and indorsed the same, to enable the maker to negotiate and discount it for his own benefit, is liable merely as an accommodation indorser. | "Can a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor be deemed as indorser?" | 010486.docx | LEGALEASE-00140861-LEGALEASE-00140862 |
| People v. Faubus, 48 Cal. App. 3d 1 | 110+772(5) | Characterization of a crime as one of specific intent or general intent has little meaningful significance in instructing a jury; critical issue is accurate description of state of mind required for particular crime. | Does the characterization of a crime as one of specific intent or general intent has any meaningful significance in instructing a jury? | 011438.docx | LEGALEASE-00141979-LEGALEASE-00141980 |
| Cassin v. Stillman-Delehanty-Ferris Co., 185 A.D. 63 | 113+3 | To justify a decision that parties to a written contract intended to obligate themselves to something unexpressed, the custom must be shown to be reasonable, uniform, well settled, and either known to the parties or so generally known as to raise a presumption of their knowledge at the time. | When can custom justify a decision that parties to a written contract intended to obligate themselves to somethingwhich cannot be found in the terms of the contract itself? | Customs & Usage - Memo 152 - RK.docx | LEGALEASE-00030765-LEGALEASE-00030766 |
| Koch Oil Co., a div. of Koch Indus. v. Hanson, 536 N.W.2d 702 | 260+87 | If there is no price prevailing at the time of gas production, Tax Commissioner may use any method of valuation, including workback method, that is reasonably calculated to arrive at fair market value of gas, for purposes of oil extraction tax and gross production tax. NDCC 57-51-02, 57-51-1.02. | "In calculating the fair market value of gas, can the tax commissioner use the workback method?" | 021620.docx | LEGALEASE-00142067-LEGALEASE-00142068 |
| Exch. Nat. Bank of Chicago v. DeGraff, 110 Ill. App. 3d 145 | 307A+485 | As a discovery rule, the rule, which pertains to awarding expenses on refusal to admit, applies to matters which are within denying party's control or knowledge and which may be subsequently verified by independent sources. S.H.A. ch. 110A, P 219(b). | Does the discovery rule apply to matters within the denying party's control or knowledge which may be subsequently verified by independent sources? | 030607.docx | LEGALEASE-00141107-LEGALEASE-00141108 |
| Holly Ridge Assocs. v. N. Carolina Dep't of Env't & Nat. Res., 176 N.C. App. 594 | 307A+723.1 | In passing on a motion for a continuance, a trial court must pass on the grounds urged in support of it, and should consider all the facts in evidence, and not act on its own mental impression or facts outside the record. Rules Civ.Proc., Rule 40(b), West's N.C.G.S.A. S 1A-1. | "In passing on a motion for a continuance, should a trial court consider all the facts in evidence, and not act on its own mental impression or facts outside the record?" | 030620.docx | LEGALEASE-00141196-LEGALEASE-00141197 |
| Wilborn v. Life Ambulance Servs., 163 S.W.3d 271 | 307A+723.1 | There is no reason why a trial judge should not be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance. | Should a trial judge be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance? | 030707.docx | LEGALEASE-00141407-LEGALEASE-00141408 |
| Greiner Eng'g Scis. v. Commercial Ctr. Dev. Corp., 508 So. 2d 525 | 307A+485 | Imposition of attorney fees denied defendants their due process right to be heard, where fees were not pled prior to trial or included in request for admissions. West's F.S.A. S 57.105. | "Will imposition of attorney fees deny defendants their due process right to be heard, where fees were not pled prior to trial or included in request for admissions?" | 030713.docx | LEGALEASE-00141473-LEGALEASE-00141474 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Klein v. Weiss, 284 Md. 36 | 307A+15 | One of fundamental and principal objectives of discovery rules is to require disclosure of acts by party litigant to all of his adversaries, and thereby to eliminate, as far as possible, necessity of any party to litigation going to trial in confusedor muddled state of mind, concerning facts that give rise to litigation. Maryland Rules, Rule 555 d 2. | Is the object of discovery procedures disclosure of facts? | 031320.docx | LEGALEASE-00140772-LEGALEASE-00140773 |
| In re Auto. Antitrust Cases I & II, 135 Cal. App. 4th 100 | 307A+36.1 | A plaintiff attempting to assert jurisdiction over a nonresident defendant is entitled to an opportunity to conduct discovery of the jurisdictional facts necessary to sustain its burden of proof. | Is a plaintiff attempting to assert jurisdiction over a non-resident defendant entitled to an opportunity to conduct discovery of the jurisdictional facts necessary to sustain its burden of proof? | Pretrial Procedure - Memo # 4809 - C - SKG.docx | ROSS-003289410-ROSS-003289411 |
| Heda v. Superior Court, 225 Cal. App. 3d 525 | 307A+36.1 | Privacy right that extends to details of patient's medical history is not absolute, and may be outweighed by legitimate interests of another party to lawsuit. West's Ann.Cal. Const. Art. 1, S 1. | Is a privacy right that extends to details of a patient's medical history not absolute and may be outweighed by legitimate interests of another party? | 032104.docx | LEGALEASE-00141240-LEGALEASE-00141241 |
| Bucchere v. Brinker Int'l, 49 Conn. Supp. 441 | 307A+622 | A motion to dismiss is not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action and should not be granted on other than jurisdictional grounds. | Is a motion to dismiss not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action and should not be granted on other than jurisdictional grounds? | 033346.docx | LEGALEASE-00140941-LEGALEASE-00140942 |
| Posey v. Proper Mold & Eng'g, 378 S.C. 210 | 307A+554 | If a party files a motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a motion to dismiss. Rules Civ.Proc., Rules 56, 12(b)(1). | "If a party files a motion for summary judgment on the ground of lack of subject matter jurisdiction, should the trial court treat the motion as if it were a motion to dismiss?" | 033371.docx | LEGALEASE-00141037-LEGALEASE-00141038 |
| Bachelder v. Merriman, 34 Me. 69 | 307A+74 | The statute requiring that a magistrate taking a deposition must certify that the deponent was sworn "according to law" is complied with by a certificate in the words of the statute, or by a statement of the language used in the administration of the oath by which it appears that the law has in fact been complied with. | "Is the statute requiring that a magistrate taking a deposition must certify that the deponent was sworn ""according to law"" complied with by a certificate in the words of the statute?" | 033473.docx | LEGALEASE-00140962-LEGALEASE-00140964 |
| Murphy v. Joseph Hollander, 131 N.J.L. 165 | 371+2001 | A "tax" is not technically a debt for which an action in debt will lie, and is neither a "contractual obligation" nor a "debt", which is owing to the government in its corporate capacity, while a "tax" is an exaction due the government in its sovereign capacity, and is an impost levied by the sovereign authority to raise moneys for the support of the government, or for some special purpose within the domain of government. | "Is tax a contractual obligation or a debt, which is owing to the government in its corporate capacity?" | 045205.docx | LEGALEASE-00141208-LEGALEASE-00141209 |
| Sandberg v. State, 188 Neb. 335 | 371+2005 | Legislature is vested with the taxing power without limit, subject only to restrictions contained in the Constitution, and it is therefore axiomatic that provisions of the Constitution in relation to taxation are not grants of power but are limitations on taxing power of state lodged in the legislature. | "Are the provisions of the Constitution in relation to taxation, grants of power or limitations on taxing power of state lodged in the legislature?" | Taxation - Memo # 545 - C - KS.docx | ROSS-003288831-ROSS-003288832 |
| Kennedy v. Sanford, 166 F.2d 568 | 34+36 | That a soldier in time of war is under military law and answerable to a court martial does not absolve him from prosecution for crimes against federal or state laws committed where such laws are in force. Articles of War, art. 74, 10 U.S.C.A. S 1546. | "Is a soldier, in time of war, under military law and answerable to a court martial for prosecution for crimes against federal or state laws committed where such laws are in force?" | 008621.docx | LEGALEASE-00142207-LEGALEASE-00142208 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Foley, 73 F.3d 484 | 63+1(1) | For purposes of statute governing theft or bribery concerning programs receiving federal funds, value of a thing is not to be assessed by reference to any and every perspective or measure of value, no matter how subjective or arbitrary; rather, assessment of thing's value must be connected, even if only indirectly, to integrity of federal program funds. 18 U.S.C.A. S 666(a)(1)(B). | "In bribery involving federal monies, should the assessment of the thing's value be connected to the integrity of federal program funds?" | 011531.docx | LEGALEASE-00142312-LEGALEASE-00142313 |
| United States v. Jacobs, 431 F.2d 754 | 63+1(1) | Statute against corruptly giving, offering or promising anything of value to public official with intent to influence any official act or to influence official to commit any fraud or make opportunity for commission of any fraud on United States or to induce official to do or omit to do any act in violation of his lawful duty is violated even though official offered a bribe is not corrupted or object of bribe cannot be attained, and it makes no difference if after act is done it turns out that there was actually no occasion to seek to influence any official conduct. 18 U.S.C.A. S 201(b). | Is bribery statute violated where it turned out that there had been actually no occasion to seek to influence any official conduct? | 012184.docx | LEGALEASE-00142445-LEGALEASE-00142446 |
| Schraier v. Hickel, 419 F.2d 663 | 260+5.1(2) | Secretary of Interior did not lose his ultimate authority to decline to accept application for oil and gas lease pursuant to Mineral Leasing Act because department officials assumed that applicant would be awarded lease if he were found to qualify in all respects under pending regulations. Mineral Lands Leasing Act, S 1 et seq., 30 U.S.C.A. S 181 et seq. | Does the Secretary lose his ultimate authority because the Departmental officials assumed that the appellant would be awarded a lease if he were found to qualify in all respects under pending regulation? | Mines and Minerals - Memo # 82 - C - EB.docx | ROSS-003288393-ROSS-003288394 |
| Rohner v. Austral Oil Expl. Co., 104 So. 2d 253 | 260+122 | Unless provided for in mineral lease, lessee is not responsible for damages inflicted without negligence upon lessor's property in course of necessary drilling operations. | Is the lessee responsible for damages which are inflicted without negligence upon the lessor's property in the course of necessary drilling operations? | 021350.docx | LEGALEASE-00142836-LEGALEASE-00142837 |
| Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | Expenses of proving disputed fact which opposing party denies in response to request for admission are not recoverable under S 2034(c) simply because party promulgating request prevails at trial. West's Ann.Cal.C.C.P. S 2034(c). | "Are expenses of proving disputed fact which opposing party denies in response to request for admission, recoverable if the party promulgating request prevails at trial?" | 030641.docx | LEGALEASE-00142941-LEGALEASE-00142942 |
| Mattis v. State Farm Fire & Cas. Co., 118 Ill. App. 3d 612 | 307A+485 | Explicit in rule, which requires other party to pay reasonable expenses incurred in making proof of matter requested to be admitted, is requirement that party against whom order is sought serve sworn denial of requested admission, thus forcing requesting party to proof, and thus, rule requires not only that matters asserted be proved, but also proof that opposing party lacked good reason to deny request. S.H.A. ch. 110A, P 219(b). | "Will refusal to admit a matter be ""denial"" and will it be treated as such where replying party sets forth in detail reasons why they cannot truthfully admit or deny requested matters?" | 031325.docx | LEGALEASE-00142579-LEGALEASE-00142580 |
| Lederer v. Dir. of Div. of Aging, 865 S.W.2d 682 | 307A+684 | Motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by preponderance of evidence, that court is without jurisdiction, and decision is left to sound discretion of trial court and will not be reversed on appeal absent abuse of that discretion. | Is the decision to dismiss for lack of subject matter jurisdiction within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion? | Pretrial Procedure - Memo # 6059 - C - VP.docx | ROSS-003301648-ROSS-003301649 |
| Rucker v. Taylor, 828 N.W.2d 595 | 307A+560 | Good cause must be considered in deciding to dismiss a petition for untimely service, and this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. I.C.A. Rule 1.302(5). | "In deciding to dismiss a petition for untimely service, must good cause be considered?" | 033726.docx | LEGALEASE-00143101-LEGALEASE-00143102 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Atlanta Bus. Video v. FanTrace, 324 Ga. App. 559 | 307A+746 | An involuntary dismissal without prejudice by the trial court for failure to appear is discretionary and is not subject to review by the Court of Appeals in the absence of an abuse of that discretion. West's Ga.Code Ann. S 9-11-41(b). | Is an involuntary dismissal without prejudice by the trial court for failure to appear discretionary and not subject to review by the Court of Appeals in the absence of an abuse of that discretion? | 033889.docx | LEGALEASE-00142246-LEGALEASE-00142247 |
| Edmunds v. Kraner, 142 Idaho 867 | 30+3324 | The imposition of sanctions for non-compliance with pretrial orders is committed to the discretion of the trial court, and the appellate court will not overturn such a decision absent a manifest abuse of that discretion. Rules Civ.Proc., Rules 16(i), 37(b)(2)(B, C, D). | "Is the imposition of sanctions for non-compliance with pretrial orders committed to the discretion of the trial court, and will the appellate court overturn such a decision absent a manifest abuse of that discretion?" | 033906.docx | LEGALEASE-00142328-LEGALEASE-00142329 |
| Mohr v. Mohr, 859 N.W.2d 377 | 307A+560 | The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. Neb. Rev. Stat. S 25-217. | "Is the only way to ensure that an unserved action stands dismissed, as required by statute, to hold that such dismissal occurs by operation of law?" | Pretrial Procedure - Memo # 6432 - C - SK.docx | ROSS-003330370-ROSS-003330371 |
| Tucker v. Tucker, 55 N.Y.2d 378 | 30+3324 | The decision concerning the appropriate sanction for failure to comply with a pretrial order is within the trial court's discretion, and the Court of Civil Appeals reviews such decisions to determine whether the trial court exceeded its discretion. Rules Civ.Proc., Rules 37(b)(2)(C), 41. | Is the decision concerning the appropriate sanction for failure to comply with a pretrial order within the trial court's discretion? | Pretrial Procedure - Memo # 6436 - C - AP.docx | ROSS-003330372-ROSS-003330373 |
| Camerota v. Kaufman, 666 So. 2d 1042 | 307A+746 | Before entering default judgment based on party's failure to appear at case management conference as ordered, trial court must find that party's conduct was willful and contumacious. West's F.S.A. RCP Rule 1.200(c). | "Before entering a default judgment based on a party's failure to appear at case management conference as ordered, must a trial court find that party's conduct was willful and contumacious?" | Pretrial Procedure - Memo # 6636 - C - SJ.docx | ROSS-003304888-ROSS-003304889 |
| Perry v. Stitzer Buick GMC, 637 N.E.2d 1282 | 106+40 | Motion to dismiss for lack of subject matter jurisdiction presents threshold question concerning court's power to act; when court lacks subject matter jurisdiction, any action it takes is void. Trial Procedure Rule 12(B)(1). | Does motion to dismiss for lack of subject matter jurisdiction present a threshold question concerning the court's power to act? | Pretrial Procedure - Memo # 6813 - C - VA.docx | ROSS-003302856-ROSS-003302857 |
| Alpha Rho Zeta of Lambda Chi Alpha v. Inhabitants of City of Waterville, 477 A.2d 1131 | 371+2005 | Right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide essential needs of state government, i.e. to secure such revenue as will be sufficient and indispensable to preservation of public peace, health and safety. 36 M.R.S.A. S 502. | Is the right of taxation an essential attribute of sovereignty? | 11407.docx | LEGALEASE-00094376-LEGALEASE-00094377 |
| Pierson v. Treasurer of State, 126 S.W.3d 386 | 413+2 | Workers' compensation law is entirely a creature of statute, and when interpreting the law, the Supreme Court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. | "How is the plain and ordinary meaning used when considering the legislatures intent, under the workers compensation law?" | 048154.docx | LEGALEASE-00142138-LEGALEASE-00142139 |
| In re Pechman's Estate, 532 P.2d 385 | 34+63 | National Service Life Insurance, which is a contract made in pursuance of federal statute, must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private insurance companies. 38 U.S.C.A. SS 717(a), 3101(a). | Do the rules governing private life insurance govern relationships under the statutorily created National Service Life Insurance? | 008663.docx | LEGALEASE-00144639-LEGALEASE-00144640 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adcock v. Brakegate, Ltd., 164 Ill. 2d 54 | 30+4222 | Under doctrine of aider by verdict, jury verdict against defendant cured not only all formal and purely technical defects in complaint, but any defect in failing to allege or alleging imperfectly any substantial facts that were essential to civil conspiracy cause of action. | "Will the defect in failing to allege substantial facts which are essential to the cause of action, be cured by the doctrine of aider by verdict?" | Pleading - Memo 419 - RMM.docx | LEGALEASE-00033801-LEGALEASE-00033802 |
| State v. Derks, 155 Conn. App. 87 | 110+752.5 | A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | Does a motion to dismiss essentially assert that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court? | Pretrial Procedure - Memo # 5548 - C - CK.docx | ROSS-003329841-ROSS-003329842 |
| Mun. Constr. Equip. Operators' Labor Council v. Cleveland, 2016-Ohio-5934 | 307A+554 | The standard for determining a motion to dismiss for lack of subject matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint. Rules Civ.Proc., Rule 12(B)(1). | Is the standard of review for a motion to dismiss for lack of subject matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint? | 033066.docx | LEGALEASE-00144009-LEGALEASE-00144010 |
| Stanley v. Great Gorge Country Club, 353 N.J. Super. 475 | 307A+560 | A trial court has discretion in deciding whether to dismiss a plaintiff's complaint with prejudice for violating the rule that a summons must be served within 10 days of filing the complaint. R. 4:37-2(a). | Does a trial court have discretion in deciding whether to dismiss a plaintiff's complaint with prejudice for violating the rule that a summons must be served within 10 days of filing the complaint? | Pretrial Procedure - Memo # 6195 - C - PB.docx | ROSS-003288229-ROSS-003288230 |
| Draughon v. Harnett Cty. Bd. of Educ., 166 N.C. App. 449 | 313+48 | If a party fails to obtain valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed. Rules Civ.Proc., Rule 4, West's N.C.G.S.A. S 1A-1(j). | "Does a court acquire personal jurisdiction over the defendant and the action be dismissed, if a party fails to obtain valid service of process?" | 033650.docx | LEGALEASE-00144093-LEGALEASE-00144094 |
| Capital Promotions v. Don King Prods., 756 N.W.2d 828 | 307A+554 | Ordinarily, issues of personal jurisdiction are raised in a motion to dismiss, and the district court would make the necessary factual findings to determine whether the court had personal jurisdiction over the defendant. | Would a district court make necessary factual findings to determine whether a court has personal jurisdiction over the defendant? | Pretrial Procedure - Memo # 6210 - C - BP.docx | ROSS-003289112-ROSS-003289113 |
| La Plante v. Implement Dealers Mut. Fire Ins. Co., 73 N.D. 159 | 307A+746 | The statute authorizing pre-trial conferences does not deprive trial court of exercise of judicial discretion in permitting amendments or corrections of mistakes in pleadings under general statutory provisions. Comp.Laws 1913, SS 7478-7486; Laws 1943, c. 216. | Does the statute authorizing pre-trial conferences not deprive a trial court of exercise of judicial discretion in permitting amendments or corrections? | 034177.docx | LEGALEASE-00144596-LEGALEASE-00144597 |
| Wenwei Sun v. Aviles, 53 So. 3d 1075 | 307A+563 | Although trial courts have the inherent authority to dismiss actions based on fraud and collusion, that power should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. | Should a trial court's authority to dismiss a lawsuit based on fraud on the court be used cautiously and sparingly? | 034216.docx | LEGALEASE-00144733-LEGALEASE-00144734 |
| Clark v. Sturks, 668 So. 2d 1106 | 307A+746 | Although trial court has discretion or the authority to sanction party for failure to attend case management conference, sanction must be commensurate with offense. West's F.S.A. RCP Rule 1.200(c). | "Although a trial court has discretion or the authority to sanction a party for failure to attend case management conference, must the sanction be commensurate with offense?" | 034242.docx | LEGALEASE-00144763-LEGALEASE-00144764 |
| Copiah Cty. Sch. Dist. v. Buckner, 61 So. 3d 162 | 313+63 | While there is no actual requirement that a motion for additional time to serve defendants be filed, a plaintiff who prior to expiration of the service period files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing. Rules Civ.Proc., Rule 4(h). | Will a plaintiff who files a motion representing that he or she has been unable to serve process be more likely to succeed in demonstrating diligence? | Pretrial Procedure - Memo # 6654 - C - SS.docx | ROSS-003288418-ROSS-003288419 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Azimi v. Johns, 254 P.3d 1054 | 307A+46 | A trial court's discretion to order litigation-ending sanctions is severely limited, whether the dismissal is requested as a discovery sanction or for non-compliance with court orders; there must be willful noncompliance with court orders, or extreme circumstances, or gross violations of the rules of civil procedure, and the record must also clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal. Rules Civ.Proc., Rules 37, 41(b). | Is a trial court's discretion to order litigation-ending sanctions severely limited when the dismissal is requested as a discovery sanction under Civil Rule 37 or for non-compliance with court orders pursuant to Civil Rule 41(b)? | Pretrial Procedure - Memo # 6716 - C - SS.docx | ROSS-003289818-ROSS-003289819 |
| In re Peoples, 296 N.C. 109 | 307A+552 | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Is the issue of mootness determined solely by examining facts in existence at the commencement of an action? | 034458.docx | LEGALEASE-00143778-LEGALEASE-00143779 |
| Brock v. Fouchy, 76 Cal. App. 2d 363 | 307A+674 | The statutory provision that all actions commenced without the issuance of a summons for one year must be dismissed by the court on its own motion or of any interested party authorizes a court, upon application of one defendant, appearing specially, to dismiss the action against all defendants against whom a summons has not been issued within one year. West's Ann.Code Civ.Proc. S 581a. | "If the summons is not issued within one year after the action is commenced, should the action be dismissed?" | Pretrial Procedure - Memo # 6805 - C - SHS.docx | ROSS-003289382-ROSS-003289383 |
| Tragni v. Tragni, 21 A.D.3d 1084 | 307A+746 | Ordinarily, where court grants judgment to plaintiff based upon defendant's default in appearing at conference, default may be vacated only if defendant can demonstrate both reasonable excuse for default in appearing and meritorious defense. N.Y.Ct.Rules, S 202.27(a). | "Can default in not appearing at a conference, be vacated only if defendant can demonstrate both reasonable excuse for default in appearing and meritorious defense?" | 034536.docx | LEGALEASE-00143719-LEGALEASE-00143720 |
| Coaker v. Washington Cty. Bd. of Educ., 646 So. 2d 38 | 307A+552 | Generally, if, pending judgment by trial court, event occurs which makes determination of case unnecessary, or makes it clearly impossible to grant effective relief, case will be dismissed. | "Will a case be dismissed if, pending judgment by trial court, event occurs which makes determination of case unnecessary, or makes it clearly impossible to grant effective relief?" | 035410.docx | LEGALEASE-00145001-LEGALEASE-00145002 |
| Idaho Oil Co. v. Atlas Supply Co., 166 S.W.2d 740 | 302+111.46 | Where plaintiff filed suit against defendant maker on a series of notes payable in county in which suit was filed, and after defendant filed answer alleging payment, plaintiff filed an amended petition seeking recovery on notes or on an open account, trial court properly overruled plea of privilege to be sued in county of its residence filed by defendant claiming that the payments ought to be applied on the notes, where no issue was raised as to whether cause of action bottomed upon the notes was fraudulently brought with cause of action on the account to confer venue on trial court. | "If a plaintiff by amended petition abandons the cause of action on which venue is based and relies only upon causes of action not properly triable in the county where the suit is filed, does the right to then file a plea of privilege enure to the defendant?" | 047512.docx | LEGALEASE-00144920-LEGALEASE-00144921 |
| United States v. Bahel, 662 F.3d 610 | 63+14 | A district judge does not have to use the magic words, "corrupt intent," or "quid pro quo," to effectively charge a jury on bribery, though it may be advisable. 18 U.S.C.A. S 201. | Does a judge have to use the words corrupt intent or quid pro quo to effectively charge a jury on bribery? | 012303.docx | LEGALEASE-00145587-LEGALEASE-00145588 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mounger v. Pittman, 235 Miss. 85 | 260+55(4) | The distinguishing characteristics of a "non-participating royalty interest" are: (1) Such share of production is not chargeable with any of the costs of discovery and production; (2) the owner has no right to do any act or thing to discover and produce the oil and gas; (3) the owner has no right to grant leases; and (4) the owner has no right to receive bonuses or delay rentals. | What are the distinguishing characteristics of a non-participating royalty interest? | Mines and Minerals - Memo #255 - C - CSS.docx | ROSS-003287557-ROSS-003287558 |
| Jeganathan v. O'Reilly, 195 Misc. 2d 197 | 307A+746 | A default based upon a failure to appear at a court conference may be vacated where the party lacked actual notice of the scheduled date. N.Y.Ct.Rules, SS 202.27, 210.14(2). | Can a default based upon a failure to appear at a court conference be vacated where the party lacked actual notice of the scheduled date? | Pretrial Procedure - Memo # 6491 - C - KG.docx | ROSS-003304867-ROSS-003304869 |
| Frame v. Boatmen's Bank of Concord Vill., 782 S.W.2d 117 | 184+13(2) | In case of fraudulent representation, it is sufficient to show that representations were made by one with consciousness that he was without knowledge of their truth or falsity, when, in fact, they were false; truth or falsity of representation, however, is determined at time it was made, and at time it was intended to be relied upon. | Is the truth or falsity of the representation determined as of the time it was made and as of the time it was intended to be relied and acted upon? | Pretrial Procedure - Memo # 6496 - C - PC.docx | ROSS-003289219-ROSS-003289220 |
| Carazo v. Status Shipping, Ltd., 613 So. 2d 1329 | 307A+746 | While rule permits court, on failure of party to attend case management or pretrial conference, to dismiss action, strike pleadings, limit proof or witnesses, or take any other appropriate action, sanction imposed must be commensurate with offense. West's F.S.A. RCP Rule 1.200. | Should a sanction imposed be commensurate with the offense? | Pretrial Procedure - Memo # 6540 - C - DHA.docx | ROSS-003302713-ROSS-003302714 |
| Benware v. Means, 1999-1410 (La. 1/19/00) | 307A+746 | In determining the penalty for violation of pre-trial or discovery orders, each case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion. | "In determining the penalty for violation of pre-trial or discovery orders, must each case be decided upon its own facts and circumstances?" | Pretrial Procedure - Memo # 6553 - C - SK.docx | ROSS-003289739-ROSS-003289740 |
| Steele v. Beaty, 215 N.C. 680 | 307A+563 | A "judgment of discontinuance" is one of dismissal of plaintiff's action based on interruption in proceedings occasioned by failure of plaintiff to continue suit regularly from time to time as he ought. | "Is a ""judgment of discontinuance"" one of dismissal of a plaintiff's action based on interruption in proceedings occasioned by failure of a plaintiff to continue suit?" | 10824.docx | LEGALEASE-00094783-LEGALEASE-00094784 |
| City of Miami Beach v. Chadderton, 306 So. 2d 558 | 307A+563 | Plaintiff who invokes trial court's jurisdiction and seeks to avail himself of its powers and remedies does so with the understanding that he must abide by its lawful orders and the trial court has the power to impose sanction of dismissal for failure to so abide. | Does a plaintiff who invokes a trial court's jurisdiction and seeks to avail himself of its powers and remedies do so with the understanding that he must abide by its lawful orders? | Pretrial Procedure - Memo # 7089 - C - SK.docx | ROSS-003326571-ROSS-003326572 |
| McMillan v. Horan, 632 So. 2d 1091 | 307A+563 | Trial court must consider six factors prior to determining appropriate sanction for plaintiff's failure to amend within time specified by court order, and any final dismissal of defaulting plaintiff, or record upon which it is based, should demonstrate that decision to dismiss conforms with such factors. | Should a trial court consider six factors prior to determining an appropriate sanction for a plaintiff's failure to amend? | 09507.docx | LEGALEASE-00096100-LEGALEASE-00096101 |
| Matter of Wilson, 932 S.W.2d 263 | 307A+552 | Dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly lies only where claim has no arguable basis in law or fact. V.T.C.A., Civil Practice & Remedies Code S 13.001(a)(2). | "Does dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly, lie where claim has no arguable basis in law or fact?" | Pretrial Procedure - Memo # 7183 - C - VA.docx | ROSS-003289970-ROSS-003289971 |
| Middleton v. Middleton, 526 So. 2d 859 | 307A+581 | Whether step or steps taken by defendant after accrual of five-year abandonment of action period be termed as "affirmative," "definite," or "formal," it is qualitative effect of step(s) taken by defendant which must be considered to determine whether defendant's conduct waived abandonment. LSA-C.C.P. art. 561. | Is it the qualitative effect of the steps taken by defendant which must be considered to determine whether the defendant has waived abandonment? | Pretrial Procedure - Memo # 7196 - C - SK.docx | ROSS-003329981 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Montgomery v. SmithKline Beecham Corp., 910 So. 2d 541 | 307A+560 | Ordinarily, under the civil procedure rule regarding service of process, if 120 days has expired after the filing of the complaint, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal, and the plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. Rules Civ.Proc., Rule 4(h). | Can good cause be demonstrated where a plaintiff has not been diligent in attempting to serve process? | 035186.docx | LEGALEASE-00145735-LEGALEASE-00145736 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does Court have inherent power to dismiss action shown to be fictitious and sham, without basing order on facts specified in statute?" | 035263.docx | LEGALEASE-00145997-LEGALEASE-00145998 |
| Montgomery v. SmithKline Beecham Corp., 910 So. 2d 541 | 307A+560 | In demonstrating good cause for failing to timely serve process and diligence in attempting to serve process, so that the action will not be dismissed despite failure to serve process, a plaintiff must show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or some other acceptable reason. Rules Civ.Proc., Rule 4(h). | "Should a plaintiff show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or some other acceptable reason?" | 035267.docx | LEGALEASE-00146007-LEGALEASE-00146008 |
| State v. E.I., 114 So. 3d 309 | 307A+552 | Moot case will generally be dismissed unless the questions raised are of great public importance or are likely to recur, or if collateral legal consequences that affect the rights of a party flow from the questions raised. | Will a moot case be dismissed if the questions raised are of great public importance or if the questions raised are likely to recur? | 035375.docx | LEGALEASE-00145330-LEGALEASE-00145331 |
| Mazer v. Orange Cty., 811 So. 2d 857 | 307A+552 | At least three instances have been recognized by courts in which a moot case will not be dismissed: (1) when the issues are of great public importance; (2) when the issues are likely to recur; and (3) when collateral legal consequences flow from the issues to be resolved that may affect the rights of a party. | What are the instances that have been recognized by courts in which a moot case will not be dismissed? | 035377.docx | LEGALEASE-00145350-LEGALEASE-00145351 |
| JVA Enterprises, I v. Prentice, 48 So. 3d 109 | 307A+563 | When imposing the harshest of sanctions for fraud on the court, namely dismissal of the action, trial courts should weigh the policy favoring adjudication on the merits with the need to maintain the integrity of the judicial system. | "When imposing the harshest of sanctions for fraud on the court, namely dismissal of the action, should trial courts weigh the policy favoring adjudication on the merits?" | 035436.docx | LEGALEASE-00145190-LEGALEASE-00145191 |
| Howard v. Risch, 959 So. 2d 308 | 307A+563 | Unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim on grounds that a fraud has been perpetrated on the court. | "Where it appears that the process of the trial itself has been subverted, are cases well managed through the use of impeachment?" | 035446.docx | LEGALEASE-00145256-LEGALEASE-00145257 |
| Sommer v. Maharaj, 451 Mass. 615 | 307A+563 | In determining whether a party's conduct justifies dismissal of a lawsuit, a judge should give sufficient consideration to the prejudice that the movant would incur if the motion to dismiss were denied, and whether there are more suitable, alternative penalties. | "In determining whether a party's conduct justifies dismissal of a lawsuit, should a judge give sufficient consideration to whether there are more suitable, alternative penalties?" | Pretrial Procedure - Memo # 7377 - C - TM.docx | ROSS-003302138-ROSS-003302139 |
| Lambdin v. Lambdin, 2002 WL 121219 | 307A+563 | Dismissal for failure to prosecute or comply with a court order is appropriate where the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to merit the harsh sanction of a dismissal with prejudice. Rules Civ.Proc., Rule 41(B)(1). | "Is dismissal for failure to prosecute or comply with a court order appropriate where the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to merit the harsh sanction of a dismissal with prejudice?" | 035467.docx | LEGALEASE-00145812-LEGALEASE-00145813 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kedzie & 103rd Currency Exch. v. Hodge, 156 Ill. 2d 112 | 307A+685 | If, after considering the pleadings and affidavits, trial judge finds that plaintiff has failed to carry shifted burden of going forward, motion for involuntary dismissal based upon certain defects or defenses may be granted and cause of action dismissed. Ill.Rev.Stat.1989, ch. 110, P 2-619. | Will a motion to dismiss be granted on the basis that plaintiff failed to carry the shifted burden of going forward? | 036290.docx | LEGALEASE-00146645-LEGALEASE-00146646 |
| TransAmerican Nat. Gas Corp. v. Powell, 811 S.W.2d 913 | 307A+44.1 | Discovery sanctions which are so severe as to preclude presentation of merits of case should not be assessed absent party's flagrant bad faith or counsel's callous disregard for responsibility of discovery under rules. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | Should death penalty sanction not be assessed absent a party's flagrant bad faith conduct or counsel's callous disregard of the rules? | 034911.docx | LEGALEASE-00146773-LEGALEASE-00146774 |
| Techniarts Video v. 1631 Kalorama Assocs., 572 A.2d 1051 | 307A+581 | In determining whether to dismiss as sanction for failure to prosecute or to comply with superior court order, inquiry should include whether conduct calling for sanctions was willful and whether other party was prejudiced by it and sanction imposed should, wherever possible, be tailored to offense. Civil Rule 41(b). | "In determining whether to dismiss as sanction for failure to prosecute or to comply with superior court order, should an inquiry include whether conduct calling for sanctions was willful?" | Pretrial Procedure - Memo # 7062 - C - TM_58316.docx | ROSS-003292430-ROSS-003292432 |
| In re Peoples, 296 N.C. 109 | 307A+552 | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Should the court dismiss the action if the issues giving rise to the action become moot at any time during the proceedings? | 034946.docx | LEGALEASE-00146808-LEGALEASE-00146809 |
| RBS Citizens, Nat. Ass'n v. RTG-Oak Lawn, 407 Ill. App. 3d 183 | 307A+551 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. S.H.A. 735 ILCS 5/2-619. | "Does a motion to dismiss assert certain defects, defenses or other affirmative matters that appear on the face of the complaint?" | Pretrial Procedure - Memo # 7913 - C - SK.docx | ROSS-003300305 |
| Thormodsgard v. Wayne Twp. Bd. of Sup'rs, 310 N.W.2d 157 | 200+79.1 | Abandonment of section line right-of-way cannot be established solely by evidence that highway has never been open, improved or traveled, but rather, appropriate governing board must act affirmatively to vacate or abandon section line right-of-way. SDCL 31-3-1, 31-18-1. | Should the appropriate governing board act affirmatively to vacate or abandon a section line right-of-way? | 10801.docx | LEGALEASE-00094177-LEGALEASE-00094178 |
| Faith Assembly v. Titledge of New York Abstract, 106 A.D.3d 47 | 307A+561.1 | A motion to dismiss may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss be granted where the documentary evidence utterly refutes plaintiff factual allegations? | 10962.docx | LEGALEASE-00094514-LEGALEASE-00094515 |
| McDonald v. Lipov, 2014 IL App (2d) 130401 | 307A+686.1 | A motion to dismiss under statute governing involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | "Will a motion to dismiss, under section 2619 of the Code pursuant to statute governing involuntary dismissal based upon certain defects or defenses, admit the legal sufficiency of the plaintiffs' complaint?" | 035735.docx | LEGALEASE-00147582-LEGALEASE-00147583 |
| Drummond v. Murata, 227 Cal. App. 3d 44 | 307A+590.1 | Time between date that arbitration award is filed and date set for trial de novo is not to be excluded from calculation of five-year period within which action must be brought to trial. West's Ann.Cal.C.C.P. S 1141.17(b). | Is the time between date that arbitration award is filed and date set for trial de novo not to be excluded from calculation of five-year period within which action must be brought to trial ? | Pretrial Procedure - Memo # 7617 - C - SJ.docx | ROSS-003286355-ROSS-003286356 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Republic Claims Serv. Co. v. Hoyal, 264 Ga. 127 | 307A+590.1 | Party who wishes to avoid automatic dismissal for want of prosecution has duty to obtain written order of continuance within five-year period. O.C.G.A. S 9-2-60(b). | Does the party who wishes to avoid automatic dismissal for want of prosecution have a duty to obtain a written order of continuance within a five-year period? | 10240.docx | LEGALEASE-00095431-LEGALEASE-00095432 |
| Florez v. City of Miami, 858 So. 2d 378 | 307A+590.1 | To defeat a motion to dismiss for failure to prosecute, it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably calculated to advance the case toward resolution. | "To defeat a motion to dismiss for failure to prosecute, should it be shown that there was affirmative record activity during this time?" | Pretrial Procedure - Memo # 7725 - C - SHS.docx | ROSS-003286595-ROSS-003286596 |
| Rolle v. Cold Stone Creamery, 212 So. 3d 1073 | 307A+561.1 | Affirmative defenses are generally matters raised in an answer and not a motion to dismiss; however, where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the defense bars the action as a matter of law, a motion to dismiss raising the defense is properly granted. | Are affirmative defenses generally matters raised in an answer and not a motion to dismiss? | Pretrial Procedure - Memo # 7762 - C - KG.docx | ROSS-003313606-ROSS-003313607 |
| Dunn v. City of Kenner, 11 So. 3d 1115 | 30+3206 | Whether a step in the prosecution of a case has been taken in the trial court for a period of three years, so as to defeat a claim of abandonment, is a question of fact subject to a manifest error analysis on appeal. LSA-C.C.P. art. 561. | Has whether or not a step in the prosecution of a case been taken in the trial court for a period of three years a question of fact? | 036132.docx | LEGALEASE-00147584-LEGALEASE-00147585 |
| Willey v. Roberts, 664 So. 2d 1371 | 307A+590.1 | Motions to withdraw or enroll as counsel or to substitute counsel are not formal "steps" before court in prosecution of suit, for purposes of determining whether suit has been abandoned; such motions grant to counsel the right to take steps, or to prepare to take steps, toward prosecution or defense of case, but do not hasten matter to judgment. LSA-C.C.P. art. 561, subd. A. | Is a motion to substitute counsel not considered a formal step before court in prosecution of suit which will operate to interrupt abandonment? | 11289.docx | LEGALEASE-00094787-LEGALEASE-00094788 |
| Moreno v. State, 405 S.W.3d 763 | 352H+16 | Offense of indecency with child consists of the following elements: any touching of anus, breast, or part of genitals, of child, younger than 17 years of age, not offender's spouse, and with intent to arouse or gratify sexual desire of any person. V.T.C.A., Penal Code S 21.11(a)(1). | Is the intent to arouse sexual gratification an essential element of the offense of indecency with a child? | 042982.docx | LEGALEASE-00147974-LEGALEASE-00147975 |
| Wood v. Beatrice Foods Co., 813 P.2d 821 | 413+2 | Statutorily created benefits such as workers' compensation exist only to extent provided by applicable statutes, and legislation limiting such benefits does not deprive affected persons of constitutionally protected property interest. C.R.S. 8-52-104.5; U.S.C.A. Const.Amends. 5, 14. | Do workers' compensation benefits deprive affected persons of a constitutionally protected property interest? | 048283.docx | LEGALEASE-00146917-LEGALEASE-00146918 |
| State v. Davis, 160 Conn. App. 251 | 63+10 | In proving corrupt intent, other similar offenses, tending to show the corrupt course of dealing of a public official, may be shown as tending to prove the specific corrupt intent charges in the indictment. | "In proving corrupt intent, may other similar offenses, tending to show that corrupt course of dealing of a public official, be shown?" | 012454.docx | LEGALEASE-00148290-LEGALEASE-00148291 |
| Tennessee Valley Kaolin Corp. v. Perry, 526 S.W.2d 488 | 260+68(3) | Implied duty of lessee to mine premises can be and is waived by lessor where lessee has paid or agreed to pay specific sum of money in lieu of recurring royalties and money has been accepted by lessor. | Is a duty to mine waived by the lessor where the lessee has paid a specific sum of money in lieu of recurring royalties and the money has been accepted by the lessor? | 021603.docx | LEGALEASE-00148115-LEGALEASE-00148116 |
| Harnish v. Shannon, 392 Pa. 419 | 260+62.1 | Lease of coal in place until such time as all of available merchantable coal shall have been mined and removed is a sale of an estate in fee simple and leaves lessor with only interest in royalties to be paid under that lease. | Is a lease of coal in place a sale of an estate in fee simple and leaves the lessor with only an interest in the royalties? | 021615.docx | LEGALEASE-00148175-LEGALEASE-00148176 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Calabrese v. Rexall Drug & Chem. Co., 218 Cal. App. 2d 774 | 83E+459 | Although ordinarily endorsement without recourse impliedly warrants genuineness of instrument, that negotiator has good title, that prior parties had capacity to contract and that negotiator has no knowledge of any fact which would impair the validity of the instrument or render it valueless, such warranties are not implied in endorsement where made pursuant to agreement which provides otherwise. West's Ann.Civ.Code, S 3146. | What are the warranties to be implied by a person who negotiates an instrument by delivery or by a qualified indorsement warrants? | 010379.docx | LEGALEASE-00149736-LEGALEASE-00149737 |
| Vodak v. City of Chicago, 624 F. Supp. 2d 933 | 129+108 | Act of blocking the free flow of pedestrian or vehicular traffic on public ways will support a conviction for the offense of disorderly conduct under Illinois law. | Can an act of blocking the free flow of pedestrian or vehicular traffic on public ways support a conviction for the offense of disorderly conduct? | 014436.docx | LEGALEASE-00149597-LEGALEASE-00149598 |
| Cartwright v. Bell, 57 Tenn. App. 352 | 200+23 | Private Act conferring authority upon county to open, close, change or create system of roads and bridges gives county no broader authority with respect to roads than is given under general statutes. Priv.Acts 1919, c. 359; T.C.A. S 54-1701. | Do private acts confer broader authority on the County to close roads than the general statutes? | 019265.docx | LEGALEASE-00149396-LEGALEASE-00149397 |
| Hillman v. Weatherly, 14 So. 3d 721 | 307A+690 | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | "Is the propriety of a dismissal with prejudice, bolstered by the degree of actual prejudice to the defendant?" | 036446.docx | LEGALEASE-00149081-LEGALEASE-00149082 |
| Harris v. Cleveland, 979 So. 2d 78 | 307A+581 | The entry of a judgment of dismissal for a defendant as a matter of law for want of prosecution of a civil action is a drastic sanction, only to be used in extreme situations. Rules Civ.Proc., Rule 41(b). | "Is the entry of a judgment of dismissal for a defendant as a matter of law for want of prosecution of a civil action, a drastic sanction, only to be used in extreme situations?" | 036598.docx | LEGALEASE-00149501-LEGALEASE-00149502 |
| Jenkins v. Tucker, 18 So. 3d 265 | 307A+581 | Aggravating factors supporting a dismissal for want of prosecution may include: (1) whether the delay was caused by the party as opposed to his counsel; (2) whether there was actual prejudice to the opposing party; and (3) whether the delay was an intentional attempt to abuse the judicial process. Rules Civ.Proc., Rule 41(b). | "Do aggravating factors supporting a dismissal for want of prosecution, include whether there was actual prejudice to the opposing party?" | 036610.docx | LEGALEASE-00149429-LEGALEASE-00149430 |
| United States v. Hymans, 463 F.2d 615 | 411+7 | Rule promulgated by Secretary of Agriculture forbidding indecent conduct in posted areas of concentrated public use was within power delegated to Congress to the Secretary to regulate the occupancy and use of national forests. 16 U.S.C.A. S 551. | Does the Secretary of Agriculture have the power to prohibit or forbid indecent or unauthorized conduct in posted areas of concentrated public use? | Woods and Forest - Memo 64 - AR_58586.docx | ROSS-003296647-ROSS-003296648 |
| Joseph E. Seagram & Sons v. Willis, 401 N.E.2d 87 | 413+2 | A proceeding for workmen's compensation is purely statutory in origin and procedure and the rights and obligations of the parties concerned must be determined by reference to legislative act. | "Are proceedings for workmen's compensation purely statutory in origin and procedure, and the rights and obligations of the parties concerned determined by reference to the act of the Legislature?" | 048408.docx | LEGALEASE-00150004-LEGALEASE-00150005 |
| Draper v. Med. Ctr. of Delaware, 767 A.2d 796 | 307A+581 | Litigants, whether represented by counsel or appearing pro se, must diligently prepare their cases for trial or risk dismissal for failure to prosecute. | "Should litigants, whether represented by counsel or appearing pro se, diligently prepare their cases for trial or risk dismissal for failure to prosecute?" | Pretrial Procedure - Memo # 8067 - C - NE_58744.docx | ROSS-003281030-ROSS-003281031 |
| Coates v. Ocean State Jobbers, 18 A.3d 554 | 307A+681 | In considering a dismissal motion for lack of prosecution, trial court must balance court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay, and on the other hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b)(1, 2). | Should a trial justice weigh the equities between the parties in considering a dismissal motion for lack of prosecution? | 036816.docx | LEGALEASE-00150176-LEGALEASE-00150179 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nazeri v. Missouri Valley Coll., 860 S.W.2d 303 | 307A+679 | Motion to dismiss for failure to state cause of action is solely test of adequacy of plaintiff's petition, and it assumes that all of plaintiff's averments are true and liberally grants plaintiff all reasonable inferences therefrom. | Is a motion to dismiss for failure to state a cause of action solely a test of the adequacy of the petition? | 036857.docx | LEGALEASE-00150422-LEGALEASE-00150423 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+561.1 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | "Can a complaint be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim?" | 037072.docx | LEGALEASE-00150760-LEGALEASE-00150761 |
| State v. France, 180 Wash. 2d 809 | 3.77E+10 | The First Amendment broadly protects speech, but not "true threats" which are statements made in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted as a serious expression of intention to inflict bodily harm upon or to take the life' of another person. U.S.C.A. Const.Amend. 1; West's RCWA 9A.46.020. | "What is the definition of ""true threats""?" | Threats and Stalking - Memo #27 - C - LB_58920.docx | ROSS-003295338-ROSS-003295339 |
| Zuckerman Spaeder, LLP v. Auffenberg, 646 F.3d 919 | 25T+182(2) | A defendant seeking a stay pending arbitration under Federal Arbitration Act (FAA) who has not invoked the right to arbitrate on the record at the first available opportunity, typically in filing his first responsive pleading or motion to dismiss, has presumptively forfeited that right. 9 U.S.C.A. S 3. | Does a defendant presumptively forfeit the right to arbitration if he fails to invoke the right to arbitrate on the record at the first available opportunity? | 007938.docx | LEGALEASE-00151401-LEGALEASE-00151402 |
| First Nat. Bank in Dallas v. Lampman, 442 S.W.2d 858 | 108H+33 | Person who possesses promissory notes, checks, or other choses in action for collection cannot be held liable as garnishee in suit against owner thereof unless he has received payment of money thereon. Rules of Civil Procedure, rule 659. | "Can a person in possession of instruments like promissory notes, chose in actions and checks be held liable as garnishee?" | 010389.docx | LEGALEASE-00150840-LEGALEASE-00150841 |
| Allen v. Titan Propane, 484 S.W.3d 902 | 307A+561.1 | A very narrow and limited exception to the pleading requirement for affirmative defenses exists, whereby a defendant may properly file a motion to dismiss for failure to state a claim when it appears from the face of the petition that an affirmative defense is applicable. V.A.M.R. 55.27(a)(6). | Are there any exceptions that exist to the pleading requirement for affirmative defenses? | 037029.docx | LEGALEASE-00150894-LEGALEASE-00150895 |
| Green Tree Servicing v. Chicago Title Ins. Co., 499 S.W.3d 771 | 307A+683 | A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. | Does a motion to dismiss for failure to state a cause of action assume that all of a plaintiff's averments are true? | Pretrial Procedure - Memo # 8459 - C - SHB_59158.docx | ROSS-003296691-ROSS-003296692 |
| Rainbow Home Health v. Schmidt, 76 S.W.3d 53 | 307A+581 | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial; (2) when the case has not been disposed of within the Supreme Court's time standard; and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(1, 2). | Can court dismiss a case when the case has not been prosecuted with due diligence? | 037212.docx | LEGALEASE-00150910-LEGALEASE-00150911 |
| Vanek v. State, Bd. of Fisheries, 193 P.3d 283 | 307A+622 | To survive a motion to dismiss for failure to state a claim, the complaint must allege a set of facts consistent with and appropriate to some cause of action. Rules Civ.Proc., Rule 12(b)(6). | "To survive a motion for dismissal for failure to state a claim, is it enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action?" | 037246.docx | LEGALEASE-00151032-LEGALEASE-00151033 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rosenthal v. Dean Witter Reynolds, 908 P.2d 1095 | 30+3281 | Supreme Court views with disfavor a motion to dismiss for failure to state a claim and upholds trial court's grant of such motion only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Rules Civ.Proc., Rule 12(b)(5). | "Is dismissal for failure to state a claim upon which relief can be granted, proper where the factual allegations in the complaint cannot support the claim for relief?" | 037258.docx | LEGALEASE-00150928-LEGALEASE-00150929 |
| Blake v. Plus Mark, 952 S.W.2d 413 | 307A+561.1 | Term "affirmative relief" requires allegation of new matter that, in effect, amounts to counterattack as that term is used in statute or rule precluding dismissal where adverse party has sought "affirmative relief"; relief sought, if granted, must operate not as defense, but affirmatively and positively to defeat plaintiff's cause of action. | "Would the term ""affirmative relief"" be used in statute or rule precluding dismissal where adverse party has sought affirmative relief?" | Pretrial Procedure - Memo # 8537 - C - SHB_59216.docx | ROSS-003282788-ROSS-003282789 |
| In re Cliquot's Champagne, 70 U.S. 114 | 157+241(1) | Whatever is done by an agent in reference to the business in which he is at the time employed and within scope of his authority is said or done by the principal and may be proved in criminal and civil cases in all respects as if the principal were the actor or speaker. | Can anything done by an agent in reference to the business and within the scope of his authority be considered as done or said by the principal? | 041449.docx | LEGALEASE-00151214-LEGALEASE-00151215 |
| In re Cliquot's Champagne, 70 U.S. 114 | 157+241(1) | Whatever is done by an agent in reference to the business in which he is at the time employed and within scope of his authority is said or done by the principal and may be proved in criminal and civil cases in all respects as if the principal were the actor or speaker. | Can anything done by an agent in reference to the business in which he is employed be considered as done or said by the principal and be proved in a case as if the evidence applied personally to the principal? | Principal and Agent - Memo 180 - KC_59462.docx | ROSS-003292199-ROSS-003292200 |
| U.S. v. Peralta-Sanchez, 847 F.3d 1124 | 92+4437 | The fact that aliens are protected by the Due Process Clause does not mean that all aliens are entitled to enjoy all the advantages of citizenship or that all aliens must be placed in a single homogenous legal classification; the class of aliens is itself a heterogeneous multitude of persons with a wide-ranging variety of ties to this country. U.S. Const. Amend. 5. | Does the fact that aliens are protected by the Due Process Clause lead to a conclusion that all aliens must be placed in a single homogeneous legal classification? | "Aliens, Immigration and Citizenship - Memo 42 - RK_60128.docx" | ROSS-003280935-ROSS-003280936 |
| Wood v. J Choo USA, 201 F. Supp. 3d 1332 | 172H+1698 | Through the Fair and Accurate Credit Transactions Act (FACTA), Congress created a substantive legal right for card-holding consumers to receive receipts truncating their personal credit card numbers and expiration dates and, thus, protecting their personal financial information. Consumer Credit Protection Act S 605, 15 U.S.C.A. S 1681c(g). | Is it a substantive legal right of a consumer to receive a truncated card receipt? | 013683.docx | LEGALEASE-00152471-LEGALEASE-00152472 |
| Calhoon v. Sell, 71 F. Supp. 2d 990 | 200+79.1 | Under South Dakota law, inclusion of right-of-way easements along all section lines is mandated, and the abandonment, vacation, or relocation of such a right-of-way can only be accomplished through official action by statutorily authorized public officials, boards, or tribunals. SDCL 31-18-1. | Is the inclusion of right-of-way easements along all section lines mandated? | Highways - Memo 238 - RK_60181.docx | ROSS-003293085-ROSS-003293086 |
| James L. Lester v Heyward McFaddon and Cameron Lumber Company, 288 F.Supp.735 | 48A+217(1) | Under South Carolina law, pedestrian crossing or walking along highway is required to exercise such care for his own safety as reasonably prudent person would have exercised under same or similar circumstances. Code S.C.1962, SS 46-436, 46-442. | "Is a pedestrian required to exercise ordinary care for his own safety, that is such care as a reasonably prudent person would have exercised under the same or similar circumstances?" | Highways - Memo 317 - RK_59645.docx | ROSS-003282576-ROSS-003282577 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Worley v. Barger, 347 Ill. App. 3d 492 | 307A+561.1 | Motion to dismiss that is filed under statute governing motions with respect to pleadings attacks only a complaint's legal sufficiency; its purpose is not to raise affirmative factual defenses but rather to allege defects apparent on the face of the pleadings. S.H.A. 735 ILCS 5/2-615. | Is it the purpose of a motion to dismiss not to raise affirmative factual defenses but rather to allege defects apparent on the face of the pleadings? | Pretrial Procedure - Memo # 8627 - C - DA_59699.docx | ROSS-003294166 |
| Green ex rel. Estate of Webster v. Hous. Auth. of City of Gary, 10 N.E.3d 518 | 307A+681 | In determining whether any facts will support a claim, on a motion to dismiss for failure to state a claim, the court looks only at the complaint and the reasonable inferences to be drawn from it and may not rely on any evidence that is not in the record. Trial Procedure Rule 12(B)(6). | "In determining whether any facts will support the claim on a motion to dismiss for failure to state a claim, does a court look only to the complaint?" | 037673.docx | LEGALEASE-00152365-LEGALEASE-00152366 |
| West v. Ray, 210 La. 25 | 302+228.23 | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | When can an affirmative defense presented through exceptions or motions tried or triable only on the face of the petition be sustained? | Pretrial Procedure - Memo # 8824 - C - KS_59822.docx | ROSS-003279105-ROSS-003279106 |
| Jenkins v. A. R. Blossman, 60 So. 2d 131 | 302+345(1) | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | When can an affirmative defense presented through exceptions or motions tried or triable only on the face of the petition be sustained? | Pretrial Procedure - Memo # 8824 - C - KS.docx | LEGALEASE-00042257-LEGALEASE-00042258 |
| West v. Ray, 210 La. 25 | 302+228.23 | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | Can an affirmative defense be sustained unless the allegations of the petition exclude every reasonable hypothesis? | Pretrial Procedure - Memo # 8825 - C - KS_59823.docx | ROSS-003292335-ROSS-003292336 |
| Jenkins v. A. R. Blossman, 60 So. 2d 131 | 302+345(1) | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | Can an affirmative defense be sustained unless the allegations of the petition exclude every reasonable hypothesis? | Pretrial Procedure - Memo # 8825 - C - KS.docx | LEGALEASE-00042259-LEGALEASE-00042260 |
| Gardner v. Bank of Am., N.A., 466 S.W.3d 642 | 302+367(1) | While a motion for a more definite statement is one manner in which a defendant may complain about the sufficiency of pleadings, a motion to dismiss can also be used to raise the issue. | "While a motion for a more definite statement is one manner in which a defendant can complain about the sufficiency of pleadings, can a motion to dismiss also be used to raise the issue?" | 037863.docx | LEGALEASE-00152134-LEGALEASE-00152135 |
| Cordova v. Vons Grocery Co., 196 Cal. App. 3d 1526 | 307A+581 | Once a plaintiff makes some showing of excusable delay, a trial court must "view the total picture" before deciding whether to dismiss an action for delay in prosecution. West's Ann.Cal.C.C.P. SS 583.410, 583.420; Cal.Rules of Court, Rule 373(e). | "Should a court ""view the total picture"" before deciding whether to dismiss an action for delay in prosecution, once a plaintiff makes some showing of excusable delay?" | Pretrial Procedure - Memo # 9165 - C - KI_60109.docx | ROSS-003281266-ROSS-003281267 |
| Doe v. Amherst Coll., 238 F. Supp. 3d 195 | 141E+1166 | Under Massachusetts law, courts apply the standard of reasonable expectation when considering a breach of contract claim brought against a private school by a student or former student. | Do courts apply the standard of reasonable expectation when considering a breach of contract claim brought against a private school by a student? | 016701.docx | LEGALEASE-00152766-LEGALEASE-00152767 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Speake v. Grantham, 317 F. Supp. 1253 | 141E+1024 | A college or university has inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. | Does a university have the power to promulgate rules and regulations? | 017347.docx | LEGALEASE-00152887-LEGALEASE-00152889 |
| Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | "Does an object in the highway in violation of statute, make the owner liable for damages resulting from fright which may have occasioned to horses ?" | Highways -Memo 349-SB_60743.docx | ROSS-003318998-ROSS-003319000 |
| In re Pub. Roads in E. Fallowfield&NewlinTps., 183 Pa. Super. 426 | 200+77(2) | It is proper to join in one petition the request for vacation of a public road, and the request for its relocation over a more satisfactory route, to join in one petition, the request for vacation of two roads which are physically connected and in essence but one road, and to petition for the laying out of a road and the vacation of a road which will thereby be made useless. | "Is it proper to join in one petition the request for the laying out of a road, and the vacation of a road which will thereby be made useless?" | 019303.docx | LEGALEASE-00153641-LEGALEASE-00153642 |
| EBC I v. Goldman, Sachs & Co., 5 N.Y.3d 11 | 307A+679 | In the context of a motion to dismiss, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference. McKinney's CPLR 3211. | "In procedural context of motion to dismiss for failure to state a cause of action, should a court afford the pleadings a liberal construction?" | 038007.docx | LEGALEASE-00152812-LEGALEASE-00152813 |
| Hartman v. Morganstern, 28 A.D.3d 423 | 307A+622 | A motion to dismiss for failure to state a cause of action should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action. McKinney's CPLR 3211(a)(7). | "Should a motion to dismiss for the failure to state claim be granted only where, even viewing the allegations as true, the plaintiff cannot establish a cause of action?" | 038045.docx | LEGALEASE-00153083-LEGALEASE-00153084 |
| Oliver v. Pierce, 2012 IL App (4th) 110005 | 307A+687 | In ruling on a motion to dismiss for the failure to state a cause of action, a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom, and it must consider all facts apparent from the face of the pleadings, including the exhibits attached thereto. S.H.A. 735 ILCS 5/2-615. | "In ruling on a motion to dismiss for the failure to state a cause of action, should a court accept all well-pleaded facts in the complaint and all reasonable inferences therefrom as true?" | 038062.docx | LEGALEASE-00153117-LEGALEASE-00153118 |
| McEnroy v. St. Meinrad Sch. of Theology, 713 N.E.2d 334 | 307A+680 | Unlike ruling on motion for summary judgment, trial court may weigh evidence and resolve factual disputes when ruling on motion to dismiss for lack of subject matter jurisdiction. Trial Procedure Rule 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the court resolve factual disputes?" | 038158.docx | LEGALEASE-00153053-LEGALEASE-00153054 |
| U.S. Project Mgmt. v. Parc Royale E. Dev., 861 So. 2d 74 | 307A+679 | To rule on a motion to dismiss, a court's gaze is limited to the four corners of the complaint, including the attachments incorporated in it, and all well pleaded allegations are taken as true. | "To rule on a motion to dismiss, is a court's gaze limited to the four corners of the complaint, including the attachments incorporated in it?" | Pretrial Procedure - Memo # 9091 - C - PC_60770.docx | ROSS-003283326-ROSS-003283327 |
| Duncan v. Sikorsky Support Servs., 736 So. 2d 613 | 307A+581 | Although involuntary dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff; no wrongful motive or intent is necessary to show willful conduct. Rules Civ.Proc., Rule 41(b). | "Is dismissal warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff?" | 038387.docx | LEGALEASE-00152850-LEGALEASE-00152851 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Busch v. Bates, 323 Ill. App. 3d 823 | 307A+679 | A motion for involuntary dismissal should be granted by the circuit court if, after construing the documents supporting the motion in the light most favorable to the opposing party, it finds no disputed issues of fact and concludes that the affirmative matter negates the cause of action completely. S.H.A. 735 ILCS 5/2-619. | Can a motion for involuntary dismissal be granted by the court? | 038425.docx | LEGALEASE-00153101-LEGALEASE-00153102 |
| Nelson v. Pearson Ford Co., 186 Cal. App. 4th 983 | 172H+93 | Car dealership violated single document rule, which required that a single document contain all of the agreements of the buyer and seller with respect to the total cost and the terms of payment for the motor vehicle, by having a separate document called the "Due Bill" which acknowledged insurance purchase and lumped insurance premium into cash price of car; act of adding the insurance premium to the cash price of the car unquestionably impacted the total cost of the car because it increased the sales tax and financing charges. West's Ann.Cal.Civ.Code S 2981.9. | Does Automobile Sales Finance Act (ASFA) require that all of the agreements of the buyer and seller with respect to the total cost of the motor vehicle be contained in a single document? | Consumer Credit -Memo 164 -DB_61200.docx | ROSS-003291828-ROSS-003291829 |
| Adams v. City of New York, 226 F. Supp. 3d 261 | 129+103 | Under New York law, offense of disorderly conduct has three elements: (1) the defendant's conduct must be public in nature, (2) it must be done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof, and (3) it must match at least one of the descriptions set forth in the statute. N.Y. Penal Law S 240.20. | What are the elements of disorderly conduct offense? | 014361.docx | LEGALEASE-00153901-LEGALEASE-00153902 |
| Supervisors of Washington Cty. v. Saltville Land Co., 99 Va. 640 | 200+121 | In the absence of constitutional restrictions, the Legislature may impose upon a taxing district, such as a town, the duty of keeping in repair the streets and roads within, and relieve it from taxation for roads without, its limits. The Legislature judges finally and conclusively upon this question. Section 2 of Article VII of the Constitution of this State does not restrain the Legislature in this respect, and it may exempt lands lying within a town from the payment of a county road tax. | "Can the Legislature impose upon a taxing district, the duty of keeping in repair the streets and roads?" | Highways -Memo 411-DB.docx | LEGALEASE-00043905-LEGALEASE-00043906 |
| Smith v. Gregg, 946 S.W.2d 807 | 307A+680 | In determining if petition states cause of action, all facts that are properly pleaded and all reasonable inferences that may be drawn therefrom are taken as true. | "In determining if petition states cause of action, are all facts that are properly pleaded and all reasonable inferences that can be drawn therefrom taken as true?" | Pretrial Procedure - Memo # 9287 - C - SB_61043.docx | ROSS-003292603-ROSS-003292604 |
| Hendricks v. Curators of Univ. of Missouri, 308 S.W.3d 740 | 307A+681 | On motion to dismiss, conclusory allegations of fact and legal conclusions are not considered in determining whether a petition states a claim upon which relief can be granted. | "On motion to dismiss, are conclusory allegations of fact and legal conclusions not considered in determining whether a petition states a claim upon which relief can be granted?" | Pretrial Procedure - Memo # 9400 - C - KS_60935.docx | ROSS-003294412-ROSS-003294413 |
| Goettman v. N. Fork Valley Rest., 176 P.3d 60 | 307A+681 | In its discretion, a court may address a motion to dismiss for lack of personal jurisdiction on documentary evidence alone or by holding an evidentiary hearing. West's C.R.S.A. S 13-1-124. | "In its discretion, can a court address a motion to dismiss for lack of personal jurisdiction on documentary evidence alone or by holding an evidentiary hearing?" | 038736.docx | LEGALEASE-00154342-LEGALEASE-00154343 |
| Metro. Transit Auth. v. Kaneva, 351 So. 2d 748 | 307A+581 | A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on ground that it constitutes abuse of discretion and this burden must be borne by losing party. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(e). | Is a ruling on a motion for order of dismissal for failure to prosecute subject to attack only on ground that it constitutes abuse of discretion? | Pretrial Procedure - Memo # 9514 - C - NC_61105.docx | ROSS-003283692 |
| William Penn Life Ins. Co. of New York v. Viscuso, 663 F. Supp. 2d 353 | 156+55 | Doctrine of equitable estoppel is properly invoked under New York law, where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct. | Is equitable estoppel proverly invoked where enforcement of the rights of one party would work an injustice upon the other party? | 017732.docx | LEGALEASE-00155528-LEGALEASE-00155529 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Layton v. Cook, 248 Miss. 690 | 48A+218 | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | In the absence of statute to contrary does a pedestrian has the right to use and travel on a highway? | Highways- Memo 413-ANM.docx | LEGALEASE-00044901-LEGALEASE-00044902 |
| Layton v. Cook, 248 Miss. 690 | 48A+218 | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | Does a pedestrian have the right to travel on any portion of public highway at any time of the day? | Highways- Memo 416-ANM_61957.docx | ROSS-003293575 |
| Altman v. PNC Mortg., 850 F. Supp. 2d 1057 | 302+32 | Under California law, where a written instrument is the foundation of a cause of action, it may be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference. | "Where a written instrument is the foundation of a cause of action, can it be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference?" | 023753.docx | LEGALEASE-00154960-LEGALEASE-00154961 |
| Houston v. Pollard, 217 Ga. 184 | 302+34(4) | Upon demurrer, pleadings are to be construed most strongly against the pleader, and in light of their omissions as well as their averments, and if an inference unfavorable to right of a party claiming a right under such pleadings may be fairly drawn from facts stated therein, such inference will prevail in determining rights of the parties. | Should pleadings be construed in the light of their omissions as well as their averments? | 023779.docx | LEGALEASE-00155464-LEGALEASE-00155465 |
| Dakota Cheese v. Taylor, 525 N.W.2d 713 | 307A+581 | Dismissal of cause of action for failure to prosecute should be granted when, after considering all facts and circumstances of particular case, plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Can plaintiff be charged with lack of due diligence for failing to proceed with reasonable promptitude? | 039018.docx | LEGALEASE-00155004-LEGALEASE-00155005 |
| Bus. Servs. of Am. II v. WaferTech LLC, 159 Wash. App. 591 | 307A+591 | Rule providing that a trial court cannot dismiss an action if it is noted for trial prior to a hearing on a motion for dismissal for want of prosecution was promulgated to encourage cases to be heard on the merits, the courts recognizing that involuntary dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. CR 41(b)(1). | Should every reasonable opportunity be afforded the parties to allow them to reach the merits of the controversy? | Pretrial Procedure - Memo # 9630 - C - SHB_61383.docx | ROSS-003283355 |
| Rizzo v. Pittsburgh Rys. Co., 226 Pa. Super. 566 | 307A+584 | The court may grant non pros. when it appears that plaintiff failed to prosecute his action within a reasonable time, there is no reasonable excuse for the delay, and the delay has been prejudicial to the defendant. | Do courts grant non pros when it appears that the plaintiff has failed to prosecute his action within a reasonable time? | Pretrial Procedure - Memo # 9700 - C - VP_61600.docx | ROSS-003294049-ROSS-003294050 |
| Rizzo v. Pittsburgh Rys. Co., 226 Pa. Super. 566 | 307A+584 | The court may grant non pros. when it appears that plaintiff failed to prosecute his action within a reasonable time, there is no reasonable excuse for the delay, and the delay has been prejudicial to the defendant. | Do courts grant non pros when it appears that the plaintiff has failed to prosecute his action within a reasonable time? | 039157.docx | LEGALEASE-00155318-LEGALEASE-00155319 |
| Extendicare v. Estate of McGillen, 957 So. 2d 58 | 307A+685 | In attempting to prove that a basis for long-arm jurisdiction exists over a foreign defendant, if the plaintiff's sworn proof fails to refute the allegations in the defendant's affidavit contesting jurisdictional allegations, and fails to prove personal jurisdiction, the court must grant the defendant's motion to dismiss. | "If the plaintiff's sworn proof fails to refute the allegations in the defendant's affidavit contesting jurisdictional allegations, should the court grant the defendant's motion to dismiss?" | Pretrial Procedure - Memo # 9931 - C - BP_61482.docx | ROSS-003307415-ROSS-003307416 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| C.M.F. v. R.G.F., 418 N.J. Super. 396 | | 3.77E+23 | The following elements are required to establish a violation of harassment statute: (1) defendant made or caused to be made a communication; (2) defendant's purpose in making or causing the communication to be made was to harass another person; and (3) the communication was in one of the specified manners or any other manner similarly likely to cause annoyance or alarm to its intended recipient. N.J.S.A. 2C:33-4(a). | What elements are required to establish a violation of the harassment statute? | 046777.docx | LEGALEASE-00155178-LEGALEASE-00155179 |
| Doppler v. Doppler, 393 Pa. Super. 600 | 156+52(1) | Doctrine of "equitable estoppel" protects reasonable expectations of one who relies on another's course of conduct; it prevents party from taking position that is inconsistent with position previously taken which is disadvantageous to the other. | Does equitable estoppel protect the reasonable expectations of one who relies on another's course of conduct? | Estoppel - Memo #134 - C - CSS_62033.docx | ROSS-003293113-ROSS-003293114 |
| MSC Mediterranean Shipping Co. SA, Geneva v. Metal Worldwide, 884 F. Supp. 2d 1269 | 156+52(1) | The doctrine of equitable estoppel is grounded on a notion of fair dealing and good conscience, and it is designed to aid the law in the administration of justice where without its aid injustice might result. | Is equitable estoppel designed to aid the law in the administration of justice where without its aid an injustice might result? | 017797.docx | LEGALEASE-00156270-LEGALEASE-00156271 |
| Xia-Ping Wang v. Diamond Hill Realty, 116 A.D.3d 767 | 307A+685 | Affidavits submitted by defendant will almost never warrant dismissal for failure to state cause of action unless they establish conclusively that plaintiff has no cause of action. McKinney's CPLR 3211(a)(7). | Will affidavits submitted by a defendant never warrant dismissal for failure to state cause of action unless they establish conclusively that a plaintiff has no cause of action? | 024484.docx | LEGALEASE-00156004-LEGALEASE-00156005 |
| Manning v. Wilkinson, 264 S.W.3d 620 | 307A+690 | As a dismissal with prejudice deprives a litigant of the opportunity to pursue his or her claim, the trial court is obligated to consider all relevant factors and lesser sanctions. Rules Civ.Proc., Rule 41.02. | "As a dismissal with prejudice deprives a litigant of the opportunity to pursue his or her claim, is the trial court obligated to consider all relevant factors and lesser sanctions?" | Pretrial Procedure - Memo # 10346 - C - TJ_62075.docx | ROSS-003307054-ROSS-003307055 |
| Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo, 987 So. 2d 989 | 307A+690 | A trial court's order of dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases. | Is a trial court's order of dismissal with prejudice an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim? | Pretrial Procedure - Memo # 10348 - C - TJ_62076.docx | ROSS-003296827 |
| Schreiner v. Karson, 52 Ohio App. 2d 219 | 307A+690 | A dismissal with prejudice is an extremely harsh sanction which affects not only suit dismissed but, because it acts as decision on the merits, also controls questions of fact in other related cases. | Is a dismissal with prejudice an extremely harsh sanction affecting not only the suit dismissed but also controls questions of fact in other related cases? | Pretrial Procedure - Memo # 10526 - C - NS_62426.docx | ROSS-003279764-ROSS-003279765 |
| Ford Motor Credit Co. v. Milhollin, 444 U.S. 555 | 15A+2269 | Deference to views of administrative agency is especially appropriate in process of interpreting Truth in Lending Act and Regulation Z, and, unless demonstrably irrational, Federal Reserve Board staff opinions construing Act or Regulation should be dispositive. Truth in Lending Act, S 102 et seq. as amended 15 U.S.C.A. S 1601 et seq.; Truth in Lending Regulations, Regulation Z, S 226.1 et seq., 15 U.S.C.A. following section 1700. | Is deference appropriate in the process of interpreting the Truth in Lending Act and Regulation Z? | Consumer Credit-Memo 27- AM_62560.docx | ROSS-003282501-ROSS-003282502 |
| Wolf v. Bueser, 279 Ill. App. 3d 217 | 307A+685 | If grounds for motion for dismissal do not appear on face of pleading attacked, parties may file affidavits and deposition transcripts in support of motion. S.H.A. 735 ILCS 5/2-619(a)(5). | "If grounds for a motion for dismissal do not appear on the face of pleading attacked, can parties file affidavits and deposition transcripts in support of motion?" | 024853.docx | LEGALEASE-00156741-LEGALEASE-00156742 |
| Beasley v. Beasley, 260 Ga. 419 | 307A+685 | If motion to dismiss for lack of personal jurisdiction is decided on basis of written submissions alone, disputes of fact found in affidavits are resolved in favor of plaintiff. | "Where a court decides motions to dismiss for lack of personal jurisdiction on a basis of affidavits and documentary evidence, are disputes of fact contained in affidavits resolved in favor of a plaintiff?" | 024879.docx | LEGALEASE-00156951-LEGALEASE-00156952 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pechan v. DynaPro, 251 Ill. App. 3d 1072 | 307A+685 | Motion to dismiss, under section providing that complaint barred by affirmative matter that defeats claim may be dismissed, should be supported by affidavit if grounds for dismissal do not appear on face of pleading. S.H.A. 735 ILCS 5/2-619(a)(9). | "Under a section providing that a complaint barred by affirmative matter that defeats claim can be dismissed, should it be supported by affidavit?" | Pretrial Procedure - Memo # 10442 - C - TM_62590.docx | ROSS-003293971-ROSS-003293972 |
| Caulfield v. Packer Grp., 2016 IL App (1st) 151558 | 30+3212 | The decision of whether to dismiss an action with or without prejudice rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. | Does the decision of whether to dismiss an action with or without prejudice rest within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion? | 024918.docx | LEGALEASE-00157359-LEGALEASE-00157360 |
| Dykes v. Sukup Mfg. Co., 781 N.W.2d 578 | 307A+694 | A dismissal with prejudice and on the merits executed by both parties is a final determination and is equivalent to an adjudication on the merits regarding the claims asserted or which could have been asserted by the parties to that lawsuit, subject to certain exceptions. | Is a dismissal with prejudice and on the merits executed by both parties a final determination and is equivalent to an adjudication on the merits regarding the claims asserted? | 024979.docx | LEGALEASE-00157429-LEGALEASE-00157430 |
| Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+690 | An action shall be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations expires. Sup.Ct.Rules, Rule 103(b). | Should an action be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations expires? | 024987.docx | LEGALEASE-00157514-LEGALEASE-00157515 |
| Mitz v. Texas State Bd. of Veterinary Med. Examiners, 278 S.W.3d 17 | 15A+2151 | In cases where an agency has exclusive jurisdiction, trial court must dismiss claims without prejudice until the party has exhausted all administrative remedies. | "In cases where an agency has exclusive jurisdiction, should a trial court dismiss claims without prejudice until the party has exhausted all administrative remedies?" | Pretrial Procedure - Memo # 10507 - C - SB_63376.docx | ROSS-003296815-ROSS-003296816 |
| Vill. of S. Elgin v. Waste Mgmt. of Illinois, 348 Ill. App. 3d 929 | 307A+690 | Unless it clearly appears that no set of facts exist that would entitle the plaintiff to relief, the grant of a motion to dismiss for failure to state a claim should not be with prejudice. S.H.A. 735 ILCS 5/2-615. | "Unless it clearly appears that no set of facts exist that would entitle the plaintiff to relief, should the grant of a motion to dismiss for failure to state a claim not be with prejudice?" | Pretrial Procedure - Memo # 10538 - C - SN_62438.docx | ROSS-003295247-ROSS-003295248 |
| Hughes v. Massey, 65 S.W.3d 743 | 307A+694 | Dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. V.T.C.A., Civil Practice & Remedies Code S 14.003. | Is a dismissal for failure to comply with the rules governing the filing of in forma pauperis suits not a ruling on the merits? | Pretrial Procedure - Memo # 10566 - C - AC_62603.docx | ROSS-003281222-ROSS-003281223 |
| Thacker v. Bartlett, 785 N.E.2d 621 | 307A+690 | A dismissal for failure to state a claim is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. Trial Procedure Rule 12(B)(6). | "Is a dismissal for failure to state a claim without prejudice, since the complaining party remains able to file an amended complaint?" | 025126.docx | LEGALEASE-00156961-LEGALEASE-00156962 |
| Thacker v. Bartlett, 785 N.E.2d 621 | 307A+690 | A dismissal for failure to state a claim is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. Trial Procedure Rule 12(B)(6). | "Is a dismissal for failure to state a claim without prejudice, since the complaining party remains able to file an amended complaint?" | Pretrial Procedure - Memo # 10582 - C - DA.docx | LEGALEASE-00047043-LEGALEASE-00047044 |
| Lambert v. Javed, 273 Va. 307 | 307A+693.1 | A dismissal with prejudice extinguishes the viability of the plaintiff's claim against the dismissed party, even though the dismissal may not be based on an adjudication of the merits of the cause of action. Per Lacy, J., with two judges concurring and two judges concurring separately. | "Does a dismissal with prejudice extinguish the viability of the plaintiff's claim against the dismissed party, even though the dismissal cannot be based on an adjudication of the merits of the cause of action?" | 025150.docx | LEGALEASE-00157149-LEGALEASE-00157150 |
| Ohio Med. Prof'l Liab. Underwriting Ass'n v. Physicians Ins. Co. of Ohio, 27 Ohio App. 3d 23 | 307A+693.1 | Voluntary dismissal with prejudice of claims against party defendant concludes rights which plaintiff asserted or could have asserted arising out of transaction, and bars future litigation on those rights. | Does voluntary dismissal with prejudice of claims against a party defendant conclude rights which a plaintiff asserted or could have asserted arising out of a transaction? | Pretrial Procedure - Memo # 10638 - C - SJ_63247.docx | ROSS-003305685 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| May v. McNally, 203 Ariz. 425 | 371+2002 | Whether an assessment should be categorized as a tax or a fee, for purposes of determining constitutionality of allocation of fee or tax, is generally determined by examining three factors: (1) the entity that imposes the assessment; (2) the parties upon whom the assessment is imposed; and (3) whether the assessment is expended for general public purposes, or used for the regulation or benefit of the parties upon whom the assessment is imposed. | What three factors should be examined in determining whether an assessment should be categorized as a tax or a fee? | 044518.docx | LEGALEASE-00157361-LEGALEASE-00157362 |
| Auto. Club of Oregon v. State, 314 Or. 479 | 371+2002 | "Tax" is any contribution imposed by government upon individuals for the use and service of the state, whether under the name of toll, tribute, tallage, gabel, impost, duty, custom, excise, subsidy, aid, supply, or other name; "assessment" is government fee imposed upon owners of property to finance improvements or services directly benefiting that property. | Are taxes imposed upon individuals for the use and service of the state? | 044551.docx | LEGALEASE-00157239-LEGALEASE-00157240 |
| Talley v. Com., 123 Pa. Cmwlth. 313 | 371+2002 | License fee is distinguishable from "tax," which is revenue producing measure characterized by production of high proportion of income relative to costs of collection and supervision. | Is tax a revenue producing measure characterized by the production of a high proportion of income relative to the costs of collection and supervision? | 044573.docx | LEGALEASE-00157028-LEGALEASE-00157029 |
| Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 24+690 | The federal government has broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may remain, regulation of their conduct before naturalization, and terms and conditions of their naturalization. | Does the Federal Government have broad constitutional powers in determining the terms and conditions for the naturalization of aliens? | "Aliens, Immigration, and Citizenship - Memo 45 - RK_63914.docx" | ROSS-003308093-ROSS-003308094 |
| Signature Dev. v. Sandler Commercial at Union, 207 N.C. App. 576 | 307A+561.1 | On a motion to dismiss for failure to state a claim upon which relief may be granted, when a complaint states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, the motion will be granted and the action dismissed. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Will a motion to dismiss be granted and action dismissed if complaint discloses an unconditional affirmative defense which defeats asserted claim? | Pretrial Procedure - Memo # 10773 - C - NC_63639.docx | ROSS-003278615 |
| Dueitt v. Arrowhead Lakes Prop. Owners, 180 S.W.3d 733 | 307A+699 | The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Are the same reinstatement procedures and timetable applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power? | 025507.docx | LEGALEASE-00158816-LEGALEASE-00158817 |
| Leonardelli v. Presbyterian Hosp. in City of New York, 288 A.D.2d 105 | 307A+699 | Although case which has been marked off or stricken from calendar and not restored within one year is statutorily deemed abandoned and is dismissed, statute only creates rebuttable presumption of abandonment. McKinney's CPLR 3404. | Is a case which has been marked off or stricken from a calendar and not restored within one year deemed abandoned and is dismissed? | Pretrial Procedure - Memo # 10836 - C - SN_63868.docx | ROSS-003278998-ROSS-003278999 |
| Gant v. Tallahassee Mem'l Reg'l Med. Ctr., 490 So. 2d 1020 | 307A+699 | Ruling on a motion for an order of dismissal for failure to prosecute is subject to attack only on ground that it constitutes an abuse of discretion and losing party bears burden of demonstrating that abuse. West's F.S.A. RCP Rule 1.420(e). | Is a ruling on a motion for an order of dismissal for failure to prosecute subject to attack only on ground that it constitutes an abuse of discretion? | Pretrial Procedure - Memo # 10874 - C - KS_63678.docx | ROSS-003280991 |
| Jones v. Jones, 16-536 (La. App. 5 Cir. 4/26/17), 220 So. 3d 855 | 307A+693.1 | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint. | "Does a dismissal without prejudice, or non-suit, merely restore matters to the status occupied before the suit and leaves the party free?" | 025689.docx | LEGALEASE-00158298-LEGALEASE-00158299 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Treadway v. Nations Credit Fin. Servs. Corp., 383 Ill. App. 3d 1124 | 307A+561.1 | The phrase "affirmative matter," for purposes of involuntary dismissal of an action based upon certain defects or defenses, refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | Will an affirmative matter be a nature of defense that negates the cause of action completely? | 025946.docx | LEGALEASE-00158260-LEGALEASE-00158261 |
| Rash v. J.V. Intermediate, Ltd., 498 F.3d 1201 | 308+70 | Under Texas law, among the agent's fiduciary duties to the principal is the duty to account for profits arising out of the employment, the duty not to act as, or on account of, an adverse party without the principal's consent, the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency, and the duty to deal fairly with the principal in all transactions between them. Restatement (Second) of Agency S 13, comment. | Does an agent owe a fiduciary duty to his principal? | Principal and Agent - Memo 517 - RK.docx | LEGALEASE-00048834-LEGALEASE-00048835 |
| In re Guardianship of Guaman, 879 N.W.2d 668 | 24+179 | Special immigrant juvenile (SIJ) status provides a means for abused, neglected, and abandoned immigrant youth to obtain lawful permanent residency and a path to United States citizenship under federal law. Immigration and Nationality Act, SS 101(a)(27)(J), 203(b)(4), 8 U.S.C.A. SS 1101(a)(27)(J), 1153(b)(4). | "Was Special Immigrant Juvenile (SIJ) status created to protect abused, neglected, and abandoned immigrant youth through a process allowing them to become legal permanent residents?" | "Aliens, Immigration and Citizenship - Memo 118 - RK.docx" | LEGALEASE-00049027-LEGALEASE-00049028 |
| Scheidemann v. I.N.S., 83 F.3d 1517 | 92+2838 | Prohibition against ex post facto laws does not apply to deportation proceedings, which are purely civil actions to determine eligibility to remain in country, not to punish; past conduct is relevant only insofar as it may shed light on respondent's right to remain. U.S.C.A. Const. Art. 1, S 9, cl. 3. | Is past conduct relevant to shed light on the alien or respondent's right to remain during deportation proceedings? | 006961.docx | LEGALEASE-00160254-LEGALEASE-00160255 |
| Lehndorff Geneva v. Warren, 74 Wis. 2d 369 | 24+120 | Once Congress and the executive have exercised powers of immigration and naturalization, aliens lawfully within country have a right to enter and abide in any state in the union on an equality of legal privileges with all citizens under nondiscriminatory laws. | Do aliens have a right to abide in any State in the Union on an equality of legal privileges with all citizens under nondiscriminatory laws? | "Aliens, Immigration and Citizenship - Memo 97 - RK_64830.docx" | ROSS-003278877-ROSS-003278878 |
| People v. Paradiso, 58 Misc. 2d 370 | 129+143 | A private residence does not fall within definition of a "public place" without showing of special circumstances, and such circumstances must be alleged in information as part of necessary facts constituting the violation. Penal Law 1965, SS 240.00, 240.25, subds. 2, 3, 5. | Does a private residence fall within the definition of a public place in disorderly conduct? | 014297.docx | LEGALEASE-00160048-LEGALEASE-00160049 |
| Cantwell v. State of Connecticut, 310 U.S. 296 | 129+109 | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | "Whether the state has the power to prevent or punish when a clear and present danger of riot, appear?" | Disorderly Conduct-Memo 124-PR.docx | LEGALEASE-00049253-LEGALEASE-00049254 |
| Havens & Dorr v. Hussey, 5 Paige Ch. 30 | 289+672 | The implied authority arising from an ordinary contract of partnership does not authorize one of the partners, without the assent of his copartners, to make a general assignment of the copartnership effects to a trustee for the benefit of creditors, giving preference to one class of creditors over another. | Can a partner make an assignment of partnership property to a trustee without the assent of his co-partners? | 022602.docx | LEGALEASE-00160124-LEGALEASE-00160125 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Keough v. Cyrus USA, 204 S.W.3d 1 | 307A+699 | A trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion. | Does a trial court not abuse its discretion by denying a motion to reinstate if the movant receives notice and has an opportunity to be heard on the motion? | Pretrial Procedure - Memo 11171 - C - VP_64382.docx | ROSS-003292326 |
| Johnson v. Hawkins, 255 S.W.3d 394 | 307A+697 | The standard for reinstating a dismissed case when the failure of party or attorney to appear is not intentional or the result of conscious indifference, but is due to an accident or mistake or has been otherwise reasonably explained, is essentially the same as that for setting aside a default judgment. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | Is failure to appear not intentional or due to conscious indifference merely because it is deliberate? | 039772.docx | LEGALEASE-00159342-LEGALEASE-00159343 |
| Corte v. Corte, 664 So. 2d 218 | 30+3206 | Dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and Court of Civil Appeals will reverse only for abuse of that discretion. | Does the dismissal of a party's case and subsequent refusal to set aside dismissal for want of prosecution rest largely within the sound discretion of a trial court? | 039813.docx | LEGALEASE-00159370-LEGALEASE-00159371 |
| In re Estate of Schlenker, 209 Ill. 2d 456 | 307A+679 | Where standing is challenged in a motion to dismiss under statute permitting involuntary dismissal of claim when it is barred by other affirmative matter avoiding the legal effect of or defeating the claim, a court must accept as true all well-pleaded facts in plaintiff's complaint and all inferences that can reasonably be drawn in plaintiff's favor, and the court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. S.H.A. 735 ILCS 5/2-619. | Can the court accept all well pleaded facts in the plaintiff's complaint as true? | 039895.docx | LEGALEASE-00159815-LEGALEASE-00159816 |
| Reid v. Spazio, 970 A.2d 176 | 307A+561.1 | Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate when deciding a motion todismiss for failure to state a claim upon which relief can be granted. Chancery Court Rule 12(b)(6). | Can a court dismiss a complaint when it is clear from the face of the complaint that an affirmative defense exists and plaintiff can prove no set of facts to avoid it? | Pretrial Procedure - Memo 11395 - C - DA_64449.docx | ROSS-003298310-ROSS-003298311 |
| Ghandi v. Cespedes, 390 N.J. Super. 193 | 307A+697 | Dismissals for lack of prosecution are without prejudice; accordingly, the right to reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal, even if the application is made many months later. R. 1:13-7(a). | Is the right to reinstatement ordinarily routinely and freely granted when a plaintiff has cured the problem that led to the dismissal? | Pretrial Procedure - Memo 11419 - C - VP_64472.docx | ROSS-003278399-ROSS-003278400 |
| Pine Twp. Water Co. v. Felmont Oil Corp., 425 Pa. Super. 473 | 307A+698 | In order to open non pros judgment, three factors must be satisfied, (1) petition to open must be promptly filed, (2) delay must be reasonably explained, and (3) facts must be shown to exist which support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | What three factors must be present in order to open non pros judgment? | 040062.docx | LEGALEASE-00160441-LEGALEASE-00160442 |
| Rodriguez v. Colasuonno, 238 A.D.2d 329 | 307A+697 | Once conditional order of dismissal becomes effective by its terms, plaintiff can open up his or her default only by establishing reasonable excuse for his or her delay and meritorious cause of action. | "Once a conditional order of dismissal becomes effective by its terms, can a plaintiff only open up her default by establishing a reasonable excuse for her delay?" | 040064.docx | LEGALEASE-00160478-LEGALEASE-00160479 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dorn v. State Bank of Stella, 767 F.2d 442 | 170A+1838 | Although a party may still file motion for leave to amend after complaint is dismissed and amendments should be granted liberally, motion would be inappropriate if court had clearly indicated either that no amendment is possible or that dismissal of complaint also constitutes dismissal of action. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. | "If the dismissal of a complaint also constitutes dismissal of an action, is a motion to amend improper?" | 040195.docx | LEGALEASE-00160222-LEGALEASE-00160223 |
| Interstate Printing Co. v. Dep't of Revenue, 236 Neb. 110 | 371+3603 | "Sales tax" is imposed upon gross receipts from all sales of tangible personal property sold at retail in state; "use tax" is imposed on storage, use, or other consumption in state of tangible personal property purchased, leased, or rented from any retailer for storage, use, or other consumption in state. Neb.Rev.St. S 77-2703(1, 2). | "Is a ""sales tax"" a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce?" | 046178.docx | LEGALEASE-00160130-LEGALEASE-00160131 |
| People v. Strawbridge, 404 Ill. App. 3d 460 | 3.77E+35 | The court uses an objective standard to determine whether a victim is placed in reasonable apprehension of future confinement or restraint, as required to support a charge for aggravated stalking. S.H.A. 720 ILCS 5/12-7.4(a)(3); 720 ILCS 5/12-7.3(d) (2008 Bar Ed.) | "What type of standard does the court use to determine whether a victim is placed in reasonable apprehension of future restraint or confinement, as required to support a charge for aggravated stalking?" | 046902.docx | LEGALEASE-00160280-LEGALEASE-00160281 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 3.77E+35 | For purposes of offense of aggravated stalking, contact that is "harassing or intimidating" means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear of death or bodily harm to herself and which serves no legitimate purpose. O.C.G.A. S 16-5-91(a). | "What do the terms ""harassing"" and ""intimidating"" mean for purposes of the offense of aggravated stalking?" | 046908.docx | LEGALEASE-00160290-LEGALEASE-00160291 |
| City of Toledo v. Reasonover, 5 Ohio St. 2d 22 | 48A+359.4 | Where sentence imposed for violating ordinance prohibiting operating motor vehicle upon public highway while under influence of intoxicating liquor was within limits authorized by applicable ordinance and statutes and there was nothing in record before Court of Appeals to indicate whether defendant had a past criminal record or what his driving record was or that trial court in sentencing defendant did not consider past records, Court of Appeals improperly held that trial court abused its discretion by imposing too severe a sentence. R.C. SS 2505.21, 4507.16, 4511.19, 4511.99(B). | Under what circumstances would a court abuse its discretion in imposing a sentence? | 012530.docx | LEGALEASE-00161517-LEGALEASE-00161518 |
| Romero v. State, 927 S.W.2d 632 | 135H+25 | Whether civil forfeiture implicates double jeopardy under Federal Constitution depends on whether forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial. U.S.C.A. Const.Amend. 5. | "Does whether civil forfeiture implicates double jeopardy under Federal Constitution depend on whether a forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive?" | Double Jeopardy - Memo 35 - C - KI_65135.docx | ROSS-003296655-ROSS-003296656 |
| Brock v. State, 955 N.E.2d 195 | 135H+96 | Circumstances surrounding a trial court's declaration of a mistrial may not present an opportunity for raising a timely objection prior to the jury's discharge; in such cases, a failure to object will not be deemed to be consent, for purposes of double jeopardy analysis, unless the totality of the circumstances otherwise shows that the defendant consented to the mistrial. U.S.C.A. Const.Amend. 5. | Can circumstances surrounding a trial court's declaration of a mistrial not present an opportunity for raising a timely objection prior to the jury's discharge? | 016016.docx | LEGALEASE-00160783-LEGALEASE-00160784 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Nunez, 129 N.M. 63 | 135H+25 | While forfeiture statutes under the Controlled Substances Act have certain remedial goals, they primarily serve decidedly punitive objectives, for constitutional double-jeopardy purposes. Const. Art. 2, SS 4, 15; NMSA 1978, S 30-31-34 et seq. | "While forfeiture statutes under the Controlled Substances Act have certain remedial goals, do they primarily serve decidedly punitive objectives, for constitutional double-jeopardy purposes?" | Double Jeopardy - Memo 7 - C - SS_65170.docx | ROSS-003294512-ROSS-003294513 |
| Hamblen Cty. v. City of Morristown, 584 S.W.2d 673 | 1.41E+13 | Plenary power to establish and maintain a public school system is a state function and is vested in the state legislature, but general operation and management of the educational system can be delegated by the legislature in any reasonable manner not constitutionally prohibited. | Can a state legislature delegate power to establish and maintain a public school system? | 017254.docx | LEGALEASE-00161178-LEGALEASE-00161179 |
| Kraft v. Forest Park Realty & Ins. Co., 111 Ga. App. 621 | 307A+699 | If a dismissal for want of prosecution is entered erroneously or improvidently, court may reinstate it upon motion without notice to or consent of defendant. | "If a dismissal for want of prosecution is entered erroneously or improvidently, can a court reinstate it upon motion without notice to or consent of defendant?" | Pretrial Procedure - Memo 11224 - C - SKG_65257.docx | ROSS-003280943-ROSS-003280944 |
| City of McAllen v. Ramirez, 875 S.W.2d 702 | 307A+581 | Cumulative remedies provision in rule governing dismissal for want of prosecution and reinstatement is limited to other viable procedures and remedies which are not inherently inconsistent with procedures set forth in rule itself. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4. | Is the cumulative remedies provision in rule governing dismissal for want of prosecution and reinstatement limited to other viable procedures and remedies which are not inherently inconsistent with procedures set forth in a rule itself? | 039976.docx | LEGALEASE-00160513-LEGALEASE-00160514 |
| Murphy v. City of New York, 173 A.D.2d 236 | 307A+699 | To rebut presumption that action was abandoned and to restore action to trial calendar, plaintiff must demonstrate that cause of action is meritorious, that there is sufficient excuse for delay, that there was no intent to abandon action, and that defendant will not be prejudiced by restoring case to calendar. | "To rebut a presumption that an action was abandoned and to restore action to a trial calendar, should a plaintiff demonstrate that a cause of action is meritorious?" | 039978.docx | LEGALEASE-00160527-LEGALEASE-00160528 |
| Basetti v. Nour, 287 A.D.2d 126 | 307A+697 | For motion to restore action after action is dismissed for failure to prosecute, the plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore, (2) a meritorious cause of action, (3) a lack of intent to abandon the matter, and (4) a lack of prejudice to the opposing party. McKinney's CPLR 3404. | What must a plaintiff demonstrate to restore an action to the trial calendar after it has been dismissed as abandoned? | 040021.docx | LEGALEASE-00160869-LEGALEASE-00160870 |
| Enax v. New York Tel. Co., 280 A.D.2d 294 | 307A+697 | In order to vacate a dismissal of case that has been deemed abandoned, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action. McKinney's CPLR 3404. | "In order to vacate dismissal for abandonment, should a plaintiff show reasonable excuse for delay?" | 040088.docx | LEGALEASE-00160905-LEGALEASE-00160906 |
| Todd Co. v. Birnbaum, 182 A.D.2d 505 | 307A+697 | Action which has been dismissed as abandoned may be restored to trial calendar only upon showing of meritorious cause of action, reasonable excuse for delay, lack of prejudice to opposing parties, and lack of intent to abandon action; each of these four requirements must be satisfied for dismissal to be properly vacated. McKinney's CPLR 3404. | Can an action which has been dismissed as abandoned be restored to trial calendar only upon showing of a meritorious cause of action? | Pretrial Procedure - Memo 11521 - C - NE_65336.docx | ROSS-003282197-ROSS-003282198 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moore v. Pomory, 329 Md. 428 | 336H+85 | Dismissal of plaintiff's entire complaint "without prejudice" does not mean that case is still pending in trial court and that plaintiff may amend his complaint or file amended complaint in same action, but rather that case is fully terminated in trial court and as such, is final appealable judgment; effect of designation "without prejudice" is simply that there is no adjudication on the merits and that, therefore, new suit on same cause of action is not barred by principles of res judicata. | Does a dismissal of the plaintiffs complaint without prejudice mean that the plaintiff may amend his or her complaint in the same action? | 040159.docx | LEGALEASE-00161837-LEGALEASE-00161838 |
| Koller v. Ranger Ins. Co., 569 S.W.2d 372 | 302+233.1 | Ordinarily, when a first pleading is ruled to be insufficient in a trial court, party is afforded a reasonable time to file an amended pleading if desired. V.A.M.R. Civil Rules 55.33(a), 67.06. | "When a first pleading is ruled to be insufficient in a trial court, is the party afforded a reasonable time to file an amended pleading if desired?" | 040185.docx | LEGALEASE-00161387-LEGALEASE-00161388 |
| Turville v. J & J Properties, L.C, 145 P.3d 1146 | 307A+695 | Where a plaintiff moves for leave to amend its complaint after an interlocutory dismissal, a trial court may exercise its discretion in determining whether to grant the motion. Rules Civ.Proc., Rule 15(a). | "Where a plaintiff moves for leave to amend its complaint after an interlocutory dismissal, can a trial court exercise its discretion in determining whether to grant the motion?" | Pretrial Procedure - Memo 11593 - C - NE_65610.docx | ROSS-003295167-ROSS-003295168 |
| Nevada Interstate Properties Corp. v. City of W. Palm Beach, 747 So. 2d 447 | 307A+695 | Dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | Should a dismissal with prejudice not be ordered without giving a party offering defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended? | Pretrial Procedure - Memo 11621 - C - TJ_65358.docx | ROSS-003280387-ROSS-003280388 |
| Comer v. Gohil, 664 N.E.2d 389 | 307A+695 | Motion to dismiss does not qualify as "responsive pleading" for purposes of rule providing that party may amend her pleading once as matter of course at any time before responsive pleading is served. Trial Procedure Rule 15(A). | "Does a motion to dismiss not qualify as ""responsive pleading"" for purposes of a rule providing that a party can amend her pleading once as matter of course at any time before responsive pleading is served?" | 040292.docx | LEGALEASE-00160913-LEGALEASE-00160914 |
| Texas Res. v. Diamond Shamrock Corp., 584 S.W.2d 522 | 307A+583 | Party who files petition must prosecute his claim to judgment with reasonable diligence, and if he fails to so prosecute his claim, trial court has inherent power to dismiss his claim for want of diligence in its prosecution; such matter rests in sound discretion of trial court. | Does the exercise of the power to dismiss a matter for lack of prosecution rest in the sound discretion of trial court? | 040372.docx | LEGALEASE-00160517-LEGALEASE-00160518 |
| Ill v. Manzo-Ill, 142 A.3d 1176 | 307A+582 | Although courts must be mindful of the policy favoring a trial on the merits of any dispute whenever possible, a court may still determine, in its sound discretion, that a party's diligence in prosecuting the case does not fall within the reasonable section of the diligence spectrum. Practice Book 1998, S 14-3. | Should courts remain mindful that it is the policy of the law to bring about a trial on the merits of a dispute? | 040385.docx | LEGALEASE-00160564-LEGALEASE-00160565 |
| Powels v. Iles, 77 So. 3d 518 | 307A+583 | A trial court's power to dismiss a case for failure to prosecute is an inherent power in any court of law or equity and is regarded as a means necessary to control the court's docket and promote the orderly expedition of justice. Rules Civ.Proc., Rule 41(b). | Is a trial court's power to dismiss a case for failure to prosecute an inherent power in any court of law or equity? | 040399.docx | LEGALEASE-00160668-LEGALEASE-00160669 |
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 244 | 307A+583 | Trial courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court's docket and ensuring the orderly expedition of justice. | Do courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court docket and ensuring the orderly expedition of justice? | 040419.docx | LEGALEASE-00160972-LEGALEASE-00160973 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vonder Haar Concrete Co. v. Edwards-Parker, 561 S.W.2d 134 | 257+260(6) | In equitable mechanic's lien suit, trial court need not resort to its inherent power to dismiss for failure to prosecute since duty to prosecute such action without unnecessary delay is expressly cast upon plaintiff, and defendant claimants, by statute. V.A.M.S. SS 429.170, 429.310. | "Does a trial court have inherent power, in the exercise of sound judicial discretion?" | Pretrial Procedure - Memo 11740 - C - TJ_65453.docx | ROSS-003281613-ROSS-003281614 |
| Lopez v. Harding, 68 S.W.3d 78 | 307A+583 | A trial judge may dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence. | Can a trial judge dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence? | Pretrial Procedure - Memo 11755 - C - NS_65465.docx | ROSS-003283158-ROSS-003283159 |
| Sch. Bd. of Orange Cty. v. Coffey, 524 So. 2d 1052 | 1.41E+200 | School board has common-law duty to protect others from result of negligent hiring, supervision, or retention, which duty is identical to duty upon private employers who hire, retain, or supervise employees whose negligence or intentional acts in positions of employment can foreseeably cause injuries to third parties. | Are school districts liable for negligent hiring? | 017188.docx | LEGALEASE-00161999-LEGALEASE-00162001 |
| Judd v. Bd. of Educ. of Union Free Sch. Dist. No. 2, Town of Hempstead, Nassau Cty., 278 N.Y. 200 | 141E+689(3) | The state cannot compel children to attend free public common schools when their parents desire to send them to parochial schools, but their attendance upon parochial school or private school is a matter of choice and cost thereof not a matter of public concern. Const. art. 9, SS 1, 4. | Could the state compel children to attend public school when their parents desire to send them to parochial schools? | 017276.docx | LEGALEASE-00162140-LEGALEASE-00162141 |
| Khaykin v. Adelphi Acad. of Brooklyn, 124 A.D.3d 781 | 141E+956 | Judicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously or whether it substantially complied with its own rules and regulations. | Is Judicial Review of private school disciplinary matters limited to a determination as to whether the school acted arbitrarily and capriciously? | 017284.docx | LEGALEASE-00162150-LEGALEASE-00162151 |
| Richardson v. Econ. Fire & Cas. Co., 109 Ill. 2d 41 | 307A+695 | The trial court, after dismissing original complaint with leave to amend, retained jurisdiction to permit filing of amended complaint even though time limit set by court for filing had long since passed, since an order dismissing complaint with leave to amend is not a final order. | "Where the circuit court dismisses a complaint specifying the number of days for filing an amended complaint, does the court retain jurisdiction to allow the amended complaint to be filed even after the expiry of the time period?" | 040122.docx | LEGALEASE-00162214-LEGALEASE-00162215 |
| Lamka v. KeyBank, 250 Or. App. 486 | 307A+695 | A party may amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint; it is only if the trial court grants a motion to dismiss after the plaintiff has already filed an amended complaint or the defendant has filed a responsive pleading, that the plaintiff must file a motion for leave to file an amended complaint. Rules Civ.Proc., Rules 21, 23. | "Will a plaintiff be given an opportunity to amend the complaint once, as a matter of right, before the trial court dismiss the complaint with prejudice?" | 040150.docx | LEGALEASE-00162174-LEGALEASE-00162175 |
| Huber v. Mullan, 246 F. Supp. 8 | 83E+481 | A note evidencing a promise to repay sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment. | Can a note be rendered nonassignable by clear and unequivocal language? | Bills and Notes - Memo 1435 - RK_66493.docx | ROSS-003284245-ROSS-003284246 |
| Jacobs v. Singletary, 952 F.2d 1282 | 197+498 | An error in instructing jury cannot constitute basis for habeas relief unless the error so infected the entire trial that the resulting conviction violates due process; it is not sufficient that instruction was undesirable, erroneous, or even universally condemned. U.S.C.A. Const.Amends. 5, 14. | Is there cause for habeas review if erroneous jury instructions are so prejudicial they amount to a violation of due process? | Bribery - Memo 1109 - C - AV_66516.docx | ROSS-003294010-ROSS-003294011 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Zumwalt v. Superior Court, 49 Cal. 3d 167 | 79+5 | State constitutional designation of county clerk as ex officio clerk of Superior Court does not create separate office whose incumbent may claim any right by virtue of his status as county clerk alone to perform court-related duties; county clerk must perform any duties required by legislature to be performed by superior court clerk but may not claim right to perform any such duties which legislature has, by enactment of statute, permitted Superior Court to transfer to executive or administrative officer, and some court-related duties need not be left to county clerk to avoid "destruction of the office." West's Ann.Cal.Gov.Code S 69898; West's Ann.Cal. Const. Art. 6, S 4. | Does the designation of the county clerk as ex officio clerk of the superior court create a separate office? | Clerks of courts - Memo 70 - RK.docx | LEGALEASE-00052764-LEGALEASE-00052765 |
| Broadstone Realty Corp. v. Evans, 213 F. Supp. 261 | 170B+2405 | With respect to diversity jurisdiction of federal courts, "citizenship" has same meaning as domicile and it imports permanent residence in a particular state with intention of remaining; residence alone is not equivalent of citizenship, although place of residence is prima facie the domicile; citizenship is not necessarily lost by protracted absence from home where intention to return remains. 28 U.S.C.A. S 1331(a). | "Is residence not the equivalent of domicile, although it is prima facie evidence of domicile?" | Domicile - Memo 44 - C - AB.docx | LEGALEASE-00052828-LEGALEASE-00052829 |
| Boyd v. Hickman, 114 Md. App. 108 | 135H+25 | Civil forfeiture statute will not be considered punishment for double jeopardy purposes unless legislative body intended it to be punitive, or its effect was so punitive as to negate its remedial purpose. U.S.C.A. Const.Amend. 5. | Will a civil forfeiture statute not be considered punishment for double jeopardy purposes unless legislative body intended it to be punitive? | Double Jeopardy - Memo 219 - C - VP_66742.docx | ROSS-003281645-ROSS-003281646 |
| State v. Mercado, 121 So. 3d 604 | 135H+96 | Generally, when a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, double jeopardy does not bar a retrial. U.S.C.A. Const.Amend. 5. | "When a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, does double jeopardy not bar a retrial?" | Double Jeopardy - Memo 258 - C - RF_66963.docx | ROSS-003279944-ROSS-003279945 |
| Mobley v. State, 2008 WL 4414254 | 135H+96 | General rule is that if mistrial is granted at behest of defendant, retrial is not barred by principles of double jeopardy unless governmental conduct in question was intended to goad defendant into moving for mistrial. U.S.C.A. Const.Amend. 5. | "Is the general rule that if mistrial is granted at behest of a defendant, retrial is not barred by principles of double jeopardy?" | 015317.docx | LEGALEASE-00163163-LEGALEASE-00163164 |
| State v. Tolliver, 839 S.W.2d 296 | 135H+96 | Double jeopardy clause does not bar retrial if defendant requests, or consents to, mistrial; where such mistrial occurs, defendant's right to particular tribunal is not implicated unless government or judicial conduct was intended to "goad" defendant into requesting or consenting to mistrial. U.S.C.A. Const.Amend. 5. | "Where mistrial occurs, is a defendant's right to a particular tribunal not implicated unless government or judicial conduct was intended to ""goad"" a defendant into requesting or consenting to mistrial?" | Double Jeopardy - Memo 322 - C - TJ_66616.docx | ROSS-003281418-ROSS-003281419 |
| State v. Bertrand, 133 N.H. 843 | 135H+201 | Where defendant moves for dismissal and makes it clear to court that he is asking for a final determination of charges before court and not for mistrial, he need not explicitly state that he would prefer to continue trial rather than have it end in mistrial declaration in order to preserve future claim of double jeopardy. U.S.C.A. Const.Amend. 5. | Can a defendant generally consent to mistrial by silence? | 015352.docx | LEGALEASE-00163350-LEGALEASE-00163351 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex Parte Huddlestun, 505 S.W.3d 646 | 110+867.1 | Unless unscrupulous defense counsel are to be allowed an unfair advantage, the trial judge must have the power to declare a mistrial in appropriate cases; therefore, a defendant's valued right to have the trial concluded by a particular tribunal is and must be sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. | "Unless unscrupulous defense counsel are to be allowed an unfair advantage, should the trial judge have the power to declare a mistrial in appropriate cases?" | 015391.docx | LEGALEASE-00163153-LEGALEASE-00163154 |
| Washington v. Com., 35 Va. App. 202 | 135H+95.1 | Immediately before, and immediately after empaneling and swearing of the jury things are much the same, but in one jeopardy has not attached while, in the other, it has; therefore, when the trial judge sua sponte, over defendant's objection, declares a mistrial, the defendant is deprived of his valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | "When the trial judge sua sponte, over defendant's objection, declares a mistrial, is the defendant deprived of his valued right to have his trial completed by a particular tribunal?" | Double Jeopardy - Memo 391 - C - RF_66801.docx | ROSS-003293837 |
| Watts v. State, 210 Miss. 236 | 135H+95.1 | Double jeopardy provision does not mean that every time trial aborts or does not end with final judgment defendant must be set free. U.S.C.A. Const.Amend. 5. | Does the double jeopardy provision not mean that every time trial aborts or does not end with a final judgment defendant must be set free? | Double Jeopardy - Memo 415 - C - TJ_66985.docx | ROSS-003320130-ROSS-003320131 |
| State v. Farmer, 224 A.2d 481 | 135H+6 | The rule against double jeopardy does not signify that every time a defendant is put on trial before an appropriate court he is entitled to go free if the trial falls short of final judgment, but in some unusual instances a defendant's right to have a trial completed by a particular tribunal must be subordinated to the public interest in fair trials designed to end in just judgment. U.S.C.A.Const. Amend. 14; Const.1947, Art. I, par. 11. | Does the double jeopardy provision not mean that every time trial aborts or does not end with a final judgment defendant must be set free? | 015501.docx | LEGALEASE-00163625-LEGALEASE-00163626 |
| MacDonald v. Follett, 142 Tex. 616 | 260+79.1(0.5) | The term "overriding royalty" as used in oil and gas lease agreement meant a given percentage of the gross production carved from the working interest but, by agreement, not chargeable with any of the expenses of operation. | "Does the term overriding royalty mean a given percentage of the gross production carved from the working interest but, by agreement, not chargeable with any of the expenses of operation.?" | 021683.docx | LEGALEASE-00163292-LEGALEASE-00163294 |
| Geller v. Smith, 130 Cal. App. 485 | 260+79.1(2) | "Bonus," as applied to oil lease, held to mean money paid by lessee to lessor in consideration of execution of lease, as distinguished from return or royalty reserved by lessor to be paid by lessee through term of lease. | "Can the term bonus be defined as a sum of money paid in consideration for the execution of a lease, as distinguished from the return or royalty reserved by the lessor to be paid by the lessee through the term of the lease?" | Mines and Minerals - Memo 343 - C - ML_66668.docx | ROSS-003279521-ROSS-003279522 |
| Adams Eng'g Co. v. Constr. Prod. Corp., 156 So. 2d 497 | 307A+699 | Determination of whether good cause has been shown for reinstatement of a cause of action that has been dismissed for lack of prosecution requires the exercise of a judicial discretion based upon evidence and not judicial discretion of an arbitrary character. F.S.A. S 45.19. | Does the determination of whether good cause has been shown for reinstatement of a cause of action that has been dismissed for lack of prosecution require the exercise of a judicial discretion based upon evidence? | 040676.docx | LEGALEASE-00163064-LEGALEASE-00163065 |
| Tolliver v. Maxey, 218 W. Va. 419 | 30+3635 | A motion to reinstate an action dismissed for failure to prosecute is addressed to the sound discretion of the trial court, and, in the absence of a showing of abuse of that discretion, the action of the trial court will not be disturbed upon writ of error. West's Ann.W.Va.Code, 56-8-12; Rules Civ.Proc., Rule 41(b). | Is a motion to reinstate an action dismissed for failure to prosecute addressed to the sound discretion of the trial court? | 040715.docx | LEGALEASE-00163352-LEGALEASE-00163353 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Manning v. North, 82 S.W.3d 706 | 30+3206 | Power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review; thus, on appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Is the power of a court to dismiss for want of prosecution unbridled? | 040887.docx | LEGALEASE-00163879-LEGALEASE-00163880 |
| Gallagher v. Jewish Hosp. Ass'n of Philadelphia, 228 A.2d 732 | 307A+583 | Granting non pros because of failure of plaintiff to prosecute his action within reasonable time rests within discretion of lower court, and exercise of such discretion will not be disturbed on appeal unless there is proof of manifest abuse thereof. | Is the decision to grant judgment of non pros rest within the discretion of the trial court? | 040956.docx | LEGALEASE-00163263-LEGALEASE-00163264 |
| Reed v. Henry C. Beck Co., 510 So. 2d 613 | 413+351 | Duty to provide workers' compensation benefits arises where business entity is actual employer or where, as contractor, it sublets part of its contract obligation to others and thereby becomes statutory employer of subcontractor's employees. | Does the duty to provide workers compensation arise when an entity is an actual employer? | 048767.docx | LEGALEASE-00164152-LEGALEASE-00164153 |
| Sherer v. Green Tree Servicing LLC, 548 F.3d 379 | 25T+141 | When agreement's terms do not expressly state whether signatory may be compelled to arbitrate with nonsignatory, courts have drawn on various theories of contract and agency law, including equitable estoppel, to determine nonsignatory's rights and duties under arbitration clause; the other five theories that have been considered are (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing or alter ego, and (5) third-party beneficiary. | Can the ordinary principles of contract and agency law be call upon to bind a nonsignatory to an agreement whose terms have not clearly done so? | 008057.docx | LEGALEASE-00165003-LEGALEASE-00165004 |
| Vaughn v. United States, 43 F. Supp. 306 | 34+79(1) | The right to sue the United States on a contract of war risk insurance is given solely by statute, and the commencement of suit within the time prescribed by the statute is an indispensable condition of the action. World War Veterans' Act 1924, S 19 as amended 38 U.S.C.A. S 784(a-h). | Is the right to sue the United States on a contract of war risk insurance given solely by statute? | 008873.docx | LEGALEASE-00164214-LEGALEASE-00164215 |
| U.S. Commodity Futures Trading Comm'n v. Arrington, 998 F. Supp. 2d 847 | 83H+2 | Commodity Exchange Act (CEA) is a remedial statute that serves the crucial purpose of protecting the innocent individual investor, who may know little about the intricacies and complexities of the commodities market, from being misled or deceived. Commodity Exchange Act, S 1 et seq., 7 U.S.C.A. S 1 et seq. | Is the Commodities Exchange Act (CEA) a remedial statute that serves the purpose of protecting the innocent individual investor? | 013635.docx | LEGALEASE-00164275-LEGALEASE-00164276 |
| Morrone v. Prestonwood Christian Acad., 215 S.W.3d 575 | 141E+946 | Although teacher at private school was not certified as a teacher by the State of Texas, teacher was an "authorized person" under the terms of the Coverdell Teacher Protection Act since teacher had master's degree in early childhood and family studies and she was authorized to teach in private schools in Texas under private school's accreditation through the Southern Association of Colleges and Schools. Paul D. Coverdell Teacher Protection Act of 2001, S 2366(a)(3), 20 U.S.C.A. S 6736(a)(3). | Can states require schools to only hire state certified teachers? | 017299.docx | LEGALEASE-00164325-LEGALEASE-00164326 |
| Lamprey v. Britton Const., 163 N.H. 252 | 307A+695 | Plaintiffs must be given leave to amend their writs to correct perceived deficiencies before a dismissal for failure to state a claim has preclusive effect. | Should plaintiffs be given leave to amend their writs to correct perceived deficiencies before a dismissal for failure to state a claim has preclusive effect? | Pretrial Procedure - Memo 12119 - C - VP_67401.docx | ROSS-003308037-ROSS-003308038 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Gouleed, 720 N.W.2d 794 | 135H+99 | Consistent with the constitutional protections against double jeopardy, a criminal defendant who objects to the declaration of a mistrial cannot be retried unless there was a manifest necessity for the mistrial or the ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 4; M.S.A. Const. Art. 1, S 7. | "Consistent with the constitutional protections against double jeopardy, can a criminal defendant who objects to the declaration of a mistrial be retried unless there was a manifest necessity?" | 041012.docx | LEGALEASE-00164294-LEGALEASE-00164295 |
| In re APB Online, 259 B.R. 812 | 349A+10 | An essential characteristic of true "lease" under Connecticut law is that there must be something of value to return to lessor at end of lease; where term of lease is substantially equal to life of leased property, such that there will be nothing of value to return, transaction is in essence a sale with disguised security agreement. | "Is an essential characteristic of a true ""lease"" under law is that there must be something of value to return to a lessor at end of a lease?" | 042822.docx | LEGALEASE-00164487-LEGALEASE-00164488 |
| Kennerly v. Ocmulgee Lumber Co., 206 S.C. 481 | 413+230 | The basic purpose of Workmen's Compensation Act is inclusion of employers and employees and not their exclusion, and its presumptions, and its penalties are directed toward end of effecting coverage rather than noncoverage. Code 1942, S 7035-1 et seq. | "Are the presumptions and penalties of the Workmens Compensation Act directed towards the end of effective coverage, rather than noncoverage?" | Workers Compensation - Memo 762 - C - ANC_67428.docx | ROSS-003293703-ROSS-003293704 |
| McDowell v. Stilley Plywood Co., 210 S.C. 173 | 413+230 | The basic purpose of the workmen's compensation is inclusive of employers and employees and not their exclusion, but the courts are without authority to enlarge meaning of the terms used by legislature or to extend by construction its scope and intent so as to include persons not embraced by its terms. | "In workmens compensation, may the courts enlarge the meaning of the terms in the law?" | 048571.docx | LEGALEASE-00164623-LEGALEASE-00164624 |
| Specie v. Howerton Elec. Co., 344 S.W.2d 314 | 413+52 | Definitions of words employer and employee, as well as whole of Workmen's Compensation Law, should be broadly and liberally construed to effectuate legislative intent to afford compensation to employees. Sections 287.020, 287.030 RSMo 1949, V.A.M.S. | "How should the definition of employer, as well as the whole of the Workmens Compensation law be construed?" | Workers' Compensation - Memo 770 - C - ANC_67436.docx | ROSS-003278933-ROSS-003278934 |
| McCracken v. Wal-Mart Stores E., LP, 298 S.W.3d 473 | 413+187 | Whether a particular sort of work is within a party's usual course of business is a fact-driven inquiry when determining whether one is a statutory employee under the Workers' Compensation Act; there is no litmus paper test. V.A.M.S. S 287.040(1). | "Is whether a particular sort of work is within the usual course of a business a fact-driven inquiry, with no litmus paper test?" | 048822.docx | LEGALEASE-00164747-LEGALEASE-00164748 |
| United States v. Razmilovic, 507 F.3d 130 | 135H+7 | Because jeopardy attaches when the jury is empaneled and sworn, the protections afforded by the Double Jeopardy Clause include the defendant's valued right to have his trial be completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Does the protection by double jeopardy clause include defendant's valued right to have his trial completed by particular tribunal? | Double Jeopardy - Memo 1046 - C - BP_67868.docx | ROSS-003294629-ROSS-003294630 |
| State v. Fleming, 296 N.C. 559 | 135H+105 | In order for state's Double Jeopardy Clause to apply accused must first suffer actual acquittal or conviction on merits of offense. Const. Art. 3, S 22. | "In order for state's Double Jeopardy Clause to apply, should the accused first suffer actual acquittal or conviction on merits of offense?" | Double Jeopardy - Memo 740 - C - SB_68055.docx | ROSS-003295771-ROSS-003295772 |
| Smith v. Wenderlich, 826 F.3d 641 | 135H+1 | The Double Jeopardy Clause of the Fifth Amendment, which is made applicable to the states by the Fourteenth Amendment, provides that no person shall be subject for the same offense to be twice put in jeopardy. U.S. Const. Amends. 5, 14. | "Does the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, prohibit a person from being placed in jeopardy twice for the same offense?" | Double Jeopardy - Memo 911 - C - SHB_67700.docx | ROSS-003308074-ROSS-003308075 |
| Hall v. Lexington Ins. Co., 895 So. 2d 1161 | 307A+695 | If a plaintiff fails to obtain leave from the trial court to amend prior to asserting a claim for punitive damages, the complaint must be dismissed. West's F.S.A. S 768.72. | "If a plaintiff fails to obtain leave from the trial court to amend prior to asserting a claim for punitive damages, should the complaint be dismissed?" | 040832.docx | LEGALEASE-00166082-LEGALEASE-00166083 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Marshall, 22 N.E.3d 207 | 135H+99 | "Manifest necessity," for purposes of double jeopardy, means a high degree of necessity must exist before a mistrial may properly be declared and the defendant retried; however, it does not require a showing that a mistrial was absolutely necessary or that there was no other alternative but to declare a mistrial. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | "Does ""manifest necessity,"" for purposes of double jeopardy, mean a high degree of necessity must exist before a mistrial may properly be declared and the defendant retried?" | 015905.docx | LEGALEASE-00166268-LEGALEASE-00166269 |
| State v. Baum, 355 S.C. 209 | 135H+99 | "Manifest necessity," to declare a mistrial is not a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge, as the word "necessity" is not to be interpreted literally. | "Is ""manifest necessity,"" to declare a mistrial not a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge?" | 015936.docx | LEGALEASE-00166295-LEGALEASE-00166296 |
| Litschewski v. Dooley, 71 F. Supp. 3d 977 | 135H+1 | The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the defendant, and neither the Double Jeopardy Clause nor any other constitutional provision exists to provide unjustified windfalls to defendants. U.S.C.A. Const.Amend. 5. | Does the Constitution require that sentencing should be a game in which a wrong move by the judge means immunity for the defendant? | Double Jeopardy - Memo 649 - C - PC_68426.docx | ROSS-003278982-ROSS-003278983 |
| Natex Corp. v. Paris Indep. Sch. Dist., 326 S.W.3d 728 | 13+27(1) | To distinguish between tort and contract claims, court considers the source of the duty owed and the nature of the remedy sought; if plaintiff's causes of action arise only from a violation of a duty imposed by law, the cause of action sounds in tort, but if the causes of action arose from a duty imposed by a contract, the cause of action is for breach of contract. | "To distinguish between tort and contract claims, does a court consider the source of the duty owed and the nature of the remedy sought?" | Action - Memo 955 - C _154qZgf9fhAwC7ZY7n8y WI8t7UQ2ZGncy.docx | ROSS-000000037-ROSS-000000038 |
| Vincent v. Jones, 292 F.3d 506 | 135H+100.1 | Whether the trial is to a jury or to the bench, subjecting defendant to post-acquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "Whether the trial is to a jury or to the bench, does subjecting a defendant to post-acquittal fact-finding proceedings going to guilt or innocence violate the Double Jeopardy Clause?" | Double Jeopardy - Memo 537 - C - KG_68316.docx | ROSS-003282012 |
| Cavitt v. State, 803 So. 2d 1220 | 135H+105 | In order for the double jeopardy clause to attach to any action, the accused must first suffer an actual acquittal or conviction on the merits of the offense; then, and only then, will a second prosecution for that same offense be barred. U.S.C.A. Const.Amend. 5. | "In order for the double jeopardy clause to attach to any action, should the accused first suffer an actual acquittal or conviction on the merits of the offense?" | 015753.docx | LEGALEASE-00166472-LEGALEASE-00166473 |
| State ex rel. Dandy v. Thompson, 148 W. Va. 263 | 135H+95.1 | Defendant ought not to be put on a second trial for same offense where, over defendant's objection, jury has been discharged because court did not like counsel's conduct or because court felt it had erred in prior rulings. Code, 62-3-7. | "Ought a defendant not to be put on a second trial for a same offense where, over defendant's objection, a jury has been discharged because a court did not like counsel's conduct?" | 015830.docx | LEGALEASE-00166601-LEGALEASE-00166602 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 135H+99 | No retrial for same offense is permitted in any criminal case in which first trial, following swearing and impaneling of jury, was aborted prior to conclusion, unless exceptional circumstances existed in first case, and there was a manifest necessity for trial judge to declare a mistrial. U.S.C.A.Const. Amend. 5. | "Is re-trial after termination-before-verdict of prior trial barred unless termination was either consented to or based upon ""exceptional circumstances""?" | 015835.docx | LEGALEASE-00166629-LEGALEASE-00166630 |
| McLaughlin v. CitiMortgage, 726 F. Supp. 2d 201 | 349A+10 | Article 9 of Uniform Commercial Code (UCC), applicable to creation of security interests in personal property or fixtures, is not applicable to real estate mortgages. | "Is article 9 of Uniform Commercial Code (UCC), applicable to creation of security interests in personal property or fixtures, not applicable to real estate mortgages?" | 042845.docx | LEGALEASE-00166561-LEGALEASE-00166562 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re QDS Components, 292 B.R. 313 | 349A+10 | In analyzing whether lessor has retained some economically meaningful residual interest in leased property, so that lease must be regard as true lease rather than as disguised security agreement, courts must look to economic effect of purported lease agreement rather than at intent of parties. | What is considered in analyzing whether a lessor has retained some economically meaningful residual interest in a leased property? | 042873.docx | LEGALEASE-00167061-LEGALEASE-00167062 |
| State ex rel. Ledbetter v. Duncan, 702 S.W.2d 163 | 104+190.1 | State may require county to appropriate funds for state purpose, or purpose common to State and county, without violating provision of Constitution (Const. Art. 2, S 29) granting General Assembly power to authorize counties and towns to impose taxes, but prohibiting delegation of power to tax except as specifically provided. | "Does the provision of Constitution, granting General Assembly power to authorize counties and towns, to impose taxes prohibit the legislature from delegating that power to courts?" | Taxation - Memo 1332 - C - KAD_68526.docx | ROSS-003306997-ROSS-003306998 |
| Stacy v. Ross, 798 So. 2d 1275 | 76D+283 | The determination whether parents are unreasonable in denying visitation in whole or part to grandparents is not a contest between equals; parents with custody have a paramount right to control the environment, physical, social, and emotional, to which their children are exposed. West's A.M.C. SS 93-16-1 to 93-16-7. | Do parents with custody have a paramount right to control the environment to which their children are exposed? | 13345.docx | LEGALEASE-00081436-LEGALEASE-00081437 |
| Jackson-Shaw Co. v. Jacksonville Aviation Auth., 510 F. Supp. 2d 691 | 289+426(8) | Under Florida law, a lease agreement between two parties does not create a partnership between them simply because the lessor receives a share of the profits of a business in payment of rent. West's F.S.A. S 620.8202(3)(c). | Will a lease agreement between two parties create a partnership only because the lessor is entitled to receive a share of the profit from the business of lessee in the form of rent? | Partnership - Memo 124 - BP.docx | ROSS-003282211-ROSS-003282212 |
| Jackson-Shaw Co. v. Jacksonville Aviation Auth., 510 F. Supp. 2d 691 | 289+426(8) | Under Florida law, a lease agreement between two parties does not create a partnership between them simply because the lessor receives a share of the profits of a business in payment of rent. West's F.S.A. S 620.8202(3)(c). | Will a lease agreement between two parties create a partnership only because the lessor is entitled to receive a share of the profit from the business of lessee in the form of rent? | 05543.docx | LEGALEASE-00083781-LEGALEASE-00083782 |
| Jorski Mill & Elevator Co. v. Farmers Elevator Mut. Ins. Co., 404 F.2d 143 | 366+1 | "Subrogation" is the substitution of one person in place of another with reference to lawful claim, demand or right, and the substitution may occur through invocation of doctrine of subrogation or it may be confirmed and acquiesced in by contract. | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, demand or right?" | Subrogation - Memo 364 - TJ.docx | ROSS-003324277-ROSS-003324278 |
| Wood v. Beatrice Foods Co., 813 P.2d 821 | 413+2 | Statutorily created benefits such as workers' compensation exist only to extent provided by applicable statutes, and legislation limiting such benefits does not deprive affected persons of constitutionally protected property interest. C.R.S. 8-52-104.5; U.S.C.A. Const.Amends. 5, 14. | Do workers' compensation benefits deprive affected persons of a constitutionally protected property interest? | 11452.docx | LEGALEASE-00094155-LEGALEASE-00094156 |
| McMillan v. Horan, 632 So. 2d 1091 | 307A+563 | Trial court must consider six factors prior to determining appropriate sanction for plaintiff's failure to amend within time specified by court order, and any final dismissal of defaulting plaintiff, or record upon which it is based, should demonstrate that decision to dismiss conforms with such factors. | Should a trial court consider six factors prior to determining an appropriate sanction for a plaintiff's failure to amend? | Pretrial Procedure - Memo # 7092 - C - SS.docx | ROSS-003286100-ROSS-003286101 |
| Republic Claims Serv. Co. v. Hoyal, 264 Ga. 127 | 307A+590.1 | Party who wishes to avoid automatic dismissal for want of prosecution has duty to obtain written order of continuance within five-year period. O.C.G.A. S 9-2-60(b). | Does the party who wishes to avoid automatic dismissal for want of prosecution have a duty to obtain a written order of continuance within a five-year period? | 11056.docx | LEGALEASE-00094639-LEGALEASE-00094640 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chicago Title Ins. v. Aurora Loan Servs., 2013 IL App (1st) 123510 | 307A+683 | When a defendant seeking involuntary dismissal of a complaint on the basis that the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim has initially satisfied the burden of presenting an affirmative matter, the burden then shifts to plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(9). | When will the burden shift to plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven? | 10427.docx | LEGALEASE-00095183-LEGALEASE-00095185 |
| Wood v. Beatrice Foods Co., 813 P.2d 821 | 413+2 | Statutorily created benefits such as workers' compensation exist only to extent provided by applicable statutes, and legislation limiting such benefits does not deprive affected persons of constitutionally protected property interest. C.R.S. 8-52-104.5; U.S.C.A. Const.Amends. 5, 14. | Do workers' compensation benefits deprive affected persons of a constitutionally protected property interest ? | 10636.docx | LEGALEASE-00095513-LEGALEASE-00095514 |
| Wood v. Beatrice Foods Co., 813 P.2d 821 | 413+2 | Statutorily created benefits such as workers' compensation exist only to extent provided by applicable statutes, and legislation limiting such benefits does not deprive affected persons of constitutionally protected property interest. C.R.S. 8-52-104.5; U.S.C.A. Const.Amends. 5, 14. | Do workers' compensation benefits deprive affected persons of a constitutionally protected property interest? | 10100.docx | LEGALEASE-00096542-LEGALEASE-00096543 |
| Fairholme Funds v. United States, 132 Fed. Cl. 49 | 27+1 | In deciding whether to allow participation by amici curiae, Court of Federal Claims considers whether movants might have a perspective that would be helpful to the court or otherwise provide information and argument that would illuminate the issues in the case. | What does the Court of Federal Claims consider in deciding whether to allow participation by amici curiae? | 008136.docx | LEGALEASE-00124593-LEGALEASE-00124594 |
| United States v. Gee, 432 F.3d 713 | 63+1(1) | A quid pro quo of money for a specific legislative act is sufficient to violate statute barring theft or bribery concerning programs receiving federal funds, but it is not necessary. 18 U.S.C.A. S 666(a)(1)(B). | Is a quid pro quo of money for a specific legislative act sufficient to violate statute barring theft or bribery concerning programs receiving federal funds? | 011044.docx | LEGALEASE-00125966-LEGALEASE-00125967 |
| Wildensten v. E. Bay Reg'l Park Dist., 231 Cal. App. 3d 976 | 148+293(1) | To state cause of action for inverse condemnation, plaintiff must allege that defendant substantially participated in planning, approval, construction or operation of public project or improvement which proximately caused injury to plaintiff's property. West's Ann.Cal. Const. Art. 1, SS 1, 19; U.S.C.A. Const.Amend. 5. | "To state a cause of action for inverse condemnation, what must be alleged by the plaintiff?" | 017712.docx | LEGALEASE-00127724-LEGALEASE-00127725 |
| Bertram v. Beneficial Consumer Disc. Co., 286 F. Supp. 2d 453 | 25T+140 | Declaration that contract is void nullifies all aspects of agreement, including an embedded arbitration clause, giving neither party the power to ratify or disaffirm its provisions. Restatement (Second) of Contracts S 7 comment. | Does a declaration that a contract is void nullify all aspects of an agreement including an embedded arbitration clause? | 007322.docx | LEGALEASE-00129605-LEGALEASE-00129606 |
| Fry v. Blauvelt, 818 N.W.2d 123 | 30+3193 | Although district courts have discretion in deciding whether to enforce pretrial orders, it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits. | " Is it incumbent upon a reviewing court to scrutinize the exercise of the discretion and to confine the exercise to reasonable limits, in matters of enforcement of pre-trial orders?" | 026623.docx | LEGALEASE-00130120-LEGALEASE-00130121 |
| Tumlison v. Harville, 237 Ark. 113 | 307A+331 | Discovery statute contemplates that party may, for good cause, be afforded opportunity to examine documents which themselves constitute evidence or which may reasonably be expected to lead to discovery of evidence. Ark.Stats. SS 28-348(b), 28-356. | "Can a discovery statute contemplate that a party may, for good cause, be afforded an opportunity to examine documents which themselves constitute evidence?" | 027428.docx | LEGALEASE-00131754-LEGALEASE-00131755 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cywinski v. Binney, 488 F. Supp. 674 | 34+20.6(3) | Test to determine whether an individual is entitled to conscientious objector status is the same for persons not yet inducted and persons in the military; essential elements are that person must be opposed to war in any form, his or her opposition must be based upon religious training and belief, and his or her objection must be sincere. | What are the three basic tests to qualify as a conscientious objector? | 008478.docx | LEGALEASE-00134222-LEGALEASE-00134223 |
| In re Goddard & Peterson, PLLC, 789 S.E.2d 835 | 307A+483 | In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule governing such requests if there is any objection whatsoever. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "In order to avoid having requests for admissions deemed admitted, must a party respond within the period of the rule governing such requests if there is any objection whatsoever?" | 029798.docx | LEGALEASE-00135234-LEGALEASE-00135235 |
| United States v. Miller, 340 F.2d 421 | 63+1(1) | It is immaterial whether official action which briber seeks to influence is right or wrong, in sense that it is expected to result in pecuniary injury to government or that it calls upon bribe recipient to do something other than what he is legally obligated to do. 18 U.S.C.A. S 201. | "To constitute the offense of attempted bribery, is it immaterial whether the official action sought to be influenced is right or wrong?" | 011508.docx | LEGALEASE-00135530-LEGALEASE-00135531 |
| State Farm Fire & Cas. Co. v. Broan Mfg. Co., 523 F. Supp. 2d 992 | 307A+331 | Arizona law imposes upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery. | Does the law impose upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery? | Pretrial Procedure - Memo # 3311 - C - SPB.docx | ROSS-003290752-ROSS-003290753 |
| Spolski Gen. Contractor v. Jett-Aire Corp. Aviation Mgmt. of Cent. Florida, 637 So. 2d 968 | 307A+726 | Trial court did not abuse its discretion in denying continuance of hearing on motions for summary judgment and judgment on the pleadings, so that plaintiff could produce expert evidence on product defect, where several continuances were already granted in case, and plaintiff had ample time to secure an expert. | Will the court abuse its discretion in denying continuance of hearing on motions for summary judgment and judgment on the pleadings? | 031493.docx | LEGALEASE-00137135-LEGALEASE-00137136 |
| SMM Properties v. City of N. Lauderdale, 760 So. 2d 998 | 268+405 | A special assessment must satisfy a two-prong test in order to be considered a valid special assessment rather than a tax: (1) the services at issue must provide a special benefit to assessed property, and (2) the assessment must be properly apportioned. | What is the two-prong test a special assessment must satisfy in order to be considered a valid special assessment rather than a tax? | 045648.docx | LEGALEASE-00142953-LEGALEASE-00142954 |
| Adcock v. Brakegate, Ltd., 164 Ill. 2d 54 | 30+4222 | Under doctrine of aider by verdict, jury verdict against defendant cured not only all formal and purely technical defects in complaint, but any defect in failing to allege or alleging imperfectly any substantial facts that were essential to civil conspiracy cause of action. | "Will the defect in failing to allege substantial facts which are essential to the cause of action, be cured by the doctrine of aider by verdict?" | 023514.docx | LEGALEASE-00143899-LEGALEASE-00143900 |
| Williams v. Beemiller, 100 A.D.3d 143 | 307A+554 | In opposing a motion to dismiss for lack of personal jurisdiction, on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must set forth a sufficient start, and show their position is not frivolous. McKinney's CPLR 3211(a)(8). | Does a motion to dismiss for lack of subject matter jurisdiction present a threshold question concerning the trial court's power to act? | 034353.docx | LEGALEASE-00143967-LEGALEASE-00143968 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sherman T. v. Karyn N., 837 N.W.2d 746 | 307A+554 | When a motion to dismiss alleged both lack of subject matter jurisdiction and failure to state a claim, the court should consider dismissal for lack of subject matter jurisdiction first and should then consider the failure to state a claim only if it determines that it has subject matter jurisdiction; similarly, when a motion to dismiss raises failure to state a claim and any combination of lack of jurisdiction over the person, insufficient process, and insufficient service, the court should consider the latter issues first and then consider dismissal for failure to state a claim only if it determines that it has personal jurisdiction and that process and service of process were sufficient. Neb. Sup. Ct. S 6-1112(b). | "Should a court consider dismissal for lack of jurisdiction or insufficient process, when a motion to dismiss raises a defense of failure to state a claim and any combination of lack of jurisdiction?" | 033638.docx | LEGALEASE-00144031-LEGALEASE-00144032 |
| Molsness v. City of Walla Walla, 84 Wash. App. 393 | 307A+714 | Trial court does not abuse its discretion in denying motion for continuance, sought on grounds that additional discovery is required, if: (1) requesting party does not offer good reason for delay in obtaining the desired evidence; (2) requesting party does not state what evidence would be established through additional discovery; or (3) desired evidence will not raise genuine issue of material fact. | Is a continuance justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery? | 035465.docx | LEGALEASE-00145778-LEGALEASE-00145779 |
| Jenkins v. A. R. Blossman, 60 So. 2d 131 | 302+345(1) | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | When can an affirmative defense presented through exceptions or motions tried or triable only on the face of the petition be sustained? | 037815.docx | LEGALEASE-00152020-LEGALEASE-00152021 |
| Cadet-Duval v. Gursim Holding, 147 A.D.3d 718 | 307A+685 | In assessing a motion to dismiss for failure to state a cause of action a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint. McKinney's CPLR 3211(a)(7). | "In assessing a motion to dismiss for failure to state a cause of action, can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complain?" | 038921.docx | LEGALEASE-00154405-LEGALEASE-00154406 |
| Layton v. Cook, 248 Miss. 690 | 48A+218 | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | In the absence of statute to contrary does a pedestrian has the right to use and travel on a highway? | Highways- Memo 413-ANM_61956.docx | ROSS-003278353 |
| Layton v. Cook, 248 Miss. 690 | 48A+218 | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | Does a pedestrian have the right to travel on any portion of public highway at any time of the day? | 019190.docx | LEGALEASE-00155442-LEGALEASE-00155443 |
| Rash v. J.V. Intermediate, Ltd., 498 F.3d 1201 | 308+70 | Under Texas law, among the agent's fiduciary duties to the principal is the duty to account for profits arising out of the employment, the duty not to act as, or on account of, an adverse party without the principal's consent, the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency, and the duty to deal fairly with the principal in all transactions between them. Restatement (Second) of Agency S 13, comment. | Does an agent owe a fiduciary duty to his principal? | 041956.docx | LEGALEASE-00159011-LEGALEASE-00159012 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cantwell v. State of Connecticut, 310 U.S. 296 | 129+109 | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | Whether the state has the power to prevent or punish when a clear and present danger of riot appear? | 014355.docx | LEGALEASE-00159449-LEGALEASE-00159450 |
| In re Guardianship of Guaman, 879 N.W.2d 668 | 24+179 | Special immigrant juvenile (SIJ) status provides a means for abused, neglected, and abandoned immigrant youth to obtain lawful permanent residency and a path to United States citizenship under federal law. Immigration and Nationality Act, SS 101(a)(27)(J), 203(b)(4), 8 U.S.C.A. SS 1101(a)(27)(J), 1153(b)(4). | "Was Special Immigrant Juvenile (SIJ) status created to protect abused, neglected, and abandoned immigrant youth through a process allowing them to become legal permanent residents?" | 006796.docx | LEGALEASE-00160370-LEGALEASE-00160371 |
| Zumwalt v. Superior Court, 49 Cal. 3d 167 | 79+5 | State constitutional designation of county clerk as ex officio clerk of Superior Court does not create separate office whose incumbent may claim any right by virtue of his status as county clerk alone to perform court-related duties; county clerk must perform any duties required by legislature to be performed by superior court clerk but may not claim right to perform any such duties which legislature has, by enactment of statute, permitted Superior Court to transfer to executive or administrative officer, and some court-related duties need not be left to county clerk to avoid "destruction of the office." West's Ann.Cal.Gov.Code S 69898; West's Ann.Cal. Const. Art. 6, S 4. | Does the designation of the county clerk as ex officio clerk of the superior court create a separate office | 013551.docx | LEGALEASE-00164106-LEGALEASE-00164107 |
| E. Sav. Bank, FSB v. Cach, 124 A.3d 585 | 366+1 | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | What are the required elements of an equitable subrogation claim? | Subrogation - Memo 190 - ANG C.docx | ROSS-003281657-ROSS-003281658 |
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 221+342 | Act of state doctrine is not one of abstention, rather, it is a principle of decision binding on federal and state courts alike; doctrine comes into play only when the outcome of a case turns on the effect of official action by a foreign sovereign. | Is the act of state doctrine a principle of decision binding on federal and state courts alike that comes into play only when the outcome of a case turns on the effect of official action by a foreign sovereign. | International Law - Memo # 315 - C - NS.docx | ROSS-003281772-ROSS-003281773 |
| Telluride Asset Resolution v. Bullock (In re Telluride Global Development), 380 B.R. 817 | 170B+3931 | Where there are two competing lawsuits, a court generally may decline to hear a subsequent lawsuit pursuant to the prior pending action doctrine when (1) an identity of issues exists with the prior pending action, and (2) the controlling issues in the dismissed action, that is, the subsequent action, will be determined in the other lawsuit. | When does a court generally decline to hear a subsequent lawsuit pursuant to the prior pending action doctrine? | Abatement and Revival - Memo 2 - VP.docx | ROSS-003283117-ROSS-003283118 |
| United States v. Barr, 617 F.3d 370 | 148+131 | The general rule under the Takings Clause is that property owners are paid only the fair market value of their property when they are forced to part with it against their will; under this standard, the owner is entitled to receive what a willing buyer would pay in cash to a willing seller at the time of the taking. U.S.C.A. Const.Amend. 5. | What is the fair market value that the owner is entitled to receive in takings? | Eminent Domain - Memo 155 - RK.docx | ROSS-003283378-ROSS-003283380 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex Parte Huddlestun, 505 S.W.3d 646 | 110+867.1 | Unless unscrupulous defense counsel are to be allowed an unfair advantage, the trial judge must have the power to declare a mistrial in appropriate cases; therefore, a defendant's valued right to have the trial concluded by a particular tribunal is and must be sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. | "Unless unscrupulous defense counsel are to be allowed an unfair advantage, should the trial judge have the power to declare a mistrial in appropriate cases? " | Double Jeopardy - Memo 354 - C - SHS_66632.docx | ROSS-003283842-ROSS-003283843 |
| Krengiel v. Lissner Corp., 250 Ill. App. 3d 288 | 30+204(1) | Party whose motion in limine has been denied must object when the challenged evidence is presented at trial in order to preserve issue for review, and failure to raise such objection constitutes waiver of issue on appeal. | Does the failure to raise an objection to a motion in limine constitute a waiver of the issue on appeal? | Pretrial Procedure - Memo  # 406 - C - SS.docx | ROSS-003288491-ROSS-003288492 |
| Vested Bus. Brokers, Ltd. v. Ragone, 131 A.D.3d 1232 | 307A+746 | In seeking to vacate its default in appearing at a conference, a defendant must establish both a reasonable excuse for its default and a potentially meritorious defense to the action. McKinney's CPLR 5015(a)(1). | "In seeking to vacate its default in appearing at a conference, should a defendant establish both a reasonable excuse for its default and a potentially meritorious defense to the action?" | Pretrial Procedure - Memo # 6448 - C - LN.docx | ROSS-003291398-ROSS-003291399 |
| Brock v. State, 955 N.E.2d 195 | 135H+96 | Circumstances surrounding a trial court's declaration of a mistrial may not present an opportunity for raising a timely objection prior to the jury's discharge; in such cases, a failure to object will not be deemed to be consent, for purposes of double jeopardy analysis, unless the totality of the circumstances otherwise shows that the defendant consented to the mistrial. U.S.C.A. Const.Amend. 5. | Can circumstances surrounding a trial court's declaration of a mistrial not present an opportunity for raising a timely objection prior to the jury's discharge? | Double Jeopardy - Memo 67 - C - SJ_65167.docx | ROSS-003293313-ROSS-003293314 |
| TransAmerican Nat. Gas Corp. v. Powell, 811 S.W.2d 913 | 307A+44.1 | Discovery sanctions which are so severe as to preclude presentation of merits of case should not be assessed absent party's flagrant bad faith or counsel's callous disregard for responsibility of discovery under rules. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | Should death penalty sanction not be assessed absent a party's flagrant bad faith conduct or counsel's callous disregard of the rules? | Pretrial Procedure - Memo # 7047 - C - KG_58302.docx | ROSS-003293732-ROSS-003293733 |
| Auto. Club of Oregon v. State, 314 Or. 479 | 371+2002 | "Tax" is any contribution imposed by government upon individuals for the use and service of the state, whether under the name of toll, tribute, tallage, gabel, impost, duty, custom, excise, subsidy, aid, supply, or other name; "assessment" is government fee imposed upon owners of property to finance improvements or services directly benefiting that property. | Are taxes imposed upon individuals for the use and service of the state? | Taxation - Memo # 1039 - C - JL_63310.docx | ROSS-003295221-ROSS-003295222 |
| Doe v. Amherst Coll., 238 F. Supp. 3d 195 | 141E+1166 | Under Massachusetts law, courts apply the standard of reasonable expectation when considering a breach of contract claim brought against a private school by a student or former student. | Do courts apply the standard of reasonable expectation when considering a breach of contract claim brought against a private school by a student? | Education -  Memo # 193 - C - KS_60309.docx | ROSS-003295448-ROSS-003295449 |
| In re Houston, 409 B.R. 799 | 366+2 | Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) party claiming subrogation has paid debt; (2) party was not a volunteer, but had direct interest in discharge of the debt or lien; (3) party was secondarily liable for debt or for discharge of lien; and (4) no injustice will be done to the other party by allowance of the equity. | What factors must be present for equitable subrogation to be appropriate? | Subrogation - Memo # 404 - C - SA.docx | ROSS-003296866-ROSS-003296868 |
| United States v. Evans, 667 F. Supp. 974 | 221+332 | Under protective principle of extraterritorial jurisdiction recognized under international law, jurisdiction may be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty. | "Under protective principle of extraterritorial jurisdiction recognized under international law, can jurisdiction be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty? " | International Law - Memo # 821 - C - ANC.docx | ROSS-003297310-ROSS-003297312 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tatum v. Townsend, 61 A.2d 478 | 13+65 | Rights of parties and status and condition of plaintiff's claim are to be tested by the facts as they existed on the day suit was filed and not by what developed or what plaintiff was able to accomplish between the filing date and the time claim was filed. | Are the rights of parties and status and condition of plaintiff's claim to be tested by the facts as they existed on the day suit were filed? | Action - Memo # 822 - C - SJ.docx | ROSS-003300006-ROSS-003300008 |
| Parra v. Larchmont Farms, 932 S.W.2d 68 | 413+1103 | Worker's compensation is security system, rather than double or nothing gambling game, and doctrine of election requires successful selection of inconsistent remedies. | "Is workers' compensation a security system, rather than a gambling game, and does the doctrine of election require successful selection of inconsistent remedies?" | Workers Compensation - Memo #62 ANC.docx | ROSS-003300590-ROSS-003300591 |
| Valley View Health Care v. Chapman, 992 F. Supp. 2d 1016 | 25T+117 | As federal substantive law, the Federal Arbitration Act (FAA) preempts contrary state law; nonetheless, the FAA's preemption power has an exception, via the savings clause, in that it does not require the enforcement of arbitration agreements on such grounds as exist at law or in equity for the revocation of any contract. U.S.C.A. Const. Art. 6, cl. 2; 9 U.S.C.A. S 2. | Does the Federal Arbitration Act pre-empt contrary state law? | Alternative Dispute Resolution - Memo 331 - RK.docx | ROSS-003302647-ROSS-003302648 |
| Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 61 F. Supp. 3d 372 | 221+342 | Pursuant to act of state doctrine, American courts will not inquire into validity of public acts of recognized foreign sovereign power committed within its own territory. | Can courts inquire into the validity of public acts of recognized foreign sovereign power committed within its own territory pursuant to the act of state doctrine? | International Law - Memo # 137 - C - SA.docx | ROSS-003310653-ROSS-003310654 |
| Stern v. Marshall, 471 S.W.3d 498 | 307A+501 | Under the civil procedure rule governing a plaintiff's right to nonsuit, a claim for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action. Tex. R. Civ. P. 162. | Should a claim for affirmative relief allege a cause of action independent of the plaintiff's claim on which the claimant could recover compensation or relief? | Pretrial Procedure - Memo # 966 - C - PC.docx | ROSS-003312156-ROSS-003312157 |
| Pulte Home Corp. v. Parex, 174 Md. App. 681 | 366+1 | The elements of legal subrogation are: (1) the existence of a debt or obligation for which a party, other than the subrogee, is primarily liable, which (2) the subrogee, who is neither a volunteer nor an intermeddler, pays or discharges in order to protect his own rights or interests. | "Does the element of legal subrogation include the existence of a debt or obligation for which a party, other than the subrogee, is primarily liable?" | Subrogation - Memo 549 - C - SA.docx | ROSS-003314312-ROSS-003314313 |
| Pub. Nat. Bank v. Nat'l City Bank, 261 N.Y. 316 | 307A+92 | Right of examination of party before trial is not as matter of law dependent upon purpose or necessity to establish affirmative claim or defense, but court in its discretion may permit examination of party having burden of proof throughout. Civil Practice Act, S 288. | Is the right of examination of a party dependent upon a purpose or necessity to establish an affirmative claim? | Pretrial Procedure - Memo # 4526 - C - KG.docx | ROSS-003318055-ROSS-003318056 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does Court have inherent power to dismiss action shown to be fictitious and sham, without basing order on facts specified in statute?" | Pretrial Procedure - Memo # 7260 - C - KG.docx | ROSS-003318431-ROSS-003318432 |
| Albert A. Volk Co. v. Cauldwell-Wingate Co., 272 A.D. 290 | 307A+91 | Statutory provisions for examination of witnesses before trial were designed to supersede the former ancillary bills employed for such purpose but only the ancillary action was abolished. Civil Practice Act, SS 288 et seq., 345. | Are statutory provisions for the examination of witnesses before trial designed to supersede the former ancillary bills employed for such purpose? | Pretrial Procedure - Memo # 4509 - C - KG.docx | ROSS-003318713-ROSS-003318714 |
| State v. Braun, 185 Ariz. 245 | 1.49E+07 | Statutes directed at control of pollution in environment are intended to encompass infinitely variable conditions since flexibility and adaptability are required in meeting factual situations which could not have been foreseen by General Assembly. | Should the statutes directed at the control of pollution be flexible and adaptable to encompass variable conditions? | Environmental Law - Memo 13 - ANG.docx | ROSS-003324501-ROSS-003324503 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Murray v. Cadle Co., 257 S.W.3d 291 | 366+31(4) | Factors a court may consider in conducting equitable subrogation balancing test are the negligence of the party claiming subrogation, whether that party had notice of the intervening lien, and whether the intervening lienholder will be prejudiced if equitable subrogation is allowed. | What are the factors a court may consider in conducting a balancing test for claim of equitable subrogation? | Subrogation - Memo 287 - RM C.docx | ROSS-003329757-ROSS-003329758 |
| Webb v. Ensco Marine Company, 121 F. Supp. 2d 1049 | 16+1(1) | Plaintiff who has state common law cause of action that also falls within federal admiralty jurisdiction may elect to bring suit either as admiralty action in federal court, or as state common law action in state court or in federal court, assuming he meets diversity jurisdiction requirements for federal court. | Can a plaintiff in an admiralty case pursue his common law remedies in a state court? | Admiralty Law - Memo 3 - MS.docx | ROSS-003326676-ROSS-003326678 |
| Goldberg Realty Grp. v. Weinstein, 669 A.2d 187 | 38+18 | Contractual right can be assigned unless substitution of right of assignee for right of assignor would materially change duty of obligor, or materially increase burden or risk imposed on him by contract. Restatement (Second) of Contracts S 317(2)(a). | Does substitution of right in favor of the assignee instead of the assignor materially increase the burden or risk on the obligor? | Assignments - Memo 10 - MS.docx | ROSS-003283978-ROSS-003283980 |
| People v. Hall, 55 Cal. App. 2d 343 | 181+10 | A deed altered by changing name of grantee without knowledge or consent of grantor is void as a conveyance to the person whose name is so inserted as grantee, and such alteration is sufficient to satisfy provision of the Penal Code that every person who with intent to defraud falsely "alters" any deed is guilty of "forgery". West's Ann.Pen.Code, S 470. | Is a deed that has been materially altered after it was signed a forgery? | Forgery - Memo 18 - JS.docx | LEGALEASE-00000846-LEGALEASE-00000848 |
| Food Chem. News v. Davis, 378 F. Supp. 1048 | 316P+861 | Purpose of the Federal Advisory Committee Act of 1972 is to control the advisory committee process and to open to public scrutiny the manner in which government agencies obtain advice from private individuals. 5 U.S.C.A. App. I, SS 3(2), 9(a-c). | "Does Federal Advisory Committee Act, 1972 deal with government agencies obtaining advice from private individuals?" | Administrative Law - Memo 12 - JS.docx | LEGALEASE-00001226-LEGALEASE-00001228 |
| Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 | 25T+111 | In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes. 9 U.S.C.A. S 1 et seq. | What happens in a bilateral arbitration? | 004128.docx | LEGALEASE-00116226-LEGALEASE-00116228 |
| Concerned Citizens of Chestnuthill Twp. v. Dep't of Envtl. Res., 158 Pa. Cmwlth. 248 | 1.49E+17 | Department of Environmental Resources (DER) has duty of enforcing rules and regulations; Environmental Hearing Board (EHB) has adjudicatory function and power to review orders, permits, licenses and decisions of DER, and Environmental Quality Board (EQB) has power and duty to formulate, adopt and promulgate rules and regulations of general application which when made, are rules and regulations of DER; thus, EQB is a quasi-legislative, quasi-policymaking body. | Does the Departmental of Environmental Resources (DER) have the duty of enforcing rules and regulations? | Environmental Law - Memo 40 - AKA.doc | LEGALEASE-00002141-LEGALEASE-00002143 |
| Stoddard v. West Telemarketing, 501 F.Supp.2d 862 | 237+1 | In Texas, "libel" is defamation expressed in written form that tends to injure living person's reputation and thereby expose person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation, whereas "slander" is orally communicated defamation. V.T.C.A., Civil Practice & Remedies Code S 73.001. | Does defamation cause an injury to a persons reputation? | 004419.docx | LEGALEASE-00116626-LEGALEASE-00116627 |

552

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dep't of Pub. Works & Bldgs. v. Kirkendall, 415 Ill. 214 | 148+1 | The power and right of eminent domain is inherent in the sovereign state, existing independently of written constitutions or statutes thereof, regulated by appropriate legislation limited only by constitutional provision for compensation, and extending to every kind of property. S.H.A.Const. art. 2, S 13; S.H.A. ch. 47, S 1 et seq. | Is the power and right of eminent domain regulated by legislation? | Eminent Domain - Memo 11 - AKA.doc | LEGALEASE-00002339-LEGALEASE-00002340 |
| Poindexter v. Sanco Corp., 44 N.C. App. 694 | 50+9 | A bailor for hire, while not an insurer, may be liable for personal injuries to bailee or third persons proximately resulting from defective condition of a rented automobile while being used by bailee for purpose known to be intended, if bailor was aware of defective condition or by reasonable care and inspection could have discovered it. | Is a bailor for hire an insurer? | Bailment - Memo 39 - RK.docx | ROSS-003326331-ROSS-003326332 |
| Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646, 584 F.3d 513 | 170B+3053 | In determining whether parties have agreed to arbitrate, court cannot subject purported arbitration agreement otherwise within scope of Federal Arbitration Act (FAA) and satisfying its requirements to a standard more demanding than that which it would apply to other agreements under applicable state law. 9 U.S.C.A. S 1 et seq. | What law do the courts apply to determine whether an agreement to arbitrate is enforceable? | 005251.docx | LEGALEASE-00116820-LEGALEASE-00116821 |
| Grimm v. First Nat. Bank of Pennsylvania, 578 F. Supp. 2d 785 | 25T+113 | Federal law presumptively favors enforcement of arbitration agreements, and thus any doubts concerning scope of arbitrable issues should be resolved in favor of arbitration, whether problem at hand is construction of contract language itself or allegation of waiver, delay or other defense to arbitrability. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act make agreements to arbitrate enforceable to the same extent as other contracts? | 004909.docx | LEGALEASE-00117161-LEGALEASE-00117163 |
| City of San Diego v. California Coastal Com., 119 Cal. App. 3d 228 | 149E+615 | Opinion evidence of experts in discipline of environmental planning, often included within environmental impact reports, may constitute substantial evidence upon which California Coastal Commission may base its decision. | Does the opinion evidence of experts constitute substantial evidence upon which a commission may base its decisions? | 005040.docx | LEGALEASE-00117224-LEGALEASE-00117225 |
| Brown v. Metzger, 118 Ill. App. 3d 855 | 253+1076(1) | When one spouse is injured by negligence of a tort-feasor, other spouse may recover from the tort-feasor for the loss spouse suffered by virtue of injury to spouse; this loss, generally labeled "loss of consortium," includes material services, elements of companionship, felicity and sexual intercourse, all welded into a conceptualistic unity. | Can a spouse maintain an action for loss of consortium against a tortfeasor who has caused injuries to the other spouse? | 005117.docx | LEGALEASE-00117333-LEGALEASE-00117334 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 48A+6 | The authority vested in the Highway Commission by the legislature to place warning devices and safety signs at various places on highway for protection of traveling public is not an illegal delegation of legislative authority. 69 O.S.1951 S 50; 47 O.S.1951 S 366, subd. 10. | Is an authority to place warning devices and safety signs vested in the Highway Commission by the legislature an illegal delegation of legislative authority? | 000333.docx | LEGALEASE-00117685-LEGALEASE-00117686 |
| People v. Wooten, 44 Cal. App. 4th 1834 | 146+23 | In effect, claim of right defense provides that, if defendant takes property in good faith belief that it belongs to him, defendant lacks intent necessary to commit embezzlement. | "If a person takes property in the good faith belief that it belongs to him, does the person lacks the intent necessary to commit embezzlement?" | 000403.docx | LEGALEASE-00117870-LEGALEASE-00117871 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Saunders v. Equifax Info. Servs., 469 F. Supp. 2d 343 | 115+15 | Compensatory and punitive damages serve different purposes; while compensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct, punitive damages, by contrast, serve a broader function aimed at deterrence and retribution. | Do compensatory damages and punitive damages serve different purposes? | 000600.docx | LEGALEASE-00117932-LEGALEASE-00117934 |
| BCS Ins. Co. v. Wellmark, 410 F.3d 349 | 25T+139 | Language of the parties' agreement determines arbitrability, and while ambiguities in the language of the agreement should be resolved in favor of arbitration, courts do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated. 9 U.S.C.A. S 1 et seq. | Can the court override the intent of the parties to arbitrate or the plain text of the contract? | 001025.docx | LEGALEASE-00118026-LEGALEASE-00118027 |
| Kovac v. Superior Dairy, 930 F. Supp. 2d 857 | 25T+191 | The Federal Arbitration Act (FAA) manifests a liberal federal policy favoring arbitration agreements; accordingly, the FAA provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement. 9 U.S.C.A. S 1 et seq. | When does the Federal arbitration Act (FAA) provide for a stay of proceedings? | Alternative Dispute Resolution - Memo 183 - RK.docx | ROSS-003301298-ROSS-003301299 |
| In re A.W., 741 N.W.2d 793 | 209+110 | Federal preferences are granted to Indians not as a discrete racial group, but, rather, as members of quasi-sovereign tribal entities; as long as the special treatment can be rationally tied to the fulfillment of Congress' unique obligation toward the Indians, such legislative judgments will not be disturbed. | What is the rationale behind the special treatment provided to Indians? | 019432.docx | LEGALEASE-00118324-LEGALEASE-00118325 |
| Diop v. City of New York, 50 F. Supp. 3d 411 | 249+42 | An arresting officer is entitled to qualified immunity on claims of false arrest and malicious prosecution if either: (1) it was objectively reasonable for the officer to believe that probable cause existed, or (2) officers of reasonable competence could disagree on whether the probable cause test was met. U.S.C.A. Const.Amend. 4. | When can a police officer assert qualified immunity defense in a malicious prosecution claim? | 001493.docx | LEGALEASE-00118637-LEGALEASE-00118638 |
| State v. Holland, 221 S.W.3d 639 | 360+191.9(1) | When the government acts pursuant to colorable contract rights, it lacks the necessary intent to take under its eminent-domain powers and thus retains its immunity from suit; this is because the State may wear two hats: the State as a party to the contract and the State as sovereign. Vernon's Ann.Texas Const. Art. 1, S 17. | Does the government lack the necessary intent to take under its eminent-domain powers when it acts pursuant to colorable contract rights? | 001552.docx | LEGALEASE-00119051-LEGALEASE-00119052 |
| Bellsouth Carolinas PCS v. Henderson Cty. Zoning Bd. Of Adjustment, 174 N.C. App. 574 | 317A+101 | The determination of what constitutes a public utility requires a flexible rule; no single factor is controlling in determining whether an entity is a public utility, although each must be weighed, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority. | What determines whether an entity conducts itself as to be of public concern or a public utility? | 001598.docx | LEGALEASE-00119000-LEGALEASE-00119001 |
| Lampkin ex rel. Lampkin v. Hous. Mgmt. Res., 220 N.C. App. 457 | 13+3 | Legal rights and liabilities must rest upon some reasonably settled basis, fixed either by the common law or by statute. | Must legal rights and liabilities rest upon reasonably settled basis fixed either by the common law or by statute? | Action - Memo 6 - MS.docx | ROSS-003284531-ROSS-003284532 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gen. Tel. Co. of Sw. v. Bi-Co Pavers, 514 S.W.2d 168 | 386+2 | A "trespass" is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although the actor may not know that the act he intends to commit is such a violation. | Can a person be made liable for trespass even though the actor did not know his conduct would result in trespass but his actions were practically certain to have that effect? | 10828.docx | LEGALEASE-00081469-LEGALEASE-00081470 |
| Kitterman v. Simrall, 924 S.W.2d 872 | 386+2 | Trespasser's liability for damages for natural, necessary, direct and proximate consequences of his or her wrongful act exists whether or not done in good faith and with reasonable care, in ignorance or under mistake of law or fact. | Can a liability for trespass exist when acts are done in good faith? | 002338.docx | LEGALEASE-00119223-LEGALEASE-00119224 |
| State v. Applegate, 668 S.W.2d 624 | 203+511 | Elements of the corpus delicti in a homicide case cannot be said to be established until it has been proved that the death was not self-inflicted, or due to natural causes or accident; the state must further prove, as an additional element, a criminal act of the defendant as cause of victim's death. | "Will the elements of corpus delicti be met unless the state has shown that the death was not accidental, self-inflicted or due to natural causes?" | 001929.docx | LEGALEASE-00119626-LEGALEASE-00119627 |
| Geller v. Kinney, 980 N.E.2d 390 | 233+1462(3) | The doctrine of mitigation of damages creates an obligation on the part of a landlord to use such diligence as would be exercised by a reasonably prudent man under similar circumstances to re-let the premises, if possible, in order to mitigate damages resulting from a tenant's breach of lease. | Does the doctrine of mitigation of damages apply to landlords as well? | 001935.docx | LEGALEASE-00119644-LEGALEASE-00119646 |
| Mastrobuono v. Shearson Lehman Hutton Inc., 812 F. Supp. 845 | 25T+113 | Federal Arbitration Act (FAA) not only declares national policy favoring arbitration, but actually withdraws power of states to require judicial forum for resolution of claims which contracting parties agreed to resolve by arbitration. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) withdraw the power of a state to require a judicial forum for arbitration? | Alternative Dispute Resolution - Memo 304 - RK.docx | LEGALEASE-00008921-LEGALEASE-00008922 |
| Chelsea Square Textiles v. Bombay Dyeing & Mfg. Co., 189 F.3d 289 | 170B+3053 | While section of the Federal Arbitration Act (FAA) preempts state law that treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) preserve the general principles of state contract law? | 002682.docx | LEGALEASE-00120129-LEGALEASE-00120130 |
| DeRosa v. Rambosk, 732 F. Supp. 2d 1285 | 249+30 | Under Florida law, malicious prosecution plaintiff need not allege actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others. | Is it necessary to prove actual malice in a malicious prosecution claim? | 002755.docx | LEGALEASE-00120248-LEGALEASE-00120249 |
| Fiber Sys. Int'l v. Roehrs, 470 F.3d 1150 | 237+10(0.5) | Under Texas law, in order for defamatory oral statement to constitute slander per se, it must fall within one of four categories: (1) imputation of a crime; (2) imputation of a loathsome disease; (3) injury to person's office, business, profession or calling; or (4) imputation of sexual misconduct. | What kinds of statements constitute slander per se? | Libel and Slander -Memo 126 - JS.docx | ROSS-003325369-ROSS-003325370 |
| Hellenic Lines, Ltd. v. Moore, 345 F.2d 978 | 221+179 | Because application of doctrine of diplomatic immunity exempts Ambassador from legal procedures necessary to ordered society and often deprives others of remedies for harm they have suffered, courts hesitate to invoke doctrine in novel situation unless its purposes will certainly be served. 22 U.S.C.A. SS 252, 253. | What is the purpose of diplomatic immunity? | 002997.docx | LEGALEASE-00120509-LEGALEASE-00120510 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kala Investments v. Sklar, 538 So. 2d 909 | 366+1 | "Equitable subrogation" is creature of equity which was developed to afford relief when one person has satisfied obligations of another and equity compels that person discharging debt stand and choose a person whose claim has been discharged, thereby succeeding to rights and priorities of original creditor. | Is the doctrine of equitable subrogation a creature of equity ? | Subrogation - Memo 62 - RM C.docx | ROSS-003323902-ROSS-003323903 |
| Texas Co. v. Miller, 165 F.2d 111 | 366+1 | "Subrogation" is a legal fiction by force of which an obligation extinguished by payment made by a third person, is treated as still subsisting for his benefit. | "Is subrogation a legal fiction by force of which an obligation, extinguished by payment made by a third person, is treated as still subsisting for his benefit, or the procedure by which the equitable rights of one person are worked out through the legal rights of another?" | 043866.docx | LEGALEASE-00120973-LEGALEASE-00120974 |
| Fin. Sec. Assur. v. Stephens, 500 F.3d 1276 | 366+1 | Subrogation is either legal or conventional: "legal subrogation" is an equitable doctrine and arises by operation of the law without any agreement to that effect between the parties; "conventional subrogation" rests on contract, arising where an agreement is made that the person paying the debt shall be subrogated to the rights and remedies of the original creditor. | Is subrogation either legal or conventional? | Subrogation - Memo # 428 - C - SA.docx | ROSS-003326471-ROSS-003326472 |
| S. Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17 | 366+1 | A right in equity to subrogation may arise by convention, or in other words, by way of a subrogation provision in a contract; however, it may also arise as legal or equitable subrogation, or in other words by operation of law based on facts giving rise to a right of subrogation. | Does legal or equitable subrogation arise by operation of law based on the facts or underlying circumstances of the case? | 043748.docx | LEGALEASE-00121531-LEGALEASE-00121532 |
| Rupp v. Transcon. Ins. Co., 627 F. Supp. 2d 1304 | 366+1 | Under Utah law, relief on a subrogation claim is available if the following conditions are met: (1) there is a debt or obligation for which the subrogee was not primarily liable; (2) the subrogee made payment to protect his own rights or interest; (3) the subrogee did not act merely as a volunteer; and (4) the entire debt was paid. | What conditions must be met for relief on a subrogation claim to be available? | 043752.docx | LEGALEASE-00121541-LEGALEASE-00121543 |
| E. Sav. Bank, FSB v. Cach, 124 A.3d 585 | 366+1 | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | What are the three elements of equitable subrogation? | Subrogation - Memo # 557 - C - TJ.docx | ROSS-003296122-ROSS-003296123 |
| E. Sav. Bank, FSB v. Cach, 124 A.3d 585 | 366+1 | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | What are the five factors that have been outlined as conditions precedent to the application of equitable subrogation? | 043860.docx | LEGALEASE-00121416-LEGALEASE-00121417 |
| Home Ins. Co. v. Cincinnati Ins. Co., 213 Ill. 2d 307 | 366+1 | In contrast to contribution, subrogation and indemnification are devices for placing the entire burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged. | "In contrast to contribution, are subrogation and indemnification devices for placing the entire burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged?" | 043912.docx | LEGALEASE-00121142-LEGALEASE-00121143 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lumbermens Mut. Cas. v. United States, 90 Fed. Cl. 558 | 366+7(1) | "Subrogation" is a principle of equity whereby a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed. | Is subrogation a principle of equity whereby a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed? | Subrogation - Memo # 657 - C - NO.docx | ROSS-003282999-ROSS-003283000 |
| Fuller v. Stonewall Cas. Co. of W. Va., 172 W. Va. 193 | 366+7(1) | Where a guarantor pays creditor debt on behalf of principal obligor, he is ordinarily entitled to be subrogated to rights of creditor as against principal obligor and accrue to such security as has been taken by creditor from principal obligor. | "Where a guarantor pays to the creditor debt on behalf of a principal obligor, is he ordinarily entitled to be subrogated to the rights of a creditor as against the principal obligor and accrue to such security as has been taken by creditor from the principal obligor?" | 044014.docx | LEGALEASE-00121459-LEGALEASE-00121460 |
| Bost v. Paulson's Enterprises, 36 Ill. App. 3d 135 | 366+2 | Doctrine of subrogation is broad enough to include every instance in which one person, not mere volunteer, pays debt for which another is primarily liable and which in equity and good conscience should have been discharged by latter. | "Under the doctrine of ""subrogation,"" does a person who has paid a debt for which another is primarily liable succeed to the rights of the person whose debt has been paid in relation to the debt or claim?" | 044068.docx | LEGALEASE-00121575-LEGALEASE-00121576 |
| Sun Valley Fin. Servs. of Phoenix v. Guzman, 212 Ariz. 495 | 366+1 | "Equitable subrogation" is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. | "Is subrogation or equitable subrogation the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt?" | Subrogation - Memo # 705 - C - SA.docx | ROSS-003324651-ROSS-003324652 |
| DePuy v. Farmer, 847 N.E.2d 160 | 366+1 | Common law subrogation is a doctrine of equity jurisprudence that arises by operation of law, that is to say it is created by the legal consequences of the acts and relationships of the parties, and thus is a legal fiction; it is designed to promote and to accomplish justice, and compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | Is common law subrogation a doctrine of equity jurisprudence that arises by operation of law and thus a legal fiction? | 044166.docx | LEGALEASE-00121583-LEGALEASE-00121584 |
| DeCespedes v. Prudence Mut. Cas. Co. of Chicago, Ill., 193 So. 2d 224 | 366+1 | Subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | "Does subrogation serve the purpose of limiting the possibility of a double recovery by the insured, and secures the ultimate discharge of the debt by the one who in equity and good conscience ought to pay it?" | 044331.docx | LEGALEASE-00121741-LEGALEASE-00121742 |
| Bekele v. Lyft, 199 F. Supp. 3d 284 | 25T+121 | Even claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum, the statute serves its functions. | Can claims arising under a statute designed to further important social policies be arbitrated? | Alternative Dispute Resolution - Memo 383 - RK.docx | ROSS-003297892-ROSS-003297893 |
| Coronado v. Norman, 111 S.W.3d 838 | 30+5 | An appellant must establish four elements in order to be successful in a restricted appeal: (1) the petition must be brought within six months from the signing of the judgment, (2) by a party to the lawsuit, (3) who did not participate in the trial on the merits, and (4) the error must be apparent on the face of the record. Rules App.Proc., Rule 30. | What are the elements necessary to prevail on a restricted appeal? | 008161.docx | LEGALEASE-00121993-LEGALEASE-00121994 |
| Lawson v. Aetna Life Ins. Co., 59 Conn. App. 84 | 30+103 | After a trial court has sustained a motion to strike a complaint or a portion of the complaint, the plaintiff has two options, and these choices are mutually exclusive: (1) plaintiff may either amend his pleading; or (2) he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the motion to strike. | What are the options available to the plaintiff after a grant of motion to strike by the court? | Appeal And Error - Memo 24 - BP.docx | ROSS-003297250-ROSS-003297251 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Premium Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557 | 307A+3 | A "motion in limine" filed in a civil case is generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules. | Are pretrial motions in limine employed in civil cases as a means to exclude evidence from trial for violations of the disclosure rules? | 024031.docx | LEGALEASE-00121948-LEGALEASE-00121949 |
| Seels v. Tenet Health Sys. Hahnemann, 167 A.3d 190 | 307A+3 | A "motion in limine" is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. | Is a motion in limine a procedural step to prevent prejudicial evidence from reaching the jury? | Pretrial Procedure - Memo  # 109 - C - RY.docx | ROSS-003299864-ROSS-003299865 |
| Adams v. Consol. Rail Corp., 214 W. Va. 711 | 307A+3 | Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court; a trial court is vested with the exclusive authority to determine when and to what extent an in limine order is to be modified. | Is the trial court vested with the exclusive authority to determine when and to what extent an in limine order is modified? | 024216.docx | LEGALEASE-00122023-LEGALEASE-00122024 |
| Foster v. Klaumann, 42 Kan. App. 2d 634 | 307A+3 | When a party alleges that an order in limine has been violated, the trial court must determine (1) whether the order has been violated and, if so, (2) whether the party alleging the violation has established substantial prejudice resulting from that violation. | "When a party alleges that an order in limine has been violated, must the trial court determine whether the order has been violated and whether the party alleging the violation has established substantial prejudice resulting from that violation?" | Pretrial Procedure - Memo  # 87 - JTB.docx | ROSS-003326668-ROSS-003326669 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. | Does a motion in limine permit a party to obtain an order excluding inadmissible evidence  and prohibiting comment concerning such evidence during closing argument? | 038127.docx | LEGALEASE-00122198-LEGALEASE-00122200 |
| In re Reliable Mfg. Corp., 17 B.R. 899 | 366+7(1) | Once the guarantor pays a creditor, he steps into the shoes of the debtor whose debt he has paid and acquires that debtor's rights with respect to the obligation he has satisfied; this is the equitable doctrine of subrogation. | "Once the guarantor pays a creditor, does he step into the shoes of the debtor whose debt he has paid and acquire that debtor's rights with respect to the obligation he has satisfied?" | Subrogation - Memo # 715 - C - NO.docx | ROSS-003298395-ROSS-003298397 |
| In re Weinberger's Estate, 203 Neb. 674 | 13+61 | Cause of action on covenant of warranty or for quiet enjoyment does not accrue in favor of covenantee until eviction or surrender by reason of a paramount title. | Does a cause of action on a covenant of warranty or for quiet enjoyment accrue in favor of covenantee before eviction or surrender by reason of a paramount title? | Action - Memo # 139 - C - CS.docx | ROSS-003310827-ROSS-003310828 |
| Denman v. Citgo Pipeline Co., 123 S.W.3d 728 | 13+61 | A cause of action "accrues" when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant. | "Does a cause of action ""accrue"" when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant?" | Action - Memo # 159 - C - CS.docx | ROSS-003310320-ROSS-003310322 |
| In re Harber, 553 B.R. 522 | 13+61 | Under Pennsylvania law, cause of action accrues on date that plaintiff could have first maintained the action to a successful conclusion by holding an enforceable claim or right after sustaining an injury that gives rise to damages. | Does a cause of action accrue when the plaintiff could have first maintained an action? | Action - Memo # 27 - C - LK.docx | ROSS-003285863-ROSS-003285864 |
| Mary Ann Morse Healthcare Corp. v. Bd. of Assessors of Framingham, 74 Mass. App. Ct. 701 | 75+8 | While there is no precise number of persons who must be served in order for an organization to claim charitable status, and at any given moment an organization may service only a relatively small number of persons, membership in the class served must be fluid and must be drawn from a large segment of society or all walks of life. M.G.L.A. c. 59, S 5. | How many beneficiaries must be served for a charitable trust to be in existence? | 013346.docx | LEGALEASE-00124102-LEGALEASE-00124103 |
| In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | First element of act of state doctrine is whether there is an official act of a foreign sovereign performed within its own territory, not whether the named defendant is the foreign sovereign who performed that official act. | "Is the first element of the act of state doctrine whether there is an official act of a foreign sovereign performed within its own territory, and not whether the named defendant is the foreign sovereign who performed that official act?" | 019713.docx | LEGALEASE-00123772-LEGALEASE-00123773 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Portrait of Wally, 663 F. Supp. 2d 232 | 221+342 | In determining whether the Act of State Doctrine applies, courts must be mindful of their obligation to decide cases and controversies properly presented to them; this in turn requires consideration of the policies underlying the Act of State doctrine and whether, despite the doctrine's technical availability, it should nonetheless not be invoked. | "In determining whether the Act of State Doctrine applies, must courts be mindful of their obligation to decide cases and controversies properly presented to them?" | 019751.docx | LEGALEASE-00123409-LEGALEASE-00123410 |
| Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1164 | 221+342 | "Act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of public acts recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine in its traditional formulation preclude US courts from inquiring into validity of public acts? | 019759.docx | LEGALEASE-00123351-LEGALEASE-00123352 |
| Mannington Mills v. Congoleum Corp., 595 F.2d 1287 | 221+358 | Granting of patents per se, in substance, ministerial activity, was not kind of governmental action contemplated by act of state doctrine or its correlative, foreign compulsion; thus, act of state defense did not support dismissal of complaint in antitrust action alleging fraud in obtaining of foreign patents and did not apply to patents issued in foreign countries. | Are ministerial acts of a foreign government excluded from the scope of act of state doctrine? | 019820.docx | LEGALEASE-00123975-LEGALEASE-00123976 |
| United States v. Louisiana, 470 U.S. 93 | 405+2652 | Three factors to be taken into consideration in determining whether a body of water is an historic bay is the exercise of authority over the area by the claiming nation, the continuity of that exercise of authority, and the acquiescence of foreign nations. | What are the three factors to be taken into consideration in determining whether a body of water is a historic bay? | International Law - Memo # 150 - C - CAR.docx | ROSS-003285627-ROSS-003285629 |
| Lizarbe v. Rondon, 642 F. Supp. 2d 473 | 221+342 | The act of state doctrine prevents courts from adjudicating a dispute if the matter involves assessing official actions of a foreign sovereign. | Does the act of state doctrine prevent courts from adjudicating a dispute if the matter involves assessing official actions of a foreign sovereign? | 019980.docx | LEGALEASE-00123177-LEGALEASE-00123178 |
| French v. Banco Nacional de Cuba, 23 N.Y. 2d 46 | 221+134 | The control of national currency and of foreign exchange is an essential governmental function; the state which coins money has power to prevent its outflow, and same reasoning is applicable to imposition of restraints upon transactions in foreign exchange. | Is the control of national currency and of foreign exchange an essential governmental function? | International Law - Memo # 189 - C - PHS.docx | ROSS-003311152-ROSS-003311153 |
| Peterson v. Royal Kingdom of Saudi Arabia, 332 F. Supp. 2d 189 | 221+342 | The act of state doctrine permits courts to avoid passing judgment on foreign sovereigns in order to preserve comity between nations. | Does the act of state doctrine permit courts to avoid passing judgment on foreign sovereigns in order to preserve comity between nations? | International Law - Memo # 223 - C - MLS.docx | ROSS-003329601-ROSS-003329602 |
| Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083 | 221+342 | Act of state doctrine requires that the official act of a foreign sovereign performed within its own territory becomes a rule of decision for the courts of this country. | Does the act of state doctrine require that the official act of a foreign sovereign performed within its own territory becomes a rule of decision for the courts of this country? | International Law - Memo # 240 - C - CRB.docx | ROSS-003288210-ROSS-003288212 |
| Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | Act of state doctrine constitutes a prudential limitation upon the exercise of the court's power to adjudicate the legality of the acts of a foreign state or its agents. | Does the act of state doctrine constitute a prudential limitation upon the exercise of the court's power to adjudicate the legality of the acts of a foreign state or its agents? | 020112.docx | LEGALEASE-00123133-LEGALEASE-00123135 |
| In re Philippine Nat'l. Bank, 397 F.3d 768 | 221+342 | Act of state doctrine, pursuant to which every sovereign state is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another, done within its own territory, reflects strong sense of the Judicial Branch that its engagement in task of passing on validity of foreign acts of state may hinder the conduct of foreign affairs. | "Will courts of one country sit in judgment on acts of government of another, done within its own territory?" | 05204.docx | LEGALEASE-00084945-LEGALEASE-00084946 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Tr. Co., 161 Misc. 903 | 221+134 | Purposes and objectives of provision in Constitution of Soviet government may not be overridden by construction which would defeat fundamental aim and object of Constitution and purposes behind it and ignore principles of state ownership and state control of property and use thereof by state which underlie Constitution. | Can purposes and objectives of provisions in a State's Constitution be overridden by construction? | 020275.docx | LEGALEASE-00123587-LEGALEASE-00123589 |
| Optopics Labs. Corp. v. Savannah Bank of Nigeria, Ltd., 816 F. Supp. 898 | 221+342 | Prerequisite for application of act of state doctrine is that act in question is one which takes effect entirely within boundaries of sovereign nation. | Is a prerequisite for the application of the act of state doctrine that the act in question is one which takes effect entirely within boundaries of the sovereign nation? | 020349.docx | LEGALEASE-00123733-LEGALEASE-00123734 |
| Miller v. United States, 921 F. Supp. 494 | 221+342 | Act-of-state doctrine does not apply to challenges in United States courts to validity or legality of acts of United States government. Restatement (Third) of the Foreign Relations Law of the United States S 443 comment. | Does the act-of-state doctrine apply to challenges in United States courts to validity or legality of acts of United States government? | 020471.docx | LEGALEASE-00124107-LEGALEASE-00124108 |
| Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083 | 221+342 | Act of state issues only arise when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign; when that question is not in the case, neither is the act of state doctrine. | Do act-of-state issues arise only when the outcome of a case turns upon the effect of an official action by a foreign sovereign? | 020475.docx | LEGALEASE-00124100-LEGALEASE-00124101 |
| BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 195 F. Supp. 3d 776 | 221+136 | A country's prerogative to control and regulate activities within its boundaries, which is an essential, definitional element of sovereignty, gives rise to jurisdiction. | Does a countrys prerogative to control and regulate activities within its boundaries which is an essential definitional element of sovereignty give rise to jurisdiction? | 020544.docx | LEGALEASE-00123319-LEGALEASE-00123320 |
| Corum v. Hartford Acc. & Indem. Co., 67 Cal. App. 2d 891 | 302+192(2) | Ordinarily a demurrer for uncertainty does not lie where facts alleged in complaint show a superior knowledge of a particular fact on part of demurring party and it appears that defendant is not injured as result of failure to allege particularly that which is alleged generally. | Will a demurrer for uncertainty lie when the facts are within the knowledge of the demurring parties? | Pleading - Memo 145 - RMM.docx | LEGALEASE-00013556-LEGALEASE-00013557 |
| Schaefer v. Kumar, 804 N.E.2d 184 | 307A+3 | The purpose of a motion in limine is to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility. | Is the purpose of a motion in limine to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility? | Pre Trial Procedure - Memo - 81 - C - SK.docx | ROSS-003283956-ROSS-003283957 |
| Nesvig v. Nesvig, 712 N.W.2d 299 | 307A+3 | Any order sustaining a motion in limine and excluding evidence is interlocutory in nature and subject to change by the district court during the course of the trial. | Is any order sustaining a motion in limine and excluding evidence interlocutory in nature and subject to change by the district court during the course of the trial? | 024062.docx | LEGALEASE-00123077-LEGALEASE-00123078 |
| Hawkes v. Casino Queen, 336 Ill. App. 3d 994 | 307A+3 | The circuit court is vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence. | Is the circuit court vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence? | Pretrial Procedure - Memo  # 202 - C - CRB.docx | ROSS-003285442-ROSS-003285443 |
| Lewis v. Buena Vista Mut. Ins. Ass'n, 183 N.W.2d 198 | 307A+3 | Motion in limine is not ordinarily employed to choke off entire claim or defense but it is usually used to prohibit mention of some specific matter, such as an inflammatory piece of evidence, until admissibility of that matter has been shown out of hearing of jury, and trial courts would ordinarily be well advised to require evidentiary hearing on motion if its validity or invalidity is not manifest from face of motion. | "Should a motion in limine be used to ""choke off"" a party's entire claim or defense?" | Pretrial Procedure - Memo # 285 - C - CRB.docx | ROSS-003296672-ROSS-003296673 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Luke v. Omega Consulting Grp., LC, 194 N.C. App. 745 | 307A+3 | A "motion in limine" seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial and is recognized in both civil and criminal proceedings. | "Does a ""motion in limine"" seek pretrial determination of the admissibility of evidence proposed to be introduced at trial and is recognized in both civil and criminal proceedings?" | Pretrial Procedure - Memo # 307 - C - CRB.docx | ROSS-003284793-ROSS-003284794 |
| Terre Haute Reg'l Hosp. v. El-Issa, 470 N.E.2d 1371 | 307A+719 | If trial court permits introduction of issue not raised prior to trial, objecting party is entitled to reasonable continuance in order to prepare to meet newly raised issue; however, where trial has ended without objection, evidence actually presented controls and jury may then be properly instructed on any theory of recovery which evidence supports. | Should either party demand strict adherence to the issues raised before trial? | Pretrial Procedure - Memo # 316 - C - ANC.docx | ROSS-003297254-ROSS-003297255 |
| Austin v. Shampine, 948 S.W.2d 900 | 307A+3 | When no objection is made to violation of motion in limine, trial court may assume moving party has determined not to oppose introduction of evidence. | "In the event there is no objection made as to a violation of motion in limine, may a trial court assume a party has determined not to object to the introduction of evidence?" | Pretrial Procedure - Memo # 534 - C - RY.docx | ROSS-003299029-ROSS-003299030 |
| Inner City Wrecking Co. v. Bilsky, 51 Ohio App. 2d 220 | 307A+45 | If trial judge requires that pretrial statements be filed, and also requires that counsel exchange reports of expert witnesses expected to be called by each party, but a party's pretrial statement does not indicate full compliance with the requirement that a report of its expert witness be furnished, only then may trial court impose sanction that expert witness will not be permitted to testify at trial. Rules of Common Pleas-Cuyahoga County, rule 21, pt. I(A). | Is the failure to file a responsive pre-trial memorandum grounds for the imposition of sanctions? | 041187.docx | LEGALEASE-00124173-LEGALEASE-00124174 |
| Winfield v. Pub. Serv. Comm'n of Indiana, 187 Ind. 53 | 317A+113 | Burns' Ann.St.1914, S 8696 (Burns' Ann.St. S 48-1902), declares that the board of public works of cities shall have power to authorize telephone companies to use any street, alley, or public place in city. Section 8938 (S 48-7301), declares that cities may contract for public service for the convenience and welfare of the people, that cities or towns may by ordinance provide all necessary regulations for the placing of telephone poles, etc., and may impose reasonable license fees and other compensation to be paid to such city or town for the franchise and privilege. Held, that in view of the fact that the statute expressly authorized only the imposition of reasonable license fees, it cannot be deemed that the state intended to allow the municipalities to grant franchises to public service corporations which would free them from the police power of the state to regulate. | Does a contract with a public utility company for fixing and regulation of rates include the power to exempt itself from further regulation of its charges? | Public Utilities - Memo 116 - AM.docx | LEGALEASE-00013984-LEGALEASE-00013985 |
| Halifax Paper Co. v. Roanoke Rapids Sanitary Dist., 232 N.C. 421 | 317A+111 | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service and it may act in a private capacity as distinguished from its public capacity, and, in so doing, is subject to the same rules as a private person. | Is a public utility subject to the same rules as a private person when it acts in a private capacity? | 042240.docx | LEGALEASE-00123157-LEGALEASE-00123158 |
| Mayer v. First Nat. Bank of Or., 260 Or. 119 | 366+7(1) | A surety who is compelled to pay the debt of his principal becomes subrogated only to rights and remedies of creditor which are in existence immediately prior to the payment. | Does a surety who is compelled to pay the debt of his principal become subrogated only to rights and remedies of a creditor which are in existence immediately prior to the payment? | Subrogation - Memo # 946 - C - MLS.docx | ROSS-003287739-ROSS-003287741 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Keck, Mahin & Cate, 154 S.W.3d 714 | 13+61 | A legal-malpractice claim does not arise until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action. | Does a legal-malpractice claim arise until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action? | 005388.docx | LEGALEASE-00124690-LEGALEASE-00124692 |
| Brinkmann v. Common Sch. Dist. No. 27 of Gasconade Cty., 238 S.W.2d 1 | 13+61 | A cause of action accrues at time when its owner may legally invoke aid of a proper tribunal to enforce his demand; when he has a present right to institute and maintain an action or suit. | Does a cause of action accrue at the time when its owner has a present right to institute and maintain an action or suit? | Action - Memo #192 - C - PHS.docx | LEGALEASE-00014170-LEGALEASE-00014171 |
| In re Nichols, 440 F.3d 850 | 148+2.2 | While bankruptcy laws have long been construed to authorize impairment of contractual obligations, power of bankruptcy laws is subject to the Fifth Amendment's prohibition against taking property without just compensation. U.S.C.A. Const.Amend. 5. | Is the power of the bankruptcy laws subject to the Fifth Amendment's prohibition against taking property without just compensation? | 017414.docx | LEGALEASE-00125164-LEGALEASE-00125165 |
| Shewfelt v. United States, 104 F.3d 1333 | 148+285 | Where entity other than United States took action that resulted in injury to private property United States may be held liable for a taking only if its involvement is sufficiently direct and substantial to require compensation under Fifth Amendment. U.S.C.A. Const.Amend. 5. | Will there be a taking if the government's involvement is sufficiently direct and substantial to require compensation? | 017502.docx | LEGALEASE-00124352-LEGALEASE-00124353 |
| Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75 | 221+387 | "Act of state doctrine" requires American courts to presume the validity of an official act of a foreign sovereign performed within its own territory. | Does the act of state doctrine require American courts to presume the validity of an official act of a foreign sovereign performed within its own territory? | International Law - Memo # 70 - C - LK.docx | ROSS-003287059-ROSS-003287060 |
| World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154 | 221+342 | When it applies, the act of state doctrine serves as a rule of decision for the courts of the United States, which requires that, in the process of deciding a case, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | "When it applies, does the act of state doctrine serve as a rule of decision for the courts of the United States?" | International Law - Memo # 280 - C - TJ.docx | ROSS-003286128-ROSS-003286130 |
| Eckert Int'l v. Gov't of Sovereign Democratic Republic of Fiji, 834 F. Supp. 167 | 221+342 | Act of state doctrine is typically characterized by two elements: act undertaken by foreign state must be public, and act must be completed within sovereign's territory. | "Is the act of state doctrine typically characterized by an act undertaken by foreign state, which must be public, and must the act be completed within the sovereign's territory?" | 020165.docx | LEGALEASE-00124889-LEGALEASE-00124890 |
| In re Philippine Nat'l. Bank, 397 F.3d 768 | 221+342 | Although the act of state doctrine is normally inapplicable to court judgments arising from private litigation, there is no inflexible rule preventing a judgment sought by a foreign government from qualifying as "act of state." | "Is there an inflexible rule preventing a judgment sought by a foreign government from qualifying as ""act of state""?" | 020172.docx | LEGALEASE-00124981-LEGALEASE-00124982 |
| Crystallex Intl. Corp. v. Petroleos de Venezuela, S.A., 213 F. Supp. 3d 683 | 221+342 | Application of the act of state doctrine involves balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims. | Does the application of the act of state doctrine involve balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims? | 020194.docx | LEGALEASE-00124606-LEGALEASE-00124607 |
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | Where policies underlying act of state doctrine militate against its application, doctrine should not apply, even to claims that foreign government's actions are or were invalid. | "Where policies underlying act of state doctrine militate against its application, should the doctrine apply, even to claims that foreign government's actions are or were invalid?" | International Law - Memo # 419 - C - MLS.docx | ROSS-003329788-ROSS-003329789 |
| United States v. Brodie, 174 F. Supp. 2d 294 | 29T+945 | To make out a foreign sovereign compulsion defense to charged antitrust violation, a party must show that: (1) the behavior violating American law was actually compelled by the foreign government; and (2) the foreign order was "basic and fundamental" to the alleged behavior and not just peripheral to the illegal course of conduct. | Does the foreign compulsion defense shield from liability the acts of parties carried out in obedience to mandate of foreign government? | 020428.docx | LEGALEASE-00125421-LEGALEASE-00125422 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ramirez de Arellano v. Weinberger, 745 F.2d 1500 | 221+342 | Act of state doctrine prevents judicial relief for certain claims that would require court to pass on validity of acts of foreign state. | Does the act of state doctrine prevent judicial relief for certain claims that would require court to pass on validity of acts of foreign state? | International Law - Memo # 556 - C - SA.docx | ROSS-003311124-ROSS-003311125 |
| In re Grand Jury Proceedings Bank of Nova Scotia, 740 F.2d 817 | 221+342 | Act of state doctrine is primarily designed to avoid impingement by judiciary upon conduct of foreign policy by Executive Branch; it is aimed at preventing judicial interference with conduct of foreign relations by questioning validity of acts of foreign sovereigns in context of a civil suit. | Is the act of state doctrine primarily designed to avoid impingement by judiciary upon conduct of foreign policy by Executive Branch? | International Law - Memo # 566 - C - SA.docx | ROSS-003328177-ROSS-003328178 |
| Kruman v. Christie's Int'l PLC, 129 F. Supp. 2d 620 | 221+391 | The power of the United States to prescribe a rule of conduct for extraterritorial transactions, its "prescriptive jurisdiction," depends, generally, on those transactions having a substantial effect within United States territory. Restatement (Third) of Foreign Relations Law SS 402, 402(1)(c). | Does the power of the United States to prescribe a rule of conduct for extraterritorial transactions depend on those transactions having a substantial effect within United States territory? | International Law - Memo # 810 - C - ANC.docx | ROSS-003297377-ROSS-003297378 |
| Envtl. Tectonics v. W.S. Kirkpatrick, 847 F.2d 1052 | 221+342 | Under the "act of state doctrine," courts will refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders. | "Under the ""act of state doctrine,"" will courts refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders?" | 020662.docx | LEGALEASE-00125158-LEGALEASE-00125159 |
| Hargrove v. Underwriters at Lloyd's, London, 937 F. Supp. 595 | 221+342 | "Act of state doctrine" is judge-made prudential rule that prevents United States courts from sitting in judgment on official acts of foreign sovereigns. | Is the Act of state doctrine a judge-made prudential rule that prevents United States courts from sitting in judgment on official acts of foreign sovereigns? | International Law - Memo 594 - TH.docx | ROSS-003311799-ROSS-003311800 |
| Lernout & Hauspie Speech Prod., N.V. v. Stonington Partners, 268 B.R. 395 | 106+512 | Doctrine of international comity requires domestic courts to give effect to executive, legislative, and judicial acts of foreign sovereign. | "Does the doctrine of international comity require domestic courts to give effect to executive, legislative, and judicial acts of foreign sovereign?" | International Law- Memo # 766 - C - SU.docx | ROSS-003298676-ROSS-003298677 |
| Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "According to act of state doctrine, is every sovereign bound to respect independence of every other sovereign state?" | International Law- Memo # 771 - C - SU.docx | ROSS-003297991-ROSS-003297993 |
| Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680 | 221+351 | Initiation of judicial proceedings in a foreign country is not encompassed by the act of state doctrine even though foreign courts are responsible for the outcome of the proceedings; thus, allegation that defendant resort operator's officials promoted and financed meritless litigation designed to cloud title to plaintiffs' Dominican Republic property presented a justiciable issue in Sherman Act suit. Sherman Anti-Trust Act, SS 1, 2, 15 U.S.C.A. SS 1, 2. | "Is initiation of judicial proceedings in a foreign country, encompassed by the act of state doctrine even though foreign courts are responsible for the outcome of the proceedings?" | International Law- Memo # 777 - C - SU.docx | ROSS-003285025-ROSS-003285026 |
| Hamilton v. Thomasville Med. Assocs., 187 N.C. App. 789 | 307A+3 | The court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature, and therefore, the court's ruling on the motion is subject to modification during the course of the trial. | "Is the court's ruling on a motion in limine a final ruling on the admissibility of the evidence in question, or is it subject to modification during the course of the trial?" | Pretrial Procedure - Memo  # 420 - C - SSB.docx | ROSS-003311575-ROSS-003311576 |
| Reese v. Proppe, 3 Ohio App. 3d 103 | 307A+1 | An order depriving a party of his or her day in court is too harsh a sanction for that party's failure to abide by an order of court which merely regulates procedure prior to trial. | Is an order depriving a party of his or her day in court too harsh a sanction for that party's failure to abide by an order of the court which merely regulates procedure prior to trial? | Pretrial Procedure - Memo # 477 - C - LK.docx | ROSS-003325933-ROSS-003325934 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| PacifiCorp v. Pub. Serv. Comm'n of Wyo., 103 P.3d 862 | 317A+111 | The Public Service Commission (PSC) is required to give paramount consideration to the public interest in exercising its statutory powers to regulate and supervise public utilities; the desires of the utility are secondary. | Is the Public Service Commission (PSC) required to give paramount consideration to the public interest in exercising its powers to regulate public utilities? | Public Utilities - Memo 141 - AM.docx | ROSS-003281590-ROSS-003281592 |
| In re Schubert, 437 B.R. 787 | 366+7(1) | Under Maryland law, as soon as surety pays the debt of principal debtor, equity subrogates him to place of creditor that is paid and gives him every right, lien and, security to which creditor could have resorted for payment of debt. | "Upon paying the debt, is a surety, as a matter of law, subrogated to all the creditor's rights against the principal debtor and is it entitled to all benefits derivable from any security of the principal debtor that may be in the creditor's hands?" | Subrogation - Memo 924 - RK.docx | LEGALEASE-00015434-LEGALEASE-00015435 |
| Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pretrial evidentiary ruling on the admission of evidence, without the trial court having any evidentiary foundation for the ruling in the context of the trial. | May a motion in limine be used when the movant seeks a ruling on the admissibility of evidence prior to trial? | Subrogation - Memo 936 - RK.docx | ROSS-003298946-ROSS-003298948 |
| City of Quincy v. Diamond Const. Co., 327 Ill. App. 3d 338 | 307A+3 | A trial court has broad discretion to grant or deny a motion in limine as part of its inherent power to admit or exclude evidence. | Does a trial court have broad discretion to grant or deny a motion in limine as part of its inherent power to admit or exclude evidence? | Subrogation - Memo 937 - RK.docx | ROSS-003299858-ROSS-003299859 |
| San Diego Metro. Transit Dev. Bd. v. Handlery Hotel, 73 Cal. App. 4th 517 | 148+81.1 | Without a vested, legally enforceable property interest, there is no basis for compensation in an inverse condemnation proceeding for loss of future business. West's Ann.Cal. Const. Art. 1, S 19. | "Without a vested, legally enforceable property interest, is there a basis for compensation in an inverse condemnation proceeding for loss of future business?" | Eminent Domain - Memo 252 - GP.docx | ROSS-003286714-ROSS-003286715 |
| State v. Moore, 215 So. 3d 951 | 352H+95 | To support a conviction for attempted forcible rape, the State must prove that defendant had the specific intent to commit forcible rape and that he did an act for the purpose of, and tending directly toward, the accomplishment of his objective. La. Rev. Stat. Ann. SS 14:27, 14:42.1. | Is specific intent of the defendant required to be proved in an attempted rape conviction? | Sex Offence - Memo 29 - BP.docx | LEGALEASE-00015642-LEGALEASE-00015643 |
| State v. J.M., 144 Wash. 2d 472 | 211+1593 | To support a conviction for attempted indecent behavior with a juvenile, the State has to show beyond a reasonable doubt that defendant specifically intended to commit a lewd or lascivious act upon the victim or in the victim's presence and did an act in furtherance thereof. | Does a conviction for indecent behavior with a juvenile require proof of defendants intention? | 042922.docx | LEGALEASE-00125708-LEGALEASE-00125709 |
| State v. J.M., 144 Wash. 2d 472 | 211+1593 | To support a conviction for attempted indecent behavior with a juvenile, the State has to show beyond a reasonable doubt that defendant specifically intended to commit a lewd or lascivious act upon the victim or in the victim's presence and did an act in furtherance thereof. | Does a conviction for indecent behavior with a juvenile require proof of defendants intention? | Sex Offence - Memo 33 - BP.docx | LEGALEASE-00015650-LEGALEASE-00015651 |
| Burke v. Ins. Auto Auctions Corp., 169 S.W.3d 771 | 241+55(1) | If the act complained of constitutes a legal injury to a plaintiff, the wrong is completed and the cause of action accrues, for statute of limitations purposes, from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort. | Does a tort cause of action accrue until an injury is sustained? | 006463.docx | LEGALEASE-00126260-LEGALEASE-00126262 |
| United States v. Verrusio, 762 F.3d 1 | 63+1(2) | Except in limited circumstances, the mere release of information does not come within the statutory definition of "official act," for purposes of crime of federal official's receipt of gratuity. 18 U.S.C.A. S 201(a)(3), (c)(1)(B). | "Except in limited circumstances, does mere release of information come within the statutory definition of official act, for purposes of crime of federal official's receipt of gratuity?" | 011038.docx | LEGALEASE-00125940-LEGALEASE-00125941 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rodriguez v. Swartz, 111 F. Supp. 3d 1025 | 221+392 | Three factors are relevant to determine the extraterritorial application of the Constitution: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right, including but not limited to the consequences for United States actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. | Which three factors are relevant to determine the extraterritorial application of the Constitution? | International Law - Memo # 815 - C - VA.docx | ROSS-003285181-ROSS-003285182 |
| eBay v. Bidder's Edge, 100 F. Supp. 2d 1058 | 386+6 | Under California law, in order to prevail on claim for trespass based on accessing computer system, plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. | Can unauthorized access to a computer system be considered a trespass? | 047222.docx | LEGALEASE-00126012-LEGALEASE-00126013 |
| Downs v. Lyles, 41 So. 3d 86 | 386+56 | Punitive damages are available to a plaintiff in a trespass action, even if only nominal damages are awarded, if the trespass is attended by rudeness, wantonness, recklessness, or an insulting manner or is accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence. | Can punitive damages be awarded in a trespass action? | Trespass - Memo 204 - RK.docx | ROSS-003300321-ROSS-003300322 |
| Murray v. San Jacinto Agency, 800 S.W.2d 826 | 241+43 | Cause of action generally accrues at time when facts come into existence which authorize claimant to seek judicial remedy, for purposes of application of statute of limitations. | Does a cause of action accrue when facts have come into existence that authorize a claimant to seek a judicial remedy? | Action - Memo # 143 - C - TJ.docx | ROSS-003285730-ROSS-003285731 |
| Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995 | 13+61 | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | Does a cause of action for damage to real property accrue when the defendant's act causes immediate and permanent injury to the property? | Action - Memo # 234- C - MS.docx | ROSS-003289848-ROSS-003289850 |
| Callahan v. Com., 416 Mass. 1010 | 79+67 | In absence of order from judge, superior court clerk should not have refused to docket defendant's notice of appeal from denial of his motion to revise or revoke his amended sentence; clerk acts as ministerial officer of courts who is subject to direction of courts in performance of his duties, one of which is acceptance and filing of papers pertaining to litigation. | Is a clerk of courts subject to the direction of the courts in the performance of his duties? | Clerks of Court - Memo 45 - RK.docx | ROSS-003286676-ROSS-003286677 |
| City of Tyler v. Likes, 962 S.W.2d 489 | 148+2.2 | Person's property may be taken, damaged or destroyed by government, and therefore require compensation under State Constitution, if injury results from either construction of public works or their subsequent maintenance and operation. Vernon's Ann.Texas Const. Art. 1, S 17. | Can there be a claim of compensation if an injury results from either the construction of public works or their subsequent maintenance and operation? | 017609.docx | LEGALEASE-00126741-LEGALEASE-00126742 |
| Bagford v. Ephraim City, 904 P.2d 1095 | 148+81.1 | Under general principles of eminent domain, property is not limited to land or improvements thereon; every species of property that public needs may require, including legal and equitable rights of every description, is liable to be appropriated. | "Are every species of property which the public needs, liable to be appropriated?" | 017631.docx | LEGALEASE-00126646-LEGALEASE-00126647 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | Can the impairment of the chattel result in liability for trespass to chattel? | 047275.docx | LEGALEASE-00126416-LEGALEASE-00126417 |
| Zebra v. Sch. Dist. of City of Pittsburgh, 449 Pa. 432 | 1.41E+99 | Courts should not function as super school boards and should not interfere with the discretionary exercise of a school board's power unless the action was based on a misconception of law, ignorance through lack of inquiry into facts necessary to form an intelligent judgment or the result of arbitrary will or caprice. | Can courts interfere with a school district's discretion regarding school policy? | 016751.docx | LEGALEASE-00127091-LEGALEASE-00127092 |
| Keefe v. Adams, 840 F.3d 523 | 92+2005 | Given strong state interest in regulating health professions, teaching and enforcing viewpoint-neutral professional codes of ethics are legitimate part of professional school's curriculum that do not, on their face, run afoul of First Amendment. U.S. Const. Amend. 1. | Does the states have strong interest in regulating the teaching profession? | 016828.docx | LEGALEASE-00127028-LEGALEASE-00127029 |
| In re Am. Freight Sys., 179 B.R. 952 | 148+1 | Fifth Amendment takings clause prevents government from forcing small segment of people to bear burdens that should in fairness be borne by public as whole. U.S.C.A. Const.Amend. 5. | Does the Takings Clause prevent the government from forcing a small segment of people to bear burdens which should in fairness be borne by the public as a whole? | 017642.docx | LEGALEASE-00126836-LEGALEASE-00126837 |
| T. M. Zimmerman Co. v. Pennsylvania Pub. Util. Comm'n, 195 Pa. Super. 77 | 48A+104 | Type of service contemplated at time of original application is a significant consideration in determining extent of authority granted by certificate of public convenience. | Is the type of service contemplated at the time of the original application where the extent of authority granted in a certificate of public convenience is to be determined? | 042423.docx | LEGALEASE-00126915-LEGALEASE-00126917 |
| Travelers Ins. Co. v. Hartford Acc. & Indem. Co., 222 Pa. Super. 546 | 366+35 | Right of subrogation is not self-executing once payment has been made to, or on behalf of, legal plaintiff, and notice has been given to defendant; subrogee must exercise reasonable diligence to protect his interest. | "Is the right of subrogation self-executing, once payment has been made to the legal plaintiff and notice has been given to defendant?" | 043583.docx | LEGALEASE-00127199-LEGALEASE-00127200 |
| Pearl v. W.C.A.B., 26 Cal. 4th 189 | 316P+381 | Courts may not assume that the provisions of the workers' compensation or public employees' retirement law apply to each other absent a clear indication from the legislature. | Can courts assume that the provisions of the workers compensation or public employees retirement law apply to each other absent a clear indication from the legislature? | 048030.docx | LEGALEASE-00126988-LEGALEASE-00126989 |
| Rogers v. Allis Chalmers Mfg. Co., 85 Ohio App. 421 | 413+2 | Right to participate in compensation fund is wholly statutory and is not dependent on principles of common law whereby master or principal is sought to be held liable for torts of a servant or agent upon application of doctrine of respondeat superior. | Is there a right to participate in the workers compensation fund if that right is not found in the workers compensation statute? | 048116.docx | LEGALEASE-00126957-LEGALEASE-00126958 |
| Turner v. Hunt, 131 Tex. 492 | 13+63 | Whether right is lost by laches arising out of failure to institute suit after accrual of cause of action is usually determinable by the period of limitation fixed by statute. | Is the question of whether the right is lost by laches arising out of failure to institute suit after accrual of cause of action usually determinable by the period of limitation fixed by statute? | 005859.docx | LEGALEASE-00127298-LEGALEASE-00127299 |
| Edward Balf Co. v. Town of E. Granby, 152 Conn. 319 | 13+65 | Right to relief in action for declaratory judgment or injunction, since remedy sought is prospective, is determined by situation which has developed at time of trial, not by that existing at time action was begun. | Is the right to relief in an action for declaratory judgment or injunction determined by the situation which has developed at the time of trial? | 006076.docx | LEGALEASE-00127774-LEGALEASE-00127776 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Larsen v. U.S. Navy, 486 F. Supp. 2d 11 | 34+3(1) | Because the military is, by necessity, a specialized society separate from civilian society, judicial review of challenges to military action is far more deferential than constitutional review of similar laws or regulations designed for civilian society. U.S.C.A. Const.Amend. 1. | Is the review of military regulations challenged on First Amendment grounds more deferential than constitutional review of similar laws or regulations designed for civilian society? | Armed Forces - Memo 3 - RK.docx | LEGALEASE-00017494-LEGALEASE-00017495 |
| Wildensten v. E. Bay Reg'l Park Dist., 231 Cal. App. 3d 976 | 148+293(1) | To state cause of action for inverse condemnation, plaintiff must allege that defendant substantially participated in planning, approval, construction or operation of public project or improvement which proximately caused injury to plaintiff's property. West's Ann.Cal. Const. Art. 1, SS 1, 19; U.S.C.A. Const.Amend. 5. | "To state a cause of action for inverse condemnation, what must be alleged by the plaintiff? " | Eminent Domain - Memo 342 - GP.docx | LEGALEASE-00017646-LEGALEASE-00017647 |
| Bacon v. DBI/SALA, 284 Neb. 579 | 413+1065 | In a wrap-up insurance program, pursuant to a waiver of subrogation clause, contractors and subcontractors, on a large construction project, all in relatively equal bargaining positions, exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner, which risk is then transferred to the owner's workers' compensation insurer for valuable consideration. | Do contractors and subcontractors exculpate each other and shift the ultimate risk of losses pertaining to the project to the ownerwrap-up in a  insurance program.? | Subrogation - Memo # 1251 - C - SHS.docx | LEGALEASE-00017835-LEGALEASE-00017836 |
| Drouillard v. Stroh Brewery Co., 449 Mich. 293 | 413+1 | Workers' compensation is one unit in loosely connected system of wage-loss protection that also includes unemployment compensation, social security old age, disability, and survivors benefits, aid to families with dependent children, and is designed to restore to employees portion of wages lost because of physical disability, unemployment and old age. | Is workers compensation a loosely connected system of wage-loss protection? | 048489.docx | LEGALEASE-00127461-LEGALEASE-00127463 |
| Haney v. N. Dakota Workers Comp. Bureau, 518 N.W.2d 195 | 413+1 | Regardless of its value to employers or employees, legislative decision to extend workers' compensation coverage to any group is a matter of legislative grace, and because the legislature created the remedy, it can impose reasonable limits on it. | Is the legislative decision to extend workers compensation coverage to any group a matter of legislative grace? | Workers Compensation - Memo #84 ANC.docx | LEGALEASE-00017945-LEGALEASE-00017946 |
| Rosicrucian Fellowship v. Rosicrucian Fellowship Nonsectarian Church, 39 Cal. 2d 121 | 13+65 | In action in nature of equitable proceeding, court may consider facts as they existed at time of trial so that interest of justice may be subserved. | "In action in nature of equitable proceeding, may a court consider facts as they existed at time of trial so that interest of justice may be subserved?" | 005991.docx | LEGALEASE-00128285-LEGALEASE-00128286 |
| Civil Aeronautics Bd. of Civil Aeronautics Auth. v. Canadian Colonial Airways, 41 F. Supp. 1006 | 13+65 | Equity always speaks as of the date of its decree, and facts intermediate the filing date of the complaint and the time of trial, are, in consequence, relevant and material to main issue. | "Since equity always speaks as of the date of its decree, are facts about the filing date of the complaint relevant and material to the main issue?" | 006103.docx | LEGALEASE-00128156-LEGALEASE-00128157 |
| Countryside Developers v. Peterson, 9 Neb. App. 798 | 13+65 | Relief ordinarily granted in equity is such as the nature of the case, the law, and the facts demand, not at the beginning of the litigation, but at the time the decree is entered. | "Is relief ordinarily granted in equity such as the nature of the case, the law, and the facts demand, not at the beginning of the litigation, but at the time the decree is entered?" | 006131.docx | LEGALEASE-00128388-LEGALEASE-00128390 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Seltzer v. United States, 98 Ct. Cl. 554 | 34+1 | The President has power as Commander in Chief of the Army and Navy to establish rules and regulations for the government of the Army; and the Secretary of War is the regular constitutional organ of the President for the administration of the military establishment of the nation; and rules and orders publicly promulgated through the Secretary must be treated as the acts of the President, and, as such, are binding upon all within the military establishment. | Should rules and orders publicly promulgated through the secretary of war be treated as the acts of the president? | 008334.docx | LEGALEASE-00128620-LEGALEASE-00128621 |
| In re Sheena B., 83 A.D.3d 1056 | 307A+501 | Ordinarily a party cannot be compelled to litigate and, absent special circumstances, party's motion for voluntary discontinuance should be granted; however, particular prejudice to the opposing party or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, at times, obligatory. McKinney's CPLR 3217(b). | Should a party's motion for voluntary discontinuance be granted absent special circumstances? | 038876.docx | LEGALEASE-00128585-LEGALEASE-00128586 |
| S.B. Beach Properties v. Berti, 39 Cal. 4th 374 | 307A+501 | A voluntary dismissal is available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor; if in proper form, the dismissal is effective immediately, the entry is a ministerial, not a judicial, act, and no appeal lies therefrom. West's Ann.Cal.C.C.P. S 581. | Is a voluntary dismissal effective immediately? | 038910.docx | LEGALEASE-00128334-LEGALEASE-00128335 |
| Tucker v. Tucker, 55 N.Y.2d 378 | 307A+501 | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | "Can a party be compelled to litigate and, absent special circumstances, should discontinuance be granted?" | 038952.docx | LEGALEASE-00128170-LEGALEASE-00128171 |
| State, Dep't of Health & Welfare v. Housel, 140 Idaho 96 | 307A+501 | Generally, voluntary dismissal under statute providing for dismissal by notice or by stipulation of parties is a matter of right; plaintiff need not obtain a court's consent to do so. Rules Civ.Proc., Rule 41(a)(1). | Is a voluntary dismissal under statute providing for dismissal by notice or by stipulation of parties a matter of right and plaintiff need not obtain a court's consent to do so? | Pretrial Procedure - Memo # 990 - C - SN.docx | LEGALEASE-00018290-LEGALEASE-00018291 |
| State ex rel. Mott v. Bd. of Educ. of Darke Cty., 37 N.E.2d 660 | 13+65 | In exercising extraordinary power of mandamus, the court is not limited to a consideration of the facts and conditions as they existed at time the proceeding was initiated, but rather it should take into consideration facts arising at time it determines whether to issue a peremptory writ. | "In a mandamus proceeding, must a court consider facts and conditions existing at the time it determines whether to issue a peremptory writ?" | 006167.docx | LEGALEASE-00128682-LEGALEASE-00128683 |
| Kreeger v. Drummond, 235 N.C. 8 | 1.41E+13 | The constitutional provision requiring maintenance of one or more public schools in each school district for at least six months in every year does not apply to high schools. Const. art. 9, S 3. | Does the constitutional provision requiring maintenance of one or more public schools in each school district for at least six months in every year apply to high schools? | Education - Memo # 64 - C - SU.docx | ROSS-003285869-ROSS-003285870 |
| Tunny v. Erie Ins. Co., 790 N.E.2d 1009 | 413+1 | The injured employee is entitled to the worker's compensation benefits regardless of whether or not any action is taken against the third party tort-feasor, a settlement or judgment is acquired by the injured employee, or the injured employee is able to collect against the tort-feasor. | Is an injured employee entitled to the worker's compensation benefits regardless of whether or not a settlement or judgment is acquired by the injured employee? | Workers' Compensation - Memo # 25 - C - SA.docx | ROSS-003290654-ROSS-003290655 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Singer Co. v. Tappan Co., 403 F. Supp. 322 | 25T+139 | In interpreting scope of arbitration clause, federal courts are not to apply traditional rules of construction, but, rather, rule requires clearly expressed intent not to arbitrate issue before such issue can be ruled one for judicial determination; and, if issue is doubtful one, it is to be resolved in favor of arbitration. 9 U.S.C.A. SS 1-14. | How do courts interpret the scope of an arbitration clause to determine what the parties intended to be arbitrable? | 007302.docx | LEGALEASE-00129041-LEGALEASE-00129042 |
| Thompson v. City of Red Wing, 455 N.W.2d 512 | 148+277 | Where landowner has not yet obtained a final decision regarding application of land regulation to the particular property in question, claim is not ripe for review; challenge to application of regulation is not ripe when landowners have not submitted a development plan, and takings claim is not ripe where only one plan is rejected and no other plan is proposed. | "Where a land owner has not yet obtained a final decision regarding application of a land regulation to the particular property in question, is the claim ripe for review?" | 017719.docx | LEGALEASE-00129149-LEGALEASE-00129151 |
| Tucker v. Tucker, 55 N.Y.2d 378 | 307A+501 | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | Can a party be compelled to litigate and leave to discontinue a cause of action granted absent special circumstances? | 024019.docx | LEGALEASE-00129480-LEGALEASE-00129481 |
| Turco v. Turco, 117 A.D.3d 719 | 307A+501 | In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted. McKinney's CPLR 3217(b). | "In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, should a motion for a voluntary discontinuance be granted?" | 024433.docx | LEGALEASE-00129522-LEGALEASE-00129523 |
| Koch v. Sheppard, 124 Ill. App. 266 | 307A+501 | A "voluntary nonsuit" is abandonment of a cause by a plaintiff and an agreement that a judgment for costs be rendered against him, but an "involuntary nonsuit" is where a plaintiff on being called when the case is before the court for trial, neglects to appear or when he has given no evidence upon which a jury could find a verdict. | "Is a ""voluntary nonsuit"" an abandonment of a case by a plaintiff with costs to be entered against him?" | 024840.docx | LEGALEASE-00129554-LEGALEASE-00129555 |
| Detox Indus. v. Leeds, 770 S.W.2d 912 | 307A+501 | Right of plaintiff to take nonsuit exists from moment that written motion is filed, and trial judge has ministerial duty to grant motion. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Does the right of a plaintiff to take nonsuit exist from a moment that a written motion is filed, and does the trial judge have a ministerial duty to grant the motion?" | 026199.docx | LEGALEASE-00129283-LEGALEASE-00129284 |
| Rives v. Starcke, 195 La. 378 | 307A+501 | A motion to discontinue a case that has not been submitted to the judge for decision cannot be regarded as an interference with the authority of the judge to render the judgment he sees fit, since he has no authority to render a judgment in a case that has not been submitted to him for decision. Code Prac. arts. 491, 492. | Can a motion to discontinue a case that has not been submitted to the judge for decision be regarded as an interference with the authority of the judge to render the judgment he sees fit? | Pretrial Procedure - Memo # 1303 - C - PB.docx | ROSS-003287528-ROSS-003287529 |
| Lichtman v. Bd. of Educ. of Vill. of Ridgewood, Bergen Cty., 93 N.J. 362 | 141E+460 | Language and import of regulation which governs seniority rights for teachers allows a pro rata calculation of seniority based upon total accumulated service in a specific category. | Can the actual service be duty recognized by the language and import of a statute as allowing a pro rata calculation of seniority based upon the total accumulated service in a specific category? | 016996.docx | LEGALEASE-00129746-LEGALEASE-00129747 |
| Koch v. Sheppard, 124 Ill. App. 266 | 307A+501 | A "voluntary nonsuit" is abandonment of a cause by a plaintiff and an agreement that a judgment for costs be rendered against him, but an "involuntary nonsuit" is where a plaintiff on being called when the case is before the court for trial, neglects to appear or when he has given no evidence upon which a jury could find a verdict. | "Is a ""voluntary nonsuit"" by a plaintiff a withdrawal or abandonment of his case with costs adjudged against him?" | 026059.docx | LEGALEASE-00129796-LEGALEASE-00129798 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Spencer v. Ensign, 33 Idaho 577 | 307A+501 | The provision of C.S. 6830, subd. 1, defines the right of the plaintiff to a dismissal of the action, and where a motion to dismiss is seasonably made by plaintiff, the court has no other alternative than to direct the clerk to enter an order dismissing it. | "Where a motion to dismiss is seasonably made by plaintiff, does the court have no other alternative than to direct the clerk to enter an order dismissing it?" | 026132.docx | LEGALEASE-00129862-LEGALEASE-00129863 |
| Rotwein v. Sunharbor Manor Residential Health Care Facility, 181 Misc. 2d 847 | 307A+502 | Whether a party should be permitted to discontinue a cause of action is committed to the discretion of the court, and while generally a party may not be compelled to litigate a claim, there may be special circumstances warranting a denial of an application for a discontinuance. McKinney's CPLR 3217. | Is the question of whether a party should be permitted to discontinue a cause of action committed to the discretion of the court? | 026138.docx | LEGALEASE-00129889-LEGALEASE-00129890 |
| Woodward v. Heritage Const. Co., 887 N.E.2d 994 | 307A+747.1 | The purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | Is the purpose of a pre-trial order to recite agreements made by the parties during the pre-trial hearing? | Pretrial Procedure - Memo # 1424 - C - VA.docx | ROSS-003287575-ROSS-003287578 |
| Hamm v. Hamm, 2013 Ark. App. 501 | 307A+717.1 | Circuit court does not abuse its discretion by denying a motion for a continuance based on the absence of witnesses when no proffer is made of what the witnesses would testify to. | Does a circuit court abuse its discretion by denying a motion for a continuance based on the absence of witnesses when no proffer is made of what the witnesses would testify to? | 026680.docx | LEGALEASE-00129821-LEGALEASE-00129822 |
| Caparella v Bennett, 85 N.J.Super. 567 | 307A+744 | Procedures for discovery and pretrial are designed to eliminate element of surprise at trial by requiring litigant to disclose facts upon which cause of action or defense is based; search for truth in aid of justice is paramount, and concealment and surprise will not be tolerated. | What are discovery and pretrial procedure designed to eliminate? | Pretrial Procedure - Memo # 1629 - C - NS.docx | ROSS-003287882-ROSS-003287883 |
| Ocean Nat. Bank of Kennebunk v. Odell, 444 A.2d 422 | 307A+749.1 | Pretrial order, by delineating issues to be litigated at trial, in effect supersedes pleadings and controls subsequent course of a civil action. Rules Civ.Proc., Rule 16(c)(3). | "Does a pretrial order, by delineating issues to be litigated at trial, in effect supersede pleadings and control a subsequent course of a civil action?" | 027963.docx | LEGALEASE-00129937-LEGALEASE-00129939 |
| Lambert v. Austin Ind., 544 F.3d 1192 | 25T+143 | A party cannot avoid arbitration because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim. | "Can a party avoid arbitration because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim?" | 007430.docx | LEGALEASE-00131391-LEGALEASE-00131392 |
| Cunard S.S. Co. v. Mellon, 262 U.S. 100 | 221+397 | Congress has power to regulate the conduct of domestic merchant ships when on the high seas, or to exert such control over them when in foreign waters as may be affirmatively or tacitly permitted by the territorial sovereign. | Does Congress have the power to regulate the conduct of domestic merchant ships when on the high seas? | 019879.docx | LEGALEASE-00130675-LEGALEASE-00130676 |
| Wiener v. Napoli, 760 F. Supp. 278 | 170A+636 | One of primary purposes of specificity requirement of rule requiring fraud to be pled with particularity is to ensure that defendant receives fair notice of plaintiff's claim, and is thus able to prepare a defense, as well as to protect defendant's reputation and to avoid strike suits. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A. | "Is providing fair notice of claims, a purpose of specificity requirement?" | Pleading - Memo 256 - RMM.docx | ROSS-003285964-ROSS-003285965 |
| In re Nat'l Lloyds Ins. Co., 507 S.W.3d 219 | 307A+331 | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. Tex. R. Civ. P. 192.3(a). | Are discovery orders requiring a document production from an unreasonably long time period or from distant and unrelated locales impermissibly overbroad? | Pretrial Procedure - Memo # 1686 - C - BP.docx | ROSS-003301389-ROSS-003301390 |
| In re Advanced Powder Sols., 496 S.W.3d 838 | 307A+331 | A substantial chance of litigation, which would impose a duty to preserve evidence, does not mean any particular statistical probability that litigation will occur; rather, it simply means that litigation is more than merely an abstract possibility or unwarranted fear. | "Does a substantial chance of litigation, which would impose a duty to preserve evidence, mean any particular statistical probability that litigation will occur?" | Pretrial Procedure - Memo # 1688 - C - BP.docx | ROSS-003301391-ROSS-003301392 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tamasy v. Kovacs, 929 N.E.2d 820 | 307A+749.1 | The nondisclosure of a rebuttal witness is excused only when that witness was unknown and unanticipated; known and anticipated witnesses, even if presented in rebuttal, must be identified pursuant to a court order, such as a pre-trial order, or to a proper discovery request; a "known witness" refers to knowledge of the existence of that witness, while an "anticipated witness" is one which a party or her counsel anticipates the need for at trial. | Is the nondisclosure of a rebuttal witness excused only when that witness was unknown and unanticipated? | Pretrial Procedure - Memo # 1730 - C - NC.docx | ROSS-003286313-ROSS-003286314 |
| In re HEB Grocery Co., 375 S.W.3d 497 | 307A+331 | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. | Are discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales impermissibly overbroad? | 026894.docx | LEGALEASE-00130518-LEGALEASE-00130519 |
| In re Nat'l Lloyds Ins. Co., 507 S.W.3d 219 | 307A+331 | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. Tex. R. Civ. P. 192.3(a). | Are discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales impermissibly overbroad? | Pretrial Procedure - Memo # 1733 - C - NC.docx | LEGALEASE-00020734-LEGALEASE-00020735 |
| Nelson v. Allstate Ins. Co., 753 A.2d 1001 | 307A+749.1 | The rule governing pretrial orders contemplates that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. Civil Rule 16(g). | Does the rule governing pretrial orders contemplate that fair disclosure will be made to remove cases from the realm of surprise? | 026938.docx | LEGALEASE-00130494-LEGALEASE-00130495 |
| Hadox v. Martin, 209 W. Va. 180 | 307A+749.1 | In formulating appropriate sanction for failure to adhere to time constraints enumerated in pretrial orders, court shall be guided by equitable principles. Rules Civ.Proc., Rule 16(f). | Does formulating appropriate sanction for failure to adhere to time constraints enumerated in the pretrial orders be guided by equitable principles? | Pretrial Procedure - Memo # 1765 - C - PC.docx | ROSS-003327714-ROSS-003327715 |
| In re Sears, Roebuck & Co., 146 S.W.3d 328 | 307A+331 | Discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period are impermissibly overbroad. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.4. | "Are discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period impermissibly overbroad?" | 027389.docx | LEGALEASE-00131042-LEGALEASE-00131043 |
| In re CSX Corp., 124 S.W.3d 149 | 307A+331 | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.3(a, c). | "Are discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period impermissibly overbroad?" | Pretrial Procedure - Memo # 2082 - C - NS.docx | LEGALEASE-00020981-LEGALEASE-00020982 |
| Clark v. Randalls Food, 317 S.W.3d 351 | 307A+331 | A party must preserve what it knows, or reasonably should know is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery sanction. | "Should a party preserve what it knows, or reasonably should know is relevant in the action, which is reasonably calculated to lead to the discovery of admissible evidence?" | Pretrial Procedure - Memo # 2159 - C - PC.docx | ROSS-003314838-ROSS-003314839 |
| Heartland Apartment Ass'n v. City of Mission, 51 Kan. App. 2d 699 | 371+2002 | A "fee" is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public; it is not a revenue measure, but a means of compensating the government for the cost of offering and regulating the special service, benefit, or privilege and payment of a fee is voluntary, in that an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered. | Is tax a forced contribution to raise revenue? | Taxation - Memo # 44 - C - CK.docx | ROSS-003314695-ROSS-003314696 |
| Gen. Media Commc'ns v. Cohen, 131 F.3d 273 | 34+3(1) | Appellate court's review of military regulations is far more deferential than constitutional review of similar laws or regulations designed for civilian society, and tests and limitations to be applied may differ because of military context. | Is the judicial review of challenges to military action far more deferential than constitutional review of similar laws or regulations designed for civilian society? | Armed Services - Memo 75 - RK.docx | ROSS-003286619-ROSS-003286620 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Willis, 844 F.3d 155 | 63+1(1) | The statute prohibiting federal programs bribery criminalizes the acceptance of a bribe of $5,000 or more by a government agent of a local government that receives more than $10,000 a year in federal funds if the agent intends to be influenced by the bribe when making a decision to enter into business on behalf of the government. 18 U.S.C.A. S 666(a). | "What is the minimum amount of money for a bribe of a government agent of a local government that receives more than $10,000 a year in federal funds?" | 012138.docx | LEGALEASE-00131848-LEGALEASE-00131849 |
| State v. Carr, 172 Conn. 458 | 63+3 | It is immaterial and no defense to charge of bribery that a police officer has no authority to seek the action desired by the bribe giver since offense may be committed although the officer did not have the authority to do or refrain from doing the act to which the briber relates so long as the officer purported to act in his official capacity. C.G.S.A. S 53a-147. | "Can bribery statute be violated if the public servant, in his or her official capacity, does not have the authority to do or refrain from doing the act to which the bribe relates?" | 012413.docx | LEGALEASE-00132171-LEGALEASE-00132173 |
| Hunter v. Spaulding, 97 N.C. App. 372 | 302+18 | Complaint charging fraud must allege with particularity the elements of: false representation or concealment of material fact; reasonably calculated to deceive; made with intent to deceive; which does in fact deceive; and which results in damage to injured party. | Must a complaint charging fraud allege elements with particularity? | 023216.docx | LEGALEASE-00132065-LEGALEASE-00132066 |
| Fada Indus. v. Falchi Bldg. Co., 189 Misc. 2d 1 | 307A+331 | Where a party is on notice that litigation is likely to be commenced, the obligation to preserve evidence may even arise prior to the filing of a complaint. | "Where a party is on notice that litigation is likely to be commenced, may the obligation to preserve evidence even arise prior to the filing of a complaint?" | Pretrial Procedure - Memo # 2096 - C - SK.docx | ROSS-003287371-ROSS-003287372 |
| Reeves v. Travelers Ins. Companies, 421 A.2d 47 | 307A+747.1 | In exercising its discretion under Rules of Civil Procedure governing sanctions to be imposed for failure to comply with discovery or failure to comply with pretrial order, trial court must consider whether to impose sanction, upon whom, party or counselor or both, to impose sanction, and what sanction to impose. Rules of Civil Procedure, Rules 16(d), 37(b)(2). | "In exercising its discretion under Rules of Civil Procedure governing sanctions for failure to comply discovery or the pretrial order, must a trial court consider whether to impose a sanction?" | 027437.docx | LEGALEASE-00131993-LEGALEASE-00131995 |
| James v. Calkins, 446 S.W.3d 135 | 307A+517.1 | Whether a particular sanction is considered a claim for affirmative relief that survives a nonsuit for later enforcement or appeal depends on the purpose of the sanction. | Is the question of whether a particular sanction considered a claim for affirmative relief that survives a nonsuit for later enforcement or appeal depends on the purpose of the sanction? | 027576.docx | LEGALEASE-00131628-LEGALEASE-00131629 |
| McGowen v. Huang, 120 S.W.3d 452 | 336H+428 | Nonsuit of the remaining claims in medical malpractice action, taken so the plaintiffs could appeal the partial summary judgment against them, did not transform the partial summary judgment into a final judgment, for purposes of res judicata; not all claims were dismissed with prejudice, and the nonsuit without prejudice did not adjudicate the rights of the parties, but merely placed them in the positions in which they would have been had suit not been brought. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit without prejudice adjudicate the rights of parties but merely places them in the positions in which they would have been had suit not been brought? | 027582.docx | LEGALEASE-00131658-LEGALEASE-00131659 |
| Edwards Lifesciences v. Covenant Health Sys., 205 S.W.3d 687 | 307A+517.1 | Non-suit by plaintiff does not vitiate pending claims for affirmative relief and does not affect any motion for sanctions, attorney fees, or other costs pending at the time of dismissal. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Does non-suit vitiate pending claims for affirmative relief and does it affect any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal?" | 027590.docx | LEGALEASE-00131987-LEGALEASE-00131988 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Taylor v. Washington Hosp. Ctr., 407 A.2d 585 | 307A+752 | As a basic proposition, where the parties willingly submit pretrial statements which then are incorporated in an order prepared by the court, that order defines the bounds of evidence to be permitted at trial, absent exceptional circumstances; on the other hand, the rule guiding pretrial practice does not contemplate or require that rigid adherence to the pretrial order must always be exacted. D.C.C.E. SCR, Civil Rule 16. | Does the pretrial order define the bounds of evidence to be permitted at trial in the absence of exceptional circumstances? | 027745.docx | LEGALEASE-00131927-LEGALEASE-00131928 |
| Stocum v. Oakley, 185 N.C. App. 56 | 307A+517.1 | Voluntary dismissal will not deprive a trial court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated. Rules Civ.Proc., Rules 11, 41(a), West's N.C.G.S.A. S 1A-1. | Will a voluntary dismissal deprive a trial court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated? | 027769.docx | LEGALEASE-00132085-LEGALEASE-00132086 |
| Crowell v. Braly, 169 Cal. App. 2d 352 | 307A+749.1 | Pretrial order sets up contentions of the parties and is deemed to control subsequent course of case, unless modified at or before trial. West's Ann.Superior Court Rules, rule 8.8. | "Does a pretrial order set up contentions of the parties and is deemed to control subsequent course of case, unless modified at or before trial?" | Pretrial Procedure - Memo # 2355 - C - VP.docx | ROSS-003300051-ROSS-003300052 |
| In re Cartmell's Estate, 120 Vt. 234 | 307A+749.1 | Agreements made at pretrial conference are in fact and in legal effect made in open court and the subsequent course of action is controlled by agreements or admissions made at pretrial conference. | Are agreements made at pretrial conference in fact and in legal effect made in open court and the subsequent course of action is controlled by agreements or admissions made at pretrial conference? | 027808.docx | LEGALEASE-00131740-LEGALEASE-00131741 |
| Soares Da Costa Const. Servs. v. Alta mar Dev., 85 So. 3d 1172 | 307A+517.1 | There is a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld; "serious prejudice" includes situations where the defendant is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired substantial rights in the cause, or where dismissal is inequitable. West's F.S.A. RCP Rule 1.420(a). | Is there a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld? | 027885.docx | LEGALEASE-00132122-LEGALEASE-00132123 |
| Kentucky River Auth. v. City of Danville, 932 S.W.2d 374 | 371+2001 | "Taxes" are means for government to raise general revenue without regard to direct benefits which may inure to payor or to property taxed, for purposes of determining whether authority to tax has been unconstitutionally delegated. Const. SS 27, 28. | Are taxes a means for government to raise general revenue without regard to direct benefits which may inure to the payor or to the property taxed? | Taxation - Memo # 316 - C - Kl.docx | ROSS-003301246-ROSS-003301247 |
| Sandberg v. State, 188 Neb. 335 | 371+2001 | A tax is not an assessment of benefits but is a means of distributing the burden of the cost of government, and only benefit to which taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. | Is tax a means of distributing the burden of the cost of government? | 044996.docx | LEGALEASE-00132194-LEGALEASE-00132195 |
| Henson v. Highland Dist. Hosp., 143 Ohio App. 3d 699 | 307A+717.1 | Trial courts are not obligated to delay proceedings until such a time that a party can piece together enough evidence to sustain its required burden; to permit such an approach would surely result in the gridlock of our judicial system. | Are trial courts obligated to delay proceedings until such a time that a party can piece together enough evidence to sustain its required burden? | 027079.docx | LEGALEASE-00133196-LEGALEASE-00133197 |
| Echols v. Bridges, 235 S.E.2d 535 | 307A+747.1 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues, and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | Should a pretrial order be construed in a liberal manner to allow consideration of questions fairly within ambit of issues? | Pretrial Procedure - Memo # 1837 - C - KS.docx | ROSS-003287799-ROSS-003287801 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sigala v. Anaheim City Sch. Dist., 15 Cal. App. 4th 661 | 307A+741 | Trial court possesses inherent power to require by policy that litigants be physically present at mandatory settlement conference, and court may compel litigant to engage personally in settlement negotiations, provided conditions for negotiations are otherwise reasonable. | Can a court direct a litigant to engage personally in a settlement negotiation? | 027123.docx | LEGALEASE-00133080-LEGALEASE-00133081 |
| Black v. Don Schmid Motor, 232 Kan. 458 | 307A+750 | Large discretionary power is granted to the trial court in permitting or refusing modification and amendment of the issues outlined in a pretrial order. Rules Civ.Proc., K.S.A. 60-216. | Is a large discretionary power granted to the trial court in permitting or refusing modification and amendment of the issues outlined in a pretrial order? | 027153.docx | LEGALEASE-00133130-LEGALEASE-00133131 |
| In re Exxon Corp., 208 S.W.3d 70 | 307A+331 | To be valid, a request for production must show a reasonable expectation of obtaining information that will aid the dispute's resolution; therefore, discovery requests must be reasonably tailored to include only relevant matters. | Should a request for production show a reasonable expectation of obtaining information that will aid the disputes resolution? | Pretrial Procedure - Memo # 1914 - C - BP.docx | ROSS-003286407-ROSS-003286408 |
| Schneider v. Seibutis, 3 Ill. App. 3d 323 | 307A+717.1 | Motion for a continuance or for issuance of attachment to compel the presence of a witness in a civil action is addressed to sound discretion of trial judge. Supreme Court Rules, rule 231(a, f), S.H.A. ch. 110A, S 231(a, f). | Is a motion for a continuance or for issuance of attachment to compel the presence of a witness in a civil action addressed to the sound discretion of a trial judge? | Pretrial Procedure - Memo # 1936 - C - PB.docx | ROSS-003287306-ROSS-003287307 |
| Steverson v. W.C. Agee & Co., 14 Ala. App. 448 | 307A+331 | At common law, the court was without authority to compel a party to produce documents or writings, and the adverse party's only recourse was a bill in equity for discovery. | "Is the court authority to compel a party to produce documents or writings, and the adverse party's only recourse was a bill in equity for discovery at common law?" | 027204.docx | LEGALEASE-00133092-LEGALEASE-00133094 |
| Wenrich v. Employers Mut. Ins. Companies, 35 Kan. App. 2d 582 | 307A+749.1 | A pretrial order has the full force of other orders entered by the court and controls the subsequent course of litigation unless modified to prevent manifest injustice. K.S.A. 60-216(e). | "Does a pretrial order, unless modified by court to prevent manifest injustice, control a subsequent course of lawsuit?" | 027226.docx | LEGALEASE-00132718-LEGALEASE-00132719 |
| Hampton Clinic v. Dist. Court of Franklin Cty., 231 Iowa 65 | 307A+331 | The purpose of the statute providing for the production of books and papers is to provide a convenient and summary method of obtaining material and competent documentary evidence in the custody or under the control of an adversary. Code 1939, SS 11316, 11317. | Is the purpose of the statute providing for the production of documents is to provide a convenient and summary method of obtaining material and competent documentary evidence under the control of an adversary? | 027485.docx | LEGALEASE-00132538-LEGALEASE-00132539 |
| Bearor v. Kapple, 24 N.Y.S.2d 655 | 307A+331 | A court has power to grant discovery of articles or property in the possession of, or under the control of, a party, where the articles or property relate to the merits of an action or a defense thereto. | "Does a court have the power to grant discovery of articles or property in the possession of, or under the control of, a party, where the articles or property relates to the merits of an action or a defense thereto?" | Pretrial Procedure - Memo # 2146 - C - SN.docx | ROSS-003301384-ROSS-003301386 |
| Maggini v. OSF Healthcare Sys., 256 Ill. App. 3d 551 | 30+151(5) | Ordinarily, plaintiff may not appeal order granting motion for voluntary dismissal due to fact that plaintiff is party requesting the order and is protected from prejudice by statute of limitations giving plaintiff absolute right to refile action within one year of voluntary dismissal without prejudice. S.H.A. 735 ILCS 5/2-1009; Sup.Ct.Rules, Rule 304(a). | "As a rule, are plaintiffs prevented from appealing an order granting a voluntary dismissal because it is a plaintiff that requested the order?" | 027598.docx | LEGALEASE-00132649-LEGALEASE-00132651 |
| Sprague v. P.I.A. of Sarasota, 611 So. 2d 1336 | 307A+517.1 | Effect of voluntary dismissal is to remove completely from court's consideration power to enter an order, equivalent in all respects to a deprivation of jurisdiction. West's F.S.A. RCP Rule 1.420(a)(1). | "Is the effect of a voluntary dismissal to remove completely from a court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction?" | 027601.docx | LEGALEASE-00132692-LEGALEASE-00132693 |
| S.B. Beach Properties v. Berti, 39 Cal. 4th 374 | 307A+501 | A voluntary dismissal is available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor; if in proper form, the dismissal is effective immediately, the entry is a ministerial, not a judicial, act, and no appeal lies therefrom. West's Ann.Cal.C.C.P. S 581. | Is a voluntary dismissal available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor? | 028125.docx | LEGALEASE-00132584-LEGALEASE-00132585 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Golden Valley Disposal v. Jenkins Diesel Power, 183 S.W.3d 635 | 307A+517.1 | If a plaintiff attempts to voluntarily dismiss a case in a way not authorized by the rules of civil procedure, the purported dismissal is invalid and of no legal effect. V.A.M.R. 67.02. | "If a plaintiff attempts to voluntarily dismiss a case in a way not authorized by the rules of civil procedure, is the purported dismissal invalid and of no legal effect?" | Pretrial Procedure - Memo # 2554 - C - NS.docx | ROSS-003314483-ROSS-003314484 |
| Wrenn v. Maria Parham Hosp., 135 N.C. App. 672 | 307A+519 | Second voluntary dismissal of claims against defendant is with prejudice, and it operates as a disposition on the merits and precludes subsequent litigation in the same manner as if the action had been prosecuted to a full adjudication against the plaintiff. Rules Civ.Proc., Rule 41(a)(1), S 1A-1. | Does dismissal with prejudice operates as a disposition on the merits and precludes subsequent litigation in the same manner as if the action had been prosecuted to a full adjudication against the plaintiff? | Pretrial Procedure - Memo # 2558 - C - NS.docx | ROSS-003287573-ROSS-003287574 |
| Dean Foods Co. v. Anderson, 178 S.W.3d 449 | 307A+693.1 | A request for attorney fees is a claim for affirmative relief, such that nonsuit or dismissal does not prejudice the right of the party with a pending claim for attorney fees to be heard. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Is a request for attorney fees a claim for affirmative relief, such that nonsuit or dismissal does not prejudice the right of the party with a pending claim for attorney fees to be heard?" | 028206.docx | LEGALEASE-00133148-LEGALEASE-00133149 |
| U. S. Fid. & Guar. Co. v. Beuhler, 597 S.W.2d 523 | 307A+517.1 | Order of dismissal of cause of action is not adjudication of the rights of the parties; it merely places the parties in the position that they were in before court's jurisdiction was invoked just as if suit had never been brought. | "Is a dismissal in no way an adjudication of the rights of the parties but merely places them in the position that they were in before jurisdiction was invoked, just as if suit had never been brought?" | 028372.docx | LEGALEASE-00132744-LEGALEASE-00132745 |
| Nielsen v. Firelands Rural Elec. Coop., 123 Ohio App. 3d 104 | 307A+517.1 | Voluntary dismissal, without prejudice, dissolves all interlocutory orders made by court in that action, including a partial summary judgment. | "Does a voluntary dismissal, without prejudice, dissolve all interlocutory orders made by court in that action, including a partial summary judgment?" | 028568.docx | LEGALEASE-00132686-LEGALEASE-00132687 |
| Kronos v. AVX Corp., 81 N.Y.2d 90 | 386+47 | No compelling reason exists for departing from actual injury rule if alleged trespass is to chattel or intangible property right arising under contract rather than trespass to real property and, thus, actual loss must be demonstrated and nominal damages are not sufficient to establish damages element of claim. | "When trespass is alleged to an intangible property right arising under a contract, does actual injury to the claimed property interest have to be shown?" | 047320.docx | LEGALEASE-00133342-LEGALEASE-00133343 |
| Arnold v. Indus. Comm'n, 21 Ill. 2d 57 | 413+1 | The liability of an employer under the Workmen's Compensation Act is not a tort liability, but is an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise. S.H.A. ch. 48, S 138.3. | "Is an employers liability under the Workmens Compensation Act an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise, or is it a tort liability?" | Workers Compensation - Memo #198 ANC.docx | ROSS-003288395-ROSS-003288396 |
| Stocum v. Oakley, 185 N.C. App. 56 | 307A+517.1 | Generally, when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew; it is as if the suit had never been filed. Rules Civ.Proc., Rule 41(a), West's N.C.G.S.A. S 1A-1. | "Generally, when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew; is it as if the suit had never been filed?" | 028233.docx | LEGALEASE-00133582-LEGALEASE-00133583 |
| Parham v. Weldon, 333 Ga. App. 744 | 307A+486 | A trial court may permit withdrawal of admissions resulting from a party's failure to timely respond to requests for admissions if both: (1) the presentation of the merits of the action will be subserved by the withdrawal; and (2) the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits. West's Ga.Code Ann. S 9-11-36(b). | When can a trial court permit withdrawal of admissions resulting from a party's failure to timely respond to requests for admissions? | 028296.docx | LEGALEASE-00133660-LEGALEASE-00133661 |
| Able v. United States, 88 F.3d 1280 | 92+2035 | Governmental restrictions on speech that would run afoul of Constitution if imposed in civilian life can pass constitutional muster in military context. U.S.C.A. Const.Amend. 1. | Can governmental restrictions on speech that would run afoul of the Constitution if imposed in civilian life pass constitutional muster in the military context? | 008400.docx | LEGALEASE-00133798-LEGALEASE-00133799 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Crenshaw v. Jackson, 6 Ga. 509 | 352+22(1) | Upon the transfer of a note payable to bearer, by delivery, the transferer ceases to be a party to it, and is not, generally, responsible thereon to the transferee, or any subsequent holder; but if he undertake to guarantee the payment of the note, he will be liable to the transferee on that special contract, and it is a proper matter of set-off. | Is the transferor of a note payable to bearer responsible after the delivery of the note? | 009460.docx | LEGALEASE-00133788-LEGALEASE-00133789 |
| Buse v. Smith, 74 Wis. 2d 550 | 371+2001 | Levying of taxes constitutes enforcement of proportional contributions from persons and property, levied by state or municipality for support of its government and its public needs. | "Does levying of taxes constitute enforcement of proportional contributions from persons and property, levied by state or municipality for support of its government and its public needs?" | 045132.docx | LEGALEASE-00133881-LEGALEASE-00133882 |
| Duke v. Sun Oil Co., 320 F.2d 853 | 8.30E+23 | Check is simply a written order on a bank, executory in nature, instructing bank to make certain payment, and so far as payee's rights against drawee are concerned, order may be revoked by drawer at any time before check is paid or in some manner accepted by bank on which it is drawn. | Can a drawer revoke check before its acceptance? | Bills and Notes -Memo 253 -VP.docx | ROSS-003289135-ROSS-003289136 |
| Johnson v. United Nat. Indus., 126 Ill. App. 3d 181 | 307A+520 | Fact that a plaintiff who obtained voluntary dismissal did not obtain leave at time dismissal order was entered to move later to reinstate his action does not prevent a trial court from vacating the dismissal order on its own motion during the pendency of the appropriate term or its equivalent. Ill.Rev.Stat.1981, ch. 83, P 24a; S.H.A. ch. 110, P 2-1009. | "As general rule of civil practice, can a party voluntarily dismiss an action with leave to reinstate it if party asks for leave to reinstate at time voluntary dismissal is sought?" | 028475.docx | LEGALEASE-00134507-LEGALEASE-00134508 |
| Fair Share Org. v. Kroger Co., 132 Ind. App. 160 | 307A+517.1 | Generally, in the absence of statute and where the answer seeks no affirmative relief, a dismissal leaves the situation as if the suit had never been filed and carries down with it previous rulings and orders in the case. | Does a nonsuit under law leave the situation as if suit had never been filed and carries with it previous rulings and orders in a case? | Pretrial Procedure - Memo # 2744 - C - SHB.docx | ROSS-003290756-ROSS-003290758 |
| Tommy Gio v. Dunlop, 348 S.W.3d 503 | 307A+486 | "Good cause" for withdrawal or amendment of a deemed admission is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3(a). | "Is ""good cause"" for withdrawal or amendment of a deemed admission established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference?" | Pretrial Procedure - Memo # 2753 - C - SHB.docx | ROSS-003289527-ROSS-003289528 |
| Bryant v. Cty. Council of Lake Cty., 720 N.E.2d 1 | 307A+486 | Party moving for withdrawal of admissions does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. Trial Procedure Rule 36. | Does a movant seeking withdrawal of deemed admissions meet its burden of showing that withdrawal or amendment will subserve presentation of merits simply by demonstrating that admissions go to core issues? | Pretrial Procedure - Memo # 2910 - C - NS.docx | ROSS-003290323-ROSS-003290325 |
| Stelly v. Papania, 927 S.W.2d 620 | 307A+486 | Good cause is threshold standard for withdrawal of deemed admissions; party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Can good cause be shown when a party's failure to answer was accidental or the result of a mistake? | Pretrial Procedure - Memo # 2936 - C - NC.docx | ROSS-003291659-ROSS-003291660 |
| Ruiz v. Nicolas Trevino Forwarding Agency, 888 S.W.2d 86 | 307A+486 | To establish good cause for withdrawal of deemed admissions, party must show legal or equitable excuses for his failure to answer. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "To establish good cause for withdrawal of deemed admissions, must a party show legal or equitable excuses for his failure to answer requests for admissions?" | Pretrial Procedure - Memo # 2948 - C - SK.docx | ROSS-003305111-ROSS-003305112 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Stroh v. Klene, 276 Mo. 206 | 307A+69.1 | Neither Rev.St.1909, c. 21, art. 12, compelling the production of books, nor chapter 46, art. 4, authorizing depositions, nor section 6390, V.A.M.S. S 492.150, providing the incidental right of taking deposition before a commissioner, authorize a special commissioner appointed by the circuit court or the court itself to compel a witness or the adverse party to produce books and papers before such commissioner. | Do any laws authorize a special commissioner appointed by the circuit court or the court itself to compel a witness or the adverse party to produce books and papers before such commissioner? | Pretrial Procedure - Memo # 2953- C - SK.docx | ROSS-003330048-ROSS-003330049 |
| Dancel v. Goodyear Shoe Mach. Co., 128 F. 753 | 307A+69.1 | A party has no right, and a court no power, to compel the production either in court or before a magistrate, of the private papers of a witness which are not relevant and material to the case. Any practice which sanctions such a proceeding is an infringement of a fundamental personal right guarantied by the federal Constitution, and which the courts have always recognized in the exercise of power given them to compel the production of papers. | "Does a party have no right and a court no power, to compel the production either in court or before a magistrate, of the private papers of a witness which are not relevant and material to the case?" | 028871.docx | LEGALEASE-00134011-LEGALEASE-00134012 |
| Gen. Elec. Co. v. Paul Forsell & Son, 121 R.I. 19 | 307A+486 | Admission made in response to opponent's request for admissions may be withdrawn if admitting litigant has acted diligently, if adherence to admission might cause suppression of the truth and if withdrawal can be made without prejudice to party who made the request. Rules of Civil Procedure, rule 36. | Should an admission made in response to opponent's request for admissions be withdrawn if admitting litigant has acted diligently? | 028896.docx | LEGALEASE-00134137-LEGALEASE-00134138 |
| City of Muncie v. Peters, 709 N.E.2d 50 | 307A+486 | Party seeking withdrawal of admissions has the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal. Trial Procedure Rule 36(B). | "Does the party seeking withdrawal of admissions have the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal?" | 028920.docx | LEGALEASE-00134308-LEGALEASE-00134309 |
| Gibbs v. Prior, 107 N.H. 218 | 307A+91 | The statute which provides that no party shall be compelled, in testifying or giving a deposition, to disclose the names of the witnesses by whom nor the manner in which he proposes to prove his case, nor, in giving a deposition, to produce any writing which is material to his case or defense was not intended to limit equitable jurisdiction of court to grant discovery under established rules. RSA 516:23. | Should a party be compelled in testifying to produce any writing material to his case? | 028938.docx | LEGALEASE-00134363-LEGALEASE-00134364 |
| Boulet v. State, 189 S.W.3d 833 | 307A+486 | Good cause justifying the withdrawal or amendment of an admission is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "Is good cause justifying the withdrawal or amendment of an admission established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference?" | 029061.docx | LEGALEASE-00134375-LEGALEASE-00134376 |
| Johnson v. Davis, 178 S.W.3d 230 | 307A+486 | A party may withdraw a deemed admission if the party shows good cause for the withdrawal, and party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Can a party establish good cause to substitute a new response to a request for admission by showing that its answer was accidental or the result of a mistake? | 029093.docx | LEGALEASE-00134611-LEGALEASE-00134612 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Young v. Smith, 67 So. 3d 732 | 307A+483 | A deemed admission, based on failure to timely respond to a request for admissions, is not an affirmative defense; rather, it establishes a factual matter for purposes of evaluating the elements of a party's claim or defense. Rules Civ.Proc., Rule 36(a, b). | "Does a deemed admission, based on failure to timely respond to a request for admissions, establish a factual matter for purposes of evaluating the elements of a party's claim or defense?" | 029602.docx | LEGALEASE-00134867-LEGALEASE-00134868 |
| Young v. Smith, 67 So. 3d 732 | 307A+483 | A matter that is deemed admitted, based on the failure to timely respond to a request for admissions, does not require further proof, and any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence. Rules Civ.Proc., Rule 36(a, b). | Can admission that is not amended or withdrawn be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence? | Pretrial Procedure - Memo # 3498 - C - ES.docx | ROSS-003317462-ROSS-003317464 |
| P.R.S. Int'l v. Shred Pax Corp., 184 Ill. 2d 224 | 307A+483 | Failure to respond to a request to admit an ultimate fact constitutes an admission which may give rise to a grant of summary judgment. Sup.Ct.Rules, Rule 216. | Does failure to respond to a request to admit an ultimate fact constitute an admission which may give rise to a grant of summary judgment? | 029952.docx | LEGALEASE-00134537-LEGALEASE-00134539 |
| Beckley v. Reclamation Bd. of State of Cal., 48 Cal. 2d 710 | 307A+716 | The purpose of the statutes was that attorney legislators should be relieved from concerning themselves with extraneous matter not pertaining to their legislative duties while in attendance at the Legislature and actually prosecuting their duties as such. West's Ann.Code Civ.Proc. S 1054.1. | Is the purpose of the statutes that attorney legislators should be relieved from concerning themselves with extraneous matter not pertaining to their legislative duties while in attendance at the Legislature and actually prosecuting their duties as such? | 029966.docx | LEGALEASE-00134548-LEGALEASE-00134549 |
| United States v. Miller, 340 F.2d 421 | 63+1(1) | It is immaterial whether official action which briber seeks to influence is right or wrong, in sense that it is expected to result in pecuniary injury to government or that it calls upon bribe recipient to do something other than what he is legally obligated to do. 18 U.S.C.A. S 201. | Is it material whether the official action sought to be influenced is right or wrong? | Bribery - Memo #333 - C-CSS.docx | ROSS-003289194-ROSS-003289195 |
| Demos v. Haber, 101 Ill. App. 3d 901 | 307A+716 | Absence of an attorney does not give a litigant the right to a continuance, but the diligence of the party seeking it is a critical consideration in determining whether or not to grant a continuance. | Does the absence of an attorney give a litigant the right to a continuance and is the diligence of the party seeking continuance a critical consideration in determining whether or not to grant a continuance? | 029225.docx | LEGALEASE-00135147-LEGALEASE-00135148 |
| State ex rel. White v. Hais, 17 S.W.3d 903 | 314+5(3) | Party in family court matter was not entitled to writ prohibiting trial court from proceeding with trial, even though counsel filed motion for legislative continuance, where trial court did not rule on motion, it was within trial court's discretion to grant or deny legislative continuance based upon determination of whether presence of attorney, who was also state legislator, was necessary for fair and proper trial, and party was also represented by another attorney, whom trial court would not permit to withdraw. | Can a court exercise discretion to decide whether attorney's presence is necessary for fair and proper trial? | 029241.docx | LEGALEASE-00135433-LEGALEASE-00135434 |
| Thomas v. Thomas, 23 Ill. App. 3d 936 | 307A+716 | Although absence of counsel is one factor to take into consideration in deciding on motion to continue, it does not entitle party to continuance as matter of right. S.H.A. ch. 110, S 59; Supreme Court Rules, rule 231(f), S.H.A. ch. 110A, S 231(f). | "Although absence of counsel is one factor to take into consideration in deciding a motion to continue, does it entitle a party to continuance as matter of right?" | Pretrial Procedure - Memo # 3274 - C - KG.docx | ROSS-003331182-ROSS-003331183 |
| State Farm Fire & Cas. Co. v. Broan Mfg. Co., 523 F. Supp. 2d 992 | 307A+331 | Arizona law imposes upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery. | Does the law impose upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery? | Pretrial Procedure - Memo # 3311 - C - SPB.docx | LEGALEASE-00025238-LEGALEASE-00025239 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wells v. Salyer, 452 S.W.2d 392 | 307A+716 | Generally, when absent counsel has never entered an appearance of record and other competent counsel is present, there is no abuse of discretion in refusing to grant a continuance. | "Generally, when absent counsel has never entered an appearance of record and other competent counsel is present, is there no abuse of discretion in refusing to grant a continuance?" | 029342.docx | LEGALEASE-00135989-LEGALEASE-00135990 |
| Agnew v. Parks, 219 Cal. App. 2d 696 | 307A+716 | A court is not bound by a contract between a client and her counsel, nor is it required to adjudicate their contractual rights on a motion for a continuance based on counsel's failure to appear, and therefore, even if counsel breaches a contractual obligation by failing to appear such breach does not, in all circumstances, entitle client to a continuance. | Is a court bound by a contract between a client and the counsel and is required to adjudicate their contractual rights on a motion for continuance based on counsel's failure to appear? | 029387.docx | LEGALEASE-00135514-LEGALEASE-00135515 |
| S. Ry. Co. v. Miller, 3 Ga. App. 410 | 307A+716 | The question whether the court should have continued a case for absence of local counsel, when the general counsel of defendant was present, is in the discretion of the trial judge. | "Is the question whether the court should have continued a case for absence of local counsel, when the general counsel of defendant was present, in a matter addressed to the discretion of the trial judge?" | 029392.docx | LEGALEASE-00135599-LEGALEASE-00135600 |
| In re Starr Produce Co., 988 S.W.2d 808 | 92+3988 | A due process exception to mandatory legislative continuance, available to a party or party's attorney who is a legislator, exists where the non-movant can show irreparable harm or injury to a substantial right. U.S.C.A. Const.Amend. 14; V.T.C.A., Civil Practice & Remedies Code S 30.003. | Does a due process exception to mandatory legislative continuance exist where the non-movant can show irreparable harm or injury to a substantial right? | 029514.docx | LEGALEASE-00135634-LEGALEASE-00135635 |
| Matthews v. Dare, 20 Md. 248 | 307A+69.1 | Supplementary interrogatories or questions, not sent with the commission, would not be regular, unless the party against whom the answers are to be used had notice, or unless propounded with his assent, or allowed by the terms of the commission. | "Will supplementary interrogatories or questions be regular, unless the party against whom the answers are to be used has had notice, or by his assent or by the terms of the commission it has been allowed?" | 029528.docx | LEGALEASE-00135687-LEGALEASE-00135688 |
| Monolith Companies v. Hunter Douglas Hosp., 333 Ga. App. 898 | 307A+483 | The admission that arises from a failure to respond to a request for admission in the required time frame arises by operation of law, without the necessity of court action. West's Ga.Code Ann. S 9-11-36(a)(2). | "Does the admission that arises from a failure to respond to a request for admission in the required time frame arise by operation of law, without the necessity of court action?" | Pretrial Procedure - Memo # 3491 - C - NS.docx | ROSS-003290938-ROSS-003290939 |
| Whitaker v. Nikols, 699 P.2d 685 | 307A+483 | Matters contained in plaintiff's request for admissions are deemed admitted when defendant fails to answer or object within 30 days after service. Rules Civ.Proc., Rule 36(a). | Are matters contained in a plaintiff's request for admissions deemed admitted when a defendant fails to answer or object within 30 days after service? | 029671.docx | LEGALEASE-00134946-LEGALEASE-00134947 |
| Grynberg v. Karlin, 134 P.3d 563 | 307A+483 | When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment. Rules Civ.Proc., Rule 36. | "When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, may these admissions then be used to support a summary judgment?" | Pretrial Procedure - Memo # 3562 - C - KG.docx | ROSS-003290489-ROSS-003290490 |
| Walker v. Valor Ins. Co., 314 Ill. App. 3d 55 | 307A+483 | A party's failure to respond to a request to admit facts pursuant to Supreme Court Rules admits any specified relevant fact set forth in the request. Sup.Ct.Rules, Rule 216. | Does a party's failure to respond to a request to admit facts pursuant to Supreme Court Rules admit any specified relevant fact set forth in the request? | Pretrial Procedure - Memo # 3627 - C - KBM.docx | ROSS-003291703-ROSS-003291704 |
| Kaminski v. Bass, 252 Neb. 760 | 307A+485 | Hearing on motion for expenses, pursuant to discovery rule for expenses on failure to admit a statement, is a legal proceeding entirely separate from underlying trial or proceedings concerning merits of the case. Discovery Rule 37(c). | "Is hearing on motion for expenses pursuant to rule 37(c), a legal proceeding entirely separate from underlying trial or proceedings concerning merits of the case?" | Pretrial Procedure - Memo # 3632 - C - CK.docx | ROSS-003318665-ROSS-003318666 |
| Robertson v. Sky Chefs, 344 Ill. App. 3d 196 | 307A+473 | Any question propounded in a request to admit which seeks the admission of a conclusion of law is improper in form, and the failure to respond to that question does not result in a judicial admission Sup.Ct.Rules, Rule 216. | "Is any question propounded in a request to admit which seeks the admission of a conclusion of law improper in form, and the failure to respond to that question does not result in a judicial admission?" | 029888.docx | LEGALEASE-00135441-LEGALEASE-00135442 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Resurgence Fin. v. Taylor, 295 S.W.3d 429 | 307A+483 | Once admissions are deemed admitted by operation of law and fully support each element of a cause of action, including damages, they will fully support a judgment thereon. | "Once admissions are deemed admitted by operation of law and fully support each element of a cause of action, including damages, will they fully support a judgment thereon?" | Pretrial Procedure - Memo # 3804 - C - SB.docx | ROSS-003317908-ROSS-003317909 |
| St. Paul Fire & Marine Ins. Co. v. Battle, 44 Ohio App. 2d 261 | 307A+483 | When requests for admissions are made, the matters are admitted unless the party to whom the requests are directed serves written answers or objections upon the party requesting the admissions; if no answer or objection is filed, the matter is admitted. Civ.R. 36. | "When requests for admission are made, are the matters admitted unless the party to whom the requests are directed serves upon the party requesting the admissions written answers or objections, and if no answer or objection is filed, is the matter admitted?" | 030195.docx | LEGALEASE-00135920-LEGALEASE-00135921 |
| Hundley ex rel. Hundley v. Rite Aid of S.C., 339 S.C. 285 | 307A+723.1 | In ruling upon a motion for continuance, the court must determine the merits of the moving party's argument, which entails an evaluation of credibility; a documented history within the case of discovery delay and abuse by a moving party may be properly considered when evaluating the credibility of that party's claim of surprise and prejudice. | "In ruling upon a motion for continuance, must the court determine the merits of the moving party's argument, which entails an evaluation of credibility?" | Pretrial Procedure - Memo # 4158 - C - NS.docx | ROSS-003316973-ROSS-003316974 |
| United States v. Gjieli, 717 F.2d 968 | 63+1(1) | Definitional section of statute governing offense of bribery of public official imposes no requirement that a bribed "employee" be acting in any official function before public official requirement may be satisfied; rather, the phrase "any official function" was intended to modify only "person acting for or on behalf of the United States," and not officer or employee. 18 U.S.C.A. SS 201, 201(a). | Can a person who is not an officer or employee of the federal government perform official function under bribery statute? | Bribery - Memo #551 - C-JL.docx | LEGALEASE-00025996-LEGALEASE-00025997 |
| In re Ford Motor Co., 165 S.W.3d 315 | 307A+716 | A mandatory legislative continuance of trial, relating to representation of a party by a legislator-lawyer, usually serves a dual purpose of encouraging good men and women to sacrifice their time in the interest of good government and of protecting a party to a lawsuit whose attorney may be serving in the Legislature. V.T.C.A., Civil Practice & Remedies Code S 30.003. | "Does a mandatory legislative continuance of trial, serve a dual purpose?" | 029445.docx | LEGALEASE-00136418-LEGALEASE-00136419 |
| Tymar v. Two Men & a Truck, 282 Neb. 692 | 307A+474 | Rule governing requests for admissions is not self-executing, and thus a party that seeks to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence. Neb. Ct. R. Disc. S 6-336. | "Is the rule governing requests for admission self-executing, and the matters set forth in the requests for admissions are automatically deemed admitted if they are not answered by the rule's deadline?" | Pretrial Procedure - Memo # 3592 - C - NA.docx | LEGALEASE-00026288-LEGALEASE-00026289 |
| Commissioners of State Ins. Fund v. Garcia, 49 Misc. 3d 875 | 307A+483 | When a respondent fails to oppose matters advanced on a motion, the facts alleged in the moving papers may be deemed admitted by the Court. | "When a respondent fails to oppose matters advanced on a motion, may the facts alleged in the moving papers be deemed admitted by the Court?" | Pretrial Procedure - Memo # 3647 - C - AP.docx | ROSS-003305157-ROSS-003305159 |
| Matthews v. Matthews, 184 So. 3d 173 | 307A+716 | Trial court may abuse its discretion by refusing a continuance requested because of sudden and bona fide illness of principal trial counsel. LSA-C.C.P. art. 1601. | May a trial court abuse its discretion by refusing a continuance requested because of sudden and bona fide illness of principal trial counsel? | 029848.docx | LEGALEASE-00136804-LEGALEASE-00136805 |
| Locklear v. Sellers, 126 So. 3d 978 | 307A+486 | Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence. Rules Civ.Proc., Rule 36. | Can any admission that is not amended or withdrawn be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence? | 030001.docx | LEGALEASE-00136779-LEGALEASE-00136780 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Woods v. Label Inv. Corp., 107 Nev. 419 | 307A+483 | Where demand is made upon party for admission of facts and such party fails to respond to request, matters contained therein are deemed admitted. Rules Civ.Proc., Rule 36. | "Where demand is made upon party for admission of facts and such party fails to respond to request, are such matters contained therein deemed admitted?" | Pretrial Procedure - Memo # 3915 - C - RF.docx | ROSS-003290576-ROSS-003290577 |
| Johnson v. Anna Bldg. & Loan Ass'n, 126 Ill. App. 592 | 307A+717.1 | In action for forcible entry and detainer, refusal of continuance on ground that plaintiff had refused to rent premises to a witness on the ground that plaintiff had no interest in the property and that defendants wished action continued in order to produce such witness held proper since evidence in question was not material. | "Where an amendment to a petition is not material, is refusing continuance held proper?" | 030346.docx | LEGALEASE-00136514-LEGALEASE-00136515 |
| Lang v. Pataki, 176 Misc. 2d 676 | 307A+713 | Granting of continuance is exercise of judicial discretion upon particular facts, with appropriate opportunity for counsel to be heard, and is exclusively a judicial act. | "Is granting of continuance an exercise of judicial discretion upon particular facts, with appropriate opportunity for counsel to be heard, and is exclusively a judicial act?" | Pretrial Procedure - Memo # 4347 - C - SU.docx | ROSS-003304155-ROSS-003304156 |
| Components Direct v. European Am. Bank & Tr. Co., 175 A.D.2d 227 | 302+8(1) | Although statements in pleadings are required to be factual, party may supplement or round out his pleading by conclusory allegations or by stating legal theories explicitly, if facts upon which pleader relies are also stated. | Can a party supplement or round out his pleading by stating legal theories explicitly? | 023379.docx | LEGALEASE-00137713-LEGALEASE-00137714 |
| Tran v. Nguyen, 480 S.W.3d 119 | 307A+716 | In civil cases in which the absence of counsel has been urged as a ground for continuance, courts generally require a showing that the failure to be represented at trial was not due to the party's own fault or negligence. | "When the ground for continuance is the withdrawal of counsel, should the movants show that the failure to be represented at trial was not due to their own fault or negligence?" | 030137.docx | LEGALEASE-00137371-LEGALEASE-00137372 |
| Courtesy Claims Serv. v. Superior Court, 219 Cal. App. 3d 52 | 307A+483 | Statute permitting party to withdraw or amend admission applies only to admissions which are made in response to request, and not to deemed admissions resulting from party's failure to respond to request. West's Ann.Cal.C.C.P. S 2033(m). | "Does a statute permitting party to withdraw or amend admission apply only to admissions which are made in a response to a request, and not to deemed admissions resulting from a party's failure to respond to a request?" | 030155.docx | LEGALEASE-00137188-LEGALEASE-00137189 |
| Martin v. Wyatt, 243 Ga. App. 31 | 307A+723.1 | Trial court was not required to sua sponte inquire into whether personal injury plaintiffs wanted to proceed pro se after their attorney failed to appear at calendar call. | Is a trial court required to sua sponte inquire into whether personal injury plaintiffs want to proceed pro se after their attorney failed to appear at calendar call? | 030490.docx | LEGALEASE-00137099-LEGALEASE-00137100 |
| Dolgencorp of Texas v. Lerma, 241 S.W.3d 584 | 307A+723.1 | An announcement that a party is "ready" for trial waives the right to seek a continuance based upon any facts that are known, or with proper diligence should have been known, when the announcement is made. Vernon's Ann.Texas Rules Civ.Proc., Rules 251, 253. | "Does an announcement that a party is ""ready"" for trial waive the right to seek a continuance based upon any facts that are known, or with proper diligence should have been known, when the announcement is made?" | 030582.docx | LEGALEASE-00137912-LEGALEASE-00137913 |
| In re Jacobs, 300 S.W.3d 35 | 307A+36.1 | A party seeking discovery of net-worth information need not satisfy any evidentiary prerequisite, such as making a prima facie showing of entitlement to punitive damages, before discovery of net worth is permitted. | Need a party seeking discovery of net-worth information not satisfy any evidentiary prerequisite? | Pretrial Procedure - Memo # 4593 - C - NC.docx | ROSS-003291162-ROSS-003291165 |
| Ex parte Gregory, 947 So. 2d 385 | 307A+36.1 | A plaintiff's discovery request pertaining to personal jurisdiction will be denied if it is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction, or when a plaintiff's claim appears to be clearly frivolous. | "Will a plaintiff's discovery request pertaining to personal jurisdiction be denied if it is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction?" | 031256.docx | LEGALEASE-00137223-LEGALEASE-00137224 |
| Hall v. Bunn, 11 Ohio St. 3d 118 | 307A+720 | Even in the event an objecting party is not prepared for evidence offered outside pleading, trial court may still allow an amendment under rule governing amendment of pleadings to conform to evidence and grant a continuance to enable objecting party to meet the new evidence. Rules Civ.Proc., Rule 15(B). | Will a trial justice grant a continuance in the event the objecting party needs time to meet new evidence? | 031346.docx | LEGALEASE-00137341-LEGALEASE-00137342 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Commonwealth Life Ins. Co. v. Brandon, 265 Ky. 434 | 307A+720 | Where amended petition filed on eve of trial or during progress of trial materially changes issues, adverse party should be granted continuance on motion. Civ.Code Prac. S 136. | "Where an amended petition filed on the eve of trial or during progress of trial materially changes issues, should the adverse party be granted a continuance on motion?" | Pretrial Procedure - Memo # 4732 - C - VA.docx | ROSS-003290775-ROSS-003290776 |
| Gordon v. Indusco Mgmt. Corp., 164 Conn. 262 | 307A+61 | Technically, a "deposition" is the written testimony of a witness given in course of a judicial proceeding, which may be taken in advance of trial or hearing, or during the course of the proceeding, on oral examination or in response to written interrogatories with an opportunity for cross-examination. | Is a deposition written testimony of a witness given in course of a judicial proceeding? | Pretrial Procedure - Memo # 4761 - C - PC.docx | ROSS-003291204-ROSS-003291205 |
| Cleveland v. Burnham, 60 Wis. 16 | 307A+99 | No action to obtain discovery under oath in aid of the prosecution or defense of another action is allowable; but the examination of a party, otherwise than as a witness on a trial, may be taken by deposition, at any time between the commencement of an action and the judgment therein, under the same rules as other witnesses. | Can an action be maintained to obtain a discovery under oath in aid of the prosecution or defense of another action? | 031515.docx | LEGALEASE-00137238-LEGALEASE-00137239 |
| Bowen v. Mewborn, 218 N.C. 423 | 302+189 | The office of "demurrer" is to test sufficiency of pleading, admitting for such purpose truth of factual averments well stated and relevant fact inferences fairly deducible therefrom, without conceding legal inferences or conclusions asserted by pleader, but such admission is for purpose of demurrer only. | Does the office of demurrer test the sufficiency of a pleading? | 023411.docx | LEGALEASE-00138808-LEGALEASE-00138809 |
| McKissick v. J.F. Cleckley & Co., 325 S.C. 327 | 307A+726 | Denial of paving company's third motion for continuance in action brought against it by passenger injured in accident occurring on road constructed by company, which was brought three weeks before trial, was not abuse of discretion. | Would a denial of paving company's third motion for continuance in action be considered an abuse of discretion? | Pretrial Procedure - Memo # 4404 - C - TM.docx | ROSS-003291128-ROSS-003291129 |
| Walker v. Aulds, 28,968 (La. App. 2 Cir. 12/11/96) | 307A+726 | Generally, litigant whose lawyer withdraws at or near trial may be entitled to continuance to employ another attorney, but inability to obtain counsel does not entitle party to indefinite continuances. | Will a litigant whose lawyer withdraws at or near trial be entitled to continuance to employ another attorney? | Pretrial Procedure - Memo # 4432 - C - CK.docx | ROSS-003318232-ROSS-003318233 |
| Brookwood Parks v. Jackson, 21 N.Y.S.2d 173 | 307A+91 | Although section of Civil Practice Act concerning examination before trial should be liberally construed to promote ends of justice, it must be shown that examination is material and necessary in prosecution or defense of action. Civil Practice Act, S 288. | "When construing the Civil Practice Act, should it be shown that examination is material and necessary in prosecution or defense of action?" | 031145.docx | LEGALEASE-00138640-LEGALEASE-00138642 |
| In re Jacobs, 300 S.W.3d 35 | 307A+36.1 | A plaintiff seeking production of net worth information is required to allege facts showing that relator is liable for punitive damages. | Is a plaintiff seeking production of net worth information required to allege facts showing that relator is liable for punitive damages? | Pretrial Procedure - Memo # 4829 - C - NC.docx | ROSS-003332190-ROSS-003332193 |
| Signal Capital Corp. v. Frank, 164 F.R.D. 7 | 307A+36.1 | Discovery concerning opposing party's assets is not ordinarily permitted unless such discovery is relevant to merits of the pending claim or in response to a defense. | Is discovery concerning an opposing party's assets not ordinarily permitted unless such discovery is relevant to merits of the pending claim or in response to a defense? | 031809.docx | LEGALEASE-00138389-LEGALEASE-00138390 |
| Peterman v. Schpelman, 274 A.D. 901 | 307A+91 | Under the rule of Civil Practice permitting a "party" to take deposition to draw complaint, quoted term includes one who is about to commence an action. Rules of Civil Practice, rule 122. | "Under the Rule of Civil Practice permitting a ""party"" to take deposition to draw complaint, does the term party include one who is about to commence an action?" | 031823.docx | LEGALEASE-00138574-LEGALEASE-00138575 |
| Credit Indus. Co. v. Blankinship, 230 Ark. 371 | 307A+74 | Where a deposition has been lost or destroyed, contents thereof may be proved as in case of other lost or destroyed papers, or a properly identified or authenticated copy may be substituted and read, provided original deposition has been duly returned and filed. | "Where a deposition has been lost or destroyed, can contents thereof be proved as in case of other lost or destroyed papers?" | Pretrial Procedure - Memo # 5111 - C - SB.docx | ROSS-003332212-ROSS-003332213 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Aiello v. Ed Saxe Real Estate, 508 Pa. 553 | 308+159(1) | Principal is liable to innocent third parties for frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, even if principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them. 63 P.S. SS 455.522, 455.601, 455.603. | Can a principal be held liable for an unauthorized act of an agent performed within the scope of his employment? | 041350.docx | LEGALEASE-00138554-LEGALEASE-00138555 |
| Texas Emp. Ins. Ass'n v. Locke, 224 S.W.2d 755 | 307A+723.1 | An application for continuance which complies substantially with statutory form, except as to stating necessary diligence, does not necessarily require court to sustain it. Rules of Civil Procedure, rule 252. | "Does an application for continuance which complies substantially with statutory form, except as to stating necessary diligence, necessarily require a court to sustain it?" | Pretrial Procedure - Memo # 4326 - C - ES.docx | ROSS-003329637-ROSS-003329638 |
| Potter v. Coward, 19 Tenn. 22 | 307A+714 | If an affidavit for a continuance, on the ground of newly discovered evidence, shows, that before the trial, due diligence was used to procure evidence of the fact expected to be proved by the newly discovered evidence, and the fact is material, it is error to refuse a new trial thereupon. | Should an application for continuance for newly discovered evidence show due diligence and that there is a probability of procuring the testimony? | 030762.docx | LEGALEASE-00139059-LEGALEASE-00139060 |
| United States v. Keen, 676 F.3d 981 | 234+2 | Statute prohibiting theft or bribery concerning programs receiving Federal funds was enacted to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery. 18 U.S.C.A. S 666. | What is the legislative intent of statute prohibiting theft or bribery 666 concerning programs receiving federal funds? | 011945.docx | LEGALEASE-00139557-LEGALEASE-00139559 |
| Cochran v. Mullinax, 276 Ga. App. 81 | 307A+750 | It generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order; once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. | "Where a pre-trial order defining the issues was not modified either before or during the trial, does the order control the course of the trial?" | 028021.docx | LEGALEASE-00139502-LEGALEASE-00139503 |
| Crozman v. Callahan, 136 F. Supp. 466 | 34+32.1 | Even when acting within scope of his authority, military officer can incur civil liability if his actions are influenced by malice, corruption, or cruelty. Uniform Code of Military Justice, arts. 1, 2, 93, 117, 50 U.S.C.A. SS 511, 552, 687, 711. | "Can an officer, even when acting within the scope of his authority, incur civil liability if his actions are influenced by malice, corruption, or cruelty?" | 008565.docx | LEGALEASE-00140094-LEGALEASE-00140095 |
| Dow v. Johnson, 100 U.S. 158 | 34+36 | A foreign army permitted to march through a friendly country or to be stationed in it by authority of its sovereign or government is exempt from its civil and criminal jurisdiction. | "Is a foreign army permitted to march through a friendly country, or to be stationed in it by authority of its sovereign or government exempt from its civil and criminal jurisdiction?" | 008567.docx | LEGALEASE-00140100-LEGALEASE-00140102 |
| First Nat. Bank of Blairstown v. Goldberg, 340 Pa. 337 | 8.30E+282 | The purpose of the Negotiable Instruments Law is to enhance marketability of negotiable securities and to allow bankers, brokers, and people generally to trade with confidence. 56 P.S. S 1 et seq. | "Does the purpose of the Negotiable Instruments Law is to enhance marketability of negotiable securities and to allow bankers, brokers, and people generally to trade with confidence?" | 010364.docx | LEGALEASE-00140276-LEGALEASE-00140277 |
| United States v. Jannotti, 673 F.2d 578 | 63+3 | It is neither material nor a defense to bribery that had there been no bribe, public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted him to make. | "Is it a material fact or a defense to bribery that, had there been no bribe, the public official might have lawfully and properly performed the action that the briber wanted him to take?" | Bribery - Memo #585 - C - LB.docx | ROSS-003327729-ROSS-003327731 |
| United States v. Allen, 10 F.3d 405 | 63+1(1) | Absent some fairly explicit language otherwise, accepting a campaign contribution does not equal taking a bribe unless the payment is made in exchange for an explicit promise to perform or not perform an official act. | Is a campaigning contribution a bribe when it is not accepted in return for an explicit promise to perform or not perform an official act? | Bribery - Memo #589 - C- CSS.docx | ROSS-003288640-ROSS-003288641 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Finch v. Matthews, 74 Wash. 2d 161 | 200+80 | Fee in public street or highway remains in owner of abutting land, and public acquires only right of passage, with powers and privileges necessarily implied in grant of easement. | Does the fee in a public street or highway remain with the owner of the abutting land and the public only acquires only the right of passage? | 018702.docx | LEGALEASE-00139847-LEGALEASE-00139848 |
| Pines v. Pines, 262 Ill. App. 3d 923 | 307A+509 | Once trial or hearing has begun, right to dismissal is curtailed to prevent plaintiff from dismissing case if trial proceedings appear unfavorable, and trial judge may require that dismissal is with prejudice. | "Once a trial or hearing has begun, is the right to dismissal curtailed to prevent plaintiff from dismissing a case if trial proceedings appear unfavorable?" | Pretrial Procedure - Memo # 3199 - C - RF.docx | ROSS-003288609-ROSS-003288610 |
| Foti v. Askinas, 432 Pa. Super. 604 | 307A+502 | Decision to grant discontinuance without prejudice rests within discretion of trial court and ruling of trial court will not be reversed absent abuse of discretion. | Does a decision to grant discontinuance without prejudice rest within the discretion of a trial court and will a ruling of a trial court be reversed absent abuse of discretion? | Pretrial Procedure - Memo # 3237 - C - KS.docx | ROSS-003288622-ROSS-003288623 |
| LaBerenz v. Am. Family Mut. Ins. Co., 181 P.3d 328 | 287+35.35 | It is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites for class certification are satisfied. Rules Civ.Proc., Rule 23. | Is it proper for a district court to allow discovery and to conduct hearings to determine whether the prerequisites for class certification are satisfied? | 032385.docx | LEGALEASE-00140282-LEGALEASE-00140283 |
| Castle Club Corp. v. Liberty Int'l, 598 So. 2d 263 | 307A+726 | Denying defendant's motion for continuance while simultaneously allowing its counsel to withdraw on day trial began, thereby leaving defendant unrepresented at trial, was abuse of discretion since there was no evidence that prior continuances were engineered to prevent orderly disposition or that further continuance would have been prejudicial. | Would it be an abuse of discretion if the defendant's motion for continuance is denied while simultaneously allowing its counsel to withdraw on day trial? | 032478.docx | LEGALEASE-00140524-LEGALEASE-00140525 |
| First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+554 | Plaintiff relying on alleged conspiracy as a basis for personal jurisdiction on motion to dismiss for lack of personal jurisdiction need only plead sufficient factual allegations from which existence of a conspiracy may be inferred. Tenn. R. Civ. P. 12.02(2). | Should a plaintiff need only plead sufficient factual allegations from which the existence of a conspiracy may be inferred while relying on alleged conspiracy as a basis for personal jurisdiction? | 032743.docx | LEGALEASE-00139719-LEGALEASE-00139720 |
| Creager v. Douglas, 77 Tex. 484 | 307A+74 | The statute requiring the return of depositions was intended to secure and preserve evidence of their correctness and of their freedom from being tampered with by means of the regulations prescribed and not by means of inspection of the deposition or other ex parte evidence. | Is the statute requiring the return of depositions intended to secure and preserve evidence of their correctness and of their freedom from being tampered with by means of the regulations prescribed? | 032751.docx | LEGALEASE-00139733-LEGALEASE-00139734 |
| US Chem. Storage v. Berto Constr., 800 S.E.2d 716 | 307A+554 | The standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depends upon the procedural context confronting the court. N.C. R. Civ. P. 12(b)(2). | Does the standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depend upon the procedural context confronting the court? | Pretrial Procedure - Memo # 5590 - C - TM.docx | ROSS-003288890-ROSS-003288891 |
| Classic Commercial Servs. v. Baldwin, 336 Ga. App. 183 | 307A+554 | As a rule, the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal, and this principle applies in the context of a motion to dismiss on jurisdictional grounds. | Does the self-contradictory testimony rule apply in the context of a motion to dismiss on jurisdictional grounds? | 032778.docx | LEGALEASE-00139965-LEGALEASE-00139966 |
| Nick v. Schneider, 150 A.D.3d 1250 | 307A+683 | Upon a motion to dismiss for lack of personal jurisdiction, it is the plaintiff who bears the ultimate burden of proof to establish a basis for such jurisdiction; however, to successfully oppose such a motion, the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | "Upon a motion to dismiss for lack of personal jurisdiction, is it the plaintiff who bears the ultimate burden of proof to establish a basis for such jurisdiction?" | Pretrial Procedure - Memo # 5627 - C - SK.docx | ROSS-003329375-ROSS-003329377 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Warner v. Chauffeurs, Teamsters, & Helpers Local Union No. 414, 73 N.E.3d 190 | 307A+685 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. Ind. R. Trial P. 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider the complaint?" | 032904.docx | LEGALEASE-00140092-LEGALEASE-00140093 |
| Weisblat v. City of San Diego, 176 Cal. App. 4th 1022 | 371+2001 | A tax is a "special tax" whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which the revenues may be spent. | "A tax is special whenever expenditure of its revenues is limited to specific purposes, is this true even though there may be multiple specific purposes for which revenues may be spent?" | 045534.docx | LEGALEASE-00140327-LEGALEASE-00140328 |
| Calvert v. Zanes-Ewalt Warehouse, 502 S.W.2d 689 | 371+2005 | Whether exercise of taxing power of state is forbidden in particular case is to be determined by practical operation of state statute, as applied to facts in that case. | "Whether exercise of taxing power of state is forbidden in particular case be determined by practical operation of state statute, as applied to facts in that case?" | Taxation - Memo # 638 - C - SU.docx | ROSS-003288872-ROSS-003288873 |
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | No corrupt intent to influence official behavior is required to secure conviction for bribery of public official based on illegal gratuity; payor simply must make the payment for or because of some official act. 18 U.S.C.A. S 201(c)(1)(A). | Is corrupt intent to influence an official's behavior required to secure a conviction for bribery of a public official based on an illegal gratuity? | 012130.docx | LEGALEASE-00142029-LEGALEASE-00142030 |
| United States v. Sun-Diamond Growers of California, 138 F.3d 961 | 63+1(1) | To satisfy criminal intent requirement embodied in phrase "for or because of any official act," as used in gratuity statute, giver must intend either to reward some past concrete official act or acts, or to enhance likelihood of some future act or acts. 18 U.S.C.A. S 201(c)(1)(A). | "What must the bribe-giver intend in order to satisfy the criminal intent requirement embodied in the phrase ""for or because of any official act""?" | 012140.docx | LEGALEASE-00141937-LEGALEASE-00141938 |
| United States v. Donathan, 65 F.3d 537 | 63+1(1) | Elements of establishing violation of statute prohibiting individual from corruptly demanding, seeking, receiving, accepting, or agreeing to accept anything of value in return for being influenced in testimony under oath or affirmation as witness were that defendant was to be witness under oath in particular case, that defendant solicited or agreed to receive something of value in return for being influenced in her testimony, and that defendant acted corruptly, that is, with intent of being influenced in her testimony. 18 U.S.C.A. S 201(b)(4). | What are the elements required to establish a violation of the statute that prohibits someone from being influenced in his testimony under oath or affirmation as a witness? | 012152.docx | LEGALEASE-00141955-LEGALEASE-00141956 |
| United States v. Evans, 572 F.2d 455 | 316P+1056 | Both conflict of interest statute and unlawful gratuity statute must be broadly construed to accomplish legislative purpose which they manifest. 18 U.S.C.A. SS 201(g), 203(a). | Should both conflict of interest statute and unlawful gratuity statute be broadly construed in order to accomplish legislative purpose which they manifest? | 012165.docx | LEGALEASE-00141995-LEGALEASE-00141996 |
| Tennessee Enamel Mfg. Co. v. Stoves, 192 F.2d 863 | 113+3 | Under Tennessee law, usages or customs of trade, to be effectively binding in law, must be imperative and compulsory in character and so well known as to affect the person to be bound with knowledge of them and raise the presumption that he dealt with reference to them. | "In order for a party to be bound by usages or customs of trade, must they be imperative and compulsory?" | 014136.docx | LEGALEASE-00141726-LEGALEASE-00141727 |
| La Laguna Ranch Co. v. Dodge, 18 Cal. 2d 132 | 260+74(8) | The term "overriding royalty" is applied generally in the oil industry to such fractional interests in the production of oil and gas as are created from the lessee's estate, regardless of whether the royalty is created by reservation when original lessee transfers his interest by a sub-lease, or whether it is created by grant when original lessee conveys a fractional share to a third person. | Is the term overriding royalty applied generally in the industry to such fractional interests in the production of oil and gas as are created from the lessee's estate? | Mines and Minerals - Memo # 87 - C - EB.docx | ROSS-003302548-ROSS-003302549 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Blocker Exploration Co. v. Frontier Exploration, 740 P.2d 983 | 260+97 | Three essential elements of mining partnership are joint ownership, joint operation, and express or implied agreement to share profits and losses; if mining partnership exists, partners are characterized as operators and have a limited power (less than the power of a general partner) to bind other members of the partnership. | "Are the three essential elements of a mining partnership joint ownership, joint operation and an express or implied agreement to share profits and losses?" | 021303.docx | LEGALEASE-00141533-LEGALEASE-00141534 |
| Feliciano v. Geneva Terrace Estates Homeowners Ass'n, 2014 IL App (1st) 130269 | 302+233.1 | Courts look at four factors in determining whether to permit amended pleadings: (1) whether the proposed amendment would cure a defective pleading, (2) whether the proposed amendment would surprise or prejudice the opposing party, (3) whether the proposed amendment was timely filed, and (4) whether the moving party had previous opportunities to amend. S.H.A. 735 ILCS 5/2-616. | What factors do courts consider in allowing amendments to pleadings? | 023452.docx | LEGALEASE-00141194-LEGALEASE-00141195 |
| State ex rel. GMS Mgmt. Co. v. Callahan, 45 Ohio St. 3d 51 | 307A+723.1 | Provision for bond upon continuance of forcible entry and detainer action is not applicable when judges take matters under advisement sua sponte. R.C. S 1923.08. | Is the provision for a bond upon continuance of forcible entry and detainer action applicable when judges take matters under advisement sua sponte? | 030714.docx | LEGALEASE-00141481-LEGALEASE-00141482 |
| Voorheis v. Hawthorne-Michaels Co., 151 Cal. App. 2d 688 | 307A+74 | Since there is always an inherent possibility of error in the transcription of a deposition, a final opportunity for correction of the writing as completed should be given by the reading to or by the witness. West's Ann.Code Civ.Proc., SS 2006, 2022, 2032. | "Since there is always an inherent possibility of error in the transcription of a deposition, should a final opportunity for correction of the writing as completed be given by the reading to or by the witness?" | Pretrial Procedure - Memo # 5132 - C - SB.docx | ROSS-003289221-ROSS-003289222 |
| Fritsch v. J. M. English Truck Line, 151 Tex. 168 | 307A+725 | There is nothing in the rules of civil procedure relating to continuances requiring granting of a first motion merely because it is in statutory form and is not controverted by affidavit of opposite party, and trial court, in determining existence of diligence, may examine allegations of diligence contained in motion in light of record before it. Rules of Civil Procedure, rules 251, 252. | Is there a rule relating to continuances requiring granting of a first motion merely because it is in statutory form and not controverted by affidavit of opposite party? | Pretrial Procedure - Memo # 5159 - C - NS.docx | ROSS-003288731-ROSS-003288732 |
| Sydney Attractions Grp. Pty Ltd. v. Schulman, 74 A.D.3d 476 | 307A+554 | Enforcement of a forum selection clause does not allow for a stay rather than dismissal, at least when there is no argument that the designated court lacks jurisdiction of all necessary parties or is otherwise unable to accord complete relief. | Does enforcement of a forum selection clause not allow for a stay rather than dismissal? | 033340.docx | LEGALEASE-00140913-LEGALEASE-00140914 |
| Carroll v. Welch, 26 Tex. 147 | 307A+74 | A certificate that the answers of the witnesses "were taken, sworn to, and subscribed before me," is a substantial compliance with the statute, Old. & W. Dig. art. 455, when taken in connection with the caption, which designated the court, cause, and witnesses, and referred to the direct and cross interrogatories, and stated that the witnesses were first duly sworn. | "Is a certificate that the answers of the witnesses ""were taken, sworn to, and subscribed before me,"" a substantial compliance with the statute?" | 033344.docx | LEGALEASE-00140937-LEGALEASE-00140938 |
| Data Gen. Corp. v. Cty. of Durham, 143 N.C. App. 97 | 30+103 | Denial of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction, and is therefore immediately appealable. G.S. S 1-277. | "Does a motion to dismiss based on sovereign immunity present a question of personal jurisdiction, rather than subject matter jurisdiction?" | 033373.docx | LEGALEASE-00141039-LEGALEASE-00141040 |
| People v. Chenango Cty., 39 N.Y.S.2d 785 | 371+2001 | A "tax" is a statutory liability imposed upon all inhabitants of the state defined as taxable, so that they may contribute their just share to expenses of government. Const. art. 16. | "Is a tax a statutory liability imposed upon all inhabitants of the state defined as taxable, so that they may contribute their just share to expenses of government?" | Taxation - Memo # 418 - C - SU.docx | ROSS-003302232-ROSS-003302233 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gassaway v. Precon Corp., 280 Ga. App. 351 | 413+11 | To be injured within course or scope of one's employment in context of worker's compensation system is not same thing as to be in course or scope of one's employment and cause injury to third person who is foreign to employee-employer relationship, as would permit application of doctrine of respondeat superior; worker's compensation is creature of statute designed especially to protect workers injured in course of their work, and statute is liberally construed to provide coverage to the worker. West's Ga.Code Ann. S 34-9-1 et seq. | "Is workers compensation designed especially to protect workers injured in the course of their work, and is the statute liberally construed to provide coverage to the worker?" | Workers Compensation - Memo #360 ANC.docx | ROSS-003289890-ROSS-003289891 |
| People v. Sanoguet, 157 Misc. 2d 771 | 63+1(1) | Gist of crime of bribe receiving is not the payment of money, but rather the agreement or understanding under which alleged bribe receiver accepts or agrees to accept benefit; existence of such an agreement or understanding is no less critical for conduct of alleged bribe giver to constitute crime of bribery. McKinney's Penal Law S 200.00. | "As an essence or gist of the crimes of bribery, should there be an agreement or understanding under which a witness accepts or agrees to accept a benefit?" | 011472.docx | LEGALEASE-00142169-LEGALEASE-00142170 |
| Chesapeake Expl. v. Energen Res. Corp., 445 S.W.3d 878 | 260+78.1(7) | A habendum clause referring to "said land" extends the lease as to all the leased property while production of oil or gas occurs anywhere on the property during the second term; thus, in the absence of anything in the lease to indicate a contrary intent, production on one tract will operate to perpetuate the lease as to all tracts described therein and covered thereby. | "In the absence of anything in the lease to indicate a contrary intent, will production of one tract operate to perpetuate the lease as to all the tracts described?" | Mines and Minerals - Memo #209 - C - EB.docx | ROSS-003302368-ROSS-003302369 |
| Rieff v. Evans, 630 N.W.2d 278 | 302+11 | A plaintiff need not plead ultimate facts that support the elements of the cause of action; however, facts sufficient to apprise the defendant of the incident must be included in the petition in order to provide fair notice of the claim asserted. Rules Civ.Proc., Rule 69(a). | Is it required to plead ultimate facts that support the elements of the cause of action? | 023502.docx | LEGALEASE-00143598-LEGALEASE-00143599 |
| FutureSelect Portfolio Mgmt. v. Tremont Grp. Holdings, 175 Wash. App. 840 | 307A+554 | The plaintiff has the burden of demonstrating jurisdiction, but when a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing, only a prima facie showing of jurisdiction is required. | "When a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing, is only a prima facie showing of jurisdiction required?" | 032941.docx | LEGALEASE-00143522-LEGALEASE-00143523 |
| Eoff v. Cent. Mut. Ins. Co., 461 S.W.3d 648 | 15A+2152 | Until the claimant has exhausted applicable administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. | Does the trial court lack subject matter jurisdiction until the claimant has exhausted applicable administrative remedies? | 033003.docx | LEGALEASE-00143043-LEGALEASE-00143044 |
| Parker v. City of Saint Joseph, 167 S.W.3d 219 | 307A+554 | When exhaustion of administrative remedies is required and a party fails to pursue all administrative remedies, the circuit court is without subject matter jurisdiction and the only recourse is to dismiss the cause. | "When exhaustion is required and a party fails to pursue all administrative remedies, will the court have subject matter jurisdiction and what is the recourse?" | 033423.docx | LEGALEASE-00142658-LEGALEASE-00142659 |
| Israel v. Flick Mortg. Inv'rs, 23 So. 3d 1196 | 307A+560 | A motion to dismiss based on lack of jurisdiction over the person lies when the service of process effected, although proper in manner, is not authorized by a statute that confers jurisdiction. | Does a motion to dismiss based on lack of jurisdiction over the person lie when the service of process effected is not authorized by a statute that confers jurisdiction? | 033767.docx | LEGALEASE-00142883-LEGALEASE-00142884 |
| Abdul-Salaam v. Whole Food Mkt., 179 So. 3d 846 | 307A+560 | Only a named defendant or a party may seek the dismissal of an action based on the plaintiff's failure to request service in a timely manner. LSA-C.C.P. arts. 1201, 1672(C). | Can only a named defendant or a party seek the dismissal of an action based on the plaintiffs failure to request service in a timely manner? | 033885.docx | LEGALEASE-00142233-LEGALEASE-00142235 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kalisch v. Maple Trade Fin. Corp., 35 A.D.3d 291 | 307A+746 | In order to vacate default, plaintiff is required to demonstrate both a reasonable excuse for her failure to appear at a conference and a meritorious cause of action. | "In order to vacate default, is a plaintiff required to demonstrate both a reasonable excuse for her failure to appear at a conference and a meritorious cause of action?" | 033902.docx | LEGALEASE-00142306-LEGALEASE-00142307 |
| Neill v. D.C. Pub. Employee Relations Bd., 93 A.3d 229 | 307A+563 | At least as a general proposition, dismissal with prejudice is an appropriate sanction only upon clear evidence of deliberate delay or upon a showing of contumacious conduct by the plaintiff. Civil Rule 41(b). | "At least as a general proposition, is dismissal with prejudice an appropriate sanction only upon clear evidence of deliberate delay?" | Pretrial Procedure - Memo # 6463 - C - SKG.docx | ROSS-003288326-ROSS-003288327 |
| Alpha Rho Zeta of Lambda Chi Alpha v. Inhabitants of City of Waterville, 477 A.2d 1131 | 371+2005 | Right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide essential needs of state government, i.e. to secure such revenue as will be sufficient and indispensable to preservation of public peace, health and safety. 36 M.R.S.A. S 502. | Is the right to tax a crucial attribute of sovereignty? | 045314.docx | LEGALEASE-00142620-LEGALEASE-00142621 |
| United States v. 4,432 Mastercases of Cigarettes, More Or Less, 448 F.3d 1168 | 371+2060 | An excise tax, because it is based on a particular transaction or activity, can be imposed only once per act, whereas an ad valorem property tax can be imposed annually, as is typical of property taxes. | "Can an excise tax, because it is based on a particular transaction or activity, be imposed only once per act, whereas an ad valorem property tax can be imposed annually, as is typical of property taxes?" | 045719.docx | LEGALEASE-00142244-LEGALEASE-00142245 |
| Townsend v. Seurer, 791 F. Supp. 227 | 34+27(1) | Feres doctrine bars action against state civilian employees for injuries arising out of activities incident to military service. 42 U.S.C.A. SS 1981, 1983, 1985; Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | Does the Feres doctrine bar an action against state civilian employees and injuries arising out of activities incidental to military service? | 008658.docx | LEGALEASE-00144633-LEGALEASE-00144634 |
| Robinson v. Kanawha Valley Bank, 44 Ohio St. 441 | 172H+369 | The custom by which a cashier represents his bank, by simply signing his own name, is so general that the practice has reduced the custom to the certainty of a law, as it is everywhere understood that in such cases, whether he describes himself as cashier or not, he is an alter ego of the bank. His signature is a recognized mode in which a bank may become a party to commercial paper; and the obligation so created is that of the bank, and not of the cashier. | Has the custom by which a cashier represents his bank by signing his own name been reduced to the certainty of a law? | Customs & Usage - Memo 268 - TB.docx | ROSS-003288807-ROSS-003288808 |
| Lujan v. Alorica, 445 S.W.3d 443 | 307A+554 | The proper procedural mechanism for enforcing a valid forum-selection clause that a party to the agreement has violated in filing suit is a motion to dismiss. | Is the proper procedural mechanism for enforcing a valid forum-selection clause that a party to the agreement has violated in filing suit a motion to dismiss? | 032918.docx | LEGALEASE-00143753-LEGALEASE-00143754 |
| Providence Volunteer Fire Dep't v. Town of Weddington, 800 S.E.2d 425 | 307A+554 | Where neither party submits evidence on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged. | "Where neither party submits evidence on a motion to dismiss for lack of personal jurisdiction, must the allegations of the complaint disclose jurisdiction although the particulars of jurisdiction need not be alleged?" | Pretrial Procedure - Memo # 5699 - C - MS.docx | ROSS-003288934-ROSS-003288935 |
| Lighting Unlimited, Lighting Pittsburgh Div. v. Unger Const. Co., 217 Pa. Super. 252 | 25T+263 | Where case had record of past continuances and defendant's attorney knew at time he agreed to represent defendant that he could not defend case on day set for hearing before board of arbitrators as he would be engaged in trial of another case on that date, trial court's refusal to grant a continuance because of attorney's inability to attend hearing on date set was within its discretion. | Would the court refuse to grant a continuance because of attorney's inability to attend hearing on date set was within its discretion? | 033224.docx | LEGALEASE-00144586-LEGALEASE-00144587 |
| Voltz v. Dyess, 148 So. 3d 425 | 307A+560 | A failure to effect service within 120 days does not, alone, warrant summary dismissal of an action absent at least 14 days' notice. Rules Civ.Proc., Rule 4(b). | "Does a failure to effect service within 120 days not, alone, warrant summary dismissal of an action absent at least 14 days' notice?" | Pretrial Procedure - Memo # 6218 - C - NS.docx | ROSS-003328706-ROSS-003328707 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Speer v. Presbyterian Children's Home & Serv. Agency, 847 S.W.2d 227 | 30+781(1) | Dismissal of appeal for mootness is not ruling on merits; rather, court's duty to dismiss moot cases arises from proper respect for judicial branch's unique constitutional role to decide contested cases. Vernon's Ann.Texas Const. Art. 2, S 1. | Is it a court's duty to dismiss a case as moot arises from a proper respect for the judicial branch's unique role? | Pretrial Procedure - Memo # 6591 - C - NS.docx | ROSS-003316744-ROSS-003316746 |
| Ballard v. Perry's Adm'r, 28 Tex. 347 | 307A+74 | If the certificate upon a deposition shows that the answers of the witness were made under oath in the presence of the officer taking the deposition, it is sufficient in this particular. No technical form of certificate is prescribed or required. | Is it sufficient if the certificate upon a deposition shows that the answers of the witness were made under oath in the presence of the officer taking the deposition? | 034423.docx | LEGALEASE-00143639-LEGALEASE-00143640 |
| McCrillis v. McCrillis, 38 Vt. 135 | 307A+74 | The form given in the statute for the certificate and caption of a deposition need not necessarily be literally and exactly followed, but all it contains and requires should be substantially used and embraced, in order to make a sufficient compliance with the law. | Should the form given in the statute for the certificate and caption of a deposition be literally and exactly followed in order to make a sufficient compliance with the law? | 034455.docx | LEGALEASE-00143768-LEGALEASE-00143769 |
| Curley v. Kaiser, 112 Conn. App. 213 | 13+6 | Mootness is a threshold issue that implicates subject-matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. | Is mootness a threshold issue which imposes a duty of a court to dismiss a case if the court can no longer grant practical relief to the parties? | Pretrial Procedure - Memo # 6794 - C - KA.docx | ROSS-003289855-ROSS-003289856 |
| Webb v. City of Bloomington, 159 Ind. App. 258 | 307A+552 | Fact that cause for dismissal arises subsequent to commencement of remonstrance to annexation proceeding does not affect court's inherent power to dismiss in absence of a justiciable issue. Rules TR. 8, 12, 12(B)(6), 41(E) (Rules of Civil Procedure), IC 1971, 34-5-1-1, Rules 8, 12, 12(b)(6), 41(e). | Does the fact that cause for dismissal arises subsequent to commencement of remonstrance affect court's inherent power to dismiss in absence of a justiciable issue? | 034731.docx | LEGALEASE-00144947-LEGALEASE-00144948 |
| Turner v. Marine Inland Transp. Co. 7 So. 3d 756 | 307A+590.1 | An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. LSA-C.C.P. art. 561. | Is an action abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years? | 035039.docx | LEGALEASE-00144548-LEGALEASE-00144549 |
| Appeal of Boeing Co., 261 Kan. 508 | 371+2001 | "General taxes" are exactions placed upon citizens by taxing authorities for support of government while "special assessments" are imposed upon property within limited area for payment of special or local improvements. | "Are ""general taxes"" exactions placed upon citizens by taxing authorities for support of government?" | 045699.docx | LEGALEASE-00144519-LEGALEASE-00144520 |
| Miron v. BDO Seidman, LLP, 342 F. Supp. 2d 324 | 25T+182(1) | Traditional theory of equitable estoppel allows signatories of arbitration agreements to impose arbitration on non-signatories when the non-signatory knowingly embraces, exploits, or receives the benefits of the agreement containing the arbitration clause, despite having never signed it. | Does the traditional theory of equitable estoppel allow signatories of arbitration agreements to impose arbitration on non-signatories? | 007787.docx | LEGALEASE-00146448-LEGALEASE-00146449 |
| Oluwabukola Olawoye v. Olufisayo Arubuola, 198 So. 3d 1086 | 307A+746 | Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment; however, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order that the party's conduct was willful and contumacious. West's F.S.A. RCP Rule 1.200(c). | "Do trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment?" | 033148.docx | LEGALEASE-00145859-LEGALEASE-00145860 |
| Schindler v. Bank of New York Mellon Tr. Co., 190 So. 3d 102 | 307A+563 | Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious. West's F.S.A. RCP Rule 1.420(b). | "Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, should the court make a finding that the failure to comply was wilful or contumacious?" | 034045.docx | LEGALEASE-00145126-LEGALEASE-00145127 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ruddock v. Burrowes, 243 Conn. 569 | 307A+746 | Consent to dismissal of action may be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike, or from plaintiff's inordinate delay in appointing administrator or executor. | Can consent to dismissal of action be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike? | Pretrial Procedure - Memo # 6494 - C - NS.docx | ROSS-003328810-ROSS-003328811 |
| Tomlinson-McKenzie v. Prince, 718 So. 2d 394 | 307A+746 | Objecting party is prejudiced by the admission of evidence not disclosed pursuant to pretrial order, such that evidence could be excluded, if the party might have taken some action to protect itself had it had timely notice of the witness or exhibit, and there exists no other alternatives to alleviate the prejudice. | When is an objecting party prejudiced by the admission of evidence not disclosed pursuant to pretrial order? | 034056.docx | LEGALEASE-00145148-LEGALEASE-00145149 |
| Nagy v. Dist. Court of City & Cty. of Denver, 762 P.2d 158 | 307A+746 | Whether to impose sanctions and nature of sanctions to be imposed for failure to file trial data certificate are matters for sound exercise of trial court's discretion, and courts are given flexibility in choosing appropriate sanction. Rules Civ.Proc., Rule 121(c), Standard S 1-18, subd. 1(d). | Are whether to impose sanctions and nature of sanctions to be imposed for failure to file trial data certificate matters for sound exercise of trial court's discretion? | 034098.docx | LEGALEASE-00145304-LEGALEASE-00145305 |
| Old Home Enter. v. Fleming, 20 Neb. App. 705 | 307A+560 | The only way to ensure that an unserved action stands dismissed is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. West's Neb.Rev.St. S 25-217. | "Is without predicate action by a trial court, the only way to ensure that an unserved action stands dismissed to hold that such dismissal occurs by operation of law?" | Pretrial Procedure - Memo # 6535 - C - AP.docx | ROSS-003289237-ROSS-003289238 |
| Vidal v. Perez, 720 So. 2d 605 | 307A+560 | Trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented. | Does a trial judge have broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented? | Pretrial Procedure - Memo # 6911 - C - KS.docx | ROSS-003289913-ROSS-003289914 |
| Bacou-Dalloz Safety v. Hall, 938 So. 2d 820 | 307A+560 | Dismissal of personal injury action against corporation was warranted, for failure to serve summons and complaint on a defendant within 120 days of filing the complaint, in the absence of a showing of good cause for the failure of service; plaintiffs failed to explain why they did not reissue process after they learned that service had been made upon the wrong corporation and why they did not request extension of time to serve process, and service upon the correct address was only made 442 days after expiration of 120-day period for service. Rules Civ.Proc., Rule 4(h). | "If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, should the circuit court dismiss the action against that defendant without prejudice?" | 034697.docx | LEGALEASE-00145498-LEGALEASE-00145500 |
| Duncan v. Johnson, 14 So. 3d 760 | 307A+622 | A trial court has not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. | Is the court's power to dismiss a frivolous complaint distinct from a court's authority to dismiss such a complaint for failure to state a claim? | 034708.docx | LEGALEASE-00146244-LEGALEASE-00146245 |
| Laycox v. Jaroma, 709 S.W.2d 2 | 307A+479 | Failure to obtain a ruling on a motion for leave to file late responses to requests for admissions precludes complaint of action by the trial court in deeming the requests admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "In absence of a motion to permit a late filing of answer, can there be no complaint of action of a trial court in entering its order decreeing that a request for admissions be deemed admitted?" | 034770.docx | LEGALEASE-00145272-LEGALEASE-00145273 |
| Consol Pennsylvania Coal Co. v. Dep't of Envtl. Prot., 129 A.3d 28 | 13+6 | The existence of a case or controversy requires a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication, with sufficiently adverse parties to sharpen the issues for judicial resolution. | Will a court dismiss an action as moot unless an actual case or controversy exists at all stages of the judicial or administrative process? | 034798.docx | LEGALEASE-00145679-LEGALEASE-00145680 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Teixeira, 475 Mass. 482 | 110+240 | To the extent that a judge's order is a legitimate exercise of the inherent power of the District Courts or Boston Municipal Court to issue orders reasonably designed to provide the means for intelligent consideration of probable cause to bind a defendant over to the Superior Court for trial on charges over which District Courts and Boston Municipal Court lack jurisdiction, the lack of statutory authorization for that order is immaterial. | "When courts invoke their inherent authority to fashion remedies to respond to fraud on the court, is a lack of statutory authorization immaterial?" | 034840.docx | LEGALEASE-00146212-LEGALEASE-00146213 |
| Armstrong v. Elmore, 990 S.W.2d 62 | 30+19 | The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction, and, when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Is a case moot and to be dismissed where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible? | 10816.docx | LEGALEASE-00094436-LEGALEASE-00094437 |
| Jones v. Merrill Lynch, Pierce, Fenner & Smith, 604 So. 2d 332 | 307A+563 | Dismissal for failure to comply with court order is warranted where there is clear record of delay, willful default or contumacious conduct by plaintiff. Rules Civ.Proc., Rule 41(b). | "Is dismissal for failure to comply with a court order warranted where there is clear record of delay, willful default or contumacious conduct by plaintiff?" | Pretrial Procedure - Memo # 7026 - C - NS.docx | ROSS-003326539-ROSS-003326541 |
| Presbyterian St. Luke's Hosp. v. Feil, 75 Ill. App. 3d 438 | 307A+563 | Dismissal of a complaint as a sanction for noncompliance with orders of the court is proper only where a party has shown a deliberate, contumacious and unwarranted disregard for the court's authority. Supreme Court Rules, rule 201(e), S.H.A. ch. 110A, S 201(e). | "Is dismissal of a complaint as a sanction for noncompliance with orders of the court proper only where a party has shown a deliberate, contumacious and unwarranted disregard for the court's authority?" | 035138.docx | LEGALEASE-00146077-LEGALEASE-00146078 |
| Brown v. Kidney & Hypertension Assocs., L.L.P., 5 So. 3d 258 | 307A+590.1 | The mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. LSA-C.C.P. art. 561. | Is the mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step insufficient to interrupt the abandonment period? | 035148.docx | LEGALEASE-00146202-LEGALEASE-00146203 |
| In re Patton, 47 S.W.3d 825 | 307A+746 | The requirement that sanctions for violations of pre-trial orders must be related to offensive conduct is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | Is the requirement that sanctions for violations of pre-trial orders must be related to offensive conduct not met when the party seeking sanctions can show no prejudice due to the offending party's conduct? | 035207.docx | LEGALEASE-00145796-LEGALEASE-00145797 |
| Ramey v. Haverty Furniture Companies, 993 So. 2d 1014 | 307A+563 | Trial court has the inherent authority to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court, and such power is indispensable to the proper administration of justice because no litigant has a right to trifle with the courts; however, it is a power which should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing. | Do trial courts have the inherent authority to dismiss an action as a sanction when it learns that a plaintiff has perpetrated a fraud on the court? | 035227.docx | LEGALEASE-00145899-LEGALEASE-00145900 |
| Martinez v. Thaler, 931 S.W.2d 45 | 307A+622 | Trial courts have broad discretion in dismissing in forma pauperis actions they find to be frivolous; abuse of discretion occurs if trial court acts arbitrarily, capriciously, and without reference to any guiding rules or principles. | Do courts have broad discretion in dismissing in forma pauperis suits they find to be frivolous | 035233.docx | LEGALEASE-00145911-LEGALEASE-00145912 |
| Turner v. Marine Inland Transp. Co. 7 So. 3d 756 | 307A+590.1 | A party takes a "step" in the prosecution or defense of the action, for purposes of abandonment, when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. LSA-C.C. art. 591. | "Does a party take a ""step"" in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment?" | Pretrial Procedure - Memo # 7253 - C - SK.docx | ROSS-003315591-ROSS-003315592 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Childs v. Huff, 586 So. 2d 939 | 307A+753 | Decision whether to allow testimony of witnesses not disclosed as directed in pretrial order is generally matter within sound discretion of trial court and will not be reversed on appeal absent any abuse. | Is the decision whether to allow testimony of witnesses within sound discretion of trial court and will not be disturbed absent abuse of that discretion? | 035302.docx | LEGALEASE-00145619-LEGALEASE-00145620 |
| Iacurci v. Wells, 108 Conn. App. 274 | 13+6 | Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. | Does mootness impose a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties? | 035313.docx | LEGALEASE-00146246-LEGALEASE-00146247 |
| Johnson v. Horizon Fisheries, 148 Wash. App. 628 | 307A+563 | While involuntary dismissal of an action is disfavored, it is justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party. CR 41(b). | "While involuntary dismissal of an action is disfavored, is it justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party?" | 035422.docx | LEGALEASE-00145103-LEGALEASE-00145104 |
| Cherubino v. Fenstersheib & Fox, P.A., 925 So. 2d 1066 | 307A+563 | Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, the trial court's discretion is narrowed where dismissal is imposed for fraudulent conduct, in which a more stringent abuse of discretion standard is appropriate; such sanction may be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing. | "Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, is the trial court's discretion narrowed where dismissal is imposed for fraudulent conduct?" | Pretrial Procedure - Memo # 7364 - C - NS.docx | ROSS-003303535 |
| Lee v. Labor & Indus. Review Comm'n, 202 Wis. 2d 558 | 307A+563 | Circuit courts have both statutory authority and inherent authority to dismiss action if party seeking judicial relief fails to obey court orders. | Do circuit courts have both statutory authority and inherent authority to dismiss action if a party seeking judicial relief fails to obey court orders? | 035516.docx | LEGALEASE-00145684-LEGALEASE-00145685 |
| Graham v. City of Fort Worth, 75 S.W.2d 930 | 268+967(1) | Courts in inquiring into power of municipality to impose a tax apply rule of strict construction against existence of power, but when general power is conceded, or is clearly shown to exist, and inquiry arises on question of exemption from taxation, rule of strict construction is applied against exemption. | Do courts in inquiring into power of state to impose a tax apply rule of strict construction against existence of power? | Taxation - Memo # 806 - C - KBM.docx | ROSS-003286903-ROSS-003286904 |
| Nye v. Indus. Claim Appeals Office of State of Colo., 883 P.2d 607 | 413+2 | There is no constitutionally protected civil right in workers' compensation benefits; statutory benefits created or allowed under workers' compensation scheme exist only to extent allowed and intended by applicable statute and legislation prospectively limiting or rescinding benefits does not deprive persons of constitutionally protected property interest. | To what extent do statutory benefits under workers compensation exist? | 048254.docx | LEGALEASE-00145611-LEGALEASE-00145612 |
| Kinder v. Nixon, No. WD 56802, 2000 WL 684860 | 307A+552 | When an intervenient event occurs which makes a court's decision unnecessary or granting effectual relief impossible, the case is moot and generally should be dismissed. | Will a case be moot when an intervenient event occurs which makes a court's decision unnecessary or granting effectual relief impossible? | Pretrial Procedure - Memo # 7039 - C - VA_58295.docx | ROSS-003281525-ROSS-003281527 |
| Andrews v. Marriott Int'l, 2016 IL App (1st) 122731 | 307A+685 | To obtain involuntary dismissal of a claim on ground the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, unless affirmative matter is already apparent on the face of a complaint, a defendant must support the affirmative matter with an affidavit or with some other material that could be used to support a motion for summary judgment. S.H.A. 735 ILCS 5/2-619(a)(9). | Can a defendant support the affirmative matter with an affidavit or with some other material that could be used to support a motion for summary judgment? | 11363.docx | LEGALEASE-00094528-LEGALEASE-00094529 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cramer v. United States, 325 U.S. 1 | 384+6 | The minimum function that an "overt act" must perform in treason prosecution is that it show sufficient action by accused, in its setting, to sustain a finding that accused actually gave aid and comfort to the enemy. Cr.Code S 1, 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3. | What is the minimum function that an overt act must perform in a treason prosecution? | 11431.docx | LEGALEASE-00094611-LEGALEASE-00094612 |
| Baker v. Fender, 614 So. 2d 14 | 307A+563 | Lack of compliance with trial judge's order to plead with more specificity before discovery was not basis for dismissal with prejudice for failure to state cause of action. | Is a lack of compliance with a trial judge's order to plead with more specificity before discovery not a basis for dismissal with prejudice for failure to state cause of action? | 10080.docx | LEGALEASE-00095250-LEGALEASE-00095251 |
| Kedzie & 103rd Currency Exch. v. Hodge, 156 Ill. 2d 112 | 307A+535 | Statute governing involuntary dismissal based upon defects or defenses affords means of obtaining summary disposition of issues of law or of easily proved issues of fact, with reservation of jury trial as to disputed questions of fact. Ill.Rev.Stat.1989, ch. 110, P 2-619. | Can the statute governing involuntary dismissal afford a means of obtaining summary disposition of issues of law or of easily proven issues of fact? | 11341.docx | LEGALEASE-00094107-LEGALEASE-00094108 |
| Kontovich v. United States, 99 F.2d 661 | 34+57 | The War Risk Insurance Act was intended to afford soldier the advantages of ordinary life and accident insurance which was no longer reasonably available to him. War Risk Insurance Act S 400, 40 Stat. 409, and S 13, as amended by Act May 20, 1918, S 1, 40 Stat. 555. | Is the War Risk Insurance Act intended to afford a soldier the advantages of ordinary life and accident insurance which is no longer reasonably available to him? | 008718.docx | LEGALEASE-00148020-LEGALEASE-00148021 |
| Whiting v. Straup, 17 Wyo. 1 | 308+92(1) | A party may act by an agent in locating a mining claim, and a location may be made by an agent without the knowledge of the principal, if there is a local rule authorizing it, or otherwise there may be antecedent authority or subsequent ratification. | Can a party act by an agent in locating a mining claim and can a location be made by an agent without the knowledge of the principal? | 021580.docx | LEGALEASE-00147732-LEGALEASE-00147733 |
| Endless Ocean v. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 A.D.3d 587 | 307A+561.1 | A motion to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Can a motion to dismiss a complaint based on documentary evidence be granted? | 10139.docx | LEGALEASE-00095563-LEGALEASE-00095564 |
| Vroegh v. J & M Forklift, 165 Ill. 2d 523 | 302+78 | Affirmative defense assumes that defendant would otherwise be liable, if facts alleged are true, but asserts new matter by which plaintiff's apparent right to recovery is defeated. | Will an affirmative defense assert a new matter by which the plaintiff's apparent right of recovery is defeated? | 10957.docx | LEGALEASE-00094535-LEGALEASE-00094536 |
| Thomas v. Pers. Representative of the Estate of Deloach, 400 So. 2d 204 | 307A+590.1 | Any record activity filed by a party or the court within the year prior to motion to dismiss for failure to prosecute which is intended to move the cause to judgment precludes dismissal. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.420(e). | Does any record activity filed by a party or the court within the year prior to a motion to dismiss for failure to prosecute preclude dismissal? | 10336.docx | LEGALEASE-00095397-LEGALEASE-00095398 |
| Allstate Ins. Co. v. Bucelo, 650 So. 2d 1128 | 307A+590.1 | Nonrecord activities such as attempted settlement negotiations do not constitute good cause to preclude dismissal for lack of prosecution under rule of civil procedure. West's F.S.A. RCP Rule 1.420(e). | Do nonrecord activities not constitute good cause to preclude a dismissal for lack of prosecution under a rule of civil procedure? | 11160.docx | LEGALEASE-00094250-LEGALEASE-00094251 |
| Nicolitz v. Baptist Eye Inst., P.A., 830 So. 2d 270 | 307A+590.1 | For purposes of rule providing for dismissal of a cause of action for failure to prosecute, "record activity" is defined as any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | What is Record Activity reflected in court file designed to do? | 11165.docx | LEGALEASE-00094758-LEGALEASE-00094759 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does court have power to dismiss action shown to be sham, fictitious, or without merit?" | Pretrial Procedure - Memo # 7715 - C - KG.docx | ROSS-003286575-ROSS-003286576 |
| Moossun v. Orlando Regl. Health Care, 826 So. 2d 945 | 307A+590.1 | Record activity sufficient to preclude dismissal for failure to prosecution must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP 1.420(e). | Should record activity sufficient to preclude dismissal for failure to prosecution be more than a mere passive effort to keep the case on the docket? | Pretrial Procedure - Memo # 7724 - C - SHB.docx | ROSS-003300055-ROSS-003300056 |
| Brown v. Kidney & Hypertension Assocs., L.L.P., 5 So. 3d 258 | 307A+590.1 | The mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. LSA-C.C.P. art. 561. | Is the mere intention to take a step in the prosecution or defense of the claim without having actually taken such a step insufficient to interrupt the abandonment period? | Pretrial Procedure - Memo # 7806 - C - KBM.docx | LEGALEASE-00037614-LEGALEASE-00037615 |
| Moransais v. Jordan, 870 So. 2d 177 | 307A+590.1 | The "record activity" required to survive dismissal of an action for lack of prosecution must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | "Should ""record activity"" be more than mere passive effort to keep the case on the docket?" | Pretrial Procedure - Memo # 7816 - C - SHB_57573.docx | ROSS-003281778-ROSS-003281780 |
| Lang v. Mason, 911 So. 2d 167 | 307A+590.1 | As first step of two-step analysis used to determine whether dismissal for lack of prosecution is appropriate sanction, moving party must demonstrate that there was no record activity for year preceding filing of its motion to dismiss. West's F.S.A. RCP Rule 1.420. | Should a moving party demonstrate that there was no record activity for year preceding filing of its motion to dismiss? | 11293.docx | LEGALEASE-00094065-LEGALEASE-00094066 |
| Betts v. City of Chicago, 2013 IL App (1st) 123653 | 307A+561.1 | Once a defendant moving for involuntary dismissal, on grounds that the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(a). | Will the burden shift from the defendant to plaintiff once the claim asserted is barred by other affirmative matter? | 11295.docx | LEGALEASE-00094193-LEGALEASE-00094194 |
| Taylor v. Smith, 171 W. Va. 665 | 307A+590.1 | The word "proceeding" as used in two-year rule relating to dismissal must be broadly construed to include any step or measure taken in either prosecution or defense of action, except a continuance. Rules Civ.Proc., Rule 41(b). | "Should the word ""proceeding"" as used in two-year rule relating to dismissal be broadly construed to include any step?" | 09949.docx | LEGALEASE-00096456-LEGALEASE-00096457 |
| Kanady v. State, 810 N.E.2d 1068 | 211+1594 | To convict a person of child molesting as a Class C felony, the state must prove the defendant (1) with a child under the age of 14, (2) performed or submitted to any fondling or touching, (3) of either the child or the older person, (4) with intent to arouse or satisfy the sexual desires of the child or the older person. West's A.I.C. 35-42-4-3(b). | What must the State prove in a prosecution for Class C felony child molesting? | 042969.docx | LEGALEASE-00147958-LEGALEASE-00147959 |
| Gannon v. Chicago, M., St. P. & P. Ry. Co., 13 Ill. 2d 460 | 413+6 | Workmen's compensation act establishes system of liability without fault, designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like. | Does the Workers Compensation Act establish a system of liability without fault? | 11448.docx | LEGALEASE-00094109-LEGALEASE-00094110 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Bittinger, 434 F.2d 49 | 34+20.6(6) | Registrant's status in his church hierarchy may be evidence that he is not a minister as defined by selective service law, but it is not conclusive and whether a registrant is entitled to ministerial classification is matter to be determined largely on basis of his actual duties and functions. | Can the status of a registrant in their church hierarchy be considered as conclusive in a local board's determination that he is not entitled to a ministerial exemption? | 008757.docx | LEGALEASE-00148818-LEGALEASE-00148819 |
| James Talcott v. Shulman, 82 N.J. Super. 438 | 8.30E+08 | A negotiable promissory note executed prior to effective date of Uniform Commercial Code was governed by the pre-existing Negotiable Instruments Law. R.S. 7:1-1 et seq., N.J.S.A.; N.J.S. 12A:1-101 et seq., 12A:10-101, N.J.S.A. | When did the Uniform Commercial Code came into effect replacing the pre-existing Negotiable Instruments Law? | 010503.docx | LEGALEASE-00148149-LEGALEASE-00148150 |
| Tallahassee Bank & Tr. Co. v. Raines, 125 Ga. App. 263 | 83E+405 | Where there was adequate room on both front and back of notes for payee's signature, payee's assignment of notes to bank via separate document entitled "assignment" did not operate as indorsement of such notes, and thus bank was merely assignee or transferee and took notes subject to any defense which could be raised against payee. Code, SS 109A-3-202, 109A-3-306. | Can an assignee take an assignment subject to any defense that could be raised against the maker or payee? | 010516.docx | LEGALEASE-00148404-LEGALEASE-00148405 |
| The Bank/First Citizens Bank v. Citizens & Assocs., 82 S.W.3d 259 | 83E+503 | A drawer's negligence leading to the unwarranted issuance of checks will not generally suffice to establish a defense precluding the drawer from asserting alteration or forgery against a person who, in good faith, pays the instrument or takes it for value or for collection; rather, the party asserting the preclusion must show some causal relationship between the lack of ordinary care and the actual making of the forged signature, such that the drawer's negligence can be said to have substantially contributed to the ability of the unauthorized person to forge the payee's name and to pose as the intended payee. West's T.C.A. S 47-3-406(a). | "If a person contributes to the forgery or alteration of an instrument, can he assert the alteration or forgery against a person who pays the instrument in good faith?" | 010947.docx | LEGALEASE-00148606-LEGALEASE-00148607 |
| Multiple Use v. Morton, 353 F. Supp. 184 | 260+41 | In determining, on application for patent of mining claim, whether mineral deposit is valuable, Secretary of Interior may require a showing that there is a reasonable expectation based on circumstances known at that time that mineral can be extracted, removed and marketed at a profit; and though it need not be proved that claim can in fact be operated at a profit, evidence as to costs of mining may be considered in determining whether person of ordinary prudence would be justified in further investment of labor and capital. 30 U.S.C.A. SS 22, 23. | "Does the Secretary require a showing from the mining claimant that the mineral can be extracted, removed, and marketed at a profit?" | Mines and Minerals - Memo #268 - C - EB_57988.docx | ROSS-003280173-ROSS-003280174 |
| Belden & Blake Corp. v. Com., Dep't of Conservation & Nat. Res., 600 Pa. 559 | 260+55(6) | One who has the exclusive right to mine coal upon a tract of land has the right of possession even as against the owner of the soil, so far as it is necessary to carry on mining operations. | Does one who has the exclusive right to mine coal upon a tract of land have the right of possession even as against the owner of the soil? | 021535.docx | LEGALEASE-00148598-LEGALEASE-00148599 |
| Carter v. Arkansas Louisiana Gas Co., 213 La. 1028 | 260+68(2) | The main consideration of mineral lease is development of leased premises for minerals, and lessee must give up lease if he does not develop with the reasonable diligence that would be expected of persons of ordinary prudence under similar circumstances, having due regard for interest of both contracting parties. | Is the main consideration of a mineral lease the development of the leased premises for minerals? | 021599.docx | LEGALEASE-00148103-LEGALEASE-00148104 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Bledsoe, 41 S.W.3d 807 | 307A+746 | Death penalty sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless the party's conduct justifies a presumption that its claims or defenses lack merit. | Can death penalty sanctions be used to adjudicate the merits of a party's claims or defenses unless the party's conduct justifies a presumption that its claims or defenses lack merit? | 035017.docx | LEGALEASE-00148093-LEGALEASE-00148094 |
| Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A+590.1 | Whether plaintiff has resumed prosecution after lengthy delay should be important factor in trial court's consideration of motion to dismiss for failure to prosecute, but unilateral resumption of prosecution should not insulate plaintiff from dismissal for lack of prosecution as matter of law and in all circumstances. Rules Civ.Proc., Rule 41(b)(1, 2). | Should a unilateral resumption of prosecution not insulate a plaintiff from dismissal for lack of prosecution? | 035087.docx | LEGALEASE-00148514-LEGALEASE-00148515 |
| Weaver v. The Ctr. Bus., 578 So. 2d 427 | 307A+590.1 | Almost any discovery effort filed of record will preclude dismissal for failure to prosecute, unless effort is patently repetitious; court will no longer inquire how well effort advances cause. West's F.S.A. RCP Rule 1.420(e). | "Will almost any discovery effort filed of record preclude dismissal for failure to prosecute, unless effort is patently repetitious?" | 036096.docx | LEGALEASE-00148105-LEGALEASE-00148106 |
| Florez v. City of Miami, 858 So. 2d 378 | 307A+590.1 | A trial court has discretion to dismiss an action when the only record activity for the previous year was "bad faith activity," which means activity that is frivolous or clearly useless to further prosecute the case. | "Does a trial court have discretion to dismiss an action when the only record activity for the previous year was a ""bad faith activity""?" | 036100.docx | LEGALEASE-00148087-LEGALEASE-00148088 |
| State Farm Fire & Cas. Co. v. Smith, 39 So. 3d 1172 | 307A+581 | The interest in disposing of the litigation on the merits is overcome and a dismissal may be granted, under the rule permitting a dismissal of an action for the failure of the plaintiff to prosecute or comply with the rules of civil procedure, when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff. Rules Civ.Proc., Rule 41(b). | "Can a dismissal be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff?" | Pretrial Procedure - Memo # 8020 - C - SK_58375.docx | ROSS-003284489-ROSS-003284491 |
| Kuykendall v. Schneidewind, 2017 IL App (5th) 160013, 32, 79 N.E.3d 770 | 307A+683 | On motion to dismiss on ground that claim is barred by affirmative matter, defendant has initial burden of establishing that affirmative matter defeats plaintiff's claim, and if satisfied, burden shifts to plaintiff to demonstrate that proffered affirmative matter is either unfounded, or requires resolution of material fact. 735 Ill. Comp. Stat. Ann. 5/2-619(a)(9). | Does a defendant bear the initial burden to prove the affirmative matter defeating the plaintiff's claim? | Pretrial Procedure - Memo # 8104 - C - PB_58437.docx | ROSS-003280769-ROSS-003280770 |
| Clennan v. Shinseki, 26 Vet. App. 144 | 92+4244 | A veteran's entitlement to veterans benefits is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. U.S.C.A. Const.Amend. 5. | Is a veteran's entitlement to veterans benefits a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution? | Armed Services - Memo 333 - RK_58606.docx | ROSS-003278451-ROSS-003278452 |
| Adams v. Bank of Am., N.A., 237 F. Supp. 3d 1189 | 172H+1350 | Truth in Lending Act (TILA) requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights, including the right of rescission. Truth in Lending Act S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Are creditors required to disclose terms on annual percentage rate of interest? | Consumer Credit - Memo 54 - KC_58071.docx | ROSS-003281559-ROSS-003281560 |
| Duncan v. Sikorsky Support Servs., 736 So. 2d 613 | 307A+581 | Although involuntary dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff; no wrongful motive or intent is necessary to show willful conduct. Rules Civ.Proc., Rule 41(b). | Is wrongful motive or intent necessary to show plaintiff's willful conduct supporting dismissal for want of prosecution? | 036508.docx | LEGALEASE-00149979-LEGALEASE-00149980 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Koutroulis v. Centennial Healthcare Corp.,34 So.3d 503 | 307A+590.1 | An action should not be dismissed on grounds of abandonment if a plaintiff has clearly demonstrated before the court that he does not intend to abandon the action; however, a plaintiff's intention to take a step in the prosecution of his claim without a step actually being taken is not sufficient to preclude a finding of abandonment. | Was the article allowing dismissal of action for abandonment meant to dismiss those cases in which a plaintiff has clearly demonstrated before the court that she does not intend to abandon the action? | 036723.docx | LEGALEASE-00150006-LEGALEASE-00150007 |
| People v. Hanley, 50 Ill. App. 3d 651 | 352H+95 | Attempt rape includes every element of crime of rape except penetration, and to commit this offense male must intend to accomplish intercourse by force and against female's will and must take a substantial step toward accomplishing his purpose. | Does attempted rape include every element of the crime of rape? | 042995.docx | LEGALEASE-00149802-LEGALEASE-00149803 |
| Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist., 624 F.3d 332 | 1.41E+30 | Universities occupy a special niche in the constitutional tradition, and the constitutional rules applicable in higher education do not necessarily apply in primary and secondary schools, where students generally do not choose whether or where they will attend school. | Do the constitutional rules applicable in higher education apply in primary and secondary schools? | 017037.docx | LEGALEASE-00150242-LEGALEASE-00150243 |
| Wisconsin Interscholastic Athletic Ass'n v. Gannett Co., 716 F.Supp.2d 773 | 92+1970 | Venues for sporting events were non-public fora, for purposes of action brought by high school athletic association and online publisher against newspaper publisher and media association, seeking declaration that formation of exclusive licensing agreement for live Internet streaming of tournament events did not violate First Amendment; venues were operated in government's proprietary capacity rather than for political purpose, and intent and nature of fora were primarily commercial. U.S.C.A. Const.Amend. 1. | Can a high school athletic association form an exclusive licensing agreement? | Education - Memo#133 - C - TW.docx | LEGALEASE-00039910-LEGALEASE-00039911 |
| Tims v. City of Jackson, 823 So. 2d 602 | 307A+585.1 | Because no time limits exist once a complaint has been filed, a dismissal for failure to prosecute will only be upheld in circumstances where the record shows that a plaintiff is guilty of dilatory or contumacious conduct. Rules Civ.Proc., Rule 41(b). | Will dismissal for failure to prosecute be upheld only where the record shows that plaintiff has been guilty of dilatory or contumacious conduct? | Pretrial Procedure - Memo # 8077 - C - PB_58971.docx | ROSS-003284457-ROSS-003284458 |
| Fillmore v. Taylor, 80 N.E.3d 835 | 307A+622 | On a motion for dismissal with respect to pleadings, the question is whether the complaint states a cause of action for the forms of relief that the plaintiff sought in his complaint. 735 Ill. Comp. Stat. Ann. 5/2-615. | "On a motion for dismissal with respect to pleadings, is the question whether the complaint states a cause of action for the forms of relief that the plaintiff sought in his complaint?" | 036826.docx | LEGALEASE-00150294-LEGALEASE-00150295 |
| Qwest Corp. v. Colorado Div. of Prop. Taxation, 304 P.3d 217 | 307A+622 | A motion to dismiss a complaint for failure to state a claim upon which relief can be granted serves as a test of the formal sufficiency of a plaintiff's complaint. Colo. R. Civ. P. 12(b)(5) | Does a motion to dismiss a complaint for failure to state a claim upon which relief can be granted serve as a test of the formal sufficiency of a plaintiff's complaint? | Pretrial Procedure - Memo # 8346 - C - SKG_58858.docx | ROSS-003295249-ROSS-003295250 |
| Charter One Mortg. Corp. v. Condra, 865 N.E.2d 602 | 307A+680 | A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it; thus, appellate review of a trial court's grant or denial of a motion to dismiss is de novo. Trial Procedure Rule 12(B)(6). | "Does a motion to dismiss for failure to state a claim test the legal sufficiency of the complaint, not the facts supporting it?" | 036951.docx | LEGALEASE-00150224-LEGALEASE-00150225 |
| Barksdale v. H.O. Engen, 218 Va. 496 | 413+2 | Right to recover under Workmen's Compensation Act, which is not based on negligence and is not barred by common-law tort defenses of contributory negligence, negligence of a fellow servant, or assertion of risk, is a purely statutory right unknown at common law. Code 1950, S 65.1-87. | Is the right to recover under the Compensation Act a purely statutory right unknown at common law? | 048426.docx | LEGALEASE-00150208-LEGALEASE-00150209 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hughes v. Black, 39 So. 984 | 83E+814 | While a blank indorsement of a note vests title to the note in the holder thereof, yet if the note, after having been indorsed, gets back into the possession of the payee or the indorser, his possession shows a prima facie legal title to the note upon which suit may be predicated, and the burden is on defendant in such suit to show plaintiff's actual want of title. | Does a blank indorsement vest the title to the note in the holder? | Bills and Notes-Memo 1056-IS_59329.docx | ROSS-003308061-ROSS-003308062 |
| Thompson v. Phillips Pipe Line Co., 200 Kan. 669 | 302+20 | Pleader may allege or make contradictory or alternative statements until he finds out which theory, if any, the facts support, and is permitted to shift the theory as the facts develop and relief in alternative, or of several different types may be demanded. K.S.A. 60-208(a, e). | Can the pleader allege or make contradictory or alternative statements until he finds out which theory the facts support? | 023672.docx | LEGALEASE-00151018-LEGALEASE-00151019 |
| Streu v. City of Colorado Springs ex rel. Colorado Springs Utilities, 239 P.3d 1264 | 307A+581 | When evaluating a motion to dismiss for failure to prosecute, a court should consider: (1) the length of the delay; (2) the reason for the delay; (3) any prejudice that may result to other parties; (4) any difficulties in trying the case that may have resulted from the delay; and (5) the extent to which the applicant has renewed efforts to prosecute the case. | What should a court consider when evaluating a motion to dismiss for failure to prosecute? | 037031.docx | LEGALEASE-00150936-LEGALEASE-00150937 |
| Connaughton v. Chipotle Mexican Grill, 29 N.Y.3d 137 | 307A+622 | The mere hope that discovery might provide some factual support for a cause of action is insufficient to avoid dismissal of a patently defective cause of action. | Is the mere hope that discovery might provide some factual support for a cause of action insufficient to avoid dismissal of a patently defective cause of action? | 037074.docx | LEGALEASE-00150776-LEGALEASE-00150777 |
| Ivory Dev. v. Roe, 135 A.D.3d 1216 | 307A+685 | A plaintiff may submit affidavits in opposition to a motion to dismiss a cause of action to rectify defects in an inartfully pleaded complaint, and such affidavits must be given their most favorable intendment. McKinney's CPLR 3211. | Can a plaintiff submit affidavits in opposition to a motion to dismiss to rectify defects in an inartfully pleaded complaint? | Pretrial Procedure - Memo # 8486 - C - SHS_59185.docx | ROSS-003283234-ROSS-003283235 |
| Bramon v. U-Haul, 945 S.W.2d 676 | 307A+622 | When ruling on sufficiency of facts pleaded to state a claim, court must consider whether material and essential allegations have not been made, and where petition contains only conclusions and does not contain ultimate facts or any allegations from which to infer those facts, motion to dismiss is properly granted. | "In ruling on the sufficiency of the facts pleaded to state a claim, do courts consider whether material and essential allegations have not been made?" | 037390.docx | LEGALEASE-00151228-LEGALEASE-00151229 |
| Shope v. Eagle, 551 Pa. 360 | 307A+581 | Motion for a "judgment of non pros" is the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case. | "Is motion for a ""judgment of non pros"" the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case?" | 037402.docx | LEGALEASE-00151284-LEGALEASE-00151285 |
| Matter of Reyes Compania Naviera S.A., 649 F. Supp. 789 | 25T+135 | Even if original arbitration clause is not broad enough to cover particular claim, parties may evince subsequent agreement for private settlement which would cure any defect in arbitration clause. | Does evincing a subsequent agreement for private settlement cure any defect in the arbitration clause? | 007967.docx | LEGALEASE-00151430-LEGALEASE-00151432 |
| Doherty v. Teamsters Pension Tr. Fund of Philadelphia & Vicinity, 16 F.3d 1386 | 25T+183 | Equitable tolling of time limit for arbitration may be appropriate where defendant has actively misled plaintiff respecting cause of action, plaintiff has in some extraordinary way been prevented from asserting his rights, or plaintiff has raised precise statutory claim in issue but mistakenly done so in wrong forum. | Under what circumstances is equitable tolling considered appropriate? | 008037.docx | LEGALEASE-00151512-LEGALEASE-00151513 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hilao v. Estate of Marcos, 95 F.3d 848 | 108H+14 | Trial court had no authority under rule of procedure regarding execution of money judgments to order foreign banks which held judgment debtor's funds to deposit contested funds into court registry as court must use writ of execution to enforce money judgment unless exceptional circumstances exist; exceptional circumstances did not exist to justify deviation from normal means of enforcing money judgment even though banks refused to produce documents, case involved prominent figures and large sum of money, and judgment was difficult to enforce due to uncooperativeness of debtor and fund's location in foreign country. Fed.Rules Civ.Proc.Rule 69(a), 28 U.S.C.A. | Do the courts have authority under the rules of procedure to order a foreign bank to deposit contested funds into court registry? | 014071.docx | LEGALEASE-00151530-LEGALEASE-00151532 |
| Liu v. Nw. Univ., 78 F. Supp. 3d 839 | 141E+1166 | Under Illinois law, a student's breach of contract claim against a private university is treated somewhat differently from a typical breach of contract claim, with the student required to allege not only a breach, but also that university's conduct was arbitrary, capricious, or in bad faith. | Does a students breach of contract claim against a private university treated somewhat differently from a typical breach of contract claim? | Education -  Memo # 198 - C - KS_60313.docx | ROSS-003281217-ROSS-003281219 |
| Betancourt v. Countrywide Home Loans, 344 F. Supp. 2d 1253 | 172H+1555 | There is no right under TILA to rescind a loan transaction when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. Truth in Lending Act, S 125(a), (e)(1), as amended, 15 U.S.C.A. S 1635(a), (e)(1). | Is there any right to rescind a loan transaction when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside? | 013894.docx | LEGALEASE-00151584-LEGALEASE-00151585 |
| No-Dent Properties v. Comm'r of Town of Hempstead Dep't of Highways, 138 A.D.3d 702 | 200+79.1 | Highway Law provision setting forth a six-year limitation on the life of an unused public easement does not apply when a town has acquired a fee to the land in question. McKinney's Highway Law S 205(1). | Does a limitation on the life of an unused public easement apply where a town has acquired a fee to the land in question? | 018711.docx | LEGALEASE-00151680-LEGALEASE-00151682 |
| Patel v. Home Depot USA, 2012 IL App (1st) 103217 | 307A+687 | In ruling on a motion to dismiss filed under statute governing motions with respect to the pleadings, the court must accept as true all well-pled facts in the complaint and all reasonable inferences which can be drawn therefrom. S.H.A. 735 ILCS 5/2-615. | "In ruling on a motion to dismiss filed under statute governing motions with respect to the pleadings, should the court accept as true all well-pled facts in the complaint?" | 037587.docx | LEGALEASE-00151827-LEGALEASE-00151828 |
| Schopp v. Matlock, 880 S.W.2d 357 | 30+3212 | Decision to dismiss for lack of subject matter jurisdiction is question of fact left to sound discretion of trial court and will not be reversed on appeal absent abuse of discretion. | Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of the trial court on a motion to dismiss? | Pretrial Procedure - Memo # 8778 - C - SJ_59777.docx | ROSS-003279330-ROSS-003279331 |
| Grewell v. State Farm Mut. Auto. Ins. Co., 102 S.W.3d 33 | 307A+679 | In a motion to dismiss for failure to state a cause of action, no attempt is made to weigh any facts alleged as to whether they are credible or persuasive; instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | "In a motion to dismiss for failure to state a cause of action, is any attempt made to weigh any facts alleged as to whether they are credible or persuasive?" | 037746.docx | LEGALEASE-00151835-LEGALEASE-00151836 |
| Montgomery v. Kennedy, 669 S.W.2d 309 | 228+185(2) | In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to nonmovants will be taken as true; every reasonable inference from evidence must be indulged in favor of nonmovants and any doubts resolved in their favor. | Will all conflicts in the evidence be considered when deciding whether there is an issue of material fact precluding summary judgment? | 009754.docx | LEGALEASE-00152647-LEGALEASE-00152648 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| First Nat. Bank of Lafayette v. Gaddis, 250 So. 2d 504 | 83E+417 | Promissory note payable to bearer and secured by mortgage may be transferred by mere delivery and authentic evidence of endorsement or transfer of note is not necessary to enable holder to foreclose by executory process. LSA-R.S. 7:9, 7:30; LSA-C.C.P. art. 2635. | Can a promissory note which is payable to bearer and secured by a mortgage be transferred by mere delivery? | 010385.docx | LEGALEASE-00152065-LEGALEASE-00152066 |
| Hardee's Food Sys. v. Oreel, 32 F. Supp. 2d 342 | 157+417(13) | If collateral terms and conditions had been agreed upon, they may be omitted from promissory note itself to insure negotiability; accordingly, parol evidence as between the original parties may be admissible so far as it is not inconsistent with express terms of the note. | "If collateral terms and conditions have been agreed upon, can they be omitted from a promissory note itself to ensure negotiability?" | 010702.docx | LEGALEASE-00152596-LEGALEASE-00152597 |
| Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114 | 172H+1322 | The purpose of TILA is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices. Truth in Lending Act, S 102, 15 U.S.C.A. S 1601. | Is the purpose of TILA to assure a meaningful disclosure of credit terms? | Consumer Credit -Memo 99-SB_60177.docx | ROSS-003296979-ROSS-003296980 |
| James L. Lester v Heyward McFaddon and Cameron Lumber Company, 288 F.Supp.735 | 48A+160(1) | Motorists using highways have duty of exercising ordinary or reasonable care to avoid injuring pedestrian who is crossing or along or upon a highway. Code S.C.1962, SS 46-436, 46-442, 46-361, 46-363. | Do motorists using the highways have the duty of exercising ordinary or reasonable care to avoid injuring a pedestrian who is crossing or upon or along a highway? | Highways - Memo 318 - RK_59646.docx | ROSS-003294006-ROSS-003294007 |
| Wilson v. Phoenix House, 42 Misc. 3d 677 | 307A+683 | In deciding a motion to dismiss for failure to state a cause of action, the court's role is ordinarily limited to determining whether the complaint states a cause of action; on such a motion, the court must accept as true the factual allegations of the complaint, and accord the plaintiff all favorable inferences which may be drawn therefrom. McKinney's CPLR 3211(a)(7). | "In deciding a motion to dismiss for failure to state a cause of action, is the court's role ordinarily limited to determining whether the complaint states a cause of action?" | 037537.docx | LEGALEASE-00152253-LEGALEASE-00152254 |
| Woodruff v. Choate, 334 Ga. App. 574 | 307A+682.1 | It is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss the complaint for failure to state a claim; if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | Is it not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim? | 037539.docx | LEGALEASE-00152279-LEGALEASE-00152280 |
| Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP, 68 A.3d 697 | 307A+680 | Ultimately, to survive a motion to dismiss for the failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Civil Rules 8(a)(2), 12(b)(6). | "To survive a motion to dismiss for the failure to state a claim, should a complaint contain sufficient factual matter?" | 037665.docx | LEGALEASE-00152213-LEGALEASE-00152214 |
| Dawson v. Newman, 845 N.E.2d 1076 | 307A+680 | Motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. Trial Procedure Rule 12(B)(6). | "Does a motion to dismiss for failure to state a claim upon which relief can be granted test the legal sufficiency of a claim, not the facts supporting it?" | 037712.docx | LEGALEASE-00151907-LEGALEASE-00151908 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sazima v. Chalko, 712 N.E.2d 729 | 307A+581 | Extremely harsh sanction of dismissal for failure to prosecute or obey a court order should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party; dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice, and absent such extreme circumstances, a court should first consider lesser sanctions. Rules Civ.Proc., Rule 41(B)(1). | Is dismissal reserved for those cases in which the conduct of a party is as negligent and dilatory as to provide substantial grounds for a dismissal with prejudice? | 037829.docx | LEGALEASE-00152043-LEGALEASE-00152044 |
| Warner v. Beardsley, 8 Wend. 194 | 83E+462 | To discharge an indorser on the ground of the omission of the creditor to proceed against the principal debtor when requested so to do, it must appear that the principal was solvent at the time of the request, within the jurisdiction of the state in which the suit against the surety is instituted, and that the creditor, without any reasonable excuse, neglected or refused to proceed until the principal debtor became insolvent and unable to pay. | Is it necessary for the surety to show that the principal was solvent at the time he requested the creditor to proceed and collect the debt? | 009905.docx | LEGALEASE-00153661-LEGALEASE-00153663 |
| Speake v. Grantham, 317 F. Supp. 1253 | 141E+1024 | A college or university has inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. | Does a university have a right to discipline students? | 017344.docx | LEGALEASE-00152957-LEGALEASE-00152958 |
| Mathews v. Sun Oil Co., 411 S.W.2d 561 | 156+32(1) | Estoppel by deed precludes parties to a valid sealed instrument and their privies from denying its force and effect by evidence of inferior solemnity. | Does estoppel by deed preclude parties to a valid sealed instrument and their privies to deny its force and effect by evidence of inferior solemnity? | 018018.docx | LEGALEASE-00153021-LEGALEASE-00153022 |
| Choi v. Immanuel Korean United Methodist Church, 327 Ga. App. 26 | 307A+683 | Motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim; all facts in the pleadings are to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. | Should a motion to dismiss not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts? | 038011.docx | LEGALEASE-00152844-LEGALEASE-00152845 |
| Otte v. Edwards, 370 S.W.3d 898 | 307A+679 | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court of Appeals applies the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom; and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive, instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | Is a petition reviewed in an almost academic manner? | Pretrial Procedure - Memo # 8946 - C - DA_60399.docx | ROSS-003292498-ROSS-003292499 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Landmark Funding, Inc on Behalf of Naples Syndications v. Chaluts, 213 So. 3d 1078 | 307A+622 | A motion to dismiss tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact. | Does a motion to dismiss test the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact? | Pretrial Procedure - Memo # 8969 - C - DA_60565.docx | ROSS-003292259-ROSS-003292260 |
| Luna v. Pizzas By Marchelloni, 279 Ill. App. 3d 402 | 307A+680 | For purposes of motion to dismiss, truth of all well-pleaded facts is accepted and complaint will be dismissed on pleadings only if it clearly appears that no facts can be proved that would entitle plaintiff to recover. | "For purposes of a motion to dismiss, is the truth of all well-pleaded facts accepted and a complaint will be dismissed on pleadings only if it clearly appears that no facts can be proved?" | 038215.docx | LEGALEASE-00153181-LEGALEASE-00153182 |
| Palumbo v. Moore, 777 So. 2d 1177 | 307A+687 | A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts. | "Should the party moving for dismissal for failure to state a cause of action admit all well pleaded facts as true, as well as reasonable inferences that can arise from those facts?" | 038261.docx | LEGALEASE-00153714-LEGALEASE-00153715 |
| ATCO Sign & Lighting Co. v. Stamm Mfg., 298 Ga. App. 528 | 307A+681 | To meet its burden of proving the absence of personal jurisdiction, a defendant seeking a dismissal for lack of personal jurisdiction may raise matters not contained in the pleadings; however, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. | "To meet the burden of proving the absence of personal jurisdiction, can a defendant seeking a dismissal for lack of personal jurisdiction raise matters not contained in the pleadings?" | 038300.docx | LEGALEASE-00152921-LEGALEASE-00152922 |
| People v. Kruger, 2015 IL App (4th) 131080 | 307A+560 | A dismissal for lack of diligence in obtaining service prior to the expiration of applicable statute of limitations is distinct from a dismissal for want of prosecution. Sup.Ct.Rules, Rule 103(b). | Is dismissal of an action for want of prosecution distinct from a dismissal for lack of diligence in obtaining service prior to expiration of applicable statute of limitations? | 038358.docx | LEGALEASE-00152774-LEGALEASE-00152775 |
| Dani v. Miller, 2016 OK 35 | 307A+622 | Where not all claims appear to be frivolous on their face or without merit, dismissal for failure to state a claim upon which relief may be granted is premature. 12 Okl.St.Ann. S 2012(B)(6). | "Where not all claims appear to be frivolous on their face or without merit, is dismissal for failure to state a claim upon which relief can be granted premature?" | 038427.docx | LEGALEASE-00153105-LEGALEASE-00153106 |
| Am. Truck Driving Acad. v. Smith, 998 So. 2d 1067 | 307A+690 | A dismissal with prejudice for lack of prosecution is proper only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can court dismiss action, for lack of prosecution when there is clear record of delay or contumacious conduct by plaintiff or serious showing of willful default?" | 038747.docx | LEGALEASE-00153537-LEGALEASE-00153538 |
| Cameron Cty. Sav. Ass'n v. Stewart Title Guar. Co., 819 S.W.2d 600 | 308+96 | "Actual authority" includes both express and implied authority and usually denotes that authority which principal intentionally confers upon agent, intentionally allowed agent to believe that he possesses or, by want of due care, allows agent to believe that he possesses. | Does actual authority mean that the principal by want of due care allows the agent to believe he possessed authority? | 041566.docx | LEGALEASE-00153147-LEGALEASE-00153148 |
| In City National Bank of Fort Smith, Arkansas v. Vanderboom, 290 F.Supp. 592 | 8.30E+274 | Under substantive law of Arkansas, giving of renewal note or making partial payments with knowledge at time of false representations on part of payee operates as waiver of that defense and maker is estopped from pleading such defense in action on renewal note. | Does renewal or making payment on a note after knowledge of the defense that may be interposed to its collection waives the defense? | 009638.docx | LEGALEASE-00154209-LEGALEASE-00154210 |
| Haycook v. Ostman, 397 So. 2d 743 | 83E+852 | A promissory note, mature and regular on its face, is admissible into evidence without extrinsic proof of its execution or authenticity and, as evidence, is sufficient to establish a prima facie case. | "Is a promissory note, that is mature and regular on its face, admissible and is sufficient to establish a prima facie case?" | Bills and notes - Memo 9 - KC_61001.docx | ROSS-003299086-ROSS-003299087 |
| Munoz v. Express Auto Sales, 222 Cal. App. 4th Supp. 1 | 172H+93 | Under the Automobile Sales Finance Act (ASFA), every conditional sale contract must disclose to the buyer all details concerning the sale, financing and complete costs of purchasing the vehicle. West's Ann.Cal.Civ.Code S 2981. | Should every conditional sales contract must disclose to the buyer all details concerning the sale under the Automobile Sales Finance Act (ASFA)? | 014012.docx | LEGALEASE-00154517-LEGALEASE-00154518 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harris v. Grizzle, 599 P.2d 580 | 302+17 | Under Wyoming rules of civil procedure, technical forms of pleading are not required, and each averment of pleading should be simple, concise and direct; whether specificity standard has been satisfied is to be determined in terms of whether pleadings give fair notice to opposing party and not whether it contains conclusions. | Should pleadings be in any technical form? | Pleading - Memo 531-RMM_61219.docx | ROSS-003292637-ROSS-003292638 |
| Succession of Knox, 579 So. 2d 1164 | 307A+594.1 | Two exceptions to five-year rule of abandonment are recognized: when failure to prosecute was caused by circumstances beyond plaintiff's control, and when defendant waived his right to plead abandonment by taking any action in case inconsistent with intent to treat case as abandoned. LSA-C.C.P. arts. 561, 561 comment. | What are the two exceptions to rule of abandonment that are recognized? | 038456.docx | LEGALEASE-00154463-LEGALEASE-00154464 |
| Avery v. New Hampshire Dep't of Educ., 162 N.H. 604 | 307A+561.1 | When the motion to dismiss does not challenge the sufficiency of petitioners' legal claim but, instead, raises certain defenses, trial court must look beyond petitioners' unsubstantiated allegations and determine, based on the facts, whether petitioners have sufficiently demonstrated their right to claim relief. | Is a jurisdictional challenge based upon a lack of standing a defense? | 038596.docx | LEGALEASE-00154097-LEGALEASE-00154098 |
| Utley v. Tennessee Dep't of Correction, 118 S.W.3d 705 | 307A+681 | A motion to dismiss a complaint for failure to state a claim for which relief can be granted requires the court to review the complaint alone, and to look to the complaint's substance rather than its form. Rules Civ.Proc., Rule 12.02(6). | Can a motion to dismiss a complaint for failure to state a claim for which relief can be granted require the court to review the complaint alone? | 038667.docx | LEGALEASE-00153949-LEGALEASE-00153950 |
| Munger v. State, 689 S.E.2d 230 | 307A+679 | If the trial court confines its evaluation to the pleadings when reviewing a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true the plaintiff's allegations and construe them in the light most favorable to the plaintiff. Rules Civ.Proc., Rule 12(b)(1), West's N.C.G.S.A. S 1A-1. | "When reviewing a motion to dismiss, can a trial court consider and weigh matters outside the pleadings?" | 038675.docx | LEGALEASE-00153963-LEGALEASE-00153964 |
| Bilnoski v. Pizza Inn, 858 S.W.2d 55 | 307A+581 | When deciding whether to dismiss case, court may consider entire history of case, including amount of activity on case, length of time case was on file, request for trial date, and existence of reasonable excuses for delay. | What will the court consider when deciding whether to dismiss case? | Pretrial Procedure - Memo # 9440 - C - PC_61083.docx | ROSS-003295004-ROSS-003295005 |
| Crosby v. Avon Prod., 474 So. 2d 642 | 307A+587 | Failure of plaintiff to attempt to obtain service over defendant within reasonable time may amount to failure to prosecute action, warranting dismissal of case. Rules Civ.Proc., Rule 41(c). | "Will failure of plaintiff to attempt to serve defendant within reasonable time amount to failure to prosecute action, warranting dismissal?" | Pretrial Procedure - Memo # 9452 - C - RF_60945.docx | ROSS-003280456-ROSS-003280457 |
| Succession of Knox, 579 So. 2d 1164 | 307A+594.1 | Two exceptions to five-year rule of abandonment are recognized: when failure to prosecute was caused by circumstances beyond plaintiff's control, and when defendant waived his right to plead abandonment by taking any action in case inconsistent with intent to treat case as abandoned. LSA-C.C.P. arts. 561, 561 comment. | What are the two exceptions to five-year rule of abandonment? | 038784.docx | LEGALEASE-00153988-LEGALEASE-00153989 |
| Freedman v. Pac. Gas & Elec. Co., 196 Cal. App. 3d 696 | 307A+581 | Policy favoring trial or other disposition of actions on the merits is generally to be preferred over policy that requires dismissal for failure to proceed with reasonable diligence. West's Ann.Cal.C.C.P. S 583.130. | Is policy favoring trial or other disposition of actions on the merits generally to be preferred over policy that requires dismissal for failure to proceed with reasonable diligence? | 038788.docx | LEGALEASE-00153998-LEGALEASE-00153999 |
| Mathews v. City of Atlanta, 167 Ga. App. 168 | 307A+563 | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve interest or justice. | Is a dismissal with prejudice warranted only where a clear record of delay or contumacious conduct by plaintiff exists? | 038844.docx | LEGALEASE-00154380-LEGALEASE-00154381 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Alaboud, 347 F.3d 1293 | 377E+12(1) | In prosecution for transmitting threat in interstate commerce, inquiry is whether there was sufficient evidence to prove beyond a reasonable doubt that the defendant intentionally made the statement under such circumstances that a reasonable person would construe them as a serious expression of an intention to inflict bodily harm. 18 U.S.C.A. S 875(c). | What inquiry is made in a prosecution for transmitting a threat in interstate commerce? | 046754.docx | LEGALEASE-00154591-LEGALEASE-00154592 |
| Dakota Cheese v. Taylor, 525 N.W.2d 713 | 307A+581 | Dismissal of action for failure to prosecute is extreme remedy to be used only when there is "unreasonable and unexplained delay," which is omission to do something that party might do and might reasonably be expected to do towards vindication or enforcement of his rights. | "Should dismissal of an action for failure to prosecute be used only when there is an ""unreasonable and unexplained delay""?" | 024453.docx | LEGALEASE-00155134-LEGALEASE-00155135 |
| O'Toole v. Eyelets for Indus., 148 Conn. App. 367 | 307A+554 | When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light; in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In deciding a jurisdictional question raised by a pre-trial motion to dismiss, should a court take the facts to be those alleged in the complaint? " | Pretrial Procedure - Memo # 10016 - C-AC.docx | LEGALEASE-00044962-LEGALEASE-00044963 |
| Hillbert v. State, 66 So. 3d 779 | 307A+558 | The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment. | Does the absence of a necessary and indispensable party necessitate the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment? | 024600.docx | LEGALEASE-00155801-LEGALEASE-00155802 |
| Horobec v. Mueller, 628 S.W.2d 942 | 307A+581 | Decision whether a case should be dismissed for want of prosecution should be determined upon the particular facts and circumstances of the action on a case-by-case basis. | Should decision whether a case be dismissed for want of prosecution be determined upon the particular facts and circumstances of the action on a case-by-case basis? | 039101.docx | LEGALEASE-00155293-LEGALEASE-00155294 |
| Stewart v. Whatley, 479 S.W.2d 84 | 307A+690 | The only remedy against a defaulting plaintiff insofar as his cause of action is concerned is an order dismissing his suit without prejudice for want of prosecution. | "Is the only remedy against a defaulting plaintiff insofar as his cause of action is concerned, an order dismissing his suit without prejudice for want of prosecution?" | Pretrial Procedure - Memo # 9722 - C - SKG_61409.docx | ROSS-003283877-ROSS-003283878 |
| Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Does agency carry with it all the powers which are necessary as means to effectuate the purposes for which it was created? | Principal and Agent - Memo 313 - RK_61911.docx | ROSS-003281151-ROSS-003281152 |
| Williams v. Getty, 31 Pa. 461 | 308+148(5) | If the principal holds out the agent to the world as a general agent in the transaction of his business, any contract made by him within the scope of that business will bind the principal, although there may be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract is made has no notice of such restriction. | Would the principal be bound if there is a restriction in general authority of the agent and the person with whom the contract was made had no notice? | Principal and Agent - Memo 319 - RK.docx | LEGALEASE-00045484-LEGALEASE-00045485 |
| Schultz v. Gould Acad., 332 A.2d 368 | 141E+932 | Student attending boarding school for young boys and girls had legal status of business invitee to whom school's employee owed duty to exercise reasonable care in taking such measures as were reasonably necessary for student's safety in light of existing circumstances. | Do universities owe a duty to its students to exercise reasonable care in taking measures as were reasonably necessary for their safety? | Education - Memo # 286 - C - KS_62336.docx | ROSS-003281245-ROSS-003281246 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lee v. S. Ry. Co., 228 S.C. 240 | 156+52(1) | "Equitable estoppel" or "estoppel in pais" is a term applied to a situation where, because of something which he has done or omitted to do, a party is denied the right to plead or prove an otherwise important fact. | Does equitable estoppel occur where a party is denied the right to plead an otherwise important fact because of something which he has done or failed to do? | 017769.docx | LEGALEASE-00156088-LEGALEASE-00156089 |
| Cuadros v. Superior Court, 6 Cal. App. 4th 671 | 156+52(1) | Under doctrine of equitable estoppel, defendant may not by his statements or conduct lull plaintiff into false sense of security resulting in inaction. | Does the doctrine of equitable estoppel affirm that a defendant may not by his statements or conduct lull the plaintiff into a false sense of security resulting in inaction? | 017781.docx | LEGALEASE-00156198-LEGALEASE-00156199 |
| Anderson v. Comm'r of Dep't of Human Servs., 489 A.2d 1094 | 156+52(1) | Estoppel bars assertion of truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue. | Does estoppel bar the assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue? | Estoppel - Memo #138 - C - CSS_62036.docx | ROSS-003292047-ROSS-003292048 |
| State ex rel. Burns v. Kelly, 89 Idaho 139 | 200+153.5 | Statutory grant of authority to State Board of Highway Directors to regulate or prohibit erection or maintenance of unauthorized signs carries with it duty and power to determine what constitutes such obstruction, and such determination made by board is conclusive, in absence of showing of arbitrary exercise of authority or abuse of discretion. I.C. S 40-120(18). | Who determines the obstruction on the Highway? | 019199.docx | LEGALEASE-00156242-LEGALEASE-00156243 |
| Coldwell Banker Manning Realty v. Cushman & Wakefield of Connecticut, 136 Conn. App. 683 | 307A+679 | In ruling on whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In ruling on whether a complaint survives a motion to dismiss, should a court take the facts to be those alleged in the complaint?" | 024470.docx | LEGALEASE-00155914-LEGALEASE-00155915 |
| TD Bank, N.A. v. Salce, 169 A.3d 317 | 307A+681 | A motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone; where, however, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. | "Where the motion is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for determination of the jurisdictional issue?" | 024516.docx | LEGALEASE-00156369-LEGALEASE-00156370 |
| Manning v. Wilkinson, 264 S.W.3d 620 | 30+3197 | The involuntary dismissal of a case with prejudice should be resorted to only in the most extreme cases and a reviewing court must carefully scrutinize the trial court's exercise of discretion in doing so. Rules Civ.Proc., Rule 41.02. | Should the involuntary dismissal of a case with prejudice be resorted to only in the most extreme cases and a reviewing court must carefully scrutinize the trial court's exercise of discretion in doing so? | Pretrial Procedure - Memo # 10345 - C - TJ_62074.docx | ROSS-003279405 |
| Bennett v. Republic Servs., 179 F. Supp. 3d 451 | 170A+1772 | To survive a motion to dismiss for failure to state a claim, a plaintiff must plead factual allegations sufficient to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true, even if doubtful in fact; the mere possibility of misconduct is not enough. Fed. R. Civ. P. 12(b)(6). | Should factual allegations be enough to raise a right to relief above the speculative level? | 024764.docx | LEGALEASE-00156226-LEGALEASE-00156227 |
| Samis Land Co. v. City of Soap Lake, 143 Wash. 2d 798 | 371+2002 | If the fundamental legislative impetus of a charge imposed by a local government was to "regulate" the fee payers-by providing them with a targeted service or alleviating a burden to which they contribute-that would suggest that the charge was an incidental "tool of regulation," rather than a tax in disguise. West's RCWA Const. Art. 7, S 1; Art. 11, S 11. | Would a charge be considered a tax if the fundamental legislative impetus was to regulate the fee payers? | Taxation - Memo # 988 - C - JL_62490.docx | ROSS-003294471-ROSS-003294472 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Finney v. Com., 277 Va. 83 | 67+9(1) | For burglary purposes, an actual breaking involves the application of some force, slight though it may be, whereby the entrance is achieved, and merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of burglary, so long as those acts resulted in an entrance contrary to the will of the occupier of the property. West's V.C.A. SS 18.2-90, 18.2-91. | Is use of slight force sufficient for burglary breaking? | 013134.docx | LEGALEASE-00156545-LEGALEASE-00156546 |
| Kinney v. R.H. Halt Assocs., 927 So. 2d 920 | 307A+690 | A dismissal with prejudice for failure to comply with court orders infringes upon the basic constitutional right of access to the courts in all but the most extreme and egregious circumstances; for this reason, explicit findings of willful or flagrant disregard are absolutely essential. West's F.S.A. Const. Art. 1, S 21. | Does a dismissal with prejudice for failure to comply with court orders infringe upon the basic constitutional right of access to the courts in all but the most extreme and egregious circumstances? | Pretrial Procedure - Memo # 10525 - C - BP_62425.docx | ROSS-003280566-ROSS-003280567 |
| Hager v. American West Ins. Co., 732 F. Supp. 1072 | 217+2661 | Where automobile liability policy containing "family member" terminology has been issued to a closely held corporation, it is legitimate to conclude that the readily identifiable officers and shareholders of the corporate entity fall within the purview of the term "family member," in determining insured status. | Will a policy of insurance issued to a corporation provide uninsured motorist coverage to the officers and shareholders of the corporation? | 019552.docx | LEGALEASE-00157518-LEGALEASE-00157519 |
| Lesage v. Dirt Cheap Cigarettes & Beer, 2002 WL 31300071 | 307A+690 | When the trial court concludes that the pleadings do not state a cause of action and when an adequate opportunity to amend has been provided, it is not error for the trial court to dismiss with prejudice. | "When the trial court concludes that the pleadings do not state a cause of action and when an adequate opportunity to amend has been provided, is it not error for the trial court to dismiss with prejudice?" | 025085.docx | LEGALEASE-00156831-LEGALEASE-00156832 |
| Neagle v. Brooks, 373 F.2d 40 | 307A+693.1 | An order of state trial court dismissing action puts an end to that action unless modified or set aside by that court or reversed by supreme court of that state. | Does an order of a state trial court dismissing action put an end to that action unless modified or set aside by that court or reversed by the supreme court of that state? | Pretrial Procedure - Memo # 10678 - C - KG.docx | LEGALEASE-00047209-LEGALEASE-00047210 |
| Bryan v. Smith, 174 F.2d 212 | 170A+1837.1 | After plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, court is without further jurisdiction and has no right to render any judgment either for or against plaintiff, and parties are out of court for every purpose other than to carry order of dismissal or nonsuit into effect or vacate or modify it. | "After a plaintiff has suffered a nonsuit or has dismissed his cause of action, is a court without further jurisdiction and has no right to render any judgment either for or against plaintiff?" | 025318.docx | LEGALEASE-00157044-LEGALEASE-00157045 |
| Vause v. Bay Med. Ctr., 687 So. 2d 258 | 307A+561.1 | If court is required to consider matters outside the four corners of complaint, then the cause is not subject to dismissal on basis of affirmative defense. | Will the cause be subject to dismissal on basis of affirmative defense if court is required to consider matters outside the four corners of complaint? | 025394.docx | LEGALEASE-00157984-LEGALEASE-00157985 |
| Owens v. Ken's Paint & Body Shop, 196 So. 2d 17 | 30+78(4) | Dismissal of an action under statute dealing with abatement of action pending one year without prosecution becomes absolute after passage of one month, so that order of dismissal is final and appealable. 30 F.S.A. Rules of Civil Procedure, rule 1.420(e); F.S.A. S 45.19(1); F.S.A.Const. art. 5, S 5(3). | "Does a dismissal of an action under a statute dealing with abatement of action pending one year without prosecution, become absolute after the passage of one month?" | Pretrial Procedure - Memo # 11041 - C - PC_63430.docx | ROSS-003279961 |
| Jones v. Jones, 16-536 (La. App. 5 Cir. 4/26/17), 220 So. 3d 855 | 307A+693.1 | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit was instituted and leaves the party free to again come into court with his complaint. | Does a dismissal of suit as of nonsuit restore matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint? | Pretrial Procedure - Memo # 11049 - C - SB_63438.docx | ROSS-003320250-ROSS-003320251 |
| Walker v. Archer, 2016-0171 (La. App. 4 Cir. 10/5/16), 203 So. 3d 330 | 307A+693.1 | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit was instituted and leaves the party free to again come into court with his complaint. | Does a dismissal of suit as of nonsuit restore matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint? | Pretrial Procedure - Memo # 11049 - C - SB.docx | LEGALEASE-00047399-LEGALEASE-00047400 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Carr v. Hunt, 651 S.W.2d 875 | 308+14(2) | There must be a meeting of minds as between the parties in establishing an agency relationship, and consent of both principal and agent is necessary to create the agency, although such consent may be implied rather than express; the intention of the parties must find expression either in words or conduct between them. | Should there be a meeting of minds between the parties to establish an agency relationship? | Principal and Agent - Memo 492 - KK_63271.docx | ROSS-003310694-ROSS-003310695 |
| Crafton Contracting Co. v. Swenson Constr. Co., 495 S.W.3d 178 | 308+1 | Generally, there are three essential elements to an agency relationship: (1) the agent holds the power to alter the legal relations between the principal and a third party; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. | What are the essential elements of an agency relationship? | Principal and Agent - Memo 560-SB_63576.docx | ROSS-003306521-ROSS-003306523 |
| Barber v. Ritter, 196 P.3d 238 | 371+2002 | To determine whether a government mandated financial imposition is a fee or a tax, the dispositive criteria is the primary or dominant purpose of such imposition at the time the enactment calling for its collection is passed. | What are the dispositive criteria to determine whether a government mandated financial imposition is a fee or a tax? | 044584.docx | LEGALEASE-00156949-LEGALEASE-00156950 |
| Adams v. City of New York, 226 F. Supp. 3d 261 | 129+103 | Under New York law, offense of disorderly conduct has three elements: (1) the defendant's conduct must be public in nature, (2) it must be done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof, and (3) it must match at least one of the descriptions set forth in the statute. N.Y. Penal Law S 240.20. | What are the necessary elements of a valid disorderly conduct charge? | Disorderly Conduct - Memo 11-PR_64031.docx | ROSS-003280445-ROSS-003280446 |
| Landon v. Jarvis, 255 Ill. App. 3d 439 | 307A+685 | Motion to dismiss raising affirmative matter affords parties and court means of disposing of issues of law or of easily proved facts at the onset of case; if defects are not apparent on face of pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. Ill.Rev.Stat.1991, ch. 110, P 2-619. | Does a motion to dismiss afford parties and court means of disposing of issues of law or of easily proved facts at the onset of case? | Pretrial Procedure - Memo # 10764 - C - SJ_63406.docx | ROSS-003297038-ROSS-003297039 |
| San Joaquin Cty., Cal. v. Dewey, 105 Mich. App. 122 | 307A+561.1 | Motion for accelerated judgment seeks to avoid merits of claim by interposing defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established prima facie case. GCR 1963, 116.1 et seq. | Does a motion for accelerated judgment test merits of complaint? | 025436.docx | LEGALEASE-00158154-LEGALEASE-00158155 |
| San Joaquin Cty., Cal. v. Dewey, 105 Mich. App. 122 | 307A+561.1 | Motion for accelerated judgment seeks to avoid merits of claim by interposing defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established prima facie case. GCR 1963, 116.1 et seq. | How will a motion for accelerated judgement seek to avoid claim? | 025437.docx | LEGALEASE-00158160-LEGALEASE-00158161 |
| San Joaquin Cty., Cal. v. Dewey, 105 Mich. App. 122 | 307A+561.1 | Motion for accelerated judgment seeks to avoid merits of claim by interposing defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established prima facie case. GCR 1963, 116.1 et seq. | How can a motion for accelerated judgment seek to avoid merits of claim? | 025449.docx | LEGALEASE-00158272-LEGALEASE-00158273 |
| Couchman v. Cardona, 471 S.W.3d 20 | 307A+693.1 | Even after a dismissal without prejudice is entered following a plaintiff's nonsuit, the party seeking dismissal with prejudice can appeal the denial of the sanctions relief. | "Even after a dismissal without prejudice is entered following a plaintiff's nonsuit, can the party seeking dismissal with prejudice appeal the denial of the sanctions relief?" | Pretrial Procedure - Memo # 10944 - C - MS_63709.docx | ROSS-003283053-ROSS-003283054 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Winnebago Cty. Citizens for Controlled Growth v. Cty. of Winnebago, 383 Ill. App. 3d 735 | 307A+561.1 | In a motion to dismiss for defects or defenses, the movant may go beyond the allegations of the complaint and assert affirmative matters that would defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Can the movant may go beyond the allegations of the complaint and assert affirmative matters that would defeat the plaintiff's claim? | 025972.docx | LEGALEASE-00158336-LEGALEASE-00158337 |
| Wisconsin's Envtl. Decade v. Pub. Serv. Comm'n, 79 Wis. 2d 161 | 307A+693.1 | All that is involved when a case is dismissed upon ground of mootness is a conclusion by court that determination sought cannot have any practical effect upon an existing controversy. | Is all that is involved when a case is dismissed upon ground of mootness a conclusion by court that determination sought cannot have any practical effect upon an existing controversy? | 026005.docx | LEGALEASE-00158392-LEGALEASE-00158393 |
| Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730 | 307A+699 | Once court determines whether party's or attorney's conduct was "not intentional or the result of conscious indifference," in analysis of whether to reinstate case, language of reinstatement rule, Civil Procedure Rule 165a, is mandatory. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Once a court determines whether a party's or attorney's conduct was ""not intentional or the result of conscious indifference,"" in analysis of whether to reinstate case, is the language of a reinstatement rule mandatory?" | Pretrial Procedure - Memo 11197 - C - KS_65669.docx | ROSS-003292223-ROSS-003292224 |
| White v. Revco Disc. Drug Centers, 33 S.W.3d 713 | 308+1 | Although the principal's right to control the actions of the agent is an important factor in finding the existence of an agency relationship, the right of control is not necessarily as important as the principal's exercise of actual control over the agent. | Is the principal's right to control the actions of the agent as important a factor in finding the existence of an agency relationship as the principal's exercise of actual control? | Principal and Agent - Memo 554 - RK_64012.docx | ROSS-003319259-ROSS-003319260 |
| Johnson v. Owens, 629 S.W.2d 873 | 308+1 | An essential element of proof of agency is that alleged principal has both right to assign agent's task and to control means and details of process by which agent will accomplish the task. | Is the principal having the right to assign the agent's task and to control the means and details of the process by which the agent will accomplish the task an essential element of agency? | Principal and Agent - Memo 585 - RK_64019.docx | ROSS-003324595-ROSS-003324596 |
| Scott v. Young Womens Christian Ass'n, 263 So. 2d 367 | 413+103 | Workmen's Compensation Act does not pretend to render all employers liable for compensation benefits to an injured workman; rather, it includes only such occupations, trades and businesses as are therein expressly declared hazardous or found to be hazardous by the courts. LSA-R.S. 23:1021 et seq. | Does the workmens compensation statute render all employers liable for compensation benefits to an injured workman? | Workers' Compensation - Memo #644 - C - ANC_64138.docx | ROSS-003282867-ROSS-003282868 |
| Rosas v. Alice's Tea Cup, 127 F. Supp. 3d 4 | 24+123 | The protections of the FLSA are available to citizens and undocumented workers alike; denying undocumented workers the protection of FLSA would permit abusive exploitation of workers and create an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them. Fair Labor Standards Act of 1938, S 1, 29 U.S.C.A. S 201. | Does denying undocumented workers the protection of the Fair Labor Standards Act (FLSA) permit abusive exploitation of workers? | "Aliens, Immigration and Citizenship - Memo 99 - RK_64832.docx" | ROSS-003310186-ROSS-003310187 |
| Johnson v. Arrigoni, 5 Or. 485 | 83E+423 | Though it is usual for an indorser to put his name on back of note when he wishes to assume position of indorser thereof, yet it is immaterial where he puts it, and all that is necessary is that he put his name somewhere on note with intention of making a present transfer thereof, and where a note was payable to his order, he could make that order as well on the face as on the back of the note. | What is the effect of the endorser putting his name on the back of a note? | 010906.docx | LEGALEASE-00160360-LEGALEASE-00160361 |
| Timmins v. Firestone, 283 So. 2d 63 | 307A+561.1 | Though affirmative defense must ordinarily be asserted by answer, affirmative defense appearing on face of prior pleading may be asserted as ground of motion to dismiss for failure to state cause of action. 30 F.S.A. Rules of Civil Procedure, rule 1.110(d). | When is an affirmative defense asserted as ground of motion to dismiss for failure to state cause of action? | 039574.docx | LEGALEASE-00159397-LEGALEASE-00159398 |
| LaCaffinie v. Mirk, 719 A.2d 361 | 307A+697 | To remove a judgment of non pros, three elements must be met: (1) a petition to open must be promptly filed; (2) the delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action. Rules Civ.Proc., Rule 3051(b), 42 Pa.C.S.A. | "To remove a judgment of non pros, should three elements be met?" | Pretrial Procedure - Memo 11186 - C - AC_64395.docx | ROSS-003281397-ROSS-003281398 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stroll v. Long Island Jewish Med. Ctr., 151 A.D.3d 789 | 307A+697 | In order to vacate dismissal for failure to prosecute, a plaintiff is required to demonstrate a justifiable excuse for her default, as well as the existence of a potentially meritorious cause of action. McKinney's CPLR 3216(e). | "In order to vacate a dismissal for failure to prosecute, is a plaintiff required to demonstrate a justifiable excuse for her default?" | 039695.docx | LEGALEASE-00160439-LEGALEASE-00160440 |
| Muriel v. St. Barnabas Hosp., 3 A.D.3d 419 | 307A+697 | A case dismissed as abandoned may be restored to the calendar where the plaintiff establishes a meritorious case, a reasonable excuse for the delay in seeking to restore the matter to the calendar, the absence of intent to abandon prosecution and a lack of prejudice to the defendant. | Can a case dismissed as abandoned be restored to the calendar where the plaintiff establishes a meritorious case? | 039768.docx | LEGALEASE-00159335-LEGALEASE-00159336 |
| Burton v. Hoffman, 959 S.W.2d 351 | 307A+697 | Motion to reinstate case dismissed for want of prosecution is addressed to trial court's discretion; court may consider entire history of proceeding in determining whether to reinstate action. | Is a motion to reinstate a case dismissed for want of prosecution addressed to the sound discretion of the trial court? | 039800.docx | LEGALEASE-00159487-LEGALEASE-00159488 |
| Black v. Jackson, 82 S.W.3d 44 | 307A+690 | Dismissal of action "with prejudice" acts as final determination on the merits, and therefore, dismissal "with prejudice" for lack of subject matter jurisdiction constitutes error. | "Does dismissal of action ""with prejudice"" act as final determination on the merits, and therefore, dismissal ""with prejudice"" for lack of subject matter jurisdiction constitute error?" | 039849.docx | LEGALEASE-00159499-LEGALEASE-00159500 |
| Pollock v. Feinstein, 2007 PA Super 42 | 307A+697 | Since a motion to strike a judgment of non pros only challenges defects appearing on the face of the record, such a motion may not be granted if the record regarding the entry of the judgment is self-sustaining. | Can a motion to strike off a judgment of non pros challenge only defects appearing on the face of the record and such a motion not be granted if the record is self-sustaining? | 039955.docx | LEGALEASE-00159703-LEGALEASE-00159704 |
| Anthony v. City of Omaha, 283 Neb. 868 | 371+3602 | A "sales tax" is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | "Is a ""sales tax"" a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce?" | Taxation - Memo 1067 - C - SJ_64707.docx | ROSS-003282676-ROSS-003282677 |
| Scholastic Book Clubs v. State, Dep't of Treasury, Revenue Div., 223 Mich. App. 576 | 371+3602 | "Sales tax" is tax imposed upon sellers for privilege of engaging in business of making sales of tangible personal property at retail within state. | Is the sales tax imposed on the seller for the privilege of engaging in the business of making retail sales of tangible personal property in the state? | 046224.docx | LEGALEASE-00159831-LEGALEASE-00159832 |
| World Book v. Dep't of Treasury, 222 Mich. App. 203 | 371+3602 | "Sales tax" is tax imposed upon sellers for privilege of engaging in business of making sales of tangible personal property at retail within state. | Is the sales tax imposed on the seller for the privilege of engaging in the business of making retail sales of tangible personal property in the state? | Taxation - Memo 1095 - C - SU.docx | LEGALEASE-00050122-LEGALEASE-00050123 |
| State Farm Mut. Auto. Ins. Co. v. Berthelot, 732 So. 2d 1230 | 371+3707 | A "sales tax" is a distinct and separate charge which the retail seller is required to collect as a pass through entity for the benefit of the state and locality. LSA-R.S. 47:301 et seq. | "Is a ""sales tax"" a distinct and separate charge which the retail seller is required to collect as a pass through entity for the benefit of the state and locality?" | 046259.docx | LEGALEASE-00159889-LEGALEASE-00159890 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Career Connections Charter High Sch. v. Sch. Dist. of Pittsburgh, 91 A.3d 736 | 1.41E+25 | Sufficient evidence supported State Charter School Appeal Board's finding that charter school did not meet student performance objectives as set forth in the Pennsylvania Department of Education's (PDE) regulations and in its own charter, as ground supporting non-renewal of the school's charter under the Charter School Law; evidence established that charter school failed to meet adequate yearly progress (AYP) targets, as demonstrated through students' test scores on Pennsylvania System of School Assessment (PSSA) tests, that Board was entitled to rely on PSSA results when evaluating school's performance, that school's progress toward meeting AYP targets on PSSA tests was deteriorating over time, and that 12 feeder schools from which most of charter school's student body was drawn outperformed charter school on PSSA tests. 24 P.S. S 17-1729-A(a)(2). | Can Charter School Boards support non-renewal of their school's charter? | 017260.docx | LEGALEASE-00161196-LEGALEASE-00161197 |
| Herold v. Hughes, 141 W. Va. 182 | 200+80 | Grant of an easement for public road purposes includes all rights and privileges necessary or convenient to use of the public in travel or transportation of properties of all kinds over, under or along public highways. Code, 17-4-8, 17-16-6. | Does the grant of an easement for public road purposes include all rights and privileges necessary for the use of the public in travel? | Highways - Memo 397 - RK.docx | LEGALEASE-00050706-LEGALEASE-00050707 |
| Dorofey v. Bethlehem Steel Co., 407 Pa. 288 | 307A+699 | On motion to take off compulsory nonsuit, court must view evidence together with all reasonable inferences therefrom in light most favorable to plaintiff. | "On a motion to take off a compulsory nonsuit, should a court view evidence together with all reasonable inferences therefrom in a light most favorable to a plaintiff?" | 039687.docx | LEGALEASE-00161156-LEGALEASE-00161157 |
| Eldorado Towers by Shaf v. Chicago Title & Tr. Co., 182 Ill. App. 3d 263 | 307A+699 | Person seeking to vacate judgment of dismissal more than 30 days after entry is required to bring motion for such relief before judge who rendered original judgment. S.H.A. ch. 110, P 2-1401. | Is a person seeking to vacate judgment of dismissal more than 30 days after entry required to bring a motion for such relief before a judge who rendered original judgment? | 039988.docx | LEGALEASE-00160624-LEGALEASE-00160625 |
| Dorn v. State Bank of Stella, 767 F.2d 442 | 170A+840 | Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. | "Although a pretrial motion for leave to amend one's complaint is to be liberally granted, do different considerations apply to motions filed after dismissal?" | Pretrial Procedure - Memo 11574 - C - BP_65594.docx | ROSS-003309614-ROSS-003309615 |
| Basye v. Fayette R-III Sch. Dist. Bd. of Educ., 150 S.W.3d 111 | 307A+694 | The dismissal of a petition without prejudice is generally not adjudication on the merits and permits the party to re-file the action, unless otherwise barred. V.A.M.R. 67.03. | "Is the dismissal of a petition without prejudice generally not an adjudication on the merits and permits the party to re-file the action, unless otherwise barred?" | 040228.docx | LEGALEASE-00161661-LEGALEASE-00161662 |
| City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750 | 307A+695 | If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. | "If a plaintiff's pleadings do not affirmatively show a lack of jurisdiction, is the proper remedy to allow the plaintiff an opportunity to amend its pleadings before dismissing the cause?" | 040257.docx | LEGALEASE-00160835-LEGALEASE-00160836 |
| Ceres v. Shearson Lehman Bros., 227 A.D.2d 222 | 307A+695 | Leave to replead when complaint failed to state cause of action would not be appropriate where there was no reason to believe that plaintiffs could correct the deficiencies of the pleading. | Is leave to replead when complaint failed to state cause of action not be appropriate where there was no reason to believe that plaintiffs could correct the deficiencies of the pleading? | 040290.docx | LEGALEASE-00160909-LEGALEASE-00160910 |
| C.V. Perry & Co. v. W. Jefferson, 110 Ohio App. 3d 23 | 307A+695 | In action where court has been deprived of subject matter jurisdiction, claimant may refile same action because it would have been dismissed due to lack of subject matter jurisdiction and not brought to end on merits. | "In action where court has been deprived of subject matter jurisdiction, can a claimant refile a same action because it would have been dismissed due to lack of subject matter jurisdiction?" | Pretrial Procedure - Memo 11637 - C - SN_65374.docx | ROSS-003293845-ROSS-003293846 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sepulveda v. Krishnan, 839 S.W.2d 132 | 307A+695 | If special exceptions to plaintiff's pleadings are sustained, generally plaintiff must then be given an opportunity to amend before cause may be dismissed for failure to state cause of action; however, trial court need not give plaintiff opportunity to amend when pleading defect is of type that amendment cannot cure. Vernon's Ann.Texas Rules Civ.Proc., Rule 91. | "If special exceptions to a plaintiff's pleadings are sustained, should a plaintiff then be given an opportunity to amend before cause can be dismissed for failure to state cause of action?" | 040324.docx | LEGALEASE-00161080-LEGALEASE-00161081 |
| Albrecht v. Bd. of Trustees of Internal Imp. Tr. Fund, 481 So. 2d 555 | 307A+695 | Generally, trial court must allow litigant opportunity to amend complaint before dismissing its suit with prejudice unless it is clear that pleading cannot be amended so as to state cause of action. | Should a trial court allow a litigant an opportunity to amend a complaint before dismissing its suit with prejudice? | 040334.docx | LEGALEASE-00161104-LEGALEASE-00161105 |
| Villarreal v. San Antonio Truck & Equip., 974 S.W.2d 275 | 307A+582 | In addition to the trial court's authority to dismiss a case for want of prosecution provided by the rules of civil procedure, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the trial court have the inherent power to dismiss when a plaintiff does not prosecute its case with diligence? | 040393.docx | LEGALEASE-00160628-LEGALEASE-00160629 |
| Barazi v. Eckoldt, 180 S.W.3d 507 | 307A+583 | Although trial courts have the inherent authority to dismiss a case for failure to prosecute with due diligence, the decision must be made within the exercise of sound judicial discretion. | Do courts have the inherent authority to dismiss a case for failure to prosecute with due diligence? | 040479.docx | LEGALEASE-00161263-LEGALEASE-00161264 |
| Bender v. Schallerer, 9 Ill. App. 3d 951 | 30+3206 | A determination of whether there has been a lack of diligent prosecution rests within the sound discretion of trial court and that determination will not be disturbed upon appeal unless reviewing court finds that trial court abused its discretion. | Does the determination of existence of lack of diligent prosecution rest within sound discretion of trial court? | Pretrial Procedure - Memo 11774 - C - BP_65640.docx | ROSS-003293697-ROSS-003293698 |
| Appeal of Callery, 272 Pa. 255 | 371+2003 | To justify the imposition of a tax, without a statute plainly warranting it, it is not enough to show that the absence of a tax works an injustice in permitting many persons to escape taxation. | "To justify the imposition of a tax without a statute plainly warranting it,is it enough to show that the absence of a tax works an injustice?" | 046302.docx | LEGALEASE-00161697-LEGALEASE-00161698 |
| State v. Watts, 244 N.W.2d 586 | 135H+95.1 | Declaration of mistrial prior to verdict does not in itself bar retrial as trial court has considerable discretion in opting for a mistrial based on procedural error. | Does a declaration of mistrial prior to verdict not in itself bar retrial as a trial court has considerable discretion in opting for a mistrial based on procedural error? | 015519.docx | LEGALEASE-00162570-LEGALEASE-00162571 |
| Schindler v. Bank of New York Mellon Tr. Co., 190 So. 3d 102 | 307A+690 | A trial court cannot dismiss a case with prejudice under rule governing involuntary dismissal for failure to amend if it has not first notified the offending party of the consequences of failing to amend. West's F.S.A. RCP Rule 1.420(b). | Can a trial court dismiss a case with prejudice for failure to amend if it has not first notified the offending party of the consequences of failing to amend? | Pretrial Procedure - Memo 11543 - C - NS_65976.docx | ROSS-003312424-ROSS-003312425 |
| In re Valliance Bank, 422 S.W.3d 722 | 307A+697 | A trial court has plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Does a trial court have plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution? | Pretrial Procedure - Memo 11805 - C - MS_66434.docx | ROSS-003278356-ROSS-003278357 |
| Valley Peat & Humus v. Sunnylands, 398 Pa. Super. 400 | 307A+697 | When entering non pros judgment or when granting petition to open non pros judgment, trial court is bound to consider prejudice to adverse party. | "When entering non pros judgment or when granting petition to open non pros judgment, is a trial court bound to consider prejudice to an adverse party?" | Pretrial Procedure - Memo 11816 - C - MS_66100.docx | ROSS-003293827-ROSS-003293828 |
| K.P. v. Reed, 626 So. 2d 1241 | 307A+583 | Entry of judgment of dismissal for want of prosecution in absence of clear record of delay, willful default, or contumacious conduct by plaintiff constitutes abuse of discretion. | Is the entry of judgment of dismissal for want of prosecution in absence of clear record of delay, willful default constitute abuse of discretion? | Pretrial Procedure - Memo 12101 - C - PB_67076.docx | ROSS-003281598-ROSS-003281599 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hernandez-Zuniga v. Tickle, 374 S.C. 235 | 413+186 | In determining jurisdictional questions, it must be kept in mind that the basic purpose of the workers' compensation law is the inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion; however, a construction should not be adopted that does violence to the specific provisions of the workers' compensation law. | "In determining jurisdiction, is the basic purpose of the Workmens Compensation Act the inclusion of employers and employees, not their exclusion?" | Workers' Compensation - Memo 713 - C - ANC_67083.docx | ROSS-003282881-ROSS-003282882 |
| Black v. McDermott Int'l Inc., 692 So. 2d 724 | 413+186 | To be entitled to statutory employer tort immunity under two-contract theory, general contractor/principal must prove that he or she entered general contract to do certain work prior to entering contract with plaintiff's employer to perform part of that work. LSA-R.S. 23:1032, 23:1061. | Does the two-contract theory require that the general contractor prove that he entered into a general contract to do a certain work prior to entering into his contract with the plaintiffs employer to perform part of that work? | 048731.docx | LEGALEASE-00162697-LEGALEASE-00162698 |
| Brewbaker v. State Bd. of Regents, 843 N.W.2d 466 | 135H+25 | A civil penalty imposed after a criminal penalty will constitute multiple punishments in violation of the Double Jeopardy Clause when the sanction, as applied in the individual case, serves the goal of punishment; however, if the civil sanction is remedial, the Double Jeopardy Clause is not violated. U.S.C.A. Const.Amend. 5. | Will a civil penalty imposed after a criminal penalty constitutes multiple punishments in violation of the Double Jeopardy Clause? | Double Jeopardy - Memo 141 - C - SKG_66385.docx | ROSS-003280273-ROSS-003280274 |
| Brewbaker v. State Bd. of Regents, 843 N.W.2d 466 | 135H+25 | A civil penalty imposed after a criminal penalty will constitute multiple punishments in violation of the Double Jeopardy Clause when the sanction, as applied in the individual case, serves the goal of punishment; however, if the civil sanction is remedial, the Double Jeopardy Clause is not violated. U.S.C.A. Const.Amend. 5. | Will a civil penalty imposed after a criminal penalty constitutes multiple punishments in violation of the Double Jeopardy Clause? | 015077.docx | LEGALEASE-00162847-LEGALEASE-00162848 |
| United States v. Williams, 720 F.3d 674 | 135H+25 | So long as it is not punitive in nature, a civil forfeiture action does not implicate double jeopardy and is merely a different aspect of a single prosecution. U.S.C.A. Const.Amend. 5. | "So long as it is not punitive in nature, does a civil forfeiture action not implicate double jeopardy and is merely a different aspect of a single prosecution?" | Double Jeopardy - Memo 142 - C - SKG_66386.docx | ROSS-003293610-ROSS-003293611 |
| United States v. Harriman, 130 F. Supp. 198 | 135H+95.1 | If a case is taken from the jury without evident necessity and for matter of convenience, a second trial for the same offense will amount to double jeopardy. U.S.C.A. Const.Amend. 5. | "If a case is taken from the jury without evident necessity and for matter of convenience, will a second trial for the same offense amount to double jeopardy?" | 015583.docx | LEGALEASE-00162885-LEGALEASE-00162886 |
| State v. Enriquez-Beltran, 9 Neb. App. 459 | 135H+25 | Generally, the double jeopardy clause prevents both property or money forfeiture proceedings and criminal charges against a defendant arising from the same incident. U.S.C.A. Const.Amend. 5. | "Generally, does the double jeopardy clause prevent both property or money forfeiture proceedings and criminal charges against a defendant arising from the same incident?" | Double Jeopardy - Memo 209 - C - KS_66959.docx | ROSS-003285024 |
| United States v. Jones, 111 F.3d 597 | 135H+25 | A single coordinated prosecution involving both civil forfeiture proceedings and criminal proceedings does not violate double jeopardy clause, as civil and criminal proceedings in such a situation are merely different aspects of a single prosecution. U.S.C.A. Const.Amend. 5. | Does a single coordinated prosecution involving both civil forfeiture proceedings and criminal proceedings not violate a double jeopardy clause? | Double Jeopardy - Memo 215 - C - VP_66738.docx | ROSS-003296589-ROSS-003296590 |
| Helvering v. Mitchell, 303 U.S. 391 | 135H+23 | Congress may impose both a criminal and a civil sanction in respect to the same act or omission, since the double jeopardy clause of the Constitution prohibits merely punishing twice or attempting a second time to punish criminally for the same offense. U.S.C.A.Const. Amend. 5. | Can Congress impose both a criminal and a civil sanction in respect to a same act or omission? | 015143.docx | LEGALEASE-00163461-LEGALEASE-00163462 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Levine, 905 F. Supp. 1025 | 135H+25 | Jeopardy attaches in civil forfeiture proceeding at beginning of hearing, when evidence is first presented to trier of fact; jeopardy does not attach when defendant does not make claim and thus does not become party to forfeiture, nor does it attach when there is no trial and property sought to be forfeited is forfeited without opposition. U.S.C.A. Const.Amend. 5. | "For double jeopardy purposes, does jeopardy attach in a civil forfeiture proceeding when evidence is first presented to the trier of fact?" | 015174.docx | LEGALEASE-00163529-LEGALEASE-00163530 |
| United States v. Barber, 906 F. Supp. 424 | 135H+25 | In determining if prior civil forfeiture implicates double jeopardy, there are three key determinations: whether civil forfeiture constitutes "punishment" for double jeopardy purposes; whether civil forfeiture and criminal conviction are punishment for same offense; and whether civil forfeiture and criminal prosecution are separate proceedings. U.S.C.A. Const.Amend. 5. | "In determining if prior civil forfeiture implicates double jeopardy, are there three key determinations?" | 015183.docx | LEGALEASE-00163599-LEGALEASE-00163600 |
| Ex parte Ariza, 913 S.W.2d 215 | 135H+25 | Where a fixed-penalty provision imposes a sanction overwhelmingly disproportionate to damage caused, offender is entitled to accounting of government's damages to determine whether the sanction constitutes punishment for double jeopardy purposes. U.S.C.A. Const.Amend. 5. | "Where a fixed-penalty provision imposes a sanction overwhelmingly disproportionate to damage caused, is an offender entitled to an accounting of a government's damages?" | Double Jeopardy - Memo 251 - C - PB_66770.docx | ROSS-003295600-ROSS-003295601 |
| State v. Tilley, 104 S.W.3d 814 | 135H+96 | Appellate courts are especially wary of claims that a trial court erred in failing to grant a mistrial sua sponte in criminal cases; generally, the double jeopardy clause of the Fifth Amendment to the United States Constitution bars retrial if a judge grants a mistrial in a criminal case without the defendant's request or consent. U.S.C.A. Const.Amend. 5. | Are appellate courts especially wary of claims that a trial court erred in failing to grant a mistrial sua sponte in criminal cases? | 015232.docx | LEGALEASE-00163027-LEGALEASE-00163028 |
| United States v. Ham, 58 F.3d 78 | 135H+96 | If defendant has opportunity to object to trial court's dismissal of the jury before it decides discrete portion of the case, but fails to do so, defendant impliedly consents to jury's dismissal and cannot raise a double jeopardy defense to further prosecution before a second jury. U.S.C.A. Const.Amend. 5. | Can defendants not raise a double jeopardy defense to further prosecution before a second jury? | 015258.docx | LEGALEASE-00163137-LEGALEASE-00163138 |
| United States v. Standefer, 948 F.2d 426 | 135H+96 | Absent prosecutorial misconduct, when mistrial is declared at request of criminal defendant, double jeopardy clause does not bar second prosecution; however, double jeopardy principles are implicated when defendant's mistrial motion results from prosecutorial misconduct. U.S.C.A. Const.Amend. 5. | "Absent prosecutorial misconduct, when mistrial is declared at a request of a criminal defendant, does a double jeopardy clause not bar a second prosecution?" | 015348.docx | LEGALEASE-00163342-LEGALEASE-00163343 |
| Ex parte Fife, 49 S.W.3d 35 | 135H+99 | Court may not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial, but, rather, the court must look at the facts that precipitated the mistrial and, if a defendant had no other recourse or remedy other than a mistrial, double jeopardy will prevent retrial. U.S.C.A. Const.Amend. 5. | Can a court not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial? | 015461.docx | LEGALEASE-00163541-LEGALEASE-00163542 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U. S. ex rel. Russo v. Superior Court of New Jersey, Law Div., Passaic Cty., 483 F.2d 7 | 135H+95.1 | Factors to be considered in determining whether declaration of mistrial precludes subsequent prosecution include possibility of manipulation inherent in procedure complained of, alternatives available at time of declaration of mistrial and presence of important countervailing interest of proper judicial administration; even where there is no possibility of manipulation or prejudice beyond that of undergoing another trial, the double jeopardy clause will bar reprosecution unless there is an important countervailing interest of proper judicial administration. U.S.C.A.Const. Amend. 5. | "In reviewing a trial court's declaration of mistrial, should a court look at a possibility of manipulation inherent in a procedure complained of?" | 015549.docx | LEGALEASE-00163733-LEGALEASE-00163734 |
| Carter v. State Farm Mut. Auto. Ins. Co., 808 A.2d 466 | 110+878(4) | Jury's finding of guilty of voluntary manslaughter as a lesser included offense of felony murder, but not guilty of voluntary manslaughter as a lesser included offense of malice murder, did not constitute repugnant verdicts that could not be reconciled; the two voluntary manslaughter verdicts were merely two different offenses upon which the jury was free to find defendant guilty or not guilty based on the facts of the case as interpreted by the jury, as defendant must have had an intent to kill in order for voluntary manslaughter to serve as a potential lesser included offense of malice murder, but need not have had any intent to kill for voluntary manslaughter to mitigate the circumstances that would otherwise constitute felony murder. West's Ga.Code Ann. SS 16-5-1(a), 16-5-2. | Does felony murder differ from malice murder and voluntary manslaughter? | 019401.docx | LEGALEASE-00164028-LEGALEASE-00164029 |
| Stroll v. Long Island Jewish Med. Ctr., 151 A.D.3d 789 | 307A+697 | In order to vacate dismissal for failure to prosecute, a plaintiff is required to demonstrate a justifiable excuse for her default, as well as the existence of a potentially meritorious cause of action. McKinney's CPLR 3216(e). | In order to vacate a dismissal for failure to prosecute is a plaintiff required to demonstrate a justifiable excuse for her default? | 040686.docx | LEGALEASE-00163080-LEGALEASE-00163081 |
| Stromberg Carlson Leasing Corp. v. Cent. Welding Supply Co., 750 S.W.2d 862 | 307A+697 | Motion for reinstatement essentially provides opportunity for dismissed plaintiff to explain failure to prosecute with due diligence and to request court to reconsider decision to dismiss. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a motion for reinstatement essentially provide an opportunity for a dismissed plaintiff to explain failure to prosecute with due diligence? | Pretrial Procedure - Memo 11988 - C - SHB_66697.docx | ROSS-003279334-ROSS-003279335 |
| Bryant v. State, 282 Ga. 631 | 307A+695 | In the civil context, dismissing a complaint without granting at least one opportunity to amend is considered an abuse of discretion unless the complaint is not amendable. | "In the civil context, is dismissing a complaint without granting at least one opportunity to amend considered an abuse of discretion unless the complaint is not amendable?" | Pretrial Procedure - Memo 12042 - C - PB_67054.docx | ROSS-003281641-ROSS-003281642 |
| Brim Laundry Mach. Co. v. Washex Mach. Corp., 854 S.W.2d 297 | 30+3206 | Trial court may dismiss case for want of prosecution under its inherent power to control its docket, subject to abuse of discretion review. | "Can courts dismiss case for want of prosecution under its inherent power to control its docket, subject to abuse of discretion review?" | Pretrial Procedure - Memo 12150 - C - VP_66727.docx | ROSS-003283591-ROSS-003283592 |
| Ashby & Geddes, P.A. v. Brandt, 806 F. Supp. 2d 752 | 13+27(1) | Under Delaware law, in the context of legal malpractice, a claimant cannot assert both negligence and breach of contract claims based on the same conduct because tort claims and breach of contract claims are not alternative theories of recovery for the same acts. | "In the context of legal malpractice, can a claimant assert both negligence and breach of contract claims based on the same conduct?" | Action - Memo 942 - C _1rx9j_fS-lLooWzRlxdRWCKOy8znYBWWc.docx | ROSS-000000020 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Whiteside v. Teltech Corp., 940 F.2d 99 | 25T+186 | Under Federal Arbitration Act, federal district court had no right to stay federal proceedings brought under Act even if similar action between parties was pending in state court; district court had to proceed with suit to compel arbitration of employment dispute even though dispute sought to be arbitrated was subject of pending state case. 9 U.S.C.A. S 1 et seq. | Does a federal district court have the right to stay the federal proceedings brought under the Federal Arbitration Act (FAA) when a similar action between the parties was pending in the state court? | 008117.docx | LEGALEASE-00165043-LEGALEASE-00165044 |
| Rosen v. Cascade Int'l, 21 F.3d 1520 | 108H+22 | General federal rule of equity is that court may not reach defendant's assets unrelated to underlying litigation and freeze them so that they may be preserved to satisfy potential money judgment. | Can a court reach the defendants assets unrelated to the underlying litigation and freeze them to satisfy a potential money judgement? | Creditors' Remedies - Memo 26 - RK_67495.docx | ROSS-003284427-ROSS-003284428 |
| Chaara v. Intel Corp., 410 F. Supp. 2d 1080 | 135+2 | "Domicile" is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another, and for adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. | "For adults, is domicile established by a physical presence in a place in connection with a certain state of mind concerning one's intent to remain there?" | 014579.docx | LEGALEASE-00164222-LEGALEASE-00164223 |
| Miller v. State, 1972 OK CR 327 | 135H+30 | The repeated use of a weapon to commit multiple separate crimes is not, for purposes of double jeopardy analysis, the very same behavior, precluding its use to separately enhance the resulting convictions; rather, the use of a single deadly weapon during the commission of separate offenses may enhance the level of each offense. | Can the use of a single deadly weapon during the commission of separate offenses enhance the level of each offense? | 014968.docx | LEGALEASE-00164823-LEGALEASE-00164824 |
| Miller v. State, 1972 OK CR 327 | 135H+30 | The repeated use of a weapon to commit multiple separate crimes is not, for purposes of double jeopardy analysis, the very same behavior, precluding its use to separately enhance the resulting convictions; rather, the use of a single deadly weapon during the commission of separate offenses may enhance the level of each offense. | Can the use of a single deadly weapon during the commission of separate offenses enhance the level of each offense? | Double Jeopardy - Memo 1207 - C - NE.docx | LEGALEASE-00054139-LEGALEASE-00054140 |
| Hart v. State, 368 N.C. 122 | 135H+30 | Prohibition against double jeopardy is violated when defendant is convicted and sentenced for two separate crimes which are based upon same act or same conduct, but is not violated by elevating level of multiple felony charges on basis that defendant was armed with deadly weapon while committing separate and distinct crimes. U.S.C.A. Const.Amend. 5. | Is prohibition against double jeopardy violated when defendant is convicted and sentenced for two separate crimes which are based upon same act or same conduct? | 015033.docx | LEGALEASE-00164727-LEGALEASE-00164728 |
| Bartley v. State, 692 S.W.2d 540 | 135H+95.1 | A cause may be retried when a jury is discharged without rendering a verdict and case reverts to its posture before first trial. Vernon's Ann.Texas C.C.P. art. 36.33. | Can a cause be retried when a jury is discharged without rendering a verdict and case reverts to its posture before a first trial? | 015609.docx | LEGALEASE-00164228-LEGALEASE-00164229 |
| S. Jordan City v. Summerhays, 392 P.3d 855 | 135H+1 | Concept that no person shall be subject for the same offense to be twice put in jeopardy of life or limb, known as double jeopardy, is fundamental to the American scheme of justice and stems from the underlying premise that a defendant should not be twice tried or punished for the same offense. U.S. Const. Amend. 5. | What is known as double jeopardy? | Double Jeopardy - Memo 846 - C - VA_67568.docx | ROSS-003285265 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| White v. State, 132 Ga. App. 62 | 135H+132.1 | Beyond constitutional double jeopardy, other categories of double jeopardy based on statutory construction and common law prohibit multiple convictions or punishments for the same crime; these categories prohibit conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished, as well as conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished. West's A.I.C. Const. Art. 1, S 14. | Do other categories of double jeopardy based on statutory construction and common law prohibit multiple convictions or punishments for the same crime? | 016406.docx | LEGALEASE-00165203-LEGALEASE-00165204 |
| State v. Rodriguez, 521 S.W.3d 1 | 141E+744 | Under the special exception to the search warrant requirement, public school teachers and administrators can search a public school student's locker, desk, person, backpack, or car without a warrant based upon reasonable suspicion rather than probable cause. U.S. Const. Amend. 4. | When is a school official justified to search of a student's backpack? | 017316.docx | LEGALEASE-00164360-LEGALEASE-00164361 |
| German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537 | 233+531 | Under traditional common-law doctrines, lease was not regarded as set of mutually dependent promises effecting contract for sale but, rather, was understood to be conveyance of estate for set term and was subject to unique dictates of property law. | Were leases understood to be a conveyance of an estate according to traditional common law doctrines? | 021022.docx | LEGALEASE-00164961-LEGALEASE-00164962 |
| State v. Jackson, 112 Wash. 2d 867 | 135H+99 | Because of the double jeopardy implications, State bears the burden of demonstrating the manifest necessity of a mistrial declared over the objection of the defendant in a criminal case. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | "Because of the double jeopardy implications, does the State bear the burden of demonstrating the manifest necessity of a mistrial declared over the objection of the defendant in a criminal case?" | 041003.docx | LEGALEASE-00164281-LEGALEASE-00164282 |
| Ex parte Fierro, 79 S.W.3d 54 | 135H+99 | As a general rule, after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a re-trial if the jury is discharged without reaching a verdict; however, exception to this rule exists when the defendant consents to a re-trial or a mistrial is mandated by manifest necessity. U.S.C.A. Const.Amend. 5. | Does an exception to the double jeopardy rule apply when the defendant agrees to a retrial? | 041024.docx | LEGALEASE-00164337-LEGALEASE-00164338 |
| State v. Blackshere, 344 S.W.3d 400 | 135H+59 | Two conditions are necessary to implicate double jeopardy in the context of a State's appeal: (1) jeopardy must have attached, as when a jury is empaneled and sworn in a jury trial, and (2) the State's appeal must threaten the defendant with an impermissible successive trial. U.S.C.A. Const.Amend. 5. | What are the two conditions necessary to implicate double jeopardy in the context of a state's appeal? | Double Jeopardy - Memo 1029 - C - KG_67744.docx | ROSS-003280876-ROSS-003280877 |
| Perez v. State, 266 Ga. App. 82 | 110+867.4 | A manifest necessity for declaring a mistrial exists when the defendant's right to have the trial completed with the same empaneled jury must be subordinated to the public interest in affording the State a fair opportunity to present evidence to an impartial jury, and the ends of substantial justice cannot be attained without discontinuing the trial. | Does the defendant have a right to be tried by the original impaneled jury? | Double Jeopardy - Memo 1037 - C - KI_67859.docx | ROSS-003294499-ROSS-003294500 |
| United States v. Ahrensfield, 698 F.3d 1310 | 135H+1 | Double Jeopardy Clause embodies two vitally important interests, i.e., the principle that state is not permitted to make repeated attempts to convict individual for same offense and interest in preserving finality of judgments. U.S.C.A. Const.Amend. 5. | What is the two vitally important interests double jeopardy clause embodies? | 016105.docx | LEGALEASE-00165853-LEGALEASE-00165854 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Wiley, 389 N.E.2d 1283 | 135H+100.1 | New trial is prohibited even if acquittal was contrary to evidence, questions regarding merits of acquittal being not germane to double jeopardy claim. U.S.C.A.Const. Amend. 5; S.H.A. ch. 38, S 115-4(k). | "Is a new trial prohibited even if acquittal was contrary to evidence, questions regarding merits of acquittal being not germane to double jeopardy claim?" | Double Jeopardy - Memo 822 - C - DHA_67939.docx | ROSS-003291957-ROSS-003291958 |
| Cash v. State, 108 Ga. App. 656 | 135H+100.1 | Where verdict is in legal effect an acquittal, accused cannot be again tried for same offense even though a new trial be granted upon his motion. | "Where a verdict is in legal effect an acquittal, can an accused be tried again for the same offense even though a new trial be granted upon his motion?" | Double Jeopardy - Memo 832 - C - NC_67948.docx | ROSS-003281905-ROSS-003281906 |
| Phillips v. Ct. of Com. Pleas, Hamilton County, Ohio, 668 F.3d 804 | 135H+6 | While the Fifth Amendment's Double Jeopardy Clause protects a criminal defendant from repeated prosecutions for the same offense, thus affording a defendant a valued right to have his trial completed by a particular tribunal, that right is not absolute, and the Clause does not guarantee that the state's interest in enforcing the criminal laws against a defendant will be vindicated in a single trial. U.S.C.A. Const.Amend. 5. | Does the Double Jeopardy Clause guarantee the state's interest in enforcing the criminal laws against a defendant will be vindicated in a single trial? | Double Jeopardy - Memo 884 - C - TJ_67673.docx | ROSS-003281233-ROSS-003281234 |
| State v. Brunson, 327 N.C. 244 | 360+4.1(2) | Although State cannot establish laws, rules, or procedures that would deprive a defendant of his federally guaranteed freedom from former jeopardy, State is free to establish laws, rules, or procedures which preserve a defendant's Fifth Amendment rights and provide even greater protection than the Federal Constitution mandates. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 19. | "Can a state establish laws, rules, or procedures that would deprive a defendant of his federally guaranteed freedom from former jeopardy?" | 016507.docx | LEGALEASE-00165325-LEGALEASE-00165326 |
| Ass'n of Private Colleges & Universities v. Duncan, 870 F. Supp. 2d 133 | 141E+1240 | For purposes of determining whether Department of Education (DOE) regulation had adopted reasonable interpretation of ambiguous statutory command that Department of Education (DOE) Department provide Title IV funding only to schools that prepared students for "gainful employment in a recognized occupation," DOE had not impermissibly transformed requirement that institutions provide eligible program of training into evaluation of each offered program; program-by-program evaluation of sort that DOE established in its gainful employment regulations was not foreclosed by statutory formula that institution became eligible by providing eligible program of training, debt measure rule acknowledged that institutions subject to requirement had to offer at least one eligible program in order for institution to be eligible, DOE could reasonably conclude that Title IV funds could only be used to pursue studies in eligible program, and to read statute otherwise would allow institution to receive federal funding for many ineligible programs simply because institution also offered at least one eligible program. Higher Education Act of 1965, SS 101(b)(1), 102(b)(1)(A)(i), (c)(1)(A), 481(b)(1)(A)(i), 20 U.S.C.A. SS 1001(b)(1), 1002(b)(1)(A)(i), (c)(1)(A), 1088(b)(1)(A)(i); 34 C.F.R. S 668.7(a)(1). | "To be eligible to accept federal funds under Title IV of the Higher Education Act, should the institutions of higher education prepare students for gainful employment in a recognized occupation?" | 017157.docx | LEGALEASE-00166070-LEGALEASE-00166071 |
| Johnson v. GMAC Mortg. Corp., 162 S.W.3d 110 | 307A+695 | Rule that a plaintiff abandons his former pleadings by filing an amended pleading is valid when the original pleading and the amended pleading are addressed to the same defendant or arise from a dismissal with leave to amend. | Is the rule that a plaintiff abandons his former pleadings by filing an amended pleading valid when the original pleading and the amended pleading are addressed to the same defendant or arise from a dismissal with leave to amend? | 040830.docx | LEGALEASE-00166078-LEGALEASE-00166079 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gen. Elec. Capital Corp. v. FPL Serv. Corp., 986 F. Supp. 2d 1029 | 349A+10 | Under Iowa law, to determine whether a lease agreement is properly considered a finance lease or a secured transaction, the court must first consider whether the agreement retained or created a security interest. | "To determine whether a lease agreement is properly considered a finance lease or a secured transaction, should the court first consider whether the agreement retained or created a security interest?" | Secured Transactions - Memo 17 - C - VA_67960.docx | ROSS-003280801-ROSS-003280802 |
| In re APB Online, 259 B.R. 812 | 349A+10 | Under Connecticut law, whether transaction qualifies as a true "lease," or as disguised sale with security agreement, depends upon intention of parties, as determined by facts of case. | "Under Connecticut law, does whether a transaction qualifies as a true ""lease,"" or as disguised sale with security agreement, depend upon intention of parties?" | 042818.docx | LEGALEASE-00166034-LEGALEASE-00166035 |
| Jones v. Sussex I State Prison, 591 F.3d 707 | 135H+132.1 | If the legislature did not intend to punish the same conduct twice, the Double Jeopardy Clause bars two or more punishments for the same offense, and thus prevents the sentencing court from prescribing greater punishment than the legislature intended. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause bar courts from prescribing greater punishment than the legislature intended to impose for a single offense? | 014905.docx | LEGALEASE-00166218-LEGALEASE-00166219 |
| State v. Hart, 119 Vt. 54 | 135H+99 | The question of whether manifest necessity exists for the purposes of double jeopardy in the case of a mistrial depends on the unique facts and circumstances of the case. U.S. Const. Amend. 5. | Does the question of whether manifest necessity exists for the purposes of double jeopardy in the case of a mistrial depend on the unique facts and circumstances of the case? | 015898.docx | LEGALEASE-00166260-LEGALEASE-00166261 |
| Monge v. California, 524 U.S. 721 | 135H+1 | The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. U.S.C.A. Const.Amend. 5. | Does the Double Jeopardy Clause provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be? | Double Jeopardy - Memo 644 - C - PC_68421.docx | ROSS-003281552-ROSS-003281554 |
| Gen. Sec. Servs. Corp. v. Cty. of Fresno, 815 F. Supp. 2d 1123 | 13+27(1) | Under California law, with the exception of bad faith insurance cases, a breach of the covenant of good faith and fair dealing permits a recovery solely in contract. | "With the exception of bad faith insurance cases, does a breach of the covenant of good faith and fair dealing permit a recovery solely in contract?" | Action - Memo 939 - C _13TZDH301wrSpC1iG0LsKQkTtgVhdXmxC.docx | ROSS-000000017 |
| Towers Tenant Ass'n v. Towers Ltd. P'ship, 563 F. Supp. 566 | 13+27(1) | Omission to perform contractual obligation does not ordinarily create cause of action in tort as between contracting parties; rather, action for breach of contract is recognized and appropriate avenue for relief. | Does omission to perform a contractual obligation not ordinarily create a cause of action in tort as between the contracting parties? | Action - Memo 941 - C _1fIuXQAepW0CRuQJLAJbK81E7SRSbgTQt.docx | ROSS-000000019 |
| Natex Corp. v. Paris Indep. Sch. Dist., 326 S.W.3d 728 | 272+1506 | To distinguish between tort and contract claims, for purposes of determining whether plaintiff bringing an action against a licensed professional is required to file a certificate of merit, a contractual relationship between the parties may create duties under both contract and tort law, and the acts of a party may breach duties in tort or contract alone or simultaneously in both; the nature of the remedy is instructive on the issue. V.T.C.A., Civil Practice & Remedies Code S 150.002(a) (2009). | "To distinguish between tort and contract claims, can a contractual relationship between the parties create duties under both contract and tort law?" | Action - Memo 956 - C _14ixf8cpq_rhs6pX0Iz34cllGxJcItqUv.docx | ROSS-000000039-ROSS-000000040 |
| In re Fed.-Mogul Glob., 526 B.R. 567 | 13+27(1) | In order for plaintiff to bring a tort claim along with a contract claim, alleged tortfeasor must have violated some independent legal duty apart from that imposed by contract. | "In order for plaintiff to bring a tort claim along with a contract claim, should an alleged tortfeasor have violated some independent legal duty apart from that imposed by contract?" | Action - Memo 970 - C _1OGPnb6ov7edZNediBHg8cn-nRK8M0sg8.docx | ROSS-000000065-ROSS-000000066 |
| United States v. Tomblin, 46 F.3d 1369 | 63+14 | By requiring jury to find that official accepted item of value in return for official's acts and that defendant promised something of value to official "with intent to influence an official act," pattern instructions adequately explained reciprocity element of quid pro quo required under bribery statutes. 18 U.S.C.A. S 201; 5th Cir. Crim. PJI 2.12, 2.13. | Can jury instructions on bribery include an explanation of the reciprocity element of quid pro quo? | Bribery - Memo 1133 - C - AV.docx | LEGALEASE-00056194-LEGALEASE-00056195 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. v. Jackson, 904 F. Supp. 118 | 63+14 | Jury instruction explaining that defendant does not commit bribery unless gift or favor is made with intent to influence official action in exchange for it adequately covered issues raised at trial and accurately stated law, despite claim that instruction should have specified particular quid pro quo element alleged in indictment, which asserted that administrator and marketing representative of psychiatric hospital had paid employee assistance counselor with Postal Service $3,000 per month for referral of three patients per month to psychiatric hospital. | Is bribery jury instruction misleading by explaining that a defendant does not commit bribery unless a gift or favor is made with intent to influence official action? | Bribery - Memo 1134 - C - AV.docx | LEGALEASE-00056196-LEGALEASE-00056197 |
| In re Marriage of Ham, 59 S.W.3d 326 | 307A+695 | Judgment dismissing the action is not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend and either stands by the original pleadings or submits defective amended pleadings. | Is judgment dismissing the action not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend? | Pretrial Procedure - Memo 12052 - C - KG_68728.docx | ROSS-003306901-ROSS-003306902 |
| S.C. Rentals v. Arthur, 187 B.R. 502 | 349A+10 | Determination of whether consumer rental-purchase is security agreement or true lease should be made according to factors set forth in South Carolina Uniform Commercial Code (UCC) and existing case law. S.C.Code 1976, S 36-1-201(37). | Should the determination of whether a consumer rental-purchase is a security agreement or true lease be made according to factors? | 042688.docx | LEGALEASE-00167077-LEGALEASE-00167078 |
| In re Durham, 260 B.R. 383 | 349A+10 | Determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law, and often dependent upon the peculiar facts of each creditor-debtor relationship. | Does state law determine whether an agreement constitutes a true lease or security agreement? | Secured Transactions - Memo 147 - C - CK_68473.docx | ROSS-003281367-ROSS-003281368 |
| In re APB Online, 259 B.R. 812 | 349A+10 | Under Connecticut law, when deciding whether transaction constitutes true "lease" or disguised sale with security agreement, court must look beyond form to substance of parties' agreement, and may consider parties' surrounding negotiations. | When should a court examine facts and circumstances of a transaction to determine whether a lease is lease or sale with security agreement? | 042890.docx | LEGALEASE-00167111-LEGALEASE-00167112 |
| Greater Poughkeepsie Library Dist. v. Town of Poughkeepsie, 81 N.Y.2d 574 | 371+2016 | To prevent local usurpation of taxing power, delegation of such power to legislative bodies of municipalities and quasi-municipal corporations must specify types of taxes which may be imposed and provide for some type of administrative or judicial review. McKinney's Const. Art. 16, S 1. | What should be done to prevent local usurpation of taxing power that is delegated to legislative bodies of municipalities and quasi-municipal corporations? | 046571.docx | LEGALEASE-00166555-LEGALEASE-00166556 |
| Campbell v. Area Vocational Tech. Sch. No. 2, 183 Neb. 318 | 1.41E+38 | School district is creature of legislature and its purpose is to fulfill constitutional duty placed upon legislature to encourage schools and means of instruction; it is a governmental subdivision to which authority to levy taxes may properly be delegated under state Constitution. R.R.S.1943, SS 79-1445.18, 79-1445.23. | Can a school district have authority to levy taxes delegated to it under state Constitution? | 046614.docx | LEGALEASE-00166703-LEGALEASE-00166704 |
| Peters v. Lincoln Elec. Co., 285 F.3d 456 | 21+1 | While an affidavit is required to be sworn to by the affiant in front of an officer authorized to administer oaths, a federal statute allows for unsworn declarations under penalty of perjury to support any matter that legally requires an affidavit to support it. 28 U.S.C.A. S 1746. | Can unsworn declarations and statements be allowed under penalty of perjury to support any matter that legally requires an affidavit to support it? | 07307.docx | LEGALEASE-00077615-LEGALEASE-00077616 |
| Peters v. Lincoln Elec. Co., 285 F.3d 456 | 21+1 | While an affidavit is required to be sworn to by the affiant in front of an officer authorized to administer oaths, a federal statute allows for unsworn declarations under penalty of perjury to support any matter that legally requires an affidavit to support it. 28 U.S.C.A. S 1746. | Can unsworn declarations and statements be allowed under penalty of perjury to support any matter that legally requires an affidavit to support it? | 06058.docx | LEGALEASE-00077703-LEGALEASE-00077704 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gen. Tel. Co. of Sw. v. Bi-Co Pavers, 514 S.W.2d 168 | 386+2 | A "trespass" is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although the actor may not know that the act he intends to commit is such a violation. | Can a person be made liable for trespass even though the actor did not know his conduct would result in trespass but his actions were practically certain to have that effect? | 13367.docx | LEGALEASE-00081405-LEGALEASE-00081406 |
| Bainbridge v. Travelers Cas. Co. of Connecticut, 159 P.3d 748 | 366+1 | Equitable subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | Is the purpose of equitable subrogation to require the ultimate discharge of debt by person who in equity and good conscience ought to pay it? | 05082.docx | LEGALEASE-00083744-LEGALEASE-00083745 |
| Navajo Nation v. United States Dep't of Interior, 852 F.3d 1124 | 209+139 | Congress enacted the Indian Self-Determination and Education Assistance Act (ISDEAA) to help Indian tribes assume responsibility for programs or services that a federal agency would otherwise provide to the tribes' members. 25 U.S.C.A. S 5301 et seq. | Why did the Congress enact the Indian Self-Determination and Education Assistance Act (ISDEAA)? | 00825.docx | LEGALEASE-00083977-LEGALEASE-00083978 |
| Prestridge v. Lazar, 132 Miss. 168 | 366+1 | The doctrine of subrogation applies wherever any person other than a mere volunteer pays a debt or demand which in equity or good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable, or where one has such an interest in property as makes it necessary for him to get in an outstanding claim or equity for its protection. | When is the doctrine of equitable subrogation applied? | 00844.docx | LEGALEASE-00083983-LEGALEASE-00083984 |
| Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | Equitable subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. | Does equitable subrogation arise by operation of law? | Subrogation - Memo 363 - SD.docx | ROSS-003326643-ROSS-003326645 |
| Turner v. Hunt, 131 Tex. 492 | 13+63 | Whether right is lost by laches arising out of failure to institute suit after accrual of cause of action is usually determinable by the period of limitation fixed by statute. | Is a question of whether the right is lost by laches arising out of failure to institute suit after accrual of cause of action usually determinable by the period of limitation fixed by statute? | 01667.docx | LEGALEASE-00092026-LEGALEASE-00092028 |
| Turner v. Hunt, 131 Tex. 492 | 13+63 | Whether right is lost by laches arising out of failure to institute suit after accrual of cause of action is usually determinable by the period of limitation fixed by statute. | Is a question of whether the right is lost by laches arising out of failure to institute suit after accrual of cause of action usually determinable by the period of limitation fixed by statute? | 02180.docx | LEGALEASE-00092094-LEGALEASE-00092096 |
| Endless Ocean v. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 A.D.3d 587 | 307A+561.1 | A motion to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Can a motion to dismiss a complaint based on documentary evidence be granted? | 10955.docx | LEGALEASE-00094053-LEGALEASE-00094054 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does court have power to dismiss action shown to be sham, fictitious, or without merit? " | 11169.docx | LEGALEASE-00094252-LEGALEASE-00094253 |
| Thomas v. Pers. Representative of the Estate of Deloach, 400 So. 2d 204 | 307A+590.1 | Any record activity filed by a party or the court within the year prior to motion to dismiss for failure to prosecute which is intended to move the cause to judgment precludes dismissal. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.420(e). | Does any record activity filed by a party or the court within the year prior to a motion to dismiss for failure to prosecute preclude dismissal? | 11152.docx | LEGALEASE-00094483-LEGALEASE-00094484 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. Merrill Lynch, Pierce, Fenner & Smith, 604 So. 2d 332 | 307A+563 | Dismissal for failure to comply with court order is warranted where there is clear record of delay, willful default or contumacious conduct by plaintiff. Rules Civ.Proc., Rule 41(b). | "Is dismissal for failure to comply with a court order warranted where there is clear record of delay, willful default or contumacious conduct by plaintiff? " | 10833.docx | LEGALEASE-00094499-LEGALEASE-00094500 |
| Baker v. Fender, 614 So. 2d 14 | 307A+563 | Lack of compliance with trial judge's order to plead with more specificity before discovery was not basis for dismissal with prejudice for failure to state cause of action. | Is a lack of compliance with a trial judge's order to plead with more specificity before discovery not a basis for dismissal with prejudice for failure to state cause of action? | 10896.docx | LEGALEASE-00094725-LEGALEASE-00094726 |
| Taylor v. Smith, 171 W. Va. 665 | 307A+590.1 | The word "proceeding" as used in two-year rule relating to dismissal must be broadly construed to include any step or measure taken in either prosecution or defense of action, except a continuance. Rules Civ.Proc., Rule 41(b). | " Should the word ""proceeding"" as used in two-year rule relating to dismissal be broadly construed to include any step?" | 10485.docx | LEGALEASE-00095248-LEGALEASE-00095249 |
| Armstrong v. Elmore, 990 S.W.2d 62 | 30+19 | The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction, and, when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Question Is a case moot and to be dismissed where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible? | 10000.docx | LEGALEASE-00095389-LEGALEASE-00095390 |
| Allstate Ins. Co. v. Bucelo, 650 So. 2d 1128 | 307A+590.1 | Nonrecord activities such as attempted settlement negotiations do not constitute good cause to preclude dismissal for lack of prosecution under rule of civil procedure. West's F.S.A. RCP Rule 1.420(e). | Do nonrecord activities not constitute good cause to preclude a dismissal for lack of prosecution under a rule of civil procedure? | 09808.docx | LEGALEASE-00096328-LEGALEASE-00096329 |
| Cramer v. United States, 325 U.S. 1 | 384+6 | The minimum function that an "overt act" must perform in treason prosecution is that it show sufficient action by accused, in its setting, to sustain a finding that accused actually gave aid and comfort to the enemy. Cr.Code S 1, 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3. | What is the minimum function that an overt act must perform in a treason prosecution? | 10079.docx | LEGALEASE-00096403-LEGALEASE-00096404 |
| Lang v. Mason, 911 So. 2d 167 | 307A+590.1 | As first step of two-step analysis used to determine whether dismissal for lack of prosecution is appropriate sanction, moving party must demonstrate that there was no record activity for year preceding filing of its motion to dismiss. West's F.S.A. RCP Rule 1.420. | Should a moving party demonstrate that there was no record activity for year preceding filing of its motion to dismiss? | 09941.docx | LEGALEASE-00096414-LEGALEASE-00096415 |
| Food Chem. News v. Davis, 378 F. Supp. 1048 | 316P+861 | Purpose of the Federal Advisory Committee Act of 1972 is to control the advisory committee process and to open to public scrutiny the manner in which government agencies obtain advice from private individuals. 5 U.S.C.A. App. I, SS 3(2), 9(a-c). | "Does Federal Advisory Committee Act, 1972 deal with government agencies obtaining advice from private individuals? " | Administrative Law - Memo 12 - JS.docx | ROSS-003284996-ROSS-003284998 |
| Corum v. Hartford Acc. & Indem. Co., 67 Cal. App. 2d 891 | 302+192(2) | Ordinarily a demurrer for uncertainty does not lie where facts alleged in complaint show a superior knowledge of a particular fact on part of demurring party and it appears that defendant is not injured as result of failure to allege particularly that which is alleged generally. | Will a demurrer for uncertainty lie when the facts are within the knowledge of the demurring parties? | 022965.docx | LEGALEASE-00123510-LEGALEASE-00123511 |
| Haney v. N. Dakota Workers Comp. Bureau, 518 N.W.2d 195 | 413+1 | Regardless of its value to employers or employees, legislative decision to extend workers' compensation coverage to any group is a matter of legislative grace, and because the legislature created the remedy, it can impose reasonable limits on it. | Is the legislative decision to extend workers compensation coverage to any group a matter of legislative grace? | 048524.docx | LEGALEASE-00127346-LEGALEASE-00127347 |
| Cormier v. Clemco Servs. Corp., 48 F.3d 179 | 413+1 | Liability for workers' compensation is unitary obligation for indeterminate amount, which the law directs shall be made in a series of regular payments. | "Is the liability for workers compensation a unitary obligation for an indeterminate amount, which the law directs shall be made in a series of regular payments?" | 048498.docx | LEGALEASE-00127485-LEGALEASE-00127486 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Log Cabin Republicans v. United States, 716 F. Supp. 2d 884 | 92+1186 | Review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society. U.S.C.A. Const.Amend. 1. | Is the review of military regulations challenged on First Amendment grounds more deferential than constitutional review of similar laws or regulations designed for civilian society? | 008336.docx | LEGALEASE-00128082-LEGALEASE-00128083 |
| State, Dep't of Health & Welfare v. Housel, 140 Idaho 96 | 307A+501 | Generally, voluntary dismissal under statute providing for dismissal by notice or by stipulation of parties is a matter of right; plaintiff need not obtain a court's consent to do so. Rules Civ.Proc., Rule 41(a)(1). | Is a voluntary dismissal under statute providing for dismissal by notice or by stipulation of parties a matter of right and plaintiff need not obtain a court's consent to do so? | 039445.docx | LEGALEASE-00128371-LEGALEASE-00128372 |
| Feykert v. Hardy, 213 Cal. App. 2d 67 | 307A+749.1 | When filed, pretrial conference order, unless modified at or before trial, supersedes issues raised by pleadings and controls subsequent course of case. Cal.Rules of Court, rule 216. | "When filed, does a pretrial conference order supersede issues raised by pleadings and controls subsequent course of a case?" | 028080.docx | LEGALEASE-00132155-LEGALEASE-00132156 |
| United States v. Copeland, 143 F.3d 1439 | 63+1(1) | Only those contractual relationships constituting some form of federal assistance fall within scope of anti-bribery statute; thus, organizations engaged in purely commercial transactions with federal government are not subject to the statute. 18 U.S.C.A. S 666(b). | What type of relationships and transactions with the federal government fall within the scope of the anti-bribery statute? | 011705.docx | LEGALEASE-00136638-LEGALEASE-00136639 |
| Brown v. Kidney & Hypertension Assocs., L.L.P., 5 So. 3d 258 | 307A+590.1 | The mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. LSA-C.C.P. art. 561. | Is the mere intention to take a step in the prosecution or defense of the claim without having actually taken such a step insufficient to interrupt the abandonment period? | 036122.docx | LEGALEASE-00148026-LEGALEASE-00148027 |
| Wisconsin Interscholastic Athletic Ass'n v. Gannett Co., 716 F.Supp.2d 773 | 92+1970 | Venues for sporting events were non-public fora, for purposes of action brought by high school athletic association and online publisher against newspaper publisher and media association, seeking declaration that formation of exclusive licensing agreement for live Internet streaming of tournament events did not violate First Amendment; venues were operated in government's proprietary capacity rather than for political purpose, and intent and nature of fora were primarily commercial. U.S.C.A. Const.Amend. 1. | Can a high school athletic association form an exclusive licensing agreement? | 017335.docx | LEGALEASE-00150496-LEGALEASE-00150497 |
| Intech Metals v. Meyer, Wagner & Jacobs, 2016 PA Super 299, 153 A.3d 406 | 307A+581 | To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; second, the plaintiff must have no compelling reason for the delay; finally, the delay must cause actual prejudice to the defendant. | Where can the judgment of non pros be entered? | 037388.docx | LEGALEASE-00151224-LEGALEASE-00151225 |
| James B. Bonham Corp. v. City of Corsicana, 528 S.W.3d 554 | 307A+583 | A trial court may dismiss a suit under rule of civil procedure governing dismissal for want of prosecution when a suit is not disposed of within the time standards given by the Supreme Court. Tex. R. Civ. P. 165a. | Can the court dismiss a case for want of prosecution when case has not been disposed of within Supreme Court's time standard? | 038317.docx | LEGALEASE-00152677-LEGALEASE-00152678 |
| Supervisors of Washington Cty. v. Saltville Land Co., 99 Va. 640 | 200+121 | In the absence of constitutional restrictions, the Legislature may impose upon a taxing district, such as a town, the duty of keeping in repair the streets and roads within, and relieve it from taxation for roads without, its limits. The Legislature judges finally and conclusively upon this question. Section 2 of Article VII of the Constitution of this State does not restrain the Legislature in this respect, and it may exempt lands lying within a town from the payment of a county road tax. | "Can the Legislature impose upon a taxing district, the duty of keeping in repair the streets androads?" | 019187.docx | LEGALEASE-00154081-LEGALEASE-00154082 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| O'Toole v. Eyelets for Indus., 148 Conn. App. 367 | 307A+554 | When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light; in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In deciding a jurisdictional question raised by a pre-trial motion to dismiss, should a court take the facts to be those alleged in the complaint?" | 024458.docx | LEGALEASE-00155847-LEGALEASE-00155848 |
| Neagle v. Brooks, 373 F.2d 40 | 307A+693.1 | An order of state trial court dismissing action puts an end to that action unless modified or set aside by that court or reversed by supreme court of that state. | Does an order of a state trial court dismissing action put an end to that action unless modified or set aside by that court or reversed by the supreme court of that state? | Pretrial Procedure - Memo # 10678 - C - KG_62657.docx | ROSS-003283764-ROSS-003283765 |
| Walker v. Archer, 2016-0171 (La. App. 4 Cir. 10/5/16), 203 So. 3d 330 | 307A+693.1 | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint. | Does a dismissal of suit as of nonsuit restore matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint? | 025864.docx | LEGALEASE-00158038-LEGALEASE-00158039 |
| S. Jordan City v. Summerhays, 392 P.3d 855 | 135H+1 | Concept that no person shall be subject for the same offense to be twice put in jeopardy of life or limb, known as double jeopardy, is fundamental to the American scheme of justice and stems from the underlying premise that a defendant should not be twice tried or punished for the same offense. U.S. Const. Amend. 5. | What is known as double jeopardy? | 016370.docx | LEGALEASE-00165137-LEGALEASE-00165138 |
| Com. v. Bradley, 311 Pa. Super. 330 | 135H+95.1 | In determining whether circumstances surrounding declaration of mistrial bar reprosecution on same charges, courts must apply standards established by both state and federal decisions. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | "In determining whether circumstances surrounding declaration of mistrial bar re prosecution on same charges, should courts apply standards established by both state and federal decisions?" | 016222.docx | LEGALEASE-00165539-LEGALEASE-00165540 |
| Black v. Jackson, 82 S.W.3d 44 | 307A+690 | Dismissal of action "with prejudice" acts as final determination on the merits, and therefore, dismissal "with prejudice" for lack of subject matter jurisdiction constitutes error. | "Does dismissal of action ""with prejudice"" act as final determination on the merits, and therefore, dismissal ""with prejudice"" for lack of subject matter jurisdiction constitute error?  " | Pretrial Procedure - Memo 11348 - C - AC_64419.docx | ROSS-003278529-ROSS-003278530 |
| In re Bledsoe, 41 S.W.3d 807 | 307A+746 | Death penalty sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless the party's conduct justifies a presumption that its claims or defenses lack merit. | Can death penalty sanctions be used to adjudicate the merits of a party's claims or defenses unless the party's conduct justifies a presumption that its claims or defenses lack merit? | Pretrial Procedure - Memo # 7106 - C - KG_57780.docx | ROSS-003278736-ROSS-003278737 |
| Ex parte Fife, 49 S.W.3d 35 | 135H+99 | Court may not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial, but, rather, the court must look at the facts that precipitated the mistrial and, if a defendant had no other recourse or remedy other than a mistrial, double jeopardy will prevent retrial. U.S.C.A. Const.Amend. 5. | Can a court not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial? | Double Jeopardy - Memo 390 - C - RF_66800.docx | ROSS-003279008-ROSS-003279009 |
| Choi v. Immanuel Korean United Methodist Church, 327 Ga. App. 26 | 307A+683 | Motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim; all facts in the pleadings are to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. | Should a motion to dismiss not be granted unless it appears to a certainty that the plaintiff would be entitled to  no relief under any state of facts? | Pretrial Procedure - Memo # 8935 - C - SA_60388.docx | ROSS-003279889 |
| Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | Act of state doctrine arises only when the court is required to rule on the legality of an official act of a foreign sovereign performed within its own territory. | Does the act of state doctrine arise only when the court is required to rule on the legality of an official act of a foreign sovereign performed within its own territory? | International Law - Memo # 270 - C - ANC.docx | ROSS-003283836-ROSS-003283838 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Reliable Mfg. Corp., 17 B.R. 899 | 366+7(1) | Once the guarantor pays a creditor, he steps into the shoes of the debtor whose debt he has paid and acquires that debtor's rights with respect to the obligation he has satisfied; this is the equitable doctrine of subrogation. | "Once the guarantor pays a creditor, does he step into the shoes of the debtor whose debt he has paid and acquire that debtor's rights with respect to the obligation he has satisfied? " | Subrogation - Memo # 911 - C - CAR.docx | ROSS-003284278-ROSS-003284279 |
| Gherebi v. Bush, 352 F.3d 1278 | 221+131 | Sovereignty may be gained by a demonstration of intent to exercise sovereign control on the part of a country that is in possession of the territory in question and that has the power to enforce its will. | Can sovereignty be gained by a demonstration of intent to exercise sovereign control on the party of a country that is in possession of the territory in question and that has the power to enforce its will? | International Law - Memo # 14 - C - LK.docx | ROSS-003285389-ROSS-003285390 |
| Drouillard v. Stroh Brewery Co., 449 Mich. 293 | 413+1 | Workers' compensation is one unit in loosely connected system of wage-loss protection that also includes unemployment compensation, social security old age, disability, and survivors benefits, aid to families with dependent children, and is designed to restore to employees portion of wages lost because of physical disability, unemployment and old age. | Is workers' compensation a loosely connected system of wage-loss protection? | Workers Compensation - Memo #70 ANC.docx | ROSS-003285520-ROSS-003285522 |
| S. Cotton Oil Co. v. S. Breen & Co., 171 N.C. 51 | 307A+501 | A voluntary nonsuit is an abandonment of cause by plaintiff who allows judgment for costs against him by absenting himself or failing to answer when called to hear the verdict. | Is a voluntary nonsuit an abandonment of a cause bya plaintiff who allows a judgment for costs against him by absenting himself or failing to answer when called to hear the verdict | Pretrial Procedure - Memo # 1239 - C - UG.docx | ROSS-003287704-ROSS-003287705 |
| S.B. Beach Properties v. Berti, 39 Cal. 4th 374 | 307A+501 | A voluntary dismissal is available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor; if in proper form, the dismissal is effective immediately, the entry is a ministerial, not a judicial, act, and no appeal lies therefrom. West's Ann.Cal.C.C.P. S 581. | Is a voluntary dismissal available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor? | Pretrial Procedure - Memo # 2539 - C - PB.docx | ROSS-003288299-ROSS-003288300 |
| People v. Munafo, 50 N.Y.2d 326 | 129+106 | In deciding whether an act carries public ramifications, courts are constrained to assess nature and number of those attracted, taking into account surrounding circumstances including time and place of episode under scrutiny. | In deciding that an act carries public ramifications should the surrounding circumstances be taken into act? | Disorderly Conduct- Memo 61- PR.docx | ROSS-003289022-ROSS-003289023 |
| Parker v. City of Saint Joseph, 167 S.W.3d 219 | 307A+554 | When exhaustion of administrative remedies is required and a party fails to pursue all administrative remedies, the circuit court is without subject matter jurisdiction and the only recourse is to dismiss the cause. | "When exhaustion is required and a party fails to pursue all administrative remedies, will the court have subject matter jurisdiction and what is the recourse? " | Pretrial Procedure - Memo # 6046 - C - KBM.docx | ROSS-003289060-ROSS-003289061 |
| St. Paul Fire & Marine Ins. Co. v. Battle, 44 Ohio App. 2d 261 | 307A+483 | When requests for admissions are made, the matters are admitted unless the party to whom the requests are directed serves written answers or objections upon the party requesting the admissions; if no answer or objection is filed, the matter is admitted. Civ.R. 36. | "When requests for admission are made, are the matters admitted unless the party to whom the requests are directed serves upon the party requesting the admissions written answers or objections, and if no answer or objection is filed, is the matter admitted? " | Pretrial Procedure - Memo # 3924 - C - MS.docx | ROSS-003290948-ROSS-003290949 |
| Austin v. Pickett, 87 S.W.3d 343 | 156+52.10(3) | To rise to level of waiver, conduct must be so manifestly consistent with, and indicative of, intention to renounce particular right or benefit that no other reasonable explanation of conduct is possible. | "To rise to the level of waiver, should conduct be so manifestly consistent with an intention to renounce a right that no other reasonable explanation is possible? " | Estoppel - Memo 280 - C - CSS_66552.docx | ROSS-003291836-ROSS-003291837 |
| Herold v. Hughes, 141 W. Va. 182 | 200+80 | Grant of an easement for public road purposes includes all rights and privileges necessary or convenient to use of the public in travel or transportation of properties of all kinds over, under or along public highways. Code, 17-4-8, 17-16-6. | Does the grant of an easement for public road purposes include all rights and privileges necessary or convenient to the use of the public in travel? | Highways - Memo 397 - RK_66326.docx | ROSS-003292011-ROSS-003292012 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Liu v. Republic of China, 642 F. Supp. 297 | 221+342 | "Act of state doctrine" is not jurisdictional limit on courts, but, rather, is prudential doctrine designed to avoid judicial action in sensitive areas. | "Is the act of state doctrine is not jurisdictional limit on courts, but rather prudential doctrine designed to avoid judicial action in sensitive areas?" | International Law - Memo # 200 - C - MLS.docx | ROSS-003296072-ROSS-003296073 |
| Brown v. Kidney & Hypertension Assocs., L.L.P., 5 So. 3d 258 | 307A+590.1 | The mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. LSA-C.C.P. art. 561. | Is the mere intention to take a step in the prosecution or defense of the claim without having actually taken such a step insufficient to interrupt the abandonment period? | Pretrial Procedure - Memo # 7806 - C - KBM_57826.docx | ROSS-003297061-ROSS-003297062 |
| Optopics Labs. Corp. v. Savannah Bank of Nigeria, Ltd., 816 F. Supp. 898 | 221+342 | Prerequisite for application of act of state doctrine is that act in question is one which takes effect entirely within boundaries of sovereign nation. | Is a prerequisite for the application of the act of state doctrine that the act in question is one which takes effect entirely within boundaries of the sovereign nation? | International Law - Memo # 428 - C - MLS.docx | ROSS-003297419-ROSS-003297420 |
| BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 195 F. Supp. 3d 776 | 221+136 | A country's prerogative to control and regulate activities within its boundaries, which is an essential, definitional element of sovereignty, gives rise to jurisdiction. | Does a countrys prerogative to control and regulate activities within its boundaries which is an essential definitional element of sovereignty give rise to jurisdiction? | International Law - Memo # 7 - C - LK.docx | ROSS-003297730-ROSS-003297731 |
| In re Trampush, 552 B.R. 817 | 366+1 | Under Wisconsin law, subrogation is an equitable doctrine intended to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Is the doctrine of equitable subrogation intended to avoid unjust enrichment? | Subrogation - Memo 232 - VG C.docx | ROSS-003297764-ROSS-003297765 |
| Application of Eichner, 102 Misc. 2d 184 | 368+1 | General common-law right to bodily self-determination, which includes right of a competent adult to refuse life-sustaining medical treatment, is subject to being overridden by state interests in appropriate circumstances; among the state interests which must be weighed are interest in protection of third parties, such as minor children, maintenance of latitude for physicians and hospitals to fulfill their ethical obligations and preservation of all human life. U.S.C.A.Const. Amends. 1, 4, 5, 14; Public Health Law S 2803-c. | Is the right of an individual to refuse medical treatment subject to being overridden by states interests in appropriate circumstances? | Suicide - Memo 22 - AKA.docx | ROSS-003298612-ROSS-003298613 |
| In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | Under Nevada law, equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | Where is equitable subrogation generally appropriate? | Subrogation - Memo 318 - RM C.docx | ROSS-003299143-ROSS-003299144 |
| Hellenic Lines, Ltd. v. Moore, 345 F.2d 978 | 221+179 | Because application of doctrine of diplomatic immunity exempts Ambassador from legal procedures necessary to ordered society and often deprives others of remedies for harm they have suffered, courts hesitate to invoke doctrine in novel situation unless its purposes will certainly be served. 22 U.S.C.A. SS 252, 253. | What is the purpose of diplomatic immunity? | Ambassadors and Consuls - Memo 14 - RK.docx | ROSS-003299203-ROSS-003299204 |
| Vause v. Bay Med. Ctr., 687 So. 2d 258 | 307A+561.1 | If court is required to consider matters outside the four corners of complaint, then the cause is not subject to dismissal on basis of affirmative defense. | Will the cause be subject to dismissal on basis of affirmative defense if court is required to consider matters outside the four corners of complaint? | Pretrial Procedure - Memo # 10740 - C - KI_63395.docx | ROSS-003308050-ROSS-003308051 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chelsea Square Textiles v. Bombay Dyeing & Mfg. Co., 189 F.3d 289 | 170B+3053 | While section of the Federal Arbitration Act (FAA) preempts state law that treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) preserve general principles of state contract law? | Alternative Dispute Resolution - Memo 329 - RK.docx | ROSS-003310450-ROSS-003310451 |
| Chelsea Square Textiles v. Bombay Dyeing & Mfg. Co., 189 F.3d 289 | 170B+3053 | While section of the Federal Arbitration Act (FAA) preempts state law that treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) pre-empt state law that treats arbitration agreements differently from other contracts? | Alternative Dispute Resolution - Memo 320 - RK.docx | ROSS-003310663-ROSS-003310664 |
| Envtl. Tectonics v. W.S. Kirkpatrick, 847 F.2d 1052 | 221+342 | Under the "act of state doctrine," courts will refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders. | "Under the ""act of state doctrine,"" will courts refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders? " | International Law - Memo # 830 - C - ANC.docx | ROSS-003311845-ROSS-003311846 |
| Tucker v. Signature Flight Support-Savannah, 219 Ga. App. 834 | 307A+717.1 | Where any one of statutory requirements for granting continuance based on absence of witness is not met, there is no abuse of trial court's discretion to deny continuance. O.C.G.A. S 9-10-160. | " Where any one of the eight statutory requirements for granting continuance based upon the absence of a witness is not met, is there an abuse of the trial court's discretion to deny a continuance?" | Pretrial Procedure - Memo # 1742 - C - NS.docx | ROSS-003314129-ROSS-003314130 |
| Crystallex Intl. Corp. v. Petroleos de Venezuela, S.A., 213 F. Supp. 3d 683 | 221+342 | Application of the act of state doctrine involves balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims. | Does the application of the act of state doctrine involve balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims? | International Law - Memo # 298 - C - SHS.docx | ROSS-003314206-ROSS-003314207 |
| McGowen v. Huang, 120 S.W.3d 452 | 336H+428 | Nonsuit of the remaining claims in medical malpractice action, taken so the plaintiffs could appeal the partial summary judgment against them, did not transform the partial summary judgment into a final judgment, for purposes of res judicata; not all claims were dismissed with prejudice, and the nonsuit without prejudice did not adjudicate the rights of the parties, but merely placed them in the positions in which they would have been had suit not been brought. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit without prejudice adjudicate the rights of parties but merely places them in the positions in which they would have been had suit not been brought? | Pretrial Procedure - Memo # 2221 - C - KA.docx | ROSS-003314338-ROSS-003314339 |
| James v. Calkins, 446 S.W.3d 135 | 307A+517.1 | Whether a particular sanction is considered a claim for affirmative relief that survives a nonsuit for later enforcement or appeal depends on the purpose of the sanction. | Is the question of whether a particular sanction considered a claim for affirmative relief that survives a nonsuit for later enforcement or appeal depends on the purpose of the sanction? | Pretrial Procedure - Memo # 2218 - C - KA.docx | ROSS-003315070-ROSS-003315071 |
| Hunt v. N. Carolina Logistics, 193 F. Supp. 3d 1253 | 366+1 | Under New Mexico law, subrogation, whether created by contract or by operation of law, is an equitable remedy controlled by equitable principles whereby, through a supposed succession to the legal rights of another, a loss is put ultimately on that one who in equity and good conscience should pay it. | Is subrogation an equitable remedy of civil law origin? | Subrogation - Memo 348 - KA.docx | ROSS-003315250-ROSS-003315252 |
| Classic Commercial Servs. v. Baldwin, 336 Ga. App. 183 | 307A+554 | As a rule, the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal, and this principle applies in the context of a motion to dismiss on jurisdictional grounds. | Does the self-contradictory testimony rule apply in the context of a motion to dismiss on jurisdictional grounds? | Pretrial Procedure - Memo # 5595 - C - KG.docx | ROSS-003315874-ROSS-003315875 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638 | 366+1 | Equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | Does equitable subrogation require a party to show that the entire debt was paid? | Subrogation - Memo 313 - RM C.docx | ROSS-003322594-ROSS-003322595 |
| Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Keck, Mahin & Cate, 154 S.W.3d 714 | 13+61 | A legal-malpractice claim does not arise until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action. | Does a legal-malpractice claim arise until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action? | Action - Memo #  224 - C - NO.docx | ROSS-003323552-ROSS-003323554 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. | Does a motion in limine permit a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument? | Pretrial Procedure - Memo # 9 - C - KA.docx | ROSS-003324565-ROSS-003324567 |
| Moening v. Alaska Mut. Bank, 751 P.2d 5 | 8.30E+239 | When note is executed and secured by deed of trust, documents are read and construed together as one contract to ascertain parties' intent. | "When a note is executed and secured by a deed of trust, are the documents read and construed together as one contract to ascertain the parties' intent?   " | Bills and Notes - Memo 17 - RK.docx | ROSS-003325377-ROSS-003325378 |
| James v. Calkins, 446 S.W.3d 135 | 307A+501 | Although typically parties have an absolute right to a nonsuit, the decision to nonsuit does not affect a non-moving party's independent claims for affirmative relief, which may include a motion for sanctions. | "Although typically parties have an absolute right to a non suit, will the decision to non suit affect a non-moving party's independent claims for affirmative relief?" | Pretrial Procedure - Memo # 961 - C - TJ.docx | ROSS-003327164-ROSS-003327165 |
| Davis v. Farmers Ins. Grp. of Companies, 86 Mich. App. 45 | 241+1 | Statutes of limitations and notice provisions have different objectives; statutes of limitations are intended to prevent stale claims and put an end to fear of litigation while notice provisions are designed to provide time to investigate and to appropriate funds for settlement purposes. | How are notice provisions different from the statute of limitation? | 04824.docx | LEGALEASE-00077102-LEGALEASE-00077103 |
| In re Fahle's Estate,90 Ohio App. 195 | 277+2 | The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained, and wherever from competent evidence the trier of facts is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is "actual". | What is the distinction between actual notice and constructive notice? | Notice -Memo 14 - VP.docx | ROSS-003289412-ROSS-003289414 |
| Prudential Ins. Co. of Am. v. Lai, 42 F.3d 1299 | 25T+112 | Title VII plaintiff may only be forced to forego her statutory remedies and arbitrate her claims if she has knowingly agreed to submit such disputes to arbitration. 9 U.S.C.A. S 1 et seq.; Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq.; Civil Rights Act of 1991, S 118, 105 Stat. 1071. | Can Title VII plaintiffs be forced to forego the statutory remedies and arbitrate their claims? | 003732.docx | LEGALEASE-00115751-LEGALEASE-00115752 |
| Ex parte State ex rel. Attorney Gen., 213 Ala. 1 | 181+21 | It is not necessary, for conviction of forgery, for state to show that defendant himself wrote forged order, since, if with intent to utter it he procured another to write it and afterwards uttered it as genuine, he would be as culpable as though he himself had written it. | "Is a person who did not write the instrument, but procures another to write it, publishes and utters it as genuine, guilty of forgery?" | 003822.docx | LEGALEASE-00115793-LEGALEASE-00115794 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bizios v. Town of Lakewood Vill., 453 S.W.3d 598 | 414+1203 | Because a municipality possesses authority to regulate land development in its extraterritorial jurisdiction (ETJ) only to the extent the municipality is legislatively granted that authority, legislatively-created express limitations to that grant of authority are construed strictly against the authority of the municipality and in favor of the landowner. | Is a city or municipalitys authority to regulate land development in its extraterritorial jurisdiction (ETJ) wholly derived from a legislative grant of authority? | 003854.docx | LEGALEASE-00115843-LEGALEASE-00115844 |
| United States v. Ventresca, 380 U.S. 102 | 349+117 | Affidavit on which search warrant is issued may be based on hearsay information and need not reflect direct personal observations of affiant, so long as magistrate is informed of some of underlying circumstances supporting affiant's conclusions and his belief that any involved informant, whose identity need not be disclosed, was credible or his information reliable. U.S.C.A.Const. Amend. 4; Fed.Rules Crim.Proc. rule 41, 18 U.S.C.A. | Can affidavits be based on hearsay? | 003877.docx | LEGALEASE-00115960-LEGALEASE-00115961 |
| Novakovic v. Novakovic, 25 Misc.3d 94 | 315+185 | The substance of a life estate consists in the life tenant's right to exclude all others from the possession of the subject property for the duration of his or her own life, and thus the remainderman or reversioner has no right to possession or any present enjoyment, or tangible or physical ownership, of the land during the term of the life tenant. | Does the remainderman or reversioner have a right to possession or any present right of enjoyment of the land during the term of the life tenant? | Life Estate - Memo 17-JS.docx | ROSS-003284863-ROSS-003284865 |
| Standard Meat Co. v. Taco Kid of Springfield, 554 S.W.2d 592 | 195+27 | Although contemporaneous agreements dealing with same subject matter may be construed together as an aid in ascertaining intention of parties, this does not mean that those agreements constitute a single contract, for liability of guarantor remains primarily dependent upon guaranty contract. | Will a guaranty contract contain express conditions on the guarantors liability? | 03835.docx | LEGALEASE-00078160-LEGALEASE-00078161 |
| Donnelly v. Slingshot Sports LLC, 605 F. Supp. 2d 613 | 16+17.1 | In applying the "connection test" for admiralty jurisdiction, court must (1) assess the general features of the type of incident involved and determine whether the incident has a potentially disruptive impact on maritime commerce; and (2) determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. 28 U.S.C.A. S 1331(1). | How can federal admiralty jurisdiction be invoked over a tort claim? | 004100.docx | LEGALEASE-00116204-LEGALEASE-00116206 |
| Fed. Commerce & Nav. Co. v. Kanematsu-Gosho, Ltd., 457 F.2d 387 | 25T+111 | Basic purposes of arbitration are to resolve disputes speedily and to avoid expense and delay of extended court proceedings, and overly technical judicial review of arbitration awards would frustrate those basic purposes. | Will a technical judicial review of arbitration awards frustrate the basic purpose of arbitration? | 004152.docx | LEGALEASE-00116237-LEGALEASE-00116238 |
| R.L. Augustine Const. Co. v. Peoria Unified Sch. Dist. No. 11, 188 Ariz. 368 | 316H+364(1) | If State Board of Education adopts rule for judicial review of procurement disputes, the Administrative Review Act would apply even though school district is not an administrative agency within the meaning of Act, since Act also applies where separate act provides for judicial review, and State Board would be adopting rules consistent with the Procurement Code, which itself provides for judicial review. A.R.S. SS 12-901, subd. 1, 12-902, subd. A, 15-213, subd. A, 41-2614. | Are School districts an agency under the Administrative Procedure code? | 004585.docx | LEGALEASE-00116829-LEGALEASE-00116830 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Becker v. Davis, 491 F.3d 1292 | 25T+112 | While there is liberal federal policy favoring arbitration agreements, Federal Arbitration Act's (FAA) strong proarbitration policy only applies to disputes that parties have agreed to arbitrate; party cannot be forced to arbitrate any dispute that party has not agreed to submit to arbitration. 9 U.S.C.A. S 1 et seq. | Would Federal Arbitration Act's (FAA) strong proarbitration policy apply to disputes that parties have not agreed to arbitrate? | 005227.docx | LEGALEASE-00116892-LEGALEASE-00116894 |
| Southland Corp. v. Keating, 465 U.S. 1 | 83+80.5 | In enacting provision of federal arbitration act that an arbitration provision is valid and irrevocable the Congress declared a national policy favoring arbitration and withdrew power of the states to require a judicial forum for resolution of claims which the contracting parties agreed to resolve by arbitration. 9 U.S.C.A. S 2. | Does national policy favoring arbitration apply in both state and federal courts? | 004896.docx | LEGALEASE-00117150-LEGALEASE-00117152 |
| Peterson v. Livestock Comm'n, 120 Mont. 140 | 15A+1011 | A statute which attempts to place the court in the place of a commission or board to try a matter anew as an administrative body is unconstitutional as a delegation to the judiciary of nonjudicial powers. Const. art. 4, S 1. | Is a statute which attempts to place the court in the place of a commission or board to try a matter anew as an administrative body unconstitutional? | 000315.docx | LEGALEASE-00117472-LEGALEASE-00117473 |
| Rychnovsky v. Cole, 119 S.W.3d 204 | 386+10 | Where real estate is involved, trespass is the unauthorized entry upon the land of another, regardless of the amount of force used, even if no damage is done or the injury is slight; the unauthorized entry may be made by a person or an object as a result of a person's actions. | Is damage done to the property required for the offense of trespass? | 000695.docx | LEGALEASE-00117521-LEGALEASE-00117522 |
| Rychnovsky v. Cole, 119 S.W.3d 204 | 386+10 | Where real estate is involved, trespass is the unauthorized entry upon the land of another, regardless of the amount of force used, even if no damage is done or the injury is slight; the unauthorized entry may be made by a person or an object as a result of a person's actions. | Is damage done to the property required for the offense of trespass? | Trespass - Memo 13 - RK.docx | LEGALEASE-00004121-LEGALEASE-00004122 |
| Win & Son v. City of Philadelphia, 178 F. Supp. 3d 234 | 386+12 | Under Pennsylvania law, one is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally enters land in the possession of the other, or causes a thing or a third person to do so. | Is the causation of harm to a legally protected interest of another an element of trespass? | 000779.docx | LEGALEASE-00117490-LEGALEASE-00117491 |
| Application of Bohlinger, 199 Misc. 941 | 92+2406 | The Legislature may enact statutes in broad outline leaving to administrative officials enforcing them, the duty of arranging details and such delegation is not unconstitutional. | Can the Legislature enact statutes in broad outline leaving to administrative officials enforcing them the duty of arranging details? | 000328.docx | LEGALEASE-00117680-LEGALEASE-00117681 |
| Hutchins v. Mayo, 143 Fla. 707 | 23+1 | Sections of statute placing in Citrus Commission extensive plenary authority to regulate grading and labeling of fruit to accomplish the general plan and purpose contemplated by the legislature do not unlawfully delegate power vested in the legislature. F.S.A. SS 595.09, 595.12; F.S.A.Const. art. 2; art. 3, S 1. | Is the authority vested in an administrative agency to regulate the grading and labeling of fruit an unlawful delegation of legislative authority? | Administrative Law - Memo 53 - RK.docx | ROSS-003328428-ROSS-003328429 |
| State v. Wood, 187 So. 2d 820 | 207+5 | Father is guilty of statutory felony of incest if he has sexual intercourse, either habitually or in a single instance, with a woman or girl whom he knows to be his daughter in fact regardless of whether she is his legitimate or illegitimate child. G.S. S 14-178. | Does a single act of sexual intercourse between two persons who are related amount to incest? | 000450.docx | LEGALEASE-00117729-LEGALEASE-00117731 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moreno v. Stahmann Farms, 693 F.2d 106 | 233+513 | General rule is that when employee occupies house on premises of his employer, and that occupancy is merely incidental to his employment, relationship of landlord and tenant does not exist, but, rather, rights and liabilities of the parties are governed by the law of master and servant; the same rule applies when the occupancy is not required as a condition of employment, and when servant occupies the dwelling with his family. | Does a landlord - tenant relation exist when housing is provided in an employment context? | Landlord and Tenant - Memo 30 - TH.docx | ROSS-003281737-ROSS-003281738 |
| Wachs v. Winter, 569 F. Supp. 1438 | 237+88 | Under New York law, there are two general classes of compensatory damages for defamation: general damages which law presumes to be natural, proximate, and necessary result of publication, and special damages which, although natural and probable consequences thereof, are not assumed to be necessary and inevitable; special damages must generally be shown by allegation and proof, but where language is libelous per se, plaintiff need not plead or prove special damages in order to recover them. | What are the types of compensatory damages available for defamation? | 000589.docx | LEGALEASE-00117648-LEGALEASE-00117649 |
| Warren Cty. Human Servs. v. State Civil Serv. Comm'n (Roberts), 844 A.2d 70 | 92+1115 | The right to engage in a particular occupation is an important right but not a fundamental right and, therefore, is subject to the rational basis test, i.e., a state may not deprive an individual of that right unless it can be shown that such deprivation is reasonably related to the state interest that is sought to be protected. Const. Art. 1, S 1. | Can the state deprive an individual of the ability to work at a particular job? | 000798.docx | LEGALEASE-00117764-LEGALEASE-00117765 |
| Klay v. All Defendants, 389 F.3d 119 | 170B+3053 | Court makes determination of whether parties agreed to arbitrate dispute by applying federal substantive law of arbitrability, applicable to any arbitration agreement within coverage of FAA; inquiry must be undertaken against background of liberal federal policy favoring arbitration agreements, under which it is role of courts to rigorously enforce agreements to arbitrate. | Do the courts use state or federal law to determine whether the parties agreed to arbitrate a dispute? | 000981.docx | LEGALEASE-00117979-LEGALEASE-00117981 |
| Wiand v. Schneiderman, 778 F.3d 917 | 25T+113 | There is a liberal federal policy favoring arbitration agreements, such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration; thus, a party seeking to avoid arbitration bears the burden of demonstrating a contrary congressional command using a statute's text, its legislative history, or identifying an inherent conflict between arbitration and the statute's underlying purposes. | Can a contrary congressional command assist a party to avoid arbitration? | 001040.docx | LEGALEASE-00118041-LEGALEASE-00118043 |
| Adkins v. Labor Ready, 185 F. Supp. 2d 628 | 25T+113 | In determining whether valid arbitration agreement arose between two parties, federal court looks to state law that ordinarily governs formation of contracts; however, while applying state contract law, court nonetheless gives due regard to federal policy favoring arbitration, and ambiguities as to scope of arbitration clause itself must be resolved in favor of arbitration. 9 U.S.C.A. S 2. | Does the court need to look to the state law in determining whether there is a valid arbitration agreement between parties? | 001053.docx | LEGALEASE-00118052-LEGALEASE-00118053 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Howell Twp. v. Waste Disposal, 207 N.J. Super. 80 | 1.49E+22 | Where State Department of Environmental Protection has failed or neglected to act in best interest of citizenry or has arbitrarily, capriciously, or unreasonably acted, then a court should permit interested persons to continue with enforcement litigation under Environmental Rights Act (N.J.S.A. 2A:35A-1 et seq.). | "Can a person bring or continue with an enforcement action under the Environmental Rights Act (ERA) if a state agency has acted arbitrarily, capriciously or unreasonably?" | 000926.docx | LEGALEASE-00118241-LEGALEASE-00118242 |
| McDonnell v. Dean Witter Reynolds, 620 F. Supp. 152 | 25T+210 | In view of overriding federal policy favoring arbitration, waiver of arbitration is not to be highly inferred and mere delay in seeking stay of proceedings without some resulting prejudice to party cannot carry the day. | "In view of the overriding federal policy favoring arbitration, should waiver be inferred?" | 001186.docx | LEGALEASE-00118421-LEGALEASE-00118422 |
| Lamb v. Rizzo, 391 F.3d 1133 | 237+32 | Under "libel-proof plaintiff doctrine," when a plaintiff's reputation is so diminished at the time of publication of the allegedly defamatory material that only nominal damages at most could be awarded because the person's reputation was not capable of sustaining further harm, the plaintiff is deemed to be libel-proof as a matter of law and is not permitted to burden a defendant with a trial. | What is libel proof plaintiff doctrine in defamation cases? | Libel and Slander - Memo 101 - JS.docx | ROSS-003285989-ROSS-003285990 |
| Stout v. Robnett, 107 F.Supp.2d 699 | 170A+657.5(1) | Pro se complaints and petitions are held to less stringent standard than those drafted by attorneys, and federal district court is charged with liberally construing complaint or petition filed by pro se litigant to allow development of potentially meritorious case. | Are pleadings of pro se litigant subject to a less stringent standard than those of lawyers? | 001514.docx | LEGALEASE-00118587-LEGALEASE-00118588 |
| State v. Posenjak, 127 Wash. App. 41 | 209+125 | The signatory tribe has to establish two separate factors to establish their group has preserved its tribal status for purposes of treaty rights: (1) it must show that it has maintained an organized tribal structure, and (2) it must show that a group of citizens of Indian ancestry is descended from a treaty signatory. | How can a group prove that it preserved its tribal status to exercise its treaty rights? | 001792.docx | LEGALEASE-00118789-LEGALEASE-00118790 |
| Vidrine v. United States, 846 F. Supp. 2d 550 | 249+33 | Pursuant to Louisiana law governing malicious prosecution claims, when indictment is dismissed, presumption of lack of probable cause arises, which allows malice to be inferred, and thus burden shifts to the defendant to show absence of malice. LSA-C.C. art. 2315. | When does the presumption of lack of probable cause arise in a malicious prosecution claim? | Malicious Prosecution - Memo 28 - JS.docx | ROSS-003298889-ROSS-003298890 |
| City of Phoenix v. Kasun, 54 Ariz. 470 | 317A+101 | The distinguishing characteristic of a "public utility" is the devotion of private property to such a use that public generally, or that part which has been served and has accepted the service, has right to demand that the service, so long as continued, shall be conducted with reasonable efficiency and under proper charges. | What is the distinguishing characteristic of a public utility? | 001628.docx | LEGALEASE-00118990-LEGALEASE-00118991 |
| Chiriboga v. State Farm Mut. Auto. Ins. Co., 96 S.W.3d 673 | 401+40 | Plaintiffs are accorded right to choose venue first; as long as suit is initially filed in county of proper venue, that is, the county is at least a permissive venue and no mandatory provision applies, plaintiff's venue choice cannot be disturbed. | Can a plaintiffs choice of a permissive venue be disturbed if no mandatory provision applies? | 001647.docx | LEGALEASE-00118920-LEGALEASE-00118921 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marin Real Estate Partners v. Vogt, 373 S.W.3d 57 | 249+28 | A person acts with "malice" in a malicious prosecution case when he acts with ill will or evil motive to the injury of another, or acts in reckless disregard of the rights of another and with indifference as to whether the other person is injured so as to amount to wanton and willful action knowingly and unreasonably done; malice can be established by either direct or circumstantial evidence and may be inferred from a lack of probable cause. | How is malice defined in the context of a malicious prosecution claim? | 001824.docx | LEGALEASE-00118858-LEGALEASE-00118859 |
| AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 25T+114 | While the saving clause, in the provision of the Federal Arbitration Act (FAA) stating that arbitration agreements in maritime transactions or contracts evidencing transactions involving commerce are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract, preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives. 9 U.S.C.A. S 2. | Is a written provision to settle disputes by arbitration in a maritime transaction or a contract involving commerce revocable? | 002153.docx | LEGALEASE-00119113-LEGALEASE-00119114 |
| AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 25T+114 | While the saving clause, in the provision of the Federal Arbitration Act (FAA) stating that arbitration agreements in maritime transactions or contracts evidencing transactions involving commerce are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract, preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives. 9 U.S.C.A. S 2. | Does the Federal Arbitration Acts saving clause suggest an intent to preserve state-law rules? | 002166.docx | LEGALEASE-00119126-LEGALEASE-00119128 |
| Caldwell v. Green, 451 F. Supp. 2d 811 | 249+18(5) | Under Virginia law, if there is no reason to doubt the truthfulness of the accomplice when the prosecution was initiated, there is still considered to be probable cause sufficient to negate a malicious prosecution claim even if the witness was later shown to be unworthy of belief. | Will the statements of an accomplice create sufficient probable cause in a malicious prosecution claim? | 001805.docx | LEGALEASE-00119047-LEGALEASE-00119048 |
| State v. Archie, 273 Neb. 612 | 352H+259 | Slightest intrusion into the genital opening is sufficient to constitute penetration, and such element of incest and first-degree sexual assault on a child may be proved by either direct or circumstantial evidence; it is not necessary that the vagina be entered or that the hymen be ruptured, as the entry of the vulva or labia is sufficient. Neb.Rev.St. SS 28-318(6), 28-703(1); S 28-319 (2005). | Is slightest intrusion sufficient to constitute penetration? | 002084.docx | LEGALEASE-00119319-LEGALEASE-00119320 |
| Pac. Gas & Elec. Co. v. F.E.R.C., 306 F.3d 1112 | 145+1 | Court of Appeals reviews orders of the Federal Energy Regulatory Commission (FERC) under arbitrary and capricious standard, pursuant to which the FERC must be able to demonstrate that it has made a reasoned decision based on substantial evidence in record. 5 U.S.C.A. S 706(2)(A). | Are Federal Energy Regulatory Commission orders reviewed under Administrative Procedure Act's arbitrary and capricious standard? | Electricity - Memo 28 - RK.docx | ROSS-003329209-ROSS-003329211 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Wood, 187 So. 2d 820 | 207+5 | Father is guilty of statutory felony of incest if he has sexual intercourse, either habitually or in a single instance, with a woman or girl whom he knows to be his daughter in fact regardless of whether she is his legitimate or illegitimate child. G.S. S 14-178. | Can incest be committed between a father and his illegitimate daughter? | Incest - Memo  50 - JS.docx | ROSS-003295586-ROSS-003295587 |
| Smith v. Burge, 222 F. Supp. 3d 669 | 249+20 | Probable cause for a malicious prosecution claim under Illinois law requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false. | Does probable cause require proof of conviction to preclude liability for malicious prosecution? | 002917.docx | LEGALEASE-00119804-LEGALEASE-00119806 |
| In re V.F., 157 Cal. App. 4th 962 | 76D+1 | A parent may have custody of a child, in a legal sense, even while delegating the day-to-day care of that child to a third party for a limited period of time. | Can a parent have legal custody of a child even while delegating the day-to-day care of that child to a third party for a limited period? | 003062.docx | LEGALEASE-00119550-LEGALEASE-00119551 |
| Dobbs v. Dobbs Tire & Auto Centers, 969 S.W.2d 894 | 13+4 | Under the in pari delicto doctrine, a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | Does the in pari delicto doctrine permit a person to maintain an action if he is a party to the immoral act or wrongdoing? | 002489.docx | LEGALEASE-00119929-LEGALEASE-00119930 |
| Jo Ann Howard & Assocs., P.C. v. Cassity, 868 F.3d 637 | 13+4 | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | Does the in pari delicto doctrine permit a person to maintain an action if he is a party to the immoral act or wrongdoing? | Action - Memo 46 - MS.docx | ROSS-003285892-ROSS-003285893 |
| Wasko v. Manella, 269 Conn. 527 | 366+1 | The doctrine of legal or equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | What is the object of equitable subrogation? | Subrogation - Memo 18 - VP.docx | ROSS-003295622-ROSS-003295624 |
| Mort v. United States, 86 F.3d 890 | 366+31(4) | Equitable subrogation is generally appropriate where subrogee made payment to protect his or her own interest, subrogee did not act as volunteer, subrogee was not primarily liable for debt paid, subrogee paid off entire encumbrance, and subrogation would not work any injustice to rights of junior lienholder. | When is equitable subrogation generally appropriate? | Subrogation - Memo 24 - VP.docx | ROSS-003288961-ROSS-003288963 |
| Associated Elec. & Gas Ins. Servs. Ltd. v. Am. Int'l Grp., 166 F. Supp. 3d 1248 | 366+1 | To obtain subrogation, under Utah law, the party seeking reimbursement, that is, the subrogee, must show that: (1) there is a debt or obligation for which the subrogee was not primarily liable; (2) the subrogee must have made payment to protect his own rights or interest; (3) the subrogee must not have acted merely as a volunteer; and (4) the entire debt must have been paid. | What must a subrogee show to obtain subrogation? | Subrogation - Memo 25 - VP.docx | ROSS-003285962-ROSS-003285963 |
| Iowa State Bar Ass'n v. Kraschel, 260 Iowa 187 | 46H+1010 | The extent of persuasion required of the prosecution in disbarment proceedings does not vary according to the type of conduct charged, regardless of whether it amounts to a crime or merely professional misconduct. | Does the extent of persuasion which prosecutors in disbarment proceedings must effect vary according to the type of conduct charged? | Administrative Law - Memo 177 - RK.docx | ROSS-003316789-ROSS-003316790 |
| Florida E. Coast Ry. Co. v. City of Miami, 372 So. 2d 152 | 148+47(1) | Doctrine of prior public use, simply stated, denies exercise of delegated power of condemnation where proposed use will destroy existing public use or prevent proposed public use unless authority to do so has been expressly given by legislature or must necessarily be implied. | What does the doctrine of prior public use entail? | 002710.docx | LEGALEASE-00120197-LEGALEASE-00120199 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| James v. DeGrandis, 138 F. Supp. 2d 402 | 237+51(1) | Under New York's subsidiary meaning doctrine, where maliciously false statement implies same ultimate conclusion as that of remainder of publication, which has been published without actual malice, plaintiff cannot base his defamation action solely on inaccuracies contained within statements subsidiary to these larger views. | What is the subsidiary meaning doctrine? | 002903.docx | LEGALEASE-00119913-LEGALEASE-00119914 |
| In re Hamada, 291 F.3d 645 | 366+1 | "Subrogation" is substitution of one party in place of another with reference to some lawful claim, demand, or right; it is a derivative right, acquired by satisfaction of loss or claim that third party has against another. | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right? " | Subrogation - Memo 47 - RM.docx | ROSS-003295192-ROSS-003295194 |
| State ex rel. Utilities Comm'n v. Town of Kill Devil Hills, 194 N.C. App. 561 | 317A+102 | The several provisions of the public utilities statutes must be construed together so as to accomplish its primary purpose that the public is entitled to adequate service at reasonable rates. | Should public utilities statutes be construed together to accomplish its primary purpose of providing adequate service at a reasonable charge? | 003497.docx | LEGALEASE-00120326-LEGALEASE-00120327 |
| In re Jones, 534 B.R. 588 | 366+1 | Equitable subrogation is doctrine which revolves around the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to party whose debt was paid. | Is subrogation the substitution of one party for another whose debt the party pays? | 003537.docx | LEGALEASE-00120349-LEGALEASE-00120350 |
| Bierman v. Hunter, 190 Md. App. 250 | 366+1 | "Legal subrogation" arises by operation of law when there is a debt or obligation owed by one person which another person, who is neither a volunteer nor an intermeddler, pays or discharges under such circumstances as in equity entitle him to reimbursement to prevent unjust enrichment. | Does legal subrogation take place by operation of law? | 003592.docx | LEGALEASE-00120378-LEGALEASE-00120379 |
| In re Hamada, 291 F.3d 645 | 366+1 | "Subrogation" is substitution of one party in place of another with reference to some lawful claim, demand, or right; it is a derivative right, acquired by satisfaction of loss or claim that third party has against another. | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right?" | Subrogation - Memo 47 - RM.docx | LEGALEASE-00009990-LEGALEASE-00009992 |
| Nussbaum Trucking v. Illinois Commerce Comm'n, 99 Ill. App. 3d 741 | 317A+102 | Public Utilities Act and Illinois Motor Carrier of Property Law are in pari materia and should be construed together to determine legislative intent. S.H.A. ch. 951/212, S 18-307; ch. 1112/323, S 27. | Are the Public Utilities Act and the Motor Carrier of Property Law in pari materia for determining legislative intent? | Public Utilities - Memo 56 - RK.docx | ROSS-003283908-ROSS-003283909 |
| Green v. Cleary Water, Sewer & Fire Dist., 17 So. 3d 559 | 317A+113 | Statutory process that allowed Public Service Commission to order utility to correct specified problems, and if utility failed to do so, revoke a certificate of public convenience and necessity (CCN) if revocation was in the best interest of the consuming public was the exclusive method for cancellation of a CCN. West's A.M.C. S 77-3-21. | "If a public utility does not render reasonably adequate service, will it amount to cancellation of its certificate of public convenience and necessity (CCN)?" | 042589.docx | LEGALEASE-00121187-LEGALEASE-00121188 |
| Postal Tel.-Cable Co. v. Pennsylvania Pub. Util. Comm'n, 154 Pa. Super. 340 | 317A+102 | The "public," for whose convenience, accommodation, safety and protection the Public Utility Law is concerned, is not only that portion of the public which the utilities serve, or as respects utilities using facilities located along a highway, persons traveling on the highways, but the general public which may come in contact with the utility's facilities. 66 P.S. SS 1101 et seq., 1171, 1183. | "Does the convenience, accommodation, safety, and protection of the public under the Public Utility Law consist solely of persons served by the utility?" | 042606.docx | LEGALEASE-00121566-LEGALEASE-00121568 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Higgins, 149 N.H. 290 | 352H+59(3) | Sexual assault victim's status as a prostitute does not necessarily mean that she will accept every opportunity that comes along to engage in sexual relations or relent to the desires of any paying customer, regardless of her motivation for engaging in prostitution in the first instance; a prostitute does not lose the right of choice, and may consent or not consent according to her own will. | Does the victim's status as a prostitute prove consent to sexual relations? | 042899.docx | LEGALEASE-00121268-LEGALEASE-00121269 |
| Warning Lights & Scaffold Serv. v. O & G Indus., 102 Conn. App. 267 | 366+1 | Subrogation has the objective of preventing an insured from recovering twice for one harm, as would be the case if he or she could recover from both the insurer and from a third person who caused the harm. | "Does subrogation have the objective of preventing an insured from recovering twice for one harm, as would be the case if he or she could recover from both the insurer and from a third person who caused the harm?" | 043630.docx | LEGALEASE-00121326-LEGALEASE-00121327 |
| In re Houston, 409 B.R. 799 | 366+2 | Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) party claiming subrogation has paid debt; (2) party was not a volunteer, but had direct interest in discharge of the debt or lien; (3) party was secondarily liable for debt or for discharge of lien; and (4) no injustice will be done to the other party by allowance of the equity. | here is equitable subrogation appropriate? | Subrogation - Memo # 504 - C - NO.docx | LEGALEASE-00011310-LEGALEASE-00011311 |
| Ripley v. Piehl, 700 N.W.2d 540 | 366+1 | Under the doctrine of equitable subrogation, a person who has discharged the debt of another may succeed in substitution to the rights and position of the satisfied creditor. | "Under the doctrine of equitable subrogation, could a person who has discharged the debt of another succeed in substitution to the rights and position of the satisfied creditor?" | Subrogation - Memo # 507 - C - SU.docx | ROSS-003315083-ROSS-003315084 |
| Ripley v. Piehl, 700 N.W.2d 540 | 366+1 | Although equitable subrogation is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case. | "Is equitable subrogation an absolute right, but one which depends on equities and attending facts and circumstances of each case?" | Subrogation - Memo # 512 - C - SU.docx | ROSS-003310928-ROSS-003310929 |
| AJJ Enterprises, LLP v. Jean-Charles, 160 Conn. App. 375 | 366+1 | "Subrogation" is a legal fiction through which one who, not as a volunteer or in his own wrong, and where there are no outstanding and superior equities, pays the debt of another, is substituted to all the rights and remedies of the other, and the debt is treated in equity as still existing for his benefit. | Is equitable subrogation a legal fiction through which person who pays debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other? | 043878.docx | LEGALEASE-00121467-LEGALEASE-00121468 |
| In re Houston, 409 B.R. 799 | 366+2 | Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) party claiming subrogation has paid debt; (2) party was not a volunteer, but had direct interest in discharge of the debt or lien; (3) party was secondarily liable for debt or for discharge of lien; and (4) no injustice will be done to the other party by allowance of the equity. | Where is equitable subrogation appropriate? | Subrogation - Memo # 504 - C - NO.docx | ROSS-003288739-ROSS-003288740 |
| Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713 | 366+1 | The "equitable subrogation doctrine" allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. | "Does the ""equitable subrogation doctrine"" allow one who involuntarily pays another's debt to seek repayment of that debt?" | 05142.docx | LEGALEASE-00084224-LEGALEASE-00084225 |
| First Fid. Bank, Nat. Ass'n, S. v. Travelers Mortg. Servs., 300 N.J. Super. 559 | 366+7(1) | Under remedy of equitable subrogation, surety, upon performance, is placed in position of principal's creditor with respect to that creditor's rights and available securities. | "Under remedy of equitable subrogation or subrogation, is a surety, upon performance, placed in position of a principal's creditor with respect to that creditor's rights and available securities?" | Subrogation - Memo # 652 - C - SA.docx | ROSS-003288450-ROSS-003288451 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matter of Cavalier Homes of Georgia, 102 B.R. 878 | 366+7(1) | Under Georgia law, reimbursement means simply right to be repaid, while subrogation entitles guarantor to take place of creditor and to have creditor's rights against principal and any security held by creditor; reimbursement is not synonymous with subrogation. | "Does reimbursement mean the right to be repaid, while subrogation entitles guarantor to take place of creditor and to have creditor's rights against principal and any security held by a creditor?" | Subrogation - Memo # 666 - C - NO.docx | LEGALEASE-00011508-LEGALEASE-00011509 |
| Kellogg v. Douglas County Bank, 62 Am.St.Rep. 596 | 83E+423 | An indorsement on the back of a note in the following language: "For value received we hereby guaranty payment of within note at maturity, waiving demand, protest, and note of protest,"-signed by the payee, is a commercial indorsement, as well as a guaranty, and passes a valid title to the paper. | Does an assignment by a holder written on back of note without limitation a commercial indorsement? | 009552.docx | LEGALEASE-00122330-LEGALEASE-00122331 |
| Tucker v. Div. Sales, 315 Ill. App. 3d 472 | 307A+3 | A motion in limine allows a litigant to obtain a pre-trial order which excludes inadmissible evidence and bars questioning of witnesses regarding such evidence; this procedure safeguards against the prejudicial impact resulting from asking questions and making objections before the jury regarding inadmissible evidence. | Does a motion in limine safeguard against the prejudicial impact resulting from asking questions and making objections before the jury regarding inadmissible evidence? | Pretrial Procedure - Memo  # 157 - C - CRB.docx | ROSS-003326761-ROSS-003326762 |
| Seels v. Tenet Health Sys. Hahnemann, 167 A.3d 190 | 307A+3 | A "motion in limine" is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. | Is the purpose of a motion in limine to obtain the court's pre-trial ruling on the admissibility of evidence? | 024244.docx | LEGALEASE-00121886-LEGALEASE-00121887 |
| Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | "When disputed evidence is admissible for any reason, does a trial court abuse its discretion in denying a motion in limine and admitting it?" | 027024.docx | LEGALEASE-00122307-LEGALEASE-00122308 |
| Taylor v. Cty. of Cook, 2011 IL App (1st) 093085 | 30+3366 | A circuit court's evidentiary rulings regarding the admissibility of testimony and on a motion in limine are within its sound discretion, and the appellate court will not reverse such rulings unless the circuit court abused its discretion. | Are a circuit court's evidentiary rulings regarding the admissibility of testimony and on a motion in limine within its sound discretion? | Pretrial Procedure - Memo # 438 - C - TJ.docx | ROSS-003310878-ROSS-003310879 |
| Dees v. Logan, 281 Ga. App. 837 | 307A+3 | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Should the judicial power be exercised with great care in the grant of a motion in limine excluding evidence because it forecloses the admission of the evidence at trial? | 041251.docx | LEGALEASE-00122343-LEGALEASE-00122344 |
| Pullum v. Robinette, 174 S.W.3d 124 | 307A+3 | Courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility of the evidence. | Can courts make pre-introduction rulings on evidence that are conditional or provisional in nature and change an earlier ruling regarding the admissibility of the evidence? | Pretrial Proceedure - Memo # 45 - C - TJ.docx | ROSS-003297450-ROSS-003297451 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | Right of "legal" or "equitable" subrogation arose as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice. | "Did the right of ""legal"" or ""equitable"" subrogation arise as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice?" | 043825.docx | LEGALEASE-00121801-LEGALEASE-00121803 |
| In re Lewis' Estate, 37 Pa. D. & C. 463 | 366+1 | Under Michigan law, equitable subrogation is flexible, elastic doctrine of equity, whose application should and must proceed on case-by-case analysis characteristic of equity jurisprudence. | "Is equitable subrogation a flexible, elastic doctrine of equity, whose application should and must proceed on case-by-case analysis characteristic of equity jurisprudence?" | Subrogation - Memo # 737 - C - SU.docx | ROSS-003330030-ROSS-003330031 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hickory Springs Mfg. Co. v. Evans, 541 S.W.2d 97 | 366+7(1) | The doctrine of subrogation is an equitable one and it is recognized that payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. | Is the doctrine of subrogation an equitable one and is it recognized that payment of an obligation by a surety entitles him to stand in the place of the creditor? | Subrogation - Memo # 894 - C - VA.docx | ROSS-003326618-ROSS-003326619 |
| Haimes v. Schonwit, 268 A.D. 652 | 13+61 | A cause of action usually accrues to a party to an express contract only upon termination of the relationship, but a cause of action accrues when a payment falls due, even impliedly, as in contracts of hiring for an indefinite period. | Does a cause of action accrue to a party to an express contract upon termination of the relationship? | 005591.docx | LEGALEASE-00123956-LEGALEASE-00123958 |
| California Ins. Guarantee Ass'n v. Hill Bros. Transportation, 497 S.W.3d 67 | 13+61 | Generally a cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another. | Is legal injury required for a cause of action to accrue? | 005918.docx | LEGALEASE-00123290-LEGALEASE-00123291 |
| DRFP L.L.C. v. Republica Bolivariana de Venezuela, No. 16-3960, 2017 WL 3635530 | 8.30E+282 | The Ohio Uniform Commercial Code (UCC) defines a "negotiable instrument," in relevant part, as an unconditional promise to pay a fixed amount of money that (1) is payable to bearer, (2) is payable on demand or at a definite time, and (3) may contain the power to give, maintain, or protect collateral to secure payment. | "Under the US Law, what are the essentials for a document to qualify as a negotiable instrument?" | 010994.docx | LEGALEASE-00122801-LEGALEASE-00122802 |
| Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104 | 148+2.1 | A use restriction on real property may constitute a "taking" if not reasonably necessary to the effectuation of a substantial public purpose or perhaps if it has an unduly harsh impact on the owner's use of the property. U.S.C.A.Const. Amends. 5, 14. | Does a regulation that burdens private property constitute a taking if not reasonably necessary to the effectuation of a substantial public purpose? | 017489.docx | LEGALEASE-00123189-LEGALEASE-00123190 |
| Yousuf v. Samantar, 552 F.3d 371 | 221+152 | Under international and domestic law, officials from other countries are not entitled to foreign official immunity for jus cogens violations, even if the acts were performed in the defendant's official capacity. | "Under international and domestic law, are officials from other countries entitled to foreign official immunity for jus cogens violations?" | 019692.docx | LEGALEASE-00123682-LEGALEASE-00123683 |
| Nn aka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17 | 221+342 | Act of state doctrine only applies to "official state action," that is, to conduct that is by nature distinctly sovereign and cannot be undertaken by a private individual or entity. | Does the act of state doctrine only apply to official state action to conduct that is by nature distinctly sovereign and cannot be undertaken by a private individual or entity? | 019696.docx | LEGALEASE-00123703-LEGALEASE-00123704 |
| Matar v. Dichter, 500 F. Supp. 2d 284 | 221+151 | A head-of-state recognized by the United States government is absolutely immune from personal jurisdiction in United States courts, regardless of whether the claims arise from official or private acts. | Is a head-of-state recognized by the United States government absolutely immune from personal jurisdiction in United States courts? | 019733.docx | LEGALEASE-00123813-LEGALEASE-00123814 |
| Liu v. Republic of China, 642 F. Supp. 297 | 221+342 | "Act of state doctrine" is not jurisdictional limit on courts, but, rather, is prudential doctrine designed to avoid judicial action in sensitive areas. | Is the act of a state doctrine a jurisdictional limit on courts or a prudential doctrine designed to avoid judicial action in sensitive areas? | 019802.docx | LEGALEASE-00124081-LEGALEASE-00124082 |
| Access Telecom v. MCI Telecommunications Corp., 197 F.3d 694 | 221+388 | Fact that American courts routinely give deference to American agencies empowered to interpret American law and that American courts may give deference to foreign governments before the court does not entail that American courts must give deference to all agency determinations made by all foreign agencies not before the court. | Can American courts give deference to foreign governments prior to the court not entailing that American courts must give deference to all agency determinations made by all foreign agencies not before the court? | 019810.docx | LEGALEASE-00124142-LEGALEASE-00124144 |
| Wultz v. Bank of China Ltd., 32 F. Supp. 3d 486 | 221+151 | Unlike head-of-state immunity, which is based on status, common law foreign sovereign immunity based on acts does not depend on tenure in office and is available to officials even after leaving. | Does common law foreign sovereign immunity based on acts depend on tenure in office and is available to officials even after leaving? | International Law - Memo # 117 - C - CAR.docx | ROSS-003282586-ROSS-003282587 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Warfa v. Ali, 33 F. Supp. 3d 653 | 24+767 | The act of state doctrine preventing federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory did not apply to former member of the Somali military for alleged torture and attempted extrajudicial killing of Somali national, and thus did not preclude Somali national's claims under the Torture Victim Protection Act (TVPA); both torture and extrajudicial killing violated jus cogens norms of international law and were not recognized as official sovereign acts. Torture Victim Protection Act of 1991, S 1 et seq., 28 U.S.C.A. S 1350 note. | "Does the ""act of state doctrine"" prevent federal courts from declaring invalid the official act of a foreign sovereign involving activities undertaken within its own territory?" | 019900.docx | LEGALEASE-00123641-LEGALEASE-00123642 |
| Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | When an ambassador speaks in his or her official capacity, that statement must be regarded as an authoritative representation by the foreign government itself and, as such is binding and conclusive in the courts of the United States against that government under the act of state doctrine. | "When an ambassador speaks in his or her official capacity, must that statement be regarded as an authoritative representation by the foreign government itself?" | 019943.docx | LEGALEASE-00123637-LEGALEASE-00123638 |
| Lauritzen v. Larsen, 345 U.S. 571 | 221+134 | Generally, a state is not debarred by any rule of international law from governing conduct of its own citizens upon the high seas or even in foreign countries, when rights of other nations or their nationals are not thereby infringed. | Is the United States barred by any rule of international law from governing conduct of its citizens upon the high seas? | International Law - Memo # 184 - C - PHS.docx | ROSS-003297326-ROSS-003297327 |
| The Denny, 40 F. Supp. 92 | 221+134 | Courts may not accord recognition to a foreign government whose sovereignty has not been recognized by Department of State, but are not required to ignore the effect of laws of such foreign government upon persons and properties within the territorial limits of foreign state's jurisdiction. | Can Courts accord recognition to a foreign government whose sovereignty has not been recognized by Department of State? | 020081.docx | LEGALEASE-00123326-LEGALEASE-00123327 |
| United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1 | 221+354 | The act of state doctrine, precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory did not bar federal government's forfeiture action against jet plane owned by son of president of Equatorial Guinea; that the executive branch brought the forfeiture action weakened the applicability of the doctrine since a major purpose of the doctrine was to prevent the court from hindering the government's foreign policy goals, and invocation of the doctrine would be premature since the government of Equatorial Guinea had not yet established that purchase of the plane was an exercise of sovereign power, rather than made for personal use. 28 U.S.C.A. S 1355. | Does the act of state doctrine preclude courts from evaluating the validity of actions that a foreign government has taken within its own borders? | 020090.docx | LEGALEASE-00123405-LEGALEASE-00123406 |
| Liu v. Republic of China, 642 F. Supp. 297 | 221+515 | Burden of proving act of state rests on party asserting applicability of doctrine who, at minimum, must offer some evidence that state acted in its sovereign capacity and some indication of depth and nature of state's interest. | Does the burden of proving acts of state rest on the party asserting the applicability of the doctrine? | International Law - Memo # 260 - C - ANC.docx | ROSS-003299239-ROSS-003299240 |
| In re Petition of Bd. of Directors of Hopewell Int'l Ins., Ltd., 272 B.R. 396 | 106+512 | No nation is under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum; the obligation of comity expires when the strong public policies of the forum are vitiated by the foreign act. | Does the obligation of comity expire when the strong public policies of the forum are vitiated by the foreign act? | 020142.docx | LEGALEASE-00122992-LEGALEASE-00122993 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516 | 221+342 | "Act of state" doctrine operates to confer presumptive validity on certain acts of foreign sovereigns by rendering nonjusticiable claims that challenge such acts. | Is the act of state doctrine a judicially created doctrine which operates to confer presumptive validity on certain acts of foreign sovereigns by rendering nonjusticiable claims that challenge such acts? | International Law - Memo # 392 - C - KI.docx | ROSS-003285399-ROSS-003285400 |
| Heine v. New York Life Ins. Co., 50 F.2d 382 | 221+146 | United States courts will not inquire into validity, wisdom, or justice of laws of foreign country, or administration of foreign agencies, in action on cause arising in foreign country. | "Will the United States courts inquire into validity, wisdom, or justice of laws of a foreign country, or administration of foreign agencies, in action on causes arising in foreign country?" | 020296.docx | LEGALEASE-00123707-LEGALEASE-00123708 |
| Pravin Banker Assocs., Ltd. v. Banco Popular del Peru, 895 F. Supp. 660 | 221+342 | Acts of foreign governments having extraterritorial effect, and thus outside the scope of the act of state doctrine, should nevertheless be extended comity to extent they are consistent with the law and policy of the United States. | Should acts of foreign governments be extended comity to the extent they are consistent with the law and policy of the United States? | 020778.docx | LEGALEASE-00123617-LEGALEASE-00123618 |
| In re Petition of Bd. of Directors of Hopewell Int'l Ins., Ltd., 272 B.R. 396 | 106+512 | No nation is under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum; the obligation of comity expires when the strong public policies of the forum are vitiated by the foreign act. | A nation is not under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum? | International Law - Memo 351 SB.docx | ROSS-003329621-ROSS-003329623 |
| Folsom v. City of Livingston, 2016 MT 238 | 307A+3 | A motion in limine can seek to prevent or limit the introduction of evidence at trial, and the authority to grant or deny the motion rests in the inherent power of the district court to admit or exclude evidence so as to ensure a fair trial. | "Do trial courts have broad discretion when ruling on a motion in limine, so appellate court reviews the district court's decision to grant or deny a motion in limine for abuse of discretion?" | 024155.docx | LEGALEASE-00122594-LEGALEASE-00122595 |
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 30+3209 | The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. | "Is the imposition of sanctions for violations of orders limine is left to the sound discretion of the trial court, and when will the court of appeals reverse such sanctions?" | Pretrial Procedure - Memo # 63 - C - VA.docx | ROSS-003284233-ROSS-003284234 |
| Chrysler First Bus. Credit Corp. v. Kawa, 914 P.2d 540 | 309+115(1) | Surety is entitled to be subrogated to benefit of all securities and means of payment under creditor's control, and so, in absence of assent, waiver, or estoppel, he is generally released by any act of creditor which deprives him of such right. | Is a surety entitled to be subrogated to the benefit of all securities and means of payment under a creditor's control? | Subrogation - Memo # 959 - C - MLS.docx | ROSS-003301310-ROSS-003301311 |
| People v. Kevorkian, 248 Mich. App. 373 | 368+3 | Where defendant merely is involved in events leading up to death, such as providing means, proper charge is assisting in a suicide, which may be prosecuted as common-law felony under savings clause statute governing punishment for indictable common-law offenses, in absence of statute that specifically prohibits assisting in a suicide. M.C.L.A. SS 750.505, 752.1027. | If a person provides means in assisting a suicide will he be liable for the same? | 044477.docx | LEGALEASE-00122713-LEGALEASE-00122714 |
| McCoy v. Feinman, 99 N.Y.2d 295 | 241+55(3) | Legal malpractice claim accrues for limitations purposes when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court. McKinney's CPLR 214, subd. 6. | Does a legal malpractice claim accrue when all the facts necessary to the cause have occurred and the injured party can obtain relief in court? | 005377.docx | LEGALEASE-00124643-LEGALEASE-00124644 |
| Mackin v. Auberger, 59 F. Supp. 3d 528 | 63+1(1) | Under federal law, bribery requires a "quid pro quo," or a specific intent to give or receive something of value in exchange for an official act. 18 U.S.C.A. S 201. | Should there be a quid pro quo-a specific intent to give or receive something of value in exchange for an official act? | 011016.docx | LEGALEASE-00125458-LEGALEASE-00125459 |
| Langenegger v. United States, 756 F.2d 1565 | 148+285 | United States may be held responsible for taking even when its action is not the final direct cause of the property loss or damage. U.S.C.A. Const.Amend. 5. | Can the United States be held responsible for a taking even when its action is not the final direct cause of the property loss or damage? | Eminent Domain - Memo 225 - GP.docx | LEGALEASE-00014291-LEGALEASE-00014292 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Westgate, Ltd. v. State, 843 S.W.2d 448 | 148+266 | Property owner may recover damages in inverse condemnation suit, where government appropriates property without paying adequate compensation. Vernon's Ann.Texas Const. Art. 1, S 17. | "Can the owner recover, the resulting damages in an inverse condemnation suit, if the government appropriates property without paying adequate compensation?" | 017532.docx | LEGALEASE-00125170-LEGALEASE-00125171 |
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | In determining what act of state doctrine bars judicial review of action of foreign sovereign, one factor to be considered is degree of international consensus regarding activity in question. | What factors should be considered in determining whether act of state doctrine bars judicial review of action of foreign sovereign? | International Law - Memo # 274 - C - NC.docx | ROSS-003322346-ROSS-003322347 |
| Risk v. Kingdom of Norway, 707 F. Supp. 1159 | 221+342 | Purpose of the act of state doctrine is to avoid interference with political branches; where the issue presented is unlikely to affect foreign relations, there is little justification for refusing to hear the case. | Is the purpose of the act of state doctrine to avoid interference with political branches? | International Law - Memo # 458 - C - NS.docx | ROSS-003314367-ROSS-003314368 |
| Perez v. Chase Manhattan Bank, N.A., 61 N.Y.2d 460 | 221+354 | For purposes of act of state doctrine, debt is located within foreign state when that state has power to enforce or collect it; if debtor is present in foreign state and debt is payable there, foreign sovereign then has power to enforce or collect it, and confiscation of that debt amounts to seizure of property within that sovereign's borders. | Is a debt located within a foreign state for the purpose of the act of state doctrine if that state has the power to enforce or collect it? | 020467.docx | LEGALEASE-00125337-LEGALEASE-00125338 |
| Interamerican Ref. Corp. v. Texaco Maracaibo, 307 F. Supp. 1291 | 221+342 | The "act of state doctrine", based upon proper concepts of sovereignty and separation of powers, commands that conduct of foreign policy reside exclusively in the executive. | "Does the ""act of state doctrine"" command that conduct of foreign policy reside exclusively in the executive?" | International Law - Memo # 616 - MC.docx | ROSS-003298162-ROSS-003298163 |
| Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | The act of state doctrine is a judicially-created rule of decision that precludes courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine give validity to governmental acts undertaken by a recognized sovereign within its own territory? | 020542.docx | LEGALEASE-00124816-LEGALEASE-00124817 |
| United States v. All Assets Held In Account No. XXXXXXXX, 83 F. Supp. 3d 360 | 221+342 | Act of state doctrine is applicable when the relief sought or the defense interposed would require an American court to declare invalid the official act of a foreign sovereign performed within its boundaries. | Does the act of state doctrine bar an American court from questioning the validity of the act of a foreign sovereign when that act is done within the sovereign's territory? | 020907.docx | LEGALEASE-00124524-LEGALEASE-00124526 |
| Wilkow v. Forbes, 241 F.3d 552 | 237+6(1) | Under Illinois law, a statement of fact is not shielded from an action for defamation by being prefaced with the words "in my opinion," but if it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable. | Can an otherwise defamatory statement be prefaced with in my opinion to claim immunity from liability? | 021081.docx | LEGALEASE-00124874-LEGALEASE-00124875 |
| Speed v. Scott, 787 So. 2d 626 | 237+7(2) | Imputation of a crime of "moral turpitude," as basis for slander per se, involves a crime of inherent baseness or vileness of principle in the human heart, and it means, in general, shameful wickedness, so extreme a departure from ordinary standards of honesty, good morals, justice or ethics as to be shocking to the moral sense of the community. Restatement (Second) of Torts S 571 comment. | How is moral turpitude defined in the context of slander per se? | 021099.docx | LEGALEASE-00125470-LEGALEASE-00125472 |
| Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection which may be made at trial. | "Is a motion in limine, essentially, a pre-trial substitute for an evidentiary objection at trial?" | 031368.docx | LEGALEASE-00124682-LEGALEASE-00124683 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kjerstad v. Ravellette Publications, 517 N.W.2d 419 | 275+20 | In order for violation of in limine order to serve as basis for new trial, order must be specific in its prohibitions, and violations be clear; additionally, new trial may follow only where violation prejudiced party or denied him fair trial. | "For a violation of a motion in limine to serve as the basis for a new trial, should the order be specific in its prohibitions, and violations be clear?" | Pretrial Procedure - Memo # 485 - C - LK.docx | ROSS-003327971-ROSS-003327973 |
| Lewis v. Buena Vista Mut. Ins. Ass'n, 183 N.W.2d 198 | 388+9(1) | Generally, that plaintiff may have thin case or defendant tenuous defense is not sufficient justification for prohibiting such party from trying to establish contention. | "Is the fact that a plaintiff may have a thin case or a defendant a tenuous defense, sufficient justification for prohibiting such a party from trying to establish contention?" | Pretrial Procedure - Memo # 488 - C - LK.docx | ROSS-003296586-ROSS-003296588 |
| Kjerstad v. Ravellette Publications, 517 N.W.2d 419 | 275+20 | In order for violation of in limine order to serve as basis for new trial, order must be specific in its prohibitions, and violations be clear; additionally, new trial may follow only where violation prejudiced party or denied him fair trial. | "Should an in limine order be specific in its prohibition and a violation of the order be clear, to serve as the basis for a mistrial and a later motion for a new trial?" | 031997.docx | LEGALEASE-00124360-LEGALEASE-00124361 |
| Chavis v. Dir., State Worker's Comp. Div., 924 S.W.2d 439 | 307A+3 | Motion in limine merely precludes reference to certain issues without first obtaining ruling on admissibility of those issues outside presence of jury and, accordingly, trial court's ruling on motion in limine preserves no error. | Does a trial courts ruling on a motion in limine preserve an error? | Pretrial Procedure - Memo # 509 - C - LK.docx | ROSS-003284527-ROSS-003284528 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. | Should trial judges attempt to enter narrow in limine orders? | Pretrial Procedure - Memo # 818 - C - KA.docx | ROSS-003326446-ROSS-003326448 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. | Does a motion in limine permit a party to obtain an order prohibiting comment concerning inadmissible evidence during closing argument?c | Pretrial Procedure - Memo # 847 - C - KA.docx | LEGALEASE-00015231-LEGALEASE-00015232 |
| E. Sav. Bank, FSB v. Cach, 124 A.3d 585 | 366+1 | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | Is it required that subrogation must not work any injustice to the rights of others? | 043636.docx | LEGALEASE-00125138-LEGALEASE-00125139 |
| DiCosola v. Bowman, 342 Ill. App. 3d 530 | 307A+3 | Trial court is vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence. | Does a trial court have broad discretion to grant or deny a motion in limine as part of its inherent power to admit or exclude evidence? | 044390.docx | LEGALEASE-00125539-LEGALEASE-00125540 |
| Henderson v. Fields, 68 S.W.2d 455 | 30+205 | The trial court's ruling on a motion in limine is a preliminary ruling on the admissibility of evidence and is subject to change throughout the course of trial; therefore, a complaint about a trial court's in limine ruling preserves nothing for appellate review. | Does a complaint about a trial court's ruling on a motion in limine preserve the issue for appellate review? | 044392.docx | LEGALEASE-00125541-LEGALEASE-00125542 |
| Bagford v. Ephraim City, 904 P.2d 1095 | 148+81.1 | Some kinds of contractual rights may be property that can be taken for public use; however, to create protectable property interest, contract must establish rights more substantial in nature than mere unilateral expectation of continued rights or benefits. | "Should the interest must be more substantial than a mere unilateral expectation of continued rights or benefits, to be a protectable property interest?" | 017552.docx | LEGALEASE-00125606-LEGALEASE-00125607 |
| Smith v. Polsky, 796 S.E.2d 354 | 307A+3 | The trial court has wide discretion in making advance rulings on motions in limine regarding admissibility of evidence proposed to be introduced at trial. | Does the trial court have wide discretion in making advance rulings on motions in limine regarding admissibility of evidence proposed to be introduced at trial? | 028298.docx | LEGALEASE-00125618-LEGALEASE-00125619 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Aberdeen Cable TV Serv. v. City of Aberdeen, 85 S.D. 57 | 317A+111 | A legislature cannot by mere fiat or regulatory order convert a private business or enterprise into a public utility, and question of whether or not a particular company or service is a public utility is a judicial one. SDCL 1967, 9-35-3. | Can the legislature convert a private business into a public utility by a mere fiat or regulatory order? | 042324.docx | LEGALEASE-00125692-LEGALEASE-00125695 |
| Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., 708 F. Supp. 2d 669 | 386+6 | To make a claim for trespass to chattels, plaintiff must show it had a possessory interest in the chattel and that defendant (1) dispossessed plaintiff of the chattel; (2) impaired the chattel's condition, quality, or value; (3) deprived plaintiff of the chattel's use for a substantial time; or (4) caused bodily harm to plaintiff or to some person or thing in which plaintiff had a legally protected interest. | What are the elements of a trespass to chattel claim? | 047159.docx | LEGALEASE-00125750-LEGALEASE-00125751 |
| Am. Online v. LCGM, 46 F. Supp. 2d 444 | 386+7 | Under Virginia law, a trespass to chattels occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization, and one who commits a trespass to chattel is liable to the possessor of the chattel if the chattel is impaired as to its condition, quality, or value. | Can intermeddling with personal property lead to a trespass to chattels claim? | 047175.docx | LEGALEASE-00125776-LEGALEASE-00125777 |
| Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | How is liability for trespass to chattel proven? | 047201.docx | LEGALEASE-00125804-LEGALEASE-00125805 |
| Sch. of Visual Arts v. Kuprewicz, 3 Misc. 3d 278 | 386+7 | One who intentionally interferes with another's chattel is liable for trespass to chattels only if there results in harm to owner's materially valuable interest in the physical condition, quality, or value of the chattel, or if owner is deprived of use of the chattel for substantial time. Restatement (Second) of Torts S 218. | How can a cause of action for trespass to chattels be proven? | Trespass - Memo 171 - RK.docx | ROSS-003303927-ROSS-003303928 |
| Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995 | 13+61 | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | Does a cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property? | Action memo# 299 C-PC.docx | ROSS-003289974-ROSS-003289975 |
| Aronson v. McCoy, 33 A.D.2d 183 | 106+55 | In reorganization of title structure for nonjudicial court employees of city of New York, each employee is entitled to be reclassified upon basis of competitive status he earned by examination and the duties he lawfully performed in such status prior to reclassification. Const. arts. 5, S 6, 6, SS 1 et seq., 4, subd. i; Judiciary Law S 223, subd. 1. | Is a court clerk entitled to be reclassified upon the basis of the competitive status he earned by examination and the duties he lawfully performed in such status prior to reclassification? | 013497.docx | LEGALEASE-00126315-LEGALEASE-00126316 |
| Edward J. Ullrich v. State, 178 Misc. 2d 194 | 148+2.1 | Concept of de facto appropriation has traditionally been limited to situations involving a direct invasion of the condemnee's property or a direct legal restraint on its use. | Has the concept of de facto appropriation been limited to situations involving a direct invasion of the condemnee's property or a direct legal restraint on its use? | Eminent Domain - Memo 269 - GP.docx | ROSS-003285108-ROSS-003285110 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rodriguez v. Swartz, 111 F. Supp. 3d 1025 | 221+392 | Three factors are relevant to determine the extraterritorial application of the Constitution: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right, including but not limited to the consequences for United States actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. | What factors are relevant to determine the extraterritorial application of a Constitution? | International Law - Memo # 799 - C - VA.docx | ROSS-003286786-ROSS-003286788 |
| In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on Sept. 2, 1998, 210 F. Supp. 2d 570 | 221+137 | Under generally accepted principles of international law, the navigable sea is divided into three zones: inland waters; territorial waters extending seaward from a defined coastal baseline; and the high seas, international waters beyond the limit of a sovereign's territorial sea. | Is the navigable sea divided into three zones? | International Law - Memo # 804 - C - NS.docx | ROSS-003298649-ROSS-003298650 |
| Hernandez v. United States, 757 F.3d 249 | 221+391 | Three objective factors and practical concerns are relevant to Court of Appeals' extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | Which three factors are relevant to determine the extraterritorial application of the Constitution? | 020621.docx | LEGALEASE-00125915-LEGALEASE-00125916 |
| Envtl. Tectonics v. W.S. Kirkpatrick, 847 F.2d 1052 | 221+351 | Award of military procurement contract by foreign government can become, in certain circumstances, a sufficiently formal expression of that government's public interest to trigger application of the act of state doctrine. | "Can an award of a military procurement contract be, in certain circumstances, a sufficient formal expression of a government's public interests?" | 020664.docx | LEGALEASE-00126147-LEGALEASE-00126148 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. | Should trial judges attempt to enter narrow in limine orders as an unclear order in limine is worse than no order at all? | Pretrial Procedure - Memo # 876 - C - KA.docx | ROSS-003330712-ROSS-003330714 |
| Agnew v. Shaw, 355 Ill. App. 3d 981 | 307A+3 | Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence; generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, so long as the trial court exercises its discretion within the bounds of the law. | When is an order in limine considered an abuse of the trial courts discretion? | 037827.docx | LEGALEASE-00125986-LEGALEASE-00125987 |
| Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | "When disputed evidence is admissible for any reason, does a trial court abuse its discretion in denying a motion in limine?" | 037849.docx | LEGALEASE-00126060-LEGALEASE-00126061 |
| Halifax Paper Co. v. Roanoke Rapids Sanitary Dist., 232 N.C. 421 | 317A+111 | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service and it may act in a private capacity as distinguished from its public capacity, and, in so doing, is subject to the same rules as a private person. | Does a public utility act in private capacity when rendering a service that is not a public service? | 042363.docx | LEGALEASE-00126010-LEGALEASE-00126011 |
| Vines v. Branch, 244 Va. 185 | 126+6 | Where person has illegally seized personal property of another and converted it to his own use, owner may bring action in trespass, trover, detinue, or assumpsit. | "When a person has illegally seized another's personal property and converted it to his own use, may the owner bring an action for trespass?" | Trespass - Memo 194 - RK.docx | ROSS-003303935-ROSS-003303936 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bend v. Marsh, 145 Neb. 780 | 241+43 | As respects running of limitations, the "accrual of a cause of action" means the right to maintain and institute a suit, and, whenever one person may sue another, cause of action has accrued and statute begins to run. | Does accrual of cause of action mean right to maintain and institute suit? | 005695.docx | LEGALEASE-00126412-LEGALEASE-00126413 |
| Great Am. Ins. Co. v. Louis Lesser Enterprises, 353 F.2d 997 | 13+61 | Generally, cause of action is deemed to have accrued when facts exist which enable one party to maintain action against another, or at time when party owning cause of action has legal right to sue thereon. | Will a cause of action accrue on facts that enable a party to legally maintain a suit against another? | 005749.docx | LEGALEASE-00126657-LEGALEASE-00126658 |
| Krchnak v. Fulton, 759 S.W.2d 524 | 13+61 | "Accrual of a cause of action" means right to institute and maintain suit; whenever one person may sue another a cause of action has accrued. | Does accrual of a cause of action constitute the right to institute and maintain a suit and whenever one person sue another a cause of action accrue? | 005774.docx | LEGALEASE-00126491-LEGALEASE-00126492 |
| Smith v. City of Chicago, 143 F. Supp. 3d 741 | 386+7 | Harm to the personal property or diminution of its quality, condition, or value as a result of a defendant's use can result in liability for trespass to chattels under Illinois law. | "Can a harm to the personal property or diminution of its quality, condition, or value as a result of a defendants use result in liability for trespass to chattel?" | 047271.docx | LEGALEASE-00126524-LEGALEASE-00126525 |
| Beauchamp v. Great W. Life Assur. Co., 918 F. Supp. 1091 | 25T+134(3) | Party is generally knowledgeable with knowledge of existence and scope of an arbitration clause within a document signed by party, in the absence of fraud, deception or other misconduct that would excuse the lack of such knowledge. | Is a party generally chargeable with knowledge of the existence and scope of an arbitration clause within a document signed by that party? | 007239.docx | LEGALEASE-00127233-LEGALEASE-00127234 |
| Adams v. City of New York, 226 F. Supp. 3d 261 | 129+103 | Under New York law, offense of disorderly conduct has three elements: (1) the defendant's conduct must be public in nature, (2) it must be done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof, and (3) it must match at least one of the descriptions set forth in the statute. N.Y. Penal Law S 240.20. | When can a person be held guilty of disorderly conduct? | 014321.docx | LEGALEASE-00126973-LEGALEASE-00126974 |
| State ex rel. State Highway Comm'n v. Johns, 507 S.W.2d 75 | 200+80 | Public highways belong, from side to side, and end to end, to the public and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se and may be abated, notwithstanding space is left for the passage of the public. | Is structure maintained upon a public roadway a nuisance subject to abatement? | 019290.docx | LEGALEASE-00126904-LEGALEASE-00126906 |
| Alderson v. S. Co., 321 Ill. App. 3d 832 | 317A+113 | The purpose of requiring utility to obtain a certificate of public convenience and necessity is to prevent unnecessary duplication of facilities and to protect the public from inadequate service and higher rates resulting from such duplication, while simultaneously protecting a utility against indiscriminate or ruinous competition. S.H.A. 220 ILCS 5/8-406. | Why is a certificate of public convenience and necessity issued? | 042420.docx | LEGALEASE-00126879-LEGALEASE-00126881 |
| Philip Elecs. N. Am. v. Wright, 348 Md. 209 | 413+1 | Workers' Compensation Act benefits State's taxpayers in helping to prevent State from having to assume financial responsibility of caring for injured workers and their dependents. Code, Labor and Employment, S 9-101 et seq. | Does the Act to protect workers and their families benefit state taxpayers in helping to prevent a state from having to assume the financial responsibility of caring for injured workers and their dependents? | 048295.docx | LEGALEASE-00126884-LEGALEASE-00126885 |
| Hasam Realty Corp. v. Dade Cty., 178 So. 2d 747 | 13+65 | If plaintiff has no valid cause of action on facts existing at time of filing suit, defect cannot ordinarily be remedied by accrual of cause while suit is pending and this remains true though rules provide for amended or supplemental pleadings. 30 F.S.A. Rules of Civil Procedure, rule 1.15(d, e). | "If plaintiff has no valid cause of action on facts existing at the time of filing suit, can a defect be remedied by accrual of cause while suit is pending?" | Action - Memo # 678 - C - KG.docx | ROSS-003285775-ROSS-003285776 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pac. Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65 | 48A+82 | Corporation commission in issuing or denying a certificate of convenience and necessity to motor carrier performs a judicial function which imposes on commission duty to hear before it condemns, to proceed on inquiry and render judgment only after trial and in determining validity of a given certificate, court can go behind what appears on face of certificate as it has duty to examine application, and order on which certificate necessarily rests. A.C.A.1939, S 66-506 (A.R.S. S 40-607). | Is issuing of a certificate of convenience and necessity by the Corporation Commission a judicial function? | 042445.docx | LEGALEASE-00127311-LEGALEASE-00127312 |
| Golden Gate Scenic S. S. Lines v. Pub. Utilities Comm'n, 57 Cal. 2d 373 | 317A+113 | The purpose of grandfather clause is to give those engaged in business being brought under regulation the right to continue their existing business without being subjected to certification requirements that would be applicable if the business were then being started for first time. | What is the purpose of the grandfather clause concerning certification requirements of existing businesses? | 042451.docx | LEGALEASE-00127437-LEGALEASE-00127439 |
| Merchants Parcel Delivery v. Pennsylvania Pub. Util. Comm'n, 150 Pa. Super. 120 | 70+3 | The test in determining whether a person is a "common carrier" or a "private carrier" is whether such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals. 66 P.S. S 1101 et seq., and SS 1102(5-7), 1301. | What is the test that lays down the differentiation between private and common carriers? | Public Utilities - Memo 233 - AM.docx | LEGALEASE-00017699-LEGALEASE-00017701 |
| Merchants Parcel Delivery v. Pennsylvania Pub. Util. Comm'n, 150 Pa. Super. 120 | 70+3 | The test in determining whether a person is a "common carrier" or a "private carrier" is whether such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals. 66 P.S. S 1101 et seq., and SS 1102(5-7), 1301. | What is the test that lays down the differentiation between private and common carriers? | 042469.docx | LEGALEASE-00128088-LEGALEASE-00128090 |
| Interested Underwriters at Lloyds v. Ducor's Inc., 103 A.D.2d 76 | 366+35 | Absent any indication of overreaching or unconscionability, waiver of subrogation rights provision violates neither General Obligations Law nor any other public policy of New York. McKinney's General Obligations Law S 5-323. | "Absent any indication of overreaching or unconscionability, does a waiver of a subrogation rights provision violate General Obligations Law?" | Subrogation - Memo # 1200 - C - KBM.docx | ROSS-003285391-ROSS-003285392 |
| TX. C.C. v. Wilson/Barnes Gen. Contractors, 233 S.W.3d 562 | 217+3522 | A "waiver of subrogation clause" is a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk. | Is a subrogation waiver a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk? | 043466.docx | LEGALEASE-00127629-LEGALEASE-00127630 |
| Liberty Mut. Ins. Co. v. Perfect Knowledge, 299 A.D.2d 524 | 217+3522 | Waiver of subrogation provisions exist as part and parcel of a risk allocation agreement whereby liability is shifted to the insurance carriers of the parties to the agreement, and such an agreement is necessarily premised on the procurement of insurance by the parties. | Do waiver of subrogation provisions exist as part and parcel of a risk allocation agreement? | 043475.docx | LEGALEASE-00127568-LEGALEASE-00127570 |
| Cormier v. Clemco Servs. Corp., 48 F.3d 179 | 413+1 | Liability for workers' compensation is unitary obligation for indeterminate amount, which the law directs shall be made in a series of regular payments. | "Is the liability for workers compensation a unitary obligation for an indeterminate amount, which the law directs shall be made in a series of regular payments? " | Workers Compensation - Memo #73 ANC.docx | LEGALEASE-00017924-LEGALEASE-00017925 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Willman v. Beheler, 499 S.W.2d 770 | 13+65 | The relief granted by equity is governed by the conditions and exigencies of the case shown to exist at time of entry of the decree, and not by circumstances existing at time suit is filed. | Is the relief granted by equity governed by the conditions and exigencies of the case shown to exist at time of entry of the decree? | 005976.docx | LEGALEASE-00128213-LEGALEASE-00128215 |
| Stonega Coke & Coal Co. v. Price, 106 F.2d 411 | 150+423 | In equity suit, the decree should speak as of the date of the decree, not merely as of the date of institution of suit, and adjudicate the parties' rights as of that time with provision for enforcement of rights accruing in the future under the instruments sued on, if proper basis therefor is laid in the pleadings. | "In an equity suit, should the decree speak as of the date of the decree?" | Action - Memo # 734 - C - VP.docx | ROSS-003286511-ROSS-003286513 |
| Wallace Grain & Supply Co. v. Cary, 374 Ill. 57 | 13+63 | The defense of "laches" may be urged when it appears that the one against whom action is taken has suffered damage by reason of the delay caused by the other party. | "Does the defense of ""laches"" be urged when it appears that the one against whom the action is taken has suffered damage by reason of the delay caused by the other party?" | Action - Memo # 826 - C - VA.docx | ROSS-003289930-ROSS-003289931 |
| CPR (USA) Inc. v. Spray, 187 F.3d 245 | 25T+135 | Postexpiration grievances arise under a contract, and are therefore arbitrable: (1) when the dispute involves facts and occurrences that arose before expiration; (2) when postexpiration action infringes a right that accrued or vested under the agreement; or (3) when under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement. | Is a post-expiration grievance that arises under a contract arbitrable? | 007255.docx | LEGALEASE-00128656-LEGALEASE-00128657 |
| Wronke v. Marsh, 603 F. Supp. 407 | 34+3(1) | If applicable regulations are interpreted by the Army in reasonable manner, any charge of procedural irregularity must fail even though petitioner may present another reasonable interpretation of the regulations; thus, where military regulation is susceptible to equally reasonable constructions, court may not substitute alternative interpretation for interpretation of the military service. | Do charges of procedural irregularity fail when the applicable regulations are interpreted by the armed services in a reasonable manner? | 008347.docx | LEGALEASE-00128630-LEGALEASE-00128631 |
| Georgiades v. Di Ferrante, 871 S.W.2d 878 | 307A+501 | Plaintiff has absolute and unqualified right to take nonsuit upon timely motion so long as defendant has not made claim for affirmative relief. | "Is the plaintiff's right to take a nonsuit unqualified and absolute, as long as the defendant has not made a claim for affirmative relief?" | Pretrial Procedure - Memo # 934 - C - SHS.docx | ROSS-003285255-ROSS-003285257 |
| In re Cowles' Will, 22 A.D.2d 365 | 307A+510 | If defendant or respondent has valid interest in having action or proceeding continue for determination of issues presented by him, he may resist proposed discontinuance as to him, and matter then rests in sound discretion of court which may protect party's interests by refusing discontinuance. CPLR S 1003; Rule 3217. | Can the courts deny discontinuance to protect the interests of the parties? | Pretrial Procedure - Memo # 952 - C - SK.docx | LEGALEASE-00018228-LEGALEASE-00018229 |
| New York Mortg. Tr. v. Dasdemir, 116 A.D.3d 679 | 307A+501 | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice. McKinney's CPLR 3217(c). | "Absent a showing of special circumstances, should a motion for a voluntary discontinuance be granted without prejudice?" | 038933.docx | LEGALEASE-00128354-LEGALEASE-00128355 |
| Mossanen v. Monfared, 77 Cal. App. 4th 1402 | 307A+506.1 | Plaintiff's right to voluntarily dismiss an action before commencement of trial is not absolute; statute governing dismissals recognizes exceptions to the right, and other limitations, which have evolved through the courts' construction of the term "commencement of trial," generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication. West's Ann.Cal.C.C.P. S 581. | "Is the right to voluntarily dismiss an action or special proceeding before the commencement of trial not absolute, as the statutes recognize exceptions?" | 039534.docx | LEGALEASE-00128489-LEGALEASE-00128490 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shirk v. City of Lancaster, 313 Pa. 158 | 317A+113 | Where state constitutes commission with general powers of regulation over utilities, it includes all such bodies, municipal or otherwise, unless there is definite classification and exemption therefrom. | "Does a state include all bodies, municipal or otherwise, while constituting a commission with general power of regulation over utilities?" | 042472.docx | LEGALEASE-00128110-LEGALEASE-00128111 |
| Metmor Fin. v. Landoll Corp., 976 S.W.2d 454 | 366+41(6) | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Should a party seeking subrogation or equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? | Subrogation - Memo # 1102 - C - SK.docx | ROSS-003330780-ROSS-003330781 |
| Metmor Fin. v. Landoll Corp., 976 S.W.2d 454 | 366+41(6) | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Should a party seeking equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? | Subrogation - Memo # 1122 - C - KA.docx | ROSS-003313925-ROSS-003313926 |
| State ex rel. Core v. Green, 160 Ohio St. 175 | 1.41E+13 | The General Assembly has broad powers to provide fair and efficient system of schools by taxation and for organization, administration, and control thereof. Const. art. 6, SS 1-3. | "Does the General Assembly have broad powers to provide a fair and efficient system of schools by taxation and for the organization, administration, and control thereof?" | Education - Memo # 63 - C - SU.docx | ROSS-003287501 |
| Deen v. Altman, 267 Ga. 111 | 401+5.1 | Action to cancel a deed conveying land based upon allegations of fraud is not a suit respecting title to land but is an equitable action that must be brought in the county of residence of the defendant, not where the disputed real property is located. | Is an action to cancel a deed conveying land based on allegations of fraud a suit respecting title to land? | Venue - Memo 107 - RK.docx | LEGALEASE-00018780-LEGALEASE-00018781 |
| Bd. of Cty. Comm'rs of Eagle Cty. v. Dist. Court In & For the City & Cty. of Denver, 632 P.2d 1017 | 401+11 | Where Denver's claims against Eagle County arose in that county by virtue of official action of the board of county commissioners in adopting land use regulations for county of Eagle, which purported to control the development of Denver's water rights and facilities located in that county, proper county for trial of Denver's claims was Eagle County pursuant to section providing that actions upon claims against a public officer for an official act done by him shall be tried in the county where the claim or some part thereof arose, and thus denial of county's motion for change of venue was improper. Rules of Civil Procedure, Rule 98(b)(2). | Should claims against a public officer for an official act done by him be tried in the county where the claim or some part thereof arose? | Venue - Memo 120 - RK.docx | ROSS-003331099-ROSS-003331100 |
| Prime Med. Corp. v. First Med. Corp., 291 S.C. 296 | 307A+501 | A plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to defendant. Rules Civ.Proc., Rule 41(a)(2); Circuit Court Rule 45(2) (Repealed). | Is a plaintiff entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendant? | 023990.docx | LEGALEASE-00129396-LEGALEASE-00129397 |
| In re Marriage of Saleh, 202 Ill. App. 3d 131 | 307A+506.1 | Plaintiff has absolute right to take voluntary dismissal, unless there exists pending motion to dismiss for lack of diligent service or some other previously filed motion which, if ruled upon favorably by court, could result in final disposition of case. S.H.A. ch. 110, P 2-1009. | Do plaintiffs have an absolute right to take a voluntary dismissal? | Pre-trial Procedure - Memo # 1048 - C - KG.docx | ROSS-003300902-ROSS-003300903 |
| Christenson v. Gutman, 249 A.D.2d 805 | 307A+501 | Motion for voluntary discontinuance is generally granted, absent showing of special circumstances, including prejudice or other improper consequences. McKinney's CPLR 3217(b). | "Is a motion for voluntary discontinuance generally granted, in the absence of showing of special circumstances, including prejudice or other improper consequences?" | Pretrial Procedure - Memo # 1106 - C - CK.docx | ROSS-003314580-ROSS-003314581 |
| In re Mach. Builders, 47 N.Y.S.2d 735 | 307A+501 | Ordinarily and in absence of crossclaim for affirmative relief a party can, with or without reason, have his action or proceeding discontinued before issues have been committed to court or jury. Civil Practice Act, SS 457, 469. | "Ordinarily and in absence of crossclaim for affirmative relief, can a party have his action or proceeding discontinued before issues have been committed to court or jury?" | Pretrial Procedure - Memo # 1164 - C- BP.docx | ROSS-003301146-ROSS-003301148 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hurrell-Harring v. State, 112 A.D.3d 1213 | 307A+501 | Delay, frustration and expense in preparation of a contemplated defense do not constitute prejudice warranting denial of a motion for a voluntary discontinuance. McKinney's CPLR 3217(b). | "Do delay, frustration and expense in preparation of a contemplated defense constitute prejudice warranting denial of a motion for a voluntary discontinuance?" | 026044.docx | LEGALEASE-00129470-LEGALEASE-00129472 |
| Price v. Price, 1989 OK CIV APP 50 | 307A+516 | Generally, subject to few exceptions, complainant has common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. 12 O.S.1981, S 684. | "Subject to a few exceptions, does a complainant have common law and statutory right to control his cause by dismissal at his pleasure on payment of costs?" | 026197.docx | LEGALEASE-00129227-LEGALEASE-00129228 |
| Renfroe v. Johnson, 142 Tex. 251 | 307A+501 | The statutory right of plaintiff in case tried without a jury to take a nonsuit at any time before decision is announced is not entirely without limitation, since it is the policy of the law to avoid needless litigation, and public policy requires that there be an end to legal controversies. Rev.St.1925, art. 2182. | Is the statutory right of a plaintiff in a case tried without a jury to take a nonsuit at any time before a decision is announced not entirely without limitation? | 039521.docx | LEGALEASE-00129366-LEGALEASE-00129367 |
| Auchan USA v. Houston Lighting & Power Co., 961 S.W.2d 197 | 317A+114 | Fact issue of reasonableness of public utility tariff can be raised by proof that damages caused may be large as compared to minute recovery allowed by tariff, and that utility may allow problem to persist for long time even though it can solve it quickly. Vernon's Ann.Texas Civ.St. art. 1446c-0, S 1.002. | How can a fact issue of reasonableness of a tariff be raised? | 042532.docx | LEGALEASE-00129378-LEGALEASE-00129380 |
| Polgar v. Focacci, 2 Misc. 3d 836 | 307A+501 | Ordinarily, plaintiff has right to discontinue pending action at any time, unless substantial rights have accrued or adversary's rights would be prejudice thereby. McKinney's CPLR 3217(b). | Does a plaintiff have a right to discontinue a pending action without prejudice at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby? | Pretrial Procedure - Memo # 1282 - C - KS.docx | ROSS-003327477-ROSS-003327479 |
| Wolff v. Laverne Inc., 17 A.D.2d 213 | 307A+742.1 | It is duty of justice to encourage talk of settlement at pre-trial conference, and discussions of settlement can be facilitated through proper exertion of such influence as may naturally flow by virtue of his office, but this does not mean that undue pressure or coercive measures should be applied by justice. Supreme Court Rules, New York Co.,, Trial Terms, rule 9. | What is the duty of the justice at pre-trial conference? | Pretrial Procedure - Memo # 1337 - C - SB.docx | ROSS-003286112-ROSS-003286113 |
| Bixler by Bixler v. J.C. Penney Co., 376 N.W.2d 209 | 307A+723.1 | A trial court may grant a continuance under rule (48 M.S.A., Rules Civ.Proc., Rule 56.06) to permit further discovery even in absence of a formal motion, and, in making its determination, should focus on whether party seeking more time is acting from a good-faith belief that material facts will be discovered, or is merely engaged in a fishing expedition, and whether party has been previously diligent in seeking discovery. | What should the courts focus on while deciding whether a continuance should be granted to allow more time for discovery? | Pretrial Procedure - Memo # 1611 - C - SHB.docx | ROSS-003314564-ROSS-003314565 |
| Atkins v. Louisiana Mut. Med. Ins. Co., 47, 105 So. 3d 781 | 307A+717.1 | In order for a party to be granted a continuance because the party has been unable to obtain material evidence, the evidence must be vital and noncumulative evidence which could affect the outcome of the case. LSA-C.C.P. art. 1602. | "In order for a party to be granted a continuance because the party has been unable to obtain material evidence, should the evidence be vital and noncumulative evidence which could affect the outcome of the case?" | 026736.docx | LEGALEASE-00130243-LEGALEASE-00130244 |
| Adams Outdoor Advert., Ltd. v. Borough of Stroudsburg, 667 A.2d 21 | 371+2010 | Even though imposition of or exemption from tax may advance other governmental concerns, such as manufacturing exemption from state taxation which serves to encourage manufacturing within state, primary purpose of taxes is always to raise money for taxing authority. | Is raising money for the taxing authority the primary purpose of taxes? | 044776.docx | LEGALEASE-00130154-LEGALEASE-00130156 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Fattah, 223 F. Supp. 3d 336 | 63+1(1) | Under the bribery statute, it is unlawful for a public official to accept anything of value in return for being influenced in the performance of an official act; a promise to perform an official act is sufficient to constitute a bribery offense if done in exchange for a thing of value, whether or not the official act ever occurs. 18 U.S.C.A. S 201. | Is a promise to perform an official act sufficient to constitute a bribery offense if done in exchange for a thing of value? | 011104.docx | LEGALEASE-00130597-LEGALEASE-00130598 |
| Church v. State, 206 Tenn. 336. State v. Herrin, 6 Ohio App. 3d 68 | 67+2 | Burglary requires only that person by force, stealth, or deception trespass in occupied structure with purpose to commit therein theft offense or any felony, and does not require that felony offense actually be committed; if in fact felony is committed, that gives life to new and separately chargeable offense. | "Does burglary require stealth, force or deception?" | Burglary - Memo 72 - RK.docx | LEGALEASE-00020279-LEGALEASE-00020280 |
| Ilagan v. McAbee, 634 N.E.2d 827 | 307A+517.1 | "Retraxit" is open and voluntary renunciation by plaintiff of suit in court, made when trial is called on, by which plaintiff forever loses action, or is barred from commencing another action in same cause; retraxit operates as dismissal of cause with prejudice. | "Is ""retraxit"" an open and voluntary renunciation by a plaintiff of a suit in court, made when trial is called on?" | 026091.docx | LEGALEASE-00131081-LEGALEASE-00131082 |
| Wiener v. Benson Bldg. Co., 213 A.D. 347 | 307A+501 | Ordinarily plaintiff may discontinue action commenced by him, on proper terms as to costs and allowances, in absence of counterclaim or prejudice to defendant's rights. | "Could a plaintiff discontinue action commenced by him, on proper terms as to costs and allowances, in absence of a counterclaim or prejudice to defendant's rights?" | 026098.docx | LEGALEASE-00131125-LEGALEASE-00131126 |
| Bowie v. Montfort Jones Mem'l Hosp., 861 So. 2d 1037 | 307A+19 | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | "Do trial judges have a right to expect compliance with their pretrial orders, and when parties or attorneys or both fail to adhere to the provisions of these orders?" | Pretrial Procedure - Memo # 1454 - C - PC.docx | ROSS-003328281-ROSS-003328282 |
| Nantahala Power & Light Co. v. Whiting Mfg. Co., 209 N.C. 560 | 307A+517.1 | At common law, a voluntary nonsuit was an abandonment of the cause by plaintiff, who allowed judgment for costs to be entered against him by absenting himself or failing to answer when called upon to hear the verdict. | "Is a ""voluntary nonsuit"" an abandonment of a cause by a plaintiff and allows a judgment for costs to be entered against him?" | 026855.docx | LEGALEASE-00131032-LEGALEASE-00131033 |
| Cochran v. Mullinax, 276 Ga. App. 81 | 307A+750 | It generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order; once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. | "Can a party advance theory or offer evidence that violate the terms of a pretrial order, unless the pretrial order is modified at or before trial?" | Pretrial Procedure - Memo # 1767 - C - PC.docx | ROSS-003286338-ROSS-003286340 |
| McCain Foods USA v. Cent. Processors, 275 Kan. 1 | 307A+749.1 | The pretrial order controls the course of the action unless modified to prevent manifest injustice; an issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. Rules Civ.Proc., K.S.A. 60-216(e). | Should the trial court entertain an issue or claim for relief that is not contained in the pretrial order? | Pretrial Procedure - Memo # 1771 - C - PC.docx | ROSS-003287760-ROSS-003287761 |
| Nentwig v. United Indus., 256 Mont. 134 | 307A+750 | While pretrial order should be liberally construed to permit any issues at trial that are embraced within its language, theory or issue must be at least implicitly included in the pretrial order. | Should a theory or issue be included in the pretrial order even if it is liberally construed to permit any issues at trial that are embraced within its language? | 027028.docx | LEGALEASE-00130939-LEGALEASE-00130940 |
| Parker v. S. Farm Bureau Cas. Ins. Co., 326 Ark. 1073 | 307A+331 | Motion for production of documents must be considered in light of particular circumstances which give rise to it, and need of movant for information requested. | "Should a motion for production of documents be considered in light of particular circumstances which give rise to it, and need of movant for information requested?   " | Pretrial Procedure - Memo # 2018 - C - SKG.docx | LEGALEASE-00020897-LEGALEASE-00020898 |
| Jackson v. State Highway Dep't of Ga., 164 Ga. 434 | 110+594(1) | Statute providing that granting of continuances for absence of material witness shall be discretionary applies to both criminal and civil trials. K.S.A. 60-240(c), 62-1414. | Shall a statute providing that granting of continuances for absence of material witness be discretionary applies to both criminal and civil trials? | 027316.docx | LEGALEASE-00131207-LEGALEASE-00131208 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sullwold v. Barcus, 17 Kan. App. 2d 410 | 307A+750 | Unless modified to prevent manifest injustice, pretrial order controls course of action, and issue or claim for relief that is not contained in pretrial order should not be entertained by trial court. Rules Civ.Proc., K.S.A. 60-216. | Should an issue or claim for relief that is not contained in pretrial order be entertained by the trial court? | Pretrial Procedure - Memo # 2062- C - KG.docx | ROSS-003301557-ROSS-003301558 |
| S. Bag & Burlap Co. v. Boyd, 120 Tex. 418 | 307A+331 | Court has jurisdiction to make proper order to compel party to produce books and records, to end that adverse party might get information therefrom. | "Does the court have jurisdiction to make proper order to compel a party to produce books and records, to end that adverse party might get information therefrom?" | 027371.docx | LEGALEASE-00130760-LEGALEASE-00130761 |
| Combs v. Hartford Ins. Co., 544 So. 2d 583 | 307A+749.1 | Pretrial conference results in a pretrial order which controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. LSA-C.C.P. art. 1551. | "Do pretrial conference result in a pretrial order which controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice?" | 027381.docx | LEGALEASE-00130839-LEGALEASE-00130840 |
| Carroll v. Bergen, 2002 WY 166 | 307A+750 | A pretrial order controls the issues to be litigated, allowing the parties to rely on the pretrial order exhibit and witness lists to prepare their cases, and the trial court is vested with extensive authority to enforce its pretrial order. | Is the trial court vested with extensive authority to enforce its pretrial order? | 027521.docx | LEGALEASE-00130788-LEGALEASE-00130789 |
| Storedahl Properties v. Clark Cty., 143 Wash. App. 489 | 371+2001 | Charges imposed for purposes other than raising money to fund the public treasury, such as for regulating activities, are not taxes and are not subject to constitutional taxation constraints. West's RCWA Const. Art. 7, S 1. | Are charges imposed for purposes other than raising money to fund the public treasury subject to constitutional taxation constraints? | Taxation - Memo # 101 - C - SU.docx | ROSS-003287687-ROSS-003287688 |
| Amalgamated Transit Union Local 587 v. State, 142 Wash. 27 | 371+2001 | "Tax" has as its common meaning a pecuniary charge imposed by legislative or other public authority upon persons or property for public purposes, or a forced contribution of wealth to meet the public needs of a government. | Is tax a forced contribution of wealth to meet the public needs of a government? | 044541.docx | LEGALEASE-00130990-LEGALEASE-00130991 |
| Heatherly v. State, 189 N.C. App. 213 | 371+2001 | A "tax" is a charge levied and collected as a contribution to the maintenance of the general government; it is imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue. | "Is ""tax"" a charge levied and collected as a contribution to the maintenance of the general government?" | 044616.docx | LEGALEASE-00131103-LEGALEASE-00131104 |
| Heatherly v. State, 189 N.C. App. 213 | 371+2001 | A "tax" is a charge levied and collected as a contribution to the maintenance of the general government; it is imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue. | "Is ""tax"" a charge levied and collected as a contribution to the maintenance of the general government?" | Taxation - Memo # 117 - C - CK.docx | ROSS-003290520-ROSS-003290521 |
| Hanson v. Griffiths, 204 Misc. 736 | 371+2002 | Generally speaking "taxes" are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, whereas charges are sustainable as "fees" where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. | Are taxes a burden of a pecuniary nature? | 044726.docx | LEGALEASE-00130863-LEGALEASE-00130865 |
| Willingham v. United States, 35 Fed. Cl. 633 | 34+3(1) | When meaning of military regulations and instructions are at issue, armed service's own interpretation must be given controlling weight and deference, especially when regulation has been consistently interpreted over long period of time. | "When the interpretation of military regulations and instructions are at issue, should the military's own interpretation be given controlling weight and deference?" | 008916.docx | LEGALEASE-00132435-LEGALEASE-00132436 |
| Touloumis v. Chalem, 156 A.D.2d 230 | 302+8(15) | Party seeking to avoid release on grounds of fraud must allege every material element of fraud with specific and detailed evidence in record sufficient to establish prima facie case. | What must a party seeking to avoid release on grounds of fraud allege? | 023198.docx | LEGALEASE-00131632-LEGALEASE-00131633 |
| Callas v. Eisenberg, 192 A.D.2d 349 | 184+3 | In order to maintain cause of action for fraud, plaintiff must allege representation of material existing fact, falsity, scienter, justifiable reliance, and damages. | "Must a plaintiff allege a representation of a material existing fact, to plead a cause of action for fraud?" | Pleading - Memo 264 - RMM.docx | ROSS-003287616-ROSS-003287617 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mudge v. Thomas J. Hughes Const. Co., 16 A.D.2d 106 | 307A+14.1 | Purpose of statutory provisions for pretrial discovery and inspection is to promote presentation of facts in aid of justice, and such provisions are to be liberally applied to advance desired objective of open and fair trial. Rules of Civil Practice, rule 141; Civil Practice Act, S 324. | Is the provision for pre-trial discovery and inspection to be liberally applied to advance desired objective of open and fair trial? | Pretrial Procedure - Memo # 1931 - C - PB.docx | ROSS-003301507-ROSS-003301508 |
| Ex parte Darring, 242 Ala. 621 | 302+309 | The statute dispensing with ancient rule of profert in pleading and conferring a right of inspection of an instrument sued upon, or an instrument set up in defense, or bill of particulars, is "remedial" and should be liberally construed. Code 1940, Tit. 7, S 216. | Is the right of inspection remedial in character and should be liberally construed? | 027234.docx | LEGALEASE-00131732-LEGALEASE-00131733 |
| Black & White Cabs of St. Louis v. Smith, 370 S.W.2d 669 | 307A+352 | Purpose of rule authorizing discovery is to make relevant, nonprivileged documents, papers and records in possession of one party available to the other, but the right of discovery is limited to matter not privileged but relevant to subject matter of the litigation. V.A.M.R. Civil Rules 57.01(b), 58.01. | "Does the purpose of a rule authorizing discovery is to make relevant, nonprivileged documents, papers, and records in possession of one party available to the other?" | 027429.docx | LEGALEASE-00131787-LEGALEASE-00131788 |
| Whisman v. Fawcett, 470 N.E.2d 73 | 307A+750 | When pretrial order specifies issues of case, parties will not be permitted to go into other issues, unless pretrial order is amended, since express purpose of trial rule is to provide for a pretrial conference in which to simplify the issues raised by the pleadings and to define these issues within a pretrial order. Trial Procedure Rule 16(J). | Will parties be permitted to go into other issues when pretrial order specifies issues of the case? | 027477.docx | LEGALEASE-00132331-LEGALEASE-00132333 |
| Lydon v. Eagle Food Centers, 297 Ill. App. 3d 90 | 307A+517.1 | Plaintiff who voluntarily dismisses action can refile action only once under statute creating absolute right to refile complaint within one year or within remaining limitation period, whichever is greater. S.H.A. 735 ILCS 5/13-217. | Is the plaintiffs absolute right to refile their complaint within one year or within remaining period of limitations when plaintiff voluntarily dismisses his complaint intended to permit multiple refilings? | 027632.docx | LEGALEASE-00132214-LEGALEASE-00132215 |
| Wooten v. Hinton, 202 P.3d 1148 | 307A+517.1 | Voluntary dismissal with prejudice carries a heavy price for a plaintiff; unless the court has made some other provision, a dismissal with prejudice is subject to the rules of res judicata, and one who acquiesces to a dismissal with prejudice waives the right to an appeal. Rules Civ.Proc., Rule 41(a)(2). | Does a voluntary dismissal with prejudice carry a heavy price for a plaintiff? | 027640.docx | LEGALEASE-00132274-LEGALEASE-00132275 |
| Livernois v. Brandt, 225 Cal. App. 2d 301 | 307A+749.1 | The pretrial order supersedes issues raised by pleadings and controls subsequent course of case as long as it remains unmodified. Cal.Rules of Court, rule 216. | Does the pretrial order supersede issues raised by pleadings and controls subsequent course of case as long as it remains unmodified? | Pretrial Procedure - Memo # 2260 - C - SN.docx | ROSS-003288166-ROSS-003288167 |
| Samland v. J. White Transp. Co., 675 S.W.2d 92 | 307A+517.1 | Once a plaintiff voluntarily dismisses his action, nothing remains before court upon which it can act; even an order reinstating the case on trial docket at plaintiff's request is a nullity because legal situation is as though the suit had never been brought. V.A.M.R. 67.01. | "Once a plaintiff files a voluntary dismissal of his or her petition, is even an order reinstating the case on the trial docket at the plaintiff's request a nullity?" | 027817.docx | LEGALEASE-00131793-LEGALEASE-00131794 |
| Milton Meyer & Co. v. Curro, 239 Cal. App. 2d 480 | 307A+749.1 | When filed, pretrial conference order, unless modified at or before trial, supersedes issues raised by pleadings and controls subsequent course of case. | "When filed, does a pretrial conference order supersede issues raised by pleadings and controls subsequent course of a case?" | Pretrial Procedure - Memo # 2512 - C- BP.docx | ROSS-003300104-ROSS-003300106 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Powell v. Gleason, 50 Ariz. 542 | 371+2160 | Where statute taxing motor vehicles first placed motor vehicles in separate class from other tangible personalty, declared that such was done for purpose of ad valorem taxation, and that tax imposed was in lieu of all other taxes on motor vehicles as tangible personalty, but that it should not be deemed to relieve it of any excise tax or tax based on factor other than "ad valorem property tax." Rev.Code 1928, SS 1635a-1635f, as added by Laws 1937, c. 66. | "Is a tax on motor vehicle a ""property tax"" or an ""excise tax""?" | 044798.docx | LEGALEASE-00131507-LEGALEASE-00131508 |
| In re Carolina Tobacco Co., 360 B.R. 702 | 371+2001 | "Tax" is: (1) involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of, the legislature; (3) for public purposes, including purpose of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of state. | "Is tax imposed by, or under authority of the legislature?" | 044800.docx | LEGALEASE-00131509-LEGALEASE-00131510 |
| In re Carolina Tobacco Co., 360 B.R. 702 | 371+2001 | "Tax" is: (1) involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of, the legislature; (3) for public purposes, including purpose of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of state. | Is tax under the police or taxing power of state? | Taxation - Memo # 213 - C - KI.docx | ROSS-003288448-ROSS-003288449 |
| Mayor & City Council of Baltimore v. Williams, 61 F.2d 374 | 371+2001 | "Tax" is enforced contribution of money or other property, assessed in accordance with reasonable rule of apportionment by sovereign state's authority on persons or property within its jurisdiction, to defray expenses. | Is tax assessed in accordance with some reasonable rule or apportionment by authority of a sovereign state? | 044813.docx | LEGALEASE-00131538-LEGALEASE-00131539 |
| Beattie v. E. China Charter Twp., 157 Mich. App. 27 | 371+2001 | Taxes levied or exemptions created under state's police powers do not fall within realm of property tax laws, and are thus not within jurisdiction of Tax Tribunal. M.C.L.A. S 205.731. | Do taxes levied or exemptions created under state's police powers fall within the realm of property tax laws? | Taxation - Memo # 281 - C - SS.docx | ROSS-003287758-ROSS-003287759 |
| City of Philadelphia v. Pennsylvania Pub. Util. Comm'n, 676 A.2d 1298 | 371+2001 | Classic "tax" is imposed by legislature upon many or all citizens, raises money, contributed to general fund, and spent for benefit of entire community. | Is the classic tax imposed by a legislature upon many or all citizens and spent for the benefit of the entire community? | Taxation - Memo # 301 - C - CK.docx | ROSS-003315440-ROSS-003315441 |
| United States v. McDonough, 727 F.3d 143 | 63+1(2) | To support a conviction of bribery of a public official, because the illegal conduct is taking or agreeing to take money for a promise to act in a certain way, the government must prove that an agreement for a quid pro quo existed; that is, the receipt of something of value "in exchange for" an official act. 18 U.S.C.A. S 201. | "Does a ""quid pro quo"" agreement need to be tied to a specific act?" | 011338.docx | LEGALEASE-00133344-LEGALEASE-00133345 |
| United States v. Redzic, 627 F.3d 683 | 63+1(1) | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. 18 U.S.C.A. S 666(a)(2). | "To prove a case of illegal bribe, should the payment be made with the intent to influence a general course of conduct?" | Bribery - Memo #266 - C - JL.docx | LEGALEASE-00022439-LEGALEASE-00022440 |
| Norkin v. U. S. Fire Ins. Co., 237 Cal. App. 2d 435 | 302+8(15) | Fraud must be pleaded in specific language descriptive of the acts relied upon to constitute fraud, and it is not sufficient to allege fraud in general terms or terms amounting to mere conclusions. | Must fraud be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud? | 023238.docx | LEGALEASE-00133289-LEGALEASE-00133291 |
| Tait v. Nash, 27 Mich. App. 446 | 307A+743 | Purpose of pretrial conference is to narrow factual and legal issues for trial, and it is for this reason that pretrial statement must be given the effect specified in the rule, that is to control the subsequent course of the action. GCR 1963, 301.3. | Is the purpose of pretrial conference to narrow factual and legal issues for trial? | Pretrial Procedure - Memo # 1822 - C - SB.docx | ROSS-003314917-ROSS-003314918 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mordecai v. Cain, 790 S.E.2d 539 | 388+20 | When a party requests that qualification of prospective jurors be done during voir dire and in open court, the trial court's discretion when and where to qualify them is, in fact, limited; that is, although so-called "prequalification" may be permitted, a party who asks that qualification of prospective jurors be done during voir dire and in open court is entitled to that procedure, regardless whether prospective jurors are prequalified by a court employee before they are sent to the courtroom. | What is a party filing a proposed pretrial order required to do? | 027072.docx | LEGALEASE-00132789-LEGALEASE-00132791 |
| Mission Mun. Hosp. v. Bryant, 563 S.W.2d 293 | 307A+742.1 | The purpose of a pretrial hearing is to aid the trial court in narrowing the issues and in disposing of other matters which may aid in the final disposition of the action; in a pretrial conference, the trial court may consider all dilatory pleas and all motions and exceptions relating to a suit pending, the necessity or desirability of amendments to the pleadings, the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof and such other matters as may aid in disposition of the action. Rules of Civil Procedure, rule 166. | Is the purpose of a pretrial hearing to aid the trial court in narrowing the issues and in disposing of other matters that may aid in the final disposition of the action? | 027136.docx | LEGALEASE-00133198-LEGALEASE-00133199 |
| Universal Underwriters Ins. Co. v. Superior Court for Los Angeles Cty., 250 Cal. App. 2d 722 | 307A+742.1 | Principal purposes of pretrial are to find out what lawsuit is about, to simplify and define issues to be litigated, and to determine how trial may proceed most expeditiously; and another purpose is to give notice of matters not necessarily revealed by pleadings where such matters may be issues in case. Cal. Rules of Court, rules 210, 216; West's Ann.Code Civ.Proc. SS 473, 2030. | Is the purpose of pretrial conference and subsequent pretrial order of the court to simplify the issues after parties have completed discovery? | 027138.docx | LEGALEASE-00133192-LEGALEASE-00133193 |
| Dodson v. Allstate Ins. Co., 345 Ark. 430 | 307A+331 | A motion for production of documents must be considered in the light of the particular circumstances which give rise to it, and the need of the movant for the information requested. | "Can a motion for production of documents be considered in the light of the particular circumstances which give rise to it, and the need of the movant for the information requested?" | 027199.docx | LEGALEASE-00133058-LEGALEASE-00133059 |
| Anderson v. Section 11, 28 Wash. App. 814 | 307A+750 | If a new issue is introduced after parties have entered into pretrial order, court may consider issue and modify order to prevent manifest injustice. | Will a court consider issue and modify order to prevent manifest injustice if a new issue is introduced after parties have entered into pretrial order? | 028140.docx | LEGALEASE-00132621-LEGALEASE-00132622 |
| Harris v. Billings, 16 Cal. App. 4th 1396 | 307A+506.1 | Plaintiff may not obtain dismissal without prejudice following adverse arbitration award and filing of request for trial de novo. | Can a plaintiff obtain a dismissal without prejudice following an adverse arbitration award and filing of a request for a trial de novo? | Pretrial Procedure - Memo # 2562 - C - NS.docx | ROSS-003288310-ROSS-003288311 |
| Britt v. Knowles, 792 So. 2d 635 | 307A+519 | First two dismissals of replevin case were not voluntary, but were entered by county court upon respondent's motions, and thus, subsequent voluntary dismissal of matter did not operate as adjudication on merits pursuant to rule providing that notice of voluntary dismissal operates as adjudication on merits when served by plaintiff who has once dismissed in any court action based on or including same claim. West's F.S.A. RCP Rule 1.420(a)(1). | Does a notice of dismissal operate as an adjudication upon the merits when filed by a plaintiff who has once dismissed an action based on or including the same claim? | Pretrial Procedure - Memo # 2596 - C - NC.docx | ROSS-003287596-ROSS-003287597 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Starling v. Union Pac. R. Co., 22 S.W.3d 213 | 307A+517.1 | Under court rule that allows a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial, even if motions are pending, the circuit court loses jurisdiction to take any further action to rule on those motions as of the date that the plaintiff dismisses the lawsuit. V.A.M.R. 67.02(a). | Will a rule allow a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial? | Pretrial Procedure - Memo # 2673 - C - SKG.docx | LEGALEASE-00023086-LEGALEASE-00023087 |
| Pennymac Corp. v. Labeau, 180 So. 3d 1216 | 307A+486 | Liberal standard for relief from a technical admission arising out of the failure to respond to a request for admissions within 30 days of the request reflects the strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default. West's F.S.A. RCP Rule 1.370. | Should the liberal standard for relief from a technical admission be decided upon their merits rather than technical rules of default? | Pretrial Procedure - Memo # 2805 - C - BP.docx | ROSS-003301612 |
| Law Offices of Andrew L. Ellis v. Yang, 178 Cal. App. 4th 869 | 307A+517.1 | Upon the proper filing of a request to voluntarily dismiss a matter, the trial court loses jurisdiction to act in the case, except for the limited purpose of awarding costs and statutory attorney fees, and all subsequent proceedings are void. West's Ann.Cal.C.C.P. § 581. | "Following filing of a voluntary dismissal with prejudice, is the trial court without jurisdiction to act further in the action?" | Pretrial Procedure - Memo # 2814 - C - SJ.docx | ROSS-003288140-ROSS-003288141 |
| Hinkle v. Henderson, 956 F. Supp. 1430 | 307A+517.1 | Under Illinois "single refiling rule," statute allowing plaintiff who voluntarily dismisses action to refile action within either remainder of limitations period or one year from dismissal, which ever is longer, permits only one refiling even in case where applicable statute of limitations has not yet expired. S.H.A. 735 ILCS 5/13-212(c). | "Under the ""single refiling rule,"" does a statute permit only one refiling even in case where applicable statute of limitations has not yet expired?" | Pretrial Procedure - Memo # 2818 - C - SJ.docx | ROSS-003288361-ROSS-003288362 |
| Wilcox v. Orellano, 443 Md. 177 | 307A+517.1 | Even though res judicata may not prevent a plaintiff who has voluntarily dismissed a claim from refiling the claim, the statute of limitations-if it has expired in the meantime-may do so. Md.Rule 2-506. | "Even though res judicata may not prevent a plaintiff who has voluntarily dismissed a claim from refiling the claim, may the statute of limitations-if it has expired in the meantime do so?" | Pretrial Procedure - Memo # 2822 - C - SB.docx | ROSS-003315068-ROSS-003315069 |
| Dyson v. Adrenaline Dreams Adventures, 143 Ohio App. 3d 69 | 307A+517.1 | While a plaintiff's voluntary dismissal generally divests a court of jurisdiction, a court may consider collateral issues not related to the merits of the action. Rules Civ.Proc., Rule 41(A)(1). | "While a plaintiff's voluntary dismissal generally divests a court of jurisdiction, may a court consider collateral issues not related to the merits of the action?" | Pretrial Procedure - Memo # 2624 - C - KG.docx | ROSS-003291647-ROSS-003291648 |
| Application for Water Rights of Hines Highlands Ltd. P'ship, 929 P.2d 718 | 307A+517.1 | Plaintiff has right afforded by rule to dismiss claim without prejudice, provided that court can ensure defendant will not be unfairly prejudiced. Rules Civ.Proc., Rule 41(a)(2). | "Does a plaintiff have a right afforded by rule to dismiss the claim without prejudice, provided that court can ensure the defendant will not be unfairly prejudiced?" | Pretrial Procedure - Memo # 2627 - C - KG.docx | ROSS-003289496-ROSS-003289497 |
| Alley v. United States, 6 Cl. Ct. 99 | 34+5(1) | Fact that military employment relationship is generally referred to as a statutory relationship does not mean that it is inappropriate to examine agreements entered into within framework of that relationship in light of traditional contract principles. | Is it inappropriate to examine military employment agreements in light of traditional contract principles? | 008432.docx | LEGALEASE-00133926-LEGALEASE-00133927 |
| Roberts v. City of Baton Rouge, 236 La. 521 | 371+3249 | The terms "excise tax", "license tax" and "privilege tax" are synonymous and are used interchangeably to extent that they are all "indirect taxes" which are imposed upon the acts of persons, whereas a "direct tax" is one which is imposed upon persons themselves or upon property owned by them. | "Are the terms ""excise tax"", ""license tax"" and ""privilege tax"" synonymous and used interchangeably?" | 045115.docx | LEGALEASE-00133916-LEGALEASE-00133917 |
| United States v. Jennings, 160 F.3d 1006 | 63+14 | When instructing the jury on bribery of a public official, a trial court must explain that a payment is made with corrupt intent only if it was made or promised with the intent to corrupt the particular official. 18 U.S.C.A. S 201(b)(1)(A). | "When instructing the jury on bribery of a public official, is a trial court required to explain that a payment is made with corrupt intent only if it was made or promised with the intent to corrupt the particular official?" | Bribery - Memo #179 - C - EB.docx | ROSS-003290063-ROSS-003290064 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Salvitti, 451 F. Supp. 195 | 63+1(1) | Single, ongoing scheme by city official to defraud by obtaining bribes or kickbacks, which involved series of unlawful acts, was "pattern of racketeering activity," within scope of Racketeer Influenced and Corrupt Organizations Act, and it was not necessary to establish two or more totally independent criminal acts. 18 U.S.C.A. S 1962. | Does a single ongoing scheme which involves a series of unlawful acts establish a pattern for the purposes of RICO? | 011291.docx | LEGALEASE-00134505-LEGALEASE-00134506 |
| United States v. Harvey, 532 F.3d 326 | 63+1(1) | Not every gift, favor or contribution to a government or political official constitutes bribery; bribery occurs only if the gift is coupled with a particular criminal intent to receive a specific benefit in return for the payment. 18 U.S.C.A. S 201(b)(1)(A), (b)(2)(A). | "Is every gift, favor, or contribution to a government or political official bribery?" | 011295.docx | LEGALEASE-00134550-LEGALEASE-00134552 |
| State v. Rush, 18 Kan. App. 2d 694 | 210+815 | Criminal trespass is not lesser included crime of aggravated burglary because criminal trespass contains additional element of intruder's actual or constructive notice that intruder has no authority to enter or remain within structure. K.S.A. 21-3721. | Is criminal trespass lesser included offense than aggravated burglary? | Burglary - Memo 94 - MS.docx | ROSS-003331028-ROSS-003331030 |
| Gold v. Portland Lumber Corp., 137 Me. 143 | 48A+168(6) | The approach to an intersection must always be attended with use of reasonable watchfulness and caution so as to have approaching vehicle under control, and, where a collision is indicated, the motorist who can do so by exercise of ordinary care should avoid doing injury although it necessitates yielding the right of way. Rev.St.1930, c. 29, S 7. | What elements must be attended to or considered before approaching an intersection? | Highways- Memo 87-AR.docx | ROSS-003305072-ROSS-003305073 |
| Miller Bros. Co. v. State of Md., 347 U.S. 340 | 200+121 | Certain activities or transactions carried on within a state, such as the use and sale of property, may give jurisdiction to tax whomsoever engages therein, and the use of highways may justify certain types of taxation. | Which activities or transactions carried on within a state can give jurisdiction to impose tax? | 019252.docx | LEGALEASE-00134240-LEGALEASE-00134241 |
| State ex rel. Harvey v. Wells, 955 S.W.2d 546 | 302+1 | Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. V.A.M.R. 55.08. | "Does fact pleading identify, narrow, and define the issues so that the trial court and the parties know what issues are to be tried?" | 023275.docx | LEGALEASE-00134673-LEGALEASE-00134674 |
| Polansky v. Berenji, 393 S.W.3d 362 | 307A+506.1 | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Although the nonsuit immediately renders the merits of the case moot, should the trial court immediately dismiss the suit when notice of nonsuit is filed?" | 027668.docx | LEGALEASE-00134555-LEGALEASE-00134556 |
| Kirby v. Gaub, 75 S.W.3d 916 | 307A+517.1 | Actions other than entering administrative orders, such as those with regard to assessment of costs, that are taken by trial court after party files his or her voluntary dismissal of civil action, are considered nullities. V.A.M.R. 67.02. | "Are actions other than entering administrative orders, such as those with regard to assessment of costs that are taken by trial court after party files his or her voluntary dismissal of civil action, considered nullities?" | Pretrial Procedure - Memo # 2710 - C - PC.docx | ROSS-003305103-ROSS-003305104 |
| Lake v. Sterling, 220 Cal. App. 2d 35 | 30+105 | Willful dismissal terminates action for all time and affords appellate court no jurisdiction to review rulings on demurrers or motions made prior to dismissal. | Does a wilful dismissal terminate the action for all time and affords the appellate court no jurisdiction to review motions made prior to the dismissal? | 028471.docx | LEGALEASE-00134475-LEGALEASE-00134476 |
| MacDonald v. Cottle, 133 Or. App. 35 | 307A+486 | Rule which provides that, when trial court allows amendment of admission, original matter is no longer conclusively established and proponent of disputed fact continues to have burden of establishing its existence does not prohibit initial response from being admitted into evidence. Rules Civ.Proc., Rule 45, subd. D. | "When a trial court allows an amendment, does the original matter admitted is conclusively established?" | 028725.docx | LEGALEASE-00134820-LEGALEASE-00134821 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tucker v. McQuery, 107 Ohio Misc. 2d 31 | 307A+486 | While trial courts have discretion to allow a party to amend answers deemed admitted, underlying circumstances must generally be compelling for such amendment to be permissible. Rules Civ.Proc., Rule 36(B). | "While trial courts have discretion to allow a party to amend answers deemed admitted, should underlying circumstances generally be compelling for such amendment to be permissible?" | 028892.docx | LEGALEASE-00134106-LEGALEASE-00134107 |
| Brook Vill. N. Assocs. v. Gen. Elec. Co., 686 F.2d 66 | 170A+1684 | The prejudice contemplated by rule permitting withdrawal or amendment of an admission is not simply that the party who initially obtained the admission will presently have to convince the finder of fact of its truth but, rather, it relates to the difficulty a party may face in proving its case, e.g., caused by unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the question previously answered by the admission. Fed.Rules Civ.Proc. Rules 36, 36(b), 28 U.S.C.A. | Can prejudice be established if key witnesses are unavailable to testify about the matter which was initially admitted? | 028964.docx | LEGALEASE-00134353-LEGALEASE-00134354 |
| Crowley v. Coles, 760 S.W.2d 347 | 157+265(1) | Any matter deemed admitted is conclusively established as to party making such admission, unless on motion it is withdrawn or amended with permission of the court. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | "When admissions are deemed, are matters conclusively established against admitting party unless court on motion permits withdrawal or amendment of admissions?" | 029041.docx | LEGALEASE-00134274-LEGALEASE-00134275 |
| Dover Corp. v. Perez, 587 S.W.2d 761 | 307A+716 | Ruling on motion for continuance based on absence of counsel is within discretion of trial court, and ruling on motion will be reversed only upon showing of court's discretion. Rules of Civil Procedure, rule 253. | "Is a ruling on a motion for continuance based on absence of counsel is within discretion of trial court, and ruling on motion will be reversed only upon showing of court's discretion?" | Pretrial Procedure - Memo # 3675 - C - SKG.docx | ROSS-003290876-ROSS-003290877 |
| The Anaconda v. Am. Sugar Ref. Co., 322 U.S. 42 | 25T+152 | Section 8 of the Arbitration Act contemplates that one who has agreed to arbitrate may, nevertheless, prosecute his cause of action in admiralty, and protects his opponent's right to arbitration by court order. United States Arbitration Act, S 8, 9 U.S.C.A. S 8. | Can a party who has agreed to arbitrate prosecute his cause of action in admiralty and protect his opponents right to arbitration by court order? | 007567.docx | LEGALEASE-00135861-LEGALEASE-00135863 |
| United States v. Biaggi, 909 F.2d 662 | 164T+24(5) | Evidence was sufficient to convict defendants of bribery and extortion, even though payment in part had lawful purpose of compensation for legal services rendered by law firm, where payment was also demanded by United States congressman and directed to his son's law firm to obtain congressman's assistance as public official in securing favorable action from other public officials. 18 U.S.C.A. SS 201(b)(2)(A), 1951(b)(2). | Does a payment constitute both bribe and extortion where it is sought and paid for both lawful and unlawful purposes? | 011772.docx | LEGALEASE-00135547-LEGALEASE-00135548 |
| State v. Jacobs, 504 So. 2d 817 | 67+41(3) | Proof of defendant's presence in building by means of unauthorized entry is not alone sufficient for burglary conviction; rather, prosecution must prove beyond reasonable doubt intruder's intent to commit theft or felony therein. LSA-R.S. 14:62. | Does burglary require proof beyond a reasonable doubt? | 012629.docx | LEGALEASE-00135785-LEGALEASE-00135786 |
| Williams v. Clarke, 81 N.Y.S. 381 | 170A+1713.1 | Effect of voluntary dismissal without prejudice pursuant to Federal Rules of Civil Procedure is to render proceedings a nullity and leave parties as if action had never been brought. Fed.Rules Civ.Proc.Rule 41(a)(1), 28 U.S.C.A. | Is the effect of a voluntary dismissal without prejudice to render proceedings nullity and leave parties as if action had never been filed? | 028536.docx | LEGALEASE-00135206-LEGALEASE-00135207 |
| Reid v. U.S. Fid. & Guar. Co., 223 Ga. App. 204 | 241+130(5) | For purposes of renewal statute, suit is "void" if service was never perfected or if there has been adjudication that dismissal is authorized; however, unless trial court enters order dismissing a valid action, it is merely voidable and not void. O.C.G.A. S 9-2-61. | "Unless and until a trial court enters an order dismissing a valid action, is it merely voidable and, thus, capable of renewal?" | 028546.docx | LEGALEASE-00135280-LEGALEASE-00135281 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Austin v. Bearden, 566 So. 2d 1003 | 307A+716 | While a litigant is not guaranteed representation by counsel in a civil case, our system of justice does not permit unrepresented litigants to be unfairly dealt with, and courts are alert and diligent to see that litigants are not left in the lurch by attorneys who have agreed to represent them. | Is a litigant guaranteed representation by counsel in a civil case? | 029377.docx | LEGALEASE-00135449-LEGALEASE-00135450 |
| Bloodworth v. Caldwell, 150 Ga. App. 443 | 388+27 | Continuance or postponement of case because of absence of counsel who is without leave engaged in trial of case in another court is not favored and absence without leave of counsel to attend trials in other courts is no ground for continuance or postponement. | Is continuance or postponement of the case because of the absence of counsel who is without leave engaged in the trial of the case in another court not favored and is no ground for continuance or postponement? | 029681.docx | LEGALEASE-00135067-LEGALEASE-00135068 |
| J.M. Parker & Sons v. William Barber, 208 N.C. App. 682 | 307A+483 | Where one party fails to timely respond to another's request for admissions, the facts in question are deemed to be judicially admitted. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "Where one party fails to timely respond to another's request for admissions, are the facts in question deemed to be judicially admitted?" | Pretrial Procedure - Memo # 3583 - C - SS.docx | ROSS-003290497-ROSS-003290498 |
| Dobbelaere v. Cosco, 120 Ohio App. 3d 232 | 307A+483 | Where party files written request for admission, failure of opposing party to timely answer request constitutes conclusive admission, and also satisfies written answer requirement of summary judgment rule. Rules Civ.Proc., Rules 36, 56(C). | "Where a party files a written request for admission, does a failure of the opposing party to timely answer the request constitutes a conclusive admission?" | 029808.docx | LEGALEASE-00135374-LEGALEASE-00135375 |
| Bryant v. Robledo, 938 So. 2d 413 | 307A+483 | A matter in a request for admissions is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. Rules Civ.Proc., Rule 36(b). | When is a matter in a request for admissions deemed admitted? | 029880.docx | LEGALEASE-00135244-LEGALEASE-00135245 |
| Calkins v. Smith, 106 Mont. 453 | 371+2166 | Taxes are levied against a person, and his property serves as a basis for computing measure of liability and as security for discharge of lien, but obligation created by levy is not a continuing personal obligation. Rev.Codes 1935, SS 2152, 2154. | Do taxes levied against property serve only as a basis for computing each person's measure of liability and as security for the discharge of the lien which the tax imposes? | 045261.docx | LEGALEASE-00135178-LEGALEASE-00135179 |
| United States v. Anderson, 509 F.2d | 63+1(1) | Donor may be convicted of giving a bribe despite the fact that the recipient had no intention of altering his official activities, or even lacked the power to do so. 18 U.S.C.A. S 201(a, b). | "If the recipient of a bribe has no intention of altering his official activities, or even lacked the power to do so, will the donor be convicted of giving a bribe?" | 011312.docx | LEGALEASE-00136818-LEGALEASE-00136819 |
| United States v. Evans, 344 F.3d 1131 | 63+1(1) | To determine whether any particular individual is public official, within meaning of gratuity statute, proper inquiry is whether person occupies position of public trust with official federal responsibilities. 18 U.S.C.A. S 201(a)(1). | "What is the proper inquiry to determine, within the meaning of the gratuity statute, whether a person occupies the position of a ""public official""?" | 011693.docx | LEGALEASE-00136561-LEGALEASE-00136562 |
| Bates v. Richland Sales Corp., 346 Ill. App. 3d 223 | 302+8(21) | For purposes of legal sufficiency of complaint depending on well-pleaded facts rather than conclusions, allegations of defendant's knowledge, especially defendant's knowledge of someone else's future conduct, are conclusory absent facts that might reasonably lead one to attribute such knowledge to defendant. | Is the allegation of a defendant's knowledge a conclusion? | 023322.docx | LEGALEASE-00136084-LEGALEASE-00136085 |
| Huntington Natl. Bank v. Thompson, 24 N.E.3d 621 | 307A+483 | The word "conclusively" in the discovery rule providing that any matter admitted, which has not been withdrawn or amended, has been conclusively established means that evidence may not be used to contradict an admission. Rules Civ.Proc., Rule 36(A, B). | "Does the word ""conclusively"" in the discovery rule providing that any matter admitted, which has not been withdrawn or amended, has been conclusively established mean that evidence may not be used to contradict an admission?" | 029759.docx | LEGALEASE-00136093-LEGALEASE-00136094 |
| City of Muncie v. Peters, 709 N.E.2d 50 | 307A+483 | Failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law. Trial Procedure Rule 36 | Does failure to respond in a timely manner to a request for admissions cause those matters to be conclusively established by operation of law? | Pretrial Procedure - Memo # 3714 - C - PC.docx | ROSS-003290535-ROSS-003290536 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ronollo v. Ronollo, 643 S.W.2d 646 | 307A+723.1 | An abuse of discretion with respect to denial of a continuance does not exist in absence of compliance with rule setting forth information which is to be contained in an application for continuance. V.A.M.R. 65.04. | Does an abuse of discretion with respect to a denial of a continuance exist in the absence of compliance with a rule setting forth information which is to be contained in an application for continuance? | 030251.docx | LEGALEASE-00136907-LEGALEASE-00136908 |
| Matter of Tax Appeal of Trade Wind Tours of Hawaii, 6 Haw. App. 260 | 307A+483 | Standard for determining whether party should be allowed to withdraw admissions by permitting later filing of answers to request for admissions, as set forth under Rules of Civil Procedure, is whether presentation of merits of action will be subserved, and whether party who obtained admission will be prejudice in maintaining action or defense on merits. Rules Civ.Proc., Rule 36(b). | What is the applicable standard in determining whether a party should be allowed to withdraw admissions under Rule 36(b)? | 030468.docx | LEGALEASE-00136080-LEGALEASE-00136081 |
| Libertarian Party of Ohio v. Husted, 302 F.R.D. 472 | 170A+1327.1 | Once the deposing party has had a full opportunity to question a witness, doing that for a second time is presumptively duplicative and it is appropriate to ask the party requesting a second deposition of the same witness to explain what else might be asked that has not already been covered adequately in the first proceeding. Fed.Rules Civ.Proc.Rule 30, 28 U.S.C.A. | Can a deposition of a witness be taken second time for purpose of explaining evidence before given or for purpose of obtaining testimony concerning additional facts? | 030807.docx | LEGALEASE-00136753-LEGALEASE-00136754 |
| Ayr-Way Stores v. Chitwood, 261 Ind. 86 | 307A+720 | Party moving for continuance on basis of amendment of pleadings must show that allowing the amendment would prejudice his rights in maintaining his action or defense. | Should a party moving for continuance on the basis of amendment of pleadings show that allowing the amendment would prejudice his rights in maintaining his action or defense? | Pretrial Procedure - Memo # 4570 - C - CK.docx | ROSS-003304628-ROSS-003304629 |
| Hook v. Springfield, 141 Ohio App. 3d 260 | 413+2 | The rights of injured employees and the dependents of killed employees to recover from or participate in the workers' compensation fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory. | "In the workers compensation context, is the right of injured employees to recover from or participate in the state insurance fund constitutional rights, inherent rights, common law rights, or statutory rights?" | 048000.docx | LEGALEASE-00136164-LEGALEASE-00136166 |
| Com. v. Cost, 238 Pa. Super. 591 | 67+2 | Purpose of inclusion of "open to the public" clause in burglary statute was to prevent prosecution and conviction of burglary for events taking place in public places, to change substantive law of burglary and to bring law of burglary closer to its common-law ancestor which sought to protect private premises from crime. 18 Pa.C.S.A. S 3502. | What is the purpose of including the open to public clause in the burglary statute? | Burglary - Memo 109 - JS.docx | ROSS-003316256-ROSS-003316257 |
| Burnham v. Nehren, 7 Wash. App. 860 | 48A+160(4) | It is the duty of a driver approaching a crossing to maintain a continuing observation in order to avoid injuring a pedestrian, and failure on driver's part to yield the right-of-way to a pedestrian constitutes negligence per se if the pedestrian was seen or should have been seen by driver. RCWA 46.61.235. | When does a drivers failure to yield the right-of-way to pedestrian constitute negligence per se? | 019229.docx | LEGALEASE-00137927-LEGALEASE-00137928 |
| Becker v. Becker, 262 N.C. 685 | 307A+720 | An amended pleading at the session the case is called for trial, which raises additional issues of fact, may justify the continuance of the case on motion of the opposing party; however, such amendment will not ordinarily justify a continuance on motion of party submitting amendment. | "Could an amended pleading at the session the case is called for trial, justify the continuance of the case on motion of the opposing party?" | 030313.docx | LEGALEASE-00137170-LEGALEASE-00137171 |
| Salveson v. Cubin, 791 P.2d 581 | 307A+749.1 | Whether or not parties in particular case are required to abide by holding that pretrial order controlled subsequent course of action in civil case is within broad discretion of trial judge. Rules Civ.Proc., Rule 16; District Court Rule 601. | Does a statute which state that a pretrial order controls the subsequent course of the case bestows broad discretionary power upon the trial court? | Pretrial Procedure - Memo # 4031 - C - KBM.docx | LEGALEASE-00027312-LEGALEASE-00027313 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Killian Const. Co. v. Tri-City Const. Co., 693 S.W.2d 819 | 307A+481 | Civil rule (V.A.M.R. 59.01), relating to requests for admissions, accords conclusiveness to admissions for efficacy, that is, so that a party who employs that procedure of discovery may rely that the admission, whether by answer or default, binds the party addressed. | "Does the civil rule relating to requests for admissions, accord conclusiveness to admissions for efficacy so that a party who employs that procedure of discovery may rely that the admission?" | 030523.docx | LEGALEASE-00137434-LEGALEASE-00137435 |
| Coutrakon v. Distenfield, 21 Ill. App. 2d 146 | 307A+13 | The rules concerning discovery are a set of comprehensive rules designed to provide an effective and broad discovery deposition practice and they should be so construed as to secure a just, speedy and inexpensive determination of civil actions. S.H.A. ch. 110, SS 101.19 to 101.19-10, 101.19-12. | "Should the rule for depositions be construed to secure just, speedy and inexpensive determination of action?" | 031053.docx | LEGALEASE-00138077-LEGALEASE-00138078 |
| J & B Slurry Seal Co. v. Mid-S. Aviation, 88 N.C. App. 1 | 307A+723.1 | Since judgment without necessary joinder is void, trial court should, on its own motion, order continuance to provide reasonable time for necessary parties to be joined. | "Should a trial court, on its own motion, order a continuance to provide a reasonable time for necessary parties to be joined?" | 031219.docx | LEGALEASE-00137113-LEGALEASE-00137115 |
| Texas Gen. Indem. Co. v. Lee, 570 S.W.2d 231 | 307A+483 | Rule governing request for admissions contemplates that unanswered requests for admission which were not requests for relevant matters of fact but called for conclusions, opinions, and statements of subjective intent should not be deemed admitted facts. Rules of Civil Procedure, rule 169. | Does the rule governing a request for admissions contemplate that unanswered requests for admission which are not requests for relevant matters of fact be not deemed admitted facts? | 031404.docx | LEGALEASE-00137520-LEGALEASE-00137521 |
| Whiteman v. Chesapeake Appalachia, 729 F.3d 381 | 260+55(6) | Incident to mineral estate ownership, a mineral estate owner in West Virginia has a right to use the surface in such manner and with such means as would be fairly necessary to enjoy the mineral estate. | "Does the owner of the mineral underlying land possess, as incident to this ownership, the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate?" | 021225.docx | LEGALEASE-00138422-LEGALEASE-00138424 |
| Simpson v. Thorslund, 151 Wash. App. 276 | 307A+485 | Attorney fees were warranted as discovery sanction in employee's action against employer for misappropriation of company funds, unpaid wages, and failure to repay a loan, where employer's failure to make certain admissions when requested led to substantial additional and unnecessary litigation costs. CR 37(c). | Will attorney fees be warranted as discovery sanction in employee's action against employer if an employer fails to make certain admissions when requested? | 030603.docx | LEGALEASE-00138279-LEGALEASE-00138280 |
| Every v. City of New Orleans, 514 So. 2d 556 | 307A+716 | Even though a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney, absent unfairness to the parties, a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer, because the court cannot be closed to a defendant who desires to bring a case to trial. LSA-C.C.P. art. 1601. | Will a litigant whose lawyer withdraws at or near trial be entitled to continuance to employ another attorney? | 030938.docx | LEGALEASE-00138944-LEGALEASE-00138945 |
| Missouri, K. & T. Ry. Co. of Texas v. Neaves, 60 Tex. Civ. App. 305 | 307A+74 | Under the statutes it is not now necessary that the envelope in which depositions are returned into court by mail should have indorsed thereon a certificate of the postmaster or his deputy that he received the same from the hands of the officer before whom they were taken. | "Under the statutes, is it now necessary that the envelope in which depositions are returned to court by mail should have indorsed thereon a certificate of the postmaster or his deputy that he received the same?" | Pretrial Procedure - Memo # 4973 - C - SK.docx | ROSS-003290855-ROSS-003290856 |
| Arcata Graphics Co. v. Heidelberg Harris, 874 S.W.2d 15 | 307A+723.1 | When trial court grants motion to amend, opposing party must request continuance if it believes it has been prejudiced; if continuance is not requested, party against whom amendment was granted may not complain on appeal. Rules Civ.Proc., Rule 15.01. | "When the trial court grants a motion to amend a pleading, must the opposing party request a continuance if it believes it has been prejudiced?" | 032026.docx | LEGALEASE-00138299-LEGALEASE-00138300 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Desson v. Trustees of Net Realty Holding Tr., 229 A.D.2d 512 | 307A+36.1 | Discovery of evidence of subsequent similar accidents, while material in cases where defect is alleged in design or creation of product or structure, is irrelevant and inappropriate in cases where no inherent defect is alleged. | Is discovery of evidence of subsequent similar accidents irrelevant and inappropriate in cases where no inherent defect is alleged? | 032035.docx | LEGALEASE-00138326-LEGALEASE-00138328 |
| People v. Wolfe, 257 Cal. App. 2d 420 | 67+3 | To obtain a "burglary" conviction the prosecution must prove that the entry was made with intent to commit grand or petit larceny, or any felony, the "intent to commit larceny" meaning the intent to deprive the owner of his property permanently. West's Ann.Pen.Code, S 459. | "In an offence of burglary, with intent to commit larceny, should there be intent to deprive the owner of his property permanently?" | 012816.docx | LEGALEASE-00139109-LEGALEASE-00139110 |
| Davis v. Battles, 143 Tex. 378 | 307A+483 | The rule relating to admission for failure to answer other party's request relating to facts in issue is available to either party in a case involving question of venue. Rules of Civil Procedure, rules 86, 88, 169. | Is Rule 169 of Civil Procedure relating to admission for failure to answer other party's request relating to facts in issue available to either party in a case involving a question of venue? | 030760.docx | LEGALEASE-00139061-LEGALEASE-00139062 |
| Matter of Safriet, 112 N.C. App. 747 | 307A+725 | Before ruling on motion for continuance, judge should hear the evidence, pro and con, consider it judicially, along with whether moving party has acted with diligence and in good faith, and then rule with view to promoting substantial justice. | Should a judge find out whether moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice? | Pretrial Procedure - Memo # 4795 - C - NA.docx | LEGALEASE-00029021-LEGALEASE-00029022 |
| Gillespie v. Fields, 958 S.W.2d 228 | 307A+508 | Party's right to take nonsuit is unqualified and absolute as long as other party has not made claim for affirmative relief, and use of creative pleading that merely restates defenses in form of declaratory judgment action cannot deprive party of this right. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Can the use of a creative pleading that merely restates defenses in the form of a declaratory judgment action deprive the plaintiff of the right to nonsuit? | 032643.docx | LEGALEASE-00139254-LEGALEASE-00139255 |
| McDonough v. Stackley, 245 F. Supp. 3d 1 | 34+5(7) | A military board of correction may meet its obligation to provide a reasoned explanation for its decision by referring to a clearly relevant source, such as an advisory opinion. | Is a military board of correction obliged to provide a reasoned explanation for its decision by referring to a clearly relevant source? | Armed Services - Memo 173 - JS.docx | ROSS-003288484-ROSS-003288485 |
| United States v. Perrin, 580 F.2d 730 | 63+1(1) | Where it was undisputed by defendants that gravity maps, for which appropriate order forms were sent via interstate bus, would have been used to exploit stolen seismic data, requirements for jurisdiction under the Travel Act were met in connection with indictment charging defendants with use of interstate facilities with intent to promote commercial bribery scheme in violation of laws of Louisiana. 18 U.S.C.A. S 1952; LSA-R.S. 14:73. | "In order to meet the jurisdiction requirement of a charge of bribery under the Travel Act, does the use of interstate facilities have to be essential to the bribery scheme?" | Bribery - Memo #617 - C-JL.docx | ROSS-003288156-ROSS-003288157 |
| Stephenson v. Lewis, 152 Ark. 361 | 307A+74 | Crawford & Moses' Dig. S 4236, directs that depositions shall be directed and forwarded to the clerk of court, and the action of the attorney in delivering these depositions to the clerk unsealed in violation of this statute renders them prima facie inadmissible, and, where there appears in the record no showing to remove this presumption, it was error to overrule a motion to suppress the deposition. | Should depositions be directed and forwarded to the clerk of the court? | 032257.docx | LEGALEASE-00139402-LEGALEASE-00139403 |
| Horne v. City of Haverhill, 113 Mass. 344 | 307A+74 | The certificate of a magistrate that a deponent was "affirmed by me according to law" necessarily implies that the deponent declared that he had conscientious scruples against taking any oath, and that the magistrate on inquiry was satisfied of the truth of the declaration. | "Does the certificate of a magistrate that a deponent was ""affirmed by me according to law"" necessarily imply that the deponent declared that he had conscientious scruples against taking any oath?" | 032287.docx | LEGALEASE-00139669-LEGALEASE-00139670 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| TX. C.C. v. Wilson/Barnes Gen. Contractors, 233 S.W.3d 562 | 217+3522 | A "waiver of subrogation clause" is a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk. | "Is a ""subrogation waiver"" a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk?" | Subrogation - Memo # 1056 - C - NS.docx | ROSS-003330578-ROSS-003330580 |
| Matter of Aloha Airlines, 65 Haw. 1 | 92+4135 | States have wide latitude in imposing general revenue taxes and there is no requirement under the due process clause that the amount of general revenue taxes collected from a particular activity must be reasonably related to the value of services provided the activity; moreover, such latitude is not divested by the commerce clause merely because the taxed activity has some connection to interstate commerce, particularly when the tax is levied on an activity conducted within the state. U.S.C.A.Const.Art. 1, S 8, cl. 3; Amends. 5, 14. | Are states vested with great latitude in imposing general revenue taxes? | 045347.docx | LEGALEASE-00139467-LEGALEASE-00139469 |
| Baker v. Barber, 673 F.2d 147 | 34+32.1 | Military medical malpractice immunity statute immunizes military physicians and makes tort claims against government the exclusive remedy available in a malpractice action. 10 U.S.C.A. S 1089(a). | Does medical malpractice immunity statute immunize military physicians and makes tort claims against government the exclusive remedy available? | Armed Services - Memo 206 - JS.docx | ROSS-003288700 |
| State v. Bone Creek Twp., Butler Cty., 109 Neb. 202 | 316H+109 | A township in a county under township organization has statutory power to direct the raising of money by taxation for construction and repairing of roads within its jurisdiction, and to make necessary contracts for that purpose. | Does a township have the power to direct the raising of money by taxation for the construction and repair of roads within the township? | 018988.docx | LEGALEASE-00140270-LEGALEASE-00140271 |
| Ledford v. Darter, 260 Ga. App. 585 | 307A+486 | Statute addressing failure to answer request for admissions vests broad discretion in trial court regarding granting permission to withdraw or amend admissions. West's Ga.Code Ann. S 9-11-36(b). | Does the statute addressing failure to answer a request for admissions vest broad discretion in trial court regarding granting permission to withdraw or amend admissions? | 029133.docx | LEGALEASE-00139737-LEGALEASE-00139738 |
| Bates v. Maeck, 31 Vt. 456 | 307A+74 | It seems that the requirements of the statute as to the caption and certificate of a deposition need not be precisely followed in the case of a deposition taken under a commission issuing from court. | Does it seem that the requirements of the statute as to the caption and certificate of a deposition need not be precisely followed in the case of a deposition taken under a commission issuing from the court? | Pretrial Procedure - Memo # 5291 - C - SKG.docx | ROSS-003291300-ROSS-003291301 |
| Firmes v. Chase Manhattan Auto. Fin. Corp., 50 A.D.3d 18 | 307A+36.1 | Trial court may permit post-trial collateral source discovery if the defendant can demonstrate prejudice not of its own making, such as where benefits became payable after the filing of a note of issue. | Can a trial court permit post-trial collateral source discovery if the defendant can demonstrate prejudice not of its own making? | Pretrial Procedure - Memo # 5371 - C - KG.docx | ROSS-003331713-ROSS-003331714 |
| In re Siroosian, 449 S.W.3d 920 | 307A+28 | The parties' interest in obtaining discovery solely for the purpose of impeachment of adverse party's expert witness must be weighed against the witness's legitimate interest in protecting unrelated financial information. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.3(e). | Should the parties' interest in obtaining discovery solely for impeachment be weighed against the witness's legitimate interest in protecting unrelated private information? | 032762.docx | LEGALEASE-00139843-LEGALEASE-00139844 |
| Bellman v. Town of W. Hartford, 900 A.2d 82 | 307A+554 | In general, a motion to dismiss is the proper procedural vehicle to raise a claim that the court lacks subject matter jurisdiction over the action. | Is a motion to dismiss the proper procedural vehicle to raise a claim that the court lacks subject matter jurisdiction over the action? | 033385.docx | LEGALEASE-00140650-LEGALEASE-00140651 |
| United States v. Jefferson, 634 F. Supp. 2d 595 | 63+1(1) | Where a public official charged with bribery is a congressman, the universe of "official acts" described by bribery statute is not limited to so-called "legislative acts" such as voting on or introducing a piece of legislation; rather, all of the acts normally taken to constitute a congressman's legitimate use of his office are "official acts." 18 U.S.C.A. S 201(a)(3). | Is an official act under the bribery statute limited solely to legislative acts? | 011455.docx | LEGALEASE-00142051-LEGALEASE-00142052 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Terry, 707 F.3d 607 | 63+9 | Without anything more, a jury could not reasonably infer that a campaign contribution to a public official is a bribe solely because the official accepts the contribution and later takes an action that benefits a donor, but when the official acts as the donor's marionette, jury can reject legitimate explanations for a contribution and infer that it flowed from a bribery agreement. 18 U.S.C.A. S 201(b)(2). | Is a campaign contribution a bribe if the official later takes an action that benefits the donor? | 011955.docx | LEGALEASE-00141594-LEGALEASE-00141595 |
| Schurr v. Savigny, 85 Mich. 144 | 113+3 | To permit a custom to govern and modify the law in relation to the dealings of parties in any case, it must be uniform, certain, and sufficiently notorious to warrant the legal presumption that the parties contracted with reference to it. | When can custom govern and modify the law in relation to the dealings of parties in a case? | 014192.docx | LEGALEASE-00141870-LEGALEASE-00141871 |
| Stelly v. Papania, 927 S.W.2d 620 | 30+3317 | Trial court has broad discretion to permit or deny the withdrawal of deemed admissions; appellate court should set aside trial court's ruling only if, after reviewing entire record, it is clear that trial court abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Does a trial court have broad discretion to permit or deny the withdrawal of deemed admissions? | 029202.docx | LEGALEASE-00140828-LEGALEASE-00140829 |
| McCormick v. Allmond, 18 Neb. App. 56 | 307A+485 | A party making a motion for discovery sanctions, under court rule permitting an award of costs when a party fails to admit, has the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so; the burden then shifts to the nonmoving party to prove that one of the four exceptions enumerated in the rule applies. Neb.Ct.R. S 6-337(c). | Does a party making a motion for discovery sanctions have the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so? | Pretrial Procedure - Memo # 4242 - C - BP.docx | ROSS-003288638-ROSS-003288639 |
| Wauhop v. Sauvage's Heirs, 159 S.W. 185 | 307A+723.1 | Where an application for a continuance for absence of witnesses did not state that the testimony expected was material or that the applicant used diligence to procure it, it was not a statutory application within Rev.Civ.St.1911, art. 1918, Vernon's Ann.Civ.St. art. 2168, and it was within the discretion of the court to grant it or not. | "Where an application for a continuance for the absence of witnesses did not state that the testimony expected was material, is it within the discretion of the court to grant it or not?" | Pretrial Procedure - Memo # 4280 - C - CK.docx | ROSS-003314672-ROSS-003314673 |
| Kay v. Kay, 188 Cal. App. 2d 214, 10 Cal. Rptr. 196 | 307A+725 | A trial court has the authority to assess attorney fees when one party moves for a continuance on the eve of trial, and the resulting order is reviewed for an abuse of discretion. | Does the court have the authority to assess attorney fees when one party moves for a continuance on the eve of trial? | Pretrial Procedure - Memo # 4659 - C - ES.docx | ROSS-003316161-ROSS-003316162 |
| Morris v. Slappy, 461 U.S. 1 | 110+586 | Broad discretion must be granted trial courts on matters of continuances and only unreasoning and arbitrary insistence upon expeditiousness in face of justifiable request for delay violates right to assistance of counsel. U.S.C.A. Const.Amend. 6. | "Are continuances granted upon valid grounds, sufficient to challenge the judicial discretion of trial court?" | 032191.docx | LEGALEASE-00141549-LEGALEASE-00141550 |
| In re Conservatorship of Kayle, 134 Cal. App. 4th 1 | 307A+554 | In general, even without express statutory authority, a trial court has certain inherent discretionary powers to dismiss claims; however, these grounds are typically limited to lack of jurisdiction, forum non conveniens, absence of a justiciable controversy, plaintiff's failure to give security for costs, failure to appeal at trial, or failure to amend the complaint. | "Even without express statutory authority, does a trial court have certain inherent discretionary powers to dismiss claims?" | 033328.docx | LEGALEASE-00140883-LEGALEASE-00140884 |
| State ex rel. Roddey v. Byrnes, 219 S.C. 485 | 371+2005 | Except in so far as it is limited by state and federal Constitutions, taxing power of state is general and absolute and extends to all persons, property, and business within its jurisdiction or reach. | "Is the taxing power of state absolute to extend to all persons, property, and business within its jurisdiction?" | 045453.docx | LEGALEASE-00141467-LEGALEASE-00141468 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Franklin Cty. ex rel. Parks v. Franklin Cty. Comm'n, 269 S.W.3d 26 | 371+2013 | The Supreme Court is not free to add limitations on the legislature's authority regarding taxation and revenue that are not enumerated in the Missouri Constitution or the United States Constitution. | Is the Supreme Court free to add limitations on the legislature's authority regarding taxation and revenue that are not enumerated in the state constitution or the Federal Constitution? | 045505.docx | LEGALEASE-00141771-LEGALEASE-00141772 |
| Ortho Pharm. Corp. v. Amgen, 882 F.2d 806 | 25T+156 | Preservation of status quo does not operate as separate test for determining whether district court acted within its jurisdictional authority in issuing injunction; rather, preservation of status quo represents goal of preliminary injunctive relief in any litigation, including arbitrable dispute. | Does ensuring the preservation of the status quo operate as a separate test for determining whether the court acted within its jurisdictional authority? | 007656.docx | LEGALEASE-00143380-LEGALEASE-00143381 |
| United States v. Evans, 344 F.3d 1131 | 63+1(1) | To be "public official," within meaning of gratuity statute, individual must possess some degree of official responsibility for carrying out federal program or policy; person need not be employee of federal government, and definition of "public official" is broad enough to cover persons working for private organizations. 18 U.S.C.A. S 201(a)(1). | Who is a public official under federal bribery statute? | 011217.docx | LEGALEASE-00142810-LEGALEASE-00142811 |
| Centennial Mgmt. Servs. v. Axa Re Vie, 193 F.R.D. 671 | 63+1(1) | Federal anti-gratuity statute is not violated by paying a fact witness reasonable compensation for time spent in connection with legitimate, non-testifying activities such as reviewing documents in preparation for the deposition and meeting with lawyers in preparation for the deposition. 18 U.S.C.A. S 201(d). | Does the federal anti-gratuity statute bar paying a witness reasonable compensation? | Bribery - Memo #164 - C-CSS.docx | ROSS-003300659-ROSS-003300660 |
| United States v. Ciavarella, 716 F.3d 705 | 63+1(1) | Bribery-and-kickback theory of honest services fraud requires a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act. | What is the quid pro quo requirement under the bribery-and-kickback theory of honest services fraud? | 011461.docx | LEGALEASE-00142148-LEGALEASE-00142149 |
| United States v. Menendez, 137 F. Supp. 3d 709 | 63+1(1) | Under the stream of benefits doctrine, the bribery statute's quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. 18 U.S.C.A. S 201. | What is the stream of benefits doctrine in regards to bribery? | 012077.docx | LEGALEASE-00143426-LEGALEASE-00143427 |
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | Quid pro quo requirement for bribery of a public official is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor; thus, all that must be shown is that payments were made with the intent of securing a specific type of official action or favor in return. 18 U.S.C.A. S 201(b)(1)(A). | Does the government need to show that the defendant intended for his or her payments to be tied to specific official acts or ommissions in order to prove bribery of a public official? | Bribery - Memo #757 - C-LB.docx | ROSS-003300748-ROSS-003300749 |
| United States v. Thomas, 240 F.3d 445 | 63+1(1) | Whether person is "public official" within meaning of federal bribery statute does not depend upon whether person or his employer has signed contract with United States or has agreed to serve as government's agent, but rather upon whether person occupies position of public trust with official federal responsibilities. 18 U.S.C.A. S 201. | What is the proper inquiry to determine whether a person is public official within meaning of federal bribery statute? | 012188.docx | LEGALEASE-00142457-LEGALEASE-00142458 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp., 719 F.3d 424 | 260+5.1(1) | Outer Continental Shelf Lands Act (OCSLA) authorizes the Secretary of the Interior to grant and manage leases for the recovery of oil, gas, and other minerals from submerged lands located on the Outer Continental Shelf, and thus vests the federal government with a proprietary interest in the Outer Continental Shelf and establishes a regulatory scheme governing leasing and operations there. Outer Continental Shelf Lands Act, S 2 et seq., 43 U.S.C.A. S 1331 et seq. | Does OCSLA (Outer Continental Shelf Lands Act) vest the federal government with a proprietary interest in the out continental shelf? | 021214.docx | LEGALEASE-00143242-LEGALEASE-00143243 |
| Kirchner v. Smith, 61 W. Va. 434 | 260+97 | If two or more owners of a mine unite in working it without any partnership agreement, the act of working it together creates a mining partnership, and the same is true of two or more holding interests in a lease of mining property. | "If two or more owners of a mine unite in working it, without any partnership agreement, does the act of working it together create a mining partnership?" | 021310.docx | LEGALEASE-00142491-LEGALEASE-00142492 |
| Bernie v. Vandever, 16 Ark. 616 | 289+853 | Upon the death of one of several partners, the partnership is dissolved; and the surviving partner is entitled to the partnership property and effects, for the purpose of settling the accounts, and paying off the debts of the firm. | "Upon death of a partner, is a surviving partner entitled to the partnership property only for the purpose of settling the accounts?" | 022387.docx | LEGALEASE-00142081-LEGALEASE-00142082 |
| Kissinger v. Sch. Dist. No. 49 of Clay Cty., 163 Neb. 33 | 307A+483 | Statute providing for request for admissions is not self-executing, and party claiming that matter alleged has been admitted because of failure to deny request must prove service of proper request and failure to appropriately respond thereto. R.S.Supp.1955, S 25-1267.41. | Is a party claiming admissions for failure to deny must prove service of a proper request in compliance therewith and failure to appropriately respond thereto? | Pretrial Procedure - Memo # 4250 - C - PB.docx | ROSS-003289123-ROSS-003289124 |
| FutureSelect Portfolio Mgmt. v. Tremont Grp. Holdings, 175 Wash. App. 840 | 307A+683 | When a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing, courts treat the allegations of the complaint as true. | "When a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing, do courts treat the allegations of the complaint as true?" | 032949.docx | LEGALEASE-00143484-LEGALEASE-00143485 |
| Prewitt v. Everett, 10 Tex. 283 | 307A+726 | Where the statute prescribes what shall be sufficient grounds for a first and second continuance, but is silent as to a subsequent application to continue, and the terms of the statute are complied with, on the first and second application, the court can exercise no discretionary power; but must grant the continuance. | Can the court exercise any discretionary power on the first and second application for continuance? | 033005.docx | LEGALEASE-00143053-LEGALEASE-00143054 |
| Davis v. Kania, 48 Conn. Supp. 141 | 307A+554 | A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Practice Book 1998, S 10-31(a)(1). | Shall the motion to dismiss be used to assert lack of jurisdiction over the subject matter? | 033838.docx | LEGALEASE-00142899-LEGALEASE-00142900 |
| New York Party Shuttle v. Bilello, 414 S.W.3d 206 | 307A+718 | The absence of a material witness provides sufficient cause for a continuance, but only if the party requesting the continuance has exercised proper diligence to procure the testimony of the witness. Vernon's Ann.Texas Rules Civ.Proc., Rule 252. | Does the absence of a material witness provide sufficient cause for a continuance only if the party has exercised proper due diligence to procure the testimony of the witness? | 033954.docx | LEGALEASE-00142790-LEGALEASE-00142791 |
| Wilder Chiropractic v. State Farm Fire & Cas. Co., 2014 IL App (2d) 130781 | 307A+560 | The determination of whether the defendant has established a prima facie case of lack of diligence in serving defendant must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | Must the determination of whether a defendant has established a prima facie lack of diligence case in serving defendant be made on a case-by-case basis? | 034009.docx | LEGALEASE-00143234-LEGALEASE-00143235 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Giemme USA v. La Sala Grp., 92 So. 3d 920 | 307A+746 | The severe sanction of striking the defendants' pleadings and entering a default judgment of $736,100.59 could not be imposed, based on defendants' failure to attend a case management conference, in absence of finding in trial court's order that defendants' conduct was willful and contumacious. West's F.S.A. RCP Rule 1.200(c). | "Before entering a default judgment based on a party's failure to appear at case management conference as ordered, must a trial court find that party's conduct was willful and contumacious?" | 034275.docx | LEGALEASE-00143204-LEGALEASE-00143205 |
| Cox v. Burke, 706 So. 2d 43 | 307A+563 | Trial court has inherent authority, within exercise of sound judicial discretion, to dismiss action when plaintiff has perpetrated fraud on court, or where party refuses to comply with court orders. | Does a trial court have the inherent authority to dismiss an action when it finds that a plaintiff has perpetrated a fraud on the court? | Pretrial Procedure - Memo # 6731 - C - NS.docx | ROSS-003304897-ROSS-003304898 |
| Pembaur v. Leis, 1 Ohio St. 3d 89 | 30+3206 | Power to dismiss for lack of prosecution is within sound discretion of trial court, and appellate review is confined solely to whether trial court abused that discretion. Rules Civ.Proc., Rules 41(B), (B) (1, 3), 41 note. | "Does the decision to dismiss a case for failure to prosecute or to comply with court order rest within the sound discretion of the trial court, and appellate review is limited solely to whether the trial court abused that discretion?" | 034532.docx | LEGALEASE-00143530-LEGALEASE-00143531 |
| People v. Abreu, 283 A.D.2d 194 | 352H+183 | A trier of fact can readily infer from a defendant's conduct and the surrounding circumstances that defendant came within dangerous proximity of commission of rape. | Can a trier of fact infer from defendant's conduct and the surrounding circumstances that defendant came within dangerous proximity of the commission of rape? | 043087.docx | LEGALEASE-00143418-LEGALEASE-00143419 |
| Madera Production Co. v. Atlantic Richfield Co., 107 S.W.3d 652 | 118A+271 | Suit over the ownership of proceeds from mineral interests must be filed in the county in which the real property is located, even though the cause of action is for declaratory judgment over monies. V.T.C.A., Civil Practice & Remedies Code S 15.011. | Is an action seeking royalty and overriding royalty in minerals considered a suit on real property interests that must be filed where the property is located? | 047530.docx | LEGALEASE-00143368-LEGALEASE-00143369 |
| Maziar v. State, Dep't of Corr., 151 Wash. App. 850 | 413+2 | The state's workers' compensation scheme is the product of a compromise between employers and workers; in it, the legislature abolished all common law civil actions for personal injuries that occur during a worker's employment and, in exchange, employers accept limited liability for claims that might not have been compensable under the common law. West's RCWA 51.04.010. | "Is the workers compensation scheme a product or result of compromise, and what was exchanged in the compromise?" | 048038.docx | LEGALEASE-00143345-LEGALEASE-00143346 |
| United States v. Potter, 402 F. Supp. 1161 | 34+20.8(1) | Rule that administrative agency must follow its own regulations is especially important in selective service cases where area of discretion of local boards is broad and scope of review correspondingly narrow. | Should an administrative agency follow its own regulations in selective service cases? | 008669.docx | LEGALEASE-00144648-LEGALEASE-00144649 |
| United States v. Spencer, 369 F. Supp. 100 | 34+20.8(1) | Because of the narrow scope of judicial review of local draft board proceedings, it becomes important that the Selective Service Administration regularly and strictly follow its own procedures. | Is it important for the Selective Service administration to follow its own rules and procedures since there is a narrow scope of judicial review? | 008670.docx | LEGALEASE-00144652-LEGALEASE-00144653 |
| Bush v. Barron, 78 Tex. 5 | 307A+74 | The caption may be resorted to in aid of an officer's certificate to depositions to show that the answers to interrogatories and cross-interrogatories were signed by the witness before him and if from both, it satisfactorily appears, it is sufficient. | Can the caption be resorted to in aid of an officer's certificate to depositions to show that the answers to interrogatories and cross-interrogatories were signed by the witness before him? | 032699.docx | LEGALEASE-00143943-LEGALEASE-00143944 |
| Lujan v. Alorica, 445 S.W.3d 443 | 307A+554 | The proper procedural mechanism for enforcing a valid forum-selection clause that a party to the agreement has violated in filing suit is a motion to dismiss. | Is a motion to dismiss the proper procedural mechanism for enforcing a forum-selection clause that a party to the agreement has violated in filing suit? | 033216.docx | LEGALEASE-00144922-LEGALEASE-00144923 |
| Rucker v. Taylor, 828 N.W.2d 595 | 307A+560 | Good cause must be considered in deciding to dismiss a petition for untimely service, and this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. I.C.A. Rule 1.302(5). | Should good cause be considered in deciding to dismiss a petition for untimely service? | Pretrial Procedure - Memo # 6133 - C - PB.docx | ROSS-003316078 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rucker v. Taylor, 828 N.W.2d 595 | 307A+690 | Dismissal without prejudice under for failure to serve process is intended to leave the plaintiff in the same position as if the action never had been filed. I.C.A. Rule 1.302(5). | Is dismissal without prejudice under for failure to serve process intended to leave the plaintiff in the same position as if the action never had been filed? | 033554.docx | LEGALEASE-00143669-LEGALEASE-00143670 |
| Morgan v. Hartford Hosp., 301 Conn. 388 | 307A+554 | Failure to comply with the statutory requirements of service renders a complaint subject to a motion to dismiss on the ground of lack of personal jurisdiction. | Does a failure to comply with the statutory requirements of service render a complaint subject to a motion to dismiss for lack of personal jurisdiction? | Pretrial Procedure - Memo # 6207 - C - KS.docx | ROSS-003289805-ROSS-003289806 |
| E.I. DuPont De Nemours & Co. v. Sidran, 140 So. 3d 620 | 307A+563 | To support a dismissal based upon a fraud on the court, the court must find the false testimony was directly related to the central issue in the case. | "To support a dismissal based upon a fraud on the court, should the court find the false testimony was directly related to the central issue in the case?" | 034028.docx | LEGALEASE-00144609-LEGALEASE-00144610 |
| Maupin v. Vincent, 245 Ga. App. 635 | 30+3232 | An order of dismissal for failure to appear at a pre-trial hearing is discretionary with the trial court and is not subject to review by appellate court in the absence of an abuse of discretion. O.C.G.A. S 9-11-41. | Is an order of dismissal for failure to appear at a pre-trial hearing discretionary with the trial court and is not subject to review by appellate court in the absence of an abuse of discretion? | Pretrial Procedure - Memo # 6624 - C - TM.docx | ROSS-003289282-ROSS-003289283 |
| AAA Crane Serv. v. Omnibank Univ. Hills, N.A., 723 P.2d 156 | 307A+746 | While some rules are jurisdictional in nature and their breach can result in prohibiting further prosecution of lawsuit, the rule requiring the filing of trial data certificate is not such a rule and should not automatically be used to deny party its day in court. Rules Civ.Proc., Rule 121, S 1-18. | Is the rule requiring filing of trial data certificate not jurisdictional rule and should not be applied in a manner which unreasonably denies a party its day in court? | 034283.docx | LEGALEASE-00144797-LEGALEASE-00144798 |
| State ex rel. Nixon v. Griffin, 291 S.W.3d 817 | 13+6 | When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is "moot" and generally should be dismissed. | Is a case moot and to be dismissed when an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief? | Pretrial Procedure - Memo # 6644 - C - RY.docx | ROSS-003302764-ROSS-003302765 |
| Kinsky v. Steiger, 109 S.W.3d 194 | 307A+552 | When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Is a case moot and to be dismissed when an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief? | Pretrial Procedure - Memo # 6644 - C - RY.docx | LEGALEASE-00034285-LEGALEASE-00034286 |
| Wetovick v. Cty. of Nance, 279 Neb. 773 | 307A+552 | Unless an exception applies, a court or tribunal must dismiss a moot case when changed circumstances have precluded it from providing any meaningful relief because the litigants no longer have a legally cognizable interest in the dispute's resolution. | Should a court or tribunal dismiss a moot case? | Pretrial Procedure - Memo # 6655 - C - SU.docx | ROSS-003304890 |
| J.P. v. Dist. Court In & For 2nd Judicial Dist. of Denver, 873 P.2d 745 | 307A+44.1 | In imposing sanctions pursuant to discovery violations, trial judge should exercise informed discretion in imposing sanction which is commensurate with the seriousness of the disobedient party's conduct. Rules Civ.Proc., Rule 16. | Should a trial judge exercise informed discretion in imposing sanction which is commensurate with the seriousness of a disobedient party's conduct? | Pretrial Procedure - Memo # 6662 - C - PC.docx | ROSS-003302775-ROSS-003302776 |
| In re Risk Level Determination of J.V., 741 N.W.2d 612 | 307A+552 | A matter may be dismissed as moot if an event occurs that resolves the issue or renders it impossible for the court to grant effectual relief. | Will a matter be dismissed as moot if an event occurs that resolves the issue or renders it impossible for the court to grant effectual relief? | Pretrial Procedure - Memo # 6664 - C - SK.docx | ROSS-003331824-ROSS-003331825 |
| In re Peoples, 296 N.C. 109 | 307A+552 | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Should an action be dismissed if the issues before the court become moot? | 034493.docx | LEGALEASE-00144223-LEGALEASE-00144224 |
| Fugnole v. Crumbly Bros., 899 So. 2d 1262 | 307A+746 | The sanction imposed for a party's failure to attend a pretrial or case management conference must be commensurate with the offense; striking a party's pleadings resulting in dismissal is the most severe sanction and is to be used sparingly. West's F.S.A. RCP Rule 1.200(c). | Must the sanction imposed for a party's failure to attend a pretrial or case management conference be commensurate with the offense? | 034538.docx | LEGALEASE-00143739-LEGALEASE-00143740 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Sviggum v. Hanson, 732 N.W.2d 312 | 13+6 | The concept of justiciability forms a threshold for judicial action and requires, in addition to adverse interests and concrete assertions of rights, a controversy that allows for specific relief by a decree or judgment of a specific character as distinguished from an advisory opinion predicated on hypothetical facts. | Will the case be dismissed for lack of justiciability when there is no injury that a court can redress? | Pretrial Procedure - Memo # 6953 - C - SKG.docx | ROSS-003289441-ROSS-003289442 |
| Goodyear Mortg. Corp. v. Montclair Dev. Corp., 2 N.C. App. 138 | 401+5.1 | When title to real estate may be affected by an action it is local and is removable to county where land is situated by proper motion made in apt time. G.S. S 1-76. | "When a title to real estate may be affected by an action, is it local and removable to the county where the land is situated?" | 047518.docx | LEGALEASE-00144751-LEGALEASE-00144752 |
| Sedco v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex), 767 F.2d 1140 | 25T+205 | Arbitration Act (9 U.S.C.A. S 1 et seq.) requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possible inefficient maintenance of separate proceedings in different forums. | Can a district court exercise its discretion in directing parties to proceed to arbitration? | 007761.docx | LEGALEASE-00146420-LEGALEASE-00146422 |
| Nowlin v. United States, 81 F. Supp. 3d 514 | 234+5 | For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, the particular program involved in the theft or bribery need not be the recipient of federal funds. 18 U.S.C.A. S 666. | "For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, does the particular program involved needs to be the recipient of federal funds?" | 011159.docx | LEGALEASE-00146226-LEGALEASE-00146227 |
| Noblesville Redevelopment Comm'n v. Noblesville Assocs. Ltd. P'ship, 674 N.E.2d 558 | 302+48 | Whereas theory pleading required complaint to delineate specific legal theory to which plaintiff would adhere throughout trial, "notice pleading" in effect under current rules merely requires pleading the operative facts so as to place defendant on notice as to evidence to be presented at trial. Trial Procedure Rule 8(A). | Does notice pleading merely require pleading the operative facts? | 023539.docx | LEGALEASE-00145356-LEGALEASE-00145357 |
| Schneider v. Seibutis, 3 Ill. App. 3d 323 | 307A+726 | Because of the potential inconvenience to the parties, the witnesses and the court, especially grave reasons for granting a delay must be given once a case has reached the trial stage, and this is particularly true where previous continuances have been granted, both parties have declared themselves ready for trial, and movant's opponent has concluded the presentation of his evidence. Supreme Court Rules, rule 231(a, f), S.H.A. ch. 110A, S 231(a, f). | Can a court give reasons for granting a delay when a case has reached the trial stage due to potential inconvenience to the parties? | 033156.docx | LEGALEASE-00145764-LEGALEASE-00145765 |
| The Florida Bar v. Eubanks, 752 So. 2d 540 | 307A+746 | Court may impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction should be used sparingly and reserved to those instances where the conduct is flagrant, willful, or persistent. West's F.S.A. RCP Rule 1.200(c). | "Does a trial court have power, implicit under rule authorizing pretrial conferences and orders establishing pretrial agreements of parties, to sanction for failing to obey the court's pretrial orders?" | 034052.docx | LEGALEASE-00145142-LEGALEASE-00145143 |
| In re S.M., 333 Ga. App. 326 | 307A+563 | Dismissal of a complaint for failure to comply with a court order is the most severe sanction available and one that is generally warranted where the plaintiff has engaged in contumacious conduct or has wilfully disregarded a court order. | Is dismissal of a complaint for failure to comply with a court order the most severe sanction available? | Pretrial Procedure - Memo # 6511 - C - DA.docx | ROSS-003289720-ROSS-003289721 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lentworth v. Trahan, 981 S.W.2d 720 | 307A+690 | Dismissal is properly made with prejudice in the following situations: (1) as sanction for abuse of discovery, (2) on failure of plaintiff to amend deficient pleadings when given that opportunity, (3) for violation of pretrial order, and (4) on agreement of the parties. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | In which situations is a dismissal properly made with prejudice? | 034117.docx | LEGALEASE-00145358-LEGALEASE-00145359 |
| Hale v. Cottrell, 456 S.W.3d 481 | 307A+563 | Fraud on the court, as could support imposition of sanction of dismissal, may be established by circumstantial evidence; an actual representation may be inferred from the circumstances surrounding the transaction, and a claim may arise from the intentional creation of a false impression. | "Can fraud on the court, as could support imposition of sanction of dismissal, be established by circumstantial evidence?" | 034125.docx | LEGALEASE-00145372-LEGALEASE-00145373 |
| Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294 | 307A+746 | A plaintiff, invoking court's jurisdiction and seeking to avail himself thereof, must abide by all lawful statutes, rules and orders applicable to him, and court has inherent power to impose sanction of dismissal for its coercive effect. | "Should a plaintiff abide by all lawful statutes, rules and orders applicable to him?" | Pretrial Procedure - Memo # 6562 - C - RY.docx | ROSS-003289743-ROSS-003289744 |
| Santiago v. E.W. Bliss Co., 2012 IL 111792 | 307A+690 | The extent of prejudice to a defendant is one factor that the circuit court must consider when determining whether dismissal with prejudice is warranted as a sanction. Sup.Ct.Rules, Rules 137, 219. | Is the extent of prejudice to a defendant one factor that the circuit court must consider when determining whether dismissal with prejudice is warranted as a sanction? | 034398.docx | LEGALEASE-00145101-LEGALEASE-00145102 |
| Suarez v. Benihana Nat. of Florida Corp., 88 So. 3d 349 | 307A+563 | When reviewing a case for fraud on the court, the trial court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. | "When reviewing a case for fraud, should the court consider the proper mix of factors?" | Pretrial Procedure - Memo # 6901 - C - SU.docx | ROSS-003288532-ROSS-003288533 |
| Coulter v. Stewart, 726 So. 2d 726 | 307A+560 | Failure of a plaintiff to attempt service on a defendant within a reasonable time may amount to a failure to prosecute the action, thus warranting a dismissal of the case. Rules Civ.Proc., Rule 41(b). | Should the failure of a plaintiff to attempt service on a defendant within a reasonable time amount to a failure to prosecute the action? | 034664.docx | LEGALEASE-00145314-LEGALEASE-00145315 |
| Henyan v. Peek, 359 Ark. 486 | 307A+560 | Service of process must be accomplished within 120 days after the filing of the complaint, unless the plaintiff has timely filed a motion to extend; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | Should service of process be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend? | Pretrial Procedure - Memo # 6910 - C - KS.docx | ROSS-003289426-ROSS-003289427 |
| Cross v. Pumpco, 910 So. 2d 324 | 307A+563 | While a trial judge has the inherent authority to dismiss actions based on fraud and collusion, this power of dismissal should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | Does a trial judge have an inherent authority to dismiss actions based on fraud? | 034746.docx | LEGALEASE-00145081-LEGALEASE-00145082 |
| Koresko v. Farley, 844 A.2d 607 | 307A+552 | The general rule is that an actual case or controversy must exist at all stages of the judicial or administrative process or the matter will be dismissed as moot. | Is there a rule that an actual case or controversy must exist at all stages of the judicial or administrative process or the matter will be dismissed as moot? | 034829.docx | LEGALEASE-00146038-LEGALEASE-00146039 |
| Elton v. Davis, 123 S.W.3d 205 | 13+6 | Where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Is a case moot and to be dismissed where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible? | 09464.docx | LEGALEASE-00096252-LEGALEASE-00096253 |
| Johnson v. Allis Chalmers Corp., 162 Wis. 2d 261 | 307A+563 | Dismissal will be granted for failure to obey pretrial orders or to comply with procedural statutes and rules only in extreme circumstances or in cases of egregious conduct. | Will a dismissal be granted for failure to obey pretrial orders or to comply with procedural statutes and rules only in extreme circumstances? | Pretrial Procedure - Memo # 7094 - C - TM.docx | ROSS-003286106-ROSS-003286107 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gambino v. Standard Fire Ins. Co., 12-474 (La. App. 5 Cir. 2/21/13) | 13+70 | A "step" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution is a formal action before the trial court intended to hasten judgment or is the taking of formal discovery. LSA-C.C.P. art. 561. | "Is a ""step"" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution a formal action before the trial court intended to hasten judgment or is the taking of formal discovery?" | Pretrial Procedure - Memo # 7101 - C - CK.docx | ROSS-003286126-ROSS-003286127 |
| Sewell Masonry Co. v. DCC Const., 862 So. 2d 893 | 307A+590.1 | One-year period of inactivity specified in rule governing dismissal for failure to prosecute is to be measured by calculating time between date of last record activity and date of filing of motion to dismiss. West's F.S.A. RCP Rule 1.420(e). | Is the one-year period of inactivity specified in rule governing dismissal for failure to prosecute to be measured by calculating time? | 035114.docx | LEGALEASE-00146114-LEGALEASE-00146115 |
| Johnston v. Lehman, 676 A.2d 1287 | 307A+552 | Where there are intervening changes in factual circumstances of case which eliminate actual controversy and make it impossible to grant requested relief, legal question is rendered moot and case should be dismissed. | Is a legal question rendered moot where there are intervening changes in factual circumstances of case? | 035190.docx | LEGALEASE-00145750-LEGALEASE-00145751 |
| Turner v. Marine Inland Transp. Co. 7 So. 3d 756 | 307A+590.1 | A party takes a "step" in the prosecution or defense of the action, for purposes of abandonment, when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. LSA-C.C. art. 591. | Does a party take a step in the prosecution or defense of a suit when he takes formal action intended to hasten the matter to judgment? | 035273.docx | LEGALEASE-00146016-LEGALEASE-00146017 |
| Manekofsky v. Baker, 92 R.I. 377 | 307A+563 | Trial court possesses inherent power to enforce its own orders, and in appropriate circumstances action at law may be dismissed pursuant to that power. | "Does a trial court possess an inherent power to enforce its own orders, and in appropriate circumstances action at law can be dismissed pursuant to that power?" | 035546.docx | LEGALEASE-00146329-LEGALEASE-00146330 |
| Reid v. Spazio, 970 A.2d 176 | 307A+561.1 | Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate when deciding a motion todismiss for failure to state a claim upon which relief can be granted. Chancery Court Rule 12(b)(6). | Would it be appropriate to dismiss a complaint based on an affirmative defense unless the plaintiff can prove no set of facts to avoid it? | 11386.docx | LEGALEASE-00094360-LEGALEASE-00094361 |
| McCann v. Hatchett, 19 S.W.3d 218 | 413+597 | Foreseeability is typically a tort law concept, and concepts of proximate cause or foreseeability as utilized in the law of torts do not necessarily govern or define coverage under the workers' compensation statutes. | "Do the concepts of proximate cause or foreseeability, as utilized in torts, govern or define coverage under workers compensation statutes?" | 11474.docx | LEGALEASE-00094307-LEGALEASE-00094308 |
| Clouston v. Bd. of Cty. Comm'rs of Johnson Cty., 11 Kan. App. 2d 112 | 413+2 | The Workmen's Compensation Act, K.S.A. 44-501 et seq., establishes complete and exclusive remedy provision covering every phase of right to compensation and makes no provision for maintenance of common-law actions. | Is the Workmens Compensation Act complete and exclusive covering every phase of the right to compensation? | Workers Compensation - Memo #507 ANC.docx | ROSS-003287022-ROSS-003287023 |
| Stanley Shenker & Assocs. v. World Wrestling Fed'n Entm't, 48 Conn. Supp. 357 | 307A+563 | Where a litigant's conduct abuses the judicial process, whether through flagrant discovery violations or through other serious litigation misconduct, dismissal is an appropriate sanction. | "Where a litigant's conduct abuses the judicial process through flagrant discovery violations or through other serious litigation misconduct, is dismissal an appropriate sanction?" | 034926.docx | LEGALEASE-00146788-LEGALEASE-00146789 |
| In re Rubin, 769 F.2d 611 | 170A+1278 | Discovery sanctions are intended as a tool to compel production of evidence and to deter misconduct; trial court should not go beyond necessities of situation to foreclose merits of controversies as punishment for general misbehavior. Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A. | Can a trial judge go beyond the necessities of a situation to foreclose trial on merits as punishment for general misbehavior? | 035110.docx | LEGALEASE-00146686-LEGALEASE-00146687 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Catledge v. Dowling, 82 N.E.3d 781 | 307A+687 | A motion to dismiss under statute on dismissals based upon certain defects or defenses admits the legal sufficiency of all well-pleaded facts, but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. 735 Ill. Comp. Stat. Ann. 5/2-619. | Will a motion to dismiss based on other affirmative matter avoiding the legal effect of or defeating the claim admit the legal sufficiency of the complaint? | 11371.docx | LEGALEASE-00094258-LEGALEASE-00094259 |
| Rainbow Ridge Resort v. Branch Banking & Tr. Co., 525 S.W.3d 252 | 307A+561.1 | For a motion to dismiss for failure to state a claim to be used as a vehicle to assert an affirmative defense, the applicability of the defense must clearly and unequivocally appear on the face of the complaint; in other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief. Tenn. R. Civ. P. 12.02(6). | Will the applicability of the defense that clearly and unequivocally appears on the face of the complaint be used as a vehicle to assert an affirmative defense? | Pretrial Procedure - Memo # 7922 - C - MS.docx | ROSS-003286864 |
| Kauffman v. Kauffman, 93 Cal. App. 2d 808 | 34+63 | United States war risk insurance is a contract made in pursuance of federal statute and must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private companies. National Life Insurance Act of 1940, SS 601-618, 38 U.S.C.A. SS 101, 701 et seq. | Are the only relations of contract under a policy issued pursuant to War Risk Insurance between the government and the insured? | Armed Services - Memo 305 - RK.docx | LEGALEASE-00036725-LEGALEASE-00036726 |
| Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | What connection must be between the violation of statute and frightening of the horses? | Highway - Memo 186 - ANM_57461.docx | ROSS-003280060-ROSS-003280061 |
| Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | Will the object in the highway in violation of statute make the owner liable for the damages which the object may have occasioned to the horses? | Highway - Memo 194 - ANM_57469.docx | ROSS-003320939-ROSS-003320940 |
| Vane Minerals (US) v. United States, 116 Fed. Cl. 48 | 260+17(1) | The established test to determine validity of a mining claim is that it must be of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine. | What is the established test to determine the validity of a mining claim? | Mines and Minerals - Memo #277 - C - EB_57471.docx | ROSS-003282154 |
| Rocky Mountain Fuel Co. v. Heflin, 148 Colo. 415 | 260+55(6) | Owner of mineral estate has such rights of ingress, egress, exploration, and surface usage as are reasonably necessary to successful exploitation of his interest but he has no right to destroy surface. | "Does the mineral owner have the rights of ingress, egress, exploration, and surface usage as are reasonably necessary to the successful exploitation of his interest?" | 021546.docx | LEGALEASE-00147724-LEGALEASE-00147725 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Helms v. Alabama Pension Comm'n, 231 Ala. 183 | 296+7 | Under statutes providing for pensions to Confederate soldiers, it is not necessary that claimant be given notice and hearing by commission, since technically a "pension" is a bounty on gratuity usually for some public service, and Legislature may pursue its own course in fixing machinery for determining those to whom bounty is granted, and may withdraw allowance at any time, at least before pension is due. Code 1923, SS 2933, 2940, 2960, 2965, 2967. | Is the State obligated to provide a remedy by judicial review of the granting of pensions by the government? | 022850.docx | LEGALEASE-00147852-LEGALEASE-00147853 |
| Hall v. Metro. Dade Cty., 760 So. 2d 1051 | 307A+581 | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry: first, the defendant is required to show there has been no record activity for the year preceding the motion, and second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | Does the resolution of a motion to dismiss for failure to prosecute involve a two-step process? | 035625.docx | LEGALEASE-00147638-LEGALEASE-00147639 |
| Kelly v. Kelly, 2005 WL 1084636 | 307A+690 | If the record does not contain evidence of a plaintiff's act of willfulness, bad faith, or fault, a single failure of a plaintiff to appear may not be sufficient support for a dismissal of the plaintiff's claim, with prejudice. LSA-C.C.P. art. 1672(A)(1). | "Is a single failure of a plaintiff to appear sufficient support for a dismissal of the plaintiff's claim, with prejudice?" | 035747.docx | LEGALEASE-00147686-LEGALEASE-00147687 |
| Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+683 | Once a defendant satisfies the initial burden of presenting affirmative matter, in moving for dismissal under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619. | Will the burden shift to the plaintiff once the defendant satisfies the initial burden of presenting affirmative matter? | Pretrial Procedure - Memo # 7633 - C - KBM.docx | ROSS-003286389-ROSS-003286390 |
| Schreiner v. Karson, 52 Ohio App. 2d 219 | 307A+690 | Lesser sanctions than dismissal with prejudice before trial should be applied unless a plaintiff's conduct is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for dismissal for failure to prosecute or obey a court order. Civ.R. 41(B)(1). | Can a party's conduct provide grounds for a dismissal with prejudice for a failure to prosecute or to obey a court order? | 11108.docx | LEGALEASE-00094659-LEGALEASE-00094660 |
| Cornelius v. Benefield, 168 So. 3d 1028 | 307A+690 | While delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss an action with prejudice for failure to prosecute, the trial judge should also consider whether a lesser sanction would serve the best interests of justice; such sanctions may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. (Per Carlton, J., with four judges concurring and one judge concurring in result.) Rules Civ.Proc., Rule 41(b). | Is a showing of delay or contumacious conduct sufficient for a dismissal for failure to prosecute? | 11208.docx | LEGALEASE-00094033-LEGALEASE-00094034 |
| Doe No. 3 v. Nur-Ul-Islam Acad., 217 So. 3d 85 | 307A+561.1 | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss; otherwise an affirmative defense may not be considered on motion to dismiss a complaint. Fla. R. Civ. P. 1.110(d). | "Can a defense be considered on motion to dismiss, if the face of the complaint contains allegations which demonstrate the existence of an affirmative defense?" | 10412.docx | LEGALEASE-00095676-LEGALEASE-00095677 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gibson v. Valentine Sugars, 485 So. 2d 620 | 307A+590.1 | Abandonment proceedings should be given a liberal interpretation, and any action or step taken by plaintiff to move his case towards judgment should be considered to interrupt the running of the prescriptive period under LSA-C.C.P. art. 561, which states that an action is abandoned when parties fail to take any step in its prosecution or defense in the trial court for five years. | Should abandonment proceedings be given a liberal interpretation? | 11272.docx | LEGALEASE-00094522-LEGALEASE-00094523 |
| State v. Bryant, 110 So. 3d 1191 | 352H+13 | The elements of forcible rape are: (1) anal or vaginal sexual intercourse regardless of any degree of penetration; (2) lack of consent of the victim; (3) a victim who was prevented from resisting by force or threat of physical violence; and (4) a victim who reasonably believed that resistance would not prevent the rape. LSA-R.S. 14:42.1. | Is lack of consent an essential element of forcible rape? | Sex Offence - Memo 2 - RK.docx | LEGALEASE-00037772-LEGALEASE-00037773 |
| Lopez v. Howe, 259 F. 401 | 24+211 | The right of Congress to exclude or expel aliens, or any class of aliens, absolutely or upon conditions, in war or in peace, is an inherent and inalienable right of every sovereign and independent nation, which may be exercised entirely through executive officers. | Is the right to exclude or to expel aliens an inherent and inalienable right of every sovereign and independent nation? | 007041.docx | LEGALEASE-00148209-LEGALEASE-00148210 |
| Piggly Wiggly Operators' Warehouse v. Piggly Wiggly Operators' Warehouse Indep. Great Truck Drivers Union, Local No. 1, 611 F.2d 580 | 25T+161 | Before arbitration can actually proceed, it is necessary for parties to supplement the agreement to arbitrate by defining the issue to be submitted to the arbitrator and by explicitly giving him authority to act. | Is it necessary for the parties to supplement the arbitration agreement by defining the issue to be submitted to the arbitrator and by explicitly giving him authority to act before proceeding to arbitration? | Alternative Dispute Resolution - Memo 758 - RK_58091.docx | ROSS-003293477-ROSS-003293479 |
| Lane, Ltd. v. Larus & Brother Co., 243 F.2d 364 | 25T+182(1) | A party cannot raise unjustifiable objections to a valid demand for arbitration, all the while protesting its willingness in principle to arbitrate and then, when other side has been forced to abandon its demand, seek to defeat a judicial determination by asking for arbitration after suit has been commenced. 9 U.S.C.A. S 3. | Can a party raise unjustifiable objections to a valid demand for arbitration? | 007901.docx | LEGALEASE-00148968-LEGALEASE-00148969 |
| CPL v. Fragchem Corp., 512 F.3d 389 | 25T+205 | District court erred in sua sponte ordering dismissal of seller's breach of contract action against buyer for lack of venue, on the basis of a contractual arbitration clause; an objection to venue could have been waived or forfeited as neither party had moved to enforce the arbitration agreement and dismiss on such grounds, and court offered no reason why it had either the right or the duty to reject such a waiver. Fed.Rules Civ.Proc.Rule 12(b)(3), 28 U.S.C.A. | Is the dismissal on the courts own initiative considered as ill-conceived as an effort to enforce a contractual arbitration clause? | 007910.docx | LEGALEASE-00148991-LEGALEASE-00148992 |
| U.S. ex rel. Berman v. Craig, 207 F.2d 888 | 34+20.11 | Failure of local draft board to accord registrant procedural rights provided in Selective Service Regulations invalidates board's action. | Does the failure of a local draft board to accord a registrant procedural rights provided in Selective Service Regulations invalidate the board's action? | 008764.docx | LEGALEASE-00148826-LEGALEASE-00148827 |
| Shelley v. United States, 142 F. Supp. 436 | 34+73(5) | The term "total disability" within war risk policy does not mean helplessness or complete disability, but includes that which is more than partial permanent disability and means that which is continuing, as opposed to that which is temporary, and while separate periods do not constitute that which is permanent, mere fact that one has done some work after lapse of policy is not sufficient to defeat claim of total permanent disability. | What does the phrase permanent disability mean? | Armed Services - Memo 325 - RK_58139.docx | ROSS-003280493-ROSS-003280494 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Georgia Nat. Bank v. Fry, 32 Ga. App. 695 | 143+7(3) | Where collecting bank negligently failed to present check, and, on bankruptcy of maker, composition was made with creditors whereby payee received part payment or accepted new note not amounting to novation, or to accord and satisfaction, part payment or new note was not satisfaction of right to recover for bank's failure to collect check. | Will a new note given in lieu of an existing note between the same parties for the same indebtedness constitute a novation? | 010416.docx | LEGALEASE-00148402-LEGALEASE-00148403 |
| Cox v. Burke, 706 So. 2d 43 | 307A+563 | Where party lies about matters pertinent to party's own claim, or portion of it, and perpetrates a fraud that permeates entire proceeding, dismissal of whole case for fraud on court is proper. | "Where a party lies about matters pertinent to a party's own claim, or portion of it, is dismissal of the whole case for fraud on court proper?" | 035043.docx | LEGALEASE-00148163-LEGALEASE-00148164 |
| Johnson v. Allis Chalmers Corp., 162 Wis. 2d 261 | 307A+563 | In order to demonstrate abuse of discretion in dismissal of suit for failure to obey pretrial orders, plaintiff must show clear and justifiable excuse for his failure to comply. | "In order to demonstrate abuse of discretion in dismissal of suit for failure to obey pretrial orders, should a plaintiff show clear and justifiable excuse for his failure to comply?" | 035045.docx | LEGALEASE-00148165-LEGALEASE-00148166 |
| Cartee v. Community Spirit Bank, 214 So. 3d 362 | 307A+46 | The interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff; "willful default" or conduct is a conscious or intentional failure to act, and is used in contradistinction to accidental or involuntary noncompliance. Rules Civ.Proc., Rule 41(b). | "Can a dismissal be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff?" | 036434.docx | LEGALEASE-00149059-LEGALEASE-00149061 |
| Gillars v. United States, 182 F.2d 962 | 384+6 | "Treason" consists of two elements, namely, adherence to the enemy, and rendering him aid and comfort, and, hence, a citizen intellectually or emotionally may favor the enemy and harbor sympathies for convictions disloyal to policy or interests of the United States but so long as he commits no act of aid and comfort to the enemy there is no treason, and a citizen may take actions which aid and comfort the enemy, but if there is no adherence to the enemy in that, and there is no intent to betray, there is no treason. U.S.C.A.Const. art. 3, S 3; Act April 30, 1790, 1 Stat. 112. | Is the crime of treason committed when there is no intent to betray? | 047132.docx | LEGALEASE-00148842-LEGALEASE-00148845 |
| Adams v. Bank of Am., N.A., 237 F. Supp. 3d 1189 | 172H+1350 | Truth in Lending Act (TILA) requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights, including the right of rescission. Truth in Lending Act S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Are creditors required to disclose terms dealing with finance charges? | 013917.docx | LEGALEASE-00149517-LEGALEASE-00149518 |
| Adams v. Adams, 166 So.3d 1066 | 135+1 | "Domicile" focuses on a party's subjective intent to remain more or less permanently in a particular state and is a person's true, fixed, and permanent home, the place to which, when absent, he or she intends to return and from which he or she has no present purpose to depart. | "Is ""domicile"" a place from which a person has no present purpose to depart?" | Domicile - Memo # 39 - C - SA_58241.docx | ROSS-003280475-ROSS-003280476 |
| Commissioners' Court of HarrisCty. v. Kaiser, 23 S.W.2d 840 | 200+87 | Statute giving commissioners' court power to discontinue public roads does not authorize closing or obstructing roads in use of which property owners have vested property rights (Vernon's Ann.Civ.St. art. 6703). | Do the power to discontinue a public road conferred by the statute authorizes closing or obstructing roads to use of which property owners have vested property rights? | 019267.docx | LEGALEASE-00149366-LEGALEASE-00149367 |
| Mattera v. Capric, 54 A.D.3d 827 | 307A+594.1 | To avoid dismissal of a complaint as abandoned, a plaintiff must offer a reasonable excuse for his or her delay and must demonstrate that the complaint is meritorious. McKinney's CPLR 3215(c). | "Should a plaintiff offer a reasonable excuse pursuant to CPLR 3215(c) for his or her delay and demonstrate that the complaint is meritorious, to avoid dismissal of a complaint as abandoned?" | 036384.docx | LEGALEASE-00149303-LEGALEASE-00149304 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Freeman v. Stephens Prod. Co., 171 S.W.3d 651 | 156+12 | "Estoppel by deed" stands for the general proposition that all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law. | Does estoppel by deed stand for the general proposition that all parties to a deed are bound by the recitals therein? | Estoppel - Memo #29 - C - CSS.docx | LEGALEASE-00039918-LEGALEASE-00039919 |
| AmRhein v. Eden, 779 N.E.2d 1197 | 200+81 | Generally speaking, when a street or highway is vacated or abandoned, the title to the land reverts to the abutting property owners; this rule is based upon the presumption that the abutting landowners own to the center of the street or highway subject only to an easement of the public to use the street or highway. | Do abutting owners own the center of the street or highway? | 019088.docx | LEGALEASE-00150522-LEGALEASE-00150523 |
| Abar v. Rogers, 23 Cal. App. 3d 506 | 200+80 | Owner of land subject to an easement for a public highway has a remedy for damages, injunction or ejectment for any encroachment on his property rights therein. | "Does the owner of land subject to an easement for a public highway have remedies for damages, injunction, and ejectment or for an encroachment on his property right?" | Highways -Memo 266 - DB.docx | LEGALEASE-00039972-LEGALEASE-00039973 |
| WakeMed v. Surgical Care Affiliates, 778 S.E.2d 308 | 307A+622 | A complaint is properly dismissed for failure to state a claim upon which relief can be granted when (1) the complaint, on its face, reveals that no law supports the plaintiff's claim; (2) the complaint, on its face, reveals an absence of facts sufficient to make a good claim; or (3) some fact disclosed in the complaint necessarily defeats the plaintiff's claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | When is a complaint properly dismissed pursuant to Rule 12(b)(6) to state a claim upon which relief can be granted? | 036688.docx | LEGALEASE-00150350-LEGALEASE-00150351 |
| Piro v. McKeever, 782 S.E.2d 367 | 307A+622 | While the concept of notice pleading is liberal in nature, a complaint must nonetheless state enough to give the substantive elements of a legally recognized claim or it may be dismissed for failure to state a claim. (Per Bryant, with one Judge concurring in the result.) Rules Civ.Proc., Rules 8(a)(1), 12(b)(6), West's N.C.G.S.A. S 1A-1. | "While concept of notice pleading is liberal in nature, should a complaint nonetheless state enough to give substantive elements of a legally-recognized claim?" | 036758.docx | LEGALEASE-00150086-LEGALEASE-00150087 |
| Cantley v. Lincoln Cty. Comm'n, 221 W. Va. 468 | 307A+679 | The trial court's consideration of a motion to dismiss for failure to state a claim begins with the proposition that the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true. Rules Civ.Proc., Rule 12(b)(6). | "Is the policy of the rule that, for purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true?" | Pretrial Procedure - Memo # 8244 - C - TJ_58816.docx | ROSS-003307597-ROSS-003307599 |
| Grayson v. AT & T Corp., 140 A.3d 1155 | 30+3281 | The only issue on review of a dismissal made for failure to state a claim is the legal sufficiency of the complaint, and a complaint should not be dismissed because a court does not believe that a plaintiff will prevail on his claim; indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Civil Rule 12(b)(6). | Should a complaint not be dismissed because a court does not believe that a plaintiff will prevail on his claim? | 036993.docx | LEGALEASE-00150342-LEGALEASE-00150343 |
| Bridges v. Wilcoxon, 786 So. 2d 264 | 307A+581 | Article providing for abandonment of action is not intended to dismiss those cases in which plaintiff clearly demonstrates before court, within prescribed time period, that he does not intend to abandon action. LSA-C.C.P. art. 561. | Does the article governing abandonment of an action is intended to dismiss cases where plaintiff has clearly demonstrated before the court during prescribed period that he does not intend to abandon action? | Pretrial Procedure - Memo # 8383 - C - SKG_59103.docx | ROSS-003293724-ROSS-003293725 |
| Nolan v. Hillard, 309 Ill. App. 3d 129 | 307A+687 | On motion for involuntary dismissal, all well-pleaded facts in the complaint, together with all reasonable inferences drawn therefrom, are deemed admitted, and all pleadings and supporting documents are construed in a light most favorable to the non-moving party. S.H.A. 735 ILCS 5/2-619. | Are all well-pleaded facts along with all reasonable inferences that can be drawn from those facts deemed admitted on a motion to dismiss? | 037111.docx | LEGALEASE-00150732-LEGALEASE-00150733 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Deloatch v. Becker, 698 A.2d 94 | 307A+581 | Conduct by defendant who has filed non pros petition that is inconsistent with request for non pros, indicating willingness to try case on its merits, will result in waiver of equitable non pros remedy. | "Will conduct by defendant who has filed non pros petition that is inconsistent with request for non-pros, result in waiver of equitable non pros remedy?" | Pretrial Procedure - Memo # 8435 - C - VA_59134.docx | ROSS-003295283-ROSS-003295284 |
| State v. Smith, 10 R.I. 258 | 3.77E+10 | The terroristic-threats statute is not intended to authorize grave sanctions against the kind of verbal threat which expresses transitory anger which lacks the intent to terrorize. M.S.A. S 609.713. | Is the terroristic threats statute intended to authorize grave sanctions against threats which express transitory anger which lacks the intent to terrorize? | Threats and Stalking - Memo #37 - C - LB.docx | LEGALEASE-00040485-LEGALEASE-00040486 |
| Nelson v. State Acc. Ins. Fund, 43 Or. App. 155 | 413+1165 | Benefits awarded under Workers' Compensation Law are purely statutory, and claimant must strictly follow prescribed procedures to recover. ORS 656.001 et seq.; ORS 656.319(1)(d), Laws 1969, c. 206. | Are benefits awarded under the workers' compensation law purely statutory and should a claimant strictly follow the prescribed procedures to recover under the law? | 048416.docx | LEGALEASE-00150078-LEGALEASE-00150079 |
| Sheets v. Hill Bros. Distributors, 379 S.W.2d 514 | 413+2084 | Workmen's Compensation Law is not supplemental or declaratory of any existing rule, right, or remedy but creates an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies, where employer and employee have elected to accept the law or are subject thereto by operation of law. Section 287.120, subd. 2 RSMo 1959, V.A.M.S. | Is the workmens compensation act considered substitutional for common law tort remedies? | 048420.docx | LEGALEASE-00150133-LEGALEASE-00150134 |
| Fuller v. Guthrie, 565 F.2d 259 | 25T+113 | Federal policy favors arbitration, and arbitration agreements are to be liberally construed; however, decision to arbitrate must be consciously made, since, by agreeing to submit disputes to arbitration, a party relinquishes his courtroom rights, including right to subpoena witnesses, in favor of arbitration with all of its well-known advantages and drawbacks. | Does a party relinquish his courtroom rights by agreeing to submit disputes to arbitration? | 007949.docx | LEGALEASE-00151412-LEGALEASE-00151413 |
| Martin Cty. v. Wachovia Bank & Tr. Co., 178 N.C. 26 | 200+121 | The construction and maintenance of roads and bridges is a matter of general public concern, of benefit to people of the entire state, and Legislature may cast expense thereof upon state at large, or on territory specially and immediately benefited, even though the work may not be a part of the total area attached. | Can the legislature cast the expense of public works upon the state at large? | Highways -Memo 372 - DB_59246.docx | ROSS-003310079 |
| Mourning v. Allison Transmission, 72 N.E.3d 482 | 307A+622 | The basic purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint to state an actionable claim, not to test the truth of the facts alleged in the complaint. Ind. R. Trial P. 12(B)(6). | Is the basic purpose of a motion to dismiss for failure to state a claim to test the legal sufficiency of the complaint to state an actionable claim? | Pretrial Procedure - Memo # 8392 - C - SK_59111.docx | ROSS-003294705-ROSS-003294706 |
| Hughes v. Fink, Fink & Assocs., 718 A.2d 316 | 307A+602 | Judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, (2) there is no compelling reason for the delay, and (3) the delay has caused some prejudice to the adverse party. | Is judgment of non pros properly entered when there is no compelling reason for the delay? | 037264.docx | LEGALEASE-00150868-LEGALEASE-00150869 |
| Intech Metals v. Meyer, Wagner & Jacobs, 2016 PA Super 299, 153 A.3d 406 | 307A+581 | To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; second, the plaintiff must have no compelling reason for the delay; finally, the delay must cause actual prejudice to the defendant. | Can judgment of non pros be entered where there has been no compelling reason for the delay? | 037376.docx | LEGALEASE-00151162-LEGALEASE-00151163 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Intech Metals v. Meyer, Wagner & Jacobs, 2016 PA Super 299, 153 A.3d 406 | 307A+581 | To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; second, the plaintiff must have no compelling reason for the delay; finally, the delay must cause actual prejudice to the defendant. | Where can judgment of non pros be entered? | Pretrial Procedure - Memo # 8576 - C - VA.docx | LEGALEASE-00041048-LEGALEASE-00041049 |
| Nationwide Mut. Ins. Co. ex rel. Mika v. Kogut, 354 Ill. App. 3d 1 | 307A+581 | Dismissing an action against a plaintiff or entering judgment against a defendant is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation; these sanctions should be imposed only where the actions of the party show a deliberate, contumacious, and unwarranted disregard of the court's authority. | "Is dismissing an action against a plaintiff or entering judgment against a defendant, the most drastic of sanctions?" | Pretrial Procedure - Memo # 8592 - C - SB_59439.docx | ROSS-003305338-ROSS-003305339 |
| Gray Holdco v. Cassady, 654 F.3d 444 | 25T+182(2) | Where the party moving for a preliminary injunction does so before filing for arbitration, it can avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future. | Can a party moving for a preliminary injunction avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future? | 008023.docx | LEGALEASE-00151498-LEGALEASE-00151499 |
| Little v. Bank of Am., N.A., 769 F. Supp. 2d 954 | 172H+1561 | Where an obligor seeks rescission of a credit transaction subject to the Truth in Lending Act (TILA) and the trial judge determines that she is unable to tender the loan proceeds, the remedy of unconditional rescission is inappropriate. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Is the remedy of unconditional rescission inappropriate when a trial judge determines than an obligor is unable to tender the loan proceeds? | 013888.docx | LEGALEASE-00151580-LEGALEASE-00151581 |
| 145 Kisco Ave. Corp. v. Dufner Enterprises, 198 A.D.2d 482 | 307A+679 | When motion to dismiss for failure to state cause of action attacks pleading on its face, allegations of pleading are deemed to be true and pleader is entitled to every favorable inference that might be drawn. | "When a motion to dismiss attacks the pleading on its face, are the allegations of the pleading deemed to be true?" | 037455.docx | LEGALEASE-00151777-LEGALEASE-00151778 |
| Kantrowitz & Goldhamer, P.C. v. Geller, 265 A.D.2d 529 | 307A+679 | Bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true on a motion to dismiss for failure to state a cause of action. | Are bare legal conclusions and factual claims which are flatly contradicted by the evidence not presumed to be true on a motion to dismiss? | Pretrial Procedure - Memo # 8683 - C - MS_59722.docx | ROSS-003296398-ROSS-003296399 |
| Greenleaf Arms Realty Tr. I v. New Boston Fund, 81 Mass. App. Ct. 282 | 307A+679 | For purposes of appraising the legal sufficiency of a complaint, on a motion to dismiss for failure to state a claim, the court accepts as true all factual allegations of the complaint and any such reasonable inferences as may be drawn therefrom in the plaintiffs' favor. Rules Civ.Proc., Rule 12(b)(6), 46 M.G.L.A. | For purposes of appraising the legal sufficiency of a complaint should the court accept as true all factual allegations of the complaint? | Pretrial Procedure - Memo # 8688 - C - MS_59727.docx | ROSS-003293726-ROSS-003293727 |
| Advocate Health & Hosps. Corp. v. Bank One, N.A., 348 Ill. App. 3d 755 | 307A+680 | In a motion to dismiss based upon certain defects or defenses, as long as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law, the complaint may be properly dismissed. S.H.A. 735 ILCS 5/2-619. | "As long as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law, can the complaint be properly dismissed?" | Pretrial Procedure - Memo # 8775 - C - NE_59775.docx | ROSS-003293589-ROSS-003293590 |
| Mathews v. Diaz, 426 U.S. 67 | 24+120 | The fact that all persons, aliens and citizens alike, are protected by the due process clause does not lead to the further conclusion that all aliens are entitled to enjoy all of the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14. | Are aliens protected by the Due Process Clause? | "Aliens, Immigration and Citizenship - Memo 36 - RK_60123.docx" | ROSS-003282884-ROSS-003282885 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ward v. Stanford, 443 S.W.3d 334 | 8.30E+282 | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer; a note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. | "Can a promise to pay, in a promissory note, not unconditional, and does not involve a sum certain, be a note of negotiable instrument ?" | 010695.docx | LEGALEASE-00152580-LEGALEASE-00152581 |
| Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874 | 172H+1556 | When a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the Truth in Lending Act (TILA) permits the borrower to rescind the loan agreement up to three business days after the transaction. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | Does a consumer-borrower have the right to rescind a loan secured by the borrower's principal dwelling within three business days of the transaction? | 013867.docx | LEGALEASE-00152441-LEGALEASE-00152442 |
| State ex rel. Morgan v. Kinnear, 80 Wash. 2d 400 | 371+2160 | For purposes of constitutional provision stating that aggregate of all tax levies upon real and personal property by state and all taxing districts shall not in any year exceed 40 mills on the dollar of the assessed valuation, which assessed valuation which shall be 50% of true and fair value of such property in money, "true and fair value in money" means fair market value, that is, the amount of money which the purchaser, willing but not obligated to buy, would pay an owner, willing but not obligated to sell, taking into consideration all uses to which the property is adapted and might in reason be applied. RCWA Const. art. 7, S 2 as amended, Amend. 17. | What is market value of a property? | Exchange Of Property-Memo31-KK_60356.docx | ROSS-003284915-ROSS-003284916 |
| Herb v. Snyder, 454 Pa. Super. 612 | 307A+581 | In determining whether to dismiss case for lack of activity, analysis is same whether motion for judgment of non pros is brought sua sponte by court or by defendant. | Is analysis same whether motion for judgment of non pros is brought sua sponte by court or by defendant in determining whether to dismiss case for lack of activity? | 037486.docx | LEGALEASE-00151857-LEGALEASE-00151858 |
| Arkansas State Claims Comm'n v. Duit Const. Co., 2014 Ark. 432 | 307A+683 | For purposes of a motion to dismiss, courts treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. | "For purposes of a motion to dismiss, do courts treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation?" | 037504.docx | LEGALEASE-00151980-LEGALEASE-00151981 |
| In re Estate of Boyar, 2012 IL App (1st) 111013 | 307A+679 | In ruling on a motion to dismiss based upon certain defects or defenses, all pleadings and supporting documents must be construed in the light most favorable to the nonmoving party. S.H.A. 735 ILCS 5/2-619. | "In ruling on a motion to dismiss based upon certain defects or defenses, should all pleadings and supporting documents be construed in the light most favorable to the nonmoving party?" | 037591.docx | LEGALEASE-00151841-LEGALEASE-00151842 |
| Huang v. Claussen, 147 Or. App. 330 | 307A+680 | Considering sufficiency of complaint, court accepts as true all well-pleaded allegations and all reasonable inferences that may be drawn therefrom, but disregards any allegations that are conclusions of law. | "Considering the sufficiency of complaint, does a court accept as true all well-pleaded allegations and all reasonable inferences that can be drawn therefrom?" | Pretrial Procedure - Memo # 8812 - C - KS_59811.docx | ROSS-003282050-ROSS-003282051 |
| Yoon Ja Kim v. James Jh Song, 2016 IL App (1st) 150614-B | 307A+687 | In ruling on a motion to dismiss the complaint for legal insufficiency, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn therefrom; the question is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. S.H.A. 735 ILCS 5/2-615. | "Considering the sufficiency of complaint, does a court accept as true all well-pleaded allegations and all reasonable inferences that can be drawn therefrom?" | 037793.docx | LEGALEASE-00151962-LEGALEASE-00151963 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Grimes v. Saikley, 388 Ill. App. 3d 802 | 307A+683 | In ruling on a motion to dismiss, the trial court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmoving party. | "In ruling on a motion to dismiss for failure to state claim, should a court accept as true all well-pleaded facts in a complaint and all reasonable inferences which can be drawn therefrom?" | 037799.docx | LEGALEASE-00151990-LEGALEASE-00151991 |
| Shulver v. Slocum, 566 So. 2d 1089 | 307A+581 | Exceptions to five-year rule of abandonment of action are recognized when failure to prosecute was caused by circumstances beyond plaintiff's control, and when defendant waived his right to plead abandonment by taking action in case inconsistent with intent to treat case as abandoned. LSA-C.C.P. art. 561. | When are exceptions to the five-year rule of abandonment of action recognized? | 038341.docx | LEGALEASE-00152708-LEGALEASE-00152709 |
| King v. Bankerd, 303 Md. 98 | 308+100(0.5) | Agent holding broad power of attorney lacks power to make gift of principal's property unless that power is expressly conferred, arises as a necessary implication from conferred powers, or is clearly intended by parties as evidenced by surrounding facts and circumstances. | Should authority be expressly conferred in a Power of Attorney? | 042101.docx | LEGALEASE-00152285-LEGALEASE-00152286 |
| Gen. Dynamics Corp. v. City of Groton, 184 Conn. 483 | 200+77(2) | Although trial court ordinarily has great latitude in determining whether to allow parties to intervene in ongoing litigation, where persons who wished to become parties in litigation involving closing of highway were members of general public, and had not been invited to present their views to committee appointed by court to determine convenience or necessity of highway, trial court mistakenly exercised such discretion in refusing such persons right to intervene on theory that their effort to intervene was untimely. C.G.S.A. S 13a-50. | Can the trial court determine whether to allow parties to intervene in an ongoing litigation or legal proceeding? | 019296.docx | LEGALEASE-00153623-LEGALEASE-00153624 |
| Mowatt v. U.S. Parole Comm'n, 815 F. Supp. 2d 199 | 170A+1772 | To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff need only plead enough facts to state a claim to relief that is plausible on its face, as opposed to merely conceivable. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | "To survive a 12(b)(6) motion to dismiss, should a complaint plead enough facts to state a claim to relief that is plausible on its face?" | Pretrial Procedure - Memo # 8884 - C - SN_60359.docx | ROSS-003281891-ROSS-003281892 |
| Stanback v. Stanback, 297 N.C. 181 | 307A+686.1 | In ruling on motion to dismiss for failure to state a claim, allegations of the complaint must be viewed as true, and on that basis the court must determine as a matter of law whether allegations state a claim for which relief may be granted. Rules of Civil Procedure, rule 12(b)(6), G.S. S 1A-1. | Does the motion to dismiss for failure to state a claim upon which relief be granted tests the legal sufficiency of the complaint? | 038022.docx | LEGALEASE-00152933-LEGALEASE-00152934 |
| Whetstone v. Sooter, 325 Ill. App. 3d 225 | 307A+561.1 | Motion for an involuntary dismissal based upon defects in pleading or certain defenses should be granted if, after construing the documents in support and in opposition to the motion in the light most favorable to the nonmoving party, there are no disputed issues of material fact. S.H.A. 735 ILCS 5/2-619. | "When granting on a motion to dismiss, should a court construe the pleadings and supporting documents in the light most favorable to the nonmoving party?" | Pretrial Procedure - Memo # 8950 - C - SKG_60403.docx | ROSS-003281003-ROSS-003281004 |
| Harris v. Barbera, 96 A.D.3d 904 | 307A+679 | A court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true. | Can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint? | Pretrial Procedure - Memo # 8952 - C - DA_60405.docx | ROSS-003278656-ROSS-003278657 |
| Lomelo v. Schultz, 422 So. 2d 1050 | 302+67 | Motion to dismiss raises question of sufficiency of facts alleged to state cause of action and complaint need not anticipate affirmative defenses. | "In order to defeat a motion to dismiss, should a complaint only state facts sufficient to indicate that a cause of action exists and need not anticipate affirmative defenses?  " | Pretrial Procedure - Memo # 8985 - C - SKG.docx | LEGALEASE-00043056-LEGALEASE-00043057 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kopelman & Assocs., L.C. v. Collins, 196 W. Va. 489 | 307A+680 | Under either motion for judgment on pleadings or motion to dismiss for failure to state claim, court reads pleading liberally and accepts as true well-pleaded allegations of complaint and inferences that reasonably may be drawn from allegations, but, although plaintiff enjoys benefit of all inferences that plausibly can be drawn from pleadings, party's legal conclusions, opinions, or unwarranted averments of fact will not be deemed admitted. Rules Civ.Proc., Rule 12(b)(6), (c). | "Under either motion for judgment on pleadings or motion to dismiss for failure to state claim, does a court read a pleading liberally and accepts as true well-pleaded allegations?" | 038198.docx | LEGALEASE-00153161-LEGALEASE-00153162 |
| Caesars Riverboat Casino v. Kephart, 903 N.E.2d 117 | 307A+681 | On a motion to dismiss for alleging facts incapable of supporting relief under any set of circumstances, a court may only look to the complaint and may not look to other evidence in the record. Trial Procedure Rule 12(B)(6). | "On a motion to dismiss for alleging facts incapable of supporting relief under any set of circumstances, can a court only look to the complaint?" | Pretrial Procedure - Memo # 9138 - C - KI.docx | LEGALEASE-00043218-LEGALEASE-00043219 |
| Walker v. Columbus Ins. Agency, 156 Ga. App. 199 | 307A+581 | Under "three minute" rule, when case is sounded for trial, parties shall immediately announce ready or move for continuance, and if three minutes shall elapse before announcement or motion to continue, case will be dismissed. Code, SS 24-3341, 81A-141(b). | Will case be dismissed if three minutes shall elapse before announcement or motion to continue? | 038366.docx | LEGALEASE-00152786-LEGALEASE-00152787 |
| Park Ctr. Condo. Council v. Epps, 723 A.2d 1195 | 307A+581 | Purpose of rule allowing dismissal of case for failure to prosecute is to dispose of cases when necessary, not to allow parties to maintain a faint spark of life in their litigation. Superior Court Civil Rule 41. | Is the purpose of rule allowing dismissal of case for failure to allow parties to maintain a faint spark of life in their litigation? | 038417.docx | LEGALEASE-00153073-LEGALEASE-00153074 |
| Gens v. Casady Sch., 2008 OK 5 | 307A+623.1 | Where not all claims appear to be frivolous on their face or without merit, dismissals for failure to state a claim upon which relief may be granted are premature. | "Where not all claims appear to be frivolous on their face or without merit, is dismissal for failure to state a claim upon which relief can be granted premature?" | Pretrial Procedure - Memo # 9204 - C - UG.docx | LEGALEASE-00043286-LEGALEASE-00043287 |
| Holland v. Anheuser Busch, 643 So. 2d 621 | 307A+671.1 | Counsel should take care in selecting between motion to dismiss, which tests legal sufficiency of complaint to state cause of action, and motion for summary judgment, which is to determine if parties can offer sufficient proof to support issues framed in pleadings; if counsel chooses incorrectly, reversal is inevitable result. West's F.S.A. RCP Rule 1.510. | "Is a motion to dismiss designed to test legal sufficiency of a complaint, not to determine issues of fact?" | 038535.docx | LEGALEASE-00153772-LEGALEASE-00153773 |
| Nowak v. Capitol Motors, 158 Conn. 65 | 308+99 | To establish apparent authority, acts of principal must be such that (1) principal held agent out as possessing sufficient authority to embrace act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof person dealing with agent, acting in good faith, reasonably believed, under all circumstances, that agent had necessary authority. | Can apparent authority be determined by the agents own act? | 041422.docx | LEGALEASE-00153694-LEGALEASE-00153695 |
| Meadowbrook-Richman v. Associated Fin. Corp., 253 F. Supp. 2d 666 | 308+85 | Where an agent defends a suit arising out of a business properly conducted on the principal's behalf, the agent is entitled to indemnification of its legal fees, under New York law. | Is an agent entitled to indemnification of the legal fee to defend a suit arising out of a business properly conducted on the principal's behalf? | Principal and Agent - Memo 268 - KC_60530.docx | ROSS-003295078-ROSS-003295079 |
| Com. v. E. Motor Exp., 398 Pa. 279 | 371+2001 | While it is true that what a tax or an act is called by the Legislature is entitled to weight and is prima facie what it is, the nature of the tax, in the last analysis, depends not upon its label but on its incidence, i. e., its practical operation and effect. | "Does the nature of the tax depend upon its incidence, i. e., its practical operation and effect?" | Taxation - Memo # 913 - C - JL_60617.docx | ROSS-003285092-ROSS-003285093 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Woody v. Cates, 213 N.C. 792 | 156+38 | A warranty deed by one having only a contingent remainder in land passes the title by way of estoppel to the grantee as soon as the remainder vests by the happening of the contingency upon which such vesting depends. | Does a warranty deed by one having a contingent remainder in land by way of estoppel pass title to the grantee? | Estoppel - Memo #74 - C - CSS_60873.docx | ROSS-003282058-ROSS-003282059 |
| Berkowski v. St. Louis Cty. Bd. of Election Comm'rs, 854 S.W.2d 819 | 302+48 | In assessing sufficiency of petition, all facts properly pleaded are assumed true, averments are given literal construction, and petition is accorded all reasonable inferences fairly deductible from facts stated, but mere conclusions of pleader not supported by factual allegations are disregarded. | "In assessing sufficiency of a petition, are all facts properly pleaded taken as true and averments given liberal construction?" | 038516.docx | LEGALEASE-00154427-LEGALEASE-00154428 |
| Bilnoski v. Pizza Inn, 858 S.W.2d 55 | 307A+581 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or at trial, when case has not been disposed of within Supreme Court's guidelines, and when case has not been prosecuted with due diligence; authority to dismiss is derived both from rules of civil procedure and from court's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165. | Can court dismiss case for want of prosecution when party fails to appear at a hearing or at trial? | 038750.docx | LEGALEASE-00154290-LEGALEASE-00154291 |
| Chochorowski v. Home Depot U.S.A., 295 S.W.3d 194 | 307A+622 | A court may not grant a motion to dismiss for failure to state a claim based on a conclusion that the plaintiff is not entitled to relief on the merits of that claim. | Can a court not grant a motion to dismiss for failure to state a claim based on a conclusion that the plaintiff is not entitled to relief on the merits of that claim? | 038991.docx | LEGALEASE-00154545-LEGALEASE-00154546 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | "Does the strict technical compliance, regardless of actual injury, promote the standardization of credit terms for the benefit of only an individual claimant?" | Consumer Credit - Memo 211 - RK_61873.docx | ROSS-003308544-ROSS-003308545 |
| McDade v. Siazon, 208 N.J. 463 | 156+52(1) | "Equitable estoppel" is conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. | Is equitable estoppel conduct which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law? | Estoppel - Memo #89 - C - CSS_61541.docx | ROSS-003292695 |
| Layton v. Cook, 248 Miss. 690 | 48A+218 | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | Is pedestrians right and rights of one operating a vehicle mutual? | Highways- Memo 418-ANM_61958.docx | ROSS-003310292 |
| Bohannon v. Rutland, 616 S.W.2d 46 | 307A+581 | Phrase "no pretrial steps", in civil rule requiring yearly review of court docket, encompasses situations in which no action of record has been taken by either party during year next preceding judges' review of docket. Rules of Civil Procedure, Rule 77.02(2). | "What does the phrase ""no pretrial steps"", in civil rule requiring yearly review of court docket, encompass?" | 039104.docx | LEGALEASE-00155000-LEGALEASE-00155001 |
| Esworthy v. Williams, 100 Nev. 212 | 307A+587 | When party has been accurately notified of time and place of hearing, party's failure to appear may amount to failure to prosecute and may be proper ground for dismissal. Rules Civ.Proc., Rule 41. | Does a party's failure to appear amount to failure to prosecute and is a proper ground for dismissal where party has been accurately notified of time and place of hearing? | 039181.docx | LEGALEASE-00155448-LEGALEASE-00155449 |
| Farber v. Green Shoe Mfg. Co., 42 Colo. App. 255 | 307A+581 | A motion to dismiss for want of prosecution should not be granted if the plaintiff resumes diligent prosecution of his claim, even though, at some prior period of time, he has been guilty of gross negligence. Rules of Civil Procedure, rule 41(b)(1). | Should a motion to dismiss for want of prosecution be granted if plaintiff resumes diligent prosecution of his claim? | 039185.docx | LEGALEASE-00155450-LEGALEASE-00155451 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lewis v. New York Fire & Marine Underwriters, 233 So. 2d 743 | 307A+581 | Statute providing that judgment dismissing action shall be rendered upon application of any party when plaintiff fails to appear on day set for trial requires that plaintiff not only appear but also that he proceed with his case if ordered to do so by court. LSA-C.C.P. art. 1672. | Will judgment dismissing action be rendered upon application of any party the plaintiff fails to appear on the day set for trial? | 039215.docx | LEGALEASE-00155142-LEGALEASE-00155143 |
| Popkin v. Crispen, 213 So. 2d 445 | 307A+581 | Judicial restraint should be practiced in the courts' inherent power to dismiss actions for want of prosecution to the end that persons have the guarantee and privilege of having the merits of cause adjudicated. 30 F.S.A. Rules of Civil Procedure, rule 1.420(e). | Should judicial restraint be practiced in the courts' inherent power to dismiss actions for want of prosecution? | Pretrial Procedure - Memo # 9747 - C - SHS_61985.docx | ROSS-003281170-ROSS-003281171 |
| Hartmann Realtors v. Biffar, 13 N.E.3d 350 | 307A+682.1 | When deciding a motion to dismiss for failure to state a claim, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. S.H.A. 735 ILCS 5/2-615. | "In ruling on a motion to dismiss, can the court not consider affidavits and documentary evidence not incorporated into the pleadings as exhibits?" | 039366.docx | LEGALEASE-00154916-LEGALEASE-00154917 |
| Quinones v. Schaap, 91 A.D.3d 739 | 307A+685 | A court may consider any factual submissions made in opposition to a motion to dismiss for failure to state a cause of action in order to remedy pleading defects. McKinney's CPLR 3211(c). | Can a court consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects? | 039387.docx | LEGALEASE-00155205-LEGALEASE-00155206 |
| Triarsi v. BSC Grp. Servs., 422 N.J. Super. 104 | 307A+685 | Under the affidavit of merit statute, failure to deliver a proper affidavit within the statutory time period requires a dismissal of the complaint with prejudice. N.J.S.A. 2A:53A-27. | "Under the affidavit of merit statute, does failure to deliver a proper affidavit within the statutory time period require a dismissal of the complaint with prejudice?" | 039403.docx | LEGALEASE-00155002-LEGALEASE-00155003 |
| Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Does an agency carry with it all the powers which are necessary to effectuate the purpose for which it was created? | 041610.docx | LEGALEASE-00155655-LEGALEASE-00155656 |
| Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Does the agency carry all powers necessary to effectuate the purpose for which it was created? | Principal and Agent - Memo 315 - RK_61913.docx | ROSS-003280593-ROSS-003280594 |
| Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Is there any distinction to the powers of an agent if the authority given is express or implied? | 041616.docx | LEGALEASE-00155663-LEGALEASE-00155664 |
| Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Is there any distinction to the powers of an agent if the authority given is express or implied? | Principal and Agent - Memo 317 - RK.docx | LEGALEASE-00045480-LEGALEASE-00045481 |
| Jones v. Bank of Chapel Hill, 214 N.C. 794 | 308+92(1) | A principal is liable on agent's contracts, made within scope of agent's actual authority, or his apparent authority, unless third person has notice that agent is exceeding actual authority, and on agent's contracts ratified by the principal. | Is the principal liable upon a contract made by his agent with a third person when the third person has notice that the agent is exceeding his actual authority? | Principal and Agent - Memo 341 - RK_61929.docx | ROSS-003296294-ROSS-003296295 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morpul Research Corp. v. Westover Hardware, 263 N.C. 718 | 308+116(1) | A general agent may usually bind principal as to all acts within scope of agency including not only authority actually conferred but such as is usually confided to agent employed to transact business, and as to third persons, "real and apparent authority" is one and same and may not be restricted by special or private instructions of principal, unless limitations are known to such persons or act or power in question is of such unusual character as to put man of reasonable business prudence upon inquiry as to existence of particular authority claimed. | Can the principal be held liable if he ratifies an unauthorized contract made by his agent with a third person? | 041667.docx | LEGALEASE-00155398-LEGALEASE-00155399 |
| Bethel Sch. Dist. No. 403 v. Fraser, 478 U.S. 675 | 141E+735 | Given school's need to be able to impose disciplinary sanctions for wide range of unanticipated conduct disruptive of educational process, school disciplinary rules need not be as detailed as criminal code which imposes criminal sanctions. | Do school disciplinary rules need to be as detailed as a criminal code when imposes criminal sanctions? | 016841.docx | LEGALEASE-00156307-LEGALEASE-00156309 |
| State ex rel. State Highway Comm'n v. Johns, 507 S.W.2d 75 | 200+80 | Public highways belong, from side to side, and end to end, to the public and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se and may be abated, notwithstanding space is left for the passage of the public. | Do public highway belong from side to side and end to end to the public? | Highways -Memo 432-PR_62048.docx | ROSS-003308155-ROSS-003308156 |
| Stitch-Tec Co. v. Royal Banks of Missouri, 303 Ill. App. 3d 293 | 307A+685 | In deciding motion to dismiss complaint for lack of jurisdiction, a court may receive and weigh affidavits, but any conflicts that exist in the affidavits and pleadings must be resolved in the plaintiff's favor, even though contrary allegations in the defendant's pleadings exist. | Should the courts receiving and weighing affidavits resolve any existing conflicts in the affidavits and pleadings in favor of the plaintiff? | 024539.docx | LEGALEASE-00156252-LEGALEASE-00156253 |
| Tierney v. Burlington N. R. Co., 240 Ill. App. 3d 526 | 307A+693.1 | Effect of voluntary dismissal without prejudice is to render proceedings a nullity and leave parties in same position as if case had never been filed. | Is the effect of a dismissal without prejudice to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed? | 024663.docx | LEGALEASE-00155920-LEGALEASE-00155921 |
| Columbian Banking Co. v. Bowen, 134 Wis. 218 | 8.30E+04 | The negotiable instrument law. Stats. (Supp.1906, Laws 1899, ch. 356) SS 1675-1684-6 (W.S.A. 116.01 et seq.), is not merely a legislative codification of judicial rules previously existing, but is, so far as it goes, an incorporation into the written law of the law merchant as recognized in Wisconsin, with such changes or modifications and additions as to make a system harmonizing, so far as practicable, with that prevailing in other states. | What is the Negotiable Instrument Law (N.I.L)? | 009120.docx | LEGALEASE-00157840-LEGALEASE-00157841 |
| Marshall v. Burger King Corp., 222 Ill. 2d 422 | 307A+694 | Unless otherwise specifically ordered by the court, an involuntary dismissal ordinarily operates as an adjudication upon the merits and is with prejudice. Rules Civ. Proc. Rule 41(b). | "Unless otherwise specifically ordered by the court, does an involuntary dismissal ordinarily operate as adjudication upon the merits and is with prejudice?" | Pretrial Procedure -Memo # 10511 - C -SB_63380.docx | ROSS-003321208-ROSS-003321209 |
| Nelson v. Baptist Mem'l Hosp.-N. Mississippi, 972 So. 2d 667 | 307A+690 | Dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, is extreme and harsh, and only the most egregious cases warrant such dismissals. | "Is dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, extreme and harsh?" | 025014.docx | LEGALEASE-00157738-LEGALEASE-00157739 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Porter v. Grayson Cty., 224 S.W.3d 855 | 302+111.48 | If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action, and such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. | "As a general rule, is a dismissal with prejudice improper when the plaintiff is capable of remedying the jurisdictional defect?" | 025048.docx | LEGALEASE-00156707-LEGALEASE-00156708 |
| Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568 | 307A+690 | Because dismissal with prejudice is the ultimate sanction when an expert is unavailable for the first time, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party. | Will dismissal with prejudice normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party? | 025076.docx | LEGALEASE-00156805-LEGALEASE-00156806 |
| Mississippi Dept. of Human Services v. Guidry, 830 So. 2d 628 | 307A+690 | Dismissal of action with prejudice is extreme and harsh sanction that deprives litigant of opportunity to pursue his claim, and any dismissals with prejudice are reserved for most egregious cases. | "Is dismissal of action with prejudice an extreme and harsh sanction that deprives litigant of opportunity to pursue his claim, and any dismissals with prejudice are reserved for most egregious cases?" | Pretrial Procedure - Memo # 10555 - C - KG_62452.docx | ROSS-003306854-ROSS-003306855 |
| Light v. Womack, 113 S.W.3d 872 | 102+133 | A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; if the deficiency in the inmate's suit may be remedied in a subsequent filing, then a dismissal with prejudice is improper. V.T.C.A., Civil Practice & Remedies Code S 14.004. | Is a dismissal for failure to comply with the rules governing the filing of in forma pauperis suits not a ruling on the merits? | Pretrial Procedure - Memo # 10566 - C - AC.docx | LEGALEASE-00047011-LEGALEASE-00047012 |
| Kamm's Estate v. C.I.R., 349 F.2d 953 | 308+15 | Fact that an agent represents several sellers who have given various instructions concerning disposition of their several shares and proceeds does not derogate from individual agency relation between each seller and common agent. | Will the fact that an agent represents several sellers derogate from the individual agency relation between each seller and the common agent? | Principal and Agent-Memo 9 - AM_62696.docx | ROSS-003308145-ROSS-003308146 |
| Arizona v. United States, 567 U.S. 387 | 24+690 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the Federal Government have sovereign power to control and conduct relations with foreign nations? | "Aliens, Immigration, and Citizenship - Memo 48 - RK_63917.docx" | ROSS-003307236-ROSS-003307237 |
| Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 360+18.43 | State laws which impose discriminatory burdens upon entrance of residence of aliens lawfully within the United States conflict with constitutionally derived federal power to regulate immigration and are invalid. | Can states enact laws imposing discriminatory burdens upon the residence of aliens? | "Aliens, Immigration, and Citizenship - Memo 52 - RK_63920.docx" | ROSS-003321399-ROSS-003321400 |
| Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 360+18.43 | State laws which impose discriminatory burdens upon entrance of residence of aliens lawfully within the United States conflict with constitutionally derived federal power to regulate immigration and are invalid. | Are state laws which impose discriminatory burdens upon the entrance of aliens valid? | "Aliens, Immigration, and Citizenship - Memo 54 - RK_63922.docx" | ROSS-003305538-ROSS-003305539 |
| Bonhiver v. State Bank of Clearing, 29 Ill. App. 3d 794 | 83E+481 | A nonnegotiable time certificate of deposit is transferable by assignment; the bank's obligation is to pay the payee or assignee but the assignee stands in no better position than his assignor when demand for payment is made. | Is time certificate of deposit transferable by assignment and the bank obliged to pay the payee or assignee? | 010889.docx | LEGALEASE-00158418-LEGALEASE-00158419 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mason v. Connell, 1 Whart. 381 | 289+927 | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | QuestionCan a partner admit a new member to the partnership without the consent of the other partners? | Partnership - Memo 497 - GP.docx | LEGALEASE-00047991-LEGALEASE-00047992 |
| Landon v. Jarvis, 255 Ill. App. 3d 439 | 307A+685 | Motion to dismiss raising affirmative matter affords parties and court means of disposing of issues of law or of easily proved facts at the onset of case; if defects are not apparent on face of pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. Ill.Rev.Stat.1991, ch. 110, P 2-619. | Can affidavits be employed to bring to light affirmative matters which would bar litigation if defects are not apparent on face of pleadings? | 025426.docx | LEGALEASE-00158080-LEGALEASE-00158081 |
| Gardner v. Hollifield, 96 Idaho 609 | 302+354 | If affirmative defense is not disclosed by complaint itself defense may not be raised by motion to dismiss except for matters outside the pleading are presented to and not excluded by court, in which case, the motion shall be treated as one for summary judgment. Rules of Civil Procedure, rule 12(b)(6). | Can an affirmative defense be raised by motion to dismiss if it is not disclosed by complaint? | Pretrial Procedure - Memo # 10794 - C - NS_63661.docx | ROSS-003280535-ROSS-003280536 |
| Croft v. Young, 188 So. 2d 859 | 302+354 | Affirmative defenses may not be asserted as grounds for motion to dismiss complaint, even though availability of defense as bar to action may appear on face of complaint. 30 F.S.A. Rules of Civil Procedure, rule 1.8(d). | Can affirmative defenses be asserted even though availability of defense as bar to action may appear on face of complaint? | 025473.docx | LEGALEASE-00158470-LEGALEASE-00158471 |
| Cornell v. Ripka, 897 N.W.2d 801 | 307A+699 | When the non-moving party on a motion to vacate a dismissal is able to present the same evidence and call the same witnesses as he would have had the original judgment not been entered, no substantial prejudice has occurred, as required to vacate a dismissal. Minn. R. Civ. P. 60.02. | "When the non-moving party on a motion to vacate a dismissal is able to present the same evidence and call the same witnesses, has no substantial prejudice occurred?" | Pretrial Procedure - Memo # 10806 - C - BP_63673.docx | ROSS-003279197 |
| Gugello v. Select Specialty Hosp.-Tulsa, 143 P.3d 519 | 307A+699 | When ruling on a motion to vacate a judgment of dismissal, trial courts should be mindful of the policy favoring the deciding of legal controversies on their merits, and if the order results in dismissal with prejudice, the court must take a closer look at the circumstances. | Should trial courts be mindful of the policy favoring the deciding of legal controversies on their merits? | Pretrial Procedure - Memo # 10819 - C - PC_64082.docx | ROSS-003295972 |
| Atkinson v. Elk Corp., 109 Cal. App. 4th 739 | 307A+690 | In the absence of express statutory authority, a trial court may, under certain circumstances, invoke its limited, inherent discretionary power to dismiss claims with prejudice. | "Can a trial court invoke its limited, inherent discretionary power to dismiss claims with prejudice?" | 025677.docx | LEGALEASE-00158196-LEGALEASE-00158197 |
| Doe v. Visionaire Corp., 13 S.W.3d 674 | 30+78(4) | Dismissal without prejudice may operate to preclude a party from bringing another action for the same cause and may be res judicata of what the judgment actually decided, as exception to general rule that dismissal without prejudice is not final and appealable. | "Is a dismissal without prejudice not a final judgment and, therefore cannot be appealed?" | Pretrial Procedure - Memo # 10929 - C - TM_63697.docx | ROSS-003296676-ROSS-003296677 |
| Cornelius v. CJ Morrill, 302 S.W.3d 176 | 307A+675 | A pleader may literally plead himself out of court, and when facts constituting a defense appear affirmatively on the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. | Will the defense be interposed by motion to dismiss without the necessity of a specific motion or answer? | 025934.docx | LEGALEASE-00158248-LEGALEASE-00158249 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fuller Family Holdings v. N. Tr. Co., 371 Ill. App. 3d 605 | 307A+679 | An action will be dismissed based on defects or defenses which avoid or defeat claims if, after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, the trial court finds that no set of facts can be proved upon which relief could be granted. S.H.A. 735 ILCS 5/2-619. | Would relief be granted if the court finds that no set of facts can be proved? | Pretrial Procedure - Memo # 11095 - C - DA_63752.docx | ROSS-003292228-ROSS-003292229 |
| Missner v. Clifford, 393 Ill. App. 3d 751 | 307A+680 | When reviewing a motion to dismiss, the circuit court must determine whether the motion and the documents supporting it disclose any disputed issues of fact and, ultimately, whether the affirmative defense negates the plaintiff's cause of action in its entirety. S.H.A. 735 ILCS 5/2-619(a)(9). | What should the court determine when reviewing a motion to dismiss? | Pretrial Procedure - Memo # 11098 - C - DA_63755.docx | ROSS-003291933-ROSS-003291934 |
| Tyler v. Gibbons, 368 Ill. App. 3d 126 | 307A+561.1 | An involuntary dismissal motion raises certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law. S.H.A. 735 ILCS 5/2-619. | Will an involuntary dismissal motion raise certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law? | 025960.docx | LEGALEASE-00158286-LEGALEASE-00158287 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Juvenile court's function in deciding motion for special findings which would permit juvenile to file application for adjustment of status as a special immigrant juvenile (SIJ) is limited in scope: court must determine whether, under state law, juvenile is under age 21, unmarried, dependent upon court through order of placement or other court order, whether reunification with one or both parents is not possible due to abuse, neglect, or abandonment, and whether it would be contrary to juvenile's best interest to be returned to his or her previous country of nationality, and court need not determine any other issues, such as juvenile's motivation in moving for required findings, whether allowing particular child to remain in the country might pose threat to public safety, or whether United States Customs and Immigration Services (USCIS), the federal agency charged with enforcing immigration laws, may or may not grant juvenile's application for adjustment of status as a SIJ. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); 8 C.F.R. S 204.11(c). | Should a juvenile court be concerned with whether the juvenile application constitutes a potential misuse of SIJS provisions? | 006852.docx | LEGALEASE-00160460-LEGALEASE-00160461 |
| Lehndorff Geneva v. Warren, 74 Wis. 2d 369 | 24+120 | Once Congress and the executive have exercised powers of immigration and naturalization, aliens lawfully within country have a right to enter and abide in any state in the union on an equality of legal privileges with all citizens under nondiscriminatory laws. | Do aliens have a right to enter any State in the Union on an equality of legal privileges with all citizens? | 006906.docx | LEGALEASE-00160099-LEGALEASE-00160100 |
| Michigan Hosp. Serv. v. Sharpe, 339 Mich. 357 | 217+1001 | If there is no hazard or peril, as contemplated by statute defining insurance, but a mere contract entitling certificate holders to medical services or supplies at reduced rates, contract is not one of "insurance". Comp.Laws 1948, S 550.501 et seq. | Does a contract entitling certificate holders to medical services or supplies at free or reduced rates amount to insurance? | Insurance - Memo 56 - SNJ_64332.docx | ROSS-003293127-ROSS-003293128 |
| Bailey v. B. F. Coggins Granite & Marble Indus., 192 Ga. 72 | 302+17 | Essential facts giving rise to cause of action must be pleaded directly and positively, and, although the facts not within complainant's personal knowledge may in certain instances be charged upon information and belief, it must nevertheless be charged as a fact. | Should facts be pleaded directly and positively? | 023842.docx | LEGALEASE-00159325-LEGALEASE-00159326 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cino v. Hopewell Twp. Gov't, 715 A.2d 1242 | 307A+697 | To remove judgment of non pros, petitioner must demonstrate to trial court's satisfaction that petition to open was promptly filed, provide reasonable explanation for delay, and demonstrate existence of facts to support cause of action. | "In order to remove a judgment of non pros, what should a party have?" | Pretrial Procedure - Memo 11326 - C - KI_64262.docx | ROSS-003295767-ROSS-003295768 |
| Wheeler v. Eftink, 507 S.W.3d 598 | 307A+583 | While exercising sound judicial discretion, trial courts have an inherent power to dismiss a case for failure to prosecute with due diligence. | "Do courts have an inherent power to dismiss a case for failure to prosecute with due diligence, while exercising sound judicial discretion?" | 040366.docx | LEGALEASE-00160487-LEGALEASE-00160488 |
| Ackerman v. Sobol Family P'ship, LLP, 298 Conn. 495 | 308+38 | The principal can properly give notification of the termination of the agent's apparent authority by giving publicity by some method reasonably adapted to give the information to such third person. Restatement (Second) of Agency S 136(3). | Can a principal give notification of the termination of the agent's authority by any method reasonably adapted to give the information to such third person? | Principal Agent- Memo 25- AM_64480.docx | ROSS-003282890-ROSS-003282891 |
| Wallace Berrie & Co. v. State Bd. of Equalization, 40 Cal. 3d 60 | 371+3603 | Sales and use taxes are mutually exclusive but complementary, and designed to exact equal tax based upon percentage of purchase price of property in question. | "Are the two taxes, sales and use designed to exact an equal tax based on a percentage of the purchase price of the property in question?" | 046215.docx | LEGALEASE-00159805-LEGALEASE-00159806 |
| Arborwood Idaho v. City of Kennewick, 151 Wash. 2d 359 | 371+3602 | An assessment is a valid excise tax if (1) the obligation to pay an excise tax is based upon the voluntary action of the person taxed in performing the act, enjoying the privilege, or engaging in the occupation which is the subject of the excise tax, and (2) the element of absolute and unavoidable demand is lacking. | When is an assessment a valid excise tax? | 046239.docx | LEGALEASE-00159856-LEGALEASE-00159857 |
| Spritzer v. United States, 968 F. Supp. 206 | 135H+25 | Penalties imposed under False Claims Act (FCA) are civil and do not constitute "punishment," and thus, imposition of civil penalties subsequent to court order of restitution does not facially violate Fifth Amendment's double jeopardy clause, though in rare case civil penalty may be so disproportionate to damages caused as to constitute "punishment." U.S.C.A. Const.Amend. 5. | "Are penalties imposed under the False Claims Act civil and do not constitute ""punishment""?" | 015194.docx | LEGALEASE-00160600-LEGALEASE-00160601 |
| Valona v. United States, 919 F. Supp. 1260 | 135H+25 | Forfeiture of money and items of value intended to be furnished in exchange for drugs is not a punishment for double jeopardy purposes because no property right exists in such property. U.S.C.A. Const.Amend. 5; Comprehensive Drug Abuse Prevention and Control Act of 1970, S 511(a)(6), 21 U.S.C.A. S 881(a)(6). | Is the forfeiture of money and items of value intended to be furnished in exchange for drugs not a punishment for double jeopardy purposes because no property right exists in such property? | 015572.docx | LEGALEASE-00160682-LEGALEASE-00160683 |
| Jason O. v. Manhattan Sch. Dist. No. 114, 173 F. Supp. 3d 744 | 141E+862 | The reasonably calculated standard for determining whether an individualized education program (IEP) is valid, under IDEA, by being reasonably calculated to enable the child to receive educational benefits by responding to all significant facets of the student's disability both academic and behavioral, means likely to produce progress, not regression or trivial educational advancement, and the requisite degree of such progress varies depending upon the student's abilities. Individuals with Disabilities Education Act S 614, 20 U.S.C.A. S 1414(d). | Must an Individualized Education Plan (IEP) be reasonably calculated to enable a child to receive benefits? | 017183.docx | LEGALEASE-00160965-LEGALEASE-00160966 |
| Frangis v. Duquesne Light Co., 232 Pa. Super. 420 | 307A+699 | In passing on motion to remove judgment of compulsory nonsuit, plaintiff must be given benefit of all evidence favorable to him, together with all reasonable inferences of fact arising from evidence and all conflicts in evidence must be resolved in favor of plaintiff. | "In passing on motion to remove judgment of compulsory nonsuit, should a plaintiff be given a benefit of all evidence favorable to him?" | Pretrial Procedure - Memo 11218 - C - TM_65253.docx | ROSS-003292234-ROSS-003292235 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moore v. Gannon, 178 So. 2d 618 | 307A+699 | The good cause necessary under statute to reinstate a suit dismissed for failure to prosecute must essentially be made to appear by petition for reinstatement. F.S.A. S 45.19. | Should the good cause necessary under statute to reinstate a suit dismissed for failure to prosecute essentially be made to appear by petition for reinstatement? | Pretrial Procedure - Memo 11461 - C - SKG.docx | LEGALEASE-00051012-LEGALEASE-00051013 |
| Dobroslavic v. Bexar Appraisal Dist., 397 S.W.3d 725 | 307A+583 | Plaintiffs received adequate notice of trial court's intent to dismiss for want of prosecution either under the rules of civil procedure for failure to comply with time standards established by the Texas Supreme Court or under the trial court's inherent authority, where the trial court clerk's notice did not make dismissal contingent on plaintiffs' failure to make an announcement, and the notice expressly stated that plaintiffs' case had been "on file for an extended period of time," that it had "not been prosecuted," that "the court (was) of the opinion that in accordance with the Supreme Court guidelines" the case should be "specially set for dismissal," and that the case would be dismissed "unless good and sufficient cause" was "shown for (its) retention on the docket." Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(2). | "Once prima facie case of lack of notice is established under a rule extending time to set aside dismissal for want of prosecution, does failure to hold a hearing and make a finding constitute abuse of discretion?" | 040039.docx | LEGALEASE-00161389-LEGALEASE-00161390 |
| City of McAllen v. Ramirez, 875 S.W.2d 702 | 307A+581 | Cumulative remedies provision in rule governing dismissal for want of prosecution and reinstatement is limited to other viable procedures and remedies which are not inherently inconsistent with procedures set forth in rule itself. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4. | Is the cumulative remedies provision in a rule governing dismissal for want of prosecution and reinstatement limited to other viable procedures and remedies which are not inherently inconsistent? | 040090.docx | LEGALEASE-00160941-LEGALEASE-00160942 |
| Ellmossallamy v. Huntsman, 830 S.W.2d 299 | 307A+697 | Motion to reinstate provides dismissed plaintiff the opportunity to explain failure to prosecute with due diligence and ask trial court to reconsider its decision to dismiss. | Does a motion to reinstate provide a dismissed plaintiff the opportunity to explain the failure to prosecute with due diligence? | 040100.docx | LEGALEASE-00161122-LEGALEASE-00161123 |
| Willis v. Columbus Med. Ctr., 306 Ga. App. 331 | 307A+590.1 | Dismissal resulting from failure to meet statutory requirement of obtaining a written order signed by the trial court and filing it with the clerk within five years is mandatory and leaves the trial court without discretion to reinstate the case. West's Ga.Code Ann. SS 9-2-60(b), 9-11-41(e). | Does an automatic dismissal due to a fact that no written order is taken for a period of five years result as a matter of law and the court has no discretion to order action reinstated? | 040104.docx | LEGALEASE-00161223-LEGALEASE-00161224 |
| McKane Family Ltd. P'ship v. Sacajawea Family Ltd. P'ship, 211 So. 3d 117 | 307A+695 | A party's failure to comply with a statute's pleading requirement that a pre-suit demand be made is not necessarily fatal, and the demand may be made post-suit and alleged in an amended complaint. | Is a party's failure to comply with a statute's pleading requirement that a pre-suit demand be made not necessarily fatal? | 040115.docx | LEGALEASE-00161421-LEGALEASE-00161422 |
| Delia & Wilson v. Wilson, 448 So. 2d 621 | 307A+695 | A dismissal with prejudice should not be ordered without giving party offering the defective pleading an opportunity to amend unless it is clear that pleading cannot be amended so as to state a cause of action. | Should a dismissal with prejudice not be ordered without giving the party an opportunity to amend unless it is clear the pleading cannot be amended? | 040232.docx | LEGALEASE-00161667-LEGALEASE-00161668 |
| City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750 | 307A+695 | If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. | "When the plaintiff's pleadings show a lack of jurisdiction, is the proper remedy to allow the plaintiff an opportunity to amend before dismissing?" | Pretrial Procedure - Memo 11613 - C - TJ_65350.docx | ROSS-003292255-ROSS-003292256 |
| Henderson v. Blalock, 465 S.W.3d 318 | 307A+583 | A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) the Rules of Civil Procedure; and (2) the trial court's inherent authority to manage its own docket. Tex. R. Civ. P. 165. | Does a court's power to dismiss a case for want of prosecution stem from the Rules of Civil Procedure? | 040376.docx | LEGALEASE-00160523-LEGALEASE-00160524 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jenkins v. Tucker, 18 So. 3d 265 | 307A+583 | Trial courts have the inherent authority to dismiss cases for lack of prosecution as a means of controlling the court's docket and ensuring the orderly expedition of justice. Rules Civ.Proc., Rule 41(b). | Is the authority inherent to the courts to dismiss an action for lack of prosecution necessary as a means to the orderly expedition of justice and the court's control of its own docket? | 040391.docx | LEGALEASE-00160618-LEGALEASE-00160619 |
| Fox v. Wardy, 225 S.W.3d 198 | 30+3206 | The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. | Can the decision to dismiss a case for want of prosecution rest within the sound discretion of the trial court? | Pretrial Procedure - Memo 11728 - C - SHS_65464.docx | ROSS-003279525 |
| McComas v. Ross, 368 S.C. 59 | 30+3206 | Whether an action should be dismissed for failure to prosecute is left to the discretion of the trial court judge, and his decision will not be disturbed, except upon a clear showing of an abuse of discretion. | Is the question of whether an action should be dismissed for failure to prosecute left to the discretion of the trial court judge? | 040469.docx | LEGALEASE-00161211-LEGALEASE-00161212 |
| Smith v. McKee, 145 S.W.3d 299 | 307A+583 | The common law vests the trial court with the inherent power to dismiss independently of the rules of civil procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a court possess the inherent power to dismiss a case for want of prosecution independently of the rules of procedure? | 040475.docx | LEGALEASE-00161243-LEGALEASE-00161244 |
| Stein v. Maryland State Police, 62 Md. App. 702 | 307A+583 | Decision whether a case ought to be dismissed for lack of prosecution generally rests in the sound discretion of the trial judge. Md.Rule 530. | Does the decision whether a case ought to be dismissed for lack of prosecution generally rest in the sound discretion of the trial judge? | Pretrial Procedure - Memo 11794 - C - NC_65471.docx | ROSS-003280149-ROSS-003280150 |
| Peretzman v. Borochoff, 58 Ga. App. 838 | 8.30E+10 | A bill or note is controlled, not necessarily by the law of the place where it is written, signed, or dated, but by the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorsee, or where the last act essential to its completion was done. | "Does the law of the place where a bill is written, signed or dated control it?" | Bills and Notes - Memo 1336 - RK_66239.docx | ROSS-003323760-ROSS-003323761 |
| Thomas v. Layton, 324 S.W.3d 150 | 289+568(3) | The managing partner owes the duty to keep an accurate account of his transactions with or for the partnership; if he fails to do so, all doubts with respect to particular items will ordinarily be resolved against him on an accounting. | "If a managing partner fails to keep an accurate account, do all doubts respecting particular items get resolved against him on accounting?" | 022720.docx | LEGALEASE-00162412-LEGALEASE-00162413 |
| Pine Twp. Water Co. v. Felmont Oil Corp., 425 Pa. Super. 473 | 307A+698 | In order to open non pros judgment, three factors must be satisfied, (1) petition to open must be promptly filed, (2) delay must be reasonably explained, and (3) facts must be shown to exist which support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | "Before a court can grant petition to open judgment non pros, should there be a reasonable explanation or excuse for default?" | 040594.docx | LEGALEASE-00162336-LEGALEASE-00162337 |
| Young v. United States, 94 Fed. Cl. 671 | 34+136 | Board of Veterans' Appeals possesses jurisdiction to adjudicate claims for the recovery of separation pay deducted from veteran's disability compensation. 10 U.S.C.A. S 1174(h)(2); 38 U.S.C.A. SS 511(a), 7104. | Does the Board of Veterans' Appeals possess jurisdiction to adjudicate claims for the recovery of separation pay deducted from veteran's disability compensation? | 008859.docx | LEGALEASE-00163932-LEGALEASE-00163933 |
| Porter v. State, 935 N.E.2d 1228 | 135H+132.1 | Under the Indiana Constitution, categories of double jeopardy bar conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished, as well as conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. West's A.I.C. Const. Art. 1, S 14. | Do categories of double jeopardy bar an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished? | 014854.docx | LEGALEASE-00163990-LEGALEASE-00163991 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re P.S., 175 Ill. 2d 79 | 135H+25 | Civil in rem forfeiture action is not "punishment" for purposes of double jeopardy clause, and therefore, may be pursued independently of criminal action based on same underlying misconduct. U.S.C.A. Const.Amends. 5, 14. | Can civil in rem forfeiture action be pursued independently of a criminal action based on a same underlying misconduct? | 015138.docx | LEGALEASE-00163447-LEGALEASE-00163448 |
| Creighton v. Hall, 310 F.3d 221 | 135H+96 | If defendant requests or consents to mistrial, "manifest necessity" standard does not apply, and Double Jeopardy Clause ordinarily will not bar retrial, even though the request/consent to mistrial is in response to prosecutorial or judicial error. U.S.C.A. Const.Amend. 5. | "If defendant requests or consents to mistrial, does the ""manifest necessity"" standard not apply?" | 015247.docx | LEGALEASE-00163119-LEGALEASE-00163120 |
| Gilliam v. Foster, 75 F.3d 881 | 135H+96 | If criminal proceeding is terminated by mistrial without final resolution of guilt or innocence, defendant may be retried in certain circumstances, and when defendant seeks or consents to grant of mistrial, double jeopardy clause does not bar his later retrial; however, when defendant opposes grant of mistrial, he may not be retried unless there was manifest necessity for grant of mistrial or failure to grant mistrial would have defeated ends of justice. U.S.C.A. Const.Amend. 5. | "If a criminal proceeding is terminated by mistrial without final resolution of guilt or innocence, can a defendant be retried in certain circumstances?" | 015287.docx | LEGALEASE-00162899-LEGALEASE-00162900 |
| Snow v. Fowler, 662 So. 2d 1295 | 135H+99 | Absent manifest necessity for mistrial and absent defendant's consent to mistrial, defendant's double jeopardy privilege necessarily bars defendant's retrial in the cause after mistrial has been declared. U.S.C.A. Const.Amend. 5. | "Absent manifest necessity for mistrial and absent defendant's consent to mistrial, does a defendant's double jeopardy privilege necessarily bar a defendant's retrial in the cause after mistrial has been declared?" | Double Jeopardy - Memo 302 - C - PC_66596.docx | ROSS-003280247-ROSS-003280248 |
| Belveal v. Rambo, 1971 OK CR 260 | 135H+95.1 | As to jury trial, before jeopardy attaches, defendant must be put on trial before court of competent jurisdiction, indictment or information must be sufficient to sustain conviction, jury must have been sworn, and discharge of jury must have been without defendant's consent. | "Before jeopardy attaches, should a defendant be put on trial before a court of competent jurisdiction?" | 015425.docx | LEGALEASE-00163587-LEGALEASE-00163588 |
| State v. Cornelious, 258 S.W.3d 461 | 135H+95.1 | Generally, if the trial court declares a mistrial without the defendant's request for or consent to a mistrial, the double jeopardy clause bars retrial of the defendant. U.S.C.A. Const.Amend. 5. | "If the trial court declares a mistrial without the defendant's request for or consent to a mistrial, does the double jeopardy clause bar retrial of the defendant?" | Double Jeopardy - Memo 378 - C - KI_66980.docx | ROSS-003280265-ROSS-003280266 |
| Walker v. Com., 2007 WL 2404508 | 135H+100.1 | Because an acquittal functions to terminate jeopardy, subjecting a defendant to post-acquittal factfinding proceedings going to guilt or innocence violates double jeopardy. U.S.C.A. Const.Amend. 5; Const. S 13. | "Because an acquittal functions to terminate jeopardy, does subjecting a defendant to post-acquittal fact-finding proceedings going to guilt or innocence violate double jeopardy?" | 015588.docx | LEGALEASE-00162941-LEGALEASE-00162942 |
| State v. Martinez, 120 N.M. 677 | 203+528 | Specific intent to inflict great bodily harm is sufficient to support a murder conviction, but a second degree attempted murder charge requires proof of specific intent to kill. | Is specific intent to inflict great bodily harm considered sufficient to support a murder conviction? | Homicide - Memo 170 - RK_66913.docx | ROSS-003294398-ROSS-003294399 |
| Dawkins v. Com., 186 Va. 55 | 110+24 | "Malice" inheres in the doing of a wrongful act intentionally or without just cause or excuse, or as a result of ill will, and it may be directly evidenced by words or inferred from acts and conduct which necessarily result in injury. | "Does malice inherein the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will?" | 019417.docx | LEGALEASE-00164024-LEGALEASE-00164025 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kennedy v. Bd. of Sup'rs of Warminster Twp., 243 Pa. Super. 46 | 307A+697 | Requirements that must be met before judgment of non pros may be opened are: petition to open judgment should be timely filed; default must be reasonably explained or excused; and facts constituting grounds for cause of action should be alleged. Pa.R.C.P. No. 1037(a), 42 P.a.C.S.A. | "Before a judgment of non pros can be opened, should the petition to open to be timely filed?" | Pretrial Procedure - Memo 11877 - C - TM_66673.docx | ROSS-003294491-ROSS-003294492 |
| Haefner v. Sprague, 343 Pa. Super. 342 | 307A+699 | In situations in which claimants seek to reactivate complaints which were dismissed for unreasonable inactivity, it must be shown that the petition for reactivation is timely filed, the reason for inactivity must be reasonably explained, and facts constituting meritorious cause of action must be alleged. | "In order to show good cause to reactivate a complaint which has been terminated for unreasonable inactivity, should a petitioner show that a petition for reactivation is timely filed?" | Pretrial Procedure - Memo 11985 - C - SHB.docx | LEGALEASE-00053645-LEGALEASE-00053646 |
| Barazi v. Eckoldt, 180 S.W.3d 507 | 307A+583 | Although trial courts have the inherent authority to dismiss a case for failure to prosecute with due diligence, the decision must be made within the exercise of sound judicial discretion. | "Does a court have the inherent authority, in its discretion, to dismiss a case for failure to prosecute?" | 040885.docx | LEGALEASE-00163877-LEGALEASE-00163878 |
| In re Purdy, 490 B.R. 530 | 349A+10 | Under Arizona law, if alleged lease is not terminable by lessee and one or more statutorily enumerated conditions is present, then document is a security agreement per se, and court's analysis ends. A.R.S. S 47-1203. | "If an alleged lease is not terminable by lessee and one or more statutorily enumerated conditions is present, then is a document a security agreement per se?" | Secured Transactions - Memo 20 - C - VA_67963.docx | ROSS-003281700-ROSS-003281701 |
| Mansfield v. State, 29 A.3d 569 | 135H+7 | Because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Will the constitutional protection embrace the defendant's valued right if jeopardy is attached before the judgment becomes final? | Double Jeopardy - Memo 1000 - C - PC_67617.docx | ROSS-003280269-ROSS-003280270 |
| Sallee v. State, 785 N.E.2d 645 | 135H+30 | Indiana's double jeopardy clause is violated when there is conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. West's A.I.C. Const. Art. 1, S 14. | Is double jeopardy clause violated when there is conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished? | Double Jeopardy - Memo 1214 - C - RF_67546.docx | ROSS-003292631-ROSS-003292632 |
| Attorney Gen. of Texas, on Behalf of State of Wash. v. Rideaux, 838 S.W.2d 340 | 307A+583 | Trial court has inherent power and authority to dismiss lawsuit for party's failure to prosecute suit with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the trial court have inherent power and authority to dismiss lawsuit for party's failure to prosecute suit with due diligence? | Pretrial Procedure - Memo 12103 - C - PB_67392.docx | ROSS-003280373-ROSS-003280374 |
| Specie v. Howerton Elec. Co., 344 S.W.2d 314 | 413+52 | Definitions of words employer and employee, as well as whole of Workmen's Compensation Law, should be broadly and liberally construed to effectuate legislative intent to afford compensation to employees. Sections 287.020, 287.030 RSMo 1949, V.A.M.S. | "In Workmens Compensation law, how should the definition of employee be construed by the courts?" | 048800.docx | LEGALEASE-00164665-LEGALEASE-00164666 |
| State v. Fennell, 431 Md. 500 | 135H+7 | Jeopardy attaches when the jury is empaneled and sworn, and thus, the defendant's right to be free from double jeopardy embraces also his right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Will the defendant's right to be free from double jeopardy also embrace his right to have his trial completed by a particular tribunal? | 014621.docx | LEGALEASE-00165271-LEGALEASE-00165272 |
| State v. Harris, 104 P.3d 1250 | 135H+59 | Double jeopardy provisions in both the federal and state constitutions generally prohibit the state from making repeated attempts to convict an individual for the same offense after jeopardy has attached, which in jury trials occurs after a jury has been selected and sworn. U.S.C.A. Const.Amends. 5, 14; West's U.C.A. Const. Art. 1, S 12. | What does the double jeopardy provisions in both the federal and state constitutions generally prohibit? | Double Jeopardy - Memo 1061 - C - VA_67983.docx | ROSS-003279158-ROSS-003279159 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Carr, 172 Conn. 458 | 135H+95.1 | Appellate courts are particularly wary of claims that a trial court erred in failing to declare a mistrial sua sponte, because double jeopardy clause generally bars retrial if a judge declares a mistrial in a criminal case without the defendant's request or consent. U.S.C.A. Const.Amend. 5. | Are appellate courts wary of claims that a trial court erred in failing to declare a mistrial sua sponte in a criminal case? | 016026.docx | LEGALEASE-00165748-LEGALEASE-00165749 |
| Hoyle v. Ada Cty., 501 F.3d 1053 | 135H+100.1 | Under the Fifth Amendment, a verdict of acquittal is final, ending a defendant's jeopardy, and even when not followed by any judgment, is a bar to a subsequent prosecution for the same offense. U.S.C.A. Const.Amend. 5. | "Is a verdict of acquittal final, ending a defendant's jeopardy, and is a bar to a subsequent prosecution for the same offense even when not followed by any judgment?" | Double Jeopardy - Memo 690 - C - KI_67903.docx | ROSS-003297400-ROSS-003297401 |
| Ex Parte Huddlestun, 505 S.W.3d 646 | 135H+99 | Despite the general prohibition against jeopardy-based trials, there are two exceptions when a criminal defendant may be tried a second time without violating double-jeopardy principles if the prosecution ends prematurely as the result of a mistrial, including (1) if the criminal defendant consents to retrial or (2) there was a manifest necessity to grant a mistrial; these exceptions exist because of the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded and because those circumstances do not invariably create unfairness to the accused. U.S. Const. Amend. 5. | Can a defendant be put in jeopardy by the state twice? | 016086.docx | LEGALEASE-00165833-LEGALEASE-00165834 |
| People v. Smith, 128 Misc. 2d 733 | 135H+100.1 | Where proof at trial falls below prescribed standard for conviction, accused is entitled to an acquittal and cannot constitutionally be thereafter tried on the charge; statutes, to extent that they could be construed to the contrary, are constitutionally unenforceable. U.S.C.A.Const. Amends. 5, 14; Const. art. 1, S 6; CPL 40.20, 280.20, 310.60, subd. 2, 360.55, 440.10, subd. 6, 470.55. | "Where proof at trial falls below prescribed standard for conviction, is an accused entitled to an acquittal and cannot constitutionally be thereafter tried on the charge?" | 016145.docx | LEGALEASE-00165891-LEGALEASE-00165892 |
| United States v. Hunt, 212 F.3d 539 | 135H+100.1 | An appeal is not barred on double jeopardy grounds simply because a ruling in favor of a defendant is based upon facts outside the face of the indictment; rather, a defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged. U.S.C.A. Const.Amend. 5. | Is an appeal not barred on double jeopardy grounds simply because a ruling in favor of a defendant is based upon facts outside the face of the indictment? | Double Jeopardy - Memo 734 - C - SB_68050.docx | ROSS-003296971-ROSS-003296972 |
| Nelson v. State Acc. Ins. Fund, 43 Or. App. 155 | 135H+60.1 | In order for Mississippi's Double Jeopardy Clause to apply, the accused must first suffer an actual acquittal or conviction on the merits of the offense. West's A.M.C. Const. Art. 3, S 22. | "In order for state's Double Jeopardy Clause to apply, should the accused first suffer actual acquittal or conviction on merits of offense?" | Double Jeopardy - Memo 740 - C - SB.docx | LEGALEASE-00055285-LEGALEASE-00055286 |
| Nelson v. State Acc. Ins. Fund, 43 Or. App. 155 | 135H+60.1 | In order for Mississippi's Double Jeopardy Clause to apply, the accused must first suffer an actual acquittal or conviction on the merits of the offense. West's A.M.C. Const. Art. 3, S 22. | "In order for state's Double Jeopardy Clause to apply, should the accused first suffer actual acquittal or conviction on merits of offense?" | 016167.docx | LEGALEASE-00165918-LEGALEASE-00165919 |
| United States v. One 1988 Prevost Liberty Motor Home, 952 F. Supp. 1180 | 135H+25 | In rem civil forfeiture is remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute punishment under Double Jeopardy Clause. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. S 981(a)(1)(A). | "Is in rem civil forfeiture a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines?" | Double Jeopardy - Memo 751 - C - VP_67756.docx | ROSS-003283067-ROSS-003283068 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Nenadich, 689 F. Supp. 285 | 135H+98 | Double jeopardy clause poses no per se bar to retrial of defendant, where mistrial is declared because of failure of jury to reach verdict; however, because Fifth Amendment guaranty against double jeopardy incorporates doctrine of collateral estoppel, double jeopardy clause will, in certain circumstances, bar introduction of particular evidence at second trial. U.S.C.A. Const.Amend. 5. | Is the doctrine of collateral estoppel incorporated in the Fifth Amendment guaranty against double jeopardy? | 016284.docx | LEGALEASE-00165607-LEGALEASE-00165608 |
| Mansfield v. United States, 800 F. Supp. 2d 84 | 135H+1 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | What are the three protections afforded by the double jeopardy clause? | Double Jeopardy - Memo 908 - C - SHB_67697.docx | ROSS-003281063-ROSS-003281064 |
| Pompa v. State, 787 S.W.2d 585 | 135H+7 | Once jeopardy attaches, which occurs in nonjury trial when first witness is sworn or judge begins to receive evidence, defendant possesses valued right to have his guilt or innocence determined before first trier of fact, though there are exceptions to rule, as when defendant consents to retrial or retrial is mandated by some form of manifest necessity. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | Does the jeopardy attach when the first witness is sworn in a non-jury trial? | 016639.docx | LEGALEASE-00165465-LEGALEASE-00165466 |
| People v. Barnum, 217 P.3d 908 | 135H+59 | By time defendant was adjudicated a habitual criminal, the statute had been amended so that such adjudications were to be decided by the court, and therefore, jeopardy did not attach as to the habitual criminal counts when jury was sworn for trial of the substantive charges, and instead, jeopardy would not have attached until after the first prosecution witness was sworn, and because no witness had yet been sworn in the habitual criminal proceeding and no exhibits had been admitted when the trial court dismissed the charges, jeopardy had not yet attached, and therefore, trial court's reinstatement of habitual criminal charges against defendant did not violate protections against double jeopardy. West's C.R.S.A. SS 18-1-301(1)(d), 18-1.3-803(1); West's C.R.S.A. Const. Art. 2, S 18. | Why would jeopardy not be attached when court dismissed charges against defendants? | 016641.docx | LEGALEASE-00165471-LEGALEASE-00165472 |
| Maydon v. State, 141 S.W.3d 851 | 135H+95.1 | As a general rule, after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a retrial if the jury is discharged without reaching a verdict. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | "After a jury has been impaneled and sworn, does double jeopardy bar a retrial if the jury is discharged without reaching a verdict?" | 015637.docx | LEGALEASE-00166130-LEGALEASE-00166131 |
| Love v. Morton, 112 F.3d 131 | 135H+99 | Mistrials declared with defendants' consent do not bar later prosecution and, even without their consent, defendants may be retried when, taking all circumstances into consideration, there is manifest necessity for mistrial, or the ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 5. | Does a mistrial not bar further proceedings if there was a manifest necessity for declaring one? | 015944.docx | LEGALEASE-00166303-LEGALEASE-00166304 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gentry v. State Farm Mut. Auto. Ins. Co., 726 F. Supp. 2d 1160 | 13+27(1) | Under California law, although a claim for breach of the implied covenant of good faith and fair dealing generally sounds in contract, in the insurance context, such a claim also sounds in tort. | Does a claim for breach of the implied covenant of good faith and fair dealing generally sound in contract? | Action - Memo 958 - C _1ZglnsxHX4zuPGpBBBXn T-KJZ8_Ys8rYu.docx | ROSS-000000043-ROSS-000000044 |
| Arceneaux v. State Farm Fire & Cas. Co, 2009 WL 959948 | 13+27(1) | While a Louisiana statute imposed a duty of good faith and fair dealing on insurers, the duty did not exist separate and apart from the insurer's contractual obligations. Therefore, the statute did not provide an insured's son with an independent wrongful death claim against a homeowners' insurer based on an allegation that the insured's death by heart attack was substantially contributed to by the extreme and emotional stress and strain placed upon her by the insurer due to its alleged arbitrary and capricious claims handling process. LA R.S. S 22:1973. | "While a statute imposed a duty of good faith and fair dealing on insurers, does the duty exist separate and apart from the insurer's contractual obligations?" | Action - Memo 980 - C _1gCY1o6eD0H4X3NYcns S-yXUfA8RVeK2r.docx | ROSS-000000084-ROSS-000000085 |
| U.S. Commodity Futures Trading Comm'n v. Hunter Wise Commodities, 1 F. Supp. 3d 1311 | 83H+2 | The Commodity Exchange Act is a remedial statute that serves the crucial purpose of protecting the innocent individual investor, who may know little about the intricacies and complexities of the commodities market, from being misled or deceived. Commodity Exchange Act, S 1 et seq., 7 U.S.C.A. S 1 et seq. | Is the Commodity Exchange Act a remedial statute to protect the innocent individual investor? | 013601.docx | LEGALEASE-00167043-LEGALEASE-00167044 |
| Adkins v. Bordenkircher, 517 F. Supp. 390 | 135H+95.1 | At common law, questions of double jeopardy normally arose after conviction or acquittal but, under the Constitution, jeopardy attaches prior to judgment and double jeopardy protections are implicated when trial is terminated without a verdict. U.S.C.A.Const. Amends. 5, 14. | "At common law, do questions of double jeopardy normally arise after conviction or acquittal?" | Double Jeopardy - Memo 558  - C - SK_68337.docx | ROSS-003279176-ROSS-003279177 |
| United States v. Sisk, 629 F.2d 1174 | 135H+95.1 | Where a trial judge's uninvited error gives rise to juror prejudice, the judge may not discharge the jury and subject defendants to a second trial. U.S.C.A.Const. Amend. 5. | "Where a trial judge's uninvited error gives rise to juror prejudice, can the judge not discharge the jury and subject defendants to a second trial?" | 015798.docx | LEGALEASE-00166541-LEGALEASE-00166542 |
| In re Allied Sign Co., 280 B.R. 694 | 349A+10 | Under Alabama law, fact that Chapter 7 debtor was responsible for insurance on equipment was evidence that debtor was more than a lessee of equipment, but it was not determinative of whether parties intended a true lease of sale with retained security interest; under Alabama law, transaction does not create security interest merely because it requires alleged "lessee" to assume risk of loss or to agree to pay insurance. | Does a transaction not create security interest merely because it requires an alleged lessee to assume risk of loss or to agree to pay insurance? | Secured Transactions - Memo 104 - C - SHB_68620.docx | ROSS-003279068-ROSS-003279069 |
| In re JII Liquidating, 341 B.R. 256 | 349A+10 | Under Illinois law, court's focus in distinguishing true lease from disguised security agreement is on economic realities of transaction, rather than on parties' intent. S.H.A. 810 ILCS 5/1-201(37). | Is a court's focus in distinguishing a true lease from a disguised security agreement on economic realities of a transaction? | 042865.docx | LEGALEASE-00167031-LEGALEASE-00167032 |
| Mayor & City Council of Baltimore ex rel. Bd. of Police of City of Baltimore, 15 Md. 376 | 371+2016 | The power to levy taxes may be delegated by the Legislature to commissioners, or any other agents, and when the Legislature provides for a tax by any agency whatever, it is, in contemplation of the Constitution, the act the people. | "Can the power to levy taxes be delegated by the Legislature and when the Legislature provides for a tax by any agency whatever, it is, in contemplation of the Constitution, the act of the people?" | Taxation - Memo 1380 - C - MV_68667.docx | ROSS-003280892-ROSS-003280893 |
| Davis v. Farmers Ins. Grp. of Companies, 86 Mich. App. 45 | 241+1 | Statutes of limitations and notice provisions have different objectives; statutes of limitations are intended to prevent stale claims and put an end to fear of litigation while notice provisions are designed to provide time to investigate and to appropriate funds for settlement purposes. | How are notice provisions different from the statute of limitation? | 03659.docx | LEGALEASE-00077211-LEGALEASE-00077212 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Klay v. All Defendants, 389 F.3d 119 | 25T+112 | Determination of propriety of motion to compel arbitration under Federal Arbitration Act (FAA) is two-step inquiry; first step is to determine whether parties agreed to arbitrate dispute, and second step involves deciding whether legal constraints external to parties' agreement foreclosed arbitration. Employee Retirement Income Security Act of 1974, S 2 et seq., 29 U.S.C.A. S 1001 et seq.; 9 U.S.C.A. S 4. | hat is the two-step inquiry when determining the propriety of a motion to compel arbitration under Federal Arbitration Act (FAA)? | 04295.docx | LEGALEASE-00078185-LEGALEASE-00078187 |
| Standard Meat Co. v. Taco Kid of Springfield, 554 S.W.2d 592 | 195+27 | Although contemporaneous agreements dealing with same subject matter may be construed together as an aid in ascertaining intention of parties, this does not mean that those agreements constitute a single contract, for liability of guarantor remains primarily dependent upon guaranty contract. | Will a guaranty contract contain express conditions on the guarantors liability? | 04309.docx | LEGALEASE-00078214-LEGALEASE-00078215 |
| Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713 | 366+1 | The "equitable subrogation doctrine" allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. | "Does the ""equitable subrogation doctrine"" allow one who involuntarily pays another's debt to seek repayment of that debt? " | 06463.docx | LEGALEASE-00084341-LEGALEASE-00084342 |
| Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989 | 95+175(1) | Under Illinois law, contracts are interpreted according to the "four corners" rule, under which an agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it; intention must be determined by the language used and is not to be changed by extrinsic evidence. | What is the significance and purpose of the four corners rule under the US Law? | Bills And Notes-Negotiability-Memo 29-AM.docx | ROSS-003311590-ROSS-003311592 |
| DRFP L.L.C. v. Republica Bolivariana de Venezuela, No. 16-3960, 2017 WL 3635530 | 8.30E+282 | The Ohio Uniform Commercial Code (UCC) defines a "negotiable instrument," in relevant part, as an unconditional promise to pay a fixed amount of money that (1) is payable to bearer, (2) is payable on demand or at a definite time, and (3) may contain the power to give, maintain, or protect collateral to secure payment. | "Under the US Law, what are the essentials for a document to qualify as a negotiable instrument? " | 05199.docx | LEGALEASE-00084953-LEGALEASE-00084954 |
| DRFP L.L.C. v. Republica Bolivariana de Venezuela, No. 16-3960, 2017 WL 3635530 | 8.30E+282 | The Ohio Uniform Commercial Code (UCC) defines a "negotiable instrument," in relevant part, as an unconditional promise to pay a fixed amount of money that (1) is payable to bearer, (2) is payable on demand or at a definite time, and (3) may contain the power to give, maintain, or protect collateral to secure payment. | "Under the US Law, what are the essentials for a document to qualify as a negotiable instrument?  " | 06520.docx | LEGALEASE-00085081-LEGALEASE-00085082 |
| Johnson v. Allis Chalmers Corp., 162 Wis. 2d 261 | 307A+563 | Dismissal will be granted for failure to obey pretrial orders or to comply with procedural statutes and rules only in extreme circumstances or in cases of egregious conduct. | Will a dismissal be granted for failure to obey pretrial orders or to comply with procedural statutes and rules only in extreme circumstances? | 10863.docx | LEGALEASE-00094605-LEGALEASE-00094606 |
| Doe No. 3 v. Nur-Ul-Islam Acad., 217 So. 3d 85 | 307A+561.1 | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss; otherwise an affirmative defense may not be considered on motion to dismiss a complaint. Fla. R. Civ. P. 1.110(d). | "Can a defense be considered on motion to dismiss, if the face of the complaint contains allegations which demonstrate the existence of an affirmative defense? " | 11228.docx | LEGALEASE-00094715-LEGALEASE-00094716 |
| Gambino v. Standard Fire Ins. Co., 12-474 (La. App. 5 Cir. 2/21/13) | 13+70 | A "step" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution is a formal action before the trial court intended to hasten judgment or is the taking of formal discovery. LSA-C.C.P. art. 561. | "Is a ""step"" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution a formal action before the trial court intended to hasten judgment or is the taking of formal discovery?  " | 10059.docx | LEGALEASE-00095371-LEGALEASE-00095372 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Fahle's Estate,90 Ohio App. 195 | 277+2 | The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained, and wherever from competent evidence the trier of facts is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is "actual". | What is the distinction between actual notice and constructive notice? | 000280.docx | LEGALEASE-00115704-LEGALEASE-00115706 |
| Klay v. All Defendants, 389 F.3d 119 | 25T+112 | Determination of propriety of motion to compel arbitration under Federal Arbitration Act (FAA) is two-step inquiry; first step is to determine whether parties agreed to arbitrate dispute, and second step involves deciding whether legal constraints external to parties' agreement foreclosed arbitration. Employee Retirement Income Security Act of 1974, S 2 et seq., 29 U.S.C.A. S 1001 et seq.; 9 U.S.C.A. S 4. | What is the two-step inquiry when determining the propriety of a motion to compel arbitration under Federal Arbitration Act (FAA)? | Alternative Dispute Resolution - Memo 60-JS.docx | ROSS-003285290-ROSS-003285292 |
| Matter of Cavalier Homes of Georgia, 102 B.R. 878 | 366+7(1) | Under Georgia law, reimbursement means simply right to be repaid, while subrogation entitles guarantor to take place of creditor and to have creditor's rights against principal and any security held by creditor; reimbursement is not synonymous with subrogation. | "Does reimbursement mean the right to be repaid, while subrogation entitles guarantor to take place of creditor and to have creditor's rights against principal and any security held by a creditor?" | 044012.docx | LEGALEASE-00121433-LEGALEASE-00121434 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. | Does a motion in limine permit a party to obtain an order prohibiting comment concerning inadmissible evidence during closing argument? | 037186.docx | LEGALEASE-00125400-LEGALEASE-00125401 |
| Slater v. Varney, 136 W. Va. 406 | 316P+131 | A candidate who is ineligible or disqualified to hold office at time of election, in order to occupy it, must remove his disqualification at or before commencement of term of office to which he was elected according to election returns. | Does a candidate who is ineligible or disqualified to hold the office at the time of the election have to remove his disqualification before the commencement of the term of office to which he was elected? | 013513.docx | LEGALEASE-00128020-LEGALEASE-00128021 |
| Georgiades v. Di Ferrante, 871 S.W.2d 878 | 307A+501 | Plaintiff has absolute and unqualified right to take nonsuit upon timely motion so long as defendant has not made claim for affirmative relief. | " Is the plaintiff's right to take a nonsuit unqualified and absolute, as long as the defendant has not made a claim for affirmative relief?" | 038597.docx | LEGALEASE-00128190-LEGALEASE-00128191 |
| In re Cowles' Will, 22 A.D.2d 365 | 307A+510 | If defendant or respondent has valid interest in having action or proceeding continue for determination of issues presented by him, he may resist proposed discontinuance as to him, and matter then rests in sound discretion of court which may protect party's interests by refusing discontinuance. CPLR S 1003; Rule 3217. | Can the courts deny discontinuance to protect the interests of the parties? | 038894.docx | LEGALEASE-00128332-LEGALEASE-00128333 |
| Parker v. S. Farm Bureau Cas. Ins. Co., 326 Ark. 1073 | 307A+331 | Motion for production of documents must be considered in light of particular circumstances which give rise to it, and need of movant for information requested. | "Should a motion for production of documents be considered in light of particular circumstances which give rise to it, and need of movant for information requested?" | 027297.docx | LEGALEASE-00131117-LEGALEASE-00131118 |
| Starling v. Union Pac. R. Co., 22 S.W.3d 213 | 307A+517.1 | Under court rule that allows a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial, even if motions are pending, the circuit court loses jurisdiction to take any further action to rule on those motions as of the date that the plaintiff dismisses the lawsuit. V.A.M.R. 67.02(a). | Will a rule allow a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial? | 028358.docx | LEGALEASE-00132688-LEGALEASE-00132689 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Blumberg v. Dornbusch, 139 N.J. Super. 433 | 307A+74 | Use of videotape in conjunction with deposition should not be rejected as part of pretrial discovery or trial procedure unless some rule expressly precludes it. R. 4:14-3(b). | Should the use of videotape in conjunction with deposition not be rejected as part of a pretrial discovery or trial procedure unless some rule expressly precludes it? | 031921.docx | LEGALEASE-00137940-LEGALEASE-00137941 |
| Marin v. IESI TX Corp., 317 S.W.3d 314 | 302+16 | Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. | Does the fair-notice standard consider whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy? | Pleading - Memo 379 - RMM.docx | ROSS-003289243-ROSS-003289244 |
| Neal v. Hall, 28 So. 2d 131 | 13+68 | A court has inherent power to enforce its lawful orders, and generally the penalty visited upon a litigant for not complying with court's order that has to do with procedure is a stay of proceedings or dismissal of the suit as of non-suit. | Is the penalty visited upon a litigant for not complying with court's order that has to do with procedure a stay of proceedings or dismissal of the suit as of non-suit? | 035118.docx | LEGALEASE-00146126-LEGALEASE-00146127 |
| Cudd v. Larson, 117 Wis. 103 | 200+181 | Rev.St.1898, S 1347b, as amended by chapter 197, Laws 1899, requires the owner or operator of a steam engine on any public highway in any town to signal, and stop it, when approached within 15 rods in either direction by a team, or person riding or driving any animal, and desiring to pass such engine, and to render all proper assistance to enable such team or persons to pass in safety. Held, the requirements of the statute apply only where the team, or person riding or driving the animal, is approaching the engine with the desire of passing it, and not where such team or person is standing still. | What is the owner or person in charge of the engine on any public highway required to do when the engine is approached within fifteen rods? | 019043.docx | LEGALEASE-00147080-LEGALEASE-00147081 |
| Nelson v. Blacker, 701 P.2d 135 | 307A+590.1 | Motion to dismiss for failure to prosecute should not be granted if plaintiff resumes the diligent prosecution of his claim, even though, at some prior period of time, he may have been guilty of gross negligence. | Should a motion to dismiss for failure to prosecute be granted if a plaintiff resumes the diligent prosecution of his claim? | Pretrial Procedure - Memo # 7476 - C - DHA_57516.docx | ROSS-003283832-ROSS-003283833 |
| State v. Bryant, 110 So. 3d 1191 | 352H+13 | The elements of forcible rape are: (1) anal or vaginal sexual intercourse regardless of degree of penetration; (2) lack of consent of the victim; (3) a victim who was prevented from resisting by force or threat of physical violence; and (4) a victim who reasonably believed that resistance would not prevent the rape. LSA-R.S. 14:42.1. | Is lack of consent an essential element of forcible rape? | 043001.docx | LEGALEASE-00147864-LEGALEASE-00147865 |
| Kauffman v. Kauffman, 93 Cal. App. 2d 808 | 34+63 | United States war risk insurance is a contract made in pursuance of federal statute and must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private companies. National Life Insurance Act of 1940, SS 601-618, 38 U.S.C.A. SS 101, 701 et seq. | Are the only relations of contract under a policy issued pursuant to War Risk Insurance between the government and the insured? | 008737.docx | LEGALEASE-00148002-LEGALEASE-00148003 |
| State v. Smith, 10 R.I. 258 | 3.77E+10 | The terroristic-threats statute is not intended to authorize grave sanctions against the kind of verbal threat which expresses transitory anger which lacks the intent to terrorize. M.S.A. S 609.713. | Is the terroristic threats statute intended to authorize grave sanctions against threats which express transitory anger which lacks the intent to terrorize? | 046850.docx | LEGALEASE-00150470-LEGALEASE-00150471 |
| Abar v. Rogers, 23 Cal. App. 3d 506 | 200+80 | Owner of land subject to an easement for a public highway has a remedy for damages, injunction or ejectment for any encroachment on his property rights therein. | "Does the owner of land subject to an easement for a public highway have remedies for damages, injunction, and ejectment or for an encroachment on his property right?   " | 019089.docx | LEGALEASE-00150526-LEGALEASE-00150527 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Freeman v. Stephens Prod. Co., 171 S.W.3d 651 | 156+12 | "Estoppel by deed" stands for the general proposition that all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law. | Does estoppel by deed stand for the general proposition that all parties to a deed are bound by the recitals therein? | 017972.docx | LEGALEASE-00150582-LEGALEASE-00150583 |
| Lomelo v. Schultz, 422 So. 2d 1050 | 302+67 | Motion to dismiss raises question of sufficiency of facts alleged to state cause of action and complaint need not anticipate affirmative defenses. | "In order to defeat a motion to dismiss, should a complaint only state facts sufficient to indicate that a cause of action exists and need not anticipate affirmative defenses?" | 038102.docx | LEGALEASE-00153427-LEGALEASE-00153428 |
| Williams v. Getty, 31 Pa. 461 | 308+148(5) | If the principal holds out the agent to the world as a general agent in the transaction of his business, any contract made by him within the scope of that business will bind the principal, although there may be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract is made has no notice of such restriction. | Would the principal be bound if there is a restriction in general authority and the person with whom the contract was made had no notice? | 041620.docx | LEGALEASE-00155667-LEGALEASE-00155668 |
| Mason v. Connell, 1 Whart. 381 | 289+927 | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | Can a partner admit a new member to the partnership without the consent of the other partners? | 022580.docx | LEGALEASE-00158514-LEGALEASE-00158515 |
| Cino v. Hopewell Twp. Gov't, 715 A.2d 1242 | 307A+697 | To remove judgment of non pros, petitioner must demonstrate to trial court's satisfaction that petition to open was promptly filed, provide reasonable explanation for delay, and demonstrate existence of facts to support cause of action. | " In order to remove a judgment of non pros, what should a party have?" | 039816.docx | LEGALEASE-00159391-LEGALEASE-00159392 |
| Herold v. Hughes, 141 W. Va. 182 | 200+80 | Grant of an easement for public road purposes includes all rights and privileges necessary or convenient to use of the public in travel or transportation of properties of all kinds over, under or along public highways. Code, 17-4-8, 17-16-6. | Does the grant of an easement for public road purposes include all rights and privileges necessaryto the use of the public in travel? | 018805.docx | LEGALEASE-00161707-LEGALEASE-00161708 |
| Haefner v. Sprague, 343 Pa. Super. 342 | 307A+699 | In situations in which claimants seek to reactivate complaints which were dismissed for unreasonable inactivity, it must be shown that the petition for reactivation is timely filed, the reason for inactivity must be reasonably explained, and facts constituting meritorious cause of action must be alleged. | "In order to show good cause to reactivate a complaint which has been terminated for unreasonable inactivity, should a petitioner show that a petition for reactivation is timely filed" | 040743.docx | LEGALEASE-00163151-LEGALEASE-00163152 |
| Intech Metals v. Meyer, Wagner & Jacobs, 2016 PA Super 299, 153 A.3d 406 | 307A+581 | To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; second, the plaintiff must have no compelling reason for the delay; finally, the delay must cause actual prejudice to the defendant. | Can judgment of non pros be entered where there has been no compelling reason for the delay? | Pretrial Procedure - Memo # 8570 - C - VA_59366.docx | ROSS-003282301-ROSS-003282302 |
| Poteet v. Sauter, 136 Md. App. 383 | 366+1 | Subrogation is founded upon the equitable powers of the court, is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another, and is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person. | Is subrogation intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another? | Subrogation - Memo # 542 - ANG C.docx | ROSS-003283721-ROSS-003283723 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Richmond Health Facilities v. Nichols, 811 F.3d 192 | 360+18.15 | State rule is preempted by Federal Arbitration Act (FAA) (1) when state law prohibits outright arbitration of particular type of claim, and (2) when doctrine normally thought to be generally applicable is alleged to have been applied in fashion that disfavors arbitration, if state law rule would have disproportionate impact on arbitration agreements. 9 U.S.C.A. S 1 et seq. | In what specific situations will the FAA pre-empt a state rule? | Alternative Dispute Resolution - Memo 334 - RK.docx | ROSS-003283902-ROSS-003283903 |
| State ex rel. Utilities Comm'n v. Town of Kill Devil Hills, 194 N.C. App. 561 | 317A+102 | The several provisions of the public utilities statutes must be construed together so as to accomplish its primary purpose that the public is entitled to adequate service at reasonable rates. | Should public utilities statutes be construed together to accomplish its primary purpose of providing adequate service at a reasonable charge? | Public Utilities - Memo 45 - JS.docx | ROSS-003284087-ROSS-003284088 |
| In re Olson, 355 B.R. 649 | 366+1 | Under Tennessee law, "subrogation" is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. | "Is subrogation the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt?" | Subrogation - Memo # 414 - C - SA.docx | ROSS-003284270-ROSS-003284271 |
| Chadron Energy Corp. v. First Nat. Bank of Omaha, 236 Neb. 173 | 366+1 | "Subrogation" is substitution of one person in place of another with reference to lawful claim, demand, or right, so that the one who is substituted succeeds to rights of other in relation to debt or claim and its rights, remedies, or securities. | "Does subrogation involve substitution of one person in place of another with reference to lawful claim, demand, or right?" | Subrogation - Memo 250 - VG C.docx | ROSS-003285241-ROSS-003285243 |
| Agnew v. Shaw, 355 Ill. App. 3d 981 | 307A+3 | Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence; generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, so long as the trial court exercises its discretion within the bounds of the law. | When is an order in limine considered an abuse of the trial court's discretion? | Pretrial Procedure - Memo # 883 - C - KA.docx | ROSS-003285248-ROSS-003285249 |
| Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1164 | 221+342 | Act of state issues only arise when court must decide, that is, when outcome of case turns upon, effect of official action by foreign sovereign. | Do act of state issues only arise when the outcome of the case turns upon the effect of official action by foreign sovereign? | International Law - Memo # 198 - C - MLS.docx | ROSS-003285420-ROSS-003285421 |
| Chicago Exhibitors Corp. v. Jeepers! of Illinois, 376 Ill. App. 3d 599 | 307A+3 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence, and, generally, the Appellate Court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion. | Is a motion in limine addressed to the trial court's inherent power to admit or exclude evidence? | Pretrial Procedure - Memo # 424 - C - SSB.docx | ROSS-003285542-ROSS-003285543 |
| Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | "When disputed evidence is admissible for any reason, does trial court abuse its discretion in denying a motion in limine?" | Pretrial Procedure - Memo # 884 - C - KA.docx | ROSS-003286171-ROSS-003286172 |
| Rosicrucian Fellowship v. Rosicrucian Fellowship Nonsectarian Church, 39 Cal. 2d 121 | 13+65 | In action in nature of equitable proceeding, court may consider facts as they existed at time of trial so that interest of justice may be subserved. | "In action in nature of equitable proceeding, may a court consider facts as they existed at time of trial so that interest of justice may be subserved?" | Action - Memo # 723 - C - NC.docx | ROSS-003286319-ROSS-003286320 |
| Rathbun v. Health Net of the Ne., 315 Conn. 674 | 366+1 | In its simplest form, "subrogation" allows a party who has paid a debt to step into the shoes of another, usually the debtee, to assume his or her legal rights against a third party to prevent that party's unjust enrichment. | Does subrogation allow a party who has paid a debt to step into the shoes of the debtee? | Subrogation - Memo 150 - VP C.docx | ROSS-003287864-ROSS-003287865 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Siroosian, 449 S.W.3d 920 | 307A+28 | The parties' interest in obtaining discovery solely for the purpose of impeachment of adverse party's expert witness must be weighed against the witness's legitimate interest in protecting unrelated financial information. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.3(e). | Should the parties' interest in obtaining discovery solely for impeachment be weighed against the witness's legitimate interest in protecting unrelated private information? | Pretrial Procedure - Memo # 5582 - C - MS.docx | ROSS-003288889 |
| Willener v. Sweeting, 107 Wash. 2d 388 | 307A+485 | Determination of costs associated with rule providing for reasonable expenses incurred in making proof of offending party's failure to admit, including reasonable attorney fees, is within bounds of trial court's discretion. CR 37(c). | Is determination of costs associated with rule providing for reasonable expenses incurred in making proof of offending party's failure to admit? | Pretrial Procedure - Memo # 4286 - C - NS.docx | ROSS-003289358-ROSS-003289359 |
| State v. Fennell, 431 Md. 500 | 135H+7 | Jeopardy attaches when the jury is empaneled and sworn, and thus, the defendant's right to be free from double jeopardy embraces also his right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Will the defendant's right to be free from double jeopardy also embrace his right to have his trial completed by a particular tribunal? | Double Jeopardy - Memo 1008 - C - DHA_67625.docx | ROSS-003292026-ROSS-003292027 |
| Nelson v. State Acc. Ins. Fund, 43 Or. App. 155 | 413+1165 | Benefits awarded under Workers' Compensation Law are purely statutory, and claimant must strictly follow prescribed procedures to recover. ORS 656.001 et seq.; ORS 656.319(1)(d), Laws 1969, c. 206. | Are benefits awarded under the workers' compensation law purely statutory and should a claimant strictly follow the prescribed procedures to recover under the law? | Workers Compensation - Memo #550 - C - ANC_58932.docx | ROSS-003293596-ROSS-003293597 |
| Tyler v. Gibbons, 368 Ill. App. 3d 126 | 307A+561.1 | An involuntary dismissal motion raises certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law. S.H.A. 735 ILCS 5/2-619. | Will an involuntary dismissal motion raise certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law? | Pretrial Procedure - Memo # 11099 - C - DA_63756.docx | ROSS-003296755-ROSS-003296756 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. | Does a motion in limine permit a party to obtain an order prohibiting comment concerning inadmissible evidence during closing argument? | Pretrial Procedure - Memo # 847 - C - KA.docx | ROSS-003297205-003297206 |
| Gray Holdco v. Cassady, 654 F.3d 444 | 25T+182(2) | Where the party moving for a preliminary injunction does so before filing for arbitration, it can avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future. | Can a party moving for a preliminary injunction avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future? | Alternative Dispute Resolution - Memo 839 - RK_59524.docx | ROSS-003297996-ROSS-003297997 |
| Shirk v. City of Lancaster, 313 Pa. 158 | 317A+113 | Where state constitutes commission with general powers of regulation over utilities, it includes all such bodies, municipal or otherwise, unless there is definite classification and exemption therefrom. | "Doesa state include all bodies, municipal or otherwise, while constituting a commission with general power of regulation over utilities?" | Public Utilities - Memo 234 - AM.docx | ROSS-003300235-ROSS-003300236 |
| McCoy v. Feinman, 99 N.Y.2d 295 | 241+55(3) | Legal malpractice claim accrues for limitations purposes when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court. McKinney's CPLR 214, subd. 6. | Does a legal malpractice claim accrue when all the facts necessary to the cause have occurred and the injured party can obtain relief in court? | Action - Memo #  219 - C - NO.docx | ROSS-003301656-ROSS-003301657 |
| In re Trask, 462 B.R. 268 | 366+1 | Under Maine law, equitable subrogation is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it. | Is equitable subrogation a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay? | Subrogation - Memo 153 ANG C.docx | ROSS-003311570-ROSS-003311572 |
| Kuwait Pearls Catering Co., WLL v. Kellogg Brown & Root Servs., 853 F.3d 173 | 221+342 | In deciding whether the act-of-state doctrine applies, courts must look not only to the acts of the named parties, but to any sovereign acts the validity of which would be called into question by adjudication of the action; the burden lies on the proponent of the doctrine to establish the factual predicate for its application. | "In deciding whether the act-of-state doctrine applies, should the courts look only to the acts of the named parties?" | International Law - Memo # 109 - C - LK.docx | ROSS-003311721-ROSS-003311722 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. Polsky, 796 S.E.2d 354 | 307A+3 | The trial court has wide discretion in making advance rulings on motions in limine regarding admissibility of evidence proposed to be introduced at trial. | Does the trial court have wide discretion in making advance rulings on motions in limine regarding  admissibility of evidence proposed to be introduced at trial? | Pretrial Procedure - Memo # 264 - C - MLS.docx | ROSS-003313578-ROSS-003313579 |
| AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 360+18.15 | In light of the preemptive effect of the Federal Arbitration Act (FAA), a court may not rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what the state legislature cannot. 9 U.S.C.A. S 2. | Can courts rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable? | Alternative Dispute Resolution - Memo 339 - RK.docx | ROSS-003314537-ROSS-003314539 |
| Lehndorff Geneva v. Warren, 74 Wis. 2d 369 | 24+120 | Once Congress and the executive have exercised powers of immigration and naturalization, aliens lawfully within country have a right to enter and abide in any state in the union on an equality of legal privileges with all citizens under nondiscriminatory laws. | Do aliens have a right to enter any State in the Union on an equality of legal privileges with all citizens? | "Aliens, Immigration and Citizenship - Memo 65 - RK_64799.docx" | ROSS-003318847-ROSS-003318848 |
| In re Pihl, 560 B.R. 1 | 366+1 | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | Does subrogation occur when one party steps into the shoes of the party who was owed the obligation for purpose of getting recompense for its payment? | Subrogation - Memo 123 - VP C.docx | ROSS-003323009-ROSS-003323011 |
| Access Telecom v. MCI Telecommunications Corp., 197 F.3d 694 | 221+388 | Fact that American courts routinely give deference to American agencies empowered to interpret American law and that American courts may give deference to foreign governments before the court does not entail that American courts must give deference to all agency determinations made by all foreign agencies not before the court. | Can American courts give deference to foreign governments prior to the court not entailing that American courts must give deference to all agency determinations made by all foreign agencies not before the court? | International Law - Memo  359 - SB.docx | ROSS-003324205-ROSS-003324207 |
| Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 366+1 | Object of equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, injustice, equity, and good conscience, should pay it. | Is subrogation an equitable doctrine which seeks to impose ultimate responsibility for a loss on one who in equity and good conscience should bear it? | Subrogation - Memo 305 - RM C.docx | ROSS-003325237-ROSS-003325238 |
| Dees v. Logan, 281 Ga. App. 837 | 307A+3 | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Should the judicial power be exercised with great care in the grant of a motion in limine excluding evidence because it forecloses the admission of the evidence at trial? | Pretrial Proceedure - Memo # 33 - C - TJ.docx | ROSS-003325747-ROSS-003325748 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | Right of "legal" or "equitable" subrogation arose as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice. | "Did the right of ""legal"" or ""equitable"" subrogation arise as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice?" | Subrogation - Memo # 530 - C - NO.docx | ROSS-003326299-ROSS-003326301 |
| United States v. Menendez, 137 F. Supp. 3d 709 | 63+1(1) | Under the stream of benefits doctrine, the bribery statute's quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. 18 U.S.C.A. S 201. | What is the stream of benefits doctrine in regards to bribery? | Bribery - Memo #711 - C - LB.docx | ROSS-003329154-ROSS-003329155 |
| In re Deepwater Horizon, 745 F.3d 157 | 16+4 | Courts typically assess jurisdiction under the OCSLA in terms of whether: (1) the activities that caused the injury constituted an operation conducted on the Outer Continental Shelf (OCS) that involved the exploration and production of minerals, and (2) the case arises out of, or in connection with, the operation. Outer Continental Shelf Lands Act, S 23(b)(1), 43 U.S.C.A. S 1349(b)(1). | How is jurisdiction assessed under The Outer Continental Shelf Lands Act? | 000046.docx | LEGALEASE-00115480-LEGALEASE-00115482 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Stamell, 252 B.R. 8 | 195+36(1) | Under rule of strictissimi juris, as applied under New York law to contracts of guaranty or surety, the liability of guarantors and obligations of sureties are strictly construed; they are held only to the express terms of their respective agreements, and their liability is strictly limited by terms, scope, and meaning of the agreement executed. | Can a guarantor or surety be held beyond the express terms of his contract? | Guaranty - Memo 2 - RM.docx | ROSS-003284759-ROSS-003284760 |
| Republic Steel Corp. v. Willis, 243 Ala. 127 | 413+1240 | The essential facts necessary to constitute "actual knowledge" by employer of accidental injuries sustained by employee which is equivalent of written notice of the accident, required by statute, is knowledge that employee received a specified injury in the course of his employment in or about a specified time at or near a certain place. Code 1940, Tit. 26, SS 294, 295. | What does the word actual knowledge mean in relation to notice? | Notice - Memo 7 - VP.docx | ROSS-003297766-ROSS-003297767 |
| Fooden v. Bd. of Governors of State Colleges & Universities, 48 Ill. 2d 580 | 228+186 | Where well alleged facts in affidavit in support of motion for summary judgment are not contradicted by affidavit, such allegations must be taken as true, notwithstanding existence of contrary averments in adverse party's pleadings which merely purport to establish bona fide issues of fact. S.H.A. ch. 110, S 57. | Can affidavits be a substitute to testimony? | 07324.docx | LEGALEASE-00077606-LEGALEASE-00077608 |
| Richardson v. Ry. Exp. Agency, 258 Or. 170 | 217+1814 | Character of contract of insurance cannot be concealed or changed by use or absence of word "insurance" and even fact that contract expressly states that it is not contract of insurance is not controlling; and courts will look beyond terminology used and will consider contract in its entirety to ascertain what parties intended to accomplish. | How do courts interpret the terminology of insurance contracts? | 000186.docx | LEGALEASE-00115600-LEGALEASE-00115601 |
| Fed. Sav. & Loan Ins. Corp. v. Urschel, 159 Kan. 674 | 322H+1157 | Under statute providing that no conveyance of realty shall be valid except as between the parties and as to those who have "actual notice" until deposited for record, actual notice may be express when it consists of knowledge actually conveyed, or it may be implied when it consists of knowledge of facts so informing that reasonably cautious person would be led by them to the ultimate fact. Gen.St.1935, 67-223. | How is actual notice classified under the law? | Notice -Memo 15 - VP.docx | LEGALEASE-00000640-LEGALEASE-00000642 |
| Home Owners' Loan Corp. v. Sears, Roebuck & Co., 123 Conn. 232 | 322H+1159 | That a person who has actual notice of equitable rights not of record is nevertheless bound to recognize them is the corollary of the principle that all persons dealing with realty are entitled to rely on land records as disclosing the true state of the title. | Is a party who has actual notice of equitable rights not of record bound to recognize them? | 003845.docx | LEGALEASE-00115778-LEGALEASE-00115779 |
| Fallarino v. Fallarino, 56 Misc. 3d 67 | 315+185 | Because the life tenant has the exclusive right to the property during his or her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy. | Does the remainderman or reversioner have a right to possession or any present right of enjoyment of the land during the term of the life tenant? | 004251.docx | LEGALEASE-00115992-LEGALEASE-00115994 |
| Envtl. Control Sys. v. Pollution Control Bd., 258 Ill. App. 3d 435 | 149E+673 | In order to avoid clear language of Supreme Court rule requiring filing of petition for review, party seeking review of Pollution Control Board (PCB) decision must show good-faith effort to comply with rules. Ill.Rev.Stat.1991, ch. 1111/212, P 1041. | Do parties seeking review of Pollution Control Board (PCB) decisions require a good faith effort to comply with the rules of their case? | Environmental Law - Memo 39 - AKA.doc | LEGALEASE-00002139-LEGALEASE-00002140 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kennerly v. Aro, 447 F. Supp. 1083 | 170A+2441 | It is contrary to spirit of rules for decisions on merits to be avoided on basis of mere technicalities and, hence, rules must be liberally construed to provide relief from onerous consequences of entry of a default. Fed.Rules Civ.Proc. rule 55(c), 28 U.S.C.A. | Is it entirely contrary to the spirit of the rules of civil procedure for decisions on the merits to be avoided on the basis of mere pleading technicalities? | 004450.docx | LEGALEASE-00116567-LEGALEASE-00116569 |
| Am. Farm Lines v. Black Ball Freight Serv., 397 U.S. 532 | 15A+1282 | It is always within discretion of court or administrative agency to relax or modify its procedural rules adopted for orderly transaction of business before it, when, in given case, the ends of justice require it, and such action is not reviewable except on showing of substantial prejudice to the complaining party. | Can an agency relax or modify its procedural rules in order to meet the ends of justice? | Environmental Law - Memo 32 - JS.docx | ROSS-003312450-ROSS-003312452 |
| Griffin v. State, 148 Ga. App. 311 | 203+1553 | When the question before the jury is whether an unlawful homicide occurred, and the jury finds that the killing was not justifiable or excusable, the jury must then determine the degree of the offense based upon the intent, if any, that the State proves existed at the time of the homicide. | Does intent at the time of the homicide determine the degree of offence? | 004570.docx | LEGALEASE-00116576-LEGALEASE-00116577 |
| Simmons Foods v. H. Mahmood J. Al-Bunnia & Sons Co., 634 F.3d 466 | 25T+112 | Order to arbitrate grievance should not be denied unless it may be said with positive assurance that arbitration clause is not susceptible of interpretation that covers asserted dispute; however, party who has not agreed to arbitrate dispute cannot be forced to do so. 9 U.S.C.A. SS 1-16. | Can a court deny an order to arbitrate a grievance if the asserted dispute is not covered? | 005223.docx | LEGALEASE-00116884-LEGALEASE-00116885 |
| New Jersey Shore Builders Ass'n v. Twp. of Jackson, 199 N.J. 449 | 414+1006 | Municipalities must exercise their powers relating to zoning and land use in a manner that will strictly conform with provisions of Municipal Land Use Law (MLUL). N.J.S.A. 40:55D-42. | Should municipalities exercise their powers relating to zoning and land use in a manner that will strictly conform with provisions of Municipal Land Use Law (MLUL)? | Zoning and Planning - Memo 28 - JS.docx | ROSS-003285667-ROSS-003285668 |
| People v. Poindexter, 138 Mich. App. 322 | 164T+8 | Elements of extortion are: (1) a communication, (2) threatening accusation of any crime or offense or any injury to the person or property or mother, father, husband, wife, or child of another, (3) with intent thereby to extort money or pecuniary advantage as to compel the person so threatened to do or refrain from doing an act against his will. M.C.L.A. S 750.213. | What are the elements of extortion? | 005072.docx | LEGALEASE-00117191-LEGALEASE-00117192 |
| Pierce v. Warner Bros Entm't, 237 F. Supp. 3d 1375 | 237+1 | Under Georgia law, defamation requires: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant at least amounting to negligence; and (4) special harm or the actionability of the statement irrespective of special harm. | Is unprivileged communication required in a defamation claim? | 000544.docx | LEGALEASE-00117289-LEGALEASE-00117290 |
| Mitchell v. Baltimore Sun Co., 164 Md. App. 497 | 386+1 | In order to prevail on a cause of action for trespass, the plaintiff must establish: (1) an interference with a possessory interest in his property; (2) through the defendant's physical act or force against that property; and (3) which was executed without his consent. | What must the plaintiff establish to prevail on a cause of action for trespass? | 000717.docx | LEGALEASE-00117543-LEGALEASE-00117544 |
| Bord v. Hillman, 335 Ga. App. 18 | 272+1675 | To establish proximate cause, a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury; the plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. | Is there a need to establish proximate cause in nuisance and trespass claims? | Trespass - Memo 26 - RK.docx | LEGALEASE-00004147-LEGALEASE-00004148 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Phillips v. Sun Oil Co., 307 N.Y. 328 | 386+2 | Trespass is an intentional harm, and while trespasser, to be liable, need not intend or expect damaging consequence of his intrusion, he must intend act which amounts to or produces unlawful invasion, and intrusion must at least be immediate or inevitable consequence of what he willfully does, or does so negligently as to amount to willfulness. | Does trespass require the intent to produce the damaging consequences? | 000750.docx | LEGALEASE-00117474-LEGALEASE-00117475 |
| Douglas v. Judge, 174 Mont. 32 | 92+2407 | When the legislature confers authority upon an administrative agency, it must lay down the policy or reasons behind the statute and also prescribe standards and guides for the grant of power which has been made to the agency. | What must the legislature do to lawfully confer authority upon an administrative agency? | Administrative Law - Memo 42 - RK.docx | LEGALEASE-00004499-LEGALEASE-00004501 |
| State v. John F.M., 285 Conn. 52 | 207+2 | Statute that prohibited sexual contact between persons related within certain degrees of kindred did not violate equal protection; statute applied equally to both opposite sex and same sex sexual contact when individuals were related within certain degrees of kindred. U.S.C.A. Const.Amend. 14; C.G.S.A. SS 53a-65(2), 53a-72a(a)(2). | Do statutes on incest which prohibit sexual intercourse between individuals who are related within certain degrees of kindred prohibit same sex relationships among related persons? | 000466.docx | LEGALEASE-00117863-LEGALEASE-00117864 |
| Benton v. State, 265 Ga. 648 | 92+3781 | Incest statute which prohibits intercourse between stepfather and child under age of consent does not arbitrarily draw class of individuals subject to punishment and is rationally related to legitimate government interest of protection of children and family unity; thus, statute does not violate state or federal equal protection clauses. U.S.C.A. Const.Amend. 14; Const. Art. 1, S 1, Pars. 1, 2; O.C.G.A. S 16-6-22. | Do incest statutes violate equal protection rights of persons? | 000792.docx | LEGALEASE-00117859-LEGALEASE-00117860 |
| Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042 | 170B+3053 | In determining whether parties have agreed to arbitrate dispute, federal court applies general state-law principles of contract interpretation, while giving due regard to federal policy in favor of arbitration by resolving ambiguities as to scope of arbitration in favor of arbitration. 9 U.S.C.A. S 1 et seq. | What laws do courts apply to contract disputes in arbitration proceedings? | 000989.docx | LEGALEASE-00117987-LEGALEASE-00117989 |
| Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809 | 25T+113 | Federal Arbitration Act is a statement of congressional intent to uphold private parties' arrangements for dispute resolution; thus, policies of the Act should be effectuated whenever possible and federal courts should rigorously enforce agreements to arbitrate. 9 U.S.C.A. SS 1-14. | What is the Congressional intent in enacting Federal Arbitration Act? | 000992.docx | LEGALEASE-00117990-LEGALEASE-00117992 |
| People v. Hubbard, 64 Cal. App. 27 | 203+708 | A defendant could be guilty of manslaughter though the shooting was accidental if the shot was fired in the commission of an unlawful act not amounting to a felony, or if the shot was fired in the commission of a lawful act if the defendant was using the weapon without due caution and circumspection, under Pen.Code, S 192, subd. 2. | Can a crime be committed by an otherwise lawful act performed without due caution? | Homicide - Memo 33 - RK.docx | LEGALEASE-00004950-LEGALEASE-00004951 |
| JMS Newberry v. Kaman Aerospace Corp., 149 Conn. App. 630 | 1.49E+22 | To prove causation in an action under the Connecticut Environmental Protection Act, plaintiff must show that the conduct of the defendant, acting alone, or in combination with others, has, or is reasonably likely unreasonably to pollute, impair or destroy the public trust in the air, water or other natural resources of the state. C.G.S.A. S 22a-16, 22a-17. | What must the plaintiff prove to establish a prima facie case under 22a16 of the General Statutes? | 000930.docx | LEGALEASE-00118247-LEGALEASE-00118248 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Drolet, 30 Cal. App. 3d 207 | 360+21(2) | Exercise of police power to enact laws to promote public health, safety, morals and welfare is a legitimate legislative function and courts do not sit as super-legislative bodies to determine desirability or propriety of statutes enacted by legislature. | Do penal statutes that proscribe illicit sexual contacts constitute proper exercise of the states police power? | 000945.docx | LEGALEASE-00118245-LEGALEASE-00118246 |
| CompuCredit Corp. v. Greenwood, 565 U.S. 95 | 25T+121 | Federal Arbitration Act (FAA) requires courts to enforce agreements to arbitrate according to their terms even when the claims at issue are federal statutory claims, unless the FAA's mandate has been overridden by a contrary congressional command. 9 U.S.C.A. S 2. | Can arbitration agreements be enforced when the claims at issue are federal statutory claims? | 001696.docx | LEGALEASE-00118740-LEGALEASE-00118742 |
| Johnson Controls v. City of Cedar Rapids, Iowa, 713 F.2d 370 | 25T+134(1) | Federal Arbitration Act was specifically enacted to reverse antiquated state rules of law that made arbitration agreements revocable at will any time prior to issuance of arbitration award, and thus, mandatory arbitration provision in contract governed by Arbitration Act was enforceable, regardless of whether state, at time contract was entered into, had public policy rendering executory arbitration agreements generally unenforceable. 9 U.S.C.A. S 4. | Does the enactment of Federal Arbitration Act (FAA) help to reverse antiquated state rules of law which made arbitration agreements revocable at will? | 001717.docx | LEGALEASE-00118762-LEGALEASE-00118764 |
| Harris v. Forklift Sys., 510 U.S. 17 | 78+1185 | Title VII's prohibition against discrimination with respect to "terms, conditions, or privileges of employment" based on race, color, religion, sex, or national origin is not limited to economic or tangible discrimination, but extends to entire spectrum of disparate treatment of men and women in employment, which includes requiring people to work in discriminatorily hostile or abusive environment. Civil Rights Act of 1964, SS 701 et seq., 703(a)(1), as amended, 42 U.S.C.A. SS 2000e et seq., 2000e-2(a)(1). | Does Title VII of the Civil Rights Act of 1964 makes it is unlawful for an employer to discriminate against any of his employees? | 001428.docx | LEGALEASE-00118949-LEGALEASE-00118950 |
| Shawnee Tribe v. United States, 311 F. Supp. 2d 1181 | 209+159 | In interpreting Indian treaties to determine if an Indian reservation has been terminated by ratification of a treaty between the United States and a tribe, the language used in treaties should never be construed to their prejudice; if words be made use of which are susceptible of a more extended meaning than their plain import, as connected with the tenor of the treaty, they should be considered as used only in the latter sense. | How should a treaty between the United States and an Indian tribe be interpreted? | 001775.docx | LEGALEASE-00118839-LEGALEASE-00118840 |
| Groat v. Town Bd. of Town of Glenville, 73 A.D.2d 426 | 249+1 | Administrative proceedings which require hearing and trial of issues on evidence and testimony under oath, with right of cross-examination, had sufficient attributes of judicial proceedings to be considered such for purposes of cause of action for malicious prosecution. Civil Service Law S 75; Town Law S 155. | Can administrative proceedings form the basis of a cause of action for malicious prosecution? | 001796.docx | LEGALEASE-00118871-LEGALEASE-00118872 |
| Zurich Am. Ins. Co. v. Superior Court for State of California, 326 F.3d 816 | 25T+114 | Although Federal Arbitration Act (FAA) represents federal policy to be vindicated by federal courts where otherwise appropriate, FAA does not suggest that state courts are less competent to give effect to its provisions. 9 U.S.C.A. S 1 et seq. | Are state courts competent to give effect to provisions of the Federal Arbitration Act (FAA)? | 002129.docx | LEGALEASE-00119089-LEGALEASE-00119091 |
| Murphy v. Canadian Imperial Bank of Commerce, 709 F. Supp. 2d 242 | 25T+114 | Federal Arbitration Act (FAA) compels judicial enforcement of a wide range of written arbitration agreements, and applies to agreements to arbitrate disputes arising out of employment in the securities industry. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) apply to agreements to arbitrate disputes arising out of employment in the securities industry? | 002139.docx | LEGALEASE-00119099-LEGALEASE-00119100 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cloverleaf Car Co. v. Phillips Petroleum Co., 213 Mich. App. 186 | 386+2 | Trespass is an unauthorized invasion upon private property of another; however, actor must intend to intrude at a place without authorization to do so and if intrusion was due to accident caused by negligence or abnormally dangerous condition, action for trespass is not proper. | hould intrusion be intentional to constitute trespass? | Trespass - Memo 56 - JS.docx | LEGALEASE-00007030-LEGALEASE-00007031 |
| Cloverleaf Car Co. v. Phillips Petroleum Co., 213 Mich. App. 186 | 386+2 | Trespass is an unauthorized invasion upon private property of another; however, actor must intend to intrude at a place without authorization to do so and if intrusion was due to accident caused by negligence or abnormally dangerous condition, action for trespass is not proper. | Should intrusion be intentional to constitute trespass? | 002316.docx | LEGALEASE-00119170-LEGALEASE-00119171 |
| Terre Aux Boeufs Land Co. v. J.R. Gray Barge Co, 803 So.2d 86 | 386+2 | Civil trespass is generally considered to be an intentional tort, requiring proof that the defendant took some intentional action that resulted in harm to the plaintiff. | Does the tort of civil trespass require the proof that the defendant took some intentional action that resulted in harm to the plaintiff to be qualified as an intentional tort? | 002326.docx | LEGALEASE-00119199-LEGALEASE-00119200 |
| Detrex Chem. Indus. v. Employers Ins. of Wausau, 681 F. Supp. 438 | 15A+1058 | Administrative board acts in judicial capacity when it hears evidence and witnesses, parties are given opportunity to brief and argue their versions of facts and present arguments, and parties are given opportunity to seek court review of any adverse findings. | When is an administrative agency said to have acted in judicial capacity? | Administrative Law - Memo 166 - RK.docx | ROSS-003310750-ROSS-003310751 |
| State v. Rooks, 130 Wash. App. 787 | 110+413.81(13) | In a homicide case, the corpus delicti rule, under which defendant's confession or admission is not admissible unless corroborating evidence establishes corpus delicti of offense, requires the State to present evidence independent of the defendant's confession to prove (1) the fact of death and (2) a causal connection between the death and a criminal act. | Does a causal connection between the death and a criminal act considered as an element of corpus delicti? | 001925.docx | LEGALEASE-00119611-LEGALEASE-00119612 |
| Vill. of Monsanto v. Touchette, 63 Ill. App. 2d 390 | 317A+101 | Purpose of Public Utilities Act is to maintain general control over operation of utilities to extent of preventing them from exacting unjust, unreasonable and discriminatory, rates, and to assure adequate service and fair opportunity to secure reasonable return. | What is the purpose of the Public Utilities Act (Act)? | 001959.docx | LEGALEASE-00119558-LEGALEASE-00119559 |
| Campbell v. Louisiana Intrastate Gas Corp., 528 So. 2d 626 | 317A+101 | "St. Julien Doctrine" provides method of acquiring utility servitudes without formal expropriation proceedings when utility has used private property in public interest in good faith and with landowner's consent or acquiescence for period of time. LSA-R.S. 19:14. | What is the St. Julien Doctrine concerning utility services? | 001975.docx | LEGALEASE-00119666-LEGALEASE-00119667 |
| Dickson v. Wojcik, 22 F. Supp. 3d 830 | 393+1411 | Any private remedy against a federal employee for a tort committed during the scope of his or her federal employment must be sought against the United States under the Federal Tort Claims Act (FTCA). 28 U.S.C.A. S 2679(b)(1). | "Is there any private remedy for a tort committed by a federal employee, while acting within the scope of his employment, against the United States under the Federal Tort Claims Act?" | 003264.docx | LEGALEASE-00119554-LEGALEASE-00119555 |
| In re Bevan, 327 F.3d 994 | 366+1 | Equitable subrogation is generally appropriate where (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | When is equitable subrogation appropriate? | 002536.docx | LEGALEASE-00119883-LEGALEASE-00119884 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mort v. United States, 86 F.3d 890 | 366+31(4) | Equitable subrogation is generally appropriate where subrogee made payment to protect his or her own interest, subrogee did not act as volunteer, subrogee was not primarily liable for debt paid, subrogee paid off entire encumbrance, and subrogation would not work any injustice to rights of junior lienholder. | When is equitable subrogation appropriate? | Subrogation - Memo 16 - VP.docx | ROSS-003285635-ROSS-003285636 |
| S. Cotton Oil Co. v. Napoleon Hill Cotton Co., 108 Ark. 555 | 366+1 | The doctrine of subrogation is an equitable one, having for its basis the doing of complete and perfect justice between the parties, without regard to form, and its purpose and object is the prevention of injustice. | Does the doctrine of subrogation have its basis in the doing of complete and perfect justice between the parties without regard to form? | Subrogation - Memo 32 - VP.docx | ROSS-003283661-ROSS-003283663 |
| In re Monaco, 514 B.R. 477 | 366+2 | Texas courts interpret the doctrine of equitable subrogation liberally and apply it in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by thelatter. | Do courts liberally apply the doctrine of equitable subrogation? | 14779.docx | LEGALEASE-00081975-LEGALEASE-00081976 |
| State Comp. Ins. Fund v. Riley, 9 Cal. 2d 126 | 15A+1051 | A public agency may employ special counsel to protect its rights, unless specifically prohibited by statute or charter, though it has specifically appointed attorney, if latter is not specifically charged with particular duty involved. | Can a public agency employ a special counsel to protect its rights? | Administrative Law - Memo 179 - RK.docx | ROSS-003282270-ROSS-003282272 |
| Agric. Labor Relations Bd. v. Superior Court, 16 Cal. 3d 392 | 15A+1101 | In discharging its delegated responsibilities, the choice between proceeding by general rule or by ad hoc adjudication lies primarily in the informed discretion of the administrative agency. | "While discharging delegated responsibilities, does an administrative agency have discretion to choose between proceeding by general rule or by ad hoc adjudication?" | Administrative Law - Memo 180 - RK.docx | ROSS-003285193-ROSS-003285195 |
| Agric. Labor Relations Bd. v. California Coastal Farms, 31 Cal. 3d 469 | 15A+1181 | In discharging its delegated responsibilities choice between proceeding by general rule or by ad hoc adjudication lies primarily in informed discretion of administrative agency. | "While discharging delegated responsibilities, does an administrative agency have discretion to choose between proceeding by general rule or by ad hoc adjudication?" | 002633.docx | LEGALEASE-00120163-LEGALEASE-00120165 |
| Morvant v. P.F. Chang's China Bistro, 870 F. Supp. 2d 831 | 360+18.15 | When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: the conflicting rule is displaced by the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | "When state law prohibits outright the arbitration of a particular type of claim, does the FAA displace the conflicting rule?" | 002688.docx | LEGALEASE-00120141-LEGALEASE-00120142 |
| Pub. Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. IDACORP Inc., 379 F.3d 641 | 317A+119.1 | "Filed rate doctrine," applied in a variety of contexts, is grounded in an agency's exclusive rate-setting authority and, at its most basic, provides that state law, and some federal law, such as antitrust law, may not be used to invalidate a filed rate nor to assume a rate would be charged other than the rate adopted by the federal agency in question. | Can courts use state and federal law to invalidate a filed rate under the filed rate doctrine? | 002708.docx | LEGALEASE-00120189-LEGALEASE-00120190 |
| Cincinnati, I. & W. Ry. Co. v. City of Connersville, 170 Ind. 316 | 148+2.1 | Neither a natural person nor a corporation can claim damages on account of being compelled to comply with a police regulation designed to secure the public health, safety, or welfare. | Can a natural person or a corporation claim damages on account of being compelled to render obedience to a police regulation? | 002718.docx | LEGALEASE-00120205-LEGALEASE-00120207 |
| Smith v. Campbell, 782 F.3d 93 | 249+34 | Under New York law, malicious prosecution suits require, as an element of the offense, the termination of the proceeding in favor of the accused, and the tort cannot stand unless the underlying criminal cases finally end in failure. | Is it necessary for the Plaintiff to show termination of the underlying suit in their favor to prevail on a claim for malicious prosecution? | 003366.docx | LEGALEASE-00120244-LEGALEASE-00120245 |
| S. Cotton Oil Co. v. Napoleon Hill Cotton Co., 108 Ark. 555 | 366+1 | The doctrine of subrogation is an equitable one, having for its basis the doing of complete and perfect justice between the parties, without regard to form, and its purpose and object is the prevention of injustice. | Does the doctrine of subrogation have its basis in the doing of complete and perfect justice between the parties without regard to form? | Subrogation - Memo 32 - VP.docx | LEGALEASE-00009290-LEGALEASE-00009292 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tr. Co. of Chicago v. City of Chicago, 408 Ill. 91 | 92+3902 | The constitutional declaration that private property shall not be taken for public use without just compensation or without due process of law is subordinated to interests of public welfare as expressed through exercise of state's police power. | Are the rights of private property subordinate to the higher demands of the public welfare? | Eminent Domain - Memo 106 - RK.docx | ROSS-003284293-ROSS-003284295 |
| Braun v. Flynt, 726 F.2d 245 | 360+4.1(2) | It is task of state to define standard of liability for defamation of private individual; states are not free, however, to impose liability without fault, nor are they free to award compensation greater than actual injury suffered by plaintiff. | Can the states impose liability without fault under the law of defamation? | Libel and Slander - Memo 145 - RK.docx | ROSS-003325510-ROSS-003325511 |
| Mort v. United States, 86 F.3d 890 | 366+2 | Equitable subrogation is broad equitable remedy, and therefore it applies whenever one person, not acting as mere volunteer or intruder, pays debt for which another is primarily liable, and which in equity and good conscience should have been discharged by latter. | Is equitable subrogation applied broadly? | Subrogation - Memo 143 - VP C.docx | ROSS-003322497-ROSS-003322498 |
| In re Monaco, 514 B.R. 477 | 366+2 | Texas courts interpret the doctrine of equitable subrogation liberally and apply it in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by thelatter. | Do courts interpret the doctrine of equitable subrogation liberally? | Subrogation - Memo 144 - VP C.docx | ROSS-003289477-ROSS-003289478 |
| State Farm Mut. Auto. Ins. Co. v. Johnson, 18 So. 3d 1099 | 366+1 | A cause of action for equitable subrogation arises where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | When does legal or equitable subrogation arise? | Subrogation - Memo 56 - RM C.docx | ROSS-003284378-ROSS-003284380 |
| S. Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17 | 366+1 | A right in equity to subrogation may arise by convention, or in other words, by way of a subrogation provision in a contract; however, it may also arise as legal or equitable subrogation, or in other words by operation of law based on facts giving rise to a right of subrogation. | Can subrogation rights arise by contract or by operation of law? | Subrogation - Memo 86 - RM C.docx | ROSS-003283895-ROSS-003283896 |
| State Farm Mut. Auto. Ins. Co. v. Johnson, 18 So. 3d 1099 | 366+1 | A cause of action for equitable subrogation arises where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | When does legal or equitable subrogation arise? | 003573.docx | LEGALEASE-00120363-LEGALEASE-00120365 |
| Ashlaw v. Racquette River Paper Co., 1 A.D.2d 69 | 249+49 | Where the fact of an indictment appears in the complaint itself in an action for malicious prosecution, and thus presents a presumption of probable cause, general allegations as to malice and lack of proper cause with respect to arrest and prosecution are not enough, and complaint must also allege specific facts to overcome the effect of the indictment. | Are general allegations sufficient to state a cause of action for malicious prosecution? | 003391.docx | LEGALEASE-00120762-LEGALEASE-00120763 |
| Friedman v. Dozorc, 412 Mich. 1 | 249+52 | Summary judgment in malicious prosecution action could be appropriately entered for failure to state claim on basis that plaintiff did not plead special injury. GCR 1963, 117.2(1). | Is summary judgment appropriate for failure to plead special injury for malicious prosecution action? | 003398.docx | LEGALEASE-00120771-LEGALEASE-00120772 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | Subrogation should be applied where justice, based on the dictates of equity and good conscience, demands its application, and where the rights of the one asking subrogation are more equitable in nature than those who oppose the subrogation. | "Should subrogation be applied where justice, based on the dictates of equity and good conscience, demands its application?" | Subrogation - Memo 110 - VP C.docx | ROSS-003325397-ROSS-003325398 |
| Bd. of Regents of State Colleges v. Roth, 408 U.S. 564 | 92+3874(3) | Property interests are not created by the Constitution; rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law, rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. U.S.C.A.Const. Amend. 14. | How are the property interests created and their dimensions defined under the takings law? | 017400.docx | LEGALEASE-00121272-LEGALEASE-00121273 |
| Anderson v. Moreno's Air Conditioning, 140 So. 3d 841 | 307A+2 | In regulating pretrial discovery, trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation, including the scope of discovery, and such discretion will not be disturbed on appeal absent a clear showing of abuse. | "In regulating pretrial discovery, do trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation?" | Pretrial Procedure - Memo # 1 - RM C.docx | ROSS-003311162-ROSS-003311163 |
| Poff v. Elkins, 2014 Ark. App. 663 | 307A+3 | A trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory, tentative, or preliminary in nature. | "Is a trial court's ruling on a motion in limine a final ruling on the admissibility of the evidence in question, but only interlocutory, tentative, or preliminary in nature?" | 026205.docx | LEGALEASE-00121222-LEGALEASE-00121223 |
| In re Olson, 355 B.R. 649 | 366+1 | Under Tennessee law, equitable or legal subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. | Is equitable or legal subrogation a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other? | Subrogation - Memo # 425 - C - SA.docx | ROSS-003284671-ROSS-003284672 |
| In re Olson, 355 B.R. 649 | 366+1 | Under Tennessee law, when deciding whether to employ subrogation as a remedy, the court should balance the equities involved, and the case must be "strong and clear." | "When deciding whether to employ subrogation as a remedy, should the court balance the equities involved, and must the case be ""strong and clear""?" | Subrogation - Memo # 468 - C - SA.docx | LEGALEASE-00011235-LEGALEASE-00011236 |
| Twin City Fire Ins. Co. v. Jones, 918 So. 2d 403 | 366+1 | The purpose of equitable subrogation is to prevent unjust enrichment by assuring that the person responsible for the debt ultimately answers for its discharge. | Is the purpose of equitable subrogation to prevent unjust enrichment by assuring that the person responsible for the debt ultimately answers for its discharge? | Subrogation - Memo # 498 - C - NO.docx | ROSS-003284012-ROSS-003284013 |
| DePuy v. Farmer, 847 N.E.2d 160 | 366+1 | The main goals of common law subrogation are to reimburse the subrogee for payments made by it, and prevent unjust enrichment of the subrogor. | "Are the main goals of common law subrogation to reimburse the subrogee for payments made by it, and prevent unjust enrichment of the subrogor?" | Subrogation - Memo # 500 - C - NO.docx | ROSS-003312130-ROSS-003312132 |
| In re Wiley, 438 B.R. 331 | 366+1 | Under New Mexico law, "subrogation" is equitable remedy of civil law origin, whereby, through a supposed succession to legal rights of another, a loss is put ultimately on the one who in equity and good conscience should pay it. | Is subrogation an equitable remedy of civil law origin? | Subrogation - Memo # 509 - C - SU.docx | ROSS-003287181-ROSS-003287182 |
| In re Patterson, 330 B.R. 631 | 366+2 | Under Tennessee law, "equitable subrogation" is legal fiction through which person who pays debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. | Is equitable subrogation a legal fiction through which person who pays debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other? | Subrogation - Memo # 574 - C - TJ.docx | ROSS-003311929-ROSS-003311930 |
| Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381 | 366+8 | Doctrine of equitable subrogation for a bond surety is not founded on contract law, but arises from society's recognition of the contractor's statutory obligation to provide the bonds in questions, and society's concomitant belief that any monies otherwise due the contractor should, in fairness, be employed to recompense the bondsman. | Is equitable subrogation a creature of equity and is independent of any contractual relations? | 05139.docx | LEGALEASE-00084194-LEGALEASE-00084196 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schwartz v. Hasty, 175 S.W.3d 621 | 366+1 | Subrogation is designed to prevent unjust enrichment by requiring one who benefits from the payment of the debt of another to ultimately pay it themselves. | Is subrogation designed to prevent unjust enrichment by requiring one who benefits from the payment of the debt of another to ultimately pay it themselves? | 043938.docx | LEGALEASE-00121280-LEGALEASE-00121281 |
| In re Elizalde's Estate, 182 Cal. 427 | 366+8 | By the common law the surety upon satisfying his principal's obligation is subrogated, not only to the rights and remedies of the creditor against the principal connected with the debt, but also to the similar rights and remedies of the principal against the creditor. | "Upon satisfying the principal's obligation, is a surety subrogated to the rights and remedies of a creditor against the principal connected with debt?" | Subrogation - Memo # 646 - C - SA.docx | ROSS-003324210-ROSS-003324211 |
| Hunsberger v. Perkiomen Nat. Bank, 108 Pa. Super. 443 | 366+4 | General rule is that accommodation indorser of note is to be treated as surety for maker and, as such, within limits of doctrine of subrogation, entitled to protection of collateral security deposited by maker with indorsee. | Is an accommodation indorser treated as a surety for the maker within the limits of doctrine of subrogation? | Subrogation - Memo # 696 - C - SA.docx | ROSS-003309278-ROSS-003309279 |
| In re Deuel, 361 B.R. 509 | 366+1 | "Subrogation" is derivative right whereby one party is substituted in place of another with reference to lawful claim, demand, or right. | "Is subrogation a derivative right whereby one party is substituted in place of another with reference to lawful claim, demand, or right?" | Subrogation - Memo # 714 - C - SA.docx | ROSS-003298011-ROSS-003298012 |
| In re Pihl, 529 B.R. 414 | 366+7(1) | If party with notice of surety's equitable subrogation rights receives funds from contract owner, equity requires that the party hold the funds for surety's benefit. | "If a party with notice of a surety's equitable subrogation rights receives funds from contract owner, does equity require that the party hold the funds for the surety's benefit?" | Subrogation - Memo # 716 - C - NO.docx | ROSS-003312524-ROSS-003312525 |
| Nat'l Am. Ins. Co. v. United States, 498 F.3d 1301 | 366+1 | Equitable subrogation, which is enforced solely for the purpose of accomplishing the ends of substantial justice, is independent of any contractual relations between the parties. | "Is equitable subrogation, which is enforced solely for the purpose of accomplishing the ends of substantial justice, independent of any contractual relations between the parties?" | 044118.docx | LEGALEASE-00121733-LEGALEASE-00121735 |
| In re Comcraft, 206 B.R. 551 | 366+7(1) | Under Oregon law, surety which is forced to pay bond claim is subrogated to subcontractor or materialman's claim against contractor in existence immediately prior to payment. | Is a surety that is forced to pay a bond claim subrogated to the subcontractor or materialman's claim against the contractor in existence immediately prior to payment? | Subrogation - Memo # 730 - C - SU.docx | ROSS-003311291-ROSS-003311292 |
| Washington Mut. Bank v. Chiappetta, 584 F. Supp. 2d 961 | 366+1 | Under Ohio law, the right to equitable subrogation depends upon the facts and circumstances of each case, and the basis for the claim must be readily apparent. | "Does the right to equitable subrogation depend upon the facts and circumstances of each case, and the basis for the claim must be readily apparent?" | Subrogation - Memorandum - 585 - SK.docx | ROSS-003298525-ROSS-003298526 |
| Bailey v. Ameriquest Mortg. Co., 346 F.3d 821 | 25T+121 | When agreement to arbitrate encompasses statutory claims, arbitrator has authority to enforce substantive statutory rights, even if those rights are in conflict with contractual limitations in agreement that would otherwise apply. | Does an arbitrator have the authority to enforce substantive statutory rights if those rights are in conflict with contractual limitations in the agreement? | Alternative Dispute Resolution - Memo 370 - RK.docx | ROSS-003297245-ROSS-003297247 |
| Bayou Fleet v. Bollinger Shipyards, 197 So. 3d 797 | 307A+3 | Trial court is granted broad discretion in its ruling on evidentiary issues, such as motions in limine regarding spoliation of evidence, which will not be disturbed on appeal absent a clear abuse of that discretion. | Is a trial court granted broad discretion in its ruling on evidentiary issues? | 024023.docx | LEGALEASE-00121926-LEGALEASE-00121927 |
| McDonnell v. McPartlin, 192 Ill. 2d 505 | 307A+3 | Error that occurs through the violation of a motion in limine will be deemed an appropriate ground for mistrial only where the violation resulted in the denial of a fair trial. | Will an error that occurs through the violation of a motion in limine be deemed an appropriate ground for mistrial only where the violation resulted in the denial of a fair trial? | 024097.docx | LEGALEASE-00121918-LEGALEASE-00121919 |
| Robinette v. Lafon Nursing Facility of the Holy Family, 223 So.3d 68 | 228+183 | The proper procedural vehicle for excluding evidence of non-party fault is not by a motion in limine, but by a motion for summary judgment. La. Code Civ. Proc. Ann. art. 966(G). | Is the proper procedural vehicle for excluding evidence of non-party fault a motion in limine or a motion for summary judgment? | Pretrial Procedure - Memo # 411 - C - SB.docx | ROSS-003314045-ROSS-003314046 |
| In re Marriage of Bhati & Singh, 397 Ill. App. 3d 53 | 30+3209 | A trial court has discretion in granting a motion in limine, and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Will a trial courts decision to grant a motion in limine be reversed by the reviewing court unless that discretion was clearly abused? | 024400.docx | LEGALEASE-00122031-LEGALEASE-00122032 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hawkes v. Casino Queen, 336 Ill. App. 3d 994 | 307A+3 | The purpose of the motion in limine is to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection. | Is the purpose of a motion in limine to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection? | Pretrial Procedure - Memo # 252 - C - PB.docx | ROSS-003285376-ROSS-003285377 |
| State v. Winston, 71 Ohio App. 3d 154 | 110+632(4) | "Motion in limine" is request that court limit or exclude use of evidence which movant believes to be improper, and is made in advance of actual presentation of evidence to trier of fact, usually before trial. | Is a motion in limine essentially a request to limit or exclude evidence or testimony at trial? | 030035.docx | LEGALEASE-00122206-LEGALEASE-00122207 |
| Cundiff v. Patel, 2012 IL App (4th) 120031 | 30+70(4) | Generally, a trial court's ruling on a motion in limine is interlocutory and remains subject to reconsideration by the court throughout the trial, and the proponent's failure to make an offer of proof at trial forfeits review of the trial court's granting a motion in limine. | Are motions in limine interlocutory orders which are subject to reconsideration by the district court during the trial? | 030732.docx | LEGALEASE-00122212-LEGALEASE-00122214 |
| Chapman v. Hubbard Woods Motors, 351 Ill. App. 3d 99 | 307A+3 | Trial court has broad discretion to grant or deny a motion in limine, and as such, the reviewing court will not reverse the trial court's decision to grant or deny such a motion absent a clear abuse of discretion. | Does the reviewing court reverse the trial court's decision to grant or deny such a motion absent a clear abuse of discretion? | Pretrial Proceedure - Memo # 46 - C - TJ.docx | ROSS-003298130-ROSS-003298131 |
| Kryder v. State, 214 Ind. 419 | 317A+102 | The validity of legislation regulating public utilities rests, in many instances, on the single limitation that rates and charges fixed by administrative boards and commissions shall be reasonable. Const. art. 3, S 1. | Can the legislature delegate to the administrative boards or commission regulating public utilities to determine what are or what are not reasonable rates under particular facts? | 042197.docx | LEGALEASE-00122037-LEGALEASE-00122039 |
| Roy v. Illinois Commerce Comm'n, 322 Ill. 452 | 317A+123 | Public Utilities Act contemplates actual thorough supervision of every public utility corporation, so that continuous, adequate, uniform, and satisfactory service shall be rendered public at reasonable rates without discrimination. | Why does the Public Utilities Act contemplate supervision of every public utility? | 042208.docx | LEGALEASE-00122161-LEGALEASE-00122163 |
| Am. Contractors Indem. Co. v. Saladino, 115 Cal. App. 4th 1262 | 366+28 | The prerequisites to the assertion of a right of subrogation are: (1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must be one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | What certain prerequisites must be satisfied by one who claims to be equitably subrogated to the rights of a secured creditor? | 043835.docx | LEGALEASE-00121819-LEGALEASE-00121820 |
| Cole v. Celotex Corp., 599 So. 2d 1058 | 361+1559 | Generally, determinative point in time separating prospective from retroactive application of enactment is date that cause of action accrues; once party's cause of action accrues, it becomes vested property right that may not constitutionally be divested. LSA-C.C. art. 6. | Does the party owning the action has a vested interest when a cause of action has accrued? | 005503.docx | LEGALEASE-00123805-LEGALEASE-00123806 |
| Fetzer v. Wood, 211 Ill. App. 3d 70 | 13+61 | In medical malpractice action in which the discovery rules apply, cause of action accrues when plaintiff knows or reasonably should have known of an injury and also knows or should have known that it was wrongfully caused. | Does cause of action accrue when plaintiff knows or reasonably should have known of an injury in medical practice action in which discovery rules apply? | Action - Memo # 145 - C - CS.docx | ROSS-003323962-ROSS-003323964 |
| Moore v. Jackson Park Hosp., 95 Ill. 2d 223 | 241+95(12) | In medical malpractice cases in which discovery rule is applied, cause of action accrues when plaintiff knows or reasonably should know of injury and also knows or reasonably should know that it was wrongfully caused. S.H.A. ch. 83, P 22.1. | Does cause of action accrue when plaintiff knows or reasonably should have known of an injury in medical practice action in which discovery rules apply? | 005550.docx | LEGALEASE-00123877-LEGALEASE-00123879 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rex v. Warner, 183 Kan. 763 | 13+61 | True test to determine when cause accrued is to ascertain when plaintiff could first have maintained his action to a successful result. | Is the true test to determine when cause accrued to ascertain when plaintiff could first have maintained his action to a successful result? | 005605.docx | LEGALEASE-00123992-LEGALEASE-00123993 |
| Wayne Knorr v. Dep't of Transp., 973 A.2d 1061 | 13+61 | A party is first able to litigate a claim when the amount due under the claim is known and the claimant is able to prepare a concise and specific statement of his claim. | Is a party first able to litigate a claim when the amount due under the claim is known and the claimant is able to prepare a concise and specific statement of his claim? | 005950.docx | LEGALEASE-00123311-LEGALEASE-00123312 |
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | Does the act of state doctrine presume the validity of the official acts a recognized foreign sovereign power performs within its own territory? | International Law - Memo # 39 - C - LK.docx | LEGALEASE-00012889-LEGALEASE-00012890 |
| Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938 | 221+431 | In contrast to political question claims, and unlike a claim of sovereign immunity, which merely raises a jurisdictional defense, the act of state doctrine provides foreign states with a substantive defense on the merits. | Is the act of state doctrine distinct from immunity and does it provide foreign states with a substantive defense on the merits? | 019757.docx | LEGALEASE-00123377-LEGALEASE-00123378 |
| United States v. One Etched Ivory Tusk of African Elephant, 871 F. Supp. 2d 128 | 221+342 | Under the Act of State doctrine, the courts of one country will not sit in judgment on the acts of the government of another done within its territory. | "Under the Act of State doctrine, will the courts of one country sit in judgment on the acts of the government of another done within its territory?" | International Law - Memo # 88 - C - LK.docx | ROSS-003326066-ROSS-003326067 |
| Republic of Ecuador v. Dassum, 146 So. 3d 58 | 221+342 | The act of state doctrine gives effect to the primacy of the executive branch of the federal government in the conduct of international relations with other countries. | Does the act of state doctrine give effect to the primacy of the executive branch of the federal government in the conduct of international relations with other countries? | International Law - Memo # 119 - C - CAR.docx | ROSS-003287335-ROSS-003287336 |
| Yousuf v. Samantar, 552 F.3d 371 | 221+151 | Head-of-state immunity is a doctrine of customary international law pursuant to which an incumbent head of state is immune from the jurisdiction of a foreign state's courts. | "Is head-of-state immunity, a doctrine of customary international law pursuant to which an incumbent head of state is immune from the jurisdiction of a foreign state's courts?" | International Law - Memo # 131 - C - SA.docx | LEGALEASE-00013050-LEGALEASE-00013051 |
| In re Refined Petroleum Prod. Antitrust Litig., 649 F. Supp. 2d 572 | 221+342 | "Act of state doctrine" provides that the act within its own boundaries of one sovereign state becomes a rule of decision for United States courts. | Does the act of state doctrine provide that the act within its own boundaries of one sovereign state becomes a rule of decision for United States courts? | 019920.docx | LEGALEASE-00123552-LEGALEASE-00123553 |
| Jovic v. L-3 Servs., 69 F. Supp. 3d 750 | 221+342 | The "act of state doctrine" is a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is lawful under the sovereign's laws. | "Is the ""act of state doctrine"" a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is lawful under the sovereign's laws?" | International Law - Memo # 134 - C - SA.docx | ROSS-003322499-ROSS-003322500 |
| Norwood v. Raytheon Co., 455 F. Supp. 2d 597 | 221+342 | Under the "act of state doctrine", the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | Under the "act of state doctrine" that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory? | 020029.docx | LEGALEASE-00123575-LEGALEASE-00123577 |
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 221+411 | A core element of the exhaustion rule in the international law context is its futility, or denial of justice exception, which excuses exhaustion of local remedies where they are unavailable or inadequate. | Is a core element of the exhaustion rule in the international law context its futility which excuses exhaustion of local remedies where they are unavailable or inadequate? | 020048.docx | LEGALEASE-00123467-LEGALEASE-00123468 |
| United States v. Giffen, 326 F. Supp. 2d 497 | 221+342 | Under "act of state" doctrine, court is required to deem the acts of foreign sovereigns taken within their own jurisdictions as lawful and valid. | "Under "act of state"" doctrine, is a court required to deem the acts of foreign sovereigns taken within their own jurisdictions as lawful and valid?" | International Law - Memo # 224 - C - MLS.docx | ROSS-003283806-ROSS-003283807 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Rosacometta, S.r.l, 336 B.R. 557 | 221+140 | Every person who deals with foreign corporation impliedly subjects himself to such laws of the foreign government, affecting powers and obligations of corporation with which he voluntarily contracts, as the known and established policy of that government authorizes. | What laws of a foreign government does a person who deals with a foreign corporation impliedly subject himself to? | International Law - Memo # 264 - C - ANC.docx | ROSS-003284444-ROSS-003284446 |
| Triad Assocs. v. Robinson, 10 F.3d 492 | 92+2580 | Courts will not resolve cases requiring resolution of political questions, nor cases that necessitate determination of validity of act of foreign state. | Will courts resolve cases requiring resolution of political questions or cases that necessitate determination of validity of an act of foreign state? | 020384.docx | LEGALEASE-00123746-LEGALEASE-00123747 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+342 | In considering the applicability of the act-of-state doctrine, that is, the affirmative defense that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official. | Does the act of state doctrine apply to affirmative defenses? | International Law - Memo 328 - RK.docx | ROSS-003285061-ROSS-003285063 |
| McKesson Corp. v. Islamic Republic of Iran, 539 F.3d 485 | 221+342 | Act of state doctrine applies when the relief sought against a foreign sovereign or the defense interposed by the sovereign would require a court in the United States to declare invalid the official act of the foreign sovereign performed within its own territory. | Does an action within the boundaries of one sovereign State become a rule of decision for the courts of this country under act of state doctrine? | 020803.docx | LEGALEASE-00123735-LEGALEASE-00123736 |
| Walter Fuller Aircraft Sales v. Republic of Philippines, 965 F.2d 1375 | 221+342 | Act of state doctrine limits, for prudential rather than jurisdictional reasons, adjudication in American courts of validity of foreign sovereign's public acts. | Does the act of state doctrine limit adjudication in American courts of the validity of a foreign sovereign's public acts? | 020824.docx | LEGALEASE-00124088-LEGALEASE-00124090 |
| Hawkes v. Casino Queen, 336 Ill. App. 3d 994 | 307A+3 | The purpose of the motion in limine is to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection. | Is the purpose of the motion in limine to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection? | Pretrial Procedure - Memo # 201 - C - CRB.docx | ROSS-003330248-ROSS-003330249 |
| Butler ex rel. Estate of Butler v. Kokomo Rehab. Hosp., 744 N.E.2d 1041 | 307A+3 | Granting of pretrial motion on evidentiary issues is an adjunct of trial court's inherent power to admit and exclude evidence. | Is granting of pretrial motion on evidentiary issues an adjunct of trial court's inherent power to admit and exclude evidence? | Pretrial Procedure - Memo # 299 - C - CRB.docx | ROSS-003297710-ROSS-003297711 |
| Gollihue v. Consol. Rail Corp., 120 Ohio App. 3d 378 | 307A+3 | Motion in limine is an interlocutory ruling, granting of which operates as a tentative order which can be later modified, depending on circumstances at trial. | "Is a motion in limine an interlocutory ruling, the granting of which operates as a tentative order which can be later modified, depending on circumstances at trial?" | Pretrial Procedure - Memo # 329 - C - ANC.docx | ROSS-003326784-ROSS-003326785 |
| Jones v. Rallos, 384 Ill. App. 3d 73 | 307A+3 | A ruling on a motion in limine is a determination addressing an admissibility of evidence issue likely to arise at trial and is subject to reconsideration. | Is a ruling on a motion in limine a determination addressing an admissibility of evidence issue likely to arise at trial and subject to reconsideration? | Pretrial Procedure - Memo # 332 - C - ANC.docx | ROSS-003298847-ROSS-003298848 |
| Rhodes v. Blair, 919 S.W.2d 561 | 307A+3 | "In limine" is defined as "in or at the beginning," and motion in limine is designed to accomplish, at beginning of litigation, some purpose which may only be known by reference to the context thereof. | "Is in limine defined as ""in or at the beginning,"" and motion in limine is designed to accomplish, at beginning of litigation, some purpose which may only be known by reference to the context thereof?" | 032295.docx | LEGALEASE-00122838-LEGALEASE-00122839 |
| Airborne Express v. Sys. Research Labs., 106 Ohio App. 3d 498 | 307A+3 | Ability of trial court to entertain motions in limine lies within court's inherent power and discretion to control proceedings before it. | Does the ability of trial court to entertain motions in limine lie within a court's inherent power and discretion to control proceedings before it? | Pretrial Procedure - Memo # 536 - C - CRB.docx | ROSS-003301569-ROSS-003301570 |
| Hercules v. AIU Ins. Co., 784 A.2d 481 | 307A+3 | A "motion in limine" typically concerns the admissibility of evidence and is a preliminary motion directed at establishing the ground rules applicable at trial. | Does a motion in limine typically concern the admissibility of evidence and is a preliminary motion directed at establishing the ground rules applicable at trial? | Pretrial Procedure - Memo # 538 - C - CRB.docx | ROSS-003296787-ROSS-003296788 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it has the discretion to deny the motion in limine before trial. | Is an unclear order in limine worse than no order at all; and even if the court concludes that the evidence is inadmissible does it has the discretion to deny the motion in limine before trial? | Pretrial Procedure - Memo # 69 - C - KA.docx | ROSS-003298002-ROSS-003298004 |
| Napoli v. Hinsdale Hosp., 213 Ill. App. 3d 382 | 272+1695 | Whether doctrine of res ipsa loquitur is applicable is question of law which must be decided by trial court; this determination may be made at pre-trial motion stage. | Can the question whether doctrine of res ipsa loquitur is applicable be determined at pre-trial motion stage? | 041119.docx | LEGALEASE-00123959-LEGALEASE-00123960 |
| Pac. Employers Ins. Co. v. State of California, 3 Cal. 3d 573 | 366+7(1) | If, after the giving of stop notices by laborers or materialmen on a public works contract, the surety on a labor and material bond satisfies their claims, the surety is entitled to subrogation to the stop notice rights of the claimants against the public agency. West's Ann.Code Civ.Proc. SS 1190.1(a), 1192.1(a, e). | When is a surety entitled to subrogation of the stop notice rights of the claimant against a public agency? | 044218.docx | LEGALEASE-00122923-LEGALEASE-00122924 |
| In re Schubert, 437 B.R. 787 | 366+7(1) | Under Maryland law, as soon as surety pays the debt of principal debtor, equity subrogates him to place of creditor that is paid and gives him every right, lien and, security to which creditor could have resorted for payment of debt. | Does a surety who pays the debt for a principal obligor become subrogated to the rights of the creditor including rights in the security? | 044239.docx | LEGALEASE-00123019-LEGALEASE-00123020 |
| Health Republic Ins. Co. v. United States, 129 Fed. Cl. 115 | 27+1 | United States House of Representatives would not be permitted to file, with Court of Federal Claims, proposed amicus curiae brief supporting Department of Justice's (DOJ) motion to dismiss for lack of subject matter jurisdiction over class action complaint by health insurers, seeking to recover unpaid risk corridor payments owed to insurers, under Patient Protection and Affordable Care Act and implementing regulations, since sole purpose of House's proposed amicus brief was to urge ground for dismissing complaint that was not raised by DOJ's motion, thereby improperly intruding on DOJ's exclusive and plenary authority to litigate case on behalf of United States. 28 U.S.C.A. S 516 et seq.; Pub. L. No. 111-148, 124 Stat. 119; RCFC, Rule 12(b)(1). | Is the United States House of Representatives permitted to file amicus briefs in the Federal Courts? | 008132.docx | LEGALEASE-00124810-LEGALEASE-00124811 |
| United States v. Alfisi, 308 F.3d 144 | 63+1(1) | The "corrupt" intent necessary to a bribery conviction is in the nature of a quid pro quo requirement; that is, there must be a specific intent to give something of value in exchange for an official act. 18 U.S.C.A. S 201(b)(1)(A). | Is the corrupt intent required by the bribery statute a specific intent to enter into an unlawful quid pro quo? | 011035.docx | LEGALEASE-00124255-LEGALEASE-00124257 |
| United States v. Ciavarella, 716 F.3d 705 | 63+1(1) | A payment constitutes a "bribe" as long as the essential intent, a specific intent to give or receive something of value in exchange for an official act, exists. | "Does a payment constitute a bribe when a specific intent to give or receive something of value in exchange for an official act, exists?" | 011083.docx | LEGALEASE-00124240-LEGALEASE-00124241 |
| Bass Enterprises Prod. Co. v. United States, 45 Fed. Cl. 120 | 148+2.1 | Two categories of regulatory action are compensable as takings without case-specific inquiry into the public interest advanced in support of the restraint: the first is regulations that cause a property owner to suffer a physical invasion of his property; the second is regulations that deny a landowner all economically beneficial or productive use of his land. | Is the Fifth Amendment violated when land-use regulation does not substantially advance legitimate state interests or denies an owner economically viable use of his land? | Eminent Domain - Memo 242 - GP.docx | ROSS-003295208-ROSS-003295209 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Yuba Nat. Res. v. United States, 904 F.2d 1577 | 148+143 | In the case of a temporary taking, because the property is returned to the owner when the taking ends, just compensation to which the owner is entitled is the value of the use of the property during the temporary taking, i.e., the amount which the owner lost as result of the taking. | "Since the property is returned to the owner when the taking ends, what amounts to be the just compensation to which the owner is entitled is the value of the use of the property during the temporary taking?" | 017540.docx | LEGALEASE-00125333-LEGALEASE-00125334 |
| San Diego Metro. Transit Dev. Bd. v. Handlery Hotel, 73 Cal. App. 4th 517 | 148+307(2) | Whether there has been unreasonable precondemnation conduct by public entity, and what constitutes a direct and substantial impairment of property rights for purposes of compensation, constitute questions of fact. West's Ann.Cal. Const. Art. 1, S 19. | Does the question whether there has been unreasonable conduct by the condemner and what constitutes a direct and substantial impairment of property rights for purposes of compensation constitute questions of fact? | 017548.docx | LEGALEASE-00125594-LEGALEASE-00125595 |
| Allied Bank Int'l v. Banco Credito Agricola de Cartago, 566 F. Supp. 1440 | 221+342 | Even where defense of sovereign immunity does not apply to bar suit against a foreign party, act of state doctrine may prevent recovery. | "Even if a defense of sovereign immunity does not apply to bar suit against a foreign party, may an act of state doctrine prevent recovery?" | International Law - Memo  585 - TH.docx | ROSS-003297389-ROSS-003297390 |
| Kiker v. City of Philadelphia, 346 Pa. 624 | 221+139 | While any cession or recession of jurisdiction by one sovereignty to another requires an acceptance in order to render it effective, such acceptance will be presumed in absence of contrary intent. U.S.C.A.Const. art. 1, S 8, cl. 17. | Does any cession or recession of jurisdiction by one sovereignty to another require an acceptance in order to render it effective? | International Law - Memo # 28 - C- LK.docx | ROSS-003284210-ROSS-003284211 |
| United States v. States of La., Tex., Miss., Ala. & Fla., 363 U.S. 1 | 221+138 | The right to exercise jurisdiction and control over seabed and subsoil of Continental Shelf is not internationally restricted by limit of territorial waters. | Is the right to exercise jurisdiction and control over seabed and subsoil of the continental shelf internationally restricted by limit of territorial waters? | 020196.docx | LEGALEASE-00124613-LEGALEASE-00124614 |
| Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | The function of the act of state doctrine is to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations. | Is the purpose of the Act of State Doctrine to avoid adjudication of actions that foreign states take on their own soil that might embarrass the Executive Branch or interfere with foreign policy? | 020347.docx | LEGALEASE-00125230-LEGALEASE-00125231 |
| Garcia v. Chase Manhattan Bank, N.A., 735 F.2d 645 | 221+342 | Under act of state doctrine, United States courts will not question the validity of action of foreign government carried out within their own borders. | "Under the act of state doctrine, will United States courts question the validity of the actions of foreign governments carried out within their own borders?" | 020372.docx | LEGALEASE-00124424-LEGALEASE-00124425 |
| United States v. Vetco Inc., 691 F.2d 1281 | 221+361 | In assessing vital national interests of each state, as bearing upon whether enforcement of summons is precluded by illegality, of compliance, under foreign law, court ought to consider degree of difference in law or policy, and nationality of parties affected, and interest of Switzerland was diminished where parties were subsidiaries of American corporations, and further diminished where party seeking records was Internal Revenue Service, required by law to keep information confidential. 26 U.S.C.A. S 7852(d). | In assessing vital national interests of each state ought a court to consider the degree of difference in law or policy? | 020423.docx | LEGALEASE-00124790-LEGALEASE-00124791 |
| Pollard v. Hagan, 44 U.S. 212 | 393+202 | Every nation acquiring territory by treaty or otherwise must hold it subject to the constitution and laws of its own government and not according to those of the government ceding it. | Must every nation acquiring territory by treaty or otherwise hold it subject to the constitution and laws of its own government? | 020455.docx | LEGALEASE-00125185-LEGALEASE-00125186 |
| Doe I v. State of Israel, 400 F. Supp. 2d 8 | 221+342 | The act of state doctrine reflects the judiciary's reluctance to complicate foreign affairs by validating or invalidating the actions of foreign sovereigns. | Does the act of state doctrine reflect the judiciary's reluctance to complicate foreign affairs by validating or invalidating the actions of foreign sovereigns? | 020485.docx | LEGALEASE-00125268-LEGALEASE-00125270 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hernandez v. United States, 757 F.3d 249 | 221+391 | Three objective factors and practical concerns are relevant to Court of Appeals' extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | Which objective factors and principles are relevant to the extraterritoriality determination? | 020617.docx | LEGALEASE-00125043-LEGALEASE-00125046 |
| Beanal v. Freeport-McMoran, 197 F.3d 161 | 24+763 | It is only when nations of world have demonstrated that the wrong is of mutual and not merely several concern, by means of express international accords, that a wrong generally recognized becomes international law violation within meaning of Alien Tort Statute (ATS). 28 U.S.C.A. S 1350. | When does a wrong become an international violation within meaning of the Alien Tort Claims Act? | 020841.docx | LEGALEASE-00124930-LEGALEASE-00124931 |
| Doe I v. State of Israel, 400 F. Supp. 2d 8 | 221+342 | The act of state doctrine is implicated when the outcome of a case turns upon the effect of official action by a foreign sovereign. | Is the act of state doctrine implicated when the outcome of a case turns upon the effect of official action by a foreign sovereign? | 020848.docx | LEGALEASE-00125291-LEGALEASE-00125293 |
| In re Vitamin C Antitrust Litig., 584 F. Supp. 2d 546 | 221+342 | The act of state doctrine is aimed at reserving for the executive branch decisions that may significantly affect international relations. | Is the act of state doctrine aimed at reserving for the executive branch decisions that may significantly affect international relations? | International Law - Memo 587 - TH.docx | ROSS-003316606-ROSS-003316607 |
| Nocula v. UGS Corp., 520 F.3d 719 | 221+342 | The act-of-state doctrine is a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is lawful under that sovereign's laws. | Is the act-of-state doctrine a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is lawful under that sovereign's laws? | International Law - Memo 590 - TH.docx | ROSS-003309297-ROSS-003309299 |
| United States v. Noriega, 746 F. Supp. 1506 | 221+342 | According to act of state doctrine, every sovereign is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory. | "According to act of state doctrine, is every sovereign bound to respect independence of every other sovereign state?" | 020967.docx | LEGALEASE-00124549-LEGALEASE-00124551 |
| Gross v. German Found. Indus. Initiative, 456 F.3d 363 | 221+162 | A court may deny comity to a foreign legislative, executive, or judicial act if it finds that the extension of comity would be contrary or prejudicial to the interest of the United States. | Can United States courts extend comity to foreign proceedings and when doing so would it be contrary to policies or prejudicial to interests of the United States? | 020972.docx | LEGALEASE-00124581-LEGALEASE-00124583 |
| Chicago Exhibitors Corp. v. Jeepers! of Illinois, 376 Ill. App. 3d 599 | 307A+3 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence, and, generally, the Appellate Court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion. | Is a motion in limine addressed to the trial court's inherent power to exclude evidence? | Pretrial Procedure - Memo # 592 - C - SSB.docx | ROSS-003310833-ROSS-003310834 |
| Montz v. Hill-Mont Land Co., 329 N.W.2d 657 | 307A+2 | An application for separate adjudication of law points is properly considered only when questions of law arise from uncontroverted pleadings, and is inappropriate when material facts are disputed. Rules Civ.Proc., Rule 105. | Does the application for separate adjudication of law points have to arise from uncontroverted facts in the pleadings to be properly considered? | Pretrial Procedure - Memo # 618 - C - SSB.docx | ROSS-003324124-ROSS-003324125 |
| Martin v. Sally, 341 Ill. App. 3d 308 | 388+43 | On review, a trial court judge maintains broad discretion in the admission of evidence and in ruling upon a motion in limine. | "On review, dDoes a trial court judge maintain broad discretion in the admission of evidence and in ruling upon a motion in limine?" | Pretrial Procedure - Memo # 240 - C - ANC.docx | LEGALEASE-00015053-LEGALEASE-00015054 |
| Mardirossian & Assocs. v. Ersoff, 153 Cal. App. 4th 257 | 307A+3 | Although in limine motions are typically brought at the beginning of trial, they may also be brought during trial when evidentiary issues are anticipated by the parties. | "Although in limine motions are typically brought at the beginning of trial, may they also be brought during trial when evidentiary issues are anticipated by the parties?" | Pretrial Procedure - Memo # 427 - C - HAM.docx | ROSS-003298830-ROSS-003298831 |
| Linstrom v. Normile, 2017 ND, 899 N.W.2d 287 | 307A+3 | A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial. | Must a motion in limine seeking an evidentiary ruling be decided without the benefit of evaluating the evidence in the context of trial? | 030782.docx | LEGALEASE-00124824-LEGALEASE-00124825 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Montz v. Hill-Mont Land Co., 329 N.W.2d 657 | 307A+2 | It was inappropriate for the trial court to construe instrument conveying an interest in land for a railroad right-of-way by a ruling on an application for adjudication of law points, where material facts concerning the deed were in dispute and were not stipulated. Rules Civ.Proc., Rule 105. | Is it inappropriate for a trial court to construe an instrument conveying an interest in land for a railroad right-of-way by a ruling on an application for adjudication of law points? | 031757.docx | LEGALEASE-00125349-LEGALEASE-00125350 |
| Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | Does a trial court abuse its discretion in denying a motion in limine and admitting disputed evidence? | 036847.docx | LEGALEASE-00125093-LEGALEASE-00125094 |
| Honaker v. Mahon, 210 W. Va. 53 | 307A+3 | The purpose of a motion in limine is to prevent an opposing party from asking prejudicial questions, or introducing prejudicial evidence, in front of the jury without asking the trial court's permission. | Is the purpose of a motion in limine to prevent an opposing party from asking prejudicial questions? | Pretrial Procedure - Memo # 841 - C - VA.docx | ROSS-003285253-ROSS-003285254 |
| Castaneda v. Texas Dep't of Protective & Regulatory Servs., 148 S.W.3d 509 | 307A+3 | A motion in limine is designed solely to require an offering party to approach the bench and inquire into the admissibility of the evidence at issue before introducing that evidence to the jury. | Is a motion in limine designed solely to require a court to inquire into the admissibility of the evidence at issue before introducing that evidence to the jury? | Pretrial Procedure - Memo # 916 - C - TJ.docx | ROSS-003329052-ROSS-003329053 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence, but is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | Is the granting of a motion in limine a final ruling on the evidence? | Pretrial Procedure - Memo # 921 - C - TJ.docx | ROSS-003326860-ROSS-003326861 |
| ADP Marshall v. Noresco, 710 F. Supp. 2d 197 | 366+1 | Although subrogation may originate from a contractual agreement, it is a creature of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Is subrogation enforced solely for the purpose of accomplishing the ends of substantial justice? | Subrogation - Memo 359 - NS.docx | ROSS-003324097-ROSS-003324099 |
| In re Monaco, 514 B.R. 477 | 366+2 | Texas courts interpret the doctrine of equitable subrogation liberally and apply it in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by thelatter. | Do courts liberally interpret the doctrine of equitable subrogation? | 044410.docx | LEGALEASE-00125156-LEGALEASE-00125157 |
| Dryden v. Cincinnati Bell Tel. Co., 135 Ohio App. 3d 394 | 386+6 | Trespasser to chattel is liable if, but only if: (1) he dispossesses the other of the chattel; or (2) the chattel is impaired as to its condition, quality, or value; or (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | Does the interference required to make a claim for trespass to chattels need to be more than intermeddling? | 047161.docx | LEGALEASE-00125752-LEGALEASE-00125753 |
| Texas Int'l Prop. Assocs. v. Hoerbiger Holding AG, 624 F. Supp. 2d 582 | 386+7 | Under Texas law, a trespass to chattels is a wrongful interference with or injury to property that causes actual damage to the property or deprives the owner of its use for a substantial period of time. | Can damage to the property or depriving the owner of its use for a substantial period of time constitute a trespass to chattel? | 047173.docx | LEGALEASE-00125774-LEGALEASE-00125775 |
| Dingley v. Oler, 117 U.S. 490 | 13+61 | The words or conduct relied on as a breach of the contract by anticipation must amount to a total refusal to perform it, and that does not, by itself, amount to a breach of the contract, unless so acted upon and adopted by the other party. | Should the words or conduct relied on as a breach of the contract by anticipation amount to a total refusal to perform it? | Action - Memo # 129 - C - SB.docx | ROSS-003286228-ROSS-003286229 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Culbertson v. Cabeen & Jarman, 29 Tex. 247 | 13+61 | Where notes are not due when an attachment is sued out, the right of a party to sue and of the court to entertain the suit depends upon the attachment, for it is by attachment alone that a debt not due can be sued, and the suit must abide the fate of the attachment. | Does the right of a party to sue and of the court to entertain the suit depend upon the attachment? | 005453.docx | LEGALEASE-00126155-LEGALEASE-00126156 |
| Pedrina v. Chun, 906 F. Supp. 1377 | 63+1(1) | Under Hawai"i law, not every gift, favor, or contribution to government or political official constitutes bribery; rather, intent that official's actions be influenced by gift, favor, or contribution is crucial to violation of state bribery statute. HRS S 710-1040(1)(b). | "Does every gift, favor or contribution to a government or political official constitute bribery?" | Bribery - Memo # 41 - C-NA.docx | ROSS-003298504-ROSS-003298505 |
| Calprop Corp. v. City of San Diego, 77 Cal. App. 4th 582 | 148+2.10(1) | Resolution of threshold questions that must be resolved before it can be determined whether proposed development of land may proceed often turns on the construction and application of complex statutory schemes and results in significant delays in the development process, and notwithstanding the lengthy interval which may pass while such issues are resolved by way of litigation, the interval is not compensable in regulatory takings action, because the mere assertion of regulatory jurisdiction by a governmental body does not constitute a regulatory taking. U.S.C.A. Const.Amend. 5. | Does the mere assertion of regulatory jurisdiction by a governmental body constitute a regulatory taking? | 017592.docx | LEGALEASE-00126138-LEGALEASE-00126140 |
| Gulf Power Co. v. United States, 998 F. Supp. 1386 | 148+2.2 | Facts that an industry is heavily regulated, and that a property owner acquired the property knowing that it is heavily regulated, do not diminish a physical taking to something less than a taking. U.S.C.A. Const.Amend. 5. | "Does the facts that an industry is heavily regulated, and that a property owner acquired the property knowing that it is heavily regulated, diminish a physical taking to something less than a taking?" | 017601.docx | LEGALEASE-00126194-LEGALEASE-00126195 |
| United States v. Hill, 279 F.3d 731 | 221+391 | Under the "territorial jurisdiction theory," extraterritorial jurisdiction is appropriate if the acts performed outside the United States produce detrimental effects within the United States. | "Under the territorial jurisdiction theory, is jurisdiction appropriate if the acts performed outside the United States produce detrimental effects within the United States?" | International Law - Memo # 789 - C - ES.docx | ROSS-003327264-ROSS-003327265 |
| United States v. Cardales, 168 F.3d 548 | 221+330 | Under the "territorial principle" of international law, a state has jurisdiction to prescribe and enforce a rule of law in the territory of another state to the extent provided by international agreement with the other state. | "Under the ""territorial principle"" of international law, does a state have jurisdiction to prescribe and enforce a rule of law in the territory of another state to the extent provided by international agreement with the other state?" | International Law - Memo # 790 - C - ES.docx | ROSS-003300065-ROSS-003300066 |
| United States v. Rezaq, 134 F.3d 1121 | 110+97(0.5) | Under "passive personality principle," state may apply law, particularly criminal law, to act committed outside its territory by person not its national when victim of act was its national. Restatement (Third) of Foreign Relations Law S 402 comment. | "Under the ""passive personality principle,"" may a state apply law to acts committed outside its territory by a person not its national when victim of act was its national?" | International Law - Memo # 793 - C - ES.docx | ROSS-003313726-ROSS-003313727 |
| Hernandez v. United States, 757 F.3d 249 | 221+391 | Three objective factors and practical concerns are relevant to Court of Appeals' extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | What factors are relevant to determine the extraterritorial application of a Constitution? | 020582.docx | LEGALEASE-00126001-LEGALEASE-00126003 |
| United States v. Gecas, 120 F.3d 1419 | 221+364 | Foreign court cannot violate Fifth Amendment when it inflicts criminal penalties on foreign national based on compelled, testimonial self-incrimination. (Per Tjoflat, Circuit Judge, with four Circuit Judges concurring, and one Circuit Judge concurring specially.) U.S.C.A. Const.Amend. 5. | "Can a foreign court violate the Fifth Amendment when it inflicts criminal penalties on foreign national based on compelled, testimonial self-incrimination?" | International Law - Memo # 834 - C - SN.docx | ROSS-003290201-ROSS-003290202 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Litecubes v. N. Light Prod., 523 F.3d 1353 | 221+392 | Whether an accused action is within the extraterritorial limitation should be treated as an element of the claim, not a predicate for subject matter jurisdiction, unless Congress has clearly provided that the limitation is jurisdictional. | Should the question of whether an accused action is within the extraterritorial limitation be treated as an element of the claim? | 020934.docx | LEGALEASE-00125923-LEGALEASE-00125925 |
| Alibalogun v. First Coast Sec. Sols., 67 F. Supp. 3d 211 | 231H+858 | In order to state a claim under District of Columbia law for breach of contract based on termination of at-will employment, the plaintiff bears the burden of alleging facts sufficient to show that the parties intended that termination be subject to specific preconditions. | Should facts be alleged to state a claim for breach of contract? | 023018.docx | LEGALEASE-00126208-LEGALEASE-00126209 |
| Pullum v. Robinette, 174 S.W.3d 124 | 307A+3 | Courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility of the evidence. | Can courts make rulings on evidence that are conditional or provisional in nature and change an earlier ruling regarding the admissibility of the evidence? | Pretrial Procedure - Memo # 867 - C - TJ.docx | ROSS-003300117-ROSS-003300118 |
| Chapman v. Hubbard Woods Motors, 351 Ill. App. 3d 99 | 307A+3 | Trial court has broad discretion to grant or deny a motion in limine, and as such, the reviewing court will not reverse the trial court's decision to grant or deny such a motion absent a clear abuse of discretion. | "Does the trial court have broad discretion to grant or deny a motion in limine, and as such, the reviewing court will only reverse the trial court's decision to grant or deny such a motion with a clear abuse of discretion?" | 037565.docx | LEGALEASE-00125898-LEGALEASE-00125899 |
| Chapman v. Hubbard Woods Motors, 351 Ill. App. 3d 99 | 307A+3 | Trial court has broad discretion to grant or deny a motion in limine, and as such, the reviewing court will not reverse the trial court's decision to grant or deny such a motion absent a clear abuse of discretion. | "Does the trial court have broad discretion to grant or deny a motion in limine, and as such, the reviewing court will only reverse the trial court's decision to grant or deny such a motion with a clear abuse of discretion?" | Pretrial Procedure - Memo # 868 - C - TJ.docx | ROSS-003312128-ROSS-003312129 |
| Miller-Stauch Const. Co. v. Williams-Bungart Elec., 959 S.W.2d 490 | 366+7(1) | While rights and liabilities of a surety are measured by those of principal, performance bond surety confers a benefit upon obligee and thus becomes subrogated not only to rights of principal but also to rights of the obligee, and has a right to retained funds free from set-off by obligee. | Does a performance bond surety confer a benefit upon an obligee? | Subrogation - Memo # 647 - C - SA.docx | ROSS-003290405-ROSS-003290406 |
| Leimer v. State Mut. Life Assur. Co. of Worcester, Mass., 108 F.2d 302 | 13+63 | Mere lapse of time does not constitute "laches" which is to be determined by consideration of justice which is dependent upon the circumstances of each particular case. | Does a mere lapse of time constitute laches which is to be determined by consideration of justice which is dependent upon the circumstances of each particular case? | 005408.docx | LEGALEASE-00126732-LEGALEASE-00126734 |
| United-Bilt Homes v. Sampson, 315 Ark. 156 | 13+61 | Cause of action on entire debt owed under installment sales contract with optional acceleration clause does not arise until option is exercised. | Does cause of action on entire debt owed under installment sales contract with optional acceleration clause arise until option is exercised? | 005676.docx | LEGALEASE-00126644-LEGALEASE-00126645 |
| Borde v. Hake, 44 Wis. 2d 22 | 13+61 | Cause of action arises when there is an invasion of a primary right of a plaintiff as a consequence of closely related incidents or operative facts. | Does cause of action arise when there is an invasion of a primary right of a plaintiff as a consequence of closely related incidents or operative facts? | 005693.docx | LEGALEASE-00126616-LEGALEASE-00126617 |
| Puckett v. Nat'l Annuity Ass'n, 134 Mo. App. 501 | 13+61 | A single default in the payment of an installment, due under a contract calling for periodic payments, does not constitute a repudiation of the contract so as to empower the creditor to sue for payments falling due in the future. | "Does a simple default in the payment of an installment, due under a contract calling for periodic payments, constitute a repudiation of the contract so as to empower the creditor to sue for payments falling due in the future?" | Action - Memo # 289 - C - SHB.docx | ROSS-003286284-ROSS-003286286 |
| Pollard v. Swenson, 403 S.W.2d 601 | 106+231(5) | A "state officer", within meaning of article in constitution giving Supreme Court exclusive appellate jurisdiction in all civil cases where state officer as such is a party, must exercise a portion of the sovereign power of government independently and without control of a superior power other than the law. V.A.M.S.Const. art. 5, S 3; Section 216.010 RSMo 1959, V.A.M.S. | When is an individual who exercises the sovereign power of the state considered an officer of the state? | Clerks of Court - Memo 42 - RK.docx | LEGALEASE-00016498-LEGALEASE-00016499 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat'l Fire Ins. Co. of Hartford v. Fortune Const. Co., 320 F.3d 1260 | 366+33(2) | Under Florida law, when surety completes project itself or pays excess completion costs pursuant to performance bond, surety confers benefit upon obligee, relieving obligee of burden of completing construction, and implicit agreement exists that surety has right to all retained funds and any remaining progress sums, and obligee does not possess right to set-off. | "When a surety completes a project itself or pays excess completion costs pursuant to performance bond, does a surety confer a benefit upon the obligee?" | Subrogation - Memo # 704 - C - SA-1.docx | ROSS-003290409-ROSS-003290410 |
| Intel Corp. v. Hamidi, 30 Cal. 4th 1342 | 386+6 | Tort of trespasses to chattels did not encompass electronic communications that neither damaged the recipient computer system nor impaired its functioning; such an electronic communication did not constitute an actionable trespass to the computer system, because it did not interfere with possessor's use or possession of, or any other legally protected interest in, the personal property itself. | Should the tort of trespass to chattels encompass an electronic communication that neither damages the recipient computer system nor impairs its functioning? | 047285.docx | LEGALEASE-00126730-LEGALEASE-00126731 |
| Reynolds v. Farmers & Merchants Nat. Bank of Nocona, 135 S.W.2d 556 | 13+63 | The defense of "laches" and stale demand cannot be invoked to resist the enforcement of a purely legal right, however asserted, and in such cases defendant must rely on the statute of limitations. | Can the defense of laches be invoked to resist the enforcement of a purely legal right? | Action - Memo #  519 - C - NE.docx | ROSS-003286243-ROSS-003286244 |
| Schaefer v. Berinstein, 180 Cal. App. 2d 107 | 302+277 | A court of equity will make final disposition of litigation governed by circumstances shown to exist at time judgment is rendered, rather than at inception of litigation, and a supplemental pleading is not necessary to that end. | Will a court of equity having jurisdiction of the parties and of the subject matter make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made? | 006248.docx | LEGALEASE-00127170-LEGALEASE-00127172 |
| Wood v. Strickland, 420 U.S. 308 | 141E+735 | It is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion. | Is it the role of the federal courts to set aside decisions of school administrators which it views as lacking in wisdom or compassion? | 016744.docx | LEGALEASE-00127114-LEGALEASE-00127115 |
| Rapid City Sch. Dist. 51-4 v. Vahle, 733 F. Supp. 1364 | 141E+894 | Under Education of the Handicapped Act, reviewing court must make an independent determination of appropriateness of placement of child based on preponderance of the evidence, but is cautioned not to substitute its own notions of educational policy for those of school authorities. Education of the Handicapped Act, S 615(e), (e)(2), as amended, 20 U.S.C.A. S 1415(e), (e)(2). | Can the courts substitute their own notions of sound educational policy for those of the school authorities which they review? | Education - Memo # 21 - C - SU.docx | ROSS-003313626-ROSS-003313628 |
| Connecticut Nat. Bank v. Douglas, 221 Conn. 530 | 366+35 | In documents memorializing guaranty, guarantor expressly waived any right he might otherwise have had to complain of impairment of his right to be subrogated to lender's interest in secured collateral in possession of borrower. | "In documents memorializing guaranty, does a guarantor expressly waive any right he might otherwise have had to complain of impairment?" | 043346.docx | LEGALEASE-00127097-LEGALEASE-00127098 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+41(6) | Party seeking to impose subrogation upon another party has burden of showing both that there would be some basis for asserting subrogation in that instance, and that subrogation must be applied in equity in those circumstances. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Should the party seeking to impose subrogation upon another party have burden of showing that there would be some basis for asserting subrogation in that instance? | 044265.docx | LEGALEASE-00127189-LEGALEASE-00127190 |
| Bowker v. City of Worcester, 334 Mass. 422 | 13+65 | A court of equity may find and consider facts existing at time of entry of decree, irrespective of whether they came into existence after commencement of suit. | Will a court of equity find and consider facts existing at the time of entry of decree if they came into existence after commencement of the suit or not? | 006199.docx | LEGALEASE-00127517-LEGALEASE-00127518 |
| Bank of U.S. v. Tyler, 29 U.S. 366 | 13+63 | A plaintiff must pursue with legal diligence all his means and remedies, direct, incidental, or collateral, to recover the amount of his debt from the defendant or any one who has put himself, or has by operation of law been put, in defendant's place. | Should a plaintiff pursue with legal diligence all his means and remedies to recover the amount of his debt? | Action - Memo # 856 - C - PC.docx | ROSS-003311808-ROSS-003311809 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Town of Kaneville v. Meredith, 361 Ill. 556 | 13+65 | In law action rights of parties are determined as of time of beginning of action, but where relief is granted in chancery it is such as nature of case, the law and the facts demand, not at time of inception of litigation, but at time decree is entered therein. | "In actions at law, are the rights of the parties generally determined as of the time of beginning of the action?" | Action - Memo # 909 - C - KI.docx | LEGALEASE-00017456-LEGALEASE-00017458 |
| Gregoire v. Rumsfeld, 463 F. Supp. 2d 1209 | 34+1 | The constitutional power of Congress to raise and support armies and to make all laws necessary and proper to that end is broad and sweeping. | Is the constitutional power of Congress to raise and support armies and to make all laws necessary and proper to that end broad and sweeping? | Armed Forces - Memo 4 - RK.docx | ROSS-003285001-ROSS-003285002 |
| Gregoire v. Rumsfeld, 463 F. Supp. 2d 1209 | 34+1 | The constitutional power of Congress to raise and support armies and to make all laws necessary and proper to that end is broad and sweeping. | Is the constitutional power of Congress to raise and support armies and to make all laws necessary and proper to that end broad and sweeping? | 008338.docx | LEGALEASE-00128084-LEGALEASE-00128085 |
| Slater v. Varney, 136 W. Va. 406 | 316P+131 | A candidate who is ineligible or disqualified to hold office at time of election, in order to occupy it, must remove his disqualification at or before commencement of term of office to which he was elected according to election returns. | Does a candidate who is ineligible or disqualified to hold the office at the time of the election have to remove his disqualification before the commencement of the term of office to which he was elected? | Clerks of court - Memo 63 - RK.docx | LEGALEASE-00017550-LEGALEASE-00017551 |
| Kosydar v. Wolman, 353 F. Supp. 744 | 1.41E+30 | State has an important and recognized interest in maintaining minimum educational, safety and health standards in all schools operated within the state. | "Does a state have an important and recognized interest in maintaining minimum educational, safety and health standards in all schools operated within the state? " | Education - Memo # 39 - C - SU.docx | LEGALEASE-00017573-LEGALEASE-00017574 |
| Heritage Mut. Ins. Co. v. Graser, 2002 WI App 125, 9, 254 Wis. 2d 851 | 287+20 | By virtue and to the extent of payments made on behalf of another, a subrogated party obtains a right of recovery in an action against a third-party tortfeasor and is a necessary party in an action against such tortfeasor. | "By virtue and to the extent of payments made on behalf of the injured party, does the payor generally obtain a right of recovery in an action against the tortfeasor?" | Subrogation - Memo # 1183 - C- PC.docx | ROSS-003285385-ROSS-003285386 |
| Cresvale Int'l Inc. v. Reuters Am., 257 A.D.2d 502 | 366+35 | Where a waiver of subrogation clause is limited to a specific type of loss, a subrogation action is barred only to the extent it seeks recovery for that species of loss; conversely, where a broad waiver clause extends to all losses covered by an insurance policy, or where the subrogation action is inconsistent with the express provisions of the waiver of subrogation clause, all subrogation actions will be barred. | "Where a waiver of subrogation clause is limited to a specific type of loss, is a subrogation action barred only to the extent it seeks recovery for that species of loss?" | Subrogation - Memo # 1242 - C - PB.docx | ROSS-003286351-ROSS-003286352 |
| Register.com v. Verio, 356 F.3d 393 | 386+7 | Under New York law, trespass to chattel may be committed by intentionally using or intermeddling with chattel in possession of another, where chattel is impaired as to its condition, quality, or value. Restatement (Second) of Torts, SS 217(b), 218(b). | Does intermeddling with chattel in the possession of another constitute a trespass to chattel? | 047295.docx | LEGALEASE-00128034-LEGALEASE-00128035 |
| State v. Ole Olsen, Ltd., 38 A.D.2d 967 | 13+65 | Court may, in equity action, mold relief to be granted to exigencies of case as they exist at close of trial, with reference to facts, law and equities then existing. | "May a court, in an equity action, mold relief to be granted to exigencies of case as they exist at the close of trial?" | 005984.docx | LEGALEASE-00128269-LEGALEASE-00128270 |
| Shirey v. Campbell, 151 So. 2d 557 | 150+84 | What constitutes laches is to be determined in the light of the circumstances of a particular case, and application of doctrine is controlled by equitable considerations and it cannot be invoked to defeat justice and will be applied only where enforcement of asserted right will not work injustice. | "Can the doctrine of ""laches"" be invoked to defeat justice?" | 006014.docx | LEGALEASE-00128393-LEGALEASE-00128394 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704 | 241+100(7) | Under both California and Nevada law, when a potential plaintiff is in a fiduciary relationship with another individual, that plaintiff's burden of discovery, for purposes of commencing the running of statute of limitations, is reduced; in such cases, a plaintiff is entitled to rely on the statements and advice provided by the fiduciary, and if the delay in commencing an action is induced by the conduct of the defendant, the defendant cannot avail himself of the defense of the statute of limitations. | "Where delay in commencing an action is induced by a defendant's conduct, can the delay be availed of by a defendant as a defense?" | 006107.docx | LEGALEASE-00128175-LEGALEASE-00128176 |
| NECA Ins. Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 595 F. Supp. 955 | 25T+137 | Service of suit clause in parties' agreement was designed to guarantee enforcement of arbitration awards and was not designed to supercede an obligation to arbitrate disputes within scope of the arbitration clause. | Is a service of suit clause designed to guarantee the enforcement of arbitration awards or designed to supersede an obligation to arbitrate disputes within the scope of an arbitration clause? | 007273.docx | LEGALEASE-00128674-LEGALEASE-00128675 |
| Parker v. Levy, 417 U.S. 733 | 34+1 | For the reasons which differentiate military society from civilian society, Congress is permitted to legislate both with greater breadth and with greater flexibility when prescribing the rules by which the military shall be governed than it is when prescribing rules for the civilian society. 10 U.S.C.A. SS 933, 934. | Is Congress permitted to legislate military regulations with greater breadth and with greater flexibility than when prescribing rules for the civilian society? | 008299.docx | LEGALEASE-00128583-LEGALEASE-00128584 |
| Font v. Laird, 318 F. Supp. 891 | 34+1 | Congress' power to raise and maintain armies is based on constitutional power that is broad and sweeping and does not depend on contemporaneous existence of a war and may be exercised in time of peace. Military Selective Service Act of 1967, S 6(j), 50 U.S.C.A. App. S 456(j). | Does Congress' power to raise and maintain armies depend on the contemporaneous existence of a war? | 008303.docx | LEGALEASE-00128593-LEGALEASE-00128594 |
| Wells Fargo Bank, N.A. v. Fisch, 103 A.D.3d 622 | 307A+501 | General rule is that plaintiff should be permitted to discontinue action without prejudice, unless defendant would be prejudiced thereby. McKinney's CPLR 3217(b). | Is there a general rule that plaintiff should be permitted to discontinue the action without prejudice unless defendant would be prejudiced thereby? | 039233.docx | LEGALEASE-00128343-LEGALEASE-00128344 |
| In re New York Skyline, 432 B.R. 66 | 307A+501 | Under New York law, meaning of "with prejudice" language in stipulation of discontinuance is subject to the usual rules of contract interpretation through which the court gives effect to the intention of the parties. | "Is the meaning of ""with prejudice"" language subject to the usual rules of contract interpretation through which the court gives effect to the intention of the parties?" | Pretrial Procedure - Memo # 976  - C - SB.docx | ROSS-003299683-ROSS-003299684 |
| C/S Sols. v. Energy Maint. Servs. Grp. LLC, 274 S.W.3d 299 | 307A+503 | The distinction between a pure Rule 162 nonsuit, which voluntarily dismisses the entire case, and a voluntary dismissal that abandons the case as to certain parties and/or claims has no practical effect when a plaintiff files a written "nonsuit" that abandons the case as to certain claims so long as the written "nonsuit" does not run afoul of the time restrictions in pleading rule that allows a plaintiff to file an amended pleading that omits a claim, as under the liberal pleading rules, the document is in substance an amended pleading voluntarily dismissing the claims, notwithstanding the fact that the word "nonsuit" appears. Vernon's Ann.Texas Rules Civ.Proc., Rules 63, 71, 162, 163. | What is the distinction between a pure Rule 162 nonsuit and a voluntary dismissal? | 039532.docx | LEGALEASE-00128483-LEGALEASE-00128484 |
| Citigroup Glob. Markets Inc. v. Abbar, 761 F.3d 268 | 25T+410 | Arbitration rules of an industry self-regulatory organization such as the Financial Industry Regulatory Authority (FINRA) are interpreted like contract terms; the organization's arbitration provision should thus be interpreted to give effect to the parties' intent as expressed by the plain language of the provision. | "Is the interpretation of the arbitration rules of an industry self-regulatory organization (or SRO), similar to contract interpretation?" | 007281.docx | LEGALEASE-00128829-LEGALEASE-00128831 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Bunker Hill Urban Renewal Project 1B of Cmty. Redevelopment Agency of City of Los Angeles, 61 Cal. 2d 21 | 405+2865(4) | Subject to constitutional restrictions, Legislature has absolute power over organization, dissolution, powers and liability of flood control districts and school districts. | "Subject to constitutional restrictions, does legislature have absolute power over organization, dissolution, powers, and liability of flood control districts and school districts?" | 016936.docx | LEGALEASE-00128795-LEGALEASE-00128796 |
| King v. Indus. Comm'n of Utah, 850 P.2d 1281 | 413+511 | Workers' Compensation Act is based on contract principles and employee's right to benefits arises when he suffers work-related injury. U.C.A.1953, 35-1- to 35-1-107. | s the Workers Compensation Act based on contract principles and employees rights to benefits arise when they suffer a work-related injury? | Workers Compensation - Memo #101 ANC.docx | LEGALEASE-00018814-LEGALEASE-00018816 |
| Chappy v. Labor & Indus. Review Comm'n, 128 Wis. 2d 318 | 413+1 | Worker's compensation statutes are economic regulations by which legislature has balanced competing societal interests as a matter of public policy. | Are workers compensation statutes economic regulations by which the legislature has balanced competing societal interests as a matter of public policy? | 047750.docx | LEGALEASE-00128758-LEGALEASE-00128759 |
| Bd. of Ed. of City of Chicago v. Chicago Teachers Union, Local No. 1, 82 Ill. App. 3d 354 | 413+2084 | Although Workmen's Compensation Act provides an employee with exclusive statutory remedy against employer for industrial accident, Act does not prevent parties from agreeing to contract to supplement benefits conferred by Act. S.H.A. ch. 48, SS 138.1 et seq., 138.5(a), 138.11. | Can parties enter into contracts to supplement benefits conferred by the Workers Compensation Act? | 048545.docx | LEGALEASE-00128703-LEGALEASE-00128704 |
| Sanders v. Doe, 831 F. Supp. 886 | 413+1 | Workers' compensation laws shift risk of work-related injury from employee to employer but compromise employee's right to sue at common law. | "Do workers compensation laws shift the risk of work-related injury from the employee to the employer, but compromise the employees right to sue at common law?" | 048551.docx | LEGALEASE-00128707-LEGALEASE-00128708 |
| J. Schnarr & Co. v. Virginia-Carolina Chem. Corp., 118 Fla. 258 | 307A+501 | Nonsuit is "voluntary" when plaintiff allows judgment to be entered against him for costs by absenting himself or failing to answer when called on to hear verdict (Comp.Gen.Laws 1927, S 4357). | "Is a nonsuit ""voluntary"" when a plaintiff allows judgment to be entered against him for costs by absenting himself or failing to answer when called on to hear a verdict?" | 026223.docx | LEGALEASE-00129125-LEGALEASE-00129126 |
| Duke v. Sun Oil Co., 320 F.2d 853 | 8.30E+23 | Check is simply a written order on a bank, executory in nature, instructing bank to make certain payment, and so far as payee's rights against drawee are concerned, order may be revoked by drawer at any time before check is paid or in some manner accepted by bank on which it is drawn. | Can a check be revoked by the drawer? | Bills and Notes - Memo 165 - RK.docx | ROSS-003300098-ROSS-003300099 |
| Ammlung v. City of Chester, 224 Pa. Super. 47 | 307A+501 | Pertinent statutory requisites for discontinuance were not designed to afford protection to plaintiff seeking discontinuance but rather to other parties to the action. Pa.R.C.P. Nos. 126, 229, 229(b), 1033, 12 P.S. Appendix. | Are pertinent statutory requisites for discontinuance designed to afford protection to a plaintiff seeking discontinuance or to other parties to the action? | 024753.docx | LEGALEASE-00129358-LEGALEASE-00129360 |
| In re Nancy A., 344 Ill. App. 3d 540 | 307A+512 | When plaintiffs move for voluntary dismissal, trial judges have discretion to hear a previously filed motion that, if ruled upon favorably by the court, could result in a final disposition of the case; absent such a circumstance, the trial judge generally has no discretion to deny the motion to voluntarily dismiss. | Do plaintiffs have an absolute right to take a voluntary dismissal? | Pre-trial Procedure - Memo # 1048 - C - KG.docx | LEGALEASE-00019308-LEGALEASE-00019309 |
| Christenson v. Gutman, 249 A.D.2d 805 | 307A+501 | Motion for voluntary discontinuance is generally granted, absent showing of special circumstances, including prejudice or other improper consequences. McKinney's CPLR 3217(b). | Is motion for voluntary discontinuance generally granted absent a showing of special circumstances which includes prejudice or other improper consequences? | Pretrial Procedure - Memo # 1288 - C - RY.docx | LEGALEASE-00019403-LEGALEASE-00019404 |
| Jenkins v. Devine Foods, 3 N.J. 450 | 307A+742.1 | The purpose of pre-trial conference is to simplify the issues, amend pleadings where necessary and avoid unnecessary proof of facts at the trial. Rules 3:16, 3:79. | "Is purpose of pre-trial conference to simplify the issues, amend pleadings where necessary and avoid unnecessary proof of facts at the trial?" | 026290.docx | LEGALEASE-00129713-LEGALEASE-00129714 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Weirton Med. Ctr. v. Mazzone, 214 W. Va. 146 | 307A+747.1 | Ordinarily, the scheduling order entered by a trial court controls the course of litigation of a case unless modified by a subsequent order. Rules Civ.Proc., Rule 16(b). | Does the scheduling order entered by a trial court control the course of litigation of a case unless modified by a subsequent order? | Pretrial Procedure - Memo # 1355 - C - TJ.docx | ROSS-003313069-ROSS-003313070 |
| Stone v. Kaufman, 88 W. Va. 588 | 307A+510 | A plaintiff always has the right to discontinue his suit, unless to do so will result in legal prejudice to the defendant, other than the mere prospect of future litigation rendered possible by the discontinuance. | "Does a plaintiff always have the right to discontinue his suit, unless to do so will result in legal prejudice to the defendant?" | 026385.docx | LEGALEASE-00129974-LEGALEASE-00129977 |
| Woodward v. Heritage Const. Co., 887 N.E.2d 994 | 307A+747.1 | The purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | Does a pre-trial order control the subsequent course of the action? | Pretrial Procedure - Memo # 1533 - C - NE.docx | ROSS-003286206-ROSS-003286207 |
| Feykert v. Hardy, 213 Cal. App. 2d 67 | 307A+749.1 | Until presented with request for its modification, trial judge has right to rely on posture of case defined by pretrial conference order. | "Until presented with request for its modification, does a trial judge have a right to rely on posture of a case defined by a pretrial conference order?" | Pretrial Procedure - Memo # 2444 - C - VA.docx | ROSS-003300086-ROSS-003300087 |
| Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614 | 25T+143 | Potential complexity of antitrust matters does not suffice to ward off arbitration nor does arbitration panel pose too great a danger of innate hostility to constraints on business conduct that antitrust law imposes. 9 U.S.C.A. S 1 et seq. | Will an arbitration panel pose too great a danger of innate hostility to the constraints on business conduct that antitrust law imposes? | Alternative Dispute Resolution - Memo 547 - RK.docx | ROSS-003300679-ROSS-003300680 |
| S. Cotton Oil Co. v. S. Breen & Co., 171 N.C. 51 | 307A+501 | A voluntary nonsuit is an abandonment of cause by plaintiff who allows judgment for costs against him by absenting himself or failing to answer when called to hear the verdict. | Is a voluntary nonsuit an abandonment of a cause by a plaintiff who allows a judgment for costs against him by absenting himself or failing to answer when called to hear the verdict | 026115.docx | LEGALEASE-00130427-LEGALEASE-00130428 |
| Payne v. Nichols, 176 S.W.2d 961 | 307A+517.1 | Plaintiff's statutory right to dismiss his suit voluntarily is absolute, and is without prejudice to his subsequent assertion of the matters asserted therein. Rev.St.1925, art. 2182. | "Is a plaintiff's statutory right to dismiss his suit voluntarily absolute, and is it without prejudice to his subsequent assertion of the matters asserted therein?" | Pretrial Procedure - Memo # 1277 - C - PC.docx | ROSS-003301189-ROSS-003301190 |
| Brown v. United Ins. Co. of Am., 268 S.C. 254 | 307A+742.1 | Pretrial conference should be utilized to shorten and simplify the trial process and, if necessary, to eliminate it; conference is designed, at least in part, to cut down on time needlessly spent in the courtroom, at heavy expense to judiciary and the bar as well as to the parties and the public. Circuit Court Rules, rule 43. | How should a Pretrial conference be utilized and designed? | 026462.docx | LEGALEASE-00131151-LEGALEASE-00131152 |
| Benware v. Means, 1999-1410 (La. 1/19/00) | 307A+749.1 | Because the pre-trial conference is an invaluable tool for promoting a fair and speedy trial and aiding in the reduction of the court's backlog of cases, pre-trial orders must be strictly adhered to by the parties. LSA-C.C.P. art. 1551. | Should the pre-trial orders be strictly adhered to for promoting a fair and speedy trial? | 026793.docx | LEGALEASE-00130685-LEGALEASE-00130686 |
| Malloy v. Vanwinkle, 94-2060 (La. App. 4 Cir. 9/28/95), 662 So. 2d 96 | 307A+743 | One purpose of pretrial order is to narrow issues for trial to what is really in dispute and save time and effort that otherwise would be expended proving facts as to which there is no real contest. LSA-C.C.P. art. 1551. | Would narrowing the issues for trial be the only purpose of a pretrial order? | 026837.docx | LEGALEASE-00130707-LEGALEASE-00130708 |
| King v. Zimmerman, 266 Mont. 54 | 307A+743 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | "Is the purpose of pretrial orders to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders?" | 026859.docx | LEGALEASE-00131052-LEGALEASE-00131053 |
| Itron v. Consert Inc., 109 A.3d 583 | 307A+749.1 | Courts generally hold stipulations, agreements, or statements of counsel made at the pretrial conference to be binding for purposes of the trial. | "Do courts generally hold stipulations, agreements, or statements of counsel made at the pretrial conference to be binding for purposes of the trial?" | 026892.docx | LEGALEASE-00130500-LEGALEASE-00130501 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clark v. Randalls Food, 317 S.W.3d 351 | 307+331 | While parties need not take extraordinary measures to preserve evidence, they have a duty to exercise reasonable care in preserving potentially relevant evidence. | "While parties need not take extraordinary measures to preserve evidence, do they have a duty to exercise reasonable care in preserving potentially relevant evidence?" | 026896.docx | LEGALEASE-00130520-LEGALEASE-00130521 |
| Letson v. State, 236 Ga. App. 340 | 110+1151 | Each of the named statutory requirements for a continuance based on the absence of a witness must be met before the appellate court will review the trial court's discretion in denying the motion for continuance. O.C.G.A. S 17-8-25. | "Where any one of the eight statutory requirements for granting continuance based upon the absence of a witness is not met, is there an abuse of the trial court's discretion to deny a continuance?" | 026908.docx | LEGALEASE-00130593-LEGALEASE-00130594 |
| Karlseng v. Cooke, 286 S.W.3d 51 | 307A+718 | When the basis for a requested continuance is want of testimony, the movant must show (1) the testimony is material, (2) due diligence has been used to obtain the testimony, (3) there is a reasonable explanation given for the failure to obtain the testimony, and (4) the testimony cannot be procured from another source. | What should the movant show when the basis for a requested continuance is want of testimony? | 026920.docx | LEGALEASE-00130695-LEGALEASE-00130696 |
| Cooper v. Rosser, 232 Ga. 597 | 307A+750 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | "Is the matter within discretion of the trial judge, where a question of precluding issues is raised?" | 027001.docx | LEGALEASE-00131280-LEGALEASE-00131281 |
| Cockrell v. Garton, 244 Neb. 359 | 307A+750 | In relation to evidence, pretrial conference is designed for and primarily used to restrict evidence to issues formulated, secure admissions or stipulations, and avoid unduly cumulative evidence and necessity of proving foundation for clearly competent evidence; it is neither designed for nor intended to arbitrarily exclude noncumulative evidence pertinent to issues simply because it was not mentioned at pretrial hearing. | How is a pretrial conference designed in relation to evidence? | Pretrial Procedure - Memo # 1797 - C - SPB.docx | LEGALEASE-00020857-LEGALEASE-00020858 |
| Reyna Fin. Corp. v. Lewis Serv. Ctr., 229 Neb. 878 | 307A+750 | Issue specified at pretrial conference control the course of the action unless altered by the trial court, and constitute issues upon which case is to be tried. | Does an issue specified at the pretrial conference control the course of the action unless altered by the trial court? | Pretrial Procedure - Memo # 1804 - C - SN.docx | ROSS-003286364-ROSS-003286365 |
| Woodward v. Heritage Const. Co., 887 N.E.2d 994 | 307A+747.1 | The purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | Does a pretrial order control the subsequent course of the action and trial? | Pretrial Procedure - Memo # 1814 - C - SB.docx | ROSS-003313287-ROSS-003313288 |
| Klinghoffer v. Barasch, 4 Cal. App. 3d 258 | 307A+501 | Where a complaint in intervention seeks only to resist plaintiff's cause of action, plaintiff still retains privilege of voluntary dismissal, which will apply to intervenor as well. West's Ann.Code Civ.Proc. SS 387, 581, subds. 1, 5. | "Where a complaint in intervention seeks only to resist plaintiff's cause of action, does the plaintiff still retain a privilege of voluntary dismissal?" | 027408.docx | LEGALEASE-00131233-LEGALEASE-00131234 |
| Black v. Don Schmid Motor, 232 Kan. 458 | 307A+745 | Purpose of pretrial order is to define and clarify the issues and, when entered pursuant to statute, the order has full force and effect of other orders of the court and controls the subsequent course of the trial unless modified to prevent manifest injustice. Rules Civ.Proc., K.S.A. 60-216. | Do orders at pretrial conference have full force of other orders? | 027539.docx | LEGALEASE-00130873-LEGALEASE-00130874 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People ex rel. Du Page Cty. v. Smith, 21 Ill. 2d 572 | 268+619 | Service charges, tolls, water rates and the like are contractual in nature, either express or implied, and are compensation for the use of another's property or of an improvement made by another, and their amount is determined by cost of property or improvement and the consideration of return which such an expenditure should yield. | What is the contrast between a tax and a service charge? | 044732.docx | LEGALEASE-00130875-LEGALEASE-00130876 |
| Mcleod v. Columbia Cty., 278 Ga. 242 | 371+2001 | A legislative body's characterization of the amounts collectible for services rendered as being fees is not controlling on the question of whether they constitute fees or taxes. | Is a legislative body's characterization of the amounts collectible for services rendered as being fees controlling on the question of whether they constitute fees or taxes? | Taxation - Memo # 189 - C - SS.docx | ROSS-003286808-ROSS-003286810 |
| Nixon v. Sec'y of Navy, 422 F.2d 934 | 34+2 | The Navy is bound by its own validly promulgated regulations, and federal district courts are free to entertain suits by servicemen requesting compliance with such rules. | Are the federal district courts free to entertain suits by servicemen requesting compliance with rules promulgated by the Navy? | 008891.docx | LEGALEASE-00132405-LEGALEASE-00132406 |
| State v. Flansbaum-Talabisco, 121 So. 3d 568 | 63+1(1) | An explicit quid pro quo is necessary for a conviction under corruption-related statutes when a government representative accepts a campaign contribution, including bribery, unlawful compensation, and official misconduct. West's F.S.A. SS 838.015(1), 838.016(1), 838.022. | Is an explicit quid pro quo necessary for a conviction under corruption-related statutes when a government representative accepts a campaign contribution? | 011135.docx | LEGALEASE-00131526-LEGALEASE-00131527 |
| Bowman v. Benouttas, 519 S.W.3d 586 | 307A+747.1 | A trial court has the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery. Tenn. R. Civ. P. 16.01. | "Does a trial court have the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery?" | Pretrial Procedure - Memo # 1500 - C - NC.docx | ROSS-003286197-ROSS-003286198 |
| Marrow v. State Farm Ins. Co., 264 Ark. 227 | 307A+331 | Motion for production of documents must be considered in light of particular circumstances which give rise to it and need of moving party for information requested. | Must a motion for production of documents be considered in light of particular circumstances which give rise to it and need of movant for information requested? | 027281.docx | LEGALEASE-00131670-LEGALEASE-00131671 |
| Norton v. Ewaskio, 241 S.C. 557 | 30+3239 | Motion for continuance based on absence of material witness is addressed to sound discretion of trial judge, and his ruling will not be disturbed in absence of an abuse of discretion. | "In a motion for continuance based on the absence of a material witness, will a trial judge's ruling not be disturbed in absence of an abuse of discretion?" | 027471.docx | LEGALEASE-00132307-LEGALEASE-00132308 |
| Williams v. Clarke, 81 N.Y.S. 381 | 170A+1713.1 | Effect of voluntary dismissal without prejudice pursuant to Federal Rules of Civil Procedure is to render proceedings a nullity and leave parties as if action had never been brought. Fed.Rules Civ.Proc.Rule 41(a)(1), 28 U.S.C.A. | Is the effect of a voluntary dismissal of a complaint to render the proceedings a nullity and leave the parties as if the action had never been brought? | Pretrial Procedure - Memo # 2331 - C - NE.docx | ROSS-003300041-ROSS-003300042 |
| In re Team Rocket, 256 S.W.3d 257 | 307A+517.1 | Once a ruling is made on the merits, as in a summary judgment, that decision becomes final as to that issue and cannot be vitiated by nonsuiting and refiling the case. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Once a ruling is made on the merits, as in a summary judgment, does that decision become final as to that issue and cannot be vitiated by nonsuiting and refiling the case?" | 027795.docx | LEGALEASE-00131602-LEGALEASE-00131604 |
| Hawk v. Branjes, 97 Wash. App. 776 | 102+197 | While a voluntary dismissal generally divests a court of jurisdiction to decide a case on the merits, an award of attorney fees pursuant to a statutory provision or contractual agreement is collateral to the underlying proceeding; as a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees. CR 41(a)(1). | "Once a case is voluntarily dismissed, is a trial court divested of jurisdiction to proceed in the case in any manner?" | 027821.docx | LEGALEASE-00131866-LEGALEASE-00131868 |
| Neal v. Hall, 28 So. 2d 131 | 307A+693.1 | A dismissal of suit as of nonsuit restores matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint. | Does a dismissal without prejudice restore matters to the status occupied before the suit was instituted and leaves the party free to again come into court with his complaint? | 027834.docx | LEGALEASE-00131989-LEGALEASE-00131990 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Piper Aircraft Distribution Sys. Antitrust Litig., 551 F.2d 213 | 336H+403 | Although there are strong arguments that may be advanced for applying the rule of collateral estoppel to a class action determination when the plaintiff is engaging in multi-district litigation, the district court was, in the instant case, foreclosed from applying collateral estoppel as a basis for denying class action status, since, in respect to a prior Florida suit in which class action status was denied, the defendants had not filed an answer and the case was thus not in fact at issue when the class action hearing took place, since plaintiff, on the day after the order denying class action status, filed notice of voluntary dismissal without prejudice, and since the effect of that dismissal was to render the proceedings a nullity and leave the parties as if the action had never been brought. Fed.Rules Civ.Proc. rules 23, 41(a)(1), 28 U.S.C.A. | Is the effect of a voluntary dismissal without prejudice to render the proceedings a nullity and leave the parties as if the action had never been brought? | 027844.docx | LEGALEASE-00132095-LEGALEASE-00132097 |
| Kelly v. Colston, 977 So. 2d 692 | 307A+517.1 | The effect of a voluntary dismissal prior to submission of case to the court is immediate, final, and irreversible; it terminates the litigation and instantaneously divests the court of its jurisdiction to enter further orders. West's F.S.A. RCP Rule 1.420. | "Is the effect of a voluntary dismissal prior to submission of case to the court immediate, final, and irreversible?" | Pretrial Procedure - Memo # 2405 - C - ES.docx | ROSS-003327083-ROSS-003327084 |
| Sch. Dist. of City of Scranton v. Dale & Dale Design & Dev., 559 Pa. 398 | 371+2150 | In determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases; the incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied. | How is double taxation determined? | 044856.docx | LEGALEASE-00131715-LEGALEASE-00131716 |
| Fish v. Indus. Comm'n, 12 Ariz. App. 486 | 413+1 | Industrial compensation is not based on good moral character of claimant but is founded on claim coming within scope of workmen's compensation statutes. A.R.S. SS 23-1041, 23-1046, subsec. B, 23-1064. | Is industrial compensation based on good moral character of the claimant or founded on a claim coming within the scope of the workmens compensation statutes? | 047835.docx | LEGALEASE-00131760-LEGALEASE-00131761 |
| United States v. Garrido, 713 F.3d 985 | 63+1(1) | Purpose of federal statute that concerns bribery in connection with state and local entities receiving federal funds is to protect federal funds by preserving the integrity of the entities that receive the federal funds. 18 U.S.C.A. S 666. | What is the purpose of the statute that concerns bribery in connection with state and local entities receiving federal funds? | 011188.docx | LEGALEASE-00132609-LEGALEASE-00132611 |
| United States v. Gatling, 96 F.3d 1511 | 63+1(1) | Central difference between accepting bribe and accepting gratuity is degree of culpable intent on part of recipient; to convict defendant for accepting bribe, jury must find that defendant acted corruptly, whereas to convict for accepting gratuity, jury need only find that defendant acted knowingly and willingly. 18 U.S.C.A. S 201. | What is the central difference between accepting a bribe and accepting a gratuity? | Bribery - Memo #261 - C - LB.docx | ROSS-003285761-ROSS-003285762 |
| Yorkshire Worsted Mills v. Nat'l Transit Co., 325 Pa. 427 | 307A+16 | "Bill of discovery" in aid of action at law is equitable remedy to enable litigant to obtain, prior to trial, such information as is in exclusive possession of adverse party and is necessary to establishment of complainant's case. | Is a bill of discovery an equitable remedy in law? | Pretrial Procedure - Memo # 1883 - C - KS.docx | ROSS-003287289-ROSS-003287290 |
| Walters v. First Fed. Sav. & Loan Ass'n of Phoenix, 131 Ariz. 321 | 307A+750 | Purpose of pretrial order and statement is to simplify issues after party has completed discovery and to shorten trial time, and to limit the issues to be tried. 16 A.R.S. Rules Civ.Proc., Rule 16(a). | "Is the purpose of a pretrial order and a statement to simplify issues after party has completed discovery and to shorten trial time, and to limit the issues to be tried?" | 027157.docx | LEGALEASE-00133136-LEGALEASE-00133137 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kidd v. Cincinnati Transit Co., 24 Ohio App. 2d 101 | 307A+717.1 | It is the policy of the law that parties to an action should have the benefit of personal attendance of material witnesses to a trial whenever reasonably practicable. | Is it the policy of the law that parties to an action should have the benefit of personal attendance of material witnesses to a trial whenever reasonably practicable? | 027191.docx | LEGALEASE-00132996-LEGALEASE-00132997 |
| Ex parte Rowell, 248 Ala. 80 | 307A+331 | The statute empowering court, on affidavit of necessity and materiality, to require a party to suit to produce documents in his possession is supplementary to statute looking to production of documents at trail. Code 1940, Tit. 7, SS 426, 487, 489. | "Is the statute empowering court, on affidavit of necessity and materiality, requires a party to suit to produce documents in his possession supplementary to a statute looking to production of documents at trail?" | 027222.docx | LEGALEASE-00132590-LEGALEASE-00132591 |
| Medina v. Osiecki, 2009-Ohio-5574, 154 Ohio Misc. 2d 7 | 307A+517.1 | A case that has been voluntarily dismissed is treated as though it had never been filed; the parties are returned to the position they were in prior to commencement of the action. | Is a case that has been voluntarily dismissed treated as though it had never been filed and do the parties return to the position they were in prior to commencement of the action? | 027703.docx | LEGALEASE-00132673-LEGALEASE-00132674 |
| Richter v. Prairie Farms Dairy, 2016 IL 119518 | 30+78(4) | A voluntary dismissal terminates the entire action and renders immediately appealable all final orders entered therein that were not previously appealable. S.H.A. 735 ILCS 5/2-1009. | Does a voluntary dismissal terminate the entire action and renders immediately appealable all final orders entered therein that were not previously appealable? | 028042.docx | LEGALEASE-00133374-LEGALEASE-00133376 |
| Deutsche Bank Nat. Tr. Co. v. McGurk, 206 Cal. App. 4th 201 | 307A+517.1 | A plaintiff's voluntary dismissal of his action has the effect of an absolute withdrawal of his claim and leaves the defendant as though he had never been a party. | Does a plaintiff's voluntary dismissal of his action has the effect of an absolute withdrawal of his claim and leaves the defendant as though he had never been a party? | 028123.docx | LEGALEASE-00132578-LEGALEASE-00132579 |
| Sullwold v. Barcus, 17 Kan. App. 2d 410 | 307A+750 | Unless modified to prevent manifest injustice, pretrial order controls course of action, and issue or claim for relief that is not contained in pretrial order should not be entertained by trial court. Rules Civ.Proc., K.S.A. 60-216. | Should an issue or claim for relief that is not contained in pretrial order be entertained by trial court? | 028137.docx | LEGALEASE-00132619-LEGALEASE-00132620 |
| Schein v. Am. Rest. Grp., 852 S.W.2d 496 | 307A+517.1 | Discovery sanctions barring introduction of certain evidence in documents for failure to timely respond to discovery request do not survive nonsuit, and thus such evidence is admissible in subsequent suit between parties on same issue. Vernon's Ann.Texas Rules Civ.Proc., Rule 215, subd. 5. | Do discovery sanctions barring introduction of certain evidence in documents for failure to timely respond to discovery request survive nonsuit? | 028171.docx | LEGALEASE-00132846-LEGALEASE-00132847 |
| Velasco v. Chambless, 295 Ga. App. 376 | 307A+486 | The trial court is vested with broad discretion to permit withdrawal of an admission made by reason of the failure to make a timely response to the request. West's Ga.Code Ann. S 9-11-36(b). | Does a trial court have broad discretion to permit the withdrawal of an admission made by failing to timely respond to a request? | 028173.docx | LEGALEASE-00132864-LEGALEASE-00132865 |
| Spice v. Pierce Cty., 149 Wash. App. 461 | 307A+517.1 | The effect of a party's voluntary dismissal or withdrawal of an action renders the proceeding a nullity and leaves the parties in the same position as if the action had never occurred. | Does the effect of a party's voluntary dismissal or withdrawal of an action render the proceeding a nullity and leaves the parties in the same position as if the action had never occurred? | 028343.docx | LEGALEASE-00132641-LEGALEASE-00132642 |
| Bonds v. Byrd, 765 So. 2d 1205 | 307A+517.1 | Trial court's discretion to grant a voluntary dismissal is not unbridled; a trial court may not dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. | "Is a trial court's discretion to grant a voluntary dismissal, unbridled?" | 028353.docx | LEGALEASE-00132679-LEGALEASE-00132680 |
| Ashpole v. Millard, 778 S.W.2d 169 | 307A+517.1 | Taking of voluntary nonsuit does not constitute litigating of issues in case and does not prejudice parties against seeking the same relief in subsequent suit. | Does taking of a voluntary nonsuit constitute litigation of issues in a case and does not prejudice parties against seeking the same relief in a subsequent suit? | 028370.docx | LEGALEASE-00132732-LEGALEASE-00132733 |
| Liberman v. Liberman, 844 S.W.2d 79 | 307A+517.1 | When plaintiff voluntarily dismisses action without prejudice before introduction of evidence at trial, trial court loses jurisdiction as of date of dismissal. V.A.M.R. 67.01. | "When a plaintiff voluntarily dismisses an action without prejudice before introduction of evidence at trial, does the trial court lose jurisdiction as of the date of dismissal?" | Pretrial Procedure - Memo # 2681 - C - SKG.docx | ROSS-003287608-ROSS-003287609 |
| In re Bennett (Tex. 1997) 960 S.W.2d 35 | 307A+517.1 | Trial court is free to impose sanctions while it retains plenary jurisdiction even when motion for sanctions is filed after notice of nonsuit is filed. Vernon%22s Ann.Texas Rules Civ.Proc., Rule 162. | Is a trial court free to impose sanctions while it retains plenary jurisdiction even when motion for sanctions is filed after notice of nonsuit is filed? | 028395.docx | LEGALEASE-00132890-LEGALEASE-00132891 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Malone v. Schapun, 965 S.W.2d 177 | 307A+517.1 | Voluntary dismissal is not a "judgment of the court" within meaning of rule under which trial court retains control over judgments during 30-day period after entry of judgment. V.A.M.R. 67.01, 75.01. | Is a voluntary dismissal a judgment of the court within a meaning of a rule under which a trial court retains control over judgments during thirty-day period after entry of judgment? | 028399.docx | LEGALEASE-00132899-LEGALEASE-00132900 |
| Wilcox v. Birtwhistle, 21 Cal. 4th 973 | 307A+486 | Statute which permits an admission to be withdrawn or amended if admission was result of mistake, inadvertence, or excusable neglect, and party who obtained admission will not be substantially prejudiced, applies to all admissions, and thus permits withdrawal not only of admissions contained in an actual response, but also admissions deemed admitted based on a failure to respond; disapproving St. Paul Fire & Marine Ins. Co. v. Superior Court, 2 Cal.App.4th 843, 3 Cal.Rptr.2d 412; Courtesy Claims Serv., Inc. v. Superior Court, 219 Cal.App.3d 52, 268 Cal.Rptr. 30; Allen-Pacific, Ltd. v. Superior Court, 57 Cal.App.4th 1546, 67 Cal.Rptr.2d 804; Demyer v. Costa Mesa Mobile Home Estates, 36 Cal.App.4th 393, 42 Cal.Rptr.2d 260; Tobin v. Oris, 3 Cal.App.4th 814, 4 Cal.Rptr.2d 736; and Brigante v. Huang, 20 Cal.App.4th 1569, 25 Cal.Rptr.2d 354. West's Ann.Cal.C.C.P. S 2033(k, m). | "Can the court permit withdrawal of an admission only if the admission was the result of mistake, inadvertence, or excusable neglect and the opposing party will not be substantially prejudiced?" | Pretrial Procedure - Memo # 2695 - C - TM.docx | ROSS-003286712-ROSS-003286713 |
| Lugue v. Hercules, 12 F. Supp. 2d 1351 | 386+14 | Under Georgia law, no proof of actual injury to the land or a diminution in the property's value is required to maintain an action for trespass, and nominal damages can be awarded when the amount of actual injury is unclear. O.C.G.A. S 51-9-1. | Can nominal damages can be awarded when the amount of actual injury is unclear in a trespass action? | Trespass - Memo 239 - RK.docx | ROSS-003287810-ROSS-003287811 |
| McGarrah v. State Acc. Ins. Fund Corp., 296 Or. 145 | 413+1 | The theory underlying workers' compensation acts is the financial burden of losses due to injuries occurring in business should be treated as business expenses or production costs to be borne, not by the employee, but by the employer, who can transfer the burden to the consumer. ORS 656.001 et seq. | What is the theory underlying workers compensation acts? | 047777.docx | LEGALEASE-00132684-LEGALEASE-00132685 |
| McGough v. McCarthy Imp. Co., 206 Minn. 1 | 413+11 | A basic thought underlying the compensation act is that the business or industry shall in the first instance pay for accidental injuries to employees as a business expense or as a part of the cost of production. Mason's Minn.St.1927, S 4261 et seq. (M.S.A. S 176.02 et seq.). | Should business or industry pay for accidental injuries as a business expense or as part of the cost of production? | 047872.docx | LEGALEASE-00132945-LEGALEASE-00132947 |
| Am. Mut. Liab. Ins. Co. v. Reed Cleaners, 265 Minn. 503 | 413+1 | Liability of employer or compensation carrier to pay compensation benefits does not depend upon any cause of action employee might have against a third party, as liability exists whenever injury incurred arose out of and in the course of employment, regardless of negligence. M.S.A. s 176.011, subd. 16. | What does the employer or compensation carriers liability to pay compensation benefits not depend on? | 047883.docx | LEGALEASE-00132972-LEGALEASE-00132973 |
| Stocum v. Oakley, 185 N.C. App. 56 | 307A+517.1 | Generally, when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew; it is as if the suit had never been filed. Rules Civ.Proc., Rule 41(a), West's N.C.G.S.A. S 1A-1. | "Generally, when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew; is it as if the suit had never been filed?" | Pretrial Procedure - Memo # 2601 - C - KA.docx | LEGALEASE-00023443-LEGALEASE-00023444 |
| Anderson v. Laird, 437 F.2d 912 | 34+3(1) | In matters properly within area of military discretion, it is not for civil courts to judge whether the military has properly determined balance between military needs and personal rights. | Is it for the civil courts to judge whether the military has properly determined balance between military needs and personal rights? | 008381.docx | LEGALEASE-00133747-LEGALEASE-00133748 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Edwards, 103 Ariz. 487 | 352H+150 | Indictment drafted pursuant to provisions of statute providing approved "short form" essentials of bill for sex offense, without specifying which "sexual act" was committed is sufficient to charge crime of first-degree sexual offense and to inform defendant of such accusations and if defendant wishes additional information in nature of specific "sexual act" with which he stands charged, he may move for bill of particulars. G.S. SS 14-27.1(4), 14-27.4, 14-27.4(a)(1), 15-144.2(b). | Is specification of a sexual act necessary in proving sexual offenses? | 043036.docx | LEGALEASE-00133870-LEGALEASE-00133871 |
| Buse v. Smith, 74 Wis. 2d 550 | 371+2001 | Levying of taxes constitutes enforcement of proportional contributions from persons and property, levied by state or municipality for support of its government and its public needs. | "Does levying of taxes constitute enforcement of proportional contributions from persons and property, levied by state or municipality for support of its government and its public needs?" | Taxation - Memo # 400 - C - KI.docx | LEGALEASE-00023759-LEGALEASE-00023760 |
| Thomas v. United States, 42 Fed. Cl. 449 | 34+5(3) | A serviceman who has been improperly discharged is entitled to recover pay and allowances only to the date on which his term of enlistment would otherwise have expired. | Is a serviceman who has been improperly discharged entitled to recover pay and allowances only to the date on which his term of enlistment would otherwise have expired? | Armed Services - Memo 146 - JS.docx | ROSS-003290390-ROSS-003290391 |
| Thomas v. United States, 42 Fed. Cl. 449 | 34+5(3) | A serviceman who has been improperly discharged is entitled to recover pay and allowances only to the date on which his term of enlistment would otherwise have expired. | Is a serviceman who has been improperly discharged entitled to recover pay and allowances only to the date on which his term of enlistment would otherwise have expired? | Armed Services - Memo 146 - JS.docx | LEGALEASE-00023798-LEGALEASE-00023799 |
| Thomas v. State, 105 Fla. 332 | 63+1(2) | A public employee need not have actual authority to act in a particular capacity in order to be guilty of soliciting a bribe in relation to that act. West's Ann.Md.Code, Criminal Law, S 9-201(c). | Does a public employee need to have actual authority to act in a particular capacity in order to be guilty of soliciting a bribe in relation to that act? | 011223.docx | LEGALEASE-00134605-LEGALEASE-00134606 |
| United States v. Jacobs, 431 F.2d 754 | 63+1(1) | Statute against corruptly giving, offering or promising anything of value to public official with intent to influence any official act or to influence official to commit any fraud or make opportunity for commission of any fraud on United States or to induce official to do or omit to do any act in violation of his lawful duty is violated even though official offered a bribe is not corrupted or object of bribe cannot be attained, and it makes no difference if after act is done it turns out that there was actually no occasion to seek to influence any official conduct. 18 U.S.C.A. S 201(b). | Is Section 201(b) of the statute concerning bribery violated even if the bribe could not be attained? | 011478.docx | LEGALEASE-00134799-LEGALEASE-00134801 |
| People v. Latora, 128 A.D.2d 807 | 67+10 | To obtain conviction of burglary in first degree, State was required to prove that complainant suffered "physical injury," which is defined as "impairment of physical condition or substantial pain." McKinney's Penal Law SS 10.00, subd. 9, 140.30, subd. 2. | Does first degree burglary conviction require physical injury to the victim? | 013319.docx | LEGALEASE-00134284-LEGALEASE-00134286 |
| Einhaus v. O. Ames Co., 547 S.W.2d 821 | 272+1512 | General allegation of negligence predicated on act of defendant causing plaintiff's injury is sufficient as against an objection that no cause of action is stated, and it is not necessary to state specific facts showing the negligence in order to state a cause of action; plaintiff must, however, allege facts sufficient to inform defendant of breach of duty with which he is charged, and, if facts are within plaintiff's knowledge, he should be required to state them with reasonable particularity. | Should a plaintiff allege facts sufficient to inform the defendant of the breach of duty with which he is charged? | 023267.docx | LEGALEASE-00134204-LEGALEASE-00134205 |
| City of Krum v. Rice, 508 S.W.3d 808 | 307A+486 | A trial court may allow the withdrawal of a deemed admission upon a showing of (1) good cause and (2) no undue prejudice. Tex. R. Civ. P. 198.3. | May a trial court allow the withdrawal of a deemed admission upon a showing of (1) good cause and (2) no undue prejudice? | 028451.docx | LEGALEASE-00134440-LEGALEASE-00134441 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dwight v. Girard Med. Ctr., 154 Pa. Cmwlth. 326 | 307A+486 | If subject matter of admissions is broad and far-reaching, court should permit withdrawal of admissions in absence of bad faith or substantial prejudice. Rules Civ.Proc., Rule 4014(d), 42 Pa.C.S.A. | "If subject matter of admissions is broad and far-reaching, should a court permit a withdrawal of admissions in absence of bad faith or substantial prejudice?" | Pretrial Procedure - Memo # 2909 - C - NS.docx | ROSS-003291657-ROSS-003291658 |
| Lewis v. Mundy Const. Co., 781 S.W.2d 333 | 307A+486 | To establish good cause for withdrawal of deemed admissions, party must show legal or equitable excuses for his failure to answer requests for admissions. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "To establish good cause for withdrawal of deemed admissions, must a party show legal or equitable excuses for his failure to answer requests for admissions?" | 028741.docx | LEGALEASE-00134613-LEGALEASE-00134614 |
| Spiecker v. Petroff, 971 S.W.2d 536 | 307A+486 | Even a slight excuse will suffice as good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | "Will even a slight excuse suffice as a good cause to withdraw or amend an admission, especially when delay or prejudice to the opposing party will not result?" | Pretrial Procedure - Memo # 2973 - C - KG.docx | ROSS-003290339-ROSS-003290340 |
| Marshall v. D.C., 391 A.2d 1374 | 307A+486 | Unless party demonstrates prejudice by reliance on previous admissions, trial court should extend permission to withdraw or amend admissions. D.C.C.E. SCR, Civil Rule 36(b). | "Unless a party demonstrates prejudice by reliance on previous admissions, should a trial court extend permission to withdraw or amend admissions?" | 028898.docx | LEGALEASE-00134155-LEGALEASE-00134156 |
| In re Blount, 276 B.R. 119 | 51+3040.1 | While court has considerable discretion in deciding whether to allow party to withdraw or amend its deemed admissions, discretion must be exercised within bounds of two-part test, which requires determination (1) that presentation of merits will be subserved by permitting withdrawal or amendment; and (2) that party who obtained admissions will not be prejudiced in presenting its case. Fed.Rules Civ.Proc.Rule 36(b), 28 U.S.C.A. | What are the two prerequisites permitting withdrawal or amendment of admissions? | Pretrial Procedure - Memo # 3138 - C - VP.docx | ROSS-003290841-ROSS-003290842 |
| Cleveland Tr. Co. v. Willis, 20 Ohio St. 3d 66 | 307A+486 | Trial court may permit withdrawal of a matter admitted under Rule 36 regarding request for admission if withdrawal will aid in presenting merits of case and party who obtained admission fails to satisfy court that withdrawal will prejudice him in maintaining his action. Rules Civ.Proc., Rules 36, 36(B). | May a trial court permit withdrawal of a matter admitted under Rule 36? | 029101.docx | LEGALEASE-00134641-LEGALEASE-00134642 |
| Salazar v. Scotts Bluff County, 665 N.W.2d 659 | 307A+485 | A hearing on a motion for expenses pursuant to discovery rule, which allows a party to recover expenses associated with proving the genuineness of a matter which a party failed to admit to in requests for admission, is a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case. Discovery Rule 37(c). | Is hearing on a motion for expenses for a party's failure to admit a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case? | Pretrial Procedure - Memo # 3769 - C - MS.docx | LEGALEASE-00024544-LEGALEASE-00024545 |
| Campero USA Corp. v. STPC Partners, 410 F. Supp. 2d 1268 | 25T+205 | Under the Federal Arbitration Act (FAA), upon motion of a party, district courts must compel arbitration of all claims subject to arbitration, but on the other hand, the FAA does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement; because parties are free to structure their arbitration agreements as they see fit, they may limit by contract the issues which they will arbitrate. 9 U.S.C.A. S 1 et seq. | Can parties to an arbitration agreement limit by a contract the issues that they will arbitrate? | Alternative Dispute Resolution - Memo 618 - SB.docx | LEGALEASE-00024757-LEGALEASE-00024759 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Gatling, 96 F.3d 1511 | 63+1(1) | Timing is not determinative of whether payment constitutes bribe or gratuity for purposes of bribery statute, since statute proscribes offers and promises of bribes as well as giving of bribes, and it is only logical that in certain situations bribe will not actually be conveyed until act is done. 18 U.S.C.A. S 201. | "For purpose of bribery, do bribes have to be given before the official acts are done?" | 011521.docx | LEGALEASE-00135489-LEGALEASE-00135490 |
| People v. Longo, 119 Cal. App. 2d 416 | 63+1(1) | It was not an essential of the crime of bribery that bribe was offered to official with actual authority as long as official's act falls within general scope of duties, and he purported to act in official capacity. Pen.Code, S 671/212. | Is it essential to the crime of bribery that an officer's action is with actual authority so long as it falls within the general scope of his duties? | Bribery - Memo #358 - C-CSS.docx | ROSS-003303980-ROSS-003303981 |
| Careau & Co. v. Sec. Pac. Bus. Credit, 222 Cal. App. 3d 1371 | 302+11 | Complaint must allege ultimate facts necessary to statement of actionable claims; it is both improper and insufficient for plaintiff to simply plead evidence by which he hopes to prove such ultimate facts. | Must a complaint allege the ultimate facts necessary to the statement of an actionable claim? | Pleading - Memo 315 - RMM.docx | ROSS-003290244-ROSS-003290245 |
| Joachim v. Travelers Ins. Co., 279 S.W.3d 812 | 307A+517.1 | A nonsuit returns the litigants to the positions they occupied before the plaintiff invoked the court's jurisdiction, rendering the merits of the case moot. | "Does a nonsuit return the litigants to the positions they occupied before the plaintiff invoked the court's jurisdiction, rendering the merits of the case moot?" | Pretrial Procedure - Memo # 2770 - C - DA.docx | ROSS-003289534-ROSS-003289536 |
| Norris v. Hearst Tr., 500 F.3d 454 | 336H+105 | Under Texas law, subject to certain conditions, plaintiff who takes nonsuit is not precluded from filing subsequent suit seeking the same relief, and nonsuit may have effect of vitiating earlier interlocutory orders. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | May a nonsuit have the effect of vitiating earlier interlocutory orders? | Pretrial Procedure - Memo # 2786 - C - MS.docx | ROSS-003290313-ROSS-003290314 |
| Mireles v. Indiana Harbor Belt R.R. Corp., 154 Ill. App. 3d 547 | 307A+716 | Where more than one attorney is involved in case, absence of one attorney at time of trial does not mean that case should be continued, especially where attorney who tries case has had prior involvement in case and is competent to try case. | "Where more than one attorney is involved in case, does absence of one attorney at time of trial mean that case should be continued, especially where attorney who tries case has had prior involvement in case and is competent to try the case?" | 029292.docx | LEGALEASE-00135192-LEGALEASE-00135193 |
| Wilborn v. GE Marquette Med. Sys., 163 S.W.3d 264 | 307A+716 | When the ground specified in a motion for a continuance is the withdrawal of counsel, movants must show that the failure to be represented at trial was not due to their own fault or negligence. | "When the ground for the continuance is the withdrawal of counsel, must movants show that the failure to be represented at trial was not due to their own fault or negligence?" | 029331.docx | LEGALEASE-00135670-LEGALEASE-00135672 |
| Sims v. Day, 2004 WY 124 | 307A+716 | Withdrawal of an attorney does not entitle the party to a continuance if he created the situation and an unwarranted delay of judicial proceedings would occur. | Does withdrawal of an attorney not entitle the party to a continuance if he created the situation and an unwarranted delay of judicial proceedings would occur? | Pretrial Procedure - Memo # 3318 - C - SN.docx | ROSS-003289673-ROSS-003289674 |
| Lowe v. City of Arlington, 453 S.W.2d 379 | 307A+716 | Where it is shown that defendant's attorney has withdrawn from the case, it is duty of court to continue case a sufficient length of time to permit defendant to employ other counsel and to enable the new counsel to investigate the case and make defense. | "When a trial court allows an attorney to voluntarily withdraw, will it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" | 029371.docx | LEGALEASE-00135394-LEGALEASE-00135395 |
| In re Starr Produce Co., 988 S.W.2d 808 | 307A+715 | The trial court lacks any discretion as to whether to grant a properly requested legislative continuance, which is available to a party or party's attorney who is a legislator; instead, the trial court serves a merely ministerial function. V.T.C.A., Civil Practice & Remedies Code S 30.003. | "Does the trial court lack any discretion as to whether to grant a properly requested legislative continuance, which is available to a party or party's attorney who is a legislator?" | 029512.docx | LEGALEASE-00135626-LEGALEASE-00135627 |
| In re Estate of Herring, 970 S.W.2d 583 | 307A+473 | It is improper to request that opposing party admit or deny each and every allegation made in his or her petition, and such request will not result in deemed admission. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Is it improper to request that opposing party admit or deny each and every allegation made in his or her petition, and such request will not result in a deemed admission?" | Pretrial Procedure - Memo # 3547 - C - KA.docx | ROSS-003290834-ROSS-003290836 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lucas v. Clark, 347 S.W.3d 800 | 307A+483 | Generally, when a party fails to respond to a request for admission, either by timely answer, written objection, or motion to file late answers, the facts contained in the request are deemed admitted. | "When party receiving request for admissions fails to respond to request by any means, is the fact deemed admitted?" | Pretrial Procedure - Memo # 3623 - C - KBM.docx | ROSS-003290508-ROSS-003290509 |
| Ramsey v. Edgepark, 66 Ohio App. 3d 99 | 307A+483 | Failure to respond at all to request for admissions will result in requests becoming admissions, and matter admitted conclusively established for purpose of pending action. Rules Civ.Proc., Rule 36. | "Will failure to respond at all to request for admissions result in requests becoming admissions, and a matter admitted conclusively established for purpose of pending action?" | Pretrial Procedure - Memo # 3658 - C - SN.docx | ROSS-003290869-ROSS-003290870 |
| Turner v. Mize, 280 Ga. App. 256 | 307A+483 | Evidence is not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even if the substance of the matter deemed admitted was denied in the answer to the complaint. West's Ga.Code Ann. S 9-11-36(a)(2). | Is evidence not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even if the substance of the matter deemed admitted was denied in the answer to the complaint? | Pretrial Procedure - Memo # 3682 - C - SKG.docx | ROSS-003290878-ROSS-003290879 |
| Rafferty v. Scurry, 117 Ohio App. 3d 240 | 307A+483 | When party fails to respond, without justification, to properly served request for admissions, those matters to which requests were addressed will be deemed admitted. Rules Civ.Proc., Rule 36. | "When a party fails to respond, without justification, to properly served request for admissions, will those matters to which requests were addressed be deemed admitted?" | Pretrial Procedure - Memo # 3686 - C - SKG.docx | ROSS-003290528-ROSS-003290529 |
| Hudson v. Winn, 859 S.W.2d 504 | 307A+483 | Copy of requests for admissions, together with proof of service, must be filed with clerk of court, and proof of service is required before admissions will be deemed against a party. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | "Must a copy of requests for admissions, together with proof of service, be filed with the clerk of court, and proof of service is required before admissions will be deemed against a party?" | 030504.docx | LEGALEASE-00135753-LEGALEASE-00135754 |
| Bliss v. Carmona, 418 So. 2d 1017 | 302+8(1) | Certainty is required when pleading defenses and claims alike and pleading conclusions of law unsupported by allegation of ultimate fact is legally insufficient. | "Is certainty required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient?" | Pleading - Memo 337 - RMM.docx | ROSS-003290253-ROSS-003290254 |
| Nixon v. Harris, 31 Ill. App. 3d 204 | 307A+716 | In determining propriety of continuance due to counsel's absence, important if not determinative factor was degree of due diligence exercised by party seeking continuance. Supreme Court Rules, rules 231, 231(f), S.H.A. ch. 110A, SS 231, 231(f); S.H.A. ch. 110, S 59. | "Is the degree of due diligence exercised by the party seeking a continuance an important, if not determinative factor, in determining the propriety of a continuance due to counsel's absence?" | Pretrial Procedure - Memo # 3291 - C - SU.docx | ROSS-003290743-ROSS-003290744 |
| Moss v. Malone, 880 S.W.2d 45 | 307A+716 | When ground for continuance is withdrawal of counsel, movant must show that failure to be represented at trial was not due to her fault or negligence. | "When ground for continuance is withdrawal of counsel, must a movant show that failure to be represented at trial was not due to her fault or negligence?" | Pretrial Procedure - Memo # 3324 - C - CK.docx | LEGALEASE-00026171-LEGALEASE-00026172 |
| Garrett v. Bracy, 187 Kan. 207 | 307A+716 | Absence of attorney does not necessarily require that continuance be granted when associate counsel competent to represent party seeking continuance is in attendance. | Does absence of attorney not necessarily require that a continuance be granted when associate counsel competent to represent party seeking continuance is in attendance? | 029352.docx | LEGALEASE-00136091-LEGALEASE-00136092 |
| King v. Peeples, 328 Ga. App. 814 | 307A+713 | Whether to grant a continuance is a matter for the trial court's discretion, even in the face of the sudden withdrawal of retained counsel. | "Is the question of whether to grant a continuance a matter for the trial court's discretion, even in the face of the sudden withdrawal of retained counsel?" | Pretrial Procedure - Memo # 3377 - C - MS.docx | ROSS-003290781-ROSS-003290782 |
| Pandozy v. Shamis, 254 S.W.3d 596 | 307A+716 | When the ground for continuance is the withdrawal of counsel, the movants must show that the failure to be represented at trial was not due to their own fault or negligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 251. | "When the ground for a continuance is the withdrawal of counsel, must the movant show that the failure to be represented at trial was not due to her own fault or negligence?" | 029484.docx | LEGALEASE-00136532-LEGALEASE-00136533 |
| First Interstate Bank of Texas, N.A. v. Burns, 951 S.W.2d 237 | 307A+716 | Legislative continuance statute allows parties represented by attorneys who are members of state legislature to obtain continuances under certain circumstances. V.T.C.A., Civil Practice & Remedies Code S 30.003. | Does the legislative continuance statute allow parties represented by attorneys who are members of state legislature to obtain continuances under certain circumstances? | 029491.docx | LEGALEASE-00136577-LEGALEASE-00136578 |
| Ruiz v. Nicolas Trevino Forwarding Agency, 888 S.W.2d 86 | 307A+483 | When admissions are deemed, matters are conclusively established against admitting party unless court on motion permits withdrawal or amendment of admissions. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "When admissions are deemed, are matters conclusively established against an admitting party unless a court on motion permits withdrawal or amendment of admissions?" | Pretrial Procedure - Memo # 3594 - C - NA.docx | ROSS-003290973-ROSS-003290974 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Watts v. Lane Cty., 142 Or. App. 489 | 307A+485 | In appropriate cases, party that prevails at trial after opposing party denied requests for admission can recover its trial expenses, including attorney fees. Rules Civ.Proc., Rule 46, subd. C. | "Can a party that prevails at trial, after opposing party denies requests for admission, recover its trial expenses including attorney fees?" | Pretrial Procedure - Memo # 3600 - C - VP.docx | ROSS-003290503 |
| Lucas v. Clark, 347 S.W.3d 800 | 307A+483 | Generally, when a party fails to respond to a request for admission, either by timely answer, written objection, or motion to file late answers, the facts contained in the request are deemed admitted. | "Is the statute providing that requests for admission shall be deemed admitted if party fails to respond to requests prior to hearing on opponent's motion mandatory in nature, and does not permit any """interest of justice""" exception?" | 029935.docx | LEGALEASE-00136055-LEGALEASE-00136057 |
| St. Louis Sw. Ry. Co. of Texas v. McDermitt, 175 S.W. 509 | 307A+723.1 | An application for continuance based on surprise in the filing of an amended petition must show that defendant had a meritorious defense, which by continuance could be made to appear. | "When an application to continue is based on the ground of surprise in the filing of an amended petition, is it necessary to show that the applicant had a meritorious defense and by a continuance of the case such defense could be made to appear?" | 030207.docx | LEGALEASE-00136089-LEGALEASE-00136090 |
| Ethridge v. Perryman, 363 S.W.2d 696 | 307A+720 | Where it appears from pleadings, application for continuance and testimony that parties have prepared to meet issues tendered by amendment, a continuance on account of the amendment is not necessary. V.A.M.R. Civil Rule 55.53; Section 509.490 RSMo 1959, V.A.M.S. | "Where it appears from pleadings that an application for continuance and testimony that parties have prepared to meet issues tendered by amendment, is a continuance on account of the amendment not necessary?" | Pretrial Procedure - Memo # 4050 - C - PB.docx | ROSS-003291731-ROSS-003291732 |
| In re Interest of Azia B., 10 Neb. App. 124 | 307A+723.1 | An oral request for a continuance is not sufficient to comply with statutory requirements that the application be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of the proceedings. Neb.Rev.St. S 25-1148. | Can a request for continuation be made orally or should it be made in writing and supported by affidavit? | Pretrial Procedure - Memo # 4357 - C - SU.docx | ROSS-003291113-ROSS-003291114 |
| Soe v. Sex Offender Registry Bd., 466 Mass. 381 | 307A+725 | The decision whether to grant a continuance or stay ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case. | "Does the decision whether to grant a continuance or stay, rest upon a particularized inquiry into the circumstances of the case?" | Pretrial Procedure - Memo # 4572 - C - ES.docx | ROSS-003304552-ROSS-003304553 |
| Leonard v. Home Owners Loan Corp., 39 N.Y.S.2d 127 | 307A+91 | Purpose of Civil Practice Act was to simplify procedure for procuring depositions and, generally, to allow depositions to be taken unless testimony sought is immaterial and unnecessary or interests of justice would not be subserved. Civil Practice Act, S 1 et seq. | Is the Purpose of the Civil Practice Act to simplify the procedure for procuring depositions? | 031523.docx | LEGALEASE-00136956-LEGALEASE-00136958 |
| Ward v. Stanford, 443 S.W.3d 334 | 8.30E+282 | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer; a note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. | Should a negotiable instrument contain an unconditional promise to pay a certain sum of money? | Bills and Notes Memo 321- GP.docx | ROSS-003305033 |
| United States v. Arthur, 544 F.2d 730 | 63+1(1) | Crucial distinction between "goodwill" expenditures and bribery is the existence or nonexistence of criminal intent that the benefit be received by the public official as a quid pro quo for some official act, pattern of acts, or agreement to act favorably to the donor when necessary. Code W.Va., 61-5A-3, 61-5A-6; 18 U.S.C.A. S 656. | "What is the crucial distinction between """goodwill""" expenditures and bribery?" | 011812.docx | LEGALEASE-00137718-LEGALEASE-00137720 |
| People v. Teitelbaum, 138 A.D.2d 647 | 63+1(1) | Public official is guilty of bribe receiving in second degree if he solicits, accepts or agrees to accept benefit on understanding or agreement that actions will be influenced thereby. McKinney's Penal Law S 200.10(1973). | When is a public official guilty of bribe receiving in the second degree? | 011840.docx | LEGALEASE-00137628-LEGALEASE-00137630 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. Circle P Ranch Co., 150 Cal. Rptr. 828 | 307A+482.1 | Applicable statute conditions imposition of sanctions against a party, who wrongfully denies requests for admissions, upon a determination by trial court that basic statutory requirements for so doing are satisfied; although such statute does not require trial court to make written findings disclosing its reasons, there are instances when, in interests of availing aggrieved party of a meaningful appellate review, express findings supporting order imposing sanctions are desirable; such is especially true where aggrieved party attacks dollar amount of sanction on ground of its apparently arbitrary nature. West's Ann.Code Civ.Proc. S 2034(c). | "Are applicable statute conditions imposition of sanctions against a party, upon a determination by trial court that basic statutory requirements for so doing, satisfied?" | 030315.docx | LEGALEASE-00137474-LEGALEASE-00137475 |
| Saddle Hills Cmty. Ass'n v. Cavallari, 150 Ill. App. 3d 134 | 307A+483 | Party wishing to rely on admission requested, but not answered, must raise other party's failure to respond at some point in trial before failure will have any effect. | "Must a party wishing to rely on an admission requested, but not answered, raise the other party's failure to respond at some point in trial before failure will have any effect?" | 030488.docx | LEGALEASE-00137087-LEGALEASE-00137088 |
| Gregg v. Cecil, 844 S.W.2d 851 | 307A+723.1 | In ruling on motion for continuance, court must look at the entire record in the case and not just the sworn allegations set forth in the motion. | "In ruling on motion for continuance, must the court look at the entire record in the case and not just the sworn allegations set forth in the motion?" | 030519.docx | LEGALEASE-00137300-LEGALEASE-00137301 |
| State ex rel. Keegan M. v. Joshua M., 20 Neb. App. 411 | 307A+723.1 | A movant's failure to comply with rule governing requests for a trial continuance is a procedural defect that affects the technical rights of an opposing party, but it does not affect the opposing parties' substantial rights. West's Neb.Rev.St. S 25-1148. | "Is a movant's failure to comply with rule governing requests for a trial continuance a procedural defect that affects the technical rights of an opposing party, but it does not affect the opposing parties' substantial rights?" | 030541.docx | LEGALEASE-00137581-LEGALEASE-00137582 |
| Carter v. Carter, 3 So. 3d 397 | 307A+31 | While personal financial information is fully discoverable when relevant to the subject matter of the pending action, it may cause irreparable harm to a person who is forced to disclose it when the information is not relevant or is overbroad. | Can disclosure of personal financial information cause irreparable harm to a person forced to disclose it in a case in which the information is not relevant? | 031313.docx | LEGALEASE-00137456-LEGALEASE-00137457 |
| Spolski Gen. Contractor v. Jett-Aire Corp. Aviation Mgmt. of Cent. Florida, 637 So. 2d 968 | 307A+726 | Trial court did not abuse its discretion in denying continuance of hearing on motions for summary judgment and judgment on the pleadings, so that plaintiff could produce expert evidence on product defect, where several continuances were already granted in case, and plaintiff had ample time to secure an expert. | Will the court abuse its discretion in denying continuance of hearing on motions for summary judgment and judgment on the pleadings? | Pretrial Procedure - Memo # 4760 - C - VP.docx | LEGALEASE-00027731-LEGALEASE-00027732 |
| Cho v. Seagate Tech. Holdings, 177 Cal. App. 4th 734 | 307A+36.1 | Objecting class members are not entitled to discovery concerning settlement negotiations between the parties without evidence indicating that there was collusion between plaintiffs and defendants in the negotiating process. | Are objecting class members not entitled to discovery concerning settlement negotiations between the parties without evidence indicating that there was collusion? | Pretrial Procedure - Memo # 5007 - C - NC.docx | ROSS-003301305-ROSS-003301307 |
| Corn Exch. Bank v. Tri State Livestock Auction Co., 368 N.W.2d 596 | 307A+36.1 | Discovery of settlement agreements between some of parties in litigation is imperative in that without prior disclosure, trial court can never arrive at question of whether agreement should be revealed to jury. | "Is discovery of settlement agreements between some of the parties in litigation imperative in that without prior disclosure, a trial court can never arrive at a question of whether an agreement should be revealed to a jury?" | 031945.docx | LEGALEASE-00138051-LEGALEASE-00138052 |
| Deer Consumer Prod. v. Little, 35 Misc. 3d 374 | 307A+36.1 | Although the decision to grant jurisdictional discovery is left to the discretion of the court, in order to be entitled to discovery, a plaintiff must make a threshold showing that there is some basis for the assertion of jurisdiction. | "In order to be entitled to discovery, must a plaintiff make a threshold showing that there is some basis for the assertion of jurisdiction?" | Pretrial Procedure - Memo # 5041 - C - NS.docx | ROSS-003290861-ROSS-003290862 |
| Shea v. Gamco, 81 R.I. 12 | 413+1 | Generally, both employer and employee are bound to cooperate and deal fairly with each other in order that they may have the benefit of the express provisions of the Workmen's Compensation Act. Gen.Laws 1938, c. 300, art. 1, S 1 et seq. | Are both the employer and employee bound to cooperate and deal fairly with each other in order for them to have the benefit of the express provisions of the workmens compensation act? | Workers Compensation - Memo #217 ANC.docx | ROSS-003291822-ROSS-003291823 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Indus. Elecs. Corp. of Wisconsin v. iPower Distribution Grp., 215 F.3d 677 | 25T+151 | Dispute that arises under one agreement may be litigated notwithstanding mandatory arbitration clause in second agreement, even where two agreements are closely intertwined. | Can a dispute that arises under one agreement be litigated when there is a mandatory arbitration clause in a closely intertwined second agreement? | 007603.docx | LEGALEASE-00139001-LEGALEASE-00139002 |
| Wells v. State, 144 Ga. App. 841 | 67+45 | While mere illegal entry alone does not satisfy elements of crime of burglary and there must be some evidence of an intent to commit theft separate and apart from unauthorized entry, question of intent is for determination of jury under facts and circumstances proved. | Does mere illegal entry constitute burglary? | Burglary - Memo 181 - KNR.docx | ROSS-003315171-ROSS-003315173 |
| Livingston v. Stafford, 99 A.D. 108 | 64+21(1) | Under Laws 1890, p. 1179, c. 568, S 10, as amended by Laws 1895, p. 408, c. 606, providing that "if any highway or bridge shall at any time be damaged or destroyed by the elements or otherwise, or become unsafe, the commissioner of highways of the town may cause the same to be immediately repaired or rebuilt if consented to by the town board," such commissioner has authority to rebuild a bridge on the consent of the town board only in case it is destroyed or becomes unsafe through some extraordinary means, but does not have that authority where the bridge becomes unsafe from natural wear and decay. | What does the commissioner of highway do in case of injury or damage to bridge? | 018944.docx | LEGALEASE-00138546-LEGALEASE-00138547 |
| Cook v. City of Winston-Salem, 241 N.C. 422 | 200+183 | Generally, a blind, or otherwise handicapped person, in using public ways, must exercise, for his own safety, due care, or care commensurate with the known or reasonably foreseeable dangers. | Is a blind person required to exercise due care while using public ways? | Highways -Memo 131 - KC.docx | ROSS-003291611-ROSS-003291612 |
| Elrod v. Elrod, 125 N.C. App. 407 | 307A+723.1 | Failure to comply with requirements of Rule of Civil Procedure governing applications for continuance is sufficient grounds for trial court to deny such a motion. V.A.M.R. 65.03. | Is failure to comply with requirements of Rule of Civil Procedure governing applications for continuance sufficient grounds for a trial court to deny such a motion? | 030599.docx | LEGALEASE-00138236-LEGALEASE-00138237 |
| ClearOne v. Revolabs, 2016 UT 16, 369 P.3d 1269 | 307A+36.1 | A party seeking discovery regarding personal jurisdiction has the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted. | Does a party seeking discovery regarding personal jurisdiction have the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted? | 031135.docx | LEGALEASE-00138612-LEGALEASE-00138613 |
| Warburton/Buttner v. Superior Court, 103 Cal. App. 4th 1170 | 307A+36.1 | Facts that are normally within the knowledge of corporate, or tribal, officers, relating to jurisdictional issues, are ordinarily subject to discovery. | "Are facts that are normally within the knowledge of corporate or tribal, officers, relating to jurisdictional issues ordinarily subject to discovery?" | Pretrial Procedure - Memo # 4825 - C - CK.docx | ROSS-003318198-ROSS-003318199 |
| Temby v. William Brunt Pottery Co., 229 Ill. 540 | 307A+74 | Where a commission to take depositions is directed to a competent person, he derives his authority from the commission, and because he is described therein as a notary public does not render necessary the affixing of a certificate of his official character to the depositions. | "Where a commission to take depositions is directed to a competent person, does he derive his authority from the commission?" | Pretrial Procedure - Memo # 4907 - C - TM.docx | ROSS-003304313-ROSS-003304314 |
| Cleland v. 60-02 Woodside Corp., 221 A.D.2d 307 | 157+219.50 | Evidence of subsequent repairs and remedial measures is not discoverable or admissible in negligence case unless there is issue of maintenance or control. | Is evidence of subsequent repairs and remedial measures not discoverable or admissible in negligence case unless there is issue of maintenance or control? | 031770.docx | LEGALEASE-00138456-LEGALEASE-00138457 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McDonnell v. United States, 136 S. Ct. 2355 | 63+1(1) | An "official act," for purposes of the federal bribery statute, which makes it a crime for a public official to demand anything of value in return for being influenced in the performance of any official act, is a decision or action on a question, matter, cause, suit, proceeding or controversy, and the question, matter, cause, suit, proceeding or controversy must involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee; it must also be something specific and focused that is pending or may by law be brought before a public official. 18 U.S.C.A. S 201(a)(3), (b)(2). | What is an official act? | 011091.docx | LEGALEASE-00139207-LEGALEASE-00139208 |
| Thorn v. Blue Cross & Blue Shield of Florida, 192 F.R.D. 308 | 170A+1938.1 | Rule governing motions for leave to amend filed beyond the time prescribed by a scheduling order requires a showing of good cause to deviate from the deadline set in the scheduling order; in demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts. Fed.Rules Civ.Proc.Rule 16(b), 28 U.S.C.A. | What should a party show for an order to deviate from or extend the deadline set in a scheduling order? | 026363.docx | LEGALEASE-00139045-LEGALEASE-00139046 |
| In re Elias, 29 A.D.2d 118 | 307A+91 | Generally there must appear a basis for inquiry on face of complaint as prerequisite for permitting examination before trial in shareholders' derivative suit. | Must there appear a basis for inquiry on face of a complaint as prerequisite for permitting examination before trial in a shareholders' derivative suit? | 030964.docx | LEGALEASE-00139159-LEGALEASE-00139160 |
| Broome v. Perlman, 178 Misc. 873 | 307A+91 | The practice of examining an adverse party before trial should not be hampered by technical requirements so long as the inquiry is directed to relevant issues. Civil Practice Act, S 288 et seq. | Should the practice of examining an adverse party before trial not be hampered by technical requirements so long as the inquiry is directed to relevant issues? | 030966.docx | LEGALEASE-00139161-LEGALEASE-00139162 |
| Brand v. Butts, 242 A.D. 149 | 307A+91 | Civil Practice Act, simplifying practice of taking testimony by depositions and abolishing technical requirements of Code of Civil Procedure and general rules of practice, is remedial and should be liberally construed to further justice and effectuate its provisions. Civil Practice Act, S 288. | Is the Civil Practice Act remedial and should be liberally construed to further justice and effectuate its provisions? | 031542.docx | LEGALEASE-00139189-LEGALEASE-00139190 |
| Hudak v. Fox, 215 N.J. Super. 233 | 307A+36.1 | Prima facie proof of legal right to recover punitive damages is prerequisite to discovery of defendant's financial condition. | Is the prima facie proof of a legal right to recover punitive damages a prerequisite to discovery of a defendant's financial condition? | Pretrial Procedure - Memo # 5005 - C - ES.docx | ROSS-003302682-ROSS-003302683 |
| Certo v. Fink, 140 Conn. App. 740 | 307A+45 | Rule of evidence governing evidence to reduce damages did not permit member of charitable organization to introduce such evidence after trial court had precluded the evidence as a sanction for member's discovery violations in dispute with other members, where court's order was not an evidentiary ruling, and rule of evidence did not effectively trump sanction by the trial court. Practice Book 1998, S 17-40. | "Do rules governing notice of defenses, amendment of notice, and evidence to reduce damages pertain to hearings on damages?" | 031911.docx | LEGALEASE-00139285-LEGALEASE-00139286 |
| Greer v. SYSCO Food Servs., 475 S.W.3d 655 | 413+46 | Workers' compensation law is entirely a creature of statute, and when interpreting the law, the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. Mo. Ann. Stat. S 287.010 et seq. | Is workers compensation law entirely a creature of statute? | 048005.docx | LEGALEASE-00139333-LEGALEASE-00139334 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Evans v. United States, 129 Fed. Cl. 126 | 34+5(7) | The decision of a military corrections board must be sufficiently detailed for the court to ascertain the reasoning behind the denial of relief to the applicant. | Should the decision of a military corrections board be sufficiently detailed for the court to ascertain the reasoning behind the denial of relief to the applicant? | 008522.docx | LEGALEASE-00139385-LEGALEASE-00139386 |
| Peoples v. United States, 87 Fed. Cl. 553 | 34+5(7) | The Board for Correction of Naval Records (BCNR) is not required to explain the reasons for its decision in great detail, but must provide an applicant for correction of military records with sufficient notification to permit him, if he may, to rebut BCNR's action. 10 U.S.C.A. S 1552(a); 32 C.F.R. S 723.6(a)(3). | Is the Board for Correction of Naval Records required to explain the reasons for its decision in great detail? | 008527.docx | LEGALEASE-00139494-LEGALEASE-00139495 |
| Woodward v. United States, 871 F.2d 1068 | 34+11(1) | Secretary of Navy's statutory authority to release a reserve officer from active duty is not subject to any procedural or substantive limitation. 10 U.S.C.A. SS 681, 681(a). | Is the Secretary of Navy's statutory authority to release a reserve officer from active duty subject to any procedural or substantive limitation? | Armed Services - Memo 212 - SB.docx | ROSS-003287096-ROSS-003287097 |
| In re Dana Corp., 138 S.W.3d 298 | 250+32 | A discovery order requiring document production from an unreasonably long time period or from distant and unrelated locales is impermissibly overbroad and may be subject to mandamus relief. | Can a discovery order requiring document production be subject to mandamus relief? | 027456.docx | LEGALEASE-00139404-LEGALEASE-00139405 |
| Moulder v. Steele, 118 Ga. App. 87 | 34+34.2(1) | The Soldiers' and Sailors' Civil Relief Act provides for stays of proceedings to which persons in military service are parties, but it does not authorize a stay because witnesses are in the service. Soldiers' and Sailors' Civil Relief Act of 1940, S 201, 50 U.S.C.A.App. S 521. | Does the Soldiers and Sailors Civil Relief Act provide for stay of proceedings to which persons in military service are parties? | Armed Services - Memo 199 - SNJ.docx | ROSS-003304248-ROSS-003304249 |
| Rotert v. Faulkner, 660 S.W.2d 463 | 83E+481 | Even though note does not possess quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another, and any language, however informal, if it shows intention of owner of chose in action to transfer it, and sufficiently identifies subject matter, is sufficient to vest property therein in assignee. | Does any informal language of the owner of the property to transfer it is sufficient to vest the property therein in the assignee? | 010438.docx | LEGALEASE-00140696-LEGALEASE-00140697 |
| City of El Dorado v. Union Cty., 122 Ark. 184 | 200+121 | Article 7, section 28, of the Constitution vests the county courts with exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, etc. | "Does the Constitution vests the county courts with exclusive original jurisdiction in all matters relating to county taxes, roads, bridges?" | 018993.docx | LEGALEASE-00140319-LEGALEASE-00140320 |
| Rikkers v. Ryan, 76 Wis. 2d 185 | 200+80 | Conveyance of property abutting on a street or highway transfers legal title to the land to the center of the adjacent street or highway, in absence of a clear intent to contrary. | "Does the conveyance of property abutting on a street or highway, transfer legal title to the land to the center of the adjacent street or highway?" | 019033.docx | LEGALEASE-00140255-LEGALEASE-00140256 |
| Marin v. IESI TX Corp., 317 S.W.3d 314 | 302+16 | Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. | Does the fair-notice standard consider whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy? | Pleading - Memo 379 - RMM.docx | LEGALEASE-00029939-LEGALEASE-00029940 |
| Leidholt v. Dist. Court In & For City & Cty. of Denver, 619 P.2d 768 | 307A+36.1 | In tort action, prima facie proof of triable issue on liability for punitive damages is necessary to discover information relating to defendant's financial status. C.R.S. '73, 13-21-102; Rules of Civil Procedure, Rule 26(b)(1). | "Is evidence of a defendant's financial worth discoverable if the plaintiff demonstrates prima facie proof of a ""triable issue"" on liability for punitive damages?" | 032419.docx | LEGALEASE-00140400-LEGALEASE-00140401 |
| B & D Fabricators v. D.H. Blair Inv. Banking Corp., 220 Ga. App. 373 | 106+39 | Court has duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized to dismiss case against defendant where personal jurisdiction is lacking. | "Does a court have a duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized to dismiss a case against a defendant where personal jurisdiction is lacking?" | 032811.docx | LEGALEASE-00139796-LEGALEASE-00139797 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| US Chem. Storage v. Berto Constr., 800 S.E.2d 716 | 307A+554 | The standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depends upon the procedural context confronting the court. N.C. R. Civ. P. 12(b)(2). | Does the standard of review in deciding a motion to dismiss for lack of personal jurisdiction depend upon the procedural context confronting the court? | 032870.docx | LEGALEASE-00139997-LEGALEASE-00139998 |
| Wilson v. Pershing, 801 S.E.2d 150 | 13+13 | Standing, which is properly challenged by motion to dismiss, is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction. N.C. R. Civ. P. 12(b)(1). | "Is standing, which is properly challenged by motion to dismiss, a necessary prerequisite to a court's proper exercise of subject matter jurisdiction?" | Pretrial Procedure - Memo # 5667 - C - SK.docx | ROSS-003288029-ROSS-003288030 |
| Vermont Coll. of Fine Arts v. City of Montpelier, 165 A.3d 1065 | 307A+554 | A party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction. | Does a party's failure to exhaust administrative remedies permit a court to dismiss an action for lack of subject matter jurisdiction? | Pretrial Procedure - Memo # 5684 - C - SKG.docx | ROSS-003289621-ROSS-003289622 |
| Pollack v. Watts, 134 Ohio App. 3d 560 | 307A+554 | A trial court may dismiss a complaint for lack of subject matter jurisdiction based on (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed fact plus the court's resolution of disputed facts. Rules Civ.Proc., Rule 12(H)(3). | Can a motion to dismiss a complaint by reason of the court's lack of subject matter jurisdiction be made at any stage of a proceeding? | 033251.docx | LEGALEASE-00140654-LEGALEASE-00140655 |
| City of Wenatchee v. Chelan Cty. Pub. Util. Dist. No. 1, 181 Wash. App. 326 | 371+2016 | When it comes to statutes dealing with taxation, legislative power is particularly broad and it is inherent in the exercise of the power that the State or its delegee, within the scope of its delegation, be free to select the objects or subjects of taxation. | How broad is the legislative power when it comes to statutes dealing with taxation? | 045480.docx | LEGALEASE-00140423-LEGALEASE-00140424 |
| United States v. Albertini, 472 U.S. 675 | 34+28(2) | There is no generalized constitutional right to make political speeches or distribute leaflets on military bases even if they are generally open to the public. U.S.C.A. Const.Amend. 1. | "Is there a generalized constitutional right to make political speeches or distribute leaflets on military bases, even if they are generally open to the public?" | Armed Services - Memo 244 - TB.docx | ROSS-003288717-ROSS-003288718 |
| State v. Com. v. Beneficial Fin. Co., 360 Mass. 188 | 63+3 | Mere fact that public official's conduct before board was not authorized by statute, regulation or established usage does not preclude conviction for offering or promising bribe to such official. M.G.L.A. c. 268 S 7. | "Does the mere fact that public official's conduct before board was not authorized by statute, regulation or established usage preclude conviction for offering or promising bribe to such official?" | Bribery - Memo #689 - C - JL.docx | LEGALEASE-00030608-LEGALEASE-00030609 |
| United States v. Jefferson, 562 F. Supp. 2d 687 | 63+1(1) | An indictment charging bribery must allege each of the following elements: (1) that the defendant is a public official; and (2) that defendant corruptly demanded, sought, received, accepted, or agreed to receive or accept (3) anything of value (4) in return for being influenced in the performance of (5) an official act. 18 U.S.C.A. S 201(b)(2)(A). | What should an indictment charging bribery allege? | 012117.docx | LEGALEASE-00141130-LEGALEASE-00141131 |
| United States v. Sun-Diamond Growers of California, 941 F. Supp. 1262 | 63+6(1) | Statute criminalizing giving of gratuities to federal officials does not require indictment to allege nexus between provision of things of value and specific official act performed or committed to be performed by official; it is sufficient for indictment to allege provider of gratuity has matters pending within purview of official receiving gratuity, and that gratuity be provided simply because of official's position, in appreciation of relationship, or on anticipation of its continuation. 18 U.S.C.A. S 201(c)(1)(A). | Does gratuity statute require nexus to be alleged by an indictment? | Bribery - Memo #749 - C - JL.DOCX | ROSS-003302146 |
| State v. Hair, 114 N.C. App. 464 | 63+1(1) | Offeror of bribe to public official possesses requisite "corrupt intent" if his purpose in offering bribe is to gain some advantage for himself, without regard to whether he seeks performance or nonperformance of official duty. G.S. S 14-218. | "When does the offeror of a bribe to a public official possess the requisite ""corrupt intent"" for a bribery conviction?" | 012159.docx | LEGALEASE-00141981-LEGALEASE-00141982 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fischer v. First Nat. Bank, 55 Idaho 251 | 113+3 | Custom or usage relating to particular business in order to be available for purpose of determining rights of parties must be reasonable, uniform, general as to place or locality, and not contrary to law. | Does custom have to be uniform in order to be used for the purpose of determining the rights of parties? | 014204.docx | LEGALEASE-00141890-LEGALEASE-00141891 |
| Gonsales v. Seaton, 183 F. Supp. 708 | 260+5.1(4) | Provision of Mineral Lands Leasing Act for leasing oil and gas lands not within any known geological structure of a producing oil or gas field is mandatory in directing that a lease be issued to the person who first makes application and who is qualified under the act to hold a lease. Mineral Lands Leasing Act, S 17, 30 U.S.C.A. S 226. | Is Section 17 (30 U.S.C.A. 226) mandatory in directing that a lease be issued to the person who first makes application and is qualified under other sections of the Act to hold a lease? | 021151.docx | LEGALEASE-00140832-LEGALEASE-00140833 |
| City of Chicago v. Beretta U.S.A. Corp., 213 Ill. 2d 351 | 302+11 | Despite the requirement that the complaint must contain allegations of fact bringing the case within the cause of action, the plaintiff is not required to set out evidence; only the ultimate facts to be proved should be alleged, not the evidentiary facts tending to prove such ultimate facts. | "Is a plaintiff required to allege only the ultimate facts to be proved, and not the evidentiary facts to prove the ultimate facts?" | Pleading - Memo 383 - RMM.docx | ROSS-003287654-ROSS-003287655 |
| City of Houston v. Riner, 896 S.W.2d 317 | 307A+486 | Trial court possesses broad discretion to permit or deny withdrawal of deemed admissions, and its ruling will be set aside on appeal only upon clear abuse of discretion; "abuse of discretion" occurs when court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Does a trial court have broad discretion to permit or deny the withdrawal of deemed admissions? | Pretrial Procedure - Memo # 3249 - C - PB.docx | LEGALEASE-00031058-LEGALEASE-00031059 |
| Patton v. Williams, 35 Tex. Civ. App. 129 | 307A+723.1 | An application for a continuance which fails to state that due diligence has been used is bad although the facts stated may seem to show diligence. | "Is an application for a continuance bad which fails to state that the party has used due diligence, although the facts stated may seem to show diligence?" | 030711.docx | LEGALEASE-00141455-LEGALEASE-00141456 |
| Herbert v. Haytaian, 292 N.J. Super. 426 | 78+1189 | Timeliness of employer's response to employee's sexual harassment complaint is important element in determining effectiveness of anti-harassment program, for purposes of determining whether employer should be held liable for compensatory damages in sexual harassment action under Law Against Discrimination (LAD). N.J.S.A. 10:5-1 et seq. | Is timeliness of employer's response to employee's internal complaint of sexual harassment important element in determining effectiveness of an anti-harassment program? | 032108.docx | LEGALEASE-00141247-LEGALEASE-00141248 |
| Matter of Brandon's Estate, 55 N.Y.2d 206 | 157+134 | Where guilty knowledge or an unlawful intent is in issue, evidence of other similar acts is admissible to negate existence of innocent state of mind. | "Where unlawful intent is an issue, will evidence of other similar acts be admissible at trial to negate the existence of an innocent state of mind?" | 032120.docx | LEGALEASE-00141288-LEGALEASE-00141289 |
| Webster v. Calden, 55 Me. 165 | 307A+74 | The court will not, at the motion of the plaintiff, order defendants to produce a deposition taken and used by them at a former trial of the case, in the absence of evidence that it had ever been filed. | "Will the court not, at the motion of the plaintiff, order defendants to produce a deposition taken and used by them at a former trial of the case?" | 032609.docx | LEGALEASE-00141312-LEGALEASE-00141313 |
| Robbins v. Lincoln, 12 Wis. 1 | 307A+76.1 | It seems that the deposition of a witness taken in this state is not admissible in evidence, if the certificate of the officer before whom it was taken, states as the only reason for taking it, "that the deponent is going out of the state," although the party offering the deposition testifies on the trial that the witness was still absent from the state. | When is the deposition of a witness taken in a state not admissible in evidence? | Pretrial Procedure - Memo # 5737 - C - SHB.docx | ROSS-003289644-ROSS-003289645 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Providence Volunteer Fire Dep't v. Town of Weddington, 800 S.E.2d 425 | 307A+554 | If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, for example an affidavit, along with the motion to dismiss, the complaint's allegations can no longer be taken as true or controlling and the plaintiff cannot rest on the allegations of the complaint. | "If the defendant submits supportive evidence along with the motion to dismiss, can the complaints allegations be taken as true or controlling?" | Pretrial Procedure - Memo # 5741 - C - TM.docx | ROSS-003301535-ROSS-003301536 |
| Kelly v. Gen. Interior Const., 301 S.W.3d 653 | 307A+554 | To negate jurisdiction on a factual basis, a nonresident defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations; the plaintiff can then respond with its own evidence that affirms its allegations, and it risks dismissal of its lawsuit if it cannot present the trial court with evidence establishing personal jurisdiction. | "To negate jurisdiction on a factual basis, can a nonresident defendant present evidence that it has no contacts, effectively disproving the plaintiff's allegations?" | Pretrial Procedure - Memo # 5963 - C - PC.docx | ROSS-003289518-ROSS-003289519 |
| Greer v. Buss, 918 N.E.2d 607 | 307A+554 | A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. Trial Procedure Rule 12(B)(1). | Does a motion to dismiss for lack of subject matter jurisdiction present a threshold question concerning the court's power to act? | 033342.docx | LEGALEASE-00140933-LEGALEASE-00140934 |
| Ex parte Chem. Waste Mgmt., 929 So. 2d 1007 | 13+13 | When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction and has no alternative but to dismiss the action. | "When a party without standing purports to commence an action, does the trial court acquire no subject-matter jurisdiction and has no alternative but to dismiss the action?" | Pretrial Procedure - Memo # 6013 - C - SB.docx | LEGALEASE-00031505-LEGALEASE-00031506 |
| Emerick v. Town of Glastonbury, 145 Conn. App. 122 | 307A+554 | A motion to dismiss for lack of standing properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | Does a motion to dismiss for lack of standing properly attack the jurisdiction of the court? | Pretrial Procedure - Memo # 6030 - C - NE.docx | ROSS-003301638-ROSS-003301639 |
| United States v. Jacobs, 431 F.2d 754 | 63+1(1) | Under statute against corruptly giving, offering or promising anything of value to any public official with intent to influence any official act or to influence official to commit any fraud or make opportunity for commission of any fraud on United States or to induce official to do or omit to do any act in violation of his lawful duty, attempted bribery is a crime and so long as bribe is offered or promised with requisite intent to influence any official act, the crime is committed. 18 U.S.C.A. S 201(b). | Is attempted bribery a crime so long as a bribe is offered or promised with the requisite intent to influence any office act? | 011481.docx | LEGALEASE-00142185-LEGALEASE-00142186 |
| United States v. Irwin, 354 F.2d 192 | 63+1(1) | To prove a violation of statute making it unlawful to directly or indirectly give, offer or promise anything of value to public official for or because of any official act performed or to be performed by such public official, government must prove that the accused's purpose was to give a gift by reason of some official act performed or to be performed by such official, but government need not show that gift caused or prompted or in any way affected happening of official act or had anything to do with its nature or extent or the manner or means by which it was performed. 18 U.S.C.A. S 201(f). | Is it necessary for the Government to show that a gift affected the happening of the official act? | 011499.docx | LEGALEASE-00142221-LEGALEASE-00142222 |
| United States v. Miller, 340 F.2d 421 | 63+1(1) | It is immaterial whether official action which briber seeks to influence is right or wrong, in sense that it is expected to result in pecuniary injury to government or that it calls upon bribe recipient to do something other than what he is legally obligated to do. 18 U.S.C.A. S 201. | Will an intention to influence official behavior or an intention to induce unlawful action supply the culpability required by the bribery statute? | 011541.docx | LEGALEASE-00142386-LEGALEASE-00142387 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Shapiro, 170 Cal. App. 2d 468 | 63+1(1) | Under statute relating to solicitation of another to offer bribe, corpus delicti consists of asking and intent, gist of offense is solicitation to offer or join in offer of a bribe and not commission of bribery, intent may be gathered from surrounding circumstances, contemplated overt act is not essential element, and offense is complete when solicitation takes place even if object of solicitation is never consummated or if no steps are taken toward consummation. West's Ann.Pen.Code, S 653f. | "When any person solicits another to offer or join in the offer of a bribe, is the solicitation to offer or join in the offer of a bribe the gist of the offense?" | 011543.docx | LEGALEASE-00142394-LEGALEASE-00142395 |
| Defs. of Wildlife v. Bureau of Ocean Energy Mgmt., Regulation, Enf't, 871 F. Supp. 2d 1312 | 260+5.1(1) | Outer Continental Shelf Lands Act (OCSLA) prescribes a sequence of four distinct statutory stages to developing an offshore oil well: (1) formulation of a five-year leasing plan by the Department of the Interior, (2) lease sales, (3) exploration by the lessees, and (4) development and production. Outer Continental Shelf Lands Act, S 2 et seq., 43 U.S.C.A. S 1331 et seq. | What are the four stages to developing an offshore oil well? | 021231.docx | LEGALEASE-00143244-LEGALEASE-00143245 |
| Watkins v. Certain-Teed Prod. Corp., 231 S.W.2d 981 | 260+49 | An adverse entry upon surface of land extends downward and includes title to underlying minerals where at time of entry there has been no severance of the mineral estate. Vernon's Ann.Civ.St. arts. 5509, 5510. | Does an adverse entry upon the surface extend downward and include the underlying minerals where at the time of entry there had been no severance of the mineral estate? | 021408.docx | LEGALEASE-00143526-LEGALEASE-00143527 |
| Indiana Alcoholic Beverage Comm'n v. State ex rel. Harmon, 269 Ind. 48 | 307A+723.1 | Granting of motion for continuance is within discretion of trial court, but such motion should not be denied if moving party can show good cause for continuance. | "Is the granting of a motion for continuance within discretion of a trial court, but such motion should not be denied if a moving party can show good cause for continuance?" | Pretrial Procedure - Memo # 4246 - C - KBM.docx | ROSS-003287751-ROSS-003287752 |
| Loveland v. Rowland, 361 S.W.2d 685 | 307A+74 | Provision of rule respecting changes in deposition that answers or responses as originally given, together with changes, shall be considered as part of deposition gives opposing party benefit of original answers. V.A.M.R. Civil Rules 57.22, 57.23; Fed.Rules Civ.Proc. rule 30(e), 28 U.S.C.A. | Shall the provision of a rule respecting changes in a deposition that answers or responses as originally given be considered as part of deposition? | Pretrial Procedure - Memo # 5235 - C - BP.docx | LEGALEASE-00032442-LEGALEASE-00032443 |
| Providence Volunteer Fire Dep't v. Town of Weddington, 800 S.E.2d 425 | 307A+554 | If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, for example an affidavit, along with the motion to dismiss, the complaint's allegations can no longer be taken as true and controlling and the plaintiff cannot rest on the allegations of the complaint. | What must a court consider when a defendant submits supportive evidence on a motion to dismiss for lack of personal jurisdiction? | 032945.docx | LEGALEASE-00143508-LEGALEASE-00143509 |
| City of Slater v. State, 494 S.W.3d 580 | 307A+554 | If a party is without standing to bring a particular claim, a court shall dismiss the claim because the court lacks the authority to decide the merits of the claim. | "If a party is without standing to bring a particular claim, shall a court dismiss the claim because the court lacks the authority to decide the merits of the claim?" | Pretrial Procedure - Memo # 5715 - C - CK.docx | ROSS-003303116-ROSS-003303117 |
| Dunn v. Jasper Cty., 490 S.W.3d 723 | 307A+556.1 | If a party is without standing to bring a particular claim, a court shall dismiss the claim because the court lacks the authority to decide the merits of the claim. | "If a party is without standing to bring a particular claim, shall a court dismiss the claim because the court lacks the authority to decide the merits of the claim?" | Pretrial Procedure - Memo # 5715 - C - CK.docx | LEGALEASE-00032513-LEGALEASE-00032514 |
| Dunn v. Jasper Cty., 490 S.W.3d 723 | 307A+556.1 | If a party is without standing to bring a particular claim, a court shall dismiss the claim because the court lacks the authority to decide the merits of the claim. | "If a party is without standing to bring a particular claim, shall a court dismiss the claim because the court lacks the authority to decide the merits of the claim?" | 032952.docx | LEGALEASE-00143460-LEGALEASE-00143461 |
| Elliot v. Shultz, 29 Tenn. 234 | 307A+75 | Where a deposition is taken by either party to a suit, and it is filed, such party may decline to read it on trial, and may impeach the credit of the witness who gave the testimony contained in it. | "Where a deposition is taken by either party to a suit, and it is filed, may such party decline to read it on trial?" | 033024.docx | LEGALEASE-00143566-LEGALEASE-00143567 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rubio v. Home Depot, U.S.A., 188 S.W.3d 26 | 307A+684 | A court shall dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks subject matter jurisdiction; the quantum of proof is not high, as it must appear by the preponderance of the evidence that the court is without jurisdiction. V.A.M.R. 55.27(g)(3). | Shall a court dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks subject matter jurisdiction? | 033425.docx | LEGALEASE-00142670-LEGALEASE-00142671 |
| Moody v. Frazeysburg, 167 Ohio App. 3d 106 | 307A+554 | The standard of review for a dismissal for want of subject-matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint; this determination involves a question of law that the Court of Appeals will review de novo. Rules Civ.Proc., Rule 12(B)(1). | Is the standard of review for a dismissal for want of subject-matter jurisdiction whether any cause of action cognizable by the forum has been raised in the complaint? | Pretrial Procedure - Memo # 6055 - C - SS.docx | ROSS-003289551-ROSS-003289552 |
| U.S. Bank Nat. Ass'n v. Martinez, 188 So. 3d 107 | 307A+746 | The sanction imposed by a trial court for a party's failure to attend a pretrial or case management conference must be commensurate with the offense. West's F.S.A. RCP Rule 1.200(c). | Should the sanction imposed by a trial court for a party's failure to attend a pretrial or case management conference be commensurate with the offense? | 033517.docx | LEGALEASE-00142274-LEGALEASE-00142275 |
| Dalot v. Smith, 551 A.2d 448 | 307A+560 | Excessive or unreasonable delay in service of process may be ground for dismissal unless shown to be result of mistake or excusable neglect. Rules Civ.Proc., Rule 3. | Is excessive or unreasonable delay in service of process the grounds for dismissal unless shown to be a result of mistake or excusable neglect? | 033720.docx | LEGALEASE-00143099-LEGALEASE-00143100 |
| Yeager v. Yeager, 228 N.C. App. 562 | 307A+554 | In deciding a motion to dismiss for lack of subject matter jurisdiction, a trial court may consider and weigh matters outside the pleadings. Rules Civ.Proc., Rule 12(b)(1), West's N.C.G.S.A. S 1A-1. | "In deciding a motion to dismiss for lack of subject matter jurisdiction, may a trial court consider and weigh matters outside the pleadings?" | 033845.docx | LEGALEASE-00143015-LEGALEASE-00143016 |
| Mohr v. Mohr, 859 N.W.2d 377 | 307A+560 | Under statute providing for dismissal of unserved petitions, an action is commenced on the date the complaint is filed with the court; the action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed. Neb. Rev. Stat. S 25-217. | "Under a statute providing for dismissal of un-served petitions, when shall the action stand dismissed?" | Pretrial Procedure - Memo # 6401 - C - SK.docx | ROSS-003288312-ROSS-003288313 |
| Short v. State, 276 Ga. App. 340 | 352H+184 | To sustain convictions for child molesting and incest, proof of slightest penetration is sufficient, and fact finder may infer penetration from victim's physical condition soon after crime. West's A.I.C. 35-41-1-26. | Is proof of the slightest penetration sufficient to sustain a conviction for child molesting? | 043091.docx | LEGALEASE-00143424-LEGALEASE-00143425 |
| Montgomery Cty. v. Waters Landing Ltd. P'ship, 99 Md. App. 1 | 371+2060 | Factors to consider under three-part test to help distinguish between "property tax" and "excise tax" are: designation placed on tax by legislature, subject matter of tax, and incidents of tax, i.e., manner in which it is assessed and measure of tax. | "What factors are considered under the three-part test to help distinguish between ""property tax"" and ""excise tax""?" | Taxation - Memo # 687 - C - KS.docx | ROSS-003290093-ROSS-003290094 |
| Broward Cty. v. Eller Drive Ltd. P'ship, 939 So. 2d 130 | 371+2060 | In the field of taxation, administrators of the laws and the courts are concerned with substance and realities, and formal written documents are not rigidly binding. | In the field of taxation are the administrators of the laws and the courts concerned with substance and realities and that formal written documents are not rigidly binding? | 045705.docx | LEGALEASE-00142358-LEGALEASE-00142359 |
| Ivax Corp. v. B. Braun of Am., 286 F.3d 1309 | 25T+182(1) | Court uses two-part test in determining whether a party has waived its right to arbitrate, under which it first decides if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and second, whether by doing so that party has in some way prejudiced the other party. | What test do courts use to determine whether a party has waived its right to arbitrate? | 007724.docx | LEGALEASE-00144926-LEGALEASE-00144927 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. v. Wilson, 59 F.2d 97 | 34+20.8(3) | Armed forces entrance examining station may determine medical acceptability, but classification is function of local board which must take overall view of physical, mental and moral fitness of particular registrant. Military Selective Service Act, S 12(a), 50 U.S.C.A. App. S 462(a). | Does the Armed Forces entrance examination (AFEES) determine the medical acceptability of a registrant? | 008676.docx | LEGALEASE-00144658-LEGALEASE-00144659 |
| Arndt v. United States, 222 F.2d 484 | 34+20.8(1) | Draft boards have been invested with great authority over lives and actions of people, and that authority must be exercised only after scrupulous observance of protective safeguards provided by Constitution and statutes. | Should the authority of selective service boards be exercised only after scrupulous observance of the protective safeguards provided by the constitution and statutes? | 008684.docx | LEGALEASE-00144666-LEGALEASE-00144667 |
| United States v. Whitfield, 590 F.3d 325 | 63+1(2) | Although the conduct prohibited by the statute governing federal program bribery need not actually affect the federal funds received by the agency, there must be some nexus between the criminal conduct and the agency receiving federal assistance. 18 U.S.C.A. S 666. | "Under law, with regard to the prohibited conduct that affect administration of federal funds, should there be some nexus between the criminal conduct and the agency receiving federal assistance?" | 011664.docx | LEGALEASE-00144329-LEGALEASE-00144330 |
| People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro Van, 177 Ill. 2d 314 | 302+11 | Whether particular allegation is deemed to be ultimate fact or conclusion is matter to be determined by careful consideration of needs of administering particular litigation. | "Is the determination of whether a particular allegation is a fact or conclusion, a matter to be determined by careful consideration of needs of administering particular litigation?" | 023510.docx | LEGALEASE-00143804-LEGALEASE-00143805 |
| Jay Zabel & Assocs., Ltd. v. Compass Bank, 527 S.W.3d 545 | 307A+554 | A court should dismiss a lawsuit against a nonresident defendant if the exercise of personal jurisdiction lacks an adequate factual or legal basis. | Should a court dismiss a lawsuit against a nonresident defendant if the exercise of personal jurisdiction lacks an adequate factual or legal basis? | 032681.docx | LEGALEASE-00144255-LEGALEASE-00144256 |
| Manifold v. Ragaglia, 94 Conn. App. 103 | 307A+554 | Although a motion to dismiss is the preferred means of challenging the court's subject matter jurisdiction, there is no authority for the proposition that subject matter jurisdiction can never be challenged through any other procedural vehicle, most importantly by means of a motion for summary judgment. | Can subject matter jurisdiction be challenged through any other procedural vehicle other than a motion to dismiss? | Pretrial Procedure - Memo # 5761 - C - VP.docx | ROSS-003289445-ROSS-003289446 |
| Wilder Chiropractic v. State Farm Fire & Cas. Co., 2014 IL App (2d) 130781 | 307A+560 | No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on defendant. Sup.Ct.Rules, Rule 103(b). | Does no absolute time frame exist that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on a defendant? | Pretrial Procedure - Memo # 6147 - C - CK.docx | LEGALEASE-00034018-LEGALEASE-00034019 |
| Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 307A+560 | The policy factor favoring adjudication of controversies on the merits is not an appropriate factor for consideration, when objectively determining whether a plaintiff exercised reasonable diligence to obtain service on a defendant. Sup.Ct.Rules, Rule 103(b). | Is the policy factor favoring adjudication of controversies on the merits not an appropriate factor for consideration? | 033592.docx | LEGALEASE-00143808-LEGALEASE-00143809 |
| Voltz v. Dyess, 148 So. 3d 425 | 307A+560 | A trial court is required to give plaintiffs at least 14 days' notice before dismissing an action against a defendant on whom service was not effected. Rules Civ.Proc., Rule 4(b). | Is a trial court required to give plaintiffs at least 14 days' notice before dismissing an action against a defendant on whom service was not effected? | Pretrial Procedure - Memo # 6164 - C - AP.docx | ROSS-003288219-ROSS-003288220 |
| Wilder Chiropractic v. State Farm Fire & Cas. Co., 2014 IL App (2d) 130781 | 307A+560 | The determination of whether the defendant has established a prima facie case of lack of diligence in serving defendant must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | Should the determination of whether the defendant has established a prima facie case of lack of diligence in serving defendant be made on a case-by-case basis? | 033600.docx | LEGALEASE-00143832-LEGALEASE-00143833 |
| Young v. Estate of Sweeney, 808 N.E.2d 1217 | 307A+554 | Dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties. | Does a dismissal for lack of subject-matter jurisdiction take precedence over the determination of and action upon other substantive and procedural rights of the parties? | 033619.docx | LEGALEASE-00143878-LEGALEASE-00143879 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Meier v. Senecaut, 641 N.W.2d 532 | 307A+560 | By allowing the court to dismiss a petition after 90 days from time petition was filed, the rule governing service of an original notice establishes the standard for presumptive abuse. Rules Civ.Proc., Rule 49 (2001). | "By allowing the court to dismiss a petition after 90 days from the time a petition was filed, does the rule governing service of an original notice establish the standard for presumptive abuse?" | 033676.docx | LEGALEASE-00144175-LEGALEASE-00144176 |
| Rucker v. Taylor, 828 N.W.2d 595 | 307A+690 | Dismissal without prejudice under for failure to serve process is intended to leave the plaintiff in the same position as if the action never had been filed. I.C.A. Rule 1.302(5). | Is dismissal without prejudice for failure to serve process intended to leave the plaintiff as if the action was never filed? | 033879.docx | LEGALEASE-00143858-LEGALEASE-00143859 |
| Estate of Hough ex rel. Lemaster v. Estate of Hough ex rel. Berkeley Cty. Sheriff, 205 W. Va. 537 | 307A+560 | Dismissal for failure to serve the summons and complaint within 180 days after the complaint is filed is mandatory in a case in which good cause for the lack of service is not shown. Rules Civ.Proc., Rule 4(I) (1997). | Is dismissal for failure to serve the summons and complaint within 180 days after the complaint is filed mandatory in a case in which good cause for the lack of service is not shown? | 033995.docx | LEGALEASE-00144695-LEGALEASE-00144696 |
| Alvarez v. Alvarez, 638 So. 2d 153 | 307A+746 | Imposition of most severe sanctions contemplated by rules should be reserved for those occasions where violation is flagrant, persistent, willful, or otherwise aggravated. | "Should imposition of the most severe sanctions contemplated by rules be reserved for those occasions where violation is flagrant, persistent, willful, or otherwise aggravated?" | Pretrial Procedure - Memo # 6587 - C - DHA.docx | ROSS-003318384-ROSS-003318385 |
| Hanna v. City of Chicago, 382 Ill. App. 3d 672 | 307A+552 | When the issues have ceased to exist and there is no longer an actual controversy between the parties, the alleged cause of action has been negated and should be dismissed as moot. | Is the alleged cause of action negated and to be dismissed as moot when the issues have ceased to exist and there is no longer an actual controversy between the parties? | 034206.docx | LEGALEASE-00144724-LEGALEASE-00144725 |
| In re 2007 Admin. of Appropriations of Waters of Niobrara River, 278 Neb. 137 | 307A+552 | Under mootness doctrine, if an exception does not apply, a court must dismiss a case when the issues are no longer alive because the litigants lack a personal interest in their resolution. | Should a court dismiss a case when the issues are no longer alive because the litigants lack a personal interest in their resolution? | 034259.docx | LEGALEASE-00144781-LEGALEASE-00144782 |
| Wilson Foods Corp. v. Turner, 218 Ga. App. 74 | 307A+746 | Sanction of precluding calling of witnesses not listed in valid pretrial order cannot be upheld if less harsh sanctions are available and appropriate. | Can the sanction of precluding calling of witnesses not listed in valid pretrial order be upheld if less harsh sanctions are available and appropriate? | Pretrial Procedure - Memo # 6651 - C - SJ.docx | ROSS-003288416-ROSS-003288417 |
| Duncan v. Johnson, 14 So. 3d 760 | 307A+674 | Trial courts possess an inherent authority to dismiss frivolous complaints, sua sponte, even prior to service of process on the defendants. | "Do courts possess an authority to dismiss frivolous complaints, even prior to service of process on the defendants?" | 034395.docx | LEGALEASE-00144999-LEGALEASE-00145000 |
| Whitten v. Whitten, 956 So. 2d 1093 | 307A+560 | The plaintiff bears the burden to demonstrate the existence of good cause for the failure to timely serve process in order to prevent dismissal of the action. Rules Civ.Proc., Rule 4(h). | Does the plaintiff bear the burden to demonstrate the existence of good cause for the failure to timely serve process in order to prevent dismissal of the action? | 034478.docx | LEGALEASE-00143945-LEGALEASE-00143946 |
| Lewis v. Dillon, 352 Ill. App. 3d 512 | 307A+560 | Purpose of rule providing for dismissal of case for failure to exercise reasonable diligence to obtain service of process is to protect defendants from unnecessary delay in service of process and to prevent circumvention of statute of limitations. Sup.Ct.Rules, Rule 103(b). | Is the purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process and to prevent the circumvention of the statute of limitations? | 034487.docx | LEGALEASE-00144105-LEGALEASE-00144106 |
| Whitten v. Whitten, 956 So. 2d 1093 | 307A+560 | A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days to avoid dismissal of action. Rules Civ.Proc., Rule 4(h). | Should a plaintiff be diligent in serving process if he is to show good cause in failing to serve process within 120 days to avoid dismissal of action? | 034510.docx | LEGALEASE-00143790-LEGALEASE-00143791 |
| Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty., 301 S.W.3d 196 | 307A+552 | In the absence of an explicit constitutional imperative, decisions to dismiss a case on the ground of mootness require the exercise of judgment based on the facts and circumstances of the case. | "Do decisions to dismiss a case on the ground of mootness, require the exercise of judgment based on the facts and circumstances of the case?" | 034591.docx | LEGALEASE-00144462-LEGALEASE-00144463 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rios v. Moore, 902 So. 2d 181 | 302+359 | Trial court has the authority to dismiss actions based on fraud and collusion, as well as to strike sham pleadings, but this power should be cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | "Can a court dismiss action when a party blatantly refuses to comply with demand, in defiance of court authority?" | 035081.docx | LEGALEASE-00144564-LEGALEASE-00144565 |
| Bass v. City of Pembroke Pines, 991 So. 2d 1008 | 307A+684 | A trial court possesses the discretion to dismiss a complaint when there is clear and convincing evidence that the plaintiff has committed fraud upon the court. | Does a trial court possess the discretion to dismiss a complaint when there is clear and convincing evidence that the plaintiff has committed fraud upon the court? | 035412.docx | LEGALEASE-00145007-LEGALEASE-00145008 |
| Application of Kaul, 261 Kan. 755 | 371+2003 | Power to levy taxes is inherent in power to govern, but exercise of that power is dependent upon existence of legislation designating kinds of property to be taxed. | Is the power to levy taxes inherent in power to govern but exercise of that power is dependent upon existence of legislation designating kinds of property to be taxed? | 045685.docx | LEGALEASE-00144419-LEGALEASE-00144420 |
| PC Const. Co. v. City of Salisbury, 871 F. Supp. 2d 475 | 25T+182(1) | In the arbitration context, the doctrine of equitable estoppel recognizes a party may be estopped from asserting the lack of its signature on a written contract precludes enforcement of the contract's arbitration clause when it has consistently maintained the other provisions of the same contract should be enforced to benefit it; in other words, a nonsignatory is estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause. | What does the doctrine of equitable estoppel mean in the context of arbitration? | 007777.docx | LEGALEASE-00146436-LEGALEASE-00146437 |
| Ohio-Sealy Mattress Mfg. Co. v. Kaplan, 712 F.2d 270 | 25T+182(1) | To determine whether party has defaulted in proceeding with arbitration, thereby waiving arbitration agreement, court must analyze all facts and circumstances. | Should a court analyze all the facts and circumstances to determine whether a party has defaulted in proceeding with arbitration thereby waving the arbitration agreement? | 007785.docx | LEGALEASE-00146446-LEGALEASE-00146447 |
| Allen v. Wilkinson, 129 F. Supp. 73 | 258A+520 | Neither a minor soldier nor his parents, even where no consent has been given, may void an enlistment made while under age or effect release of such soldier when he is held for a military offense or is under sentence for a military offense. | Can a minor soldier or his parents void an enlistment or effect the release of such soldier when he is held for a military offense? | Armed Services - Memo 230 - JK.docx | ROSS-003288504-ROSS-003288505 |
| Herrington v. Boatright, 633 S.W.2d 781 | 34+56 | Insurance policies of National Service Life Insurance are contracts of the United States and possess same legal incidents as other government contracts, and validity and construction of such policies present questions of federal law. | Are National Service Life Insurance policies considered contracts of the United States? | Armed Services - Memo 280 - JK.docx | ROSS-003290803-ROSS-003290804 |
| United States v. Kay, 359 F.3d 738 | 63+1(1) | Foreign Corrupt Practices Act (FCPA) did not criminalize every payment to foreign official, but only those payments intended to (1) influence foreign official to act or make decision in his official capacity, or (2) induce such official to perform or refrain from performing some act in violation of his duty, or (3) secure some wrongful advantage to payor, and Act criminalized such payments only if result they are intended to produce will assist, or is intended to assist, payor in efforts to get or keep some business. Securities Exchange Act of 1934, S 104(a), 15 U.S.C.A. S 78dd-2(a). | What kind of payments to foreign officials does FCPA criminalize? | 012327.docx | LEGALEASE-00145800-LEGALEASE-00145801 |
| Hammerman v. Louis Watch Co., 7 A.D.2d 817 | 401+28 | Although it is true that person may have more than one residence for venue purposes, to consider a place as such, he must stay there for some length of time and have bona fide intent to retain place as residence with at least some degree of permanency. | What must a person do to consider a place as his residence? | 014508.docx | LEGALEASE-00145913-LEGALEASE-00145915 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bowman v. Benouttas, 519 S.W.3d 586 | 307A+746 | It is within the trial judge's discretion to decide what orders, if any, to issue as a consequence of a party's failure to obey a scheduling order. Tenn. R. Civ. P. 16.06. | "Is it within the trial judge's discretion to decide what orders, if any, to issue as a consequence of a party's failure to obey a scheduling order?" | 033139.docx | LEGALEASE-00146009-LEGALEASE-00146011 |
| Ogden v. Gibbons, 5 N.J.L. 518 | 307A+726 | Whether it be the first or third application, it is always addressed to the sound discretion of the court, and is refused or granted on such terms as justice to the parties requires. | Will an application addressed to the sound discretion of court be refused or granted on terms as justice to the parties requires? | Pretrial Procedure - Memo # 5843 - C - SS.docx | ROSS-003291356-ROSS-003291357 |
| Jones v. Ohio Edison Co., 2014-Ohio-5466 | 30+3212 | The standard of review for a dismissal pursuant to rule allowing the defense of lack of subject matter jurisdiction to be made by motion is whether any cause of action cognizable by the forum has been raised in the complaint. Rules Civ.Proc., Rule 12(B)(1). | Is dismissal due to lack of subject matter jurisdiction inappropriate if any cause of action cognizable by the forum has been raised in the complaint? | 033181.docx | LEGALEASE-00145379-LEGALEASE-00145380 |
| El Paso Mental Health & Mental Retardation Ctr. v. Crissman, 241 S.W.3d 578 | 307A+554 | When a lawsuit is barred by sovereign immunity, the trial court lacks subject matter jurisdiction, and dismissal with prejudice is proper. | "When a lawsuit is barred by sovereign immunity, does the trial court lack subject matter jurisdiction and dismissal with prejudice is proper?" | 033183.docx | LEGALEASE-00145360-LEGALEASE-00145361 |
| Kramer v. Crout, 279 S.W.2d 932 | 307A+726 | Granting or refusing of second motion for continuance is matter in discretion of trial court, which will not be disturbed in absence of clear showing of abuse of discretion. | Would a court grant or refuse the second motion for continuance which will not be disturbed in absence of clear showing of abuse of discretion? | Pretrial Procedure - Memo # 5883 - C - KS.docx | ROSS-003289004-ROSS-003289005 |
| Cronin v. Kottke Assocs., 2012 IL App (1st) 111632 | 307A+563 | Pursuant to its inherent authority, a trial court may dismiss a cause of action with prejudice where a party has deliberately and contumaciously disregarded the court's authority. | "Pursuant to its inherent power, can a trial court dismiss a cause of action with prejudice where a party has deliberately and contumaciously disregarded the court's authority?" | 034100.docx | LEGALEASE-00145306-LEGALEASE-00145307 |
| Peterson v. McCawley, 135 Idaho 282 | 307A+746 | In fashioning sanctions, a trial court should balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party. | "In fashioning sanctions, should a trial court balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party?" | 034121.docx | LEGALEASE-00145364-LEGALEASE-00145365 |
| Webber v. St. Louis Cty. 2010 WL 4628625 | 307A+552 | A case becomes moot and should be dismissed when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible. | "Does a case become moot and dismissed, when an event occurs that makes granting effectual relief by the court impossible?" | 034129.docx | LEGALEASE-00145421-LEGALEASE-00145422 |
| Sammis v. Magnetek, 130 Idaho 342 | 307A+560 | Running of statute of limitations and subsequent time-bar to refiling of action is not factor to be considered in determining whether good cause exists for failure to effect timely service on defendants, which will otherwise warrant dismissal of action. Rules Civ.Proc., Rule 4(a)(2). | Is the running of statute of limitations and subsequent time-bar to refiling of action not a factor to be considered in determining whether good cause exists? | Pretrial Procedure - Memo # 6561 - C - AP.docx | ROSS-003289249-ROSS-003289250 |
| Henry v. Prusak, 229 Mich. App. 162 | 307A+746 | Court rules do not authorize default against a party based on the failure of a representative of a party's insurance carrier to make a settlement offer. | Do court rules not authorize default against a party based on the failure of a representative of a party's insurance carrier to make a settlement offer? | 034159.docx | LEGALEASE-00145488-LEGALEASE-00145489 |
| Cowan v. Patrick, 247 Ark. 886 | 307A+552 | There are circumstances under which the circuit court has power to dismiss an action which is shown to have been brought without merit and which constitutes an abuse of process. | Are there circumstances under which the circuit court has power to dismiss an action which is shown to have been brought without merit and which constitutes an abuse of process? | 034756.docx | LEGALEASE-00145156-LEGALEASE-00145157 |
| Modica v. Verhulst, 195 Wis. 2d 633 | 307A+746 | When scheduling order is violated, trial courts may make such orders as are just, including requiring party who failed to obey order to pay reasonable costs and attorney fees caused by failure. W.S.A. 802.10(3)(d), 804.12(2)(b), 805.03. | Is the finding of egregious conduct required for imposition of expenses for violation of a scheduling order? | 034790.docx | LEGALEASE-00145448-LEGALEASE-00145449 |
| Santiago v. E.W. Bliss Co., 2012 IL 111792 | 307A+563 | Although dismissal with prejudice is the harshest of sanctions, it is sometimes necessary to deter future parties from trampling on the integrity of the court. Sup.Ct.Rules, Rules 137, 219. | "Although dismissal with prejudice is the harshest of sanctions, is it sometimes also necessary to deter future parties from trampling on the integrity of the court?" | 034796.docx | LEGALEASE-00145673-LEGALEASE-00145674 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shimanovsky v. Gen. Motors Corp., 181 Ill. 2d 112 | 307A+434 | Destruction or alteration of evidence does not automatically entitle party to specific sanction; rather, court must consider unique factual situation that each case presents and then apply appropriate criteria to those facts to determine what sanction, if any, should be imposed. Sup.Ct.Rules, Rule 219(c). | Should the sanction of dismissal be applied automatically without full consideration of the dynamics of an individual case? | 034843.docx | LEGALEASE-00146232-LEGALEASE-00146233 |
| Kinter v. Baskin, 1974 OK 36 | 307A+583 | A court has discretionary power to dismiss without prejudice a lawsuit for want of prosecution, for failure of plaintiff to appear at a hearing, or for refusal of plaintiff to comply with an order concerning the proceeding. | Does a court have discretionary power to dismiss without prejudice a lawsuit for want of prosecution? | 035100.docx | LEGALEASE-00146071-LEGALEASE-00146072 |
| Carson v. Gomez, 841 S.W.2d 491 | 307A+552 | Trial court has broad discretion in determining at any time that action should be dismissed as frivolous or malicious, even before service of process. V.T.C.A., Civil Practice & Remedies Code S 13.001. | "Does court have broad discretion in determining at any time that action should be dismissed as frivolous or malicious, even before service of process?" | 035196.docx | LEGALEASE-00145768-LEGALEASE-00145769 |
| St. Louis Ass'n of Realtors v. City of Ferguson, 448 S.W.3d 340 | 13+6 | Where another enactment supersedes the statute on which the litigants rely to define their rights, there is no longer an actual controversy, and the case must be dismissed as moot. | Can a case be dismissed as moot where another enactment supersedes the statute on which the litigants rely to define their rights? | Pretrial Procedure - Memo # 7231 - C - PC.docx | ROSS-003289992-ROSS-003289993 |
| Mosley v. State, 908 N.E.2d 599 | 307A+552 | When the concrete controversy at issue in a case has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will usually be dismissed. | "Can a case be dismissed when the controversy at issue in a case has been ended or settled, so as to render it unnecessary to decide the question involved?" | 035219.docx | LEGALEASE-00145875-LEGALEASE-00145876 |
| Dockery v. Dockery, 559 S.W.2d 952 | 307A+552 | Although a case may originally have presented a genuine and existing controversy requiring present adjudication of present rights, if, before decision, the case loses that essential character through the act of the parties or some other cause, it is the duty of the court to dismiss the case. | "Is it the duty of the court to dismiss the case if, before decision, the case loses that essential character through the act of the parties or some other cause?" | 035236.docx | LEGALEASE-00145924-LEGALEASE-00145925 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | Do courts have inherent power to dismiss actions on grounds that they are fictitious or sham? | Pretrial Procedure - Memo # 7264 - C - KG.docx | ROSS-003330478-ROSS-003330479 |
| Patterson v. N. Tr. Co., 207 Ill. App. 355 | 307A+552 | Every court of justice possesses inherent power to protect itself from abuse of its own process, and may resort to summary remedy of dismissing cause of action that is frivolous or vexatious. | Does a court of justice possess inherent power to protect itself from abuse of its own process? | Pretrial Procedure - Memo # 7272 - C - BP.docx | ROSS-003303007-ROSS-003303008 |
| In re Patton, 47 S.W.3d 825 | 307A+746 | The requirement that sanctions for violations of pre-trial orders not be excessive requires trial courts to consider whether the imposition of lesser sanctions would promote compliance. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | Will the requirement that sanctions for violations of pre-trial orders not be excessive requires trial courts to consider whether the imposition of lesser sanctions promote compliance? | 035291.docx | LEGALEASE-00145551-LEGALEASE-00145552 |
| Rockett v. Radar, 97 S.W.3d 535 | 307A+552 | When an event occurs that makes a decision unnecessary or makes granting any relief by the court impossible, then the case is rendered moot and generally should be dismissed. | Is a case rendered moot when an event occurs that makes a decision unnecessary or makes granting any relief by the court impossible? | 035309.docx | LEGALEASE-00145671-LEGALEASE-00145672 |
| Smith v. Gold Dust Casino, 526 F.3d 402 | 170A+1741.3 | While parties who do not comply with court orders may face sanctions, the punishment should fit the crime, and not every instance of failure to comply with an order of the court, however inexcusable, justifies total extinction of a client's cause of action. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A. | Should punishment for disregard of a court order fit the crime? | Pretrial Procedure - Memo # 7310 - C - PB.docx | ROSS-003288648-ROSS-003288649 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Alabama Dep't of Labor v. Dental Referral Serv., 181 So. 3d 1061 | 307A+552 | If a case has become moot, or if a judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and the court will dismiss the case. | Will a court dismiss the case if a judgment would not accomplish an end recognized as sufficient in law? | 035348.docx | LEGALEASE-00145845-LEGALEASE-00145846 |
| A.D. v. State, 736 N.E.2d 1274 | 307A+552 | A case may be decided on its merits under an exception to the general rule that a moot case should be dismissed when the case involves questions of great public interest. | Can a case be decided on its merits under an exception to the general rule that a moot case should be dismissed when the case involves questions of great public interest? | 035490.docx | LEGALEASE-00146277-LEGALEASE-00146278 |
| Clark v. State Farm Mut. Auto. Ins. Co., 769 So. 2d 176 | 307A+590.1 | A "step" in the prosecution or defense of a suit occurs, and the suit is thus not abandoned, when a party takes formal action intended to hasten the matter to judgment. LSA-C.C.P. art. 561. | "Does a ""step"" in the prosecution or defense of a suit occur when a party takes formal action intended to hasten the matter to judgment?" | Pretrial Procedure - Memo # 7466 - C - DHA.docx | ROSS-003315680-ROSS-003315681 |
| Com. v. Lowe Coal Co., 296 Pa. 359 | 371+2005 | General rules governing local political subdivisions given taxing powers do not apply to state, unless specifically ordained by fundamental law or otherwise. | "Do the general rules governing local political subdivisions given taxing power, apply to state?" | 045881.docx | LEGALEASE-00146301-LEGALEASE-00146302 |
| Janes v. Graves, 24 Ohio Dec. 395 | 371+2010 | Power to tax to provide for raising of revenue is inherent in the government and is exclusively vested in the legislative branch of government by common law; but such inherent power to tax is to be exclusively exercised for the express and sole purpose of raising revenue to defray expenses of government. | Is power to tax to provide for raising of revenue inherent in the government and exclusively vested in the legislative branch of government by common law? | 045887.docx | LEGALEASE-00146313-LEGALEASE-00146314 |
| Techniarts Video v. 1631 Kalorama Assocs., 572 A.2d 1051 | 307A+563 | Dismissal as sanction for plaintiff's failure to prosecute or to comply with superior court order should be adopted as remedy only in extreme circumstances and only after trial court has considered lesser sanctions. Civil Rule 41(b). | Should dismissal as sanction for a plaintiff's failure to prosecute or to comply with superior court order be adopted as remedy only in extreme circumstances and only after trial court has considered lesser sanctions? | 034892.docx | LEGALEASE-00146756-LEGALEASE-00146758 |
| State ex rel. Chastain v. City of Kansas City, 968 S.W.2d 232 | 30+781(1) | When event occurs that makes decision on appeal unnecessary or makes it impossible for appellate court to grant effectual relief, appeal is moot and generally should be dismissed. | Will a case be moot when an intervenient event occurs which makes a court's decision unnecessary or granting effectual relief impossible? | 034895.docx | LEGALEASE-00146759-LEGALEASE-00146761 |
| Lyons v. Dohman, 958 So. 2d 771 | 307A+590.1 | A step taken by a plaintiff after the three-year period for abandonment has run is ineffective to prevent a judgment of dismissal from being granted. LSA-C.C.P. art. 561(A)(1). | Is a step taken by a plaintiff after the three-year period for abandonment has run ineffective to prevent a judgment of dismissal from being granted? | Pretrial Procedure - Memo # 7059 - C - SN_58313.docx | ROSS-003292424-ROSS-003292425 |
| In re Cty. Treasurer, 2013 IL App (3d) 120999 | 307A+556.1 | Under statute that allows a litigant to obtain an involuntary dismissal of a claim against him if that claim is completely negated or defeated by other "affirmative matter" in the nature of a defense, lack of standing may be raised as a basis for dismissal. S.H.A. 735 ILCS 5/2-619(a)(9). | Will a litigant be allowed to obtain an involuntary dismissal of a claim against him if that claim is completely negated or defeated by other affirmative matter in the nature of a defense? | 11333.docx | LEGALEASE-00094380-LEGALEASE-00094382 |
| Schutz v. United States, 422 F.2d 991 | 34+20.10(1) | Every registrant is required to report for induction as ordered even though he may have valid legal grounds for refusing to submit to induction. Military Selective Service Act of 1967, S 12, 50 U.S.C.A. App. S 462. | Does every registrant have the duty to report for induction even though he may have valid legal grounds for refusing to submit to induction? | 008744.docx | LEGALEASE-00147990-LEGALEASE-00147991 |
| Gerhard v. Stephens, 68 Cal. 2d 864 | 260+55(1) | Exclusive right to drill for and produce oil inhering in landowner by virtue of his title to the land is a valuable right which he may transfer, and such right, when granted, is a "profit a prendre", which is a right to remove a part of the substance of the land. | Is the exclusive right to drill for and produce oil when granted a profit a prendre? | Mines and Minerals - Memo #290 - C - CSS_57482.docx | ROSS-003279558-ROSS-003279559 |
| Roberts v. Roberts, 205 Ga. App. 371 | 307A+746 | The trial court's decision whether to allow or disallow evidence based on noncompliance with a pretrial order is within the discretion of the trial court. | Is the trial court's decision whether to allow or disallow evidence based on noncompliance with a pretrial order within the discretion of the trial court? | 10888.docx | LEGALEASE-00094013-LEGALEASE-00094014 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jenner v. Illinois Dep't of Commerce & Econ. Opportunity, 2016 IL App (4th) 150522 | 307A+686.1 | A motion for dismissal on the ground that the claim asserted is barred by affirmative matter avoiding the legal effect of or defeating the claim admits the legal sufficiency of the complaint but raises a defense outside the complaint, an "affirmative matter," that defeats the action. S.H.A. 735 ILCS 5/2-619(a)(9). | Will a motion for dismissal be barred by affirmative matter avoiding the legal effect of or defeating the claim admit the legal sufficiency of the complaint? | 10919.docx | LEGALEASE-00094812-LEGALEASE-00094813 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | Does a Superior Court have inherent power to dismiss action which is made to appear fictitious and sham? | 10109.docx | LEGALEASE-00095079-LEGALEASE-00095080 |
| Patel v. Home Depot USA, 2012 IL App (1st) 103217 | 307A+681 | A motion to dismiss under statute governing motions with respect to the pleadings attacks the legal sufficiency of the complaint; such a motion to dismiss does not raise affirmative factual defenses, but alleges defects appearing on the face of the pleadings. S.H.A. 735 ILCS 5/2-615. | Will a motion to dismiss with respect to the pleadings challenge the legal sufficiency of a complaint and raise affirmative factual defenses? | 10965.docx | LEGALEASE-00094049-LEGALEASE-00094050 |
| Bd. of Trustees of Cmty. Coll. Dist. No. 502, Cty. of Du Page v. Dep't of Prof'l Regulation, 363 Ill. App. 3d 190 | 307A+561.1 | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions and that act to defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619. | Will the legal sufficiency of the complaint be admitted when proceeding on a motion to dismiss? | 10154.docx | LEGALEASE-00095194-LEGALEASE-00095195 |
| Webber v. St. Louis Cty. 2010 WL 4628625 | 307A+561.1 | Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes on its face and without exception that the defense applies and the claim is barred. V.A.M.R. 55.08. | Can a petition be dismissed based on an affirmative defense unless the petition establishes on its face and without exception that the defense applies? | 10978.docx | LEGALEASE-00094337-LEGALEASE-00094338 |
| Weydert Homes v. Kammes, 395 Ill. App. 3d 512 | 307A+686.1 | A motion to dismiss based on defects or defenses which avoid or defeat claims admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | "Will a motion to dismiss raise defects, defenses, or other affirmative matters that avoid the legal effect or defeat a claim?" | 035720.docx | LEGALEASE-00147417-LEGALEASE-00147418 |
| Speedway Motorsports v. Pinnacle Bank, 315 Ga. App. 320 | 307A+561.1 | A motion to dismiss for failure to state a claim can properly be granted upon an affirmative defense only when the elements of the defense are admitted by the plaintiff or completely disclosed on the face of the pleadings. | Will a motion to dismiss for a failure to state a claim be granted upon an affirmative defense? | Pretrial Procedure - Memo # 7568 - C - SHB_57555.docx | ROSS-003284132-ROSS-003284133 |
| Barna v. Passage 350 Canon, 186 Cal. App. 3d 440 | 307A+589 | When defendant seeks trial de novo after arbitration award for plaintiff, trial court should assign matter to earliest possible trial date, and time between date arbitration award is filed and date set for new trial is excluded from calculation of five-year limitations period. West's Ann.Cal.C.C.P. S 1141.10; S 583(b) (Repealed). | Is the time between date that arbitration award is filed and date set for trial de novo not to be excluded from calculation of five-year period within which action must be brought to trial ? | 11009.docx | LEGALEASE-00094709-LEGALEASE-00094710 |
| In re Scarlett Z.-D., 2015 IL 117904 | 307A+561.1 | Motion for involuntary dismissal admits the legal sufficiency of the plaintiff's claim, but asserts certain defects or defenses outside the pleading that defeat the claim. S.H.A. 735 ILCS 5/2-619. | Would a motion to dismiss assert certain defects or defenses outside the pleadings which defeat the claim? | 11019.docx | LEGALEASE-00094673-LEGALEASE-00094674 |
| Estate of Paulk v. Lott, 217 So. 3d 747 | 307A+581 | The presence of an aggravating factor may serve to bolster or strengthen the case for a dismissal; however, neither contumacious conduct nor an aggravating factor is required to support a dismissal for failure to prosecute under the rules of civil procedure. Miss. R. Civ. P. 41(b). | "Can the court consider prejudice or the presence of an aggravating factor, to bolster or strengthen a defendant's case in support of dismissal for failure to prosecute?" | 11078.docx | LEGALEASE-00094557-LEGALEASE-00094558 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dresser v. Bindi, 221 Cal. App. 3d 1493 | 307A+590.1 | Limitations period for bringing action to trial after action is commenced is not tolled if case is sent to arbitration, unless action is or remains submitted to arbitration within six months of expiration of statutory period. West's Ann.Cal.C.C.P. SS 583.310, 583.360, 1141.17, 1141.17(b), 1141.20. | Is the limitations period for bringing action to trial after action is commenced not tolled if a case is sent to arbitration? | 11106.docx | LEGALEASE-00094615-LEGALEASE-00094616 |
| Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+561.1 | When proceeding under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the legal sufficiency of the complaint is admitted. S.H.A. 735 ILCS 5/2-619. | Is the legal sufficiency of the complaint admitted when proceeding allows dismissal of complaint when claim asserted is barred by other affirmative matter? | Pretrial Procedure - Memo # 7706 - C - SKG.docx | ROSS-003300019-ROSS-003300020 |
| Am. Eagle v. Employers' Liab. Assur. Corp., 389 So. 2d 1339 | 307A+590.1 | A posttrial conference whose purpose is to facilitate completion of a transcript so that briefs could be filed and a decision rendered is a "step in the prosecution" and operates to preclude dismissal for abandonment by failure to take any step in prosecution for five years. LSA-C.C.P. art. 561. | "Is a post-trial conference whose purpose is to facilitate completion of a transcript so that briefs could be filed and a decision rendered a ""step in the prosecution""?" | Pretrial Procedure - Memo # 7712 - C - ES.docx | ROSS-003300030-ROSS-003300031 |
| Clark v. State Farm Mut. Auto. Ins. Co., 769 So. 2d 176 | 307A+590.1 | A "step" in the prosecution or defense of a suit occurs, and the suit is thus not abandoned, when a party takes formal action intended to hasten the matter to judgment. LSA-C.C.P. art. 561. | Does a step in the prosecution or defense of an action that can defeat abandonment occur whenever a party takes a formal action that is intended to hasten the matter to judgment? | 10351.docx | LEGALEASE-00095058-LEGALEASE-00095059 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+561.1 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | "Can a complaint be dismissed for absence of sufficient facts to make a good claim, or disclosure of some fact that necessarily defeats the claim?" | Pretrial Procedure - Memo # 7774 - C - KS.docx | ROSS-003286704-ROSS-003286705 |
| Stephanie W. v. Maxwell V., 319 P.3d 219 | 307A+46 | Trial court's discretion to impose litigation-ending discovery sanctions is narrowly limited to extreme situations, and such sanctions cannot be imposed when an alternative remedy would suffice to make the adverse party whole. Rules Civ.Proc., Rule 37. | Is a trial court's discretion to order litigation-ending sanctions severely limited? | 11275.docx | LEGALEASE-00094238-LEGALEASE-00094239 |
| Hutchison v. Seariver Mar., 22 So. 3d 989 | 307A+590.1 | A joint motion to continue without date or indefinitely is not considered a step in the prosecution of a case, since by its very nature, an indefinite continuance is not intended to hasten the matter to judgment. | Is a joint motion to continue without date or indefinitely not considered a step in the prosecution of a case? | 11303.docx | LEGALEASE-00094820-LEGALEASE-00094821 |
| Sewell Masonry Co. v. DCC Const., 862 So. 2d 893 | 307A+590.1 | Documents filed of record concerning discovery may, but do not always, constitute record activity sufficient to avoid dismissal for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | "Can documents filed of record concerning discovery constitute ""record activity"" sufficient to avoid dismissal for failure to prosecute?" | Pretrial Procedure - Memo # 7840 - C - SHB.docx | ROSS-003286751-ROSS-003286752 |
| Barnett Bank of E. Polk Cty. v. Fleming, 508 So. 2d 718 | 307A+590.1 | Motion to dismiss for lack of prosecution, whether initiated by court or a party, cannot be deemed "record activity" sufficient to defeat dismissal of case for lack of prosecution. West's F.S.A. RCP Rule 1.420(e). | "Can a motion to dismiss for lack of prosecution be deemed a ""record activity"" sufficient to defeat a dismissal of a case for lack of prosecution?" | 11331.docx | LEGALEASE-00094451-LEGALEASE-00094452 |
| Peruvian Connection, Ltd. v. Christian, 977 F. Supp. 1107 | 25T+230 | Whether parties enter into formal written agreement or merely ask arbitrator to decide claims submitted, they have in effect empowered arbitrator to decide issues stated in grievance, and grievance itself becomes submission agreement and defines limits of arbitrator's authority. | When does a grievance become a submission agreement? | 007845.docx | LEGALEASE-00148880-LEGALEASE-00148881 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Citizens & S. Nat. Bank v. Scheider, 139 Ga. App. 475 | 278+4 | New note given in lieu of existing note between same parties and for same indebtedness, even at higher rate of interest and due at latter date is not given for new consideration and therefore does not constitute a novation. | Will a new note given in lieu of an existing note between the same parties for the same indebtedness constitute a novation? | Bills and Notes- Memo 468-IS_57878.docx | ROSS-003294339-ROSS-003294340 |
| Kansas Bankers Sur. Co. v. Ford Cty. State Bank, 184 Kan. 529 | 8.30E+05 | The Uniform Negotiable Instruments Law was designed to harmonize decisions of courts of last resort in respect to commercial paper, and to give to negotiable instruments a degree of certainty that would be universal in its application in states enacting it. G.S.1949, 52-101 et seq. | Why was Uniform Negotiable Instruments Law designed? | 010501.docx | LEGALEASE-00148153-LEGALEASE-00148154 |
| Triffin v. Dillabough, 448 Pa. Super. 72 | 8.30E+282 | Purpose of Uniform Commercial Code (UCC) is to meet contemporary needs of fast-moving commercial society, and to enhance marketability of negotiable instruments, allowing bankers, brokers and general public to trade in confidence. | Is the purpose of Commercial Code to enhance the marketability of negotiable instruments? | Bills and Notes -Memo 622 -DB.docx | LEGALEASE-00038054-LEGALEASE-00038055 |
| United States v. Pinson, 860 F.3d 152 | 91+152 | To prove a pattern of racketeering activity, as required to support Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy conviction, the evidence must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity. 18 U.S.C.A. S 1962(d). | "What must the evidence show to prove a ""pattern of racketeering activity"" for a Racketeer Influenced and Corrupt Organizations Act conviction?" | 012443.docx | LEGALEASE-00148272-LEGALEASE-00148273 |
| United States v. Carson, 464 F.2d 424 | 63+1(2) | Defendant administrative assistant to member of Senate Judiciary Committee was clearly embraced within terms of the bribery statute, for purposes of situation in which influence of defendant was sought in connection with federal criminal charges that were being contemplated against other persons. 18 U.S.C.A. S 201(a). | Is every person performing any service for the government embraced within the terms of bribery statute? | 012489.docx | LEGALEASE-00148482-LEGALEASE-00148483 |
| Watt v. Lee, 238 Ala. 451 | 156+3(1) | A party who obtains or defeats a judgment, by pleading or representing a thing or judgment in one aspect, is estopped from giving it another in a suit founded upon the same subject-matter. | Is a party who obtains or defeats a judgment estopped from giving it another in a suit founded upon the same subject matter? | Estoppel - Memo #16 - C - CSS_58248.docx | ROSS-003293863-ROSS-003293864 |
| Elliott v. Berry, 206 Okla. 594 | 260+79.1(2) | Term "royalty" is construed in broad sense of denoting mineral rights when there is no oil and gas lease on property, but is construed in restricted sense of denoting interest in production when property is under lease for oil and gas. | Is the term royalty construed in the broad sense of denoting mineral rights when there is no oil or gase lease upon the property? | 021515.docx | LEGALEASE-00148369-LEGALEASE-00148370 |
| Appeal of York Bank, 36 Pa. 458 | 289+723 | A judgment confessed by one partner in the name of the firm, though void as to his copartners, is good as between him and the creditor, not only as evidence of the amount of his indebtedness, but as a lien on his real estate within the county. | Is a judgment confessed by a partner in the name of the firm good as between the partner and the creditor? | 022505.docx | LEGALEASE-00148963-LEGALEASE-00148964 |
| Lujan v. City of Albuquerque, 134 N.M. 207 | 307A+563 | A district court has authority to dismiss claims with prejudice for a party's failure to prosecute or to comply with procedural rules or court orders. NMRA, Rules 1-037, 1-041. | Does a district court have authority to dismiss claims with prejudice for a party's failure to prosecute or to comply with procedural rules or court orders? | 035030.docx | LEGALEASE-00148137-LEGALEASE-00148138 |
| Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773 | 307A+563 | If the motion to dismiss for fraud on the court would not likewise survive a motion for summary judgment, the trial court should presume the matter not subject to dismissal. | "If the motion to dismiss for fraud on the court would not likewise survive a motion for summary judgment, should the trial court presume the matter not subject to dismissal?" | Pretrial Procedure - Memo # 7126 - C - DHA_58019.docx | ROSS-003280790-ROSS-003280791 |
| Van Tieghem v. Sushenka, 254 Ill. App. 409 | 307A+563 | The court may dismiss a cause for noncompliance with a rule entered against a plaintiff to file a pleading or take some other step in the cause, where no sufficient excuse is given. | Can the court dismiss a cause for noncompliance with a rule entered against a plaintiff to file a pleading or take some other step in the cause? | Pretrial Procedure - Memo # 7127 - C - KA_58020.docx | ROSS-003284208-ROSS-003284209 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brodbeck v. Gonzalez, 336 So. 2d 475 | 307A+563 | Dismissal as punishment for plaintiff's failure to comply with court order is in large measure discretionary matter with trial judge. 30 West's F.S.A. Rules of Civil Procedure, rule 1.380(b)(2). | Is dismissal as a punishment for a plaintiff's failure to comply with a court order is in large measure a discretionary matter with a trial judge? | Pretrial Procedure - Memo # 7132 - C - NS_58025.docx | ROSS-003321395-ROSS-003321396 |
| Jackson v. Carolina Hardwood Co., 120 N.C. App. 870 | 307A+622 | Where complaint discloses unconditional affirmative defense which defeats claim asserted or pleads facts which deny right to any relief on alleged claim, complaint may properly be dismissed for failure to state claim upon which relief can be granted. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | What happens if a complaint discloses an unconditional affirmative defense which defeats the claim asserted? | Pretrial Procedure - Memo # 7600 - C - TM_57808.docx | ROSS-003279474-ROSS-003279475 |
| Broudy v. Mather, 460 F.3d 106 | 34+102 | Statute providing that Secretary of Department of Veterans Affairs (VA) "shall decide all questions of law and fact necessary" to a veterans benefits decision, and that such decision is not reviewable by any court, does not vest exclusive jurisdiction with Secretary to construe laws affecting provision of benefits; statute divests courts of authority to review Secretary's benefits decisions once made, but does not divest federal district court of jurisdiction to consider question arising underlaw affecting provision of benefits, where Secretary has not yet made decision on same question. 38 U.S.C.A. S 511(a). | Does the Secretary of the Department of Veterans Affairs (VA) make determinations regarding the availability of VA benefits? | 008791.docx | LEGALEASE-00149772-LEGALEASE-00149773 |
| Cox v. McDonald, 28 Vet. App. 318 | 34+101.1 | When the Veterans Affairs' (VA) interpretation of a statute is clear from its existing regulations, any discrepancy between the VA's internal adjudications manual and the agency's properly promulgated regulations does not confer any rights on a claimant. | Does a discrepancy between the VA's internal adjudications manual and the agency's properly promulgated regulations confer any rights on a claimant? | Armed Services - Memo 340 - RK_58613.docx | ROSS-003282010-ROSS-003282011 |
| Northridge v. Grenier, 278 Mass. 438 | 8.30E+05 | Negotiable Instrument Law must be construed in conformity to its obvious meaning, without regard to previous law of commonwealth, unless necessary to resolve some doubt or obscurity. G.L. c. 107, SS 23, 26 (M.G.L.A. c. 106 SS 3-102(1) (b), 3-104(1), 3-109). | Should the provisions of the Negotiable Instrument Act be construed in conformity to their obvious meaning without regard to the previous law? | 010616.docx | LEGALEASE-00149175-LEGALEASE-00149176 |
| Adams v. Bank of Am., N.A., 237 F. Supp. 3d 1189 | 172H+1350 | Truth in Lending Act (TILA) requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights, including the right of rescission. Truth in Lending Act S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Are creditors required to disclose the terms of the borrowers rights? | 013921.docx | LEGALEASE-00149523-LEGALEASE-00149524 |
| Beukes v. GMAC Mortg., 786 F.3d 649 | 172H+1372 | Under the Truth in Lending Act (TILA), a lender's disclosure of the finance charge in a refinancing transaction generally must be treated as "accurate" if the amount disclosed as the finance charge does not vary from the actual finance charge by more than an amount equal to one-half of one percent of the total amount of credit extended, unless the borrower has attempted to exercise his or her rescission rights after the initiation of any judicial or nonjudicial foreclosure process, in which case a narrower tolerance for variation applies. Truth in Lending Act, SS 106(f)(2), 125(i)(2), 15 U.S.C.A. SS 1605(f)(2), 1635(i)(2). | When is disclosure of the finance charge treated as accurate? | 013935.docx | LEGALEASE-00149541-LEGALEASE-00149542 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Oakman v. Ogilvie, 185 S.C. 118 | 200+183 | Every traveler on the highway, exercising due care, in the absence of any circumstances which reasonably should put him on notice to the contrary, is entitled to assume and to act upon the assumption, that others using it in common with him will exercise reasonable care. | Can a traveler assume that others would also exercise reasonable care? | 018705.docx | LEGALEASE-00149706-LEGALEASE-00149707 |
| Williams v. Shinseki, 161 F. Supp. 3d 77 | 170A+1772 | A complaint will not survive a motion to dismiss for failure to state a claim if it tenders naked assertions devoid of further factual enhancement; rather, a complaint must contain sufficient factual allegations that, if accepted as true, state a claim to relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6). | Does a complaint suffice if it tenders naked assertions devoid of further factual enhancement? | Pretrial Procedure - Memo # 7969 - C - SS_58331.docx | ROSS-003293787-ROSS-003293788 |
| Capaci v. Folmar Kenner, 43 So. 3d 1229 | 30+3206 | Because the trial judge is in the best position to assess the conduct of plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court. Rules Civ.Proc., Rule 41(b). | "Should involuntary dismissal for failure of plaintiff to prosecute or to comply with rules or any order of court, be carefully scrutinized?" | Pretrial Procedure - Memo # 8029 - C - SKG.docx | LEGALEASE-00039379-LEGALEASE-00039380 |
| Scottsdale Ins. Co. v. Lakeside Cmty. Comm., 2016 IL App (1st) 141845 | 307A+686.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts that the claim is defeated based on certain defects, defenses, or other affirmative matter. S.H.A. 735 ILCS 5/2-619. | Would a motion to dismiss based upon certain defects or defenses admit the legal sufficiency of the complaint? | 036455.docx | LEGALEASE-00149988-LEGALEASE-00149989 |
| Schafer v. City of Defiance Police Dep't, 529 F.3d 731 | 170A+1758.1 | District courts have the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the federal rules of civil procedure or any order of the court. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A. | Does the district court have authority to dismiss claims with prejudice for a party's failure to prosecute or to comply with procedural rules or court orders? | 036612.docx | LEGALEASE-00149414-LEGALEASE-00149415 |
| Wildcat Prop. Mgmt. v. Reuss, 302 S.W.3d 89 | 307A+581 | "Housekeeping rules," which allow a trial court to dismiss actions without prejudice for lack of prosecution when no pretrial steps have been taken within the preceding year, are a means to expedite the removal of unprosecuted cases from court dockets. Rules Civ.Proc., Rule 77.02(2); Fayette Circuit Criminal and Civil Court Rule 25. | "Can a court dismiss actions without prejudice for lack of prosecution, when no pretrial steps have been taken within the preceding year?" | 036637.docx | LEGALEASE-00149917-LEGALEASE-00149918 |
| Spates v. Howell, 420 S.W.3d 776 | 307A+622 | A defendant who files a motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but asserts that the allegations fail to establish a cause of action. Rules Civ.Proc., Rule 12.02(6). | Does a defendant who files a motion to dismiss admit the truth of all of the relevant and material allegations contained in the complaint? | Pretrial Procedure - Memo # 8184 - C - NS_58759.docx | ROSS-003319316-ROSS-003319317 |
| Wells Fargo Bank v. Country Place Condo. Ass'n, 304 Mich. App. 582 | 307A+622 | A motion for summary disposition for alleged failure to state a valid defense against a claim asserted tests the sufficiency of the defendant's pleadings, and is appropriately granted where the defendant has failed to state a valid defense to a claim. MCR 2.116(C)(9). | Does a motion for summary disposition for failure to state a valid defense to the claim test the legal sufficiency of a defense? | Pretrial Procedure - Memo # 8338 - C - KI_58851.docx | ROSS-003296697-ROSS-003296698 |
| State v. Hall, 162 Wash. 2d 901 | 352H+94 | State must prove, beyond reasonable doubt, to convict defendant of attempted rape, that defendant had specific intent to rape victim, and committed act which went beyond mere preparation but fell short of actual commission of rape. G.S. S 14-27.6. | Does the state have to prove defendants intent in an attempted rape prosecution? | 042999.docx | LEGALEASE-00149806-LEGALEASE-00149807 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pub. Res. Prot. Assn. v. Dep't of Forestry & Fire Prot., 7 Cal. 4th 111 | 411+7 | Legislature has given Board of Forestry authority to adopt forest practice rules and regulations in order to assure continuous growing and harvesting of commercial forest tree species and to protect environment, which authority includes power to review and revise rules and to withhold approval of timber harvesting plan if director determines that existing rules are insufficient to prevent significant harm to state's natural resources. West's Ann.Cal.Gov.Code SS 11342.1, 11342.2; West's Ann.Cal.Pub.Res.Code SS 4551, 4553. | Has the legislature vested in the board the authority to adopt forest practice rules and regulations? | Woods and Forest - Memo 24-ANM_58702.docx | ROSS-003284923-ROSS-003284924 |
| Mathews v. Sun Oil Co., 411 S.W.2d 561 | 156+32(1) | Estoppel by deed precludes parties to a valid sealed instrument and their privies from denying its force and effect by evidence of inferior solemnity. | Is estoppel by deed a preclusion against the competent parties to a valid sealed instrument to deny its force and effect by any evidence of inferior solemnity? | 018014.docx | LEGALEASE-00150408-LEGALEASE-00150409 |
| Bassim v. Hassett, 184 A.D.2d 908 | 379+155 | "Prima facie tort," which may be pleaded in the alternative with traditional torts, consists of unjustified or inexcusable intentional infliction of harm, causing special damages, by an act or series of acts which would otherwise be lawful. | Can prima facie tort be pleaded in the alternative? | Pleading - Memo 490-RMM.docx | LEGALEASE-00039990-LEGALEASE-00039991 |
| Leon v. Martinez, 638 N.E.2d 511 | 307A+685 | In assessing motion to dismiss for failure to state cause of action, court may freely consider affidavits submitted by plaintiff to remedy any defects in complaint. McKinney's CPLR 3211(a), par. 7. | In assessing a motion to dismiss for failure under CPLR 3211(a)(7) is the criterion is that proponent of the pleading has a cause of action to state a cause of action? | 036653.docx | LEGALEASE-00150498-LEGALEASE-00150499 |
| Estate of Radvin ex rel. Radvin v. City of New York, 38 Misc. 3d 821 | 307A+622 | The criterion in considering a motion to dismiss for failure to state a cause of action is whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | Is the criterion in considering a motion to dismiss for failure under CPLR 3211(a)(7) to state a cause of action whether the proponent of the pleading has a cause of action? | Pretrial Procedure - Memo # 8163 - C - PC_58975.docx | ROSS-003292275-ROSS-003292277 |
| Hutchion v. Tompkins, 259 So. 2d 129 | 115+9 | Where allegations of complaint show invasion of legal right, plaintiff may recover at least nominal damages and motion to dismiss should be overruled. | "Where the allegations of a complaint show the invasion of a legal right, can the plaintiff on the basis thereof recover at least nominal damages?" | 036672.docx | LEGALEASE-00150070-LEGALEASE-00150071 |
| Theilman v. Rutland Hosp., 455 F.2d 853 | 170A+1758.1 | Dismissal with prejudice is harsh remedy to be utilized only in extreme situations, but authority to invoke it for lack of prosecution, both on defendant's motion and sua sponte is an inherent control vested in courts. Fed.Rules Civ.Proc. rule 41(b), 28 U.S.C.A. | Is a dismissal with prejudice a harsh remedy to be utilized only in extreme situations? | 036835.docx | LEGALEASE-00150373-LEGALEASE-00150374 |
| Adem v. Des Peres Hosp., 515 S.W.3d 810 | 307A+622 | Where the pleadings fail to state a cause of action under the law or fail to state facts entitling the party to relief, the trial court may dismiss the lawsuit. | Can a trial court dismiss a claim when a party fails to state a cause of action or fails to state facts entitling him to relief? | 036975.docx | LEGALEASE-00150306-LEGALEASE-00150307 |
| Darby v. Wal-Mart, 775 So. 2d 592 | 307A+622 | Dismissal of a claim is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. | Is it justified to dismiss a claim when the allegations of the petition clearly show that the plaintiff does not have a cause of action? | Pretrial Procedure - Memo # 8523 - C - NS_59202.docx | ROSS-003281963-ROSS-003281964 |
| Summerlin v. Com., 37 Va. App. 288 | 3.77E+11 | A "threat," in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property; the communication, taken in its particular context, must reasonably cause the receiver to believe that the speaker will act according to his expression of intent. Code 1950, S 18.2-83. | How is a threat in the criminal context recognized? | Threats and Stalking - Memo #42 - C - LB_58924.docx | ROSS-003291974-ROSS-003291975 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Graig Shipping Co. v. Midland Overseas Shipping Corp., 259 F. Supp. 929 | 25T+182(2) | Though statute contemplates that party to arbitration agreement may bring libel to obtain benefit of security by attachment, statute does not give libellant unrestricted privilege of utilizing pre-trial procedures, and though it may be permissible to allow libellant discovery of information relating to security, any attempt to go to merits and to retain still the right to arbitration is clearly impermissible. 9 U.S.C.A. S 8. | Can a party to an arbitration agreement bring a libel to obtain the benefit of security by attachment? | 007936.docx | LEGALEASE-00151399-LEGALEASE-00151400 |
| Grant v. Friendly Chrysler-Plymouth, 612 S.W.2d 667 | 172H+93 | Failure to include sales taxes as part of "cash sale price" in automobile retail installment contract was de minimus and did not contravene intent of Consumer Credit Code. Vernon's Ann.Civ.St. art. 5069-7.01(f, h). | Is failure to include sales taxes as part of Cash Sale Price is de minimus and contravene intent of Consumer Credit Code? | 014001.docx | LEGALEASE-00150952-LEGALEASE-00150953 |
| Aspenhof Corp. v. State Tax Comm'n of Missouri, 789 S.W.2d 867 | 371+2515 | Assessed valuation of property is its true value in money; true value in money is fair market value of property on valuation date, and is function of its highest and best use, which is use of property which will produce greatest return in reasonably near future. | Is true value an absolute figure or an estimate of the fair market value of the property on the valuation date? | 018344.docx | LEGALEASE-00150954-LEGALEASE-00150955 |
| Proctor v. Bank of New Hampshire, N.A., 123 N.H. 395 | 307A+624 | In determining whether a motion to dismiss should be granted, all facts properly pleaded are assumed to be true, and reasonable inferences therefrom are construed most favorably to the plaintiff; if the plaintiff could recover on any set of facts under the pleadings, the motion to dismiss as to that count should be denied. | "In considering a motion to dismiss, does the court assume the petitioner's pleadings to be true and construes all reasonable inferences drawn therefrom most favorably to him?" | 037171.docx | LEGALEASE-00150844-LEGALEASE-00150845 |
| Byrne & Jones Enterprises v. Monroe City R-1 Sch. Dist., 493 S.W.3d 847 | 307A+679 | In reviewing the dismissal of a petition, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to the plaintiff, the plaintiff is entitled to relief. | "In reviewing the dismissal of a petition, what is the sole issue to be decided?" | Pretrial Procedure - Memo # 8464 - C - NS_59163.docx | ROSS-003282909-ROSS-003282910 |
| Schreiner v. Karson, 52 Ohio App. 2d 219 | 307A+690 | Lesser sanctions than dismissal with prejudice before trial should be applied unless a plaintiff's conduct is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for dismissal for failure to prosecute or obey a court order. Civ.R. 41(B)(1). | Is dismissal for failure to prosecute or comply with a court order appropriate where the conduct of a party is dilatory as to merit the harsh sanction of a dismissal with prejudice? | 037228.docx | LEGALEASE-00151102-LEGALEASE-00151103 |
| Cangemi v. Advocate S. Suburban Hosp., 364 Ill. App. 3d 446 | 307A+561.1 | While a motion to dismiss pursuant to section of Code of Civil Procedure allowing for involuntary dismissal of claim based on certain defects or defenses attacks the legal sufficiency of the complaint, it generally does so by raising affirmative matter that avoids the legal effect of or defeats the claim. S.H.A. 735 ILCS 5/2-619. | Does a motion to dismiss raise an affirmative matter that avoids the legal effect of or defeats the claim? | 037352.docx | LEGALEASE-00151046-LEGALEASE-00151047 |
| W. Radio Servs. Co. v. Allen, 147 F. Supp. 3d 1132 | 205H+3 | Under Oregon law, the theory of unjust enrichment provides a remedy where no enforceable contract exists, and (1) one party has conferred a benefit on another, (2) the recipient is aware that a benefit has been received, and (3) under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. | Is unjust enrichment a remedy? | Woods and Forests - Memo 61-ANM-JR_59292.docx | ROSS-003281273-ROSS-003281274 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fed. Commerce & Nav. Co. v. Kanematsu-Gosho, Ltd., 457 F.2d 387 | 25T+374(1) | It is not function of reviewing court, in guise of interpreting scope of submission agreement, to substitute its judgment on law for what arbitrators thought with good reason to be relevant. | Can the reviewing court substitute its judgment on the law for what an arbitrator thought with good reason to be relevant? | Alternative Dispute Resolution - Memo 812 - RK_59497.docx | ROSS-003279458-ROSS-003279459 |
| Bonner v. Michigan Logistics Inc., 250 F. Supp. 3d 388 | 25T+175 | A court cannot expand the parties' agreement to arbitrate in order to achieve greater efficiency, and the Federal Arbitration Act (FAA) requires piecemeal resolution when necessary to give effect to an arbitration agreement. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act require piecemeal resolution when necessary to give effect to arbitration agreement? | 007972.docx | LEGALEASE-00151435-LEGALEASE-00151436 |
| Joca-Roca Real Estate v. Brennan, 772 F.3d 945 | 25T+182(2) | In determining whether a conduct-based waiver of the contractual right to arbitration has occurred, the court asks whether there has been an undue delay in the assertion of arbitral rights and whether, if arbitration supplanted litigation, the other party would suffer unfair prejudice, and that determination is informed by a salmagundi of factors, including the length of the delay, the extent to which the party seeking to invoke arbitration has participated in the litigation, the quantum of discovery and other litigation-related activities that have already taken place, the proximity of the arbitration demand to an anticipated trial date, and the extent to which the party opposing arbitration would be prejudiced. | What should the court examine in order to determine whether a conduct based waiver of the contractual right to arbitration has occurred? | Alternative Dispute Resolution - Memo 831 - RK.docx | LEGALEASE-00041222-LEGALEASE-00041223 |
| Berhorst v. J.L. Mason of Missouri, 764 S.W.2d 659 | 25T+182(2) | Actions constituting waiver of right to arbitrate may include applicant's engaging in some combination of filing answer, setting up counterclaim, pursuing discovery and moving for continuance prior to seeking stay pending arbitration. 9 U.S.C.A. S 1 et seq. | What do actions constituting waiver of arbitration include? | 008031.docx | LEGALEASE-00151506-LEGALEASE-00151507 |
| Hunt v. NationsCredit Fin. Servs. Corp., 902 So. 2d 75 | 83E+878 | Inadequacy in the amount an assignee of a promissory note paid for the note is always a fact to be considered by the jury in an action to collect on the note as evidence of bad faith, and may, with suspicious circumstances, authorize a finding of bad faith and deprive the assignee of holder in due course status, especially if the consideration is grossly inadequate. Code 1975, S 7-3-302(a)(2). | Can grossly inadequate consideration with suspicious circumstances authorize a finding of bad faith? | Bills and Notes - Memo 872 - RK_59553.docx | ROSS-003284879-ROSS-003284880 |
| Betancourt v. Countrywide Home Loans, 344 F. Supp. 2d 1253 | 172H+1555 | There is no right under TILA to rescind a loan transaction when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. Truth in Lending Act, S 125(a), (e)(1), as amended, 15 U.S.C.A S 1635(a), (e)(1). | Is there a statutory right of rescission when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside? | 013890.docx | LEGALEASE-00151582-LEGALEASE-00151583 |
| Sears v. Ogden City, 572 P.2d 1359 | 268+1000(5) | In a proceeding to set aside a street vacation order, a complainant should allege that by reason of closing street he has suffered special damage different in kind from damage to general public; however, a taxpayer is not required to show special damage or injury where right to relief is grounded on illegal acts claimed to operate as constructive fraud affecting city and its citizens. | Does a complainant have to suffer a special injury different in kind to the public in generalto have standing to challenge the validity of a vacation of a street? | 018730.docx | LEGALEASE-00151699-LEGALEASE-00151700 |
| United States v. First Nat. Bank, 82 F. 410 | 296+10 | A bank which pays out money on a pension check which is void because the payee was dead at the time it was drawn, and which, through intermediate banks, collects the money from the government, which is ignorant of the facts, is liable to reimburse the government the said amount. | "Can a bank which pays out money on a pension check which was void because the payee was dead at the time it was drawn, be liable to reimburse the government the said amount?" | 022883.docx | LEGALEASE-00151570-LEGALEASE-00151571 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| M.S.P.C. v. U.S. Cust. and Border Protec., 60 F. Supp. 3d 1156 | 92+4435 | The fact that aliens within the territorial jurisdiction of the United States are protected by the Due Process Clause does not lead to the conclusion that all aliens are entitled to the same rights as citizens or to the conclusion that all aliens must be treated alike. U.S.C.A. Const.Amend. 5. | Does the fact that aliens are protected by the Due Process Clause mean that aliens are entitled to enjoy all the advantages of citizenship? | 006872.docx | LEGALEASE-00152550-LEGALEASE-00152551 |
| Poole v. Perkins, 126 Va. 331 | 95+101(1) | It is a general rule that every contract, as to its validity, nature, interpretation and effect, or, as they may be called, the right, in contradistinction to the remedy, is governed by the law of the place where it is made, unless it is to be performed in another place; and then it is governed by the law of the place where it is to be performed. | What law governs contracts made in one place to be executed at another? | 009729.docx | LEGALEASE-00152586-LEGALEASE-00152587 |
| Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170 | 30+3951 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | Is evidence reviewed in the light most favorable to the nonmovant when deciding summary judgment? | 009758.docx | LEGALEASE-00152651-LEGALEASE-00152652 |
| Williams v. HomestakeMortg. Co., 968 F.2d 1137 | 172H+1552 | Though one goal of rescission process outlined by the Truth in Lending Act (TILA) is to place the consumer in a much stronger bargaining position, another goal of statute is to return the parties most nearly to the position they held prior to entering into the transaction. Truth in Lending Act, S 125(b), as amended, 15 U.S.C.A. S 1635(b). | Is placing the consumer in a strong bargaining position a goal of recession process ? | 013858.docx | LEGALEASE-00152437-LEGALEASE-00152438 |
| Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | "Will the object that has occasioned to the horses in the highway, in violation of statute make the owner liable for the damages ?" | Highways -Memo 347-SB_60198.docx | ROSS-003283518-ROSS-003283520 |
| Worley v. Barger, 347 Ill. App. 3d 492 | 307A+561.1 | Motion to dismiss that is filed under statute governing motions with respect to pleadings attacks only a complaint's legal sufficiency; its purpose is not to raise affirmative factual defenses but rather to allege defects apparent on the face of the pleadings. S.H.A. 735 ILCS 5/2-615. | Will motion to dismiss that is filed under statute governing motions to pleadings attack complaint's legal sufficiency? | 037474.docx | LEGALEASE-00151929-LEGALEASE-00151930 |
| Khan v. Deutsche Bank AG, 2012 IL 112219 | 307A+679 | In reviewing the sufficiency of a complaint when ruling on motion to dismiss on the pleadings, court accepts as true all well-pleaded facts in the complaint and all reasonable inferences that may be drawn therefrom and construes the allegations of the complaint in the light most favorable to the plaintiff. S.H.A. 735 ILCS 5/2-615. | "In reviewing the sufficiency of a complaint when ruling on motion to dismiss on the pleadings, does a court accept as true all well-pleaded facts in the complaint and all reasonable inferences?" | 037555.docx | LEGALEASE-00152323-LEGALEASE-00152324 |
| Ericksen v. Rush Presbyterian St. Luke's Med. Ctr., 289 Ill. App. 3d 159 | 307A+682.1 | Motion to dismiss admits all well-pleaded facts in complaint and all documents submitted in support of motion must be considered in light most favorable to nonmoving party, and motion will be granted if there exist no disputed issues of fact. S.H.A. 735 ILCS 5/2-619. | "In considering a motion to dismiss, does a court accept as true all well-pleaded facts and draws all inferences from those facts in favor of a nonmovant?" | 037797.docx | LEGALEASE-00151978-LEGALEASE-00151979 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reaves v. City of Corpus Christi, 518 S.W.3d 594 | 307A+681 | In ruling on a motion to dismiss an action on grounds that it is without basis in law or in fact, the court may not consider evidence, and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure. Tex. R. Civ. P. 91a. | "In ruling on a motion to dismiss an action on grounds that it is without basis in law or in fact, can the court not consider evidence, and decide the motion based solely on the pleading of the cause of action?" | Pretrial Procedure - Memo # 8819 - C - KI.docx | LEGALEASE-00042247-LEGALEASE-00042248 |
| Thompson v. Williams, 752 So. 2d 525 | 307A+581 | Interest in disposing of litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff; willful default or conduct is a conscious or intentional failure to act. | "Can a dismissal be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff?" | 037847.docx | LEGALEASE-00152083-LEGALEASE-00152084 |
| Turner v. 1212 S. Michigan P'ship, 355 Ill. App. 3d 885 | 307A+561.1 | A motion to dismiss based on claims being barred by other affirmative matters avoiding legal effect of or defeating the claims furnishes a mechanism for the disposition of issues of law and easily proved issues of fact; as such, it amounts essentially to a summary judgment procedure. S.H.A. 735 ILCS 5/2-619(a)(9). | Will a motion to dismiss furnish a mechanism for the disposition of issues of law and easily prove issues of fact? | 037877.docx | LEGALEASE-00152176-LEGALEASE-00152177 |
| James B. Bonham Corp. v. City of Corsicana, 528 S.W.3d 554 | 307A+583 | A trial court may dismiss a suit under rule of civil procedure governing dismissal for want of prosecution when a suit is not disposed of within the time standards given by the Supreme Court. Tex. R. Civ. P. 165a. | Can the court dismiss a case for want of prosecution when case has not been disposed of within Supreme Court's time standard? | Pretrial Procedure - Memo # 9148 - C - KI.docx | LEGALEASE-00042378-LEGALEASE-00042379 |
| W. Boatmen's Benev. Ass'nv. Wolff, 45 Mo. 104 | 83E+616 | Prima facie, a party who writes his name on the back of a promissory note of which he is neither payee nor indorsee is to be treated as the maker of the note, and the payee is entitled to recover of him, without proof of demand on the maker and notice of nonpayment. | Can a party who writes his name on the back of note of which he is not a payee or an endorser be considered as the maker of the note? | Bills and Notes - Memo 930 - RK_60722.docx | ROSS-003284830-ROSS-003284831 |
| Rodash v. AIB Mortg. Co., 16 F.3d 1142 | 172H+1322 | Congress intended Truth in Lending Act (TILA) to create system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, Court of Appeals liberally construes language in favor of consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | How did Congress aid the enforcement of Truth in Lending Act (TILA)? | 013699.docx | LEGALEASE-00153402-LEGALEASE-00153403 |
| Guckenberger v. Boston Univ., 974 F. Supp. 106 | 78+1069 | University may, consonant with Americans with Disabilities Act (ADA), require student requesting reasonable accommodation on basis of learning disability to provide current documentation from qualified professional concerning his learning disability; however, university cannot impose upon such individuals documentation criteria that unnecessarily screen out or tend to screen out truly disabled persons. Americans with Disabilities Act of 1990, S 302(b)(2)(i), 42 U.S.C.A. S 12182(b)(2)(i); 34 C.F.R. S 104.4(b)(4). | Are universities liable to students with learning disabilities who fail to request accomodations under theAmericans with Disabilities Act? | 017097.docx | LEGALEASE-00153734-LEGALEASE-00153735 |
| Koch v. Dakota Cty., 151 Neb. 506 | 200+77(2) | The statutory provision that a petition for establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of road, is jurisdictional. R.S.1943, S 39-105. | "Is it necessary that a petition be signed by ten electors, or petitioners residing within five miles of the road?" | 019300.docx | LEGALEASE-00153637-LEGALEASE-00153638 |
| London v. Adams, 1998 S.D. 41 | 307A+581 | "Unreasonable and unexplained delay," warranting dismissal for failure to prosecute, is an omission to do something which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights. SDCL 15-6-41(b), 15-11-11. | "Is ""Unreasonable and unexplained delay,"" an omission to do something which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights?" | 037953.docx | LEGALEASE-00153774-LEGALEASE-00153775 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| QK Healthcare v. InSource, 108 A.D.3d 56 | 307A+683 | On a motion to dismiss a complaint for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss a complaint for failure to state a cause of action, should the complaint be construed liberally?" | Pretrial Procedure - Memo # 8942 - C - DA_60395.docx | ROSS-003278636-ROSS-003278637 |
| CitiMortgage v. Gaudiano, 142 Conn. App. 440 | 307A+679 | When a court decides a question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light; in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "When a court decides a question raised by a pretrial motion to dismiss, should it consider the allegations of the complaint in their most favorable light?" | Pretrial Procedure - Memo # 8943 - C - DA_60396.docx | ROSS-003285401-ROSS-003285402 |
| P.E. Sys. v. CPI Corp., 176 Wash. 2d 198 | 307A+680 | When considering a motion for judgment on the pleadings, a trial court must presume that the plaintiff's allegations are true and may consider hypothetical facts that are not included in the record. CR 12(c). | "When dismissing a complaint on the pleadings, should a trial court presume that the plaintiff's allegations are true and can consider hypothetical facts that are not included in the record?" | Pretrial Procedure - Memo # 8949 - C - SKG.docx | LEGALEASE-00042987-LEGALEASE-00042988 |
| Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP, 68 A.3d 697 | 30+3896 | On a motion to dismiss for failure to state claim on which relief could be granted, the Court of Appeals will construe the complaint in the light most favorable to the plaintiff by taking the facts alleged in the complaint as true. Civil Rule 12(b)(6). | "On a motion to dismiss for failure to state claim on which relief could be granted, are all facts alleged in the complaint taken as true?" | 038091.docx | LEGALEASE-00153368-LEGALEASE-00153369 |
| Shapiro v. Columbia Union Nat. Bank & Tr. Co., 576 S.W.2d 310 | 30+3197 | Supreme Court's review of dismissal of plaintiff's petition would allow pleading its broadest intendment; Supreme Court would treat all facts alleged as true, construe allegations favorably to plaintiff and determine whether averments invoke principles of substantive law. | "Are all facts alleged in a petition are regarded as true, for purposes of a motion to dismiss?" | 038186.docx | LEGALEASE-00153139-LEGALEASE-00153140 |
| Holt v. Ayers, 127 Ohio App. 3d 535 | 307A+587 | Dismissal of action for failure to prosecute was an abuse of discretion, where plaintiff and his attorney failed to appear at trial due to attorney's confusion regarding assigned judge and date posted on court's computer docketing system, there was nothing else to indicate that plaintiff's behavior was negligent, irresponsible, contumacious, or dilatory, and court failed to provide required notice of dismissal. Rules Civ.Proc., Rule 41(B)(1). | "Is dismissal appropriate where the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to merit the harsh sanction of a dismissal with prejudice?" | Pretrial Procedure - Memo # 9197 - C - SHS_60505.docx | ROSS-003282655-ROSS-003282657 |
| Ackerman v. Sobol Family P'ship, LLP, 298 Conn. 495 | 308+38 | Unless otherwise agreed, there is a notification by the principal to the third person of revocation of an agent's apparent authority or other fact indicating its termination: (1) when the principal states such fact to the third person, or (2) when a reasonable time has elapsed after a writing stating such fact has been delivered by the principal to the other personally. Restatement (Second) of Agency S 136(1). | Can apparent authority be terminated if a third person has notice of the agents authority being terminated? | Principal and Agent - Memo 160 - SB_60779.docx | ROSS-003278469-ROSS-003278470 |
| Ping v. Beverly Enterprises, 376 S.W.3d 581 | 156+52(1) | Equitable estoppel is a defensive doctrine founded on the principles of fraud, under which one party is prevented from taking advantage of another party whom it has falsely induced to act in some injurious or detrimental way. | Is equitable estoppel a defensive doctrine found on the principles of fraud? | 06610.docx | LEGALEASE-00096599-LEGALEASE-00096600 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Anderson v. Wilken, 377 P.3d 149 | 307A+622 | In a traditional motion to dismiss, the trial court takes as true all of the factual allegations together with all reasonable inferences that can be drawn from them, and dismissal will be granted only when there are no facts consistent with the allegations under any cognizable legal theory or there are insufficient facts under a cognizable legal theory. | "In a traditional motion to dismiss, does the trial court take as true all of the factual allegations together with all reasonable inferences that can be drawn from them?" | 038463.docx | LEGALEASE-00154395-LEGALEASE-00154396 |
| Weiss v. Indiana Parole Bd., 838 N.E.2d 1048 | 307A+680 | A motion to dismiss a claim for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. Trial Procedure Rule 12(B)(6). | "Does a motion to dismiss a claim for failure to state a claim upon which relief can be granted test the sufficiency of a claim, not the facts supporting it?" | Pretrial Procedure - Memo # 9275 - C - VA_61240.docx | ROSS-003279355-ROSS-003279356 |
| Connolly v. Sebeco, 89 So. 2d 482 | 307A+686.1 | For purpose of passing upon a motion to dismiss a complaint, the court must assume all facts alleged in the complaint to be true and must decide motion on questions of law only. | "For purpose of passing upon motion to dismiss, should a court assume all facts alleged in a complaint to be true?" | Pretrial Procedure - Memo # 9296 - C - UG_61151.docx | ROSS-003278429 |
| Volkswagen Aktiengesellschaft v. Jones, 227 So. 3d 150 | 307A+681 | If parties' affidavits and sworn proof can be harmonized, on motion to dismiss for lack of personal jurisdiction, the trial court can determine the jurisdictional issue based on the undisputed facts. | "If parties' affidavits and sworn proof can be harmonized, can the trial court determine the jurisdictional issue based on the undisputed facts?" | 038562.docx | LEGALEASE-00153915-LEGALEASE-00153916 |
| Landmark Funding, Inc on Behalf of Naples Syndications v. Chaluts, 213 So. 3d 1078 | 307A+681 | When passing on a motion to dismiss, the trial court is limited to considering the four corners of the complaint along with the attachments incorporated into the complaint. | "When passing on a motion to dismiss, is the trial court limited to considering the four corners of the complaint along with the attachments incorporated into the complaint?" | 038568.docx | LEGALEASE-00153945-LEGALEASE-00153946 |
| Bilnoski v. Pizza Inn, 858 S.W.2d 55 | 307A+581 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or at trial, when case has not been disposed of within Supreme Court's guidelines, and when case has not been prosecuted with due diligence; authority to dismiss is derived both from rules of civil procedure and from court's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165. | Can a court dismiss a case for want of prosecution when the case has not been disposed of within Supreme Court's guidelines? | Pretrial Procedure - Memo # 9437 - C - PC_62155.docx | ROSS-003280377-ROSS-003280378 |
| Youngworth v. Stark, 232 Cal. App. 3d 395 | 307A+581 | Policies guiding trial court's management of delay reduction program are reduction of delay in litigation and expeditious and timely resolution of cases, and resolution of cases on their merits rather than dismissal on procedural grounds. West's Ann.Cal.Gov.Code S 68601 (Repealed). | What are the policies guiding trial court's management of delay reduction program? | 038774.docx | LEGALEASE-00153951-LEGALEASE-00153952 |
| O.S.G. by L.G. v. G.B., Jr., 805 S.W.2d 704 | 307A+581 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only the length of the delay but attendant circumstances. | Will the court consider not only the length of the delay but also attendant circumstances in deciding whether to order dismissal for failure to prosecute? | 038786.docx | LEGALEASE-00153994-LEGALEASE-00153995 |
| Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639 | 307A+581 | Power to invoke sanction of dismissal for want of prosecution, Rules Civ.Proc., Rule 41(b)(2), 43A M.G.L.A., is critical to orderly and expeditious disposition of cases and the calendar as a whole. | Is power to invoke sanction of dismissal for want of prosecution critical to orderly and expeditious disposition of cases and the calendar as a whole? | 038801.docx | LEGALEASE-00154032-LEGALEASE-00154033 |
| Comstock Const. Co. v. LHG Inv. Co., 126 Mich. App. 408 | 307A+581 | Failure of an attorney to appear after due notice has been given is a sufficient ground for either the entry of a default or an involuntary nonsuit. | "Is failure of an attorney to appear after due notice has been given, a sufficient ground for either the entry of a default or an involuntary nonsuit?" | 038842.docx | LEGALEASE-00154376-LEGALEASE-00154377 |
| Troester v. Sisters of Mercy Health Corp., 328 N.W.2d 308 | 307A+581 | It is proper to challenge plaintiff's capacity to sue by motion to dismiss based on facts that occurred subsequent to filing of petition. | Is it proper to challenge plaintiff's capacity to sue by motion to dismiss based on facts that occurred subsequent to filing of petition? | Pretrial Procedure - Memo # 9490 - C - TM_61158.docx | ROSS-003292473-ROSS-003292474 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Becky v. Norwest Bank Dillon, N.A., 245 Mont. 1 | 307A+581 | Party moving for dismissal for failure to prosecute must demonstrate that plaintiff has delayed action on a claim for an unreasonable period of time and once delay has been shown, plaintiff must proffer a reasonable excuse for the delay; an unreasonable delay raises a presumption of prejudice and defendant is under no obligation to demonstrate injury from the delay, but if plaintiff comes forward with a reasonable excuse for the delay, burden shifts to defendant to show actual prejudice. Rules Civ.Proc., Rule 41(b). | "Should party moving for dismissal due to failure to prosecute, demonstrate that plaintiff has unreasonably delayed prosecution of his claims?" | 039027.docx | LEGALEASE-00154799-LEGALEASE-00154800 |
| Gen. Pump & Well v. Miller, 326 Ga. App. 546 | 307A+681 | A defendant moving to dismiss for lack of personal jurisdiction under the long-arm statute bears the burden of proving the absence of jurisdiction; to meet that burden, the defendant may raise matters not contained in the pleadings. West's Ga.Code Ann. S 9-11-43(b). | Does a defendant moving to dismiss for lack of personal jurisdiction bear the burden of proving the absence of jurisdiction? | 039273.docx | LEGALEASE-00154803-LEGALEASE-00154804 |
| Kavanagh v. Trustees of Boston Univ., 440 Mass. 195 | 141E+1234 | The fact that a college or university has facilitated a student's ability to attend that institution by providing a scholarship or other financial assistance does not transform the relationship between the academic institution and the student into any form of employment relationship, for purposes of the doctrine of respondeat superior; while scholarships may introduce some element of "payment" into the relationship, scholarships are not wages, and neither side understands the relationship to be that of employer-employee or principal-agent. | Are students who attend college with athletic scholarships considered employees of the university? | Education - Memo #209 - C - HJ.docx | LEGALEASE-00044807-LEGALEASE-00044808 |
| Winter v. Am. Inst. of Med. Scis. & Educ., 242 F. Supp. 3d 206 | 141E+1000 | Under New York and New Jersey law, student cannot request judicial review of purely academic determinations that would require court to evaluate course of instruction or soundness of educational methodology. | Can a student request judicial review of academic determinations? | 017117.docx | LEGALEASE-00155302-LEGALEASE-00155304 |
| Trisler v. Berry, 470 S.W.3d 387 | 307A+690 | Dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. | "Does dismissal without prejudice permit the party to bring another civil action for the same cause, unless the civil action is otherwise barred?" | 024628.docx | LEGALEASE-00155843-LEGALEASE-00155844 |
| Gorman v. Gilliam, 2010 Ark. App. 118 | 307A+681 | In determining whether to dismiss a complaint for failure to state facts upon which relief can be granted, it is improper for the trial court to look beyond the complaint. Rules Civ.Proc., Rule 12(b)(6). | " In determining whether to dismiss a complaint under Rule 12(b)(6) for failure to state facts upon which relief can be granted, is it improper for the trial court to look beyond the complaint?" | Pretrial Procedure - Memo # 9600 - C - KS.docx | LEGALEASE-00045040-LEGALEASE-00045041 |
| O.S.G. by L.G. v. G.B., Jr., 805 S.W.2d 704 | 307A+581 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only the length of the delay but attendant circumstances. | Will court consider not only the length of the delay but attendant circumstances in deciding whether to order dismissal for failure to prosecute? | 039039.docx | LEGALEASE-00154853-LEGALEASE-00154854 |
| Crawford v. Crawford, 39 Ill. App. 3d 457 | 307A+581 | Dismissal of valid cause of action is error unless plaintiff is guilty of inexcusable delay in litigating controverted matter. | Is dismissal of valid cause of action an error unless plaintiff is guilty of inexcusable delay in litigating controverted matter? | 039159.docx | LEGALEASE-00155320-LEGALEASE-00155321 |
| Rossi v. Mathers, 749 P.2d 964 | 307A+581 | In absence of showing by plaintiff of mitigating circumstances or reasonable excuse for delay, unusual delay in prosecuting action justifies dismissal with prejudice. Rules Civ.Proc., Rule 121(b), Standard S 1-10 (1987). | "In the absence of a showing by the plaintiff of a reasonable excuse for the delay, does an unusual delay in prosecuting an action justify dismissal with prejudice?" | 039163.docx | LEGALEASE-00155338-LEGALEASE-00155339 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stoot v. S. Pac. Co., 527 S.W.2d 765 | 307A+581 | A suit may be dismissed for want of prosecution even though the plaintiff objects to dismissal at the hearing thereon and manifests his intention to prosecute the suit to judgment. | Can a suit be dismissed for want of prosecution even though the plaintiff objects to dismissal at the hearing thereon and manifests his intention to prosecute the suit to judgment? | Pretrial Procedure - Memo # 9710 - C - VP_61980.docx | ROSS-003295212-ROSS-003295213 |
| Yellam v. Woerner, 77 Wash. 2d 604 | 307A+581 | Rule providing for dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. CR 41(b) (1), (b) (2) (C). | Should every reasonable opportunity be afforded to permit the parties to reach the merits of the controversy? | 039221.docx | LEGALEASE-00155229-LEGALEASE-00155230 |
| Andra v. Left Gate Prop. Holding, 453 S.W.3d 216 | 307A+554 | When a nonresident defendant's motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a trial court may consider affidavits and depositions properly filed in support of the motion. Mo. Sup. Ct. R. 55.28. | Should a court consider any proper affidavits that are filed in connection with a motion to dismiss for lack of personal jurisdiction? | 039407.docx | LEGALEASE-00155576-LEGALEASE-00155577 |
| Granada Condo. III Ass'n v. Palomino, 78 A.D.3d 996 | 307A+684 | A motion to dismiss a complaint may be granted only if documentary evidence submitted by defendant utterly refutes the factual allegations of complaint, and conclusively establishes defense to claims as matter of law. McKinney's CPLR 3211(a)(1). | "Are neither affidavits, deposition testimony, nor letters considered ""documentary evidence"" for purposes of a motion to dismiss a complaint?" | 039412.docx | LEGALEASE-00155582-LEGALEASE-00155584 |
| Ferreira v. Pringle, 255 Conn. 330 | 307A+687 | Motion to dismiss admits all facts which are well pleaded, invokes existing record, and must be decided upon that alone. | "Does a motion to dismiss admit all facts that are well pleaded, invokes the existing record, and must be decided upon that alone?" | 039480.docx | LEGALEASE-00155014-LEGALEASE-00155015 |
| Griffin v. Fluellen, 283 Ill. App. 3d 1078 | 307A+685 | In context of motion to dismiss based upon certain defects or defenses, conclusions that are not supported by specific factual allegations are not considered and, where defects do not appear on face of pleadings, affidavits may be filed stating affirmative matters that justify dismissal. S.H.A. 735 ILCS 5/2-619. | Are conclusions that are not supported by specific factual allegations not considered to justify dismissals? | Pretrial Procedure - Memo # 9997 - C - NE_61622.docx | ROSS-003292372-ROSS-003292373 |
| Rich Printing Co. v. McKellar's Estate, 46 Tenn. App. 444 | 308+92(1) | Authority cannot be lawfully delegated which is illegal, immoral or opposed to public policy, nor can one delegate an act which is personal in its nature, such as designating an agency to perform a personal duty or personal trust. | "Can authority to do an act which is illegal, immoral or opposed to public policy be lawfully delegated?" | 041661.docx | LEGALEASE-00155714-LEGALEASE-00155715 |
| Brewington v. State, 7 N.E.3d 946 | 3.77E+12 | True threats depend on two necessary elements: that the speaker intend his communications to put his targets in fear for their safety, and that the communications were likely to actually cause such fear in a reasonable person similarly situated to the target. West's A.I.C. 35-45-2-1(c). | What are the two necessary elements that true threats depend on? | Threats - Memo #56 - C - LB.docx | LEGALEASE-00045571-LEGALEASE-00045572 |
| Pasquaretto v. Long Island Univ., 106 A.D.3d 794 | 141E+1213(1) | A duty to shield their students from the dangerous activity of other students may be imposed upon a college where it has encouraged its students to participate in an activity and taken affirmative steps to supervise and control the activity. | Could duty be imposed upon a college where it has encouraged students to participate in an activity and taken steps to supervise and control the activity? | 016856.docx | LEGALEASE-00156361-LEGALEASE-00156362 |
| United States v. Marine Shale Processors, 81 F.3d 1329 | 156+52(1) | Equitable estoppel responds to unfairness inherent in denying claimant some benefit after it has reasonably relied on misrepresentations of adverse party. | Does equitable estoppel respond to the unfairness inherent in denying the claimant some benefit after it has reasonably relied on the misrepresentations of the adverse party? | 017765.docx | LEGALEASE-00156054-LEGALEASE-00156055 |
| Nelson v. Cool, 230 Neb. 859 | 302+49 | Petition should not leave uncertain theory on which plaintiff chooses to proceed, but should state facts which constitute cause of action, define issues to which defendant must respond, and inform court of real matter in dispute. | Can a petition leave uncertainty as to the theory on which the pleader wishes to proceed? | 023793.docx | LEGALEASE-00156186-LEGALEASE-00156187 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Builders Bank v. Barry Finkel & Assocs., 339 Ill. App. 3d 1 | 30+3197 | The relevant inquiry on appeal of an involuntary dismissal that was based on defects or defenses is whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. S.H.A. 735 ILCS 5/2-619. | Is the relevant inquiry on appeal whether the existence of a genuine issue of material fact should have precluded the dismissal? | 024474.docx | LEGALEASE-00155950-LEGALEASE-00155951 |
| Terry v. City of Detroit, 226 Mich. App. 418 | 307A+680 | To defeat summary disposition motion based on governmental immunity, plaintiff must allege facts giving rise to exception to governmental immunity. MCR 2.116(C)(7). | "To defeat summary disposition motion based on governmental immunity, should a plaintiff allege facts giving rise to exception to governmental immunity?" | Pretrial Procedure - Memo # 10032 - C - AC_62168.docx | ROSS-003308419 |
| Rodolico v. Rubin & Licatesi, P.C., 114 A.D.3d 923 | 307A+684 | The evidence submitted in support of a motion to dismiss a complaint on the ground that a defense is founded on documentary evidence must be "documentary" or the motion must be denied; neither affidavits, deposition testimony, nor letters are considered documentary evidence. McKinney's CPLR 3211(a)(1). | "Should the evidence submitted in support of a motion to dismiss a complaint on the ground that a defense is founded on documentary evidence be ""documentary"" or the motion must be denied?" | Pretrial Procedure - Memo # 10038 - C - DA_62054.docx | ROSS-003283512-ROSS-003283513 |
| Maxfield v. Rushton, 779 P.2d 237 | 307A+581 | In addition to the amount of elapsed time since suit was filed, when ruling on a motion to dismiss for failure to prosecute, a court may consider the conduct of both parties, the opportunity each party has had to move the case forward, what each of the parties has done to move the case forward, what difficulty or prejudice may have been caused to the other side, and, most important, whether injustice may result from the dismissal. Rules Civ.Proc., Rule 41(b). | "Should a court consider the conduct of both parties in addition to the amount of elapsed time since suit was filed, when ruling on a motion to dismiss for failure to prosecute?" | 024500.docx | LEGALEASE-00156339-LEGALEASE-00156340 |
| Botton v. Elbaz, 722 So. 2d 974 | 307A+684 | Dismissal based on forum non conveniens, if not evident from the allegations appearing on the face of the complaint, must be supported by record evidence, either in the form of affidavits or live testimony. West's F.S.A. S 47.122; West's F.S.A. RCP Rule 1.061. | Should a dismissal based on forum non conveniens be supported by record evidence? | Pretrial Procedure - Memo # 10167 - C - SHB_62057.docx | ROSS-003291961-ROSS-003291962 |
| Quality Christmas Trees Co. v. Florico Foliage, 689 So. 2d 1222 | 307A+685 | Defendant, by filing motion to dismiss complaint for lack of personal jurisdiction, may contest jurisdictional allegations of complaint or claim lack of sufficient minimum contacts; such challenges must be made by supporting affidavit, and once such affidavits are filed, burden shifts to plaintiff to establish by affidavit its basis for jurisdiction. U.S.C.A. Const.Amend. 14. | Should a defendant wishing to contest allegations of a complaint concerning jurisdiction or to raise contention of minimum contacts file affidavits in support of his position? | 024583.docx | LEGALEASE-00156006-LEGALEASE-00156007 |
| Orbe v. Orbe, 651 So. 2d 1295 | 307A+622 | Defendant may challenge the sufficiency of jurisdictional allegations of complaint by filing motion to dismiss, but must support his or her position by affidavit; burden then shifts to plaintiff to show by affidavit the basis upon which jurisdiction may be obtained. | Should the defendant challenging the sufficiency of jurisdictional allegations of complaint by filing a motion to dismiss support his or her position by affidavit? | 024587.docx | LEGALEASE-00156014-LEGALEASE-00156015 |
| Mulgrew v. Spectraseis, 436 S.W.3d 798 | 307A+554 | When the legislature grants an administrative agency exclusive jurisdiction over a dispute, the district court lacks jurisdiction to the extent of the agency's exclusive authority to decide the dispute, and until the party has exhausted all administrative remedies, the trial court must dismiss without prejudice the claims within the agency's exclusive jurisdiction for lack of subject matter jurisdiction. | "When the legislature grants an administrative agency exclusive jurisdiction over a dispute, does the district court lack jurisdiction to the extent of the agency exclusive authority to decide the dispute?" | 024658.docx | LEGALEASE-00155912-LEGALEASE-00155913 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Palm v. 2800 Lake Shore Drive Condo. Ass'n, 2014 IL App (1st) 111290 | 307A+690 | The effect of a dismissal without prejudice is to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed. | Is the effect of a dismissal without prejudice to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed? | Pretrial Procedure - Memo # 10248 - C - SHB_61753.docx | ROSS-003285784-ROSS-003285785 |
| Meadows v. Cross Gates, 878 So. 2d 674 | 307A+690 | Although a judgment of dismissal without prejudice does not bar the filing of another suit on the same cause of action, it does terminate the instant suit. | "Although a judgment of dismissal without prejudice does not bar the filing of another suit on the same cause of action, does it terminate the instant suit?" | 024750.docx | LEGALEASE-00156178-LEGALEASE-00156179 |
| Hope Assoc. of Syosset LLC v. STP Assocs. LLC, 37 Misc. 3d 490 | 307A+683 | A plaintiff is not ordinarily obligated to demonstrate evidentiary facts to support the allegations contained in the complaint in order to survive a motion to dismiss for failure to state a cause of action, nor is whether a plaintiff can ultimately establish its allegations part of the calculus in determining a motion to dismiss. McKinney's CPLR 3211(a)(7). | Is whether a plaintiff can ultimately establish his or her allegations not part of the calculus on a motion to dismiss? | Pretrial Procedure - Memo # 10377 - C - AC_62102.docx | ROSS-003280010 |
| Am. Tel. & Tel. Co. v. Everett, 38 Del. Ch. 352 | 371+2060 | The name given to a tax is not the controlling factor in determining its nature, a "property tax" being one clearly and directly on property while an "occupation tax" is imposed on the voluntary action of the person taxed in performing the act or occupation in question. | Is the name given to a tax the controlling factor in determining its nature? | 046068.docx | LEGALEASE-00156303-LEGALEASE-00156304 |
| Scheuer v. Rhodes, 416 U.S. 232 | 170A+671 | When a federal court reviews sufficiency of complaint, before reception of any evidence either by affidavit or admissions, issue is not whether plaintiff will ultimately prevail or is likely to prevail but whether claimant is entitled to offer evidence to support claims. | "When a court reviews the sufficiency of a complaint, before the reception of any evidence, is its task necessarily a limited one?" | Pretrial Procedure - Memo # 10380 - C - KG_62404.docx | ROSS-003321234-ROSS-003321235 |
| Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100 | 307A+563 | Because the dismissal of a plaintiff's cause of action with prejudice is a drastic remedy, it should be invoked sparingly, such as when the plaintiff's violation of a rule or order evinces a deliberate and contumacious disregard of the court's authority. R. 1:2-4(a); R. 1:9-1; R. 4:37-2(a). | Is the dismissal of a plaintiff's cause of action with prejudice a drastic remedy and should be invoked sparingly? | 025034.docx | LEGALEASE-00156691-LEGALEASE-00156692 |
| Rotert v. Faulkner, 660 S.W.2d 463 | 83E+481 | Even though note does not possess quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another, and any language, however informal, if it shows intention of owner of chose in action to transfer it, and sufficiently identifies subject matter, is sufficient to vest property therein in assignee. | Is any language sufficiently identifying the intent of the owner to transfer sufficient to vest the property with the assignee? | 009087.docx | LEGALEASE-00157133-LEGALEASE-00157134 |
| Compton v. Country Mut. Ins. Co., 382 Ill. App. 3d 323 | 307A+679 | On a motion to dismiss for failure to state a claim upon which relief can be granted, the court considers the allegations of the complaint in the light most favorable to the plaintiffs, and the complaint should not be dismissed unless it is clearly apparent that the plaintiffs could prove no set of facts that would entitle them to relief. S.H.A. 735 ILCS 5/2-615. | "Unless it is clearly apparent that plaintiff could prove no set of facts that would entitle him to relief, should a complaint not be dismissed?" | Pretrial Procedure - Memo # 10389 - C - KG_63338.docx | ROSS-003307429-ROSS-003307430 |
| Selby v. Money, 403 So. 2d 218 | 307A+581 | Interest in disposing of litigation on the merits is overcome and dismissal may be granted when there is clear record of delay, willful default or contumacious conduct by plaintiff. Rules of Civil Procedure, Rule 41(b). | "Can dismissal be granted when there is clear record of delay, willful default or contumacious conduct by plaintiff?" | Pretrial Procedure - Memo # 10391 - C - KS_63341.docx | ROSS-003296002-ROSS-003296003 |
| Laird v. Jobes, 580 S.W.2d 413 | 307A+581 | A party to a suit is always charged with notice that suit may be dismissed for want of prosecution where there is inaction for a long period of time. Rules of Civil Procedure, rule 165a. | Is party to suit always charged with notice that it may be dismissed for want of prosecution where there is inaction for a long period of time? | 024792.docx | LEGALEASE-00157708-LEGALEASE-00157709 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mamet v. Mamet, 132 A.D.2d 479 | 388+14 | Case marked off trial calendar and not restored within one year shall be deemed abandoned and shall be dismissed; furthermore, for case to be restored to calendar, order of restoration must be entered within one-year period. McKinney's CPLR 3404. | Should a case marked off trial calendar and not restored within one year be deemed abandoned and shall be dismissed? | Pretrial Procedure - Memo # 10404 - C - AC_63354.docx | ROSS-003310387-ROSS-003310388 |
| Beltrone v. Gen. Schuyler & Co., 223 A.D.2d 938 | 307A+685 | Affidavits submitted by defendant in connection with motion to dismiss will seldom if ever warrant relief sought, unless affidavits establish conclusively that plaintiff has no cause of action. | Will affidavits submitted by a defendant in connection with motion to dismiss seldom if ever warrant the relief sought? | Pretrial Procedure - Memo # 10429 - C - KG_62414.docx | ROSS-003280451 |
| Magnum Capital v. Carter & Assocs., 905 So. 2d 220 | 307A+690 | If documents are attached to a complaint and conclusively negate a claim, the pleadings can be dismissed on a motion to dismiss for failure to state a cause of action; if it is apparent that the claim cannot be cured by amendment, the dismissal may be with prejudice. | "If documents are attached to a complaint and conclusively negate a claim, can the pleadings be dismissed on a motion to dismiss for failure to state a cause of action?" | 025046.docx | LEGALEASE-00156705-LEGALEASE-00156706 |
| Samanie & Barnes v. Lawler, 619 So. 2d 1166 | 307A+587 | Judgment dismissing action shall be rendered upon application of any party when plaintiff fails to appear on day set for trial. LSA-C.C.P. art. 1672, subd. A. | "When the plaintiff fails to appear on the day set for trial, should the trial court determine whether the judgment of dismissal shall be with or without prejudice?" | 025110.docx | LEGALEASE-00156901-LEGALEASE-00156902 |
| Mages Sports Arenas v. Winston Park Shopping Ctr., 112 Ill. App. 2d 409 | 307A+693.1 | At common law a dismissal for want of prosecution does not prejudice case of party against whom dismissal is entered and does not bar filing of new complaint. | "At common law, does a dismissal for want of prosecution not prejudice a case of a party against whom dismissal is entered and does not bar filing of a new complaint?" | 025272.docx | LEGALEASE-00156921-LEGALEASE-00156922 |
| Peasley v. Michalski, 167 So. 2d 242 | 228+197 | Where nonsuit is granted, appropriate procedure to conclude case is to procure entry of final judgment from which appeal may be taken as a matter of right regardless of whether nonsuit was voluntary or involuntary or whether granting of nonsuit was proper or improper, though such factors may influence determination of appeal on its merits. F.S.A. S 54.09; F.S.A.Const. art. 5, S 5(3). | Is the appropriate way to conclude a case nonsuited to procure a final judgment? | Pretrial Procedure - Memo # 10686 - C - TJ_62665.docx | ROSS-003308815 |
| City of Revere v. Massachusetts Gaming Comm'n, 71 N.E.3d 457 | 307A+622 | A complaint only survives a motion to dismiss if it includes enough factual heft to raise a right to relief above the speculative level. | Does a complaint only survive a motion to dismiss if it includes enough factual heft to raise a right to relief above the speculative level? | Pretrial Procedure - Memo # 10712 - C - SK_62688.docx | ROSS-003280945-ROSS-003280946 |
| Klein v. MTA-Long Island Bus, 61 A.D.3d 722 | 307A+581 | Statute providing for dismissal for failure to prosecute is an extremely forgiving statute which never requires, but merely authorizes, a trial court to dismiss an action based on the plaintiff's unreasonable neglect to proceed. McKinney's CPLR 3216. | Is a court authorised to dismiss a plaintiff's action based on plaintiff's unreasonable neglect to proceed? | Pretrial Procedure - Memo # 10724 - C - KG.docx | LEGALEASE-00047289-LEGALEASE-00047290 |
| Brennan v. Mead, 73 A.D.2d 926 | 307A+693.1 | Cause of action contained in cross claim shall be treated, as fair as practicable, as if it were contained in complaint, and in cases where plaintiff's action against defendant is dismissed on merits, court may still adjudicate cross claims against that defendant. CPLR 3019(d). | Can counterclaims against a plaintiff be adjudicated after a plaintiff's action against a defendant is dismissed on merits? | 025809.docx | LEGALEASE-00157654-LEGALEASE-00157655 |
| City of Marion v. Baioni, 312 Ark. 423 | 371+2002 | Governmental levy or fee, in order not to be denominated tax, must be fair and reasonable and bear reasonable relationship to benefits conferred on those receiving services. | Must a fee be fair and reasonable and bear a reasonable relationship to the benefits conferred in order not to be denominated a tax? | Taxation - Memo # 1012 - C - JL_63291.docx | ROSS-003279103-ROSS-003279104 |
| Silva v. City Of Attleboro, 454 Mass. 165 | 371+2002 | In distinguishing fees from taxes, fees are paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge. | "In distinguishing fees from taxes, does a party paying a fee have the option of not utilizing the governmental service and thereby avoiding the charge?" | 044579.docx | LEGALEASE-00156979-LEGALEASE-00156980 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pallas v. State, 636 So. 2d 1358 | 3.77E+35 | Statute defining offense of aggravated stalking proscribes willful, malicious, and repeated acts of harassment which are directed at specific person, which serve no legitimate purpose, and which would cause substantial emotional distress in reasonable person. West's F.S.A. S 784.048(3). | What does the statute defining the offense of aggravated stalking proscribe? | 046912.docx | LEGALEASE-00157836-LEGALEASE-00157837 |
| Shepherd v. State, 230 Ga. App. 426 | 3.77E+11 | Threat of physical violence directed against absent third party is within conduct prohibited by criminal statute governing terroristic threats. O.C.G.A. S 16-11-37(a). | Are threats of physical violence directed against an absent third party within the type of conduct prohibited by the criminal statute governing terroristic threats? | 047066.docx | LEGALEASE-00157724-LEGALEASE-00157725 |
| Arizona v. United States, 567 U.S. 387 | 24+690 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the federal government have the constitutional power to establish a uniform rule of naturalization? | 006978.docx | LEGALEASE-00159152-LEGALEASE-00159153 |
| Carrico v. Scott's Ex'r, 11 Ky.L.Rptr. 905 | 289+961 | As a general rule, the dissolution of a partnership will not absolve the partners from liability to a third person, who dealt with the firm while in existence, for the future transactions of any of the partners acting on account of the firm, unless such third party has had notice of the dissolution. | Does dissolution of a partnership absolve the partners from all liability as to third persons? | Partnership - Memo 502 - GP_63815.docx | ROSS-003296512 |
| Mayfield v. ACME Barrel Co., 258 Ill. App. 3d 32 | 307A+561.1 | Statute governing involuntary dismissal affords defendant expeditious means to obtain summary disposition of action based upon affirmative bar to plaintiff's right to recovery. Ill.Rev.Stat.1989, ch. 110, P 2-619. | Will a statute for involuntary dismissal afford defendant expeditious means to obtain summary disposition of action? | 025423.docx | LEGALEASE-00158064-LEGALEASE-00158065 |
| Associated Bonded Const. Co. v. Griffin Corp., 438 A.2d 1088 | 307A+561.1 | A defending party who fails to plead affirmative defense, thereby waiving it, may not later move to dismiss opponent's complaint using waived affirmative defense as basis for dismissal. Rules Civ.Proc., Rules 8(c), 12, 12(b)(6). | Can a defending party dismiss opponents complaint using waived affirmative defense as basis for dismissal? | 025447.docx | LEGALEASE-00158266-LEGALEASE-00158267 |
| Cornell v. Ripka, 897 N.W.2d 801 | 307A+699 | Substantial prejudice, the lack of which the party seeking vacation of a dismissal must prove, is neither to be presumed nor inferred from the mere fact of delay; rather, there must be some particular prejudice of such a character that some substantial right or advantage will be lost or endangered if relief is granted. Minn. R. Civ. P. 60.02. | Is substantial prejudice neither to be presumed nor inferred from the mere fact of delay? | 025481.docx | LEGALEASE-00158540-LEGALEASE-00158541 |
| Smith v. McKee, 145 S.W.3d 299 | 307A+699 | It is not within the discretion of the trial court to fail to hold an oral hearing on a timely-filed, properly verified motion to reinstate. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Is it not within the discretion of the trial court to fail to hold an oral hearing on a timely-filed, properly verified motion to reinstate?" | 025517.docx | LEGALEASE-00158848-LEGALEASE-00158849 |
| Infinite Sec. Sols. v. Karam Properties I, Ltd., 2 N.E.3d 297 | 307A+693.1 | When an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur. | "When an action is dismissed pursuant to a stated condition, does the court retain the authority to enforce such an agreement in the event the condition does not occur?" | 025711.docx | LEGALEASE-00158376-LEGALEASE-00158377 |
| Williams v. S. Union Co., 364 S.W.3d 228 | 307A+693.1 | A judgment of nonsuit and a judgment of dismissal serve the same purpose, have the same legal effect, and arrive at the same end, and hence should be treated alike and allowed the same office in the everyday administration of the law. | "Does a judgment of nonsuit and a judgment of dismissal serve the same purpose, have the same legal effect, and arrive at the same end?" | 025725.docx | LEGALEASE-00158424-LEGALEASE-00158425 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kiefer v. Rust-Oleum Corp., 394 Ill. App. 3d 485 | 307A+693.1 | Where a dismissal order does not explicitly state that it is entered with prejudice or without prejudice, it is necessary to look to the substance of what was actually decided by the dismissal order to determine if the order is final. | "Where a dismissal order does not explicitly state that it is entered with prejudice or without prejudice, is it necessary to look to the substance of what was actually decided by the dismissal order?" | 025738.docx | LEGALEASE-00158584-LEGALEASE-00158585 |
| Goodwyn v. Carter, 252 Ga. App. 114 | 307A+693.1 | Case automatically dismissed due to passage of five-year period without any order being filed stands completely lifeless, for all purposes, from date of automatic dismissal and not from date case is physically stricken from docket. O.C.G.A. S 9-11-41(e). | Does a case automatically get dismissed due to passage of five-year period without any order being filed stand completely lifeless? | Pretrial Procedure - Memo # 10989 - C - NS_64112.docx | ROSS-003309791-ROSS-003309792 |
| In re Adams, 302 B.R. 535 | 308+3(5) | When title to bonds or shares of stock or other securities is vested in a person who undertakes to hold subject to the directions of the person who caused the property to be vested in him, he is an "agent" since he is acting subject to the control of another, even though he is also "trustee" since he is vested with the title to the property. | Can a person be both an agent and a trustee for another? | Principal and Agent - Memo 514 - RK_63973.docx | ROSS-003279966-ROSS-003279967 |
| Turner v. State ex rel. Gruver, 168 So. 2d 192 | 92+1106 | Obligation placed on landowners to pay a charge for garbage and waste collection and disposal was not a tax but was a charge imposed for a special service and as such it constituted a "debt" within constitutional guarantee against imprisonment for debt and provision purporting to make nonpayment a crime punishable by imprisonment was debt collecting device in contravention of constitutional prohibition. F.S.A.Const. Declaration of Rights, S 16. | Is a charge for garbage and waste collection and disposal a tax? | Taxation - Memo # 1026 - C - JL_63834.docx | ROSS-003281948-ROSS-003281949 |
| Regents of Univ. of California v. Superior Court, 225 Cal. App. 3d 972 | 141E+1174(1) | Treating undocumented alien students as nonresidents for tuition purposes does not deprive them of equal protection of the laws; state has legitimate interests in denying resident tuition to undocumented aliens, such as preferring to educate its own lawful residents, avoiding enhancing employment prospects of those to whom employment is forbidden by law, and not subsidizing university education of those who may be deported. West's Ann.Cal.Educ.Code S 68062(h); West's Ann.Cal. Const. Art. 1, S 7. | Is denying resident tuition to undocumented aliens to conserve fiscal resources for the benefit of lawful residents a legitimate state interest? | "Aliens, Immigration and Citizenship - Memo 101 - RK_64743.docx" | ROSS-003282914-ROSS-003282915 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+101 | Federal authority to regulate immigration derives from various sources, including the federal government's power to establish a uniform rule of naturalization, its power to regulate commerce with foreign nations, and its broad authority over foreign affairs. U.S.C.A. Const. Art. 1, cl. 3, 4. | From what sources does federal authority to regulate immigration derive from? | "Aliens, Immigration and Citizenship - Memo 125 - RK_64767.docx" | ROSS-003282810-ROSS-003282811 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+103 | Not every state enactment or action which may in any way deal with aliens is a regulation of immigration and thus per se pre-empted by the federal constitutional power, whether latent or exercised. U.S.C.A. Const. Art. 6, cl. 2. | Is every state enactment which in any way deals with aliens considered a regulation of immigration? | "Aliens, Immigration and Citizenship - Memo 129 - RK_64770.docx" | ROSS-003283187-ROSS-003283188 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+217 | Standing alone, the fact that aliens are the subject of a state statute does not render it a regulation of immigration, which is essentially a determination of who should or should not be admitted into the country, and the conditions under which a legal entrant may remain. | Does the fact that aliens are the subject of a state statute render it a regulation of immigration? | "Aliens, Immigration and Citizenship - Memo 131 - RK_64772.docx" | ROSS-003320357-ROSS-003320358 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+103 | Not every state enactment or action which may in any way deal with aliens is a regulation of immigration and thus per se pre-empted by the federal constitutional power, whether latent or exercised. U.S.C.A. Const. Art. 6, cl. 2. | Is every state enactment which in any way deals with aliens per se pre-empted? | "Aliens, Immigration and Citizenship - Memo 139 - RK_64778.docx" | ROSS-003292701-ROSS-003292702 |
| Garcia-Torres v. Holder, 660 F.3d 333 | 24+423 | The exclusionary rule does not apply in an Immigration and Naturalization Service (INS) civil deportation hearing conducted solely to determine if the alien is eligible to remain in the United States, not to criminally punish any unlawful entry, even though that is a crime. | Does the exclusionary rule apply in civil deportation hearings? | 006931.docx | LEGALEASE-00160196-LEGALEASE-00160197 |
| Com. v. Swan, 73 Mass. App. Ct. 258 | 281+126 | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | What are the elements required to prove open and gross lewdness? | 014281.docx | LEGALEASE-00159982-LEGALEASE-00159983 |
| Tolman v. Underhill, 39 Cal. 2d 708 | 141E+997 | Laws passed by legislature under its general police power prevail over regulations made by regents of university of California with regard to matters which are not exclusively university affairs. | Do laws passed by the legislature under its general police power prevail over regulations made by regents of university? | 017148.docx | LEGALEASE-00159901-LEGALEASE-00159902 |
| Carrico v. Scott's Ex'r, 11 Ky.L.Rptr. 905 | 289+961 | As a general rule, the dissolution of a partnership will not absolve the partners from liability to a third person, who dealt with the firm while in existence, for the future transactions of any of the partners acting on account of the firm, unless such third party has had notice of the dissolution. | Does the dissolution of a partnership absolve the partners from all liability to a third person? | 022592.docx | LEGALEASE-00160146-LEGALEASE-00160147 |
| Jones v. Virginian Ry. Co., 116 W. Va. 201 | 302+17 | Whatever facts are necessary to constitute cause of action must be directly and distinctly stated in declaration, and not left to be inferred from other facts distinctly alleged therein, and arguments, inferences, and matters of law should be excluded. | Should facts that are necessary to constitute the cause of action be directly and distinctly stated in the declaration? | 023851.docx | LEGALEASE-00159903-LEGALEASE-00159904 |
| In re Valliance Bank, 422 S.W.3d 722 | 307A+697 | A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power to reinstate the case in the same manner as a motion for new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Is an unverified motion to reinstate a case a nullity and does not extend the trial court's plenary jurisdiction or the deadlines for perfecting an appeal? | 039607.docx | LEGALEASE-00159575-LEGALEASE-00159576 |
| Higginbotham v. Pub. Serv. Commn of Maryland, 171 Md. App. 254 | 307A+695 | It is within the court's discretion to grant the plaintiff leave to amend his or her complaint to attempt to remedy the defects that led to dismissal, and court's decision to deny leave to amend will be reversed only upon a finding that the court abused that discretion. | Is it within the court discretion to grant the plaintiff leave to amend his or her complaint to attempt to remedy the defects that led to dismissal? | Pretrial Procedure - Memo 11589 - C - NE_65607.docx | ROSS-003281067-ROSS-003281068 |
| Conoco v. Tinklenberg, 121 P.3d 893 | 371+3602 | A "sales tax" is a tax on a purchase, whereas a "use tax" is a levy upon the privilege of storing, using, or consuming tangible personal property purchased at retail. | "Is a ""use tax"" a levy upon the privilege of storing, using or consuming tangible personal property purchased at retail?" | 046235.docx | LEGALEASE-00159848-LEGALEASE-00159849 |
| Louisiana Paving Co. v. St. Charles Par. Pub. Sch., 604 So. 2d 593 | 371+3603 | Purpose of sales/use tax scheme is to make all tangible personal property used or consumed within state subject to uniform tax burden irrespective of whether it is acquired in state, making it subject to sales tax, or acquired from without state, making it subject to use tax at same rate. | What is the purpose of a sales and use tax scheme? | 046241.docx | LEGALEASE-00159858-LEGALEASE-00159859 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Nunez, 129 N.M. 63 | 135H+25 | Forfeiture of harmful property can be beneficial; however, this factor, even when considered with the other remedial qualities, does not outweigh the punitive nature of forfeiture under the Controlled Substances Act, for double-jeopardy purposes. Const. Art. 2, S 15; NMSA 1978, S 30-31-34 et seq. | "Does forfeiture of harmful property considered with the other remedial qualities, outweigh the punitive nature of forfeiture under the Controlled Substances Act?" | 016481.docx | LEGALEASE-00160539-LEGALEASE-00160540 |
| Ex parte Baker, 459 So. 2d 873 | 307A+699 | Because reinstatement of cause of action under rule of civil procedure pertaining to relief from final judgment after dismissal with prejudice is extraordinary relief, a movant has the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief under rule. Rules Civ.Proc., Rule 60(b), (b)(6). | Does a movant have the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief under rule 60(b)(6)? | 039652.docx | LEGALEASE-00161168-LEGALEASE-00161169 |
| Wharff v. Iowa Methodist Hosp., 219 N.W.2d 18 | 307A+699 | Generally, liberal approach is taken in appeals from rulings overturning default entered because of mistake, inadvertence and excusable neglect and the same liberal approach must be followed with respect to reinstatement of actions dismissed for delay at trial. 58 I.C.A. Rules of Civil Procedure, rules 215.1, 236. | "Is a liberal approach taken in appeals from rulings overturning default entered because of mistake, inadvertence and excusable neglect?" | 039673.docx | LEGALEASE-00161148-LEGALEASE-00161149 |
| Harris Cty. v. Progressive Nat. Bank, 93 S.W.3d 381 | 302+111.48 | If petition being challenged through plea to the jurisdiction fails to allege jurisdictional facts, plaintiff has right to amend before trial court dismisses cause. | "If a petition being challenged through plea to the jurisdiction fails to allege jurisdictional facts, does the plaintiff have a right to amend before a trial court dismisses cause?" | Pretrial Procedure - Memo 11611 - C - SKG_65627.docx | ROSS-003294614-ROSS-003294615 |
| Allied Prod. Co. v. Green, 175 Ga. App. 802 | 307A+695 | All costs of earlier proceeding, whether due court officers or opposite party, must be paid before commencement of second suit. | "Should all costs of earlier proceeding, whether due court officers or opposite party, be paid before commencement of a second suit?" | 040340.docx | LEGALEASE-00161124-LEGALEASE-00161125 |
| Bobbin v. Sail the Sounds, 153 Conn. App. 716 | 307A+583 | A trial court ruling on a motion to dismiss for lack of diligence is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the "reasonable" section of the diligence spectrum. Practice Book 1998, S 14-3. | Is the court ruling on a motion to dismiss for lack of diligence confronted with endless gradations of diligence? | 040382.docx | LEGALEASE-00160553-LEGALEASE-00160555 |
| Chacha v. Transp. USA, 78 So. 3d 727 | 307A+583 | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings. | Does a court have the authority to dismiss a plaintiff's entire case when there is evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings? | 040389.docx | LEGALEASE-00160614-LEGALEASE-00160615 |
| Hung v. Bullock, 180 S.W.3d 931 | 307A+583 | The trial court's authority to dismiss a case for want of prosecution derives from two sources: the Rules of Civil Procedure and the court's inherent power. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | What are the two sources from where the trial court's authority to dismiss a case for want of prosecution derive from? | 040473.docx | LEGALEASE-00161229-LEGALEASE-00161230 |
| Bartlett v. Peak, 107 Idaho 284 | 307A+583 | Trial court's power to dismiss a case because of failure to prosecute with due diligence is inherent and independent of any statute or rule of court. Rules Civ.Proc., Rule 41(b). | Is the Trial courts power to dismiss a case because of failure to prosecute with due diligence inherent and independent of any statute or rule of court? | 040548.docx | LEGALEASE-00160919-LEGALEASE-00160920 |
| United States v. Lara-Ramirez, 519 F.3d 76 | 135H+96 | Consent to a mistrial, for double jeopardy purposes, may sometimes be implied from a defendant's acts or failures to act, such as where the defendant sits silently by and does not object to the declaration of a mistrial even though he has a fair opportunity to do so. U.S.C.A. Const.Amend. 5. | "Can consent to a mistrial, for double jeopardy purposes sometimes be implied from a defendants acts or failures to act?" | 015057.docx | LEGALEASE-00162259-LEGALEASE-00162260 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bessler v. Bd. of Ed. of Chartered Sch. Dist. No. 150 of Peoria Cty., 69 Ill. 2d 191 | 316P+810 | Measure of damages for breach of teacher's employment contract would be salary provided in contract reduced by such sums as wrongfully discharged teacher had earned or by reasonable diligence could have earned in other employment subsequent to discharge, and employer has burden of showing that employee could or did have other earnings subsequent to wrongful discharge and that those earnings stemmed from employment incompatible with employment from which she was wrongfully discharged. Ill.Rev.Stat.1971, ch. 122, S 24-11. | What remedies are available to teachers who are wrongfully discharged? | 017212.docx | LEGALEASE-00162076-LEGALEASE-00162078 |
| Asociacion de Educacion Privada de Puerto Rico v. Garcia-Padilla, 490 F.3d 1 | 141E+919 | State has right and power to promulgate reasonable regulations affecting private primary and secondary schools to ensure that minimum educational standards are met. | Does the state have the right and power to promulgate reasonable regulations affecting primary and secondary schools? | 017268.docx | LEGALEASE-00162128-LEGALEASE-00162129 |
| Cook v. Peacock, 154 S.W.2d 688 | 289+568(3) | Where a managing partner has failed to keep accurate accounts of his transactions with or for partnership, the burden rests upon him to show that he has performed his duty of keeping accounts fairly, impartially, and honestly. | Does the burden of proof of accounting rest upon the managing partner when he has failed to keep accurate accounts? | Partnership - Memo 597 - SNP.docx | LEGALEASE-00052064-LEGALEASE-00052065 |
| Baum v. McBride, 152 Neb. 152 | 289+568(3) | It is the duty of a partner to account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partner from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use of its property. | Does a partner have a duty to account for any benefit he derived from his use of partnership property? | 022724.docx | LEGALEASE-00162446-LEGALEASE-00162447 |
| McDermott v. Reynolds, 260 Va. 98 | 302+42 | Court must consider the nature of the cause of action pleaded, not merely its form, in determining whether a plaintiff has stated a cause of action that will permit recovery of damages for the conduct alleged. | "In determining whether a plaintiff has stated a cause of action, should the nature of the cause of action or its form be considered?" | Pleading - Memo 630-RMM_66430.docx | ROSS-003293057-ROSS-003293058 |
| Enriquez v. Livingston, 400 S.W.3d 610 | 307A+583 | Dismissal of inmate's action against Department of Criminal Justice officials, for allegedly refusing him access to adequate medical treatment, was not based on Civil Procedure Rule, governing dismissal for want of prosecution, but, rather, on the trial court's inherent power to dismiss a suit for want of prosecution, and accordingly, the notice of dismissal did not need to satisfy the specific requirements of Rule, but, rather, merely needed to be adequate to satisfy due process; dismissal notice did not reference Civil Procedure Rule, and in the dismissal notice, there was no mention of a requirement to appear for any hearing or any mention of a failure to abide by the time standards in the Supreme Court's administrative rules, and court's dismissal order recited that the case was pending for fifteen months without service of citation or filing of answer. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the court have the authority to dismiss a case for want of prosecution under the court's inherent power under common law? | Pretrial Procedure - Memo 11847 - C - DA_66451.docx | ROSS-003293635-ROSS-003293636 |
| DeSantis v. Gaudioso, 39 Conn. Supp. 222 | 413+2 | Under workers' compensation statute, employee surrenders his right to bring common-law action against employer, thereby limiting employer's liability to the statutory amount. C.G.S.A. S 31-284. | "Under the Workers' Compensation Act, does the employee surrender his right to bring a common law action against the employer limiting the employers liability to the statutory amount?" | Workers' Compensation - Memo #526 ANC_66492.docx | ROSS-003283174-ROSS-003283175 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lockwood v. Mitchell, 7 Ohio St. 387 | 8.30E+10 | Where a loan was made, the money advanced and to be repaid, and a note and a mortgage delivered in New York, of land in Ohio, it will be regarded as a contract made in New York, and governed by the laws of that state; and the usury laws of that state will apply to it. | "If the contract for loan is made in a particular state, the money was advanced there, and the note and mortgage delivered there will the contract be governed in that state?" | 009147.docx | LEGALEASE-00162807-LEGALEASE-00162808 |
| Manning v. North, 82 S.W.3d 706 | 30+3206 | Power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review; thus, on appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Is the power of a trial court to dismiss for want of prosecution unbridled as it rests in the exercise of sound judicial discretion? | 041085.docx | LEGALEASE-00162747-LEGALEASE-00162748 |
| Stephens v. Messick, 2002 PA Super 117 | 30+3202 | Decision whether to enter a judgment of non pros is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. | Is the decision whether to enter a judgment of non pros committed to the sound discretion of the trial court? | Pretrial Procedure - Memo 12225 - C - DHA_67598.docx | ROSS-003294722-ROSS-003294723 |
| Shushunov v. Illinois Dep't of Fin. & Prof'l Regulation, 74 N.E.3d 71 | 135H+25 | A civil penalty generally is not considered a punishment for purposes of double jeopardy, unless it is so punitive in nature or effect that it is the functional equivalent of a criminal penalty. U.S. Const. Amend. 5; Ill. Const. art. 1, § 10. | "Is a civil penalty generally not considered a punishment for purposes of double jeopardy, unless it is so punitive in nature?" | 015067.docx | LEGALEASE-00162837-LEGALEASE-00162838 |
| People v. Anderson, 117 Cal. App. Supp. 763 | 135H+112.1 | A defendant's conviction of the underlying substantive offense does not on double jeopardy grounds bar further proceedings, such as retrial, on a penalty allegation. U.S.C.A. Const.Amend. 5. | "Does a defendant's conviction of the underlying substantive offense, on double jeopardy grounds bar further proceedings, such as retrial, on a penalty allegation?" | 014857.docx | LEGALEASE-00163994-LEGALEASE-00163995 |
| United States v. Clementi, 70 F.3d 997 | 135H+25 | Assuming that double jeopardy could attach to forfeiture of firearms found in possession of felon, Government's stay of forfeiture proceedings pending criminal prosecution prevented attachment of jeopardy. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. SS 922(g)(1), 924(d). | "Assuming that double jeopardy could attach to forfeiture of firearms found in possession of felon, does a Government's stay of forfeiture proceedings pending criminal prosecution prevent attachment of jeopardy?" | 015162.docx | LEGALEASE-00163497-LEGALEASE-00163498 |
| People v. McDougal, 109 Cal. App. 4th 571 | 135H+96 | A defendant who seeks dismissal before the jury has rendered a verdict consents to the dismissal and by that consent waives any argument that jeopardy has attached so as to bar an appeal. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, § 15. | Does a defendant who seeks dismissal before the jury has rendered verdict consents to the dismissal and by that consent waives any argument that jeopardy has attached so as to bar an appeal? | Double Jeopardy - Memo 267 - C - MS_66581.docx | ROSS-003279052-ROSS-003279053 |
| State v. Chase, 2000 ME 114 | 135H+97 | Motion by defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if defendant's motion is necessitated by prosecutorial or judicial error. | "Is a motion by defendant for mistrial ordinarily assumed to remove any barrier to reprosecution, even if a defendant's motion is necessitated by prosecutorial or judicial error?" | 015269.docx | LEGALEASE-00163707-LEGALEASE-00163708 |
| People v. Brandon, 40 Cal. App. 4th 1172 | 135H+96 | Consent to mistrial may be implied from affirmative conduct, such as moving for mistrial or stating that there is no objection to mistrial, but will not be inferred from silence or simply bringing matter of concern to trial court's attention. | "Can consent to mistrial be implied from affirmative conduct, such as moving for mistrial or stating that there is no objection to mistrial?" | Double Jeopardy - Memo 300 - C - PC_66531.docx | ROSS-003282056-ROSS-003282057 |
| State v. Dow, 152 A.3d 437 | 135H+95.1 | Following a mistrial, retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused; defendant's right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his or her evidence to an impartial jury. | "Following a mistrial, is a retrial not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused?" | 015399.docx | LEGALEASE-00163301-LEGALEASE-00163302 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Fassero, 256 S.W.3d 109 | 135H+95.1 | If the defendant opposes the mistrial, double jeopardy will bar retrial unless there is a manifest necessity for the trial court's declaration of mistrial. U.S.C.A. Const.Amend. 5. | "If the defendant opposes the mistrial, will double jeopardy bar retrial unless there is a manifest necessity for the trial court's declaration of a mistrial?" | 015434.docx | LEGALEASE-00163731-LEGALEASE-00163732 |
| Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671 | 141E+863 | Under IDEA, responsibility for ensuring that disabled students receive a free appropriate public education lies with the state educational agency (SEA), which distributes a substantial portion of the state's IDEA funds to local educational agencies (LEAs), and LEAs in turn directly provide disabled students with a free appropriate public education. Individuals with Disabilities Education Act, S 611(g)(1), 1412(a)(11), as amended, 20 U.S.C.A. SS 1411(g)(1), 1412(a)(11). | "Under IDEA, does the state educational agency has the responsibility for ensuring that disabled students receive a free appropriate public education?" | 017153.docx | LEGALEASE-00164132-LEGALEASE-00164133 |
| Ex parte Baker, 459 So. 2d 873 | 307A+699 | Because reinstatement of cause of action under rule of civil procedure pertaining to relief from final judgment after dismissal with prejudice is extraordinary relief, a movant has the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief under rule. Rules Civ.Proc., Rule 60(b), (b)(6). | Does a movant have the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief under rule? | Pretrial Procedure - Memo 11869 - C - PB_66562.docx | ROSS-003295112-ROSS-003295113 |
| Koehler v. State, 519 P.2d 442 | 135H+99 | Under the State and Federal Constitutions jeopardy attaches when a defendant is placed on trial before a court of competent jurisdiction and a jury sworn; if the court discharges the jury without a verdict being reached, the defendant cannot be retried unless he consented to the discharge or manifest necessity required. Const. art. 1, S 9; U.S.C.A.Const. Amend. 5. | "If a court discharges a sworn jury before a verdict is reached, can a defendant be retried unless he consented to discharge or manifest necessity required it?" | Pretrial Procedure - Memo 11922 - C - AC_67020.docx | ROSS-003279507-ROSS-003279508 |
| City of Jefferson v. Capital City Oil Co., 286 S.W.2d 65 | 30+3206 | Courts have inherent power, in the exercise of a sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and such action will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent authority, in exercise of sound discretion, to dismiss for failure to prosecute?" | 040971.docx | LEGALEASE-00163297-LEGALEASE-00163298 |
| State v. Porter, 186 Wash. 2d 85 | 352H+62(2) | Defendant may be convicted of simple rape when victim's capacity to resist was negated by abnormal condition or state of mind produced by alcohol consumption. LSA-R.S. 14:43. | Can a defendant be convicted of simple rape when the victim's capacity to resist was negated by alcohol consumption? | Sex Offenses - Memo 138 - RK_66941.docx | ROSS-003307651-ROSS-003307652 |
| Prograph Int'l Inc. v. Barhydt, 928 F. Supp. 983 | 25T+179 | Nonsignatory successors and alleged alter egos are entitled to compel arbitration under clauses signed by corporations whose liabilities they are alleged to have assumed. | Are nonsignatory successors entitled to compel arbitration under clauses signed by the corporations whose liabilities they are alleged to have assumed? | 008062.docx | LEGALEASE-00165008-LEGALEASE-00165009 |
| MicroStrategy v. Lauricia, 268 F.3d 244 | 25T+182(2) | Party may waive its right to insist on arbitration if that party so substantially utilizes litigation machinery that to subsequently permit arbitration would prejudice party opposing the stay. | Will a party waive its right to arbitration if it substantially utilizes litigation machinery that prejudices the party opposing a stay? | 008095.docx | LEGALEASE-00165075-LEGALEASE-00165076 |
| In re Soybean Futures Litig., 892 F. Supp. 1025 | 83H+17 | Practical four-part test for manipulation, as adopted by Commodity Futures Trading Commission, under which accuser must show that defendant possessed ability to influence prices, an artificial price existed, defendant caused the artificial price, and the defendant specifically intended to cause the artificial price, would be adopted for futures market manipulation case, where parties to the instant litigation adopted this framework. Commodity Exchange Act, S 22(a)(1)(D), as amended, 7 U.S.C.A. S 25(a)(1)(D). | What are the four necessary elements that the courts and the Commodities Futures Trading Commission (CFTC) have adopted that an accuser must prove to prevail on a manipulation claim? | 013637.docx | LEGALEASE-00164291-LEGALEASE-00164293 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Caballero v. Martinez, 186 N.J. 548 | 135+2 | Under New Jersey law, the term "resident," although present in many statutes, is not fixed in meaning, and instead, courts define the term by looking to the purpose of the statute and the context in which the term is found. | "Is the term ""resident,"" although present in many statutes, not fixed in meaning?" | Domicile - Memo 55 - C - KAD_67134.docx | ROSS-003293508-ROSS-003293509 |
| Berryhill v. Entergy New Orleans Inc., 925 So. 2d 12 | 135+2 | The intention of a person to be a resident of a particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in the light of his conduct and the circumstances of his life. | "Is the intention of a person to be a resident of a particular place determined by his expressions at times not suspicious, and his testimony?" | 014581.docx | LEGALEASE-00164224-LEGALEASE-00164225 |
| Dietz v. City of Medora, 333 N.W.2d 702 | 135+2 | A legal residence is place where an individual has established his home, where he is habitually present, and which he intends to return to when he is away for business or pleasure. NDCC 54-01-26, subd. 1. | "Is a legal residence a place where an individual has established his home, where he is habitually present, and which he intends to return to when he is away for business or pleasure?" | Domicile - Memo 67 - C - SJ_67146.docx | ROSS-003293549-ROSS-003293550 |
| In re Marriage of Weiss, 87 Ill. App. 3d 643 | 135+2 | "Residence" denotes one's permanent abode, while "domicile" is a place where a person lives and has his true permanent home and to which he intends to return whenever he is absent. | "Is ""domicile a place where a person lives and has his true permanent home and to which he intends to return whenever he is absent?" | 014598.docx | LEGALEASE-00164258-LEGALEASE-00164259 |
| Ziebell v. State, 788 N.E.2d 902 | 135H+30 | Sentence enhancements based on prior criminal convictions do not constitute multiple punishment in violation of double jeopardy clause; under the habitual offender statute, defendant is subjected to greater sentence neither for prior crimes nor for the status of habitual offender, but rather the enhanced sentence is imposed for the last crime committed. U.S.C.A. Const.Amend. 5; West's A.I.C. 35-50-2-8. | Do sentence enhancements based on prior criminal convictions constitute multiple punishment in violation of double jeopardy clause? | 014970.docx | LEGALEASE-00164825-LEGALEASE-00164826 |
| State v. Picot, 724 So. 2d 236 | 135H+30 | Habitual Offender Law creates no independent offense, but rather prescribes conditions under which there is enhanced penalty for current offense, and does not violate constitutional prohibitions against double jeopardy. U.S.C.A. Const.Amend. 5. | Does Habitual Offender Law prescribe conditions under which there is enhanced penalty for current offense? | Double Jeopardy - Memo 1227 - C - SS_67364.docx | ROSS-003278937-ROSS-003278938 |
| State v. Long, 405 Md. 527 | 135H+1 | Despite the fact that the Maryland Constitution lacks an explicit Double Jeopardy Clause, Maryland common law provides well-established protections for individuals against being twice put in jeopardy. | Does state common law provide well-established protections for individuals against being twice put in jeopardy? | 016380.docx | LEGALEASE-00165171-LEGALEASE-00165172 |
| Does 1, 2, 3, 4, 5, 6, & 7 v. State, 164 Or. App. 543 | 302+72 | A prayer for the wrong relief following a pleading that sets forth facts entitling the pleader to some relief does not operate to deny the proper relief. | "Will a prayer for the wrong relief, following a pleading that sets forth facts entitling the pleader to some relief, operate to deny the proper relief?" | Pleading - Memo 655 - RMM_67388.docx | ROSS-003279802-ROSS-003279803 |
| Johnson v. Elayyan, 2002 WL 959518 | 307A+583 | Trial court has inherent power under the common law to dismiss a case when the plaintiff fails to prosecute the case with due diligence. | Does a trial court have inherent power under the common law to dismiss a case when the plaintiff fails to prosecute the case with due diligence? | Pretrial Procedure - Memo 12224 - C - DHA_67597.docx | ROSS-003292331-ROSS-003292332 |
| In re Nationwise Auto., 250 B.R. 900 | 343+517(1) | When term of agreement consumes majority of useful life of goods in question, agreement resembles purchase contract, or financing arrangement, rather than lease. | "When a term of agreement consumes a majority of useful life of goods in question, does an agreement resemble a purchase contract?" | Secured Transactions - Memo 66 - C - DHA_67319.docx | ROSS-003293701-ROSS-003293702 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Dutcher, 851 F.3d 757 | 3.77E+18 | Communication is "true threat," of kind required to support prosecution for knowingly and willfully making any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States, if reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm upon, or to take life of, the President. 18 U.S.C.A. S 871(a). | "What is a ""true threat"" for the purposes of a prosecution for knowingly and willfully making any threat?" | 047047.docx | LEGALEASE-00164589-LEGALEASE-00164590 |
| Lamb v. State Work Relief Comp. Fund, 127 Pa. Super. 44 | 413+186 | Who is the responsible employer in case of injury to employee depends largely on control or right of control of the employee, not only with regard to work to be done, but also as to method and manner of performing it. | "Does being an employer with the right of control mean not only regarding to the work being done, but also the method and manner of performing it?" | 048812.docx | LEGALEASE-00164715-LEGALEASE-00164716 |
| Kendall v. State, 429 Md. 476 | 135H+59 | In a nonjury trial, jeopardy ordinarily attaches when the first witness is sworn, although in some circumstances it may attach without the appearance of a witness if the defendant is subjected to the risk of conviction. U.S.C.A. Const.Amend. 5. | "Can the jeopardy attach without the appearance of a witness, if the defendant is subjected to the risk of conviction?" | 014638.docx | LEGALEASE-00165321-LEGALEASE-00165322 |
| State v. Baranski, 173 Ohio App. 3d 410 | 135H+57 | Jeopardy attaches in a bench trial when the court first hears evidence and in a jury trial when the jury is empaneled and sworn; jeopardy would also attach upon a plea of guilty or no contest and a subsequent finding of guilt by the trial court. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | Will jeopardy attach when the court first hears evidence? | Double Jeopardy - Memo 1032 - C - KG_67854.docx | ROSS-003282403-ROSS-003282404 |
| People v. Lett, 466 Mich. 206 | 135H+59 | Jeopardy is said to attach when a jury is selected and sworn, and the Double Jeopardy Clause therefore protects an accused's interest in avoiding multiple prosecutions even where no determination of guilt or innocence has been made. U.S.C.A. Const.Amend. 5. | How does the double jeopardy clause protect an accused's interest? | 014778.docx | LEGALEASE-00166042-LEGALEASE-00166043 |
| People v. Barragan, 32 Cal. 4th 236 | 135H+30 | In the noncapital sentencing context, retrial of a prior conviction allegation does not violate the double jeopardy clause of the federal Constitution. U.S.C.A. Const.Amend. 5. | Does retrial of a prior conviction allegation violate the double jeopardy clause of the federal Constitution in the noncapital sentencing context? | 014952.docx | LEGALEASE-00165453-LEGALEASE-00165454 |
| State v. Taylor, 136 Ohio Misc. 2d 18 | 135H+95.1 | Appellate courts are wary of claims that a trial court erred in failing to declare a mistrial sua sponte in a criminal case; consequently, a judge who declares a mistrial in a criminal case sua sponte may thereafter be confronted by the defendant's contention that he cannot be retried. | Are appellate courts wary of claims that a trial court erred in failing to declare a mistrial sua sponte in a criminal case? | Double Jeopardy - Memo 674 - C - KI_67887.docx | ROSS-003305616-ROSS-003305617 |
| Jenkins v. State, 101 So. 3d 161 | 135H+95.1 | If it can be shown that an error of the trial court is intended to force a motion for mistrial by the defense, the double jeopardy bar is raised. U.S.C.A. Const.Amend. 5. | "If it can be shown that an error of the trial court is intended to force a motion for mistrial by the defense, is the double jeopardy bar raised?" | 016034.docx | LEGALEASE-00165761-LEGALEASE-00165762 |
| Righetti v. Eighth Judicial Dist. Court of State in & for Cty. of Clark, 388 P.3d 643 | 135H+1 | Double Jeopardy Clause was designed to protect defendants from harassment and oppression, not to shield defendants from their decisions to gamble on novel interpretations of law which ultimately prove unsuccessful. U.S. Const. Amend. 5; Nev. Const. art. 1, S 8. | Was double Jeopardy Clause designed to protect defendants from harassment and oppression? | 016094.docx | LEGALEASE-00165843-LEGALEASE-00165844 |
| Sanabria v. United States, 437 U.S. 54 | 135H+100.1 | Where trial terminates with a judgment of acquittal, double jeopardy principles governing permissibility of retrial after declaration of mistrial have no bearing. U.S.C.A.Const. Amend. 5. | "Where a trial terminates with a judgment of acquittal, do double jeopardy principles governing permissibility of retrial after declaration of mistrial has any bearing?" | Double Jeopardy - Memo 829 - C - DHA_67946.docx | ROSS-003296012-ROSS-003296013 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Muhannad, 837 N.W.2d 792 | 135H+1 | Traditionally, the Double Jeopardy Clause safeguards three interests of defendants: (1) the interest in being free from successive prosecutions, (2) the interest in the finality of judgments, and (3) the interest in having the trial completed in front of the first tribunal. U.S. Const. Amend. 5 | Does the double jeopardy clause safeguard the interest in being free form successive prosecutions? | Double Jeopardy - Memo 875 - C - TJ_67664.docx | ROSS-003308450 |
| Sweets v. State, 2013 WY 98 | 135H+1 | The Double Jeopardy Clauses of the United States and Wyoming constitutions afford three distinct protections: 1) protection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's Wyo.Stat.Ann. Const. Art. 1, S 11. | What are the three distinct protections double jeopardy clauses afford? | 016445.docx | LEGALEASE-00165241-LEGALEASE-00165242 |
| Odem v. State, 175 Md. App. 684 | 135H+2 | Maryland recognizes the prohibition against twice placing a criminal defendant in jeopardy as both a common law principle and by virtue of the Fifth and Fourteenth Amendments to the United States Constitution. U.S.C.A. Const.Amends. 5, 14. | Does Maryland recognize the prohibition against twice placing a criminal defendant in jeopardy? | 016565.docx | LEGALEASE-00165383-LEGALEASE-00165384 |
| State in Interest of M.B., 217 So. 3d 555 | 135H+5.1 | Double jeopardy provisions protect an accused not only from a second prosecution for the same offense, but also from multiple punishments for the same criminal act. U.S. Const. Amend. 5; La. Const. art. 1, S 15. | "Does ""Double jeopardy"" protect an accused not only from a second prosecution for the same offense but also multiple punishments for the same criminal act?" | 016586.docx | LEGALEASE-00165403-LEGALEASE-00165404 |
| Butler Univ. v. Bahssin, 892 So. 2d 1087 | 307A+695 | When a complaint fails to state a cause of action, the proper approach is for the trial court to allow leave to amend, not to dismiss the complaint with prejudice. West's F.S.A. RCP Rule 1.190(a). | "When a complaint fails to state a cause of action, is the proper approach for the trial court to allow leave to amend?" | 040834.docx | LEGALEASE-00166088-LEGALEASE-00166089 |
| In re USA Commercial Mortg. Co., 802 F. Supp. 2d 1147 | 349A+10 | The mere presence of secured loan characteristics in repo and reverse repo agreements is not enough, under New York law, to negate the parties' voluntary decision to structure the transactions as purchases and sales. | When is the mere presence of secured loan characteristics in repo and reverse repo agreements not enough? | Secured Transactions - Memo 23 - C - KG_67966.docx | ROSS-003278764-ROSS-003278765 |
| Maydon v. State, 141 S.W.3d 851 | 135H+95.1 | As a general rule, after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a retrial if the jury is discharged without reaching a verdict. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | "After a jury has been impaneled and sworn, does double jeopardy bar a retrial if the jury is discharged without reaching a verdict?" | Double Jeopardy - Memo 487 - C - SB_68266.docx | ROSS-003306228-ROSS-003306229 |
| State v. Linton, 122 Wash. App. 73 | 135H+1 | Double jeopardy clause of the state constitution, like its counterpart in the United States Constitution, offers several, related protections: it protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Does double jeopardy protect against a second prosecution or the same offense after conviction? | 016003.docx | LEGALEASE-00166357-LEGALEASE-00166358 |
| Doe 30's Mother v. Bradley, 58 A.3d 42 | 307A+687 | When making a futility determination based on a proposed amendment to a complaint, the court accepts as true all of the well-pled facts presented therein. Superior Court Civil Rule 15. | "When making a futility determination based on a proposed amendment to a complaint, does the court accept as true all of the well-pled facts presented therein?" | Pretrial Procedure - Memo 12028 - C - TM_68452.docx | ROSS-003279732-ROSS-003279733 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Cooley, 47 N.C. App. 376 | 135H+95.1 | Double jeopardy clause of Fifth Amendment precludes retrial of defendant in some circumstances where proceedings are terminated prior to judgment and interest of accused which is protected in such cases is his right to retain a given tribunal. U.S.C.A.Const. Amend. 5. | Double the jeopardy clause of the Fifth Amendment preclude retrial of a defendant in some circumstances where proceedings are terminated prior to judgment? | Double Jeopardy - Memo 564  - C - SK_68343.docx | ROSS-003294581-ROSS-003294582 |
| United States v. Cessa, 861 F.3d 121 | 135H+100.1 | Doctrine of double jeopardy bars retrial when the defendant has been acquitted, or when an appellate court reverses on grounds of evidentiary insufficiency; however, double jeopardy does not apply when a conviction is set aside because of an error in the proceedings leading to conviction. U.S. Const. Amend. 5. | "Does the doctrine of double jeopardy bar retrial when the defendant has been acquitted, or when an appellate court reverses on grounds of evidentiary insufficiency?" | Double Jeopardy - Memo 590 - C - NE_68369.docx | ROSS-003278505-ROSS-003278506 |
| In re Smith Barney, 975 S.W.2d 593 | 349A+10 | Although bankruptcy court, when examining Chapter 13 debtor's vehicle lease to assess whether it was in fact a lease or disguised security agreement under South Carolina law, would consider who owed duty to maintain, repair, insure, and pay taxes on vehicle, mere fact that debtor assumed such risks was not determinative of whether security interest was created. S.C.Code 1976, S 36-1-201(37). | "When does a bankruptcy court consider who owed a duty to maintain, repair, insure, and pay taxes on a vehicle?" | 042643.docx | LEGALEASE-00166937-LEGALEASE-00166938 |
| Kultura v. S. Leasing Corp., 923 S.W.2d 536 | 349A+10 | If lease is true lease, Article 9 of the Uniform Commercial Code (UCC), relating to secured transactions, does not govern questions involving lessor's interest in property. | "If a lease is a true lease, does the Uniform Commercial Code relating to secured transactions, govern questions involving a lessor interest in property?" | 042673.docx | LEGALEASE-00167013-LEGALEASE-00167014 |
| Legends Gym v. ABCO Leasing, 383 F. Supp. 2d 911 | 349A+10 | Under Texas law, if a purported lease provides on its face that upon compliance with its terms, the lessee becomes the owner of the property for no additional consideration, then the lease is deemed as a matter of law to be intended for a security. V.T.C.A., Bus. & C. S 1.203(b)(4). | When is a lease deemed as matter of law to be intended for security? | Secured Transactions - Memo 150 - C - TJ_68475.docx | ROSS-003280856-ROSS-003280857 |
| Green v. Cont'l Rentals, 292 N.J. Super. 241 | 349A+41 | Inclusion of contractual provision that, upon compliance with lease terms, customer shall become owner of property for no additional consideration, identifies agreement as security interest as matter of law. | When should a customer become an owner of property for no additional consideration? | 042706.docx | LEGALEASE-00166723-LEGALEASE-00166724 |
| Pepin v. City of Danbury, 171 Conn. 74 | 371+2016 | Included within the General Assembly's discretion to levy taxes is the power to authorize municipalities to collect taxes, for example, by granting them a charter. | "Is the power to authorize municipalities to collect taxes by granting them a charter, included within the General Assembly's discretion to levy taxes?" | 046597.docx | LEGALEASE-00166643-LEGALEASE-00166644 |
| Mobil Oil Corp. v. Town of Huntington, 85 Misc. 2d 800 | 371+2016 | Power to assess and collect taxes may be delegated to localities but delegation must be made in express terms by proper enabling act. | Should the power to assess and collect taxes delegated to localities be made in express terms by proper enabling act? | Taxation - Memo 1348 - C - SBH_68542.docx | ROSS-003284390-ROSS-003284391 |
| Parate v. Isibor, 868 F.2d 821 | 141E+1000 | Public education in America is committed to the control of local and state authorities; therefore, courts cannot intervene to resolve educational conflicts that do not sharply implicate basic constitutional values. | Can courts intervene to resolve educational conflicts that do not implicate basic constitutional values? | 017150.docx | LEGALEASE-00167326-LEGALEASE-00167327 |
| In re Monaco, 514 B.R. 477 | 366+2 | Texas courts interpret the doctrine of equitable subrogation liberally and apply it in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Do courts liberally apply the doctrine of equitable subrogation? | 07798.docx | LEGALEASE-00081925-LEGALEASE-00081926 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mort v. United States, 86 F.3d 890 | 366+2 | Equitable subrogation is broad equitable remedy, and therefore it applies whenever one person, not acting as mere volunteer or intruder, pays debt for which another is primarily liable, and which in equity and good conscience should have been discharged by latter. | Is equitable subrogation a broad equitable remedy? | 05077.docx | LEGALEASE-00083709-LEGALEASE-00083710 |
| In re Forfeiture of U.S. Currency in Amount of Ninety-One Thousand Three Hundred Fifty-Seven & 12/100 Dollars ($91,357.12), 595 So. 2d 998 | 366+1 | "Equitable subrogation" applies where claimant satisfied obligation of another and then stands in shoes of satisfied creditor; doctrine prevents unjust forfeiture and windfall amounting to unjust enrichment. | "Is doctrine of equitable subrogation recognized as one founded on established principles of equity to prevent unjust forfeiture, and windfall amounting to unjust enrichment on the other? " | 05093.docx | LEGALEASE-00083742-LEGALEASE-00083743 |
| In re Forfeiture of U.S. Currency in Amount of Ninety-One Thousand Three Hundred Fifty-Seven & 12/100 Dollars ($91,357.12), 595 So. 2d 998 | 366+1 | "Equitable subrogation" applies where claimant satisfied obligation of another and then stands in shoes of satisfied creditor; doctrine prevents unjust forfeiture and windfall amounting to unjust enrichment. | "Is doctrine of equitable subrogation recognized as one founded on established principles of equity to prevent unjust forfeiture, and windfall amounting to unjust enrichment on the other?" | Subrogation - Memo 197 - RM C.docx | ROSS-003312871-ROSS-003312872 |
| Mort v. United States, 86 F.3d 890 | 366+2 | Equitable subrogation is broad equitable remedy, and therefore it applies whenever one person, not acting as mere volunteer or intruder, pays debt for which another is primarily liable, and which in equity and good conscience should have been discharged by latter. | Is equitable subrogation a broad equitable remedy? | 05551.docx | LEGALEASE-00083768-LEGALEASE-00083769 |
| In re Shavers, 418 B.R. 589 | 366+1 | In Mississippi, the doctrine of equitable subrogation applies, in general, wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable. | When is the doctrine of equitable subrogation applied? | Subrogation - Memo 314 - RM C.docx | ROSS-003284473-ROSS-003284474 |
| Application of Eichner, 102 Misc. 2d 184 | 368+1 | General common-law right to bodily self-determination, which includes right of a competent adult to refuse life-sustaining medical treatment, is subject to being overridden by state interests in appropriate circumstances; among the state interests which must be weighed are interest in protection of third parties, such as minor children, maintenance of latitude for physicians and hospitals to fulfill their ethical obligations and preservation of all human life. U.S.C.A.Const. Amends. 1, 4, 5, 14; Public Health Law S 2803-c. | Is the right of an individual to refuse medical treatment subject to being overridden by state interests in appropriate circumstances? | 05170.docx | LEGALEASE-00084235-LEGALEASE-00084236 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Application of Eichner, 102 Misc. 2d 184 | 368+1 | General common-law right to bodily self-determination, which includes right of a competent adult to refuse life-sustaining medical treatment, is subject to being overridden by state interests in appropriate circumstances; among the state interests which must be weighed are interest in protection of third parties, such as minor children, maintenance of latitude for physicians and hospitals to fulfill their ethical obligations and preservation of all human life. U.S.C.A.Const. Amends. 1, 4, 5, 14; Public Health Law S 2803-c. | Is the right of an individual to refuse medical treatment subject to being overridden by states interests in appropriate circumstances? | 05644.docx | LEGALEASE-00084269-LEGALEASE-00084270 |
| Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381 | 366+8 | Doctrine of equitable subrogation for a bond surety is not founded on contract law, but arises from society's recognition of the contractor's statutory obligation to provide the bonds in questions, and society's concomitant belief that any monies otherwise due the contractor should, in fairness, be employed to recompense the bondsman. | Is equitable subrogation a creature of equity and is independent of any contractual relations? | 05613.docx | LEGALEASE-00084304-LEGALEASE-00084306 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it has the discretion to deny the motion in limine before trial. | Is an unclear order in limine worse than no order at all;  and even if the court concludes that the evidence is inadmissible does it has the discretion to deny the motion in limine before trial? | 05231.docx | LEGALEASE-00084934-LEGALEASE-00084936 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it has the discretion to deny the motion in limine before trial. | Is an unclear order in limine worse than no order at all;  and even if the court concludes that the evidence is inadmissible does it has the discretion to deny the motion in limine before trial? | 06552.docx | LEGALEASE-00085033-LEGALEASE-00085035 |
| Nowlin v. United States, 81 F. Supp. 3d 514 | 234+5 | For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, the particular program involved in the theft or bribery need not be the recipient of federal funds. 18 U.S.C.A. S 666. | "For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, does the particular program involved in the theft or bribery have to be the recipient of federal funds?" | 01684.docx | LEGALEASE-00092024-LEGALEASE-00092025 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | Does a Superior Court have inherent power to dismiss action which is made to appear fictitious and sham? | 10925.docx | LEGALEASE-00094218-LEGALEASE-00094219 |
| Bd. of Trustees of Cmty. Coll. Dist. No. 502, Cty. of Du Page v. Dep't of Prof'l Regulation, 363 Ill. App. 3d 190 | 307A+561.1 | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions and that act to defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619. | Will the legal sufficiency of the complaint be admitted when proceeding on a motion to dismiss? | 10970.docx | LEGALEASE-00094370-LEGALEASE-00094371 |
| Clark v. State Farm Mut. Auto. Ins. Co., 769 So. 2d 176 | 307A+590.1 | A "step" in the prosecution or defense of a suit occurs, and the suit is thus not abandoned, when a party takes formal action intended to hasten the matter to judgment. LSA-C.C.P. art. 561. | Does a step in the prosecution or defense of an action that can defeat abandonment occur whenever a party takes a formal action that is intended to hasten the matter to judgment? | 11167.docx | LEGALEASE-00094406-LEGALEASE-00094407 |
| Estate of Paulk v. Lott, 217 So. 3d 747 | 307A+581 | The presence of an aggravating factor may serve to bolster or strengthen the case for a dismissal; however, neither contumacious conduct nor an aggravating factor is required to support a dismissal for failure to prosecute under the rules of civil procedure. Miss. R. Civ. P. 41(b). | "Can the court consider prejudice or the presence of an aggravating factor, to bolster or strengthen a defendant's case in support of dismissal for failure to prosecute? " | 10262.docx | LEGALEASE-00094998-LEGALEASE-00094999 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jenner v. Illinois Dep't of Commerce & Econ. Opportunity, 2016 IL App (4th) 150522 | 307A+686.1 | A motion for dismissal on the ground that the claim asserted is barred by affirmative matter avoiding the legal effect of or defeating the claim admits the legal sufficiency of the complaint but raises a defense outside the complaint, an "affirmative matter," that defeats the action. S.H.A. 735 ILCS 5/2-619(a)(9). | Will a motion for dismissal be barred by affirmative matter avoiding the legal effect of or defeating the claim admit the legal sufficiency of the complaint? | 10103.docx | LEGALEASE-00095108-LEGALEASE-00095109 |
| Stephanie W. v. Maxwell V., 319 P.3d 219 | 307A+46 | Trial court's discretion to impose litigation-ending discovery sanctions is narrowly limited to extreme situations, and such sanctions cannot be imposed where an alternative remedy would suffice to make the adverse party whole. Rules Civ.Proc., Rule 37. | Is a trial court's discretion to order litigation-ending sanctions severely limited? | 10459.docx | LEGALEASE-00095232-LEGALEASE-00095233 |
| Am. Eagle v. Employers' Liab. Assur. Corp., 389 So. 2d 1339 | 307A+590.1 | A posttrial conference whose purpose is to facilitate completion of a transcript so that briefs could be filed and a decision rendered is a "step in the prosecution" and operates to preclude dismissal for abandonment by failure to take any step in prosecution for five years. LSA-C.C.P. art. 561. | "Is a post-trial conference whose purpose is to facilitate completion of a transcript so that briefs could be filed and a decision rendered a ""step in the prosecution""? " | 10347.docx | LEGALEASE-00095517-LEGALEASE-00095518 |
| Hutchison v. Seariver Mar., 22 So. 3d 989 | 307A+590.1 | A joint motion to continue without date or indefinitely is not considered a step in the prosecution of a case, since by its very nature, an indefinite continuance is not intended to hasten the matter to judgment. | Is a joint motion to continue without date or indefinitely not considered a step in the prosecution of a case? | 10487.docx | LEGALEASE-00095614-LEGALEASE-00095615 |
| Barnett Bank of E. Polk Cty. v. Fleming, 508 So. 2d 718 | 307A+590.1 | Motion to dismiss for lack of prosecution, whether initiated by court or a party, cannot be deemed "record activity" sufficient to defeat dismissal of case for lack of prosecution. West's F.S.A. RCP Rule 1.420(e). | "Can a motion to dismiss for lack of prosecution be deemed a ""record activity"" sufficient to defeat a dismissal of a case for lack of prosecution? " | 09979.docx | LEGALEASE-00095717-LEGALEASE-00095718 |
| Patel v. Home Depot USA, 2012 IL App (1st) 103217 | 307A+681 | A motion to dismiss under statute governing motions with respect to the pleadings attacks the legal sufficiency of the complaint; such a motion to dismiss does not raise affirmative factual defenses, but alleges defects appearing on the face of the pleadings. S.H.A. 735 ILCS 5/2-615. | Will a motion to dismiss with respect to the pleadings challenge the legal sufficiency of a complaint and raise affirmative factual defenses? | 09613.docx | LEGALEASE-00096040-LEGALEASE-00096041 |
| Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+561.1 | When proceeding under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the legal sufficiency of the complaint is admitted. S.H.A. 735 ILCS 5/2-619. | Is the legal sufficiency of the complaint admitted when proceeding allows dismissal of complaint when claim asserted is barred by other affirmative matter? | 09804.docx | LEGALEASE-00096389-LEGALEASE-00096390 |
| Volt Info. Scis. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468 | 170B+3053 | In applying general state-law principles of contract interpretation to interpretation of arbitration agreement within scope of Federal Arbitration Act, due regard must be given to federal policy favoring arbitration, and ambiguities as to scope of arbitration clause itself resolved in favor of arbitration. 9 U.S.C.A. S 1 et seq. | What should the court consider while interpreting an agreement covered by Federal Arbitration Act? | 004890.docx | LEGALEASE-00117147-LEGALEASE-00117149 |
| In re Olson, 355 B.R. 649 | 366+1 | Under Tennessee law, when deciding whether to employ subrogation as a remedy, the court should balance the equities involved, and the case must be "strong and clear." | "hen deciding whether to employ subrogation as a remedy, should the court balance the equities involved, and must the case be ""strong and clear""?" | 043698.docx | LEGALEASE-00121342-LEGALEASE-00121343 |
| C. Green Scaping v. Westfield Ins. Co., 248 S.W.3d 779 | 366+1 | The doctrine of subrogation is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | "Is the doctrine of subrogation broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter?" | Subrogation - Memo # 511 - C - SU.docx | ROSS-003325631-ROSS-003325632 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A "motion in limine" enables a trial court, prior to trial, to exclude anticipated evidence that would clearly be inadmissible for any purpose at trial. | "Does a ""motion in limine"" enable a trial court, prior to trial, to exclude anticipated evidence that would clearly be inadmissible for any purpose at trial?" | 030988.docx | LEGALEASE-00122101-LEGALEASE-00122102 |
| Hawkes v. Casino Queen, 336 Ill. App. 3d 994 | 307A+3 | The purpose of the motion in limine is to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection. | Is the purpose of the motion in limine to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection? | 024169.docx | LEGALEASE-00122846-LEGALEASE-00122847 |
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | oes the act of state doctrine presume the validity of the official acts a recognized foreign sovereign power performs within its own territory? | 019679.docx | LEGALEASE-00123522-LEGALEASE-00123523 |
| Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence, but is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | Is the granting of a motion in limine a final ruling on the evidence ? | 038431.docx | LEGALEASE-00124436-LEGALEASE-00124437 |
| State v. Moore, 215 So. 3d 951 | 352H+95 | To support a conviction for attempted forcible rape, the State must prove that defendant had the specific intent to commit forcible rape and that he did an act for the purpose of, and tending directly toward, the accomplishment of his objective. La. Rev. Stat. Ann. SS 14:27, 14:42.1. | Is specific intent of the defendant required to be proved in an attempted rape conviction? | 042914.docx | LEGALEASE-00125671-LEGALEASE-00125672 |
| Vines v. Branch, 244 Va. 185 | 126+6 | Where person has illegally seized personal property of another and converted it to his own use, owner may bring action in trespass, trover, detinue, or assumpsit. | "When a person has illegally seized another's personal property and converted it to his own use, may the owner bring an action for trespass?" | 047245.docx | LEGALEASE-00126049-LEGALEASE-00126050 |
| Kosydar v. Wolman, 353 F. Supp. 744 | 1.41E+30 | State has an important and recognized interest in maintaining minimum educational, safety and health standards in all schools operated within the state. | "Does a state have an important and recognized interest in maintaining minimum educational, safety and health standards in all schools operated within the state?" | Education - Memo # 39 - C - SU.docx | ROSS-003317092-ROSS-003317093 |
| King v. Indus. Comm'n of Utah, 850 P.2d 1281 | 413+511 | Workers' Compensation Act is based on contract principles and employee's right to benefits arises when he suffers work-related injury. U.C.A.1953, 35-1- to 35-1-107. | Is the Workers Compensation Act based on contract principles and employees rights to benefits arise when they suffer a work-related injury? | 047712.docx | LEGALEASE-00128717-LEGALEASE-00128719 |
| Cockrell v. Garton, 244 Neb. 359 | 307A+750 | In relation to evidence, pretrial conference is designed for and primarily used to restrict evidence to issues formulated, secure admissions or stipulations, and avoid unduly cumulative evidence and necessity of proving foundation for clearly competent evidence; it is neither designed for nor intended to arbitrarily exclude noncumulative evidence pertinent to issues simply because it was not mentioned at pretrial hearing. | How is a pretrial conference designed in relation to evidence? | 027019.docx | LEGALEASE-00130855-LEGALEASE-00130856 |
| United States v. Redzic, 627 F.3d 683 | 63+1(1) | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. 18 U.S.C.A. S 666(a)(2). | "In a case of illegal bribe, should the payment be made with the intent to influence a general course of conduct?" | 011391.docx | LEGALEASE-00133410-LEGALEASE-00133411 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Salazar v. Scotts Bluff County, 665 N.W.2d 659 | 307A+485 | A hearing on a motion for expenses pursuant to discovery rule, which allows a party to recover expenses associated with proving the genuineness of a matter which a party failed to admit to in requests for admission, is a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case. Discovery Rule 37(c). | Is hearing on a motion for expenses for a party's failure to admit a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case? | 030019.docx | LEGALEASE-00134846-LEGALEASE-00134847 |
| Nixon v. Harris, 31 Ill. App. 3d 204 | 307A+716 | In determining propriety of continuance due to counsel's absence, important if not determinative factor was degree of due diligence exercised by party seeking continuance. Supreme Court Rules, rules 231, 231(f), S.H.A. ch. 110A, SS 231, 231(f); S.H.A. ch. 110, S 59. | "Is the degree of due diligence exercised by the party seeking a continuance an important, if not  determinative factor, in determining the propriety of a continuance due to counsel's absence?" | 029282.docx | LEGALEASE-00136446-LEGALEASE-00136447 |
| Allen v. Wilkinson, 129 F. Supp. 73 | 258A+520 | Neither a minor soldier nor his parents, even where no consent has been given, may void an enlistment made while under age or effect release of such soldier when he is held for a military offense or is under sentence for a military offense. | Can a minor soldier or his parents void an enlistment or effect the release of such soldier when he is held for a military offense? | 008608.docx | LEGALEASE-00146523-LEGALEASE-00146524 |
| Triffin v. Dillabough, 448 Pa. Super. 72 | 8.30E+282 | Purpose of Uniform Commercial Code (UCC) is to meet contemporary needs of fast-moving commercial society, and to enhance marketability of negotiable instruments, allowing bankers, brokers and general public to trade in confidence. | Is the purpose of Commercial Code to enhance the marketability of negotiable instruments? | 010542.docx | LEGALEASE-00148452-LEGALEASE-00148453 |
| Capaci v. Folmar Kenner, 43 So. 3d 1229 | 30+3206 | Because the trial judge is in the best position to assess the conduct of plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court. Rules Civ.Proc., Rule 41(b). | "Should involuntary dismissal for failure of plaintiff to prosecute or to comply with rules or any order of court, be carefully scrutinized?" | 036453.docx | LEGALEASE-00149099-LEGALEASE-00149100 |
| Bassim v. Hassett, 184 A.D.2d 908 | 379+155 | "Prima facie tort," which may be pleaded in the alternative with traditional torts, consists of unjustified or inexcusable intentional infliction of harm, causing special damages, by an act or series of acts which would otherwise be lawful. | Can prima facie tort be pleaded in the alternative? | 023650.docx | LEGALEASE-00150456-LEGALEASE-00150457 |
| Joca-Roca Real Estate v. Brennan, 772 F.3d 945 | 25T+182(2) | In determining whether a conduct-based waiver of the contractual right to arbitration has occurred, the court asks whether there has been an undue delay in the assertion of arbitral rights and whether, if arbitration supplanted litigation, the other party would suffer unfair prejudice, and that determination is informed by a salmagundi of factors, including the length of the delay, the extent to which the party seeking to invoke arbitration has participated in the litigation, the quantum of discovery and other litigation-related activities that have already taken place, the proximity of the arbitration demand to an anticipated trial date, and the extent to which the party opposing arbitration would be prejudiced. | "As this Court explained in Currency Conversion III, a party may impliedly waive its right to enforce a contractual arbitration clause when it engages in protracted litigation that results in prejudice to the opposing party. " | 008006.docx | LEGALEASE-00151469-LEGALEASE-00151470 |
| Cirillo v. Slomin's Inc., 196 Misc. 2d 922 | 307A+680 | In ruling upon a motion to dismiss the Court may not address the merits of the complaint or any of its factual allegations, but must determine only whether the alleged facts fit within any cognizable legal theory. McKinney's CPLR 3211. | "In ruling upon a motion to dismiss, can the court not address the merits of the complaint or any of its factual allegations?" | 037744.docx | LEGALEASE-00151833-LEGALEASE-00151834 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kavanagh v. Trustees of Boston Univ., 440 Mass. 195 | 141E+1234 | The fact that a college or university has facilitated a student's ability to attend that institution by providing a scholarship or other financial assistance does not transform the relationship between the academic institution and the student into any form of employment relationship, for purposes of the doctrine of respondeat superior; while scholarships may introduce some element of "payment" into the relationship, scholarships are not wages, and neither side understands the relationship to be that of employer-employee or principal-agent. | Are students who attend college with an athletic scholarship considered employees of the university? | 017087.docx | LEGALEASE-00154835-LEGALEASE-00154836 |
| Gorman v. Gilliam, 2010 Ark. App. 118 | 307A+681 | In determining whether to dismiss a complaint for failure to state facts upon which relief can be granted, it is improper for the trial court to look beyond the complaint. Rules Civ.Proc., Rule 12(b)(6). | "In determining whether to dismiss a complaint under Rule 12(b)(6) for failure to state facts upon which relief can be granted, is it improper for the trial court to look beyond the complaint?" | Pretrial Procedure - Memo # 9600 - C - KS_61363.docx | ROSS-003283043-ROSS-003283044 |
| Brewington v. State, 7 N.E.3d 946 | 3.77E+12 | True threats depend on two necessary elements: that the speaker intend his communications to put his targets in fear for their safety, and that the communications were likely to actually cause such fear in a reasonable person similarly situated to the target. West's A.I.C. 35-45-2-1(c). | What are the two necessary elements that true threats depend on? | 046744.docx | LEGALEASE-00155102-LEGALEASE-00155103 |
| Klein v. MTA-Long Island Bus, 61 A.D.3d 722 | 307A+581 | Statute providing for dismissal for failure to prosecute is an extremely forgiving statute which never requires, but merely authorizes, a trial court to dismiss an action based on the plaintiff's unreasonable neglect to proceed. McKinney's CPLR 3216. | Is a court authorised to dismiss a plaintiff's action based on plaintiff's unreasonable neglect to proceed? | 025367.docx | LEGALEASE-00157419-LEGALEASE-00157420 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+103 | Not every state enactment or action which may in any way deal with aliens is a regulation of immigration and thus per se pre-empted by the federal constitutional power, whether latent or exercised. U.S.C.A. Const. Art. 6, cl. 2. | is every state enactment which in any way deals with aliens per se pre-empted? | 006838.docx | LEGALEASE-00160388-LEGALEASE-00160389 |
| Berryhill v. Entergy New Orleans Inc., 925 So. 2d 12 | 135+2 | The intention of a person to be a resident of a particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in the light of his conduct and the circumstances of his life. | "Is the intention of a person to be a resident of a particular place determined by his expressions at times not suspicious, and his testimony? " | Domicile - Memo 60 - C - MV_67139.docx | ROSS-003278494-ROSS-003278495 |
| Brewington v. State, 7 N.E.3d 946 | 3.77E+12 | True threats depend on two necessary elements: that the speaker intend his communications to put his targets in fear for their safety, and that the communications were likely to actually cause such fear in a reasonable person similarly situated to the target. West's A.I.C. 35-45-2-1(c). | What are the two necessary elements that true threats depend on? | Threats - Memo #56 - C - LB_61631.docx | ROSS-003278510-ROSS-003278511 |
| Mayfield v. ACME Barrel Co., 258 Ill. App. 3d 32 | 307A+561.1 | Statute governing involuntary dismissal affords defendant expeditious means to obtain summary disposition of action based upon affirmative bar to plaintiff's right to recovery. Ill.Rev.Stat.1989, ch. 110, P 2-619. | Will a statute for involuntary dismissal afford defendant expeditious means to obtain summary disposition of action? | Pretrial Procedure - Memo # 10763 - C - SJ_63405.docx | ROSS-003280144 |
| Cornell v. Ripka, 897 N.W.2d 801 | 307A+699 | Substantial prejudice, the lack of which the party seeking vacation of a dismissal must prove, is neither to be presumed nor inferred from the mere fact of delay; rather, there must be some particular prejudice of such a character that some substantial right or advantage will be lost or endangered if relief is granted. Minn. R. Civ. P. 60.02. | Is substantial prejudice neither to be presumed nor inferred from the mere fact of delay? | Pretrial Procedure - Memo # 10805 - C - SKG_63672.docx | ROSS-003280931-ROSS-003280932 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rotert v. Faulkner, 660 S.W.2d 463 | 83E+481 | Even though note does not possess quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another, and any language, however informal, if it shows intention of owner of chose in action to transfer it, and sufficiently identifies subject matter, is sufficient to vest property therein in assignee. | Is any language sufficiently identifying the intent of the owner to transfer sufficient to vest the property with the assignee? | Bills and Notes - Memo 1247 - RK_62537.docx | ROSS-003280955-ROSS-003280956 |
| In re Frykberg, 490 B.R. 652 | 172H+15(3) | Massachusetts Predatory Home Loan Practices Act, which requires lenders to receive certification that their borrowers received counseling from an approved third party prior to finalizing a "high-cost home mortgage loan," in order for the loan to be enforceable, is preempted by the Home Owners' Loan Act (HOLA). Home Owners' Loan Act of 1933, S 1 et seq., 12 U.S.C.A. S 1461 et seq.; M.G.L.A. c. 183C, S 3; 12 C.F.R. S 560.2. | Does a lender need to receive certification that their borrowers received counseling prior to finalizing a high cost home mortgage loan? | Consumer Credit - Memo 11 - RK.docx | ROSS-003282746-ROSS-003282747 |
| Martin v. Sally, 341 Ill. App. 3d 308 | 388+43 | On review, a trial court judge maintains broad discretion in the admission of evidence and in ruling upon a motion in limine. | "On review, dDoes a trial court judge maintain broad discretion in the admission of evidence and in ruling upon a motion in limine? " | Pretrial Procedure - Memo # 240 - C - ANC.docx | ROSS-003284308-ROSS-003284309 |
| Barnes v. Nw. Repossession, 210 F. Supp. 3d 954 | 386+7 | Under Illinois law, harm to the personal property or diminution of its quality, condition, or value as a result of a defendant's use can result in liability for trespass to chattel. | "Can a harm to the personal property or diminution of its quality, condition, or value as a result of a defendant's use result in liability for trespass to chattel?" | Trespass - Memo 207 - BP.docx | ROSS-003285491-ROSS-003285492 |
| McDonnell v. McPartlin, 192 Ill. 2d 505 | 307A+3 | Error that occurs through the violation of a motion in limine will be deemed an appropriate ground for mistrial only where the violation resulted in the denial of a fair trial. | Will an error that occurs through the violation of a motion in limine be deemed an appropriate ground for mistrial only where the violation resulted in the denial of a fair trial? | Pretrial Procedure - Memo # 161 - C - SB.docx | ROSS-003286281-ROSS-003286282 |
| Sullwold v. Barcus, 17 Kan. App. 2d 410 | 307A+750 | Unless modified to prevent manifest injustice, pretrial order controls course of action, and issue or claim for relief that is not contained in pretrial order should not be entertained by trial court. Rules Civ.Proc., K.S.A. 60-216. | Should an issue or claim for relief that is not contained in pretrial order be entertained by trial court? | Pretrial Procedure - Memo # 2544 - C - SPB.docx | ROSS-003288080-ROSS-003288081 |
| City of El Dorado v. Union Cty., 122 Ark. 184 | 200+121 | Article 7, section 28, of the Constitution vests the county courts with exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, etc. | "Does the Constitution vests the county courts with exclusive original jurisdiction in all matters relating to county taxes, roads, bridges? " | Highways -Memo 146 - DB.docx | ROSS-003288837-ROSS-003288838 |
| Pub. Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. IDACORP Inc., 379 F.3d 641 | 317A+119.1 | "Filed rate doctrine," applied in a variety of contexts, is grounded in an agency's exclusive rate-setting authority and, at its most basic, provides that state law, and some federal law, such as antitrust law, may not be used to invalidate a filed rate nor to assume a rate would be charged other than the rate adopted by the federal agency in question. | Can courts use state and federal law to invalidate a filed rate under the filed rate doctrine? | Electricity - Memo 54 - RK.docx | ROSS-003288982-ROSS-003288983 |
| Wayne Knorr v. Dep't of Transp., 973 A.2d 1061 | 13+61 | A party is first able to litigate a claim when the amount due under the claim is known and the claimant is able to prepare a concise and specific statement of his claim. | Is a party first able to litigate a claim when the amount due under the claim is known and the claimant is able to prepare a concise and specific statement of his claim? | Action - Memo # 70 - C - LK.docx | ROSS-003289107-ROSS-003289109 |
| Marshall v. D.C., 391 A.2d 1374 | 307A+486 | Unless party demonstrates prejudice by reliance on previous admissions, trial court should extend permission to withdraw or amend admissions. D.C.C.E. SCR, Civil Rule 36(b). | "Unless a party demonstrates prejudice by reliance on previous admissions, should  a trial court extend permission to withdraw or amend admissions?" | Pretrial Procedure - Memo # 3028 - C - SN.docx | ROSS-003289604-ROSS-003289605 |
| Pocahontas First Corp. v. Venture Planning Grp., 572 F. Supp. 503 | 170B+2792 | It is permissible for court to decide pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone; where this procedure is followed, plaintiff need make only a prima facie showing of jurisdiction through its affidavits to defeat motion to dismiss. | "If a court chooses to rule on a motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, need the party opposing the motion make only a prima facie showing of jurisdiction?" | Pretrial Procedure - Memo # 5602 - C - SS.docx | ROSS-003291336-ROSS-003291337 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tolman v. Underhill, 39 Cal. 2d 708 | 141E+997 | Laws passed by legislature under its general police power prevail over regulations made by regents of university of California with regard to matters which are not exclusively university affairs. | Do laws passed by the legislature under its general police power prevail over regulations made by regents of university? | Education - Memo #306 - C - ATS_64305.docx | ROSS-003294438-ROSS-003294439 |
| Mulgrew v. Spectraseis, 436 S.W.3d 798 | 307A+554 | When the legislature grants an administrative agency exclusive jurisdiction over a dispute, the district court lacks jurisdiction to the extent of the agency's exclusive authority to decide the dispute, and until the party has exhausted all administrative remedies, the trial court must dismiss without prejudice the claims within the agency's exclusive jurisdiction for lack of subject matter jurisdiction. | "When the legislature grants an administrative agency exclusive jurisdiction over a dispute, does the district court lack jurisdiction to the extent of the agency exclusive authority to decide the dispute? " | Pretrial Procedure - Memo # 10245 - C - NE_61750.docx | ROSS-003294646-ROSS-003294647 |
| Manning v. North, 82 S.W.3d 706 | 30+3206 | Power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review; thus, on appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Is the power of a trial court to dismiss for want of prosecution unbridled as it rests in the exercise of sound judicial discretion? | Pretrial Procedure - Memo 12221 - C - DHA_67594.docx | ROSS-003296382-ROSS-003296383 |
| Rhodes v. Blair, 919 S.W.2d 561 | 307A+3 | "In limine" is defined as "in or at the beginning," and motion in limine is designed to accomplish, at beginning of litigation, some purpose which may only be known by reference to the context thereof. | "Is in limine defined as ""in or at the beginning,"" and motion in limine is designed to accomplish, at beginning of litigation, some purpose which may only be known by reference to the context thereof? " | Pretrial Procedure - Memo # 528 - C - RY.docx | ROSS-003296752-ROSS-003296754 |
| Butler Univ. v. Bahssin, 892 So. 2d 1087 | 307A+695 | When a complaint fails to state a cause of action, the proper approach is for the trial court to allow leave to amend, not to dismiss the complaint with prejudice. West's F.S.A. RCP Rule 1.190(a). | "When a complaint fails to state a cause of action, is the proper approach for the trial court to allow leave to amend? " | Pretrial Procedure - Memo 12048 - C - PB_68456.docx | ROSS-003296835-ROSS-003296836 |
| Poff v. Elkins, 2014 Ark. App. 663 | 307A+3 | A trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory, tentative, or preliminary in nature. | "Is a trial court's ruling on a motion in limine a final ruling on the admissibility of the evidence in question, but only interlocutory, tentative, or preliminary in nature? " | Pretrial Procedure - Memo # 130 - C - ES.docx | ROSS-003297644-ROSS-003297645 |
| Turner v. 1212 S. Michigan P'ship, 355 Ill. App. 3d 885 | 307A+561.1 | A motion to dismiss based on claims being barred by other affirmative matters avoiding legal effect of or defeating the claims furnishes a mechanism for the disposition of issues of law and easily proved issues of fact; as such, it amounts essentially to a summary judgment procedure. S.H.A. 735 ILCS 5/2-619(a)(9). | Will a motion to dismiss furnish a mechanism for the disposition of issues of law and easily prove issues of fact? | Pretrial Procedure - Memo # 8855 - C - MS_59852.docx | ROSS-003297705-ROSS-003297706 |
| In re Jones, 534 B.R. 588 | 366+1 | Equitable subrogation may be used to remedy a situation in which, as result of mistake, a party stands to suffer unfair consequences. | May equitable subrogation be used to remedy a situation in which as a result of a mistake a party stands to suffer unfair consequences? | Subrogation - Memo 273 - ES.docx | ROSS-003298149-ROSS-003298150 |
| Citigroup Glob. Markets Inc. v. Abbar, 761 F.3d 268 | 25T+410 | Arbitration rules of an industry self-regulatory organization such as the Financial Industry Regulatory Authority (FINRA) are interpreted like contract terms; the organization's arbitration provision should thus be interpreted to give effect to the parties' intent as expressed by the plain language of the provision. | "Is the interpretation of the arbitration rules of an industry self-regulatory organization (or ""SRO""), similar to contract interpretation?" | Alternative Dispute Resolution - Memo 477 - RK.docx | ROSS-003300636-ROSS-003300638 |
| Shatswell v. Shatswell, 758 F. Supp. 662 | 34+34.2(1) | Soldiers' and Sailors' Civil Relief Act does not empower district court to collaterally review, vacate or impede decisions of state court. Soldiers' and Sailors' Civil Relief Act of 1940, S 1 et seq., 50 U.S.C.A.App. S 501 et seq. | "Does the Soldiers and Sailors Civil Relief Act empower district court to collaterally review, vacate or impede decisions of state court?" | 34 - 7.1 - Memo 198 - SNJ - 11.08.2017.docx | ROSS-003301885-ROSS-003301886 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| B & D Fabricators v. D.H. Blair Inv. Banking Corp., 220 Ga. App. 373 | 106+39 | Court has duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized to dismiss case against defendant where personal jurisdiction is lacking. | "Does a court have a duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized to dismiss a case against a defendant where personal jurisdiction is lacking?" | Pretrial Procedure - Memo # 5625 - C - NC.docx | ROSS-003302858-ROSS-003302859 |
| Jay Zabel & Assocs., Ltd. v. Compass Bank, 527 S.W.3d 545 | 307A+554 | A court should dismiss a lawsuit against a nonresident defendant if the exercise of personal jurisdiction lacks an adequate factual or legal basis. | Should a court dismiss a lawsuit against a nonresident defendant if the exercise of personal jurisdiction lacks an adequate factual or legal basis? | Pretrial Procedure - Memo # 5534 - C - KG.docx | ROSS-003303046-ROSS-003303047 |
| Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209 | 221+342 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine bar an American court from questioning the validity of the act of a foreign sovereign when that act is done within the sovereign's territory? | International Law - Memo 606 - TH.docx | ROSS-003303193-ROSS-003303195 |
| Vopalka v. Abraham, 260 Neb. 737 | 307A+560 | The phrase "shall stand dismissed," as used in statute authorizing dismissal of unserved action, means that an action is dismissed if six months pass from the filing of the petition without service upon the defendant. Neb.Rev.St. S 25-217. | "Is the language ""shall stand dismissed,"" as used in the statute authorizing the dismissal of an action unserved six months after the petition has been filed, mandatory and self-executing?" | Pretrial Procedure - Memo # 6914 - C - LN.docx | ROSS-003303392-ROSS-003303393 |
| Grant v. Friendly Chrysler-Plymouth, 612 S.W.2d 667 | 172H+93 | Failure to include sales taxes as part of "cash sale price" in automobile retail installment contract was de minimus and did not contravene intent of Consumer Credit Code. Vernon's Ann.Civ.St. art. 5069-7.01(f, h). | Is failure to include sales taxes as part of Cash Sale Price is de minimus and contravene intent of Consumer Credit Code? | Consumer Credit -Memo 113-DB_59232.docx | ROSS-003305834 |
| Hollander v. Nance, 888 So. 2d 1275 | 307A+581 | Although dismissal of action for want of prosecution because of the plaintiff's failure to appear at trial is a harsh sanction, it is warranted where there is a clear record of delay, willful default, or contumacious conduct by the plaintiff. | "Is dismissal of action for failure to prosecute or to comply with rules or order warranted when there is clear record of delay, willful default or contumacious conduct of plaintiff? " | Pretrial Procedure - Memo # 9237 - C - SN_61141.docx | ROSS-003307727-ROSS-003307728 |
| People v. Russell, 266 Mich. App. 307 | 203+540 | Lying-in-wait murder consists of three elements: (1) a concealment of purpose, (2) a substantial period of watching and waiting for an opportune time to act, and (3) immediately thereafter, a surprise attack on an unsuspecting victim from a position of advantage. West's Ann.Cal.Penal Code S 189. | Is concealment an element of lying-in-wait murder? | Homicide - Memo 127 - RK.docx | ROSS-003311658-ROSS-003311659 |
| Onstad v. Wright, 54 S.W.3d 799 | 307A+3 | When a trial court issues an order granting a motion in limine, the opposing party has a duty to comply with that order and to instruct the witnesses to do the same; noncompliance with that order may lead to contempt or other sanctions the trial court deems appropriate. | "When a trial court issues an order granting a motion in limine, does the opposing party have a duty to comply with that order and to instruct the witnesses to do the same?" | Pretrial Procedure - Memo  # 115 - C - ANC.docx | ROSS-003311670-ROSS-003311671 |
| Pulte Home Corp. v. Parex, 174 Md. App. 681 | 366+1 | The rationale underlying the doctrine of subrogation is to prevent the party primarily liable on the debt from being unjustly enriched when someone pays his debt. | Is the rationale underlying the doctrine of subrogation is to prevent the party primarily liable on the debt from being unjustly enriched when someone pays his debt? | Subrogation - Memo 546 C - SU.docx | ROSS-003315597-ROSS-003315599 |
| MMA Consultants 1 v. Republic of Peru, 245 F. Supp. 3d 486 | 221+342 | The act of state doctrine confers presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts; its applicability depends, in part, on whether judicial examination of the sovereign's act would embarrass or hinder the executive in the realm of foreign relations. | Does the act of state doctrine confer presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts? | International Law  - Memo # 110 - C - LK.docx | ROSS-003322281-ROSS-003322282 |
| State Farm Mut. Auto. Ins. Co. v. Johnson, 18 So. 3d 1099 | 366+1 | The doctrine of equitable subrogation is based on the policy that no person should benefit by another's loss, and it may be invoked wherever justice demands its application, irrespective of technical legal rules. | Is the doctrine of equitable subrogation based on the policy that no person should benefit by another's loss? | Subrogation - Memo 316 - RM C.docx | ROSS-003322878-ROSS-003322880 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In Matter of CUA Autofinder, 387 B.R. 906 | 366+1 | Under Georgia law, equitable subrogation requires a party to prove: (1) that it paid debt in order to protect its own interest; (2) that it was not acting as volunteer in making payment; (3) that it was not primarily liable for debt, (4) that entire debt was paid; and (5) that subrogation would not cause injustice to rights of third parties. | What does equitable subrogation require a party to prove? | Subrogation - Memo 291 - RM C.docx | ROSS-003325257-ROSS-003325258 |
| Rex v. Warner, 183 Kan. 763 | 13+61 | True test to determine when cause accrued is to ascertain when plaintiff could first have maintained his action to a successful result. | Is the true test to determine when cause accrued to ascertain when plaintiff could first have maintained his action to a successful result? | Action - Memo # 168 - C - CS.docx | ROSS-003325683-ROSS-003325684 |
| In re Team Rocket, 256 S.W.3d 257 | 307A+517.1 | Once a ruling is made on the merits, as in a summary judgment, that decision becomes final as to that issue and cannot be vitiated by nonsuiting and refiling the case. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Once a ruling is made on the merits, as in a summary judgment, does that decision become final as to that issue and cannot be vitiated by nonsuiting and refiling the case?" | Pretrial Procedure - Memo # 2350 - C - KG.docx | ROSS-003327051-ROSS-003327053 |
| Bucchere v. Brinker Int'l, 49 Conn. Supp. 441 | 307A+622 | A motion to dismiss is not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action and should not be granted on other than jurisdictional grounds. | Is a motion to dismiss not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action and should not be granted on other than jurisdictional grounds? | Pretrial Procedure - Memo # 5992 - C - SB.docx | ROSS-003328618-ROSS-003328619 |
| Mort v. United States, 86 F.3d 890 | 366+2 | Equitable subrogation is broad equitable remedy, and therefore it applies whenever one person, not acting as mere volunteer or intruder, pays debt for which another is primarily liable, and which in equity and good conscience should have been discharged by latter. | "Is ""subrogation"" an equitable remedy?" | Subrogation - Memo 180 - ANG C.docx | ROSS-003330114-ROSS-003330115 |
| Garza v. Citigroup Inc., 192 F. Supp. 3d 508 | 9+1 | Under Delaware law, an accounting is an equitable remedy that consists of the adjustment of accounts between parties and a rendering of a judgment for the amount ascertained to be due to either as a result; in other words, an accounting reflects a request for a particular type of remedy, rather than an equitable claim in and of itself. | Is accounting an equitable remedy? | 04767.docx | LEGALEASE-00077082-LEGALEASE-00077083 |
| Pressman v. Estate of Steinvorth, 860 F. Supp. 171 | 9+1 | Party seeking accounting must first establish: (1) relations of mutual and confidential nature; (2) money or property entrusted to defendant imposing upon him burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, demand for accounting and refusal. | What are the elements to establish a claim of accounting? | Account - Memo 5 - VP__16KbEM4aNHjA6SIRKDMiFP1TEHWNV7Hzx.docx | ROSS-000000003-ROSS-000000004 |
| State v. Ward, 172 Conn. 163 | 181+1 | Although the definitions of making a false writing and forgery are similar, the two crimes are distinct, and the principal factor distinguishing the two is that forgery involves the making of an instrument which appears to have been made by another without that person's consent. West's K.S.A. 21-5823(a)(1), 21-5824(a). | How is making false information different from forgery? | Forgery - Memo 3 - RMM.docx | LEGALEASE-00000150-LEGALEASE-00000151 |
| People v. Hunter, 331 Ill. App. 3d 1017 | 181+1 | The essential elements necessary to prove forgery are (1) a document apparently capable of defrauding another; (2) a making or altering of such document by one person in such manner that it purports to have been made by another; (3) knowledge by defendant that it has been thus made; (4) knowing delivery of the document, and (5) intent to defraud. | What is required to prove forgery under law? | 000142.docx | LEGALEASE-00115513-LEGALEASE-00115514 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Little v. State Indus. Comm'n, 1936 OK 817 | 181+1 | Forgery statute is aimed primarily at safeguarding confidence in genuineness of documents relied upon in commercial and business activity; such purpose underlies not only prohibition against forging false instrument but also against possessing or uttering such an instrument. W.S.A. 943.38. | What is the purpose of forgery statute? | Forgery - Memo 6 - RMM.docx | ROSS-003288087-ROSS-003288088 |
| Four States Realty Co. v. City of Baton Rouge, 309 So. 2d 659 | 414+1639 | The authority to enact zoning regulations flows from the police power of the various governmental bodies; zoning is a legislative function and courts will not and cannot substitute their wisdom for that of a legislative body or other zoning authority except when there is an abuse of discretion or an excessive use of power. | Is the authority to enact zoning regulations derived from the police power of a governing authority? | 000288.docx | LEGALEASE-00115742-LEGALEASE-00115743 |
| Strother v. Lexington Cty. Recreation Comm'n, 324 S.C. 611 | 277+3 | Generally, actual notice is synonymous with knowledge and may be subdivided into two categories, express and implied; express notice consists of general knowledge actually brought personally home, information which of itself gives actual notification, and implied notice consists of knowledge of facts so informing that a reasonably cautious person would then be led by them to the ultimate fact. | How is actual notice classified under the law? | 000283.docx | LEGALEASE-00115572-LEGALEASE-00115574 |
| Scientists' Inst. for Pub. Info. v. Atomic Energy Comm'n, 481 F.2d 1079 | 149E+595(1) | Statute which requires federal agencies to include a detailed environmental impact statement in every major recommendation or report on proposals for legislation and other major federal actions significantly affecting the quality of human environment is applicable to technological development programs. National Environmental Policy Act of 1969, S 102(2)(C), 42 U.S.C.A. S 4332(2)(C). | When do the courts require a federal agency to prepare an impact statement? | 003818.docx | LEGALEASE-00115774-LEGALEASE-00115775 |
| Adams, Kleemeier, Hagan, Hannah & Fouts, PLLC v. Jacobs, 158 N.C. App. 376 | 21+1 | A verified complaint may be treated as an affidavit if it: (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein. | Can a verified complaint be treated as an affidavit? | 07330.docx | LEGALEASE-00077609-LEGALEASE-00077610 |
| NAC Tex Hotel Co. v. Greak, 481 S.W.3d 327 | 20+1 | The doctrine of adverse possession itself is a harsh one, taking real estate from a record owner without express consent or compensation; before taking such a severe step, the law reasonably requires that the parties' intentions be very clear. Tex. Civ. Prac. & Rem. Code Ann. S 16.026(a). | Is the element of intention essential to prove adverse possession? | Adverse Possession - Memo 12- AKA.docx | LEGALEASE-00000871-LEGALEASE-00000872 |
| Jaffe v. Bank of America, N.A., 667 F.Supp.2d 1299 | 195+4 | An important aspect of a letter of credit is that it is subject to the "independence principle," which provides that, absent any fraud in connection with the letter of credit itself, the issuer's obligation to make payment to the beneficiary is independent of any party's performance on any other underlying contract; thus, a letter of credit can be distinguished from a guarantee since the issuer is primarily liable and cannot assert defenses available to the customer that arise from a breach in the underlying contract. | Is the independence principle an aspect of letter of credit? | 003947.docx | LEGALEASE-00115860-LEGALEASE-00115861 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Japan Gas Lighter Ass'n v. Ronson Corp., 257 F. Supp. 219 | 170B+2701 | The concepts of personal jurisdiction and of venue are closely related, but nonetheless distinct; often several district courts are competent to hear the matter and can assert jurisdiction over the defendant, and venue then is decisive as to where the suit may be brought. | Are personal jurisdiction and venue different concepts? | 004578.docx | LEGALEASE-00116044-LEGALEASE-00116046 |
| Kurek v. Luszcyk, 51 Misc. 3d 19 | 315+185 | Because a life tenant has the exclusive right to the property during her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land. | "Does the remainderman or reversioner have a right to possession or any present right of enjoyment, or tangible or physical ownership, of the land during the term of the life tenancy?" | 004244.docx | LEGALEASE-00115985-LEGALEASE-00115986 |
| Buttermilk Farms v. Planning & Zoning Comm'n of Town of Plymouth, 292 Conn. 317 | 414+1042 | In determining whether a particular regulation is within the authority of the town planning and zoning commission to enact, appellate courts do not search for a statutory prohibition against such an enactment; rather, appellate courts must search for statutory authority for the enactment. | Do the courts to search for a statutory prohibition for an enactment while determining whether a regulation was enacted within the authority of the enactor? | 05032.docx | LEGALEASE-00078109-LEGALEASE-00078110 |
| Miami Nat. Bank v. Knudsen, 300 F.2d 289 | 38+46 | Florida Accounts Receivable Act establishes a mandatory, exclusive system of perfecting assignments of accounts receivable, and failure to file requisite notice with Florida Secretary of State prevented perfection of assignment even though actual notice was given account debtors. F.S.A. SS 524.01 et seq., 524.02, 524.04; Bankr.Act, SS 60, sub. a(1), 101 et seq., 11 U.S.C.A. SS 96, sub. a(1), 501 et seq.; Laws Ala.1949, p. 503, S 7. | Does the Assignment of Accounts Receivable Act establish an exclusive system of perfecting assignments of accounts receivable? | Assignments - Memo 32 - JS.docx | ROSS-003281926-ROSS-003281927 |
| Misener Marine Construction Inc. v. Norfolk Dredging Co., 594 F.3d 832 | 16+121 | Attorneys' fees will be awarded to the prevailing party in maritime cases if (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees. | Are attorneys fees awarded to prevailing parties in admiralty cases? | 004063.docx | LEGALEASE-00116296-LEGALEASE-00116298 |
| Wall v. Airport Parking Co. of Chicago, 41 Ill. 2d 506 | 50+1 | In order to establish a bailor-bailee relationship there must be either an express agreement or agreement by implication, which may be gathered from the circumstances surrounding the transaction, such as the benefits to be received by the parties, their intentions, the kind of property involved, and the opportunities of each to exercise control over the property. | Does a bailor-bailee relationship require the existence of a contract? | 004292.docx | LEGALEASE-00116682-LEGALEASE-00116684 |
| Vallo v. Gayle Oil Co., 646 So. 2d 859 | 92+966 | When unconstitutionality of statute is specifically pled, claim must be raised in petition (the original petition, an amended and supplemental petition or petition in an incidental demand), exception, motion or answer; it cannot be raised in memorandum, opposition or brief as those documents do not constitute pleadings. LSA-C.C.P. art. 852. | Can constitutionality of a statute be challenged in a memorandum? | 004453.docx | LEGALEASE-00116578-LEGALEASE-00116579 |
| Hinkle v. Bauer Lumber & Home Bldg. Ctr., 158 W. Va. 492 | 106+40 | Whenever it is determined that a court has no jurisdiction to entertain subject matter of a civil action, forum court must take no further action in case other than to dismiss it from docket. R.C.P. rule 12(b)(1), (h)(2). | What action must a forum court take when it is determined that a court has no jurisdiction in a matter? | Venue - Memo 9 - RM.docx | LEGALEASE-00002253-LEGALEASE-00002254 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| CropLife Am. v. E.P.A., 329 F.3d 876 | 1.49E+18 | Environmental Protection Agency (EPA) directive that was included in agency press release, and that provided that the EPA, contrary to its established practice, would no longer consider or rely on any third-party human studies in its regulatory decisionmaking unless legally required to do so, was in nature of binding regulation, rather than a mere policy statement, which should not have been issued without notice of proposed rulemaking and opportunity for public comment; binding, determinative nature of this directive was not in any way altered by the "unless" clause, which merely contemplated the possibility of successful court challenge to disputed rule. | Will the Environmental Protection Agency (EPA) consider or rely on third party human studies in its regulatory decision making? | Environmental Law - Memo 48 - AKA.doc | ROSS-003285090-ROSS-003285091 |
| Envtl. Integrity Project v. E.P.A., 425 F.3d 992 | 1.49E+18 | Interpretation by Environmental Protection Agency (EPA) of a legislative rule cannot be modified without the notice and comment procedure that would be required to change the underlying regulation; otherwise, an agency could easily evade notice and comment requirements by amending a rule under the guise of reinterpreting it. | Can an interpretation to a regulation given by an agency modified only through the process of notice and comment rulemaking? | Environmental Law - Memo 47 - AKA.doc | LEGALEASE-00002694-LEGALEASE-00002696 |
| Erickson v. Dir., N. Dakota Dep't of Transp., 507 N.W.2d 537 | 48A+144.2(2.1) | Appeal from administrative hearing officer's decision involving license suspension is governed by Administrative Agencies Practices Act. NDCC 28-32-01 et seq., 39-20-04.1. | Does Administrative Agencies Practice Act govern an appeal from administrative hearing officer's decision involving a license suspension? | Administrative Law - Memo 28 - RM.docx | ROSS-003301543-ROSS-003301544 |
| Seureau v. ExxonMobil Corp., 274 S.W.3d 206 | 148+1 | A contract that restricts a governmental entity's freedom to decide whether to initiate eminent domain or condemnation proceedings would be illegal and void. | What is the effect of a contract that restricts a governmental entity's freedom to decide whether to initiate eminent domain? | Eminent Domain - Memo 24 - AKA.doc | LEGALEASE-00002817-LEGALEASE-00002818 |
| Pasternack v. Lab. Corp. of Am. Holdings, 807 F.3d 14 | 272+1692 | Under New York law, the definition of the existence and scope of an alleged tortfeasor's duty, as element of negligence claim, is usually a legal, policy-laden declaration reserved for judges to make prior to submitting anything to fact-finding or jury consideration. | Is the definition of the existence and scope of an alleged duty a legal issue for the court to resolve? | 005143.docx | LEGALEASE-00116959-LEGALEASE-00116960 |
| Peltz ex rel. Estate of Peltz v. Sears, Roebuck & Co., 367 F. Supp. 2d 711 | 170B+3053 | Arbitration is a matter of contract; if there is a written provision in a contract evidencing a transaction involving commerce to settle by arbitration any controversy, the contract falls within the scope of the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | How is it determined whether a written provision in a contract to settle by arbitration falls within the scope of the Federal Arbitration Act (FAA)? | 005212.docx | LEGALEASE-00116869-LEGALEASE-00116870 |
| Sokol Holdings v. BMB Munai, 542 F.3d 354 | 25T+112 | Persons are generally entitled to have their dispute settled by ruling of court of law, and it is essentially only by making commitment to arbitrate that one gives up this right of access to court of law in favor of arbitration. | How does a person give up the right to access the court of law in favor of arbitration? | Alternative Dispute Resolution - Memo 113 - JS.docx | ROSS-003284832-ROSS-003284833 |
| Sokol Holdings v. BMB Munai, 542 F.3d 354 | 25T+112 | Persons are generally entitled to have their dispute settled by ruling of court of law, and it is essentially only by making commitment to arbitrate that one gives up this right of access to court of law in favor of arbitration. | How can one give up the right of access to a court of law in favor of arbitration? | Alternative Dispute Resolution - Memo 98 - JS.docx | ROSS-003298151-ROSS-003298153 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Graphic Commc'ns Union, Chicago Paper Handlers' & Electrotypers' Local No. 2 v. Chicago Tribune Co., 779 F.2d 13 | 25T+139 | Doubts regarding the parties' intent to arbitrate should be resolved in favor of coverage but the duty to arbitrate is a contractual obligation, and federal courts lack the authority to compel a party to arbitrate in the absence of an agreement to do so. | How do courts resolve doubts regarding the parties' intent to arbitrate? | 004876.docx | LEGALEASE-00117136-LEGALEASE-00117137 |
| Shearson/Am. Exp. v. McMahon, 482 U.S. 220 | 25T+113 | Arbitration Act establishes federal policy favoring arbitration, requiring that courts rigorously enforce arbitration agreements, and courts' duty is not diminished when party bound by agreement raises claim founded on statutory rights. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) establish a federal policy favoring arbitration? | 004884.docx | LEGALEASE-00117144-LEGALEASE-00117146 |
| Circuit City Stores v. Adams, 279 F.3d 889 | 25T+134(1) | Pursuant to Federal Arbitration Act (FAA) provision that arbitration agreements shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract, federal courts determining the validity of an agreement to arbitrate should apply ordinary state-law principles that govern the formation of contracts; thus, although courts may not invalidate arbitration agreements under state laws applicable only to arbitration provisions, general contract defenses such as fraud, duress, or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements. 9 U.S.C.A. S 2. | Under state law can courts invalidate an arbitration agreement? | 004931.docx | LEGALEASE-00117177-LEGALEASE-00117179 |
| Hooters of Am. v. Phillips, 39 F. Supp. 2d 582 | 25T+137 | Although Federal Arbitration Act (FAA) manifests liberal federal policy favoring arbitration agreements, and questions of arbitrability must be addressed with regard for policy, FAA leaves interpretation of agreement to application of common law principles of contract law. 9 U.S.C.A. S 1 et seq. | How does the Federal Arbitration Act interpret an arbitration agreement? | 004934.docx | LEGALEASE-00117180-LEGALEASE-00117182 |
| Tri-Cty. Landfill Co. v. Illinois Pollution Control Bd., 41 Ill. App. 3d 249 | 1.49E+19 | State Pollution Control Board, in order to make valid determination that violation of Environmental Protection Act has been committed, is not required to make unfavorable finding as to each factor listed in statute. S.H.A. ch. 1111/212, S 1033(c). | Is an unfavorable finding under each Section 33(c) factor of the Environmental Protection Act required to make a valid determination that a violation has occured? | 005035.docx | LEGALEASE-00117219-LEGALEASE-00117220 |
| Letsinger v. Drury Coll., 68 S.W.3d 408 | 233+501 | Essentials of a landlord-tenant relationship are: (1) a reversion in the landlord; (2) the creation of an estate in the tenant either at will or for a term less than that which the landlord holds; (3) the transfer of exclusive possession and control of the premises, or a portion thereof, to the tenant; and (4) a contract, either express or implied, between the parties. | How is a landlord-tenant relationship created? | 005083.docx | LEGALEASE-00117237-LEGALEASE-00117238 |
| Kelly v. St. Mary Hosp., 778 A.2d 1224 | 272+202 | In order to establish a claim of negligence, the plaintiff has the burden of proving four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. | What are the elements that a plaintiff must establish to prevail in a negligence action? | 005131.docx | LEGALEASE-00117244-LEGALEASE-00117245 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Oklahoma, 636 F.3d 562 | 25T+200 | So long as parties have not specifically agreed to submit arbitrability question itself to arbitration, i.e., to arbitrate arbitrability, court will decide independently whether merits of parties' dispute is arbitrable; thus, party who has not agreed to arbitrate will normally have right to court's decision about merits of its dispute. | "When parties have agreed to arbitrate can courts decide the merits of a dispute, which parties have not agreed to arbitrate?" | 004864.docx | LEGALEASE-00117126-LEGALEASE-00117127 |
| Straube v. Bowling Green Gas Co., 360 Mo. 132 | 317A+146 | Public Service Commission is an administrative body only, and it has no power to exercise or perform a judicial function, or to promulgate an order requiring a pecuniary reparation or refund, and has no power to declare or enforce any principle of law or equity, and cannot determine damages. V.A.M.S. SS 393.110 et seq., 393.130; V.A.M.S. Const. art. 5, SS 1, 14. | Can a Public Service Commission promulgate an order requiring a pecuniary reparation or refund? | Administrative Law - Memo 157 - RK.docx | ROSS-003285426-ROSS-003285428 |
| Coggins v. Gregorio, 97 F.2d 948 | 233+501 | To constitute the relation of "landlord and tenant" there must be permission or consent on the part of the landlord, subordination of the tenant to the landlord's title and rights, a reversion in the landlord, an estate in the tenant, and the transfer of possession and control of the premises to the tenant under a contract express or implied. | Can a Landlord and Tenant relationship be created by an express or implied contract? | Landlord and Tenant - Memo 19 - RK.docx | ROSS-003282427-ROSS-003282428 |
| Robert Lawrence Co. v. Devonshire Fabrics, 271 F.2d 402 | 25T+113 | Any doubts as to construction of Arbitration Act ought to be resolved in line with its liberal policy of promoting arbitration both to accord with original intention of parties and to help ease congestion of court calendars. 9 U.S.C.A. SS 2, 3. | How do courts resolve a dispute when there is doubt as to the construction of the Arbitration Act? | 004921.docx | LEGALEASE-00117387-LEGALEASE-00117388 |
| Matter of Head, 204 B.R. 1022 | 315+40 | Under Alabama law, "chose in action" is personal right to demand money or property by action, and includes infinite variety of contracts, covenants, and promises which confer on one party right to recover personal chattel or sum of money from another by action. | Can a thing in action be termed as a right to demand money or property? | 005151.docx | LEGALEASE-00117357-LEGALEASE-00117359 |
| State Tax Comm'n v. Shor, 43 N.Y.2d 151 | 83T+8 | The ownership interest of a tenant shareholder in a cooperative apartment is sui generis; it reflects only an ownership of a proprietary lease and, therefore, arguably an interest in a chattel real which is, however, conditional on the tenant shareholder's interest in the cooperative corporation, an interest always treated as personal property. | Is a cooperative apartment personal property or real property? | Property - Memo 16 - JS.docx | ROSS-003285435-ROSS-003285437 |
| Groce v. Dep't of Envtl. Prot., 921 A.2d 567 | 1.49E+20 | Where a Department of Environmental Protection (DEP) decision is appealed to the Environmental Hearing Board (EHB), the EHB is required to conduct a hearing de novo to determine whether the evidence taken by the EHB can sustain the DEP's decision. | Is the Environmental Hearing Board (EHB) required to conduct a hearing de novo where a Department of Environmental Protection (DEP) decision is appealed to the EHB? | Environmental Law - Memo 79 - MS.docx | ROSS-003288246-ROSS-003288247 |
| Cummings v. Gen. Motors Corp., 365 F.3d 944 | 313A+119 | Under Oklahoma law, to establish a manufacturer's product liability, a plaintiff must prove that (1) the product was the cause of the injury, (2) the defect existed in the product at the time the product left the manufacturer's possession and control, and (3) the defect made the article unreasonably dangerous. | What are the elements to prove a claim of manufacturer's product liability? | 000636.docx | LEGALEASE-00117878-LEGALEASE-00117880 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Skolnick v. Martin, 32 Ill. 2d 55 | 302+2 | The Civil Practice Act was designed to eliminate formalized rules of common-law pleading and to provide a procedure whereby substantive rights could be determined with a minimum of delay, technicality and expense. | Does the Civil Practice Act eliminate the common law practice of pleading? | 000855.docx | LEGALEASE-00117887-LEGALEASE-00117888 |
| State v. Paglino, 319 S.W.2d 613 | 203+596 | In prosecution for murder on basis that a homicide was committed in perpetration of arson, in addition to proof of opportunity on part of accused to set the fire and that a fire occurred, there must be proof of circumstances from which jury would be authorized to find the further fact that such fire was of incendiary origin and that the accused was the incendiary. Section 559.010 RSMo 1949, V.A.M.S. | What are the elements of homicide by arson? | Homicide - Memo 29 - RK.docx | LEGALEASE-00004942-LEGALEASE-00004943 |
| Grand Traverse Band of Ottawa & Chippewa Indians v. Office of U.S. Atty. for W. Div. of Michigan, 369 F.3d 960 | 209+104 | Federal recognition of a tribe requires: (1) a legal basis for recognition, i.e. Congressional or Executive action, and (2) the empirical indicia of recognition, namely, a continuing political relationship with the group, such as by providing services through the Bureau of Indian Affairs. | How can an Indian tribe be federally recognized? | Indians - Memo 6 - JS.docx | LEGALEASE-00004966-LEGALEASE-00004968 |
| Palazzolo v. Mire, 10 So. 3d 748 | 76D+21 | Every child custody case must be viewed within its own particular set of facts; each case must be viewed in light of the child's age, the situation of the parents, and any other factor relevant to the particular case. LSA-C.C. art. 131. | Should every child custody case be viewed within its own particular set of facts? | 000894.docx | LEGALEASE-00118182-LEGALEASE-00118183 |
| F.E.R.C. v. Elec. Power Supply Ass'n, 136 S. Ct. 760 | 145+11(4) | Federal Energy Regulatory Commission's (FERC) authority under the FPA to regulate the interstate wholesale market for electricity is limited to rules or practices that directly affect the wholesale electricity rate. Federal Power Act, SS 205(da), 206(a), 16 U.S.C.A. SS 824d(a), 824e(a). | Does Federal Energy Regulatory Commission regulate the sale of electricity at wholesale in interstate commerce? | 05343.docx | LEGALEASE-00080838-LEGALEASE-00080841 |
| Modine Mfg. Co. v. Pollution Control Bd., 193 Ill. App. 3d 643 | 149E+678 | Legislature has vested the Pollution Control Board with broad discretionary powers in the imposition of civil penalties, and its order will not be disturbed upon review unless it is clearly arbitrary, capricious, or unreasonable. S.H.A. ch. 1111/212, P 1033(b). | Does the Pollution Control Board (PCB) have broad discretionary powers in imposing civil penalties? | 06675.docx | LEGALEASE-00080954-LEGALEASE-00080955 |
| Johnson Controls v. City of Cedar Rapids, Iowa, 713 F.2d 370 | 25T+113 | In determining whether putative arbitration clause requires arbitration of given subject, Court of Appeals must be guided by liberal federal policy favoring arbitration in contract governed by federal Arbitration Act, and any doubts about construction or breach of putative arbitration provision are to be resolved in favor of ordering arbitration. 9 U.S.C.A. S 4. | How do courts resolve doubts regarding the construction of a putative arbitration provision? | 001148.docx | LEGALEASE-00118385-LEGALEASE-00118386 |
| Town of Oronoco v. City of Rochester, 293 Minn. 468 | 148+1 | Balancing-of-public-interests test is adopted for resolution of conflicts which arise between exercise by governmental agencies of their police power and their right of eminent domain. | What test does the court adopt for resolving the conflicts between the exercise by governmental agencies of their police power and their right of eminent domain? | 001265.docx | LEGALEASE-00118342-LEGALEASE-00118343 |
| Terada v. Eli Lilly & Co., 2015 IL App (5th) 140170 | 401+2 | Second factor in determining transactional venue-where the cause of action springs into existence-considers, among other things, where any significant negotiations were carried on between the parties, where an agreement was signed, the place where itwas, or was supposed to be performed, or where matters occurred that plaintiff has the burden of proving. S.H.A. 735 ILCS 5/2-101. | What do the courts look for when considering where the cause of action arose in determining transactional venue? | 05863.docx | LEGALEASE-00080894-LEGALEASE-00080896 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dawdy v. Union Pac. R.R. Co., 207 Ill. 2d 167 | 401+52(1) | When the plaintiff is foreign, assumption that his or her choice is convenient is much less reasonable, for purposes of applying the doctrine of forum non conveniens; because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference. S.H.A. 735 ILCS 5/2-101. | Does a plaintiffs choice of forum deserve less deference when the plaintiff is foreign to his chosen forum? | 001653.docx | LEGALEASE-00118451-LEGALEASE-00118453 |
| Schattner v. Girard, 668 F.2d 1366 | 25T+138 | Although claims will not be barred unless they come within scope of an arbitration agreement, the strong federal policy in favor of voluntary commercial arbitration requires that the scope of such agreements not be read too narrowly. | Is there a strong federal policy in favor of voluntary commercial arbitration? | 001706.docx | LEGALEASE-00118750-LEGALEASE-00118752 |
| Stone v. Doerge, 245 F. Supp. 2d 878 | 25T+113 | Nothing in the Federal Arbitration Act overrides normal rules of contractual interpretation; the Act's goal was to put arbitration on a par with other contracts and eliminate any vestige of old rules disfavoring arbitration. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act override normal rules of contractual interpretation? | 001714.docx | LEGALEASE-00118759-LEGALEASE-00118761 |
| Thun v. City of Bonney Lake, 164 Wash. App. 755 | 148+277 | The federal final decision requirement for ripeness of a takings claim follows from the principle that only a regulation that "goes too far" results in a taking; a court cannot determine whether a regulation has gone "too far" unless it knows how far the regulation goes. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 16. | Is there a requirement following the principle that only a regulation that goes too far results in a taking? | Eminent Domain -Memo 77 - VP.docx | LEGALEASE-00006728-LEGALEASE-00006729 |
| Com. v. Casanova, 429 Mass. 293 | 203+510 | At common law, a defendant could not be prosecuted for murder unless his victim died within a year and a day of the act inflicting injury. | Can a defendant be prosecuted for murder or homicide if the victim died after a year and a day of the act inflicting injury? | 001556.docx | LEGALEASE-00118987-LEGALEASE-00118989 |
| Morrison v. Labor and Indus. Relations Com'n, 23 S.W.3d 902 | 289+501 | In the absence of a written contract creating a partnership, a partnership can be implied only if the purported partners have made a definite and specific agreement proved by cogent, clear and convincing evidence, or at least by a preponderance of the credible evidence. | What evidence is required to prove the existence of a partnership when there is no written partnership agreement? | 001565.docx | LEGALEASE-00118963-LEGALEASE-00118964 |
| Arnold v. Universal Oil Land Co., 45 Cal. App. 2d 522 | 157+48 | The courts must take judicial notice of the public and private official acts of the legislative, executive and judicial departments of the State of California and of the United States government, and of records of General Land Office of United States, and of regulations of Department of Interior. Code Civ.Proc. S 1875. | Does judicial notice aid pleading? | Pleading - Memo 65 - ANG.docx | ROSS-003289043-ROSS-003289045 |
| St. Marys v. Auglaize Cty. Bd. of Commrs., 115 Ohio St. 3d 387 | 317A+101 | Where an entity serves such a substantial part of the public that its rates, charges and methods of operation become a public concern, it can be characterized as a public utility. | "Can an entity serving a substantial part of the public causing its rates, charges and methods of operation to become a public concern, be characterized as a public entity?" | Public utilities  - Memo 14 - RM.docx | ROSS-003284976-ROSS-003284977 |
| St. Marys v. Auglaize Cty. Bd. of Commrs., 115 Ohio St. 3d 387 | 317A+101 | One of the most important attributes of a public utility is that it provides an essential good or service to the general public which has a legal right to demand or receive this good or service. | Does a public utility provide essential goods and services to the general public that has the legal right to demand or receive such goods? | Public utilities  - Memo 9-RM.docx | ROSS-003287281-ROSS-003287282 |
| Reynolds v. Menard, 365 Ill. App. 3d 812 | 249+20 | In action for malicious prosecution, "probable cause" is defined as a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged. | Is actual guilt or innocence of the accused required to establish the probable cause in a malicious prosecution claim? | 001809.docx | LEGALEASE-00118953-LEGALEASE-00118954 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hall v. IKEA Property Inc., 171 F.Supp.3d 634 | 302+4 | Under Michigan law, courts are not bound by the labels that parties attach to their claims; the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim. | Is a court bound by the label a party assigns to its claims? | 001874.docx | LEGALEASE-00118885-LEGALEASE-00118886 |
| Kelly v. Wolpoff & Abramson, L.L.P., 634 F. Supp. 2d 1202 | 25T+378 | Any Fair Debt Collection Practices Act (FDCPA) claim that consumer had against debt collector arising out of collector's alleged failure to formally seek court order compelling arbitration had to be made via motion to vacate, modify, or correct erroneous arbitration award, not via post-arbitration lawsuit; Federal Arbitration Act (FAA) provided exclusive remedy for challenging conduct tainting arbitration award, and FDCPA suit constituted impermissible collateral attack on arbitration award. 9 U.S.C.A. S 12; Fair Debt Collection Practices Act, S 802 et seq., 15 U.S.C.A. S 1692 et seq. | Does the Federal Arbitration Act (FAA) provide the exclusive remedy for challenging conduct that taints an arbitration award? | Alternative Dispute Resolution - Memo 237 - RK.docx | ROSS-003284506-ROSS-003284507 |
| Diaz v. Michigan Logistics Inc., 167 F. Supp. 3d 375 | 25T+114 | Discovery and a fact-intensive analysis is required for a determination of whether plaintiffs were independent contractors, rather than employees subject to a contract of employment for purposes of the Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Is discovery and fact-intensive analysis required to determine whether the Plaintiff is an employee or independent contractor? | 002143.docx | LEGALEASE-00119103-LEGALEASE-00119104 |
| Shearson Hayden Stone v. Liang, 493 F. Supp. 104 | 83+80.5 | Interstate commerce is necessary basis for application of United States Arbitration Act and contract or agreement not predicated upon interstate commerce must be governed by state arbitration law. 9 U.S.C.A. SS 1, 2. | can a contract or agreement not predicated upon interstate commerce be governed under the Federal Arbitration Act? | Alternative Dispute Resolution - Memo 249 - RK.docx | LEGALEASE-00006967-LEGALEASE-00006968 |
| Shearson Hayden Stone v. Liang, 493 F. Supp. 104 | 83+80.5 | Interstate commerce is necessary basis for application of United States Arbitration Act and contract or agreement not predicated upon interstate commerce must be governed by state arbitration law. 9 U.S.C.A. SS 1, 2. | Can a contract or agreement not predicated upon interstate commerce be governed under the Federal Arbitration Act? | Alternative Dispute Resolution - Memo 249 - RK.docx | ROSS-003286256-ROSS-003286257 |
| Roodveldt v. Merrill Lynch, Pierce, Fenner & Smith, 585 F. Supp. 770 | 83+80.5 | Interstate commerce is necessary basis for application of Federal Arbitration Act, and contract or agreement not predicated upon interstate commerce must be governed by state arbitration law. 9 U.S.C.A. S 1 et seq. | Can a contract or agreement not predicated upon interstate commerce be governed under the Federal Arbitration Act? | 002147.docx | LEGALEASE-00119107-LEGALEASE-00119108 |
| Pollack v. Hogan, 703 F.3d 117 | 393+555 | It is a prerequisite to the maintenance of any action for specific relief that the plaintiff claim an invasion of his legal rights, either past or threatened; if he does not, he has not stated a cause of action; this is true whether the conduct complained of is sovereign or individual. | Is it a prerequisite to the maintenance of any action for specific relief that the plaintiff claims an invasion of his legal rights? | Action - Memo 25 - MS.docx | ROSS-003284085-ROSS-003284086 |
| Moss v. People's California Hydro-Elec. Corp., 134 Or. 227 | 145+6 | Company supplying electricity may trim branches of trees interfering with wires, if necessary for safety and enjoyment of franchise privileges. | Can company supplying electricity trim branches of trees interfering with wires if necessary for safety and enjoyment of franchise privileges? | 002189.docx | LEGALEASE-00119321-LEGALEASE-00119322 |
| Vargas v. Spirit Delivery & Distribution Servs., 245 F. Supp. 3d 268 | 231H+2178 | The independent contractor provision of the Massachusetts Wage Act (MWA) establishes a standard to determine whether an individual performing services for another shall be deemed an employee or independent contractor for purposes of Massachusetts wage statutes. Mass. Gen. Laws Ann. ch. 149, S 148B. | What is the purpose of establishing an independent contractor statute? | 003238.docx | LEGALEASE-00119176-LEGALEASE-00119178 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Arceo v. City of Junction City, Kansas, 182 F. Supp. 2d 1062 | 249+22 | Persons supplying information to a public prosecutor will not be liable for malicious prosecution under Kansas law when the prosecutor initiates criminal proceedings, if the person supplies the information in good faith and represents all the information available to the informant through diligent effort. Restatement (Second) of Torts S 653 comment. | Will an informer to a public prosecutor be liable for malicious prosecution upon the instigation of criminal proceedings by the prosecutor? | 002926.docx | LEGALEASE-00119456-LEGALEASE-00119457 |
| Lefoldt for Natchez Reg'l Med. Ctr. Liquidation Tr. v. Horne, L.L.P., 853 F.3d 804 | 25T+140 | Even if another provision of the parties' contract, or the contract as a whole, is invalid, unenforceable, voidable, or void, that does not prevent a court from enforcing a specific agreement to arbitrate because, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. | Is an arbitration clause severable from the remainder of the contract? | 002790.docx | LEGALEASE-00119725-LEGALEASE-00119726 |
| Omstead v. Dell, 533 F. Supp. 2d 1012 | 25T+116 | Where an arbitration agreement contains a choice-of-law clause, the court must apply the appropriate analysis to determine which state's laws govern the validity of the agreement to arbitrate. 9 U.S.C.A. S 1. | How do courts determine which state's laws govern the validity of an agreement to arbitrate when there is a choice-of-law clause? | 002806.docx | LEGALEASE-00119741-LEGALEASE-00119742 |
| Henson v. Nat'l Aeronautics & Space Admin., 14 F.3d 1143 | 170B+3071(2) | Determination of whether employee was acting within scope of employment for purposes of Federal Tort Claims Act is question of law, not fact, made in accordance with law of state where conduct occurred. 28 U.S.C.A. S 2679(d)(1). | Is the determination of whether an employee was acting within the scope of his employment a question of law or a question of fact? | 003266.docx | LEGALEASE-00119560-LEGALEASE-00119562 |
| San Jacinto Life Ins. Co. v. Boyd, 214 S.W. 482 | 101+2529 | A "cause of action," within Rev.St. art. 1830 (Vernon's Ann.Civ.St. art. 1995), providing that suits against private corporations may be commenced in any county in which the cause of action arose, is not confined to the genesis of the right, and does not comprise every piece of evidence which is necessary to prove each fact, but it embraces every fact necessary to be shown in order to recover. | Does a cause of action need to embrace every fact necessary to be shown in order to recover? | 002444.docx | LEGALEASE-00119910-LEGALEASE-00119912 |
| In re Alfred H.H., 233 Ill. 2d 345 | 13+6 | Under the public interest exception to the mootness doctrine, a court may consider an otherwise moot case when (1) the question presented is of a public nature, (2) there is a need for an authoritative determination for the future guidance of public officers, and (3) there is a likelihood of future recurrence of the question. | Will the public interest exception permits review of an otherwise moot appeal or case? | 002493.docx | LEGALEASE-00119964-LEGALEASE-00119965 |
| In re Trampush, 552 B.R. 817 | 366+1 | Under Wisconsin law, subrogation is an equitable doctrine intended to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Does subrogation avoid unjust enrichment? | 002543.docx | LEGALEASE-00119970-LEGALEASE-00119971 |
| Young Men's Bldg. Ass'n v. Ware, 158 Ark. 137 | 366+1 | The doctrine of subrogation is equitable, having for its basis the doing of complete and perfect justice between the parties without regard to form, and its purpose and object is the prevention of injustice. | Does the doctrine of subrogation have its basis in the doing of complete and perfect justice between the parties without regard to form? | 002574.docx | LEGALEASE-00120103-LEGALEASE-00120105 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Casa de Cambio Comdiv S.A. de C.V. v. United States, 48 Fed. Cl. 137 | 393+1010 | Under the Tucker Act, illegal exaction jurisdiction lies in the Court of Federal Claims where a plaintiff has paid money over to the government, directly or in effect, and seeks return of all or part of that sum arguing that it was improperly paid, exacted, or taken from it in contravention of the Constitution, a statute, or a regulation. 28 U.S.C.A. S 1491(a)(1). | When does an illegal exaction occur under the law? | 002732.docx | LEGALEASE-00120219-LEGALEASE-00120221 |
| Clark v. D.C., 241 F. Supp. 3d 24 | 249+34 | Under District of Columbia law, a plaintiff must show termination of the underlying suit in the plaintiff's favor in order to prevail on a claim for malicious prosecution; in this context, the termination must reflect on the merits of the underlying action. | Is it necessary for the Plaintiff to show termination of the underlying suit in their favor to prevail on a claim for malicious prosecution? | Malicious Prosecution - Memo 79 - RK.docx | ROSS-003283931-ROSS-003283932 |
| Zimmerman v. Al Jazeera Am., 246 F. Supp. 3d 257 | 237+6(1) | Under District of Columbia law, to evaluate whether a statement is capable of defamatory meaning, courts employ a two-part framework that asks (1) whether a communication is capable of bearing a particular meaning, and (2) whether that meaning is defamatory, after which the jury determines whether the communication was in fact so understood by its recipient. | What is the role of the Court and jury in determining the defamatory meaning of a statement? | Libel and Slander - Memo 140 - RK.docx | ROSS-003284544-ROSS-003284546 |
| In re Healthcare Am. Med. Grp., 289 B.R. 442 | 366+1 | To invoke the doctrine of equitable subrogation under Florida law, a party must establish that: (1) the party paid the debt, (2) the party had a liability, right, or fiduciary relationship which equated a direct interest in discharging the debt or lien, and (3) no injustice is visited on the other party by applying equitable subrogation. | When can the doctrine of equitable subrogation be invoked? | 003580.docx | LEGALEASE-00120386-LEGALEASE-00120387 |
| Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362 | 366+1 | "Conventional subrogation" occurs where one having no interest or any relation to matter pays debt of another, and by agreement is entitled to rights and securities of creditor so paid; it can take effect only by agreement and has been said to be synonymous with assignment. | How can conventional subrogation take effect? | Subrogation - Memo 60 - RM C.docx | ROSS-003316297-ROSS-003316298 |
| Miccosukee Tribe of Indians of Florida v. Cypress, 2013 WL 2158422 | 209+222 | Indian tribes have inherent power to determine tribal membership, to regulate domestic relations among members, to prescribe rules of inheritance for members, and to punish tribal offenders. | Does an Indian tribe retain power to regulate tribal membership and domestic relations among members? | Indians - Memo 48 - BP.docx | LEGALEASE-00010443-LEGALEASE-00010444 |
| Payne v. E. Liberty Spear Co., 323 Pa. 100 | 249+42 | Principal may be held liable for agent's act in instituting malicious prosecution, but agent's act becomes that of principal only when expressly authorized or when authority may fairly be inferred from nature and scope of employment, and authority to arrest or prosecute does not arise from mere fact of agency. | When can a principal be held liable for the act of his agent in instituting a malicious prosecution? | Malicious Prosecution - Memo 87 - AKA.docx | ROSS-003296276-ROSS-003296277 |
| Oravek v. Cmty. Sch. Dist. 146, 264 Ill. App. 3d 895 | 307A+679 | In considering motion to dismiss for failure to state cause of action, Appellate Court must take all well-pleaded facts as true, but must also disregard mere conclusions of law or fact unsupported by facts alleged, and bare characterization of certain acts as wilful and wanton misconduct is not sufficient to withstand motion to dismiss because such misconduct must be manifested by facts alleged in complaint. S.H.A. 735 ILCS 5/2-615. | Is the characterization of certain acts as willful and wanton misconduct sufficient to withstand a motion to dismiss? | 003474.docx | LEGALEASE-00120873-LEGALEASE-00120874 |
| Villarreal v. Harris Cty., 226 S.W.3d 537 | 148+1 | "Eminent domain" refers to the power to take private property for public use by the state, municipalities, and private persons or corporations authorized to exercise functions of state power. | Is the State's intentional act of taking property for public use an exercise of its eminent domain powers? | 017350.docx | LEGALEASE-00120758-LEGALEASE-00120759 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kansas Gas & Elec. Co. v. State Corp. Comm'n, 239 Kan. 483 | 317A+146 | State Corporation Commission has been granted by legislature full and exclusive authority and jurisdiction to supervise, control, and regulate public utilities of the state, and, when acting in exercise of its delegated powers, is not acting as quasi-judicial body, but rather is performing a legislative function. | Is the regulation of public utilities legislative in nature? | 042579.docx | LEGALEASE-00121005-LEGALEASE-00121006 |
| One Bluff Drive v. K.A.P., 330 Ga. App. 45 | 307A+3 | By its very nature, grant of motion in limine excluding evidence suggests that there is no circumstance under which evidence under scrutiny is likely to be admissible at trial, and in light of that absolute, grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | Does a grant of motion in limine excluding evidence suggest that there is no circumstance under which evidence under scrutiny is likely to be admissible at trial? | Pretrial Procedure - Memo # 129 - C - ES.docx | ROSS-003298983-ROSS-003298984 |
| Houle v. Sch. Dist. of Ashland, 267 Wis. 2d 708 | 366+1 | "Legal subrogation," also known as equitable subrogation, derives from doctrine of preventing unjust enrichment, and it applies when person other than mere volunteer pays debt that in equity and good conscience, another should pay. | Is equitable subrogation related to or derived from the equitable principle against unjust enrichment? | 043658.docx | LEGALEASE-00121123-LEGALEASE-00121124 |
| Acuity v. McGhee Eng'g, 297 S.W.3d 718 | 366+1 | Equitable subrogation is based on the principle that substantial justice should be attained regardless of form, that is, its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form. | Is equitable subrogation based on the principle that substantial justice should be attained regardless of form? | 043691.docx | LEGALEASE-00121308-LEGALEASE-00121310 |
| Travelers Cas. & Sur. Co. v. Am. Equity Ins. Co., 93 Cal. App. 4th 1142 | 366+1 | The doctrine of "equitable subrogation" is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | Is the right of subrogation purely derivative? | Subrogation - Memo # 480 - C - SA.docx | ROSS-003308623-ROSS-003308625 |
| Neu v. Gibson, 928 N.E.2d 556 | 366+17 | In considering whether to order subrogation and, thus, bypass the general principle of priority, courts base their decisions on the equities, particularly the avoidance of windfalls and the absence of any prejudice to the interests of junior lienholders. | What must courts consider when deciding to order subrogation? | 043777.docx | LEGALEASE-00121649-LEGALEASE-00121650 |
| Patients Comp. Fund v. Lutheran Hosp.-LaCrosse, 223 Wis. 2d 439 | 366+1 | Subrogation rights arise by operation of law when a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Does the right to subrogation arise when a person other than a mere volunteer pays a debt which should be satisfied by another? | Subrogation - Memo # 522 - C - NO.docx | ROSS-003297702-ROSS-003297704 |
| W. Am. Ins. Co. v. Yellow Cab Co. of Orlando, 495 So. 2d 204 | 366+1 | "Subrogation" provides an equitable remedy for restitution to one who in performance of some duty has discharged a legal obligation which should have been met, either wholly or partially, by another. | "Does equitable subrogation apply when a legal obligation ought to have been met, either wholly or partially, by another?" | Subrogation - Memo # 614 - ANG C.docx | ROSS-003287406-ROSS-003287407 |
| S. Ry. Co. v. Overnite Transp. Co., 223 Ga. 825 | 366+1 | Legal subrogation takes place as a matter of equity, without any agreement to that effect made with the person paying the debt, and is independent of both creditor and debtor. | "Does legal subrogation take place as a matter of equity, without any agreement to that effect?" | Subrogation - Memo # 616 - ANG C.docx | ROSS-003285051-ROSS-003285052 |
| Wasko v. Manella, 269 Conn. 527 | 366+1 | The right of legal or equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | "Does legal subrogation take place as a matter of equity, without any agreement to that effect?" | 043916.docx | LEGALEASE-00121164-LEGALEASE-00121165 |
| Middlebrook Tech v. Moore, 157 Md. App. 40 | 366+7(1) | Ultimate liability rests upon the principal obligor rather than the surety, but the obligee has a remedy against both; the surety, however, becomes subrogated to the rights of the obligee when the surety pays the debt for the principal obligor. | Does the surety become subrogated to the rights of the obligee when the surety pays the debt for the principal obligor? | 044001.docx | LEGALEASE-00121344-LEGALEASE-00121345 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Family Ins. Grp. v. Cleveland, 356 Ill. App. 3d 945 | 366+32 | Under the doctrine of "subrogation," a person who has paid a debt for which another is primarily liable succeeds to the rights of the person whose debt has been paid in relation to the debt or claim; it includes every instance in which one person, not a mere volunteer, pays a debt for which another is primarily liable and in which equity and good conscience should have been paid by the latter. | "Under the doctrine of ""subrogation,"" does a person who has paid a debt for which another is primarily liable succeed to the rights of the person whose debt has been paid in relation to the debt or claim?" | Subrogation - Memo # 694 - C - SA.docx | ROSS-003311619-ROSS-003311620 |
| In re Climate Control Mech. Servs., 570 B.R. 673 | 366+7(2) | When, upon default of contractor, surety pays all the bills of the job to date and completes the job, surety stands in shoes of contractor insofar as there are receivables due it, in the shoes of laborers and materialmen who have been paid by surety, who may have liens, and in the shoes of the government, for whom job was completed. | Is a surety who pays claims of laborers and materialmen only entitled to stand in shoes of those laborers and materialmen who might have had liens but for the surety's payment? | 044081.docx | LEGALEASE-00121712-LEGALEASE-00121713 |
| Wetzler v. Cantor, 202 B.R. 573 | 366+7(1) | Subrogation doctrine establishes right of surety who pays debt of another to assert all rights of person surety paid to enforce surety's right to be reimbursed. | Does the subrogation doctrine establish a right of a surety who pays the debt of another to assert all rights of the person surety paid to enforce surety's right to be reimbursed? | Subrogation - Memo # 731 - C - SU.docx | ROSS-003324528-ROSS-003324529 |
| Pearlman v. Reliance Ins. Co., 371 U.S. 132 | 366+7(1) | Surety paying debt of another is, by doctrine generally known as "subrogation," entitled to all rights of person paid to enforce his right to be reimbursed. | Does the subrogation doctrine establish a right of a surety who pays the debt of another to assert all rights of the person surety paid to enforce surety's right to be reimbursed? | 044130.docx | LEGALEASE-00121774-LEGALEASE-00121775 |
| Gardner v. Shearson, Hammill & Co., 433 F.2d 367 | 25T+415 | Under Securities Exchange Act of 1934, voluntary submission to arbitration of existing controversy is valid and, absent fraud or basic fault in arbitration proceedings, such proceedings are valid. | Is the voluntary submission to arbitration of an existing controversy valid under the Securities Exchange Act of 1934? | 007062.docx | LEGALEASE-00122406-LEGALEASE-00122407 |
| Kruse v. AFLAC Int'l, 458 F. Supp. 2d 375 | 25T+121 | District court's duty to enforce arbitration agreement under the Federal Arbitration Act (FAA) is not diminished when party bound by the agreement raises claims arising from statutory rights. 9 U.S.C.A. S 1 et seq. | Does a district court's duty to enforce an arbitration agreement diminish when a party to the agreement asserts a statutory claim? | Alternative Dispute Resolution - Memo 378 - RK.docx | ROSS-003298867-ROSS-003298869 |
| Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, 7 F.3d 1110 | 25T+121 | Statutory ERISA claims are subject to arbitration under Federal Arbitration Act (FAA) when parties have executed valid arbitration agreement encompassing claims at issue; overruling Barrowclough v. Kidder, Peabody & Co., Inc., 752 F.2d 923. 9 U.S.C.A. SS 1, 2; Employee Retirement Income Security Act of 1974, S 2 et seq., 29 U.S.C.A. S 1001 et seq. | Are Employee Retirement Income Security Act (ERISA) claims subject to arbitration? | 007087.docx | LEGALEASE-00122431-LEGALEASE-00122432 |
| State v. DeJesus, 260 Conn. 466 | 110+1038.1(4) | In murder prosecution, trial court's reading of entire definition of intent did not violate defendant's right to due process or deprive defendant of fair trial, and as such, his claim of instructional error did not satisfy Golding test, holding that defendant can prevail on unpreserved claim of constitutional error if certain conditions are met; court stated on at least six separate occasions that, for jury to find defendant guilty of murder, state had to prove that defendant specifically intended to cause victim's death, and this repeated instruction eliminated possibility of juror confusion with respect to intent. U.S.C.A. Const.Amend. 14; C.G.S.A. S 53a-3 (11). | Does the state have to prove the defendants intent to cause the death of another in order to secure a conviction for murder? | 019329.docx | LEGALEASE-00122448-LEGALEASE-00122449 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. Clark, 42 Cal. 180 | 260+97 | Where there are no partnership articles, mining partnerships are governed by the law of ordinary partnerships, except so far as the general usage of persons engaged in similar pursuits or the established practice of the particular company has established a different rule; the only differences generally existing being such as flow from the fact that in such partnerships there is no delectus personae. | Are mining partnerships governed by the laws of ordinary partnerships? | 021837.docx | LEGALEASE-00122498-LEGALEASE-00122499 |
| Premium Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557 | 307A+3 | A "motion in limine" filed in a civil case is generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules. | Is a pretrial motion in limine used generally as a substitute for evidentiary objections at trial? | 024025.docx | LEGALEASE-00121928-LEGALEASE-00121929 |
| Kinda v. Carpenter, 203 Cal. Rptr. 3d 183 | 307A+3 | Motions in limine are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Are motions in limine designed to facilitate the management of a case by deciding difficult evidentiary issues in advance of trial? | 024035.docx | LEGALEASE-00121962-LEGALEASE-00121963 |
| Amtower v. Photon Dynamics, 158 Cal. App. 4th 1582 | 307A+3 | In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Are in limine motions designed to facilitate the management of a case by deciding difficult evidentiary issues in advance of trial? | Pretrial Procedure - Memo  # 107 - C - SJ.docx | LEGALEASE-00012042-LEGALEASE-00012043 |
| In re Estate of McCreath, 240 P.3d 413 | 307A+2 | At any time after the last required pleading, with or without supporting affidavits, a party may move for determination of a question of law. Rules Civ.Proc., Rule 56(h). | "Can a party move for determination of a question of law at any time after the last required pleading, with or without supporting affidavits?" | Pretrial Procedure - Memo  # 170 - C - CRB.docx | ROSS-003324288-ROSS-003324289 |
| Huckaby v. A.G. Perry & Son, 20 S.W.3d 194 | 307A+3 | Rule permitting trial court to hear objections to "offered evidence" out of the presence of the jury and rule on its admissibility does not prevent a trial court from conducting a pretrial hearing or a hearing outside the presence of the jury on evidence that is contemplated to be offered. Rules of Evid., Rule 103(a)(1). | Does a rule permitting a trial court to hear objections to offered evidence out of the presence of the jury and rule on its admissibility prevent a trial court from conducting a pretrial hearing? | 024117.docx | LEGALEASE-00121986-LEGALEASE-00121987 |
| Taylor v. Dowling Gosslee & Assocs., 22 So. 3d 246 | 307A+3 | A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court; this great discretion extends to the trial court's assessment of the probative value of evidence. | Does a motion in limine present an evidentiary matter that is subject to the great discretion of the trial court? | Pretrial Procedure - Memo  # 90 - C - JTB.docx | ROSS-003296504-ROSS-003296505 |
| In re ADL Contracting Corp., 184 B.R. 436 | 366+7(1) | Once surety satisfies its obligation under payment or performance bond, surety accedes by equitable doctrine of subrogation to rights of party whose rights were satisfied by its performance under bond. | "Once a surety satisfies its obligation under a payment or performance bond, does the surety accede by the equitable doctrine of subrogation to the rights of a party whose rights were satisfied by its performance under bond?" | Subrogation - Memo # 918 - C - CAR.docx | ROSS-003282821-ROSS-003282822 |
| Lesikar v. EOG Res., 236 S.W.3d 457 | 13+61 | When obligations are ongoing, such as the duty to make periodic payments of money, claims for their breach normally do not accrue until default occurs, and without default, there is no claim. | "Do claims for breach normally accrue when obligations are ongoing, such as the duty to make periodic payments of money?" | 05182.docx | LEGALEASE-00084894-LEGALEASE-00084895 |
| Smith v. Minnesota Mut. Life Ins. Co., 86 Cal. App. 2d 581 | 13+61 | The term "accrue" as applied to cause of action means to arrive, to commence, to come into existence, to become a present enforceable demand. | "Does the term ""accrue"" mean to arrive, to commence, to come into existence, to become a present enforceable demand?" | 005496.docx | LEGALEASE-00123801-LEGALEASE-00123802 |
| Perez v. Todd Shipyards Corp., 999 S.W.2d 31 | 13+61 | Cause of action accrues when the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. | Does the cause of action accrue when the plaintiff has known or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury? | Action - Memo # 128 - C - CS.docx | ROSS-003299141-ROSS-003299142 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Louviere v. State, Louisiana Dep't of Educ., 2004-1897 (La. App. 1 Cir. 9/23/05), 923 So. 2d 146 | 401+2 | A cause of action accrues when a party has the right to sue for purposes of statute providing that all suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises. LSA-R.S. 13:5104(A). | Does a cause of action arise when plaintiff has right to sue? | 005523.docx | LEGALEASE-00123839-LEGALEASE-00123840 |
| In re Weinberger's Estate, 203 Neb. 674 | 13+61 | Cause of action in contract accrues at time of breach or failure to do thing agreed to, irrespective of any knowledge on part of plaintiff or of any actual injury occasioned him, but not until then. | Does a cause of action in contract accrue at time of breach or failure to do a thing agreed to? | Action - Memo # 138 - C - CS.docx | ROSS-003312467-ROSS-003312469 |
| Hanes Dye & Finishing Co. v. Caisson Corp., 309 F. Supp. 237 | 13+61 | It is act by which duty is breached and not ensuing damages which gives rise to cause of action, and cause of action whether in tort or contract accrues upon breach of duty owed by one to another. | "Is it the act by which duty is breached, and not ensuing damages, which gives rise to cause of action?" | Action - Memo # 178 - C - CS.docx | ROSS-003298668-ROSS-003298669 |
| Matthieu v. Piedmont Nat. Gas Co., 269 N.C. 212 | 241+43 | When right of party is once violated, even if ever so small a degree, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete. G.S. S 1-52. | "If the right of a party is once violated, does the injury at once spring into existence and the cause of action get completed?" | Action - Memo # 30 - C - LK.docx | ROSS-003326547-ROSS-003326549 |
| Paradisiotis v. United States, 49 Fed. Cl. 16 | 148+13 | A regulation that burdens private property may constitute a taking if not reasonably necessary to the effectuation of a substantial public purpose. U.S.C.A. Const.Amend. 5. | Does a regulation that burdens private property constitute a taking if not reasonably necessary to the effectuation of a substantial public purpose? | Eminent Domain - Memo 219 - GP.docx | ROSS-003287074-ROSS-003287075 |
| McKeel v. Islamic Republic of Iran, 722 F.2d 582 | 221+140 | Territory is a primary basis for jurisdiction and a state may prescribe and enforce a rule of law for conduct occurring in territory under that state's sovereignty. | Is territory a primary basis for jurisdiction and can a state prescribe and enforce a rule of law for conduct occurring in territory under that state's sovereignty? | International Law - Memo # 12 - C - LK.docx | LEGALEASE-00013025-LEGALEASE-00013027 |
| Yousuf v. Samantar, 552 F.3d 371 | 221+151 | Head-of-state immunity is a doctrine of customary international law pursuant to which an incumbent head of state is immune from the jurisdiction of a foreign state's courts. | "Is head-of-state immunity, a doctrine of customary international law pursuant to which an incumbent head of state is immune from the jurisdiction of a foreign state's courts?" | 019916.docx | LEGALEASE-00123582-LEGALEASE-00123583 |
| O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449 | 221+343 | Where conduct of defendant has been compelled by foreign government, defendant is entitled to assert the defense of foreign government compulsion and act of state doctrine is applicable. | "Where conduct of the defendant has been compelled by a foreign government, is a defendant entitled to assert the defense of foreign government compulsion and is the act of state doctrine applicable?" | International Law - Memo # 406 - C - MLS.docx | ROSS-003302499-ROSS-003302500 |
| United States v. Funmaker, 10 F.3d 1327 | 221+342 | "Act of state doctrine" dictates that courts will not sit in judgment of acts of another country done within that country's territory; courts apply the act of state doctrine if deciding a case might frustrate the conduct of foreign relations by political branches of the government. | Does the act of state doctrine dictate that courts will not sit in judgment of acts of another country done within that country's territory? | 020382.docx | LEGALEASE-00123741-LEGALEASE-00123742 |
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 221+342 | Even if elements of act of state doctrine are present, court may still choose not to apply the doctrine where the policies underlying the doctrine militate against its application. | May a court choose to apply the act of state doctrine where the policies underlying the doctrine militate against its application? | International Law - Memo 322 - RK.docx | ROSS-003316776-ROSS-003316778 |
| Doe v. Roman Catholic Diocese of Galveston-Houston, 408 F. Supp. 2d 272 | 221+151 | Although not every case impacting foreign affairs is nonjusticiable, cases involving foreign heads of state are routinely found nonjusticiable or justiciable but subject to absolute immunity for the foreign heads of state. | Are cases involving foreign heads of state routinely found nonjusticiable or justiciable? | 020925.docx | LEGALEASE-00123213-LEGALEASE-00123214 |
| George Lawrence v. Brodie, 302 Mass. 557 | 302+8(5) | A general averment that a defendant owes a plaintiff is a mere statement of a conclusion of law from facts previously stated and is not an allegation of a distinct substantive fact and is not admitted on demurrer. | Is an averment that a defendant owes a plaintiff a mere statement of a conclusion of law? | 022944.docx | LEGALEASE-00123535-LEGALEASE-00123537 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Francis v. State, 758 N.E.2d 528 | 110+632(4) | Granting a motion in limine does not determine the ultimate admissibility of the evidence; rather, the purpose of a ruling in limine is to prevent the presentation of potentially prejudicial evidence until the trial court can rule on the admissibility of the evidence in the context of the trial itself. | Is the purpose of a ruling in limine to prevent the presentation of potentially prejudicial evidence until the trial court can rule on the admissibility of the evidence in the context of the trial itself? | 024066.docx | LEGALEASE-00123098-LEGALEASE-00123100 |
| Amtower v. Photon Dynamics, 158 Cal. App. 4th 1582 | 307A+3 | In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Are motions in limine designed to facilitate management of a case by deciding difficult evidentiary issues in advance of trial? | Pretrial Procedure - Memo  342 - TH.docx | ROSS-003309466-ROSS-003309468 |
| Wilkinson v. British Airways, 292 A.D.2d 263 | 307A+3 | There is no requirement that an in limine motion be made in writing and be in accordance with rule governing motion papers, and an oral motion in limine may properly be considered by court. McKinney's CPLR 2214. | "Is there requirement that an in limine motion be made in writing and be in accordance with rule governing motion papers, and an oral motion in limine may properly be considered by court?" | 028960.docx | LEGALEASE-00122865-LEGALEASE-00122866 |
| Gilcrease v. Gilcrease, 438 So. 2d 658 | 307A+748 | Theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of case; accordingly, pretrial order or agreement controls subsequent course of action, though it may be modified at trial to prevent substantial injustice. LSA-C.C.P. art. 1551. | What is the theory inherent in pre-trial procedure? | 029021.docx | LEGALEASE-00122707-LEGALEASE-00122708 |
| Ball v. Rao, 48 S.W.3d 332 | 307A+3 | The purpose of a motion in limine is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury. | Is the purpose of a motion in limine to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury? | Pretrial Procedure - Memo # 64 - C - VA.docx | ROSS-003324944-ROSS-003324945 |
| Powell v. Alan Young Homes, 251 Ga. App. 72 | 307A+3 | Trial court has an absolute right to refuse to decide on the admissibility of evidence prior to trial and may reserve ruling on the admissibility of evidence until it is offered during trial. | Does a trial court have an absolute right to refuse to decide on the admissibility of evidence prior to trial and can it reserve ruling on the admissibility of evidence until it is offered during trial? | Pretrial Procedure - Memo # 67 - C - VA.docx | ROSS-003326255-ROSS-003326256 |
| Compassion in Dying v. State of Wash., 79 F.3d 790 | 368+3 | State has legitimate interest in safeguarding interests of innocent third parties such as minor children and other family members dependent on persons who wish to commit suicide; interest is of almost negligible weight when patient is terminally ill and his or her death is imminent and inevitable. | Does the state have an interest in safeguarding the interests of innocent third parties who are dependent on people who commit suicide? | Suicide - Memo 31 - RK.docx | ROSS-003283950 |
| Washington v. Glucksberg, 521 U.S. 702 | 92+4455 | Asserted right to assistance in committing suicide is not fundamental liberty interest protected by due process clause; history of law's treatment of assisted suicide has been and continues to be rejection of nearly all efforts to permit it. U.S.C.A. Const.Amends. 5, 14. | Does the statute prohibiting assisted suicide violate due process clauses? | Suicide - Memo 37 - JS.docx | ROSS-003284163-ROSS-003284164 |
| Lippert v. Bailey, 241 Cal. App. 2d 376 | 13+61 | Right or obligation constituting cause of action does not arise until some primary right of a party has been impinged upon by wrongdoer in violation of duty owed by wrongdoer to that party. | Does the right or obligation constituting the cause of action arise when a primary right of a party has been impinged upon by a wrongdoer? | 006357.docx | LEGALEASE-00124339-LEGALEASE-00124340 |
| United States v. Rosen, 716 F.3d 691 | 63+1(1) | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | Does bribery require a specific intent? | 011012.docx | LEGALEASE-00125443-LEGALEASE-00125444 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McKesson Corp. v. Islamic Republic of Iran, 539 F.3d 485 | 221+342 | When it applies, the act of state doctrine serves as a rule of decision for the courts of the United States, which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions. | "When act of state doctrine applies, does it serve as a rule of decision requiring that such official acts shall be deemed valid in the process of deciding a case?" | 020185.docx | LEGALEASE-00124248-LEGALEASE-00124250 |
| Grupo Protexa, S.A. v. All Am. Marine Slip, a Div. of Marine Office of Am. Corp., 20 F.2d 1224 | 221+342 | Under act of state doctrine, courts will refrain from judging validity of foreign state's governmental acts in regard to matters within that country's borders. | Does the act of state doctrine provide that courts in the United States will generally refrain from examining the validity of a foreign state's governmental acts in regard to matters within its own territory? | 020257.docx | LEGALEASE-00124753-LEGALEASE-00124755 |
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | For purposes of act of state doctrine, official may violate international law under color of authority even when official is not acting within official mandate. | "For purposes of the act of state doctrine, may an official violate international law under color of authority even when an official is not acting within official mandate?" | International Law - Memo # 418 - C - MLS.docx | ROSS-003285588-ROSS-003285590 |
| United States v. Hendron, 813 F. Supp. 973 | 221+342 | "Act of state doctrine" addresses court's permissible scope of inquiry into certain governmental acts and application of doctrine requires showing by defendant that he perform public acts on behalf of the state; doctrine is not one of immunity and presents no jurisdictional question. | Does the Act of State doctrine address the court's permissible scope of inquiry into certain governmental acts? | International Law - Memo # 425 - C - MLS.docx | ROSS-003287618-ROSS-003287619 |
| Callejo v. Bancomer, S.A., 764 F.2d 1101 | 221+342 | For act of state, as opposed to sovereign immunity, purposes, relevant acts are not merely those of named defendants, but any governmental acts whose validity would be called into question by adjudication of suit. | "For act of state purposes, are relevant acts merely those of named defendants?" | 020364.docx | LEGALEASE-00124398-LEGALEASE-00124399 |
| Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1164 | 221+342 | Act of state doctrine is not jurisdictional limit on courts, but rather prudential doctrine designed to avoid judicial action in sensitive areas. | "While sovereign immunity addresses jurisdiction of court, is the act of state doctrine a prudential doctrine designed to avoid judicial action in sensitive areas?" | 020518.docx | LEGALEASE-00124514-LEGALEASE-00124515 |
| United States v. Noriega, 746 F. Supp. 1506 | 221+342 | In order for act of state doctrine to apply, defendant must show that activities were taken on behalf of state and were not private acts taken on behalf of actor himself. | "In order for act of state doctrine to apply, must a defendant show that activities were taken on behalf of state and were not private acts taken on behalf of actor himself?" | International Law - Memo 596 - TH.docx | ROSS-003295460-ROSS-003295462 |
| Davis v. Quality Pest Control, 641 S.W.2d 324 | 302+48 | Test for determining whether pleading gives adequate notice is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain nature and basic issues of controversy and testimony probably relevant. | What is the test for determining whether a pleading gives adequate notice? | 022978.docx | LEGALEASE-00125380-LEGALEASE-00125381 |
| Lloyd's, U.S. Corp. v. Landis, 777 S.W.2d 470 | 302+48 | Where there is question of whether pleadings state cause of action, court will look to intentions of pleader and uphold pleadings and judgment rendered thereon even if some element of cause of action has not been alleged specifically. | What will the courts look to when there is a question as to whether a cause of action has been stated? | 022982.docx | LEGALEASE-00125386-LEGALEASE-00125387 |
| Weidner v. Sanchez, 14 S.W.3d 353 | 388+133.6(2) | Where a trial court's order on a motion in limine is violated, an appellate court reviews the violations to see if they are curable by an instruction to the jury to disregard them. | Does an appellate court review a violation of an order granting a motion in limine to see if the violation is curable by an instruction to the jury to disregard it? | 024270.docx | LEGALEASE-00124711-LEGALEASE-00124712 |
| Aldersworth v. Aldersworth, 184 S.W.3d 81 | 307A+3 | Trial court is not bound by its in limine ruling and may admit the evidence when offered at trial; thus, an order sustaining a motion in limine and excluding evidence is an interlocutory order and is subject to change by the trial court during the course of the trial, and the trial court is free to alter its pretrial ruling and admit the evidence. | Is an in limine ruling a preliminary expression of the court's opinion regarding the admissibility of the evidence? | Pretrial Procedure - Memo  # 622 - C - SSB.docx | ROSS-003284739-ROSS-003284740 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Brumfield, 72 Ill. App. 3d 107 | 110+632(5) | Defendant should not ordinarily be required to try a case or defense twice, once outside jury's presence to satisfy trial court of its sufficiency and then again before the jury. U.S.C.A.Const. Amends. 6, 14; S.H.A.Const.1970, art. 1, S 2. | "Should a party be required to try a case twice - once outside the jury's presence to satisfy the trial court of its sufficiency, and then again before jury?" | 031707.docx | LEGALEASE-00125279-LEGALEASE-00125281 |
| Greene v. State, 515 N.E.2d 1376 | 110+632(4) | Motion in limine is not final ruling on admissibility of evidence; rather, it serves to prevent display of prejudicial material to jury until trial court has opportunity to make evidentiary ruling within trial court, and thus while final evidentiary ruling is appealable, ruling on motion in limine preserves nothing for appeal. | Is a ruling on a motion in limine considered a final order? | 036944.docx | LEGALEASE-00125246-LEGALEASE-00125247 |
| Dees v. Logan, 281 Ga. App. 837 | 307A+3 | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | "Because the grant of a motion in limine forecloses the admission of the evidence at trial, must the grant of a motion in limine be exercised with great care?" | 037337.docx | LEGALEASE-00125462-LEGALEASE-00125463 |
| Frasca v. Warner, 249 Cal. App. 2d 593 | 307A+749.1 | While pre-trial order should measure dimensions of lawsuit and govern its course in absence of some good reason for departure, this does not mean that order should not be liberally construed to embrace all legal and factual theories inherent in issues defined therein. | Do pretrial orders help govern the course of litigation? | 041189.docx | LEGALEASE-00125497-LEGALEASE-00125498 |
| Mort v. United States, 86 F.3d 890 | 366+2 | Equitable subrogation is broad equitable remedy, and therefore it applies whenever one person, not acting as mere volunteer or intruder, pays debt for which another is primarily liable, and which in equity and good conscience should have been discharged by latter. | Are there factors that must be determined before equitable subrogation can be applied? | 044294.docx | LEGALEASE-00124725-LEGALEASE-00124726 |
| Employers Mut. Liab. Ins. Co. of Wis. v. Melcher, 378 Pa. 598 | 366+11 | Doctrine of subrogation is based on considerations of equity and good conscience to promote justice, and is granted as a means of placing ultimate burden of debt upon person who should bear it, and it is not matter of contract nor of privity, but may be invoked in favor of persons who are legally obligated to make good a loss caused by negligent or tortious act of another. | "Since subrogation rights arise by contract or by operation of law, are those rights subject to good conscience?" | 044312.docx | LEGALEASE-00124842-LEGALEASE-00124843 |
| Sheridan v. Dudden Implement, 174 Neb. 578 | 366+7(1) | On discharging obligation of principal, surety is generally subrogated to rights of creditor or obligee and becomes entitled to security and remedies which creditor has for enforcing payment against principal or others who are liable for debt. | "Upon payment of obligation of principal, is a surety subrogated to rights of a creditor against the principal?" | Subrogation - Memo 927 - RK.docx | ROSS-003290423-ROSS-003290424 |
| United States v. Com. of Pa., Dep't of Highways, 349 F. Supp. 1370 | 316H+239 | Where highway construction contractor breached contract to promptly pay labor and materialmen claims, the Pennsylvania Department of Highways had an implied right to withhold monies and such monies were properly paid to surety on labor and material payment bonds just as fund would have gone to labor and materialmen rather than to general creditors even if there had been no bonds. | Does a surety stand in the place of the persons whose claims it has paid? | 044381.docx | LEGALEASE-00125530-LEGALEASE-00125531 |
| Gerseta Corp. v. Equitable Tr. Co. of New York, 241 N.Y. 418 | 366+1 | "Subrogation" includes every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability. | "Is subrogation, an equitable doctrine taken from the civil law, broad enough?" | Subrogation - Memo 987 C- CAT.docx | ROSS-003297556-ROSS-003297557 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gerseta Corp. v. Equitable Tr. Co. of New York, 241 N.Y. 418 | 366+1 | "Subrogation" includes every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability. | "Is subrogation, an equitable doctrine taken from the civil law, broad enough?" | Subrogation - Memo 987 C- CAT.docx | LEGALEASE-00015488-LEGALEASE-00015489 |
| Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362 | 366+1 | "Conventional subrogation" occurs where one having no interest or any relation to matter pays debt of another, and by agreement is entitled to rights and securities of creditor so paid; it can take effect only by agreement and has been said to be synonymous with assignment. | Is conventional subrogation synonymous with assignment? | Subrogation - Memo 994 C- CAT.docx | ROSS-003315229 |
| Leto v. Bd. of Assessors of Wilmington, 348 Mass. 144 | 371+2882 | There is peculiar practical reason in cases for equitable relief preventing enforcement of whole of illegal city or town tax assessment for given year than there be strict adherence to requirement that averments of crucial facts be clear, direct, and unequivocal so that trial of very complicated issues of fact may be kept within reasonable limits. M.G.L.A. c. 59 SS 38, 52. | "Should averments of crucial facts be clear, direct, and unequivocal?" | 023007.docx | LEGALEASE-00125620-LEGALEASE-00125621 |
| Sch. of Visual Arts v. Kuprewicz, 3 Misc. 3d 278 | 386+6 | To sustain cause of action for trespass to chattels, defendant must act with intention of interfering with property or with knowledge that such interference is substantially certain to result. | "Does a Defendant have to act with the intention of interfering with the property or with knowledge that such interference is substantially certain to result, to satisfy the intent element of trespass?" | Trespass - Memo 154 - RK.docx | ROSS-003327580-ROSS-003327581 |
| Am. Online v. IMS, 24 F. Supp. 2d 548 | 386+6 | "Trespass to chattels" occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization. Restatement (Second) of Torts S 217(b). | Is intermeddling with personal property in rightful possession of another without authorization a trespass to chattels? | 047193.docx | LEGALEASE-00125796-LEGALEASE-00125797 |
| Kahn v. Cook, 22 Ill. App. 559 | 13+61 | A plaintiff's cause of action arises only on failure of his debtor to pay a debt at maturity, and indebtedness not yet due constitutes no cause of action and furnishes no ground for recovery. | Does a plaintiff's cause of action arise only on failure of his debtor to pay a debt at maturity? | 005338.docx | LEGALEASE-00126082-LEGALEASE-00126083 |
| United States v. McDonnell, 792 F.3d 478 | 63+1(1) | Bribery occurs only if the gift given to a public official is coupled with a particular criminal intent; that intent is not supplied merely by fact that the gift was motivated by some generalized hope or expectation of ultimate benefit on part of thedonor, and the bribe payor must have more than a vague expectation that the public official will reward his kindness, somehow or other. | Does bribery occur if a gift is coupled with a particular criminal intent to receive a specific benefit in return for the payment? | 011069.docx | LEGALEASE-00126132-LEGALEASE-00126133 |
| J.C. v. State Dep't of Human Res., 986 So. 2d 1172 | 361+1390 | Where a statute is reenacted without material change, it must be assumed that the legislature was familiar with its interpretation by the Supreme Court and was satisfied therewith. | "When a statute is reenacted without material changes, is it assumed that the legislature was familiar with its interpretation by the Supreme Court?" | Clerks of Court - Memo 54 - RK.docx | ROSS-003286495-ROSS-003286496 |
| Bishop v. Reno, 210 F.3d 1295 | 221+321 | Sovereign nation has exclusive jurisdiction to punish offenses against its laws committed within its borders, unless it expressly or impliedly consents to surrender its jurisdiction. | Does a sovereign nation have exclusive jurisdiction to punish offenses against its laws committed within its borders? | International law - Memo # 794 - C - MS.docx | ROSS-003290189-ROSS-003290191 |
| United States v. Greer, 956 F. Supp. 531 | 221+397 | Congress had authority to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to citizens of the United States. Maritime Drug Law Enforcement Act, S 3, 46 App.U.S.C.A. S 1903. | Does Congress have authority to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to citizens of the United States? | 020576.docx | LEGALEASE-00125928-LEGALEASE-00125929 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Langhans v. Hale, 345 So. 2d 1226 | 302+79 | In addition to those affirmative defenses specifically listed in statute, an affirmative defense can be any response by defendant which raises new matter which, assuming the allegations of the petition to be true, constitutes a defense to the action which will have the effect of defeating plaintiff's suit on the merits. LSA-C.C.P. art. 1005. | Does an affirmative defense constitute a defense to the action? | 023028.docx | LEGALEASE-00126218-LEGALEASE-00126219 |
| State v. Metz, 241 A.D.2d 192 | 307A+3 | Generally, function of motion in limine is to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use; purpose of motion is to prevent introduction of such evidence to trier of fact, in most instances a jury. | Does a motion in limine challenge evidence which is claimed to be immaterial or request a limitation on the use of such evidence? | 037585.docx | LEGALEASE-00126172-LEGALEASE-00126173 |
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 30+3209 | The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. | Will an appellate court reverse a trial courts decision on sanction for the violation of an order in limine? | 037646.docx | LEGALEASE-00125926-LEGALEASE-00125927 |
| Hughes v. State, 154 Neb. 86 | 211+1597 | No force on part of the defendant, or resistance on the part of the female, was essential to constitute crime of assault with intent to commit rape, where it was alleged and proved that female was under the statutory age of consent and that defendant was at least 18 years old. R.R.S.1943, S 28-408. | Is force and resistance essential to constitute rape? | 042928.docx | LEGALEASE-00126222-LEGALEASE-00126223 |
| Hughes v. State, 154 Neb. 86 | 211+1597 | No force on part of the defendant, or resistance on the part of the female, was essential to constitute crime of assault with intent to commit rape, where it was alleged and proved that female was under the statutory age of consent and that defendant was at least 18 years old. R.R.S.1943, S 28-408. | Is force and resistance essential to constitute rape? | Sex Offence -  Memo 36 - BP.docx | LEGALEASE-00016170-LEGALEASE-00016171 |
| Ralph's Grocery Co. v. California Dep't of Food & Agric., 110 Cal. App. 4th 694 | 407+1 | Sections of the Business and Professions Code regulate the use of weights and measures to protect consumers from unfair dealings where the person who sells tangible goods weighs the goods and collects a charge based on the weight of the goods sold. West's Ann.Cal.Bus. & Prof.Code S 112001 et seq. | What is the purpose behind codes regulating weights and measures? | Weights and Measures - Memo 1 - RK.docx | ROSS-003312397-ROSS-003312398 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| House v. Mayes, 227 Mo. 617 | 407+1 | Inspection and regulation of weights and measures are within the police power of the states, and laws providing for such inspection and regulation, requiring dealers to conform thereto, and for the appointment or election of inspectors thereunder, are in the nature of police regulations, and Act June 8, 1909 (Acts 1909, p. 519), providing that the sale of grain, etc., shall be made on the basis of actual weight, making one guilty of misdemeanor who deducts any amount from the actual weight under claim of custom, rule of board of trade, or other pretense, prohibiting agents or brokers from selling grain, etc., under claim of right, by reason of a custom or rule of the board of trade, otherwise than upon basis of actual weight, and making such contracts void, designed to prevent brokers from deducting any part of grain without authority from the owner, notwithstanding the existence of a contrary rule or custom, and to prevent the purchaser of wheat on exchanges from deducting from the amount so purchased, where the contract does not authorize such deduction, is a valid exercise of the legislative power. | Is the regulation of weights and measures a reasonable exercise of police power? | 047540.docx | LEGALEASE-00126307-LEGALEASE-00126310 |
| In re Harber, 553 B.R. 522 | 13+61 | Under Pennsylvania law, cause of action accrues on date that plaintiff could have first maintained the action to a successful conclusion by holding an enforceable claim or right after sustaining an injury that gives rise to damages. | Does a cause of action accrue when one has the right to institute suit? | 005490.docx | LEGALEASE-00126373-LEGALEASE-00126374 |
| In re Weinberger's Estate, 203 Neb. 674 | 13+61 | Cause of action in contract accrues at time of breach or failure to do thing agreed to, irrespective of any knowledge on part of plaintiff or of any actual injury occasioned him, but not until then. | Does cause of action in contract accrue at a time of breach or failure to do thing agreed to? | 005678.docx | LEGALEASE-00126652-LEGALEASE-00126653 |
| Estate of Riedel by Mirick v. Life Care Ret. Communities, 505 N.W.2d 78 | 241+43 | Generally, cause of action accrues when party may bring suit without dismissal for failure to state claim. | Does cause of action accrue when party may bring suit without dismissal for failure to state claim? | 005697.docx | LEGALEASE-00126452-LEGALEASE-00126453 |
| Eggleston's Lessee v. Bradford, 10 Ohio 312 | 59+1 | Where the description of an estate contains a number of particulars, each of which is necessary to ascertain the estate to be conveyed, the estate must correspond in character with each. But if sufficient be shown to ascertain the estate intended to be conveyed, the land may pass by the deed, although some of the particulars are false. | What is necessary to ascertain an estate intended to be conveyed? | Exchange Of Property - Memo 59 - ANG.docx | ROSS-003290159-ROSS-003290160 |
| Lang v. Shell Petroleum Corp., 141 S.W.2d 667 | 13+63 | In determining whether a plaintiff is barred by "laches," it is important to consider the nature of the right asserted, the character of the relief sought, and the nature of the proceedings resorted to. | "In determining whether a plaintiff is barred by laches, is it important to consider the nature of the right asserted?" | 005411.docx | LEGALEASE-00126830-LEGALEASE-00126831 |
| Moore v. Ferrellgas, 533 F. Supp. 2d 740 | 25T+134(6) | Only generally applicable state-law contract defenses such as fraud, forgery, duress, mistake, lack of consideration or mutual obligation, and unconscionability are available to plaintiff seeking to invalidate arbitration agreement. 9 U.S.C.A. S 2. | Can lack of consideration invalidate an arbitration agreement? | 007199.docx | LEGALEASE-00127215-LEGALEASE-00127216 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601 | 101+1058 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | "Is lender liability predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own?" | Bills and Notes - Memo 115 - ANG.docx | ROSS-003299895-ROSS-003299897 |
| Plummer v. Univ. of Houston, 860 F.3d 767 | 1.41E+31 | It is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking in wisdom or compassion. | Is it the role of the federal courts to set aside decisions of school administrators which it views as lacking in wisdom or compassion? | Education - Memo # 17 - C - SU.docx | ROSS-003327171-ROSS-003327172 |
| Cunningham v. Lenape Reg'l High Dist. Bd. of Educ., 492 F. Supp. 2d 439 | 1.41E+31 | In the educational context, courts, especially federal ones, are not the appropriate forum for resolving daily conflicts arising from the operation of school systems. | "In the educational context, are federal courts the appropriate forum for resolving daily conflicts arising from the operation of school systems?" | Education - Memo # 22 - C - SU.docx | ROSS-003290084-ROSS-003290085 |
| Kehoe v. Brunswick City Sch. Dist. Bd. of Educ., 24 Ohio App. 3d 51 | 141E+440 | Individual who held required provisional teaching certificates and whose duties included instructing handicapped students fit clearly within statutory definition of teacher. R.C. S 3319.09(A). | Does an individual who holds the required provisional teaching certificates fit within the statutory definition of teacher? | 016812.docx | LEGALEASE-00127050-LEGALEASE-00127051 |
| Escambia River Elec. Co-op. v. Florida Pub. Serv. Comm'n, 421 So. 2d 1384 | 317A+113 | When no factual or equitable distinction exists in favor of either utility, territorial dispute is properly resolved in favor of privately owned utility. | Is a territorial dispute between two utilities resolved in favor of a privately owned utility when no factual or equitable distinction exists in favor of either utility? | 042416.docx | LEGALEASE-00126840-LEGALEASE-00126841 |
| Capital Elec. Power Ass'n v. Mississippi Power & Light Co., 216 So. 2d 428 | 317A+113 | Under the "existing facility rule," existing utility within certificated area has right and duty to provide service and must be given that opportunity, and only if it fails can commission award franchise to another utility. | Does an existing utility within a certified area have the right and duty to provide a service and must be given such opportunity? | Public Utilities - Memo 220 - AM.docx | ROSS-003290308-ROSS-003290310 |
| Kansas City Downtown Minority Dev. Corp. v. Corrigan Assocs. Ltd. P'ship, 868 S.W.2d 210 | 366+41(6) | Party seeking subrogation must prove by clear and convincing evidence that equity requires another party to bear loss. | Should the party seeking subrogation prove by clear and convincing evidence that equity requires another party to bear loss? | 044267.docx | LEGALEASE-00126913-LEGALEASE-00126914 |
| Christy Hill Builders v. Hall, 184 Conn. 575 | 13+65 | Where legal relief is sought relative to doing of any act, action stands or falls by facts and governing law existing at time of bringing suit. | Does an action stand or fall by facts and governing law existing at time of bringing suit? | 005955.docx | LEGALEASE-00127927-LEGALEASE-00127928 |
| United Bhd. of Carpenters & Joiners of Am., Local No. 101 v. United Slate Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local No. 80, 181 Md. 280 | 13+65 | At hearing of an application for an injunction court must determine whether facts as they appear at time of hearing warrant such relief and not merely whether complainant was entitled to injunction at time he instituted suit. | "In an injunction hearing, should the court determine whether the facts as they appear at the time warrant such relief?" | 006320.docx | LEGALEASE-00128103-LEGALEASE-00128105 |
| Sarbak v. Citigroup Glob. Markets, 354 F. Supp. 2d 531 | 25T+134(3) | Arbitration clauses must refrain from any ambiguous language; in order to have knowingly waived her right to sue, content of agreement must clearly state its purpose. | Must arbitration clauses refrain from ambiguous language in order to have a knowing waiver of rights to sue? | 007231.docx | LEGALEASE-00127435-LEGALEASE-00127436 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hornor v. Hanks, 22 Ark. 572 | 150+187 | The right of a plaintiff must be adjudicated upon as it existed at the time of the filing of his bill; and if he has a good cause of action, which had not then accrued, the bill cannot be maintained: And it would seem that a court of chancery would not allow a defendant to modify the relief to which the plaintiff was entitled when the suit was begun, by setting up as a defense a change of circumstances produced by the use of legal process or remedies after he is brought into court: So, if the defendant has a judgment against the plaintiff when the bill is filed, his case is not strengthened by a subsequent sale and purchase of the property in dispute under such judgment. | Is it against the policy of a court of chancery to allow a defendant to cut off relief? | 006016.docx | LEGALEASE-00128420-LEGALEASE-00128421 |
| Kupferman v. Katz, 19 A.D.2d 824 | 13+63 | Inexcusably delayed proceedings in election matters coming to judicial determination close to eve of polling are especially not to be encouraged. | Are inexcusably delayed proceedings in election matters coming to judicial determination close to the eve of polling encouraged? | 006324.docx | LEGALEASE-00128112-LEGALEASE-00128113 |
| Dallavalle v. Berry Grant Co., 462 S.W.2d 175 | 30+776 | Test to determine whether voluntary dismissal of appeal without prejudice should be permitted is to inquire whether by so dismissing party would gain some undue advantage or would cause other party to lose some right of defense. Section 506.010 RSMo 1969, V.A.M.S.; V.A.M.R. Civil Rules 41.01, 41.02, 67.01. | Is the test for determining the propriety of a voluntary dismissal whether or not the party opposing the dismissal would be substantially prejudiced by the dismissal? | 038855.docx | LEGALEASE-00128297-LEGALEASE-00128298 |
| Chadwick v. CSI, Ltd., 137 N.H. 515 | 366+35 | Waiver of subrogation provisions in construction contract were properly applied to damages incurred by project owner beyond those sustained to "the work," where contract provided that waiver of subrogation was effective as to person or entity even where person or entity would otherwise have had a duty of indemnification, contractual or otherwise. | Are waiver of subrogation provisions in a construction contract properly applied to damages incurred by a project owner? | 043295.docx | LEGALEASE-00128242-LEGALEASE-00128244 |
| Citizens State Bank v. Raven Trading Partners, 786 N.W.2d 274 | 366+38 | A party seeking equitable subrogation has the burden of establishing that equities weigh in the party's favor, which also requires that no injury to innocent third parties will result if subrogation is applied; there is no injury to a party if the party's position remains unchanged or the party received that for which the party bargained. | Does a party seeking equitable subrogation have the burden of establishing that equities weigh in the party's favor? | 043352.docx | LEGALEASE-00128203-LEGALEASE-00128204 |
| Caywood v. Supreme Lodge of Knights & Ladies of Honor, 171 Ind. 410 | 13+63 | A provision in an insurance policy, limiting the time to bring suit thereon to a period less than that fixed by the statute of limitations, is valid, unless forbidden by statute. | "Is a provision in an insurance policy, limiting the time to bring suit thereon to a period less than that fixed by the statute of limitations, valid?" | Action - Memo # 847 - C - SKG.docx | ROSS-003300618-ROSS-003300619 |
| Drott v. Batement & Harper, 10 Ohio C.D. 824 | 269+10 | A firm name showing the surnames only of partners, is not a fictitious name, nor a designation not showing the names of the partners within the Act of Feb. 13, 1896, 92 Ohio Law 25, requiring every firm doing business under such a name or designation to file and publish a certificate showing the full names and residences of its members. | Is a firm name showing the surnames of the partners a fictitious name? | Partnership - Memo 214 - RK.docx | ROSS-003314236-ROSS-003314237 |
| Great W. Bank v. Terio, 200 A.D.2d 608 | 307A+501 | Application for voluntary discontinuance should be granted absent special circumstances such as particular prejudice to defendant or other improper consequences. McKinney's CPLR 3217(b). | Should an application for voluntary discontinuance be granted absent special circumstances such as a particular prejudice to a defendant or other improper consequences? | Pretrial Proceedure - Memo # 1139 - C - TJ.docx | ROSS-003301123-ROSS-003301124 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Burnham Serv. Corp. v. Nat'l Council on Comp. Ins., 288 A.D.2d 31 | 307A+502 | While determination upon motion for voluntary discontinuance is generally within sound discretion of the court, party ordinarily cannot be compelled to litigate and, absent special circumstances, such as prejudice to adverse parties, discontinuance should be granted. McKinney's CPLR 3217(b). | Should an application for voluntary discontinuance be granted absent special circumstances such as a particular prejudice to a defendant or other improper consequences? | 041225.docx | LEGALEASE-00128766-LEGALEASE-00128767 |
| Jindra v. Diederich Flooring, 181 Wis. 2d 579 | 366+41(6) | Party seeking to impose subrogation upon another party has burden of showing both that there would be some basis for asserting subrogation in that instance, and that subrogation may be applied in equity in those circumstances. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | Should a party seeking to impose subrogation upon another party have burden of showing both that there was a basis for asserting subrogation in that instance? | Subrogation - Memo # 1254 - C - KA.docx | ROSS-003317513-ROSS-003317514 |
| Guzzo v. Goodrich Quality Theaters, 679 N.E.2d 166 | 401+5.1 | For purpose of determining whether county in which purchaser of real property filed suit against vendors was county of preferred venue, action seeking specific performance of contract for purchase and sale directly related to land within meaning of venue rules; action placed ownership of land at issue, and potential for conveyance caused relief to be in rem. Trial Procedure Rule 75(A)(2). | Does an action seeking specific performance of a contract for purchase and sale directly related to land cause the relief to be in rem? | 047472.docx | LEGALEASE-00128859-LEGALEASE-00128860 |
| DeLong v. Hampton Envelope Co., 149 S.W.3d 549 | 413+1 | Workers' compensation serves a dual role in that it provides employees with treatment for work-related injuries and protects employers from multiple lawsuits by employees and imposes monetary restrictions on awards. | Does workers' compensation provide employees with treatment for work-related injuries? | Workers' Compensation - Memo # 29 - C - SA.docx | ROSS-003288348-ROSS-003288349 |
| First Nat. Bank of Lafayette v. Gaddis, 250 So. 2d 504 | 83E+417 | Promissory note payable to bearer and secured by mortgage may be transferred by mere delivery and authentic evidence of endorsement or transfer of note is not necessary to enable holder to foreclose by executory process. LSA-R.S. 7:9, 7:30; LSA-C.C.P. art. 2635. | Is a promissory note payable to bearer and secured by a mortgage transferrable? | Bills and Notes - Memo 160 - RK.docx | ROSS-003286638-ROSS-003286639 |
| Bank Leumi Tr. Co. of New York v. Bally's Park Place, 528 F. Supp. 349 | 172H+574(1) | Under New York law, although death of maker of check or note does not terminate his liability, it does revoke authority of payee to collect from drawee-bank and relegates payee to status of general creditor of estate of the deceased. McKinney's N.Y. Uniform Commercial Code S 4-405(1). | Does a payee have the status of general creditor of the estate of the deceased maker of a check? | Bills and Notes - Memo 167 - RK.docx | ROSS-003287351-ROSS-003287352 |
| Banking Comm'n v. Townsend, 243 Wis. 329 | 8.30E+186 | Marginal notations placed on a note at the time of the execution thereof with the intention of making them a part of the contract constitute a part of the contract and must be construed with the body of the instrument to arrive at the true intention of the parties. | Are marginal notations on a note construed with the body of the instrument? | 009391.docx | LEGALEASE-00129185-LEGALEASE-00129186 |
| Barlow & Haun v. United States, 118 Fed. Cl. 597 | 148+277 | A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. U.S.C.A. Const. Amend 5. | "Where a land owner has not yet obtained a final decision regarding application of a land regulation to the particular property in question, is the claim ripe for review?" | Eminent Domain - Memo 346 - GP.docx | LEGALEASE-00019192-LEGALEASE-00019194 |
| Koll v. Stanton-Pilger Drainage Dist., 207 Neb. 425 | 307A+501 | Right of plaintiff to dismiss action without prejudice at any time before final submission is statutory right and not a matter of judicial grace or discretion. Neb.Rev.St. S 25-601. | Is the right of a plaintiff to dismiss an action without prejudice as a matter of right at any time before final submission a statutory right? | Pretrial Procedure - Memo # 1002 - C - SK.docx | ROSS-003287424-ROSS-003287425 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bay Gen. Indus. v. Johnson, 418 A.2d 1050 | 307A+501 | On review of trial court's order granting defendant's motion for judgment at the close of plaintiff's evidence in a nonjury case, trial court's findings and conclusions will not be disturbed unless clearly erroneous with due regard being given to opportunity of trial court to judge credibility of witnesses; however, dismissal with prejudice under rule providing for voluntary dismissal is a drastic remedy, to be sparingly exercised. D.C.C.E. SCR, Civil Rule 41(b). | Will a reviewing court disturb a trial courts findings and conclusions unless clearly erroneous? | 024011.docx | LEGALEASE-00129507-LEGALEASE-00129508 |
| Sutherland v. Shoemaker, 6 Neb. App. 157 | 307A+501 | Plaintiff may dismiss his action without prejudice as matter of right at any time before final submission; it is a statutory right and not a matter of judicial grace or discretion. Neb.Rev.St. S 25-601. | Can a plaintiff dismiss his action without prejudice as a matter of right at any time before final submission? | Pretrial Procedure - Memo # 1109 - C - CK.docx | ROSS-003312983-ROSS-003312984 |
| DeJana v. Oleson, 264 Mont. 62 | 307A+501 | District courts must balance concerns of judicial efficiency against party's right to meaningful access to judicial system when determining whether to dismiss cause of action for failure to prosecute. Rules Civ.Proc., Rule 41(b). | Must district courts balance concerns of judicial efficiency against a party's right to meaningful access to a judicial system? | Pretrial Proceedure - Memo # 1137 - C - TJ.docx | ROSS-003300213-ROSS-003300214 |
| Washington Fruit & Produce Co. v. City of Yakima, 3 Wash. 2d 152 | 268+683(1) | Where a city undertakes to supply a public need, and to that end purchases the necessary service from a utility, the city is regarded as merely authorizing the use of the streets as an incident to the delivery of service to itself, and not as granting the utility a "franchise" to use the streets for general business purposes. | What is a franchise of a public utility? | 042516.docx | LEGALEASE-00129222-LEGALEASE-00129224 |
| Vine St. Commercial P'ship v. City of Marysville, 98 Wash. App. 541 | 317A+114 | Property owners who petition for the formation of a utility local improvement district (ULID), whose properties are then assessed for the special benefits thereby accruing, and who subsequently pay their assessments in full, are entitled to receive the special benefits for which they have paid. | "Can property owners, after paying the assessments on their properties providing special benefits, obtain a right to receive the special benefits for which they have paid?" | 042523.docx | LEGALEASE-00129265-LEGALEASE-00129266 |
| Gore v. Alltel Commc'ns, 666 F.3d 1027 | 25T+143 | Whether a particular claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause; were the rule otherwise, a party could frustrate any agreement to arbitrate simply by the manner in which it framed its claims. | Does the arbitrability of a claim depend upon the characterization of the claim? | Alternative Dispute Resolution - Memo 525 - RK.docx | ROSS-003287224-ROSS-003287225 |
| Addison v. Reece, 263 Ga. 631 | 307A+747.1 | Trial court has broad discretion in addressing issue of untimely submitted, proposed pretrial order. Uniform Superior Court Rule 7.1. | Does the trial court have broad discretion in addressing the issue of an untimely submitted proposed pretrial order? | Pretrial Procedure - Memo # 1339 - C - SB.docx | ROSS-003327506-ROSS-003327507 |
| Universal Underwriters Ins. Co. v. Superior Court for Los Angeles Cty., 250 Cal. App. 2d 722 | 307A+742.1 | Principal purposes of pretrial are to find out what lawsuit is about, to simplify and define issues to be litigated, and to determine how trial may proceed most expeditiously; and another purpose is to give notice of matters not necessarily revealed by pleadings where such matters may be issues in case. Cal. Rules of Court, rules 210, 216; West's Ann.Code Civ.Proc. SS 473, 2030. | What are the principal purposes of pretrial? | 026325.docx | LEGALEASE-00130002-LEGALEASE-00130003 |
| Whitaker v. Beasley, 261 N.C. 733 | 307A+742.1 | Purpose of pre-trial conference is to consider specifics mentioned in the statute, e.g., motions to amend pleadings, issues, reference, admissions, judicial notice, and other matters which may aid in disposition of the cause. G.S. S 1-169.1. | What is the purpose of pre-trial conference? | 026578.docx | LEGALEASE-00129951-LEGALEASE-00129952 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stevens v. The Railroads, 4 F. 97 | 150+359 | The right of a plaintiff to dismiss his bill upon payment of the costs, at any time before a hearing on the merits, is not an absolute and unqualified right. It will not be allowed when by so doing the plaintiff will prejudice the defendant; but this injury must be of a character different from the mere ordinary inconveniences of double litigation, which, in the view of the law, are compensated by costs, and must deprive the defendant of some substantive right not available in a second suit, or that may be endangered by the dismissal. | Is the inconvenience of double litigation usually compensated by the payment of the costs? | 026709.docx | LEGALEASE-00130064-LEGALEASE-00130065 |
| McKinney v. Emery Air Freight Corp., 954 F.2d 590 | 25T+143 | Broad phrase in contract "any grievance or controversy affecting the mutual relations of the (parties)" ordinarily requires court to hold that parties have provided for arbitration of disputes regarding termination of contract. | Will broad arbitration clauses cause a court to hold that the parties have provided for arbitration of disputes regarding termination? | Alternative Dispute Resolution - Memo 532 - RK.docx | ROSS-003300469-ROSS-003300470 |
| Rumph v. State, 248 So. 2d 526 | 67+3 | When a person is charged with breaking and entering with intent to commit grand larceny, and essential element of that offense is his intent at time of his breaking and entering to commit grand larceny, that is, to steal property of the value of $100 or more, which element must be proven at the trial; while, in absence of other evidence or circumstances the best evidence of his intent is what he did steal, nevertheless, his intent may be proven by such other evidence or circumstances. | How can breaking and entering with intent to commit larceny be proven? | Burglary - Memo 21 - RK.docx | ROSS-003314334-ROSS-003314335 |
| Rumph v. State, 248 So. 2d 526 | 67+3 | When a person is charged with breaking and entering with intent to commit grand larceny, and essential element of that offense is his intent at time of his breaking and entering to commit grand larceny, that is, to steal property of the value of $100 or more, which element must be proven at the trial; while, in absence of other evidence or circumstances the best evidence of his intent is what he did steal, nevertheless, his intent may be proven by such other evidence or circumstances. | How can breaking and entering with intent to commit larceny be proven? | 012849.docx | LEGALEASE-00131290-LEGALEASE-00131291 |
| Baldwin v. Klanke, 877 S.W.2d 879 | 307A+501 | Granting of nonsuit is merely ministerial; plaintiff's right to nonsuit of its own action exists at moment motion is filed or oral motion is made in open court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is granting of nonsuit merely ministerial and a plaintiff's right to nonsuit of its own action exists at the moment the motion is filed? | 026089.docx | LEGALEASE-00131074-LEGALEASE-00131075 |
| Knightstown Banner v. Town of Knightstown, 882 N.E.2d 270 | 307A+501 | Voluntary dismissals should generally be allowed unless the defendant will suffer legal prejudice, other than the mere prospect of a second lawsuit. Trial Procedure Rule 41(A)(2). | "Should voluntary dismissals generally be allowed unless the defendant will suffer legal prejudice, other than the mere prospect of a second lawsuit?" | 026117.docx | LEGALEASE-00130438-LEGALEASE-00130440 |
| Total Car Franchising Corp. v. Squire, 259 Ga. App. 114 | 307A+743 | The purpose of the pretrial order is to formulate and simplify the issues for trial, but these objectives should not operate contrary to the spirit of the Civil Practice Act which is to ensure that cases be decided on their merits and that decisions based on other considerations be avoided. | What are the purposes of pretrial orders? | 026876.docx | LEGALEASE-00131252-LEGALEASE-00131253 |
| All Weather Storm Windows v. Zahn, 112 A.2d 496 | 307A+749.1 | Pretrial procedure contemplates that a fair disclosure shall be made at pretrial conference in order to remove cases from realm of surprise, and, generally, a party is bound by pretrial stipulations, but rigid adherence to pretrial order should not always be exacted. | Does the rule governing pretrial order contemplate or require rigid adherence to the pretrial order? | Pretrial Procedure - Memo # 1758 - C - NE.docx | ROSS-003286332-ROSS-003286333 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Helman v. Mendelson, 138 Md. App. 29 | 307A+749.1 | Good faith compliance with scheduling orders is important to the administration of the judicial system and providing all litigants with fair and timely resolution of court disputes. | Is good faith compliance with scheduling orders important to the administration of the judicial system? | Pretrial Procedure - Memo # 1764 - C - PC.docx | ROSS-003301225-ROSS-003301226 |
| Parks v. Breedlove, 241 Ga. App. 72 | 307A+749.1 | A pretrial order limits the issues for trial and controls the subsequent course of the action unless modified at trial to prevent manifest injustice. | "Does a pretrial order control the subsequent course of action, unless modified to prevent manifest injustice?" | 026987.docx | LEGALEASE-00131215-LEGALEASE-00131216 |
| Baumann v. Snider, 243 Ga. App. 526 | 307A+750 | Failure of a party to raise an issue in the pretrial order is not controlling where evidence is introduced on the issue without objection, the opposing party is not surprised, and the issue is litigated; in this instance, the pretrial order is deemed modified to conform to the evidence that is admitted. O.C.G.A. S 9-11-16(b). | Is a failure of a party to raise an issue in the pretrial order controlling where evidence is introduced on the issue without objection? | 026997.docx | LEGALEASE-00131266-LEGALEASE-00131267 |
| DiBiase v. Universal Design & Builders, 473 A.2d 875 | 307A+750 | Rule that when issues not raised by pleadings are tried by implied consent of parties, they shall be treated in all respects as if they had been raised in pleadings generally obtains even when the issue is omitted from pretrial order. Rules Civ.Proc., Rules 15(b), 16(a)(3)(H). | "When issues not raised by pleadings are tried by implied consent of parties, will they be treated in all respects as if they had been raised in the pleadings?" | 027009.docx | LEGALEASE-00131294-LEGALEASE-00131295 |
| Zavoral v. Pac. Intermountain Exp., 181 Neb. 40 | 388+9(1) | Generally, the effect of a pretrial order is to control subsequent course of the action, and unless order is modified at trial to prevent manifest injustice, court may exclude evidence on issues not stated in pretrial order, and such issues need not be submitted to jury. | What is the effect of a pretrial order? | Pretrial Procedure - Memo # 1815 - C - SB.docx | ROSS-003287265-ROSS-003287266 |
| Highlands Underwriters Ins. Co. v. Foley, 691 So. 2d 1336 | 307A+749.1 | Orderly disposition of each case and avoidance of surprise are inherent in theory of pretrial procedure and are sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of action. | Is orderly disposition of each case inherent in a theory of pretrial procedure? | Pretrial Procedure - Memo # 2172 - C - TM.docx | ROSS-003286507-ROSS-003286508 |
| Town of Tiburon v. Bonander, 180 Cal. App. 4th 1057 | 371+2001 | Unlike a special assessment, a tax may be levied without regard to whether the property or person subject to the tax receives a particular benefit. | Can a tax be levied without regard to whether the property or person subject to the tax receives a particular benefit? | 044722.docx | LEGALEASE-00130849-LEGALEASE-00130850 |
| Gunby v. Yates, 214 Ga. 17 | 316P+357 | Generally, a fee prescribed for a public officer is not a "tax" but compensation for particular services, unless object and purpose of charge is to provide general revenue rather than compensation for services rendered. | Is charge a tax if the object and purpose of such charge is to provide compensation for services rendered? | 044756.docx | LEGALEASE-00130952-LEGALEASE-00130953 |
| In re George, 361 F.3d 1157 | 371+2001 | "Tax" is a pecuniary burden laid upon individuals or property for the purpose of supporting the government, as distinguished from a "penalty," which is an exaction imposed by statute as punishment for an unlawful act. | Is penalty an exaction imposed by statute as punishment for an unlawful act? | Taxation - Memo # 194 - C - SS.docx | ROSS-003304037-ROSS-003304039 |
| Jones v. Herbert Equities, 186 Misc. 163 | 413+1 | Where facts clearly bring case within Workmen's Compensation Law, the employer as well as employee is entitled to the benefits of the law. Workmen's Compensation Law, S 1 et seq. | Are the employer and employee entitled to the benefits of the workmens compensation laws where the facts clearly bring the case within it? | 047943.docx | LEGALEASE-00131352-LEGALEASE-00131353 |
| McCord v. United States, 131 Fed. Cl. 333 | 34+3(1) | Court of Federal Claims may not substitute its judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence. | Can a court substitute its judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence? | Armed Services - Memo 63 - RK.docx | LEGALEASE-00021348-LEGALEASE-00021349 |
| Thomas v. United States, 122 Fed. Cl. 53 | 34+3(1) | Plaintiff bears the burden of overcoming the strong, but rebuttable, presumption that the military discharges its duties correctly, lawfully, and in good faith. | "Who bears the burden of overcoming the presumption that the military discharges its duties correctly, lawfully, and in good faith?" | 008912.docx | LEGALEASE-00132431-LEGALEASE-00132432 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. U.S. Shipping Bd. Emergency Fleet Corp., 2 F.2d 390 | 34+3(2) | The Posse Comitatus Act, which prohibits Army and Air Force personnel from engaging in civilian law enforcement, is a criminal statute that provides no private cause of action. 18 U.S.C.A. S 1385. | Does the Posse Comitatus Act (PCA) prohibit the use of the military to conduct civilian law enforcement activities? | 008948.docx | LEGALEASE-00132477-LEGALEASE-00132478 |
| Smith v. U.S. Shipping Bd. Emergency Fleet Corp., 2 F.2d 390 | 34+3(2) | The Posse Comitatus Act, which prohibits Army and Air Force personnel from engaging in civilian law enforcement, is a criminal statute that provides no private cause of action. 18 U.S.C.A. S 1385. | Does the Posse Comitatus Act provide for a private cause of action? | 008952.docx | LEGALEASE-00132483-LEGALEASE-00132484 |
| United States v. Ollison, 555 F.3d 152 | 146+21 | Plain language of statute prohibiting theft or bribery by agent of organization receiving federal funds does not distinguish between "high-level" and "low-level" employees. 18 U.S.C.A. S 666(a)(1), (d)(1). | Does the plain language of the statute prohibiting theft or bribery by an agent of an organization receiving federal funds distinguish between high-level and low-level employees? | 011168.docx | LEGALEASE-00132519-LEGALEASE-00132520 |
| United States v. McDonnell, 792 F.3d 478 | 63+1(1) | To establish the necessary intent in a former state Governor's prosecution on corruption charges, Government had to present evidence of an exchange of money (or gifts) for specific official action. | "To establish the necessary intent for bribery, does the Government have to present evidence of an exchange of money (or gifts) for specific official action?" | 012400.docx | LEGALEASE-00132159-LEGALEASE-00132160 |
| Grand Valley Ridge v. Metro. Nat. Bank, 2012 Ark. 121 | 307A+331 | In cases where a party is relegated to having to prove his claim by documents, papers, and letters kept by the opposing party, the scope of discovery with respect to such materials should be broad. | "In cases where a party is relegated to having to prove his claim by documents, papers, and letters kept by the opposing party, should the scope of discovery with respect to such materials be broad?" | Pretrial Procedure - Memo # 1924 - C - PB.docx | ROSS-003286409-ROSS-003286410 |
| Brown v. Superior Court In & For Butte Cty., 218 Cal. App. 2d 430 | 307A+331 | Means by which plaintiff may share defendant's knowledge of case are by taking his deposition, by requests for admissions and by interrogatories, and documents in defendant's possession may be inspected. West's Ann.Code Civ.Proc. SS 1881, subd. 2, 2016-2034, 2036. | What are the means by which the plaintiff may share defendant's knowledge of case and documents in defendant's possession be inspected? | 027431.docx | LEGALEASE-00131846-LEGALEASE-00131847 |
| Legare v. Urso, 96 R.I. 283 | 307A+331 | The statute relating to production of documents was enacted to provide a discovery procedure that would constitute an effective and efficient substitute for bill of discovery. Gen.Laws 1956, S 9-19-23. | Is the statute relating to the production of documents enacted to provide a discovery procedure would constitute an effective and efficient substitute for bill of discovery? | 027435.docx | LEGALEASE-00131879-LEGALEASE-00131880 |
| Arfor-Brynfield v. Huntsville Mall Assocs., 479 So. 2d 1146 | 307A+745 | Purpose of pretrial procedure is to clarify and simplify issues to be tried and resulting pretrial order controls subsequent course of action. Rules Civ.Proc., Rule 16. | Does the purpose of a pretrial procedure is to clarify and simplify issues to be tried and resulting pretrial order controls a subsequent course of action? | 027446.docx | LEGALEASE-00132000-LEGALEASE-00132001 |
| In re Bennett (Tex. 1997) 960 S.W.2d 35 | 307A+514 | When case has been nonsuited, trial court has discretion to allow reasonable amount of time before signing order of dismissal to conduct hearing on sanctions for prior misconduct of counsel. Vernon%22s Ann.Texas Rules Civ.Proc., Rule 162. | Does a trial court have discretion to defer signing an order of dismissal so that it can allow a reasonable amount of time for holding hearings on these matters which are collateral to the merits of the underlying case? | 027672.docx | LEGALEASE-00132319-LEGALEASE-00132320 |
| K. King & G. Shuler Corp. v. King, 259 Cal. App. 2d 383 | 307A+749.1 | Issues set forth in pre-trial conference order supersede those raised by pleadings and control subsequent course of trial. | Do issues set forth in pre-trial conference order supersede those raised by pleadings and control subsequent course of trial? | Pretrial Procedure - Memo # 2399 - C - ES.docx | ROSS-003300072-ROSS-003300073 |
| 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2001 | Traditionally, differences between assessment and tax include: assessment supports local improvements, while tax finances general operations; assessment is one-time charge, while tax is annual; and assessment requires that benefit be direct, while tax requires no such direct benefit. | "Does assessment support local improvements, while tax finances general operations?" | Taxation - Memo # 144 - C - KBM.docx | ROSS-003304013-ROSS-003304015 |
| Beattie v. E. China Charter Twp., 157 Mich. App. 27 | 371+2001 | Taxes levied or exemptions created under state's police powers do not fall within realm of property tax laws, and are thus not within jurisdiction of Tax Tribunal. M.C.L.A. S 205.731. | "Are taxes levied or exemptions created under state's police powers, within the jurisdiction of a Tax Tribunal?" | Taxation - Memo # 282 - C - SS.docx | ROSS-003304069-ROSS-003304070 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Olde Florida Investments, Ltd., 272 B.R. 779 | 371+2001 | Under Florida law, a "tax" is an enforced burden of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform. | Is tax imposed to execute various functions a sovereign is called on to perform? | Taxation - Memo # 284 - C - KBM.docx | ROSS-003288474-ROSS-003288475 |
| United States v. Harris, 210 F.3d 165 | 63+1(1) | A general term like "whoever," as it appears in the antigratuity statute, excludes the United States when a contrary reading would deprive the sovereign of a recognized or established prerogative, such as the government's power to use leniency or plea agreements in exchange for truthful testimony, or would work obvious absurdity. 18 U.S.C.A. S 201(c)(2). | Does the anti-gratuity statute apply to federal prosecutors or the United States government? | 011179.docx | LEGALEASE-00132570-LEGALEASE-00132571 |
| United States v. Leyva, 282 F.3d 623 | 63+14 | District court, in bribery trial, properly instructed jury as to when a public official acted "corruptly"; word "corruptly" referred to defendant's intent to be influenced to perform an act in return for financial gain. 18 U.S.C.A. S 201(b)(2)(B). | Does the word corruptly under the bribery sections refer to defendant's intent to be influenced to perform an act in return for financial gain? | 011361.docx | LEGALEASE-00133168-LEGALEASE-00133169 |
| United States v. Washington, 106 F.3d 983 | 110+881(1) | When jury is instructed on multiple acts that may legally form basis for conviction, general verdict must be sustained so long as evidence is sufficient with respect to any one of the acts charged. | "In a bribery case, if there are multiple acts that may form the basis of a conviction, does the verdict stand if the evidence is sufficient with respect to any one of the acts charged?" | Bribery - Memo #260 - C-EB.docx | ROSS-003300137-ROSS-003300138 |
| United States v. Allen, 10 F.3d 405 | 63+1(1) | Extortion under color of official right and bribery are really different sides of the same coin; extortion under color of official right equals the knowing receipt of bribes and it is extortion if the official knows that the bribe is motivated by a hope that it will influence him in the exercise of his office and if, knowing that, he accepts the bribe. | How does extortion under color of official right and bribery differ? | Bribery - Memo #276 - C - LB.docx | ROSS-003300643-ROSS-003300644 |
| United States v. Langston, 590 F.3d 1226 | 234+15(3) | For purposes of statutory prohibition against theft and bribery concerning programs receiving federal funds, employee of agency entity cannot be agent of principal entity unless legal construct establishes such relationship. 18 U.S.C.A. S 666. | "For purposes of statutory prohibition against theft and bribery concerning programs receiving federal funds, can employee of agency entity be agent of principal entity?" | 011451.docx | LEGALEASE-00133048-LEGALEASE-00133049 |
| United States v. Jefferson, 674 F.3d 332 | 63+1(1) | Federal bribery statute requires proof of a quid pro quo, i.e., an intent on the part of the public official to perform acts on his payor's behalf. 18 U.S.C.A. S 201. | "For purpose of bribery, is quid pro quo established when a public official performs acts on his payor's behalf?" | 011459.docx | LEGALEASE-00133084-LEGALEASE-00133085 |
| Martin v. Yeoham, 419 S.W.2d 937 | 289+707 | Where one partner commits a willful and malicious tort not within scope of agency or common business of the partnership, to which other members have not consented and which has not been ratified, they are not liable for harm caused thereby. | Will the partnership be liable for the willful tort of one partner? | 022089.docx | LEGALEASE-00133488-LEGALEASE-00133490 |
| Livingston v. Stewart & Co., 194 Md. 155 | 302+8(17) | A general characterization that an act or omission is negligent or a condition is unsafe is not usually a sufficient statement of supposed ground of liability. Code 1939, art. 75, SS 2, 28(36-38). | "Is the general characterization of an act or omission as negligent, or of a condition as unsafe, a sufficient statement of the supposed ground of liability?" | 023232.docx | LEGALEASE-00132660-LEGALEASE-00132661 |
| Peart v. Superior Court In & For Mohave Cty., 6 Ariz. App. 6 | 307A+747.1 | Although it is true that rules regarding pretrial conferences contemplate that order be reduced to writing and signed by judge, those matters which are set forth in minutes are binding as pretrial order notwithstanding lack of formality and strict compliance with all terms and provisions of pretrial conference rules. 16 A.R.S. Rules of Civil Procedure, rule 16; 17 A.R.S. Uniform Rules of Practice of the Superior Court, rule VI. | "In absence of proper pretrial order, are minutes entered with respect to pretrial binding?" | Pretrial Procedure - Memo # 1862 - C - VA.docx | LEGALEASE-00022697-LEGALEASE-00022698 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Laitenberger v. State, 57 N.Y.S.2d 418 | 307A+130 | The right of inspection under section 296 contemplates production of books and papers, the examination of witnesses in connection with them to show that books contain relevant entries, and then inspection of such entries preparatory to offering them in evidence, as distinguished from right of inspection under section 324, which is a general right. Civil Practice Act, SS 296, 324. | What is the difference between sections 296 and 324 of the Civil Practice Act? | 027224.docx | LEGALEASE-00132603-LEGALEASE-00132604 |
| Brown v. MO Delta Med. Ctr., 293 S.W.3d 28 | 30+155 | The trial court loses jurisdiction at the time of voluntary dismissal by the plaintiff without order of the court in cases tried without a jury, and no appeal can be taken from the dismissal. V.A.M.R. 67.02(a)(2). | Does the trial court lose jurisdiction and no appeal can be taken from the dismissal when an action is voluntarily dismissed by the plaintiff without order of the court? | 027705.docx | LEGALEASE-00132694-LEGALEASE-00132695 |
| Butts ex rel. Iverson v. Evangelical Lutheran Good Samaritan Soc., 802 N.W.2d 839 | 307A+517.1 | A voluntary dismissal that strips a defendant of a defense that would otherwise be available may be sufficiently prejudicial to justify denial. 48 M.S.A., Rules Civ.Proc., Rule 41.01(b). | Must a voluntary dismissal that strips a defendant of a defense that would otherwise be available be sufficiently prejudicial to justify denial? | Pretrial Procedure - Memo # 2446 - C - VA.docx | ROSS-003288051-ROSS-003288052 |
| Milton Meyer & Co. v. Curro, 239 Cal. App. 2d 480 | 307A+749.1 | When filed, pretrial conference order, unless modified at or before trial, supersedes issues raised by pleadings and controls subsequent course of case. | Does a pre-trial conference order setting out issues supersede issues raised by pleadings and controls subsequent course of case? | 028068.docx | LEGALEASE-00133422-LEGALEASE-00133423 |
| DeNardo v. Calista Corp., 111 P.3d 326 | 336H+137 | A stipulation to dismiss claims with prejudice is sufficient for res judicata purposes; a stipulation to dismiss claims with prejudice is just as valid as a final judgment resulting from a trial on the merits, and is res judicata as to all issues that were raised or could have been determined under the pleadings. | "Does a stipulated dismissal with prejudice, entered before trial, act as a final judgment just as if the parties had proceeded to trial?" | 028129.docx | LEGALEASE-00132588-LEGALEASE-00132589 |
| Alvarado v. Hyundai Motor Co., 885 S.W.2d 167 | 307A+517.1 | Nonsuit or dismissal is not adjudication of rights of parties but merely places them in position they were in as if suit had never been filed; moreover, once case is dismissed voluntarily, no further action may be had in that case, and any further action must be taken by instituting suit de novo unless trial court grants motion to reinstate. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Once a case is dismissed voluntarily, can further action be in a case by instituting suit de novo?" | Pretrial Procedure - Memo # 2660 - C - NE.docx | ROSS-003288107-ROSS-003288108 |
| Neuman v. Burstein, 230 Ill. App. 3d 33 | 307A+517.1 | Refiled action following voluntary dismissal was "new action" within meaning of statute permitting new action to be filed within year or remaining period of limitations. S.H.A. ch. 110, P 13-217. | Is a refiled action following a voluntary dismissal a new action within the meaning of a statute permitting a new action to be filed within a year or the remaining period of limitations? | 028378.docx | LEGALEASE-00132842-LEGALEASE-00132843 |
| Ramirez v. Noble Energy, 521 S.W.3d 851 | 307A+486 | Ordinarily, the party seeking withdrawal of deemed admissions bears the burden of establishing the following requirements: that good cause exists for the withdrawal, that the withdrawal will not unduly prejudice the party relying on the deemed admissions, and that withdrawal will serve the presentation of the merits. Tex. R. Civ. P. 198.3. | Is the burden on the party opposing withdrawal of an admission to satisfy the court that it would be prejudiced by the amendment? | 028405.docx | LEGALEASE-00132920-LEGALEASE-00132921 |
| State ex rel. Pulliam v. Reine, 108 S.W.3d 148 | 307A+517.1 | A plaintiff's voluntary dismissal of his or her cause is effective as of the date it is filed, and after a case is dismissed, the trial court may take no further action and any step attempted is viewed as a nullity. V.A.M.R. 67.02(a). | Is a voluntary dismissal of a plaintiff's action effective on the date it is filed? | 028655.docx | LEGALEASE-00133184-LEGALEASE-00133185 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Briden v. Rd. Sys., 705 F. Supp. 367 | 413+195 | Under Michigan's economic reality test, which attempts to determine true employer of injured worker for worker's disability compensation purposes, totality of circumstances surrounding performed work is considered including who had control of worker's duties, who paid wages, who had right to hire, fire, and maintain discipline, and worker's performance of duties as integral part of employer's business toward accomplishment of common goal. M.C.L.A. S 418.101 et seq. | Does the economic reality test look to the totality of the circumstances surrounding the performed work? | Workers Compensation - Memo #113 ANC.docx | ROSS-003288566-ROSS-003288567 |
| Arie v. Intertherm, 648 S.W.2d 142 | 413+1 | Mere filing of a claim and subsequent discharge for absenteeism due to work-related injury creates no cause of action under statute relating to retaliatory discharge for exercising rights under the Worker's Compensation Law; cause of action lies only where employee pleads and proves that she was discharged for exercising rights under the Law. V.A.M.S. S 287.780. | Does the mere filing of a claim and subsequent discharge for absenteeism due to a work-related injury creates a cause of action? | 047780.docx | LEGALEASE-00132704-LEGALEASE-00132705 |
| Lewis v. Indus. Comm'n, 2 Ariz. App. 522 | 413+1 | Industrial compensation is not based on good moral character of claimant but is founded on claim coming within scope of Workmen's Compensation Act. A.R.S. S 23-901 et seq. | "Is industrial compensation based on the good moral character of a claimant, or is it founded on a claim coming within the scope of the Workmens Compensation Act?" | 047866.docx | LEGALEASE-00132914-LEGALEASE-00132915 |
| Kroer v. Smith, 318 Ill. App. 489 | 83E+863 | The legal holder of a note alone can maintain an action on it, and if negotiable paper is found in the hands of a stranger, without negotiation by indorsement, presumption is that it has been lost or purloined or otherwise improperly got into circulation. | What is the presumption when a note or paper is presented for payment by a stranger without a legal transfer? | 010195.docx | LEGALEASE-00133674-LEGALEASE-00133675 |
| Tidwell v. Bank of Tifton, 115 Ga. App. 555 | 8.30E+76 | Drawer of check has right to stop payment of it at any time before it has been certified or paid by drawee but drawer remains liable unless he has defense which is good against holder. Code, S 109A-3-306. | "Does a drawer remain liable upon stop payment of a check, unless he has a defense which is good against the holder?" | Bills and Notes -Memo 227 -DB.docx | ROSS-003290024-ROSS-003290025 |
| Allred v. Hinkley, 8 Utah 2d 73 | 308+107(1) | An agent whose employment is restricted to purchases for cash supplied by principal has, absent appearance of broader authority, no authority to bind principal's credit. | "Does an agent whose employment is restricted to purchases for cash supplied by the principal, have authority to bind principal's credit?" | 042129.docx | LEGALEASE-00133728-LEGALEASE-00133729 |
| Taylor v. Fred Clark Felt Co., 567 S.W.2d 863 | 228+181(26) | In order to show himself entitled to summary judgment in suit on a promissory note in which defendant has made a general denial, plaintiff must establish that he is the present legal owner or holder of the note sued upon. Rules of Civil Procedure, rule 166-A; V.T.C.A., Bus. & C. SS 1.201(20), 3.301. | What needs to be proved in order to obtain a summary judgment on a note? | Bills and Notes- Memo 305-PR.docx | ROSS-003317447-ROSS-003317448 |
| Barton v. Utah Transit Auth., 872 P.2d 1036 | 307A+517.1 | Plaintiff who moves for voluntary dismissal receives just that which is sought: dismissal of his action and right to bring later suit on same cause of action, without adjudication of merits. Rules Civ.Proc., Rule 41(a). | "Is dismissal of a plaintiff's action and right to bring a later suit on a same cause of action, without adjudication of merits?" | 028461.docx | LEGALEASE-00134335-LEGALEASE-00134336 |
| Sec. Nat. Tr. v. Kalmback, 613 So. 2d 664 | 307A+486 | Even if matter is deemed to be admitted due to party's failure to answer, admission may later be withdrawn or amended. LSA-C.C.P. art. 1468. | Even if a matter is deemed to be admitted due to party's failure to answer could an admission later be withdrawn or amended? | Pretrial Procedure - Memo # 2911 - C - NS.docx | ROSS-003317656-ROSS-003317657 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Crockett v. Cassels, 95 Fla. 851 | 307A+69.1 | Statutes respecting taking of depositions must be substantially complied with; no material deviation from statutes respecting taking of depositions will be allowed, except by parties' agreement or waiver. Statutes respecting the taking of depositions must be substantially complied with and no material deviation therefrom will be allowed, except by the agreement or waiver of the parties. | "Will no material deviation from statutes respecting taking of depositions be allowed, except by the parties' agreement or waiver?" | Pretrial Procedure - Memo # 2914 - C - NS.docx | ROSS-003331218-ROSS-003331219 |
| Ramirez v. Noble Energy, 521 S.W.3d 851 | 307A+486 | Even a slight excuse for the failure to timely respond to requests for admission will suffice to establish good cause sufficient to withdraw deemed admissions, especially when delay or prejudice to the opposing party will not result from the withdrawal. Tex. R. Civ. P. 198.3. | Can good cause be shown when a party's failure to answer was accidental or the result of a mistake? | 028731.docx | LEGALEASE-00134844-LEGALEASE-00134845 |
| Martin v. Texas Dep't of Family & Protective Servs., 176 S.W.3d 390 | 307A+517.1 | A trial court retains jurisdiction for 30 days after signing a final order of nonsuit to rule on pending motions. Vernon's Ann.Texas Rules Civ.Proc., Rule 329b(d). | Does a trial court retain jurisdiction for 30 days after signing a final order of nonsuit to rule on pending motions? | Pretrial Procedure - Memo # 2937 - C - SK.docx | ROSS-003290787-ROSS-003290788 |
| Matelski v. Matelski, 840 S.W.2d 124 | 307A+476 | Where plaintiff is not injured and trial is not delayed, even slight excuse for original failure to answer request for admissions will suffice. | "When a plaintiff is not injured and trial not delayed, will even slight excuse for original failure to answer suffice to allow withdrawal of deemed admissions?" | 028739.docx | LEGALEASE-00134703-LEGALEASE-00134704 |
| Johnson v. City Wide Cab, 205 Ga. App. 502 | 307A+486 | Court may grant motion to withdraw admissions when presentation of the merits will be subserved thereby and party obtaining admission fails to satisfy court that withdrawal will prejudice maintaining his action or defense on the merits. O.C.G.A. S 9-11-36(b). | "For purposes of motion to withdraw admissions, does the party moving to withdraw have the burden of showing that presentation of the merits will be subserved by withdrawal?" | Pretrial Procedure - Memo # 2977- C - KG.docx | ROSS-003305113-ROSS-003305114 |
| Felton v. Hulser, 957 S.W.2d 394 | 307A+481 | To serve function of expediting trial by narrowing range of factual issues, rule governing requests for admissions accords conclusiveness to admissions so that party may rely on fact that admission binds party addressed, unless court permits withdrawal or amendment of admission. V.A.M.R. 59.01. | "Do admissions bind a party, unless the court permits withdrawal or amendment of the admission?" | Pretrial Procedure - Memo # 2994 - C - AP.docx | ROSS-003290799-ROSS-003290800 |
| Bryant v. Cty. Council of Lake Cty., 720 N.E.2d 1 | 307A+486 | When a motion seeking the withdrawal of admissions has been made, trial court must consider (1) whether the presentation of the merits will be subserved by permitting withdrawal, and (2) whether the party who obtained the admission will be prejudiced by withdrawal. Trial Procedure Rule 36. | Does the party who has obtained withdrawal of the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal? | Pretrial Procedure - Memo # 3023 - C - SN.docx | ROSS-003289602-ROSS-003289603 |
| Ruiz v. Nicolas Trevino Forwarding Agency, 888 S.W.2d 86 | 307A+486 | To establish good cause for withdrawal of deemed admissions, party must show legal or equitable excuses for his failure to answer. Vernon's Ann.Texas Rules Civ.Proc., Rule 36. | "To establish good cause for withdrawal of deemed admissions, must a party show a legal or equitable excuses for his failure to answer?" | Pretrial Procedure - Memo # 3140 - C - VP.docx | ROSS-003290718-ROSS-003290719 |
| Monolith Companies v. Hunter Douglas Hosp., 333 Ga. App. 898 | 307A+486 | The first prong of the test for withdrawal or amendment of an admission that has resulted from failure to answer or object to a request for admissions, that presentation of the merits of the action will be subserved thereby, is not perfunctorily satisfied, and the desire to have a trial, standing alone, is not sufficient to satisfy the test. West's Ga.Code Ann. S 9-11-36(b). | "Is the first prong of the test for withdrawal or amendment of an admission that has resulted from failure to answer or object to a request for admissions, standing alone, is not sufficient to satisfy the test?" | 029077.docx | LEGALEASE-00134473-LEGALEASE-00134474 |
| Kohl v. United States, 226 F.2d 381 | 371+2001 | Direct taxes bear directly upon persons, upon their possession and enjoyment of rights, whereas indirect taxes are levied upon happening of an event, such as an exchange or transmission of property. U.S.C.A. Const. art. 1, SS 2, 9. | "Are indirect taxes levied upon happening of an event, such as an exchange or transmission of property?" | 045023.docx | LEGALEASE-00134436-LEGALEASE-00134437 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hurley v. United States, 192 F.2d 297 | 63+1(1) | The phrases "officer or employee" and "person acting for or on behalf of the United States in any official function" in statute making it an offense to promise, offer or give any money to officers or employees of United States and persons acting for United States in any official function with intent to influence their decisions must be read in the disjunctive, and the phrase "in any official function", therefore, modifies only the word "person" and not "officer or employee". 18 U.S.C.A. S 201. | Does the phrase in any official function in the statute only modify the word person? | Bribery - Memo #393 - C-CSS.docx | ROSS-003290373-ROSS-003290374 |
| Zoren v. Genesis Energy, 836 A.2d 521 | 289+1166(2) | A corporate general partner and its directors are entitled to the protections afforded corporate directors, including a presumption that their actions are protected from judicial oversight by the "business judgment rule"; the business judgment rule generally protects the actions of general partners, affording them a presumption that they acted on an informed basis and in the honest belief that they acted in the best interests of the partnership and the limited partners. | Does the business judgment rule protect the actions of the general partner? | 022225.docx | LEGALEASE-00135717-LEGALEASE-00135718 |
| Pratt v. Carns, 80 Fla. 243 | 69+37(7) | A party seeking to have a deed declared to be void and delivered up to be canceled, on the ground of undue influence exerted over the mind of the grantor, must plead the facts constituting such undue influence; the rule of pleading in such cases being the same as in cases of fraud. | Should facts constituting undue influence be pleaded? | 023315.docx | LEGALEASE-00135615-LEGALEASE-00135617 |
| Bell v. Figueredo, 190 Ga. App. 163 | 241+130(5) | Suit renewed under code section allowing party who files action within applicable statute of limitations and dismisses case to renew claim by filing another suit is an action de novo and all procedural prerequisites such as filing of new complaint and perfection of service must be met anew. O.C.G.A. S 9-2-61(a). | "As a renewal action is an action de novo, must procedural prerequisites of filing a renewed complaint and service of process be met anew?" | 028548.docx | LEGALEASE-00135286-LEGALEASE-00135287 |
| State ex rel. White v. Hais, 17 S.W.3d 903 | 314+5(3) | Party in family court matter was not entitled to writ prohibiting trial court from proceeding with trial, even though counsel filed motion for legislative continuance, where trial court did not rule on motion, it was within trial court's discretion to grant or deny legislative continuance based upon determination of whether presence of attorney, who was also state legislator, was necessary for fair and proper trial, and party was also represented by another attorney, whom trial court would not permit to withdraw. | Do courts have some discretion to grant or deny a motion for legislative continuance? | Pretrial Procedure - Memo # 3265 - C - KG.docx | ROSS-003291679-ROSS-003291680 |
| Smith v. Circle P Ranch Co., 150 Cal. Rptr. 828 | 307A+476 | Where certain facts exist which responding party does not intend to contest at trial, proper time to admit and permit those facts to be established is during pretrial discovery; in the event, however, that defendant denies a request for admission submitted by plaintiff, he cannot be forced to admit fact prior to trial despite its obvious truth. | Can a tort defendant be forced to admit a fact prior to trial despite its obvious truth and is the consequence for the failure to do so exposure to a costs of proof award? | 029501.docx | LEGALEASE-00135584-LEGALEASE-00135586 |
| Sands v. State Through Louisiana State Med. Ctr., Sch. of Dentistry, 458 So. 2d 960 | 307A+716 | A reasonably diligent client's having fired his lawyer for unpreparedness could be "good ground" for a continuance in the absence of counterbalancing circumstances. LSA-C.C.P. arts. 1601, 1602. | Can a reasonably diligent client's having fired his lawyer for unpreparedness be good ground for a continuance in the absence of counterbalancing circumstances? | 029534.docx | LEGALEASE-00135270-LEGALEASE-00135271 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Payton v. Ashton, 29 S.W.3d 896 | 307A+474 | Before one has an obligation to answer requests for admissions or before any inaction on the part of the individual can give rise to deemed admissions, it is axiomatic that the request for admissions be served. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(a). | "Before one has an obligation to answer admissions or before any inaction on the part of the individual can give rise to deemed admissions, should the requests for admissions be served?" | Pretrial Procedure - Memo # 3489 - C - NS.docx | ROSS-003317458-ROSS-003317459 |
| Brougham Casket & Vault Co. v. DeLoach, 323 Ga. App. 701 | 307A+483 | Once requests for admission are deemed admitted, each of the matters addressed in the requests are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. S 9-11-36(a)(2), (b). | "Once requests for admission are deemed admitted, are each of the matters addressed in the requests conclusive as a matter of law on the matters stated?" | 029642.docx | LEGALEASE-00135167-LEGALEASE-00135168 |
| Fox Run Properties v. Murray, 288 Ga. App. 568 | 307A+483 | Matters deemed admitted on basis of failure to respond to requests for admissions become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. S 9-11-36(b). | "Once requests for admission are deemed admitted, are each of the matters addressed in the requests conclusive as a matter of law on the matters stated?" | Pretrial Procedure - Memo # 3520 - C - NC.docx | LEGALEASE-00025419-LEGALEASE-00025420 |
| Brodtmann v. Duke, 1998-1518 (La. App. 4 Cir. 3/21/01) | 307A+485 | Attorney fees awarded for party's failure to admit genuineness of document or truth of any matter would be the reasonable expense incurred in proving the truth of the requested admission. LSA-C.C.P. art. 1472. | "If a party fail to admit the truth of any matter requested, should the party requesting the admissions prove the truth of the matter to apply to the court for an order requiring the other party to pay the reasonable expenses and reasonable attorney's fees?" | 029734.docx | LEGALEASE-00135713-LEGALEASE-00135714 |
| Dorfman v. Lederman, 154 Ga. App. 473 | 307A+483 | Depriving a party of a judgment by default is not the kind of prejudice envisioned by statute requiring party opposing motion to withdraw admissions resulting from failure to answer request for admissions to establish that withdrawal of the admissions would prejudice him in maintaining his action on the merits. Code, S 81A-136(b). | Does the party opposing the motion of withdrawal of the admission has the burden to establish that such withdrawal will prejudice him in maintaining his action in merits? | 029814.docx | LEGALEASE-00135707-LEGALEASE-00135708 |
| Bezou v. Bezou, 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So. 3d 488 | 307A+485 | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | Does court have discretion in determining whether to award plaintiff attorney fees in personal injury action? | 030070.docx | LEGALEASE-00135039-LEGALEASE-00135040 |
| Gonzales v. Surplus Ins. Servs., 863 S.W.2d 96 | 307A+483 | Admissions, once deemed admitted, are judicial admissions, and party against whom admissions are deemed admitted may not then introduce controverting testimony in any legal proceeding related to action. Vernon's Ann.Texas Rules Civ.Proc., Rules 21a, 169. | "Are admissions, once deemed admitted, judicial admissions, and a party against whom admissions are deemed admitted may not then introduce controverting testimony in any legal proceeding related to action?" | 030543.docx | LEGALEASE-00135759-LEGALEASE-00135760 |
| In re Feldman's Estate, 387 Ill. 568 | 8.30E+186 | Notations or memoranda placed on the back of a check contemporaneously with the execution of the instrument with intention of making them a part of the contract for payment of money constitute as much a part of the instrument as though incorporated in the body thereof. | Should a memorandum or notation placed on the back of a note or an instrument at the time of execution binding on the parties? | 010178.docx | LEGALEASE-00136874-LEGALEASE-00136875 |
| United States v. Triumph Capital Grp., 260 F. Supp. 2d 462 | 63+1(1) | For purposes of the federal program bribery statute, the term "Federal program" means that there must exist a specific statutory scheme authorizing the federal assistance in order to promote or achieve certain policy objectives. 18 U.S.C.A. S 666. | "What does the term ""federal program"" mean for purposes of the federal program bribery statute?" | 011697.docx | LEGALEASE-00136599-LEGALEASE-00136600 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Ihnatenko, 482 F.3d 1097 | 63+1(1) | Statute criminalizing giving something of value to a witness for or because of his testimony does not prohibit the government from paying fees, housing, expenses, and cash rewards to any cooperating witness, so long as the payment does not recompense any corruption of the truth of testimony. 18 U.S.C.A. S 201(c)(2). | Is government's promise of leniency to a cooperating witness amount to giving of something of value for testimony in violation of 18 U.S.C.  201(c)(2)? | 011753.docx | LEGALEASE-00136371-LEGALEASE-00136372 |
| United States v. Gjieli, 717 F.2d 968 | 63+1(1) | Statutory provision proscribing bribery of a public official encompasses both an intent to induce acts which are part of public official's lawful duties and those acts which are erroneously perceived by briber to be part of public official's lawful duties. 18 U.S.C.A. S 201(b)(3). | Does bribers intent to induce acts which are erroneously perceived to be part of the public official's lawful duties satisfy the specific intent element of bribery? | 011871.docx | LEGALEASE-00136113-LEGALEASE-00136114 |
| Old Colony Ins. Co. v. Dressel, 220 Ga. 354 | 302+218(1) | Defendant is entitled to have facts set forth with such reasonable certainty and fullness as to disclose whether plaintiff really has cause of action, regardless of whether defendant has knowledge of facts before trial, and defendant urging special demurrer need not make it appear that he does not possess knowledge of facts necessary for plaintiff to meet statutory requirement that he set forth his cause plainly, fully and distinctly. Code, S 81-101. | Is the legitimate function of a special demurrer compelling the pleader to disclose whether he really has a cause of action or defense? | Pleading - Memo 329 - RMM.docx | ROSS-003291639-ROSS-003291641 |
| Morrow v. Lindsey, 164 Ark. 606 | 228+143(14) | Mere absence of employed counsel from court on other business will not necessarily work a continuance of a pending cause or entitle defaulting party to set the judgment aside. | Will the mere absence of an employed counsel from court on account of other business necessarily work a continuance of a pending cause in that court? | Pretrial Procedure - Memo # 3287 - C - SU.docx | ROSS-003291681-ROSS-003291682 |
| Miller v. Miller, 1981-NMSC-078 | 307A+716 | Continuance is not ipso facto allowed when party's attorney withdraws; motion to continue is addressed to sound discretion of trial judge. | Is continuance not ipso facto allowed when party's attorney withdraws because the motion to continue is addressed to sound discretion of a trial judge? | 029406.docx | LEGALEASE-00136221-LEGALEASE-00136222 |
| Every v. City of New Orleans, 514 So. 2d 556 | 307A+716 | Among the factors a trial judge considers before granting a discretionary continuance on motion of a litigant seeking continuance to employ another attorney are diligence, good faith and reasonable grounds. LSA-C.C.P. art. 1602. | What are the factors a trial judge considers before granting a discretionary continuance on motion of a litigant seeking continuance to employ another attorney? | 029410.docx | LEGALEASE-00136227-LEGALEASE-00136228 |
| Miller v. Grier S. Johnson, 191 Va. 768 | 307A+721 | Mere failure of a litigant to employ counsel until just prior to date set for trial is not ground for a continuance, nor is withdrawal or discharge of counsel under the same circumstances. | Is the mere failure of a litigant to employ counsel until just prior to date set for trial is not ground for a continuance? | Pretrial Procedure - Memo # 3367 - C - SB.docx | ROSS-003316682-ROSS-003316683 |
| Culp v. Hawkins, 711 S.W.2d 726 | 307A+483 | Under Civil Rule 169, requests for admissions are automatically deemed admitted after 30 days; trial court has no discretion to exercise. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Under Civil Rule 169, are requests for admissions are automatically deemed admitted after 30 days and a trial court has no discretion to exercise?" | 029997.docx | LEGALEASE-00136760-LEGALEASE-00136761 |
| Moy v. Ng, 341 Ill. App. 3d 984 | 307A+474 | If the request to admit facts seeks the admission of a conclusion of law, the request is improper in form and the opposing party's failure to respond does not result in an admission. Sup.Ct.Rules, Rule 216. | "If a request seeks admission of conclusion of law, is the request improper in form and opposing party's failure to respond does not result in an admission?" | Pretrial Procedure - Memo # 3866 - C - RY.docx | ROSS-003289872-ROSS-003289873 |
| Larson v. Karagan, 979 N.E.2d 655 | 307A+486 | Trial court is not compelled to grant a request to withdraw admissions, even if trial court determines that withdrawal or amendment of admissions with subserve the presentation of the merits and that prejudice in maintaining the action or defense will not result to party that obtained the admission; rather, the court may, in its discretion, permit withdrawal. Trial Procedure Rule 36(B). | Does a trial court have discretion to permit a party to withdraw admissions? | 030226.docx | LEGALEASE-00136367-LEGALEASE-00136368 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ray v. Ray, 542 S.W.2d 209 | 307A+723.1 | An applicant for a continuance must recite, inter alia, that he has used due diligence, stating such diligence and the cause of failure, if known. Rules of Civil Procedure, rules 251, 252. | "Should an applicant for a continuance recite, inter alia, that he has used due diligence, stating such diligence and the cause of failure, if known?" | 030292.docx | LEGALEASE-00136829-LEGALEASE-00136831 |
| J. C. Penney Co. v. Duran, 479 S.W.2d 374 | 307A+724 | Where continuance motion does not allege facts showing diligence in attempting to procure testimony of an absent witness, the denial of such motion is proper. Rules of Civil Procedure, rule 252. | "Where a motion for continuance does not allege facts showing diligence in attempting to secure testimony of an absent witness, is denial of the motion proper?" | Pretrial Procedure - Memo # 4040 - C - SS.docx | ROSS-003304093-ROSS-003304094 |
| Mathias v. Luke, 37 N.J. Super. 241 | 307A+749.1 | A court should not be astute to read a pretrial order as precluding what appears to be just recovery by plaintiffs, where language of order does not clearly require such result. | "Should a court be astute to read a pretrial order as precluding what appears to be just recovery by plaintiffs, where language of order does not clearly require such result?" | Pretrial Procedure - Memo # 4088 - C - NS.docx | ROSS-003316946-ROSS-003316947 |
| Stone v. Lenox Enterprises, 176 Ga. App. 696 | 307A+483 | Employee's failure to answer or object to coemployee's and employer's requests for admissions and failure to move for extension of time or to withdraw admissions resulted in admissions being conclusively admitted by employee as a matter of law, in malicious prosecution action brought by employee, unless employee's responses to interrogatories compelled contrary result. O.C.G.A. SS 9-11-36, 9-11-36(a)(2). | "If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw admissions resulting from failure to answer, does the matter stand admitted?" | 030452.docx | LEGALEASE-00136349-LEGALEASE-00136350 |
| Gorie v. Gorie, 48 Misc. 2d 411 | 307A+69.1 | Commission procedure is permitted with respect to taking of deposition, but presumably is to be employed only where notice procedure under circumstances of case or place where deposition is to be taken may be deemed impracticable or some doubt felt as to whether deposition may be taken. CPLR Rules 3108, 3113(a). | When is commission procedure permitted with respect to taking of deposition? | 030792.docx | LEGALEASE-00136523-LEGALEASE-00136524 |
| Fanning v. Iversen, 535 N.W.2d 770 | 307A+721 | Trial court may properly deny continuance when party requesting continuance has had ample time for preparation or where request for continuance is not made until last minute. | Can a trial court properly deny continuance when a party requesting continuance has had ample time for preparation or where request for continuance is not made until the last minute? | 030805.docx | LEGALEASE-00136724-LEGALEASE-00136725 |
| Raven v. Panama Canal Co., 583 F.2d 169 | 92+3072 | Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the equal protection clause. U.S.C.A.Const. Amend. 14. | Can an Act of Congress treat aliens differently than citizens without such treatment being considered invidious? | Aliens_Immigration and Citizenship_Memo 13 - GP.docx | ROSS-003316026-ROSS-003316027 |
| Warren v. Iowa State Highway Comm'n, 250 Iowa 473 | 200+75.1 | Public highways are created by statute, either directly or through power delegated to same subdivision of the state, and they may be discontinued in the same way, and no individual can acquire such vested rights against the state as will prevent the discontinuance of an established public road. | Can an individual acquire a vested right of a highway? | Highways-Memo 70-ANM.docx | ROSS-003290616-ROSS-003290617 |
| Cortez v. Brokaw, 632 P.2d 635 | 307A+483 | Party who fails to timely respond to another party's request for admissions may not submit contradictory evidence, as a matter admitted by a failure timely to respond is conclusively established. Rules of Civil Procedure, Rule 36(a, b). | "May a party who fails to timely respond to another party's request for admissions submit contradictory evidence, as a matter admitted by a failure timely to respond is conclusively established?" | 030492.docx | LEGALEASE-00137122-LEGALEASE-00137123 |
| Aldridge v. Hasty, 240 N.C. 353 | 307A+125 | The statutory provision that application by party to action for examination of adverse party after filing of their pleadings must be in form of or supported by affidavit showing that examination should be held at place designated therein, together with facts showing reasons therefor, requires allegation of reasons for naming place designated in petition for hearing, not reasons why applicant desires examination or information he seeks to obtain. G.S. S 1-568.11(b) (4). | "After examining the party and the person to be examined have both filed their pleadings, is examination a matter of right?" | Pretrial Procedure - Memo # 4482 - C - SS.docx | ROSS-003291052-ROSS-003291053 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Firmes v. Chase Manhattan Auto. Fin. Corp., 50 A.D.3d 18 | 307A+36.1 | Pretrial discovery, including demand for collateral source information, may be used to acquire information and documents that may later support a motion for a collateral source hearing. McKinney's CPLR 4545. | Can pretrial discovery be used to acquire information and documents that can later support a motion for a collateral source hearing? | Pretrial Procedure - Memo # 4604 - C - KG.docx | ROSS-003291084-ROSS-003291085 |
| Our Lady of the Lake Hosp. v. Vanner, 692 So. 2d 40 | 307A+711 | Trial court must consider particular facts in each case in deciding whether to grant or deny continuance, and some factors to consider are diligence, good faith, reasonable grounds, exceptor's corollary right to have his case heard as soon as is practicable, condition of the court docket, fairness to both parties and other litigants before court, and need for orderly and prompt administration of justice. | What should a judge consider in ruling on a partys motion for continuance? | 031288.docx | LEGALEASE-00137384-LEGALEASE-00137385 |
| Friday v. Mutz, 483 So. 2d 1269 | 307A+720 | Generally, when amendment presents new claim or defense which takes opposing party by surprise, continuance must be allowed. LSA-C.C.P. art. 1151. | "When an amendment presents a new claim or defense which takes the opposing party by surprise, must a continuance be allowed?" | Pretrial Procedure - Memo # 4639 - C - NS.docx | ROSS-003318083-ROSS-003318085 |
| Rubenstein v. Metro. Life Ins. Co., 118 W. Va. 367 | 307A+720 | Court may, in its discretion, permit filing, during trial of action on insurance policy, of special replication setting up matter in waiver, estoppel or in confession and avoidance, and upon filing of such replication granting or refusal of insurer's motion for continuance rests within court's sound discretion. Code 1931, 56-4-22. | "Will the court, in its discretion, permit the filing of a special replication during the course of the trial and grant or refuse the defendant's motion for a continuance?" | 031384.docx | LEGALEASE-00137774-LEGALEASE-00137775 |
| Heiner v. Porter, 164 Or. App. 508 | 307A+483 | Although court rule governing requests for admission require both service and filing, it is only the failure to serve response that expressly results in request being admitted. Rules Civ.Proc., Rule 45. | "Although court rule governing requests for admission require both service and filing, is it only the failure to serve response that expressly results in request being admitted?" | 031402.docx | LEGALEASE-00137436-LEGALEASE-00137437 |
| Pierce v. Nelson, 509 N.W.2d 471 | 307A+91 | Treating physician's deposition fee should compensate physician for inconvenience of giving deposition testimony, yet it also must bear some rational relationship to time spent away from other professional duties. Rules Civ.Proc., Rule 125(f). | Should a treating physician be compensated in the form of physician deposition fee bearing some reasonable relationship to a physician's customary hourly charge for patient care and consultation? | Pretrial Procedure - Memo # 4719 - C - MS.docx | ROSS-003291767-ROSS-003291768 |
| Peterson v. David, 69 Wash. 2d 566 | 307A+725 | When denial of requested continuance would be improper, imposition of conditions to granting of continuance may still be within trial court's discretion. Rules of Pleading, Practice and Procedure, rule 40.04W; RCWA 4.44.040. | "Is imposition of conditions to granting of continuance still within trial court discretion, when denial of requested continuance is improper?" | 031511.docx | LEGALEASE-00137221-LEGALEASE-00137222 |
| Bowman v. Benouttas, 519 S.W.3d 586 | 307A+747.1 | A trial court has the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery. Tenn. R. Civ. P. 16.01. | "Does a court have the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery?" | 031531.docx | LEGALEASE-00137278-LEGALEASE-00137279 |
| United Employers Cas. Co. v. McCloud, 146 S.W.2d 247 | 307A+725 | Where application for continuance was in substantial compliance with statute, was properly verified, and was not controverted, facts alleged therein must be accepted as true. Vernon's Ann.Civ.St. art. 2168. | "If application in question was in substantial compliance with the statute or rule and is properly verified and not controverted, is the facts alleged therein be accepted as true?" | Pretrial Procedure - Memo # 4818 - C - DHA.docx | ROSS-003291130-ROSS-003291131 |
| Noble v. Shawnee Gun Shop, 316 S.W.3d 364 | 307A+680 | In considering a motion to dismiss due to lack of personal jurisdiction, the trial court considers only the facts relevant to jurisdiction, and it does not consider the merits of the underlying action; thus, discovery is permissible only as to the jurisdictional issues during that phase of the action. V.A.M.R. 56.01. | "In considering a motion to dismiss due to lack of personal jurisdiction, does the trial court consider only the facts relevant to jurisdiction?" | 031967.docx | LEGALEASE-00138089-LEGALEASE-00138090 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hooks v. State, 660 N.E.2d 1076 | 129+110 | To sustain disorderly conduct conviction based on unreasonable noise, state must show that complained-of speech infringed upon right to peace and tranquility enjoyed by others. West's A.I.C. 35-45-1-3(2). | When do courts sustain disorderly conviction based on unreasonable noise? | Disorderly Conduct-Memo 39- PR.docx | ROSS-003290463-ROSS-003290464 |
| Marble v. Parham, 3 Ariz. App. 585 | 302+360 | In testing complaint against motion to dismiss by reason of claimed failure to state a claim for relief, complaint is viewed in light most favorable to sustaining of complaint and allegations of complaint must be taken as true for purposes of motion to dismiss. | Should the allegations of the complaint be taken as true for the purposes of the motion to dismiss? | 023399.docx | LEGALEASE-00138584-LEGALEASE-00138585 |
| Conaway v. McCrory Stores Corp., 82 Ga. App. 97 | 302+34(2) | General allegations that a person could not have avoided consequences of another's negligence by exercise of ordinary care, after it was and should have been discovered, must yield, on demurrer, to particular facts shown, where inferences from fact are necessarily to be drawn contradictory of conclusions. | Should conclusions in conflict with pleaded facts be disregarded? | 023401.docx | LEGALEASE-00138610-LEGALEASE-00138611 |
| Paniagua v. Orange Cty. Fire Auth., 149 Cal. App. 4th 83 | 307A+517.1 | Where the plaintiff has filed a voluntary dismissal of an action, the court is without jurisdiction to act further, and any subsequent orders of the court are simply void. | "Where the plaintiff has filed a voluntary dismissal of an action, is the court without jurisdiction to act further, and any subsequent orders of the court void?" | 028032.docx | LEGALEASE-00138986-LEGALEASE-00138987 |
| In re Celadon Trucking Servs., 281 S.W.3d 93 | 307A+91 | Parties are generally permitted to take the deposition of any person; however, the person noticed for deposition has the right to protection from, undue burden, unnecessary expense, harassment or annoyance, or investigation of personal, constitutional, or property rights. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.3(a). | Are parties generally permitted to take the deposition of any person? | 030895.docx | LEGALEASE-00138846-LEGALEASE-00138847 |
| Columbus Tr. Co. v. Upper Hudson Elec. & R. Co., 190 N.Y.S. 737 | 307A+123.1 | Where parties to a pending action instituted proceedings for the examination of witnesses before trial by notice under Civil Practice Act, S 290, the court, on motion to vacate such proceedings, can disregard the mistake, and, since it has the parties before it, can enter an order under section 292 of that act for the examination of the witnesses if justice so requires and if they live more than 100 miles from the place of trial so that they are subject to examination under section 288 of that act. | Can a party to a pending action institute proceedings for the examination of witnesses before a trial by notice? | 030913.docx | LEGALEASE-00138928-LEGALEASE-00138929 |
| Chaplin v. Selznick, 186 Misc. 66 | 307A+99 | Ordinarily one defendant may not examine a codefendant before trial unless the one seeking examination has asked for affirmative relief against the defendant whose examination is sought. Civil Practice Act SS 288, 289. | Can a defendant examine a codefendant before trial unless the one seeking examination has asked for affirmative relief against the defendant whose examination is sought? | 031150.docx | LEGALEASE-00138697-LEGALEASE-00138698 |
| Del Vecchio v. Danielle Assocs., 94 A.D.3d 941 | 157+219.50 | Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control. McKinney's CPLR 3101(a). | Is evidence of subsequent repairs and remedial measures not discoverable or admissible in a negligence case without an issue of maintenance or control? | Pretrial Procedure - Memo # 4831 - C - NS.docx | ROSS-003331242-ROSS-003331243 |
| Hayes v. City of New York, 98 N.Y.S.2d 424 | 307A+74 | Before a witness signs and subscribes his testimony he may add at the foot thereof a statement that certain of his answers are incorrect giving his reasons therefor and after adding such a statement he must sign and subscribe his testimony. | "Before a witness signs and subscribes his testimony, will he add at the foot thereof a statement that certain of his answers are incorrect?" | 031736.docx | LEGALEASE-00138186-LEGALEASE-00138187 |
| Desson v. Trustees of Net Realty Holding Tr., 229 A.D.2d 512 | 307A+36.1 | Discovery of evidence of subsequent similar accidents, while material in cases where defect is alleged in design or creation of product or structure, is irrelevant and inappropriate in cases where no inherent defect is alleged. | Is the discovery of similar incidents or claims material in cases where the defect is alleged in design or creation of a product? | Pretrial Procedure - Memo # 4964 - C - VA.docx | ROSS-003291789-ROSS-003291790 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gautier v. Gautier, 385 So. 2d 583 | 307A+726 | Trial court did not abuse its discretion in failing to grant fourth continuance orally requested by defense counsel on the date of separation trial, where defense counsel simply informed the court that he had instructed his client, who had been subpoenaed, not to appear for trial if he was not in better condition than he had been on the previous day, and that, on the day before trial, upon interviewing his client, he had found him to be in an irrational state. | Would the court abuse its discretion in failing to grant fourth continuance orally requested by defense counsel on the date of separation trial? | Pretrial Procedure - Memo # 4971 - C - PC.docx | ROSS-003291254-ROSS-003291255 |
| Rubenstein v. Schmuck, 129 A.D. 326 | 307A+725 | One moving to postpone cannot require his motion to be heard and decided on any particular day, and he is not entitled to have an order entered until the court has finally denied his motion and decided to proceed to trial, or allow a dismissal or inquest by default, and the court may withhold its decision on the motion until the cause is ready for trial, unless court rules provide to the contrary. | Can a party moving to postpone a trial require his motion to be heard and decided on any particular day? | 032038.docx | LEGALEASE-00138340-LEGALEASE-00138341 |
| Hodge v. Myers, 255 S.C. 542 | 307A+742.1 | The purposes of pretrial conferences are to expedite trials or shorten the actual period of trial, to narrow or simplify the issue, to eliminate the doing of useless things, and to facilitate the attainment of justice between the parties. Circuit Court Rules, rule 43. | Are the purposes of pretrial conference to simplify issues and expedite trial proceedings? | 026353.docx | LEGALEASE-00139047-LEGALEASE-00139048 |
| Fox v. Stanley J. How & Assocs., 309 N.W.2d 520 | 30+3324 | Although trial courts have power and discretion to impose sanctions to enforce pretrial order, it is incumbent upon reviewing court to scrutinize exercise of that discretion and to confine exercise to reasonable limits. | Is it incumbent upon a reviewing court to scrutinize the exercise of a court's discretion in deciding whether to enforce pretrial orders? | Pretrial Procedure - Memo # 4802 - C - AC.docx | LEGALEASE-00029027-LEGALEASE-00029028 |
| Slowke v. Altermatt, 293 Mich. 360 | 307A+501 | A plaintiff's common law right to dismiss action or submit to voluntary nonsuit still exists, except as modified by statute or court rule. | Does the common law right to submit to a nonsuit still exist subject to limitations by statute and court rules?? | 032649.docx | LEGALEASE-00139315-LEGALEASE-00139316 |
| Hoskin v. Resor, 324 F. Supp. 271 | 34+11(1) | Even when there is some question as to regularity of commissioning of officers, if officer actually served, he is entitled to all emoluments of office, including an honorable discharge, assuming circumstances of his service did not preclude the issuance thereof. | Is an officer entitled to all the emoluments of an office even when there is some question as to the regularity of the commissioning of the officer? | Armed Services - Memo 215 - SB.docx | ROSS-003288498-ROSS-003288499 |
| State v. Books, 225 N.W.2d 322 | 63+3 | Statute making it an offense for public officials and employees to accept any gift or gratuity in connection with a business transaction extends to private as well as public employees. I.C.A. S 741.1. | Does statute make it an offense for public officials and employees to accept any gift or gratuity in connection with a business transaction extends to private as well as public employees? | Bribery - Memo #686 - C-JL.docx | LEGALEASE-00029249-LEGALEASE-00029250 |
| Zinke v. Orskog, 422 S.W.3d 422 | 307A+517.1 | Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. V.A.M.S. S 516.230; V.A.M.R. 67.02. | Is there anything pending before the trial court on which it is permitted to act once a permitted voluntary dismissal is filed? | 028030.docx | LEGALEASE-00139524-LEGALEASE-00139525 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reynolds v. Reynolds, 14 Cal. App. 2d 481 | 307A+69.1 | When a deposition is taken upon written interrogatories, opposing party or his counsel have right to be present, and exclusion of defendant and her counsel from taking of deposition of plaintiff on written interrogatories voided the procedure, even if it were otherwise valid. Code, S 38-2101. | Does the exclusion of defendant and counsel from taking of deposition of plaintiff on written interrogatories make the procedure void even if it were otherwise valid? | Pretrial Procedure - Memo # 3197 - C - SB.docx | ROSS-003331612-ROSS-003331613 |
| Scarseth v. United States, 52 Fed. Cl. 458 | 34+5(3) | The decision to accept or deny a resignation from the service rests solely within the discretion of the Secretary of the Army, and the exercise of that discretion will be sustained unless it is exercised in a manner which is arbitrary, capricious or not in accordance with law. | Can the Secretary of the Army exercise discretion to accept a resignation or not? | 008554.docx | LEGALEASE-00139981-LEGALEASE-00139982 |
| Hughes v. Black, 39 So. 984 | 83E+814 | While a blank indorsement of a note vests title to the note in the holder thereof, yet if the note, after having been indorsed, gets back into the possession of the payee or the indorser, his possession shows a prima facie legal title to the note upon which suit may be predicated, and the burden is on defendant in such suit to show plaintiff's actual want of title. | Whether a blank indorsement is sufficient to pass title? | 010292.docx | LEGALEASE-00139867-LEGALEASE-00139868 |
| Seaboard Air Line Ry. v. Rentz, 60 Fla. 429 | 30+3273 | A ruling on a motion for compulsory amendment of a pleading, under Rev.St.1892, S 1043, F.S.A. S 50.21, being within the sound discretion of the trial court, will not be disturbed on appeal, unless the judicial discretion has been plainly abused. | Can a motion for compulsory amendment of a plea addressed by the court be disturbed? | 010468.docx | LEGALEASE-00140378-LEGALEASE-00140379 |
| Bergerman v. Murphy, 199 Misc. 1008 | 268+871 | A "gift" within meaning of constitutional provision prohibiting a municipality from making a "gift" of public funds to or in aid of any individual, is a voluntary transfer of money or property without any consideration or compensation therefor, while a "pension" which is not in violation of the constitutional provision, is a period allowance made by a government to an individual or to those who represent him on account of past services or some meritorious work done by him. Const. art. 8, S 10. | Is pension a periodic allowance? | 022815.docx | LEGALEASE-00140439-LEGALEASE-00140440 |
| Vaughn v. Metro. Prop. & Cas. Ins. Co., 260 Ga. App. 573 | 307A+481 | Any matter admitted in request for admission is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. West's Ga.Code Ann. S 9-11-36. | "Does any matter admitted in request for admission conclusively establish unless the court, on motion, permits withdrawal or amendment of the admission?" | 029135.docx | LEGALEASE-00139745-LEGALEASE-00139747 |
| Fungaroli v. Fungaroli, 252 S.E.2d 849 | 307A+725 | Chief consideration to be weighed in passing upon motion to continue is whether grant or denial will be in furtherance of substantial justice. | Is the chief consideration to be weighed in passing a motion to continue the question whether a grant or denial is in furtherance of substantial justice? | 031334.docx | LEGALEASE-00140658-LEGALEASE-00140659 |
| Wait v. Brewster, 31 Vt. 516 | 307A+74 | A party who has taken a deposition, which the law does not require to be filed in court, is not obliged to produce it at the request of the other party, on trial, notwithstanding the opposite party appeared when it was taken, and cross-examined the deponent, and though it has been filed with the clerk of the court by the party taking it. | "Is a party who has taken a deposition, not obliged to produce it at the request of the other party?" | 032297.docx | LEGALEASE-00139771-LEGALEASE-00139772 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Sullivan v. Cent. Illinois Pub. Serv. Co, 215 Ill. App. 606 | 30+569(2) | Evidence purported to be taken before master in chancery to whom suit for injunction was referred, and evidence purported to have been heard by court, would be stricken from record, where portion of record containing evidence taken before master was not signed by master, and there was no certificate by him that such evidence was all the evidence heard by him, and there was no certificate preserving evidence heard by court or stating that such evidence was all the evidence heard by the court. | "Should a deposition taken before a master in chancery, and reported by him, but not signed by the witness, upon motion be stricken from the record?" | 032302.docx | LEGALEASE-00139825-LEGALEASE-00139826 |
| Inhabitants of Brighton v. Walker, 35 Me. 132 | 307A+74 | A deponent, before giving his deposition, must be sworn "to testify the truth, the whole truth, and nothing but the truth, relating to the cause or matter for which the deposition is to be taken"; and where a caption recites that "the deponent was first sworn, according to law, to the aforesaid deposition by him subscribed," the deposition will be rejected. | "Must a deponent, before giving his deposition, be sworn ""to testify the truth, the whole truth, and nothing but the truth, relating to the cause or matter for which the deposition is to be taken""?" | 032356.docx | LEGALEASE-00140139-LEGALEASE-00140140 |
| Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 | 170B+2077 | Objections to subject-matter jurisdiction may be raised at any time; thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction, and indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction. | "Can a party, after losing at trial, move to dismiss the case because the trial court lacked subject-matter jurisdiction?" | Pretrial Procedure - Memo # 5622 - C - CK.docx | ROSS-003328484-ROSS-003328485 |
| Tucker v. Fayetteville State Univ., 238 N.C. App. 188 | 307A+554 | Action is properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. Rules Civ.Proc., Rule 12(b)(1), West's N.C.G.S.A. S 1A-1. | Is action properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies? | 032818.docx | LEGALEASE-00139813-LEGALEASE-00139814 |
| Sprague v. Cortes, 223 F. Supp. 3d 248 | 170B+2073 | When a motion to dismiss is based on several grounds, a court should first consider a challenge based on subject matter jurisdiction because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot. Fed. R. Civ. P. 12(b)(1). | Is a motion to dismiss for lack of subject-matter jurisdiction made pursuant to rule of procedure governing defenses and objections? | Pretrial Procedure - Memo # 5636 - C - SS.docx | ROSS-003291338-ROSS-003291339 |
| Reiter v. Cooper, 507 U.S. 258 | 15A+2105 | Referral of issue to administrative agency under doctrine of primary jurisdiction does not deprive court of jurisdiction; it has discretion either to retain jurisdiction or, if parties would not be unfairly disadvantaged, to dismiss case without prejudice. | "If the court determines that the primary jurisdiction doctrine applies, may the court determine whether to stay the litigation or dismiss without prejudice?" | 033253.docx | LEGALEASE-00140660-LEGALEASE-00140661 |
| Harris v. Westin Mgmt. Co. E., 230 S.W.3d 1 | 307A+554 | A court shall dismiss an action whenever it appears that the court lacks subject matter jurisdiction, and the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction. | "Should a court dismiss an action whenever it appears that the court lacks subject matter jurisdiction, and the quantum of proof is not high?" | 033255.docx | LEGALEASE-00140664-LEGALEASE-00140665 |
| Arkansas Louisiana Gas Co. v. Hardin, 206 Ark. 593 | 371+2005 | Though state in order to function properly must collect taxes, it must exercise power of taxation in such manner as to permit the solvent survival of taxpayers able to pay the taxes required by state for its support. | Should the exercise of the power of taxation be in such a manner as to permit the taxpayers ability to pay the taxes required by state for its support? | 045498.docx | LEGALEASE-00140425-LEGALEASE-00140426 |
| Chief Seattle Properties v. Kitsap Cty., 86 Wash. 2d 7 | 371+2005 | State tax imposed on an Indian or a non-Indian would be invalid if it would substantially interfere with a discernible federal policy to aid the Indian; the interference may not be treated as substantial if it is too remote to be legally sufficient to invalidate the tax. | Would a state tax imposed on an Indian or a non-Indian be invalid if it would substantially interfere with a discernible federal policy to aid the Indian? | 045522.docx | LEGALEASE-00140429-LEGALEASE-00140430 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schacht v. United States, 398 U.S. 58 | 34+40(1) | Statute making it an offense to wear military uniforms of United States without authority is, standing alone, a valid statute on its face. 18 U.S.C.A. S 702. | "Is a statute making it an offense to wear military uniforms of the United States, without authority, a valid statute on its face?" | Armed Services - Memo 242 - TB.docx | ROSS-003317782-ROSS-003317783 |
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | Payor of a bribe must intend to engage in some more or less specific quid pro quo with the official who receives the payment in order for payment to be bribe for purposes of statute prohibiting bribery of public officials and witnesses. 18 U.S.C.A. S 201(b)(1)(A). | What must the payor of a bribe do in order for payment to be considered a bribe for purposes of statute prohibiting bribery of public officials and witnesses? | 012128.docx | LEGALEASE-00142021-LEGALEASE-00142022 |
| United States v. Copeland, 143 F.3d 1439 | 63+1(1) | Only those contractual relationships constituting some form of federal assistance fall within scope of anti-bribery statute; thus, organizations engaged in purely commercial transactions with federal government are not subject to the statute. 18 U.S.C.A. S 666(b). | What type of relationships fall within the scope of the anti-bribery statute? | 012134.docx | LEGALEASE-00141933-LEGALEASE-00141934 |
| United States v. Muhammad, 120 F.3d 688 | 63+1(1) | Defendant violates federal bribery statute by merely seeking or demanding bribe, regardless of whether he accepts or even agrees to accept it. 18 U.S.C.A. S 201(b)(2)(A). | Does a defendant violate the federal bribery statute by merely seeking or demanding a bribe even if he doesn't accept it? | 012144.docx | LEGALEASE-00141943-LEGALEASE-00141944 |
| R.R. Comm'n v. Graford Oil Corp., 557 S.W.2d 946 | 260+92.50 | Separate and distinct pools of oil or gas which are not connected and do not communicate with one another do not constitute "common reservoir" within statute stating duty of Railroad Commission to regulate daily production; each separate pool or accumulation is separate reservoir even though several different reservoirs may underlie single gas-producing area and entire gas-producing area may be loosely referred to as "field." Vernon's Ann.Civ.St. art. 6008, SS 2, 10. | Do separate and distinct pools of oil or gas which are not connected and which do not communicate with one another constitute a common reservoir? | 021279.docx | LEGALEASE-00141234-LEGALEASE-00141235 |
| Bacon v. Lloyd, 1882 WL 9056 | 307A+74 | A motion to suppress depositions should be sustained where the certificate of the officer taking them fails to show that the answers of the witness were subscribed to before him as required by Rev.St.1879, art. 2229, Rules of Civil Procedure, rule 196. | Should a motion to suppress depositions be sustained where the certificate of the officer taking them fails to show that the answers of the witness were subscribed to before him as required? | Pretrial Procedure - Memo # 5456 - C - SKG.docx | ROSS-003291323-ROSS-003291324 |
| Fredericks v. Davis, 3 Mont. 251 | 307A+74 | The certificate of a deputy county recorder to the official character of an acting justice taking a deposition must be tested by the laws of the state or territory where taken. | Must the certificate of a deputy county recorder to the official character of an acting justice taking a deposition be tested by the laws of the state or territory where taken? | 032588.docx | LEGALEASE-00141673-LEGALEASE-00141674 |
| Harris v. Leavitt, 16 Tex. 340 | 307A+76.1 | Where one party applies for a commission to take the deposition of a witness by interrogatories and the opposite party fails to file cross interrogatories, the party at whose instance the commission was issued may decline on the trial to read the deposition, and the opposite party will have no right to read it. | Is it no objection to the reading of a deposition that notice of its being filed in the clerk's office was not given to the opposite party? | 032624.docx | LEGALEASE-00141198-LEGALEASE-00141199 |
| Berrier v. CareFusion 203, 231 N.C. App. 516 | 307A+685 | If the defendant supplements his motion to dismiss for lack of personal jurisdiction with an affidavit or other supporting evidence, the allegations in the complaint can no longer be taken as true or controlling, plaintiff cannot rest on those allegations, and trial court considers (1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit which are uncontroverted because of the plaintiff's failure to offer evidence. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | "If the defendant submits supportive evidence along with the motion to dismiss, can the complaints allegations be taken as true or controlling?" | 032995.docx | LEGALEASE-00141614-LEGALEASE-00141615 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Noble v. Shawnee Gun Shop, 316 S.W.3d 364 | 307A+680 | In considering a motion to dismiss due to lack of personal jurisdiction, the trial court considers only the facts relevant to jurisdiction, and it does not consider the merits of the underlying action; thus, discovery is permissible only as to the jurisdictional issues during that phase of the action. V.A.M.R. 56.01. | Does a trial court consider only facts relevant to jurisdiction in considering a motion to dismiss due to lack of personal jurisdiction? | Pretrial Procedure - Memo # 6024 - C - CK.docx | ROSS-003288160-ROSS-003288161 |
| Texas Parks & Wildlife Dep't v. Garland, 313 S.W.3d 920 | 307A+554 | Generally, the proper remedy when a court lacks subject matter jurisdiction is to dismiss the case without prejudice, but when a dispositive defect cannot be remedied, dismissal with prejudice is proper. | Is the proper remedy when a court lacks subject matter jurisdiction is to dismiss the case without prejudice? | Pretrial Procedure - Memo # 6032 - C - PB.docx | ROSS-003303024-ROSS-003303025 |
| Avco Fin. Servs. Loan v. Hale, 36 Ohio App. 3d 65 | 307A+554 | Standard to apply for dismissal for lack of subject matter jurisdiction is whether the plaintiff has alleged any cause of action cognizable by the forum. Rules Civ.Proc., Rule 12(B)(1). | "Is whether any cause of action cognizable by the forum has been raised in the complaint, a standard for determining motion to dismiss for lack of subject matter jurisdiction?" | 033462.docx | LEGALEASE-00140921-LEGALEASE-00140922 |
| Shannon v. Streckfus Steamers, 279 Ky. 649 | 238+1 | An "excise tax" is often used as synonymous with "privilege" or "license tax," though there is no clear line of demarkation between the so-called "license," "occupation" and "privilege tax," and "excise tax" is in its proper sense something cut off from the price paid on a sale of goods as a contribution to the support of the government. | Is excise something cut off from the price paid on a sale of goods as a contribution to the support of the government in its original sense? | 045144.docx | LEGALEASE-00140865-LEGALEASE-00140866 |
| State ex rel. & to Use of Benson v. Union Elec. Co. of Mo., 359 Mo. 35 | 371+2166 | Taxes are levied and collected for public purposes on all property within territorial jurisdiction of the state, except that expressly enumerated as exempt, even though all such property must be subjected to the various specific taxes by law. | Does the property to be taxed subjected thereto by law? | 045701.docx | LEGALEASE-00141671-LEGALEASE-00141672 |
| State ex rel. Tri-Cty. Elec. Co-op. Ass'n v. Dial, 192 S.W.3d 708 | 413+2 | Workers' compensation is wholly substitutional in character, and any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable. | Is workers compensation law wholly substitutional in character and are any rights at common law supplanted or superseded by the act? | Workers Compensation - Memo #365 ANC.docx | ROSS-003289892-ROSS-003289893 |
| Baron v. Best Buy Co., 79 F. Supp. 2d 1350 | 25T+155 | Federal district courts must compel arbitration of pendent arbitrable claims when party files a motion to compel, even where result would be possibly inefficient maintenance of separate proceedings in different forums. 9 U.S.C.A. S 4. | When should the court compel arbitration of pendent arbitrable claims? | 007650.docx | LEGALEASE-00143374-LEGALEASE-00143375 |
| United States v. Gatling, 96 F.3d 1511 | 63+1(1) | Central difference between accepting bribe and accepting gratuity is degree of culpable intent on part of recipient; to convict defendant for accepting bribe, jury must find that defendant acted corruptly, whereas to convict for accepting gratuity, jury need only find that defendant acted knowingly and willingly. 18 U.S.C.A. S 201. | What is the difference between accepting a bribe and accepting a gratuity? | 011516.docx | LEGALEASE-00142250-LEGALEASE-00142251 |
| Nowlin v. United States, 81 F. Supp. 3d 514 | 63+1(1) | To establish initially that a federal court may exercise subject matter jurisdiction over a case charging theft or bribery concerning programs receiving federal funds, the government must allege facts sufficient to show such a nexus between the criminal conduct and the agency, but in a case where a defendant challenges subject matter jurisdiction, the government must present proof, by a preponderance of the evidence, to support the claim of jurisdiction. 18 U.S.C.A. S 666. | "For the court to entertain a bribery charge where the federal funds were received by the agency, is there a requirement that the particular program be the recipient of the federal funds?" | 011604.docx | LEGALEASE-00142764-LEGALEASE-00142765 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| W. Virginia Dep't of Highways v. Farmer, 159 W. Va. 823 | 260+48 | Word "minerals" in its ordinary and common meaning is a comprehensive term including every description of stone and rock deposit whether containing metallic or nonmetallic substances. | Does the word mineral include every description of stone and rock deposit? | 021402.docx | LEGALEASE-00143498-LEGALEASE-00143499 |
| City of Glendale v. Marcus Cable Associates, 185 Cal. Rptr. 3d 331 | 307A+477.1 | The requests for admission mechanism is not a means by which a party obtains additional information, but rather a dispute-resolution device that eliminates the time and expense of formal proof at trial. | Is the request for admission mechanism a mean by which a party obtains additional information? | 030671.docx | LEGALEASE-00142866-LEGALEASE-00142867 |
| In re Consol. Zicam Prod. Liab. Cases, 212 Ariz. 85 | 307A+554 | If nonresident defendants' forum-related activities are not sufficiently connected for the court to conclude that the plaintiffs' claim arises out of those activities, dismissal is warranted. | "If nonresident defendant forum-related activities are not sufficiently connected for the court to conclude that the plaintiff claim arises out of those activities, is dismissal warranted?" | 033449.docx | LEGALEASE-00143057-LEGALEASE-00143058 |
| Verbitski v. Union Pac. R. Co., 2011 Ark. App. 6 | 313+153 | When service of process requirements are not met, the trial court's jurisdiction extends only to the act of ordering a dismissal of the case and nothing more; any other act by the trial court constitutes a plain, manifest, clear, and gross abuse of discretion. Rules Civ.Proc., Rule 4(i). | "When services of process requirements are not met, does the trial court jurisdiction extend only to the act of ordering a dismissal of the case and nothing more?" | 033701.docx | LEGALEASE-00142897-LEGALEASE-00142898 |
| Israel v. Flick Mortg. Inv'rs, 23 So. 3d 1196 | 307A+560 | A motion to dismiss for lack of jurisdiction based on insufficiency of service of process lies when the service effected does not comport with the requirements of the statute pertaining to the manner in which such service is to be effected. | Does a motion to dismiss for lack of jurisdiction based on insufficiency of service of process lie when the service is to be effected? | 033754.docx | LEGALEASE-00142469-LEGALEASE-00142470 |
| Patton v. Jones, 212 S.W.3d 541 | 302+104(1) | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | Is a motion to dismiss based upon a lack of jurisdiction the functional equivalent of a plea to the jurisdiction? | 033813.docx | LEGALEASE-00142471-LEGALEASE-00142472 |
| Thompson v. Peterson, 546 N.W.2d 856 | 307A+554 | Exhaustion of remedies before appropriate administrative agency is generally prerequisite to making claim in court, and dismissal for lack of subject matter jurisdiction is appropriate if plaintiff has failed to exhaust such remedies. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.; Rules Civ.Proc., Rule 12(b)(i). | Is a dismissal for lack of subject matter jurisdiction appropriate if the plaintiff failed to exhaust administrative remedies? | 033819.docx | LEGALEASE-00142559-LEGALEASE-00142560 |
| CNA Int'l v. Baer, 2012 IL App (1st) 112174 | 307A+531 | The purpose of a motion to dismiss based on certain defects or defenses is to dispose of issues of law and easily proved issues of fact early in the litigation. S.H.A. 735 ILCS 5/2-619(a). | Does the purpose of a motion to dismiss based on certain defects or defenses is to dispose of issues of law and easily proved issues of fact early in the litigation? | 033859.docx | LEGALEASE-00143556-LEGALEASE-00143557 |
| City of El Paso v. Wilkins, 281 S.W.3d 73 | 307A+554 | A trial court lacks subject matter jurisdiction when a cause of action is barred by sovereign immunity, and dismissal with prejudice is proper. | Does a trial court lack subject matter jurisdiction when a cause of action is barred by sovereign immunity? | 033926.docx | LEGALEASE-00142373-LEGALEASE-00142375 |
| Roberts v. Stidham, 19 So. 3d 1155 | 313+63 | Even when there has been no showing of good cause or excusable neglect for failure to serve process within 120 days and the statute of limitations has run, discretion should be exercised in favor of allowing the plaintiff an extension to accomplish service. West's F.S.A. RCP Rule 1.070(j). | Is dismissal for failure to serve process within 120 days required only if reasonable cause for the delay in service is not documented? | 033943.docx | LEGALEASE-00142449-LEGALEASE-00142450 |
| McGee v. Macambo Lounge, 158 Mich. App. 282 | 307A+746 | Default judgment is authorized if party or officer, director, or managing agent of party fails to appear at pretrial or settlement conference after having been ordered to attend. MCR 2.401(F), 2.506(F), 2.603. | Is a default judgment authorized if a party fails to appear at a pretrial or settlement conference after having been ordered to attend? | 034322.docx | LEGALEASE-00143210-LEGALEASE-00143211 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mountain Fuel Supply Co. v. Salt Lake City Corp., 752 P.2d 884 | 371+2005 | City is not denied most effective means of raising needed revenues unless that means imposes unreasonable burden on affected parties. | Is the city denied most effective means of raising needed revenues if those means impose unreasonable burden on affected parties? | 045318.docx | LEGALEASE-00142601-LEGALEASE-00142602 |
| Cty. of Lenoir v. Moore, 114 N.C. App. 110 | 371+2060 | Real property ad valorem taxes are inherently public in character; they are statutorily authorized taxes raised to serve needs of community as whole. | Are real property ad valorem taxes statutorily authorized taxes raised to serve needs of community as whole? | 045614.docx | LEGALEASE-00142591-LEGALEASE-00142592 |
| SMM Properties v. City of N. Lauderdale, 760 So. 2d 998 | 268+405 | A special assessment must satisfy a two-prong test in order to be considered a valid special assessment rather than a tax: (1) the services at issue must provide a special benefit to assessed property, and (2) the assessment must be properly apportioned. | What is the two-prong test a special assessment must satisfy in order to be considered a valid special assessment rather than a tax? | Taxation - Memo # 703 - C - RY.docx | LEGALEASE-00033253-LEGALEASE-00033254 |
| United States v. Moeller, 987 F.2d 1134 | 234+5 | Some nexus must exist between agency receiving federal assistance and criminal conduct in violation of statutory prohibition against theft or bribery concerning programs receiving federal funds, although conduct prohibited by the statute need not actually affect federal funds received by the agency. 18 U.S.C.A. S 666. | "Under law, with regard to the prohibited conduct that affect administration of federal funds, should there be some nexus between the criminal conduct and the agency receiving federal assistance?" | Bribery - Memo #420 - C-CSS.docx | ROSS-003302293-ROSS-003302294 |
| United States v. Harvey, 532 F.3d 326 | 63+1(1) | Not every gift, favor or contribution to a government or political official constitutes bribery; bribery occurs only if the gift is coupled with a particular criminal intent to receive a specific benefit in return for the payment. 18 U.S.C.A. S 201(b)(1)(A), (b)(2)(A). | "When do gifts, favors, and contributions to government or public officials constitue bribery?" | 012208.docx | LEGALEASE-00143704-LEGALEASE-00143705 |
| Comm'r of IRS v. Estate of Sanders, 834 F.3d 1269 | 135+1 | Although the meaning may vary according to context, "residence" generally requires both physical presence and an intention to remain. | "Does ""residence"" require both physical presence and an intention to remain although the meaning may vary according to context?" | 014486.docx | LEGALEASE-00144375-LEGALEASE-00144376 |
| Finks v. Middleton, 795 S.E.2d 789 | 13+13 | Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a motion to dismiss for lack of jurisdiction. N.C. R. Civ. P. 12(b)(1). | Does standing concern the trial court's subject matter jurisdiction and is therefore properly challenged by a motion to dismiss for lack of jurisdiction? | 032916.docx | LEGALEASE-00143766-LEGALEASE-00143767 |
| Petrie v. Columbia & G.R. Co., 27 S.C. 63 | 307A+74 | Where parties join in a commission to take the examination of a witness, and the commission is returned into court, either party may move for publication, and neither can object to it. It is error, therefore, to refuse the plaintiff publication of testimony taken on behalf of the defendant until the defendant has manifested an intention not to use it, either by moving for a nonsuit, or by declining to introduce it when it came his turn to offer testimony. | Where parties join in a commission to take the examination of witnesses and the commission is returned into the court can a party object to it? | 033055.docx | LEGALEASE-00143909-LEGALEASE-00143910 |
| Gen. Elec. Capital Corp. v. Browning Mulch Co., 303 Ga. App. 795 | 30+3232 | An order of dismissal for failure to appear is discretionary with the trial court and is not subject to review by the Court of Appeals in the absence of an abuse of discretion. | Is an order of dismissal for failure to appear discretionary with the trial court and is not subject to review by the Court of Appeals in the absence of an abuse of discretion? | 033646.docx | LEGALEASE-00144083-LEGALEASE-00144084 |
| Shams v. Hassan, 829 N.W.2d 848 | 307A+554 | Unlike other grounds for dismissal, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine where it has personal jurisdiction over the defendant. | Would a district court make necessary factual findings to determine whether a court has personal jurisdiction over the defendant? | 033658.docx | LEGALEASE-00144121-LEGALEASE-00144122 |
| Wilder Chiropractic v. State Farm Fire & Cas. Co., 2014 IL App (2d) 130781 | 307A+560 | No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on defendant. Sup.Ct.Rules, Rule 103(b). | "Does an absolute time frame that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on a defendant, exist?" | 033714.docx | LEGALEASE-00144425-LEGALEASE-00144426 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reid v. Evans, 273 Neb. 714 | 307A+560 | An action is dismissed by operation of law as to any defendant who is named and who is not served with process within six months after the complaint is filed. Neb.Rev.St. S 25-217. | Is an action dismissed by operation of law as to any defendant who is named and who is not served with process within six months after the complaint is filed? | 034443.docx | LEGALEASE-00144275-LEGALEASE-00144276 |
| Willis v. RCA Corp., 12 Ohio App. 3d 1 | 307A+746 | Unless party's conduct is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for dismissal with prejudice, court should consider lesser sanctions when party fails to appear at hearing. Rules Civ.Proc., Rule 41(B). | "Should a court not order dismissal with prejudice unless the party's conduct is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for such dismissal?" | Pretrial Procedure - Memo # 6825 - C - BP.docx | ROSS-003316365-ROSS-003316366 |
| Cox v. Burke, 706 So. 2d 43 | 307A+563 | Where party lies about matters pertinent to party's own claim, or portion of it, and perpetrates a fraud that permeates entire proceeding, dismissal of whole case for fraud on court is proper. | "Where a party lies about matters pertinent to his own claim, or a portion of it, is dismissal of the whole case proper?" | 034551.docx | LEGALEASE-00143888-LEGALEASE-00143889 |
| Bachmeier v. Wallwork Truck Centers, 507 N.W.2d 527 | 307A+44.1 | Inherent power sanctions require case-by-case analysis of all circumstances present in case, including culpability of party against whom sanctions are being imposed, finding of prejudice against moving party, degree of prejudice, including impact it has on presenting or defending case, and availability of less severe alternative sanctions. (Per Neumann, J., with one Judge concurring and two Judges concurring in the result.) | "In determining when sanctions are appropriate against party, what are the three factors considered by the trial court?" | 034579.docx | LEGALEASE-00144623-LEGALEASE-00144624 |
| E.I. DuPont De Nemours & Co. v. Sidran, 140 So. 3d 620 | 307A+563 | To support a dismissal based upon a fraud on the court, the court must find the false testimony was directly related to the central issue in the case. | "To support a dismissal for fraud on the court, should the court find the false testimony was directly related to the central issue in the case?" | 034610.docx | LEGALEASE-00144177-LEGALEASE-00144178 |
| Kirtland v. Hotchkiss, 100 U.S. 491 | 371+2005 | Unless restrained by provisions of the federal constitution the power of the state as to the mode, form and extent of taxation is unlimited, where the subjects to which it applies are within her jurisdiction. | Can the provisions of the federal constitution restrain the form and extent of the taxation power of the state? | Taxation - Memo # 757 - C - DHA.docx | ROSS-003303313-ROSS-003303314 |
| Estate of Rose, 465 Pa. 53 | 220+3003 | Federal and state governments may generally tax same subject matter at same time and neither the United States nor the state, in determining amount of tax due it, is under constitutional obligation to make any allowance on account of tax of the other. | Can federal and state governments tax the same subject at the same time? | 045769.docx | LEGALEASE-00144480-LEGALEASE-00144481 |
| Birmingham Assocs. Ltd. v. Abbott Labs., 547 F. Supp. 2d 295 | 25T+182(1) | A non-signatory may compel arbitration on an estoppel theory where (1) there is a close relationship between the parties and controversies involved and (2) the signatory's claims against the non-signatory are intimately founded in and intertwined with the underlying agreement containing the arbitration clause; claims are intertwined where the merits of an issue between the parties is bound up with a contract binding one party and containing an arbitration clause. | When can a non-signatory compel arbitration on an estoppel theory? | Alternative Dispute Resolution - Memo 734 - RK.docx | ROSS-003300531-ROSS-003300532 |
| Ramsden v. Farm Credit Servs. of N. Cent. Wisconsin ACA, 223 Wis. 2d 704 | 30+3281 | A complaint does not need to state all the ultimate facts constituting each cause of action, and the Court of Appeals will not affirm the dismissal of a complaint as legally insufficient unless it is quite clear that under no conditions can the plaintiff recover. W.S.A. 802.06(2)(a)6. | Should a complaint state all the ultimate facts constituting each cause of action? | 023545.docx | LEGALEASE-00145521-LEGALEASE-00145522 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Young v. Fed. Bureau of Prisons, 825 F. Supp. 2d 234 | 170B+2788 | Under rule authorizing motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over each defendant, and in order to satisfy this burden, the plaintiff must establish the court's jurisdiction over each defendant through specific allegations in her complaint. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A. | Does the plaintiff have the burden on a defendant's motion to dismiss for lack of personal jurisdiction to establish that the court does have such jurisdiction? | 033122.docx | LEGALEASE-00146170-LEGALEASE-00146171 |
| Cooper v. Kirkwood Cmty. Coll., 782 N.W.2d 160 | 106+40 | Once a court determines that it lacks subject-matter jurisdiction over a claim, it has no power to enter a judgment on the merits and must dismiss the action. | "Once a court determines that it lacks subject-matter jurisdiction over a claim, does it have no power to enter a judgment on the merits and must dismiss the action?" | 033171.docx | LEGALEASE-00145417-LEGALEASE-00145418 |
| Clay v. Deering, 618 A.2d 92 | 307A+746 | Court is not required to grant relief from default judgment for failure to appear due to party's failure to receive notice of pretrial conference when circumstances indicate that movant did not receive actual notice due to his own negligence. Civil Rule 60(b)(6). | Is a court not required to grant relief from default judgment for a failure to appear due to a party's failure to receive notice of a pretrial conference? | 034072.docx | LEGALEASE-00145216-LEGALEASE-00145217 |
| Roberts v. Stidham, 19 So. 3d 1155 | 313+63 | When a plaintiff shows good cause for failure to serve process within 120 days, the trial court must extend the time for service and has no discretion to do otherwise. West's F.S.A. RCP Rule 1.070(j). | Is the rule governing dismissal of actions for failure to serve process within 120 days designed to be a tool of case management? | Pretrial Procedure - Memo # 6520 - C - RY.docx | LEGALEASE-00035391-LEGALEASE-00035392 |
| Beto v. Stewart, 213 W. Va. 355 | 307A+44.1 | In formulating the appropriate sanction for violation of a discovery rule, trial court initially must identify alleged wrongful conduct and determine if it warrants a sanction, and explain its reasons clearly on the record if it decides a sanction is appropriate. Rules Civ.Proc., Rule 37(b)(2). | Should a court explain reasons clearly on record if it decides sanction is appropriate? | Pretrial Procedure - Memo # 6545 - C - NS.docx | ROSS-003301838-ROSS-003301840 |
| Seldomridge v. Gen. Mills Operations, 140 S.W.3d 58 | 307A+690 | A dismissal for lack of subject matter jurisdiction must be without prejudice because the court has no authority to decide the case on the merits. | Can a dismissal for lack of subject matter jurisdiction be without prejudice because the court had no authority to decide the case on the merits? | 034402.docx | LEGALEASE-00145132-LEGALEASE-00145133 |
| Darville v. Mejia, 184 So. 3d 312 | 307A+560 | Once the initial, 120-day period after filing the complaint has elapsed, good cause for failure to effectuate service of process is required to avoid dismissal. Rules Civ.Proc., Rule 4(h). | Is good cause required to avoid dismissal once the initial 120-day period after filing the complaint has elapsed? | 034406.docx | LEGALEASE-00145172-LEGALEASE-00145173 |
| Peer v. Lewis, 606 F.3d 1306 | 170A+2757 | While the other sanction mechanisms only reach certain individuals or conduct, the court's inherent power to impose sanctions extends to a full range of litigation abuses and must continue to exist to fill in the interstices. | "When the court's inherent power to impose sanctions is relied upon, will the court rely on rules or statutes related to reasonable and appropriate sanctions?" | 034764.docx | LEGALEASE-00145236-LEGALEASE-00145237 |
| City of Manchester v. Ryan, 180 S.W.3d 19 | 30+781(1) | Public-interest exception to mootness doctrine occurs if an appellate case presents an issue that (1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies. | Is a dismissal of a case due to mootness discretionary if the case presents an issue that is of general public interest and importance? | 034788.docx | LEGALEASE-00145438-LEGALEASE-00145439 |
| Chappelle v. S. Florida Guardianship Program, 169 So. 3d 291 | 307A+46 | Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf for entering dismissal as sanction and set forth explicit findings of fact in the order that imposes the sanction of dismissal. | Should a trial court consider six factors prior to determining an appropriate sanction for a plaintiff's failure to amend? | 10043.docx | LEGALEASE-00095114-LEGALEASE-00095115 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Canal St., Ltd. v. Sorich, 77 Cal. App. 4th 602 | 307A+590.1 | Time during which a settlement agreement is in effect tolls five-year period following filing of action in which action must be brought to trial, since attempting to bring action to trial when all issues have been resolved would be futile; abrogating Varwig v. Leider, 171 Cal.App.3d 312, 217 Cal.Rptr. 208. West's Ann.Cal.C.C.P. S 583.310. | Does the time during which a settlement agreement is in effect toll a five-year period following filing of action? | Pretrial Procedure - Memo # 7171 - C - KA.docx | ROSS-003289969 |
| Wimbley v. Jacksonville Moving & Storage Co., 624 So. 2d 323 | 307A+590.1 | To avoid dismissal for failure to prosecute, there must be record activity constituting affirmative act calculated to hasten suit to judgment. West's F.S.A. RCP Rule 1.420(e). | "To avoid dismissal for failure to prosecute, should there be record activity constituting affirmative act calculated to hasten suit to judgment?" | 035156.docx | LEGALEASE-00145756-LEGALEASE-00145757 |
| Stresscon Int'l v. Ralph Merritt Dev. Corp., 368 So. 2d 384 | 307A+563 | The trial judge may properly dismiss a cause with prejudice for failure of a plaintiff to comply timely with an order of court. | Can the trial judge properly dismiss a cause with prejudice for failure of a plaintiff to comply timely with an order of court? | 035182.docx | LEGALEASE-00145706-LEGALEASE-00145707 |
| Hercules Offshore v. Lafayette Par. Sch. Bd., Sales & Use Tax Dep't, 157 So. 3d 1177 | 13+70 | A party takes a "step" in the prosecution or defense of a suit, under article providing for abandonment of an action, when he takes formal action, before the court, intended to hasten the matter to judgment. LSA-C.C.P. art. 561. | Does a party take a step in the prosecution or defense of a suit when he takes formal action intended to hasten the matter to judgment? | Pretrial Procedure - Memo # 7265 - C - SS.docx | LEGALEASE-00035962-LEGALEASE-00035963 |
| Wells v. Bushe, 118 N.Y.S. 486 | 307A+531 | The court has inherent power, in the absence of statute, to dismiss or perpetually stay a suit the only effect of continuing which would be to subject defendants to the annoyance, danger, and expense of protecting themselves from groundless, vexatious, and harassing litigation. | "Does court have power, in absence of any statute to dismiss or perpetually stay groundless, vexatious, annoying, and harassing litigations?" | 035279.docx | LEGALEASE-00145476-LEGALEASE-00145477 |
| State ex rel. Reed v. Reardon, 41 S.W.3d 470 | 13+6 | In terms of justiciability, a cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. | Will a case be moot if a judgment rendered has no practical effect upon an existing controversy? | 035369.docx | LEGALEASE-00146073-LEGALEASE-00146074 |
| Goss v. Battle, 111 N.C. App. 173 | 307A+44.1 | Determination of what sanction, if any, is to be imposed under rule authorizing trial court to impose sanctions for failure to comply with order or to permit discovery, lies in sound discretion of trial court. Rules Civ.Proc., Rule 37(d), G.S. S 1A-1. | "Is the determination of what sanction, to be imposed under rule authorizing the trial court to impose sanctions for failure to comply with order or to permit discovery, lie in the sound discretion of trial court?" | 035504.docx | LEGALEASE-00146684-LEGALEASE-00146685 |
| Parfi Holding AB v. Mirror Image Internet, 954 A.2d 911 | 307A+563 | When a party makes materially misleading statements to the court in order to gain an advantage, that court has clear authority to dismiss a plaintiff's action for failure to comply with its Rules. | Does that court have authority to dismiss a plaintiff's action for failure to comply with its Rules? | 035520.docx | LEGALEASE-00145754-LEGALEASE-00145755 |
| Kedy v. A.W. Chesterton Co., 946 A.2d 1171 | 106+40.11(9) | In most cases, when a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground, rather than forum non conveniens. | "When a court can readily determine that it lacks jurisdiction over the cause or the defendant, would the proper course be to dismiss on that ground?" | 035532.docx | LEGALEASE-00146142-LEGALEASE-00146143 |
| MBIA Ins. Corp. v. Countrywide Home Loans, 34 Misc. 3d 895 | 307A+683 | When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law because it either does not apply under the factual circumstances of the case or fails to state a defense. McKinney's CPLR 3211(b). | What would a plaintiff have to demonstrate when moving to dismiss affirmative defense? | 036303.docx | LEGALEASE-00146676-LEGALEASE-00146677 |
| Giers Imp. Corp. v. Inv. Serv., 235 S.W.2d 355 | 268+956(1) | The power to tax is a governmental function inherent in the state and exercised by legislature subject to constitutional limitation, but there are matters governmental in character, including taxation, over which a city may exercise authority delegated to it. | Do the state department exercising taxing power exercise purely governmental functions? | 045873.docx | LEGALEASE-00146293-LEGALEASE-00146294 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Armstrong v. Land & Marine Applicators, 463 So. 2d 1331 | 413+1 | As matter of policy, Worker's Compensation Act in general is designed to balance interest of worker and employer with theoretical concurrent benefit to public of reducing the cost of doing business. LSA-R.S. 23:1021-23:1351. | "How does the workers compensation act balance the interest of the worker and employer, and benefit the public?" | 01709.docx | LEGALEASE-00092060-LEGALEASE-00092061 |
| Stoker v. Workers' Comp. Fund of Utah, 889 P.2d 409 | 413+2 | Workers' Compensation Act is comprehensive statutory scheme that provides remedies for injuries to workers occurring in course of their employment, irrespective of fault, in lieu of common-law tort actions. U.C.A.1953, 35-1-1 et seq. | Is the statutory scheme of the Workers Compensation Act in lieu of common law tort actions? | 048250.docx | LEGALEASE-00145605-LEGALEASE-00145606 |
| Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116 | 413+2 | When rights of a claimant are not at stake, Workers' Compensation Act clearly leaves litigants to their common-law remedies, with pleading requirements, broader discovery, and more stringent rules of evidence not applicable under the Act. Code 1950, S 65.1-1 et seq. | "When the rights of claimants are not at stake, does the Workers Compensation Act leave litigants to their common law remedies?" | Workers Compensation - Memo #501 ANC.docx | ROSS-003300465-ROSS-003300466 |
| Comm'r Of Prob. v. Adams, 65 Mass. App. Ct. 725 | 307A+563 | Upon a finding of fraud on the court, judges may enter default judgments, dismiss claims, or dismiss entire actions. | "Upon a finding of fraud on the court, can judges enter default judgments, dismiss claims, or dismiss entire actions?" | Pretrial Procedure - Memo # 7033 - C - SKG.docx | ROSS-003286083-ROSS-003286084 |
| W. Auto Supply Co. v. Banner, 288 S.W.2d 402 | 307A+552 | A cause should not be dismissed as moot where it is disclosed that public interest is involved, even though plaintiff has received precise relief sought as result of defendant's voluntary act. | Should a cause be dismissed as moot where it is disclosed that public interest is involved? | Pretrial Procedure - Memo # 7903 - C - KG.docx | ROSS-003327299-ROSS-003327300 |
| United States v. Chandler, 72 F. Supp. 230 | 384+2 | The statute declaring that whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason, is directed at crime of treason wherever the treasonable acts are committed, whether territorially or extra-territorially, and in so defining the locus of the crime of treason does not violate the constitutional definition thereof. 18 U.S.C.A. S 2381; U.S.C.A.Const. art. 3, S 3. | Does giving aid and comfort to an enemy outside the United States constitute treason? | 11435.docx | LEGALEASE-00094287-LEGALEASE-00094288 |
| Badette v. Rodriguez, 2014 IL App (1st) 133004 | 307A+686.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of a claim but asserts affirmative matter that defeats the claim. S.H.A. 735 ILCS 5/2-619(a). | Will a motion to dismiss based upon certain defects or defenses admit the legal sufficiency of a claim or assert affirmative matter that defeats the claim? | Pretrial Procedure - Memo # 7868 - C - SU.docx | ROSS-003286789-ROSS-003286790 |
| Cudd v. Larson, 117 Wis. 103 | 200+181 | Rev.St.1898, S 1347b, as amended by chapter 197, Laws 1899, requires the owner or operator of a steam engine on any public highway in any town to signal, and stop it, when approached with 15 rods in either direction by a team, or person riding or driving any animal, and desiring to pass such engine, and to render all proper assistance to enable such team or persons to pass in safety. Held, the requirements of the statute apply only where the team, or person riding or driving the animal, is approaching the engine with the desire of passing it, and not where such team or person is standing still. | What is the owner or person in charge of the engine on any public highwayrequired to do when the engine is approached within fifteen rods? | 10799.docx | LEGALEASE-00094396-LEGALEASE-00094397 |
| D & S Builders v. Mickey Const. Co., 524 So. 2d 245 | 307A+590.1 | Abandonment proceedings should be given liberal interpretation, and any action or step taken by plaintiff to move case toward judgment should be considered. LSA-C.C.P. art. 561. | Will courts give a liberal interpretation of statute related to abandonment proceeding in favor of any action or step taken by plaintiff to move his case forward? | 035585.docx | LEGALEASE-00147662-LEGALEASE-00147663 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adams ex rel. Andrews v. Kallman, 113 N.W.2d 773 | 307A+552 | When it appears by record that action by court would be futile, by reason of lapse of time, resulting in a change in circumstances, the case will be dismissed. | "Will a case be dismissed when it appears by record that action by court would be futile, by reason of lapse of time?" | 035610.docx | LEGALEASE-00147551-LEGALEASE-00147552 |
| 527 S. Clinton v. Westloop Equities, 403 Ill. App. 3d 42 | 307A+679 | A motion for involuntary dismissal admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim; such a motion should be granted if, after construing the pleadings and supporting documents in a light most favorable to the nonmoving party, the court finds that no set of facts can be proved upon which relief can be granted. S.H.A. 735 ILCS 5/2-619. | Can the court construe the pleadings and any supporting documentary evidence in the light most favorable to the nonmoving party? | Pretrial Procedure - Memo # 7516 - C - NS.docx | ROSS-003286213-ROSS-003286214 |
| A.F.P. Enterprises v. Crescent Pork, 243 Ill. App. 3d 905 | 307A+561.1 | "Affirmative matter" as used in rule governing involuntary dismissal based on certain defects or defenses, means type of defense that either negates alleged cause of action completely or refutes conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from complaint; where affirmative matter is merely evidence upon which defendant expects to contest ultimate fact stated in complaint, rule should not be used. Ill.Rev.Stat.1991, ch. 110, P 2-619(a)(9). | Does an affirmative matter include evidence upon which defendant expects to contest an ultimate fact stated in the complaint? | Pretrial Procedure - Memo # 7525 - C - SKG.docx | ROSS-003286234-ROSS-003286235 |
| In re Cty. Treasurer, 2015 IL App (1st) 133693 | 307A+561.1 | "Affirmative matter" supporting a motion to dismiss based upon defects or defenses refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619. | Would an affirmative matter negate the cause of action completely? | 11016.docx | LEGALEASE-00094093-LEGALEASE-00094094 |
| Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+683 | Once a defendant satisfies the initial burden of presenting affirmative matter, in moving for dismissal under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619. | "Once the burden shifts to plaintiff, can he establish that the defense is unfounded?" | 10246.docx | LEGALEASE-00095491-LEGALEASE-00095492 |
| Selective Ins. Co. of S.C. v. Cherrytree Companies, 2013 IL App (3d) 120959 | 307A+687 | When ruling on a motion for involuntary dismissal based on certain defects or defenses, a court must accept as true all well-pleaded facts, as well as any reasonable inferences that may arise from them, but a court cannot accept as true mere conclusions unsupported by specific facts. | "Can the legal sufficiency of the complaint be admitted under the ""involuntary dismissal based upon certain defects or defenses"" statute?" | 11263.docx | LEGALEASE-00094005-LEGALEASE-00094006 |
| Fleming v. Barnett Bank of E. Polk Cty., 490 So. 2d 126 | 307A+590.1 | Record activity sufficient to preclude dismissal must be an affirmative act that is reasonably calculated to hasten the suit to judgment. | Should a record activity sufficient to preclude dismissal be an affirmative act that is reasonably calculated to hasten the suit to judgment? | 036114.docx | LEGALEASE-00148044-LEGALEASE-00148045 |
| Patrick Eng'g v. City of Naperville, 2012 IL 113148 | 307A+687 | When ruling on motions to dismiss, a court must accept as true all well-pleaded facts, as well as any reasonable inferences that may arise from them; but a court cannot accept as true mere conclusions unsupported by specific facts. | Will the court accept all well-pleaded facts and any reasonable inferences drawn as true? | 036236.docx | LEGALEASE-00147602-LEGALEASE-00147603 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Cty. Collector, 2016 IL App (3d) 150712 | 307A+686.1 | On a motion for involuntary dismissal due to certain defects or defenses, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. S.H.A. 735 ILCS 5/2-619. | Would a moving party admit the legal sufficiency of the complaint on a motion for involuntary dismissal due to certain defects or defenses? | 036326.docx | LEGALEASE-00147644-LEGALEASE-00147645 |
| Effertz v. N. Dakota Workers' Comp. Bureau, 481 N.W.2d 223 | 413+2 | Because all rights and obligations under state Workers' Compensation Act are statutory, common-law contract principles cannot be used to expand either rights of claimant or obligations of Workers' Compensation Bureau. NDCC 1-01-06, 65-01-01 et seq. | Can common-law contract principles be used to expand the statutory rights and obligations under Workers Compensation Act? | 11446.docx | LEGALEASE-00094236-LEGALEASE-00094237 |
| Reynolds v. Indus. Claim Appeals Office of State of Colo., 794 P.2d 1080 | 413+2 | Right to disability benefits is not fundamental, and legislative body has broad discretion in implementing social programs designed to promote public health, safety, and welfare. | Does the legislative body or the General Assembly has broad discretion in implementing social programs or social welfare legislation? | 11460.docx | LEGALEASE-00094711-LEGALEASE-00094712 |
| Landon v. Plasencia, 459 U.S. 21 | 24+116 | Once an alien gains admission to the United States and begins to develop the ties that go with permanent residence, his constitutional status changes accordingly. | Does the constitutional status of an alien change when he gains admission into the United States and begins to develop ties that go with permanent residence? | Aliens_Immigration and_1NSZYIJeeQna5BzG3 W-U2xl4qZioVLNXI.docx | ROSS-000000288-ROSS-000000289 |
| Parvataneni v. E*Trade Fin. Corp., 967 F. Supp. 2d 1298 | 25T+134(1) | An arbitration agreement that denies a plaintiff the right to pursue a representative Private Attorneys General Act (PAGA) claim under California law is still a valid agreement. West's Ann.Cal.Labor Code S 2698 et seq. | Is an arbitration agreement that denies a plaintiff the right to pursue a representative Private Attorneys General Act (PAGA) claim a valid agreement? | 007825.docx | LEGALEASE-00148860-LEGALEASE-00148861 |
| Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204 | 25T+210 | Even though there is a presumption in favor of arbitration, courts determining the scope of arbitrable issues are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties. | Can courts twist the language of a contract to achieve a result that is favored by federal policy? | Alternative Dispute Resolution - Memo 766 - RK_58099.docx | ROSS-003293109-ROSS-003293110 |
| Nino v. Jewelry Exch., 609 F.3d 191 | 25T+182(2) | Consistent with the strong preference for arbitration in federal courts, waiver of right to compel arbitration is not to be lightly inferred, and waiver will normally be found only where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery. | What are the circumstances in which waiver of the right to arbitrate can normally be found? | 007882.docx | LEGALEASE-00148939-LEGALEASE-00148941 |
| Baker v. Conoco Pipeline Co., 280 F. Supp. 2d 1285 | 25T+182(2) | Waiver of right to arbitrate would not be inferred, based upon occurrence of limited discovery otherwise unavailable in arbitration, absent showing of actual prejudice; some discovery conducted may have proved helpful to both parties in arbitration, and depositions were conducted in effort to comply with discovery cut-off deadline and occurred after motion to stay and compel arbitration had been filed. | Can a court infer waiver based upon prejudice to the party opposing the motion to stay litigation pending arbitration when only a minimal amount of discovery has been conducted? | Alternative Dispute Resolution - Memo 778 - RK.docx | LEGALEASE-00037911-LEGALEASE-00037913 |
| Wright v. Prudential Ins. Co. of Am., 551 S.W.2d 697 | 34+76 | It takes both payment of benefits and passage of one year from date of death of insured without filing of claim by beneficiary under the Servicemen's Group Life Insurance Act to discharge insurer's liability under group life policy. 38 U.S.C.A. S 770(b). | When will the appellants liability under the group life insurance policy be discharged? | Armed Services - Memo 321 - RK_58135.docx | ROSS-003310210-ROSS-003310211 |
| Triffin v. Dillabough, 448 Pa. Super. 72 | 8.30E+282 | Purpose of Uniform Commercial Code (UCC) is to meet contemporary needs of fast-moving commercial society, and to enhance marketability of negotiable instruments, allowing bankers, brokers and general public to trade in confidence. | Was the Commercial Code formed to enhance the marketability of negotiable instruments? | 010551.docx | LEGALEASE-00148552-LEGALEASE-00148553 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bank of Conway v. Stary, 51 N.D. 399 | 83E+433(1) | Accommodation indorser, indorsing note before delivery under Comp. Laws 1913, SS 6914, 6948, 6949, is not surety within sections 6675-6689, so as to have right under section 6683 thereof to require creditor, on penalty of exoneration of surety, to proceed against principal or to pursue any other remedy in his power which surety cannot himself pursue. | Who is an accommodation indorser? | Bills and Notes- Memo 647-IS_58218.docx | ROSS-003293686-ROSS-003293687 |
| Shapera v. Allegheny Cty., 344 Pa. 473 | 200+77(1) | The statutory directions for the creation and abolishment of public highways must be strictly complied with, since such highways are within the control of the commonwealth, and counties and townships have no common-law power to build or improve roads. 16 P.S. S 916. | Do counties have common-law power to improve roads? | Highway- Memo 197-ANM_57959.docx | ROSS-003294902-ROSS-003294903 |
| Cuka v. State, 80 S.D. 232 | 200+80 | In absence of express statutory authorization otherwise, when state acquires private property for highway right of way it merely acquires easement and the title remains in abutting landowner. | What rights does the state acquire on a highway in the absence of a statutory authority? | 019070.docx | LEGALEASE-00148448-LEGALEASE-00148449 |
| Pioneer Bank & Tr. Co. v. Austin Bank of Chicago, 279 Ill. App. 3d 9 | 302+19 | When nature of statements are such that plaintiff must know which statement is true, inconsistent pleading is improper; pleading will be deemed ambiguous, with any doubt resolved against pleader. S.H.A. 735 ILCS 5/2-613(b). | Is inconsistent pleading improper when the nature of the statements are such that the plaintiff must know which statement is true? | Pleading - Memo 470 - RMM_58288.docx | ROSS-003279528-ROSS-003279529 |
| Plumpton v. Cont'l Acreage Dev. Co., 743 So. 2d 554 | 307A+590.1 | When motion to dismiss for lack of prosecution is filed by defendant, plaintiff must show either active prosecution within preceding year or good cause for his failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | What should a plaintiff show when motion to dismiss for lack of prosecution is filed by a defendant? | 035059.docx | LEGALEASE-00148334-LEGALEASE-00148335 |
| Willis v. Wetco, 853 P.2d 533 | 307A+681 | Trial court is not under duty to explore meaningful alternatives before entering dismissal without prejudice for failure to prosecute where function of rule is to clear court's calendar and to protect parties against undue delay; however, relevant inquiry for court is to determine whether any proceedings have been taken within one-year period, and if no proceedings have been taken for more than one year, to determine whether or not good cause has been shown why action should not be dismissed. Rules Civ.Proc., Rule 41(e); AS 09.10.240. | "Before ordering dismissal for want of prosecution, should a court initially inquire whether the party facing dismissal has engaged in any proceedings within the previous one-year period?" | 035091.docx | LEGALEASE-00148526-LEGALEASE-00148527 |
| Barber v. Bozeman, 577 So. 2d 180 | 307A+590.1 | Step in the prosecution or defense of suit, as required to interrupt five-year abandonment period, requires something more than passive effort to keep suit on docket of court, and requires formal move or action before court intended to hasten judgment. LSA-C.C.P. art. 561. | Does a step in the prosecution or defense of suit require something more than passive effort? | 035775.docx | LEGALEASE-00148195-LEGALEASE-00148196 |
| Brister v. Manville Forest Prod., 749 So. 2d 881 | 13+70 | Provision governing abandonment of action is to be liberally interpreted and any action or step taken to move the case toward judgment should be considered; provision was not intended to dismiss those cases in which the plaintiff has clearly demonstrated that he does not intend to abandon the action. LSA-C.C.P. art. 561. | Should any action or step taken to move a case toward judgment be considered? | Pretrial Procedure - Memo # 7785 - C - NS_57811.docx | ROSS-003321556-ROSS-003321557 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Williamson v. Vill. of Baskin, 339 So. 2d 474 | 135+4(2) | Person may maintain more than one residence, and fact that one is maintained for political purposes does not itself prevent residence from being actual and bona fide; intent to maintain residence is important factor, but intent alone does not establish bona fide residence; there must be actual, physical use or occupation of quarters for living purposes before residence is established. | Does maintaining a residence for political purposes prevent the residence from being actual or bona fide? | 014518.docx | LEGALEASE-00149153-LEGALEASE-00149154 |
| Barlow v. Cornwell, 125 A.2d 63 | 289+692 | Generally notice to, or knowledge of, an acting partner with respect to any matter relating to a transaction within the ordinary scope of firm's business is notice or knowledge as to all the partners, however where one member is acting beyond his power, or is conducting a fraud on his partners, or is the person whose duty it is to give his firm notice of what he himself has done, notice on his part is not equivalent to notice by all partners. | Is knowledge by one partner with respect to any matter relating to a transaction within the ordinary scope of the partnership business considered knowledge to all partners? | 022568.docx | LEGALEASE-00149901-LEGALEASE-00149902 |
| Dick v. Am. Motors Sales Corp., 14 Ohio App. 3d 322 | 307A+563 | Trial court has power to dismiss case where litigant fails to meet his duty of compliance with reasonable orders of the court or to diligently prosecute the case. | Does a trial court have power to dismiss a case where a litigant fails to meet his duty of compliance with reasonable orders of the court? | 034898.docx | LEGALEASE-00149983-LEGALEASE-00149984 |
| Welch v. Henry, 305 U.S. 134 | 371+2001 | "Taxation" is neither a penalty imposed on the taxpayer nor a liability which he assumes by contract, but it is a way of apportioning the cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. | Is taxation a way of apportioning the cost of government? | 045928.docx | LEGALEASE-00149370-LEGALEASE-00149371 |
| United States v. Allegheny Cty., Pa., 322 U.S. 174 | 170B+3209(1) | Where a federal right is concerned, the Supreme Court is not bound by the characterization given to a state tax by state courts or legislatures, or relieved of duty of considering the real nature of the tax and its effect upon the federal right asserted. | "Where a federal right is concerned, should the court consider the nature of the tax?" | 045938.docx | LEGALEASE-00149398-LEGALEASE-00149399 |
| Curry v. State, 17 Ga. App. 377 | 3.77E+06 | Stalking statute was designed to protect women from being harassed by ex-husbands or former boyfriends, by ensuring that victims did not have to be injured or threatened with death before stopping a stalker's harassment. West's F.S.A. S 784.048. | Does the stalking statute require victims to be injured or threatened with death before the stalkers harassment can be stopped? | 047094.docx | LEGALEASE-00149556-LEGALEASE-00149557 |
| Solo v. Chrysler Corp., 408 Mich. 345 | 413+2 | Though statutory safeguards found in workers' compensation legislation may make equitable relief unnecessary in a particular case, they do not divest the court of its equitable powers altogether. | Will the statutory safeguards in the workers' compensation legislation divest the court of its equitable powers? | 048404.docx | LEGALEASE-00149977-LEGALEASE-00149978 |
| State v. Ensley, 240 Ind. 472 | 200+80 | Generally, there is no property right of an abutting owner in the free flow of traffic past his property and no compensation can be claimed if such traffic is diverted from his premises or is made to travel a more circuitous route. | Is there any property right of an abutting owner in the free flow of traffic past his property? | 019084.docx | LEGALEASE-00150512-LEGALEASE-00150513 |
| Innovative Data Sys. of Louisiana v. Ellender, 316 So. 2d 12 | 302+20 | It is permissible for petition to set forth two or more causes of action in the alternative even though legal or factual bases thereof may be inconsistent or mutually exclusive. LSA-C.C.P. art. 892. | Can a petition set forth two or more causes of action in the alternative? | Pleading -Memo 494 - RMM_59054.docx | ROSS-003282841-ROSS-003282842 |
| Ferer v. Erickson & Sederstrom, P.C., 272 Neb. 113 | 228+183 | While a court's consideration of a motion to dismiss for failure to state a claim is generally confined to the allegations in the complaint, a court may take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment. Pleading Rule 12(b)(6). | Can a court typically look only at face of complaint to decide a motion to dismiss? | 036663.docx | LEGALEASE-00150584-LEGALEASE-00150585 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Medley v. Lemmon, 994 N.E.2d 1177 | 307A+624 | A motion to dismiss a civil complaint for failure to state a claim tests the legal sufficiency of a claim, not the facts supporting it; that is to say, it tests whether the allegations in the complaint establish any set of circumstances under which aplaintiff would be entitled to relief. Trial Procedure Rule 12(B)(6). | "Does a motion to dismiss a complaint for failure to state a claim test the legal sufficiency of a claim, not the facts supporting it?" | 036880.docx | LEGALEASE-00150222-LEGALEASE-00150223 |
| Boyer v. Bedrosian, 57 A.3d 259 | 307A+622 | A motion to dismiss for failure to state a claim challenges the sufficiency of the complaint about whether it fails to state a claim upon which relief can be granted. Superior Court Rules Civ.Proc., Rule 12(b)(6). | Does a motion to dismiss for failure to state a claim challenge the sufficiency of the complaint about whether it fails to state a claim upon which relief can be granted? | Pretrial Procedure - Memo # 8367 - C - NC_58878.docx | ROSS-003292327-ROSS-003292328 |
| Rivera v. Atl. Coast Rehab. & Health Care Ctr., 321 N.J. Super. 340 | 307A+581 | Administrative dismissal of complaint for lack of prosecution does not permit dismissal of the entire action where one or more of the multiple defendants have been served or have answered; although complaint may be dismissed as to those defendants who have not been served or have not answered, rule does not countenance dismissal in favor of those defendants who have been served and have answered. R. 1:13-7(a). | Does administrative dismissal of complaint for lack of prosecution permit dismissal of the entire action where one or more of the multiple defendants have been served or have answered? | Pretrial Procedure - Memo # 8427 - C - NS_59126.docx | ROSS-003306114 |
| Johnson v. Preferred Prof'l Ins. Co., 91 A.3d 994 | 307A+622 | If the complaint and facts alleged are sufficient to support a claim upon which relief may be granted, the motion to dismiss must be denied. | "If the complaint and facts alleged are sufficient to support a claim upon which relief can be granted, should the motion to dismiss be denied?" | Pretrial Procedure - Memo # 8527 - C - SHS_59206.docx | ROSS-003294207-ROSS-003294208 |
| Lainhart v. State, 916 N.E.2d 924 | 3.77E+10 | Mere proof that the victim is engaged in an act which is not illegal at the time the threat is made is not sufficient to establish Class A misdemeanor intimidation; the state must also establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. West's A.I.C. 35-45-2-1(a). | "When challenging the sufficiency of the evidence of the intimidation element of intent to place the victim in fear of retaliation for prior lawful conduct, is mere proof that the victim is engaged in an act which is not illegal at the time the threat is made sufficient?" | 046823.docx | LEGALEASE-00150284-LEGALEASE-00150285 |
| Nassau v. State, 311 Ga. App. 438 | 3.77E+10 | A determination of whether a defendant has committed the crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize. West's Ga.Code Ann. S 16-11-37. | Is the determination of whether a defendant has made a terroristic threat focus solely on the conduct of the accused? | 046852.docx | LEGALEASE-00150480-LEGALEASE-00150481 |
| Andrews v. State, 529 N.E.2d 360 | 3.77E+10 | Terroristic threatening statute punishes mere words, because the statute is meant to protect against the fear threats engender; an intent to actually carry out the threat is immaterial. 11 West's Del.C. S 621. | Is there a statute that punishes mere words and is meant to protect against the fear threats engender? | 046856.docx | LEGALEASE-00150371-LEGALEASE-00150372 |
| Poirier v. Town of Plymouth, 374 Mass. 206 | 413+2 | Workmen's Compensation Act effectively displaced need to apply common-law principles in most cases of employee injury, but common-law principles as to liability continue to have vitality where Act does not apply. M.G.L.A. c. 152 S 1 et seq. | Did the Workmen's Compensation Act displaced the need to apply common law principles in cases of employee injury? | Workers Compensation - Memo #554 - C - ANC_58936.docx | ROSS-003294633-ROSS-003294634 |
| In re Franklin Nat. Bank, 381 F. Supp. 1390 | 172H+981 | Special character of banks and problems involved in preserving credit can justify denial of judicial hearing with regard to receivership matters involving national banks, though such a hearing would be essential in other situations. | Do the special character of banks and the delicate problems involved in preserving credit justify denial of the judicial hearing? | 010357.docx | LEGALEASE-00151070-LEGALEASE-00151071 |
| Grand Lodge, Benevolent Knights of Am., v. Murphy Const. Co., 152 La. 123 | 309+113 | In general, and except where such imputation would amount to a fraud on the part of both debtor and creditor, the debtor may always impute payments as he pleases, and cannot be controlled therein by a surety. | "In situations where imputation would amount to a fraud on the part of both debtor and creditor, could the debtor impute the payments as he pleases?" | 010450.docx | LEGALEASE-00150958-LEGALEASE-00150959 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kish v. Van Note, 692 S.W.2d 463 | 29T+390 | Deceptive Trade Practices Act (V.T.C.A. Bus. & C. S 17.41 et seq.) permits injured consumer to recover the greatest amount of actual damages alleged and factually established to have been caused by the deceptive practice, including related and reasonably necessary expenses; amount of actual damages recoverable is determined by the total loss sustained as result of the deceptive trade practice. | Can damages be recovered by loss sustained by deceptive practice? | 013672.docx | LEGALEASE-00150920-LEGALEASE-00150921 |
| Spence v. Yocum, 201 Mont. 79 | 322H+484(1) | Statements concerning property value are opinions, and thus provide no proper basis for rescission of a real estate contract, when the parties stand on an equal footing and have equal means of knowledge, with no relation of trust or confidence existing between them. | Is statements as to the value of property considered declarations of opinion and constitute a proper basis for rescission? | Exchange Of Property - Memo 43 - KK.docx | LEGALEASE-00040712-LEGALEASE-00040713 |
| Finch v. Matthews, 74 Wash. 2d 161 | 200+80 | Fee in public street or highway remains in owner of abutting land, and public acquires only right of passage, with powers and privileges necessarily implied in grant of easement. | Does the fee in a public street or highway remain in the owner of the abutting land? | Highways -Memo 59 - DB_59346.docx | ROSS-003280739-ROSS-003280740 |
| Shibata v. Lim, 133 F. Supp. 2d 1311 | 170A+675.1 | Under federal and Florida law, party may allege, in alternative, recovery under express contract and entitlement to equitable relief under theory of unjust enrichment. Fed.Rules Civ.Proc.Rule 8(a)(1), 28 U.S.C.A. | "Can a party allege in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment?" | 023670.docx | LEGALEASE-00150998-LEGALEASE-00150999 |
| Elworthy v. First Tennessee Bank, 2017 WY 33, 38, 391 P.3d 1113 | 307A+622 | When the complaint shows the existence of a built-in defense, a notice to dismiss lies; in such circumstances, a plaintiff is required to plead the factual allegations that would prevent operation of the built-in defense. | "When the complaint shows the existence of a built-in defense, does a notice to dismiss lie?" | 037025.docx | LEGALEASE-00150786-LEGALEASE-00150787 |
| Green v. Trinity Int'l Univ., 344 Ill. App. 3d 1079 | 307A+687 | A motion to dismiss for failure to state a cause of action attacks the legal sufficiency of a complaint; such a motion admits as true all well-pleaded facts, but not conclusions of law or factual conclusions that are unsupported by allegations of specific facts. S.H.A. 735 ILCS 5/2-615. | Does a motion to dismiss for failure to state a cause of action attack the legal sufficiency of a complaint based on defects apparent on its face? | 037037.docx | LEGALEASE-00150992-LEGALEASE-00150993 |
| Rilley v. MoneyMutual, 884 N.W.2d 321 | 307A+679 | In ruling on motion to dismiss for lack of personal jurisdiction, courts must take all allegations contained in the complaint and the supporting affidavits as true. M.S.A. S 543.19. | "In ruling on a motion to dismiss for lack of personal jurisdiction, should courts take all allegations contained in the complaint and the supporting affidavits as true?" | Pretrial Procedure - Memo # 8461 - C - SHB_59160.docx | ROSS-003279239-ROSS-003279240 |
| Leon v. Martinez, 638 N.E.2d 511 | 30+3281 | On appeal from order granting motion to dismiss, Court of Appeals accepts facts as alleged in complaint as true, accords plaintiffs benefit of every possible favorable inference, and determines only whether facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3026, 3211. | Should the court accept as true the facts as alleged in the complaint? | 037232.docx | LEGALEASE-00151080-LEGALEASE-00151081 |
| Moses v. Dirghangi, 430 S.W.3d 371 | 307A+622 | Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are not designed to correct inartfully drafted pleadings; nonetheless, there is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint. Rules Civ.Proc., Rule 12.02(6). | Are motions to dismiss a complaint for failure to state a claim upon which relief can be granted not designed to correct inartfully drafted pleadings? | 037341.docx | LEGALEASE-00151034-LEGALEASE-00151035 |
| Bob Timberlake Collection v. Edwards, 176 N.C. App. 33 | 307A+561.1 | When a complaint states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, a motion to dismiss for failure to state a claim will be granted and the action dismissed. Rules Civ.Proc., Rule 12, West's N.C.G.S.A. S 1A-1(b)(6). | What happens when a complaint states a valid claim and discloses an unconditional affirmative defense which defeats the asserted claim? | 037360.docx | LEGALEASE-00151120-LEGALEASE-00151121 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kling v. Landry, 292 Ill. App. 3d 329 | 307A+581 | Plaintiff's failure to take any action as ordered by trial court evidences want of prosecution by that party, and trial court may dismiss suit for failure of complainant to prosecute it with due diligence. | Can court dismiss suit for failure of complainant to prosecute it with due diligence? | 037416.docx | LEGALEASE-00151341-LEGALEASE-00151342 |
| Kettle Range Conservation Grp. v. Washington Dep't of Nat. Res., 120 Wash. App. 434 | 411+7 | Appellate court may overturn decision of Forest Practices Appeals Board (FPAB) only if agency has erroneously interpreted or applied the law or FPAB's order is not supported by evidence that is substantial when viewed in light of the whole record before the court. West's RCWA 34.05.570(3)(d, e). | Under what circumstance can the decision of the Forest Practices Appeals Board (FPAB) be overturned? | 047544.docx | LEGALEASE-00151044-LEGALEASE-00151045 |
| W. Radio Servs. Co. v. Allen, 147 F. Supp. 3d 1132 | 205H+3 | Under Oregon law, the theory of unjust enrichment provides a remedy where no enforceable contract exists, and (1) one party has conferred a benefit on another, (2) the recipient is aware that a benefit has been received, and (3) under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. | What is quasi-contractual claim of unjust enrichment? | Woods and Forests-Memo 60-ANM_59291.docx | ROSS-003320075 |
| Rheem Mfg. Co. v. Cent. States Se. & Sw. Areas Pension Fund, 63 F.3d 703 | 25T+146 | Requirement of Multi-Employer Pension Plan Amendments Act (MPPAA), that dispute between employer and plan sponsor concerning certain determinations be resolved through arbitration, did not apply to declaratory judgment action in which sole question was whether corporation was "employer" under MPPAA. Employee Retirement Income Security Act of 1974, S 4221(a)(1), as amended, 29 U.S.C.A. S 1401(a)(1). | Does the Multi-Employer Pension Plan Amendments Act (MPPAA) stipulate that any dispute between an employer and the plan sponsor of a multiemployer plan should be resolved through arbitration? | 007988.docx | LEGALEASE-00151451-LEGALEASE-00151453 |
| In re Veal, 450 B.R. 897 | 83E+401 | Rules to determine who is entitled to enforce promissory note are concerned primarily with maker of note and are designed to provide the maker with relatively simple way of determining whom he must pay in order to avoid defaulting on obligation; in contrast, rules concerning transfer of ownership and other interests in note identify who, among competing claimants, is entitled to the note's economic value, i.e., the value of maker's promise to pay. | Who are the rules that determine who is entitled to enforce a note concerned with? | Bills and Notes - Memo 631 - RK_59535.docx | ROSS-003308027-ROSS-003308028 |
| Dover Historical Soc. v. City of Dover Planning Comm'n, 838 A.2d 1103 | 307A+680 | In ruling upon a motion to dismiss for failure to state a claim, the relevant universe of facts are ordinarily confined to the allegations of the petition; accordingly, as a general rule, factual matters outside the petition may not be considered in ruling upon a motion to dismiss. Superior Court Civil Rule 12(b)(6). | "In ruling upon a motion to dismiss for failure to state a claim, is the relevant universe of facts ordinarily confined to the allegations of the petition?" | 037733.docx | LEGALEASE-00151715-LEGALEASE-00151716 |
| Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170 | 30+3951 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | Will evidence favorable to the nonmovant will be accepted as true when making decisions on summary judgment? | Bills and Notes - Memo 845 - RK.docx | LEGALEASE-00041655-LEGALEASE-00041656 |
| Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170 | 30+3951 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | Will all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true when deciding summary judgment? | Bills and Notes - Memo 847 - RK.docx | LEGALEASE-00041659-LEGALEASE-00041660 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Williams v. Frederick's Estate, 289 Ill. App. 410 | 83E+481 | Negotiable notes may be assigned by separate instruments without indorsement so as to vest legal title in assignee provided note is also transferred to assignee by delivery. S.H.A. ch. 98, SS 2, 51, 69. | Can a note be assigned by a separate instrument without indorsement so as to vest a legal title in an assignee? | Bills and Notes - Memo 936 - RK_59638.docx | ROSS-003281473-ROSS-003281474 |
| Bank of Tennessee v. Officer, 62 Tenn. 173 | 83E+460 | In the case of bills of exchange, promissory notes, and other commercial contracts, a month is always a calendar month. A note payable six months after the 30th of May is due just six calendar months and three days thereafter, the days of grace being included, bringing it to maturity, consequently, on the 3rd of December succeeding. Until that day the endorsers of such paper have not broken their contract by non-payment. | "In the case of bills of exchange, promissory notes, and other commercial contracts, how many days of grace are availablein time of payment?" | 010445.docx | LEGALEASE-00152408-LEGALEASE-00152409 |
| Bloom v. Martin, 865 F. Supp. 1377 | 172H+1584 | To determine whether Real Estate Settlement Procedures Act (RESPA) provides for implied, private right of action, court must focus on intent of Congress when it enacted statute. Real Estate Settlement Procedures Act of 1974, SS 2-19, as amended, 12 U.S.C.A. SS 2601-2617. | Should the court focus on the intent of Congress to determine whether there is an implied private right of action? | 013677.docx | LEGALEASE-00152416-LEGALEASE-00152417 |
| Arnold v. Goldstein, 344 Mich. 103 | 48A+221 | One injured while momentarily standing in the highway and when not in motion is not per se guilty of contributory negligence, and the offending party is not exonerated from all duty and from liability by the fact that he is not in motion. | Is one who is injured while momentarily standing in the highway not in motion guilty of contributory negligence? | Highways - Memo 327 - RK_60189.docx | ROSS-003281830-ROSS-003281831 |
| Patton v. Wells Fargo Fin. Maryland, 437 Md. 83 | 307A+679 | In deciding a motion to dismiss a complaint, a circuit court assumes the truth of the complaint's factual allegations, and any reasonable inferences, in the light most favorable to the plaintiff. | "In deciding a motion to dismiss a complaint, does a circuit court assume the truth of the complaints factual allegations?" | Pretrial Procedure - Memo # 8657 - C - NC_60222.docx | ROSS-003297905 |
| Baycon Indus. v. Shea, 714 So. 2d 1094 | 307A+531 | Motion to dismiss is not a substitute for a motion for summary judgment, and in ruling on a motion to dismiss a complaint the trial court is confined to consideration of the allegations found within the four corners of the complaint. West's F.S.A. RCP Rule 1.510. | "In ruling on a motion to dismiss, should a trial court confine itself to the four corners of the complaint?" | 037531.docx | LEGALEASE-00152235-LEGALEASE-00152236 |
| Barkany Asset Recovery & Mgmt. v. Sw. Sec. Inc., 41 Misc. 3d 673 | 307A+680 | Although evidentiary material may be considered in determining the viability of a complaint, the complaint should not be dismissed for failing to state a cause of action unless defendant has established that a material fact alleged by the plaintiff is not a fact at all and that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | Can evidentiary material be considered in determining the viability of a complaint? | 037658.docx | LEGALEASE-00152198-LEGALEASE-00152200 |
| Valley Peat & Humus v. Sunnylands, 398 Pa. Super. 400 | 307A+583 | Entry of non pros judgment whether because plaintiff is not ready without satisfactory excuse or otherwise, depends upon proper balancing of equitable considerations and discretion of trial court. Rules Civ.Proc., Rule 218, 42 Pa.C.S.A. | Does entry of non pros judgment depend upon proper balancing of equitable considerations and discretion of court? | 038333.docx | LEGALEASE-00152690-LEGALEASE-00152691 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Becky v. Norwest Bank Dillon, N.A., 245 Mont. 1 | 307A+581 | Party moving for dismissal for failure to prosecute must demonstrate that plaintiff has delayed action on a claim for an unreasonable period of time and once delay has been shown, plaintiff must proffer a reasonable excuse for the delay; an unreasonable delay raises a presumption of prejudice and defendant is under no obligation to demonstrate injury from the delay, but if plaintiff comes forward with a reasonable excuse for the delay, burden shifts to defendant to show actual prejudice. Rules Civ.Proc., Rule 41(b). | "Should party moving for dismissal for failure to prosecute, demonstrate that plaintiff has delayed action on a claim for an unreasonable period of time?" | Pretrial Procedure - Memo # 9157 - C - MS_60102.docx | ROSS-003293881-ROSS-003293882 |
| Sabel v. Mead Johnson & Co., 737 F. Supp. 135 | 308+1 | Agency relationship has three essential characteristics: power of agent to alter legal relationships between principal and third parties and principal and himself, existence of fiduciary relationship toward principal with respect to matters within scope of agency, and right of principal to control agent's conduct with respect to matters within scope of agency. | What are the essential characteristics of an agency? | Principal and Agent - Memo 198 - KC_59866.docx | ROSS-003282936-ROSS-003282937 |
| W. Radio Servs. Co. v. Espy, 79 F.3d 896 | 411+7 | Forest Service manual and handbook are not substantive in nature, are not promulgated in accordance with procedural requirements for regulations, are not promulgated pursuant to independent congressional authority, and thus do not have independent force and effect of law so as to bind Forest Service; manual and handbook are not published in Federal Register or Code of Federal Regulations, and are not subjected to notice and comment rulemaking. 36 C.F.R. S 200.4(d)(1). | Are the Forest Service Manual and Handbook federal regulations? | 047554.docx | LEGALEASE-00152053-LEGALEASE-00152054 |
| Gifford Pinchot Task Force v. U.S. Fish & Wildlife Serv., 378 F.3d 1059 | 15A+1990 | In the context of agency review, the role of harmless error is constrained; the doctrine may be employed only when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of decision reached. | When can the harmless error doctrine be employed? | Woods and Forests-Memo 47-ANM_60274.docx | ROSS-003309752 |
| Pineda v. Masonry Const., 831 F. Supp. 2d 666 | 21+3 | Court may strike portions of affidavit that are not based upon affiant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statement; court may also simply decline to consider those aspects of supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible. | Can a court strike portions of the affidavit if they are not based on affiants personal knowledge? | Affidavits - Memo 59 - SNJ.docx | LEGALEASE-00042523-LEGALEASE-00042524 |
| Rey v. Simpson, 63 U.S. 341 | 83E+454 | When a note payable to a particular person or order is first endorsed by a third person, such third person is held to be an original promissor, guarantor or endorser according to the nature of the transaction and the understanding of the parties at the time the transaction took place. | When can a third person be held as an original promissor? | Bills and Notes - Memo 892 - RK_60691.docx | ROSS-003296439-ROSS-003296440 |
| Bilbrey v. Smithers, 937 S.W.2d 803 | 156+27(2) | When one recognizes another's title or is instrumental in another's acquiring title he is estopped to afterwards deny that title, and privies of grantor or grantee are estopped to same extent as original parties to deed. | "Where one recognizes another's title or is instrumental in another's acquiring title, is he estopped to afterwards deny that title?" | 018012.docx | LEGALEASE-00153014-LEGALEASE-00153015 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Aspenhof Corp. v. State Tax Comm'n of Missouri, 789 S.W.2d 867 | 371+2510 | Methods of calculating true value in money when assessing property include sales comparison or market data approach, income approach, replacement cost approach, and cost of construction approach; method used depends on several variables inherent in highest and best use of property in question. | What are the methods used to calculate true value in money when assessing property or real estate? | Exchange Of Property - Memo 37 - KK_60741.docx | ROSS-003308811-ROSS-003308812 |
| Plaza PH2001 LLC v. Plaza Residential Owner LP, 98 A.D.3d 89 | 307A+679 | Amended complaint must be analyzed as must any complaint on a motion to dismiss, construing the complaint liberally, accepting as true the facts alleged, and according the plaintiff the benefit of every possible inference. McKinney's CPLR 3211. | Should an amended complaint be analyzed as must any complaint on a motion to dismiss? | 038043.docx | LEGALEASE-00153051-LEGALEASE-00153052 |
| McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A. v. Weiss, 704 So. 2d 214 | 307A+622 | Motion to dismiss tests legal sufficiency of complaint to state a cause of action and is not intended to determine issues of ultimate fact. West's F.S.A. RCrP Rule 1.140(b)(6). | Does a motion to dismiss test the legal sufficiency of complaint to state a cause of action? | Pretrial Procedure - Memo # 9023 - C - NS_60429.docx | ROSS-003321457-ROSS-003321458 |
| Defalco v. Office of Court Mgmt., 90 Mass. App. Ct. 1104 | 228+183 | Judges may consider exhibits attached to a complaint without converting a motion to dismiss to one for summary judgment. Rules Civ.Proc., Rule 10(b), 43A M.G.L.A. | Can judges consider exhibits attached to a complaint without converting a motion to dismiss to one for summary judgment? | Pretrial Procedure - Memo # 9059 - C - MS_60464.docx | ROSS-003305701-ROSS-003305702 |
| Cumberland Farms v. Dubois, 154 Conn. App. 448 | 302+354 | If a pleading on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to strike is required; a motion to dismiss, by contrast, properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | "If a pleading on its face is legally insufficient, is a motion to strike required?" | 038265.docx | LEGALEASE-00153710-LEGALEASE-00153711 |
| Admiral Oriental Line v. United States, 86 F.2d 201 | 308+85 | An agent, compelled to defend a baseless suit, grounded on acts performed in his principal's business, may recover from principal expenses of his defense. | "Can an agent recover from the principal the expenses incurred to defend a baseless suit, grounded upon acts performed in his principal's business?" | 041553.docx | LEGALEASE-00152804-LEGALEASE-00152805 |
| Krumpelman v. Louisville & Jefferson Cty. Metro. Sewer Dist., 314 S.W.2d 557 | 371+2060 | "Taxes" are distinguishable from "special assessments" in that taxes are generally a rate or duty levied each year for purposes of general revenue, regardless of benefit to the taxpayer, while special assessments are local burdens laid on property, for a public purpose, but in a fixed amount and once for all time with reference to a special benefit. | How is special assessments distinguished from taxes? | Taxation - Memo # 914 - C - JL_60618.docx | ROSS-003294107-ROSS-003294108 |
| Rubio v. Capital One Bank, 613 F.3d 1195 | 172H+1342 | Because Truth in Lending Act (TILA) is liberally construed in favor of the consumer and strictly enforced against the creditor, any misleading ambiguity, that is, any disclosure that a reasonable person could read to mean something that is not accurate, should be resolved in favor of the consumer. Truth in Lending Act, S 127(c)(1)(A)(i)(I), 15 U.S.C.A. S 1637(c)(1)(A)(i)(I). | "Under TILA, should any misleading ambiguity be resolved in the favor of the consumer?" | 013948.docx | LEGALEASE-00153939-LEGALEASE-00153940 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Supervisors of Washington Cty. v. Saltville Land Co., 99 Va. 640 | 200+121 | In the absence of constitutional restrictions, the Legislature may impose upon a taxing district, such as a town, the duty of keeping in repair the streets and roads within, and relieve it from taxation for roads without, its limits. The Legislature judges finally and conclusively upon this question. Section 2 of Article VII of the Constitution of this State does not restrain the Legislature in this respect, and it may exempt lands lying within a town from the payment of a county road tax. | Can the Legislature relieve a taxing district from taxation for roads? | 019188.docx | LEGALEASE-00154079-LEGALEASE-00154080 |
| Tactuk v. Freiberg, 24 A.D.2d 503 | 307A+581 | Rules providing for dismissal of abandoned cases are not intended to apply where litigation is actually in progress. Supreme Ct. Rules, N.Y. and Queens Counties, rule 2(e); CPLR Rule 3404. | Are rules providing for dismissal of abandoned cases intended to apply where litigation is actually in progress? | 038898.docx | LEGALEASE-00154348-LEGALEASE-00154349 |
| O'Callaghan v. Satherlie, 2015 IL App (1st) 142152 | 307A+685 | A motion to dismiss based on defects or defenses provides that the motion must be supported by affidavit where the grounds for the motion do not appear on the face of the complaint. S.H.A. 735 ILCS 5/2-619. | Should a motion to dismiss based on defects or defenses provides that the motion be supported by an affidavit where the grounds for the motion do not appear on the face of the complaint? | 038956.docx | LEGALEASE-00154471-LEGALEASE-00154472 |
| Moening v. Alaska Mut. Bank, 751 P.2d 5 | 8.30E+239 | When note is executed and secured by deed of trust, documents are read and construed together as one contract to ascertain parties' intent. | "When a note is executed and secured by a deed of trust, is the documents read and construed together as one contract?" | Bills and Notes - Memo 17 - KC_61941.docx | ROSS-003323199-ROSS-003323200 |
| In re Hollingworth, 453 B.R. 32 | 172H+41 | Under the Massachusetts Predatory Home Loan Practices Act, lenders are required to receive certification that their borrowers received counseling prior to finalizing high-cost home mortgage loans. M.G.L.A. c. 183C, S 3. | Should lenders require to receive certification that their borrowers received counseling from an approved third-party prior to finalizing a high-cost home mortgage loan for the loan to be enforceable? | 013673.docx | LEGALEASE-00155376-LEGALEASE-00155377 |
| United States v. Bloom, 925 F. Supp. 426 | 141E+1237 | While relationship between scholar and National Health Service Corps (NHSC) under scholarship loan program is evidenced by contract, relationship is statutory, not contractual, and contract defenses such as breach of contract, impossibility, and accord and satisfaction are not defenses to payment of scholarship obligation. | Can a student raise a defense for defaulting on loan or scholarship payments? | 017083.docx | LEGALEASE-00154827-LEGALEASE-00154828 |
| Fischer v. Zollino, 303 Conn. 661 | 156+52(1) | The office of an equitable estoppel is to show what equity and good conscience require, under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties. | Is the office of an equitable estoppel to show what equity and good conscience require? | 018080.docx | LEGALEASE-00155346-LEGALEASE-00155347 |
| Countrywide Home Loans v. Estate of Rowe, 224 So. 3d 1152 | 307A+690 | Suits dismissed for want of prosecution do not decide any issues in controversy, do not form the basis of res judicata, and are therefore presumptively to be dismissed without prejudice. | Do suits dismissed for want of prosecution not decide any issues in controversy or the basis of res judicata? | 024597.docx | LEGALEASE-00155795-LEGALEASE-00155796 |
| Ray v. Greer, 212 N.C. App. 358 | 46H+934 | A trial court may enter sanctions when the plaintiff or his attorney violates a rule of civil procedure or a court order; the sanctions may be entered against either the represented party or the attorney, even when the attorney is solely responsible for the delay or violation. | "Can sanctions be entered for delay or violation of court order against either represented party or attorney, even when attorney is solely responsible for the delay or violation?" | Pretrial Procedure - Memo # 9620 - C - KS_61377.docx | ROSS-003296576-ROSS-003296577 |
| State ex rel. Missouri Highway & Transp. Comm'n v. Kersey, 663 S.W.2d 364 | 307A+581 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only length of delay, but attendant circumstances; a fair test is whether the excepting party had a reasonable opportunity to bring its exceptions to trial. | Can court consider length of delay and any other attendant circumstances in deciding whether to dismiss for failure to prosecute? | 039072.docx | LEGALEASE-00155090-LEGALEASE-00155091 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| DeSiato v. Shahboz, 277 419 A.2d 798 | 307A+581 | Party's right to seek non pros may be waived when he indicates through his conduct a willingness to try case on merits, notwithstanding the delay, and rationale behind waiver is that both parties have obligation to assert their legal rights with promptness so that it would be inequitable to grant non pros to defendant who believed that plaintiff had abandoned his action and yet who still manifested intention to pursue merits of cause and allowed plaintiff to incur expense of bringing case to trial. | Can a party's right to seek non pros be waived when he indicates through his conduct a willingness to try case on merits? | Pretrial Procedure - Memo # 9685 - C - SK_61586.docx | ROSS-003279694-ROSS-003279695 |
| Johnson v. Campbell, 154 S.W.2d 878 | 307A+583 | Before a court is authorized to dismiss a case for want of prosecution, court must reach the conclusion that the plaintiff has intentionally abandoned the prosecution thereof or that the facts are such that the law will imply an intention to abandon the prosecution. | Should a court reach the conclusion that plaintiff has intentionally abandoned prosecution before dismissing the case for want of prosecution? | Pretrial Procedure - Memo # 9745 - C - SHS_61620.docx | ROSS-003296666-ROSS-003296667 |
| CitiMortgage v. Gaudiano, 142 Conn. App. 440 | 307A+687 | In addition to admitting all facts well pleaded, a motion to dismiss invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. | "In addition to admitting all facts well pleaded, does a motion to dismiss invoke any record that accompanies the motion?" | 039364.docx | LEGALEASE-00154914-LEGALEASE-00154915 |
| Gamboa v. Alvarado, 407 Ill. App. 3d 70 | 307A+685 | The defect, defense or affirmative matter must be apparent on the face of the pleading attacked or be supported by affidavit in order for a motion to dismiss to be granted. S.H.A. 735 ILCS 5/2-619(a)(9). | "Should the defect, defense or affirmative matter be apparent on the face of the pleading attacked or be supported by affidavit in order for a motion to dismiss to be granted?" | 039410.docx | LEGALEASE-00155580-LEGALEASE-00155581 |
| Wallace v. Sinclair, 114 Cal. App. 2d 220 | 308+92(1) | The extent of an agency is measured by the authority conferred upon the agent, actually or ostensibly, and his power is sufficient to do everything that is necessary, proper or usual to accomplish the purpose of the principal, and the agent has actual authority as defined by the Civil Code, unless limited by the principal, and his ostensible authority is unlimited except as to those persons having knowledge of the restrictions imposed upon the agency. Civ.Code, SS 2315-2320, 2330. | Can the extent of agency be measured by the authority conferred upon the agent? | 041632.docx | LEGALEASE-00155678-LEGALEASE-00155679 |
| Com. v. O'Neil, 67 Mass. App. Ct. 284 | 3.77E+25 | Concept of "malice," for purposes of offense of criminal harassment, need not include the element of hatred, spite, grudge, or ill-will; the malice required is not a feeling of ill-will toward the person threatened, but the wilful doing of the act with the illegal intent. M.G.L.A. c. 265, S 43A(a). | "For the purposes of the offense of criminal harassment, what does the concept of ""malice"" require?" | 046791.docx | LEGALEASE-00155190-LEGALEASE-00155192 |
| Stanley v. Magrath, 719 F.2d 279 | 141E+1196 | Public university may not constitutionally take adverse action against student newspaper, such as withdrawing or reducing paper's funding, because it disapproves of content of paper. | Can a public university take adverse action against a student newspaper because it disapproves of the content of the paper? | 016834.docx | LEGALEASE-00156282-LEGALEASE-00156283 |
| Manago v. Giorlando, 143 A.D.2d 646 | 307A+581 | To avoid dismissal of complaint as abandoned, plaintiff must offer reasonable excuse for delay in demanding answer and must demonstrate that complaint is meritorious. McKinney's CPLR 3215(c). | "Should plaintiff offer reasonable excuse for delay in demanding answer and demonstrate that complaint is meritorious, to avoid dismissal of complaint as abandoned?" | Pretrial Procedure - Memo # 10053 - C - KG_62394.docx | ROSS-003311322-ROSS-003311323 |
| Warner v. Chauffeurs, Teamsters, & Helpers Local Union No. 414, 73 N.E.3d 190 | 307A+554 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | Can the trial court weigh the evidence to determine the existence of the requisite jurisdictional facts? | Pretrial Procedure - Memo # 10071 - C - AC_62401.docx | ROSS-003307387 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Glovegold Shipping, Ltd. v. Sveriges Angfartygs Assurans Forening, 791 So. 2d 4 | 307A+685 | A foreign defendant that wishes to contest personal jurisdiction must move to dismiss and attach to the motion affidavits in support of this position. West's F.S.A. S 48.193. | Should a foreign defendant that wishes to contest personal jurisdiction move to dismiss the complaint attaching affidavits in support of the position? | Pretrial Procedure - Memo # 10147 - C - SB_62058.docx | ROSS-003281393-ROSS-003281394 |
| Jaffe v. Carol Mgmt. Corp., 268 A.D.2d 292 | 307A+685 | To defeat motion to dismiss for want of prosecution, plaintiff must present an affidavit of merit, or its equivalent, from an individual having personal knowledge of the facts underlying the action. McKinney's CPLR 3216(e). | "Should a plaintiff present an affidavit of merit, or its equivalent to defeat motion to dismiss?" | Pretrial Procedure - Memo # 10149 - C - KI_62060.docx | ROSS-003292829-ROSS-003292830 |
| Curtis by Curtis v. Cook Cty., 109 Ill. App. 3d 400 | 307A+685 | Although affidavits may be considered under motion to dismiss, they may not be considered under motion to dismiss for failure to state cause of action, which admits all well-pleaded facts and attacks facially only complaint's legal sufficiency. Ill.Rev.Stat. 1979, ch. 110, PP 45, 48. | Can affidavits be considered in support of any motion to dismiss attacking sufficiency of complaint? | 024585.docx | LEGALEASE-00156012-LEGALEASE-00156013 |
| Hammonds v. Sherman, 277 Ga. App. 498 | 307A+690 | Trial court may dismiss a civil action without prejudice for failure to appear at a peremptory calendar call. West's Ga.Code Ann. S 9-11-41(b); Uniform Superior Court Rule 14, 20(A). | Can a trial court dismiss a civil action without prejudice for failure to appear at a peremptory calendar call? | Pretrial Procedure - Memo # 10362 - C - NS_62087.docx | ROSS-003298223 |
| People v. Saltray, 969 P.2d 729 | 3.77E+10 | Menacing statute, which prohibits defendant from knowingly placing or attempting to place another person in fear of imminent serious bodily injury, requires prosecution to prove that defendant acted knowingly, i.e., that he was aware that his conduct was such that it was practically certain to place victim in fear of imminent serious bodily injury. West's C.R.S.A. S 18-3-206. | "For a conviction under the menacing statute, what is the prosecution required to prove about the defendant?" | 046655.docx | LEGALEASE-00156062-LEGALEASE-00156063 |
| Fiona C. v. Kevin L., 166 Conn. App. 844 | 3.77E+34 | Stalking in the second degree includes the following elements: (1) that the defendant acting knowingly, (2) that the defendant engaged in a course of conduct directed at the victim, and (3) that such conduct would cause a reasonable person to fear for his or her physical safety or for the physical safety of a third person. C.G.S.A. S 53a-181d(b)(1). | What are the elements of stalking in the second degree? | Threats - Memo #84 - C - LB_61816.docx | ROSS-003296683-ROSS-003296684 |
| State v. Rio, 38 Wash. 2d 446 | 67+9(2) | A servant, or boarder, or joint occupant of a room is guilty of burglary if he exceeds his rights either with respect to time of entering or room into which he enters, and a servant, or a guest or boarder, with right to be in house, may be convicted of burglary on proof that he broke and entered at a time or place beyond his authority. Rem.Rev.Stat. S 2579. | When is a servant guilty of burglary? | Burglary - Memo 275 - RK_62278.docx | ROSS-003279058-ROSS-003279060 |
| Ebbets Partners, Ltd. v. Day, 171 Ohio App. 3d 20 | 307A+690 | Dismissal without prejudice relieves the trial court of all jurisdiction over the matter, and the action is treated as though it had never been commenced. | "Does a dismissal without prejudice relieve the trial court of all jurisdiction over the matter, and the action is treated as though it had never been commenced?" | 025019.docx | LEGALEASE-00156655-LEGALEASE-00156656 |
| Cardiff Equities v. Superior Court, 166 Cal. App. 4th 1541 | 307A+517.1 | A dismissal "without prejudice" necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations. West's Ann.Cal.C.C.P. S 581. | "Does a dismissal ""without prejudice"" necessarily mean without prejudice to the filing of a new action on the same allegations?" | Pretrial Procedure - Memo # 10529 - C - NS_62429.docx | ROSS-003296202-ROSS-003296203 |
| Johnson v. Owens, 629 S.W.2d 873 | 308+1 | An essential element of proof of agency is that alleged principal has both right to assign agent's task and to control means and details of process by which agent will accomplish the task. | "Can the right to control the means by which the agent will accomplish the task, be an essential element of proof of agency?" | Principal and Agent - Memo 587-SB_63600.docx | ROSS-003322814-ROSS-003322815 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Zilinmon v. State, 234 Ga. 535 | 3.77E+10 | Prohibition against the making of illegal threats for purpose of terrorizing another does not include situations where overt acts are done to carry out the threat. | Does the prohibition against the making of illegal threats for the purpose of terrorizing another include situations where overt acts are done to carry out the threat? | Threats - Memo #126 - C - LB_62514.docx | ROSS-003285131-ROSS-003285132 |
| Polk Chevrolet v. Vicaro, 162 So. 2d 761 | 83E+426 | Where negotiable instrument is endorsed in blank, subsequent blank endorsements need not be considered so far as concerns passing title to instrument, and negotiable instrument endorsed in blank followed by endorsement in full is still payable to bearer, though as against special endorser title must be made through his endorsee. LSA-R.S. 7:40, 7:48. | When a negotiable instrument is indorsed in blank should subsequent blank endorsements needs to be considered? | Bills and Notes-Memo 1271-ANM_63199.docx | ROSS-003322964 |
| Hilligoss v. Illini Cablevision of Illinois, 294 Ill. App. 3d 282 | 307A+685 | On motion to dismiss in which defect in claim is not apparent on face of pleading attacked, motion must be supported by affidavit or documents of similar nature such as depositions and answers to interrogatories. S.H.A. 735 ILCS 5/2-619(a)(9). | "On motion to dismiss in which a defect in a claim is not apparent on a face of a pleading attacked, should a motion be supported by affidavit?" | 024852.docx | LEGALEASE-00156735-LEGALEASE-00156736 |
| Jordan v. Griley, 667 So. 2d 493 | 307A+680 | Motion to dismiss complaint is not motion for summary judgment in which court may rely on facts adduced in depositions, affidavits, or other proofs. | "Is a motion to dismiss complaint not a motion for summary judgment in which a court can rely on facts adduced in depositions, affidavits, or other proofs?" | 024855.docx | LEGALEASE-00156755-LEGALEASE-00156756 |
| Fed. Nat. Mortg. Ass'n v. Linner, 193 So. 3d 1010 | 307A+690 | The Kozel factors for determining whether dismissal with prejudice is a warranted response to an attorney's misconduct apply to dismissals with prejudice because such dismissals dispose of a case and may run the risk of punishing the litigant too harshly for counsel's conduct; when a case is dismissed without prejudice, a litigant may still have his or her day in court, even if the case needs to be refiled. | Can dismissal dispose of a case and run the risk of punishing the litigant too harshly for counsel's conduct? | 024919.docx | LEGALEASE-00157367-LEGALEASE-00157368 |
| Singer v. Florida Paving Co., 459 So. 2d 1146 | 307A+693.1 | Even though a counterclaim has been dismissed with prejudice, it may be refiled as an independent action while the initial lawsuit remains pending. West's F.S.A. RCP Rule 1.420(b). | "Even though a counterclaim has been dismissed with prejudice, can it be refiled as an independent action while the initial lawsuit remains pending?" | 025230.docx | LEGALEASE-00156731-LEGALEASE-00156732 |
| Deutsche Bank Nat. Tr. Co. v. Harris, 985 N.E.2d 804 | 307A+594.1 | The weight any particular factor, on an appeal of an order dismissing a case for lack of prosecution, has in a particular case depends on the facts of that case; however, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay. Trial Procedure Rule 41(E). | Is a lengthy period of inactivity enough to justify dismissal under the circumstances of a particular case? | 025356.docx | LEGALEASE-00157357-LEGALEASE-00157358 |
| Villarreal v. San Antonio Truck & Equip., 974 S.W.2d 275 | 307A+582 | In addition to the trial court's authority to dismiss a case for want of prosecution provided by the rules of civil procedure, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Can a court dismiss for want of prosecution, when any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice?" | 025369.docx | LEGALEASE-00157434-LEGALEASE-00157435 |
| Dinerstein v. Evanston Athletic Clubs, 2016 IL App (1st) 153388 | 307A+686.1 | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the complaint but asserts a defense outside the complaint that defeats it. S.H.A. 735 ILCS 5/2-619. | Will a motion for involuntary dismissal based upon certain defects or defenses admit the legal sufficiency of the complaint but asserts a defense outside the complaint that defeats it? | Pretrial Procedure - Memo # 10733 - C - KG_63263.docx | ROSS-003321897-ROSS-003321898 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Goldberg v. Brooks, 409 Ill. App. 3d 106 | 307A+685 | While affirmative matter in motion for involuntary dismissal must be more than evidence offered to refute a well-pleaded fact, if facts within an affidavit dispute the allegations of the complaint and are not contradicted by a counteraffidavit, the court must accept the facts in the affidavit as true. S.H.A. 735 ILCS 5/2-619. | Should an affirmative matter be more than evidence offered to refute well-pleaded fact? | 025407.docx | LEGALEASE-00158000-LEGALEASE-00158001 |
| Mobil Oil Corp. v. Linear Films, 718 F. Supp. 260 | 308+1 | Pure agency relationship may develop between two corporations whether they are parent and subsidiary or completely unrelated outside of limited agency setting since complete or general domination and control of agent by principal is not required. | Can an agency relationship develop if two separate corporations are completely unrelated outside of the limited agency setting? | Principal and Agent - Memo 439 - RK_63559.docx | ROSS-003309443-ROSS-003309444 |
| Wilson v. Edward Hosp., 2012 IL 112898 | 308+1 | Proof of actual agency, or respondeat superior, requires a showing that: (1) a principal/agent, master/servant, or employer/employee relationship existed, (2) the principal controlled or had the right to control the conduct of the alleged employee or agent, and (3) the alleged conduct of the agent or employee fell within the scope of the agency or employment. | How is actual agency proven? | Principal and Agent - Memo 489 - KK_62692.docx | ROSS-003319481-ROSS-003319482 |
| Tomlinson v. G.E. Capital Dealer Distrib. Fin., 624 So. 2d 565 | 308+1 | Test for determining existence of agency relationship under doctrine of respondeat superior is whether alleged principal reserved right of control over manner of alleged agent's performance. | What is the test for determining the existence of an agency relationship under the doctrine of respondeat superior? | Principal and Agent - Memo 588- SB_63601.docx | ROSS-003307369-ROSS-003307370 |
| Franks & Son v. State, 136 Wash. 2d 737 | 371+2002 | In three-part test to determine whether a charge imposed by a governmental entity is a fee or a tax, court considers whether the primary purpose of the monetary assessment is to accomplish desired public benefits which cost money, or to regulate an industry or activity; whether the money collected must be allocated only to the authorized regulatory purpose; and whether there is a direct relationship between the fee charged and the service received, or between the fee charged and the burden produced by the fee payer. | "In the three-part test to determine the nature of a charge imposed by a governmental, what is the first factor a court will consider?" | 044547.docx | LEGALEASE-00157548-LEGALEASE-00157549 |
| Clean Water Coal. v. The M Resort, 127 Nev. 301 | 371+2002 | While a tax is compulsory and it entitles the taxpayer to receive nothing except the governmental rights enjoyed by all citizens, a "user fee" is optional and applies to a specific charge for the use of publicly provided services. | Does a tax entitle the taxpayer to receive anything in return? | Taxation - Memo # 1055 - C - JL_62706.docx | ROSS-003293633-ROSS-003293634 |
| United States v. Nicklas, 713 F.3d 435 | 3.77E+11 | In determining whether a communication is a threat that violates the statute prohibiting the transmission in interstate commerce of any communication containing any threat to injure the person of another, the communication must be viewed in textual context and also in the context of the totality of the circumstances in which the communication was made. 18 U.S.C.A. S 875(c). | How must a communication be viewed in order to determine whether it is a threat in violation of the statute prohibiting the transmission of a threat in interstate commerce? | 046698.docx | LEGALEASE-00157009-LEGALEASE-00157011 |
| Toll v. Moreno, 458 U.S. 1 | 24+101 | Federal authority to regulate status of aliens derives, inter alia, from federal government's constitutional powers to establish uniform rule of naturalization and to regulate commerce with foreign nations and from its broad authority over foreign affairs. U.S.C.A.Const.Art. 1, S 8, cls. 3, 4. | Does the federal government have the constitutional power to establish a uniform rule of naturalization? | "Aliens, Immigration, and Citizenship - Memo 46 - RK_63915.docx" | ROSS-003281693-ROSS-003281694 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Purdy & Fitzpatrick v. State, 71 Cal. 2d 566 | 24+103 | State can neither add to nor take from conditions lawfully imposed by Congress on admission, naturalization and residence of aliens in United States or several states. Immigration and Nationality Act, S 101 et seq., 8 U.S.C.A. S 1101 et seq.; U.S.C.A.Const. art. 1, S 8, cl. 4. | Can states add to or take from the conditions lawfully imposed by Congress upon the naturalization of aliens in the United States? | "Aliens, Immigration, and Citizenship - Memo 50 - RK_63918.docx" | ROSS-003294449-ROSS-003294450 |
| Arizona v. United States, 567 U.S. 387 | 24+690 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the federal government have the power to establish a uniform rule of naturalization? | 006985.docx | LEGALEASE-00159148-LEGALEASE-00159149 |
| Griffin v. Oklahoma Nat. Gas Corp., 37 F.2d 545 | 268+681(4) | Grants of right or privilege to use public streets for maintaining and operating railroads, electric lines, waterworks systems, and gas pipe lines are "franchises." Grants of right or privilege to use public streets for purpose of maintaining and operating railroads, electric light power lines, system of waterworks, gas pipe lines, and the like are franchises. | Is privilege to use the public street a franchise? | Franchises - Memo 6 - ANG_65708.docx | ROSS-003282831-ROSS-003282832 |
| New York Firemen Ins. Co. v. Bennett, 5 Conn. 574 | 289+667 | The indorsement of a note, by one of several partners, in the partnership name, as surety for a third person, without the consent or knowledge of the other partners, will not bind the firm. | "Does an indorsement of a note, by one of several partners, in the partnership name, without the consent of other partners, bind the partnership?" | 022630.docx | LEGALEASE-00158735-LEGALEASE-00158736 |
| Manassas Park Dev. Co. v. Offutt, 203 Va. 382 | 302+20 | Material facts constituting cause of action must be stated by direct and positive allegations clearly informing opposite party of true nature of claim he is to meet, but alternative pleading is permitted where pleader has no knowledge as to which of two sets of facts should be alleged, and opposite party would be equally liable under either. Supreme Court of Appeals Rules, rule 3:18. | Should material facts be stated positively and directly? | 023827.docx | LEGALEASE-00158663-LEGALEASE-00158664 |
| Kemp-Golden v. Dep't of Children & Family Servs., 281 Ill. App. 3d 869 | 307A+561.1 | Once defendant has satisfied its burden of going forward on its motion asserting affirmative defense, if plaintiff cannot establish defense is unfounded, motion may properly be granted. S.H.A. 735 ILCS 5/2-619(A)(9). | Will a motion be granted once defendant satisfies its burden of going forward on its motion asserting affirmative defense? | Pretrial Procedure - Memo # 10745 - C - KI_63862.docx | ROSS-003281489-ROSS-003281490 |
| Goldberg v. Brooks, 409 Ill. App. 3d 106 | 307A+685 | While affirmative matter in motion for involuntary dismissal must be more than evidence offered to refute a well-pleaded fact, if facts within an affidavit dispute the allegations of the complaint and are not contradicted by a counteraffidavit, the court must accept the facts in the affidavit as true. S.H.A. 735 ILCS 5/2-619. | Can the court accept facts in affidavit if they dispute allegations of complaint and are not contradicted via counter affidavit? | 025405.docx | LEGALEASE-00158715-LEGALEASE-00158716 |
| Connelly v. Dooley's Estate, 96 Ill. App. 3d 1077 | 307A+561.1 | Although affirmative defenses delineated in section of Civil Practice Act permitting the raising of affirmative matter in bar and abatement in motion to dismiss are not exclusive, where affirmative matter is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint the section should not be used. S.H.A. ch. 110, S 48. | Can a statute for involuntary dismissal be invoked where affirmative matter is evidence which movant submits in contesting ultimate fact contained in contested pleading? | 025422.docx | LEGALEASE-00158056-LEGALEASE-00158057 |
| Gardner v. Hollifield, 96 Idaho 609 | 302+354 | If affirmative defense is not disclosed by complaint itself defense may not be raised by motion to dismiss except for matters outside the pleading are presented to and not excluded by court, in which case, the motion shall be treated as one for summary judgment. Rules of Civil Procedure, rule 12(b)(6). | When can a motion be treated as one for summary judgement? | 025466.docx | LEGALEASE-00158442-LEGALEASE-00158443 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Enriquez v. Livingston, 400 S.W.3d 610 | 307A+697 | Burden is on the judge to set an oral hearing on a motion to reinstate plaintiff's case which was dismissed for want of prosecution; upon receiving a copy of a motion to reinstate from the court clerk, a trial judge knows, by virtue of the express language of Civil Procedure Rule governing dismissal and reinstatement of cases, that he is required-without discretion-to set the motion for an oral hearing and notify the parties of the date, time, and place of the hearing, and thus, it is unnecessary and illogical to place the burden on the movant to obtain a setting for an oral hearing. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | Does a timely and properly verified motion to reinstate a case which has been dismissed for want of prosecution require the trial court to hold an oral hearing on the motion without regard to whether the movant obtains a setting? | 025490.docx | LEGALEASE-00158637-LEGALEASE-00158638 |
| Unit 82 Joint Venture v. Int'l Commercial Bank of China, Los Angeles Branch, 359 S.W.3d 267 | 307A+699 | A motion to reinstate following dismissal of a case for want of prosecution extends the trial court's plenary jurisdiction, as well as the appellate timetable. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | "Does a motion to reinstate following dismissal of a case for want of prosecution extend the trial court's plenary jurisdiction, as well as the appellate timetable?" | Pretrial Procedure - Memo # 10813 - C - BP_64076.docx | ROSS-003292689-ROSS-003292690 |
| Finlan v. Peavy, 205 S.W.3d 647 | 307A+676 | Timely notice to plaintiffs of the dismissal of their cause of action and plaintiffs' motions for new trial and to reinstate, with the opportunity for a hearing, cured any violation of plaintiffs' due process rights resulting from trial court's dismissal of their claims without prior notice and opportunity to be heard, although plaintiffs failed to avail themselves of the opportunity to file motion for a hearing; plaintiffs had opportunity to receive the same hearing post-dismissal they would have received pre-dismissal. U.S.C.A. Const.Amend. 14. | Does a motion to reinstate a dismissed case with the opportunity for a hearing cure the due process violations? | Pretrial Procedure - Memo # 10817 - C - BP_64080.docx | ROSS-003309938-ROSS-003309939 |
| Knight v. Trent, 739 S.W.2d 116 | 307A+699 | Term "failure," referred to in Rule 165a(2), is not failure to appear at show cause hearing, but failure to show cause why suit should not be dismissed for want of prosecution, and Rule 165a(2)'s mandatory reinstatement requirement is not triggered until cause is shown why suit should have been dismissed for said want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 2. | "Is a term ""failure,"" referred to in Rule 165a(2), not failure to appear at a show cause hearing?" | Pretrial Procedure - Memo # 10869 - C - KS_63887.docx | ROSS-003279783-ROSS-003279784 |
| Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730 | 307A+583 | Trial court may dismiss suit for want of prosecution pursuant to either statutory authority of Civil Procedure Rule 165a or trial court's "inherent power." Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Does a Civil Procedure Rule control reinstatement procedure for all cases, whether dismissed pursuant to that rule or pursuant to a court's inherent power?" | 025585.docx | LEGALEASE-00158338-LEGALEASE-00158339 |
| Seldomridge v. Gen. Mills Operations, 140 S.W.3d 58 | 307A+690 | A dismissal for lack of subject matter jurisdiction must be without prejudice because the court has no authority to decide the case on the merits. | Should a dismissal for lack of subject matter jurisdiction be without prejudice because the court has no authority to decide the case on the merits? | Pretrial Procedure - Memo # 10887 - C - PC_63691.docx | ROSS-003293047-ROSS-003293048 |
| Cornell v. Ripka, 897 N.W.2d 801 | 307A+693.1 | When an action has been dismissed with prejudice under rule that states that any action not filed within one year of commencement is deemed dismissed with prejudice against all parties, a voluntary dismissal without prejudice is no longer available. Minn. R. Civ. P. 5.04, 41.01(a). | "When an action has been dismissed with prejudice under a rule that states that any action not filed within one year of commencement is deemed dismissed with prejudice, is a voluntary dismissal without prejudice no longer available?" | Pretrial Procedure - Memo # 10935 - C - DA_63701.docx | ROSS-003282296-ROSS-003282297 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Skinner v. E.F. Hutton & Co., 314 N.C. 267 | 307A+686.1 | Motion to dismiss under Civil Rule 12(b)(6), for failure to state any claim upon which relief might be granted, tests legal sufficiency of complaint and in ruling on motion, allegations of complaint must be viewed as admitted, and on that basis court must determine as matter of law whether allegation states claim for which relief may be granted. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | When will a motion be granted and the action dismissed? | Pretrial Procedure - Memo # 11076 - C - RF_63463.docx | ROSS-003283619 |
| Webber v. St. Louis Cty. 2010 WL 4628625 | 307A+561.1 | Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes on its face and without exception that the defense applies and the claim is barred. V.A.M.R. 55.08. | Can the petition be dismissed unless it establishes on its face without exception that the defense applies? | Pretrial Procedure - Memo # 11089 - C - KS_63745.docx | ROSS-003296253-ROSS-003296254 |
| Nguyen v. Grain Valley R-5 Sch. Dist., 353 S.W.3d 725 | 307A+561.1 | Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes on its face and without exception that the defense applies and the claim is barred. | Can the petition be dismissed unless it establishes on its face without exception that the defense applies? | 025938.docx | LEGALEASE-00158254-LEGALEASE-00158255 |
| Tom Geise Plumbing v. Taylor, 396 Ill. App. 3d 289 | 307A+561.1 | "Affirmative matter," for purposes of a motion to dismiss on basis that the claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, is something in the nature of a defense which negates the cause of action completely. S.H.A. 735 ILCS 5/2-619(a)(9). | Will an affirmative matter be a nature of defense that negates the cause of action completely? | Pretrial Procedure - Memo # 11092 - C - KS.docx | LEGALEASE-00048593-LEGALEASE-00048594 |
| State v. Chillingworth, 106 Fla. 323 | 307A+693.1 | Though judgment dismissing law action not involving merits does not bar subsequent action, such judgment is sufficient disposition of cause to deprive court of jurisdiction to reinstate it after expiration of term. | Does a judgment dismissing a law action not involving merits bar subsequent action? | 026007.docx | LEGALEASE-00158394-LEGALEASE-00158395 |
| Cislaw v. Southland Corp., 4 Cal. App. 4th 1284 | 308+3(1) | General rule is where franchise agreement gives franchisor the right of complete or substantial control over the franchisee, an agency relationship exists. | Will an agency relationship exist when a franchise agreement gives the franchisor the right of complete control over the franchisee? | Principal and Agent - Memo 382 - RK_63940.docx | ROSS-003320073-ROSS-003320074 |
| City of Chicago v. Barnett, 404 Ill. 136 | 308+3(1) | A "broker," as distinguished from agent, sustains no fixed and permanent employment by or in relation to any principal, but holds himself out for employment by public generally, is employment being that of special agent for single object, whereas an agent sustains fixed and permanent relation to his principal and owes permanent and continued allegiance. | Do brokers have a fixed and permanent employment relation to the principal? | Principal and Agent - Memo 389 - RK_63947.docx | ROSS-003294835-ROSS-003294836 |
| Baker v. Fenley, 233 Mo. App. 998 | 308+1 | An "agency" is the legal relation which arises when one party, called the "agent," is authorized to represent and act for another party, called the "principal," in bringing or to aid in bringing such principal in contractual relation with a third person, however such authority may be conferred. | Can authority to represent another be conferred? | 041857.docx | LEGALEASE-00158454-LEGALEASE-00158455 |
| Van't Rood v. Cty. of Santa Clara, 113 Cal. App. 4th 549 | 308+1 | An agency is proved by evidence that the person for whom the work was performed had the right to control the activities of the alleged agent, and the fact that the parties had a preexisting relationship is not sufficient to make one party the agent for the other. West's Ann.Cal.Civ.Code S 2295. | Is a preexisting relationship sufficient to make one party the agent for the other? | Principal and Agent - Memo 469- PR_63792.docx | ROSS-003281155-ROSS-003281156 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ransom v. A.B. Dick Co., 289 Ill. App. 3d 663 | 184+7 | While particular relationships may constitute fiduciary relationships as matter of law, fiduciary relationship and its attendant duties may also arise as result of special circumstances of parties' relationship, where one party places trust in another so that the latter gains superiority and influence over the former. | Can a fiduciary relationship arise from special circumstances of the parties' relationship? | Principal and Agent - Memo 485 - RK_63970.docx | ROSS-003307216-ROSS-003307217 |
| Wilson v. Edward Hosp., 2012 IL 112898 | 308+1 | Proof of actual agency, or respondeat superior, requires a showing that: (1) a principal/agent, master/servant, or employer/employee relationship existed, (2) the principal controlled or had the right to control the conduct of the alleged employee or agent, and (3) the alleged conduct of the agent or employee fell within the scope of the agency or employment. | What does actual agency consist of? | Principal and Agent - Memo 527 - RK_63985.docx | ROSS-003308952-ROSS-003308953 |
| Noble Sec. v. MIZ Eng'g, Ltd., 611 F. Supp. 2d 513 | 308+1 | Under Virginia law, when determining whether an agency relationship exists, the critical test is the nature and extent of control exercised by the purported principal over the agent. | Is the extent of control exercised by the principal a critical test in determining whether an agency relationship exists? | Principal and Agent - Memo 533 - RK_63991.docx | ROSS-003298259-ROSS-003298260 |
| Van't Rood v. Cty. of Santa Clara, 113 Cal. App. 4th 549 | 308+1 | An agency is proved by evidence that the person for whom the work was performed had the right to control the activities of the alleged agent, and the fact that the parties had a preexisting relationship is not sufficient to make one party the agent for the other. West's Ann.Cal.Civ.Code S 2295. | Can the fact that the parties had a preexisting relationship make one party the agent for the other? | Principal and Agent - Memo 535 - RK_63993.docx | ROSS-003308658-ROSS-003308659 |
| Borders v. Cline, 212 N.C. 472 | 413+101 | The Workmen's Compensation Act is to be liberally construed with regard to the employment to which it applies, but the rule of liberal construction cannot be carried to the point of applying the act to employments not within its stated scope or not within its intent or purpose or of supporting a strained construction to include an occupation or employment not falling within it (Code 1935, S 8081(h) et seq.). | Can the compensation act apply to employments not within its stated scope? | 048628.docx | LEGALEASE-00158122-LEGALEASE-00158123 |
| Kaplan v. Gaskill, 108 Neb. 455 | 413+101 | The provision of the Workmen's Compensation Act that it shall apply to every employer employing one or more employees in a regular trade, business, profession or vocation of such employer does not contemplate that a person can be engaged in only one regular business but he may be engaged in several. Laws 1917, c. 85, S 1. | "Does the Compensation Act apply to employees in the regular trade, business, profession or vocation of an employer?" | Workers' Compensation - Memo #624 - C - ANC.docx | LEGALEASE-00048969-LEGALEASE-00048970 |
| Arizona v. United States, 567 U.S. 387 | 24+690 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the government have the power to establish uniform rules of naturalization? | "Aliens, Immigration and Citizenship - Memo 86 - RK_64819.docx" | ROSS-003281347-ROSS-003281348 |
| Scheidemann v. I.N.S., 83 F.3d 1517 | 92+2838 | Prohibition against ex post facto laws does not apply to deportation proceedings, which are purely civil actions to determine eligibility to remain in country, not to punish; past conduct is relevant only insofar as it may shed light on respondent's right to remain. U.S.C.A. Const. Art. 1, S 9, cl. 3. | Is a respondents right to remain in the future determined in deportation proceedings? | 006968.docx | LEGALEASE-00160262-LEGALEASE-00160263 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Mulvey, 57 Mass. App. Ct. 579 | 129+107 | "Public" element of offense of disorderly conduct may be satisfied if disturbance takes place in a more secluded environment than, for example, on public street or by side of highway, but only if members of the public are likely to be affected. M.G.L.A. c. 272, S 53. | Will the public element of the offense be met in cases where the proscribed conduct takes place in a secluded environment? | Disorder Conduct - Memo 19 - PR_64608.docx | ROSS-003282740-ROSS-003282741 |
| Town of Plainfield v. Paden Eng'g Co., 943 N.E.2d 904 | 217+1001 | While insurance contracts are in many respects similar to surety contracts, there is a wide difference between the two kinds of contracts; insurance has been defined as a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event, whereas a contract of suretyship is one to answer for the debt, default, or miscarriage of another. | What is the difference between surety and insurance contracts? | 019600.docx | LEGALEASE-00159654-LEGALEASE-00159655 |
| Douthart v. Logan, 86 Ill.App. 294 | 289+525 | The "good will" of a partnership may be defined as every possible advantage acquired by the firm in carrying on its business, whether connected with premises or name or other matter. | Is good will of a partnership every possible advantage acquired by the firm in carrying on its business? | Partnership - Memo 537 - RM_64660.docx | ROSS-003280904-ROSS-003280905 |
| Expocorp v. Hyatt Mgmt. Corp. of New York, 134 A.D.2d 234 | 307A+561.1 | To warrant dismissal, defense grounded on documentary evidence must be complete one, leaving no genuine triable issues of fact. | Should defense on documentary evidence be complete to warrant dismissal leaving no genuine triable issues of fact? | 039560.docx | LEGALEASE-00159268-LEGALEASE-00159269 |
| Smith v. Babcock & Wilcox Const. Co., 913 S.W.2d 467 | 307A+697 | Failure to appear is not intentional or due to conscious indifference, as required to dismiss for want of prosecution, merely because it is deliberate, it must also be without adequate justification; accident, mistake, or other reasonable explanation negates intent or conscious indifference for which reinstatement can be denied. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | "Can proof of accident, mistake, or other reasonable explanation negate the intent or conscious indifference for which reinstatement of a case dismissed can be denied?" | 039727.docx | LEGALEASE-00159280-LEGALEASE-00159281 |
| Bagwell v. Bagwell, 290 Ga. 378 | 307A+698 | Once an order of dismissal is entered it may not be modified by the trial court outside the term of court in which it was issued in order to specify that it was without prejudice. | "Once an order of dismissal is entered, can it not be modified by the trial court outside the term of court in which it was issued in order to specify that it was without prejudice?" | 039832.docx | LEGALEASE-00159443-LEGALEASE-00159444 |
| Signature Dev. v. Sandler Commercial at Union, 207 N.C. App. 576 | 307A+561.1 | On a motion to dismiss for failure to state a claim upon which relief may be granted, when a complaint states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, the motion will be granted and the action dismissed. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | What happens when a complaint states a valid claim but discloses an unconditional affirmative defense which defeats the asserted claim? | 039843.docx | LEGALEASE-00159465-LEGALEASE-00159466 |
| Bailey v. Gitt, 135 N.C. App. 119 | 13+53(2) | Dismissal of claims for certain types of damages by the trial court in a wrongful death action does not necessarily dismiss the underlying allegation of negligence upon which the claim is predicated; however, a claim for negligence cannot be split into its various kinds of damages. G.S. S 28A-18-2. | Can a claim for negligence be split into various kinds of damages? | 039862.docx | LEGALEASE-00159628-LEGALEASE-00159629 |
| Mason v. State ex rel. Bd. of Regents of Univ. of Oklahoma, 23 P.3d 964 | 307A+695 | When a petition is dismissed for failure to state a claim, the plaintiff must be granted leave to amend the pleading if the defect can be remedied. 12 Okl.St.Ann. S 2012, subd. G. | "When District Court grants motion to dismiss for failure to state a claim, should it grant a plaintiff leave to file an amended petition if a defect can be remedied?" | 039948.docx | LEGALEASE-00159685-LEGALEASE-00159686 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| VanMatre v. State, 714 N.E.2d 655 | 3.77E+10 | In order to prove intimidation as class C felony, state must allege and prove that defendant: (1) communicated threat; (2) to another person; (3) with intent that other person be placed in fear of retaliation for prior lawful act; (4) while armed with deadly weapon. West's A.I.C. 35-45-2-1(b)(2). | In order to prove intimidation what must the state show? | 046924.docx | LEGALEASE-00160306-LEGALEASE-00160307 |
| People v. Wyckoff, 106 Ill. App. 2d 360 | 92+2816 | Punishment for taking indecent liberties with a child could not be increased by amendatory act taking effect after commission of offense, within constitutional prohibition against ex post facto laws, and, therefore, statutory punishment existing prior to amendment would apply. S.H.A. ch. 38, S 11-4; ch. 131, S 4. | "When the punishment for an offense is increased by an amendatory act taking effect after the offense has been committed, does that constitute a violation of the constitutional prohibition against ex post facto laws?" | 012555.docx | LEGALEASE-00161439-LEGALEASE-00161441 |
| Hawes v. 1997 Jeep Wrangler, 602 N.W.2d 874 | 135H+25 | A criminal adjudication followed by a civil forfeiture, or vice versa, only violates double jeopardy provisions if the forfeiture constitutes punishment. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "Does a criminal adjudication followed by a civil forfeiture, or vice versa, only violate double jeopardy provisions if the forfeiture constitutes punishment?" | Double Jeopardy - Memo 14 - C - SS_65113.docx | ROSS-003280531-ROSS-003280532 |
| Schug v. Nine Thousand Nine Hundred Sixteen Dollars & Fifty Cents in U.S. Currency, 669 N.W.2d 379 | 135H+25 | A criminal adjudication followed by a civil forfeiture, or vice versa, violates double jeopardy provisions only if the forfeiture constitutes punishment. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "Does a criminal adjudication followed by a civil forfeiture, or vice versa, violate double jeopardy provisions if the forfeiture constitutes punishment?" | 015073.docx | LEGALEASE-00160566-LEGALEASE-00160567 |
| People v. Dahlberg, 355 Ill. App. 3d 308 | 135H+99 | Reprosecution of a defendant following the declaration of a mistrial is constitutionally permissible if: (1) the mistrial was attributable to the defendant by virtue of his motion or consent; or (2) the mistrial was warranted by "manifest necessity." | Is reprosecution of a defendant following the declaration of a mistrial constitutionally permissible if the mistrial was attributable to the defendant by virtue of his motion or consent? | 016166.docx | LEGALEASE-00160807-LEGALEASE-00160808 |
| H.D. ex rel. A.S. v. Cent. Bucks Sch. Dist., 902 F. Supp. 2d 614 | 141E+862 | While a court determining whether a public school has provided a disabled student a free, appropriate public education (FAPE) should determine the appropriateness of an individualized education program (IEP) as of the time it was made, it may consider evidence acquired after the creation of an IEP, but only to evaluate the reasonableness of the school district's decisions at the time that they were made. Individuals with Disabilities Education Act, SS 612(a)(1), 614(d)(1)(B), 20 U.S.C.A. SS 1412(a)(1), 1414(d)(1)(B). | When should the reasonableness of a school district's decision be considered in determining the appropriateness of and Individualized Education Plan? | 017181.docx | LEGALEASE-00160963-LEGALEASE-00160964 |
| VanHouten v. Mount St. Mary Coll., 137 A.D.3d 1293 | 141E+919 | Judicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously, or whether it substantially complied with its own rules and regulations. | Is judicial review of the actions of a private school in disciplinary matters limited? | 017248.docx | LEGALEASE-00161120-LEGALEASE-00161121 |
| Antenucci v. Hartford Roman Catholic Diocesan Corp., 142 Conn. 349 | 200+80 | Highway is nothing but an easement, comprehending merely right of all individuals in community to pass and repass, with incidental right in public to do all of acts necessary to keep it in repair. | Is a highway an easement comprehending merely the right of all the individuals in the community to pass and repass? | 018821.docx | LEGALEASE-00161649-LEGALEASE-00161650 |
| Ham v. Strenzke Realty Co., 218 La. 499 | 200+80 | The opening or laying out of a road has the effect of vesting in police jury of parish only a right of passage or a servitude over the land, the fee remaining in owner of soil. | Does the opening or laying out of a road vest in the Police Jury a right of passage over the land? | Highways - Memo 436 - RK_66337.docx | ROSS-003305433-ROSS-003305434 |
| Allen v. Encore Energy Partners, 72 A.3d 93 | 289+1099 | When interpreting limited partnership agreements, court gives words their plain meaning unless it appears that the parties intended a special meaning. | "When interpreting limited partnership agreements, should the words be given their plain meaning unless it appears that the parties intended a special meaning?" | Partnership - Memo 574 - GP_65580.docx | ROSS-003294148-ROSS-003294149 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Looney v. Gibraltar Sav. Ass'n, 695 S.W.2d 336 | 307A+698 | When party whose cause has been dismissed for want of prosecution either personally, or through attorney, receives notice or acquires actual knowledge of dismissal within 20 days after dismissal judgment is signed, motion to reinstate must be filed within 30 days after judgment is sought and if court does not decide timely filed motion by written order within 75 days, then motion is overruled by operation of law at that time and court retains plenary power to reinstate the cause for 30 days after motion is overruled. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the court retain plenary power to reinstate the cause for 30 days after the reinstatement motion is overruled? | Pretrial Procedure - Memo 11251 - C - SHB_65270.docx | ROSS-003282104-ROSS-003282105 |
| Higginbotham v. Pub. Serv. Commn of Maryland, 171 Md. App. 254 | 307A+695 | It is within the court's discretion to grant the plaintiff leave to amend his or her complaint to attempt to remedy the defects that led to dismissal, and court's decision to deny leave to amend will be reversed only upon a finding that the court abused that discretion. | Is it within the court's discretion to grant a plaintiff leave to amend complaint to remedy defects that led to dismissal? | 040211.docx | LEGALEASE-00161531-LEGALEASE-00161532 |
| Workman v. Anderson Music Co., 149 P.3d 1060 | 307A+695 | Because dismissal statute provides that the trial court shall grant leave to amend if the defect can be remedied, the duty is mandatory. 12 Okl.St.Ann. S 2012(G). | "Because a dismissal statute provides that the trial court shall grant leave to amend if the defect can be remedied, is the duty mandatory?" | 040222.docx | LEGALEASE-00161545-LEGALEASE-00161546 |
| Thacker v. Bartlett, 785 N.E.2d 621 | 307A+695 | Plaintiff is entitled either to amend his complaint when it is dismissed for failure to state a claim or to elect to stand on his complaint and to appeal from the order of dismissal. Trial Procedure Rules 12(B)(6), 15(A). | Is a plaintiff entitled either to amend his complaint when it is dismissed for failure to state a claim or to elect to stand on his complaint and to appeal from the order of dismissal? | Pretrial Procedure - Memo 11607 - C - SKG_65623.docx | ROSS-003280521-ROSS-003280522 |
| Gladstone v. Smith, 729 So. 2d 1002 | 307A+695 | Claim should not be dismissed with prejudice without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action. | Should a claim not be dismissed with prejudice without giving the plaintiff an opportunity to amend the defective pleading? | Pretrial Procedure - Memo 11623 - C - TJ_65360.docx | ROSS-003281290-ROSS-003281291 |
| Nevada Interstate Properties Corp. v. City of W. Palm Beach, 747 So. 2d 447 | 307A+695 | Dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | Should a claim not be dismissed with prejudice without giving the plaintiff an opportunity to amend the defective pleading? | 040271.docx | LEGALEASE-00160871-LEGALEASE-00160872 |
| Hooper v. Pizzagalli Const. Co., 112 N.C. App. 400 | 307A+695 | Generally, when order is entered dismissing claim, amendment of complaint is not allowed unless order is set aside or vacated under rule providing for new trials and amendment of judgments or rule providing for relief from judgment or order. Rules Civ.Proc., Rules 59, 60, 60(b), G.S. S 1A-1. | "When an order is entered dismissing a claim, is amendment of complaint not allowed unless an order is set aside or vacated under rule?" | 040309.docx | LEGALEASE-00161004-LEGALEASE-00161005 |
| Bernards v. Summit Real Estate Mgmt., 229 Or. App. 357 | 307A+583 | While an appellate court will review the trial court's decision to dismiss the complaint for errors of law, the decision to dismiss a case with or without prejudice is within the discretion of the trial judge, and is reviewed only for manifest abuse of that discretion. | Is the decision to dismiss a case with or without prejudice within the discretion of the trial judge? | 040439.docx | LEGALEASE-00161020-LEGALEASE-00161021 |
| Cucos v. McDaniel, 938 So. 2d 238 | 307A+583 | The power to dismiss an action for want of prosecution, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket. | "Is the power to dismiss an action for want of prosecution, inherent to the courts, necessary as a means to the orderly expedition of justice?" | Pretrial Procedure - Memo 11730 - C - SHS_65446.docx | ROSS-003281104-ROSS-003281105 |
| Guest v. Dixon, 223 S.W.3d 531 | 307A+583 | The trial court has the inherent power to dismiss a suit for failure to prosecute with due diligence, and the determination rests within the sound discretion of the trial court. | Does the trial court have the inherent power to dismiss a suit for failure to prosecute with due diligence? | 040455.docx | LEGALEASE-00161074-LEGALEASE-00161075 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bair v. Palm Beach Newspapers, 387 So. 2d 517 | 307A+584 | The effect of the amendment which states that mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute is to preclude a trial court from exercising its supposed inherent, discretionary power to dismiss for failure to prosecute if there is activity of record within one year prior to the dismissal. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.420(e). | Is the power to dismiss for failure to prosecute a discretionary power? | Pretrial Procedure - Memo 11780 - C - SN_65642.docx | ROSS-003280271-ROSS-003280272 |
| Yusem v. People, 210 P.3d 458 | 3.77E+38 | When prior act evidence is used to rebut a claim of self-defense against the charge of felony menacing, the question for the jury is whether the defendant used the gun to defend himself or whether he acted only to menace his victim. Rules of Evid., Rule 404(b). | Can a self-defense claim for a charge of felony menacing uses prior act evidence? | 046933.docx | LEGALEASE-00161088-LEGALEASE-00161089 |
| Com. v. Magliocco, 584 Pa. 244 | 3.77E+10 | Commonwealth is not required to secure a formal conviction for the predicate crime of terroristic threats in order to secure a conviction for ethnic intimidation based upon such terroristic threats; indeed, the Commonwealth need not formally charge the defendant with the predicate offense, as long as it makes clear which offense it is pursuing as the predicate offense for purposes of the ethnic intimidation charge, and the factfinder is so made aware and, in the case of a jury, so charged. 18 Pa.C.S.A. SS 2706, 2710(a). | Is the prosecution required to secure a formal conviction for the predicate crime of terroristic threats in order to secure a conviction for ethnic intimidation? | 046948.docx | LEGALEASE-00160961-LEGALEASE-00160962 |
| Peretzman v. Borochoff, 58 Ga. App. 838 | 8.30E+10 | A bill or note is controlled, not necessarily by the law of the place where it is written, signed, or dated, but by the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorsee, or where the last act essential to its completion was done. | Will the law of the place where a note is written control it? | 009184.docx | LEGALEASE-00162640-LEGALEASE-00162641 |
| State v. Cole, 128 Wash. 2d 262 | 135H+25 | So long as forfeited property is proceeds of illegal drug transaction, forfeiture does not constitute "punishment" for purposes of double jeopardy clause and does not bar subsequent drug prosecution. (Per Talmadge, J., with two Justices concurring and three Justices concurring in part and dissenting in part). U.S.C.A. Const.Amend. 5. | "So long as forfeited property is proceeds of illegal drug transaction, does forfeiture constitute punishment for purposes of a double jeopardy clause?" | Double Jeopardy - Memo 118 - C - BP_65897.docx | ROSS-003278962-ROSS-003278963 |
| Tritt v. State, 173 P.3d 1017 | 135H+99 | Once jeopardy attaches, the trial may not be stopped short of a verdict unless the defendant consents or there is manifest necessity for a mistrial. U.S.C.A. Const.Amend. 5. | "Once jeopardy attaches, can the trial not be stopped short of a verdict unless the defendant consents or there is manifest necessity for a mistrial?" | Double Jeopardy - Memo 129 - C - NC_66375.docx | ROSS-003293507 |
| Garner v. State, 858 S.W.2d 656 | 135H+96 | In determining whether retrial after mistrial violates double jeopardy clause, before defendant's failure to object constitutes implied consent to mistrial, defendant must be given adequate opportunity to object to court's motion. U.S.C.A. Const.Amend. 5. | "Before a defendant's failure to object constitutes implied consent to mistrial, should a defendant be given an adequate opportunity to object to a court's motion?" | 015307.docx | LEGALEASE-00162556-LEGALEASE-00162557 |
| Bergman v. Bouligny, 82 A.2d 760 | 141E+953 | Generally, a contract for schooling for specified term is entire and when pupil withdraws for reasons of his own without fault on part of school, such school is entitled to agreed tuition for entire period. | Is a contract for schooling for a specified term is entire and as such the school is entitled to the agreed tuition for the entire period? | Education - Memo 364 - C - KS.docx | LEGALEASE-00051910-LEGALEASE-00051911 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Schares, 548 N.W.2d 894 | 217+1001 | Contract is one of insurance if it meets following test: one party, for compensation, assumes risk of another; party who assumes risk agrees to pay certain sum of money on specified contingency; and payment is made to other party or party's nominee. | What is the test that a contract has to meet to be classified as a contract of insurance? | 019508.docx | LEGALEASE-00162308-LEGALEASE-00162309 |
| Hansen v. Eighth Judicial Dist. Court ex rel. Cty. of Clark, 116 Nev. 650 | 307A+560 | Before a defendant files a responsive pleading such as an answer, that defendant may move to dismiss for lack of personal jurisdiction, insufficiency of process, and/or insufficiency of service of process, and such a defense is not waived by being joined with one or more other defenses. Rules Civ.Proc., Rule 12(b). | "Where the initial motion to dismiss does not include a claim of lack of jurisdiction or insufficiency of service of process, are those claims waived?" | 040126.docx | LEGALEASE-00162230-LEGALEASE-00162231 |
| Atkins v. Jester, 309 S.W.3d 418 | 30+78(4) | In a case of a dismissal without prejudice, a plaintiff typically can cure the dismissal by filing another suit in the same court; hence, a dismissal without prejudice is not a final judgment for purposes of appeal. | "Following a dismissal without prejudice, can a plaintiff cure the dismissal by filing another suit in the same court?" | Pretrial Procedure - Memo 11551 - C - NC_65983.docx | ROSS-003279762-ROSS-003279763 |
| Moye v. City of New York, 168 A.D.2d 342 | 307A+697 | Action which has been automatically dismissed one year after being stricken from calendar may be restored upon showing of: meritorious cause of action; reasonable excuse for delay; lack of prejudice to opposing party; and lack of intent to abandon action. McKinney's CPLR 3404. | How can an action which has been automatically dismissed one year after being stricken from calendar be restored? | 040573.docx | LEGALEASE-00162492-LEGALEASE-00162493 |
| Parillo v. Blatt, 160 A.D.2d 853 | 307A+697 | Motion to restore action to calendar must be supported by affidavits showing excuse for delay in prosecution and demonstrating merits of action. | Should a motion to restore an action to a calendar be supported by affidavits showing an excuse for delay in prosecution and demonstrating the merits of action? | Pretrial Procedure - Memo 11820 - C - MS_66104.docx | ROSS-003279162-ROSS-003279163 |
| Conkle v. State, 677 So. 2d 1211 | 3.77E+11 | Verbal threat alone, in circumstances that would not cause public disorder or unrest by being likely to start fight, does not constitute an offense. Code 1975, SS 13A-6-23, 13A-11-8. | "Can a verbal threat alone, in circumstances that would not cause public disorder or unrest constitute an offense?" | 046965.docx | LEGALEASE-00162186-LEGALEASE-00162187 |
| Fleming v. Shaheen Bros., 71 Mass. App. Ct. 223 | 413+2161 | Under the two-part test to determine whether a temporary employer is immune from tort liability for a worker's injuries under the workers' compensation statute, a direct employment relationship must exist, and the employer must be an insured person liable for the payment of compensation. M.G.L.A. c. 152, S 1(4, 5). | What is the two-part test to determine immunity from liability under workers compensation? | 048742.docx | LEGALEASE-00162684-LEGALEASE-00162686 |
| Labor Ready v. Johnston, 289 S.W.3d 200 | 413+2161 | The loaned employee doctrine was instituted to protect injured workers and does not permit a special employer to be thrust upon them against their will or without their knowledge, thereby depriving them of the right to sue for damages based on the exclusive remedy provision of the Workers' Compensation Act. KRS 342.0011 et seq. | "Under Workers Compensation, can an employer be thrust upon an employee against his will and without his knowledge?" | Workers' Compensation - Memo 728 - C - ANC_67095.docx | ROSS-003294402-ROSS-003294403 |
| Carter v. Taylor, 180 W. Va. 570 | 227+24 | At county level, except to extent that circuit courts are given explicit direction by Supreme Court of Appeals, power to control local affairs of circuit is placed in circuit judge or chief circuit judge. Const. Art. 8, S 9. | Do circuit court judges have the power to control local affairs? | 013577.docx | LEGALEASE-00164100-LEGALEASE-00164101 |
| People v. Berreth, 13 P.3d 1214 | 135H+57 | In general, the double jeopardy prohibition is implicated if a defendant is arraigned, enters a plea, is brought to trial in a court of competent jurisdiction, and a jury has been selected and sworn to hear the case. U.S.C.A. Const.Amend. 5; West's C.R.S.A. Const. Art. 2, S 18. | Would a double jeopardy prohibition be implicated when defendant has been arraigned? | 014788.docx | LEGALEASE-00163944-LEGALEASE-00163945 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Corrado, 227 F.3d 543 | 135H+25 | Double Jeopardy Clause does not apply to sentencing and, therefore, does not prohibit government from appealing district court's forfeiture award. U.S.C.A. Const.Amend. 5. | Does a Double Jeopardy Clause not apply to sentencing and not prohibit a government from appealing a district court's forfeiture award? | 015115.docx | LEGALEASE-00163788-LEGALEASE-00163789 |
| State v. Bostwick, 222 Neb. 631 | 135H+97 | Where government conduct in question is intended to "goad" defendant into moving for mistrial, defendant may raise bar of double jeopardy to second trial after having succeeded in aborting first trial on defendant's own motion. U.S.C.A. Const.Amend. 5. | Does a defendant's motion for a mistrial constitute a deliberate election on his or her part to forgo the right under the Double Jeopardy Clause to have the trial completed before the first trier of fact? | 015209.docx | LEGALEASE-00163657-LEGALEASE-00163658 |
| State v. Juarez, 115 Wash. App. 881 | 135H+96 | A motion by defendant for mistrial will ordinarily remove any barrier to further prosecution, absent circumstances attributable to prosecutorial or judicial overreaching. | "Will a motion by defendant for mistrial ordinarily remove any barrier to further prosecution, absent circumstances attributable to prosecutorial or judicial overreaching?" | 015245.docx | LEGALEASE-00163117-LEGALEASE-00163118 |
| People v. Baca, 193 Colo. 9 | 135H+96 | Defendant's motion for mistrial is generally considered to operate as waiver of principle of manifest necessity which protects him from retrial under double jeopardy clause. U.S.C.A.Const. Amend. 5; Const. art. 2, S 18. | Is a defendant's motion for a mistrial generally a waiver of protection from retrial under the Double Jeopardy Clause? | Double Jeopardy - Memo 277 - C - MS_66591.docx | ROSS-003279019-ROSS-003279020 |
| People v. Moore, 285 A.D.2d 827 | 135H+100.1 | A retrial is automatically barred when a trial ends with an acquittal or a conviction; however, when a criminal proceeding ends before a final resolution of the merits of the charges against the defendant, a second trial is not necessarily precluded. U.S.C.A. Const.Amend. 5; S.H.A. 720 ILCS 5/3-4(a)(1). | Is a retrial automatically barred when a trial ends with an acquittal or a conviction? | 015430.docx | LEGALEASE-00163649-LEGALEASE-00163650 |
| DeCormier v. Harley-Davidson Motor Co. Grp., 2013 WL 4080699 | 302+43 | In determining whether a pleading adequately states a claim for relief on a particular basis, the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader. | Is the character of a cause of action determined from the name given to the action by the pleader? | 023927.docx | LEGALEASE-00163243-LEGALEASE-00163244 |
| DeCormier v. Harley-Davidson Motor Co. Grp., 2013 WL 4080699 | 302+43 | In determining whether a pleading adequately states a claim for relief on a particular basis, the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader. | Is the character of a cause of action determined from the facts stated in the petition? | 023935.docx | LEGALEASE-00163419-LEGALEASE-00163420 |
| Hayes v. Vill. of Middleburgh, 140 A.D.3d 1359 | 307A+697 | In order to vacate a dismissal for failure to appear, a plaintiff is required to demonstrate a reasonable excuse for his or her failure to appear and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27(a). | In order to vacate a dismissal for failure to appear is a plaintiff required to demonstrate a reasonable excuse for his or her failure to appear? | Pretrial Procedure - Memo 11900 - C - SHB_66690.docx | ROSS-003285669-ROSS-003285670 |
| Becker v. D.C., 258 F.R.D. 182 | 170A+828.1 | The decision to grant or deny leave to amend a pleading is within the sound discretion of the trial court, however, it is an abuse of discretion to deny leave without a sufficient reason. Fed.Rules Civ.Proc.Rule 15, 28 U.S.C.A. | Is the decision to deny leave to amend before granting a motion to dismiss within the sound discretion of the trial court? | 040825.docx | LEGALEASE-00163834-LEGALEASE-00163836 |
| In re PSINet, 271 B.R. 1 | 349A+10 | Under California law, determination of whether agreement creates true lease, on the one hand, or a security interest, on the other, is dependent on economics of transaction, and not upon intent of parties. West's Ann.Cal.Com.Code S 1201(36). | How to determine whether an agreement creates a true lease or a security interest? | Secured Transactions - Memo 25 - C - KG_67968.docx | ROSS-003282976-ROSS-003282977 |
| In re Commercial Money Ctr., 350 B.R. 465 | 349A+10 | In determining whether parties intended a sale or a loan for security, the issue is how risks are contractually allocated when the transactions were entered into. | "In determining whether parties intended a sale or a loan for security, is the issue how risks are contractually allocated when the transactions were entered into?" | Secured Transactions - Memo 58 - C - TM_68085.docx | ROSS-003282364-ROSS-003282365 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Smith, 10 R.I. 258 | 352H+191 | Consent is not made an affirmative defense under sex offense statutes, so that burden is upon State to prove lack of consent beyond a reasonable doubt whenever issue is raised. C.G.S.A. S 53a-70. | Does the state bear the burden of proving lack of consent in sex offenses? | Sex Offenses - Memo 133 - RK_66936.docx | ROSS-003282748-ROSS-003282749 |
| Rolick v. Collins Pine Co., 925 F.2d 661 | 413+186 | Generally, only employers standing in direct master-servant relationship with injured worker may be liable for workmens compensation benefits under Pennsylvania law. 77 P.S. SS 1-1603. | "Generally, is it only employers standing in a direct master-servant relationship with an injured worker liable for workmens compensation benefits?" | 048757.docx | LEGALEASE-00164140-LEGALEASE-00164141 |
| Marzano v. Proficio Mortg. Ventures, 942 F. Supp. 2d 781 | 25T+183 | Federal Arbitration Act (FAA) requires parties demanding arbitration to provide written notice of the demand so that responding parties may agree to arbitrate and thus avoid court involvement. 9 U.S.C.A. S 4. | Does the Federal Arbitration Act (FAA) require parties demanding arbitration to provide written notice of the demand? | 008105.docx | LEGALEASE-00165069-LEGALEASE-00165070 |
| Vaden v. Discover Bank, 556 U.S. 49 | 25T+184 | A party seeking to compel arbitration under the Federal Arbitration Act (FAA) may gain a federal court's assistance only if, "save for" the agreement, the entire, actual "controversy between the parties," as they have framed it, could be litigated in federal court. 9 U.S.C.A. S 4. | When can a party seeking to compel arbitration gain a federal courts assistance? | 008107.docx | LEGALEASE-00165051-LEGALEASE-00165053 |
| Gue v. Tide Water Canal Co., 65 U.S. 257 | 108H+37 | A corporate franchise to take tolls on a canal cannot be seized and sold under a fieri facias, unless authorized by a statute of the state which granted the act of incorporation. | Can a corporate franchise to take tolls on a canal be seized and sold under a fieri facias? | 014104.docx | LEGALEASE-00165098-LEGALEASE-00165099 |
| Parkview Baptist Church & Sch. v. White, 971 So. 2d 1078 | 135+2 | Intention of a person to be a resident of a particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in the light of his conduct and the circumstances of his life. | Is intention of a person to be a resident of a particular place determined by his expressions at times not suspicious? | Domicile - Memo 54 - C - KAD_67133.docx | ROSS-003306878-ROSS-003306879 |
| State v. Picot, 724 So. 2d 236 | 135H+30 | Habitual Offender Law creates no independent offense, but rather prescribes conditions under which there is enhanced penalty for current offense, and does not violate constitutional prohibitions against double jeopardy. U.S.C.A. Const.Amend. 5. | Does Habitual Offender Law violate constitutional prohibitions against double jeopardy? | 015005.docx | LEGALEASE-00164631-LEGALEASE-00164632 |
| City of Smithville v. Summers, 690 S.W.2d 850 | 135H+95.1 | Criminal defendant owns valued right to have his trial completed by a particular tribunal, and thus, declaration of mistrial implicates such right. | "Does a criminal defendant own a valued right to have his trial completed by a particular tribunal, and thus, declaration of mistrial implicates such right?" | 015610.docx | LEGALEASE-00164242-LEGALEASE-00164243 |
| Scriber v. State, 437 Md. 399 | 135H+1 | Despite the fact that state constitution lacks explicit double jeopardy clause, common law provides well-established protections for individuals against being twice put in jeopardy. U.S.C.A. Const.Amend. 5. | Does state common law provide well-established protections for individuals against being twice put in jeopardy? | Double Jeopardy - Memo 851 - C - NS_67640.docx | ROSS-003283481-ROSS-003283482 |
| Com. v. Scott, 22 N.E.3d 171 | 135H+1 | The double jeopardy clause, which protects a defendant against multiple punishments for the same offense, represents a constitutional policy of finality for the defendant's benefit in criminal proceedings. U.S.C.A. Const.Amend. 5. | Does double jeopardy represent a constitutional policy of finality for the defendant's benefit in criminal proceedings? | Double Jeopardy - Memo 862 - C - NS_67651.docx | ROSS-003294042-ROSS-003294043 |
| Dothan City Bd. of Educ. v. V.M.H., 660 So. 2d 1328 | 141E+741 | Section of code of student conduct barring students from possessing "item which may be conceivably used as a weapon" was unconstitutionally ambiguous and vague, as it did not give proper notice about what conduct could be offense. U.S.C.A. Const.Amend. 14. | Are students denied due process when they are penalized for violating a code of student conduct and the code is unconstitutionally ambiguous and vague? | Education - Memo 376 - C - HJ_67171.docx | ROSS-003283376-ROSS-003283377 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Spear-Newman v. Modern Floors Corp., 149 Conn. 88 | 156+54 | One seeking to invoke an estoppel against another must show that he has exercised due diligence to know the truth, and that he not only did not know true state of things but also lacked any reasonably available means of acquiring knowledge thereof. | Should the person who claims estoppel show that he has exercised due diligence to know the truth? | Estoppel - Memo 319 - C - CSS_67201.docx | ROSS-003282851-ROSS-003282852 |
| Ex parte Jones, 25 Okla. Crim. 347 | 284+24 | A pardon is an act of grace and mercy bestowed by the state through its chief executive upon offenders against its laws after conviction, and a full, unconditional pardon reaches both the punishment prescribed for the offense and the guilt of the offender, and obliterates in legal contemplation the offense itself. | Are pardons an act of grace? | Pardon and Parole - Memo 3 - RK_67518.docx | ROSS-003294359-ROSS-003294360 |
| Hillsborough Inv. Co. v. City of Tampa, 149 Fla. 7 | 371+2016 | The sovereign power to levy a tax and the machinery for collection thereof cannot be transferred to private individuals in absence of statute, but is vested in public officials, and a taxing unit, in absence of statute, cannot assign its claim for taxes to a citizen, and thereby subrogate the citizen to the collecting rights of the taxing unit. | Can the sovereign power to levy a tax and the machinery for collection thereof be transferred to private individuals? | 046617.docx | LEGALEASE-00164987-LEGALEASE-00164988 |
| Abbott v. State, 190 Md. App. 595 | 3.77E+18 | The government is not required to prove the present ability or intent to carry out the threat, in order to convict a defendant of threatening to injure a State official. West's Ann.Md.Code, Criminal Law, S 3-708. | "Is the government required to prove the present ability or intent to carry out the threat, in order to convict a defendant of threatening to injure a state official?" | 047053.docx | LEGALEASE-00164597-LEGALEASE-00164598 |
| Loudenslager v. Gorum, 355 Mo. 181 | 413+49 | Under Workmen's Compensation Acts the questions of who is an employer and who is an employee do not usually depend upon common-law principles, although they may be considered in their construction, but upon the terms and definitions in such acts. | Is the question of who is an employer and who is an employee under the workmens compensation acts determined upon the terms and definitions in the acts? | 048795.docx | LEGALEASE-00164366-LEGALEASE-00164367 |
| Day v. Haskell, 799 N.W.2d 355 | 135H+59 | The general rule is that a person is put in jeopardy when his trial commences, which in a jury case occurs when the jury is empaneled and sworn, and in a non-jury trial when the court begins to hear evidence. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12; NDCC 29-01-07. | What is the general rule for a person who is put in jeopardy in a jury and a non-jury trial? | Double Jeopardy - Memo 1028 - C - KG_67743.docx | ROSS-003282783-ROSS-003282784 |
| State v. Linghor, 690 N.W.2d 201 | 135H+59 | General rule is that a person is put in jeopardy when his trial commences, which in a jury case occurs when the jury is empaneled and sworn and in a non-jury trial when the court begins to hear evidence. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12; NDCC 29-01-07. | What is the general rule for a person who is put in jeopardy in a jury and a non-jury trial? | Double Jeopardy - Memo 1028 - C - KG.docx | LEGALEASE-00054955-LEGALEASE-00054956 |
| People v. Cabrera, 402 Ill. App. 3d 440 | 135H+59 | There are three settings in which jeopardy may attach: (1) at a jury trial when the jury is empaneled and sworn; (2) at a bench trial when the first witness is sworn and the court begins to hear evidence; and (3) at a guilty plea hearing when the guilty plea is accepted by the trial court. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | Does jeopardy attach when the court begins to hear evidence? | 014682.docx | LEGALEASE-00165680-LEGALEASE-00165681 |
| United States v. Cabrera, 804 F. Supp. 2d 1261 | 135H+100.1 | A person who has been found not guilty by a jury may not thereafter be tried for the same offense without violating the Double Jeopardy Clause; this is because the law affords absolute finality to a jury's verdict of acquittal, no matter how erroneous its decision. U.S.C.A. Const.Amend. 5. | Can a person who has been found not guilty by a jury not thereafter be tried for the same offense without violating the Double Jeopardy Clause? | Double Jeopardy - Memo 479 - C - TJ_68258.docx | ROSS-003278520 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sam v. State, 401 P.3d 834 | 135H+1 | The double jeopardy clauses of the federal and state constitutions provide protection against three distinct ills: a second prosecution for the same offense after one has been acquitted, a second prosecution for the same offense after one has been convicted, and multiple punishments for the same offense. U.S. Const. Amend. 5; Wyo. Const. art. 1, S 11. | What are the three distinct ills double jeopardy clauses protect against? | 016064.docx | LEGALEASE-00165811-LEGALEASE-00165812 |
| Ready v. State, 183 So. 3d 1234 | 135H+1 | Both the United States and Florida Constitutions contain double jeopardy clauses that prohibit subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense; however, there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | Does the constitution contain double jeopardy clauses prohibiting multiple prosecutions? | Double Jeopardy - Memo 709 - C - RF_68033.docx | ROSS-003294105-ROSS-003294106 |
| Bryan v. State, 438 N.E.2d 709 | 135H+95.1 | If defendant is found incompetent during trial, court may declare mistrial sua sponte without jeopardy attaching. | "If defendant is found incompetent during trial, can a court declare mistrial sua sponte without jeopardy attaching?" | Double Jeopardy - Memo 777 - C - NS_67782.docx | ROSS-003279544-ROSS-003279545 |
| Bell v. State, 1 N.E.3d 190 | 135H+95.1 | Generally, criminal defendant may not be placed in jeopardy of life or liberty more than once for same offense, but trial court can retry defendant following mistrial without violating double jeopardy protections. U.S.C.A.Const.Amend. 5. | Can a criminal defendant not be placed in jeopardy of life or liberty more than once for a same offense? | 016235.docx | LEGALEASE-00165555-LEGALEASE-00165556 |
| Marshall v. State, 265 Ark. 302 | 135H+105 | Both Fifth and Fourteenth Amendments to Constitution of the United States protect against second prosecution for same offense after acquittal, against second prosecution for same offense after conviction, and against multiple punishments for same offense. U.S.C.A.Const. Amends. 5, 14. | Do both the Fifth and Fourteenth Amendments to the Constitution of the United States protect against second prosecution for a same offense after acquittal? | 016328.docx | LEGALEASE-00165651-LEGALEASE-00165652 |
| Hill v. State, 2015 Ark. App. 630 | 110+867.4 | A trial judge's discretion to declare a mistrial based on manifest necessity is limited to very extraordinary and striking circumstances; manifest necessity exists when the circumstances render it impossible to arrive at a fair verdict, when it is impossible to continue with trial, or when the verdict would be automatically reversed on appeal because of trial error. | Is a trial judge's discretion to declare a mistrial based on manifest necessity limited to very extraordinary and striking circumstances? | Double Jeopardy - Memo 835 - C - TM_67950.docx | ROSS-003282972-ROSS-003282973 |
| Luke v. State, 51 N.E.3d 401 | 135H+1 | Indiana's Double Jeopardy Clause prevents the State from being able to proceed against a person twice for the same criminal transgression. West's A.I.C. Const. Art. 1, S 14. | Does double jeopardy Clause prevent the State from being able to proceed against a person twice for the same criminal transgression? | Double Jeopardy - Memo 868 - C - NS_67657.docx | ROSS-003293798-ROSS-003293799 |
| Gerlach v. Ballard, 233 W. Va. 141 | 135H+1 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution consists of three separate constitutional protections; it protects against a second prosecution for the same offense after acquittal, it protects against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | What constitutional protection does the double jeopardy clause of the fifth-amendment consist of? | 016424.docx | LEGALEASE-00165219-LEGALEASE-00165220 |
| Herbert v. Billy, 160 F.3d 1131 | 135H+5.1 | Double jeopardy clause's protection against multiple punishments prohibits the government from punishing twice, or attempting a second time to punish criminally, for the same offense. U.S.C.A.Const.Amend. 5. | "Does the protection against multiple punishments prohibit the Government from punishing twice, or attempting a second time to punish criminally for the same offense?" | 016465.docx | LEGALEASE-00165263-LEGALEASE-00165264 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Ahrensfield, 698 F.3d 1310 | 135H+1 | Double Jeopardy Clause embodies two vitally important interests, i.e., the principle that state is not permitted to make repeated attempts to convict individual for same offense and interest in preserving finality of judgments. U.S.C.A. Const.Amend. 5. | What are the interests embodied in Double jeopardy clause? | 016500.docx | LEGALEASE-00165315-LEGALEASE-00165316 |
| State v. Thomas, 124 So. 3d 1049 | 135H+1 | State and federal Double Jeopardy Clauses bar trial if three elements are met: (1) jeopardy previously attached, (2) jeopardy previously terminated, and (3) the defendant is again in jeopardy for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Do State and federal Double Jeopardy Clauses bar trial if three elements are met? | Double Jeopardy - Memo 910- C - SHB_67699.docx | ROSS-003281882-ROSS-003281883 |
| State v. Moos, 758 N.W.2d 674 | 135H+1 | Constitutional guarantee against double jeopardy encompasses three separate protections: protection against a second prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does the constitutional guarantee against double jeopardy encompass the protection against a second prosecution for the same offense after acquittal? | 016532.docx | LEGALEASE-00165352-LEGALEASE-00165354 |
| In re Commercial Money Ctr., 350 B.R. 465 | 349A+10 | Whether a transaction is a sale or a loan for security is based on the intentions of the parties as determined from all the facts and circumstances surrounding the transactions at issue. | Is whether a transaction is a sale or a loan for security based on the intentions of the parties as determined from all the facts and circumstances surrounding the transactions at issue? | 042812.docx | LEGALEASE-00166032-LEGALEASE-00166033 |
| Porter v. State, 935 N.E.2d 1228 | 135H+132.1 | Under the Indiana Constitution, categories of double jeopardy bar conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished, as well as conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. West's A.I.C. Const. Art. 1, S 14. | Does categories of double jeopardy bar conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished? | 014867.docx | LEGALEASE-00166168-LEGALEASE-00166169 |
| Clancy v. State, 886 So. 2d 166 | 135H+99 | "Manifest necessity" for a mistrial for double jeopardy purposes is not determined by whether in fact the event precipitating the mistrial did influence the juror, but whether it might have unlawfully influenced the juror. U.S.C.A. Const.Amend. 5. | "Is ""manifest necessity"" for a mistrial for double jeopardy purposes not determined by whether in fact the event precipitating the mistrial did influence the juror?" | 015934.docx | LEGALEASE-00166293-LEGALEASE-00166294 |
| Montgomery v. State, 21 N.E.3d 846 | 135H+1 | State constitutional Double Jeopardy Clause prevents the State from being able to proceed against a person twice for the same criminal transgression. West's A.I.C. Const. Art. 1, S 14. | Does double Jeopardy clause prevent a State from being able to proceed against a person twice for the same criminal transgression? | Double Jeopardy - Memo 640 - C - PC_68417.docx | ROSS-003278287-ROSS-003278288 |
| Wilson v. Evanston Hosp., 276 Ill. App. 3d 885 | 307A+695 | One-year refiling period permitted by Code of Civil Procedure following dismissal of action for want of prosecution begins to run when motion to vacate trial court's dismissal order is denied, and not when motion to reconsider is denied. S.H.A. 735 ILCS 5/13-217. | To promote certainty and finality of judgments does the statutory one-year refiling period begin to run when the motion to vacate the trial court's dismissal order is denied? | 040840.docx | LEGALEASE-00166192-LEGALEASE-00166193 |
| DePuy Synthes Sales v. Globus Med., 259 F. Supp. 3d 225 | 13+27(1) | Under Pennsylvania law, although gist of the action doctrine calls for fact-intensive judgment as to claim's true nature, whether gist of the action doctrine applies in any particular setting is question of law. | Does gist of the action doctrine call for fact-intensive judgment as to a claim's true nature? | Action - Memo 946 - C _1vL6qvcVSOghrUweE0IFTbEC3nNhM3BAN.docx | ROSS-000000024 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Leppo, 641 F.2d 149 | 135H+95.1 | Double jeopardy clause protects a defendant in a criminal proceeding against multiple punishment or repeated prosecutions for the same offense but does not always bar a new trial after a mistrial has been declared, and where a mistrial is not requested by the defendant a retrial is permitted if there is a manifest necessity for the mistrial or the ends of public justice would otherwise be defeated and where defendant requests a mistrial, ordinarily a retrial is not barred unless the underlying error is motivated by bad faith or undertaken to harass or prejudice. U.S.C.A.Const. Amend. 5. | Does a double jeopardy clause protect a defendant in a criminal proceeding against multiple punishment or repeated prosecutions for the same offense? | Double Jeopardy - Memo 561 - C - SK_68340.docx | ROSS-003280652-ROSS-003280654 |
| In re Winston, 181 B.R. 589 | 349A+10 | In deciding whether alleged lease permits lessee to purchase for "nominal consideration," so as to qualify as disguised security agreement under Alabama law, court must consider whether option price bears resemblance to fair market value of article; this is the real yardstick in determining whether option price is nominal or substantial. | When should a court consider whether an option price bears a resemblance to a fair market value of an article? | 042693.docx | LEGALEASE-00166707-LEGALEASE-00166708 |
| In re QDS Components, 292 B.R. 313 | 349A+10 | Under California law, once court determines that purported lease is not disguised security agreement as matter of law, as failing to satisfy bright-line statutory test, court must examine all of the facts and circumstances of case to determine whether the agreement in question is lease or security agreement, with the key issue being whether lessor retains meaningful residual interest at end of lease term. West's Ann.Cal.Com.Code S 1201(36). | When is the key issue being whether a lessor retains meaningful residual interest at an end of lease term considered? | 042875.docx | LEGALEASE-00167067-LEGALEASE-00167068 |
| In re APB Online, 259 B.R. 812 | 349A+10 | Under Connecticut law, in deciding whether so-called equipment lease must conclusively be presumed to constitute a sale with disguised security agreement, on ground that lessee has option to purchase at conclusion of lease for nominal consideration, court should remember that consideration may be sizeable yet still be "nominal." C.G.S.A. S 42a-1-201(37). | "On ground that a lessee has an option to purchase at conclusion of a lease for nominal consideration, should a court remember that consideration may be sizeable yet still be ""nominal""?" | 042884.docx | LEGALEASE-00167093-LEGALEASE-00167094 |
| Atl. City Casino Hotel Ass'n v. Casino Control Comm'n, 203 N.J. Super. 230 | 371+2016 | Power to originate a tax for revenue is vested with the general assembly and it may not delegate to another body, having no governmental functions, authority to determine in its judgment or discretion the amount to be raised by taxation. N.J.S.A. Const. Art. 4, S 6, par. 1. | Can the general assembly delegate to another non-governmental body the authority to determine in its judgment or discretion the amount to be raised by taxation? | Taxation - Memo 1333 - C - KAD_68527.docx | ROSS-003321928-ROSS-003321929 |
| Joe Hatton v. Conner, 240 So. 2d 145 | 371+2016 | Legislative power to tax may be exercised through subordinate governmental agencies within definite limitations fixed by law. | Can the legislative power to tax be exercised through subordinate governmental agencies within definite limitations fixed by law? | Taxation - Memo 1355 - C - NK_68549.docx | ROSS-003280397-ROSS-003280398 |
| Tulane Homestead Ass'n v. Philip Bohrer Realty Co., 192 So. 154 | 371+2769 | A state tax is not an ordinary debt subject to control of parties, and taxing unit cannot assign the claim to a citizen and thereby subrogate him to the collecting rights of the taxing unit unless the law expressly confers such power. | Can a taxing unit assign its claim for taxes to a citizen? | 046618.docx | LEGALEASE-00166791-LEGALEASE-00166792 |
| State v. Moulton, 120 Conn. App. 330 | 372+1013 | To prove the crime of harassment in the second degree, the state must show that the defendant, with the intent to harass, annoy or alarm another person, made a telephone call in a manner likely to cause annoyance or alarm. C.G.S.A. S 53a-183(a). | What is required to prove the crime of harassment in the second degree? | Threats - Memo #73 - C - LB_61641.docx | ROSS-003296506-ROSS-003296507 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Garza v. Citigroup Inc., 192 F. Supp. 3d 508 | 9+1 | Under Delaware law, an accounting is an equitable remedy that consists of the adjustment of accounts between parties and a rendering of a judgment for the amount ascertained to be due to either as a result; in other words, an accounting reflects a request for a particular type of remedy, rather than an equitable claim in and of itself. | Is accounting an equitable remedy? | 03602.docx | LEGALEASE-00077148-LEGALEASE-00077149 |
| Miami Nat. Bank v. Knudsen, 300 F.2d 289 | 38+46 | Florida Accounts Receivable Act establishes a mandatory, exclusive system of perfecting assignments of accounts receivable, and failure to file requisite notice with Florida Secretary of State prevented perfection of assignment even though actual notice was given account debtors. F.S.A. SS 524.01 et seq., 524.02, 524.04; Bankr.Act, SS 60, sub. a(1), 101 et seq., 11 U.S.C.A. SS 96, sub. a(1), 501 et seq.; Laws Ala.1949, p. 503, S 7. | Does the Assignment of Accounts Receivable Act establish an exclusive system of perfecting assignments of accounts receivable? | 04300.docx | LEGALEASE-00078204-LEGALEASE-00078205 |
| Gilbreath v. State, 15 Ala. App. 588 | 36+12 | A statute, providing that any person who willfully sets fire to or burns any uninhabited dwelling house shall be guilty of arson in the second degree, manifests a legislative intent to protect the property rather than the habitation or person. | When is a person considered guilty of arson in the second degree? | 06343.docx | LEGALEASE-00078383-LEGALEASE-00078384 |
| Erickson v. Dir., N. Dakota Dep't of Transp., 507 N.W.2d 537 | 48A+144.2(2.1) | Appeal from administrative hearing officer's decision involving license suspension is governed by Administrative Agencies Practices Act. NDCC 28-32-01 et seq., 39-20-04.1. | Does Administrative Agencies Practice Act governs an appeal from administrative hearing officer's decision involving a license suspension? | 07373.docx | LEGALEASE-00079068-LEGALEASE-00079069 |
| Erickson v. Dir., N. Dakota Dep't of Transp., 507 N.W.2d 537 | 48A+144.2(2.1) | Appeal from administrative hearing officer's decision involving license suspension is governed by Administrative Agencies Practices Act. NDCC 28-32-01 et seq., 39-20-04.1. | Does Administrative Agencies Practice Act governs an appeal from administrative hearing officer's decision involving a license suspension? | 06124.docx | LEGALEASE-00079128-LEGALEASE-00079129 |
| Terada v. Eli Lilly & Co., 2015 IL App (5th) 140170 | 401+2 | Second factor in determining transactional venue-where the cause of action springs into existence-considers, among other things, where any significant negotiations were carried on between the parties, where an agreement was signed, the place where itwas, or was supposed to be performed, or where matters occurred that plaintiff has the burden of proving. S.H.A. 735 ILCS 5/2-101. | What do the courts look for when considering where the cause of action arose in determining transactional venue? | 05389.docx | LEGALEASE-00080798-LEGALEASE-00080800 |
| Modine Mfg. Co. v. Pollution Control Bd., 193 Ill. App. 3d 643 | 149E+678 | Legislature has vested the Pollution Control Board with broad discretionary powers in the imposition of civil penalties, and its order will not be disturbed upon review unless it is clearly arbitrary, capricious, or unreasonable. S.H.A. ch. 1111/212, P 1033(b). | Does the Pollution Control Board (PCB) have broad discretionary powers in imposing civil penalties? | 05354.docx | LEGALEASE-00080811-LEGALEASE-00080812 |
| Modine Mfg. Co. v. Pollution Control Bd., 193 Ill. App. 3d 643 | 149E+678 | Legislature has vested the Pollution Control Board with broad discretionary powers in the imposition of civil penalties, and its order will not be disturbed upon review unless it is clearly arbitrary, capricious, or unreasonable. S.H.A. ch. 1111/212, P 1033(b). | Does the Pollution Control Board (PCB) have broad discretionary powers in imposing civil penalties? | 05828.docx | LEGALEASE-00080856-LEGALEASE-00080857 |
| F.E.R.C. v. Elec. Power Supply Ass'n, 136 S. Ct. 760 | 145+11(4) | Federal Energy Regulatory Commission's (FERC) authority under the FPA to regulate the interstate wholesale market for electricity is limited to rules or practices that directly affect the wholesale electricity rate. Federal Power Act, SS 205(da), 206(a), 16 U.S.C.A. SS 824d(a), 824e(a). | Does Federal Energy Regulatory Commission regulate the sale of electricity at wholesale in interstate commerce? | 06664.docx | LEGALEASE-00080956-LEGALEASE-00080959 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kelly v. Wolpoff & Abramson, L.L.P., 634 F. Supp. 2d 1202 | 25T+378 | Any Fair Debt Collection Practices Act (FDCPA) claim that consumer had against debt collector arising out of collector's alleged failure to formally seek court order compelling arbitration had to be made via motion to vacate, modify, or correct erroneous arbitration award, not via post-arbitration lawsuit; Federal Arbitration Act (FAA) provided exclusive remedy for challenging conduct tainting arbitration award, and FDCPA suit constituted impermissible collateral attack on arbitration award. 9 U.S.C.A. S 12; Fair Debt Collection Practices Act, S 802 et seq., 15 U.S.C.A. S 1692 et seq. | Does the Federal Arbitration Act (FAA) provide the exclusive remedy for challenging conduct that taints an arbitration award? | 10802.docx | LEGALEASE-00081459-LEGALEASE-00081460 |
| In re Frankum, 399 B.R. 498 | 366+1 | Under a theory of "equitable subrogation," a person who pays the debt of another may seek reimbursement to prevent unjust enrichment. | Should a person who pays the debt of another seek reimbursement to prevent unjust enrichment under a theory of equitable subrogation? | 00851.docx | LEGALEASE-00083946-LEGALEASE-00083947 |
| Liberty Mut. Ins. Co. v. Westport Ins. Corp., 664 F. Supp. 2d 587 | 366+1 | Under South Carolina law, a claim for equitable subrogation requires (1) the party claiming subrogation has paid the debt; (2) the party was not a volunteer but had a direct interest in the discharge of the debt or lien; (3) the party was secondarily liable for the debt or for the discharge of the lien; and (4) no injustice will be done to the other party by the allowance of the equity. | What does a claim for equitable subrogation require? | 00832.docx | LEGALEASE-00083960-LEGALEASE-00083961 |
| Acuity v. McGhee Eng'g, 297 S.W.3d 718 | 366+1 | Equitable subrogation is based on the principle that substantial justice should be attained regardless of form, that is, the doing of complete, essential, and perfect justice between all the parties without regard to form. | Is equitable subrogation based on the principle that substantial justice should be attained regardless of form? | 00846.docx | LEGALEASE-00083966-LEGALEASE-00083968 |
| In re McCabe Grp., 424 B.R. 1 | 366+1 | Under Massachusetts law, equitable subrogation exists to prevent unwarranted windfalls, because duplicative recoveries are a result which the law has never looked upon with favor. | "Does equitable subrogation exist to prevent unwarranted windfalls, because duplicative recoveries are a result which the law has never looked upon with favor?" | Subrogation - Memo 353 - SK.docx | ROSS-003303021-ROSS-003303023 |
| In re Olinger, 160 B.R. 1004 | 366+7(1) | Under doctrine of equitable subrogation, if guarantor is called upon to pay debt of principal, guarantor steps into the shoes of creditor who was paid off; guarantor's interest also attaches to any security which creditor does or could have obtained from principal. | "Under the doctrine of equitable subrogation, if a guarantor is called upon to pay debt of a principal, does the guarantor step into the shoes of the creditor who was paid off?" | 05153.docx | LEGALEASE-00084248-LEGALEASE-00084249 |
| Pressman v. Estate of Steinvorth, 860 F. Supp. 171 | 9+1 | Party seeking accounting must first establish: (1) relations of mutual and confidential nature; (2) money or property entrusted to defendant imposing upon him burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, demand for accounting and refusal. | What are the elements to establish a claim of accounting? | 10792.docx | LEGALEASE-00089296-LEGALEASE-00089297 |
| Denisen v. Milwaukee Mut. Ins. Co., 360 N.W.2d 448 | 413+1 | Minnesota workers' compensation law establishes an exclusive system of compensation in all but certain designated employments for injuries which result in disability or death to employees and which arise out of and in course of their employment. M.S.A. S 176.031. | Is the workers compensation an exclusive system of compensation and does the injury or accident arise out of and in the course of their employment? | 01707.docx | LEGALEASE-00092064-LEGALEASE-00092065 |
| Armstrong v. Land & Marine Applicators, 463 So. 2d 1331 | 413+1 | As matter of policy, Worker's Compensation Act in general is designed to balance interest of worker and employer with theoretical concurrent benefit to public of reducing the cost of doing business. LSA-R.S. 23:1021-23:1351. | "How does the workers compensation act balance the interest of the worker and employer, and benefit the public? " | 02222.docx | LEGALEASE-00092124-LEGALEASE-00092125 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Denisen v. Milwaukee Mut. Ins. Co., 360 N.W.2d 448 | 413+1 | Minnesota workers' compensation law establishes an exclusive system of compensation in all but certain designated employments for injuries which result in disability or death to employees and which arise out of and in course of their employment. M.S.A. S 176.031. | Is the workers compensation an exclusive system of compensation and does the injury or accident arise out of and in the course of their employment? | 02220.docx | LEGALEASE-00092130-LEGALEASE-00092131 |
| W. Auto Supply Co. v. Banner, 288 S.W.2d 402 | 307A+552 | A cause should not be dismissed as moot where it is disclosed that public interest is involved, even though plaintiff has received precise relief sought as result of defendant's voluntary act. | Should a cause be dismissed as moot where it is disclosed that public interest is involved? | 11357.docx | LEGALEASE-00094471-LEGALEASE-00094472 |
| Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+683 | Once a defendant satisfies the initial burden of presenting affirmative matter, in moving for dismissal under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619. | "Once the burden shifts to plaintiff, can he establish that the defense is unfounded? " | 11062.docx | LEGALEASE-00094585-LEGALEASE-00094586 |
| Chappelle v. S. Florida Guardianship Program, 169 So. 3d 291 | 307A+46 | Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf for entering dismissal as sanction and set forth explicit findings of fact in the order that imposes the sanction of dismissal. | Should a trial court consider six factors prior to determining an appropriate sanction for a plaintiff's failure to amend? | 10859.docx | LEGALEASE-00094617-LEGALEASE-00094618 |
| Cudd v. Larson, 117 Wis. 103 | 200+181 | Rev.St.1898, S 1347b, as amended by chapter 197, Laws 1899, requires the owner or operator of a steam engine on any public highway in any town to signal, and stop it, when approached within 15 rods in any direction by a team, or person riding or driving any animal, and desiring to pass such engine, and to render all proper assistance to enable such team or persons to pass in safety. Held, the requirements of the statute apply only where the team, or person riding or driving the animal, is approaching the engine with the desire of passing it, and not where such team or person is standing still. | What is the owner or person in charge of the engine on any public highwayrequired to do when the engine is approached within fifteen rods? | 09983.docx | LEGALEASE-00095626-LEGALEASE-00095627 |
| W. Auto Supply Co. v. Banner, 288 S.W.2d 402 | 307A+552 | A cause should not be dismissed as moot where it is disclosed that public interest is involved, even though plaintiff has received precise relief sought as result of defendant's voluntary act. | Should a cause be dismissed as moot where it is disclosed that public interest is involved? | 10541.docx | LEGALEASE-00095644-LEGALEASE-00095645 |
| Badette v. Rodriguez, 2014 IL App (1st) 133004 | 307A+686.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of a claim but asserts affirmative matter that defeats the claim. S.H.A. 735 ILCS 5/2-619(a). | Will a motion to dismiss based upon certain defects or defenses admit the legal sufficiency of a claim or assert affirmative matter that defeats the claim? | 09984.docx | LEGALEASE-00095960-LEGALEASE-00095961 |
| United States v. Chandler, 72 F. Supp. 230 | 384+2 | The statute declaring that whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason, is directed at crime of treason wherever the treasonable acts are committed, whether territorially or extra-territorially, and in so defining the locus of the crime of treason does not violate the constitutional definition thereof. 18 U.S.C.A. S 2381; U.S.C.A.Const. art. 3, S 3. | Does giving aid and comfort to an enemy outside the United States constitute treason? | 10083.docx | LEGALEASE-00096525-LEGALEASE-00096526 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hinkle v. Bauer Lumber & Home Bldg. Ctr., 158 W. Va. 492 | 106+40 | Whenever it is determined that a court has no jurisdiction to entertain subject matter of a civil action, forum court must take no further action in case other than to dismiss it from docket. R.C.P. rule 12(b)(1), (h)(2). | What action must a forum court take when it is determined that a court has no jurisdiction in a matter? | 004474.docx | LEGALEASE-00116456-LEGALEASE-00116457 |
| Thun v. City of Bonney Lake, 164 Wash. App. 755 | 148+277 | The federal final decision requirement for ripeness of a takings claim follows from the principle that only a regulation that "goes too far" results in a taking; a court cannot determine whether a regulation has gone "too far" unless it knows how far the regulation goes. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 16. | Is there a requirement following the principle that only a regulation that goes too far results in a taking? | 001546.docx | LEGALEASE-00119019-LEGALEASE-00119020 |
| Travelers Cas. & Sur. Co. v. Am. Equity Ins. Co., 93 Cal. App. 4th 1142 | 366+1 | The doctrine of "equitable subrogation" is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | Is the right of subrogation purely derivative? | 043725.docx | LEGALEASE-00121559-LEGALEASE-00121561 |
| Dillon v. BMO Harris Bank, N.A., 856 F.3d 330 | 25T+121 | Arbitration agreements that operate as a prospective waiver of a party's right to pursue statutory remedies are not enforceable under the Federal Arbitration Act (FAA) because they are in violation of public policy; under this prospective waiver doctrine, courts will not enforce an arbitration agreement if doing so would prevent a litigant from vindicating federal substantive statutory rights. 9 U.S.C.A. S 1 et seq. | Is an arbitration agreement that operates as a waiver of a partys right to pursue statutory remedies enforceable? | 007060.docx | LEGALEASE-00122404-LEGALEASE-00122405 |
| McKeel v. Islamic Republic of Iran, 722 F.2d 582 | 221+140 | Territory is a primary basis for jurisdiction and a state may prescribe and enforce a rule of law for conduct occurring in territory under that state's sovereignty. | Is territory a primary basis for jurisdiction and can a state prescribe and enforce a rule of law for conduct occurring in territory under that state's sovereignty? | International Law - Memo # 12 - C - LK.docx | ROSS-003311457-ROSS-003311459 |
| Perez v. Todd Shipyards Corp., 999 S.W.2d 31 | 13+61 | Cause of action accrues when the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. | Does the cause of action accrue when the plaintiff has known or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury ? | 005507.docx | LEGALEASE-00123811-LEGALEASE-00123812 |
| Martin v. Sally, 341 Ill. App. 3d 308 | 388+43 | On review, a trial court judge maintains broad discretion in the admission of evidence and in ruling upon a motion in limine. | Does a trial court judge maintain broad discretion in the admission of evidence and in ruling upon a motion in limine? | 027896.docx | LEGALEASE-00125051-LEGALEASE-00125052 |
| In re Nancy A., 344 Ill. App. 3d 540 | 307A+501 | Plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the Supreme Court and Code of Civil Procedure. S.H.A. 735 ILCS 5/2-1009. | Do plaintiffs have an absolute right to take a voluntary dismissal? | 024939.docx | LEGALEASE-00129309-LEGALEASE-00129310 |
| McCord v. United States, 131 Fed. Cl. 333 | 34+3(1) | Court of Federal Claims may not substitute its judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence. | Can a court substitute its judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence? | 008906.docx | LEGALEASE-00132421-LEGALEASE-00132422 |
| Briden v. Rd. Sys., 705 F. Supp. 367 | 413+195 | Under Michigan's economic reality test, which attempts to determine true employer of injured worker for worker's disability compensation purposes, totality of circumstances surrounding performed work is considered including who had control of worker's duties, who paid wages, who had right to hire, fire, and maintain discipline, and worker's performance of duties as integral part of employer's business toward accomplishment of common goal. M.C.L.A. S 418.101 et seq. | Does the economic reality test look to the totality of the circumstances surrounding the performed work? | 047739.docx | LEGALEASE-00132554-LEGALEASE-00132555 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Etcheverry, 230 F.2d | 260+34 | A perfected mining claim constitutes property to its fullest extent and is real property subject to be sold, transferred, mortgaged, taxed and inherited without infringing any right or title of United States. 30 U.S.C.A. SS 22, 26. | "When a mining claim has been perfected under the law, is it in effect a grant from the United States?" | 021340.docx | LEGALEASE-00142770-LEGALEASE-00142771 |
| Loveland v. Rowland, 361 S.W.2d 685 | 307A+74 | Provision of rule respecting changes in deposition that answers or responses as originally given, together with changes, shall be considered as part of deposition gives opposing party benefit of original answers. V.A.M.R. Civil Rules 57.22, 57.23; Fed.Rules Civ.Proc. rule 30(e), 28 U.S.C.A. | Shall the provision of a rule respecting changes in a deposition that answers or responses as originally given be considered as part of deposition? | Pretrial Procedure - Memo # 5235 - C - BP.docx | ROSS-003318270-ROSS-003318271 |
| Spence v. Yocum, 201 Mont. 79 | 322H+484(1) | Statements concerning property value are opinions, and thus provide no proper basis for rescission of a real estate contract, when the parties stand on an equal footing and have equal means of knowledge, with no relation of trust or confidence existing between them. | Is statements as to the value of property considered declarations of opinion and constitute a proper basis for rescission? | 018342.docx | LEGALEASE-00150924-LEGALEASE-00150925 |
| Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170 | 30+3951 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | Will evidence favorable to the nonmovant will be accepted as true when making decisions on summary judgment? | Bills and Notes - Memo 845 - RK_60144.docx | ROSS-003284351-ROSS-003284352 |
| Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170 | 30+3951 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | Will all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true when deciding summary judgment? | 009756.docx | LEGALEASE-00152649-LEGALEASE-00152650 |
| P.E. Sys. v. CPI Corp., 176 Wash. 2d 198 | 307A+680 | When considering a motion for judgment on the pleadings, a trial court must presume that the plaintiff's allegations are true and may consider hypothetical facts that are not included in the record. CR 12(c). | "When dismissing a complaint on the pleadings, should a trial court presume that the plaintiff's allegations are true and can consider hypothetical facts that are not included in the record?" | 038037.docx | LEGALEASE-00153025-LEGALEASE-00153026 |
| Pineda v. Masonry Const., 831 F. Supp. 2d 666 | 21+3 | Court may strike portions of affidavit that are not based upon affiant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statement; court may also simply decline to consider those aspects of supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible. | Can a court strike portions of the affidavit if they are not based on affiants personal knowledge? | Affidavits - Memo 59 - _1kgqIAod91fNjD-3O4IaA5GQhQDJI9uvK.docx | ROSS-000000215-ROSS-000000216 |
| State v. Rio, 38 Wash. 2d 446 | 67+9(2) | A servant, or boarder, or joint occupant of a room is guilty of burglary if he exceeds his rights either with respect to time of entering or room into which he enters, and a servant, or a guest or boarder, with right to be in house, may be convicted of burglary on proof that he broke and entered at a time or place beyond his authority. Rem.Rev.Stat. S 2579. | When is a servant guilty of burglary? | 013064.docx | LEGALEASE-00156436-LEGALEASE-00156437 |
| Bergman v. Bouligny, 82 A.2d 760 | 141E+953 | Generally, a contract for schooling for specified term is entire and when pupil withdraws for reasons of his own without fault on part of school, such school is entitled to agreed tuition for entire period. | Is a contract for schooling for a specified term is entire and as such the school is entitled to the agreed tuition for the entire period? | 017278.docx | LEGALEASE-00162142-LEGALEASE-00162143 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Linghor, 690 N.W.2d 201 | 135H+59 | General rule is that a person is put in jeopardy when his trial commences, which in a jury case occurs when the jury is empaneled and sworn and in a non-jury trial when the court begins to hear evidence. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12; NDCC 29-01-07. | What is the general rule for a person who is put in jeopardy in a jury and a non-jury trial? | 014661.docx | LEGALEASE-00165477-LEGALEASE-00165478 |
| DePuy Synthes Sales v. Globus Med., 259 F. Supp. 3d 225 | 13+27(1) | Under Pennsylvania law, although gist of the action doctrine calls for fact-intensive judgment as to claim's true nature, whether gist of the action doctrine applies in any particular setting is question of law. | Does gist of the action doctrine call for fact-intensive judgment as to a claim's true nature | 006391.docx | LEGALEASE-00166859-LEGALEASE-00166860 |
| Bailey v. Gitt, 135 N.C. App. 119 | 13+53(2) | Dismissal of claims for certain types of damages by the trial court in a wrongful death action does not necessarily dismiss the underlying allegation of negligence upon which the claim is predicated; however, a claim for negligence cannot be split into various kinds of damages. G.S. S 28A-18-2. | Can a claim for negligence be split into various kinds of damages? | Pretrial Procedure - Memo 11360 - C - SHB_64427.docx | ROSS-003279440 |
| Bank of Tennessee v. Officer, 62 Tenn. 173 | 83E+460 | In the case of bills of exchange, promissory notes, and other commercial contracts, a month is always a calendar month. A note payable six months after the 30th of May is due just six calendar months and three days thereafter, the days of grace being included, bringing it to maturity, consequently, on the 3rd of December succeeding. Until that day the endorsers of such paper have not broken their contract by non-payment. | "In the case of bills of exchange, promissory notes, and other commercial contracts, how many days of grace are available in time of payment?" | Bills and Notes- Memo 492-IS_60216.docx | ROSS-003280409-ROSS-003280410 |
| Bagwell v. Bagwell, 290 Ga. 378 | 307A+698 | Once an order of dismissal is entered it may not be modified by the trial court outside the term of court in which it was issued in order to specify that it was without prejudice. | "Once an order of dismissal is entered, can it not be modified by the trial court outside the term of court in which it was issued in order to specify that it was without prejudice? " | Pretrial Procedure - Memo 11338 - C - TM_64271.docx | ROSS-003281960-ROSS-003281961 |
| Knight v. Chicago Corp., 183 S.W.2d 666 | 260+79.1(0.5) | An "overriding royalty" is a certain percentage of the working interest which as between lessee and assignee of mineral lease is not charged with cost of development or production. | Can the term overriding royalty be defined as a certain percentage of the working interest which as between the lessee and the assignee is not charged with the cost of development or production? | Mines and Minerals - Memo 341 - C - ML_66666.docx | ROSS-003283264-ROSS-003283265 |
| People v. Brumfield, 72 Ill. App. 3d 107 | 110+632(5) | Defendant should not ordinarily be required to try a case or defense twice, once outside jury's presence to satisfy trial court of its sufficiency and then again before the jury. U.S.C.A.Const. Amends. 6, 14; S.H.A.Const.1970, art. 1, S 2. | "Should a party be required to try a case twice - once outside the jury's presence to satisfy the trial court of its sufficiency, and then again before jury? " | Pretrial Procedure - Memo # 489 - C - LK.docx | ROSS-003283406-ROSS-003283408 |
| In re Alfred H.H., 233 Ill. 2d 345 | 13+6 | Under the public interest exception to the mootness doctrine, a court may consider an otherwise moot case when (1) the question presented is of a public nature, (2) there is a need for an authoritative determination for the future guidance of public officers, and (3) there is a likelihood of future recurrence of the question. | Will the public interest exception permits review of an otherwise moot appeal or case? | Action - Memo 48 - MS.docx | ROSS-003283540-ROSS-003283541 |
| George Lawrence v. Brodie, 302 Mass. 557 | 302+8(5) | A general averment that a defendant owes a plaintiff is a mere statement of a conclusion of law from facts previously stated and is not an allegation of a distinct substantive fact and is not admitted on demurrer. | Is an averment that a defendant owes a plaintiff a mere statement of a conclusion of law? | Pleading - Memo 136 - RMM.docx | ROSS-003284786-ROSS-003284788 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Norcon Builders v. GMP Homes VG, 161 Wash. App. 474 | 366+31(4) | In the real estate context, equitable subrogation has been traditionally invoked only to prevent unjust enrichment; equitable remedies are not granted where it would produce injustice. Restatement (Third) of Property (Mortgages) S 7.6 comment. | Is equitable subrogation traditionally invoked in the context of real estate to prevent unjust enrichment? | Subrogation - Memo 245-VG C.docx | ROSS-003285301-ROSS-003285302 |
| Misener Marine Construction Inc. v. Norfolk Dredging Co., 594 F.3d 832 | 16+121 | Attorneys' fees will be awarded to the prevailing party in maritime cases if (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees. | Are attorneys fees awarded to prevailing parties in admiralty cases? | Admiralty Law - Memo 17 - JS.docx | ROSS-003285802-ROSS-003285804 |
| Bay Gen. Indus. v. Johnson, 418 A.2d 1050 | 307A+501 | On review of trial court's order granting defendant's motion for judgment at the close of plaintiff's evidence in a nonjury case, trial court's findings and conclusions will not be disturbed unless clearly erroneous with due regard being given to opportunity of trial court to judge credibility of witnesses; however, dismissal with prejudice under rule providing for voluntary dismissal is a drastic remedy, to be sparingly exercised. D.C.C.E. SCR, Civil Rule 41(b). | Will a reviewing court disturb a trial court's findings and conclusions unless clearly erroneous? | Pretrial Procedure - Memo # 1005 - C - SK.docx | ROSS-003287634-ROSS-003287635 |
| Hall v. IKEA Property Inc., 171 F.Supp.3d 634 | 302+4 | Under Michigan law, courts are not bound by the labels that parties attach to their claims; the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim. | Is a court bound by the label a party assigns to its claims? | Pleading - Memo 39 - TH.docx | ROSS-003287636-ROSS-003287637 |
| Arkansas Louisiana Gas Co. v. Hardin, 206 Ark. 593 | 371+2005 | Though state in order to function properly must collect taxes, it must exercise power of taxation in such manner as to permit the solvent survival of taxpayers able to pay the taxes required by state for its support. | Should the exercise of the power of taxation be in such a manner as to permit the taxpayers ability to pay the taxes required by state for its support? | Taxation - Memo # 613 - C - KA.docx | ROSS-003288855-ROSS-003288856 |
| Every v. City of New Orleans, 514 So. 2d 556 | 307A+716 | Among the factors a trial judge considers before granting a discretionary continuance on motion of a litigant seeking continuance to employ another attorney are diligence, good faith and reasonable grounds. LSA-C.C.P. art. 1602. | What are the factors a trial judge considers before granting a discretionary continuance on motion of a litigant seeking continuance to employ another attorney? | Pretrial Procedure - Memo # 3364 - C - SB.docx | ROSS-003290894-ROSS-003290895 |
| Chaplin v. Selznick, 186 Misc. 66 | 307A+99 | Ordinarily one defendant may not examine a codefendant before trial unless the one seeking examination has asked for affirmative relief against the defendant whose examination is sought. Civil Practice Act SS 288, 289. | Can a defendant examine a codefendant before trial unless the one seeking examination has asked for affirmative relief against the defendant whose examination is sought? | Pretrial Procedure - Memo # 4548 - C - KG.docx | ROSS-003291753-ROSS-003291754 |
| State v. Ensley, 240 Ind. 472 | 200+80 | Generally, there is no property right of an abutting owner in the free flow of traffic past his property and no compensation can be claimed if such traffic is diverted from his premises or is made to travel a more circuitous route. | Is there any property right of an abutting owner in the free flow of traffic past his property? | Highways -Memo 262 - DB_58960.docx | ROSS-003294532-ROSS-003294533 |
| Curry v. State, 17 Ga. App. 377 | 3.77E+06 | Stalking statute was designed to protect women from being harassed by ex-husbands or former boyfriends, by ensuring that victims did not have to be injured or threatened with death before stopping a stalker's harassment. West's F.S.A. S 784.048. | Does the stalking statute require victims to be injured or threatened with death before the stalkers harassment can be stopped? | "Threats, Stalking, and Harassment - Memo #4 - C - LB_58577.docx" | ROSS-003296215-ROSS-003296216 |
| Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713 | 366+1 | The doctrine of equitable subrogation may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. | When can the doctrine of equitable subrogation be invoked to prevent unjust enrichment? | Subrogation - Memo 993 - C - CAT.docx | ROSS-003296418-ROSS-003296419 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thompson v. Williams, 752 So. 2d 525 | 307A+581 | Interest in disposing of litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff; willful default or conduct is a conscious or intentional failure to act. | "Can a dismissal be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff" | Pretrial Procedure - Memo # 8839 - C - NE_59837.docx | ROSS-003296621-ROSS-003296622 |
| Englewood v. Miami Valley Lighting, 182 Ohio App. 3d 58 | 317A+101 | In evaluating whether an entity conducts itself in a manner as to be a public concern, for purposes of determining whether the entity is a "public utility," courts consider (1) the good or service provided, (2) competition in the local marketplace, and (3) regulation by a governmental authority. | What determines whether an entity conducts itself as to be of public concern or a public utility? | Public utilities  - Memo 10 - RM.docx | ROSS-003297344-ROSS-003297345 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | "Subrogation" is the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the "subrogee," is placed in the shoes of the person who suffered the loss, the "subrogor." | "Does subrogation refer to the placing of one party in the position of a second party, with respect to the rights and obligations of a claim?" | Subrogation - Memo 196 - RM C.docx | ROSS-003298322-ROSS-003298323 |
| Acuity v. McGhee Eng'g, 297 S.W.3d 718 | 366+1 | Equitable subrogation is based on the principle that substantial justice should be attained regardless of form, that is, its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form. | Is equitable subrogation based on the principle that substantial justice should be attained regardless of form? | Subrogation - Memo # 465 - C - SA.docx | ROSS-003299051-ROSS-003299053 |
| In re Frankum, 399 B.R. 498 | 366+1 | Under a theory of "equitable subrogation," a person who pays the debt of another may seek reimbursement to prevent unjust enrichment. | Should a person who pays the debt of another seek reimbursement to prevent unjust enrichment under a theory of equitable subrogation? | Subrogation - Memo 336 - RM C.docx | ROSS-003299117-ROSS-003299118 |
| Jordan v. Griley, 667 So. 2d 493 | 307A+680 | Motion to dismiss complaint is not motion for summary judgment in which court may rely on facts adduced in depositions, affidavits, or other proofs. | "Is a motion to dismiss complaint not a motion for summary judgment in which a court can rely on facts adduced in depositions, affidavits, or other proofs?" | Pretrial Procedure - Memo # 10428 - C - KG_62413.docx | ROSS-003305789-ROSS-003305790 |
| Marshall v. Horn Seed Co., 509 F. Supp. 1 | 349+200 | In passing on validity of a search warrant, a reviewing court may consider only that information brought to the attention of the issuing magistrate or judge. U.S.C.A.Const. Amend. 4. | Should the court consider only that information brought to the attention of the issuing magistrate or judge while deciding on the validity of the search warrant? | Inspection - Memo 14 - SH.docx | ROSS-003311224-ROSS-003311226 |
| Peretzman v. Borochoff, 58 Ga. App. 838 | 8.30E+10 | A bill or note is controlled, not necessarily by the law of the place where it is written, signed, or dated, but by the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorsee, or where the last act essential to its completion was done. | Will the law of the place where a note is written control it? | Bills and Notes - Memo 1329 - RK_66232.docx | ROSS-003311672-ROSS-003311673 |
| In re Hall, 477 B.R. 74 | 366+1 | Under Iowa state law, equitable subrogation is appropriate when: (1) payment was made to protect subrogee's own interest; (2) repayment by subrogee was not voluntary; (3) debt paid was one for which subrogee was not primarily liable; and (4) entire debt was paid; and (5) subrogation will not injure rights of others. | When is equitable subrogation appropriate? | Subrogation - Memo 276 - SHS.docx | ROSS-003312862-ROSS-003312864 |
| Mahler v. Szucs, 135 Wash. 2d 398 | 366+1 | Right to reimbursement under law of subrogation may arise by operation of law, termed "legal subrogation" or "equitable subrogation," or by contract, called "conventional subrogation." | "Does the right to reimbursement arise by operation of law, termed legal or equitable subrogation, or by contract, called conventional subrogation?" | Subrogation - Memo 133 - VP C.docx | ROSS-003322532-ROSS-003322533 |
| XL Specialty Ins. Co. v. Com., Dep't of Transp., 269 Va. 362 | 366+1 | "Equitable subrogation" is subrogation that arises by operation of law; it is not based on contract or privity of parties, but is purely equitable in nature, dependent on the facts and circumstances of each particular case. | Does legal or equitable subrogation arise by operation of law based on the facts or underlying circumstances of the case? | Subrogation - Memo # 492 - C - NO.docx | ROSS-003322668-ROSS-003322669 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rupp v. Transcon. Ins. Co., 627 F. Supp. 2d 1304 | 366+1 | Under Utah law, the right to subrogation does not depend on contractual relationships, as its purpose is to work out an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who, in equity and in good conscience, ought to pay it. | Does the right to subrogation depend on contractual relationships? | Subrogation - Memo 307 - RM C.docx | ROSS-003324441-ROSS-003324443 |
| Dees v. Logan, 281 Ga. App. 837 | 307A+3 | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | "Because the grant of a motion in limine forecloses the admission of the evidence at trial, must the grant of a motion in limine be exercised with great care? " | Pretrial Procedure - Memo # 855 - C - TJ.docx | ROSS-003324786-ROSS-003324787 |
| F.E.R.C. v. Elec. Power Supply Ass'n, 136 S. Ct. 760 | 145+11(4) | Federal Energy Regulatory Commission's (FERC) authority under the FPA to regulate the interstate wholesale market for electricity is limited to rules or practices that directly affect the wholesale electricity rate. Federal Power Act, SS 205(da), 206(a), 16 U.S.C.A. SS 824d(a), 824e(a). | Does Federal Energy Regulatory Commission regulate the sale of electricity at wholesale in interstate commerce? | Electricity - Memo 5 - RM.docx | ROSS-003325708-ROSS-003325711 |
| Am. Safety Equip. Corp. v. J. P. Maguire & Co., 391 F.2d 821 | 25T+121 | The remedy a statute provides for violation of the statutory right it creates may be sought, not only in any court of competent jurisdiction, but also in any other competent tribunal, such as arbitration, unless right itself is of a character inappropriate for enforcement by arbitration. 9 U.S.C.A. SS 2-4, 6. | Can the remedy for a violation of a statutory right be sought in arbitration? | Alternative Dispute Resolution - Memo 341 - RK.docx | ROSS-003325971-ROSS-003325972 |
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 30+3209 | The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. | Will an appellate court reverse a trial court's decision on sanction for the violation of an order in limine? | Pretrial Procedure - Memo # 872 - C - TJ.docx | ROSS-003327139-ROSS-003327140 |
| N. Am. Ins. Co. v. Kemper Nat. Ins. Co., 325 Ill. App. 3d 477 | 366+2 | The doctrine of subrogation is broad enough to include every instance in which one person, not a mere volunteer, pays a debt for which another is primarily liable and in which equity and good conscience should have been discharged by the latter. | "Is subrogation the substitution of another person in the place of a claimant whose rights he succeeds to in relation to the debt or claim asserted, which he has paid involuntarily? " | Subrogation - Memo 321 - RM C.docx | ROSS-003327675-ROSS-003327677 |
| Whitney v. Turmel, 180 Conn. 147 | 20+13 | Essential elements of adverse possession are that the owner shall be ousted from possession and kept uninterruptedly for 15 years under claim of right by an open, visible or exclusive possession of the claimant without license or consent of the owner. | Is exclusive possession an essential element of adverse possession? | 04783.docx | LEGALEASE-00077096-LEGALEASE-00077097 |
| Stone v. Baum, 409 F. Supp. 2d 1164 | 2+4 | Pendency of prior action, in court of competent jurisdiction, between same parties, predicated upon same cause of action and growing out of same transaction, and in which identical relief is sought, constitutes good grounds for abatement of later suit. | When is abatement of a subsequent cause of action appropriate? | Abatement and Revival - Memo 3 - VP.docx | LEGALEASE-00000372-LEGALEASE-00000373 |
| N. Buncombe Ass'n of Concerned Citizens v. Rhodes, 100 N.C. App. 24 | 15A+1331 | If dispute between state agency and another person arises and cannot be settled informally, procedures for resolving disputes are governed by Administrative Procedure Act. G.S. SS 150B-1 to 150B-63, 150B-1(b-d), 150B-2(1). | Does the Administrative Procedure Act provide the procedure for resolution of a dispute that arises between a state agency and a person which cannot be informally resolved? | 000025.docx | LEGALEASE-00115744-LEGALEASE-00115745 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 25T+114 | In light of the liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract, which are reflected in the provision of the Federal Arbitration Act (FAA) stating that arbitration agreements in maritime transactions or contracts evidencing transactions involving commerce are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms. 9 U.S.C.A. S 2. | What is the fundamental principal of Federal Arbitration Act (FAA)? | 003715.docx | LEGALEASE-00116035-LEGALEASE-00116036 |
| Day v. Corn%22er Bank (Overseas) Ltd., 789 F. Supp. 2d 150 | 170B+2701 | As legal concepts, questions of "personal jurisdiction" and "venue" are distinct; the former concerns itself with the power of a court to adjudicate the rights and liabilities of a party, while the latter focuses on the most convenient location for litigation. | Are personal jurisdiction and venue different concepts? | Venue - Memo 5 - RK.docx | ROSS-003323742-ROSS-003323744 |
| Davis Sewing-Mach. Co. v. Richards, 115 U.S. 524 | 195+6 | When a guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them, except future advances to be made to the principal debtor, the guaranty is, in legal effect, an offer or proposal on the part of the guarantor, and, without an acceptance by the creditor, no liability is incurred thereby. | How can a contract of guaranty be distinguished from an offer to guarantee? | Guaranty - Memo 25 - JS.docx | LEGALEASE-00001359-LEGALEASE-00001360 |
| Pierce v. Parker Towing Company, 25 F. Supp. 3d 1372 | 16+2 | The maritime jurisdictional statute's "saving to suitors" clause is a feature of the congressional grant of original admiralty jurisdiction to the federal district courts, and preserves a plaintiff's right to a common law remedy, not necessarily to a nonfederal forum. 28 U.S.C.A. S 1333. | How is the saving to suitors clause defined? | 04991.docx | LEGALEASE-00078105-LEGALEASE-00078106 |
| Beneficial Fin. Co. of Newark v. Daloisio, 90 N.J. Super. 80 | 92+3689 | Enforcement of wage assignment under Small Loan Law provision is not violative of natural and unalienable rights provision of state Constitution or of Fourteenth Amendment of federal Constitution. N.J.S.A. 17:10-18; Const.1947, Art. I, par. 1; Art. IV, S VII, pars. 7-9; U.S.C.A.Const. Amend. 14. | Is the Small Loan Law pertaining to an assignment of wages violative of provisions of the Constitution? | 05006.docx | LEGALEASE-00078117-LEGALEASE-00078118 |
| Germain v. Ficarra (In re Germain), 824 F.3d 258 | 16+17.1 | In addition to location, the prevailing test for admiralty tort jurisdiction focuses on whether the incident giving rise to the tort, defined at an intermediate level of possible generality, has a potentially disruptive effect on maritime commerce, and whether the general character of the activity giving rise to the incident bears a substantial relationship to traditional maritime activity. | How can federal admiralty jurisdiction be invoked over a tort claim? | Admiralty Law - Memo 31 - JS.docx | LEGALEASE-00001509-LEGALEASE-00001511 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sallen v. Corinthians Licenciamentos LTDA, 273 F.3d 14 | 170B+2285 | Domain name registrant's action against Brazilian corporation that instituted World Intellectual Property Organization (WIPO) dispute resolution proceeding resulting in registrant's loss of right to use name, seeking declaration that registrant's use of name was not unlawful under Anticybersquatting Consumer Protection Act (ACPA), arose under federal law, thus supporting federal question jurisdiction, because registrant clearly relied on provision of ACPA permitting the filing of civil actions, and action was not wholly insubstantial and frivolous. Lanham Trade-Mark Act, S 32(2)(D)(ii)(II), (2)(D)(v), 15 U.S.C.A. S 1114(2)(D)(ii)(II), (2)(D)(v); 28 U.S.C.A. S 1331. | Do mandatory administrative proceedings conducted under Uniform Domain Name Dispute Resolution Policy (UDRP) constitute arbitration within the meaning of the Federal Arbitration Act? | 004218.docx | LEGALEASE-00116220-LEGALEASE-00116222 |
| Guy v. United Healthcare Corp., 154 F.R.D. 172 | 311H+102 | When legal advice of any kind is sought, from professional legal advisor in his capacity as such, communications relating to that purpose, made in confidence, by the client, are at his instance permanently protected, by attorney-client privilege, from disclosure by himself or by his legal advisor, except if protection be waived. | What should a party invoking the protection of the attorney-client privilege establish? | 005319.docx | LEGALEASE-00116113-LEGALEASE-00116114 |
| Osborne v. City of Camden, 301 Ark. 420 | 414+1125 | Municipal zoning authority is conferred solely by state enabling legislation, and failure to comply with mandatory procedural requirement of enabling statute renders zoning ordinance invalid. | Will a failure to comply with the enabling statute requirement render a zoning action void? | 004267.docx | LEGALEASE-00116345-LEGALEASE-00116346 |
| Town of Midland v. Wayne, 368 N.C. 55 | 148+1 | The power of eminent domain is one of the prerogatives of a sovereign state, however, its exercise is limited by the constitutional requirements of due process and payment of just compensation for property condemned; just compensation means that persons being required to provide land for public projects are put in the same financial position as prior to the taking. U.S.C.A. Const.Amend. 14; West's N.C.G.S.A. Const. Art. 1, S 19. | Is the power of eminent domain limited by constitutional requirements? | Eminent Domain - Memo 6 - AKA.doc | LEGALEASE-00002122-LEGALEASE-00002123 |
| Ratajack v. Brewster Fire Department of the Brewster-Southeast Joint Fire District, 178 F.Supp.3d 118 | 237+1 | To recover for libel under New York law, a plaintiff must prove five elements: (1) a written defamatory statement of fact regarding the plaintiff; (2) published to a third party by the defendant; (3) the defendant's fault; (4) the falsity of the defamatory statement; and (5) injury to the plaintiff. | How can a person recover damages for Libel? | 004416.docx | LEGALEASE-00116621-LEGALEASE-00116623 |
| Mathieu v. Imperial Toy Corp., 646 So. 2d 318 | 272+202 | Duty/risk analysis consists of four inquiries all of which must be affirmatively answered for plaintiff to recover and these inquiries are: (1) was conduct in question substantial factor in bringing about harm to the plaintiff, i.e., was it cause-in-fact of the harm which occurred; (2) did defendant owe duty to plaintiff; (3) was duty breached; and (4) was the risk, and harm caused, within scope of protection afforded by the duty breached. | How is liability determined in a negligence action? | 004440.docx | LEGALEASE-00116661-LEGALEASE-00116662 |
| Soto v. Sea-Rd. Int'l, 942 S.W.2d 67 | 50+1 | Basic elements of bailment are: delivery of personal property by one person to another in trust for specific purpose; acceptance of such delivery; express or implied contract that the trust will be carried out; and understanding under terms of contract that property will be returned to transferor or dealt with as transferor directs. | What are the elements of a bailment? | 004491.docx | LEGALEASE-00116432-LEGALEASE-00116433 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Aegis Investigative Grp. v. Metro. Gov't of Nashville & Davidson Cty., 98 S.W.3d 159 | 50+1 | Although bailments are generally founded on a contractual relation, the agreement of the parties may be quasi and constructive and an actual contract or one implied in fact is not always necessary to create a bailment. | Is a contract always necessary to create a bailment? | 004499.docx | LEGALEASE-00116442-LEGALEASE-00116443 |
| United States v. 2004 Ferrari 360 Modeno, 902 F. Supp. 2d 944 | 50+5 | A "bailment" is an express or implied contract wherein the bailor delivers property to the bailee for some purpose and the bailee actually accepts the property; both delivery and acceptance of the property are essential to the creation of a contractual bailment relationship between parties. 18 U.S.C.A. S 983(d)(2). | Can a contract of bailment be an express or implied agreement between a bailor and a bailee? | 004504.docx | LEGALEASE-00116427-LEGALEASE-00116428 |
| In re Mechanics Tr. Co., 119 N.J. Eq. 141 | 172H+204 | Banking business is charged with public interest, rendering it subject to regulation under state police power, and rights of all persons having direct contact with banking business may be altered or changed in reasonable manner. | Is the business of banking within the police power of the state? | 004524.docx | LEGALEASE-00116490-LEGALEASE-00116491 |
| In re Adoption of N.J.A.C. 7:15-5.24(b), 420 N.J. Super. 552 | 1.49E+15 | Enabling statute for Department of Environmental Protection (DEP) grants the DEP vast authority to set policy and promulgate regulations for the conservation of the natural resources of the State, the promotion of environmental protection, and the prevention of pollution of the environment of the State. N.J.S.A. 13:1D-1 et seq. | What responsibilities are the Department of Environmental Protection charged with? | 004539.docx | LEGALEASE-00116509-LEGALEASE-00116510 |
| Zimmerman v. N. Dakota Dep't of Transp. Dir., 543 N.W.2d 479 | 48A+144.2(2.1) | Appeal from administrative hearing officer's decision involving driver's license suspension is governed by Administrative Agencies Practice Act. NDCC 28-32-01 et seq. | Does Administrative Agencies Practice Act govern an appeal from administrative hearing officer's decision involving a license suspension? | 004592.docx | LEGALEASE-00117019-LEGALEASE-00117020 |
| Bank of New York v. Sumter Cty., 387 S.C. 147 | 50+1 | A "constructive bailment" arises when one person has lawfully acquired possession of another person's personal property, other than by virtue of a bailment contract, and holds it under such circumstances that the law imposes on the recipient of the property the obligation to keep it safely and redeliver it to the owner. | When does a constructive bailment arise? | 004616.docx | LEGALEASE-00116799-LEGALEASE-00116800 |
| Floss v. Ryan's Family Steak Houses, 211 F.3d 306 | 25T+112 | The sine qua non of the applicability of the Federal Arbitration Act (FAA) to a particular dispute is an agreement to arbitrate the dispute in a contract which evidences a transaction in interstate commerce. 9 U.S.C.A. S 1 et seq. | What is the sine qua non of the Federal Arbitration Acts (FAA) applicability to a particular dispute? | Alternative Dispute Resolution - Memo 118 - JS.docx | ROSS-003285268-ROSS-003285269 |
| Gay v. CreditInform, 511 F.3d 369 | 25T+112 | Cardinal principle of law of arbitration is that, under the Federal Arbitration Act (FAA), arbitration is matter of consent, not coercion, and that parties are generally free to structure their arbitration agreements as they see fit, a freedom that extends to choice-of-law provisions governing parties' agreement to arbitrate. 9 U.S.C.A. S 1 et seq. | What is the cardinal principle of the law of arbitration? | 005260.docx | LEGALEASE-00116839-LEGALEASE-00116840 |
| Spear, Leeds & Kellogg v. Cent. Life Assur. Co., 85 F.3d 21 | 25T+139 | Despite presumption of arbitrability, strong federal policy favoring arbitration may not extend reach of arbitration beyond intended scope of clause providing for it. | Can federal policy extend the reach of arbitration beyond the intended scope of the arbitration clause? | 004919.docx | LEGALEASE-00117167-LEGALEASE-00117168 |
| Clean Air Coordinating Comm. v. Envtl. Prot. Agency, 42 Ill. App. 3d 124 | 1.49E+19 | Pollution Control Board is required by statute to file and publish written opinion stating facts and reasons leading to its decision. S.H.A. ch. 1111/212, S 1033. | "Under Section 33 of the Environmental Protection Act, is the Pollution Control Board required to file and publish a written opinion stating the facts and reasons for its decision?" | 005033.docx | LEGALEASE-00117217-LEGALEASE-00117218 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morgan v. Texas Alcoholic Beverage Comm'n, 519 S.W.2d 250 | 23H+621 | In refusing to grant application for wine and beer retailers license and cartage permit, county judge acts in administrative rather than judicial capacity. | Does a county judge in passing on an application for license to sell beer acts in administrative capacity? | Administrative Law - Memo 158 - RK.docx | ROSS-003297395-ROSS-003297396 |
| Johnston v. Bd. of Sup'rs of Marin Cty., 31 Cal. 2d 66 | 104+21.5 | County board of supervisors acts in administrative capacity in granting permits under zoning ordinance, and is bound by terms of ordinance, until ordinance is amended through proper legislative procedure. Gen.Laws, Act 5211b (repealed 1947. See Act 5211c). | Does a board of supervisors when granting a permit under a zoning ordinance act in an administrative capacity? | Administrative Law - Memo 159 - RK.docx | ROSS-003311678-ROSS-003311680 |
| Murphy v. Colson, 2013 IL App (2d) 130291 | 253+1102 | To sustain a cause of action for alienation of affection, the plaintiff must allege and prove: (1) love and affection of the spouse for the plaintiff; (2) overt acts, conduct, or enticement on the part of the defendant causing these affections to depart; and (3) actual damages. | When can a spouse maintain an action for alienation of affection against a third party? | Marriage and Cohabitation- Memo 47 - JS.docx | LEGALEASE-00003890-LEGALEASE-00003892 |
| Malouf v. Dallas Athletic Country Club, 837 S.W.2d 674 | 386+2 | Trespass is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although actor may not know that act he intends to commit is such a violation. | When is intent relevant for the tort of trespass? | Trespass - Memo 31 - RK.docx | LEGALEASE-00004156-LEGALEASE-00004157 |
| Texas Woman's Univ. v. The Methodist Hosp., 221 S.W.3d 267 | 386+10 | To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff. | How can damages be recovered under trespass? | Trespass - Memo 51- JS.docx | ROSS-003298429-ROSS-003298430 |
| Osthus v. Whitesell Corp., 639 F.3d 841 | 231H+1696(1) | National Labor Relations Board (NLRB) may delegate its authority to initiate and prosecute injunction proceedings under the Labor Management Relations Act (LMRA) to its general counsel. National Labor Relations Act, S 10(j), 29 U.S.C.A. S 160(j). | Can the National Labor Relations Board delegate the authority to authorize and initiate the filing of a petition for injunction to its General Counsel? | 000311.docx | LEGALEASE-00117671-LEGALEASE-00117672 |
| Adams v. New York, C. & St. L.R. Co., 121 F.2d 808 | 231H+1534 | An action by railroad employees to determine their seniority rights may be brought either in a court, or settled by the administrative remedies prescribed by the Railway Labor Act. Railway Labor Act S 1 et seq. as amended, 45 U.S.C.A. S 151 et seq. | "Under the Railway Labor Act, can an employees action be settled by the administrative remedies prescribed by the Act?" | 000356.docx | LEGALEASE-00117713-LEGALEASE-00117714 |
| Com. v. Earle, 458 Mass. 341 | 203+504 | As a parent has a duty to provide for the care and welfare of his or her child, a failure to discharge that duty can be rendered criminal if the defendant parent had the means to perform it, and depending on the circumstances, can constitute murder or involuntary manslaughter. | Do parents have a legal duty to provide medical care for a child if necessary? | 000434.docx | LEGALEASE-00117752-LEGALEASE-00117753 |
| Sprague v. Am. Bar Ass'n, 276 F. Supp. 2d 365 | 237+120(2) | Under Pennsylvania law, common law "malice" required for recovery of punitive damages in a defamation action involves conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others, meaning conduct which is malicious, wanton, reckless, willful, or oppressive. Restatement (Second) of Torts S 908(2). | What is common law malice? | 000570.docx | LEGALEASE-00117669-LEGALEASE-00117670 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sprague v. Am. Bar Ass'n, 276 F. Supp. 2d 365 | 237+120(2) | Under Pennsylvania law, common law "malice" required for recovery of punitive damages in a defamation action involves conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others, meaning conduct which is malicious, wanton, reckless, willful, or oppressive. Restatement (Second) of Torts S 908(2). | What is common law malice? | Libel and Slander - Memo 74 - RK.docx | LEGALEASE-00004622-LEGALEASE-00004623 |
| Harasz v. Katz, 239 F. Supp. 3d 461 | 249+0.6 | Under both federal and Connecticut choice-of-law rules, a claim for malicious prosecution is governed by the laws of the state in which the legal proceedings took place, unless a more significant relationship exists in another state. | What law governs a claim of malicious prosecution? | Malicious Prosecution - Memo 2 - ANG.docx | ROSS-003285621-ROSS-003285622 |
| China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp., 334 F.3d 274 | 25T+510 | Federal Arbitration Act (FAA), of which Convention on the Recognition and Enforcement of Foreign Arbitral Awards is a part, establishes strong federal policy in favor of arbitration, and that presumption carries special force when international commerce is involved. 9 U.S.C.A. S 207. | Does federal policy favoring the liberal enforcement of arbitration clauses apply when international commerce is involved? | 001050.docx | LEGALEASE-00118049-LEGALEASE-00118051 |
| Dennis O. v. Stephanie O., 393 P.3d 401 | 92+4396 | While the right to the care and custody of one's own child is a fundamental right recognized by both the federal and state constitutions that clearly falls within the protections of the state and federal due process clauses and should be accorded significant weight in a parental rights termination case, custody hearings do not threaten termination of parental rights, and thus, while custody is a significant private interest, it does not reach the magnitude that a risk of termination does. U.S. Const. Amend. 14; Alaska Const. art. 1, S 7. | Is the right to the custody of a child a fundamental right? | 000886.docx | LEGALEASE-00118108-LEGALEASE-00118109 |
| United States v. CDMG Realty Co., 875 F. Supp. 1077 | 149E+650 | Primary prosecutorial responsibility for enforcing New Jersey's environmental laws resides in government, and Environmental Rights Act (ERA) anticipates private parties' standing only when government has failed to properly act. N.J.S.A. 2A:35A-4, subd. a. | When does the Environmental Rights Act (ERA) anticipate private parties standing? | 000924.docx | LEGALEASE-00118235-LEGALEASE-00118236 |
| Owens v. Commonwealth, 187 Ky. 207 | 203+1319 | Where the weapon is of such character as to admit of but one conclusion in that respect, the question whether or not it is deadly, within the meaning of the statute, is one of law; but, where the weapon employed is such that its deadly character depends upon the manner and circumstances of its use, the question is one of fact for the jury. | Is it for a jury to decide if a weapon is deadly if it is not a deadly weapon per se? | 001082.docx | LEGALEASE-00118096-LEGALEASE-00118097 |
| Sturdivant v. Tollette, 84 Ark. 412 | 231H+908 | Hiring a tenant to do two or three days' work is not within the prohibition of the Acts of 1905, p. 726, providing that one who interferes with, entices away or knowingly employs another's renter before the expiration of his contract shall be liable to the other for advances made to the renter and for all damages sustained by reason thereof. | Can a person be convicted for enticing away a renter? | 001086.docx | LEGALEASE-00118156-LEGALEASE-00118157 |
| Olle v. 5401 W. Ave. Residential, 569 F. Supp. 2d 141 | 25T+210 | Federal Arbitration Act (FAA) creates a strong presumption in favor of enforcing arbitration agreements and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) create a strong presumption in favor of enforcing arbitration agreements? | Alternative Dispute Resolution - Memo 205 - RK.docx | ROSS-003301120-ROSS-003301122 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Connor v. Elliott, 79 Fla. 513 | 315+22 | The laws of the state where real estate or immovable property is situated furnish the rules governing its descent, alienation, transfer, and the capacity of the parties to such contracts or conveyances. | Does the law of the state where the real estate is situated govern the rights of the parties? | 000960.docx | LEGALEASE-00118577-LEGALEASE-00118578 |
| People v. Ceballos, 12 Cal. 3d 470 | 203+758 | Attempt to commit voluntary injury upon another is justifiable when resisting attempt to murder any person, or to commit felony, or to do some great bodily injury upon any person or when committed in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony. West's Ann.Pen.Code, SS 197, 197, subd. 1, 198. | When is homicide justifiable? | 001084.docx | LEGALEASE-00118671-LEGALEASE-00118672 |
| Brown ex rel. Stevens v. State, 144 A.D.3d 88 | 1.41E+16 | The New York constitution enshrined the traditional public school system of school districts in which communities make decisions on funding and operating publicly-funded local schools, but it did not alter its substance. McKinney's Const. Art. 11, S 1. | Do communities make decisions on funding and operating publicly-funded local schools? | 001213.docx | LEGALEASE-00118634-LEGALEASE-00118636 |
| DiFolco v. MSNBC Cable L.L.C., 831 F. Supp. 2d 634 | 237+9(1) | Under New York law, the single instance rule applies as an exception to defamation per se actions for disparaging a person in his or her profession where a publication charges a professional person with a single error in judgment, which the law presumes not to injure reputation; under the single, instance exception to the per se rule, a statement charging another with a single dereliction in connection with his or her trade, occupation or profession does not necessarily charge that party with general incompetence, ignorance or lack of skill and is not deemed actionable unless special damages are pleaded and shown. Restatement (Second) of Torts S 558. | What is the single instance rule in defamation law? | Libel and Slander - Memo 97 - JS.docx | ROSS-003284024-ROSS-003284026 |
| State v. Posenjak, 127 Wash. App. 41 | 209+125 | The successor tribe must establish the actual merger or combination of tribal or political structure in order to obtain treaty tribe status for purposes of asserting tribal rights as a successor in interest to a signatory tribe; it must trace a continuous and defining political or cultural characteristic to the entity that was granted the treaty rights. | What should the descendants of treaty-signatory tribes do to acquire the rights of a treaty-signatory tribe? | 001794.docx | LEGALEASE-00118796-LEGALEASE-00118797 |
| Caspar v. Lewin, 82 Kan. 604 | 231H+1 | Factory Act (Laws 1903, c. 356) S 7, provides that an establishment wherein any natural products or other articles, in raw, incomplete, or unfinished condition, are converted into a new improved or different form, is a manufacturing establishment, within the act. Held, that an establishment wherein railroad iron, old stoves, waste and scrap iron of every description, is cut into lengths, known as grade No. 1, grade No. 2 and busheling scrap, by machines known as alligator shears, operated by power, to meet standing specifications of mills which purchase the product, is a manufacturing establishment within the act. | What is a manufacturing establishment under the Factory Act? | Labor and Employment - Memo 34 - VP.docx | ROSS-003297391-ROSS-003297392 |
| Husser v. New York City Dep't of Educ., 137 F. Supp. 3d 253 | 231H+2461 | Equal Pay Act prohibits employers from discriminating among employees on the basis of sex by paying higher wages to employees of the opposite sex for equal work. Equal Pay Act of 1963, S 3(d)(1), 29 U.S.C.A. S 206(d)(1). | Does the Equal Pay Act prohibit an employer from discriminating between employees on the basis of sex while paying wages? | 001426.docx | LEGALEASE-00118945-LEGALEASE-00118946 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| First Assembly of God v. Texas Utilities Elec. Co., 52 S.W.3d 482 | 317A+101 | The commensurate with the danger standard of care imposed upon a public utility does not impose a higher duty of care; rather, it more fully defines what is ordinary care under the facts presented. | Does the commensurate with the danger standard impose a higher duty of care by a public utility? | 001619.docx | LEGALEASE-00118969-LEGALEASE-00118970 |
| Town of Sterlington v. Greater Ouachita Water Applicant Co., 149 So. 3d 952 | 317A+181 | Fact that a party to an action qualifies as a public utility does not automatically divest a court of original jurisdiction; however, that fact renders state constitutional article, providing that Public Service Commission shall regulate all common carriers and public utilities and have such other regulatory authority as provided by law, arguably applicable. LSA-Const. Art. 4, S 21(B). | Does the fact that one party is a public utility divest the district court of its original jurisdiction? | 001621.docx | LEGALEASE-00118975-LEGALEASE-00118976 |
| City of Cohasset v. Minnesota Power, 776 N.W.2d 776 | 317A+101 | An entity, to operate as a utility, must not only lay pipes and install equipment, but also must provide service, collect charges, and do other things necessary to conduct a utility business. | Should an entity only lay pipes and install equipment to operate as a utility? | 001624.docx | LEGALEASE-00118983-LEGALEASE-00118984 |
| United States v. Dion, 476 U.S. 734 | 209+123 | In determining whether Congress intended to abrogate Indian treaty rights, what is essential is clear evidence that Congress actually considered the conflict between its intended action on the one hand and Indian treaty rights on the other, and chose to resolve that conflict by abrogating the treaty. | How doe courts determine if Congress intended to abrogate Indian treaty rights? | 001783.docx | LEGALEASE-00118841-LEGALEASE-00118842 |
| Heckert Const. Co. v. City of Fort Scott, 278 Kan. 223 | 268+104 | For purposes of statute allowing district court to review judgment or order made by political subdivision exercising quasi-judicial functions, decision of a legislative body is "quasi-judicial" if a state or local law (1) requires notice to the community before the action, (2) requires a public hearing pursuant to notice, and (3) requires the application of criteria established by law to the specific facts of the case. K.S.A. 60-2101. | When is a decision of a legislative body quasi-judicial in nature? | Administrative Law - Memo 174 - RK.docx | ROSS-003324396-ROSS-003324397 |
| Connick v. Myers, 461 U.S. 138 | 92+1934 | In determining a public employee's rights of free speech, task of the Supreme Court is to arrive at a balance between interests of the employee as a citizen, in commenting upon matters of public concern and the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees. U.S.C.A. Const.Amends. 1, 14. | Does the First Amendment protect the right of public employees to comment on matters of public interest? | 001365.docx | LEGALEASE-00119464-LEGALEASE-00119465 |
| Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104 | 148+2.1 | A "taking" may more readily be found when the interference with property had to be characterized as a physical invasion by the government, and when interference arises from some public program adjusting the benefits and burdens of economic life to promote the common good. U.S.C.A.Const. Amends. 5, 14. | When can a taking be readily found? | 002399.docx | LEGALEASE-00119500-LEGALEASE-00119501 |
| State ex rel. State Highway Comm'n v. Gatson, 617 S.W.2d 80 | 148+146 | A "special benefit," which condemnor may utilize as setoff against landowner's damages, is one that accrues directly and approximately to particular land remaining after partial taking by reason of construction of public work upon that part of land that was taken reflected in increase in market value of remaining land. | What are special benefits in taking? | 001892.docx | LEGALEASE-00119654-LEGALEASE-00119655 |
| Vill. of Monsanto v. Touchette, 63 Ill. App. 2d 390 | 317A+101 | Purpose of Public Utilities Act is to maintain general control over operation of utilities to extent of preventing them from exacting unjust, unreasonable and discriminatory, rates, and to assure adequate service and fair opportunity to secure reasonable return. | What is the theory behind regulation of public utilities? | 001961.docx | LEGALEASE-00119563-LEGALEASE-00119564 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Entergy Gulf States v. Louisiana Pub. Serv. Comm'n, 730 So. 2d 890 | 317A+101 | Utility must make reasonable attempts to minimize costs through prudent decision making, since ratepayers depend on only one monopolistic supplier. | Should the utility must make reasonable attempts to minimize costs through prudent decision making? | 001963.docx | LEGALEASE-00119565-LEGALEASE-00119566 |
| Moghazeh v. Valdes-Rodriguez, 151 A.D.2d 428 | 401+4 | General rule that, all things being equal, transitory action should be tried in county in which cause of action arose, is predicated on convenience of material witnesses. McKinney's CPLR 510, subd. 3. | Is the general rule that a transitory action should be brought where the cause of action arose predicated on the convenience of material witnesses? | Venue - Memo 61 - ANG.docx | ROSS-003312744-ROSS-003312746 |
| People v. Braboy, 393 Ill. App. 3d 100 | 110+798.5 | Defendant was not entitled to separate verdict forms for various theories of first degree murder under which defendant was charged; first degree murder was single offense and, for that reason, it was constitutionally permissible to use general verdict form, even when murder was charged in a multicount indictment based on different theories, different theories embodied in first degree murder statute were simply differing ways to commit same crime of first degree murder, and thus, because first degree murder was single offense, it was constitutionally permissible for jurors to return general verdict of guilty even if there was no juror unanimity with regard to means by which murder was committed. | Is first degree murder a single offense? | 002864.docx | LEGALEASE-00119766-LEGALEASE-00119767 |
| Am. Disc. Co. v. Wyckroff, 29 Ala. App. 82 | 386+3 | The term "force," as applied to trespass to personal property, does not necessarily mean application of physical force or violence, but merely of constructive force which is sustained by proof of threats to compel submission. | Should the term force as applied to trespass mean actual physical force? | 002957.docx | LEGALEASE-00119817-LEGALEASE-00119818 |
| Frye v. Baskin, 241 Mo. App. 319 | 386+3 | Trespass lies whenever an injury to plaintiff's property, against the will of the plaintiff, is the immediate result of a forceful, unlawful or wrongful act, not in a criminal sense, by the trespasser, the consequences of which make the act tortious. | "Is trespass the immediate result of a forceful, unlawful or wrongful act?" | Trespass - Memo 80 - TH.docx | ROSS-003283508-ROSS-003283509 |
| State v. Hummel, 165 Wash. App. 749 | 110+413.73 | The corpus delicti of a homicide case is proved by evidence, independent of a defendant's statements, establishing the fact of death and a causal connection between the death and a criminal act; such statements cannot be considered by the finder of fact unless the State first establishes the corpus delicti of the crime by independent evidence. | Does a causal connection between the death and a criminal act considered as an element of corpus delicti? | Homicide - Memo 62 - MS.docx | LEGALEASE-00008443-LEGALEASE-00008444 |
| Am. Mgmt. Consultant v. Carter, 392 Ill. App. 3d 39 | 13+11 | Where a statute includes a requirement that written demand is made prior to filing a complaint, the demand must be made in strict compliance with the statute. | "Where a statute includes a requirement that written demand be made prior to filing a complaint, must the demand be made in strict compliance with the statute?" | Action - Memo 56 - MS.docx | ROSS-003328832-ROSS-003328833 |
| First Nat. Bank of Jackson v. Huff, 441 So. 2d 1317 | 366+1 | Determination of whether subrogation is applicable is a factual determination of each particular case with consideration of fairness and justice as its guiding principles. | Is the determination of whether subrogation is applicable a factual determination of each particular case with consideration of fairness and justice as its guiding principles? | 002566.docx | LEGALEASE-00120064-LEGALEASE-00120065 |
| Wasko v. Manella, 269 Conn. 527 | 366+1 | The object of legal or equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | Is prevention of injustice the object of subrogation? | 002604.docx | LEGALEASE-00119999-LEGALEASE-00120000 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 360+18.15 | In light of the preemptive effect of the Federal Arbitration Act (FAA), a court may not rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what the state legislature cannot. 9 U.S.C.A. S 2. | Can a court rely on the uniqueness of an arbitration agreement when state-law says that the enforcement of the agreement is unconscionable? | 002672.docx | LEGALEASE-00120100-LEGALEASE-00120102 |
| Morris v. Jefferson Elec. Co., 278 Pa. 361 | 145+14(1) | Electric companies must use highest degree of care practicable to avoid injury to those in lawful proximity to their wires. | What is the degree of care that Electric companies must use to avoid injury to those in lawful proximity to their wires? | Electricity  - Memo 53 - RK.docx | ROSS-003326542-ROSS-003326544 |
| Tr. Co. of Chicago v. City of Chicago, 408 Ill. 91 | 92+3902 | The constitutional declaration that private property shall not be taken for public use without just compensation or without due process of law is subordinated to interests of public welfare as expressed through exercise of state's police power. | Are the rights of private propertysubordinate to the higher demands of the public welfare? | Eminent Domain - Memo 106 - RK.docx | LEGALEASE-00008960-LEGALEASE-00008961 |
| Florida E. Coast Ry. Co. v. Broward Cty., 421 So. 2d 681 | 148+47(1) | When a taking will not materially impair or interfere with or is not inconsistent with the existing public use, and the proposed use is not detrimental to the public, then a court possesses authority to order a taking of the property; this exception to the prior public use doctrine is known as the "compatible use" theory. | How is compatible use theory identified under the law? | 002715.docx | LEGALEASE-00120202-LEGALEASE-00120204 |
| State v. Crawford, 104 Kan. 14 | 145+1 | The Fire Prevention Act, S 5, requiring that "all electric wiring shall be in accordance with the National Electrical Code," is void for uncertainty. | Is the Fire Prevention Act requiring that all electrical wiring shall be in accordance with the National Electrical Code void for uncertainty? | Electricity - Memo 52 - JS.docx | ROSS-003289646-ROSS-003289648 |
| Wong v. Yoo, 649 F. Supp. 2d 34 | 249+37 | Where a prosecution did not result in an acquittal, under New York law it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence; however, under certain circumstances dismissal is considered to be a termination in plaintiff's favor. | When is a prosecution deemed to have ended in favor of the accused for purposes of a malicious prosecution claim? | 003370.docx | LEGALEASE-00120262-LEGALEASE-00120263 |
| Qualls v. Lake Berryessa Enterprises, 76 Cal. App. 4th 1277 | 238+44(2) | Whether an agreement for the use of property constitutes a "license" or a lease generally is determined by the nature of the possession granted: if the contract gives exclusive possession of the premises against all the world, including the owner, it is a lease, but if it merely confers a privilege to occupy the premises under the owner, it is a license. | What is the difference between a lease and a license? | 002741.docx | LEGALEASE-00120230-LEGALEASE-00120231 |
| F.T.C. v. Flotill Prod., 389 U.S. 179 | 15A+1062 | Where enabling statute is silent on question, collective body is justified in adhering to common-law rule that majority of quorum constituted of simple majority of collective body is empowered to act for body. | Is the majority of a quorum constituted of a simple majority of a collective body empowered to act for a body? | Administrative Law - Memo 185 - RK.docx | ROSS-003283802-ROSS-003283803 |
| Gibson v. Am. Cyanamid Co., 760 F.3d 600 | 148+2.1 | Assessing liability that adjusts the benefits and burdens of economic life to promote the common good does not constitute a taking. U.S.C.A. Const.Amend. 5. | Does assessing liability that adjusts the benefits and burdens of economic life to promote the common good constitute a taking? | 003097.docx | LEGALEASE-00120382-LEGALEASE-00120383 |
| State v. Becker, 351 N.W.2d 923 | 207+10 | Complaint charging a defendant with multiple acts of intrafamilial sexual abuse over an extended period of time must allege that the crime occurred during a reasonably specific time period not exceeding the statute of limitations; it is not sufficient to merely restate the statutory language without setting forth a time frame. M.S.A. S 609.3641, subd. 1(2)(e); U.S.C.A. Const.Amend. 6; M.S.A. Const. Art. 1, S 6. | Is the time span in which multiple acts of intrafamilial sexual abuse took place relevant? | 003203.docx | LEGALEASE-00120560-LEGALEASE-00120561 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hall v. D.C., 867 F.3d 138 | 237+51(1) | In context of defamation claim, under District of Columbia law, no qualified privilege attaches to a statement made without just cause or excuse, with such a conscious indifference or reckless disregard as to its results or effects upon the rights or feelings of others as to constitute ill will. | When does qualified privilege attach to statements? | Libel and Slander - Memo 147 - RK.docx | ROSS-003295404-ROSS-003295406 |
| Kala Investments v. Sklar, 538 So. 2d 909 | 366+1 | Policy behind doctrine of equitable subrogation is to prevent unjust enrichment by assuring that person who in equity and good conscience is responsible for debt is ultimately answerable for its discharge. | Is prevention of unjust enrichment the policy behind the doctrine of equitable subrogation? | 003588.docx | LEGALEASE-00120396-LEGALEASE-00120397 |
| Youngblood v. Am. States Ins. Co., 262 Mont. 391 | 366+1 | Purpose of subrogation is to prevent injustice by compelling ultimate payment of debt by one who in justice, equity, and good conscience, should pay it; it is appropriate means of preventing unjust enrichment. | Is subrogation an appropriate means of preventing unjust enrichment? | Subrogation - Memo 78 - ANG C.docx | ROSS-003286104-ROSS-003286105 |
| Hartford Fire Ins. Co. v. Columbia State Bank, 183 Wash. App. 599 | 366+1 | The right of legal or equitable subrogation arose as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice. | Is the right of legal or equitable subrogation enforced for the purpose of accomplishing the ends of substantial justice? | Subrogation - Memo 98 - RM C.docx | ROSS-003286121-ROSS-003286123 |
| Sansotta v. Town of Nags Head, 97 F. Supp. 3d 713 | 148+2.2 | Government is absolved of liability for the destruction of real and personal property, in cases of actual necessity, to prevent the spreading of a fire or to forestall other grave threats to the lives and property of others. U.S.C.A. Const.Amend. 5. | Is the government absolved of liability in cases of actual necessity? | 003095.docx | LEGALEASE-00120687-LEGALEASE-00120688 |
| State ex rel. Dep't of Transp. v. El Dorado Properties, 157 Or. App. 624 | 148+134 | Landowner is entitled to receive just compensation for land taken for a public use, based on the value of the land at its "highest and best use," which is the most profitable likely use of the property at the time of the taking, including a program of future use of the land that represents its highest present fair value. | What is a landowner entitled to receive for land taken for a public use? | 003149.docx | LEGALEASE-00120815-LEGALEASE-00120816 |
| Cipolla v. Bloom Twp. High Sch. Dist. No. 206, 69 Ill. App. 3d 434 | 302+8(3) | Willful and wanton misconduct must be manifested by facts alleged in complaint; characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss. | Is the characterization of certain acts as willful and wanton misconduct sufficient to withstand a motion to dismiss? | Pleading - Memo 94 - RK.docx | ROSS-003283587-ROSS-003283588 |
| Cipolla v. Bloom Twp. High Sch. Dist. No. 206, 69 Ill. App. 3d 434 | 302+8(3) | Willful and wanton misconduct must be manifested by facts alleged in complaint; characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss. | Does willful and wanton misconduct have to be manifested by facts alleged in the complaintto withstand a motion to dismiss? | 003476.docx | LEGALEASE-00120875-LEGALEASE-00120876 |
| State ex rel. Utilities Comm'n v. Edmisten, 291 N.C. 327 | 317A+102 | Authority to set rates to be charged by a public utility for its services rests in the Legislature and is delegated by it to the Utilities Commission under sufficient rules and standards to guide the Commission in exercising this power. | Does the Legislature have the authority to set rates to be charged by public utilities? | 05073.docx | LEGALEASE-00083716-LEGALEASE-00083717 |
| Trailways v. City of Atl. City, 179 N.J. Super. 258 | 317A+147 | Board of Public Utility Commissioners was intended to have widest range of regulatory power over public utilities, and provisions of the statute governing public utilities are to be construed liberally. N.J.S.A. 48:2-1. | Does the Board of Public Utility Commissioners (Board) have the widest range of regulatory power over public utilities? | 042564.docx | LEGALEASE-00120944-LEGALEASE-00120945 |
| Polaris Bldg. Corp. v. Bimberg, 137 Misc. 289 | 302+8(4) | Allegation "for valuable consideration," unaccompanied by statement of facts showing consideration, is mere conclusion when applied to nonnegotiable instrument. | "Is an allegation for valuable consideration, unaccompanied by statement of facts showing consideration, a mere conclusion when applied to nonnegotiable instrument?" | 022906.docx | LEGALEASE-00120975-LEGALEASE-00120976 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Employers Health Ins. v. Gen. Cas. Co. of Wisconsin, 161 Wis. 2d 937 | 366+1 | Equitable subrogation is permitted only when rights of those seeking subrogation have greater equity than rights of those who oppose it; right to subrogation arises when person other than mere volunteer pays debt which in equity and good conscience should be satisfied by another. | Is subrogation permitted only when the rights of those seeking subrogation have greater equity than the rights of those who oppose it? | Subrogation - Memo # 417 - C - SA.docx | ROSS-003314019-ROSS-003314020 |
| Bd. of Regents of State Colleges v. Roth, 408 U.S. 564 | 92+3874(3) | Property interests are not created by the Constitution; rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law, rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. U.S.C.A.Const. Amend. 14. | Are property interests created by the constitution? | Eminent Domain - Memo 180 - GP.docx | ROSS-003284204-ROSS-003284205 |
| Explore Info. Servs. v. Court Info. Sys., 636 N.W.2d 50 | 307A+2 | In ruling on an application to adjudicate law points, the district court is limited to the uncontroverted facts found in the pleadings. Rules Civ.Proc., Rule 116. | "In ruling on an application to adjudicate law points, is the district court limited to the uncontroverted facts found in the pleadings?" | 027275.docx | LEGALEASE-00121051-LEGALEASE-00121052 |
| Westfield Ins. Companies v. Econ. Fire & Cas. Co., 623 N.W.2d 871 | 307A+2 | A motion for adjudication of law points is not intended to be used to resolve factual disputes; rather, it is intended to determine legal matters on uncontroverted pleadings. | Is a motion for adjudication of law points intended to be used to resolve factual disputes? | Pretrial Procedure - Memo # 4 - C - SU.docx | ROSS-003298048 |
| Dunn & Black, P.S. v. United States, 366 F. Supp. 2d 1008 | 170B+3079(8) | Whether equitable subrogation applies in a case presents a question of state law; whether the doctrine is applicable to any particular case depends upon the peculiar facts and circumstances of such case. | Does the question of whether equitable subrogation applies to any particular case depend upon the peculiar facts and circumstances of such case? | Subrogation - Memo # 462 - C - SA.docx | LEGALEASE-00011222-LEGALEASE-00011223 |
| Enright v. Lehmann, 735 N.W.2d 326 | 366+1 | Subrogation stems from the equitable powers of the court, which must give due regard to the legal and equitable rights of others; subrogation will not be enforced to the prejudice of other rights of equal rank or to the injury of innocent third persons. | "Does subrogation stem from the equitable powers of the court, which must give due regard to the legal and equitable rights of others?" | Subrogation - Memo # 481 - C - SA.docx | ROSS-003299005-ROSS-003299006 |
| Home Ins. Co. v. Cincinnati Ins. Co., 213 Ill. 2d 307 | 366+1 | In contrast to contribution, subrogation and indemnification are devices for placing the entire burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged. | Are indemnification and subrogation devices that are used to place the entire burden for a loss on the party that is ultimately liable for it? | Subrogation - Memo # 517 - C - SU.docx | ROSS-003311345-ROSS-003311346 |
| In re Deuel, 361 B.R. 509 | 366+1 | Under California law, equitable subrogation is legal fiction, and because it is creature of equity it is enforced solely for purpose of accomplishing ends of substantial justice. | Is equitable subrogation a legal fiction and enforced solely for purpose of accomplishing the ends of substantial justice? | Subrogation - Memo # 577 - ES.docx | ROSS-003298603-ROSS-003298604 |
| Harris v. Am. Prot. Ins. Co., 158 S.W.3d 614 | 366+1 | "Equitable subrogation" is not dependent upon contract, but arises by operation of law or by implication in equity to prevent injustice. | Is equitable subrogation dependent upon contract or arise by operation of law or by implication in equity to prevent injustice? | 043900.docx | LEGALEASE-00121080-LEGALEASE-00121081 |
| In re Wiley, 438 B.R. 331 | 366+1 | Under New Mexico law, "subrogation" is equitable remedy of civil law origin, whereby, through a supposed succession to legal rights of another, a loss is put ultimately on the one who in equity and good conscience should pay it. | Is subrogation or equitable subrogation a remedy for the benefit of one secondarily liable? | 044091.docx | LEGALEASE-00121699-LEGALEASE-00121700 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Miller v. Rosewick Rd. Dev., 214 Md. App. 275 | 30+10 | Although ordinarily, a party may not appeal from a judgment to which the party consented, the party may, nonetheless, seek a judicial remedy, by invoking the procedures set forth in rules governing enforcement of judgments, if there is a failure by any party to abide by the terms to which he or she had agreed. Md.Rule 2-631. | Can a party appeal to a judgment to which the party consented? | 008150.docx | LEGALEASE-00121894-LEGALEASE-00121895 |
| Great N. Ins. Co. v. ADT Sec. Servs., 517 F. Supp. 2d 723 | 113+1 | Under Pennsylvania law, course of dealing and usage of trade are distinguishable from course of performance, the latter of which refers to a sequence of conduct between the parties subsequent to formation of the contract during performance of the terms of the contract, and may be used only to interpret a contract. | Is course of dealing and usage of trade distinguishable from course of performance? | Customs & Usage - Memo 27 - TH.docx | ROSS-003283346-ROSS-003283347 |
| Texaco v. Short, 454 U.S. 516 | 148+2.13 | It is owner's failure to make any use of property, not action of state, that causes lapse of property right under Indiana Dormant Mineral Interests Act, and, therefore, there is no "taking" that requires compensation. IC 32-5-11-1 to 32-5-11-8 (1976 Ed.); U.S.C.A.Const.Amend. 14. | "Can the owner's failure to make any use of the property that causes the lapse of the property right, be considered taking that requires compensation?" | 017426.docx | LEGALEASE-00121914-LEGALEASE-00121915 |
| Thomas v. Lloyd, 17 S.W.3d 177 | 289+623 | Whether real estate titled in the names of individual partners is partnership property is a question of fact and the burden of proof is on the one alleging that the ownership does not accord with the legal title. | Is property titled in the name of an individual partner a partnership property? | 021869.docx | LEGALEASE-00122530-LEGALEASE-00122531 |
| Gosselin v. Webb, 242 F.3d 412 | 289+441 | To prevail under doctrine of partnership by estoppel under Massachusetts law, plaintiff must prove four elements: (1) that the would-be partner has held himself out as a partner, (2) that such holding out was done by defendant directly or with his consent, (3) that plaintiff had knowledge of such holding out, and (4) that plaintiff relied on the ostensible partnership to his prejudice. | What are the elements of partnership by estoppel? | Partnership - Memo 164 - RK.docx | ROSS-003284241-ROSS-003284242 |
| Gillispie v. Goodyear Serv. Stores, 258 N.C. 487 | 302+193(5) | A complaint alleging that defendant is indebted to plaintiff in a certain amount and that such debt is due, but not alleging in what manner or for what cause defendant became indebted to plaintiff, is demurrable for failure to state facts sufficient to constitute cause of action. | "Is a complaint which alleges indebtedness but does not allege the manner or cause of indebtedness, demurrable?" | 022927.docx | LEGALEASE-00122076-LEGALEASE-00122077 |
| Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | Where the exclusion of evidence is required as a matter of law, a trial court does not abuse its discretion in granting a motion in limine. | "Where the exclusion of evidence is required as a matter of law, does a trial court abuse its discretion in granting a motion in limine?" | Pretrial Procedure - Memo # 151 - C - CRB.docx | ROSS-003286032-ROSS-003286033 |
| Hamilton v. Thomasville Med. Assocs., 187 N.C. App. 789 | 307A+3 | The court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature, and therefore, the court's ruling on the motion is subject to modification during the course of the trial. | Is the court's ruling on a motion in limine subject to modification during the course of the trial? | Pretrial Procedure - Memo # 176 - C - CRB.docx | ROSS-003308710-ROSS-003308711 |
| Stephens v. Rakes, 235 W. Va. 555 | 106+99(6) | Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court. Rules of Evid., Rule 103(c). | "Once a trial judge rules on a motion in limine, does that ruling become the law of the case unless modified by a subsequent ruling of the court?" | 024218.docx | LEGALEASE-00122027-LEGALEASE-00122028 |
| Three Way v. Burton Enterprises, 177 P.3d 219 | 307A+3 | As with other evidentiary decisions, the question of whether or not to grant a motion in limine is left to the sound discretion of the district court. | Is the question of whether or not to grant a motion in limine left to the sound discretion of the district court as with other evidentiary decisions? | 024246.docx | LEGALEASE-00121888-LEGALEASE-00121889 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Greer v. Buzgheia, 141 Cal. App. 4th 1150 | 307A+3 | A motion in limine is not expressly authorized by statute, but is within the trial court's inherent power to entertain and grant. | Is a motion in limine expressly authorized by statute and not within the trial court's inherent power to entertain and grant? | 041269.docx | LEGALEASE-00122371-LEGALEASE-00122372 |
| In re Darosa, 318 B.R. 871 | 366+1 | In general terms, "subrogation" is substitution of one party in place of another with reference to a lawful claim, demand, or right. | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the ""subrogee,"" is placed in the shoes of the person who suffered the loss, the ""subrogor""?" | 043821.docx | LEGALEASE-00121784-LEGALEASE-00121785 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | Subrogation is essentially an equitable assignment of a claim, made without regard to whether the claim assigned has actually been discharged at law. | "Is subrogation essentially an equitable assignment of a claim, made without regard to whether the claim assigned has actually been discharged at law?" | 043830.docx | LEGALEASE-00121806-LEGALEASE-00121807 |
| River Bar Farms v. Moore, 83 Ark. App. 130 | 401+5.1 | Ordinarily, if the effect of a decree is to reach and operate upon the land itself, it is regarded as a proceeding in rem, and is a local action, which must be brought in the county where the land is situated. A.C.A. S 16-60-101. | Is a proceeding in rem if the effect of the decree is to reach and operate upon the land itself? | 047526.docx | LEGALEASE-00121865-LEGALEASE-00121866 |
| Ward v. Stanford, 443 S.W.3d 334 | 241+95(1) | As a general rule, a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. | Does a cause of action accrue when a wrongful act causes some legal injury? | Action - Memo # 29 - C - LK.docx | ROSS-003284510-ROSS-003284511 |
| Morris v. Ernst & Young, LLP, 834 F.3d 975 | 25T+123 | When an illegal provision not targeting arbitration is found in an arbitration agreement, the Federal Arbitration Act (FAA) treats the contract like any other; the FAA recognizes a general contract defense of illegality. 9 U.S.C.A. S 2. | How does the Federal Arbitration Act (FAA) treat contracts when an illegal provision not targeting arbitration is found in an arbitration agreement? | 007128.docx | LEGALEASE-00123880-LEGALEASE-00123881 |
| Garcia v. Chapman, 911 F. Supp. 2d 1222 | 221+342 | Although the act of state doctrine, precluding any review whatever of the acts of the government of one sovereign State done within its own territory by the courts of another sovereign State, is not inflexible, jus cogens norms, which are afforded the highest status under international law, are exempt from the act of state doctrine because they constitute norms from which no derogation is permitted. | Why are jus cogens norms exempt from the act of the state doctrine? | 019737.docx | LEGALEASE-00123822-LEGALEASE-00123823 |
| Villoldo v. Castro Ruz, 113 F. Supp. 3d 435 | 221+342 | As a general matter, courts are required to accord some deference to the executive's position concerning the application of the act of state doctrine. | Are courts required to accord some deference to the executive's position concerning the application of the act of state doctrine? | International Law - Memo # 122 - C - SA.docx | ROSS-003285698-ROSS-003285699 |
| Garcia v. Chapman, 911 F. Supp. 2d 1222 | 221+342 | Although the act of state doctrine, precluding any review whatever of the acts of the government of one sovereign State done within its own territory by the courts of another sovereign State, is not inflexible, jus cogens norms, which are afforded the highest status under international law, are exempt from the act of state doctrine because they constitute norms from which no derogation is permitted. | Are jus cogens norms exempt from act of state doctrine? | International Law - Memo # 130 - C - SA.docx | LEGALEASE-00013047-LEGALEASE-00013049 |
| Oregon-Pac. Forest Prod. Corp. v. Welsh Panel Co., 248 F. Supp. 903 | 221+134 | A state has no power to refuse enforcement of rights based on a federal policy which is evidenced by an international compact or agreement. | Does a state have the power to refuse enforcement of rights based on a federal policy which is evidenced by an international compact or agreement? | International Law - Memo # 197 - C - PHS.docx | ROSS-003298263-ROSS-003298264 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Grand Jury Subpoena dated Aug. 9, 2000, 218 F. Supp. 2d 544 | 221+342 | Act of state doctrine counsels a court to avoid examining the validity of an official act of a sovereign state taken on its own soil. | Does the act of state doctrine counsel a court to avoid examining the validity of an official act of a sovereign state taken on its own soil? | International Law - Memo # 263 - C - ANC.docx | ROSS-003310540-ROSS-003310541 |
| Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | Act of state doctrine is not rendered inapposite simply because international law or jus cogens norms are violated. | Is the act of state doctrine rendered inapposite simply because international law or jus cogens norms are violated? | 020133.docx | LEGALEASE-00122937-LEGALEASE-00122938 |
| Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209 | 221+342 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "Does the ""Act of state doctrine"" require acts of foreign sovereigns taken within their own jurisdictions be deemed valid?" | International Law - Memo # 390 - C - SN.docx | LEGALEASE-00013330-LEGALEASE-00013332 |
| Flatow v. Islamic Republic of Iran, 999 F. Supp. 1 | 221+151 | Only individuals whom United States recognizes as legitimate heads of state qualify for head of state immunity; whether individual qualifies as head of state is decision committed exclusively to political branches and judiciary is bound by their determinations. | Do only individuals whom the United States recognizes as legitimate heads of state qualify for head of state immunity? | 020315.docx | LEGALEASE-00123622-LEGALEASE-00123623 |
| Menendez v. Saks & Co., 485 F.2d 1355 | 221+357 | For purposes of the act of state doctrine, a debt is not "located" within a foreign state unless that state has the power to enforce or collect it. | "For the act of state doctrine purposes, is debt located within a foreign state unless that state has the power to enforce or collect it?" | 020374.docx | LEGALEASE-00123699-LEGALEASE-00123700 |
| Eckert Int'l v. Gov't of Sovereign Democratic Republic of Fiji, 834 F. Supp. 167 | 221+342 | Under "act of state doctrine," courts may not sit in judgment of sovereign state's public acts performed within that state's boundaries. | "Under the act of state doctrine, may courts sit in judgment of a sovereign state's public acts performed within that state's boundaries?" | 020386.docx | LEGALEASE-00123748-LEGALEASE-00123749 |
| Nat'l Am. Corp. v. Fed. Republic of Nigeria, 448 F. Supp. 622 | 221+342 | Act of state doctrine operates only to preclude issues from consideration, an effect which does not necessarily render entire claim nonjusticiable. | "Does the act of state doctrine operate only to preclude issues from consideration, an effect which does not necessarily render the entire claim non justiciable?" | International Law - Memo # 551 - C - SA.docx | ROSS-003284296-ROSS-003284297 |
| Yousuf v. Samantar, 552 F.3d 371 | 221+150 | A foreign official may assert immunity for official acts performed within the scope of his duty, but not for private acts where the officer purports to act as an individual and not as an official, such that a suit directed against that action is not a suit against the sovereign. | When will a foreign officer assert immunity for official acts? | 020791.docx | LEGALEASE-00124046-LEGALEASE-00124047 |
| Dillingham-Ray Wilson v. City of Los Angeles, 182 Cal. App. 4th 1396 | 307A+3 | If the trial court's in limine ruling was based upon a misinterpretation of applicable law, an abuse of discretion has been shown. | "If the trial court's in limine ruling was based upon a misinterpretation of applicable law, has an abuse of discretion has been shown?" | 024058.docx | LEGALEASE-00123044-LEGALEASE-00123045 |
| Evans v. Wal-Mart Stores, 976 S.W.2d 582 | 307A+3 | An in limine ruling is merely a preliminary expression of the court's opinion as to the admissibility of the evidence and is subject to change when presented in the proper perspective in the trial of the case. | Is an in limine ruling a preliminary expression of the court's opinion regarding the admissibility of the evidence at issue? | Pretrial Procedure - Memo # 146 - C - CRB.docx | ROSS-003302352-ROSS-003302354 |
| Gregory v. Kilbride, 150 N.C. App. 601 | 307A+3 | A trial court's ruling on a motion in limine is preliminary and is subject to change depending on the actual evidence offered at trial. | Is a trial court's ruling on a motion in limine preliminary and is subject to change depending on the actual evidence offered at trial? | Pretrial Procedure - Memo # 301 - C - CRB.docx | ROSS-003309669-ROSS-003309671 |
| Rufo v. Simpson, 86 Cal. App. 4th 573 | 307A+3 | A ruling on a pretrial motion in limine is necessarily tentative because subsequent evidentiary developments may change the context. | Is a ruling on a pretrial motion in limine necessarily tentative because subsequent evidentiary developments may change the context? | 028902.docx | LEGALEASE-00122935-LEGALEASE-00122936 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. Associated Nat. Gas Co., 7 S.W.3d 530 | 307A+3 | An in limine ruling is a preliminary expression of the court's opinion as to the admissibility of evidence and is subject to change during the course of the trial. | Is an in limine ruling a preliminary expression of the court's opinion as to the admissibility of evidence and is subject to change during the course of the trial? | Pretrial Procedure - Memo # 310 - C - ANC.docx | ROSS-003315072-ROSS-003315073 |
| Forsyth Cty. v. Martin, 279 Ga. 215 | 307A+3 | A "motion in limine" is a pretrial method of determining the admissibility of evidence; by its very nature, the grant of a motion in limine suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | Does the grant of a motion in limine excluding evidence suggest that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? | Pretrial Procedure - Memo # 315 - C - ANC.docx | ROSS-003281781-ROSS-003281782 |
| First State Ins. Co. v. Superior Court, 79 Cal. App. 4th 324 | 307A+1 | Complex litigation procedure is intended to facilitate pretrial resolution of evidentiary and other issues, and to minimize the time and expense of lengthy or multiple trials. West's Ann.Cal.Gov.Code S 68607. | Is complex litigation procedure intended to facilitate pretrial resolution of evidentiary and other issues? | 032147.docx | LEGALEASE-00122787-LEGALEASE-00122788 |
| Mollerson v. City of New York, 178 Misc. 2d 803 | 307A+1 | As a matter of elementary fairness, all parties to action have right to appear at and participate in all pretrial and trial stages of action, unless they waive their right to do so, or, exceptional circumstances occur, such as disruptiveness by party. | Can all parties to action have right to appear at and participate in all pretrial and trial stages of action? | Pretrial Procedure - Memo # 517b - C - SPB.docx | ROSS-003283752-ROSS-003283753 |
| Kelly v. New W. Fed. Sav., 49 Cal. App. 4th 659 | 307A+3 | Usual purpose of motions in limine is to preclude presentation of evidence deemed inadmissible and prejudicial by moving party. | Is the usual purpose of motions in limine to preclude presentation of evidence deemed inadmissible and prejudicial by moving party? | Pretrial Procedure - Memo # 521 - C - CK.docx | ROSS-003310398-ROSS-003310400 |
| Blanks v. Shaw, 171 Cal. App. 4th 336 | 307A+3 | The usual purpose of motions in limine is to preclude the presentation of evidence deemed inadmissible and prejudicial by the moving party. | Is the usual purpose of motions in limine to preclude presentation of evidence deemed inadmissible and prejudicial by moving party? | 032195.docx | LEGALEASE-00122803-LEGALEASE-00122804 |
| Onstad v. Wright, 54 S.W.3d 799 | 93+20 | If its order on a motion in limine has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. | " If its order on a motion in limine has been violated, may the trial court apply the sanctions of contempt or take other appropriate action?" | Pretrial Procedure - Memo # 535 - C - SPB.docx | LEGALEASE-00013841-LEGALEASE-00013842 |
| Sculler v. Sculler, 348 N.J. Super. 374 | 307A+3 | As a general rule, in limine motions are inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and in such cases, the motions should ordinarily be denied until a sufficient predicate is established. | Are in limine motions inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented? | Pretrial Procedure - Memo # 65 - C - VA.docx | ROSS-003322266-ROSS-003322267 |
| Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | What should a district court weigh in determining if a pretrial ruling is justified? | 041159.docx | LEGALEASE-00124063-LEGALEASE-00124064 |
| TNA Merch. Projects v. Fed. Energy Regulatory Comm'n, 857 F.3d 354 | 145+1 | Federal Energy Regulatory Commission's (FERC) interpretation of the Federal Power Act (FPA), including its jurisdictional provisions, enjoys Chevron deference; as a result, when FERC has taken action pursuant to its delegated authority under the FPA, unless Congress has directly spoken to the contrary, or FERC has unreasonably or impermissibly interpreted the statute, the Court of Appeals must defer to FERC's construction of ambiguous provisions of the FPA. Federal Power Act, SS 1 et seq., 321, 16 U.S.C.A. SS 792 et seq., 791a. | Does the Federal Energy Regulatory Commissions (FERC) interpretation of the Federal Power Act (FPA) enjoy the Chevron deference? | 042261.docx | LEGALEASE-00124169-LEGALEASE-00124170 |
| Feigenbaum v. Guaracini, 402 N.J. Super. 7 | 366+1 | Subrogation rights may be created in three different ways: (1) by agreement; (2) by statute; or (3) judicially as an equitable device to compel the ultimate discharge of an obligation by the one who should in good conscience pay it. | How may subrogation rights be created? | 044243.docx | LEGALEASE-00123009-LEGALEASE-00123010 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jo Ann Howard & Assocs., P.C. v. Cassity, 868 F.3d 637 | 13+4 | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | What is the defense if a person cause an immoral act? | Action - Memo # 347.docx | ROSS-003315920-ROSS-003315921 |
| Webb's Fabulous Pharmacies v. Beckwith, 449 U.S. 155 | 222+32 | Although none of debtor's creditor claimants had any right to interpleader fund deposited in registry of county court until their claims were recognized and distribution was ordered, that lack of immediate right did not automatically bar claimant ultimately determined to be entitled to all or a share of the fund from claiming proper share of the interest, nor did statute requiring interest to be earned on deposited funds require conclusion that state or its designate was entitled to assume ownership of interest. West's F.S.A. SS 28.24, 28.33; U.S.C.A.Const. Amends. 5, 14. | Does the State having mandated the accrual of interest mean the State or its designate is entitled to assume ownership of the interest? | Eminent Domain - Memo 235 - GP.docx | LEGALEASE-00014311-LEGALEASE-00014312 |
| Allied Bank Int'l v. Banco Credito Agricola de Cartago, 566 F. Supp. 1440 | 221+342 | The act of state doctrine is designed to avoid judicial action which impinges upon the foreign relations of the United States. | Is the act of state doctrine designed to avoid judicial action which impinges upon the foreign relations of the United States? | International Law - Memo  584 - TH.docx | ROSS-003323517-ROSS-003323518 |
| Occidental Petroleum Corp. v. Buttes Gas & Oil Co., 331 F. Supp. 92 | 221+351 | The act of state doctrine bars a claim for antitrust injury flowing from foreign sovereign acts allegedly induced and procured by defendant. | Does the act of state doctrine bar a claim for antitrust injury flowing from foreign sovereign acts? | International Law - Memo  609 - TH.docx | ROSS-003283943-ROSS-003283944 |
| Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of New York, 889 F. Supp. 2d 912 | 24+763 | Alien Tort Statute (ATS) applies only to shockingly egregious violations of universally recognized principles of international law. 28 U.S.C.A. S 1350. | Does the Alien Tort Statute (ATS) apply only to shockingly egregious violations of universally recognized principles of international law? | International Law - Memo # 361 - MC.docx | ROSS-003298039-ROSS-003298041 |
| Nat'l Inst. of Agrarian Reform v. Kane, 153 So. 2d 40 | 221+321 | Every sovereign state is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory. | Are United States courts are bound to respect independence of every other sovereign state? | 020396.docx | LEGALEASE-00125378-LEGALEASE-00125379 |
| Villeda Aldana v. Fresh Del Monte Produce, 305 F. Supp. 2d 1285 | 24+763 | Under Alien Tort Claims Act (ATCA), the "law of nations" refers to a body of law known as customary international law; conduct violates the "law of the nations" if it contravenes well-established, universally recognized norms of international law. 28 U.S.C.A. S 1350. | "Does certain wrongful conduct violate the law of nations, and gives rise to a right to sue cognizable by exercise of federal jurisdiction under the Alien Tort Claims Act (ATCA)?" | 020457.docx | LEGALEASE-00125197-LEGALEASE-00125198 |
| United States v. Martinez, 599 F. Supp. 2d 784 | 221+391 | The legislative authority of the United States over its citizens extends to conduct by Americans even within the territory of other sovereigns; international law principles do not constrain this legislative authority, because citizenship alone is generally recognized as a relationship sufficient to justify the exercise of jurisdiction by a state. | Does the legislative authority of the United States over its citizens extend to conduct by Americans even within the territory of other sovereigns? | International Law - Memo # 808 - C - ANC.docx | ROSS-003285318-ROSS-003285320 |
| United States v. Hamdan, 801 F. Supp. 2d 1247 | 221+391 | The protective principle in international law provides a basis for jurisdiction of offenses occurring outside the United States. | Does the protective principle in international law provide a basis for jurisdiction of offenses occurring outside the United States? | International Law - Memo # 814 - C - ANC.docx | ROSS-003299689-ROSS-003299691 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jungquist v. Nahyan, 940 F. Supp. 312 | 92+2550 | Head-of-State doctrine, which immunizes a Head-of-State from personal jurisdiction in United States courts, applies only to person United States government acknowledges as official Head-of-State; recognition of government and its officers is exclusive function of Executive Branch. | Does the Head-of-State doctrine apply only to persons the United States government acknowledges as official Heads-of-State? | 020889.docx | LEGALEASE-00124705-LEGALEASE-00124706 |
| Drexel Burnham Lambert Grp. Inc. v. Galadari, 610 F. Supp. 114 | 221+354 | Act of state doctrine looks to actual dominion over property rather than to mere execution of official documents. | Does the act of state doctrine look to actual dominion over property rather than to mere execution of official documents? | International Law - Memo 610 - TH.docx | ROSS-003284791-ROSS-003284792 |
| In re Travelstead, 227 B.R. 638 | 221+162 | Courts will not extend comity to foreign proceedings when doing so would be contrary to policies or prejudicial to interests of the United States. | Can United States courts extend comity to foreign proceedings and when doing so would it be contrary to policies or prejudicial to interests of the United States? | International Law- Memo # 773 - C -  SU.docx | ROSS-003297194-ROSS-003297196 |
| Addis v. Exelon Generation Co., 378 Ill. App. 3d 781 | 30+3209 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence, and appellate court will not disturb the trial court's ruling absent an abuse of discretion. | Can a trial court's ruling on a motion in limine be disturbed absent an abuse of discretion? | 024285.docx | LEGALEASE-00124820-LEGALEASE-00124821 |
| Maliqi v. 17 E. 89th St. Tenants, 25 Misc. 3d 182 | 307A+3 | A "motion in limine" is a preliminary application usually made at the beginning of a trial that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. | Is a motion in limine a preliminary application that certain prejudicial evidence not be offered at trial? | Pretrial Procedure - Memo  # 606 - C - SSB.docx | ROSS-003329997-ROSS-003329998 |
| Maliqi v. 17 E. 89th St. Tenants, 25 Misc. 3d 182 | 307A+3 | A "motion in limine" is a preliminary application usually made at the beginning of a trial that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. | Is a motion in limine a preliminary application that certain inadmissible evidence not be referred to at trial? | 024338.docx | LEGALEASE-00125193-LEGALEASE-00125194 |
| Smith v. Polsky, 796 S.E.2d 354 | 307A+3 | Trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature; therefore, trial court's ruling on a motion in limine is subject to modification during the course of the trial. | "Is a trial court's ruling on a motion in limine not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature?" | Pretrial Procedure - Memo # 260 - C - MLS.docx | ROSS-003288887-ROSS-003288888 |
| Reese v. Proppe, 3 Ohio App. 3d 103 | 307A+1 | Mere letter signed by judge ordering that trial memorandum be submitted was not an order of court for the disobedience of which a sanction could be applied against a party. | Is the disobeyance of a mere letter signed by a judge ordering that trial memorandum be submitted an order of the court for which a sanction could be applied against a party? | Pretrial Procedure - Memo # 479 - C - LK.docx | ROSS-003298815-ROSS-003298816 |
| Lambert v. Coonrod, 2012 IL App (4th) 110518 | 30+3209 | A trial judge has discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Will a reviewing court reverse a trial courts motion in limine if the trial courts discretion was not abused? | Pretrial Procedure - Memo # 831 - C - KA.docx | ROSS-003330013-ROSS-003330014 |
| Smith v. Polsky, 796 S.E.2d 354 | 307A+3 | Trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature; therefore, trial court's ruling on a motion in limine is subject to modification during the course of the trial. | Is a trial court's ruling on a motion in limine interlocutory and subject to modification? | 038273.docx | LEGALEASE-00124180-LEGALEASE-00124182 |
| Greer v. Buzgheia, 141 Cal. App. 4th 1150 | 307A+3 | A motion in limine is not expressly authorized by statute, but is within the trial court's inherent power to entertain and grant. | Is a motion in limine expressly authorized by statute or is it within the trial court's inherent power to entertain and grant? | 038443.docx | LEGALEASE-00124451-LEGALEASE-00124452 |
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 30+3209 | The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. | Are sanctions for the violation of an order in limine left to the sound discretion of the trial? | 038512.docx | LEGALEASE-00124563-LEGALEASE-00124564 |
| Matter of Hemphill, 18 B.R. 38 | 366+7(1) | Under Iowa law a guarantor required to pay the debt of his principal has an enforceable right of subrogation in the collateral securing the obligation. | Does a guarantor who is required to pay the debt of his principal have an enforceable right of subrogation in the collateral securing the obligation? | Subrogation - Memo 920 - RK.docx | ROSS-003283111-ROSS-003283112 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713 | 366+1 | The doctrine of equitable subrogation may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. | When can the doctrine of equitable subrogation be invoked to prevent unjust enrichment? | 044432.docx | LEGALEASE-00125343-LEGALEASE-00125344 |
| Tri-Cty. Elec. Ass'n v. City of Gillette, 584 P.2d 995 | 317A+111 | In the event of a conflict between two utilities, the Public Service Commission is authorized to make such order and prescribe such conditions as seem just and reasonable. W.S.1977, SS 37-1-101, 37-2-205(a). | Is the Public Service Commission (PSC) authorized to order and prescribe reasonable conditions when a conflict between two utilities arises? | 042320.docx | LEGALEASE-00125688-LEGALEASE-00125689 |
| Greater Anchorage Area Borough v. City of Anchorage, 504 P.2d 1027 | 317A+111 | Essence of administrative power conferred upon state Public Utilities Commission is regulatory; the Commission is empowered to set rates, promulgate regulations, collect information, process complaints against utilities and the like; however, the statutory framework does not grant unlimited adjudicatory authority to the Commission. AS 42.05.141. | Is the administrative power of the Public Utilities Commission (PUC) regulatory? | 042330.docx | LEGALEASE-00125706-LEGALEASE-00125707 |
| Sotelo v. DirectRevenue, 384 F. Supp. 2d 1219 | 386+6 | Under Illinois law, as predicted by the district court, cause of action for trespass to personal property may be asserted by individual computer user who alleges unauthorized electronic contact with his computer system that causes harm, such as spyware. | Is an unauthorized electronic contact with a computer system that causes harm trespass? | Trespass - Memo 166 - RK.docx | ROSS-003286841-ROSS-003286842 |
| United States v. Gray, 292 F. Supp. 2d 71 | 63+1(1) | Federal bribery statute does not preclude government from agreeing to grant leniency to a defendant in exchange for truthful testimony. | Does Federal bribery statute preclude government from agreeing to grant leniency to a defendant in exchange for truthful testimony? | 011057.docx | LEGALEASE-00126068-LEGALEASE-00126069 |
| Forest Properties v. United States, 177 F.3d 1360 | 148+2.2 | In determining what parcel of property must be considered in connection with claim of regulatory taking, court takes flexible approach, designed to account for factual nuances, and court must focus on the economic expectations of the claimant with regard to the property; where the developer treats legally separate parcels as a single economic unit, together they may constitute the relevant parcel. U.S.C.A. Const.Amend. 5. | "Where the developer treats legally separate parcels as a single economic unit, do they together constitute the relevant parcel under the takings law?" | 017570.docx | LEGALEASE-00125882-LEGALEASE-00125883 |
| Lafontant v. Aristide, 844 F. Supp. 128 | 221+151 | Absolute immunity accorded head-of-state is based on notion that all states are equal and that no one state may exercise judicial authority over another, is supported by doctrine of comity, and is required to safeguard mutual respect among nations. | Is absolute immunity based on the notion that all states are equal and that no one state may exercise judicial authority over another? | 020390.docx | LEGALEASE-00125952-LEGALEASE-00125953 |
| United States v. Frank, 486 F. Supp. 2d 1353 | 221+321 | International law generally allows a country to exert extra-territorial jurisdiction over its own citizens, as long as the exercise of such jurisdiction is not unreasonable. | "Does international law generally allow a country to exert extra-territorial jurisdiction over its own citizens, as long as the exercise of such jurisdiction is not unreasonable?" | 020680.docx | LEGALEASE-00125978-LEGALEASE-00125979 |
| Zapata v. Ford Motor Credit Co., 615 S.W.2d 198 | 386+47 | Commission of a trespass does not necessarily mean the actor will be liable for damages; liability does not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. | When does liability attach to a trespass to chattel action? | 047203.docx | LEGALEASE-00125995-LEGALEASE-00125996 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rolling Lands Investments, L.C. v. Nw. Airport Mgmt., 111 S.W.3d 187 | 241+66(6) | Even though demand was prerequisite to filing suit, cause of action, for purposes of four-year statute of limitations, did not accrue until demand to exercise fueling rights at private airport was denied and contract was breached; parties expressly agreed that, after foreclosure and on proper demand, new agreements would be executed in favor of adjacent property owner or its nominee for fueling and license rights, and owner or its nominee had no reason to make such a demand until it became necessary to exercise fueling rights. V.T.C.A., Civil Practice & Remedies Code S 16.004. | Does a cause of action become an enforceable demand until a claim is denied? | 005464.docx | LEGALEASE-00126336-LEGALEASE-00126337 |
| Calamita v. De Ponte, 122 Conn. 20 | 13+61 | As regards time when cause of action arises, indemnity agreements fall into classes where contract is to indemnify against liability, and where contract is to indemnify against loss; in first class, cause of action arises as soon as liability is incurred, but in second class, cause of action does not arise until promisee has actually incurred loss. | Do indemnity agreements fall into classes where contract is to indemnify against liability? | 005650.docx | LEGALEASE-00126636-LEGALEASE-00126637 |
| Bailey, Vaught, Robertson & Co. v. Remington Investments, 888 S.W.2d 860 | 83E+347 | Even a variable-rate promissory note with interest rate that is determined by reference to bank's published prime rate is promise to pay a "sum certain" which, if it meets other requirements of negotiability, qualifies as negotiable instrument. V.T.C.A., Bus. & C. S 3.104. | Is a note with a variable interest rate tied to the prime rate a negotiable instrument? | Bills and Notes- Memo 97 -VP.docx | LEGALEASE-00016454-LEGALEASE-00016455 |
| Outboard Marine Corp. v. Thomas, 773 F.2d 883 | 216+5 | Environmental Protection Agency's authority to enter property to inspect and obtain samples, gather information and inspect records is limited to hazardous substance itself; section (42 U.S.C.A. S 9604(e)) does not provide authority for taking subsurface samples to determine what construction can be supported or for design and surveying purposes as preliminary to construction of remedial operations on hazardous waste site. Comprehensive Environmental Response, Compensation, and Liability Act of 1980, S 104(e), 42 U.S.C.A. S 9604(e). | Does EPA (Environment Protection Authority) have authority to enter property for inspection? | 019490.docx | LEGALEASE-00126568-LEGALEASE-00126569 |
| In re Harper, 2007 WL 45918 | 366+31(4) | Under Oklahoma law, doctrine of equitable subrogation applies when a creditor has been unfairly deceived or defrauded, and may be applicable to protect a refinancing lender who is granted a defective mortgage, but doctrine does not apply when a creditor fails to take an assignment of a prior lien voluntarily paid and discharged. | Does the doctrine of equitable subrogation apply when a creditor has been unfairly deceived or defrauded? | Subrogation - Memo # 429 - C - SA.docx | ROSS-003300519-ROSS-003300520 |
| Meadows v. Century Healthcare, 445 F. Supp. 2d 1297 | 366+1 | Under Oklahoma law, there are few hard and fast rules for applying equitable subrogation, and the court must determine whether equity requires the burden of payment to be shifted based on the facts or circumstance of the particular case. | Are there any rules for applying equitable subrogation? | 043953.docx | LEGALEASE-00126483-LEGALEASE-00126484 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Liberty Ins. Co. v. AmSouth Bank, 825 | 366+7(1) | Subrogation statutes transfer to a surety all rights and remedies of the creditor that are even incidentally related to the underlying debt paid by the surety; thus, if a creditor had a right or remedy that is in some concrete way related to the transactions surrounding the underlying debt and that the creditor might have pursued in order to seek reimbursement of indebted funds that are not recovered, a surety that pays the underlying debt would be allowed to pursue that right or remedy in order to seek reimbursement. Code 1975, SS 8-3-2, 8-3-11. | Do subrogation statutes transfer to a surety all rights and remedies of the creditor that are even incidentally related to the underlying debt paid by the surety? | Subrogation - Memo # 708 - C - SA.docx | LEGALEASE-00016685-LEGALEASE-00016686 |
| Nye v. Indus. Claim Appeals Office of State of Colo., 883 P.2d 607 | 413+1 | Statutory scheme providing compensation for those who suffer industrial injuries or diseases is exercise of state's police power. | Is the statutory scheme providing for compensation for those who suffer industrial injuries or diseases an exercise of a states police power? | 048518.docx | LEGALEASE-00126753-LEGALEASE-00126755 |
| Rucker v. City of Ocala, 684 So. 2d 836 | 92+4186 | Injured employee's right to receive workers' compensation, as property right, must be protected by due process procedural safeguards including notice and opportunity to be heard. West's F.S.A. Const. Art. 1, S 9. | Is the right to receive workers' compensation benefits a property right protected by procedural due process? | 048595.docx | LEGALEASE-00126710-LEGALEASE-00126711 |
| Piszel v. United States, 121 Fed. Cl. 793 | 148+69 | When an owner has suffered a physical invasion of his property, no matter how minute the intrusion, and no matter how weighty the public purpose behind it, just compensation is required under the Takings Clause. U.S. Const. Amend. 5. | "Does the court require compensation in the case of physical invasions, without looking how minute the intrusion and how weighty the public purpose behind it can be?" | 017671.docx | LEGALEASE-00127118-LEGALEASE-00127119 |
| Oliver v. Coffman, 112 Ind. App. 507 | 302+9 | An allegation of the ownership of specific property, standing alone, is considered an "ultimate fact", but it will be considered a "conclusion of law" where the pleader sets forth a claim of title and upon the claim so pleaded alleges ownership. | Is an allegation of the ownership of specific property an ultimate fact? | 023080.docx | LEGALEASE-00127036-LEGALEASE-00127037 |
| Vill. of Lucas v. Lucas Local Sch. Dist., 2 Ohio St. 3d 13 | 317A+113 | Exclusive power of municipalities to contract for public utility services necessarily presumes that while being able to grant public utility franchises, municipality may likewise exclude public utility from serving its inhabitants. Const. Art. 18, S 4. | Do the municipalities have the power to exclude a public utility from serving its inhabitants? | Public Utilities - Memo 208 - AM.docx | ROSS-003286241-ROSS-003286242 |
| Rundle v. Frontier-Kemper Constructors, 170 F. Supp. 2d 1075 | 413+1 | Under Colorado law, the "Workers' Compensation Act" establishes the benefits available to workers injured in the course and scope of employment and the procedures for obtaining those benefits. West's C.R.S.A. S 8-40-101 et seq. | Does the Workers Compensation Act establish the benefits available to workers injured in the course and scope of employment and the procedures for obtaining those benefits? | 048014.docx | LEGALEASE-00126992-LEGALEASE-00126993 |
| Aranda v. Indus. Comm'n of Arizona, 195 Ariz. 403 | 413+1 | Although workers' compensation payments are property, they are not fundamental rights in the sense of the Constitution but statutory benefits provided by and to the extent of the legislation. U.S.C.A. Const.Amend. 14. | Are workers compensation payments fundamental right under the Constitution or a statutory benefit provided by the legislation? | 048192.docx | LEGALEASE-00126931-LEGALEASE-00126933 |
| Provost v. Puget Sound Power & Light Co., 103 Wash. 2d 750 | 413+6 | Intent of the exclusive remedy provision of the Workers' Compensation Act, and the statute as a whole, is to provide sure and certain relief for workers, and their families and dependents, unintentionally injured in the course of their work regardless of questions of fault and to the exclusion of every other remedy. West's RCWA 51.04.010 et seq. | Is the Workers Compensation Act (WCA) of a state an exercise of its police and sovereign powers? | 048208.docx | LEGALEASE-00126927-LEGALEASE-00126928 |
| Rodgers v. United States, 158 F. Supp. 670 | 13+65 | Court of equity is not restricted to an adjustment of the rights of the parties as they existed when the suit was brought but will give relief appropriate to events occurring pending the suit. | Is a court of equity restricted to an adjustment of the rights of the parties as they existed when the suit was brought? | Action - Memo # 653 - C - KA.docx | ROSS-003313222-ROSS-003313223 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Coral Gables v. Sakolsky, 215 So. 2d 329 | 13+65 | In both law actions and equity proceedings, right of plaintiff to recover must be measured by facts as they exist when suit is instituted. | "In a law action, must the right of a plaintiff to recover be measured by facts as they exist when suit is instituted?" | Action - Memo # 676 - C - KG.docx | ROSS-003313232-ROSS-003313233 |
| Quaker Oats Co. v. City of New York, 295 N.Y. 527 | 30+4619 | In determining whether New York city ordinance requiring the "decharacterization" of horseflesh in the manner and with materials satisfactory to the Department of Health is inconsistent with federal regulation in that city forbids to interstate commerce that which the federal government had authorized, the federal regulation was considered as it read at time of appeal and not as read at trial, since rights and other legal relations are to be determined as of the time they are declared. Civil Practice Act, s 344-a, subd. A, par. 5; Code Regulation Supp.1945, tit. 9, s 268.12, subd. (c); New York City Charter 1936, s 558, subd. d; Administrative Code, s 564-6.0. | Are rights and other legal relations to be determined as of the time they are declared? | 006035.docx | LEGALEASE-00127321-LEGALEASE-00127322 |
| Hall's W. Auto Supply Co. v. Brock, 240 Or. 85 | 9+20(3) | An accounting is not limited to conditions existing at time suit was instituted but covers all matters up to final stating thereof. | Is an accounting limited to conditions existing at the time suit was instituted but covers all matters up to final stating thereof? | 006074.docx | LEGALEASE-00127768-LEGALEASE-00127769 |
| Russo v. Williams, 160 Neb. 564 | 13+65 | It is the practice of courts of equity, when they have once obtained jurisdiction of a case, to administer all relief which nature of case and facts demand, and to bring such relief down to close of litigation between the parties. | Is it the practice of courts of equity to administer all the relief which the nature of the case and the facts demand? | 006197.docx | LEGALEASE-00127515-LEGALEASE-00127516 |
| Blomgren v. Tinton 763 Corp., 18 A.D.2d 979 | 13+65 | Rights of the parties to a mortgage which mortgagor seeks to foreclose must be determined on the facts as they exist at time of the decree and not at inception of the suit. | Should the rights of the parties to a mortgage which mortgagor seeks to foreclose be determined on the facts as they exist at time of the decree and not at inception of the suit? | 006243.docx | LEGALEASE-00127335-LEGALEASE-00127337 |
| Allstate Indem. Co. v. ADT LLC, 110 F. Supp. 3d 856 | 366+35 | Under Illinois law, subrogation waivers are not true exculpatory provisions, but, rather, they merely allocate risk of loss; they do not immunize the wrongdoer from all liability, nor do they require the injured parties to give up all their claims or leave them uncompensated. | Are subrogation waivers true exculpatory provisions? | 006310.docx | LEGALEASE-00127790-LEGALEASE-00127791 |
| Messner v. Am. Union Ins. Co., 119 S.W.3d 642 | 366+35 | Subrogation based upon the common law, i.e., legal subrogation, is not an option where it would be inconsistent with the terms of the contract; thus, contract provisions waiving subrogation rights are valid and enforceable. | Are contract provisions waiving subrogation rights valid and enforceable? | 006312.docx | LEGALEASE-00127777-LEGALEASE-00127778 |
| Aktieselskabet Dampskibsselskabet Vesterhavet v. W.A. Kirk & Co., 180 Misc. 979 | 13+65 | In equity action, decree is based on situation existing at time of trial rather than that obtaining when suit was commenced. | "In an equity action, should a decree be based on the situation existing at the time of trial rather than that obtained at the date when suit was commenced?" | 006314.docx | LEGALEASE-00128093-LEGALEASE-00128095 |
| Wu Tien Li-Shou v. United States, 777 F.3d 175 | 34+1 | Congress holds plenary control over rights, duties, and responsibilities in the framework of the military establishment, including regulations, procedures, and remedies. U.S.C.A. Const. Art. 1, S 8, cls. 11-14. | "Does congress holds plenary control over rights, duties, and responsibilities in the framework of the military establishment?" | Armed Forces - Memo 1 - RK.docx | ROSS-003286429-ROSS-003286430 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Miller v. Davis, 123 F. Supp. 3d 924 | 78+1072 | Kentucky governor's directive, instructing all county clerks in Kentucky to issue marriage licenses to same-sex couples in compliance with Supreme Court's decision in Obergefell, did not substantially burden county clerk's rights under the free exercise clause, required to demonstrate violation of the Kentucky Religious Freedom Act; by requiring clerk to issue marriage licenses to same-sex couples, the state was not asking her to condone same-sex unions on moral or religious grounds, and clerk could continue her personal religious beliefs that marriage could only be union between a man and a woman. U.S.C.A. Const.Amend. 1; KRS 446.350. | Must county clerks condone or endorse same-sex marriage on religious or moral grounds when issuing marriage licenses? | Clerks of court - Memo 62 - RK.docx | ROSS-003303574-ROSS-003303575 |
| Curtis v. Sch. Comm. of Falmouth, 420 Mass. 749 | 1.41E+30 | Public education of children is unquestionably entrusted to control, management, and discretion of state and local school committees. | "Is public education of children unquestionably entrusted to control, management, and discretion of state and local school committees?" | Education - Memo # 36 - C - SU.docx | ROSS-003311980-ROSS-003311981 |
| Packer Collegiate Inst. v. Univ. of State of N.Y., 273 A.D. 203 | 1.41E+30 | All schools, public or private are "affected with a public interest" and hence subject to reasonable regulation under the police power of the state. | "Are all schools, public or private, affected with a public interest and hence subject to reasonable regulation under the police power of the state?" | 016906.docx | LEGALEASE-00127645-LEGALEASE-00127646 |
| Tesoro Petroleum Corp. v. Nabors Drilling USA, 106 S.W.3d 118 | 366+35 | Where a party to an indemnity contract relating to an oil and gas well is not contractually obligated to enforce a waiver of subrogation, the other party cannot insist that it assert a waiver of subrogation. | "Where a party to an indemnity contract is not contractually obligated to enforce a waiver of subrogation, can the other party insist that it assert a waiver of subrogation?" | 043470.docx | LEGALEASE-00127604-LEGALEASE-00127605 |
| Chase v. Ameriquest Mortg. Co., 155 N.H. 19 | 366+41(6) | In any subrogation case, the burden of proving entitlement is on the subrogee, which generally includes proof of the existence and applicability of equitable principles or contractual provisions as to subrogation and reimbursement. | "Is the burden of proving entitlement on the subrogee, which generally must prove the existence and applicabiity of equitable principle?" | Subrogation - Memo # 1232 - C - CK.docx | ROSS-003286345-ROSS-003286346 |
| Metmor Fin. v. Landoll Corp., 976 S.W.2d 454 | 366+41(6) | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Does a party need clear and convincing evidence to require another party to bear the loss in equitable subrogation? | Subrogation - Memo # 1233 - C - CK.docx | ROSS-003298886-ROSS-003298888 |
| Back v. Back, 307 Ky. 571 | 366+33(1) | Where an heir discharges a valid encumbrance against property jointly owned, he is subrogated to the rights of the creditor and would normally be entitled to interest paid, but where such heir has by contract or by his actions relinquished certain of his rights, he is not entitled to full subrogation and contribution from other heirs. | "Where an heir discharges a valid encumbrance against property jointly owned, is he subrogated to the rights of the creditor?" | Subrogation - Memo # 1239 - C - CK.docx | ROSS-003325836-ROSS-003325837 |
| Kaf-Kaf v. Rodless Decorations, 90 N.Y.2d 654 | 217+3522 | While parties to agreement may waive their insurer's right of subrogation, waiver of subrogation clause cannot be enforced beyond scope of specific context in which it appears. | Can a waiver of subrogation clause be enforced beyond the scope of a specific context in which it appears? | 043508.docx | LEGALEASE-00127594-LEGALEASE-00127595 |
| Walt Disney World Co. v. Harrison, 443 So. 2d 389 | 413+1 | Employer is under continuing obligation, once it has knowledge of employee's injury, to place needed benefits in hands of injured worker. West's F.S.A. SS 440.01 et seq., 440.13(1), 440.185(4). | "Is an employer under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker?" | 048463.docx | LEGALEASE-00127327-LEGALEASE-00127328 |
| Sokolek v. Gen. Motors Corp., 450 Mich. 133 | 413+1 | Worker's compensation benefits are form of income maintenance for persons whose wage earning capacity has been suspended or terminated. | Are workers compensation benefits a form of income maintenance for persons whose wage earning capacity have been suspended or terminated? | 048483.docx | LEGALEASE-00127421-LEGALEASE-00127423 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Inman v. Nationwide Mut. Ins. Co., 433 Pa. Super. 534 | 413+1 | Section of Workmen's Compensation Act which prohibits, as against public policy, employer from agreeing with employee to hold employer harmless for any future injury employee may suffer was inapplicable where no agreement was entered and employee sought to recover for injury which had already occurred. 77 P.S. S 71. | Does the workmens compensation act prohibits that an employer from agreement with an employee to hold the employer harmless for any future injury? | 048532.docx | LEGALEASE-00127380-LEGALEASE-00127381 |
| Rodgers v. United States, 158 F. Supp. 670 | 13+65 | Court of equity is not restricted to an adjustment of the rights of the parties as they existed when the suit was brought but will give relief appropriate to events occurring pending the suit. | Are equity courts restricted to an adjustment of rights of parties as such rights existed when suit was brought? | Action - Memo # 708 - C - TJ.docx | ROSS-003325303-ROSS-003325304 |
| City of Coral Gables v. Sakolsky, 215 So. 2d 329 | 13+65 | In both law actions and equity proceedings, right of plaintiff to recover must be measured by facts as they exist when suit is instituted. | "In law action, must the right of the plaintiff to recover be measured by facts as they existed when suit was instituted?" | 005979.docx | LEGALEASE-00128227-LEGALEASE-00128229 |
| Richardson v. Hampton, 345 F. Supp. 600 | 13+63 | Persons claiming excuse for delay giving rise to claim of laches must show that they exercised the diligence required of reasonably prudent individuals. | Must persons claiming excuse for delay show that they exercised the diligence required of reasonably prudent individuals? | Action - Memo # 747 - C - NS.docx | ROSS-003325319-ROSS-003325320 |
| Tomayko v. Thomas, 144 So. 2d 335 | 13+65 | Test of equity jurisdiction is whether such facts existed at time of commencement of the action as are sufficient to confer jurisdiction on the court, and even where subsequent events render equitable relief unnecessary or improper equity jurisdiction does not defeat it. | Whether facts existing at the time of commencement of the action are sufficient to confer jurisdiction on the court is the test of equity jurisdiction? | 006109.docx | LEGALEASE-00128186-LEGALEASE-00128187 |
| Territory v. McCandless, 24 Haw. 485 | 29T+451 | This authority to legislate is conferred upon Congress by those constitutional provisions which grant to it power to declare war, to raise and support armies, etc., and which is known as the war-power of Congress. | Is the power of Congress to raise and support armies constitutionally authorized? | 008307.docx | LEGALEASE-00128597-LEGALEASE-00128599 |
| Smith v. Reynolds, 54 Conn. App. 381 | 307A+517.1 | Effect of plaintiff's withdrawal of action before a hearing on merits, so far as pendency of action is concerned, is strictly analogous to that presented after rendition of final judgment or erasure of case from docket. C.G.S.A. S 52-80. | Is the right of a plaintiff to withdraw his action before a hearing on the merits absolute and unconditional? | Pretrial Procedure - Memo # 948 - C - SK.docx | ROSS-003303754-ROSS-003303755 |
| Collection Specialists a Div. of Gen. Serv. Bureau v. Vesely, 238 Neb. 181 | 388+162 | Plaintiff had no right to dismiss without prejudice after defendant's motion for directed verdict was made and argument of both counsel on directed verdict motion had been completed. Neb.Rev.St. S 25-601. | Does a plaintiff has an absolute right to dismiss without prejudice after a defendant has moved for a directed verdict and the case is under final submission after both counsel have completed their argument on that motion? | 039287.docx | LEGALEASE-00128448-LEGALEASE-00128449 |
| In re Conservatorship of Martha P., 117 Cal. App. 4th 857 | 307A+501 | The right to voluntarily dismiss an action or special proceeding before the commencement of trial is not absolute, as statute recognizes exceptions, and other limitations have evolved through the courts' construction of the term "commencement of trial." West's Ann.Cal.C.C.P. S 581(b)(1). | Is the right of a plaintiff to voluntarily dismiss an action before commencement of trial not absolute? | 039523.docx | LEGALEASE-00128455-LEGALEASE-00128456 |
| Tesoro Petroleum Corp. v. Nabors Drilling USA, 106 S.W.3d 118 | 366+35 | Where a party to an indemnity contract relating to an oil and gas well is not contractually obligated to enforce a waiver of subrogation, the other party cannot insist that it assert a waiver of subrogation. | "Where a party to an indemnity contract is not contractually obligated to enforce a waiver of subrogation, can the other party cannot insist that it assert a waiver of subrogation?" | 043220.docx | LEGALEASE-00128365-LEGALEASE-00128366 |
| Richmond Steel v. Legal & Gen. Assur. Soc., Ltd., 821 F. Supp. 793 | 366+35 | Purpose of waiver of subrogation clause in construction contract is to avoid disruptions and disputes between parties working on project; clause is also meant to require one party to contract to provide property insurance for all parties. | Is the purpose of a waiver of subrogation clause in a construction contract to avoid disruptions and disputes between parties working on a project? | 043224.docx | LEGALEASE-00128397-LEGALEASE-00128398 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ray v. Donohew, 177 W. Va. 441 | 366+35 | Right of subrogation may be modified or extinguished through express contractual language or by action of surety inconsistent with right of subrogation, such as surety's taking of different and independent security as exclusive remedy in event of principal's default. | Can a right of subrogation be modified or extinguished through express contractual language? | Subrogation - Memo # 1060 - C - NS.docx | ROSS-003299757-ROSS-003299759 |
| Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A., 8 S.W.3d 893 | 366+35 | Generally, money paid unconditionally to a contractor for work done under the contract becomes his to do with as he pleases and is freed of any equity or right of subrogation in the surety. | Does money paid unconditionally to a contractor for work done under the contract becomes his to do with as he pleases? | Subrogation - Memo # 1111 - C - ES.docx | ROSS-003314590-ROSS-003314591 |
| Day Cruises Mar., L.L.C v. Christus Spohn Health Sys., 267 S.W.3d 42 | 366+1 | Equitable subrogation, unlike contractual subrogation, does not depend on a contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Is one entitled to subrogation only in the case he was required to pay a debt for which another who was primarily liable? | 043328.docx | LEGALEASE-00128143-LEGALEASE-00128144 |
| Rokeby-Johnson v. Aquatronics Int'l, 159 Cal. App. 3d 1076 | 217+3526(10) | When surety seeks recovery against third persons in weighing equities, which includes consideration of negligence of its insured and third persons, burden is upon surety to establish its superior equity. | Is the burden upon surety to establish its superior equity in seeking recovery against third party? | Subrogation - Memo # 1123 - C - KA.docx | ROSS-003317345-ROSS-003317347 |
| In re S & D Foods, 144 B.R. 121 | 289+544 | Under Colorado law, fiduciary duties owed by partners to partnership and by joint venturers to the joint venture include duties of loyalty, honesty and candor, good faith and fair dealing, and lack of self-dealing. | Are the duties of loyalty and good faith included in the fiduciary duties of a partner in a partnership? | 022029.docx | LEGALEASE-00128955-LEGALEASE-00128957 |
| Rose's Stores v. Bradley Lumber Co., 105 N.C. App. 91 | 401+5.1 | In deciding whether action would affect title to or an interest in land for purposes of venue statute, court determines the nature and purpose of the action solely from allegations of the complaint. G.S. S 1-76(1). | Do courts consider the allegations in the complaint in deciding whether the judgment sought by plaintiff would affect title to land? | 047487.docx | LEGALEASE-00128874-LEGALEASE-00128875 |
| Bundy v. Nustar GP, 277 Or. App. 785 | 413+2 | The workers' compensation statutory scheme operates as a substitute for civil claims that an employee could assert against his or her employer in an action at common law and provides liability "coverage" against the risks that arise from those kinds of claims. West's Or.Rev. Stat. Ann. S 656.018. | What is the general scheme of the workers compensation act? | 047710.docx | LEGALEASE-00128715-LEGALEASE-00128716 |
| Webster v. Boh Bros. Const. Co., 603 So. 2d 761 | 275+116 | Only three avenues are available to a party seeking to alter the substance of a final judgment: timely application for new trial; petition for nullity; and timely appeal. | What avenues are available to a party seeking to alter the substance of a final judgment? | Appeal and error - Memo 37 - RK.docx | ROSS-003299127-ROSS-003299129 |
| Francis v. Lafon Nursing Home of Holy Family, 2002-1863 (La. App. 4 Cir. 3/19/03), 840 So. 2d 1281 | 275+0.5 | Only three avenues are available to a party seeking to alter the substance of a final judgment: (1) timely application for a new trial, (2) petition for nullity, and (3) timely appeal. LSA-C.C.P. art. 1951. | What avenues are available to a party seeking to alter the substance of a final judgment? | 008192.docx | LEGALEASE-00129074-LEGALEASE-00129076 |
| JFS v. ABMJ, 120 Ill. App. 3d 261 | 30+18 | Scope of appellate jurisdiction is defined by rules promulgated by Supreme Court, and any enlargement on allowable list of appealable interlocutory orders must be initiated by change of such rules. S.H.A. ch. 110A, P 307(a). | Is appellate jurisdiction limited to those cases in which appeals have been timely filed under rules promulgated by the Supreme Court? | 008221.docx | LEGALEASE-00129107-LEGALEASE-00129108 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lone Star Indus. v. United States, 109 Fed. Cl. 746 | 141+15.1 | Under Louisiana law, predial servitudes are in derogation of public policy because they form restraints on the free disposal and use of property; therefore, servitudes are not entitled to be viewed with favor by the law and can never be sustained by implication. | Why are predial servitudes in derogation of public policy? | 042503.docx | LEGALEASE-00129129-LEGALEASE-00129130 |
| Pena v. Minidoka Cty., 133 Idaho 222 | 104+113(6) | Before county commissioners can legally empower the appointment of a deputy by a county officer, they must first determine whether a new deputy is necessary, and upon a showing to the proper tribunal that a deputy or clerical assistant is needed, the county commissioners must authorize the appointment. Const. Art. 18, S 6. | Must county commissioners authorize the appointment of a deputy clerk upon a showing that a deputy or clerical assistant is needed? | 013365.docx | LEGALEASE-00129684-LEGALEASE-00129685 |
| Tremont Lumber Co. v. May, 143 La. 389 | 302+279(1) | Where cause of action is stated for first time in supplemental petition, filing of supplemental petition must be considered beginning of suit, and must be served on defendant and delays for answering allowed as in case of original petition. | Can a supplemental petition be considered as the beginning of a suit? | 023110.docx | LEGALEASE-00129225-LEGALEASE-00129226 |
| Phillips v. Phillips, 137 Cal. App. 2d 651 | 302+225(2) | General rule is that it is abuse of discretion to sustain without leave to amend demurrer to original complaint unless complaint shows on its face that it is incapable of amendment, and this rule applies irrespective of whether leave to amend is requested or not. West's Ann.Code Civ.Proc. S 472c. | It is an abuse of discretion to sustain a demurrer to an original complaint without leave to amend? | Pleading - Memo 224 - RMM.docx | ROSS-003287590-ROSS-003287592 |
| Parnell v. Powell, 191 S.C. 159 | 307A+513 | Where substantial rights of other parties have accrued and injustice will be done to them by permitting discontinuance, trial court has discretion to refuse discontinuance or dismissal of action, but, if no prejudice results, plaintiff may be granted a voluntary nonsuit conditioned upon such terms and conditions as may be proper to protect defendant. | "If the discontinuance or dismissal before trial will not result in legal prejudice to the defendant, does a plaintiff has a right to discontinue an action commenced by him?" | Pretrial  Procedure - Memo # 1305 - C-BP.docx | ROSS-003287422-ROSS-003287423 |
| Levin & Sons v. Mathys, 409 N.E.2d 1195 | 307A+501 | In determining whether to grant a voluntary dismissal, court should follow traditional principle that dismissal should be allowed unless defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Rule TR. 41(A). | What is the test for determining whether a voluntary dismissal is proper? | 024876.docx | LEGALEASE-00129285-LEGALEASE-00129286 |
| Schering & Glatz v. Am. Pharm. Co., 234 A.D. 343 | 307A+501 | Action may not be discontinued simply to avoid liability for great expense which another party has been caused in preparing for trial. | Can an action be discontinued simply to avoid liability for a great expense which has been caused by another party in preparing for the trial? | 025593.docx | LEGALEASE-00129388-LEGALEASE-00129389 |
| Parnell v. Powell, 191 S.C. 159 | 307A+501 | If discontinuance or dismissal before trial will not result in legal prejudice to a defendant, a plaintiff ordinarily has the right to discontinue any action commenced by him. | If discontinuance or dismissal before trial will not result in legal prejudice to a defendant, does a plaintiff ordinarily have the right to discontinue any action commenced by him?" | Pretrial Procedure - Memo # 1115 - C-CK.docx | ROSS-003327432-ROSS-003327434 |
| English v. IKON Bus. Sols., 94 Cal. App. 4th 130 | 307A+512 | In the context of pleadings and motions, a "dismissal" is the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court. | "In the context of pleadings and motions, is a ""dismissal"" the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court?" | Pretrial Procedure - Memo # 1287 - C-RY.docx | ROSS-003287000-ROSS-003287002 |
| George v. Ospalik, 299 Ill. App. 3d 888 | 307A+501 | While plaintiff may move for voluntary dismissal at any time before trial or hearing begins, right to a voluntary dismissal is not absolute. S.H.A. 735 ILCS 5/2-1009(a). | "While plaintiff may move for voluntary dismissal at any time before trial or hearing begins, is a right to a voluntary dismissal absolute?" | Pretrial Proceedure - Memo # 1133 - C-TJ.docx | ROSS-003300211-ROSS-003300212 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown v. City of Barre, Vt., 878 F. Supp. 2d 469 | 317A+114 | Where state law mandates that utilities may not terminate utility service at will but only under certain enumerated conditions and after giving proper notice there is an independent source of state-authorized law that gives rise to a legitimate claim of entitlement to a service from a municipal utility pursuant to the Due Process Clause. U.S.C.A. Const.Amend. 14. | Can a public utility terminate its services at will? | 042511.docx | LEGALEASE-00129164-LEGALEASE-00129166 |
| Fairway Manor v. Bd. of Comm'rs of Summit Cty., 36 Ohio St. 3d 85 | 405+2037 | Municipally owned public utilities have no duty to sell their products, including water, to extraterritorial purchasers absent contractual obligation. | Are contractual obligations required by municipally owned public utilities to sell their products to extraterritorial purchasers? | Public Utilities - Memo 262 - AM.docx | ROSS-003287673-ROSS-003287675 |
| J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A., 863 F.2d 315 | 25T+141 | Claims against parent company could be referred to arbitration even though parent was not formally a party to arbitration agreement; charges against parent and subsidiary were based on the same facts and were inherently inseparable. | Can a court refer claims against a parent company to arbitration if the parent company is not formally a party to the arbitration agreement? | Alternative Dispute Resolution - Memo 513 - RK.docx | ROSS-003287215-ROSS-003287216 |
| J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A., 863 F.2d 315 | 25T+141 | Claims against parent company could be referred to arbitration even though parent was not formally a party to arbitration agreement; charges against parent and subsidiary were based on the same facts and were inherently inseparable. | Can a court refer claims against a parent company to arbitration if the parent company is not formally a party to the arbitration agreement? | 007357.docx | LEGALEASE-00130214-LEGALEASE-00130215 |
| Brandon v. State, 233 Ala. 1 | 79+6 | Under statute creating office of deputy clerk of circuit court, to be appointed by clerk and requiring such deputies to take official oath with full power to transact all business of clerks, such power to appoint is not limited to one, but as many may be appointed as are necessary. Code 1923, S 6723, subsec. 2. | Do circuit clerks have the power to appoint deputy clerks? | Clerks of court - Memo 111 - RK.docx | LEGALEASE-00019606-LEGALEASE-00019607 |
| Wiggins v. Lowndes Cty., Miss., 363 F.3d 387 | 92+1938 | A "policymaker," for purposes of determining whether a public employee's speech is protected, is an employee whose responsibilities require more than simple ministerial competence, whose decisions create or implement policy, and whose discretion in performing duties or in selecting duties to perform is not severely limited by statute, regulation, or policy determinations made by supervisors. U.S.C.A. Const.Amend. 1. | Who are policymakers? | 013388.docx | LEGALEASE-00130195-LEGALEASE-00130196 |
| Paul H. Schwendener v. Larrabee Commons Partners, 338 Ill. App. 3d 19 | 307A+747.1 | The court must exercise its power to avoid undue delay in a manner that insures a fair trial for the parties; in particular, the court must reserve for the parties time for adequate presentation of a defense to all claims. | Must the court exercise its power to avoid undue delay in a manner that insures a fair trial for the parties? | 026296.docx | LEGALEASE-00129732-LEGALEASE-00129733 |
| Politz v. Politz, 149 So. 3d 805 | 307A+711 | The trial court's discretion in granting or denying a continuance must be based upon consideration of the facts of each case and factors such as diligence, good faith, and reasonable grounds; equally important is the exceptor's corollary right to have his case heard as soon as practicable. LSA-C.C.P. art. 1601. | "While deciding whether a continuance should be granted, what are the factors that a court should consider?" | 026671.docx | LEGALEASE-00129841-LEGALEASE-00129843 |
| Carnes v. Meadowbrook Exec. Bldg. Corp., 17 Kan. App. 2d 292 | 307A+747.1 | In all but the simplest cases, trial court should hold pretrial conference within reasonable time in advance of trial and issue pretrial order as provided for by rule. Sup.Ct.Rules, Rule 140. | Should a trial court hold a pretrial conference within a reasonable time in advance of a trial and issue a pretrial order as provided for by rule? | 026723.docx | LEGALEASE-00130164-LEGALEASE-00130166 |
| Gerschick v. Pounds, 281 Ga. App. 531 | 307A+747.1 | A pretrial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues. West's Ga.Code Ann. S 9-11-16(b). | Should a pretrial order be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues? | Pretrial Procedure - Memo # 1637 - C - SB.docx | ROSS-003328135-ROSS-003328136 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clanton v. Cain-Sloan Co., 677 S.W.2d 441 | 413+1 | Provisions of workers' compensation law, providing an expeditious and certain recovery from the employer while limiting the amount of liability to which the employee is exposed, create a duty on the employer to compensate the employee for work-related injuries and a right of the employee to receive such compensation. T.C.A. SS 50-6-102, 50-6-103, 50-6-108, 50-6-111, 50-6-225, 50-6-226. | Do the provisions of the Workers Compensation Law create a duty on the employers to compensate the employees for work-related injuries? | 047708.docx | LEGALEASE-00129919-LEGALEASE-00129920 |
| Steeg v. Lawyers Title Ins. Corp., 329 So. 2d 719 | 302+228.6 | Functions of dilatory exception permit raising issue that judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. LSA-C.C.P. art. 926(1). | Can an exception raising the objection of prematurity raise the issue of whether the judicial cause of action has not yet come into existence because some prerequisite condition has not been fulfilled? | Action - Memo # 933 - C - SPB.docx | ROSS-003300624-ROSS-003300625 |
| Kubala v. Supreme Prod. Servs., 830 F.3d 199 | 25T+132 | Enforcement of an arbitration agreement involves two analytical steps: first is contract formation, whether the parties entered into any arbitration agreement at all, and the second involves contract interpretation to determine whether this claim is covered by the arbitration agreement. | What are the two analytical steps involved in enforcement of an arbitration agreement? | 007417.docx | LEGALEASE-00131378-LEGALEASE-00131379 |
| Kubala v. Supreme Prod. Servs., 830 F.3d 199 | 25T+132 | Enforcement of an arbitration agreement involves two analytical steps: first is contract formation, whether the parties entered into any arbitration agreement at all, and the second involves contract interpretation to determine whether this claim is covered by the arbitration agreement. | What are the two analytical steps involved in enforcement of an arbitration agreement? | Alternative Dispute Resolution - Memo 542 - RK.docx | ROSS-003300677-ROSS-003300678 |
| City of Norfolk v. Norfolk Cty., 194 Va. 716 | 307A+501 | In absence of statute or rule of court, matter of dismissing an action, or of taking a nonsuit, is controlled by common law. | "In absence of statute or rule of court is the matter of dismissing an action or of taking a nonsuit, controlled by common law?" | Pretrial Procedure - Memo # 1237 - C - UG.docx | ROSS-003326545-ROSS-003326546 |
| Nentwig v. United Indus., 256 Mont. 134 | 307A+750 | While pretrial order should be liberally construed to permit any issues at trial that are embraced within its language, theory or issue must be at least implicitly included in the pretrial order. | "Should a pretrial order be construed liberally, whilst the theory or issue tried is included, at least implicitly, in the pretrial order?" | 026782.docx | LEGALEASE-00130429-LEGALEASE-00130430 |
| In re Advanced Powder Sols., 496 S.W.3d 838 | 307A+331 | A person has a duty to preserve evidence only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | When does law impute a person a duty to preserve evidence in its possession or control that will be material and relevant to that claim? | Pretrial Procedure - Memo # 1687 - C - BP.docx | ROSS-003287192-ROSS-003287193 |
| Rockdale Body Shop v. Thompson, 222 Ga. App. 821 | 307A+750 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues. | Should a pretrial order be liberally construed to allow consideration of all questions fairly within ambit of contested issues? | Pretrial Procedure - Memo # 1693 - C - CK.docx | LEGALEASE-00020668-LEGALEASE-00020669 |
| Heisler v. Hines Motor Co., 282 Mont. 270 | 307A+743 | Pretrial order serves to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial. | "Does pretrial order serve to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial?" | 026833.docx | LEGALEASE-00130660-LEGALEASE-00130661 |
| Am. Soc. of Lubrication Engineers v. Roetheli, 249 Ill. App. 3d 1038 | 307A+742.1 | One purpose of pretrial conference is to expedite prosecution of case, either by hastening settlement agreement between parties, or by clarifying issues and evidence so that trial on merits may occur more swiftly. Sup.Ct.Rules, Rule 218. | How would pretrial conference help to expedite prosecution of case? | 026861.docx | LEGALEASE-00131083-LEGALEASE-00131084 |
| Blackmon v. Nexity Fin. Corp., 953 So. 2d 1180 | 302+236(2) | A deadline for filing amendments to pleadings in a scheduling order does not curtail the trial court's discretion in considering the merits of the offered amendment. Rules Civ.Proc., Rule 15(a). | Does a deadline for filing amendments to pleadings in a scheduling order curtail the trial court's discretion in considering the merits of the offered amendment? | 026867.docx | LEGALEASE-00131168-LEGALEASE-00131169 |
| Malerbi v. Cent. Reserve Life of N. Am. Ins. Co., 225 Neb. 543 | 307A+742.1 | Pretrial conferences are conducted to simplify issues, amend pleadings, and avoid unnecessary proof of facts at trial and to avoid traps and surprises at trial. | "Can pretrial conferences simplify the issues, amend the pleadings and avoid traps and surprises at trial?" | 026878.docx | LEGALEASE-00130283-LEGALEASE-00130284 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vogel v. Berkley, 354 Pa. Super. 291 | 307A+745 | Purpose of pretrial conference is to enable parties to simplify and expedite trial, and it is appropriate for court to decide issues of law based on admitted or undenied facts appearing of record. Rules Civ.Proc., Rule 212, 42 Pa.C.S.A. | Is it appropriate for the pre-trial conference court to decide issues of law based on admitted or undenied facts appearing of record? | Pretrial Procedure - Memo # 1726 - C - NC.docx | ROSS-003301411-ROSS-003301412 |
| Hycarbex v. Anglo-Suisse, 927 S.W.2d 103 | 307A+717.1 | Where party elects to employ other means than those provided by law to assure that witness appears to testify at trial, it will be at his peril. | "Where a party elects to employ other means than those provided by law to assure that witness appears to testify at trial, will it be at his peril?" | Pretrial Procedure - Memo # 1740 - C - NS.docx | ROSS-003301208-ROSS-003301209 |
| Schowalter v. Washington Mut. Bank, 275 Ga. App. 182 | 307A+742.1 | Purpose of the pretrial order is to determine which of the claims pleaded will actually be tried; claims, issues, and evidence are limited by the order, and the course of the action is thereby narrowed to expedite the proceeding. | "What is the purpose of a pretrial order and are claims, issues, and evidence limited by the order?" | Pretrial Procedure - Memo # 1769 - C - PC.docx | ROSS-003314146-ROSS-003314147 |
| Arfor-Brynfield v. Huntsville Mall Assocs., 479 So. 2d 1146 | 307A+745 | Purpose of pretrial procedure is to clarify and simplify issues to be tried and resulting pretrial order controls subsequent course of action. Rules Civ.Proc., Rule 16. | "Is the purpose of pretrial procedure to clarify and simplify issues to be tried, and does the resulting pretrial order control subsequent course of action?" | 026981.docx | LEGALEASE-00131072-LEGALEASE-00131073 |
| Vlach v. Goode, 515 N.E.2d 569 | 307A+750 | Pretrial order should be liberally construed to embrace all legal and factual theories inherent in issues defined therein. | Should pretrial orders be liberally construed to embrace all legal and factual theories inherent in issues defined therein? | 027037.docx | LEGALEASE-00131038-LEGALEASE-00131039 |
| Chalupa v. Chalupa, 220 Neb. 704 | 307A+750 | Where pretrial order improperly restricts the issues, the parties are bound by it at trial and on appeal, if no objection has been made, unless it does violence to the issues raised by the petition. | "If a pretrial order improperly restricts the issues, are the parties bound by it at trial and on appeal?" | 027045.docx | LEGALEASE-00131129-LEGALEASE-00131130 |
| Bannum v. 2210 Adams Place, N.E., 4 A.3d 431 | 307A+749.1 | Determination as to whether a party would be surprised or prejudiced by the other party's venture beyond the contents of the pretrial order belongs to the trial court. | Is it the trial court that determines whether a party was surprised or prejudiced by the other party's venture beyond the contents of the pretrial order? | Pretrial Procedure - Memo # 1818 - C - SB.docx | ROSS-003301468-ROSS-003301469 |
| Nolan v. Redevelopment Agency, 117 Cal. App. 3d 494 | 307A+749.1 | A pretrial order affecting pleading does not prevent trial judge from making a different order if circumstances call for such a ruling. West's Ann.Code Civ.Proc. SS 472, 576. | Does a pretrial order affecting pleading prevent a trial judge from making a different order if circumstances call for such a ruling? | 027265.docx | LEGALEASE-00131237-LEGALEASE-00131238 |
| Estopinal v. Thomas, 273 So. 2d 54 | 307A+718 | While a peremptory ground for continuance is failure of party to obtain evidence material to his case, that is available only when party requesting continuance shows that he has exercised due diligence. LSA-C.C.P. art. 1602. | Is a peremptory ground for a continuance a failure of party to obtain evidence material to his case? | 027314.docx | LEGALEASE-00131199-LEGALEASE-00131200 |
| Storedahl Properties v. Clark Cty., 143 Wash. App. 489 | 371+2001 | Charges imposed for purposes other than raising money to fund the public treasury, such as for regulating activities, are not taxes and are not subject to constitutional taxation constraints. West's RCWA Const. Art. 7, S 1. | Are charges imposed for purposes other than raising money to fund the public treasury considered as taxes? | Taxation - Memo # 100 - C - SU.docx | ROSS-003288198-ROSS-003288199 |
| Gunby v. Yates, 214 Ga. 17 | 371+2002 | A "tax" is an enforced contribution exacted pursuant to legislative authority for purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or service rendered by a public officer, which is a "fee." | Are taxes payments for a special privilege or a special service rendered? | 044609.docx | LEGALEASE-00131078-LEGALEASE-00131080 |
| Dean v. Lehman, 143 Wash. 2d 12 | 371+2001 | A "tax" is an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities; it is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | Is a tax charged for the benefit of legal taxing authorities? | Taxation - Memo # 120 - C - CK.docx | ROSS-003328881-ROSS-003328882 |
| Hoskins v. United States, 61 Fed. Cl. 209 | 34+3(1) | The Court of Federal Claims has the power to decide whether military procedures were followed by applying the facts to the statutory or regulatory standard. | Do courts have the power to decide whether military procedures were followed by applying the facts to the statutory or regulatory standard? | Armed Services - Memo 77 - RK.docx | ROSS-003287108-ROSS-003287109 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Antico, 275 F.3d 245 | 164T+24(5) | Quid pro quo required to support conviction for extortion "under color of official right" under Hobbs Act, outside context of campaign contribution, can be implicit, thus, conviction can occur if government shows that defendant accepted payments or other consideration with implied understanding that he would perform or not perform act in his official capacity. 18 U.S.C.A. S 1951(b)(2). | Should quid pro quo be explicitly stated or can it be implied? | 011144.docx | LEGALEASE-00132196-LEGALEASE-00132197 |
| United States v. Ring, 628 F. Supp. 2d 195 | 63+1(1) | To prove that defendant paid an illegal gratuity, the government must show that he conferred a thing of value upon a present, past, or future public official for or because of a specific official act that the official performed or would perform. 18 U.S.C.A. S 201(c)(1)(A). | Does an illegal gratuity need to be linked to a specific official act? | Bribery - Memo #128 - C-CSS.docx | ROSS-003299241-ROSS-003299243 |
| Rock Island Bank & Tr. Co. v. Ford Motor Co., 54 Mich. App. 278 | 307A+331 | Purposes of discovery are to allow parties to have access to material which will assist them in preparing and trying their cases and to further ends of justice. | Does the purpose of discovery is to allow parties to have access to material which will assist them in preparing and trying their cases and to further ends of justice? | 027461.docx | LEGALEASE-00132110-LEGALEASE-00132111 |
| F.D.I.C. v. Finlay, 832 S.W.2d 158 | 307A+749.1 | Court may not dismiss suit with prejudice as sanction for violation of oral order announced at Rule 166 pretrial conference. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | Can a court dismiss a party's suit with prejudice as a sanction for violation of an oral order announced at a pretrial conference? | 027648.docx | LEGALEASE-00132327-LEGALEASE-00132328 |
| UFG v. Sw. Corp., 848 N.E.2d 353 | 307A+750 | A pre-trial order delineating the issues of the case supplants the allegations raised in the pleadings and controls all subsequent proceedings in the case. | "Does a pre-trial order delineating the issues of the case, supplant the allegations raised in the pleadings and control all subsequent proceedings in the case?" | Pretrial Procedure - Memo # 2316 - C - NE.docx | ROSS-003286571-ROSS-003286572 |
| Bonneville Assocs., Ltd. P'ship v. Barram, 165 F.3d 1360 | 170A+1713.1 | The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought. Fed.Rules Civ.Proc.Rule 41(a), 28 U.S.C.A. | Is the effect of a voluntary dismissal of a complaint to render the proceedings a nullity and leave the parties as if the action had never been brought? | 027771.docx | LEGALEASE-00132102-LEGALEASE-00132103 |
| In re Team Rocket, 256 S.W.3d 257 | 307A+517.1 | Subject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Subject to certain conditions, is a plaintiff who takes a nonsuit precluded from filing a subsequent suit seeking the same relief?" | 027791.docx | LEGALEASE-00131598-LEGALEASE-00131599 |
| Samland v. J. White Transp. Co., 675 S.W.2d 92 | 307A+517.1 | Once a plaintiff voluntarily dismisses his action, nothing remains before court upon which it can act; even an order reinstating the case on trial docket at plaintiff's request is a nullity because legal situation is as though the suit had never been brought. V.A.M.R. 67.01. | "Once a plaintiff files a voluntary dismissal of his or her petition, does nothing remain before the court upon which it can act?" | Pretrial Procedure - Memo # 2359 - C - VP.docx | ROSS-003286591-ROSS-003286592 |
| Bonneville Assocs., Ltd. P'ship v. Barram, 165 F.3d 1360 | 170A+1713.1 | The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought. Fed.Rules Civ.Proc.Rule 41(a), 28 U.S.C.A. | Does a dismissal without prejudice render the proceedings a nullity and leaves the parties as if the action had never been brought? | 027830.docx | LEGALEASE-00131911-LEGALEASE-00131912 |
| Beard v. Montgomery Ward & Co., 215 Kan. 343 | 307A+749.1 | The purpose of a pretrial order is to define and clarify the issues and it controls the course of the trial unless subsequently modified. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | Is the purpose of a pretrial order to define and clarify the issues and it controls the course of the trial unless subsequently modified? | Pretrial Procedure - Memo # 2525 - C - SB.docx | ROSS-003328024-ROSS-003328025 |
| Midland Title Sec. v. Carlson, Ohio, 171 Ohio App. 3d 678 | 307A+517.1 | A dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced. | "Does a dismissal without prejudice relieve the court of all jurisdictions over the matter, and the action is treated as though it had never been commenced?" | Pretrial Procedure - Memo # 2651 - C - NE.docx | ROSS-003290614-ROSS-003290615 |
| Morning Star Co. v. Bd. of Equalization, 201 Cal. App. 4th 737 | 371+2002 | Ordinarily taxes are imposed for revenue purposes and not, like regulatory fees, in return for a specific benefit conferred or privilege granted. | "Are taxes imposed for revenue purposes, rather than in return for a specific benefit conferred or privilege granted?" | Taxation - Memo # 226 - C - KI.docx | ROSS-003287742-ROSS-003287744 |
| Chicago Park Dist. v. City of Chicago, 127 Ill. App. 3d 215 | 371+2001 | While every tax on an activity increases ultimate cost of such activity to consumer, such factor does not change tax from a revenue measure to a regulatory measure. | "Does the factor that every tax on an activity increases ultimate cost of such activity to consumer, change tax from a revenue measure to a regulatory measure?" | Taxation - Memo # 293 - C - KBM.docx | LEGALEASE-00022235-LEGALEASE-00022236 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Swanson v. State, Dep't of Educ., 249 Neb. 466 | 371+2001 | Tax laws represent legislature's definition of measure of every citizen's duty in support of public burdens. | Do tax laws represent legislature's definition of measure of every citizen's duty in support of public burdens? | 044984.docx | LEGALEASE-00132004-LEGALEASE-00132005 |
| Garrett Freight Lines v. State Tax Comm'n, 103 Utah 390 | 371+2001 | "Taxation" is neither a "penalty" imposed on taxpayer nor a "liability" which he assumes by contract, but is merely a way of apportioning cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. | Is taxation a penalty imposed on a taxpayer? | 045000.docx | LEGALEASE-00132220-LEGALEASE-00132221 |
| Madge v. State, 160 So. 3d 86 | 399+1 | While the observations of lay persons leading up to the arrival of law enforcement may provide factual background, prior wrongdoing cannot establish the basis for a loitering and prowling charge. West's F.S.A. S 856.021. | Does prior wrongdoing establish the basis for a loitering charge? | Vagrancy - Memo 15-SB.docx | ROSS-003287822-ROSS-003287823 |
| Leach v. Lauhoff Grain Co., 51 Ill. App. 3d 1022 | 413+1 | Enactment of workmen's compensation legislation was pursuant to police power and was done in furtherance of sound public policy. S.H.A. ch. 48, S 138.1 et seq. | Was the enactment of workmens compensation legislation pursuant to a states police power and was it done in furtherance of sound public policy? | 047796.docx | LEGALEASE-00131682-LEGALEASE-00131683 |
| Zimmerman v. Wisconsin Elec. Power Co., 38 Wis. 2d 626 | 413+1 | Fundamental idea upon which liability for workmen's compensation is imposed is that injury to an employee, like damage to a machine, is burden which should be borne by product of the industry and ultimately paid by those who consume the product. | What is the fundamental idea upon which liability for workmens compensation is imposed? | 047845.docx | LEGALEASE-00131797-LEGALEASE-00131798 |
| United States v. Jefferson, 562 F. Supp. 2d 687 | 63+1(1) | An indictment charging bribery must allege each of the following elements: (1) that the defendant is a public official; and (2) that defendant corruptly demanded, sought, received, accepted, or agreed to receive or accept (3) anything of value (4) in return for being influenced in the performance of (5) an official act. 18 U.S.C.A. S 201(b)(2)(A). | What are the elements of bribery? | Bribery - Memo #134 - C-CSS.docx | ROSS-003285743 |
| United States v. Fernandez, 722 F.3d 1 | 63+1(1) | Although the timing of the payment may not provide a conclusive answer as to whether that payment is a bribe or a gratuity, the timing of the agreement to make or receive a payment may: one cannot agree to perform an act in exchange for payment when that act has already been performed. | "If the agreement to exchange a thing of value for an act is made after that act has been performed, can that agreement be properly viewed as an agreement to offer or accept a bribe?" | 011181.docx | LEGALEASE-00132574-LEGALEASE-00132575 |
| United States v. Medford, 661 F.3d 746 | 63+1(1) | Honest Services Fraud statute was not unconstitutionally vague with respect to its provisions addressing bribery or kickback schemes. 18 U.S.C.A. S 1346. | Is Honest Services Fraud statute unconstitutionally vague with respect to its provisions addressing bribery or kickback schemes? | Bribery - Memo #267 - C-JL.docx | ROSS-003327162-ROSS-003327163 |
| Williams v. Martin, 273 Ga. App. 562 | 307A+749.1 | Once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. | Can a pretrial order control the subsequent course of action unless modified at the trial to prevent injustice? | Pretrial Procedure - Memo # 1838 - C - UG.docx | ROSS-003328475-ROSS-003328476 |
| Wilkins v. T. Enterprises, 177 Ill. App. 3d 514 | 307A+46 | Imposition of sanctions pursuant to Illinois Supreme Court rule addressing party's failure to comply with discovery order is matter generally left to discretion of trial court; court, however, should impose sanctions to promote discovery, not to impose punishment, and order of dismissal with prejudice is drastic action to be employed only as last resort. S.H.A. ch. 110A, P 219(c). | Should sanctions be imposed by Court to impose a punishment? | 027125.docx | LEGALEASE-00133211-LEGALEASE-00133212 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 307A+331 | A party's duty to preserve evidence that it knows or reasonably should know is relevant to imminent or on-going litigation arises as soon as the party has notice that it possesses or controls material evidence relevant to the litigation. | When does the partys duty to preserve evidence known to be relevant to an on-going litigation arise? | 027165.docx | LEGALEASE-00133107-LEGALEASE-00133108 |
| Querry v. Montgomery Ward & Co., 217 Kan. 104 | 307A+749.1 | Pretrial order has full force and effect of other orders of court and controls course of trial unless subsequently modified. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | Does a pretrial order have full force and effect of other orders of court and controls course of trial unless subsequently modified? | Pretrial Procedure - Memo # 2426 - C - NC.docx | ROSS-003287518-ROSS-003287519 |
| Troup v. Chambers, 280 Ga. App. 392 | 307A+519 | Section of voluntary dismissal statute providing that a voluntary dismissal is without prejudice, except that a second voluntary dismissal operates as an adjudication on the merits, has nothing to do with involuntary dismissals. West's Ga.Code Ann. S 9-11-41(a)(3). | "Is the section of voluntary dismissal statute providing that a voluntary dismissal without prejudice, except that a second voluntary dismissal operates as an adjudication on the merits?" | 028133.docx | LEGALEASE-00132605-LEGALEASE-00132606 |
| Nielsen v. Firelands Rural Elec. Coop., 123 Ohio App. 3d 104 | 307A+517.1 | Voluntary dismissal, without prejudice, dissolves all interlocutory orders made by court in that action, including a partial summary judgment. | Does a voluntary dismissal without prejudice dissolve interlocutory orders made by the court in the action? | Pretrial Procedure - Memo # 2600 - C - KA.docx | ROSS-003289483-ROSS-003289484 |
| McGowen v. Huang, 120 S.W.3d 452 | 336H+428 | Nonsuit of the remaining claims in medical malpractice action, taken so the plaintiffs could appeal the partial summary judgment against them, did not transform the partial summary judgment into a final judgment, for purposes of res judicata; not all claims were dismissed with prejudice, and the nonsuit without prejudice did not adjudicate the rights of the parties, but merely placed them in the positions in which they would have been had suit not been brought. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Does a nonsuit without prejudice adjudicate the rights of the parties but merely places them in the positions in which they would have been, had suit not been brought?" | Pretrial Procedure - Memo # 2687 - C - TM.docx | ROSS-003300162-ROSS-003300164 |
| Byrne v. Frank Cunningham Stores, 89 F. Supp. 489 | 386+8 | Refusal to surrender possession of property to owner when he is entitled to it constitutes interference with owner's control, and in an action by owner for trespass, owner's property right will be protected and a mistake of law or fact is no defense. | Can the refusal to surrender possession of property to the owner when he is entitled to it invoke an action for trespass? | 047336.docx | LEGALEASE-00133416-LEGALEASE-00133417 |
| Umbreit v. Quality Tool, 302 Minn. 376 | 413+2 | While Workmen's Compensation Act is remedial and humanitarian in purpose and is to be given liberal interpretation in favor of employees, rights and benefits granted rest solely upon and are limited by statutes creating them. M.S.A. S 176.011 et seq. | Is it true that workmens compensation statutes are remedial? | 047893.docx | LEGALEASE-00133072-LEGALEASE-00133073 |
| Bowers v. Hiland Dairy Co., 132 S.W.3d 260 | 413+51 | Statutes and rules relating to appeals in workers' compensation cases are to be construed liberally in favor of allowing appeals to proceed, and, to the extent possible, to permit disposition on the merits. | Do compensation cases be construed liberally to permit disposition on the merits? | 047945.docx | LEGALEASE-00133228-LEGALEASE-00133229 |
| Scott v. Caddo Par. Sch. Bd., 6 So. 2d 806 | 413+1 | Matters relative to compensation claims are governed exclusively by the Workmen's Compensation Act and the articles of the Civil Code are not applicable. Act No. 20 of 1914, as amended, LSA-R.S. 23:1021 et seq. | "Are matters relative to compensation claims governed exclusively by the Workmens Compensation Act, and are the articles of the Civil Code applicable?" | 047965.docx | LEGALEASE-00133424-LEGALEASE-00133425 |
| Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co., 115 F.2d 277 | 413+2189 | Workmen's compensation is not an "indemnity" but is more in the guise of a pension or investment, and like life or accident insurance, is not subject to the principle of subrogation, in absence of statute or specific contractual provision. Code W.Va.1931, 23-1-1 et seq. | Is workmens compensation an indemnity and is it subject to the principle of subrogation? | 047971.docx | LEGALEASE-00133450-LEGALEASE-00133451 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Shapell Indus. v. Superior Court, 132 Cal. App. 4th 1101 | 307A+517.1 | A voluntary dismissal of an entire action deprives the court of subject matter jurisdiction as well as personal jurisdiction of the parties. | Does a voluntary dismissal of an entire action deprive the court of subject matter jurisdiction as well as the personal jurisdiction of the parties? | 028261.docx | LEGALEASE-00133618-LEGALEASE-00133619 |
| Renner v. Hawk, 125 N.C. App. 483 | 307A+517.1 | Effect of voluntary dismissal is to terminate action, and no suit is pending thereafter on which court can enter valid order. Rules Civ.Proc., Rule 41(a)(1), G.S. S 1A-1. | Does the effect of a voluntary dismissal is to terminate the action such that no suit is pending thereafter on which court can enter the valid order? | 028277.docx | LEGALEASE-00133642-LEGALEASE-00133643 |
| Schwalier v. Hagel, 776 F.3d 832 | 34+4 | Secretary of Defense and General Counsel for Department of Defense did not violate law when they stepped in to resolve issue of whether Air Force legally could correct officer's records; Air Force was subcomponent of Department of Defense, and it acted subject to authority, direction, and control of Secretary of Defense, who had prescribed that General Counsel for Department of Defense would resolve legal disagreements. 10 U.S.C.A. SS 111(a)(8), 8013. | Is the Air Force a subcomponent of the Department of Defense? | Armed Services - Memo 109 - JS.docx | LEGALEASE-00023533-LEGALEASE-00023534 |
| State ex rel. Arn v. State Comm'n of Revenue & Taxation, 163 Kan. 240 | 200+99 | The construction and repair of public roads is a "governmental function" which may be exercised by the state or delegated to state or local agencies. | Is the construction and repair of public roads and highways a governmental function which may be exercised by the state or delegated to state or local agencies or bodies? | Highways -Memo 88 - KC.docx | LEGALEASE-00023635-LEGALEASE-00023636 |
| Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | While the date on which the trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, a nonsuit is effective when it is filed. Vernon's Ann.Texas Rules Civ.Proc., Rules 162, 329b. | Does Trial court's plenary power expire upon the trial court's signing of an order dismissing a case? | 028678.docx | LEGALEASE-00133877-LEGALEASE-00133878 |
| Roby v. U.S. Dep't of Navy, 76 F.3d 1052 | 34+5(4) | There is national policy not to subject bona fide conscientious objectors to combatant training and service in the armed forces. | Is there a national policy to subject bona fide conscientious objectors to combatant training and service in the armed forces? | 008476.docx | LEGALEASE-00134218-LEGALEASE-00134219 |
| Kirby v. Gaub, 75 S.W.3d 916 | 307A+517.1 | Once plaintiff files voluntary dismissal of civil action, trial court loses its jurisdiction as there is nothing before court upon which to act. V.A.M.R. 67.02. | "Once plaintiff files a voluntary dismissal of a civil action, does the trial court lose its jurisdiction as there is nothing before court upon which to act?" | 028429.docx | LEGALEASE-00134017-LEGALEASE-00134018 |
| Richman v. Coughlin, 75 S.W.3d 334 | 307A+517.1 | If plaintiff voluntarily dismisses his or her petition prior to the introduction of evidence, no action of the trial court is necessary to effectuate the dismissal. V.A.M.R. 67.02(a). | "If a plaintiff voluntarily dismisses his or her petition prior to the introduction of evidence, is any action of the trial court necessary to effectuate the dismissal?" | 028435.docx | LEGALEASE-00134463-LEGALEASE-00134464 |
| Marino v. King, 355 S.W.3d 629 | 228+185(4) | Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults, and thus using deemed admissions as the basis for summary judgment does not avoid the due-process requirement of flagrant bad faith or callous disregard, which is the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary-judgment burden. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(a, c). | "Where a party moves to withdraw deemed admissions that are merit-preclusive, does due process require the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from flagrant bad faith or callous disregard of the rules?" | 028485.docx | LEGALEASE-00134607-LEGALEASE-00134608 |
| Carty v. McElwee, 31 N.J. Super. 532 | 307A+717.1 | Application for adjournment or continuance based upon absence of a witness is addressed to the sound discretion of trial judge. | Is an application for adjournment or continuance based upon the absence of a witness addressed to the sound discretion of a trial judge? | 028495.docx | LEGALEASE-00134655-LEGALEASE-00134656 |
| Berkshire Aircraft v. AEC Leasing Co., 32 Kan. App. 2d 427 | 307A+486 | No statutory authority authorizes a trial court to allow a party to withdraw or amend admissions in limited action cases. K.S.A. 61-3101(b). | Does statutory authority authorize a trial court to allow a party to withdraw or amend admissions in limited action cases? | Pretrial Procedure - Memo # 2908 - C - NS.docx | ROSS-003331216-ROSS-003331217 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vis v. Harris, 329 Ga. App. 129 | 307A+483 | Failure to make a motion to have admissions withdrawn or amended forecloses remedial action, and therefore the requests for admissions which were not answered or objected to are deemed admitted. West's Ga.Code Ann. S 9-11-36(b). | Does failure to make motion to have admissions withdrawn or amended foreclose remedial action? | Pretrial Procedure - Memo # 2930 - C - NC.docx | ROSS-003318619-ROSS-003318620 |
| Wells Fargo & Co. Express v. Allbright, 78 Ind. App. 574 | 307A+69.1 | A second deposition of the same witness cannot be taken without leave of the court while the first is on file and in full force and effect. | Can a second deposition of the same witness be taken without leave of the court while the first is on file and in full force and effect? | Pretrial Procedure - Memo # 2952 - C - SK.docx | ROSS-003290333-ROSS-003290334 |
| Approximately $14,980.00 v. State, 261 S.W.3d 182 | 307A+486 | The decision to allow or deny the withdrawal of deemed admissions lies within the broad discretion of the trial court. | Does the decision to allow or deny the withdrawal of deemed admissions lie within the broad discretion of the trial court? | Pretrial Procedure - Memo # 2970- C - KG.docx | ROSS-003290795-ROSS-003290796 |
| Ramirez v. Noble Energy, 521 S.W.3d 851 | 307A+486 | Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, courts cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Tex. R. Civ. P. 198.3. | Does the question of whether to permit the withdrawal of deemed admissions lie within the trial court's discretion? | Pretrial Procedure - Memo # 2993 - C - AP.docx | ROSS-003305115-ROSS-003305116 |
| City of Houston v. Riner, 896 S.W.2d 317 | 307A+486 | Trial court possesses broad discretion to permit or deny withdrawal of deemed admissions, and its ruling will be set aside on appeal only upon clear abuse of discretion; "abuse of discretion" occurs when court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Does abuse of discretion occur when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably?" | 028854.docx | LEGALEASE-00134530-LEGALEASE-00134531 |
| Motor Car Classics v. Abbott, 316 S.W.3d 223 | 307A+486 | Trial court did not abuse its discretion in denying motion to strike deemed admissions filed by car dealership's sales manager, against whom buyer of allegedly defective car had filed suit, as manager's attorney failed to file any pleading to withdraw the deemed admissions for over two months after existence of deemed admissions first came to his notice, and did not file motion to strike deemed admissions until date set for hearing on buyer's summary judgment motion, had this issue been addressed reasonably expeditiously by promptly filing a motion to withdraw the deemed admissions, this might have obviated need for hearing on summary judgment motion, and trial court could well have determined that purpose in delaying filing of motion to withdraw the deemed admissions had delay of a final hearing as its primary goal. Vernon's Ann.Texas Rules Civ.Proc., Rules 198.2(c), 198.3. | Is the delay of trial considered a factor in determining prejudice against the other party in determining denial of withdrawal of deemed admissions? | 028966.docx | LEGALEASE-00134713-LEGALEASE-00134714 |
| Neal v. State Farm Fire & Cas. Co., 300 Ga. App. 68 | 307A+486 | Party seeking to withdraw admissions by operation of law for failure to answer requests for admission within 30 days has the burden of establishing that withdrawal of the admissions will subserve or advance the presentation of the merits of the action by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility, or is incredible on its face, and the denial is not offered solely for purposes of delay; failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw. West's Ga.Code Ann. S 9-11-36(b). | "Does the failure to present admissible, credible evidence contradicting the admitted matters justify the denial of the motion to withdraw?" | 029011.docx | LEGALEASE-00134054-LEGALEASE-00134055 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Motor Car Classics v. Abbott, 316 S.W.3d 223 | 307A+486 | To obtain the relief of withdrawing deemed admissions, the proponent of that relief must show good cause, and no undue prejudice. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "To obtain the relief of withdrawing deemed admissions, must the proponent of that relief show good cause, and no undue prejudice?" | Pretrial Procedure - Memo # 3119 - C - MS.docx | ROSS-003289628-ROSS-003289629 |
| Hanh H. Duong v. Bank One, N.A., 169 S.W.3d 246 | 307A+486 | A party may substitute a new response to a request for admission by showing: (1) good cause for the substitution, (2) that the party relying on the response will not be unduly prejudiced, and (3) that the presentation of the merits of the action will be preserved. | What may a party substitute a new response to a request for admission? | 029091.docx | LEGALEASE-00134601-LEGALEASE-00134602 |
| Worldwide Anesthesia Assocs. v. Bryan Anesthesia, 765 S.W.2d 445 | 307A+483 | Requests for admission were deemed admitted without necessity of court order after deadline set by court for answering requests lapsed. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Are requests for admission deemed admitted without the necessity of a court order after a deadline set by court for answering requests lapses? | Pretrial Procedure - Memo # 3500 - C - ES.docx | ROSS-003290942-ROSS-003290943 |
| State ex rel. Tomasic v. Kansas City, 237 Kan. 572 | 360+4.1(2) | States are subject to equal protection clause of Fourteenth Amendment of United States Constitution in exercise of their tax powers, but flexibility and variety appropriate to reasonable taxation schemes are permitted; state taxation scheme must have rational basis for classification based on differences having fair and substantial relation to object of legislation. U.S.C.A. Const.Amend. 14. | Are flexibility and variety of tax schemes appropriate? | 045071.docx | LEGALEASE-00134157-LEGALEASE-00134158 |
| Greenwood Cty. v. Duke Power Co., 81 F.2d 986 | 393+314(1) | Congress' power to authorize expenditure of public money for public purposes is not limited by direct grants of legislative power in Constitution. U.S.C.A. Const. art. 1, S 8, cl. 1. | Is the power of Congress to authorize expenditure of public moneys for public purposes limited by the direct grants of legislative power found in the Constitution? | 045223.docx | LEGALEASE-00134916-LEGALEASE-00134918 |
| Nat'l Iranian Oil Co. v. Ashland Oil, 817 F.2d 326 | 25T+148 | Forum selection clause establishing situs of arbitration must be enforced unless it conflicts with explicit provision of Federal Arbitration Act. 9 U.S.C.A. S 2. | Can a forum selection clause be enforced if it conflicts with an explicit provision of the Federal Arbitration Act? | 007574.docx | LEGALEASE-00135296-LEGALEASE-00135298 |
| Coppedge v. Marsh, 532 F. Supp. 423 | 34+6.1 | A change in status of reserve officer is matter committed solely to discretion of secretary of officer's branch of service or president of United States. | Is a change in the status of the reserved officer a matter committed solely to the discretion of the President and the Secretary of Navy? | 008538.docx | LEGALEASE-00135593-LEGALEASE-00135594 |
| United States v. Frega, 933 F. Supp. 1536 | 63+1(1) | Congress' specific purpose in enacting bribery statute was to close loopholes left by statutes that prohibit theft of federal government property and bribing of federal public officials; latter statutes failed to cover conduct where federal funds were stolen and then commingled with nonfederal funds so that federal funds could not be traced, and they also failed to cover many situations involving nonfederal employees who corruptly administered federal funds. 18 U.S.C.A. SS 201, 641, 666. | What is the specific purpose of Section 666 of the federal bribery statute? | Bribery - Memo #347 - C-JL.docx | ROSS-003290088-ROSS-003290089 |
| Com. v. Clarke, 311 Pa. Super. 446 | 63+1(1) | Under section of crimes code proscribing bribery in official and political matters, once offer to confer proscribed benefit or agreement is made, the crime is complete, and there need be no waiting for benefit to actually be conferred. 18 Pa.C.S.A. SS 4701, 4701(a)(3). | "Under the statute proscribing bribery in official and political matters, when is the crime complete? " | Bribery - Memo #388 - C - LB.docx | LEGALEASE-00024895-LEGALEASE-00024896 |
| Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435 | 221+162 | Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect. | Should comity be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect? | 020748.docx | LEGALEASE-00135816-LEGALEASE-00135818 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hobbs v. Arthur, 264 Ga. 359 | 307A+517.1 | Renewal statute is remedial in nature and is to be construed liberally to allow renewal where suit is disposed of on any ground not affecting its merits. O.C.G.A. S 9-2-61(a). | Is a renewal statute remedial in nature and is to be construed liberally to allow renewal where suit is disposed of on any ground not affecting its merits? | 028542.docx | LEGALEASE-00135242-LEGALEASE-00135243 |
| Marpco v. S. States Pipe & Supply, 377 So. 2d 525 | 307A+716 | Withdrawal of a litigant's attorney on day of trial without previous notice of trial or of intent to withdraw to that litigant is sufficient grounds for a continuance. LSA-C.C.P. art. 1601. | Is withdrawal of a litigant's attorney on the day of the trial without previous notice of trial or of intent to withdraw to that litigant sufficient grounds for a continuance? | 029231.docx | LEGALEASE-00135276-LEGALEASE-00135277 |
| Riggin v. Rea Riggin & Sons, 738 N.E.2d 292 | 307A+716 | The withdrawal of legal counsel does not entitle a party to an automatic pretrial continuance, and the moving party must show diligence in procuring counsel. Trial Procedure Rule 53.5. | "Does the withdrawal of legal counsel not entitle a party to an automatic continuance, and the moving party must show diligence in procuring counsel?" | 029299.docx | LEGALEASE-00135252-LEGALEASE-00135253 |
| Beard Research v. Kates, 981 A.2d 1175 | 307A+331 | A party in litigation or who has reason to anticipate litigation has an affirmative duty to preserve evidence that might be relevant to the issues in the lawsuit. | Does a party in litigation or who has reason to anticipate litigation have an affirmative duty to preserve evidence that might be relevant to the issues in the lawsuit? | 029317.docx | LEGALEASE-00135471-LEGALEASE-00135472 |
| People v. Rocha, 872 P.2d 1285 | 110+577.10(8) | Continuance granted because of substitution of counsel may be chargeable to defendant depending upon facts and circumstances of case and whether substitution was warranted and caused by defendant's actions. West's C.R.S.A. SS 18-1-405, 18-1-405(3). | Will the question of whether continuance be granted because of counsel's absence depends on the facts and circumstances of each particular case? | 029390.docx | LEGALEASE-00135545-LEGALEASE-00135546 |
| Ohio CAT v. Stoneman, 2015-Ohio-3546 | 307A+483 | When a party fails to timely respond to the request for admissions, the admissions become facts of record which the court must recognize. Rules Civ.Proc., Rule 36. | "When a party fails to timely respond to requests for admissions, do the admissions become facts of record that the court must recognize?" | 029562.docx | LEGALEASE-00135415-LEGALEASE-00135416 |
| Zwicky v. Freightliner Custom Chassis Corp., 373 Ill. App. 3d 135 | 157+265(7) | Deemed admissions for failing to respond to request for admissions are considered binding judicial admissions and thus are incontrovertible and may be cited in support of a motion for summary judgment. Sup.Ct.Rules, Rule 216(c). | "Is a deemed admission for failing to respond to a request for admission a judicial admission and is thus incontrovertible, even at the summary judgment stage?" | 029714.docx | LEGALEASE-00135522-LEGALEASE-00135523 |
| Ramirez v. Noble Energy, 521 S.W.3d 851 | 92+3986 | Because merits-preclusive deemed admissions implicate due process concerns, courts must presume that the admissions are merits-preclusive if the record does not affirmatively establish that they are not merits-preclusive. U.S. Const. Amend. 14; Tex. R. Civ. P. 198.3. | "Because merits-preclusive deemed admissions implicate due process concerns, must courts presume that the admissions are merits-preclusive if the record does not affirmatively establish that they are not merits-preclusive?" | 029902.docx | LEGALEASE-00135574-LEGALEASE-00135575 |
| Hammond v. SBC Commc'ns, 365 Ill. App. 3d 879 | 307A+473 | Because a request seeking to admit legal conclusions is improper in form, the failure to respond to that request does not result in a judicial admission. | "Because a request seeking to admit legal conclusions is improper in form, does the failure to respond to that request not result in a judicial admission?" | 029908.docx | LEGALEASE-00135589-LEGALEASE-00135590 |
| Matthews v. Matthews, 184 So. 3d 173 | 307A+485 | The trial court has wide discretion in determining whether to award attorney fees based on a party's failure to admit the truth of any matter that is latter proved to be genuine. LSA-C.C.P. art. 1472. | Does the court have wide discretion in determining whether to award party's attorney's fees for opposing party's failure to admit genuineness of document or truth of any matter? | 030098.docx | LEGALEASE-00135130-LEGALEASE-00135131 |
| Tobin v. Oris, 3 Cal. App. 4th 814 | 307A+483 | Court is required to grant deemed admission motion unless proposed response is served before hearing on that motion; conversely, where proposed response is served prior to hearing and there is no finding that response does not substantially comply with statutory requirements, motion may not be granted. West's Ann.Cal.C.C.P. S 2033(f)(1), (k). | "Where a proposed response is served prior to a hearing and there is no finding that response does not substantially comply with statutory requirements, may a motion not be granted?" | 030239.docx | LEGALEASE-00135743-LEGALEASE-00135744 |
| Clodfelder v. Walker, 234 Ind. 219 | 307A+723.1 | Failure on the part of the party to timely file his motion for continuance operates as a waiver of any right to continuance which he might otherwise have had. Burns' Ann.St. S 2-1301. | Does failure on the part of the party to timely file his motion for continuance operate as a waiver of any right to continuance which he might otherwise have had? | 030387.docx | LEGALEASE-00135895-LEGALEASE-00135896 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Calhoun Beach Holding Co., 205 Minn. 582 | 371+2001 | The word "tax" in its broad meaning includes both general taxes and special assessments, but the courts are reluctant to so hold when the result would be to deplete public revenues. | "Does the word ""tax"" in its broad meaning includes both general taxes and special assessments?" | 045257.docx | LEGALEASE-00135134-LEGALEASE-00135135 |
| Bank of Glen Burnie v. Elkridge Bank, 120 Md App 402 | 83E+452 | Burden of loss from forged endorsement is generally placed on person who dealt with and took instrument in question from forger. | Is the burden of loss from a forged endorsement generally placed on the person who dealt with and took the instrument in question from the forger? | 010174.docx | LEGALEASE-00136563-LEGALEASE-00136564 |
| Swanson v. Sanders, 75 S.D. 40 | 8.30E+186 | A memorandum placed on back of a note at time of execution thereof with intention of making it a part of the note is as binding on the parties as if it were within the body of the instrument. | Should a memorandum or notation placed on the back of a note or an instrument at the time of execution binding on the parties? | Bills and Notes -Memo 235 -VP.docx | ROSS-003318527-ROSS-003318528 |
| United States v. Scruggs, 916 F. Supp. 2d 670 | 63+1(1) | Honest services fraud by bribery requires a quid pro quo, i.e., specific intent to give or receive something of value in exchange for an official act. 18 U.S.C.A. S 1346. | Does honest services fraud by bribery require a quid pro quo? | Bribery - Memo #213 - C-JL.docx | ROSS-003290349-ROSS-003290350 |
| United States v. Curescu, 674 F.3d 735 | 63+1(1) | To be guilty of soliciting or accepting a bribe requires knowing that the money or other thing of value received was indeed a bribe, which is to say an inducement to do a corrupt act. 18 U.S.C.A. S 666(a)(1)(B). | Does bribery require the official to know that the money or other thing of value received was indeed a bribe? | Bribery - Memo #217 - C-JL.docx | ROSS-003289183-ROSS-003289184 |
| People v. Canepa, 295 A.D.2d 247 | 63+1(1) | To support bribery conviction, People were required to prove an understanding in the mind of the bribe maker that the bribe receiver would effectuate the proscribed corruption of public process and was affected to do so by the actus reus of the crime. McKinney's Penal Law S 200.00. | What type of understanding does the prosecution need to prove the bribe-maker possessed in his/her mind in order to support a bribery conviction? | 011699.docx | LEGALEASE-00136593-LEGALEASE-00136594 |
| United States v. Griffin, 154 F.3d 762 | 350H+653(4) | The core difference between a "bribe" and a "gratuity," for purposes of determining whether conviction for bribery is subject to enhancement under Sentencing Guideline governing bribes, rather than Guideline governing illegal gratuities, is not the time the illegal payment is made, but the quid pro quo, or the agreement to exchange cash for official action. 18 U.S.C.A S 666(a)(1)(B); U.S.S.G. SS 2C1.1, 2C1.2, 18 U.S.C.A. | Is the core difference between a bribe and a gratuity the time the illegal payment is made? | Bribery - Memo #448 - C-EB.docx | ROSS-003290124-ROSS-003290127 |
| United States v. Haese, 162 F.3d 359 | 63+1(1) | Statute prohibiting the giving, offering, or promising anything of value to witness for or because of his testimony is not intended to be used when prosecutors offer lenity for witness' truthful testimony; to interpret statute in any other way would apply shackles to government in its pursuit to enforce the law. 18 U.S.C.A S 201(c)(2). | Can a prosecutor to offer lenity for a witness' truthful testimony? | Bribery - Memo #453 - C-JL.docx | ROSS-003291588-ROSS-003291589 |
| United States v. Parise, 159 F.3d 790 | 63+1(1) | Pennsylvania's commercial bribery statute contains no requirement that the affected conduct be in relation to the official duties of an agent or employee, nor does it require a showing that an offender's conduct was adverse to the interests of the employer. 18 Pa.C.S.A S 4108. | Does commercial bribery statute require the offenders conduct to be adverse to the interests of the employer? | 011747.docx | LEGALEASE-00136287-LEGALEASE-00136288 |
| In re French, 320 B.R. 78 | 221+162 | "International comity" is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws. | What is comity or international comity? | International Law - Memo #1044 ANC.docx | ROSS-003291617-ROSS-003291619 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ford Motor Credit Co. v. Updegraff, 218 S.W.3d 61 | 302+9 | In determining whether a petition states a cause of action upon which relief can be granted, conclusions not supported by the facts pled are disregarded. V.A.M.R. 55.05. | Are conclusions not supported by the facts disregarded in determining whether a petition states a cause of action? | 023346.docx | LEGALEASE-00136856-LEGALEASE-00136857 |
| Rodriguez-Farr Ins. Agency v. Sharp, 431 So. 2d 889 | 307A+716 | There is no abuse of discretion in denying a continuance, requested on grounds of conflict in counsel's schedule, where counsel knew or should have known of the conflict for a substantial period of time, and fails to act to obtain a continuance until the last minute. | "Is there no right to continuance because of conflict in counsel's schedule, though a scheduling conflict is discretionary ground for continuance?" | 029350.docx | LEGALEASE-00136078-LEGALEASE-00136079 |
| Brougham Casket & Vault Co. v. DeLoach, 323 Ga. App. 701 | 307A+486 | The burden is on the party who failed to timely and properly respond to the requests for admission, resulting in their being deemed admitted, to take the initiative and file a motion to withdraw or amend the admissions. West's Ga.Code Ann. S 9-11-36(b). | Is the burden on one failing to answer request for admissions to take initiative and file motion to withdraw or amend admissions? | Pretrial Procedure - Memo # 3702 - C - TM.docx | ROSS-003289830-ROSS-003289831 |
| Gribin Von Dyl & Assocs. v. Kovalsky, 185 Cal. App. 3d 653 | 307A+483 | Lack of prejudice does not permit relief from deemed admission where party seeking such relief fails to establish sufficient grounds therefor. | Does a lack of prejudice not permit relief from a deemed admission where a party seeking such relief fails to establish sufficient grounds therefore? | 029995.docx | LEGALEASE-00136743-LEGALEASE-00136744 |
| Eckman v. Centennial Sav. Bank, 757 S.W.2d 392 | 307A+483 | In order to avoid consequences of failure to answer requests for admissions, party must show legal or equitable excuse for that failure. | "In order to avoid consequences of failure to answer requests for admissions, must a party show legal or equitable excuse for that failure?" | 030013.docx | LEGALEASE-00136820-LEGALEASE-00136821 |
| Farm Credit Bank of Omaha v. McLaughlin, 474 N.W.2d 883 | 307A+483 | In applying rule governing deemed admissions, technical consideration should not be allowed to prevail to the detriment of substantial justice, and rule should be liberally construed. Rules Civ.Proc., Rule 36. | "In applying the rule governing deemed admissions, should technical considerations not be allowed to prevail to the detriment of substantial justice and the rule be liberally construed?" | 030175.docx | LEGALEASE-00136762-LEGALEASE-00136763 |
| GeoChem Tech Corp. v. Verseckes, 929 S.W.2d 85 | 307A+723.1 | In ruling on discretionary matter such as motion for continuance, trial court is entitled to take the entire procedural history of the case into account. | "While ruling upon a motion as a matter of discretion, will the trial court take the entire procedural history of the case into account?" | 030211.docx | LEGALEASE-00136144-LEGALEASE-00136145 |
| Milton v. Montgomery Ward & Co., 33 Cal. App. 3d 133 | 307A+483 | After a matter is deemed admitted upon failure to answer request for admissions, scope and effect of the admission must be determined by trial court. West's Ann.Code Civ.Proc. S 2033(a). | Should the scope and effect of the admission be determined by the trial court after a matter is deemed admitted? | Pretrial Procedure - Memo # 3937 - C - KBM.docx | ROSS-003291725-ROSS-003291726 |
| Lucas v. Clark, 347 S.W.3d 800 | 307A+483 | Generally, when a party fails to respond to a request for admission, either by timely answer, written objection, or motion to file late answers, the facts contained in the request are deemed admitted. | Are the facts in a failure to answer a request for admissions deemed admitted? | 030230.docx | LEGALEASE-00136389-LEGALEASE-00136390 |
| Smith v. Emery, 109 Nev. 737 | 307A+483 | Failure to respond to a request for admissions will result in those matters being deemed conclusively established, even if the established matters are ultimately untrue. Rules Civ.Proc., Rule 36. | "Will failure to respond to a request for admissions result in those matters being deemed conclusively established, even if the established matters are ultimately untrue?" | 030233.docx | LEGALEASE-00136486-LEGALEASE-00136487 |
| Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | In order for request for admission to be of "substantial importance" so as to warrant imposing expenses of proving truth of requested admission upon party denying admission under S 2034(c), request should have at least some direct relationship to a central issue in case, i.e., an issue which, if not proven, will alter results in case. West's Ann.Cal.C.C.P. S 2034(c). | "Should a request have some direct relationship to a central issue in the case, in order for request for admission to be of ""substantial importance""?" | 030249.docx | LEGALEASE-00136888-LEGALEASE-00136889 |
| Shaw v. Nat'l Cty. Mut. Fire Ins. Co., 723 S.W.2d 236 | 307A+481 | Admission once admitted, deemed or otherwise, is judicial admission and party may not then introduce controverting testimony in any legal proceeding related to action. | Can a party introduce controverting testimony in any legal proceeding related to action in a judicial admission? | Pretrial Procedure - Memo # 4101 - C - NC.docx | ROSS-003289953-ROSS-003289954 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Concord Towers v. Long, 348 A.2d 325 | 307A+720 | Unfair surprise advantage obtained by party through its failure to abide by discovery rules is not to be condoned, and thus while continuance to take deposition or interview witness is ordinarily appropriate remedy where witness' identity is untimely disclosed, it is not automatically so. Superior Court Rules, Civil Rule 26(e), Del.C.Ann. | Is an unfair surprise advantage obtained by a party through its failure to abide by discovery rules not to be condoned? | 030836.docx | LEGALEASE-00136928-LEGALEASE-00136929 |
| Heath v. Masotti, 55 N.Y.S.2d 416 | 307A+173 | The right to examine adverse party before trial is practically unrestricted so long as inquiry is directed to relevant issues. | Is the right to examine an adverse party before trial practically unrestricted so long as the inquiry is directed to relevant issues? | Pretrial Procedure - Memo # 4438 - C - NC.docx | ROSS-003331657-ROSS-003331659 |
| Ex parte Lowengart, 59 So. 3d 673 | 307A+36.1 | In order to be entitled to jurisdictional discovery, the plaintiff must allege facts that would support a colorable claim of jurisdiction. | "In order to be entitled to jurisdictional discovery, must the plaintiff allege facts that would support a colorable claim of jurisdiction?" | 031188.docx | LEGALEASE-00137031-LEGALEASE-00137032 |
| Cohen v. Laird, 315 F. Supp. 1265 | 34+5(4) | The Army may rest a denial of application for discharge as a conscientious objector on disbelief of sincerity of serviceman, without more; such disbelief may not, though, be an arbitrary determination; it must, on the contrary, be honest and rational. Military Selective Service Act of 1967, S 6(j), 50 U.S.C.A.App. S 456(j). | Can the Army rest a denial of application for discharge as a conscientious objector on disbelief of sincerity of the serviceman? | 008495.docx | LEGALEASE-00137322-LEGALEASE-00137323 |
| Smith v. Sec'y of Army, 384 F.3d 1288 | 34+5(6) | In a challenge to a decision not to promote a military service member, the Military Pay Act ordinarily does not give rise to a right to the pay of the higher rank for which the plaintiff was not selected. 37 U.S.C.A. S 204. | Does the Military Pay Act give rise to a right to the pay of the higher rank for which the plaintiff was not selected? | 008510.docx | LEGALEASE-00137388-LEGALEASE-00137389 |
| E. E. Rivet & Sons v. Durand, 53 R.I. 48 | 8.30E+186 | When marginal notation, which does not purport to be collateral agreement, but only restatement of amount or date of note, conflicts with terms in main body thereof, notation will be disregarded as not part of note. | Will marginal notation(s) be regarded as part of a note if it conflicts with the terms of its main body? | Bills and Notes -Memo 216- GP.docx | ROSS-003303806-ROSS-003303807 |
| State v. Lopez, 522 So. 2d 997 | 63+1(1) | Bribery statute prohibits any payment intended to influence performance of any act by public servant, even if person pays for doing of act the public servant is legally bound to do. West's F.S.A. S 838.015(1). | Does the bribery statute prohibit payments that are intended to influence an act that someone was legally bound to do? | Bribery - Memo #524 - C - LB.docx | ROSS-003290156-ROSS-003290157 |
| State v. Farrar, 190 N.C. App. 202 | 67+10 | The elements of burglary in the first degree are: (1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) which is actually occupied at the time of the offense (6) with the intent to commit a felony therein. | Is night time an element of burglary? | 012604.docx | LEGALEASE-00137600-LEGALEASE-00137602 |
| People v. Koberstein, 103 A.D.2d 1021 | 110+795(2.35) | Although burglary in the second degree is a lesser-included offense of burglary in the first degree, there was no reasonable view of evidence to support finding that defendant committed the lesser offense but did not commit the greater offense, and thus trial court did not err in refusing to charge burglary in the second degree as a lesser-included offense of a second count of burglary in the first degree. McKinney's CPL SS 1.20, subd. 37, 300.50, subd. 1. | Is second degree burglary a lesser included offense of first degree burglary? | Burglary - Memo 108 - JS.docx | ROSS-003290427-ROSS-003290429 |
| State v. Solano, 181 Neb. 716 | 67+42(3) | Mere possession of stolen property standing alone is insufficient to justify burglary conviction, but such possession is circumstance which, taken in connection with other incriminating evidence, may be considered in determining question of guilt. | Is mere possession of stolen goods sufficient for a burglary charge? | Burglary - Memo 139 - JS.docx | ROSS-003331010-ROSS-003331012 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marshall v. Vise, 767 S.W.2d 699 | 307A+483 | Unanswered requests for admissions are automatically deemed admitted, unless court on motion permits there withdrawal or amendment. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Are unanswered requests for admissions automatically deemed admitted, unless a court on motion permits their withdrawal or amendment?" | 030159.docx | LEGALEASE-00137164-LEGALEASE-00137165 |
| Arcata Graphics Co. v. Heidelberg Harris, 874 S.W.2d 15 | 307A+723.1 | When trial court grants motion to amend, opposing party must request continuance if it believes it has been prejudiced; if continuance is not requested, party against whom amendment was granted may not complain on appeal. Rules Civ.Proc., Rule 15.01. | "When a trial court grants a motion to amend, must the opposing party request continuance if it believes it has been prejudiced?" | Pretrial Procedure - Memo # 4152 - C - DA.docx | ROSS-003304131-ROSS-003304132 |
| Ex parte Troncalli Chrysler Plymouth Dodge, 876 So. 2d 459 | 307A+36.1 | A court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction. | Does a court have the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction? | Pretrial Procedure - Memo # 4473 - C - ES.docx | ROSS-003330509-ROSS-003330510 |
| Chenango Cty. Nat. Bank & Tr. Co. of Norwich v. Lyon, 190 Misc. 358 | 307A+91 | Great liberality is permitted in the examination of an adverse party before trial particularly when the party sought to be examined stands in a fiduciary capacity. | Is great liberality permitted in the examination of an adverse party before trial particularly when the party sought to be examined stands in a fiduciary capacity? | 031041.docx | LEGALEASE-00138011-LEGALEASE-00138012 |
| Anderson Columbia v. Brown, 902 So. 2d 838 | 307A+36.1 | Discovery of opposing party's legal costs is matter best left to sound discretion of trial court. | Is discovery of opposing party's legal costs a matter best left to the sound discretion of a trial court? | 031252.docx | LEGALEASE-00137215-LEGALEASE-00137216 |
| Slattery v. Parsons, 17 N.Y.S.2d 6 | 307A+91 | Fact that a party seeking to take depositions before trial already has knowledge of the facts sought by the examination is not sufficient reason for refusing the examination. Civil Practice Act, S 288. | Is the fact that a party seeking to take depositions before trial already has knowledge of the facts sought by the examination not a sufficient reason for refusing the examination? | 031433.docx | LEGALEASE-00137460-LEGALEASE-00137461 |
| McGirl v. Wiltz, 148 S.W.2d 822 | 307A+725 | The chief consideration to be weighed in passing on an application for a continuance is whether its grant or denial will be in furtherance of substantial justice. | Is the chief consideration to be weighed in passing upon an application for a continuance is whether its grant or denial will be in furtherance of substantial justice? | 031594.docx | LEGALEASE-00138071-LEGALEASE-00138072 |
| Davis v. State, 142 So. 3d 867 | 67+3 | To justify conviction for burglary, it is necessary not only to show that a person entered the building of another person but, in addition, that, at the time that he did so, he intended to commit a crime therein; intent to commit a crime therein must coexist with the physical act of entry. Code 1972, S 97-17-21. | Does intent coexist with entry in burglary? | Burglary - Memo 179 - KNR.docx | ROSS-003329227-ROSS-003329229 |
| Menotti v. City of Seattle, 409 F.3d 1113 | 92+1498 | First Amendment does not guarantee right to communicate one's views at all times and places or in any manner that may be desired. U.S.C.A. Const.Amend. 1. | Does the First Amendment guarantee the right to communicate one's views at all times and places or in any manner that may be desired? | 014285.docx | LEGALEASE-00138736-LEGALEASE-00138737 |
| Kamler v. Kamler, 213 S.W.3d 185 | 307A+723.1 | Lack of a properly filed written continuance accompanied by an affidavit stating the reasons for the request is grounds to deny a continuance. V.A.M.R. 65.03. | Is a lack of a properly filed written continuance accompanied by an affidavit stating the reasons for the request grounds to deny a continuance? | 030591.docx | LEGALEASE-00138182-LEGALEASE-00138183 |
| Jones v. Jones, 16-536 (La. App. 5 Cir. 4/26/17), 220 So. 3d 855 | 307A+723.1 | A trial court lacks the discretion to reject the uncontroverted facts established in a party's first motion for continuance. Vernon's Ann.Texas Rules Civ.Proc., Rule 251. | Does a trial court lack the discretion to reject the uncontroverted facts established in a party's first motion for continuance? | Pretrial Procedure - Memo # 4203 - C - SK.docx | ROSS-003291026-ROSS-003291027 |
| Sleezer v. Lang, 170 Neb. 239 | 307A+725 | It is within discretion of court to permit defendant, during course of trial, to amend answer so as to present new defense; in such a case the plaintiff, if not prepared to meet new issue, may have continuance, upon such terms as court may deem just. R.R.S.1943, S 25-852. | "Is it within the discretion of a court to permit a defendant, during course of trial, to amend an answer so as to present a new defense?" | 030865.docx | LEGALEASE-00138734-LEGALEASE-00138735 |
| Friedman v. Heart Inst. of Port St. Lucie, 863 So. 2d 189 | 307A+36.1 | The disclosure of personal financial information during discovery may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. | "Can the disclosure of personal financial information during discovery cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant?" | Pretrial Procedure - Memo # 4435 - C - ES.docx | ROSS-003316361-ROSS-003316362 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Revocation of Access of Block No. 1901, Lot No. 1, Borough of Paramus, Bergen Cty. Parkway 17 Assocs., 324 N.J. Super. 322 | 307A+36.1 | Discovery does not normally include the right to explore the mental processes of government officials respecting why they did or did not take a particular course of action or adopt a particular proposal. | Does discovery include the right to explore the mental processes of government officials? | Pretrial Procedure - Memo # 4834 - C - RF.docx | ROSS-003291218-ROSS-003291219 |
| Riordan v. Riordan, 252 S.W.2d 901 | 307A+713 | A trial court has broad discretion in granting or overruling a motion for a continuance, and the appellate court will not interfere unless that discretion is clearly abused. | "Does a trial court have broad discretion in granting or overruling a motion for a continuance, and will not interfere in the exercise of that discretion unless it is clearly abused?" | 031663.docx | LEGALEASE-00138401-LEGALEASE-00138402 |
| Goldston Bros. v. Newkirk, 233 N.C. 428 | 307A+725 | Intimation in a judgment that further proceedings be held in abeyance pending the trial of another case could not be interpreted as requiring a postponement of further proceedings in the instant case. | "Can an intimation in a judgment that further proceedings be held in abeyance pending the trial of another case, be interpreted as requiring a postponement of further proceedings?" | Pretrial Procedure - Memo # 4875 - C - NS.docx | ROSS-003318135-ROSS-003318136 |
| Edgefield Mfg. Co. v. Maryland Cas. Co., 78 S.C. 73 | 307A+74 | Testimony de bene esse taken in typewriting was good without a certificate of notary that it was written by the witness or read over to him. | Is testimony de bene esse taken in typewriting good without a certificate of notary that it was written by the witness or read over to him? | 031768.docx | LEGALEASE-00138452-LEGALEASE-00138453 |
| Bank of New Orleans & Tr. Co. v. Lambert, 373 So. 2d 550 | 307A+726 | In view of fact that trial judge had granted a number of delays previously, trial court did not abuse its discretion in proceeding with the trial to the extent of sustaining an exception to a reconventional demand in the absence of defense attorney. | Will the court abuse its discretion in proceeding with the trial to the extent of sustaining an exception to a reconventional demand in absence of defense attorney? | 031774.docx | LEGALEASE-00138466-LEGALEASE-00138467 |
| Ex parte Green, 103 S.W. 503 | 307A+74 | In order to authorize the reading of depositions, it must appear from the return of the officer taking them that they were taken in pursuance of the notice. | "In order to authorize the reading of depositions, must it appear from the return of the officer taking them that they were taken in pursuance of the notice?" | Pretrial Procedure - Memo # 4944 - C - TM.docx | ROSS-003291787-ROSS-003291788 |
| Fields Bros. Gen. Contractors v. Rueckstics, 288 Ga. App. 674 | 307A+747.1 | A pretrial order is to be construed liberally to allow the consideration of all questions fairly within the ambit of contested issues. | Should a pretrial order be construed liberally to allow the consideration of all questions fairly within the ambit of contested issues? | Pretrial Procedure - Memo # 5060 - C - KBM.docx | ROSS-003304728-ROSS-003304729 |
| State ex rel. Ford v. Adolf, 724 S.W.2d 612 | 307A+36.1 | Even if only "net worth" of defendants from whom punitive damages are sought is admissible, evidence of defendants' assets, even those jointly held, is discoverable, in that information pertaining to defendants' liabilities may later be sought, and thus information pertaining to assets can lead to determination of net worth. V.A.M.R. 56.01(b). | "Is evidence of defendants' assets, even those jointly held, discoverable?" | Pretrial Procedure - Memo # 5103 - C - ES.docx | ROSS-003304366-ROSS-003304367 |
| Empire Dist. Elec. Co. v. Johnston, 241 Mo. App. 759 | 307A+74 | By proceeding to trial without any attack upon or complaint about a deposition, irregularities in connection with taking thereof are waived. | "By proceeding to trial without any attack upon or complaint about a deposition, are irregularities in connection with taking thereof waived?" | 032070.docx | LEGALEASE-00138479-LEGALEASE-00138481 |
| Hodge v. Borden, 91 Idaho 125 | 307A+74 | Rule relating to reading of deposition and the making of changes therein by witness contemplates that both the original and changed testimony will appear in deposition together with the reason given by witness for making the changes. Rules of Civil Procedure, rule 30(e). | Does the rule relating to a reading of deposition and the making of changes therein by witness contemplate that both the original and changed testimony will appear in a deposition together? | 032078.docx | LEGALEASE-00138497-LEGALEASE-00138498 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gov't of Fed'n of Saint Christopher & Nevis v. Detroit Diesel Corp., 368 F. Supp. 2d 155 | 308+99 | Under Puerto Rico law, doctrine of apparent authority applies to cases where: (1) plaintiff trusted in good faith in conduct before him, and (2) said trust could lead reasonable person to believe that in fact there was principal-agent relationship. | How is doctrine of apparent authority applied in principal and agent relationship? | 041343.docx | LEGALEASE-00138790-LEGALEASE-00138791 |
| Tillotson v. Abbott, 205 Kan. 706 | 307A+742.1 | Pretrial conference provided for by statute is designed to acquaint each party in advance of trial with factual contentions of opposite parties as to matters in dispute, thus reducing opportunity for maneuver and surprise during trial, and enabling all parties to better prepare testimony on issues to be tried. K.S.A. 60-216. | "What is a pretrial conference provided for by a statute, designed to do?" | Pretrial Procedure - Memo # 1392 - C - DA.docx | ROSS-003302044-ROSS-003302045 |
| Whisman v. Fawcett, 470 N.E.2d 73 | 307A+749.1 | Reasons for avoiding overly technical application of pretrial orders are amplified when pretrial order is not definitive, specific, complete, or detailed. | "Are reasons for avoiding overly technical application of pretrial orders amplified when a pretrial order is not definitive, specific, complete, or detailed?" | 027295.docx | LEGALEASE-00139260-LEGALEASE-00139261 |
| In re Marriage of Borowczyk, 78 Ill. App. 3d 425 | 307A+485 | Where facts requested to be admitted are properly admitted or denied with a qualified answer, costs and fees will not be assessed against party who refused to admit. Supreme Court Rules, rule 219(b), S.H.A. ch. 110A, S 219(b). | "Will costs and fees be assessed against party who refused to admit, if facts requested to be admitted are properly admitted or denied with a qualified answer?" | 030752.docx | LEGALEASE-00139101-LEGALEASE-00139102 |
| Burns v. Hayes, 193 Misc. 501 | 307A+91 | Where relationship of principal and agent or similar relationship exists between parties to an action the technical rules governing examination of a party before trial should be relaxed. | "Where the relationship of a principal and agent to an action, should the technical rules governing examination of a party before trial be relaxed?" | 030944.docx | LEGALEASE-00139134-LEGALEASE-00139136 |
| Potts v. Howser, 267 N.C. 484 | 307A+91 | An examination for purpose of obtaining evidence to be used at trial is a matter of right after both examining party and person being examined have filed their pleadings. G.S. S 1-568.9(c). | Is an examination for the purpose of obtaining evidence to be used at trial a matter of right after both examining a party and a person being examined have filed their pleadings? | Pretrial Procedure - Memo # 4443 - C - SKG.docx | ROSS-003289172-ROSS-003289173 |
| Brand v. Butts, 242 A.D. 149 | 307A+91 | Rationale of depositions, taken pursuant to statute, is an old chancery practice relating to bill of discovery, entitling party to sift his adversary's conscience. Civil Practice Act, S 288. | Is the rationale of depositions an old chancery practice relating to a bill of discovery? | 031540.docx | LEGALEASE-00139187-LEGALEASE-00139188 |
| Todd v. Bear Valley Vill. Apartments, 980 P.2d 973 | 307A+725 | While not required, better practice is for trial court to articulate the reasons underlying its conclusion that good cause for a continuance was either demonstrated or not. Rules Civ.Proc., Rule 121. | Is a court required to articulate the reasons underlying its conclusion that good cause for a continuance was demonstrated or not? | 031572.docx | LEGALEASE-00139212-LEGALEASE-00139213 |
| Goehring v. Superior Court (Bernier), 62 Cal. App. 4th 894 | 307A+36.1 | Plaintiff is generally entitled to conduct discovery with regard to jurisdiction issue before court rules on motion to quash. | Is a plaintiff generally entitled to conduct discovery with regard to jurisdiction issue before court rules on motion to quash? | Pretrial Procedure - Memo # 5011 - C - PC.docx | LEGALEASE-00029057-LEGALEASE-00029058 |
| In re Briggs' Estate, 180 A.D. 843 | 307A+91 | The Supreme Court has no inherent power to compel a party to submit to examination before trial, and can only do so where statutory authority exists. | "Does the Supreme Court have the inherent power to compel a party to submit to examination before trial, and can only do so where statutory authority exists?" | Pretrial Procedure - Memo # 5013 - C - SB.docx | ROSS-003287833-ROSS-003287834 |
| Knight v. Waggoner, 359 S.C. 492 | 307A+501 | Ordinarily, a plaintiff is entitled to a voluntary dismissal without prejudice as a matter of right, unless there is a showing of legal prejudice to the defendant; if no legal prejudice is shown, the trial judge has no discretion with respect to granting a dismissal without prejudice, but if prejudice to the other party is shown, the matter becomes one of discretion for the trial judge. | Is a plaintiff entitled to a voluntary dismissal without prejudice as a matter of right without a showing of legal prejudice to the defendant? | 032199.docx | LEGALEASE-00139023-LEGALEASE-00139024 |
| Knightstown Banner v. Town of Knightstown, 882 N.E.2d 270 | 307A+501 | Voluntary dismissals should generally be allowed unless the defendant will suffer legal prejudice, other than the mere prospect of a second lawsuit. Trial Procedure Rule 41(A)(2). | Should dismissals be allowed unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit? | 032638.docx | LEGALEASE-00139244-LEGALEASE-00139245 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hartley v. Hartley, 435 A.2d 1052 | 307A+501 | Rule stating that an action may be dismissed by plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment grants a petitioner the absolute right to dismiss his action voluntarily at any time before the respondent files a responsive pleading or a motion for summary judgment. 13 Del.C. S 1511; Superior Court Civil Rule 41(a)(1)(I), Del.C.Ann. | Can equitable considerations obviate a rule that the petitioner has an absolute right to dismiss his action voluntarily? | 032647.docx | LEGALEASE-00139313-LEGALEASE-00139314 |
| Christian v. United States, 46 Fed. Cl. 793 | 34+5(8) | Generally, under the waiver doctrine, issues and arguments not made before a military correction board or administrative agency are deemed waived and may not be raised in a judicial tribunal. | Are the issues and arguments not made before the relevant Military Correction Board deemed waived? | 008529.docx | LEGALEASE-00139498-LEGALEASE-00139499 |
| Epstein v. Geren, 539 F. Supp. 2d 267 | 34+5(8) | When a military member seeks to overturn the final decision of a military correction board, the court has a very limited scope of review. 10 U.S.C.A. S 1552. | Does the court have a very limited scope of review when a military member seeks to overturn the final decision of a Military Correction Board? | Armed Services - Memo 178 - JS.docx | ROSS-003302149-ROSS-003302150 |
| Carroll v. Bergen, 2002 WY 166 | 307A+750 | A pretrial order controls the issues to be litigated, allowing the parties to rely on the pretrial order exhibit and witness lists to prepare their cases, and the trial court is vested with extensive authority to enforce its pretrial order. | Does a pretrial order control the issues to be litigated? | 027519.docx | LEGALEASE-00139406-LEGALEASE-00139407 |
| Carlton v. Emhardt, 138 Ariz. 353 | 307A+749.1 | Pretrial statement controls subsequent course of litigation otherwise modified at trial to prevent manifest injustice. 17A A.R.S. Super.Ct.Uniform Prac.Rules, Rule 6(a). | Does a pretrial statement control a subsequent course of litigation otherwise modified at trial to prevent manifest injustice? | 028007.docx | LEGALEASE-00139482-LEGALEASE-00139483 |
| Rowe v. Rodriguez-Schmidt, 89 So. 3d 1101 | 307A+36.1 | The burden to prove that personal financial information is relevant or reasonably calculated to lead to the discovery of admissible evidence, so as to overcome the protection of such information pursuant to the right of privacy under the Florida Constitution, is on the party seeking the information. West's F.S.A. Const. Art. 1, S 23. | Is the burden to prove that information relevant or reasonably calculated to lead to the discovery of admissible evidence on the party seeking the information? | Pretrial Procedure - Memo # 4551 - C - NS.docx | ROSS-003331664-ROSS-003331665 |
| Calcor Space Facility v. Superior Court, 53 Cal. App. 4th 216 | 307A+24 | Burden rests upon party seeking discovery to provide specific factual evidence from which court may determine that matter sought is either itself admissible in evidence or appears reasonably calculated to lead to discovery of admissible evidence. West's Ann.Cal.C.C.P. SS 2017(a), 2031(I ). | Is the burden to prove that information relevant or reasonably calculated to lead to the discovery of admissible evidence on the party seeking the information? | 031158.docx | LEGALEASE-00139551-LEGALEASE-00139552 |
| M.M. ex rel. Meyers v. GlaxoSmithKline LLC, 2016 IL App (1st) 151909 | 307A+554 | On a motion to dismiss for lack of personal jurisdiction, plaintiffs need not prove their case, but rather must only establish a prima facie case, where all well-pleaded facts are taken as true. | "On a motion to dismiss for lack of personal jurisdiction, need plaintiffs not prove their case?" | 032801.docx | LEGALEASE-00139687-LEGALEASE-00139688 |
| Bittel v. Farm Credit Servs. of Cent. Kansas, 265 Kan. 651 | 185+1.8 | Oral promise on the part of a lender to extend credit in the future may not be considered a modification of a debtor's promissory note and falls within the definition of "credit agreement" in Credit Agreement Act; as such, Act requires such an agreement to be in writing and signed by both the creditor and debtor. K.S.A. 16-117(a), 16-118(a). | Can an oral promise be considered as modification of promissory note? | 010264.docx | LEGALEASE-00140175-LEGALEASE-00140176 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Canella, 63 F. Supp. 377 | 63+3 | The offense of asking, accepting and receiving money with intent thereby to influence official action can only be committed by one who is an officer of the United States or who is acting for or on behalf of the United States in any official capacity, the givers of bribes being punishable under a different section of the Criminal Code. Cr.Code, SS 39, 117, 18 U.S.C.A. SS 201, 202. | Can the offense of bribery be committed by anyone other than one who is an officer of the United States or who is acting for or on behalf of the United States in any official capacity? | 012091.docx | LEGALEASE-00140698-LEGALEASE-00140699 |
| KootenaiCty. v. Hope Lumber Co., 13 Idaho 262 | 200+150 | Under Rev.St.1887, S 901, providing that corporations or other employers of residents in any highway district are responsible for the road poll tax assessed against their employ√©s, and that a notice to the employer or managing agent requiring the payment of the road poll tax of the employ√© charges the employer or corporation therewith, such corporations or employers may be made responsible for the road poll tax assessed against their employ√©s by proper notice given, provided that when the notice is given or thereafter, the employer becomes indebted to the employ√©. | Are corporations or other employers of residents responsible for the road poll tax assessed against their employees? | 018667.docx | LEGALEASE-00139729-LEGALEASE-00139730 |
| Alabama Pension Comm'n v. Morris, 242 Ala. 110 | 296+2 | The statute providing that of a Confederate soldier or sailor who has again become a widow is entitled to a pension, provided her last husband was a Confederate soldier or sailor entitled to pension though its purpose was to qualify restrictions against remarriage as precluding right to claim pension if remarriage was to a Confederate soldier or sailor entitled to pension, contemplates that the right to apply for pension is as the widow of the last husband. Code 1940, Tit. 60, S 8. | Is the divorced wife of a confederate soldier entitled to pension as a husband's widow after his death? | 022805.docx | LEGALEASE-00140580-LEGALEASE-00140581 |
| Overholser v. Glynn, 267 Cal. App. 2d 800 | 307A+749.1 | It is duty of trial court to determine each of issues in accordance with pretrial conference order, which controls conduct of litigation and where inconsistent, supersedes the pleadings. Cal.Rules of Court, rule 216. | Is it the duty of a trial court to determine issues in accordance with pretrial conference order which controls conduct of the litigation? | Pretrial Procedure - Memo # 2411 - C - ES.docx | ROSS-003291202-ROSS-003291203 |
| Feykert v. Hardy, 213 Cal. App. 2d 67 | 307A+749.1 | Until presented with request for its modification, trial judge has right to rely on posture of case defined by pretrial conference order. | Does a trial judge and parties have a right to rely upon a posture of a case as defined by a pretrial order until a request for modification is made? | Pretrial Procedure - Memo # 2416 - C - SHS.docx | ROSS-003302771-ROSS-003302772 |
| Perel v. Brannan, 267 Va. 691 | 307A+486 | The permissive word "may" in rule governing requests for admissions, which states that the court "may permit withdrawal or amendment" of an admission if the merits of the action will be subserved and there is no prejudice, makes the court's decision on the issue discretionary. Sup.Ct.Rules, Rule 4:11(b). | Is the decision of whether to permit withdrawal of an admission a discretionary one? | Pretrial Procedure - Memo # 3242 - C - KS.docx | ROSS-003302574-ROSS-003302575 |
| Jackson Hill Coal & Coke Co. v. Bales, 183 Ind. 276 | 307A+720 | Each party may amend pleadings before or during trial by leave of court, with right to opposite party to continuance if amendment requires additional proof. | Should each party amend pleadings before or during trial by leave of court with the right to opposite party to continuance if amendment requires additional proof? | Pretrial Procedure - Memo # 4670 - C - SN.docx | ROSS-003289399-ROSS-003289400 |
| Baldwin Union Free Sch. Dist. v. County of Nassau, 9 N.E.3d 351 | 268+73 | Given the overarching constitutional principle that the power of taxation lies with the state, any ambiguity in the constitutional restrictions on local legislation should be construed in favor of limiting local supersession of state tax laws. | How does ambiguity in the constitutional restrictions on local legislation be construed? | 032314.docx | LEGALEASE-00139999-LEGALEASE-00140000 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Turner v. Hardin, 80 Iowa 691 | 307A+74 | Under Code 1873, S 3738, which provides that on taking a deposition on interrogatories neither party shall be present at the examination unless both are present, and that the certificate of the officer taking the deposition "shall state such fact if party or agent is present," it will be presumed that neither party was present where the certificate is silent and there is no showing to the contrary; and a motion to suppress a deposition because the certificate does not show that either of the parties was present is properly overruled. | "When depositions are taken on commission, with interrogatories attached, can party attend in person or by attorney, unless the adverse party is present or is represented?" | 032322.docx | LEGALEASE-00140098-LEGALEASE-00140099 |
| S. Pac. R. Co. v. Royal, 23 S.W. 316 | 307A+74 | Where neither the caption nor certificate of a deposition contains the title of the cause, a reference in the caption to the "annexed commission" is not sufficient to identify the case in which the deposition was taken. | "Where neither the caption nor certificate of a deposition contains the title of the cause, is a reference in the caption to the ""annexed commission"" sufficient to identify the case in which the deposition was taken?" | 032439.docx | LEGALEASE-00140464-LEGALEASE-00140465 |
| N. Pole Corp. v. Vill. of E. Dundee, 263 Ill. App. 3d 327 | 371+2060 | "Tax" exacts contributions in return for general welfare, whereas "special assessment" is charge levied against specific property in return for particular benefit to that property. S.H.A. 65 ILCS 5/9-2-45. | "Is ""special assessment"" a charge levied against specific property in return for particular benefit to that property?" | Taxation - Memo # 241 - C - NA.docx | ROSS-003289659-ROSS-003289660 |
| United States v. Keen, 676 F.3d 981 | 234+2 | Statute prohibiting theft or bribery concerning programs receiving Federal funds was enacted to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery. 18 U.S.C.A. S 666. | "According to Congress, what is the purpose of the statute governing theft and bribery in relation to federally funded programs?" | Bribery - Memo #637 - C-JL.docx | LEGALEASE-00030587-LEGALEASE-00030588 |
| United States v. Grubb, 11 F.3d 426 | 63+1(2) | Exemption in federal statute prohibiting bribery of agent of state or local organization which receives benefits in excess of $10,000 under federal program for "bona fide" wages did not apply to defendant judge's participation in bribery of county sheriff by friend of judge's in return for two years of part-time work in order that friend could get his Social Security and state pension benefits; friend's wages were not "bona fide" and not "in course of usual business" within meaning of exception. 18 U.S.C.A. SS 2, 201, 666(a)(2), (c), 1341. | "Where payments to bribe receiver were not made in the usual course of business, should the bona fide wage rule be applied as an exception to bribery statute?" | 011971.docx | LEGALEASE-00140967-LEGALEASE-00140969 |
| United States v. Dubon-Otero, 76 F. Supp. 2d 161 | 110+2033 | Federal witness-bribery statute does not prohibit government from pledging more lenient treatment or like measures to cooperating witnesses. 18 U.S.C.A. S 201(c)(2). | Does federal witness-bribery statute prohibit government from pledging more lenient treatment or like measures to cooperating witnesses? | 011976.docx | LEGALEASE-00140873-LEGALEASE-00140874 |
| United States v. Parlavecchio, 903 F. Supp. 788 | 36+2 | Terms "extortion," "bribery," and "arson" contained in Travel Act are to be read more broadly than their strict common law definitions. 18 U.S.C.A. S 1952(b). | "Are the terms ""extortion,"" ""bribery,"" and ""arson"" contained in the Travel Act supposed to be read more broadly than their strict common law definitions?" | 012150.docx | LEGALEASE-00141953-LEGALEASE-00141954 |
| Jarecki Mfg. Co. v. Merriam, 104 Kan. 646 | 113+3 | A good custom, invocable as tacitly affecting a contract, must be definite and certain, well-established, uniformly and universally prevalent and observed, of general notoriety, and acquiesced in without contention so long and so continuously that contracting parties either had it in mind or ought to have had it in mind when contracting. | "What constitutes a custom which tacitly attends the obligation of a contract, the habit, mode, or course of dealing in the particular trade?" | 014165.docx | LEGALEASE-00141793-LEGALEASE-00141794 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| King v. Modern Music Co., 33 P.3d 947 | 226H+1 | A "joint venture" is generally a relationship analogous to, but not identical with, a partnership, and is often defined as an association of two or more persons to carry out a single business enterprise with the objective of realizing a profit. | Is the relationship of joint venture analogous to that of partnership? | 022370.docx | LEGALEASE-00141993-LEGALEASE-00141994 |
| Taylor v. Sauls, 772 So. 2d 686 | 307A+723.1 | Moving party has burden of showing he met the requisites set forth in article governing peremptory grounds for granting continuance, and in deciding whether to grant or deny a continuance, trial judge must consider the particular facts in each case, as well as effect a continuance would have on the administration of justice. LSA-C.C.P. art. 1602. | Does the moving party have a burden of showing he met the requisites set forth in article governing peremptory grounds for granting continuance? | 030728.docx | LEGALEASE-00141403-LEGALEASE-00141404 |
| Ulrich v. Ulrich, 366 P.2d 999 | 307A+74 | Proper interpretation of discovery rules admits great latitude in examination of party by interrogatory but such privilege is not without its limitations. Rules of Civil Procedure, rules 26(b), 33. | Does the proper interpretation of discovery rules admit great latitude in examination of party by an interrogatory? | Pretrial Procedure - Memo # 5163 - C - SB.docx | ROSS-003304749-ROSS-003304750 |
| Borders v. Barber, 81 Mo. 636 | 307A+74 | Where a deposition is taken under a commission it is within the power of the court, on discovering merely formal defects therein, to direct the clerk to transmit the deposition back to the officer for correction, although there is no statute authorizing the amendment of a deposition. | "Can the court permit withdrawal of depositions to correct irregularities, and then permit their use?" | 032182.docx | LEGALEASE-00141497-LEGALEASE-00141498 |
| State ex rel. Buck v. McCabe, 140 Ohio St. 535 | 307A+725 | Trial court which granted continuance for indefinite term had continuing jurisdiction of the matter and could at any time revoke or modify the order for reasonable cause shown, or attach such limitations as might seem from time to time, within sound discretion, to be necessary and proper. | Does a court which granted continuance for indefinite term have continuing jurisdiction of the matter? | Pretrial Procedure - Memo # 5204 - C - AC.docx | LEGALEASE-00031250-LEGALEASE-00031251 |
| Rembert v. Whitworth, 14 La. Ann. 608 | 307A+74 | Where a commission to take testimony is specially directed by name to a person in another parish, his authority to administer oaths will be presumed. | "Where a commission to take testimony is specially directed by name to a person in another parish, will his authority to administer oaths be presumed?" | 032574.docx | LEGALEASE-00141690-LEGALEASE-00141691 |
| Patton v. Jones, 212 S.W.3d 541 | 302+104(1) | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | "Is a motion to dismiss for lack of subject-matter jurisdiction, a functional equivalent of a plea to the jurisdiction?" | 033359.docx | LEGALEASE-00140993-LEGALEASE-00140994 |
| Hentz v. Asheville City Bd. of Educ., 189 N.C. App. 520 | 307A+554 | An action is properly dismissed for lack of subject matter jurisdiction when the plaintiff has failed to exhaust his administrative remedies. | Is an action properly dismissed for lack of subject matter jurisdiction when the plaintiff has failed to exhaust his administrative remedies? | 033361.docx | LEGALEASE-00141004-LEGALEASE-00141005 |
| Abrons Family Practice & Urgent Care, PA v. N. Carolina Dep't of Health & Human Servs., 792 S.E.2d 528 | 307A+554 | An action is properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. N.C. Gen. Stat. Ann. S 150B-43; N.C. R. Civ. P. S 1A-1. | "Where a plaintiff has failed to exhaust administrative remedies, is an action properly dismissed for lack of subject matter jurisdiction?" | 033416.docx | LEGALEASE-00141630-LEGALEASE-00141631 |
| Havens v. Attorney Gen., 91 N.H. 115 | 371+2001 | A "tax" in itself is an economic charge which must be paid in some way by the person affected, and it must either come from a surplus of the taxpayer, or the burden must be passed on to those with whom taxpayer has economic relations. | "Should a tax either come from a surplus of the taxpayer, or should the burden be passed on to those with whom taxpayer has economic relations?" | 045185.docx | LEGALEASE-00141128-LEGALEASE-00141129 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Great Lakes Pipe Line Co. v. Comm'r of Taxation, 272 Minn. 403 | 371+2005 | State may tax any privilege extended by it and may adopt any reasonable rule for measurement of tax, provided it is not measured by property, or income from property, not within its jurisdiction and not used in connection with or correlated to any business authorized or conducted in the state. | Can a state tax any privilege extended by it? | 045368.docx | LEGALEASE-00141374-LEGALEASE-00141375 |
| State v. Weil, 232 Ala. 578 | 371+2003 | Power to levy taxes is not delegated power, but is attribute of sovereignty inherent in state, and is plenary over persons, franchises, privileges, and property within its jurisdiction, except as restricted by limitations imposed by State and Federal Constitutions. | Is a states power to tax plenary? | 045435.docx | LEGALEASE-00141023-LEGALEASE-00141024 |
| Int'l Harvester Co. v. Wisconsin Dep't of Taxation, 322 U.S. 43 | 371+2005 | In determining whether a tax is within the state's constitutional power, the Federal Supreme Court looks to the incidence of the tax and its practical operation and not its characterization by state courts. | Where does the Federal Supreme Court look to determine whether a tax is within the state's constitutional power? | Taxation - Memo # 604 - C - KA.docx | LEGALEASE-00031741-LEGALEASE-00031742 |
| Coleman v. Nat'l Movie-Dine, 449 F. Supp. 945 | 25T+155 | Arbitration should not be foreclosed simply by adding persons to civil action who are not parties to arbitration agreement, since such inclusion would thwart federal policy in favor of arbitration. 9 U.S.C.A. S 1 et seq. | Can arbitration be foreclosed simply by adding persons to a civil action who are not parties to the arbitration agreement? | 007645.docx | LEGALEASE-00143365-LEGALEASE-00143367 |
| Interlake v. Kansas Power & Light Co., 231 Kan. 251 | 260+112(1) | Oil and gas lien laws confer special privileges, are to be strictly construed against one claiming the privilege, and their scope is not to be extended beyond that clearly granted by the legislature. K.S.A. 55-207 to 55-210. | Do oil and gas lien laws confer special privileges? | Mines and Minerals - Memo #158 - C - CSS.docx | ROSS-003289104 |
| W. S. Newell v. Randall, 373 So. 2d 1068 | 260+48 | Although there is no precise definition of the term "mineral," it necessarily implies a substance rare and exceptional in character possessing special value, something other than the soil itself. | Does the term mineral necessarily imply a substance rare and exceptional in character? | Mines and Minerals - Memo #192 - C - CSS.docx | ROSS-003291086-ROSS-003291087 |
| Buxbom v. Smith, 23 Cal. 2d 535 | 302+49 | The subject matter of an action and the issues involved are determinable from the facts alleged rather than from the title of the pleading or the character of damage recovery suggested in connection with the prayer for relief. Code Civ.Proc. SS 452, 475, 580. | Can the subject-matter of an action and the issues involved be determined from the title of the pleading? | Pleading - Memo 401 - RMM.docx | ROSS-003302020-ROSS-003302021 |
| Lozman v. Putnam, 328 Ill. App. 3d 761 | 302+48 | A complaint need only contain a plain and concise statement of plaintiff's cause of action; it is unnecessary for the complaint to set forth evidence that plaintiff intends to introduce at trial. S.H.A. 735 ILCS 5/2-603(c). | Is it necessary for a complaint to set forth the evidence that the plaintiff intends to introduce at trial? | 023498.docx | LEGALEASE-00143065-LEGALEASE-00143066 |
| Holland v. First Nat. Bank in Dallas, 597 S.W.2d 406 | 307A+723.1 | Motion for continuance raises question of diligence on part of moving party, as when delay is sought because of absence of witness. | "Does a motion for continuance raise a question of diligence on part of a moving party, as when a delay is sought because of an absence of a witness?" | 030661.docx | LEGALEASE-00142808-LEGALEASE-00142809 |
| Neff v. Brady, 527 S.W.3d 511 | 307A+554 | If the plaintiff lacks standing to bring all of his claims, the court must dismiss the whole action for want of jurisdiction. | "If the plaintiff lacks standing to bring all of his claims, must the court dismiss the whole action for want of jurisdiction?" | 032954.docx | LEGALEASE-00143442-LEGALEASE-00143443 |
| Austin Lakes Joint Venture v. Avon Utilities, 648 N.E.2d 641 | 15A+2161 | Doctrine of exhaustion of administrative remedies is jurisdictional and, when applicable, makes motion to dismiss for lack of subject matter jurisdiction appropriate in court action. Trial Procedure Rule 12(B)(1). | Does a party's failure to exhaust its administrative remedies create a jurisdictional defect and makes a motion to dismiss for lack of subject matter jurisdiction appropriate? | Pretrial Procedure - Memo # 5748 - C - KBM.docx | LEGALEASE-00032529-LEGALEASE-00032530 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mercury Ins. Co. of Florida v. Jackson, 46 So. 3d 1129 | 401+1.5 | While a trial court's discretionary decision to change venue is reviewable under an abuse of discretion standard, the issue of whether venue is proper in a particular forum is not a matter of judicial discretion. West's F.S.A. S 47.011. | Is the question of proper venue in a particular forum a matter of judicial discretion? | Pretrial Procedure - Memo # 5751 - C - NS.docx | ROSS-003329926-ROSS-003329927 |
| Am. Benefit Corp. v. Parking Co. of Am., 310 Ga. App. 765 | 30+3259 | Appellate courts review for abuse of discretion the action taken by a trial court to impose appropriate sanctions to make effective its pretrial orders. West's Ga.Code Ann. S 9-11-16(b). | Does the trial court have the power to impose appropriate sanctions to make effective its pretrial orders? | Pretrial Procedure - Memo # 5796 - C - SB.docx | LEGALEASE-00032569-LEGALEASE-00032570 |
| Krinitt v. Idaho Dep't of Fish & Game, 398 P.3d 158 | 307A+746 | The ability to raise an affirmative defense by motion is not unfettered; parties must still comply with a court's scheduling orders, and failure to comply with such orders may result in the denial of the defendant's motion. Idaho R. Civ. P. 16(i), 37(b)(2)(B) (2015). | Is the ability to raise an affirmative defense by motion not unfettered? | 033087.docx | LEGALEASE-00142565-LEGALEASE-00142566 |
| Banc of Am. Sec. LLC v. Evergreen Int'l Aviation, 169 N.C. App. 690 | 307A+554 | In a motion to dismiss for lack of personal jurisdiction, when neither party submits evidence, the allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged, and the trial judge must decide whether the complaint contains allegations that, if taken as true, set forth a sufficient basis for the court's exercise of personal jurisdiction. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | "When neither party submits evidence, should the allegations of the complaint disclose jurisdiction although the particulars of jurisdiction need not be alleged?" | 033089.docx | LEGALEASE-00142571-LEGALEASE-00142572 |
| Lake Rd. Tr. Ltd. v. ABB Powertech (Pty) Ltd., 136 Conn. App. 671 | 307A+554 | A motion to dismiss for lack of personal jurisdiction may raise issues of fact and would, therefore, require a hearing to determine the facts. | "Can a motion to dismiss for lack of personal jurisdiction raise issues of fact and would, therefore, require a hearing to determine the facts?" | 033096.docx | LEGALEASE-00142610-LEGALEASE-00142611 |
| PSI Res. v. MB Fin. Bank, Nat. Ass'n, 2016 IL App (1st) 152204 | 307A+531 | A motion to dismiss based upon defects or defenses is designed to afford litigants a means to dispose of issues of law and easily proven issues of fact at the onset of litigation. S.H.A. 735 ILCS 5/2-619. | Is a motion to dismiss designed to afford litigants a means to dispose of issues of law? | 033267.docx | LEGALEASE-00142557-LEGALEASE-00142558 |
| First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+673 | In making determination of whether to permit limited discovery prior to ruling on a motion to dismiss for lack of personal jurisdiction, trial courts, as a threshold issue, first should determine whether plaintiff has set out sufficient facts to establish a colorable claim for personal jurisdiction, and if threshold of a colorable claim is met, trial courts then should consider the following non-exclusive factors to determine whether to grant jurisdictional discovery: (1) whether plaintiff has shown that there is a likelihood that discovery will yield facts that will influence personal jurisdiction determination; (2) whether plaintiff has laid out with particularity evidence sought by discovery; (3) whether evidence sought is type which would normally be in the exclusive control of defendant; (4) whether case is particularly complex; and (5) whether plaintiff's interest in discovery outweighs policy concerns of subjecting a nonresident defendant to burdensome discovery at such an early stage and seeking to avoid allowing plaintiff to conduct a fishing expedition. Tenn. R. Civ. P. 12.02(2); Tenn. Sup. Ct. Rule 28 S 2(H). | "Upon a defendant's motion to dismiss for lack of personal jurisdiction, does the plaintiff bear the burden of establishing that the trial court has personal jurisdiction over the defendant?" | Pretrial Procedure - Memo # 5942 - C - LN.docx | ROSS-003301605-ROSS-003301607 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Enron Corp. Sec., Derivative & ERISA Litig., 511 F. Supp. 2d 742 | 307A+554 | Under Connecticut practice, a party may only employ a motion to dismiss to question whether, on the face of the record, the court has jurisdiction over the suit; proper vehicle to challenge the legal sufficiency of a complaint under Connecticut law is a motion to strike. Conn.Practice Book 1998, S 10-39. | Is motion to dismiss employed to test whether the court has jurisdiction over the suit on the face of the record? | Pretrial Procedure - Memo # 6070 - C - NS.docx | ROSS-003288180-ROSS-003288181 |
| Wilson v. Kochnlein, 1 W. Va. 145 | 307A+726 | The discretion of the judge in granting or refusing a continuance is to be exercised more rigidly after long delays, or several continuances granted, than upon the first application. | "Is the granting or refusing a continuance to be exercised more rigidly after long delays, or several continuances granted to the party, than upon the first application? | Pretrial Procedure - Memo # 6112 - C - RF.docx | ROSS-003289771 |
| Krinitt v. Idaho Dep't of Fish & Game, 398 P.3d 158 | 307A+746 | Upon motion or on its own initiative, a district court may impose sanctions for failure to obey a scheduling or pretrial order. Idaho R. Civ. P. 16(i) (2015). | "Upon motion or on its own initiative, can a district court impose sanctions for failure to obey a scheduling or pretrial order?" | 033523.docx | LEGALEASE-00142316-LEGALEASE-00142317 |
| Burriss v. Wise, 2 Ark. 33 | 307A+726 | Where, at December Term, 1838, a cause was continued on account of the absence of A and B, two of defendant's witnesses; and at May Term, 1839, another affidavit for continuance is filed by him on account of the absence of A, one of the same witnesses, a continuance cannot be granted, because no suit can be twice continued for the same cause. | Will a second continuance be granted on account of absence of the same witness? | Pretrial Procedure - Memo # 6127 - C - DHA.docx | ROSS-003331777-ROSS-003331778 |
| Whitten v. Whitten, 956 So. 2d 1093 | 307A+560 | A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days to avoid dismissal of action. Rules Civ.Proc., Rule 4(h). | Must a plaintiff be diligent in serving process if he is to show good cause in failing to serve process within 120 days? | 033741.docx | LEGALEASE-00143118-LEGALEASE-00143119 |
| Paragon Const. Co. v. Dep't of Pub. Works, 130 Conn. App. 211 | 307A+554 | In a lawsuit against the state, lack of a statutory waiver of sovereign immunity is a jurisdictional defect properly raised by a motion to dismiss. | "In a lawsuit against the state, is lack of a statutory waiver of sovereign immunity a jurisdictional defect properly raised by a motion to dismiss?" | 033789.docx | LEGALEASE-00142079-LEGALEASE-00142080 |
| Klemonski v. Univ. of Conn. Health Ctr., 141 Conn. App. 106 | 307A+554 | Doctrine of sovereign immunity, which implicates the court's subject matter jurisdiction, is a ground for granting a motion to dismiss. | "Is the doctrine of sovereign immunity, which implicates the court's subject matter jurisdiction, a ground for granting a motion to dismiss?" | 033797.docx | LEGALEASE-00142217-LEGALEASE-00142218 |
| Conboy v. State, 292 Conn. 642 | 307A+554 | Lack of a statutory waiver of the state's sovereign immunity is a jurisdictional defect properly raised by a motion to dismiss for lack of subject matter jurisdiction. Practice Book 1998, S 10-31(a)(1). | Is lack of a statutory waiver of the state's sovereign immunity a jurisdictional defect properly raised by a motion to dismiss for lack of subject matter jurisdiction? | Pretrial Procedure - Memo # 6312 - C - BP.docx | ROSS-003302624-ROSS-003302625 |
| Grant v. Espiritu, 470 S.W.3d 198 | 307A+554 | If the plaintiff lacks standing to bring any of his claims, the court must dismiss the whole action for want of jurisdiction. | "If the plaintiff lacks standing to bring any of his claims, must the court dismiss the whole action for want of jurisdiction?" | Pretrial Procedure - Memo # 6338 - C - SK.docx | ROSS-003289859-ROSS-003289860 |
| Old Home Enter. v. Fleming, 20 Neb. App. 705 | 307A+560 | Service of process effected more than 6 months after the petition was filed at a time when the action stood dismissed does not negate the dismissal required by statute. West's Neb.Rev.St. S 25-217. | Is service of process effected more than 6 months after the petition filed at a time when the action stood dismissed does not negate the dismissal required by statute? | Pretrial Procedure - Memo # 6358 - C - PB.docx | ROSS-003303357 |
| Luxenberg v. Marshall, 835 S.W.2d 136 | 307A+44.1 | Rules of Civil Procedure specifically authorize striking of pleadings as sanction for discovery abuse, and courts may impose similar sanctions for violations of pretrial orders. Vernon's Ann.Texas Rules Civ.Proc., Rule 215, subd. 2, par. b(5). | Can sanctions include those enumerated in the rules of civil procedure for discovery violations? | 033905.docx | LEGALEASE-00142324-LEGALEASE-00142325 |
| City of El Paso v. Wilkins, 281 S.W.3d 73 | 307A+554 | A trial court lacks subject matter jurisdiction when a cause of action is barred by sovereign immunity, and dismissal with prejudice is proper. | "When a claim is barred by sovereign immunity and the trial court lacks jurisdiction, is dismissal with prejudice proper?" | 033912.docx | LEGALEASE-00142340-LEGALEASE-00142341 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Evansville Garage Builders v. Shrode, 720 N.E.2d 1273 | 307A+746 | It is within the purview of the trial court to sanction a recalcitrant party for violation of pre-trial conference rule by entering a default judgment against it. Trial Procedure Rules 16(K), 55. | Is it within the purview of the trial court to sanction a recalcitrant party for violation of pre-trial conference rule by entering a default judgment against it? | 034200.docx | LEGALEASE-00143185-LEGALEASE-00143186 |
| Kelly v. State, 191 Ark. 674 | 210+844 | A variance in the form of the offense charged in the indictment and the proof presented at trial is fatal if the proof offered by the State is of a different crime, or of the same crime, but under a set of facts different from those set out in the indictment. | Is a variance in the form of the offense charged in the indictment and the proof presented at trial fatal? | Sex Offence - Memo 76 - RK.docx | ROSS-003303590-ROSS-003303591 |
| Beck v. McNeill, 782 S.W.2d 650 | 371+2005 | Test for determining whether state may tax interstate commerce is whether the tax: has a substantial nexus with the state; is fairly apportioned; does not discriminate against interstate commerce; and is fairly related to the services provided by the state. U.S.C.A. Const. Art. 1, S 8, cl. 3. | What is the test for determining whether the state may tax interstate commerce? | 045289.docx | LEGALEASE-00142844-LEGALEASE-00142845 |
| State v. Wood, 187 So. 2d 820 | 371+2005 | State and federal government have constitutional right and power as separate sovereigns to tax that which sovereignty has declared to be illegal. | Do the state and federal government have constitutional right and power as separate sovereigns to tax that which sovereignty has declared to be illegal? | 045341.docx | LEGALEASE-00142396-LEGALEASE-00142397 |
| Trumbo v. Crestline-Lake Arrowhead Water Agency, 250 Cal. App. 2d 320 | 268+405 | A levy on all property, both real and personal, without regard to special benefits is a "tax;" but a levy made only upon land on basis of benefits received is a "special assessment" and not a tax. | Is a levy on all property both real and personal without regard to special benefits a tax? | Taxation - Memo # 709 - C - CK.docx | ROSS-003330572-ROSS-003330573 |
| Sabatino v. LaSalle Bank, N.A., 96 S.W.3d 113 | 401+5.1 | In order for "title to be affected," so as to predicate venue in the county where the land is located, title to the land must be the subject of the controversy; it is not enough for the judgment to affect the title incidentally or collaterally. V.A.M.S. S 508.030. | "For the title to be affected, so as to predicate venue in the county where the land is located, is it required that the land is the subject of the controversy?" | Venue - Memo 92 - JS.docx | ROSS-003330625-ROSS-003330626 |
| Interstate Scaffolding v. Illinois Workers' Comp. Comm'n, 236 Ill. 2d 132 | 413+2 | Worker's compensation is a statutory remedy and the Workers' Compensation Commission, as an administrative agency, without general or common law powers. S.H.A. 820 ILCS 305/1 et seq. | "Is workers compensation a statutory remedy and is the workers compensation commission an administrative agency, without general or common law powers?" | 048036.docx | LEGALEASE-00143343-LEGALEASE-00143344 |
| Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877 | 413+2 | The workers' compensation system is purely a creature of statutory construct, with the rights and responsibilities of the parties being derived solely from the statutes themselves. | "Is the workers compensation system a creature of statutory construct, and where are the rights and responsibilities of the parties solely derived from?" | 048135.docx | LEGALEASE-00142092-LEGALEASE-00142093 |
| Johnson Assocs. Corp. v. HL Operating Corp., 680 F.3d 713 | 25T+182(1) | The presence of a "no waiver" clause does not alter the ordinary analysis undertaken to determine if a party has waived its right to arbitration; to allow the "no waiver" clause to preclude a finding of waiver would permit parties to waste scarce judicial time and effort and hamper judges' authority to control the course of the proceedings and allow parties to "test the water before taking the swim" by delaying assertion of their right to arbitration until the litigation is nearly complete. | Will the presence of a no waiver clause alter the ordinary analysis undertaken to determine if a party has waived its right to arbitration? | Alternative Dispute Resolution - Memo 701 - RK.docx | ROSS-003301441-ROSS-003301442 |
| Knox v. United States, 200 F.2d 398 | 34+20.8(1) | Failure to accord a registrant the procedural rights provided by Selective Service Regulations invalidates action of draft board. Selective Service Act of 1948, S 12, 50 U.S.C.A.Appendix, S 462. | Does the failure to accord a registrant procedural rights provided by Selective Service Regulations invalidate actions of the draft board? | 008685.docx | LEGALEASE-00144668-LEGALEASE-00144669 |
| United States v. Fisher, 442 F.2d 109 | 34+20.8(1) | Selective Service System has an affirmative duty not to mislead and to give clear and correct information and advice when requested to do so. | Does the Selective Service System have an affirmative duty not to mislead and to give clear and correct information and advice when requested to do so? | Armed Services - Memo 275 - RK.docx | ROSS-003287127-ROSS-003287128 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Hosmer, 310 F. Supp. 1166 | 34+20.8(1) | Selective Service System is under no affirmative obligation to provide registrant with free advice and assistance either in preparing questionnaires and forms for submission to local draft board or with respect to other matters relating to his liabilities under selective service law; only affirmative duty on Selective Service official is not to mislead, and to give clear and correct information when requested to do so. | Does the Selective Service System have an affirmative duty not to mislead and to give clear and correct information and advice when requested to do so? | 008691.docx | LEGALEASE-00144676-LEGALEASE-00144677 |
| NCNB Texas Nat. Bank, N.A. v. West, 631 So. 2d 212 | 260+47 | Under "rule of capture," gas that migrates from one property to another is subject to recovery and possession by holder of gas estate on property to which gas migrates. | "Under the rule of capture, is gas that migrates from one property to another subject to recovery and possession by the possessor of the gas estate on the property to which the gas migrates?" | Mines and Minerals - Memo #182 - C - CSS.docx | ROSS-003288911-ROSS-003288912 |
| Abrons Family Practice & Urgent Care, PA v. N. Carolina Dep't of Health & Human Servs., 792 S.E.2d 528 | 307A+554 | An action is properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. N.C. Gen. Stat. Ann. S 150B-43; N.C. R. Civ. P. S 1A-1. | Is an action properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies? | Pretrial Procedure - Memo # 5549 - C - ES.docx | ROSS-003302319-ROSS-003302320 |
| Sudersan v. Royal, 386 N.J. Super. 246 | 307A+554 | A residential landlord has the burden of proving good cause for eviction, and the failure to meet this burden is sufficient ground to warrant dismissal of a summary dispossess action, for lack of jurisdiction. N.J.S.A. 2A:18-61.1. | Does a landlord has the burden of proving good cause and does the landlords failure to meet the burden warrant dismissal for lack of jurisdiction? | 033036.docx | LEGALEASE-00143745-LEGALEASE-00143746 |
| Urbanowicz v. Planning & Zoning Comm'n of Town of Enfield, 87 Conn. App. 277 | 106+37(2) | A party may challenge a court's subject matter jurisdiction at any time, and whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to its previous rulings. | Can a party challenge a court's subject matter jurisdiction at any time? | Pretrial Procedure - Memo # 5766 - C - NS.docx | ROSS-003315940-ROSS-003315941 |
| Brigham v. Abbott, 21 Vt. 455 | 307A+74 | A deposition, taken without notice, to be used before auditors, may be received in evidence by the auditor, although not having been on file in court 30 days, as required in case of depositions taken to be used in the county court. | "Can a deposition to be used before auditors, taken without notice, be received in evidence by the auditor?" | 033047.docx | LEGALEASE-00143844-LEGALEASE-00143845 |
| Hipp v. Huchett, 4 Tex. 20 | 307A+726 | There may be circumstances under which a refusal to grant a continuance on a third application would operate such flagrant injustice as to induce its reversal. | Would there be circumstances under which a refusal to grant a continuance on a third application would operate as flagrant injustice as to induce its reversal? | 033053.docx | LEGALEASE-00143890-LEGALEASE-00143891 |
| Subaru of Am. v. David McDavid Nissan, 84 S.W.3d 212 | 307A+690 | If an agency has exclusive jurisdiction and a party must exhaust all administrative remedies before seeking judicial review, the trial court lacks subject matter jurisdiction and must dismiss the claims without prejudice. | Does a litigant's failure to exhaust all administrative remedies before seeking judicial review deprive the court of subject matter jurisdiction over claims within an agencys exclusive jurisdiction? | 033058.docx | LEGALEASE-00143941-LEGALEASE-00143942 |
| Schneider v. Spaeth, 133 So. 3d 1167 | 307A+746 | No magic words are required in an order entering a default based on a party's failure to attend a properly noticed case management conference, but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard. West's F.S.A. RCP Rule 1.200(c). | "In the requisite written finding of wilfulness, are magic words required or only a finding that the conduct upon which the order is based was equivalent to wilfulness or deliberate disregard?" | Pretrial Procedure - Memo # 5816 - C - CK.docx | ROSS-003288091-ROSS-003288092 |
| Kreykes Elec. v. Malk & Harris, 297 Ill. App. 3d 936 | 307A+560 | Trial court has broad discretion in granting or denying a motion to dismiss for lack of diligence in obtaining service, and Appellate Court will not disturb the trial court's ruling absent an abuse of that discretion. Sup.Ct.Rules, Rule 103(b). | Does a trial court have broad discretion in granting or denying a motion to dismiss for lack of diligence in obtaining service? | 033636.docx | LEGALEASE-00144027-LEGALEASE-00144028 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Velocity Investments v. McCaffrey, 31 Misc. 3d 308 | 307A+560 | Failure to mail summons and complaint to defendant within 20 days of affixing is jurisdictional defect mandating dismissal. | "Does the failure to mail summons and complaint to defendant within 20 days of affixing a jurisdictional defect, mandate dismissal?" | 033656.docx | LEGALEASE-00144103-LEGALEASE-00144104 |
| Branscum v. Catherine , 759 So. 2d 234 | 307A+752 | Although a trial judge has great discretion in deciding whether to receive or refuse testimony objected to on the grounds of failure to abide by the pre-trial order, any doubt must be resolved in favor of receiving the information. | "Although pretrial orders assist the trial court in the orderly management of its cases, severe limitation of a party rights for the technical, is violation of a pretrial order not authorized?" | 034230.docx | LEGALEASE-00144747-LEGALEASE-00144748 |
| Armstrong v. Elmore, 990 S.W.2d 62 | 30+19 | The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction, and, when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Will a case be moot and be dismissed when an event occurs that makes a court's decision unnecessary? | Pretrial Procedure - Memo # 6661 - C - NS.docx | ROSS-003291417 |
| Bryant v. Mezo, 226 So. 3d 254 | 307A+563 | Where repeated fabrications undermine the integrity of a party's entire case, a dismissal for fraud upon the court is proper. | "Where repeated fabrications undermine the integrity of a party's entire case, is a dismissal for fraud upon the court proper?" | Pretrial Procedure - Memo # 6761 - C - SK.docx | ROSS-003316340 |
| Trusclair v. McGowan Working Partners, 2009 Ark. 203 | 307A+560 | Dismissal of plaintiff's action was mandatory, where summons misstated the time in which defendant, a foreign corporation, was required to respond, and no motion to extend was made within 120 days of filing of the complaint. Rules Civ.Proc., Rule 4(b, h, i). | Is it mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made? | 034469.docx | LEGALEASE-00143919-LEGALEASE-00143920 |
| Few v. Hammack Enterprises, 132 N.C. App. 291 | 307A+746 | Striking a party's answer is a severe sanction which should be imposed only where the trial court has considered less severe sanctions and found them to be inappropriate. | Is striking a party's answer a severe sanction which should be imposed only where the trial court has considered less severe sanctions and found them to be inappropriate? | 034618.docx | LEGALEASE-00144305-LEGALEASE-00144306 |
| TeleVideo Sys. v. Heidenthal, 826 F.2d 915 | 170A+2415 | Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abuse of litigation practices. | Do courts have inherent equitable powers to dismiss actions for abusive litigation practices? | 10870.docx | LEGALEASE-00094543-LEGALEASE-00094544 |
| Hagar v. Reclamation Dist. No. 108, 111 U.S. 701 | 371+2005 | The power of taxation possessed by a state may be exercised upon any subject within its jurisdiction, and to any extent not prohibited by the constitution of the United States. | Can the power of taxation possessed by a state be exercised upon any subject within its jurisdiction and to any extent? | Taxation - Memo # 755 - C - DHA.docx | ROSS-003317122-ROSS-003317123 |
| Mickens v. W. Prob. Det. Ctr., 244 Ga. App. 268 | 413+2 | The Workers' Compensation Act constitutes a complete code of laws upon the subject, and the recoverability of workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. O.C.G.A. S 34-9-1 et seq. | Why is the recovery of workers compensation benefits strictly a matter of statutory construction? | 048181.docx | LEGALEASE-00144205-LEGALEASE-00144206 |
| Dunlap v. State Comp. Dir., 149 W. Va. 266 | 413+2 | Workmen's compensation claimant is entitled to receive benefits only in manner and to extent authorized by statute and director is without right or authority to pay or authorize payment of benefits except to extent that such right or authority is expressly conferred by statute. Code, 23-4-6. | How does the workmens compensation statute control the benefits received by a claimant? | 048198.docx | LEGALEASE-00144251-LEGALEASE-00144252 |
| Liskey v. Oppenheimer & Co., 717 F.2d 314 | 25T+178 | "Doctrine of intertwining" is a judicially created exception to the application of the Arbitration Act which instructs that when arbitrable and nonarbitrable claims are sufficiently intertwined factually and legally, trial court should deny arbitration of arbitrable claims and try all the claims together in federal court. 9 U.S.C.A. S 1 et seq. | Is the doctrine of intertwining a judicially created exception to the application of the Arbitration Act? | 007770.docx | LEGALEASE-00146429-LEGALEASE-00146430 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Bankers Ins. Grp. v. Long, 453 F.3d 623 | 25T+182(1) | In the arbitration context, a party may be equitably estopped from asserting that the lack of another's signature on a written contract precludes enforcement of the contract's arbitration clause when the party has consistently maintained that other provisions of the same contract should be enforced to benefit him. | Does the doctrine of equitable estoppel recognize if there is a lack of signature on a written contract by the party? | 007795.docx | LEGALEASE-00146458-LEGALEASE-00146459 |
| Corbridge v. Corbridge, 230 Ind. 201 | 285+267 | When a minor child enlists in the military service, he ceases to be a part of the father's family and puts himself under the control of the government and is consequently emancipated so long as such service continues. | "When a minor child enlists in the military service, is he consequently emancipated so long as such service continues?" | 008610.docx | LEGALEASE-00146531-LEGALEASE-00146532 |
| United States v. Harstad, 487 F.2d 565 | 34+20.8(4) | A registrant cannot, by refusing to submit to induction, impose upon local board any new duties respecting reclassification or reopening. Military Selective Service Act, S 12(a), 50 U.S.C.A. App. S 462(a). | Can a registrant who refuses to submit to induction impose upon a board any new duties respecting reclassification or reopening? | 008697.docx | LEGALEASE-00146539-LEGALEASE-00146540 |
| United States v. Crozier, 987 F.2d 893 | 63+1(2) | Any payment that defendant subjectively believes has value, including a loan, constitutes thing "of value" within meaning of federal bribery of an official statute. 18 U.S.C.A. SS 201, 201(c)(1)(B), 666(c); 18 U.S.C.(1958 Ed.Supp.IV) S 201(g). | "Does a loan constitute a thing of value within the meaning of bribery statute, if the defendant subjectively believes it has value?" | 012331.docx | LEGALEASE-00145828-LEGALEASE-00145829 |
| Miley v. Louisiana Farm Bureau Cas. Ins. Co., 599 So. 2d 791 | 217+2661 | For the purposes of determining whether person is resident of household within meaning of policy, intention of person to be resident of particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in light of his conduct and circumstances of life. | How is the intention of a person to be a resident of a particular place determined? | 014504.docx | LEGALEASE-00145895-LEGALEASE-00145896 |
| Texaco v. Newton & Rosa Smith Charitable Tr., 471 So. 2d 877 | 260+54(2) | Conveyance of land carries with it all incidents of ownership, including mineral rights, except such rights as may be expressly reserved. | "Does a conveyance of land carry with it all incidents of ownership, including mineral rights, except such rights as may be expressly reserved?" | 021434.docx | LEGALEASE-00145983-LEGALEASE-00145984 |
| Pullar v. Cappelli, 148 A.3d 551 | 307A+554 | Defendant may move to dismiss for lack of personal jurisdiction so long as the defendant previously raised that defense in an answer. R.I. Super. Ct. R. Civ. P. 12(b)(2). | Must a defendant move to dismiss for lack of personal jurisdiction so long as the defendant previously raised that defense in an answer? | 033187.docx | LEGALEASE-00145282-LEGALEASE-00145283 |
| Caperton v. A.T. Massey Coal Co., 225 W. Va. 128 | 307A+554 | Courts generally consider a motion to dismiss, based upon a forum selection clause, as a motion to dismiss for improper venue. | "Do courts generally consider a motion to dismiss, based upon a forum selection clause, as a motion to dismiss for improper venue?" | 033198.docx | LEGALEASE-00145196-LEGALEASE-00145197 |
| Adams v. Reed, 138 Idaho 36 | 307A+44.1 | Explicit warnings that action will be dismissed are among lesser sanctions that are appropriate before imposition of drastic sanction of dismissal for failure to comply with discovery orders or pretrial orders, and for failure to seasonably supplement responses to discovery. | Are explicit warnings that action will be dismissed among lesser sanctions that are appropriate before imposition of drastic sanction of dismissal for failure to comply with discovery orders or pretrial orders? | 034165.docx | LEGALEASE-00145503-LEGALEASE-00145505 |
| Gray v. Bryant, 189 N.C. App. 527 | 307A+552 | In determining whether a complaint is frivolous, the standard is not the same as in a ruling on a motion to dismiss for failure to state a claim; instead, a court looks with a far more forgiving eye in examining whether a claim rests on a meritless legal theory. | What is the standard in determining whether a complaint is frivolous? | Pretrial Procedure - Memo # 6671 - C - ES.docx | ROSS-003330279-ROSS-003330280 |
| Chisolm v. Crook, 130 So. 2d 191 | 13+6 | If case has become moot, or judgment would not accomplish an end recognized as sufficient in law, there is no necessity for judgment, and court will decline to consider merits and will dismiss case. | Will court decline to consider merits and dismiss case when case has become moot? | Pretrial Procedure - Memo # 6966 - C - BP.docx | ROSS-003289933-ROSS-003289934 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Holstein v. City of Chicago, 29 F.3d 1145 | 170B+2134 | Where plaintiff did not even move for class certification prior to evaporation of his personal stake in suit, he could not avail himself of class action exception to mootness doctrine. | Can a plaintiff avail himself of the class action exception to the mootness doctrine when the named plaintiff has not even moved for class certification? | 034776.docx | LEGALEASE-00145348-LEGALEASE-00145349 |
| Shipe v. Pub. Wholesale Water Supply Dist. No. 25, 289 Kan. 160 | 13+13 | If a party does not have standing to challenge an action or to request a particular type of relief, then there is no justiciable case or controversy and the suit must be dismissed. | Should a suit be dismissed if a party does not have standing to challenge an action or to request a particular type of relief? | Pretrial Procedure - Memo # 6977 - C - RY.docx | ROSS-003289453-ROSS-003289454 |
| Metro Transp. Co. v. Pennsylvania Pub. Util. Comm'n, 128 Pa. Cmwlth. 223 | 307A+552 | Although case is apparently moot, dismissal is not an absolute, if the issue raised is of recurring nature, is of important public interest, or is capable of repeatedly avoiding review, case will not be dismissed. | Is dismissal of a case absolute if the issue raised is of recurring nature? | 034786.docx | LEGALEASE-00145430-LEGALEASE-00145431 |
| Carolina Marina & Yacht Club v. New Hanover Cty. Bd. of Comm'rs, 207 N.C. App. 250 | 15A+1724(2) | If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Should an action be dismissed if the issues before a court or administrative body become moot at any time during the course of the proceedings? | Pretrial Procedure - Memo # 6982 - C - SK.docx | ROSS-003318418-ROSS-003318419 |
| DiGiovanni v. All-Pro Golf, 332 So. 2d 91 | 307A+552 | Motion to dismiss as sham should be granted only upon convergence of two factors; absence of any genuine issues of material fact, and pleading good on surface but set up in bad faith. 31 West's F.S.A. Rules of Civil Procedure, rule 1.510(e). | On what factors should a motion to dismiss as sham be granted? | Pretrial Procedure - Memo # 7019 - C - DHA.docx | ROSS-003299556-ROSS-003299557 |
| Cole v. Dep't of Corr., 726 So. 2d 854 | 307A+590.1 | "Record activity," sufficient to defeat dismissal of case for lack of prosecution, is an act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Is record activity sufficient to defeat dismissal of a case? | Pretrial Procedure - Memo # 7198 - C - SS.docx | ROSS-003289980-ROSS-003289981 |
| Lampert Lumber Co. v. Joyce, 405 N.W.2d 423 | 307A+690 | Trial court may dismiss case with or without prejudice upon party's failure to comply with rules of procedure or order of court. 48 M.S.A., Rules Civ.Proc., Rule 41.02(1). | Can a trial court dismiss a case with or without prejudice upon a party's failure to comply with rules of procedure or order of court? | 035180.docx | LEGALEASE-00145704-LEGALEASE-00145705 |
| Puget Sound Power & Light Co. v. City of Seattle, 271 F. 958 | 307A+552 | Though there is a question as to the propriety of considering an affidavit on motion to dismiss the bill, a suit should be dismissed in the interests of the public and the court whenever the controversy has become moot, regardless of how that issue is presented or suggested. | Should a suit be dismissed in the interests of the public and the court whenever the controversy has become moot? | 035200.docx | LEGALEASE-00145784-LEGALEASE-00145785 |
| Lampert Lumber Co. v. Joyce, 405 N.W.2d 423 | 307A+581 | Rule permitting trial court to dismiss action or claim for failure to prosecute or failure to comply with rules or order of court permits dismissal for trial management reasons, not for lack of substantive merits of claim. 48 M.S.A., Rules Civ.Proc., Rule 41.02(1). | Does the rule permitting trial court to dismiss action or claim for failure to prosecute or failure to comply with rules or order of court permit dismissal for trial management reasons? | 035246.docx | LEGALEASE-00145952-LEGALEASE-00145954 |
| Sheen v. The Time Inc. Magazine Co., 817 So. 2d 974 | 307A+590.1 | "Record activity" must be more than mere passive effort to keep the case on the docket, for purposes of rule governing dismissal of actions for failure to prosecute; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Can every document filed in court file qualify as record activity for purposes of tolling a one year time limitation for prosecuting action? | 035261.docx | LEGALEASE-00145985-LEGALEASE-00145986 |
| Cunha v. Anglo California Nat. Bank of San Francisco, 34 Cal. App. 2d 383 | 307A+552 | Court has inherent power, in absence of any statute to dismiss or perpetually stay groundless, vexatious, annoying, and harassing litigations. | "Does court have power, in absence of any statute to dismiss or perpetually stay groundless, vexatious, annoying, and harassing litigations?" | Pretrial Procedure - Memo # 7268 - C - KS.docx | ROSS-003288634-ROSS-003288635 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hoag v. Amex Assurance Co., 953 A.2d 713 | 307A+583 | A court is vested with inherent authority to dismiss a plaintiff's action for failure to prosecute or comply with its rules or orders. | Is a court vested with inherent authority to dismiss a plaintiff's action for failure to prosecute or comply with its rules or orders? | 035321.docx | LEGALEASE-00146327-LEGALEASE-00146328 |
| Chacha v. Transp. USA, 78 So. 3d 727 | 307A+583 | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings. | Can a trial court dismiss a plaintiff's entire case when the party perpetrates a fraud on the court which permeates the entire proceedings? | Pretrial Procedure - Memo # 7319 - C - SN.docx | ROSS-003290030-ROSS-003290031 |
| Isaacs v. Am. Iron & Steel Co., 690 N.W.2d 373 | 307A+552 | Issue generally may be dismissed as moot if an event occurs that resolves the issue or renders it impossible to grant effective relief. | Will an issue be dismissed as moot if an event occurs that resolves the issue or renders it impossible to grant effective relief? | 035363.docx | LEGALEASE-00146024-LEGALEASE-00146025 |
| Comm'r Of Prob. v. Adams, 65 Mass. App. Ct. 725 | 307A+563 | The perpetuation of a fraud on the court amounts to a defiling of the court itself when law enforcement officials rely on inaccurate information produced by the court. | Does the perpetuation of a fraud on the court amount to a defiling of the court itself when law enforcement officials rely on inaccurate information produced by the court? | 035387.docx | LEGALEASE-00145494-LEGALEASE-00145495 |
| Apostolis v. City of Seattle, 101 Wash. App. 300 | 307A+563 | Dismissal of action is justified when a party acts in willful and deliberate disregard of reasonable and necessary court orders, the other party is prejudiced as a result, and the efficient administration of justice is impaired. CR 41(b). | "Is disregarding a trial court's order without reasonable excuse or justification deemed ""willful,"" for purposes of dismissing action as sanction for willful disregard of court order?" | 035463.docx | LEGALEASE-00145714-LEGALEASE-00145715 |
| Ramey v. Haverty Furniture Companies, 993 So. 2d 1014 | 307A+682.1 | For the trial court to properly exercise its discretion regarding dismissal of a case for fraud on the court, it must have an evidentiary basis to make that decision. | "For the trial court to properly exercise its discretion to dismiss a claim for fraud on the court, should there be an evidentiary basis to dismiss the case?" | Pretrial Procedure - Memo # 7401 - C - 003289581 | ROSS-003289580-ROSS-003289581 |
| Medina v. Florida E. Coast Ry., L.L.C, 866 So. 2d 89 | 307A+563 | Due to the severity of dismissal as a sanction for a plaintiff's perpetration of a fraud on the court, it should only be employed in extreme circumstances, and only after the plaintiff has been given fair notice and an opportunity to be heard. | Should a sanction for a plaintiff's perpetration of a fraud on the court be employed only after the plaintiff has been given fair notice and an opportunity to be heard? | 035538.docx | LEGALEASE-00146252-LEGALEASE-00146253 |
| Sheen v. The Time Inc. Magazine Co., 817 So. 2d 974 | 307A+590.1 | "Record activity" must be more than mere passive effort to keep the case on the docket, for purposes of rule governing dismissal of actions for failure to prosecute; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Is a notice of deposition more than a mere passive effort to keep a suit on the docket? | 035580.docx | LEGALEASE-00146657-LEGALEASE-00146658 |
| Gelb v. Miranda, 456 So. 2d 548 | 307A+590.1 | If sufficient record activity occurs during one-year period preceding motion to dismiss for failure to prosecute, then motion should be denied. West's F.S.A. RCP Rule 1.420(e). | "If sufficient record activity occurs during one-year period preceding motion to dismiss for failure to prosecute, should then the motion be denied?" | Pretrial Procedure - Memo # 7845 - C - TM.docx | ROSS-003286761-ROSS-003286762 |
| Rainbow Ridge Resort v. Branch Banking & Tr. Co., 525 S.W.3d 252 | 307A+561.1 | For a motion to dismiss for failure to state a claim to be used as a vehicle to assert an affirmative defense, the applicability of the defense must clearly and unequivocally appear on the face of the complaint; in other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief. Tenn. R. Civ. P. 12.02(6). | Can the plaintiff's own allegations in the complaint show that an affirmative defense exists which legally defeats the claim for relief? | 11385.docx | LEGALEASE-00094047-LEGALEASE-00094048 |
| Leatherwood v. United Parcel Serv., 708 S.W.2d 396 | 413+2 | Benefits conferred by Workers' Compensation Act are purely statutory, and the circumstances under which they are paid and the manner in which they are calculated depends solely on statutory authority. T.C.A. S 50-6-101 et seq. | Does statutory authority solely determine the circumstances under which workers compensation benefits are paid and the manner in which they are calculated? | 048337.docx | LEGALEASE-00146649-LEGALEASE-00146650 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Patton v. Estate of Upchurch, 242 S.W.3d 781 | 307A+674 | Trial courts have the authority to dismiss a complaint sua sponte if such complaint fails to state a claim upon which relief may be granted, although such practice is not encouraged. Rules Civ.Proc., Rule 12.02(6). | Does a trial court have authority to sua sponte dismiss a complaint with prejudice for failure to comply with orders of the court? | 10845.docx | LEGALEASE-00094325-LEGALEASE-00094326 |
| Stephen Slesinger v. Walt Disney Co., 155 Cal. App. 4th 736 | 307A+563 | A court's exercise of inherent power to dismiss for misconduct need not be preceded by violation of a court order; the essential requirement is to calibrate the sanction to the wrong. | Should a court's exercise of inherent power to dismiss for misconduct not be preceded by violation of a court order? | Pretrial Procedure - Memo # 7043 - C - DA_58298.docx | ROSS-003282673-ROSS-003282675 |
| S. Wine & Spirits of Illinois v. Steiner, 2014 IL App (1st) 123435 | 307A+561.1 | A motion to dismiss based on certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the claim. S.H.A. 735 ILCS 5/2-619. | "Can a motion to dismiss based on certain defects or defenses, admit the legal sufficiency of the plaintiff's claim?" | 11044.docx | LEGALEASE-00094633-LEGALEASE-00094634 |
| Avon Hardware Co. v. Ace Hardware Corp., 2013 IL App (1st) 130750 | 307A+561.1 | An involuntary dismissal is proper where the plaintiff's claim against the defendant is barred by an affirmative matter which avoids the legal effect of or defeats the claim. S.H.A. 735 ILCS 5/2-619. | "Will a dismissal, where the plaintiff's claim against the defendant is barred by an affirmative matter which avoids the legal effect of or defeats the claim, be proper?" | Pretrial Procedure - Memo # 7876 - C - ES.docx | ROSS-003286799-ROSS-003286800 |
| Fox v. State, 179 Ind. App. 267 | 36+7 | It is the proximity to the dwelling and the use and connection therewith for family purposes in the carrying on of domestic employment that are of major importance in determining whether an area or building is to be considered within the "curtilage" or "part or parcel" of the dwelling house for purposes of the arson statute. (Per Shields, J., with one Judge concurring specially.) IC 35-16-1-1 (1976 Ed.). | Is arson an offense against the security of the habitation? | 06341.docx | LEGALEASE-00078424-LEGALEASE-00078425 |
| United States v. Jannotti, 673 F.2d 578 | 63+3 | It is neither material nor a defense to bribery that had there been no bribe, public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted him to make. | "Is it a defense to bribery that, had there been no bribe, the public official might have lawfully performed the defendant's requested action anyway?" | 012001.docx | LEGALEASE-00147642-LEGALEASE-00147643 |
| Brown v. Haight, 435 Pa. 12 | 260+73 | Coal and gas and oil leases are traditionally interpreted differently because of varied physical characteristics of minerals involved. | Are coal and oil and gas leases traditionally interpreted differently because of the varied physical characteristics of the minerals involved? | 021572.docx | LEGALEASE-00147760-LEGALEASE-00147761 |
| Sander v. Dow Chem. Co., 166 Ill. 2d 48 | 307A+690 | Pursuant to its inherent authority, trial court is empowered to dismiss cause of action with prejudice for violations of court orders where record shows deliberate and continuing disregard for court's authority. | "Pursuant to its inherent authority, is a trial court empowered to dismiss a cause of action with prejudice for violations of court orders?" | 034971.docx | LEGALEASE-00147660-LEGALEASE-00147661 |
| Young v. Curgil, 358 So. 2d 58 | 307A+552 | Trial court has inherent authority to dismiss actions based on fraud and collusion as well as to strike sham pleadings; however, such power should be cautiously and sparingly exercised and only on the most blatant showing of fraud, pretense, collusion or other similar wrongdoing. | Does court have the authority to dismiss actions based on fraud and collusion and to strike sham pleadings? | 10886.docx | LEGALEASE-00094603-LEGALEASE-00094604 |
| In re Estate of Zivin, 2015 IL App (1st) 150606 | 307A+686.1 | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts affirmative defenses or other matters that avoid or defeat the claim. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss assert an affirmative defense or other matter that avoids or defeats the claim? | 035595.docx | LEGALEASE-00147549-LEGALEASE-00147550 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chin v. Meier, 235 Cal. App. 3d 1473 | 307A+590.1 | Five-year period for compulsory civil trial is tolled by aggregate period of court ordered continuances based on courtroom unavailability, regardless of whether reasonable time remains to bring action to trial before expiration of limitation period. West's Ann.Cal.C.C.P. SS 583.310, 583.340, 583.340(c), 583.360. | Is the aggregate time which case is continued because of unavailability of courtroom included in a tolling period? | Pretrial Procedure - Memo # 7497 - C - RF_57535.docx | ROSS-003309004 |
| DeLuna v. Burciaga, 223 Ill. 2d 49 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Can a motion to dismiss base upon certain defects or defenses admit the legal sufficiency of all well-pleaded facts? | 035896.docx | LEGALEASE-00147007-LEGALEASE-00147008 |
| Dick Poe Motors v. DaimlerChrysler Corp., 169 S.W.3d 478 | 307A+694 | An order of dismissal for want of prosecution is not an adjudication of the rights of the parties; rather, it simply places the parties in the position they were in prior to filing the suit. | "Should an order of dismissal for want of prosecution, place the parties in the position they were in prior to filing the suit?" | Pretrial Procedure - Memo # 7700 - C - NS.docx | ROSS-003313454-ROSS-003313455 |
| Suckow v. Boone State Bank & Tr. Co., 314 N.W.2d 421 | 307A+46 | Dismissal is a discovery sanction generally used when a party has violated a trial court's order, but when no court order has been disobeyed, a lesser sanction may be indicated. Rules Civ.Proc., Rule 134(d). | Is dismissal a discovery sanction generally used when a party has violated a trial court's order? | Pretrial Procedure - Memo # 7711 - C - DA.docx | ROSS-003286565-ROSS-003286566 |
| Trzop v. Hudson, 2015 IL App (1st) 150419 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss based on certain defects or defenses admit the legal sufficiency of the complaint? | 036002.docx | LEGALEASE-00147302-LEGALEASE-00147303 |
| Cartee v. Community Spirit Bank, 214 So. 3d 362 | 307A+46 | The interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff; "willful default" or conduct is a conscious or intentional failure to act, and is used in contradistinction to accidental or involuntary noncompliance. Rules Civ.Proc., Rule 41(b). | "Is ""willful default"" or conduct a conscious or intentional failure to act, and is it used in contradistinction to accidental or involuntary noncompliance?" | Pretrial Procedure - Memo # 7736 - C - NS.docx | ROSS-003313539-ROSS-003313540 |
| Sutton v. Smith, 603 So. 2d 693 | 307A+685 | Defendant may challenge legal sufficiency of jurisdictional allegations of complaint or raise contention of lack of minimum contacts by filing motion to dismiss, but must support his position by affidavit; burden then shifts to plaintiff to show, by affidavit, basis upon which jurisdiction may be obtained; plaintiff may satisfy requirement by initially filing sworn complaint, provided allegations of complaint fairly meet contentions of defendant; if essential facts stated in the affidavits are not conflicting, trial court can resolve jurisdictional issue on basis of affidavits; however, if the essential facts are shown to be in direct conflict, trial court must hold an evidentiary hearing to resolve all disputed facts essential to determining jurisdictional issue. | Can the defendant challenge the legal sufficiency of the complaint? | 10398.docx | LEGALEASE-00095463-LEGALEASE-00095464 |
| Trzop v. Hudson, 2015 IL App (1st) 150419 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Will a motion for involuntary dismissal based upon certain defects or defenses admit the sufficiency of the complaint? | 09887.docx | LEGALEASE-00095873-LEGALEASE-00095874 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Andrews v. Marriott Int'l, 2016 IL App (1st) 122731 | 307A+561.1 | The purpose of a motion for involuntary dismissal based upon certain defects or defenses is to dispose of issues of law and easily proved issues of fact at the outset of litigation and is similar to a summary judgment motion because it essentially amounts to a summary judgment procedure. S.H.A. 735 ILCS 5/2-619. | What is the purpose of a motion to dismiss based on certain defects or defenses? | 11259.docx | LEGALEASE-00094125-LEGALEASE-00094126 |
| Selective Ins. Co. of S.C. v. Cherrytree Companies, 2013 IL App (3d) 120959 | 307A+686.1 | A motion for involuntary dismissal based on certain defects or defenses admits the legal sufficiency of the complaint it attacks and asserts a defense that allegedly defeats the complaint's allegations. S.H.A. 735 ILCS 5/2-619. | "Can the legal sufficiency of the complaint be admitted under the ""involuntary dismissal based upon certain defects or defenses"" statute?" | 036067.docx | LEGALEASE-00147477-LEGALEASE-00147478 |
| Norflor Const. Corp. v. City of Gainesville, 512 So. 2d 266 | 307A+590.1 | Activity of record of any party is sufficient to prevent dismissal of action for failure to prosecute if activity is more than a passive effort and is an affirmative act directed toward disposition of case. West's F.S.A. RCP Rule 1.420(e). | Is the activity of record of any party sufficient to prevent dismissal of action for failure to prosecute? | 036130.docx | LEGALEASE-00147980-LEGALEASE-00147981 |
| Fleming v. Barnett Bank of E. Polk Cty., 490 So. 2d 126 | 307A+590.1 | A prematurely filed motion to dismiss for lack of prosecution does not constitute record activity to preclude dismissal on that ground; receding from Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2 DCA). | Does a prematurely filed motion to dismiss for lack of prosecution constitute a record activity sufficient to preclude dismissal on that ground? | Pretrial Procedure - Memo # 7825 - C - BP.docx | ROSS-003286730-ROSS-003286731 |
| Dempsey v. Johnson, 2016 IL App (1st) 153377 | 307A+561.1 | A motion to dismiss based upon defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the claim. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss based upon defects or defenses admit the legal sufficiency of the plaintiff's claim? | 036319.docx | LEGALEASE-00147626-LEGALEASE-00147627 |
| In re Cty. Collector, 2016 IL App (3d) 150712 | 307A+561.1 | An "affirmative matter" that would warrant involuntary dismissal of a claim, within the meaning of the statute authorizing involuntary dismissal based on certain defects or defenses, is something in the nature of a defense that negates the cause of action completely. S.H.A. 735 ILCS 5/2-619. | "Does affirmative matter"" mean something in the nature of a defense that negates the cause of action completely?" | 036328.docx | LEGALEASE-00147646-LEGALEASE-00147647 |
| State v. Huggins, 103 Idaho 422 | 352H+98 | Crime of assault with intent to commit rape is lesser included offense of rape and, in prosecuting such an assault, state must prove all elements of rape except penetration. I.C. S 18-907. | Is assault with intent to commit rape a lesser included offense of rape? | 042944.docx | LEGALEASE-00147914-LEGALEASE-00147915 |
| Potter v. Arizona So. Coach Lines, 202 Cal. App. 3d 126 | 413+2 | Generally, person who suffers work-related injury must seek relief within the workers' compensation system, and all proceedings must be before the Workers' Compensation Appeals Board, and failure of the Legislature to include in the Workers' Compensation Law an element of damages recoverable at common law cannot be corrected judicially. West's Ann.Cal.Labor Code SS 3202, 3600, 3601, 5300. | Does failure of the Legislature to include in the workers' compensation law an element of damages recoverable at common law be corrected judicially? | Workers Compensation - Memo #493 ANC.docx | ROSS-003300445-ROSS-003300446 |
| Simon v. Pfizer Inc., 398 F.3d 765 | 231H+670 | Compulsory arbitration provision divests the district court of jurisdiction over claims that seek benefits under an ERISA plan. Employee Retirement Income Security Act of 1974, S 2 et seq., as amended, 29 U.S.C.A. S 1001 et seq. | Does a compulsory arbitration provision divest the District Courts jurisdiction over claims that seek benefits under an ERISA plan? | 007836.docx | LEGALEASE-00148871-LEGALEASE-00148872 |
| Lee v. Muller, 200 Ga. App. 139 | 83E+481 | Transfer of negotiable instrument without indorsement is assignment, and although UCC does not prohibit transfer of commercial paper without indorsement, assignee takes subject to any defense which could be raised against makers. | Can an assignee take an assignment subject to any defense that could be raised against the maker or payee? | Bills and Notes -Memo 607 -DB_57855.docx | ROSS-003281682-ROSS-003281683 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Abrain v. Pereira, 336 Mass. 460 | 124+82 | Where savings bank account stood at intestate's death in name of decedent as trustee for his sister, and intestate's brother, who was among the heirs, prepared release and assignment of his interest in account under seal, even though release and assignment were without actual consideration, assignment became irrevocable upon its delivery to administrator's attorney, who received it for estate and sister. | Can assignment of note and mortgage under seal held valid and irrevocable by assignor even without consideration? | Bills and Notes- Memo 680-PR.docx | LEGALEASE-00038124-LEGALEASE-00038125 |
| United States v. Terry, 707 F.3d 607 | 63+1(1) | One element of bribery involving a public official is that the public official must agree that his official conduct will be controlled by the terms of the promise or the undertaking; this agreement must include a quid pro quo, the receipt of something of value in exchange for an official act, but the agreement between the public official and the person offering the bribe need not spell out which payments control which particular official acts, rather, it is sufficient if the public official understood that he or she was expected to exercise some influence on the payor's behalf as opportunities arose. 18 U.S.C.A. S 201(b)(2). | Does the agreement between the public official and the person offering the bribe need to spell out which payments control which particular official acts? | Bribery - Memo #941- C-JL_57932.docx | ROSS-003294457-ROSS-003294458 |
| McEneny v. Gerlach, 142 S.W.2d 1095 | 200+77(1) | In cases of the loss of the right to a public road, resulting from abandonment or vacation by the public, the result accrues from the acts and doings of those entitled to the highway, and not from the adversary or hostile possession of others. Mo.St.Ann. S 7839, p. 6738. | Does loss of right to a public road result from hostile possession? | 018652.docx | LEGALEASE-00148430-LEGALEASE-00148431 |
| Fernald v. French, 121 Me. 4 | 48A+168(6) | Automobile driver, intending to cross the street in front of another car, should so watch and time the movement of the other car as to reasonably assure himself of the safe passage, either in front or rear of such car, even to the extent of stopping and waiting if necessary. | Is a person intending to make a turn required to watch and time the movements of other cars? | 019054.docx | LEGALEASE-00148719-LEGALEASE-00148720 |
| Mitchell v. Bass, 26 Tex. 372 | 59+20(1) | The established doctrine of the common law is that a conveyance of lands bounded on a public highway carries with it the fee to the center of the road, and such is the legal construction of a grant, unless the inference that it was so intended is rebutted by the terms of the grant. | "Does a conveyance of land bounded on a public highway carry with it, the fee to the center of the road as part and parcel of the grant?" | 019073.docx | LEGALEASE-00149718-LEGALEASE-00149719 |
| Mendoza v. Rast Produce Co., 140 Cal. App. 4th 1395 | 302+20 | When a pleader is in doubt about what actually occurred or what can be established by the evidence, the modern practice allows that party to plead in the alternative and make inconsistent allegations. | Does the modern practice allow the party to plead in the alternative and make inconsistent allegations? | Pleading - Memo 484 - RMM_58679.docx | ROSS-003293678-ROSS-003293679 |
| Rogers v. Quiktrip Corp., 230 P.3d 853 | 307A+622 | Purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim. | Is the purpose of a motion to dismiss to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim? | 036370.docx | LEGALEASE-00149285-LEGALEASE-00149286 |
| Park Ctr. Condo. Council v. Epps, 723 A.2d 1195 | 307A+590.1 | Avoiding dismissal for want of prosecution requires more significant action than taking steps to delay or prevent trial. Superior Court Civil Rule 41. | Does avoiding dismissal for want of prosecution require more significant action than taking steps to delay or prevent trial? | Pretrial Procedure - Memo # 7982 - C - SS_58344.docx | ROSS-003281797-ROSS-003281798 |
| Lynda's Boutique v. Alexander, 96 S.W.3d 328 | 307A+581 | A trial court may dismiss a case pursuant to either its inherent power or in accordance with rule for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can a court dismiss a case pursuant to either its inherent power or in accordance with rule for want of prosecution? | 036502.docx | LEGALEASE-00149275-LEGALEASE-00149276 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Andrews v. Marriott Int'l, 2016 IL App (1st) 122731 | 307A+685 | To obtain involuntary dismissal of a claim on ground the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, unless affirmative matter is already apparent on the face of a complaint, a defendant must support the affirmative matter with an affidavit or with some other material that could be used to support a motion for summary judgment. S.H.A. 735 ILCS 5/2-619(a)(9). | How should the defendant support affirmative matter and motion for summary judgment? | 036542.docx | LEGALEASE-00149299-LEGALEASE-00149300 |
| Better Gov't Ass'n v. Illinois High Sch. Ass'n, 2016 IL App (1st) 151356 | 307A+561.1 | A motion for involuntary dismissal of the complaint based upon certain defects or defenses admits the sufficiency of the plaintiff's complaint, but asserts a defense outside the complaint that defeats it. S.H.A. 735 ILCS 5/2-619. | Will a motion for involuntary dismissal of the complaint based upon certain defects or defenses admit the sufficiency of the plaintiff's complaint? | 036553.docx | LEGALEASE-00149378-LEGALEASE-00149379 |
| Christenbury Eye Ctr., P.A. v. Medflow, 802 S.E. 2d 888 | 307A+622 | When the complaint on its face reveals that no law supports the claim or discloses facts that necessarily defeat the claim, dismissal is proper. N.C. R. Civ. P. 12(b)(6). | "When the complaint on its face reveals that no law supports the claim or discloses facts that necessarily defeat the claim, is dismissal proper?" | Pretrial Procedure - Memo # 8097 - C - NS_58430.docx | ROSS-003299308-ROSS-003299309 |
| J-M Mfg. Co. v. Phillips & Cohen, LLP, 443 N.J. Super. 447 | 307A+622 | Dismissal for failure to state a claim upon which relief can be granted is appropriate only if the complaint states no basis for relief and discovery would not provide one. N.J. Ct. R. 4:6-2(e). | Is a dismissal for failure to state a claim upon which relief can be granted appropriate only if the complaint states no basis for relief and discovery would not provide one? | 036645.docx | LEGALEASE-00149927-LEGALEASE-00149928 |
| Geigy Chem. Corp. v. Zuckerman, 106 R.I. 534 | 413+11 | Workmen's compensation act was intended to impose upon employer burden of taking care of casualties occurring in his employment, thus preventing injured employee from becoming public charge, but compensation payments were never intended to provide general health and accident insurance or to afford full compensation for injuries suffered from one's employment. Gen.Laws 1956, S 28-33-1 et seq. | What did workmens compensation intend to do? | 048356.docx | LEGALEASE-00149994-LEGALEASE-00149995 |
| Umbreit v. Quality Tool, 302 Minn. 376 | 413+2 | While Workmen's Compensation Act is remedial and humanitarian in purpose and is to be given liberal interpretation in favor of employees, rights and benefits granted rest solely upon and are limited by statutes creating them. M.S.A. S 176.011 et seq. | What is humanitarian about the Workmens Compensation Act? | 048448.docx | LEGALEASE-00149822-LEGALEASE-00149824 |
| Cromwell v. Sac Cty., 96 U.S. 51 | 83E+573 | A purchaser of a negotiable security before maturity who is not personally chargeable with fraud may recover its full amount against its maker though he may have paid less than its par value, whatever may have been its original infirmity. | Can a purchaser of a bond or note recover the full amount due? | 009692.docx | LEGALEASE-00150381-LEGALEASE-00150382 |
| Knoll v. Bd. of Regents of Univ. of Nebraska, 258 Neb. 1 | 141E+1195 | State university owes a landowner-invitee duty to students to take reasonable steps to protect against foreseeable acts of hazing, including student abduction on the university's property, and the harm that naturally flows therefrom. | Does a University a has duty to protect students from hazing? | Education - Memo #125 - C - KS.docx | LEGALEASE-00039898-LEGALEASE-00039899 |
| Bilbrey v. Smithers, 937 S.W.2d 803 | 156+27(2) | When one recognizes another's title or is instrumental in another's acquiring title he is estopped to afterwards deny that title, and privies of grantor or grantee are estopped to same extent as original parties to deed. | Are the privies of a grantor or grantee estopped to the same extent as the original parties to the deed? | 018006.docx | LEGALEASE-00150460-LEGALEASE-00150461 |
| State v. Goeson, 65 N.D. 706 | 83+63.15 | State may impose on motor vehicles engaged exclusively in interstate commerce a charge as compensation for use of highways so long as charge is fair contribution to cost of construction and maintenance of highways and of regulation of traffic (Laws 1933, c. 162). | Can the State impose a tax on the property of those engaged in interstate commerce? | HIghways -Memo 271 - DB.docx | LEGALEASE-00039978-LEGALEASE-00039979 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reaves v. City of Corpus Christi, 518 S.W.3d 594 | 307A+622 | When the plaintiff's own allegations, taken as true, trigger a clear legal bar to the plaintiff's claim, the cause of action has no basis in law and is subject to dismissal. Tex. R. Civ. P. 91a. | "When the plaintiff's own allegations trigger a clear legal bar to the plaintiff's claim, does the cause of action have no basis in law?" | 036540.docx | LEGALEASE-00150482-LEGALEASE-00150483 |
| JPMorgan Chase Bank, N.A. v. E.-W. Logistics, 2014 IL App (1st) 121111 | 307A+686.1 | A motion to dismiss affirmative defenses based on the pleadings admits all well-pleaded facts constituting the defenses and attacks only the legal sufficiency of those facts. S.H.A. 735 ILCS 5/2-615. | Does a motion to dismiss pursuant to section 2615 have affirmative defenses based on the pleadings admit all well-pleaded facts constituting the defenses and attacks only the legal sufficiency of those facts? | Pretrial Procedure - Memo # 8182 - C - SKG_58989.docx | ROSS-003281400-ROSS-003281401 |
| Lin v. Cty. of Sullivan, 100 A.D.3d 1076 | 307A+622 | When ruling on a motion to dismiss for failure to state a cause of action, the criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one. McKinney's CPLR 3211(a)(7). | "When ruling on a motion to dismiss for failure to state a cause of action, is the criterion whether the proponent of the pleading has a cause of action?" | Pretrial Procedure - Memo # 8217 - C - KBM_58792.docx | ROSS-003293916-ROSS-003293917 |
| Arsenault v. Bhattacharya, 89 Mass. App. Ct. 804 | 307A+622 | To survive a motion to dismiss, the facts alleged and the reasonable inferences drawn therefrom must plausibly suggest an entitlement to relief. | "To survive a motion to dismiss, the facts alleged must plausibly suggest, not merely be consistent with, an entitlement to relief?" | Pretrial Procedure - Memo # 8348 - C - VA_58860.docx | ROSS-003295225-ROSS-003295226 |
| Walker v. Gowen Stores LLC, 322 Ga. App. 376 | 307A+622 | A complaint need not set forth a cause of action in order to withstand a motion to dismiss but need only set forth a claim for relief; in fact, a plaintiff may sue on one theory and recover on another so long as the complaint adequately states a claim for relief. West's Ga.Code Ann. S 9-11-12(b)(6). | Should a complaint not set forth a cause of action in order to withstand a motion to dismiss but need only set forth a claim for relief? | 037060.docx | LEGALEASE-00150404-LEGALEASE-00150405 |
| Moses v. Dirghangi, 430 S.W.3d 371 | 307A+622 | A motion to dismiss a complaint for failure to state a claim upon which relief can be granted seeks only to determine whether the pleadings state a claim upon which relief can be granted, and challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. Rules Civ.Proc., Rule 12.02(6). | Does a motion to dismiss a complaint for failure to state a claim upon which relief can be granted test the legal sufficiency of the complaint? | Pretrial Procedure - Memo # 8542 - C - PC_59281.docx | ROSS-003279280-ROSS-003279282 |
| Knox v. City of Orland, 4 Cal. 4th 132 | 268+405 | "Special assessment" is a compulsory charge placed by the state upon real property within a predetermined district and made under express legislative authority for deferring in whole or in part the expense of a permanent public improvement therein, whereas a "tax" can be levied without reference to particular benefits to particular individuals or property. | What is special assessment for the purpose of taxation? | 045942.docx | LEGALEASE-00150492-LEGALEASE-00150493 |
| E. E. Rivet & Sons v. Durand, 53 R.I. 48 | 8.30E+186 | When marginal notation, which does not purport to be collateral agreement, but only restatement of amount or date of note, conflicts with terms in main body thereof, notation will be disregarded as not part of note. | Will marginal notation be regarded as part of a note if it conflicts with the terms of its main body? | 010161.docx | LEGALEASE-00151154-LEGALEASE-00151155 |
| Bunge Corp. v. Manufacturers Hanover Tr. Co., 65 Misc. 2d 829 | 172H+782 | "Cashier's check" is the primary obligation of the bank which issues it and constitutes its written promise to pay upon demand; it is a negotiable instrument presumed to have been issued for value. Uniform Commercial Code, SS 3-104, 3-408. | Is the primary obligation of the bank with regard to cashier's check which issues it constitutes its written promise to pay upon demand? | Bills and Notes- Memo 449-PR_59321.docx | ROSS-003280294-ROSS-003280295 |
| Graham v. Frazier, 82 Ga. App. 185 | 403+15(3) | Uniform Warehouse Receipt Act does not require that assignment of a negotiable warehouseman's receipt, in order to pass the title thereto, and to the property pledged, shall be written upon or attached to the receipt itself, but same may be by separate written transfer and assignment, and such a transfer and assignment passes title to property described in receipt to transferee. | Can the title to a note be transferred by a separate writing? | 010800.docx | LEGALEASE-00151164-LEGALEASE-00151165 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Casavant v. Norwegian Cruise Line, Ltd., 63 Mass. App. Ct. 785 | 307A+554 | A motion to dismiss, based on contractual forum selection clause, is properly pleaded as a motion to dismiss for failure to state a claim. Rules Civ.Proc., Rule 12(b)(6), 43A M.G.L.A. | Is a motion to dismiss based on a contractual forum selection clause properly pleaded as a motion to dismiss for failure to state a claim? | 037045.docx | LEGALEASE-00151068-LEGALEASE-00151069 |
| Cartee v. Community Spirit Bank, 214 So. 3d 362 | 307A+46 | The interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff; "willful default" or conduct is a conscious or intentional failure to act, and is used in contradistinction to accidental or involuntary noncompliance. Rules Civ.Proc., Rule 41(b). | "Can action be dismissed when there is a clear record of delay, wilful default or contumacious conduct of the plaintiff?" | Pretrial Procedure - Memo # 8516 - C - TJ_59195.docx | ROSS-003294201-ROSS-003294202 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+622 | If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, it will be dismissed. Rules Civ.Proc., Rule 12(b)(6). | Will a complaint be dismissed if it pleads facts which deny the right to any relief on the alleged claim? | 037320.docx | LEGALEASE-00150948-LEGALEASE-00150949 |
| Wasson v. McClintock, 703 A.2d 726 | 307A+581 | When party files petition for judgment of non pros, that party is seeking equitable relief which is based on equitable doctrine of laches. | "Is a party seeking equitable relief which is based on equitable doctrine of laches, when party files petition for judgment of non pros?" | Pretrial Procedure - Memo # 8559 - C - VA_59356.docx | ROSS-003296302-ROSS-003296303 |
| A.F. Lusi Const. v. Rhode Island Convention Ctr. Auth., 934 A.2d 791 | 307A+624 | The sole function of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint; to carry out this function, the court examines the complaint to determine if plaintiffs are entitled to relief under any conceivable set of facts. Superior Court Rules Civ.Proc., Rule 12(b)(6). | "Is the sole function of a motion to dismiss, to test the sufficiency of the complaint?" | 037362.docx | LEGALEASE-00151124-LEGALEASE-00151125 |
| Nauru Phosphate Royalties v. Drago Daic Interests, 138 F.3d 160 | 25T+210 | Entity's attempt to enforce agreement that contains arbitration clause provides clear and unmistakable evidence that entity regards itself bound by arbitration clause. | Does an entity's attempt to enforce an agreement that contains an arbitration clause provide evidence that the entity regards itself bound by the arbitration clause? | 007974.docx | LEGALEASE-00151437-LEGALEASE-00151438 |
| Kwalick v. Bosacco, 329 Pa. Super. 235 | 25T+182(2) | Mere filing of a complaint or an answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration. | Does the filing of a complaint or answer without prejudice to the objecting party justify a finding of waiver? | Alternative Dispute Resolution - Memo 836 - RK_59521.docx | ROSS-003280587-ROSS-003280588 |
| United States v. Nashville, C. & St. L. Ry., 249 F. 678 | 108H+8 | It is the general rule, applicable, not only to customs duties, but to internal revenue taxes, that a common-law action of debt lies in favor of the government whenever, by accident, mistake, or fraud, the government has not received full payment of duties and excise taxes. | Does the common-law action of debt lie in favor of the government? | 014059.docx | LEGALEASE-00151518-LEGALEASE-00151519 |
| Knisely v. Evans, 34 Ohio St. 158 | 108H+87 | Where a negotiable note is transferred by indorsement, after maturity, the legal title is thereby vested in the indorsee; and, after such indorsement, the amount due on the note cannot be garnished in the hands of the maker, whether he has notice of the transfer or not, as a debt due to the original holder. | Who is vested with the legal title of a negotiable promissory note? | 009814.docx | LEGALEASE-00151634-LEGALEASE-00151635 |
| Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874 | 172H+1561 | When the Truth in Lending Act (TILA) permits borrowers to rescind the transaction, it permits them not only to remove the security interest on their home but also to recover certain fees incurred in the transaction. Truth in Lending Act, S 125(a, b), 15 U.S.C.A. S 1635(a, b). | Can the borrower remove a security interest and recover certain fees or charges when rescinding a transaction? | Consumer Credit - Memo 35 - RK_59567.docx | ROSS-003293482-ROSS-003293483 |
| Perlmutter v. Four Star Dev. Assocs., 38 A.D.3d 1139 | 200+79.1 | Six-year limitation period on life of unused public easement for highway does not apply where town has acquired fee to land in question. McKinney's Highway Law S 205(1). | Does a limitation on the life of an unused public easement apply where a town has acquired a fee to the land in question? | Highways - Memo 299 - RK_59592.docx | ROSS-003319127-ROSS-003319129 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Archangel Diamond Corp. v. Arkhangelskgeoldobycha, 94 P.3d 1208 | 307A+680 | The same procedure for resolving factual disputes concerning subject matter jurisdiction applies to motions to dismiss for lack of personal jurisdiction. Rules Civ.Proc., Rule 12(b)(2). | Does the same procedure for resolving factual disputes concerning subject matter jurisdiction apply to motions to dismiss for lack of personal jurisdiction? | Pretrial Procedure - Memo # 8779 - C - SJ_59778.docx | ROSS-003283659-ROSS-003283660 |
| U.S. v. Peralta-Sanchez, 847 F.3d 1124 | 92+3921 | Aliens who attempt to enter at an official port-of-entry and are detained by immigration officials have not "entered" the United States, and thus the Due Process Clause does not apply to those aliens, even if they may be physically present in United States territory, because they have not crossed the border free from official restraint; this is sometimes referred to as the "entry fiction." U.S. Const. Amend. 5. | Can a detained alien be deemed to have entered the United States? | 006864.docx | LEGALEASE-00152542-LEGALEASE-00152543 |
| U.S. v. Peralta-Sanchez, 847 F.3d 1124 | 92+3921 | Aliens who attempt to enter at an official port-of-entry and are detained by immigration officials have not "entered" the United States, and thus the Due Process Clause does not apply to those aliens, even if they may be physically present in United States territory, because they have not crossed the border free from official restraint; this is sometimes referred to as the "entry fiction." U.S. Const. Amend. 5. | Can an alien be present in the United States yet be deemed not to have entered? | 006874.docx | LEGALEASE-00152552-LEGALEASE-00152553 |
| Deutsche Bank Nat. Tr. Co. v. Monica, 131 A.D.3d 737 | 83E+426 | Where a plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears special indorsement payable to the order of the plaintiff, such party is a holder of the note and entitled to enforce the instrument. | Is a holder of the note that contains an indorsement in blank entitled to enforce it? | Bills and Notes- Memo 1103 - ANM_60029.docx | ROSS-003321850-ROSS-003321851 |
| Enoch v. Brandon, 249 N.Y. 263 | 58+78 | Bond, to be negotiable, must contain unconditional promise to pay fixed sum, without anything requiring reference to another document to determine whether promise is modified or contingent. Negotiable Instruments Law, S 20. | When is a bond a negotiable instrument? | Bills and Notes-Memo 1027 - SB_60153.docx | ROSS-003311081 |
| Rendler v. Corus Bank, 272 F.3d 992 | 172H+1322 | Truth in Lending Act (TILA) is a disclosure statute; it does not substantively regulate consumer credit but, rather, requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does TILA require the disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction? | 014040.docx | LEGALEASE-00152625-LEGALEASE-00152626 |
| MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, 364 Ill. App. 3d 6 | 307A+683 | The defendant has the burden of proving the affirmative defense relied upon in a motion for involuntary dismissal based on certain defects or defenses, and such a motion should only be granted if the record establishes that no genuine issue of material fact exists. S.H.A. 735 ILCS 5/2-619. | Is dismissal appropriate where the record establishes that no genuine issue of material fact exists? | 037704.docx | LEGALEASE-00151988-LEGALEASE-00151989 |
| Vogel v. Liberty Mut. Ins. Co., 214 Wis. 2d 443 | 307A+679 | On motion to dismiss, facts pled are taken as true and inferences from pleadings are construed in favor of party against whom motion is brought. | "On motion to dismiss, are facts pled taken as true and inferences from pleadings are construed in favor of a party against whom motion is brought?" | Pretrial Procedure - Memo # 8808 - C - NE_59807.docx | ROSS-003293171-ROSS-003293172 |
| Munjoy Sporting & Athletic Club v. Dow, 755 A.2d 531 | 307A+561.1 | Immunities and other affirmative defenses may be raised by a motion to dismiss, if facts giving rise to the defense appear on face of complaint. | Will immunities be raised by a motion to dismiss if facts giving rise to the defense appear on face of complaint? | 037814.docx | LEGALEASE-00152018-LEGALEASE-00152019 |
| Shulver v. Slocum, 566 So. 2d 1089 | 307A+581 | Law favors and justice requires that action be maintained whenever possible so that aggrieved party has had his day in court to which he is entitled. | Does justice require that action be maintained whenever possible so that aggrieved party has had his day in court to which he is entitled? | Pretrial Procedure - Memo # 9161 - C - MS_60105.docx | ROSS-003282111-ROSS-003282112 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Bishop, 431 S.W.3d 22 | 21+1 | Affidavit requires that affiant make conscious and unequivocal act, in the presence of officer authorized to administer oath, that causes her to assume obligations of oath; if one was not sworn to before official or person in authority, it is not valid. | Should an affidavit be sworn to before an authorized officer? | Affidavits - Memo 51 - _10EdbUXF_xEHIqODb1 MKD09wg3IlOBz9e.docx | ROSS-000000199-ROSS-000000200 |
| Barthelmues v. Ives, 194 Misc. 13 | 21+8 | The omission of a venue or the statement of an improper venue in an affidavit does not invalidate the oath or render the affidavit a nullity when it is shown by proof aliunde that it was duly administered by a proper officer within the jurisdiction. | Does omission of a venue or the statement of an improper venue in an affidavit render it null? | 006636.docx | LEGALEASE-00153229-LEGALEASE-00153230 |
| DeRouin v. Hinphy, 209 So. 2d 352 | 8.30E+282 | A "non-negotiable note" is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed determinable future time, a sum certain in money. LSA-R.S. 7:126. | What is a non-negotiable note? | 009916.docx | LEGALEASE-00153670-LEGALEASE-00153671 |
| Spencer Commercial Club v. Bartmess, 70 Ind. App. 294 | 156+31 | As the owner of real estate attesting a deed made by a person having no title, if such owner knows the contents of such deed, will, by attesting it, be estopped from setting up his own title against the grantee the equitable interest in land owned by a commercial club will pass by a direct conveyance executed by its officers, notwithstanding the conveyance was ineffectual to carry the legal title. | "Will the owner of land, by attesting a deed the contents of which he knows, made by a person who has no title, be estopped from asserting his title against the grantee and his privies?" | 018031.docx | LEGALEASE-00152902-LEGALEASE-00152903 |
| Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | "Will an object in the highway, in violation of statute make the owner liable for the damages ?" | Highways -Memo 350-SB_60744.docx | ROSS-003292802-ROSS-003292804 |
| Jewett v. Gage, 55 Me. 538 | 200+181 | The plaintiff's minor daughter, with a suitable horse and vehicle, and in the exercise of ordinary care, was traveling along a public highway, when the horse became frightened at the appearance of the defendant's hog, which was permitted to be in the highway without a keeper, and occasioned an injury to the daughter and the vehicle. Held, that the defendant was liable for the injury, whether he knew or not that the hog was there at the time. | Will an owner be liable for injuries caused by a horse/hog? | Highways -Memo 354-SB_60748.docx | ROSS-003309721-ROSS-003309723 |
| Etiwan Fertilizer Co. v. Johns, 202 S.C. 29 | 302+359 | A "sham answer," which may be stricken, is one good in form, but false in fact, and not pleaded in good faith, being a mere pretense, set up in bad faith and without color of fact. Code 1942, S 470. | "Is a sham answer one good in form, but false in fact, and not pleaded in good faith?" | 023710.docx | LEGALEASE-00153370-LEGALEASE-00153371 |
| Rector, Churchwardens & Vestrymen of the Church of the Holy Spirit, Nice, France, v. Cent. Hanover Bank & Tr. Co., 46 N.Y.S.2d 659 | 302+359 | A "sham answer" is synonymous with a "false answer" and is one false in fact and not pleaded in good faith though good in form, and one setting up new matter known by defendant to be false, and to authorize court to strike out an answer as sham, it must be false in sense of being a mere pretense set up in bad faith and without color of fact and its falsity must clearly and decisively if not overwhelmingly appear and plaintiff must have a clear prima facie case. Rules of Civil Practice, rule 103. | Is a sham answer one setting up new matter known by the defendant to be false? | 023714.docx | LEGALEASE-00153443-LEGALEASE-00153444 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gordon v. Purdue Univ., 862 N.E.2d 1244 | 30+3282 | When reviewing grant of motion to dismiss for failure to state a claim, appellate courts do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. Trial Procedure Rule 12(B)(6). | Does resolving a motion to dismiss for failure to state a claim involve only a question of law? | 038073.docx | LEGALEASE-00153285-LEGALEASE-00153286 |
| Riehle v. Riehle, 504 S.W.3d 7 | 30+3284 | The issue of whether a case should have been dismissed for failure to state a claim raises a question of law and is reviewed de novo. | Does the issue of whether a case should have been dismissed for failure to state a claim raise a question of law and is reviewed de novo? | Pretrial Procedure - Memo # 8974 - C - PC_60570.docx | ROSS-003280046-ROSS-003280047 |
| Allen v. Clark Cty. Park Dist. Bd. of Comm'rs, 2016 IL App (4th) 150963 | 307A+681 | In considering a motion to dismiss with respect to pleadings, the court considers all facts apparent from the face of the complaint, including any attached exhibits. S.H.A. 735 ILCS 5/2-615. | "In considering a motion to dismiss with respect to pleadings, does the court consider all facts apparent from the face of the complaint, including any attached exhibits?" | 038226.docx | LEGALEASE-00153197-LEGALEASE-00153198 |
| Kaplan v. New York City Dep't of Health & Mental Hygiene, 142 A.D.3d 1050 | 307A+681 | Whether a pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss. McKinney's CPLR 3211(a)(7). | Whether a pleading will later survive a motion for summary judgment not relevant on a pre-discovery motion to dismiss? | Pretrial Procedure - Memo # 9058 - C - MS_60463.docx | ROSS-003294142-ROSS-003294143 |
| Airoulofski v. State, 922 P.2d 889 | 307A+581 | Civil Rules contain two provisions by which cases may be dismissed for failure to prosecute; rules governing cases to which fast-track procedures are applicable allows dismissal of dormant cases, and cases operating by standard civil procedures may be dismissed for want of prosecution. Rules Civ.Proc., Rules 16.1(g), 41(e). | What rules allow for dismissal for failure to prosecute? | 038385.docx | LEGALEASE-00152838-LEGALEASE-00152839 |
| Park Ctr. Condo. Council v. Epps, 723 A.2d 1195 | 307A+581 | Purpose of rule allowing dismissal of case for failure to prosecute is to dispose of cases when necessary, not to allow parties to maintain a faint spark of life in their litigation. Superior Court Civil Rule 41. | "Is the purpose of rule allowing dismissal of case for failure to prosecute to dispose of cases, when necessary?" | 038391.docx | LEGALEASE-00152874-LEGALEASE-00152875 |
| Conlen Grain & Mercantile v. Texas Grain Sorghum Producers Bd., 519 S.W.2d 620 | 371+2001 | "Tax" is burden or charge imposed by legislative power of state upon persons or property to raise money for public purposes. Vernon's Ann.Civ.St. art. 55c. | Is a tax a burden imposed upon persons or property to raise money for public purposes? | 046031.docx | LEGALEASE-00153352-LEGALEASE-00153353 |
| State v. C.S., 275 Or. App. 126 | 3.77E+13 | Under the menacing statute, because the victim's subjective state of mind is not a defined element of the offense, the standard is whether a reasonable person would have been placed in the requisite state of fear. West's Or.Rev. Stat. Ann. S 163.190. | Is the victims subjective state of mind an element of the offense under the menacing statute? | Threats - Memo #50 - C - LB_60790.docx | ROSS-003307431-ROSS-003307432 |
| United States v. 716 Cases, More or Less, etc., Del Comida Brand Tomatoes, 179 F.2d 174 | 178+5 | Food, Drug and Cosmetic Act was not intended to be confined to misbranding, and the addition of adulterated substances deleterious to health of consumers, but provides for protection to consumer from economic adulteration by which less expensive ingredients are substituted or the proportion of more expensive ingredients are diminished so as to make the commonly identified article inferior to that which the consumer would expect to receive when purchasing it, although not in itself deleterious. Federal Food, Drug and Cosmetic Act, S 402(b)(2), 21 U.S.C.A. S 342(b)(2). | When is a product said to be economically adulterated? | Adulteration - Memo 1-_1DVZXgW2CG-TmjKhq5Cu6OBu-8kos05D_.docx | ROSS-000000100-ROSS-000000101 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| F.D.I.C. v. Wrapwell Corp., 922 F. Supp. 913 | 170A+2488 | Although summary judgment is generally appropriate in context of action on promissory note, it is not appropriate where dispute about crucial facts underlying defendant's sole remaining defense to suit exists. | Is summary judgment appropriate based on the evidence of the promissory note? | 008988.docx | LEGALEASE-00154421-LEGALEASE-00154422 |
| Educ. Res. Inst. v. Soren, 85 A.D.3d 848 | 83E+484 | Under Ohio law, the right to enforce a note cannot be assigned but instead, the note must be negotiated in accord with Ohio's version of the Uniform Commercial Code (UCC), and an attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note. Ohio R.C. S 1303.21(B). | Does the assignment of a note create a claim to ownership? | Bills and Notes - Memo 941 - RK_60802.docx | ROSS-003325879-ROSS-003325880 |
| Rubio v. Capital One Bank, 613 F.3d 1195 | 172H+1342 | Because Truth in Lending Act (TILA) is liberally construed in favor of the consumer and strictly enforced against the creditor, any misleading ambiguity, that is, any disclosure that a reasonable person could read to mean something that is not accurate, should be resolved in favor of the consumer. Truth in Lending Act, S 127(c)(1)(A)(i)(I), 15 U.S.C.A. S 1637(c)(1)(A)(i)(I). | Is TILA liberally construed in favor of the consumer? | 013944.docx | LEGALEASE-00153923-LEGALEASE-00153924 |
| Bilnoski v. Pizza Inn, 858 S.W.2d 55 | 307A+581 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or at trial, when case has not been disposed of within Supreme Court's guidelines, and when case has not been prosecuted with due diligence; authority to dismiss is derived both from rules of civil procedure and from court's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165. | Can a court dismiss a case for want of prosecution when the case has not been prosecuted with due diligence? | 038754.docx | LEGALEASE-00154254-LEGALEASE-00154255 |
| Russell v. SNFA, 2013 IL 113909 | 106+35 | Any conflicts in the pleadings and affidavits regarding personal jurisdiction over a nonresident defendant must be resolved in the plaintiff's favor; but, the defendant may overcome plaintiff's prima facie case for jurisdiction by offering uncontradicted evidence that defeats jurisdiction. | Should any conflicts in the pleadings and affidavits be resolved in the plaintiff's favor? | 038942.docx | LEGALEASE-00154439-LEGALEASE-00154440 |
| Abate v. Fremont Inv. & Loan, 470 Mass. 821 | 307A+685 | In a typical case, a plaintiff is required to prove jurisdictional facts if those facts are challenged by an opposing party through evidence accompanying a motion to dismiss. | "In a typical case, is a plaintiff required to prove jurisdictional facts if those facts are challenged by an opposing party?" | Pretrial Procedure - Memo # 9556 - C - UG_61174.docx | ROSS-003295096-ROSS-003295097 |
| Long v. Cochran, 247 Ga. 483 | 307A+581 | Dismissal for want of prosecution based upon non-appearance of plaintiff is not warranted where plaintiff's counsel is present in his client's stead. | Is dismissal for want of prosecution based upon non-appearance of the plaintiff warranted where plaintiffs counsel is present in his clients stead? | 038998.docx | LEGALEASE-00154793-LEGALEASE-00154794 |
| Geraty v. Carbona Prod. Co., 16 Ill. App. 3d 702 | 307A+581 | Dismissal of valid cause of action is error unless plaintiff has been guilty of inexcusable delay in prosecuting the suit. | Is dismissal of a valid cause of action error unless the plaintiff has been guilty of inexcusable delay in prosecuting the suit? | 039183.docx | LEGALEASE-00154771-LEGALEASE-00154772 |
| State ex rel. Hansen v. Schall, 126 Conn. 536 | 308+92(1) | A statute may require authority conferred or duty created thereby to be performed only by the person named therein, rather than by agent, if there is something in the statute either by express enactment or necessary implication, limiting the common law right of any person who is sui juris to appoint an agent to act in his behalf. | How is it determined if a right conferred by statute to an agent is to be exercised personally? | Principal and Agent - Memo 250 - KC_61130.docx | ROSS-003278424-ROSS-003278425 |
| Standard Builders Supplies v. Gush, 206 A.D.2d 720 | 308+14(2) | Agency relationship established by conduct may create agency of apparent authority, established by words or conduct of principal communicated to third party, if it gives rise to apparent and reasonable basis by third party that agency has been created and agent possesses authority to enter into transaction. | How is an agency relationship established? | 041629.docx | LEGALEASE-00154623-LEGALEASE-00154624 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Matter of Sutton Investments, 46 N.C. App. 654 | 266+858 | Where note and deed of trust are executed simultaneously and each contains references to the other, the documents are to be considered as one instrument and are to be read and construed as such to determine intent of parties. | "When a note is executed and secured by a deed of trust, is the documents read and construed together as one contract?" | 009389.docx | LEGALEASE-00155466-LEGALEASE-00155467 |
| Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601 | 101+1058 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | Is lender liability predicated on an unmistakable showing that subservient corporation in reality has no separate existence of its own? | Bills and Notes-Memo 1201-SB_61828.docx | ROSS-003283945-ROSS-003283946 |
| Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601 | 101+1058 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | Is lender liability predicated on an unmistakable showing that subservient corporation in reality has no independent existence of its own? | 010850.docx | LEGALEASE-00155716-LEGALEASE-00155717 |
| Patterson v. ITT Consumer Fin. Corp., 14 Cal. App. 4th 1659 | 95+1.11(1) | Under Graham model for determining whether contractual provision is unconscionable, court asks initially whether contract is one of adhesion; inquiry then turns to whether enforcement should be denied; first, enforcement will be denied if contract or provision falls outside reasonable expectations of weaker party; second, enforcement will be denied if it does fall within reasonable expectations of parties, but it is unduly oppressive or unconscionable. | Does a court's determination if a contract is unconscionable within a contracting party's reasonable expectations is based on its initial determination whether the contract is a contract of adhesion? | 013778.docx | LEGALEASE-00155285-LEGALEASE-00155286 |
| Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018 | 172H+1556 | Three year period governing Truth in Lending Act (TILA) rescission claims only required that borrower exercise his right to rescind within the three-year period; it did not require that he file a rescission claim within that period. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | Does the three year limitation period governing TILA rescission claims require that the borrower file a rescission claim within the period? | 013789.docx | LEGALEASE-00155518-LEGALEASE-00155519 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | "Does strict technical compliance, regardless of actual injury, promote the standardization of credit terms?" | Consumer Credit - Memo 206 - RK_61868.docx | ROSS-003296058-ROSS-003296059 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does the strict technical compliance with credit terms regardless of actual injury benefit all borrowers? | Consumer Credit - Memo 210 - RK_61872.docx | ROSS-003323361-ROSS-003323362 |
| In re Lopez, 486 B.R. 221 | 172H+117 | So long as a borrower receives one notice of right to cancel, the rescission period may not be extended under either the Truth in Lending Act (TILA) or the Massachusetts Consumer Credit Cost Disclosure Act (MCCCDA). Consumer Credit Protection Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; M.G.L.A. c. 140D, S 10 et seq. | Does failing to provide the debtors with a total of four Notices of Right to Cancel amount to violation of Truth in Lending Act (TILA) and do not extend the rescission period? | 014047.docx | LEGALEASE-00155432-LEGALEASE-00155433 |
| Com. v. Mulvey, 57 Mass. App. Ct. 579 | 129+107 | "Public" element of offense of disorderly conduct may be satisfied if disturbance takes place in a more secluded environment than, for example, on public street or by side of highway, but only if members of the public are likely to be affected. M.G.L.A. c. 272, S 53. | Can the public element of an offense be satisfied only if members of the public are likely to be affected? | Disorderly Conduct-Memo 140- JK.docx | LEGALEASE-00044771-LEGALEASE-00044772 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lindley v. McKnight, 349 S.W.3d 113 | 156+52(1) | "Quasi-estoppel" is an affirmative defense that precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. | Is quasi-estoppel an affirmative defense that precludes a party from asserting a right inconsistent with a position previously taken? | 018089.docx | LEGALEASE-00155362-LEGALEASE-00155363 |
| Thorson v. W. Dev. Corp., 251 Cal. App. 2d 206 | 228+101(1) | Allegation contained in body of complaint may not cure defect in prayer of complaint and jurisdiction of court to enter default judgment must be resolved solely by reference to that prayer. | Does the allegation contained in the body of a complaint cure a defect in the prayer? | Pleading - Memo 545 - RMM_61965.docx | ROSS-003293789-ROSS-003293790 |
| Glaser v. LeBus, 2012-NMSC-012 | 307A+681 | A judgment on the pleadings is treated as a motion to dismiss when the district court considers matters contained solely within the pleadings. | Is a judgment on the pleadings treated as a motion to dismiss when the district court considers matters contained solely within the pleadings? | 039000.docx | LEGALEASE-00154813-LEGALEASE-00154814 |
| Parlen v. Golden State Sanwa Bank, 194 Cal. App. 3d 906 | 307A+581 | Whether formal discovery has been conducted is but one important factor in totality of circumstances to be considered in deciding whether to dismiss for delay in prosecution. | What is the important factor in totality of circumstances to be considered in deciding whether to dismiss for delay in prosecution? | 039041.docx | LEGALEASE-00154865-LEGALEASE-00154866 |
| D'hondt v. Regents of Univ. of California, 153 Cal. App. 3d 723 | 307A+581 | While the policy underlying the statute providing for dismissal of actions for want of prosecution and failure to bring such actions to trial is less powerful than that which seeks to dispose of litigation on the merits, an alleged wrong, without more, is insufficient to undermine the policy of such statute; the more compelling policy of favoring the resolution of a case on the merits will only prevail where the plaintiff makes some showing of excusable delay. West's Ann.Cal.C.C.P. S 583(a). | Will the more compelling policy of favoring the resolution of a case on the merits prevail where the plaintiff makes some showing of excusable delay? | 039087.docx | LEGALEASE-00155195-LEGALEASE-00155196 |
| Rumfelt v. Himes, 438 N.E.2d 980 | 307A+581 | Trial court may dismiss action when a party fails to comply with rules or when no action has been taken in case for at least 60 days. Trial Procedure Rule 41(E). | Can court dismiss action when a party fails to comply with rules or when no action has been taken in case for at least sixty days? | Pretrial Procedure - Memo # 9671 - C - TM_61572.docx | ROSS-003282621-ROSS-003282622 |
| City of Miami v. Dade Cty., 321 So. 2d 140 | 307A+581 | Primary purpose of rule governing dismissal for failure to prosecute is to expedite course of litigation and require litigants to keep court dockets as nearly current as possible, and it is incumbent on courts to do likewise. 30 West's F.S.A. Rules of Civil Procedure, rules 1.440, 1.440(c). | What is the primary purpose of rule governing dismissal for failure to prosecute? | Pretrial Procedure - Memo # 9706 - C - VP_61976.docx | ROSS-003282300 |
| Nicholson v. Ballard, 7 Wash. App. 230 | 307A+581 | Purposes of rule governing dismissal of actions are to protect litigants from dilatory counsel and to prevent cluttering of court records with unresolved and inactive litigation. CR 41. | Is the purpose of rule governing dismissal of actions to prevent cluttering of court records with unresolved and inactive litigation? | 039194.docx | LEGALEASE-00154851-LEGALEASE-00154852 |
| Coast to Coast Energy v. Gasarch, 149 A.D.3d 485 | 307A+684 | On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate jurisdiction. McKinney's CPLR 3211(a)(8). | "On a motion to dismiss for lack of personal jurisdiction, does the plaintiff have the burden of presenting sufficient evidence?" | Pretrial Procedure - Memo # 9790 - C - SHB_61415.docx | ROSS-003281593-ROSS-003281594 |
| Morgan v. Morgan, 519 S.W.2d 276 | 307A+683 | If a plaintiff pleads prima facie case establishing long-arm jurisdiction, a motion to dismiss for lack of jurisdiction, without more, must fail; if the motion is supplemented with an affidavit contesting jurisdiction, burden returns to the plaintiff who must, by affidavit or other sworn statement, prove a sufficient jurisdictional basis. West's F.S.A. S 48.193(1)(e). | "If a plaintiff pleads prima facie case establishing jurisdiction, should a motion to dismiss for lack of jurisdiction fail?" | 039542.docx | LEGALEASE-00155281-LEGALEASE-00155282 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State of S.C. ex rel. Tindal v. Block, 717 F.2d 874 | 371+2002 | Mere fact that a statute raises revenue does not imprint upon it the characteristics of a law by which the taxing power is exercised; if regulation is the primary purpose of a statute, revenue raised under the statute will be considered a fee rather than a tax. U.S.C.A. Const. Art. 1, S 7, cl. 1; U.S.C.A. Const. Art. 1, S 8, cl. 1. | Does the mere fact a statute raises revenue imprint upon it the characteristics of a law by which the taxing power is exercised? | 046110.docx | LEGALEASE-00155797-LEGALEASE-00155798 |
| Gunby v. Yates, 214 Ga. 17 | 371+2002 | A "tax" is an enforced contribution exacted pursuant to legislative authority for purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or service rendered by a public officer, which is a "fee." | Is tax a payment for a special privilege or a service rendered? | 046114.docx | LEGALEASE-00155809-LEGALEASE-00155810 |
| Linahan v. Linahan, 131 Conn. 307 | 156+52(2) | The basis of estoppel is unjust advantage which, if the principle were not applied, one person would be able to take of another, and it rests on misleading conduct of one party to the prejudice of the other. | Does estoppel rest on misleading conduct of one party to the prejudice of the other? | 017759.docx | LEGALEASE-00156026-LEGALEASE-00156027 |
| Lord v. Shaw, 665 P.2d 1288 | 302+34(2) | Specific averments in pleading are usually given precedence over general ones regarding same matter; specific averments are deemed to supplant, limit, and control general allegations. | Are specific averments in pleading given precedence over general ones regarding the same matter? | 023801.docx | LEGALEASE-00156315-LEGALEASE-00156316 |
| Nelson v. Comm'r of Correction, 167 A.3d 952 | 307A+685 | A memorandum of law is not a proper vehicle for supplementing the factual allegations in a complaint, for purposes of motion to dismiss. Conn. Practice Book S 10-31. | "Is a memorandum of law not a proper vehicle for supplementing the factual allegations in a complaint, for purposes of a motion to dismiss?" | 024513.docx | LEGALEASE-00156347-LEGALEASE-00156348 |
| Santucci v. Pearsall, 99 A.D.2d 775 | 307A+587 | Where plaintiffs failed to comply with 90-day notice served upon them pursuant to statute governing want of prosecution, did not seek to extend time to comply or vacate notice, and, in opposing motion to dismiss four months after service of 90-day notice, failed to furnish affidavit of merit, which, in light of delay in filing note of issue, was mandatory, action would be dismissed for failure to prosecute. McKinney's CPLR 3216. | "Should a plaintiff present an affidavit of merit, or its equivalent to defeat motion to dismiss?" | 024531.docx | LEGALEASE-00156220-LEGALEASE-00156221 |
| Carl J. Herzog Found. v. Univ. of Bridgeport, 41 Conn. App. 790 | 307A+685 | Motion to dismiss raises question whether jurisdictional flaw is apparent on record or by way of supporting affidavits. | Does a motion to dismiss raise a question whether jurisdictional flaw is apparent on record or by way of supporting affidavits? | Pretrial Procedure - Memo # 10179 - C - NC_61708.docx | ROSS-003295015-ROSS-003295016 |
| OHBA Corp. v. City of Carrollton, 203 S.W.3d 1 | 307A+690 | Dismissal with prejudice is appropriate when trial court lacks subject matter jurisdiction because of sovereign immunity bar. | Is a dismissal with prejudice appropriate when trial court lacks subject matter jurisdiction because of a sovereign immunity bar? | Pretrial Procedure - Memo # 10357 - C - BP_62179.docx | ROSS-003295012 |
| Comm'n on Human Rights & Opportunities v. City of Torrington, 901 A.2d 46 | 307A+690 | A dismissal without prejudice terminates litigation and the court's responsibilities, while leaving the door open for some new, future litigation. | "Does a dismissal without prejudice terminate litigation and the court's responsibilities, while leaving the door open for some new, future litigation?" | Pretrial Procedure - Memo # 10360 - C - BP_62085.docx | ROSS-003295302-ROSS-003295303 |
| In re R.H., 313 Ga. App. 416 | 67+3 | Mere illegal entry alone does not satisfy all the elements of the crime of burglary; some evidence must also exist of an intent to commit a felony or a theft, separate and distinct from the unauthorized entry. | Are unlawful entry and intent distinct elements of burglary? | 013094.docx | LEGALEASE-00156547-LEGALEASE-00156548 |
| Breaker v. U.S., 977 F.Supp.2d 921 | 411+7 | Before a party can challenge an action by the United States Forest Service (USFS) in federal court, it must exhaust administrative remedies. Department of Agriculture Reorganization Act of 1994, S 212(e), 7 U.S.C.A. S 6912(e). | Does a party have to exhaust administrative remedies before it can challenge an action by the United States Forest Service (USFS) in federal court? | 047627.docx | LEGALEASE-00156653-LEGALEASE-00156654 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226 | 307A+690 | Because the law favors trial on the merits, dismissal with prejudice may not be warranted where delay in bringing the case to trial is justified by the circumstances of the case. Nev. R. Civ. P. 41(e). | "Because the law favors trial on the merits, can dismissal with prejudice not be warranted where delay in bringing the case to trial is justified by the circumstances of the case?" | 024895.docx | LEGALEASE-00157183-LEGALEASE-00157184 |
| Cotter v. Dias, 130 A.3d 164 | 307A+690 | Dismissal with prejudice is a harsh sanction which runs counter to courts' strong policy favoring the disposition of cases on the merits. Superior Court Rules Civ.Proc., Rule 41(b). | Is a dismissal with prejudice a harsh sanction which runs counter to courts' strong policy favoring the disposition of cases on the merits? | Pretrial Procedure - Memo # 10476 - C - KG_62750.docx | ROSS-003305647 |
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 192 | 307A+581 | Dismissal with prejudice for want of prosecution is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases. Rules Civ.Proc., Rule 41(b). | Is a dismissal with prejudice for want of prosecution an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim? | 024977.docx | LEGALEASE-00157403-LEGALEASE-00157404 |
| State Farm Fire & Cas. Co. v. Smith, 39 So. 3d 1172 | 307A+690 | If a plaintiff fails to perfect service of process within 120 days, a trial court may dismiss the action without prejudice pursuant to the rule permitting a 120-day period for service of process; however, in extreme circumstances, a trial court may dismiss with prejudice an action for failure to effect service after the 120-day window has expired, pursuant to the rule permitting a dismissal of an action for the failure of the plaintiff to prosecute or comply with the rules of civil procedure. Rules Civ.Proc., Rules 4(b), 41(b). | Does failure to prosecute an action permit dismissal of the action without prejudice? | 025056.docx | LEGALEASE-00156727-LEGALEASE-00156728 |
| Muirfield Vill.-Vernon Hills v. K. Reinke, Jr. & Co., 349 Ill. App. 3d 178 | 307A+624 | A complaint should not be dismissed with prejudice unless it is apparent that no set of facts can be proved under the complaint that would entitle the plaintiff to relief. S.H.A. 735 ILCS 5/2-615. | Should a complaint not be dismissed with prejudice unless it is apparent that no set of facts can be proved under the complaint that would entitle the plaintiff to relief? | 025060.docx | LEGALEASE-00156749-LEGALEASE-00156750 |
| Chacon v. Jellison, 2003 WL 1560184 | 307A+690 | When a plaintiff fails to appear for trial, the trial court may only dismiss the plaintiff's claims without prejudice; it may not render a take-nothing judgment based on plaintiff's failure to appear at trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(1). | "When a plaintiff fails to appear for trial, can the trial court only dismiss the plaintiff's claims without prejudice?" | Pretrial Procedure - Memo # 10548 - C - KG_62446.docx | ROSS-003308662-ROSS-003308663 |
| McConnell v. Attorney Gen. of Texas, 878 S.W.2d 281 | 307A+690 | Dismissal without prejudice means that claimant has right to sue again on same cause of action and prevents decree of dismissal from operating as bar to subsequent suit. | Does a dismissal without prejudice mean a claimant has a right to sue again on the same cause of action? | 025099.docx | LEGALEASE-00156867-LEGALEASE-00156868 |
| Trent v. River Place, 179 N.C. App. 72 | 307A+693.1 | It is the burden of the party whose claim is being dismissed to convince the court that he deserves a second chance, and he should formally move the court that the dismissal be without prejudice. Rules Civ.Proc., Rule 41(b), West's N.C.G.S.A. § 1A-1. | Is it the burden of the party whose claim is being dismissed to convince the court that he deserves a second chance? | Pretrial Procedure - Memo # 10597 - C - TJ_62634.docx | ROSS-003283166-ROSS-003283167 |
| Thacker v. Bartlett, 785 N.E.2d 621 | 307A+693.1 | A trial court's entry sustaining a motion to dismiss that goes on to adjudge the case dismissed constitutes a final judgment. Trial Procedure Rule 12(B). | Does a trial court entry sustaining a motion to dismiss that goes on to adjudge the case dismissed constitute a final judgment? | 025170.docx | LEGALEASE-00157203-LEGALEASE-00157204 |
| Allstate Ins. Co. v. Anderson, 329 Ill. App. 3d 93 | 307A+693.1 | A dismissal for want of prosecution is ordinarily not a final order because of plaintiff's right to refile under Code of Civil Procedure; when the time for refiling expires, the litigation is terminated and the order is final. S.H.A. 735 ILCS 5/13-217. | Is a dismissal for want of prosecution ordinarily not a final order because of a plaintiff's right to refile under a Code of Civil Procedure? | Pretrial Procedure - Memo # 10614 - C - NS_63224.docx | ROSS-003297084-ROSS-003297085 |
| Paul Stanley Leasing Corp. v. Hoffman, 651 S.W.2d 440 | 307A+693.1 | Decision to either dismiss or abate action is ordinarily matter addressed to sound discretion of trial court. | Is the decision to either dismiss or abate an action a matter ordinarily addressed to sound discretion of a trial court? | Pretrial Procedure - Memo # 10651 - C - BP_62464.docx | ROSS-003293015-ROSS-003293016 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pender v. Pender, 634 S.W.2d 244 | 307A+693.1 | An order to dismiss qualified by a grant of time to file amended petition, or any other comparable decretal expression, signifies intention to dismiss the petition only, not the action. | Does an order to dismiss qualified by a grant of time to file amended petition signify an intention to dismiss the petition only? | Pretrial Procedure - Memo # 10656 - C - BP_62469.docx | ROSS-003279835-ROSS-003279836 |
| Epstein v. Chicago Bd. of Educ., 178 Ill. 2d 370 | 30+3200 | Appeal from involuntary dismissal on ground that claim is barred by other affirmative matter avoiding legal effect of or defeating claim resembles grant of summary judgment motion and is likewise reviewed de novo; appellate court must consider whether existence of genuine issue of material fact should have precluded dismissal or, absent such issue of fact, whether dismissal is proper as matter of law. S.H.A. 735 ILCS 5/2-619(a)(9). | Can a court determine whether a genuine issue of material fact should preclude dismissal? | 025334.docx | LEGALEASE-00157073-LEGALEASE-00157074 |
| Whitco Produce Co. v. Bonanza Int'l, 154 Ga. App. 92 | 289+437 | Generally, franchise contract under which one operates a type of business on royalty basis does not create agency or partnership relationship. | Can an agency relationship be created by a franchise contract under which one operates a type of business on a royalty basis? | Principal and Agent - Memo 442 - RK_63562.docx | ROSS-003306311-ROSS-003306312 |
| Bailey v. Worton, 752 So. 2d 470 | 308+1 | Most characteristic feature of an agent's employment is that he is employed primarily to bring about business relations between his principal and third persons, and this power is perhaps the most distinctive mark of the agent as contrasted with others, not agents, who act in representative capacities. | What is the most characteristic feature of an agent's employment? | 041820.docx | LEGALEASE-00157918-LEGALEASE-00157919 |
| Caterpillar v. Usinor Industeel, 393 F. Supp. 2d 659 | 308+1 | Under Illinois law, test for agency is whether alleged principal has right to control manner in which work is carried out by alleged agent, and whether alleged agent can affect legal relationships of principal. | Is the right to control the manner in which work is carried out by the agent a test of agency? | 041832.docx | LEGALEASE-00157954-LEGALEASE-00157955 |
| Mouawad Nat. Co. v. Lazare Kaplan Int'l Inc., 476 F. Supp. 2d 414 | 308+1 | Under New York law, the agent's power to alter legal relations between the principal and third persons is an essential element of the agency relationship. | "Is the agents power to alter legal relations between the principal and third persons, an essential element of the agency relationship?" | Principal and Agent - Memo 571-SB_63587.docx | ROSS-003319133-ROSS-003319134 |
| Dawson v. Sec'y of State, 274 Mich. App. 723 | 371+2002 | Where revenue generated by a regulatory "fee" exceeds the cost of regulation, the "fee" is actually a tax in disguise; the test is whether the fee is proportional, not whether it is equal, to the amount required to support the services it regulates.(Per Wilder, P.J., with two justices concurring in part.) | "When determining whether a revenue is a fee or a tax, is whether the fee is proportional,the test?" | Taxation - Memo # 1050 - C - JL.docx | LEGALEASE-00047677-LEGALEASE-00047678 |
| People v. Peterson, 306 Ill. App. 3d 1091 | 3.77E+11 | As used in intimidation statute, word "threat" implicitly requires that expression, in its context, has reasonable tendency to create apprehension that its originator will act according to its tenor. S.H.A. 720 ILCS 5/12-6(a). | "As used in the intimidation statute, what does the word ""threat"" implicitly require?" | 046882.docx | LEGALEASE-00157702-LEGALEASE-00157703 |
| Sneed v. Beneficial Fin. Co. of Hawaii, 410 F. Supp. 1135 | 172H+1342 | As general principle, all ambiguities in disclosure instrument should be construed against lender not only as one upon whom burden of compliance with Truth in Lending Act lies, but also as one who drafted disclosure statement in question. Truth in Lending Act, S 129(a)(8) as amended 15 U.S.C.A. S 1639(a)(8). | Why should all ambiguities in TILA disclosure instrument be construed against the lender? | Consumer Credit - Memo 218-IS_64026.docx | ROSS-003296795 |
| Jackson v. Carolina Hardwood Co., 120 N.C. App. 870 | 307A+622 | Where complaint discloses unconditional affirmative defense which defeats claim asserted or pleads facts which deny right to any relief on alleged claim, complaint may properly be dismissed for failure to state claim upon which relief can be granted. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | Can a complaint be dismissed when it discloses unconditional affirmative defense? | 025468.docx | LEGALEASE-00158444-LEGALEASE-00158445 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Charles L. Hardtke v. Katz, 813 S.W.2d 548 | 307A+699 | If time limit on court's jurisdiction exists, court's order reinstating case must be in writing, specific, and signed by trial judge; if judgment is signed, second inconsistent judgment in same case does not automatically vacate former judgment absent showing in second judgment that first judgment has been set aside. | "If time limit on court's jurisdiction exists, should a court's order reinstating case be in writing, specific, and signed by a trial judge?" | 025569.docx | LEGALEASE-00158182-LEGALEASE-00158183 |
| Calaway v. Gardner, 525 S.W.2d 262 | 307A+699 | If a request for setting motion to reinstate for hearing had been made and called to judge's attention, and if judge had failed to set the case within the time limit, such failure would have been erroneous and reviewable. Rules of Civil Procedure, rule 165a. | "If a judge had failed to set the case within the time limit, will such failure be erroneous and reviewable?" | Pretrial Procedure - Memo # 10880 - C - SB_63684.docx | ROSS-003305848-ROSS-003305849 |
| Olson v. Olson, 453 S.W.3d 128 | 307A+581 | A circuit court is authorized to dismiss a claim upon a party's failure to prosecute; such dismissals are ordinarily without prejudice. Ark. R. Civ. P. 41(b). | Is a circuit court authorized to dismiss a claim upon a party's failure to prosecute and such dismissals are ordinarily without prejudice? | 025607.docx | LEGALEASE-00158532-LEGALEASE-00158533 |
| Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo, 987 So. 2d 989 | 307A+690 | A trial court's order of dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases. | Is a dismissal with prejudice an extreme and harsh sanction which is reserved for the most egregious cases? | Pretrial Procedure - Memo # 10903 - C - PC_63901.docx | ROSS-003293870-ROSS-003293871 |
| Am.'s Favorite Chicken Co. v. Galvan, 897 S.W.2d 874 | 307A+693.1 | Judgment granting nonsuit becomes final thirty days after it is signed, when no motion for new trial is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 329b. | "Does a judgment granting a nonsuit become final, thirty days after it is signed, when no motion for new trial is filed?" | 025796.docx | LEGALEASE-00159174-LEGALEASE-00159175 |
| Stephens v. Stovall & Co., 184 Ga. App. 78 | 307A+674 | Statute providing for automatic dismissal when no written order is taken for a period of five years is mandatory and dismissal is automatic and by operation of law, and any further action other than dismissal is a mere nullity. O.C.G.A. § 9-2-60(b). | Is a statute providing for automatic dismissal when no written order is taken for a period of five years mandatory and dismissal automatic? | 025813.docx | LEGALEASE-00159160-LEGALEASE-00159161 |
| Jasper v. Mays Mfg. Co., 139 S.W.2d 895 | 307A+693.1 | Dismissal of suit by plaintiff or by court does not deprive defendant of right to an adjudication on the merits of defendant's cross-action previously filed and with respect to which plaintiff is before court. | Does dismissal of a suit by a plaintiff or by court not deprive a defendant of a right to an adjudication on the merits of a defendant's cross-action previously filed? | 025885.docx | LEGALEASE-00158084-LEGALEASE-00158085 |
| McColgan v. Jones, Hubbard & Donnell, 11 Cal. 2d 243 | 30+339(3) | An order granting a motion for nonsuit is effective for all purposes when entered in clerk's minutes, and an appeal must be taken within 60 days from entry thereof. Code Civ.Proc. S 581, as amended by St.1935, p. 1954. | Is an order granting a motion for nonsuit effective for all purposes when entered in a clerk's minutes? | 025890.docx | LEGALEASE-00158096-LEGALEASE-00158097 |
| Nelson v. Ryan, 222 A.D. 754 | 307A+693.1 | Under Civil Practice Act, S 441, dismissal in an equity case, without findings of fact and conclusions of law, must be regarded as a nonsuit, since, if it be intended to dismiss on the merits, decision must be made under section 440, requiring findings of fact and conclusions of law, and this rule is not changed by section 482, providing that dismissal at close of evidence is a final determination on the merits. | "Under the Civil Practice Act should dismissal in an equity case, without findings of fact and conclusions of law, be regarded as a nonsuit?" | 025892.docx | LEGALEASE-00158098-LEGALEASE-00158099 |
| Wilson v. Molda, 396 Ill. App. 3d 100 | 307A+561.1 | For a motion to be properly brought under statute governing involuntary dismissal based on certain defects or defenses, the motion must be filed within the time for pleading, and must concern one of nine listed grounds. S.H.A. 735 ILCS 5/2-619. | Should the motion concern one of the nine listed grounds for a motion to be properly brought under stature governing involuntary dismissal? | 025944.docx | LEGALEASE-00158258-LEGALEASE-00158259 |

944

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Draim v. Virtual Geosatellite Holdings, 631 F. Supp. 2d 32 | 231H+123 | Former employee's post-termination activities of going to work for competitor and in fact competing against his former employer could not serve as basis for any claim of breach of agent's fiduciary duty to his principal under District of Columbia law. | Can post-termination activities serve as a basis for a claim of breach of an agents fiduciary duty to his principal? | 041957.docx | LEGALEASE-00159069-LEGALEASE-00159070 |
| Wargel v. First Nat. Bank of Harrisburg, 121 Ill. App. 3d 730 | 308+1 | Test of agency is existence of right to control method or manner of accomplishing a task by alleged agent, as well as agent's ability to subject principal to liability. | Is the right to control the method or manner of accomplishing a task a test of agency? | Principal and Agent - Memo 555 - RK_64013.docx | ROSS-003306552-ROSS-003306553 |
| In re V.M., 207 Cal. App. 4th 892 | 360+18.43 | The usual rules of statutory preemption analysis apply in the area of immigration; state law will be displaced only when affirmative congressional action compels the conclusion it must be. | Will state law be displaced when affirmative congressional action compels the conclusion it must be? | "Aliens, Immigration and Citizenship - Memo 115 - RK_64757.docx" | ROSS-003323332-ROSS-003323333 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+217 | Standing alone, the fact that aliens are the subject of a state statute does not render it a regulation of immigration, which is essentially a determination of who should or should not be admitted into the country, and the conditions under which a legal entrant may remain. | Is a determination of whether aliens should or should not be admitted into the country a regulation of immigration? | "Aliens, Immigration and Citizenship - Memo 134 - RK_64775.docx" | ROSS-003322888-ROSS-003322889 |
| League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755 | 3.16E+38 | Classification of persons as citizens, lawfully admitted as permanent resident and lawfully admitted for temporary period for public benefits eligibility under California initiative measure was impermissible scheme of immigration regulation by state, since it was not tied in any way to federal standards. Immigration and Nationality Act, S 241(a), 8 U.S.C.A. S 1251(a). | Is classification of persons under a state statute impermissible when it is not in any way tied to federal standards? | 006854.docx | LEGALEASE-00160472-LEGALEASE-00160473 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Minor who obtains special immigrant juvenile (SIJ) status may become a naturalized United States citizen after five years. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Can a minor who obtains Special Immigrant Juvenile (SIJ) status become a naturalized citizen after five years? | 006890.docx | LEGALEASE-00160114-LEGALEASE-00160115 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+340 | Deportation hearing looks prospectively to alien's right to remain in country in future; past conduct is relevant only insofar as it may shed light on alien's right to remain. Immigration and Nationality Act, SS 241, 242(b), 8 U.S.C.A. SS 1251, 1252(b). | Is past conduct relevant to shed light on the alien or respondent's right to remain during deportation proceedings? | "Aliens, Immigration and Citizenship - Memo 92 - RK_64825.docx" | ROSS-003278818-ROSS-003278819 |
| Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 92+3000 | The Fourteenth Amendment and laws adopted under its authority embody a general policy that all persons lawfully in the United States shall abide in any state on an equality of legal privileges with all citizens under nondiscriminatory laws. 42 U.S.C.A. S 1981; U.S.C.A.Const. Amend. 14. | Do aliens have a right to abide in any State in the Union on an equality of legal privileges with all citizens under nondiscriminatory laws? | 006970.docx | LEGALEASE-00160264-LEGALEASE-00160265 |
| In re V.O.C. Analytical Labs., TIN: 5-9299 3905 | 8.30E+282 | Under Florida law, "negotiable instrument" is unconditional promise to pay fixed amount of money, that may not contain any other promise, order, obligation, or power except as authorized by statute. West's F.S.A. S 673.1041(1). | Is a negotiable instrument an unconditional promise to pay a fixed amount of money? | Bills And Notes -Memo 54 - AM_64598.docx | ROSS-003295306-ROSS-003295307 |
| ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co., 349 Or. 117 | 217+1851 | Statute, defining insurance as a contract whereby one undertakes to indemnify another against loss, damage or liability arising from an unknown or contingent event whereby the insured or his beneficiary suffers loss or injury, did not become part of all policies issued prior to its repeal or serve as a limitation on coverage. ORS 736.005(1) (Repealed). | How is insurance defined? | 019606.docx | LEGALEASE-00159683-LEGALEASE-00159684 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bourne v. Temple Univ. Hosp., 932 A.2d 114 | 307A+699 | Once a judgment of non pros has been entered, the burden rests on the plaintiff to demonstrate that there is good cause for reactivating the case. | "Once a judgment of non pros has been entered, does the burden rest on the plaintiff to demonstrate that there is good cause for reactivating the case?" | 039590.docx | LEGALEASE-00159517-LEGALEASE-00159518 |
| Kisch v. St. Vincent's Hosp. & Med. Ctr. of New York, 279 A.D.2d 341 | 307A+699 | Lack of fault or neglect on part of plaintiff is an important consideration in determining whether presumption of abandonment has been rebutted, as will permit reinstatement to calendar of action which has been dismissed as abandoned. McKinney's CPLR 3404. | Is a lack of fault or neglect on part of a plaintiff an important consideration in determining whether a presumption of abandonment has been rebutted? | Pretrial Procedure - Memo 11178 - C - SN_64388.docx | ROSS-003279248-ROSS-003279249 |
| Williams v. Cottle, 471 So. 2d 305 | 307A+699 | Although lawsuit dismissed without prejudice pursuant to Code of Civil Procedure Article 933 can be reinstituted, it cannot be revived by filing amended and supplemental petition; it is necessary to file a new suit. LSA-C.C.P. art. 933. | Can a lawsuit dismissed without prejudice pursuant to Code be reinstituted? | Pretrial Procedure - Memo 11201 - C - PB_64407.docx | ROSS-003279983 |
| Brazinsky v. Brazinsky, 610 N.W.2d 707 | 307A+693.1 | After a judgment of dismissal with prejudice is entered, the district court has no jurisdiction over the subject matter of the case and is powerless to act further in the matter. | "After a judgment of dismissal with prejudice is entered, does the district court have no jurisdiction over the subject matter of the case and is powerless to act further in the matter?" | Pretrial Procedure - Memo 11357 - C - SHB_64425.docx | ROSS-003296396-ROSS-003296397 |
| McCoy v. Martinez, 480 S.W.3d 420 | 307A+561.1 | Dismissal based on an affirmative defense may be appropriate if the petition clearly establishes on its face and without exception that the claim is barred. | Will a dismissal be appropriate if the petition clearly establishes on its face and without exception that the claim is barred? | 039929.docx | LEGALEASE-00159597-LEGALEASE-00159598 |
| State ex rel. Hood v. Louisville Tire Ctr., 204 So. 3d 1250 | 307A+583 | Any court of law or equity may exercise the power to dismiss for want of prosecution; this power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket. Miss. R. Civ. P. 41(b). | Can a court of law or equity exercise the power to dismiss for want of prosecution? | Pretrial Procedure - Memo 11675 - C - NC_64694.docx | ROSS-003282425-ROSS-003282426 |
| Boyd Bros. Transp. v. State Dep't of Revenue, 976 So. 2d 471 | 371+3603 | The sales tax statutes apply to retail sales or purchases taking place within the state; the use tax statutes apply to goods purchased at retail outside of the state and brought into the state for use by the purchaser. Code 1975, SS 40-23-1 et seq., 40-23-61. | Do the sales tax statutes apply to retail sales or purchases taking place within the state? | Taxation - Memo 1094 - C - SU_64501.docx | ROSS-003281895-ROSS-003281896 |
| Bd. of Cty. Comm'rs of Leavenworth Cty. v. McGraw Fertilizer Serv., 261 Kan. 901 | 371+3602 | "Sales tax" is tax on privilege of engaging in business of selling tangible personal property at retail in state and is levied on gross receipts of sales transactions. | "Is ""sales tax"" a tax on privilege of engaging in business of selling tangible personal property?" | Taxation - Memo 1120 - C - NS_64522.docx | ROSS-003281841-ROSS-003281842 |
| Bank of Nova Scotia v. San Miguel, 214 F.2d 102 | 8.30E+11 | Under the conflict of laws rule of Puerto Rico, the questions as to the execution, the interpretation and the validity of a negotiable instrument are to be determined by the law of the place where it is made. | "Should the questions as to the execution, interpretation and the validity of a negotiable instrument be determined by the law of the place where it is made?" | 009628.docx | LEGALEASE-00161213-LEGALEASE-00161214 |
| United States v. Kincaid-Chauncey, 556 F.3d 923 | 372+1014(10) | Quid pro quo necessary for a bribery honest services fraud conviction need not be explicit, and the district court need not use the words "quid pro quo" when it instructs the jury so long as the essential idea of give-and-take is conveyed. 18 U.S.C.A. S 1343. | "For jury instruction, is there an intent to defraud when an individual fails to disclose a conflict of interest within the application of honest services fraud even when there is no demonstration of a quid pro quo?" | Bribery - Memo 1054 - C - AV_65543.docx | ROSS-003278442-ROSS-003278443 |
| Lackey v. State, 116 Ga. App. 789 | 350H+1057 | Statute declaring violator shall be punished by imprisonment in penitentiary for not less than one year nor more than five years permits punishment by imprisonment for any length of time from one year to five years including actual part of year measured by months, weeks or days within minimum and maximum limits. Code, S 26-5014a. | Can a prison term be measured in months and include a fractional part of a year when the law states the permitted range in terms of a specific number of whole years? | 012567.docx | LEGALEASE-00161473-LEGALEASE-00161474 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Miller, 108 Ariz. 441 | 135H+97 | Double jeopardy will not prohibit a retrial after a criminal defendant moves for a mistrial, unless the prosecutor's misconduct is egregious. U.S.C.A. Const.Amend. 5. | "Will double jeopardy not prohibit a retrial after a criminal defendant moves for a mistrial, unless the prosecutor's misconduct is egregious?" | Double Jeopardy - Memo 70 - C - VA_65171.docx | ROSS-003282245-ROSS-003282246 |
| P.N. v. Greco, 282 F. Supp. 2d 221 | 141E+894 | In reviewing administrative decisions in Individuals with Disabilities Education Act (IDEA) cases, a district court is to apply a de novo standard to questions of law. Individuals with Disabilities Education Act, S 615(a), as amended, 20 U.S.C.A. S 1415(a). | "In reviewing administrative decisions in IDEA cases, can a district court apply a de novo standard to questions of law?" | 017225.docx | LEGALEASE-00161008-LEGALEASE-00161009 |
| Sabatino v. Saint Aloysius Par., 280 N.J. Super. 185 | 141E+923 | Infringement of First Amendment rights may occur where civil courts interfere with sectarian school's choice of principal. U.S.C.A. Const.Amends. 1, 14. | Does infringement of First Amendment rights occur where civil courts interfere with a sectarian school choice? | Education - Memo 338 - C - KS_65186.docx | ROSS-003282195-ROSS-003282196 |
| Garbark v. Newman, 155 Neb. 188 | 343+1624(7) | A positive statement of seller as to condition of personal property made during negotiations for its sale indicating his intention to be bound for the truth thereof, and which was so understood and relied upon by other party, is an "express warranty". R.R.S.1943, S 69-412. | Does a seller's positive statement or affirmation constitute a warranty? | 018384.docx | LEGALEASE-00161787-LEGALEASE-00161788 |
| Hindin v. Samuel, 158 Pa. Super. 539 | 200+80 | The highways belong to the commonwealth in trust for the people, and he who claims a peculiar privilege with respect to highways must establish his right under some statute or valid municipal regulation ordained in pursuance of statutory authority. | Do the highways belong to the commonwealth in trust for the great body of the people? | 018887.docx | LEGALEASE-00161819-LEGALEASE-00161820 |
| Shindler v. Marr & Associates, 695 S.W.2d 699 | 289+449 | In order to establish a partnership de facto, neither written nor oral agreement is essential; a partnership relation may be implied from facts and circumstances surrounding a transaction. | "In order to establish a partnership, is neither written nor an oral agreement is essential?" | 022664.docx | LEGALEASE-00161305-LEGALEASE-00161306 |
| Watson v. Suggs, 313 S.C. 291 | 302+38.5 | One of the primary purposes of written complaint is to apprise opposite party of nature and extent of action against him, and only such matters as are clearly alleged in complaint can be considered upon trial of case. | "Is appraising the opposite party of the nature and extent of the action, one of the functions of a written compliant?" | Pleading - Memo 615 - RMM_65800.docx | ROSS-003294648-ROSS-003294649 |
| Moran v. Rynar, 39 A.D.2d 718 | 307A+699 | Neglect or inadvertent error of an attorney by reason of, inter alia, failure to file a note of issue should not deprive his client of his day in court; in such a case it is proper to save the action for the client, while imposing upon the attorney, personally, a penalty for his neglect. CPLR 3216. | Should an attorney's neglect or inadvertent error not deprive his client of his day in court? | 039666.docx | LEGALEASE-00161180-LEGALEASE-00161181 |
| Cty. of Erie v. Peerless Heater Co., 660 A.2d 238 | 307A+697 | Entry of judgment of non pros. and the denial of motion to remove such a judgment are peculiarly within discretion of trial court. | Is the entry of judgment of non pros. and the denial of a motion to remove such a judgment peculiarly within the discretion of a trial court? | Pretrial Procedure - Memo 11497 - C - DA.docx | LEGALEASE-00051058-LEGALEASE-00051059 |
| Brown v. Howeth Investments, 820 S.W.2d 900 | 307A+697 | Reinstatement of suit dismissed for want of prosecution is mandated if failure of party or his attorney was not intentional or result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Is reinstatement of a suit dismissed for want of prosecution mandated if the failure of a party or his attorney was not intentional or a result of conscious indifference? | 040108.docx | LEGALEASE-00161251-LEGALEASE-00161252 |
| Florida Nat. Org. for Women v. State, 832 So. 2d 911 | 307A+695 | A trial court should grant leave to amend, rather than dismiss a complaint with prejudice, unless a party has abused the privilege to amend, an amendment would prejudice the opposing party, or the complaint is clearly not amendable; even if an amended complaint fails to state a cause of action. West's F.S.A. RCP Rule 1.190(a). | Should a court not dismiss a complaint without leave to amend unless the privilege of amendment has been abused? | Pretrial Procedure - Memo 11604 - C - SKG_65620.docx | ROSS-003280280-ROSS-003280281 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Univ. of Houston v. Elthon, 9 S.W.3d 351 | 307A+695 | If the petition fails to allege jurisdictional facts, the plaintiff has a right to amend before the trial court dismisses the cause. | "If the petition fails to allege jurisdictional facts, does the plaintiff have a right to amend before the trial court dismisses the cause?" | 040263.docx | LEGALEASE-00160849-LEGALEASE-00160850 |
| Gladstone v. Smith, 729 So. 2d 1002 | 307A+695 | Claim should not be dismissed with prejudice without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action. | Should a dismissal with prejudice not be ordered without giving a party offering defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended? | 040268.docx | LEGALEASE-00160861-LEGALEASE-00160862 |
| Allied Prod. Co. v. Green, 175 Ga. App. 802 | 307A+695 | Not all expenses incurred by party are regarded as costs which must be paid before plaintiff refiles action he previously dismissed. | Are all expenses incurred by a party regarded as costs which must be paid before a plaintiff refiles an action he previously dismissed? | 040338.docx | LEGALEASE-00161118-LEGALEASE-00161119 |
| Gloucester Holding Corp. v. U.S. Tape & Sticky Prod., 832 A.2d 116 | 307A+679 | When considering a motion to dismiss a counterclaim under court of chancery rule for failure to state a claim upon which relief can be granted, the court is to assume the truthfulness of all well-pleaded allegations of fact in the counterclaim. Chancery Court Rule 12(b)(6). | Are all well-pleaded facts assumed to be true for purposes of determining whether a counterclaim fails to state a claim? | 040343.docx | LEGALEASE-00161130-LEGALEASE-00161131 |
| People v. Kruger, 2015 IL App (4th) 131080 | 307A+583 | The determination of whether or not to dismiss a case for want of prosecution is governed by the particular facts of the case and rests within the trial court's sound discretion. | Is the determination of whether or not to dismiss a case for want of prosecution governed by the particular facts of the case? | 040370.docx | LEGALEASE-00160509-LEGALEASE-00160510 |
| Barry v. Reeves, 47 So. 3d 689 | 307A+583 | The courts of this state have the inherent power to dismiss a case for want of prosecution, and a trial court may dismiss a case on that basis for the sake of expediting justice and controlling its own docket. | Should the courts of the states have the inherent power to dismiss a case for want of prosecution? | Pretrial Procedure - Memo 11706 - C - SKG_65424.docx | ROSS-003278872-ROSS-003278873 |
| Spikes v. Neal, 792 So. 2d 571 | 307A+583 | Whether or not a party has shown good cause to keep the action pending is a discretionary decision by the trial court. West's F.S.A. RCP Rule 1.420(e). | Is the question of whether or not a party has shown good cause to keep the action pending a discretionary decision by the trial court? | Pretrial Procedure - Memo 11753 - C - NS_65463.docx | ROSS-003282877-ROSS-003282878 |
| Shook v. Gilmore & Tatge Mfg. Co., 951 S.W.2d 294 | 307A+583 | Trial court's authority to dismiss suit for want of prosecution is derived from both court's inherent power and from Rules of Civil Procedure. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4. | Is the court's authority to dismiss suit for want of prosecution derived from both court's inherent power and from Rules of Civil Procedure? | Pretrial Procedure - Memo 11760 - C - SB_65629.docx | ROSS-003309115-ROSS-003309116 |
| State v. Poe, 139 Idaho 885 | 3.77E+10 | "Intimidation" in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death. U.S.C.A. Const.Amend. 1. | What is intimidation in the constitutionally proscribable sense of the word? | "Threats, Stalking and Harassment - Memo 209-C - LB_65509.docx" | ROSS-003280358 |
| United States v. Whiffen, 121 F.3d 18 | 3.77E+11 | Under general intent standard, whether communication is "true threat," for purposes of offense of transmitting threatening communications in interstate commerce is determined objectively from all surrounding facts and circumstances, rather than from defendant's subjective purpose. 18 U.S.C.A. S 875(c). | "Under a general intent standard, how is it determined whether a communication is a ""true threat""?" | 046952.docx | LEGALEASE-00160974-LEGALEASE-00160975 |
| People v. $8,450 U.S. Currency, 276 Ill. App. 3d 952 | 135H+25 | Despite its label as civil, forfeiture is "punishment" for double jeopardy purposes when its goal is either retribution or deterrence. U.S.C.A. Const.Amend. 5. | "Despite its label as civil, is forfeiture punishment for double jeopardy purposes when its goal is either retribution or deterrence?" | 014864.docx | LEGALEASE-00162178-LEGALEASE-00162179 |
| Dawson v. State Law Enf't Div., 304 S.C. 59 | 135H+96 | Consent cannot be found in a defendant's silence or failure to object or protest against an illegal discharge of the jury before a verdict is reached; such conduct by the accused does not waive the constitutional prohibition against double jeopardy after the improper discharge of the jury. U.S.C.A. Const.Amend. 5. | Can consent be found in a defendants silence or failure to object or protest against an illegal discharge of the jury before a verdict is reached? | Double Jeopardy - Memo 125 - C - NC_65904.docx | ROSS-003280338-ROSS-003280339 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Singer, 785 F.2d 228 | 135H+97 | There is narrow exception to rule that Fifth Amendment double jeopardy clause ordinarily does not preclude retrial where no verdict is reached but trial ends in mistrial, when defendant moves for and is granted mistrial on basis of deliberate prosecutorial or judicial misconduct. U.S.C.A. Const.Amend. 5. | Does a double jeopardy clause of the Fifth Amendment ordinarily not preclude retrial where no verdict is reached but a trial ends in mistrial? | Double Jeopardy - Memo 417 - C - TJ_66987.docx | ROSS-003296936 |
| United States v. Candelaria-Silva, 166 F.3d 19 | 135H+25 | A completed civil forfeiture of property does not constitute "jeopardy" under the Double Jeopardy Clause, and does not bar the subsequent criminal prosecution and punishment of the defendant whose property was forfeited. U.S.C.A. Const.Amend. 5. | "Does a completed civil forfeiture of property not constitute ""jeopardy"" under the Double Jeopardy Clause?" | 016183.docx | LEGALEASE-00161912-LEGALEASE-00161913 |
| Benitez v. New York City Bd. of Educ., 73 N.Y.2d 650 | 141E+820 | In action brought by high school football player against board of education and city public school athletic league for injuries sustained in football game, trial court improperly instructed jury that school owed student voluntarily competing in interscholastic high school football game more protective duty and standard of care of prudent parent; in context of wholly voluntary participation in intramural, interscholastic and other school-sponsored extracurricular athletic endeavors, less demanding ordinary reasonable care standard applied. | Are schools required to exercise reasonable care in the concept of participation in inatramural interscholastic athletic endeavors? | 017288.docx | LEGALEASE-00162156-LEGALEASE-00162157 |
| Grand Rent A Car Corp. v. 20th Century Ins. Co., 25 Cal. App. 4th 1242 | 217+1001 | Car rental agreement which contains provision indemnifying renter from liability to third persons, up to specified limit, resulting from accident which occurs while rented vehicle is in use constitutes insurance and this is so even where liability insurance/car rental agreement is effectuated by certificate of self-insurance. | Are car rental agreements insurance? | 019512.docx | LEGALEASE-00162318-LEGALEASE-00162319 |
| Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp., 719 F.3d 424 | 260+79.1(2) | Under Louisiana law, the mineral lessor's royalty is distinguished from the mineral royalty and the overriding royalty; the former is the right to participate in the production of mineral from land or a servitude belonging to another, while the latter is carved out of the lessee's working interest in the lease. LSA-R.S. 31:80. | What is the distinction between the lessors royalty and the overriding royalty? | 021671.docx | LEGALEASE-00161922-LEGALEASE-00161923 |
| Wolf v. Murrane, 199 N.W.2d 90 | 289+553 | Generally, in absence of a written agreement to the contrary, interest is not to be allowed on partnership assets until after a balance has been struck; however, interest may be charged under circumstances of case, if the equities require. | Is interest not allowed on partnership assets until after a balance has been struck? | 022704.docx | LEGALEASE-00162290-LEGALEASE-00162291 |
| In re Jose B., 303 Conn. 569 | 302+243 | The rule that the failure to allege an essential fact under a particular statute goes to the legal sufficiency of the complaint, and not the trial court's subject matter jurisdiction, is consistent with the rule that every presumption is to be indulged in favor of jurisdiction and is consistent with the judicial policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court, by allowing the litigant, if possible, to amend thecomplaint to correct the defect, and it avoids the bizarre result that the failure to prove an essential fact at trial deprives the court of subject matter jurisdiction. | Does the failure to allege an essential fact under a particular statute go to the legal sufficiency of the complaint? | 023915.docx | LEGALEASE-00162364-LEGALEASE-00162365 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schwab v. Baribeau Implement Co., 163 Wis. 2d 208 | 307A+697 | Party seeking to set aside dismissal for failure to prosecute must show clear and justifiable excuse for delay in prosecution. W.S.A. 805.03. | Should a party seeking to set aside a dismissal for failure to prosecute show a clear and justifiable excuse for delay in prosecution? | 040571.docx | LEGALEASE-00162490-LEGALEASE-00162491 |
| Valley Peat & Humus v. Sunnylands, 398 Pa. Super. 400 | 307A+697 | In considering petition to open non pros judgment, undue prejudice to adverse party will prevent granting of petition. | "In considering petition to open non pros judgment, will undue prejudice to an adverse party prevent granting of a petition?" | Pretrial Procedure - Memo 11817 - C - MS_66101.docx | ROSS-003279903-ROSS-003279904 |
| Cox v. Cox, 976 So. 2d 869 | 307A+583 | The power to dismiss for failure to prosecute is granted not only by rule, but is part of a trial court's inherent authority and is necessary for the orderly expedition of justice and the court's control of its own docket. Rules Civ.Proc., Rule 41(b). | Is the power to dismiss an action for want of prosecution a part of a court's inherent authority? | 040611.docx | LEGALEASE-00162500-LEGALEASE-00162501 |
| Gray v. Rochester Gas & Elec. Corp., 97 A.D.2d 975 | 307A+622 | Despite liberal pleading rules, where material element is lacking from complaint and allegations make it difficult for defendant to answer, complaint should be dismissed with leave to replead. | "Where a material element is lacking from a complaint and allegations make it difficult for a defendant to answer, should a complaint be dismissed with leave to replead?" | 040854.docx | LEGALEASE-00162578-LEGALEASE-00162579 |
| I-4 Commerce Ctr, Phase II, Unit I v. Orange Cty., 46 So. 3d 134 | 371+2002 | "User fees," which are charges based upon the proprietary right of the governing body permitting the use of the instrumentality involved, share common traits that distinguish them from taxes; the most significant of these traits are: (1) they are charged in exchange for a particular governmental service, and (2) the service provided benefits the party paying the fee in a manner not shared by other members of society. | Do fees share common traits that distinguish them from taxes? | Taxation - Memo 1011 - C - JL.docx | LEGALEASE-00052292-LEGALEASE-00052293 |
| Cunningham v. Ferguson, 81 N.H. 380 | 8.30E+10 | Law of particular place where a note is made governs its construction, but a note made and dated in a particular place will be deemed to be a note of that place and governed by law of that country, whether it is expressly made payable there or is payable generally without naming any particular place. | Which law will govern the construction of a note made payable at a particular place? | 009128.docx | LEGALEASE-00162821-LEGALEASE-00162822 |
| Cunningham v. Ferguson, 81 N.H. 380 | 8.30E+10 | Law of particular place where a note is made governs its construction, but a note made and dated in a particular place will be deemed to be a note of that place and governed by law of that country, whether it is expressly made payable there or is payable generally without naming any particular place. | Which law will govern a note which is payable without naming any particular place? | 009136.docx | LEGALEASE-00162835-LEGALEASE-00162836 |
| Pyett v. Marsh Plywood Corp., 240 S.C. 56 | 413+50 | Basic purpose of Workmen's Compensation Act is inclusion, not exclusion, of employees, but construction should not be adopted that does violence to specific provisions. Code 1952, S 72-1 et seq. | "With the basic purpose of the Workmens Compensation Act being the inclusion of employers and employees, not their exclusion, should a construction be adopted that does violence to the Act?" | 048723.docx | LEGALEASE-00162705-LEGALEASE-00162706 |
| Welch v. Home Two, 172 Vt. 632 | 413+186 | The language defining employer under the Workers' Compensation Act specifically and unambiguously covers multiple-employer business situations. 21 V.S.A. S 601(3). | Does the language in the Workers' Compensation Act specifically and unambiguously cover multiple-employer business situations? | 048727.docx | LEGALEASE-00162701-LEGALEASE-00162702 |
| State v. Stankevicius, 3 Conn. Cir. Ct. 580 | 135H+95.1 | Effect of improper discharge of jury is to acquit defendant of crime as to which jury might have rendered a verdict if mistrial had not been declared. | Is the effect of an improper discharge of a jury to acquit a defendant of a crime as to which jury might have rendered a verdict if mistrial had not been declared? | Double Jeopardy - Memo 450 - C - SHB_66394.docx | ROSS-003280992-ROSS-003280993 |
| Cornell v. McDonald, 28 Vet. App. 297 | 34+136 | Board of Veterans' Appeals is unable to act on a matter absent an appealable, binding regional office (RO) decision, and in order for the RO decision to be effective proper notice is required. 38 U.S.C.A. S 5104(a). | "Is the Board of Veterans' Appeals unable to act on a matter absent an appealable, binding regional office (RO) decision?" | 008851.docx | LEGALEASE-00163914-LEGALEASE-00163915 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Del Rosario v. Peake, 22 Vet. App. 399 | 34+136 | The Federal Rules of Evidence generally do not apply to proceedings before the Regional Office (RO), the Board of Veterans Appeals, or the United States Court of Appeals for Veterans Claims. | "Do Federal Rules of Evidence apply to proceedings before the Regional Office (RO), the Board of Veterans Appeals, or the United States Court of Appeals for Veterans Claims?" | 008863.docx | LEGALEASE-00163936-LEGALEASE-00163937 |
| McCrady v. Oklahoma Dep't of Pub. Safety, 122 P.3d 473 | 231H+40(2) | Under the "employment-at-will doctrine," an employee with an employment contract of indefinite duration is free to leave his or her employment for any reason or no reason without incurring liability to the employer, and the employer has the corresponding freedom to terminate the at-will employee for any reason or no reason without incurring liability to the employee. | Is an at-will employee free to leave his employment without incurring liability to the employer? | 013562.docx | LEGALEASE-00164118-LEGALEASE-00164119 |
| State v. Wilkerson, 223 N.C. App. 195 | 135H+30 | When a defendant is convicted of two murders, each murder may be used to aggravate the other at sentencing without violating the defendant's double jeopardy rights. U.S.C.A. Const.Amend. 5. | "Can each murder be used to aggravate the other at sentencing without violating the defendant's double jeopardy rights, when a defendant is convicted of two murders?" | Double Jeopardy - Memo 1147 - C - MS_68232.docx | ROSS-003281826-ROSS-003281827 |
| Brewbaker v. State Bd. of Regents, 843 N.W.2d 466 | 135H+25 | A civil penalty imposed after a criminal penalty will constitute multiple punishments in violation of the Double Jeopardy Clause when the sanction, as applied in the individual case, serves the goal of punishment; however, if the civil sanction is remedial, the Double Jeopardy Clause is not violated. U.S.C.A. Const.Amend. 5. | "Can criminal proceedings following the civil forfeiture of a vehicle constitute multiple punishments for the same offense, for purposes of double jeopardy?" | 015092.docx | LEGALEASE-00163737-LEGALEASE-00163738 |
| Riley v. 1987 Station Wagon, 634 N.W.2d 434 | 135H+25 | A criminal adjudication followed by a civil forfeiture, or vice versa, violates double jeopardy only if the forfeiture constitutes punishment. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "Does criminal adjudication followed by a civil forfeiture, or vice versa, violate double jeopardy only if the forfeiture constitutes punishment?" | 015109.docx | LEGALEASE-00163776-LEGALEASE-00163777 |
| United States v. Brennick, 908 F. Supp. 1004 | 135H+25 | Administrative penalty is "punishment" for purposes of double jeopardy analysis only where it cannot be reasonably related to damages government incurred in prosecuting case. U.S.C.A. Const.Amend. 5. | "Is an administrative penalty a ""punishment"" for purposes of double jeopardy analysis only when it cannot be reasonably related to damages government incurred in prosecuting case?" | Double Jeopardy - Memo 247 - C - PB_66766.docx | ROSS-003308493-ROSS-003308494 |
| Brock v. State, 955 N.E.2d 195 | 135H+96 | A mistrial granted over the defendant's objection and in the absence of manifest necessity acts as an acquittal and bars reprosecution for the same offense. U.S.C.A. Const.Amend. 5. | Does a mistrial granted over the defendant's objection and in the absence of manifest necessity act as an acquittal and bars reprosecution for the same offense? | 015220.docx | LEGALEASE-00162935-LEGALEASE-00162936 |
| People v. Pau Luong, 180 Misc. 2d 953 | 135H+96 | A defendant's consent to a mistrial, such as will remove the double jeopardy bar to a second trial, may be either express or implied. U.S.C.A. Const.Amend. 5. | "Can a defendant's consent to a mistrial, such as will remove the double jeopardy bar to a second trial, be either express or implied?" | Double Jeopardy - Memo 263 - C - MS_66577.docx | ROSS-003296670-ROSS-003296671 |
| State v. Minnitt, 203 Ariz. 431 | 135H+96 | As a general rule, if a defendant successfully moves for or consents to a mistrial, retrial is not barred on double jeopardy grounds. U.S.C.A. Const.Amend. 5; A.R.S. Const. Art. 2, S 10. | "As a general rule, if a defendant successfully moves for or consents to a mistrial, is a retrial not barred on double jeopardy grounds?" | 015249.docx | LEGALEASE-00163121-LEGALEASE-00163122 |
| State v. Skelton, 77 S.W.3d 791 | 135H+99 | A retrial is not barred by double jeopardy where a defendant consents to the termination of the trial, notwithstanding the lack of a manifest necessity for doing so. U.S.C.A. Const.Amend. 5. | "Is a retrial not barred by double jeopardy where a defendant consents to the termination of the trial, notwithstanding the lack of a manifest necessity for doing so?" | 015255.docx | LEGALEASE-00163131-LEGALEASE-00163132 |
| Brown v. State of La., 383 U.S. 131 | 135H+99 | Exception to general rule that double jeopardy bars defendant's retrial if jury is discharged without reaching a verdict after defendant has been placed in jeopardy applies when defendant consents to retrial, or if trial before a new judge is mandated by some form of manifest necessity. U.S.C.A. Const.Amend. 5. | "After the defendant is placed in jeopardy and the jury is discharged without reaching a verdict, does double jeopardy bar retrial?" | 015300.docx | LEGALEASE-00163019-LEGALEASE-00163020 |
| State v. Tolliver, 839 S.W.2d 296 | 135H+96 | After mistrial not requested by defendant, but not objected to by him or her, state and federal double jeopardy clauses do not bar second trial. U.S.C.A. Const.Amend. 5; V.A.M.S. Const. Art. 1, S 19. | "After a mistrial not requested by defendant, but not objected to by him or her, do state and federal double jeopardy clauses not bar a second trial?" | Double Jeopardy - Memo 320 - C - TJ.docx | LEGALEASE-00053148-LEGALEASE-00053149 |