| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Ball, 821 P.2d 905 | 135H+96 | Defendant's motion for mistrial generally operates as waiver of constitutional protection against retrial under double jeopardy clause. U.S.C.A. Const.Amend. 5. | Does a defendant motion for mistrial generally operate as a waiver of constitutional protection against a retrial under a double jeopardy clause? | Double Jeopardy - Memo 333 - C - NE_66778.docx | ROSS-003283071-ROSS-003283072 |
| State v. Hart, 119 Vt. 54 | 135H+95.1 | Retrial following a mistrial is barred by the Fifth Amendment where reasonable alternatives to a mistrial, such as a continuance, are feasible and could cure the problem. U.S. Const. Amend. 5. | "Is retrial following a mistrial barred by the Fifth Amendment where reasonable alternatives to a mistrial, such as a continuance, are feasible and could cure the problem? | 015397.docx | LEGALEASE-00163323-LEGALEASE-00163324 |
| People v. Henley, 182 N.W.2d 19 | 135H+95.1 | Generally, defendant is entitled to have trial proceed to its normal conclusion, and discharge of jury before such time without defendant's consent or without legal justification is equivalent to acquittal and bars retrial. | Is discharge of jury before such time without defendant's consent or without legal justification equivalent to acquittal and bars retrial? | 015427.docx | LEGALEASE-00163597-LEGALEASE-00163598 |
| State v. Harrold, 626 S.W.2d 260 | 135H+95.1 | Double jeopardy clause ensures defendant that he will not suffer more than one punishment or incessant prosecutions for same breach of law; it does not always exclude possibility of new trial after mistrial has been declared. U.S.C.A.Const.Amend. 5. | Does a double jeopardy clause ensure a defendant that he will not suffer more than one punishment or incessant prosecutions for a same breach of law? | Double Jeopardy - Memo 419 - C - SK_66989.docx | ROSS-003297912-ROSS-003297913 |
| State v. Berger, 235 N.W.2d 254 | 135H+95.1 | Double jeopardy clause does not prohibit retrial in every instance when first trial has terminated prior to verdict. NDCC 29-01-07; Const. S 13; U.S.C.A.Const. Amends. 5, 14. | Does a double jeopardy clause not prohibit retrial in every instance when a first trial has terminated prior to verdict? | 015527.docx | LEGALEASE-00163669-LEGALEASE-00163670 |
| United States v. Lofton, 776 F.2d 918 | 110+778(1) | Defendant in federal murder case who has sufficiently raised heat of passion defense is entitled to instructions informing jury of theory of defense and of government's duty to prove beyond a reasonable doubt absence of heat of passion in order to obtain murder conviction. | Does the government bear the burden of proving absence of heat of passion beyond a reasonable doubt? | 019399.docx | LEGALEASE-00164060-LEGALEASE-00164061 |
| Knight v. Chicago Corp., 183 S.W.2d 666 | 260+79.1(0.5) | An "overriding royalty" is a certain percentage of the working interest which as between lessee and assignee of mineral lease is not charged with cost of development or production. | Can the term overriding royalty be defined as a certain percentage of the working interest which as between the lessee and the assignee is not charged with the cost of development or production? | 021688.docx | LEGALEASE-00163317-LEGALEASE-00163318 |
| Knight v. Chicago Corp., 183 S.W.2d 666 | 260+79.1(0.5) | An "oil payment" as used in mineral lease is similar to an "overriding royalty", except that interest of assignee ceases upon receiving a certain amount of money or value out of oil or gas produced from a certain percentage of the working interest. | How is an oil payment similar to an overriding royalty? | 021690.docx | LEGALEASE-00163309-LEGALEASE-00163310 |
| Smith v. Korf, Diehl, Clayton & Cleverley, 329 N.W.2d 669 | 307A+697 | In considering a discretionary reinstatement, there is no requirement that a finding be made and entered of record prior to the automatic dismissal date. | "In considering a discretionary reinstatement, is there no requirement that a finding be made and entered of record prior to the automatic dismissal date?" | Pretrial Procedure - Memo 12006 - C - DHA_67042.docx | ROSS-003279221-ROSS-003279222 |
| McNeil v. Brewer, 242 Ill. App. 3d 463 | 307A+583 | Dismissal of action for want of prosecution is within sound discretion of trial court and should not be disturbed unless there has been an abuse of discretion. | Is the dismissal of action for want of prosecution within sound discretion of trial court and not be disturbed unless there has been an abuse of discretion? | 040969.docx | LEGALEASE-00163288-LEGALEASE-00163289 |
| People v. Rogers, 92 A.D.3d 1151 | 352H+273 | Law does not presume that person with mental retardation is unable to consent to sexual intercourse, and proof of incapacity must come from facts other than mental retardation alone. McKinney's Penal Law S 130.00(5). | Does the law presume that a person with mental retardation is unable to consent to sexual intercourse? | 043133.docx | LEGALEASE-00164076-LEGALEASE-00164077 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Runcorn v. Shearer Lumber Prod., 107 Idaho 389 | 413+186 | Workmen's compensation statutory definition of "employer" includes direct employer/subcontractor, a contractor over the subcontractor, and a qualifying proprietor or operator of the business over the contractor; qualifying proprietor or operator is the "employer" of the contractor's and subcontractor's employees, and contractor is also an "employer," of the subcontractor's employees. I.C. SS 72-102(10), 72-216(1). | "In workers compensation, are direct employers/contractors, contractors over subcontractors, and qualifying proprietors or operators of a business over contractors, employers?" | 048771.docx | LEGALEASE-00164158-LEGALEASE-00164159 |
| Contracting Nw. v. City of Fredericksburg, Iowa, 713 F.2d 382 | 25T+186 | District court had inherent power to grant stay pending arbitration in order to control its docket, conserve judicial resources, and provide for just determination of cases pending before it. 9 U.S.C.A. S 3. | Does the district court have the inherent power to grant the stay in an arbitration proceeding? | Alternative Dispute Resolution - Memo 884 - RK_67489.docx | ROSS-003293400-ROSS-003293402 |
| Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604 | 170A+1951.1 | District court has inherent power to control cases before it, provided it exercises power in manner that is in harmony with Federal Rules of Civil Procedure. Fed.Rules Civ.Proc.Rule 1 et seq., 28 U.S.C.A. | Do district courts have to exercise their inherent powers in harmony with the Federal Rules of Civil Procedure? | 008125.docx | LEGALEASE-00165036-LEGALEASE-00165037 |
| People v. Pearson, 2003 WL 21001021 | 135H+30 | Principles of double jeopardy, res judicata, or collateral estoppel do not bar retrial on an allegation of a strike prior. U.S.C.A. Const.Amend. 5; West's Ann.Cal.Penal Code S 667. | "Do principles of double jeopardy, res judicata, or collateral estoppel, bar retrial on an allegation of a strike prior?" | 014979.docx | LEGALEASE-00164837-LEGALEASE-00164838 |
| State v. Guillaume, 293 Mont. 224 | 135H+30 | Weapon enhancement statute is a sentencing factor, and does not create a separate crime or element of a crime in violation of the protection against double jeopardy. MCA 46-18-221. | Does weapon enhancement statute create a separate crime or element of a crime in violation of the protection against double jeopardy? | 014998.docx | LEGALEASE-00164621-LEGALEASE-00164622 |
| Mandell v. Bd. of Educ. of Syosset Cent. Sch. Dist., 243 A.D.2d 479 | 141E+741 | Determination that elementary school student violated school policy against possessing a weapon on school premises was supported by substantial evidence, indicating that principal found knife in the student's book bag and that student had shown the knife to other students while on school property. | What constitutes a weapon under school districts' rule prohibiting the possession of weapons on school property? | Education - Memo 375 - C - HJ_67170.docx | ROSS-003284849-ROSS-003284850 |
| Caviezel v. Great Neck Pub. Sch., 814 F. Supp. 2d 209 | 141E+680(1) | Parents of minor child failed to demonstrate they had valid religious objection to vaccinations for child, as required to establish religious-based exemption from New York requirement that child be immunized before admission to public school; parents primarily offered only general statements that they would present "additional" or "further" evidence in support of their religious objections at trial, and statements regarding child's alleged "prayer tattoos" and involvement in religious rituals, prayer, and meditation were not supported by sworn affidavit. N.Y.McKinney's Public Health Law S 2164(9). | Are parents entitled to a religious exemption for not vaccinating their child? | 017322.docx | LEGALEASE-00164374-LEGALEASE-00164375 |
| Parole Comm'n v. Lockett, 620 So. 2d 153 | 92+2392 | Clemency process is strictly executive branch function and derives solely from Constitution, and legislature may not by statute preempt or overrule clemency rules without violating separation of powers doctrine. West's F.S.A. Const. Art. 2, S 3; Art. 4, S 8. | Is the clemency power derived from the constitution? | 021789.docx | LEGALEASE-00164921-LEGALEASE-00164922 |
| Walck v. Edmondson, 472 F.3d 1227 | 135H+99 | A state trial judge's manifest necessity determination, in the context of a double jeopardy claim, is entitled to great deference. U.S.C.A. Const.Amend. 5. | "Is a state trial judge's manifest necessity determination, in the context of a double jeopardy claim, entitled to great deference?" | 041008.docx | LEGALEASE-00164287-LEGALEASE-00164288 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Commonwealth v. Ball, 146 A.3d 755 | 135H+1 | The Double Jeopardy Clauses of the United States and Pennsylvania Constitutions do not allow a rule of procedure to vitiate a constitutional right, especially sub silentio. U.S. Const. Amend. 5; Pa. Const. art. 1, S 10. | Does the double jeopardy clause allow a rule of procedure to vitiate a constitutional right? | 041038.docx | LEGALEASE-00164435-LEGALEASE-00164436 |
| Aboye v. United States, 121 A.3d 1245 | 3.77E+10 | A person is guilty of the offense of threats to do bodily harm if he or she: (1) uttered words to another person, (2) those words were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer, and (3) he or she intended to utter the words that constitute the threat. D.C. Official Code, 2001 Ed. S 22-407. | When is a person guilty of the offense of threats to do bodily harm? | 047043.docx | LEGALEASE-00164529-LEGALEASE-00164530 |
| State v. Triplett, 355 S.W.3d 543 | 135H+59 | In a court-tried case, jeopardy attaches once evidence has been presented as to the merits of the issue of guilt; however, if the proceeding is designed to hear the accused's defenses or objections before trial, and no determination of factual guilt or innocence is made or attempted, then jeopardy does not attach. U.S.C.A. Const.Amend. 5. | Will jeopardy attach if the proceeding is designed to hear the accused's defenses or objections before trial? | Double Jeopardy - Memo 1021 - C - KG_67736.docx | ROSS-003293626-ROSS-003293627 |
| Kopp v. Fischer, 811 F. Supp. 2d 696 | 135H+59 | In a nonjury trial, jeopardy does not attach until the court begins to hear evidence from which a factual determination of guilt or innocence can be made. U.S.C.A. Const.Amend. 5. | Will jeopardy attach when the court begins to hear evidence from which a factual determination of guilt or innocence can be made? | Double Jeopardy - Memo 1027 - C - KG_67742.docx | ROSS-003297448-ROSS-003297449 |
| People v. Cabrera, 402 Ill. App. 3d 440 | 135H+59 | There are three settings in which jeopardy may attach: (1) at a jury trial when the jury is empaneled and sworn; (2) at a bench trial when the first witness is sworn and the court begins to hear evidence; and (3) at a guilty plea hearing when the guilty plea is accepted by the trial court. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | What would be the three settings in which jeopardy may attach? | 014676.docx | LEGALEASE-00165671-LEGALEASE-00165672 |
| Ex parte Benson, 459 S.W.3d 67 | 135H+30 | In the multiple-punishment context, the double jeopardy clause prevents a court from prescribing greater punishment than the legislature intended. U.S. Const. Amend. 5. | Does the Double Jeopardy Clause prevent a court from prescribing greater punishment than the legislature intended in the multiple-punishment context? | 014836.docx | LEGALEASE-00166064-LEGALEASE-00166065 |
| Epperson v. Com., 197 S.W.3d 46 | 135H+30 | Simply because the aggravating circumstance duplicates one of the underlying offenses, it does not mean that defendant is being punished twice for the same offense, in violation of double jeopardy. U.S.C.A. Const.Amend. 5. | "Does it mean that defendant is being punished twice for the same offense, in violation of double jeopardy, if the aggravating circumstance duplicates one of the underlying offenses?" | Double Jeopardy - Memo 1182 - C - BP_67746.docx | ROSS-003278664-ROSS-003278665 |
| R.J.W. v. State, 910 So. 2d 357 | 135H+100.1 | An acquittal bars the prosecution from seeking another opportunity to supply evidence that it failed to muster in the first place. | Does an acquittal bar the prosecution from seeking another opportunity to supply evidence that it failed to muster in the first place? | 016047.docx | LEGALEASE-00165795-LEGALEASE-00165796 |
| State v. Winstead, 552 N.W.2d 651 | 135H+100.1 | When defendant has been acquitted, double jeopardy clause guarantees that state is not permitted to make repeated attempts to convict him. U.S.C.A. Const.Amend. 5. | "When a defendant has been acquitted, does a double jeopardy clause guarantee that a state is not permitted to make repeated attempts to convict him?" | 016171.docx | LEGALEASE-00165924-LEGALEASE-00165925 |
| Martin v. Com., 170 S.W.3d 374 | 135H+96 | Double jeopardy rule is that a motion for mistrial by a defendant removes the double jeopardy bar to retrial, but there exists a limited exception where this bar will not be removed; the exception allows double jeopardy to bar retrial where the prosecutor's conduct intended to provoke the defendant into moving for a mistrial. U.S.C.A. Const.Amend. 5. | "The double jeopardy rule is that a motion for mistrial by a defendant removes the double jeopardy bar to retrial, however, does there exist a limited exception where this bar will not be removed?" | Double Jeopardy - Memo 755 - C - SKG_67760.docx | ROSS-003282493-ROSS-003282494 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cornish v. State, 272 Md. 312 | 135H+99 | Retrial is barred by Fifth Amendment where reasonable alternatives to mistrial, such as continuance, are feasible and could cure the problem. U.S.C.A.Const. Amend. 5. | "Is a retrial barred by Fifth Amendment where reasonable alternatives to mistrial, such as continuance, are feasible and could cure the problem?" | 016230.docx | LEGALEASE-00165549-LEGALEASE-00165550 |
| Henderson v. Wright, 533 F. Supp. 1373 | 135H+95.1 | "Strictest scrutiny" is required in cases where mistrial is granted at request of prosecutor in order to buttress weaknesses in his evidence. | "Is ""strictest scrutiny"" required in cases where mistrial is granted at request of a prosecutor in order to buttress weaknesses in his evidence?" | 016238.docx | LEGALEASE-00165559-LEGALEASE-00165560 |
| State v. Keel, 333 N.C. 52 | 135H+100.1 | Acquittal by trial court based on insufficiency of evidence is absolute bar to retrial, even if acquittal is based on egregiously erroneous grounds. U.S.C.A. Const.Amend. 5. | "Is an acquittal by court based on insufficiency of evidence an absolute bar to retrial, even if acquittal is based on egregiously erroneous grounds?" | 016286.docx | LEGALEASE-00165609-LEGALEASE-00165610 |
| United States v. Markus, 604 F. Supp. 736 | 135H+100.1 | Acquittals are final, even if based upon egregiously erroneous foundation or if inconsistent with other aspects of jury's verdict. U.S.C.A. Const.Amend. 5. | "Are acquittals final, even if based upon egregiously erroneous foundation or if inconsistent with other aspects of jury's verdict?" | 016289.docx | LEGALEASE-00165613-LEGALEASE-00165614 |
| People v. Anderson, 117 Cal. App. Supp. 763 | 135H+100.1 | There is an acquittal and retrial is impermissible where judge evaluated government's evidence and determined that it was legally insufficient to sustain conviction. M.C.L.A.Const. Art. 1, S 15; U.S.C.A.Const. Amend. 5. | Is there an acquittal and retrial is impermissible where a judge evaluated a government's evidence and determined that it was legally insufficient to sustain conviction? | Double Jeopardy - Memo 820 - C - DHA_67937.docx | ROSS-003296189-ROSS-003296190 |
| People v. Nix, 453 Mich. 619 | 135H+103 | In determining whether ruling of trial judge actually represents resolution, correct or not, of some or all of factual elements of offense, such that ruling constitutes acquittal and double jeopardy bars retrial, phrase "correct or not," refers to all aspects of trial court's ultimate legal decision, including even cases where trial court is factually wrong with respect to whether particular factor is element of charged offense, not to factual truth of prosecution's evidence. U.S.C.A. Const.Amend. 5. | Is there an acquittal and retrial is impermissible where a judge evaluated a government's evidence and determined that it was legally insufficient to sustain conviction? | 016320.docx | LEGALEASE-00165643-LEGALEASE-00165644 |
| Hayes v. State, 341 S.W.3d 293 | 135H+28 | Where multiple punishments are imposed at a single trial, the role of the constitutional guarantee against double jeopardy is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments arising from a single criminal act. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | Does law prohibit imposition of multiple punishments for a single criminal act? | 016422.docx | LEGALEASE-00165217-LEGALEASE-00165218 |
| State v. Gill, 187 W. Va. 136 | 135H+1 | The double jeopardy clause of the West Virginia Constitution provides immunity from further prosecution where court having jurisdiction has acquitted accused, protects against second prosecution for same offense after conviction, and prohibits multiple punishments for same offense. Const. Art. 3, S 5. | What are the protections double jeopardy clause provide against? | 016437.docx | LEGALEASE-00165233-LEGALEASE-00165234 |
| Oregon v. Kennedy, 456 U.S. 667 | 135H+1 | Double jeopardy clause does not offer a guaranty to the defendant that the state will vindicate its societal interest in enforcement of the criminal laws in one proceeding. U.S.C.A.Const.Amend. 5. | Does the Double Jeopardy Clause guarantee the state's interest in enforcing the criminal laws against a defendant will be vindicated in a single trial? | 016447.docx | LEGALEASE-00165243-LEGALEASE-00165244 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 135H+1 | The Double Jeopardy Clause affords a defendant three basic protections; it protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy clause afford a defendant protection against a second prosecution for the same offense after conviction? | 016473.docx | LEGALEASE-00165277-LEGALEASE-00165278 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Eggleston, 164 Wash. 2d 61 | 135H+51 | Federal and state double jeopardy clauses bar trial if three elements are met: (1) jeopardy previously attached, (2) jeopardy previously terminated, and (3) the defendant is again in jeopardy for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Do State and federal Double Jeopardy Clauses bar trial if three elements are met? | 016503.docx | LEGALEASE-00165319-LEGALEASE-00165320 |
| State v. Fowler, 197 N.C. App. 1 | 135H+1 | The objective the principle of double jeopardy, or former jeopardy, is to allow the prosecution one complete opportunity to convict a defendant in a fair trial. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19. | "The objective the principle of double jeopardy, or former jeopardy, is to allow the prosecution one complete opportunity to convict a defendant in a fair trial." | 016515.docx | LEGALEASE-00165337-LEGALEASE-00165338 |
| State v. Hall, 162 Wash. 2d 901 | 135H+1 | The constitutional protection against double jeopardy is an individual right which, as a general proposition, is invoked by a defendant seeking protection against retrial. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | "Is the constitutional protection against double jeopardy which is an individual right, a general propsition, invoked by a defendant seeking protection against retrial?" | Double Jeopardy - Memo 928 - C - NE_67717.docx | ROSS-003278967-ROSS-003278968 |
| State v. George, 160 Wash. 2d 727 | 135H+1 | The Double Jeopardy Clauses of the federal and state Constitutions prohibit the state from twice putting a defendant on trial for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Does the Double Jeopardy Clauses of the federal and state Constitutions prohibit the state from twice putting a defendant on trial for the same offense? | 016570.docx | LEGALEASE-00165387-LEGALEASE-00165388 |
| State v. Francois, 926 So. 2d 744 | 135H+1 | "Double jeopardy" protects an accused not only from a second prosecution for the same offense but also multiple punishments for the same criminal act. U.S.C.A. Const.Amend. 5. | "Does ""Double jeopardy"" protect an accused not only from a second prosecution for the same offense but also multiple punishments for the same criminal act?" | Double Jeopardy - Memo 948 - C - KS.docx | LEGALEASE-00055642-LEGALEASE-00055643 |
| Brown v. State of La., 383 U.S. 131 | 135H+1 | Double jeopardy consists of three separate constitutional protections; it protects against a second prosecution for the same offense after acquittal, it protects against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | "Does double jeopardy protect against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction and against multiple punishments for the same offense?" | 016593.docx | LEGALEASE-00165409-LEGALEASE-00165410 |
| United States v. Beltz, 385 F.3d 1158 | 135H+1 | Double Jeopardy Clause protects against multiple punishments for the same offense and prevents imposition of greater punishment than authorized by Congress. U.S.C.A. Const.Amend. 5. | Does the double Jeopardy Clause protect against multiple punishments for the same offense and prevent imposition of greater punishment than authorized by Congress? | 016601.docx | LEGALEASE-00165417-LEGALEASE-00165418 |
| State v. Baker, 160 A.3d 559 | 135H+59 | In a jury trial, the Double Jeopardy Clause generally bars the retrial of a criminal defendant for the same offense once a jury has been empaneled and sworn. U.S. Const. Amend. 5. | Will the double jeopardy clause bar the retrial of a criminal defendant for the same offense once a jury has been empaneled and sworn? | Double Jeopardy - Memo 967 - C - SN_67841.docx | ROSS-003294410-ROSS-003294411 |
| Hill Behan Lumber Co. v. Irving Fed. Sav. & Loan Ass'n, 121 Ill. App. 3d 511 | 307A+624 | A cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated. | When should a court dismiss a cause of action when leave to amend is sought? | Pretrial Procedure - Memo 12025 - C - TM_68449.docx | ROSS-003294193-ROSS-003294194 |
| In re Ecco Drilling Co., Ltd., 390 B.R. 221 | 349A+10 | Under New York law, intention of parties is not proper tool by which to distinguish true lease from disguised security agreement; rather, court must evaluate economic structure of particular transaction. | Is intention of parties not a proper tool by which to distinguish a true lease from a disguised security agreement? | 042791.docx | LEGALEASE-00166000-LEGALEASE-00166001 |
| In re Am. Eagle Coatings, 353 B.R. 656 | 349A+10 | Under Missouri law, in determining whether lease is true lease or disguised financing arrangement, courts look at the intent of the parties which can be determined from a consideration of the entire instrument, and the circumstances under which the instrument was made. | "In determining whether a lease is a true lease or disguised financing arrangement, courts look at the intent of the parties which can be determined from a consideration of the entire instrument?" | 042803.docx | LEGALEASE-00166026-LEGALEASE-00166027 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Parker, 363 B.R. 769 | 349A+10 | Under South Carolina law, once bankruptcy court determined that alleged consumer rental-purchase agreements were not security agreements under initial bright line test, court then had to examine facts of each case to determine nature of agreements, as true leases or disguised security agreements. S.C.Code 1976, S 36-1-201(37). | "Once a bankruptcy court determine that alleged consumer rental-purchase agreements are not security agreements, should a court then examine facts of each case?" | 042807.docx | LEGALEASE-00166028-LEGALEASE-00166029 |
| People v. Haller, 174 Cal. App. 4th 1080 | 135H+5.1 | The double jeopardy clause prohibits successive punishment for the same offense; the policy of the clause therefore circumscribes the relevance of recidivism. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause prohibits successive punishment for the same offense and the policy of the clause therefore circumscribes the relevance of recidivism? | 014891.docx | LEGALEASE-00166230-LEGALEASE-00166231 |
| Barnes v. State, 296 Ga. App. 493 | 135H+100.1 | A verdict of not guilty, whether rendered by a jury or directed by the trial judge, absolutely shields the defendant from retrial, under the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "Does a verdict of not guilty, whether rendered by a jury or directed by the trial judge, absolutely shield the defendant from retrial?" | Double Jeopardy - Memo 499 - C - SB_68278.docx | ROSS-003307970-ROSS-003307971 |
| United States v. Capozzi, 723 F.3d 720 | 135H+98 | A sliding scale of scrutiny applies for determining whether manifest necessity for mistrial existed, as would preclude double jeopardy bar to retrial, with the strictest scrutiny applying when the mistrial is based on prosecutorial or judicial misconduct; at the other end, great deference or special respect is due when the mistrial is based on a deadlocked jury. U.S.C.A. Const.Amend. 5. | Does a sliding scale of scrutiny apply for determining whether manifest necessity for mistrial existed? | 015916.docx | LEGALEASE-00166277-LEGALEASE-00166278 |
| Com. v. Kelly, 797 A.2d 925 | 110+867.20 | It is within a trial judge's discretion to declare a mistrial sua sponte upon the showing of manifest necessity, and absent an abuse of that discretion, appellate court will not disturb his or her decision. Rules Crim.Proc., Rule 605, 42 Pa.C.S.A. | Is the manifest necessity standard applicable when determining whether double jeopardy attaches following a trial court's sua sponte declaration of mistrial? | Double Jeopardy - Memo 628 - C - MS.docx | LEGALEASE-00055992-LEGALEASE-00055993 |
| United States v. Basciano, 599 F.3d 184 | 135H+5.1 | Double Jeopardy Clause protects against both multiple punishments and successive prosecutions for the same offense, regardless of whether a first prosecution resulted in conviction or acquittal. U.S.C.A. Const.Amend. 5. | Does double Jeopardy Clause protect against both multiple punishments and successive prosecutions for same offense? | 015962.docx | LEGALEASE-00166319-LEGALEASE-00166320 |
| State v. Gallegos, 149 N.M. 704 | 135H+5.1 | The double jeopardy clause of the federal and New Mexico constitutions affords three levels of protection to a criminal defendant: it protects against a second prosecution for the same offense after acquittal, it protects against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's NMSA Const. Art. 2, S 15. | How is a criminal defendant protected by double jeopardy clause? | 015992.docx | LEGALEASE-00166347-LEGALEASE-00166348 |
| DePuy Synthes Sales v. Globus Med., 259 F. Supp. 3d 225 | 13+27(1) | Under Pennsylvania law, dismissal under gist of the action doctrine should take care not to preclude party's right to plead claims in alternative. | Should dismissal under gist of the action doctrine take care not to preclude party's right to plead claims in alternative? | Action - Memo 949 - C _1nPkBPfPLSrwKTvsb2kb6Vf6YGgTm1M_g.docx | ROSS-000000027 |
| JPMorgan Chase Bank, N.A. v. Prof'l Pharmacy II, 508 S.W.3d 391 | 272+463 | In operation, the "economic loss" rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence; in other words, the economic loss rule precludes recovery of economic losses in negligence when the loss is the subject matter of a contract between the parties. | "When the only loss or damage is to the subject matter of the contract, is the plaintiff's action ordinarily on the contract?" | Action - Memo 957 - C _1ef4gSTAzhI3V0AzSh4P_Px3wgyZMrT1j.docx | ROSS-000000041-ROSS-000000042 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stewart v. Screen Gems-EMI Music, 81 F. Supp. 3d 938 | 13+27(1) | Under California law, actions for breach of the implied covenant of good faith and fair dealing are generally limited to contract damages. | Are actions for breach of the implied covenant of good faith and fair dealing generally limited to contract damages? | Action - Memo 968 - C_1f-zim3ndCrB416ZavO4__kLb1rxcvMUP.docx | ROSS-000000061-ROSS-000000062 |
| Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080 | 217+3541 | A cause of action that could be considered a tort independent of contract performance is a viable claim in the insurance context, if the injury to the insured is an independent injury over and above the mere disappointment of the insured's hope to receive his contracted-for benefit. | Is a cause of action that could be considered a tort independent of contract performance a viable claim in the insurance context? | Action - Memo 984 - C_1IP6reNqS0O78UFDj3hEsAw3N0Nd8wGOB.docx | ROSS-000000092-ROSS-000000093 |
| In re CRIIMI MAE, 251 B.R. 796 | 349A+10 | While unequivocal statement of parties' intent that transaction be treated as absolute conveyance of securities with promise to repurchase, rather than as secured loan, was not vitiated or made equivocal by protective provision that dealt with parties' rights should the transaction be deemed a loan, neither was this statement of intent controlling in determining nature of transaction under New York law; rather, court had to consider contract as whole, to determine whether it expressed such an unambiguous intent within its four corners. | "Does a court have to consider a contract as whole, to determine whether it expressed such an unambiguous intent within its four corners?" | Secured Transactions - Memo 111 - C - DHA.docx | LEGALEASE-00056454-LEGALEASE-00056455 |
| In re Eagle Enterprises, 237 B.R. 269 | 349A+10 | Under Pennsylvania law, "lease" transaction in which "lessee" cannot terminate "lease" during its term, but may thereafter become owner of "leased" goods for no additional or nominal additional consideration, does not create lease, but rather a security interest. 13 Pa.C.S.A. S 1201. | Is lease a transaction in which a lessee cannot terminate a lease during its term? | 042659.docx | LEGALEASE-00166965-LEGALEASE-00166966 |
| In re Lunan Family Restaurants, 194 B.R. 429 | 349A+10 | Distinction between true lease and financing transaction is based upon economic substance of transaction and not, for example, upon locus of title, form of transaction or fact that transaction is denominated as "lease." | Is the distinction between a true lease and a financing transaction based upon economic substance of transaction? | 042671.docx | LEGALEASE-00167003-LEGALEASE-00167004 |
| S.C. Rentals v. Arthur, 187 B.R. 502 | 349A+10 | Intent of parties governs determination of whether putative consumer lease represents security agreement under South Carolina law. | Does intent of parties govern determination of whether a putative consumer lease represents a security agreement? | Secured Transactions - Memo 138 - C - CK_68741.docx | ROSS-003279582 |
| LMV Leasing v. Conlin, 805 P.2d 189 | 349A+10 | Determination of whether agreement is lease or secured sales agreement is question of law when analysis is based upon a language of agreement itself and not upon extrinsic evidence. | On what is the determination of whether an agreement is a lease or secured sales agreement is a question of law when analysis based? | 042720.docx | LEGALEASE-00166737-LEGALEASE-00166738 |
| In re Taylor, 209 B.R. 482 | 349A+10 | Under Illinois statute governing determination of whether transaction creates lease or security interest, lease will be construed as security interest as matter of law if debtor cannot terminate lease and one of the enumerated requirements is satisfied. S.H.A. 810 ILCS 5/1-201(37). | Will a lease be construed as a security interest as matter of law if a debtor cannot terminate a lease and one of the enumerated requirements is satisfied? | 042730.docx | LEGALEASE-00166749-LEGALEASE-00166750 |
| In re Double G Trucking of the Arklatex, 432 B.R. 789 | 349A+10 | That a lessee has acquired equity in leased property is important in proving that a transaction is a disguised sale, rather than true lease, since it suggests that the lessor did not expect the return of the leased goods. | Is that a lessee has acquired equity in a leased property important in proving that a transaction is a disguised sale? | 042847.docx | LEGALEASE-00166567-LEGALEASE-00166568 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re APB Online, 259 B.R. 812 | 349A+10 | Under Connecticut law, lease stating that lessee may purchase leased equipment at fair market value, determined at time that the option is exercised, gives rise to inference that option price is not nominal; however, this inference may be rebutted, for purpose of establishing that lease is not in fact "lease" but disguised "security agreement," by proof that parties expected fair market value at end of lease term to be negligible. C.G.S.A. S 42a-1-201(37). | What gives rise to an inference that an option price is not nominal? | 042888.docx | LEGALEASE-00167101-LEGALEASE-00167102 |
| State v. City of Hudson, 231 Minn. 127 | 371+2311 | Exemption of public property from taxation involves an exercise of the state's governmental power with respect to its internal economy. | Does the exemption of public property from taxation involve an exercise of the state's governmental power with respect to its internal economy? | 046531.docx | LEGALEASE-00166763-LEGALEASE-00166764 |
| Brown v. Bd. of Ed., Whitesboro Cent. Sch. Dist., 110 Misc. 2d 164 | 371+2016 | State legislature may delegate its taxing power, provided such delegation specifies the types of taxes which may be imposed thereunder and provide for their review. Education Law S 2023; Const. Art. 16, S 1. | Should the state legislature delegating its taxing power specify the types of taxes which may be imposed thereunder and provide for their review? | 046588.docx | LEGALEASE-00166617-LEGALEASE-00166618 |
| Dostal's Inc. v. Wright, 129 Vt. 322 | 371+2016 | Delegation of authority from legislature to commissioner of taxes can validly take place only when associated with fixed limits on its exercise. | Can the delegation of authority from legislature to commissioner of taxes validly take place when associated with fixed limits on its exercise? | 046608.docx | LEGALEASE-00166693-LEGALEASE-00166694 |
| State v. Houston & T.C. Ry. Co., 209 S.W. 820 | 371+2016 | The grant of taxing power to any county or district by the Legislature should be construed with strictness, the presumption being that the Legislature has granted in clear terms all it intended to grant. | Should the grant of taxing power to any county or district by the Legislature be construed with strictness under the presumption that the Legislature has granted in clear terms all it intended to grant? | Taxation - Memo 1372 - C - SCG_68659.docx | ROSS-003292006 |
| Bank of Am., N.A. v. Diamond Fin., 88 Mass. App. Ct. 564 | 366+1 | In determining whether equitable subrogation applied, the subrogee's behavior is an important consideration that the court must balance in its equitable analysis of the interests. | Is a subrogee's behavior an important consideration that the court must balance in its equitable analysis of interests in determining whether equitable subrogation applies? | 07791.docx | LEGALEASE-00081908-LEGALEASE-00081909 |
| Bank of Am., N.A. v. Diamond Fin., 88 Mass. App. Ct. 564 | 366+1 | In determining whether equitable subrogation applied, the subrogee's behavior is an important consideration that the court must balance in its equitable analysis of the interests. | Is a subrogee's behavior an important consideration that the court must balance in its equitable analysis of interests in determining whether equitable subrogation applies? | 14772.docx | LEGALEASE-00082003-LEGALEASE-00082004 |
| Day Cruises Mar., L.L.C v. Christus Spohn Health Sys., 267 S.W.3d 42 | 366+1 | Equitable subrogation, unlike contractual subrogation, does not depend on a contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Does equitable subrogation depend on a contract? | 05104.docx | LEGALEASE-00083751-LEGALEASE-00083752 |
| Wal-Mart Stores v. Blackford, 264 Ga. 612 | 249+19 | In suit alleging malicious prosecution that was dismissed by court without trial, evidence of guilt in fact of accused is admissible as defense to damage element of tort and, if established, is bar to recovery. O.C.G.A. S 51-7-40. | Is the evidence of guilt or innocence admissible in a malicious prosecution action? | 05061.docx | LEGALEASE-00083755-LEGALEASE-00083756 |
| Day Cruises Mar., L.L.C v. Christus Spohn Health Sys., 267 S.W.3d 42 | 366+1 | Equitable subrogation, unlike contractual subrogation, does not depend on a contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Does equitable subrogation depend on a contract? | Subrogation - Memo 283 - RM C.docx | ROSS-003297803-ROSS-003297805 |
| In re McCabe Grp., 424 B.R. 1 | 366+1 | Under Massachusetts law, equitable subrogation exists to prevent unwarranted windfalls, because duplicative recoveries are a result which the law has never looked upon with favor. | "Does equitable subrogation exist to prevent unwarranted windfalls, because duplicative recoveries are a result which the law has never looked upon with favor? " | 00855.docx | LEGALEASE-00083943-LEGALEASE-00083945 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Goodman Indus., 21 B.R. 512 | 366+7(1) | In equity, where a guarantor is required to pay the obligation of the principal debtor on a note, the guarantor becomes subrogated to the rights of the creditor against the debtor. | "Does the guarantor become subrogated to the rights of the creditor against the debtor in equity, where the guarantor is required to pay the obligation of the principal debtor on a note?" | 05155.docx | LEGALEASE-00084231-LEGALEASE-00084232 |
| In re Goodman Indus., 21 B.R. 512 | 366+7(1) | In equity, where a guarantor is required to pay the obligation of the principal debtor on a note, the guarantor becomes subrogated to the rights of the creditor against the debtor. | "Does the guarantor become subrogated to the rights of the creditor against the debtor in equity, where the guarantor is required to pay the obligation of the principal debtor on a note? " | 05629.docx | LEGALEASE-00084282-LEGALEASE-00084283 |
| Fox v. State, 179 Ind. App. 267 | 36+7 | It is the proximity to the dwelling and the use and connection therewith for family purposes in the carrying on of domestic employment that are of major importance in determining whether an area or building is to be considered within the "curtilage" or "part or parcel" of the dwelling house for purposes of the arson statute. (Per Shields, J., with one Judge concurring specially.) IC 35-16-1-1 (1976 Ed.). | Is arson an offense against the security of the habitation? | 10476.docx | LEGALEASE-00089328-LEGALEASE-00089329 |
| Trzop v. Hudson, 2015 IL App (1st) 150419 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss based on certain defects or defenses admit the legal sufficiency of the complaint? | 11198.docx | LEGALEASE-00093999-LEGALEASE-00094000 |
| Sutton v. Smith, 603 So. 2d 693 | 307A+685 | Defendant may challenge legal sufficiency of jurisdictional allegations of complaint or raise contention of lack of minimum contacts by filing motion to dismiss, but must support his position by affidavit; burden then shifts to plaintiff to show, by affidavit, basis upon which jurisdiction may be obtained; plaintiff may satisfy requirement by initially filing sworn complaint, provided allegations of complaint fairly meet contentions of defendant; if essential facts stated in the affidavits are not conflicting, trial court can resolve jurisdictional issue on basis of affidavits; however, if the essential facts are shown to be in direct conflict, trial court must hold an evidentiary hearing to resolve all disputed facts essential to determining jurisdictional issue. | Can the defendant challenge the legal sufficiency of the complaint? | 11214.docx | LEGALEASE-00094003-LEGALEASE-00094004 |
| Fleming v. Barnett Bank of E. Polk Cty., 490 So. 2d 126 | 307A+590.1 | A prematurely filed motion to dismiss for lack of prosecution does not constitute record activity sufficient to preclude dismissal on that ground; receding from Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2 DCA). | Does a prematurely filed motion to dismiss for lack of prosecution constitute a record activity sufficient to preclude dismissal on that ground? | 11291.docx | LEGALEASE-00094493-LEGALEASE-00094494 |
| DeLuna v. Burciaga, 223 Ill. 2d 49 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Can a motion to dismiss base upon certain defects or defenses admit the legal sufficiency of allwell-pleaded facts? | 11094.docx | LEGALEASE-00094506-LEGALEASE-00094507 |
| Trzop v. Hudson, 2015 IL App (1st) 150419 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Will a motion for involuntary dismissal based upon certain defects or defenses admit the sufficiency of the complaint? | 11239.docx | LEGALEASE-00094705-LEGALEASE-00094706 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Suckow v. Boone State Bank & Tr. Co., 314 N.W.2d 421 | 307A+46 | Dismissal is a discovery sanction generally used when a party has violated a trial court's order, but when no court order has been disobeyed, a lesser sanction may be indicated. Rules Civ.Proc., Rule 134(d). | Is dismissal a discovery sanction generally used when a party has violated a trial court's order? | 11162.docx | LEGALEASE-00094762-LEGALEASE-00094764 |
| TeleVideo Sys. v. Heidenthal, 826 F.2d 915 | 170A+2415 | Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abuse of litigation practices. | Do courts have inherent equitable powers to dismiss actions for abusive litigation practices? | 10054.docx | LEGALEASE-00094934-LEGALEASE-00094935 |
| DeLuna v. Burciaga, 223 Ill. 2d 49 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Can a motion to dismiss base upon certain defects or defenses admit the legal sufficiency of allwell-pleaded facts? | 10278.docx | LEGALEASE-00095054-LEGALEASE-00095055 |
| Trzop v. Hudson, 2015 IL App (1st) 150419 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss based on certain defects or defenses admit the legal sufficiency of the complaint? | 10382.docx | LEGALEASE-00095254-LEGALEASE-00095255 |
| Andrews v. Marriott Int'l, 2016 IL App (1st) 122731 | 307A+561.1 | The purpose of a motion for involuntary dismissal based upon certain defects or defenses is to dispose of issues of law and easily proved issues of fact at the outset of litigation and is similar to a summary judgment motion because it essentially amounts to a summary judgment procedure. S.H.A. 735 ILCS 5/2-619. | What is the purpose of a motion to dismiss based on certain defects or defenses? | 10443.docx | LEGALEASE-00095493-LEGALEASE-00095494 |
| Trzop v. Hudson, 2015 IL App (1st) 150419 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Will a motion for involuntary dismissal based upon certain defects or defenses admit the sufficiency of the complaint? | 10423.docx | LEGALEASE-00095589-LEGALEASE-00095590 |
| S. Wine & Spirits of Illinois v. Steiner, 2014 IL App (1st) 123435 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the claim. S.H.A. 735 ILCS 5/2-619. | "Can a motion to dismiss based on certain defects or defenses, admit the legal sufficiency of the plaintiff's claim?" | 09692.docx | LEGALEASE-00095883-LEGALEASE-00095884 |
| Murphy v. Colson, 2013 IL App (2d) 130291 | 253+1102 | To sustain a cause of action for alienation of affection, the plaintiff must allege and prove: (1) love and affection of the spouse for the plaintiff; (2) overt acts, conduct, or enticement on the part of the defendant causing these affections to depart; and (3) actual damages. | When can a spouse maintain an action for alienation of affection against a third party? | 005119.docx | LEGALEASE-00117335-LEGALEASE-00117337 |
| Malouf v. Dallas Athletic Country Club, 837 S.W.2d 674 | 386+2 | Trespass is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although actor may not know that act he intends to commit is such a violation. | When is intent relevant for the tort of trespass? | 000732.docx | LEGALEASE-00117556-LEGALEASE-00117557 |
| Cooper v. MRM Inv. Co., 367 F.3d 493 | 25T+134(1) | Generally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements under Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Do contract law defenses invalidate an arbitration agreement? | Alternative Dispute Resolution - Memo 223 - RK.docx | ROSS-003284514-ROSS-003284515 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Westwind Acquisition Co. LLC v. Universal Weather & Aviation, 668 F. Supp. 2d 749 | 366+1 | Under Texas law, both unjust enrichment and equitable subrogation doctrines are founded in equity and require inequitable or unjust conduct by the party against whom they are being asserted. | Are both unjust enrichment and equitable subrogation doctrines founded in equity and require inequitable or unjust conduct by the party against whom they are being asserted? | 043650.docx | LEGALEASE-00121090-LEGALEASE-00121091 |
| Onstad v. Wright, 54 S.W.3d 799 | 93+20 | If its order on a motion in limine has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. | "If its order on a motion in limine has been violated, may the trial court apply the sanctions of contempt or take other appropriate action?" | 032394.docx | LEGALEASE-00122791-LEGALEASE-00122792 |
| Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209 | 221+342 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "Does the ""Act of state doctrine"" require acts of foreign sovereigns taken within their own jurisdictions be deemed valid? " | 020280.docx | LEGALEASE-00123619-LEGALEASE-00123621 |
| United States v. Hamdan, 801 F. Supp. 2d 1247 | 221+391 | The protective principle in international law provides a basis for jurisdiction of offenses occurring outside the United States. | Does the protective principle in international law provide a basis for jurisdiction of offenses occurring outside the United States? | 020614.docx | LEGALEASE-00125015-LEGALEASE-00125017 |
| Bailey, Vaught, Robertson & Co. v. Remington Investments, 888 S.W.2d 860 | 83E+347 | Even a variable-rate promissory note with interest rate that is determined by reference to bank's published prime rate is promise to pay a "sum certain" which, if it meets other requirements of negotiability, qualifies as negotiable instrument. V.T.C.A., Bus. & C. S 3.104. | Is a note with a variable interest rate tied to the prime rate a negotiable instrument? | 010660.docx | LEGALEASE-00126410-LEGALEASE-00126411 |
| Am. Liberty Ins. Co. v. AmSouth Bank, 825 | 366+7(1) | Subrogation statutes transfer to a surety all rights and remedies of the creditor that are even incidentally related to the underlying debt paid by the surety; thus, if a creditor had a right or remedy that is in some concrete way related to the transactions surrounding the underlying debt and that the creditor might have pursued in order to seek reimbursement of indebted funds that are not recovered, a surety that pays the underlying debt would be allowed to pursue that right or remedy in order to seek reimbursement. Code 1975, SS 8-3-2, 8-3-11. | Do subrogation statutes transfer to a surety all rights and remedies of the creditor that are even incidentally related to the underlying debt paid by the surety? | Subrogation - Memo # 708 - C - SA.docx | ROSS-003327555-ROSS-003327556 |
| Brandon v. State, 233 Ala. 1 | 79+6 | Under statute creating office of deputy clerk of circuit court, to be appointed by clerk and requiring such deputies to take official oath with full power to transact all business of clerks, such power to appoint is not limited to one, but as many may be appointed as are necessary. Code 1923, S 6723, subsec. 2. | Do circuit clerks have the power to appoint deputy clerks? | 013377.docx | LEGALEASE-00130185-LEGALEASE-00130186 |
| Rockdale Body Shop v. Thompson, 222 Ga. App. 821 | 307A+750 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues. | Should a pretrial order be liberally construed to allow consideration of all questions fairly within ambit of contested issues? | Pretrial Procedure - Memo # 1693 - C - CK.docx | ROSS-003314615-ROSS-003314616 |
| Schwalier v. Hagel, 776 F.3d 832 | 34+4 | Secretary of Defense and General Counsel for Department of Defense did not violate law when they stepped in to resolve issue of whether Air Force legally could correct officer's records; Air Force was subcomponent of Department of Defense, and it acted subject to authority, direction, and control of Secretary of Defense, who had prescribed that General Counsel for Department of Defense would resolve legal disagreements. 10 U.S.C.A. SS 111(a)(8), 8013. | Is the Air Force a subcomponent of the Department of Defense? | 008390.docx | LEGALEASE-00133762-LEGALEASE-00133763 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Arn v. State Comm'n of Revenue & Taxation, 163 Kan. 240 | 200+99 | The construction and repair of public roads is a "governmental function" which may be exercised by the state or delegated to state or local agencies. | Is the construction and repair of public roads and highways a governmental function which may be exercised by the state or delegated to state or local agencies or bodies? | 019239.docx | LEGALEASE-00133770-LEGALEASE-00133771 |
| Com. v. Clarke, 311 Pa. Super. 446 | 63+1(1) | Under section of crimes code proscribing bribery in official and political matters, once offer to confer proscribed benefit or agreement is made, the crime is complete, and there need be no waiting for benefit to actually be conferred. 18 Pa.C.S.A. SS 4701, 4701(a)(3). | "Under the statute proscribing bribery in official and political matters, when is the crime complete?" | Bribery - Memo #388- C - LB.docx | ROSS-003302684-ROSS-003302685 |
| Wallick v. First State Bank of Farmington, 532 S.W.2d 520 | 307A+720 | It is within the sound discretion of trial court to grant or refuse a continuance after permitting an amendment to pleadings during the course of trial, but such discretion is neither an absolute nor arbitrary discretion. | Is it within the sound discretion of trial court to grant or refuse a continuance after permitting an amendment to pleadings during the course of trial? | Pretrial Procedure - Memo # 4385 - C - DHA.docx | ROSS-003291121-ROSS-003291122 |
| Goehring v. Superior Court (Bernier), 62 Cal. App. 4th 894 | 307A+36.1 | Plaintiff is generally entitled to conduct discovery with regard to jurisdiction issue before court rules on motion to quash. | Is a plaintiff generally entitled to conduct discovery with regard to jurisdiction issue before court rules on motion to quash? | Pretrial Procedure - Memo # 5011 - C - PC.docx | ROSS-003289213-ROSS-003289214 |
| Garvin v. Jennerson, 20 Kan. 371 | 378+9(1.5) | Under Civ.Code, S 361, providing that "every deposition intended to be read in evidence on the trial must be filed at least one day before the day of trial," one entire day must elapse between the day of filing and the day of trial. To properly compute the time within such statute, both the day of filing and the day of trial should be excluded. | Must every deposition intended to be read in evidence on the trial be filed at least one day before the day of trial? | 032284.docx | LEGALEASE-00139660-LEGALEASE-00139662 |
| In re Dissolution of Marriage of Leverock & Hamby, 23 So. 3d 424 | 307A+483 | A judge does not have the discretion to deem a matter admitted, because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate; the trial court, may, however, permit withdrawal or amendment of the admission. Rules Civ.Proc., Rule 36. | Is an admission conclusive in the action as to the party making it and absent leave of court to amend or withdraw the admission? | 029147.docx | LEGALEASE-00139839-LEGALEASE-00139840 |
| Kneeland v. Adm'r, Unemployment Comp. Act, 138 Conn. 630 | 392T+579 | A "pension" is a stated allowance or stipend made in consideration of past services or of surrender of rights or emoluments to one retired from service, and is not wages as that word is used in Unemployment Compensation Act provision wherein wages are defined as remuneration for employment. Social Security Act, 42 U.S.C.A. S 301 et seq.; Gen.St. 1949, S 7508. | Is a pension a wage? | 022790.docx | LEGALEASE-00140550-LEGALEASE-00140551 |
| Ex parte Chem. Waste Mgmt., 929 So. 2d 1007 | 13+13 | When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction and has no alternative but to dismiss the action. | "When a party without standing purports to commence an action, does the trial court acquire no subject-matter jurisdiction and has no alternative but to dismiss the action?" | Pretrial Procedure - Memo # 6013 - C - SB.docx | ROSS-003304833-ROSS-003304834 |
| State ex rel. Buck v. McCabe, 140 Ohio St. 535 | 307A+725 | Trial court which granted continuance for indefinite term had continuing jurisdiction of the matter and could at any time revoke or modify the order for reasonable cause shown, or attach such limitations as might seem from time to time, within sound discretion, to be necessary and proper. | Does a court which granted continuance for indefinite term have continuing jurisdiction of the matter? | 032185.docx | LEGALEASE-00141527-LEGALEASE-00141528 |
| Int'l Harvester Co. v. Wisconsin Dep't of Taxation, 322 U.S. 43 | 371+2005 | In determining whether a tax is within the state's constitutional power, the Federal Supreme Court looks to the incidence of the tax and its practical operation and not its characterization by state courts. | Where does the Federal Supreme Court look to determine whether a tax is within the state's constitutional power? | 045482.docx | LEGALEASE-00141602-LEGALEASE-00141603 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Benefit Corp. v. Parking Co. of Am., 310 Ga. App. 765 | 30+3259 | Appellate courts review for abuse of discretion the action taken by a trial court to impose appropriate sanctions to make effective its pretrial orders. West's Ga.Code Ann. S 9-11-16(b). | Does the trial court have the power to impose appropriate sanctions to make effective its pretrial orders? | Pretrial Procedure - Memo # 5796 - C - SB.docx | ROSS-003330138-ROSS-003330139 |
| Micro-Spy v. Small, 9 A.D.3d 122 | 307A+560 | If summons without complaint contains inadequate notice of nature of action and relief demanded, inadequate notice is grounds to dismiss action. McKinney's CPLR 305(b). | "If summons without complaint contains inadequate notice of nature of action and relief demanded, is inadequate notice grounds to dismiss the action?" | 034011.docx | LEGALEASE-00144705-LEGALEASE-00144706 |
| Burke v. United States, 85 F. Supp. 93 | 34+58(3) | Act authorizing national service life insurance should be liberally construed in favor of insured soldier and to carry out his intention. National Service Life Insurance Act of 1940, S 601 et seq., 38 U.S.C.A. S 801 et seq. | Should the act authorizing National Service Life Insurance be liberally construed in favor of insured soldiers and to carry out his intention? | 008724.docx | LEGALEASE-00148022-LEGALEASE-00148023 |
| Abrain v. Pereira, 336 Mass. 460 | 124+82 | Where savings bank account stood at intestate's death in name of decedent as trustee for his sister, and intestate's brother, who was among the heirs, prepared release and assignment of his interest in account under seal, even though release and assignment were without actual consideration, assignment became irrevocable upon its delivery to administrator's attorney, who received it for estate and sister. | Can assignment of note and mortgage under seal held valid and irrevocable by assignor even without consideration? | 010597.docx | LEGALEASE-00148384-LEGALEASE-00148385 |
| Knoll v. Bd. of Regents of Univ. of Nebraska, 258 Neb. 1 | 141E+1195 | State university owes a landowner-invitee duty to students to take reasonable steps to protect against foreseeable acts of hazing, including student abduction on the university's property, and the harm that naturally flows therefrom. | Does a University has a duty to protect students from hazing? | 017039.docx | LEGALEASE-00150260-LEGALEASE-00150261 |
| Burckhardt v. Gen. Am. Life Ins. Co., 534 S.W.2d 57 | 302+20 | Party may plead in alternative or hypothetically, either in one count or in separate counts, and when two or more statements are made in alternative and one of them if made independently would be sufficient, pleading is not made insufficient by insufficiency of one or more of alternative statements. | "Can a party plead in the alternative or hypothetically, either in one count or in separate counts?  " | 023658.docx | LEGALEASE-00150486-LEGALEASE-00150487 |
| State v. Goeson, 65 N.D. 706 | 83+63.15 | State may impose on motor vehicles engaged exclusively in interstate commerce a charge as compensation for use of highways so long as charge is fair contribution to cost of construction and maintenance of highways and of regulation of traffic (Laws 1933, c. 162). | Can the State impose a tax on the property of those engaged in interstate commerce? | 019094.docx | LEGALEASE-00150538-LEGALEASE-00150539 |
| State v. C.S., 275 Or. App. 126 | 3.77E+13 | Under the menacing statute, because the victim's subjective state of mind is not a defined element of the offense, the standard is whether a reasonable person would have been placed in the requisite state of fear. West's Or.Rev. Stat. Ann. S 163.190. | Is the victims subjective state of mind an element of the offense under the menacing statute? | 046732.docx | LEGALEASE-00153515-LEGALEASE-00153516 |
| Com. v. Mulvey, 57 Mass. App. Ct. 579 | 129+107 | "Public" element of offense of disorderly conduct may be satisfied if disturbance takes place in a more secluded environment than, for example, on public street or by side of highway, but only if members of the public are likely to be affected. M.G.L.A. c. 272, S 53. | Can the public element of an offense be satisfied only if members of the public are likely to be affected? | 014369.docx | LEGALEASE-00155490-LEGALEASE-00155491 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does the strict technical compliance with credit terms regardless of actual injury benefit all borrowers? | 013803.docx | LEGALEASE-00155645-LEGALEASE-00155646 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601 | 101+1058 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | Is lender liability predicated on an unmistakable showing that subservient corporation in reality has no separate existence of its own? | 010848.docx | LEGALEASE-00155702-LEGALEASE-00155703 |
| Dawson v. Sec'y of State, 274 Mich. App. 723 | 371+2002 | Where revenue generated by a regulatory "fee" exceeds the cost of regulation, the "fee" is actually a tax in disguise; the test is whether the fee is proportional, not whether it is equal, to the amount required to support the services it regulates.(Per Wilder, P.J., with two justices concurring in part.) | "When determining whether a revenue is a fee or a tax, is whether the fee is proportional,the test?" | 044567.docx | LEGALEASE-00157089-LEGALEASE-00157090 |
| Kaplan v. Gaskill, 108 Neb. 455 | 413+101 | The provision of the Workmen's Compensation Act that it shall apply to every employer employing one or more employees in a regular trade, business, profession or vocation of such employer does not contemplate that a person can be engaged in only one regular business but he may be engaged in several. Laws 1917, c. 85, S 1. | "Does the Act apply to employees in the regular trade, business, profession or vocation of an employer?" | 048644.docx | LEGALEASE-00158212-LEGALEASE-00158213 |
| Cty. of Erie v. Peerless Heater Co., 660 A.2d 238 | 307A+697 | Entry of judgment of non pros. and the denial of motion to remove such a judgment are peculiarly within discretion of trial court. | Is the entry of judgment of non pros and the denial of a motion to remove such a judgment peculiarly within the discretion of a trial court? | 040068.docx | LEGALEASE-00160562-LEGALEASE-00160563 |
| United States v. Kincaid-Chauncey, 556 F.3d 923 | 372+1014(10) | Quid pro quo necessary for a bribery honest services fraud conviction need not be explicit, and the district court need not use the words "quid pro quo" when it instructs the jury so long as the essential idea of give-and-take is conveyed. 18 U.S.C.A. S 1343. | "For jury instruction, is there an intent to defraud when an individual fails to disclose a conflict of interest within the application of honest services fraud even when there is no demonstration of a quid pro quo? " | 012514.docx | LEGALEASE-00161437-LEGALEASE-00161438 |
| Cook v. Peacock, 154 S.W.2d 688 | 289+568(3) | Where a managing partner has failed to keep accurate accounts of his transactions with or for partnership, the burden rests upon him to show that he has performed his duty of keeping accounts fairly, impartially, and honestly. | Does the burden of proof of accounting rest upon the managing partner when he has failed to keep accurate accounts? | 022722.docx | LEGALEASE-00162432-LEGALEASE-00162433 |
| Mansfield v. State, 29 A.3d 569 | 135H+59 | Jeopardy attaches, for purposes of the prohibition on double jeopardy, when the defendant has been put to trial before the trier of the facts, whether the trier be a jury or a judge, and thereby subjected to the risk of conviction. U.S.C.A. Const.Amend. 5. | Will jeopardy attach when the defendant is put to trial before the trier of facts and subjected to the risk of conviction? | 014653.docx | LEGALEASE-00165463-LEGALEASE-00165464 |
| Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080 | 217+3541 | A cause of action that could be considered a tort independent of contract performance is a viable claim in the insurance context, if the injury to the insured is an independent injury over and above the mere disappointment of the insured's hope to receive his contracted-for benefit. | MEMORANDUM # 9841. QuestionIs a cause of action that could be considered a tort independent of contract performance a viable claim in the insurance context? | 006459.docx | LEGALEASE-00166923-LEGALEASE-00166924 |
| In re CRIIMI MAE, 251 B.R. 796 | 349A+10 | While unequivocal statement of parties' intent that transaction be treated as absolute conveyance of securities with promise to repurchase, rather than as secured loan, was not vitiated or made equivocal by protective provision that dealt with parties' rights should the transaction be deemed a loan, neither was this statement of intent controlling in determining nature of transaction under New York law; rather, court had to consider contract as whole, to determine whether it expressed such an unambiguous intent within its four corners. | "Does a court have to consider a contract as whole, to determine whether it expressed such an unambiguous intent within its four corners?" | 042647.docx | LEGALEASE-00166943-LEGALEASE-00166944 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barthelmues v. Ives, 194 Misc. 13 | 21+8 | The omission of a venue or the statement of an improper venue in an affidavit does not invalidate the oath or render the affidavit a nullity when it is shown by proof aliunde that it was duly administered by a proper officer within the jurisdiction. | Does omission of a venueror the or the statement of an improper venue is an affidavit render it null? | Affidavits - Memo 55 - _1V0cSei4rJBOi-l3dD947CNoLW2OHAlzw.docx | ROSS-000000207-ROSS-000000208 |
| Rufo v. Simpson, 86 Cal. App. 4th 573 | 307A+3 | A ruling on a pretrial motion in limine is necessarily tentative because subsequent evidentiary developments may change the context. | Is a ruling on a pretrial motion in limine necessarily tentative because subsequent evidentiary developments may change the context? | Pretrial Procedure - Memo # 303 - C - CRB.docx | ROSS-003282495-ROSS-003282497 |
| Colafranceschi v. Briley, 159 Idaho 31 | 307A+622 | When considering a motion to dismiss for failure to state a claim which relief could be granted, the court looks only to the pleadings to determine whether a claim for relief has been stated. Rules Civ.Proc., Rule 12(b)(6). | "When considering a motion to dismiss for failure to state a claim upon which relief could be granted, does the court look only to the pleadings to determine whether a claim for relief has been stated?" | Pretrial Procedure - Memo # 8187 - C - SJ_58762.docx | ROSS-003283040-ROSS-003283041 |
| Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018 | 172H+1556 | Three year period governing Truth in Lending Act (TILA) rescission claims only required that borrower exercise his right to rescind within the three-year period; it did not require that he file a rescission claim within that period. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | Does the three year limitation period governing TILA rescission claims require that the borrower file a rescission claim within the period?? | Consumer Credit - Memo 204 - RK_61866.docx | ROSS-003283421-ROSS-003283422 |
| People v. Henley, 182 N.W.2d 19 | 135H+95.1 | Generally, defendant is entitled to have trial proceed to its normal conclusion, and discharge of jury before such time without defendant's consent or without legal justification is equivalent to acquittal and bars retrial. | Is discharge of jury before such time without defendant's consent or without legal justification equivalent to acquittal and bars retrial? | Double Jeopardy - Memo 371 - C - KG_66790.docx | ROSS-003283726-ROSS-003283727 |
| Stone v. Lawyers Title Ins. Corp., 554 S.W.2d 183 | 184+3 | Actionable fraud requires that material representation was made, that it was false, that when made speaker knew it was false or made it recklessly without any knowledge of truth and as a positive assertion, that speaker made it with intention that it should be acted upon, and that party acted in reliance upon it and thereby suffered injury. | What are the elements of actionable fraud? | Exchange of Property - Memo 12 - RK.docx | ROSS-003283819-ROSS-003283820 |
| Sprague v. Am. Bar Ass'n, 276 F. Supp. 2d 365 | 237+120(2) | Under Pennsylvania law, common law "malice" required for recovery of punitive damages in a defamation action involves conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others, meaning conduct which is malicious, wanton, reckless, willful, or oppressive. Restatement (Second) of Torts S 908(2). | What is by common law malice? | Libel and Slander - Memo 74 - RK.docx | ROSS-003284075-ROSS-003284076 |
| Clean Air Coordinating Comm. v. Envtl. Prot. Agency, 42 Ill. App. 3d 124 | 1.49E+19 | Pollution Control Board is required by statute to file and publish written opinion stating facts and reasons leading to its decision. S.H.A. ch. 1111/212, S 1033. | "Under Section 33 of the Environmental Protection Act, is the Pollution Control Board required to file and publish a written opinion stating the facts and reasons for its decision? " | Environmental Law - Memo 71 - RK.docx | ROSS-003284944-ROSS-003284945 |
| Ball v. Rao, 48 S.W.3d 332 | 30+3209 | The imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court, and the court of appeals will not reverse such sanctions absent a clear abuse of discretion. | Is the imposition of sanctions for violations of orders in limine left to the sound discretion of the trial court? | Pretrial Procedure - Memo # 838 - C - VA.docx | ROSS-003285129-ROSS-003285130 |
| Dillingham-Ray Wilson v. City of Los Angeles, 182 Cal. App. 4th 1396 | 307A+3 | If the trial court's in limine ruling was based upon a misinterpretation of applicable law, an abuse of discretion has been shown. | "If the trial court's in limine ruling was based upon a misinterpretation of applicable law, has an abuse of discretion has been shown? " | Pretrial Procedure - Memo  # 138 - C - CRB.docx | ROSS-003285378-ROSS-003285379 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tesoro Petroleum Corp. v. Nabors Drilling USA, 106 S.W.3d 118 | 366+35 | Where a party to an indemnity contract relating to an oil and gas well is not contractually obligated to enforce a waiver of subrogation, the other party cannot insist that it assert a waiver of subrogation. | "Wherea party to an indemnity contract is not contractually obligated to enforce a waiver of subrogation, can the other party insist that it assert a waiver of subrogation?" | Subrogation - Memo # 1212 - C - SN.docx | ROSS-003285397-ROSS-003285398 |
| DeLuna v. Burciaga, 223 Ill. 2d 49 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Can a motion to dismiss base upon certain defects or defenses admit the legal sufficiency of all well-pleaded facts? | Pretrial Procedure - Memo # 7673 - C - KG.docx | ROSS-003286478-ROSS-003286479 |
| Epstein v. Chicago Bd. of Educ., 178 Ill. 2d 370 | 307A+561.1 | "Affirmative matter" asserted by defendant must be apparent on face of complaint or supported by affidavits or certain other evidentiary materials, for purpose of motion for involuntary dismissal on ground that claim asserted against defendant is barred by other "affirmative matter" avoiding legal effect of or defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Should affirmative matter must be apparent on face of complaint or supported by affidavits or other evidentiary materials in order to dismiss a complaint? | Pretrial Procedure - Memo # 7682 - C - VA.docx | ROSS-003286502-ROSS-003286504 |
| Hurd v. Monsanto Co., 908 F. Supp. 604 | 413+1 | Indiana Workmen's Compensation Act provides compensation for personal injury or death by accident arising out of and in course of employment, and Indiana's Occupational Disease Act provides compensation for disablement or death by occupational disease arising out of and in course of employment. West's A.I.C. 22-3-1-1 et seq., 22-3-7-2. | Does the workmen's compensation act provide compensation for personal injury or death by accident arising out of and in the course of employment? | Workers Compensation - Memo #64 ANC.docx | ROSS-003287138-ROSS-003287139 |
| Brand v. Butts, 242 A.D. 149 | 307A+91 | Rationale of depositions, taken pursuant to statute, is an old chancery practice relating to bill of discovery, entitling party to sift his adversary's conscience. Civil Practice Act, S 288. | Is the rationale of depositions an old chancery practice relating to a bill of discovery? | Pretrial Procedure - Memo # 4788 - C - BP.docx | ROSS-003287815-ROSS-003287816 |
| Kala Investments v. Sklar, 538 So. 2d 909 | 366+1 | Policy behind doctrine of equitable subrogation is to prevent unjust enrichment by assuring that person who in equity and good conscience is responsible for debt is ultimately answerable for its discharge. | Is the prevention of unjust enrichment the policy behind the doctrine of equitable subrogation? | Subrogation - Memo 997 - C- CAT.docx | ROSS-003288095-ROSS-003288096 |
| Todd v. Bear Valley Vill. Apartments, 980 P.2d 973 | 307A+725 | While not required, better practice is for trial court to articulate the reasons underlying its conclusion that good cause for a continuance was either demonstrated or not. Rules Civ.Proc., Rule 121. | Is a court required to articulate the reasons underlying its conclusion that good cause for a continuance was demonstrated or not? | Pretrial Procedure - Memo # 4805 - C - NA.docx | ROSS-003291268-ROSS-003291270 |
| Chenango Cty. Nat. Bank & Tr. Co. of Norwich v. Lyon, 190 Misc. 358 | 307A+91 | Great liberality is permitted in the examination of an adverse party before trial particularly when the party sought to be examined stands in a fiduciary capacity. | Is great liberality permitted in the examination of an adverse party before trial particularly when the party sought to be examined stands in a fiduciary capacity? | Pretrial Procedure - Memo # 4492 - C - KG.docx | ROSS-003291749-ROSS-003291750 |
| McCormick v. Bd. of Cty. Comm'rs of Shawnee Cty., 272 Kan. 627 | 228+183 | A defendant may move for dismissal for failure to state a claim upon which relief can be granted; procedurally, such a motion shall be treated as one for summary judgment and disposed of as provided in statute governing summary judgment motions. Rules Civ.Proc., K.S.A. 60-212(b)(6), 60-256. | When can a motion be treated as one for summary judgement? | Pretrial Procedure - Memo # 10795 - C - NS_63662.docx | ROSS-003294254-ROSS-003294255 |
| State v. Fowler, 197 N.C. App. 1 | 135H+1 | The objective the principle of double jeopardy, or former jeopardy, is to allow the prosecution one complete opportunity to convict a defendant in a fair trial. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19. | "The objective the principle of double jeopardy, or former jeopardy, is to allow the prosecution one complete opportunity to convict a defendant in a fair trial?" | Double Jeopardy - Memo 916 - C - SHB_67705.docx | ROSS-003294641-ROSS-003294642 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Basciano, 599 F.3d 184 | 135H+5.1 | Double Jeopardy Clause protects against both multiple punishments and successive prosecutions for the same offense, regardless of whether a first prosecution resulted in conviction or acquittal. U.S.C.A. Const.Amend. 5. | Does double Jeopardy Clause protect against both multiple punishments and successive prosecutions for same offense? | Double Jeopardy - Memo 643 - C - PC_68420.docx | ROSS-003295047-ROSS-003295048 |
| Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601 | 101+1058 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | Is lender liability predicated on an unmistakable showing that subservient corporation in reality has no independent existence of its own? | Bills and Notes-Memo 1202-SB_61829.docx | ROSS-003295310-ROSS-003295311 |
| Breaker v. U.S., 977 F.Supp.2d 921 | 411+7 | Before a party can challenge an action by the United States Forest Service (USFS) in federal court, it must exhaust administrative remedies. Department of Agriculture Reorganization Act of 1994, S 212(e), 7 U.S.C.A. S 6912(e). | Does a party have to exhaust administrative remedies before it can challenge an action by the United States Forest Service (USFS) in federal court? | Woods and Forests - Memo 3 - KC_62519.docx | ROSS-003296977-ROSS-003296978 |
| Burke v. United States, 85 F. Supp. 93 | 34+58(3) | Act authorizing national service life insurance should be liberally construed in favor of insured soldier and to carry out his intention. National Service Life Insurance Act of 1940, S 601 et seq., 38 U.S.C.A. S 801 et seq. | Should the act authorizing National Service Life Insurance be liberally construed in favor of insured soldiers and to carry out his intention? | Armed Services - Memo 299 - RK_57608.docx | ROSS-003297006-ROSS-003297007 |
| State Bar of California v. Statile, 168 Cal. App. 4th 650 | 366+1 | Statutory subrogation arises by an act of the legislature that vests a right of subrogation with a party or category of parties, and it is governed by the terms of the statute under which it is claimed as a matter of statutory construction. | Does statutory subrogation arise by an act of the legislature that vests a right of subrogation with a party or category of parties? | Subrogation - Memo 281 - KG.docx | ROSS-003297147-ROSS-003297149 |
| Stephens v. Stovall & Co., 184 Ga. App. 78 | 307A+674 | Statute providing for automatic dismissal when no written order is taken for a period of five years is mandatory and dismissal is automatic and by operation of law, and any further action other than dismissal is a mere nullity. O.C.G.A. S 9-2-60(b). | Is a statute providing for automatic dismissal when no written order is taken for a period of five years mandatory and dismissal is automatic? | Pretrial Procedure - Memo # 11015 - C - TM_64132.docx | ROSS-003297248-ROSS-003297249 |
| Morris v. Ernst & Young, LLP, 834 F.3d 975 | 25T+123 | When an illegal provision not targeting arbitration is found in an arbitration agreement, the Federal Arbitration Act (FAA) treats the contract like any other; the FAA recognizes a general contract defense of illegality. 9 U.S.C.A. S 2. | How does the Federal Arbitration Act (FAA) treat contracts when an illegal provision not targeting arbitration is found in an arbitration agreement? | Alternative Dispute Resolution - Memo 404 - RK.docx | ROSS-003297685-ROSS-003297686 |
| Mahler v. Szucs, 135 Wash. 2d 398 | 366+1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | "Does the equitable doctrine of subrogation seek to impose responsibility for a loss on a party who, in equity and good conscience, should bear it? " | Subrogation - Memo 217 - RM C.docx | ROSS-003297790-ROSS-003297791 |
| Crawford v. State, 44 Ala. 382 | 36+2 | To prove first-degree arson, there must be evidence of three fundamental facts: first, a burning of a dwelling house of another without consent; second, that a criminal agency was the cause of the burning; and, third, that the defendant was the criminal agency. West's Ga.Code Ann. S 16-7-60(a)(1). | Is criminal agency an essential element to prove arson? | Arson - Memo 6 - MS.docx | ROSS-003298995-ROSS-003298996 |
| Soto v. Sea-Rd. Int'l, 942 S.W.2d 67 | 50+1 | Basic elements of bailment are: delivery of personal property by one person to another in trust for specific purpose; acceptance of such delivery; express or implied contract that the trust will be carried out; and understanding under terms of contract that property will be returned to transferor or dealt with as transferor directs. | What are the elements of a bailment? | Bailment - Memo 3 - JS.docx | ROSS-003299585-ROSS-003299586 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Howard Univ. v. Roberts-Williams, 37 A.3d 896 | 113+3 | In order for a custom and practice to be binding on the parties to a transaction, it must be proved that the custom is definite, uniform, and well known, and it must be established by clear and satisfactory evidence. | What must be proved in order for a custom and practice to be binding on the parties to a transaction? | Customs & Usage - Memo 11 - JS.docx | ROSS-003299795-ROSS-003299796 |
| Draim v. Virtual Geosatellite Holdings, 631 F. Supp. 2d 32 | 231H+123 | Former employee's post-termination activities of going to work for competitor and in fact competing against his former employer could not serve as basis for any claim of breach of agent's fiduciary duty to his principal under District of Columbia law. | Can post-termination activities serve as a basis for a claim of breach of an agents fiduciary duty to his principal? | Principal and Agent - Memo 519 - RK_63977.docx | ROSS-003305721-ROSS-003305722 |
| Rendler v. Corus Bank, 272 F.3d 992 | 172H+1322 | Truth in Lending Act (TILA) is a disclosure statute; it does not substantively regulate consumer credit but, rather, requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does TILA require the disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction? | Consumer Credit -Memo 97-SB_60175.docx | ROSS-003306431-ROSS-003306432 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | Subrogation is essentially an equitable assignment of a claim, made without regard to whether the claim assigned has actually been discharged at law. | "Is subrogation essentially an equitable assignment of a claim, made without regard to whether the claim assigned has actually been discharged at law?" | Subrogation - Memo # 532 - C - NO.docx | ROSS-003308672-ROSS-003308673 |
| Mollerson v. City of New York, 178 Misc. 2d 803 | 307A+1 | As a matter of elementary fairness, all parties to action have right to appear at and participate in all pretrial and trial stages of action, unless they waive their right to do so, or exceptional circumstances occur, such as disruptiveness by party. | Can all parties to action have right to appear at and participate in all pretrial and trial stages of action? | Pretrial Procedure - Memo # 543 - C - CRB.docx | ROSS-003308792-ROSS-003308793 |
| In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | Overall fairness of applying equitable subrogation should be assessed with a view to the purpose of the doctrine, which is to prevent unjust enrichment; if this goal is not accomplished, the doctrine should not be applied. | "Should the overall fairness of applying equitable subrogation be assessed with a view to the purpose of the doctrine, which is to prevent unjust enrichment?" | Subrogation - Memo 290 - RM C.docx | ROSS-003309081-ROSS-003309082 |
| Presswood v. Welsh, 271 Ga. App. 459 | 307A+3 | When disputed evidence is admissible for any reason, a trial court does not abuse its discretion in denying a motion in limine and admitting it. | "When disputed evidence is admissible for any reason, does a trial court abuse its discretion in denying a motion in limine and admitting it?" | Pretrial Procedure - Memo # 18 - C - KA.docx | ROSS-003311599-ROSS-003311600 |
| Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 30+3209 | The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. | Are sanctions for the violation of an order in limine left to the sound discretion of the trial? | Pretrial Procedure - Memo # 929 - C - TJ.docx | ROSS-003314998-ROSS-003314999 |
| Neff v. Brady, 527 S.W.3d 511 | 307A+554 | If the plaintiff lacks standing to bring all of his claims, the court must dismiss the whole action for want of jurisdiction. | "If the plaintiff lacks standing to bring all of his claims, must the court dismiss the whole action for want of jurisdiction?" | Pretrial Procedure - Memo # 5717 - C - KG.docx | ROSS-003316398-ROSS-003316399 |
| Bailey v. Worton, 752 So. 2d 470 | 308+1 | Most characteristic feature of an agent's employment is that he is employed primarily to bring about business relations between his principal and third persons, and this power is perhaps the most distinctive mark of the agent as contrasted with others, not agents, who act in representative capacities. | What is the most characteristic feature of an agent's employment? | Principal and Agent - Memo 443 - RK_63563.docx | ROSS-003320602-ROSS-003320603 |
| Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75 | 221+342 | Type of official act that implicates the act of state doctrine is that which is by nature distinctly sovereign, i.e., conduct that cannot be undertaken by a private individual or entity. | Is the type of official act that implicates the act of state doctrine that which is by its nature distinctly sovereign? | International Law - Memo # 103 - C - LK.docx | ROSS-003321989-ROSS-003321991 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226 | 307A+690 | Because the law favors trial on the merits, dismissal with prejudice may not be warranted where delay in bringing the case to trial is justified by the circumstances of the case. Nev. R. Civ. P. 41(e). | "Because the law favors trial on the merits, can dismissal with prejudice not be warranted where delay in bringing the case to trial is justified by the circumstances of the case?  " | Pretrial Procedure - Memo # 10450 - C - KG_62598.docx | ROSS-003322571-ROSS-003322572 |
| Explore Info. Servs. v. Court Info. Sys., 636 N.W.2d 50 | 307A+2 | In ruling on an application to adjudicate law points, the district court is limited to the uncontroverted facts found in the pleadings. Rules Civ.Proc., Rule 116. | "In ruling on an application to adjudicate law points, is the district court limited to the uncontroverted facts found in the pleadings? " | Pretrial Procedure - Memo # 2 - RM C.docx | ROSS-003323030-ROSS-003323031 |
| Greer v. Buzgheia, 141 Cal. App. 4th 1150 | 307A+3 | A motion in limine is not expressly authorized by statute, but is within the trial court's inherent power to entertain and grant. | Is a motion in limine expressly authorized by statute and not within the trial court's inherent power to entertain and grant? | Pretrial Proceedure - Memo # 43 - C - TJ.docx | ROSS-003323899-ROSS-003323901 |
| Rawson v. City of Omaha, 212 Neb. 159 | 366+1 | Doctrine of subrogation is not administered by courts of equity as a legal right, but the principle is applied to subserve the ends of justice and to do equity in the particular case under consideration. | Is the doctrine of equitable subrogation applied to serve ends of justice and to do equity in a particular case under consideration? | Subrogation - Memo 126 - VP C.docx | ROSS-003324011-ROSS-003324012 |
| Marshall v. Wait, 628 F.2d 1255 | 216+2 | An industry's history of regulation is a relevant factor in determining constitutionality of subjecting its operators to nonconsensual warrantless searches; of perhaps equal importance is the pervasiveness of federal regulation and the public interest in enforcement. Federal Mine Safety and Health Amendments Act of 1977, S 103, 30 U.S.C.A. S 813. | Is an industry's history of regulation a relevant factor in determining the constitutionality of subjecting its operators to nonconsensual warrantless searches? | Inspection - Memo 6 - SH.docx | ROSS-003324784-ROSS-003324785 |
| Evans v. Family Inns of Am., 141 N.C. App. 520 | 30+205 | Rulings on motions in limine are merely preliminary and subject to change during the course of trial, depending on the actual evidence offered at trial, and thus, objection to an order granting or denying such motion is insufficient to preserve for appeal the question of the admissibility of evidence. | Is an objection to an order granting or denying such motion insufficient to preserve for appeal the question of the admissibility of evidence? | Pretrial Procedure - Memo  # 211 - C - CRB.docx | ROSS-003325627-ROSS-003325628 |
| Employers Health Ins. v. Gen. Cas. Co. of Wisconsin, 161 Wis. 2d 937 | 366+1 | Equitable subrogation is permitted only when rights of those seeking subrogation have greater equity than rights of those who oppose it; right to subrogation arises when person other than mere volunteer pays debt which in equity and good conscience should be satisfied by another. | Is subrogation based on equity and permitted only when the rights of those seeking subrogation have greater equity than the rights of those who oppose it? | Subrogation - Memo 263 - AP.docx | ROSS-003326526-ROSS-003326527 |
| Gunby v. Yates, 214 Ga. 17 | 371+2002 | A "tax" is an enforced contribution exacted pursuant to legislative authority for purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or service rendered by a public officer, which is a "fee." | Are taxes payments for a special privilege or a special service rendered? | Taxation - Memo # 114 - C - CK.docx | ROSS-003327272-ROSS-003327274 |
| Burns v. Hayes, 193 Misc. 501 | 307A+91 | Where relationship of principal and agent or similar relationship exists between parties to an action the technical rules governing examination of a party before trial should be relaxed. | "Where the relationship of a principal and agent to an action, should the technical rules governing examination of a party before trial be relaxed?" | Pretrial Procedure - Memo # 4436 - C - KG.docx | ROSS-003328264-ROSS-003328266 |
| Adams v. Reed, 138 Idaho 36 | 307A+44.1 | Explicit warnings that action will be dismissed are among lesser sanctions that are appropriate before imposition of drastic sanction of dismissal for failure to comply with discovery orders or pretrial orders, and for failure to seasonably supplement responses to discovery. | Are explicit warnings that action will be dismissed are among lesser sanctions that are appropriate before imposition of drastic sanction of dismissal for failure to comply with discovery orders or pretrial orders? | Pretrial Procedure - Memo # 6567 - C - KG.docx | ROSS-003331813-ROSS-003331815 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Wead, 38 B.R. 658 | 51+2235 | Bankruptcy Court would not entertain or consider a second Chapter 11 petition involving the same debtors and essentially the same debts where the first case was still pending, where debtors did not present any basis upon which the findings and conclusions in first case could be reconsidered, and where there remained no reasonable likelihood of reorganization, and where the creditors would continue to be prejudiced by operation of second bankruptcy case, which was not filed in good faith. Bankr.Code, 11 U.S.C.A. S 1101 et seq. | Does the pendency of one bankruptcy case preclude a consideration of a second case filed by the same debtors involving the same debts? | 000001.docx | LEGALEASE-00115606-LEGALEASE-00115607 |
| Metro Riverboat Assocs. v. Louisiana Gaming Control Bd., 797 So. 2d 656 | 188+206(1) | The Louisiana Administrative Procedure Act (LAPA) was not intended to supersede the more specific provisions of other administrative acts, such as the Louisiana Gaming Control Law; rather, it was intended to create procedures in those instances where none exist. LSA-R.S. 27:1 et seq., 49:950 et seq. | Do provisions of the Administrative Procedure Act supersede the more specific provisions of other administrative Acts? | 03606.docx | LEGALEASE-00077209-LEGALEASE-00077210 |
| Mendoza v. Perez, 754 F.3d 1002 | 15A+1221 | Procedural rules exempt from notice and comment procedures under the Administrative Procedure Act (APA) are primarily directed toward improving the efficient and effective operations of an agency, not toward a determination of the rights or interests of affected parties; procedural rules do not themselves alter the rights or interests of parties, although they may alter the manner in which the parties present themselves or their viewpoints to the agency. 5 U.S.C.A. S 553(b). | Are procedural rules directed toward improving the efficient operations of an agency? | 000031.docx | LEGALEASE-00115410-LEGALEASE-00115411 |
| Odyssey Marine Exploration v. Unidentified Shipwrecked Vessel, 657 F.3d 1159 | 16+1(1) | Although federal courts have the exclusive power to adjudicate in rem suits against a vessel, that power is dependent on the court's jurisdiction over the res, the property named as the defendant. | Do federal courts have the exclusive power to adjudicate in rem suits against a vessel? | 000033.docx | LEGALEASE-00115488-LEGALEASE-00115490 |
| Janiga v. Questar Capital Corp., 615 F.3d 735 | 25T+100 | Parties are entitled to opt in a contract for an alternative method of dispute resolution that involves neither courts nor juries. | Can parties opt into a contract for an alternative method of dispute resolution that involves neither courts nor juries? | 03620.docx | LEGALEASE-00077161-LEGALEASE-00077162 |
| J & B Slurry Seal Co. v. Mid-S. Aviation, 88 N.C. App. 1 | 38+31 | "Subrogation" is equitable remedy in which one steps into place of another and takes over right to claim monetary damages to extent that other could have, while "assignment" is formal transfer of property or property rights. | Does formal transfer of property or property rights constitute assignment? | 000094.docx | LEGALEASE-00115543-LEGALEASE-00115544 |
| Julka v. U.S. Bank National Association, 516 S.W.3d 84 | 195+1 | A guaranty agreement creates a secondary obligation whereby the guarantor promises to be responsible for the debt of another and may be called upon to perform if the primary obligor fails to perform. | How does a guaranty create a secondary obligation on the guarantor? | 000162.docx | LEGALEASE-00115420-LEGALEASE-00115421 |
| Fin. Freedom Sr. Funding Corp. v. Horrocks, 294 S.W.3d 749 | 315+131 | A "life estate " is created by a deed or will where the language of the instrument manifests an intention on the part of the grantor or testator to pass to a grantee or devisee a right to possess, use, or enjoy property during the period of the grantee's life. | How are life estates created? | 000233.docx | LEGALEASE-00115454-LEGALEASE-00115456 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Baker v. Baker, 274 S.W.2d 322 | 92+3974 | Reasonable notice to litigant, where there exists even possibility of action adverse to his interests, is deemed to be of essence of fairness and justice and is prerequisite to lawful exercise of court's power. | What is a prerequisite to the lawful exercise of the courts power? | 000264.docx | LEGALEASE-00115552-LEGALEASE-00115554 |
| Chaplin v. Sanders, 100 Wash. 2d 853 | 20+1 | Doctrine of adverse possession was formulated at law for the purpose of, among others, assuring maximum utilization of land, encouraging rejection of stale claims, and, most importantly, quieting titles. | What purpose does the doctrine of adverse possession serve? | 003859.docx | LEGALEASE-00115845-LEGALEASE-00115846 |
| Marquette Nat. Bank v. B.J. Dodge Fiat, 131 Ill. App. 3d 356 | 21+18 | Although well-alleged facts within affidavit submitted as evidence must be taken as true when they are not contradicted by counteraffidavit, rule is typically applied only to affidavits in certain proceedings and does not apply to affidavits filed in conjunction with other types of civil proceedings. S.H.A. ch. 110, PP 2-301(b), 2-619, 2-1005; ch. 110A, P 191(a). | Can courts accept an affidavit as true if it is uncontradicted by counter-affidavits or other evidentiary materials? | Affidavits- Memo 18 - ANG.docx | LEGALEASE-00000880-LEGALEASE-00000881 |
| State v. Lotono, 62 W. Va. 310 | 181+10 | An alteration in an instrument, to constitute forgery, must be of a material part thereof, and a material alteration of an instrument is one which makes it speak a language different in legal effect from that which it originally spoke, or which carries with it some change in the rights, interests, or obligations of the parties to the writing. | Does an alteration in relation to negotiable instrument affect the rights of the parties involved? | 003936.docx | LEGALEASE-00115937-LEGALEASE-00115938 |
| Upjohn Co. v. United States, 449 U.S. 383 | 311H+106 | Purpose of attorney-client privilege is to encourage full and frank communication between attorneys and their clients and thereby to promote broader public interests in observance of law and administration of justice. Fed.Rules Evid. Rule 501, 28 U.S.C.A. | Is attorney-client privilege a matter of common law? | 005317.docx | LEGALEASE-00116102-LEGALEASE-00116103 |
| WorldCrisa Corp. v. Armstrong, 129 F.3d 71 | 25T+210 | If arbitration clause is narrowly worded and dispute concerns matter collateral to contract calling for arbitration, court should test presumption of arbitrability by reviewing allegations underlying dispute and by asking whether claim alleged implicates issues of contract construction. | Can parties be forced to arbitration if that was not their true agreement? | 003764.docx | LEGALEASE-00116168-LEGALEASE-00116170 |
| Powerhouse Wholesale Elec. Supply v. Spartan Bldg. Corp., 525 So. 2d 1216 | 38+31 | Assignment of Accounts Receivable Act is not the exclusive method of assigning accounts receivable, but provides an additional method for doing so, but if the parties file a notice of assignment, the Act shall provide the exclusive method by which the assignee may perfect a security interest in the accounts receivable assigned. LSA-R.S. 9:3101-9:3111. | Does the Assignment of Accounts Receivable Act establish an exclusive system of perfecting assignments of accounts receivable? | 05008.docx | LEGALEASE-00078128-LEGALEASE-00078129 |
| Steelcase Inc. v. Haworth, 954 F. Supp. 1195 | 311H+168 | In patent infringement case in which alleged infringer relies on advice-of-counsel defense, attorney-client privilege must be deemed waived concerning all documents in client's hands that refer or relate to counsel's opinion or represent information related to counsel as basis for opinion; furthermore, privilege is waived as to all information provided by client to attorney, regarding subject matter of opinion. | When does an attorney-client privilege be deemed waived? | Privileged Communications and Confidentiality - Memo 9 - VP.docx | LEGALEASE-00001615-LEGALEASE-00001616 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Royal Caribbean Cruises, Ltd. v. Bryan Cox, 137 So. 3d 1157 | 16+1.20(4) | State law will not apply to a maritime cause of action in state court if: (1) the state law is found to conflict with substantive maritime law, or (2) the state law affects remedies peculiar to maritime law; in other words, states may apply state law to supplement maritime law if that application does not flatly contradict maritime law. | Can courts apply state law in admiralty cases? | 06314.docx | LEGALEASE-00078400-LEGALEASE-00078402 |
| Coleman v. State Med. Bd. of Ohio, 2007-Ohio-5007 | 146+4 | A conviction for embezzlement requires proof of the identity of the corporation or private person whose goods and money the accused has embezzled; proof as to ownership of the money and the extent of the agency relationship which existed are essential to distinguishing embezzlement from larceny. | How is larceny distinguished from embezzlement? | 004306.docx | LEGALEASE-00116429-LEGALEASE-00116431 |
| People ex rel. Dep't of Transp. v. Dry Canyon Enterprises, 211 Cal. App. 4th 486 | 192+1 | "Goodwill" is the amount by which a business's overall value exceeds the value of its constituent assets, often due to a recognizable brand name, a sterling reputation, or an ideal location. | "Are ideal location, reputation, and brand name elements of Goodwill?" | Goodwill - Memo 12 - ANG..docx | LEGALEASE-00002161-LEGALEASE-00002163 |
| Harris v. City of Santa Monica, 56 Cal. 4th 203 | 302+1 | The primary function of a pleading is to give the other party notice so that it may prepare its case, and a defect in a pleading that otherwise properly notifies a party cannot be said to affect substantial rights. | Is giving notice to the other party the primary function of pleading? | Pleading - Memo 8 - VP.docx | ROSS-003298144-ROSS-003298146 |
| People v. Nazary, 191 Cal. App. 4th 727 | 146+11(1) | Conviction for embezzlement requires conversion of trusted funds coupled with the intent to defraud; an intent to deprive the rightful owner of possession even temporarily is sufficient. West's Ann.Cal.Penal Code S 503. | Is intent to deprive rightful owner of possession sufficient to support a claim for embezzlement? | 07387.docx | LEGALEASE-00079059-LEGALEASE-00079061 |
| Kawaauhau v. Geiger, 523 U.S. 57 | 272+201 | "Intentional" torts, as distinguished from negligent or reckless torts, generally require that actor intended consequences of act, not simply act itself. Restatement (Second) of Torts S 8A comment. | Does intentional tort generally require proving that the actor intend the consequences of an act? | Negligence - Memo 13 - VP.docx | ROSS-003298639-ROSS-003298640 |
| Yancey v. Lea, 354 N.C. 48 | 272+273 | Difference between negligence and gross negligence is not in degree or magnitude of inadvertence or carelessness, but rather is intentional wrongdoing or deliberate misconduct affecting the safety of others; an act or conduct rises to the level of gross negligence when the act is done purposely and with knowledge that such act is a breach of duty to others, i.e., a conscious disregard of the safety of others, but an act or conduct moves beyond the realm of negligence when the injury or damage itself is intentional. | Is there a substantial difference between ordinary negligence and gross negligence? | 004810.docx | LEGALEASE-00116841-LEGALEASE-00116842 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Matthews, 143 Tenn. 463 | 146+1 | If money or property goes into the possession of an employer before it goes into the possession of his employee, the employee's criminal taking and appropriation of it does not constitute embezzlement, but larceny, "embezzlement" being the fraudulent appropriation of such property as the statute makes the subject of embezzlement under the circumstances in the statute by the person embezzling to the injury of the owner, the money or property coming directly from a third person into the hands of the employee in the course of his employment and being appropriated by him, while trespass, which is impossible where a servant takes his master's property from a third person, is essential to constitute the offense of larceny. | Does the statute require that the embezzled property be entrusted to the accused directly by the master? | 004997.docx | LEGALEASE-00116946-LEGALEASE-00116947 |
| United States v. Keen, 676 F.3d 981 | 146+14 | Statute prohibiting local government agents from fraudulently obtaining property from an organization receiving federal funds does not require that the agent be a person authorized to act with respect to those funds. 18 U.S.C.A. S 666(d)(1). | Does the statute prohibiting local government agents from fraudulently obtaining property from an organization receiving federal funds require that the agent be a person authorized to act with respect to those funds? | 005001.docx | LEGALEASE-00116995-LEGALEASE-00116996 |
| Hall v. Great Nat. Lloyds, 154 Tex. 200 | 146+9 | Servant's possession of property put in his custody by master is not adverse to that of master, and servant's fraudulent conversion of such property to his own use, without master's consent and with servant's intent to deprive master of value of the property, constitutes "theft" under theft policy. Vernon's Ann.P.C. art. 1534. | Is a servants fraudulent conversion of property put in his custody by the master theft? | Embezzlement - Memo 31 - RK.docx | LEGALEASE-00002985-LEGALEASE-00002986 |
| Howard Univ. v. Metro. Campus Police Officer's Union, 512 F.3d 716 | 25T+112 | Arbitration is a matter of consent; if a party submits to arbitration without objecting to the arbitrator's jurisdiction, then it may fairly be said to have consented to the arbitration, and the other party, having gone forward with the proceeding, may fairly be said to have relied upon that consent. | "If a party submits to arbitration without objecting to the arbitrator's jurisdiction, does he consent to the arbitration?" | 005209.docx | LEGALEASE-00116866-LEGALEASE-00116868 |
| Volt Info. Scis. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468 | 25T+113 | Federal Arbitration Act was designed to overrule judiciary's long-standing refusal to enforce agreements to arbitrate and place such agreements upon same footing as other contracts, but Act does not confer right to compel arbitration of any dispute at any time; Act confers only right to obtain order directing arbitration proceeding in manner provided for by parties' agreement. 9 U.S.C.A. SS 2, 4. | How does Federal Arbitration Act (FAA) help to enforce agreements to arbitrate? | 004881.docx | LEGALEASE-00117141-LEGALEASE-00117143 |
| Friends of P.S. v. Jewish Home Lifecare, 146 A.D.3d 576 | 149E+578 | In arriving at conclusions under State Environmental Quality Review Act (SEQRA), an agency may rely on consultants to conduct the analyses that support their environmental review of proposed projects. 6 NYCRR 617.9(b)(5)(v). | "When conducting an environmental review of a project, may an agency rely on consultants to conduct analyses, and exercise discretion when considering conflicting expert testimony?" | 01593.docx | LEGALEASE-00079336-LEGALEASE-00079338 |
| Monsanto Co. v. Pollution Control Bd., 67 Ill. 2d 276 | 149E+678 | If Pollution Control Board finds that a regulation imposes an arbitrary or unreasonable hardship on an individual polluter, Board may grant a variance; such a decision is essentially quasi-judicial and, as such, must be supported by written opinion with specific findings which are entitled to presumption that they are prima facie true and correct. S.H.A. ch. 110, S 274 ch. 1111/2, S 1035. | Can the Pollution Control Board grant a variance if a regulation imposes an arbitrary or unreasonable hardship on an individual polluter under Section 35 of the Environmental Protection Act? | Environmental Law - Memo 70 - RK.docx | ROSS-003289178-ROSS-003289179 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Herman Grant Co. v. Washington, 214 So. 3d 266 | 401+2 | The venue statute does not allow the piling of acts or events to establish venue, but rather, specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there. Miss. Code Ann. S 11-11-3. | Must actions in a specific location be substantial to establish venue? | 005185.docx | LEGALEASE-00117270-LEGALEASE-00117271 |
| Sullivan v. Bd. of Cty. Comm'rs of Arapahoe Cty., 692 P.2d 1106 | 15A+1705 | Quasi-judicial actions, which must be filed within 30 days from final action taken by an inferior tribunal in order to be within subject matter jurisdiction of district court, involve the determination of juridical facts on which the impact of a law upon an individual depends and, in addition to a consideration of whether the function in question involves the exercise of discretion and requires notice and hearing, involve a determination of rights and liabilities with reference to past or present facts. Rules Civ.Proc., Rules 106, 106(a)(4), (b). | How is it determined whether an action of an authority is quasi-judicial in nature? | 000363.docx | LEGALEASE-00117293-LEGALEASE-00117295 |
| Lee v. Bd. of Adjustment of City of Rocky Mount, 226 N.C. 107 | 414+1349 | In issuing building permits, the building inspector is a purely administrative agent and must follow literal provisions of zoning regulations. G.S. S 160-172. | "When issuing building permits, is a building inspector an administrative agent bound to follow the provisions of zoning regulations? " | Administrative Law - Memo 160 - RK.docx | ROSS-003301102-ROSS-003301103 |
| Avery v. Powell, 806 F. Supp. 7 | 98+21 | Although convicted prisoners do not forfeit all constitutional rights upon conviction, their rights are subject to restrictions and limitations due to fact of confinement and legitimate goals and policies of penal institution. | Do convicted prisoners forfeit all of their constitutional rights? | Convicts- Memo 06 - JS.docx | ROSS-003283413-ROSS-003283414 |
| Envtl. Prot. Agency v. Pollution Control Bd., 37 Ill. App. 3d 519 | 149E+685 | Order of Pollution Control Board granting city a permit to operate a sanitary landfill on ground that Environmental Protection Agency had failed to act upon permit application within 45 days of its submission was subject to being reversed only if it could be said that Board's implicit finding that city had applied for an operating permit was based upon insufficient or incredible evidence or was arbitrary and capricious. S.H.A. ch. 110, S 274; ch. 1111/212, SS 1021(e), 1041. | Is a development permit deemed granted if the Environmental Protection Agency (Agency) fails to act upon an application within 90 days of its submission? | 005043.docx | LEGALEASE-00117283-LEGALEASE-00117284 |
| Lee v. Bd. of Adjustment of City of Rocky Mount, 226 N.C. 107 | 414+1349 | In issuing building permits, the building inspector is a purely administrative agent and must follow literal provisions of zoning regulations. G.S. S 160-172. | "When issuing building permits, is a building inspector an administrative agent bound to follow the provisions of zoning regulations?" | Administrative Law - Memo 160 - RK.docx | LEGALEASE-00003941-LEGALEASE-00003942 |
| Hurley v. Port Blakely Tree Farms L.P., 182 Wash. App. 753 | 386+1 | To establish intentional trespass, a plaintiff must show: (1) an invasion of property affecting an interest in exclusive possession; (2) an intentional act; (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest; and (4) actual and substantial damages. | When does intentional trespass occur? | 000693.docx | LEGALEASE-00117519-LEGALEASE-00117520 |
| Bacus v. Lake Cty., 138 Mont. 69 | 92+2407 | When legislature confers authority on an administrative agency it must lay down policy or reasons behind statute and also prescribe standards and guards for grant of power which has been made to administrative agency. | What must the legislature do to lawfully confer authority upon an administrative agency? | 000325.docx | LEGALEASE-00117677-LEGALEASE-00117679 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| O'Neal v. United States, 140 F.2d 908 | 92+2420 | Since it is not unconstitutional for Congress to invest President with power of allocation of critical materials and supplies, the express provision giving him authority in turn to delegate these powers to other administrative boards or officials is valid. Emergency Price Control Act of 1942, S 201(b), 50 U.S.C.A.App. S 921(b). | Is it unconstitutional for Congress to invest the President with the power of allocation? | Administrative Law - Memo 52 - RK.docx | ROSS-003283499-ROSS-003283500 |
| State v. Harvell, 45 N.C. App. 243 | 207+1 | A father is guilty of statutory felony of incest if he has sexual intercourse, either habitual or a single instance, with a woman or girl whom he knows to be his daughter. G.S. S 14-178. | Does a single act of sexual intercourse between a father and his daughter amount to incest? | 000437.docx | LEGALEASE-00117760-LEGALEASE-00117761 |
| Toscano v. Delgado, 506 S.W.2d 317 | 20+85(1) | A grantor who remains in possession of property after he has delivered a deed to such property will ordinarily be presumed to be holding the land in subordination to the rights of his grantees, rather than adversely to such grantees' rights. Vernon's Ann.Civ.St. art. 5510. | Does a grantor who remains in possession of property after he has delivered the deed to such property hold such property adversely? | 000530.docx | LEGALEASE-00117619-LEGALEASE-00117620 |
| Ayissi-Etoh v. Fannie Mae, 712 F.3d 572 | 237+1 | Under District of Columbia law, to meet the requirements for defamation, a plaintiff must prove (1) that he was the subject of a false and defamatory statement; (2) that the statement was published to a third party; (3) that publishing the statement was at least negligent; and (4) that the plaintiff suffered either actual or legal harm. | Is harm a necessary element of a defamation claim? | 000561.docx | LEGALEASE-00117658-LEGALEASE-00117659 |
| Hayes v. Irwin, 541 F. Supp. 397 | 289+408 | "Partnership" is a voluntary agreement between two or more persons to contribute their money, property, or skill to the operation of a joint business or common enterprise for their common benefit and to divide the profits and bear the losses in certain proportions. Ga.Code, SS 75-101, 75-102. | Is a partnership voluntary in nature? | Partnership - Memo 26 - JS.docx | ROSS-003310880-ROSS-003310882 |
| Snyder v. Callaghan, 168 W. Va. 265 | 233+524 | Relation of landlord and tenant may be proved by very slight evidence, including payment of rent, but neither actual payment of rent nor express contract to pay it is essential to existence of tenancy. | Could the relationship between the landlord and tenant be proved upon slight evidence? | Landlord and Tenant - Memo 42 - ANG.docx | ROSS-003285372-ROSS-003285373 |
| Stowe v. Fritzie Hotels, 44 Cal. 2d 416 | 213+8 | Chief distinction between "tenant" and "lodger" lies in character of possession, and tenant has exclusive legal possession of premises and is responsible for their care and condition, whereas lodger has only right to use premises, subject to landlord's retention of control and right of access to them. | What is the distinction between a tenant and a lodger? | 000820.docx | LEGALEASE-00117952-LEGALEASE-00117954 |
| Robert Lawrence Co. v. Devonshire Fabrics, 271 F.2d 402 | 25T+113 | Any doubts as to construction of Arbitration Act ought to be resolved in line with its liberal policy of promoting arbitration both to accord with original intention of parties and to help ease congestion of court calendars. 9 U.S.C.A. SS 2, 3. | Is arbitration a means to ease court congestion? | 001038.docx | LEGALEASE-00118039-LEGALEASE-00118040 |
| State of Nev. ex rel. Dep't of Ins. v. Contract Servs. Network, 873 F. Supp. 385 | 231H+1 | States possess broad authority under police power to regulate employment relationship in order to protect workers within state. | Do states possess broad authority under police power to regulate employment relationship within the state? | 001361.docx | LEGALEASE-00117823-LEGALEASE-00117824 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilson v. C.I.R., 161 F.2d 661 | 289+421 | Generally, a "partnership" is created when persons join together their money, goods, labor, or skill for purpose of carrying on a trade, profession, or business, and when there is a community of interest in profits and losses. | "Are money, property, skill and labor required in a partnership?" | 022188.docx | LEGALEASE-00117785-LEGALEASE-00117786 |
| Ross v. Waters, 332 Ga. App. 623 | 401+2 | The determination of venue must be based upon the facts as they exist at the time that suit is initiated, not as the facts may have existed at some previous point in time. | Is the determination of venue based on facts as they exist at the time the suit is initiated or that may have existed at some point in time? | Venue - Memo 32 - TH.docx | ROSS-003297170-ROSS-003297171 |
| Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians, 471 U.S. 845 | 170B+2306 | Question of whether Indian tribal court retained the power to compel non-Indian property owner to submit to civil jurisdiction of tribal court in personal injury action was one to be answered by reference to federal law and, therefore, action for injunctive relief against a tribal court's exercise of jurisdiction was one "arising under" federal law over which federal district court had jurisdiction. 28 U.S.C.A. S 1331. | Which law regulates a tribes right to exercise authority over non-Indians? | 019423.docx | LEGALEASE-00118237-LEGALEASE-00118238 |
| Merrion v. Jicarilla Apache Tribe, 455 U.S. 130 | 209+223 | Indian tribe's authority to tax non-Indians who conduct business on reservation does not simply derive from tribe's power to exclude such persons, but is inherent power necessary to tribal self-government and territorial management. Indian Reorganization Act, S 16, 25 U.S.C.A. S 476. | Does an Indian tribe have inherent power to impose a tax? | 019427.docx | LEGALEASE-00118257-LEGALEASE-00118258 |
| Washington v. Confederated Bands & Tribes of Yakima Indian Nation, 439 U.S. 463 | 209+110 | Unique legal status of Indian tribes under federal law permits the federal government to enact legislation singling out tribal Indians, which might otherwise be constitutionally offensive, but states do not enjoy the same unique relationship with Indians. U.S.C.A.Const. Amend. 14. | What is the status of Indian nations or tribes? | Indians - Memo 3 - JS_62219.docx | ROSS-003320386-ROSS-003320388 |
| Washington v. Confederated Bands & Tribes of Yakima Indian Nation, 439 U.S. 463 | 209+110 | Unique legal status of Indian tribes under federal law permits the federal government to enact legislation singling out tribal Indians, which might otherwise be constitutionally offensive, but states do not enjoy the same unique relationship with Indians. U.S.C.A.Const. Amend. 14. | What is the status of Indian nations or tribes? | Indians - Memo 3 - JS.docx | LEGALEASE-00005593-LEGALEASE-00005595 |
| Chiriboga v. State Farm Mut. Auto. Ins. Co., 96 S.W.3d 673 | 401+40 | Plaintiffs are accorded right to choose venue first; as long as suit is initially filed in county of proper venue, that is, the county is at least a permissive venue and no mandatory provision applies, plaintiff's venue choice cannot be disturbed. | Does a plaintiff have the right to choose venue? | Venue - Memo 27 - TH.docx | ROSS-003281634-ROSS-003281636 |
| Oleen v. Oleen, 15 Utah 2d 326 | 228+822(3) | Policy that full faith and credit be given to decrees of other states is not controlling factor in child custody case where conditions arising subsequent to foreign decree justify change of custody. | What is the controlling factor in child custody cases? | Child Custody - Memo 6 - ANG.docx | ROSS-003298591-ROSS-003298592 |
| N. L. R. B. v. Drivers, Chauffeurs, Helpers, Local Union No. 639, 362 U.S. 274 | 231H+1018 | Basic to the right guaranteed to employees to form, join, or assist labor organizations, is the right to engage in concerted activities to persuade other employees to join for their mutual aid and protection. National Labor Relations Act, S 7 as amended by National Labor Relations Act, 1947, S 101, 29 U.S.C.A. S 157. | "Does an employee have a right to form, join, or assist labor organizations?" | 001407.docx | LEGALEASE-00118526-LEGALEASE-00118527 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Simpson v. Laytart, 962 S.W.2d 392 | 313+176 | Abuse of process differs from malicious prosecution, in that malicious prosecution consists of commencing action or causing process to issue maliciously or without justification, while abuse of process consists of employment of legal process for some other purpose than that which it was intended by the law to effect. | How is an action for malicious prosecution distinguished from an action for abuse of process? | 001487.docx | LEGALEASE-00118601-LEGALEASE-00118602 |
| Terada v. Eli Lilly & Co., 2015 IL App (5th) 140170 | 401+2 | Determining whether venue is proper under the transactional prong of venue statute, stating that venue is proper in the county in which the transaction or some part thereof occurred out of which cause of action arose, requires the court to consider two key variables: the nature of the cause of action and the place where the cause of action springs into existence. S.H.A. 735 ILCS 5/2-101. | What are the factors that determine whether venue is proper under the transactional prong? | Venue  - Memo 33 - RM.docx | ROSS-003297884-ROSS-003297885 |
| Lake Cty. Riverboat L.P. ex rel. FRGP v. Illinois Gaming Bd., 313 Ill. App. 3d 943 | 401+2 | Under transactional venue principles, two dependent variables must be analyzed to determine whether a particular venue is proper: (1) the nature of the cause of action and (2) the place where the cause of action springs into existence. | What are the factors that determine whether venue is proper under the transactional prong? | 001516.docx | LEGALEASE-00118464-LEGALEASE-00118465 |
| Iragorri v. United Techs. Corp., 274 F.3d 65 | 170B+2973 | Deference given to plaintiff's choice of forum, when court rules on forum non conveniens dismissal motion, is not limited only to situations in which plaintiff sues in plaintiff's home district, as one of factors that necessarily affects plaintiff's choice of forum is need to sue in place where defendant is amenable to suit; where United States resident leaves his or her home district to sue in district where defendant has established itself and is thus amenable to suit, this would not ordinarily indicate a choice motivated by desire to impose tactical disadvantage on defendant, especially if defendant's amenability to suit in plaintiff's home district is unclear. | Does the need to sue in a place where the defendant is amenable to suit affect a plaintiffs choice of forum? | 001530.docx | LEGALEASE-00118553-LEGALEASE-00118555 |
| Pendergast v. Meade Elec. Co., 2013 IL App (1st) 121317 | 401+17 | When a plaintiff chooses to litigate his cause of action in his home forum or in the forum in which his accident or injury occurred, it is reasonable to assume that the forum was chosen for reasons of convenience; however, when the plaintiff is foreign to his chosen forum or the events that gave rise to the litigation did not occur in that forum, that assumption is less reasonable and his choice is afforded less deference. S.H.A. 735 ILCS 5/2-101. | Does a plaintiffs choice of forum deserve less deference when the plaintiff is foreign to his chosen forum? | Venue  - Memo 44 - RM.docx | ROSS-003283580-ROSS-003283582 |
| Asplundh Tree Expert Co. v. Bates, 71 F.3d 592 | 25T+113 | Section of the Federal Arbitration Act providing for the validity and irrevocability of agreements to arbitrate is congressional declaration of liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) favor arbitration agreements if state policies to the contrary exist? | 001699.docx | LEGALEASE-00118743-LEGALEASE-00118744 |
| Begay v. Pub. Serv. Co. of N.M., 710 F. Supp. 2d 1161 | 209+245 | When a claim by Indians to enforce property rights is based on federal common law, there is no applicable federal statute of limitations. | Is there a federal statute of limitations when a claim by Indians to enforce property rights is based on federal common law? | Indians - Memo 23 - TH.doc | LEGALEASE-00006247-LEGALEASE-00006248 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Franklin Prescriptions v. The New York Times Co., 267 F. Supp. 2d 425 | 237+1.6 | When person claims that defamation occurred by aggregate communication, i.e. across multiple states, state of most significant relationship, for purposes of Pennsylvania choice of law rules, will usually be state where person was domiciled at time. Restatement (Second) Conflict of Laws S 150(2). | What is aggregate communication in defamation? | 13360.docx | LEGALEASE-00081426-LEGALEASE-00081427 |
| Dep't of Transp. v. Webster, 230 N.C. App. 468 | 148+2.1 | Although the state must compensate for property rights taken by eminent domain, damages resulting from the exercise of the police power are noncompensable. | Are damages resulting from the exercise of police power under eminent domain compensable? | 001539.docx | LEGALEASE-00118992-LEGALEASE-00118993 |
| Highlanders v. Olsan, 77 Cal. App. 3d 690 | 30+3807 | In construing pleading to which demurrer has been filed, both trial court and appellate court may consider impact of information of which judicial notice has been taken and appellate court may adopt construction of judicially noticed material contrary to that which trial court found persuasive. | Are matters judicially noticed considered in construing pleadings? | 001585.docx | LEGALEASE-00119057-LEGALEASE-00119058 |
| Peoples Energy Corp. v. Illinois Commerce Comm'n, 142 Ill. App. 3d 917 | 317A+101 | Mere fact that thing sold by company is water or gas or electricity or telephone service, such as are ordinarily sold by public utility companies, does not itself render the seller a "public utility." | "Does the fact that a company sells heat, cold, water, electricity or any of the various other things usually sold by public utilities make an enterprise a public utility?" | 001596.docx | LEGALEASE-00118961-LEGALEASE-00118962 |
| Illinois Highway Transp. Co. v. Hantel, 323 Ill. App. 364 | 317A+101 | Whether a given business or industry is a "public utility" depends upon the public character of the business or service rendered which makes its regulation a matter of public consequence and concern because it affects the whole community. | Is the operation of an entity as a public utility determined by the character of the business in which it is engaged? | 001600.docx | LEGALEASE-00119010-LEGALEASE-00119012 |
| Ying Li v. City of New York, 246 F. Supp. 3d 578 | 249+20 | For a malicious prosecution claim under New York law, probable cause to prosecute consists of facts and circumstances that would lead a reasonably prudent person to believe the plaintiff guilty. | What constitute probable cause in a malicious prosecution claim? | 001803.docx | LEGALEASE-00118926-LEGALEASE-00118927 |
| Hill v. Trend Carpet, 154 Ga. App. 446 | 249+24(7) | In an action to recover damages for an alleged malicious criminal prosecution, grand jury's return of indictment against plaintiff is prima facie but not conclusive evidence that probable cause existed for the prosecution. | "Is grand jury indictment a conclusive evidence of probable cause in a claim of malicious prosecution, in a criminal proceeding?" | 001817.docx | LEGALEASE-00118938-LEGALEASE-00118940 |
| Allison v. Dilsaver, 387 S.W.2d 206 | 289+408 | Partnership is defined judicially as contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business and to divide profits and bear loss in certain proportions. Section 358.060, subd. 1 RSMo 1959, V.A.M.S. | How many people does it take to form a partnership? | 002300.docx | LEGALEASE-00119156-LEGALEASE-00119157 |
| Ralph v. State Dep't of Nat. Res., 171 Wash. App. 262 | 401+4 | In rem proceedings are local in nature, whereas a transitory action is one which at common law may be tried wherever personal service can be obtained. | Can transitory actions be tried wherever personal service can be obtained? | Venue - Memo 52-ANG.docx | ROSS-003284529-ROSS-003284530 |
| Rosebud Enterprises v. Idaho Pub. Utilities Comm'n, 128 Idaho 609 | 145+1 | Purpose of Public Utility Regulatory Policies Act (PURPA) was to encourage promotion and development of renewable energy technologies as alternatives to fossil fuels and construction of new generating facilities by electric utilities. Public Utility Regulatory Policies Act of 1978, S 2 et seq., 16 U.S.C.A. S 2601 et seq. | What is the purpose of Public Utility Regulatory Act? | Electricity - Memo 10 - JS.docx | ROSS-003303054-ROSS-003303055 |
| Merlo v. Pub. Serv. Co. of N. Illinois, 381 Ill. 300 | 145+14(1) | Persons engaged in transmission of electricity are not "insurers" of safety of public, but they are bound to know the dangers incident to handling electricity and to guard against such dangers by exercise of care commensurate with them. | Are persons engaged in the transmission of electricity insurers of the safety of the public? | Electricity - Memo 25 - RK.docx | ROSS-003296958-ROSS-003296962 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Glade v. Dietert, 156 Tex. 382 | 386+12 | To constitute trespass, entry upon another's land need not be in person, but may be made by causing or permitting a thing to cross boundary of premises. | Can a person be held liable for trespass if they cause or permit a thing to cross the boundary of a property? | 002328.docx | LEGALEASE-00119204-LEGALEASE-00119205 |
| People v. Sims, 32 Cal. 3d 468 | 15A+1458 | Collateral estoppel may be applied to decisions made by administrative agencies when an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate. | Is the doctrine of collateral estoppel applicable to administrative proceedings? | 002359.docx | LEGALEASE-00119436-LEGALEASE-00119437 |
| Short v. State, 276 Ga. App. 340 | 352H+184 | To sustain convictions for child molesting and incest, proof of slightest penetration is sufficient, and fact finder may infer penetration from victim's physical condition soon after crime. West's A.I.C. 35-41-1-26. | Can penetration be inferred from a victims physical condition? | Incest - Memo 59 - RK.docx | ROSS-003314548-ROSS-003314549 |
| Gary Van Zeeland Talent v. Sandas, 84 Wis. 2d 202 | 231H+123 | Law encourages mobility of workers; so long as departing employee takes with him no more than his experience and intellectual development which has ensued while being trained by employer, and no trade secrets or processes are wrongfully appropriated by employee, law affords employer no recourse in regard to a former employee's subsequent competition against employer. | Do state laws favor the mobility of workers? | 001432.docx | LEGALEASE-00119460-LEGALEASE-00119461 |
| Conti v. United States, 291 F.3d 1334 | 148+2.1 | A "categorical taking," which is defined as one in which all economically viable use has been taken by the regulatory imposition, is distinct from a taking that is the consequence of a regulatory imposition that prohibits or restricts only some of the use that would otherwise be available to the property owner but leaves the property owner with substantial economic use. U.S.C.A. Const.Amend. 5. | What does the term categorical taking encompass? | 002407.docx | LEGALEASE-00119508-LEGALEASE-00119509 |
| Warren Tr. v. United States, 107 Fed. Cl. 533 | 148+2.1 | A "noncategorical taking" of property effected through regulation falls short of eliminating all economically beneficial use of property, and is the consequence of a regulatory imposition that prohibits or restricts only some of the uses that would otherwise be available to the property owner, but leaves the owner with substantial viable economic use. U.S. Const. Amend. 5. | What is a non-categorical taking? | 002409.docx | LEGALEASE-00119510-LEGALEASE-00119512 |
| Ziober v. BLB Res., 839 F.3d 814 | 25T+121 | The Federal Arbitration Act (FAA) requires courts to rigorously enforce arbitration agreements according to their terms, including agreements to arbitrate claims arising under federal statutes. 9 U.S.C.A. S 3. | Does the Federal Arbitration Act require courts to enforce arbitration agreements according to their terms? | Alternative Dispute Resolution - Memo 267 - RK.docx | ROSS-003301667-ROSS-003301668 |
| Picard v. Credit Sols., 564 F.3d 1249 | 25T+114 | Federal Arbitration Act (FAA) provides for enforcement of arbitration agreements within full reach of the Commerce Clause. U.S.C.A. Const. Art. 1, S 8, cl. 3; 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause? | 002777.docx | LEGALEASE-00119712-LEGALEASE-00119713 |
| Crook v. Sheehan Enterprises, 740 S.W.2d 333 | 386+10 | "Trespass" is unauthorized entry by person upon land of another, regardless of degree of force used, even if no damage is done, or injury is slight. | "Can every unauthorized entry be a trespass, regardless of degree of force used?" | 002962.docx | LEGALEASE-00119809-LEGALEASE-00119810 |
| Arakelian v. Omnicare, 735 F. Supp. 2d 22 | 231H+7 | With respect to employment contracts, matters of performance and breach are to be determined by the law of the place of performance, or, in the alternative, by the law of the state having the most significant contacts with the matter in dispute. | "With respect to employment contracts, does the matters of performance and breach are to be determined by the law of the place of performance?" | 003269.docx | LEGALEASE-00119567-LEGALEASE-00119568 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nussbaum v. Mortg. Serv. Am. Co., 913 F. Supp. 1548 | 172H+77 | Lenders are permitted to pass Florida's intangible tax on to borrowers, in light of statutes authorizing lenders to charge borrowers for reasonable expenses incurred in making real estate loans, including taxes or charges imposed upon or in connection with making and recording of any loan. West's F.S.A. S 687.12(1); F.S.1990 Supp. S 665.074(1). | Can loan agreements permit recovery of reasonable expenses? | Consumer Credit- Memo 10 - MS.docx | LEGALEASE-00008524-LEGALEASE-00008525 |
| Rhodes v. Smithers, 939 F. Supp. 1256 | 249+21(2) | Under West Virginia law, defense of advice of counsel is applicable in action for malicious prosecution where evidence discloses that attorney consulted had benefit of all pertinent information, believed it sufficient to support prosecution, and defendant acted in reliance on counsel's advice. | When does the advice of counsel defense apply to a malicious prosecution claim? | Malicious Prosecution - Memo 58 - JS.docx | LEGALEASE-00008628-LEGALEASE-00008629 |
| In re Trampush, 552 B.R. 817 | 366+1 | Under Wisconsin law, subrogation is an equitable doctrine intended to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | "What is the doctrine of ""subrogation""?" | Subrogation - Memo 31 - VP.docx | ROSS-003298046-ROSS-003298047 |
| Bekele v. Lyft, 199 F. Supp. 3d 284 | 170B+3053 | To determine whether a valid agreement to arbitrate exists, federal courts generally apply ordinary state-law principles that govern the formation of contracts. | Which principles of law do courts apply to determine validity of arbitration agreement? | 002653.docx | LEGALEASE-00120043-LEGALEASE-00120044 |
| Kelly v. Exxon Corp., 35 Md. App. 272 | 249+24(6) | Dismissal by a magistrate at a preliminary hearing is prima facie evidence of want of probable cause for prosecution while acquittal after a trial is not. | Is dismissal of charges at a preliminary hearing prima facie evidence of want of probable cause for a malicious prosecution action? | Malicious Prosecution - Memo 67 - JS.docx | ROSS-003283770-ROSS-003283771 |
| Craycroft v. Pippin, 245 S.W.3d 804 | 249+24(6) | A prior finding of probable cause in criminal court preliminary hearing raises, in a malicious prosecution action, only a presumption of probable cause, which may be rebutted by evidence. | Does a prior finding of probable cause in a preliminary hearing create only a rebuttable presumption of probable cause in a malicious prosecution claim? | Malicious Prosecution - Memo 68 - JS.docx | ROSS-003283938-ROSS-003283939 |
| Sanderson v. Heath Mesa Homeowners Ass'n, 183 P.3d 679 | 386+3 | A landowner who sets in motion a force which, in the usual course of events, will damage property of another is guilty of a trespass on such property. | "Can a landowner who sets in motion a force which, in the usual course of events, damages the property of another, be held liable for trespass?" | Trespass - Memo 71 - TH.docx | ROSS-003288596-ROSS-003288597 |
| Golden Years Homestead v. Buckland, 557 F.3d 457 | 249+31 | Malice, as required to establish a malicious prosecution claim, under Indiana law, may be shown by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances. | Can evidence of personal animosity show the malice required for malicious prosecution? | 003360.docx | LEGALEASE-00120256-LEGALEASE-00120257 |
| Ying Li v. City of New York, 246 F. Supp. 3d 578 | 249+35(1) | Under New York law, any final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again, qualifies as a favorable termination for purposes of a malicious prosecution action, unless the disposition was inconsistent with the innocence of the accused. | When does the termination of a case qualify as a favorable termination for purposes of a malicious prosecution action? | 003368.docx | LEGALEASE-00120242-LEGALEASE-00120243 |
| Garris v. Governing Bd. of S.C. Reinsurance Facility, 333 S.C. 432 | 15A+1062 | In the absence of any statutory or other controlling provision, the common-law rule that a majority of a whole administrative board is necessary to constitute a quorum applies, and the board may do no valid act in the absence of a quorum. | Is a majority of a whole administrative board necessary to constitute a quorum? | 002986.docx | LEGALEASE-00120498-LEGALEASE-00120499 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Zalewski's Estate, 177 Misc. 384 | 221+176 | Foreign consular representatives, like usual attorneys-in-fact, must point to some express authorization to warrant their exercise of more extensive powers in acting for their nationals than their authority by virtue of their offices to guard the property of their nationals, and such additional authority, if conferred, must be found in treaties between foreign government and United States government. | Are foreign consular representatives deemed international attorneys in fact for their nationals? | 003024.docx | LEGALEASE-00120539-LEGALEASE-00120540 |
| Alabama Power Co. v. Cullman Cty. Elec. Membership Corp., 234 Ala. 396 | 317A+111 | A corporation organized under general laws applicable to all corporations may set out a purpose and have the power to engage in utility business, but not be a utility, until it engages in such service or holds itself out to do so. | "When is a corporation, organized under the general laws applicable to all corporations, having the power to engage in the utility business a utility?" | 003489.docx | LEGALEASE-00120315-LEGALEASE-00120316 |
| Rowley Plastering Co. v. Marvin Gardens Dev. Corp., 180 Ariz. 212 | 366+1 | Doctrine of equitable subrogation is founded upon principles of equity; its purpose is to compel ultimate payment of debt by one who in justice and good conscience ought to pay it, and it is broad enough to include every instance in which one person, not acting as mere volunteer or intruder, pays debt for which another is primarily liable. | Can equitable subrogation be used to enforce restitution? | 003576.docx | LEGALEASE-00120372-LEGALEASE-00120373 |
| Nat'l Union Fire Co. of Pittsburgh, PA. v. Toland, 164 F. Supp. 3d 1330 | 366+1 | In Wyoming, causes of action for damage or injury to persons and property survive and are assignable, and consequently can be the subject of a claim for conventional subrogation. | Is assignment of a cause of action for damage or personal injury subject of a subrogation claim? | Subrogation - Memo 91 - VP C.docx | LEGALEASE-00009965-LEGALEASE-00009966 |
| Nat'l Union Fire Co. of Pittsburgh, PA. v. Toland, 164 F. Supp. 3d 1330 | 366+1 | In Wyoming, causes of action for damage or injury to persons and property survive and are assignable, and consequently can be the subject of a claim for conventional subrogation. | Is assignment of a cause of action for damage or personal injury subject of a subrogation claim? | Subrogation - Memo 91 - VP C.docx | ROSS-003297829-ROSS-003297830 |
| Goedmakers v. Goedmakers, 520 So. 2d 575 | 401+4 | Venue statute gives plaintiff the right to sue in any of three specific forums but that right is subject to the limitation of the common-law distinctions between local and transitory actions. West's F.S.A. S 47.011. | Are venue statutes subject to the limitations of common law distinctions between local and transitory actions? | Venue - Memo 64-RK.docx | ROSS-003302256-ROSS-003302257 |
| In re Hamada, 291 F.3d 645 | 366+1 | "Subrogation" is substitution of one party in place of another with reference to some lawful claim, demand, or right; it is a derivative right, acquired by satisfaction of loss or claim that third party has against another. | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right?" | 002608.docx | LEGALEASE-00120523-LEGALEASE-00120525 |
| State Farm Lloyds v. Rathgeber, 453 S.W.3d 87 | 148+2.2 | As far as constitutional takings principles are concerned, a governmental ratemaker is not bound to the use of any single formula or combination of formulae in determining rates. U.S.C.A. Const.Amend. 5; Tex. Const. art. 1, S 17(a). | Are governmental rate makers bound to use any single formula or combination of formulae in determining rates in takings? | 003093.docx | LEGALEASE-00120685-LEGALEASE-00120686 |
| In re Plant Insulation Co., 485 B.R. 203 | 148+2.5 | Generally, bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation. U.S.C.A. Const.Amend. 5. | Is the bankruptcy power subject to the Fifth Amendment's prohibition against taking private property without compensation? | 003125.docx | LEGALEASE-00120787-LEGALEASE-00120788 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Celaya v. Stewart, 691 F. Supp. 2d 1046 | 203+1051(2) | Under Arizona law, the violent or aggressive character of a homicide victim is neither an element of the homicide offense nor self-defense, except for a claim of self-defense where the defendant personally observed the victim's violent character or it was made known to him prior to the homicide; in that case, the evidence is admitted because it has a bearing on the defendant's state of mind and the reasonableness of his belief that deadly force was necessary when it was used. 17A A.R.S. Rules of Evid., Rules 404(a), 405(b). | Can the aggressive character of the victim be considered as an element of self-defense? | Homicide - Memo 105 - RK.docx | LEGALEASE-00010427-LEGALEASE-00010428 |
| William J. Templeman Co. v. Liberty Mut. Ins. Co., 316 Ill. App. 3d 379 | 249+34 | Termination of a prior proceeding in favor of the plaintiff is an essential element in a cause of action for malicious prosecution, which must be factually set forth in the complaint. | Is it necessary to factually allege favorable termination of prior action in a malicious prosecution action? | Malicious Prosecution - Memo 93 - AKA.docx | ROSS-003301631-ROSS-003301633 |
| Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co., 418 Pa. Super. 178 | 302+214(4) | In reviewing preliminary objections, only facts that are well-pleaded, material, and relevant will be considered as true, together with such reasonable inferences that may be drawn from those facts, and preliminary objections will be sustained only if they are clear and free from doubt. | "In reviewing preliminary objections, when are facts considered as true?" | Pleading - Memo 97 - RK.docx | ROSS-003284372-ROSS-003284373 |
| Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co., 418 Pa. Super. 178 | 302+214(4) | In reviewing preliminary objections, only facts that are well-pleaded, material, and relevant will be considered as true, together with such reasonable inferences that may be drawn from those facts, and preliminary objections will be sustained only if they are clear and free from doubt. | Should preliminary objections be sustained only if they are clear and free from doubt? | 003483.docx | LEGALEASE-00120882-LEGALEASE-00120883 |
| In re New Hampshire Pub. Utilities Comm'n Statewide Elec. Util. Restructuring Plan, 143 N.H. 233 | 317A+211 | Statute requiring Public Utilities Commission (PUC) to comply with rate agreement between state and business trust and registered public utility holding company resolving electric utility's bankruptcy reorganization proceeding and involving merger of company and utility and statute on restructuring of electric generation services and rates could be interpreted consistently such that when PUC determined whether, and to what extent, utility could recover stranded costs under restructuring statute, PUC was required to consider any existing state obligations to provide recovery of deferred assets under rate agreement and rate compliance statute; however, in accord with legislature's intent concerning restructuring statute, PUC's stranded costs award to utility would be determined by discretionary standard in restructuring statute. RSA 362-C:6, 374-F:2, subd. 4, 374-F:4, subds. 5, 6. | Has the legislature authorized the Public Utility Commission (PUC) to inquire into whether the rates for electric service are just and reasonable? | 003510.docx | LEGALEASE-00120725-LEGALEASE-00120726 |
| Home Builders Ass'n of Metro. Denver v. Pub. Utilities Comm'n of State of Colo., 720 P.2d 552 | 317A+102 | Special statutory provision of the Public Utilities Law expressly made applicable to the actions of the Public Utilities Commission will control over the general provisions of the State Administrative Procedure Act, as will any provision of the Public Utilities Law directly conflicting with the Administrative Procedure Act. C.R.S. 24-4-107, 40-6-101(1). | Does the State Administrative Procedure Act govern the actions of the PUC? | 003514.docx | LEGALEASE-00120886-LEGALEASE-00120887 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., 321 S.W.3d 168 | 148+2.1 | A compensable regulatory taking can occur when a governmental unit imposes restrictions that either deny a property owner all economically viable use of its property or unreasonably interfere with the owner's right to use and enjoy the property. Vernon's Ann.Texas Const. Art. 1, S 17. | When does a compensable regulatory taking occur under the takings law? | 017366.docx | LEGALEASE-00120971-LEGALEASE-00120972 |
| Owens v. Green, 400 Ill. 380 | 302+8(3) | An allegation of conspiracy, collusion and fraud must show the facts upon which the allegation is based, and a general charge that a party acted fraudulently or was guilty of fraud is a statement of a conclusion. | Is a general charge that a party acted fraudulently a conclusion? | Pleading - Memo 117 - RMM.docx | ROSS-003283441-ROSS-003283444 |
| In re Olson, 355 B.R. 649 | 366+27 | Under Tennessee law, a right of subrogation may arise by contract, that is, "conventional subrogation," by application of equitable principles of law, that is, "legal subrogation," or by application of statute, that is, "statutory subrogation." | May a right of subrogation arise by contract by application of equitable principles of law or by application of statute? | 043604.docx | LEGALEASE-00121007-LEGALEASE-00121008 |
| Hosszu v. Barrett, 202 F. Supp. 3d 1101 | 92+2161 | To survive a motion to dismiss, a plaintiff bringing a defamation claim must not only establish that the statements about which she complains are reasonably capable of sustaining a defamatory meaning, she must also show that they are not mere comment within the ambit of the First Amendment. U.S. Const. Amend. 1; Fed. R. Civ. P. 12(b)(6). | How can a plaintiff survive a motion to dismiss a defamation claim? | 021044.docx | LEGALEASE-00121651-LEGALEASE-00121652 |
| City of Akron v. Pub. Utilities Comm'n, 149 Ohio St. 347 | 317A+102 | Statutes providing in part that Public Utilities Commission shall have power to alter or suspend any existing rates, schedules, or order relating to or affecting any public utility is valid delegation of police power and authorizes commission in emergency situations to adopt and promulgate temporary rules and regulations, affecting existing contracts of utilities, in protection of health, safety, and welfare of public. Gen.Code, SS 614-3 et seq., 614-8, 614-15, 614-27, 614-32. | "Does the Public Utilities Commission have the authority to suspend, alter or amend the rates charged by the public utilities on the customers?" | 042585.docx | LEGALEASE-00121100-LEGALEASE-00121101 |
| State Coll. Borough Auth. v. Pennsylvania Pub. Util. Comm'n, 152 Pa. Super. 363 | 317A+113 | The statutory proviso that only public utility service rendered by municipal corporation or operating agency thereof beyond its corporate limits shall be subject to regulation and control by Public Utility Commission as to rates gives commission regulatory jurisdiction over public utility service of both municipalities and municipal authorities beyond municipalities' corporate limits, in view of statutory definition of "municipal corporation" as including "municipal authority". 17 P.S. SS 281-283; 53 P.S. SS 2900f et seq., 2900k(a), 2099l, 2900n; 66 P.S. SS 1102(15), 1102(17), 1141, 1144. | Does Section 301 of the Public Utility Law provide that the rates of public utilities should be subject to the Public Utilities Commission (PUC)? | 042616.docx | LEGALEASE-00121755-LEGALEASE-00121756 |
| In re Stone & Webster, 373 B.R. 353 | 366+1 | As equitable doctrine, subrogation should be applied only in the exercise of a proper equitable discretion, with due regard for legal and equitable rights of others. | "As equitable doctrine, should subrogation be applied only in the exercise of a proper equitable discretion, with due regard for legal and equitable rights of others?" | Subrogation - Memo # 464 - C - SA.docx | ROSS-003309382-ROSS-003309383 |
| Messner v. Am. Union Ins. Co., 119 S.W.3d 642 | 366+27 | Although subrogation originated as a common law equitable doctrine that had as its aim the advancement of justice and the prevention of injustice, the right to invoke the doctrine of subrogation may be contractual. | Is advancement of justice and prevention of injustice the goal of the doctrine of equitable subrogation? | Subrogation - Memo # 505 - C - NO.docx | ROSS-003325230-ROSS-003325231 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| New Hampshire Ins. Co. v. Kansas Power & Light Co., 212 Kan. 456 | 217+3513(2) | Right of subrogation of insurer arises by operation of law without regard to whether there is any provision in insurance policy or any writing declaring such right; it is creature of equity and does not spring from contract. | Is the right of subrogation based on a contract or an equitable right that arises by operation of law? | 043868.docx | LEGALEASE-00121431-LEGALEASE-00121432 |
| XL Specialty Ins. Co. v. Com., Dep't of Transp., 47 Va. App. 424 | 366+1 | The right of subrogation is not founded on contract; it is a creation of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Is the right of subrogation founded on contract or a creation of equity? | 043870.docx | LEGALEASE-00121442-LEGALEASE-00121443 |
| Hicks v. Londre, 107 P.3d 1009 | 366+1 | Subrogation is not a matter of right, but is purely equitable in nature and will not be enforced when it would work an injustice to the rights of those having equal equities. | Is subrogation purely equitable in nature and will not be enforced when it would work an injustice to the rights of those having equal equities? | Subrogation - Memo # 572 - C - AP.docx | ROSS-003284730-ROSS-003284731 |
| In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on Sept. 2, 1998, 210 F. Supp. 2d 570 | 366+2 | "Equitable subrogation" is a legal fiction which permits a party who satisfies another's obligation to recover from the party primarily liable for the extinguished obligation. | Does Equitable subrogation allow a party who satisfies another's obligation to recover from the party primarily liable for the extinguished obligation? | Subrogation - Memo # 673 - C - SU.docx | ROSS-003311207-ROSS-003311208 |
| N. Am. Ins. Co. v. Kemper Nat. Ins. Co., 325 Ill. App. 3d 477 | 366+2 | The doctrine of subrogation is broad enough to include every instance in which one person, not a mere volunteer, pays a debt for which another is primarily liable and in which equity and good conscience should have been discharged by the latter. | Can the right of subrogation be grounded in equity and also be founded upon an express or implied agreement? | Subrogation - Memo # 695 - C - SA.docx | ROSS-003287232-ROSS-003287233 |
| Cotter Corp. v. Am. Empire Surplus Lines Ins. Co., 90 P.3d 814 | 366+1 | Although subrogation can occur by contract, equitable subrogation is an equitable principle that allows a party secondarily liable who has paid the debt of the party who is primarily liable to institute a recovery action in order to be made whole. | Does a subrogation right secure the repayment of a secondarily liable party? | 044097.docx | LEGALEASE-00121689-LEGALEASE-00121690 |
| In re Mr. R's Prepared Foods, 251 B.R. 24 | 366+7(1) | It is generally held that, when guarantor honors his guarantee by paying debt, he is, at least as against the debtor primarily liable, subrogated to all the rights and remedies of creditor, even without formal assignment of debt or judgment. | Does the doctrine of equitable subrogation give a guarantor the right to be subrogated to any and all rights that a creditor or subrogor has against the debtor? | 044132.docx | LEGALEASE-00121776-LEGALEASE-00121777 |
| In re Eternity Shipping, Ltd., Eurocarriers, S.A. for Exoneration from or Limitation of Liab., 444 F. Supp. 2d 347 | 25T+121 | A forum selection clause or arbitration agreement that operates as a waiver of a party's right to pursue statutory remedies is generally unenforceable. | Is an arbitration agreement that operates as a waiver of a partys right to pursue statutory remedies enforceable? | Alternative Dispute Resolution - Memo 367 - RK.docx | ROSS-003284347-ROSS-003284348 |
| Am. Safety Equip. Corp. v. J. P. Maguire & Co., 391 F.2d 821 | 25T+121 | The remedy a statute provides for violation of the statutory right it creates may be sought, not only in any court of competent jurisdiction, but also in any other competent tribunal, such as arbitration, unless right itself is of a character inappropriate for enforcement by arbitration. 9 U.S.C.A. SS 2-4, 6. | When can parties choose arbitration for violations of statutory rights? | 007080.docx | LEGALEASE-00122424-LEGALEASE-00122425 |
| State v. Dyson, 220 So. 3d 785 | 203+527 | The discharge of a firearm at close range aimed at a person indicates a specific intent to kill or inflict great bodily harm upon that person. | Is the discharge of a firearm at close range aimed at a person considered to be an intent to kill or murder? | Homicide - Memo 133 - RK.docx | ROSS-003286341-ROSS-003286342 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Norman v. Bozeman, 605 So.2d 1210 | 289+525 | While law presumes that property purchased with partnership funds is partnership property, mere use of partnership funds does not necessarily make property the property of the partnership; question becomes one of intention: whether particular circumstances of case indicate that property acquired with partnership funds was intended to be partnership property. | Is property acquired with partnership funds a partnership property? | 021867.docx | LEGALEASE-00122528-LEGALEASE-00122529 |
| Krengiel v. Lissner Corp., 250 Ill. App. 3d 288 | 30+204(1) | Party whose motion in limine has been denied must object when the challenged evidence is presented at trial in order to preserve issue for review, and failure to raise such objection constitutes waiver of issue on appeal. | Is a trial court's ruling on a motion in limine interlocutory and subject to change during the course of trial? | Pretrial Procedure - Memo # 394 - C - NE.docx | LEGALEASE-00012141-LEGALEASE-00012142 |
| Jones v. Rallos, 384 Ill. App. 3d 73 | 307A+3 | A ruling on a motion in limine is a determination addressing an admissibility of evidence issue likely to arise at trial and is subject to reconsideration. | Is a ruling on a motion in limine an admissibility determination that is likely to arise at trial and is subject to reconsideration? | Pretrial Procedure - Memo # 407 - C - SS.docx | ROSS-003284819-ROSS-003284820 |
| One Bluff Drive v. K.A.P., 330 Ga. App. 45 | 307A+3 | By its very nature, grant of motion in limine excluding evidence suggests that there is no circumstance under which evidence under scrutiny is likely to be admissible at trial, and in light of that absolute, grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | Is a motion in limine properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? | Pretrial Procedure - Memo # 401 - C - SN.docx | ROSS-003324668-ROSS-003324669 |
| Jefferson v. Lyon Sheet Metal Works, 376 S.W.3d 37 | 307A+3 | Ordinarily, a motion in limine is used to exclude evidence in a jury trial which would be unfairly prejudicial or inflammatory; it is appropriate when the mere asking of an improper question in front of a jury may be so prejudicial that a party will be denied a right to a fair trial. | Is a motion in limine used to exclude evidence in a jury trial which would be unfairly prejudicial or inflammatory? | Pretrial Procedure - Memo # 418 - C - SB.docx | ROSS-003282899-ROSS-003282901 |
| Cannon v. William Chevrolet/Geo, 341 Ill. App. 3d 674 | 307A+3 | Motions in limine are not designed to obtain rulings on dispositive matters but, rather, are designed to obtain rulings on evidentiary matters outside the presence of the jury. | Are motions in limine designed to obtain rulings on dispositive matters or are they designed to obtain rulings on evidentiary matters outside the presence of the jury? | 027928.docx | LEGALEASE-00121922-LEGALEASE-00121923 |
| Brokamp v. Mercy Hosp. Anderson, 132 Ohio App. 3d 850 | 307A+3 | "Motion in limine" is a tentative, interlocutory, precautionary ruling by a trial court reflecting its anticipatory treatment of an evidentiary issue; in virtually all circumstances, finality does not attach when the motion is granted. | Does finality attach when a motion in limine is granted? | 028025.docx | LEGALEASE-00122078-LEGALEASE-00122079 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A "motion in limine" provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | "Does a ""motion in limine"" enable a trial court, prior to trial, to exclude anticipated evidence that would clearly be inadmissible for any purpose at trial?" | Pretrial Procedure - Memo # 446 - C - NE.docx | LEGALEASE-00012287-LEGALEASE-00012288 |
| Indiana & Michigan Elec. Co. v. City of Anderson, 176 Ind. App. 410 | 145+1 | Fact that statute requiring Public Service Commission approval for municipality's encroachment upon rural electric membership corporation's service territory does not apply to private investor-owned utility does not violate equal protection provision of State Constitution, since nature of rural electric membership corporations and generally rural character of territories served by such corporations constitutes rational basis upon which legislature could act; fact that private investor-owned utility is not entitled to preferential treatment afforded by such statute does not deny equal protection. Const. art. 1, S 23; IC 8-1-13-18(b) (1976 Ed.). | Is the Public Service Commissions (PSC) approval required for a municipalitys encroachment upon Rural Electric Membership Act (REMA)? | Public Utilities - 317A - 102 - Memo 98 - AM - 10.17.2017.docx | ROSS-003310569-ROSS-003310570 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wolfswinkel v. Gesink, 180 N.W.2d 452 | 272+460 | There must be actual loss to the interest of another before a cause of action accrues; generally, the wrong or negligence of the party charged gives in itself no right of action to anyone until act produces injury to claimant's interest by way of loss or damage. | Should there be an actual loss to the interest of another before a cause of action accrues? | 005492.docx | LEGALEASE-00123799-LEGALEASE-00123800 |
| Matter of Swift, 129 F.3d 792 | 13+61 | Under Texas law, accrual of cause of action means right to institute and maintain suit, and whenever one person may sue another, cause of action has accrued. | Does accrual of cause of action mean right to institute and maintain suit? | 005584.docx | LEGALEASE-00123919-LEGALEASE-00123920 |
| Luling Oil & Gas Co. v. Humble Oil & Ref. Co., 144 Tex. 475 | 13+61 | The "accrual of a cause of action" means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has "accrued". | Does accrual of cause of action mean right to institute and maintain suit? | Action - Memo # 158 - C - CS.docx | LEGALEASE-00012566-LEGALEASE-00012567 |
| Band's Refuse Removal v. Borough of Fair Lawn, 62 N.J. Super. 522 | 13+61 | Generally, a cause of action is deemed to accrue when facts exist which authorize one party to maintain an action against another. | Is a cause of action deemed to accrue when facts exist which authorize one party to maintain an action against another? | Action - Memo # 166 - C - CS.docx | ROSS-003326399-ROSS-003326400 |
| In re Lather's Estate, 215 Wis. 151 | 13+61 | A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon; it accrues at the moment when he has a legal right to sue on it and no earlier. | "Does a cause of action ""accrue"" before the party owning it is entitled to begin and prosecute action thereon?" | 005634.docx | LEGALEASE-00124029-LEGALEASE-00124030 |
| Congregation Jeshuat Israel v. Congregation Shearith Israel, 186 F. Supp. 3d 158 | 75+7 | Although a charitable trust must benefit the public at large, oftentimes the settlor directs that his bounty be distributed among a class or group, which serves as the conduit through which the settlor desires the public benefits to flow. | Should beneficiaries of charitable trust be the public at large? | 013344.docx | LEGALEASE-00122685-LEGALEASE-00122686 |
| United States v. Felix-Gutierrez, 940 F.2d 1200 | 221+134 | Law of nations permits exercise of criminal jurisdiction by nation under five general principles: territorial, national, protective, universality, and passive personality. | What are the five general principles under which the law of nations permits the exercise of criminal jurisdiction? | International Law - Memo # 22 - C - LK.docx | ROSS-003297480-ROSS-003297481 |
| Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083 | 221+342 | Even though the validity of the act of a foreign sovereign within its own territory is called into question, the policies underlying the act of state doctrine may not justify its application. | Can the policies underlying the act of state doctrine justify its application? | International Law - Memo # 241 - C - CRB.docx | ROSS-003309908-ROSS-003309909 |
| Canada S. Ry. Co. v. Gebhard, 109 U.S. 527 | 221+140 | A person dealing with a foreign corporation impliedly subjects himself to such laws of the foreign government under which the corporation was organized affecting the powers and obligations of the corporation as the known and established policy of such government authorizes. | What laws of a foreign government does a person who deals with a foreign corporation impliedly subject himself to? | 020130.docx | LEGALEASE-00122893-LEGALEASE-00122895 |
| Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine's purpose is to prevent judicial pronouncements that would disrupt the foreign relations of the United States. | Is the purpose of the act of state doctrine to prevent judicial pronouncements that would disrupt foreign relations of the United States? | 020388.docx | LEGALEASE-00123752-LEGALEASE-00123753 |
| George Lawrence v. Brodie, 302 Mass. 557 | 302+8(5) | A general averment that a defendant owes a plaintiff is a mere statement of a conclusion of law from facts previously stated and is not an allegation of a distinct substantive fact and is not admitted on demurrer. | Is an averment that the defendant owes the plaintiff admitted on demurrer? | 022947.docx | LEGALEASE-00123543-LEGALEASE-00123544 |
| Allied Prop. & Cas. Ins. Co. v. Good, 919 N.E.2d 144 | 307A+3 | A ruling on a motion in limine is not final on the admissibility of evidence and instead is designed to prevent mention of prejudicial material to the jury before the trial court has had the opportunity to consider its admissibility. | Are motions in limine designed to produce a trial without the introduction of prejudicial material? | 024200.docx | LEGALEASE-00123101-LEGALEASE-00123102 |
| Ambrogio v. Beaver Rd. Assocs., 267 Conn. 148 | 307A+3 | A party, through a motion in limine, may implore the court to decide a question of law, as well as some preliminary questions of fact. | "Can a party, through a motion in limine, implore the court to decide a question of law, as well as some preliminary questions of fact?" | 024422.docx | LEGALEASE-00122738-LEGALEASE-00122739 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Woods v. Schmitt, 439 N.W.2d 855 | 307A+2 | Application for separate adjudication of law points is properly considered only when questions of law arise from uncontroverted facts that appear in pleadings. Rules Civ.Proc., Rule 105. | Is an application for separate adjudication of law points considered only when questions of law arise from uncontroverted pleadings? | 031778.docx | LEGALEASE-00124113-LEGALEASE-00124114 |
| Heidelberg v. State, 36 S.W.3d 668 | 110+632(4) | When a trial court issues an order granting a motion in limine, the opposing party has a duty to comply with that order and to instruct the witnesses to do the same. | "When the trial court grants a motion in limine, does the opposing party have a duty to comply with the ruling and instruct the witnesses to do so as well?" | 032255.docx | LEGALEASE-00122873-LEGALEASE-00122874 |
| Chicago Exhibitors Corp. v. Jeepers! of Illinois, 376 Ill. App. 3d 599 | 307A+3 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence, and, generally, the Appellate Court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion. | Does a trial court has the inherent power to deny or grant a motion in limine? | 038254.docx | LEGALEASE-00124165-LEGALEASE-00124166 |
| Junkins v. Branstad, 448 N.W.2d 480 | 307A+2 | Application for adjudication of law points and motion for summary judgment are appropriate only when issue in question should be decided by court as matter of law rather than presented to fact finder. | When is the application for adjudication of law points and motion for summary judgment appropriate? | Pretrial Procedure - Memo 344 - TH.docx | ROSS-003313106-ROSS-003313107 |
| Shark v. Thompson, 373 N.W.2d 859 | 307A+3 | "Motion in limine" is a procedural tool used to insure that potentially prejudicial evidentiary matters are not discussed in presence of jury. | Is a motion in limine a procedural tool to ensure that potentially prejudicial evidentiary matters are not discussed in the presence of the jury? | 041163.docx | LEGALEASE-00124071-LEGALEASE-00124072 |
| Woods v. SunTrust Bank, 81 So. 3d 357 | 30+3209 | The decision to grant or deny a motion in limine rests within the sound discretion of the trial court, and that decision will not be overturned on appeal unless the trial court exceeds the limits of its discretion. | When will a decision to grant or deny a motion in limine be overturned on appeal? | Pretrial Procedure - Memo 376 - RK.docx | ROSS-003288049-ROSS-003288050 |
| Murray v. Payne, 437 So. 2d 47 | 366+7(1) | A surety's right of subrogation, recognized by statute, is his equitable right to assert rights of creditor against debtor; upon payment, surety is said to "stand in the shoes" of the creditor. Code 1972, S 75-3-415. | "Is a surety's right of subrogation, recognized by statute, or his equitable right to assert rights of a creditor against a debtor?" | Subrogation - Memo # 966 - C - MLS.docx | ROSS-003289668-ROSS-003289669 |
| ADP Marshall v. Noresco, 710 F. Supp. 2d 197 | 366+1 | Although subrogation may originate from a contractual agreement, it is a creature of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Is subrogation independent of any contractual relations between the parties? | 044344.docx | LEGALEASE-00123399-LEGALEASE-00123400 |
| Jo Ann Howard & Assocs., P.C. v. Cassity, 868 F.3d 637 | 13+4 | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | What is it called if a cause of action rests on an illegal act? | Action - Memo # 346.docx | ROSS-003298042-ROSS-003298043 |
| Onwukwe v. Ike, 137 S.W.3d 159 | 30+5 | "Restricted appeal" is only available when (1) it is brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of is apparent from the face of the record. Rules App.Proc., Rule 30. | When is a restricted appeal available? | 008154.docx | LEGALEASE-00125084-LEGALEASE-00125085 |
| Granite Beach Holdings v. State ex rel. Dep't of Nat. Res., 103 Wash. App. 186 | 148+266 | An action for inverse condemnation must be based upon an injury to a right in private property, and not merely a privilege. West's RCWA Const. Art. 1, S 16. | Should an action for inverse condemnation be based upon an injury to a right in private property and not merely a privilege? | 017493.docx | LEGALEASE-00124178-LEGALEASE-00124179 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Libyan Am. Oil Co. v. Socialist People's Libyan Arab Jamahirya, 482 F. Supp. 1175 | 221+342 | Practice counseling judicial abstention from passing on effectiveness of acts of foreign sovereigns is termed the "act of state doctrine." | Is the practice of judicial abstention from passing on effectiveness of acts of foreign sovereigns termed the act of state doctrine? | International Law - Memo  601 - TH.docx | ROSS-003298834-ROSS-003298836 |
| Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516 | 221+342 | The "act of state" doctrine demands case-by-case analysis of extent to which, in context of particular dispute, separation of powers concerns are implicated. | Does the act of state doctrine demand case-by-case analysis of extent to which separation of powers concerns are implicated? | International Law - Memo  605 - TH.docx | ROSS-003301924-ROSS-003301926 |
| Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221+342 | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts, and thus the doctrine applies to bar an action when the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory, but the doctrine can apply even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act. | Does the act of state doctrine limit for prudential rather than jurisdictional reasons? | International Law - Memo # 29 - C - LK.docx | ROSS-003325950-ROSS-003325951 |
| Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | Whether the acts of individual officials are attributable to the foreign state so as to constitute acts of state turns not on international law, but on domestic law and policy of the foreign state. | Does the question of whether the acts of individual officials are attributable to the foreign state so as to constitute acts of state not on international law? | International Law - Memo # 301 - C - ES.docx | ROSS-003324377-ROSS-003324378 |
| United States v. Cardales, 168 F.3d 548 | 221+330 | Under the "territorial principle" of international law, a state has jurisdiction to prescribe and enforce a rule of law in the territory of another state to the extent provided by international agreement with the other state. | "Under the territorial principle of international law, does a state have jurisdiction to prescribe and enforce a rule of law in the territory of another state?" | International Law - Memo # 825 - C - ANC.docx | ROSS-003297757-ROSS-003297758 |
| Bandes v. Harlow & Jones, 852 F.2d 661 | 221+342 | Touchstone of act of state doctrine is principle of comity between nations; courts in one country should avoid inquiries respecting validity of acts executed by foreign sovereign within its territory. | Is a touchstone of the act of state doctrine a principle of comity between nations? | International Law - Memo # 828 - C - ANC.docx | ROSS-003324100-ROSS-003324102 |
| United States v. Vetco Inc., 691 F.2d 1281 | 221+361 | Courts must balance competing interests in determining whether enforcement of an Internal Revenue Service summons should be precluded by illegality, under foreign law, of compliance, and factors to be considered in balancing process are essentially those set forth in Restatement of foreign relations law. 26 U.S.C.A. S 7852(d). | Must courts balance competing interests in determining whether enforcement of a summons should be precluded by illegality? | 020987.docx | LEGALEASE-00124388-LEGALEASE-00124389 |
| Chapman v. Hubbard Woods Motors, 351 Ill. App. 3d 99 | 30+3328 | Trial court's decision regarding whether an opinion has been adequately disclosed such that it may be admitted into evidence is also reviewed under the abuse of discretion standard. | Is the trial courts discretion to grant or deny a motion in limine reviewed under the same standard as an opinion of adequate disclosure? | 038474.docx | LEGALEASE-00124495-LEGALEASE-00124496 |
| Smith v. Polsky, 796 S.E.2d 354 | 307A+3 | A "motion in limine" seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial, and is recognized in both civil and criminal trials. | Does a motion in limine seek pretrial determination of the admissibility of evidence proposed to be introduced at trial? | Pretrial Procedures-Memo #259 -C-MLS.docx | ROSS-003314911-ROSS-003314912 |
| Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211 | 317A+111 | A regulatory agency's rate-making authority authorizes it to approve a tariff's provision limiting liability, because a limitation on liability is an inherent part of the rate the utility charges for its services. | Is the limitation on liability an inherent part of the rate a utility charges for its services? | 042270.docx | LEGALEASE-00124406-LEGALEASE-00124408 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rural Elec. Co. v. State Bd. of Equalization, 57 Wyo. 451 | 371+3666 | The dedication of an electric plant to public use, so as to constitute the owner of the plant a "public utility", will not be presumed without evidence of unequivocal intention, but that intention may be shown by the circumstances and does not depend solely on the wishes and declarations of the owner. | Is the dedication of the property of a corporation to public use presumed without evidence of unequivocal intention? | 042295.docx | LEGALEASE-00125406-LEGALEASE-00125408 |
| Lloyd Wood Const. Co. v. Con-Serv, 285 Ala. 409 | 366+7(1) | As to subrogation rights, a surety does not stand in shoes of debtor whose performance he assured; rather, he takes position of creditor who has been satisfied by surety. | "As to subrogation rights, does a surety stand in the shoes of a debtor whose performance he assured?" | 044383.docx | LEGALEASE-00125532-LEGALEASE-00125533 |
| State v. Bennett, 307 Conn. 758 | 203+527 | In order to be convicted under murder statute, the defendant must possess the specific intent to cause the death of the victim. | Should the defendant possess the specific intent to cause the death of the victim in order to be convicted under murder statute? | 019359.docx | LEGALEASE-00125614-LEGALEASE-00125615 |
| Greer v. Skyway Broad. Co., 256 N.C. 382 | 237+7(6) | Any written or spoken words or pictures falsely imputing that one is guilty of crime of rape or robbery are actionable per se, as charging crimes involving moral turpitude. | Are words that falsely impute that a person is guilty of the crime of robbery actionable per se? | 021112.docx | LEGALEASE-00125650-LEGALEASE-00125651 |
| Wall v. City of Durham, 41 N.C. App. 649 | 317A+111 | Public utility, whether publicly or privately owned, may not unreasonably discriminate in distribution of its services or establishment of rates. G.S. SS 160A-312, 160A-314(a). | Can a publicly or privately owned public utility discriminate in the distribution of its services or establishment of rates? | 042316.docx | LEGALEASE-00125677-LEGALEASE-00125678 |
| Pub. Serv. Comm'n v. Jamaica Water Supply Co., 54 A.D.2d 10 | 317A+111 | General mandate of Public Service Commission to assure safe and adequate service by just and reasonable rates necessarily implies the power to control disbursements of funds as dividends; solvency of a public utility is clearly related to its capability to provide the public service for which it was franchised. Public Service Law SS 89-b, subd. 1, 89-c, subd. 4, 89-j. | What is the general mandate of the Public Service Law? | Public Utilities - Memo 166 - AM.docx | ROSS-003313657-ROSS-003313658 |
| State v. Penn, 45 N.C. App. 551 | 352H+100(2) | If the state proves that the victim was under 12 years of age, a defendant may be convicted of assault with intent to commit rape without proving he intended to gratify his passion notwithstanding any resistance on the part of his intended victim. G.S. SS 14-21, 14-22 (Repealed). | When can a person be convicted of assault with intent to commit rape? | Sex Offence - Memo 35 - BP.docx | LEGALEASE-00015652-LEGALEASE-00015653 |
| Biosafe-One v. Hawks, 639 F. Supp. 2d 358 | 386+6 | Under New York law, to prevail on a claim of trespass to chattels, plaintiffs must prove the following four elements: (1) defendants acted with intent, (2) to physically interfere with (3) plaintiffs' lawful possession, and (4) harm resulted. | What has to be proven to prevail on a claim of trespass to chattels? | 047169.docx | LEGALEASE-00125758-LEGALEASE-00125759 |
| Hecht v. Components Int'l, 22 Misc. 3d 360 | 372+1341 | Interference with information stored on a computer may give rise to trespass to chattel if plaintiff is dispossessed of the information or the information is impaired as to its condition, quality, or value. Restatement (Second) of Torts S 217 et seq. | Can interference with information stored on a computer give rise to a trespass to chattel claim? | 047183.docx | LEGALEASE-00125786-LEGALEASE-00125787 |
| Register.com v. Verio, 126 F. Supp. 2d 238 | 386+6 | Under New York law, one who uses a chattel with the consent of another is subject to liability in trespass for any harm to the chattel which is caused by or occurs in the course of any use exceeding the consent, even though such use is not a conversion. Restatement (Second) of Torts, S 256. | When can someone who uses a chattel with the consent of another become subject to liability in trespass? | Trespass - Memo 177 - RK.docx | ROSS-003287112-ROSS-003287113 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Foremost Ins. Co. v. Pub. Serv. Comm'n of Missouri, 985 S.W.2d 793 | 386+2 | Trespass to a chattel may be committed by intentionally intermeddling with a chattel in the possession of another, and the intention required is present when an act is done for the purpose of using or otherwise intermeddling with a chattel or with knowledge that such an intermeddling will, to a substantial certainty, result from the act. | Does the tort of trespass to chattel require intentional conduct? | 047232.docx | LEGALEASE-00125832-LEGALEASE-00125833 |
| Thurston Motor Lines v. Gen. Motors Corp., 258 N.C. 323 | 241+43 | In general cause or right of action accrues, so as to start running of statute of limitations, as soon as right to institute and maintain a suit arises. | Does a cause of action accrue as soon as the right to institute and maintain a suit arises? | 005742.docx | LEGALEASE-00126265-LEGALEASE-00126266 |
| Webster v. Rushing, 316 So. 2d 111 | 302+87 | Affirmative defense raises new matter which, assuming allegations in petition to be true, constitutes defense to action and will have effect of defeating plaintiff's demand on its merits. LSA-C.C.P. arts. 1003, 1005; LSA-R.S. 13:3601(2). | Will an affirmative defense have the effect of defeating the plaintiffs demand on merits? | Pleading - Memo 177 - RMM.docx | ROSS-003290232-ROSS-003290233 |
| Greer v. Buzgheia, 141 Cal. App. 4th 1150 | 307A+3 | A motion in limine is not expressly authorized by statute, but is within the trial court's inherent power to entertain and grant. | Is a motion in limine expressly authorized by statute or is it within the trial courts inherent power to entertain and grant such motions? | Pretrial Procedure - Memo # 865 - C - TJ.docx | ROSS-003286852-ROSS-003286854 |
| People v. Stevenson, 12 N.E.3d 179 | 110+632(4) | While oral motions in limine are permitted, a written motion should be used whenever complicated or sensitive evidence is at issue; this allows the movant to carefully identify the evidence sought to be excluded and articulate his or her argument in support, and prevents confusion and misunderstanding by defining the evidence at issue and capturing the movant's arguments. | "To prevent confusion and misunderstanding  during trial, should the motion in limine be in writing?" | Pretrial Procedure - Memo # 903 - C - KA.docx | LEGALEASE-00016122-LEGALEASE-00016123 |
| CMS Energy Corp. v. Attorney Gen., 190 Mich. App. 220 | 317A+111 | Public Service Commission had authority to fix and regulate reasonable rates, but it is not owner of regulated utility's property, and is not clothed with general power of management incident to ownership. | Is the Public Service Commission (PSC) clothed with the general power of management incident to ownership? | 042358.docx | LEGALEASE-00125933-LEGALEASE-00125934 |
| CompuServe Inc. v. Cyber Promotions, 962 F. Supp. 1015 | 386+6 | Plaintiff can sustain action for trespass to chattels, as opposed to action for conversion, without showing a substantial interference with its right to possession of that chattel. | Can an action for trespass to chattels be sustained without showing a substantial interference with the right to possession? | Trespass - Memo 187 - RK.docx | ROSS-003285481-ROSS-003285482 |
| Morrow v. First Interstate Bank of Oregon, N.A., 118 Or. App. 164 | 386+6 | In contrast to conversion, in which the interference with the chattel is so great that the actor can justly be required to pay its full value, the gist of the lesser claim of trespass to chattels is the disturbance of the plaintiff's possession. | Is trespass to chattels a lesser claim than the tort of conversion? | 047243.docx | LEGALEASE-00126047-LEGALEASE-00126048 |
| Westinghouse Elec. Supply Co. v. Brookley, 176 Neb. 807 | 13+61 | Whether at law or in equity, cause of action arises only when aggrieved party has right to apply to proper tribunal for relief. | Does cause of action arise only when aggrieved party has right to apply to proper tribunal for relief? | 005705.docx | LEGALEASE-00126469-LEGALEASE-00126470 |
| Evans v. Mason, 82 Ariz. 40 | 241+49(2) | Cause of action for reasonable value of services rendered under deceased's unenforceable oral contract to pay for services by will was based on implied contract and did not arise until termination of services. | Will the cause of action arise where the recovery is not based upon the actual oral agreement but upon a promise which the law implies to pay the reasonable value of the services rendered? | 005713.docx | LEGALEASE-00126497-LEGALEASE-00126498 |
| In re Dow Corning Corp., 287 B.R. 396 | 51+2164.1 | While there is presumption against extraterritorial application of United States law, that presumption does not apply in bankruptcy, if ignoring the bankruptcy court's orders would have substantial effects within United States. | "While there is presumption against extraterritorial application of United States law, does that presumption apply in bankruptcy?" | 005720.docx | LEGALEASE-00126536-LEGALEASE-00126537 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dewey v. Dewey, 163 Neb. 296 | 13+61 | Whether at law or in equity, cause of action arises when, and only when, the aggrieved party has the right to apply to the proper tribunal for relief. | "Does cause of action arise when, and only when, the aggrieved party has the right to apply to the proper tribunal for relief?" | Action - Memo # 255- C - KA.docx | ROSS-003311720 |
| Coconino Cty. v. Lewis, 76 Ariz. 88 | 79+1 | The office of clerk of court, whose duties are to keep records, enter judgments and orders as directed by court, issue process, and otherwise perform clerical work required by statute and required by court to keep its records, is essentially ministerial and not judicial. | What are the duties of a court clerk? | 013467.docx | LEGALEASE-00126790-LEGALEASE-00126791 |
| Cott Index Co. v. Jagneaux, 685 So. 2d 656 | 79+1 | Office of clerk of parish court has no legal status and is simply functional organization by and through which clerk of court carries out his/her official duties; it is clerk, as office holder, who enters into contracts and who is party to litigation. LSA-Const. Art. 5, S 28. | Does a clerk of the court enter into contracts and become party to litigation? | 013477.docx | LEGALEASE-00126800-LEGALEASE-00126801 |
| State ex rel. Yancey v. Hyde, 121 Ind. 20 | 316P+144 | Rev.St. S 5152, fixed the term of office of the state inspector of oils at two years. Acts 1889 (Elliott's supp.), S 1868, abolishes this office, and creates that of inspector of mineral oils, and refers to the former act for his duties and emoluments. It makes no provisions as to his term of office. Held, that the earlier provision still governs as to his term of office. | What is the term office of an oil inspector? | 019488.docx | LEGALEASE-00126511-LEGALEASE-00126512 |
| Flacke v. Onondaga Landfill Sys., 127 Misc. 2d 984 | 216+5 | Where warrantless and unannounced inspections are necessary for effective enforcement of regulatory scheme, valid statute may serve as substitute for warrant. | "Can a statute serve as a valid substitute for a warrant, where warrantless and unannounced inspections are necessary?" | 019496.docx | LEGALEASE-00126605-LEGALEASE-00126606 |
| Ridley Twp. v. Pennsylvania Pub. Util. Comm'n, 172 Pa. Super. 472 | 317A+111 | The obligation of the Public Utility Commission to exercise its powers and discretion reasonably applies to the patrons of the utility as well as the utility, but the primary object of public service laws is at all times to serve the interests of the public, and not to establish a monopoly or guarantee the security of investment in public service corporations. | Is the primary object of public service laws to guarantee the security of investment in public service corporations? | 042349.docx | LEGALEASE-00126414-LEGALEASE-00126415 |
| Wilhite v. Pub. Serv. Comm'n, 150 W. Va. 747 | 317A+113 | Mere fact that a product which is usually dispensed by or sold by a utility to the public is being furnished does not make every person, firm or corporation selling such product a public utility; if such product is sold under private contract and the seller does not hold himself out to sell such product to the public or render some service to the public he is not a "public utility". Code, 24-1-1. | Does the mere fact of selling things ordinarily sold by public utilities render the seller a public utility? | 042403.docx | LEGALEASE-00126665-LEGALEASE-00126667 |
| City of Blue Springs, Mo. v. Cent. Dev. Ass'n, 684 S.W.2d 44 | 317A+113 | Granting of certificate of convenience and necessity is mandate of utility's duty to serve all persons in franchise area it has undertaken to serve. | Is granting a certificate of convenience and necessity a mandate of the utilitys duty to serve all the people in the franchise area it has undertaken to serve ? | Public Utilities - Memo 204 - AM.docx | LEGALEASE-00016651-LEGALEASE-00016652 |
| Application of Crusader Coach Lines, 213 Neb. 53 | 317A+113 | Issue of public convenience and necessity is ordinarily one of fact and where there is evidence in record to sustain Public Service Commission's order, the Supreme Court cannot say that it is unreasonable and arbitrary. | Is the issue of public convenience and necessity one of fact? | Public Utilities - Memo 206 - AM.docx | ROSS-003286929-ROSS-003286930 |
| DeLong v. Hampton Envelope Co., 149 S.W.3d 549 | 413+1 | Workers' compensation serves a dual role in that it provides employees with treatment for work-related injuries and protects employers from multiple lawsuits by employees and imposes monetary restrictions on awards. | Does workers' compensation serve a dual role? | 048585.docx | LEGALEASE-00126690-LEGALEASE-00126691 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cent. Carolina Developers v. Moore Water & Sewer Auth., 148 N.C. App. 564 | 148+266 | Inverse condemnation is simply a device to force a governmental body to exercise its power of condemnation, even though it may have no desire to do so. | What forces a governmental body to exercise its power of condemnation even though it may have no desire to do so? | Eminent Domain - Memo 306 - GP.docx | ROSS-003298600-ROSS-003298602 |
| Samuel J. Lansberry v. Pennsylvania Pub. Util. Comm'n, 66 Pa. Cmwlth. 381 | 70+8 | Where proposed common carrier services are different, inadequacy of existing service need not necessarily be established to secure a certificate of public convenience and necessity and proof of public necessity alone may support the certificate, but where the proposed services are identical to existing services, a showing of inadequacy is required. 66 Pa.C.S.A. SS 1103, 1103(a). | Should an applicant establish inadequacy of an existing service to secure a certificate of public convenience if the proposed service is different from the existing service? | 042195.docx | LEGALEASE-00127001-LEGALEASE-00127002 |
| Wolters v. Am. Republic Ins. Co., 149 N.H. 599 | 366+41(6) | In any subrogation case, the burden of proving entitlement is on the subrogee, which generally must prove the existence and applicability of equitable principles or contractual provisions as to subrogation and reimbursement. | "Is the burden of proving entitlement on the subrogee, which generally includes proof of the existence and applicability of the equitable principle?" | Subrogation - Memo # 984 - C - SK.docx | ROSS-003300537-ROSS-003300539 |
| Hornor v. Hanks, 22 Ark. 572 | 150+187 | The right of a plaintiff must be adjudicated upon as it existed at the time of the filing of his bill; and if he has a good cause of action, which had not then accrued, the bill cannot be maintained: And it would seem that a court of chancery would not allow a defendant to modify the relief to which the plaintiff was entitled when the suit was begun, by setting up as a defense a change of circumstances produced by the use of legal process or remedies after he is brought into court: So, if the defendant has a judgment against the plaintiff when the bill is filed, his case is not strengthened by a subsequent sale and purchase of the property in dispute under such judgment. | Must the right of a plaintiff be adjudicated upon as it existed at time of filing his bill? | Action - Memo # 681 - C - KG.docx | ROSS-003313400-ROSS-003313401 |
| Bradley v. Sch. Bd. of City of Richmond, 416 U.S. 696 | 106+100(1) | An exception to the general rule that a court is to apply the law in effect at the time it renders its decision has been made to prevent manifest injustice; such injustice could result in mere private cases between individuals. | Should a court apply the law in effect at the time it renders its decision as the general rule? | 006043.docx | LEGALEASE-00127448-LEGALEASE-00127449 |
| Multiplex Concrete Mach. Co. v. Saxer, 310 Mich. 243 | 13+65 | Evidence of disposition of mortgaged property after replevin by mortgagee is immaterial in replevin action, the rights of the parties being fixed by situation at time the writ was issued. | Is evidence of the disposition of mortgaged property after replevin by mortgagee immaterial in a replevin action? | Action - Memo # 774 - C - SK.docx | ROSS-003303401-ROSS-003303402 |
| Mem'l Hosp. v. Heckler, 706 F.2d 1130 | 13+65 | A court should apply the law in effect at time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | Should the court apply the law in effect at time of the decision? | Action - Memo # 860 - C - PC.docx | ROSS-003312766-ROSS-003312767 |
| Fraser v. Wright, 54 R.I. 422 | 302+78 | Answer must set up every ground and circumstance on which defendant intends to rely as defense, either entire or partial, and defenses not set up are waived. | Should a defendant who answers must set up every ground and circumstance on which he intends to rely as a defense? | Action - Memo # 862 - C - PC.docx | ROSS-003284919 |
| State Mut. Life Assur. Co. of Worcester, Mass. v. Heine, 141 F.2d 741 | 13+63 | The courts have concurrent jurisdiction in equity and at law and equitable defenses are available to a law action, but laches is a defense at law only when a plaintiff is seeking to enforce some equitable right and where enforcement lies within the conscience of the chancellor. | Do the courts have concurrent jurisdiction in equity and at law? | 006270.docx | LEGALEASE-00127911-LEGALEASE-00127913 |

993

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Edward Balf Co. v. Town of E. Granby, 152 Conn. 319 | 13+65 | Right to relief in action for declaratory judgment or injunction, since remedy sought is prospective, is determined by situation which has developed at time of trial, not by that existing at time action was begun. | "In action for declaratory judgment, should the rights be determined upon the facts in existence when the case is tried?" | 006304.docx | LEGALEASE-00127830-LEGALEASE-00127831 |
| People v. Boguszewski, 220 Ill. App. 3d 85 | 67+9(0.5) | To sustain conviction for burglary, State must prove either that defendant entered building without authority and with intent to commit felony or theft, or that she remained within building without authority and with intent to commit felony or theft. | What must the State prove to sustain a conviction for burglary? | Burglary - Memo 4 - RK.docx | ROSS-003303538-ROSS-003303540 |
| Boulanger v. Town of Old Lyme, 51 Conn. Supp. 636 | 148+2.1 | Although property may be taken without any actual appropriation or physical intrusion, there is no taking in a constitutional sense unless the property cannot be utilized for any reasonable and proper purpose, as where the economic utilization of the land is, for all practical purposes, destroyed. C.G.S.A. Const. Art. 1, S 11. | What does the word taken imply under the taking laws? | 017701.docx | LEGALEASE-00127549-LEGALEASE-00127550 |
| In re Phillips' Will, 76 N.Y.S.2d 922 | 366+31(4) | Doctrine of equitable subrogation, as applied by Georgia courts, protects creditor who lends money to borrower, which is then used to satisfy an existing debt, by allowing the new creditor to assume rights of the prior encumbrancer. | "Under equitable subrogation theory, is a creditor protected?" | 043393.docx | LEGALEASE-00127905-LEGALEASE-00127906 |
| Feigenbaum v. Guaracini, 402 N.J. Super. 7 | 366+38 | The doctrine of equitable subrogation should not be imposed where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application. | Should the doctrine of equitable subrogation be imposed where its enforcement would be inconsistent with the terms of a contract? | Subrogation - Memo # 1255 - C - TM.docx | ROSS-003287046-ROSS-003287048 |
| Hurd v. Monsanto Co., 908 F. Supp. 604 | 413+1 | Indiana Workmen's Compensation Act provides compensation for personal injury or death by accident arising out of and in course of employment, and Indiana's Occupational Disease Act provides compensation for disablement or death by occupational disease arising out of and in course of employment. West's A.I.C. 22-3-1-1 et seq., 22-3-7-2. | Does the workmens compensation act provide compensation for personal injury or death by accident arising out of and in the course of employment? | 048473.docx | LEGALEASE-00127384-LEGALEASE-00127385 |
| First Tr. Co. of Lincoln v. Airedale Ranch & Cattle Co., 136 Neb. 521 | 13+65 | When an action is in equity, relief will be administered as the nature of the case and the facts, as they exist at the close of the litigation, demand, rather than as in actions at law where judgment is limited to the facts as they existed at the commencement of the action. | "When an action is in equity, will relief be administered as the nature of the case and the facts demand?" | 005974.docx | LEGALEASE-00128182-LEGALEASE-00128183 |
| Propst v. Bd. of Educ. Lands & Funds, 156 Neb. 226 | 13+65 | Relief granted in equity is generally what nature of the case, facts, and law require at time decree is rendered, not at beginning of litigation. | "Is relief granted in equity generally what nature of the case, facts, and law require at time decree is rendered?" | 005988.docx | LEGALEASE-00128278-LEGALEASE-00128280 |
| United States v. Hawaii Cty., 473 F. Supp. 261 | 13+65 | Generally, a court is to apply a law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | Should a court apply a law as it exists at the time of a decision? | Action - Memo # 732 - C - ES.docx | ROSS-003326787-ROSS-003326788 |
| Water Res. Comm'n v. Connecticut Sand & Stone Corp., 170 Conn. 27 | 13+65 | In usual case in which injunctive relief is sought it is court which determines existence of facts which justify extraordinary remedy of injunctive relief, and thus court will usually grant such relief only in light of situation as court finds it to exist at time of trial. | Can a court grant injunctive relief in light of the situation as the court finds it to exist at the time of trial? | 006096.docx | LEGALEASE-00128116-LEGALEASE-00128117 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rohm & Haas Co. v. Permutit Co., 114 F. Supp. 846 | 13+65 | A plaintiff's right to recovery depends upon his right at inception of suit and non-existence of cause of action when suit is brought is a fatal defect which cannot be cured by accrual of cause of action pending suit. | Does a plaintiff's right to recovery depend upon his right at the inception of the suit? | 006121.docx | LEGALEASE-00128306-LEGALEASE-00128307 |
| Frankfurt v. D.C., 65 A.2d 197 | 13+65 | In a possessory action to recover rented premises, rights of the parties and condition of plaintiff's claim are to be tested by the facts as they existed on the date the suit was filed. | "In a possessory action to recover rented premises, are the rights of the parties and condition of plaintiff's claim to be tested?" | 006140.docx | LEGALEASE-00128477-LEGALEASE-00128478 |
| E. M. Loew's Enterprises v. Int'l All. of Theatrical Stage Emp., 127 Conn. 415 | 13+65 | An action for an "injunction" being equitable, whether a plaintiff is entitled to relief is determined not by the situation existing when action was begun, but by that which is "developed at the trial", since injunctions fall within the field of "equitable remedies", and not "equitable rights", and are necessarily prospective in their operation. | "An action for an ""injunction"" being equitable, is the question of whether a plaintiff is entitled to relief determined by that which has developed at the trial?" | 006148.docx | LEGALEASE-00128505-LEGALEASE-00128507 |
| Baker & Taylor v. AlphaCraze.Com Corp., 602 F.3d 486 | 25T+182(1) | There is nothing irrevocable about agreement to arbitrate; both parties may abandon this method of settling their differences, and under variety of circumstances one party may waive or destroy by his conduct his right to insist upon arbitration. | Can parties to arbitration agreements abandon arbitration? | 007252.docx | LEGALEASE-00128653-LEGALEASE-00128655 |
| Bertelsen v. Cooney, 213 F.2d 275 | 92+2501 | The power of Congress, under the Constitution, to raise and support Armies, to maintain a Navy, and to draft personnel for service therein, exists in peacetime as well as in war, and is plenary, and it is not for the judiciary to review the legislative branch on question of what military strength is necessary for safety of Nation, nor as to how the forces shall be raised, nor of what elements they shall be composed. Universal Military Training and Service Act, S 4(i) (1, 2) as amended 50 U.S.C.A.Appendix, S 454(i) (2); U.S.C.A.Const. art. 1, S 8; Amends. 5, 13. | Do the courts have the power to review the legislative branch on its power to raise and support armies? | 008322.docx | LEGALEASE-00128608-LEGALEASE-00128609 |
| Parker v. Levy, 417 U.S. 733 | 92+4251 | Where army officer could have had no reasonable doubt that his statements urging Negro enlisted men not to go to Vietnam if ordered to do so were both "unbecoming an officer and gentleman" and "to the prejudice of good order and discipline of the armed forces," the general articles of Uniform Code of Military Justice which authorize court-martial for conduct unbecoming an officer and a gentleman and similar treatment for disorders and neglects to prejudice of good order and discipline were not unconstitutionally invalid as applied to the captain. U.S.C.A.Const. Amend. 5; 10 U.S.C.A. SS 933, 934. | Is Congress permitted to legislate with both greater breadth and with greater flexibilitywhen military regulation is at issue? | 008340.docx | LEGALEASE-00128622-LEGALEASE-00128623 |
| Robinson v. Boyd, 288 Ga. 53 | 307A+501 | There is no "bad-faith exception" to the right to dismiss and later relitigate in a renewal action, despite inconvenience and irritation to the defendant. West's Ga.Code Ann. S 9-2-61(a). | "Is there no ""bad-faith exception"" to the right to dismiss and later relitigate in a renewal action, despite inconvenience and irritation to the defendant?" | Pretrial Procedure - Memo # 936 - C - NS.docx | ROSS-003286179-ROSS-003286181 |
| Baca v. Hoover, Bax & Shearer, 823 S.W.2d 734 | 307A+508 | Whether defendant's pleading is affirmative claim for relief, so as not to allow plaintiff to take nonsuit, is determined by facts alleged and not by name given plea or by form of prayer for relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is the determination whether a pleading is an affirmative claim for relief made on the facts alleged or by the form of the prayer for relief? | 038987.docx | LEGALEASE-00128197-LEGALEASE-00128198 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Glencoe v. Neue Sentimental Film AG, 168 Cal. App. 4th 874 | 307A+501 | It is not the stage of the proceedings which distinguishes a voluntary dismissal from an involuntary one; rather, the key is the plaintiff's role, if any, in bringing it about. | "Is it the stage of the proceedings which distinguishes a voluntary dismissal from an involuntary one or is the plaintiff's role in bringing it about, the key?" | 039517.docx | LEGALEASE-00128436-LEGALEASE-00128437 |
| Rokeby-Johnson v. Aquatronics Int'l, 159 Cal. App. 3d 1076 | 217+3526(10) | When surety seeks recovery against third persons in weighing equities, which includes consideration of negligence of its insured and third persons, burden is upon surety to establish its superior equity. | "Under the doctrine of superior equities, does the surety has the burden to establish its superior equity in seeking recovery against a third party?" | 043163.docx | LEGALEASE-00128521-LEGALEASE-00128522 |
| Allstate Indem. Co. v. ADT LLC, 110 F. Supp. 3d 856 | 366+35 | Under Illinois law, subrogation waivers are not true exculpatory provisions, but, rather, they merely allocate risk of loss; they do not immunize the wrongdoer from all liability, nor do they require the injured parties to give up all their claims or leave them uncompensated. | Are waivers of subrogation exculpatory provisions? | 043198.docx | LEGALEASE-00128519-LEGALEASE-00128520 |
| Frago v. Sage, 737 S.W.2d 482 | 366+41(6) | Burden is placed upon party seeking subrogation to substantiate by clear and convincing evidence that, as between himself at another party, the other party, in equity, should endure the loss. | Should a party seeking equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? | 043330.docx | LEGALEASE-00128163-LEGALEASE-00128164 |
| Box v. Ameritrust Texas, N.A., 810 F. Supp. 776 | 401+5.1 | Determining whether title to land is "dominant purpose" of suit so as to render Texas "local action" statute applicable is a question of law for the court, and court must ascertain dominant purpose solely from the face of plaintiff's complaint, including the facts alleged, the rights asserted, and the relief requested. V.T.C.A., Civil Practice & Remedies Code S 15.011. | Is the dominant purpose of a lawsuit a question of fact or a question of law? | Venue - Memo 111 - RK.docx | ROSS-003286927-ROSS-003286928 |
| Szymczak v. Holland Cmty. Hosp., 187 Mich. App. 142 | 92+2752 | Benefits and liabilities arising out of workers' compensation statute do not create rights protected by contract clause of Federal or State Constitutions. U.S.C.A. Const. Art. 1, S 10, cl. 1; M.C.L.A. Const. Art. 1, S 10. | Do the benefits and liabilities arising out of a workers compensation statute create rights protected by the contract clause of the constitution? | 047729.docx | LEGALEASE-00128730-LEGALEASE-00128731 |
| Eldridge v. Felec Servs., 920 F.2d 1434 | 413+1 | Alaska Workers' Compensation Act creates substantial rights and duties which apply to all employment relationships and may not be waived by any employee. AS 23.30.005 et seq. | Does the Workers Compensation Act create substantial rights and duties which apply to all employment relationships and which cannot be waived by any employee? | 047731.docx | LEGALEASE-00128732-LEGALEASE-00128733 |
| Holder v. Indus. Comm'n of Arizona, 125 Ariz. 366 | 413+5 | The underlying thrust of Workmen's Compensation Law was to relieve individual workman and his dependents from loss sustained by industrial injury and place burden upon industry as a whole; the theory is to compensate workman for financial loss and loss of earning capacity and thus prevent him and his dependents from becoming public charges, but the Workmen's Compensation Laws were not intended to provide general health and accident insurance coverage or life insurance coverage. A.R.S. S 23-901 et seq. | Is workers' compensation laws enacted to place the burden of industrial injury and death on industry? | 048547.docx | LEGALEASE-00128705-LEGALEASE-00128706 |
| Serna v. Webster, 908 S.W.2d 487 | 30+5 | To bring appeal by writ of error, appeal must be brought within six months after judgment was signed, by party to suit who did not participate in actual trial, and error must be apparent from face of record. | What are the requirements for bringing an appeal by writ of error? | Appeal and error - Memo 48 - RK.docx | ROSS-003312554-ROSS-003312555 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Holmes, 387 F.2d 781 | 34+1 | Power of Congress to raise armies and to take effective measures to preserve their efficiency is not limited by either the Thirteenth Amendment or the absence of military emergency. Universal Military Training and Service Act, S 12, 50 U.S.C.A. App. S 462; U.S.C.A.Const. Amend. 13. | Is the power of congress to raise armies limited by the thirteenth amendment? | Armed Forces - Memo 18 RK.docx | ROSS-003287296-ROSS-003287297 |
| Comer v. Micor, 436 F.3d 1098 | 25T+141 | Nonsignatories of arbitration agreement may be bound by agreement under ordinary contract and agency principles, including: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel. | Can nonsignatories of arbitration agreements be bound by the agreement under ordinary contract and agency principles? | Alternative Dispute Resolution - Memo 504 - RK.docx | ROSS-003300449-ROSS-003300450 |
| Bank Leumi Tr. Co. of New York v. Bally's Park Place, 528 F. Supp. 349 | 172H+574(1) | Under New York law, although death of maker of check or note does not terminate his liability, it does revoke authority of payee to collect from drawee-bank and relegates payee to status of general creditor of estate of the deceased. McKinney's N.Y. Uniform Commercial Code S 4-405(1). | Does the death of the maker of a check or instrument terminate his liability? | 009393.docx | LEGALEASE-00129187-LEGALEASE-00129188 |
| Silverstein v. Exciting Fashions, 281 A.D. 854 | 302+8(11) | In stockholders' derivative action, naked allegation in complaint that plaintiff was beneficial owner of stock was insufficient without allegation of ultimate fact to sustain such allegation, especially in view of fact that it was alleged that stock was held in name of undisclosed nominee. Rules of Civil Practice, rule 106, subds. 2, 4. | "Is an allegation that plaintiff is the beneficial owner of stock, an allegation of ultimate fact?" | Pleading - Memo 221 - RMM.docx | LEGALEASE-00019209-LEGALEASE-00019210 |
| Baltia Air Lines v. CIBC Oppenheimer Corp., 273 A.D.2d 55 | 307A+501 | Motion to discontinue action without prejudice was properly denied where relief was sought to avoid an adverse decision on merits. McKinney's CPLR 3217(b). | s a motion to discontinue action properly denied if such a relief was sought in order to avoid an adverse decision on the merits? | Pre-trial Procedure - Memo # 1047 - C - KG.docx | LEGALEASE-00019306-LEGALEASE-00019307 |
| Bobillot v. Clackamas Cty., 181 Or. 30 | 307A+501 | Statutes governing voluntary nonsuits, if they are in derogation of the common law, must be strictly construed and ordinarily they will not be extended to include cases not within their express terms. | Can a statute prohibiting the dismissal of an action after final submission of the case be extended to prohibit the dismissal of a case not falling within its express terms? | 025072.docx | LEGALEASE-00129384-LEGALEASE-00129385 |
| Brown v. Garcia, 2 Misc. 3d 915 | 307A+501 | Generally, a party cannot be compelled to litigate a claim and, absent special circumstances, a motion for leave to discontinue should be granted. McKinney's CPLR 3217. | Can a party be compelled to litigate a claim and should a motion for leave to discontinue be granted absent special circumstances? | Pretrial Procedure - Memo # 1291 - C - PB.docx | ROSS-003287727-ROSS-003287728 |
| MacDermot v. Grant, 181 Cal. 332 | 307A+501 | The written consent to dismissal of the action by plaintiff, referred to in Code Civ.Proc. S 581, subd. 2 (West's Ann.Code Civ.Proc.), is wholly ineffective unless signed by the attorney of record of the consenting party. | Is the written consent to dismissal of the action by a plaintiff wholly ineffective unless signed by the attorney of record of the consenting party? | 026246.docx | LEGALEASE-00129287-LEGALEASE-00129288 |
| Granda v. State Farm Mut. Ins. Co., 935 So. 2d 698 | 48A+290 | A utility company has no general obligation to guard against rare exigencies such as an out-of-control vehicle leaving a traveled roadway. | Does a utility company have an obligation to guard against rare exigencies like an out-of-control vehicle leaving a traveled roadway? | Public Utilities - Memo 255 - AM.docx | ROSS-003288186-ROSS-003288187 |
| (N G) v. United States, 94 Fed. Cl. 375 | 258A+526 | Command influence may be found to exist if a reasonable citizen, knowing all of the facts of a given case, would believe the military justice system to be unfair and, as such, lose confidence in the entire system; the mere appearance of command influence is sufficient. | When does command influence exist? | 008414.docx | LEGALEASE-00130079-LEGALEASE-00130080 |
| Rutledge v. Workman, 175 W. Va. 375 | 79+6 | Circuit judge had complete control of deputy clerk assigned to her court and circuit clerk could be removed from office under statute governing clerk's conduct, Code, 6-6-7, for failing to comply in utmost good faith with directions of circuit court as to transfer of deputy clerk. | Can a circuit court clerk be removed from office for failing to comply in the utmost good faith with the directions of the circuit court? | 013375.docx | LEGALEASE-00130183-LEGALEASE-00130184 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Whaley v. Whitaker Bank, 254 S.W.3d 825 | 307A+506.1 | Under rule providing that plaintiff's right to voluntarily dismiss action unilaterally and without prejudice is limited to time before service by adverse party of answer or motion for summary judgment, motion to dismiss for failure to state a claim that is treated as motion for summary judgment does not terminate plaintiff's right to voluntarily dismiss its complaint. Rules Civ.Proc., Rules 12.02, 41.01(1). | Does a motion to dismiss terminate a plaintiff's right to voluntarily dismiss the action unless the motion to dismiss is converted into a motion for a summary judgment? | 026175.docx | LEGALEASE-00129780-LEGALEASE-00129782 |
| Jones v. Ayers, 212 Cal. App. 2d 646 | 307A+742.1 | Pre-trial hearing and order are intended to facilitate, not to impair or impede, trial and where an issue has been stated in its larger aspect in pre-trial order it is not necessary for court to enumerate its constituent elements as issues still in case. | What do the pre-trial hearings and order intend to facilitate? | 026258.docx | LEGALEASE-00129819-LEGALEASE-00129820 |
| Brandenburger v. Puller, 266 Mo. 534 | 307A+501 | Ordinarily a party has the legal right at any time to dismiss his suit upon such terms and under such conditions as he sees fit. | "Does a party has the legal right, at any time, to dismiss his suit upon such terms and conditions, as he sees fit?" | Pretrial Procedure - Memo # 1340 - C - TJ.docx | ROSS-003287753-ROSS-003287755 |
| Daube v. Kuppenheimer, 195 Ill. App. 99 | 307A+501 | Right to take nonsuit is substantial right and ought not to be taken away without giving plaintiff some opportunity to exercise it. | Does the right to take nonsuit a substantial right and should not to be taken away without giving the plaintiff some opportunity to exercise that right? | Pretrial Procedure - Memo # 1341 - C - TJ.docx | ROSS-003299616-ROSS-003299617 |
| Hodge v. Myers, 255 S.C. 542 | 307A+742.1 | The purposes of pretrial conferences are to expedite trials or shorten the actual period of trial, to narrow or simplify the issue, to eliminate the doing of useless things, and to facilitate the attainment of justice between the parties. Circuit Court Rules, rule 43. | Is pretrial practice designed to facilitate attainment of justice between parties? | Pretrial Procedure - Memo # 1348 - C - TJ.docx | ROSS-003287032-ROSS-003287033 |
| Peoples City Bank v. John Hancock Mut. Life Ins. Co., 353 Pa. 123 | 307A+22 | The rules for pretrial conference provide for a method of simplifying issues and controlling trial procedure, but they were not intended to displace the bill of discovery. Rules of Civil Procedure, rule 212, 12 P.S.Appendix, 17 P.S. SS 282, 283. | Do the rules for pretrial conference provide for a method of simplifying issues and controlling trial procedure? | 026292.docx | LEGALEASE-00129721-LEGALEASE-00129722 |
| King v. Zimmerman, 266 Mont. 54 | 307A+743 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | "Is the purpose of the pretrial order to prevent surprise, simplify the issues, and permit the parties to prepare for trial?" | 026313.docx | LEGALEASE-00129783-LEGALEASE-00129784 |
| Pulse v. Hill, 217 Cal. App. 2d 301 | 307A+743 | Principal purposes of pretrial are to find out what lawsuit is about, to simplify and define issues, to determine how trial may proceed most expeditiously and to give notice of matters not necessarily revealed by pleadings where such matters may be issues in case. Cal.Rules of Court, rules 210(c), 214(1), 216. | What is principal purpose of pretrial? | Pretrial Procedure - Memo # 1411 - C - UG.docx | ROSS-003286149-ROSS-003286150 |
| Muller v. Brailofsky, 179 Misc. 2d 634 | 307A+742.1 | Useful function of preliminary conference is to permit Supreme Court to make the necessary inquiries of counsel at an early stage of the litigation, and to decide which cases ought to remain in Supreme Court, and which matters should be referred to Civil Court. | What is the useful function of a preliminary conference? | Pretrial Procedure - Memo # 1570 - C - TM.docx | LEGALEASE-00019954-LEGALEASE-00019955 |
| A.T. ex rel. T.T. v. Cohen, 445 N.J. Super. 300 | 307A+517.1 | In exercising the discretion afforded the court in the rule authorizing a voluntary dismissal of an action by an order of the court, the court is chiefly required to protect the rights of the defendant. N.J. Ct. R. 4:37-1(b). | "In exercising the discretion afforded the court in the rule authorizing a voluntary dismissal of an action by an order of the court, is the court chiefly required to protect the rights of the defendant?" | Pretrial Procedure - Memo # 2489 - C - PC.docx | LEGALEASE-00020046-LEGALEASE-00020047 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Flores v. Workmen's Comp. Appeals Bd., 36 Cal. App. 3d 388 | 413+1 | The underlying principle upon which the Workmen's Compensation Act rests is providing of compensation to employee for injuries resulting from his employment; industry being made to bear burden as part of cost of production. | What underlying principle does the Workmens Compensation Act rest upon? | 047820.docx | LEGALEASE-00130139-LEGALEASE-00130140 |
| Beckham v. William Bayley Co., 655 F. Supp. 288 | 25T+143 | Parties' failure to use phrases or terms ordinarily included in arbitration clause is evidence that they did not agree to arbitrate all issues arising out of their business relationship. 9 U.S.C.A. S 1 et seq. | What do courts infer when the parties fail to use phrases or terms ordinarily included in an arbitration clause? | 007415.docx | LEGALEASE-00131376-LEGALEASE-00131377 |
| Caribbean S.S. Co., S. A. v. Sonmez Denizcilik Ve Ticaret A. S., 598 F.2d 1264 | 25T+143 | One cannot make arbitrable claim out of nonarbitrable one by assigning it to person having broad "any dispute" arbitration contract with party against whom the claim lies, at least in absence of evidence showing that parties to arbitration contract intended such a result. | Can a party make an arbitrable claim out of a nonarbitrable agreement by assigning it to another? | Alternative Dispute Resolution - Memo 558 - RK.docx | ROSS-003286541-ROSS-003286542 |
| People v. Kwok, 63 Cal. App. 4th 1236 | 67+2 | Laws against burglary are primarily designed not to deter trespass or the supporting theft or felony intended by burglar but rather to forestall germination of situation dangerous to personal safety. | Is the burglary statute primarily designed to deter trespass? | Burglary - Memo 24 - RK.docx | ROSS-003327191-ROSS-003327193 |
| Webb v. Jorns, 530 S.W.2d 847 | 307A+501 | Statute providing that a plaintiff may take a nonsuit in a jury case at any time before the jury has retired to consider its verdict is not unconstitutional. Rules of Civil Procedure, rule 164. | Is a statute providing that a plaintiff may take a nonsuit in a jury case at any time before the jury has retired to consider its verdict unconstitutional? | 026066.docx | LEGALEASE-00130677-LEGALEASE-00130678 |
| Am. Tr. Co. v. Bloom, 148 S.C. 386 | 307A+501 | Plaintiff may move for voluntary nonsuit any time before verdict, unless defendant is thereby deprived of some right. | "May a plaintiff move for a voluntary nonsuit any time before a verdict, unless a defendant is thereby deprived of some right?" | 026080.docx | LEGALEASE-00130896-LEGALEASE-00130897 |
| Harris Cty. Appraisal Dist. v. Wittig, 881 S.W.2d 193 | 307A+501 | Plaintiff has absolute right to nonsuit of its case at moment plaintiff files motion with clerk or makes motion in open court. | Does a plaintiff have an absolute right to nonsuit of its case at a moment a plaintiff files a motion with a clerk or makes a motion in open court? | 026086.docx | LEGALEASE-00131016-LEGALEASE-00131018 |
| Fields Bros. Gen. Contractors v. Ruecksties, 288 Ga. App. 674 | 307A+747.1 | A pretrial order is to be construed liberally to allow the consideration of all questions fairly within the ambit of contested issues. | Is a pre-trial order to be construed liberally to allow the consideration of all questions fairly within the ambit of contested issues? | Pretrial Procedure - Memo # 1425 - C - VA.docx | ROSS-003300523-ROSS-003300526 |
| Casey v. Casey, 2 Root 269 | 307A+501 | A plaintiff may discharge an action in his name, brought upon a note, notwithstanding he is insolvent, and said note is assigned. | "Can a plaintiff discharge an action in his name, brought upon a note, notwithstanding he is insolvent and said note is assigned?" | Pretrial Procedure - Memo # 1445 - C - PC.docx | ROSS-003326641-ROSS-003326642 |
| In re Big Horn River Sys., 2004 WY 21, 85 P.3d 981 | 307A+747.1 | For the judicial system to operate efficiently, courts must have authority to establish scheduling orders governing litigation before them. | "For the judicial system to operate efficiently, should courts have the authority to establish scheduling orders governing litigation before them?" | Pretrial Procedure - Memo # 1668 - C - SHS.docx | ROSS-003301377-ROSS-003301378 |
| Whitehawk v. Clark, 238 Mont. 14 | 307A+742.1 | Purpose of pretrial order is to prevent surprise, simplify issues and permit counsel to prepare for trial on basis of pretrial order. | "Can pretrial order prevent surprise, simplify issues and permit counsel to prepare for trial on basis of pretrial order?" | Pretrial Procedure - Memo # 1713 - C - MS.docx | ROSS-003287209-ROSS-003287210 |
| Bump v. Firemens Ins. Co. of Newark, N.J., 221 Neb. 678 | 307A+750 | Pretrial conferences are conducted to simplify and narrow issues presented in a case, and issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | Does issues specified at a pretrial conference control the course of an action and constitute the issues on which the case is tried? | 026882.docx | LEGALEASE-00130309-LEGALEASE-00130310 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hensley's Adm'rs v. Lytle, 5 Tex. 497 | 307A+718 | The law has provided parties with process, by subpoena, and, in case of non-observance, attachment, to enforce the attendance of witnesses; and where a party has omitted to employ the means provided by the law, when practicable, the omission will, in general, be fatal to an application for a continuance. | "Where a party elects to employ other means than those provided by law to assure that witness appears to testify at trial, will it be at his peril?" | 026906.docx | LEGALEASE-00130583-LEGALEASE-00130584 |
| Nadeau v. Nadeau, 10 Haw. App. 111 | 307A+717.1 | Request for continuance based on unavailability of crucial witness may be denied when requesting party could have obtained testimony of crucial witness in form of deposition or when denial is not prejudicial. | Should a request for continuance based on unavailability of crucial witness be denied? | 026912.docx | LEGALEASE-00130615-LEGALEASE-00130616 |
| In re W.D.W., 173 S.W.3d 607 | 307A+39 | The purpose of rule requiring pretrial disclosure of expert witnesses is to give the opposing party sufficient information about the expert's opinions to prepare for cross-examination of the expert and to present rebuttal evidence from its own experts. Vernon's Ann.Texas Rules Civ.Proc., Rule 194.2. | What is the purpose of pretrial disclosure rule with regard to expert witness and experts opinions? | 026966.docx | LEGALEASE-00131183-LEGALEASE-00131184 |
| Wilhelm v. Mustafa, 243 Mich. App. 478 | 307A+749.1 | Party may waive or forfeit an issue by failing to raise it in a timely manner in the final pretrial order. | Can a party waive or forfeit an issue by failing to raise it in a timely manner and to include it in the final pretrial order? | 026993.docx | LEGALEASE-00131258-LEGALEASE-00131259 |
| Cooper v. Rosser, 232 Ga. 597 | 307A+750 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | Is preclusion of issues by the pretrial order within the discretion of the trial court? | 027022.docx | LEGALEASE-00130891-LEGALEASE-00130892 |
| Itron v. Consert Inc., 109 A.3d 583 | 307A+749.1 | A court also may relieve counsel from any statement or stipulation made during a pretrial conference in order to prevent injustice. | Can a court relieve counsel from any statement or stipulation made during a pretrial conference in order to prevent injustice? | Pretrial Procedure - Memo # 1817 - C - SB.docx | ROSS-003314697-ROSS-003314698 |
| Fink v. Thompson, 70 N.Y.S.2d 226 | 307A+12 | Where a motion for discovery and inspection is made at the same time as a motion for an examination before trial, the statute and rule relating to discovery do not apply. Civil Practice Act, S 324; Rules of Civil Practice, rule 140. | Do the rule of civil practice dealing with an application for discovery apply where a motion for discovery and inspection accompanies a motion for examination of the defendant before trial? | 027347.docx | LEGALEASE-00130441-LEGALEASE-00130442 |
| In re Sears, Roebuck & Co., 146 S.W.3d 328 | 307A+331 | Although some requested documents may be relevant, a discovery request may still be overbroad as phrased or impose an unreasonable expense. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.4. | "Although some requested documents may be relevant, may a discovery request still be overbroad as phrased or impose an unreasonable expense?" | 027387.docx | LEGALEASE-00130984-LEGALEASE-00130985 |
| Klinghoffer v. Barasch, 4 Cal. App. 3d 258 | 307A+502 | Where no affirmative relief has been sought in the pleadings, privilege of dismissing belongs to plaintiff, and may be exercised by him without knowledge of parties or consent of court. West's Ann.Code Civ.Proc. SS 387, 581, subds. 1, 5. | "Where no affirmative relief has been sought in the pleadings, does the privilege of dismissing belong to a plaintiff?" | 027406.docx | LEGALEASE-00131225-LEGALEASE-00131226 |
| Dean v. Lehman, 143 Wash. 2d 12 | 371+2001 | A "tax" is an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities; it is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | What is a tax in the strictest sense of the word? | Taxation - Memo # 121 - C - CK.docx | LEGALEASE-00021092-LEGALEASE-00021093 |
| NetJets Aviation v. Guillory, 207 Cal. App. 4th 26 | 371+2013 | Every system of taxation consists of two parts, which are (1) the elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection; the former is a legislative function, while the latter is mere machinery, and is delegable to other than governmental agencies. | Are the steps taken for tax assessment and collection a part of every system of taxation? | Taxation - Memo # 198 - C - SU.docx | ROSS-003288250-ROSS-003288252 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Krumpelman v. Louisville & Jefferson Cty. Metro. Sewer Dist., 314 S.W.2d 557 | 371+2060 | "Taxes" are distinguishable from "special assessments" in that taxes are generally a rate or duty levied each year for purposes of general revenue, regardless of benefit to the taxpayer, while special assessments are local burdens laid on property, for a public purpose, but in a fixed amount and once for all time with reference to a special benefit. | Is tax a general revenue measure? | Taxation - Memo # 34 - C - KBM.docx | LEGALEASE-00021204-LEGALEASE-00021205 |
| Weisblat v. City of San Diego, 176 Cal. App. 4th 1022 | 371+2002 | Levy imposed by city on rental property owners to recover costs associated with processing applications and renewals for business tax certificates and rental unit business tax certificates was imposed for revenue purposes, rather than in return for a specific benefit conferred or privilege granted, and thus, the levy was a tax, subject to constitutionally required voter approval limitations, rather than a fee; to the extent the courtesy billing notices conferred the benefit of assisting business owners in avoiding late payment penalties, such benefit was merely incidental to the payment collection function of those notices. West's Ann.Cal. Const. Art. 13C, S 2. | Are taxes imposed for revenue purposes rather than in return for a specific benefit conferred or privilege granted? | Taxation - Memo # 52 - C - SS.docx | LEGALEASE-00021248-LEGALEASE-00021249 |
| In re Bethlehem Steel Corp., 390 B.R. 784 | 25T+143 | Even with broad form arbitration clause, if claims present no questions in respect of parties' rights and obligations under agreements, they are outside purview of arbitration clause and are not arbitrable. | Can claims be arbitrable if they do not present questions in respect to the rights and obligations under the agreement? | Alternative Dispute Resolution - Memo 564 - RK.docx | ROSS-003287251-ROSS-003287252 |
| S. Bay Boston Mgmt. v. Unite Here, Local 26, 587 F.3d 35 | 231H+1546(1) | Although neutrality agreement, executed by hotel and union to prescribe procedures for union organization at hotel, had expired, arbitration clause contained in agreement survived, as required to compel hotel to arbitrate dispute relating to parties' initial round of collective bargaining, since dispute stemmed from parties' inability to arrive at satisfactory collective bargaining agreement (CBA) during negotiations required by neutrality agreement, and arbitration and expiration clauses specifically, and agreement generally, provided no reason to conclude that post-expiration arbitration was negated. | What is the two prong analysis which governs post-expiration arbitrability of disputes? | 007462.docx | LEGALEASE-00132381-LEGALEASE-00132382 |
| Becker v. Rice, 827 F. Supp. 589 | 78+1128 | Claim under S 1983 by former member of Air National Guard arising out of discharge from civilian employment as federal technician was nonjusticiable, since Congress exercised plenary constitutional authority over military, and court thus could not sit in plenary review of decision; employee was employee of United States, was required to be member of National Guard in order to hold position, was required to be separated from employment upon termination of military status, and had no right to appeal beyond adjunct general or jurisdiction concerned. 42 U.S.C.A. S 1983; 32 U.S.C.A. SS 709(b), (e)(1, 5), 709(d). | Can civilian courts sit in plenary review over intra service military disputes? | 008908.docx | LEGALEASE-00132423-LEGALEASE-00132424 |
| United States v. Buenrostro, 781 F.3d 864 | 63+1(1) | The $5,000 element of federal bribery statute pertains to subject matter of bribe, which must be valued at $5,000 or more; in other words, the business or transaction sought to be influenced must have a value of $5,000 or more. 18 U.S.C.A. S 666(a)(2). | "Under the bribery statute, must the business or transaction sought to be influenced have a value of $5,000 or more?" | Bribery - Memo #120 - C - JL.docx | ROSS-003287367-ROSS-003287368 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Wright, 665 F.3d 560 | 63+1(1) | The key to whether a gift constitutes a bribe, as would support honest services fraud conviction, is whether the parties intended for the benefit to be made in exchange for some official action; the government need not prove that each gift was provided with the intent to prompt a specific official act. 18 U.S.C.A. S 1346. | When does a gift constitute a bribe? | Bribery - Memo #127 - C - LB.docx | ROSS-003300614-ROSS-003300615 |
| Coley v. N. Carolina Nat. Bank, 41 N.C. App. 121 | 302+8(15) | To sufficiently plead fraudulent misrepresentation, it is not sufficient to conclusively allege that corporation made fraudulent misrepresentations; pleader in such situation must allege specifically the individuals who made the misrepresentations of material fact, time the alleged misstatements were made, and place or occasion at which they were made. Rules of Civil Procedure, rule 9(b), G.S. S 1A-1. | Is it sufficient to conclusorily allege that a corporation made fraudulent misrepresentations? | Pleading - Memo 270 - RMM.docx | ROSS-003285976-ROSS-003285977 |
| Brousseau v. Jarrett, 73 Cal. App. 3d 864 | 302+8(15) | Complaint's conclusory characterization of defendant physician's conduct as intentional, wilful and fraudulent was patently insufficient statement of "oppression, fraud, or malice, express or implied" within meaning of statute authorizing recovery of punitive damages. West's Ann.Civ.Code, S 3294. | "Is the conclusory characterization of conduct as intentional, willful, and fraudulent sufficient?" | Pleading - Memo 271 - RMM.docx | ROSS-003301084-ROSS-003301085 |
| Nentwig v. United Indus., 256 Mont. 134 | 307A+750 | While pretrial order should be liberally construed to permit any issues at trial that are embraced within its language, theory or issue must be at least implicitly included in the pretrial order. | How should a pretrial order be construed and should the theory or issue so construed be at least implicitly included in it? | Pretrial Procedure - Memo # 1793 - C - SPB.docx | ROSS-003301453-ROSS-003301454 |
| In re Thompson's Estate, 416 Pa. 249 | 307A+28 | While "fishing expeditions" are not to be countenanced under guise of discovery, requests for discovery must be considered with liberality as the rule rather than the exception. 20 P.S. S 2080.742; Orphans' Court Rules, S 3, rule 6. | "While ""fishing expeditions"" are not to be countenanced under guise of discovery, must requests for discovery be considered with liberality as the rule rather than the exception?" | Pretrial Procedure - Memo # 1929 - C - PB.docx | ROSS-003301291-ROSS-003301292 |
| Bixler by Bixler v. J.C. Penney Co., 376 N.W.2d 209 | 307A+723.1 | A trial court may grant a continuance under rule (48 M.S.A., Rules Civ.Proc., Rule 56.06) to permit further discovery even in absence of a formal motion, and, in making its determination, should focus on whether party seeking more time is acting from a good-faith belief that material facts will be discovered, or is merely engaged in a fishing expedition, and whether party has been previously diligent in seeking discovery. | Can a trial court grant a continuance under a rule to permit further discovery even in absence of a formal motion? | Pretrial Procedure - Memo # 2109 - C - SK.docx | ROSS-003288101-ROSS-003288102 |
| Haddock v. J & J Roofing Co., 700 P.2d 935 | 307A+749.1 | Where party fails to comply with pretrial order, trial court has broad discretion in determining sanctions to be imposed. | "Where a party fails to comply with the pretrial order, does a trial court has broad discretion in determining the sanctions to be imposed?" | Pretrial Procedure - Memo # 2122 - C - ES.docx | ROSS-003300835-ROSS-003300836 |
| Halpern v. Gunn, 57 A.2d 741 | 307A+501 | "Voluntary nonsuit" by plaintiff is a withdrawal or abandonment of his case with costs adjudged against him, with no adjudication on the merits, and with the right to file a new action, leaving the situation as though action had never been filed. | Does a nonsuit leave the situation as if the suit had never been filed? | Pretrial Procedure - Memo # 2217 - C - KA.docx | ROSS-003327892-ROSS-003327893 |
| Whitmore v. Mut. Life Ins. Co. of N. Y., 122 Vt. 328 | 307A+749.1 | Subsequent course of action in trial of a cause is controlled by agreement or admission made at pretrial conference. County Court Rules, rule 3A. | Is a subsequent course of action in a trial of a cause controlled by agreement or admission made at a pretrial conference? | Pretrial Procedure - Memo # 2287 - C - SK.docx | ROSS-003314893-ROSS-003314894 |
| Dance v. Manning, 207 N.C. App. 520 | 307A+517.1 | Any orders entered in a first, voluntarily dismissed lawsuit have no relevance to the newly filed lawsuit, as the dismissal carries down with it previous rulings and orders in the case. | Do orders entered in the first lawsuit have relevance to the newly filed lawsuit as the dismissal carries down with it previous rulings and orders in the case? | Pretrial Procedure - Memo # 2313 - C - NS.docx | ROSS-003301665-ROSS-003301666 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wynder v. Lonergan, 153 Ind. App. 92 | 307A+749.1 | Pretrial order stipulation is conclusive on the parties and court unless stipulation is withdrawn, amended or supplemented as provided by rules. Rules TR. 15(B), 16(I, J) (Rules of Civil Procedure), IC 1971, 34-5-1-1, Rules 15(b), 16(i, j). | "Is a pretrial order stipulation conclusive on the parties and court unless stipulation is withdrawn, amended or supplemented as provided by rules?" | 027877.docx | LEGALEASE-00131975-LEGALEASE-00131976 |
| Davis v. Hebert, 105 Conn. App. 736 | 307A+517.1 | The withdrawal of an action is analogous to a final judgment, for purposes of rule that a judgment rendered may be opened after the four-month limitations period for opening a judgment, if it is shown that the judgment was obtained by fraud, in the absence of actual consent, or because of mutual mistake, and thus, the four-month limitations period, and its exceptions for fraud, lack of actual consent, and mutual mistake, apply to restoring cases to the docket. C.G.S.A. S 52-212a; Practice Book 1998, S 17-43. | Is the withdrawal of an action analogous to a final judgment? | Pretrial Procedure - Memo # 2408 - C - ES.docx | ROSS-003313535-ROSS-003313536 |
| Lakes v. Marriott Corp., 264 Ga. .475 | 307A+517.1 | Plaintiffs' voluntary dismissal of original action following issuance of arbitration award in favor of defendants deprived superior court of jurisdiction over case and left parties in same position as if suit had never been filed and, therefore, superior court had no authority to enter judgment for defendants in original suit or in refiled suit. O.C.G.A. S 9-11-41(a). | "Does voluntary dismissal of action operate to divest the trial court of jurisdiction, after which the court has no authority to enter additional orders?" | 028096.docx | LEGALEASE-00132258-LEGALEASE-00132259 |
| United States v. Brewster, 506 F.2d 62 | 63+1(1) | The requisite intent to constitute acceptance of bribe by a public official in return for being influenced in his performance of any official act is to accept a thing of value "corruptly" while the comparable intent necessary to constitute accepting an illegal gratuity is to accept a thing of value otherwise than as provided by law for the proper discharge of official duty. 18 U.S.C.A. S 201(c)(1), (g). | What is the difference between the requisite intent to constitute acceptance of bribe and a gratuity? | 011367.docx | LEGALEASE-00133226-LEGALEASE-00133227 |
| United States v. Lynch, 807 F. Supp. 2d 224 | 63+1(1) | Bribery requires a specific intent to perform a quid pro quo, and while this intended exchange need not be made explicit between the parties, the Government must allege and prove some facts from which a jury can infer that there was a specific intent to perform an exchange. | How can a jury infer that there was a specific intent to perform an exchange in a bribery case? | Bribery - Memo #262 - C-JL.docx | ROSS-003327669-ROSS-003327670 |
| Moreland v. State, 304 Ga. App. 468 | 63+1(1) | State's payment for the services of a confidential informant is a long-established practice and cannot constitute a violation of the bribery statute even if the parties contemplated testimony by the paid informant. West's Ga.Code Ann. S 16-10-2(a)(1). | Can the state's payment for the services of a confidential informant constitute a violation of the bribery statute? | 011404.docx | LEGALEASE-00133209-LEGALEASE-00133210 |
| United States v. Abbey, 560 F.3d 513 | 91+168 | In order to convict the defendant of conspiracy to bribe a public official and corrupt solicitation of a bribe by a public official, based on his receipt, while employed as a city administrator, of a subdivision lot from a land developer, the government was not required to prove a direct link from the defendant's receipt of the lot to a promise of some specific official act, but instead, the government was only required to prove that the defendant accepted the property with the corrupt intent to use his official influence in the developer's favor. 18 U.S.C.A. SS 371, 666. | "In order to convict the defendant of corrupt solicitation of a bribe, does the government have to prove a direct link from some specific payment to a promise of some specific official act?" | Bribery - Memo #307 - C-JL.docx | ROSS-003326245-ROSS-003326246 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Doe v. Doe, 122 Md. App. 295 | 184+44 | Allegations of fraud or characterizations of acts, conduct or transactions as fraudulent, without alleging facts which make them such, are conclusions of law insufficient to state a cause of action. | "Are characterizations of acts, without alleging facts, conclusions of law?" | 023230.docx | LEGALEASE-00132848-LEGALEASE-00132849 |
| Doe v. Doe, 122 Md. App. 295 | 184+44 | Allegations of fraud or characterizations of acts, conduct or transactions as fraudulent, without alleging facts which make them such, are conclusions of law insufficient to state a cause of action. | "Are characterizations of acts, without alleging facts, conclusions of law?" | Pleading - Memo 277 - RMM.docx | LEGALEASE-00022622-LEGALEASE-00022623 |
| Succession of Guidry v. Bank of Terrebonne & Tr. Co., 193 So. 2d 543 | 302+8(15) | Allegation of fraud or bad faith is merely a conclusion of law necessitating averment of clear and definite facts and circumstances which, if established by competent evidence, support allegation. | Is an allegation of bad faith a mere conclusion of law? | 023236.docx | LEGALEASE-00132762-LEGALEASE-00132763 |
| Goodman v. Kennedy, 18 Cal. 3d 335 | 302+40 | It is generally an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect in the pleading can be cured by amendment. West's Ann.Code Civ.Proc. S 472c. | QuestionIs it an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment? | Pleading - Memo 282 - RMM.docx | LEGALEASE-00022633-LEGALEASE-00022634 |
| Stilwell v. Stilwell S. Walls, 711 So. 2d 103 | 307A+749.1 | Trial court's authority to impose sanction for failure to comply with pretrial order is not unbridled, and sanction imposed must be commensurate with the offense. | Is the Trial court's authority to impose sanction for failure to comply with pretrial order unbridled? | Pretrial Procedure - Memo # 1896 - C - VP.docx | ROSS-003287812-ROSS-003287814 |
| Jones v. John's Cmty. Hosp., 624 S.W.2d 330 | 307A+718 | Absence of material witness is "sufficient cause" for granting motion for continuance only if proper diligence has been used to procure testimony of witness. Vernon's Ann.Rules Civ.Proc., Rules 251, 252. | "Is the absence of a material witness sufficient cause for continuance, but only if proper diligence has been used to procure testimony of such witness?" | 027185.docx | LEGALEASE-00132834-LEGALEASE-00132835 |
| Contreras By & Through Contreras v. Carbon Cty. Sch. Dist. No. 1, 843 P.2d 589 | 30+3311 | Trial court has discretion to waive requirements contained in its pretrial orders, and ruling which excuses failure to observe pretrial order will not be overturned on appeal unless there has been abuse of discretion. | Will a ruling which excuses failure to observe pretrial order be overturned on appeal unless there has been an abuse of discretion? | Pretrial Procedure - Memo # 2149 - C - SN.docx | ROSS-003286497-ROSS-003286498 |
| Dodd v. Steele, 114 N.C. App. 632 | 102+2 | Neither dismissal of case nor filing of appeal deprives trial court of jurisdiction to hear Rule 11 motions. Rules Civ.Proc., Rule 11, G.S. S 1A-1. | Does the dismissal of a case or the filing of an appeal deprive the trial court of jurisdiction to hear Rule 11 motions? | 027995.docx | LEGALEASE-00133334-LEGALEASE-00133335 |
| Straub v. Smith, No. 31955, 2006 WL 1982878 | 102+196 | Collateral issues that do not go to the merits of an action, including requests for costs and attorney fees, can be determined by the district court after termination or dismissal of the action. | Can collateral issues that do not go to the merits of an action be determined by the district court after termination or dismissal of the action? | 028131.docx | LEGALEASE-00132596-LEGALEASE-00132597 |
| Larson v. Karagan, 979 N.E.2d 655 | 307A+486 | The party seeking to withdraw admissions has the burden of demonstrating the presentation of the merits will be subserved by withdrawal, and the party who obtained the admissions has the burden of demonstrating it will be prejudiced if the trial court permits withdrawal. Trial Procedure Rule 36(B). | Does the party seeking to withdraw admissions have the burden of demonstrating the presentation of the merits will be subserved by withdrawal? | Pretrial Procedure - Memo # 2576 - C - ES.docx | ROSS-003288314-ROSS-003288315 |
| Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853 | 307A+517.1 | While nonsuit by plaintiff may have effect of vitiating earlier interlocutory orders, decision on the merits such as summary judgment is not vitiated; such rule includes partial summary judgments. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "While nonsuit by a plaintiff may have an effect of vitiating earlier interlocutory orders, is the decision on the merits such as summary judgment not vitiated?" | Pretrial Procedure - Memo # 2677 - C - SKG.docx | ROSS-003288117-ROSS-003288118 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Turner v. Mize, 280 Ga. App. 256 | 307A+486 | If a movant to withdraw or amend admissions that have resulted from failure to answer or object to requests for admission fails to make the required showing to satisfy the first prong of the test, that presentation of the merits of the action will be subserved by withdrawal or amendment, then the trial court is authorized to deny the motion to withdraw the admissions. West's Ga.Code Ann. S 9-11-36(b). | "In order to satisfy the first prong of the two-part test for withdrawing or amending admissions, must the moving party show that the presentation of the merits of the case will be subserved by allowing the withdrawal or amendment?" | 028411.docx | LEGALEASE-00132960-LEGALEASE-00132961 |
| Nelson v. QHG of S.C. Inc., 354 S.C. 290 | 307A+517.1 | Unless otherwise stated in the notice of dismissal or stipulation, the voluntary dismissal of an action by a plaintiff with the consent of the opposing party is without prejudice. Rules Civ.Proc., Rule 41(a)(1)(A). | Is the voluntary dismissal of an action by a plaintiff with the consent of the opposing party without prejudice? | Pretrial Procedure - Memo # 2810 - C - BP.docx | ROSS-003301089-ROSS-003301090 |
| Grosch v. Tunica Cty., Mississippi, 569 F. Supp. 2d 676 | 386+7 | Under Mississippi law, difference between trespass to chattels and conversion is primarily one of degree; trespass to chattels involves interference or damage that is of less serious or substantial nature, but conversion claims involve substantial interference or damage. | Is the difference between trespass to chattels and conversion primarily one of degree? | Trespass - Memo 229 - RK.docx | ROSS-003290625-ROSS-003290626 |
| Johnson v. Gen. Motors Corp., 199 Kan. 720 | 413+1 | The employer has interest in workmen's compensation award, and in light of end sought to be achieved by Workmen's Compensation Act, there is public interest as well. K.S.A. 44-531. | "Does the employer have an interest in the workmens compensation award and is there a public interest as well, in light of the end sought to be achieved by the Workmens Compensation Act?" | 047850.docx | LEGALEASE-00132882-LEGALEASE-00132883 |
| Rosser v. Terminix Int'l Co., 143 Ohio App. 3d 157 | 307A+517.1 | Generally, rulings and orders preceding a voluntary dismissal are essentially eradicated and therefore have no res judicata effect. Rules Civ.Proc., Rule 41(A)(1). | Are rulings and orders preceding a voluntary dismissal essentially eradicated and therefore have no res judicata effect? | 028273.docx | LEGALEASE-00133636-LEGALEASE-00133637 |
| U.S. v. 52 Drums Maple Syrup, 110 F.2d 914 | 180+48(7) | The intended use to which adulterated food is to be put after it has been shipped in interstate commerce is immaterial on the question of the government's right to forfeit because of such shipment. Pure Food and Drug Act S 7, subd. 5, and S 10, 21 U.S.C.A. S 8, subd. 5, and S 14. | Do the government has a right to forfeit adulterated food or drug after it has been shipped in interstate commerce? | 006535.docx | LEGALEASE-00133914-LEGALEASE-00133915 |
| Doe v. Garrett, 903 F.2d 1455 | 92+4242 | Military officer's expectation of continued military employment does not rise to level of property interest unless it is rooted in some statute, regulation, or contract. U.S.C.A. Const.Amend. 5. | Does a military officer's expectation of continued military employment rise to level of property interest? | 008426.docx | LEGALEASE-00133883-LEGALEASE-00133884 |
| Arens v. United States, 24 Cl. Ct. 407 | 34+3(1) | Claims Court will give great deference to military when reviewing matters which impinge upon military affairs and national defense. | Does the court accord great deference to military when reviewing matters which impinge upon military affairs and national defense? | Armed Services - Memo 96 - JS.docx | LEGALEASE-00023583-LEGALEASE-00023585 |
| Chapin v. Webb, 701 F. Supp. 970 | 34+3(1) | To extent military regulation is mandatory, it will be enforced by courts; however, where matter is committed to discretion by statute or regulations which do not mandate action, exercise of that discretion is not subject to judicial review. | When a matter is committed to discretion by statute or regulations which do not mandate action is the exercise of that discretion subject to judicial review? | 008973.docx | LEGALEASE-00133732-LEGALEASE-00133733 |
| City of San Antonio v. Fetzer, 241 S.W. 1034 | 92+2437 | The Legislature may delegate the control of city streets to municipal corporations, the local governing bodies of which may then exercise such power to the same extent and for the same purposes as the Legislature could. | Does the legislature have the power to delegate the control of the streets to the municipal corporation? | 019321.docx | LEGALEASE-00133766-LEGALEASE-00133767 |
| Bowman v. State, 162 Wash. 2d 325 | 211+1582 | "Immoral or indecent acts" constituting child molestation refer to acts which offend the public's sense of propriety as well as to acts more suggestive of sexually oriented misconduct to child's body than simply assaultive in nature. O.C.G.A. S 16-6-4. | How is child molestation constituted? | 043047.docx | LEGALEASE-00133850-LEGALEASE-00133851 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Taylor v. Bd. of Ed. of Cabell Cty., 152 W. Va. 761 | 296+2 | General rule is that pension granted by public authority is not contractual obligation but is gratuitous allowance, in continuance of which pensioner has no vested right, and, accordingly, pension is terminable or alterable at will of grantor. | Is pension granted by public authorities a contractual obligation? | Pension - Memo 6 - MS.docx | ROSS-003290559-ROSS-003290561 |
| In re Marriage of Brown, 15 Cal. 3d 838 | 134+712 | Pension rights, whether or not vested, represent property interest, and to extent that such rights derive from employment during coverture, they comprise community asset subject to division in dissolution proceedings; overruling French v. French, 17 Cal.2d 775, 112 P.2d 235. | Does a pension right represent a property interest? | Pension - Memo 7 - MS.docx | ROSS-003318598-ROSS-003318600 |
| Magsalin v. Chace, 255 Ga. App. 146 | 313+48 | The lawsuit that has been renewed after having been discontinued or dismissed by plaintiff is an action de novo; therefore, the procedural requirements for filing new complaints and perfecting service must be met anew. O.C.G.A. S 9-2-61(a). | Is the lawsuit that has been renewed after having been discontinued or dismissed by plaintiff an action de novo? | 028439.docx | LEGALEASE-00134064-LEGALEASE-00134065 |
| Time Warner v. Gonzalez, 441 S.W.3d 661 | 307A+486 | Ordinarily, the burden of showing good cause and no undue prejudice lies with the party seeking withdrawal of deemed admissions. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Does the burden of showing good cause lie with the party seeking withdrawal of deemed admissions? | Pretrial Procedure - Memo # 2934 - C - NC.docx | ROSS-003290328-ROSS-003290330 |
| Marshall v. Vise, 767 S.W.2d 699 | 307A+483 | Unanswered requests for admissions are automatically deemed admitted, unless court on motion permits their withdrawal or amendment. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Are unanswered requests for admissions deemed admitted, unless the court on motion permits their withdrawal or amendment?" | Pretrial Procedure - Memo # 3005 - C - NE.docx | LEGALEASE-00024273-LEGALEASE-00024274 |
| Costello v. Zavodnik, 55 N.E.3d 348 | 307A+486 | As used in rule allowing withdrawal of admissions when party opposing withdrawal cannot demonstrate prejudice, the word "prejudice" does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case. Trial Procedure Rule 36(B). | Does prejudice mean that the obtaining party has suffered a detriment in the preparation of his case? | Pretrial Procedure - Memo # 3041 - C - SKG.docx | LEGALEASE-00024341-LEGALEASE-00024342 |
| Wal-Mart Stores v. Deggs, 968 S.W.2d 354 | 307A+486 | In considering motion to withdraw deemed admissions, delay of trial is factor in determining prejudice against a nonmoving party. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | "In considering a motion to withdraw deemed admissions, is delay of trial a factor in determining prejudice against a nonmoving party?" | 029013.docx | LEGALEASE-00134068-LEGALEASE-00134069 |
| State ex rel. Rosen v. Smith, 241 S.W.3d 431 | 307A+517.1 | In non-jury cases, plaintiff may voluntarily dismiss his suit without a court order at any time prior to the introduction of evidence at trial, and, once plaintiff has done so, it is as if the suit were never brought. V.A.M.R. 67.02(a)(2). | "Once a plaintiff has voluntarily dismissed an action, is it as if the suit had never been filed?" | 029037.docx | LEGALEASE-00134250-LEGALEASE-00134251 |
| Wagy v. Brown, 24 Cal. App. 4th 1 | 307A+485 | Preparation for trial or arbitration is not equivalent of proving truth of matter so as to authorize award of attorney fees under statute authorizing such award for costs incurred by party in proving any matter where proof is necessitated by opposing party's denial of request for admission; expenses are recoverable only where party requesting admission proves truth of matter, not where party merely prepares to do so. West's Ann.Cal.C.C.P S 2033, subd. (o ). | Is preparation for trial or arbitration equivalent of proving truth of matter so as to authorize award of attorney fees? | 030021.docx | LEGALEASE-00134848-LEGALEASE-00134849 |
| Ballard v. United States, 430 A.2d 483 | 211+1597 | Elements required to establish offense of carnal knowledge or statutory rape are sexual intercourse with a female child under age of 16 regardless of whether force was used or assent given. D.C.C.E. S 22-2801. | Is carnal knowledge an element of rape? | Sex Offence - Memo 50 - SB.docx | LEGALEASE-00024578-LEGALEASE-00024580 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kohl v. United States, 226 F.2d 381 | 371+2001 | Direct taxes bear directly upon persons, upon their possession and enjoyment of rights, whereas indirect taxes are levied upon happening of an event, such as an exchange or transmission of property. U.S.C.A. Const. art. 1, SS 2, 9. | Do direct taxes bear directly upon persons? | 045019.docx | LEGALEASE-00134469-LEGALEASE-00134470 |
| Xerox Corp. v. Cty. of Orange, 66 Cal. App. 3d 746 | 371+3602 | Sales tax law imposes a tax at a fixed rate upon the gross receipts and not on the individual sales, and fact that law authorizes a bookkeeping method to compute the amount of tax separately from the sales price does not change the character of the tax. West's Ann.Rev. & Tax.Code, S 6051. | Can bookkeeping change the nature or incidence of a tax? | 045043.docx | LEGALEASE-00134310-LEGALEASE-00134311 |
| Anderson v. Miller Scrap Iron Co., 169 Wis. 106 | 413+1 | The Workmen's Compensation Act has substituted another liability in the place of the employer's common-law liability in tort; but it does not necessarily follow that the principles applicable to torts should be applied to this new liability. | Has the Workmens Compensation Act substituted another liability in the place of the employers common-law liability in tort? | 047995.docx | LEGALEASE-00134859-LEGALEASE-00134860 |
| Com. v. Clarke, 311 Pa. Super. 446 | 63+1(1) | Under section of crimes code proscribing bribery in official and political matters, once offer to confer proscribed benefit or agreement is made, the crime is complete, and there need be no waiting for benefit to actually be conferred. 18 Pa.C.S.A. SS 4701, 4701(a)(3). | "Under section of crimes code proscribing bribery in official and political matters, when is the crime complete?" | Bribery - Memo #480 - C-JL.docx | ROSS-003305047-ROSS-003305048 |
| Hobbs v. Arthur, 264 Ga. 359 | 307A+517.1 | Suit is void and, thus, incapable of renewal, if service was never perfected, as filing of complaint without perfecting service is not pending suit. O.C.G.A. S 9-2-61(a). | "Is a suit void and incapable of renewal, if service was never perfected, as filing of complaint without perfecting service is not pending suit?" | 028544.docx | LEGALEASE-00135260-LEGALEASE-00135261 |
| D. & J. Mineral & Min. v. Wilson, 456 So. 2d 1099 | 388+6(1) | Generally, court owes no duty to notify party of setting of case or to continue case because of absence of party or other engagements of his attorney. | Does a court owe duty to notify party of setting of case or to continue case because of absence of party or other engagements of his attorney? | 029536.docx | LEGALEASE-00135274-LEGALEASE-00135275 |
| Kotter v. Kotter, 2009 UT App 60 | 307A+483 | Under the rule requiring that requests for admissions are deemed admitted if not timely responded to, the penalty for delay or abuse is intentionally harsh, and parties who fail to comply with the procedural requirements of the rule should not lightly escape the consequences of the rule. Rules Civ.Proc., Rule 36. | Will parties who fail to comply with the procedural requirements of admissions escape the consequences of the rule? | 029556.docx | LEGALEASE-00135405-LEGALEASE-00135406 |
| Matthews v. Matthews, 184 So. 3d 173 | 307A+716 | Mere allegations of indisposition of principal trial counsel do not entitle movant to a continuance, and trial court's denial of continuance will be upheld where circumstances of case induce belief that motion was made merely for delay. LSA-C.C.P. art. 1601. | Will the mere allegations of indisposition of counsel entitle the mover to a continuance? | Pretrial Procedure - Memo # 3514 - C - NC.docx | ROSS-003290823-ROSS-003290824 |
| TBF Fin. v. Stone, 213 S.W.3d 231 | 307A+483 | Admissions by party to civil action by failure to respond to request for admissions, like admissions in pleadings, eliminate any need to further prove such matters. V.A.M.R. 59.01. | "Do admissions by the party to a civil action by failure to respond to a request for admissions, like admissions in pleadings, eliminate any need to further prove such matters?" | 029669.docx | LEGALEASE-00134931-LEGALEASE-00134932 |
| Norrell v. Giles, 343 Ark. 504 | 307A+483 | When a party fails to timely answer requests for admission, or otherwise fails to object to them, the requested matters are deemed admitted. Rules Civ.Proc., Rule 36(a). | "When a party fails to timely answer requests for admission, or otherwise fails to object to them, are the requested matters deemed admitted?" | Pretrial Procedure - Memo # 3624 - C - KBM.docx | ROSS-003305155-ROSS-003305156 |
| Reynolds Aluminum Bldg. Prod. Co. v. Leonard, 395 Mass. 255 | 307A+483 | Under Dist./Mun.Cts.R.Civ.P.Rule 36, 43A M.G.L.A., failure to respond to request for admissions conclusively established truth of admissions for the instant case, regardless of importance of matters thus deemed admitted. | Does failure to respond to a request for admissions conclusively establish the truth of admissions for the instant case? | 030041.docx | LEGALEASE-00134923-LEGALEASE-00134924 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Becker v. Walton, 884 N.W.2d 737 | 307A+485 | A hearing on a motion for expenses for a party's failure to admit is a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case. Neb. Discovery R. 6-337(c). | "Is a hearing on a motion for expenses pursuant to discovery rule, a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case?" | Pretrial Procedure - Memo # 3813 - C - DA.docx | ROSS-003291716-ROSS-003291717 |
| Entron v. Callais Cablevision, 307 So. 2d 787 | 307A+483 | Failure to answer request for admission within 15-day statutory period does not per se result in the request for admissions being deemed an admission of truth of the facts sought to be established; device may not be applied to controverted legal issues which go to heart of merits of case. LSA-C.C.P. art. 1496. | Does failure to answer per se result in requests for admissions being deemed an admission of the truth of the facts sought to be established? | 030197.docx | LEGALEASE-00135934-LEGALEASE-00135935 |
| Capitol Novelty Co. v. Evatt, 145 Ohio St. 205 | 371+2010 | Benefits derived from expenditure of public moneys need not be apportioned to the burdens of taxpayer and payment of tax may not be resisted on ground that it is not expended for purposes peculiarly beneficial to taxpayer. Const. art. 1, S 2; art. 12, S 2; U.S.C.A. Const.Amend. 14. | Does the Constitution require the benefits derived from the expenditure of public moneys to be apportioned to the burdens of the taxpayer? | 045240.docx | LEGALEASE-00135031-LEGALEASE-00135032 |
| Fabick & Co. v. Schaffner, 492 S.W.2d 737 | 371+2001 | Name, purpose, designation or character given by legislative body to particular tax in statute or ordinance imposing it is not conclusive upon court in determining nature or purpose of exaction. | Is the designation made by legislature given some weight in determining the nature of tax? | 045259.docx | LEGALEASE-00135159-LEGALEASE-00135160 |
| Decker v. Wheeler, 331 F. Supp. 347 | 34+5(4) | To qualify for conscientious objection discharge, it is not necessary that religious belief lead inexorably to conscientious objection; it is sufficient that one have faith and by reason of that faith is opposed to participation in all wars. | Is it necessary that religious belief lead inexorably to conscientious objection to qualify for conscientious objection discharge? | 008487.docx | LEGALEASE-00137018-LEGALEASE-00137019 |
| United States v. Bonito, 57 F.3d 167 | 63+14 | Instruction stating that bribe had to be made "with the purpose . . . of accomplishing . . . an . . . end" was sufficient to satisfy requirement that bribe be "corrupt", for purposes of federal statute proscribing bribery of officials of public and private entities receiving federal funds, as it made clear that corrupt agreement, offer or payment must precede official act to be influenced or rewarded. 18 U.S.C.A. S 666(a)(2). | What language satisfies the requirement that a bribe be corrupt in jury instructions? | 011327.docx | LEGALEASE-00136909-LEGALEASE-00136910 |
| Etheridge Motors v. Haynie, 103 Ga. App. 676 | 302+8(21) | Unless petition affirmatively shows otherwise that person charged with having actual knowledge of a certain condition does not in fact possess such knowledge, an allegation that he knew or had knowledge of a certain state of facts is not demurrable as a conclusion. | "Is the allegation that a party knew certain facts, a conclusion?" | 023330.docx | LEGALEASE-00136322-LEGALEASE-00136323 |
| In re the Marriage of Perkal, 77 Cal. App. 3d 413 | 307A+716 | Conflicts in attorney's schedule must be brought to court's attention promptly if such conflicts are to be considered as adequate grounds for continuance. | Can conflicts in attorney's schedule be brought to a court's attention promptly if such conflicts are to be considered as adequate grounds for continuance? | Pretrial Procedure - Memo # 3406 - C - SKG.docx | ROSS-003290789-ROSS-003290790 |
| Karat Enterprises v. Marriott Corp, 196 Ga. App. 769 | 307A+483 | Burden is on one failing to answer request for admissions to take initiative and file motion to withdraw or amend admissions. O.C.G.A. S 9-11-36(b). | Is the burden on one failing to answer request for admissions to take initiative and file motion to withdraw or amend admissions? | 029930.docx | LEGALEASE-00136037-LEGALEASE-00136038 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hahamovitch v. Hahamovitch, 133 So. 3d 1008 | 307A+485 | Expenses incurred by a successful litigant as a result of the opposing party's failure to admit requests for admissions may not be assessed against the opposing party for denying a request to admit a hotly-contested, central issue to the case; if the result were otherwise, then where a party denies a request to admit a fact which is the central issue of fact in the case, prevailing party attorney's fees would become the rule, rather than the exception. West's F.S.A. RCP Rule 1.380(c). | "Is it sufficient to support trial court's attorney fee award to plaintiffs as a discovery sanction against defendant, upon finding that defendant's general denial of certain requests for admission was absent?" | 029981.docx | LEGALEASE-00136550-LEGALEASE-00136551 |
| Bruenderman v. Bruenderman, 220 So. 3d 204 | 307A+723.1 | Burden is on the movant to request a continuance to pursue discovery matters, and failure to do so constitutes waiver. URCCC 4.04; Miss. R. Civ. P. 37. | "Is the burden on the movant to request a continuance to pursue discovery matters, and failure to do so constitutes waiver?" | 029999.docx | LEGALEASE-00136766-LEGALEASE-00136767 |
| Jones v. Gillen, 504 So. 2d 575 | 307A+480 | Admissions may be used to establish uncontradicted facts or controversial issues which constitute crux of matter in litigation, and when party receiving request for admissions fails to respond to it by any means, fact is deemed admitted. | Can admissions be used to establish uncontradicted facts or controversial issues which constitute the crux of the matter in litigation? | 030218.docx | LEGALEASE-00136264-LEGALEASE-00136265 |
| Bray v. Miller, 397 S.W.2d 103 | 307A+723.1 | Trial judge does not abuse his discretion in overruling motion for continuance based on absence of witness when allegations of motion are nothing more than mere conclusions of pleader and do not allege specific facts to which absent witness could testify. Rules of Civil Procedure, rules 251, 252. | "Is an application for a continuance, which failed to show any reason for not taking the deposition of an absent witness, properly overruled?" | 030290.docx | LEGALEASE-00136806-LEGALEASE-00136807 |
| Bator v. Hungarian Commercial Bank of Pest, 194 Misc. 232 | 307A+69.1 | Upon an application to take testimony of witnesses outside the state, court has discretion to determine whether testimony should be taken under open commission or oral examination rather than upon written interrogatories. Civil Practice Act, SS 288, 292, 301, 302. | Does a trial court have the discretion to direct whether the interrogatories should be written or oral? | Pretrial Procedure - Memo # 4359 - C - AC.docx | LEGALEASE-00026733-LEGALEASE-00026735 |
| Glisson v. Carlin, 204 A.2d 285 | 307A+69.1 | Right to take deposition of witness more than 100 miles from courthouse by written interrogatories may be abrogated only when court exercises its discretion to order taking of deposition by oral examination. Pa.R.C.P. Nos. 4003(a) (2), 4004(e), 4008, 12 P.S.Appendix. | Does a trial court have the discretion to direct whether the interrogatories should be written or oral? | 030798.docx | LEGALEASE-00136659-LEGALEASE-00136661 |
| Wimberly v. Derby Cycle Corp., 56 Cal. App. 4th 618 | 307A+477.1 | If defendant denies a request for admission submitted by plaintiff, he cannot be forced to admit the fact prior to trial despite its obvious truth. | "Can a defendant be forced to admit the fact prior to trial, despite its obvious truth?" | 030815.docx | LEGALEASE-00136848-LEGALEASE-00136849 |
| Kerner v. Superior Court, 206 Cal. App. 4th 84 | 307A+36.1 | The purpose of the requirement for a court order for discovery of a defendant's net worth to support a claim for punitive damages is to protect defendants' financial privacy and prevent defendants from being pressured into settling nonmeritorious cases in order avoid disclosure of their financial information. West's Ann.Cal.Civ.Code S 3294(c). | What is the purpose of the requirement for a court order for discovery of a defendant's net worth? | 031183.docx | LEGALEASE-00137020-LEGALEASE-00137021 |
| Arthur v. Sexton Dental Clinic, 368 S.C. 326 | 307A+747.1 | Decision whether to conduct a hearing on the issuance of the scheduling order is a matter left to the discretion of the trial judge. | Is the decision whether to conduct a hearing on the issuance of the scheduling order a matter left to the discretion of the judge? | Pretrial Procedure - Memo # 4749 - C - NS.docx | ROSS-003305222-ROSS-003305223 |
| Vellanti v. United States, 119 Fed. Cl. 570 | 34+13(1) | The Military Pay Act confers on an officer the right to the pay of the rank he was appointed to up until he is properly separated from the service. 37 U.S.C.A. S 204. | Does the Military Pay Act confer on an officer the right to the pay of the rank he was appointed to up until he is properly separated from the service? | 008570.docx | LEGALEASE-00137856-LEGALEASE-00137857 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Otten v. Works, 516 S.W.2d 291 | 8.30E+74 | Check on the face of which appears the word "loan" is an instrument containing the contract of the payee to repay the money borrowed. | "Does a check, on the face of which the word loan appears, constitute an instrument containing a contract to repay the money borrowed?" | Bills and Notes Memo 320- GP.docx | ROSS-003303815-ROSS-003303816 |
| People v. Charles, 61 N.Y.2d 321 | 63+1(1) | "Colorable" authority exists when bribe is offered to public official to act corruptly in matter to which he bears some official relation, though act itself may be technically beyond his official powers or duties. McKinney's Penal Law S 200.10. | "When does ""colorable authority"" exist for purposes of bribery of a public official?" | 011848.docx | LEGALEASE-00137567-LEGALEASE-00137568 |
| State v. Pigques, 310 S.W.2d 942 | 67+9(2) | Entry of space within building with intent to steal is necessary to completed crime of burglary, but any entry, however slight, by any part of the body, procured by breaking, with intent to steal or to commit another crime therein, is sufficient. Section 560.070 RSMo 1949, V.A.M.S. | Is entry necessary for burglary? | 012702.docx | LEGALEASE-00137438-LEGALEASE-00137440 |
| Crawford v. State, 44 Ala. 382 | 67+23 | Code, S 3695, provides that one breaking and entering any shop, store, warehouse, or other building, where goods, merchandise or other valuable thing is kept for use, sale, or deposit, with intent to steal, is guilty of burglary. Held, that an indictment charging accused with breaking and entering a shop, but omitting to state that any goods, merchandise, or other valuable thing was there kept for use, sale, or deposit, was insufficient. | Does breaking and entering into a warehouse constitute burglary? | Burglary - Memo 158 - JS.docx | ROSS-003290450-ROSS-003290452 |
| State v. Edwards, 103 Ariz. 487 | 67+4 | Rev. St. S 3526, defines burglary in the second decree to be the breaking and entering-"Second, any shop, store, booth, tent, warehouse, or other building * * * in which there shall be at the time * * * any goods, wares, or merchandise * * * kept or deposited, with intent to steal therein." Held, that a railroad "depot" was included under the general words "other building." | Does breaking and entering into a warehouse constitute burglary? | 012739.docx | LEGALEASE-00137494-LEGALEASE-00137495 |
| State v. Flannagan, 67 Ind. 140 | 279+19 | The inevitable inference from section 1 of the act of March 5th, 1879, 1 R.S.1876, p. 671, is, that a turnpike company has no right to maintain a toll-gate upon a part of its road which has remained out of repair for an unreasonable time; and that if such company persists in maintaining a toll-gate upon any part of its road so remaining out of repair, such toll-gate becomes an obstruction which may be abated as a public nuisance. | Can a toll gate erected on a public highway be abated as nuisance? | 019215.docx | LEGALEASE-00137854-LEGALEASE-00137855 |
| Holz v. Lyles, 287 Ala. 280 | 200+158 | Rule that one maintaining a continuing public nuisance cannot defend against a suit to abate the nuisance because of lapse of time applies to obstruction of public highways. | Can one continuing public nuisance defend against a suit to abate the nuisance because of lapse of time? | Highways -Memo 63 - PR.docx | ROSS-003290493-ROSS-003290494 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ross v. Conco Quarry, 543 S.W.2d 568 | 200+77(9) | Where county court order which purportedly vacated public road was void for failure to comply with statutory requirement of obtaining a report from county highway engineer, county court had never validly exercised its authority up to time second hearing was begun; however, its action in resuming the hearing, after remand from the circuit court for preparation of a record, receiving further evidence, and entering a new order had effect of vacating and abrogating the first, void order; and, furthermore, county court was at liberty to consider petition for vacation as if the first, void order had never been entered. Sections 228.070, 228.110, 228.120, subd. 2 RSMo 1969, V.A.M.S. | Does the failure to obtain report from county highway engineer render an order vacating a road void? | Highways-Memo 78-ANM.docx | ROSS-003329843-ROSS-003329844 |
| Merrick v. Britton, 26 Ark. 496 | 307A+723.1 | Where a party, for any good cause, is unprepared to go to trial, and fails by motion to postpone or continue, to show the fact to the court, at the proper time, he waives his want of preparation, and all right to afterwards object. | Does a party waives all his right to object if he fails to move a case for any good cause he finds himself unprepared to go on? | 030855.docx | LEGALEASE-00137240-LEGALEASE-00137241 |
| Fredricksen v. Bethlehem Steel Co, 17 F.R.D. 307 | 307A+91 | General rule in state courts is that party seeking discovery or examinations must show propriety thereof. | Is the rule in state courts that the party seeking discovery or examinations must show propriety thereof? | Pretrial Procedure - Memo # 4469 - C - SK.docx | ROSS-003331146-ROSS-003331147 |
| George v. Wiseman, 98 F.2d 923 | 307A+720 | The matter of permitting an amendment during the trial, and of thereafter allowing or denying a continuance, rests in the District Court's sound discretion, the exercise of which will not be disturbed on appeal except for an abuse thereof. | Does the matter of permitting an amendment during the trial rest in the District Court's sound discretion? | Pretrial Procedure - Memo # 4649 - C - VA.docx | ROSS-003291096-ROSS-003291098 |
| Chapmond v. Fryar, 559 S.W.2d 931 | 307A+720 | A trial court may grant a continuance after pleadings are amended if satisfied the adverse party could not be ready for trial. | Can a trial court grant a continuance after pleadings are amended if satisfied the adverse party could not be ready for trial? | 031311.docx | LEGALEASE-00137452-LEGALEASE-00137453 |
| Kenney v. Providence Gas Co., 118 R.I. 134 | 307A+720 | In the event the party objecting to amendment of pleadings needs time to meet new evidence, trial judge may grant a continuance. Rules of Civil Procedure, rule 15. | Will a trial justice grant a continuance in the event the objecting party needs time to meet new evidence? | Pretrial Procedure - Memo # 4677 - C - PC.docx | ROSS-003291761-ROSS-003291762 |
| Dixon v. Coffey, 161 Neb. 487 | 302+239(2) | Amendments of pleadings should be allowed whenever amendments appear to be in furtherance of justice, and when such amendments make a continuance necessary, or otherwise increase the costs, such terms should be imposed as are just under the circumstances. R.R.S.1943, S 25-852. | "When the trial judge in the furtherance of justice permit necessary amendments to the pleadings, should it appear necessary in the furtherance of justice to grant a continuance?" | 031348.docx | LEGALEASE-00137357-LEGALEASE-00137358 |
| Foster v. Foster, 149 S.W.3d 575 | 307A+713 | The grant or denial of continuance for good cause shown is largely within the trial court's discretion; this is true even in cases where the request for a continuance is based upon a party's illness. V.A.M.R. 65.01. | Will the plaintiff be granted subsequent continuance based on illness? | 031396.docx | LEGALEASE-00137233-LEGALEASE-00137234 |
| In re Carter's Will, 193 A.D. 355 | 307A+91 | It is the established rule that a party is entitled as a matter of law to an order of examination of adverse party before trial, where the moving papers comply with the statute. | Is it the established rule that a party is entitled as a matter of law to an order of examination of adverse party before trial? | 031429.docx | LEGALEASE-00137345-LEGALEASE-00137346 |
| Parsons v. Moss, 171 Misc. 828 | 307A+91 | The term "necessary" as used in statute regarding examination of adverse party before trial does not mean "indispensable" or "absolutely necessary" but is used in the sense of "needful." Civil Practice Act, S 288. | Does the term necessary as used in statute regarding an examination of an adverse party before trial not mean indispensable? | Pretrial Procedure - Memo # 4754 - C - SN.docx | ROSS-003291200-ROSS-003291201 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re NHC--Nashville Fire Litig., 293 S.W.3d 547 | 307A+91 | Unlike filed discovery, pretrial depositions, interrogatories, and other discovery materials not filed with the court are not public components of a civil trial. | "Are pretrial depositions, interrogatories, and other discovery materials not filed with the court not public components of a civil trial?" | 031500.docx | LEGALEASE-00137176-LEGALEASE-00137177 |
| Woodward v. Heritage Const. Co., 887 N.E.2d 994 | 307A+747.1 | The purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | What is the purpose of a pre-trial order? | 031939.docx | LEGALEASE-00138020-LEGALEASE-00138021 |
| Anchor Cas. Co. v. Wise, 172 Kan. 539 | 413+1834 | The workmen's compensation commissioner must hear all evidence on all points and on all branches of case in order that district court may exercise its right and duty on appeal, and until that is been done and ruling been made, an appeal to district court is ineffectual. G.S.1949, 20-301. | "Does the workmens compensation act establish a procedure of its own, and do such procedures furnish a remedy which is substantial, complete, and exclusive in compensation cases?" | 047916.docx | LEGALEASE-00137111-LEGALEASE-00137112 |
| Patterson v. State, 122 Tex. Crim. 502 | 210+815 | Residential entry is a lesser included offense of burglary which allows a felony prosecution for a housebreak without the need for proof of the intent to commit a target crime. West's A.I.C. 35-43-2-1(1)(B)(i), 35-43-2-1.5. | Is residential entry a lesser included offense of burglary? | Burglary - Memo 189 - KNR.docx | ROSS-003302202-ROSS-003302203 |
| People v. Baker, 20 N.Y.3d 354 | 129+106 | A person may be guilty of disorderly conduct only when the situation extends beyond the exchange between the individual disputants to a point where it becomes a potential or immediate public problem. McKinney's Penal Law S 240.20(3). | Does the law hold a person guilty of disorderly conduct when his acts affect public? | 014407.docx | LEGALEASE-00138344-LEGALEASE-00138345 |
| State v. Quandt, 234 Neb. 402 | 48A+15 | Qualified overwidth and overweight equipment may be moved over "dustless-surfaced state highways" without permit when movement is temporary and necessary for "access to points on such highways"; in such context, "access to points on" dustless-surfaced highways means that, if there is no other route available, one may move qualified equipment over dustless-surfaced highway for reasonable distance. Neb.Rev.St. SS 39-6,177, 39-6,177(2)(f), 39-6,180, 39-6,181(1). | When can overweight equipment or machinery moved on a highway without penalty or permit? | Highways-Memo 120-ANM.docx | ROSS-003304095-ROSS-003304096 |
| Bell v. Nat'l Life & Acc. Ins. Co., 41 Ala. App. 94 | 302+9 | It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support such conclusion, and it is only "mere conclusions" or "bald conclusions" without supporting facts which are objectionable in pleading. | "Are only mere conclusions or bald conclusions without supporting facts, objectionable in pleading?" | 023403.docx | LEGALEASE-00138638-LEGALEASE-00138639 |
| Colonial Tr. Co. v. Alexander, 251 A.D. 856 | 307A+91 | Technical rules relating to examinations before trial are not adhered to in cases involving fiduciary relationship, such as where applicants are infant beneficiaries of trust. Civil Practice Act, S 288. | Are technical rules relating to examinations before trial not adhered to in cases involving a fiduciary relationship? | 031086.docx | LEGALEASE-00138335-LEGALEASE-00138337 |
| In re Bump's Estate, 171 Kan. 442 | 307A+725 | If a continuance is to a day certain, that day controls, but, in absence of express stipulation, a general order of continuance is treated as postponing cause to next term of court. | "Is an order of continuance treated as postponing cause to next term of court, in absence of express stipulation?" | Pretrial Procedure - Memo # 4853 - C - NS.docx | ROSS-003290816-ROSS-003290817 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Garrett v. Kerney, 107 Md. 501 | 307A+74 | Code Pub.Gen.Laws, art. 35, S 17, relating to depositions taken ex parte, provides that they shall be admitted "as if the same had been taken under a commission as prescribed in the preceding section," and "be treated in all respects as if taken under a commission regularly issued," etc. The preceding section requires that "interrogatories be proposed or exhibited." Held, that interrogatories should be returned and filed with ex parte depositions. | "Shall depositions taken ex parte be admitted ""as if the same had been taken under a commission as prescribed in the preceding section""?" | Pretrial Procedure - Memo # 4864 - C - TM.docx | ROSS-003290818-ROSS-003290819 |
| Wiler v. Firestone Tire & Rubber Co., 95 Cal. App. 3d 621 | 307A+726 | Trial court could reasonably conclude that, after a lengthy continuance to obtain evidence, further continuance was an unnecessary delay, despite the plaintiffs' contention that some evidence favorable to them might be developed in the course of federal administrative proceedings. | Will the court reasonably conclude that after a lengthy continuance to obtain evidence further continuance was an unnecessary delay despite the plaintiffs' contention that some evidence might be favorable? | 031694.docx | LEGALEASE-00138418-LEGALEASE-00138419 |
| Palmisano v. Toth, 624 A.2d 314 | 307A+36.1 | If motion to strike claim for punitive damages is granted, then no discovery will be permitted on issue of defendant's ability to respond to punitive damages. | "If a motion to strike a claim for punitive damages is granted, will discovery be permitted on issue of a defendant's ability to respond to punitive damages?" | 032067.docx | LEGALEASE-00138474-LEGALEASE-00138476 |
| Canal Oil Co. v. Nat'l Oil Co., 19 Cal. App. 2d 524 | 307A+717.1 | Liberality should be exercised in granting postponements of trials to obtain presence of material evidence and to prevent miscarriages of justice. West's Ann.Code Civ.Proc. S 595, as amended by St.1933, p. 1873. | Should liberality be exercised in granting postponements or continuances of trial to obtain material evidence and to prevent miscarriage of justice? | Pretrial Procedure - Memo # 2014 - C - DA.docx | ROSS-003302760 |
| Brake v. Murphy, 693 So. 2d 663 | 307A+725 | Trial court does not abuse its discretion in conditioning eve of trial continuance on payment of attorney fees caused by delay. | Will a court be abusing its discretion in conditioning eve of trial continuance on payment of attorney fees caused by delay? | 031550.docx | LEGALEASE-00139195-LEGALEASE-00139196 |
| Mihlon v. Superior Court, 169 Cal. App. 3d 703 | 307A+36.1 | Plaintiff has right to conduct discovery with regard to issue of jurisdiction to develop facts necessary to sustain burden of demonstrating that minimum contacts exist between defendant and forum state. | Does a plaintiff have the right to conduct discovery with regard to an issue of jurisdiction to develop facts necessary to sustain a burden of demonstrating that minimum contacts exist? | Pretrial Procedure - Memo # 5008 - C - NE.docx | ROSS-003289422-ROSS-003289423 |
| O'Dell v. Freightliner Corp., 10 Cal. App. 4th 645 | 307A+502 | Plaintiff in lawsuit has absolute right to dismiss, and neither clerk nor trial court has any discretion in matter. West's Ann.Cal.C.C.P. S 581, subd. (b)(1). | Do a plaintiff in a lawsuit has an absolute right to dismiss and does the clerk or the trial court has any discretion in the matter? | 032213.docx | LEGALEASE-00139051-LEGALEASE-00139052 |
| Paskert v. United States, 20 Cl. Ct. 65 | 34+5(7) | Secretaries of the military, acting through correction board such as the Army Board for the Correction of Military Records (ABCMR), may correct an error or remove an injustice to ensure that the serviceman's record accurately portrays his military career. 10 U.S.C.A. S 1552(a). | Is the Army Board for Correction of Military Records (ABCMR) required to erase injustice and compensate service members? | Armed Services - Memo 171 - JS.docx | ROSS-003287080-ROSS-003287081 |
| Sargisson v. United States, 913 F.2d 918 | 34+11(1) | Secretary of Air Force was required to follow his own regulations in deciding whether to release Air Force reserve officer from active duty, even if Secretary had not been compelled to promulgate regulations and statute under which Secretary proceeded did not itself place any procedural or substantive limitations on Secretary's decision. 10 U.S.C.A. S 681(a). | Is the Secretary of Navy's statutory authority to release a reserve officer from active duty subject to any procedural or substantive limitation? | 008574.docx | LEGALEASE-00139534-LEGALEASE-00139535 |
| Evans v. United States, 504 U.S. 255 | 164T+24(1) | Offense of extortion under color of official right in violation of Hobbs Act is completed at time when public official receives payment in return for his agreement to perform specific official acts, and fulfillment of the quid pro quo is not an element of offense. 18 U.S.C.A. S 1951. | Is the fulfillment of the quid pro quo an element of the offense of bribery? | 011125.docx | LEGALEASE-00139632-LEGALEASE-00139633 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marin v. Exxon Mobil Corp., 2009-2368 | 260+92.10 | Lessee does not necessarily have duty to restore land to its pre-lease condition, particularly where, unlike dredged canals, subsurface contamination is not overt and cannot be considered wear and tear. | Does a lessee have a duty to restore the land to its pre-lease condition? | Mines and Minerals - Memo #63 - C - CSS.docx | ROSS-003301929-ROSS-003301930 |
| Marrs v. R.R. Comm'n, 142 Tex. 293 | 260+92.13 | Every landowner or oil and gas lessee is entitled to fair chance to recover oil or gas in or under his land, or their equivalent in kind, and any denial of such chance amounts to "confiscation". | Is every owner or lessee of land entitled to a fair chance to recover the oil and gas in or uder his land? | 021650.docx | LEGALEASE-00139365-LEGALEASE-00139366 |
| Life Care Centers of America v. Charles Town Associates Ltd. Partnership, 79 F.3d 496 | 289+1145 | "Limited partnerships" are business organizations in which limited partners are precluded by law from participating in operation of partnership; in exchange for their abstention from participating in management of business, law provides limitedinvestors with limited liability for debts of partnership. | Can a limited partner participate in the management of the business and have limited liability for the debts of the partnership at the same time? | 022301.docx | LEGALEASE-00139536-LEGALEASE-00139537 |
| Raven v. Panama Canal Co., 583 F.2d 169 | 92+3072 | Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the equal protection clause. U.S.C.A.Const. Amend. 14. | Is an Act of Congress that treats aliens differently than citizens considered invidious? | "Aliens, Immigration and Citizenship - Memo 13 - RK.docx" | ROSS-003287009-ROSS-003287011 |
| Barham v. Grant, 185 Ga. 601 | 200+77(3) | County authorities cannot lawfully discontinue a public road, either in whole or in part, except in manner provided by law, after application and notice of registration in proper office. Code 1933, S 95-207. | Can county authorities lawfully discontinue a public road? | 018659.docx | LEGALEASE-00140586-LEGALEASE-00140587 |
| Taylor v. Bd. of Ed. of Cabell Cty., 152 W. Va. 761 | 296+2 | General rule is that pension granted by public authority is not contractual obligation but is gratuitous allowance, in continuance of which pensioner has no vested right, and, accordingly, pension is terminable or alterable at will of grantor. | Is pension granted by public authority or is it a contractual obligation? | Pension - Memo 19 - SB.docx | ROSS-003289018-ROSS-003289019 |
| Reynolds v. Reynolds, 14 Cal. App. 2d 481 | 307A+69.1 | When a deposition is taken upon written interrogatories, opposing party or his counsel have right to be present, and exclusion of defendant and her counsel from taking of deposition of plaintiff on written interrogatories voided the procedure, even if it were otherwise valid. Code, S 38-2101. | Do the exclusion of defendant and a counsel from taking of deposition of plaintiff on written interrogatories make void the procedure even if it were otherwise valid? | 029127.docx | LEGALEASE-00139701-LEGALEASE-00139702 |
| Bulwinkle v. Cramer, 30 S.C. 153 | 307A+74 | Where a deposition is received by mail or express, under the seal of the officer, it is not necessary to show, before it can be read that the requirement that the officer shall retain it in his hands until delivered to court was complied with. | "Where a deposition is received by mail or express, is it not necessary to show, before it can be read that the requirement that the officer shall retain it in his hands until delivered to court?" | 032368.docx | LEGALEASE-00140197-LEGALEASE-00140198 |
| Young v. Mackall, 4 Md. 362 | 307A+74 | Where a commission is silent as to the time and place of its execution, the notice governs in these particulars, and it is just as requisite the return should show a compliance with the terms of the notice as to place and day, as if they had been designated in the commission. | "Where a commission is silent as to the time and place of its execution, does the notice govern in these particulars?" | Pretrial Procedure - Memo # 5571 - C - SK.docx | ROSS-003287992-ROSS-003287993 |
| Finks v. Middleton, 795 S.E.2d 789 | 13+13 | Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a motion to dismiss for lack of jurisdiction. N. C. R. Civ. P. 12(b)(1). | "Is standing, which is properly challenged by motion to dismiss, a necessary prerequisite to a court's proper exercise of subject matter jurisdiction?" | 032874.docx | LEGALEASE-00140013-LEGALEASE-00140014 |
| Messner v. Am. Union Ins. Co., 119 S.W.3d 642 | 366+35 | Subrogation based upon the common law, i.e., legal subrogation, is not an option where it would be inconsistent with the terms of the contract; thus, contract provisions waiving subrogation rights are valid and enforceable. | Is subrogation or equitable subrogation applicable where its enforcement would be inconsistent with the terms of a contract? | 043555.docx | LEGALEASE-00139987-LEGALEASE-00139988 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bidart Bros. v. California Apple Comm'n, 73 F.3d 925 | 170B+2036 | Three primary factors for determining whether assessment is "tax" under Tax Injunction Act (TIA) include: entity that imposes assessment; parties upon whom assessment is imposed; and whether assessment is expended for general public purposes, or used for regulation or benefit of parties upon whom assessment is imposed. 28 U.S.C.A. S 1341. | Is San Juan Cellular test used to determine whether an assessment is a tax? | Taxation - Memo # 130 - C - CK.docx | ROSS-003318454-ROSS-003318455 |
| United States v. Michelson, 165 F.2d 732 | 110+29(5.5) | The test of whether single transaction includes distinct offenses of offering and of giving bribe is whether separate acts have been committed with requisite criminal intent. Cr.Code, S 39, 18 U.S.C.A. S 201. | What is the test to determine whether a single transaction involves the distinct offenses of offering and giving a bribe? | 012069.docx | LEGALEASE-00140782-LEGALEASE-00140783 |
| People v. Bac Tran, 80 N.Y.2d 170 | 63+1(1) | "Understanding" which supports bribery conviction, is at least a unilateral perception or belief by a perpetrator that the public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will be influenced. McKinney's Penal Law S 200.00. | "What does the ""understanding,"" which supports a bribery conviction refer to?" | 012160.docx | LEGALEASE-00141983-LEGALEASE-00141984 |
| Marler v. Moultrie-Shelby Farm Serv., 11 Ill. App. 3d 204 | 113+3 | To become binding upon parties, custom or usage must have antiquity, uniformity and universality and must have continued for sufficient length of time that parties must have contracted in relation to it. | "In order for a custom or usage to be binding, must it have antiquity, uniformity and universality?" | 014130.docx | LEGALEASE-00141718-LEGALEASE-00141719 |
| Gerseta Corp. v. Silk Ass'n of Am., 220 A.D. 293 | 113+3 | The essential elements of "custom" or "usage" are that it must be ancient, certain, uniform, compulsory, consistent, general, continued, notorious, reasonable, not a contravention of law or public policy, and acquiesced in by persons acting within the scope of its operations. | What are the essential elements of custom and usage? | Customs & Usage - Memo 137 - RK.docx | ROSS-003287392-ROSS-003287393 |
| Rosenberg Bros. & Co. v. U.S. Shipping Bd. Emergency Fleet Corp., 7 F.2d 893 | 113+19(3) | Custom or usage, to be binding, must be definite, uniform, and well known, and be established by clear and satisfactory evidence, and shown to be long-established, reasonable, and generally acquiesced in. | Must a custom or usage be generally acquiesced to in order to be binding? | 014146.docx | LEGALEASE-00141736-LEGALEASE-00141737 |
| Tate-Jones & Co. v. Union Elec. Steel Co., 281 Pa. 448 | 113+3 | For usage to become custom, binding those in trade or business to which it refers, meaning ascribed to word must be shown to be certain, continuous, uniform, and notorious. | "For usage to become custom, must the meaning ascribed to a word be shown to be certain?" | 014147.docx | LEGALEASE-00141738-LEGALEASE-00141739 |
| Heistand v. Bateman, 41 Colo. 20 | 113+3 | Custom or usage relating to a particular business, in order to be available for the purpose of determining the rights of parties, must be uniform, notorious, and reasonable. | When can custom or usage relating to a particular business be used to determine the rights of parties? | 014175.docx | LEGALEASE-00141829-LEGALEASE-00141830 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Phillips Petroleum Co. v. Lujan, 951 F.2d 257 | 260+5.1(5) | Oil and gas leases for federal and Indian lands, as well as federal statutes and regulations governing payment of royalties on such leases, authorized federal authorities to obtain from lessee records that were more than six years old, even though there was statutory six-year limitations on maintaining records and on actions to collect royalty payments; officials were not asserting claim for nonpayment of royalties, leases required lessee to permit authorities to inspect all records without time limitation, and statute required lessee to make available for inspection and duplication "the appropriate records" without time limitation. Federal Oil and Gas Royalty Management Act of 1982, S 103(b), 30 U.S.C.A. S 1713(b); 28 U.S.C.A. S 2415. | Is a defendants order for the plaintiff to provide records within the defendants authority under the lease agreement and under the pertinent statues and regulations governing the management of royalty payments? | 021156.docx | LEGALEASE-00140851-LEGALEASE-00140852 |
| LaSalle Nat. Bank v. City of Highland Park, 344 Ill. App. 3d 259 | 302+8(1) | Illinois is a fact-pleading state; accordingly, a pleader is required to set out the ultimate facts that support his or her cause of action, and legal conclusions unsupported by allegations of specific facts are insufficient. | Is the pleader required to set out ultimate facts that support his or her cause of action? | Pleading - Memo 397 - RMM.docx | ROSS-003301127-ROSS-003301128 |
| Youssef v. Jones, 77 Ohio App. 3d 500 | 307A+485 | Even if requesting party is able to prove matter requested to be admitted, responding party should not be charged for cost of proving issue, since denial based on belief that matter was disputable is good reason for not admitting matter. Rules Civ.Proc., Rules 36(A), 37(C); R.C. S 2335.06. | "Should a party who unjustifiably fails to admit the truth of a matter requested, pay petitioning party ""the reasonable expenses incurred in making that proof?" | Pretrial Procedure - Memo # 4306 - C - KBM.docx | LEGALEASE-00031136-LEGALEASE-00031137 |
| Black & White Cab Co. v. Doville, 221 Ark. 66 | 307A+713 | The granting of a continuance is within the sound discretion of the trial court, and it is not an abuse of discretion to refuse to continue a cause on account of the absence of a witness when there appears no reasonable assurance of finding that witness. | Will a refusal of continuance on ground of absence of witnesses be an abuse of discretion? | 032189.docx | LEGALEASE-00141547-LEGALEASE-00141548 |
| Rachac v. Spencer, 49 Minn. 235 | 307A+74 | Gen.St.1878, c. 73, S 36 (M.S.A. SS 597.01, 597.02), authorizes the deposition of a person in another state to be taken before any officer authorized to administer an oath. Section 37 (M.S.A. SS 597.03, 597.07, 597.08, 597.10) provides that the officer shall annex to the deposition a certificate "under his hand and official seal," if he have one, stating what office he held when the deposition was taken, that he was authorized to administer oaths, and as to the giving of notice, etc. Section 39 (M.S.A. S 597.13) declares that "no informality, error, or defect in any proceeding under this statute shall be sufficient ground for excluding the deposition, unless the party making objection thereto shall make it appear to the satisfaction of the court" that the officer was not authorized to administer an oath, or that such party was by such informality, etc., precluded from appearing, etc. Held, that the omission of the official seal to the certificate of authentication of a deposition taken before a notary public in another state is an informality merely, under section 39 (M.S.A. S 597.13), and not alone sufficient to warrant the rejection of the deposition on the trial. | Does the statute authorize the deposition of a person in another state to be taken before any officer authorized to administer an oath? | Pretrial Procedure - Memo # 5430 - C - KG.docx | ROSS-003314867-ROSS-003314868 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| R.C. Const. Co. v. Nat'l Office Sys., 622 So. 2d 1253 | 307A+679 | On motion to dismiss for lack of personal jurisdiction, all allegations of complaint, together with reasonable inferences flowing therefrom, are accepted as true. | "On a motion to dismiss for lack of personal jurisdiction, are all allegations of the complaint accepted as true?" | Pretrial Procedure - Memo # 5727 - C - CK.docx | ROSS-003289428-ROSS-003289429 |
| Cabanne v. Walker, 31 Mo. 274 | 307A+74 | The rule requiring depositions taken in another cause to be filed before they are read may be dispensed with when the ends of justice require it. When the evidence would operate as a surprise, the rule should not be suspended, except on terms which would not work injustice; but if the evidence is merely cumulative, and will not surprise, the rule may be dispensed with. | Can the rule requiring depositions taken in another cause to be filed before they are read be dispensed with when the ends of justice require it? | 033377.docx | LEGALEASE-00141051-LEGALEASE-00141052 |
| In re Knight's Estate, 31 Wash. 2d 813 | 371+3302 | An inheritance tax, like any other tax, is a legal imposition exclusively of statutory origin and, consequently, any liability for payment thereof must be found in the statute, or else it does not exist. Rem.Supp.1945, S 11201. | Is tax a legal imposition exclusively of statutory origin? | 045165.docx | LEGALEASE-00141057-LEGALEASE-00141058 |
| Jenkins v. Weyerhaeuser Co., 143 Wash. App. 246 | 413+2084 | Under the Industrial Insurance Act (IIA), which is the product of a compromise between employers and workers, employers accepted limited liability for claims that might not have been compensable under the common law and, in exchange, workers forfeited common law remedies. West's RCWA 51.04.010 et seq. | "Under the Industrial Insurance Act, what did the employers accept and what did the workers forfeit?" | 048089.docx | LEGALEASE-00140770-LEGALEASE-00140771 |
| Piersall v. Winter, 507 F. Supp. 2d 23 | 34+36 | Under the Uniform Code of Military Justice, military commanders can punish service personnel through judicial proceedings-taking the form of general, special, or summary courts martial-or by imposing non-judicial punishment ("NJP"). 10 U.S.C.A. S 815. | Can military commanders punish service personnel through judicial proceedings? | 008618.docx | LEGALEASE-00142181-LEGALEASE-00142182 |
| United States v. O'Brien, 994 F. Supp. 2d 167 | 63+13 | Generally, in a bribery case, whether wages are bona fide and paid in the usual course of business are questions of fact for the jury. 18 U.S.C.A. S 666(c). | "In relation to an exception to bribery statute, the question whether wages are bona fide and paid in the usual course of business are questions of fact for the jury?" | 011614.docx | LEGALEASE-00142853-LEGALEASE-00142854 |
| Miller v. R.R. Comm'n of Tex., 185 S.W.2d 223 | 260+92.32(1) | On application for additional oil well permits as excepting to spacing rule 37 average density of wells in eight times area surrounding given tract is not conclusive criterion on issue of drainage and confiscation and gives particular producer no vested right to drill particular tract to such density, but is at most evidentiary, and its value as evidence depends on size of eight times area, location of wells therein, and whether such wells cause local uncompensated drainage as between adjacent tracts in area, not regional migration in field as whole. | Is the average density of the eight times surrounding area a conclusive criterion on the issue of drainage and confiscation? | 021247.docx | LEGALEASE-00143284-LEGALEASE-00143285 |
| Sun Operating Ltd. P'ship v. Oatman, 911 S.W.2d 749 | 260+49 | When surface is separated from minerals, adverse possession of mineral rights is accomplished by drilling and producing for statutory period of time. | "When the surface is separate from the minerals, may adverse possession be accomplished by drilling and producing for the statutory period of time?" | Mines and Minerals - Memo #202 - C - CSS.docx | ROSS-003288919 |
| Chandler v. Illinois Cent. R. Co., 207 Ill. 2d 331 | 302+11 | Although a complaint is deficient when it fails to allege the facts necessary for recovery, the plaintiff is not required to set out evidence; only the ultimate facts to be proved should be alleged, not the evidentiary facts tending to prove such ultimate facts. | Is a complaint deficient when it fails to allege the facts necessary for the plaintiff to recover? | Pleading - Memo 410 - RMM.docx | ROSS-003301133-ROSS-003301134 |
| Drumm Corp. v. Wright, 326 Ga. App. 41 | 106+32.5(2) | To the extent that defendant's evidence alleging lack of personal jurisdiction controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. | Does a defendant who files a motion to dismiss for lack of personal jurisdiction have the burden of proving lack of jurisdiction? | 032937.docx | LEGALEASE-00143580-LEGALEASE-00143581 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fire Ass'n of Philadelphia v. Masterson, 83 S.W. 49 | 307A+74 | The fact that a deposition was not marked "Filed" by the clerk did not furnish any reason for its exclusion, it having been duly taken and returned and placed among the papers in the case. | "Does the fact that the deposition was not marked ""Filed"" by the clerk furnish any reason for its exclusion?" | 032997.docx | LEGALEASE-00143005-LEGALEASE-00143006 |
| Roman Catholic Diocese of Jackson v. Morrison, 905 So. 2d 1213 | 307A+554 | Attacks via a motion to dismiss based on lack of subject matter jurisdiction are either facial or factual; a "facial attack" alleges the court lacks jurisdiction as a matter of law, regardless of the determination of factual disputes, whereas a "factual attack" requires resolution by the trial court of one or more factual disputes in order to determine subject matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1). | Are attacks on jurisdiction facial or factual? | 033020.docx | LEGALEASE-00143544-LEGALEASE-00143545 |
| Johnston v. Johnston, 825 N.E.2d 958 | 106+32.5(2) | Challenge to personal jurisdiction may be raised either as affirmative defense in answer to complaint, or in motion to dismiss. | "Can a challenge to personal jurisdiction be raised either as affirmative defense in answer to complaint, or in motion to dismiss?" | Pretrial Procedure - Memo # 5785 - C - SS.docx | ROSS-003304817-ROSS-003304818 |
| Wallingford v. Trinity Universal Ins. Co., 253 S.W.3d 720 | 307A+554 | A motion to dismiss based on the absence of subject matter jurisdiction is the functional equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | Is a motion to dismiss due to a lack of subject-matter jurisdiction the functional equivalent of a plea to the jurisdiction? | 033447.docx | LEGALEASE-00143019-LEGALEASE-00143020 |
| Venetian Salami Co. v. Parthenais, 554 So. 2d 499 | 106+32.5(2) | Plaintiff may seek to obtain jurisdiction over nonresident defendant by pleading the basis for service in the language of the statute, without pleading supporting facts; defendant's filing of motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise legal sufficiency of the pleadings and, defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. West's F.S.A. S 48.193; West's F.S.A. RCP Rule 1.070(i). | "If only the motion to dismiss for lack of personal jurisdiction is filed, then does the defendant merely raise the legal sufficiency of the pleadings?" | 033455.docx | LEGALEASE-00143120-LEGALEASE-00143121 |
| Verploegh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+560 | In response to motion to dismiss, the plaintiff has the burden to prove reasonable diligence to obtain service of process. Sup.Ct.Rules, Rule 103(b). | Does a plaintiff have the burden to prove reasonable diligence to obtain service of process in response to a motion to dismiss? | 033791.docx | LEGALEASE-00142126-LEGALEASE-00142127 |
| Maddox v. Stone, 174 Md. App. 489 | 307A+746 | Scheduling orders must be given respect as orders of the circuit court, and the court may, under appropriate circumstances, impose sanctions upon parties who fail to comply with the deadlines in scheduling orders. Md.Rule 2-504. | Should scheduling orders be given respect as orders of the circuit court? | 033899.docx | LEGALEASE-00142276-LEGALEASE-00142277 |
| O'Hara v. City of Hattiesburg, 222 So. 3d 314 | 307A+560 | Trial court's order dismissing pedestrian's negligence case against city, for injuries sustained when street suddenly caved in, was premature, given that court dismissed the complaint for insufficient service of process only a little over three weeks after the complaint was filed and rule provided that a plaintiff had 120 days in which to serve the defendant. Miss. R. Civ. P. 4(h). | "Can an action be dismissed for insufficient service before the expiration of a 120-day period, under the rule permitting the period for service of process?" | 033929.docx | LEGALEASE-00142380-LEGALEASE-00142381 |
| Kim v. Magnotta, 249 Conn. 94 | 307A+560 | Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss. | "Because a lack of personal jurisdiction can be waived by the defendant, do the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss?" | 034417.docx | LEGALEASE-00143590-LEGALEASE-00143591 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Smith, 10 R.I. 258 | 352H+41 | Common-law rule of marital exemption precluding finding husband guilty of rape committed by himself upon his wife was based on three major justifications; first, notion that woman was property of her husband or father, second, that husband and wife were one person, that after marriage man and woman no longer retained separate legal existence, and third, that by entering marriage contract wife consents to sexual intercourse with her husband; however, those justifications were insufficient to exempt husbands from charge of rape where judicial decree of separation has been entered, where spouse has filed for divorce or separate maintenance or where spouses are simply living apart. N.J.S.A. 2A:138-1 (Repealed). | "Can a husband be charged with rape for having sexual intercourse with his spouse, who has initiated legal proceedings for divorce?" | Sex Offence - Memo 100 - RK.docx | LEGALEASE-00033048-LEGALEASE-00033049 |
| State v. James W., 87 Conn. App. 494 | 110+474.4(4) | Expert testimony concerning certain behavior patterns of minor victims of sexual abuse in general may assist the jury in assessing the credibility of a particular complaining victim. | Can experts in child sexual abuse cases comment on victims credibility? | Sex Offence - Memo 79 - RK.docx | LEGALEASE-00033058-LEGALEASE-00033059 |
| Nashville, C. & St. L. Ry. v. Wallace, 288 U.S. 249 | 371+2005 | Taxing power does not depend upon taxpayer's enjoyment of any special benefit from use of funds raised by taxation. U.S.C.A. Const.Amend. 14. | Does the taxing power depend upon taxpayer's enjoyment of benefit from use of funds raised by taxation? | 045585.docx | LEGALEASE-00142441-LEGALEASE-00142442 |
| Twp. of Holmdel v. New Jersey Highway Auth., 190 N.J. 74 | 371+2060 | All real property within New Jersey is subject to taxation unless expressly exempted by the Legislature. N.J.S.A. Const. Art. 8, S 1, par. 2; N.J.S.A. 54:4-1. | Is all real property within state subject to taxation unless expressly exempted by the Legislature? | Taxation - Memo # 720 - C - KBM.docx | LEGALEASE-00033281-LEGALEASE-00033282 |
| Gulf States Underwriters of Louisiana v. Bennett, 260 Ga. App. 699 | 413+2 | Workers' Compensation Act constitutes complete code of laws upon subject, and recoverability of workers' compensation benefits is strictly matter of statutory construction, because there is no common law right to such benefits. West's Ga.Code Ann. S 34-9-1 et seq. | Is the Workers Compensation Act a complete code of laws? | Workers Compensation - Memo #392 ANC.docx | ROSS-003288999 |
| Merrill Lynch, Pierce, Fenner & Smith v. Salvano, 999 F.2d 211 | 25T+156 | Federal district courts may issue preliminary injunctive relief in disputes that are ultimately to be resolved by arbitration panel. | Does a district court have the power to issue preliminary injunctive relief in disputes that are ultimately to be resolved by an arbitration panel? | 007670.docx | LEGALEASE-00144690-LEGALEASE-00144692 |
| Davis v. United States, 47 Ct. Cl. 195 | 34+26 | In view of the fact that the practice of the Navy Department has been to order a paymaster's clerk, upon the completion of his duty abroad, to proceed to his home in the United States, his appointment should not be considered as revoked until his arrival in the United States. | Is a paymaster's clerk entitled to be returned to his home at the expense of the Government before being discharged? | 008655.docx | LEGALEASE-00144590-LEGALEASE-00144591 |
| United States v. Anderson, 517 F.3d 953 | 350H+653(4) | If the payer's intent is to influence or affect future actions, then the payment is a "bribe," within the meaning of the Sentencing Guidelines; if, on the other hand, the payer intends the money as a reward for actions the payee has already taken, or is already committed to take, then the payment is a "gratuity." U.S.S.G. SS 2C1.1, 2C1.2, 18 U.S.C.A. | "When a payor intends to influence an official's future actions, what does the payment constitute?" | 012236.docx | LEGALEASE-00143911-LEGALEASE-00143912 |
| United States v. Collins, 78 F.3d 1021 | 164T+22 | For purposes of Hobbs Act, fear connected with threats of economic loss need not be the product of defendant's actions. 18 U.S.C.A. S 1951. | "For the purposes of the Hobbs Act, does the fear connected with threats of economic loss need to be the product of the defendant's actions?" | Bribery - Memo #849 - C - LB.docx | ROSS-003290965-ROSS-003290966 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| NCNB Texas Nat. Bank, N.A. v. West, 631 So. 2d 212 | 260+47 | "Nonownership" theory of gas ownership, because it recognizes migratory nature of oil and gas, requires actual possession to establish ownership of resource, and right held by landowner is right to reduce oil and gas to possession or to sever right for economic consideration. | Does the non-ownership theory recognize the migratory nature of oil and gas and require actual possession to establish ownership? | 021371.docx | LEGALEASE-00144073-LEGALEASE-00144074 |
| In re Marriage of Peck, 242 Ariz. 345, 395 P.3d 734 | 307A+554 | If the petitioner's claim and the non-resident defendant's forum-related activities are not sufficiently connected, dismissal based on lack of jurisdiction is warranted. | "If a petitioner's claim and the non-resident defendant's forum-related activities are not sufficiently connected, is dismissal based on lack of jurisdiction warranted?" | Pretrial Procedure - Memo # 5690 - C - MS.docx | ROSS-003288926-ROSS-003288927 |
| Laflamme v. Goodwin, 911 N.E.2d 660 | 106+35 | A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss, and in either case, once the party contesting jurisdiction challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. | Can a challenge to personal jurisdiction be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss? | 033041.docx | LEGALEASE-00143792-LEGALEASE-00143793 |
| Gray v. Winthrop, 115 Fla. 721 | 371+2288 | State taxation is authorized, limited, and regulated by state Constitution and statutes enacted thereunder, subject only to applicable and controlling federal law, and state Constitution may designate or authorize statutory designations of classes of property exempt from taxation when organic property rights, secured by Federal Constitution, are not thereby violated. | Can state constitution designate or authorize statutory designations of classes of property? | 033708.docx | LEGALEASE-00144393-LEGALEASE-00144394 |
| Campion v. Angier, 16 Tex. 93 | 307A+726 | The application for a second continuance because a material witness was absent should state that no other witness is in attendance by whom the defendant could prove the same facts, or, in the words of the statute, "that the testimony cannot be obtained from any other source." | "To meet the requirements of the statute for a second application for continuance, is it required to allege that the testimony to be elicited from the witnesses could not be procured from any other source?" | 034029.docx | LEGALEASE-00144625-LEGALEASE-00144626 |
| Chacha v. Transp. USA, 78 So. 3d 727 | 307A+583 | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings. | Does a trial court have the inherent authority to dismiss a suit when the plaintiff commits a fraud on the court? | 034491.docx | LEGALEASE-00144157-LEGALEASE-00144158 |
| Clapper v. Oregon State Police, 228 Or. App. 172 | 307A+552 | Where a case becomes moot, dismissal is the appropriate disposition, and, typically, when a judgment dismisses the complaint, the defending party is considered the prevailing party. | Is dismissal the appropriate disposition where a case becomes moot and is the defending party considered the prevailing party when the complaint is dismissed? | Pretrial Procedure - Memo # 6956 - C - SKG.docx | ROSS-003289928-ROSS-003289929 |
| Dixie Fuel Co. v. Comm'r of Soc. Sec., 171 F.3d 1052 | 307A+552 | Defendant who seeks to have a case dismissed as moot must demonstrate that there is no reasonable expectation that the alleged wrongs will be repeated. | "Should a defendant who seeks to have a case dismissed as moot, demonstrate that there is no reasonable expectation that the alleged wrongs will be repeated?" | Pretrial Procedure - Memo # 7122 - C - VA_57795.docx | ROSS-003294189-ROSS-003294190 |
| Wheeling, P. & C. Transp. Co. v. City of Wheeling, 99 U.S. 273 | 371+2005 | The state tax laws cannot restrain the action of the national authority nor can they abridge the operation of any law which Congress may constitutionally pass. | Can the state laws restrain the action of the national authority which Congress may constitutionally pass? | 045745.docx | LEGALEASE-00144367-LEGALEASE-00144368 |
| Commonwealth v. Union Pac. R. Co., 214 Ky. 339 | 371+2005 | Personal tax may be imposed on all domiciled within territories of state, whether he be citizen, alien, or corporation. | "Can personal tax be imposed on all domiciled within the territories of state irrespective of whether he is a citizen, alien, or corporation?" | 045767.docx | LEGALEASE-00144476-LEGALEASE-00144477 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United Computer Sys. v. AT & T Corp., 298 F.3d 756 | 25T+182(1) | Arbitration rights are subject to constructive waiver if three conditions are met: (1) the waiving party must have knowledge of an existing right to compel arbitration; (2) there must be acts by that party inconsistent with such an existing right; and (3) there must be prejudice resulting from the waiving party's inconsistent acts. | When are arbitration rights subject to constructive waiver? | Alternative Dispute Resolution - Memo 738 - RK.docx | ROSS-003288688-ROSS-003288690 |
| Whitehall Oil Co. v. Heard, 197 So. 2d 672 | 260+55(1) | A landowner cannot create a single servitude or mineral royalty right on two or more noncontiguous tracts, and if this is attempted by a single instrument, there are nevertheless as many servitudes or royalty interests as there are noncontiguous tracts of land. | Can a single mineral servitude be created on two or more noncontiguous tracts of land? | 021465.docx | LEGALEASE-00146153-LEGALEASE-00146154 |
| Herrington v. Martinez, 45 F. Supp. 543 | 260+12 | Provisions of federal and California statutes requiring one locating mining claim to be a citizen of the United States or to have filed declaration of intention to become a citizen are merely "directory" as against everyone except the sovereign authority of the government, and ownership of mining claim by alien is subject to question in regard to his citizenship by the government alone. 30 U.S.C.A. S 22; Civ.Code Cal. S 1426. | Is the ownership of a mining claim by an alien subject to question in regard to his citizenship by the United States government alone? | 021509.docx | LEGALEASE-00145064-LEGALEASE-00145065 |
| Bowes v. Perkins, 169 Misc. 624 | 296+2 | The purpose of soldier's pension is to promote the soldier's comfort, to secure to him the bounty of the government free from the claims of creditors, and to insure him and his family a safe, although modest, maintenance so long as their needs require it. | What is the purpose of a soldiers pension? | 022813.docx | LEGALEASE-00145415-LEGALEASE-00145416 |
| Rodriguez v. Yenawine, 556 S.W.2d 410 | 302+11 | Pleading may be upheld when technical elements of cause of action, without allegations of ultimate facts to be proved, are alleged in petition. Rules of Civil Procedure, rules 45, 47. | "Should pleadings be upheld when technical elements of cause of action, without allegations of ultimate facts to be proved, are alleged?" | 023547.docx | LEGALEASE-00145591-LEGALEASE-00145592 |
| Peterson v. McCawley, 135 Idaho 282 | 307A+746 | Permissible sanctions for failing to obey a pretrial scheduling order include those outlined in discovery rule for violation of discovery orders, and the imposition of sanctions subject to the same standards as sanctions for discovery violations; use of such sanctions is discretionary with the trial court. Rules Civ.Proc., Rules 16(i), 37(b)(2). | Do permissible sanctions for failing to obey a pretrial scheduling order include those outlined in discovery rule for violation of discovery orders? | 034074.docx | LEGALEASE-00145218-LEGALEASE-00145219 |
| Beasley v. Girten, 61 So. 2d 179 | 307A+746 | The court has power to discipline counsel for refusal or failure to attend pre-trial conference, and such refusal may warrant a citation for contempt or a lesser degree of punishment. Rules of Common Law, rule 16, 30 F.S.A.; Equity Rules, rule 77, 31 F.S.A. | Does the court have power to discipline counsel for refusal or failure to attend pre-trial conference? | 034106.docx | LEGALEASE-00145332-LEGALEASE-00145333 |
| Stephen Slesinger v. Walt Disney Co., 155 Cal. App. 4th 736 | 307A+552 | Because courts should hear only actual disputes, and should prevent harassment of defendants, California courts possess the inherent authority to dismiss cases that are fraudulent or vexatious. | Does a court possess the inherent authority to dismiss cases that are fraudulent or vexatious? | 034168.docx | LEGALEASE-00145511-LEGALEASE-00145512 |
| State ex rel. Gaylor v. Goodenow, 125 Ohio St. 3d 407 | 13+6 | It is not the duty of a court to answer moot questions, and when, pending proceedings, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the action. | Is it the duty of a court to answer moot questions? | 034688.docx | LEGALEASE-00145700-LEGALEASE-00145701 |
| Kessler v. Lauretz, 39 Cal. App. 3d 441 | 307A+552 | Court has inherent power by summary means to prevent abuse of its process and peremptorily to dispose of sham causes of action. | Does court have power to prevent abuse of its process and peremptorily to dispose of sham causes of action? | 034718.docx | LEGALEASE-00146262-LEGALEASE-00146263 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Comm'r Of Prob. v. Adams, 65 Mass. App. Ct. 725 | 307A+563 | A court must be sufficiently empowered in order to prevent fraud on the court, because allowing the court to be manipulated by fraud poses a danger to its authority. | Should a court be sufficiently empowered in order to prevent fraud on the court because allowing the court to be manipulated by fraud poses a danger to its authority? | 034752.docx | LEGALEASE-00145124-LEGALEASE-00145125 |
| Farrell v. Theriault, 464 A.2d 188 | 307A+724 | Party requesting continuance must make known to presiding justice substantial reasons why granting of continuance would serve to further justice. Rules Civ.Proc., Rule 40(b). | Should a party seeking a continuance make known to the presiding justice substantial reasons why granting the continuance would serve to further justice? | Pretrial Procedure - Memo # 6997 - C - KI.docx | ROSS-003302930-ROSS-003302931 |
| Wright v. Allen, 611 So. 2d 23 | 307A+551 | Ultimate sanction of dismissal may be appropriate in aggravated situations, but this generally requires deliberate and insubordinate disregard of court's authority, so as to amount to willful abuse of the process. West's F.S.A. RCP Rule 1.420(b). | Can the ultimate sanction of dismissal be appropriate in aggravated situations? | 034832.docx | LEGALEASE-00146102-LEGALEASE-00146103 |
| Morgan v. Campbell, 816 So. 2d 251 | 307A+690 | Because of the consequences of a dismissal with prejudice, this sanction should be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing. | "Because of the consequences of a dismissal with prejudice, should this sanction be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing?" | Pretrial Procedure - Memo # 7007 - C - SK.docx | ROSS-003331857-ROSS-003331858 |
| State ex rel. DeSelm v. Jordan, 296 S.W.3d 530 | 307A+552 | A case must maintain its justiciability throughout the entire course of the litigation in order to avoid being dismissed as moot. | Should a case maintain its justiciability throughout the entire course of the litigation in order to avoid being dismissed as moot? | 034951.docx | LEGALEASE-00146166-LEGALEASE-00146167 |
| Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773 | 307A+563 | The mere conflict between discovery depositions, interrogatories and records disclosed during the discovery process should not warrant dismissal on the basis of fraud on the court. | "Should the mere conflict between discovery depositions, interrogatories and records disclosed during the discovery process not warrant dismissal on the basis of fraud on the court?" | Pretrial Procedure - Memo # 7150 - C - DHA.docx | ROSS-003289961-ROSS-003289962 |
| Bogan v. Byrom, 151 So. 2d 718 | 307A+563 | The court has the right and power to order a litigant to perform some act, procedural in character, and, upon his failure or refusal to do so, to dismiss his suit. LSA-C.C.P. art. 933. | "Can a court order a litigant to perform some action, procedural in character, and on his refusal to do so dismiss the suit?" | 035143.docx | LEGALEASE-00146136-LEGALEASE-00146137 |
| State v. Fattorusso, 228 So. 2d 630 | 307A+563 | Trial court has inherent right to dismiss an action because of noncompliance with its orders in interests of orderly administration of justice. | Does a trial court have an inherent right to dismiss an action because of noncompliance with its orders in interests of orderly administration of justice? | Pretrial Procedure - Memo # 7247 - C - DHA.docx | ROSS-003316994-ROSS-003316995 |
| Paul v. Smith, Gambrell & Russell, 323 Ga. App. 447 | 307A+590.1 | In order to toll the running of the five-year period that results in automatic dismissal for non-action, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk. (Per Miller, J., with two judges concurring in judgment.) West's Ga.Code Ann. SS 9-2-60(b), 9-11-41(e). | Are statutes providing for the dismissal of an action if no written order is taken for five years mandatory? | 035253.docx | LEGALEASE-00145969-LEGALEASE-00145970 |
| Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | Do courts have inherent power to dismiss a case which is collusive? | 035275.docx | LEGALEASE-00146018-LEGALEASE-00146019 |
| Stewart v. Butler, 27 Misc. 708 | 307A+552 | A complaint may be dismissed on motion, where the litigation is vexatious, clearly without merit, and not brought in good faith; plaintiff being an insolvent. | "Can a complaint of an insolvent plaintiff be dismissed on motion where litigation is vexatious, clearly without merit, and not brought in good faith?" | 035283.docx | LEGALEASE-00145490-LEGALEASE-00145491 |
| Goodman v. Goodman, 165 S.W.3d 499 | 307A+563 | A defendant may seek to have a civil action involuntarily dismissed for failure of the plaintiff to comply with any order of the court. V.A.M.R. 67.03. | Can a defendant seek to have a civil action involuntarily dismissed for failure of the plaintiff to comply with any order of the court? | 035444.docx | LEGALEASE-00145246-LEGALEASE-00145247 |
| Reichert v. Union Fid. Life Ins. Co., 360 N.W.2d 664 | 307A+563 | An action may be dismissed with prejudice for failure to prosecute, for noncompliance with the rules of civil procedure, or with an order of the court. 48 M.S.A., Rules Civ.Proc., Rule 41.02(1). | "Can an action be dismissed with prejudice for failure to prosecute, for noncompliance with the rules of civil procedure, or with an order of the court?" | Pretrial Procedure - Memo # 7382 - C - ES.docx | ROSS-003302140 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Solak v. Sarowitz, 153 A.3d 729 | 307A+561.1 | It is inappropriate to dismiss a complaint based on an affirmative defense unless the plaintiff can prove no set of facts to avoid it. | Would it be appropriate to dismiss a complaint based on an affirmative defense unless the plaintiff can prove no set of facts to avoid it? | Pretrial Procedure - Memo # 7924 - C - MS.docx | LEGALEASE-00036257-LEGALEASE-00036258 |
| Hagan v. Fairfield, 16 Cal. Rptr. 14 | 307A+552 | Court has inherent power to dismiss action shown to be sham, fictitious, or without merit, so that there shall be no abuse of judicial process. | Does a court have inherent power to dismiss an action which is clearly shown to be sham and without merit? | Pretrial Procedure - Memo # 7932 - C - KG.docx | ROSS-003330546-ROSS-003330547 |
| Nw. Nat. Gas Co. v. Clark Cty., 98 Wash. 2d 739 | 371+2005 | State may attempt to tax the intangible "going-concern" value as well as value of tangible assets of an interstate business within the state. | "Can the state attempt to tax the intangible ""going-concern"" value as well as value of tangible assets of an interstate business within the state?" | 11421.docx | LEGALEASE-00094701-LEGALEASE-00094702 |
| State v. Clement Nat. Bank, 84 Vt. 167 | 371+2005 | The taxing power of the state extends to all persons and property within its jurisdiction, not protected therefrom by federal supremacy. | Is the taxing power of the state extending to all persons and property within its jurisdiction protected by federal supremacy? | 045885.docx | LEGALEASE-00146311-LEGALEASE-00146312 |
| In re McKennan's Estate, 25 S.D. 369 | 371+2005 | There is vested in the state, through the Legislature, absolute power over all matters of taxation, except as the power may be restricted by the state Constitution, or by some power delegated to the federal government. | "Does the state have absolute power over all matters of taxation, except for the powers that may be restricted by the state Constitution?" | 045889.docx | LEGALEASE-00146315-LEGALEASE-00146316 |
| Denisen v. Milwaukee Mut. Ins. Co., 360 N.W.2d 448 | 413+1 | Minnesota workers' compensation law establishes an exclusive system of compensation in all but certain designated employments for injuries which result in disability or death to employees and which arise out of and in course of their employment. M.S.A. S 176.031. | Is the workers compensation an exclusive system of compensation for injuries to the employees? | 047762.docx | LEGALEASE-00145240-LEGALEASE-00145241 |
| Cty. of La Crosse v. Wisconsin Employment Relations Comm'n, 182 Wis. 2d 15 | 413+1 | Workers' Compensation Act represents legislative compromise between interests of employers, employees and public in resolving compensation disputes regarding work-related physical or mental harms arising in industrial society. W.S.A. 102.01 et seq. | What does the Workers Compensation Act represent? | 048230.docx | LEGALEASE-00145527-LEGALEASE-00145528 |
| Mendoza v. Monmouth Recycling Corp., 288 N.J. Super. 240 | 413+2 | Conceptual basis of workers' compensation system is substitution of statutory remedy for common-law right of action, with statutory remedy becoming integral component of contract of employment. | Is the conceptual basis of workers compensation the substitution of a statutory remedy for common law? | 048240.docx | LEGALEASE-00145549-LEGALEASE-00145550 |
| Travelers Ins. Co. v. Sitko, 496 So. 2d 920 | 413+2 | Workers' compensation is purely creature of statute, and rights and liabilities under system, and deputy's power to hear and determine issues in workers' compensation cases must stem from statute. West's F.S.A. S 440.01 et seq. | Does the statute confer deputy his power to hear and determine issues in a workers compensation case? | 11482.docx | LEGALEASE-00094555-LEGALEASE-00094556 |
| DeLuna v. Burciaga, 223 Ill. 2d 49 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Can a motion to dismiss based on defect or defense admit the legal sufficiency of the complaint? | 036309.docx | LEGALEASE-00146688-LEGALEASE-00146689 |
| Oshana v. FCL Builders, 2013 IL App (1st) 120851 | 307A+561.1 | A motion for involuntary dismissal based on certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. S.H.A. 735 ILCS 5/2-619. | "Can a motion for involuntary dismissal raise defects, defenses, or other affirmative matters that defeat the claim?" | 11042.docx | LEGALEASE-00094760-LEGALEASE-00094761 |
| Van Meter v. Darien Park Dist., 207 Ill. 2d 359 | 307A+561.1 | Party that moves for involuntary dismissal of action based on an affirmative matter admits legal sufficiency of the complaint, but asserts an affirmative defense or other matter to defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Can the moving party admit the legal sufficiency of the complaint in a motion to dismiss based on defect or defense? | Pretrial Procedure - Memo # 7647 - C - VA.docx | ROSS-003286426-ROSS-003286427 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Burke v. United States, 85 F. Supp. 93 | 34+58(3) | Act authorizing national service life insurance should be liberally construed in favor of insured soldier and to carry out his intention. National Service Life Insurance Act of 1940, S 601 et seq., 38 U.S.C.A. S 801 et seq. | Should the act authorizing National Service Life Insurance be liberally construed in favor of insured soldiersand to carry out his intention? | Armed Services - Memo 299 - RK.docx | LEGALEASE-00036713-LEGALEASE-00036714 |
| Jewett v. Gage, 55 Me. 538 | 200+181 | The plaintiff's minor daughter, with a suitable horse and vehicle, and in the exercise of ordinary care, was traveling along a public highway, when the horse became frightened at the appearance of the defendant's hog, which was permitted to be in the highway without a keeper, and occasioned an injury to the daughter and the vehicle. Held, that the defendant was liable for the injury, whether he knew or not that the hog was there at the time. | Would the owner of the hog be liable if the horse is frightened by the hog in the highway and causes injuries? | 018634.docx | LEGALEASE-00147823-LEGALEASE-00147824 |
| Wheeler v. Hager, 293 Mass. 534 | 296+7 | Witness may be compelled to testify before special examiner attached to Veterans' Administration to make special examination into merits of pension claims. R.S. SS 474, 4744; Act July 25, 1882, SS 2, 3, 22 Stat. 175; Act March 3, 1891, S 3, 26 Stat. 1083; Act July 3, 1930, SS 1, 2, 46 Stat. 1016. | Can a witness be compelled to testify regarding merits of pension claims? | 022848.docx | LEGALEASE-00147850-LEGALEASE-00147851 |
| Bushnell v. Thompson, 133 Neb. 115 | 307A+563 | The failure or refusal of plaintiff to comply with proper order of court may be valid ground for dismissal of action. Comp.St.1929, S 20-601. | Can the failure or refusal of a plaintiff to comply with a proper order of court be valid ground for dismissal of action? | 034965.docx | LEGALEASE-00147652-LEGALEASE-00147653 |
| El-Zoobi v. United Airlines, 2016 IL App (1st) 150813 | 307A+686.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss assert an affirmative defense or other matter that avoids or defeats the claim? | Pretrial Procedure - Memo # 7479 - C - SKG_57519.docx | ROSS-003282252-ROSS-003282253 |
| Weaver v. The Ctr. Bus., 578 So. 2d 427 | 307A+590.1 | Almost any discovery effort filed of record will preclude dismissal for failure to prosecute, unless effort is patently repetitious; court will no longer inquire how well effort advances cause. West's F.S.A. RCP Rule 1.420(e). | Are discovery efforts sufficient to preclude dismissal unless they are patently repetitious? | 035599.docx | LEGALEASE-00147567-LEGALEASE-00147568 |
| Cristino v. Bur. of Workers' Comp., 2012-Ohio-4420 | 307A+561.1 | If the existence of an affirmative defense is obvious from the face of the complaint, a court may grant a motion to dismiss for failure to state a claim on the basis of the affirmative defense; however, in so ruling, a court must exercise caution because complaints need not anticipate and attempt to plead around defenses. Rules Civ.Proc., Rule 12(B)(6). | "If the existence of an affirmative defense is obvious from the face of the complaint, will a court grant motion to dismiss on the basis of the affirmative defense?" | 10980.docx | LEGALEASE-00094459-LEGALEASE-00094460 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+622 | If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, it will be dismissed. Rules Civ.Proc., Rule 12(b)(6). | What happens if a complaint pleads facts which deny the right to any relief on the alleged claim? | 11013.docx | LEGALEASE-00094583-LEGALEASE-00094584 |
| Jones v. Vowell, 258 S.W.3d 383 | 307A+581 | The availability of dismissal for inaction or failure to prosecute is a tool for trial courts to dispose of cases "filed and forgotten." Rules Civ.Proc., Rule 41(b). | "Is the rule governing dismissal of a suit for failure to prosecute, a tool for trial courts to dispose of cases filed and forgotten?" | 11022.docx | LEGALEASE-00094475-LEGALEASE-00094476 |
| Rhodehouse v. CVS Pharmacy, 151 A.D.3d 771 | 307A+581 | A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal are met. McKinney's CPLR 3216. | Can a court dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal are met? | 10218.docx | LEGALEASE-00095294-LEGALEASE-00095295 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ctr. Developers v. S. Tr. Ins. Co., 275 Ga. App. 622 S.E.2d 31 | 307A+590.1 | An order need not advance or resolve litigation, grant or deny affirmative relief, or be obtained by a particular party in order to toll the running of the five-year period after which an action in which no written order has been entered will be automatically dismissed. West's Ga.Code Ann. S 9-2-60(b). | Should an order not advance or resolve litigation in order to toll a running of a statute? | 10238.docx | LEGALEASE-00095636-LEGALEASE-00095637 |
| Goldberg v. Brooks, 409 Ill. App. 3d 106 | 307A+685 | While affirmative matter in motion for involuntary dismissal must be more than evidence offered to refute a well-pleaded fact, if facts within an affidavit dispute the allegations of the complaint and are not contradicted by a counteraffidavit, the court must accept the facts in the affidavit as true. S.H.A. 735 ILCS 5/2-619. | When can the court accept the facts in the affidavit as true? | 11058.docx | LEGALEASE-00094143-LEGALEASE-00094144 |
| Fillmore v. Walker, 2013 IL App (4th) 120533 | 307A+561.1 | If an affirmative defense already is apparent on the face of the complaint, the defendant need not plead the affirmative defense as an affirmative defense but instead may challenge the legal sufficiency of the complaint. S.H.A. 735 ILCS 5/2-615. | Would the defendant plead the affirmative defense if an affirmative defense is apparent on the face of the complaint? | Pretrial Procedure - Memo # 7697 - C - KBM.docx | ROSS-003299994-ROSS-003299996 |
| O'Callaghan v. Satherlie, 2015 IL App (1st) 142152 | 307A+561.1 | Although a defendant generally must plead an affirmative defense or face forfeiture, a defendant need not do so and instead may raise the affirmative defense in a motion to dismiss on the pleadings if the affirmative defense is apparent from the face of the complaint. S.H.A. 735 ILCS 5/2-615. | Would the defendant plead the affirmative defense if an affirmative defense is apparent on the face of the complaint? | 10321.docx | LEGALEASE-00095601-LEGALEASE-00095603 |
| Smith v. DeLoach, 556 So. 2d 786 | 307A+590.1 | Mere fact that notice of deposition schedules taking of deposition for future date does not assure that deposition will be taken and does not result in activity in record on the future date, for purposes of rule providing for dismissal for failure to prosecute when it appears on face of record that no activity has occurred for one year. West's F.S.A. RCP Rule 1.420(e). | Does the mere fact that a notice of deposition schedules the taking of a deposition for a future date not assure the deposition will be taken? | Pretrial Procedure - Memo # 7719 - C - NS.docx | ROSS-003286586 |
| Fillmore v. Walker, 2013 IL App (4th) 120533 | 307A+561.1 | If an affirmative defense already is apparent on the face of the complaint, the defendant need not plead the affirmative defense as an affirmative defense but instead may challenge the legal sufficiency of the complaint. S.H.A. 735 ILCS 5/2-615. | What will the defendant need to do if an affirmative defense is apparent on the face of the complaint? | Pretrial Procedure - Memo # 7733 - C - KBM.docx | ROSS-003286613-ROSS-003286614 |
| Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+561.1 | When proceeding under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the legal sufficiency of the complaint is admitted. S.H.A. 735 ILCS 5/2-619. | When will the legal sufficiency of the complaint be admitted? | 11210.docx | LEGALEASE-00094097-LEGALEASE-00094098 |
| Trzop v. Hudson, 2015 IL App (1st) 150419 | 307A+561.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | Will a motion for involuntary dismissal based on an affirmative matter admit the legal sufficiency of the complaint? | 11216.docx | LEGALEASE-00094297-LEGALEASE-00094298 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Grosso v. HSBC Bank USA, N.A., 195 So. 3d 393 | 266+1798 | Trial court, after foreclosure action against borrower was voluntarily dismissed and reopened when borrower filed motion for costs, was not required to provide notice so parties had opportunity to re-commence prosecution before deeming borrower's motion abandoned and closing case; borrower's request was "motion" and was not "action" under rule regarding dismissal for failure to prosecute. West's F.S.A. RCP Rules 1.100(b), 1.420(d, e). | "Is the court required to provide notice so the parties have the opportunity to re-commence prosecution of the action to avert dismissal, before dismissing an action for failure to prosecute?" | 036112.docx | LEGALEASE-00148046-LEGALEASE-00148047 |
| Scharlin v. Broward Cty. Prop. Appraisal Adjustment Bd., 500 So. 2d 345 | 307A+590.1 | It is date of filing that commences and concludes running of one-year period without record activity required for dismissal for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Is it the date of filing that commences and concludes a running of the one-year period without record activity required for dismissal for failure to prosecute? | 036213.docx | LEGALEASE-00147521-LEGALEASE-00147522 |
| Vaswani v. Ganobsek, 402 So. 2d 1350 | 307A+681 | On motion to dismiss trial court must look solely to allegations of complaint; thus, if face of complaint contains allegations which demonstrate existence of affirmative defense, such defense can be considered on motion to dismiss, otherwise, affirmative defense may not be considered on motion to dismiss complaint. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.110(d). | When will a defense be considered on a motion to dismiss? | 036230.docx | LEGALEASE-00147588-LEGALEASE-00147589 |
| People v. O'Brien, 130 Cal. 1 | 352H+395 | Where there was evidence tending to prove the prosecutrix, in a prosecution for rape, had been unchaste, and also tending to prove specific acts of unchastity, an instruction that the law presumes a woman to be chaste until the contrary is shown, and that on this presumption they might find the prosecutrix of chaste character, even against the declarations of any number of witnesses which did not produce conviction in their minds, was improper, since, while the jury might infer her chastity as a matter of fact, a presumption of law to that effect conflicts with the controlling presumption of defendant's innocence. Cr.Code S 117, 18 U.S.C.A. S 202. | Is a complaining rape witness presumed to be of chaste character? | 042948.docx | LEGALEASE-00147922-LEGALEASE-00147923 |
| McDevitt & St. Co. v. Trammel, 193 Ga. App. 646 | 413+1086 | Workers' compensation law is statutory in origin and procedure, and the State Board of Workers' Compensation possesses only the jurisdiction, power, and authority granted to it by the legislature. | "Is the full board under the workers compensation law an administrative body that possesses only the jurisdiction, power, and authority granted to it by the legislature?" | 11462.docx | LEGALEASE-00094479-LEGALEASE-00094480 |
| U S v. Levine, 129 F.2d 745 | 63+3 | Under statute prohibiting federal officials from accepting bribes, bribed employee need not be one invested with the power of final decision, it being sufficient if he is one within class charged with making preliminary investigation. Cr.Code S 117, 18 U.S.C.A. S 202. | "For purposes of a conviction under the federal anti-bribery statute, does the bribed individual need to be the one invested with the power of final decision?" | 012446.docx | LEGALEASE-00148276-LEGALEASE-00148277 |
| State v. Kouba, 319 N.W.2d 161 | 200+167 | Use of public highways is not absolute right which everyone has, and of which person cannot be deprived; it is instead a privilege which person enjoys subject to control of the state in its valid exercise of its police power. | Is right to use the public highways an absolute right? | Highways -Memo 250-IS_57966.docx | ROSS-003319148-ROSS-003319149 |
| Palmer v. Crews, 203 Miss. 806 | 260+79.1(2) | A "royalty" is an interest in real estate entitling the royalty owner to a share in the production of oil, gas or other minerals therefrom. | "Is a royalty an interest in real estate entitling the royalty owner to a share in the production of oil, gas, or other minerals?" | Mines and Minerals - Memo #318 - C - CSS_57769.docx | ROSS-003285050 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Saul v. Cahan, 153 A.D.3d 947 | 184+7 | The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship; (2) misconduct by the defendant; and (3) damages directly caused by the defendant's misconduct. | "Is the existence of a fiduciary relationship, an element of a cause of action to recover damages for breach of fiduciary duty?" | 023594.docx | LEGALEASE-00148193-LEGALEASE-00148194 |
| Jefferson Apartments v. Mauceri, 52 Misc. 3d 1012 | 302+18 | In order to plead a prima facie case of fraud, a plaintiff must allege each of the elements of fraud with particularity and must support each element with an allegation of fact. McKinney's CPLR 3016(b). | Should a plaintiff allege each of the elements of fraud to plead a prima facie case of fraud? | 023604.docx | LEGALEASE-00148532-LEGALEASE-00148533 |
| Bertrand v. State ex rel. Dep't of Transp. & Dev., 838 So. 2d 136 | 307A+590.1 | Any step taken by plaintiff after three-year abandonment period has run is ineffective to prevent judgment of dismissal from being granted. LSA-C.C.P. art. 561, subd. A(1). | Is any step taken by a plaintiff after three-year abandonment period has run ineffective to prevent judgment of dismissal from being granted? | Pretrial Procedure - Memo # 7792 - C - SK_57816.docx | ROSS-003294406-ROSS-003294407 |
| Cornelius v. River Ridge Ranch Landowners Ass'n, 202 P.3d 564 | 307A+581 | To succeed in a motion to dismiss for failure to prosecute, the movant must prove the plaintiff has unusually or unreasonably delayed prosecution. | "Should a movant prove that plaintiff has unusually or unreasonably delayed prosecution, to succeed in a motion to dismiss for failure to prosecute?" | Pretrial Procedure - Memo # 8003 - C - DHA_58359.docx | ROSS-003320115-ROSS-003320116 |
| Carlisle v. U.S., 83 U.S. 147 | 384+1 | A citizen or subject owes an absolute and permanent allegiance to his government or sovereign, or at least until, by some open and distinct act, he renounces it and becomes a citizen or subject of another government or another sovereign. | When does a citizen or subject owe an absolute and permanent allegiance to his government or sovereign? | 047125.docx | LEGALEASE-00148851-LEGALEASE-00148852 |
| Kirschner v. Conklin, 40 Conn. 77 | 83E+470 | A subsequent indorser of a promissory note, who pays it, may recover of a prior indorser the whole amount paid, and not merely a contribution, as in the case of sureties. | Can a subsequent endorser or indorser of a promissory note recover the whole amount paid from a prior indorser? | 009688.docx | LEGALEASE-00149758-LEGALEASE-00149759 |
| Odum v. D.C., 565 A.2d 302 | 396+1 | Conviction for unlawful assembly for purpose of incommoding free use of driveway required both proof of presence of three or more persons acting in concert for unlawful purpose and proof of commission of act of incommoding. D.C.Code 1981, S 22-1107. | Does conviction for unlawfully assembly require the presence of three or more persons acting in concert for an unlawful purpose? | 014438.docx | LEGALEASE-00149599-LEGALEASE-00149600 |
| State v. Fuller, 350 N.W.2d 382 | 200+80 | "Abutting owner", when used in relation to highways, ordinarily refers to one whose land actually adjoins the way, although it is sometimes used loosely without implying more than close proximity. | What does the term abutting owner refer to? | Highways -Memo 257 - DB_58541.docx | ROSS-003296812-ROSS-003296813 |
| Riddle v. State Highway Comm'n, 184 Kan. 603 | 200+165 | Legislature has plenary power over highways and their use may be limited, controlled and regulated in the exercise of police power whenever necessary to promote the safety and general welfare of the people. | Can there be limitation or exception on the plenary power of the legislature over highways? | 019276.docx | LEGALEASE-00149485-LEGALEASE-00149486 |
| Temple v. Guideone Specialty Mut. Ins. Co., 330 S.W.3d 318 | 307A+581 | A dismissal for want of prosecution is not intended to be an adjudication of the merits of the case or the rights of the parties; it merely returns the parties to the position that they were in before suit was filed. | "Is a dismissal for want of prosecution, intended to be an adjudication of the merits of the case or the rights of the parties?" | Pretrial Procedure - Memo # 7999 - C - DHA_58355.docx | ROSS-003296789-ROSS-003296790 |
| Smith v. Kowalski, 223 Mich. App. 610 | 30+3809(1) | When reviewing grant of summary disposition on ground that claim is barred by governmental immunity, Court of Appeals considers all documentary evidence submitted by the parties. MCR 2.116(C)(7). | Is summary disposition appropriate if a claim is barred because of immunity granted by law? | 036721.docx | LEGALEASE-00149998-LEGALEASE-00149999 |
| Pac. R. Co. v. Maguire, 87 U.S. 36 | 371+2286 | The right of taxation is a sovereign right and presumptively belongs to the state in regard to every species of property and to an unlimited extent but may be waived in particular instances by a clear expression of the legislative will. | Is the right of taxation a sovereign right of states? | 045907.docx | LEGALEASE-00149291-LEGALEASE-00149292 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Ferrer, 283 Pa. Super. 21 | 3.77E+11 | Even a single verbal threat may be made in such terms or circumstances as to support the inference that the actor intended to terrorize or coerce. 18 Pa.C.S.A. S 2706. | Can a single verbal threat be made in way as to support the inference that the actor intended to terrorize or coerce? | 047084.docx | LEGALEASE-00149617-LEGALEASE-00149618 |
| Bilodeau v. Oliver Stores Inc., 116 N.H. 83 | 413+2190 | Nature and extent of compensation to injured employee as well as the extent and manner by which a compensation payor can be reimbursed is governed by the express statutory language and that which can be fairly implied therefrom. RSA 281:1 et seq., 281:14. | What is the nature and extent of compensation to an injured employee governed by? | 048362.docx | LEGALEASE-00149183-LEGALEASE-00149184 |
| Cantwell v. State of Connecticut, 310 U.S. 296 | 129+109 | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | "Can the state unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions?" | 014337.docx | LEGALEASE-00150714-LEGALEASE-00150715 |
| City of Cleveland v. Egeland, 26 Ohio App. 3d 83 | 129+108 | One who voluntarily lies in street with knowledge that he will thereby divert traffic and without legal privilege to do so is not acting in lawful manner. R.C. S 4511.74. | Whether a person who lays on the street with knowledge that he will divert traffic acts in lawful manner? | 014339.docx | LEGALEASE-00150746-LEGALEASE-00150747 |
| Haegert v. McMullan, 953 N.E.2d 1223 | 141E+1160 | Complaints made by a current student pursuant to a university anti-harassment policy are protected by an absolute privilege and cannot serve as the basis for civil liability to a person who is the subject of the complaint. | Are complaints made by students protected by an absolute privilege? | 017042.docx | LEGALEASE-00150718-LEGALEASE-00150719 |
| K's Merch. Mart v. Northgate Ltd. P'ship, 359 Ill. App. 3d 1137 | 156+14 | A party who executes an estoppel certificate that there are no defaults is under a duty to inquire and determine, insofar as reasonably possible, what claims exist. | Is a party who executes an estoppel certificate that there are no defaults under a duty to inquire and determine what claims exist? | 017984.docx | LEGALEASE-00150612-LEGALEASE-00150613 |
| State v. Hall, 162 Wash. 2d 901 | 200+80 | Generally, highways crossing landowner's property are merely easements, with title or fee to lands occupied thereby remaining in landowner, who continues to enjoy all rights of property incident thereto, subject only to rights of travel and use of highway vested in public. | Does a landowner continue to enjoy all of the rights of property if a highway crosses his property? | 019086.docx | LEGALEASE-00150518-LEGALEASE-00150519 |
| Kruse v. Schieve, 61 Wis. 2d 421 | 302+20 | Allegations of alternative theories in a single count are construed as pleading only the least, rather than the greatest allegation, and are fatally defective if the least delegation does not state a cause of action. | Are allegations of alternative theories in a single count construed as pleading only the least? | 023652.docx | LEGALEASE-00150206-LEGALEASE-00150207 |
| Woods v. D.C., 63 A.3d 551 | 307A+622 | To survive a motion to dismiss, a complaint must set forth sufficient facts to establish the elements of a legally cognizable claim. | "To survive a motion to dismiss, should a plaintiff's complaint set forth sufficient information to outline the elements of his claim?" | 036684.docx | LEGALEASE-00150312-LEGALEASE-00150313 |
| Lowery v. Lowery, 654 So. 2d 1218 | 307A+533 | Motion to dismiss is not to be used as substitute for motion for judgment on the pleadings or motion for summary judgment; motion to dismiss is designed to test legal sufficiency of complaint but not to determine issues of fact. | Is the purpose of a motion to dismiss to test the legal sufficiency of a complaint and not to determine factual issues? | Pretrial Procedure - Memo # 8352 - C - KI.docx | LEGALEASE-00040224-LEGALEASE-00040225 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Enriquez v. Livingston, 400 S.W.3d 610 | 307A+583 | Dismissal of inmate's action against Department of Criminal Justice officials, for allegedly refusing him access to adequate medical treatment, was not based on Civil Procedure Rule, governing dismissal for want of prosecution, but, rather, on the trial court's inherent power to dismiss a suit for want of prosecution, and accordingly, the notice of dismissal did not need to satisfy the specific requirements of Rule, but, rather, merely needed to be adequate to satisfy due process; dismissal notice did not reference Civil Procedure Rule, and in the dismissal notice, there was no mention of a requirement to appear for any hearing or any mention of a failure to abide by the time standards in the Supreme Court's administrative rules, and court's dismissal order recited that the case was pending for fifteen months without service of citation or filing of answer. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | What sources does the court's authority to dismiss for want of prosecution stem from? | 036969.docx | LEGALEASE-00150292-LEGALEASE-00150293 |
| Dobroslavic v. Bexar Appraisal Dist., 397 S.W.3d 725 | 307A+583 | Plaintiffs received adequate notice of trial court's intent to dismiss for want of prosecution either under the rules of civil procedure for failure to comply with time standards established by the Texas Supreme Court or under the trial court's inherent authority, where the trial court clerk's notice did not make dismissal contingent on plaintiffs' failure to make an announcement, and the notice expressly stated that plaintiffs' case had been "on file for an extended period of time," that it had "not been prosecuted," that "the court (was) of the opinion that in accordance with the Supreme Court guidelines" the case should be "specially set for dismissal," and that the case would be dismissed "unless good and sufficient cause" was "shown for (its) retention on the docket." Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(2). | What sources does the court's authority to dismiss for want of prosecution stem from? | Pretrial Procedure - Memo # 8363 - C - BP.docx | LEGALEASE-00040244-LEGALEASE-00040245 |
| Prompt Air v. Firewall Forward, 303 Ill. App. 3d 126 | 307A+561.1 | "Affirmative matter", within meaning of statute allowing defendant to seek dismissal of an action because it is barred by other affirmative matter avoiding the legal effect of or defeating the claim, must be something more than evidence offered to refute a well-pleaded fact in the complaint, which allegations must be taken as true for purposes of a motion to dismiss. S.H.A. 735 ILCS 5/2-619(a)(9). | Should an affirmative matter be something more than evidence offered to refute a material fact alleged in the complaint? | Pretrial Procedure - Memo # 8531 - C - PC_59210.docx | ROSS-003292392-ROSS-003292393 |
| Lavoie v. Int'l Paper Co., 403 A.2d 1186 | 413+2 | Rights of party under Workers' Compensation Act are purely statutory; unless a claimant can be clearly said to come under provisions of statute, he cannot take. 39 M.R.S.A. S 1 et seq. | Should a claimant under the Workers' Compensation Act come under the provisions of the statute to take up the compensation? | 048418.docx | LEGALEASE-00150112-LEGALEASE-00150113 |
| Brown v. Eubank, 443 S.W.2d 386 | 25T+169 | The general rule is that either party may revoke a common-law submission to arbitration at any time before an award has been made, leaving to the aggrieved party his action for damages for breach of contract. | Can parties revoke the submission to arbitration before an award is made? | 007943.docx | LEGALEASE-00151406-LEGALEASE-00151407 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wm. B. Thompson & Co. v. Sporl, 160 La. 352 | 83E+451 | Parties who sign negotiable instruments or other solemn obligations must expect to be held according to tenor thereof. | Are signatures to obligations not mere ornaments and those who sign such negotiable instruments or other solemn obligations must be expected to be held liable according to the tenor thereof? | 010448.docx | LEGALEASE-00150946-LEGALEASE-00150947 |
| Drury Chesterfield v. Muehlheausler, 347 S.W.3d 107 | 371+2515 | "True value," for purposes of annual tax assessments, is never an absolute figure, but is merely an estimate of the fair market value on the valuation date; "fair market value" typically is defined as the price which the property would bring when offered for sale by a willing seller who is not obligated to sell, and purchased by a willing buyer who is not compelled to buy. V.A.M.S. S 137.115(1). | What is fair market value of a property? | Exchange Of Property - Memo 45 - KK_59237.docx | ROSS-003285351-ROSS-003285352 |
| State v. Bone Creek Twp., Butler Cty., 109 Neb. 202 | 316H+109 | A township in a county under township organization has statutory power to direct the raising of money by taxation for construction and repairing of roads within its jurisdiction, and to make necessary contracts for that purpose. | Are the townships authorized to raise money for constructing roads within the township? | Highways -Memo 381 - DB.docx | LEGALEASE-00040760-LEGALEASE-00040761 |
| State v. Bone Creek Twp., Butler Cty., 109 Neb. 202 | 316H+109 | A township in a county under township organization has statutory power to direct the raising of money by taxation for construction and repairing of roads within its jurisdiction, and to make necessary contracts for that purpose. | Are townships authorized to raise money for repairing the roads within the township? | 019180.docx | LEGALEASE-00151156-LEGALEASE-00151157 |
| Baker v. Wilmer Cutler Pickering Hale & Dorr LLP, 81 N.E.3d 782 | 30+3285 | In reviewing the allowance of a motion to dismiss for failure to state a claim, the ultimate inquiry is whether the plaintiffs alleged such facts, adequately detailed, so as to plausibly suggest an entitlement to relief. Mass. R. Civ. P. 12(b)(6). | What is the ultimate inquiry on a motion to dismiss for failure to state a claim? | 037266.docx | LEGALEASE-00150846-LEGALEASE-00150847 |
| Keener v. Harrod, 2 Md. 63 | 308+92(1) | To bind the principal, the act of the agent must be in the exercise and within the limits of the power delegated; and whenever a party does an act, as agent of another, in excess of his powers or authority, he is personally responsible. | Does the liability of the principal depend on whether the act of the agent was done within the limits of the powers delegated? | 041428.docx | LEGALEASE-00151178-LEGALEASE-00151179 |
| Janvey v. Alguire, 847 F.3d 231 | 25T+182(2) | Under "direct benefits theory" of equitable estoppel, a nonsignatory cannot sue under an agreement while at the same time avoiding its arbitration clause. | Can a non-signatory sue under an agreement while at the same time avoid its arbitration clause under the direct benefits theory of equitable estoppel? | 008035.docx | LEGALEASE-00151510-LEGALEASE-00151511 |
| Kurt Orban Co. v. Angeles Metal Sys., 573 F.2d 739 | 25T+183 | Language of arbitration demands should not be subjected to same strict standards of construction that would be applied in formal court proceedings. | Is the language of arbitration subject to the same strict standards of construction that would applied in formal court proceedings? | Alternative Dispute Resolution - Memo 848 - RK_59533.docx | ROSS-003307649-ROSS-003307650 |
| Mills v. Scott, 99 U.S. 25 | 108H+8 | Actions for debt will always lie where the amount sought to be recovered is certain or can be ascertained from fixed data by computation. | "Will an action for debt lie where the amount sought to be recovered is certain, or can be ascertained from fixed data by computation?" | 014061.docx | LEGALEASE-00151520-LEGALEASE-00151522 |
| Ellsworth v. U.S. Bank, N.A., 908 F. Supp. 2d 1063 | 294+87(1) | Under California law, payments of illegal claims enforced by duress, coercion, or compulsion, when the payor has no other adequate remedy to avoid it, will be deemed to have been made involuntarily and may be recovered, but the payment must have been enforced by coercion and there must have been no other adequate means available to prevent the loss. | When is a payment deemed to be involuntary? | 010708.docx | LEGALEASE-00152602-LEGALEASE-00152604 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | Will the object of the highway in violation of statute make the owner liable? | Highways -Memo 348-SB_60199.docx | ROSS-003320997-ROSS-003320999 |
| Hampton v. Metro. Water Reclamation Dist. of Greater Chicago, 2016 IL 119861 | 307A+622 | The critical inquiry in determining whether a pleading should be dismissed is whether the allegations, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. | What is the critical inquiry in deciding a motion to dismiss on the pleadings? | 037567.docx | LEGALEASE-00152378-LEGALEASE-00152379 |
| Malecek v. Williams, 804 S.E.2d 592 | 307A+561.1 | A motion to dismiss for failure to state a claim is properly granted where a valid legal defense stands as an insurmountable bar to a plaintiff's recovery. N.C. R. Civ. P. 12(b)(6). | Can a motion to dismiss be granted where a valid legal defense stands as an insurmountable bar to a plaintiff's recovery? | 037864.docx | LEGALEASE-00152138-LEGALEASE-00152139 |
| Jacobowitz v. Leak, 19 A.D.3d 453 | 307A+561.1 | Affirmative defense that complaint failed to state cause of action must be raised by motion, and cannot be interposed in an answer. McKinney's CPLR 3211(a), par. 7. | Can an affirmative defense that complaint failed to state cause of action be interposed in an answer? | Pretrial Procedure - Memo # 8852 - C - MS_59849.docx | ROSS-003294720-ROSS-003294721 |
| Multivest Properties v. Hughes, 671 N.E.2d 199 | 307A+581 | Rule governing dismissal of action for failure to appear is quite specific, and contemplates dismissal with prejudice only when plaintiff again fails to appear after claim has been refiled. Small Claims Rule 10(A). | Does the rule governing dismissal of action for failure to appear contemplate dismissal with prejudice when plaintiff again fails to appear after claim has been refiled? | Pretrial Procedure - Memo # 8866 - C - DA_59863.docx | ROSS-003280812-ROSS-003280813 |
| Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A+584 | In absence of showing by plaintiff of mitigating circumstances or reasonable excuse for delay, unusual delay in prosecution justifies exercise of trial court's discretion in dismissing action. Rules Civ.Proc., Rule 41(b)(1, 2). | Does unusual delay in prosecuting action justify dismissal with prejudice? | 038355.docx | LEGALEASE-00152728-LEGALEASE-00152729 |
| Cruzan v. Smith, 41 Ind. 288 | 308+147(3) | The principal is not bound by the acts of a special agent, if he exceeds the limits of his authority. And it is the duty of every person who deals with a special agent to ascertain the extent of the agent's authority, before dealing with him. If this be neglected, such person will deal at his peril, and the principal will not be bound by an act which exceeds the particular authority given. | Is it the duty of every person who deals with special agent to ascertain extent of agent's authority before dealing with him? | 041335.docx | LEGALEASE-00152301-LEGALEASE-00152302 |
| Trina Solar US v. JRC-Servs. LLC, 229 F. Supp. 3d 176 | 308+96 | Under New York law, actual authority, which may be express or implied, to act on behalf of a principal, exists when an agent has the power to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do because of the principal's manifestation to him. | Does authority exist when an agent has the power to do an act on account of the principal? | 041509.docx | LEGALEASE-00152655-LEGALEASE-00152656 |
| Chambers v. McCollum, 47 Idaho 74 | 92+2419 | Section permitting land commissioners to fix salary of deputy state forester, appointed on recommendation of forester, held not void as delegating legislative power (Forestry Law, S 1). | Is permitting the state board of land commissioners to fix the salary of the deputy state forester an unlawful delegation of legislative authority? | 047604.docx | LEGALEASE-00152534-LEGALEASE-00152535 |
| Caesars Riverboat Casino v. Kephart, 903 N.E.2d 117 | 307A+680 | A motion to dismiss for alleging facts incapable of supporting relief under any set of circumstances tests only the legal sufficiency of the complaint, not the facts supporting it. Trial Procedure Rule 12(B)(6). | "Does a motion to dismiss for alleging facts incapable of supporting relief under any set of circumstances test only the legal sufficiency of the complaint, not the facts supporting it?" | 038117.docx | LEGALEASE-00153513-LEGALEASE-00153514 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Davidson v. Iona-McGregor Fire Prot. & Rescue Dist., 674 So. 2d 858 | 307A+680 | A motion to dismiss for failure to state a claim is designed to test legal sufficiency of a complaint, not to determine fact issues. | "Is a motion to dismiss for failure to state a claim designed to test legal sufficiency of a complaint, not to determine fact issues?" | 038207.docx | LEGALEASE-00153171-LEGALEASE-00153172 |
| FYM Clinical Lab. v. Perales, 147 A.D.2d 840 | 307A+679 | Lower court, in ruling on motion to dismiss on objection in point of law, should have only considered petition, taking allegations therein as true and ignoring opposing affidavits, where lower court did not treat motion as one for summary judgment. McKinney's CPLR 3211(c). | "On a pre-answer motion to dismiss an objection in point of law, can only the petition be considered?" | 038302.docx | LEGALEASE-00152872-LEGALEASE-00152873 |
| Value Rent-A-Car v. Grace, 794 So. 2d 619 | 307A+561.1 | An affirmative defense may serve as a basis for a motion to dismiss only if the defense appears within the four corners of the complaint. | Does an affirmative defense serve as a basis for a motion to dismiss only if the defense appears within the four corners of the complaint? | Pretrial Procedure - Memo # 9189 - C - PC_60498.docx | ROSS-003281424-ROSS-003281425 |
| Webb v. Damisch, 362 Ill. App. 3d 1032 | 307A+531 | A motion to dismiss under section providing for dismissal of complaint based on defects or defenses which avoid or defeat claims allows for a threshold disposition of questions of law and easily proven issues of fact. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss allow for a threshold disposition of questions of law and easily proven issues of fact? | Pretrial Procedure - Memo # 9225 - C - MS_60579.docx | ROSS-003291863-ROSS-003291864 |
| Cultum v. Heritage House Realtors, 103 Wash. 2d 623 | 308+57 | An agent has the duty to obey all reasonable instructions and directions given by the principal and to adhere faithfully to those instructions in all cases where they ought to be properly applied and in which they can be obeyed by the exercise of reasonable and diligent care. | Is an agent bound to obey all the reasonable duties given to him by the principal? | 041312.docx | LEGALEASE-00153187-LEGALEASE-00153188 |
| Churchill v. Mayo, 224 S.W.3d 340 | 21+9 | An affidavit that does not state that the facts recited are true, but is based on personal knowledge and is subscribed to and sworn before a notary public, is not defective. | "Is an affidavit, which is based on personal knowledge and sworn to before a notary effective even if it does not state that the facts recited are true?" | Affidavits - Memo 63 - _1eQEUUxER3Z--_anqvAuMJ3_0JLE6sD-1.docx | ROSS-000000224-ROSS-000000225 |
| Feuchter v. Bazurto, 22 Ariz. App. 427 | 228+185.2(4) | Opponent to a motion for summary judgment does not raise an issue of fact by merely stating in his affidavit that an issue of fact exists, but rather he must show that evidence is available which would justify a trial of that issue. | Is it fundamental that the affidavit present sufficient materials to show that there is a triable issue of material fact? | 006687.docx | LEGALEASE-00154219-LEGALEASE-00154220 |
| Porter v. Huie, 94 Ark. 333 | 83E+461 | Where, before delivery of a promissory note, several persons successively indorsed their names on the back of it, in blank, as between the indorsers, in the absence of agreement to the contrary, the first indorser, who pays the note, has no recourse against the other indorsers, as the legal effect of the signing is to subject the indorsers as to each other in the order they indorse. | What is the liability of successive indorsers? | 009986.docx | LEGALEASE-00154687-LEGALEASE-00154688 |
| Rodash v. AIB Mortg. Co., 16 F.3d 1142 | 172H+1322 | Congress intended Truth in Lending Act (TILA) to create system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, Court of Appeals liberally construes language in favor of consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | How does Truth in Lending Act (TILA) favour the consumers or the borrowers? | 013700.docx | LEGALEASE-00154366-LEGALEASE-00154367 |
| Schwen v. Kaye, 155 Cal. App. 3d 949 | 156+35 | Doctrine of estoppel by deed generally precludes grantor of real property from asserting, as against grantee, any right or title in derogation of deed; policy behind doctrine is to protect unwitting grantee who relies upon good title of grantor when latter does not possess legal or perfect title to property. | Does the doctrine of estoppel by deed preclude a grantor of real property from asserting any right in derogation of the deed? | 018047.docx | LEGALEASE-00153842-LEGALEASE-00153843 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Butler v. City of Eupora, 725 So. 2d 158 | 156+62.3 | While after-acquired title doctrine is founded upon premises of equitable estoppel, doctrine of equitable estoppel cannot be applied against state or its counties where acts of their officers were unauthorized. Code 1972, S 89-1-39; Rules App.Proc., Rule 8(c). | Is the after-acquired title doctrine founded upon premises of equitable estoppel? | 018049.docx | LEGALEASE-00153853-LEGALEASE-00153854 |
| Thormodsgard v. Wayne Twp. Bd. of Sup'rs, 310 N.W.2d 157 | 200+79.1 | Abandonment of section line right-of-way cannot be established solely by evidence that highway has never been open, improved or traveled, but rather, appropriate governing board must act affirmatively to vacate or abandon section line right-of-way. SDCL 31-3-1, 31-18-1. | "Can the abandonment of a section line right-of-way be established by evidence that the highway has never been open, improved, or traveled?" | Highways - Memo 4 - KK_61210.docx | ROSS-003292961-ROSS-003292962 |
| Rodgers v. Whitley, 282 Ill. App. 3d 741 | 307A+680 | In considering and reviewing motion to dismiss, all well-pleaded facts must be taken as true and considered in light most favorable to plaintiffs. S.H.A. 735 ILCS 5/2-615. | "In considering and reviewing motion to dismiss, should all well-pleaded facts be taken as true and considered in a light most favorable to plaintiffs?" | Pretrial Procedure - Memo # 9315 - C - VA_60894.docx | ROSS-003278393-ROSS-003278394 |
| Chen v. Lowe, 521 S.W.3d 587 | 307A+681 | A trial court may properly consider matters outside of the pleadings in making its decision on a motion to dismiss. | Can a trial court properly consider matters outside of the pleadings in making its decision on a motion to dismiss? | Pretrial Procedure - Memo # 9317 - C - PB_60896.docx | ROSS-003293868-ROSS-003293869 |
| Yellam v. Woerner, 77 Wash. 2d 604 | 307A+581 | Rule providing for dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. CR 41(b) (1), (b) (2) (C). | Are dismissals for want of prosecution punitive or administrative in nature? | 038790.docx | LEGALEASE-00154008-LEGALEASE-00154009 |
| Petroleum Ref. Co. v. McGlothlin, 429 S.W.2d 676 | 307A+582 | A court has right to dismiss suit for failure to prosecute it with due diligence, despite fact that party whose suit is dismissed had no intention to abandon case and hoped to settle it. | Can a court dismiss a case for want of prosecution even when the plaintiff states that he never intended to abandon suit and that he is currently ready for trial? | 038814.docx | LEGALEASE-00154093-LEGALEASE-00154094 |
| Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659 | 307A+685 | When a motion to dismiss is based on facts not apparent from the face of the complaint, the movant must support its motion with affidavits or other evidence. S.H.A. 735 ILCS 5/2-619. | "When a motion to dismiss is based on facts not apparent from the face of the complaint, should the movant support its motion with affidavits or other evidence?" | Pretrial Procedure - Memo # 9536 - C - SHB_61123.docx | ROSS-003296010-ROSS-003296011 |
| Burton v. Dominion Nuclear Connecticut, 129 Conn. App. 203 | 307A+678 | A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts; if a resolution of a disputed fact is necessary to determine the existence of standing when raised by a motion to dismiss, a hearing may be held in which evidence is taken. | Does a motion to dismiss admit all facts well pleaded and invokes any record that accompanies the motion? | Pretrial Procedure - Memo # 9539 - C - NS_61126.docx | ROSS-003280015-ROSS-003280016 |
| Callaghan v. Vill. of Clarendon Hills, 401 Ill. App. 3d 287 | 307A+686.1 | If the plaintiff fails to provide a counteraffidavit to challenge the facts alleged in the defendant's supporting affidavits on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the facts of the defendant's affidavits are deemed admitted. S.H.A. 735 ILCS 5/2-619(a)(9). | "If the plaintiff fails to provide a counter affidavit to challenge the facts alleged in the defendant's supporting affidavits, are the facts of the defendant's affidavits deemed admitted?" | Pretrial Procedure - Memo # 9895 - C - SKG_61806.docx | ROSS-003280429-ROSS-003280430 |
| Acme Oil v. Vasatka, 465 So. 2d 1314 | 308+131 | The actions of an agent performing within scope of his real or apparent authority are binding upon his principal, regardless of whether principal had knowledge of the agent's action. | Can an act of an agent performed within the scope of his real or apparent authority bind the principal? | 041529.docx | LEGALEASE-00154095-LEGALEASE-00154096 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gerasta v. Hibernia Nat. Bank, 411 F. Supp. 176 | 172H+1323 | In determining whether particular transaction is exempt from federal Consumer Credit Protection Act as one for "business or commercial purposes," purpose of transaction or extension of credit is controlling, and not property which is subject of the security interest involved. Truth in Lending Act, SS 102, 103(h), 104(1) as amended 15 U.S.C.A. SS 1601, 1602(h), 1603(1); Truth in Lending Regulations, Regulation Z, S 226.2(k), 15 U.S.C.A. following section 1700. | Is the property which is the subject of a security interest controlling in determining whether a transaction is exempt? | 013723.docx | LEGALEASE-00155751-LEGALEASE-00155753 |
| Beaudry v. TeleCheck Services , 579 F.3d 702 | 172H+1649 | Any actual damages sustained by a consumer as a result of a failure to comply with the Fair Debt Collection Practices Act are available as an alternative to the recovery of statutory damages. Fair Debt Collection Practices Act, S 813(a), 15 U.S.C.A. S 1692k(a). | Can statutory damages be recovered under the Fair Debt Collection Protection Act (FDCPA) if the consumer has suffered no actual damages? | Consumer Credit - Memo 178 - RK_61840.docx | ROSS-003323453-ROSS-003323455 |
| Beaudry v. TeleCheck Services , 579 F.3d 702 | 172H+1649 | Any actual damages sustained by a consumer as a result of a failure to comply with the Fair Debt Collection Practices Act are available as an alternative to the recovery of statutory damages. Fair Debt Collection Practices Act, S 813(a), 15 U.S.C.A. S 1692k(a). | Does a consumer have to suffer actual damages to recover statutory damages under the Fair Debt Collection Protection Act (FDCPA)? | 013737.docx | LEGALEASE-00155738-LEGALEASE-00155740 |
| LVNV Funding v. Mavaega, 527 S.W.3d 128 | 172H+1345 | Under the Truth In Lending Act (TILA), a creditor is required to send periodic statements to a debtor at the end of each billing cycle where there is an outstanding balance or where a finance charge was imposed. Truth in Lending Act S 127, 15 U.S.C.A. S 1637(b). | Should a creditor send periodic statements to debtor where a finance charge was imposed? | 013914.docx | LEGALEASE-00155156-LEGALEASE-00155157 |
| Powers v. St. John's Univ. Sch. of Law, 25 N.Y.3d 210 | 141E+1203(3) | A disciplinary determination of a college or university will not be disturbed unless it acts arbitrarily and not in the exercise of its honest discretion, it fails to abide by its own rules, or it imposes a penalty so excessive that it shocks one's sense of fairness. | Do courts have a restricted role in reviewing determinations of colleges and universities? | 017110.docx | LEGALEASE-00155279-LEGALEASE-00155280 |
| Forney 921 Lot Dev. Partners I v. Paul Taylor Homes, Ltd., 349 S.W.3d 258 | 156+52(1) | "Quasi-estoppel," or "estoppel by contract," is a term applied to certain legal bars, such as ratification, election, acquiescence, or acceptance of benefits. | "Is quasi-estoppel applied to certain legal bars, such as ratification, election, acquiescence, or acceptance of benefits?" | 018085.docx | LEGALEASE-00155352-LEGALEASE-00155353 |
| H.R.B. v. J.L.G., 913 S.W.2d 92 | 30+3889 | In reviewing dismissal of petition, reviewing courts must allow pleading its broadest intendment, treating all facts alleged as true and construing petition's allegations favorably to plaintiff. | Does a review of dismissal of a petition allow pleadings their broadest intendment? | 024459.docx | LEGALEASE-00155849-LEGALEASE-00155850 |
| Chevron Oil Co. v. Traigle, 436 So. 2d 530 | 307A+581 | Submission of abandoned case for decision effects waiver of right to have suit dismissed for want of prosecution. LSA-C.C.P. art. 561. | Does submission of abandoned case for decision effect waiver of right to have suit dismissed for want of prosecution? | 039093.docx | LEGALEASE-00155203-LEGALEASE-00155204 |
| Rovello v. Orofino Realty Co., 40 N.Y.2d 633 | 307A+682.1 | Affidavits received on unconverted motion to dismiss for failure to state cause of action are not to be examined for purpose of determining whether there is evidentiary support for the pleading, but may be used freely to preserve inartfully pleaded, but potentially meritorious, claims. CPLR 3211, 3211(a), (a), par. 7, (c), 3212. | "Can affidavits be used freely to preserve inartfully pleaded, but potentially meritorious, claims?" | Pretrial Procedure - Memo # 9860 - C - MS_61454.docx | ROSS-003285003-ROSS-003285004 |
| Seip v. Rogers Raw Materials Fund, 408 Ill. App. 3d 434 | 307A+685 | Facts contained in an affidavit in support of a motion to dismiss which are not contradicted by a counteraffidavit must be taken as true for purposes of the motion. | Should facts contained in an affidavit in support of a motion to dismiss which are not contradicted by a counteraffidavit be taken as true for purposes of the motion? | 039408.docx | LEGALEASE-00155578-LEGALEASE-00155579 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. Bank of Chapel Hill, 214 N.C. 794 | 308+92(1) | A principal is liable on agent's contracts, made within scope of agent's actual authority, or his apparent authority, unless third person has notice that agent is exceeding actual authority, and on agent's contracts ratified by the principal. | When is a principal liable upon a contract made by his agent with a third person? | Principal and Agent - Memo 337 - RK.docx | LEGALEASE-00045500-LEGALEASE-00045501 |
| Branscum v. Am. Cmty. Mut. Ins. Co., 984 P.2d 675 | 308+92(1) | As a general rule, the acts performed or statements made by an agent within the scope of real or apparent authority are binding on the principal regardless of whether the principal has actual knowledge of the agent's act. | Is the principal bound regardless of having actual knowledge of agents act? | Principal and Agent - Memo 346 - RK_61934.docx | ROSS-003294699-ROSS-003294700 |
| People v. Schupper, 140 P.3d 293 | 3.77E+16 | The critical elements of attempt to influence a public servant are (1) an attempt to influence a public servant (2) by means of deceit or by threat of violence or economic reprisal (3) with the intent to alter or affect the public servant's decision or action. West's C.R.S.A. S 18-8-306. | What are the critical elements of attempt to influence a public servant? | 046773.docx | LEGALEASE-00155170-LEGALEASE-00155171 |
| Gwinn v. State, 201 Ind. 420 | 21+9 | Probable cause for issuing search warrant may be shown by positive allegations of facts in affidavit or by sworn testimony. | Can probable cause for issuing search warrant be shown by positive allegations or by sworn testimony? | Affidavits - Memo 82 - _1bNghHeASfVt0YWQac mhlj0mC_ayPEWJp.docx | ROSS-000000258-ROSS-000000259 |
| Temple v. Baker, 125 Pa. 634 | 83E+428 | The words "Credit the drawer," written on the face of a note by an indorser, imply no promise or undertaking on his part, but are merely a direction to all persons to whom the note may be presented to treat with the maker as the owner, notwithstanding the apparent title of the indorsee. | Do the words Credit the drawer imply an undertaking? | 010740.docx | LEGALEASE-00156395-LEGALEASE-00156396 |
| Epperson v. State of Ark., 393 U.S. 97 | 92+1342 | The First Amendment does not permit a state to require that teaching and learning be tailored to principles or prohibitions of any religious sect or dogma. U.S.C.A.Const. Amend. 1. | Does the First Amendment permit the State to require that teaching and learning be tailored to the principles or prohibitions of any religion? | 016816.docx | LEGALEASE-00156052-LEGALEASE-00156053 |
| Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., 115 A.D.3d 128 | 307A+685 | A defendant can submit evidence in support of a motion to dismiss for failure to state a cause of action, which attacks a well-pleaded cognizable claim. McKinney's CPLR 3211(a)(7). | "Can a defendant submit evidence in support of a motion to dismiss for failure to state a cause of action, which attacks a well-pleaded cognizable claim?" | 024491.docx | LEGALEASE-00156034-LEGALEASE-00156035 |
| Simmons v. McSimmons, 261 A.D.2d 547 | 307A+685 | Where moving party contributed to the delay, a motion to dismiss for failure to prosecute may be denied without requiring an affidavit of merit. McKinney's CPLR 3216(e). | "Where moving party contributed to the delay, can a motion to dismiss be denied without requiring an affidavit of merit?" | 024535.docx | LEGALEASE-00156232-LEGALEASE-00156233 |
| Ground Improvement Techniques v. Merchants Bonding Co., 707 So. 2d 1138 | 401+68 | Any defendant seeking dismissal of suit based upon forum non conveniens must support motion by affidavit or other evidence offered under oath; only exception would be where complaint itself shows on its face that transfer is warranted. West's F.S.A. S 47.122; West's F.S.A. RCP Rule 1.061. | Is the procedure to be followed under the forum non conveniens rule the same as the procedure to be followed under the forum non conveniens statute? | 024549.docx | LEGALEASE-00156096-LEGALEASE-00156097 |
| Carl J. Herzog Found. v. Univ. of Bridgeport, 41 Conn. App. 790 | 307A+687 | Motion to dismiss admits all facts well pleaded and invokes any record that accompanies motion, including supporting affidavits that contain undisputed facts. | Does a motion to dismiss admit all facts well pleaded and invokes any record that accompanies a motion? | 024577.docx | LEGALEASE-00155972-LEGALEASE-00155973 |
| Cornelius v. Benefield, 168 So. 3d 1028 | 307A+690 | Although other factors are typically present when a dismissal with prejudice for failure to prosecute is upheld, delay alone may be sufficient. (Per Carlton, J., with four judges concurring and one judge concurring in result.) Rules Civ.Proc., Rule 41(b). | "Although other factors are typically present when a dismissal with prejudice for failure to prosecute is upheld, can delay alone be sufficient?" | Pretrial Procedure - Memo # 10258 - C - SN_61763.docx | ROSS-003281510-ROSS-003281511 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| DaCosta v. Trade-Winds Envtl. Restoration, 61 A.D.3d 627 | 307A+685 | On a motion to dismiss for failure to state a cause of action, the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint. McKinney's CPLR 3211(a)(7). | "When considering a motion to dismiss, can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint?" | Pretrial Procedure - Memo # 9903 - C - RF_62115.docx | ROSS-003282254-ROSS-003282255 |
| State v. Collie, 108 Ohio App. 3d 580 | 3.77E+10 | Generally, under menacing laws, state does not need to prove offender's ability to carry out threats or any movement toward carrying it out. R.C. 2903.21, 2903.22. | "Under menacing laws, does the state need to prove the offender's ability to carry out threats?" | Threats - Memo #112 - C - LB_62108.docx | ROSS-003294475-ROSS-003294476 |
| Spence v. Spence, 368 S.C. 106 | 307A+690 | Dismissal of a case "without prejudice" means a plaintiff may reassert her complaint by curing defects that led to the dismissal. | "Does a dismissal of a case ""without prejudice"" mean a plaintiff can reassert her complaint by curing defects that led to the dismissal?" | Pretrial Procedure - Memo # 10523 - C - BP_62423.docx | ROSS-003292340-ROSS-003292341 |
| Valero Terrestrial Corp. v. Caffrey, 205 F.3d 130 | 371+2002 | To determine whether a particular charge is a "fee" or a "tax," the general inquiry is to assess whether the charge is for revenue raising purposes, making it a "tax," or for regulatory or punitive purposes, making it a "fee." | What is the general inquiry to determine whether a particular charge is a fee or a tax? | 046143.docx | LEGALEASE-00156450-LEGALEASE-00156451 |
| Odyssey Marine Exploration v. Unidentified Shipwrecked Vessel, 657 F.3d 1159 | 16+1(1) | Although federal courts have the exclusive power to adjudicate in rem suits against a vessel, that power is dependent on the court's jurisdiction over the res, the property named as the defendant. | Do federal courts have the exclusive power to adjudicate in rem suits against a vessel? | Admiralty Law - Memo 1_15Co8leZrCZcLp82dnA8282PmHUMQ4Qa1.docx | ROSS-000000098-ROSS-000000099 |
| Rotert v. Faulkner, 660 S.W.2d 463 | 83E+489 | Instruments that are not negotiable may, like negotiable instruments, be transferred by assignment, but the assignee of note that is not negotiable takes it subject to all defenses the maker may have against note prior to notice of assignment. V.A.M.S. S 400.3-202(3). | Does an assignee of a nonnegotiable instrument take it subject to all defenses that the maker has against the instrument prior to notice of the assignment? | Bills and Notes - Memo 1246 - RK.docx | LEGALEASE-00046476-LEGALEASE-00046477 |
| Rotert v. Faulkner, 660 S.W.2d 463 | 83E+481 | Even though note does not possess quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another, and any language, however informal, if it shows intention of owner of chose in action to transfer it, and sufficiently identifies subject matter, is sufficient to vest property therein in assignee. | Is the intention of the owner sufficient to identify the subject matter? | Bills and Notes - Memo 1248 - RK_62538.docx | ROSS-003293941-ROSS-003293942 |
| Eakin v. Citizens' State Bank, 67 Kan. 338 | 8.30E+114 | A bank check is a bill of exchange, within Gen.St.1901, c. 14, S 9, providing that an acceptance of a bill of exchange, written on paper other than the bill, shall not bind the acceptor, except in favor of a person to whom such acceptance shall have been shown, and who, in faith thereof, shall have received the bill for a valuable consideration. | Should an acceptance of a bill of exchange be written on paper other than the bill itself? | Bills and Notes - Memo 27 - AM_63331.docx | ROSS-003280515-ROSS-003280516 |
| Greer v. Carter Oil Co., 373 Ill. 168 | 156+52(1) | "Estoppel" is an impediment or bar to the assertion of a right of action arising by means of one's own act, or where he is forbidden to speak against his own act, and extends to and binds privies in blood, privies in estate, and privies in law. | "Is an estoppel an impediment to the assertion of a right, arising as a result of a man's own act?" | 017825.docx | LEGALEASE-00156803-LEGALEASE-00156804 |
| State ex rel. Koster v. Morningland of the Ozarks, 384 S.W.3d 346 | 302+367(2) | While Missouri is a fact-pleading state, a motion for a more definite statement inherently concedes a cause of action, and a motion to dismiss is a more appropriate vehicle in contesting the sufficiency of a petition. V.A.M.R. 55.27(d). | Does a motion for a more definite statement inherently concede a cause of action? | Pretrial Procedure - Memo # 10593 - C - KG_62630.docx | ROSS-003279850-ROSS-003279851 |
| In re Frost Nat. Bank, 103 S.W.3d 647 | 307A+693.1 | The trial court loses its plenary power 30 days after it signs an order granting non-suit, or 75 days after it signs an order if a motion for new trial is filed. | Does the trial court lose its plenary power 30 days after it signs an order granting non-suit? | Pretrial Procedure - Memo # 10605 - C - NE_62641.docx | ROSS-003292116-ROSS-003292117 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Massey v. Davis, 650 S.W.2d 551 | 307A+693.1 | An order of dismissal for want of prosecution does not also dispose of a cross action by implication; overruling Atoka, Inc. v. Thornton, 566 S.W.2d 686. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does an order of dismissal for want of prosecution dispose of a cross action by implication? | Pretrial Procedure - Memo # 10652 - C - BP_62465.docx | ROSS-003280259-ROSS-003280260 |
| Hicks v. Oxford, 113 Ga. App. 593 | 307A+693.1 | Effect of a nonsuit is to promptly terminate the whole case, putting plaintiff out of court and leaving him at liberty to bring it again. | "Is the effect of a nonsuit to promptly terminate the whole case, putting a plaintiff out of court and leaving him at liberty to bring it again?" | 025293.docx | LEGALEASE-00156987-LEGALEASE-00156988 |
| Fisher v. Eckert, 94 Cal. App. 2d 890 | 307A+693.1 | A dismissal of an action with prejudice is a final decision of the action and has the effect of terminating it and rights of the parties are affected by it to extent that it is "final judgment" in favor of defendants and defendants are entitled to recover costs. Code Civ.Proc. S 1032. | Is a dismissal of an action with prejudice a final decision of the action and has the effect of terminating it? | 025315.docx | LEGALEASE-00157040-LEGALEASE-00157041 |
| J.D. ex rel. Scipio-Derrick v. Davy, 415 N.J. Super. 375 | 307A+622 | If dismissal for failure to state a claim is warranted, it should usually be without prejudice; however, when an equal protection challenge fails to state a claim, courts do not hesitate to dismiss the complaint with prejudice. N.J.S.A. Const. Art. 1, par. 1; R. 4:6-2(e). | "When an equal protection challenge fails to state a claim, do courts not hesitate to dismiss the complaint with prejudice?" | 025613.docx | LEGALEASE-00157624-LEGALEASE-00157625 |
| Franck v. Farmers New World Life Ins. Co., 445 F. Supp. 2d 954 | 308+1 | Under Illinois law, four factors to determine whether an intermediary is an agent for a party: (1) who first set the intermediary in motion; (2) who could control his action; (3) who was to pay him; (4) and whose interests he was there to protect. | What are the factors used to determine whether an intermediary is an agent? | Principal and Agent - Memo 426 - RK_63546.docx | ROSS-003307774-ROSS-003307775 |
| Ritter v. BJC Barnes Jewish Christian Health Sys., 987 S.W.2d 377 | 308+1 | The following elements are required to create an agency relationship sufficient to establish vicarious liability: (1) the principal must consent, expressly or impliedly, to the agent's acting on the principal's behalf; and, (2) the agent must be subject to the principal's control. | How is vicarious liability established? | 042068.docx | LEGALEASE-00157856-LEGALEASE-00157857 |
| Sykes v. State, 578 N.W.2d 807 | 3.77E+11 | Under statute prohibiting making of terroristic threats, threat made for "purpose" of terrorizing another means aim, objective, or intention and "terrorize" means to cause extreme fear by use of violence or threats. M.S.A. S 609.713, subd. 1. | "Under the statute prohibiting the making of terroristic threats, what does a threat made for ""purpose"" of terrorizing another mean?" | "Threats, Stalking and Harassment - Memo #146 - C - LB_63321.docx" | ROSS-003281129-ROSS-003281130 |
| Morris v. Ohio Cas. Ins. Co., 35 Ohio St. 3d 45 | 83E+501 | Unauthorized signature does not operate as signature of named payee, and, accordingly may not act to pass title to instrument or relieve drawer of his obligation to pay payee. R.C. SS 1301.01(QQ), 1303.40(A). | Is a drawer of an instrument relieved of his obligation to pay the payee in cases where the signature on the instrument is unauthorized? | Bills and Notes-Memo 967- JK_63528.docx | ROSS-003282827-ROSS-003282828 |
| Bernardo v. Anello, 61 Ohio App. 3d 453 | 83E+501 | Unauthorized signature does not operate as signature of named payee and accordingly may not act to pass title to instrument or relieve drawer of his or her obligation to pay payee. R.C. S 1303.40(A). | Is a drawer of an instrument relieved of his obligation to pay the payee in cases where the signature on the instrument is unauthorized? | 010974.docx | LEGALEASE-00158230-LEGALEASE-00158231 |
| Lee v. Skidmore, 49 Ohio App. 2d 347 | 83E+503 | Statute dealing with conversion of an instrument on the basis of forged endorsement creates an absolute right to recover in favor of payee upon proof that the draft was paid on a forged endorsement where the drawer-drawee claims that it paid the face amount thereof. R.C. S 1303.55. | Can the owner of a draft recover upon proof that the draft was paid over a forged endorsement? | 010976.docx | LEGALEASE-00158232-LEGALEASE-00158233 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lee v. Skidmore, 49 Ohio App. 2d 347 | 83E+503 | Statute dealing with conversion of an instrument on the basis of forged endorsement creates an absolute right to recover in favor of payee upon proof that the draft was paid on a forged endorsement where the drawer-drawee claims that it paid the face amount thereof. R.C. S 1303.55. | Can the owner of a draft recover upon proof that the draft was paid over a forged endorsement? | Bills and Notes-Memo 968- JK.docx | LEGALEASE-00047867-LEGALEASE-00047868 |
| Rodgers v. RAB Investments, Ltd., 816 S.W.2d 543 | 289+924 | Every partner has inherent power to dissolve partnership even though dissolution would violate partnership agreement; dissolution may breach partnership contract, but it may be accomplished nonetheless. | Does every partner have inherent power to dissolve a partnership even when the dissolution would violate the partnership agreement? | 021802.docx | LEGALEASE-00158548-LEGALEASE-00158549 |
| Conrad v. Buck, 21 W.Va. 396 | 289+928 | The assignment by one partner of all his interest in the partnership and its property to trustees for the payment of debts operates, ipso facto, as a dissolution of partnership. | Does the assignment by one partner of all his interest in the partnership and its property to trustees for the payment of debts lead to dissolution of partnership? | Partnership - Memo 507 - GP_63820.docx | ROSS-003283503-ROSS-003283504 |
| Penrod Drilling Co. v. Silvertooth, 144 S.W.2d 335 | 289+818 | An incoming partner takes only partnership interest in the partnership property subject to trusts, equities, charges, and liens existing against it. | "Does the incoming partner take only a partnership interest in the partnership property subject to trusts, equities, charges and liens against it?" | Partnership - Memo 510 - GP_63823.docx | ROSS-003294053 |
| Kohlenberger v. Tyson's Foods, 256 Ark. 584 | 302+17 | Facts constituting cause of action must be averred by stating them in direct and positive allegations, and not by way of argument, inference or belief. | "Should facts constituting the cause of action be averred by way of argument, inference or belief?" | Pleading - Memo 575 - RMM_64346.docx | ROSS-003293140-ROSS-003293141 |
| Conte v. R & A Food Servs., 644 So. 2d 133 | 307A+561.1 | Pleader may raise affirmative defense appearing on face of complaint as basis of motion to dismiss for failure to state cause of action. West's F.S.A. RCP Rule 1.110(d). | Can a pleader raise affirmative defense appearing on face of complaint? | 025419.docx | LEGALEASE-00158044-LEGALEASE-00158045 |
| Lehnig v. Bornhop, 859 S.W.2d 271 | 307A+561.1 | For affirmative defense to be sustained upon bare motion to dismiss, defense must be irrefutably established by plaintiffs' pleadings. | Should defense be irrefutably established by plaintiffs' pleadings for affirmative defense to be sustained upon bare motion to dismiss? | 025430.docx | LEGALEASE-00158124-LEGALEASE-00158125 |
| Anthony v. Tidwell, 560 S.W.2d 908 | 307A+682.1 | Complaint is subject to dismissal for failure to state claim if affirmative defense clearly and unequivocally appears on face of complaint; it is not necessary for defendant to submit evidence in support of motion to dismiss when facts on which he relies to defeat plaintiff's claim are admitted by plaintiff in his complaint. Rules of Civil Procedure, rule 12.02(6). | Will the defendant have to submit evidence in support of motion to dismiss when facts are admitted by plaintiff in his complaint? | Pretrial Procedure - Memo # 10791 - C - NS_63658.docx | ROSS-003281144-ROSS-003281145 |
| Johnson v. Sepulveda, 178 S.W.3d 117 | 30+211 | Before trial court error can be found in the failure to set an oral hearing on a motion to reinstate after a civil suit was dismissed for want of prosecution, the movant must request an oral hearing. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | "Before a trial court error can be found in the failure to set a hearing on a motion to reinstate, should the movant request a hearing ?" | Pretrial Procedure - Memo # 10818 - C - PC.docx | LEGALEASE-00048223-LEGALEASE-00048224 |
| Kharrubi v. Bd. of Educ. of City of New York, 133 A.D.2d 457 | 307A+699 | On motion to vacate dismissal for failure to prosecute, affidavit of merit must be submitted by party with personal knowledge of facts; attorney's affirmation is hearsay and insufficient. | "On motion to vacate dismissal for failure to prosecute, should an affidavit of merit be submitted by a party with personal knowledge of facts?" | Pretrial Procedure - Memo # 10870 - C - KS_63888.docx | ROSS-003295039-ROSS-003295040 |
| Conway v. Castro, 321 S.W.3d 558 | 307A+690 | Dismissal of an inmate's litigation claim with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. V.T.C.A., Civil Practice & Remedies Code S 14.003(a). | Does a dismissal of an inmate's litigation claim with prejudice constitute an adjudication on the merits and operate as if the case had been fully tried and decided? | Pretrial Procedure - Memo # 10893 - C - RF_63892.docx | ROSS-003280352-ROSS-003280353 |
| Mullins v. Estelle High Sec. Unit, 111 S.W.3d 268 | 307A+690 | The proper remedy, when a trial court lacks subject matter jurisdiction, is to dismiss the case without prejudice. | "Is the proper remedy, when a trial court lacks subject matter jurisdiction, to dismiss the case without prejudice?" | Pretrial Procedure - Memo # 10924 - C - TM_63422.docx | ROSS-003283425-ROSS-003283426 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jones v. Jones, 16-536 (La. App. 5 Cir. 4/26/17), 220 So. 3d 855 | 307A+693.1 | A dismissal of suit as abandoned does not prevent the plaintiff from bringing another suit for the same cause of action; however, the timeliness of the second suit must be determined as if no suit had been theretofore brought. La. Code Civ. Proc. Ann. art. 561. | Does a dismissal of suit as abandoned not prevent the plaintiff from bringing another suit for the same cause of action? | 025691.docx | LEGALEASE-00158300-LEGALEASE-00158301 |
| Ricketts v. Ricketts, 113 S.W.3d 255 | 307A+693.1 | If the motion to dismiss stated no ground on which a dismissal of any of plaintiff's petition counts could be predicated or if the motion did not seek that relief, then the dismissal is not effective as to those counts. | "If the motion to dismiss stated no ground on which a dismissal of any of plaintiff's petition counts could be predicated or if the motion did not seek that relief, then is the dismissal not effective as to those counts?" | Pretrial Procedure - Memo # 10984 - C - DHA_64107.docx | ROSS-003280858-ROSS-003280859 |
| Crofts v. Court of Civil Appeals for Eighth Supreme Judicial Dist., 362 S.W.2d 101 | 307A+694 | A dismissal is not an adjudication of the rights of the parties and merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought. | Is a dismissal not an adjudication of the rights of the parties and merely places the parties in the position they were in before the court's jurisdiction was invoked? | Pretrial Procedure - Memo # 10992 - C - NS_64115.docx | ROSS-003308204-ROSS-003308205 |
| Stacey O v. Donald P, 137 A.D.2d 965 | 307A+693.1 | Court has discretion to specify whether its order dismissing a claim is to have res judicata effect. McKinney's CPLR 3216(a), 5013. | Does a court have discretion to specify whether its order dismissing a claim is to have a res judicata effect? | 025811.docx | LEGALEASE-00159162-LEGALEASE-00159163 |
| Household Fin. Corp. v. Avery, 476 S.W.2d 165 | 307A+561.1 | When facts constituting defense affirmatively appear on face of petition, defense may be interposed by motion to dismiss without necessity of specific motion or answer. V.A.M.R. Civil Rules 55.05, 55.33. | Will the defense be interposed by motion to dismiss without the necessity of a specific motion or answer? | Pretrial Procedure - Memo # 11087 - C - KS_63743.docx | ROSS-003284894-ROSS-003284895 |
| Jones v. Alfa Mut. Ins. Co., 875 So. 2d 1189 | 241+180(7) | The standard for granting a motion to dismiss based upon the expiration of the statute of limitations is whether the existence of the affirmative defense appears clearly on the face of the pleading. | What is the standard for granting a motion to dismiss an affirmative defense? | Pretrial Procedure - Memo # 11103 - C - MS_63760.docx | ROSS-003280840-ROSS-003280841 |
| Braggs v. Jim Skinner Ford, 396 So. 2d 1055 | 241+180(7) | Standard for granting motion to dismiss based upon expiration of statute of limitations is whether existence of affirmative defense appears clearly on face of pleading. | What is the standard for granting a motion to dismiss an affirmative defense? | 025970.docx | LEGALEASE-00158334-LEGALEASE-00158335 |
| Caywood v. Gossett, 382 Ill. App. 3d 124 | 307A+561.1 | Dismissal of complaint is allowed when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Can a complaint be dismissed when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim? | 025979.docx | LEGALEASE-00158354-LEGALEASE-00158355 |
| Jones v. Bank of Chapel Hill, 214 N.C. 794 | 308+92(1) | A principal is liable on agent's contracts, made within scope of agent's actual authority, or his apparent authority, unless third person has notice that agent is exceeding actual authority, and on agent's contracts ratified by the principal. | When will a principal be held liable on an unauthorized contract made by his agent with a third person? | 041673.docx | LEGALEASE-00158924-LEGALEASE-00158925 |
| Potter v. Harvey, 30 Iowa 502 | 308+92(1) | While the general rule is recognized that, if the purchaser of property, who, it is claimed, relied upon the representations of the seller, shall receive and pay for it after he has learned that such representations were false, he will be estopped from afterward claiming damages on account of such false representation; it is, nevertheless, held, that this rule has no just application, if the contract was made by an agent of the purchaser, and the principal was ignorant of the false representations having been made, although he knew the facts showing their falsity. | Is a person who knows that the representations of seller were false estopped from afterward claiming damage for such false representations? | Principal and Agent - Memo 409 - RK.docx | LEGALEASE-00048786-LEGALEASE-00048787 |
| Smith v. Foodmaker, 928 S.W.2d 683 | 308+3(2) | General rule under California law is that where franchise agreement gives franchisor right of complete or substantial control over franchisee, agency relationship exists. | Do franchise agreements establish a principal-agent relationship between the franchisee and franchisor when the franchisor has the right of complete or substantial control over the franchisee? | 041884.docx | LEGALEASE-00159015-LEGALEASE-00159016 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Thomas v. Ross & Hardies, 9 F. Supp. 2d 547 | 308+92(1) | Under basic agency law, principal is liable for torts committed by its agent if agent acts with apparent authority, and this is true even if agent's act of fraud is committed solely to benefit agent. | Is the Principal liable for fraud committed by an agent to solely benefit the agent? | 042033.docx | LEGALEASE-00159142-LEGALEASE-00159143 |
| H.S.P. v. J.K., 223 N.J. 196 | 24+179 | The process for obtaining special immigrant juvenile (SIJ) status is a unique hybrid procedure that directs the collaboration of state and federal systems. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does the procedure for obtaining Special Immigrant Juvenile (SIJ) status involve the collaboration of state and federal systems? | "Aliens, Immigration and Citizenship - Memo 103 - RK_64745.docx" | ROSS-003307267-ROSS-003307268 |
| In re Adoption of Jason K., 41 Misc. 3d 885 | 24+268 | Since a nonimmigrant alien who does not maintain the conditions attached to his status can be deported, Congress must have intended that, in the absence of an adjustment of status, nonimmigrants in restricted classes will be deported if they seek to establish domicile. Immigration and Nationality Act, S 237(a)(1)(C)(i), 8 U.S.C.A. S 1227(a)(1)(C)(i). | Can a nonimmigrant alien who does not maintain the conditions attached to his status be deported? | "Aliens, Immigration and Citizenship - Memo 113 - RK_64755.docx" | ROSS-003280401-ROSS-003280402 |
| Bologna v. City & Cty. of San Francisco, 192 Cal. App. 4th 429 | 268+727 | An incident in which an illegal immigrant fatally shot three motorists who were stopped in traffic was not the particular kind of injury that Congress sought to prevent by enacting the statute invalidating all restrictions on the voluntary exchange of immigration information between government officials and immigration authorities, and thus no statutory cause of action was available to motorists' family members against city based on negligence per se or a public entity's violation of a mandatory duty, for city's "sanctuary" policy of shielding immigrants from deportation. Illegal Immigration Reform and Immigrant Responsibility Act of 1996, S 642(a), 8 U.S.C.A. S 1373(a); West's Ann.Cal.Evid.Code S 669; West's Ann.Cal.Gov.Code S 815.6. | Can a state or local governmental entity or official prohibit or restrict any governmental entity or official from sending federal immigration authorities information regarding the immigration status of any individual? | 006840.docx | LEGALEASE-00160390-LEGALEASE-00160391 |
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Is it required than an alien be under the age of 21 in order to be eligible for Special Immigrant Juvenile (SIJ) status? | "Aliens, Immigration and Citizenship - Memo 59 - RK_64793.docx" | ROSS-003305825-ROSS-003305826 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does an alien have to be unmarried in order to be eligible for Special Immigrant Juvenile (SIJ) status? | "Aliens, Immigration and Citizenship - Memo 61 - RK_64795.docx" | ROSS-003294130-ROSS-003294131 |
| Leonhard v. Eley, 151 F.2d 409 | 24+120 | Aliens permitted to reside in the United States are generally entitled to constitutional safeguards and the protection of the laws so far as personal and property rights, and civil and criminal responsibility are concerned, but they may exercise only such political rights as are conferred upon them by law. | Do the duties and obligations of aliens differ from those of native-born or naturalized citizens? | "Aliens, Immigration and Citizenship - Memo 69 - RK_64803.docx" | ROSS-003281990-ROSS-003281992 |
| CSX Transp. v. Dir., Div. of Taxation, 393 N.J. Super. 235 | 371+2233 | Franchise taxes are of two types, organization taxes, i.e., fees imposed upon the grant of corporate powers, and excises levied periodically, usually annually, upon the franchise or privilege of corporations to do business in the State. | What are the different types of franchise taxes? | Franchise - Memo 53 - ANG_64643.docx | ROSS-003285596-ROSS-003285597 |
| Rodgers v. RAB Investments, Ltd., 816 S.W.2d 543 | 289+924 | Every partner has inherent power to dissolve partnership even though dissolution would violate partnership agreement; dissolution may breach partnership contract, but it may be accomplished nonetheless. | Does every partner have the inherent power to dissolve a partnership even when the dissolution would violate the partnership agreement? | Partnership - Memo 503 - SB_64863.docx | ROSS-003282781-ROSS-003282782 |
| Conrad v. Buck, 21 W.Va. 396 | 289+928 | The assignment by one partner of all his interest in the partnership and its property to trustees for the payment of debts operates, ipso facto, as a dissolution of partnership. | Does the assignment by one partner of all his interest in the partnership and its property to the trustees for the payment of debts lead to the dissolution of partnership? | 022600.docx | LEGALEASE-00160126-LEGALEASE-00160127 |
| Household Fin. Corp. v. Avery, 476 S.W.2d 165 | 307A+561.1 | When facts constituting defense affirmatively appear on face of petition, defense may be interposed by motion to dismiss without necessity of specific motion or answer. V.A.M.R. Civil Rules 55.05, 55.33. | When can a defense be interposed by motion to dismiss without necessity of specific motion or answer? | 039582.docx | LEGALEASE-00159481-LEGALEASE-00159482 |
| Hatcher v. TDCJ-Institutional Div., 232 S.W.3d 921 | 307A+699 | If an order dismissing a case does not state the grounds on which it was granted, the party seeking reinstatement must negate all possible grounds for dismissal. | "If an order dismissing a case does not state the grounds on which it was granted, should the party seeking reinstatement negate all possible grounds for dismissal?" | 039589.docx | LEGALEASE-00159511-LEGALEASE-00159512 |
| Cichorek v. Cosgrove, 47 A.D.2d 883 | 307A+699 | An attorney's neglect or inadvertent error should not deprive his client of his day in court, and it is proper to save action for client while imposing upon attorney, personally, a penalty for his neglect. | Should neglect or inadvertent error of an attorney deprive his client of his day in court? | 040003.docx | LEGALEASE-00160489-LEGALEASE-00160490 |
| Saldana v. Hinojosa, 517 S.W.3d 239 | 307A+583 | Under common law, a trial court has inherent power to dismiss when a plaintiff fails to prosecute his case with due diligence. | Does a court have the inherent power to dismiss when a plaintiff fails to prosecute his case with due diligence? | 040349.docx | LEGALEASE-00160433-LEGALEASE-00160434 |
| Columbia Gulf Transmission Co. v. Bridges, 2008-1006 (La. App. 1 Cir. 6/25/09) | 371+3602 | The "sales tax" is a tax imposed on the buyer's use or consumption of the item sold, that is passed on to the buyer or consumer through the addition of the sales tax to the purchase price. LSA-R.S. 47:302(A). | "Is a ""sales tax"" a tax imposed on the buyer's use or consumption of the item sold, that is passed on to the buyer or consumer?" | 046213.docx | LEGALEASE-00159801-LEGALEASE-00159802 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Baker v. Forest Pres. Dist. of Cook Cty., 2015 IL App (1st) 141157 | 411+7 | Special districts, like a county's Forest Preserve District (FPD), are creations of the Legislature and the statutes granting power to them are to be strictly construed and their powers are not to be enlarged by construction. S.H.A. Const. Art. 7, S 8. | Are Forest Preserve District (FPD) creations of the legislature and should the statutes granting power to them be strictly construed? | Woods and Forest - Memo 8 - ANM_64526.docx | ROSS-003291867-ROSS-003291868 |
| Bolton v. Great Atl. & Pac. Tea Co., 245 So. 2d 452 | 413+105 | Although business is not hazardous per se, employee is covered by Workmen's Compensation Act when he is regularly exposed to or frequently brought in contact with hazardous feature of the business. LSA-R.S. 23:1035. | "If a business is not hazardous per se, is an employee covered by the workmens compensation act?" | 048681.docx | LEGALEASE-00160160-LEGALEASE-00160161 |
| Peretzman v. Borochoff, 58 Ga. App. 838 | 8.30E+10 | A bill or note is controlled, not necessarily by the law of the place where it is written, signed, or dated, but by the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorsee, or where the last act essential to its completion was done. | What law controls a bill? | Bills and Notes -Memo 1387- JK_66287.docx | ROSS-003305547-ROSS-003305548 |
| State v. One 1990 Chevrolet Corvette VIN: 1G1YY3388L5111488, 695 A.2d 502 | 135H+25 | Civil forfeiture is sufficiently punitive to amount to criminal prosecution for purpose of double jeopardy analysis if either: legislative intention was that proceeding was to be criminal in nature; or proceeding is so punitive in fact as to persuade reviewing court that it may not legitimately be viewed as civil in nature despite contrary legislative intent. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 7. | Is civil forfeiture sufficiently punitive to amount to criminal prosecution for a purpose of double jeopardy analysis? | 015236.docx | LEGALEASE-00160606-LEGALEASE-00160607 |
| Clark v. Jesuit High Sch. of New Orleans, 572 So. 2d 830 | 141E+934 | For school to be strictly liable for injuries caused by dangerous or hazardous condition on its premises, school authority must have had actual or constructive knowledge of unreasonably hazardous condition. | Schools has to have actual or constructive knowledge of the unreasonably hazardous conditions for it to be liable? | Education - Memo 344 - C - KS_65192.docx | ROSS-003293642-ROSS-003293643 |
| Haven Homes v. Raritan Twp., 19 N.J. 239 | 268+663(1) | The owner of land bounded on street or highway is presumed to own soil in front of his lot to middle of street, subject to easement of public highway, and nothing short of intention expressed in ipsis verbis, to exclude soil of highway, can exclude it. | Is the owner of land bounded on a street or highway presumed to own the soil in front of his lot to the middle of the street? | Highways - Memo 396 - RK_66325.docx | ROSS-003310310-ROSS-003310311 |
| Antenucci v. Hartford Roman Catholic Diocesan Corp., 142 Conn. 349 | 200+83 | Owners of property adjoining highway have right to every use and profit which can be derived from it consistent with easement of public, and soil of highway descends to heirs and passes to grantees as an appurtenant to land adjoining, and whenever highway is discontinued, adjoining proprietors hold land discharged of easement. | Do adjoining proprietors hold the land discharged of an easement when a highway is discontinued? | 018817.docx | LEGALEASE-00161645-LEGALEASE-00161646 |
| Rutten v. Wood, 79 N.D. 436 | 200+80 | When highway is established, the public, in absence of a statute expressly providing for acquisition of fee, merely acquires an easement of passage, the fee title remaining in landowner. | Does the fee title remain in the landowner when a public highway is established? | Highways - Memo 434 - RK.docx | LEGALEASE-00050724-LEGALEASE-00050725 |
| Wayne v. Staples, 135 Cal. App. 4th 466 | 217+1712 | The mere fact a contract involves shifting and distributing risk of loss does not necessarily mean the agreement constitutes an insurance contract for purposes of statutory regulation. West's Ann.Cal.Ins.Code S 22. | Do all contracts involving risk shifting and risk distribution constitutes an insurance contract? | 019630.docx | LEGALEASE-00161551-LEGALEASE-00161552 |
| MacKintosh-Hemphill Int'l v. Gulf & W., 451 Pa. Super. 385 | 307A+697 | Request to open judgment of non pros is by way of grace and not of right, and its grant or refusal is peculiarly a matter for lower court's discretion. | Is a request to open judgment of non pros by way of grace and not of right? | Pretrial Procedure - Memo 11488 - C - KI_65586.docx | ROSS-003322892-ROSS-003322893 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clark v. Yarbrough, 900 S.W.2d 406 | 307A+697 | The reinstatement provisions of statute covering dismissal of cases for want of prosecution apply only to dismissals for failure to appear at trial or hearing. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | Does the reinstatement provision of statute covering dismissal of cases for want of prosecution apply only to dismissals for failure to appear at a trial or hearing? | 040074.docx | LEGALEASE-00160626-LEGALEASE-00160627 |
| Higginbotham v. Morris, 749 So. 2d 840 | 307A+695 | An action is to be dismissed for failure to state a cause of action only when the grounds of the objection cannot be removed or when the plaintiff fails to comply with an order to amend. LSA-C.C.P. art. 934. | Is an action to be dismissed for failure to state a cause of action only when the grounds of the objection cannot be removed or when the plaintiff fails to comply with an order to amend? | Pretrial Procedure - Memo 11617 - C - TJ_65534.docx | ROSS-003294776 |
| Jackson v. Hous. Auth. of New Orleans, 478 So. 2d 911 | 302+34(1) | Amendment of suit after dismissal or final judgment should not be permitted; nevertheless, pleadings should be liberally construed so as to give pleader opportunity to present his evidence and to achieve substantial justice. LSA-C.C.P. art. 865. | Should pleadings be liberally construed so as to give pleader opportunity to present his evidence and to achieve substantial justice? | Pretrial Procedure - Memo 11667 - C - KI_65404.docx | ROSS-003279576-ROSS-003279577 |
| Friends of Everglades v. Bd. of Cty. Comm'rs of Monroe Cty., 456 So. 2d 904 | 307A+695 | If facts in complaint appear amenable to amendment, dismissal without leave to amend may result in an abuse of discretion. | "If facts in complaint appear amenable to amendment, can dismissal without leave to amend result in an abuse of discretion?" | 040346.docx | LEGALEASE-00161140-LEGALEASE-00161141 |
| Wheeler v. Eftink, 507 S.W.3d 598 | 307A+583 | While exercising sound judicial discretion, trial courts have an inherent power to dismiss a case for failure to prosecute with due diligence. | Does the court have the inherent power to dismiss a case for failure to prosecute with due diligence? | Pretrial Procedure - Memo 11686 - C - SJ_64704.docx | ROSS-003294480-ROSS-003294481 |
| Bobbin v. Sail the Sounds, 153 Conn. App. 716 | 307A+583 | The ultimate determination regarding a motion to dismiss for lack of diligence is within the sound discretion of the trial court. Practice Book 1998, S 14-3(a). | Is the ultimate determination regarding a motion to dismiss for lack of diligence within the sound discretion of the trial court? | Pretrial Procedure - Memo 11689 - C - SJ_65410.docx | ROSS-003281624-ROSS-003281625 |
| Bus. Servs. of Am. II v. WaferTech LLC, 245 P.3d 257 | 307A+583 | A court of general jurisdiction has the inherent power to dismiss actions for lack of prosecution, but only when no court rule or statute governs the circumstances presented. | Does the court of general jurisdiction have the inherent power to dismiss actions for lack of prosecution? | Pretrial Procedure - Memo 11704 - C - SKG_65423.docx | ROSS-003282439-ROSS-003282440 |
| State ex rel. Nixon v. Summit Inv. Co., 186 S.W.3d 428 | 307A+583 | The court's discretion to dismiss a case for failure to prosecute is not a mental discretion, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to serve the ends of substantial justice. | Is the court's discretion to dismiss a case for failure to prosecute a mental discretion? | Pretrial Procedure - Memo 11741 - C - TJ.docx | LEGALEASE-00051423-LEGALEASE-00051424 |
| Foss Mar. Co. v. City of Seattle, 107 Wash. App. 669 | 307A+583 | A court of general jurisdiction has the inherent power to dismiss actions for lack of prosecution, but only when no court rule or statute governs the circumstances presented. CR 41(b)(1). | Does a court of general jurisdiction have the inherent power to dismiss actions for lack of prosecution? | Pretrial Procedure - Memo 11752 - C - NS_65462.docx | ROSS-003322639-ROSS-003322640 |
| Bowman v. Slade, 501 So. 2d 1236 | 307A+697 | Dismissal of party's case and subsequent refusal to set aside dismissal for want of prosecution rests largely within sound discretion of trial court. | Is the dismissal for want of prosecution a matter within the discretion of trial court? | 040509.docx | LEGALEASE-00161369-LEGALEASE-00161370 |
| Coven v. Heatley, 715 S.W.2d 739 | 307A+583 | Court has inherent power to dismiss lawsuit for failure to prosecute with due diligence, separate and apart from statutory or rule authority. | Does the court have inherent power to dismiss lawsuit for failure to prosecute with due diligence? | 040534.docx | LEGALEASE-00161561-LEGALEASE-00161562 |
| Peretzman v. Borochoff, 58 Ga. App. 838 | 8.30E+10 | A bill or note is controlled, not necessarily by the law of the place where it is written, signed, or dated, but by the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorsee, or where the last act essential to its completion was done. | Which law controls a note? | 009175.docx | LEGALEASE-00162668-LEGALEASE-00162669 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Little v. State Indus. Comm'n, 1936 OK 817 | 181+1 | Forgery statute is aimed primarily at safeguarding confidence in genuineness of documents relied upon in commercial and business activity; such purpose underlies not only prohibition against forging false instrument but also against possessing or uttering such an instrument. W.S.A. 943.38. | Is forgery primarily aimed at safeguarding confidence in the genuineness of documents used in commercial and business activities? | Forgery - Memo 40 - SNJ_65934.docx | ROSS-003278690-ROSS-003278691 |
| United States v. Barrett, 837 F.2d 933 | 181+2 | Statute treating forgery of treasury check written for $500 or less as a misdemeanor did not repeal by implication general federal statute treating all forgeries of written instruments as felonies. 18 U.S.C.A. SS 495, 510. | "Has the specific enactment of 18 U.S.C. 510, implicitly repealed 18 U.S.C. 495, which treats all forgeries of written instruments as felonies?" | 018458.docx | LEGALEASE-00161906-LEGALEASE-00161907 |
| AAA Disposal Sys. v. Aetna Cas. & Sur. Co., 355 Ill. App. 3d 275 | 217+1001 | An "insurance policy" is a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event and is applicable only to some contingency or act to occur in the future. | What kinds of acts are insurance policies applicable to? | 019636.docx | LEGALEASE-00161970-LEGALEASE-00161971 |
| Simpson v. State, 26 Wash. App. 687 | 302+34(1) | Pleadings are to be construed liberally; if complaint states facts entitling plaintiff to some relief it is immaterial by what name action is called. | "If a complaint states facts entitling the plaintiff to some relief, is it immaterial by what name the action is called?" | 023903.docx | LEGALEASE-00162548-LEGALEASE-00162549 |
| Ellett v. Ellett, 35 Va. App. 97 | 30+3895 | Appellate court will sustain demurrer if the plaintiff's complaint, considered in light most favorable to plaintiff, fails to state a valid cause of action, and in conducting its review, the court considers as true facts alleged in complaint, as well as reasonable inferences that can be drawn from such facts. | "Will a demurrer be sustained if the complaint, considered in the light most favorable to the plaintiff, fails to state a valid cause of action?" | Pleading - Memo 631-RMM_66431.docx | ROSS-003292352-ROSS-003292353 |
| Williams Studio Div. of Photography by Tallas v. Nationwide Mut. Fire Ins. Co., 380 Pa. Super. 1 | 307A+697 | After satisfying proper criteria, plaintiff may open judgment of non pros and institute another suit based on same cause of action. Rules Civ.Proc., Rule 1037, 42 Pa.C.S.A. | "After satisfying proper criteria, can a plaintiff open judgment of non pros and institute another suit based on a same cause of action?" | 040595.docx | LEGALEASE-00162338-LEGALEASE-00162339 |
| Chrysler Fin. Servs. Americas v. Benjamin, 325 Ga. App. 579 | 30+3206 | A trial court's order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion. | Is a court's order of dismissal for failure to prosecute discretionary and subject to appellate review for abuse of discretion? | 040609.docx | LEGALEASE-00162498-LEGALEASE-00162499 |
| Silva v. City Of Attleboro, 454 Mass. 165 | 371+2002 | In distinguishing fees from taxes, fees, unlike taxes, are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner not shared by other members of society. | "In distinguishing fees with taxes, do fees benefit the party in a manner not shared by other members of society?" | 046169.docx | LEGALEASE-00162456-LEGALEASE-00162457 |
| Thornton v. Dean, 19 S.C. 583 | 219+28 | If a contract be entered into in one place to be performed in another, the parties may stipulate for the rate of interest of either country; if the contract stipulate generally for interest without fixing the rate, it should be the rate of interest at the place of payment; if no interest be stipulated, and payment be not made, interest by way of damages is according to the law of the place of payment. | Can the parties stipulate to the rate of interest when a contract is entered into in one state to be performed in another? | 009126.docx | LEGALEASE-00162801-LEGALEASE-00162802 |
| Briggs v. Latham, 36 Kan. 255 | 8.30E+12 | The indorsement of a promissory note is a separate and substantive contract, and the general rule is that contracts of this character are to be construed, and their effect determined, according to the laws of the state in which they are made, unless it appears that they are to be performed in or according to the laws of another state. | "Are contracts to be construed, and their effect determined, according to the laws of the state in which they are made?" | Bills and Notes - Memo 1371 - RK_66272.docx | ROSS-003308652-ROSS-003308653 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Duncan, 239 Pa. Super. 539 | 3.77E+06 | In enacting harassment statute, legislature sought to prohibit such conduct, including speech, which is not constitutionally protected and which is intended to alarm or seriously annoy another person; legislature's purpose was to extend to the individual the protections which have long been afforded the general public under disorderly conduct and breach of the peace statutes and to prevent, not the initial impact of unwelcome intrusions upon privacy, but rather repeated assaults on individual privacy interests. (Per Van der Voort, J., with two Judges concurring and one Judge concurring in result.) 18 Pa.C.S.A. S 2709; U.S.C.A.Const. Amend. 1. | What conduct did the legislature intend to prohibit by enacting the harassment statute? | "Threats, Stalking and Harassment - Memo 229-C - LB.docx" | LEGALEASE-00052553-LEGALEASE-00052554 |
| Blake v. Weiden, 291 N.Y. 134 | 83E+481 | When there has been a purported indorsement of a whole negotiable instrument in separate parts to two or more transferees, such transferees take legal title to their several shares and may sue together or any one or more may sue provided the other transferees are brought in as parties. Negotiable Instruments Law, S 62. | Can an indorsee sue individually when there are two or more indorsees to an instrument? | 009309.docx | LEGALEASE-00162929-LEGALEASE-00162930 |
| English v. Brigman, 225 N.C. 402 | 79+5 | Acting clerk of superior court, who was appointed when regular clerk was given military leave, and who, acting under color of his original appointment, was in actual discharge of duties of office with his right to incumbency not adversely determined in any competent judicial proceeding, was a "de facto officer" and his official acts could not be collaterally attacked. Pub.Laws 1941, c. 121; Const. art. 4, S 29. | Are the acts of a de facto clerk valid? | 013553.docx | LEGALEASE-00164108-LEGALEASE-00164109 |
| Reich v. Lopez, 858 F.3d 55 | 135+2 | Owning property in forum does not alone establish domicile; one may have more than one residence in different parts of country or world, but person may have only one domicile. | "Can one have more than one residence in different parts of country or world, but a person may have only one domicile?" | 014546.docx | LEGALEASE-00164172-LEGALEASE-00164173 |
| State v. Salas, 400 P.3d 251 | 135H+30 | Double jeopardy protections generally do not apply in habitual offender proceedings because the proceedings do not have the hallmarks of a trial of guilt or innocence. U.S. Const. Amend. 5. | Do double jeopardy protections apply in habitual offender proceedings because the proceedings do not have the hallmarks of a trial of guilt or innocence? | Double Jeopardy - Memo 1107 - C - KG_68012.docx | ROSS-003294688 |
| People v. Brandon, 40 Cal. App. 4th 1172 | 135H+96 | Although right to request mistrial or proceed to conclusion with same jury is fundamental right, law does not require that it be personally waived by accused nor does law require that accused be admonished concerning nature of right. | Is the right to request mistrial or proceed to conclusion with same jury a fundamental right? | 015294.docx | LEGALEASE-00162939-LEGALEASE-00162940 |
| United States v. Bauman, 887 F.2d 546 | 135H+96 | Defendant who requested mistrial could be retried on same charges without violating double jeopardy, despite defendant's claim that mistrial motion was "a last resort" and that he really wanted severance or continuance. U.S.C.A. Const.Amend. 5. | "Can a defendant who requested mistrial be retried on the same charges without violating double jeopardy, despite a defendant's claim that a mistrial motion was ""a last resort""?" | 015375.docx | LEGALEASE-00163066-LEGALEASE-00163067 |
| Torres v. State, 614 S.W.2d 436 | 135H+96 | Before failure to object to declaration of mistrial constitutes implied consent to mistrial, defendant must be given adequate opportunity to object to court's motion. U.S.C.A.Const. Amend. 5. | "Before a failure to object to mistrial constitutes an implied consent to mistrial, should a defendant have been given adequate opportunity to object?" | Double Jeopardy - Memo 351 - C - MS_66629.docx | ROSS-003280713-ROSS-003280714 |
| State v. Tolliver, 839 S.W.2d 296 | 135H+96 | Generally, double jeopardy clause of Fifth Amendment bars retrial if judge grants mistrial without defendant's request or consent. U.S.C.A. Const.Amend. 5. | "If the trial court declares a mistrial without the defendant's request for or consent to a mistrial, does the double jeopardy clause bar retrial of the defendant?" | 015436.docx | LEGALEASE-00163739-LEGALEASE-00163740 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Jorn, 400 U.S. 470 | 135H+96 | Where defendant, acting without defendant's consent, aborts proceeding, defendant has been deprived of his valued right to have his trial completed by particular tribunal. (Per Mr. Justice Harlan, three justices concurring and two justices concurring in judgment.) | "When the trial judge sua sponte, over defendant's objection, declares a mistrial, is the defendant deprived of his valued right to have his trial completed by a particular tribunal?" | 015463.docx | LEGALEASE-00163543-LEGALEASE-00163544 |
| State v. Berger, 235 N.W.2d 254 | 135H+95.1 | Double jeopardy clause does not prohibit retrial in every instance when first trial has terminated prior to verdict. NDCC 29-01-07; Const. S 13; U.S.C.A.Const. Amends. 5, 14. | Does double jeopardy not prohibit retrial in every instance when a first trial has terminated prior to verdict? | 015553.docx | LEGALEASE-00163741-LEGALEASE-00163742 |
| State Nat. Bank of Corpus Christi v. Morgan, 135 Tex. 509 | 260+79.1(2) | A "bonus" as applied to an oil and gas lease is a sum of money paid by lessee in consideration for execution of lease as distinguished from a "return" or "royalty" reserved by the lessor which must be paid by the lessee throughout the term of the lease. | Is a distinction between a bonus and a royalty that royalties are paid through the term of the lease? | Mines and Minerals - Memo 344 - C - ML_66669.docx | ROSS-003292800-ROSS-003292801 |
| Hayes v. Vill. of Middleburgh, 140 A.D.3d 1359 | 307A+697 | In order to vacate a dismissal for failure to appear, a plaintiff is required to demonstrate a reasonable excuse for his or her failure to appear and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27(a). | In order to vacate a dismissal for failure to prosecute is a plaintiff required to demonstrate a justifiable excuse for her default? | Pretrial Procedure - Memo 11894 - C - SHB.docx | LEGALEASE-00053584-LEGALEASE-00053585 |
| Davidson v. American Laundry Mach. Div., Martin Sales, McGraw-Edison Co., 431 N.E.2d 546 | 307A+690 | Dismissal for failure to prosecute action was dismissal with prejudice where it was not otherwise provided by trial court's order and order setting aside dismissal without granting defendant notice and hearing was invalid. Trial Procedure Rules 41, 41(B, E, F), 60(B). | "Is a dismissal for failure to prosecute a dismissal with prejudice, unless a trial court provides otherwise?" | 040771.docx | LEGALEASE-00163661-LEGALEASE-00163662 |
| In re Commercial Money Ctr., 350 B.R. 465 | 349A+10 | For purposes of determining whether a transaction is a sale or a loan for security, one useful factor is who is economically at risk. | "For purposes of determining whether a transaction is a sale or a loan for security, is one useful factor who is economically at risk?" | 042816.docx | LEGALEASE-00164022-LEGALEASE-00164023 |
| Curry v. State, 17 Ga. App. 377 | 3.77E+06 | Stalking statute was designed to protect women from being harassed by ex-husbands or former boyfriends, by ensuring that victims did not have to be injured or threatened with death before stopping a stalker's harassment. West's F.S.A. S 784.048. | How was the stalking statute designed to protect women from being harassed? | "Threats, Stalking and Harassment - Memo 244 - C - LB_66849.docx" | ROSS-003280153-ROSS-003280154 |
| Price v. Drexel Burnham Lambert, 791 F.2d 1156 | 25T+182(2) | Although burden on one seeking to prove waiver of arbitration is a heavy one, waiver will be found when party seeking arbitration substantially invokes judicial process to the detriment or prejudice of the other party. | Is there a heavy burden of proof on one seeking to prove a waiver of arbitration? | 008093.docx | LEGALEASE-00165073-LEGALEASE-00165074 |
| Sterling Fin. Inv. Grp. v. Hammer, 393 F.3d 1223 | 25T+184 | Pursuant to section of the Federal Arbitration Act (FAA), a federal district court has jurisdiction to enforce a forum selection clause in a valid arbitration agreement where that clause has been disregarded by the arbitrators. 9 U.S.C.A. S 4. | Do courts have the jurisdiction to enforce a forum selection clause in a valid arbitration agreement that has been disregarded by the arbitrators? | 008129.docx | LEGALEASE-00165040-LEGALEASE-00165042 |
| State v. Manatau, 2014 UT 7 | 135H+59 | At the time the trial judge declared a mistrial, jeopardy had attached, for double jeopardy purposes, since jury had been sworn and empaneled the previous day. U.S.C.A. Const.Amend. 5; West's U.C.A. Const. Art. 1, S 12. | Will a jeopardy be attached when the judge declares a mistrial since jury had been sworn and empaneled the previous day? | 014607.docx | LEGALEASE-00165173-LEGALEASE-00165174 |
| State v. Picot, 724 So. 2d 236 | 135H+30 | Habitual Offender Law creates no independent offense, but rather prescribes conditions under which there is enhanced penalty for current offense, and does not violate constitutional prohibitions against double jeopardy. U.S.C.A.Const.Amend. 5. | Does Habitual Offender Law create no independent offense? | Double Jeopardy - Memo 1226 - C - SS_67363.docx | ROSS-003281857-ROSS-003281858 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Rohde, 159 F.3d 1298 | 135H+30 | For double jeopardy purposes, the consideration of related but uncharged criminal conduct in calculating a sentence, or the enhancement of a sentence for obstructing justice by failing to appear at a hearing, do not constitute "punishment." U.S.C.A. Const.Amend. 5. | What do not constitute as punishment for double jeopardy purposes? | Double Jeopardy - Memo 1229 - C - SS_67366.docx | ROSS-003294217-ROSS-003294218 |
| Thomas v. Eighth Judicial Dist. Court in & for Cty. of Clark, 402 P.3d 619 | 135H+1 | With respect to double jeopardy, the interest in the finality of judgments contemplates the importance to the defendant of being able, once and for all, to conclude his confrontation with society. U.S. Const. Amend. 5; Nev. Const. art. 1, S 8. | "Does the interest in the finality of judgments contemplate the importance to the defendant of being able, once and for all, to conclude his confrontation with society, with respect to double jeopardy?" | 016367.docx | LEGALEASE-00165133-LEGALEASE-00165134 |
| State v. Cheek, 361 P.3d 679 | 135H+59 | The merger doctrine does not apply before trial, because the double jeopardy protections attach only when an accused is put on trial and a jury has been sworn and impaneled. U.S.C.A. Const.Amend. 5. | Do the double jeopardy protections attach only when an accused is put on trial and a jury has been sworn and impaneled? | 016647.docx | LEGALEASE-00165105-LEGALEASE-00165106 |
| Fields v. Palmdale Sch. Dist., 427 F.3d 1197 | 92+4391 | There is no fundamental due process right of parents to be the exclusive provider of information regarding sexual matters to their children, either independent of their right to direct the upbringing and education of their children or encompassed by it. U.S.C.A. Const.Amend. 14. | Do parents have a constitutional right to teach their children about sexual matters? | 017309.docx | LEGALEASE-00164347-LEGALEASE-00164348 |
| In re Lunan Family Restaurants, 194 B.R. 429 | 233+531 | Lease is not bona fide lease when it imposes obligations and confers rights significantly different from those arising out of ordinary landlord-tenant relationship. | Is a lease a bona fide lease if it imposes obligations and confers rights significantly different from those arising from the landlord tenant relationship? | 021020.docx | LEGALEASE-00164979-LEGALEASE-00164980 |
| Davis v. Zoning Bd. of Adjustment of City of La Porte, 853 S.W.2d 650 | 307A+583 | Trial court has inherent authority to dismiss lawsuit for party's failure to prosecute it with due diligence, even without statutory or rule authority. | Does the trial court have inherent power and authority to dismiss lawsuit for party's failure to prosecute suit with due diligence? | Pretrial Procedure - Memo 12103 - C - PB.docx | LEGALEASE-00054505-LEGALEASE-00054506 |
| Cox v. Cox, 976 So. 2d 869 | 307A+583 | The power to dismiss for failure to prosecute is granted not only by rule, but is part of a trial court's inherent authority and is necessary for the orderly expedition of justice and the court's control of its own docket. Rules Civ.Proc., Rule 41(b). | Is it a court's inherent authority to dismiss an action for plaintiff's failure to prosecute? | 041058.docx | LEGALEASE-00164541-LEGALEASE-00164542 |
| Pelfrey v. Oconee Cty., 207 S.C. 433 | 413+230 | The basic purpose of the Compensation Act is the inclusion of employers and employees and not their exclusion, and doubts of jurisdiction must be resolved in favor of inclusion rather than exclusion. | "Under the Compensation Act, should doubts of jurisdiction be resolved in favor of inclusion rather than exclusion?" | 048573.docx | LEGALEASE-00164647-LEGALEASE-00164648 |
| Pelfrey v. Oconee Cty., 207 S.C. 433 | 413+230 | The basic purpose of the Compensation Act is the inclusion of employers and employees and not their exclusion, and doubts of jurisdiction must be resolved in favor of inclusion rather than exclusion. | "Under the Compensation Act, should doubts of jurisdiction be resolved in favor of inclusion rather than exclusion?" | Workers Compensation - Memo 766 - C - ANC_67432.docx | ROSS-003282117-ROSS-003282118 |
| Probst v. S. Stevedoring Co., 379 F.2d 763 | 413+186 | In enacting Longshoremen's Act Congress did not leave it to hierarchical inducement to insure that every employer subject to Act becomes bound by, and qualified under, the Act, and the express definition of Act which covers every employer any of whose employees are employed in maritime employment, in whole or in part, includes subcontractors. Longshoremen's and Harbor Workers' Compensation Act, SS 2(4), 4, 7, 14, 18, 30, 32, 37, 38, 33 U.S.C.A. SS 902(4), 904, 907, 914, 918, 930, 932, 937, 938. | "Under the Act, did Congress leave it to hierarchical inducement to assure that every employer subject to the Act becomes bound by, and qualified under, the Act?" | Workers' Compensation - Memo 756 - C - ANC_67253.docx | ROSS-003294658-ROSS-003294659 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mansfield v. State, 29 A.3d 569 | 135H+59 | Jeopardy attaches, for purposes of the prohibition on double jeopardy, when the defendant has been put to trial before the trier of the facts, whether the trier be a jury or a judge, and thereby subjected to the risk of conviction. U.S.C.A. Const.Amend. 5. | Will jeopardy attach when the defendant is put to trial before the trier of facts and subjected to the risk of conviction? | Double Jeopardy - Memo 1024 - C - KG.docx | LEGALEASE-00054947-LEGALEASE-00054948 |
| Emmons v. State, 847 N.E.2d 1035 | 135H+59 | The conclusion that jeopardy has attached at a bench trial after a witness has been sworn begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial. U.S.C.A. Const. 5; West's A.I.C. Const. Art. 1, S 14; West's A.I.C. 35-41-4-3(a)(2). | Will the conclusion that jeopardy attached begin the inquiry if double jeopardy clause bars retrial? | Double Jeopardy - Memo 1051 - C - BP_67873.docx | ROSS-003293841-ROSS-003293843 |
| State v. Munoz, 11 Neb. App. 266 | 135H+59 | Under Nebraska Constitution, jeopardy attaches when judge, hearing case without jury, begins to hear evidence as to guilt or innocence of defendant. Const. Art. 1, S 12. | Is jeopardy attached when judge begins to hear evidence as to guilt or innocence of defendant? | Double Jeopardy - Memo 1081 - C - TM_67987.docx | ROSS-003280951-ROSS-003280952 |
| State v. Feliciano, 62 Haw. 637 | 135H+100.1 | Defendant may not be retried for any offense of which he has been acquitted, whether expressly or impliedly by conviction for lesser included offense, notwithstanding subsequent reversal of judgment on appeal. | "Can a defendant not be retried for any offense of which he has been acquitted, whether expressly or impliedly?" | Double Jeopardy - Memo 484 - C - TJ_68263.docx | ROSS-003293587-ROSS-003293588 |
| Sorum v. State, 526 S.W.3d 50 | 135H+1 | The Fifth Amendment to the United States Constitution provides that no person shall be twice put in jeopardy of life or limb for the same offense. U.S. Const. Amend. 5. | Does the law provide that no person shall be twice put in jeopardy of life or limb for the same offense? | 016074.docx | LEGALEASE-00165821-LEGALEASE-00165822 |
| State v. Moore, 108 Ariz. 532 | 135H+1 | Both the former jeopardy provision under the state constitution and the double jeopardy provision under the federal constitution provide, in somewhat different terms, that a defendant in a criminal case has a right not to be put in jeopardy twice for the same offense. U.S. Const. Amend. 5; Or. Const. art. 1, S 12. | Does the constitution provide that a defendant in a criminal case has a right not to be put in jeopardy twice for the same offense? | Double Jeopardy - Memo 705 - C - VA_68031.docx | ROSS-003282383-ROSS-003282384 |
| State v. Worthington, 582 S.W.2d 286 | 135H+100.1 | To support defense of double jeopardy, it must be shown that person has been subjected to prosecution for same offense after prior acquittal for that offense. U.S.C.A.Const. Amend. 5. | "To support defense of double jeopardy, should it be shown that a person has been subjected to a prosecution for a same offense after prior acquittal for that offense?" | Double Jeopardy - Memo 826 - C - DHA_67943.docx | ROSS-003293823-ROSS-003293824 |
| Kleigman v. Justices of Supreme Court, Kings Cty., 285 A.D.2d 646 | 135H+99 | Generally, double jeopardy will bar retrial when a mistrial is granted over the defendant's objection, or without his or her consent, unless the mistrial is granted as the product of manifest necessity; in determining whether such manifest necessity exists, there must be a high degree of necessity before concluding that a mistrial is appropriate, the reasons underlying the grant of a mistrial must be necessitous, actual and substantial. U.S.C.A. Const.Amend. 5. | "Is a ""high degree"" of necessity sufficient to conclude that a mistrial is appropriate?" | 016353.docx | LEGALEASE-00165728-LEGALEASE-00165729 |
| State v. Flenoy, 968 S.W.2d 141 | 135H+1 | United States Constitution's Fifth Amendment Double Jeopardy Clause contains two distinct protections for criminal defendants: (a) protection from successive prosecutions for same offense after either acquittal or conviction, and (b) protection from multiple punishments for same offense. U.S.C.A. Const.Amend. 5. | What are the two distinct protections given to a criminal defendant by the double jeopardy clause? | 016477.docx | LEGALEASE-00165281-LEGALEASE-00165282 |
| State v. Taylor, 136 Ohio Misc. 2d 18 | 135H+1 | Basic premise of the double jeopardy prohibition is that when a criminal defendant has been put in jeopardy once, he or she may not be placed again regarding the same offense; he or she is protected from successive prosecutions as well as cumulative punishments. U.S.C.A. Const.Amend. 5. | What is the basic premise of the double jeopardy prohibition? | 016557.docx | LEGALEASE-00165375-LEGALEASE-00165376 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Bitzas, 164 A.3d 1091 | 135H+59 | Jeopardy attaches to a defendant when he or she is put on trial in a court of competent jurisdiction upon a valid indictment and a jury is impaneled and sworn to determine the issue of his or her guilt or innocence of the crime charged. U.S. Const. Amends. 5, 14; N.J. Const. art. 1, par. 11. | When would jeopardy attach to a defendant? | Double Jeopardy - Memo 966 - C - SN_67840.docx | ROSS-003295055-ROSS-003295056 |
| St. Louis Univ. v. Duncan, 97 F. Supp. 3d 1106 | 141E+1234 | Private university violated section of Higher Education Act requiring participating institutions, during calculation of financial aid awards under federal Pell Grant program, to conduct individualized, case-by-case analysis before exercising their discretion to adjust statutory formula for calculating a family's expected contribution to student's education expenses based on family's net income and assets to account for student's special circumstances, where university implemented policy treatingcategories of expenses, including medical and dental expenses, as per se special circumstances warranting adjustments to students' expected family contributions. Higher Education Act of 1965, SS 401(b), 479A(a), 20 U.S.C.A. SS 1070a(b), 1087tt(a). | Can financial aid administrators adjust the statutory need analysis formula for an individual student under the Higher Education Act? | 017159.docx | LEGALEASE-00166074-LEGALEASE-00166075 |
| Lamka v. KeyBank, 250 Or. App. 486 | 307A+695 | A party may amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint; it is only if the trial court grants a motion to dismiss after the plaintiff has already filed an amended complaint or the defendant has filed a responsive pleading, that the plaintiff must file a motion for leave to file an amended complaint. Rules Civ.Proc., Rules 21, 23. | "Can a party amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint?" | Pretrial Procedure - Memo 12023 - C - TM_68447.docx | ROSS-003285696-ROSS-003285697 |
| In re Welch, 511 B.R. 99 | 38+72 | Court must review the parties' entire agreement to determine whether transaction is absolute assignment or grant of security interest. | Should a court review the parties' entire agreement to determine whether a transaction is an absolute assignment or grant of security interest? | 042675.docx | LEGALEASE-00165706-LEGALEASE-00165707 |
| Gen. Elec. Capital Corp. v. FPL Serv. Corp., 986 F. Supp. 2d 1029 | 50+2 | Under Iowa law, if a lease agreement retains or creates a security interest, the agreement cannot qualify as a lease or a finance lease because an agreement retaining or creating a security interest is specifically excluded from the statutory definition of a lease. I.C.A. S 554.13103(1)(j). | "If a lease agreement retains or creates a security interest, can the agreement qualify as a lease or a finance lease because an agreement retaining or creating a security interest is specifically excluded from the statutory definition of a lease?" | Secured Transactions - Memo 18 - C - VA_67961.docx | ROSS-003284668 |
| In re Brankle Brokerage & Leasing, 394 B.R. 906 | 349A+10 | Under North Carolina law, courts distinguish between leases and security agreements based upon economic realities of transaction, rather than on the more obscure intent of parties. West's N.C.G.S.A. S 25-1-203. | "Do courts distinguish between leases and security agreements based upon economic realities of a transaction, rather than on the more obscure intent of parties?" | 042782.docx | LEGALEASE-00165987-LEGALEASE-00165988 |
| People v. Leske, 957 P.2d 1030 | 135H+30 | Statutory penalty enhancement provision, or penalty enhancer, is not substantive element of charged offense for purposes of double jeopardy and merger analysis. U.S.C.A. Const.Amend. 5; West's Const. Art. 2, S 18. | Is a penalty enhancer a substantive element of the charged offense for purposes of double jeopardy analysis | Double Jeopardy - Memo 1167 - C - SHB.docx | LEGALEASE-00055851-LEGALEASE-00055852 |
| State ex rel. Canterbury v. Paul, 205 W. Va. 665 | 135H+25 | As court costs are not punishment or part of the penalty for committing a crime, constitutional double jeopardy protections do not apply. U.S.C.A. Const.Amend. 5; Code, 59-2-11. | "As court costs are not punishment or part of the penalty for committing a crime, do constitutional double jeopardy protections not apply?" | Double Jeopardy - Memo 523 - C - DHA_68302.docx | ROSS-003283281-ROSS-003283282 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cooper v. State, 2017 WL 5623582 | 135H+99 | Where a trial court declares a mistrial sua sponte or at the request of the prosecution, the mistrial must be the result of "manifest necessity" for the defendant to be subject to retrial. U.S.C.A. Const.Amend. 5. | Is the manifest necessity standard applicable when determining whether double jeopardy attaches following a trial court's sua sponte declaration of mistrial? | 015928.docx | LEGALEASE-00166289-LEGALEASE-00166290 |
| Bergen Cty. v. Borough of Paramus, 158 N.J. Super. 512 | 371+2392 | Because any impairment of taxing power affects lifeblood of government, claims for tax exemption have to stand scrutiny and show that they serve public purpose; burden of proof rests upon one asserting tax exemption to establish right. | Should claims for tax exemption stand scrutiny to show that they serve a public purpose? | Taxation - Memo 1286 - C - MV_68465.docx | ROSS-003279466-ROSS-003279467 |
| Lawrence v. Commodity Futures Trading Comm'n, 759 F.2d 767 | 83H+1 | For purposes of Commodity Exchange Act, if person intentionally does act which is prohibited, irrespective of evil motive or reliance on erroneous advice, or acts with careless disregard of statutory requirements, violation is willful. Commodity Exchange Act, SS 1-23, as amended, 7 U.S.C.A. SS 1-26. | "In order to prove a willful violation of Commodity Exchange Act, must the evil motive of the defendant be proved?" | 013611.docx | LEGALEASE-00167069-LEGALEASE-00167070 |
| Com. v. Williams, 373 Pa. Super. 270 | 135H+95.1 | Retrial following mistrial is permitted only in cases where defendant has consented to mistrial or where declaration of mistrial is manifestly necessary, as where there is a discharge of the jury after they have found to be hopelessly deadlocked. | Is retrial following mistrial permitted where there is a discharge of the jury after they have found to be hopelessly deadlocked? | 015780.docx | LEGALEASE-00166498-LEGALEASE-00166499 |
| In re Smith Barney, 975 S.W.2d 593 | 349A+10 | Under South Carolina law, court should not look to labels used by parties as sole evidence of nature of their transaction; rather, in distinguishing lease from disguised security agreement, court should consider true relationship and economic realities created by agreement. S.C.Code 1976, S 36-1-201(37). | Should a court not look to labels used by parties as sole evidence of nature of their transaction? | Secured Transactions - Memo 108 - C - SHB_68624.docx | ROSS-003282136 |
| In re QDS Components, 292 B.R. 313 | 349A+10 | Under California law, once court determines that purported lease is not disguised security agreement as matter of law, as failing to satisfy bright-line statutory test, court must examine all of the facts and circumstances of case to determine whether the agreement in question is lease or security agreement, with the key issue being whether lessor retains meaningful residual interest at end of lease term. West's Ann.Cal.Com.Code S 1201(36). | Is an issue whether a lessor maintains a meaningful residual interest at the end of lease term? | 042692.docx | LEGALEASE-00167097-LEGALEASE-00167098 |
| Janiga v. Questar Capital Corp., 615 F.3d 735 | 25T+100 | Parties are entitled to opt in a contract for an alternative method of dispute resolution that involves neither courts nor juries. | Can parties opt into a contract for an alternative method of dispute resolution that involves neither courts nor juries? | 04785.docx | LEGALEASE-00077084-LEGALEASE-00077085 |
| Metro Riverboat Assocs. v. Louisiana Gaming Control Bd., 797 So. 2d 656 | 188+206(1) | The Louisiana Administrative Procedure Act (LAPA) was not intended to supersede the more specific provisions of other administrative acts, such as the Louisiana Gaming Control Law; rather, it was intended to create procedures in those instances where none exist. LSA-R.S. 27:1 et seq., 49:950 et seq. | Do provisions of the Administrative Procedure Act supersede the more specific provisions of other administrative Acts? | 04771.docx | LEGALEASE-00077108-LEGALEASE-00077109 |
| Friends of P.S. v. Jewish Home Lifecare, 146 A.D.3d 576 | 149E+578 | In arriving at conclusions under State Environmental Quality Review Act (SEQRA), an agency may rely on consultants to conduct the analyses that support their environmental review of proposed projects. 6 NYCRR 617.9(b)(5)(v). | "When conducting an environmental review of a project, may an agency rely on consultants to conduct analyses, and exercise discretion when considering conflicting expert testimony? " | 03720.docx | LEGALEASE-00079376-LEGALEASE-00079378 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Transmission Access Policy Study Grp. v. F.E.R.C., 225 F.3d 667 | 145+11.3(4) | Provision, in Federal Energy Regulatory Commission (FERC) order imposing open access requirements on owners of electric transmission lines, that FERC will serve as the primary forum for resolution of stranded cost claims which result from state unbundling of retail sales, when retail customers take advantage of state-ordered retail wheeling to reach new generation suppliers, but only when the appropriate state regulatory commission lacks authority to do so, did not sanction arbitrary and capricious differences in transmission rates, in violation of the FPA, given FERC's wide discretion to determine what constitutes "just and reasonable rates" and "undue discrimination," as well as the unusual circumstances created by an industry change as fundamental as the open access requirement, and given that it is state-ordered wheeling that most directly causes retail costs to become stranded. Federal Power Act, SS 201(b)(1), (f), 206, as amended, 16 U.S.C.A. SS 824(b)(1), (f), 824e. | Are electricity orders imposing open access requirements as to electric transmission lines valid? | 05724.docx | LEGALEASE-00082157-LEGALEASE-00082159 |
| In re Brown, 226 B.R. 39 | 366+1 | Doctrine of equitable subrogation, which has as its goal the advancement of justice and the prevention of injustice, is used only in extreme cases bordering on, if not reaching, level of fraud. | Is equitable subrogation a remedy allowed in extreme cases bordering on or if not reaching the level of fraud? | 05102.docx | LEGALEASE-00083701-LEGALEASE-00083702 |
| Friends of P.S. v. Jewish Home Lifecare, 146 A.D.3d 576 | 149E+578 | In arriving at conclusions under State Environmental Quality Review Act (SEQRA), an agency may rely on consultants to conduct the analyses that support their environmental review of proposed projects. 6 NYCRR 617.9(b)(5)(v). | "When conducting an environmental review of a project, may an agency rely on consultants to conduct analyses, and exercise discretion when considering conflicting expert testimony? " | 00449.docx | LEGALEASE-00086914-LEGALEASE-00086916 |
| Rose v. Rose, 526 N.E.2d 231 | 307A+501 | Generally, voluntary dismissal should be allowed unless defendant will suffer some legal prejudice other than mere prospect of second suit. Trial Procedure Rule 41(A, C). | Should voluntary dismissal be allowed unless a defendant will suffer some legal prejudice other than a mere prospect of a second suit? | 03677.docx | LEGALEASE-00088136-LEGALEASE-00088137 |
| Rose v. Rose, 526 N.E.2d 231 | 307A+501 | Generally, voluntary dismissal should be allowed unless defendant will suffer some legal prejudice other than mere prospect of second suit. Trial Procedure Rule 41(A, C). | Should voluntary dismissal be allowed unless a defendant will suffer some legal prejudice other than a mere prospect of a second suit? | 03751.docx | LEGALEASE-00088225-LEGALEASE-00088226 |
| Odyssey Marine Exploration v. Unidentified Shipwrecked Vessel, 657 F.3d 1159 | 16+1(1) | Although federal courts have the exclusive power to adjudicate in rem suits against a vessel, that power is dependent on the court's jurisdiction over the res, the property named as the defendant. | Do federal courts have the exclusive power to adjudicate in rem suits against a vessel? | 05814.docx | LEGALEASE-00089204-LEGALEASE-00089206 |
| Odyssey Marine Exploration v. Unidentified Shipwrecked Vessel, 657 F.3d 1159 | 16+1(1) | Although federal courts have the exclusive power to adjudicate in rem suits against a vessel, that power is dependent on the court's jurisdiction over the res, the property named as the defendant. | Do federal courts have the exclusive power to adjudicate in rem suits against a vessel? | 10473.docx | LEGALEASE-00089321-LEGALEASE-00089323 |
| Rhodehouse v. CVS Pharmacy, 151 A.D.3d 771 | 307A+581 | A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal are met. McKinney's CPLR 3216. | Can a court dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal are met? | 11034.docx | LEGALEASE-00094277-LEGALEASE-00094278 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fillmore v. Walker, 2013 IL App (4th) 120533 | 307A+561.1 | If an affirmative defense already is apparent on the face of the complaint, the defendant need not plead the affirmative defense as an affirmative defense but instead may challenge the legal sufficiency of the complaint. S.H.A. 735 ILCS 5/2-615. | Would the defendant plead the affirmative defense if an affirmative defense is apparent on the face of the complaint? | 11137.docx | LEGALEASE-00094530-LEGALEASE-00094532 |
| Ctr. Developers v. S. Tr. Ins. Co., 275 Ga. App. 622 S.E.2d 31 | 307A+590.1 | An order need not advance or resolve litigation, grant or deny affirmative relief, or be obtained by a particular party in order to toll the running of the five-year period after which an action in which no written order has been entered will be automatically dismissed. West's Ga.Code Ann. S 9-2-60(b). | Should an order not advance or resolve litigation in order to toll a running of a statute? | 11054.docx | LEGALEASE-00094797-LEGALEASE-00094798 |
| Oshana v. FCL Builders, 2013 IL App (1st) 120851 | 307A+561.1 | A motion for involuntary dismissal based on certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. S.H.A. 735 ILCS 5/2-619. | "Can a motion for involuntary dismissal raise defects, defenses, or other affirmative matters that defeat the claim? " | 10226.docx | LEGALEASE-00095014-LEGALEASE-00095015 |
| Fillmore v. Walker, 2013 IL App (4th) 120533 | 307A+561.1 | If an affirmative defense already is apparent on the face of the complaint, the defendant need not plead the affirmative defense as an affirmative defense but instead may challenge the legal sufficiency of the complaint. S.H.A. 735 ILCS 5/2-615. | What will the defendant need to do if an affirmative defense is apparent on the face of the complaint? | 10380.docx | LEGALEASE-00095188-LEGALEASE-00095189 |
| Nw. Nat. Gas Co. v. Clark Cty., 98 Wash. 2d 739 | 371+2005 | State may attempt to tax the intangible "going-concern" value as well as value of tangible assets of an interstate business within the state. | "Can the state attempt to tax the intangible ""going-concern"" value as well as value of tangible assets of an interstate business within the state? " | 10605.docx | LEGALEASE-00095272-LEGALEASE-00095273 |
| Van Meter v. Darien Park Dist., 207 Ill. 2d 359 | 307A+561.1 | Party that moves for involuntary dismissal of action based on an affirmative matter admits legal sufficiency of the complaint, but asserts an affirmative defense or other matter to defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Can the moving party admit the legal sufficiency of the complaint in a motion to dismiss based on defect or defense? | 10234.docx | LEGALEASE-00095499-LEGALEASE-00095500 |
| Jones v. Vowell, 258 S.W.3d 383 | 307A+581 | The availability of dismissal for inaction or failure to prosecute is a tool for trial courts to dispose of cases "filed and forgotten." Rules Civ.Proc., Rule 41(b). | "Is the rule governing dismissal of a suit for failure to prosecute, a tool for trial courts to dispose of cases filed and forgotten? " | 09670.docx | LEGALEASE-00096134-LEGALEASE-00096135 |
| Cristino v. Bur. of Workers' Comp., 2012-Ohio-4420 | 307A+561.1 | If the existence of an affirmative defense is obvious from the face of the complaint, a court may grant a motion to dismiss for failure to state a claim on the basis of the affirmative defense; however, in so ruling, a court must exercise caution because complaints need not anticipate and attempt to plead around defenses. Rules Civ.Proc., Rule 12(B)(6). | "If the existence of an affirmative defense is obvious from the face of the complaint, will a court grant motion to dismiss on the basis of the affirmative defense? " | 09628.docx | LEGALEASE-00096306-LEGALEASE-00096307 |
| Smith v. DeLoach, 556 So. 2d 786 | 307A+590.1 | Mere fact that notice of deposition schedules taking of deposition for future date does not assure that deposition will be taken and does not result in activity in record on the future date, for purposes of rule providing for dismissal for failure to prosecute when it appears on face of record that no activity has occurred for one year. West's F.S.A. RCP Rule 1.420(e). | Does the mere fact that a notice of deposition schedules the taking of a deposition for a future date not assure the deposition will be taken? | 09824.docx | LEGALEASE-00096316-LEGALEASE-00096317 |
| Burns v. California Fair Plan, 152 Cal. App. 4th 646 | 217+1000 | The indemnity principle underlies the insurance contract, and it can never, without violence to its essence and spirit, be made by the assured a source of profit, its sole purpose being to guarantee against loss or damage. | What is the underlying principle in all insurance contracts? | 000204.docx | LEGALEASE-00115443-LEGALEASE-00115445 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lee v. Bd. of Adjustment of City of Rocky Mount, 226 N.C. 107 | 414+1349 | In issuing of building permits, the building inspector is a purely administrative agent and must follow literal provisions of zoning regulations. G.S. S 160-172. | "When issuing building permits, is a building inspector an administrative agent bound to follow the provisions of zoning regulations?  " | 000376.docx | LEGALEASE-00117410-LEGALEASE-00117411 |
| Peachtree Dev. Co. v. Paul, 67 Ohio St. 2d 345 | 15A+1057 | Test for determining whether action of legislative body is legislative or administrative is whether action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence. | How is it determined whether an action of a legislative body is legislative or administrative? | Administrative Law - Memo 161 - RK.docx | ROSS-003311073-ROSS-003311074 |
| Transmission Access Policy Study Grp. v. F.E.R.C., 225 F.3d 667 | 145+11.3(4) | Provision, in Federal Energy Regulatory Commission (FERC) order imposing open access requirements on owners of electric transmission lines, that FERC will serve as the primary forum for resolution of stranded cost claims which result from state unbundling of retail sales, when retail customers take advantage of state-ordered retail wheeling to reach new generation suppliers, but only when the appropriate state regulatory commission lacks authority to do so, did not sanction arbitrary and capricious differences in transmission rates, in violation of the FPA, given FERC's wide discretion to determine what constitutes "just and reasonable rates" and "undue discrimination," as well as the unusual circumstances created by an industry change as fundamental as the open access requirement, and given that it is state-ordered wheeling that most directly causes retail costs to become stranded. Federal Power Act, SS 201(b)(1), (f), 206, as amended, 16 U.S.C.A. SS 824(b)(1), (f), 824e. | Are electricity orders imposing open access requirements as to electric transmission lines valid? | 002827.docx | LEGALEASE-00119939-LEGALEASE-00119941 |
| Celaya v. Stewart, 691 F. Supp. 2d 1046 | 203+1051(2) | Under Arizona law, the violent or aggressive character of a homicide victim is neither an element of the homicide offense nor self-defense, except for a claim of self-defense where the defendant personally observed the victim's violent character or it was made known to him prior to the homicide; in that case, the evidence is admitted because it has a bearing on the defendant's state of mind and the reasonableness of his belief that deadly force was necessary when it was used. 17A A.R.S. Rules of Evid., Rules 404(a), 405(b). | Can the aggressive character of the victim be considered as an element of self-defense? | 003164.docx | LEGALEASE-00120780-LEGALEASE-00120781 |
| State v. Penn, 45 N.C. App. 551 | 352H+100(2) | If the state proves that the victim was under 12 years of age, a defendant may be convicted of assault with intent to commit rape without proving he intended to gratify his passion notwithstanding any resistance on the part of his intended victim. G.S. SS 14-21, 14-22 (Repealed). | When can a person be convicted of assault with intent to commit rape? | 042926.docx | LEGALEASE-00125727-LEGALEASE-00125728 |
| People v. Stevenson, 12 N.E.3d 179 | 110+632(4) | While oral motions in limine are permitted, a written motion should be used whenever complicated or sensitive evidence is at issue; this allows the movant to carefully identify the evidence sought to be excluded and articulate his or her argument in support, and prevents confusion and misunderstanding by defining the evidence at issue and capturing the movant's arguments. | "To prevent confusion and misunderstanding during trial, should the motion in limine be in writing?" | 038184.docx | LEGALEASE-00126185-LEGALEASE-00126186 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| City of Blue Springs, Mo. v. Cent. Dev. Ass'n, 684 S.W.2d 44 | 317A+113 | Granting of certificate of convenience and necessity is mandate of utility's duty to serve all persons in franchise area it has undertaken to serve. | Is granting a certificate of convenience and necessity a mandate of the utilitys duty to serve all the people in the franchise area it has undertaken to serve? | 042406.docx | LEGALEASE-00126680-LEGALEASE-00126681 |
| Baltia Air Lines v. CIBC Oppenheimer Corp., 273 A.D.2d 55 | 307A+501 | Motion to discontinue action without prejudice was properly denied where relief was sought to avoid an adverse decision on merits. McKinney's CPLR 3217(b). | Is a motion to discontinue action properly denied if such a relief was sought in order to avoid an adverse decision on the merits? | Pre-trial Procedure - Memo # 1047 - C - KG.docx | ROSS-003301118-ROSS-003301119 |
| A.T. ex rel T.T. v. Cohen, 445 N.J. Super. 300 | 307A+517.1 | In exercising the discretion afforded the court in the rule authorizing a voluntary dismissal of an action by an order of the court, the court is chiefly required to protect the rights of the defendant. N.J. Ct. R. 4:37-1(b). | "n exercising the discretion afforded the court in the rule authorizing a voluntary dismissal of an action by an order of the court, is the court chiefly required to protect the rights of the defendant?" | 028045.docx | LEGALEASE-00130048-LEGALEASE-00130049 |
| Barratt Am. Inc. v. City of Rancho Cucamonga, 37 Cal. 4th 685 | 371+2001 | In general, taxes are imposed for revenue purposes, rather than in return for a specific benefit conferred or privilege granted. | Are taxes imposed for revenue purposes rather than in return for a specific benefit conferred or privilege granted? | 045356.docx | LEGALEASE-00130665-LEGALEASE-00130666 |
| Dean v. Lehman, 143 Wash. 2d 12 | 371+2001 | A "tax" is an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities; it is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | What is a tax in the strictest sense of the word? | 044625.docx | LEGALEASE-00131164-LEGALEASE-00131165 |
| Chicago Park Dist. v. City of Chicago, 127 Ill. App. 3d 215 | 371+2001 | While every tax on an activity increases ultimate cost of such activity to consumer, such factor does not change tax from a revenue measure to a regulatory measure. | " Does the factor that every tax on an activity increases ultimate cost of such activity toconsumer, change tax from a revenue measure to a regulatory measure? | 044940.docx | LEGALEASE-00132063-LEGALEASE-00132064 |
| Whitmore v. Mut. Life Ins. Co. of N. Y., 122 Vt. 328 | 307A+749.1 | Subsequent course of action in trial of a cause is controlled by agreement or admission made at pretrial conference. County Court Rules, rule 3A. | Is a subsequent course of action in trial of case controlled by agreement or admissions made at a pretrial conference? | 028088.docx | LEGALEASE-00132218-LEGALEASE-00132219 |
| In re Bennett (Tex. 1997) 960 S.W.2d 35 | 307A+517.1 | Signing of order dismissing case, not filing of notice of nonsuit, determines when trial court's plenary power expires. Vernon%22s Ann.Texas Rules Civ.Proc., Rule 162. | Is the signing of an order dismissing a case the starting point for determining when a trial court's plenary power expires? | Pretrial Procedure - Memo # 2688 - C - TM.docx | ROSS-003288342-ROSS-003288344 |
| Goodman v. Kennedy, 18 Cal. 3d 335 | 302+40 | It is generally an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect in the pleading can be cured by amendment. West's Ann.Code Civ.Proc. S 472c. | Is it an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment? | 023241.docx | LEGALEASE-00132943-LEGALEASE-00132944 |
| Arens v. United States, 24 Cl. Ct. 407 | 34+3(1) | Claims Court will give great deference to military when reviewing matters which impinge upon military affairs and national defense. | Does the court accord great deference to military when reviewing matters which impinge upon military affairs and national defense? | 008968.docx | LEGALEASE-00133723-LEGALEASE-00133725 |
| Marshall v. Vise, 767 S.W.2d 699 | 307A+483 | Unanswered requests for admissions are automatically deemed admitted, unless court on motion permits there withdrawal or amendment. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Are unanswered requests for admissions deemed admitted, unless the court on motion permits their withdrawal or amendment?" | 028850.docx | LEGALEASE-00134519-LEGALEASE-00134520 |
| Ballard v. United States, 430 A.2d 483 | 211+1597 | Elements required to establish offense of carnal knowledge or statutory rape are sexual intercourse with a female child under age of 16 regardless of whether force was used or assent given. D.C.C.E. S 22-2801. | Is carnal knowledge an element of rape? | Sex Offence - Memo 50 - SB.docx | ROSS-003290924-ROSS-003290926 |
| Lothspeich v. Sam Fong, 6 Haw. App. 118 | 307A+36.1 | A defendant in a pending action may not be required before judgment to give information concerning his assets, as such information is not relevant to the subject matter. | Can a defendant in a pending action not be required before judgment to give information concerning his assets as such information is not relevant? | Pretrial Procedure - Memo # 4849 - C - ES.docx | ROSS-003290814-ROSS-003290815 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Laflamme v. Goodwin, 911 N.E.2d 660 | 106+35 | A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss, and in either case, once the party contesting jurisdiction challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. | Can a challenge to personal jurisdiction be raised either as an affirmative defense in the answer or in a motion to dismiss for lack of jurisdiction over the person? | 032839.docx | LEGALEASE-00139901-LEGALEASE-00139902 |
| Overholser v. Glynn, 267 Cal. App. 2d 800 | 307A+749.1 | It is duty of trial court to determine each of issues in accordance with pretrial conference order, which controls conduct of litigation and where inconsistent, supersedes the pleadings. Cal.Rules of Court, rule 216. | Is it the duty of a trial court to determine issues in accordance with pretrial conference orderwhich controls conduct of the litigation? | 027920.docx | LEGALEASE-00140082-LEGALEASE-00140083 |
| Twp. of Holmdel v. New Jersey Highway Auth., 190 N.J. 74 | 371+2060 | All real property within New Jersey is subject to taxation unless expressly exempted by the Legislature. N.J.S.A. Const. Art. 8, S 1, par. 2; N.J.S.A. 54:4-1. | s all real property within state subject to taxation unless expressly exempted by the Legislature? | 045679.docx | LEGALEASE-00143079-LEGALEASE-00143080 |
| Gestetner Holdings, PLC v. Nashua Corp., 784 F. Supp. 78 | 25T+143 | Where claims may be understood to raise an arbitrable issue, arbitration must be compelled even if claims can also be characterized another way. | Do courts compel arbitration when claims raise an arbitrable issue even if the claims can also be characterized another way? | 007499.docx | LEGALEASE-00143159-LEGALEASE-00143160 |
| State v. James W., 87 Conn. App. 494 | 110+474.4(4) | Expert testimony concerning certain behavior patterns of minor victims of sexual abuse in general may assist the jury in assessing the credibility of a particular complaining victim. | Can experts in child sexual abuse cases comment on victims credibility? | 043078.docx | LEGALEASE-00143404-LEGALEASE-00143405 |
| State v. Smith, 10 R.I. 258 | 352H+41 | Common-law rule of marital exemption precluding finding husband guilty of rape committed by himself upon his wife was based on three major justifications; first, notion that woman was property of her husband or father, second, that husband and wife were one person, that after marriage man and woman no longer retained separate legal existence, and third, that by entering marriage contract wife consents to sexual intercourse with her husband; however, those justifications were insufficient to exempt husbands from charge of rape where judicial decree of separation has been entered, where spouse has filed for divorce or separate maintenance or where spouses are simply living apart. N.J.S.A. 2A:138-1 (Repealed). | "Can a husband be charged with rape for having sexual intercourse with his spouse, who has initiated legal proceedings for divorce? " | 042942.docx | LEGALEASE-00143506-LEGALEASE-00143507 |
| Spates v. Howell, 420 S.W.3d 776 | 307A+622 | A defendant who files a motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but asserts that the allegations fail to establish a cause of action. Rules Civ.Proc., Rule 12.02(6). | Does a defendant who files a motion to dismiss admit the truth of all of the relevant and material allegations contained in the complaint? | 036703.docx | LEGALEASE-00149961-LEGALEASE-00149962 |
| Lowery v. Lowery, 654 So. 2d 1218 | 307A+533 | Motion to dismiss is not to be used as substitute for motion for judgment on the pleadings or motion for summary judgment; motion to dismiss is designed to test legal sufficiency of complaint but not to determine issues of fact. | Is the purpose of a motion to dismiss is to test the legal sufficiency of a complaint and not to determine factual issues? | 036949.docx | LEGALEASE-00150202-LEGALEASE-00150203 |
| Jones v. Bank of Chapel Hill, 214 N.C. 794 | 308+92(1) | A principal is liable on agent's contracts, made within scope of agent's actual authority, or his apparent authority, unless third person has notice that agent is exceeding actual authority, and on agent's contracts ratified by the principal. | When is a principal liable upon a contract made by his agent with a third person? | 041642.docx | LEGALEASE-00155690-LEGALEASE-00155691 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Branscum v. Am. Cmty. Mut. Ins. Co., 984 P.2d 675 | 308+92(1) | As a general rule, the acts performed or statements by an agent within the scope of real or apparent authority are binding on the principal regardless of whether the principal has actual knowledge of the agent's act. | Is the principal bound regardless of having actual knowledge of agents act? | 041659.docx | LEGALEASE-00155712-LEGALEASE-00155713 |
| Johnson v. Sepulveda, 178 S.W.3d 117 | 30+211 | Before trial court error can be found in the failure to set an oral hearing on a motion to reinstate after a civil suit was dismissed for want of prosecution, the movant must request an oral hearing. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | "Before a trial court error can be found in the failure to set a hearing on a motion to reinstate, should the movant request a hearing?" | 025501.docx | LEGALEASE-00158779-LEGALEASE-00158780 |
| Potter v. Harvey, 30 Iowa 502 | 308+92(1) | While the general rule is recognized that, if the purchaser of property, who, it is claimed, relied upon the representations of the seller, shall receive and pay for it after he has learned that such representations were false, he will be estopped from afterward claiming damages on account of such false representation; it is, nevertheless, held, that this rule has no just application, if the contract was made by an agent of the purchaser, and the principal was ignorant of the false representations having been made, although he knew the facts showing their falsity. | Is a person who knows that the representations of seller were false estopped from afterward claiming damage for such false representations? | Principal and Agent - Memo 409 - RK_63963.docx | ROSS-003281420-ROSS-003281421 |
| Rutten v. Wood, 79 N.D. 436 | 200+80 | When highway is established, the public, in absence of a statute expressly providing for acquisition of fee, merely acquires an easement of passage, the fee title remaining in landowner. | Does the fee title remain in the landowner when a public highway is established? | 018829.docx | LEGALEASE-00161753-LEGALEASE-00161754 |
| Com. v. Duncan, 239 Pa. Super. 539 | 3.77E+06 | In enacting harassment statute, legislature sought to prohibit such conduct, including speech, which is not constitutionally protected and which is intended to alarm or seriously annoy another person; legislature's purpose was to extend to the individual the protections which have long been afforded the general public under disorderly conduct and breach of the peace statutes and to prevent, not the initial impact of unwelcome intrusions upon privacy, but rather repeated assaults on individual privacy interests. (Per Van der Voort, J., with two Judges concurring and one Judge concurring in result.) 18 Pa.C.S.A. S 2709; U.S.C.A.Const. Amend. 1. | What conduct did the legislature intend to prohibit by enacting the harassment statute? | 046983.docx | LEGALEASE-00162713-LEGALEASE-00162714 |
| People v. Leske, 957 P.2d 1030 | 135H+30 | Statutory penalty enhancement provision, or penalty enhancer, is not substantive element of charged offense for purposes of double jeopardy and merger analysis. U.S.C.A. Const.Amend. 5; West's Const. Art. 2, S 18. | Is a penalty enhancer a substantive element of the charged offense for purposes of double jeopardy analysis? | 014911.docx | LEGALEASE-00166212-LEGALEASE-00166213 |
| Feuchter v. Bazurto, 22 Ariz. App. 427 | 228+185.2(4) | Opponent to a motion for summary judgment does not raise an issue of fact by merely stating in his affidavit that an issue of fact exists, but rather he must show that evidence is available which would justify a trial of that issue. | Is it fundamental that the affidavit present sufficient materials to show that there is a triable issue of material fact? | Affidavits - Memo 81 - _1RKRRLZNIMYTOxeQqb7-jIPH5kjSCkZa9.docx | ROSS-000000256-ROSS-000000257 |
| Cirillo v. Slomin's Inc., 196 Misc. 2d 922 | 307A+679 | In ruling upon a motion to dismiss, the Court must accept the facts alleged as true and accord plaintiffs the benefit of every possible favorable inference. McKinney's CPLR 3211. | "In ruling upon a motion to dismiss, can the court not address the merits of the complaint or any of its factual allegations?" | Pretrial Procedure - Memo # 8787 - C - NS_59786.docx | ROSS-003280320-ROSS-003280322 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Minor who obtains special immigrant juvenile (SIJ) status may become a naturalized United States citizen after five years. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Can a minor who obtains Special Immigrant Juvenile (SIJ) status becomea naturalized citizen after five years? | "Aliens, Immigration and Citizenship - Memo 58 - RK_64792.docx" | ROSS-003280669-ROSS-003280670 |
| Com. v. Ferrer, 283 Pa. Super. 21 | 3.77E+11 | Even a single verbal threat may be made in such terms or circumstances as to support the inference that the actor intended to terrorize or coerce. 18 Pa.C.S.A. S 2706. | Can a single verbal threat be made in way as to support the inference that the actor intended to terrorize or coerce? | "Threats, Stalking, and Harassment - Memo #17 - C - LB_58573.docx" | ROSS-003281416-ROSS-003281417 |
| Sullivan v. Bd. of Cty. Comm'rs of Arapahoe Cty., 692 P.2d 1106 | 15A+1705 | Quasi-judicial actions, which must be filed within 30 days from final action taken by an inferior tribunal in order to be within subject matter jurisdiction of district court, involve the determination of juridical facts on which the impact of a law upon an individual depends and, in addition to a consideration of whether the function in question involves the exercise of discretion and requires notice and hearing, involve a determination of rights and liabilities with reference to past or present facts. Rules Civ.Proc., Rules 106, 106(a)(4), (b). | How is it determined whether an action of an authority is quasi-judicial in nature? | Administrative Law - Memo 155 - RK.docx | ROSS-003282652-ROSS-003282654 |
| Fin. Freedom Sr. Funding Corp. v. Horrocks, 294 S.W.3d 749 | 315+131 | A "life estate " is created by a deed or will where the language of the instrument manifests an intention on the part of the grantor or testator to pass to a grantee or devisee a right to possess, use, or enjoy property during the period of the grantee's life. | How are life estates created | Life Estates - Memo 8 - RM.docx | ROSS-003283283-ROSS-003283285 |
| Mahler v. Szucs, 135 Wash. 2d 398 | 366+1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | What is the purpose of Subrogation? | Subrogation - Memo 186 - ANG C.docx | ROSS-003284093-ROSS-003284095 |
| Ambrogio v. Beaver Rd. Assocs., 267 Conn. 148 | 307A+3 | A party, through a motion in limine, may implore the court to decide a question of law, as well as some preliminary questions of fact. | " Can a party, through a motion in limine, implore the court to decide a question of law, as well as some preliminary questions of fact? " | PreTrial Procedure - Memo - 72 - C - SK.docx | ROSS-003284376-ROSS-003284377 |
| Garris v. Governing Bd. of S.C. Reinsurance Facility, 333 S.C. 432 | 15A+1062 | In the absence of any statutory or other controlling provision, the common-law rule that a majority of a whole administrative board is necessary to constitute a quorum applies, and the board may do no valid act in the absence of a quorum. | Is a majority of a whole administrative board necessary to constitute a quorum? | Administrative Law - Memo 186 - RK.docx | ROSS-003284423-ROSS-003284424 |
| Lernout & Hauspie Speech Prod., N.V. v. Stonington Partners, 268 B.R. 395 | 106+512 | United States courts should deny comity to executive, legislative or judicial act of foreign sovereign only where its acceptance would be prejudicial to the interests of United States. | "Should United States courts deny comity to executive, legislative or judicial act of foreign sovereign only where its acceptance would be prejudicial to the interests of United States?" | International Law- Memo # 767 - C - SU.docx | ROSS-003284703-ROSS-003284704 |
| State of Nev. ex rel. Dep't of Ins. v. Contract Servs. Network, 873 F. Supp. 385 | 231H+1 | States possess broad authority under police power to regulate employment relationship in order to protect workers within state. | Do states possess broad authority under police power to regulate employment relationship within the state? | Labor and Employment - Memo 11 - VP.docx | ROSS-003285011-ROSS-003285012 |
| Rivas v. Napolitano, 714 F.3d 1108 | 221+189 | A federal court has jurisdiction to review a consular official's actions when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion. | When does a federal court has jurisdiction to review consular officials actions? | Ambassadors and Consuls - Memo 29 - SH.docx | ROSS-003285159-ROSS-003285160 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Iragorri v. United Techs. Corp., 274 F.3d 65 | 170B+2973 | Deference given to plaintiff's choice of forum, when court rules on forum non conveniens dismissal motion, is not limited only to situations in which plaintiff sues in plaintiff's home district, as one of factors that necessarily affects plaintiff's choice of forum is need to sue in place where defendant is amenable to suit; where United States resident leaves his or her home district to sue in district where defendant has established itself and is thus amenable to suit, this would not ordinarily indicate a choice motivated by desire to impose tactical disadvantage on defendant, especially if defendant's amenability to suit in plaintiff's home district is unclear. | Does the need to sue in a place where the defendant is amenable to suit affect a plaintiffs choice of forum? | Venue  - Memo 39 - RM.docx | ROSS-003285655-ROSS-003285657 |
| Flores v. Workmen's Comp. Appeals Bd., 36 Cal. App. 3d 388 | 413+1 | The underlying principle upon which the Workmen's Compensation Act rests is providing of compensation to employee for injuries resulting from his employment; industry being made to bear burden as part of cost of production. | What underlying principle does the Workmen's Compensation Act rest upon? | Workers Compensation - Memo #157 ANC.docx | ROSS-003288376-ROSS-003288377 |
| Madera Production Co. v. Atlantic Richfield Co., 107 S.W.3d 652 | 401+5.1 | Actions seeking royalties and overriding royalties in minerals are considered suits on real property interests, meaning they must be filed where the property is located. V.T.C.A., Civil Practice & Remedies Code S 15.011. | Is an action seeking royalty and overriding royalty in minerals considered a suit on real property interests that must be filed where the property is located? | Venue - Memo 91 - JS.docx | ROSS-003288953-ROSS-003288954 |
| Marler v. Moultrie-Shelby Farm Serv., 11 Ill. App. 3d 204 | 113+3 | To become binding upon parties, custom or usage must have antiquity, uniformity and universality and must have continued for sufficient length of time that parties must have contracted in relation to it. | "In order for a custom or usage to be binding, must it have antiquity, uniformity and universality?  " | Customs & Usage - Memo 131 - RK.docx | ROSS-003288991 |
| Smith v. U.S. Shipping Bd. Emergency Fleet Corp., 2 F.2d 390 | 34+3(2) | The Posse Comitatus Act, which prohibits Army and Air Force personnel from engaging in civilian law enforcement, is a criminal statute that provides no private cause of action. 18 U.S.C.A. S 1385. | Is Posse Comitatus Act a criminal statute? | Armed Services - Memo 90 - JS.docx | ROSS-003289090-ROSS-003289091 |
| Howard Univ. v. Metro. Campus Police Officer's Union, 512 F.3d 716 | 25T+112 | Arbitration is a matter of consent; if a party submits to arbitration without objecting to the arbitrator's jurisdiction, then it may fairly be said to have consented to the arbitration, and the other party, having gone forward with the proceeding, may fairly be said to have relied upon that consent. | "If a party submits to arbitration without objecting to the arbitrator's jurisdiction, does he consent to the arbitration?  " | Alternative Dispute Resolution - Memo 106 - JS.docx | ROSS-003289610-ROSS-003289612 |
| Cooney v. Osgood Mach., 81 N.Y.2d 66 | 413+1 | General scheme of workers' compensation acts is that an employer, regardless of culpability, is required to make specified payments to injured employee, and in exchange, law immunizes employer from further liability. | What is the general scheme of the workers' compensation act? | Workers Compensation - Memo #100 ANC.docx | ROSS-003290656-ROSS-003290657 |
| Eldridge v. Felec Servs., 920 F.2d 1434 | 413+1 | Alaska Workers' Compensation Act creates substantial rights and duties which apply to all employment relationships and may not be waived by any employee. AS 23.30.005 et seq. | Does the Workers' Compensation Act create substantial rights and duties which apply to all employment relationships and which cannot be waived by any employee? | Workers Compensation - Memo 110 ANC.docx | ROSS-003290660-ROSS-003290661 |
| Anchor Cas. Co. v. Wise, 172 Kan. 539 | 413+1834 | The workmen's compensation commissioner must hear all evidence on all points and on all branches of case in order that district court may exercise its right and duty on appeal, and until that has been done and ruling been made, an appeal to district court is ineffectual. G.S.1949, 20-301. | "Does the workmens compensation act establish a procedure of its own, and do such procedures furnish a remedy which is substantial, complete, and exclusive in compensation cases?  " | Workers Compensation - Memo 220 ANC.docx | ROSS-003291321-ROSS-003291322 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Antenucci v. Hartford Roman Catholic Diocesan Corp., 142 Conn. 349 | 200+83 | Owners of property adjoining highway have right to every use and profit which can be derived from it consistent with easement of public, and soil of highway descends to heirs and passes to grantees as an appurtenant to land adjoining, and whenever highway is discontinued, adjoining proprietors hold land discharged of easement. | Do adjoining proprietors hold the land discharged of an easement when a highway is discontinued? | Highways - Memo 402 - RK_66331.docx | ROSS-003292205-ROSS-003292206 |
| Butler v. City of Eupora, 725 So. 2d 158 | 156+62.3 | While after-acquired title doctrine is founded upon premises of equitable estoppel, doctrine of equitable estoppel cannot be applied against state or its counties where acts of their officers were unauthorized. Code 1972, S 89-1-39; Rules App.Proc., Rule 8(c). | Is the after-acquired title doctrine founded upon premises of equitable estoppel? | Estoppel - Memo #71 - C - CSS_60870.docx | ROSS-003294757-ROSS-003294758 |
| State v. Cheek, 361 P.3d 679 | 135H+59 | The merger doctrine does not apply before trial, because the double jeopardy protections attach only when an accused is put on trial and a jury has been sworn and impaneled. U.S.C.A. Const.Amend. 5. | Do the double jeopardy protections attach only when an accused is put on trial and a jury has been sworn and impaneled? | Double Jeopardy - Memo 980 - C - PB_67570.docx | ROSS-003295990-ROSS-003295991 |
| Haire v. Smith, Currie & Hancock LLP, 925 F. Supp. 2d 126 | 360+18.15 | To the extent there are conflicts between state arbitration law and the Federal Arbitration Act (FAA) that would contravene the pro-arbitration policies embodied in the FAA, the FAA applies and preempts such state laws. 9 U.S.C.A. S 1 et seq. | Does the FAA pre-empt state law when state arbitration laws contravene the pro-arbitration policies embodied in the FAA? | Alternative Dispute Resolution - Memo 321 - RK.docx | ROSS-003296557-ROSS-003296559 |
| Hurley v. Port Blakely Tree Farms L.P., 182 Wash. App. 753 | 386+1 | To establish intentional trespass, a plaintiff must show: (1) an invasion of property affecting an interest in exclusive possession; (2) an intentional act; (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest; and (4) actual and substantial damages. | When does intentional trespass occur? | Trespass - Memo 12 - RK.docx | ROSS-003297252-ROSS-003297253 |
| Am. Sterling Bank v. Johnny Mgmt. LV, 126 Nev. 423 | 366+1 | Equitable subrogation is an equitable remedy that requires a court to balance the equities based on the facts and circumstances of each particular case. | Does equitable subrogation requires court to balance the equities based on the facts and circumstances of each particular case? | Subrogation - Memo 207 - RM C.docx | ROSS-003297328-ROSS-003297330 |
| People v. Stevenson, 12 N.E.3d 179 | 110+632(4) | While oral motions in limine are permitted, a written motion should be used whenever complicated or sensitive evidence is at issue; this allows the movant to carefully identify the evidence sought to be excluded and articulate his or her argument in support, and prevents confusion and misunderstanding by defining the evidence at issue and capturing the movant's arguments. | "To prevent confusion and misunderstanding during trial, should the motion in limine be in writing?" | Pretrial Procedure - Memo # 903 - C - KA.docx | ROSS-003300129-ROSS-003300130 |
| Baca v. Hoover, Bax & Shearer, 823 S.W.2d 734 | 307A+508 | Whether defendant's pleading is affirmative claim for relief, so as not to allow plaintiff to take nonsuit, is determined by facts alleged and not by name given plea or by form of prayer for relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is the determination whether a pleading is an affirmative claim for relief is made on the facts alleged or by the form of the prayer for relief? | Pretrial Procedure - Memo # 957 - C - TJ.docx | ROSS-003300336-ROSS-003300337 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Books, 225 N.W.2d 322 | 92+3781 | Statutory amendment, which provided that statute making it an offense for public officials and employees to accept any gift or gratuity in connection with a business transaction was not applicable to state officials and employees or legislators and their employees, created an arbitrary classification which denied equal protection, though another statute prohibits state officers and employees from giving or accepting gifts with value of more than $25 under any circumstances. I.C.A. SS 68B.1 et seq., 68B.5, 739.1 et seq., 741.1 et seq.; U.S.C.A.Const. Amend. 14; I.C.A.Const. art. 1, S 6. | Does statute make it an offense for public officials and employees to accept any gift or gratuity in connection with a business transaction extends to private as well as public employees? | Bribery - Memo #686 - C-JL.docx | ROSS-003300714-ROSS-003300715 |
| Szymczak v. Holland Cmty. Hosp., 187 Mich. App. 142 | 92+2752 | Benefits and liabilities arising out of workers' compensation statute do not create rights protected by contract clause of Federal or State Constitutions. U.S.C.A. Const. Art. 1, S 10, cl. 1; M.C.L.A. Const. 1, S 10. | Do the benefits and liabilities arising out of a workers' compensation statute create rights protected by the contract clause of the constitution? | Workers Compensation - Memo #109 ANC.docx | ROSS-003302033-ROSS-003302034 |
| Cruzan v. Smith, 41 Ind. 288 | 308+147(3) | The principal is not bound by the acts of a special agent, if he exceeds the limits of his authority. And it is the duty of every person who deals with a special agent to ascertain the extent of the agent's authority, before dealing with him. If this be neglected, such person will deal at his peril, and the principal will not be bound by an act which exceeds the particular authority given. | Is it the duty of every person who deals with special agent to ascertain extent of agent's authority before dealing with him? | Principal and Agent - Memo 108 - KC_60258.docx | ROSS-003307271 |
| Caterpillar v. Usinor Industeel, 393 F. Supp. 2d 659 | 308+1 | Under Illinois law, test for agency is whether alleged principal has right to control manner in which work is carried out by alleged agent, and whether alleged agent can affect legal relationships of principal. | Is the right to control the manner in which work is carried out by the agent a test of ageny? | Principal and Agent - Memo 449 - RK_63569.docx | ROSS-003309388-ROSS-003309389 |
| Shamrock Oil & Gas Corp. v. Price, 364 S.W.2d 260 | 13+61 | Phrase "cause of action or a part thereof accrued" means right to institute and maintain the suit, and, whenever one person may sue another, a cause of action has accrued. | "What does the phrase ""cause of action or a part thereof accrued"" mean?" | Action - Memo # 164 - C-CS.docx | ROSS-003310348-ROSS-003310349 |
| Eckert Int'l v. Gov't of Sovereign Democratic Republic of Fiji, 834 F. Supp. 167 | 221+342 | Purpose of act of state doctrine is to prevent judicial pronouncements that would disrupt foreign relations of United States. | Is the act of state doctrine's purpose to prevent judicial pronouncements that would disrupt the foreign relations of the United States? | International Law - Memo # 364 - MC.docx | ROSS-003312473-ROSS-003312474 |
| In re Team Rocket, 256 S.W.3d 257 | 307A+517.1 | Subject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Subject to certain conditions, is a plaintiff who takes a nonsuit precluded from filing a subsequent suit seeking the same relief?" | Pretrial Procedure - Memo # 2349 - C - KG.docx | ROSS-003314928-ROSS-003314929 |
| Thornton v. Dean, 19 S.C. 583 | 219+28 | If a contract be entered into in one place to be performed in another, the parties may stipulate for the rate of interest of either country; if the contract stipulate generally for interest without fixing the rate, it should be the rate of interest at the place of payment; if no interest be stipulated, and payment be not made, interest by way of damages is according to the law of the place of payment. | Can the parties stipulate to the rate of interest when a contract is entered into in one state to be performed in another? | Bills and Notes - Memo 1296 - RK_66201.docx | ROSS-003319896-ROSS-003319897 |
| S. Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17 | 366+1 | A right in equity to subrogation may arise by convention, or in other words, by way of a subrogation provision in a contract; however, it may also arise as legal or equitable subrogation, or in other words by operation of law based on facts giving rise to a right of subrogation. | How do subrogation rights arise? | Subrogation - Memo 202 RM C.docx | ROSS-003324493-ROSS-003324494 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| ACE Am. Ins. Co. v. Sandberg, Phoenix & Von Gontard, PC., 900 F. Supp. 2d 887 | 366+1 | In broad terms, "subrogation" is the substitution of a person or entity in place of a creditor to whose rights he succeeds in relation to a debt. | Is subrogation the substitution of a person in place of a creditor to whose rights he succeeds in relation to a debt? | Subrogation - Memo 225 - VG C.docx | ROSS-003326375-ROSS-003326378 |
| Hoke ex rel. Reidenbach v. Elizabethtown Area Sch. Dist., 833 A.2d 304 | 1.41E+31 | A court is not supposed to be a "super" school board and substitute its own judgment for that of the school district, and therefore, in the absence of a gross abuse of discretion, courts will not second-guess school policies; however, courts may intervene if schools act outside their statutory authority. | "Can a court act as a ""super"" school board and substitute its own judgment for that of the school district?" | Education - Memo # 23 - C - SU.docx | ROSS-003326460-ROSS-003326461 |
| Nadeau v. Nadeau, 10 Haw. App. 111 | 307A+717.1 | Request for continuance based on unavailability of crucial witness may be denied when requesting party could have obtained testimony of crucial witness in form of deposition or when denial is not prejudicial. | Should a request for continuance based on unavailability of crucial witness be denied? | Pretrial Procedure - Memo # 1744 - C - NS.docx | ROSS-003328415-ROSS-003328416 |
| Peck v. Jenness, 48 U.S. 612 | 106+475(1) | Where jurisdiction of court and plaintiff's right to prosecute his suit therein, have once attached, such right cannot be arrested or taken away by proceedings in another court. | "Where a court of the United States has acquired jurisdiction by the commencement of a suit, can the right of the plaintiff to prosecute his suit in that court be taken away by any proceedings in another court?" | 000007.docx | LEGALEASE-00115540-LEGALEASE-00115542 |
| Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC), 458 B.R. 87 | 9+4 | To state claim for accounting under New York law, it is not necessary to identify a particular asset or fund of money in defendant's possession, but it is necessary to establish the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest. | Is it necessary to establish a fiduciary relationship for a claim of accounting? | Account - Memo 4 - VP__1D56KWU30zzK-BiGAhMu_VQCSeDQjo11u.docx | ROSS-000000001-ROSS-000000002 |
| Penn Cent. Transp. Co. v. Martin, 170 Ind. App. 519 | 20+13 | In order to establish title by adverse possession, adverse claimant must show that such possession was actual, visible, open and notorious, exclusive, under claim of ownership, hostile and continuous for the statutory period and in addition that the adverse claimant paid all taxes falling due on the land during the period he possessed such land adversely. IC 1971, 32-1-20-1. | What requirements need to be fulfilled in order to claim a title under adverse possession? | Adverse Possession - Memo 8 - RM.docx | LEGALEASE-00000088-LEGALEASE-00000090 |
| People v. Mau, 377 Ill. 199 | 181+1 | At common law "forgery" is the false making or materially altering with intent to defraud of any writing, which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. | Does false making fall within the ambit of common law forgery? | Forgery - Memo 12 - RM_18mvExhUFS3Q6umi9Qd8PaL4oSojI3oqA.docx | ROSS-000076035-ROSS-000076038 |
| Rutland v. Georgia Power Co., 286 Ga. App. 14 | 277+3 | "Implied notice" is that notice which is inferred or imputed to a party by reason of his knowledge of facts or circumstances collateral to the main fact, of such a character as to put him upon inquiry, and which, if inquiry were followed up with due diligence, would lead him directly to the knowledge of the main fact. | What are the kinds of notices recognized by law? | Notice - Memo 3 - VP.docx | ROSS-003284554-ROSS-003284555 |
| Black River Assocs. v. Koehler, 126 Vt. 394 | 322H+1166 | If party who made down payment on realty subsequent to time original purchaser made down payment on same realty had sufficient facts concerning original purchaser's interest in the property to call upon him to inquire, such party was charged with notice of such facts as diligent inquiry would have disclosed. | When is a party charged with notice of such facts as diligent inquiry would disclose? | 07101.docx | LEGALEASE-00089104-LEGALEASE-00089105 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187 | 25T+141 | The liberal policy favoring arbitration agreements is at bottom a policy guaranteeing the enforcement of private contractual arrangements, and under the Federal Arbitration Act (FAA), a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute. 9 U.S.C.A. S 1 et seq. | Do courts have authority to mandate arbitration? | 003739.docx | LEGALEASE-00115738-LEGALEASE-00115739 |
| Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd., 139 F.3d 1061 | 25T+143 | Determining whether the parties agreed to arbitrate the dispute in question involves two considerations: (1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of that arbitration agreement. | What are the factors to be considered for determining whether the parties agree to arbitrate the dispute? | 003741.docx | LEGALEASE-00115725-LEGALEASE-00115727 |
| Booth v. Hume Pub., 902 F.2d 925 | 25T+111 | Purpose of Federal Arbitration Act is to relieve congestion in courts and to provide parties with alternative method for dispute resolution that would be speedier and less costly than litigation. 9 U.S.C.A. S 1 et seq. | What is the purpose of the Federal Arbitration Act? | 004150.docx | LEGALEASE-00115643-LEGALEASE-00115644 |
| Int'l Longshoremen's Ass'n, AFL-CIO v. W. Gulf Mar. Ass'n, 594 F. Supp. 670 | 25T+251 | Parties contracting for arbitration must be content with its informalities, but procedures followed cannot be so informal or chaotic that court called upon to confirm award has no real assurance that award in fact was made, and significance of what in fact occurred under unique procedure of arbitration panel was for arbitration panel in the first instance to determine with full appreciation of all facts and circumstances. 9 U.S.C.A. S 10(d). | "When parties opt for arbitration, should they be content with its informalities?" | 004191.docx | LEGALEASE-00115594-LEGALEASE-00115596 |
| Commerce Tr. Co. v. Air 1st Aviation Companies, 366 Ill. App. 3d 135 | 21+18 | Where a party moves to strike an affidavit, its failure to obtain a ruling on its motion to strike operates as a waiver of the objections to the affidavit. | "When a party moves to strike an affidavit, will its failure to obtain a ruling on its motion to strike operate as a waiver of the objections to the affidavit?" | 003885.docx | LEGALEASE-00115976-LEGALEASE-00115977 |
| Gooch v. United States, 297 U.S. 124 | 361+1318 | That penal statutes are narrowly construed does not require rejection of sense of words best harmonizing with context and end in view. | Are penal statutes construed in that sense of the words which best harmonizes with the context and its end purpose? | 003940.docx | LEGALEASE-00115952-LEGALEASE-00115953 |
| Curtis v. Hollenbeck, 92 Ill.App. 34 | 315+133 | An actual and continued change of possession by mutual consent of the parties amounts to a surrender of a life estate. | Can an actual and continued change of possession by mutual consent of the parties amount to a surrender of the life estate? | Life Estate - Memo 13-JS.docx | ROSS-003297359-ROSS-003297360 |
| Stephens Boat Company v. Barge ORR 1, 791 F. Supp. 145 | 16+1(0.5) | Contract that falls outside admiralty jurisdiction of United States cannot give rise to maritime lien. | "Can a contract, that falls outside the admiralty jurisdiction of the United States, give rise to a maritime lien?" | Admiralty Law - Memo 10 - JS.docx | ROSS-003312510-ROSS-003312512 |
| Gateway Western Railway Company v. American River Transportation Company, 887 F. Supp. 201 | 82+137 | In case of two vessels colliding, if vessel is total loss, standard measure of damages is market value of ship plus interest in freight pending salvage value. | How are damages measured when two vessels collide? | Admiralty Law - Memo 11 - JS.docx | LEGALEASE-00001472-LEGALEASE-00001474 |
| Signal International LLC v. Miss. DOT, 579 F.3d 478 | 219+39(2.25) | In maritime cases, award of prejudgment interest is the rule, rather than the exception, and trial court has discretion to deny prejudgment interest only where peculiar circumstances would make award inequitable. | Can a court deny prejudgment interest in admiralty case? | 004114.docx | LEGALEASE-00116215-LEGALEASE-00116217 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Scherk v. Alberto-Culver Co., 417 U.S. 506 | 25T+251 | Agreement to arbitrate before specified tribunal is, in effect, a specialized kind of forum selection clause that posits not only situs of suit but also procedure to be used in resolving dispute. | Is arbitration clause a specialized kind of forum selection clause? | 004205.docx | LEGALEASE-00116274-LEGALEASE-00116276 |
| Ne. Concerned Citizens v. City of Hickory, 143 N.C. App. 272 | 118A+300 | Corporation has standing to challenge zoning ordinance in declaratory judgment action if corporation has a specific legal interest directly and adversely affected by zoning ordinance, and corporation has standing to challenge zoning ordinance by writ of certiorari if corporation is an aggrieved party. G.S. S 160A-388(e). | Can a zoning ordinance be challenged by certiorari? | Zoning and Planning - Memo 22 - JS.docx | LEGALEASE-00001863-LEGALEASE-00001865 |
| United States v. Bajakajian, 524 U.S. 321 | 174+1.3 | A punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense. U.S.C.A. Const.Amend. 8. | Does a punitive forfeiture violate the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense under the Eighth Amendment? | Fines - Memo 3 - RK.docx | ROSS-003284679-ROSS-003284681 |
| In re Cobham, 551 B.R. 181 | 51+3376(5) | "Defalcation" differs from the other terms in dischargeability exception in that defalcation, unlike embezzlement, larceny or fraud, can encompass a breach of fiduciary obligation that involves neither conversion, nor taking and carrying away another's property, nor falsity; "defalcation" requires only a nonfraudulent breach of fiduciary duty. 11 U.S.C.A. S 523(a)(4). | Does defalcation encompass a breach of fiduciary obligation? | 004302.docx | LEGALEASE-00116444-LEGALEASE-00116445 |
| In re Cobham, 551 B.R. 181 | 51+3376(5) | "Defalcation" differs from the other terms in dischargeability exception in that defalcation, unlike embezzlement, larceny or fraud, can encompass a breach of fiduciary obligation that involves neither conversion, nor taking and carrying away another's property, nor falsity; "defalcation" requires only a nonfraudulent breach of fiduciary duty. 11 U.S.C.A. S 523(a)(4). | Can defalcation be used to refer to nonfraudulent breaches of fiduciary duty? | 004636.docx | LEGALEASE-00116745-LEGALEASE-00116746 |
| In re Belfry, 862 F.2d 661 | 51+3375 | Creditor's "understanding" that debtor would use money to restore car was insufficient to establish embezzlement exception to discharge for debt arising from debtor's use of money for purposes unrelated to the restoration; payment of contract price in exchange for recipient to undertake obligation of future performance transfers ownership of money to recipient, and debtor's obligation to deliver restored car could be fully performed without regard to how debtor used the money. Bankr.Code, 11 U.S.C.A. S 525(a)(4). | Can a person embezzle from himself or his own property? | 004321.docx | LEGALEASE-00116473-LEGALEASE-00116474 |
| Stephentown Concerned Citizens v. Herrick, 223 A.D.2d 862 | 1.49E+17 | It is within discretion of Department of Environmental Conservation (DEC) to treat a late permit application as either a new application, or as a renewal request of a previously authorized action. N.Y.Comp.Codes R. & Regs. title 6, S 621.13(e)(4). | Can the DEC treat an untimely renewal or modification application for a permit as a new application? | Environmental Law - Memo 35 - AKA.doc | LEGALEASE-00002130-LEGALEASE-00002131 |
| Tire Jockey Serv. v. Com., Dep't of Envtl. Prot., 591 Pa. 73 | 1.49E+19 | The Environmental Hearing Board is the judicial branch of the administrative structure that governs environmental regulation in Commonwealth; it has the power and duty to hold hearings and issue adjudications on orders, permits, licenses or decisionsof the Department of Environmental Protection. 35 P.S. S 7514(a). | "Is the Environmental Hearing Board (EHB) an administrative, judicial branch that adjudicates on the orders of the Department of Environmental Protection (DEP)?" | Environmental Law - Memo 45 - AKA.doc | LEGALEASE-00002154-LEGALEASE-00002155 |
| Murray v. Bateman, 315 Mass. 113 | 192+1 | "Good will" is generally understood to mean the advantages that accrue to a business on account of its name, location, and reputation, which tends to enable it to retain the patronage of its old customers. | "Is goodwill an advantage on the business as a result of name, location and reputation?" | 004402.docx | LEGALEASE-00116570-LEGALEASE-00116572 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Hatton, 985 So. 2d 709 | 92+966 | Defendant satisfied the first two steps of the analysis for challenging the constitutionality of a statute, by setting forth the constitutional challenge in a pleading, a motion to quash, before the trial court. | Is a motion to quash the proper method to challenge the constitutionality of a statute? | 004455.docx | LEGALEASE-00116582-LEGALEASE-00116583 |
| Metro. Printing Co. v. O'Neill, 148 A.D. 885 | 302+34(4) | The rule that a doubtful pleading should be construed most strongly against the pleader no longer prevails; but pleadings are to be liberally construed, to the end that the court, upon a trial, may get at the merits of a controversy and do justice to the parties. | Should pleadings be liberally construed? | 004462.docx | LEGALEASE-00116614-LEGALEASE-00116615 |
| Cty. Council of Prince George's Cty. v. Brandywine Enterprises, 350 Md. 339 | 414+1006 | The Regional District Act is the exclusive source of zoning authority in those areas of county which it covers. Code 1957, Art. 28, SS 1-101 to 8-127. | Is Regional District Act considered to be the exclusive source of zoning authority? | 004476.docx | LEGALEASE-00116680-LEGALEASE-00116681 |
| Citizens Utilities Co. v. Illinois Pollution Control Bd., 9 Ill. App. 3d 158 | 1.49E+15 | Under statute providing that Pollution Control Board may, in granting variance, impose such conditions as policies of Environmental Protection Act might require, conditions only attach to grant of variance, and are not binding until applicant accepts variance upon terms imposed. S.H.A. ch. 1111/212, SS 1001 et seq., 1031, 1032, 1033(a), 1036, 1036(a), 1037. | Can conditions be imposed by the board for granting a variance under the Environment Protection Act? | 004558.docx | LEGALEASE-00116529-LEGALEASE-00116530 |
| Michigan Dep't of Envtl. Quality v. U.S. E.P.A., 318 F.3d 705 | 1.49E+17 | The Environmental Protection Agency (EPA) has the discretion to relax or modify its procedural rules, adopted for the orderly transaction of business before it, when in a given case the ends of justice require it. 40 C.F.R. S 124.19. | Can an agency relax or modify its procedural rules in order to meet the ends of justice? | 004560.docx | LEGALEASE-00116531-LEGALEASE-00116533 |
| State v. Lamy, 158 N.H. 511 | 203+503 | Under the "born alive rule," if the child is born alive, despite an attack upon it and an injury to the mother while it was in the mother's womb, and the child thereafter dies as a result of the prenatal injury, a homicide has been committed. | "Is it considered a homicide when a child, who was born alive, dies from injuries inflicted before birth?" | 004574.docx | LEGALEASE-00116565-LEGALEASE-00116566 |
| Tire Jockey Serv. v. Com., Dep't of Envtl. Prot., 591 Pa. 73 | 1.49E+19 | The Environmental Hearing Board is the judicial branch of the administrative structure that governs environmental regulation in Commonwealth; it has the power and duty to hold hearings and issue adjudications on orders, permits, licenses or decisionsof the Department of Environmental Protection. 35 P.S. S 7514(a). | "Is the Environmental Hearing Board (EHB) an administrative, judicial branch that adjudicates on the orders of the Department of Environmental Protection (DEP)?" | Environmental Law - Memo 45 - AKA.doc | LEGALEASE-00002499-LEGALEASE-00002500 |
| Pivar v. Graduate Sch. of Figurative Art of the New York Acad. of Art, 290 A.D.2d 212 | 50+1 | A bailment may be created by operation of law; it is the element of lawful possession, and the duty to account for the thing as the property of another, that creates the bailment, whether such possession results from contract or is otherwise lawfully obtained. | Does lawful possession of property create a bailment? | 004621.docx | LEGALEASE-00116824-LEGALEASE-00116825 |
| Christensen v. Hoover, 643 P.2d 525 | 50+12 | Even a gratuitous bailee must exercise reasonable care to protect bailor's property, i.e., that which a person of common prudence would use under the circumstances. | Does a gratuitous bailee have any duty to protect the bailors property? | Bailment - Memo 25 - ANG.docx | ROSS-003325829-ROSS-003325830 |
| Dep't of Transp., State of Fla. v. Rogers, 705 So. 2d 584 | 148+136 | Full compensation in eminent domain matters consists of two elements: value of property taken, and severance damages to remainder, if any, in partial taking. | What elements constitute full compensation in eminent domain matters? | Eminent Domain - Memo 21 - AKA.doc | ROSS-003311035-ROSS-003311036 |
| Chime v. Peak Sec. Plus, 137 F. Supp. 3d 183 | 170A+172 | Class certification rule does not set forth mere pleading standard, but rather party seeking class certification bears burden of establishing existence of all requirements for class certification in fact. Fed.Rules Civ.Proc.Rule 23(a), 28 U.S.C.A. | Can pleadings satisfy a partys evidentiary burden for class certification? | 06162.docx | LEGALEASE-00079105-LEGALEASE-00079106 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Landon v. Kroll Lab. Specialists, 91 A.D.3d 79 | 272+321 | Professionals, common carriers, and bailees may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties. | Is a bailee subject to tort liability for his failure to exercise reasonable care? | Bailment - Memo 42 - RK.docx | ROSS-003315536-ROSS-003315537 |
| State v. Matthews, 143 Tenn. 463 | 146+1 | If money or property goes into the possession of an employer before it goes into the possession of his employee, the employee's criminal taking and appropriation of it does not constitute embezzlement, but larceny, "embezzlement" being the fraudulent appropriation of such property as the statute makes the subject of embezzlement under the circumstances in the statute by the person embezzling to the injury of the owner, the money or property coming directly from a third person into the hands of the employee in the course of his employment and being appropriated by him, while trespass, which is impossible where a servant takes his master's property from a third person, is essential to constitute the offense of larceny. | Must embezzled property be entrusted to the accused directly by the master? | Embezzlement  - Memo 36 - RK.docx | LEGALEASE-00002977-LEGALEASE-00002978 |
| Wark v. United States, 269 F.3d 1185 | 272+234 | Under the assumed duty doctrine, or good Samaritan, doctrine, a party may assume duties of care to support a negligence action by voluntarily undertaking to render a service; when a party assumes duties, that party is liable for physical harm resulting from the failure to exercise reasonable care. | "Under the assumed duty doctrine, when does a person become liable for negligence?" | 005147.docx | LEGALEASE-00117015-LEGALEASE-00117016 |
| Chorpenning v. United States, 11 Ct. Cl. 625 | 25T+112 | To clothe a person with the authority of an arbitrator, the parties must mutually agree to be bound by his decision of the matter in controversy. An arbitrament which concludes only one of the parties would be an anomaly in the law. | Does a person get authority of an arbitrator without mutual agreement between the parties? | 005221.docx | LEGALEASE-00116882-LEGALEASE-00116883 |
| Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362 | 25T+112 | The Federal Arbitration Act's (FAA) proarbitration policy does not operate without regard to the wishes of the contracting parties. 9 U.S.C.A. S 1 et seq. | Does the proarbitration policy of Federal Arbitration Act (FAA) operate against the wishes of the contracting parties? | Alternative Dispute Resolution - Memo 116 - JS.docx | ROSS-003283713-ROSS-003283715 |
| Birdsboro & Birdsboro Mun. Auth. v. Dep't of Envtl. Prot., 795 A.2d 444 | 1.49E+19 | Environmental Hearing Board (EHB) need not provide specific reasons for finding one witness credible over another. | Does the Environmental Hearing Board (EHB) need to provide specific reasons for finding one witness credible over the other? | 005016.docx | LEGALEASE-00117208-LEGALEASE-00117209 |
| Sunoco v. Dep't of Envtl. Prot., 865 A.2d 960 | 1.49E+19 | It is within the sole province of the Environmental Hearing Board, as fact finder, to make all determinations regarding matters of credibility and evidentiary weight. | "Does the Environmental Hearing Board (EHB), as the fact finder, make all the determinations of credibility and evidentiary weight?" | Environmental Law - Memo 64 - RK.docx | ROSS-003284077-ROSS-003284078 |
| State v. Miniken, 100 Wash. App. 925 | 350H+228 | Certificate of discharge issued after convicted offender has completed the requirements of his sentence has the effect of restoring all civil rights lost by operation of law as the result of the conviction, as well as terminating the sentencing court's jurisdiction to enforce the requirements of the sentence. West's RCWA 9.94A.220(1, 3). | What are the effects of a certificate of discharge? | 000394.docx | LEGALEASE-00117424-LEGALEASE-00117425 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barnett v. Lewis, 194 Ga. 203 | 233+660 | Admission by plaintiff in petition that he executed a rent note to defendants for realty when plaintiff was in possession of realty, after defendants purchased realty at sale held under execution, and that plaintiff had since remained in possession, established conclusively the relationship of "landlord and tenant," so as to "estop" plaintiff from asserting title without having surrendered possession. Code, S 61-107. | Can a tenant dispute the title of his landlord? | 005092.docx | LEGALEASE-00117347-LEGALEASE-00117349 |
| Carnes v. Meador, 533 S.W.2d 365 | 253+892 | Although a spouse has a right to dispose of community property under his or her control he may not dispose of his spouse's interest in community funds if actual constructive fraud exists. V.T.C.A., Family Code S 5.22. | Does a managing spouse have the right to dispose of community property? | Marriage and Cohabitation- Memo 50 - JS.docx | ROSS-003286168-ROSS-003286169 |
| State v. Akers, 328 S.W.2d 31 | 207+1 | Offenses of common assault and molesting minor with immoral intent are not lesser degrees of or included in crime of incest. Sections 556.220, 556.230, 559.220, 563.160, 563.220 RSMo 1949, V.A.M.S. | Are the offences of common assault and molestation of minors included under incest? | 000445.docx | LEGALEASE-00117452-LEGALEASE-00117454 |
| Wilen v. Falkenstein, 191 S.W.3d 791 | 386+12 | Concerning the intent element of the tort, trespass requires only proof of interference with the right of possession of real property, and the only relevant intent is that of the actor to enter the property or to aid, assist, advise, or encourage another to enter the property; the actor's subjective intent or awareness of the property's ownership is irrelevant. | Does the element of intent need to be proven to establish trespass? | 000699.docx | LEGALEASE-00117525-LEGALEASE-00117526 |
| In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig., 725 F.3d 65 | 386+2 | To be liable under New York, a trespasser is not required to have intended or expected the damaging consequence of its intrusion, but it must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what it willfully does, or what he does so negligently as to amount to willfulness. | Is a trespasser required to intend to trespass to be held liable? | 000742.docx | LEGALEASE-00117511-LEGALEASE-00117512 |
| State v. Torres, 66 Haw. 281 | 110+21 | Where the offense charged is a felony defined by the penal code and no legislative purpose to impose absolute liability for the offense or any of its elements clearly appears, its establishment requires a showing that the defendant acted intentionally. | Is intent a necessary element to show that a crime of incest has been committed? | 000476.docx | LEGALEASE-00117738-LEGALEASE-00117739 |
| In re Bayside Marina, 282 B.R. 285 | 233+646 | Under New York law, when landlord and tenant enter into a contract for sale of property, or when tenant exercises an option to purchase property under lease, relationship between parties is generally converted to that of vendor and vendee, and landlord-tenant relationship merges with vendor-vendee relationship. | Do the vendor and vendee share the relation of a landlord- tenant? | 000518.docx | LEGALEASE-00117629-LEGALEASE-00117630 |
| In re Bayside Marina, 282 B.R. 285 | 233+646 | Under New York law, when landlord and tenant enter into a contract for sale of property, or when tenant exercises an option to purchase property under lease, relationship between parties is generally converted to that of vendor and vendee, and landlord-tenant relationship merges with vendor-vendee relationship. | Do the vendor and vendee share the relation of a landlord- tenant? | Landlord and Tenant - Memo 31 - TH.docx | LEGALEASE-00004601-LEGALEASE-00004602 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Carter v. Butts Cty., Ga., 821 F.3d 1310 | 266+2055(1) | Where former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance; when this occurs, a landlord-tenant relationship exists between the legal title holder and tenant at sufferance, and statutory dispossessory procedures provide the exclusive method by which landlord may evict. West's Ga.Code Ann. S 44-7-50. | What is the exclusive method available to a landlord to evict a tenant? | 000525.docx | LEGALEASE-00117961-LEGALEASE-00117962 |
| State v. Raley, 100 Ohio App. 75 | 384+1 | Sedition and treason against the United States as a sovereign entity are necessarily offenses also against every sovereign state of the federal union. U.S.C.A.Const. art. 4, S 2; 18 U.S.C.A. S 2385; R.C. SS 103.31-103.38, 103.34. | Is treason against the United States as a sovereign entity necessarily an offense against every sovereign state of the federal Union? | 000878.docx | LEGALEASE-00117834-LEGALEASE-00117835 |
| Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., 369 F.3d 645 | 25T+113 | Federal policy favoring liberal enforcement of arbitration clauses applies with particular force in international disputes. | Does federal policy favoring the liberal enforcement of arbitration clauses apply in international disputes? | Alternative Dispute Resolution - Memo 156 - RK.docx | ROSS-003297404-ROSS-003297406 |
| Weaver v. Florida Power & Light Co., 172 F.3d 771 | 25T+113 | Federal Arbitration Act (FAA), by ensuring the enforceability of contractual arbitration provisions and subjecting the resulting arbitrations to only a very limited degree of judicial review, embodies a federal policy favoring arbitration, and that policy rules out any judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals. 9 U.S.C.A. SS 1-16. | What amount of judicial review do contractual arbitration provisions enforced under the Federal Arbitration Act receive? | 001023.docx | LEGALEASE-00118024-LEGALEASE-00118025 |
| Butler v. State Indus. Acc. Comm'n, 212 Or. 330 | 203+908 | Specific intent to kill may be inferred from the use of a deadly weapon, unless from the manner of its use it is reasonably apparent that death or serious bodily injury could not result. | Can the intent to commit murder be presumed by the deadly weapon used? | 001068.docx | LEGALEASE-00118068-LEGALEASE-00118069 |
| F.E.R.C. v. Elec. Power Supply Ass'n, 136 S. Ct. 760 | 145+1 | Federal Energy Regulatory Commission (FERC) has the authority under the FPA, and, indeed, the duty, to ensure that rules or practices affecting wholesale electricity rates are just and reasonable. Federal Power Act, SS 205(da), 206(a), 16 U.S.C.A. SS 824d(a), 824e(a). | Does Federal Energy Regulatory Commission have the duty to ensure that rules or practices affecting wholesale electricity rates are just and reasonable? | Electricity - Memo 3 - RM.docx | LEGALEASE-00005323-LEGALEASE-00005324 |
| Cooper v. MRM Inv. Co., 367 F.3d 493 | 25T+134(1) | Generally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements under Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Do courts consider the federal policy favoring arbitration when applying state law? | 001127.docx | LEGALEASE-00118369-LEGALEASE-00118371 |
| Kuehner v. Dickinson & Co., 84 F.3d 316 | 25T+113 | Federal Arbitration Act (FAA) not only reversed judicial hostility to enforcement of arbitration contracts, but also created rule of contract construction favoring arbitration. 9 U.S.C.A. S 1 et seq. | Did the Federal Arbitration Act (FAA) create rules of contract construction favoring arbitration? | Alternative Dispute Resolution - Memo 193 - RK.docx | LEGALEASE-00005465-LEGALEASE-00005466 |
| Settos v. Springfield, Ohio, Local No. 352 of Int'l All. of Moving Picture Operators of U.S. & Canada, 43 N.E.2d 893 | 92+1114 | The right to contract, the right to do business, and the right to labor freely and without restraint are all constitutional rights, and the privilege of free speech cannot be used as an excuse for unlawful activities in interfering with another's business. | Is the right to labor freely and without restraint a constitutional right? | Labor and Employment - Memo 18 - VP.docx | ROSS-003287782-ROSS-003287783 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| F.E.R.C. v. Elec. Power Supply Ass'n, 136 S. Ct. 760 | 145+1 | Federal Energy Regulatory Commission (FERC) has the authority under the FPA, and, indeed, the duty, to ensure that rules or practices affecting wholesale electricity rates are just and reasonable. Federal Power Act, SS 205(da), 206(a), 16 U.S.C.A. SS 824d(a), 824e(a). | Does Federal Energy Regulatory Commission have the duty to ensure that rules or practices affecting wholesale electricity rates are just and reasonable? | Electricity - Memo 3 - RM.docx | ROSS-003285057-ROSS-003285058 |
| Moore v. Com., Dep't of Envtl. Res., 660 A.2d 677 | 148+2.1 | To find de facto taking, court must consider whether governmental entity, clothed with power of eminent domain, has by its conduct substantially deprived property owner of use and enjoyment of property. | What is a de facto taking? | 001446.docx | LEGALEASE-00118596-LEGALEASE-00118597 |
| Brakke v. Iowa Dep't of Nat. Res., 897 N.W.2d 522 | 148+2.1 | The classic government taking requiring compensation is a direct appropriation of physical property, or the functional equivalent of a practical ouster of the owner's possession. U.S. Const. Amend. 5; Iowa Const. art. 1, S 18. | Is a taking requiring just compensation a direct appropriation of physical property? | Eminent Domain -Memo 57- VP.docx | ROSS-003284440-ROSS-003284441 |
| Cooper v. MRM Inv. Co., 367 F.3d 493 | 25T+134(1) | Generally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements under Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Do contract law defensesinvalidate an arbitration agreement? | Alternative Dispute Resolution - Memo 223 - RK.docx | LEGALEASE-00006204-LEGALEASE-00006205 |
| Compucom Sys. v. Getronics Fin. Holdings B.V., 635 F. Supp. 2d 371 | 25T+113 | If two parties enter into a valid agreement and a specific dispute falls within the scope of an arbitration clause in that agreement, public policy favors the enforcement of the arbitration clause. | When does public policy favor the enforcement of the arbitration clause? | 001711.docx | LEGALEASE-00118755-LEGALEASE-00118756 |
| Grider v. City of Auburn, 628 F. Supp. 2d 1322 | 249+7 | Alabama courts allow claims for malicious prosecution when a citation is issued that forces a defendant to appear in court to defend against a criminal charge, even if no formal arrest was made. | When will the courts allow a malicious prosecution claim? | 001840.docx | LEGALEASE-00118694-LEGALEASE-00118695 |
| Quebedeaux v. Dow Chem. Co., 820 So. 2d 542 | 231H+40(1) | When the employer and employee are silent on the terms of the employment contract, the civil code provides the default rule of employment-at-will. LSA-C.C. art. 2747. | When the employer and employee are silent on the terms of an employment contract does the civil code provides any default rule of employment-at-will? | Labor and Employment - Memo 38 - VP.docx | ROSS-003284216-ROSS-003284217 |
| Poseidon Dev. v. Woodland Lane Estates, 152 Cal. App. 4th 1106 | 302+216(1) | A court determining the sufficiency of a complaint against demurrer may take judicial notice of something that cannot reasonably be controverted, even if it negates an express allegation of the pleading; this includes recorded deeds. | Are matters judicially noticed considered in determining the sufficiency of a complaint? | 001583.docx | LEGALEASE-00119055-LEGALEASE-00119056 |
| First Assembly of God v. Texas Utilities Elec. Co., 52 S.W.3d 482 | 317A+101 | Generally, a public utility has a duty to exercise ordinary and reasonable care, but the degree of care required must be commensurate with the danger. | Should the duty to exercise ordinary and reasonable care of the public utility commensurate with the danger? | Public utilities  - Memo 2- RM.docx | ROSS-003282003-ROSS-003282004 |
| Jones v. United States, 846 F.3d 1343 | 209+124 | In interpreting an Indian treaty, the court attempts to determine what the parties meant by the treaty, but stops short of varying its terms to meet alleged injustices. | "In interpreting Indian treaties, does a court attempt to determine what the parties meant by the treaty?" | 001787.docx | LEGALEASE-00118848-LEGALEASE-00118850 |
| Robinson v. McPherson, 602 So. 2d 352 | 249+24(2) | Mere fact that plaintiff in malicious prosecution action arising from criminal charge was acquitted of charge does not prove that there was no probable cause to believe him guilty at time warrant was issued. | Does acquittal evidence a lack of probable cause in malicious prosecution claim? | 001813.docx | LEGALEASE-00118947-LEGALEASE-00118948 |
| Nelson v. Cyprus Bagdad Copper Corp., 119 F.3d 756 | 25T+114 | Just as Congress may entirely preclude waiver of plaintiff's right to judicial forum in which to enforce statutory rights, it may create other more limited restrictions on enforcement of arbitration agreements. | Can congress create restrictions on the enforcement of arbitration agreements? | 002125.docx | LEGALEASE-00119085-LEGALEASE-00119086 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Payton Const. Corp., 399 B.R. 352 | 25T+121 | Congressional intent to preclude waiver of judicial remedies for statutory rights at issue may be deduced, for purpose of denying motion to compel arbitration of statutory claims, from statute's text or legislative history, or from inherent conflict between arbitration and statute's underlying purpose. 9 U.S.C.A. S 1 et seq. | How do courts deduce Congressional intent? | Alternative Dispute Resolution - Memo 244 - RK.docx | ROSS-003286077-ROSS-003286078 |
| Sutherland v. Ernst & Young LLP, 726 F.3d 290 | 25T+121 | The Federal Arbitration Act (FAA) establishes a liberal federal policy favoring arbitration agreements, and arbitration agreements should be enforced according to their terms unless the FAA's mandate has been overridden by a contrary congressional command. 9 U.S.C.A. S 2. | Do the courts enforce arbitration agreements according to their terms? | 002173.docx | LEGALEASE-00119133-LEGALEASE-00119134 |
| Denton Cty. Elec. Co-op. v. Hackett, 368 S.W.3d 765 | 145+2.1 | Under the Electric Cooperative Corporation Act (ECCA), a member of an electric cooperative does not have a private right of action against the cooperative for breach of statutory duty. V.T.C.A., Utilities Code SS 161.070, 161.072. | Does a member of an electric cooperative have a private right of action against the cooperative for breach of statutory duty under the Electric Cooperative Corporation Act? | Electricity - Memo 15 - RK.docx | ROSS-003323498-ROSS-003323500 |
| Matter of Anthony M., 63 N.Y.2d 270 | 203+507 | A defendant's acts need not be the sole cause of a crime victim's death for criminal liability to attach for that death; where the necessary causative link is established, other causes, such as a victim's preexisting condition, will not relieve defendant of responsibility for homicide. | Do the defendant's acts needs to be the sole cause of death in homicide? | Homicide - Memo 53 - JS.docx | LEGALEASE-00007537-LEGALEASE-00007538 |
| Matter of Anthony M., 63 N.Y.2d 270 | 203+507 | A defendant's acts need not be the sole cause of a crime victim's death for criminal liability to attach for that death; where the necessary causative link is established, other causes, such as a victim's preexisting condition, will not relieve defendant of responsibility for homicide. | Do the defendant's acts needs to be the sole cause of death in homicide? | 002247.docx | LEGALEASE-00119307-LEGALEASE-00119308 |
| Marks One Car Rental v. Auto Club Grp. Ins. Co., 55 F. Supp. 3d 977 | 237+41 | Under Michigan law governing defamation, where a party makes a communication and such communication is prompted by a duty owed either to the public or to a third party, or the communication is one in which the party has an interest and it is made to another having a corresponding interest, the communication is privileged if made in good faith and without actual malice. | What is a privileged communication? | 002283.docx | LEGALEASE-00119278-LEGALEASE-00119279 |
| Garner v. Kovalak, 817 N.E.2d 311 | 386+2 | The intention which is required to make the actor liable for trespass on land is an intention to enter upon the particular piece of land in question, irrespective of whether the actor knows or should know that he is not entitled to enter. | Should an actor know that he is not entitled to enter a certain piece of land or property to commit trespass? | 002320.docx | LEGALEASE-00119181-LEGALEASE-00119182 |
| MacKennan v. Jay Bern Realty Co., 30 A.D.2d 679 | 386+56 | To recover punitive damages for trespass on realty, plaintiff must prove actual malice, which involves intentional wrongdoing, or such conduct as may be deemed tantamount to wanton and willful or reckless disregard of plaintiff's rights. | When is the issue of willful trespass to realty of significance? | 002334.docx | LEGALEASE-00119216-LEGALEASE-00119217 |
| Brand v. Mathis & Assocs., 15 S.W.3d 403 | 386+47 | Trespasser is liable for all damages proximately caused by his trespass, whether or not he acted in good faith and with reasonable care, or whether he acted in ignorance of plaintiff's rights, or under mistake of fact or law. | Can a trespasser be held liable for all damages proximately caused by his trespass? | 002336.docx | LEGALEASE-00119218-LEGALEASE-00119219 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Presbyterian Child Welfare Agency of Buckhorn, Kentucky v. Nelson Cty. Bd. of Adjustment, 185 F. Supp. 2d 716 | 15A+1058 | An administrative agency acts in a judicial capacity when it hears evidence, gives parties an opportunity to brief and argue their versions of the facts, and gives parties an opportunity to seek court review of these findings. | When is an administrative agency said to have acted in judicial capacity? | 002348.docx | LEGALEASE-00119425-LEGALEASE-00119426 |
| Ex parte Trombley, 31 Cal. 2d 801 | 231H+2526 | An employer who knows that wages are due, has ability to pay them and still refuses to pay them acts against good morals and fair dealings and necessarily intentionally does an act which prejudices rights of his employee and such conduct amounts to a "case of fraud" within exception to constitutional prohibition against imprisonment for debt and may be punished by statute. Labor Code, S 216(a); Const. art. 1, S 15. | Are wages ordinary debts? | 003248.docx | LEGALEASE-00119196-LEGALEASE-00119198 |
| Walton Elec. Membership Corp. v. Snyder, 270 Ga. 62 | 145+8.1(1) | The statutory scheme giving rise to electric membership corporations (EMC) is similar to the grant of a franchise from the state to operate a utility for the benefit of the citizenry, and this grant imposes a duty to the public. | What duties does an Electric Membership Corporation owe to the public? | 002367.docx | LEGALEASE-00119468-LEGALEASE-00119470 |
| City of Austin v. Liberty Mut. Ins., 431 S.W.3d 817 | 148+2.1 | When property damage is an unintended result of the government's act or policy, it cannot be said that the property was taken or damaged for public use. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 17. | "When property damage is an unintended result of the government's act or policy, can it be said that the property was taken or damaged for public use?" | 00775.docx | LEGALEASE-00081576-LEGALEASE-00081577 |
| Clukey v. State, 160 Me. 198 | 203+510 | Common law year-and-a-day rule, under which murder prosecution was precluded if victim did not die within year and one day of defendant's wrongful act, is abolished based on advancements in scientific and medical knowledge, general logic, and experience; abrogating Woods v. State, 709 So.2d 1340; Burks v. State, 600 So.2d 374; Smith v. State, 354 So.2d 1167; Flannagin v. State, 48 Ala.App. 559, 266 So.2d 637 (Per McMillan, P.J., with one Judge concurring and three Judges concurring in the result.) | How is a year and a day rule applied in homicide? | 001919.docx | LEGALEASE-00119599-LEGALEASE-00119600 |
| State v. Green, 182 Wash. App. 133 | 110+26 | The corpus delicti principle requires that the State prove that some crime actually occurred, which for a homicide involves establishing (1) the fact of death, and (2) a causal connection between the death and a criminal act. | Is fact of death an element of corpus delicti? | 001923.docx | LEGALEASE-00119607-LEGALEASE-00119608 |
| Nussbaum v. Mortg. Serv. Am. Co., 913 F. Supp. 1548 | 172H+77 | Lenders are permitted to pass Florida's intangible tax on to borrowers, in light of statutes authorizing lenders to charge borrowers for reasonable expenses incurred in making real estate loans, including taxes or charges imposed upon or in connection with making and recording of any loan. West's F.S.A. S 687.12(1); F.S.1990 Supp. S 665.074(1). | Can loan agreements permit recovery of reasonable expenses? | 00768.docx | LEGALEASE-00081564-LEGALEASE-00081565 |
| Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117 | 25T+114 | Federal Arbitration Act (FAA) applies when there is federal subject matter jurisdiction, i.e., diversity jurisdiction, and when contract calling for arbitration evidences transaction involving interstate commerce. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) apply when there is diversity jurisdiction? | 002769.docx | LEGALEASE-00119704-LEGALEASE-00119705 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Bankers Ins. Co. of Florida v. Inman, 436 F.3d 490 | 25T+114 | Purpose of the Federal Arbitration Act (FAA) is to reverse the longstanding judicial hostility to arbitration agreements that existed at English common law, as was adopted by American courts, and to place arbitration agreements upon the same footing as other contracts. 9 U.S.C.A. S 1 et seq. | What was the purpose of enacting the Federal Arbitration Act? | Alternative Dispute Resolution - Memo 277 - RK.docx | ROSS-003285564-ROSS-003285565 |
| S.F. v. Arkansas Dep't of Health & Human Servs., 101 Ark. App. 236 | 249+21(2) | In malicious prosecution cases, the advice-of-counsel defense applies if the parties have made a full disclosure of all relevant facts to competent counsel and have acted in bona fide reliance thereon. | When does the advice of counsel defense apply to a malicious prosecution claim? | 002920.docx | LEGALEASE-00119813-LEGALEASE-00119814 |
| Fort Halifax Packing Co. v. Coyne, 482 U.S. 1 | 360+18.46 | Pre-emption should not be lightly inferred under National Labor Relations Act in area of substantive labor standards, inasmuch as establishment of labor standards falls within traditional police power of the state. National Labor Relations Act, SS 7, 8, as amended, 29 U.S.C.A. SS 157, 158. | Is pre-emption of employment standards within the traditional police power of the state that should not be lightly inferred? | 003276.docx | LEGALEASE-00119585-LEGALEASE-00119587 |
| Espinal v. Nw. Airlines, 90 F.3d 1452 | 231H+965 | Congress enacted RLA, which was extended to cover airline industry in 1936, to promote stability in labor-management relations by providing comprehensive framework for resolving labor disputes. Railway Labor Act, S 1 et seq., 45 U.S.C.A. S 151 et seq. | What was the Congress' purpose in passing the Railway Labor Act (RLA)? | 003279.docx | LEGALEASE-00119588-LEGALEASE-00119589 |
| Millennium Holdings LLC v. Glidden Co., 27 N.Y.3d 406 | 217+3512 | Purpose of subrogation is to allocate responsibility for the loss to the person who in equity and good conscience ought to pay it, in the interest of avoiding absolution of a wrongdoer from liability simply because the insured had the foresight to procure insurance coverage. | When does subrogation arise? | Subrogation - Memo 2 - ANG.docx | LEGALEASE-00008792-LEGALEASE-00008793 |
| First Mercury Ins. Co. v. Great Divide Ins. Co., 241 F. Supp | 366+1 | The aim of equitable subrogation under California law is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor. | What is the aim of equitable subrogation? | 002596.docx | LEGALEASE-00119981-LEGALEASE-00119982 |
| Commercial Risk Reinsurance Co. v. Sec. Ins. Co. of Hartford, 526 F. Supp. 2d 424 | 25T+116 | Arbitration that occurred in United States with one party that was not United States citizen was governed by Federal Arbitration Act (FAA) provisions applicable to domestic arbitration awards as well as Convention on Recognition and Enforcement of Foreign Arbitral Awards. 9 U.S.C.A. SS 1 et seq., 201 et seq. | What law governs arbitration proceedings held in America involving at least one party that is not a United States citizen? | 002684.docx | LEGALEASE-00120133-LEGALEASE-00120134 |
| In re Steven Windsor, 201 B.R. 133 | 233+930 | Under common law, "abandonment" is deemed to have occurred when tenant voluntarily relinquishes or vacates the leased premises with intention to terminate contractual rights to exclusive possession and control of the premises; thus, to constitute abandonment of the premises, one must demonstrate absolute vacation of the premises, and clear intent not to pay rent or to be bound by the lease. | Does abandonment of leased premises require the element of voluntary relinquishment? | 002737.docx | LEGALEASE-00120226-LEGALEASE-00120227 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jo-Mark Sand & Gravel Co. v. Pantanella, 139 Conn. 598 | 238+44(2) | A "lease" is more than a mere license; it is a contract for possession and profits of lands and tenements on one side, and recompense of grant or other income on the other, or, in other words, a conveyance to a person for life, or years, or at will, in consideration of a return or other recompense. | Is a lease more than a mere license? | 002751.docx | LEGALEASE-00120240-LEGALEASE-00120241 |
| Santana v. Georgia Power Co., 269 Ga. 127 | 92+3751 | Injured workers were not in either protected or disfavored class under High-Voltage Safety Act (HVSA) and, thus could not establish that HVSA violated equal protection by giving special privilege to owners and operators of high-voltage lines when it absolved them of liability if they did not receive notice of work being done nearby, while not affording same privilege to any other businesses involved in delivery of dangerous or hazardous products. U.S.C.A. Const.Amend. 14; O.C.G.A. SS 46-3-34(b), 46-3-39(a). | What is the purpose of the High-Voltage Safety Act? | Electricity - Memo 43 - SAS.docx | ROSS-003284817-ROSS-003284818 |
| S. Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17 | 366+1 | A right in equity to subrogation may arise by convention, or in other words, by way of a subrogation provision in a contract; however, it may also arise as legal or equitable subrogation, or in other words by operation of law based on facts giving rise to a right of subrogation. | When does subrogation arise? | Subrogation - Memo 2 - ANG.docx | LEGALEASE-00009261-LEGALEASE-00009262 |
| Abbott ex rel. Abbott v. Burke, 199 N.J. 140 | 286+5 | In the presence of statutory silence, a body is justified in adhering to the common-law rule that a majority of a quorum constituted of a simple majority is empowered to act for the body. (Per LaVecchia, J., with one justice joining and one justice joining in the judgment.) | Is the majority of a quorum constituted of a simple majority of a collective body empowered to act for a body? | 002984.docx | LEGALEASE-00120496-LEGALEASE-00120497 |
| People v. Knapp, 15 Ill. 2d 450 | 207+4 | Statute defining crime of incest of father with daughter does not limit guilt to actual sexual intercourse between father and daughter and includes unlawful carnal knowledge of the body even though abnormal and perverted and even though the carnal knowledge is of a sort to invoke the statutory definition of a crime against nature. S.H.A. ch. 38, S 374. | Is carnal knowledge an element of the crime of incest? | Incest - Memo 78 - RK.docx | ROSS-003297695 |
| Mercer v. State, 83 Fla. 555 | 207+10 | An indictment, charging that the defendant did, on a day certain in a county named of the state of Florida, have sexual intercourse with a certain person named, and that such person was then and there the own daughter of the defendant and he was then and there the own father of the person named, sufficiently charges the crime of incest under the statute. | "Is a person sufficiently charged with incest when the indictment lists the date, county, and time when he carnally knew a family member?" | 003210.docx | LEGALEASE-00120568-LEGALEASE-00120569 |
| Dangerfield v. WAVY Broad., 228 F. Supp. 3d 696 | 237+123(2) | Under Virginia law, a court may determine either (1) that a statement is defamatory as a matter of law, i.e., "per se defamatory", or (2) that a statement is capable of a defamatory meaning, with the jury ultimately determining whether the statement harmed the plaintiff's reputation. | What is the role of the Court and jury in determining the defamatory meaning of a statement? | 003294.docx | LEGALEASE-00120579-LEGALEASE-00120581 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Houston v. Bank of Am. Fed. Sav. Bank, 119 Nev. 485 | 266+1376 | The Supreme Court would adopt subsection in Restatement (Third) of Property: Mortgages, providing that a lender who pays off a prior note succeeds to the prior lender's priority lien position, and, thus, is equitably subrogated to the former lender's priority lien position, as long as the lender was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged and if subrogation will not materially prejudice the holders of intervening interests in the real estate. Restatement (Third) of Property (Mortgages) S 7.6(b)(4). | What is the scope of Restatement Approach to subrogation? | 003584.docx | LEGALEASE-00120390-LEGALEASE-00120391 |
| In re Monaco, 514 B.R. 477 | 366+1 | Under Texas law, the general purpose of equitable subrogation is to prevent unjust enrichment of the debtor that owed the debt being paid. | Is the general purpose of equitable subrogation to prevent unjust enrichment of the debtor that owed the debt being paid? | Subrogation - Memo 74 - ANG C.docx | ROSS-003285615-ROSS-003285616 |
| Goedmakers v. Goedmakers, 520 So. 2d 575 | 401+4 | Fact that in personam action involves real property does not make it a local action for venue purposes; whether action is local or transitory depends upon the underlying major question in the case. West's F.S.A. S 47.011. | "In the case of in personam actions, does the presence of real property as an issue make it a local action?" | Venue - Memo 65 - RK.docx | ROSS-003289314-ROSS-003289316 |
| Goedmakers v. Goedmakers, 520 So. 2d 575 | 401+4 | Fact that in personam action involves real property does not make it a local action for venue purposes; whether action is local or transitory depends upon the underlying major question in the case. West's F.S.A. S 47.011. | "n the case of in personam actions, does the presence of real property as an issue make it a local action?" | Venue - Memo 65 - RK.docx | LEGALEASE-00010351-LEGALEASE-00010353 |
| Nueces Cty. Water Improvement Dist. No. 1 v. Spring, 162 S.W.2d 155 | 317A+101 | A public utility corporation cannot refuse to render the service which it is authorized by its charter or by law to furnish, because of some collateral matter not related to that service. | Can a public utility corporation refuse to render the service authorized by its charter to furnish? | 002516.docx | LEGALEASE-00120793-LEGALEASE-00120794 |
| Rader Family Ltd. P'ship, L.L.L.P. v. City of Columbia, 307 S.W.3d 243 | 148+266 | An action for inverse condemnation arising from nuisance requires a showing of notice and unreasonable operation; and injury, damage, and causation are essential elements required for recovery on the basis of nuisance. | What are the elements of an inverse condemnation action based on nuisance? | Eminent Domain - Memo 143 - RK.docx | ROSS-003281903-ROSS-003281904 |
| Native Am. Arts v. Bundy-Howard, 168 F. Supp. 2d 905 | 209+129 | The Indian Arts and Crafts Act (IACA) has purposes of (1) protecting Indian artists from unfair competition from counterfeiters and (2) protecting consumers from unknowingly purchasing imitation products. 25 U.S.C.A. S 305e. | Does Indian Arts and Crafts Act (IACA) protect consumers from purchasing misrepresented products? | 003228.docx | LEGALEASE-00120727-LEGALEASE-00120728 |
| Booker v. Special Sch. Dist. No. 1, Minneapolis, Minn., 585 F.2d 347 | 209+130 | In certain contexts, separate classification and treatment of Indians as a race is constitutionally permissible in the light of unique status of Indians in the country and in light of history and policy. | Is separate classification and treatment of Indians as a race constitutionally permissible? | Indians - Memo 47 - BP.docx | LEGALEASE-00010441-LEGALEASE-00010442 |
| Galarneau v. Merrill Lynch, Pierce, Fenner & Smith Inc., 504 F.3d 189 | 237+5 | Under Maine law, malice is implied as matter of law if defamatory statements relate to plaintiff's profession, occupation, or official station, and plaintiff may recover compensatory award without proving special damages. | When is malice implied in an action for defamation? | 003340.docx | LEGALEASE-00120819-LEGALEASE-00120820 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lundell Mfg. Co. v. Am. Broad. Companies, 98 F.3d 351 | 237+48(1) | In determining whether individual should be considered limited public figure for purpose of defamation action, Court of Appeals must focus its attention on nature and extent of individual's participation in particular controversy giving rise to defamation, and by so doing, determine whether individual has voluntarily and purposefully injected himself into that controversy in attempt to influence resolution of controversy. | How can an individual be determined to be a public figure? | Libel and Slander - Memo 162 - RK.docx | LEGALEASE-00010451-LEGALEASE-00010452 |
| Rothschild v. World-Wide Automobiles Corp., 24 A.D.2d 861 | 302+8(3) | Mere conclusory allegations of conspiracy without showing of unlawful or wrongful acts by defendant do not create cause of action. | Do allegations of a conspiracy without a showing of wrongful or unlawful acts create a cause of action? | 003465.docx | LEGALEASE-00120870-LEGALEASE-00120872 |
| Estate of Swift v. Ne. Hosp. of Philadelphia, 456 Pa. Super. 330 | 302+48 | Pleadings must define the issues, and thus every act or performance essential to that end must be set forth in complaint. | Should a complaint set forth every act or performance essential to define the issues? | Pleading - Memo 96 - RK.docx | ROSS-003310559-ROSS-003310561 |
| Navajo Nation v. Urban Outfitters, 191 F. Supp. 3d 1238 | 209+129 | In the context of federal statutes, like the Indian Arts and Crafts Act (IACA), courts must construe such statutes liberally in favor of Native Americans, with ambiguous provisions interpreted to their benefit. 25 U.S.C.A. S 305 et seq. | Will the courts construe the statutes liberally in favor of the Indians Tribes? | 003226.docx | LEGALEASE-00120721-LEGALEASE-00120722 |
| Booker v. Special Sch. Dist. No. 1, Minneapolis, Minn., 585 F.2d 347 | 209+130 | In certain contexts, separate classification and treatment of Indians as a race is constitutionally permissible in the light of unique status of Indians in the country and in light of history and policy. | Is separate classification and treatment of Indians as a race constitutionally permissible? | Indians - Memo 47 - BP.docx | ROSS-003297287-ROSS-003297289 |
| Lundell Mfg. Co. v. Am. Broad. Companies, 98 F.3d 351 | 237+48(1) | In determining whether individual should be considered limited public figure for purpose of defamation action, Court of Appeals must focus its attention on nature and extent of individual's participation in particular controversy giving rise to defamation, and by so doing, determine whether individual has voluntarily and purposefully injected himself into that controversy in attempt to influence resolution of controversy. | How can an individual be determined to be a public figure? | 003344.docx | LEGALEASE-00120823-LEGALEASE-00120824 |
| Aaron v. Dausch, 313 Ill. App. 524 | 302+8(3) | Generally, a mere averment that an act was done with a certain purpose or intent, without a statement of the facts showing such purpose or intent, is a "conclusion of law". | "Are statements of purpose or intent without facts showing such purpose or intent, conclusions of law?" | Pleading - Memo 100 - RK.docx | LEGALEASE-00010755-LEGALEASE-00010756 |
| Norkin v. U. S. Fire Ins. Co., 237 Cal. App. 2d 435 | 302+8(15) | Fraud must be pleaded in specific language descriptive of the acts relied upon to constitute fraud, and it is not sufficient to allege fraud in general terms or terms amounting to mere conclusions. | Is it sufficient to allege fraud in general terms? | 003472.docx | LEGALEASE-00120933-LEGALEASE-00120934 |
| Ileto v. Glock, 565 F.3d 1126 | 92+3952 | Although a cause of action is a species of property, a party's property right in any cause of action does not vest until a final unreviewable judgment is obtained. U.S.C.A. Const.Amend. 14. | Does a party's property right in any cause of action vest until a final unreviewable judgment is obtained? | 017381.docx | LEGALEASE-00120963-LEGALEASE-00120964 |
| Universal Forest Prod. E. Div. v. Morris Forest Prod., 558 F. Supp. 2d 893 | 366+1 | Given that equity does not lend itself to the application of black letter rules, subrogation depends, under Wisconsin law, upon a just resolution of a dispute under a particular set of facts. | Do equity and subrogation depend upon a just resolution of a dispute under a particular set of facts? | 043608.docx | LEGALEASE-00121011-LEGALEASE-00121012 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Vickens, 186 Mo. 103 | 231H+2556 | Laws 1901, pp. 197, 198, directing the Governor to appoint a state factory inspector, who is authorized to appoint assistants, who are required to make two inspections in each year of all factories in the state, and to collect an inspection fee of $1, to be paid into the state treasury, is a valid exercise of the police power. | Are inspection fees required to be paid into the state treasury? | Inspection - Memo 23 - SH.docx | ROSS-003325491-ROSS-003325493 |
| Glenwood TV v. Ratner, 103 A.D.2d 322 | 349+79 | Propriety of warrantless administrative inspection scheme is measured by balancing of enforcement goals and needs against privacy and regulatory guarantees within statutory framework. U.S.C.A. Const.Amend. 4. | How is the propriety of a warrantless administrative inspection scheme measured? | Inspection - Memo 24 - SH.docx | ROSS-003302387-ROSS-003302388 |
| Grunwald v. McCall, 2014 Ark. App. 596 | 307A+3 | When the court declines to rule on a motion in limine, it is necessary for counsel to make a specific objection during the trial. | "When the court declines to rule on a motion in limine, is it necessary for counsel to make a specific objection during the trial?" | Pretrial Procedure - Memo # 135 - C - ES.docx | ROSS-003297363-ROSS-003297364 |
| People v. Hancock, 2014 IL App (4th) 131069 | 307A+3 | No actual prejudice is inflicted by the denial of a motion in limine, in itself, because the ruling is always subject to reconsideration during trial. | "Is actual prejudice inflicted by the denial of a motion in limine, in itself, because the ruling is always subject to reconsideration during trial?" | Pretrial Procedure - Memo # 136 - C - ES.docx | ROSS-003297192-ROSS-003297193 |
| People v. Carpenter, 385 Ill. App. 3d 156 | 30+3209 | Generally, a trial court's decision to grant a motion in limine will not be reversed on appeal unless the trial court abused its discretion; however, where the issue on appeal is purely a question of law, appellate court's review is de novo. | Does a trial judge have discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused? | 027689.docx | LEGALEASE-00121245-LEGALEASE-00121246 |
| Patterson v. Douglas Women's Ctr., P.C., 258 Ga. 803 | 241+130(5) | "Privilege" of dismissal of cause of action and renewal, pursuant to statute providing for renewal of actions within six months of their dismissal, does not apply to cases decided on their merits or void cases, but does allow renewal if previous action was merely voidable. O.C.G.A. S 9-2-61. | Does the privilege of dismissal and renewal apply to cases decided on their merits or to void cases? | Pretrial Procedure - Memo # 5 - C - SU.docx | ROSS-003302529-ROSS-003302530 |
| State Farm Mut. Auto. Ins. Co. v. Illinois Farmers Ins. Co., 368 Ill. App. 3d 914 | 208+20 | "Indemnification" involves an entity pursuing its rights in its own name, while "subrogation" involves a subrogee succeeding to another's right to payment. | "Does indemnification involve an entity pursuing its rights in its own name, while subrogation involves a subrogee succeeding to another's right to payment?" | 043683.docx | LEGALEASE-00121276-LEGALEASE-00121277 |
| Bennett Truck Transp. v. Williams Bros. Const., 256 S.W.3d 730 | 366+1 | Equitable subrogation is an equitable remedy that involves balancing of all the equities in the circumstances, including any negligence of the party seeking subrogation. | "Is equitable subrogation an equitable remedy that involves balancing of all the equities in the circumstances, including any negligence of the party seeking subrogation?" | 043781.docx | LEGALEASE-00121659-LEGALEASE-00121661 |
| Home Ins. Co. v. Cincinnati Ins. Co., 213 Ill. 2d 307 | 208+20 | "Indemnification" differs from "subrogation" in that the entity seeking indemnification does so in its own right, while in the latter the subrogee succeeds to another's right to payment. | "Does indemnification differ from subrogation in that the entity seeking indemnification does so in its own right, while in the latter the subrogee succeeds to another's right to payment?" | Subrogation - Memo # 612 - C - SA.docx | ROSS-003283716-ROSS-003283717 |
| JPMorgan Chase Bank v. Cook, 318 F. Supp. 2d 159 | 366+7(1) | "Equitable subrogation" essentially provides that the guarantor of another's obligation may seek reimbursement from the obligor. | Does equitable subrogation essentially provide that the guarantor of another's obligation may seek reimbursement from the obligor? | 044005.docx | LEGALEASE-00121384-LEGALEASE-00121385 |
| Nat'l Am. Ins. Co. v. United States, 498 F.3d 1301 | 366+8 | A payment bond surety that discharges a contractor's obligation to pay a subcontractor is equitably subrogated to the rights of both the contractor and subcontractor. | Is a payment bond surety that discharges a contractor's obligation to pay a subcontractor equitably subrogated to the rights of both the contractor and subcontractor? | Subrogation - Memo # 717 - C - NO.docx | ROSS-003323365-ROSS-003323367 |
| Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+1 | In practice, subrogation under Florida law entails the substitution of one person in the place of another with reference to a lawful claim or right. | Is subrogation the substitution of one person in the place of another with reference to a lawful claim or right? | 044164.docx | LEGALEASE-00121577-LEGALEASE-00121578 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kramer v. Mid-City Tr. & Sav. Bank, 225 Ill. App. 575 | 8.30E+66 | Where the drawer and drawee are the same person, the holder may treat the instrument either as a bill of exchange or as a promissory note, under statute. S.H.A. ch. 98, S 151. | Does the holder have an option to treat the instrument as bill of exchange or promissory note when the drawer and drawee are same persons? | 018315.docx | LEGALEASE-00122270-LEGALEASE-00122272 |
| Com. v. Hawkins, 549 Pa. 352 | 203+908 | Specific intent to kill can be proven where defendant knowingly applies deadly force to another person. 18 Pa.C.S.A. S 2502(d). | Can specific intent to kill be proven where the defendant knowingly applies deadly force to the person of another? | 019335.docx | LEGALEASE-00122454-LEGALEASE-00122455 |
| Givens v. Sellars, 273 N.C. 44 | 302+189 | Office of a demurrer is to test sufficiency of a pleading, admitting, for the purpose, truth of factual averments well stated and such relevant inferences of fact as may be deduced therefrom. | Does a demurrer test the sufficiency of a pleading? | Pleading - Memo 135 - RMM.docx | ROSS-003284937-ROSS-003284938 |
| Furlough v. Union Pac. R.R. Co., 766 So. 2d. 751 | 307A+3 | Motions in limine provide both plaintiffs and defendants with a vehicle to have evidentiary issues decided prior to trial. | Do motions in limine provide both plaintiffs and defendants with a vehicle to have evidentiary issues decided prior to trial? | Pretrial Procedure - Memo # 155 - C - CRB.docx | ROSS-003295171-ROSS-003295172 |
| City of Mission Hills v. Sexton, 284 Kan. 414 | 307A+3 | Courts employ a two-part test to evaluate alleged violations of a motion in limine: (1) whether there was a violation of the order in limine and (2) if the order in limine was violated, whether the testimony substantially prejudiced the defendant. | Do courts employ a two-part test to evaluate alleged violations of a motion in limine? | Pretrial Procedure - Memo # 169 - C - AP.docx | ROSS-003285244-ROSS-003285245 |
| Dep't of Transp. v. Wallace Enterprises, 234 Ga. App. 1 | 307A+3 | Grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | Is the grant of motion in limine excluding evidence a judicial power which must be exercised with great care? | Pretrial Procedure - Memo # 178 - C - CRB.docx | ROSS-003295784-ROSS-003295786 |
| Colella v. JMS Trucking Co. of Illinois, 403 Ill. App. 3d 82 | 307A+3 | A trial court maintains broad discretion in both the admission of evidence and in ruling upon a motion in limine, and a decision on a motion in limine will not be disturbed absent an abuse of that discretion. | Will a decision on a motion in limine be disturbed absent an abuse of discretion? | 024260.docx | LEGALEASE-00122251-LEGALEASE-00122252 |
| City of Livermore v. Baca, 205 Cal. App. 4th 1460 | 307A+3 | In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Are in limine motions designed to decide difficult evidentiary issues in advance of trial? | Pretrial Procedure - Memo # 416 - C - SB.docx | ROSS-003325194-ROSS-003325195 |
| Cunningham v. Millers Gen. Ins. Co., 227 Ill. App. 3d 201 | 307A+3 | Purpose of in limine order is to exclude inadmissible evidence, not to create trap which results in new trial if court in retrospect determines rule was violated. | Is the purpose of an order in limine to exclude inadmissible evidence? | Pretrial Procedure - Memo # 88 - JTB.docx | ROSS-003310631-ROSS-003310632 |
| Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+3 | The granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | Is the granting of a motion in limine an adjunct of the inherent power of trial courts to admit and exclude evidence? | Pretrial Procedure - Memo # 12 - C - KA.docx | ROSS-003308831-ROSS-003308832 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A motion in limine is not the proper vehicle by which to attempt to preclude a claim or defense; it is not equivalent to, or a substitute for, a motion to dismiss or a motion for summary judgment. | Should a motion in limine be used as a vehicle to preclude a claim or defense or as a substitute for a motion for summary judgment? | Pretrial Procedure - Memo # 13 - C - KA.docx | ROSS-003299422-ROSS-003299423 |
| Lambert v. Coonrod, 2012 IL App (4th) 110518 | 30+3209 | A trial judge has discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Does a trial judge have discretion in granting a motion in limine? | Pretrial Procedure - Memo # 23 - C - KA.docx | ROSS-003298270-ROSS-003298271 |
| Cannon v. William Chevrolet/Geo, 341 Ill. App. 3d 674 | 307A+3 | When a motion in limine is made, the trial judge has broad discretion to grant or deny the motion or choose not to entertain the motion at all. | Does the trial judge have broad discretion to grant or deny the motion or choose not to entertain the motion at all when a motion in limine is made? | Pretrial Procedure - Memo # 243 - C - ANC.docx | ROSS-003325022-ROSS-003325024 |
| Am. Petroleum Prod. v. Mom & Pop Stores, 231 Ga. App. 1 | 307A+3 | Grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | Is the grant of a motion in limine excluding evidence a judicial power which must be exercised with great care? | Pretrial Procedure - Memo # 335 - C - SS.docx | ROSS-003296310-ROSS-003296311 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elliott v. State, 215 S.W.3d 88 | 307A+3 | A ruling in limine is interlocutory only and is subject to change during the course of the trial; additional information produced at trial may prompt the trial court to alter its pretrial ruling and admit the evidence, therefore, an objection must be made at trial when the evidence is offered or the reference made, preferably outside the hearing of the jury, in order to preserve for appellate review the ruling made thereon. | Is a pre-trial ruling excluding evidence an interlocutory decision subject to change during trial? | 030742.docx | LEGALEASE-00122217-LEGALEASE-00122218 |
| Drago v. Tishman Const. Corp. of New York, 4 Misc. 3d 354 | 307A+3 | A "motion in limine" challenges evidence which is claimed to be inadmissible, immaterial, or prejudicial, or requests a limitation on the use of evidence. | "Does a motion in limine challenge evidence which is claimed to be inadmissible, immaterial, or prejudicial, or requests a limitation on the use of evidence?" | Pretrial Proceedure - Memo # 47 - C - TJ.docx | ROSS-003325487-ROSS-003325488 |
| Hocking Valley Ry. Co. v. Cluster Coal & Feed Co., 97 Ohio St. 140 | 317A+102 | Gen.Code, S 580, as amended by 101 Ohio Laws, p. 173, authorizing clerk of common pleas to enter findings of public utilities commission as judgment, does not confer judicial power on him in violation of Const. art. 4, S 1. | Can the Public Utilities Commission authorize the clerk of the court of common pleas to enter such finding of the Commission as a judgment? | 042219.docx | LEGALEASE-00122532-LEGALEASE-00122533 |
| LeRoy v. Marquette Nat. Bank of Minneapolis, 277 N.W.2d 351 | 366+31(3) | A surety is entitled to be subrogated to rights of creditor upon payment of debt and to equitable assignment of security. M.S.A. S 336.3-415 comment. | Is a surety entitled to be subrogated to the rights of a creditor upon payment of debt and to equitable assignment of security? | Subrogation - Memo # 742 - C - SA.docx | ROSS-003287386-ROSS-003287387 |
| Benschoter v. First Nat. Bank of Lawrence, 218 Kan. 144 | 366+7(1) | After making payment on promissory note, guarantor of promissory note and security agreement became subrogated to rights of bank as a secured party. K.S.A. 84-1-201(40), 84-9-504(5). | "After making payment on promissory note, does a guarantor of a promissory note and security agreement become subrogated to the rights of a bank as a secured party?" | Subrogation - Memo # 897 - C - VA.docx | ROSS-003285314-ROSS-003285315 |
| Am. Gen. Life & Acc. Ins. Co. v. Edwards, 76 So. 3d 183 | 13+61 | A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. | "Does a cause of action accrue when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested?" | 005426.docx | LEGALEASE-00122651-LEGALEASE-00122652 |
| Bee Yang v. State, 805 N.W.2d 921 | 13+61 | In a civil case, a claim arises when it can survive a motion to dismiss for failure to state a claim upon which relief can be granted. | Does a claim or cause of action arise when it can survive a motion to dismiss for failure to state a claim upon which relief can be granted? | 005428.docx | LEGALEASE-00122697-LEGALEASE-00122698 |
| Van Hoof v. Van Hoof, 997 So. 2d 278 | 13+61 | A cause of action accrues at the time the complained-of action first gives rise to injury, even if the full extent of the injury is not apparent at the time. | Does a cause of action accrue at the time the complained-of action first gives rise to injury? | Action - Memo #  90 - C - NO.docx | ROSS-003298044-ROSS-003298045 |
| Edlux Const. Corp. v. State, 252 A.D. 373 | 241+46(1) | A cause of action "accrues," and the statute of limitations begins to run, when a contract is breached or when one omits the performance of an obligation even though damages may not accrue until a later date. Civil Practice Act, S 10 et seq. | Does a breach of contract cause of action accrue at the time of breach? | 005444.docx | LEGALEASE-00122833-LEGALEASE-00122835 |
| Lobberecht v. Chendrasekhar, 728 N.W.2d 853 | 13+61 | A person has a legal interest in a cause of action when it accrues, and that occurs when an aggrieved party has a right to institute and maintain a lawsuit. | Does a cause of action accrue when an aggrieved party has a right to institute and maintain a lawsuit? | 005487.docx | LEGALEASE-00123796-LEGALEASE-00123798 |
| Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995 | 13+61 | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | "Does a cause of action for negligence in the design, engineering, or construction of buildings accrue when damage or physical injury to property occurs?" | 005500.docx | LEGALEASE-00123803-LEGALEASE-00123804 |
| Shamrock Oil & Gas Corp. v. Price, 364 S.W.2d 260 | 13+61 | Phrase "cause of action or a part thereof accrued" means right to institute and maintain the suit, and, whenever one person may sue another, a cause of action has accrued. | "Does a cause of action ""accrue"" when a suit may be maintained thereon?" | 005518.docx | LEGALEASE-00123826-LEGALEASE-00123827 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Marini v. Borough of Wanaque, 37 N.J. Super. 32 | 13+61 | Generally a cause of action is deemed to accrue when facts exist which authorize one party to maintain an action against another. | Does a cause of action accrue when facts exist which authorize one party to maintain an action against another? | Action - Memo # 152 - C - CS.docx | ROSS-003298538-ROSS-003298540 |
| New York Times Co. v. Conner, 291 F.2d 492 | 13+61 | Under Alabama law, "accrue," in connection with accruing of cause of action, means becoming complete so that aggrieved party can begin and prosecute such action. | "Does ""accrue,"" in connection with accruing of cause of action, mean becoming complete so that aggrieved party can begin and prosecute such action?" | 005599.docx | LEGALEASE-00123986-LEGALEASE-00123987 |
| Silverstone v. Edell, 721 So. 2d 1173 | 241+55(3) | When a malpractice action is predicated on errors or omissions committed in the course of litigation, and that litigation proceeds to judgment, the statute of limitations does not commence to run until the litigation is concluded by final judgment, that is, until the final judgment becomes final. West's F.S.A. S 95.11(4)(a). | Does a cause of action for legal malpractice in the litigation context accrue before the litigation is concluded by final judgment? | 005846.docx | LEGALEASE-00123245-LEGALEASE-00123246 |
| Ferrellgas v. Edward A. Smith, P.C., 190 S.W.3d 615 | 241+2(1) | A cause of action accrues when, and originates where, damages are sustained and are capable of ascertainment, for the purpose of determining whether the borrowing statute applies, such that a cause of action is subject to another state's statute of limitations. V.A.M.S. SS 516.100, 516.190. | Does a cause of action accrue when damages are sustained and capable of ascertainment? | Action- Memo # 80 - C - LK.docx | ROSS-003322760-ROSS-003322761 |
| In re Joe Sipala & Son Nursery Corp., 214 B.R. 281 | 83E+521 | Holder of negotiable instrument is "holder in due course" if it meets these conditions: (1) holder, (2) of negotiable instrument, (3) who took it for value, (4) in good faith, and (5) without notice that it is overdue or has been dishonored or of any defense against or claim to it on part of another. N.Y.McKinney's Uniform Commercial Code S 3-302(1). | "Under the US Law, who is a holder in due course?" | Bills And Notes - Negotiability - Memo 30-AM.docx | ROSS-003283826-ROSS-003283828 |
| United States v. Dimora, 750 F.3d 619 | 63+1(1) | Bribery and kickbacks involve the intent to exchange money or other things of value in return for official action. | Do bribery and kickbacks involve the intent to exchange money or other things of value in return for official action? | Bribery - Memo # 21 - C-ANC.docx | ROSS-003283570-ROSS-003283571 |
| Klein v. May Stern & Co., 144 Pa. Super. 470 | 308+73 | Liability for acts of a subagent is imposed on principal only by his express or implied agreement or by the usages or customs of the business, even though it is contemplated by the parties that acts will be performed through representatives of the agent. | "Where it is usual custom of trade to employ a subagent, is it presumed that a principal consented to the appointment of a subagent by its agent?" | 014222.docx | LEGALEASE-00122572-LEGALEASE-00122574 |
| Weidner v. State, Dep't of Transp. & Pub. Facilities, 860 P.2d 1205 | 148+2.1 | Theory of prescriptive easement does not grant state affirmative authority to take property without just compensation. Const. Art. 1, S 18; U.S.C.A. Const.Amend. 5. | Does the theory of prescriptive easement grant the State affirmative authority to take property without just compensation? | Eminent Domain - Memo 218 - GP.docx | ROSS-003284263-ROSS-003284264 |
| Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75 | 221+351 | Essential element of any requirement that a plaintiff exhaust domestic remedies before bringing a suit in foreign courts for violations of customary international law is that there be effective, non-futile remedies available in the alternative, local forum. | "Is an essential element of the exhaustion requirement that there be effective, non-futile remedies available in the alternative, local forum?" | International Law - Memo # 105 - C - LK.docx | ROSS-003298753-ROSS-003298754 |
| United States v. Sum of $70,990,605, 991 F. Supp. 2d 154 | 221+387 | The party raising the act of state doctrine as a defense bears the burden to affirmatively show that an act of state has occurred. | Does the party raising the act of state doctrine as a defense bear the burden to affirmatively show that an act of state has occurred? | International Law - Memo # 83 - C - LK.docx | ROSS-003310670-ROSS-003310672 |
| Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | The act of state doctrine operates as a rule of judicial restraint in decisionmaking, not a jurisdictional limitation like the political question doctrine. | "Does the act of state doctrine operate as a rule of judicial restraint in decision making, not a jurisdictional limitation like the political question doctrine?" | 019902.docx | LEGALEASE-00123605-LEGALEASE-00123606 |
| In re Philippine Nat'l. Bank, 397 F.3d 768 | 221+342 | Generally, act of state doctrine applies to official acts of foreign sovereigns performed within their own territory. | "Generally, do act of state doctrine apply to official acts of foreign sovereigns performed within their own territory?" | 020022.docx | LEGALEASE-00123494-LEGALEASE-00123495 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Adoption of Doe, 58 A.D.3d 186 | 221+342 | The act of state doctrine requires that the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | Does the act of state doctrine require acts of foreign sovereigns taken within their own jurisdiction to be deemed valid? | International Law - Memo # 214 - C - MLS.docx | ROSS-003301332-ROSS-003301333 |
| Films by Jove v. Berov, 341 F. Supp. 2d 199 | 221+342 | Comity is applied more broadly than act of state doctrine; while doctrine applies only to acts of foreign state committed within its own territory, comity can generally relate to extraterritorial effects of foreign legal system. | Is comity applied more broadly than the act of state doctrine? | International Law - Memo # 221 - C - MLS.docx | ROSS-003324982-ROSS-003324983 |
| Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209 | 221+342 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | What does the Act of State doctrine do in its traditional formulation? | International Law - Memo # 310 - C - SHS.docx | ROSS-003288467-ROSS-003288469 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+134 | A "governmental act" for which a sovereign may be held to account is an act physically taken by persons capable of exercising the sovereign authority of the foreign nation, as long as the persons purported to act in their official capacity. Restatement (Third) of Foreign Relations Law of the United States § 207. | What is the governmental act for which a sovereign may be held to account? | International Law - Memo # 34 - C - LK.docx | LEGALEASE-00013304-LEGALEASE-00013305 |
| In re Travelstead, 227 B.R. 638 | 221+162 | Threshold question in comity analysis is whether there is in fact a true conflict between domestic and foreign law. | Is the threshold question in a comity analysis whether there is in fact a true conflict between domestic and foreign law? | 020253.docx | LEGALEASE-00124083-LEGALEASE-00124084 |
| Faysound Ltd. v. Walter Fuller Aircraft Sales, 748 F. Supp. 1365 | 221+342 | Foreign judicial judgment in case involving private litigants does not rise to status of act of state; nor does party's initiation of foreign judicial proceedings. | Does foreign judicial judgment in a case involving private litigants rise to the status of an act of state? | 020262.docx | LEGALEASE-00124109-LEGALEASE-00124110 |
| Lafontant v. Aristide, 844 F. Supp. 128 | 221+153 | Whether recognized head-of-state has de facto control of government is irrelevant to issue of head-of-state immunity; courts must defer to executive determination. | Should courts defer to executive determination of whether a recognized head-of-state has de facto control of government? | 020392.docx | LEGALEASE-00123758-LEGALEASE-00123759 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+342 | Proper application of act of state doctrine requires a balancing of interests and it should not be invoked if the policies underlying the doctrine do not justify its application. | Does proper application of act of state doctrine require a balancing of interests and it should not be invoked if the policies underlying the doctrine do not justify its application? | 020488.docx | LEGALEASE-00123550-LEGALEASE-00123551 |
| Villoldo v. Castro Ruz, 113 F. Supp. 3d 435 | 221+342 | Under the "act of state doctrine," the act within its own boundaries of one sovereign State becomes a rule of decision for the courts of the United States. | Does an action within the boundaries of one sovereign State become a rule of decision for the courts of this country under act of state doctrine? | International Law - Memo 336 - RK.docx | ROSS-003299818-ROSS-003299819 |
| Alberswerth v. Alberswerth, 184 S.W.3d 81 | 307A+3 | "In limine" is defined as in or at the beginning and a motion in limine is traditionally used as a way of suppressing testimony or evidence at the beginning of litigation. | Is in limine defined as in or at the beginning and a motion in limine is traditionally used as a way of suppressing testimony or evidence at the beginning of litigation? | Pretrial Procedure - Memo # 144 - C - CRB.docx | ROSS-003289462-ROSS-003289463 |
| Appel v. LePage, 135 Idaho 133 | 307A+3 | Trial courts have broad discretion in determining the admissibility of evidence in cases before them and ruling on motions in limine. | Do trial courts have broad discretion in determining the admissibility of evidence in cases before them and ruling on motions in limine? | Pretrial Procedure - Memo # 212 - C - CRB.docx | ROSS-003302815-ROSS-003302817 |
| Rondout Elec. v. Dover Union Free Sch. Dist., 304 A.D.2d 808 | 30+93 | Although styled as motion in limine, ruling on school district's motion seeking to limit the amount of contractor's recovery to amount identified in its original notice of claim was appealable; motion was the functional equivalent of a motion for partial summary judgment dismissing the complaint insofar as it sought damages in an amount in excess of the damages pleaded in the initial notice of claim. McKinney's CPLR 5701(a), par. 2 (iv, v). | Is a motion in limine an inappropriate substitute for a motion for summary judgment? | 028699.docx | LEGALEASE-00123015-LEGALEASE-00123016 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Butler ex rel. Estate of Butler v. Kokomo Rehab. Hosp., 744 N.E.2d 1041 | 307A+3 | Grant or denial of pretrial motion on evidentiary issues is within the sound discretion of the trial court. | Is the grant or denial of pretrial motion on evidentiary issues within the sound discretion of the trial court? | Pretrial Procedure - Memo # 295 - C - NC.docx | ROSS-003324749-ROSS-003324750 |
| Hopper v. Carey, 716 N.E.2d 566 | 307A+3 | Granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | Is granting of a motion in limine an adjunct of the inherent power of trial courts to admit and exclude evidence? | Pretrial Procedure - Memo # 318 - C - ANC.docx | ROSS-003315213-ROSS-003315214 |
| Forsyth Cty. v. Martin, 279 Ga. 215 | 307A+3 | A "motion in limine" is a pretrial method of determining the admissibility of evidence; by its very nature, the grant of a motion in limine suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | "By its very nature, does the grant of a motion in limine suggest that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial?" | 029222.docx | LEGALEASE-00123087-LEGALEASE-00123089 |
| Westfield Ins. Companies v. Econ. Fire & Cas. Co., 623 N.W.2d 871 | 30+3134 | An appeal challenging the district court's adjudication of law points is confined to a determination of legal matters on uncontroverted pleadings. | Are adjudication of law points confined to a determination of legal matters on uncontroverted pleadings? | 031813.docx | LEGALEASE-00124128-LEGALEASE-00124129 |
| Owens-Corning Fiberglas Corp. v. Am. Centennial Ins. Co., 74 Ohio Misc. 2d 263 | 307A+3 | Motion in limine is designed to avoid injection into trial of potentially prejudicial matter which is not relevant and is inadmissible. | Is a motion in limine designed to avoid injection into trial of potentially prejudicial matter which is not relevant and is inadmissible? | Pretrial Procedure - Memo # 539 - C - CRB.docx | ROSS-003297808-ROSS-003297809 |
| Bernal v. Lindholm, 133 Ohio App. 3d 163 | 307A+3 | A pretrial ruling on motion in limine is a preliminary precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial. | Is a pretrial ruling on a motion in limine a preliminary precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial? | Pretrial Procedure - Memo # 942 - C - MLS.docx | ROSS-003281973-ROSS-003281974 |
| Montz v. Hill-Mont Land Co., 329 N.W.2d 657 | 307A+2 | An application for separate adjudication of law points is properly considered only when questions of law arise from uncontroverted pleadings, and is inappropriate when material facts are disputed. Rules Civ.Proc., Rule 105. | When is the application for separate adjudication of law points properly considered? | Pretrial Procedure - Memo 348 - TH.docx | ROSS-003326139-ROSS-003326140 |
| Buck's Serv. Station v. Dep't of Transp., 259 Ga. 825 | 148+219 | Motion in limine, which seeks to prevent introduction of evidence, was not appropriate vehicle in condemnation action for state to test sufficiency of evidence of consequential damages suffered by condemnee. | Is a motion in limine which seeks to prevent the introduction of evidence an appropriate vehicle to test the sufficiency of that evidence? | Pretrial Procedure - Memo 364 - RK.docx | ROSS-003310181-ROSS-003310182 |
| City of Washington v. Pub. Serv. Comm'n, 190 Ind. 105 | 317A+121 | Increase by Public Service Commission of hydrant rates to be paid by city to water company on the company's surrender of its franchise, under Burns' Ann.St.1914, S 10052a et seq. (Burns' Ann.St. S 54-105), held not to impair the obligation of a contract between the company and the city fixing the rate to be paid, in violation of the state and the United States Constitutions; such contract having been entered into subject to the police power of the state to regulate the charges of a public utility company. | Does a contract with a public utility company for fixing and regulation of rates include the power to exempt itself from further regulation of its charges? | 042221.docx | LEGALEASE-00122552-LEGALEASE-00122553 |
| Sabre v. Rutland R. Co., 86 Vt. 347 | 317A+141 | Under Laws 1906, No. 126, and Laws 1908, No. 116, the Board of Railroad Commissioners, known as the Public Service Commission, is an administrative body clothed with some quasi judicial functions, and also having auxiliary or subordinate legislative powers. | Is the Public Service Commission (PSC) an administrative body exercising quasi-judicial functions? | 042231.docx | LEGALEASE-00122751-LEGALEASE-00122752 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Crane v. Richardson Bike Mart, 295 S.W.3d 1 | 13+61 | The accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued. | "Does a cause of action accrue when suit may be maintained thereon, for purposes of determining standing to sue  ?" | Action - Memo #  216 - C - NO.docx | LEGALEASE-00014095-LEGALEASE-00014096 |
| Kapil v. Ass'n of Pennsylvania State Coll. & Univ. Faculties, 504 Pa. 92 | 241+43 | True test for determining when cause of action arises or accrues is to establish time when plaintiff could have first maintained cause of action to a successful conclusion. | Does a cause of action arise when one can first maintain an action to a successful conclusion? | Action - Memo #  220 - C - NO.docx | ROSS-003301599-ROSS-003301600 |
| Anchor Packing Co. v. Grimshaw, 115 Md. App. 134 | 13+61 | Cause of action arises in negligence or strict liability case when facts exist to support each element. | Does cause of action arise in negligence or strict liability case when facts exist to support each element? | Action - Memo #  228 - C - NO.docx | ROSS-003284102-ROSS-003284104 |
| Jo Ann Howard & Assocs., P.C. v. Cassity, 868 F.3d 637 | 13+4 | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | What is the pari delicto defense? | Action - Memo # 348.docx | ROSS-003324893-ROSS-003324894 |
| Sarhank Grp. v. Oracle Corp., 404 F.3d 657 | 25T+130 | Agreement to arbitrate must be voluntarily made, and the court decides, based on general principles of domestic contract law, whether the parties agreed to submit the issue of arbitrability to the arbitrators. | Can agreements to arbitrate be made voluntarily? | 007148.docx | LEGALEASE-00125547-LEGALEASE-00125548 |
| Brown v. St. Paul Travelers Companies, 559 F. Supp. 2d 288 | 25T+132 | When arbitration policy is condition of employment, employee will be deemed to have accepted arbitration agreement when she continues to work after arbitration policy's promulgation. 9 U.S.C.A. S 3. | Will an employee be deemed to have accepted an arbitration agreement when she continues to work after the promulgation of the arbitration policy if an arbitration policy is a condition of employment? | 007162.docx | LEGALEASE-00125559-LEGALEASE-00125560 |
| Bank Leumi Tr. Co. of New York v. Bally's Park Place, 528 F. Supp. 349 | 172H+574(1) | Under New York law, although death of maker of check or note does not terminate his liability, it does revoke authority of payee to collect from drawee-bank and relegates payee to status of general creditor of estate of the deceased. McKinney's N.Y. Uniform Commercial Code S 4-405(1). | Does the death of the maker or drawer terminate his liability upon the instrument? | Bills and Notes - Memo 39 - DB VP.docx | ROSS-003302189-ROSS-003302190 |
| Hollywood v. Broward Cty., 431 So. 2d 606 | 414+1382(4) | For dedication or impact fees to be valid, local government must demonstrate reasonable connection, or rational nexus, between need for additional capital facilities and growth in population by subdivision and reasonable connection, or rational nexus, between expenditures of funds collected and benefits accruing to subdivision. | What are required to determine by the court while applying the dual rational nexus test? | 017516.docx | LEGALEASE-00124775-LEGALEASE-00124776 |
| Yahoo! v. La Ligue Contre Le Racisme et L'Antisemitisme, 169 F. Supp. 2d 1181 | 221+162 | Extent to which the United States, or any state, honors the judicial decrees of foreign nations is a matter of choice, governed by the comity of nations; comity is neither a matter of absolute obligation, on the one hand, or of mere courtesy and good will, upon the other. | "Is comity neither a matter of absolute obligation on the one hand, nor of mere courtesy and good will, upon the other?" | 020156.docx | LEGALEASE-00124747-LEGALEASE-00124748 |
| Volodarskiy v. Delta Air Lines, 987 F. Supp. 2d 784 | 221+162 | Comity is neither a matter of absolute obligation on the one hand, nor of mere courtesy and good will upon the other. | "Is comity neither a matter of absolute obligation on the one hand, nor of mere courtesy and good will, upon the other?" | International Law - Memo # 277 - C - Kl.docx | LEGALEASE-00014405-LEGALEASE-00014406 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Riggs Nat. Corp. & Subsidiaries v. C.I.R., 163 F.3d 1363 | 221+342 | "Act of state doctrine" directs United States courts to refrain from deciding case when outcome turns upon legality or illegality, whether as matter of United States, foreign, or international law, of official action by foreign sovereign performed within its own territory. | Does the act of state doctrine direct United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory? | International Law - Memo # 284 - C - ES.docx | ROSS-003282527-ROSS-003282529 |
| Flatow v. Islamic Republic of Iran, 999 F. Supp. 1 | 221+151 | Like foreign sovereign immunity, head of state immunity is matter of grace and comity, rather than matter of right. | "Like foreign sovereign immunity, is head of state immunity a matter of grace and comity, rather than matter of, right?" | 020317.docx | LEGALEASE-00124453-LEGALEASE-00124454 |
| Roe v. Unocal Corp., 70 F. Supp. 2d 1073 | 221+342 | Where policies underlying doctrine militate against its application, act of state doctrine should not apply, even to claims that foreign government's actions are or were invalid. | "Where the policies underlying doctrine militate against its application, should an act of state doctrine apply?" | 020323.docx | LEGALEASE-00124402-LEGALEASE-00124403 |
| Villoldo v. Castro Ruz, 113 F. Supp. 3d 435 | 221+342 | Under the "act of state doctrine," the act within its own boundaries of one sovereign State becomes a rule of decision for the courts of the United States. | Does the act of state doctrine acting within its own boundaries of sovereign state become a rule of decision for the courts of the United States? | International Law - Memo # 786 - C - NO.docx | ROSS-003324297-ROSS-003324298 |
| Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221+387 | The party raising the act of state doctrine as a defense bears the burden to affirmatively show that an act of state has occurred and that no bar to the doctrine is applicable under the factual circumstances. | Does the party invoking the act of state doctrine have the burden of establishing factual predicate for doctrine's applicability? | 020833.docx | LEGALEASE-00125000-LEGALEASE-00125001 |
| In re Grand Jury Proceedings, Doe No. 700, 817 F.2d 1108 | 221+151 | Under the head-of-state immunity doctrine, head of state is immune from jurisdiction of foreign state's courts, at least as to authorized official acts taken while ruler is in power. | "Under the head-of-state immunity doctrine, is ahead of state is immune from jurisdiction of foreign state's courts?" | 020875.docx | LEGALEASE-00124474-LEGALEASE-00124475 |
| In re Vitamin C Antitrust Litig., 584 F. Supp. 2d 546 | 221+342 | Any censure of another country's acts within its own territory is reserved to diplomatic channels and does not come within the purview of the courts. | Is censure of another country's acts within its own territory reserved to diplomatic channels instead of the courts? | International Law - Memo 586 - TH.docx | ROSS-003288904-ROSS-003288906 |
| Barragan v. Banco BCH, 188 Cal. App. 3d 283 | 221+342 | Act of state doctrine, being merely issue preclusion device, did not affect power of court to enter default judgment. | Does the act of state doctrine affect the power of the court to enter default judgment? | 020902.docx | LEGALEASE-00124575-LEGALEASE-00124576 |
| Occidental Petroleum Corp. v. Buttes Gas & Oil Co., 331 F. Supp. 92 | 221+342 | The exception to act of state doctrine contained in Sabbatino Amendment is by its terms extremely narrow, and in all other cases the act of state doctrine remains the law of the land. 22 U.S.C.A. S 2370(e)(2). | Is the exception to the act of state doctrine contained in the Sabbatino Amendment by its terms extremely narrow? | 020918.docx | LEGALEASE-00124444-LEGALEASE-00124446 |
| Chisholm & Co. v. Bank of Jamaica, 643 F. Supp. 1393 | 221+342 | Under act of state doctrine, court must analyze conduct not only of defendant itself, but also of government behind it, in determining whether doctrine requires that court, after exercising jurisdiction, decline to decide merits of case on ground it would lead to judging validity of public acts of sovereign state performed within its own territory. | "Under the act of state doctrine, must a court analyze conduct not only of the defendant itself but also of the government behind it?" | 020951.docx | LEGALEASE-00124499-LEGALEASE-00124500 |
| United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | "Under act-of-state doctrine, does a court presume validity of foreign state's laws within that state's territory?" | International Law- Memo # 765 - C - SU.docx | ROSS-003312852-ROSS-003312854 |
| In re Commitment of Kelley, 2012 IL App (1st) 110240 | 307A+3 | A ruling on a motion in limine is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. | Is a ruling on a motion in limine a matter within the discretion of the trial court that will not be reversed absent an abuse of that discretion? | Pretrial Procedure - Memo  # 417 - C - SSB.docx | ROSS-003310645-ROSS-003310646 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Amtower v. Photon Dynamics, 158 Cal. App. 4th 1582 | 307A+3 | In spite of the drawbacks to the use of in limine motions to dispose of a claim, trial courts have the inherent power to use them in this way. West's Ann.Cal.C.C.P. S 128. | "Despite the drawbacks to the use of in limine motions to dispose of a claim, do trial courts have the inherent power to use them?" | Pretrial Procedure - Memo # 422 - C - SSB.docx | ROSS-003325889-ROSS-003325890 |
| Colella v. JMS Trucking Co. of Illinois, 403 Ill. App. 3d 82 | 307A+3 | A trial court maintains broad discretion in both the admission of evidence and in ruling upon a motion in limine, and a decision on a motion in limine will not be disturbed absent an abuse of that discretion. | "Are rulings on evidence motions, such as motions in limine, left undisturbed on review absent an abuse of discretion?" | 024315.docx | LEGALEASE-00125022-LEGALEASE-00125023 |
| Amtower v. Photon Dynamics, 158 Cal. App. 4th 1582 | 307A+3 | In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Are motions in limine designed to  decide difficult evidentiary issues in advance of trial? | 024326.docx | LEGALEASE-00125109-LEGALEASE-00125110 |
| Junkins v. Branstad, 448 N.W.2d 480 | 307A+2 | Application for adjudication of law points and motion for summary judgment are appropriate only when issue in question should be decided by court as matter of law rather than presented to fact finder. | Is the application for adjudication of law points a matter of law? | 024334.docx | LEGALEASE-00125168-LEGALEASE-00125169 |
| Enbridge Energy (Illinois) v. Kuerth,150519, 69 N.E.3d 287 | 30+3361 | Generally, evidentiary motions, such as motions in limine, are directed to the trial court's sound discretion, and reviewing courts will not disturb a trial court's evidentiary rulings absent an abuse of discretion. | Is an evidentiary ruling on a motion in limine left to the sound discretion of the trial judge and only reversed upon a clear showing of an abuse of discretion? | Pretrial Procedure - Memo # 429 - C - SSB.docx | ROSS-003297945-ROSS-003297946 |
| Kirk v. Ford Motor Co., 141 Idaho 697 | 307A+3 | When presented with a motion in limine, a trial court has the authority to deny the motion and wait until trial to determine if the evidence should or should not be excluded. | "When presented with a motion in limine, does a trial court have the authority to deny the motion and wait until trial to determine if the evidence should be excluded?" | Pretrial Procedure - Memo # 442 - C - HAM.docx | ROSS-003285229-ROSS-003285230 |
| Montz v. Hill-Mont Land Co., 329 N.W.2d 657 | 307A+2 | An application for separate adjudication of law points is properly considered only when questions of law arise from uncontroverted pleadings, and is inappropriate when material facts are disputed. Rules Civ.Proc., Rule 105. | When is an application for separate adjudication of law points properly considered? | 031742.docx | LEGALEASE-00125330-LEGALEASE-00125332 |
| Bailey v. Chicago, B. & Q.R. Co., 179 N.W.2d 560 | 388+9(1) | Plaintiff who proceeded to trial on merits without requesting ruling on application for adjudication of law points waived any right to later complain. 58 I.C.A. Rules of Civil Procedure, rule 105. | "If the plaintiff proceeded to trial on the merits, and absent any request for a ruling on the application of the merits, is the plaintiff deemed to have waived any right to later complain?" | 031876.docx | LEGALEASE-00125244-LEGALEASE-00125245 |
| Ball v. Rao, 48 S.W.3d 332 | 307A+3 | The purpose of a motion in limine is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury. | Is the purpose of a motion in limine to prevent parties from introducing prejudicial evidence in front of the jury? | Pretrial Procedure - Memo # 839 - C - VA.docx | ROSS-003284562-ROSS-003284563 |
| Pullum v. Robinette, 174 S.W.3d 124 | 307A+3 | Courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility of the evidence. | Can the courts change an earlier ruling regarding the admissibility of evidence? | Pretrial Procedure - Memo # 925 - C - TJ.docx | ROSS-003326769 |
| Teleconnect Co. v. US W. Commc'ns, 508 N.W.2d 644 | 317A+111 | "Filed tariff doctrine" conclusively presumes that both utility and its customer know contents and effects of published tariffs. | Does the filed tariff doctrine conclusively presume that the utility and its customers know the content and effects of published tariffs? | Public Utilities - Memo 152 - AM.docx | ROSS-003290293-ROSS-003290294 |
| Nat'l Union Fire Co. of Pittsburgh, PA. v. Toland, 164 F. Supp. 3d 1330 | 366+1 | In Wyoming, causes of action for damage or injury to persons and property survive and are assignable, and consequently can be the subject of a claim for conventional subrogation. | Is the assignment of a cause of action for personal injury subject to a subrogation claim? | 044318.docx | LEGALEASE-00125010-LEGALEASE-00125011 |
| Paulus v. Lawyers Sur. Corp., 625 S.W.2d 843 | 366+7(1) | Where surety pays debt of principal, it may sue in assumpsit or on debt and is subrogated to rights of creditor it paid. | When a surety pays the debt of a principal may it sue in assumpsit or on debt and is it subrogated to rights of the creditor it paid? | 044354.docx | LEGALEASE-00125503-LEGALEASE-00125505 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | A right to equitable subrogation belongs to one, not a volunteer, who pays another's debt, to recover the amount paid, which in good conscience should be paid by the one primarily responsible for the loss. | Does a right to equitable subrogation belong a volunteer? | Subrogation - Memo 983 - C- CAT.docx | ROSS-003283093-ROSS-003283094 |
| Pennsylvania Pub. Util. Comm'n v. Philadelphia Elec. Co., 501 Pa. 153 | 317A+111 | Absent express legislative authority, the Public Utility Commission is powerless to interfere with the general management decisions of public utility companies. | Does the Public Utilities Commission have the power to interfere with the general management decisions of the public utilities without express legislative authority? | Public Utilities - Memo 161 - AM.docx | ROSS-003298765-ROSS-003298766 |
| State v. Craig, 498 S.W.3d 459 | 211+1597 | Attempted statutory rape in the first degree occurs where a subject, with the purpose of committing the offense, takes a substantial step towards having sexual intercourse with another person who is less than fourteen years old. Mo. Ann. Stat. SS 564.011, 566.032. | Will it become statutory rape if one had sexual intercourse with a person less than fourteen years old? | 042920.docx | LEGALEASE-00125704-LEGALEASE-00125705 |
| Omnibus Int'l v. AT & T, 111 S.W.3d 818 | 386+7 | For liability for trespass to chattels to attach, the wrongful interference must either be accompanied by actual damage to the property or deprive the owner of its use for a substantial period. | Is actual damage to the property required for an owner to be entitled to damages for trespass to chattels? | 047191.docx | LEGALEASE-00125792-LEGALEASE-00125793 |
| People v. Pettis, 104 Ill. App. 3d 275 | 386+6 | Knowledge is an essential element of criminal trespass to a vehicle, and therefore, the state is required to prove that defendant knowingly entered vehicle of another without his consent. S.H.A. ch. 38, P 21-2; U.S.C.A.Const.Amend. 6. | Is knowledge an element of criminal trespass to a vehicle? | Trespass - Memo 203 - RK.docx | ROSS-003303939-ROSS-003303940 |
| Chittenholm v. Giffin, 357 Pa. 616 | 13+61 | It is the breach of duty that gives rise to the cause of action and also starts the running of statute of limitations. | Is it the breach of duty that gives rise to the cause of action and also starts the running of statute of limitations? | Action - Memo # 136 - C - NE.docx | ROSS-003299713-ROSS-003299714 |
| Konecny v. United States, 388 F.2d 59 | 13+61 | Generally, a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another. | Does a cause of action accrue when facts exist which enable one party to maintain an action against another? | 005363.docx | LEGALEASE-00126149-LEGALEASE-00126150 |
| Preite v. Charles of the Ritz Grp., Ltd. Pension Plan, 471 F. Supp. 2d 1271 | 241+66(6) | A cause of action accrues when the events upon which it is based occur, but in the context of an ERISA claim, a cause of action does not become an enforceable demand until a claim is denied. Employee Retirement Income Security Act of 1974, S 502(a), 29 U.S.C.A. S 1132(a). | Does a cause of action accrue when the events upon which it is based occur? | 005462.docx | LEGALEASE-00126250-LEGALEASE-00126251 |
| Luling Oil & Gas Co. v. Humble Oil & Ref. Co., 144 Tex. 475 | 13+61 | The "accrual of a cause of action" means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has "accrued". | "Does the ""accrual of a cause of action"" gives the right to institute and maintain a suit?" | Action memo# 301 C-PC.docx | ROSS-003311850-ROSS-003311851 |
| Thune v. United States, 41 Fed. Cl. 49 | 148+2.1 | To constitute a "taking," property loss must have been the direct, natural, or probable result of an authorized activity and not the incidental or consequential injury inflicted by the action; an accidental or negligent impairment of the value of property is not a "taking," but, at most, a tort; thus, the probability and foreseeability of the damage is a primary determinative element in whether a taking or a tort occurred. | Is an accidental or negligent impairment of the value of private property a taking? | Eminent Domain - Memo 264 - GP.docx | ROSS-003298577-ROSS-003298578 |
| United States v. Bredimus, 234 F. Supp. 2d 639 | 221+392 | Congress has power to regulate conduct of American citizens beyond the territorial boundaries of the United States. | Does Congress have power to regulate conduct of American citizens beyond the territorial boundaries of the United States? | International Law - Memo # 798 - C - RY.docx | ROSS-003286607-ROSS-003286608 |
| United States v. Belfast, 611 F.3d 783 | 221+391 | An absent United States citizen is personally bound to take notice of the laws of the United States that are applicable to him and to obey them. | Is an absent United States citizen personally bound to take notice of the laws of the United States that are applicable to him and obey them? | International Law- Memo # 842- C - NC.docx | ROSS-003298659-ROSS-003298661 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Greer v. Buzgheia, 141 Cal. App. 4th 1150 | 307A+3 | The purpose of a motion in limine is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to "unring the bell." | "Is the purpose of a motion in limine to avoid the obviously futile attempt to ""unring the bell""?" | Pretrial Procedure - Memo # 866 - C - TJ.docx | ROSS-003330708-ROSS-003330709 |
| Lambert v. Coonrod, 2012 IL App (4th) 110518 | 30+3209 | A trial judge has discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Is the granting of a motion in limine left to the sound discretion of the trial judge? | 037947.docx | LEGALEASE-00126097-LEGALEASE-00126098 |
| Intel Corp. v. Hamidi, 30 Cal. 4th 1342 | 386+7 | Short of dispossession, personal injury, or physical damage, intermeddling is actionable as trespass to chattels only if the chattel is impaired as to its condition, quality, or value, or the possessor is deprived of the use of the chattel for a substantial time. Restatement (Second) of Torts S 218. | Can trespass to chattel be actionable if the chattel is impaired? | 047144.docx | LEGALEASE-00125946-LEGALEASE-00125947 |
| Miller v. CitiMortgage, 970 F. Supp. 2d 568 | 386+6 | Under Texas law, to recover for trespass to personalty, plaintiff must prove that defendant, with or without the use of force, unlawfully injured or interfered with the possession plaintiff's personal property. | What must a plaintiff prove to recover for trespass to personalty? | 047435.docx | LEGALEASE-00125890-LEGALEASE-00125891 |
| Porter v. Ogden, Newell & Welch, 241 F.3d 1334 | 13+61 | Under Florida law, cause of action for negligence generally does not accrue until (1) existence of redressable harm or injury has been established, and (2) injured party knows or should know either of injury or of negligent act. | When does a cause of action for negligence accrue under law? | 005567.docx | LEGALEASE-00126593-LEGALEASE-00126594 |
| W. Am. Ins. Co. v. Sal E. Lobianco & Son Co., 69 Ill. 2d 126 | 241+55(1) | Cause of action based on tort accrues only when elements of duty, breach, and resulting injury or damage are present. | "Is duty, breach, and resulting injury or damage essential elements for a tort cause of action to accrue?" | 005685.docx | LEGALEASE-00126618-LEGALEASE-00126619 |
| City of New York v. State, 138 Misc. 2d 768 | 13+61 | Claimant's cause of action does not accrue until it possesses the legal right to be paid and to enforce its right to payment in court. | Does a claimant's cause of action accrue until it possesses the legal right to be paid and to enforce its right to payment in court? | 005755.docx | LEGALEASE-00126611-LEGALEASE-00126612 |
| Jones v. Young, 539 S.W.2d 901 | 13+61 | A right of action accrues, as a general rule, whenever facts come into existence which give rise to the cause of action. | Does a right of action accrue whenever facts come into existence which give rise to the cause of action? | 005757.docx | LEGALEASE-00126601-LEGALEASE-00126602 |
| Mem'l Hosp. v. Heckler, 706 F.2d 1130 | 13+65 | Until appellate rights are exhausted, even an otherwise valid judgment may be negated by supervening legislation. | "Until appellate rights are exhausted, may even an otherwise valid judgment be negated by supervening legislation?" | 005952.docx | LEGALEASE-00126672-LEGALEASE-00126673 |
| James v. Adams, 16 W. Va. 245 | 13+61 | An action for damages for failure to accept and pay for property agreed to be purchased by a special contract may be brought when defendant refuses to accept the goods and repudiates the contract, before the time has elapsed in which, under the special contract, he was to pay the balance due thereunder. | Can an action for damages for failure to accept and pay for property agreed to be purchased by a special contract be brought when defendant refuses to accept the goods and repudiates the contract? | 006368.docx | LEGALEASE-00126430-LEGALEASE-00126431 |
| Ellis v. Henderson, 204 F.2d 173 | 92+4001 | Although "conclusive presumption" as rule of evidence without logical basis might be constitutionally invalid, if the rule of substantive law so created would be constitutional, the form of words used in stating the rule is immaterial. | What is a conclusive presumption in the rule of evidence under the Negotiable Instruments Act? | 010986.docx | LEGALEASE-00126745-LEGALEASE-00126746 |
| Quirk v. Town of New Boston, 140 N.H. 124 | 148+2.1 | Where landowner possesses full bundle of property rights, destruction of one strand of bundle is not taking, as aggregate must be viewed in its entirety. Const. Pt. 1, Art. 12. | "Where an owner possesses a full bundle of property rights, is the destruction of one strand of the bundle a taking?" | 017637.docx | LEGALEASE-00126696-LEGALEASE-00126697 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Application of Schroetlin, 210 Neb. 508 | 317A+194 | The determination of what is consistent with the public interest, or public convenience and necessity, is one that is peculiarly within the determination of the Public Service Commission and, if there is evidence to sustain the finding of the Commission, the Supreme Court cannot intervene. | "Is the determination of what is consistent with the public interest, or public convenience and necessity peculiarly for the Public Service Commission?" | Public Utilities - Memo 207 - AM.docx | ROSS-003300221-ROSS-003300222 |
| Wilcon v. Travelers Indem. Co., 654 F.2d 976 | 366+7(1) | When surety completed construction project upon default of combined corporation and pursuant to its bond obligations, the surety became subrogated to all rights and remedies of the combined corporation against defaulting subcontractors, and the evidence presented was more than sufficient to support a finding that the combined corporation did not "properly and in good faith" release plaintiff, as a subcontractor, from its obligations. | Does a surety become subrogated to all rights and remedies of the combined corporation against defaulting subcontractors? | Subrogation - Memo # 648 - C - SA.docx | ROSS-003287066-ROSS-003287067 |
| In re iPhone Application Litig., 844 F. Supp. 2d 1040 | 386+7 | While a harmless use or touching of personal property may be a technical trespass, an interference not amounting to dispossession is not actionable, under California law, without a showing of harm; even where injunctive relief is sought, the plaintiff must ordinarily show that the defendant's wrongful acts threaten to cause irreparable injuries, ones that cannot be adequately compensated in damages. | "Can an interference, not amounting to dispossession, be actionable as trespass to chattels?" | 047277.docx | LEGALEASE-00126422-LEGALEASE-00126423 |
| Hoke ex rel. Reidenbach v. Elizabethtown Area Sch. Dist., 833 A.2d 304 | 1.41E+31 | A court is not supposed to be a "super" school board and substitute its own judgment for that of the school district, and therefore, in the absence of a gross abuse of discretion, courts will not second-guess school policies; however, courts can intervene if schools act outside their statutory authority. | Can a court act as a super school board and substitute its own judgment for that of the school district? | 016786.docx | LEGALEASE-00127066-LEGALEASE-00127067 |
| State ex rel. Utilities Comm'n v. Edmisten, 291 N.C. 327 | 317A+113 | One test to determine whether plant or system is a "public utility" within jurisdiction of Utilities Commission is whether public may enjoy it by right or by permission only. G.S. S 62-1 et seq. | Is the determination of whether a plant or system is a public utility based on whether the public may enjoy it by right or by permission only? | Public Utilities - Memo 216 - AM.docx | ROSS-003286765-ROSS-003286768 |
| Neely v. Johnson-Barksdale Co., 194 Miss. 529 | 366+41(6) | The rules of admissibility of evidence applicable in civil actions generally apply to proceedings to enforce subrogation. | Do the rules of admissibility of evidence applicable in civil actions generally apply to proceedings to enforce subrogation? | Subrogation - Memo # 1100 - C - VP.docx | ROSS-003286293-ROSS-003286295 |
| Turner v. Hunt, 131 Tex. 492 | 13+63 | Except in case of extreme delay, a delay which works no injury or no disadvantage to another is not such "laches" as will bar a right. | "Except in case of extreme delay, is a delay which works no injury or no disadvantage to another not such laches as will bar a right?" | Action - Memo # 647 - C - KA.docx | ROSS-003325282-ROSS-003325283 |
| Castonguay v. Plourde, 46 Conn. App. 251 | 212+1009 | Granting of injunction rests within sound discretion of trial court and, in exercising its discretion, court may consider and balance injury complained of with that which will result from interference by injunction. | Is the granting of injunction within the sound discretion of the court? | 005875.docx | LEGALEASE-00127450-LEGALEASE-00127452 |
| Bourbeau v. Jonathan Woodner Co., 549 F. Supp. 2d 78 | 13+65 | Plaintiff's right to any recovery depends upon its right at the inception of the suit, and the nonexistence of a cause of action when the suit was started is a fatal defect, which cannot be cured by the accrual of a cause pending suit. | "If plaintiff has no valid cause of action on facts existing at the time of filing suit, can a defect be remedied by accrual of cause while suit is pending?" | 005913.docx | LEGALEASE-00127704-LEGALEASE-00127705 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Quaker Oats Co. v. City of New York, 295 N.Y. 527 | 30+4619 | In determining whether New York city ordinance requiring the "decharacterization" of horseflesh in the manner and with materials satisfactory to the Department of Health in that city forbids to interstate commerce that which the federal government had authorized, the federal regulation was considered as it read at time of appeal and not as read at trial, since rights and other legal relations are to be determined as of the time they are declared. Civil Practice Act, s 344-a, subd. A, par. 5; Code Regulation Supp.1945, tit. 9, s 268.12, subd. (c); New York City Charter 1936, s 558, subd. d; Administrative Code, s 564-6.0. | Are rights to be determined as of the time they are declared? | Action - Memo # 686 - C - SHS.docx | ROSS-003284845-ROSS-003284846 |
| Werber v. Atkinson, 84 A.2d 111 | 13+65 | A plaintiff's right to recover depends upon his right at inception of suit, and nonexistence of a cause of action when suit was begun is a fatal defect which cannot be cured by accrual of a cause of action pending suit. | Does a plaintiff's right to recover depend upon his right at inception of the suit? | 005964.docx | LEGALEASE-00127959-LEGALEASE-00127960 |
| Water Res. Comm'n v. Connecticut Sand & Stone Corp., 170 Conn. 27 | 13+65 | In usual case in which injunctive relief is sought it is court which determines existence of facts which justify extraordinary remedy of injunctive relief, and thus court will usually grant such relief only in light of situation as court finds it to exist at time of trial. | Will a court grant relief only in light of the situation as the court finds it to exist at the time of trial? | 006049.docx | LEGALEASE-00127476-LEGALEASE-00127477 |
| Erwin v. Lee Lumber Co., 163 La. 191 | 13+63 | Relief will be denied where suitor, before proceedings, permits lapse of time, so that evidence becomes obscure or lost. | "Will relief be denied where suitor, before proceedings, permits lapse of time, so that evidence becomes obscure or lost?" | Action - Memo # 790 - C - SB.docx | ROSS-003289915-ROSS-003289916 |
| Belden v. Sherburne, 27 La. Ann. 305 | 13+63 | Where a statute authorizes an action, and prescribes the delay within which it must be instituted, suit must be filed within that delay, or the action, if excepted to, will be dismissed. | "Where a statute authorizes an action, and prescribes the delay within which it must be instituted, must the suit be filed within that delay?" | Action - Memo # 866 - C - KBM.docx | ROSS-003285838 |
| Riddlesbarger v. Hartford Ins. Co., 74 U.S. 386 | 13+63 | The lapse of years without any attempt to enforce a demand creates a presumption against its original validity or that it has ceased to subsist and presumption is made by statutes of limitation a positive bar. | Does the lapse of years without any attempt to enforce a demand create a presumption against its original validity? | Action - Memo # 867 - C - KBM.docx | ROSS-003284920-ROSS-003284922 |
| Lyerly v. Yeadon, 199 S.C. 363 | 13+63 | A long lapse of time before commencing action considered with other circumstances may create a presumption that a valid right never existed, or that if it existed it has been satisfied or lost by abandonment, waiver, acquiescence or equitable estoppel. | Does the lapse of years without any attempt to enforce a demand create a presumption against its original validity? | 006230.docx | LEGALEASE-00127333-LEGALEASE-00127334 |
| Edward Balf Co. v. Town of E. Granby, 152 Conn. 319 | 13+65 | Right to relief in action for declaratory judgment or injunction, since remedy sought is prospective, is determined by situation which has developed at time of trial, not by that existing at time action was begun. | Does the court grant equitable relief only on the situation as it exists at the time of trial? | 006298.docx | LEGALEASE-00127931-LEGALEASE-00127932 |
| Bowles v. Senderowitz, 65 F. Supp. 548 | 402+1200 | Price Administrator's right to recover treble damages from manufacturers, under Emergency Price Control Act, for selling shorts at prices allegedly in excess of maximum prices determined under price regulations, was required to be predicated on facts in existence at time complaint was filed, and District Court could not adjudicate rights which accrued, or which were based on facts that occurred subsequent to commencement of action. Emergency Price Control Act of 1942, S 205(e) as amended by Stabilization Extension Act 1944, S 108(b), 50 U.S.C.A.Appendix S 925(e). | Can a plaintiff recover without the existence of the facts which constituted his cause of action at the time of the lawsuit? | 006300.docx | LEGALEASE-00127907-LEGALEASE-00127908 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lucas v. Gund, 450 F. Supp. 2d 1125 | 25T+134(6) | Arbitration agreements signed by employees, which incorporate the rules of a third-party organization, can be procedurally unconscionable under California law if the employee is not provided a copy of the rules upon signing the agreement. | Are agreements which incorporate the rules of a third-party organization without providing employees with those rules at the time of signing procedurally unconscionable? | 007209.docx | LEGALEASE-00127388-LEGALEASE-00127389 |
| Stark v. Indep. Sch. Dist. No. 640, 938 F. Supp. 544 | 1.41E+31 | When circumstances in public schools arise that directly and sharply implicate constitutional values, court must intervene. | "When circumstances arise in public schools that directly and sharply implicate constitutional values, should the court intervene?" | Education - Memo # 51 - C - SU.docx | ROSS-003299986-ROSS-003299988 |
| In re V. Pangori & Sons, 53 B.R. 711 | 309+185 | Surety's rights of equitable subrogation and reimbursement did not come within purview of Uniform Commercial Code. | Does a surety's rights of equitable subrogation and reimbursement come within the purview of the Uniform Commercial Code (UCC)? | Subrogation - Memo # 1211 - C - AP.docx | ROSS-003300486-ROSS-003300487 |
| Jones v. Aetna Cas. & Sur. Co., 26 Cal. App. 4th 1717 | 366+41(6) | Under doctrine of superior equities, pertaining to right of subrogation, burden is upon surety to establish its superior equity in seeking recovery against third party. | Is burden upon the surety to establish its superior equity in seeking recovery against a third party under the doctrine of superior equities? | Subrogation - Memo # 1234 - C - CK.docx | ROSS-003326815-ROSS-003326816 |
| Mountain States Tel. & Tel. Co. v. Vowell Const. Co., 161 Tex. 432 | 386+1 | The gist of "trespass" to personalty is an injury to, or interference with, possession, unlawfully, with or without exercise of physical force, and destruction of, or injury to, personal property, regardless of negligence, may be a "trespass". | Can trespass to personalty be committed without the exercise of physical force? | Trespass - Memo 219 - RK.docx | ROSS-003313351-ROSS-003313352 |
| Rodgers v. United States, 158 F. Supp. 670 | 13+65 | If an adequate remedy at law becomes available after bill for injunction is filed, equity will not exercise jurisdiction since an action for injunctive relief speaks as of the date of alleged decree. | Does an action for injunctive relief speak as of the date of its decree? | 005972.docx | LEGALEASE-00128161-LEGALEASE-00128162 |
| Woodruff v. City of Chicago, 326 Ill. App. 577 | 302+274 | In equity, matters arising subsequently to the institution of the suit are available under supplemental pleadings to plaintiff and defendant. S.H.A. ch. 110, S 39. | "In equity, are matters arising subsequent to the institution of the suit available under supplemental pleadings to plaintiff and defendant?" | Action - Memo # 802 - C - RY.docx | ROSS-003284899-ROSS-003284900 |
| Int'l Photo Recording Machines v. Microstat Corp., 269 A.D. 485 | 13+65 | In an action at law, plaintiff may recover only for claims existing at the commencement of the action whereas in equity the court renders judgment as of the date of trial. | "In an action at law, can a plaintiff recover only for claims existing at the commencement of the action?" | 006117.docx | LEGALEASE-00128253-LEGALEASE-00128254 |
| Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614 | 25T+137 | There is no warrant in the Arbitration Act (9 U.S.C.A. S 1 et seq.) for implying in every contract within its ken a presumption against arbitration of statutory claims. | Is there a warrant in the Arbitration Act for implying in every contract within its ken a presumption against arbitration of statutory claims? | 007266.docx | LEGALEASE-00128667-LEGALEASE-00128669 |
| Tabb Lakes v. United States, 26 Cl. Ct. 1334 | 148+277 | Although in order to state a claim for permanent regulatory taking, plaintiff must have applied for, and been denied, a permit, denial of a permit may not be essential to temporary taking claim. U.S.C.A. Const.Amend. 5. | Is denial of a permit essential to a temporary taking claim? | 017717.docx | LEGALEASE-00128127-LEGALEASE-00128128 |
| Juhnke v. Evangelical Lutheran Good Samaritan Soc., 6 Kan. App. 2d 744 | 307A+742.1 | Primary purpose of pretrial conference is to establish legal issues which will be tried during course of trial and resolve as many questions as possible at that time; as practical matter, many issues of law should not be decided until such time as some evidence has been presented which would give trial court basis upon which to rule. Rules Civ.Proc., K.S.A. 60-216. | What is the primary purpose of pretrial conference and how is it established during the course of trial? | 026524.docx | LEGALEASE-00128571-LEGALEASE-00128572 |
| Way v. House, 315 S.W.3d 216 | 307A+501 | While the rules of civil procedure allow a party to nonsuit its own cause of action, they do not authorize dismissing another party's claims. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "While the rules of civil procedure allow a party to nonsuit its own cause of action, do they authorize dismissing another party's claims?" | Pretrial Procedure - Memo # 939 - C - KG.docx | LEGALEASE-00018209-LEGALEASE-00018210 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Water & Wastewater Bd. of City of Madison v. Anderson, 850 So. 2d 1230 | 317A+114 | There are conditions precedent to obligation of public utility to serve any particular applicant; applicant must submit to such reasonable conditions as utility sees fit to impose. | Should an applicant submit to such reasonable conditions as the utility sees fit to impose? | 042491.docx | LEGALEASE-00128377-LEGALEASE-00128378 |
| Turner v. Ohio Bell Tel. Co., 118 Ohio St. 3d 215 | 200+88 | Utility companies do not enjoy unfettered discretion in the placement of their poles within the right-of-way of road, for they are required to obtain approval from the owner of the right-of-way. R.C. SS 4939.03, 5515.01, 5547.04. | Do utility companies enjoy unfettered discretion in the placement of the poles within the right-of-way? | Public Utilities - Memo 243 - AM.docx | ROSS-003286259-ROSS-003286260 |
| Messner v. Am. Union Ins. Co., 119 S.W.3d 642 | 366+35 | Subrogation based upon the common law, i.e., legal subrogation, is not an option where it would be inconsistent with the terms of the contract; thus, contract provisions waiving subrogation rights are valid and enforceable. | Can you contractually waive common law subrogation rights? | 043202.docx | LEGALEASE-00128535-LEGALEASE-00128536 |
| Indus. Risk Insurers v. Garlock Equip. Co., 576 So. 2d 652 | 217+3522 | Purpose of waiver of subrogation clause is to require one party to contract to provide property insurance for all parties. | Is the purpose of a waiver of subrogation clause meant to require one party to contract to provide property insurance for all parties? | 043226.docx | LEGALEASE-00128399-LEGALEASE-00128400 |
| Halpin v. Frankenberger, 231 Kan. 344 | 366+7(1) | "Subrogation" contemplates one person stepping into shoes of another; as applied to guarantor, it implies that guarantor takes place of, or inures to all of rights of creditor. | Does subrogation contemplate one person stepping into the shoes of another? | Subrogation - Memo # 1074 - C - KG.docx | ROSS-003299762-ROSS-003299763 |
| Messner v. Am. Union Ins. Co., 119 S.W.3d 642 | 366+35 | Subrogation based upon the common law, i.e., legal subrogation, is not an option where it would be inconsistent with the terms of the contract; thus, contract provisions waiving subrogation rights are valid and enforceable. | Is subrogation based upon the common law an option where it would be inconsistent with the terms of the contract? | Subrogation - Memo # 1090 - C - VP.docx | ROSS-003300435-ROSS-003300438 |
| Gerow v. Sinay, 28 Misc. 3d 990 | 366+41(6) | The movant on a equitable subrogation claim must establish all elements of the doctrine, including a lack of knowledge concerning another lien on the property. | Should the movant on an equitable subrogation claim establish all elements of the doctrine? | 043354.docx | LEGALEASE-00128209-LEGALEASE-00128210 |
| Chase v. Ameriquest Mortg. Co., 155 N.H. 19 | 366+41(6) | In any subrogation case, the burden of proving entitlement is on the subrogee, which generally includes proof of the existence and applicability of equitable principles or contractual provisions as to subrogation and reimbursement. | "Is the burden of proving entitlement on the subrogee, in a subrogation case?" | 043359.docx | LEGALEASE-00128230-LEGALEASE-00128231 |
| Spear & Co. v. Chem. Corn Exch. Bank, 148 N.Y.S.2d 296 | 13+65 | In an equity action, the decree is accommodated to the facts shown as existing at time of trial, rather than at time of complaint. | "In an equity action, is the decree accommodated to the facts shown as existing at the time of trial, rather than at the time of complaint?" | 006177.docx | LEGALEASE-00128709-LEGALEASE-00128710 |
| Pagano v. Pagano, 207 Misc. 474 | 13+65 | Court of Equity should adminster such relief as exigencies of case demand at close of trial and should render such decree as equity and good conscience require under the circumstances as presented at time of trial. | Should a court of equity render decree as equity and good conscience requires under the circumstances as presented at the time of the trial? | 006185.docx | LEGALEASE-00128739-LEGALEASE-00128740 |
| C. Itoh & Co. (Am.) Inc. v. Jordan Int'l Co., 552 F.2d 1228 | 25T+137 | Disputed additional terms on which the writings of the parties do not agree and which are thus excluded under the Uniform Commercial Code from contract arising from conduct of the parties cannot be brought back into the contract under the guise of "supplementary terms"; "supplementary terms" contemplated by the Code in such a situation are limited to those supplied by the standardized "gap-filler" provisions of the sales article of the Code, and do not include provision for arbitration. U.C.C. SS 2-207(3), 2-308(a), 2-309(1), 2-310(a). | Are supplementary terms limited to those supplied by standardized gap-filler provisions? | 007288.docx | LEGALEASE-00128842-LEGALEASE-00128844 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re No Place Like Home, 559 B.R. 863 | 25T+140 | Under the Federal Arbitration Act (FAA), an arbitration provision is severable from the remainder of the contract, such that its validity is subject to initial court determination, but if the arbitration provision is valid, the validity of the remainder of the contract is left for the arbitrator to decide. 9 U.S.C.A. S 1 et seq. | Can an arbitrator decide on the validity of the remainder of a contract if the court finds that the severed arbitration provision is valid? | 007291.docx | LEGALEASE-00128845-LEGALEASE-00128846 |
| Bradley v. Milliken, 484 F.2d 215 | 1.41E+38 | The public school system is a state function and local school districts are instrumentalities of the state created for administrative convenience. M.C.L.A.Const.1963, art. 8, S 2. | Is the public school system a state function and local school districts instrumentalities of the state created for administrative convenience? | 016932.docx | LEGALEASE-00128787-LEGALEASE-00128788 |
| Bd. of Regents of Kentucky Cmty. & Tech. Coll. Sys. v. Farrell, 443 S.W.3d 12 | 1.41E+19 | "Common schools," as the term is used in the Kentucky Constitution, means a school taught in a district laid out by authority of the school laws, under the control of trustees elected under those laws, by a teacher qualified according to law to teach. Const. S 183. | What does common schools mean? | 016948.docx | LEGALEASE-00128827-LEGALEASE-00128828 |
| Fed. Way Sch. Dist. No. 210 v. State, 167 Wash. 2d 514 | 141E+653 | "Uniform," under provision of state constitution stating that legislature shall provide for a general and uniform system of public schools, means that every child shall have the same advantages and be subject to the same discipline as every other child. West's RCWA Const. Art. 9, S 2. | "Does the term uniform, under the provision of state constitution mean that every child shall have the same advantages and be subject to the same discipline as every other child?" | Education - Memo # 70 - C - SU.docx | LEGALEASE-00018641-LEGALEASE-00018642 |
| Singh v. Becher, 249 A.D.2d 154 | 266+1643 | Mortgage is generally considered to be personal property, and assignment of existing mortgage, rather than execution of new mortgage or foreclosure of existing mortgage, would not affect underlying real property for venue purposes. McKinney's CPLR 507. | Are mortgages generally considered to be personal property? | Venue - Memo 102 - RK.docx | ROSS-003300377-ROSS-003300378 |
| McGillis v. Aida Eng'g, 161 Mich. App. 370 | 413+1 | Every employer subject to Workers' Disability Compensation Act is liable for compensation awarded to its injured employees. M.C.L.A. S 418.101 et seq. | Is every employer that is subject to the workers disability compensation act liable for compensation awarded to its injured employees? | 047741.docx | LEGALEASE-00128749-LEGALEASE-00128750 |
| Geochem Labs. v. Brown & Ruth Labs., 689 S.W.2d 288 | 302+228.23 | When special exceptions are sustained, pleader has two options, to wit, he may, as matter of right, amend his petition, or he may refuse to amend and thereby test validity of ruling on appeal; if pleader refuses to amend his pleading, trial court may by further order either strike objectionable portion of pleading, or dismiss if remaining allegations in petition fail to state cause of action. | What options does the pleader have when special exceptions are sustained? | 008171.docx | LEGALEASE-00129053-LEGALEASE-00129054 |
| State ex rel. Moore v. Lawson, 105 Idaho 164 | 30+338(1) | Appellate jurisdiction of the Court of Appeals is limited to those cases in which appeals have been timely filed under rules promulgated by the Supreme Court. | Is appellate jurisdiction limited to those cases in which appeals have been timely filed under rules promulgated by the Supreme Court? | Appeal and error - Memo 51 - RK.docx | ROSS-003286567-ROSS-003286568 |
| Croft v. Unemployment Comp. Bd. of Review, 662 A.2d 24 | 30+15 | Appellate court maintains discretion to refrain from quashing a single appeal from several final orders. | Does an appellate court maintain discretion to refrain from quashing a single appeal from several final orders? | Appeal and error - Memo 64 - RK.docx | ROSS-003285641-ROSS-003285642 |
| In re James B., 109 Cal. App. 4th 862 | 67+4 | Because auto burglary can be committed only by entering a locked vehicle without the owner's consent, it is only accomplished by altering the vehicle's physical condition; at worst, by smashing a window, at best, by illegally unlocking it. West's Ann.Cal.Penal Code S 459. | How is auto burglary committed? | 013209.docx | LEGALEASE-00129630-LEGALEASE-00129631 |
| Wall v. State Bd. of Edn., 29 N.E.3d 1024 | 141E+452(1) | A misdemeanor conviction can serve as the basis to revoke a teaching license for conduct unbecoming to the teacher's position. R.C. S 3319.13(B)(1). | Can a misdemeanor conviction serve as the basis to revoke a teaching license for conduct unbecoming to the teacher's position? | 016966.docx | LEGALEASE-00129259-LEGALEASE-00129260 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S. Sutter v. LJ Sutter Partners, 193 Cal. App. 4th 634 | 307A+501 | In common law, a "retraxit" was "a voluntary renunciation by plaintiff in open court of his suit and cause thereof, and by it plaintiff forever loses his action," and in California, the same effect is now accomplished by a dismissal with prejudice. | What is a retraxit in common law? | Pretrial Procedure - Memo # 1000 - C - SK.docx | LEGALEASE-00019238-LEGALEASE-00019239 |
| City of Palos Heights v. Vill. of Worth, 29 Ill. App. 3d 746 | 307A+501 | Upon proper notice of payment of costs, plaintiff has absolute right to dismiss his action before trial or hearing has begun and trial court has no discretion to interfere with exercise of that right. S.H.A. ch. 110, SS 52, 52(1). | Does a plaintiff have an absolute right to dismiss an action? | 024858.docx | LEGALEASE-00129556-LEGALEASE-00129557 |
| Barbara v. Billelo, 212 La. 937 | 307A+501 | A plaintiff may discontinue his suit any time prior to rendition of judgment unless thereby some acquired right of defendant would be impaired and though such right to discontinue is granted by the Code, the same right has been accorded to a defendant filing a reconventional demand and to defendant called in warranty, because, though a reconventional demand is usually contained in defendant's answer, it is not deemed to be a part thereof but enjoys status of independent suit subject to all rules of pleading relative to petition. Code Prac. art. 491. | Can a plaintiff discontinue his suit at any time prior to rendition of judgment? | Pre-trial Procedure - Memo # 1050 - C - KG.docx | LEGALEASE-00019312-LEGALEASE-00019314 |
| Crane v. Leclere, 204 Iowa 1037 | 307A+501 | Statute prohibiting dismissal of action after final submission will not be extended to include cases not within its express terms. | Can a statute prohibiting the dismissal of an action after final submission of the case be extended to prohibit the dismissal of a case not falling within its express terms? | Pre-trial Procedure - Memo # 1055 - C - KG.docx | ROSS-003327923-ROSS-003327924 |
| Moseley v. Behringer, 184 S.W.3d 829 | 307A+501 | In the ordinary case, absent special statutory provisions, plaintiff has an absolute right to take a nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "In the ordinary case, absent special statutory provisions, does a plaintiff have an absolute right to take a nonsuit?" | 025160.docx | LEGALEASE-00129560-LEGALEASE-00129561 |
| Arciniega v. Bank of San Bernardino, 52 Cal. App. 4th 213 | 336H+105 | Difference between "retraxit" and "nonsuit" is that nonsuit is plaintiff's default and neglect, and he is thus allowed to bring suit again, upon payment of costs; conversely, retraxit is open and voluntary renunciation of suit in court, by which plaintiff forever loses his action. | "Is ""retraxit"" an open, voluntary renunciation of a claim in court?" | Pretrial Procedure - Memo # 1086 - C - SS.docx | ROSS-003314380-ROSS-003314381 |
| Arciniega v. Bank of San Bernardino, 52 Cal. App. 4th 213 | 336H+105 | Difference between "retraxit" and "nonsuit" is that nonsuit is plaintiff's default and neglect, and he is thus allowed to bring suit again, upon payment of costs; conversely, retraxit is open and voluntary renunciation of suit in court, by which plaintiff forever loses his action. | "Is ""retraxit"" an open, voluntary renunciation of a claim in court?" | 025559.docx | LEGALEASE-00129342-LEGALEASE-00129343 |
| Cook v. Lichtblau, 176 So. 2d 523 | 307A+501 | Plaintiff may not terminate action as matter of right by taking nonsuit whether voluntary or involuntary. 30 F.S.A. Rules of Civil Procedure, rule 1.35. | Can a plaintiff terminate action as matter of right by taking nonsuit whether voluntary or involuntary? | 026029.docx | LEGALEASE-00129386-LEGALEASE-00129387 |
| Wright v. Desate, 292 Ill. App. 3d 952 | 307A+501 | Supreme Court rule permits voluntarily dismissal of case even when plaintiff's purpose for doing so is to avoid impact of discovery order. Sup.Ct.Rules, Rule 219(e). | Does a Supreme Court rule permit voluntarily dismissal of a case even when a plaintiff's purpose for doing so is to avoid impact of a discovery order? | 026047.docx | LEGALEASE-00129473-LEGALEASE-00129475 |
| Carter v. Clegg, 557 So. 2d 1187 | 307A+501 | When considering whether to grant voluntary dismissal, trial court must consider effect action will have on defendant and other plaintiffs, if there are any; moreover, court must assure fairness and protection for those affected by dismissal. Rules Civ.Proc., Rule 41. | "When considering whether to grant voluntary dismissal, should a trial court consider the effect an action will have on a defendant and other plaintiffs, if there are any?" | Pretrial Procedure - Memo # 1267 - C - PC.docx | ROSS-003287717-ROSS-003287718 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Grafton v. Ohio Edison Co., 1996-Ohio-336, 77 Ohio St. 3d 102 | 317A+114 | Miller Act protection of existing utility customers from having their service terminated at instance of municipality without approval of Public Utilities Commission of Ohio (PUCO) extends to situations where utility franchise has expired, and even where service was provided without any franchise contract. R.C. SS 4905.20, 4905.21. | Does the Miller Act focus on protecting the existing utility customers from the termination of the utility services without commission approval? | Public Utilities - Memo 250 - AM.docx | ROSS-003301131-ROSS-003301132 |
| Lachmar v. Trunkline LNG Co., 753 F.2d 8 | 38+107 | Under New York law, assignee of rights under a bilateral contract is not bound to perform the assignor's duties under the contract unless he expressly assumes to do so. | Is an assignee of rights under a bilateral contract bound to perform the assignor's duties under the contract? | Alternative Dispute Resolution - Memo 507 - RK.docx | LEGALEASE-00019552-LEGALEASE-00019553 |
| The Rice Co. (Suisse), S.A. v. Precious Flowers Ltd., 523 F.3d 528 | 25T+182(1) | Where some written agreement to arbitrate exists, federal courts recognize six theories for binding a nonsignatory to an arbitration agreement: (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, (5) estoppel, and (6) third-party beneficiary. | Can arbitration agreements apply to nonsignatories? | 007355.docx | LEGALEASE-00130212-LEGALEASE-00130213 |
| Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614 | 25T+143 | Importance of private damages remedy in antitrust dispute does not compel conclusion that resolution may not be sought outside an American court by means of arbitration. | Does the importance of the private damages remedy compel the conclusion that it may not be sought outside an American court? | 007380.docx | LEGALEASE-00130241-LEGALEASE-00130242 |
| DuBray v. Warner Bros. Records, 236 A.D.2d 312 | 307A+501 | Motion for discontinuance should not be used to circumvent order of court or to enable plaintiffs to do indirectly what they are not permitted to do directly. | Can a motion for discontinuance be used to circumvent an order of the court or to enable plaintiffs to do indirectly what they are not permitted to do directly? | 026054.docx | LEGALEASE-00129719-LEGALEASE-00129720 |
| Rooth v. Kusel, 278 Ill. App. 152 | 307A+501 | A complainant can dismiss his bill at any time, except where a bill is filed on behalf of complainant and others, and such others have intervened and have been made parties complainant. | "Can a complainant dismiss his bill at any time, except where a bill is filed on behalf of complainant and others, and such others have intervened and have been made parties complainant?" | 026146.docx | LEGALEASE-00130083-LEGALEASE-00130084 |
| Earl v. Winne, 34 N.J. Super. 605 | 307A+749.1 | The pretrial order supersedes the pleadings when inconsistent therewith and controls subsequent course of action unless modified at or before the trial or during trial to prevent manifest injustice. R.R. 4:29-1. | Does a pretrial order supersede pleadings inconsistent therewith? | Pretrial Procedure - Memo # 2502 - C - RY.docx | ROSS-003300102-ROSS-003300103 |
| State v. Edmonds, 323 Conn. 34 | 399+1 | Suspect's standing in a private parking lot for a few seconds does not constitute loitering, particularly without any indication that suspect is engaged in otherwise improper conduct or has been asked to leave the premises. | Does standing in a private parking lot constitute loitering? | Vagrancy - Memo 8 - JS.docx | ROSS-003317644-ROSS-003317645 |
| Ballay v. Legg Mason Wood Walker, 878 F.2d 729 | 25T+143 | Although Federal Arbitration Act establishes presumption in favor of arbitrability when arbitrability is in doubt, it does not prevent parties from agreeing to exclude matters from arbitration if they so desire. 9 U.S.C.A. SS 1-15. | Does the Federal Arbitration Act (FAA) prevent parties from agreeing to exclude matters from arbitration? | Alternative Dispute Resolution - Memo 552 - RK.docx | ROSS-003299997-ROSS-003299999 |
| Hersman v. Fleming Companies, 19 F. Supp. 2d 1282 | 25T+143 | Key element in determining whether tort claims are subject to an arbitration provision is the relationship between the claims asserted and the underlying contractual obligations. | What key element determines if tort claims are subject to an arbitration provision? | Alternative Dispute Resolution - Memo 563 - RK.docx | ROSS-003286543-ROSS-003286544 |
| United States v. Alfisi, 308 F.3d 144 | 63+1(1) | The "corrupt" intent necessary to a bribery conviction is in the nature of a quid pro quo requirement; that is, there must be a specific intent to give something of value in exchange for an official act. 18 U.S.C.A. S 201(b)(1)(A). | What is the corrupt intent required by the bribery statute? | 011087.docx | LEGALEASE-00130447-LEGALEASE-00130448 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Hankins, 376 So. 2d 285 | 67+2 | Gravamen of offense of burglary, whether of a conveyance or otherwise, is a nonconsensual entry with intent to commit offense within; purpose of burglary statute is to punish invasion of possessory property rights of another in structures and conveyances. West's F.S.A. S 810.02(1). | What is the gravamen of burglary? | Burglary - Memo 26 - RK.docx | ROSS-003314134-ROSS-003314136 |
| People v. Watson, 24 Ill. App. 3d 237 | 67+12 | In order to sustain conviction for possession of burglary tools, State must prove that defendant possessed tools adapted and designed for breaking and entering and that they were possessed with knowledge of their character and with intent to commit felony or theft. | Can intent be proved by circumstantial evidence for the charge of possession of burglars tools? | 013306.docx | LEGALEASE-00131350-LEGALEASE-00131351 |
| Farris v. U. S. Fid. & Guar. Co., 273 Or. 628 | 307A+532 | Except in instances of dismissal for lack of prosecution, there is no statutory authorization for judgments or orders of dismissal in law actions; statutory scheme indicates that, in equity, the correct terminology is dismissal and, in law, the correct terminology is nonsuit, voluntary or involuntary. ORS 18.210, 18.250. | "Except in instances of dismissal for lack of prosecution, is there a statutory authorization for judgments or orders of a dismissal in law actions?" | 026064.docx | LEGALEASE-00130641-LEGALEASE-00130642 |
| Ferber v. Brueckl, 322 Mo. 892 | 307A+501 | "Voluntary discontinuance" is voluntary action by plaintiff, whereby his case goes out of court without decision on merits. | "Is a ""voluntary discontinuance"" a voluntary action by a plaintiff, whereby his case goes out of court without a decision on merits?" | Pretrial Procedure - Memo # 1214 - C - MS.docx | ROSS-003286060-ROSS-003286061 |
| Rumph v. Rister, 211 Ga. 312 | 307A+501 | Plaintiff in any action, in any court,may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of defendant. Code, S 3-510. | May a plaintiff in any action dismiss his action either in vacation or term time? | Pretrial Procedure - Memo # 1235 - C - UG.docx | ROSS-003327457 |
| Butler v. Nat'l Live Stock Ins. Co., 200 Ill. App. 280 | 307A+501 | A nominal plaintiff cannot arrest or discontinue a suit except on failure of beneficial plaintiff to secure him against liability for costs. | Can a nominal plaintiff arrest or discontinue a suit except on failure of beneficial plaintiff to secure him against liability for costs? | Pretrial Procedure - Memo # 1238 - C - UG.docx | ROSS-003286981-ROSS-003286982 |
| Brown v. Brown, 110 Me. 280 | 307A+742.1 | Pretrial conferences are intended to help facilitate an orderly presentation of issues for trial and to aid the court and the parties with scheduling matters such as deadlines for adding parties, amending pleadings, and conducting discovery. (Per Crawley, J., with one Judge concurring and two Judges concurring in the result.) Rules Civ.Proc., Rule 16. | What is the emphasis upon in pretrial conference? | 026485.docx | LEGALEASE-00131091-LEGALEASE-00131092 |
| Zanca v. Exhibition Contractors Co., 614 So. 2d 325 | 307A+747.1 | Trial court has wide discretion to provide for implementation of pretrial order and to insure the terms of pretrial order are enforced. LSA-C.C.P. art. 1551. | Does the trial court have wide discretion to provide for implementation of pretrial order and to insure the terms of pretrial order are enforced? | Pretrial Procedure - Memo # 1585 - C - SB.docx | ROSS-003314057-ROSS-003314058 |
| Nentwig v. United Indus., 256 Mont. 134 | 307A+747.1 | Purpose of pretrial order is to prevent surprise, simplify issues, and permit parties to prepare for trial. | "Is the purpose of a pretrial order to prevent surprise, simplify issues, and permit parties to prepare for trial?" | Pretrial Procedure - Memo # 1586 - C - SB.docx | ROSS-003286230-ROSS-003286231 |
| Norton Farms v. Anadarko Petroleum Corp., 32 Kan. App. 2d 899 | 307A+742.1 | The essential purpose of pretrial conference procedure is to prevent surprise and enable the parties to prepare for trial with the assurance that contentions, issues, and evidence will not be moving targets. | What is the essential purpose of a pretrial conference procedure? | Pretrial Procedure - Memo # 1647 - C - PB.docx | ROSS-003287679-ROSS-003287680 |
| State ex rel. State Comp. Mut. Ins. Fund v. Berg, 279 Mont. 161 | 307A+743 | Purpose of pretrial orders is to prevent surprise, simplify issues and permit counsel to prepare case for trial on basis of pretrial order. Rules Civ.Proc., Rule 16(e). | Is permitting counsel to prepare case for trial on basis of pretrial order the purpose of pretrial orders? | Pretrial Procedure - Memo # 1698 - C - DA.docx | ROSS-003287710-ROSS-003287711 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Velez v. Tuma, 283 Mich. App. 396 | 307A+749.1 | A trial court has the authority to set deadlines in pretrial order for the filing of motions, and trial court also has the discretion to decline to consider motions filed after the deadline. MCR 2.401(B)(2). | Does a trial court have the authority to set deadlines in pretrial order for the filing of motions? | 026849.docx | LEGALEASE-00130887-LEGALEASE-00130888 |
| Rogers v. State Farm Fire & Cas. Co., 984 So. 2d 382 | 110+596(1) | Denials of motions for continuances made due to absent witnesses are not considered an abuse of discretion where absent witnesses' testimony would be merely cumulative. | Is it an abuse of discretion to deny a continuance when an absent witness' testimony would be merely cumulative? | Pretrial Procedure - Memo # 1739 - C - NS.docx | ROSS-003301420-ROSS-003301421 |
| Southstar Equity v. Lai Chau, 998 So. 2d 625 | 307A+749.1 | The responsibility for the interpretation and enforcement of any pretrial order mandating witness disclosure is vested in the trial court. | Is the responsibility for the interpretation and enforcement of any pretrial order mandating witness disclosure vested in the trial court? | Pretrial Procedure - Memo # 1753 - C - NE.docx | ROSS-003301216-ROSS-003301217 |
| State v. Thomas, 124 So. 3d 1049 | 307A+717.1 | The refusing of a continuance because of an absent witness, where it is not shown what the witness would say if present, is not an abuse of the court's discretion. | "Is the refusal of a continuance because of an absent witness, where it is not shown what the witness would say if present, an abuse of the court's discretion?" | 026944.docx | LEGALEASE-00130619-LEGALEASE-00130620 |
| McDuffie v. ACandS, 781 So. 2d 628 | 307A+749.1 | There is no authority to limit severely a party's rights for the technical, though justifiable, violation of a pretrial order. LSA-C.C.P. art. 1551. | "Is there an authority to limit severely a party's rights for the technical, though justifiable, violation of a pretrial order?" | 026991.docx | LEGALEASE-00131231-LEGALEASE-00131232 |
| Kallgren v. Chadwick, 134 N.H. 110 | 307A+747.1 | Purpose of pretrial statement is to apprise parties and court, unambiguously and accurately, of all uncontested and contested facts. | "Is the purpose of a pretrial statement to apprise parties and the court, unambiguously and accurately, of all uncontested and contested facts?" | Pretrial Procedure - Memo # 1786 - SKG.docx | ROSS-003286353-ROSS-003286354 |
| Zetune v. Jafif-Zetune, 774 S.W.2d 387 | 30+3239 | Granting or denial of motion for continuance rests within sound discretion of trial court; trial court's denial of motion for continuance will not be disturbed unless record discloses clear abuse of discretion. | "Is the denial of a request for a continuance to conduct discovery vested in the trial court's discretion, and can only be overturned if that discretion was abused? " | Pretrial Procedure - Memo # 1789 - C - SJ.docx | LEGALEASE-00020845-LEGALEASE-00020846 |
| Parker v. S. Farm Bureau Cas. Ins. Co., 326 Ark. 1073 | 30+3315 | Where party is relegated to having to prove his claim by documents, papers, and letters kept by opposing party, scope of discovery should be broader; that factor is to be considered in deciding whether there has been abuse of discretion in denying discovery request. | "Where party is relegated to having to prove his claim by documents, papers, and letters kept by opposing party, should the scope of discovery be broader?" | Pretrial Procedure - Memo # 2019 - C - SKG.docx | ROSS-003301541-ROSS-003301542 |
| Citizens' Tr. Co. of Utica v. R. Prescott & Son, 221 A.D. 420 | 307A+331 | Under Civil Practice Act, SS 288, 296, 322 et seq., and Rules of Civil Practice, rules 120-133, 140 et seq., proceedings for discovery of books, documents, other papers and property are separate and apart from proceedings for examination of parties and witnesses. | "Are proceedings for discovery of books, documents, other papers and property separate and apart from proceedings for examination of parties and witnesses?" | Pretrial Procedure - Memo # 2041 - C - VP.docx | ROSS-003287345-ROSS-003287346 |
| People ex rel. v. W. Mfrs.' Mut. Ins. Co., 40 Ill. App. 428 | 307A+331 | Generally exposition statutes are to be construed in reference to the principles of the common law, since it is not to be presumed that the legislature intended to make any innovation on the common law further than the case absolutely required. | Are exposition statutes to be construed in reference to the principles of the common law? | Pretrial Procedure - Memo # 2072- C - KG.docx | ROSS-003288084-ROSS-003288086 |
| Stringer v. Packaging Corp. of Am., 351 Ill. App. 3d 1135 | 307A+331 | Potential litigants have a duty to take reasonable measures to preserve the integrity of relevant and material evidence. | Do potential litigants have a duty to take reasonable measures to preserve the integrity of relevant and material evidence? | 027391.docx | LEGALEASE-00131054-LEGALEASE-00131055 |
| Econ. Fire & Cas. Co. v. Warren, 71 Ill. App. 3d 625 | 307A+715 | Motion for continuance on ground of ill health of one of two party defendants is insufficient if there is no showing that party's absence from trial jeopardized his case. | Is a motion for continuance insufficient where there is no showing that absence of witness would jeopardize case? | 027402.docx | LEGALEASE-00131203-LEGALEASE-00131204 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Black & White Cabs of St. Louis v. Smith, 370 S.W.2d 669 | 307A+352 | Purpose of rule authorizing discovery is to make relevant, nonprivileged documents, papers and records in possession of one party available to the other, but the right of discovery is limited to matter not privileged but relevant to subject matter of the litigation. V.A.M.R. Civil Rules 57.01(b), 58.01. | Is the purpose of a statute with respect to production of documents to make relevant and nonprivileged documents in the possession of one party available to the other? | Pretrial Procedure - Memo # 2179 - C - AP.docx | LEGALEASE-00021032-LEGALEASE-00021033 |
| Linton v. Jones, 462 S.W.2d 636 | 30+3239 | Matter of granting or refusing a continuance is generally addressed to sound discretion of trial court, and an order of the trial court will not be disturbed on appeal unless there was an abuse of discretion. Rules of Civil Procedure, rules 251, 252. | Is a motion for continuance for want of testimony addressed to the trial court's sound discretion? | Pretrial Procedure - Memo # 2185 - C - AP.docx | ROSS-003300863-ROSS-003300864 |
| Seibert v. Sears, Roebuck & Co., 45 Cal. App. 3d 1 | 307A+749.1 | Pretrial conference order controls subsequent course of an action even where it is inconsistent with pleadings therein. | Does a pretrial conference order control a subsequent course of an action even where it is inconsistent with pleadings therein? | 027537.docx | LEGALEASE-00130861-LEGALEASE-00130862 |
| Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519 | 220+3064 | The shared responsibility payment, a tax imposed under the Patient Protection and Affordable Care Act (PPACA) on those without health insurance, was not a "direct tax," within the meaning of the Direct Tax Clause, which requires a direct tax to be apportioned so that each State pays in proportion to its population; it was not a tax paid by every person, without regard to property, profession, or any other circumstance, because the whole point of the shared responsibility payment was that it is triggered by specific circumstances, i.e., earning a certain amount of income but not obtaining health insurance, nor was the shared responsibility payment a tax on the ownership of land or personal property. U.S.C.A. Const. Art. 1, S 9, cl. 4; 26 U.S.C.A. S 5000A(b). | What are capitations under the taxation law? | Taxation - Memo # 110 - C - CK.docx | ROSS-003300248-ROSS-003300249 |
| Grace v. St. Louis Cty., No. ED94746, 2011 WL 1660653 | 371+2001 | "Taxes" are proportional contributions imposed by the state upon individuals for the support of government and for all public needs; taxes are not payments for a special privilege or a special service rendered. | Are taxes proportional contributions imposed by the state upon individuals for the support of government and for all public needs? | Taxation - Memo # 113 - C - CK.docx | ROSS-003290518-ROSS-003290519 |
| Taylor v. Gehner, 329 Mo. 511 | 371+2001 | "Taxes" are proportional contributions imposed by the state upon individuals for the support of government and for all public needs. | Are taxes proportional contributions imposed by the state upon individuals for the support of government and for all public needs? | 044607.docx | LEGALEASE-00131066-LEGALEASE-00131067 |
| Weisblat v. City of San Diego, 176 Cal. App. 4th 1022 | 371+2001 | A tax is a "special tax" whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which the revenues may be spent. | "Is a tax a ""special tax"" whenever expenditure of its revenues is limited to specific purposes?" | Taxation - Memo # 116 - C - CK.docx | ROSS-003314602-ROSS-003314603 |
| State ex rel. City of Seattle v. Dep't of Pub. Utilities of Wash., 33 Wash. 2d 896 | 371+2001 | A "tax" is an enforced contribution of money assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities and it is not a debt or contract in the ordinary sense but it is an exaction in the strictest sense of the word. | What is a tax in the strictest sense of the word? | Taxation - Memo # 121 - C - CK.docx | ROSS-003313734-ROSS-003313735 |
| NetJets Aviation v. Guillory, 207 Cal. App. 4th 26 | 371+2013 | Every system of taxation consists of two parts, which are (1) the elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection; the former is a legislative function, while the latter is mere machinery, and is delegable to other than governmental agencies. | "Are elements which enter into the imposition of tax, a part of every system of taxation?" | 044771.docx | LEGALEASE-00131008-LEGALEASE-00131009 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Olde Florida Investments, Ltd., 272 B.R. 779 | 371+2001 | Under Florida law, a "tax" is an enforced burden of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform. | Is tax a burden imposed by a sovereign right? | Taxation - Memo # 80 - C - SU.docx | ROSS-003301985-ROSS-003301986 |
| City of Orlando v. State, 67 So. 2d 673 | 268+438 | A "special assessment" is an enforced contribution imposed upon theory that that portion of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of property against which it is imposed as a result of improvement made with proceeds of special assessment. | Is tax a burden imposed by a sovereign right? | 045821.docx | LEGALEASE-00130489-LEGALEASE-00130490 |
| Clean Water Coal. v. The M Resort, 127 Nev. 301 | 371+2001 | When it appears from a legislative act itself that revenue is its main objective, and the amount of the tax supports that theory, the enactment is a "revenue measure." | "Is the enactment a ""revenue measure"" when it appears from a legislative act itself that revenue is its main objective, and the amount of the tax supports that theory?" | 046096.docx | LEGALEASE-00130723-LEGALEASE-00130725 |
| Rehart v. Clark, 448 F.2d 170 | 34+2 | United States navy regulations issued by Secretary of Navy with approval of President have force of law. 10 U.S.C.A. SS 5539(a), 6011. | Will United States Navy regulations issued by the Secretary of the Navy with approval of President have the force of law? | 008888.docx | LEGALEASE-00132401-LEGALEASE-00132402 |
| Standard Oil Co. of California v. Johnson, 316 U.S. 481 | 34+28(1) | That the establishment and control of army post exchanges have been in accordance with War Department regulations, rather than specific statutory directions, does not alter their status as "arms of the government", since authorized War Department regulations have the force of "law". Act July 15, 1870, 16 Stat. 315, 319; Act March 1, 1875, 18 Stat. 337. | Do War Department regulations have the force of law? | 008899.docx | LEGALEASE-00132413-LEGALEASE-00132414 |
| Thomas v. United States, 122 Fed. Cl. 53 | 34+3(1) | Military administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs. | Are military administrators presumed to act lawfully and in good faith? | 008910.docx | LEGALEASE-00132429-LEGALEASE-00132430 |
| Smith v. United States, 114 Fed. Cl. 691 | 34+5(8) | Court of Federal Claims may review a military decision when the plaintiff argues that the military did not comply with a governing statute or regulation; however, plaintiff's claim must be "justiciable," that is, it must be within the competency of the court to decide the issue, and there must be tests or standards that inform the court of the measure against which the conduct of the military is to be evaluated. | Can courts review military decisions when the military did not comply with a governing statute or regulation? | Armed Services - Memo 70 - RK.docx | ROSS-003287322-ROSS-003287323 |
| Eisenhuth v. United States, 59 Fed. Cl. 460 | 34+3(1) | Although the Court of Federal Claims cannot review the merits of a decision committed wholly to the discretion of the military, it may review a challenge to the particular procedure followed in rendering a military decision. | Can the merits of a decision committed wholly to the discretion of the military be subjected to judicial review? | 008923.docx | LEGALEASE-00132443-LEGALEASE-00132444 |
| Allen v. Devon Energy Holdings, 367 S.W.3d 355 | 289+1145 | While a limited partner does not normally owe a fiduciary duty, such a duty springs into existence when a limited partner, wearing a different hat, exerts operating control over the affairs of the limited partnership. | Does a limited partner owe a fiduciary duty in the partnership? | 022203.docx | LEGALEASE-00132473-LEGALEASE-00132474 |
| Stroock & Stroock & Lavan v. Beltramini, 157 A.D.2d 590 | 302+236(1) | Leave to amend a pleading is freely granted as matter of discretion in the absence of prejudice or surprise, but leave may not be granted where the amended pleading fails to state a cause of action. | Will leave to amend be denied where the pleading fails to state a cause of action? | Pleading - Memo 266 - RMM.docx | ROSS-003287402-ROSS-003287403 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| DiSanto v. City of Warrenville, 59 Ill. App. 3d 931 | 184+50 | General conclusions of fraud are not sufficient in a pleading and fraud is never presumed but must be shown by allegation of facts from which fraud is a necessary or probable inference. | Must fraud be shown from allegations of facts from which it is a necessary or probable inference? | 023214.docx | LEGALEASE-00132031-LEGALEASE-00132032 |
| Stringer v. Packaging Corp. of Am., 351 Ill. App. 3d 1135 | 307A+331 | Potential litigants have a duty to take reasonable measures to preserve the integrity of relevant and material evidence. | Does a potential litigant have a duty to take reasonable measures to preserve the integrity of relevant and material evidence? | 027414.docx | LEGALEASE-00131528-LEGALEASE-00131529 |
| Yeager v. Schulze, Phillips & Chase, 173 Ohio App. 3d 466 | 307A+517.1 | A plaintiff has an absolute right to file one voluntary dismissal under applicable rule, and when the plaintiff does so, the case is dismissed without prejudice, unless otherwise indicated, and the trial court is divested of jurisdiction. Rules Civ.Proc., Rule 41(A)(1)(a). | "Are court-ordered voluntary dismissals unless otherwise stated, without prejudice?" | Pretrial Procedure - Memo # 2244 - C - SKG.docx | ROSS-003287438-ROSS-003287439 |
| Trent v. Franco, 253 Ga. App. 104 | 307A+517.1 | The renewal statute is remedial in nature, and it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. O.C.G.A. S 9-2-61. | Is the renewal statute construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits? | 027751.docx | LEGALEASE-00131969-LEGALEASE-00131970 |
| Dye, v. Missouri Dep't of Soc. Servs., 476 S.W.3d 359 | 307A+517.1 | After a voluntary dismissal is filed, the circuit court may take no further steps as to the dismissed action, and any step attempted is viewed as a nullity. Mo. Sup. Ct. R. 67.02(a). | "After a voluntary dismissal is filed, may the circuit court take no further steps as to the dismissed action, and any step attempted is viewed as a nullity?" | Pretrial Procedure - Memo # 2340 - C - KG.docx | LEGALEASE-00021897-LEGALEASE-00021898 |
| Gallagher Bassett Servs. v. Phillips, 991 So. 2d 697 | 307A+517.1 | The effect of a voluntary dismissal of an action is to render the proceedings a nullity and leave the parties as if the action had never been brought. Rules Civ.Proc., Rule 41(a)(1). | Is the effect of a voluntary dismissal of an action to render the proceedings a nullity and leave the parties as if the action had never been brought? | Pretrial Procedure - Memo # 2351 - C - KG.docx | ROSS-003327953-ROSS-003327954 |
| Atkins v. Atkins, 177 Cal. App. 2d 207 | 307A+749.1 | Pretrial order determining issues did not do away with power of trial court to permit amendments to conform to proof. | Does a pretrial order determining issues do away with power of a trial court to permit amendments to conform to proof? | 027802.docx | LEGALEASE-00132008-LEGALEASE-00132009 |
| De Stackelberg v. Lamb Transp. Co., 168 Cal. App. 2d 174 | 307A+749.1 | Pre-trial conference order supersedes the pleadings to the extent of any inconsistencies and controls the subsequent course of the case. Superior Court Rules, rule 8.8. | Does a pre-trial conference order supersede the pleadings to the extent of any inconsistencies and controls the subsequent course of the case? | 027806.docx | LEGALEASE-00131723-LEGALEASE-00131724 |
| Mack v. Union Pac. R. Co., 2012 Ark. App. 115 | 307A+517.1 | A nonsuit is not effective upon filing; a court order is necessary to grant a nonsuit and the judgment or decree must be entered to be effective. | Is a court order necessary to grant a nonsuit and the judgment or decree must be entered to be effective? | 027832.docx | LEGALEASE-00131925-LEGALEASE-00131926 |
| 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2001 | Traditionally, differences between assessment and tax include: assessment supports local improvements, while tax finances general operations; assessment is one-time charge, while tax is annual; and assessment requires that benefit be direct, while tax requires no such direct benefit. | "Is assessment a one-time charge, while tax is annual?" | Taxation - Memo # 145 - C - KBM.docx | ROSS-003288422-ROSS-003288423 |
| City of San Antonio v. San Antonio Indep. Sch. Dist., 683 S.W.2d 67 | 371+2001 | Mere fact that revenues are put into a general fund and used for public purposes does not necessarily make them "taxes." | "Does the fact that revenues are put into a general fund and used for public purposes make them ""taxes""?" | 044936.docx | LEGALEASE-00131991-LEGALEASE-00131992 |
| Wetzel Cty. Solid Waste Auth. v. W. Virginia Div. of Nat. Res., 195 W. Va. 1 | 371+2002 | Character of tax is determined not by its label but by analyzing its operation and effect and, thus, it is difficult to categorize assessment as fee or tax, as courts have not adopted universal definitions of those terms. | Is the character of a tax determined by analyzing its operation and effect? | Taxation - Memo # 302 - C - CK.docx | ROSS-003301770-ROSS-003301771 |
| Multnomah Cty. v. Luihn, 180 Or. 528 | 371+2001 | Taxation proceeds upon the theory that the existence of government is a necessity, that it cannot continue without means to pay its expenses, and that for those means it has the right to compel all citizens and property within its limits to contribute. | What theory does taxation proceed upon? | 045063.docx | LEGALEASE-00132124-LEGALEASE-00132127 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Blizek v. Eagle Signal Co., 164 N.W.2d 84 | 413+1 | One major function of Workmen's Compensation Act is to provide prompt payment to a covered employee in the event of injury arising out of and in the course of employment. I.C.A. S 85.34, subd. 2(c, f, g, u). | What is one major function of the Workmens Compensation Act? | 047839.docx | LEGALEASE-00131783-LEGALEASE-00131784 |
| Smith v. Lannert, 429 S.W.2d 8 | 413+2084 | The Workmen's Compensation Act is substitutional and the exclusive remedy for injuries arising out of and sustained in the course of employment. | Is the Workmens Compensation Act both a substitutional and the exclusive remedy for injuries arising out of and sustained in the course of employment? | 047843.docx | LEGALEASE-00131795-LEGALEASE-00131796 |
| United States v. Hawkins, 37 F. Supp. 3d 964 | 63+1(1) | Accepting or agreeing to accept a payment for the performance of official government duties is bribery, whether or not the recipient ultimately earns the bribe by taking official action; acceptance of the bribe is the violation of the statute, not performance of the illegal promise. | "In bribery prosecution, does the government need to show that the defendant fulfilled the illegal bargain?" | 011174.docx | LEGALEASE-00132548-LEGALEASE-00132549 |
| United States v. Ollison, 555 F.3d 152 | 146+21 | Plain language of statute prohibiting theft or bribery by agent of organization receiving federal funds does not distinguish between "high-level" and "low-level" employees. 18 U.S.C.A. S 666(a)(1), (d)(1). | Does the statute prohibiting theft or bribery by agent of organization receiving federal funds distinguish between high-level and low-level employees? | 011375.docx | LEGALEASE-00133287-LEGALEASE-00133288 |
| Wisniewski v. Clary, 46 Cal. App. 3d 499 | 307A+747.1 | Although court may not compel a litigant to settle a case, it may direct him to engage personally in settlement negotiations, provided that conditions for such negotiations are otherwise reasonable. Cal. Rules of Court, rule 207.5. | Can a court direct a litigant to engage personally in a settlement negotiation? | Pretrial Procedure - Memo # 1873 - C - VP.docx | ROSS-003287287-ROSS-003287288 |
| Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544 | 307A+331 | Whether to recognize a duty to preserve evidence is a matter of policy, and the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists. | Is the question of whether to recognize a duty to preserve evidence a matter of policy? | 027197.docx | LEGALEASE-00133046-LEGALEASE-00133047 |
| Powers v. Prof'l Rodeo Cowboys Ass'n, 832 P.2d 1099 | 307A+517.1 | Request for voluntary dismissal without prejudice generally should be granted unless dismissal would result in legal prejudice to defendant. Rules Civ.Proc., Rule 41(a)(2). | Should a request for voluntary dismissal without prejudice generally be granted unless a dismissal would result in legal prejudice to a defendant? | 027605.docx | LEGALEASE-00132712-LEGALEASE-00132713 |
| Gen. Agents Ins. Co. of Am. v. El Naggar, 340 S.W.3d 552 | 307A+517.1 | A nonsuit does not vitiate a decision on the merits unless the decision on the merits is set aside by the trial court; once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Is a decision on the merits, including a summary judgment in the defendant's favor, vitiated by a nonsuit by the plaintiff?" | Pretrial Procedure - Memo # 2295 - C - SK.docx | ROSS-003288182-ROSS-003288183 |
| Richter v. Prairie Farms Dairy, 2016 IL 119518 | 30+78(4) | A voluntary dismissal terminates the entire action and renders immediately appealable all final orders entered therein that were not previously appealable. S.H.A. 735 ILCS 5/2-1009. | Does a voluntary dismissal terminate an action in its entirety and render all final orders immediately appealable? | Pretrial Procedure - Memo # 2296 - C - SK.docx | ROSS-003287457-ROSS-003287458 |
| Cyr v. Cote, 396 A.2d 1013 | 307A+749.1 | Where issues raised by pleadings have been modified by a pretrial order, order and not pleadings controls question of whether litigants have right to jury trial. M.R.S.A.Const. art. 1, S 20. | "Where the issues raised by the pleadings have been modified by a pretrial order, is the order and not the pleadings that control the question of whether litigants have right to a jury trial?" | 027717.docx | LEGALEASE-00132820-LEGALEASE-00132821 |
| Evans v. Dreyfuss Bros., 971 A.2d 179 | 307A+693.1 | A "dismissal without prejudice" renders the proceedings a nullity and leaves the parties as if the action had never been brought. | "Does a ""dismissal without prejudice"" render the proceedings a nullity and leaves the parties as if the action had never been brought?" | 027953.docx | LEGALEASE-00132858-LEGALEASE-00132859 |
| Dafco v. Reynolds, 9 Ohio App. 3d 4 | 307A+749.1 | Before sanctions can be enforced for violation of a pretrial order, order must be properly announced and formally entered in case. Rules Civ.Proc., Rules 37, 37(D). | "Before sanctions can be enforced for violation of a pretrial order, must an order be properly announced and formally entered in case?" | 027957.docx | LEGALEASE-00132873-LEGALEASE-00132874 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lewis v. City of Savannah, 336 Ga. App. 126 | 307A+693.1 | The unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity. | Does the dismissal of a lawsuit generally deprive the trial court of jurisdiction to take further action in a case? | 027991.docx | LEGALEASE-00133281-LEGALEASE-00133282 |
| Simmons v. Patrick, 211 Cal. App. 2d 383 | 307A+749.1 | The effect of a pre-trial order should not be so restricted that power of trial court to do justice between parties is completely abrogated. | Should the effect of a pre-trial order be so restricted that power of a trial court to do justice between parties is completely abrogated? | 028066.docx | LEGALEASE-00133418-LEGALEASE-00133419 |
| Himmelfarb v. Allain, 380 S.W.3d 35 | 307A+517.1 | A voluntary dismissal is an adjudication on the merits of the case only if the order states that it is an adjudication on the merits or if the plaintiff has twice previously voluntarily dismissed actions based on or including the same claim. Rules Civ.Proc., Rule 41.01(2). | When can a voluntary dismissal be adjudication on the merits of the case? | Pretrial Procedure - Memo # 2534 - C - PB.docx | ROSS-003288297-ROSS-003288298 |
| Moore v. Pate, 112 N.C. App. 833 | 307A+517.1 | Once party takes voluntary dismissal, no valid order can be entered thereafter except as to collateral matters. Rules Civ.Proc., Rule 41(a)(1, 2), G.S. S 1A-1. | "Once a party takes a voluntary dismissal, can a valid order be entered thereafter except as to collateral matters?" | 028214.docx | LEGALEASE-00133261-LEGALEASE-00133262 |
| Doe v. Duke Univ., 118 N.C. App. 406 | 307A+517.1 | When party voluntarily dismisses action, it is as if suit had never been filed, and dismissal carries down with it previous rulings and orders in case. Rules Civ.Proc., Rule 41(a)(1), G.S. S 1A-1. | When a party voluntarily dismisses an action will a dismissal carries down with it previous rulings and orders in case? | Pretrial Procedure - Memo # 2674 - C - SKG.docx | ROSS-003288115-ROSS-003288116 |
| State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs., 100 Ohio App. 3d 592 | 307A+517.1 | Voluntary dismissal is effective upon filing, and no further entry by court is necessary to trigger end of litigation. Rules Civ.Proc., Rule 41(A)(1). | "Is voluntary dismissal effective upon filing, and no further entry by court is necessary to trigger the end of litigation?" | Pretrial Procedure - Memo # 2675 - C - SKG.docx | ROSS-003286700-ROSS-003286701 |
| In re Bennett (Tex. 1997) 960 S.W.2d 35 | 307A+517.1 | Signing of order dismissing case, not filing of notice of nonsuit, determines when trial court's plenary power expires. Vernon%22s Ann.Texas Rules Civ.Proc., Rule 162. | Is the signing of an order dismissing a case the starting point for determining when a trial court's plenary power expires? | Pretrial Procedure - Memo # 2688 - C - TM.docx | LEGALEASE-00023117-LEGALEASE-00023118 |
| In re Bennett (Tex. 1997) 960 S.W.2d 35 | 307A+517.1 | Signing of order dismissing case, not filing of notice of nonsuit, determines when trial court's plenary power expires. Vernon%22s Ann.Texas Rules Civ.Proc., Rule 162. | Does the filing of notice of nonsuit determine when a trial court's plenary power expires? | 028393.docx | LEGALEASE-00132888-LEGALEASE-00132889 |
| Sanford v. Dudley, 196 So. 3d 1106 | 307A+486 | For the trial court to exercise its discretion to permit withdrawal of admission, the party seeking to withdraw an admission must first file a motion requesting that relief. Rules Civ.Proc., Rule 36. | Should a party who is seeking to withdraw deemed admissions file a proper motion for relief? | 028407.docx | LEGALEASE-00132941-LEGALEASE-00132942 |
| Stroman v. Tautenhahn, 465 S.W.3d 715 | 307A+517.1 | A plaintiff's nonsuit does not affect an opponent's pending claims for affirmative relief, attorney fees, or sanctions. Tex. R. Civ. P. 162. | "Does a plaintiff's nonsuit affect an opponent's pending claims for affirmative relief, attorney fees, or sanctions?" | Pretrial Procedure - Memo # 2821 - C - SB.docx | ROSS-003314540-ROSS-003314541 |
| Hurst v. Capital Cities Media, 323 Ill. App. 3d 812 | 307A+517.1 | A plaintiff is permitted one, and only one, refiling of an action, even though the applicable statute of limitations has not expired. S.H.A. 735 ILCS 5/13-217. | "Is a plaintiff permitted one, and only one, refiling of an action, even though the applicable statute of limitations has not expired?" | 028623.docx | LEGALEASE-00133020-LEGALEASE-00133021 |
| Polansky v. Berenji, 393 S.W.3d 362 | 307A+506.1 | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Should a trial court immediately dismiss the suit when notice of nonsuit is filed? | 028635.docx | LEGALEASE-00133064-LEGALEASE-00133065 |
| In re iPhone Application Litig., 844 F. Supp. 2d 1040 | 386+7 | Under California law, an action for trespass of a computer system arises when the trespass actually did, or threatened to, interfere with the intended functioning of the system, as by significantly reducing its available memory and processing power. | Does an action for trespass arise when the trespass interfered with the intended functioning of a computer system? | 047324.docx | LEGALEASE-00133364-LEGALEASE-00133365 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Renshaw v. U. S. Pipe & Foundry Co., 30 N.J. 458 | 413+1 | The basic purpose of workmen's compensation is to shoulder on industry the expense incident to the hazards of industry, to lift from the public the burden to support those incapacitated by industry and to ultimately pass on to the consumers of the products of industry such expense. | What is the basic purpose of workmens compensation? | 047901.docx | LEGALEASE-00133154-LEGALEASE-00133155 |
| Dyer v. Gen. Motors Corp., 318 Mich. 216 | 413+1 | The right to compensation under the compensation act is a matter of law fixed by the act, and is not a right to be determined by the Department of Labor and Industry as a matter of compromise or in an effort to obtain an equitable result. | "Is the right to compensation a matter of law fixed by the statute, or is it a right to be determined as a matter of compromise or an effort to obtain an equitable result?" | Workers Compensation - Memo #238 ANC.docx | ROSS-003286990-ROSS-003286991 |
| Lewis v. Horace Mann Ins. Co., 410 F. Supp. 2d 640 | 307A+517.1 | Under Ohio law, a voluntary dismissal, otherwise than on the merits, leaves the parties in the same position as if the action had never been commenced. | "Does a voluntary dismissal, otherwise than on the merits, leave the parties in the same position as if the action had never been commenced?" | 028265.docx | LEGALEASE-00133638-LEGALEASE-00133639 |
| Perpich v. Dep't of Def., 496 U.S. 334 | 259+1 | Militia Clauses of the United States Constitution do not constrain powers of Congress to provide for the common defense, raise and support armies, make rules for governance of Armed Forces, and enact necessary and proper laws for such purposes but in fact provide additional grants of power to Congress. U.S.C.A. Const. Art. 1, S 8, cls. 15, 16. | Does the Militia Clause suppress the powers of the Congress? | 008402.docx | LEGALEASE-00133800-LEGALEASE-00133801 |
| Ward v. United States, 133 Fed. Cl. 418 | 34+102 | Department of Veterans Affairs (VA) lacks the authority to determine whether or not a soldier is fit for duty, a determination that falls exclusively within the purview of the armed forces. | Does the Department of Veterans Affairs (VA) have the authority to determine whether or not a soldier is fit for duty? | 008406.docx | LEGALEASE-00133808-LEGALEASE-00133809 |
| Doe v. United States, 132 F.3d 1430 | 34+5(1) | Men and women in armed forces do not leave constitutional safeguards and judicial protection behind when they enter military service. | Do men and women leave behind constitutional safeguards when they enter military services? | 008419.docx | LEGALEASE-00133826-LEGALEASE-00133827 |
| Smith v. U.S. Shipping Bd. Emergency Fleet Corp'n, 2 F.2d 390 | 34+3(2) | The Posse Comitatus Act, which prohibits Army and Air Force personnel from engaging in civilian law enforcement, is a criminal statute that provides no private cause of action. 18 U.S.C.A. S 1385. | Is Posse Comitatus Act a criminal statute? | 008958.docx | LEGALEASE-00133700-LEGALEASE-00133701 |
| Wells Fargo Bank, Nat. Ass'n v. Voorhees, 194 So.3d 448 | 307A+486 | Rule allowing withdrawal of admissions gives the court the flexibility to change a ruling or permit a party to amend or withdraw admissions. West's F.S.A. RCP Rule 1.370(b). | Does a rule allowing withdrawal of admissions give the court the flexibility to change a ruling or permit a party to amend or withdraw admissions? | Pretrial Procedure - Memo # 2646 - C - SN.docx | ROSS-003290285-ROSS-003290286 |
| Krafft v. Shea Homes, No. D036923, 2002 WL 44262 | 307A+517.1 | A dismissal without prejudice is not a final adjudication, because it does not preclude the plaintiff from refiling her claims in another action. | Is a dismissal without prejudice a final adjudication because it does not preclude the plaintiff from refiling the claims in another action? | 028663.docx | LEGALEASE-00133840-LEGALEASE-00133841 |
| Brandt v. Joseph F. Gordon Architect, 998 P.2d 587 | 307A+517.1 | Party against whom a summary judgment is sustained can no longer, as a matter of right, dismiss his claim without prejudice; the decision is effectively final for that party and he must appeal to the trial court's discretion. 12 Okl.St.Ann. S 683. | "Can a party against whom a summary judgment is sustained no longer, as a matter of right, dismiss his claim without prejudice?" | 028672.docx | LEGALEASE-00133856-LEGALEASE-00133857 |
| Philadelphia Ass'n for relief of Disabled Firemen v. Wood, 39 Pa. 73 | 371+2001 | Tax legislation means the making of laws that are to furnish the measure of every man's duty in support of the public burdens and the means of enforcing it. | "Does a 'tax law'" define the measure of every man's duty in support of public burdens?" | Taxation - Memo # 387 - C - KBM.docx | ROSS-003290165-ROSS-003290166 |
| Bd. of Comm'rs of Montgomery Cty. v. Allen, 175 Kan. 460 | 371+2411 | The entire matter of taxation, including the levy and collection of taxes, is statutory and does not exist apart from statute. | "Is the entire matter of taxation, including the levy and collection of taxes, statutory and does not exist apart from statute?" | 045119.docx | LEGALEASE-00133904-LEGALEASE-00133905 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gilbert v. United States, 165 F.3d 470 | 259+1 | National Guardsmen do not become part of the Army itself, until such time as they may be ordered into active federal duty by an official acting under a grant of statutory authority from Congress; only when that triggering event occurs does a Guardsman become a part of the Army and lose his status as a state serviceman. | Do National Guardsmen become a part of the army itself? | 008443.docx | LEGALEASE-00133973-LEGALEASE-00133975 |
| Davis v. Christy, 8 Mo. 569 | 83E+440 | The holder of a note, whether negotiable or not, may strike out blank indorsements, but not indorsements in full, which confer a legal title to the instrument. | Can a holder of a note strike out indorsements in full which confer a legal title to the instrument? | 009433.docx | LEGALEASE-00134119-LEGALEASE-00134120 |
| Auch v. Andres, 289 Mich. 206 | 83E+679 | Generally, renewal notes given in lieu of others past-due upon which no payment has been made is not "payment" of original notes, even though original notes are surrendered. | "Can renewal notes given in lieu of others past due, upon which no payment was made, be treated as payment of the original notes?" | 009472.docx | LEGALEASE-00134377-LEGALEASE-00134378 |
| Le v. Kilpatrick, 112 S.W.3d 631 | 307A+517.1 | A trial court's venue determination, and any decision on the merits, such as a summary judgment or partial summary judgment, are not vitiated by a nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Are a trial court's venue determination, and any decision on the merits, such as a summary judgment or partial summary judgment, vitiated by a nonsuit?" | 028457.docx | LEGALEASE-00134312-LEGALEASE-00134313 |
| City of Muncie v. Peters, 709 N.E.2d 50 | 307A+486 | Even if the conditions for withdrawal of admissions are satisfied, the court is not compelled to grant withdrawal; rather, the court may, in its discretion, permit withdrawal. Trial Procedure Rule 36(B). | "Even if the conditions for withdrawal of admissions are satisfied, is the court compelled to grant withdrawal?" | 028924.docx | LEGALEASE-00134314-LEGALEASE-00134315 |
| Texas Employers' Ins. Ass'n v. Bragg, 670 S.W.2d 712 | 307A+482.1 | In order to avoid consequences of failure to answer request for admissions, party must show legal or equitable excuses for his failure to answer. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "To establish good cause for withdrawal of deemed admissions, must a party show a legal or equitable excuses for his failure to answer?" | 029045.docx | LEGALEASE-00134278-LEGALEASE-00134279 |
| Diversified Commc'ns v. Godard, 549 A.2d 362 | 307A+483 | On proper motion, trial court can permit withdrawal or amendment of deemed admissions if there is no showing of prejudice to other party. Rules Civ.Proc., Rule 36(b). | "On proper motion, can a trial court permit withdrawal or amendment of deemed admissions if there is no showing of prejudice to the other party?" | Pretrial Procedure - Memo # 3501 - C - ES.docx | ROSS-003289745-ROSS-003289746 |
| Stone v. Lenox Enterprises, 176 Ga. App. 696 | 307A+483 | Admission by failing to respond to requests for admissions is comparable to an admission in pleadings or stipulation of facts so as to be generally regarded as a "judicial admission" rather than an evidentiary admission, and a judicial admission is conclusive unless allowed to be withdrawn by court, while evidentiary admission is not conclusive but may be contradicted or explained. O.C.G.A. SS 9-11-36, 9-11-36(a)(2). | Is admission by failing to respond to requests for admissions comparable to an admission in pleadings or stipulation of facts so as to be generally regarded as a judicial admission? | Pretrial Procedure - Memo # 3780 - C - MS.docx | ROSS-003291018-ROSS-003291019 |
| Lawyers' Ass'n of St. Louis v. City of St. Louis, 294 S.W.2d 676 | 268+959 | The name, purpose, designation or character given by legislative body to particular tax in statute or ordinance imposing it is not conclusive on court in determining nature or purpose of exaction, though entitled to due weight and consideration; determination of purpose, nature and effect of tax being for court in final analysis, regardless of its apparent legislative designation. | "Is a legislative declaration that a tax shall be of a particular character, conclusive?" | 045050.docx | LEGALEASE-00134175-LEGALEASE-00134177 |
| Mercer v. Rockwell Int'l Corp., 24 F. Supp. 2d 735 | 386+10 | Under Kentucky law, three basic elements for negligent trespass are that (1) defendant must have breached its duty of due care, (2) defendant must have caused a thing to enter land of plaintiff and (3) the thing's presence must have caused harm to the land. Restatement (Second) of Torts S 165. | What are the elements of negligent trespass? | Trespass - Memo 249 - JS.docx | ROSS-003291314 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rojas v. TK Commc'ns, 87 F.3d 745 | 25T+257 | Former employee's claim that employment agreement was an unconscionable contract of adhesion was an attack on formation of contract generally, not an attack on arbitration clause contained in agreement; therefore, because claim related to entire agreement, rather than just arbitration clause, Federal Arbitration Act (FAA) required that claim be heard by arbitrator. 9 U.S.C.A. S 1 et seq. | "When a claim relates to the entire agreement, rather than just the arbitration clause, does the Federal Arbitration Act (FAA) require the claim be heard by an arbitrator?" | 007547.docx | LEGALEASE-00135805-LEGALEASE-00135806 |
| Wisconsin v. Ho-Chunk Nation, 564 F. Supp. 2d 856 | 25T+151 | Fact that a claim may be a separate federal cause of action does not override the parties' agreement to arbitrate the issue. | "Whether an arbitration claim, which is a separate federal cause of action, would override the parties agreement to arbitrate the issue?" | 007560.docx | LEGALEASE-00135841-LEGALEASE-00135842 |
| United States v. Schaffer, 183 F.3d 833 | 63+1(1) | Under federal bribery statute, bribery involves present giving, promise, or demand of something in return for some action in the future, while an unlawful gratuity can take one of three forms: gratuity can take form of reward for past action, gratuity can be intended to entice public official who has already staked out position favorable to giver to maintain that position, and gratuity can be given with intent to induce public official to propose, take, or shy away from some future official act, which would encompass gifts given in hope that, when particular official actions move to forefront, public official will listen hard to, and hopefully be swayed by, giver's proposals, suggestions, and/or concerns. 18 U.S.C.A. S 201(b), (c)(1)(A). | "Can a gratuity in violation of a statute be provided for a past, present or future action?" | 011593.docx | LEGALEASE-00135043-LEGALEASE-00135044 |
| People v. Trowers, 215 Ill. App. 3d 862 | 63+1(1) | Act of offering or promising tender of prohibited commodity or act is sufficient to constitute completed offense of bribery. S.H.A. ch. 38, P 33-1(a). | Is act of offering or promising tender of prohibited commodity or act sufficient to constitute completed offense of bribery? | Bribery - Memo #477 - C-JL.docx | ROSS-003316218-ROSS-003316219 |
| In re James B., 109 Cal. App. 4th 862 | 67+2 | Automobile burglary statute is to be construed flexibly in light of the legislative objective to make it more serious to break into the interior sections of locked cars than merely stealing from them. West's Ann.Cal.Penal Code S 459. | How is the automobile burglary statute construed? | Burglary - Memo 125 - JS.docx | ROSS-003290436-ROSS-003290437 |
| First Interstate Bank of Texas, N.A. v. Burns, 951 S.W.2d 237 | 307A+716 | Case may be continued, pursuant to legislative continuance statute, if party applying for continuance is represented by attorney who is member of legislature and will participate or does participate in the legislative session; nothing in statute requires that hearing date to be continued fall within dates of the session. V.T.C.A., Civil Practice & Remedies Code S 30.003(b). | Can a case be continued if the party applying for continuance is represented by an attorney who is a member of the legislature and will participate or does participate in the legislative session? | 029215.docx | LEGALEASE-00135145-LEGALEASE-00135146 |
| Siggelkow v. Siggelkow, 643 P.2d 985 | 307A+716 | Prejudice resulting from a party's lack of diligence in securing an attorney does not afford a basis to obtain continuance. | Does prejudice resulting from a party's lack of diligence in securing an attorney afford a basis to obtain continuance? | 029251.docx | LEGALEASE-00135551-LEGALEASE-00135552 |
| In re Posadas USA, 100 S.W.3d 254 | 307A+716 | When the ground for a continuance is withdrawal of counsel, the movant must show that the lack of counsel is not due to movant's own fault or negligence. | "When the ground for a continuance is withdrawal of counsel, must the movant show that the lack of counsel is not due to movant's own fault or negligence?" | 029307.docx | LEGALEASE-00135284-LEGALEASE-00135285 |
| Withrow v. Withrow, 278 Ga. 525 | 307A+716 | The absence of a party's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | "Is the absence of a party's counsel, without leave, to attend proceedings in other courts no ground for continuance or postponement?" | 029336.docx | LEGALEASE-00135952-LEGALEASE-00135953 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | In order for request for admission to be of "substantial importance" so as to warrant imposing expenses of proving truth of requested admission upon party denying admission under S 2034(c), request should have at least some direct relationship to a central issue in case, i.e., an issue which, if not proven, will alter results in case. West's Ann.Cal.C.C.P. S 2034(c). | Should a request for admission have at least some direct relationship to one of the central issues in the case? | Pretrial Procedure - Memo # 3483 - C - NS.docx | ROSS-003317810-ROSS-003317811 |
| Ordonez v. Solorio, 480 S.W.3d 56 | 307A+483 | Service on an attorney before that attorney becomes the party's attorney of record is not valid service, and a request for admissions so served is neither properly served nor deemed admitted. Tex. R. Civ. P. 21a, 198.1, 198.2(c). | Is service on an attorney before that attorney becomes the party's attorney of record not valid service? | Pretrial Procedure - Memo # 3490 - C - NS.docx | ROSS-003303228-ROSS-003303229 |
| Shankle v. Shankle, 289 N.C. 473 | 307A+716 | General rule is that attorney's withdrawal on eve of trial of civil case is not ipso facto grounds for continuance. Rules of Civil Procedure, rule 40(b), G.S. S 1A-1. | Is an attorney's withdrawal on the eve of trial of civil case not ipso facto grounds for continuance? | 029628.docx | LEGALEASE-00135014-LEGALEASE-00135015 |
| Moy v. Ng, 341 Ill. App. 3d 984 | 307A+474 | If the request to admit facts seeks the admission of a conclusion of law, the request is improper in form and the opposing party's failure to respond does not result in an admission. Sup.Ct.Rules, Rule 216. | "When the request seeks the admission of a conclusion of law, does the result in judicial admission due to opposing partys failure to respond?" | Pretrial Procedure - Memo # 3534 - C - SK.docx | ROSS-003290829-ROSS-003290831 |
| Grynberg v. Karlin, 134 P.3d 563 | 307A+483 | When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment. Rules Civ.Proc., Rule 36. | "When a party fails to respond in a timely way to a request for admission, does it admit the relevant subject matter of the request?" | Pretrial Procedure - Memo # 3561 - C - KG.docx | ROSS-003289772-ROSS-003289773 |
| Tavakolian v. Agio Corp., 304 Ga. App. 660 | 307A+483 | A party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests. | Does a party's failure to timely respond to requests for admission conclusively establish as a matter of law each of the matters addressed in the requests? | 029824.docx | LEGALEASE-00135540-LEGALEASE-00135542 |
| E. Haven Builders Supply v. Fanton, 80 Conn. App. 734 | 307A+483 | A failure to respond timely to a request for admissions mean that the matters sought to be answered were conclusively admitted. Practice Book 1998, S 13-22 et seq. | Does a failure to respond timely to a request for admissions mean that the matters sought to be answered were conclusively admitted? | 029884.docx | LEGALEASE-00135254-LEGALEASE-00135255 |
| Schleimer v. Winter, 2002 WL 120561 | 307A+485 | In ruling on motion for costs of proof, trial court must exercise its discretion to determine whether amount of attorney fees requested is reasonable, and if trial court determines that amount requested is unreasonable, it must determine and award a reasonable amount. West's Ann.Cal. C.C.P. S 2023, subd. 3, 2033. | Should court exercise its discretion to determine whether amount of attorney fees requested is reasonable? | Pretrial Procedure - Memo # 3823 - C - DA.docx | LEGALEASE-00025668-LEGALEASE-00025669 |
| Dolgencorp of Texas v. Lerma, 241 S.W.3d 584 | 307A+716 | Although absence of counsel is generally not good cause for a continuance, the court has discretion to allow a continuance if good cause is shown. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | "Although absence of counsel is generally not good cause for a continuance, does the court have discretion to allow a continuance if good cause is shown?" | 030124.docx | LEGALEASE-00135963-LEGALEASE-00135964 |
| Smith v. Home Indem. Co., 683 S.W.2d 559 | 307A+482.1 | If a party fails to respond to a request for admissions, he will be precluded from offering summary judgment proof contradictory to them. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Where a party fails to respond to a request for admissions, will he be precluded from offering summary judgment proof contradictory to those admissions?" | 030458.docx | LEGALEASE-00135978-LEGALEASE-00135979 |
| United States v. Jennings, 160 F.3d 1006 | 63+11 | Government is not required to prove an expressed intention or agreement to engage in a quid pro quo in order to prove bribery of a public official; such an intent may be established by circumstantial evidence. 18 U.S.C.A. S 201(b)(1)(A). | Is direct evidence of intent necessary to prove bribery of a public official? | 011703.docx | LEGALEASE-00136634-LEGALEASE-00136635 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Dunlap, 17 F. Supp. 2d 1183 | 63+1(1) | In passing anti-gratuity statute, which prohibits giving, promising or offering of anything of value in exchange for testimony, Congress did not intend to criminalize Congressionally authorized practice of plea agreements that provide leniency to witnesses in exchange for their testimony. 18 U.S.C.A. SS 201(c)(2, 3), 3553(e); U.S.S.G. S 5K1.1, 18 U.S.C.A.; Fed.Rules Cr.Proc.Rules 11(e), 35(b), 18 U.S.C.A. | Did the Congress intend to criminalize plea agreements that provide leniency to witnesses in exchange for their testimony? | 011749.docx | LEGALEASE-00136320-LEGALEASE-00136321 |
| People v. Salemme, 2 Cal. App. 4th 775 | 67+15 | Person who enters a structure enumerated in burglary statute with intent to commit a felony therein is guilty of burglary, unless he has unconditional possessory right to enter as occupant of that structure, or unless he is invited in by occupant, who knows of and endorses his felonious intent. West's Ann.Cal.Penal Code SS 459, 460. | Does entry into a structure with intent to commit any felony constitute burglary? | 012682.docx | LEGALEASE-00136032-LEGALEASE-00136034 |
| Canada S. Ry. Co. v. Gebhard, 109 U.S. 527 | 221+321 | While the laws of a country have no extra-territorial force, things done in one country under authority of law may be of binding effect in another country. | "While the laws of a country have no extra-territorial force, can things done in one country or acts of a foreign government under the authority of law be of binding effect in another country?" | 020690.docx | LEGALEASE-00136483-LEGALEASE-00136485 |
| In re D.E.G., 228 N.C. App. 381 | 307A+716 | Where attorney has given his client no prior notice of intent to withdraw as counsel, trial judge has no discretion and must grant party affected reasonable continuance or deny attorney's motion for withdrawal. | Does the withdrawal of an attorney not give the client an absolute right to a continuance? | 029440.docx | LEGALEASE-00136398-LEGALEASE-00136400 |
| Richey v. Richey, 704 So. 2d 343 | 307A+716 | Often, when litigant's lawyer withdraws at or near trial, that litigant may be entitled to continuance to employ another attorney. LSA-C.C.P. art. 1601. | "When litigant's lawyer withdraws at or near trial, is that litigant entitled to continuance to employ another attorney?" | 029488.docx | LEGALEASE-00136570-LEGALEASE-00136572 |
| First Nat. Bank v. Edwards, 81 S.W. 541 | 307A+69.1 | The rule that, when interrogatories are crossed, either party may use the deposition, and defendant cannot object to answers to his questions, does not apply to incompetent evidence. | "When interrogatories are crossed, may either party use the deposition, and defendant cannot object to answers to his questions?" | 029983.docx | LEGALEASE-00136648-LEGALEASE-00136649 |
| Bryant v. Kimmons, 430 S.W.2d 73 | 307A+480 | Requests for admissions directed to one defendant, whether answered, or admitted by reason of failure to answer, are not evidence against other defendants in same case. | "Are admissions directed to one defendant, whether answered, or admitted by reason of failure to answer, evidence against other defendants in the same case?" | Pretrial Procedure - Memo # 3943 - C - RF.docx | ROSS-003291044-ROSS-003291045 |
| Harris v. Powell, 56 Mo. App. 24 | 307A+723.1 | An application for a continuance, which failed to show any reason for not taking the deposition of an absent witness, was properly overruled. | "Is an application for a continuance, which failed to show any reason for not taking the deposition of an absent witness, properly overruled?" | Pretrial Procedure - Memo # 3998 - C - KBM.docx | ROSS-003304083-ROSS-003304084 |
| Condos v. Associated Transports, 453 S.W.2d 682 | 307A+719 | Where surprise is actually present, or where additional time is needed to meet additional evidence under amendment of pleadings to conform to proof, parties can be protected by granting of continuances. V.A.M.R. Civil Rule 55.54. | "Where surprise is actually present, can parties be protected by granting of continuances?" | 030298.docx | LEGALEASE-00136864-LEGALEASE-00136865 |
| Hamilton v. Dismukes, 53 Tex. Civ. App. 129 | 307A+723.1 | A motion for a continuance because of an absent witness is fatally defective, where there is no affirmative allegation specially required by Sayles' Ann.Civ.St. 1897, art. 1278, Vernon's Ann.Civ.St. art. 2168, that the testimony sought is in fact material. | Is a motion for a continuance fatally defective because of no affirmative allegation that the testimony sought was material? | Pretrial Procedure - Memo # 4047 - C - KG.docx | ROSS-003317966-ROSS-003317967 |
| Whaley v. Cooper, 82 Ga. 72 | 307A+723.1 | A party aggrieved by the denial of a continuance at the term at which verdict is rendered should file a bill of exceptions at that term, instead of moving at the next term to set aside the verdict, and such motion is addressed to the discretion of the court. | Should a party aggrieved by the denial of a continuance at the term at which verdict is rendered file a bill of exceptions at that term? | 030383.docx | LEGALEASE-00136706-LEGALEASE-00136707 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Roob v. Von Beregshasy, 866 S.W.2d 765 | 307A+723.1 | Trial court has no discretion to reject uncontroverted facts set out by party in a sworn motion for continuance. | Does a trial court have no discretion to reject uncontroverted facts set out by a party in a sworn motion for continuance? | 030438.docx | LEGALEASE-00136277-LEGALEASE-00136278 |
| Thongchoom v. Graco Children's Prod., 117 Wash. App. 299 | 307A+723.1 | A continuance is not justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery. CR 56(f). | Is continuance justified if a party fails to support request with explanation of evidence to be obtained through additional discovery? | 030803.docx | LEGALEASE-00136714-LEGALEASE-00136715 |
| Southland Amusements & Vending v. Rourk, 143 N.C. App. 88 | 307A+477.1 | Litigants required to respond to pleadings, interrogatories, and requests for admission with timely, good faith answers. | "Are litigants required to respond to pleadings, interrogatories, and requests for admission with timely, good faith answers?" | 030809.docx | LEGALEASE-00136785-LEGALEASE-00136786 |
| Barr Hotel Co. v. Lloyd MacKeown Buick Co., 104 Ohio App. 69 | 307A+725 | The eight days permitted by statute for continuance of action is merely the maximum period of continuance which may be allowed without bond, and within that period, length of continuance is within discretion of trial court. R.C. S 1923.08. | What is the maximum period of continuance that can be allowed without bond? | 030830.docx | LEGALEASE-00136926-LEGALEASE-00136927 |
| Latz v. Castricone, 13 Misc. 2d 119 | 307A+91 | Words of Civil Practice Act section should be liberally construed, so that where ends of justice and orderly procedure upon trial make it advisable, examination of witness before trial should be held. Civil Practice Act, S 288. | Should there be great liberality in examinations of an adverse party before trial? | 031172.docx | LEGALEASE-00137008-LEGALEASE-00137009 |
| P.J.s Concrete Pumping Serv. v. Nextel W. Corp., 345 Ill. App. 3d 992 | 287+35.33 | Plaintiff bringing a class action suit need only allege a viable individual cause of action, indicate that the claim is being brought as a class action, and include factual allegations broad enough to establish the possible existence of a class action. | Is the issue of class certification typically factual and should be decided with the benefit of discovery? | Pretrial Procedure - Memo # 4561 - C - NE.docx | LEGALEASE-00026795-LEGALEASE-00026796 |
| Decesare v. Lembert, 144 Cal. App. 3d 20 | 307A+725 | A court faced with motion for continuance is not limited to taxable costs in awarding costs as condition under Code of Civil Procedure section providing, inter alia, that when application is made to postpone trial, payment of costs occasioned by postponement may be imposed as condition of granting same. West's Ann.Cal.C.C.P. S 1024. | "Is a court faced with motion for continuance, limited to taxable costs in awarding costs?" | 031463.docx | LEGALEASE-00137028-LEGALEASE-00137030 |
| Miller v. State, 1972 OK CR 327 | 67+28(3) | Nighttime burglary of a private residence being a separate offense from other burglaries, an indictment must conform to the definition and charge a private residence burglary at night with a purpose or intent of committing a felony or theft, and shooting into a house to injure it does not charge a felony. | Is burglary of a private residence at night a separate offense? | Burglary - Memo 147 - JS.docx | ROSS-003330885-ROSS-003330887 |
| McKenna v. Wallis, 344 F.2d 432 | 260+5.1(5) | Mineral lease of public domain land from United States does not give lessee anything approaching full ownership of fee patentee nor does it convey unencumbered estate in minerals. Mineral Lands Leasing Act, S 1 et seq. as amended 30 U.S.C.A. S 181 et seq. | Does a mineral lease give the lessee full ownership of a fee patentee? | 021228.docx | LEGALEASE-00137975-LEGALEASE-00137977 |
| People v. Northbrook Sports Club, 53 Ill. App. 3d 331 | 302+9 | Allegations of legal conclusions and allegations of evidence constitute merely formal defects and not defects of substance in pleadings; thus conclusory allegation does not impair informational function or sufficiency of pleading. S.H.A. ch. 110, SS 1-94, 33(1, 3), 42(2). | Are allegations of legal conclusions and allegations of evidence merely formal defects? | 023365.docx | LEGALEASE-00137260-LEGALEASE-00137261 |
| People v. Northbrook Sports Club, 53 Ill. App. 3d 331 | 302+9 | Allegations of legal conclusions and allegations of evidence constitute merely formal defects and not defects of substance in pleadings; thus conclusory allegation does not impair informational function or sufficiency of pleading. S.H.A. ch. 110, SS 1-94, 33(1, 3), 42(2). | Are allegations of legal conclusions and allegations of evidence merely formal defects? | Pleading - Memo 344 - RMM.docx | LEGALEASE-00027241-LEGALEASE-00027242 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gardner, Sager & Co. v. O'Connell, 7 La. Ann. 453 | 307A+716 | The absence of counsel is not a ground of continuance, where a party has been assisted by other counsel, and had no evidence which would have produced a different result if his counsel had been present. | "Is the absence of counsel not a ground of continuance, where a party has been assisted by other counsel and had no evidence which would have produced a different result if his counsel had been present?" | 030145.docx | LEGALEASE-00137351-LEGALEASE-00137352 |
| Miller v. Ritchie, 45 Ohio St. 3d 222 | 307A+723.1 | Trial court is not obligated sua sponte to ascertain whether party needs more time to prepare for trial. | Is a trial court obligated sua sponte to ascertain whether a party needs more time to prepare for trial? | 030514.docx | LEGALEASE-00137258-LEGALEASE-00137259 |
| Hatton v. Chem-Haulers, 393 So. 2d 950 | 307A+483 | Whether failure to respond admits matter contained in request for admissions is discretionary with trial court. Rules of Civil Procedure, Rule 36(a, b). | Is the question of whether failure to respond admits matter contained in request for admissions discretionary with a trial court? | 030531.docx | LEGALEASE-00137487-LEGALEASE-00137488 |
| United Auto. Ins. Co. v. W. Hollywood Pain & Rehab. Ctr., 162 So. 3d 98 | 307A+486 | The liberal standard for relief from technical admissions favors amendment in most cases in order to allow disposition on the merits. West's F.S.A. RCP Rule 1.370. | Does the liberal standard for relief from technical admissions favor amendment in most cases in order to allow disposition on the merits? | 030535.docx | LEGALEASE-00137531-LEGALEASE-00137532 |
| Gulf, C. & S.F. Ry. Co. v. Flake, 1882 WL 9032 | 307A+723.1 | In an application for continuance on the ground of absent witnesses, the date of the subpoena issued for him should be shown, so as to enable the appellate court to determine the correctness of the ruling, which depends on whether due diligence was shown in attempting to procure his attendance. | "In an application for continuance on the ground of absent witnesses, should the date of the subpoena issued for him be shown?" | 030578.docx | LEGALEASE-00137886-LEGALEASE-00137887 |
| Tracy v. Dean Witter Reynolds, 185 F.R.D. 303 | 170A+1272.1 | Discovery which is permitted in aid of class action certification should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence which will meet the requirements of class action rule, yet not so broad that the discovery efforts present an undue burden to the defendant. Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A. | Is precertification discovery not to be used as a weapon? | Pretrial Procedure - Memo # 4592 - C - KG.docx | ROSS-003331493-ROSS-003331494 |
| Kerner v. Superior Court, 206 Cal. App. 4th 84 | 307A+36.1 | A "substantial probability" of prevailing on a claim for punitive damages, as required for discovery of a defendant's net worth, means that it is very likely that the plaintiff will prevail on such a claim or there is a strong likelihood that the plaintiff will prevail on such a claim. West's Ann.Cal.Civ.Code S 3295(c). | "Does a ""substantial probability"" of prevailing on a claim for punitive damages mean that it is very likely that the plaintiff will prevail on such a claim or there is a strong likelihood that the plaintiff will prevail on such a claim?" | Pretrial Procedure - Memo # 4595 - C - NS.docx | LEGALEASE-00027529-LEGALEASE-00027530 |
| Breaux v. Laird, 230 La. 221 | 307A+720 | Amendments to pleading should be permitted where they tend to further justice, cause no injury, and are without prejudice to the right of the other party, and, if the other party pleads surprise, he may obtain time to prepare adequate defense. | "Should amendments to pleading be permitted where they tend to further justice, cause no injury, and are without prejudice to the right of the other party?" | 031366.docx | LEGALEASE-00137607-LEGALEASE-00137608 |
| Slattery v. Parsons, 17 N.Y.S.2d 6 | 307A+91 | Fact that information sought by examination of adverse party before trial may be obtained from other sources does not deprive the applicant of his right to the examination. Civil Practice Act, S 288. | Does the fact that the information may be obtained from other sources deprive the applicant of his right to examine the adverse party concerning such matters? | 031374.docx | LEGALEASE-00137670-LEGALEASE-00137671 |
| Slatten v. City of Chicago, 12 Ill. App. 3d 808 | 307A+63 | Supreme Court Rules authorize both evidence and discovery depositions and do not set a time within which discovery must be completed. Supreme Court Rules, rule 201, S.H.A. ch. 110A, S 201. | Does any rules authorize both evidence and discovery depositions without setting a time within which discovery must be completed? | Pretrial Procedure - Memo # 4693 - C - SS.docx | ROSS-003291103-ROSS-003291104 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Boeck v. Smith, 85 A.D. 575 | 307A+331 | Under Code Civ.Proc. S 805, authorizing discovery of books and papers, and providing that to entitle a party to procure such a discovery or inspection he must present a petition praying therefor, etc., a proceeding for the inspection of books and papers cannot be joined with a motion for an order for the examination of a party before trial. | Can a proceeding for the inspection of books and papers be commenced by petition and joined with an order for the examination of a party before trial? | 031382.docx | LEGALEASE-00137836-LEGALEASE-00137837 |
| Green v. Spriggs, 930 So. 2d 1052 | 307A+747.1 | Law gives court wide discretion to provide for implementation of a pretrial order and to insure that the items of the pretrial order are enforced. LSA-C.C.P. art. 1551. | Does law give courts wide discretion to provide for implementation of a pretrial order? | Pretrial Procedure - Memo # 4722 - C - NS.docx | ROSS-003332183-ROSS-003332184 |
| Blum v. Rosenbaum, 87 Misc. 292 | 307A+91 | The right of examination of an adverse party before trial should not be denied, if made in good faith to obtain testimony, and in compliance with the Code requirements. | "Should the right of examination of an adverse party before trial not be denied, if made in good faith to obtain testimony?" | Pretrial Procedure - Memo # 4737 - C - AP.docx | ROSS-003290777-ROSS-003290778 |
| Whitehawk v. Clark, 238 Mont. 14 | 307A+742.1 | Purpose of pretrial order is to prevent surprise, simplify issues and permit counsel to prepare for trial on basis of pretrial order. | "Are the purposes of the pretrial order to prevent surprise, simplify the issues, and permit the parties to prepare for trial?" | 031537.docx | LEGALEASE-00137308-LEGALEASE-00137309 |
| Schaeffer v. Marienthal, 17 Ohio St. 183 | 307A+723.1 | Where cause is remanded for further proceedings under the code, a proceeding in error may be allowed at any time after rendition of judgment of reversal, and alleged inconvenience arising from that practice can be obviated by a continuance of the case below until the proceeding in error is terminated. | "Where cause is remanded for further proceedings under the code, may a proceeding in error be allowed at any time after rendition of judgment of reversal?" | Pretrial Procedure - Memo # 5033 - C - NC.docx | ROSS-003290857 |
| Ocean Accident & Guarantee Corp. v. Indus. Comm'n of Arizona, 32 Ariz. 275 | 413+2 | Workmen's Compensation Act, A.R.S. S 23-901 et seq. is neither elective nor contractual, but rests on police power to regulate status of employer and employee. | Does the workmens compensation statute rest upon the police power to regulate the status of employers and employees? | Workers Compensation - Memo #223 ANC.docx | ROSS-003290989-ROSS-003290991 |
| Rogers v. Harris, 138 Cal. App. 2d 1 | 83E+670 | A notation placed on a note by the maker before signing it with the intention of changing the time of payment shown in the body of the note becomes a part of the contract and is effective to fix the time of payment according to the terms of such notation. | Would the time of payment written in the marginal notation of the instrument be considered a part of it? | 009407.docx | LEGALEASE-00138848-LEGALEASE-00138849 |
| Bank Leumi Tr. Co. of New York v. Bally's Park Place, 528 F. Supp. 349 | 172H+574(1) | Under New York law, although death of maker of check or note does not terminate his liability, it does revoke authority of payee to collect from drawee-bank and relegates payee to status of general creditor of estate of the deceased. McKinney's N.Y. Uniform Commercial Code S 4-405(1). | When does the holder or payee acquire the status of a general creditor? | Bills and Notes -Memo 191 -DB.docx | ROSS-003317302-ROSS-003317303 |
| Johnson v. State, 138 Md. App. 539 | 129+110 | Determining whether state action restricted claimant's expressive activity may be satisfied by a person's conviction of disorderly conduct for making unreasonable noise based solely on his loud speaking during a police investigation. West's A.I.C. Const. Art. 1, S 9; West's A.I.C. 35-45-1-3. | Can a person be convicted for making unreasonable noise based solely on his loud speaking? | Disorderly Conduct-Memo 42- PR.docx | ROSS-003302785-ROSS-003302786 |
| Bloom v. State, 22 Ill. Ct. Cl. 582 | 48A+284 | The state is not an insurer of those traveling upon the highway, and, where travelers are aware of a dangerous condition, they should use such care and caution in driving, as an ordinarily prudent person would use under the same or similar circumstances. | Is the state an insurer of those travelling upon its highways? | Highways -Memo 128 - GP.docx | ROSS-003303963-ROSS-003303964 |
| Tom Green Cty. v. Moody, 116 Tex. 299 | 200+121 | Legislature has full discretion to adopt method of taxing all properties in county at assessed values for cost of highway to be improved within it. | Can the legislature tax the properties in a county for the cost of a highway to be improved within the county? | 018983.docx | LEGALEASE-00138720-LEGALEASE-00138721 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ayr-Way Stores v. Chitwood, 261 Ind. 86 | 307A+720 | It is when a party objects to evidence because it is outside the issues raised by pleadings that question of utility of a continuance arises. | Is it when a party objects to evidence because it is outside the issues raised by pleadings that a question of utility of a continuance arises? | Pretrial Procedure - Memo # 4388 - C - CK.docx | ROSS-003318025-ROSS-003318026 |
| Shankle v. Shankle, 289 N.C. 473 | 307A+725 | Before ruling on motion to continue, judge should hear evidence pro and con, consider it judicially and then rule with a view to promoting substantial justice. Rules of Civil Procedure, rule 40(b), G.S. S 1A-1. | Should a judge hear the evidence pro and con before ruling on a motion to continue? | 030883.docx | LEGALEASE-00138784-LEGALEASE-00138785 |
| Stroup v. Career Acad., 38 Wis. 2d 284 | 307A+91 | Discovery examination of a party, whether in aid of pleading or otherwise, is an assumption and exercise of personal jurisdiction over the party. | "Is discovery examination of a party, whether in aid of pleading or otherwise, an assumption and exercise of personal jurisdiction over the party?" | 030920.docx | LEGALEASE-00138934-LEGALEASE-00138935 |
| Lawson v. Kurtzhals, 792 N.W.2d 251 | 307A+36.1 | A party defending a claim is clearly entitled upon appropriate pretrial request to be informed of the amount of the claim; this includes discovery of amounts claimed for separate elements of damages. | Is a party defending a claim clearly entitled upon appropriate pretrial request to be informed of the amount of the claim? | Pretrial Procedure - Memo # 4543 - C - SS.docx | ROSS-003290070-ROSS-003290071 |
| Brown v. Daisy Mfg. Co., 129 A.D.2d 995 | 307A+36.1 | Discovery of similar subsequent accidents was permissible where such proof could be admissible at trial to establish existence of a defect. | Is the discovery of a similar subsequent accident permissible as such proof may be admissible at trial to establish the existence of a defect? | Pretrial Procedure - Memo # 4827 - C - ES.docx | ROSS-003331240-ROSS-003331241 |
| Maliades v. Maliades, 31 Misc. 2d 944 | 307A+172 | A plaintiff is entitled to examine defendant concerning allegations in complaint which plaintiff must prove and which are controverted by a general denial and fact that plaintiff may have knowledge of such facts is no reason to refuse examination. | Is a party entitled to examine the other party concerning allegations in the complaint or answer which the party must prove and which are controverted by a general denial? | Pretrial Procedure - Memo # 4835 - C - SB.docx | ROSS-003290810-ROSS-003290811 |
| Arcata Graphics Co. v. Heidelberg Harris, 874 S.W.2d 15 | 307A+723.1 | When trial court grants motion to amend, opposing party must request continuance if it believes it has been prejudiced; if continuance is not requested, party against whom amendment was granted may not complain on appeal. Rules Civ.Proc., Rule 15.01. | "If a continuance is not requested, can the party against whom the amendment was granted later complain on appeal?" | Pretrial Procedure - Memo # 4837 - C - SHS.docx | ROSS-003291777-ROSS-003291778 |
| Bielawski v. Edgewater Recreation, 177 A.D.2d 1060 | 307A+36.1 | Defendant should be afforded opportunity to conduct discovery with respect to allegations raised by amendment to bills of particulars. | Should a defendant be afforded an opportunity to conduct discovery with respect to the allegations raised by an amendment to the bills of particulars? | 031649.docx | LEGALEASE-00138636-LEGALEASE-00138637 |
| Salzano v. N. Jersey Media Grp., 403 N.J. Super. 403 | 307A+36.1 | Information regarding defendants' state of mind is not always accessible to a defamation plaintiff absent discovery. | Is information regarding defendants state of mind not always accessible to a defamation plaintiff absent discovery? | 031983.docx | LEGALEASE-00138132-LEGALEASE-00138134 |
| Smith v. Klein, 23 Ohio App. 3d 146 | 307A+36.1 | It is essential for a plaintiff to be able to discover what defendant said, if he is to bear his burden of proving actual malice in making of allegedly defamatory statements. | "Is it essential for a plaintiff to be able to discover what a defendant said, if he is to bear his burden of proving actual malice?" | 032018.docx | LEGALEASE-00138260-LEGALEASE-00138261 |
| State Highway Comm'n of Mississippi v. Havard, 508 So. 2d 1099 | 307A+36.1 | Comparable sales to be used by either party in eminent domain proceeding are properly subjects of discovery. | Are comparable sales to be used by either party in eminent domain proceeding properly subjects of discovery? | 032044.docx | LEGALEASE-00138342-LEGALEASE-00138343 |
| Grp. Health Plan v. BJC Health Sys., 30 S.W.3d 198 | 307A+36.1 | All information relating to arbitration is regarded as part of settlement negotiations and is not discoverable unless it is "otherwise discoverable or obtainable." V.A.M.S. S 435.014, subd. 2. | "Is all information relating to arbitration regarded as part of settlement negotiations and is not discoverable unless it is ""otherwise discoverable or obtainable""?" | 032073.docx | LEGALEASE-00138484-LEGALEASE-00138485 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilkin v. Tadlock, 110 Cal. App. 2d 156 | 307A+725 | A trial court, as condition of granting continuance, is not limited to costs ordinarily taxable after case has been tried, but can exercise reasonable discretion for purpose of compensating opposing party for expenses incurred in preparing for trial, including reporter's fee, transportation and hotel bills of witnesses and reporter, witnesses' fees, and fees of all jurors in attendance. West's Ann.Code Civ.Proc. S 1024. | "Is a court limited to costs ordinarily taxable after case has been tried, as a condition of granting continuance?" | Pretrial Procedure - Memo # 5128 - C - NS.docx | ROSS-003305245-ROSS-003305246 |
| United States v. Fernandez, 722 F.3d 1 | 63+1(1) | Although the timing of the payment may not provide a conclusive answer as to whether that payment is a bribe or a gratuity, the timing of the agreement to make or receive a payment may: one cannot agree to perform an act in exchange for payment when that act has already been performed. | Can a gratuity for a past act be distinguished from a bribe? | 011885.docx | LEGALEASE-00139325-LEGALEASE-00139326 |
| Joyner v. State, 267 Ga. App. 309 | 67+3 | The requisite intent necessary for commission of burglary need not be formed at the precise moment of entry, but can be formed thereafter while the perpetrator is remaining on the premises; moreover, intent may be inferred from, and usually of necessity must be proved by, circumstantial evidence. West's Ga.Code Ann. S 16-7-1(a). | Does intent for burglary need to be formed at the precise moment of entry? | Burglary - Memo 199 - KNR.docx | ROSS-003329241-ROSS-003329242 |
| Lunsford v. Morris, 746 S.W.2d 471 | 115+181 | Civil defendant's net worth is relevant to issue of punitive or exemplary damages, and therefore, discoverable. Vernon's Ann.Texas Rules Civ.Proc., Rule 166b, subd. 2. | "Is a civil defendant's net worth relevant to the issue of punitive or exemplary damages, and therefore, discoverable?" | 031883.docx | LEGALEASE-00139231-LEGALEASE-00139232 |
| Long v. Magnolia Petroleum Co., 166 Neb. 410 | 388+9(1) | The purpose of a pretrial conference is to simplify the issues; amend the pleadings, when necessary; and avoid unnecessary proof of facts at trial. Rules of Supreme Court, Pre-Trial Procedure Rule 2. | Is one of the purpose of pretrial conference is to avoid unnecessary proof of facts at the trial? | 032632.docx | LEGALEASE-00139085-LEGALEASE-00139086 |
| Cook v. Nacogdoches Anesthesia Grp., L.L.P., 167 S.W.3d 476 | 307A+501 | A plaintiff's right to a nonsuit exists from the time the plaintiff files a motion for nonsuit or asks for one in open court. | Does a plaintiff's right to a nonsuit exist from the time the plaintiff files a motion for nonsuit or asks for one in open court? | Pretrial Procedure - Memo # 5504 - C - SB.docx | ROSS-003301447-ROSS-003301448 |
| Sutherland v. Shoemaker, 6 Neb. App. 157 | 307A+501 | Plaintiff may dismiss his action without prejudice as matter of right at any time before final submission; it is a statutory right and not a matter of judicial grace or discretion. Neb.Rev.St. S 25-601. | Is the right of a plaintiff to voluntary dismissal ia matter of judicial grace or discretion? | Pretrial Procedure - Memo # 5508 - C - NC.docx | ROSS-003289555-ROSS-003289556 |
| McDonough v. Widnall, 891 F. Supp. 1439 | 34+7(1) | It is matter of discretion within province of President as Commander in Chief to grant commissions to military officers. | Is it a matter of discretion within province of President as Commander in Chief to grant commissions to military officers? | 008542.docx | LEGALEASE-00139628-LEGALEASE-00139629 |
| Marrs v. R.R. Comm'n, 142 Tex. 293 | 260+92.13 | Every landowner or oil and gas lessee is entitled to fair chance to recover oil or gas in or under his land, or their equivalent in kind, and any denial of such chance amounts to "confiscation". | Is every owner or lessee of land entitled to a fair chance to recover the oil and gas in or uder his land? | Mines and Minerals - Memo #67 - C - CSS.docx | LEGALEASE-00029259-LEGALEASE-00029260 |
| Campbell v. Campbell, 130 Ill. 466 | 307A+717.1 | The rule governing motions for continuance for want of testimony encompasses those cases in which a party is to testify and is unable to appear. Rules of Civil Procedure, rule 252. | Does the rule governing motion for continuance for want of testimony encompass those cases in which a party is to testify and is unable to appear? | Pretrial Procedure - Memo # 2184 - C - AP.docx | ROSS-003329777-ROSS-003329778 |
| Neville v. Brewster, 163 Tex. 155 | 307A+69.1 | Production of documents in connection with taking of depositions is required for purpose of examination, and documents may under proper safeguards also be copied. Rules of Civil Procedure, rules 167, 186a, 186b, 189, 737. | "Is the production of documents in connection with taking of depositions required for the purpose of examination, and documents may under proper safeguards also be copied?" | Pretrial Procedure - Memo # 3194 - C - SB.docx | ROSS-003302071-ROSS-003302072 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ex parte Puccio, 923 So. 2d 1069 | 307A+673 | Even though a defendant timely files a motion to dismiss, a plaintiff may be entitled to discovery solely on the issue of personal jurisdiction raised in the motion to dismiss. | Can a plaintiff be entitled to discovery on the issue of personal jurisdiction? | 031165.docx | LEGALEASE-00139563-LEGALEASE-00139565 |
| Bishop v. Hilliard, 227 Ill. 382 | 307A+74 | It is not necessary that certificates of the official character of the officer before whom depositions are taken accompany the depositions, but they may be produced in court at hearing and the notary's official character there established. | Is it not necessary that certificates of the official character of the officer before whom depositions are taken accompany the depositions? | 032263.docx | LEGALEASE-00139416-LEGALEASE-00139417 |
| Am. Sur. Co. of New York v. Bethlehem Nat. Bank of Bethlehem, Pa., 314 U.S. 314 | 366+32 | A surety is a special kind of "secured creditor" since its claim against the principal is secured by its right of subrogation to the remedies of the creditor which it has been compelled to pay. | Is a suretys claim against the principal secured by its right of subrogation to the remedies of the creditor which it has been compelled to pay? | Subrogation - Memo # 1104 - C - SK.docx | ROSS-003316625-ROSS-003316626 |
| Rotert v. Faulkner, 660 S.W.2d 463 | 83E+489 | Instruments that are not negotiable may, like negotiable instruments, be transferred by assignment, but the assignee of note that is not negotiable takes it subject to all defenses the maker may have against note prior to notice of assignment. V.A.M.S. S 400.3-202(3). | Can the assignee of note that is not negotiable takes it subject to all defenses the maker may have against note prior to notice of assignment? | 010437.docx | LEGALEASE-00140394-LEGALEASE-00140395 |
| People ex rel. Vance v. Ross, 275 Ill. 70 | 200+121 | The power to levy a hard road tax is not inherent in the voters of a township, but is granted by act of the Legislature, and must be strictly construed. | Is the power to levy a road tax of a township granted by act of the Legislature? | 018990.docx | LEGALEASE-00140294-LEGALEASE-00140296 |
| People ex rel. Schmulbach v. Louisville & N. R. Co., 404 Ill. 381 | 200+121 | The power of the Commissioner of Highways to impose a tax is limited, must be strictly construed and must be exercised in accordance with those provisions of statute designed for protection of taxpayer. S.H.A. ch. 121, SS 62, 62a, 62b, 62c. | Is the power of the Commissioner of Highways to impose a tax limited? | 018995.docx | LEGALEASE-00140321-LEGALEASE-00140322 |
| State ex rel. Holton v. City of Tampa, 119 Fla. 556 | 268+220(9) | Right to pension may become vested after it has entered into contract of employment pursuant to which employee has continued in service to which pension rights have attached as part of compensation to be paid in consideration of whole term of servicerendered up to date of retirement. | Should the grant of pension be liberally construed? | 022801.docx | LEGALEASE-00140566-LEGALEASE-00140567 |
| In re Lipsky, 460 S.W.3d 579 | 302+11 | Under notice pleading, a plaintiff is not required to set out in his pleadings the evidence upon which he relies to establish his asserted cause of action. Tex. R. Civ. P. 45, 47. | Should the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action? | Pleading - Memo 372 - RMM.docx | ROSS-003288530-ROSS-003288531 |
| Bowen v. Robinson, 227 S.W.3d 86 | 302+18 | The fair notice requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. | Does the fair notice pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity? | Pleading - Memo 377 - RMM.docx | ROSS-003301116-ROSS-003301117 |
| Deutsche Bank Nat. Tr. Co. v. McGurk, 206 Cal. App. 4th 201 | 307A+517.1 | When an action is wilfully dismissed by the plaintiff against one or more of several defendants the effect is the same as if the action had been originally brought against the remaining defendants. | "When an action is wilfully dismissed by a plaintiff against one or more of several defendants, is the effect is the same as if the action had been originally brought against only the remaining defendants?" | Pretrial Procedure - Memo # 2392 - C - KS.docx | ROSS-003301173-ROSS-003301174 |
| Anna McNally v. Chapin, 197 A.D. 792 | 307A+74 | Under Code Civ.Proc. S 901, subd. 2, failure of witness to read or subscribe his deposition after it has been reduced to writing necessitates its rejection on objection made. | Does the failure of a witness to read or subscribe his deposition after it has been reduced to writing necessitate its rejection on an objection made? | Pretrial Procedure - Memo # 5353 - C - SN.docx | ROSS-003291308-ROSS-003291309 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bird v. Halsy, 87 F. 671 | 307A+74 | No formal certificate is necessary to be attached to exhibits in order to make them parts of the deposition in which reference is made to them. If the indorsements of the examining commissioner on the exhibits and depositions be made by the same person, and the exhibits are so described and marked by the commissioner that their identity is unmistakably established, this is sufficient. | Is no formal certificate necessary to be attached to exhibits in order to make them parts of the deposition in which reference is made to them? | Pretrial Procedure - Memo # 5398 - C - SJ.docx | ROSS-003302779-ROSS-003302780 |
| Accelerated Christian Educ. v. Oracle Corp., 925 S.W.2d 66 | 307A+554 | Motion to dismiss is proper mechanism to enforce forum selection clause that selects another state as proper forum for litigation. | Is a motion to dismiss the proper procedural mechanism for enforcing a forum selection clause that selects another state as proper forum for litigation? | 032739.docx | LEGALEASE-00139705-LEGALEASE-00139706 |
| Hascall v. Williams, 2013 IL App (4th) 121131 | 307A+531 | Purpose of a motion for involuntary dismissal is to provide litigants with a method of disposing of issues of law and easily proved issues of fact relating to the affirmative matter early in the litigation. S.H.A. 735 ILCS 5/2-619(a). | What is the purpose of statute governing motion for involuntary dismissal? | 033276.docx | LEGALEASE-00140714-LEGALEASE-00140715 |
| Feigenbaum v. Guaracini, 402 N.J. Super. 7 | 366+38 | The doctrine of equitable subrogation should not be imposed where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application. | Is subrogation or equitable subrogation applicable where its enforcement would be inconsistent with the terms of a contract? | Subrogation - Memo # 1260 - C - SJ.docx | ROSS-003289651-ROSS-003289652 |
| 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2001 | Traditionally, differences between assessment and tax include: assessment supports local improvements, while tax finances general operations; assessment is one-time charge, while tax is annual; and assessment requires that benefit be direct, while tax requires no such direct benefit. | "Does assessment require that the benefit be direct, while a tax requires no such direct benefit?" | 044669.docx | LEGALEASE-00140159-LEGALEASE-00140160 |
| DRB No. 24 v. City of Minneapolis, 976 F. Supp. 2d 1079 | 170B+2036 | Assessments primarily imposed for revenue-raising purposes are considered to be "taxes," for purposes of the federal Tax Injunction Act (TIA), which prohibits federal courts from exercising jurisdiction over certain claims involving state taxation, while assessments imposed for regulatory or punitive purposes, even though they may also raise revenue, generally are not considered taxes. 28 U.S.C.A. S 1341. | "Are premiums imposed by state primarily for revenue-raising purposes considered to be ""taxes""?" | Taxation - Memo # 245 - C - NA.docx | ROSS-003290137-ROSS-003290138 |
| State v. Green, 182 Wash. App. 133 | 34+36 | Under Uniform Code of Military Justice, rape is always, and under any circumstances, deemed as a matter of law to be a crime of violence. | Is rape under the Uniform Code of Military Justice deemed as a matter of law to be a crime of violence? | 008635.docx | LEGALEASE-00141872-LEGALEASE-00141873 |
| U S v. Levine, 129 F.2d 745 | 63+3 | Under statute prohibiting federal officials from accepting bribes, bribed employee need not be one invested with the power of final decision, it being sufficient if he is one within class charged with making preliminary investigation. Cr.Code S 117, 18 U.S.C.A. S 202. | "In a bribery case, does the bribed employee need to be one invested with the power of final decision?" | Bribery - Memo #697 - C-JL.docx | ROSS-003302325-ROSS-003302326 |
| Com. v. Hayes, 311 Mass. 21 | 63+1(1) | A gift or gratuity will not support an indictment for soliciting or accepting a bribe unless the thing accepted or requested was something of value to the person seeking or obtaining it. G.L.(Ter.Ed.) c. 268, S 8 (M.G.L.A.). | Under what condition will a gift or gratuity support an indictment for soliciting or accepting a bribe? | Bribery - Memo #731 - C-JL.DOCX | ROSS-003300733 |
| People v. Vollmern, 73 Cal. App. 2d 769 | 63+1(1) | The offer or solicitation of a bribe need not be stated in express language as such, it being sufficient that words used carry import of bribe and were evidently intended to bear that meaning. Pen.Code, S 68. | Should offer or solicitation of a bribe be stated in express language? | Bribery - Memo #740 - C-JL.DOCX | ROSS-003287295 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Frega, 179 F.3d 793 | 63+6(1) | Under California law, bribery conviction did not require link between a particular thing of value and a specific official act that was influenced or intended to be influenced, so indictment charging violation of Racketeer Influenced and Corrupt Organizations Act (RICO), based on predicate acts of bribery, was not facially invalid for failing to identify specific decisions or acts to be influenced. 18 U.S.C.A. S 1962(c); West's Ann.Cal.Penal Code SS 92, 93. | Is indictment charging bribery facially invalid for failing to identify specific decisions or acts to be influenced? | 012121.docx | LEGALEASE-00141138-LEGALEASE-00141139 |
| Myers v. Lape, 101 Ill. App. 182 | 200+181 | The law does not prescribe the size or color of a horse to entitle the owner to the use of the public roads and the mere fact that a horse is small or of unusual color does not preclude the owner from using it on the highway, even though some other horse may become frightened at it. | Does the horse being small or of unusual color preclude the owner from using it on the highway? | Highways -Memo 204-IS.docx | ROSS-003291050-ROSS-003291051 |
| Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers, 255 F. Supp. 3d 101 | 260+5.1(1) | The Mineral Leasing Act (MLA) was enacted by Congress to promote wise development of the nation's natural resources and to obtain for the public a reasonable financial return on assets that belong to the public. 30 U.S.C.A. S 185. | What was the Mineral Leasing Act intending to promote? | 021209.docx | LEGALEASE-00141930-LEGALEASE-00141932 |
| Gage v. R.R. Comm'n, 582 S.W.2d 410 | 260+92.50 | Separate and distinct common reservoirs cannot be consolidated into a single field for administrative convenience in prorating the area. V.T.C.A., Natural Resources Code SS 85.055, 86.081. | Can separate and distinct common reservoirs be consolidated into a single field for administrative convenience in prorating the area? | 021658.docx | LEGALEASE-00140869-LEGALEASE-00140870 |
| Alpha Sch. Bus Co. v. Wagner, 391 Ill. App. 3d 722 | 302+236(1) | As a general rule, a trial court should exercise its discretion liberally in favor of allowing amendments if doing so will further the ends of justice, and it should resolve any doubts in favor of allowing amendments. | Should a trial court exercise its discretion liberally in favor of allowing amendments to pleadings? | 023456.docx | LEGALEASE-00141238-LEGALEASE-00141239 |
| Graco Robotics v. Oaklawn Bank, 914 S.W.2d 633 | 307A+483 | Requested admissions are deemed admitted unless, within 30 days after service of request, party to whom request is directed serves written answer or objection. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | Are requests for admission neither answered nor objected within 30 days deemed admitted? | 030605.docx | LEGALEASE-00141093-LEGALEASE-00141094 |
| I-CA Enterprises v. Palram Americas, 185 Cal. Rptr. 3d 24 | 307A+36.1 | A "substantial probability" of prevailing on a claim for punitive damages, as required for a court order permitting pretrial discovery of the defendant's financial condition, means that it is "very likely" that the plaintiff will prevail on such a claim or there is a "strong likelihood" that the plaintiff will prevail on such a claim. Cal. Civ. Code S 3295(c). | "Does a ""substantial probability"" of prevailing on a claim for punitive damages mean that it is ""very likely"" that the plaintiff will prevail on such a claim or there is a ""strong likelihood"" that the plaintiff will prevail on such a claim?" | 031578.docx | LEGALEASE-00141158-LEGALEASE-00141159 |
| Thomas v. Beckley Music & Elec. Co., 146 W. Va. 764 | 388+26 | Rule governing continuances applies to motions to postpone to later date but courts will sometimes more readily exercise their discretion to postpone than to continue case for term. | Can courts sometimes exercise their discretion to postpone than to continue the case for the term? | Pretrial Procedure - Memo # 5142 - C - AP.docx | ROSS-003302693-ROSS-003302694 |
| Al Parker Buick Co. v. Touchy, 788 S.W.2d 129 | 307A+36.1 | Information regarding net worth is discoverable in cases in which punitive or exemplary damages may be awarded. | Is information regarding net worth discoverable in cases in which punitive or exemplary damages may be awarded? | 032114.docx | LEGALEASE-00141270-LEGALEASE-00141271 |
| Blakeslee v. Rossman, 44 Wis. 550 | 307A+74 | A certificate to a deposition taken in another state stating that the witness was sworn by the officer to testify to the truth, the whole truth, and nothing but the truth, is sufficient under Act 1872, c. 68. | "Is a certificate to a deposition taken in another state stating that the witness was sworn by the officer to testify to the truth, the whole truth, and nothing but the truth, admissible?" | 032566.docx | LEGALEASE-00141700-LEGALEASE-00141701 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gay v. Kendig, 2 Rob. (LA) 472 | 307A+726 | To obtain a third continuance on the ground of the absence of the same witness, the materiality of the testimony must be shown, and such extraordinary diligence as to satisfy the court that it was absolutely impossible to procure the evidence. | "Will a third continuance be entitled when the defendant shows that he had used, every time, such diligence as to satisfy the court that it was absolutely impossible to procure the evidence?" | Pretrial Procedure - Memo # 6096 - C - DHA.docx | ROSS-003288188-ROSS-003288189 |
| High Point Surplus Co. v. Pleasants, 264 N.C. 650 | 104+24 | Counties are instrumentalities and agencies of state government and are subject to its legislative control, and possess only such powers and delegated authority as General Assembly may deem fit to confer upon them. | To what extent does the state's possession of inherent power to tax be exercised? | 045392.docx | LEGALEASE-00141529-LEGALEASE-00141530 |
| Hoechst Celanese Corp. v. Franchise Tax Bd., 25 Cal. 4th 508 | 371+2005 | The state's power to tax an individual's or corporation's activities is justified by the protection, opportunities, and benefits the state confers on those activities. | "Is the state's power to tax an individual's or corporation's activities justified by the protection, opportunities, and benefits the state confers on those activities?" | 045414.docx | LEGALEASE-00141600-LEGALEASE-00141601 |
| Bullock v. Marathon Oil Co., 798 S.W.2d 353 | 371+2005 | Legislature's selection of subjects for taxation is to be presumed to rest on rational basis if any facts would support that basis. | Does the legislatures selection of subjects for taxation presumed to rest on rational basis if any facts would support that basis? | Taxation - Memo # 593 - C - NC.docx | ROSS-003330664-ROSS-003330665 |
| Lang v. Nissan N. Am., 170 S.W.3d 564 | 413+2 | Workers' compensation law constitutes a complete substitute for previous remedies in tort on the part of an employee. | Does the workers compensation law constitute a complete substitute for previous remedies in tort on the part of an employee? | 048124.docx | LEGALEASE-00141382-LEGALEASE-00141383 |
| McDowell v. Jackson Energy RECC, 84 S.W.3d 71 | 413+2 | Workers' compensation is a creature of statute, and when an employer and employee submit themselves to the provisions of the Workers' Compensation Act, their rights and liabilities are henceforth to be measured by the terms of the Act. KRS 342.0011 et seq. | Is workers compensation a creature of statute and when an employer and employee submit themselves to the provisions of the Act? | 048160.docx | LEGALEASE-00142041-LEGALEASE-00142042 |
| Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90 | 25T+151 | Where Congress has created arbitration scheme as administrative method for enforcing statutory right, there is strong presumption that it is exclusive. | Is there a strong presumption of exclusivity when Congress creates an arbitration scheme for enforcing a statutory right? | 007630.docx | LEGALEASE-00143317-LEGALEASE-00143319 |
| Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023 | 25T+155 | When arbitrable and nonarbitrable claims are inextricably intertwined, the district court should deny arbitration as to the arbitrable claims in order to protect the jurisdiction of federal court and avoid any possible preclusive effect. | Do courts deny arbitration when arbitrable and non arbitrable claims are inextricably intertwined? | 007639.docx | LEGALEASE-00143357-LEGALEASE-00143358 |
| Danieli & C. Officine Meccaniche S.p.A. v. Morgan Constr. Co., 190 F. Supp. 2d 148 | 25T+156 | Principle underlying authority of a district court to preserve status quo pending arbitration is moving party's right to retain its remedies during such proceedings. | Do courts have jurisdiction to preserve the status quo of a pending arbitration dispute? | Alternative Dispute Resolution - Memo 671 - RK.docx | ROSS-003288441-ROSS-003288442 |
| United States v. Kincaid-Chauncey, 556 F.3d 923 | 372+1014(10) | Honest services fraud occurs when an employee deprives his employer of its right to have its affairs conducted free from deceit, fraud, dishonesty, conflict of interest, and self-enrichment, and consistent with the employee's fiduciary duties to the employer. 18 U.S.C.A. S 1343. | What is honest services fraud? | Bribery - Memo #188 - C-EB.docx | ROSS-003329091-ROSS-003329092 |
| United States v. Robinson, 663 F.3d 265 | 63+1(1) | Language of business or transaction clause in federal-funds bribery statute is broad enough to include bribes offered to influence intangible business or transactions of federally funded organization, such as law-enforcement "business" of police department that receives federal funds. 18 U.S.C.A. S 666(a). | Does bribery include items that are intangible? | 011395.docx | LEGALEASE-00143153-LEGALEASE-00143154 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Ventola, 122 Conn. 635 | 297+13 | To constitute violation of statute penalizing gift or offer of anything to prospective witness with intent to influence his testimony, offer or gift need not be made to induce him to testify falsely, but promise or payment, made to induce him to testify more or less favorably to party than he otherwise would, is made with "intent to influence" within statute; "influence" commonly meaning to alter, move, sway, or affect. Gen.St.1930, S 6168. | "In bribery, is it necessary that the thing offered or given is to induce a witness to testify falsely or is it sufficient if it were given with intent to influence his testimony or conduct?" | 011591.docx | LEGALEASE-00142668-LEGALEASE-00142669 |
| State v. Lopez, 522 So. 2d 997 | 63+1(1) | Bribery statute prohibits any payment intended to influence performance of any act by public servant, even if person pays for doing of act the public servant is legally bound to do. West's F.S.A. S 838.015(1). | "If you pay someone with the intention of influencing the performance of their official acts, are you still guilty of bribery if said official acts were something the official was legally bound to do anyway?" | Bribery - Memo #716 - C - LB.docx | LEGALEASE-00032094-LEGALEASE-00032095 |
| Dixson v. United States, 465 U.S. 482 | 63+1(2) | Legislative history of federal bribery statute, including Congress' longstanding commitment to a broadly drafted statute, its desire to continue that tradition when it adopted present language of statute in 1962 revision of federal conflicts of interest and bribery statutes, and its awareness of federal judiciary's interpretation of phrase "acting for or on behalf of the United States" in earlier federal bribery statutes to have a broad jurisdictional reach, establishes that Congress never intended bribery statute's open-ended definition of "public official" to be restricted to persons in a formal employment or agency relationship with Government; rather, proper inquiry is whether person occupies position of public trust with official federal responsibilities. 18 U.S.C.A. SS 201, 201(a). | "According to federal bribery statute, does a public official need to have contractual relationship with the federal government?" | Bribery - Memo #790 - C - JL.docx | LEGALEASE-00032114-LEGALEASE-00032115 |
| Colorado Interstate Gas Co. v. Sears, 362 S.W.2d 396 | 260+92.26 | Owners and lessees of small tracts are entitled to oil and gas well on their tracts as matter of law where there is no other way to give them fair chance to recover oil and gas under their land. | are the owners and lessees of some small tracts entitled to a well on their tracts? | 021239.docx | LEGALEASE-00143278-LEGALEASE-00143279 |
| Udall v. Tallman, 380 U.S. 1 | 260+5.1(2) | The Mineral Leasing Act of 1920, although directing that if oil and gas lease is issued on tract it must be issued to first qualified applicant, left discretion to Secretary of Interior to refuse to issue any lease at all on a given tract. Mineral Lands Leasing Act S 1 et seq. as amended 30 U.S.C.A. S 181 et seq. | Did the Mineral Leasing Act of 1920 give the Secretary of the Interior broad power to issue oil and gas leases on public lands? | 021251.docx | LEGALEASE-00143252-LEGALEASE-00143253 |
| Union Producing Co. v. Pittman, 245 Miss. 427 | 260+122 | In absence of further rights expressly conveyed or reserved, rights of owners of minerals are limited to so much of surface and such use thereof as is reasonably necessary to properly mine and carry away minerals; these rights are also subject to limitations that mineral owner does not use surface in such a way as necessarily to destroy or injure it; the right to remove minerals by usual or customary method of mining exists, even though surface of ground may be wholly destroyed as result thereof. | What are mineral estate owners rights limited to? | Mines and Minerals - Memo # 84 - C - EB.docx | ROSS-003291068-ROSS-003291070 |
| Gilberton Contracting Co. v. Hook, 255 F. Supp. 687 | 315+36 | Under Pennsylvania law, culm or refuse severed from its original place is personal property which may be abandoned when deposited on land of another with intention of abandoning it. | Is culm or refuse severed from its original place personal property? | 021398.docx | LEGALEASE-00143470-LEGALEASE-00143471 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| BP Am. Prod. Co. v. Marshall, 342 S.W.3d 59 | 260+49 | A mineral estate, even when severed from the surface estate, may be adversely possessed under the various statutes of limitations, so long as the statutory requirements are met. V.T.C.A., Civil Practice & Remedies Code S 16.021(1). | "Can a mineral estate, even when severed from the surface estate, be adversely possessed?" | 021403.docx | LEGALEASE-00143502-LEGALEASE-00143503 |
| Buxbom v. Smith, 23 Cal. 2d 535 | 302+34(1) | In the construction of a pleading for purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties. Code Civ.Proc. SS 452, 475, 580; Const. art. 6, S 41/212. | Should allegations in a pleading be liberally construed for the purpose of determining its effect? | 023478.docx | LEGALEASE-00142288-LEGALEASE-00142289 |
| Rabkin v. Philip A. Hunt Chem. Corp., 498 A.2d 1099 | 307A+622 | Complaint need only to give general notice of claim asserted and will not be dismissed unless it is clearly without merit, either as matter of law or as fact. | Must the complaint only give a general notice of the claim asserted? | 023494.docx | LEGALEASE-00143001-LEGALEASE-00143002 |
| Wolfe v. Underwood, 97 Ala. 375 | 307A+74 | Where the certificate of the commissioner is defective in not setting out the particular way in which a deposition was taken, it may, by leave of court, be amended in open court by the commissioner. | "Where the certificate of the commissioner is defective in not setting out the particular way in which a deposition was taken, can it be amended in an open court by the commissioner?" | Pretrial Procedure - Memo # 5410 - C - KG.docx | ROSS-003328402-ROSS-003328403 |
| Nussear v. Arnold, 1825 WL 2019 | 307A+74 | It is a sufficient execution if the commissioners annex their names to the depositions and the envelope be sealed and it is enough that the name of the county where it is executed appears on the margin. | Is it a sufficient execution if the commissioners annex their names to the depositions and the envelope be sealed and that the name of the county where it is executed appears on the margin? | Pretrial Procedure - Memo # 5514 - C - SK.docx | ROSS-003314897-ROSS-003314898 |
| First Horizon Merch. Servs. v. Wellspring Capital Mgmt., 166 P.3d 166 | 307A+36.1 | The regulation of pretrial discovery on the issue of personal jurisdiction, including the denial of discovery, is within the trial court's discretion. | Is the regulation of pretrial discovery on the issue of personal jurisdiction within the trial court's discretion? | 032655.docx | LEGALEASE-00143311-LEGALEASE-00143312 |
| U.S. Bank, Nat. Ass'n v. Schaeffer, 160 Conn. App. 138 | 307A+554 | Because the issue of standing implicates subject matter jurisdiction, it may be a basis for granting a motion to dismiss. | "Because the issue of standing implicates subject matter jurisdiction, may it be a basis for granting a motion to dismiss?" | 033265.docx | LEGALEASE-00142555-LEGALEASE-00142556 |
| McGrath v. VRA I Ltd. P'ship, 244 S.W.3d 220 | 307A+684 | A motion to dismiss should be granted where it appears, by a preponderance of the evidence, that the circuit court lacks subject matter jurisdiction. | Should a motion to dismiss be granted where it appears that the circuit court lacks subject matter jurisdiction? | 033441.docx | LEGALEASE-00142963-LEGALEASE-00142964 |
| Voltz v. Dyess, 148 So. 3d 425 | 307A+560 | A trial court is required to give plaintiffs at least 14 days' notice before dismissing an action against a defendant on whom service was not effected. Rules Civ.Proc., Rule 4(b). | Is a trial court required to give plaintiffs at least 14 days' notice before dismissing an action? | Pretrial Procedure - Memo # 6238 - C - NS.docx | ROSS-003329611-ROSS-003329612 |
| Vopalka v. Abraham, 260 Neb. 737 | 307A+560 | Negligence action in which defendants were not served within six months of filing of petition was dismissed by operation of law, pursuant to statute requiring dismissal without prejudice of unserved petitions. Neb.Rev.St. S 25-217. | Will an action stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed? | 033736.docx | LEGALEASE-00143081-LEGALEASE-00143082 |
| Taylor v. Mazda Motor of Am., 934 So. 2d 518 | 307A+746 | A litigant should not be punished for fault on the part of her counsel by such a severe sanction as striking her witnesses for non-compliance with a pre-trial order. | Should a litigant not be punished for fault on the part of her counsel by such a severe sanction as striking her witnesses for non-compliance with a pre-trial order? | 033910.docx | LEGALEASE-00142236-LEGALEASE-00142237 |
| State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co., 268 Neb. 439 | 307A+535 | The expression "any defendant" in statute stating that a case stands dismissed as to any defendant not served within six months from the date the petition was filed means that dismissal is indicated as to that defendant who is not served, but not all defendants in the action. Neb.Rev.St. S 25-217. | "Do the words any defendant"" in a statute requiring dismissal of an action mean the dismissal is indicated only as to the defendant who is not served?" | Pretrial Procedure - Memo # 6396 - C - PB.docx | ROSS-003289189-ROSS-003289190 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Arbogast v. City of St. Louis, 285 S.W.3d 790 | 307A+554 | Dismissal for lack of subject-matter jurisdiction is appropriate when it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction. V.A.M.R. 55.27(g)(3). | "Is a dismissal for lack of subject-matter jurisdiction appropriate when it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction?" | Pretrial Procedure - Memo # 6419 - C - BP.docx | ROSS-003289886-ROSS-003289887 |
| Annexation Ordinance F-2008-15 v. City of Evansville, 955 N.E.2d 769 | 307A+552 | When a dispositive issue in a case has been resolved in such a way as to render it unnecessary to decide the question involved, the case will be dismissed. | Will the case be dismissed if a dispositive issue in a case has been resolved in such a way as to render it unnecessary to decide the question involved? | 034198.docx | LEGALEASE-00143183-LEGALEASE-00143184 |
| Mbakpuo v. Ekeanyanwu, 738 A.2d 776 | 307A+746 | Trial court has broad discretion in refusing to admit evidence which was required to be disclosed in pretrial statement. Civil Rule 16(e)(5). | Does a trial court have broad discretion in refusing to admit evidence which was required to be disclosed in a pretrial statement? | 034277.docx | LEGALEASE-00143206-LEGALEASE-00143207 |
| Gray v. Bryant, 189 N.C. App. 527 | 307A+552 | A claim is frivolous, so as to require its dismissal, if a proponent can present no rational argument based upon the evidence or law in support of it. | "Is a claim frivolous, if a proponent can present no rational argument based upon the evidence or law in support of it?" | Pretrial Procedure - Memo # 6670 - C - ES.docx | ROSS-003289309-ROSS-003289310 |
| Commonwealth Edison Co. v. State, 189 Mont. 191 | 371+2005 | The state's taxing power cannot be set aside or limited on weightless statements that federal policy is being frustrated. | Can the state's taxing power be set aside or limited on weightless statements that federal policy is being frustrated? | Taxation - Memo # 503 - C - NS.docx | ROSS-003289706 |
| Cal-Roof Wholesale v. State Tax Comm'n, 242 Or. 435 | 371+2005 | Constitutional power of Congress to regulate interstate commerce carries with it power to regulate state taxation of intrastate activities if such tax affects interstate commerce. Interstate Commerce Tax Act, S 101, 15 U.S.C.A. S 381. | Does the constitutional power of Congress to regulate interstate commerce carries with it power to regulate state taxation of intrastate activities? | Taxation - Memo # 517 - C - SHB.docx | ROSS-003302268-ROSS-003302269 |
| Revenue Cabinet v. Estate of Field, 864 S.W.2d 930 | 371+3302 | "Ad valorem taxes" are direct taxes on property based upon value of property, while "inheritance taxes" are imposed not on property, but upon privilege or right of succession thereto. | Are inheritance taxes imposed not upon property but upon privilege or right of succession thereto? | 045570.docx | LEGALEASE-00142225-LEGALEASE-00142226 |
| Gutierrez v. Dold Foods, 40 Kan. App. 2d 1135 | 413+2 | The availability of workers compensation benefits to injured employees arises under statutes, not under the court-made common law. West's K.S.A. 44-501 et seq. | "Does the availability of workers compensation benefits to injured employees arise under statutes, and not under the court-made common law?" | 048044.docx | LEGALEASE-00143353-LEGALEASE-00143354 |
| Richard v. Missouri Dep't of Corr., 162 S.W.3d 35 | 413+2 | Workers' compensation law is entirely a creature of statute, and court is guided by the general rules of statutory construction in interpreting it. | "Is workers compensation law entirely a creature of statute, and what is the court guided by when interpreting it?" | 048138.docx | LEGALEASE-00142094-LEGALEASE-00142095 |
| Clean Sweep Prof'l Parking Lot Maint. v. Talley, 267 Va. 210 | 413+2 | The rights and remedies provided in the Workers' Compensation Act are exclusive of all other rights and remedies of an employee or his estate at common law or otherwise. West's V.C.A. S 65.2-309, subd. A. | Are the rights and remedies provided in the Workers Compensation Act exclusive of all other rights and remedies of an employee or his estate at common law or otherwise? | Workers Compensation - Memo #389 ANC.docx | ROSS-003303821 |
| Manion v. Nagin, 2003 WL 21459680 | 25T+156 | In a case involving the Federal Arbitration Act (FAA), courts should not grant injunctive relief unless there is qualifying contractual language which permits it, that is, language which provides the court with clear grounds to grant relief without addressing the merits of the underlying arbitrable dispute. 9 U.S.C.A. S 1 et seq. | Can courts grant injunctive relief for an agreement that does not contain a qualifying contractual language? | 007666.docx | LEGALEASE-00144686-LEGALEASE-00144687 |
| Ortho Pharm. Corp. v. Amgen, 882 F.2d 806 | 25T+156 | District court has authority to grant injunctive relief in arbitrable dispute, provided that traditional prerequisites for such relief are satisfied. | Do courts have the authority to grant injunctive relief in an arbitrable dispute without satisfying the traditional prerequisites for such relief? | 007680.docx | LEGALEASE-00144739-LEGALEASE-00144740 |
| Marie v. Allied Home Mortg. Corp., 402 F.3d 1 | 25T+182(1) | An employer cannot waive its right to arbitration by failing to raise the arbitration defense with the Equal Employment Opportunity Commission (EEOC) or by failing to initiate arbitration during the pendency of the EEOC proceedings. 9 U.S.C.A. S 1 et seq. | Can an employer waive its right to arbitration by failing to raise the arbitration defense with the Equal Employment Opportunity Commission (EEOC)? | 007728.docx | LEGALEASE-00144938-LEGALEASE-00144939 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Youngs v. Am. Nutrition, 537 F.3d 1135 | 25T+182(1) | There is no set rule as to what constitutes a waiver or abandonment of arbitration agreement; question depends on facts of each case and usually calls for finding by trier of facts. | Is there a set of rules to determine what constitutes a waiver or abandonment of an arbitration agreement? | 007733.docx | LEGALEASE-00144951-LEGALEASE-00144952 |
| Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411 | 25T+182(1) | A nonsignatory is equitably estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause. | Can a nonsignatory be estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause? | Alternative Dispute Resolution - Memo 713 - RK.docx | ROSS-003300517-ROSS-003300518 |
| United States v. Coyne, 4 F.3d 100 | 63+14 | Instruction that government had to prove beyond reasonable doubt that county executive accepted or solicited thing of value, at least in part, for or because of his conduct or intent to be influenced in connection with county business was proper in trial on charges under federal bribery statute and Hobbs Act; there could be dual purposes for payments to county executive and valid purpose that partially motivates transaction did not insulate participants from criminal liability. 18 U.S.C.A. SS 2, 371, 666(a)(1)(B), (a)(2), 1951; 18 U.S.C.(1982 Ed.Supp.II) S 666(b, c). | "When there are dual purposes for payments, does a valid purpose that partially motivates the transaction insulate the defendant from criminal liability?" | 011408.docx | LEGALEASE-00143762-LEGALEASE-00143763 |
| United States v. Dischner, 974 F.2d 1502 | 63+1(1) | Alaska commercial bribe receiving statute did not infringe First Amendment freedoms as it neither chilled nor was intended to chill constitutionally protected activity; therefore, defendants charged with violation of statute could only challenge statute as unconstitutionally vague as applied to their specific conduct. U.S.C.A. Const.Amend. 1; AS 11.46.660. | Does the bribery statute infringe or violate the First Amendment? | Bribery - Memo #473 - C-JL.docx | ROSS-003288847-ROSS-003288848 |
| United States v. Kelley, 461 F.3d 817 | 164T+22 | Under the fear of economic harm theory for conviction under Hobbs Act, the defendant receives payment from the victim because the victim believes that the defendant can exercise his or her power to the victim's economic detriment; fear need not be the product of the defendant's actions, it is enough if the fear exists and the defendant intentionally exploits it. 18 U.S.C.A. S 1951. | What must the prosecution prove the defendant received from the victim under the fear of economic harm theory for a conviction under the Hobbs Act? | 012252.docx | LEGALEASE-00144969-LEGALEASE-00144970 |
| Hansman v. State, 679 So. 2d 1216 | 67+29 | Defendant has burden of initially offering evidence to establish defense of consent to enter premises in burglary prosecution, but after he does so burden shifts to state to disprove defense beyond reasonable doubt. West's F.S.A. S 810.02(1). | Does a defendant have the burden of proof regarding a consent defense in burglary? | 012908.docx | LEGALEASE-00144870-LEGALEASE-00144873 |
| Glantz v. Chicago, B. & Q.R. Co., 90 Neb. 606 | 113+6 | Evidence that a certain course is "generally" and "usually" pursued in a particular manner is sufficient to establish a custom and it is not necessary to show that the particular manner is never deviated from. | May evidence that a certain course is generally and usually pursued in a particular manner be sufficient to establish a custom? | 014231.docx | LEGALEASE-00144924-LEGALEASE-00144925 |
| Hysaw v. Dawkins, 483 S.W.3d 1 | 260+79.1(2) | A "fractional royalty interest" in a mineral estate conveys a fixed share of production and remains constant regardless of the amount of royalty contained in a subsequently negotiated oil and gas lease; in comparison, a "fraction of royalty interest," as a percentage of production, varies in accordance with the size of the landowner's royalty in a mineral lease and is calculated by multiplying the fraction in the royalty reservation by the royalty provided in the lease. | Can royalty interests be conveyed as a fractional royalty? | 021500.docx | LEGALEASE-00145037-LEGALEASE-00145038 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| John Slaughter Co. v. King Lumber Co., 79 S.C. 338 | 307A+74 | Where a notary taking a deposition certified that the witnesses were examined before him at his office, and that the testimony of each witness was read over to him before the deposition was subscribed by the witness, the certificate showed a substantial compliance with 23 St. at Large, p. 1072. | "Does a statement in the commissioner's certificate that the witnesses ""testified as set down"" show a substantial compliance with the statutory requisition?" | 032667.docx | LEGALEASE-00144405-LEGALEASE-00144406 |
| Emmett v. Briggs, 21 N.J.L. 53 | 307A+74 | A deposition must be filed with the clerk of the court before it, or a copy, can be read on the trial, except, under Rev.St. p. 962, S 11, it was not taken over five days before the trial of the cause. | "Must a deposition be filed with the clerk of the court before it, or a copy, can be read on the trial?" | 033222.docx | LEGALEASE-00144613-LEGALEASE-00144614 |
| PSI Res. v. MB Fin. Bank, Nat. Ass'n, 2016 IL App (1st) 152204 | 307A+531 | A motion to dismiss based upon defects or defenses is designed to afford litigants a means to dispose of issues of law and easily proven issues of fact at the onset of litigation. S.H.A. 735 ILCS 5/2-619. | Is the purpose of a motion to dismiss based upon certain defects or defenses to dispose of easily proved issues of fact at the outset of the litigation? | 033228.docx | LEGALEASE-00144556-LEGALEASE-00144557 |
| Milot v. Dep't of Transp., 318 Mich. App. 272 | 307A+554 | A defendant is entitled to summary disposition if the plaintiff's claims are barred because of immunity granted by law. MCR 2.116(C)(7). | Is a defendant entitled to summary disposition if the plaintiff's claims are barred because of immunity granted by law? | 033233.docx | LEGALEASE-00144478-LEGALEASE-00144479 |
| Cadet-Duval v. Gursim Holding, 147 A.D.3d 718 | 307A+560 | Dismissals for pleading deficiencies or for failure to timely serve process are not on the merits and are without prejudice. McKinney's CPLR 306(b). | Are dismissals for pleading deficiencies or for failure to timely serve process not on the merits and are without prejudice? | 033574.docx | LEGALEASE-00143721-LEGALEASE-00143722 |
| In re Estate of Whittaker, 261 S.W.3d 615 | 13+13 | When a party lacks standing, a court has no jurisdiction to grant the relief requested and the case must be dismissed. | "When a party lacks standing, does a court have jurisdiction to grant the relief requested and the case must be dismissed?" | Pretrial Procedure - Memo # 6246 - C - BP.docx | ROSS-003302599-ROSS-003302600 |
| Coppola v. Coppola, 243 Conn. 657 | 307A+560 | Once action has been brought by service of process on defendant, trial court may thereafter dismiss action for failure to return service of process within mandated time period. C.G.S.A. S 52-46a. | "Although an action can be commenced through the service of process for statute of limitations purposes, is the action subject to dismissal if the plaintiff fails to return that service in a timely manner?" | 033999.docx | LEGALEASE-00144699-LEGALEASE-00144700 |
| PRA III v. Gonzalez, 54 A.D.3d 917 | 307A+560 | Issue as to propriety of service could not be resolved either on motion to dismiss complaint or on subsequent motion for summary judgment. | Can an issue as to propriety of service be resolved either on a motion to dismiss the complaint or on a subsequent motion for summary judgment? | Pretrial Procedure - Memo # 6481 - C - SK.docx | ROSS-003328803-ROSS-003328804 |
| Morriss-Buick Co. v. Davis, 59 S.W.2d 937 | 307A+726 | Granting or refusing motion for continuance, which is not first application, rests within trial court's sound discretion. | "Will the granting or refusing of motion for continuance, other than first application, rest within trial court's sound discretion?" | 034432.docx | LEGALEASE-00143700-LEGALEASE-00143701 |
| JVA Enterprises, I v. Prentice, 48 So. 3d 109 | 307A+563 | While a trial court has discretion to dismiss an action for fraud on the court, it should exercise this severe sanction only in extreme circumstances. | "Although a trial court has discretion to dismiss an action for fraud on the court, should it exercise this severe sanction only in extreme circumstances?" | 034477.docx | LEGALEASE-00143939-LEGALEASE-00143940 |
| First Republic Corp. of Am. v. Hayes, 431 So. 2d 624 | 307A+746 | Trial court is authorized to impose appropriate sanctions for violations of orders relating to pretrial conference. West's F.S.A. RCP Rule 1.200(b). | Is a trial court authorized to impose appropriate sanctions for violations of orders relating to a pretrial conference? | Pretrial Procedure - Memo # 6850 - C - ES.docx | ROSS-003302871-ROSS-003302872 |
| Daily Press v. Com., 285 Va. 447 | 307A+552 | Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. | Will a case be dismissed as moot if there is no actual controversy? | 034606.docx | LEGALEASE-00144063-LEGALEASE-00144064 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Metro Transp. Co. v. Pennsylvania Pub. Util. Comm'n, 128 Pa. Cmwlth. 223 | 307A+552 | Although case is apparently moot, dismissal is not an absolute, if the issue raised is of recurring nature, is of important public interest, or is capable of repeatedly avoiding review, case will not be dismissed. | Will a case be dismissed as moot if question involved possesses sufficient public importance to warrant decision? | 034737.docx | LEGALEASE-00145011-LEGALEASE-00145012 |
| Lifeguard Corp. v. U.S. Home Corp., 429 So. 2d 94 | 307A+563 | While a trial court clearly has power to dismiss a case as a sanction for plaintiff's failure to comply with a court order, dismissal is a drastic remedy which should be used only in extreme situations. | Is dismissal a drastic remedy which should be used only in extreme situations? | Pretrial Procedure - Memo # 7112 - C - RF_57786.docx | ROSS-003295676-ROSS-003295677 |
| Thompson ex rel. Harvey v. Cisson Const. Co., 377 S.C. 137 | 413+2 | Workers' compensation law is a creature of statute, enacted in derogation of the common law, and courts are bound to strictly construe its terms. Code 1976, S 42-1-100 et seq. | "Is workers compensation a creature of statute, enacted in derogation of common law, and how should its terms be construed?" | Workers Compensation - Memo #344 ANC.docx | LEGALEASE-00034768-LEGALEASE-00034769 |
| Lowery v. Campbell, 185 N.C. App. 659 | 413+2 | The Workers' Compensation Act does not take away common law rights that are unrelated to the employer-employee relationship. West's N.C.G.S.A. S 97-1 et seq. | Does the Workers Compensation Act take away any common law rights that are unrelated to the employer-employee relationship? | Workers Compensation - Memo #346 ANC.docx | ROSS-003288976-ROSS-003288977 |
| Thomas v. Giant Food, 174 Md. App. 103 | 413+2 | Workers' compensation benefits are a creature of statute, and when the controlling enactments are clear, they must guide the outcome. West's Ann.Md.Code, Labor and Employment, S 9-101 et seq. | "Are workers compensation benefits a creature of statute, and when the controlling enactments are clear, must they guide the outcome?" | 048076.docx | LEGALEASE-00144225-LEGALEASE-00144226 |
| One Beacon Ins. Co. v. Hughes, 269 Ga. App. 390 | 413+2 | The Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. West's Ga.Code Ann. S 34-9-1 et seq. | " In workers compensation, what is strictly a matter of statutory construction?" | Workers Compensation - Memo #428 ANC.docx | LEGALEASE-00034818-LEGALEASE-00034819 |
| Dixson v. United States, 465 U.S. 482 | 63+1(2) | Legislative history of federal bribery statute, including Congress' longstanding commitment to a broadly drafted statute, its desire to continue that tradition when it adopted present language of statute in 1962 revision of federal conflicts of interest and bribery statutes, and its awareness of federal judiciary's interpretation of phrase "acting for or on behalf of the United States" in earlier federal bribery statutes to have a broad jurisdictional reach, establishes that Congress never intended bribery statute's open-ended definition of "public official" to be restricted to persons in a formal employment or agency relationship with Government; rather, proper inquiry is whether person occupies position of public trust with official federal responsibilities. 18 U.S.C.A. SS 201, 201(a). | What is a public official for the federal government? | 011140.docx | LEGALEASE-00146040-LEGALEASE-00146041 |
| United States v. Orenuga, 430 F.3d 1158 | 110+1139 | Whether a district court properly instructed the jury on the standard for bribery presents a question of law that is reviewed de novo. 18 U.S.C.A. S 201(b)(2)(A). | What should be the review standard on whether a district court properly instructed the jury on the standard for bribery? | 012293.docx | LEGALEASE-00145391-LEGALEASE-00145392 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Valencia, 169 P.3d 212 | 67+4 | When the outer boundary of a building for purposes of burglary is not self-evident, the reasonable belief test is generally used to define the building's outer boundary; under this test, in dealing with items such as a window screen, a building's outer boundary includes any element that encloses an area into which a reasonable person would believe that a member of the general public could not pass without authorization. West's Ann.Cal.Penal Code S 459. | May the reasonable belief test be used to define the buildings boundary for the purpose of a burglary? | Burglary - Memo 236 - TB.docx | ROSS-003315967-ROSS-003315970 |
| Consolidation Coal Co. v. White, 2005 PA Super 155, 875 A.2d 318 | 260+47 | Because surface, mineral and right to subjacent support estates are severable, different owners may hold title to separate and distinct estates in the same land. | "Are there three discrete estates in land, the surface estate, the mineral estate, and the right to subjacent support?" | 021449.docx | LEGALEASE-00146065-LEGALEASE-00146066 |
| Elick v. Champlin Petroleum Co., 697 S.W.2d 1 | 260+55(1) | Owner of mineral estate possesses bundle of interests which can be separated, conveyed, or reserved upon any terms mineral owner deems proper. | "Does the owner of a mineral estate possess a bundle of interests which can be separated, conveyed or reserved?" | 021463.docx | LEGALEASE-00146140-LEGALEASE-00146141 |
| State ex rel. Hocker v. Nolte, 330 Mo. 299 | 296+2 | "Pension" is stated allowance granted by government to individual or his representative for valuable service or for loss sustained in public service. V.A.M.S. S 84.170. | Is pension an allowance granted out of public treasury to an individual or his representative for valuable service or for loss sustained in public service? | Pension - Memo 43 - MS.docx | ROSS-003302709-ROSS-003302710 |
| Thompson v. Dart, 746 S.W.2d 821 | 302+228.23 | When trial court has sustained special exceptions to pleadings, pleader has right to amend to meet exceptions or refuse to amend and test validity of ruling on appeal. | "When special exceptions to the pleadings are sustained, can the pleader amend to meet the exceptions?" | 023549.docx | LEGALEASE-00145669-LEGALEASE-00145670 |
| Walbridge v. Kibbee, 20 Vt. 543 | 307A+74 | An initial letter is not to be regarded as any part of a man's name, in the caption of a deposition, if one name be given in full. | "Is an initial letter not to be regarded as any part of a man name, in the caption of a deposition, if one name be given in full?" | Pretrial Procedure - Memo # 5831 - C - NE.docx | ROSS-003302948-ROSS-003302949 |
| Alvarez v. Alvarez, 638 So. 2d 153 | 307A+746 | Sanctions which court may impose for failure to attend pretrial conference include striking of the pleadings. West's F.S.A. RCP Rule 1.200(c). | Can sanctions which a court can impose for failure to attend pretrial conference include striking of the pleadings? | Pretrial Procedure - Memo # 6565 - C - DHA.docx | ROSS-003316233-ROSS-003316234 |
| Chamberlain v. Farm Bureau Mut. Ins. Co., 36 Kan. App. 2d 163 | 307A+556.1 | If plaintiff's claims became moot before the ruling on class certification motion, both individual and class action claims must be dismissed. | Will an individual and a class action claim be dismissed if plaintiff's claims became moot before the ruling on class certification motion? | Pretrial Procedure - Memo # 6677 - C - NS.docx | ROSS-003330281-ROSS-003330282 |
| Corbett v. Lynch, 795 S.E.2d 564 | 307A+552 | The proper procedure for a court to take upon a determination that a case has become moot is dismissal of the action. | "Is the proper procedure for a court to take upon a determination that a case has become moot, dismissal of the action?" | 034339.docx | LEGALEASE-00145731-LEGALEASE-00145732 |
| Ader v. Temple Ner Tamid, 339 So. 2d 268 | 307A+552 | In order for a pleading to be stricken as "sham," pleading must appear clearly false, as a mere pretense set up in bad faith and without color of fact. 30 West's F.S.A. Rules of Civil Procedure, rule 1.150(a). | "In order for a pleading to be stricken as sham, should the pleading be clearly false?" | Pretrial Procedure - Memo # 6963 - C - DHA.docx | ROSS-003289919-ROSS-003289920 |
| In re Kile, 326 S.W.3d 538 | 30+781(1) | A threshold question in any appellate review of a controversy is the mootness of the controversy; because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness sua sponte. | Does mootness implicate justiciability and can the courts dismiss a case for mootness sua sponte? | 034762.docx | LEGALEASE-00145206-LEGALEASE-00145207 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Andrews v. Palmas De Majorca Condo., 898 So. 2d 1066 | 307A+563 | Sanction of dismissal with prejudice due to fraud upon court has long been available remedy for party's misconduct in litigation process; party who has been guilty of fraud or misconduct in prosecution or defense of civil proceeding should not be permitted to continue to employ very institution it has subverted to achieve her ends. | Is dismissal an available remedy for knowingly submitting forged or altered documents with the intent to deceive? | 034815.docx | LEGALEASE-00145897-LEGALEASE-00145898 |
| Capaci v. Folmar Kenner, 43 So. 3d 1229 | 307A+581 | Dismissal of a party's claim with prejudice pursuant to rule permitting involuntary dismissal for failure of plaintiff to prosecute or to comply with rules or any order of court is a drastic sanction that should be used only in extreme situations. Rules Civ.Proc., Rule 41(b). | Is dismissal of a party's claim with prejudice pursuant to rule permitting involuntary dismissal a drastic sanction that should be used only in extreme situations? | 10810.docx | LEGALEASE-00094226-LEGALEASE-00094227 |
| Pilz v. Thibodeau, 293 Ga. App. 532 | 307A+590.1 | In order to break the running of the five-year dormancy period under statute automatically dismissing an action in which no written order has been taken for five years, the order has to be in writing, signed, and entered. West's Ga.Code Ann. S 9-2-60(b). | "In order to break the running of the five-year dormancy period under a statute automatically dismissing an action, does the order have to be in writing, signed, and entered?" | Pretrial Procedure - Memo # 7204 - C - ES.docx | ROSS-003288602-ROSS-003288603 |
| Metro Transp. Co. v. Pennsylvania Pub. Util. Comm'n, 128 Pa. Cmwlth. 223 | 307A+552 | When litigant lacks necessary stake in outcome, or when court or agency is not able to grant effective relief, a case will be dismissed as moot. | Can a case be dismissed as moot when litigant lacks necessary stake in outcome? | 035198.docx | LEGALEASE-00145776-LEGALEASE-00145777 |
| Edwards, Jr. v. Chrysler Motor Co., 984 So. 2d 85 | 307A+590.1 | Party takes a "step" in the prosecution or defense of an action, as necessary to avoid abandonment of action, when he takes formal action before the court intended to hasten the matter to judgment. LSA-C.C.P. art. 561. | "Does a party take a ""step"" in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment?" | 035251.docx | LEGALEASE-00145967-LEGALEASE-00145968 |
| State ex rel. AG Processing v. Pub. Serv. Comm'n, 276 S.W.3d 303 | 13+6 | When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is "moot" and generally should be dismissed. | Will a case be moot when an event occurs that makes a court's decision unnecessary? | 035320.docx | LEGALEASE-00146287-LEGALEASE-00146288 |
| Romine v. Romine, 100 N.M. 403 | 307A+552 | An action is properly dismissed if the issues therein become moot, leaving the court without jurisdiction. | "Is an action properly dismissed if the issues therein become moot, leaving the court without jurisdiction?" | 035354.docx | LEGALEASE-00145926-LEGALEASE-00145927 |
| Travelers Indem. Co. v. P.R. Mallory & Co., 772 N.E.2d 479 | 307A+552 | When dispositive issue in case has been resolved in such a way as to render it unnecessary to decide question involved, case will be dismissed. | Will a case be dismissed when dispositive issue in case has been resolved in such a way as to render it unnecessary to decide question involved? | 035400.docx | LEGALEASE-00145603-LEGALEASE-00145604 |
| Briscoe v. Goodmark Corp., 130 S.W.3d 160 | 307A+723.1 | A motion for continuance of the trial, based on a witness being absent for medical reasons, must contain some medical prognosis as to when or if the witness will ever be able to testify. | "Should a motion for continuance of the trial, based on an absent party contain some prognosis as to when or if the witness will ever be able to testify?" | 035425.docx | LEGALEASE-00145128-LEGALEASE-00145129 |
| Simmons v. Shimek, 139 Ill. App. 3d 927 | 307A+563 | Generally, a cause of action will be dismissed as a sanction only where dismissed party has shown a deliberate and willful disregard of court's authority. S.H.A. ch. 110A, P 219(c). | Will a cause of action be dismissed as a sanction only where dismissed party has shown a deliberate and willful disregard of court's authority? | 035434.docx | LEGALEASE-00145186-LEGALEASE-00145187 |
| Andrews v. Palmas De Majorca Condo., 898 So. 2d 1066 | 307A+563 | Dismissal is available remedy for knowingly submitting forged or altered documents with intent to deceive court. | Is dismissal an available remedy for knowingly submitting forged or altered documents with intent to deceive court? | Pretrial Procedure - Memo # 7369 - C - SB.docx | ROSS-003290048 |
| Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773 | 307A+563 | There is no rule, statute, or case that requires an evidentiary hearing to be held when a motion to dismiss for fraud is filed; the better practice is for the trial court to conduct an evidentiary hearing on the motion and make specific findings. | "Is there no rule, statute, or case that requires an evidentiary hearing to be held when a motion to dismiss for fraud is filed?" | 035438.docx | LEGALEASE-00145202-LEGALEASE-00145203 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Englewood Cmty. Apartments Ltd. P'ship v. Alexander Grant & Co., 119 Wis. 2d 34 | 307A+563 | Party attempting to show that dismissal for failure to comply with pretrial orders is abuse of discretion must demonstrate a clear and justifiable excuse for delay or for failure to comply with procedure statutes. W.S.A. 804.12(2, 4), 805.03. | Is dismissal for noncompliance with pretrial orders appropriate only in cases of egregious conduct? | Pretrial Procedure - Memo # 7385 - C - ES.docx | ROSS-003304945-ROSS-003304946 |
| Thongchoom v. Graco Children's Prod., 117 Wash. App. 299 | 307A+723.1 | A continuance is not justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery. CR 56(f). | Is a continuance justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery? | Pretrial Procedure - Memo # 7392 - C - KI.docx | ROSS-003290057-ROSS-003290058 |
| Gambino v. Standard Fire Ins. Co., 12-474 (La. App. 5 Cir. 2/21/13) | 307A+590.1 | Because dismissal is the harshest of remedies, any reasonable doubt about abandonment of the suit should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. LSA-C.C.P. art. 561. | "Because dismissal is the harshest of remedies, should any reasonable doubt about abandonment of the suit be resolved in favor of allowing the prosecution?" | Pretrial Procedure - Memo # 7398 - C - RF.docx | ROSS-003288686-ROSS-003288687 |
| Muller v. Tanner, 2 Cal. App. 3d 438 | 13+68 | Vexatious litigant statute does not preclude stay or dismissal because attorney represents party in action in which motion is made. West's Ann.Code Civ.Proc. SS 391(a, b), 391.1. | Does vexatious litigant statute preclude stay or dismissal because attorney represents party in action in which motion is made? | 035530.docx | LEGALEASE-00146079-LEGALEASE-00146080 |
| Argence v. Box Opportunities, 95 So. 3d 539 | 13+70 | Article of code of civil procedure governing dismissal of a case on ground of abandonment makes it clear that a party must take the action to move a case to final disposition, not the trial judge. LSA-C.C.P. art. 561. | Should a party or the trial judge take the action to move a case to final disposition? | Pretrial Procedure - Memo # 7465 - C - KS.docx | ROSS-003290072-ROSS-003290073 |
| Prosser v. Grant, 224 Ga. App. 6 | 307A+590.1 | "Order" as contemplated by five-year mandatory dismissal rule is an order entered by a court in response to a motion initiated by a party; housekeeping orders entered on the court's own motion, such as an order entered by the court removing a case from an active trial calendar because of its age or a pretrial calendar which contains a specific order directed at the attorneys and parties in all cases listed on such calendar, are not initiated by a party and do not toll the statute. O.C.G.A. SS 9-2-60(b), 9-11-41(e). | "Is ""order"" as contemplated by a five-year mandatory dismissal rule an order entered by a court in response to a motion initiated by a party?" | 035574.docx | LEGALEASE-00146643-LEGALEASE-00146644 |
| Clark v. State Farm Mut. Auto. Ins. Co., 769 So. 2d 176 | 307A+590.1 | Any step taken by a party after the period for abandonment has accrued is ineffective to prevent a judgment of dismissal on grounds of abandonment. LSA-C.C.P. art. 561. | Is any step taken by a party after the period for abandonment has accrued ineffective to prevent a judgment of dismissal on grounds of abandonment? | Pretrial Procedure - Memo # 7468 - C - DHA.docx | ROSS-003331880-ROSS-003331881 |
| Garland v. City of Delray Beach, 685 So. 2d 1392 | 307A+590.1 | Motion for mediation conference is not sufficient record activity to preclude dismissal for failure to prosecute unless there is some follow-up activity intended to move case along. West's F.S.A. RCP Rule 1.420(e). | Is a motion for mediation conference not sufficient record activity to preclude a dismissal for failure to prosecute? | 036292.docx | LEGALEASE-00146655-LEGALEASE-00146656 |
| Stewart Dry Goods Co. v. Lewis, 7 F. Supp. 438 | 371+2005 | Power of state to tax for public purposes within its constitutional sphere is as unlimited as power of national government within its sphere except for equality clause of Federal Constitution. Const.Amend. 14. | Is the state's power to tax for public purposes as unlimited as the power of national government? | 11402.docx | LEGALEASE-00094141-LEGALEASE-00094142 |
| Atlas Powder Co. v. Goodloe, 131 Tenn. 490 | 371+2005 | The power of Congress over interstate commerce is supreme, and the levying of taxes by a state which impedes or burdens such commerce is invalid. | Is the power of Congress over interstate commerce supreme and the levying of taxes by a state which impedes or burdens such commerce invalid? | Taxation - Memo # 824 - C - MS.docx | ROSS-003290150-ROSS-003290151 |
| Cook v. Mack's Transfer & Storage, 291 S.C. 84 | 413+2 | Right of any claimant to workers' compensation is dependent upon terms and conditions of Workers' Compensation Act, including procedures for adjudicating compensation claim as well as terms and conditions of substantive entitlement. Code 1976, SS 42-1-10 to 42-19-50. | "Is the right to compensation dependent upon, or judged by, the terms and conditions of the Act?" | 11480.docx | LEGALEASE-00094799-LEGALEASE-00094800 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chappy v. Labor & Indus. Review Comm'n, 128 Wis. 2d 318 | 413+2 | Worker's compensation is wholly statutory and questions regarding what should properly be public policy should be determined by legislature, not courts. | "For workers compensation, is it the legislature or the courts that determine the questions regarding what should properly be the public policy?" | Workers Compensation - Memo #510 ANC.docx | ROSS-003287030-ROSS-003287031 |
| Perry v. Transamerica Ins. Grp., 703 S.W.2d 151 | 413+2 | Benefits conferred by Workers' Compensation Act (T.C.A. S 50-6-101 et seq.), are purely statutory, and circumstances under which they are paid and manner in which they are calculated depend solely upon statutory authority. | Would the benefits conferred by the Workers Compensation Act be described as purely statutory? | Workers Compensation - Memo #513 ANC.docx | ROSS-003289031-ROSS-003289032 |
| Theriot v. Damson Drilling Corp., 471 So. 2d 757 | 413+2 | Worker's Compensation Law is compromise of legal rights for purpose of arriving at socially desirable result of a compromise nature. LSA-R.S. 23:1021-23:2001. | Is workers compensation a compromise of legal rights for the purpose of arriving at a socially desirable result? | 048346.docx | LEGALEASE-00146380-LEGALEASE-00146381 |
| Thomas v. N. Telecom, 157 F. Supp. 2d 627 | 413+9 | In exchange for the certainty of receiving a benefit under the North Carolina Workers Compensation Act, the employee and his dependents give up their common law right to sue the employer for negligence. N.C.G.S. S 97-3. | What do the employees and their dependents give up for compensation? | 048348.docx | LEGALEASE-00146390-LEGALEASE-00146391 |
| Distefano v. State Farm Mut. Auto. Ins. Co., 846 So. 2d 572 | 307A+563 | Trial court's power of dismissal should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | "Can sanction of dismissal be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing?" | 10025.docx | LEGALEASE-00095535-LEGALEASE-00095536 |
| Brock v. Kaiser Found. Hosps., 10 Cal. App. 4th 1790 | 307A+590.1 | Reasonable diligence in arbitration proceedings has no bearing on stay of action at law pending those proceedings; stay of proceedings stays five-year period for bringing action at law as well until conclusion of arbitration proceedings. West's Ann.Cal.C.C.P. S 583.340(a-c). | Does the reasonable diligence in arbitration proceedings have no bearing on a stay of action at law pending those proceedings? | 034922.docx | LEGALEASE-00146784-LEGALEASE-00146785 |
| Martin v. Garon, 172 So. 2d 751 | 307A+563 | Court has power to enforce its lawful orders and to order litigant to perform some procedural act, and to dismiss suit upon his failure to do so. | Does a court have power to enforce its lawful orders and to order litigant to perform some procedural act? | Pretrial Procedure - Memo # 7054 - C - SB_58308.docx | ROSS-003295592-ROSS-003295593 |
| Chavez v. U S, 74 F.2d 508 | 34+57 | War risk insurance policies are contractual obligations of United States, but confer no right of action on insured or his beneficiary independently of sovereign will. World War Veterans' Act of 1924, S 19, as amended by Act July 3, 1930, S 4, 38 U.S.C.A. S 445. | Do war risk insurance policies confer a right of action on an insured or his beneficiary? | Armed Services - Memo 296 - JK_57604.docx | ROSS-003291986-ROSS-003291987 |
| Roberson v. United States, 208 F.2d 166 | 34+20.10(2) | Only where there is no factual basis for local board's classification of draft registrant is the registrant justified in refusing to obey order of induction. Selective Service Act of 1948, S 12, 50 U.S.C.A.Appendix, S 462. | Is the registrant justified in refusing to obey the order of induction when there is no factual basis for local board's classification? | 008747.docx | LEGALEASE-00147986-LEGALEASE-00147987 |
| Smith v. Glen Alden Coal Co., 347 Pa. 290 | 260+55(6) | An owner of estate in minerals separated from surface of land owes servitude of sufficient support to superincumbent estate, and such servitude is "estate in land" sometimes referred to as "third estate". | Does the owner of the mineral estate owe a servitude of sufficient support to the superincumbent estate? | 021549.docx | LEGALEASE-00147728-LEGALEASE-00147729 |
| In re Campbell's Estate, 195 Misc. 520 | 296+10 | Pension payments to guardians of incompetent veterans vest title in the ward and discharge the obligation of the United States with respect thereto but a pensioner has no vested legal right to his "pension", which is a bounty of the government which congress has the right to give, withhold, distribute or recall at is discretion. | Do pension payments to the guardians of incompetent veterans vest title in the ward? | Pension - Memo 68 - JK_57654.docx | ROSS-003280589-ROSS-003280590 |
| Sommer v. Maharaj, 451 Mass. 615 | 307A+563 | A court's inherent power, to be exercised with restraint and discretion, includes dismissal of a lawsuit, when justified by a party's extreme conduct. | "Does a court's inherent power, to be exercised with restraint and discretion, include dismissal of a lawsuit?" | 10877.docx | LEGALEASE-00094465-LEGALEASE-00094466 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Heard v. McCabe, 130 Ark. 185 | 307A+552 | Although bad motive is not alone sufficient to justify a dismissal, if cause is without merit, and was brought solely to harass and annoy defendant, it may be dismissed. | "Will a cause be dismissed if it is without merit, and was brought solely to harass and annoy defendant?" | Pretrial Procedure - Memo # 7301 - C - BP.docx | ROSS-003286135-ROSS-003286136 |
| McKnight v. Evancheck, 907 So. 2d 699 | 307A+563 | While a trial court has discretion to dismiss an action for fraud on the court, it should exercise this severe sanction only in extreme circumstances. | Should a trial court exercise its discretion of severe sanction to dismiss an action for fraud on the court only in extreme circumstances? | 10909.docx | LEGALEASE-00094075-LEGALEASE-00094076 |
| Scottsdale Ins. Co. v. Lakeside Cmty. Comm., 2016 IL App (1st) 141845 | 307A+686.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts that the claim is defeated based on certain defects, defenses, or other affirmative matter. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss assert an affirmative matter which defeats the claim? | 10160.docx | LEGALEASE-00095632-LEGALEASE-00095633 |
| Doe v. Univ. of Chicago Med. Ctr., 2015 IL App (1st) 133735 | 307A+686.1 | While a motion for involuntary dismissal and a motion for summary judgment share similarities and may, in certain circumstances, be functionally equivalent, there are critical differences between the two; most importantly, a party may not rely solely on her complaint to oppose a properly-supported motion for summary judgment, while a motion for involuntary dismissal admits allegations of complaint, as well as admitting that complaint states a viable cause of action. S.H.A. 735 ILCS 5/2-619. | Can a party solely rely on her complaint to oppose a properly-supported motion for summary judgment? | Pretrial Procedure - Memo # 7557 - C - DA_57545.docx | ROSS-003294668-ROSS-003294669 |
| Peters v. Riggs, 2015 IL App (4th) 140043 | 307A+686.1 | A motion for involuntary dismissal admits the sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim. S.H.A. 735 ILCS 5/2-619. | Will a motion for involuntary dismissal assert an affirmative defense or other matter that avoids or defeats the claim? | 035820.docx | LEGALEASE-00147082-LEGALEASE-00147083 |
| Wheeler v. Eftink, 507 S.W.3d 598 | 307A+581 | Mere delay in prosecution is insufficient to justify dismissal of a case for failure to prosecute with due diligence; there must be some evidence that the delay was unnecessary to justify a trial court's dismissal for failure to prosecute. | Is mere delay in prosecution insufficient to justify dismissal of a case for failure to prosecute with due diligence? | 10274.docx | LEGALEASE-00095381-LEGALEASE-00095382 |
| Marschall v. Water-Boggan Int'l, 401 So. 2d 1157 | 307A+590.1 | Order requiring service of process and return of alias summonses and substituted service constituted "record activity;" thus, order dismissing action was improper in light of fact that this "record activity" occurred during one year period preceding motion for dismissal for want of prosecution. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.420(e). | "By terms of a rule allowing dismissal of complaint for want of prosecution, does an ""order of court"" constitute ""record activity""?" | 11128.docx | LEGALEASE-00094689-LEGALEASE-00094690 |
| Sheen v. The Time Inc. Magazine Co., 817 So. 2d 974 | 307A+590.1 | Documents filed of record concerning discovery may, but do not always, constitute "record activity" sufficient to avoid dismissal for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | "Can documents filed of record concerning discovery constitute ""record activity"" sufficient to avoid dismissal for failure to prosecute?" | 11307.docx | LEGALEASE-00094516-LEGALEASE-00094517 |
| Com. v. Weber, 549 Pa. 430 | 352H+228 | Rape Shield Law applies to evidence concerning victim's abortion because it necessarily implicates past sexual conduct. 18 Pa.C.S.A. S 3104. | Is a victims abortion evidence of past sexual conduct under rape shield law? | 042952.docx | LEGALEASE-00147929-LEGALEASE-00147930 |
| Bazanes v. State, 310 S.W.3d 32 | 352H+190 | The specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. V.T.C.A., Penal Code S 21.11(a)(1). | Can the specific intent required for the offense of indecency with a child be inferred from a defendant's conduct? | 042971.docx | LEGALEASE-00147960-LEGALEASE-00147961 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Arkwright Mut. Ins. Co. v. Garrett & W., 790 F. Supp. 1386 | 413+2 | Under Illinois law, employers' duties to their employees are not defined by Workers' Compensation Act but, rather, they have tort duties to their employees ab initio and Act simply permits them to satisfy those duties by making worker's compensation payments. Ill.S.H.A. ch. 48, P 138.1 et seq. | Does the Workers Compensation Act define employers duties to their employees? | 11444.docx | LEGALEASE-00094041-LEGALEASE-00094042 |
| Brown v. Eubank, 443 S.W.2d 386 | 25T+169 | The general rule is that either party may revoke a common-law submission to arbitration at any time before an award has been made, leaving to the aggrieved party his action for damages for breach of contract. | What is the remedy for the aggrieved party if the submission to arbitration is revoked? | 007853.docx | LEGALEASE-00148890-LEGALEASE-00148892 |
| Rapp v. Manufacturers Tr. Co., 15 Misc. 2d 332 | 83E+406 | A check may be transferred without written endorsement, and such transfer vests in transferee such title as transferor had. Negotiable Instrument Law, S 79. | "Can a check be transferred without written endorsement, and such transfer vests in transferee the title as transferor had?" | 010590.docx | LEGALEASE-00148326-LEGALEASE-00148327 |
| People v. Wilson, 11 Cal. App. 4th 1483 | 67+6 | "Inhabited dwelling house," within meaning of statute elevating crime of burglary to first degree when burglary is of "inhabited dwelling house," must be defined as person's actual place of abode, regardless of material of which it is built. West's Ann.Cal.Penal Code S 460(a). | What are inhabited dwelling houses in the context of burglary? | Burglary - Memo 259 - RK_58143.docx | ROSS-003320705-ROSS-003320706 |
| Layhew v. Dixon, 527 S.W.2d 739 | 156+3(1) | While parties may not change positions which they have asserted in litigation, judicial estoppels are not favored and ordinarily do not arise out of mere unsworn pleadings. | Are judicial estoppels not favored and do they not ordinarily arise out of mere unsworn pleadings? | 017773.docx | LEGALEASE-00149033-LEGALEASE-00149034 |
| Alyeska Pipeline Serv. Co. v. Anderson, 629 P.2d 512 | 260+17(1) | Tests which have been developed for determining whether minerals are valuable, prudent person and marketability test, are not distinct standards but are complementary in that latter is refinement of former; basically, prudent person test requires that person of ordinary prudence would be justified in further expenditure of his labor and means, with reasonable prospect of success, in developing valuable mine, and marketability test requires that it must be shown that minerals can be extracted, removed and marketed at profit. | "To determine whether minerals are valuable, what must the marketability test show?" | Mines and Minerals - Memo # 22 - C - EB.docx | LEGALEASE-00038394-LEGALEASE-00038395 |
| New Mexico & Arizona Land Co. v. Elkins, 137 F. Supp. 767 | 260+55(5) | Uranium and thorium being "minerals" within scientific, geological and practical meanings constitute minerals within purview of a reservation clause in a deed of "all oil, gas and minerals". | Will uranium and thorium constitute minerals within the purview of the reserving clause? | Mines and Minerals - Memo #267 - C - CSS_57987.docx | ROSS-003293376-ROSS-003293377 |
| Smith v. Moore, 172 Colo. 440 | 260+55(6) | When surface and mineral estates have been severed the owner of mineral estate may remove underlying materials but must support the surface and cannot destroy the surface by strip mining. | May the owner of the mineral estate remove the underlying minerals but must support the surface? | Mines and Minerals - Memo #276 - C - CSS.docx | LEGALEASE-00038438-LEGALEASE-00038439 |
| Pane v. City of Danbury, 267 Conn. 669 | 302+34(1) | Under modern rules of pleading, slight linguistic ambiguity should not be fatal to a cause of action, and pleadings should be read broadly and realistically, rather than narrowly and technically; however, trial court is not obligated to read into pleadings factual allegations that simply are not there or to substitute a cognizable legal theory that the facts, as pleaded, might conceivably support for the noncognizable theory that was actually pleaded. | "Should pleadings be read broadly and realistically, rather than narrowly and technically?" | 023598.docx | LEGALEASE-00148392-LEGALEASE-00148393 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo, 987 So. 2d 989 | 307A+690 | A trial court's order of dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases. | Is dismissal with prejudice for failure to prosecute or to comply with a court orders a harsh remedy to be utilized only in extreme situations? | 035071.docx | LEGALEASE-00148438-LEGALEASE-00148439 |
| Czarobski v. Lata, 227 Ill. 2d 364 | 307A+679 | When ruling on a motion for involuntary dismissal based upon certain defects or defenses, the court must construe the pleadings and supporting documents in the light most favorable to the nonmoving party. S.H.A. 735 ILCS 5/2-619. | Will the court construe the pleadings and supporting documents in favor of the nonmoving party in a motion to dismiss? | Pretrial Procedure - Memo # 7599 - C - SU_57807.docx | ROSS-003283168-ROSS-003283169 |
| Toler v. Rapid Am., 190 S.W.3d 348 | 307A+584 | It is incumbent on the trial court, in considering dismissal of cases due to want of prosecution, to consider each case in light of the particular circumstances involved; length of time alone is not the test of diligence. Rules Civ.Proc., Rules 41.02, 77.02. | Is it incumbent upon the court to consider each case in light of the particular circumstances involved? | Pretrial Procedure - Memo # 8002 - C - SKG_58358.docx | ROSS-003278348-ROSS-003278349 |
| State ex rel. Div. of Admin., Office of Cmty. Dev. v. Tujague, 193 So. 3d 223 | 307A+581 | If the plaintiff has clearly demonstrated before the court during the prescribed period that it does not intend to abandon its lawsuit, dismissal is not warranted. LSA-C.C.P. art. 561. | Is a dismissal warranted if the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit? | 036425.docx | LEGALEASE-00149039-LEGALEASE-00149040 |
| Carista v. Valuck, 394 P.3d 253 | 307A+622 | The purpose of a motion to dismiss is to test the legal sufficiency of a petition, not to engage in an evidentiary contest of facts. 12 Okla. Stat. Ann. S 2012(B)(6). | "Is the purpose of a motion to dismiss to test the legal sufficiency of a petition, not to engage in an evidentiary contest of facts?" | Pretrial Procedure - Memo # 8106 - C - NE_58439.docx | ROSS-003305695-ROSS-003305696 |
| Carlisle v. U.S., 83 U.S. 147 | 384+1 | A citizen or subject owes an absolute and permanent allegiance to his government or sovereign, or at least until, by some open and distinct act, he renounces it and becomes a citizen or subject of another government or another sovereign. | Does a citizen owe an absolute and permanent allegiance to his government or his sovereign? | 047136.docx | LEGALEASE-00148853-LEGALEASE-00148854 |
| Quinn v. Clayton Const. Co., 111 S.W.3d 428 | 413+6 | Under exclusive remedy concept in workers' compensation setting, employee who sustains injury through accident arising out of, and in the course of, employment is provided certain compensation without having to prove fault on employer's part and without being subject to common-law defenses; in exchange for definite compensation for all work-connected injuries, employees forgo their rights to sue their employers for negligence and to obtain common-law measure of damages in cases where fault could be shown. V.A.M.S. S 287.120, subd. 2. | "When an injury is sustained in the course of employment, what happens to an employers common law defenses?" | 048391.docx | LEGALEASE-00148264-LEGALEASE-00148265 |
| First Nat. Bank of Farmersville v. Greenville Nat. Bank, 84 Tex. 40 | 8.30E+52 | The word "payable" is a descriptive word meaning capable of being paid, suitable to be paid, admitting or demanding payment justly due, legally enforcible, and "to pay" means to discharge one's obligation to another if the obligation be to deliver specific articles or a package of money left on deposit although the obligation arises from an express promise this would not although reduced to writing constitute a promissory note or a certificate of deposit. | What does the word payable means? | Bills and Notes- Memo 661-IS_58065.docx | ROSS-003281350-ROSS-003281351 |
| Meadow Brook Nat. Bank v. Recile, 302 F. Supp. 62 | 83E+462 | Holder of negotiable promissory note need not proceed against defaulting maker or security on note before suing endorser who is primarily liable. | Can a holder or drawer of a promissory note proceed against defaulting maker or security on note before suing endorser who is primarily liable? | Bills and Notes- Memo 703-ANM_58592.docx | ROSS-003319102 |
| Secy. of Veterans Affairs v. Leonhardt, 2015-Ohio-931 | 83E+426 | When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed. R.C. S 1303.25(B). | Can an instrument become payable to bearer when indorsed in blank and negotiated by transfer of possession alone? | 010964.docx | LEGALEASE-00149473-LEGALEASE-00149474 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mystic Color Lab v. Auctions Worldwide, 284 Conn. 408 | 50+23 | A bailment contemplates redelivery of goods entrusted to the bailee, whereas a debtor-creditor relationship contemplates the payment of an obligation defined by agreement between the parties. | Does a debtor-creditor relationship contemplate the payment of an obligation defined by agreement between the parties? | 014049.docx | LEGALEASE-00149849-LEGALEASE-00149850 |
| Riddle v. State Highway Comm'n, 184 Kan. 603 | 200+165 | Legislature has plenary power over highways and their use may be limited, controlled and regulated in the exercise of police power whenever necessary to promote the safety and general welfare of the people. | Does the Legislature have plenary power over highways? | 019274.docx | LEGALEASE-00149957-LEGALEASE-00149958 |
| Barnett Bank of E. Polk Cty. v. Fleming, 508 So. 2d 718 | 307A+590.1 | Motion to dismiss for lack of prosecution, whether initiated by court or a party, cannot be deemed "record activity" sufficient to defeat dismissal of case for lack of prosecution. West's F.S.A. RCP Rule 1.420(e). | Is filing of a motion to dismiss for lack of prosecution considered a record activity precluding dismissal? | 036332.docx | LEGALEASE-00149261-LEGALEASE-00149262 |
| Poola v. Howard Univ., 147 A.3d 267 | 307A+622 | Although the standard used for a motion to dismiss for failure to state a claim on which relief can be granted does not require detailed factual allegations, it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation; factual allegations must be enough to raise a right to relief above the speculative level. D.C. Super. Ct. R. Civ. P. 12(b)(6). | "Does the standard demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation?" | Pretrial Procedure - Memo # 7971 - C - SS_58333.docx | ROSS-003281586-ROSS-003281587 |
| Ray v. Greer, 212 N.C. App. 358 | 307A+581 | Claims should be involuntarily dismissed for failure to prosecute or violation of court order only when lesser sanctions are not appropriate to remedy the procedural violation. Rules Civ.Proc., Rule 41(b), West's N.C.G.S.A. S 1A-1. | Should claims be involuntarily dismissed for failure to prosecute or violation of court order when lesser sanctions are not appropriate to remedy the procedural violation? | 036459.docx | LEGALEASE-00149135-LEGALEASE-00149136 |
| 3V v. JTS Enterprises, 40 S.W.3d 533 | 307A+581 | Diligent prosecution includes not only diligent prosecution to the time of trial, but also diligence thereafter in procuring a final judgment or other final order. | "Does diligent prosecution include only diligent prosecution to the time of trial, or also diligence thereafter in procuring a final judgment or other final order?" | Pretrial Procedure - Memo # 8094 - C - SKG_58427.docx | ROSS-003305887-ROSS-003305888 |
| Quality Envtl. Processes v. Energy Dev. Corp., 218 So. 3d 1045 | 13+70 | The purpose of statute on abandonment of actions is to dismiss actions which have been abandoned, and the statute provides for dismissal of those cases in which a plaintiff's inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. La. Code Civ. Proc. Ann. art. 561. | Should an action be dismissed for abandonment when a plaintiff's inaction has clearly demonstrated his intent to abandon the action? | 036604.docx | LEGALEASE-00149445-LEGALEASE-00149446 |
| Nat'l Amusement Co. v. Wisconsin Dep't of Taxation, 41 Wis. 2d 261 | 371+2027 | Tax cannot be imposed without clear and express language for that purpose and if ambiguity and doubt exist, it must be resolved in favor of person upon whom tax is sought to imposed. | Can a tax be imposed without clear and express language? | Taxation - Memo # 844 - C - JL_58472.docx | ROSS-003293329-ROSS-003293330 |
| Bigbee v. State, 173 Ind. App. 462 | 234+46 | Amount written upon face of a negotiable bearer instrument is competent evidence relating to its value in a prosecution of a defendant for theft of property worth $100 or more. IC 26-1-3-409 (1976 Ed.). | Is the amount written upon the face of a negotiable bearer instrument is competent evidence relating to its value? | 010381.docx | LEGALEASE-00150734-LEGALEASE-00150735 |
| Com., Dep't of Pub. Welfare v. Sch. Dist. of Philadelphia, 49 Pa. Cmwlth. 316 | 156+85 | Promissory estoppel rests on promise to do something in the future, whereas equitable estoppel rests on a statement of a present fact. | "Does a promissory estoppel rest upon the promise to do something in the future, whereas an equitable estoppel rests upon a statement of present fact?" | Estoppel - Memo #32 - C - CSS_59021.docx | ROSS-003281262-ROSS-003281263 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McGuire v. Stein's Gift & Garden Ctr., 178 Wis. 2d 379 | 272+1616 | Although specific negligence and res ipsa loquitur may be pled in the alternative and evidence tending to show specific acts of negligence will not automatically foreclose dependence on doctrine, res ipsa loquitur is unnecessary and its application redundant where the evidence provides full and complete explanation of event should jury choose to accept it. | Can specific negligence and res ipsa loquitur be plead in the alternative? | 023660.docx | LEGALEASE-00150520-LEGALEASE-00150521 |
| Laurence v. Atzenhoffer Chevrolet, 281 F. Supp. 2d 898 | 170A+675.1 | Although parties are barred from recovering damages based on mutually exclusive theories, parties can properly plead alternative, inconsistent theories of liability and can properly argue alternative claims to jury. Fed.Rules Civ.Proc.Rule 8(e)(2), 28 U.S.C.A. | Can a party plead alternative and inconsistent theories? | 023662.docx | LEGALEASE-00150568-LEGALEASE-00150569 |
| Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo, 987 So. 2d 989 | 307A+581 | Aggravating factors supportive of a trial court's dismissal with prejudice for want of prosecution are: (1) delay caused by the plaintiff personally; (2) delay causing prejudice to the defendant; and (3) delay resulting from intentional conduct. Rules Civ.Proc., Rule 41(b). | "Should it be considered whether the delay was the result of intentional conduct, when ruling on a motion to dismiss a complaint with prejudice due to want of prosecution?" | 036514.docx | LEGALEASE-00150080-LEGALEASE-00150081 |
| Lone Star Casino Corp. v. Full House Resorts, 796 So. 2d 1031 | 307A+584 | There is no set time limit on prosecution of action once it has been filed, and dismissal for failure to prosecute will be upheld only where record shows that plaintiff has been guilty of dilatory or contumacious conduct. Rules Civ. Proc., Rule 41(b). | Is there a set time limit on prosecution of action once it has been filed? | Pretrial Procedure - Memo # 8069 - C - PB_58746.docx | ROSS-003285410-ROSS-003285411 |
| Benjamin Jenkins v. Lawson, 781 So. 2d 893 | 307A+581 | Abandonment is not a punitive measure, but is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. LSA-C.C.P. art. 561. | Is abandonment designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely? | Pretrial Procedure - Memo # 8075 - C - NE_58969.docx | ROSS-003295757-ROSS-003295758 |
| J.D. ex rel. Scipio-Derrick v. Davy, 415 N.J. Super. 375 | 307A+622 | A motion to dismiss for failure to state a claim should be granted in only the rarest of instances and after meticulous and indulgent examination of the complaint; where, however, it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate. R. 4:6-2(e). | Can motions to dismiss for failure to state a claim upon which relief be granted should be granted in only the rarest of instances? | Pretrial Procedure - Memo # 8078 - C - RY_58972.docx | ROSS-003295025-ROSS-003295026 |
| Lone Star Casino Corp. v. Full House Resorts, 796 So. 2d 1031 | 307A+584 | There is no set time limit on prosecution of action once it has been filed, and dismissal for failure to prosecute will be upheld only where record shows that plaintiff has been guilty of dilatory or contumacious conduct. Rules Civ. Proc., Rule 41(b). | Is there is no set time limit on the prosecution of an action once it has been filed? | 036812.docx | LEGALEASE-00150142-LEGALEASE-00150143 |
| Total Auctions & Real Estate v. S. Dakota Dep't of Revenue & Regulation, 888 N.W.2d 577 | 307A+622 | Ultimately, where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal for failure to state a claim is appropriate. SDCL S 15-6-12(b)(5). | "Where the allegations show on the face of the complaint there is some insuperable bar to relief, is dismissal for failure to state a claim appropriate?" | 036828.docx | LEGALEASE-00150300-LEGALEASE-00150301 |
| Cent. Nebraska Pub. Power & Irr. Dist. v. N. Platte Nat. Res. Dist., 280 Neb. 533 | 307A+679 | On a motion to dismiss for failure to state a claim, a court is not obliged to accept as true a legal conclusion couched as a factual allegation. | "For purposes of a motion to dismiss, is a court obliged to accept as true a legal conclusion couched as a factual allegation?" | 037049.docx | LEGALEASE-00150377-LEGALEASE-00150378 |
| Stephens v. Bay Med. Ctr., 742 So. 2d 297 | 307A+581 | Rule governing dismissal for failure to prosecute is designed to relieve the judiciary of concern for inactive litigation. West's F.S.A. RCP Rule 1.420(e). | "Is the rule governing dismissal for failure to prosecute, designed to relieve the judiciary of concern for inactive litigation?" | 037097.docx | LEGALEASE-00150710-LEGALEASE-00150711 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Klickitat Cty. v. Columbia River Gorge Comm'n, 770 F. Supp. 1419 | 149E+575 | Under terms of Columbia Gorge National Scenic Area Act, Forest Service was not required to prepare an environmental impact statement or an environmental assessment under either the National Forest Management Act (NFMA) or the National Environmental Policy Act (NEPA) in its preparation of draft management plan nor did the Service have to conduct a study of alternatives under NEPA or NFMA. Columbia River Gorge National Scenic Area Act, S 17(f)(1), 16 U.S.C.A. S 544o (f)(1); National Environmental Policy Act of 1969, S 102, 42 U.S.C.A. S 4332. | Is the Forest Service require to prepare an Environmental Impact Statement (EIS) or an Environmental Assessment (EA) in their preparation of the draft management plan? | Woods and Forest - Memo 27 - ANM_59076.docx | ROSS-003282918-ROSS-003282919 |
| Arbaugh v. Procter & Gamble Mfg. Co., 80 Cal. App. 3d 500 | 413+2142.20 | Unless there is a written agreement to contrary, an employer covered by workmen's compensation is not obligated to indemnify a third party who has been found liable to employee injured as a result of the joint negligence of the employer and the third party. West's Ann.Labor Code, SS 3601(a), 3864. | Is a claim for workers' compensation an injured employee's only remedy against his employer? | 048422.docx | LEGALEASE-00150162-LEGALEASE-00150163 |
| Bueker v. Madison Cty., 2016 IL 120024 | 307A+679 | In reviewing the sufficiency of a complaint, courts accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. | "In reviewing the sufficiency of a complaint, do courts accept as true all well-pleaded facts and all reasonable inferences that can be drawn from those facts?" | Pretrial Procedure - Memo # 8453 - C - TJ_59152.docx | ROSS-003280356-ROSS-003280357 |
| Crowell v. Cox, 525 S.W.3d 578 | 307A+679 | In addressing a motion to dismiss for failure to state a claim, the circuit court is to review the petition to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | "In reviewing the petition to determine if it states a claim, do courts accept the allegations in the petition as true?" | 037210.docx | LEGALEASE-00150908-LEGALEASE-00150909 |
| Belcher Ctr. LLC v. Belcher Ctr., 883 So. 2d 338 | 307A+561.1 | If the court is required to consider matters outside of the four corners of the complaint, then the cause is not subject to dismissal on the basis of an affirmative defense. | Is the court required to consider matters outside of the four corners of the complaint? | 037268.docx | LEGALEASE-00150828-LEGALEASE-00150829 |
| Whetstone v. Sooter, 325 Ill. App. 3d 225 | 307A+561.1 | Motion for an involuntary dismissal based upon defects in pleading or certain defenses should be granted if, after construing the documents in support and in opposition to the motion in the light most favorable to the nonmoving party, there are no disputed issues of material fact. S.H.A. 735 ILCS 5/2-619. | Should a motion for an involuntary dismissal be granted if there are no disputed issues of material fact? | Pretrial Procedure - Memo # 8533 - C - TJ_59212.docx | ROSS-003323637-ROSS-003323638 |
| Louzoun v. Moss, 139 A.D.3d 680 | 307A+622 | Conclusory allegations of damages or injuries predicated on speculation cannot suffice for legal malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative. | Can conclusory allegations of damages or injuries predicated on speculation suffice for a malpractice action? | Pretrial Procedure - Memo # 8560 - C - KG_59357.docx | ROSS-003326274-ROSS-003326275 |
| Nicholas v. Cashelard Rest., 249 A.D.2d 187 | 307A+581 | Case that has been marked off or stricken from the calendar and has not been restored within one year is deemed abandoned; however, the presumption of abandonment may be rebutted by proof of litigation actually in progress. McKinney's CPLR 3404. | "Is a case that has been marked off or stricken from the calendar and has not been restored within one year, deemed abandoned?" | 037398.docx | LEGALEASE-00151270-LEGALEASE-00151271 |
| Mechanics' Bank of Alexandria v. Bank of Columbia, 18 U.S. 326 | 308+92(1) | The liability of the principal depends on whether the act of his agent was done in the exercise and within the limits of the powers delegated. The profession on their face that an agent's acts were in the exercise of his agency does not give them their validity. | Does the liability of the principal depend on whether the act of the agent was done within the limits of the powers delegated? | Principal and Agent - Memo 167 - KC_59449.docx | ROSS-003279099-ROSS-003279100 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clark v. Fry, 8 Ohio St. 358 | 231H+3030 | The rule of respondeat superior, as its terms import, arises out of the relation of superior and subordinate, is applicable to that relation wherever it exists, whether between principal and agent, or master and servant, is coextensive with it, and ceases where the relation itself ceases. | Does the rule of respondeat superior cease when the relation ceases? | 041455.docx | LEGALEASE-00151254-LEGALEASE-00151255 |
| Watkins Strategy & Res. Grp. v. WLC, 433 F. Supp. 2d 778 | 118A+276 | An exception to the first-to-file rule arises where a plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant, and a party need not demonstrate "compelling circumstances" under this exception. | Is there an exception to the first filed rule when a plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant? | 008033.docx | LEGALEASE-00151508-LEGALEASE-00151509 |
| Doe v. Brown Univ., 210 F. Supp. 3d 310 | 141E+1166 | Under Rhode Island law, because contracts for private education have unique qualities, courts must construe them in a manner that leaves the school administration broad discretion to meet its educational and doctrinal responsibilities. | Does a college have broad discretion to meet its educational and doctrinal responsibilities? | 016705.docx | LEGALEASE-00151473-LEGALEASE-00151475 |
| Triangle Candy Co. v. United States, 144 F.2d 195 | 18+12 | Evidence supports District Court's judgment finding defendants guilty of violating Federal Food, Drug, and Cosmetic Act by introducing into interstate commerce candy physically adulterated with filth or manufactured under conditions proscribed by such act. Federal Food, Drug, and Cosmetic Act, SS 301(a), 402(a) (3, 4), 21 U.S.C.A. SS 331(a), 342(a) (3, 4). | "Is there an act that prohibits the introduction of any food, drug, device or cosmetic into interstate commerce making it adulterated?" | Adulteration- Memo 64-S_1U45Ue6HTcre7svOCSQMpbR46nODWzzac.doc | ROSS-000000150-ROSS-000000151 |
| Waters v. Waters, 498 S.W.2d 236 | 83E+401 | A promissory note can lawfully be transferred without a written assignment or an endorsement of the legal owner and holder thereof. V.T.C.A., Bus. & C. S 3.201(c). | Can a promissory note be transferred without a written assignment or endorsement of the legal owner and holder? | Bills and Notes - Memo 632 - RK_59536.docx | ROSS-003284291-ROSS-003284292 |
| Thatcher v. Merriam, 121 Utah 191 | 83E+408 | Like an ordinary chose in action a bill or note may be transferred by assignment or by mere delivery with usual incidents of such a transfer, notwithstanding the Negotiable Instrument Law. U.S.C.A. 1943, 61-1-17, 61-1-33, 61-4-1. | Can a note be transferred like an ordinary chose in action? | Bills and Notes - Memo 938 - RK_59640.docx | ROSS-003278972-ROSS-003278973 |
| Ward v. Stanford, 443 S.W.3d 334 | 8.30E+282 | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer; a note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. | When is a promissory note a negotiable instrument ? | Bills and Notes-Memo 1025 - SB_60151.docx | ROSS-003295065 |
| First Pyramid Life Ins. Co. of Am. v. Reed, 247 Ark. 1003 | 200+29(1) | County court can acquire jurisdiction of statutory proceeding to open county road only when there is strict compliance with requirements of statutes relating to signing of petition. Ark.Stats. SS 76-901 to 76-915, 76-902. | When can a county court acquire jurisdiction of a proceeding regarding a petition to open a county road? | 018746.docx | LEGALEASE-00151662-LEGALEASE-00151663 |
| Pac. Ins. Co. v. Botelho, 891 So. 2d 587 | 307A+561.1 | A motion to dismiss cannot be granted based on an affirmative defense unless the defense appears upon the face of a pleading. | Can a motion to dismiss be granted based on an affirmative defense unless the defense appears upon the face of a pleading? | 037437.docx | LEGALEASE-00151723-LEGALEASE-00151724 |
| Sarkis v. Pafford Oil Co., 697 So. 2d 524 | 30+3284 | Because issue of whether complaint is sufficient to state cause of action is issue of law, ruling on motion to dismiss for failure to state cause of action is reviewable on appeal by de novo standard of review. | "Is whether a complaint is sufficient to state a cause of action an issue of law, on motion to dismiss?" | Pretrial Procedure - Memo # 8781 - C - SJ.docx | LEGALEASE-00041572-LEGALEASE-00041573 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| U.S. v. Parga-Rosas, 238 F.3d 1209 | 24+794 | Even though it need not be pled, "entry" may become important element of proof in prosecution for being deported alien "found in" United States, primarily in those cases involving apprehension at border. Immigration and Nationality Act, S 276, 8 U.S.C.A. S 1326. | Can an alien be present in the United States yet be deemed not to have entered? | "Aliens, Immigration and Citizenship - Memo 39 - RK_60126.docx" | ROSS-003308574-ROSS-003308575 |
| Eby v. Reb Realty, 495 F.2d 646 | 172H+1322 | Truth in Lending Act is remedial statute designed as much as possible to permit borrowers to make informed judgments about use of credit, and as such should be liberally construed. Truth in Lending Act, SS 1-145, 15 U.S.C.A. SS 1601-1665. | Is the Truth in Lending Act be liberally construed? | Consumer Credit - Memo 132-IS_59669.docx | ROSS-003308754-ROSS-003308755 |
| Andrews v. Chevy Chase Bank, 545 F.3d 570 | 172H+1552 | Truth in Lending Act (TILA) rescission is a purely personal remedy intended to operate privately, at least initially, with the creditor and debtor working out the logistics of a given rescission. Truth in Lending Act, S 125, 15 U.S.C.A. S 1635. | Is rescission a purely personal remedy intended to operate privately? | 013841.docx | LEGALEASE-00152433-LEGALEASE-00152434 |
| Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114 | 172H+1341 | Courts must defer to the decisions of the Federal Reserve Board with respect to TILA's disclosure requirements and cannot apply the concept of meaningful disclosure that animates TILA in the abstract. Truth in Lending Act, S 105(a), 15 U.S.C.A. S 1604(a). | Can courts apply the concept of meaningful disclosure that animates TILA in the abstract? | Consumer Credit -Memo 98-SB.docx | LEGALEASE-00041892-LEGALEASE-00041893 |
| Davis v. Wayne Cty. Court, 38 W. Va. 104 | 316H+187 | A county court cannot bind the levies of future years to pay for improvements on roads and bridges without first submitting all questions in relation thereto to a vote of the people, as required by Const. art. 10, S 8; and a contractor is charged with notice of the limitation of the county court's powers, and, if he works under an unauthorized contract of payment out of levies of future years, he cannot recover in an action of assumpsit, or compel the court by mandamus to lay a levy for payment thereof, even though the court has issued certificates, orders, or evidences of debt. | Can county authorities bind the levies of future years to pay for improvements? | 018763.docx | LEGALEASE-00152515-LEGALEASE-00152516 |
| Norfolk & W. Ry. Co. v. Gee, 104 Va. 806 | 320+305(1) | In an action against a railroad company for negligently frightening plaintiff's horse at a public crossing, it is not sufficient to charge that the defendant negligently placed a hand-car with long projecting arms at or so near the crossing as to render it unsafe for the travelling public in vehicles drawn by horses to cross on the highway, and that, in consequence thereof, the plaintiff's horse took fright and caused the injury declared on in the declaration. Nor is a count good which makes similar charges and adds that defendant's servants, negligently hung wearing apparel and bright tin buckets on the arms of the hand-car, and that these objects caused the plaintiff's horse to take fright. In each instance it was necessary to aver that the hand-car was, under the circumstances stated, an object of such unusual or extraordinary appearance as to have a natural tendency to frighten horses of ordinary gentleness and training, although that was a question to be determined by the jury from all the circumstances of the case, under proper instructions from the court. | "Can liability be subjective if one uses apparatus of an unusual, and extraordinary character in a highway, and if it frightens the horse?" | 019130.docx | LEGALEASE-00152637-LEGALEASE-00152638 |
| Adams v. USAA Cas. Ins. Co., 317 S.W.3d 66 | 307A+680 | Determination of factual questions or whether the party is entitled to relief on the merits is not appropriate on a motion to dismiss. | Is a determination of factual questions or whether the party is entitled to relief on the merits not appropriate on a motion to dismiss? | Pretrial Procedure - Memo # 8756 - C - TJ_59760.docx | ROSS-003279719-ROSS-003279720 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schaffner v. 514 W. Grant Place Condo. Ass'n, 324 Ill. App. 3d 1033 | 307A+680 | Whether the evidence of mutual mistake is sufficient for reformation of the instrument is decided at trial, not at the motion to dismiss stage. | "Is whether the evidence of mutual mistake is sufficient for reformation of the instrument decided at trial, not at the motion to dismiss stage?" | 037759.docx | LEGALEASE-00151891-LEGALEASE-00151892 |
| Murillo v. Page, 294 Ill. App. 3d 860 | 307A+680 | All well-pleaded facts and inferences drawn therefrom accepted as true when motion to dismiss on pleadings is allowed. | Are all well-pleaded facts and inferences drawn therefrom accepted as true when a motion to dismiss on pleadings is allowed? | Pretrial Procedure - Memo # 8806 - C - NS_59805.docx | ROSS-003298304-ROSS-003298305 |
| Dakota Cheese v. Taylor, 525 N.W.2d 713 | 307A+581 | Mere passage of time is not proper test to determine whether delay in prosecution warrants dismissal. | Is mere passage of time the proper test to determine whether delay in prosecution warrants dismissal? | 037835.docx | LEGALEASE-00152069-LEGALEASE-00152070 |
| State, ex rel. Dep't of Labor & Indus. Servs. v. Hill, 118 Idaho 278 | 307A+581 | In considering motion to dismiss for lack of prosecution, judge should consider length of delay occasioned by failure to prosecute, justification, if any, for such delay, and resultant prejudice. Rules Civ.Proc., Rule 41(b). | "Should court consider length of delay, justification, if any, for delay, and extent of any resultant prejudice in deciding whether to dismiss case for failure to prosecute?" | 038323.docx | LEGALEASE-00152662-LEGALEASE-00152663 |
| Hidden Brook Air v. Thabet Aviation Int'l Inc., 241 F. Supp. 2d 246 | 308+99 | "Actual authority" exists when an agent has the power to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do because of the principal's manifestation to him. Restatement (Second) of Agency S 7 comment. | Does authority exist when an agent has the power to conduct a transaction on account of principals manifestation? | 041511.docx | LEGALEASE-00152672-LEGALEASE-00152673 |
| Envtl. Prot. Info. Ctr. v. Johnson, 170 Cal. App. 3d 604 | 411+5 | Provisions of California Environmental Quality Act (West's Ann.Cal.Pub.Res.Code S 21000 et seq.) apply to Forest Practices Act (West's Ann.Cal.Pub.Res.Code S 4511 et seq.) and its regulation of timber harvesting industry. | Is the timber harvesting industry subject to regulation under the California Environmental Quality Act (CEQA)? | 047612.docx | LEGALEASE-00152538-LEGALEASE-00152539 |
| United States v. Lemons, 67 F. Supp. 985 | 83E+585 | Under Missouri law, a note which is forged by having defendant's name signed thereto by another, without his authority or subsequent ratification, is inoperative and void, whether the holder is an innocent or guilty purchaser. Mo.R.S.A. S 3039. | Is a forged note void? | 009920.docx | LEGALEASE-00153678-LEGALEASE-00153679 |
| Fatpipe v. State, 2012 Ark. 248 | 307A+679 | In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. | "In testing the sufficiency of a complaint on a motion to dismiss, should all reasonable inferences be resolved in favor of the complaint?" | Pretrial Procedure - Memo # 8955 - C - DA_60408.docx | ROSS-003293956 |
| Roa v. Roa, 200 N.J. 555 | 307A+675 | A motion to dismiss the complaint for failure to state a claim upon which relief can be granted must be based on the pleadings themselves. R. 4:6-2(e). | Is a motion to dismiss for failure to state a claim upon which relief can be granted based on the pleadings? | 038257.docx | LEGALEASE-00153718-LEGALEASE-00153719 |
| Stabler v. Stabler, 326 S.W.3d 561 | 307A+681 | Evidence outside the pleadings cannot serve as the basis for granting a motion to dismiss, including a motion to dismiss for lack of standing. | "Can the evidence outside the pleadings serve as the basis for granting a motion to dismiss, including a motion to dismiss for lack of standing?" | Pretrial Procedure - Memo # 9125 - C - NS_60467.docx | ROSS-003282387-ROSS-003282388 |
| London v. Adams, 1998 S.D. 41 | 307A+581 | Mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. SDCL 15-6-41(b), 15-11-11. | Is mere passage of time the proper test to determine whether the delay in prosecution warrants dismissal? | Pretrial Procedure - Memo # 9184 - C - SN_60494.docx | ROSS-003281404-ROSS-003281405 |
| Bentonville Ice & Cold Storage Co. v. Anderson, 186 Ark. 473 | 308+63(1) | Agent is liable for damages resulting from failure to obey principal's direction in making sale, or failure to exercise proper care in absence of such direction. | Is an agent bound to make sales in accordance with the express direction of the owner and is liable for any damage resulting from a failure to obey the direction of the owner? | Principal Agent-Memo 34-AM_60522.docx | ROSS-003279338-ROSS-003279339 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moore v. Scott, 759 S.W.2d 827 | 308+41(2) | Principal has power to revoke naked power of attorney and agent has power to renounce, although doing so is in violation of contract between the parties and although authority is expressed to be irrevocable; statement in contract that authority cannot be terminated by either party is effective only to create liability for its wrongful termination. | Does the agent have the power to renounce? | 041410.docx | LEGALEASE-00153672-LEGALEASE-00153673 |
| Exec. Aircraft Consulting v. City of Newton, 252 Kan. 421 | 371+2001 | A "tax" is a forced contribution to raise revenue for maintenance of governmental services offered to general public. | Is tax a forced contribution to raise revenue for the maintenance of governmental services offered to the general public? | 046016.docx | LEGALEASE-00153309-LEGALEASE-00153310 |
| City of Tullahoma v. Bedford Cty., 938 S.W.2d 408 | 371+2001 | "Tax" is revenue raising measure levied for purpose of paying government's general debts and liabilities. | Is a tax a revenue raising measure levied for the purpose of paying the government's general debts and liabilities? | 046056.docx | LEGALEASE-00153449-LEGALEASE-00153450 |
| In re Falone, 464 Pa. 42 | 21+2 | Generally, affidavits must be executed by one who possesses personal knowledge of facts alleged in petition. Pa.R.Crim.P., Rule 304(c); Pa.R.C.P. No. 1024, 42 Pa.C.S.A. | Should affidavits be executed by one who possesses personal knowledge of the facts alleged? | Affidavits - Memo 40 - _1gLU3IAehT2-Y69M1SNSNOQ0GYWs8wCa_.docx | ROSS-000000176-ROSS-000000177 |
| In re Heritage Org., 354 B.R. 407 | 8.30E+193 | In determining whether a negotiable instrument is ambiguous under Texas law, court is to give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a different or technical sense. | How do courts treat ambiguity in instruments? | 008998.docx | LEGALEASE-00154709-LEGALEASE-00154710 |
| Rey v. Simpson, 63 U.S. 341 | 83E+454 | When a note payable to a particular person or order is first endorsed by a third person, such third person is held to be an original promissor, guarantor or endorser according to the nature of the transaction and the understanding of the parties at the time the transaction took place. | Who is an original promissor? | Bills and Notes - Memo 852 - RK_61297.docx | ROSS-003280471-ROSS-003280472 |
| Powers v. Wallis, 258 S.W.2d 360 | 156+19 | Where deed by guardian of mineral interest of ward was not based on a valid consideration, deed was not sufficient to convey mineral interest owned by guardian personally, under doctrine of estoppel by deed, since in order that a covenant work an estoppel, it must be contained in a deed that is good and valid in law as well as in equity. | "In order to work an estoppel, must a covenant be contained in a valid deed?" | 018058.docx | LEGALEASE-00153889-LEGALEASE-00153890 |
| Shedden v. Anadarko E. & P. Co., 635 Pa. 381, 136 A.3d 485 | 156+52(1) | The doctrine of equitable estoppel prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. | Does equitable estoppel prevent one from doing an act differently from the manner in which another was induced to expect? | 018068.docx | LEGALEASE-00154233-LEGALEASE-00154234 |
| Advance Telecom Process LLC v. DSFederal, 224 Md. App. 164 | 307A+681 | Trial court's consideration of teaming agreement did not convert motion to dismiss for failure to state a claim into motion for summary judgment in contractual dispute between contractors, where agreement merely supplemented the allegations of the complaint, and the agreement was not controverted. | "Where a document merely supplements the allegations of the complaint, does consideration of the document not convert a motion to dismiss into one for summary judgment?" | Pretrial Procedure - Memo # 9331 - C - VA_60909.docx | ROSS-003294597-ROSS-003294598 |
| Gold v. Rowland, 296 Conn. 186 | 307A+687 | A motion to dismiss for lack of jurisdiction admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone. | Does a motion to dismiss invoke the existing record and must be decided upon that alone? | Pretrial Procedure - Memo # 9341 - C - TJ_60919.docx | ROSS-003280069 |
| Lee v. Friedman, 637 N.E.2d 1318 | 307A+581 | Trial court need not impose sanction less severe than dismissal where record of dilatory conduct is clear. | Does the court need to impose sanction less severe than dismissal where record of dilatory conduct is clear? | 038744.docx | LEGALEASE-00154302-LEGALEASE-00154304 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| LaPrade v. Lehman, 490 A.2d 1151 | 307A+581 | In the exercise of its discretion to dismiss an action with prejudice, trial court should first resort to lesser, alternative sanctions which it may impose, including dismissal without prejudice, assessment of defendant's costs and reasonable fees against plaintiff, or a finding that plaintiff's lawyer is in contempt of court and imposition of a fine. Civil Rule 41(b). | "Should the court first resort to lesser, alternative sanctions in the exercise of its discretion to dismiss an action with prejudice?" | 038822.docx | LEGALEASE-00154127-LEGALEASE-00154128 |
| State ex rel. Missouri Highway & Transp. Comm'n v. Kersey, 663 S.W.2d 364 | 307A+581 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only length of delay, but attendant circumstances; a fair test is whether the excepting party had a reasonable opportunity to bring its exceptions to trial. | What should a court consider in deciding whether to order dismissal for failure to prosecute? | Pretrial Procedure - Memo # 9479 - C - TJ_61090.docx | ROSS-003281455-ROSS-003281456 |
| Shackleton v. Neil, 207 Mont. 96 | 307A+581 | "Failure to prosecute" means that a plaintiff has failed to exercise due diligence in bringing his case to a conclusion. Rules Civ.Proc., Rule 41(b). | "Does ""failure to prosecute"" mean that a plaintiff has failed to exercise due diligence in bringing his case to a conclusion?" | Pretrial Procedure - Memo # 9480 - C - TJ_61091.docx | ROSS-003284682-ROSS-003284683 |
| Cohutta Mills v. Bunch, 166 Ga. App. 395 | 307A+581 | A dismissal for failure to appear should not be based solely on absence of a party, but should be taken only after a full consideration of all circumstances. | Should a dismissal for failure to appear be based solely on absence of a party or be taken only after a full consideration of all circumstances? | Pretrial Procedure - Memo # 9486 - C - TM_61097.docx | ROSS-003281914-ROSS-003281915 |
| Gams v. Houghton, 884 N.W.2d 611 | 307A+587 | Although judicial action is not needed for the dismissal in rule setting forth one-year filing period for action to occur, the rule does not foreclose judicial action following a belated filing and the absence of judicial action does not make rule governing relief from final judgment, order, or proceeding inapplicable. 48 M.S.A., Rules Civ.Proc., Rules 5.04(a), 60.02. | Is judicial action needed for dismissal to occur per rule? | 038906.docx | LEGALEASE-00154370-LEGALEASE-00154371 |
| HSBC Bank USA, Nat. Ass'n v. Grella, 145 A.D.3d 669 | 307A+587 | A defendant may waive the right to seek a dismissal pursuant to the rule that requires a court to dismiss a complaint as abandoned if the plaintiff fails to seek the entry of a judgment within one year of a default by serving an answer or taking any other steps which may be viewed as a formal or informal appearance. McKinney's CPLR 3215(c). | Can a defendant waive the right to seek a dismissal? | Pretrial Procedure - Memo # 9529 - C - PC_61117.docx | ROSS-003278331-ROSS-003278332 |
| Brown v. Knowles, 307 P.3d 915 | 307A+622 | If a plaintiff fails to assert a legal injury entitling the plaintiff to relief, the plaintiff has no legal claim and the suit must be dismissed. | "If a plaintiff fails to assert a legal injury entitling the plaintiff to relief, does the plaintiff have no legal claim and the suit must be dismissed?" | Pretrial Procedure - Memo # 9567 - C - PB_61182.docx | ROSS-003297264-ROSS-003297265 |
| Foy v. Hunter, 106 N.C. App. 614 | 46H+1236 | Trial court may enter sanctions when plaintiff or his attorney violates rule of civil procedure or court order. | Can court enter sanctions when plaintiff or his attorney violates rule of civil procedure or court order? | 039030.docx | LEGALEASE-00154811-LEGALEASE-00154812 |
| United States v. McNeil, 228 F. Supp. 3d 809 | 377E+12(1) | Conviction for making threatening communications requires proof that (1) the defendant transmitted something, (2) the thing transmitted was a threat to injure the person of another, and (3) the transmission was in interstate or foreign commerce. 18 U.S.C.A. S 875(c). | What does a conviction under  875(c) for making threatening communications require proof of? | 046750.docx | LEGALEASE-00154575-LEGALEASE-00154576 |
| United States v. Hayes, 762 F.3d 1300 | 350H+651 | In imposing sentence, district court may not presume that the range produced by application of the Sentencing Guidelines is reasonable, and must consider the statutory sentencing factors. 18 U.S.C.A. S 3553(a). | Can the court presume that the sentencing range produced by the Sentencing Guidelines is reasonable? | Bribery - Memo #1005 - C - ML_61331.docx | ROSS-003278910-ROSS-003278912 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gerasta v. Hibernia Nat. Bank, 411 F. Supp. 176 | 172H+1323 | In determining whether particular transaction is exempt from federal Consumer Credit Protection Act as one for "business or commercial purposes," purpose of transaction or extension of credit is controlling, and not property which is subject of the security interest involved. Truth in Lending Act, SS 102, 103(h), 104(1) as amended 15 U.S.C.A. SS 1601, 1602(h), 1603(1); Truth in Lending Regulations, Regulation Z, S 226.2(k), 15 U.S.C.A. following section 1700. | Is the purpose of a transaction or an extension of credit controlling in determining whether a transaction is exempt? | 013720.docx | LEGALEASE-00155748-LEGALEASE-00155750 |
| Haas v. Falmouth Fin., 783 F. Supp. 2d 801 | 172H+1561 | The purported exercise of the TILA rescission right does not automatically cause rescission to occur; rather, because the equitable goal of rescission under TILA is to restore the parties to the status quo ante, the borrower seeking rescission must be able to tender the borrowed funds back to the lender to obtain rescission. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | What is the equitable goal of rescission under TILA? | Consumer Credit - Memo 183 - RK_61845.docx | ROSS-003282934-ROSS-003282935 |
| Sherzer v. Homestar Mortg. Servs., 849 F. Supp. 2d 501 | 172H+1556 | Mortgagors were required to file legal action to enforce their right to rescind mortgage loan under Truth in Lending Act (TILA) within statutory three-year period or right would be completely extinguished, regardless of whether mortgagors filed their rescission claim within one year of sending their notice of rescission to mortgage lender. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | Is the right to rescind completely extinguished if the legal action to enforce the right is not filed within the three-year period? | Consumer Credit - Memo 196 - RK_61858.docx | ROSS-003292868-ROSS-003292869 |
| Beach v. Great W. Bank, 692 So. 2d 146 | 172H+1556 | Truth-in-Lending Act (TILA) rescission provision unambiguously expresses Congress's intent to extinguish statutory right of rescission three years after transaction's closing. Truth in Lending Act, S 125(f), as amended, 15 U.S.C.A. S 1635(f). | Did Congress intend to extinguish the statutory right of rescission three years after a transaction's closing? | 013791.docx | LEGALEASE-00155520-LEGALEASE-00155521 |
| Tucker v. Fayetteville State Univ., 238 N.C. App. 188 | 141E+1000 | Before a party may ask the courts for relief from state university decision: (1) the person must be aggrieved; (2) there must be a contested case; and (3) the administrative remedies provided by the university must be exhausted. West's N.C.G.S.A. S 150B-43. | Can a party ask the courts for relief from a university decision? | 017125.docx | LEGALEASE-00155315-LEGALEASE-00155317 |
| Brekke v. THM Biomedical, 683 N.W.2d 771 | 156+52(1) | Equitable estoppel is a doctrine addressed to the discretion of the court and is intended to prevent a party from taking unconscionable advantage of his own wrong by asserting his strict legal rights. | Is equitable estoppel addressed to the discretion of the court? | 017736.docx | LEGALEASE-00155532-LEGALEASE-00155533 |
| Barker v. Francis, 741 P.2d 548 | 322H+644 | Time is of the essence in land contracts only if it can be shown that parties so intended, and this can be demonstrated if contract explicitly states that time is of the essence or includes language that requires forfeiture of deposit or avoidance of contract if deadline is not met or circumstances surrounding transaction imply that parties intended timeliness of performance to be of paramount concern. | Is time the essence of land contracts? | Exchange of Property - Memo 8 - AM_61552.docx | ROSS-003294975-ROSS-003294976 |
| Feliciano v. Autozone, 142 Conn. App. 756 | 302+32.5(1) | Although a plaintiff should plead a statute in a complaint, failing to do so will not necessarily bar recovery as long as the defendant is sufficiently apprised of the applicable statute during the course of the proceedings. | Does failing to plead a statute in a complaint necessarily bar recovery? | 023769.docx | LEGALEASE-00155372-LEGALEASE-00155373 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Robbins v. Delta Wire Rope, 196 So. 3d 700 | 307A+690 | A dismissal with prejudice is generally contrary to the underlying rationale of a declinatory exception, since such an exception should not defeat the action. LSA-C.C.P. art. 923. | "Is a dismissal with prejudice generally contrary to the underlying rationale of a declinatory exception, since such an exception should not defeat the action?" | 024619.docx | LEGALEASE-00155831-LEGALEASE-00155832 |
| Dakota Cheese v. Taylor, 525 N.W.2d 713 | 307A+581 | Mere passage of time is not proper test to determine whether delay in prosecution warrants dismissal. | Is a mere passage of time a proper test to determine whether delay in prosecution warrants dismissal? | 039014.docx | LEGALEASE-00155074-LEGALEASE-00155075 |
| Hosey v. County of Victoria, 832 S.W.2d 701 | 307A+581 | When court asserts its inherent power to dismiss a case, test to be applied in determining whether the case was properly dismissed is whether the case was prosecuted with due diligence, and factors to be considered are the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and excuses for any delays. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 2. | What is the test to be applied by court in determining whether the case was properly dismissed? | 039035.docx | LEGALEASE-00154825-LEGALEASE-00154826 |
| Reichert v. Union Fid. Life Ins. Co., 360 N.W.2d 664 | 307A+581 | Under extraordinary circumstances, dismissal of an action for lack of prosecution may be justified even though no prejudice to defendant is shown. | Can dismissal of an action for lack of prosecution be justified even though no prejudice to defendant is shown? | 039070.docx | LEGALEASE-00155086-LEGALEASE-00155087 |
| State v. Madore, 96 Conn. App. 271 | 106+78 | Courts have a necessary inherent power, independent of statutory authorization, to prescribe rules to regulate their proceedings and to facilitate the administration of justice as they deem necessary. | Does power to prescribe rules of procedure to facilitate administration of justice inheres in the court function? | 039076.docx | LEGALEASE-00155092-LEGALEASE-00155093 |
| Wilson v. Edwards, 202 So. 3d 275 | 307A+552 | The trial court's power to dismiss a frivolous complaint is distinct from a trial court's authority to dismiss such a complaint for failure to state a claim. Miss. R. Civ. P. 12(b)(6). | Is the power to dismiss a frivolous complaint distinct from a trial court's authority to dismiss such a complaint for failure to state a claim? | Pretrial Procedure - Memo # 9683 - C - DA_61584.docx | ROSS-003280673-ROSS-003280674 |
| State v. Harris, 104 P.3d 1250 | 110+303.15 | Authority of superior court to dismiss cause of action for failure to prosecute or to comply with court's rules or orders is inherent power of trial court that is concomitant to control vested in trial court to manage its affairs and to achieve orderly disposition of its business. | Does the court have authority to dismiss the action for failure to prosecute or to comply with superior court rules or orders? | Pretrial Procedure - Memo # 9732 - C - NE.docx | LEGALEASE-00045241-LEGALEASE-00045242 |
| Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187 | 307A+679 | Similar to the court's role in addressing a motion for summary judgment, a court addressing a motion to dismiss for lack of personal jurisdiction on documentary evidence alone acts as a data collector and not a factfinder; accordingly, the allegations in the complaint must be accepted as true to the extent they are not contradicted by the defendant's competent evidence, and where the parties' competent evidence presents conflicting facts, these discrepancies must be resolved in the plaintiff's favor. Rules Civ.Proc., Rule 12(b)(2). | "Does ""documentary evidence"" consist of the allegations in the complaint along with any affidavits and any other evidence submitted by the parties?" | 039269.docx | LEGALEASE-00154839-LEGALEASE-00154840 |
| Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | What does an agency carry with it? | Principal and Agent - Memo 312 - RK.docx | LEGALEASE-00045470-LEGALEASE-00045471 |
| Butler v. Standard Life Ins. Co. of the S., 232 Ala. 238 | 308+92(1) | Principal selecting agent must bear responsibilities and suffer loss for misconduct or failure of agent to adequately represent him within terms of agency. | Does the principal bear the responsibilities and suffer loss for the misconduct of an agent he appoints? | Principal and Agent - Memo 336 - RK_61924.docx | ROSS-003305659-ROSS-003305660 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Nishnianidze, 342 F.3d 6 | 377E+12(2) | While the fact-finder may consider other evidence, including the effect of the statement on the recipient, the ultimate standard for determining whether a statement is a "threat" is an objective one, whether a reasonable person would understand the statement to be threatening. 18 U.S.C.A. S 875(b, c). | "What is the ultimate standard for determining whether a statement is a ""threat""?" | 046764.docx | LEGALEASE-00155166-LEGALEASE-00155167 |
| Doe v. Salisbury Univ., 107 F. Supp. 3d 481 | 92+4205 | Schools hold an implied power to control school records and to revoke credentials conferred upon students, e.g., degrees, credits, etc., where such actions are in response to a former student's conduct that occurred during the student's enrollment, and as long as the school acts with good cause and after due process, a former student's withdrawal or graduation from school does not end or obviate the relationship, nor does it permanently vest a former student's status with the school. U.S.C.A.Const.Amend. 14. | Do schools hold inherent power to revoke degrees base on academic or disciplinary infractions as long as it could show good cause and due process? | 016848.docx | LEGALEASE-00156323-LEGALEASE-00156324 |
| B & F Slosman v. Sonopress, 148 N.C. App. 81 | 156+52(1) | The essential purpose of quasi-estoppel is to prevent a party from benefitting by taking two clearly inconsistent positions. | Is the essential purpose of quasi-estoppel to prevent a party from benefitting by taking two clearly inconsistent positions? | 017749.docx | LEGALEASE-00155898-LEGALEASE-00155899 |
| Couchman v. Cardona, 471 S.W.3d 20 | 307A+690 | A motion to dismiss with prejudice is a sanction meant to deter meritless claims and bring them quickly to an end. | Is a motion to dismiss with prejudice a sanction meant to deter meritless claims and bring them quickly to an end? | Pretrial Procedure - Memo # 10230 - C - TJ_61735.docx | ROSS-003281803-ROSS-003281804 |
| Palm v. 2800 Lake Shore Drive Condo. Ass'n, 2014 IL App (1st) 111290 | 307A+690 | A dismissal with prejudice constitutes an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim. | Does a dismissal with prejudice constitute an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim? | 024665.docx | LEGALEASE-00155922-LEGALEASE-00155923 |
| Rogaris v. Oliver, 246 Ill. App. 3d 876 | 336H+117 | "Dismissal with prejudice" constitutes adjudication on merits which bars plaintiff from maintaining another action on same claim. | Does a dismissal with prejudice constitute an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim? | Pretrial Procedure - Memo # 10249 - C - SHB_61754.docx | ROSS-003282023-ROSS-003282024 |
| Pulte Home Corp. v. Parex, 174 Md. App. 681 | 307A+622 | A trial court has discretion to dismiss a claim with prejudice if it fails to state a claim that could afford relief. Md.Rule 2-322(b)(2). | Does a trial court have discretion to dismiss a claim with prejudice if it fails to state a claim that could afford relief? | 024729.docx | LEGALEASE-00156108-LEGALEASE-00156109 |
| Chavers v. Fleet Bank (RI), N.A., 844 A.2d 666 | 228+181(6) | Lack of subject matter jurisdiction over a particular claim is not appropriate grounds for granting summary judgment; rather, the court's lack of subject matter jurisdiction, at most, should result in a dismissal on the action without prejudice. | Is lack of subject matter jurisdiction over a particular claim not appropriate grounds for granting summary judgment? | Pretrial Procedure - Memo # 10371 - C - NC_62096.docx | ROSS-003293878 |
| Memphis Retail Liquor Dealers' Ass'n v. City of Memphis, 547 S.W.2d 244 | 371+2002 | If an imposition is primarily for the purpose of raising revenue, it is a "tax"; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a "fee." | "s an imposition a tax, if its purpose is for the regulation of some activity under the police power of the governing authority?" | Taxation - Memo # 986 - C - JL.docx | LEGALEASE-00046116-LEGALEASE-00046117 |
| Bullis v. State, 83 Nev. 175 | 67+19 | Primary concern in burglary indictment is with the unlawful entry, and intended felony or theft need not be described with same specificity that might be required in charging offense of larceny or another felony. N.R.S. 205.060, 205.220, 205.240. | What is the primary concern in an indictment for burglary? | Burglary - Memo 292 - RK_62294.docx | ROSS-003280966-ROSS-003280967 |
| People v. Escalante, 256 Ill. App. 3d 239 | 67+41(3) | Defendant may be convicted of burglary if evidence shows that he knowingly and without authority entered motor vehicle with intent to steal which may be proven by circumstantial evidence and inferences that may be drawn from that evidence. | Can circumstantial evidence establish lack of authority to enter? | 013110.docx | LEGALEASE-00156561-LEGALEASE-00156562 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Davis v. State, 142 So. 3d 867 | 67+9(1) | A "breaking" sufficient to constitute burglary is conducted by an act of force, regardless of how slight, necessary to be used in entering a building, such as turning a knob, a slight push to further open a door, or raising a latch. | Does turning a door knob constitute a breaking? | 013123.docx | LEGALEASE-00156536-LEGALEASE-00156537 |
| State v. Nelson, 158 Wash. 2d 699 | 67+9(1) | "Breaking" in law of burglary constitutes any act of force, however slight, employed to effect an entrance and a constructive breaking occurs where entrance is obtained as consequence of violence commenced or threatened by defendant. | What does constructive breaking mean in the context of burglary? | 013138.docx | LEGALEASE-00156599-LEGALEASE-00156600 |
| State v. Eastlack, 180 Ariz. 243 | 67+10 | Weapon or dangerous instrument obtained by burglar during course of burglary and held as loot or stolen goods does not by itself render burglar "armed" within meaning of first-degree burglary statute. A.R.S. S 13-1508. | Does obtaining a weapon as loot during a burglary arm a burglar? | 013168.docx | LEGALEASE-00156579-LEGALEASE-00156580 |
| City of Spokane v. Spokane Police Guild, 87 Wash. 2d 457 | 371+2002 | If primary purpose of legislation is regulation rather than raising revenue, such legislation cannot be classified as a tax even if a burden or charge is imposed. | "Where the primary purpose of legislation is regulation rather than raising revenue, can the legislation be classified as a tax?" | Taxation - Memo # 998 - C - JL_62499.docx | ROSS-003280441-ROSS-003280442 |
| In re Porterfield, 331 B.R. 480 | 349A+10 | Rental-purchase agreement, within meaning of Florida's Rental Purchase Agreement Act, pursuant to which Chapter 13 debtor "leased" certain household property for automatically renewing one-month terms with option to buy, was not in nature of disguised "security agreement," under which lessor had mere security interest that could be stripped down to value of this household property, but was true "unexpired lease," that debtor had to assume or reject in accordance with bankruptcy statute governing debtor's executory contracts and unexpired leases. 11 U.S.C.A. S 365; West's F.S.A. S 559.9232(2)(e, f). | Are rental purchase agreements true leases or security agreements? | Consumer Credit - Memo 21-AM_62558.docx | ROSS-003278461-ROSS-003278462 |
| USLIFE Corp. v. U.S. Life Ins. Co., 560 F. Supp. 1302 | 156+52(1) | Equitable estoppel focuses on relationship between parties to prior litigation, and applies where one of parties has detrimentally relied upon position taken by other party in earlier proceeding. | Does equitable estoppel focus on the relationship between parties to the prior litigation? | 017803.docx | LEGALEASE-00156713-LEGALEASE-00156714 |
| Tusino v. Zoning Bd. of Appeals of Douglas, 90 Mass. App. Ct. 89 | 307A+690 | A dismissal for lack of subject matter jurisdiction is ordinarily without prejudice because it is typically not an adjudication on the merits. | Is a dismissal for lack of subject matter jurisdiction ordinarily without prejudice because it is typically not an adjudication on the merits? | Pretrial Procedure - Memo # 10462 - C - DA_64150.docx | ROSS-003292410-ROSS-003292411 |
| Texas Tech Univ. Health Scis. Ctr. v. Lucero, 234 S.W.3d 158 | 307A+554 | When a lawsuit is barred by sovereign immunity, the trial court lacks subject-matter jurisdiction, and dismissal with prejudice is proper. | "When a claim is barred by sovereign immunity, does the trial court lack subject-matter jurisdiction and dismissal with prejudice is proper?" | 024957.docx | LEGALEASE-00157241-LEGALEASE-00157242 |
| Crooked Creek, III v. City of Greenwood, 352 Ark. 465 | 307A+690 | Words "with prejudice," when used in an order of dismissal, have a definite and well known meaning; they indicate that the controversy is thereby concluded. | "Do the words ""with prejudice,"" when used in an order of dismissal indicate that the controversy is thereby concluded?" | 025067.docx | LEGALEASE-00156785-LEGALEASE-00156786 |
| Pitruzello v. Muro, 70 Conn. App. 309 | 307A+693.1 | A ruling on a motion to dismiss is neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action. Practice Book 1998, S 10-30. | Is a ruling on a motion to dismiss neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action? | 025176.docx | LEGALEASE-00157237-LEGALEASE-00157238 |
| Thibodeaux v. Ferrellgas Inc., 717 So. 2d 668 | 307A+693.1 | Until a judgment dismissing a suit is filed, the proceeding is still pending even if the parties have settled the matter. | "Until a judgment dismissing a suit is filed, is the proceeding still pending even if the parties have settled the matter?" | 025200.docx | LEGALEASE-00157275-LEGALEASE-00157276 |
| Hunt v. Dallmeyer, 517 S.W.2d 720 | 307A+693.1 | Action itself is dismissed only when court sustains motion to dismiss petition without stating anything in order that action is to continue. | Is an action itself dismissed only when court sustains motion to dismiss petition without stating anything in order that action is to continue? | 025265.docx | LEGALEASE-00156887-LEGALEASE-00156888 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mongeon v. Burkebile, 79 N.D. 234 | 307A+517.1 | Dismissal of action or proceeding with prejudice commonly implies not only termination of particular action or proceeding then before court but also right of action upon which it is based. | Does a dismissal of action or proceeding with prejudice commonly imply termination of a particular action or proceeding then before court? | 025309.docx | LEGALEASE-00157032-LEGALEASE-00157033 |
| Brock v. Harris, 34 Ala. App. 593 | 307A+693.1 | The statute providing that two non-suits are equivalent to verdict against party suffering them is in derogation of the common law, and is to be strictly construed. Code 1940, Tit. 7, S 254. | Is the statute providing that two non-suits are equivalent to verdict against party suffering them in derogation of the common law? | 025317.docx | LEGALEASE-00157042-LEGALEASE-00157043 |
| Hickman v. Ritchey Coal Co., 252 Ill. App. 560 | 307A+693.1 | Upon dismissal of suit, parties are out of court and no further proceedings are authorized until judgment of dismissal is vacated and cause reinstated. | "Upon dismissal of suit, are parties out of court and are no further proceedings authorized until judgment of dismissal is vacated and cause reinstated?" | Pretrial Procedure - Memo # 10698 - C - SN_62677.docx | ROSS-003294426-ROSS-003294427 |
| Cornelius v. CJ Morrill, 302 S.W.3d 176 | 307A+675 | A pleader may literally plead himself out of court, and when facts constituting a defense appear affirmatively on the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. | Can a pleader plead himself out of court? | Pretrial Procedure - Memo # 10709 - C - KS_62685.docx | ROSS-003294664-ROSS-003294665 |
| HICA Educ. Loan Corp. ex rel. Sallie Mae v. Fielding, 953 So. 2d 1261 | 307A+581 | Willful default or conduct warranting dismissal for want of prosecution is a conscious or intentional failure to act; willful is used in contradistinction to accidental or involuntary noncompliance, and no wrongful motive or intent is necessary to show willful conduct. | Is willful default a conscious or intentional failure to act? | Pretrial Procedure - Memo # 10714 - C - SK_63250.docx | ROSS-003311266-ROSS-003311267 |
| Natixis Real Estate Capital Tr. 2007-HE2 v. Natixis Real Estate Holdings, 149 A.D.3d 127 | 307A+622 | A motion to dismiss for failure to state a cause of action lies if the pleading is defective on its face. McKinney's CPLR 3211(a)(7). | Does a motion to dismiss for failure to state a cause of action lie if the pleading is defective on its face? | Pretrial Procedure - Memo # 10715 - C - SK_63251.docx | ROSS-003296463-ROSS-003296464 |
| Jaroszewski v. Flege, 297 S.W.3d 24 | 307A+581 | Even a meritorious case may be dismissed for failure to prosecute, if the totality of the circumstances shows that the plaintiff is not actively prosecuting the case. Rules Civ.Proc., Rule 41.02. | "Can a meritorious case be dismissed for failure to prosecute, if the totality of the circumstances shows that the plaintiff is not actively prosecuting the case?" | 025363.docx | LEGALEASE-00157405-LEGALEASE-00157406 |
| Reid v. Spazio, 970 A.2d 176 | 307A+561.1 | Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate when deciding a motion todismiss for failure to state a claim upon which relief can be granted. Chancery Court Rule 12(b)(6). | Can the dismissal of a complaint based upon an affirmative defense be appropriate? | Pretrial Procedure - Memo # 10731 - C - KG.docx | LEGALEASE-00047297-LEGALEASE-00047298 |
| McLeod v. Marion Labs., 600 S.W.2d 656 | 307A+561.1 | For affirmative defense to be sustained upon bare motion to dismiss, defense must be irrefutably established by plaintiff's pleading. V.A.M.R. Civil Rule 55.27(a)(1). | Should defenses be established by pleadings for affirmative defense to be sustained upon bare motion to dismiss? | Pretrial Procedure - Memo # 10739 - C - KI_63394.docx | ROSS-003280210-ROSS-003280211 |
| McLeod v. Marion Labs., 600 S.W.2d 656 | 307A+561.1 | For affirmative defense to be sustained upon bare motion to dismiss, defense must be irrefutably established by plaintiff's pleading. V.A.M.R. Civil Rule 55.27(a)(1). | Should defenses be established by pleadings for affirmative defense to be sustained upon bare motion to dismiss? | 025392.docx | LEGALEASE-00157982-LEGALEASE-00157983 |
| Gagliano v. Advanced Specialty Care, P.C., 167 Conn. App. 826 | 308+1 | Labels used by the parties in referring to their relationship are not determinative as to agency; rather, a court must look to the operative terms of their agreement or understanding. | Are the labels used by the parties in referring to their agency relationship determinative? | 041804.docx | LEGALEASE-00157928-LEGALEASE-00157929 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tall v. Comcast of Potomac, 729 F. Supp. 2d 342 | 231H+23 | Under District of Columbia law, in determining whether an agency relationship exists, the court must look for evidence of the parties' consent to establish a principal-agent relationship, and for evidence that the activities of the agent are subject to the principal's control; relevant factors include (1) the selection and engagement of the servant, (2) the payment of wages, (3) the power to discharge, (4) the power to control the servant's conduct, and (5) whether the work is part of the regular business of the employer. | Should the court look for evidence of the parties' consent to establish a principal-agent relationship? | Principal and Agent - Memo 452 - RK_63572.docx | ROSS-003278799-ROSS-003278800 |
| Mobil Oil Corp. v. Linear Films, 718 F. Supp. 260 | 308+1 | Pure agency relationship may develop between two corporations whether the two are parent and subsidiary or completely unrelated outside of limited agency setting since complete or general domination and control of agent by principal is not required. | Can agency relationship develop if the two separate corporations are parent and subsidiary? | Principal and Agent - Memo 461- PR_63475.docx | ROSS-003292416-ROSS-003292417 |
| Travelers Ins. Co. v. Handleman Co., 797 F. Supp. 579 | 308+1 | Under Connecticut law, existence of agency relationship is question of fact which requires manifestation by principal that agent will act for him, acceptance of undertaking by agent, and understanding by parties that principal is in control. | Is the existence of an agency relationship a question of fact? | Principal and Agent - Memo 488 - KK_62691.docx | ROSS-003321908-ROSS-003321909 |
| White v. Revco Disc. Drug Centers, 33 S.W.3d 713 | 308+14(1) | An agency relationship does not require an explicit agreement, contract, or understanding between the parties, and when the facts establish the existence of an agency relationship, it will be found to exist whether the parties intended to create one or not. | Does an agency relationship require an explicit agreement or contract? | Principal and Agent - Memo 509 - KK_63287.docx | ROSS-003320848-ROSS-003320849 |
| Bd. of Overseers of The Bar v. Lee, 422 A.2d 998 | 371+2002 | Taxes are primarily intended to raise revenue while license fees are part of a regulatory program and are intended to cover costs of administering such a program under police power of government; test for distinguishing between taxes and license fees relates to the purpose of the assessment and not its effect. | "If a fee is part of a regulatory program, is such fee taxes or license fees?" | 044514.docx | LEGALEASE-00157349-LEGALEASE-00157350 |
| City of Philadelphia v. Se. Pennsylvania Transp. Auth., 8 Pa. Cmwlth. 280 | 371+2002 | Common distinction between taxes and license fees is that "taxes" are revenue-producing measures authorized under taxing power of government; while "license fees" are regulatory measures intended to cover costs of administering regulatory scheme authorized under police power of government. | What is the common distinction between taxes and license fees? | Taxation - Memo # 1016 - C - JL_63294.docx | ROSS-003281611-ROSS-003281612 |
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 377E+48(2) | In gauging imminence, for the purpose of the offense of terroristic threats, the desired and sought-after reaction of the victim, regardless of whether the threat was real or was carried out, is some evidence of the defendant's intent to place the victim in fear of imminent serious injury. V.T.C.A., Penal Code S 22.07(a)(2). | What is the desired and sought after reaction of the victim evidence for the purposes of a conviction for threats? | 046703.docx | LEGALEASE-00157066-LEGALEASE-00157068 |
| State v. Phelps, 266 Kan. 185 | 3.77E+34 | Proper test to determine the reaction of an alleged victim in an intimidation or aggravated intimidation charge is objective, not subjective, i.e., that of a reasonable person; there are exceptions to this rule, such as where the perpetrator has knowledge of a particular vulnerability of the victim and then acts with full knowledge of the victim's vulnerability. | What is the proper test to determine the reaction of an alleged victim in an intimidation charge? | Threats - Memo #161 - C - LB_62716.docx | ROSS-003293785-ROSS-003293786 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Sholley, 432 Mass. 721 | 3.77E+11 | Assessment whether the defendant made a threat, for purposes of charge of threatening to commit a crime, is not confined to a technical analysis of the precise words uttered; rather, the jury may consider the context in which the allegedly threatening statement was made and all of the surrounding circumstances. M.G.L.A. c. 275, S 2. | Is the assessment of whether the defendant made a threat confined to a technical analysis of the precise words uttered? | "Threats, Stalking and Harassment - Memo #136 - C - LB_63314.docx" | ROSS-003298552-ROSS-003298553 |
| Caldwell v. Caldwell, 55 So. 2d 258 | 413+102 | "Employment" within workmen's compensation law, means an engagement or contract to perform or render some sort of service to one to whom such service is due and injuries sustained by person thus bound, and not of a character otherwise that warrants their exclusion from purview of compensation act, are compensable. LSA-R.S. 23:1021 et seq. | "In workmens compensation, does employment mean an engagement or contract to perform or render some sort of service to one to whom such service is due?" | 047701.docx | LEGALEASE-00157648-LEGALEASE-00157649 |
| Bonhiver v. State Bank of Clearing, 29 Ill. App. 3d 794 | 83E+481 | A nonnegotiable time certificate of deposit is transferable by assignment; the bank's obligation is to pay the payee or assignee but the assignee stands in no better position than his assignor when demand for payment is made. | Does an assignee stand in a better position than his assignor? | Bills and Notes - Memo 1424 - RK.docx | LEGALEASE-00047823-LEGALEASE-00047824 |
| Osgood's Adm'rs v. Artt, 17 F. 575 | 83E+416 | As a general rule the legal title to negotiable paper payable to order passes only by the payee's indorsement on the security itself, or on a piece of paper so attached to the original instrument as, in effect, to become a part of it or incorporated into it. | "Does legal title to negotiable paper, payable to order, passes only by payees indorsement on the security?" | 010892.docx | LEGALEASE-00158536-LEGALEASE-00158537 |
| Heiden v. Beuttler, 11 F.Supp. 290 | 289+957 | Generally, liquidating surviving partner of firm dissolved by death of one partner cannot make a note in name of firm binding copartnership for pre-existing debt, but giving of new note for pre-existing indebtedness of partnership by surviving member does not cancel original indebtedness, unless it was intention of parties to do so. | Does a surviving partner have power to make a note in the name of the firm? | Partnership - Memo 520 - GP_64060.docx | ROSS-003295000-ROSS-003295001 |
| Ankeny v. Lockheed Missiles & Space Co., 88 Cal. App. 3d 531 | 302+192(2) | In pleading, the essential facts upon which a determination of the controversy depends should be stated with clearness and precision so that nothing is left to surmise; recitals, references to, or allegations of material facts which are left to surmise are subject to special demurrer for uncertainty. | Should the essential facts upon which a determination of the controversy depends be stated with clearness and precision? | 023829.docx | LEGALEASE-00158713-LEGALEASE-00158714 |
| City of Clearwater v. U.S. Steel Corp., 469 So. 2d 915 | 307A+562 | Res judicata is an affirmative defense and affirmative defenses cannot be raised in a motion to dismiss unless the allegations of a prior pleading in the case demonstrate their existence. | Can affirmative defenses be raised in motion to dismiss if allegations of complaint demonstrate their existence? | 025396.docx | LEGALEASE-00158604-LEGALEASE-00158605 |
| McLeod v. Marion Labs., 600 S.W.2d 656 | 307A+561.1 | For affirmative defense to be sustained upon bare motion to dismiss, defense must be irrefutably established by plaintiff's pleading. V.A.M.R. Civil Rule 55.27(a)(1). | Should affirmative defense be established by plaintiff's pleading to be sustained upon bare motion to dismiss? | 025453.docx | LEGALEASE-00158346-LEGALEASE-00158347 |
| Anthony v. Tidwell, 560 S.W.2d 908 | 307A+682.1 | Complaint is subject to dismissal for failure to state claim if affirmative defense clearly and unequivocally appears on face of complaint; it is not necessary for defendant to submit evidence in support of motion to dismiss when facts on which he relies to defeat plaintiff's claim are admitted by plaintiff in his complaint. Rules of Civil Procedure, rule 12.02(6). | Will a complaint be dismissed if affirmative defense clearly and unequivocally appears on face of complaint? | Pretrial Procedure - Memo # 10790 - C - NS_63657.docx | ROSS-003293089-ROSS-003293090 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kenley v. Quintana Petroleum Corp., 931 S.W.2d 318 | 307A+699 | Party requesting reinstatement following dismissal for want of prosecution has burden to bring forth record establishing that reinstatement was required; affidavit or other competent evidence is required to affirmatively show that no notice was received. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a party requesting reinstatement following dismissal for want of prosecution have a burden to bring forth a record establishing that reinstatement was required? | 025549.docx | LEGALEASE-00158560-LEGALEASE-00158561 |
| Archer v. Tudor Const. Co., 649 So. 2d 1251 | 307A+581 | In deciding whether to dismiss action with or without prejudice, for plaintiff's failure to appear on day set for trial, trial court is afforded great discretion. LSA-C.C.P. art. 1672, subd. A. | "In deciding whether the dismissal is with or without prejudice, is a trial court afforded great discretion as the trial judge is more familiar with the conditions and requirements of his trial docket?" | 025665.docx | LEGALEASE-00158114-LEGALEASE-00158115 |
| Crooked Creek, III v. City of Greenwood, 352 Ark. 465 | 307A+690 | Where a dismissal is with prejudice, it is conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. | "Where a dismissal is with prejudice, it is conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff?" | 025681.docx | LEGALEASE-00158218-LEGALEASE-00158219 |
| State of New Mexico Uninsured Employers' Fund v. Gallegos, 395 P.3d 533 | 307A+693.1 | When a case is dismissed without prejudice for failure to prosecute, the dismissal operates to leave the parties as if no action has been brought at all. | "When a case is dismissed without prejudice for failure to prosecute, does the dismissal operate to leave the parties as if no action has been brought at all?" | 025693.docx | LEGALEASE-00158302-LEGALEASE-00158303 |
| ATM Ltd. v. Caporicci Footwear Ltd., Corp., 867 So. 2d 413 | 307A+693.1 | After the final dismissal of a claim or complaint, either with or without prejudice, the trial court is without further case jurisdiction and cannot render a judgment of any kind in the case. | Can a trial court render a judgment after the final dismissal of a claim or complaint? | 025759.docx | LEGALEASE-00158733-LEGALEASE-00158734 |
| Crow v. Giebelhaus, 241 Neb. 4 | 307A+693.1 | Court's dismissal of action after demurrer has been sustained to petition and plaintiff declines to replead is final order. | "Is a court's dismissal of action after demurrer has been sustained to petition and plaintiff declined to replead, a final order?" | Pretrial Procedure - Memo # 11006 - C - SKG_64126.docx | ROSS-003292676-ROSS-003292677 |
| Elder v. Robins, 7 Ill. App. 3d 657 | 307A+693.1 | Dismissal with prejudice has same effect as if case had been completely tried on its merits resulting in judgment adverse to plaintiff. | Does a dismissal with prejudice have the same effect as if a case had been completely tried on its merits resulting in judgment adverse to a plaintiff? | 025831.docx | LEGALEASE-00158490-LEGALEASE-00158491 |
| Bank of Am., N.A. v. 414 Midland Ave. Assocs., 78 A.D.3d 746 | 307A+561.1 | Affirmative defense which merely pleads conclusions of law without any supporting facts should be dismissed. McKinney's CPLR 3211(b). | Should affirmative defense which merely pleads conclusions of law without any supporting facts be dismissed? | 025911.docx | LEGALEASE-00158142-LEGALEASE-00158143 |
| Fuller Family Holdings v. N. Tr. Co., 371 Ill. App. 3d 605 | 30+3893 | In reviewing the grant of a motion to dismiss based on defects or defenses which avoid or defeat claims, the Appellate Court accepts as true the well-pled allegations of the plaintiff's complaint and the evidentiary facts in a defendant's supporting affidavit which have not been refuted in a counteraffidavit of the plaintiff. S.H.A. 735 ILCS 5/2-619. | When will a court accept well pleaded allegations as true? | Pretrial Procedure - Memo # 11094 - C - KS_63832.docx | ROSS-003293817-ROSS-003293818 |
| McKay v. Kusper, 252 Ill. App. 3d 450 | 307A+561.1 | Dismissal of action under statute governing involuntary dismissal on ground that claim is barred by other affirmative matter avoiding legal effect of or defeating claim is proper when motion, supported by affidavit, includes defenses that defeat cause of action completely. Ill.Rev.Stat.1991, ch. 110, P 2-619(a)(9). | Will a dismissal of action be proper when motion supported by affidavit includes defenses that defeat cause of action completely? | 039547.docx | LEGALEASE-00159206-LEGALEASE-00159207 |
| Livesley v. Lasalette, 28 Wis. 38 | 308+92(1) | The declarations of an agent, not made at the time of the transaction so as to constitute a part of the res gestae, and not authorized by the principal, are not binding upon the latter; and this rule applies where a husband acts as agent of his wife. | Do declarations made by an agent at the time of an act constitute a part of the res gest to bind the principal? | 041669.docx | LEGALEASE-00158922-LEGALEASE-00158923 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Simpson v. Compagnie Nationale Air France, 42 Ill. 2d 496 | 308+3(1) | A "broker", as distinguished from an agent, sustains no fixed and permanent employment by or in relation to any principal, but holds himself out for employment by public generally, his employment being that of special agent for single object, whereas "agent" sustains fixed and permanent relation to his principal and owes permanent and continued allegiance. | How is a broker distinguished from an agent? | Principal and Agent - Memo 390 - RK_63948.docx | ROSS-003306718-ROSS-003306719 |
| McAfee v. Agilysys, 316 S.W.3d 820 | 308+1 | The critical element of an agency relationship is the right to control, and the principal must have control of both the means and details of the process by which the agent is to accomplish his task in order for an agency relationship to exist. | "Is right to control, the critical element of agency relationship?" | Principal and Agent - Memo 470 - PR_63793.docx | ROSS-003323494-ROSS-003323495 |
| In re IFS Fin. Corp., 417 B.R. 419 | 308+1 | Under Texas Law, "agency" is a legal relationship created by the express or implied agreement between the parties, or by operation of law, under which the agent is authorized to act for and on behalf of the principal, and subject to the principal's control. | Is an agent subject to the principal's control? | Principal and Agent - Memo 546 - RK_64004.docx | ROSS-003310273-ROSS-003310274 |
| Johnson v. Owens, 629 S.W.2d 873 | 308+1 | An essential element of proof of agency is that alleged principal has both right to assign agent's task and to control means and details of process by which agent will accomplish the task. | Is the right to assign the agents task an essential element of agency? | Principal and Agent - Memo 586 - RK_64420.docx | ROSS-003309928-ROSS-003309929 |
| In re Pedro J.C., 154 Conn. App. 517 | 24+179 | The juvenile court, when considering making a special immigrant juvenile status (SIJS) eligibility finding due to neglect, must not concern itself with whether the juvenile's application constitutes a potential abuse or misuse of the SIJS provisions. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Should a juvenile court be concerned with whether the juvenile application constitutes a potential misuse of SIJS provisions? | "Aliens, Immigration and Citizenship - Memo 147 - RK_64785.docx" | ROSS-003279376-ROSS-003279377 |
| Majlinger v. Cassino Contracting Corp., 25 A.D.3d 14 | 24+102 | When Congress enacts a statute touching the rights, privileges, obligations or burdens of aliens as such, the statute is the supreme law of the land. | Does a statute enacted by Congress touching on the rights & privileges of aliens becomes the supreme law of the land? | "Aliens, Immigration and Citizenship - Memo 70 - RK_64804.docx" | ROSS-003297165-ROSS-003297166 |
| Arizona v. United States, 567 U.S. 387 | 360+18.43 | Even if State may make violation of federal law a crime in some instances, it cannot do so in field, like field of alien registration, that has been occupied by federal law. U.S.C.A. Const. Art. 6, cl. 2. | Can a state make a violation of federal law a crime in a field that has been occupied by federal law? | "Aliens, Immigration and Citizenship - Memo 90 - RK_64823.docx" | ROSS-003297581-ROSS-003297582 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+423 | Since person and identity of alien are not themselves suppressible as fruit of an illegal arrest, Immigration and Naturalization Service must prove only alienage in a deportation proceeding and that will sometimes be possible using evidence gathered independently of, or sufficiently attenuated from, original arrest. | Is the identity of a respondent suppressible in a civil proceeding? | "Aliens, Immigration and Citizenship - Memo 94 - RK.docx" | LEGALEASE-00049161-LEGALEASE-00049162 |
| Fant v. State, 881 S.W.2d 830 | 135H+25 | Proceedings under contraband forfeiture statute were not so punitive in form and effect as to render them criminal despite legislature's contrary intent, and therefore forfeiture proceedings under statute were neither "punishment" nor criminal for purposes of double jeopardy clause; statute served important nonpunitive goals of encouraging property owners to exercise care in managing their property, preventing use of property for illegal purposes, and insuring that persons do not profit from illegal acts. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14; Vernon's C.C.P. art. 59.01 et seq. | "Are in rem forfeiture proceedings neither ""punishment"" nor ""criminal"" for purposes of the Double Jeopardy Clause?" | 015101.docx | LEGALEASE-00160437-LEGALEASE-00160438 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659 | 217+1712 | The terms "insurance" or "insurance contract" generally refer to a policy issued by an authorized and licensed insurance company whose primary business is to assume certain risks of loss of its insureds, in exchange for the payment of a premium. | What is an insurance contract? | 019564.docx | LEGALEASE-00159252-LEGALEASE-00159253 |
| Metzger v. Breeze Corps., 37 F. Supp. 693 | 170A+631 | The Federal rules are based on the theory of a rather general form of pleading and enjoin simplicity, conciseness and directness, while eschewing technical forms. Fed.Rules Civ.Proc., rule 8(e)(1,2), (f), 28 U.S.C.A. | Are the Federal Rules of Civil Procedure based on the theory of a rather general form of pleading? | 023846.docx | LEGALEASE-00159393-LEGALEASE-00159394 |
| Dorin v. Occidental Life Ins. Co. of Cal., 132 Ill. App. 2d 387 | 302+354 | Defenses which are in their nature factual rather than legal do not constitute grounds for a motion to dismiss, but must be set forth in an answer to plaintiff's pleading. | Can defenses which are factual set forth in an answer to plaintiff's pleading? | 039585.docx | LEGALEASE-00159493-LEGALEASE-00159494 |
| Siculan v. Koukos, 74 A.D.3d 946 | 307A+746 | To vacate dismissal of personal injury action for failure of plaintiff's counsel to appear at a scheduled conference, plaintiff was required to demonstrate a reasonable excuse for the failure to appear and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27(b). | "In order to vacate a dismissal for failure to appear, is a plaintiff required to demonstrate a reasonable excuse for his or her failure to appear?" | 039701.docx | LEGALEASE-00160493-LEGALEASE-00160494 |
| Andrews v. Stanton, 198 S.W.3d 4 | 307A+697 | A trial court has plenary power to reinstate a case within 30 days of dismissal for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Does a trial court have plenary power to reinstate a case within 30 days of dismissal for want of prosecution? | 039766.docx | LEGALEASE-00159331-LEGALEASE-00159332 |
| Stephens v. Messick, 2002 PA Super 117 | 307A+581 | Initial entry of a judgment of non pros and a subsequent request for relief from a judgment of non pros are governed by different standards. | Are an initial entry of a judgment of non pros and a subsequent request for relief from a judgment of non pros governed by different standards? | 039785.docx | LEGALEASE-00159358-LEGALEASE-00159359 |
| Olson v. Accessory Controls & Equip. Corp., 54 Conn. App. 506 | 307A+694 | Ruling on motion to dismiss is neither a ruling on the merits of the action, nor a test of whether the complaint states a cause of action. | "Is a ruling on a motion to dismiss neither a ruling on the merits of the action, nor a test of whether the complaint states a cause of action?" | 039865.docx | LEGALEASE-00159638-LEGALEASE-00159639 |
| Monterey Bay Military Hous. v. Pinnacle Monterey LLC, 116 F. Supp. 3d 1010 | 308+33 | Under California law, the statutory power of a principal to revoke an agency is independent and distinguishable from a contractual right to terminate that relationship. Cal. Civ. Code S 2356. | Is the statutory power of a principal to revoke an agency is independent and distinguishable from a contractual right to terminate the relationship? | 041289.docx | LEGALEASE-00159501-LEGALEASE-00159502 |
| Menard Inc. v. Dep't of Treasury, 302 Mich. App. 467 | 371+3602 | Pursuant to the General Sales Tax Act (GSTA), business persons engaged in making sales at retail must pay an annual tax for the privilege of engaging in business in this state. M.C.L.A. S 205.52(1). | Is the sales tax imposed on the retailer for the privilege of engaging in the business of making retail sales? | 046191.docx | LEGALEASE-00159748-LEGALEASE-00159749 |
| In re Lee's Estate, 17 Misc. 2d 575 | 294+67(1) | The unexplained delivery of a check by one person to another does not raise any inference that it was given as a loan but the presumption is that it was given in discharge of an obligation rather than in creation of a new one. | Does unexplained delivery of a check raise a presumption that it was given in payment of a debt? | 010481.docx | LEGALEASE-00161134-LEGALEASE-00161135 |
| United States v. Denogean, 79 F.3d 1010 | 135H+25 | Defendant's failure to judicially contest civil forfeiture action is fatal to double jeopardy challenge to subsequent criminal proceeding. U.S.C.A. Const.Amend. 5. | Is a defendant's failure to contest civil forfeiture action fatal to a double jeopardy challenge? | Double Jeopardy - Memo 40 - C - KI_65141.docx | ROSS-003281210 |
| Arnold v. State, 33 Ohio App. 185 | 135H+25 | Federal civil suits for forfeiture of property involved in drug offenses are not criminal offenses, but forfeiture may be barred by double jeopardy if it constitutes punishment. U.S.C.A. Const.Amend. 5. | Are federal civil suits for forfeiture of property involved in drug offenses not criminal offenses? | Double Jeopardy - Memo 58 - C - SN_65158.docx | ROSS-003283505 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Storer, 368 S.W.3d 293 | 135H+95.1 | Dismissal filed after a jury has been impaneled and sworn is with prejudice, pursuant to statute, unless the defendant has consented to having the case dismissed without prejudice. V.A.M.S. S 56.087(2, 4). | "Is a dismissal filed after a jury has been impaneled and sworn is with prejudice, unless the defendant has consented to having the case dismissed without prejudice?" | Double Jeopardy - Memo 64 - C - SJ_65164.docx | ROSS-003284180-ROSS-003284181 |
| In re Marcus B., 95 A.D.3d 15 | 135H+96 | Double Jeopardy Clause limits instances in which mistrial can be declared without criminal defendant's consent. U.S.C.A. Const.Amend. 5; McKinney's Const. Art. 1, S 6. | Does the Double Jeopardy Clause limit instances in which a mistrial can be declared without a criminal defendant's consent? | 015978.docx | LEGALEASE-00160773-LEGALEASE-00160774 |
| Peasley v. White, 129 Me. 450 | 200+177 | Automobile driver encountering fog is not bound as matter of law to stop and wait for fog to lift to escape charge of negligence. | Is the driver of an automobile required to stop and wait for fog to lift in order to escape the charge of negligence? | Highways - Memo 391 - RK_66321.docx | ROSS-003319760-ROSS-003319761 |
| Barclay v. Howell's Lessee, 31 U.S. 498 | 200+83 | By the common law, the fee in the soil over which a public road passes remains in the original owner. If the road is vacated by the public, he resumes the exclusive possession. While it is used as a highway, the timber and grass upon its surface, and the minerals below it, are his; and he may maintain trespass against any one obstructing such road. | "Does the fee in the soil where a public road is made upon it, but the use of the road is in the public, remain in the original owner under the common law?" | 018827.docx | LEGALEASE-00161651-LEGALEASE-00161652 |
| Roberts v. Mississippi State Highway Comm'n, 309 So. 2d 156 | 200+182 | Regulation of vehicle and load weights is long-recognized and long-used method of maintaining and preserving state's highways. Code 1972, S 65-1-47. | Is the regulation of vehicle and load weights a long-recognized and long-used method of maintaining and preserving the state highways? | Highways - Memo 450 - RK_66350.docx | ROSS-003311046-ROSS-003311047 |
| Garrett v. Koepke, 569 S.W.2d 568 | 289+1105 | Section of Uniform Limited Partnership Act, which requires filing with Secretary of State a certificate setting forth certain information pertaining to limited partnership, has purpose to provide notice to third persons dealing with partnership of essential features of partnership arrangement. Vernon's Ann.Civ.St. art. 6132a, S 1 et seq. | "Is the certificate which is filed during the formation of partnership, filed to give third persons notice of the essential features of the limited partnership?" | Partnership - Memo 561 - GP_65233.docx | ROSS-003280610-ROSS-003280611 |
| McErlean v. Union Nat. Bank of Chicago, 90 Ill. App. 3d 1141 | 307A+699 | Leave to amend is properly denied where it is apparent that plaintiff will be unable to plead viable cause of action. | Is leave to amend properly denied where it is apparent that a plaintiff will be unable to plead a viable cause of action? | 039664.docx | LEGALEASE-00160949-LEGALEASE-00160950 |
| Inserra v. Porto, 33 A.D.2d 1092 | 228+143(2) | To prevail on motion to vacate default, movant must present facts showing a justifiable excuse for default as well as a meritorious defense. | "On a motion by a defaulting party to vacate order of dismissal, should he show a justifiable excuse for the default and present evidentiary facts establishing that he has a meritorious cause of action?" | 040007.docx | LEGALEASE-00160519-LEGALEASE-00160520 |
| Mississippi Rice Growers Ass'n (A. A. L.) v. Pigott, 191 So. 2d 399 | 307A+699 | Trial court can reinstate any case during that term of court, or change any order entered at that term of court, for any reason satisfactory to court without notice to adverse party. | Can a court reinstate a case without notice to adverse party during its term in which it was dismissed? | 040013.docx | LEGALEASE-00160717-LEGALEASE-00160718 |
| McClure v. Landis, 959 S.W.2d 679 | 307A+697 | Proof of accident or mistake negates intent or conscious indifference for which reinstatement after dismissal for want of prosecution or equitable motion for new trial will be denied. | Will the court deny reinstatement or new trial when proof of accident or mistake negates intent or conscious indifference? | 040045.docx | LEGALEASE-00161450-LEGALEASE-00161451 |
| Pontiac Lodge No. 294, A.F. & A.M. v. Dept of Revenue, 243 Ill. App. 3d 186 | 307A+697 | Circuit court has reasonable discretion in determining whether to reinstate complaint after it has been dismissed for want of prosecution. | Does a circuit court have reasonable discretion in determining whether to reinstate a complaint after it has been dismissed for want of prosecution? | Pretrial Procedure - Memo 11519 - C - NE_65334.docx | ROSS-003292744-ROSS-003292745 |
| Bristol Co., LP v. Osman, 190 P.3d 752 | 307A+695 | A trial court should allow amendment of a complaint when it will cure a deficiency that otherwise would justify dismissal. | Should a trial court allow amendment of a complaint when it will cure a deficiency that otherwise would justify dismissal? | 040204.docx | LEGALEASE-00161483-LEGALEASE-00161484 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Caruso, Caruso & Branda, P.C. v. Hirsch, 41 A.D.3d 407 | 307A+695 | On motion to dismiss, when a proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave to amend will be denied. McKinney's CPLR 3025(b). | "When a proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, will leave to amend be denied?" | Pretrial Procedure - Memo 11585 - C - NE_65603.docx | ROSS-003293885-ROSS-003293886 |
| In re Cty. Collector of Lake Cty., 343 Ill. App. 3d 363 | 307A+695 | Generally, the trial court should give a plaintiff at least one opportunity to cure the defects in his or her complaint before dismissing complaint. | Should the trial court give a plaintiff at least one opportunity to cure the defects in his or her complaint before dismissing? | 040240.docx | LEGALEASE-00161673-LEGALEASE-00161674 |
| Olin Corp. v. Coastal Water Auth., 849 S.W.2d 852 | 307A+695 | Ordinarily, litigant may refile action that has been dismissed for want of prosecution, since merits of action remain undecided. | "Can a litigant refile an action that has been dismissed for want of prosecution, since merits of action remain undecided?" | 040319.docx | LEGALEASE-00161064-LEGALEASE-00161065 |
| Hoots v. Pryor, 106 N.C. App. 397 | 307A+695 | While motion to dismiss for failure to state claim does not terminate party's unconditional right to amend pursuant to rules, entering of dismissal for failure to state claim does terminate that right. Rules Civ.Proc., Rules 12(b)(6), 15(a), G.S. S 1A-1. | "While motion to dismiss for failure to state claim does not terminate party's unconditional right to amend pursuant to rules, does entering of dismissal for failure to state claim terminate that right?" | 040326.docx | LEGALEASE-00161082-LEGALEASE-00161083 |
| State ex rel. Dawson v. Superior Court of Kittitas Cty., 16 Wash. 2d 300 | 307A+583 | The dismissal of an action for want of prosecution, in absence of statute or court rule creating the power and guiding its action, is in discretion of trial court. | Is the dismissal of an action for want of prosecution in the discretion of the court in the absence of a guiding statute or rule of court? | 040387.docx | LEGALEASE-00160570-LEGALEASE-00160571 |
| Streu v. City of Colorado Springs ex rel. Colorado Springs Utilities, 239 P.3d 1264 | 307A+583 | The decision to dismiss an action for failure to prosecute lies within the sound discretion of the water court. | Does the decision to dismiss an action for failure to prosecute lie within the sound discretion of the water court? | Pretrial Procedure - Memo 11707 - C - SKG_65425.docx | ROSS-003280332-ROSS-003280333 |
| Espinoza v. 373-381 Park Ave. S., 68 A.D.3d 532 | 307A+583 | The nature and degree of the penalty to be imposed on a motion to dismiss for want of prosecution is a matter of discretion with the court. | Is the nature and degree of the penalty to be imposed on a motion to dismiss for want of prosecution a matter of discretion with the court? | Pretrial Procedure - Memo 11713 - C - NE_65431.docx | ROSS-003279094-ROSS-003279095 |
| WMC Mortg. Corp. v. Starkey, 200 S.W.3d 749 | 307A+583 | The trial court may dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence. | Can a court dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence? | 040461.docx | LEGALEASE-00161176-LEGALEASE-00161177 |
| Waldorf Inv. Co. v. Farris, 918 S.W.2d 915 | 30+3206 | Dismissal for failure to prosecute is matter within trial court's discretion which will be reversed only upon abuse of discretion. | Is the dismissal for failure to prosecute a matter within trial court's discretion which will be reversed only upon abuse of discretion? | 040513.docx | LEGALEASE-00161377-LEGALEASE-00161378 |
| Clark v. Yarbrough, 900 S.W.2d 406 | 307A+583 | Trial court has authority to dismiss case for want of prosecution pursuant to statutory or inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the court have authority to dismiss case for want of prosecution pursuant to statutory or inherent powers? | 040517.docx | LEGALEASE-00161383-LEGALEASE-00161384 |
| Omaha Nat. Bank of Omaha v. Mullenax, 211 Neb. 830 | 307A+599 | Where failure to prosecute underlying action, at least in later stages, was due to extended efforts to end litigation by enforcing alleged settlement agreement and record did not establish that delay was entirely due to plaintiffs alone, record did not justify dismissal of action for lack of prosecution. | Is a dismissal for lack of prosecution generally within discretion of trial court? | 040554.docx | LEGALEASE-00160893-LEGALEASE-00160894 |
| Sellers v. Foster, 199 S.W.3d 385 | 307A+583 | A trial court has authority to dismiss a case for want of prosecution under either rule regarding such dismissals or the court's inherent power to maintain and control its docket. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a trial court have authority to dismiss a case for want of prosecution? | 040633.docx | LEGALEASE-00161615-LEGALEASE-00161616 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Bird, 161 N.H. 31 | 3.77E+38 | Whether the defendant's belief in the need to use non-deadly force to terminate the commission of a criminal trespass was reasonable as a defense to charge of criminal trespass is determined by an objective standard; a belief that is unreasonable,even though honest, will not support the defense. | Under the objective standard may an honest yet unreasonable belief support the defense? | 046931.docx | LEGALEASE-00161060-LEGALEASE-00161061 |
| Adams v. Hicks Co., 149 So. 242 | 413+105 | Compensation Law only applies to businesses specially named therein, those electing to come under its terms, and those determined hazardous in advance by courts. Act No. 20 of 1914, S 1, subsec. 3, LSA-R.S. 23:1035. | Does the Compensation law apply to those businesses determined in advance by the courts to be of a hazardous nature? | Workers' Compensation - Memo 693 - C - ANC_65526.docx | ROSS-003280279 |
| Evans v. Anderson, 78 Ill. 558 | 8.30E+10 | The existing laws of the state at the time of making a note therein form a portion of the contract, and the liability of the maker must be determined under them. | Do the existing laws of a State at the time of making a note form a portion of the contract? | Bills and Notes - Memo 1335 - RK_66238.docx | ROSS-003282483 |
| Bologna Bros. v. Morrissey, 154 So. 2d 455 | 83E+433(1) | Every endorsement, accommodation or otherwise, is essentially original contract, equivalent to new note or bill in favor of holder, and accommodation paper is governed by same rules as other paper. | "Is every endorsement, accommodation or otherwise, essentially a contract?" | Bills and Notes - Memo 1348 - RK_66251.docx | ROSS-003308912-ROSS-003308913 |
| United States v. One 1989, 23 Foot, Wellcraft Motor Vessel, Puerto Rico Registration No. PR 2855GG, 910 F. Supp. 46 | 135H+25 | Civil forfeiture of drug proceeds is a remedial sanction that does not constitute punishment for double jeopardy purposes. U.S.C.A. Const.Amend. 5; Comprehensive Drug Abuse Prevention and Control Act of 1970, S 511(a)(6), 21 U.S.C.A. S 881(a)(6). | Is civil forfeiture of drug proceeds a remedial sanction that does not constitute punishment for double jeopardy purposes? | Double Jeopardy - Memo 114 - C - BP_65893.docx | ROSS-003281855-ROSS-003281856 |
| United States v. Vega, 72 F.3d 507 | 135H+25 | Where civil forfeiture settles without hearing, jeopardy does not attach until district court accepts settlement. U.S.C.A. Const.Amend. 5. | "Where civil forfeiture settles without hearing, does jeopardy not attach until a district court accepts settlement?" | 014904.docx | LEGALEASE-00162198-LEGALEASE-00162199 |
| United States v. Lara-Ramirez, 519 F.3d 76 | 135H+96 | A defendant may waive his right to avoid double jeopardy by consenting to a mistrial; ordinarily, the prosecution may then proceed with a new trial. U.S.C.A. Const.Amend. 5. | Can a defendant waive his right to avoid double jeopardy by consenting to a mistrial? | Double Jeopardy - Memo 127 - C - NC_65906.docx | ROSS-003281704 |
| Butler v. State Indus. Acc. Comm'n, 212 Or. 330 | 135H+96 | The Double Jeopardy provision of the Fifth Amendment does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment; rather, a motion by the defendant for a mistrial, which is granted, generally removes any barrier to reprosecution, because by filing a motion for a mistrial, the defendant is deemed to have consented to the second trial. U.S.C.A. Const.Amend. 5. | "Does a motion by the defendant for a mistrial, which is granted, generally remove any barrier to reprosecution?" | Double Jeopardy - Memo 133 - C - NC_66377.docx | ROSS-003280968-ROSS-003280969 |
| United States v. Westoff, 653 F.2d 1047 | 135H+95.1 | In determining constitutionality of retrial after mistrial, test is whether all circumstances of case, not abstract formulae, warrant mistrial and retrial. U.S.C.A.Const.Amend. 5. | "In determining constitutionality of retrial after mistrial, is the test whether all circumstances of a case, not abstract formulae, warrant mistrial and retrial?" | Double Jeopardy - Memo 421 - C - SK_66991.docx | ROSS-003292247-ROSS-003292248 |
| Zeller v. Donegal Sch. Dist. Bd. of Ed., 517 F.2d 600 | 141E+735 | Very nature of the school system, public and private, requires that student liberties and freedom may not be absolute. (Per Aldisert, Circuit Judge, with three Judges concurring and one Judge concurring in dismissal of complaint.) | "Do the very nature of the school system, public and private, requires that student liberties and freedom may not be absolute?" | 017280.docx | LEGALEASE-00162146-LEGALEASE-00162147 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Asshauer v. Wells Fargo Foothill, 263 S.W.3d 468 | 289+1174 | In a limited partnership, a general partner is always liable for the partnership's debts and obligations; therefore, alter ego or piercing the corporate veil is inapplicable with regard to a partnership because no "veil" needs "piercing." Vernon's Ann.Texas Civ.St. art. 6132a-1. | Is the theory of alter ego or the piercing the corporate veil applicable to partnerships? | Partnership - Memo 577 - SNP_65955.docx | ROSS-003280186-ROSS-003280187 |
| Hillme v. Chastain, 75 S.W.3d 315 | 289+453 | The required intent necessary to find the existence of a partnership is not the intent to form a partnership, but the intent to enter a relationship which in law constitutes a partnership. | "Is the required intent, necessary to find the existence of partnership, the intent to enter a relationship which in law constitutes a partnership and not the intent to form a partnership?" | Partnership - Memo 580 - SNP.docx | LEGALEASE-00052030-LEGALEASE-00052031 |
| Morrison v. Labor and Indus. Relations Com'n, 23 S.W.3d 902 | 289+421 | Indicia of a partnership relationship includes a right to a voice in management of the partnership business, a share of the profits of the partnership business, and a corresponding risk of loss and liability to partnership creditors. | Is right to a voice in management of the partnership business an indicia of a partnership relationship? | Partnership - Memo 581 - SNP_65959.docx | ROSS-003306949-ROSS-003306950 |
| Barrett v. City of Margate, 743 So. 2d 1160 | 307A+695 | Dismissing an action with prejudice due to defective pleading is not proper unless the plaintiff has been given an opportunity to amend. | Is dismissing an action with prejudice due to defective pleading proper without giving the plaintiff an opportunity to amend? | Pretrial Procedure - Memo 11532 - C - NS_65970.docx | ROSS-003280665-ROSS-003280666 |
| Enriquez v. Livingston, 400 S.W.3d 610 | 307A+697 | Burden is on the judge to set an oral hearing on a motion to reinstate plaintiff's case which was dismissed for want of prosecution; upon receiving a copy of a motion to reinstate from the court clerk, a trial judge knows, by virtue of the express language of Civil Procedure Rule governing dismissal and reinstatement of cases, that he is required-without discretion-to set the motion for an oral hearing and notify the parties of the date, time, and place of the hearing, and thus, it is unnecessary and illogical to place the burden on the movant to obtain a setting for an oral hearing. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | Does the timely and properly verified motion to reinstate case which has been dismissed for want of prosecution require the trial court to hold an oral hearing on the motion? | 040555.docx | LEGALEASE-00162376-LEGALEASE-00162377 |
| Miller v. Kossey, 802 S.W.2d 873 | 307A+583 | One of fundamental powers possessed by trial court is power to dismiss case when litigant refuses to prosecute case. | Is one of the fundamental powers possessed by trial court is the power to dismiss case when litigant refuses to prosecute case? | 040901.docx | LEGALEASE-00162592-LEGALEASE-00162593 |
| City of Philadelphia v. Pennsylvania Pub. Util. Comm'n, 676 A.2d 1298 | 371+2001 | Classic "tax" is imposed by legislature upon many or all citizens, raises money, contributed to general fund, and spent for benefit of entire community. | Is a classic tax imposed by a legislature upon all citizens? | Taxation - Memo 1029 - C - JL_66474.docx | ROSS-003280989-ROSS-003280990 |
| State of Wisconsin v. J.C. Penney Co., 311 U.S. 435 | 371+2008 | The fact that a tax is contingent on events brought to pass without a state does not destroy the link between such a tax and transactions within a state for which the tax is an exaction. | Does the fact that a tax is contingent upon events brought to pass without a state destroy the nexus between such a tax and transactions? | 046382.docx | LEGALEASE-00162095-LEGALEASE-00162096 |
| Cunningham v. Ferguson, 81 N.H. 380 | 8.30E+10 | Law of particular place where a note is made governs its construction, but a note made and dated in a particular place will be deemed to be a note of that place and governed by law of that country, whether it is expressly made payable there or is payable generally without naming any particular place. | Which law will govern when a note is payable at a particular place? | Bills and Notes - Memo 1318 - RK_66223.docx | ROSS-003320965-ROSS-003320966 |
| Floyd v. Logisticare, 255 Ga. App. 702 | 30+3634 | Dismissal of an action for failure of the plaintiff to prosecute is discretionary and is subject to appellate review for abuse of discretion; likewise, the denial of a motion to reinstate a dismissed action is discretionary. | Is a dismissal of an action for failure of the plaintiff to prosecute discretionary and is subject to appellate review for abuse of discretion? | Pretrial Procedure - Memo 12158 - C - RF_67582.docx | ROSS-003293838 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. Thirty-Seventh Judicial Circuit of Missouri, 847 S.W.2d 755 | 413+186 | In workers' compensation law, one making appointment and receiving services necessarily stands in correlative relation of employer; right to control employee determines employer status. V.A.M.S. SS 105.800, 287.120, subd. 1. | "In Workers Compensation, who stands as, or is determined to be, the employer?" | 048738.docx | LEGALEASE-00162689-LEGALEASE-00162690 |
| People v. Zendano, 31 Misc. 2d 145 | 135H+104 | If trial is necessarily brought to conclusion properly before rendition of verdict, this is no indication of acquittal, nor is it double jeopardy for defendant to be tried again. | "If trial is necessarily brought to conclusion properly before rendition of a verdict, this is no indication of acquittal?" | 015585.docx | LEGALEASE-00162887-LEGALEASE-00162888 |
| Thompson v. U.S., 87 Fed.Cl. 728 | 34+68 | Conditions occurring subsequent to lapse of war risk policy cannot create any right of recovery under expired policy. | Can conditions occurring subsequent to the lapse of a war risk policy create any right of recovery under the expired policy? | Armed Services - Memo 356 - RK.docx | LEGALEASE-00052677-LEGALEASE-00052678 |
| United States v. McGrory, 63 F.2d 697 | 34+68 | Injury resulting in permanent total disability after expiration of war risk policy will not permit recovery thereon. | Does injury resulting in permanent total disability after the expiration of a war risk policy permit recovery? | 008849.docx | LEGALEASE-00163926-LEGALEASE-00163927 |
| In re Gray, 179 Cal. App. 4th 1189 | 79+6 | Every courtroom in which a deputy county clerk is assigned under the law is just as much a part of the county clerk's office as if the partitions were removed and it was in fact a part of one room. West's Ann.Cal.Gov.Code S 69841. | Is every courtroom in which a deputy county clerk is assigned a part of the county clerk's office? | 013558.docx | LEGALEASE-00164114-LEGALEASE-00164115 |
| U.S. Commodity Futures Trading Comm'n v. Kratville, 796 F.3d 873 | 83H+2 | Commodity Exchange Act (CEA) is a remedial statute that serves the crucial purpose of protecting the innocent individual investor, who may know little about the intricacies and complexities of the commodities market, from being misled or deceived. 7 U.S.C.A. S 1 et seq. | What is the legislative purpose of the Commodity Exchange Act (CEA)? | 013622.docx | LEGALEASE-00164194-LEGALEASE-00164195 |
| Lawrence v. Commodity Futures Trading Comm'n, 759 F.2d 767 | 83H+12 | To establish willfulness of violation of Commodities Exchange Act, Commodity Future Trading Commission was only required to show that petitioner's ongoing failure to act was intentional as opposed to accidental; proof of evil motive was unnecessary. Commodity Exchange Act, SS 1-23, as amended, 7 U.S.C.A. SS 1-26. | "For purposes of the Commodity Exchange Act, does the Commission have to prove an evil motive to establish willfulness?" | 013664.docx | LEGALEASE-00164156-LEGALEASE-00164157 |
| Ex parte Hayes, 931 S.W.2d 721 | 135H+59 | For purposes of state constitutional double jeopardy prohibition, jury is considered "impaneled" only after all twelve jurors, plus any alternates, have been qualified and accepted and jury, as a whole, is given requisite oath. Vernon's Ann.Texas Const. Art. 1, S 14. | "Is a jury considered impaneled after twelve jurors, who are qualified and accepted, give a requisite oath?" | 014812.docx | LEGALEASE-00163960-LEGALEASE-00163961 |
| United States v. Leyland, 277 F.3d 628 | 135H+25 | A criminal prosecution following a civil forfeiture is not considered a second punishment for double jeopardy purposes. U.S.C.A. Const.Amend. 5. | Is a criminal prosecution following a civil forfeiture not considered a second punishment for double jeopardy purposes? | Double Jeopardy - Memo 193 - C - SK_66944.docx | ROSS-003280933-ROSS-003280934 |
| United States v. Cueto, 964 F. Supp. 1395 | 180+27 | Civil forfeitures are designed primarily to disgorge fruits of an illegal action and compensate government for any of its costs; in other words, civil forfeiture statutes, while having certain punitive aspects, serve very important nonpunitive goals, so that forfeiture action will not necessary constitute punishment for purposes of double jeopardy clause. U.S.C.A. Const.Amend. 5. | Are civil forfeitures designed primarily to disgorge fruits of an illegal action and compensate government for any of its costs? | 015141.docx | LEGALEASE-00163453-LEGALEASE-00163454 |
| United States v. Doyer, 907 F. Supp. 1519 | 135H+25 | For double jeopardy purposes, jeopardy attaches in civil forfeiture proceeding when evidence is first presented to the trier of fact. U.S.C.A. Const.Amend. 5. | "For double jeopardy purposes, does jeopardy attach in a civil forfeiture proceeding when evidence is first presented to the trier of fact?" | Double Jeopardy - Memo 239 - C - PB_66758.docx | ROSS-003297051-ROSS-003297052 |
| United States v. Palmer, 122 F.3d 215 | 135H+96 | When defendant consents to mistrial before jury reaches verdict, double jeopardy will not bar reprosecution; thus consent can either be express or implied. U.S.C.A. Const.Amend. 5. | "Can a defendant's consent to a mistrial, such as will remove the double jeopardy bar to a second trial, be either express or implied?" | 015222.docx | LEGALEASE-00162959-LEGALEASE-00162960 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown v. State of La., 383 U.S. 131 | 135H+96 | A defendant who either causes or consents to mistrial can be retried without violating double jeopardy principles; as such consent to a mistrial may be implied, an express waiver of double jeopardy rights is not always required. U.S.C.A. Const.Amend. 5; West's Ga.Code Ann. S 16-1-8(a)(2). | Can a defendant who either causes or consents to mistrial be retried without violating double jeopardy principles? | Double Jeopardy - Memo 270 - C - MS_66584.docx | ROSS-003296369-ROSS-003296370 |
| Com. v. Deloney, 20 S.W.3d 471 | 135H+96 | As a general rule, a mistrial granted on the defendant's motion removes any double jeopardy bar to a retrial. U.S.C.A. Const.Amend. 5. | "As a general rule, does a mistrial granted on the defendant's motion remove any double jeopardy bar to a retrial?" | Double Jeopardy - Memo 290 - C - KG_66975.docx | ROSS-003278422-ROSS-003278423 |
| Kemph v. Com., 17 Va. App. 335 | 135H+97 | When defendant requests mistrial due to intentional prosecutorial misconduct, double jeopardy bar will apply; Commonwealth cannot use its own misconduct to gain advantage any more than can defendant. U.S.C.A. Const.Amend. 5. | Can a commonwealth use its own misconduct to gain an advantage by forcing a defendant to request mistrial? | 015283.docx | LEGALEASE-00162895-LEGALEASE-00162896 |
| United States v. Huang, 960 F.2d 1128 | 135H+96 | Fact that defendant consented to mistrial does not deprive him of double jeopardy protection if mistrial was occasioned by conduct of trial judge or prosecutor that was intended to provoke defendant into moving for mistrial; applicability of this exception turns squarely on judge's or prosecutor's intent, and negligence, even if gross, is insufficient. U.S.C.A. Const.Amend. 5. | "Does applicability of the exception turn squarely on a judge's or prosecutor's intent, and negligence, even if gross, is insufficient?" | 015338.docx | LEGALEASE-00163305-LEGALEASE-00163306 |
| State v. Moore, 108 Ariz. 532 | 135H+95.1 | If trial court acted in the exercise of sound discretion in declaring a mistrial, there was no double jeopardy and defendant was properly retried, but if trial court did not so act, defendant should not have been retried. U.S.C.A.Const. Amend. 14. | "If trial court acted in the exercise of sound discretion in declaring a mistrial, is there no double jeopardy?" | 015419.docx | LEGALEASE-00163569-LEGALEASE-00163570 |
| United States v. Gonzalez, 248 F.3d 1201 | 135H+95.1 | As a general rule, the Double Jeopardy Clause does not bar retrial where a defendant moves successfully for a mistrial. U.S.C.A.Const.Amend. 5. | "As a general rule, does the Double Jeopardy Clause not bar retrial where a defendant moves successfully for a mistrial?" | Double Jeopardy - Memo 388 - C - RF_66798.docx | ROSS-003280868-ROSS-003280869 |
| State v. Smith, 10 R.I. 258 | 135H+95.1 | It is prosecutor's duty to shoulder burden of justifying mistrial in order to avoid double jeopardy bar; prosecution must demonstrate manifest necessity for and lack of feasible alternatives to mistrial, even though it was granted sua sponte, if defendant is to be again tried. U.S.C.A. Const.Amend. 5. | Is it a prosecutor's duty to shoulder a burden of justifying mistrial in order to avoid a double jeopardy bar? | Double Jeopardy - Memo 397 - C - MS_66807.docx | ROSS-003294979-ROSS-003294980 |
| People v. Elmore, 59 Cal. 4th 121 | 203+530 | The adverb "unlawfully" in the express malice definition means simply that there is no justification, excuse, or mitigation for the killing recognized by the law. West's Ann.Cal.Penal Code S 188. | Does the adverb unlawfully in the express malice definition mean that there is no justification for killing recognized by the law? | 019403.docx | LEGALEASE-00164030-LEGALEASE-00164031 |
| Gerbig v. White Motor Credit Corp., 165 Mich. App. 372 | 30+3635 | Reinstatement of cause of action dismissed for no progress is within discretion of trial court and its determination will not be disturbed absent abuse of discretion. | Is it within the trial courts discretion to dismiss the reinstatement of a cause of action for no progress? | 040752.docx | LEGALEASE-00163313-LEGALEASE-00163314 |
| Wigglesworth v. Mauldin, 195 Ariz. 432 | 307A+695 | Before the trial court grants motion to dismiss for failure to state claim, non-moving party should be given opportunity to amend complaint if such amendment cures its defects. 16 A.R.S. Rules Civ.Proc., Rule 12(b), subd. 6. | "If requested, should the non-moving party be given an opportunity to amend the complaint if such amendment cures its defects?" | 040800.docx | LEGALEASE-00163851-LEGALEASE-00163852 |
| Torres v. Rios, 869 S.W.2d 555 | 307A+583 | Trial court has authority to dismiss cause for want of prosecution pursuant to court's inherent powers as well as under rules of procedure. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the trial court have authority to dismiss cause for want of prosecution pursuant to court's inherent powers? | 040950.docx | LEGALEASE-00163255-LEGALEASE-00163256 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Davis v. Zoning Bd. of Adjustment of City of La Porte, 853 S.W.2d 650 | 307A+583 | Trial court has inherent authority to dismiss lawsuit for party's failure to prosecute it with due diligence, even without statutory or rule authority. | Does the trial court have inherent authority to dismiss lawsuit for party's failure to prosecute it with due diligence? | 040967.docx | LEGALEASE-00163286-LEGALEASE-00163287 |
| In re Interest of Jeffrey K., 273 Neb. 239 | 3.77E+05 | Given the language of stalking statute, an objective construction is appropriate, and the victim's experience resulting from the perpetrator's conduct should be assessed on an objective basis. Neb.Rev.St. S 28-311.02. | On what basis should a stalking victim's experience resulting from the perpetrator's conduct be assessed? | "Threats, Stalking and Harassment - Memo 230 - C - LB_66836.docx" | ROSS-003280645-ROSS-003280647 |
| In re Latimer, 489 B.R. 844 | 25T+179 | Under Alabama law, nonsignatory to arbitration agreement may compel signatory to arbitrate claims, pursuant to doctrine of intertwining claims, if arbitrable and nonarbitrable claims are so closely related that party to a controversy subject to arbitration is equitably estopped to deny the arbitrability of related claim. | Can arbitration be compelled under the doctrine of intertwining? | Alternative Dispute Resolution - Memo 853 - RK_67458.docx | ROSS-003279613-ROSS-003279614 |
| U.S. Commodity Futures Trading Comm'n v. Reed, 481 F. Supp. 2d 1190 | 83H+2 | Commodity Exchange Act (CEA) section which criminalized knowing delivery of "false or misleading or knowingly inaccurate reports" was not unconstitutionally overbroad because it allegedly criminalized otherwise innocent conduct, regardless of whether the speaker intended to affect commodity prices; knowingly false statements did not enjoy constitutional protection. Commodity Exchange Act, S 9(a)(2), 7 U.S.C.A. S 13(a)(2). | Is the provision of the Commodities Exchange Act (CEA) that prohibits against the knowing dissemination of knowingly false information unconstitutionally overbroad? | 013626.docx | LEGALEASE-00164232-LEGALEASE-00164233 |
| People v. Saiz, 2003 WL 190796 | 135H+30 | Double jeopardy did not bar a retrial of prior conviction as a strike under Three Strikes law; double jeopardy did not apply to a noncapital sentencing proceeding to determine the truth of a prior conviction as a strike, for the prosecution was required to present additional evidence to obtain a different result. U.S.C.A. Const.Amend. 5; West's Ann.Cal.Penal Code S 245, 667. | Does double jeopardy apply to a noncapital sentencing proceeding to determine the truth of a prior conviction as a strike? | 014991.docx | LEGALEASE-00164851-LEGALEASE-00164852 |
| In re Gutierrez, 526 B.R. 449 | 349A+10 | If lessee may not terminate lease during its term and any one of residual value factors is present, the transaction is a sale without consideration of any other facts and circumstances. | When is a transaction a sale without consideration of any other facts and circumstances? | 015053.docx | LEGALEASE-00164246-LEGALEASE-00164247 |
| Blythe v. Com., 222 Va. 722 | 135H+5.1 | Constitutional provision concerning double jeopardy embodies three guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A.Const.Amend. 5. | What does the constitutional provision concerning double jeopardy guarantee? | 016394.docx | LEGALEASE-00165191-LEGALEASE-00165192 |
| State v. Thacker, 157 So. 3d 798 | 135H+1 | The constitutional protections against double jeopardy prevent a second prosecution for the same offense after an acquittal or conviction, and prevent multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; LSA-Const. Art. 1, S 15. | Do the constitutional protections against double jeopardy prevent a second prosecution for the same offense after an acquittal or conviction? | Double Jeopardy - Memo 860 - C - NS_67649.docx | ROSS-003297546-ROSS-003297547 |
| State v. Villanueva-Gonzalez, 180 Wash. 2d 975 | 135H+5.1 | The prohibition on double jeopardy generally means that a person cannot be prosecuted for the same offense after being acquitted, be prosecuted for the same offense after being convicted, or receive multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Does double jeopardy mean that a person cannot be prosecuted for the same offense after being acquitted? | 016404.docx | LEGALEASE-00165201-LEGALEASE-00165202 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Baca, 1997-NMSC-018 | 135H+59 | Constitutional jeopardy attaches, under both state and federal law, in a jury trial when a jury is impaneled and sworn to hear a case and in a bench trial when the trial judge first starts hearing evidence. U.S.C.A. Const.Amend. 6; West's NMSA Const. Art. 2, S 15. | Will a constitutional jeopardy be attached when the judge first starts hearing evidence? | 016659.docx | LEGALEASE-00165117-LEGALEASE-00165118 |
| Monroe Cty. Bd. of Educ. v. K.B., 62 So. 3d 513 | 92+4209(3) | Provision of student handbook prohibiting students from using or possessing alcohol at school or at a school function was ambiguous and vague in violation of due-process rights of student who consumed alcohol prior to attending school prom; the student handbook simply did not address the question of whether students should have known that drinking alcohol before arriving at school or a school function constituted "use" of alcohol, which would trigger disciplinary measures, including suspension and placement in an alternative school, which was how student was disciplined. U.S.C.A. Const.Amend. 14. | Are students denied due process when they are penalized for violating a code of student conduct and the code is unconstitutionally ambiguous and vague? | 017305.docx | LEGALEASE-00164343-LEGALEASE-00164344 |
| Morris v. Friedman, 663 So. 2d 19 | 156+54 | Party having the means readily and conveniently available to determine the true facts, but who fails to do so, cannot claim estoppel. | "Can a party having the means readily availabe and conveniently available to determine the true facts, but who fails to do so, claim estoppel?" | 018276.docx | LEGALEASE-00164433-LEGALEASE-00164434 |
| In re Estate of Snook, 272 Kan. 1256 | 156+52.15 | There can be no equitable estoppel if any essential element thereof is lacking or is not satisfactorily proved, and estoppel will not be deemed to arise from facts which are ambiguous and subject to more than one construction. | Will estoppel be deemed to arise from facts which are subject to more than one construction? | Estoppel - Memo 317 - C - CSS_67199.docx | ROSS-003283005-ROSS-003283006 |
| Bogenberger v. Pi Kappa Alpha Corp., 2016 IL App (1st) 150128 | 302+68 | An allegation made on information and belief is not equivalent to an allegation of relevant fact, but at the pleading stage a plaintiff will not have the benefit of discovery tools to discern certain facts. | Is an allegation made on information and belief equivalent to an allegation of relevant fact? | 023982.docx | LEGALEASE-00164900-LEGALEASE-00164901 |
| In re Strickland, 2002 WL 58482 | 307A+699 | A trial judge has plenary power to reinstate a case within 30 days of dismissal for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Does a trial judge have plenary power to reinstate a case within 30 days of dismissal for want of prosecution? | Pretrial Procedure - Memo 12160 - C - RF_67584.docx | ROSS-003294418-ROSS-003294419 |
| Sanchez v. United States, 919 A.2d 1148 | 135H+99 | Retrial of a criminal defendant after a mistrial over his objection and unsupported by manifest necessity violates double jeopardy. U.S.C.A. Const.Amend. 5. | Does retrial of a criminal defendant after a mistrial over his objection and unsupported by manifest necessity violate double jeopardy? | Double Jeopardy - Memo 12174 - C - TM_67211.docx | ROSS-003282962-ROSS-003282963 |
| U.S. v. Brown, 364 F.3d 1266 | 135H+98 | Although the government bears the burden of establishing manifest necessity of a mistrial, in the face of a defendant's double jeopardy challenge, a hung jury is the paradigmatic example of manifest necessity. U.S.C.A. Const.Amend. 5. | "In the face of a defendant's double jeopardy challenge, is a hung jury the paradigmatic example of manifest necessity?" | 041016.docx | LEGALEASE-00164300-LEGALEASE-00164301 |
| The Bernard Grp. v. New Hope Alternative Therapy Research, 153 Ohio App. 3d 393 | 307A+583 | A trial court's decision to dismiss a case for lack of prosecution rests within its sound discretion. | Does a trial court's decision to dismiss a case for lack of prosecution rest within its sound discretion? | Pretrial Procedure - Memo 12273 - C - PC_67609.docx | ROSS-003282005-ROSS-003282006 |
| In re Gutierrez, 526 B.R. 449 | 349A+10 | Determining whether an agreement constitutes a true lease or a disguised security agreement requires a two-step analysis: the first part of the test looks at whether the lessee may terminate the agreement during its term, and the second part looks at residual value factors. | Does determining whether an agreement constitutes a true lease or a disguised security agreement require a two-step analysis? | 042833.docx | LEGALEASE-00164465-LEGALEASE-00164466 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Bevis Co., 201 B.R. 923 | 349A+10 | Under Ohio law, determination of whether agreement is true lease or intended as security is based on facts and circumstances of each individual case. Ohio R.C. S 1301.01(KK). | "Should the determination as to whether a purported lease is a true ""lease"" or ""security agreement"" be made on facts of each case?" | 042841.docx | LEGALEASE-00164521-LEGALEASE-00164522 |
| City of Egg Harbor City v. Cty. of Atl. Cty., 10 N.J. Tax 7 | 371+2311 | Requisite of use for public purpose is accorded liberal construction when tax exemption is sought by a government body. | How is a requisite of use for public purpose accorded when a tax exemption is sought by a government body? | 046472.docx | LEGALEASE-00164681-LEGALEASE-00164682 |
| Marcus Hook Dev. Park v. Bd. of Assessment Appeals of Delaware Cty., 68 Pa. Cmwlth. 229 | 371+2311 | When publicly owned land is not used for public purposes, municipality or other public body can be, and indeed is, taxpayer liable to pay taxes. | "When a publicly owned land is not used for public purposes, does the municipality or other public body liable to pay taxes?" | Taxation - Memo 1267 - C - SS_67413.docx | ROSS-003278787-ROSS-003278788 |
| McQuerrey v. Smith St. John Mfg. Co., 240 Mo. App. 720 | 413+186 | Under provision of Workmen's Compensation Law defining employer as every person "using the service of another for pay", the quoted phrase means the right of control means and manner of that service as distinguished from result of service. V.A.M.S. S 287.030. | "In the definition of employer, what does the phrase using the service of another for pay mean?" | 048567.docx | LEGALEASE-00164613-LEGALEASE-00164614 |
| Evans v. Bd. of Ed. of Hays, 178 Kan. 275 | 413+231 | A "servant" is a person employed by a master to perform service in latter's affairs and whose physical conduct in performance of the service is controlled or is subject to the right of control by the master. | Is a master a principle who employs another to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service? | 048797.docx | LEGALEASE-00164370-LEGALEASE-00164371 |
| Coccaro v. Herman Coal Co., 145 Pa. Super. 81 | 413+186 | Under compensation act, one cannot become an "employee" of himself and thus occupy the anomalous position of both "employer" and "employee" defined by act as the equivalent of "master" and "servant." 77 P.S. SS 21, 22. | Can one be an employee of himself and thus occupy the anomalous position of both employer and employee under the Act? | 048804.docx | LEGALEASE-00164677-LEGALEASE-00164678 |
| Emery v. Leavesly McCollum, 725 A.2d 807 | 413+187 | General contractor can be "statutory employer," under workers' compensation law, if it meets either of these two requirements: (1)subcontractor has not secured payment of workers' compensation benefits and general contractor then paid the benefits; or (2)general contractor satisfies the McDonald test, meaning that general contractor is under contract with owner and premises are occupied by or under control of general contractor. 77 P.S. SS 461, 462. | What sections must be satisfied in order for a contractor to be deemed a statutory employer under workmens compensation? | 048835.docx | LEGALEASE-00164787-LEGALEASE-00164788 |
| Kopp v. Fischer, 811 F. Supp. 2d 696 | 135H+59 | In a jury trial, jeopardy attaches once the jury has been empaneled and sworn, even though no evidence relating to the defendant's guilt or innocence has been introduced. U.S.C.A. Const.Amend. 5. | Will jeopardy attach when no evidence relating to the defendant's guilt or innocence has been introduced? | Double Jeopardy - Memo 1026 - C - KG_67741.docx | ROSS-003281969-ROSS-003281970 |
| Perez v. State, 266 Ga. App. 82 | 135H+99 | When the trial court sua sponte interrupts criminal proceedings to declare a mistrial without defendant's consent or over his objection, a retrial is nevertheless permissible, and defendant's right against double jeopardy is not violated, if a manifest necessity exists for declaring the mistrial. U.S.C.A. Const.Amend. 5. | Does jeopardy attach once a jury is impaneled to try the issue of guilt? | 014754.docx | LEGALEASE-00166008-LEGALEASE-00166009 |
| Neff v. Com., 39 Va. App. 13 | 135H+59 | In a trial before a court without a jury the danger of conviction or jeopardy of an accused begins when the trial has reached the stage where the Commonwealth begins to introduce its testimony; in other words, jeopardy begins after the accused has been indicted, arraigned and has pleaded, and the court has begun to hear the evidence. U.S.C.A. Const.Amend. 5. | When does the danger of conviction or jeopardy of an accused begin in a trial without a jury? | Double Jeopardy - Memo 1079 - C - TM_67985.docx | ROSS-003294544-ROSS-003294545 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reyna-Abarca v. People, 390 P.3d 816 | 135H+30 | If the legislature has not conferred specific authorization for multiple punishments, then double jeopardy principles preclude the imposition of multiple punishments. U.S. Const. Amend. 5. | Do double jeopardy principles preclude the imposition of multiple punishments if the legislature has not conferred specific authorization for multiple punishments? | 014833.docx | LEGALEASE-00166060-LEGALEASE-00166061 |
| Dexter v. State, 959 N.E.2d 235 | 135H+109 | Retrial on a sentencing enhancement based on a prior conviction is permitted even where the enhancement is reversed because of insufficient evidence. U.S.C.A. Const. Amend. 5. | Is retrial on a sentencing enhancement based on a prior conviction permitted even where the enhancement is reversed because of insufficient evidence? | 014859.docx | LEGALEASE-00166122-LEGALEASE-00166123 |
| United States v. Luong, 393 F.3d 913 | 135H+30 | Punishment authorized by statute for a particular crime is punishment only for the offense of conviction for purposes of the double jeopardy inquiry. | Is punishment authorized by statute for a particular crime a punishment only for the offense of conviction for the double jeopardy inquiry? | Double Jeopardy - Memo 1190 - C - NE_67751.docx | ROSS-003294158-ROSS-003294159 |
| United States v. McGregor, 832 F. Supp. 2d 1332 | 135H+100.1 | If a jury necessarily decided a fact when it rendered a not-guilty verdict, issue preclusion, pursuant to the Double Jeopardy Clause, prevents its relitigation. U.S.C.A. Const.Amend. 5. | "If a jury necessarily decided a fact when it rendered a not-guilty verdict, does issue preclusion prevent its relitigation?" | Double Jeopardy - Memo 477 - C - TJ_68256.docx | ROSS-003294987-ROSS-003294988 |
| People v. Bright, 12 Cal. 4th 652 | 135H+98 | Circumstance that jury has returned verdict on underlying offense, but is unable to make finding on penalty allegation, does not constitute an acquittal of, or otherwise bar retrial of, the penalty allegation on ground of double jeopardy. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | "Does a mistrial constitute a termination of jeopardy, and accordingly double jeopardy arises from the legal necessity of a mistrial?" | 016030.docx | LEGALEASE-00165757-LEGALEASE-00165758 |
| United States v. Peoples, 360 F.3d 892 | 135H+100.1 | In capital sentencing proceedings jeopardy terminates and provides finality for the penalty phase if there is an acquittal of death; if there has been no acquittal by judge or jury, defendant may again be subjected to penalty of death. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. S 3594. | "In capital sentencing proceedings, does jeopardy terminate and provides finality for the penalty phase if there is an acquittal of death?" | 016063.docx | LEGALEASE-00165809-LEGALEASE-00165810 |
| State v. Smith, 166 A.3d 691 | 135H+1 | The Double Jeopardy Clause protects against a second prosecution for the same offense following acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. U.S. Const. Amend. 5. | "Does double jeopardy clause protect against a second prosecution for the same offense after conviction, and multiple punishments for the same offense?" | 016072.docx | LEGALEASE-00165819-LEGALEASE-00165820 |
| State v. Santiago, 928 So. 2d 480 | 135H+97 | General rule is that when a mistrial is declared upon a defendant's motion, jeopardy does not attach and the defendant may be retried; an exception occurs, however, when the prosecution goads the defense into moving for a mistrial and gains an advantage from the retrial. U.S.C.A. Const.Amend. 5. | "General rule is that when a mistrial is declared upon a defendant's motion, does jeopardy not attach and the defendant may be retried?" | Double Jeopardy - Memo 753 - C - SKG_67758.docx | ROSS-003282855-ROSS-003282856 |
| United States v. Jose, 425 F.3d 1237 | 135H+100.1 | After the attachment of jeopardy, there must be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction, in order for double jeopardy protections to apply to subsequent proceedings. U.S.C.A. Const.Amend. 5. | "After the attachment of jeopardy, should there be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction?" | Double Jeopardy - Memo 788 - C - SN_67793.docx | ROSS-003278500-ROSS-003278501 |
| State v. Whorton, 225 Kan. 251 | 135H+100.1 | A judgment of acquittal, correctly or incorrectly arrived at, terminates prosecution, and double jeopardy clause of Fifth Amendment bars further proceedings against defendant. U.S.C.A.Const. Amend. 5. | "Does a judgment of acquittal, correctly or incorrectly arrived at, terminate prosecution?" | 016334.docx | LEGALEASE-00165657-LEGALEASE-00165658 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kelly v. State, 191 Ark. 674 | 135H+1 | The double jeopardy guarantee against multiple punishments for the same offense, enforceable against the states through the Fourteenth Amendment, assures three separate protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense. U.S.C.A. Const.Amends. 5, 14. | What are the three separate protections the fourteenth Amendment assures? | 016496.docx | LEGALEASE-00165309-LEGALEASE-00165310 |
| State v. Thompson, 192 Wash. App. 733 | 135H+5.1 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, prevents a criminal defendant from being subjected to multiple punishments for the same offense. U.S.C.A. Const.Amend. 5, 14. | Does double jeopardy clause protect against successive prosecution for the same offense after acquittal or conviction? | 016591.docx | LEGALEASE-00165407-LEGALEASE-00165408 |
| State v. Kirk, 64 Wash. App. 788 | 135H+1 | Double jeopardy clause protects against second prosecution for same offense after acquittal, protects against second prosecution for same offense after conviction, and protects against multiple punishments for same offense as well as protecting valued right to have trial completed by particular tribunal. U.S.C.A. Const.Amend. 5. | "Does double jeopardy protect against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction and against multiple punishments for the same offense?" | Double Jeopardy - Memo 951 - C - KS.docx | LEGALEASE-00055648-LEGALEASE-00055649 |
| State v. Taylor, 136 Ohio Misc. 2d 18 | 135H+1 | The Fifth Amendment's Double Jeopardy Clause precludes successive prosecutions and successive punishments for the same criminal offense. U.S.C.A. Const.Amend. 5. | Does the Fifth Amendment's Double Jeopardy Clause preclude successive prosecutions and successive punishments for the same criminal offense? | Double Jeopardy - Memo 954 - C - KS_67828.docx | ROSS-003298769-ROSS-003298770 |
| Willoughby v. State, 660 N.E.2d 570 | 210+407 | After the first information was dismissed, trial court correctly allowed state to refile the charges of murder and to expand dates of the conspiracy to commit murder charge: jeopardy had not yet attached at time prosecutor dismissed the first information and therefore, state had authority to refile charges against defendant; although in the second information count charging defendant with conspiracy to commit murder expanded time frame of the conspiracy by 11 days, defendant did not demonstrate any prejudice, and same defenses available against first conspiracy charge were available against second. | Why would jeopardy not be attached when court dismissed charges against defendants? | Double Jeopardy - Memo 976 - C - PB_67848.docx | ROSS-003308483-ROSS-003308484 |
| In re Brankle Brokerage & Leasing, 394 B.R. 906 | 349A+10 | Under North Carolina law, central feature of true lease, as opposed to disguised security agreement, is reservation of economically meaningful interest to lessor at end of lease term. West's N.C.G.S.A. S 25-1-203. | Is the central feature of a true lease reservation of an economically meaningful interest to a lessor at the end of a lease term? | Secured Transactions - Memo 45 - C - PC_68074.docx | ROSS-003278711-ROSS-003278712 |
| United States v. James, 737 F. Supp. 2d 1 | 135H+30 | Application of Career Offender provision of Sentencing Guidelines to defendant did not violate Double Jeopardy Clause. U.S.C.A. Const.Amends. 5, 6.; U.S.S.G. S 4B1.1, 18 U.S.C.A. | Does application of Career Offender provision of Sentencing Guidelines to defendant violate Double Jeopardy Clause? | 014869.docx | LEGALEASE-00166174-LEGALEASE-00166175 |
| Thomason v. State, 620 So. 2d 1234 | 110+867.23 | State bears heavy burden in justifying mistrial over objection of defendant, and doubt about whether mistrial is appropriate is resolved in favor of the liberty of the citizen. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | "When a trial ends before a verdict is reached, does the State bear a heavy burden in justifying a mistrial over the objection of the defendant?" | 015641.docx | LEGALEASE-00166138-LEGALEASE-00166139 |
| State v. Todd, 894 N.W.2d 255 | 135H+99 | Double jeopardy does not arise if the State can demonstrate manifest necessity for a mistrial declared over the objection of the defendant. U.S. Const. Amend. 5. | Does double jeopardy not arise if the State can demonstrate manifest necessity for a mistrial declared over the objection of the defendant? | 015894.docx | LEGALEASE-00166256-LEGALEASE-00166257 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Boyd v. Boughton, 798 F.3d 490 | 135H+1 | Double Jeopardy Clause envisions three ways in which defendant may be "twice put in jeopardy of life or limb": (1) subsequent prosecution after acquittal; (2) subsequent prosecution after conviction; and (3) being twice punished for same offense. U.S.C.A. Const.Amend. 5. | What does double jeopardy clause envision? | 015972.docx | LEGALEASE-00166329-LEGALEASE-00166330 |
| First Louisiana Bank v. Morris & Dickson Co., 6 So. 3d 1047 | 13+27(1) | The same actions or omissions may constitute breaches of general duties as well as contractual duties, giving rise to causes of actions in tort and contracts. | Can the same actions or omissions constitute breaches of general duties as well as contractual duties? | Action - Memo 979 - C _1Ljg8PuC3GXZP-cWLoozZKvxhcp_V0M3F.docx | ROSS-000000082-ROSS-000000083 |
| Lukkason v. 1993 Chevrolet Extended Cab Pickup, 590 N.W.2d 803 | 135H+25 | Constitutional analysis of civil forfeiture under the Double Jeopardy Clause is separate and distinct from that under the Excessive Fines Clause. U.S.C.A. Const.Amends. 5, 8; M.S.A. Const. Art. 1, SS 5, 7. | Is a constitutional analysis of civil forfeiture under the Double Jeopardy Clause separate and distinct from that under the Excessive Fines Clause? | 015722.docx | LEGALEASE-00166443-LEGALEASE-00166444 |
| Owsley v. State, 769 N.E.2d 181 | 135H+100.1 | A jury's acquittal absolutely bars retrial on that particular charge, even if the verdict was reached erroneously. | "Does a jury's acquittal absolutely bar retrial on that particular charge, even if the verdict was reached erroneously?" | Double Jeopardy - Memo 538 - C - KG_68317.docx | ROSS-003294595-ROSS-003294596 |
| State v. Soule, 794 A.2d 58 | 135H+105 | At the heart of the Double Jeopardy Clause is the prohibition against multiple prosecutions for "the same offense," and thus, the Double Jeopardy Clause provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does the Double Jeopardy Clause provide three related protections? | Double Jeopardy - Memo 539 - C - KG_68318.docx | ROSS-003293933-ROSS-003293934 |
| State v. Gerstmann, 198 N.J. Super. 175 | 135H+100.1 | Under Fifth Amendment prohibition of double jeopardy, acquittal of criminal or quasi-criminal charges insulates defendant from any further exposure to criminal process based on same conduct. U.S.C.A. Const.Amend. 5. | Does acquittal of criminal and quasi-criminal charges insulate a defendant from any further exposure to the criminal process based on the same conduct? | 015758.docx | LEGALEASE-00166478-LEGALEASE-00166479 |
| State v. Jones, 105 N.J. Super. 493 | 135H+95.1 | Discharge of jury under circumstances in which jeopardy is not properly annulled by trial court constitutes equivalent of acquittal. | Does the discharge of a jury under circumstances in which jeopardy is not properly annulled by a trial court constitute an equivalent of acquittal? | 015822.docx | LEGALEASE-00166593-LEGALEASE-00166594 |
| State v. Jones, 105 N.J. Super. 493 | 135H+95.1 | If jeopardy is properly annulled for any reason, proceedings stand upon same footing as if defendant had never been in jeopardy. ORS 135.890. | "f jeopardy is properly annulled for any reason, do proceedings stand upon a same footing as if a defendant had never been in jeopardy?" | Double Jeopardy - Memo 576 - C -  SHB.docx | LEGALEASE-00056356-LEGALEASE-00056357 |
| West v. Men's Focus Health Centers of Georgia, 251 Ga. App. 202 | 307A+695 | The privilege of dismissal and renewal of an action does not apply to void cases, although renewal of actions which were merely voidable is allowed. O.C.G.A. S 9-2-61(a). | "Does the privilege of dismissal and renewal of an action not apply to void cases, although renewal of actions which were merely voidable is allowed?" | Pretrial Procedure - Memo 12055 - C - KG_68731.docx | ROSS-003294430-ROSS-003294431 |
| Woods Corp. Assocs. v. Signet Star Holdings, 910 F. Supp. 1019 | 349A+10 | Under New Jersey law, determining what language creates absolute assignment rather than pledge for security depends on precise wording of the assignment. | Does determining what language creates an absolute assignment rather than a pledge for security depend on precise wording of the assignment? | 042683.docx | LEGALEASE-00167055-LEGALEASE-00167056 |
| In re JII Liquidating, 341 B.R. 256 | 349A+10 | Under Illinois law, purported personal property lease will be construed as security agreement as matter of law, if lessee cannot terminate agreement, and if any one of four specific statutory requirements is satisfied. S.H.A. 810 ILCS 5/1-201(37). | "Will a purported personal property lease be construed as a security agreement as a matter of law, if a lessee cannot terminate an agreement?" | Secured Transactions - Memo 84 - C - TM_68706.docx | ROSS-003297033-ROSS-003297034 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re WorldCom, 339 B.R. 56 | 50+2 | For purposes of determining whether contractual agreement is properly characterized as lease or security arrangement, a "lease" involves payment for the temporary possession, use, and enjoyment of goods, with the expectation that the goods will be returned to the owner with some expected residual interest of value remaining at the end of the lease term, whereas a "security interest" is only an inchoate interest contingent on default and limited to the remaining secured debt. | "Does a ""lease"" involve payment for the temporary possession?" | 042869.docx | LEGALEASE-00167057-LEGALEASE-00167058 |
| In re Our Secret, Ltd., 282 B.R. 697 | 349A+10 | Under New Mexico law, in contrast to the previous Uniform Commercial Code (UCC) test for whether a transaction is a lease or a security agreement, which focused on the respective parties' intent, the focus of the new objective test is on the agreement's economic realities. NMSA 1978, S 55-1-201(37). | Is the focus of the new objective test on the agreement's economic realities? | Secured Transactions - Memo 94 - C - MS_68749.docx | ROSS-003292947-ROSS-003292948 |
| Robb v. Nielson, 71 Idaho 222 | 371+2360 | The legislature may not waive the constitutional exemption from taxation of public property and voluntarily pay taxes thereon. Const. art. 7, S 4. | Can the legislature waive the constitutional exemption from taxation of public property and voluntarily pay taxes thereon? | Taxation - Memo 1293 - C - SM_68507.docx | ROSS-003295780-ROSS-003295781 |
| Keesee v. Civil Dist. Bd. of Educ., 46 Tenn. 127 | 381+54 | The implication is irresistible that the expression of the authority to delegate the power of taxation to the counties and towns, is an absolute exclusion of authority to delegate the power to any other agency. | Is expression of the authority to delegate the power of taxation to the counties and towns imply an absolute exclusion of authority to delegate the power to any other agency? | Taxation - Memo 1379 - C - MV_68666.docx | ROSS-003293769-ROSS-003293770 |
| Fallin v. City of Huntsville, 865 So. 2d 473 | 3.77E+23 | In certain situations, i.e., where words or actions are manifested in form of threat, person may commit crime of harassment even if words do not rise to level of "fighting words." Code 1975, S 13A-11-8(a)(1) b. | "Can an individual commit the crime of harassment even if his words do not rise to the level of ""fighting words""?" | 046783.docx | LEGALEASE-00167360-LEGALEASE-00167361 |
| In re Wead, 38 B.R. 658 | 2+5 | Pendency of one bankruptcy case precludes a consideration of a second case filed by the same debtors and involving the same debts. | Does the pendency of one bankruptcy case preclude a consideration of a second case filed by the same debtors involving the same debts? | 04763.docx | LEGALEASE-00077119-LEGALEASE-00077120 |
| In re Wead, 38 B.R. 658 | 2+5 | Pendency of one bankruptcy case precludes a consideration of a second case filed by the same debtors and involving the same debts. | Does the pendency of one bankruptcy case preclude a consideration of a second case filed by the same debtors involving the same debts? | 03598.docx | LEGALEASE-00077173-LEGALEASE-00077174 |
| Serenko v. Bright, 263 Cal. App. 2d 682 | 15A+1007 | Restriction on Administrative Procedure Act to implementing only functions of state agency to which it is expressly made applicable by statutes relating to particular agency will be strictly construed. West's Ann.Gov.Code, S 11501. | Is Administrative Procedure Act construed strictly? | 04058.docx | LEGALEASE-00077231-LEGALEASE-00077232 |
| Petition of Highway US-24, in Bloomfield Twp., Oakland Cty., 392 Mich. 159 | 1.49E+06 | Environmental Protection Act of 1970 does not merely provide a separate procedural route for protection of environmental quality but also is a source of supplementary substantive environmental law. M.C.L.A. S 691.1201 et seq. | Does the Environment Protection Act merely provide a separate procedural route for protection of environmental quality? | 06352.docx | LEGALEASE-00078372-LEGALEASE-00078374 |
| People ex rel. Scott v. Briceland, 65 Ill. 2d 485 | 1.49E+08 | Environmental Protection Act is unconstitutional to extent that it authorizes institution and prosecution of proceedings before Pollution Control Board by an officer other than the Attorney General but, as provisions of the act are severable, the invalidity of such provision does not render the act unconstitutional. S.H.A.Const.1970, art. 5, SS 15, 16; art. 11, S 1 et seq.; S.H.A. ch. 1111/2, SS 1004(e), 1051. | Is Section 4(e) of the Environmental Protection Act unconstitutional? | 06354.docx | LEGALEASE-00078410-LEGALEASE-00078412 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chime v. Peak Sec. Plus, 137 F. Supp. 3d 183 | 170A+172 | Class certification rule does not set forth mere pleading standard, but rather party seeking class certification bears burden of establishing existence of all requirements for class certification in fact. Fed.Rules Civ.Proc.Rule 23(a), 28 U.S.C.A. | Can pleadings satisfy a partys evidentiary burden for class certification? | 07411.docx | LEGALEASE-00079081-LEGALEASE-00079082 |
| Red Lake Band v. United States, 17 Cl. Ct. 362 | 209+124 | Although ambiguous provisions in treaties and legislation ratifying agreements between United States and Indian tribes must be interpreted in favor of Indians, construction that contradicts express statutory language or legislative history is not permitted. | Are the ambiguous provisions in treaties ratifying agreements between the United States and Indian tribes construed against the Indians? | 05116.docx | LEGALEASE-00084216-LEGALEASE-00084217 |
| In re Schubert, 437 B.R. 787 | 366+1 | Under Maryland law, equitable subrogation is designed to promote and accomplish justice, and is mode which equity adopts to compel ultimate payment of debt by one who, in justice, equity and good conscience, should pay it. | Is equitable subrogation designed to promote and accomplish justice? | 05162.docx | LEGALEASE-00084244-LEGALEASE-00084245 |
| Red Lake Band v. United States, 17 Cl. Ct. 362 | 209+124 | Although ambiguous provisions in treaties and legislation ratifying agreements between United States and Indian tribes must be interpreted in favor of Indians, construction that contradicts express statutory language or legislative history is not permitted. | Are the ambiguous provisions in treaties ratifying agreements between the United States and Indian tribes construed against the Indians? | 06437.docx | LEGALEASE-00084318-LEGALEASE-00084319 |
| In re Joe Sipala & Son Nursery Corp., 214 B.R. 281 | 83E+521 | Holder of negotiable instrument is "holder in due course" if it meets these conditions: (1) holder, (2) of negotiable instrument, (3) who took it for value, (4) in good faith, and (5) without notice that it is overdue or has been dishonored or of any defense against or claim to it on part of another. N.Y.McKinney's Uniform Commercial Code S 3-302(1). | "under the US Law, who is a holder in due course?" | 05668.docx | LEGALEASE-00084972-LEGALEASE-00084973 |
| Black River Assocs. v. Koehler, 126 Vt. 394 | 322H+1166 | If party who made down payment on realty subsequent to time original purchaser made down payment on same realty had sufficient facts concerning original purchaser's interest in the property to call upon him to inquire, such party was charged with notice of such facts as diligent inquiry would have disclosed. | When is a party charged with notice of such facts as diligent inquiry would disclose? | 05852.docx | LEGALEASE-00089200-LEGALEASE-00089201 |
| State Farm Fire & Cas. Co. v. Smith, 39 So. 3d 1172 | 307A+690 | If a plaintiff fails to perfect service of process within 120 days, a trial court may dismiss the action without prejudice pursuant to the rule permitting a 120-day period for service of process; however, in extreme circumstances, a trial court may dismiss with prejudice an action for failure to effect service after the 120-day window has expired, pursuant to the rule permitting a dismissal of an action for the failure of the plaintiff to prosecute or comply with the rules of civil procedure. Rules Civ.Proc., Rules 4(b), 41(b). | "Under the rule permitting a 120-day period for service of process, can an action not be dismissed for insufficient service before the expiration of the 120-day period?" | 05867.docx | LEGALEASE-00092624-LEGALEASE-00092625 |
| Distefano v. State Farm Mut. Auto. Ins. Co., 846 So. 2d 572 | 307A+563 | Trial court's power of dismissal should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | "Can sanction of dismissal be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing? " | 10841.docx | LEGALEASE-00094319-LEGALEASE-00094320 |
| Peters v. Riggs, 2015 IL App (4th) 140043 | 307A+686.1 | A motion for involuntary dismissal admits the sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim. S.H.A. 735 ILCS 5/2-619. | Will a motion for involuntary dismissal assert an affirmative defense or other matter that avoids or defeats the claim? | 11018.docx | LEGALEASE-00094438-LEGALEASE-00094439 |
| Scottsdale Ins. Co. v. Lakeside Cmty. Comm., 2016 IL App (1st) 141845 | 307A+686.1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts that the claim is defeated based on certain defects, defenses, or other affirmative matter. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss assert an affirmative matter which defeats the claim? | 10976.docx | LEGALEASE-00094477-LEGALEASE-00094478 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wheeler v. Eftink, 507 S.W.3d 598 | 307A+581 | Mere delay in prosecution is insufficient to justify dismissal of a case for failure to prosecute with due diligence; there must be some evidence that the delay was unnecessary to justify a trial court's dismissal for failure to prosecute. | Is mere delay in prosecution insufficient to justify dismissal of a case for failure to prosecute with due diligence? | 11090.docx | LEGALEASE-00094553-LEGALEASE-00094554 |
| Peters v. Riggs, 2015 IL App (4th) 140043 | 307A+686.1 | A motion for involuntary dismissal admits the sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim. S.H.A. 735 ILCS 5/2-619. | Will a motion for involuntary dismissal assert an affirmative defense or other matter that avoids or defeats the claim? | 10202.docx | LEGALEASE-00095207-LEGALEASE-00095208 |
| Cook v. Mack's Transfer & Storage, 291 S.C. 84 | 413+2 | Right of any claimant to workers' compensation is dependent upon terms and conditions of Workers' Compensation Act, including procedures for adjudicating compensation claim as well as terms and conditions of substantive entitlement. Code 1976, SS 42-1-10 to 42-19-50. | "Is the right to compensation dependent upon, or judged by, the terms and conditions of the Act? " | 10664.docx | LEGALEASE-00095455-LEGALEASE-00095456 |
| Hasty v. Namihira, 986 So. 2d 1036 | 307A+581 | The factors for a court to consider during review of dismissals for failure to prosecute are: (1) whether the conduct of the plaintiff can be considered contumacious or dilatory; (2) whether lesser sanctions could be applied; and (3) other aggravating factors. Rules Civ.Proc., Rule 41(b). | What factors should the court look when analyzing whether dismissal for failure to prosecute is appropriate? | 09676.docx | LEGALEASE-00096187-LEGALEASE-00096188 |
| Rosa v. Hodges, 559 So. 2d 1289 | 307A+587 | Case was properly dismissed for lack of prosecution, where there had been no record activity in furtherance of suit within one year prior to filing of motion to dismiss for lack of prosecution, and there was no showing that good cause existed for the lack of prosecution. West's F.S.A. RCP Rule 1.420(e). | Does any record activity filed by a party or the court within the year prior to a motion to dismiss for failure to prosecute preclude dismissal? | 09800.docx | LEGALEASE-00096223-LEGALEASE-00096224 |
| Dyer v. Gen. Motors Corp., 318 Mich. 216 | 413+1 | The right to compensation under the compensation act is a matter of law fixed by the act, and is not a right to be determined by the Department of Labor and Industry as a matter of compromise or in an effort to obtain an equitable result. | "Is the right to compensation a matter of law fixed by the statute, or is it a right to be determined as a matter of compromise or an effort to obtain an equitable result? " | 05334.docx | LEGALEASE-00096672-LEGALEASE-00096673 |
| In re Cobham, 551 B.R. 181 | 51+3376(5) | "Defalcation" differs from the other terms in dischargeability exception in that defalcation, unlike embezzlement, larceny or fraud, can encompass a breach of fiduciary obligation that involves neither conversion, nor taking and carrying away another's property, nor falsity; "defalcation" requires only a nonfraudulent breach of fiduciary duty. 11 U.S.C.A. S 523(a)(4). | Can defalcation be used to refer to nonfraudulent breaches of fiduciary duty? | 004304.docx | LEGALEASE-00116452-LEGALEASE-00116453 |
| Carnes v. Meador, 533 S.W.2d 365 | 253+892 | Although a spouse has a right to dispose of community property under his or her control he may not dispose of his spouse's interest in community funds if actual constructive fraud exists. V.T.C.A., Family Code S 5.22. | Does a managing spouse have the right to dispose of community property? | 005127.docx | LEGALEASE-00117345-LEGALEASE-00117346 |
| Millennium Holdings LLC v. Glidden Co., 27 N.Y.3d 406 | 217+3512 | Purpose of subrogation is to allocate responsibility for the loss to the person who in equity and good conscience ought to pay it, in the interest of avoiding absolution of a wrongdoer from liability simply because the insured had the foresight to procure insurance coverage. | When does subrogation arise? | Subrogation - Memo 2 - ANG.docx | ROSS-003314061-ROSS-003314062 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S. Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17 | 366+1 | A right in equity to subrogation may arise by convention, or in other words, by way of a subrogation provision in a contract; however, it may also arise as legal or equitable subrogation, or in other words by operation of law based on facts giving rise to a right of subrogation. | When does subrogation arise? | 002545.docx | LEGALEASE-00120077-LEGALEASE-00120078 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+134 | A "governmental act" for which a sovereign may be held to account is an act physically taken by persons capable of exercising the sovereign authority of the foreign nation, as long as the persons purported to act in their official capacity. Restatement (Third) of Foreign Relations Law of the United States S 207. | What is the governmental act for which a sovereign may be held to account ? | 020236.docx | LEGALEASE-00123671-LEGALEASE-00123672 |
| Twyford v. Weber, 220 N.W.2d 919 | 388+9(1) | A "motion in limine" has the effect of advising the court and opposing counsel of the party's position on a particular matter and should effectively remove the problem when the argument is advanced by the offending party that the prejudicial evidence came in by sheer inadvertence. | What useful purpose does a motion in limine serve? | 041171.docx | LEGALEASE-00124093-LEGALEASE-00124094 |
| Woods v. SunTrust Bank, 81 So. 3d 357 | 30+3209 | The decision to grant or deny a motion in limine rests within the sound discretion of the trial court, and that decision will not be overturned on appeal unless the trial court exceeds the limits of its discretion. | When will a decision to grant or deny a motion in limine be overturned on appeal? | 041175.docx | LEGALEASE-00124111-LEGALEASE-00124112 |
| Crane v. Richardson Bike Mart, 295 S.W.3d 1 | 13+61 | The accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued. | "Does a cause of action accrue when suit may be maintained thereon, for purposes of determining standing to sue?" | 005371.docx | LEGALEASE-00124591-LEGALEASE-00124592 |
| Torrico v. Int'l Bus. Machines Corp., 213 F. Supp. 2d 390 | 221+395 | Congress has the authority to regulate the conduct of U.S. employers outside the territorial jurisdiction of the United States; nevertheless, courts will presume that Congress has not exercised this power, i.e., that statutes apply only to acts performed within United States territory, unless Congress manifests an intent to reach acts performed outside United States territory. Restatement (Third) of Foreign Relations Law of the United States S 402(2). | Does Congress have the authority to regulate the conduct of U.S. employers outside the territorial jurisdiction of the United States? | 020596.docx | LEGALEASE-00124918-LEGALEASE-00124919 |
| Way v. House, 315 S.W.3d 216 | 307A+501 | While the rules of civil procedure allow a party to nonsuit its own cause of action, they do not authorize dismissing another party's claims. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "While the rules of civil procedure allow a party to nonsuit its own cause of action, do they authorize dismissing another party's claims?" | 038671.docx | LEGALEASE-00128232-LEGALEASE-00128233 |
| Clouser v. Espy, 42 F.3d 1522 | 1.49E+46 | Forest Service did not act arbitrarily and capriciously under Administrative Procedure Act (APA) in determining that motorized access to mining claim in wilderness area of national forest was not essential for operation of claim and not customarily used as required for approval of motorized access under Forest Service regulations; Forest Service examiner had used pack horse to carry same equipment to claim, and access trails had been closed to motorized traffic for over ten years so that they were returning to natural condition. 5 U.S.C.A. S 706(2)(A); 36 C.F.R. S 228.15(b, c) | Is the Forest Service authorized to interfere with mining claims? | 047576.docx | LEGALEASE-00129121-LEGALEASE-00129122 |
| S. Sutter v. LJ Sutter Partners, 193 Cal. App. 4th 634 | 307A+501 | In common law, a "retraxit" was "a voluntary renunciation by plaintiff in open court of his suit and cause thereof, and by it plaintiff forever loses his action," and in California, the same effect is now accomplished by a dismissal with prejudice. | What is a retraxit in common law? | 024001.docx | LEGALEASE-00129457-LEGALEASE-00129458 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Croft v. Unemployment Comp. Bd. of Review, 662 A.2d 24 | 30+15 | Appellate court maintains discretion to refrain from quashing a single appeal from several final orders. | Does an appellate court maintain discretion to refrain from quashing a single appeal from several final orders? | 008246.docx | LEGALEASE-00129494-LEGALEASE-00129495 |
| Lachmar v. Trunkline LNG Co., 753 F.2d 8 | 38+107 | Under New York law, assignee of rights under a bilateral contract is not bound to perform the assignor's duties under the contract unless he expressly assumes to do so. | "Whether an assignee of rights under a bilateral contract, bound to perform the assignor's duties under the contract?" | 007344.docx | LEGALEASE-00130201-LEGALEASE-00130202 |
| Am. Bureau of Shipping v. Tencara Shipyard S.P.A., 170 F.3d 349 | 25T+141 | Party is estopped from denying its obligation to arbitrate when it receives a direct benefit from a contract containing an arbitration clause. | Is a party estopped from denying its obligation to arbitrate when it receives a direct benefit from a contract containing an arbitration clause? | 007365.docx | LEGALEASE-00130222-LEGALEASE-00130224 |
| English v. Atlanta Transit Sys., 134 Ga. App. 621 | 307A+501 | Plaintiff is entitled to voluntary dismissal as matter of right when he substantially complies with statutory conditions. Code, S 81A-141(a). | Is a plaintiff entitled to a voluntary dismissal as a matter of right when he substantially complies with statutory conditions? | Pretrial Procedure - Memo # 1233 - C - UG.docx | ROSS-003314608-ROSS-003314609 |
| SurgiJet v. Hicks, 236 Ga. App. 80 | 307A+717.1 | A motion for a continuance based on an absent witness is addressed to the sound legal discretion of the trial court and no error will be assigned unless it appears that the trial court abused that discretion in passing on the motion. | How is a motion for discontinuance based on an absent witness addressed? | Pretrial Procedure - Memo # 1737 - C - NS.docx | ROSS-003314642-ROSS-003314643 |
| Southstar Equity v. Lai Chau, 998 So. 2d 625 | 307A+749.1 | The responsibility for the interpretation and enforcement of any pretrial order mandating witness disclosure is vested in the trial court. | Is the responsibility for the interpretation and enforcement of any pretrial order mandating witness disclosure vested in the trial court? | 026930.docx | LEGALEASE-00130774-LEGALEASE-00130775 |
| Black & White Cabs of St. Louis v. Smith, 370 S.W.2d 669 | 307A+352 | Purpose of rule authorizing discovery is to make relevant, nonprivileged documents, papers and records in possession of one party available to the other, but the right of discovery is limited to matter not privileged but relevant to subject matter of the litigation. V.A.M.R. Civil Rules 57.01(b), 58.01. | Is the purpose of a statute with respect to production of documents to make relevant and nonprivileged documents in the possession of one party available to the other? | Pretrial Procedure - Memo # 2179 - C - AP.docx | ROSS-003287408-ROSS-003287409 |
| Zetune v. Jafif-Zetune, 774 S.W.2d 387 | 30+3239 | Granting or denial of motion for continuance rests within sound discretion of trial court; trial court's denial of motion for continuance will not be disturbed unless record discloses clear abuse of discretion. | "Is the denial of a request for a continuance to conduct discovery vested in the trial court's discretion, and can only be overturned if that discretion was abused?" | 027005.docx | LEGALEASE-00131284-LEGALEASE-00131285 |
| Dye, v. Missouri Dep't of Soc. Servs., 476 S.W.3d 359 | 307A+517.1 | After a voluntary dismissal is filed, the circuit court may take no further steps as to the dismissed action, and any step attempted is viewed as a nullity. Mo. Sup. Ct. R. 67.02(a). | "After a voluntary dismissal is filed, may the circuit court take no further steps as to the dismissed action, and any step attempted is viewed as a nullity?" | Pretrial Procedure - Memo # 2340 - C - KG.docx | ROSS-003327951-ROSS-003327952 |
| Ashpole v. Millard, 778 S.W.2d 169 | 307A+517.1 | Once case is voluntarily dismissed, no further action may be had in that cause and any further action must be taken by instituting suit de novo, unless there is successful motion to reinstate. | "Once a case is dismissed voluntarily, can further action be in a case by instituting suit de novo?" | 028333.docx | LEGALEASE-00132546-LEGALEASE-00132547 |
| Tire Distributors v. Cobrae, 132 Cal. App. 4th 538 | 307A+517.1 | When a voluntary dismissal has properly been filed by the plaintiff, the trial court loses jurisdiction to act in the case. West's Ann.Cal.C.C.P. S 581(b, c). | "When a voluntary dismissal has properly been filed by the plaintiff, does the trial court lose jurisdiction to act in the case?" | 028263.docx | LEGALEASE-00133620-LEGALEASE-00133621 |
| Cardiff Equities v. Superior Court, 166 Cal. App. 4th 1541 | 307A+517.1 | With limited exceptions, a voluntary dismissal deprives the court of subject matter jurisdiction and personal jurisdiction in that case. West's Ann.Cal.C.C.P. S 581. | "With limited exceptions, does a voluntary dismissal deprive the court of subject matter jurisdiction and personal jurisdiction in that case?" | 028518.docx | LEGALEASE-00134974-LEGALEASE-00134975 |
| Schleimer v. Winter, 2002 WL 120561 | 307A+485 | In ruling on motion for costs of proof, trial court must exercise its discretion to determine whether amount of attorney fees requested is reasonable, and if trial court determines that amount requested is unreasonable, it must determine and award a reasonable amount. West's Ann.Cal. C.C.P. S 2023, subd. 3, 2033. | Should court exercise its discretion to determine whether amount of attorney fees requested is reasonable? | 030076.docx | LEGALEASE-00135059-LEGALEASE-00135060 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| P.J.s Concrete Pumping Serv. v. Nextel W. Corp., 345 Ill. App. 3d 992 | 287+35.33 | Plaintiff bringing a class action suit need only allege a viable individual cause of action, indicate that the claim is being brought as a class action, and include factual allegations broad enough to establish the possible existence of a class action. | Is the issue of class certification typically factual and should be decided with the benefit of discovery? | 031181.docx | LEGALEASE-00137016-LEGALEASE-00137017 |
| Kerner v. Superior Court, 206 Cal. App. 4th 84 | 307A+36.1 | A "substantial probability" of prevailing on a claim for punitive damages, as required for discovery of a defendant's net worth, means that it is very likely that the plaintiff will prevail on such a claim or there is a strong likelihood that the plaintiff will prevail on such a claim. West's Ann.Cal.Civ.Code S 3295(c). | "oes a ""substantial probability"" of prevailing on a claim for punitive damages mean that it is very likely that the plaintiff will prevail on such a claim or there is a strong likelihood that the plaintiff will prevail on such a claim?" | 031232.docx | LEGALEASE-00137166-LEGALEASE-00137167 |
| Lacy v. Bassett, 132 S.W.3d 119 | 302+104(1) | "Plea to the jurisdiction" challenges the trial court's authority to determine the subject matter of a cause of action. | Is a motion to dismiss based on a lack of subject matter jurisdiction functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action? | 033404.docx | LEGALEASE-00141525-LEGALEASE-00141526 |
| State v. Lopez, 522 So. 2d 997 | 63+1(1) | Bribery statute prohibits any payment intended to influence performance of any act by public servant, even if person pays for doing of act the public servant is legally bound to do. West's F.S.A. S 838.015(1). | "If you pay someone with the intention of influencing the performance of their official acts, are you still guilty of bribery if said official acts were something the official was legally bound to do anyway? " | 012083.docx | LEGALEASE-00143562-LEGALEASE-00143563 |
| Ollie v. Plano Indep. Sch. Dist., 383 S.W.3d 783 | 307A+554 | Until a claimant has exhausted applicable administrative remedies, a trial court lacks subject-matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. | "Does the trial court lack subject-matter jurisdiction until a party has satisfied the requirement to exhaust all administrative remedies, and must dismiss those claims without prejudice to refiling?" | 033026.docx | LEGALEASE-00143588-LEGALEASE-00143589 |
| Thompson ex rel. Harvey v. Cisson Const. Co., 377 S.C. 137 | 413+2 | Workers' compensation law is a creature of statute, enacted in derogation of the common law, and courts are bound to strictly construe its terms. Code 1976, S 42-1-100 et seq. | "Is workers compensation a creature of statute, enacted in derogation of common law, and how should its terms be construed?" | 048060.docx | LEGALEASE-00144069-LEGALEASE-00144070 |
| One Beacon Ins. Co. v. Hughes, 269 Ga. App. 390 | 413+2 | The Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. West's Ga.Code Ann. S 34-9-1 et seq. | "In workers compensation, what is strictly a matter of statutory construction?" | 048205.docx | LEGALEASE-00144279-LEGALEASE-00144280 |
| Smith v. Moore, 172 Colo. 440 | 260+55(6) | When surface and mineral estates have been severed the owner of mineral estate may remove underlying materials but must support the surface and cannot destroy the surface by strip mining. | May the owner of the mineral estate remove the underlying minerals but must support the surface? | Mines and Minerals - Memo #276 - C - CSS_57995.docx | ROSS-003293847-ROSS-003293848 |
| Klickitat Cty. v. Columbia River Gorge Comm'n, 770 F. Supp. 1419 | 149E+575 | Under terms of Columbia Gorge National Scenic Area Act, Forest Service was not required to prepare an environmental impact statement or an environmental assessment under either the National Forest Management Act (NFMA) or the National Environmental Policy Act (NEPA) in its preparation of draft management plan nor did the Service have to conduct a study of alternatives under NEPA or NFMA. Columbia River Gorge National Scenic Area Act, S 17(f)(1), 16 U.S.C.A. S 544o (f)(1); National Environmental Policy Act of 1969, S 102, 42 U.S.C.A. S 4332. | Is the Forest Service require to prepare an Environmental Impact Statement (EIS) or an Environmental Assessment (EA) in their preparation of the draft management plan? | 047571.docx | LEGALEASE-00150516-LEGALEASE-00150517 |
| Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114 | 172H+1341 | Courts should defer to the decisions of the Federal Reserve Board with respect to TILA's disclosure requirements and cannot apply the concept of meaningful disclosure that animates TILA in the abstract. Truth in Lending Act, S 105(a), 15 U.S.C.A. S 1604(a). | Can courts apply the concept of meaningful disclosure that animates TILA in the abstract? | 014041.docx | LEGALEASE-00152627-LEGALEASE-00152628 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Locker v. United Pharm. Grp., 46 So. 3d 1126 | 307A+679 | When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of the complaint as true; likewise, the appellate court must accept the facts alleged in a complaint as true when reviewing an order that determines the sufficiency of the complaint. | "On a motion to dismiss an action, does a court accept allegations in complaint as true?" | Pretrial Procedure - Memo # 8947 - C - SKG_60400.docx | ROSS-003296260-ROSS-003296261 |
| Nelson v. Pearson Ford Co., 186 Cal. App. 4th 983 | 172H+55 | Backdated contract between car dealership and buyer violated single document rule, which required that single document contain all agreements of the buyer and seller with respect to the total cost and terms of payment for motor vehicle, although contract contained all of the agreements with respect to total cost and terms of payment; contract did not contain all of the agreements of buyer and seller regarding total cost and terms of payment once backdated contract was signed, there was no evidence on face of controlling legal documents that terms of the deal which the consumer signed actually changed after consumer took possession of car, and potential for abuse was obvious. West's Ann.Cal.Civ.Code S 2981.9. | Does Automobile Sales Finance Act (ASFA) require that promissory note or any other evidences of indebtedness to be contained in a single document? | 014016.docx | LEGALEASE-00154579-LEGALEASE-00154580 |
| Barker v. Francis, 741 P.2d 548 | 322H+644 | Time is of the essence in land contracts only if it can be shown that parties so intended, and this can be demonstrated if contract explicitly states that time is of the essence or includes language that requires forfeiture of deposit or avoidance of contract if deadline is not met or circumstances surrounding transaction imply that parties intended timeliness of performance to be of paramount concern. | Is time the essence of land contracts? | 018395.docx | LEGALEASE-00155201-LEGALEASE-00155202 |
| Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | What does an agency carry with it? | 041606.docx | LEGALEASE-00155599-LEGALEASE-00155600 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does the strict technical compliance of credit terms benefit just the individual claimant? | 013799.docx | LEGALEASE-00155653-LEGALEASE-00155654 |
| Memphis Retail Liquor Dealers' Ass'n v. City of Memphis, 547 S.W.2d 244 | 371+2002 | If an imposition is primarily for the purpose of raising revenue, it is a "tax"; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a "fee." | "Is an imposition a tax, if its purpose is for the regulation of some activity under the police power of the governing authority?" | Taxation - Memo # 986 - C - JL_62130.docx | ROSS-003282066-ROSS-003282067 |
| Rotert v. Faulkner, 660 S.W.2d 463 | 83E+489 | Instruments that are not negotiable may, like negotiable instruments, be transferred by assignment, but the assignee of note that is not negotiable takes it subject to all defenses the maker may have against note prior to notice of assignment. V.A.M.S. S 400.3-202(3). | Does an assignee of a nonnegotiable instrument take it subject to all defenses that the maker has against the instrument prior to notice of the assignment? | 009085.docx | LEGALEASE-00157127-LEGALEASE-00157128 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reid v. Spazio, 970 A.2d 176 | 307A+561.1 | Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate when deciding a motion to dismiss for failure to state a claim upon which relief can be granted. Chancery Court Rule 12(b)(6). | Can the dismissal of a complaint based upon an affirmative defense be appropriate? | 025379.docx | LEGALEASE-00157520-LEGALEASE-00157521 |
| Bonhiver v. State Bank of Clearing, 29 Ill. App. 3d 794 | 83E+481 | A nonnegotiable time certificate of deposit is transferable by assignment; the bank's obligation is to pay the payee or assignee but the assignee stands in no better position than his assignor when demand for payment is made. | Does an assignee stand in a better position than his assignor? | 009283.docx | LEGALEASE-00158204-LEGALEASE-00158205 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+423 | Since person and identity of alien are not themselves suppressible as fruit of an illegal arrest, Immigration and Naturalization Service must prove only alienage in a deportation proceeding and that will sometimes be possible using evidence gathered independently of, or sufficiently attenuated from, original arrest. | Is the identity of a respondent suppressible in a civil proceeding? | 006965.docx | LEGALEASE-00160258-LEGALEASE-00160259 |
| Hillme v. Chastain, 75 S.W.3d 315 | 289+453 | The required intent necessary to find the existence of a partnership is not the intent to form a partnership, but the intent to enter a relationship which in law constitutes a partnership. | "Is the required intent, necessary to find the existence of partnership, the intent to enter a relationship which in law constitutes a partnership and not the intent to form a partnership? " | Partnership - Memo 580 - SNP_65958.docx | ROSS-003294670-ROSS-003294671 |
| Potomac Dev. Corp. v. D.C., 28 A.3d 531 | 302+42 | A court should be circumspect in assessing the sufficiency of a complaint in any case where the substantive legal standard requires a fact intensive inquiry. Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A. | Should a court be circumspect in assessing the sufficiency of a complaint in a case where the substantive legal standard requires a fact-intensive inquiry? | Pleading - Memo 626-RMM_66426.docx | ROSS-003280050-ROSS-003280051 |
| Thompson v. U.S., 87 Fed.Cl. 728 | 34+68 | Conditions occurring subsequent to lapse of war risk policy cannot create any right of recovery under expired policy. | Can conditions occurring subsequent to the lapse of a war risk policy create any right of recovery under the expired policy? | 008845.docx | LEGALEASE-00163924-LEGALEASE-00163925 |
| Robar v. Labuda, 84 A.D.3d 129 | 135H+59 | Jeopardy attaches when a jury is impaneled and sworn and encompasses the defendant's right to be free from reprosecution if the first trial has not continued to conclusion. U.S.C.A. Const.Amend. 5; McKinney's Const. Art. 1, S 6; McKinney's CPL S 40.30(1)(b). | Does the jeopardy encompass the defendant's right to be free from reprosecution? | 014668.docx | LEGALEASE-00165663-LEGALEASE-00165664 |
| State v. Jones, 105 N.J. Super. 493 | 135H+95.1 | If jeopardy is properly annulled for any reason, proceedings stand upon same footing as if defendant had never been in jeopardy. ORS 135.890. | "If jeopardy is properly annulled for any reason, do proceedings stand upon a same footing as if a defendant had never been in jeopardy?" | Double Jeopardy - Memo 576 - C - SHB_68355.docx | ROSS-003308884-ROSS-003308885 |
| In re Edison Bros. Stores, 207 B.R. 801 | 349A+10 | Under New York law, question of whether lease is intended as security agreement is to be determined based upon facts of each case. N.Y.McKinney's Uniform Commercial Code S 1-201(37). | Is the question of whether a lease is intended as a security agreement to be determined based upon facts of each case? | 042735.docx | LEGALEASE-00166755-LEGALEASE-00166756 |
| Mustang Prod. Co. v. Harrison, 94 F.3d 1382 | 209+225 | Indian tribes are domestic dependent nations that exercise inherent sovereign authority over their members and territories, including inherent power to tax non-Indians who conduct business on tribal lands and who benefit from governmental services provided by tribe. | Does an Indian tribe have inherent power to impose a tax? | Indians - Memo 12 - MS_62212.docx | ROSS-003278812-ROSS-003278813 |
| WMC Mortg. Corp. v. Starkey, 200 S.W.3d 749 | 307A+583 | The trial court may dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence. | Can a court dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence? | Pretrial Procedure - Memo 11737 - C - SHS_65451.docx | ROSS-003279460-ROSS-003279461 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Whorton, 225 Kan. 251 | 135H+100.1 | A judgment of acquittal, correctly or incorrectly arrived at, terminates prosecution, and double jeopardy clause of Fifth Amendment bars further proceedings against defendant. U.S.C.A.Const. Amend. 5. | "Does a judgment of acquittal, correctly or incorrectly arrived at, terminate prosecution? " | Double Jeopardy - Memo 827 - C - DHA_67944.docx | ROSS-003279813-ROSS-003279814 |
| State v. Moore, 108 Ariz. 532 | 135H+95.1 | If trial court acted in the exercise of sound discretion in declaring a mistrial, there was no double jeopardy and defendant was properly retried, but if trial court did not so act, defendant should not have been retried. U.S.C.A.Const. Amend. 14. | "If trial court acted in the exercise of sound discretion in declaring a mistrial, is there no double jeopardy? " | Double Jeopardy - Memo 368 - C - KG_66788.docx | ROSS-003280296-ROSS-003280297 |
| State v. Todd, 894 N.W.2d 255 | 135H+99 | Double jeopardy does not arise if the State can demonstrate manifest necessity for a mistrial declared over the objection of the defendant. U.S. Const. Amend. 5. | Does double jeopardy not arise if the State can demonstrate manifest necessity for a mistrial declared over the objection of the defendant? | Double Jeopardy - Memo 611 - C - PB_68389.docx | ROSS-003281285-ROSS-003281286 |
| United States v. Huang, 960 F.2d 1128 | 135H+96 | Fact that defendant consented to mistrial does not deprive him of double jeopardy protection if mistrial was occasioned by conduct of trial judge or prosecutor that was intended to provoke defendant into moving for mistrial; applicability of this exception turns squarely on judge's or prosecutor's intent, and negligence, even if gross, is insufficient. U.S.C.A.Const.Amend. 5. | "Does applicability of the exception turn squarely on a judge's or prosecutor's intent, and negligence, even if gross, is insufficient? " | Double Jeopardy - Memo 326 - C - TJ_66620.docx | ROSS-003281296 |
| Temple v. Baker, 125 Pa. 634 | 83E+428 | The words "Credit the drawer," written on the face of a note by an indorser, imply no promise or undertaking on his part, but are merely a direction to all persons to whom the note may be presented to treat with the maker as the owner, notwithstanding the apparent title of the indorsee. | "Do the words ""Credit the drawer"" imply an undertaking?" | Bills and Notes-Memo 1069 -IS_62329.docx | ROSS-003281711 |
| Gooch v. United States, 297 U.S. 124 | 361+1318 | That penal statutes are narrowly construed does not require rejection of sense of words best harmonizing with context and end in view. | Are penal statutes construed in that sense of the words which best harmonizes with the context and its end purpose? | Forgery - Memo 28 - MS.docx | ROSS-003282115-ROSS-003282116 |
| Rapp v. Manufacturers Tr. Co., 15 Misc. 2d 332 | 83E+406 | A check may be transferred without written endorsement, and such transfer vests in transferee such title as transferor had. Negotiable Instrument Law, § 79. | "Can a check be transferred without written endorsement, and such transfer vests in transferee the title as transferor had? " | Bills and Notes- Memo 673-PR_57903.docx | ROSS-003283240-ROSS-003283241 |
| Feliciano v. Autozone, 142 Conn. App. 756 | 302+32.5(1) | Although a plaintiff should plead a statute in a complaint, failing to do so will not necessarily bar recovery as long as the defendant is sufficiently apprised of the applicable statute during the course of the proceedings. | Does failing to plead a statute in a complaint necessarily bar recovery? | Pleading - Memo 552 - RMM_61972.docx | ROSS-003283417-ROSS-003283418 |
| Swafford v. State, 421 N.E.2d 596 | 203+509 | For purposes of the law of homicide, "death" occurs when an individual has sustained either irreversible cessation of circulatory and respiratory functions or irreversible cessation of total brain functions; a determination of death must be made in accordance with accepted medical standards. IC 35-42-1-1(1) (1980 Supp.). | "Is death considered as an irreversible cessation of circulatory and respiratory functions, or irreversible cessation of total brain functions? " | Homicide - Memo 52 - JS.docx | ROSS-003283929-ROSS-003283930 |
| Santana v. Henry, 12 So. 3d 843 | 307A+561.1 | A trial judge may not sua sponte dismiss an action based on affirmative defenses not raised by proper pleadings. | Can a judge dismiss an action based on affirmative defenses not raised by proper pleadings? | Pretrial Procedure - Memo 11389 - C - DA_64443.docx | ROSS-003283936-ROSS-003283937 |
| Presswood v. Welsh, 271 Ga. App. 459 | 307A+3 | When disputed evidence is admissible for any reason, a trial court does not abuse its discretion in denying a motion in limine and admitting it. | Does a trial court abuse its discretion in denying a motion in limine and admitting disputed evidence? | Pretrial Procedure - Memo # 826 - C - KA.docx | ROSS-003284438-ROSS-003284439 |
| In re Travelstead, 227 B.R. 638 | 221+162 | Threshold question in comity analysis is whether there is in fact a true conflict between domestic and foreign law. | Is the threshold question in a comity analysis whether there is in fact a true conflict between domestic and foreign law? | International Law - Memo # 369 - MC.docx | ROSS-003284694-ROSS-003284695 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bhd. of Locomotive Firemen & Enginemen, Lodge 844 v. Kennecott Copper Corp. (Utah Copper Div.), 338 F.2d 224 | 231H+1549(2) | All doubts should be resolved in favor of arbitration, and an order to arbitrate particular grievance should not be denied unless it may be said with positive assurance that arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Labor Management Relations Act of 1947, S 301, 29 U.S.C.A. S 185. | Can courts deny an order to arbitrate? | Alternative Dispute Resolution - Memo 95 - JS.docx | ROSS-003284868-ROSS-003284869 |
| Villoldo v. Castro Ruz, 113 F. Supp. 3d 435 | 221+342 | Under the "act of state doctrine," the act within its own boundaries of one sovereign State becomes a rule of decision for the courts of the United States. | "Under the ""act of state doctrine"" do the acts within the boundaries of a sovereign State become a rule of decision for the courts of the United States?" | International Law - Memo # 527 - TH.docx | ROSS-003285744-ROSS-003285746 |
| Halpern v. Gunn, 57 A.2d 741 | 307A+501 | "Voluntary nonsuit" by plaintiff is a withdrawal or abandonment of his case with costs adjudged against him, with no adjudication on the merits, and with the right to file a new action, leaving the situation as though action had never been filed. | "Is ""voluntary nonsuit"" by a plaintiff a withdrawal or abandonment of his case with costs adjudged against him?" | Pretrial Procedure - Memo # 1185 - C - VA.docx | ROSS-003286052-ROSS-003286055 |
| Paul H. Schwendener v. Larrabee Commons Partners, 338 Ill. App. 3d 19 | 307A+747.1 | The court must exercise its power to avoid undue delay in a manner that insures a fair trial for the parties; in particular, the court must reserve for the parties time for adequate presentation of a defense to all claims. | Must the court exercise its power to avoid undue delay in a manner that insures a fair trial for the parties? | Pretrial Procedure - Memo # 1353 - C - TJ.docx | ROSS-003287763-ROSS-003287764 |
| Bierman v. Hunter, 190 Md. App. 250 | 366+1 | Subrogation requires an underlying and independent legal basis upon which a party may assert its claims. | Does subrogation require an underlying and independent legal basis upon which a party may assert its claims? | Subrogation - Memo 379 - VP C.docx | ROSS-003288301-ROSS-003288302 |
| People ex rel. Schmulbach v. Louisville & N. R. Co., 404 Ill. 381 | 200+121 | The power of the Commissioner of Highways to impose a tax is limited, must be strictly construed and must be exercised in accordance with those provisions of statute designed for protection of taxpayer. S.H.A. ch. 121, SS 62, 62a, 62b, 62c. | Is the power of the Commissioner of Highways to impose a tax limited? | Highways -Memo 147 - DB.docx | ROSS-003288355-ROSS-003288356 |
| McGillis v. Aida Eng'g, 161 Mich. App. 370 | 413+1 | Every employer subject to Workers' Disability Compensation Act is liable for compensation awarded to its injured employees. M.C.L.A. S 418.101 et seq. | Is every employer that is subject to the workers' disability compensation act liable for compensation awarded to its injured employees? | Workers Compensation - Memo #114 ANC.docx | ROSS-003288357-ROSS-003288358 |
| Faysound Ltd. v. Walter Fuller Aircraft Sales, 748 F. Supp. 1365 | 221+342 | Foreign judicial judgment in case involving private litigants does not rise to status of act of state; nor does party's initiation of foreign judicial proceedings. | Does foreign judicial judgment in a case involving private litigants rise to the status of an act of state? | International Law - Memo # 373 - MC.docx | ROSS-003288407-ROSS-003288408 |
| U.S. Bank, Nat. Ass'n v. Schaeffer, 160 Conn. App. 138 | 307A+554 | Because the issue of standing implicates subject matter jurisdiction, it may be a basis for granting a motion to dismiss. | "Because the issue of standing implicates subject matter jurisdiction, may it be a basis for granting a motion to dismiss?" | Pretrial Procedure - Memo # 5938 - C - LN.docx | ROSS-003289509-ROSS-003289510 |
| Tidwell ex rel. Tidwell v. City & Cty. of Denver, 83 P.3d 75 | 307A+554 | If raised before trial, the issue of whether governmental immunity applies to bar a suit is properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1). | "If governmental immunity is raised before trial, is the issue properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction?" | Pretrial Procedure - Memo # 5564 - C - ES.docx | ROSS-003289576-ROSS-003289577 |
| Cadet-Duval v. Gursim Holding, 147 A.D.3d 718 | 307A+560 | Dismissals for pleading deficiencies or for failure to timely serve process are not on the merits and are without prejudice. McKinney's CPLR 306(b). | Are dismissals for pleading deficiencies or for failure to timely serve process not on the merits and are without prejudice? | Pretrial Procedure - Memo # 6151 - C - KA.docx | ROSS-003289786-ROSS-003289787 |
| In re Falone, 464 Pa. 42 | 21+2 | Generally, affidavits must be executed by one who possesses personal knowledge of facts alleged in petition. Pa.R.Crim.P., Rule 304(c); Pa.R.C.P. No. 1024, 42 Pa.C.S.A. | Should affidavits be executed by one who possesses personal knowledge of the facts alleged? | Affidavits - Memo 40 - SNJ_60837.docx | ROSS-003292369-ROSS-003292371 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Siculan v. Koukos, 74 A.D.3d 946 | 307A+746 | To vacate dismissal of personal injury action for failure of plaintiff's counsel to appear at a scheduled conference, plaintiff was required to demonstrate a reasonable excuse for the failure to appear and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27(b). | "In order to vacate a dismissal for failure to appear, is a plaintiff required to demonstrate a reasonable excuse for his or her failure to appear? " | Pretrial Procedure - Memo 11255 - C - SHB_65272.docx | ROSS-003293321-ROSS-003293322 |
| State v. Villanueva-Gonzalez, 180 Wash. 2d 975 | 135H+5.1 | The prohibition on double jeopardy generally means that a person cannot be prosecuted for the same offense after being acquitted, be prosecuted for the same offense after being convicted, or receive multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Does double jeopardy mean that a person cannot be prosecuted for the same offense after being acquitted? | Double Jeopardy - Memo 863 - C - NS_67652.docx | ROSS-003294459-ROSS-003294460 |
| Allen v. Titan Propane, 484 S.W.3d 902 | 307A+561.1 | For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleading. | Should affirmative defense be established by plaintiff's pleading to be sustained upon bare motion to dismiss? | Pretrial Procedure - Memo # 10785 - C - NS_63652.docx | ROSS-003294626-ROSS-003294627 |
| In re Barney's Inc., 200 B.R. 527 | 366+7(1) | Doctrine of equitable subrogation gives guarantor right to be subrogated to any and all rights that creditor or subrogor has against debtor, including right to assert any priority or special right of the subrogor. | Does the doctrine of equitable subrogation give a guarantor the right to be subrogated to any and all rights that a creditor or subrogor has against the debtor? | Subrogation - Memo # 732 - C - SU.docx | ROSS-003295141-ROSS-003295142 |
| Zeller v. Donegal Sch. Dist. Bd. of Ed., 517 F.2d 600 | 141E+735 | Very nature of the school system, public and private, requires that student liberties and freedom may not be absolute. (Per Aldisert, Circuit Judge, with three Judges concurring and one Judge concurring in dismissal of complaint.) | "Do the very nature of the school system, public and private, requires that student liberties and freedom may not be absolute? " | Education - Memo 365 - C - KS_65930.docx | ROSS-003295298-ROSS-003295299 |
| Griffin v. State, 148 Ga. App. 311 | 203+1152 | To obtain a conviction for murder, the State is under no obligation to negate the presence of sudden heat, because there is no implied element of the absence of sudden heat in the crime of murder; however, once a defendant places sudden heat into issue, the State bears the burden of negating the presence of sudden heat beyond a reasonable doubt. West's A.I.C. 35-42-1-3. | Is the State obligated to negate the presence of sudden heat to obtain a conviction for Murder? | Homicide - Memo 116 - RK.docx | ROSS-003296407-ROSS-003296408 |
| Jaroszewski v. Flege, 297 S.W.3d 24 | 307A+581 | Even a meritorious case may be dismissed for failure to prosecute, if the totality of the circumstances shows that the plaintiff is not actively prosecuting the case. Rules Civ.Proc., Rule 41.02. | "Can a meritorious case be dismissed for failure to prosecute, if the totality of the circumstances shows that the plaintiff is not actively prosecuting the case?" | Pretrial Procedure - Memo # 10721 - C - KG_63255.docx | ROSS-003296735-ROSS-003296736 |
| Universal Forest Prod. E. Div. v. Morris Forest Prod., 558 F. Supp. 2d 893 | 366+1 | Given that equity does not lend itself to the application of black letter rules, subrogation depends, under Wisconsin law, upon a just resolution of a dispute under a particular set of facts. | Does subrogation depend upon a just resolution of a dispute under a particular set of facts? | Subrogation - Memo 264 - ANG C.docx | ROSS-003297322-ROSS-003297323 |
| Werber v. Atkinson, 84 A.2d 111 | 13+65 | A plaintiff's right to recover depends upon his right at inception of suit, and nonexistence of a cause of action when suit was begun is a fatal defect which cannot be cured by accrual of a cause of action pending suit. | Does a plaintiffs right to recover depend upon his right at inception of the suit? | Action - Memo # 706 - C - TJ.docx | ROSS-003299785-ROSS-003299786 |
| SurgiJet v. Hicks, 236 Ga. App. 80 | 307A+717.1 | Trial court does not abuse its discretion in denying motion for continuance based upon absence of a witness, where movant fails to meet one of eight statutory requirements for granting continuance. O.C.G.A. S 9-10-160. | Should all applications for continuances based upon the absence of a witness shall set forth eight different requirements? | Pretrial Procedure - Memo # 1738 - C - NS.docx | ROSS-003299789-ROSS-003299790 |
| Am. Bureau of Shipping v. Tencara Shipyard S.P.A., 170 F.3d 349 | 25T+141 | Party is estopped from denying its obligation to arbitrate when it receives a direct benefit from a contract containing an arbitration clause. | Is a party estopped from denying its obligation to arbitrate when it receives a direct benefit from a contract containing an arbitration clause? | Alternative Dispute Resolution - Memo 517 - RK.docx | ROSS-003300661-ROSS-003300663 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McDuffie v. ACandS, 781 So. 2d 628 | 307A+749.1 | There is no authority to limit severely a party's rights for the technical, though justifiable, violation of a pretrial order. LSA-C.C.P. art. 1551. | "Is there an authority to limit severely a party's rights for the technical, though justifiable, violation of a pretrial order? " | Pretrial Procedure - Memo # 1782 - SKG.docx | ROSS-003301238-ROSS-003301239 |
| Lobberecht v. Chendrasekhar, 728 N.W.2d 853 | 13+61 | A person has a legal interest in a cause of action when it accrues, and that occurs when an aggrieved party has a right to institute and maintain a lawsuit. | Does a cause of action accrue when an aggrieved party has a right to institute and maintain a lawsuit? | Action - Memo # 123 - C - CS.docx | ROSS-003301779-ROSS-003301781 |
| Bee Yang v. State, 805 N.W.2d 921 | 13+61 | In a civil case, a claim arises when it can survive a motion to dismiss for failure to state a claim upon which relief can be granted. | Does a claim or cause of action arise when it can survive a motion to dismiss for failure to state a claim upon which relief can be granted? | Action - Memo # 87 - C - NO.docx | ROSS-003302179-ROSS-003302180 |
| Kerner v. Superior Court, 206 Cal. App. 4th 84 | 307A+36.1 | A "substantial probability" of prevailing on a claim for punitive damages, as required for discovery of a defendant's net worth, means that it is very likely that the plaintiff will prevail on such a claim or there is a strong likelihood that the plaintiff will prevail on such a claim. West's Ann.Cal.Civ.Code S 3295(c). | "Does a ""substantial probability"" of prevailing on a claim for punitive damages mean that it is very likely that the plaintiff will prevail on such a claim or there is a strong likelihood that the plaintiff will prevail on such a claim? " | Pretrial Procedure - Memo # 4595 - C - NS.docx | ROSS-003304223-ROSS-003304224 |
| Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+1 | In practice, subrogation under Florida law entails the substitution of one person in the place of another with reference to a lawful claim or right. | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, or right?" | Subrogation - Memo 352 SK.docx | ROSS-003310647-ROSS-003310648 |
| Wasko v. Manella, 269 Conn. 527 | 366+1 | The right of legal or equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | Does equitable subrogation take place as a matter of equity? | Subrogation - Memo 293 RM C.docx | ROSS-003311016-ROSS-003311018 |
| Roe v. Unocal Corp., 70 F. Supp. 2d 1073 | 221+342 | Where policies underlying doctrine militate against its application, act of state doctrine should not apply, even to claims that foreign government's actions are or were invalid. | "Where the policies underlying doctrine militate against its application, should an act of state doctrine apply?" | International Law - Memo # 411 - C - MLS.docx | ROSS-003311941-ROSS-003311942 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does the strict technical compliance of credit terms benefit just the individual claimant? | Consumer Credit - Memo 209 - RK_61871.docx | ROSS-003321384-ROSS-003321385 |
| Cladd v. State, 398 So. 2d 442 | 67+7 | In that burglary is an invasion of possessory property rights of another, where premises are in sole possession of wife, husband can be guilty of burglary if he makes nonconsensual entry into her premises with intent to commit offense. West's F.S.A. S 810.02. | Can a husband be charged with burglary of his wifes property? | Burglary - Memo 270 - RK_62273.docx | ROSS-003321763-ROSS-003321767 |
| In re Interest of Zylena R., 284 Neb. 834 | 209+134(4) | At a hearing on a petition to transfer a child protection proceeding to tribal court, the party opposing the transfer has the burden of establishing that good cause not to transfer exists. Indian Child Welfare Act of 1978, S 101(b), 25 U.S.C.A. S 1911(b). | Who has the burden to establish good cause not to transfer in a petition to transfer a proceeding to a tribal court? | Indians - Memo 62 - BP.docx | ROSS-003322230-ROSS-003322231 |
| Wasko v. Manella, 269 Conn. 527 | 366+1 | The right of legal or equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | Does an equitable subrogation arise from contractual relationship between parties? | Subrogation - Memo 247 VG C.docx | ROSS-003322278-ROSS-003322280 |
| In re Frankum, 399 B.R. 498 | 366+1 | Under a theory of "equitable subrogation," a person who pays the debt of another may seek reimbursement to prevent unjust enrichment. | Can a person who pays the debt of another seek reimbursement under a theory of equitable subrogation? | Subrogation - Memo 366 KA.docx | ROSS-003325844-ROSS-003325846 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Portrait of Wally, 663 F. Supp. 2d 232 | 221+342 | "Act of State Doctrine" bars courts in the United States from invalidating the public acts of foreign sovereigns within their own jurisdictions. | Does the Act of State Doctrine bars courts in the United States from invalidating the public acts of foreign sovereigns within their own jurisdictions? | International Law - Memo # 76 - C - LK.docx | ROSS-003326266-ROSS-003326268 |
| Universal Forest Prod. E. Div. v. Morris Forest Prod., 558 F. Supp. 2d 893 | 366+1 | Given that equity does not lend itself to the application of black letter rules, subrogation depends, under Wisconsin law, upon a just resolution of a dispute under a particular set of facts. | Do equity and subrogation depend upon a just resolution of a dispute under a particular set of facts? | Subrogation - Memo # 422 - C - SA.docx | ROSS-003329361-ROSS-003329362 |
| Malbco Holdings v. AMCO Ins. Co., 629 F. Supp. 2d 1185 | 366+1 | The purpose of subrogation under Oregon law is to prevent unjust enrichment, discourage carelessness, and avoid a windfall gain to the subrogor. | "Is the purpose of subrogation to prevent unjust enrichment, discourage carelessness, and avoid a windfall gain to the subrogor?" | Subrogation - Memo 325 - TJ.docx | ROSS-003330288-ROSS-003330289 |
| Gregoire v. Enterprise Marine Services, 38 F. Supp. 3d 749 | 334+19(5) | General maritime law claims are not removable under federal admiralty jurisdictional statute as part of the original jurisdiction of the court, and require an independent basis of jurisdiction. 28 U.S.C.A. SS 1333, 1441(a). | Are general maritime law claims brought in a state court removable? | 000042.docx | LEGALEASE-00115491-LEGALEASE-00115494 |
| People v. Austin, 93 Ill. App. 3d 495 | 181+1 | Forgery constitutes the intentional making, altering, issuing, delivery or possession of a document, knowing it is fraudulent because it purports to be made by one who did not make it; such actions must occur with the intent to defraud. S.H.A. ch. 38, S 17-3. | What constitutes forgery? | Forgery - Memo 7 - RMM.docx | ROSS-003286321-ROSS-003286322 |
| Heaton v. City of Charlotte, 277 N.C. 506 | 414+1140 | Municipality has no inherent power to zone its territory, and its authority is subject to limitations imposed by enabling statute and Constitution; zoning ordinance or amendment thereto which is not adopted in accordance with enabling statutes is invalid and ineffective. G.S. S 160-172 et seq. | Why are limitations imposed on the zoning power by the enabling statute? | Zoning and Planning - Memo 7 - RM.docx | LEGALEASE-00000313-LEGALEASE-00000314 |
| Adkins Ltd. P'ship v. O St. Mgmt., 56 A.3d 1159 | 25T+501 | Ordinarily, a trial court's role in reviewing an appraisal is limited, as is its role in reviewing arbitration awards; however, when the parties have agreed only for the appraisal of a specific thing and the contract does not provide for an appraiser to settle a particular dispute, an appraiser's role is more limited than the role of an arbitrator, i.e., the appraiser's task is merely that of fixing value. | What does the term arbitration imply? | Alternative Dispute Resolution - Memo 9 - JS.docx | LEGALEASE-00000366-LEGALEASE-00000367 |
| People v. Hole, 139 Cal. App. 3d 431 | 172H+1697 | Where a defendant attempts to pass a "nonsufficient fund" check, drawee bank is a "victim of the crime," within meaning of "victim of the crime" exception to Right to Privacy Act, regardless of whether or not bank has suffered financial loss. West's Ann.Cal.Gov.Code SS 7470(d), 7471(c). | Will a drawee bank be considered as a victim of the crime when a defendant attempts to pass a check in violation of penal code? | Banks and Banking - Memo 2 - MS.docx | ROSS-003285408-ROSS-003285409 |
| Adkins Ltd. P'ship v. O St. Mgmt., 56 A.3d 1159 | 25T+501 | Ordinarily, a trial court's role in reviewing an appraisal is limited, as is its role in reviewing arbitration awards; however, when the parties have agreed only for the appraisal of a specific thing and the contract does not provide for an appraiser to settle a particular dispute, an appraiser's role is more limited than the role of an arbitrator, i.e., the appraiser's task is merely that of fixing value. | What does the term arbitration imply? | Alternative Dispute Resolution - Memo 9 - JS.docx | LEGALEASE-00000713-LEGALEASE-00000714 |
| Britton v. Co-op Banking Grp., 916 F.2d 1405 | 25T+182(1) | Party seeking to prove waiver of right to arbitrate must demonstrate knowledge of existing right to compel arbitration, facts inconsistent with that existing right, and prejudice to the party opposing arbitration resulting from inconsistent acts; party arguing waiver of arbitration bears heavy burden of proof. | What are the factors to be established by a party seeking waiver of a right to arbitrate? | Alternative Dispute Resolution - Memo 122 - JS.docx | ROSS-003281839-ROSS-003281840 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lorber Indus. of California v. Los Angeles Printworks Corp., 803 F.2d 523 | 25T+112 | Arbitration, however favored by courts and Congress, is a contractual right, and may not be invoked by one who is not a party to the agreement and who does not otherwise possess the right to compel arbitration. | Can one who is not a party to the agreement invoke contractual right? | Alternative Dispute Resolution - Memo 103 - JS.docx | ROSS-003281946-ROSS-003281947 |
| Lent v. Padelford, 10 Mass. 230 | 277+13 | The general rule with respect to the necessity of alleging notice is that when the matter alleged lies peculiarly in the knowledge of the plaintiff he must aver that defendant had notice, but when it lies equally in the knowledge of defendant such averment is unnecessary. | "When the matter alleged lies peculiarly in the knowledge of both plaintiff and defendant, is it necessary to allege or aver that the defendant had notice?" | Notice -Memo 19 - MS.docx | LEGALEASE-00000865-LEGALEASE-00000866 |
| Nat'l Football League v. Alley, 624 F. Supp. 6 | 372+1445 | Assuming that Florida recognizes common-law right of publicity, right is a personal one which may not be assigned to another entity, and thus National Football League and member club would lack standing to bring common-law action on behalf of individual football players in connection with unauthorized interception of satellite transmissions of live game broadcasts. | Can the right to publicity be assigned? | 003902.docx | LEGALEASE-00115928-LEGALEASE-00115929 |
| Sec. First Nat. Bank v. Whittaker, 241 Cal. App. 2d 554 | 289+808 | Partner's interest in partnership was his share of profits and surplus, which interest was personal property and assignable, and postdissolution assignment transferred to assignee the right to an accounting. West's Ann.Corp.Code, SS 15026, 15027(2). | Is a partners right to the share in the profits and surplus of the partnership assignable? | 003923.docx | LEGALEASE-00115921-LEGALEASE-00115922 |
| People v. Adkins, 236 A.D.2d 850 | 181+9 | Defendant did not falsely make money order, within meaning of forgery statute, as money order was made by person who purchased it and who was authorized to make it, such that money order was authentic, and defendant merely added name of payee. McKinney's Penal Law S 170.10, subd. 1. | Does adding names of the payee to money order constitute forgery? | Forgery - Memo 21 - AKA.docx | ROSS-003289634-ROSS-003289635 |
| In re Eagle Creek Land Res., 149 A.D.3d 1324 | 315+72 | Under the traditional conception of property, the most important of the various rights of an owner is the right of possession which includes the right to exclude others from occupying or using the space. | Do rights of a property owner include right to exclude others from using it? | Property - Memo 9 - ANG.docx | ROSS-003310847-ROSS-003310849 |
| Fuller v. Guthrie, 565 F.2d 259 | 25T+113 | Federal policy favors arbitration, and arbitration agreements are to be liberally construed; however, decision to arbitrate must be consciously made, since, by agreeing to submit disputes to arbitration, a party relinquishes his courtroom rights, including right to subpoena witnesses, in favor of arbitration with all of its well-known advantages and drawbacks. | Does a litigant initiating arbitration waive his right to a judicial forum? | Alternative Dispute Resolution - Memo 71- JS.docx | LEGALEASE-00001437-LEGALEASE-00001439 |
| Larry Skowronek v. American Steam Ship Company, 505 F.3d 482 | 348+11(1) | Under United States maritime law, "maintenance" is shipowner's duty to provide food and lodging to seaman who becomes ill or injured while in ship's service. | Is the payment made by a shipowner to a sick and injured sailor for food and lodging considered as maintenance? | 004057.docx | LEGALEASE-00116290-LEGALEASE-00116292 |
| Heckers v. Fowler, 69 U.S. 123 | 25T+111 | A trial by arbitrators, appointed by the court, with the consent of both parties, is one of the methods of prosecuting a suit to judgment, as well established and as fully warranted by law as a trial by jury. | Is trial by arbitrators a mode of prosecuting a suit to judgment? | Alternative Dispute Resolution - Memo 18 - JS.docx | ROSS-003283647-ROSS-003283649 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dees v. Distenfield, 618 F. Supp. 123 | 25T+114 | By enacting Federal Arbitration Act, Congress sought to make arbitration agreements as enforceable as all other contracts; Congress intended to avoid unnecessary expense and delay of litigation where parties had provided for more efficient process of arbitration. 9 U.S.C.A. S 1 et seq. | What is the purpose of Arbitration Act? | 06336.docx | LEGALEASE-00078397-LEGALEASE-00078399 |
| HotelesCondado Beach v. Union de Tronquistas de Puerto Rico, Local 901, 588 F. Supp. 679 | 25T+111 | Arbitration proceedings are informal, flexible procedures in which the liberality of the norms of evidence is encouraged to afford the parties the amplest opportunity to arrive at the truth of the underlying matters. | Is the arbitration process an informal and flexible procedure? | 004216.docx | LEGALEASE-00116285-LEGALEASE-00116286 |
| Arkoosh v. Dean Witter & Co., 415 F. Supp. 535 | 25T+110 | Right to trial by jury is important constitutional right, but is not of such nature that its waiver in lieu of arbitration places either party under unreasonable burden, or gives either party unreasonable advantage. U.S.C.A.Const. Amend. 7; 9 U.S.C.A. S 1 et seq. | Can a party waive the right to trial by jury in favor of the right to arbitrate? | Alternative Dispute Resolution - Memo 7 - JS.docx | LEGALEASE-00001579-LEGALEASE-00001581 |
| United States v. (Under Seal), 748 F.2d 871 | 311H+156 | Attorney-client privilege protects only confidential client communications; that is, communications not intended to be disclosed to third persons other than in the course of rendering legal services to client or transmitting communications by reasonably necessary means. | What protection is afforded under an attorney-client privilege? | Privileged Communications and Confidentiality - Memo 13 - VP.docx | LEGALEASE-00001601-LEGALEASE-00001603 |
| Everest Indem. Ins. Co. v. Rea, 236 Ariz. 503 | 311H+168 | The attorney-client privilege may be deemed waived when application of the privilege would deny an opposing party access to necessary information to counter a claim or defense asserted by the other party. | When does an attorney-client privilege be deemed waived? | Privileged Communications and Confidentiality - Memo 9 - VP.docx | ROSS-003285284-ROSS-003285285 |
| Houston v. Bd. of City Comm'rs of City of Wichita, 218 Kan. 323 | 414+1333(1) | Function of planning commission is advisory only, its authority being limited to study of facts and submission of its recommendations to governing body wherein authority to take final action lies. K.S.A. 12-707. | Does the governing body have the final authority in zoning matters? | Zoning and Palnning - Memo 31 - JS.docx | LEGALEASE-00001861-LEGALEASE-00001862 |
| United States v. Ferro, 681 F.3d 1105 | 174+1.3 | In assessing whether a fine is excessive, court is not required to consider any rigid set of factors. U.S.C.A. Const.Amend. 8; 18 U.S.C.A. S 983(g). | Is the court required to consider any rigid set of factors in assessing whether a fine is excessive? | 05825.docx | LEGALEASE-00089207-LEGALEASE-00089209 |
| Love Terminal Partners v. United States, 126 Fed. Cl. 389 | 148+70 | The Takings Clause of Fifth Amendment was designed to bar government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole. U.S. Const. Amend. 5. | What purpose does the taking or just compensation clause serve under the law? | Eminent Domain - Memo 10 - AKA.doc | LEGALEASE-00002109-LEGALEASE-00002110 |
| Illinois State Chamber of Commerce v. Pollution Control Bd., 177 Ill. App. 3d 923 | 1.49E+18 | When Pollution Control Board exercises its rule-making powers, it is performing a quasi-legislative function and has no burden to support its conclusions with a given quantum of evidence. | "Does an administrative agency, such as the Pollution Control Board, perform a quasi-legislative function while exercising its rule-making power?" | Environmental Law - Memo 44 - AKA.doc | LEGALEASE-00002151-LEGALEASE-00002153 |
| Matter of Marriage of Crosetto, 82 Wash. App. 545 | 192+1 | One or more accounting methods may be used in conjunction with Fleege factors in determining value of professional goodwill with ultimate goal of achieving fair and just evaluation of existence and value of goodwill. | What are the different methods in valuing goodwill? | 004394.docx | LEGALEASE-00116534-LEGALEASE-00116535 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Bank of Montreal, 21 F. 236 | 220+4243 | A bank in Canada, which has established a branch in Chicago, must be held to carry on a banking business, within the provisions of Rev.St.U.S. S 3407, 12 U.S.C.A. S 561, defining a bank, and of section 3408, imposing a tax on capital employed; it having a place of business where credits were opened by the deposit of money, subject to be paid or remitted upon draft, check, or order, and where bills of exchange were issued and sold. | What are the substantive activities that occur at the place of business of a banker? | 004511.docx | LEGALEASE-00116458-LEGALEASE-00116459 |
| In re Wilkins' Will, 131 Misc. 188 | 172H+211 | A "savings bank" is an institution for accumulation of small sums, chiefly savings of poorer classes, organized by philanthropic movement, where trustees give their services gratuitously, and state prescribes classes of investment. | How are saving banks different from commercial banks? | 004513.docx | LEGALEASE-00116460-LEGALEASE-00116462 |
| Tucson Elec. Power Co. v. Adams, 134 Ariz. 396 | 148+1 | A public authority cannot contract away its right to eminent domain since such action would deprive that authority of a power essential to public welfare. | Can a public authority contract away its right to eminent domain? | Eminent Domain - Memo 12 - AKA.doc | LEGALEASE-00002341-LEGALEASE-00002342 |
| Household Coal & Oil Distributors (Starck-Rawlings Div.) v. Sage, 57 Misc. 2d 428 | 302+1 | Primary function of any pleading is to give the defendant notice of transactions or occurrences intended to be litigated and material elements of plaintiff's cause of action. CPLR 3026. | Is giving notice to the other party the primary function of pleading? | 004854.docx | LEGALEASE-00116719-LEGALEASE-00116721 |
| Roberts v. William N. & Kate B. Reynolds Mem'l Park, 281 N.C. 48 | 50+21 | Bailor for hire is not insurer but is liable to bailee or third person for injuries proximately caused by defect in vehicle of which bailor had knowledge or which he could have discovered by reasonable care and inspection. | Is a bailor for hire an insurer? | Bailment - Memo 39 - RK.docx | LEGALEASE-00002952-LEGALEASE-00002953 |
| Scarboro v. State, 207 Ga. 449 | 146+35 | Any legal interest in the property wrongfully converted although less than absolute title will support an allegation of ownership in a prosecution for embezzlement but there must be an actual legal interest, and not a mere claim or expectation of interest. Code, S 26-2801. | Is it necessary that the title of one whose property is embezzled have an absolute ownership in the property? | 004989.docx | LEGALEASE-00116778-LEGALEASE-00116779 |
| Chorpenning v. United States, 11 Ct. Cl. 625 | 25T+112 | To clothe a person with the authority of an arbitrator, the parties must mutually agree to be bound by his decision of the matter in controversy. An arbitrament which concludes only one of the parties would be an anomaly in the law. | Does a person get authority of an arbitrator without mutual agreement between the parties? | Alternative Dispute Resolution - Memo 111 - JS.docx | LEGALEASE-00003035-LEGALEASE-00003036 |
| Czerwinski v. Sunrise Point Condo., 540 So. 2d 199 | 233+1251 | Landlord generally has no duty to insure the safety of his tenants or to protect them from the criminal acts of third persons unless the criminal occurrence is reasonably foreseeable. | Does the landlord have a general duty to protect a tenant from criminal attacks? | 005074.docx | LEGALEASE-00117228-LEGALEASE-00117230 |
| Application of Rea Const. Co., 272 N.C. 715 | 414+1349 | In issuance of building permits, city building inspector acts as administrative agent and must follow provisions of zoning ordinance. | "When issuing building permits, is a building inspector an administrative agent bound to follow the provisions of zoning regulations? " | Administrative Law - Memo 160 - RK.docx | LEGALEASE-00003774-LEGALEASE-00003775 |
| Peachtree Dev. Co. v. Paul, 67 Ohio St. 2d 345 | 15A+1057 | Test for determining whether action of legislative body is legislative or administrative is whether action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence. | How is it determinedwhether an action of a legislative body is legislative or administrative? | Administrative Law - Memo 161 - RK.docx | LEGALEASE-00003776-LEGALEASE-00003777 |
| Lazarin v. Superior Court, 188 Cal. App. 4th 1560 | 15A+1057 | When a statute empowers an administrative agency to adopt regulations implementing the legislation, the agency acts in a "quasi-legislative" capacity, having been delegated the Legislature's lawmaking power. | Is adoption of a regulation by an administrative agency a quasi-legislative act? | 000380.docx | LEGALEASE-00117414-LEGALEASE-00117416 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Jones, 105 N.J. Super. 493 | 98+21 | Summary conviction for contempt is not a "conviction" within statutes imposing disability or disqualification or otherwise discrediting an individual because of prior conviction for crime. | Is summary conviction for contempt a conviction within statutes imposing disability or disqualification? | 000388.docx | LEGALEASE-00117420-LEGALEASE-00117421 |
| Martin v. State, 10 Md. App. 274 | 207+1 | "Incest" is sexual commerce, either habitual or in a single instance, and either under a form of marriage or without it, between persons too nearly related in consanguinity or affinity to be entitled to intermarry. | Is marriage between persons within a certain degree of consanguinity considered incest? | Incest - Memo 4 - RK.docx | LEGALEASE-00003798-LEGALEASE-00003799 |
| Baruch v. Clark, 154 Idaho 732 | 253+838 | As a general rule, though not absolute, a so-called profit or gain from the sale of separate property occasioned by the natural enhancement in the value of such property constitutes part of the separate estate. West's I.C.A. S 32-903. | Are profits from the sale of separate property during marriage considered as separate property? | 005111.docx | LEGALEASE-00117325-LEGALEASE-00117326 |
| Baruch v. Clark, 154 Idaho 732 | 253+838 | As a general rule, though not absolute, a so-called profit or gain from the sale of separate property occasioned by the natural enhancement in the value of such property constitutes part of the separate estate. West's I.C.A. S 32-903. | Are profits from the sale of separate property during marriage considered as separate property? | Marriage and Cohabitation- Memo 42 - JS.docx | LEGALEASE-00004049-LEGALEASE-00004050 |
| Boone v. Boone, 345 S.C. 8 | 253+1086(1) | "Interspousal immunity" is a common law doctrine based on the legal fiction that husband and wife share the same identity in law, namely that of the husband; accordingly, at common law, tort suits between two spouses were not permitted. | Can one spouse maintain an action for tort against the other spouse? | Marriage and Cohabitation- Memo 48 - JS.docx | LEGALEASE-00004060-LEGALEASE-00004062 |
| Allred v. Harris, 14 Cal. App. 4th 1386 | 386+1 | As a general rule, landowners and tenants have right to exclude persons from trespassing on private property; right to exclude persons is fundamental aspect of private property ownership. | Do landowners and tenants have a right to exclude persons from trespassing on private property? | Trespass - Memo 11 - RK.docx | ROSS-003311985-ROSS-003311986 |
| Sprayberry Crossing P'ship v. Phenix Supply Co., 274 Ga. App. 364 | 386+1 | Proximate cause sufficient to support a nuisance or trespass action is not necessarily the last act or cause, or the nearest act to the injury, but such act that has actively aided in producing the injury as a direct and existing cause; there may be more than one proximate cause of an injury. | Is there a need to establish proximate cause in nuisance and trespass claims? | 000721.docx | LEGALEASE-00117547-LEGALEASE-00117548 |
| In re Maynard, 155 N.H. 630 | 307A+19 | The decision to disallow pretrial discovery is within the sound discretion of the trial judge, and the Supreme Court will uphold it unless it is an unsustainable exercise of discretion. | Are decisions concerning pretrial discovery within the sound discretion of the trial judge? | Pretrial Procedure - Memo 5 - JS.docx | ROSS-003324837-ROSS-003324838 |
| State v. Broom, 146 Ohio St. 3d 60 | 203+503 | A fetus that is born alive and subsequently dies of injuries inflicted prior to the birth is a human being for the purpose of the crime of first-degree murder. | Is a fetus who is born alive but later dies due to injuries inflicted before birth a victim of homicide? | 000418.docx | LEGALEASE-00117724-LEGALEASE-00117725 |
| People v. Downer, 57 Cal. 2d 800 | 207+1 | Crime of attempted incest is complete if the evidence is sufficient to show concurrence of intent to commit such a crime with direct though ineffectual acts toward its commission. | Is intent a necessary element to show that a crime of incest has been committed? | Incest - Memo 8 - TH.docx | LEGALEASE-00004414-LEGALEASE-00004415 |
| Debord v. Mercy Health Sys. of Kansas, 860 F. Supp. 2d 1263 | 237+119 | Under Kansas law, the plaintiff in an action for defamation must first offer proof of harm to reputation; any claim for mental anguish is parasitic, and compensable only after damage to reputation has been established. | Is proof of reputational harm a prerequisite to bring a defamation action? | 000566.docx | LEGALEASE-00117663-LEGALEASE-00117664 |
| Levinsky's v. Wal-Mart Stores, 127 F.3d 122 | 237+1 | Maine defamation law does not recognize liability without fault; rather, as predicate to recovery, Maine requires defamation plaintiff to show that defendant acted at least negligently. | Is negligent defamation recognized by law? | 000559.docx | LEGALEASE-00117957-LEGALEASE-00117958 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fulgenzi v. PLIVA, 867 F. Supp. 2d 966 | 313A+114 | In Ohio, three basic theories of liability exist under which a claimant may assert a product liability action: (1) under the Ohio Product Liability Act (OPLA); (2) negligence; and (3) breach of warranty. Ohio R.C. S 2307.71. | Are there any theories of liability under which a claimant may assert a product liability action? | 000668.docx | LEGALEASE-00117868-LEGALEASE-00117869 |
| People v. Boyer, 24 Ill. App. 3d 671 | 207+1 | Purpose of statutes making incest a criminal offense is to prohibit sexual intercourse between those persons closely related and thereby promote domestic peace and social policy; cultural traditions are basis for the prohibitions against incestuous conduct. S.H.A. ch. 38, SS 11-10, 11-10(c), 11-11, 11-11(b), 1005-8-1(b)(3, 4). | What is the purpose of incest statutes? | Incest - Memo 25 - ANG.docx | ROSS-003297318-ROSS-003297321 |
| Com. v. Smith, 2005 PA Super 293 | 207+2 | Incest statute does not have sole purpose of preventing genetic or biological abnormalities in the offspring of incestuous unions, but rather, seeks to advance purposes different from, and more compelling than, eugenics, as statute does not define crime of incest exclusively in terms of sexual intercourse between consanguineous relations, but also criminalizes the intermarriage of persons so related. M.G.L.A. c. 272, S 17. | What is the purpose of incest statutes? | 000788.docx | LEGALEASE-00117855-LEGALEASE-00117858 |
| Erickson v. Pardus, 551 U.S. 89 | 170A+657.5(1) | A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Fed.Rules Civ.Proc.Rule 8(a)(2), (f), 28 U.S.C.A. | Are pro se complaints liberally construed? | 000851.docx | LEGALEASE-00117876-LEGALEASE-00117877 |
| Coenen v. R. W. Pressprich & Co., 453 F.2d 1209 | 25T+139 | In deciding question of arbitrability, within meaning of the Arbitration Act, of a dispute under arbitration agreement concerning transactions relating to commerce, the federal policy is to construe liberally arbitration clauses and to find that they cover disputes reasonably contemplated by the language and to resolve doubts in favor of arbitration. 9 U.S.C.A. S 1 et seq. | How do courts construe the applicability of arbitration clauses to disputes? | 000984.docx | LEGALEASE-00117982-LEGALEASE-00117984 |
| Allen v. Regions Bank, 654 F. Supp. 2d 523 | 25T+113 | While there is strong federal policy favoring arbitration, that policy does not apply to initial determination whether there is a valid agreement to arbitrate. 9 U.S.C.A. S 4. | Does the strong federal policy favouring arbitration apply to the initial determination of whether there is a valid arbitration agreement? | 000997.docx | LEGALEASE-00117995-LEGALEASE-00117997 |
| Banc One Acceptance Corp. v. Hill, 367 F.3d 426 | 25T+113 | While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate; nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. 9 U.S.C.A. S 4. | How does a court resolve ambiguities in an arbitration agreement? | 001003.docx | LEGALEASE-00118001-LEGALEASE-00118003 |
| Beltrami Enterprises v. Com., Dep't of Envtl. Res., 159 Pa. Cmwlth. 72 | 1.49E+20 | Environmental Hearing Board (EHB) has power to resolve both procedural and substantive validity of actions by Department of Environmental Resources (DER). 35 P.S. S 7514. | Does the Environmental Hearing Board (EHB) have the power to resolve the procedural and substantive validity of actions by the Department of Environmental Resources (DER)? | Environmental Law - Memo 83 - RK.docx | ROSS-003284461-ROSS-003284462 |
| FMC Corp. v. Cyprus Foote Mineral Co., 899 F. Supp. 1477 | 231H+1 | Freedom of employees to sell their expertise to highest and more congenial bidder is important facet of individual liberty long recognized by law of North Carolina. | Do employees have the freedom to sell their expertise to the highest and most congenial bidder? | Labor and Employment - Memo 9 - VP.docx | ROSS-003284100-ROSS-003284101 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Custody of ALD, 191 Wash. App. 474 | 76D+1 | Since the custody of a child is a fundamental, constitutional right, state interference is justified only if the State can show that it has a compelling interest and such interference is narrowly drawn to meet only the compelling state interest involved; this standard is known as the strict scrutiny test. | Can the State interfere in the child custody rights? | 000888.docx | LEGALEASE-00118144-LEGALEASE-00118145 |
| Ramsay v. Morrissette, 252 A.2d 509 | 233+1252 | Landlord's duty to those persons legally on premises is to use reasonable care with respect to those portions of building over which he retains control. | Does a landlord owe a duty to use reasonable care on premises he retains control over? | 001090.docx | LEGALEASE-00118136-LEGALEASE-00118137 |
| Becker v. Davis, 491 F.3d 1292 | 25T+112 | While there is liberal federal policy favoring arbitration agreements, Federal Arbitration Act's (FAA) strong proarbitration policy only applies to disputes that parties have agreed to arbitrate; party cannot be forced to arbitrate any dispute that party has not agreed to submit to arbitration. 9 U.S.C.A. S 1 et seq. | What kind of disputes does the proarbitration policy of the Federal Arbitration Act cover? | 001163.docx | LEGALEASE-00118403-LEGALEASE-00118405 |
| Paladino v. Avnet Computer Techs., 134 F.3d 1054 | 25T+113 | In light of strong federal policy favoring arbitration, hardships which arbitration brings for litigants, i.e., lack of discovery, evidentiary rules, jury, and meaningful right to further review, should not make arbitration clause unenforceable (Per special concurrence of Cox, Circuit Judge, for a majority of the Court). | What are the inherent weaknesses of arbitration? | 001180.docx | LEGALEASE-00118366-LEGALEASE-00118368 |
| Collins & Aikman Prod. Co. v. Bldg. Sys., 58 F.3d 16 | 25T+113 | Federal arbitration policy respects arbitration agreements as contracts that are enforceable in the same way as any other contract; to implement this policy and to overrule the judiciary's longstanding refusal to enforce arbitration agreements, Congress adopted the Federal Arbitration Act. 9 U.S.C.A. S 1 et seq. | Why did the Congress adopt the Federal Arbitration Act? | 05339.docx | LEGALEASE-00080792-LEGALEASE-00080793 |
| McKee v. Home Buyers Warranty Corp. II, 45 F.3d 981 | 25T+113 | Federal policy favoring arbitration under Federal Arbitration Act (FAA) covers more than simply substantive scope of arbitration clause-whether claims were properly submitted to arbitration-and encompasses expectation that such procedures will be binding. 9 U.S.C.A. S 2. | Does federal policy cover more than the substantive scope of the arbitration clause? | 001200.docx | LEGALEASE-00118435-LEGALEASE-00118437 |
| State ex rel. Helsel v. Bd. of Comm'rs of Cuyahoga Cty., 79 N.E.2d 698 | 148+1 | The right of eminent domain antedates constitutions and legislative enactments, and exists independently of constitutional sanction or provisions, which are only declaratory of previously existing universal law, and the right can be denied or restricted only by fundamental law and is inherent in society and superior to all property rights. | Is the power of eminent domain a sovereign right? | 001267.docx | LEGALEASE-00118344-LEGALEASE-00118345 |
| In re Mineral Res. Int'l, 565 B.R. 684 | 241+55(1) | Under Utah law, pursuant to the common law "multiple publication rule," each communication of a defamatory statement to a third person constituted a separate publication giving rise to a new cause of action. | What is the multiple publication rule in defamation law? | 001321.docx | LEGALEASE-00118400-LEGALEASE-00118402 |
| Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370 | 231H+1 | Employer may not with impunity violate dictates of public policy found in provisions of statutory law, constitutional law, and common law. | Can an employer or an employee with impunity violate the dictates of public policy in the statutory or constitutional provisions? | 001367.docx | LEGALEASE-00118100-LEGALEASE-00118101 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Netherwood v. Am. Fed'n of State, Cty. & Mun. Employees, Local 1725, 53 Mass. App. Ct. 11 | 237+51(1) | The term "labor dispute" is to be broadly and liberally construed, and defamatory statements made in the context of a labor dispute are actionable only if made with knowledge of their falsity or with reckless disregard of the truth; in other words, state courts may grant relief in such defamation actions only if the defamatory statements were made with actual malice. | How does the courts construe the term labor dispute? | 001383.docx | LEGALEASE-00118200-LEGALEASE-00118201 |
| Muller Fuel Oil Co. v. Ins. Co. of N. Am., 95 N.J. Super. 564 | 249+0.5 | Although a favorable termination of the criminal proceeding is a condition precedent to the institution of action for malicious prosecution, the essence of the tort is the wrongful conduct in making the criminal charge. | What is the essence of a cause of action for malicious prosecution? | 001820.docx | LEGALEASE-00118204-LEGALEASE-00118205 |
| Indian Educators Fed'n Local 4524 of Am. Fed'n of Teachers, AFL-CIO v. Kempthorne, 541 F. Supp. 2d 257 | 209+109 | Standard principles of statutory construction do not have their usual force in cases involving Indian law, but rather, when construing statutes that address Indian law, the Chevron principle of deference to administrative interpretations is subjugated by the long-standing canon that statutes are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit. | Will the courts construe Indian law liberally? | Indians - Memo 1 - MS_62209.docx | ROSS-003279449-ROSS-003279451 |
| Bodi v. Shingle Springs Band of Miwok Indians, 832 F.3d 1011 | 209+235 | There are only two ways in which an Indian tribe may lose its immunity from suit: Congress may abrogate tribal immunity, because, as dependents, the tribes are subject to plenary control by Congress, or a tribe may itself waive immunity. | What are the instances in which an Indian tribe can lose its immunity from a suit? | 019460.docx | LEGALEASE-00118300-LEGALEASE-00118302 |
| Greenstone v. Klar, 69 N.Y.S.2d 548 | 289+408 | A "partnership" is a contract of two or more persons to place their money, effects, labor, or skill, or some or all of them, in lawful commerce or business, and to divide the profits and bear the loss in certain proportions. | Is it necessary for a business to be lawful to form a partnership? | Partnership - Memo 29 - JS_62228.docx | ROSS-003292705-ROSS-003292708 |
| PPL Energyplus v. Nazarian, 974 F. Supp. 2d 790 | 145+11.3(1) | Order by Maryland Public Service Commission (PSC) directing Maryland utilities to enter into contract for differences with generator involving construction of new generation facility regulated field that was occupied by Federal Power Act (FPA), which conferred on Federal Energy Regulatory Commission (FERC) exclusive jurisdiction over setting wholesale electric energy and capacity rates or prices, and thus was preempted by FPA and void under Supremacy Clause; order established price ultimately received by generator for its actual physical energy and capacity sales, and although Maryland retained traditional state authority to regulate development, location, and type of power plants within its borders, after generator physically came into existence and operation and participated in wholesale electric energy market, prices or rates received by generator in exchange for wholesale energy and capacity sales were within sole purview of federal government. U.S.C.A. Const. Art. 6, cl. 2; Federal Power Act, SS 205(e), 206(a), 16 U.S.C.A. SS 824d(e), 824e(a). | Is the jurisdiction of the Federal Energy Regulatory Commission (FERC) over the sale of electricity specifically confined to the wholesale market? | 000909.docx | LEGALEASE-00118609-LEGALEASE-00118611 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. May, 625 F.2d 186 | 146+27 | Addition of word "willfully" to statutory language of "knowingly" in indictment alleging that defendant, a former adjutant general of Iowa National Guard, did willfully and knowingly embezzle and convert to his own use property and other things of value of United States was sufficient to convey necessary allegation that defendant acted with specific intent, even though defendant contended that indictment should have contained additional allegation that he acted "unlawfully." 18 U.S.C.A. S 641. | Do the words willfully and knowingly amply convey the necessary element of mens rea? | Embezzlement - Memo 50 - JS.docx | LEGALEASE-00005973-LEGALEASE-00005974 |
| State v. Hughes, 118 N.C. App. 573 | 146+30 | Indictment for embezzlement must allege ownership of property in a person, corporation or other legal entity able to own property. | "Should an indictment for embezzlement allege ownership of the property in a person, corporation or other legal entity able to own property?" | Embezzlement - Memo 59 - JS.docx | ROSS-003288497 |
| Church of Scientology Int'l v. Time Warner, 932 F. Supp. 589 | 237+32 | "Libel-proof plaintiff doctrine" reasons that when particular plaintiff's reputation for particular trait is sufficiently bad, further statements regarding that trait, even if false and made with malice, are not actionable because, as matter of law, plaintiff cannot be damaged in his reputation as to that trait. | What is libel proof plaintiff doctrine in defamation cases? | 001305.docx | LEGALEASE-00118488-LEGALEASE-00118489 |
| J.K. ex rel. Kaplan v. Minneapolis Pub. Sch. (Special Sch. Dist. No. 1), 849 F. Supp. 2d 865 | 237+23.1 | Under doctrine of "defamation by compelled self-publication," even if defendant does not communicate defamatory statement to anyone, if defamed person was in some way compelled to communicate defamatory statement to third person, and if it was foreseeable to defendant that defamed person would be so compelled, then defendant could be held liable for defamation. | What is compelled self-publication in defamation law? | 001324.docx | LEGALEASE-00118456-LEGALEASE-00118457 |
| In re Mineral Res. Int'l, 565 B.R. 684 | 241+55(1) | Under Utah law, "republication" of an allegedly defamatory statement is an exception to the single publication rule, and it occurs upon a separate aggregate publication from the original, on a different occasion, which is not merely a delayed circulation of the original edition. | Is republication an exception to the single publication rule? | 001326.docx | LEGALEASE-00118460-LEGALEASE-00118461 |
| Matter of Bd. of Cty. Comm'rs of Cty. of Arapahoe, 891 P.2d 952 | 307A+2 | Purpose of rule authorizing court to enter order determining question of law is to allow court to address issues of law which do not decide claim but will have significant impact on litigation. Rules Civ.Proc., Rule 56(h). | Is the purpose of a motion for a determination as to a question of law to allow the court to address issues of law which are not dispositive of a claim? | Pretrial Procedure - Memo 8 - JS.docx | ROSS-003297853-ROSS-003297854 |
| Int'l Sound Technicians of Motion Picture Broad. & Amusement Indus. Local 695 of Int'l All. of Theatrical Stage Emp. & Moving Picture Mach. Operators of U.S. & Canada v. Superior Court In & For Los Angeles Cty., 141 Cal. App. 2d 23 | 92+1117(1) | Constitutional right to work is not an absolute right but may be limited by agreement between union, acting as bargaining agents for all employees, and employer, that membership in union be condition of employment, but if the union, by such agreement, procures closed shop and at same time maintains a closed union, and thereby deprives a person of employment, it commits an actionable wrong against him. National Labor Relations Act, SS 1 et seq., 7, 8(a)(3), (b)(1, 2), 10 as amended 29 U.S.C.A. SS 151 et seq., 157, 158(a)(3), (b)(1, 2), 160; U.S.C.A.Const. Amend. 14; West's Ann.Const. art. 1, SS 1, 13. | Is the right to work absolute? | Labor and Employment - Memo 23 - VP.docx | LEGALEASE-00006048-LEGALEASE-00006049 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| W. Side Sanitary Dist. v. Land Conservation & Dev. Comm'n, 289 Or. 393 | 1.49E+45 | Determination which was made by the Health Division of the Department of Human Resources on receiving a copy of resolution proposing that territory be annexed to city and which was to effect that a danger to public health existed in territory because of conditions which were conducive to propagation of communicable or contagious disease-producing organisms was not made with regard to land use planning for future growth and development, but was made with regard to fundamental concern for public safety and public health and, hence, was not an action "with respect to programs affecting land use" to which statewide planning goals were applicable. ORS 197.180(1), 222.880. | Is a Health Division order finding a danger to public health an action to programs affecting land use as intended by the legislature? | 001470.docx | LEGALEASE-00118649-LEGALEASE-00118650 |
| Tompkins v. City of New York, 50 F. Supp. 3d 426 | 249+42 | A police officer has qualified immunity from a malicious prosecution claim if the officer had arguable probable cause to charge the plaintiff with the crimes at issue; arguable probable cause to charge exists if there was arguable probable cause to arrest the plaintiff for the crimes in question, and no new information learned subsequent to the arrest made it manifestly unreasonable for the defendant officer to charge the plaintiff with those crimes. U.S.C.A. Const.Amend. 4. | When can a police officer assert qualified immunity defense in a malicious prosecution claim? | Malicious Prosecution - Memo 35 - ANG.docx | ROSS-003297982-ROSS-003297984 |
| Illaraza v. HOVENSA LLC, 73 F. Supp. 3d 588 | 249+56 | A plaintiff who raises a malicious prosecution claim under Virgin Islands law has the burden of showing a lack of probable cause, and the defendant need not prove that it had probable cause in order to prevail. Restatement (Second) of Torts S653 (1977). | Who has the burden to establish lack of probable cause in a malicious prosecution action? | 001499.docx | LEGALEASE-00118663-LEGALEASE-00118664 |
| Stone v. Doerge, 245 F. Supp. 2d 878 | 25T+113 | Nothing in the Federal Arbitration Act overrides normal rules of contractual interpretation; the Act's goal was to put arbitration on a par with other contracts and eliminate any vestige of old rules disfavoring arbitration. 9 U.S.C.A. S 1 et seq. | What is the goal of the Federal Arbitration Act? | 001661.docx | LEGALEASE-00118705-LEGALEASE-00118706 |
| Pearce v. E.F. Hutton Grp., 828 F.2d 826 | 25T+139 | Whereas doubts about meaning of contract are generally to be resolved by reference to intention of parties, federal policy favoring arbitration counsels that doubts about intended scope of agreement to arbitrate be resolved in favor of arbitral process; rationale for this policy is strongest where arbitration will be governed by procedures specifically tailored to context from which agreement to arbitrate arises, and will be conducted by arbitrators who are expert in norms and practices of relevant industry. | Under what circumstances is the policy favoring arbitration is strongest? | 001668.docx | LEGALEASE-00118712-LEGALEASE-00118714 |
| KKW Enterprises v. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42 | 25T+113 | Any analysis of a party's challenge to the enforcement of an arbitration agreement must begin by recognizing the FAA's strong policy in favor of rigorously enforcing arbitration agreements. 9 U.S.C.A. S 1 et seq. | How do courts begin their analysis of a partys challenge to the enforcement of an arbitration agreement? | 001681.docx | LEGALEASE-00118725-LEGALEASE-00118726 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646, 584 F.3d 513 | 25T+113 | The strong federal policy favoring arbitration does not lead automatically to the submission of a dispute to arbitration upon the demand of a party to the dispute. | Does the strong federal policy favoring arbitration lead to automatic submission of disputes to arbitration? | Alternative Dispute Resolution - Memo 220 - RK.docx | ROSS-003285150-ROSS-003285151 |
| Parisi v. Goldman, Sachs & Co., 710 F.3d 483 | 25T+113 | The federal policy favoring arbitration agreements applies even when the claims at issue are federal statutory claims, unless the Federal Arbitration Act's (FAA) mandate has been overridden by a contrary congressional command. 9 U.S.C.A. S 1 et seq. | Can arbitration agreements be enforced when the claims at issue are federal statutory claims? | Alternative Dispute Resolution - Memo 225 - RK.docx | ROSS-003285021-ROSS-003285023 |
| United States v. May, 625 F.2d 186 | 146+27 | Addition of word "willfully" to statutory language of "knowingly" in indictment alleging that defendant, a former adjutant general of Iowa National Guard, did willfully and knowingly embezzle and convert to his own use property and other things of value of United States was sufficient to convey necessary allegation that defendant acted with specific intent, even though defendant contended that indictment should have contained additional allegation that he acted "unlawfully." 18 U.S.C.A. S 641. | Do the words willfully and knowingly amply convey the necessary element of mens rea? | 001226.docx | LEGALEASE-00118682-LEGALEASE-00118683 |
| Moore v. Sipes, 85 Ark. App. 15 | 196+1 | Custody suits and guardianship petitions involving minors are similar in that each may limit parental rights and may award custody based on the best interest of the child. | Are custody and guardianship matters involving minors similar? | Child Custody - Memo 8 - ANG.docx | ROSS-003282486-ROSS-003282488 |
| Wiggins v. City of Burton, 291 Mich. App. 532 | 148+2.1 | While there is no exact formula to establish a de facto taking as required for inverse condemnation claim, there must be some action by the government specifically directed toward the plaintiff's property that has the effect of limiting the use of the property. | Is there an exact formula to establish a de facto taking? | Eminent Domain -Memo 79-VP.docx | ROSS-003284321-ROSS-003284322 |
| Frith v. Sw. Ouachita Waterworks, 207 So. 3d 1121 | 106+136 | The fact that one party to an action is a public utility does not consequentially divest the district court of original jurisdiction. | Does the fact that one party is a public utility divest the district court of its original jurisdiction? | Public utilities  - Memo 4- RM.docx | ROSS-003296623-ROSS-003296624 |
| Okkerse v. Howe, 521 Pa. 509 | 401+52(1) | Plaintiff's choice of forum is not unassailable and availability of forum non conveniens challenge is necessary counterbalance to insure fairness and practicality. Rules Civ.Proc., Rule 1006, 42 Pa.C.S.A. | Is the doctrine of forum non conveniens a necessary counterbalance to insure fairness and practicality in choosing venue? | Venue  - Memo 40 - RM.docx | ROSS-003324572-ROSS-003324574 |
| Kurtz v. City of Shrewsbury, 245 F.3d 753 | 249+30 | "Legal malice," showing of which is required to prevail on malicious prosecution claim under Missouri law, is defined as any improper motive, and, thus, a plaintiff must prove that a defendant initiated prosecution for purposes other than bringing an offender to justice. | How is legal malice established in a malicious prosecution claim? | 001830.docx | LEGALEASE-00118824-LEGALEASE-00118825 |
| Brown v. Hyatt Corp., 128 F. Supp. 2d 697 | 25T+114 | When contracts are held not to involve a maritime transaction or interstate commerce, they do not fall within the ambit of Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) apply to contracts which do not involve maritime transactions or interstate commerce? | 002122.docx | LEGALEASE-00119082-LEGALEASE-00119084 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265 | 83+80.5 | Use in Federal Arbitration Act section, making enforceable a written arbitration provision in a contract evidencing a transaction involving commerce, of the words "evidencing" and "involving" does not restrict Act's application so as to allow a state to apply its antiarbitration law or policy. 9 U.S.C.A. S 2. | Are written arbitration provisions in contracts involving commerce enforceable under the Federal Arbitration Act (FAA)? | 002127.docx | LEGALEASE-00119087-LEGALEASE-00119088 |
| Baltin v. Alaron Trading Corp., 128 F.3d 1466 | 170B+2235 | Federal Arbitration Act (FAA) does not confer subject matter jurisdiction on federal courts; instead, federal courts must have independent jurisdictional basis to entertain cases arising under FAA. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) grant an independent basis of jurisdiction to federal courts? | 002149.docx | LEGALEASE-00119109-LEGALEASE-00119110 |
| Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 | 393+524 | To maintain an action for specific relief, plaintiff must claim an invasion of his legal rights, either past or present, but in a suit against an agent of the United States, such a claim alone is not sufficient to take the case out of sovereign immunity, and plaintiff, in addition, must allege facts establishing that agent of United States, in committing the wrong, was not exercising powers delegated to him by the United States. | Is it a prerequisite to the maintenance of any action for specific relief that the plaintiff claims an invasion of his legal rights? | 002034.docx | LEGALEASE-00119417-LEGALEASE-00119418 |
| Short v. State, 276 Ga. App. 340 | 352H+184 | To sustain convictions for child molesting and incest, proof of slightest penetration is sufficient, and fact finder may infer penetration from victim's physical condition soon after crime. West's A.I.C. 35-41-1-26. | What is required to sustain a conviction for incest? | Incest - Memo 54 - VP.docx | ROSS-003312055-ROSS-003312056 |
| In re Gorchev, 275 B.R. 154 | 51+3374(9) | District court's judgment on defamation count of judgment creditor's action against Chapter 7 debtor did not establish either willfulness or malice, as required to preclude debtor from relitigating those issues in judgment creditor's subsequent nondischargeability proceeding; for judgment creditor to prove defamation, there was no requirement of intent to injure, as opposed to intent to do the act that caused injury, there was no requirement of "conscious disregard of duty," it was not necessary for judgment creditor to prove that debtor knew his act to be false, or even that he acted recklessly, but, instead, all that was required was negligence in ascertaining truth or falsity, and that was not enough to make the resulting injury "malicious." Bankr.Code, 11 U.S.C.A. S 523(a)(6). | Is intent to injure a required element of a defamation claim? | 002100.docx | LEGALEASE-00119412-LEGALEASE-00119414 |
| Brooks v. State, 178 Miss. 575 | 203+1333 | Whether criminal agency, employed to cause death, renders crime committed thereby murder or lesser offense is no part of corpus delicti, but is for jury to determine on all evidence. | Does corpus delicti consist of two facts? | 002242.docx | LEGALEASE-00119300-LEGALEASE-00119302 |
| People v. Baker, 20 N.Y.3d 354 | 207+5 | Incest statute applies only when act occurs between parents and children, ancestors and descendants of every degree, and between brothers and sisters of half as well as whole blood, and between uncles and nieces. West's Ann.Pen.Code, S 285; West's Ann.Civ.Code, S 59. | Do incest laws apply to descendants? | 002270.docx | LEGALEASE-00119268-LEGALEASE-00119269 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Baltimore Gas & Elec. Co. v. Flippo, 112 Md. App. 75 | 386+2 | While person can commit a trespass by entering, intruding, or encroaching on property without tortious intent, i.e., intent to trespass, there must be volition, i.e., conscious intent to do the act that constitutes the entry upon someone else's property; involuntary entry onto another's property is not a trespass. | Can involuntary or accidental entries upon another's land qualify as trespass? | 002312.docx | LEGALEASE-00119174-LEGALEASE-00119175 |
| Philadelphia Newspapers v. Bd. of Review, 397 N.J. Super. 309 | 392T+6(3) | Because the Unemployment Compensation Law (UCL) is remedial, its provisions are to be construed liberally, permitting a statutory employer-employee relationship to be found even though that relationship may not satisfy common-law principles. N.J.S.A. 43:21-1. | Are statutes governing the employer-employee relationship remedial in nature and must be liberally construed? | 003253.docx | LEGALEASE-00119214-LEGALEASE-00119215 |
| Peabody v. Time Warner Cable, 59 Cal. 4th 662 | 231H+2251 | In construing statutes governing conditions of employment or wage orders promulgated by the Industrial Welfare Commission (IWC), courts narrowly construe exemptions against the employer, and their application is limited to those employees plainly and unmistakably within their terms. | Are statutes governing conditions of employment construed broadly in favor of protecting employees? | 003255.docx | LEGALEASE-00119225-LEGALEASE-00119227 |
| Commonwealth Edison Co. v. Illinois Commerce Comm'n, 2014 IL App (1st) 130302 | 145+11.3(1) | In establishing the rates that a public utility can charge its customers for electricity, the Commission considers the company's operating costs, rate base, and allowed rate of return. | How does the Commission establish the rates that a public utility can charge its customers? | Electricity - Memo 37 - RK.docx | ROSS-003329335-ROSS-003329337 |
| A & D Auto Sales v. United States, 748 F.3d 1142 | 148+2.1 | In order to establish a regulatory taking, a plaintiff must show that his property suffered a diminution in value or a deprivation of economically beneficial use; this is equally true under the categorical test of Lucas v. South Carolina Coastal Council and the Penn Central test. U.S.C.A. Const.Amend. 5. | What must be shown by the plaintiff in order to establish a regulatory taking? | Eminent Domain - Memo 69 - RK.docx | LEGALEASE-00007977-LEGALEASE-00007978 |
| A & D Auto Sales v. United States, 748 F.3d 1142 | 148+2.1 | In order to establish a regulatory taking, a plaintiff must show that his property suffered a diminution in value or a deprivation of economically beneficial use; this is equally true under the categorical test of Lucas v. South Carolina Coastal Council and the Penn Central test. U.S.C.A. Const.Amend. 5. | What must be shown by the plaintiff in order to establish a regulatory taking? | 002391.docx | LEGALEASE-00119492-LEGALEASE-00119493 |
| Walkenhorst v. State, Dep't of Roads, 253 Neb. 986 | 148+95 | Words "or damaged," in provision of State Constitution addressing damages for which condemnor is liable, includes all actual damages resulting from exercise of right of eminent domain which diminish market value of private property. Const. Art. 1, S 21. | What does the word damage include in relation to eminent domain? | Eminent Domain -Memo 94-VP.docx | ROSS-003283014-ROSS-003283017 |
| Westgate Recreation Ass'n v. Papio-Missouri River Nat. Res. Dist., 250 Neb. 10 | 148+133 | Unit rule for valuing property in condemnation case, requiring that the value of improved property be considered as a whole, without the assignment of separate costs for the land and individual improvements, is applicable only for the market data approach to valuation. | What is the requirement of unit rule under eminent domain? | 001910.docx | LEGALEASE-00119634-LEGALEASE-00119635 |
| Dep't of Transp. v. Rowe, 353 N.C. 671 | 148+146 | "General benefits," which jury may consider when it calculates just compensation for a partial taking for construction of highway, are increases in value of land which arise from fulfillment of public object which justified the taking and which result from enjoyment of facilities provided by new public work and from increased general prosperity resulting from such enjoyment. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 19; G.S. S 136-112(1). | What are general benefits under taking? | 001915.docx | LEGALEASE-00119642-LEGALEASE-00119643 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Application of Borough of Saddle River, 71 N.J. 14 | 317A+101 | A "tariff" is a published schedule of rates, filed by public utility, and thereafter, in absence of successful challenge, applicable equally to all customers; such a tariff is not mere contract, it is the law and its provisions are binding on customer whether he knows of them or not. | Is a tariff filed by a public utility applicable equally to all customers? | Public utilities - Memo 35 - RM.docx | ROSS-003284912-ROSS-003284914 |
| Atkins Pickle Co. v. Burrough-Uerling-Brasuell Consulting Engineers, 275 Ark. 135 | 401+4 | When a complaint asserts both local and transitory causes of action, venue is determined by real character of the action, by its principal purpose or object, by the principal right being asserted. | How is venue determined when a transitory cause of action is combined with a local cause of action in a complaint? | 001992.docx | LEGALEASE-00119597-LEGALEASE-00119598 |
| State v. Nesbitt, 79 Idaho 1 | 200+7(2) | Where the public uses a highway or road for statutory period of five years and it is worked and maintained at public expense, a highway is established by prescription without the necessity of highway being recorded as such by board of county commissioners. I.C. S 40-103. | "Does a road become a public road or a highway, if is used by the public for a period of five years, and is kept up or maintained at the expense of the public?" | Highways - Memo 2 - MS.docx | ROSS-003314840-ROSS-003314841 |
| Thormodsgard v. Wayne Twp. Bd. of Sup'rs, 310 N.W.2d 157 | 200+79.1 | Abandonment of section line right-of-way cannot be established solely by evidence that highway has never been open, improved or traveled, but rather, appropriate governing board must act affirmatively to vacate or abandon section line right-of-way. SDCL 31-3-1, 31-18-1. | Can the abandonment of a section line highway be established by evidence that the highway has never been open or improved? | Highways - Memo 4 - MS.docx | ROSS-003298170-ROSS-003298171 |
| Mercandate v. XE Servs., 78 F. Supp. 3d 131 | 25T+117 | To the extent there are conflicts between state arbitration law and the Federal Arbitration Act (FAA) that would contravene the pro-arbitration policies embodied in the FAA, the FAA applies and preempts such state laws. 9 U.S.C.A. S 2. | Which law prevails when there is a conflict between state arbitration law and the Federal Arbitration Act? | Alternative Dispute Resolution - Memo 282 - RK.docx | ROSS-003283266-ROSS-003283268 |
| Mawson v. Vess Beverage Co., 173 S.W.2d 606 | 386+14 | Every unauthorized entry is a "trespass", regardless of degree of force used, even if no damage is done, or the injury is slight. | "Can every unauthorized entry be a trespass, regardless of degree of force used?" | Trespass - Memo 81 - TH.docx | ROSS-003312679-ROSS-003312680 |
| B.L. Harbert Int'l v. Hercules Steel Co., 441 F.3d 905 | 25T+114 | Laudatory goals of Federal Arbitration Act (FAA) will be achieved only to extent that courts ensure arbitration is alternative to litigation, not additional layer in protracted contest. 9 U.S.C.A. S 1 et seq. | How do the courts ensure that the goals of the Federal Arbitration Act are achieved? | Alternative Dispute Resolution - Memo 276 - RK.docx | LEGALEASE-00008553-LEGALEASE-00008554 |
| Salawy v. Ocean Towers Hous. Corp., 121 Cal. App. 4th 664 | 13+1 | The common understanding of an "action to enforce" is that it is a proceeding initiated by the filing of a claim, and not only encompasses the complaint but refers to the entire judicial proceeding at least through judgment and is generally considered synonymous with suit. | "What does an ""action"" encompass?" | Action - Memo 28 - ANG.docx | ROSS-003296422-ROSS-003296423 |
| Rathbun v. Health Net of the Ne., 315 Conn. 674 | 366+1 | In its simplest form, "subrogation" allows a party who has paid a debt to step into the shoes of another, usually the debtee, to assume his or her legal rights against a third party to prevent that party's unjust enrichment. | What does equitable subrogation allow? | 002534.docx | LEGALEASE-00119844-LEGALEASE-00119845 |
| First Union Nat. Bank v. Nelkin, 354 N.J. Super. 557 | 366+1 | The doctrine of equitable subrogation, with its equity underpinnings, is used to compel the ultimate discharge of an obligation by the one who in good conscience ought to pay it. | Does equitable subrogation compel the ultimate discharge of an obligation? | 002551.docx | LEGALEASE-00120032-LEGALEASE-00120033 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wal-Mart Stores v. Helferich Patent Licensing, 51 F. Supp. 3d 713 | 25T+200 | Issue of arbitrability was for arbitrator, not court, to determine, in dispute between patent licensee and licensor in which licensee sought rescission of license agreement containing arbitration clause, and thus licensor's motion to compel arbitration of dispute pursuant to Federal Arbitration Act (FAA) would be granted; parties clearly and unmistakably agreed to have an arbitrator decide whether they agreed to arbitrate licensee's disputes, including issues regarding rescission, by incorporating rules of the American Arbitration Association (AAA) into agreement. 9 U.S.C.A. S 4. | Does the incorporation of the AAA Rules in an arbitration agreement constitute the parties' intent to leave the question of arbitrability to an arbitrator? | Alternative Dispute Resolution - Memo 299 - RK.docx | ROSS-003298903-ROSS-003298905 |
| Springfield Twp. v. Pennsylvania Pub. Util. Comm'n, 676 A.2d 304 | 317A+120 | Statute governing public utility refunds authorizes Public Utility Commission (PUC) to order public utility to refund rates which were unlawful, unjust or unreasonable, or in excess of rates contained in utility's tariff. 66 Pa.C.S.A. S 1312. | When may a Public Utility Commission order a public utility to refund rates? | Electricity - Memo 49 - RK.docx | ROSS-003281791-ROSS-003281792 |
| Application of City of Lincoln, 174 Neb. 837 | 233+531 | "Lease" is species of contract for possession and profits of land and tenements, either for life, or for a certain period of time, or during pleasure of parties; and essential elements of contract must be present. | Is a lease a species of contract? | 002735.docx | LEGALEASE-00120224-LEGALEASE-00120225 |
| Louisiana Pub. Serv. Comm'n v. Fed. Energy Regulatory Comm'n, 866 F.3d 426 | 145+11.3(7) | The court owes Federal Energy Regulatory Commission great deference in fashioning electricity rate design. | Does the court owe the Federal Energy Regulatory Commission great deference in fashioning electricity rate design? | 002849.docx | LEGALEASE-00119961-LEGALEASE-00119963 |
| DeWitt v. D.C., 43 A.3d 291 | 249+24(5) | Fact of plaintiff's conviction for second-degree murder and related crimes did not establish that there was probable cause to arrest as matter of law, as affirmative defense to plaintiff's claims of false imprisonment and malicious prosecution, in action against District of Columbia, detectives and others brought after convictions were vacated on his motion under Innocence Protection Act and he was granted new trial, in view of plaintiff's assertions that his arrest and conviction were obtained through erroneous testimony regarding eyewitness identifications, manipulation of line-up, and intimidation of witness who later implicated plaintiff in killing, and thus, that arrest, conviction and continued detention were obtained through fraud and corruption. D.C. Official Code, 2001 Ed. S 22-4135. | Does the subsequent reversal of conviction destroy the determination of probable cause in a malicious prosecution claim? | 002936.docx | LEGALEASE-00119842-LEGALEASE-00119843 |
| Grayson v. City of Aurora, 157 F. Supp. 3d 725 | 249+32 | Lack of probable cause, alone, does not establish malice, as element of malicious prosecution claim under Illinois law, but the trier of fact may infer malice from lack of probable cause if there is no other credible evidence which refutes the inference. | Can lack of probable cause alone infer malice for malicious prosecution? | Malicious Prosecution - Memo 77 - RK.docx | ROSS-003296544-ROSS-003296545 |
| In re King Faisal II's Estate, 23 Misc. 2d 300 | 221+180 | Local courts cannot compel consular officer to disclose any information acquired by him in his official capacity and may not require compulsory production of official records of his government. | Can local courts compel a consul to disclose any information acquired by him in his official capacity? | 003005.docx | LEGALEASE-00120517-LEGALEASE-00120518 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jota v. Texaco, 157 F.3d 153 | 221+176 | Ambassador generally has power to bind state that he represents, unless he purports to enter into agreement without power to do so and in collusion with contracting party that knows he lacks such power. | Does an ambassador have the power to bind the state that he represents? | 003013.docx | LEGALEASE-00120528-LEGALEASE-00120530 |
| United States v. Kuznetsov, 442 F. Supp. 2d 102 | 221+179 | A court must consider a defendant's diplomatic status at the time of his arrest when determining the issue of diplomatic immunity. | Should a court consider a defendants diplomatic status at the time of his arrest when determining the issue of diplomatic immunity? | 003026.docx | LEGALEASE-00120368-LEGALEASE-00120369 |
| Louisiana Pub. Serv. Comm'n v. Fed. Energy Regulatory Comm'n, 771 F.3d 903 | 145+11.3(1) | Not only must utilities adhere to the filed rate, but Federal Energy Regulatory Commission (FERC) itself has no power to alter a rate retroactively; even where FERC finds an existing rate to be unjust and unreasonable under the Federal Power Act (FPA), its replacement rate applies only prospectively. Federal Power Act, S 201(a, b), 16 U.S.C.A. S 824(a, b). | Is the FERC authorized to permit retroactive adjustments to rates? | 003071.docx | LEGALEASE-00120307-LEGALEASE-00120308 |
| Starr Int'l Co. v. United States, 121 Fed. Cl. 428 | 148+2.2 | In determining whether a plaintiff suffered some economic harm from the Government's taking or illegal exaction under the Fifth Amendment, the court must consider the value of the plaintiff's property but for the challenged government actions. U.S. Const. Amend. 5. | What must be considered by the court when looking into the economic harm from taking? | 003083.docx | LEGALEASE-00120341-LEGALEASE-00120342 |
| Sailors v. Nixon-Jones Printing Co., 20 Ill.App. 509 | 289+425 | Mere community of interest in property will not make the owners partners, in the absence of mutual agreement for joint venture and sharing of profits and losses. | Does a community of interest in property make the owners partners? | Partnership - Memo 86 - RK.docx | ROSS-003284096-ROSS-003284097 |
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | A right to equitable subrogation belongs to one, not a volunteer, who pays another's debt, to recover the amount paid, which in good conscience should be paid by the one primarily responsible for the loss. | Who does a right to equitable subrogation belong to? | 003557.docx | LEGALEASE-00120366-LEGALEASE-00120367 |
| XL Specialty Ins. Co. v. Com., Dep't of Transp., 47 Va. App. 424 | 366+1 | The right of subrogation is not founded on contract; it is a creation of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Is equitable subrogation a creation of equity and administered in the furtherance of justice? | 003645.docx | LEGALEASE-00120443-LEGALEASE-00120445 |
| XL Specialty Ins. Co. v. Com., Dep't of Transp., 47 Va. App. 424 | 366+1 | The right of subrogation is not founded on contract; it is a creation of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Is equitable subrogation a creation of equity and administered in the furtherance of justice? | Subrogation - Memo 93 - VP C.docx | LEGALEASE-00009969-LEGALEASE-00009971 |
| Sorge v. City of New York, 56 Misc. 2d 414 | 221+176 | United States government may confer on foreign consul in United States territory power to administer oath and consul thus becomes magistrate as if he were acting for United States. | Does the United States have the authority to confer on a counsel the power to administer oaths? | Ambassadors and Consuls - Memo 26 - RK.docx | LEGALEASE-00010035-LEGALEASE-00010036 |
| Tri-City Const. Council v. Westfall, 127 Wash. App. 669 | 366+26 | The doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting voluntarily, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | Is equitable subrogation applied broadly? | 003553.docx | LEGALEASE-00120355-LEGALEASE-00120356 |
| Brewer v. State, 341 P.3d 1107 | 148+2.2 | A taking of private property does not escape application of the Takings Clause simply because it occurs in the course of the State's firefighting activities; to be noncompensable, the taking must be justified by the doctrine of necessity. Const. Art. 1, S 18. | To be non-compensable should the taking be justified by the doctrine of necessity? | 003091.docx | LEGALEASE-00120669-LEGALEASE-00120670 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Citibank, N.A. v. Barclays Bank, PLC, 28 F. Supp. 3d 174 | 148+13 | Under the Takings Clause, a state may not take the property of a private party to give it to another private party without a public purpose. U.S.C.A. Const.Amend. 5. | Can the state take the property of a private party to give it to another private party without a public purpose? | 003107.docx | LEGALEASE-00120695-LEGALEASE-00120696 |
| Navajo Nation v. Urban Outfitters, 191 F. Supp. 3d 1238 | 209+129 | A goal of the Indian Arts and Crafts Act (IACA) is to protect consumers from purchasing misrepresented products. 25 U.S.C.A. S 305. | Does Indian Arts and Crafts Act (IACA) protect consumers from purchasing misrepresented products? | Indians - Memo 45 - BP.docx | ROSS-003300823-ROSS-003300824 |
| Hurley v. Nw. Publications, 273 F. Supp. 967 | 237+51(5) | In cases involving public officials malice cannot be deduced from the mere fact of publication alone unless it has been or can be established that the publication is made with the knowledge that the statements are false or are made with reckless disregard of whether or not they are false. | Can malice arise from publication alone? | 003346.docx | LEGALEASE-00120825-LEGALEASE-00120826 |
| Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co., 418 Pa. Super. 178 | 302+218(1) | Preliminary objections should be sustained only where it appears with certainty that, upon facts averred, the law will not allow plaintiff to recover. | Should a preliminary objection be sustained only where it appears with certainty that the law will not allow the plaintiff to recover? | 05071.docx | LEGALEASE-00083695-LEGALEASE-00083696 |
| Hayes v. Pittsgrove Twp. Bd. of Educ., 269 N.J. Super. 449 | 366+1 | Subrogation is equitable device intended to effectuate an obligation's ultimate discharge by the one who ought to pay it, and thus to promote essential justice between parties. | Does subrogation serve to promote essential justice between the parties? | 05075.docx | LEGALEASE-00083705-LEGALEASE-00083706 |
| ADP Marshall v. Noresco, 710 F. Supp. 2d 197 | 366+1 | Although subrogation may originate from a contractual agreement, it is a creature of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Is subrogation a creature of equity? | Subrogation - Memo 358 - NS.docx | ROSS-003285316-ROSS-003285317 |
| State, Bd. of Pub. Utilities v. Helen Kramer Sanitary Landfill, 171 N.J. Super. 500 | 317A+111 | Courts interpret the statutory grant of jurisdiction to the State Board of Public Utilities broadly to provide regulatory control reasonably associated with those aspects of the Board's activities specifically within the agency's delegated authority. N.J.S.A. 48:13A-2, 6. | Are the powers concerning regulation of public utilities delegated to the Board of Public Utility Commissioners (BPU) broad? | Public Utilities - Memo 74 - AM.docx | LEGALEASE-00010873-LEGALEASE-00010875 |
| Peel v. Bramlett, 298 Ky. 20 | 249+62 | In action for malicious prosecution, newspaper publication of plaintiff's arrest and prosecution, without comment, is generally admissible in evidence to aid jury in estimating damages. | When are newspaper articles admissible in a malicious prosecution action? | Malicious Prosecution - Memo 108 - AKA.docx | ROSS-003283305-ROSS-003283307 |
| Boyajian v. United States, 129 Fed. Cl. 336 | 23+3.3(1) | Congress established the Agricultural Marketing Agreement Act (AMAA) in order to help farmers obtain fair value for their agricultural productions. 7 U.S.C.A. S 601 et seq. | Why did Congress establish the Agricultural Marketing Agreement Act of 1937 (AMAA)? | 006749.docx | LEGALEASE-00121749-LEGALEASE-00121750 |
| Oak Springs Villas Homeowners Assn. v. Advanced Truss Sys., 206 Cal. App. 4th 1304 | 30+3.1 | A good faith settlement determination is a non-appealable interlocutory ruling and immediate review of the merits of that determination is obtainable only by a timely writ petition. West's Ann.Cal.C.C.P. S 877.6. | Is good faith settlement determination a non-appealable interlocutory ruling? | 008142.docx | LEGALEASE-00121628-LEGALEASE-00121629 |
| Tarrant Cty. v. English, 989 S.W.2d 368 | 148+2.1 | When private property is damaged or destroyed merely as the result of governmental employees' negligence, it is not taken or damaged for public use. Vernon's Ann.Texas Const. Art. 1 S 17. | Is the property taken or damaged for public use when the negligence of a government employee damages or destroys private property? | 017412.docx | LEGALEASE-00121527-LEGALEASE-00121528 |
| People v. Auto. Transporters Welfare Fund, 34 Misc. 2d 907 | 216+2 | Legislative regulation of recipients of special privileges may include imposition of costs of inspection. | Does legislative regulation of the recipients of special privileges from the states include the imposition of cost of inspection? | 019465.docx | LEGALEASE-00121119-LEGALEASE-00121120 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Romanek-Golub & Co. v. Anvan Hotel Corp., 168 Ill. App. 3d 1031 | 307A+3 | Motion in limine, like any other interlocutory order, remains subject to reconsideration by court throughout trial. | Is a motion in limine an interlocutory order and remains subject to reconsideration by the court throughout the trial? | 028062.docx | LEGALEASE-00121096-LEGALEASE-00121097 |
| In re Leona W., 228 Ill. 2d 439 | 30+3361 | Generally speaking, evidentiary motions, such as motions in limine, are directed to the trial court's discretion; a trial court's ruling on such motions will not be disturbed on review absent an abuse of that discretion. | "Are evidentiary motions, such as motions in limine, directed to the trial court's discretion?" | Pretrial Procedure - Memo # 26 - C - KI.docx | ROSS-003285704-ROSS-003285705 |
| State v. Terry, 89 N.J. Super. 445 | 352H+58 | Rape victim need not orally express her lack of consent as long as lack of consent is demonstrated by or can be implied from her acts and conduct, but it must be shown that she did actually resist, passive resistance being insufficient. | Do rape victims required to express their lack of consent? | 042897.docx | LEGALEASE-00121338-LEGALEASE-00121339 |
| Valora v. Pennsylvania Employees Benefit Tr. Fund, 595 Pa. 574 | 366+1 | A right to subrogation may arise as a result of a contractual reservation or as a matter of equity, if no such specific reservation exists. | "Could a right to subrogation arise as a result of a contractual reservation or as a matter of equity, if no such specific reservation exists?" | Subrogation - Memo # 485 - C - SA.docx | ROSS-003316526-ROSS-003316527 |
| Great Am. Ins. Co. v. Dover & Dixon, P.A., 402 F. Supp. 2d 1012 | 366+27 | Arkansas law does not distinguish between equitable, or legal, subrogation, which arises by application of principles of equity, and conventional subrogation. | Does law distinguish between equitable or legal subrogation which arises by application of principles of equity and conventional subrogation? | Subrogation - Memo # 525 - C - NO.docx | ROSS-003322026-ROSS-003322028 |
| Universal Forest Prod. E. Div. v. Morris Forest Prod., 558 F. Supp. 2d 893 | 366+1 | Given that equity does not lend itself to the application of black letter rules, subrogation depends, under Wisconsin law, upon a just resolution of a dispute under a particular set of facts. | Is subrogation an equitable doctrine and depend upon a just resolution of a dispute under a particular set of facts? | Subrogation - Memo # 581 - ES.docx | ROSS-003286166-ROSS-003286167 |
| In re Barney's Inc., 200 B.R. 527 | 366+7(1) | Doctrine of equitable subrogation gives guarantor right to be subrogated to any and all rights that creditor or subrogor has against debtor, including right to assert any priority or special right of the subrogor. | "Under the doctrine of equitable subrogation, does a guarantor have the right to be subrogated to any and all rights that a creditor or subrogor has against the debtor?" | Subrogation - Memo # 642 - C - SA.docx | ROSS-003324674-ROSS-003324675 |
| In re Waters, 419 B.R. 919 | 366+7(1) | Under Georgia law, a surety who pays the debt of his principal is subrogated to all the rights of the creditor and may proceed immediately against his principal for the debt paid. West's Ga.Code Ann. S 10-7-41-56. | Is a surety who pays the debt of his principal subrogated to all the rights of the creditor and can the surety proceed immediately against his principal for the debt paid? | Subrogation - Memo # 676 - C - NO.docx | ROSS-003326611-ROSS-003326612 |
| Casstevens v. Smith, 269 S.W.3d 222 | 366+41(1) | A right of subrogation is not a substantive, tangible thing of such nature that it can be seized and held independently of a judicial proceeding; it is a right of action only, that is, it must be established by a judicial proceeding. | "Is a right of subrogation a right of action only, which must be established by a judicial proceeding?" | 044116.docx | LEGALEASE-00121731-LEGALEASE-00121732 |
| Pennsylvania R. Co. v. Brown, 111 F.2d 983 | 8.30E+66 | Where buyer's agent drew upon buyer and seller was payee, the statute providing that where drawer and drawee are the same person, holder may treat the instrument at his option either as a bill of exchange or as a promissory note, applied. Uniform Negotiable Instruments Acts, S 130. | Can a bill if drawn by person payable to his own order be a bill of exchange? | Exchange Of Property - Memo 28 - IS.docx | LEGALEASE-00011853-LEGALEASE-00011854 |
| Rockwell v. Allegheny Health, Educ. & Research Found., 19 F. Supp. 2d 401 | 237+6(1) | Under Pennsylvania law, simple non-actionable expression of opinion occurs when person expresses comment as to another's conduct, qualifications or character after either stating facts on which he bases his opinion or when both parties to communication know facts or assume their existence. | What are non actionable opinions? | Libel and Slander - Memo 190  - BP.docx | ROSS-003283153-ROSS-003283155 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gillispie v. Goodyear Serv. Stores, 258 N.C. 487 | 302+48 | A complaint must be fatally defective before it will be rejected as insufficient, and if any portion of it or to any extent it presents facts sufficient to constitute a cause of action the pleading will stand. G.S. S 1-127(6). | Should a complaint be fatally defective for rejecting it as insufficient? | 022940.docx | LEGALEASE-00122242-LEGALEASE-00122243 |
| Taylor v. Bd. of Educ. of City of Chicago, 2014 IL App (1st) 123744 | 307A+3 | Decision of whether to grant motion in limine rests within sound discretion of trial court and will not be disturbed on appeal unless that discretion is abused. | Is a denial of motion in limine within the sound discretion of trial judge? | 024095.docx | LEGALEASE-00121910-LEGALEASE-00121911 |
| Colella v. JMS Trucking Co. of Illinois, 403 Ill. App. 3d 82 | 307A+3 | A trial court maintains broad discretion in both the admission of evidence and in ruling upon a motion in limine, and a decision on a motion in limine will not be disturbed absent an abuse of that discretion. | Does the trial court have wide discretion when ruling on a motion in limine? | 024272.docx | LEGALEASE-00121989-LEGALEASE-00121990 |
| Perry v. Gulf Stream Coach, 871 N.E.2d 1038 | 307A+3 | The granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | Is the grant or denial of a motion in limine within the sound discretion of the trial court and is an adjunct of the power of trial courts to admit and exclude evidence? | 024398.docx | LEGALEASE-00122025-LEGALEASE-00122026 |
| Castaneda v. Texas Dep't of Protective & Regulatory Servs., 148 S.W.3d 509 | 30+4179 | The grant or denial of a motion in limine has no bearing on the ultimate admissibility of the evidence and is never reversible error. | Does the grant or denial of a motion in limine have bearing on the ultimate admissibility of the evidence and will it be a reversible error? | Pretrial Procedure - Memo # 37 - C - TJ.docx | ROSS-003288667-ROSS-003288668 |
| Moore v. Scott, 759 S.W.2d 827 | 308+41(2) | Principal has power to revoke naked power of attorney and agent has power to renounce, although doing so is in violation of contract between the parties and although authority is expressed to be irrevocable; statement in contract that authority cannot be terminated by either party is effective only to create liability for its wrongful termination. | Can Agency be terminated due to renunciation by an agent? | 041322.docx | LEGALEASE-00122291-LEGALEASE-00122292 |
| City of Chicago v. Alton R. Co., 355 Ill. 65 | 317A+102 | Purposes of Public Utilities Act were to bring under public control for common good property applied to public use in which public has interest and to establish and protect public utilities from destructive competition. S.H.A. ch. 1112/323, S 1 et seq. | Does the legislation concerning public utilities protect them from destructive competition? | 042213.docx | LEGALEASE-00122233-LEGALEASE-00122235 |
| Ertel v. Radio Corp. of Am., 261 Ind. 573 | 366+7(1) | Generally, a surety, upon satisfaction of a debt, is subrogated to all the rights which the creditor had against the principal debtor prior to satisfaction of the debt. | "Is a surety, upon satisfaction of a debt, subrogated to all the rights which the creditor had against the principal debtor prior to satisfaction of the debt?" | Subrogation - Memo # 902 - C - VA.docx | ROSS-003283132-ROSS-003283133 |
| Weast v. Arnold, 299 Md. 540 | 366+7(1) | Surety who pays the debt for a principal obligor becomes subrogated to the rights of the creditor including rights in the security. | "Does a surety, who pays the debt for a principal obligators debt becomes subrogated to the rights of the creditor, including rights in security?" | Subrogation - Memo # 903 - C - VA.docx | ROSS-003310288-ROSS-003310289 |
| Am-Haul Carting v. Contractors Cas. & Sur. Co., 33 F. Supp. 2d 235 | 366+7(1) | Under New York law, a surety's right of subrogation under performance bond becomes available when the surety completes the work at a loss. | Does a surety's right of subrogation under performance bond become available when the surety completes the work at a loss? | Subrogation - Memo # 915 - C - CAR.docx | ROSS-003283888-ROSS-003283889 |
| Jeanes v. Bank of Am., N.A., 40 Kan. App. 2d 281 | 13+61 | Generally, a cause of action accrues as soon as the right to maintain a legal action arises; the test to determine when an action accrues is that point when a plaintiff could have first filed and prosecuted an action to a successful conclusion. | Does a cause of action accrue when the plaintiff could have first maintained the action to a successful conclusion? | 005430.docx | LEGALEASE-00122711-LEGALEASE-00122712 |
| Peroti v. Williams, 258 Md. 663 | 272+202 | The basic elements necessary for a cause of action in negligence are a duty or obligation which defendant is under to protect plaintiff from injury, a failure to discharge that duty, and actual loss or injury to plaintiff proximately resulting from that failure. | Does a cause of action arise when a liability or obligation is established? | 005527.docx | LEGALEASE-00123856-LEGALEASE-00123857 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kohler v. Barnes, 123 N.J. Super. 69 | 13+61 | Generally, cause of action accrues when facts exist which entitle one party to maintain an action against another. | Does a cause of action accrue when facts exist which entitle one party to maintain an action against another? | Action - Memo # 172 - C - CS.docx | ROSS-003326357-ROSS-003326359 |
| Gen. Motors Acceptance Corp. v. Howard, 487 S.W.2d 708 | 13+61 | Cause of action accrues when facts come into existence which entitle one to institute and maintain a suit. | Does cause of action accrue when facts come into existence which entitle one to institute and maintain a suit? | 005617.docx | LEGALEASE-00124010-LEGALEASE-00124012 |
| Dep't of Banking v. McMullen, 134 Neb. 338 | 241+43 | As respects running of limitations, the "accrual of a cause of action" means the right to maintain and institute a suit, and, whenever one person may sue another, cause of action has accrued and the statute begins to run. | What is accrual of a cause of action? | 005781.docx | LEGALEASE-00122956-LEGALEASE-00122957 |
| Colburn v. Wilson, 570 So. 2d 652 | 241+55(3) | Statutory limitations period in medical malpractice case does not begin to run until cause of action accrues, i.e., when acts complained of result in injury to plaintiff. Code 1975, S 6-5-482. | Does a cause of action accrue when the act complained of results in legal injury to the plaintiff? | 005826.docx | LEGALEASE-00123096-LEGALEASE-00123097 |
| In re Carper's Estate, 67 A.D.2d 333 | 75+21(1) | Charitable trusts do not need the same degree of certainty as to the beneficiaries as other gifts do; a charitable gift should be sustained whenever possible under the cy pres doctrine in light of the intention of the testator. EPTL 8-1.1. | Do charitable trusts required some degree of certainty as to beneficiaries like other gifts do? | Charities - Memo 17 - JS.docx | ROSS-003285512-ROSS-003285513 |
| Hattler v. Schaefer, 25 Ariz. App. 579 | 113+1 | Custom and usage is contract term and is used to interpret words of contract and give effect to intentions of parties; it therefore had no application in suit by university faculty members for determination as their right to elect department head. | May custom and usage be used to interpret words of contract and give effect to parties intent? | Customs & Usage - Memo 42 - TB.docx | ROSS-003291028-ROSS-003291029 |
| Century Expl. New Orleans v. United States, 103 Fed. Cl. 70 | 148+2.5 | When plaintiff possesses enforceable rights under contract with government, interference with such contractual rights generally gives rise to breach claim, not Fifth Amendment takings claim. U.S.C.A. Const.Amend. 5. | Does interference with contractual rights gives rise to a taking claim? | 017473.docx | LEGALEASE-00122904-LEGALEASE-00122905 |
| Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 24+766 | In determining whether exhaustion applies in a particular case under the Alien Tort Statute (ATS), the defendant bears the burden to plead and justify an exhaustion requirement, including the availability of local remedies; although the plaintiff may rebut this showing with a demonstration of the futility of exhaustion, the ultimate burden remains with the defendant. 28 U.S.C.A. S 1350. | "Is it the defendant's burden to plead and justify an exhaustion requirement, including the availability of local remedies?" | International Law - Memo # 106 - C - LK.docx | ROSS-003312315-ROSS-003312316 |
| First Nat. City Bank v. Banco Nacional de Cuba, 406 U.S. 759 | 221+342 | The act of state doctrine precludes any review whatever of the acts of the government of one sovereign state done within its own territory by the courts of another sovereign State. (Per Mr. Justice Rehnquist with The Chief Justice and another Justice concurring and two Justices concurring in result.) | "Under the act of state doctrine, is every sovereign state bound to respect independence of every other sovereign state, and will courts of one country sit in judgment on acts of government of another which are done within its own territory?" | International Law - Memo # 262 - C - ANC.docx | ROSS-003283706-ROSS-003283707 |
| Honduras Aircraft Registry Ltd. v. Gov't of Honduras, 883 F. Supp. 685 | 221+351 | Although factors to be considered by court in deciding whether to decline inquiry into validity of foreign sovereign's acts, pursuant to "act of state" doctrine, may sometimes overlap with commercial activities exception to Foreign Sovereign Immunities Act, there is no commercial exception to "act of state" doctrine. 28 U.S.C.A. S 1602 et seq. | Will factors considered by the court sometimes overlap with the commercial activities exception to the Foreign Sovereign Immunities Act? | International Law - Memo # 318 - C - NS.docx | ROSS-003287872-ROSS-003287873 |
| Russian Reinsurance Co. v. Stoddard, 211 A.D. 132 | 221+134 | As a general rule, acts or decrees to be ranked as governmental must proceed from some authority recognized as a government de facto. | "Do acts or decrees, to be ranked as governmental, proceed from some authority recognized as a government de facto?" | 020309.docx | LEGALEASE-00123392-LEGALEASE-00123393 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Temple v. Temple, 2015-Ohio-2311 | 289+507 | There is no arbitrary test for determining existence of partnership; therefore, each case is governed by its individual facts and existence of relationship is a question for trier of fact, except when evidence is conclusive. | Is there any arbitrary test for determining the existence of partnership? | 021881.docx | LEGALEASE-00122721-LEGALEASE-00122722 |
| Fiscal Court of Pendleton Cty. v. Pendleton Cty. Bd. of Educ., 240 Ky. 589 | 250+167 | One challenging validity of indebtedness of municipality or of tax levy to pay obligation must allege as well as prove facts showing invalidity. | Should validity of indebtedness of a municipality be challenged by alleging facts? | 022951.docx | LEGALEASE-00123496-LEGALEASE-00123497 |
| Fiscal Court of Pendleton Cty. v. Pendleton Cty. Bd. of Educ., 240 Ky. 589 | 250+167 | One challenging validity of indebtedness of municipality or of tax levy to pay obligation must allege as well as prove facts showing invalidity. | Should an invalidity of a municipal tax levy be challenged by stating facts? | Pleading - Memo 140 - RMM.docx | ROSS-003297179-ROSS-003297180 |
| Keyes v. Nevada Gas Co., 55 Nev. 431 | 228+252(2) | Complaint without prayer for relief is incomplete, but prayer for relief forms no part of statement of cause of action, and, when answer is filed and trial is had, judgment will be awarded in accordance with facts pleaded and proven, but, where no answer is filed, relief is limited to relief demanded in complaint. Comp.Laws 1929, SS 8594, 8792. | Is the prayer for relief a part of the cause of action? | 022969.docx | LEGALEASE-00123517-LEGALEASE-00123519 |
| Albersworth v. Albersworth, 184 S.W.3d 81 | 307A+3 | Trial court motion to strike expert witness opinion and testimony was motion in limine, and thus, trial court could reverse its ruling at trial. | Can a trial court reverse its ruling on motion to strike an expert witness as it is a motion in limine? | Pretrial Procedure - Memo # 150 - C - CRB.docx | LEGALEASE-00013601-LEGALEASE-00013602 |
| Smith v. Polsky, 796 S.E.2d 354 | 307A+3 | Trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature; therefore, trial court's ruling on a motion in limine is subject to modification during the course of the trial. | Is a trial court's ruling on a motion in limine final or rather interlocutory and subject to modification? | 024426.docx | LEGALEASE-00122746-LEGALEASE-00122748 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A motion for partial summary judgment, not a motion in limine, is an appropriate way to challenge a claim for punitive damages. | "Is a motion for partial summary judgment, not a motion in limine, an appropriate way to challenge a claim for punitive damages?" | Pretrial Procedure - Memo # 288 - C - CRB.docx | ROSS-003283593-ROSS-003283595 |
| Powell v. Alan Young Homes, 251 Ga. App. 72 | 307A+3 | Trial court has an absolute right to refuse to decide on the admissibility of evidence prior to trial and may reserve ruling on the admissibility of evidence until it is offered during trial. | May the court reserve ruling on the admissibility of evidence until it is offered during trial? | Pretrial Procedure - Memo # 304 - C - CRB.docx | ROSS-003297353-ROSS-003297354 |
| Hopper v. Carey, 716 N.E.2d 566 | 307A+3 | Ordinarily, the denial of a motion in limine can occasion no error; the objectionable occurrence is the improper admission of items in evidence. | "Can the denial of a motion in limine cause error, the occurrence being the improper admission of items in evidence?" | Pretrial Procedure - Memo # 322 - C - ANC.docx | ROSS-003329574-ROSS-003329575 |
| State v. Evans, 196 Wash. App. 1075 (2016) | 110+1036.1(2) | Fact that trial court sustained pretrial motion in limine does not automatically result in permanent exclusion of the references sought to be prohibited, as pretrial ruling is interlocutory only and additional information produced at trial may prompt the trial court to alter the ruling and admit the evidence, and thus objection must be made at trial when the evidence is offered or reference made, preferably outside the hearing of the jury, in order to preserve for appellate review the ruling made thereon. | Does granting motion in limine automatically result in permanent exclusion of disputed evidence? | 029204.docx | LEGALEASE-00123083-LEGALEASE-00123084 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bremmer v. Journal-Tribune Pub. Co., 247 Iowa 817 | 388+9(1) | An application to adjudicate law points under Rule of Civil Procedure is not technically a motion, and the effect of the ruling or order thereon is not the same as the effect of an order on a motion assailing a pleading. 58 I.C.A. Rules of Civil Procedure, rule 105. | Is an application to adjudicate law points under the Rules of Civil Procedure a motion? | 031840.docx | LEGALEASE-00124153-LEGALEASE-00124154 |
| Rosa v. Florida Power & Light Co., 636 So. 2d 60 | 307A+3 | "Motion in limine" is similar to protective order, in that it seeks to prohibit any reference to offending evidence at trial by first having its admissibility determined outside presence of jury. | Is a motion for a protective order and a motion in limine functionally the same? | Pretrial Procedure - Memo # 526 - C - RY.docx | ROSS-003295334-ROSS-003295335 |
| Ambrogio v. Beaver Rd. Assocs., 267 Conn. 148 | 307A+3 | A party, through a motion in limine, may implore the court to decide a question of law, as well as some preliminary questions of fact. | "Can a party, through a motion in limine, implore the court to decide a preliminary question of fact?" | 038243.docx | LEGALEASE-00124159-LEGALEASE-00124160 |
| In re Leona W., 228 Ill. 2d 439 | 30+3361 | Generally speaking, evidentiary motions, such as motions in limine, are directed to the trial court's discretion; a trial court's ruling on such motions will not be disturbed on review absent an abuse of that discretion. | Is a court's ruling on evidentiary motions such as motions in limine left to the court's discretion and subject to an abuse of that discretion standard? | 041115.docx | LEGALEASE-00123969-LEGALEASE-00123970 |
| Mark v. Agerter, 332 Ga. App. 775 S.E.2d 235 | 307A+3 | A trial court errs in denying a motion in limine when there is no circumstance under which the evidence at issue is likely to be admissible at trial. | Should a trial court deny a motion in limine when there is no circumstance under which the evidence at issue is likely to be admissible at trial? | 041177.docx | LEGALEASE-00124117-LEGALEASE-00124118 |
| Terex-Telelect v. Wade, 59 N.E.3d 298 | 30+3209 | When reviewing a grant or denial of a motion in limine, the Court of Appeals applies the standard of review for the admission of evidence, which is whether the trial court abused its discretion. | Is the grant or denial of a motion in limine within the sound discretion of the trial court? | Pretrial Procedure - Memo 380 - RK.docx | ROSS-003284008-ROSS-003284009 |
| Guski v. Raja, 409 Ill. App. 3d 686 | 307A+3 | When trial court makes its evidentiary rulings before trial pursuant to the parties' motions in limine, the rulings are interlocutory and remain subject to reconsideration by the court throughout the trial. | "Are rulings on motions in limine considered interlocutory in nature, and they remain subject to reconsideration at trial?" | 041206.docx | LEGALEASE-00122960-LEGALEASE-00122961 |
| State ex rel. City of Joplin v. Pub. Serv. Comm'n of State of Mo., 186 S.W.3d 290 | 317A+119.1 | Superseded tariffs cannot be corrected retroactively, and if funds paid under those Public Service Commission-approved tariffs are not segregated in a court registry pending the final outcome, there is no monetary relief that can be given to the party challenging the rates. | Are tariffs generally considered moot if they are superseded by subsequent tariffs that are filed and approved? | 042256.docx | LEGALEASE-00123656-LEGALEASE-00123658 |
| In re Wetzler, 192 B.R. 109 | 366+7(1) | Under Virginia's doctrine of "equitable subrogation," when surety satisfies debt of another, surety acquires all rights that original creditor had against debtor. | "Under the doctrine of ""equitable subrogation,"" when a surety satisfies debt of another, does the surety acquire all rights that the original creditor had against the debtor?" | Subrogation - Memo # 960 - C - MLS.docx | ROSS-003299293-ROSS-003299294 |
| In re Ryan N., 92 Cal. App. 4th 1359 | 368+3 | Unlike criminal solicitation, the crime of "aiding, advising or encouraging a suicide" requires both a specific intent that another person commit suicide, and some direct, unequivocal action aimed at bringing the suicide about. West's Ann.Cal.Penal Code S 401. | What is meant by aiding a suicide? | 044467.docx | LEGALEASE-00122575-LEGALEASE-00122576 |
| Hardee's Food Sys. v. Oreel, 32 F. Supp. 2d 342 | 13+61 | Generally, a cause of action does not accrue until there has been a breach of duty which gives rise to the right to institute and maintain an action. | Does a cause of action accrue until there has been a breach of duty which gives rise to the right to institute and maintain an action? | Action - Memo # 222 - C - NO.docx | ROSS-003285507-ROSS-003285508 |
| Jo Ann Howard & Assocs., P.C. v. Cassity, 868 F.3d 637 | 13+4 | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | What does in pari delicto mean? | Action - Memo # 185 - C - PHS.docx | ROSS-003288382-ROSS-003288384 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jo Ann Howard & Assocs., P.C. v. Cassity, 868 F.3d 637 | 13+4 | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | What needs to happen for a pari delicato defense? | Action - Memo # 349.docx | ROSS-003323635-ROSS-003323636 |
| Gingiss Int'l v. Bormet, 58 F.3d 328 | 25T+132 | Under federal law, subcontract with guarantor or surety may incorporate duty to arbitrate by reference to arbitration clause in general contract. 9 U.S.C.A. S 10(a)(4). | Can a subcontract with a guarantor or surety incorporate a duty to arbitrate by reference to an arbitration clause? | Alternative Dispute Resolution - Memo 418 - RK.docx | ROSS-003289235-ROSS-003289236 |
| Agility Pub. Warehousing Co. K.S.C. v. Supreme Foodservice GmbH, 840 F. Supp. 2d 703 | 25T+316 | Regardless of whether arbitrators properly decided an issue, a court will not vacate an arbitral award under Federal Arbitration Act (FAA) provision allowing vacatur when arbitrators exceeded their power, unless petitioner can show that arbitrators lacked authority to reach issue. 9 U.S.C.A. S 10(a)(4). | Can a court vacate an arbitration award because the arbitrator has exceeded his power? | 007166.docx | LEGALEASE-00125563-LEGALEASE-00125564 |
| Wal-Mart Stores v. Helferich Patent Licensing, 51 F. Supp. 3d 713 | 25T+134(4) | General choice of law provision in a contract will not extend to arbitration clause covered by the Federal Arbitration Act (FAA), absent specific evidence the parties intended it to do so. 9 U.S.C.A. S 1 et seq. | Does a general choice of law provision in a contract extend to an arbitration clause? | 007186.docx | LEGALEASE-00125581-LEGALEASE-00125583 |
| People ex rel. Peters v. O'Connor, 311 Ill. App. 3d 753 | 148+2.1 | To constitute a "taking" through eminent domain proceedings, there must be actual physical invasion of the property; otherwise, the landowner has only an action at law for damages for the property. | "If there is no actual physical invasion of the property, can the land owner claim for taking under the law?" | 017522.docx | LEGALEASE-00124906-LEGALEASE-00124907 |
| Sharon v. Time, 599 F. Supp. 538 | 221+351 | Act of state doctrine is limited to laws, decrees, decisions, seizures, and other officially authorized public acts. | "Is the act of state doctrine limited to laws, decrees, decisions, seizures, and other officially authorized public acts?" | 020440.docx | LEGALEASE-00125201-LEGALEASE-00125202 |
| Republic of Philippines v. Marcos, 806 F.2d 344 | 221+342 | Act of state doctrine prohibit inquiry into legality of official governmental acts, regardless of whether such acts are legal under, or authorized by, local law. | "Does the act of state doctrine prohibit inquiry into legality of official governmental acts, regardless of whether such acts are legal under, or authorized by, local law?" | International Law - Memo 480 - TH.docx | ROSS-003301149-ROSS-003301151 |
| Republic of Philippines v. Marcos, 806 F.2d 344 | 221+342 | Once acts are identified as governmental in character, courts will refuse to examine integrity or nobility of reasons underlying those acts. | "Once acts are identified as governmental in character, will courts refuse to examine integrity or nobility of reasons underlying those acts?" | International Law - Memo 482 - TH.docx | ROSS-003315971-ROSS-003315972 |
| Shook v. Pearson, 99 Cal. App. 2d 348 | 302+204(1) | If any count or cause of action in a complaint setting up several counts or causes of action is good as against demurrer, a judgment of dismissal for insufficiency of the complaint cannot be sustained. | Can the judgment of dismissal of a complaint for insufficiency be sustained if a cause of action is good as against demurrer? | 022974.docx | LEGALEASE-00125372-LEGALEASE-00125373 |
| Wal-Mart Stores v. Itz, 21 S.W.3d 456 | 302+48 | The court should uphold the petition where a cause of action may reasonably be inferred from what is specifically stated therein, even if an element of the action is not specifically alleged. Vernon's Ann.Texas Rules Civ.Proc., Rule 45. | Is a petition sufficient even if an element of the cause of action is not specifically alleged? | 022989.docx | LEGALEASE-00125409-LEGALEASE-00125410 |
| Hardy v. Cordero, 399 Ill. App. 3d 1126 | 307A+3 | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated. | Does a motion in limine exclude inadmissible evidence from trial? | 024295.docx | LEGALEASE-00124891-LEGALEASE-00124892 |
| City of Wichita v. Denton, 296 Kan. 244 | 307A+3 | The purpose of an order in limine is to assure a fair and impartial trial to all parties by excluding from trial inadmissible evidence, prejudicial statements, and improper questions. | Does the purpose of an order in limine include fair and impartial trial? | Pretrial Procedure - Memo # 612 - C - SSB.docx | ROSS-003312186-ROSS-003312187 |
| Oxford v. Carter, 216 Ga. 821 | 302+2 | A statutory rule must be construed consistently with the whole system of pleading and practice of which it forms a part. | Should a statutory rule be construed consistently with the whole system of pleading and practice of which it forms a part? | 024441.docx | LEGALEASE-00125345-LEGALEASE-00125346 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hopper v. Carey, 716 N.E.2d 566 | 307A+3 | Granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | Is the trial court's grant of a pretrial motion in limine an adjunct of its inherent authority to admit and exclude evidence? | Pretrial Procedure - Memo # 441 - C - HAM.docx | ROSS-003284349-ROSS-003284350 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap that results in a new trial if the court determines in retrospect that the order was violated. | Is the purpose of an in limine order to exclude evidence that is inadmissable? | Pretrial Procedure - Memo # 834 - C - KA.docx | ROSS-003295035-ROSS-003295036 |
| Dees v. Logan, 281 Ga. App. 837 | 307A+3 | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Does the grant of a motion in limine foreclose the admission of the evidence at trial? | 038291.docx | LEGALEASE-00124233-LEGALEASE-00124234 |
| Georgia Power Co. v. Georgia Pub. Serv. Comm'n, 211 Ga. 223 | 317A+111 | Regulation of public utilities by the Public Service Commission is subject to certain limitations, notably constitutional mandates and statutory requirements enacted by the General Assembly. | Are public utilities regulated based on the rules or requirements of the General Assembly? | 042265.docx | LEGALEASE-00124244-LEGALEASE-00124245 |
| Bradford Partners II v. Fahning, 231 S.W.3d 513 | 366+7(1) | The right of a guarantor to pursue his subrogation rights is not dependent upon the contract or an assignment to him from the creditor; rather, the guarantor's subrogation rights result from the payment of the principal's debt. | Do the guarantor's subrogation rights result from the payment of the principal's debt? | 044144.docx | LEGALEASE-00125047-LEGALEASE-00125048 |
| In re Hamada, 291 F.3d 645 | 366+1 | Right of legal (or equitable) subrogation arises as creature of equity and is enforced solely for purpose of accomplishing the ends of substantial justice. | Is subrogation enforced solely for the purpose of accomplishing the ends of substantial justice? | 044341.docx | LEGALEASE-00124989-LEGALEASE-00124991 |
| Gen. Motors Acceptance Corp. v. Daniels, 303 Md. 254 | 309+139 | With respect to notice of default, surety is ordinarily held to know every default of principal because he is under a duty to make inquiry and ascertain whether principal obligor is discharging obligation resting on him; consequently, surety is ordinarily liable without notice. | Does a surety become subrogated to the rights of an obligee when the surety pays debt for the principal obligor? | Subrogation - Memo 935 - RK.docx | ROSS-003295918-ROSS-003295920 |
| Pucinski v. Cty. of Cook, 192 Ill. 2d 540 | 104+137 | Although clerks of the circuit courts are nonjudicial officers of the judicial branch of state government, and not employees of the counties, responsibility for maintaining the clerks' offices belongs to the counties, not the state. S.H.A. Const. Art. 6, S 18(b); S.H.A. 705 ILCS 105/20, 27.3, 27.3a, 27.3c, 27.8. | Are clerks of the circuit courts employees of the counties? | 013413.docx | LEGALEASE-00125739-LEGALEASE-00125741 |
| People v. DiVincenzo, 183 Ill. 2d 239 | 203+657 | Basic difference between involuntary manslaughter and first degree murder is the mental state that accompanies conduct resulting in victim's death; involuntary manslaughter requires less culpable mental state than first degree murder, since defendant commits first degree murder when he kills an individual without lawful justification and he knows that his acts create a strong probability of death or great bodily harm, but commits involuntary manslaughter when he recklessly performs acts that are likely to cause death or great bodily harm to another. S.H.A. 720 ILCS 5/9-1(a)(2), 9-3(a). | Is the difference between the murder and involuntary manslaughter considered to be the mental state of the defendant? | 019370.docx | LEGALEASE-00125718-LEGALEASE-00125719 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cole v. Pac. Tel. & Tel. Co., 112 Cal. App. 2d 416 | 317A+111 | Principle that public utilities, being strictly regulated in all operations with considerable curtailment of their rights and privileges, shall likewise be regulated and limited as to their liabilities, is neither harsh nor inequitable when considered in light of fact that rates as fixed by Public Utility Commission are established with such limitation of liabilities in mind, and that reasonable rates are in part dependent upon such a rule. | Should a public utility regulated in all operations with necessary curtailment of its rights be limited as to its liabilities? | Public Utilities - Memo 173 - AM.docx | ROSS-003286724-ROSS-003286725 |
| Mountain States Tel. & Tel. Co. v. Vowell Const. Co., 161 Tex. 432 | 386+1 | The gist of "trespass" to personalty is an injury to, or interference with, possession, unlawfully, with or without exercise of physical force, and destruction of, or injury to, personal property, regardless of negligence, may be a "trespass". | Does trespass to personalty require the exercise of physical force? | Trespass - Memo 184 - RK.docx | ROSS-003300312-ROSS-003300313 |
| United States v. Mosberg, 866 F. Supp. 2d 275 | 63+1(2) | Statute governing bribery affecting federal funds does not require proof of connection with federal money as an element of the offense. 18 U.S.C.A. S 666. | "Does section 666, the statute governing bribery affecting federal funds, require proof of connection with federal money as an element of the offense?" | Bribery - Memo # 34 - C - SD.docx | ROSS-003299904-ROSS-003299905 |
| Webster v. Rushing, 316 So. 2d 111 | 302+87 | Affirmative defense raises new matter which, assuming allegations in petition to be true, constitutes defense to action and will have effect of defeating plaintiff's demand on its merits. LSA-C.C.P. arts. 1003, 1005; LSA-R.S. 13:3601(2). | Does an affirmative defense raise a new matter? | Pleading - Memo 175 - RMM.docx | ROSS-003286825-ROSS-003286826 |
| Dober v. Worrell, 401 So. 2d 1322 | 30+173(1) | Failure to raise an affirmative defense before a trial court considers a motion for summary judgment precludes raising that issue for first time on appeal. | Can an affirmative defense be raised for the first time on appeal? | 023042.docx | LEGALEASE-00126238-LEGALEASE-00126239 |
| Ayala v. Lee, 215 Md. App. 457 | 307A+3 | An evidentiary ruling on a motion in limine is left to the sound discretion of the trial judge and will only be reversed upon a clear showing of abuse of discretion. | Is the granting of a motion in limine left to the sound discretion of the trial judge? | Pretrial Procedure - Memo # 889 - C - KA.docx | ROSS-003327338-ROSS-003327339 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap that results in a new trial if the court determines in retrospect that the order was violated. | Is the purpose of an in limine order to exclude inadmissible evidence? | Pretrial Procedure - Memo # 892 - C - KA.docx | ROSS-003313110-ROSS-003313111 |
| Pioneer Towing v. Illinois Commerce Comm'n, 99 Ill. App. 3d 403 | 317A+111 | Generally, public utilities are afforded financial safeguards because of the unique position they occupy in the marketplace, and it is the policy of the state to prevent rather than to promote competition among public utilities, since method of regulation of public utilities is based on theory of regulated monopoly rather than competition. | Is the regulation of public utilities based on the theory of regulated monopolies? | 042344.docx | LEGALEASE-00125871-LEGALEASE-00125873 |
| Kiefer v. City of Idaho Falls, 49 Idaho 458 | 317A+112 | Since municipally owned utilities are not under jurisdiction of Public Utilities Commission, person affected thereby may sue in court to test reasonableness of rates (C.S. SS 2371, 3971, as amended by Laws 1927, c. 195). | Are municipally owned utilities regulated by the Public Utilities Commission (PUC)? | 042374.docx | LEGALEASE-00126187-LEGALEASE-00126188 |
| Boumediene v. Bush, 553 U.S. 723 | 221+392 | Even when the United States acts outside its borders, its powers are not absolute and unlimited but are subject to such restrictions as are expressed in its Constitution. | "When the United States acts outside its borders, are its powers absolute and unlimited?" | 005717.docx | LEGALEASE-00126517-LEGALEASE-00126519 |
| Comes v. Microsoft Corp., 775 N.W.2d 302 | 221+341 | A Canadian court generally will be reluctant to prevent someone from gathering evidence extraterritorially, as its ultimate admissibility in a Canadian proceeding will be determined by the Canadian courts. | Will a Canadian court be reluctant to prevent someone from gathering evidence extraterritorially? | Action - Memo # 256 - C - VP.docx | ROSS-003286275-ROSS-003286278 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Abel v. Allen, 2002 ND 147 | 30+3234 | Determining when a plaintiff's cause of action has accrued is generally a question of fact, and a district court's determination will not be overturned on appeal unless clearly erroneous; however if there is no dispute in the evidence about the facts, the question of whether the statute of limitations has run is for the court. | Is the determination of when a cause of action accrues a question of fact? | Action memo# 298 C-PC.docx | ROSS-003312807-ROSS-003312808 |
| People v. Wigman, 2012 IL App (2d) 100736 | 110+577.8(2) | Circuit court clerk's office is not an arm of the State for purposes of filing documents purportedly intended to restart a statutory speedy-trial term; it is the State's Attorney who has the responsibility to commence and prosecute all actions that concern the people of the state or the county. S.H.A. 725 ILCS 5/103-5(b). | Is the office of clerk of a circuit court an arm of the state? | 013434.docx | LEGALEASE-00126762-LEGALEASE-00126763 |
| Villanazul v. City of Los Angeles, 37 Cal. 2d 718 | 106+58 | Fact that the legislature created the office of deputy marshal of municipal court and prescribed the duties and salary of the position does not fix the status of such deputy marshal as a state rather than a county or city employee. Gen.Laws, Act 5238, SS 1 et seq., 7b, 25a (Gov.Code S 71080 et seq.); Const. art. 6, S 11. | Is a clerk of the justices court an employee of the court? | 013473.docx | LEGALEASE-00126796-LEGALEASE-00126797 |
| Arizona Water Co. v. Arizona Corp. Comm'n, 217 Ariz. 652 | 405+2110 | Arizona does not recognize the "first-in-the-field doctrine" in regards to certificate of convenience and necessity (CC&N) issued to water companies by the Corporation Commission; under the doctrine when additional or extended service is required in a field already serviced by an existing utility that utility must be given the opportunity to demonstrate its willingness and ability to provide the new service, but serving the public interest is the controlling factor in decisions concerning service of water by water companies and application of the doctrine may not always serve the public's best interest, and a statute which grants a service provider the right of first refusal to extend its existing CC&N territory in specified situations already provides much of the reward underlying the doctrine. A.R.S. SS 40-281, 40-281(B). | When does the first-in-the-field doctrine apply in reference to a utility? | 042392.docx | LEGALEASE-00126426-LEGALEASE-00126427 |
| Application of Overland Armored Exp. of Lincoln, 229 Neb. 524 | 317A+113 | Burden of proof rests on applicant for certificate of public convenience and necessity to show that applicant meets all statutory requirements. Neb.Rev.St. S 75-311. | Is the burden of proof on the applicant for a certificate of public convenience and necessity to show that the applicant meets all the requirements of the statute? | Public Utilities - Memo 201 - AM.docx | ROSS-003300381-ROSS-003300382 |
| Henry v. State, 295 Ga. App. 758 | 352H+119 | Defendant's knowledge of the age of the female is not an essential element of the crime if statutory rape, and therefore it is no defense that the accused reasonably believed that the prosecutrix was of the age of consent. West's Ga.Code Ann. S 16-6-3(a). | Is knowledge of victims age an element in statutory rape? | Sex Offence - Memo 44 - SB.docx | LEGALEASE-00016665-LEGALEASE-00016666 |
| Romero v. Dep't Stores Nat'l Bank, 199 F. Supp. 3d 1256 | 386+7 | With respect to a claim of trespass to chattels, the injury or damage claimed must be with respect to the plaintiff's interest in the personal property, not to the plaintiff herself. | Should the injury or damage claimed be with respect to the plaintiff's interest in the personal property in a claim of trespass to chattels? | 00549.docx | LEGALEASE-00085302-LEGALEASE-00085303 |
| Shapiro v. Housewares Super Mart, 43 Misc. 2d 107 | 13+65 | Rights of parties in mortgage foreclosure action are determined on facts as they exist at time of foreclosure decree and not at time of inception of action. | Are rights of parties in a mortgage foreclosure action determined on facts as they exist at the time of foreclosure decree and not at the time of an inception of action? | 006236.docx | LEGALEASE-00127186-LEGALEASE-00127188 |
| Devlin v. Bennett, 26 Conn. Supp. 102 | 316P+87 | Board of education has right to demand that teacher know his subject and that he be capable of arousing and holding interest of his pupils and maintaining discipline. | Does a town board of education has the right to demand that a teacher know his subject? | 016862.docx | LEGALEASE-00127019-LEGALEASE-00127021 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clare v. Florissant Water & Sanitation Dist., 879 P.2d 471 | 148+90 | Compensation ordinarily will not be due property owner whose property has merely depreciated in value by governmental action. West's C.R.S.A. Const. Art. 2, S 15. | Is compensation due a property owner whose property has merely depreciated in value by governmental action? | 017661.docx | LEGALEASE-00127007-LEGALEASE-00127008 |
| Aram v. Schallenberger, 41 Cal. 449 | 200+158 | Private individual cannot sue to prevent or abate nuisance, caused by obstructing public highway, without showing special damage in addition to that received by public. | When can a private party maintain an action to abate a public nuisance caused by obstructing a public highway? | 018676.docx | LEGALEASE-00127034-LEGALEASE-00127035 |
| State ex rel. Burns v. Kelly, 89 Idaho 139 | 200+153.5 | Statutory grant of authority to State Board of Highway Directors to regulate or prohibit erection or maintenance of unauthorized signs carries with it duty and power to determine what constitutes such obstruction, and such determination made by board is conclusive, in absence of showing of arbitrary exercise of authority or abuse of discretion. I.C. S 40-120(18). | Whose decision is conclusive in determining obstruction on the highway? | 018679.docx | LEGALEASE-00127013-LEGALEASE-00127014 |
| People v. Henderson, 138 Cal. App. 2d 505 | 200+158 | Under common law, a structure maintained on public roadway is unlawful and a nuisance per se subject to abatement at instance of proper authority. | Is structure maintained upon a public roadway a nuisance subject to abatement? | Highways-Memo 26-RM.docx | ROSS-003298625-ROSS-003298627 |
| Larkin v. Howlett, 19 Ill. App. 3d 343 | 212+1546 | To establish a cause of action for injunctive relief, plaintiffs must allege facts necessary to establish that their legal remedy is inadequate and that irreparable injury will result should injunctive relief not be granted; consequently, allegations in a complaint that are conclusionary in those respects are insufficient. | Should facts be alleged for granting an injunction? | 023072.docx | LEGALEASE-00126900-LEGALEASE-00126901 |
| Phoenix Mut. Life Ins. Co. v. Birkelund, 29 Cal. 2d 352 | 302+403(1) | The general rule is that one who relies upon estoppel or laches as a defense must plead facts constituting such estoppel or laches where there is an opportunity to do so, but such rule does not apply where the facts appear on the face of the adversary's pleading. | Should the defense of latches be plead with facts constituting such latches? | 023078.docx | LEGALEASE-00127032-LEGALEASE-00127033 |
| Lewis ex rel. Houseworth v. Eisin, 2002 WL 337775 | 308+68 | A travel agent who arranges travel accommodations is under a duty to disclose reasonably obtainable information that is material to the object of the agency unless that information is so clearly obvious and apparent to the traveler that the travel agent would not be negligent in failing to disclose it. | What are the obligations of a travel agent? | 041285.docx | LEGALEASE-00126846-LEGALEASE-00126847 |
| Pearlman v. Reliance Ins. Co., 371 U.S. 132 | 366+7(1) | Surety paying debt of another is, by doctrine generally known as "subrogation," entitled to all rights of person paid to enforce his right to be reimbursed. | Is a surety which pays the debt of another entitled to all rights of the person he paid to enforce his right to be reimbursed? | Subrogation - Memo # 1073 - C - KG.docx | ROSS-003317331-ROSS-003317332 |
| Gerow v. Sinay, 28 Misc. 3d 990 | 366+41(6) | The movant on a equitable subrogation claim must establish all elements of the doctrine, including a lack of knowledge concerning another lien on the property. | Is the movant required to establish all elements of an equitable subrogation claim? | 044274.docx | LEGALEASE-00126997-LEGALEASE-00126998 |
| In re New Hampshire Dep't of Health & Human Servs., 145 N.H. 211 | 413+52 | Workers' compensation law is remedial in nature, designed to substitute for unsatisfactory common law remedies in tort a liability without fault with limited compensation capable of ready and early determination, and accordingly, all reasonable doubts in construction of workers' compensation law will be liberally construed in a manner that favors the injured employee. | Is the workers compensation law liberally construed in a manner that favors the injured employee? | 048136.docx | LEGALEASE-00126952-LEGALEASE-00126953 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Szymczak v. Holland Cmty. Hosp., 187 Mich. App. 142 | 92+2752 | Benefits and liabilities arising out of workers' compensation statute do not create rights protected by contract clause of Federal or State Constitutions. U.S.C.A. Const. Art. 1, S 10, cl. 1; M.C.L.A. Const. Art. 1, S 10. | Do the benefits and liabilities in the workers compensation statute create rights protected by the Contract Clause? | 048225.docx | LEGALEASE-00126918-LEGALEASE-00126919 |
| Wayne v. A.V.A. Vending, 52 S.W.3d 412 | 150+71(1) | In order to justify a defense of laches, the plaintiff must have unreasonably delayed in asserting his claim and the defendant must have detrimentally changed his position because of the delay. | Does laches apply where a defendant did not contend that he had changed his position to his detriment due to delay in plaintiff bringing suit? | 005404.docx | LEGALEASE-00128000-LEGALEASE-00128001 |
| Berkowitz v. Palm Springs La Quinta Dev. Co., 37 Cal. App. 2d 249 | 13+65 | Plaintiff's cause of action must exist at the time plaintiff files his complaint, and rights of parties must be judged by conditions existing at the time action is commenced. | Must a plaintiff's cause of action exist at the time plaintiff files his complaint? | 005889.docx | LEGALEASE-00127513-LEGALEASE-00127514 |
| Davis v. Upshur Cty., 191 S.W.2d 524 | 13+65 | Generally, condition existing at time of hearing of suit, rather than that existing at its commencement, furnishes basis for injunctive relief. | Is it the condition of things at the time of the hearing rather than that existing at the time of the commencement of the suit which furnishes the basis for relief? | 005907.docx | LEGALEASE-00127650-LEGALEASE-00127651 |
| Werber v. Atkinson, 84 A.2d 111 | 132+40 | A suit which is prematurely brought cannot be maintained, even if cause of action has accrued by time cause is called for trial, nor can an amended petition in such a case set up a cause of action which has not accrued at time original petition was filed. | Can a suit which is prematurely brought be maintained? | 006033.docx | LEGALEASE-00127290-LEGALEASE-00127291 |
| Prator v. Caddo Parish, 888 So.2d 812 | 13+6 | To avoid deciding abstract, hypothetical, or moot questions, courts require cases submitted for adjudication be justiciable, ripe for decision, and not brought prematurely. | Are the cases submitted for adjudication must ripe for decision? | 006088.docx | LEGALEASE-00127909-LEGALEASE-00127910 |
| Meagher v. Uintah Gas Co., 123 Utah 123 | 13+65 | Generally, plaintiff in a quiet title action cannot assert title acquired after commencement of the action, but, where such title is acquired after action is begun but before defendant pleads adversely, such title may be pleaded and proved in derogation of defendant's adverse claim. | Can a plaintiff in a quiet title action assert title acquired after its commencement? | Action - Memo # 863 - C - PC.docx | ROSS-003300017-ROSS-003300018 |
| Triangle Oil Co. v. City of New Orleans, 5 So. 2d 558 | 13+63 | "Laches" in a general sense is the neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done, and more specifically, it is inexcusable delay in asserting a right, an implied waiver arising from knowledge of existing conditions and an acquiescence in them, and is such delay in enforcing one's rights as works disadvantage to another. | "Is ""laches"" a neglect, for unreasonable and unexplained length of time, to do what in law should have been done earlier?" | 006257.docx | LEGALEASE-00127779-LEGALEASE-00127780 |
| Brooks Bros. v. Brooks Clothing of Cal., 60 F. Supp. 442 | 13+65 | A court of equity must determine the issues before it as of the day of determination, and a change in conditions may, even if it does not call for total denial of relief, affect the quantum of relief. | Should a court of equity determine the issues before it as of the day of determination? | 006266.docx | LEGALEASE-00127816-LEGALEASE-00127817 |
| State ex rel. Mott v. Bd. of Educ. of Darke Cty., 37 N.E.2d 660 | 13+65 | In exercising extraordinary power of mandamus, the court is not limited to a consideration of the facts and conditions as they existed at time the proceeding was initiated, but rather it should take into consideration facts arising at time it determines whether to issue a peremptory writ. | Does the factual situation existing at the time of the issue governs in a mandamus proceeding? | 006296.docx | LEGALEASE-00127939-LEGALEASE-00127940 |
| Wisconsin v. Yoder, 406 U.S. 205 | 1.41E+30 | Having a high responsibility for the education of its citizens, a state has the power to impose reasonable regulations for the control and duration of basic education. | Does a state have power to impose reasonable regulations for the control and duration of basic education? | 016878.docx | LEGALEASE-00127442-LEGALEASE-00127444 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sanders v. Boykin, 192 N.C. 262 | 366+35 | Cancellation of mortgage after debt had become merged in judgment held not of itself to destroy right of surety paying same to subrogation. | Does cancellation of mortgage after debt had become merged in judgment held not of itself to destroy right of surety paying same to subrogation? | 043388.docx | LEGALEASE-00127843-LEGALEASE-00127844 |
| TX. C.C. v. Wilson/Barnes Gen. Contractors, 233 S.W.3d 562 | 217+3522 | Waiver of subrogation clause contained in construction contract between restaurant owner and general contractor, providing that "if after final payment property insurance is to be provided" owner waived all rights for damages caused by fire covered by this separate property insurance, was enforceable to preclude owner, as insured, from recovering proceeds insurer paid to owner for post-construction loss of restaurant due to fire resulting from faulty fireplace installed by subcontractor under property insurance policy owner voluntarily obtained after construction period and final payment, as phrase "to be" did not mean "required," and, thus, waiver resulted if, after final payment, owner intended to provide property insurance, contract required owner to provide such insurance, or owner provided such insurance in the future. | Does a waiver of subrogation require the owner to provide property insurance in the future? | 043455.docx | LEGALEASE-00127706-LEGALEASE-00127707 |
| Travelers Ins. Co. v. Hartford Acc. & Indem. Co., 222 Pa. Super. 546 | 366+35 | Right of subrogation is not self-executing once payment has been made to, or on behalf of, legal plaintiff, and notice has been given to defendant; subrogee must exercise reasonable diligence to protect his interest. | Is the right of subrogation self-executing? | 043502.docx | LEGALEASE-00127557-LEGALEASE-00127558 |
| Colonial Properties Realty Ltd. P'ship v. Lowder Const. Co., 256 Ga. App. 106 | 366+35 | Waiver-of-subrogation clauses are valid and binding, and are not void as against public policy when a business relieves itself from its own negligence; however, such clauses do not relieve a party from liability for acts of gross negligence or wilful or wanton conduct. | "Are waiver-of-subrogation clauses valid, binding, and not void as against public policy when a business relieves itself from its own negligence?" | Subrogation - Memo # 1253 - C - SKG.docx | ROSS-003285414-ROSS-003285415 |
| Casper Oil Co. v. Evenson, 888 P.2d 221 | 413+771 | Argument that workers' compensation claimant was barred from receiving benefits because he was discharged for misconduct was contrary to policy behind workers' compensation legislation; such barring of claimant from receiving benefits would give employers incentive to discharge injured workers, would not result in quick and efficient delivery of benefits, and would place risk of loss and injury on individual employee rather than on industry. | Does workers compensation place risks of loss and injury on the industry rather than on individual employees? | 048505.docx | LEGALEASE-00127426-LEGALEASE-00127428 |
| Bradshaw v. Park, 29 Cal. App. 4th 1267 | 413+1 | Employer's statutory obligation to secure payment of workers' compensation begins with inception of status as employer and does not depend on making of claim. | "Does an employers statutory obligation to secure payment of workers compensation benefits begin with the inception of status as an employer, and not upon the making of a claim?" | 048516.docx | LEGALEASE-00127472-LEGALEASE-00127473 |
| Browar v. Paul Hardeman, 183 Cal. App. 2d 708 | 13+65 | Plaintiff's cause of action must exist at time he files his complaint, and rights of parties must be judged by conditions existing at time action is commenced. | Is it a must that a plaintiff's cause of action existed at the time he files his complaint? | 006129.docx | LEGALEASE-00128360-LEGALEASE-00128361 |
| Stocker v. Wells, 150 Neb. 51 | 13+65 | Relief ordinarily granted in equity is such as nature of case, the law, and facts demand, not at beginning of litigation, but at time decree is entered. R.S.1943, S 25-1925. | Is relief ordinarily granted in equity at the time a decree is entered? | 006146.docx | LEGALEASE-00128503-LEGALEASE-00128504 |
| Baldauf v. Nitze, 261 F. Supp. 167 | 34+1 | Congress, by virtue of article of Constitution governing powers of Congress, and the president, by virtue of article of Constitution governing his appointing power, have correlative powers to promulgate rules for governing and regulating armed forces. U.S.C.A.Const. art. 1, S 8; art. 2, S 2. | Do Congress and the president have correlative powers to promulgate rules for governing and regulating the armed forces? | Armed Forces - Memo 21 RK.docx | LEGALEASE-00018142-LEGALEASE-00018143 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harper v. Jones, 195 F.2d 705 | 34+1 | The President of the United States is authorized to make and publish regulations for government of army which shall be enforced and obeyed until altered or revoked by the same authority. 10 U.S.C.A. S 16. | Are the regulations made by the president for the government of the army to be enforced and obeyed until altered or revoked by the same authority? | 008326.docx | LEGALEASE-00128612-LEGALEASE-00128613 |
| Chicago & S. Air Lines v. Waterman S. S. Corp., 333 U.S. 103 | 34+1 | Congress may delegate large grants of its power over foreign commerce to the President, whereas the President also possesses in his own right certain such powers conferred by constitution on him as Commander in Chief and as the nations organ in foreign affairs. | Does the president possess powers conferred by the Constitution on him as Commander-in-Chief and the nation's organ in foreign affairs? | 008330.docx | LEGALEASE-00128616-LEGALEASE-00128617 |
| Wronke v. Marsh, 603 F. Supp. 407 | 34+2 | Where meaning of army regulation is in question, Army's own interpretation of its regulations must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation. | Should the Army's interpretation of its regulations be given controlling weight when the meaning of the army regulation is in question? | Armed Forces - Memo 46 RK.docx | ROSS-003300549-ROSS-003300550 |
| Dash v. Commanding Gen., Fort Jackson, S. C., 307 F. Supp. 849 | 34+28(1) | Within certain limits, military establishment has authority to restrict distribution of printed materials and holding of public discussion meetings on post, but right to restrict must be kept within reasonable bounds and courts may determine whether there is reasonable basis for restrictions. | Does the military have the authority to restrict distribution of printed materials? | 008359.docx | LEGALEASE-00128640-LEGALEASE-00128641 |
| Travelers Ins. Co. v. Joachim, 315 S.W.3d 860 | 307A+501 | A party has an absolute right to file a nonsuit, and a trial court is without discretion to refuse an order dismissing a case because of a nonsuit unless collateral matters remain. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a party have an absolute right to file a nonsuit? | Pretrial Procedure - Memo # 946 - C - SK.docx | ROSS-003299670-ROSS-003299672 |
| Patterson v. Allstate Ins. Co., 884 So. 2d 178 | 307A+501 | Until the line drawn by rule limiting right to voluntarily dismiss action is crossed, the plaintiff's right for a voluntary dismissal is absolute. West's F.S.A. RCP Rule 1.420(a). | "Until the line drawn by rule limiting right to voluntarily dismiss action is crossed, is the plaintiff's right to a voluntary dismissal absolute?" | 039509.docx | LEGALEASE-00128425-LEGALEASE-00128426 |
| Jones v. Aetna Cas. & Sur. Co., 26 Cal. App. 4th 1717 | 366+41(6) | Under doctrine of superior equities, pertaining to right of subrogation, burden is upon surety to establish its superior equity in seeking recovery against third party. | "Under the doctrine of superior equities, does the surety has the burden to establish its superior equity in seeking recovery against a third party?" | Subrogation - Memo # 1101 - C - SK.docx | ROSS-003286964-ROSS-003286965 |
| Lyons v. Pool Co. of Texas, 781 So. 2d 569 | 16+1.20(2) | Because federal law and Louisiana law conflicted regarding enforcement of contracts of indemnity and waivers of subrogation, Louisiana law could not apply to invalidate waiver of subrogation in time charter agreement, when claim for subrogation asserted by injured deckhand's employer/time charterer was governed by federal maritime law. LSA-R.S. 9:2780. | Does law prohibit waivers of subrogation? | Subrogation - Memo # 1032 - C - SHS.docx | ROSS-003286272-ROSS-003286274 |
| Kaf-Kaf v. Rodless Decorations, 90 N.Y.2d 654 | 217+3522 | While parties to agreement may waive their insurer's right of subrogation, waiver of subrogation clause cannot be enforced beyond scope of specific context in which it appears. | Can a waiver of subrogation provision be enforced beyond the scope what appears in a contract? | Subrogation - Memo # 1053 - C - NS.docx | ROSS-003286803-ROSS-003286805 |
| Viacom Int'l v. Midtown Realty Co., 193 A.D.2d 45 | 217+3522 | Waiver of subrogation provision in lease, which provided that lessee and building owner each "releases and waives all right of recovery against the other or any one claiming through or under each of them by way of subrogation," was limited to subrogation claims based on tort liability and did not encompass contract claims; thus, lessee's insurers were permitted to assert claim in subrogation based on building owner's breach of its contractual obligation to repair damaged leasehold improvements. | Is a waiver of subrogation provision in lease limited to subrogation claims based on tort liability and do not encompass contract claims? | Subrogation - Memo # 1094 - C - VP.docx | LEGALEASE-00018456-LEGALEASE-00018457 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ins. Co. of N. Am. v. Borsdorff Servs., 225 A.D.2d 494 | 217+3522 | Lease provisions stating agreement by landlord and tenant to obtain fire insurance policies with waiver of subrogation provisions barring action by insurers were valid and enforceable as allocation of risk provision, and, therefore, precluded subrogation action by insurer. | Are waiver of subrogation clauses valid and enforceable? | Subrogation - Memo # 1114 - C - ES.docx | ROSS-003317342-ROSS-003317344 |
| Ins. Co. of N. Am. v. Borsdorff Servs., 225 A.D.2d 494 | 217+3522 | Lease provisions stating agreement by landlord and tenant to obtain fire insurance policies with waiver of subrogation provisions barring action by insurers were valid and enforceable as allocation of risk provision, and, therefore, precluded subrogation action by insurer. | Are waiver of subrogation clauses valid and enforceable? | 043317.docx | LEGALEASE-00128120-LEGALEASE-00128122 |
| In re Flamingo 55, 378 B.R. 893 | 366+41(6) | Under California law, for purposes of applying the superior equities doctrine, the burden is upon the one seeking subrogation to establish its superior equity. | "Is the burden upon the one seeking subrogation to establish its superior equity, for purposes of applying the superior equities doctrine?" | Subrogation - Memo # 1145 - C - RY.docx | ROSS-003286996-ROSS-003286997 |
| Chase v. Ameriquest Mortg. Co., 155 N.H. 19 | 366+41(6) | In any subrogation case, the burden of proving entitlement is on the subrogee, which generally includes proof of the existence and applicability of equitable principles or contractual provisions as to subrogation and reimbursement. | "Is the burden of proving entitlement on the subrogee, in a subrogation case?" | Subrogation - Memo # 1146 - C - RY.docx | ROSS-003299779-ROSS-003299780 |
| State ex rel. O'Connor v. Clay Cty., 226 Iowa 885 | 13+63 | Public policy in some cases forbids the application of the doctrine of laches to the acts of an arm of the government through its representatives. | Does public policy forbid the application of the doctrine of laches to the acts of an arm of the government through its representatives? | 006175.docx | LEGALEASE-00128692-LEGALEASE-00128693 |
| Stone v. BankUnited, 115 So. 3d 411 | 266+1749 | Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder. West's F.S.A. S 673.3011. | Is a promissory note a negotiable instrument? | Bills and Notes - Memo 143 - RK.docx | ROSS-003300781-ROSS-003300782 |
| Crossan v. May, 68 Ind. 242 | 8.30E+72 | In order to place a note upon the footing of bills of exchange, it should show on its face that it is payable at or in a bank; and, unless it does so, averment and proof that the place named for payment is a bank, will not place the paper upon the footing of bills of exchange. | What is required for a note to be on the footing of bills of exchange? | 009339.docx | LEGALEASE-00128992-LEGALEASE-00128993 |
| Beckman v. Farmer, 579 A.2d 618 | 289+945 | In completing unfinished business for partnership's benefit, each partner remains accountable as fiduciary to former partners, and any diversion of benefits for former partner's own personal or professional gain is breach of fiduciary duty. | Can a partner take action with respect to unfinished partnership business for personal gain? | 022034.docx | LEGALEASE-00128960-LEGALEASE-00128961 |
| D & J v. Ferro Corp., 176 Cal. App. 3d 1191 | 307A+501 | Generally, a dismissal order by the court is considered to be involuntary while one entered at request of a party is voluntary; only the former requires a written order signed by the court. West's Ann.Cal.C.C.P. S 581(d). | Is a dismissal order by the court considered to be involuntary while one entered at the request of a party is voluntary? | Pretrial Proceedure - Memo # 1148 - C - TJ.docx | ROSS-003288399-ROSS-003288400 |
| Ex parte Nichols, 757 So. 2d 374 | 401+5.1 | If a complaint does not allege damage or harm to real estate or seek to affect the title to real estate, then real estate is not the subject matter of the action, for purposes of venue. Rules Civ.Proc., Rule 82(b)(1)(B). | Can real estate be the subject matter of the action if the complaint does not allege damage or harm to real estate? | Venue - Memo 100 - RK.docx | ROSS-003329027-ROSS-003329028 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Moore v. Dodge, 557 S.W.2d 594 | 401+5.1 | Courts have generally given strict construction to venue statute subdivision concerning lands, and have refused to apply the exception unless suit is clearly within one or more of four categories set out by such subdivision. Vernon's Ann.Civ.St. art. 1995, subd. 14. | How do the courts construe subdivision 14 of the mandatory venue statute? | Venue - Memo 110 - RK.docx | ROSS-003317648-ROSS-003317649 |
| 7 Utes Corp. v. Dist. Court In & For Eighth Judicial Dist. (Jackson Cty.), 702 P.2d 262 | 401+5.1 | An action affecting real property for venue purposes is one in which title, lien, injury, quality or possession is at issue. Rules Civ.Proc., Rule 98(a). | "Does an action affect real property if its title, lien, injury, quality or possession is at issue?" | Venue - Memo 119 - RK.docx | ROSS-003329037-ROSS-003329039 |
| Kennedy v. QVC Network, 43 Conn. App. 851 | 30+5 | Where nonparty is aggrieved by ruling made in context of on-going action, that person's remedy is by writ of error rather than appeal. | What remedy is available to a nonparty who is aggrieved by a ruling made in context of an on-going action? | Appeal and error - Memo 49 - RK.docx | ROSS-003300506-ROSS-003300507 |
| Glazer v. Lehman Bros., 394 F.3d 444 | 25T+134(3) | Even if there was fraudulent inducement to sign the contract as a whole, by the terms of the Federal Arbitration Act (FAA), the arbitration clause is severable and will only be voided for some error in its making. 9 U.S.C.A. SS 3, 4. | Are arbitration clauses severable if there is a fraudulent inducement to sign the contract? | 007324.docx | LEGALEASE-00129607-LEGALEASE-00129608 |
| Com. v. Harrison, 444 Pa. Super. 103 | 67+2 | Knowledge is not an element of crime of burglary, and thus, one defending against burglary charge would have no reason to establish that he believed his presence in building or occupied structure was privileged or licensed. 18 Pa.C.S.A. S 3502(a). | Is knowledge an element of burglary? | Burglary - Memo 55 - RK.docx | ROSS-003300192-ROSS-003300193 |
| People v. King, 80 N.E.3d 599 | 210+815 | The offense of residential burglary has an element that the offense of home invasion does not, and thus, residential burglary is not a lesser included offense of home invasion; the offense of residential burglary includes, at the moment of the unauthorized entry or the moment of the unauthorized remaining, an intent to commit therein a felony or theft. 720 Ill. Comp. Stat. Ann. 5/19-3(a), 5/19-6(a)(1). | Is residential burglary a lesser included offense of home invasion? | Burglary - Memo 67 - RK.docx | ROSS-003287256-ROSS-003287257 |
| Maryland Dep't of Transp. v. Maddalone, 187 Md. App. 549 | 92+1947 | The Elrod-Branti test for determining whether a termination of a public employee violated the employee's right to free speech under the First Amendment, implicated when a public employee is discharged allegedly for political patronage reasons, is a narrow and somewhat rigid one and is aptly applied only to a set of facts that, as a threshold matter, show political patronage as the sole motive of discharge. U.S.C.A. Const.Amend. 1. | Is the Elrod-Branti test a rigid one? | 013356.docx | LEGALEASE-00129675-LEGALEASE-00129676 |
| Prudential Ins. Co. of Am. v. Stack, 60 F.2d 830 | 307A+501 | In South Carolina, voluntary nonsuit should be granted, where nonsuit will not prejudice defendant or deny him some substantial right acquired in cause. | "Should a voluntary nonsuit be granted, where a nonsuit will not prejudice a defendant or deny him some substantial right acquired in a cause?" | 025539.docx | LEGALEASE-00129315-LEGALEASE-00129316 |
| Ham v. Park, 110 Ohio App. 3d 803 | 307A+501 | Provision of civil rule pertaining to voluntary dismissal is separate from, and not meant to be construed together with, portion of rule pertaining to involuntary dismissal. Rules Civ.Proc., Rule 41(A, B). | "Is the provision of a civil rule pertaining to a voluntary dismissal separate from, and not meant to be construed together with, a portion of a rule pertaining to involuntary dismissal?" | Pretrial Procedure - Memo # 1166 - C - BP.docx | LEGALEASE-00019377-LEGALEASE-00019378 |
| Baldwin v. Klanke, 877 S.W.2d 879 | 307A+501 | Granting of nonsuit is merely ministerial; plaintiff's right to nonsuit of its own action exists at moment motion is filed or oral motion is made in open court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a plaintiff's right to nonsuit of its own action exist at the moment that an action is filed? | 026195.docx | LEGALEASE-00129220-LEGALEASE-00129221 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Redfield v. United States, 27 Ct. Cl. 473 | 307A+501 | The claimant himself can not dismiss his own suit until he has discharged his attorney with permission of the court; and when he has wrongfully brought several actions for the same cause, he can not elect which one he will prosecute. | Can the claimant himself dismiss his own suit until he has discharged his attorney with permission of the court? | 026215.docx | LEGALEASE-00129319-LEGALEASE-00129320 |
| Koll v. Stanton-Pilger Drainage Dist., 207 Neb. 425 | 307A+506.1 | Plaintiff may dismiss action without prejudice as matter of right at any time before final submission of action. Neb.Rev.St. S 25-601. | "Can a plaintiff, as a matter of right, dismiss his action without prejudice at any time before its final submission?" | 026240.docx | LEGALEASE-00129241-LEGALEASE-00129242 |
| Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, 7 F.3d 1110 | 25T+141 | Because principal is bound under terms of valid arbitration clause, its agents, employees, and representatives are also covered. | "When a principal is bound under the terms of a valid arbitration clause in a contract, are its agents, employees and representatives covered under such agreement?" | 007352.docx | LEGALEASE-00130209-LEGALEASE-00130211 |
| Am. Bureau of Shipping v. Tencara Shipyard S.P.A., 170 F.3d 349 | 25T+141 | Party is estopped from denying its obligation to arbitrate when it receives a direct benefit from a contract containing an arbitration clause. | Is a party estopped from denying its obligation to arbitrate when itreceives a direct benefit from a contract containing an arbitration clause? | Alternative Dispute Resolution - Memo 517 - RK.docx | LEGALEASE-00019573-LEGALEASE-00019575 |
| Kotche v. Cty. Bd. of Winnebago Cty., 87 Ill. App. 3d 1127 | 79+6 | Actions of county board in controlling hiring and firing and conditions of employment of employees of clerk of circuit court were not within the board's budgetary and statutory authority. S.H.A. ch. 25, SS 9, 27.3; ch. 34, S 432. | "Are county boards empowered to control the hiring, firing, promotion, or compensation of deputy clerks hired by the circuit court?" | 013386.docx | LEGALEASE-00130193-LEGALEASE-00130194 |
| Frear v. Lewis, 201 A.D. 660 | 307A+510 | Though as a general rule the party commencing an action may discontinue as of right, regardless of his reasons therefor, the right to discontinue is not absolute; but it is necessary to obtain the consent and order of the court permitting a discontinuance, and the court can prevent the consummation of a scheme to defraud by means of such discontinuance. | Is the right to discontinue absolute and it is necessary to obtain the consent and order of the court permitting a discontinuance? | 026100.docx | LEGALEASE-00130127-LEGALEASE-00130128 |
| State ex rel. Oklahoma Bar Ass'n v. Busch, 1998 OK 103 | 307A+747.1 | A well-crafted pretrial order makes specific the legal theories on which each party is proceeding and crystallizes the issues to be tried. | Does a well-crafted pretrial order make specific the legal theories on which each party is proceeding? | 026574.docx | LEGALEASE-00129942-LEGALEASE-00129943 |
| Nantahala Power & Light Co. v. Whiting Mfg. Co., 209 N.C. 560 | 307A+517.1 | At common law, a voluntary nonsuit was an abandonment of the cause by plaintiff, who allowed judgment for costs to be entered against him by absenting himself or failing to answer when called upon to hear the verdict. | "What is referred to as a ""voluntary nonsuit"" under the law?" | 026588.docx | LEGALEASE-00129897-LEGALEASE-00129898 |
| White v. Nance, 16 Ala. 345 | 307A+501 | The plaintiff in an action of ejectment or trespass to try the title may dismiss the suit whenever he thinks proper, and the fact that the beneficial interest in such suit is in another cannot affect his right to do so. | Can the plaintiff in an action of ejectment or trespass to try the title dismiss the suit whenever he thinks proper? | 026611.docx | LEGALEASE-00130028-LEGALEASE-00130029 |
| TC/Am. Monorail v. Custom Conveyor Corp., 822 N.W.2d 812 | 30+3208 | The district court has broad discretion to amend scheduling-order deadlines, and appellate court reviews its decision for an abuse of discretion. | "Does a district court have broad discretion to amend scheduling-order deadlines, and appellate courts review its decision for an abuse of discretion?" | 026687.docx | LEGALEASE-00129970-LEGALEASE-00129971 |
| Schowalter v. Washington Mut. Bank, 275 Ga. App. 182 | 307A+742.1 | Purpose of the pretrial order is to determine which of the claims pleaded will actually be tried; claims, issues, and evidence are limited by the order, and the course of the action is thereby narrowed to expedite the proceeding. | What is the purpose and course of action of a pre-trial order? | 026742.docx | LEGALEASE-00130255-LEGALEASE-00130256 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown v. Brown, 110 Me. 280 | 307A+742.1 | Pretrial conferences are intended to help facilitate an orderly presentation of issues for trial and to aid the court and the parties with scheduling matters such as deadlines for adding parties, amending pleadings, and conducting discovery. (Per Crawley, J., with one Judge concurring and two Judges concurring in the result.) Rules Civ.Proc., Rule 16. | What is the intention of a pre-trial conference? | Pretrial Procedure - Memo # 1646 - C - PB.docx | ROSS-003286263-ROSS-003286265 |
| Gunter v. Mersereau, 7 Or. App. 470 | 413+1 | Motivating philosophy behind workmen's compensation acts is that loss arising from accidents in industry should be distributed between employer and consumer as cost of production. ORS 656.001 et seq. | What is the motivating philosophy behind workmens compensation acts? | 047833.docx | LEGALEASE-00130152-LEGALEASE-00130153 |
| Inetianbor v. CashCall, 768 F.3d 1346 | 25T+137 | It falls on courts and arbitrators to give effect to contractual limitations, in arbitration agreements, and when doing so, courts and arbitrators must not lose sight of the purpose of the exercise: to give effect to the intent of the parties. 9 U.S.C.A. S 4. | Do courts and arbitrators give effect to contractual limitations? | 007423.docx | LEGALEASE-00131384-LEGALEASE-00131385 |
| United States v. Alfisi, 308 F.3d 144 | 63+1(1) | The "corrupt" intent necessary to a bribery conviction is in the nature of a quid pro quo requirement; that is, there must be a specific intent to give something of value in exchange for an official act. 18 U.S.C.A. S 201(b)(1)(A). | Does the briber statute require specific intent? | 011097.docx | LEGALEASE-00130543-LEGALEASE-00130545 |
| Hardwick v. State, 16 So. 3d 1045 | 67+12 | A conviction for possession of burglary tools requires proof that the defendant used or intended to use the tools in the course of unlawfully entering the premises of another, which is not satisfied by proof that the defendant intended to use the tools to commit an offense after entering the premises. | Does the crime of possession of burglary tools require intent to use them? | 013272.docx | LEGALEASE-00131337-LEGALEASE-00131338 |
| Hobby v. State, 480 S.W.2d 554 | 67+7 | Specific ownership of building is not an essential element which needs to be proved in prosecution for burglary; title, as far as law of burglary is concerned, follows possession and possession constitutes sufficient ownership as against burglar. | Is specific ownership of the building involved an essential element of burglary? | Burglary - Memo 86 - JK.docx | ROSS-003287463-ROSS-003287464 |
| Crawford Cty. v. Wisconsin Employment Relations Comm'n, 177 Wis. 2d 66 | 330+2.5 | Express powers of register of deeds and clerk of circuit court to appoint and discharge deputies are separate from those of county. W.S.A. 59.38(1), 59.50. | Are the powers of the register of deeds and the clerk of the circuit court to appoint and discharge clerks separate from those of the county? | 013525.docx | LEGALEASE-00131254-LEGALEASE-00131255 |
| Farmer v. Ben E. Keith Co., 886 S.W.2d 492 | 307A+501 | Plaintiff's right to abandon action exists at moment pleading seeking to abandon action is filed and any granting of abandonment or dismissal by trial court is merely ministerial. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a plaintiffs right to abandon an action exist at the moment a pleading seeking to abandon the action is filed? | 026082.docx | LEGALEASE-00130925-LEGALEASE-00130926 |
| Mission Mun. Hosp. v. Bryant, 563 S.W.2d 293 | 307A+742.1 | The purpose of a pretrial hearing is to aid the trial court in narrowing the issues and in disposing of other matters which may aid in the final disposition of the action; in a pretrial conference, the trial court may consider all dilatory pleas and all motions and exceptions relating to a suit pending, the necessity or desirability of amendments to the pleadings, the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof and such other matters as may aid in disposition of the action. Rules of Civil Procedure, rule 166. | What is the purpose of a pretrial hearing and what may a trial court consider to aid in disposition of the action? | 026458.docx | LEGALEASE-00131141-LEGALEASE-00131142 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Naughton v. Bankier, 114 Md. App. 641 | 307A+747.1 | Purpose of rule governing administrative scheduling orders is to maximize judicial efficiency and minimize judicial inefficiency. Md.Rule 2-504. | Is the purpose of a rule governing administrative scheduling orders to maximize judicial efficiency and minimize judicial inefficiency? | Pretrial Procedure - Memo # 1456 - C - PC.docx | ROSS-003286175-ROSS-003286176 |
| All. for Metro. Stability v. Metro. Council, 671 N.W.2d 905 | 307A+717.1 | Generally, continuances should be liberally granted, particularly if the party seeking a continuance had insufficient time to complete discovery. | "Should continuances be liberally granted, particularly if the party seeking a continuance had insufficient time to complete discovery?" | Pretrial Procedure - Memo # 1669 - C - SHS.docx | ROSS-003287185-ROSS-003287187 |
| In re Advanced Powder Sols., 496 S.W.3d 838 | 307A+331 | A person has a duty to preserve evidence only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | Is a defendant under a duty to preserve evidence which it knows or reasonably should know is relevant to the action? | Pretrial Procedure - Memo # 1692 - C - BP.docx | LEGALEASE-00020666-LEGALEASE-00020667 |
| Wenrich v. Employers Mut. Ins. Companies, 35 Kan. App. 2d 582 | 307A+749.1 | A pretrial order has the full force of other orders entered by the court and controls the subsequent course of litigation unless modified to prevent manifest injustice. K.S.A. 60-216(d). | Does a pretrial order have full force of other orders entered by the court? | Pretrial Procedure - Memo # 1716 - C - MS.docx | ROSS-003287723-ROSS-003287724 |
| SurgiJet v. Hicks, 236 Ga. App. 80 | 307A+717.1 | Trial court does not abuse its discretion in denying motion for continuance based upon absence of a witness, where movant fails to meet one of eight statutory requirements for granting continuance. O.C.G.A. S 9-10-160. | Should all applications for continuances based upon the absence of a witness shall set fortheight different requirements? | 026902.docx | LEGALEASE-00130564-LEGALEASE-00130565 |
| Segers v. State, 283 Ala. 694 | 110+596(1) | Denial of motion for continuance on ground that one of admitted participants in robbery was not present and he would testify that defendant did not participate in robbery was not abuse of discretion where testimony of this absent witness was cumulative to that of two other confessed participants in robbery that defendant was not present. | Is it an abuse of discretion to deny a continuance when an absent witness' testimony would be merely cumulative? | 026904.docx | LEGALEASE-00130569-LEGALEASE-00130570 |
| Hibbert v. Ransdell, 26 P.3d 721 | 307A+749.1 | In general, a pretrial order should supersede pleadings and control the future course of the action unless modified to prevent injustice. | Should a pretrial order supersede pleadings and control the future course of the action? | Pretrial Procedure - Memo # 1763 - C - PC.docx | ROSS-003301436-ROSS-003301437 |
| Cockrell v. Garton, 244 Neb. 359 | 307A+750 | Issues at trial will generally be limited to those specified in pretrial order and admission of evidence will be limited to issues thus established. | Will issues at trial generally be limited to those specified in pretrial order and will admission of evidence be limited to issues thus established? | 027020.docx | LEGALEASE-00130877-LEGALEASE-00130878 |
| Ex parte Goodyear Tire & Rubber Co., 248 S.C. 412 | 307A+331 | Inspection of a chattel does not involve the taking of testimony before trial, for which the statute allowing for discovery provides an exclusive remedy, nor does it involve questions and answers or verbal disclosures of any kind, and therefore discovery statute does not provide any remedy to obtain the inspection of a chattel. Code 1962, S 26-501. | Does an inspection of a chattel involve the taking of testimony before trial? | Pretrial Procedure - Memo # 2028 - C - SKG.docx | ROSS-003287855-ROSS-003287856 |
| Forman v. Fina Oil & Chem. Co., 858 S.W.2d 498 | 307A+717.1 | Mere compliance with rule governing motion for continuance on ground of want of testimony does not guarantee that continuance will be granted. Vernon's Ann.Texas Rules Civ.Proc., Rule 252. | Does a mere compliance with rule governing motion for continuance on the ground of want of testimony guarantee that a continuance will be granted? | 027383.docx | LEGALEASE-00130881-LEGALEASE-00130882 |
| Cotler v. Retail Credit Co., 18 A.D.2d 898 | 307A+93 | Plaintiffs may not secure an examination or discovery in order first to explore feasibility of framing a complaint. | Can plaintiffs secure an examination or discovery in order first to explore the feasibility of framing a complaint? | 027397.docx | LEGALEASE-00131122-LEGALEASE-00131124 |
| Davis v. Osinuga, 330 Ga. App. 278 | 307A+717.1 | Where any one of requirements of statute governing applications for continuances upon the ground of the absence of a witness is not met, there is no abuse of the trial court's discretion to deny a continuance. West's Ga.Code Ann. S 9-10-160. | "Where any one of requirements of statute governing applications for continuances, is not met, is there an abuse of the trial court's discretion to deny a continuance?" | 027505.docx | LEGALEASE-00130652-LEGALEASE-00130653 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Siegel v. Kepa Homes Corp., 2000 Mass. App. Div. 170 | 363+17(1) | Trial should be confined to the issues disclosed in a pretrial report, and the admissions or stipulations of counsel in pretrial conferences and memoranda are binding on the parties. Rules Civ.Proc., Rule 16, 43A M.G.L.A. | Are the admissions or stipulations of counsel in pretrial conferences and memoranda binding on the parties? | Pretrial Procedure - Memo # 2178 - C - AP.docx | LEGALEASE-00021030-LEGALEASE-00021031 |
| Linton v. Jones, 462 S.W.2d 636 | 30+3239 | Matter of granting or refusing a continuance is generally addressed to sound discretion of trial court, and an order of the trial court will not be disturbed on appeal unless there was an abuse of discretion. Rules of Civil Procedure, rules 251, 252. | Will an order granting or refusing the motion be disturbed on appeal? | Pretrial Procedure - Memo # 2186 - C - AP.docx | ROSS-003301397-ROSS-003301398 |
| City & Cty. of San Francisco v. Flying Dutchman Park, 122 Cal. App. 4th 74 | 371+2001 | A distinction is made between the taxation of real estate ownership on an ad valorem basis, and a tax on the use of that real property; a tax on the separate use of the property, known as an "excise tax," is permissible, and does not constitute double taxation. West's Ann.Cal. Const. Art. 13, S 1. | "Is there a distinction between the taxation of real estate ownership on an ad valorem basis, and a tax on the use of that real property?" | Taxation - Memo # 184 - C - SS.docx | ROSS-003286806-ROSS-003286807 |
| In re George, 361 F.3d 1157 | 371+2001 | "Tax" is a pecuniary burden laid upon individuals or property for the purpose of supporting the government, as distinguished from a "penalty," which is an exaction imposed by statute as punishment for an unlawful act. | How is a tax distinguished from a penalty? | 044760.docx | LEGALEASE-00130970-LEGALEASE-00130971 |
| Wright v. State Farm Mut. Auto. Ins. Co., 22 P.3d 744 | 399+1 | Individual suspected of loitering or prowling must be given an opportunity to explain and dispel any alarm or concern with respect to his presence and conduct, but the failure of a defendant to explain his presence and conduct cannot constitutionally be considered as a circumstance tending to establish a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. West's F.S.A. S 856.021(1). | Is a defendant required to explain his presence and conduct? | Vagrancy - Memo 13 - SB.docx | ROSS-003286915 |
| In re S.W. Bach & Co., 425 B.R. 78 | 25T+143 | Even with a broad form contractual arbitration clause, if claims present no questions in respect of parties' rights and obligations under contract, then they are outside purview of arbitration clause and are nonarbitrable. 9 U.S.C.A. S 1 et seq. | Can claims be arbitrable if they do not present questions in respect to the rights and obligations under the agreement? | 007460.docx | LEGALEASE-00132379-LEGALEASE-00132380 |
| McDonough v. Stackley, 245 F. Supp. 3d 1 | 34+5(8) | The court's role in reviewing the decision of a military board of correction is limited: it must determine only whether the Secretary's decision making process was deficient, not whether his decision was correct. | "In reviewing decisions of the Secretary of the Navy, should the courts consider whether the Secretary's decision making process was deficient or whether the decision was correct?" | Armed Services - Memo 62 - RK.docx | ROSS-003300761-ROSS-003300762 |
| United States v. Rosario, 558 F. Supp. 2d 723 | 349+25.1 | Constitutional protections, including protections against unreasonable searches and seizures, apply to members of the active military just as they do to any other citizen. U.S.C.A. Const.Amend. 4. | "Do constitutional protections, including protections against unreasonable searches and seizures, apply to members of the active military?" | 008925.docx | LEGALEASE-00132445-LEGALEASE-00132446 |
| United States v. Rendon, 607 F.3d 982 | 34+5(1) | The Fourth Amendment protects members of the armed services from unreasonable searches and seizures, albeit with different standards than those that apply in the civilian context. U.S.C.A. Const.Amend. 4. | "Do constitutional protections, including protections against unreasonable searches and seizures, apply to members of the active military?" | Armed Services - Memo 73 - RK.docx | LEGALEASE-00021368-LEGALEASE-00021369 |
| Boone v. United States, 53 Fed. Cl. 731 | 34+5(1) | Rights and benefits of a member of the military services, including pay and allowances, are defined by statute, and thus common-law rules governing private contracts have no place in the area of military pay. | Do common-law employment and contract principles apply to military members? | 008927.docx | LEGALEASE-00132449-LEGALEASE-00132450 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Dean, 647 F.2d 779 | 63+10 | Although evidence of financial losses in defendant's business would have probative value in establishing his motive for alleged bribery, whether to admit defendant's income tax returns in prosecution under Racketeer Influenced and Corrupt Organizations Act was for trial judge's discretion, considering whether government could establish financial condition without using tax returns, such as through corporation's bank records or books, and whether tax return was an accurate reflection of the business' actual financial condition. 18 U.S.C.A. SS 1962(c), 1963. | Does evidence of financial losses in business have probative value in establishing a motive for an alleged bribery? | Bribery - Memo #107 - C - LB.docx | ROSS-003286656-ROSS-003286657 |
| People v. Wilson, 11 Cal. App. 4th 1483 | 67+6 | "Inhabited dwelling house," within meaning of statute elevating crime of burglary to first degree when burglary is of "inhabited dwelling house," must be defined as person's actual place of abode, regardless of material of which it is built. West's Ann.Cal.Penal Code S 460(a). | What is an inhabited dwelling in the context of burglary? | Burglary - Memo 69 - RK.docx | LEGALEASE-00021472-LEGALEASE-00021473 |
| Monaco v. New York Univ. Med. Ctr., 213 A.D.2d 167 | 302+233.1 | While leave to amend should be freely granted, such leave should be denied where proposed pleading fails to state cause of action. McKinney's CPLR 3025(b). | Will leave to amend be denied where the pleading fails to state a cause of action? | 023210.docx | LEGALEASE-00131785-LEGALEASE-00131786 |
| Arndt v. First Union Nat. Bank, 170 N.C. App. 518 | 307A+331 | The obligation to preserve evidence may arise prior to the filing of a complaint where the opposing party is on notice that litigation is likely to be commenced, and the evidence lost must be pertinent and potentially supportive of plaintiff's allegations. | Does the obligation to preserve evidence arise prior to the filing of a complaint? | Pretrial Procedure - Memo # 1980 - C - SHB.docx | ROSS-003288055-ROSS-003288056 |
| Bob Eldridge Const. Co. v. Pioneer Materials, 235 Kan. 599 | 307A+749.1 | Pursuant to statute, trial court's pretrial order amends pleadings, and no other document need be filed to accomplish amendment. Rules Civ.Proc., K.S.A. 60-216. | Will a trial court's pretrial order amend the pleadings and no other document need to be filed? | Pretrial Procedure - Memo # 2196 - C - DA.docx | ROSS-003301615-ROSS-003301616 |
| Aerojet-Gen. Corp. v. Commercial Union Ins. Co., 155 Cal. App. 4th 132 | 307A+517.1 | Common law retraxit, i.e., a voluntary renunciation by plaintiff in open court of his suit and cause thereof by which plaintiff forever lost his action, is now accomplished by a dismissal with prejudice. | Is common law retraxit now accomplished by a dismissal with prejudice? | Pretrial Procedure - Memo # 2220 - C - KA.docx | ROSS-003286524-ROSS-003286525 |
| Metro. Transit Sys. v. Barnette, 115 Ga. App. 17 | 307A+749.1 | Pretrial order limiting issues for trial controls subsequent course of action unless modified at trial. Code, S 81-1014. | "Does a pretrial order, limiting issues for trial, controls the subsequent course of action unless modified at trial?" | Pretrial Procedure - Memo # 2238 - C - SKG.docx | ROSS-003288152-ROSS-003288153 |
| Ward v. Theret, 346 S.W.3d 672 | 307A+512 | A non-suit extinguishes a case or controversy from the moment the motion is filed, or an oral motion is made in open court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a non-suit extinguish a case from the moment the motion is filed or an oral motion is made in open court? | Pretrial Procedure - Memo # 2246 - C - SKG.docx | LEGALEASE-00021783-LEGALEASE-00021784 |
| Dye, v. Missouri Dep't of Soc. Servs., 476 S.W.3d 359 | 307A+517.1 | A voluntary dismissal is effective on the date it is filed with the court; consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action. Mo. Sup. Ct. R. 67.02(a). | Do a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action? | Pretrial Procedure - Memo # 2339 - C - KG.docx | ROSS-003328471-ROSS-003328472 |
| Palace Expl. Co. v. Petroleum Dev. Co., 316 F.3d 1110 | 170A+1922 | Purpose of rule providing that a pretrial order controls subsequent course of the action unless changed by a subsequent order is to avoid surprise, not foment it. Fed.Rules Civ.Proc.Rule 16, 28 U.S.C.A. | "Does a pretrial order set up contentions of the parties and is deemed to control subsequent course of case, unless modified at or before trial?" | 027804.docx | LEGALEASE-00131713-LEGALEASE-00131714 |
| State ex rel. Hummel v. Sadler, 771 N.E.2d 853 | 307A+517.1 | Despite a voluntary dismissal, a trial court may consider certain collateral issues not related to the merits of the action. Rules Civ.Proc., Rule 41(A)(1). | Can trial courts consider collateral issues like criminal contempt and sanctions despite a voluntary dismissal? | 027869.docx | LEGALEASE-00132309-LEGALEASE-00132310 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S. Pac. Co. v. Loden, 19 Ariz. App. 460 | 307A+749.1 | After pretrial order is issued, it controls subsequent course of the litigation unless modified at trial, and issues are limited by the pretrial order. | "After a pretrial order is issued, does it control a subsequent course of the litigation unless modified at trial, and issues are limited by the pretrial order?" | Pretrial Procedure - Memo # 2388 - C - KS.docx | ROSS-003300067-ROSS-003300068 |
| Sicaras v. City of Hartford, 44 Conn. App. 771 | 307A+517.1 | Effect of plaintiff's withdrawal of action, so far as pendency of action is concerned, is strictly analogous to that presented after rendition of final judgment or erasure of case from docket. C.G.S.A. § 52-80. | Is the withdrawal of an action analogous to a final judgment? | 027912.docx | LEGALEASE-00132288-LEGALEASE-00132289 |
| Sandoval v. Daniels, 532 P.2d 759 | 307A+749.1 | Where record does not contain objection by plaintiffs' counsel to pretrial order, such pretrial order has force and effect of stipulation of parties. | "Where a record does not contain objection by a plaintiffs' counsel to pretrial order, does such pretrial order have force and effect of stipulation of parties?" | Pretrial Procedure - Memo # 2526 - C - SB.docx | ROSS-003328752-ROSS-003328753 |
| Orbison v. Welsh, 242 Ind. 385 | 371+2750 | The payment of a tax is compulsory and not optional, and it entitles taxpayer to receive nothing in return, other than rights of government which are enjoyed by all citizens alike. | Does a tax entitle the taxpayer to the the rights of government which are enjoyed by all citizens? | 044659.docx | LEGALEASE-00131580-LEGALEASE-00131581 |
| 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2001 | Traditionally, differences between assessment and tax include: assessment supports local improvements, while tax finances general operations; assessment is one-time charge, while tax is annual; and assessment requires that benefit be direct, while tax requires no such direct benefit. | What do differences between assessment and tax include? | Taxation - Memo # 143 - C - KBM.docx | ROSS-003301692-ROSS-003301693 |
| Sanford v. Walther., 467 S.W.3d 139 | 371+2763 | Taxes and interest on tax delinquencies are not the same, for purposes of reviewing illegal exaction claims, in that taxes are enforced contributions exacted pursuant to statutory authority, whereas interest is a charge for the use of tax money that the government was deprived of using due to late payment. | Are interests on tax delinquencies a charge for the use of tax money that the government was deprived of using due to late payment? | 044681.docx | LEGALEASE-00131648-LEGALEASE-00131649 |
| Sheehan v. Cent. Puget Sound Reg'l Transit Auth., 155 Wash. 2d 790 | 371+2061 | Motor vehicle excise taxes (MVETs), which were levied and collected annually at registration by regional transit and city monorail authorities, were valid excise taxes, not prohibited property or ad valorem taxes; although calculated as percentage of vehicle value, MVETs were levied upon privilege of relicensing vehicle for use on public roadways. West's RCWA 35.95A.080, 82.44.130, 84.36.595(2); West's RCWA 81.104.160(1) (1997). | "Is a tax on motor vehicle a ""property tax"" or an ""excise tax""?" | Taxation - Memo # 210 - C - KI.docx | ROSS-003287732-ROSS-003287734 |
| Gross v. Ocean Twp., 184 N.J. Super. 144 | 371+2001 | Essential characteristic of a tax is a compulsory contribution to the support of government, imposed upon individuals or property pursuant to legislative authority. | Is tax imposed on individuals or property pursuant to a legislative authority? | 044842.docx | LEGALEASE-00131624-LEGALEASE-00131625 |
| Chicago & N. W. Transp. Co. v. Webster Cty. Bd. of Sup'rs, 880 F. Supp. 1290 | 371+2001 | "Tax" enacted pursuant to legislative authority to raise revenue from similarly situated persons for the benefit of the public. | Is tax enacted to raise revenue from similarly situated persons for the benefit of the public? | Taxation - Memo # 273 - C - SS.docx | ROSS-003304065-ROSS-003304066 |
| Opinion of the Justices to the House of Representatives, 393 Mass. 1209 | 371+2001 | To determine whether a monetary exaction to be imposed is a tax, Supreme Judicial Court looks to proposed operation of the exaction. | "Does the Supreme Judicial Court look to proposed operation of the exaction, to determine whether a monetary exaction to be imposed is a tax?" | 044938.docx | LEGALEASE-00131996-LEGALEASE-00131997 |
| United States v. Hines, 541 F.3d 833 | 63+1(1) | No connection is required between federal funds and the activity that constitutes a violation of statute prohibiting accepting of bribes concerning program receiving federal funds. 18 U.S.C.A. § 666(a, b). | Does the statute prohibiting accepting of bribes concerning program receiving federal funds require a connection between federal funds and the activity that constitutes a violation? | Bribery - Memo #131 - C - CSS.docx | ROSS-003300616-ROSS-003300617 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gottesman v. Toubin, 353 S.W.2d 294 | 289+760 | Generally, partnership fund is not subject to garnishment for individual debt of member of firm, especially where firm's assets are insufficient to satisfy its debts. | Is a partnership fund subject to garnishment for the individual debt of a member of the firm? | Partnership - Memo 260 - RK.docx | ROSS-003290644-ROSS-003290645 |
| Cook v. Peacock, 154 S.W.2d 688 | 289+568(3) | A managing partner is bound to keep an accurate account of his transactions with or for the partnership, and, if he fails to keep such account, all doubts respecting particular items will ordinarily be resolved against him on an accounting. | Do managing partners have a duty to keep accurate books of account of all transactions relating to partnership affairs? | 022179.docx | LEGALEASE-00133580-LEGALEASE-00133581 |
| DiSanto v. City of Warrenville, 59 Ill. App. 3d 931 | 184+50 | General conclusions of fraud are not sufficient in a pleading and fraud is never presumed but must be shown by allegation of facts from which fraud is a necessary or probable inference. | "Must fraud be shown by allegation of facts, and never presumed?" | Pleading - Memo 275 - RMM.docx | ROSS-003287624-ROSS-003287625 |
| Fahrbach v. Diamond Shamrock, 1996-NMSC-063, 24, 122 N.M. 543 | 307A+750 | Pretrial order narrows issues for trial, reveals parties' real contentions, and eliminates unfair surprise. | Does a Pretrial order narrow issues for trial and reveal parties' real contentions? | Pretrial Procedure - Memo # 1900 - C - VP.docx | ROSS-003286400-ROSS-003286402 |
| King v. Thompkins, 186 Ga. App. 12 | 307A+749.1 | Pretrial order controls subsequent course of action unless modified at trial to prevent manifest injustice; if claim or issue is omitted from pretrial order, it is waived. O.C.G.A. S 9-11-16(b). | Is an issue not raised in pretrial order treated as waived? | Pretrial Procedure - Memo # 1908 - C - SJ.docx | LEGALEASE-00022745-LEGALEASE-00022746 |
| Clark v. Sipple, 10 Del. Ch. 51 | 307A+331 | The production of a document in the possession of an adverse party cannot be compelled by a subpoena duces tecum, any more in equity than at law. | "Can the production of a document in the possession of an adverse party be compelled by a subpoena duces tecum, any more in equity than at law?" | 027207.docx | LEGALEASE-00133132-LEGALEASE-00133133 |
| Pleasant v. Pleasant, 97 Md. App. 711 | 307A+331 | If documents are within control of party upon whom request is made for production of documents, that party must obtain and produce those documents. | "If documents are within control of a party upon whom request is made for production of documents, can that party obtain and produce those documents?" | Pretrial Procedure - Memo # 1954 - C - VA.docx | ROSS-003287314-ROSS-003287315 |
| Epps v. Fowler, 351 S.W.3d 862 | 307A+517.1 | A nonsuit does not affect any pending claim for affirmative relief or motion for attorney's fees or sanctions. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit affect any pending claim for affirmative relief or motion for attorney's fees or sanctions? | 027932.docx | LEGALEASE-00132929-LEGALEASE-00132930 |
| Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | When a nonsuit is filed while a matter was pending on interlocutory appeal from a pretrial plea to the jurisdiction, the nonsuit extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court; the only requirement is the mere filing of the motion with the clerk of the court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Is a non-suit effective from the moment the motion is filed, or an oral motion is made in open court?" | 028057.docx | LEGALEASE-00133405-LEGALEASE-00133407 |
| Antisdel v. Ashby, 279 Va. 42 | 307A+501 | Defendant is not limited in a new action to raising only the defenses asserted in a previously nonsuited action; new action stands independently of any prior nonsuited action. | Is a defendant limited in a new action to raising only the defenses asserted in a previously nonsuited action? | Pretrial Procedure - Memo # 2508 - C - RY.docx | ROSS-003288285-ROSS-003288286 |
| K. King & G. Shuler Corp. v. King, 259 Cal. App. 2d 383 | 307A+749.1 | If pleadings and pre-trial order are ambiguous but issue is litigated, parties cannot thereafter claim that the issue was outside issues of case. | "If pleadings and pre-trial order are ambiguous but issue is litigated, can parties thereafter claim that the issue was outside issues of case?" | Pretrial Procedure - Memo # 2548 - C - ES.docx | ROSS-003300119-ROSS-003300120 |
| Golden Valley Disposal v. Jenkins Diesel Power, 183 S.W.3d 635 | 307A+517.1 | A voluntary dismissal is effective upon filing and divests the trial court of jurisdiction over the case; consequently, any action taken by a trial court after a case is voluntarily dismissed is a nullity. V.A.M.R. 67.02. | Is a voluntary dismissal effective upon filing and divests the trial court of jurisdiction over the case? | Pretrial Procedure - Memo # 2553 - C - NS.docx | ROSS-003328768-ROSS-003328769 |
| Riley v. Med. Coll. of Ohio Hosp., 83 Ohio App. 3d 139 | 307A+517.1 | In order for dismissal to operate as adjudication upon merits, within meaning of double dismissal rule, dismissal must have been voluntary action made solely by plaintiff. Rules Civ.Proc., Rule 41(A)(1). | "In order for a dismissal to operate as adjudication upon merits, should a dismissal be a voluntary action made solely by a plaintiff?" | 028376.docx | LEGALEASE-00132758-LEGALEASE-00132759 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| D'Last Corp. v. Ugent, 288 Ill. App. 3d 216 | 307A+517.1 | For purposes of statute permitting single refiling of action after voluntary dismissal, complaint constitutes a "refiling" of dismissed complaint if it contains the same cause of action as defined by res judicata principles. S.H.A. 735 ILCS 5/13-217. | "Does a complaint constitute a ""refiling"" of dismissed complaint if it contains the same cause of action as defined by res judicata principles?" | Pretrial Procedure - Memo # 2817 - C - SJ.docx | ROSS-003287628-ROSS-003287629 |
| The Maskinonge, 63 F.2d 311 | 386+8 | Doctrine of trespass ab initio applies only where officer taking citizen's property under authority of law abuses authority. | Can the doctrine of trespass ab initio apply when the officer taking citizen's property under authority of law abuses the authority? | 047338.docx | LEGALEASE-00133432-LEGALEASE-00133433 |
| Parletto v. Indus. Comm'n, 140 Ohio St. 12 | 413+1 | The sole issue in a compensation proceeding is right of claimant to participate or to continue to participate in state insurance fund. Gen.Code, S 1465-90. | Is the sole issue in a workers compensation proceeding whether the claimant has a right to participate or to continue to participate in a state insurance fund? | 047957.docx | LEGALEASE-00133372-LEGALEASE-00133373 |
| Khalsa v. Weinberger, 779 F.2d 1393 | 34+3(1) | Doctrine of limited reviewability of certain military regulations and decisions is matter of justiciability, analogous to political-questions doctrine. | "Is the doctrine of limited reviewability of certain military regulations and decisions a matter of justiciability, analogous to the political-questions doctrine?" | 008371.docx | LEGALEASE-00133684-LEGALEASE-00133685 |
| Kise v. Dep't of Military, 574 Pa. 528 | 259+3 | The National Guard is a state agency, under state control, and available for state service, yet also is an organization that is provided for by federal law, part of the armed services the United States, and subject to being called into federal service at any time. | Is the National Guard a component of the Army? | 008394.docx | LEGALEASE-00133792-LEGALEASE-00133793 |
| Boone v. United States, 53 Fed. Cl. 731 | 34+5(1) | Rights and benefits of a member of the military services, including pay and allowances, are defined by statute, and thus common-law rules governing private contracts have no place in the area of military pay. | Is employment of members of the military branches governed by contract? | 008410.docx | LEGALEASE-00133816-LEGALEASE-00133817 |
| Moehl v. United States, 29 Fed. Cl. 249 | 34+5(1) | Military service is not governed by contract principles, absent specific authorization; military member's right to pay and allowances is governed by statute and regulation. | "Are the rights and benefits of a member of military services, including pay and allowances defined by the statute?" | 008417.docx | LEGALEASE-00133824-LEGALEASE-00133825 |
| Hanson v. Wyatt, 552 F.3d 1148 | 34+5(3) | To be reinstated as an officer of the Army National Guard, an officer must pursue remedies both within the Army National Guard of the United States and within the Army National Guard of his state. 10 U.S.C.A. S 12213(b). | "To be reinstated as an officer of the Army National Guard, should an officer pursue remedies both within the Army National Guard of the United States and within the Army National Guard of his state?" | 008457.docx | LEGALEASE-00134135-LEGALEASE-00134136 |
| Lynn v. United States, 58 Fed. Cl. 797 | 34+5(3) | An otherwise voluntary resignation from the military is rendered involuntary if it results from misrepresentation or deception on the part of government officers. | Is a resignation or retirement of a military official voluntary if it results from misrepresentation or deception on the part of government officers? | Armed Services - Memo 144 - JS.docx | LEGALEASE-00023794-LEGALEASE-00023795 |
| Jackson v. Lancaster, 213 Ala. 97 | 83E+413 | Indorsement of note by one other than payee or holder, whether before or after delivery, must be supported by consideration, and, if it is subsequent to delivery, new consideration is necessary, unless made pursuant to prior agreement. | Should an indorsement be supported by a consideration? | 009458.docx | LEGALEASE-00134228-LEGALEASE-00134229 |
| Washington Loan & Tr. Co. v. United States, 134 F.2d 59 | 83E+503 | Where signature of payee of check is forged, it is inoperative and gives no right to enforce payment unless the party against whom writ is sought to enforce the right is precluded from setting up the forgery. D.C.Code 1940, S 28-124. | When a signature is forged will it give any right to enforce payment? | 009480.docx | LEGALEASE-00134528-LEGALEASE-00134529 |
| State v. Walker, 130 S.W.3d 18 | 110+37(1) | As a general rule, entrapment as a matter of law is established where defendant raises substantial and reasonable defense of entrapment which makes it patently clear that he was entrapped, and where the state has done nothing to rebut the defense. | What must the defendant show to raise the issue of entrapment? | 011274.docx | LEGALEASE-00134386-LEGALEASE-00134387 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wackeen v. Malis, 97 Cal. App. 4th 429 | 307A+517.1 | When there is a voluntary dismissal of an entire action, the court's jurisdiction over the parties and subject matter terminates; in contrast, a dismissal by only some of the plaintiffs means the court is not divested of subject matter jurisdiction and the suit continues. | Does a dismissal by only some of the plaintiffs mean the court is not divested of subject matter jurisdiction and the suit continues? | Pretrial Procedure - Memo # 2714 - C - PC.docx | ROSS-003289513-ROSS-003289514 |
| Rozek v. Christen, 153 Colo. 597 | 307A+61 | Statutory provisions for taking of depositions are generally considered in derogation of common law, and, although they are to be liberally construed, such statutes must be strictly or substantially complied with. Rules of Civil Procedure, rules 26, 27. | Should statutes respecting the taking of depositions be substantially complied with? | 028708.docx | LEGALEASE-00134133-LEGALEASE-00134134 |
| Bourg Dry Dock & Serv. Co. v. Lombas Industries, 393 So. 2d 203 | 307A+749.1 | Pretrial order controls subsequent course of action unless modified at trial to prevent manifest injustice; much discretion is left to trial judge in this matter. | Issue: Does a pretrial order controlled course of action unless modified to prevent manifest injustice? | Pretrial Procedure - Memo # 2986 - C - AP.docx | LEGALEASE-00024237-LEGALEASE-00024238 |
| Approximately $14,980.00 v. State, 261 S.W.3d 182 | 307A+486 | The decision to allow or deny the withdrawal of deemed admissions lies within the broad discretion of the trial court. | Does a trial court have broad discretion to allow or deny the withdrawal of deemed admissions? | Pretrial Procedure - Memo # 2992 - C - AP.docx | ROSS-003303836-ROSS-003303837 |
| Barnes v. Clarkson, 2008 UT App 44 | 307A+486 | Judicial discretion to allow withdrawal or amendment of admissions is permitted only after certain preliminary conditions set forth in discovery rule have been met. Rules Civ.Proc., Rule 36(b). | Is judicial discretion to allow withdrawal or amendment of admissions permitted only after certain preliminary conditions have been met? | 028840.docx | LEGALEASE-00134477-LEGALEASE-00134478 |
| Langeland v. Monarch Motors, 952 P.2d 1058 | 307A+486 | Mere necessity of proving matters formerly admitted does not constitute prejudice precluding amendment or withdrawal of answers to requests for admission; test is whether other party is now any less able to obtain the evidence required to prove the matter which was admitted than he would have been at the time the admission was made. Rules Civ.Proc., Rule 36(a). | What is the test to determine whether a party will be prejudiced by the withdrawal of an admission? | Pretrial Procedure - Memo # 3066 - C - PC.docx | LEGALEASE-00024386-LEGALEASE-00024387 |
| Langeland v. Monarch Motors, 952 P.2d 1058 | 307A+486 | Mere necessity of proving matters formerly admitted does not constitute prejudice precluding amendment or withdrawal of answers to requests for admission; test is whether other party is now any less able to obtain the evidence required to prove the matter which was admitted than he would have been at the time the admission was made. Rules Civ.Proc., Rule 36(a). | What is the test to determine whether a party will be prejudiced by the withdrawal of an admission? | 028975.docx | LEGALEASE-00134724-LEGALEASE-00134725 |
| Corby v. Swank, 670 N.E.2d 1322 | 307A+486 | "Prejudice" from withdrawal of admission obtained by request for admissions does not mean that party who has obtained admission will lose benefit of it; rather, it means that party has suffered detriment in preparation of case. Trial Procedure Rule 36(B). | Does prejudice from withdrawal of admission obtained by request for admissions mean that a party who has obtained admission will lose benefit of it? | Pretrial Procedure - Memo # 3125 - C - MS.docx | ROSS-003290839-ROSS-003290840 |
| Winship v. Garguillo, 754 S.W.2d 360 | 34+34.5(5) | Failure by party who had filed application to have default judgment vacated pursuant to terms of Soldiers' and Sailors' Civil Relief Act, to answer opposing party's request for admissions, resulted in unanswered requests being deemed admitted without necessity of court order, and any matter thus admitted was preclusively established as being true. Soldiers' and Sailors' Civil Relief Act of 1940, S 200(4), 50 U.S.C.A.App. S 520(4); Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Upon failure to answer request to admit or deny genuineness of certain facts, are facts therein automatically deemed admitted?" | Pretrial Procedure - Memo # 3142 - C - VP.docx | ROSS-003291674-ROSS-003291675 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hampton v. City of Wichita, 192 Kan. 534 | 371+2001 | Tax is not "debt" and civil action will not lie for its recovery except where statute especially confers right to bring such action or where it impliedly confers such right by omitting all mention of any method for collection of tax. | Will a civil action lie for the recovery of a tax? | Taxation - Memo # 367 - C - SS.docx | ROSS-003291810-ROSS-003291811 |
| Bickett v. Countrymark Energy Res., 250 F. Supp. 3d 309 | 386+14 | A party seeking relief for negligent trespass under Kentucky law must show both a negligent act or omission and legally cognizable damages; consequently, without damages, there is no ripened claim. | What must a party seeking relief show for negligent trespass? | 047349.docx | LEGALEASE-00134754-LEGALEASE-00134755 |
| Town of Islip v. Datre, 245 F. Supp. 3d 397 | 386+10 | Under New York law, "trespass" is interference with person's right to possession of real property either by unlawful act or lawful act performed in unlawful manner. | Can trespass be committed by performing a lawful act in an unlawful manner? | 047352.docx | LEGALEASE-00134836-LEGALEASE-00134837 |
| United States v. Irwin, 354 F.2d 192 | 63+1(1) | Awarding of gifts related to a government employee's official acts is an evil in itself under statute even though donor does not corruptly intend to influence employee's official acts. 18 U.S.C.A. S 201(f). | Is the awarding of gifts related to an employee's official acts an evil in itself? | 011497.docx | LEGALEASE-00135845-LEGALEASE-00135846 |
| United States v. Allen, 10 F.3d 405 | 63+1(1) | Extortion under color of official right and bribery are really different sides of the same coin; extortion under color of official right equals the knowing receipt of bribes and it is extortion if the official knows that the bribe is motivated by a hope that it will influence him in the exercise of his office and if, knowing that, he accepts the bribe. | What is the relationship between extortion and bribery? | 011565.docx | LEGALEASE-00135303-LEGALEASE-00135304 |
| United States v. Muldoon, 931 F.2d 282 | 63+1(1) | Distinction between bribe and illegal gratuity is difference in intent of person who gives bribe; proof of bribery requires corrupt intent, which is not required to show illegal gratuity. 18 U.S.C.A. S 201(b), (b)(1)(A-C), (c); Fed.Rules Cr.Proc.Rule 31(c), 18 U.S.C.A. | How does the intent of the person who gives the bribe determine the conviction of bribery or illegal gratuity? | Bribery - Memo #479 - C - JL.docx | ROSS-003330969-ROSS-003330971 |
| Rosenthal v. Nat'l Terrazzo Tile & Marble, 742 S.W.2d 55 | 307A+486 | Trial court has broad discretion in permitting withdrawal of or amendment to admissions, and such ruling will be set aside only on showing of clear abuse of discretion. | Does a trial court have broad discretion to permit or deny the withdrawal of admissions? | 028767.docx | LEGALEASE-00135033-LEGALEASE-00135034 |
| K-Mart Corp. v. Key, 160 Ga. App. 413 | 307A+716 | Absence of defendant's counsel, without leave, to attend proceedings in other courts is no ground for continuance or for postponement. | "Is absence of counsel, without leave, to attend proceedings in other courts a ground for continuance or postponement?" | 029227.docx | LEGALEASE-00135217-LEGALEASE-00135218 |
| Withrow v. Withrow, 278 Ga. 525 | 307A+716 | The absence of a party's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | "Is absence of counsel, without leave, to attend proceedings in other courts a ground for continuance or postponement?" | Pretrial Procedure - Memo # 3262 - C - SS.docx | LEGALEASE-00025171-LEGALEASE-00025172 |
| Van Sickle v. Stroud, 467 S.W.2d 509 | 307A+716 | Absence of counsel is ground for continuance only upon showing of diligence and lack of fault by complaining party. | Is the absence of counsel ground for a continuance only upon showing of diligence and lack of fault by a complaining party? | 029258.docx | LEGALEASE-00135734-LEGALEASE-00135735 |
| First Interstate Bank of Texas, N.A. v. Burns, 951 S.W.2d 237 | 307A+716 | Nothing in legislative continuance statute requires legislator to make formal appearance in lawsuit before seeking and receiving continuance. V.T.C.A., Civil Practice & Remedies Code S 30.003. | Does the legislative continuance statute require a legislator to make a formal appearance in the lawsuit before seeking and receiving a continuance? | Pretrial Procedure - Memo # 3335 - C - NS.docx | ROSS-003331306-ROSS-003331307 |
| Villegas v. Carter, 711 S.W.2d 624 | 307A+716 | Party moving for continuance must show that failure to obtain counsel for trial was not due to own fault or negligence, if ground for motion is withdrawal of counsel. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | "When the ground for the continuance is the withdrawal of counsel, should the movants show that the failure to be represented at trial was not due to their own fault or negligence?" | Pretrial Procedure - Memo # 3340 - C - NS.docx | ROSS-003317760-ROSS-003317761 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dan-Cin Const. Co. v. Thrasher, 9 So. 3d 205 | 307A+483 | If a party fails to take any steps available to it, after having failed to respond to requests for admissions, the fact is admitted and is conclusively established. LSA-C.C.P. arts. 1466-1468. | "If a party fails to take any steps available to it, after having failed to respond to requests for admissions, is the fact admitted and is conclusively established?" | 029558.docx | LEGALEASE-00135409-LEGALEASE-00135410 |
| Alter v. Alter, 473 So. 2d 775 | 307A+716 | In civil case, attorney's withdrawal does not give his client absolute right to continuance; continuance under such circumstances is still within court's discretion. | Does withdrawal of an attorney not give a client an absolute right to a continuance? | Pretrial Procedure - Memo # 3511 - C - NC.docx | ROSS-003290472-ROSS-003290473 |
| Murphree v. Ziegelmair, 937 S.W.2d 493 | 307A+483 | Unanswered requests for admissions are deemed admitted without necessity of court order once answers are overdue. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | Are unanswered requests for admissions deemed admitted without the necessity of a court order once answers are overdue? | 029716.docx | LEGALEASE-00135566-LEGALEASE-00135567 |
| Ex parte Browder, 373 S.W.2d 256 | 307A+716 | Statute requiring court to continue cause where party or his attorney is member of Legislature is mandatory. Vernon's Ann.Civ.St. art. 2168a. | Is the statute requiring a court to continue cause where party or his attorney is member of Legislature mandatory? | Pretrial Procedure - Memo # 3642 - C - AP.docx | ROSS-003303299-ROSS-003303300 |
| Dodd v. Cowgill, 85 Nev. 705 | 307A+716 | Whether continuance in civil action should be granted because of illness of counsel or of a relative of counsel is a matter that is largely committed to discretion of trial judge. | Do courts grant continuance in civil action because of illness of counsel or of a relative of counsel? | 029844.docx | LEGALEASE-00135699-LEGALEASE-00135700 |
| Baiye v. Gober, 254 Ga. App. 288 | 307A+483 | Penalty for failing to answer or object to request for admissions is admission of subject matter of request; however, party cannot be subjected to this penalty unless request has been filed and properly served. O.C.G.A. S 9-11-36. | "Is the penalty for failing to answer or object to a request for admissions, admission of the subject matter of the request?" | Pretrial Procedure - Memo # 3681 - C - SKG.docx | ROSS-003290526-ROSS-003290527 |
| R.M. Dudley Const. Co. v. Dawson, 258 S.W.3d 694 | 307A+716 | In general, absence of counsel is not good cause for a continuance, but the trial court has the discretion to allow a continuance if good cause is shown. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | "Is absence of counsel not good cause for a continuance, but the trial court has the discretion to allow a continuance if good cause is shown?" | 030120.docx | LEGALEASE-00135954-LEGALEASE-00135955 |
| Amalgamated Transit Union Local 587 v. State, 142 Wash. 27 | 371+2001 | "Tax" means an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities; it is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | What is a tax? | 045263.docx | LEGALEASE-00135294-LEGALEASE-00135295 |
| Amalgamated Transit Union Local 587 v. State, 142 Wash. 27 | 371+2001 | "Tax" means an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities; it is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | What is a tax? | Taxation - Memo # 466 - C - KBM.docx | LEGALEASE-00025799-LEGALEASE-00025800 |
| Clay v. United States, 403 U.S. 698 | 34+20.6(3) | In order to qualify for classification as a conscientious objector, a registrant must show that he is conscientiously opposed to war in any form, that this opposition is based upon religious training and belief, and that the objection is sincere. Military Selective Service Act of 1967, S 6(j), 50 U.S.C.A. App. S 456(j). | How can a prima facie case for conscientious objection be established? | 008484.docx | LEGALEASE-00137006-LEGALEASE-00137007 |
| People v. Patillo, 386 Ill. 566 | 63+1(1) | "Bribery" at common law, and by statute, is the giving or receiving of anything of value or any valuable service or promise thereof, intended to influence any official in the discharge of a legal duty. Smith-Hurd Stats. c. 38, S 78. | How is bribery defined under the common law? | Bribery - Memo #423 - C - EB.docx | ROSS-003290113-ROSS-003290115 |
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | Whether a payment is a bribe or an illegal gratuity for purposes of statute prohibiting bribery of public officials and witnesses depends on the intent of the payor. 18 U.S.C.A. S 201(b)(1)(A), (c)(1)(A). | How should juries decide whether a payment is a bribe or an illegal gratuity for purposes of statute prohibiting bribery of public officials and witnesses? | Bribery - Memo #458 - C - JL.docx | ROSS-003302706-ROSS-003302708 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Jennings, 160 F.3d 1006 | 63+1(1) | For purposes of statute prohibiting bribery of public officials and witnesses, bribes often are paid before the fact, but in certain situations the bribe will not actually be conveyed until the act is done. 18 U.S.C.A. S 201(b)(1)(A). | "For purposes of statute prohibiting bribery of public officials and witnesses, would a bribe ever be conveyed until the act is done?" | 011745.docx | LEGALEASE-00136258-LEGALEASE-00136259 |
| United States v. Copeland, 143 F.3d 1439 | 63+1(1) | Prime contractor for Department of Defense was not organization receiving benefits pursuant to a federal program, and persons offering property to contractor's agents, or agents accepting such property, thus were not subject to anti-bribery statute, notwithstanding that government provided contractor with detailed specifications for aircraft and that Congress annually appropriated specific sums for aircraft procurement, testing, and research and development; contractor received no form of federal assistance, and was not engaged in anything other than purely commercial transactions with government. 18 U.S.C.A. S 666(b). | Are organizations engaged in purely commercial transactions with federal government subject to  666(b) of the anti-bribery statute? | Bribery - Memo #469 - C-JL.docx | ROSS-003318553-ROSS-003318554 |
| Cordero v. State, 132 Tex. Crim. 93 | 67+9(2) | "Entry" within statute defining burglary and statute defining burglary of private residence at night can be constituted by discharge of firearms or other deadly missile into the house, with intent to injure any person therein (Vernon's Ann.P.C. arts. 1389, 1391, 1393). | Does entry in a burglary involve the discharge of firearms? | 012655.docx | LEGALEASE-00136314-LEGALEASE-00136315 |
| Radio Picture Show Partnership v. Exclusive Intern. Pictures, 482 N.E.2d 1159 | 289+1187(2) | Limitation on liability in favor of a limited or special partner is a matter of defense, so that it is not necessary for one suing a partnership to allege and prove its general and limited character. | Are limitations of liability in favor of a limited partner a matter of defense? | 022234.docx | LEGALEASE-00136329-LEGALEASE-00136330 |
| Nowaczyk v. Welch, 106 Ill. App. 2d 453 | 307A+716 | If attorney who has prepared case for trial becomes ill and is unable to proceed with trial, court should grant him a continuance. | "If attorney who has prepared for trial has become ill and unable to proceed, should the court grant continuance?" | 029348.docx | LEGALEASE-00136181-LEGALEASE-00136182 |
| Turner v. Loomis, 146 Iowa 655 | 307A+716 | The unexpected illness of counsel, preventing his attending court, furnishes ample ground for postponing the trial, or for a continuance. | "Does the unexpected illness of counsel, preventing his attending court, furnish ample ground for postponing the trial, or for a continuance?" | 029466.docx | LEGALEASE-00136479-LEGALEASE-00136480 |
| Dover Corp. v. Perez, 587 S.W.2d 761 | 307A+716 | Ruling on motion for continuance based on absence of counsel is within discretion of trial court, and ruling on motion will be reversed only upon showing of court's discretion. Rules of Civil Procedure, rule 253. | Is a motion for continuance for absence of a defendants' counsel addressed for a trial court's discretion? | 029495.docx | LEGALEASE-00136609-LEGALEASE-00136610 |
| Baiye v. Gober, 254 Ga. App. 288 | 307A+483 | Penalty for failing to answer or object to request for admissions is admission of subject matter of request; however, party cannot be subjected to this penalty unless request has been filed and properly served. O.C.G.A. S 9-11-36. | "Is a penalty for failing to answer or object to request for admissions, admission of the subject matter of request?" | Pretrial Procedure - Memo # 3867 - C - RY.docx | ROSS-003291030-ROSS-003291031 |
| Rhodes v. Blair, 919 S.W.2d 561 | 46H+1297 | Consequences of failing to respond to requests for admissions apply even though party appears pro se. V.A.M.R. 59.01(a, c). | Do the consequences of failing to respond to requests for admissions apply even to a party appearing as pro se? | 030213.docx | LEGALEASE-00136192-LEGALEASE-00136193 |
| Jensen v. Pioneer Dodge Ctr., 702 P.2d 98 | 307A+483 | Even if a request for an admission is objectionable, if a party fails to object and fails to respond to the request, that party should be held to have admitted the matter. Rules Civ.Proc., Rule 36(a, b). | "Even if a request for an admission is objectionable, if a party fails to object and fails to respond to the request, should that party be held to have admitted the matter?" | Pretrial Procedure - Memo # 4100 - C - KG.docx | ROSS-003305187-ROSS-003305188 |
| Christensen-Towne v. Dorey, 2002 ME 121 | 307A+723.1 | Even absent a formal motion for a continuance, the same discretionary principles should apply to a refusal to delay a proceeding. | "Even absent a formal motion for a continuance, should the same discretionary principles apply to a refusal to delay a proceeding?" | Pretrial Procedure - Memo # 4121 - C - SK.docx | ROSS-003331420-ROSS-003331421 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Marriage of Gallagher, 256 Ill. App. 3d 439 | 307A+723.1 | When continuance is not requested until the day of trial, especially persuasive reason must be given by the moving party because of the potential inconvenience to the witnesses, the parties, and the court. Sup.Ct.Rules, Rule 231(f). | Does a continuance requested at the last minute be based on especially persuasive reasons? | 030796.docx | LEGALEASE-00136628-LEGALEASE-00136629 |
| Honig v. Fin. Corp. of Am., 6 Cal. App. 4th 960 | 307A+720 | If amendment to pleading is appropriate, trial court should continue trial if necessary, even if matter is on fast track. West's Ann.Cal.C.C.P. S 473; West's Ann.Cal.Gov.Code S 68600 et seq. | "If an amendment to pleading is appropriate, should a trial court continue trial if necessary, even if a matter is on fast track?" | Pretrial Procedure - Memo # 4396 - C - NS.docx | ROSS-003291747-ROSS-003291748 |
| Tongatapu Woodcraft Hawaii, Ltd. v. Feldman, 736 F.2d 1305 | 24+205 | Visa petition is not the same thing as a visa; approved visa petition is merely a preliminary step in the visa application and does not guarantee that the visa will be issued and does not grant the alien any right to remain in the United States. Immigration and Nationality Act, S 291, 8 U.S.C.A. S 1361. | Does the approval of a visa petition of an alien establish the right of permanent residency? | 007019.docx | LEGALEASE-00137590-LEGALEASE-00137591 |
| Moore v. Moore, 484 S.W.3d 386 | 34+5(6) | Members of the Armed Forces who serve for a specified period may receive retired pay upon their retirement. | Can members of the Armed Forces who serve for a specified period receive retired pay upon their retirement? | Armed Services - Memo 164 - JS.docx | ROSS-003289984-ROSS-003289985 |
| Schism v. United States, 316 F.3d 1259 | 34+5(6) | Principle that statutes are exclusive source of law governing compensation rights of members of military applies to pensions and hospitalization benefits as well as pay. | Are statutes the exclusive source of law governing compensation rights of members of the military? | 008504.docx | LEGALEASE-00137365-LEGALEASE-00137366 |
| United States v. Marmolejo, 89 F.3d 1185 | 63+1(2) | To determine whether transaction with government official that involves intangibles has value of $5,000 or more, as required to establish violation of bribery statute, courts should look to traditional valuation methods. 18 U.S.C.A. S 666(a)(1)(b). | "To determine the value of a transaction involving intangibles, must the court look to traditional valuation methods?" | Bribery - Memo #493 - C-CSS.docx | ROSS-003302717-ROSS-003302719 |
| United States v. Evans, 344 F.3d 1131 | 63+1(1) | To determine whether any particular individual is public official, within meaning of gratuity statute, proper inquiry is whether person occupies position of public trust with official federal responsibilities. 18 U.S.C.A. S 201(a)(1). | Does a position of public trust with official federal responsibilities make someone a public official? | 011789.docx | LEGALEASE-00138007-LEGALEASE-00138008 |
| People v. Moreno, 100 A.D.3d 435 | 316P+1053 | Action taken by a public servant that is completely unrelated to his or her position cannot serve as the basis for a charge of official misconduct, as such action is not within the scope of his or her real or apparent authority. McKinney's Penal Law S 195.00(1). | Is an action completely unrelated to someone's position within the scope of his real or apparent authority? | 011824.docx | LEGALEASE-00137674-LEGALEASE-00137675 |
| James L. Lester v Heyward McFaddon and Cameron Lumber Company, 288 F.Supp.735 | 48A+160(4) | Fact that motorist may have right of way over pedestrian does not relieve him of duty to use reasonable care for safety of such pedestrian even though statute may require pedestrian on highway to yield right-of-way to motorist. Code S.C.1962, SS 46-436, 46-442, 46-361, 46-363. | Is it the duty of motorist to exercise due care with regards to a pedestrian? | Highways -Memo 48 - AR.docx | ROSS-003329835-ROSS-003329836 |
| Moore v. Commissioners Court of McCulloch Cty., 239 S.W.2d 119 | 200+77(7) | County commissioners court had no jurisdiction or power to enter order closing a public road over protest of owner of land abutting on such road who had purchased his property in reliance on the road, thereby acquiring a property interest in the road which entitled him to its use free from obstruction or hindrance, and individuals had no authority under such order to place obstructions across the road so as to deny its use to owner of land abutting thereon. Vernon's Ann.Civ.St. art. 2351, subd. 3; art. 6702. | Does commissioners court power extend to closing a road? | Highways-Memo 75-ANM.docx | ROSS-003290621-ROSS-003290622 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elliott v. Progressive Halcyon Ins. Co., 222 Or. App. 586 | 307A+485 | Purpose of rule providing that if a party fails to admit the genuineness of any document or the truth of any matter, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the party requesting the admissions may apply to the court for an order requiring the other party to pay the party requesting the admissions the reasonable expenses incurred in making that proof, including reasonable attorney's fees, is to reimburse a party for expenses incurred because of the need to prove facts that were unreasonably denied. Rules Civ.Proc., Rule 46C. | Is the purpose of ORCP 46 to reimburse a party for expenses incurred because of the need to prove facts that were unreasonably denied? | Pretrial Procedure - Memo # 3883 - C - BP.docx | ROSS-003303365-ROSS-003303366 |
| Swanson's v. Scott, 578 S.W.2d 345 | 307A+723.1 | In absence of compliance with rule requiring that request for continuance be in writing, there can be no abuse of discretion in denying continuance. V.A.M.R. Civil Rule 65.03. | "In absence of compliance with a rule requiring that a request for continuance be in writing, can there be no abuse of discretion in denying continuance?" | 030521.docx | LEGALEASE-00137292-LEGALEASE-00137293 |
| Carlson v. Withers, 16 Mass. App. Ct. 924 | 307A+483 | Failure to respond to request for admissions by a nonadversary party does not have usual conclusive effect provided by rule. Rules Civ.Proc., Rule 36, 43A M.G.L.A. | Does failure to respond to a request for admissions by a non-adversary party have usual conclusive effect provided by the rule? | 030537.docx | LEGALEASE-00137549-LEGALEASE-00137550 |
| Miller v. Marina Mercy Hosp., 157 Cal. App. 3d 765 | 307A+483 | If plaintiff's default in answering request for admissions is excusable, plaintiff is given opportunity to admit or deny after statutory hearing; but if default is not excusable, plaintiff must concede admissions no matter how damaging. West's Ann.Cal.C.C.P. SS 473, 2033. | "If a plaintiff's default in answering request for admissions is excusable, is the plaintiff given opportunity to admit or deny after a statutory hearing?" | Pretrial Procedure - Memo # 4172 - C - SKG.docx | ROSS-003291101-ROSS-003291102 |
| Durocher's Ice Cream v. Peirce Const. Co., 106 N.H. 293 | 307A+91 | Use of depositions and discovery as integral part of pretrial procedure should be given broad and liberal interpretation, and no crippling limitations should be placed on their use. | Should the use of depositions and discovery as integral part of pre-trial procedure be given broad and liberal interpretation? | Pretrial Procedure - Memo # 4462 - C - SKG.docx | ROSS-003291046-ROSS-003291047 |
| Flynn v. Royal Dev. Co., 54 N.Y.S.2d 585 | 307A+91 | Where answer contains no affirmative defense and only general denials, defendant, in proper case, may examine plaintiff before trial. | "Where an answer contains no affirmative defense and only general denials, can a defendant examine a plaintiff before trial?" | 031043.docx | LEGALEASE-00138029-LEGALEASE-00138032 |
| Shields v. Burlington N. & Santa Fe Ry. Co., 353 Ill. App. 3d 506 | 307A+36.1 | Weight of authority favors discoverability of surveillance information, principally because such information is probative of a critical issue in a personal injury case-the physical condition of the plaintiff. | Does the weight of authority favor discoverability of surveillance information? | 031236.docx | LEGALEASE-00137174-LEGALEASE-00137175 |
| Nelson v. Specialty Records, 11 Cal. App. 3d 126 | 307A+720 | If, by permitting amendment to pleadings, opposing party requires time for preparation to meet new issue, continuance is to be allowed. West's Ann.Code Civ.Proc. SS 473, 576. | "If an opposing party requires time for preparation to meet a new issue, is continuance to be allowed?" | Pretrial Procedure - Memo # 4609 - C - CK.docx | ROSS-003291757-ROSS-003291758 |
| Allen v. Rettig, 177 S.W. 215 | 307A+723.1 | A motion for a continuance held insufficient where it did not show that either of the absent witnesses would testify to any facts material to the issues. | Is a motion for a continuance held insufficient where it does not show that either of the absent witnesses would testify to any facts material to the issues? | 031270.docx | LEGALEASE-00137270-LEGALEASE-00137271 |
| Castillo v. Ruggiero, 562 N.E.2d 446 | 307A+725 | Once continuance is granted and moving party led to rely on order granting continuance, continuance may not be set aside if injustice will thereby be done to either party. | Can a continuance be set aside if any injustice is done to either party? | 031290.docx | LEGALEASE-00137392-LEGALEASE-00137393 |
| Gulf Ins. Co. v. Dunlop Tire & Rubber Corp., 584 S.W.2d 886 | 307A+725 | Question of whether a continuance should be granted is to be judged in light of facts before trial judge at time motion is presented. | "Is the question of whether a continuance should be granted, to be judged in light of facts, before a judge, at the time a motion is presented?" | Pretrial Procedure - Memo # 4641 - C - RF.docx | ROSS-003291170-ROSS-003291171 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Watson v. FHE Servs., 257 A.D.2d 618 | 157+219.50 | Evidence of subsequent repairs is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control. | Is evidence of subsequent repairs not discoverable or admissible in a negligence case unless there is an issue of maintenance or control? | 031315.docx | LEGALEASE-00137950-LEGALEASE-00137951 |
| Jensen v. Pioneer Dodge Ctr., 702 P.2d 98 | 307A+483 | Even if a request for an admission is objectionable, if a party fails to object and fails to respond to the request, that party should be held to have admitted the matter. Rules Civ.Proc., Rule 36(a, b). | "Even if a request for an admission is objectionable, if a party fails to object on the ground that the request is one to admit a legal conclusion, should that party be held to have admitted the matter?" | 031394.docx | LEGALEASE-00137193-LEGALEASE-00137194 |
| Manchenton v. Auto Leasing Corp., 135 N.H. 298 | 307A+91 | A "deposition" is defined as the testimony of a witness reduced to writing, under oath or affirmation, by oral examination or in response to written interrogatories, and with the opportunity of cross-examination. | Is a deposition defined as the testimony of a witness reduced to writing? | 031504.docx | LEGALEASE-00137199-LEGALEASE-00137200 |
| Medford v. Superior Court, 140 Cal. App. 3d 236 | 102+175 | Costs allowable under section of Code of Civil Procedure giving court discretion to impose the "payment of costs occasioned by the postponement" of trial as condition for continuance include transportation and hotel costs, attorney fees, witness fees and jury fees. West's Ann.Cal.C.C.P. S 1024. | "Do costs allowable as condition for continuance include attorney fees, witness fees and jury fees?" | 031506.docx | LEGALEASE-00137203-LEGALEASE-00137205 |
| Davies v. Columbia Gas & Elec. Co., 68 N.E.2d 571 | 307A+1 | At common law there was no right to take testimony of any witness before trial by deposition, and the only relief was by appeal to equity by means of a bill of discovery, in which case the necessity for securing the testimony or making the discovery was first required to be proved and equitable maxims satisfied. | "At common law, is there no right to take testimony of any witness before trial by deposition?" | 031519.docx | LEGALEASE-00137250-LEGALEASE-00137251 |
| Kenmore Estates v. Montrose Indus. Bank, 56 N.Y.S.2d 621 | 307A+93 | Where ends of justice and orderly procedure upon trial make it advisable, examination of witness before trial will be granted where under any reasonable construction it can be said that special circumstances exist. Civil Practice Act, S 296. | Will examination before trial be granted where special circumstances are presented? | 031521.docx | LEGALEASE-00137254-LEGALEASE-00137255 |
| Parodis v. Hearn Dep't Stores, 178 Misc. 191 | 307A+99 | Where there are two or more defendants, the statutory provisions dealing with examination of a party by an adverse party is not applicable to examination of a codefendant by his codefendant, since codefendants are not "adverse parties" within meaning of statute unless there are some rights to be adjusted between them in the action. Civil Practice Act, S 288. | Does the code providing for the examination of an adverse party before trial not apply to the examination of a co-defendant? | 031526.docx | LEGALEASE-00137264-LEGALEASE-00137265 |
| Whirlpool Corp. v. Certain Underwriters at Lloyd's London, 295 Ill. App. 3d 828 | 307A+36.1 | Trial court has discretion on whether to allow discovery on forum non conveniens issues. Sup.Ct.Rules, Rule 187(b). | Does the trial court have discretion on whether to allow discovery on forum non conveniens issues? | 031951.docx | LEGALEASE-00138060-LEGALEASE-00138061 |
| Gowin v. Hazen Mem'l Hosp. Ass'n, 349 N.W.2d 4 | 307A+27.1 | Pretrial discovery of defendant's financial condition is generally not available to plaintiff who seeks to recover only compensatory damages as opposed to exemplary or punitive damages. | Is a defendant's financial condition a proper subject of discovery on the issue of punitive damages? | 031963.docx | LEGALEASE-00138087-LEGALEASE-00138088 |
| Krichbaum v. U.S. Forest Serv., 973 F. Supp. 585 | 149E+689 | Finding of no significant impact (FONSI) pursuant to NEPA is factual finding made by agency with particular expertise in environmental matters, and court may overrule agency finding only if it was arbitrary, capricious or otherwise contrary to law. National Environmental Policy Act of 1969, S 102, 42 U.S.C.A. S 4332; 40 C.F.R. SS 1508.9, 1508.13. | What is Finding Of No Significant Impact (FONSI)? | Woods and Forests-Memo 52-ANM.docx | ROSS-003304785-ROSS-003304786 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Petrol Shipping Corp. v. Kingdom of Greece, Ministry of Commerce, Purchase Directorate, 360 F.2d 103 | 170B+2787 | Under Arbitration Act, if party agrees to arbitrate in a certain state he makes himself as amenable to suit as if he were physically present there. 9 U.S.C.A. S 4. | Can a party under the Arbitration Act who agrees to arbitrate in a certain state make himself as amenable to suit as if he were physically present there? | Alternative Dispute Resolution - Memo 642 - SB.docx | LEGALEASE-00027904-LEGALEASE-00027905 |
| Seaboard Airline R. Co. v. Stoddard, 82 Ga. App. 743 | 302+9 | Legal results arising from the facts alleged may be pleaded in general terms or in the form of a legal conclusion. | Can legal results arising from the facts alleged be pleaded in general terms or in the form of a legal conclusion? | Pleading - Memo 355 - RMM.docx | ROSS-003290589-ROSS-003290590 |
| Saliba v. Saliba, 202 Ga. 279 | 302+192(3) | A conclusion in a pleading is not subject to special demurrer if the inference stated therein may be legitimately drawn from the special facts pleaded or from exhibits attached to and made part of pleadings. | Will a conclusion in a pleading be subject to special demurrer? | 023392.docx | LEGALEASE-00138358-LEGALEASE-00138359 |
| Morgan v. City of Alvin, 175 S.W .3d 408 | 307A+724 | General allegations in motion for continuance are not sufficient; motion or affidavit must state specific reasons for request. Vernon's Ann.Texas Rules Civ.Proc., Rule 251. | Are general allegations in motion for continuance sufficient and the motion or affidavit must state specific reasons for a request? | 030597.docx | LEGALEASE-00138213-LEGALEASE-00138214 |
| Chichester ex rel. Estate of Cook v. Cook, 234 W. Va. 183 | 307A+91 | Prima facie right exists in every case to take discovery depositions, and such right should not lightly be overridden. 58 I.C.A. Rules of Civil Procedure, rule 141(d). | Does a prima facie right exist in every case to take discovery depositions and should such right be lightly overridden? | 031057.docx | LEGALEASE-00138119-LEGALEASE-00138121 |
| In re Russo, 182 Misc. 632 | 307A+91 | Ordinarily the right to examine adverse party before trial is given only to that party who bears affirmative burden on such issue. | Is the right to examine the adverse party before trial given only to that party who bears an affirmative burden on such issue? | Pretrial Procedure - Memo # 4510 - C - NC.docx | ROSS-003331551-ROSS-003331552 |
| Wisegarver v. Yinger, 122 S.W. 925 | 307A+74 | Under Rev.St.1895, art. 2284, Rules of Civil Procedure, rule 196, requiring the officer before whom depositions are taken to certify on the envelope inclosing the depositions that he in person deposited the same in the mail for transmission, etc., and article 3507, Vernon's Ann.Civ.St. art. 5960, providing that every notary public shall authenticate his official acts with his seal of office, the certificate of a notary on the envelope inclosing depositions must be authenticated by his official seal. | Is the officer before whom depositions are taken required to certify on the envelope inclosing the depositions that he in person deposited the same in the mail for transmission? | Pretrial Procedure - Memo # 4922 - C - SKG.docx | ROSS-003291158-ROSS-003291159 |
| Kasson State Bank v. Haugen, 410 N.W.2d 392 | 307A+716 | Court abused discretion in refusing to allow pro se litigant continuance so he could hire lawyer and prepare defense where party testified that he did not learn of summary judgment motion until return from three-week absence day before hearing, and he acted diligently in immediately telephoning plaintiff to ask for continuance and in making motion for continuance in open court next day. | Will the court abuse its discretion in refusing to grant pro se plaintiff's motion for continuance? | 031776.docx | LEGALEASE-00138491-LEGALEASE-00138492 |
| Ohio Valley Mills v. Louisville Ry. Co., 168 Ky. 758 | 307A+74 | Civ.Code Prac. S 585, does not prevent a party from proving any fact shown in a deposition not filed by any method permitted by law. | Does the provision under Civil Code of Practice prevent a party from proving any fact shown in a deposition not filed by any method permitted by law? | 031792.docx | LEGALEASE-00138242-LEGALEASE-00138243 |
| City of Louisville v. Laufer, 140 Ky. 457 | 307A+74 | Where a deposition had not been filed before trial, the court properly refused to permit it to be read under Civ.Code Prac. S 585, declaring that no deposition shall be read on the trial unless, before the commencement thereof, it be filed in the case. | "Where a deposition has not been filed before trial, can the court properly refuse to permit it to be read?" | 031799.docx | LEGALEASE-00138362-LEGALEASE-00138363 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Ford v. Adolf, 724 S.W.2d 612 | 307A+36.1 | Past financial information can be relevant in determining current financial worth and thus may be discoverable in action seeking punitive damages. | Can past financial information be relevant in determining the current financial worth and thus may be discoverable in an action seeking punitive damages? | Pretrial Procedure - Memo # 5124 - C - ES.docx | ROSS-003291800-ROSS-003291801 |
| Wilson v. United States, 230 F.2d 521 | 63+1(2) | Where defendant was still an officer on active duty with the Army and was a close personal friend of the current insurance officer, defendant could be convicted of bribery in connection with the sale of life insurance to military personnel even though defendant was no longer directly in the chain of supervision of the regulation of insurance sales, where it was still within his practical power to influence the regulation thereof; it being immaterial that he had no actual authority to carry out his commitments under the bribery scheme, or that he may have taken no affirmative action to perform his part of his corrupt bargain. 18 U.S.C.A. S 202. | Does actual authority to carry out commitments under the bribery scheme matter for bribery? | Bribery - Memo #576 - C- CSS.docx | ROSS-003290898-ROSS-003290899 |
| United States v. Fattah, 223 F. Supp. 3d 336 | 63+1(1) | Under the bribery statute, it is unlawful for a public official to accept anything of value in return for being influenced in the performance of an official act; a promise to perform an official act is sufficient to constitute a bribery offense if done in exchange for a thing of value, whether or not the official act ever occurs. 18 U.S.C.A. S 201. | Is a promise to perform an official act sufficient to constitute a bribe? | 012167.docx | LEGALEASE-00139193-LEGALEASE-00139194 |
| Humphrey v. Ahlschlager, 778 S.W.2d 480 | 307A+723.1 | Motion for continuance on ground of absence of party should contain some prognosis as to when or if witness will ever be able to testify. Vernon's Ann.Texas Rules Civ.Proc., Rule 252. | Should a motion for continuance on the ground of absence of a party contain some prognosis as to when or if witness will ever be able to testify? | Pretrial Procedure - Memo # 4323 - C - BP.docx | ROSS-003301250-ROSS-003301251 |
| Anderson v. Am. Soc'y of Plastic & Reconstructive Surgeons, 807 P.2d 825 | 106+35 | Court may determine the issue of personal jurisdiction on affidavits alone, permit discovery, or hold an evidentiary hearing; using the first two methods, plaintiff is only required to make a prima facie showing of personal jurisdiction, and plaintiff's factual allegations are accepted as true unless specifically controverted by the defendant's affidavit or by depositions, and any disputes in the documentary evidence are resolved in the plaintiff's favor. | "Can trial courts determine jurisdiction on affidavits alone, permit discovery, or hold an evidentiary hearing?" | Pretrial Procedure - Memo # 5009 - C - NS.docx | ROSS-003329201-ROSS-003329202 |
| W. Pipe & Supply v. Heart Mountain Oil Co., 179 Neb. 858 | 307A+742.1 | Purpose of pretrial conference is to simplify issues, amend pleadings when necessary, and avoid unnecessary proof of facts at trial. | Is one of the purpose of pretrial conference is to avoid unnecessary proof of facts at the trial? | Pretrial Procedure - Memo # 5502 - C - VP.docx | ROSS-003289553-ROSS-003289554 |
| Feres v. United States, 340 U.S. 135 | 393+941 | The government is not liable under Tort Claims Act for injuries to servicemen arising out of or in course of activity incident to military service. 28 U.S.C.A. SS 1291, 1346, 1402, 1491, 1504, 2110, 2401, 2402, 2411, 2412, 2671-2680. | Can the government be held liable under the Tort Claims Act to a claimant sustaining injuries while in active military service? | 008514.docx | LEGALEASE-00139373-LEGALEASE-00139374 |
| Kreis v. Sec'y of Air Force, 866 F.2d 1508 | 34+6.2 | Decision of Secretary of Air Force not to take certain corrective action with respect to major's record was reviewable under Administrative Procedure Act, albeit under an unusually deferential application of arbitrary and capricious standard. 5 U.S.C.A. S 706; 10 U.S.C.A. S 1552(a). | Do courts review decisions of the Military Corrections Board under an unusually deferential application of the arbitrary or capricious standard of the Administrative Procedure Act? | Armed Services - Memo 180 - JS.docx | LEGALEASE-00029181-LEGALEASE-00029183 |
| Cinciarelli v. Carter, 662 F.2d 73 | 34+11(1) | In absence of standard written agreement, armed service reservists may be released from active duty at any time, and such change in status is committed to sole discretion of president or secretary of appropriate armed service. 10 U.S.C.A. SS 679(a), 680(a), 681. | Can a reserve officer be released from active duty at any time? | 008576.docx | LEGALEASE-00139532-LEGALEASE-00139533 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Labrum & Doak, LLP, 237 B.R. 275 | 289+1175(6) | Under Pennsylvania law, if a limited partner participates in the control of the partnership's business, then the partner must be considered as a general partner and, accordingly, is subject to personal liability therefor. | Does a limited partner become similar to a general partner if he participates in the control of the partnership business? | Partnership - Memo 366 - SB.docx | ROSS-003289166-ROSS-003289167 |
| In re Meyer, 563 B.R. 708 | 51+2227 | Under Bankr.Act 1898, S 5, a partnership is a "person" or entity which may be adjudged bankrupt upon its voluntary petition or in involuntary proceedings, if it has committed an act of bankruptcy, irrespective of any adjudication of the individual partners as bankrupts; and the adjudication of the firm will subject and separate estates of the partners, as well as the firm property, to administration in bankruptcy. | Is a partnership considered to be a separate entity in bankruptcy cases and be adjudged separately? | 022313.docx | LEGALEASE-00139553-LEGALEASE-00139554 |
| P. Outcalt & Co. v. Burnet & Bros., 12 Ohio Dec.Reprint 207 | 289+1145 | Where general partners of a firm organized under the act permitting limited partnerships abandoned the business and left the state without publishing notice of dissolution, leaving certain memoranda to be delivered to a special partner, showing liabilities of the concern and some assets, and also a date for certain property to be sold by him to liquidate the debts, his acts in selling the same and making the application of the proceeds was not such an interference with the affairs of the firm as to render him individually liable, under Rev.St. S 3154 (See Gen.Code, S 8051), providing that, if a special partner transact any business on account of the partnership, he shall be deemed a general partner. | When is a special partner deemed liable as a general partner? | 022327.docx | LEGALEASE-00139599-LEGALEASE-00139601 |
| Earl v. Winne, 34 N.J. Super. 605 | 307A+749.1 | The pretrial order supersedes the pleadings when inconsistent therewith and controls subsequent course of action unless modified at or before the trial or during trial to prevent manifest injustice. R.R. 4:29-1. | Can a pretrial order supersede inconsistent pleadings? | Pretrial Procedure - Memo # 2265 - C - SN.docx | ROSS-003331604-ROSS-003331605 |
| Wieneke v. Chalmers, 8, 73 N.M. 8 | 307A+91 | Rule allowing taking of depositions should be construed so as to secure the just, speedy and inexpensive determination of every action. Rules of Civil Procedure, rule 26(a). | "Should the rule allowing taking of depositions be construed so as to secure the just, speedy and inexpensive determination of every action?" | Pretrial Procedure - Memo # 4553 - C - SKG.docx | ROSS-003289180-ROSS-003289182 |
| Field v. Tenney, 47 N.H. 513 | 307A+74 | A mistake in the initial letter of the middle name of one of the parties to a suit, in the direction of a deposition, is no ground for rejecting the deposition. | "Is a mistake in the initial letter of the middle name of one of the parties to a suit, in the direction of a deposition, no ground for rejecting the deposition?" | Pretrial Procedure - Memo # 5261 - C - SHS.docx | ROSS-003302217-ROSS-003302218 |
| Downs v. Hawley, 112 Mass. 237 | 307A+74 | In the absence of any showing of fraud, the fact that the answers were not annexed to the commission nor to the interrogatories is no ground for the rejection of a deposition returned to court in a sealed envelope. | "n the absence of any showing of fraud, is the fact that the answers were not annexed to the commission nor to the interrogatories no ground for the rejection of a deposition?" | Pretrial Procedure - Memo # 5265 - C - SU.docx | LEGALEASE-00029408-LEGALEASE-00029409 |
| Classic Commercial Servs. v. Baldwin, 336 Ga. App. 183 | 307A+554 | As a rule, the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal, and this principle applies in the context of a motion to dismiss on jurisdictional grounds. | Is the testimony of a party who offers himself as a witness in his own behalf at trial to be construed most strongly against him when it is self-contradictory? | 032719.docx | LEGALEASE-00139641-LEGALEASE-00139643 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mathews v. Diaz, 426 U.S. 67 | | 3.16E+38 | Congress, which has broad power over immigration and naturalization and regularly makes rules regarding aliens that would be unacceptable if applied to citizens, has no constitutional duty to provide all aliens with the welfare benefits provided to citizens. Social Security Act, SS 1831 et seq., 1836(2) as amended 42 U.S.C.A. SS 1395j et seq., 1395o (2). | Can Congress make rules for aliens that would be unacceptable if applied to citizens? | "Aliens, Immigration and Citizenship - Memo 12 - RK.docx" | ROSS-003301889-ROSS-003301890 |
| Pierce v. Indseth, 106 U.S. 546 | | 8.30E+10 | In general, commercial paper executed in one state, and made payable in another, is governed by the laws of the state in which it is payable. | "Is commercial paper executed in one state, and made payable in another, governed by the laws of the state in which it is payable?" | 009114.docx | LEGALEASE-00140348-LEGALEASE-00140349 |
| Citizens Bank, Dallas v. Thornton & Co., 172 Ga. App. 490 | 172H+879 | | Verdict for corporation in its action to recover amount of two checks allegedly converted by bank was authorized by the evidence, where one check was endorsed "For Deposit Only," which was clearly ineffective to transfer title to a third party, where there was evidence that endorsement "Confederate Insurance Agency," on the other check was unauthorized, and where there was no evidence that the bank acted in a commercially reasonable manner so as to establish a defense. O.C.G.A. SS 11-3-206(3), 11-3-419(3). | Can the indorsement of a check for deposit pass title? | 009532.docx | LEGALEASE-00140662-LEGALEASE-00140663 |
| First Nat. Bank v. Lee Cty. Cotton Oil Co., 250 S.W. 313 | | 8.30E+05 | It was clearly the intention of the Legislature in passing the Uniform Negotiable Instruments Act (Acts 36th Leg. (1919) c. 123 (Vernon's Ann.Civ.St. art. 5932 et seq.)), to cover the whole subject-matter relating to negotiable instruments and to supersede and repeal all laws then existing on the same subject. | What was the legislative intent behind the Uniform Negotiable Instruments Act? | Bills and Notes - Memo 566 - RK.docx | ROSS-003302213-ROSS-003302214 |
| United States v. Lemons, 67 F. Supp. 985 | | 8.30E+11 | The law of the state in which a check or negotiable instrument is executed determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | Does the law of the state in which a check or negotiable instrument is executed determine the validity of such instrument? | 010085.docx | LEGALEASE-00140229-LEGALEASE-00140230 |
| Hughes v. Tyler, 485 So. 2d 1026 | | 8.30E+06 | Uniform Commercial Code was applicable to negotiable promissory note secured by real estate mortgage. Code 1972, S 75-3-112. | Is Uniform Commercial Code applicable to negotiable notes secured by real estate mortgage? | Bills and Notes -Memo 433 -DB.docx | ROSS-003290851-ROSS-003290852 |
| Weil v. Black, 76 W. Va. 685 | 63+1(2) | | It is no defense to an indictment for attempted bribery of a public officer that he was not a de jure officer; his official character cannot be thus collaterally assailed; it is sufficient that he was a de facto officer. | Is it a defense to an indictment for attempted bribery of a public officer that the defendant is not a de jure officer? | Bribery - Memo #725 - C-JL.DOCX | ROSS-003300731-ROSS-003300732 |
| Barnes v. Kent, 292 Ala. 508 | 200+158 | | Individual may bring action to abate obstruction of public road where he has suffered damages different in kind and degree from those suffered by public in general. Code of Ala., Tit. 7, SS 1084, 1086. | When can an individual bring an action to abate the obstruction of a public road? | 019114.docx | LEGALEASE-00139923-LEGALEASE-00139924 |
| Elliott v. Oregon Int'l Mining Co., 60 Or. App. 474 | 260+2 | | By Congress' separating surface estate of land granted by United States under Stock-Raising Homestead Act from mineral estate and reserving right at all times to enter land to prospect and mine for mineral deposits, servitude is laid on surface estate for benefit of mineral estate. Stock-Raising Homestead Act, SS 2, 9, 43 U.S.C. (1976 Ed.) SS 299, 299; 30 U.S.C.A. S 54. | Is servitude laid on the surface estate for the benefit of the mineral estates? | Mines and Minerals - Memo # 13 - C - EB.docx | ROSS-003287471-ROSS-003287472 |
| Florida v. Wilkerson, 247 S.W.2d 678 | 289+548 | | Utmost good faith is required of partners in their relations with each other and one partner is the confidential agent of the other and is required to make full disclosure of all material facts within his knowledge in relation to their partnership affairs. | Are partners confidential agents of each other? | 022291.docx | LEGALEASE-00140179-LEGALEASE-00140180 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887 | 302+228 | An opposing party should use special exceptions to identify defects in a pleading so that they may be cured, if possible, by amendment. | Should an opposing party use special exceptions to identify and cure defects in pleadings? | 023440.docx | LEGALEASE-00140396-LEGALEASE-00140397 |
| Boyles v. Preston, 68 Conn. App. 596 | 228+74.1 | The purpose of statute providing that a plaintiff seeking damages may before trial file a written "offer of judgment" signed by him or his attorney is to encourage pretrial resolution of disputes by allowing a plaintiff to make an offer and allowing a defendant to accept a reasonable offer of settlement to save the time and expense of trial; its purpose is to encourage pretrial settlements and, consequently, to conserve judicial resources. C.G.S.A. S 52-192a. | What is the purpose of  52192a concerning pretrial resolution of disputes? | 031342.docx | LEGALEASE-00140625-LEGALEASE-00140626 |
| Miles v. Dep't of Treasury, 209 Ind. 172 | 371+2005 | State may exercise taxing power without limit upon property, occupations, and activities carried on within state, subject only to limitations of State and Federal Constitutions. | Can a states power to tax be exercised without limit? | 032374.docx | LEGALEASE-00140204-LEGALEASE-00140205 |
| Loveland v. Rowland, 361 S.W.2d 685 | 307A+74 | If answers are changed on deposition, adequacy of reasons stated and determination of truth of conflicting statements are for trier. V.A.M.R. Civil Rule 57.22. | "If answers are changed on deposition, are the adequacy of reasons stated and determination of truth of conflicting statements for trier?" | Pretrial Procedure - Memo # 5338 - C - BP.docx | ROSS-003316262-ROSS-003316264 |
| Beckett v. Gridley, 67 Minn. 37 | 307A+74 | Gen.St.1894, S 5689 (M.S.A. SS 597.03, 597.07, 597.08, 597.10), provides that, where the testimony of a witness without the state is taken by deposition, it shall, when completed, be carefully read over to him by the officer taking the same, and thereupon the officer taking such deposition is required to make his return of certain matters regarding such deposition, and attach his certificate thereto, which certificate, it is provided, shall, among other matters, state substantially that such testimony was correctly read over to the witness by the officer before he signed the same. Held, that the certificate of a notary public to a deposition taken and returned by him, that the testimony of the witness was carefully read over to him by the notary public before it was signed by the witness, was in this respect a substantial and sufficient compliance with the law. | "Where the testimony of a witness without the state is taken by deposition, shall it be carefully read over to him by the officer taking the same?" | 032493.docx | LEGALEASE-00140584-LEGALEASE-00140585 |
| Boyer v. Smith, 42 N.E.3d 505 | 307A+554 | A summary judgment motion attacking personal jurisdiction should be treated instead as a motion to dismiss for lack of jurisdiction over the person. Trial Procedure Rule 12(B)(2). | Should a summary judgment motion attacking personal jurisdiction be treated instead as a motion to dismiss for lack of jurisdiction over the person? | Pretrial Procedure - Memo # 5653 - C - DHA.docx | ROSS-003289395-ROSS-003289396 |
| First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+683 | When considering defendant's motion to dismiss for lack of personal jurisdiction, trial court is not obligated to accept as true factual allegations that are controverted by more reliable evidence and plainly lack credibility. Tenn. R. Civ. P. 12.02(2). | Is the trial court not obligated to accept as true factual allegations that are controverted? | 032860.docx | LEGALEASE-00139967-LEGALEASE-00139968 |
| Owsley v. Idaho Indus. Comm'n, 141 Idaho 129 | 307A+554 | Failure to exhaust administrative remedies is a subset of errors of subject-matter jurisdiction and can be brought under a motion to dismiss for lack of subject-matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1). | Is a failure to exhaust administrative remedies a subset of errors of subject-matter jurisdiction and can be brought under a motion to dismiss for lack of subject-matter jurisdiction? | 033247.docx | LEGALEASE-00140646-LEGALEASE-00140647 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Loyola Marymount Univ. v. Los Angeles Unified Sch. Dist., 45 Cal. App. 4th 1256 | 371+2060 | "Ad valorem tax" on real property is general tax levy which applies given rate to assessed value of all taxable property within particular taxing district to pay for general expenditures and general improvements. | Do general taxes include ad valorem property taxes? | Taxation - Memo # 135 - C - KBM.docx | ROSS-003302210-ROSS-003302212 |
| N. Pole Corp. v. Vill. of E. Dundee, 263 Ill. App. 3d 327 | 371+2060 | "Tax" exacts contributions in return for general welfare, whereas "special assessment" is charge levied against specific property in return for particular benefit to that property. S.H.A. 65 ILCS 5/9-2-45. | Does tax exacts contributions in return for general welfare? | 044860.docx | LEGALEASE-00140195-LEGALEASE-00140196 |
| Wiramal Corp. v. Dir. of Div. of Taxation, 36 N.J. 201 | 371+2005 | Legislature may seek to discourage certain type of business or activity and foster others in tax laws. | Can Legislature seek to discourage certain type of business or activity and foster others in tax laws? | Taxation - Memo # 633 - C - CK.docx | ROSS-003302315-ROSS-003302316 |
| State ex rel. Green v. Gibson Circuit Court, 246 Ind. 446 | 386+11 | An action for trespass quare clausum fregit (trespass to real estate) cannot be maintained for invasion of right-of-way or easement. | Can an action for trespass quare clausum fregit (trespass to real estate) be maintained for an invasion of a right-of-way or easement? | 047420.docx | LEGALEASE-00140592-LEGALEASE-00140593 |
| Barnes v. Mathis, 353 S.W.3d 760 | 386+12 | "Trespass to real property" is an unauthorized entry upon the land of another, and may occur when one enters, or causes something to enter, another's property. | "Can trespass occur when one enters, or causes something to enter, another's property?" | 047427.docx | LEGALEASE-00140604-LEGALEASE-00140605 |
| Weaks v. White, 479 S.W.3d 432 | 13+1 | Common law defenses may not be used to defeat claims brought under a statute that was not designed to be a codification of the common law. | Can common law defenses be used to defeat claims brought under a statute that was not designed to be a codification of the common law? | Action - Memo # 211 - C - SHS.docx | ROSS-003288414-ROSS-003288415 |
| United States v. Heldt, 455 F.2d 488 | 34+20.5 | Nine previously postponed inductees were properly excluded from count for month in which defendant was called, since a registrant whose induction is postponed is still under the authority of the original induction order and remains a part of the original call, so that local board did not improperly accelerate induction of defendant by directing more men to report and were authorized by the State Director's call of 56 men, where 61 registrants, of which defendant was the 58th, were placed on the list, but nine of the 61 had been previously postponed. Military Selective Service Act, S 12, 50 U.S.C.A. App. S 462. | Is a registrant whose induction is postponed still under the authority of the original induction order and a part of the original call? | Armed Services - Memo 234 - TB.docx | ROSS-003287107 |
| United States v. Rendon, 607 F.3d 982 | 349+40.1 | Searches on closed military bases are exempt from the usual Fourth Amendment requirement of probable cause. U.S.C.A. Const.Amend. 4. | "Are searches, on closed military bases, exempt from the Fourth Amendment requirement of probable cause?" | 008637.docx | LEGALEASE-00141876-LEGALEASE-00141877 |
| Citizens & S. Nat. Bank v. Scheider, 139 Ga. App. 475 | 278+4 | New note given in lieu of existing note between same parties and for same indebtedness, even at higher rate of interest and due at latter date is not given for new consideration and therefore does not constitute a novation. | What is the effect of a note given for an existing or same indebtedness? | 010263.docx | LEGALEASE-00141045-LEGALEASE-00141046 |
| United States v. Tomblin, 46 F.3d 1369 | 63+1(1) | Intending to make campaign contribution does not constitute bribery, even though many contributors hope that official will act favorably because of their contributions. 18 U.S.C.A. S 201. | "If an individual contributes to a campaign with the hopes that the official will act favourably because of the contribution, do his actions constitute bribery?" | 012156.docx | LEGALEASE-00141959-LEGALEASE-00141960 |
| Nat'l Seed Co. v. Leavell, 202 Ky. 438 | 113+3 | A custom, in order to become a part of terms of a contract, must be fixed, definite, and certain and known to the parties, or its existence must have been for such a length of time as to create the presumption that it was known. | When will a custom have a presumption that it was known by the parties? | 014151.docx | LEGALEASE-00141742-LEGALEASE-00141743 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Strange v. Carrington, Patton & Co., 116 Ill. App. 410 | 113+3 | To render evidence of a custom admissible it must be shown that it was uniform, long established, generally acquiesced in, and so well known as to induce belief that parties contracted with reference thereto. | When is evidence of a custom admissible? | Customs & Usage - Memo 160 - RK.docx | ROSS-003288303 |
| Fischer v. First Nat. Bank, 55 Idaho 251 | 113+3 | Custom or usage relating to particular business in order to be available for purpose of determining rights of parties must be reasonable, uniform, general as to place or locality, and not contrary to law. | Can parties use custom to contract when the custom is well known to them? | 014205.docx | LEGALEASE-00141892-LEGALEASE-00141893 |
| Hattiesburg Realty Co. v. Mississippi State Highway Comm'n, 406 So. 2d 329 | 200+80 | Statute granting statutory authority to State Highway Commission to acquire fee simple title to lands needed by it did not in and of itself, ipso facto, vest fee simple title in Commission to lands in which Commission had only acquired easement rights for right of way purposes. Laws 1948, c. 332, § 8. | Do statutes authorize the commission to acquire fee simple title to lands? | Highways -Memo 186 - DB.docx | ROSS-003328827-ROSS-003328828 |
| Chang Hyun Moon v. Kang Jun Liu, 2015 IL App (1st) 143606 | 302+48 | Illinois is a fact pleading jurisdiction, and a pleading which merely paraphrases the elements of a cause of action in conclusory terms is not sufficient. | "Is a pleading that merely paraphrases the elements of a cause of action in conclusory terms, sufficient?" | 023448.docx | LEGALEASE-00140905-LEGALEASE-00140906 |
| Tires 'N Tracks v. Dominic Fiordirosa Const. Co., 331 Ill. App. 3d 67 | 307A+477.1 | A response to requests to admit denying the facts that is neither timely nor sworn fails to comply with admissions rule. Sup.Ct.Rules, Rule 216(c). | Does a response to requests to admit denying the facts that are neither timely nor sworn fails to comply with admissions rule? | 030726.docx | LEGALEASE-00141397-LEGALEASE-00141398 |
| Read v. Patterson, 79 Tenn. 430 | 307A+74 | Neither the caption nor certificate need set forth the official character of the magistrate who takes a deposition, if his official character appears in his signature. | "Need neither the caption nor certificate set forth the official character of the magistrate who takes a deposition, if his official character appears in his signature?" | 032598.docx | LEGALEASE-00141388-LEGALEASE-00141390 |
| Oatman v. Andrew, 43 Vt. 466 | 307A+74 | Under G.S.1863, c. 36, S 3, subd. 3, P.S. 1608, subd. 3, providing for the taking and use of depositions of a witness who by reason of age, sickness, or other infirmity is incapable of traveling and appearing at court, a certificate of the magistrate that by reason of age and infirmity the witness was unsuitable to attend trial is insufficient. | Is a certificate of the magistrate that by reason of age and infirmity the witness was unsuitable to attend trial insufficient? | 032605.docx | LEGALEASE-00141348-LEGALEASE-00141349 |
| Edgefield Mfg. Co. v. Maryland Cas. Co., 78 S.C. 73 | 307A+74 | Testimony de bene esse taken in typewriting is good without a certificate of notary that it was written by the witness or read over to him. | Is testimony de bene esse taken in typewriting good without a certificate of notary? | 032617.docx | LEGALEASE-00141262-LEGALEASE-00141263 |
| Keating v. 68th & Paxton, 401 Ill. App. 3d 456 | 307A+554 | Ordinarily, a challenge to the circuit court's subject matter jurisdiction should be brought as a motion to dismiss. S.H.A. 735 ILCS 5/2-619(a)(1). | Should a challenge to the circuit court's subject matter jurisdiction be brought as a motion to dismiss? | Pretrial Procedure - Memo # 5981 - C - CK.docx | ROSS-003288142 |
| Maltas v. Maltas, 298 Conn. 354 | 228+818(6) | Connecticut rules of practice requiring a defendant, who wishes to challenge personal jurisdiction, to file a motion to dismiss within 30 days of filing an appearance, applied only to a challenge to the jurisdiction of a Connecticut court, and therefore did not apply to a judgment debtor's challenge, as defendant in a judgment creditor's Connecticut action to domesticate a foreign default judgment entered in an Alaska court, to the Alaska court's personal jurisdiction over the judgment debtor. Practice Book 1998, SS 10-30, 10-31(a), 10-32. | Do the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss? | 033410.docx | LEGALEASE-00141616-LEGALEASE-00141617 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Peplinski's Estate, 155 Pa. Super. 564 | 268+405 | General taxation is enforced to serve the necessary purposes of government, while local assessments are enforced to serve mere local convenience and for additional benefit of private property holders. | Is there a difference between why general taxation and local assessments are enforced? | Taxation - Memo # 403 - C- NA.docx | ROSS-003290143-ROSS-003290145 |
| B-C Remedy Co. v. Unemployment Comp. Comm'n of N. C., 226 N.C. 52 | 371+2810 | The relation between the state and a taxpayer is not one of contract, and the state acquires no vested interest in taxpayer's money which the state cannot waive by appropriate legislation. | Does the state acquire any vested interest in taxpayer's money which the state cannot waive by appropriate legislation? | 045163.docx | LEGALEASE-00141021-LEGALEASE-00141022 |
| Greene v. Franchise Tax Bd., 27 Cal. App. 3d 38 | 371+2005 | In exercising power to levy and collect taxes, the state acts in its sovereign, governmental capacity and is in no sense engaging in business. | Is the state engaging in business in exercising its power to levy and collect tax? | 045394.docx | LEGALEASE-00141537-LEGALEASE-00141538 |
| Avco Fin. Servs. Consumer Disc. Co. One v. Taxation Div. Dir., 4 N.J. Tax 349 | 371+2005 | A state's taxing power must bear a fiscal relation to protection, opportunities and benefits afforded by taxing state. | "Should a state's taxing power bear a fiscal relation to protection, opportunities and benefits afforded by taxing state?" | 045490.docx | LEGALEASE-00141760-LEGALEASE-00141761 |
| McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33 | 371+2005 | A state in imposing taxes for state purposes is not exercising any power which the Constitution has conferred on Congress, and it is only when the tax operates to regulate commerce between the states or with foreign nations to an extent which infringes the authority conferred on Congress that the tax exceeds constitutional limitations. U.S.C.A.Const. art. 1, S 8, cl. 3. | When does tax exceed constitutional limitations? | Taxation - Memo # 625 - C - SB.docx | ROSS-003289757-ROSS-003289758 |
| E.I. Du Pont De Nemours v. Eggleston, 264 Va. 13 | 413+2 | The right to compensation under the workmen's compensation law is granted by statute, and in giving the right, the legislature had full power to prescribe the time and manner of its exercise. West's V.C.A. S 65.2-100 et seq. | "Since the right to compensation under the workmens compensation law is granted by statue, what power does the legislature have?" | 048163.docx | LEGALEASE-00142049-LEGALEASE-00142050 |
| Gestetner Holdings, PLC v. Nashua Corp., 784 F. Supp. 78 | 25T+143 | Where claims may be understood to raise an arbitrable issue, arbitration must be compelled even if claims can also be characterized another way. | Do courts compel arbitration when claims raise an arbitrable issueeven if the claims can also be characterized another way? | Alternative Dispute Resolution - Memo 603 - RK.docx | LEGALEASE-00031889-LEGALEASE-00031890 |
| Seed Holdings v. Jiffy Int'l AS, 5 F. Supp. 3d 565 | 25T+145 | Sellers' claim that independent accountants (IAs) exceeded scope of their authority under arbitration provision in asset purchase agreement by relying on generally accepted accounting principles (GAAP), rather than "GAAP in accordance with the Sellers' past custom and practices," as provided in agreement, as accounting methodology in determining working capital adjustments to be awarded to buyers was subject to arbitration, where provision imposed no explicit limits on type of objections to calculation of working capital that may be raised before IAs, but instead called for "any dispute" relating to determination of actual closing working capital to be submitted to IAs for binding determination, and calculation of working capital for purpose of making purchase price adjustment necessarily entailed resolving proper accounting methodology to be used. 9 U.S.C.A. S 10(a)(4). | Does a dispute over the propriety of adjustments for non-compliance with accounting principles fall within the scope of an arbitration clause? | 007512.docx | LEGALEASE-00143178-LEGALEASE-00143180 |
| Frana v. Rollins, 59 S.D. 156 | 83E+410 | Note may be transferred without written indorsement, provided person or bank acquiring title pays value and note is delivered (Rev. Code 1919, S 1753). | Can title be acquired by transfer absent an endorsement? | 009608.docx | LEGALEASE-00142674-LEGALEASE-00142675 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Cornier-Ortiz, 361 F.3d 29 | 63+1(1) | Payments made for what was an underlying legitimate purpose, but intentionally misapplied to undermine a conflict of interest prohibition, were not within "bona fide salary exception" of statute governing theft or bribery relating to programs receiving federal funds. 18 U.S.C.A. S 666. | Does the bona fide exception apply to intentional misapplication of payments for legitimate purposes? | Bribery - Memo #151- C-CSS.docx | ROSS-003287213-ROSS-003287214 |
| State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars, 144 W. Va. 137 | 63+1(1) | At common law, all forms of bribery, except bribery of a judge in connection with a cause pending before him, were misdemeanors punishable by fine and imprisonment. | Under common law are all forms of bribery misdemeanors punishable by fine and imprisonment? | 011535.docx | LEGALEASE-00142342-LEGALEASE-00142343 |
| United States v. McLean, 802 F.3d 1228 | 110+1137(3) | Doctrine of invited error precluded government from arguing on appeal in bribery prosecution that district court erred in submitting to jury question of whether item could be classified as "benefit" required to establish federal jurisdiction, wheregovernment's proposed jury instruction explained that jury had to find that city received benefits in excess of $10,000 under federal program involving some form of federal assistance, and, at hearing on defendant's motion for judgment of acquittal, urged district court not to disturb jury's factual determination. 18 U.S.C.A. S 666. | Should the determination of whether funds provided under a specific federal program constitute benefits requires a case-by-case factual inquiry by a jury? | 012059.docx | LEGALEASE-00142593-LEGALEASE-00142594 |
| People v. Litt, 221 Cal. App. 2d 543 | 63+9 | Inference of offer to bribe may be drawn from suggestive language, and the intent may be gathered from surrounding circumstances; language of one soliciting another to offer or join in offer of bribing may not be explicit either as to the promise or the thing promised. West's Ann.Pen.Code, S 653f. | Can a persons intent in committing bribery be gathered from the surrounding circumstances? | 012210.docx | LEGALEASE-00142286-LEGALEASE-00142287 |
| Tarr v. Timberwood Park Owners Ass'n Inc., 510 S.W.3d 725 | 108+52 | One leasing his home to be used for transient purposes is not complying with the restrictive covenant that it be used solely for residential purposes. | Is the leasing of a home used for transient purposes not complying with the restrictive covenant that it be used solely for residential purposes? | Domicile - Memo # 8 - C - SA.docx | ROSS-003287442-ROSS-003287443 |
| Gulf Restoration Network v. Salazar, 683 F.3d 158 | 260+5.1(1) | Each stage of Outer Continental Shelf Lands Act (OCSLA) involves separate regulatory review that may, but need not, conclude in the transfer to lease purchasers of rights to conduct additional activities on the Outer Continental Shelf (OCS); and each stage includes specific requirements for consultation with Congress, between federal agencies, or with the States. Outer Continental Shelf Lands Act, SS 2-31, 43 U.S.C.A. SS 1331-1356a. | Does each stage of OCLA involve separate regulatory review? | 021235.docx | LEGALEASE-00143246-LEGALEASE-00143247 |
| Langston v. Red Iron Drilling Co., 38 F. Supp. 136 | 260+97 | Where an individual and a corporation each owned one half interest in an oil lease and each paid half of labor and all costs of production and partnership was formed for purpose of drilling an oil well, an ordinary "partnership" existed and the partners were not bound in solido for the debts of the partnership but the liability of each partner was limited to his virile share. LSA-C.C. art. 2826. | Are partners in an ordinary partnership bound in solido or for his virile share? | 021312.docx | LEGALEASE-00142506-LEGALEASE-00142507 |
| Pub. Lands for the People v. U.S. Dep't of Agric., 697 F.3d 1192 | 260+9 | Under the Organic Administration Act, the Department of Agriculture possesses statutory authority to regulate activities related to mining, even in non-wilderness areas, in order to preserve the national forests. Lieu Lands Act, S 1, 16 U.S.C.A. S 551. | Does the Department of Agriculture possess statutory authority to regulate activities related to mining? | Mines and Minerals - Memo #171 - C - EB.docx | ROSS-003302577-ROSS-003302579 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Choctaw Lumber Co. v. Gilmore, 11 Okla. 462 | 289+519 | St.1893, SS 3539, 3541, 54 Okl.St.Ann. SS 81, 83, providing that a partnership transacting business under a fictitious name shall file a certificate with the clerk of the district court, giving the names of the parties in full, and publish the same, and that persons so doing business contrary to the act shall not maintain any action in their name, is mandatory; and the publication must be of four consecutive weeks before any action can be maintained in the courts. | Can a partnership maintain an action on any contract made in the partnership name before filing the certificate and making the required publication? | 022418.docx | LEGALEASE-00143392-LEGALEASE-00143393 |
| Xylem Dewatering Sols. v. Dir., Div. of Taxation, 30 N.J. Tax 41 | 371+2005 | The federal constitution places limits on a State's power to tax value earned outside of its borders. | Does the federal constitution place limits on a State's power to tax value earned outside of its borders? | 032950.docx | LEGALEASE-00143476-LEGALEASE-00143477 |
| In re Gen. Motors Corp., 296 S.W.3d 813 | 307A+554 | Courts must and do have the power to dismiss lawsuits even when-particularly when-they lack jurisdiction over the subject matter of the suit. | Do courts have the power to dismiss lawsuits even when particularly when they lack jurisdiction over the subject matter of the suit? | Pretrial Procedure - Memo # 5795 - C - PC.docx | LEGALEASE-00032567-LEGALEASE-00032568 |
| In re Kaila B., 64 A.D.3d 647 | 307A+560 | Failure to comply with statutory requirements regarding manner or time of service by publication is a jurisdictional defect requiring dismissal of petition. | Is failure to comply with statutory requirements regarding manner or time of service by publication a jurisdictional defect? | Pretrial Procedure - Memo # 6125 - C - CK.docx | ROSS-003304841 |
| Alldred v. Alldred, 132 Conn. App. 430 | 307A+560 | Because service of process implicates a court's personal jurisdiction, an action commenced by improper service must be dismissed. | "Because service of process implicates a court's personal jurisdiction, should an action commenced by improper service be dismissed?" | Pretrial Procedure - Memo # 6128 - C - ES.docx | ROSS-003316077 |
| Reeves v. Travelers Ins. Companies, 421 A.2d 47 | 307A+747.1 | In exercising its discretion under Rules of Civil Procedure governing sanctions to be imposed for failure to comply with discovery or failure to comply with pretrial order, trial court must consider whether to impose sanction, upon whom, party or counselor or both, to impose sanction, and what sanction to impose. Rules of Civil Procedure, Rules 16(d), 37(b)(2). | Will the answer whether to impose a sanction on the party or counsel and what sanction to impose for failure to comply with the requirements of the rule governing pretrial procedure depend upon the particular circumstances? | 033817.docx | LEGALEASE-00142516-LEGALEASE-00142517 |
| Louisville & C. Ry. Co. v. L. Heilprin & Co., 95 Ill. App. 402 | 307A+74 | Where depositions were not returned to justice of peace who issued the dedimus and were not filed in circuit court and were not sealed up, but were open when presented, depositions were improperly admitted. Smith-Hurd Stats. c. 51, SS 30, 31. | "Where depositions are not returned to justice of peace who issued the dedimus and are not filed in circuit court, are those depositions improperly admitted?" | 033891.docx | LEGALEASE-00142248-LEGALEASE-00142249 |
| Edmunds v. Kraner, 142 Idaho 867 | 307A+746 | A trial court has authority to sanction parties for non-compliance with pretrial orders, and sanctions may include those enumerated in the rules of civil procedure for discovery violations. Rules Civ.Proc., Rules 16(i), 37(b)(2)(B, C, D). | Can sanctions include those enumerated in the rules of civil procedure for discovery violations? | Pretrial Procedure - Memo # 6371 - C - MS.docx | ROSS-003289874-ROSS-003289875 |
| Crenshaw v. State, 520 So. 2d 131 | 211+1724 | In proving gratification of lust in prosecution for fondling, State bears burden, as affirmative fact, of proving that person so charged was above age of 18 years. Code 1972, S 97-5-23. | Does the State bear the burden of proving the age of the accused in gratification of lust? | Sex Offence - Memo 97 - RK.docx | LEGALEASE-00033094-LEGALEASE-00033095 |
| Texas Entm't Ass'n v. Combs, 431 S.W.3d 790 | 371+2801 | The state generally has broad powers to impose and collect taxes, but it may not make classifications among taxpayers that are arbitrary, unreasonable, or capricious. Vernon's Ann.Texas Const. Art. 8, S 1. | Do states have broad powers to impose and collect taxes? | 045309.docx | LEGALEASE-00142660-LEGALEASE-00142661 |
| N. Pole Corp. v. Vill. of E. Dundee, 263 Ill. App. 3d 327 | 371+2060 | "Tax" exacts contributions in return for general welfare, whereas "special assessment" is charge levied against specific property in return for particular benefit to that property. S.H.A. 65 ILCS 5/9-2-45. | "Does ""tax"" exacts contributions in return for general welfare?" | 045612.docx | LEGALEASE-00142577-LEGALEASE-00142578 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Maricopa Cty. v. Trustees of Arizona, F. & A. M., 52 Ariz. 329 | 371+2060 | "Property taxes" are not personal "debts," but are enforced contributions to state or taxing unit for protection, and, unless otherwise provided, are collectible only from the property assessed. | "Are ""property taxes"" enforced contributions to state or taxing unit for protection?" | 045681.docx | LEGALEASE-00143087-LEGALEASE-00143088 |
| Mitsui & Co. (USA) v. C&H Refinery, 492 F. Supp. 115 | 25T+182(1) | Waiver of right to arbitrate is not favored and facts must be viewed in light of strong federal policy supporting international arbitration agreement; in order to find waiver, court must be convinced not only that party seeking arbitration acted inconsistently with that arbitration right, but that objecting party was prejudiced by such action. | Does a court need to be convinced that the other party was prejudiced before it can find a waiver? | 007741.docx | LEGALEASE-00144989-LEGALEASE-00144990 |
| Berry v. U.S., 267 F.2d 298 | 316P+224 | Rights of civilian and military public employees against government do not turn on contract doctrines, but are matters of legal status. | Do the rights of civilian and military public employees against the Government turn on contract doctrines? | 008656.docx | LEGALEASE-00144629-LEGALEASE-00144630 |
| Walker v. Chief Quarantine Officer, 69 F. Supp. 980 | 34+27(1) | A civilian employee serving in the field or at a military post is subject to the military regulations and the lawful orders of superior. Articles of War, art. 2(d), 10 U.S.C.A. S 802. | Are all civilian employees serving in the field or at a military post is subject to the lawful orders of superiors? | 008660.docx | LEGALEASE-00144635-LEGALEASE-00144636 |
| United States v. McDonnell, 792 F.3d 478 | 63+1(1) | When prosecuting a bribe recipient, Government need only prove that he or she solicited or accepted the bribe in return for performing, or being influenced in, some particular official act; consummation of an official act is not an element of the offense. | Is consummation of an official act an element of the crime of bribery? | 012212.docx | LEGALEASE-00143751-LEGALEASE-00143752 |
| United States v. Anderson, 517 F.3d 953 | 350H+653(4) | If the payer's intent is to influence or affect future actions, then the payment is a "bribe," within the meaning of the Sentencing Guidelines; if, on the other hand, the payer intends the money as a reward for actions the payee has already taken, or is already committed to take, then the payment is a "gratuity." U.S.S.G. SS 2C1.1, 2C1.2, 18 U.S.C.A. | "When a payor intends to reward an officials past conduct, what does the payment constitute?" | 012240.docx | LEGALEASE-00143921-LEGALEASE-00143922 |
| Carlson v. Dist. Court of City & Cty. of Denver, 116 Colo. 331 | 135+2 | "Residence" denotes that person dwells in a given place but "domicile" is person's legal home, or place where law presumes that he has intention of permanently residing although he may be absent from it. | "Does ""residence"" denote a place where a person dwells?" | 014484.docx | LEGALEASE-00144363-LEGALEASE-00144364 |
| In re Quinn's Estate, 283 Ill. App. 597 | 135+2 | The words "residence," "residing," and "domicile," though having different shades of meaning, are often used synonymously, and where such words are used in statutes they are used synonymously and signify legal residence or domicile unless their meaning is limited by express definition or context. | Does residence take on shades of meaning according to the context in which it is found? | 014496.docx | LEGALEASE-00144433-LEGALEASE-00144434 |
| Roesler v. Roesler, 396 S.C. 100 | 135+4(2) | "Domicile" means the place where a person has his true, fixed and permanent home and principal establishment, to which he has, whenever he is absent, an intention of returning. | "Is a person's domicile a place to which whenever he is absent, he has the intention of returning?" | Domicile - Memo # 24 - C - SA.docx | ROSS-003288336-ROSS-003288337 |
| Coyote Lake Ranch v. City of Lubbock, 498 S.W.3d 53 | 260+55(2) | A landowner may sever the mineral and surface estates and convey them separately; the severed mineral estate has the implied right to use as much of the surface estate as reasonably necessary to produce and remove minerals. | Can the mineral estate use as much of the surface estate as reasonably necessary to produce and remove minerals? | Mines and Minerals - Memo #245 - C - CSS.docx | ROSS-003302611-ROSS-003302612 |
| Herrington v. Martinez, 45 F. Supp. 543 | 260+12 | Under federal and California statutes, citizenship in the United States or declaration of intention to become a citizen is a prerequisite to locating of mining claims. 30 U.S.C.A. S 22; Civ.Code Cal. S 1426. | "For an individual to avail himself of the right to locate a mining claim or purchase mineral deposits in lands belonging to the United States, is citizenship of the United States or declaration of intention to become such a prerequisite?" | 021501.docx | LEGALEASE-00145044-LEGALEASE-00145045 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bridges v. Ingram, 122 Colo. 501 | 302+49 | If sufficient notice concerning transaction involved is afforded adverse party, theory of the pleader is not important. Rules of Civil Procedure, rules 1(a), 8(a), (f), 54(c). | Is the theory of the pleader important if the adverse party is afforded sufficient notice of the transaction involved? | Pleading - Memo 426 - RMM.docx | ROSS-003289266-ROSS-003289267 |
| Abrons Family Practice & Urgent Care, PA v. N. Carolina Dep't of Health & Human Servs., 792 S.E.2d 528 | 307A+554 | An action is properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. N.C. Gen. Stat. Ann. S 150B-43; N.C. R. Civ. P. S 1A-1. | Does a party's failure to exhaust administrative remedies permit a court to dismiss the action for lack of subject matter jurisdiction? | 032920.docx | LEGALEASE-00143743-LEGALEASE-00143744 |
| Chicot Cty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371 | 228+498 | A federal District Court sitting in bankruptcy has authority to pass upon its own jurisdiction, and its decree sustaining jurisdiction against attack, while open to direct review, is res judicata in a collateral action. | Does a court have the power to determine its own jurisdiction and to take the appropriate action of dismissing claims over which it do not have jurisdiction? | 033105.docx | LEGALEASE-00144077-LEGALEASE-00144078 |
| Humphries v. McCraw, 5 Ark. 61 | 307A+74 | Justices of the peace may administer oaths or certify depositions anywhere within their respective counties. | Can justices of the peace administer oaths or certify depositions anywhere within their respective counties? | 033116.docx | LEGALEASE-00144217-LEGALEASE-00144218 |
| Tubiolo v. Abundant Life Church, 167 N.C. App. 324 | 307A+681 | In considering a motion to dismiss for lack of subject matter jurisdiction, it is appropriate for the court to consider and weigh matters outside of the pleadings. Rules Civ.Proc., Rule 12(b)(1), West's N.C.G.S.A. S 1A-1. | Can the district court appropriately consider materials outside the pleadings in considering a motion to dismiss for lack of subject-matter jurisdiction? | 033204.docx | LEGALEASE-00144979-LEGALEASE-00144980 |
| O'Hara v. City of Hattiesburg, 222 So. 3d 314 | 307A+560 | Until statutory 120-day period for serving defendant has expired, any attempt to seek dismissal on the grounds of defective service is premature. Miss. R. Civ. P. 4(h). | "Until the statutory 120 day period for serving a defendant has expired, is any attempt to seek dismissal on the grounds of defective service premature?" | 033537.docx | LEGALEASE-00143619-LEGALEASE-00143620 |
| Davis v. Urquiza, 233 N.C. App. 462 | 307A+560 | Where there is no valid service of process, the court lacks jurisdiction over a defendant, and a motion to dismiss should be granted. Rules Civ.Proc., Rule 12(b), West's N.C.G.S.A. S 1A-1. | "Where there is no valid service of process, does the court lack jurisdiction over a defendant, and a motion to dismiss should be granted?" | Pretrial Procedure - Memo # 6132 - C - NS.docx | ROSS-003318352-ROSS-003318353 |
| Johnston v. Ethyl Corp., 683 F. Supp. 1059 | 170A+1837.1 | A dismissal without prejudice under rule providing for such dismissal if service is not made upon a defendant within 120 days after filing of complaint is intended to leave plaintiff in the same position as if the action had never been filed. Fed.Rules Civ.Proc.Rule 4(j), 28 U.S.C.A. | Is dismissal without prejudice under for failure to serve process intended to leave the plaintiff in the same position as if the action never had been filed? | Pretrial Procedure - Memo # 6140 - C - SN.docx | LEGALEASE-00034003-LEGALEASE-00034004 |
| Alldred v. Alldred, 132 Conn. App. 430 | 307A+560 | Because service of process implicates a court's personal jurisdiction, an action commenced by improper service must be dismissed. | Should an action commenced by improper service be dismissed because service of process implicates a court's personal jurisdiction? | 033648.docx | LEGALEASE-00144089-LEGALEASE-00144090 |
| Cuccia v. H.M. Weiner & Assocs., 234 A.D.2d 26 | 307A+560 | Failure to serve summons with complaint is jurisdictional defect requiring dismissal of action. McKinney's CPLR 304, 305(b). | Is failure to serve summons with complaint a jurisdictional defect requiring dismissal of action? | 034021.docx | LEGALEASE-00144413-LEGALEASE-00144414 |
| U.S. Bank Nat. Ass'n v. Croteau, 183 So. 3d 1089 | 307A+563 | Dismissal is considered the most extreme of sanctions and should be reserved for cases involving flagrant violations of procedural rules. | Is dismissal an extreme sanction and should be reserved for cases involving flagrant violations of procedural rules? | 034192.docx | LEGALEASE-00144716-LEGALEASE-00144717 |
| Lindsey v. King, 894 So. 2d 1058 | 30+784 | A sanction imposed under rules of appellate procedure must be commensurate with the violation; dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules. West's F.S.A. R.App.P.Rule 9.410. | Is dismissal an extreme sanction and should be reserved for cases involving flagrant violations of procedural rules? | Pretrial Procedure - Memo # 6593 - C - PC.docx | LEGALEASE-00034219-LEGALEASE-00034220 |
| M.L. v. Eskenazi Health / Midtown Mental Health CMHC, 80 N.E.3d 219 | 13+6 | When a court is unable to render effective relief to a party, the case is deemed moot and usually dismissed. | Is the case deemed moot and then dismissed if a court is unable to render effective relief to a party? | Pretrial Procedure - Memo # 6613 - C - NS.docx | ROSS-003301869-ROSS-003301870 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brumnett v. Psychiatric Sec. Review Bd., 315 Or. 402 | 13+6 | Cases that are otherwise justiciable, but in which a court's decision no longer will have a practical effect on or concerning the rights of the parties will be dismissed as moot. | "Will a case on which a court's decision will no longer have a practical effect, be dismissed as moot?" | 034281.docx | LEGALEASE-00144795-LEGALEASE-00144796 |
| Wasilewicz v. Vill. of Monroe Police Dep't, 288 A.D.2d 377 | 307A+746 | Where note of issue had not yet been filed, action could not be marked "off" the calendar for plaintiff's failure to attend status conference. McKinney's CPLR 3404. | "Where note of issue had not yet been filed, can an action be marked ""off"" the calendar for plaintiff's failure to attend status conference?" | Pretrial Procedure - Memo # 6659 - C - KG.docx | ROSS-003303277-ROSS-003303278 |
| Harstad v. City of Woodbury, 902 N.W.2d 64 | 307A+552 | A district court may dismiss a cause of action as moot if an event occurs that resolves the issue or renders it impossible to grant effective relief. | Will a matter be dismissed as moot if an event occurs that resolves the issue or renders it impossible for the court to grant effectual relief? | 034316.docx | LEGALEASE-00144269-LEGALEASE-00144270 |
| McCormick v. Meyer, 582 N.W.2d 141 | 307A+560 | If there is a delay in service, the court must first determine if the delay was presumptively abusive; if the court finds the delay is presumptively abusive, the court must then determine if the plaintiff has shown the delay was justified, and if the delay was not justified, the case must be dismissed. | "If delay in completing service is presumptively abusive, should the court determine if the plaintiff has shown the delay was justified?" | 034362.docx | LEGALEASE-00143987-LEGALEASE-00143988 |
| Savino v. Florida Drive In Theatre Mgmt., 697 So. 2d 1011 | 307A+690 | Trial court did not abuse its discretion in dismissing, with prejudice, personal injury case in which plaintiff sought recovery for brain damage and lost wages, based on plaintiff's fraud regarding preaccident intelligence and ability to work, despite argument that misconduct pertained to only portion of claim, as plaintiff lied about matters which went to heart of his claim on damages and repeated fabrications undermined integrity of his entire action; plaintiff's conduct amounted to scheme calculated to interfere with trial court's ability to impartially adjudicate his claim. | "Where repeated fabrications undermine the integrity of a party's entire case, is a dismissal for fraud upon the court proper?" | 034457.docx | LEGALEASE-00143774-LEGALEASE-00143775 |
| Hibner v. Bruening, 78 Conn. App. 456 | 307A+560 | Abode service is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed. C.G.S.A. S 52-57(a). | Is abode service not effective if it is left at an address that is not the usual address of the party to be served? | Pretrial Procedure - Memo # 6769 - C - ES.docx | ROSS-003318403 |
| Duarte v. Snap-on Inc., 216 So. 3d 771 | 307A+563 | To obtain a dismissal for fraud on the court, the movant must prove his case by clear and convincing evidence; substantively, he must show that his opponent sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense, which standard requires that a trial court balance two important public policies of the state, which consist of the preferred policy of adjudicating disputed civil cases on the merits and the policy of maintaining the integrity of the state's judicial system. | "To obtain a dismissal for fraud on the court, should the movant prove his case by clear and convincing evidence?" | Pretrial Procedure - Memo # 6839 - C - SK.docx | ROSS-003289393-ROSS-003289394 |
| Scott v. W. S. Badcock Corp., 161 Ga. App. 826 | 307A+746 | Trial court has authority to dismiss complaint for failure to appear at pretrial hearing; overruling Riden v. Commercial Credit Plan, 136 Ga.App. 191, 220 S.E.2d 746. Code, S 81A-141(b). | Does a trial court have authority to dismiss a complaint for failure to appear at a pretrial hearing? | Pretrial Procedure - Memo # 6852 - C - ES.docx | ROSS-003315476-ROSS-003315477 |
| Am. Hous. Corp. v. Rhoades, 1 Ohio App. 3d 130 | 307A+746 | Trial courts have authority to impose sanctions where actions of party operate to support judicial process; but justice requires that where range of sanctions is available, most drastic sanctions must be reserved for flagrant cases. | Do trial courts have authority to impose sanctions where actions of a party operate to support judicial process? | Pretrial Procedure - Memo # 6854 - C - ES.docx | ROSS-003316378-ROSS-003316379 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Donaldson v. Greenwood, 40 Wash. 2d 238 | 106+7 | An action to impress a party with an implied trust is a transitory one and the trust may be enforced and a conveyance ordered wherever the trustee may be found, regardless of the situs of the property. | Is a proceeding to impose a trust a transitory action even if real estate may be affected? | 047514.docx | LEGALEASE-00144932-LEGALEASE-00144933 |
| Riverside Publ'g Co. v. Mercer Publ'g LLC, 829 F. Supp. 2d 1017 | 25T+182(1) | There are three prerequisites to a conclusion that a party waived its arbitration right under the Federal Arbitration Act (FAA): (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. 9 U.S.C.A. S 1. | What are the three prerequisites required to conclude that a party waived its right to arbitration? | Alternative Dispute Resolution - Memo 731 - RK.docx | ROSS-003290754-ROSS-003290755 |
| Falcon Steel Co. v. Weber Eng'g Co., 517 A.2d 281 | 25T+182(1) | To extent that "waiver" is used in sense of laches or estoppel, by party claiming waiver of right to arbitrate by another, "waiver" operates to bar arbitration only where arbitration remedy would be inequitable, such as where relevant evidence has been lost due to delay. | Can waiver be used to bar arbitration? | 007791.docx | LEGALEASE-00146454-LEGALEASE-00146455 |
| United States v. Brewster, 408 U.S. 501 | 63+1(1) | In bribery prosecution, the Government need not show that defendant fulfilled the illegal bargain, and it does not matter if he defaults, since acceptance of the bribe is the violation of the statute, not performance of the illegal promise. 18 U.S.C.A. SS 2, 201(b), (c) (1), (g). | "In bribery prosecution, does the Government need to show that defendant fulfilled the illegal bargain?" | 012292.docx | LEGALEASE-00145387-LEGALEASE-00145388 |
| United States v. Terry, 707 F.3d 607 | 63+1(1) | One element of bribery involving a public official is that the public official must agree that his official conduct will be controlled by the terms of the promise or the undertaking; this agreement must include a quid pro quo, the receipt of something of value in exchange for an official act, but the agreement between the public official and the person offering the bribe need not spell out which payments control which particular official acts, rather, it is sufficient if the public official understood that he or she was expected to exercise some influence on the payor's behalf as opportunities arose. 18 U.S.C.A. S 201(b)(2). | "To commit bribery, should the public official agree that his official conduct will be controlled by the terms of the promise or the undertaking?" | 012342.docx | LEGALEASE-00145865-LEGALEASE-00145866 |
| United States v. Lex, 300 F. Supp. 2d 951 | 260+29.1 | Surface Resources and Multiple Use Act of 1955 would provide basis for Forest Service to take action to keep defendants, who asserted authorization to camp on National Forest land by virtue of mining claim, from camping on Forest land only if defendants' claim were not good faith claim, but rather, the sort of sham claim the Multiple Use Act sought to prevent; mining claim locators had exclusive right of possession and enjoyment of all surface included within lines of their locations, and there was no reason to believe occupancy of claim was not "reasonably incident" to mining and therefore unauthorized. 30 U.S.C.A. S 26; Multiple Use Mining Act of 1955, S 4(a, b), as amended, 30 U.S.C.A. S 612(a, b); 36 C.F.R. S 261.10(b). | "Under the Multiple Use Act, could one only occupy land on a mining claim for the purposes of mining activity or uses reasonably incident thereto?" | 021446.docx | LEGALEASE-00146056-LEGALEASE-00146058 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lakota Consol. Indep. Sch. v. Buffalo Ctr./Rake Cmty. Sch., 334 N.W.2d 704 | 302+48 | For purposes of passing on motion to dismiss for failure to state claim upon which relief can be granted, notice pleading requires only short and plain statement of claim, and, in order to sustain such a motion, Supreme Court must conclude that no state of facts is conceivable under which plaintiff might show right of recovery. Rules Civ.Proc., Rule 104(b). | Does notice pleading require only a short and plain statement of the claim? | 023535.docx | LEGALEASE-00145266-LEGALEASE-00145267 |
| Union Realty Co. v. Family Dollar Stores of Tennessee, 255 S.W.3d 586 | 307A+552 | In the absence of exceptional circumstances justifying an exception to the mootness doctrine, if a cause of action loses its character as a live controversy, it will be dismissed as moot. | Can a cause of action be dismissed as moot if it loses its character as a live controversy? | 034123.docx | LEGALEASE-00145370-LEGALEASE-00145371 |
| In re Bledsoe, 41 S.W.3d 807 | 307A+746 | Only in exceptional situations may case-determinative sanctions be imposed in the first instance-when they are clearly justified and no lesser sanctions will promote compliance. | "Only in exceptional situations, can case-determinative sanctions be imposed in the first instance-when they are clearly justified?" | 034638.docx | LEGALEASE-00145170-LEGALEASE-00145171 |
| Priest v. Landon, 135 Idaho 898 | 307A+746 | The imposition of sanctions for violations of pretrial orders is committed to the discretion of the trial court, and the Court of Appeals will not overturn such a decision absent a manifest abuse of that discretion. Rules Civ.Proc., Rule 16(i). | Is the imposition of sanctions committed to the discretion of the trial court and it will not be overturned absent a manifest abuse of that discretion? | Pretrial Procedure - Memo # 6970 - C - KG.docx | ROSS-003288564-ROSS-003288565 |
| Fox v. First Bank, 198 Conn. 34 | 307A+563 | Generally, sanction imposed to compel observance of court order should not serve as punishment or penalty, and courts should be reluctant to employ sanction of dismissal except as last resort, but such drastic action is not an abuse of discretion where party shows deliberate, contumacious or unwarranted disregard for court's authority. | "Generally, can a sanction imposed to compel observance of court order not serve as punishment or penalty?" | 034831.docx | LEGALEASE-00146067-LEGALEASE-00146068 |
| Bob Montgomery Real Estate v. Djokic, 858 So. 2d 371 | 307A+563 | Sanction of dismissal may be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing. | "Because of the consequences of a dismissal with prejudice, should this sanction be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing?" | 034838.docx | LEGALEASE-00146176-LEGALEASE-00146177 |
| Woodbury Lumber Co. v. McIntosh, 125 Vt. 154 | 307A+552 | Rule for determining whether causes of action are the same so as to be vexatious and oppressive is to determine whether relief sought in second action may be fully obtained in the first. | What is the purpose of the rule for determining whether causes of action are the same so as to be vexatious and oppressive? | Pretrial Procedure - Memo # 7173 - C - KG.docx | ROSS-003331861 |
| State v. Harris, 104 P.3d 1250 | 110+303.15 | Authority of superior court to dismiss cause of action for failure to prosecute or to comply with court's rules or orders is inherent power of trial court that is concomitant to control vested in trial court to manage its affairs and to achieve orderly disposition of its business. | Does a superior court have authority to dismiss an action for failure to prosecute or to comply with a superior court's rules or orders? | Pretrial Procedure - Memo # 7205 - C - DHA.docx | ROSS-003318427-ROSS-003318428 |
| Prejean v. Ortego, 262 So. 2d 402 | 307A+563 | Court may order a litigant to perform some act, procedural in character, and upon his failure or refusal to do so, the court has the right to dismiss the suit. | "Can a court order a litigant to perform some act, procedural in character?" | 035178.docx | LEGALEASE-00145861-LEGALEASE-00145862 |
| Rhea v. Hackney, 117 Fla. 62 | 307A+552 | By virtue of its inherent power, court has authority to peremptorily dispose of cause of action that is frivolous or wholly vexatious. | Does court have authority to peremptorily dispose of cause of action that is frivolous or wholly vexatious? | 035285.docx | LEGALEASE-00145501-LEGALEASE-00145502 |
| Johnson v. Horizon Fisheries, 148 Wash. App. 628 | 307A+563 | Trial court must find that noncompliance with its orders substantially prejudiced the other party in order to justify involuntarily dismissing an action. CR 41(b). | Should a trial court find that noncompliance with its orders substantially prejudiced the other party in order to justify involuntarily dismissing an action? | 035498.docx | LEGALEASE-00146621-LEGALEASE-00146622 |
| Cox v. Burke, 706 So. 2d 43 | 307A+563 | Trial court has inherent authority, within exercise of sound judicial discretion, to dismiss action when plaintiff has perpetrated fraud on court, or where party refuses to comply with court orders. | "Because dismissal for fraud on the court is the most severe of all possible sanctions, should it be employed only in extreme circumstances?" | 035526.docx | LEGALEASE-00145991-LEGALEASE-00145992 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Doe v. Univ. of Chicago Med. Ctr., 2015 IL App (1st) 133735 | 307A+681 | Under rule providing for dismissal of a complaint when barred by affirmative matter, the affirmative matter must be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials, and it must do more than refute a well-pleaded fact in the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | Should an affirmative matter be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials? | Pretrial Procedure - Memo # 7929 - C - DA.docx | ROSS-003286882-ROSS-003286883 |
| Valleycrest Landscape Maint. v. State, Dep't of Revenue, 213 So. 3d 992 | 371+3682 | Constitutional provision, authorizing second gas tax upon gasoline and other like products of petroleum and equivalent tax upon sources of energy used to propel motor vehicles, did not restrict tax to gasoline used in motor vehicles; the phrase "used to propel motor vehicles," applied to "equivalent tax upon other sources of energy," not to the tax "upon gasoline and other like products of petroleum," and did not limit the scope of gasoline tax. West's F.S.A. Const. Art. 12, S 9(c), (c)(1). | Can state impose taxes that are not expressly inhibited by State or Federal Constitutions? | Taxation - Memo # 821 - C - CK.docx | ROSS-003289844-ROSS-003289845 |
| Se. Mobile Homes v. Transit Homes, 192 So. 2d 53 | 307A+690 | Trial court has authority to dismiss a complaint with prejudice where the plaintiff wilfully fails to obey an order of court. | Does a trial court have authority to dismiss a complaint with prejudice where the plaintiff willfully fails to obey an order of court? | Pretrial Procedure - Memo # 7029 - C - SB.docx | ROSS-003326550-ROSS-003326551 |
| Maldonado v. Ford Motor Co., 476 Mich. 372 | 307A+563 | The authority to dismiss a lawsuit for litigant misconduct is a creature of the clean hands doctrine and, despite its origins, is applicable to both equitable and legal damages claims. | Does a trial court have inherent authority to dismiss a lawsuit for litigant misconduct? | 034913.docx | LEGALEASE-00146775-LEGALEASE-00146776 |
| Klineline v. Klineline, 481 S.W.3d 551 | 241+180(7) | When an affirmative defense is asserted, such as a statute of limitations, the petition may not be dismissed unless it clearly establishes on its face, and without exception, that the action is barred. | Can a petition be dismissed when an affirmative defense is asserted? | 11355.docx | LEGALEASE-00094085-LEGALEASE-00094086 |
| Succession of Sigur v. Henritzy, 126 So. 3d 529 | 307A+581 | Because dismissal is the harshest of remedies, any reasonable doubt about abandonment of an action should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. LSA-C.C.P. art. 561 (2006). | Should any reasonable doubt about abandonment of an action be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment? | 11046.docx | LEGALEASE-00094826-LEGALEASE-00094827 |
| Aliaga Med. Ctr., S.C. v. Harris Bank N.A., 2014 IL App (1st) 133645 | 307A+561.1 | A motion to dismiss with respect to pleadings admits the legal sufficiency of the complaint but asserts affirmative matter outside the complaint that defeats the cause of action. S.H.A. 735 ILCS 5/2-619(a). | Will a motion to dismiss with respect to pleadings admit the legal sufficiency of the complaint? | Pretrial Procedure - Memo # 7870 - C - UG.docx | ROSS-003300253-ROSS-003300254 |
| Com. v. Dowe, 315 Mass. 217 | 63+1(1) | At common law, with respect to every kind of public officer, the giving or receiving of a bribe for official favor was a misdemeanor. | Is the giving or receiving of a bribe for official favor considered a misdemeanor under common law? | 10774.docx | LEGALEASE-00094254-LEGALEASE-00094255 |
| Com. v. Clarke, 311 Pa. Super. 446 | 63+1(1) | Under section of crimes code proscribing bribery in official and political matters, once offer to confer proscribed benefit or agreement is made, the crime is complete, and there need be no waiting for benefit to actually be conferred. 18 Pa.C.S.A. SS 4701, 4701(a)(3). | Is the crime of bribery complete once there has been an offer to confer a proscribed benefit? | Bribery - Memo #899 - C - LB.docx | ROSS-003285985-ROSS-003285986 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lane Bros. Co. v. Barnard's Adm'r, 111 Va. 680 | 200+200 | A defendant engaged in road improvement who has located his machinery in a public road, as he had a lawful right to do, and is operating it according to the methods usually pursued in similar work, is not liable for an injury inflicted on a traveller on the road by reason of his horse taking fright at the machinery, or the noises made by it. Though machinery and the noises made in operating it are of such a character as to frighten horses, this alone does not impose a liability. | Can a person be held liable for frightening horses as a result of his lawful occupation of the road with machinery? | 018638.docx | LEGALEASE-00147819-LEGALEASE-00147820 |
| United States v. Bagwell, 961 F.2d 1450 | 260+38(1) | If United States determines that possession of mining claim is in bad faith, it may choose to bring action in federal court to recover possession of public land without first adjudicating validity of claim in administrative proceedings; determination of validity of claim is not violative of primary jurisdiction but is incident or ancillary to federal court's jurisdiction to vindicate United States' possessory interest in public lands. 28 U.S.C.A. S 1291. | Are federal courts always open to the United States to vindicate or determine possessory rights in public land? | Mines and Minerals - Memo #284 - C - EB_57477.docx | ROSS-003281088-ROSS-003281089 |
| Hines v. Stein, 298 U.S. 94 | 296+6 | Purpose of regulations in respect of fees of those concerned with pension matters is to protect United States and beneficiaries against extortion, imposition, or fraud. 38 U.S.C.A. SS 210, 611, 3404; Act July 4, 1884, SS 4, 6, 23 Stat. 99, 101; Executive Order No. 6098, Veteran's Reg. No. 10. | What is the purpose of regulations in respect of fees of those concerned with pension matters? | 022831.docx | LEGALEASE-00147833-LEGALEASE-00147835 |
| In re Bledsoe, 41 S.W.3d 807 | 307A+746 | A "death penalty sanction" is any sanction that adjudicates a claim and precludes the presentation of the case on the merits; any sanction that is "case determinative" may constitute a death penalty sanction. | "Is a ""death penalty sanction"" any sanction that adjudicates a claim and  precludes  the presentation of the case on the merits?" | 034969.docx | LEGALEASE-00147658-LEGALEASE-00147659 |
| Rashard v. Cappiali, 171 So. 2d 581 | 307A+563 | Trial court has authority to dismiss complaint with prejudice where plaintiff wilfully fails to obey an order of court. 30 F.S.A. Rules of Civil Procedure, rule 1.35(b). | Does a trial court have authority to dismiss a complaint with prejudice where a plaintiff willfully fails to obey an order of court? | Pretrial Procedure - Memo # 7086 - C - SB_57512.docx | ROSS-003321502-ROSS-003321503 |
| Brodbeck v. Gonzalez, 336 So. 2d 475 | 307A+563 | Dismissal as punishment for plaintiff's failure to comply with court order is in large measure discretionary matter with trial judge. 30 West's F.S.A. Rules of Civil Procedure, rule 1.380(b)(2). | Does the trial judge have discretion on a sanction of dismissal to be imposed for plaintiff's failure to comply with court order? | Pretrial Procedure - Memo # 7453 - C - SB.docx | LEGALEASE-00037074-LEGALEASE-00037075 |
| Lizama v. Williams, 759 So. 2d 865 | 307A+590.1 | Ongoing negotiations do not necessarily relieve the negotiating parties of their duty to protect the court record once suit has been filed for purposes of determining whether action had been abandoned. LSA-C.C.P. art. 561. | Do ongoing negotiations relieve the negotiating parties of their duty to protect the court record once suit has been filed? | Pretrial Procedure - Memo # 7472 - C - DHA_57513.docx | ROSS-003293182-ROSS-003293183 |
| London Livery, Ltd. v. Brinks, 2008-0230 (La. App. 4 Cir. 12/10/08) | 307A+590.1 | Motions to withdraw, enroll, or substitute counsel are not considered formal steps in the prosecution as contemplated by the abandonment article. LSA-C.C.P. art. 561. | "Are motions to withdraw, enroll, or substitute counsel not considered formal steps in the prosecution?" | 035622.docx | LEGALEASE-00147624-LEGALEASE-00147625 |
| Philips v. Marshall Berwick Chevrolet, 467 So. 2d 1068 | 307A+590.1 | Where activity by plaintiff is facially sufficient, as opposed to merely passive, e.g., a name change, or substitution of counsel, court cannot inquire further as to how well the activity advances the cause in determining whether to dismiss action for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | "Where activity by a plaintiff is facially sufficient, can a court inquire further?" | Pretrial Procedure - Memo # 7510 - C - DHA.docx | ROSS-003286201 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fair Auto. Repair v. Car-X Serv. Sys., 128 Ill. App. 3d 763 | 307A+563 | Trial court possesses inherent power to dismiss cause for failure of party to take some step as ordered where no sufficient excuse is provided; however, dismissal for noncompliance with orders of court is drastic sanction and is proper only as last resort where party is shown a deliberate, contumacious and unwarranted disregard for court's authority. | Does a trial court have authority to dismiss an action for noncompliance with a court order or court rules? | 035730.docx | LEGALEASE-00147513-LEGALEASE-00147514 |
| Caruthers v. State, 58 N.E.3d 207 | 307A+581 | Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered in ruling on motion to dismiss for failure to prosecute. Trial Procedure Rule 41(E). | Can courts be asked to carry cases on their dockets indefinitely and should the courts consider the rights of the adverse party be considered? | Pretrial Procedure - Memo # 7636 - C - NE.docx | LEGALEASE-00037348-LEGALEASE-00037349 |
| Delacruz v. Anadarko Petroleum Corp., 2014-0433 (La. App. 4 Cir. 12/3/14) | 307A+581 | Any reasonable doubt about abandonment of a claim based on the parties' failure to take any step in its prosecution or defense for a period of three years should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. LSA-C.C.P. art. 561. | Should any reasonable doubt about abandonment of a claim based on the parties' failure be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment? | Pretrial Procedure - Memo # 7678 - C - SHB.docx | ROSS-003286491-ROSS-003286492 |
| Gravlee v. Gravlee, 79 So. 3d 1169 | 307A+581 | Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned; thus, where there is a question regarding abandonment, courts stress substance over form. LSA-C.C.P. art. 561. | Is abandonment meant as a ground to dismiss actions on mere technicalities? | 11124.docx | LEGALEASE-00094621-LEGALEASE-00094622 |
| Swarey v. Stephenson, 222 Md. App. 65 | 334+109 | Defendant, who filed motion to dismiss for lack of personal jurisdiction and insufficiency of service of process only after removed action raising state law and federal Racketeer Influenced and Corrupt Organizations Act (RICO) claims was remanded to the state court following dismissal of RICO claim, waived defense of insufficient service of process, where both state and federal rule required that defenses which were subject of defendant's motion be raised through preliminary motion prior to the defendant's answer or, under federal rule, as part of the answer, defendant answered the complaint, including all state law claims, in federal court, defendant failed to assert the defense either prior to or in his answer to the complaint in federal court, federal court could have addressed state law claims had it exercised supplemental jurisdiction, and federal court would have applied Maryland law to the state law claims. Fed.Rules Civ.Proc.Rule 12(b), 28 U.S.C.A.; Md.Rule 2-322(a). | "Is the question of whether a suit was abandoned, as the basis for dismissal, a legal question?" | 035928.docx | LEGALEASE-00147097-LEGALEASE-00147098 |
| Melton v. Ryander, 727 S.W.2d 299 | 307A+690 | Dismissal of action for want of prosecution should not have been "with prejudice"; dismissal for want of prosecution was not an adjudication of the rights of the parties but, instead, simply placed the parties in the position they were in prior to filing of action. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Should an order of dismissal for want of prosecution, place the parties in the position they were in prior to filing the suit?" | 11144.docx | LEGALEASE-00094115-LEGALEASE-00094116 |
| Tosar v. Sladek, 393 So. 2d 61 | 307A+590.1 | Nonrecord activity was not sufficient to show good cause for the denial of defendant's motion to dismiss wrongful death action for failure to prosecute. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.420(e). | "Can nonrecord activity constitute ""good cause"" so as to prevent dismissal for failure to prosecute?" | 11177.docx | LEGALEASE-00094461-LEGALEASE-00094462 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kopilas v. Peterson, 206 A.D.2d 460 | 307A+699 | Plaintiffs did not rebut presumption of abandonment which attached when case was automatically dismissed for failure to prosecute where there was no activity for 17 months and no showing of adequate excuse, although there was an agreement to restoring consent at the time that the matter was marked off the calendar. McKinney's CPLR 3404. | Is an agreement to continue the case insufficient to prevent an automatic dismissal? | 11185.docx | LEGALEASE-00094607-LEGALEASE-00094608 |
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 192 | 307A+581 | A showing of delay or contumacious conduct is sufficient for a dismissal for want of prosecution when a lesser sanction would not serve the best interests of justice. Rules Civ.Proc., Rule 41(b). | Is a showing of delay or contumacious conduct sufficient for a dismissal for failure to prosecute? | Pretrial Procedure - Memo # 7741 - C - SK.docx | ROSS-003327098-ROSS-003327099 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+561.1 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | Will absence of law to support a claim dismiss a complaint? | 036072.docx | LEGALEASE-00147489-LEGALEASE-00147490 |
| Locklear v. Lanuti, 176 N.C. App. 380 | 307A+561.1 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Will absence of law to support a claim dismiss a complaint? | Pretrial Procedure - Memo # 7773 - C - KS.docx | LEGALEASE-00037580-LEGALEASE-00037581 |
| London Livery, Ltd. v. Brinks, 2008-0230 (La. App. 4 Cir. 12/10/08) | 307A+590.1 | Motions to withdraw, enroll, or substitute counsel are not considered formal steps in the prosecution as contemplated by the abandonment article. LSA-C.C.P. art. 561. | "Is a motion to withdraw or enroll as counsel or to substitute counsel not considered a formal ""step"" before court in prosecution of suit?" | 036106.docx | LEGALEASE-00148061-LEGALEASE-00148062 |
| Williams v. Rock-Tenn Servs., 2016 COA 18, 15, 370 P.3d 638 | 307A+561.1 | In narrow circumstances, when the allegations indicate the existence of an affirmative defense that will bar the award of any remedy, a party may raise an affirmative defense in a motion to dismiss. | Will a party raise an affirmative defense in a motion to dismiss for failure to state a claim? | 11297.docx | LEGALEASE-00094740-LEGALEASE-00094741 |
| Williams v. Rock-Tenn Servs., 2016 COA 18, 15, 370 P.3d 638 | 307A+561.1 | In narrow circumstances, when the allegations indicate the existence of an affirmative defense that will bar the award of any remedy, a party may raise an affirmative defense in a motion to dismiss. | When can a party raise an affirmative defense in a motion to dismiss? | 09971.docx | LEGALEASE-00096427-LEGALEASE-00096428 |
| Shiffman v. K, 657 P.2d 401 | 307A+590.1 | Term "proceeding" as used in rule providing for dismissal of suits for want of prosecution when no proceedings have been taken therein for more than one year, means a step, act or measure of record, by the plaintiff, which reflects the serious determination of plaintiff to bring the suit to a resolution, or a step, act or measure of record, by either party, which reflects that the suit is not stagnant. Rules Civ.Proc., Rule 41(e). | "What does the term ""proceeding"" mean?" | 11327.docx | LEGALEASE-00094591-LEGALEASE-00094592 |
| Wilcox v. Morse, 693 So. 2d 91 | 307A+590.1 | To preclude dismissal for lack of prosecution, activity taken within previous year must be designed to advance case toward conclusion. West's F.S.A. RCP Rule 1.420(e). | "To preclude a dismissal for lack of prosecution, should activity taken within previous year be designed to advance case toward conclusion?" | 036215.docx | LEGALEASE-00147529-LEGALEASE-00147530 |
| Landers-Scelfo v. Corp. Office Sys., 356 Ill. App. 3d 1060 | 307A+561.1 | A party moving to dismiss under Code of Civil Procedure section governing involuntary dismissal based upon certain defects and defenses admits the legal sufficiency of the complaint, but asserts the existence of an external defect or defense that defeats the cause of action. S.H.A. 735 ILCS 5/2-619. | Can a party deny the legal sufficiency of the complaint in a motion to dismiss on the pleadings? | 036218.docx | LEGALEASE-00147533-LEGALEASE-00147534 |
| Pac. Ins. Co. v. Botelho, 891 So. 2d 587 | 307A+561.1 | A motion to dismiss cannot be granted based on an affirmative defense unless the defense appears upon the face of a pleading. | Will a motion to dismiss be granted based on an affirmative defense unless the defense appears on the face of a pleading? | 036228.docx | LEGALEASE-00147553-LEGALEASE-00147554 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reynolds v. Indus. Claim Appeals Office of State of Colo., 794 P.2d 1080 | 413+2 | Right to disability benefits is not fundamental, and legislative body has broad discretion in implementing social programs designed to promote public health, safety, and welfare. | Is the right to disability benefits a fundamental right? | 10642.docx | LEGALEASE-00095010-LEGALEASE-00095011 |
| U.S. v. Tomoya Kawakita, 96 F. Supp. 824 | 24+117 | A citizen or subject owes an absolute and permanent allegiance to his government or sovereign, or at least until, by some open and distinct act, he renounces it and becomes a citizen or subject of another government or another sovereign, and an alien, while domiciled in country, owes a local and temporary allegiance, which continues during the period of his residence. | Does a citizen or subject owe a permanent allegiance to the country? | Aliens_Immigration and_1zfxH3_8N4xQUTOx mdmMtlT2FaX0FiMRw.docx | ROSS-000000304-ROSS-000000305 |
| Valerio v. Mulle, 148 F. Supp. 546 | 24+136 | Aliens in United States are entitled to the protection of its constitution and laws with respect to their rights of person and property, and they are entitled to this protection, under certain circumstances, in both criminal and civil proceedings against them. | Are aliens entitled to the protection of the Constitution and laws of this country? | Aliens_Immigration and_1gJrcxhRzRjTO2d57y jVXIYQGPTYpKntS.docx | ROSS-000000293 |
| Powell v. Unemployment Comp. Bd. of Review, 146 Pa. Super. 147 | 157+23(1) | The Superior Court would take judicial notice that Communism, as a political movement, is dedicated to the overthrow of the government of the United States, and with it the governments of the states as necessary incidents in our system of divided sovereignty, by force and violence. | Can aliens who are members of a group or organization which advocates the overthrow of organized government by force be subject to deportation? | Aliens_Immigration and_1ZFDamON_2EL5fw WitM6iBKAyoFSdPkWA.docx | ROSS-000000291-ROSS-000000292 |
| In re Y. Akado, 188 Cal. 739 | 24+131(11) | Under Initiative Alien Land Act 1920, SS 1, 2, declaring that no alien who is not eligible to citizenship may acquire real property except as provided by the treaty between the United States and the country of which such alien is a citizen, and the treaty between the United States and Japan providing that citizens of Japan residing in the United States may lease land for residential and commercial purposes only, but containing no provisions authorizing an alien to lease or acquire land for agricultural purposes, a native-born subject of Japan cannot acquire agricultural land in the state. | "Can an alien, ineligible for citizenship, acquire real property?" | 007045.docx | LEGALEASE-00148338-LEGALEASE-00148339 |
| Martinez v. Carnival Corp., 744 F.3d 1240 | 25T+143 | In determining whether a dispute arises out of a contract containing an arbitration clause, requiring that disputes arising out of the contract be resolved by arbitration, the focus is on whether the tort or breach in question was an immediate, foreseeable result of the performance of contractual duties. | What do the courts consider as the focus in determining whether a dispute arises out of a contract? | 007870.docx | LEGALEASE-00148921-LEGALEASE-00148922 |
| United States v. Gast, 457 F.2d 141 | 34+20.6(6) | In order to qualify for IV-D ministerial exemption, registrant must establish that teaching and preaching are regularly performed and comprise registrant's customary vocation, and such rigid criteria cannot be met where teaching or preaching is performed part time or half time, occasionally or irregularly. | Does a registrant have to establish a regularity of religious preaching and teaching to qualify for a ministerial exemption? | Armed Services - Memo 313 - RK_58127.docx | ROSS-003294044-ROSS-003294046 |
| United States v. Johnson, 70 F.2d 399 | 34+73(5) | Substantially continuous work record, at reasonable wage, which is not shown to have caused any injury to general health of insured, nullifies theory of total disability under war risk policy. | Can the plaintiff recover if his total and permanent disability existed while the policy of insurance was in force? | 008776.docx | LEGALEASE-00148836-LEGALEASE-00148837 |
| Valentine v. Hayes, 102 Fla. 157 | 8.30E+05 | Uniform Negotiable Instruments Law should receive uniform interpretation and construction in all states where it prevails; in construing Uniform Negotiable Instruments Law, it is pertinent to resort to holdings in other jurisdictions where act is in force. | "Should Uniform Negotiable Instruments law be uniform in interpretation, construction and application?" | Bills and Notes -Memo 602-DB_57715.docx | ROSS-003281491-ROSS-003281492 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Valentine v. Hayes, 102 Fla. 157 | 8.30E+05 | Uniform Negotiable Instruments Law should receive uniform interpretation and construction in all states where it prevails; in construing Uniform Negotiable Instruments Law, it is pertinent to resort to holdings in other jurisdictions where act is in force. | Should Uniform Negotiable Instruments Law receive uniform interpretation? | 010549.docx | LEGALEASE-00148516-LEGALEASE-00148517 |
| Empire Millwork Corp. v. Lapides, 155 F. Supp. 765 | 195+47 | Under the Uniform Negotiable Instruments Act providing that a holder may retain his right of action against a party secondarily liable even without his consent, fact that composition agreement extended time for payment on note by the primary obligor did not also operate to extend time for payment by the indorser-guarantor until the same date. Code Md.1951, art. 13, S 140(6). | Can holder retain right of action against person secondarily liable? | Bills and Notes- Memo 656-IS_57894.docx | ROSS-003294367 |
| State Bank of Halstad v. Bilstad, 162 Iowa 433 | 8.30E+05 | Provisions of the negotiable instruments act must be construed with reference to its stated purpose, so that the negotiable character of paper may not be destroyed by local laws and conflicting decisions. | Is the purpose of Negotiable instruments law to make sure that the negotiable character of commercial paper is not destroyed? | 010607.docx | LEGALEASE-00148739-LEGALEASE-00148740 |
| Denton v. Erwin, 5 La. Ann. 18 | 156+5 | A party cannot deny a judicial admission solemnly made by him, nor shift his position at will to a contradictory one in relation to the subject-matter of litigation, to defeat an action of the law thereon. | Is a man permitted to deny what he solemnly acknowledged in a judicial proceeding or shift his position to a contradictory one in relation to the subject matter of the litigation? | Estoppel - Memo #20 - C - CSS_58252.docx | ROSS-003294587-ROSS-003294588 |
| Pane v. City of Danbury, 267 Conn. 669 | 302+34(1) | Under modern rules of pleading, slight linguistic ambiguity should not be fatal to a cause of action, and pleadings should be read broadly and realistically, rather than narrowly and technically; however, trial court is not obligated to read into pleadings factual allegations that simply are not there or to substitute a cognizable legal theory that the facts, as pleaded, might conceivably support for the noncognizable theory that was actually pleaded. | Is a slight linguistic ambiguity fatal to a cause of action? | Pleading - Memo 461 - RMM_58009.docx | ROSS-003294542-ROSS-003294543 |
| Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153 | 302+18 | Requirement of specificity in complaint for fraud is relaxed when allegations indicate defendant must necessarily possess full information concerning facts of controversy or when facts lie more in knowledge of opposite party. | When is the requirement of specificity relaxed? | Pleading - Memo 468 - RMM_58016.docx | ROSS-003281328-ROSS-003281329 |
| Tri Star Investments v. Miele, 407 So. 2d 292 | 307A+675 | Court should carefully adhere to established due process, adversarial practice, and evidentiary rules in conducting an inquiry into charges that fraud has been perpetrated on the court. | "While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, is that the most severe of sanctions and the court must carefully adhere to established due process?" | 035009.docx | LEGALEASE-00148079-LEGALEASE-00148080 |
| Bogan v. Byrom, 151 So. 2d 718 | 307A+563 | The court has the right and power to order a litigant to perform some act, procedural in character, and, upon his failure or refusal to do so, to dismiss his suit. LSA-C.C.P. art. 933. | Does a court have the right and power to order a litigant to perform some act? | 035079.docx | LEGALEASE-00148494-LEGALEASE-00148495 |
| Maxon v. Ottawa Pub. Co., 402 Ill. App. 3d 704 | 307A+561.1 | A motion to dismiss for failure to state a claim attacks the legal sufficiency of the complaint; it does not raise affirmative factual defenses, but alleges only defects on the face of the complaint. S.H.A. 735 ILCS 5/2-615. | Will a motion to dismiss attack the legal sufficiency of a complaint by alleging defects on the face of the complaint? | 035780.docx | LEGALEASE-00148232-LEGALEASE-00148233 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lester v. State Workmen's Comp. Com'r, 161 W. Va. 299 | 413+9 | Rights and duties under workmen's compensation statute are no longer contractual but grow out of employer-employee status to which law attaches certain duties and responsibilities and liability of employers arises from law itself, rather than from any agreement of the parties; thus only significance adhering to contractual relationship is existence of employer-employee relationship and once that relationship is established, the statute imposes certain duties and responsibilities on parties to that relationship. Code, 23-4-15. | Is it the employer-employee status to which the law attaches certain duties and responsibilities? | 048389.docx | LEGALEASE-00148262-LEGALEASE-00148263 |
| Fitzpatrick v. Teleflex, 630 F. Supp. 2d 91 | 184+7 | Under Maine law, in order to establish a fiduciary relationship there must be: (1) the actual placing of trust or confidence in fact by one party in another, and (2) a great disparity of position and influence between the parties at issue. | What is necessary to demonstrate disparity of position and influence in a bank-borrower relationship? | 014099.docx | LEGALEASE-00149853-LEGALEASE-00149854 |
| Walker v. Winston Cty. Comm'n, 474 So. 2d 1116 | 200+79.6 | Gap or gate across public road to control livestock does not cause road to lose character as public way, where there is no interruption of use of road by those traveling it. | Whether placing of a gap or a gate can cause the road to lose its public character? | 019061.docx | LEGALEASE-00149131-LEGALEASE-00149132 |
| Hutcheson v. Elec. Data Access Techs., 327 S.W.3d 622 | 307A+581 | A trial court may dismiss for failure to prosecute when the party had a reasonable opportunity to bring the action to trial. | Can a court dismiss for failure to prosecute when the party had a reasonable opportunity to bring the action to trial? | 036469.docx | LEGALEASE-00149161-LEGALEASE-00149162 |
| Pelletier Mech. Servs. v. G & W Mgmt., 162 Conn. App. 294 | 308+146(2) | The issue of whether an agent has disclosed the identity of a principal so as to avoid liability on a contract is a question of fact. Restatement (Third) of Agency S 6.02. | Is the issue of whether an agent disclosed the identity of a principal to avoid liability a question of fact? | Principal and Agent - Memo 138 - RK_58685.docx | ROSS-003282107-ROSS-003282108 |
| State v. Jackson, 112 Wash. 2d 867 | 352H+55 | Victim need not resist to point of physical injury in order to establish that she did not consent to sexual advances; rather, lack of consent is implicit from proof that force used in course of committing first-degree or third-degree sexual assault was enough to compel victim to engage in sexual intercourse or to submit to sexual contact. C.G.S.A. SS 53a-70(a)(1), 53a-72(a)(1). | Is lack of consent implicit if force is proved beyond a reasonable doubt in a sexual assault prosecution? | 042988.docx | LEGALEASE-00149794-LEGALEASE-00149795 |
| People v. Borrelli, 77 Cal. App. 4th 703 | 3.77E+06 | Aim and effect of stalking statute are not to suppress speech, but to protect individuals in the exercise and enjoyment of their constitutional rights from invasive, oppressive conduct that infringes on those rights. West's Ann.Cal.Penal Code S 646.9(a). | Is the aim and effect of the stalking statute to suppress speech? | "Threats, Stalking, and Harassment - Memo #13 - C - LB.docx" | LEGALEASE-00039719-LEGALEASE-00039720 |
| United States v. Greenbaum, 138 F.2d 437 | 178+12 | Federal Food, Drug and Cosmetic Act discloses legislative intent to punish persons who have introduced adulterated foods into interstate commerce, regardless of their lack of knowledge or wilfulness. Federal Food, Drug and Cosmetic Act, SS 201(f), 301(a), 303(a-c), 305, 402(a)(3), 21 U.S.C.A. SS 321(f), 331(a), 333(a-c), 335, 342(a)(3). | "Is introduction of adulterated food into interstate commerce, regardless of intent or lack of knowledge as to adulteration, an offense?" | Adulteration-Memo 10-P_1Yi2UvW-5pKR1szEx3dIqULA1XngQeoTr.docx | ROSS-000000160-ROSS-000000161 |
| Woodruff v. Merchants' Bank, 25 Wend. 673 | 83E+675 | A bill of exchange, drawn upon a cashier of a bank, and accepted by him in his official character, payable to the order of the payee at a future day, is entitled to days of grace. | Is bill of exchange entitled to days of grace? | 010001.docx | LEGALEASE-00150220-LEGALEASE-00150221 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Andrews v. Marriott Int'l, 2016 IL App (1st) 122731 | 307A+561.1 | The purpose of a motion for involuntary dismissal based upon certain defects or defenses is to dispose of issues of law and easily proved issues of fact at the outset of litigation and is similar to a summary judgment motion because it essentially amounts to a summary judgment procedure. S.H.A. 735 ILCS 5/2-619. | What would be the purpose of a motion for involuntary dismissal based on? | 036512.docx | LEGALEASE-00150058-LEGALEASE-00150059 |
| Viesel v. Republic Ins. Co., 665 So. 2d 1221 | 307A+581 | Provision of Code of Civil Procedure governing abandonment of action is not to be used to dismiss cases where plaintiff has clearly demonstrated before court during prescribed period that he does not intend to abandon action. LSA-C.C.P. art. 561. | Is abandonment to be used to dismiss cases where a party has clearly demonstrated that it does not intend to abandon the action? | 036518.docx | LEGALEASE-00150158-LEGALEASE-00150159 |
| Scoville v. Shaffer, 9 S.W.3d 201 | 307A+594.1 | In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay; no single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. | Does a belated trial setting or stated readiness to proceed to trial conclusively establish diligence? | Pretrial Procedure - Memo # 8158 - C - BP_59057.docx | ROSS-003279302-ROSS-003279303 |
| Cullen v. Phillips, 30 P.3d 828 | 307A+581 | Although unilateral resumption of prosecution should not necessarily insulate a plaintiff from dismissal for lack of prosecution, it is an important factor in the trial court's consideration, and other factors include the length of delay, the reasons for the delay, the prejudice that will result to the defendant by allowing the matter to continue, the difficulties in trying the case as a result of the delay, and the nature and extent of the plaintiff's renewed efforts. | Should unilateral resumption of prosecution insulate a plaintiff from dismissal for lack of prosecution? | 036697.docx | LEGALEASE-00150444-LEGALEASE-00150445 |
| Horobec v. Mueller, 628 S.W.2d 942 | 307A+581 | Decision whether a case should be dismissed for want of prosecution should be determined upon the particular facts and circumstances of the action on a case-by-case basis. | Should the decision to dismiss a case for want of prosecution be determined on a case by case basis? | 037128.docx | LEGALEASE-00150764-LEGALEASE-00150765 |
| Andrews v. United States, 125 A.3d 316 | 3.77E+13 | To prove threats to do bodily harm, the government must prove, inter alia, that the defendant's words were of such a nature as to convey fear of bodily harm or injury to the ordinary hearer. D.C. Official Code, 2001 Ed. S 22-1810. | "In order to support a threats to do bodily harm conviction, how must the words in question be considered?" | Threats and Stalking - Memo #24 - C - LB_58917.docx | ROSS-003307695-ROSS-003307696 |
| Larson v. Wisconsin Dep't of Indus., Labor & Human Relations, 76 Wis. 2d 595 | 92+2528 | Workmen's compensation is wholly statutory and questions as to what should properly be the public policy concerning it are determined by the legislature and not by the courts. | Should the questions on what should properly be the public policy concerning workmen's compensation determined by the legislature? | 048432.docx | LEGALEASE-00150250-LEGALEASE-00150251 |
| Lee v. Skidmore, 49 Ohio App. 2d 347 | 83E+503 | Statute dealing with conversion of an instrument on the basis of forged endorsement creates an absolute right to recover in favor of payee upon proof that the draft was paid on a forged endorsement where the drawer-drawee claims that it paid the face amount thereof. R.C. S 1303.55. | Is there an absolute right to recover on forged endorsement? | 009707.docx | LEGALEASE-00151210-LEGALEASE-00151211 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Monette Rd. Imp. Dist. v. Dudley, 144 Ark. 169 | 200+121 | Under Road Laws 1919, vol. 1, p. 105, creating the Monette Road Improvement District, as amended at January, 1920, special session, the functions of the board of assessors in assessing benefits, and of the board of commissioners in adjusting them, on the complaint of the property owners, is not judicial in the ordinary sense, but is in the nature of a legislative power. | Is the power of assessments by the commissioners legislative in nature? | 019162.docx | LEGALEASE-00151014-LEGALEASE-00151015 |
| Power-Matics v. Ligotti, 79 N.J. Super. 294 | 302+20 | Express contract and quantum meruit may be alternatively pleaded if prerequisite rescission has also been pleaded or is unnecessary because alleged express contract was actually void or did not exist. | Can an express contract and Quantum meruit be alternatively pleaded? | 023690.docx | LEGALEASE-00151373-LEGALEASE-00151374 |
| Crowell v. Cox, 525 S.W.3d 578 | 307A+679 | In reviewing the petition on motion to dismiss to determine if it states a claim, courts accept the allegations in the petition as true and grant the plaintiffs all reasonable inferences from those allegations; courts do not weigh the factual allegations to determine their credibility or persuasiveness. | "In reviewing the petition to determine if it states a claim, do courts accept the allegations in the petition as true?" | Pretrial Procedure - Memo # 8481 - C - KI.docx | LEGALEASE-00040912-LEGALEASE-00040913 |
| In re Med. Review Panel of Jones, 801 So. 2d 471 | 13+70 | Abandonment statutes are to be liberally construed in favor of maintaining a plaintiff's suit, and abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. | Is the article governing abandonment designed to dismiss actions on mere technicalities or to dismiss only those actions that in fact have been abandoned? | 037250.docx | LEGALEASE-00151024-LEGALEASE-00151025 |
| Culver v. Lang, 935 So. 2d 475 | 307A+561.1 | A party can obtain a dismissal of a complaint for failure to state a claim on the basis of an affirmative defense only when the affirmative defense appears clearly on the face of the pleading. Rules Civ.Proc., Rule 12(b)(6). | Can a party obtain a dismissal of a complaint for failure to state a claim on the basis of an affirmative defense only? | Pretrial Procedure - Memo # 8568 - C - SKG_59364.docx | ROSS-003280098-ROSS-003280099 |
| Breaker v. U.S., 977 F.Supp.2d 921 | 411+7 | Before a party can challenge an action by the United States Forest Service (USFS) in federal court, it must exhaust administrative remedies. Department of Agriculture Reorganization Act of 1994, S 212(e), 7 U.S.C.A. 6 6912(e). | Can a party challenge an action by the Forest Service in federal court before exhausting administrative remedies? | Woods and Forest - Memo 20-ANM_59390.docx | ROSS-003322336-ROSS-003322337 |
| Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805 | 25T+358 | Court's function in confirming or vacating an arbitration award is severely limited, since, if it were otherwise, ostensible purpose for resort to arbitration, which is avoidance of litigation, would be frustrated. 9 U.S.C.A. SS 10, 11. | Will the ostensible purpose of arbitration be frustrated if a court determines the merits of the parties' arguments in advance of pending arbitration? | Alternative Dispute Resolution - Memo 813 - RK_59498.docx | ROSS-003281741-ROSS-003281742 |
| Maxum Foundations v. Salus Corp., 779 F.2d 974 | 25T+182(2) | A party confronted with the claim of arbitrability may pursue an order insulating it from discovery that could not be had if the underlying claim is properly the subject of arbitration; however, absent a protective order the party seeking arbitration does not lose its contractual right by prudently pursuing discovery in the face of a court-ordered deadline. | Can a party confronted with a claim of arbitrability pursue an order insulating it from discovery? | Alternative Dispute Resolution - Memo 834 - RK_59519.docx | ROSS-003294177-ROSS-003294178 |
| Belini v. Washington Mut. Bank, FA, 412 F.3d 17 | 172H+1557 | Lender's failure to timely take steps mandated by Truth in Lending Act's (TILA) right-of-rescission provision, in response to borrower's valid notice of rescission, generally constitutes violation of a "requirement" of same provision, for which lender can be held liable for damages. Truth in Lending Act, SS 125(b), 130(a), 15 U.S.C.A. SS 1635(b), 1640(a). | Will the lender's failure to timely respond to borrower's valid notice of rescission result in a violation? | 013886.docx | LEGALEASE-00151574-LEGALEASE-00151575 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Powers v. Aberdeen Golf & Country Club, 886 So. 2d 312 | 307A+561.1 | Affirmative defenses are not properly considered on a motion to dismiss; however, affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense. West's F.S.A. RCP Rule 1.110(d). | Are affirmative defenses considered on a motion to dismiss? | Pretrial Procedure - Memo # 8607 - C - DA_59679.docx | ROSS-003292764-ROSS-003292765 |
| Cirillo v. Slomin's Inc., 196 Misc. 2d 922 | 307A+680 | In ruling upon a motion to dismiss the Court may not address the merits of the complaint or any of its factual allegations, but must determine only whether the alleged facts fit within any cognizable legal theory. McKinney's CPLR 3211. | "In ruling upon a motion to dismiss, can the court not address the merits of the complaint or any of its factual allegations?" | Pretrial Procedure - Memo # 8787 - C - NS.docx | LEGALEASE-00041584-LEGALEASE-00041585 |
| First Nat. Bank of Blairstown v. Goldberg, 340 Pa. 337 | 8.30E+282 | The purpose of the Negotiable Instruments Law is to enhance marketability of negotiable securities and to allow bankers, brokers, and people generally to trade in them with confidence. 56 P.S. S 1 et seq. | Does the purpose of the Commercial Code and Negotiable Instruments Law entail allowing bankers to trade in confidence? | 010050.docx | LEGALEASE-00152380-LEGALEASE-00152381 |
| Graham v. White-Phillips Co., 296 U.S. 27 | 8.30E+05 | Negotiable Instrument Law must be interpreted in view of intended end, such as free circulation of negotiable paper, and meaning attributed by courts to language employed. S.H.A. ch. 98, SS 72, 76. | Should the negotiable Instrument law be interpreted in view of the intended end? | 010056.docx | LEGALEASE-00152431-LEGALEASE-00152432 |
| Eby v. Reb Realty, 495 F.2d 646 | 172H+1322 | Truth in Lending Act is remedial statute designed as much as possible to permit borrowers to make informed judgments about use of credit, and as such should be liberally construed. Truth in Lending Act, SS 1-145, 15 U.S.C.A. SS 1601-1665. | Why should the Truth in Lending Act be liberally constructed? | Consumer Credit - Memo 144-IS_60076.docx | ROSS-003292737-ROSS-003292738 |
| Fin. Freedom Acquisition v. Standard Bank & Tr. Co., 2014 IL App (1st) 120982 | 172H+1555 | The right to rescind a loan transaction under the Truth in Lending Act (TILA) may be exercised only by the obligor, that is, the person to whom credit is extended; thus, an individual who is not named on the promissory note executed by his or her spouse is not an obligor, and does not have a right to rescind. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | Does an individual who is not named on the note executed by his or her spouse have the right to rescind? | 014010.docx | LEGALEASE-00152152-LEGALEASE-00152153 |
| Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114 | 172H+1322 | TILA is only a disclosure statute and does not substantively regulate consumer credit but rather requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction. Truth in Lending Act, S 102, 15 U.S.C.A. S 1601. | Is TILA only a disclosure statute that does not substantively regulate consumer credit? | Consumer Credit -Memo 96 -SB_60174.docx | ROSS-003278697-ROSS-003278698 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Norfolk & W. Ry. Co. v. Gee, 104 Va. 806 | 320+305(1) | In an action against a railroad company for negligently frightening plaintiff's horse at a public crossing, it is not sufficient to charge that the defendant negligently placed a hand-car with long projecting arms at or so near the crossing as to render it unsafe for the travelling public in vehicles drawn by horses to cross on the highway, and that, in consequence thereof, the plaintiff's horse took fright and caused the injury declared on in the declaration. Nor is a count good which makes similar charges and adds that defendant's servants, negligently hung wearing apparel and bright tin buckets on the arms of the hand-car, and that these objects caused the plaintiff's horse to take fright. In each instance it was necessary to aver that the hand-car was, under the circumstances stated, an object of such unusual or extraordinary appearance as to have a natural tendency to frighten horses of ordinary gentleness and training, although that was a question to be determined by the jury from all the circumstances of the case, under proper instructions from the court. | "If one uses apparatus for a reasonable time in a highway, and if it frightens the horse, is it negligence?" | Highways -Memo 344-SB_60195.docx | ROSS-003281762-ROSS-003281764 |
| Gray v. Nat'l Restoration Sys., 354 Ill. App. 3d 345 | 307A+561.1 | The purpose of a motion to dismiss based on certain defects or defenses is to afford litigants a means of disposing of issues of law and easily proved issues of fact at the outset of a case, reserving disputed questions of fact for a trial. S.H.A. 735 ILCS 5/2-619. | What is the purpose of a motion to dismiss? | Pretrial Procedure - Memo # 8620 - C - DA_59692.docx | ROSS-003281410-ROSS-003281411 |
| Schwarz v. Consol. Edison, 49 Misc. 3d 832 | 307A+622 | Dismissal results only if the movant demonstrates conclusively that the plaintiff has no cause of action, or that a material fact as claimed by the pleader to be one is not a fact at all. McKinney's CPLR 3211(a)(7). | Does dismissal result only if the movant demonstrates conclusively that the plaintiff has no cause of action? | 037623.docx | LEGALEASE-00151984-LEGALEASE-00151985 |
| Indiana Nat. Bank v. State Dept of Human Servs., 880 P.2d 371 | 307A+622 | Motions to dismiss are generally viewed with disfavor under liberal standard, and to withstand motion to dismiss, it is not necessary for plaintiff to either identify specific theory of recovery or set out correct remedy or relief to which he/she may be entitled. 12 Okl.St.Ann. S 2012, subd. B, par. 6. | Can a petition be dismissed as a matter of law for two reasons? | 037631.docx | LEGALEASE-00152049-LEGALEASE-00152050 |
| Cohen v. United States, 129 F.2d 733 | 170A+1832 | Where case was presented to District Court upon a motion to dismiss because of alleged failure of complaint to state a claim upon which relief could be granted, and no answer was interposed and no evidence introduced, the only facts which the court could properly consider in passing upon motion were those facts appearing in complaint, supplemented by such facts as the court judicially knew. Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. following section 723c. | "For purposes of deciding a motion to dismiss for failure to state a claim, are only the facts which a court can properly consider, those appearing in the complaint?" | 037689.docx | LEGALEASE-00152215-LEGALEASE-00152216 |
| Fitzgerald v. Bixler, 350 Mich. 688 | 307A+561.1 | Where answer does not raise the defense presented by subsequent motion to dismiss, answer must be amended in order to permit such defense to be made on motion to dismiss. Michigan Court Rules, rule No. 18. | Should an answer be amended in order to permit defense to be made on motion to dismiss? | 037813.docx | LEGALEASE-00152016-LEGALEASE-00152017 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| R & B Kapital Dev. v. N. Shore Cmty. Bank & Tr. Co., 358 Ill. App. 3d 912 | 307A+561.1 | An affirmative defense is properly asserted for the first time in a Section 2-615 motion for dismissal with respect to pleadings only if the defense is apparent from the face of the complaint. S.H.A. 735 ILCS 5/2-615. | Can an affirmative defense be asserted for the first time in a motion for dismissal with respect to pleadings only if the defense is apparent from the face of the complaint? | 037869.docx | LEGALEASE-00152148-LEGALEASE-00152149 |
| Morgan v. AT & T Corp., 168 N.C. App. 534 | 307A+561.1 | Claim is properly dismissed if the moving party shows that the opposing party's claim is barred by an affirmative defense which cannot be overcome. | Will a claim be dismissed if the moving party shows that the opposing party's claim is barred by an affirmative defense which cannot be overcome? | 037873.docx | LEGALEASE-00152168-LEGALEASE-00152169 |
| Rutherford Realty Assocs. v. Borough of Rutherford, 277 N.J. Super. 347 | 307A+581 | Drastic step of dismissal of action for failing to comply with case management order should not be invoked unless it is clear that conduct of offending party is deliberate. | Should the drastic step of dismissal of an action be invoked unless it is clear that conduct of offending party is deliberate? | Pretrial Procedure - Memo # 9146 - C - NS_60092.docx | ROSS-003306377-ROSS-003306378 |
| Rossi v. Mathers, 749 P.2d 964 | 307A+581 | In absence of showing by plaintiff of mitigating circumstances or reasonable excuse for delay, unusual delay in prosecuting action justifies dismissal with prejudice. Rules Civ.Proc., Rule 121(b), Standard S 1-10 (1987). | Does unusual delay in prosecuting action justify dismissal with prejudice? | Pretrial Procedure - Memo # 9166 - C - MS_60110.docx | ROSS-003293839-ROSS-003293840 |
| Sierra Club v. Glickman, 974 F. Supp. 905 | 15A+1838 | When specialists express conflicting views, agency must have discretion to rely on reasonable opinions of its own qualified experts even if, as original matter, court might find contrary views more persuasive. | Will the Court hold the Forest Service to certain minimum standards of rationality? | Woods and Forest - Memo 19 - ANM_59657.docx | ROSS-003281017-ROSS-003281018 |
| Native Ecosystems Council v. Weldon, 697 F.3d 1043 | 411+8 | While NFMA requires that the proposed site-specific actions be consistent with the governing Forest Plan, the Forest Service's interpretation and implementation of its own forest plan is entitled to substantial deference. National Forest Management Act of 1976, SS 6, 12(a), 16 U.S.C.A. S 1604. | Is the Forest Service's interpretation of its own rules or plans entitled to deference? | Woods and Forest - Memo 79 - RK_60201.docx | ROSS-003281665-ROSS-003281666 |
| Buice v. State, 92 Ga. App. 260 | 231+20 | A justice of the peace has no authority to perform any functions of his office outside limits of his own county, and an affidavit sworn to and subscribed before him outside limits of his own county is illegal and void. | Can a justice of peace perform his functions of office elsewhere other than the limits of his own county? | Affidavits - Memo 47 - SNJ.docx | LEGALEASE-00042513-LEGALEASE-00042514 |
| Tidwell v. Bank of Tifton, 115 Ga. App. 555 | 8.30E+76 | Drawer of check has right to stop payment of it at any time before it has been certified or paid by drawee but drawer remains liable unless he has defense which is good against holder. Code, S 109A-3-306. | Can the drawer of a check be liable without a good defense against the holder? | 010676.docx | LEGALEASE-00153441-LEGALEASE-00153442 |
| Brophy v. Chase Manhattan Mortg. Co., 947 F. Supp. 879 | 13+3 | Because Real Estate Settlement Procedures Act (RESPA) specifically provides for private right of action under specific sections, but not under section requiring good faith estimate of charges, private right of action should not be implied under good faith estimate provision. Real Estate Settlement Procedures Act of 1974, SS 5, 16, as amended, 12 U.S.C.A. SS 2604, 2614. | Did the Congress intend to create a private right of action for failure to comply with good faith provision of Real Estate Settlement Procedures Act (RESPA)? | 013695.docx | LEGALEASE-00153336-LEGALEASE-00153337 |
| Healy v. Vaupel, 133 Ill. 2d 295 | 141E+990 | Northern Illinois University is to be considered unit of state government, since it is part of Regency Universities System, which is designated state instrumentality for purposes of Court of Claims Act. S.H.A. ch. 37, P 439.8(d); ch. 144, PP 301, 802b. | Is a university an instrumentality of the State? | 017068.docx | LEGALEASE-00152860-LEGALEASE-00152861 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Amanda J. ex rel. Annette J. v. Clark Cty. Sch. Dist., 267 F.3d 877 | 141E+862 | To accomplish goal of Individuals with Disabilities Education Act (IDEA) of ensuring that all children with disabilities have available to them a free appropriate public education (FAPE) that emphasizes special education and related services designed to meet their unique needs, those individuals who have first-hand knowledge of the child's needs, and who are most concerned about the child, must be involved in the individualized education program (IEP) creation process; IDEA's procedural safeguards facilitate this objective, and also help to ensure that the rights of children with disabilities and parents of such children are protected. Individuals with Disabilities Education Act, S 601 et seq., as amended, 20 U.S.C.A. S 1400 et seq. | What ensures appropriate education to children with disabilities? | 017337.docx | LEGALEASE-00153002-LEGALEASE-00153003 |
| White Eagle v. City of Fort Pierre, 2002 S.D. 68 | 307A+581 | Dismissal of a cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptness. SDCL 15-11-11, 15-30-16. | Does plaintiff have the burden to proceed with an action and does defendant need only meet the plaintiff step by step? | Pretrial Procedure - Memo # 9198 - C - SN_60506.docx | ROSS-003279548-ROSS-003279549 |
| Cent. Tr. Co., Rochester v. Sheahen, 66 A.D.2d 1015 | 308+92(1) | An agent may be appointed to do the same acts and to achieve the same legal consequences as if the principal had himself personally acted, except as to acts which by their nature, by public policy, or by contract, require personal performance or acts which are illegal. | Can an agent be appointed to do the same acts as the principal? | 041568.docx | LEGALEASE-00153151-LEGALEASE-00153152 |
| City of Largo v. AHF-Bay Fund, 215 So. 3d 10 | 371+2001 | A "tax" is an enforced burden imposed by a sovereign right for the support of the government, the administration of law, and the exercise of various functions the sovereign is called on to perform. | Is a tax enforced to support the exercise of functions of the sovereign? | 046006.docx | LEGALEASE-00153283-LEGALEASE-00153284 |
| Bd. of Trustees of Town of Minturn v. Foster Lumber Co., 190 Colo. 479 | 371+2001 | Language used by legislative body in denominating nature of tax assessed is not determinative of its true character. | Is the language used by the legislative body in denominating the nature of tax determinative of its true character? | Taxation - Memo # 909 - C - JL.docx | LEGALEASE-00043475-LEGALEASE-00043476 |
| Groza-Vance v. Vance, 2005-Ohio-3815 | 21+2 | Where a statute prescribes who shall make a certain affidavit, it can be made only by person specified, although there is nothing in language of statute to show that its designation was intended to be exclusive. | Can any other person make an affidavit even if the statute specifically states as to who shall be the affiant? | Affidavits - Memo 41 - _1fSje0W1sD5yuwdjaJS8 pfZBNkqzi3-7T.docx | ROSS-000000178-ROSS-000000179 |
| Bankmark of Florida v. Star Fin. Card Servs., 679 N.E.2d 973 | 21+9 | Party complaining that affidavit is defective has a duty to direct this complaint to trial court, and failure to do so constitutes waiver. Trial Procedure Rule 56(E). | Does a party complaining a defective affidavit have any duty to direct the complaint to a trial court? | Affidavits - Memo 68 - _1Ny1sTBaDOL_Xs_EmD q9TWrCzXmF__ObG.docx | ROSS-000000230-ROSS-000000232 |
| Dougherty v. Shankland, 217 Iowa 951 | 8.30E+05 | Where language of Negotiable Instruments Act is clear and unambiguous, it must control, regardless of prior statutes or decisions under common law on that subject (Code 1931, S 9461 et seq.). | Is the Negotiable Instruments Act applicable when it conflicts with prior decisions under the common law? | 009780.docx | LEGALEASE-00154727-LEGALEASE-00154728 |
| Conwell v. Pumphrey, 9 Ind. 135 | 83E+481 | The contract of assignment of a note is in no way connected with the consideration thereof, and usury in such contract affects only the assignor's promise, and the assignment, so far as it operates as a transfer of the note, is neither void nor voidable. | Is the transfer of a note on usurious consideration void? | 009952.docx | LEGALEASE-00153786-LEGALEASE-00153787 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Edwards v. First Am. Corp., 610 F.3d 514 | 172H+1581 | Home purchaser had standing to sue title insurer under anti-kickback provisions of Real Estate Settlement Procedures Act (RESPA), regardless of whether she was overcharged for settlement services; statutory text did not limit liability to instances in which a plaintiff was overcharged. U.S.C.A. Const. Art. 3, S 1 et seq.; Real Estate Settlement Procedures Act of 1974, S 8, 12 U.S.C.A. S 2607; Ohio R.C. SS 3935.04, 3935.07. | "Does the statutory text of Real Estate Settlement Procedures Act (RESPA), limit liability to instances in which a plaintiff is overcharged?" | Consumer Credit - Memo 155-IS_61198.docx | ROSS-003282693-ROSS-003282694 |
| Strubel v. Capital One Bank (USA), N.A., 179 F. Supp. 3d 320 | 172H+1341 | TILA contains a variety of mandatory disclosures that creditors must make to consumers both prior to the establishment of any legal obligations, and at specified points in the creditor-consumer relationship. Truth in Lending Act, S 102 et seq, 15 U.S.C.A. S 1601 et seq. | Is a creditor obligated to make disclosures? | 013904.docx | LEGALEASE-00154757-LEGALEASE-00154758 |
| Knight v. Thayer, 125 Mass. 25 | 156+44 | Under a deed with covenants of warranty, a title afterwards acquired by the grantor inures by way of estoppel to the grantee, as against the grantor and his subsequent grantees. | "Under a deed with covenants of warranty from one capable of executing it, does a title afterwards acquired by the grantor enure by way of estoppel to the grantee?" | Estoppel - Memo #78 - C - CSS_61022.docx | ROSS-003281884-ROSS-003281885 |
| City of El Dorado v. Union Cty., 122 Ark. 184 | 200+121 | Article 7, section 28, of the Constitution vests the county courts with exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, etc. | Can the County Court exercise its original jurisdiction in matters relating to roads ? | Highways -Memo 408 - DB.docx | LEGALEASE-00043903-LEGALEASE-00043904 |
| Massachusetts Broken Stone Co. v. Planning Bd. of Weston, 45 Mass. App. Ct. 738 | 307A+581 | Trial on merits of a plaintiff's claim is strongly favored, and involuntary dismissal of such a claim based on plaintiff's failure to prosecute or to comply with court's rules should be reserved for those situations where a severe sanction is necessary. Rules Civ.Proc., Rule 41(b)(2), 43A M.G.L.A. | Should involuntary dismissal of a claim be reserved for those situations where a severe sanction is necessary? | Pretrial Procedure - Memo # 8897 - C - TM_62142.docx | ROSS-003280329-ROSS-003280331 |
| Belcher Ctr. LLC v. Belcher Ctr., 883 So. 2d 338 | 307A+561.1 | If the court is required to consider matters outside of the four corners of the complaint, then the cause is not subject to dismissal on the basis of an affirmative defense. | When is the cause of a complaint subject to dismissal on the basis of an affirmative defense? | 038246.docx | LEGALEASE-00154181-LEGALEASE-00154182 |
| Converge Servs. Grp. v. Curran, 383 Md. 462 | 30+3893 | When reviewing the grant of a motion for permissive dismissal, the appellate court accepts all well-pled facts in the complaint, and reasonable inferences drawn from them, in a light most favorable to the non-moving party. Md.Rule 2-322(b). | Is the consideration of the universe of facts pertinent to the court's analysis of the motion limited generally to the four corners of the complaint and its incorporated supporting exhibits? | 038478.docx | LEGALEASE-00154553-LEGALEASE-00154554 |
| Converge Servs. Grp. v. Curran, 383 Md. 462 | 30+3893 | When reviewing the grant of a motion for permissive dismissal, the appellate court accepts all well-pled facts in the complaint, and reasonable inferences drawn from them, in a light most favorable to the non-moving party. Md.Rule 2-322(b). | Is the consideration of the universe of facts pertinent to the court's analysis of the motion limited generally to the four corners of the complaint and its incorporated supporting exhibits? | Pretrial Procedure - Memo # 9264 - C - BP.docx | LEGALEASE-00043981-LEGALEASE-00043982 |
| Ko v. Eljer Indus., 287 Ill. App. 3d 35 | 307A+680 | When defendant moves to dismiss, all well pleaded facts and reasonable inferences are accepted as true for purposes of motion. S.H.A. 735 ILCS 5/2-619. | "When a defendant moves to dismiss, are all well pleaded facts and reasonable inferences accepted as true for purposes of a motion?" | 038526.docx | LEGALEASE-00154487-LEGALEASE-00154488 |
| SNPCO v. City of Jefferson City, 363 S.W.3d 467 | 307A+681 | A motion to dismiss a complaint for failure to state a claim for which relief may be granted requires the court to review the complaint alone. Rules Civ.Proc., Rule 12.02(6). | Can a motion to dismiss a complaint for failure to state a claim for which relief can be granted require the court to review the complaint alone? | Pretrial Procedure - Memo # 9388 - C - PB.docx | LEGALEASE-00044171-LEGALEASE-00044172 |
| Luna v. A.E. Eng'g Servs., 938 A.2d 744 | 307A+681 | A motion to dismiss for failure to state a claim may not rely on any facts that do not appear on the face of the complaint itself. | Can a motion to dismiss for failure to state a claim not rely on any facts that do not appear on the face of the complaint itself? | 06636.docx | LEGALEASE-00096583-LEGALEASE-00096584 |
| Westland v. Weinmeister, 259 Mont. 412 | 307A+581 | Party moving for dismissal due to failure to prosecute must demonstrate that plaintiff has unreasonably delayed prosecution of his claims. Rules Civ.Proc., Rule 41(b). | "Should a party moving for dismissal due to failure to prosecute, demonstrate that the plaintiff has unreasonably delayed the prosecution of his claims?" | 06642.docx | LEGALEASE-00096579-LEGALEASE-00096580 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hanlon, In re Marriage of, 83 Ill. App. 3d 629 | 307A+583 | Courts possess inherent power to dismiss actions for want of prosecution and determination that there has been lack of diligent prosecution warranting dismissal rests within sound discretion of trial court and should not be disturbed on appeal unless reviewing court finds abuse of that discretion; however, dismissal for want of prosecution is error unless party has been guilty of inexcusable delay in prosecuting the suit. | Is dismissal for want of prosecution error unless party has been guilty of inexcusable delay in prosecuting the suit? | Pretrial Procedure - Memo # 9444 - C - NS_60939.docx | ROSS-003295493-ROSS-003295494 |
| Don Shevey & Spires v. Am. Motors Realty Corp., 279 S.C. 58 | 307A+581 | Plaintiff has burden of prosecuting his action, and the trial court may properly dismiss action for plaintiff's unreasonable neglect in proceeding with his cause. | Can the court dismiss action for plaintiff's unreasonable neglect in proceeding with his cause? | 038848.docx | LEGALEASE-00154449-LEGALEASE-00154451 |
| Action Mfg. Co. v. Simon Wrecking Co., 375 F. Supp. 2d 411 | 170B+2792 | Plaintiff opposing motion to dismiss for lack of personal jurisdiction must sustain its burden of proof by establishing jurisdictional facts through sworn affidavits or other competent evidence. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A. | "In opposing a motion to dismiss for lack of personal jurisdiction, can a plaintiff use sworn statements?" | 038946.docx | LEGALEASE-00154447-LEGALEASE-00154448 |
| Westland v. Weinmeister, 259 Mont. 412 | 307A+581 | Party moving for dismissal due to failure to prosecute must demonstrate that plaintiff has unreasonably delayed prosecution of his claims. Rules Civ.Proc., Rule 41(b). | "Should party moving for dismissal due to failure to prosecute, demonstrate that plaintiff has unreasonably delayed prosecution of his claims?" | Pretrial Procedure - Memo # 9617 - C - TM_61374.docx | ROSS-003281768-ROSS-003281769 |
| Gordon v. Greenview Hosp., 300 S.W.3d 635 | 106+35 | If a defendant challenges jurisdiction over the person by motion, the defendant may, but is not required to, support the motion with affidavits or other evidentiary materials; however, if the defendant supports its motion with affidavits, the plaintiff must establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence. Rules Civ.Proc., Rule 12.02(2). | "When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support a motion with affidavits or other evidentiary materials?" | 039289.docx | LEGALEASE-00154767-LEGALEASE-00154768 |
| N.L.R.B. v. Int'l Longshoremen's & Warehousemen's Union, Local 10, 283 F.2d 558 | 308+92(1) | An agent may be acting within the scope of his authority even when he commits an act specifically forbidden by his principal. | Does an agent act within the scope of his authority even when he commits an act specifically forbidden by his principal? | Principal and Agent - Memo 245 - KC_62160.docx | ROSS-003296508-ROSS-003296509 |
| Culver v. Bigelow, 43 Vt. 249 | 308+143(2) | Where a party by simple contract deals with an agent, who does not disclose the fact of his agency, he may be made liable in a suit in the name of the principal to the same extent as if the agent had been principal and the suit had been brought in his name. | What is the liability of an agent who did not disclose the agency in a simple contract? | Principal and Agent - Memo 322 - KC_61255.docx | ROSS-003279201 |
| United States v. Elonis, 841 F.3d 589 | 377E+12(1) | Statute criminalizing making threatening communications contains both a subjective and objective component, and the Government must satisfy both in order to convict a defendant under the statute. 18 U.S.C.A. S 875(c). | Does the government need to satisfy both the objective and the subjective components of the statute criminalizing making threatening communications? | 046752.docx | LEGALEASE-00154587-LEGALEASE-00154588 |
| Sierra Club v. Robertson, 784 F. Supp. 593 | 411+7 | Although Court of Appeals must engage in thorough, probing, in-depth review, Forest Service's actions are entitled to presumption of regularity. | Does the Court have to engage in a probing and in-depth review of the Forest Service's actions? | 047653.docx | LEGALEASE-00154671-LEGALEASE-00154672 |
| Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601 | 101+1058 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | Is lender liability predicated on being used to further the purposes of the dominant corporation? | 010852.docx | LEGALEASE-00155741-LEGALEASE-00155742 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Palmer v. Champion Mortg., 465 F.3d 24 | 172H+1342 | Courts must evaluate the adequacy of Truth in Lending Act (TILA)disclosures from the vantage point of a hypothetical average consumer, a consumer who is neither particularly sophisticated nor particularly dense. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Is an average consumer considered to be neither particularly sophisticated nor particularly dense? | 013708.docx | LEGALEASE-00155724-LEGALEASE-00155725 |
| Gerasta v. Hibernia Nat. Bank, 411 F. Supp. 176 | 172H+1323 | In determining whether particular transaction is exempt from federal Consumer Credit Protection Act as one for "business or commercial purposes," purpose of transaction or extension of credit is controlling, and not property which is subject of the security interest involved. Truth in Lending Act, SS 102, 103(h), 104(1) as amended 15 U.S.C.A. SS 1601, 1602(h), 1603(1); Truth in Lending Regulations, Regulation Z, S 226.2(k), 15 U.S.C.A. following section 1700. | How is it determined whether a transaction involving a security interest is exempt? | 013718.docx | LEGALEASE-00155722-LEGALEASE-00155723 |
| Beaudry v. TeleCheck Services , 579 F.3d 702 | 172H+1649 | Any actual damages sustained by a consumer as a result of a failure to comply with the Fair Debt Collection Practices Act are available as an alternative to the recovery of statutory damages. Fair Debt Collection Practices Act, S 813(a), 15 U.S.C.A. S 1692k(a). | What damages can a consumer recover if a debt collector violates the Fair Debt Collection Protection Act (FDCPA)? | 013734.docx | LEGALEASE-00155735-LEGALEASE-00155737 |
| Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018 | 172H+1556 | Three year period governing Truth in Lending Act (TILA) rescission claims only required that borrower exercise his right to rescind within the three-year period; it did not require that he file a rescission claim within that period. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | Does a borrower need to file a rescission claim within three years after a transaction is consummated or must he only assert his right to rescission within that period under TILA? | 013787.docx | LEGALEASE-00155516-LEGALEASE-00155517 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does strict technical compliance of credit terms benefit all borrowers? | Consumer Credit - Memo 207 - RK_61869.docx | ROSS-003281860-ROSS-003281861 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does thestrict technical compliance of credit terms benefit just the individual claimant? | Consumer Credit - Memo 209 - RK.docx | LEGALEASE-00044711-LEGALEASE-00044712 |
| LVNV Funding v. Mavaega, 527 S.W.3d 128 | 172H+1345 | Under the Truth In Lending Act (TILA), a creditor is required to send periodic statements to a debtor at the end of each billing cycle where there is an outstanding balance or where a finance charge was imposed. Truth in Lending Act S 127, 15 U.S.C.A. S 1637(b). | Is a creditor required to send periodic statements to a debtor? | 013912.docx | LEGALEASE-00155180-LEGALEASE-00155181 |
| Bowman v. Benouttas, 519 S.W.3d 586 | 302+34(3) | When a court is dealing simply with allegations of pleadings, the court is not free to construct additional facts or allegations. Tenn. R. Civ. P. 8.01. | "When the court is dealing simply with allegations of pleadings, is it free to construct additional facts or allegations?" | Pleading - Memo 551 - RMM_61971.docx | ROSS-003281922-ROSS-003281923 |
| Covil v. Robert & Co. Assocs., 112 Ga. App. 163 | 302+37 | On general demurrer or oral motion in nature of general demurrer, petition must be construed most strongly against pleader, and in applying this rule, the petition will be construed in light of its omissions as well as its averments. | "Will a petition be construed most strongly against the pleader, on general demurer?" | 023781.docx | LEGALEASE-00155470-LEGALEASE-00155471 |
| Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218 | 307A+690 | Generally, dismissal that is on the merits of claim is with prejudice, but dismissal that is based on court's procedural inability to consider case is without prejudice. | Is a dismissal based on the court's procedural inability to consider a case without prejudice? | Pretrial Procedure - Memo # 10226 - C - TJ_61731.docx | ROSS-003279050-ROSS-003279051 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chodorow v. Porto Vita, Ltd., 954 So. 2d 1240 | 307A+680 | If the analysis of a claim is factually intensive, it is better addressed on a summary judgment motion, or at trial, but certainly not on a motion to dismiss. | "If the analysis of a claim is factually intensive, is it better addressed on a summary judgment motion?" | Pretrial Procedure - Memo # 9002 - C - UG_61351.docx | ROSS-003282164-ROSS-003282165 |
| Parlen v. Golden State Sanwa Bank, 194 Cal. App. 3d 906 | 307A+581 | Whether formal discovery has been conducted is but one important factor in totality of circumstances to be considered in deciding whether to dismiss for delay in prosecution. | Should court consider totality of circumstances in determining whether delay in prosecution of case is ground for dismissal of action? | 039019.docx | LEGALEASE-00154998-LEGALEASE-00154999 |
| State v. Harris, 104 P.3d 1250 | 110+303.15 | Authority of superior court to dismiss cause of action for failure to prosecute or to comply with court's rules or orders is inherent power of trial court that is concomitant to control vested in trial court to manage its affairs and to achieve orderly disposition of its business. | Does the court have authority to dismiss the action for failure to prosecute or to comply with superior court rules or orders? | 039219.docx | LEGALEASE-00155219-LEGALEASE-00155220 |
| McMillan v. Troutman, 740 So. 2d 1227 | 307A+685 | If defendant wishes to contest jurisdictional allegations of complaint, he must file affidavit in support of his position. West's F.S.A. S 48.193. | "If a defendant wishes to contest jurisdictional allegations of complaint, should he file an affidavit in support of his position?" | 039538.docx | LEGALEASE-00155277-LEGALEASE-00155278 |
| Wallace v. Sinclair, 114 Cal. App. 2d 220 | 308+92(1) | The extent of an agency is measured by the authority conferred upon the agent, actually or ostensibly, and his power is sufficient to do everything that is necessary, proper or usual to accomplish the purpose of the principal, and the agent has actual authority as defined by the Civil Code, unless limited by the principal, and his ostensible authority is unlimited except as to those persons having knowledge of the restrictions imposed upon the agency. Civ.Code, SS 2315-2320, 2330. | How is the extent of agency measured? | 041630.docx | LEGALEASE-00155673-LEGALEASE-00155674 |
| Gen. Motors Acceptance Corp. v. Lynch Bldg. Corp., 118 Fla. 2 | 308+92(1) | Principal is bound by acts committed by agent within scope of his real or apparent authority, and public may rely on apparent authority of agent unless put on inquiry by circumstances. | Can the public rely on the apparent authority of the agent? | 041646.docx | LEGALEASE-00155694-LEGALEASE-00155695 |
| Newman v. City of Indianola, 232 N.W.2d 568 | 371+2060 | There is a distinction between a "tax" and an "assessment"; a "tax" is a charge to pay the cost of government without regard to special benefits conferred. | Is tax a charge to pay the cost of government without regard to special benefits conferred? | 046079.docx | LEGALEASE-00154964-LEGALEASE-00154965 |
| Bolt v. City of Lansing, 238 Mich. App. 37 | 371+2002 | In determining whether charge imposed by local ordinance is "user fee" or "tax," for purposes of Headlee Amendment to State Constitution requiring voter approval of increased local taxes, generally, "fee" is exchanged for service rendered or benefit conferred, and some reasonable relationship exists between amount of fee and value of service or benefit. M.C.L.A. Const. Art. 9, S 31. | "As opposed to a tax, is a fee exchanged for a service rendered or a benefit conferred?" | 046105.docx | LEGALEASE-00155782-LEGALEASE-00155784 |
| Doe v. Sex Offender Registry Bd., 459 Mass. 603 | 268+256 | Unlike taxes, fees are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner not shared by other members of society. | Are fees distinguished from taxes for being charged in exchange for a particular governmental service? | 046112.docx | LEGALEASE-00155807-LEGALEASE-00155808 |
| Transp. Ins. Co. v. Jaeger, 534 S.W.2d 389 | 413+2 | Remedies under Workmen's Compensation Act are purely statutory; each step toward maturity of compensation claim is mandatory requirement necessary to invoke jurisdiction of each statutory agency or court. Vernon's Ann.Civ.St. art. 8307, S 5. | "In workmens compensation, when can one invoke jurisdiction?" | 048442.docx | LEGALEASE-00155136-LEGALEASE-00155137 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| ATC Petroleum v. Sanders, 860 F.2d 1104 | 156+52(1) | Doctrine of equitable estoppel is not, in itself, either a claim or a defense; rather, it is a means of precluding a litigant from asserting an otherwise available claim or defense against a party who has detrimentally relied on that litigant's conduct. | "Is equitable estoppel not, in itself, a claim or a defense?" | Estoppel - Memo #135 - C - CSS_62034.docx | ROSS-003282578-ROSS-003282579 |
| Hosp. Prod. v. Sterile Design, 734 F. Supp. 896 | 156+52(1) | Estoppel is generally defined as rule of law that precludes one from denying his own expressed or implied admission that another person has in good faith and pursuant to its purpose accepted and acted upon. | Can no definition of estoppel be completely satisfactory? | Estoppel - Memo #139 - C - CSS_62037.docx | ROSS-003282381-ROSS-003282382 |
| Hensarling v. Holly, 972 So. 2d 716 | 307A+690 | Unless otherwise specified in its order, a dismissal for failure to prosecute is an adjudication on the merits of the case and is with prejudice. Rules Civ.Proc., Rule 41(b). | "Unless otherwise specified in its order, is a dismissal for failure to prosecute an adjudication on the merits of the case and is with prejudice?" | 024727.docx | LEGALEASE-00156104-LEGALEASE-00156105 |
| Thomas v. Long, 207 S.W.3d 334 | 307A+690 | If an administrative body has exclusive jurisdiction of a dispute, a party must exhaust all administrative remedies before seeking judicial review of the decision, and until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. | Should dismissal for lack of jurisdiction be without prejudice? | 024736.docx | LEGALEASE-00156126-LEGALEASE-00156127 |
| Reinbolt v. Nat'l Fire Ins. Co. of Hartford, 158 Ohio App. 3d 453 | 307A+690 | In a typical civil action, a claim that is dismissed "without prejudice" may be refiled at a later date; under exceptional circumstances, however, a dismissal without prejudice may be a final, appealable order. | "In a typical civil action, can a claim that is dismissed ""without prejudice"" be refiled at a later date?" | 024747.docx | LEGALEASE-00156170-LEGALEASE-00156171 |
| Bianchi v. Savino Del Bene Int'l Freight Forwarders, 329 Ill. App. 3d 908 | 307A+622 | A motion to dismiss based on an affirmative defense assumes a cause of action has been stated, but asserts that the claim is defeated by affirmative matter, while a motion to dismiss based upon defect in pleadings attacks defects apparent on the face of the complaint and is based on the insufficiency in the pleading rather than on the underlying facts. S.H.A. 735 ILCS 5/2-615, 2-619(a)(9). | Is a motion to dismiss based on the insufficiency in the pleading rather than on the underlying facts? | Pretrial Procedure - Memo # 10374 - C - AC_62099.docx | ROSS-003294291 |
| Thomas v. Thomas, 23 Ill. App. 3d 936 | 307A+685 | Admissions in a defendant's affidavit may be used to ascertain whether a plaintiff has a valid cause of action. McKinney's CPLR 3211. | Can admissions in a defendant's affidavit be used to ascertain whether a plaintiff has a valid cause of action? | Pretrial Procedure - Memo # 9899 - C - SB_62112.docx | ROSS-003324491-ROSS-003324492 |
| Dickson v. Jefferson Cty. Bd. of Ed., 311 Ky. 781 | 371+2002 | Any payment exacted by the state or its municipal subdivisions as a contribution toward the cost of maintaining governmental functions, where special benefits derived from their performance are merged in general benefit, is a "tax", while a "fee" is generally regarded as a charge for some particular service. | Is the distinction between a fee and a tax always observed with nicety in judicial decisions? | Taxation - Memo # 992 - C - JL_62494.docx | ROSS-003280520 |
| Anderson v. State, 1884 WL 8669 | 67+7 | A legal tenant who occupies burglarized premises at time of offense is the "owner" thereof under burglary statute, not the unoccupying fee titleholder or lessor. West's F.S.A. § 810.02(1, 3). | Is a tenant who occupies the burglarized premises at the time of the offense considered an owner? | Burglary - Memo 279 - RK_62282.docx | ROSS-003293710-ROSS-003293712 |
| State v. Evans, 196 Wash. App. 1075 (2016) | 67+41(2) | Proof that offense was committed in nighttime is essential to conviction for first degree burglary, but time of offense is not essential element of corpus delicti, and confession is sufficient proof that crime was committed during nighttime. | Is proof that the breaking and entering occurred in the nighttime an essential element of the crime of burglary? | 013080.docx | LEGALEASE-00156563-LEGALEASE-00156564 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Rhodes, 408 S.W.2d 68 | 67+9(1) | Unlocking and opening a locked door; or pushing open a door which is shut but neither locked nor latched; or the opening of a closed door or the opening of an unlocked door is sufficient to render an entry thus effected burglary, if done with intent to commit burglary. | Can opening a door with a key constitute burglary? | 013112.docx | LEGALEASE-00156528-LEGALEASE-00156529 |
| Jones v. Royal Admin. Servs., 866 F.3d 1100 | 308+1 | Under California law, "agency" is the fiduciary relationship that arises when one person, a principal, manifests assent to another person, an agent, that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act. | Is agency a fiduciary relationship? | Principal and Agent - Memo 561-SB_63577.docx | ROSS-003308202-ROSS-003308203 |
| Rezac Livestock Comm'n Co. v. Pinnacle Bank, 255 F. Supp. 3d 1150 | 308+1 | Under Kansas law, a principal-agent relationship is created when one person, a principal, manifests assent to another person, an agent, that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act. | When is a principal-agent relationship created? | Principal and Agent - Memo 563-SB_63579.docx | ROSS-003308188-ROSS-003308189 |
| Hadley v. City of Atlanta, 232 Ga. App. 871 | 371+2002 | The distinction between a tax and a fee is that a "tax" is imposed primarily as a revenue-raising measure, while a "regulatory fee" or "license" is imposed under the police power and is intended primarily as a means of or an aid in regulating a particular occupation or activity. | What is the distinction between tax and license? | 044489.docx | LEGALEASE-00156461-LEGALEASE-00156462 |
| Kaw Valley State Bank & Tr. v. Commercial Bank of Liberty, N.A., 567 S.W.2d 710 | 83E+486 | Assignee of nonnegotiable instrument takes it subject to all defenses which maker may have against instrument prior to notice of assignment. V.A.M.S. SS 431.160, 509.480. | Does an assignee of a nonnegotiable instrument take it subject to all defenses that the maker has against the instrument prior to notice of the assignment? | Bills and Notes - Memo 1246 - RK_62536.docx | ROSS-003282473-ROSS-003282474 |
| Leon v. Martinez, 638 N.E.2d 511 | 38+31 | No particular words are necessary to effect assignment; it is only required that there be perfected transaction between assignor and assignee, intended by those parties to vest in assignee present right in things assigned. | Are particular words necessary to effect an assignment? | 010077.docx | LEGALEASE-00157081-LEGALEASE-00157082 |
| Adams v. First Nat. Bank of Bells/Savoy, 154 S.W.3d 859 | 322H+106(2) | Two elements must be established to prove delivery of a deed to real property: (1) the deed must be delivered into the control of the grantee, and (2) the grantor must intend the deed to become operative as a conveyance. | What are the elements to be established to prove delivery of a deed of conveyance? | 018412.docx | LEGALEASE-00157001-LEGALEASE-00157002 |
| Preston v. Kaiser Found. Hosps., 126 Cal. App. 3d 402 | 307A+581 | Policy of law is to require a plaintiff to expedite resolution of his or her claim and court should not enforce claims unless plaintiff acts in timely fashion. West's Ann.C.C.P. S 583. | Should court enforce claims unless plaintiff acts in timely fashion? | 024788.docx | LEGALEASE-00157688-LEGALEASE-00157689 |
| Houston Chronicle Pub. Co. v. Flowers, 413 S.W.2d 435 | 307A+581 | Trial courts are authorized to dismiss any cause, whether involving plea of privilege or not, because of lack of prosecution. | "Are courts authorized to dismiss any cause, whether involving plea of privilege or not, because of lack of prosecution?" | Pretrial Procedure - Memo # 10400 - C - PB_63350.docx | ROSS-003293604 |
| Hendrix v. Fulton Dekalb Hosp. Auth., 330 Ga. App. 833 | 307A+517.1 | A dismissal for failure to state a claim is a dismissal on the merits, with prejudice, and renders the suit void and incapable of being renewed after expiration of the applicable statute of limitation. West's Ga.Code Ann. S 9-2-61. | Is a dismissal for failure to state a claim a dismissal on the merits and is with prejudice? | 025050.docx | LEGALEASE-00156711-LEGALEASE-00156712 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Labrie v. Kenney, 95 S.W.3d 722 | 30+4098(1) | A dismissal for want of prosecution with prejudice is improper; however, that error is subject to waiver if the trial court is not given an opportunity to correct it, or if the question is not properly raised on appeal. | Is an error subject to waiver if the trial court is not given an opportunity to correct it? | Pretrial Procedure - Memo # 10552 - C - KG_62449.docx | ROSS-003293193-ROSS-003293194 |
| Massey v. Columbus State Bank, 35 S.W.3d 697 | 307A+690 | Dismissal for want of prosecution is not a dismissal with prejudice, since it is not an adjudication of the rights of the parties, but simply places the parties in the position they were in prior to filing the action. | "Is a dismissal for want of prosecution not a dismissal with prejudice, since it is not an adjudication of the rights of the parties?" | 025108.docx | LEGALEASE-00156889-LEGALEASE-00156890 |
| Williams v. Bell, 37 S.W.3d 477 | 102+132(1) | Dismissal of an in forma pauperis inmate's complaint for failure to comply with statute requiring documentation of inmate's prior history of litigation should be without prejudice. T.C.A. S 41-21-801. | Should a dismissal of an in forma pauperis inmate's complaint for failure to comply with statute requiring documentation of inmate's prior history of litigation be without prejudice? | 025128.docx | LEGALEASE-00156971-LEGALEASE-00156972 |
| Hardin v. Bishop, 2013 Ark. 395 | 308+1 | The two essential elements of an agency relationship are (1) that an agent have the authority to act for the principal, and (2) that the agent act on the principal's behalf and be subject to the principal's control. | Is the authority of an agent to act on behalf of the principal an essential element of an agency relationship? | 041758.docx | LEGALEASE-00157812-LEGALEASE-00157813 |
| Associated Producers, LTD v. Vanderbilt Univ., 76 F. Supp. 3d 154 | 308+1 | Under District of Columbia law, generally, an agency relationship results when one person authorizes another to act on his behalf subject to his control, and the other person consents to do so. | Does an agency relationship result when one authorizes another to act on his behalf? | Principal and Agent - Memo 420 - RK_63540.docx | ROSS-003294071-ROSS-003294072 |
| Appeal of Scholastic Book Clubs, 260 Kan. 528 | 308+14(2) | Express agency exists when principal expressly authorizes agent to do delegable acts, and implied agency may exist if it appears from parties' words, conduct, or other circumstances that principal intended to give agent authority to act. | When does express agency exist? | Principal and Agent - Memo 446 - RK_63566.docx | ROSS-003281481-ROSS-003281482 |
| Noble Sec. v. MIZ Eng'g, Ltd., 611 F. Supp. 2d 513 | 308+1 | Under Virginia law, when determining whether an agency relationship exists, the critical test is the nature and extent of control exercised by the purported principal over the agent. | What is the critical test in determining whether an agency relationship exists? | Principal and Agent - Memo 460-PR_63474.docx | ROSS-003310198-ROSS-003310199 |
| Cross v. Cutter Biological, Div. of Miles Inc., 676 So. 2d 131 | 308+14(1) | Agency relationship is created either by express appointment pursuant to statute or by implied appointment arising from apparent authority in order to protect innocent third parties. LSA-C.C. art. 2985. | Can an agency relationship be created by implied appointment? | Principal and Agent - Memo 493 - KK_63272.docx | ROSS-003308555-ROSS-003308556 |
| Commercial Money Ctr. v. Illinois Union Ins. Co., 508 F.3d 327 | 308+48 | Under California law, indicia of an agency relationship are the agent's power to alter legal relations between the principal and others, a fiduciary relationship, and the principal's right to control the agent's conduct. | Does an agent have the power to alter legal relations between the principal and others? | Principal and Agent - Memo 572-SB_63588.docx | ROSS-003295346-ROSS-003295347 |
| Cook v. GGNSC Ripley, 786 F. Supp. 2d 1166 | 308+10(1) | Under Mississippi law, a power of attorney must be a writing that (1) authorizes an attorney-in-fact or other agent to do, execute or perform any act that the principal might or could do, or (2) evidences the principal's intent to give the attorney-in-fact or agent full power to handle the principal's affairs. West's A.M.C. S 87-3-7. | What is a power of attorney? | Principal and Agent-Memo 5-AM_62766.docx | ROSS-003310054-ROSS-003310055 |
| Rivercity v. Am. Can Co., 600 F. Supp. 908 | 308+25(3) | "Agency by estoppel" is not based on actual agency, but is generally found under circumstances where third parties have been led to believe that agency relationship was in existence and relied on that belief to their detriment, with result that parties who held out that agency relationship existed are estopped from denying it. | What is an agency by estoppel? | Principal and Agent-Memo 16-AM_63479.docx | ROSS-003281626-ROSS-003281627 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Commercial Loan Co., 251 Ala. 672 | 371+2002 | The word "tax", unless expressly defined, is inclusive of both levies for revenue purposes and levies for regulatory purposes, and thus license fees are commonly called taxes, though strictly speaking they may be a charge or fee rather than a tax. | "Are license fees commonly called taxes, even though they may be a charge or fee rather than a tax?" | 044545.docx | LEGALEASE-00157516-LEGALEASE-00157517 |
| People v. Butler, 187 Cal. App. 4th 998 | 3.77E+12 | For purposes of statute making it a crime to threaten another with death or great bodily injury, determination whether a defendant intended his words to be taken as a threat, and whether the words were sufficiently unequivocal, unconditional, immediate and specific they conveyed to the victim an immediacy of purpose and immediate prospect of execution of the threat can be based on all the surrounding circumstances and not just on the words alone; the parties' history can also be considered as one of the relevant circumstances. West's Ann.Cal.Penal Code S 422. | When is a threat sufficiently specific for the purposes of the statute making it a crime to threaten another with death or great bodily injury? | 046868.docx | LEGALEASE-00157680-LEGALEASE-00157681 |
| Evanson v. Univ. of Hawaii, 52 Haw. 595 | 413+102 | Under HRS S 386-1 " 'Employment' means any service performed by an individual for another person under any contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully entered into." | What does employment under Workmen's Compensation Law mean? | 047697.docx | LEGALEASE-00157586-LEGALEASE-00157587 |
| Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 92+3250 | Statute providing that all persons within jurisdiction of United States shall have same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws, and the Fourteenth Amendment, protect all persons against state legislation bearing unequally on them either because of alienage or color. 8 U.S.C.A S 41; U.S.C.A.Const. Amend. 4. | Does the Fourteenth Amendment protect all persons' against state legislation bearing unequally upon them because of alienage or color? | "Aliens, Immigration, and Citizenship - Memo 47 - RK_63916.docx" | ROSS-003292470 |
| Eby v. Reb Realty, 495 F.2d 646 | 172H+1322 | Truth in Lending Act is remedial statute designed as much as possible to permit borrowers to make informed judgments about use of credit, and as such should be liberally construed. Truth in Lending Act, SS 1-145, 15 U.S.C.A. SS 1601-1665. | Does TILA permit borrowers be make informed judgements about the use of credit? | Consumer Credit - Memo 221-IS_64029.docx | ROSS-003319053-ROSS-003319054 |
| Sabbath v. Martin, 2009 WL 3449096 | 343+2254 | A defect is redhibitory warranting rescission of sale when it renders the thing useless, or its use so inconvenient that it must be presumed the buyer would not have bought the thing if he had known of the defect. LSA-C.C. art. 2520. | What are redhibitory defects in a sale and does existence of such defects give the buyer the right to rescission? | 018309.docx | LEGALEASE-00158814-LEGALEASE-00158815 |
| Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659 | 217+1712 | The terms "insurance" or "insurance contract" generally refer to a policy issued by an authorized and licensed insurance company whose primary business is to assume certain risks of loss of its insureds, in exchange for the payment of a premium. | How is self-insurance different from insurance? | Insurance - Memo 46 - SNJ_63859.docx | ROSS-003294022-ROSS-003294023 |
| United States v. Murphy, 84 F. 609 | 221+212 | Providing the means of transportation for a known military enterprise to be carried on from the United States against Spanish rule in Cuba is an offense, under Rev.St. S 5286, 18 U.S.C.A. S 25. | Is providing the means of transportation for a known military enterprise an offense under Rev.St. 5286? | 021740.docx | LEGALEASE-00159144-LEGALEASE-00159145 |
| In re Adelphia Communications Corp., 376 B.R. 87 | 289+1309 | Unlike general partnerships, under Delaware law, a limited partner in a limited liability partnership is presumed to be a "passive investor" and accordingly enjoys limited liability similar to that of a shareholder in a corporation. | Are limited partners in a limited liability partnership presumed to be a passive investor? | 022613.docx | LEGALEASE-00158618-LEGALEASE-00158619 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Big A Warehouse Distributors v. Rye Auto Supply, 19 Ark. App. 286 | 302+17 | Facts constituting cause of action must be pled in direct and positive allegations, not by way of argument, inference, or beliefs; statements of generalities and conclusions of law are not sufficient to state cause of action. Rules Civ.Proc., Rule 12(b)(6). | Should facts constituting the cause of action be pled in direct and positive allegations? | 023811.docx | LEGALEASE-00158190-LEGALEASE-00158191 |
| Sutton v. Duke, 277 N.C. 94 | 307A+561.1 | If complaint discloses unconditional affirmative defense, which defeats claim, or pleads facts, which deny right to any relief on claim, complaint will be dismissed. | Will a complaint be dismissed if it discloses an unconditional affirmative defense which defeats the claim asserted? | Pretrial Procedure - Memo # 10770 - C - NC_63412.docx | ROSS-003293389-ROSS-003293390 |
| Sutton v. Duke, 277 N.C. 94 | 307A+561.1 | If complaint discloses unconditional affirmative defense, which defeats claim, or pleads facts, which deny right to any relief on claim, complaint will be dismissed. | Will a complaint be dismissed if it discloses an unconditional affirmative defense which defeats the claim asserted? | Pretrial Procedure - Memo # 10770 - C - NC.docx | LEGALEASE-00048127-LEGALEASE-00048128 |
| Signature Dev. v. Sandler Commercial at Union, 207 N.C. App. 576 | 307A+561.1 | On a motion to dismiss for failure to state a claim upon which relief may be granted, when a complaint states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, the motion will be granted and the action dismissed. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | When will a motion to dismiss be granted and action dismissed? | 025439.docx | LEGALEASE-00158176-LEGALEASE-00158177 |
| Sharp v. Two Point Assocs., Ltd., 78 Mich. App. 180 | 307A+561.1 | Accelerated judgment is the proper method for disposing of a case where the defendant has raised a defense which will defeat the complaint, even though the complaint has stated a claim. GCR 1963, 116.1(3, 5). | When is an accelerated judgment the proper method for disposing of a case? | Pretrial Procedure - Memo # 10792 - C - NS_63659.docx | ROSS-003294236 |
| Enriquez v. Livingston, 400 S.W.3d 610 | 307A+697 | Burden is on the judge to set an oral hearing on a motion to reinstate plaintiff's case which was dismissed for want of prosecution; upon receiving a copy of a motion to reinstate from the court clerk, a trial judge knows, by virtue of the express language of Civil Procedure Rule governing dismissal and reinstatement of cases, that he is required-without discretion-to set the motion for an oral hearing and notify the parties of the date, time, and place of the hearing, and thus, it is unnecessary and illogical to place the burden on the movant to obtain a setting for an oral hearing. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | Is the burden on the judge to set an oral hearing on a motion to reinstate a plaintiff's case which was dismissed for want of prosecution? | 025488.docx | LEGALEASE-00158627-LEGALEASE-00158628 |
| Polk v. Sw. Crossing Homeowners Ass'n, 165 S.W.3d 89 | 307A+699 | Verified motion to reinstate extends the trial court's plenary power over judgment to the same extent as a motion for new trial. | Does a verified motion to reinstate extend the trial court's plenary power over a judgment to the same extent as a motion for new trial? | Pretrial Procedure - Memo # 10826 - C - PC.docx | LEGALEASE-00048237-LEGALEASE-00048238 |
| Allen v. Rushing, 129 S.W.3d 226 | 307A+699 | If a trial court dismisses a case for want of prosecution, the plaintiff may file a motion to reinstate the case. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd 3. | "If a trial court dismisses a case for want of prosecution, can the plaintiff file a motion to reinstate the case?" | Pretrial Procedure - Memo # 10828 - C - PC_64091.docx | ROSS-003294237 |
| Laird v. Jobes, 580 S.W.2d 413 | 307A+697 | Rule of civil procedure governing reinstatement after dismissal for want of prosecution does not authorize party seeking no affirmative relief to have case reinstated after it has been dismissed for want of prosecution. Rules of Civil Procedure, rule 165a. | Can any party seeking affirmative relief cause a dismissed case to be reinstated under rule 165a? | 025582.docx | LEGALEASE-00158306-LEGALEASE-00158307 |
| Gamboa v. Alvarado, 407 Ill. App. 3d 70 | 307A+685 | The defect, defense or affirmative matter must be apparent on the face of the pleading attacked or be supported by affidavit in order for a motion to dismiss to be granted. S.H.A. 735 ILCS 5/2-619(a)(9). | "Should the defect, defense or affirmative matter be apparent on the face of the pleading for a motion to dismiss to be granted?" | 025895.docx | LEGALEASE-00158110-LEGALEASE-00158111 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Finch v. Ekstrom, 115 Cal. App. 381 | 307A+693.1 | Entry in minutes of order granting nonsuit is final act in entering final judgment, and thereafter another judgment is improper. West's Ann.Code Civ.Proc. S 581. | Is entry in minutes of an order granting nonsuit a final act in entering final judgment? | 026012.docx | LEGALEASE-00158402-LEGALEASE-00158403 |
| Jewett v. Town of Alton, 7 N.H. 253 | 308+92(3) | Where an authority is given by law to three or more persons, it may, in general, be executed by a major part of the persons to whom it is so delegated; but where corporations or individuals give an authority jointly to three or more persons, in order to bind the principals, all the agents must act. | Do all agents have to act to bind the principal when authority is given jointly to two or more persons? | Principal and Agent - Memo 372 - RK_63930.docx | ROSS-003294455-ROSS-003294456 |
| Hardin v. Bishop, 2013 Ark. 395 | 308+1 | The two essential elements of an agency relationship are (1) that an agent have the authority to act for the principal, and (2) that the agent act on the principal's behalf and be subject to the principal's control. | Is the authority of an agent to act on behalf of a principal an essential element of agency relationship? | Principal and Agent - Memo 447 - RK_63833.docx | ROSS-003280288-ROSS-003280289 |
| Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen, 525 S.W.3d 671 | 308+1 | An agency relationship, which can be formed by oral agreement between the parties or simply by the parties' conduct, entitles the agent to act on the principal's behalf with the same force and effect as if the principal had performed the act himself. | Can an agency relationship be formed by oral agreement? | 042006.docx | LEGALEASE-00159091-LEGALEASE-00159092 |
| In re Venture Fin. Grp., 558 B.R. 386 | 308+1 | Under Washington law, an agency relationship generally arises when two parties consent that one shall act under the control of the other. | Does an agency relationship arise when two parties consent that one shall act under the control of the other? | Principal and Agent - Memo 548 - RK_64006.docx | ROSS-003292542-ROSS-003292543 |
| Sperry Assocs. Fed. Credit Union v. Space Coast Credit Union, 877 F. Supp. 2d 1227 | 308+1 | Under Florida law, to establish an agency relationship, plaintiff must show: (1) acknowledgement by principal that agent will act for him; (2) agent's acceptance of the undertaking; and (3) control by principal over agent's actions. Restatement (Second) of Agency S 1. | Does control by the principal over the agent's actions establish the agency relationship? | 042019.docx | LEGALEASE-00159128-LEGALEASE-00159129 |
| Stephens, for Use & Benefit of Stephens v. Catalano, 7 So. 2d 380 | 413+101 | The only occupations protected by the compensation act are those businesses specially designated in the act, those persons who, by agreement, have elected to come under the act, and those businesses determined by the courts, prior to the occurrence of the accident, to be of a hazardous nature. Act No. 20 of 1914, S 1, subd. 2(a), LSA-R.S. 23:1021. | What occupations are protected by compensation laws? | 047680.docx | LEGALEASE-00158062-LEGALEASE-00158063 |
| Majlinger v. Cassino Contracting Corp., 25 A.D.3d 14 | 24+102 | When Congress enacts a statute touching the rights, privileges, obligations or burdens of aliens as such, the statute is the supreme law of the land. | Is a statute enacted by Congress touching the obligations of aliens the supreme law of the land? | "Aliens, Immigration and Citizenship - Memo 100 - RK_64742.docx" | ROSS-003295006-ROSS-003295007 |
| Toll v. Moreno, 458 U.S. 1 | 24+101 | Federal authority to regulate status of aliens derives, inter alia, from federal government's constitutional powers to establish uniform rule of naturalization and to regulate commerce with foreign nations and from its broad authority over foreign affairs. U.S.C.A.Const.Art. 1, S 8, cls. 3, 4. | From what sources does federal authority to regulate immigration derive from? | 006813.docx | LEGALEASE-00160411-LEGALEASE-00160412 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+330 | A deportation proceeding is a purely civil action to determine eligibility to remain in country, not to punish unlawful entry, though entering or remaining unlawfully in country is itself a crime. Immigration and Nationality Act, SS 262, 266, 275, 8 U.S.C.A. SS 1302, 1306, 1325. | Do deportation proceedings determine eligibility to remain in this country? | "Aliens, Immigration and Citizenship - Memo 93 - RK_64826.docx" | ROSS-003281758-ROSS-003281759 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Woodruff v. Bryant, 558 S.W.2d 535 | 289+923 | Every partner has inherent power to dissolve partnership even though partnership agreement might attempt to limit such right and even though, in some circumstances, the exercise of such right might constitute a breach of partnership agreement and render dissolving partner liable for damages resulting from the breach. Vernon's Ann.Civ.St. art. 6132b, S 21. | Does every partner have the inherent power to dissolve a partnership even when the dissolution would violate the partnership agreement? | 022594.docx | LEGALEASE-00160138-LEGALEASE-00160139 |
| Tarrant Cty. v. McQuary, 310 S.W.3d 170 | 302+111.36 | Pleadings relevant to a review of a plea to the jurisdiction include amended petitions, the plea to the jurisdiction, and responses filed in connection with a defendant's plea to the jurisdiction. | Do pleadings relevant to a review of a plea to the jurisdiction include amended petitions and responses? | 023863.docx | LEGALEASE-00160050-LEGALEASE-00160051 |
| Brown Leasing v. Stone, 284 Ill. App. 3d 1035 | 302+236(1) | Even in cases where original complaint is arguably deficient and subject to being stricken, error occurs if trial court abuses its discretion in denying plaintiff leave to amend. | "If a plaintiff can state a cause of action by amending its complaint, should dismissal with prejudice on the pleadings not be granted?" | 039852.docx | LEGALEASE-00159525-LEGALEASE-00159526 |
| Epstein v. Chicago Bd. of Educ., 178 Ill. 2d 370 | 307A+561.1 | "Affirmative matter" asserted by defendant must be apparent on face of complaint or supported by affidavits or certain other evidentiary materials, for purpose of motion for involuntary dismissal on ground that claim asserted against defendant is barred by other "affirmative matter" avoiding legal effect of or defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Will an affirmative matter be apparent on the face of complaint or should the defendant support it with affidavits? | 039897.docx | LEGALEASE-00159821-LEGALEASE-00159822 |
| Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 307A+685 | If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven; to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit, and the failure to do so results in the facts of the defendant's affidavits being deemed admitted. S.H.A. 735 ILCS 5/2-619(a)(9); Sup.Ct.Rules, Rule 191. | Should the plaintiff provide a counter affidavit to refute evidentiary facts contained in a defendant's supporting affidavits? | Pretrial Procedure - Memo 11385 - C - KG.docx | LEGALEASE-00049930-LEGALEASE-00049931 |
| Reid v. Spazio, 970 A.2d 176 | 307A+561.1 | Since court is generally limited to facts appearing on the face of the pleadings when deciding a motion to dismiss for failure to state a claim upon which relief can be granted, affirmative defenses, such as laches, are not ordinarily well-suited for treatment on such a motion. Chancery Court Rule 12(b)(6). | Why are affirmative defenses not well suited for treatment when deciding a motion to dismiss? | Pretrial Procedure - Memo 11392 - C - DA_64446.docx | ROSS-003278415-ROSS-003278416 |
| Castano v. San Felipe Agric., Mfg., & Irr. Co., 147 S.W.3d 444 | 307A+695 | The issue of whether pleadings fail to state a cause of action may not be resolved by summary judgment; only after a party has been given the opportunity to amend may the case be dismissed for failure to state a cause of action. | Can the issue of whether pleadings fail to state a cause of action not be resolved by summary judgment? | 040234.docx | LEGALEASE-00160232-LEGALEASE-00160233 |
| Bridges v. Prod. Operators, 974 So. 2d 54 | 371+3602 | The sales and use taxes are complementary taxes designed to make all tangible property sold or used subject to a uniform tax burden regardless of whether it is acquired inside the state and subject to a sales tax or acquired outside the state and subject to a use tax. | How are use tax and sales tax assessed? | 046207.docx | LEGALEASE-00159787-LEGALEASE-00159788 |
| Bridges v. Prod. Operators, 974 So. 2d 54 | 371+3602 | The sales and use taxes are complementary taxes designed to make all tangible property sold or used subject to a uniform tax burden regardless of whether it is acquired inside the state and subject to a sales tax or acquired outside the state and subject to a use tax. | "Is use tax assessed on the ""cost price"" of items used in the state?" | Taxation - Memo 1087 - C - CK_64495.docx | ROSS-003279224-ROSS-003279225 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Columbia Gulf Transmission Co. v. Bridges, 2008-1006 (La. App. 1 Cir. 6/25/09) | 371+3602 | A "sales tax" is a single-stage tax on consumer spending that applies to final sales in the state for personal use and consumption. LSA-R.S. 47:302(A). | "Is a ""sales tax"" a single-stage tax on consumer spending that applies to final sales in the state for personal use and consumption?" | 046211.docx | LEGALEASE-00159795-LEGALEASE-00159796 |
| Paulausky v. Polish Roman Catholic Union of Am., 219 Ind. 441 | 8.30E+239 | A mortgage securing a note is not a necessary part of the note, although construed with the note as constituting one contract, and since note is valid and enforceable without mortgage, material alteration of mortgage does not destroy validity of note. | Is a mortgage a necessary part of the note? | Bills and Notes -Memo 1416- JK_66292.docx | ROSS-003307333-ROSS-003307334 |
| People v. Farrar, 52 N.Y.2d 302 | 350H+90 | Determination of an appropriate sentence requires exercise of discretion after due consideration given to the crime charged, the particular circumstances of the individual before the court, and the purpose of penal sanction. | How is the appropriateness of a sentence determined? | Bribery - Memo 1065 - C - ML_65550.docx | ROSS-003282638-ROSS-003282639 |
| People v. Everard, 225 Mich. App. 455 | 135H+23 | While double jeopardy clause prohibits successive or multiple punishments for same offense, defendant may still be subject to both criminal and civil sanctions for same act. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 1, S 15. | "Does civil forfeiture not constitute ""punishment"" for purpose of a double jeopardy clause?" | 015327.docx | LEGALEASE-00160620-LEGALEASE-00160621 |
| United States v. Cook, 406 F.3d 485 | 156+52.10(2) | A forfeiture is basically an oversight; a waiver is a deliberate decision not to present a ground for relief that might be available in the law. | Is waiver a deliberate decision not to present a ground for relief that might be available in the law? | 018128.docx | LEGALEASE-00161347-LEGALEASE-00161348 |
| Allen v. Mussen, 129 Conn. 151 | 268+817(1) | Defendants as abutting property owners were presumed, there being no evidence to the contrary, to own the fee in the land to the center of the highway, and hence as to a park strip between the sidewalk and curb upon which defendants had placed wire netting to protect grass seed, defendants retained all rights not incompatible with the public easement, so that defendant was required only to use reasonable care to keep the premises reasonably safe for pedestrians. | Does an abutting owner have all the rights incompatible with a public easement? | 018807.docx | LEGALEASE-00161655-LEGALEASE-00161656 |
| Davis v. Girard, 74 R.I. 125 | 59+33 | The owner of premises bounded on a public highway is presumed, in absence of evidence to the contrary, to own the fee to the middle line of the highway. | Is the owner of premises bounded on a public highway presumed to own the fee to the middle line of the highway? | Highways - Memo 401 - RK_66330.docx | ROSS-003280750-ROSS-003280751 |
| Davis v. Girard, 74 R.I. 125 | 59+33 | The owner of premises bounded on a public highway is presumed, in absence of evidence to the contrary, to own the fee to the middle line of the highway. | Is the owner of the premises bounded on a public highway presumed to own the fee to the middle line of the highway? | 018878.docx | LEGALEASE-00161735-LEGALEASE-00161736 |
| Nylander v. Potter, 38 Mass. App. Ct. 605 | 200+80 | Abutters to a public way ordinarily hold the title to the fee to the center of the public way, subject only to the easement of travelers to pass and repass. | Do abutters ordinarily hold the title to the fee to the center of the public way? | Highways - Memo 467 - RK_66367.docx | ROSS-003280544-ROSS-003280545 |
| Anthony v. Tidwell, 560 S.W.2d 908 | 307A+682.1 | Complaint is subject to dismissal for failure to state claim if affirmative defense clearly and unequivocally appears on face of complaint; it is not necessary for defendant to submit evidence in support of motion to dismiss when facts on which he relies to defeat plaintiff's claim are admitted by plaintiff in his complaint. Rules of Civil Procedure, rule 12.02(6). | Will a complaint be subject to dismissal when an affirmative defense appears on the face of the complaint? | Pretrial Procedure - Memo 11426 - C - NS_65276.docx | ROSS-003320955-ROSS-003320956 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Meadow Fresh Farms v. Utah State Univ. Dep't of Agric. & Applied Sci., 813 P.2d 1216 | 307A+697 | Plaintiff in attacking dismissal for failure to prosecute must offer reasonable excuse for its lack of diligence. Rules Civ.Proc., Rule 60(b). | Should a plaintiff in attacking a dismissal for failure to prosecute offer a reasonable excuse for its lack of diligence? | 040110.docx | LEGALEASE-00161319-LEGALEASE-00161320 |
| Janssen v. Inc. Vill. of Rockville Ctr., 59 A.D.3d 15 | 307A+695 | The standard to be applied for granting a motion for leave to replead on motion to dismiss is consistent with the standard governing motions for leave to amend a complaint. McKinney's CPLR 3025; McKinney's CPLR 3211(e) (2004). | Is the standard to be applied for granting a motion for leave to replead pursuant to a motion to dismiss consistent with the standard governing motions for leave to amend? | Pretrial Procedure - Memo 11568 - C - BP_65345.docx | ROSS-003279326-ROSS-003279327 |
| Krilich v. Thomas, 973 So. 2d 1244 | 307A+695 | Generally, a trial court is within its discretion to dismiss a complaint with prejudice after three opportunities to amend. | Is a trial court within its discretion to dismiss a complaint with prejudice after three opportunities to amend? | 040198.docx | LEGALEASE-00161469-LEGALEASE-00161470 |
| Jampole v. Matthews, 857 S.W.2d 57 | 307A+695 | Only after party has been given opportunity to amend, after special exceptions have been sustained, may case be dismissed for failure to state claim. | "After special exceptions have been sustained, can a case be dismissed for failure to state a claim?" | 040317.docx | LEGALEASE-00161058-LEGALEASE-00161059 |
| Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So. 2d 178 | 307A+584 | There is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will be upheld only where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct. | Is there a time limit for the prosecution of an action once it has been filed? | 040441.docx | LEGALEASE-00161026-LEGALEASE-00161027 |
| Am.'s Favorite Chicken Co. v. Galvan, 897 S.W.2d 874 | 228+197 | Issuance of written order granting motion for nonsuit dismissing entire case represents written judgment entered of record, regardless of whether adjudication on the merits has occurred. | Does the court have the discretion to grant plaintiff's timely filed and proper motion for nonsuit? | 040519.docx | LEGALEASE-00161385-LEGALEASE-00161386 |
| State ex rel. P.A.W. v. P.A.D., 591 So. 2d 98 | 307A+690 | Dismissal with prejudice for want of prosecution is within discretion of trial court, but is considered harsh sanction which should be used only in extreme circumstances. | Is the dismissal for want of prosecution within the discretion and the inherent power of trial court? | 040540.docx | LEGALEASE-00161052-LEGALEASE-00161053 |
| State v. Phillips, 130 So. 3d 416 | 3.77E+10 | The crime of coercion has three distinct elements: (1) the defendant must compel a victim to do something; (2) which victim has a right not to do; (3) by making the victim afraid that if he or she does not do it, one of the statutorily-enumerated consequences will result. West's Or. Rev. Stat. Ann. S 163.275(1). | What are the three distinct elements of the crime of coercion? | 046941.docx | LEGALEASE-00160925-LEGALEASE-00160926 |
| Lifanda v. Elmhurst Dodge, 237 F.3d 803 | 172H+1342 | Court views the sufficiency of TILA-mandated disclosures from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or English professor. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Is the sufficiency of TILA-mandated disclosures to be viewed from the standpoint of an ordinary consumer? | 013856.docx | LEGALEASE-00162598-LEGALEASE-00162599 |
| United States v. Sykes, 73 F.3d 772 | 135H+1 | Although text of Fifth Amendment's double jeopardy clause mentions only harms to "life or limb," it also applies to imprisonment and monetary penalties. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause apply to imprisonment and monetary penalties? | Double Jeopardy - Memo 105 - C - SB_65884.docx | ROSS-003309985-ROSS-003309986 |
| CNA Ins. Co. v. Selective Ins. Co., 354 N.J. Super. 369 | 217+1001 | "Insurance" may be defined as a contract to pay a sum of money upon the happening of a particular event. | Can insurance be defined as a contract to pay a sum of money upon the happening of a particular event? | 019647.docx | LEGALEASE-00162102-LEGALEASE-00162103 |
| Development Specialists v. Akin Gump Strauss Hauer & Feld LLP, 480 B.R. 145 | 289+588 | Under New York law, partners owe one another, and the partnership, fiduciary duties, including the duty to account for any benefit a partner derives from his use of partnership property. N.Y.McKinney's Partnership Law S 43. | Does a partner have a duty to account for any benefit he derived from his use of partnership property? | Partnership - Memo 598 - SNP_66407.docx | ROSS-003280814-ROSS-003280815 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Alfieri v. Solomon, 263 Or. App. 492 | 307A+695 | Under rule governing amended and supplemental pleadings, a plaintiff has to be allowed an opportunity to amend his complaint once, as a matter of right, before the trial court dismisses the complaint with prejudice. Rules Civ.Proc., Rules 21, 23. | "Will a plaintiff be given an opportunity to amend the complaint once, as a matter of right, before the trial court dismiss the complaint with prejudice?" | Pretrial Procedure - Memo 11549 - C - NC_65982.docx | ROSS-003293452-ROSS-003293453 |
| Vera v. Soohoo, 99 A.D.3d 990 | 307A+697 | Court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar, and to be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Under 22 NYCRR 202.27 could a court dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar? | 040561.docx | LEGALEASE-00162152-LEGALEASE-00162153 |
| N. Missouri R. Co. v. Maguire, 87 U.S. 46 | 371+2286 | The power to tax resides in the state government as part of itself for the benefit of the whole people who cannot complain if the power is fairly exercised and the proceeds are properly applied to discharge obligations for which the taxes were imposed and the power need not be reserved when property of any description is granted to individuals or corporation bodies. | Is the power to tax granted for the benefit of the whole people? | 046347.docx | LEGALEASE-00161972-LEGALEASE-00161973 |
| Placanica v. State, 303 Ga. App. 302 | 3.77E+29 | A defendant need not engage in unequivocally hostile conduct or make explicit threats in order to be convicted of stalking; even behavior that is not overtly threatening can provide the requisite degree of intimidation and harassment if it is ongoing, repetitious, and engaged in despite the communicated wishes of the victim. West's Ga.Code Ann. S 16-5-90(a)(1). | Does a defendant need to engage in unequivocally hostile conduct in order to be convicted of stalking? | "Threats, Stalking and Harassment - Memo 217 - C - LB_66013.docx" | ROSS-003279070-ROSS-003279071 |
| State v. Murphy, 545 N.W.2d 909 | 3.77E+11 | Statute that proscribes making terroristic threats places no restriction on word "threatens" that would limit statute's scope to the spoken word; physical acts alone may amount to "terroristic threats." M.S.A. S 609.713, subd. 1. | "Does the statute that proscribes the making of terroristic threats place a restriction on the word ""threaten"" so as to limit the statute's scope to the spoken word?" | 046969.docx | LEGALEASE-00162190-LEGALEASE-00162191 |
| Shushunov v. Illinois Dep't of Fin. & Prof'l Regulation, 74 N.E.3d 71 | 135H+25 | To ascertain whether a civil penalty is actually punitive in nature, and, thus, considered a punishment for purposes of double jeopardy, a court must consider the intent of the Legislature. U.S. Const. Amend. 5; Ill. Const. art. 1, S 10. | What must a court do to ascertain whether a civil penalty actually punitive in nature? | 015069.docx | LEGALEASE-00162839-LEGALEASE-00162840 |
| McGee v. Peake, 511 F.3d 1352 | 34+136 | The Board of Veterans' Appeals adjudicates a claim for veterans benefits within a compensation system that is uniquely pro-claimant by imposing on the Board an obligation to fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits. | Does the Board of Veterans' Appeals adjudicate claims for veterans benefits within a compensation system that is uniquely pro-claimant? | 008865.docx | LEGALEASE-00163916-LEGALEASE-00163917 |
| Stewart v. Citizens & S. Nat. Bank, 138 Ga. App. 209 | 8.30E+27 | Check is merely an order on bank to pay from drawer's account, and may be revoked at any time by the drawer before it has been certified, accepted, or paid by the bank, and may be revoked by operation of the law on the death of the drawer. Code, S 109A-4-405. | Is a check a mere order to the bank that can be revoked? | 009332.docx | LEGALEASE-00163015-LEGALEASE-00163016 |
| Stamson v. Lillard, 316 S.W.3d 611 | 316P+26 | When a county employee is governed by a civil service system, the civil service system governs all aspects of employment, including terms of employment, promotion, discipline and termination. | Does a civil service system govern all aspects of employment of a county employee? | 013560.docx | LEGALEASE-00164116-LEGALEASE-00164117 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Woods v. Legg, 363 S.W.3d 710 | 135+4(2) | Volition, intention, and action are all elements to be considered in determining where a person resides, and such elements are equally pertinent in denoting the permanent residence or domicile for voting purposes. V.T.C.A., Election Code S 1.015(a). | "Are volition, intention, and action all elements to be considered in determining where a person resides?" | 014558.docx | LEGALEASE-00164186-LEGALEASE-00164187 |
| Ledford v. Thomas, 144 F. Supp. 2d 709 | 135H+59 | Under Texas and federal law, jeopardy does not attach at arrest or indictment stage; instead, in jury trial, jeopardy attaches when jury is empaneled and sworn and, in bench trial, when both sides have announced ready and defendant has pleaded to charging instrument. U.S.C.A. Const.Amend. 5. | Will jeopardy attach when both sides have announced ready and defendant has pleaded to charging instrument? | Double Jeopardy - Memo 1088 - C - CK_67994.docx | ROSS-003292232-ROSS-003292233 |
| United States v. Huang, 960 F.2d 1128 | 135H+6 | Double jeopardy clause of Fifth Amendment protects criminal defendant from successive prosecutions for same offense; however, where original trial has not been completed and defendant himself or herself has moved for or consented to mistrial, retrial is normally not barred. U.S.C.A. Const.Amend. 5. | "Where an original trial has not been completed and a defendant himself or herself has moved for or consented to mistrial, is retrial normally not barred?" | Double Jeopardy - Memo 325 - C - TJ_66619.docx | ROSS-003280403-ROSS-003280404 |
| State v. Leonard, 234 N.J. Super. 183 | 135H+96 | Generally, when trial is terminated without defendant's consent or without legal justification, defendant should not be subjected to harassment of new trial. | "When the trial is terminated without a defendant's consent or without legal justification, should a defendant not be subjected to harassment of a new trial?" | 015379.docx | LEGALEASE-00163113-LEGALEASE-00163114 |
| Davidson v. United States, 48 A.3d 194 | 135H+95.1 | An exception to the protections of the Double Jeopardy Clause may be permitted if the trial court declares a mistrial. U.S.C.A. Const.Amend. 5. | Can an exception to the protections of the Double Jeopardy Clause be permitted if the trial court declares a mistrial? | Double Jeopardy - Memo 364 - C - SN_67264.docx | ROSS-003293248-ROSS-003293249 |
| United States v. Wayman, 510 F.2d 1020 | 135H+95.1 | A defendant may be tried a second time when on the first trial the court properly declared a mistrial. | Can a defendant be tried a second time when on the first trial the court properly declared a mistrial? | 015531.docx | LEGALEASE-00163699-LEGALEASE-00163700 |
| Matter of Armstrong, 201 B.R. 526 | 156+52.10(3) | Waiver may be found when party fails to raise issue, despite full and fair opportunity to do so. | Can waiver be found where a party fails to raise an issue despite a full and fair opportunity to do so? | 018214.docx | LEGALEASE-00162989-LEGALEASE-00162990 |
| Bottero v. Great Atl. & Pac. Tea Co., 316 Pa. Super. 62 | 307A+697 | The criteria for opening a judgment of non-pros are: the petition must be timely filed; the reason for default reasonably explained or excused; and facts constituting grounds for the cause of action must be alleged. | Will judgment non pros not be opened unless the petition for reopening is promptly filed? | 040666.docx | LEGALEASE-00163048-LEGALEASE-00163049 |
| Williams v. Pucinski, No. 01 C 5588, 2002 WL 1585571 | 307A+517.1 | Under Illinois law, voluntary dismissals and dismissals for want of prosecution are not considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired. S.H.A. 735 ILCS 5/13-217. | Is a dismissal for want of prosecution not considered adjudication on merits? | 040756.docx | LEGALEASE-00163376-LEGALEASE-00163377 |
| Kirschner v. Worden Orchard Corp., 48 Wash. App. 506 | 307A+697 | Dismissal of an action on clerk of court's motion for want of prosecution may be vacated if there is defective notice that the case will be dismissed. CR 41(b)(2). | Can a dismissal of an action on a clerk of court's motion for want of prosecution be vacated if there is a defective notice that the case will be dismissed? | 040763.docx | LEGALEASE-00163457-LEGALEASE-00163458 |
| Mohiuddin v. Doctors Billing & Mgmt. Sols., 196 Md. App. 439 | 307A+695 | If an order dismissing a pleading expressly grants leave to amend, there is no final judgment and the case is not closed; at that point, the future of the case is governed by the procedural requirements imposed on the amending process. Md.Rule 2-322. | "If an order dismissing a pleading expressly grants leave to amend, is there no final judgment and the case is not closed?" | 040940.docx | LEGALEASE-00163239-LEGALEASE-00163240 |
| Lee v. Friedman, 637 N.E.2d 1318 | 307A+583 | Trial court's authority to dismiss for failure to prosecute arises from its administrative discretion in the conduct of its business and from civil procedure rule governing dismissal. Trial Procedure Rule 41(E). | Does the court's authority to dismiss for failure to prosecute arise from its administrative discretion in the conduct of its business? | 040946.docx | LEGALEASE-00163249-LEGALEASE-00163250 |
| Wright v. Price, 871 S.W.2d 12 | 307A+583 | Trial courts may, within sound discretion, dismiss lawsuit for failure to prosecute claim. | "Can trial courts within sound discretion, dismiss lawsuit for failure to prosecute claim?" | 040952.docx | LEGALEASE-00163259-LEGALEASE-00163260 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Bjergum, 771 N.W.2d 53 | 3.77E+11 | Whether a statement is a threat for purposes of the offense of terroristic threats turns on whether the communication in its context would reasonably cause apprehension that its originator will act according to its tenor. M.S.A. S 609.713(1). | What does the determination of whether a statement is a threat for the purposes of the offense of terroristic threats turn on? | 047029.docx | LEGALEASE-00163527-LEGALEASE-00163528 |
| People v. Jackson, 178 Cal. App. 4th 590 | 3.77E+36 | A threat too outlandish to reasonably cause the victims to suffer sustained fear would be legally insufficient to support conviction of an attempted criminal threat. West's Ann.Cal.Penal Code SS 21a, 422. | "If a threat is too outlandish to reasonably cause the victims to suffer sustained fear, is it legally sufficient to support a conviction of attempted criminal threat?" | 047033.docx | LEGALEASE-00163535-LEGALEASE-00163536 |
| Walling v. Hardy Const., 247 Mont. 441 | 413+186 | Traditional test of employee status for workers' compensation purposes is right of employer to control details of work, not necessarily actual exercise of that control; employer of independent contractor controls end result of contractor's work, while control of means by which work is accomplished indicates that worker is employee. | Does the employer of an independent contractor control the end result or the means by which the work is accomplished? | Workers' Compensation - Memo 734 - C - ANC_67234.docx | ROSS-003281799-ROSS-003281800 |
| Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494 | 25T+182(2) | Waiver of arbitration will be found when party seeking arbitration substantially invokes judicial process to detriment or prejudice of the other party. | Does waiver of arbitration occur when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party? | 008080.docx | LEGALEASE-00165016-LEGALEASE-00165018 |
| Let's Go Aero v. Cequent Performance Prod., 78 F. Supp. 3d 1363 | 25T+184 | Where parties to contract have agreed to arbitrate disputes in a particular forum, only federal district court in that forum has authority to compel arbitration under Federal Arbitration Act (FAA). 9 U.S.C.A. S 4. | "When parties to contract have agreed to arbitrate disputes in a particular forum, does only the district court in that forum has authority to compel arbitration?" | Alternative Dispute Resolution - Memo 880 - RK_67485.docx | ROSS-003282688-ROSS-003282690 |
| Shak v. JPMorgan Chase & Co., 156 F. Supp. 3d 462 | 29T+641 | Ordinarily, for purposes of a claim of trade monopolization under the Sherman Act, monopoly power is established through proof that the defendant has a large percentage share of the relevant market. Sherman Act S 2, 15 U.S.C.A. S 2. | Is monopoly power established through proof that the defendant has a large percentage share of the relevant market? | 013628.docx | LEGALEASE-00164248-LEGALEASE-00164249 |
| Roesler v. Roesler, 396 S.C. 100 | 135+4(2) | "Domicile" means the place where a person has his true, fixed and permanent home and principal establishment, to which he has, whenever he is absent, an intention of returning. | Is domicile a place where person has a permanent home and an intention of returning? | 014583.docx | LEGALEASE-00164230-LEGALEASE-00164231 |
| State v. Carpenter, 155 N.C. App. 35 | 350H+1218 | The habitual misdemeanor assault statute does not violate the United States Constitution or the North Carolina Constitution provisions against double jeopardy; the statute does not impose punishment for previous crimes, but imposes an enhanced punishment for behavior occurring after the enactment of the statute. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19; West's N.C.G.S.A. S 14-33.2. | Does the habitual misdemeanor assault statute violate the Constitution against double jeopardy? | Double Jeopardy - Memo 1220 - C - RF_67358.docx | ROSS-003292736 |
| In re Purdy, 490 B.R. 530 | 343+516 | "Sale" involves unconditional transfer of absolute title to goods, while "security interest" is only an inchoate interest contingent on default and limited to the remaining secured debt. | Does a sale involve an unconditional transfer of absolute title to goods? | Double Jeopardy - Memo 1260 - C - BP_67153.docx | ROSS-003293561-ROSS-003293562 |
| Litschewski v. Dooley, 71 F. Supp. 3d 977 | 135H+1 | The Fifth Amendment's Double Jeopardy Clause prohibits a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy clause prohibit a second prosecution for the same offense after conviction? | Double Jeopardy - Memo 853 - C - NS_67642.docx | ROSS-003292379-ROSS-003292380 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Litschewski v. Dooley, 71 F. Supp. 3d 977 | 135H+1 | The Fifth Amendment's Double Jeopardy Clause prohibits a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy clause prohibit a second prosecution for the same offense after conviction? | 016384.docx | LEGALEASE-00165177-LEGALEASE-00165178 |
| United States v. Modanlo, 762 F.3d 403 | 135H+59 | For most purposes, a criminal defendant is put in jeopardy and trial begins when a jury is empaneled and sworn or, in a nonjury trial, when the court begins to hear evidence. U.S.C.A. Const.Amend. 5. | Will a criminal defendant be put in jeopardy when the court begins to hear evidence? | 016677.docx | LEGALEASE-00165157-LEGALEASE-00165158 |
| Com. v. Young, 35 A.3d 54 | 135H+59 | For purposes of the constitutional prohibition against double jeopardy, jeopardy attaches when a defendant stands before a tribunal where guilt or innocence will be determined; in a criminal jury trial, this occurs when the jury is sworn. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | Will jeopardy attach when a defendant stands before a tribunal where guilt or innocence will be determined? | 016681.docx | LEGALEASE-00165161-LEGALEASE-00165162 |
| Jesuit Coll. Preparatory Sch. v. Judy, 231 F. Supp. 2d 520 | 141E+963 | Student at private high school had no fundamental due process right to participate in extracurricular activities with public schools, and thus, state public high school interscholastic league's exclusion of private schools did not violate the student's due process rights. U.S.C.A. Const.Amend. 14. | Can schools classify between public and nonpublic schools in regard to athletic associations without violating the Equal Protection clause? | 017286.docx | LEGALEASE-00164302-LEGALEASE-00164303 |
| Farmland Indus. v. Bittner, 920 S.W.2d 581 | 156+54 | One cannot set up another's act or conduct as ground of estoppel when he knew or had same means of knowledge as the other to truth. | Can one set up another's act or conduct as the ground of an estoppel when he had the same means of knowledge as the other to the truth? | 018274.docx | LEGALEASE-00164429-LEGALEASE-00164430 |
| Farmland Indus. v. Bittner, 920 S.W.2d 581 | 156+54 | One cannot set up another's act or conduct as ground of estoppel when he knew or had same means of knowledge as the other to truth. | Can one set up another's act or conduct as the ground of an estoppel when he had the same means of knowledge as the other to the truth? | Estoppel - Memo 315 - C - CSS_67197.docx | ROSS-003296604-ROSS-003296605 |
| Noel v. Norris, 336 F.3d 648 | 92+4837 | Because clemency is extended mainly as a matter of grace, and the power to grant it is vested in the executive prerogative, it is a rare case that presents a successful due process challenge to clemency procedures themselves. U.S.C.A. Const.Amend. 14. | Is clemency vested in the executive? | Pardon and Parole - Memo 2 - RK_67517.docx | ROSS-003294770-ROSS-003294771 |
| Putnam v. State, 245 Ga. App. 95 | 135H+99 | A trial is improperly terminated, within meaning of statute barring prosecution for same offenses as in prior prosecution if prior prosecution was "improperly terminated" after jury was impaneled and sworn, if there was no manifest necessity for declaring a mistrial, and manifest necessity exists only under urgent circumstances. O.C.G.A. S 16-1-8(a)(2). | Is a criminal trial improperly terminated if no manifest necessity for declaring a mistrial existed? | Pretrial Procedure - Memo 12173 - C - TM_67210.docx | ROSS-003280980-ROSS-003280981 |
| People v. Edwards, 388 Ill. App. 3d 615 | 135H+99 | The determination of whether manifest necessity warrants a mistrial that does not violate the prohibition against double jeopardy is based on the facts of each case and is left to the sound discretion of the trial court. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | Is the determination of the manifest necessity for a mistrial a matter of discretion for the trial court? | 041010.docx | LEGALEASE-00164289-LEGALEASE-00164290 |
| Johnson v. State, 138 Md. App. 539 | 135H+1 | Because the constitutional prohibition on double jeopardy is fundamental to the American scheme of justice, that right must be enforced whenever a violation is determined to exist. U.S.C.A. Const.Amends. 5, 14; Const. Art. 1, S 9. | Is the guarantee against double jeopardy fundamental to the American scheme of justice? | 041048.docx | LEGALEASE-00164481-LEGALEASE-00164482 |
| Steward v. Colonial Cas. Ins. Co., 143 S.W.3d 161 | 307A+583 | Independent of rules of civil procedure, trial court may dismiss suit under inherent authority given to it by common law. | Can a court dismiss suit under inherent authority given to it by common law? | 041071.docx | LEGALEASE-00164571-LEGALEASE-00164572 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re APB Online, 259 B.R. 812 | 349A+10 | Under Connecticut law, when deciding whether transaction constitutes true "lease" or disguised sale with security agreement, court must look beyond form to substance of parties' agreement, and may consider parties' surrounding negotiations. | "When should a court look beyond form to substance of parties' agreement, and consider parties' surrounding negotiations?" | Secured Transactions - Memo 61 - C - SHB_67315.docx | ROSS-003281309-ROSS-003281310 |
| Lisle v. Com., 290 S.W.3d 675 | 352H+76 | Serious physical injury is an element which must be proved beyond a reasonable doubt in cases where the Commonwealth seeks to have rape offenses enhanced to Class A felonies. | Is physical injury an element of rape? | 043149.docx | LEGALEASE-00164902-LEGALEASE-00164903 |
| Baez v. State, 486 S.W.3d 592 | 211+1581 | Although the exact dates of the abuse need not be proven, the offense of continuous sexual abuse of a child does require proof that there were two or more acts of sexual abuse that occurred during a period that was 30 or more days in duration. Tex. Penal Code Ann. S 21.02(d). | What is continuous sexual abuse? | 043155.docx | LEGALEASE-00164904-LEGALEASE-00164905 |
| State v. Brown, 103 S.W.3d 923 | 352H+22 | In prosecution for rape, evidence of slightest penetration of female sex organ by male sex organ is sufficient for vaginal intercourse, and emission of semen need not be shown to prove offense. | Does penetration without emission qualify as rape? | Sex Offenses - Memo 28 - RK.docx | LEGALEASE-00054701-LEGALEASE-00054702 |
| Orlando Utilities Comm'n v. Milligan, 229 So. 2d 262 | 371+2275 | State and its political subdivisions, like a county, are immune from taxation since there is no power to tax them, but municipality can be taxed but may be exempt if it meets statutory criteria for exemption. Laws 1923, c. 9861; F.S.A.Const.1885, art. 9, S 1; art. 16, S 16; F.S.A. S 192.06. | Why is a state and its political subdivisions immune from taxation? | Taxation - Memo 1250 - C - SS_67335.docx | ROSS-003293431 |
| City & Cty. of Denver v. Bd. of Assessment Appeals of State of Colo., 782 P.2d 817 | 371+2311 | Constitutional and statutory provisions exempting public property from taxation require but one condition and that is ownership by public entity. C.R.S. 39-3-101; Const. Art. 10, S 4. | What is the condition required for the constitutional and statutory provisions exempting public property from taxation? | Taxation - Memo 1262 - C - SS_67408.docx | ROSS-003278539-ROSS-003278540 |
| Simmons v. State, 208 Md. App. 677 | 135H+59 | In a jury trial, the Double Jeopardy Clause generally bars the retrial of a criminal defendant for the same offense once a jury has been empaneled and sworn. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause bar the retrial of a criminal defendant for the same offense? | 014613.docx | LEGALEASE-00165245-LEGALEASE-00165246 |
| Robar v. Labuda, 84 A.D.3d 129 | 135H+59 | Jeopardy attaches when a jury is impaneled and sworn and encompasses the defendant's right to be free from reprosecution if the first trial has not continued to conclusion. U.S.C.A. Const.Amend. 5; McKinney's Const. Art. 1, S 6; McKinney's CPL S 40.30(1)(b). | Does the jeopardy encompass the defendant's right to be free from reprosecution? | Double Jeopardy - Memo 1031 - C - KG.docx | LEGALEASE-00054961-LEGALEASE-00054962 |
| People v. Davidson, 159 Cal. App. 4th 205 | 135H+52 | Jeopardy attaches so as to invoke the principles of double jeopardy when a defendant is placed on trial on an accusatory pleading in a court of competent jurisdiction and a jury is impaneled and sworn. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | Would a jeopardy attach to invoke the principles of double jeopardy? | 014690.docx | LEGALEASE-00165688-LEGALEASE-00165689 |
| State v. Davis, 160 Conn. App. 251 | 135H+59 | Swearing the jury is not a mere formality, but it serves a fundamental purpose in the proper administration of justice in that it establishes the time at which double jeopardy protection becomes effective. U.S.C.A. Const.Amend. 5. | Would swearing the jury be a mere formality? | 014706.docx | LEGALEASE-00165726-LEGALEASE-00165727 |
| Gaskin v. State, 856 So. 2d 363 | 135H+59 | The protection against double jeopardy does not attach in a criminal proceeding until after the jury is selected and sworn to try the case. U.S.C.A. Const.Amend. 5. | Does the protection against double jeopardy attach in a proceeding after jury is selected and sworn to try the case? | Double Jeopardy - Memo 1076 - C - TM_68213.docx | ROSS-003297969-ROSS-003297970 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Severance v. Commonwealth, 799 S.E.2d 329 | 135H+1 | The Fifth Amendment guarantee against double jeopardy consists of three separate constitutional protections: it protects against a second prosecution for the same offense after acquittal, it protects against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. U.S. Const. Amend. 5. | Does law protect against multiple punishments for the same offense? | 016076.docx | LEGALEASE-00165825-LEGALEASE-00165826 |
| State v. Elkinton, 56 Wis. 2d 497 | 135H+95.1 | Constitutional provisions against double jeopardy do not prohibit retrial after mistrial, since continuity of proceeding or of jeopardy is involved. W.S.A.Const. art. 1, S 8; U.S.C.A.Const. Amend. 5. | "Do constitutional provisions against double jeopardy not prohibit retrial after mistrial, since continuity of proceeding or of jeopardy is involved?" | Double Jeopardy - Memo 720 - C - BP_68675.docx | ROSS-003292605-ROSS-003292607 |
| German v. Superior Court, 91 Cal. App. 4th 58 | 135H+100.1 | The double jeopardy clause of the Fifth Amendment, as it applies to the states via the Fourteenth Amendment, precludes the prosecution of a criminal defendant for the same offense following an acquittal. U.S.C.A. Const.Amends. 5, 14. | Is the Fifth Amendment applied to states through the Fourteenth Amendment? | Double Jeopardy - Memo 721 - C - BP_68041.docx | ROSS-003295090-ROSS-003295091 |
| Hudson v. State, 675 S.E.2d 603 | 135H+100.1 | When a jury acquits, there is no exception to the prohibition against trying the same person again for the same offense permitting retrial, no matter how egregiously erroneous the acquittal may have been. U.S.C.A. Const.Amend. 5. | "When a jury acquits, is there no exception to the prohibition against trying the same person again for the same offense permitting retrial?" | 016162.docx | LEGALEASE-00165912-LEGALEASE-00165913 |
| McNair v. Hayward, 666 P.2d 321 | 135H+95.1 | Double jeopardy is no barrier to a second trial when defendant has moved for a new trial on basis of errors in first, but where evidence has been presented to jury and court aborts trial without consent of defendant and without some special necessity, double jeopardy is a bar to a second trial. U.C.A.1953, 77-1-6(2)(a); Const. Art. 1, S 12; U.S.C.A. Const.Amends. 5, 14. | Is a double jeopardy no barrier to a second trial when a defendant has moved for a new trial on a basis of errors? | Double Jeopardy - Memo 770 - C - NS_67775.docx | ROSS-003309548-ROSS-003309549 |
| State v. Mazur, 101 Wis. 2d 306 | 135H+100.1 | Even when acquittal is based upon legal rulings which are erroneous, defendant may not be retried on the same offense. U.S.C.A.Const. Amends. 5, 14; W.S.A.Const. Art. 1, S 8. | "Even when acquittal is based upon legal rulings which are erroneous, can a defendant not be retried on the same offense?" | 016316.docx | LEGALEASE-00165641-LEGALEASE-00165642 |
| State v. Sanchez-Castro, 157 Idaho 647 | 135H+1 | The double jeopardy clauses in the state and federal constitutions prohibit putting one in jeopardy twice for the same crime. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 13. | Does the double jeopardy clause in the state and federal constitutions prohibit putting one in jeopardy twice for the same crime? | 016408.docx | LEGALEASE-00165205-LEGALEASE-00165206 |
| State v. Fowler, 197 N.C. App. 1 | 135H+1 | The principle of double jeopardy, or former jeopardy, benefits the individual defendants by providing repose, by eliminating unwarranted embarrassment, expense and anxiety, and by limiting the potential for government harassment. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19. | What is the principle of double jeopardy? | 016511.docx | LEGALEASE-00165329-LEGALEASE-00165330 |
| People v. Suarez, 40 A.D.3d 143 | 135H+1 | Finality guaranteed by Double Jeopardy Clause is not absolute, but instead must accommodate societal interest in prosecuting and convicting those who violate law. U.S.C.A. Const.Amends. 5, 14. | Is the finality guaranteed by Double Jeopardy Clause absolute? | 016578.docx | LEGALEASE-00165395-LEGALEASE-00165396 |
| State v. Dennis, 153 S.W.3d 910 | 135H+1 | Double jeopardy clause protects defendants from successive prosecutions for the same offense after an acquittal or conviction and from multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy clause protect against successive prosecution for the same offense after acquittal or conviction? | Double Jeopardy - Memo 950 - C - KS_67824.docx | ROSS-003282613-ROSS-003282614 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Double G Trucking of the Arklatex, 432 B.R. 789 | 349A+10 | In deciding whether, under Arkansas's version of Uniform Commercial Code (UCC), transaction is lease or disguised security agreement, court is required to consider the overall import of the entire transaction, rather than particular bits and pieces of it. West's A.C.A. S 4-1-203. | "Should a court consider the overall import of an entire transaction, rather than particular bits and pieces of it?" | Secured Transactions - Memo 41 - C - PC_68070.docx | ROSS-003281264-ROSS-003281265 |
| Lemke v. Ryan, 719 F.3d 1093 | 336H+194 | The failure to return a verdict does not have collateral estoppel effect unless the record establishes that the issue was actually and necessarily decided in the defendant's favor. | "While in some circumstances jury silence can be taken as an acquittal for double jeopardy purposes, does the failure to return a verdict not have a collateral estoppel effect?" | Double Jeopardy - Memo 512 - C - SN_68291.docx | ROSS-003291923-ROSS-003291925 |
| United States v. Wittig, 575 F.3d 1085 | 135H+100.1 | Fifth Amendment's double jeopardy clause protects a man who has been acquitted from having to "run the gantlet" a second time. U.S.C.A. Const.Amend. 5. | "Does the Fifth Amendment's double jeopardy clause protect a man who has been acquitted from having to ""run the gantlet"" a second time?" | Double Jeopardy - Memo 608 - C - PC_68386.docx | ROSS-003282391-ROSS-003282392 |
| State v. Fowler, 197 N.C. App. 1 | 135H+1 | The principle of double jeopardy, or former jeopardy, benefits the individual defendants by providing repose, by eliminating unwarranted embarrassment, expense and anxiety, and by limiting the potential for government harassment. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19. | What is the principle of former jeopardy? | Double Jeopardy - Memo 660 - C - SHB_68437.docx | ROSS-003280725-ROSS-003280726 |
| Maya v. Centex Corp., 658 F.3d 1060 | 170B+3587(1) | Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment. | Is a dismissal without leave to amend proper when it is clear that the complaint could not be saved by any amendment? | 040817.docx | LEGALEASE-00166178-LEGALEASE-00166179 |
| Twp. of Holmdel v. New Jersey Highway Auth., 190 N.J. 74 | 371+2311 | Claims for tax exemptions should have stand scrutiny, and property tax immunity for government agencies should be denied if the property benefiting from the tax exemption is not within the scope of the agency's statutory purpose. | Should claims for tax exemption stand scrutiny to show that they serve a public purpose? | 046515.docx | LEGALEASE-00166158-LEGALEASE-00166159 |
| Elkins v. State, 754 N.E.2d 643 | 135H+100.1 | A judgment of acquittal, even where it is based upon egregiously erroneous evidence, stops a defendant's retrial. | "Does a judgment of acquittal, even where it is based upon egregiously erroneous evidence, stop a defendant's retrial?" | Double Jeopardy - Memo 542 - C - KG_68321.docx | ROSS-003282331-ROSS-003282332 |
| Gov't of Virgin Islands v. Briggs, 155 F. Supp. 2d 455 | 135H+100.1 | Reliance on an error of law does not change the double jeopardy effects of a judgment that amounts to an acquittal on the merits. U.S.C.A. Const.Amend. 5; 48 U.S.C.A. S 1493. | Does reliance on an error of law not change the double jeopardy effects of a judgment that amounts to an acquittal on the merits? | Double Jeopardy - Memo 543 - C - KG_68322.docx | ROSS-003281365-ROSS-003281366 |
| State v. DeLuca, 208 N.J. Super. 422 | 135H+1 | Each case must be considered in light of its own particular facts and circumstances for court to determine whether bar of double jeopardy should be applied. U.S.C.A. Const.Amend. 5. | Should each double jeopardy claim be considered in light of particular facts of a case? | 015784.docx | LEGALEASE-00166510-LEGALEASE-00166511 |
| Turner v. State ex rel. Gruver, 168 So. 2d 192 | 135H+59 | Jeopardy attaches when the jury is impaneled and sworn; however, not every mistrial declared after jeopardy attaches invokes the protections of the double jeopardy clause. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | Does double jeopardy not result in every instance in which a mistrial is declared after the impaneled jury has been sworn? | 015809.docx | LEGALEASE-00166569-LEGALEASE-00166570 |
| State v. Casas, 792 A.2d 737 | 135H+97 | Principles of double jeopardy will preclude a second trial where the defendant was provoked into requesting a mistrial because of prosecutorial misconduct that was intended to goad defendant into moving to pass the case. U.S.C.A. Const.Amend. 5. | Are there circumstances in which a mistrial does not preclude a second trial? | Double Jeopardy - Memo 578 - C - SHB.docx | LEGALEASE-00056360-LEGALEASE-00056361 |
| Matter of Armando Gerstel, 65 B.R. 602 | 349A+10 | Intent of parties governs whether particular document or transaction creates security interest, to which UCC filing requirements apply, or merely an assignment. West's F.S.A. S 679.102(1). | Does intent of parties govern whether a particular transaction creates a security interest or assignment? | 042672.docx | LEGALEASE-00167011-LEGALEASE-00167012 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sharer v. Creative Leasing, 612 So. 2d 1191 | 349A+10 | In order to be viewed as creating security interest to which Article 9 of the Uniform Commercial Code (UCC) would be applicable, lease agreement must provide lessee with some ownership of leased property. Code 1975, SS 7-1-201(37), 7-9-101 to 7-9-507. | Should a purported lease provide a lessee with some ownership of leased property to be viewed as creating a security interest? | 042695.docx | LEGALEASE-00166711-LEGALEASE-00166712 |
| Mobil Oil Corp. v. Town of Huntington, 85 Misc. 2d 800 | 371+2016 | Power to assess and collect taxes may be delegated to localities but delegation must be made in express terms by proper enabling act. | Can the power vested in legislature to tax be delegated without express terms of enabling act? | Taxation - Memo 1331 - C - KAD_68525.docx | ROSS-003322540-ROSS-003322541 |
| Hanek v. Cities of Clairton, 24 Pa. Cmwlth. 69 | 371+2016 | Where legislature delegates right to tax to political subdivision, grant of such right is to be strictly construed, and not extended by implication. | "Where the legislature delegates the right to tax to a political sub division, should grant of such right is to be strictly construed, and not extended by implication?" | Taxation - Memo 1347 - C - SBH_68541.docx | ROSS-003279062-ROSS-003279063 |
| People v. Austin, 93 Ill. App. 3d 495 | 181+1 | Forgery constitutes the intentional making, altering, issuing, delivery or possession of a document, knowing it is fraudulent because it purports to be made by one who did not make it; such actions must occur with the intent to defraud. S.H.A. ch. 38, S 17-3. | What constitutes forgery? | 04799.docx | LEGALEASE-00077113-LEGALEASE-00077114 |
| People v. Austin, 93 Ill. App. 3d 495 | 181+1 | Forgery constitutes the intentional making, altering, issuing, delivery or possession of a document, knowing it is fraudulent because it purports to be made by one who did not make it; such actions must occur with the intent to defraud. S.H.A. ch. 38, S 17-3. | What constitutes forgery? | 03634.docx | LEGALEASE-00077194-LEGALEASE-00077195 |
| People v. Hole, 139 Cal. App. 3d 431 | 172H+1697 | Where a defendant attempts to pass a "nonsufficient fund" check, drawee bank is a "victim of the crime," within meaning of "victim of the crime" exception to Right to Privacy Act, regardless of whether or not bank has suffered financial loss. West's Ann.Cal.Gov.Code SS 7470(d), 7471(c). | Will a drawee bank be considered as a victim of the crime when a defendant attempts to pass a check in violation of penal code? | 03625.docx | LEGALEASE-00077198-LEGALEASE-00077199 |
| Zopfi v. City of Wilmington, 273 N.C. 430 | 414+1006 | Zoning power of state is subject to limitations imposed by Constitution upon legislative power forbidding arbitrary and unduly discriminatory interference with rights of property owners. | Why are limitations imposed on the zoning power by the enabling statute? | 04115.docx | LEGALEASE-00077233-LEGALEASE-00077234 |
| In re Gibraltar Res., 211 B.R. 216 | 38+31 | Valid "assignment" requires manifestation to another person by owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or a third person. | Does an assignment include manifestation to another person the owners intention to transfer? | 07340.docx | LEGALEASE-00077590-LEGALEASE-00077592 |
| Eastern Sav. Bank, FSB v. Pappas, 829 A.2d 953 | 366+1 | The basic principles underlying subrogation are the same as those in constructive trusts, prevention of merger, and equitable liens, i.e., restitution to prevent forfeiture and unjust enrichment. | Is the purpose of equitable subrogation to prevent forfeiture and unjust enrichment? | 05086.docx | LEGALEASE-00083697-LEGALEASE-00083698 |
| Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | Equitable subrogation is not allowed if it works any injustice to the rights of others; a party's entitlement to subrogation therefore depends upon the equities and attending facts of each case. | Is subrogation allowed if it works any injustice to the rights of others? | 05106.docx | LEGALEASE-00083703-LEGALEASE-00083704 |
| In re Pihl, 529 B.R. 414 | 366+1 | Equitable subrogation may allow surety to stand in the shoes of (1) the contractor whose obligations are discharged, (2) the owners to whom it was bound, or (3) the subcontractors whom it paid. | In whose shoes does equitable subrogation allow a surety to stand? | 05088.docx | LEGALEASE-00083746-LEGALEASE-00083747 |
| In re Pihl, 529 B.R. 414 | 366+1 | Equitable subrogation may allow surety to stand in the shoes of (1) the contractor whose obligations are discharged, (2) the owners to whom it was bound, or (3) the subcontractors whom it paid. | In whose shoes does equitable subrogation allow a surety to stand? | 05562.docx | LEGALEASE-00083791-LEGALEASE-00083792 |
| Eastern Sav. Bank, FSB v. Pappas, 829 A.2d 953 | 366+1 | The basic principles underlying subrogation are the same as those in constructive trusts, prevention of merger, and equitable liens, i.e., restitution to prevent forfeiture and unjust enrichment. | Is the purpose of equitable subrogation to prevent forfeiture and unjust enrichment? | 06407.docx | LEGALEASE-00083880-LEGALEASE-00083881 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Warren Achievement Ctr. v. State, 35 Ill. Ct. Cl. 621 | 238+34 | Where party pays license fee, without compulsion or duress, which the law would not compel him to pay, such payment is voluntary and made under a mistake of law and cannot be recovered, and in instant case the excess registration fees paid by Claimant, a non-profit organization, for vehicles it owned were not recoverable in the Court of Claims. | Are payments made under mistake of law recoverable? | 05118.docx | LEGALEASE-00084240-LEGALEASE-00084241 |
| Warren Achievement Ctr. v. State, 35 Ill. Ct. Cl. 621 | 238+34 | Where party pays license fee, without compulsion or duress, which the law would not compel him to pay, such payment is voluntary and made under a mistake of law and cannot be recovered, and in instant case the excess registration fees paid by Claimant, a non-profit organization, for vehicles it owned were not recoverable in the Court of Claims. | Are payments made under mistake of law recoverable? | 05592.docx | LEGALEASE-00084256-LEGALEASE-00084257 |
| United States v. Ferro, 681 F.3d 1105 | 174+1.3 | In assessing whether a fine is excessive, court is not required to consider any rigid set of factors. U.S.C.A. Const.Amend. 8; 18 U.S.C.A. S 983(g). | Is the court required to consider any rigid set of factors in assessing whether a fine is excessive? | 07074.docx | LEGALEASE-00089160-LEGALEASE-00089162 |
| Reynolds v. Indus. Claim Appeals Office of State of Colo., 794 P.2d 1080 | 413+2 | Right to disability benefits is not fundamental, and legislative body has broad discretion in implementing social programs designed to promote public health, safety, and welfare. | Is the right to disability benefits a fundamental right? | 11458.docx | LEGALEASE-00094021-LEGALEASE-00094022 |
| Brodbeck v. Gonzalez, 336 So. 2d 475 | 307A+563 | Dismissal as punishment for plaintiff's failure to comply with court order is in large measure discretionary matter with trial judge. 30 West's F.S.A. Rules of Civil Procedure, rule 1.380(b)(2). | Does the trial judge have discretion on a sanction of dismissal to be imposed for plaintiff's failure to comply with court order? | 10902.docx | LEGALEASE-00094025-LEGALEASE-00094026 |
| Swarey v. Stephenson, 222 Md. App. 65 | 334+109 | Defendant, who filed motion to dismiss for lack of personal jurisdiction and insufficiency of service of process only after removed action raising state law and federal Racketeer Influenced and Corrupt Organizations Act (RICO) claims was remanded to the state court following dismissal of RICO claim, waived defense of insufficient service of process, where both state and federal rule required that defenses which were subject of defendant's motion be raised through preliminary motion prior to the defendant's answer or, under federal rule, as part of the answer, defendant answered the complaint, including all state law claims, in federal court, defendant failed to assert the defense either prior to or in his answer to the complaint in federal court, federal court could have addressed state law claims had it exercised supplemental jurisdiction, and federal court would have applied Maryland law to the state law claims. Fed.Rules Civ.Proc.Rule 12(b), 28 U.S.C.A.; Md.Rule 2-322(a). | "Is the question of whether a suit was abandoned, as the basis for dismissal,a legal question? " | 11126.docx | LEGALEASE-00094079-LEGALEASE-00094080 |
| Caruthers v. State, 58 N.E.3d 207 | 307A+581 | Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered in ruling on motion to dismiss for failure to prosecute. Trial Procedure Rule 41(E). | Can courts be asked to carry cases on their dockets indefinitely and should courts consider the rights of the adverse party be considered? | 11030.docx | LEGALEASE-00094101-LEGALEASE-00094102 |
| Se. Mobile Homes v. Transit Homes, 192 So. 2d 53 | 307A+690 | Trial court has authority to dismiss a complaint with prejudice where the plaintiff wilfully fails to obey an order of court. | Does a trial court have authority to dismiss a complaint with prejudice where the plaintiff willfully fails to obey an order of court? | 10839.docx | LEGALEASE-00094353-LEGALEASE-00094354 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Clarke, 311 Pa. Super. 446 | 63+1(1) | Under section of crimes code proscribing bribery in official and political matters, once offer to confer proscribed benefit or agreement is made, the crime is complete, and there need be no waiting for benefit to actually be conferred. 18 Pa.C.S.A. SS 4701, 4701(a)(3). | Is the crime of bribery complete once there has been an offer to confer a proscribed benefit? | 10780.docx | LEGALEASE-00094392-LEGALEASE-00094393 |
| Williams v. Rock-Tenn Servs., 2016 COA 18, 15, 370 P.3d 638 | 307A+561.1 | In narrow circumstances, when the allegations indicate the existence of an affirmative defense that will bar the award of any remedy, a party may raise an affirmative defense in a motion to dismiss. | When can a party raise an affirmative defense in a motion to dismiss? | 11323.docx | LEGALEASE-00094569-LEGALEASE-00094570 |
| New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+561.1 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | Will absence of law to support a claim dismiss a complaint? | 11268.docx | LEGALEASE-00094785-LEGALEASE-00094786 |
| Nationwide Mut. Ins. Co. v. Estate of Harrison, 64 Va. App. 110 | 413+1086 | When rights of workers' compensation claimant are not at stake, Workers' Compensation Act clearly leaves litigants to their common law remedies, as Workers' Compensation Commission has no jurisdiction to resolve disputes between carriers that do not affect an award of Commission. West's V.C.A. S 65.2-100 et seq. | "When the rights of claimants are not at stake, does the Workers Compensation Act leave litigants to their common law remedies?" | 10668.docx | LEGALEASE-00095124-LEGALEASE-00095125 |
| Brodbeck v. Gonzalez, 336 So. 2d 475 | 307A+563 | Dismissal as punishment for plaintiff's failure to comply with court order is in large measure discretionary matter with trial judge. 30 West's F.S.A. Rules of Civil Procedure, rule 1.380(b)(2). | Does the trial judge have discretion on a sanction of dismissal to be imposed for plaintiff's failure to comply with court order? | 10086.docx | LEGALEASE-00095256-LEGALEASE-00095257 |
| Kopilas v. Peterson, 206 A.D.2d 460 | 307A+699 | Plaintiffs did not rebut presumption of abandonment which attached when case was automatically dismissed for failure to prosecute where there was no activity for 17 months and no showing of adequate excuse, although there was an agreement to restoring consent at the time that the matter was marked off the calendar. McKinney's CPLR 3404. | Is an agreement to continue the case insufficient to prevent an automatic dismissal? | 10369.docx | LEGALEASE-00095337-LEGALEASE-00095338 |
| Succession of Sigur v. Henritzy, 126 So. 3d 529 | 307A+581 | Because dismissal is the harshest of remedies, any reasonable doubt about dismissal of an action should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. LSA-C.C.P. art. 561 (2006). | Should any reasonable doubt about abandonment of an action be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment? | 10230.docx | LEGALEASE-00095347-LEGALEASE-00095348 |
| Aliaga Med. Ctr., S.C. v. Harris Bank N.A., 2014 IL App (1st) 133645 | 307A+561.1 | A motion to dismiss with respect to pleadings admits the legal sufficiency of the complaint but asserts affirmative matter outside the complaint that defeats the cause of action. S.H.A. 735 ILCS 5/2-619(a). | Will a motion to dismiss with respect to pleadings admit the legal sufficiency of the complaint? | 10522.docx | LEGALEASE-00095483-LEGALEASE-00095484 |
| Shiffman v. K, 657 P.2d 401 | 307A+590.1 | Term "proceeding" as used in rule providing for dismissal of suits for want of prosecution when no proceedings have been taken therein for more than one year, means a step, act or measure of record, by the plaintiff, which reflects the serious determination of plaintiff to bring the suit to a resolution, or a step, act or measure of record, by either party, which reflects that the suit is not stagnant. Rules Civ.Proc., Rule 41(e). | "What does the term ""proceeding"" mean? " | 10511.docx | LEGALEASE-00095652-LEGALEASE-00095653 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Williams v. Rock-Tenn Servs., 2016 COA 18, 15, 370 P.3d 638 | 307A+561.1 | In narrow circumstances, when the allegations indicate the existence of an affirmative defense that will bar the award of any remedy, a party may raise an affirmative defense in a motion to dismiss. | Will a party raise an affirmative defense in a motion to dismiss for failure to state a claim? | 09945.docx | LEGALEASE-00096062-LEGALEASE-00096063 |
| Massachusetts Broken Stone Co. v. Planning Bd. of Weston, 45 Mass. App. Ct. 738 | 307A+581 | Trial on merits of a plaintiff's claim is strongly favored, and involuntary dismissal of such a claim based on plaintiff's failure to prosecute or to comply with court's rules should be reserved for those situations where a severe sanction is necessary. Rules Civ.Proc., Rule 41(b)(2), 43A M.G.L.A. | Should involuntary dismissal of a claim be reserved for those situations where a severe sanction is necessary? | 05768.docx | LEGALEASE-00096749-LEGALEASE-00096750 |
| Mallett v. Hall, 129 Me. 148 | 315+134 | Life tenant is trustee for remainderman only in sense that duty rests on him to have due regard for remainderman's rights and exercise reasonable precautions to preserve property intact and uninjured for transmission to remainderman. | Does the life tenant have any duties towards the remainderman? | 000231.docx | LEGALEASE-00115452-LEGALEASE-00115453 |
| Lent v. Padelford, 10 Mass. 230 | 277+13 | The general rule with respect to the necessity of alleging notice is that when the matter alleged lies peculiarly in the knowledge of the plaintiff he must aver that defendant had notice, but when it lies equally in the knowledge of defendant such averment is unnecessary. | "When the matter alleged lies peculiarly in the knowledge of both plaintiff and defendant, is it necessary to allege or aver that the defendant had notice? " | Notice -Memo 19 - MS.docx | ROSS-003301167-ROSS-003301168 |
| Kropp v. Roberts, 246 Ga. App. 497 | 21+18 | Trial courts may consider affidavits which are not filed or served within the time limits contemplated by the statutes, and it is not necessary to note the exercise of discretion on the record. | Does a trial court have the discretion to allow late affidavits? | 004122.docx | LEGALEASE-00116355-LEGALEASE-00116357 |
| Boone v. Boone, 345 S.C. 8 | 253+1086(1) | "Interspousal immunity" is a common law doctrine based on the legal fiction that husband and wife share the same identity in law, namely that of the husband; accordingly, at common law, tort suits between two spouses were not permitted. | Can one spouse maintain an action for tort against the other spouse? | 005122.docx | LEGALEASE-00117338-LEGALEASE-00117340 |
| Pennsylvania R. Co. v. Brown, 111 F.2d 983 | 8.30E+66 | Where buyer's agent drew upon buyer and seller was payee, the statute providing that where drawer and drawee are the same person, holder may treat the instrument at his option either as a bill of exchange or as a promissory note, applied. Uniform Negotiable Instruments Acts, S 130. | Can a bill if drawn by person payable to his own order be a bill of exchange? | 018313.docx | LEGALEASE-00122266-LEGALEASE-00122267 |
| First Nat. City Bank v. Banco Nacional de Cuba, 406 U.S. 759 | 221+342 | The act of state doctrine precludes any review whatever of the acts of the government of one sovereign state done within its own territory by the courts of another sovereign State. (Per Mr. Justice Rehnquist with The Chief Justice and another Justice concurring and two Justices concurring in result.) | "Under the act of state doctrine, is every sovereign state bound to respect independence of every other sovereign state, and the courts of one country will not sit in judgment on acts of government of another which are done within its own territory?" | 020126.docx | LEGALEASE-00122867-LEGALEASE-00122868 |
| Alberswerth v. Alberswerth, 184 S.W.3d 81 | 307A+3 | Trial court motion to strike expert witness opinion and testimony was motion in limine, and thus, trial court could reverse its ruling at trial. | Can a trial court reverse its ruling on motion to strike an expert witness as it is a motion in limine? | 024077.docx | LEGALEASE-00123236-LEGALEASE-00123237 |
| Henry v. State, 295 Ga. App. 758 | 352H+119 | Defendant's knowledge of the age of the female is not an essential element of the crime if statutory rape, and therefore it is no defense that the accused reasonably believed that the prosecutrix was of the age of consent. West's Ga.Code Ann. S 16-6-3(a). | Is knowledge of victims age an element in statutory rape? | 043015.docx | LEGALEASE-00126585-LEGALEASE-00126586 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Viacom Int'l v. Midtown Realty Co., 193 A.D.2d 45 | 217+3522 | Waiver of subrogation provision in lease, which provided that lessee and building owner each "releases and waives all right of recovery against the other or any one claiming through or under each of them by way of subrogation," was limited to subrogation claims based on tort liability and did not encompass contract claims; thus, lessee's insurers were permitted to assert claim in subrogation based on building owner's breach of its contractual obligation to repair damaged leasehold improvements. | Is a waiver of subrogation provision in lease limited to subrogation claims based on tort liability and do not encompass contract claims? | 043293.docx | LEGALEASE-00128207-LEGALEASE-00128208 |
| Baldauf v. Nitze, 261 F. Supp. 167 | 34+1 | Congress, by virtue of article of Constitution governing powers of Congress, and the president, by virtue of article of Constitution governing his appointing power, have correlative powers to promulgate rules for governing and regulating armed forces. U.S.C.A.Const. art. 1, S 8; art. 2, S 2. | Do Congress and the president have correlative powers to promulgate rules for governing and regulating the armed forces? | 008318.docx | LEGALEASE-00128604-LEGALEASE-00128605 |
| Fed. Way Sch. Dist. No. 210 v. State, 167 Wash. 2d 514 | 141E+653 | "Uniform," under provision of state constitution stating that legislature shall provide for a general and uniform system of public schools, means that every child shall have the same advantages and be subject to the same discipline as every other child. West's RCWA Const. Art. 9, S 2. | "Does the term uniform, under the provision of state constitution mean that every child shall have the same advantages and be subject to the same discipline as every other child?" | 016950.docx | LEGALEASE-00128836-LEGALEASE-00128837 |
| Ex parte Nichols, 757 So. 2d 374 | 401+5.1 | If a complaint does not allege damage or harm to real estate or seek to affect the title to real estate, then real estate is not the subject matter of the action, for purposes of venue. Rules Civ.Proc., Rule 82(b)(1)(B). | Can real estate be the subject matter of the action if the complaint does not allege damage or harm to real estate? | 047462.docx | LEGALEASE-00128851-LEGALEASE-00128852 |
| Stone v. BankUnited, 115 So. 3d 411 | 266+1749 | Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder. West's F.S.A. S 673.3011. | Is a promissory note a negotiable instrument? | 009292.docx | LEGALEASE-00128986-LEGALEASE-00128987 |
| Inc. Vill. of Valley Stream v. State of New York Pub. Serv. Comm'n, 107 A.D.2d 856 | 317A+114 | In determining whether termination of a service provided by a regulated monopoly is appropriate, economic loss to the company must be balanced against public interest. | Should the economic loss to a utility be balanced against the public interest if such utility is terminated or discontinued? | 042505.docx | LEGALEASE-00129143-LEGALEASE-00129144 |
| Barbara v. Billelo, 212 La. 937 | 307A+501 | A plaintiff may discontinue his suit any time prior to rendition of judgment unless thereby some acquired right of defendant would be impaired and though such right to discontinue is granted by the Code, the same right has been accorded to a defendant filing a reconventional demand and to defendant called in warranty, because, though a reconventional demand is usually contained in defendant's answer, it is not deemed to be a part thereof but enjoys status of independent suit subject to all rules of pleading relative to petition. Code Prac. art. 491. | Can a plaintiff discontinue his suit at any time prior to rendition of judgment? | Pre-trial Procedure - Memo # 1050 - C - KG.docx | ROSS-003313866-ROSS-003313868 |
| Ham v. Park, 110 Ohio App. 3d 803 | 307A+501 | Provision of civil rule pertaining to voluntary dismissal is separate from, and not meant to be construed together with, portion of rule pertaining to involuntary dismissal. Rules Civ.Proc., Rule 41(A, B). | "Is the provision of a civil rule pertaining to a voluntary dismissal separate from, and not meant to be construed together with, a portion of a rule pertaining to involuntary dismissal?" | 026036.docx | LEGALEASE-00129425-LEGALEASE-00129426 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Siegel v. Kepa Homes Corp., 2000 Mass. App. Div. 170 | 363+17(1) | Trial should be confined to the issues disclosed in a pretrial report, and the admissions or stipulations of counsel in pretrial conferences and memoranda are binding on the parties. Rules Civ.Proc., Rule 16, 43A M.G.L.A. | Are the admissions or stipulations of counsel in pretrial conferences and memoranda binding on the parties? | 027526.docx | LEGALEASE-00130808-LEGALEASE-00130809 |
| E.E.O.C. v. Thorman & Wright Corp., 243 F.R.D. 426 | 170A+1552 | The purpose of rule governing requests for production of documents is to make relevant and nonprivileged documents and objects in the possession of one party available to the other. Fed.Rules Civ.Proc.Rule 34, 28 U.S.C.A. | Is the purpose of a statute with respect to production of documents to make relevant and nonprivileged documents in the possession of one party available to the other? | 027528.docx | LEGALEASE-00130814-LEGALEASE-00130815 |
| Ward v. Theret, 346 S.W.3d 672 | 307A+512 | A non-suit extinguishes a case or controversy from the moment the motion is filed, or an oral motion is made in open court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a non-suit extinguish a case from the moment the motion is filed or an oral motion is made in open court? | Pretrial Procedure - Memo # 2246 - C - SKG.docx | ROSS-003300002-ROSS-003300003 |
| United States v. Shober, 489 F. Supp. 393 | 306+50 | In prosecution for mail fraud and bribery, whether defendant paid certain money to congressmen with "corrupt" intent to influence his official action on defendant's application for federal funding or merely as part of a "traditional" business practice of tendering political contributions to promote favorable business climate for federal funds which defendant needed was question for jury to decide at trial; similarly, whether defendant was victim of extortion or bribery was question for jury to decide. | Is a bribery case in which the contention that the defendant only made political contributions sufficient to be submitted to a jury? | 011194.docx | LEGALEASE-00132629-LEGALEASE-00132630 |
| People v. Cavan, 84 Misc. 2d 510 | 63+1(1) | Benefit offered, within statute proscribing bribery in second degree, must not be so remote, abstract, or theoretical as to create speculation as to its ultimate value to the receiver. Penal Law SS 10.00, subd. 17, 200.00. | " Can a benefit be remote, abstract, or theoretical as to create speculation as to its ultimate value to the receiver?" | 011336.docx | LEGALEASE-00133519-LEGALEASE-00133520 |
| Lynn v. United States, 58 Fed. Cl. 797 | 34+5(3) | An otherwise voluntary resignation from the military is rendered involuntary if it results from misrepresentation or deception on the part of government officers. | Is a resignation or retirement of a military official voluntary if it results from misrepresentation or deception on the part of government officers? | 008464.docx | LEGALEASE-00134171-LEGALEASE-00134172 |
| Rosenfeld v. Rumble, 386 F. Supp. 476 | 34+5(4) | Applicant for conscientious objector status must satisfy a three-fold test before he may be so classified: (1) applicant must be conscientiously opposed to war in any form; (2) applicant must establish that this opposition is based upon religious training and belief; and (3) applicant must establish that this objection is sincere. Military Selective Service Act, S 6(j), 50 U.S.C.A. App. S 456(j). | What are the three basic tests to qualify as a conscientious objector? | Armed Services - Memo 151 - JS.docx | ROSS-003290392-ROSS-003290393 |
| Bourg Dry Dock & Serv. Co. v. Lombas Industries, 393 So. 2d 203 | 307A+749.1 | Pretrial order controls subsequent course of action unless modified at trial to prevent manifest injustice; much discretion is left to trial judge in this matter. | Does a pretrial order controlled course of action unless modified to prevent manifest injustice? | 028807.docx | LEGALEASE-00134691-LEGALEASE-00134692 |
| Shaw v. Nat'l Cty. Mut. Fire Ins. Co., 723 S.W.2d 236 | 307A+481 | Admission once admitted, deemed or otherwise, is judicial admission and party may not then introduce controverting testimony in any legal proceeding related to action. | "Are deemed admissions, resulting from a party's failure to answer a request for admissions, judicial admissions and may not be controverted with testimony?" | 029806.docx | LEGALEASE-00135350-LEGALEASE-00135351 |
| Honig v. Fin. Corp. of Am., 6 Cal. App. 4th 960 | 307A+720 | If amendment to pleading is appropriate, trial court should continue trial if necessary, even if matter is on fast track. West's Ann.Cal.C.C.P. S 473; West's Ann.Cal.Gov.Code S 68600 et seq. | " If an amendment to pleading is appropriate, should a trial court continue trial if necessary, even if a matter is on fast track?" | 030863.docx | LEGALEASE-00136932-LEGALEASE-00136933 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Petrol Shipping Corp. v. Kingdom of Greece, Ministry of Commerce, Purchase Directorate, 360 F.2d 103 | 170B+2787 | Under Arbitration Act, if party agrees to arbitrate in a certain state he makes himself as amenable to suit as if he were physically present there. 9 U.S.C.A. S 4. | Can a party under the Arbitration Act who agrees to arbitrate in a certain state make himself as amenable to suit as if he were physically present there? | 007588.docx | LEGALEASE-00138984-LEGALEASE-00138985 |
| Downs v. Hawley, 112 Mass. 237 | 307A+74 | In the absence of any showing of fraud, the fact that the answers were not annexed to the commission nor to the interrogatories is no ground for the rejection of a deposition returned to court in a sealed envelope. | "In the absence of any showing of fraud, is the fact that the answers were not annexed to the commission nor to the interrogatories no ground for the rejection of a deposition?" | 032275.docx | LEGALEASE-00139449-LEGALEASE-00139450 |
| Iry v. Traders & Gen. Ins. Co., 176 So. 693 | 307A+74 | Under statute providing what shall be the proper certification of deposition, provision that certification must recite, among other things, "that the officer before whom the testimony was taken is not of counsel or attorney nor any party to the suit, or otherwise interested in the outcome of the case," is mandatory LSA-R.S. 13:3775. | Need a certificate of an officer taking depositions not set out his qualifications nor show how the deposition was taken? | 032116.docx | LEGALEASE-00141282-LEGALEASE-00141283 |
| In re Gen. Motors Corp., 296 S.W.3d 813 | 307A+554 | Courts must and do have the power to dismiss lawsuits even when-particularly when-they lack jurisdiction over the subject matter of the suit. | Do courts have the power to dismiss lawsuits even when particularly when they lack jurisdiction over the subject matter of the suit? | 033082.docx | LEGALEASE-00142535-LEGALEASE-00142536 |
| Crenshaw v. State, 520 So. 2d 131 | 211+1724 | In proving gratification of lust in prosecution for fondling, State bears burden, as affirmative fact, of proving that person so charged was above age of 18 years. Code 1972, S 97-5-23. | Does the State bear the burden of proving the age of the accused in gratification of lust? | 043113.docx | LEGALEASE-00143486-LEGALEASE-00143487 |
| Blanke v. Hendrickson, 944 N.W.2d 943 | 184+13(1) | For purposes of fraud claim, truth or falsity of representation is determined as of time it was made and as of time it was intended to be relied and acted upon. | Is the truth or falsity of the representation determined as of the time it was made and as of the time it was intended to be relied and acted upon? | 034050.docx | LEGALEASE-00145138-LEGALEASE-00145139 |
| Snauffer v. Stimson, 155 F.2d 861 | 34+151 | Congress having denied judicial review of decisions of Administrator of Veterans' Affairs concerning claims for pensions, the courts have no power to grant relief. 38 U.S.C.A. S 211, 211(a). | Can the decisions of the Administrator of Veterans' Affairs be reviewed by a judicial body? | Pension - Memo 55 - RK_57641.docx | ROSS-003280727-ROSS-003280728 |
| United States v. Jones, 386 F.2d 427 | 34+20.6(6) | Congress intended to provide ministerial exemption for leaders of religious faiths but not for members generally, whatever may be their title within their sects. Universal Military Training and Service Act, S 16(g) (1), 50 U.S.C.A. App. S 466(g) (1). | Is exemption from the armed service for ministers extended only to leaders of various faiths and not to members generally? | 008750.docx | LEGALEASE-00148753-LEGALEASE-00148754 |
| People v. Borrelli, 77 Cal. App. 4th 703 | 3.77E+06 | Aim and effect of stalking statute are not to suppress speech, but to protect individuals in the exercise and enjoyment of their constitutional rights from invasive, oppressive conduct that infringes on those rights. West's Ann.Cal.Penal Code S 646.9(a). | Is the aim and effect of the stalking statute to suppress speech? | 047076.docx | LEGALEASE-00149587-LEGALEASE-00149588 |
| Scoville v. Shaffer, 9 S.W.3d 201 | 307A+594.1 | In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay; no single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. | Does a belated trial setting or stated readiness to proceed to trial conclusively establish diligence? | 036657.docx | LEGALEASE-00150542-LEGALEASE-00150543 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Aldrich v. Collins, 3 S.D. 154 | 200+130 | Under Comp. Laws, S 772, town supervisors have charge of such affairs "as are not by law committed to other town officers." Section 1272 provides for the assessment of a road tax, whose collection and expenditure, under section 1266, are under the control of road supervisors. Const. art. 10, S 2, provides that funds raised by "taxation, loan, or assessment for one purpose shall not be diverted to any other." Held, that the supervisors have no authority to appropriate the ordinary town funds to the improvement of highways. | Can the funds raised for improvement of highways by taxation be diverted for another purpose? | 019176.docx | LEGALEASE-00150978-LEGALEASE-00150979 |
| Buice v. State, 92 Ga. App. 260 | 231+20 | A justice of the peace has no authority to perform any functions of his office outside limits of his own county, and an affidavit sworn to and subscribed before him outside limits of his own county is illegal and void. | Can a justice of peace perform his functions of office elsewhere other than the limits of his own county? | Affidavits - Memo 47 - _1R7Px9tD8-IfLRrcnbWvtcirM4FRslyr6.docx | ROSS-000000191-ROSS-000000192 |
| Bd. of Trustees of Town of Minturn v. Foster Lumber Co., 190 Colo. 479 | 371+2001 | Language used by legislative body in denominating nature of tax assessed is not determinative of its true character. | Is the language used by the legislative body in denominating the nature of tax determinative of its true character? | Taxation - Memo # 909 - C - JL_60614.docx | ROSS-003279298-ROSS-003279299 |
| City of El Dorado v. Union Cty., 122 Ark. 184 | 200+121 | Article 7, section 28, of the Constitution vests the county courts with exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, etc. | Can the County Court exercise its original jurisdiction in matters relating to roads? | 019185.docx | LEGALEASE-00154024-LEGALEASE-00154025 |
| Del Pilar v. DHL Glob. Customer Sols. (USA), 993 So. 2d 142 | 308+3(2) | A particularly significant factor in determining whether one laboring on behalf of another is an agent or an independent contractor is the degree of control exercised by the employer or owner over the agent; it is the right of control, and not actual control, which determines the relationship between the parties. Restatement (Second) of Agency S 220(2)(a) (1958). | Is it the actual control by the employer over the agent that determine the relationship between the parties? | Principal and Agent - Memo 495 - KK_63274.docx | ROSS-003294922-ROSS-003294923 |
| Polk v. Sw. Crossing Homeowners Ass'n, 165 S.W.3d 89 | 307A+699 | Verified motion to reinstate extends the trial court's plenary power over judgment to the same extent as a motion for new trial. | Does a verified motion to reinstate extend the trial court's plenary power over a judgment to the same extent as a motion for new trial? | Pretrial Procedure - Memo # 10826 - C - PC_64089.docx | ROSS-003279250-ROSS-003279251 |
| Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 307A+685 | If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven; to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit, and the failure to do so results in the facts of the defendant's affidavits being deemed admitted. S.H.A. 735 ILCS 5/2-619(a)(9); Sup.Ct.Rules, Rule 191. | Should the plaintiff provide a counter affidavit to refute evidentiary facts contained in a defendant's supporting affidavits? | 039905.docx | LEGALEASE-00159541-LEGALEASE-00159542 |
| Paulausky v. Polish Roman Catholic Union of Am., 219 Ind. 441 | 8.30E+239 | A mortgage securing a note is not a necessary part of the note, although construed with the note as constituting one contract, and since note is valid and enforceable without mortgage, material alteration of mortgage does not destroy validity of note. | Is a mortgage a necessary part of the note | 010119.docx | LEGALEASE-00161619-LEGALEASE-00161620 |
| State v. Brown, 103 S.W.3d 923 | 352H+22 | In prosecution for rape, evidence of slightest penetration of female sex organ by male sex organ is sufficient for vaginal intercourse, and emission of semen need not be shown to prove offense. | Does penetration without emission qualify as rape? | 043160.docx | LEGALEASE-00164910-LEGALEASE-00164911 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hardin v. Bishop, 2013 Ark. 395 | 308+1 | The two essential elements of an agency relationship are (1) that an agent have the authority to act for the principal, and (2) that the agent act on the principal's behalf and be subject to the principal's control. | Is the authority of an agent to act on behalf of the principal an essential element of an agency relationship? | Principal and Agent - Memo 414 - RK_63534.docx | ROSS-003279080-ROSS-003279081 |
| Davis v. Girard, 74 R.I. 125 | 59+33 | The owner of premises bounded on a public highway is presumed, in absence of evidence to the contrary, to own the fee to the middle line of the highway. | Is the owner of the premises bounded on a public highway presumed to own the fee to the middle line of the highway? | Highways - Memo 459 - RK_66359.docx | ROSS-003279749-ROSS-003279750 |
| McGee v. Peake, 511 F.3d 1352 | 34+136 | The Board of Veterans' Appeals adjudicates a claim for veterans benefits within a compensation system that is uniquely pro-claimant by imposing on the Board an obligation to fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits. | Does the Board of Veterans' Appeals adjudicate claims for veterans benefits within a compensation system that is uniquely pro-claimant? | Armed Services - Memo 365 - RK_66885.docx | ROSS-003280976-ROSS-003280977 |
| Hudson v. State, 675 S.E.2d 603 | 135H+100.1 | When a jury acquits, there is no exception to the prohibition against trying the same person again for the same offense permitting retrial, no matter how egregiously erroneous the acquittal may have been. U.S.C.A. Const.Amend. 5. | "When a jury acquits, is there no exception to the prohibition against trying the same person again for the same offense permitting retrial? " | Double Jeopardy - Memo 738 - C - SB_68053.docx | ROSS-003282767-ROSS-003282768 |
| Bankmark of Florida v. Star Fin. Card Servs., 679 N.E.2d 973 | 21+9 | Party complaining that affidavit is defective has a duty to direct this complaint to trial court, and failure to do so constitutes waiver. Trial Procedure Rule 56(E). | oes a party complaining a defective affidavit have any duty to direct the complaint to a trial court? | Affidavits - Memo 68 - SNJ_61997.docx | ROSS-003282860-ROSS-003282862 |
| In re Ross, 555 B.R. 595 | 253+683(1) | Circumstantial evidence will not tend to prove partnership unless it is inconsistent with any other theory, excluding theory that evidence simply supports proposition that parties are married. West's RCWA 26.16.190. | Will circumstantial evidence prove a partnership if it is inconsistent with any other theory? | Partnership - Memo 152 - JS.docx | ROSS-003283288-ROSS-003283289 |
| Jota v. Texaco, 157 F.3d 153 | 221+176 | Ambassador generally has power to bind state that he represents, unless he purports to enter into agreement without power to do so and in collusion with contracting party that knows he lacks such power. | Does an ambassador have the power to bind the state that he represents? | Ambassadors and Consuls - Memo 22 - RK.docx | ROSS-003283361-ROSS-003283363 |
| Tucson Elec. Power Co. v. Adams, 134 Ariz. 396 | 148+1 | A public authority cannot contract away its right to eminent domain since such action would deprive that authority of a power essential to public welfare. | Can a public authority contract away its right to eminent domain? | Eminent Domain - Memo 12 - AKA.doc | ROSS-003283627-ROSS-003283628 |
| Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 366+1 | The right of equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | Does equitable subrogation take place as a matter of equity? | Subrogation - Memo 320 RM C.docx | ROSS-003283749-ROSS-003283751 |
| Oliver v. Coffman, 112 Ind. App. 507 | 302+8(3) | Averment that an action was unlawful or wrongful is a mere "legal conclusion", but allegation that action was carelessly, negligently or intentionally done states an "ultimate fact." | Is an averment that an act was negligently or carelessly done an ultimate fact? | Pleading - Memo 113 - RMM.docx | ROSS-003285124-ROSS-003285125 |
| Kiefer v. City of Idaho Falls, 49 Idaho 458 | 317A+112 | Since municipally owned utilities are not under jurisdiction of Public Utilities Commission, person affected thereby may sue in court to test reasonableness of rates (C.S. SS 2371, 3971, as amended by Laws 1927, c. 195). | "Are municipally owned utilities regulated by the Public Utilities Commission (""PUC"")?" | Public Utilities - Memo 188 - AM.docx | ROSS-003286225-ROSS-003286227 |
| Mercer v. Andersen, 715 N.W.2d 114 | 30+3208 | District court has broad discretion to amend scheduling-order deadlines, and appellate courts review its decision for an abuse of discretion. | "Does a district court have broad discretion to amend scheduling-order deadlines, and appellate courts review its decision for an abuse of discretion?" | Pretrial Procedure - Memo # 1616 - C - KG.docx | ROSS-003286245-ROSS-003286246 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hunt v. Jacobson, 178 Misc. 201 | 34+34.2(3) | Statutes enacted for the benefit of persons engaged in military service are a recognized institution in the United States, and being remedial are to be construed liberally. Soldiers' and Sailors' Civil Relief Act of 1940, S 100 et seq., 50 U.S.C.A.Appendix S 501 et seq. | Should statutes enacted for the benefit of persons engaged in military service be liberally construed? | Armed Forces - Memo 26 RK.docx | ROSS-003287086-ROSS-003287087 |
| Davis v. Osinuga, 330 Ga. App. 278 | 307A+717.1 | Where any one of requirements of statute governing applications for continuances is not met, there is no abuse of the trial court's discretion to deny a continuance. West's Ga.Code Ann. S 9-10-160. | "Where any one of requirements of statute governing applications for continuances, is not met, is there an abuse of the trial court's discretion to deny a continuance?" | Pretrial Procedure - Memo # 2162 - C - TM.docx | ROSS-003287400-ROSS-003287401 |
| State Bar of California v. Statile, 168 Cal. App. 4th 650 | 366+1 | Subrogation is a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a legal fiction? | Subrogation - Memo 298 RM C.docx | ROSS-003289120-ROSS-003289122 |
| O'Hara v. City of Hattiesburg, 222 So. 3d 314 | 307A+560 | Until statutory 120-day period for serving defendant has expired, any attempt to seek dismissal on the grounds of defective service is premature. Miss. R. Civ. P. 4(h). | "Until the statutory 120 day period for serving a defendant has expired, is any attempt to seek dismissal on the grounds of defective service premature?" | Pretrial Procedure - Memo # 6129 - C - KA.docx | ROSS-003289776-ROSS-003289777 |
| Commonwealth Land Title Ins. Co. v. Higgins, 975 So. 2d 1169 | 307A+36.1 | As a general rule, precertification discovery should be limited to matters relevant to class certification, not the merits of the case. West's F.S.A. RCP Rule 1.220(d)(1). | "Should precertification discovery be limited to matters relevant to class certification, not the merits of the case?" | Pretrial Procedure - Memo # 4934 - C - LN.docx | ROSS-003291243-ROSS-003291245 |
| In re APB Online, 259 B.R. 812 | 349A+10 | Under Connecticut law, whether transaction qualifies as true "lease," or as disguised sale with security agreement, depends upon intention of parties, as determined by facts of case. | When should a court examine facts and circumstances of a transaction to determine whether a lease is lease or sale with security agreement? | Secured Transactions - Memo 99 - C - SHB_68754.docx | ROSS-003292678-ROSS-003292679 |
| Randles v. Moore, 780 So. 2d 158 | 307A+561.1 | An affirmative defense may be a basis for a motion to dismiss only if it appears within the four corners of the complaint. | Can an affirmative defense be a basis for a motion to dismiss only if it appears within the four corners of the complaint? | Pretrial Procedure - Memo # 9192 - C - NS_60501.docx | ROSS-003293024-ROSS-003293025 |
| Larson v. Wisconsin Dep't of Indus., Labor & Human Relations, 76 Wis. 2d 595 | 92+2528 | Workmen's compensation is wholly statutory and questions as to what should properly be the public policy concerning it are determined by the legislature and not by the courts. | Should the questions on what should properly be the public policy concerning workmen's compensation determined by the legislature? | Workers Compensation - Memo #558 - C - ANC_58940.docx | ROSS-003293333-ROSS-003293334 |
| Fin. Freedom Acquisition v. Standard Bank & Tr. Co., 2014 IL App (1st) 120982 | 172H+1555 | The right to rescind a loan transaction under the Truth in Lending Act (TILA) may be exercised only by the obligor, that is, the person to whom credit is extended; thus, an individual who is not named on the promissory note executed by his or her spouse is not an obligor, and does not have a right to rescind. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | individual who is not named on the note executed by his or her spouse have the right to rescind | Consumer Credit -Memo 142 -DB_59673.docx | ROSS-003294506-ROSS-003294507 |
| State Bar of California v. Statile, 168 Cal. App. 4th 650 | 366+1 | Statutory subrogation arises by an act of the legislature that vests a right of subrogation with a party or category of parties, and it is governed by the terms of the statute under which it is claimed as a matter of statutory construction. | Is statutory subrogation governed by the terms of the statute under which it is claimed? | Subrogation - Memo 373 - VP C.docx | ROSS-003295071-ROSS-003295072 |
| In re Doe, 860 F.2d 40 | 209+133 | Whether the trial court correctly applied Indian Child Welfare Act (ICWA) to the facts is a question of law and is subject to free review by the Supreme Court. Indian Child Welfare Act of 1978, S 2 et seq., 25 U.S.C.A. S 1901 et seq. | Do courts consider the applicability of Indian Child Welfare Act (ICWA) as a question of law or fact? | Indians - Memo 55 - BP.docx | ROSS-003296897-ROSS-003296898 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kuwait Pearls Catering Co., WLL v. Kellogg Brown & Root Servs., 853 F.3d 173 | 221+342 | The act-of-state doctrine applies only when a dispute implicates the legitimacy of public acts undertaken by a sovereign nation. | Does the act-of-state doctrine apply when a dispute implicates the legitimacy of public acts undertaken by a sovereign nation? | International Law - Memo # 108 - C - LK.docx | ROSS-003297086-ROSS-003297087 |
| Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818 | 366+1 | A right to equitable subrogation belongs to one, not a volunteer, who pays another's debt, to recover the amount paid, which in good conscience should be paid by the one primarily responsible for the loss. | Who does a right to equitable subrogation belong to? | Subrogation - Memo 145 - VP C.docx | ROSS-003297953-ROSS-003297954 |
| United States v. Garrido, 713 F.3d 985 | 63+1(1) | Purpose of federal statute that concerns bribery in connection with state and local entities receiving federal funds is to protect federal funds by preserving the integrity of the entities that receive the federal funds. 18 U.S.C.A. S 666. | What is the purpose of the statute that concerns bribery in connection with state and local entities receiving federal funds? | Bribery - Memo #141 - C-JL.docx | ROSS-003299251-ROSS-003299253 |
| Pioneer Towing v. Illinois Commerce Comm'n, 99 Ill. App. 3d 403 | 317A+111 | Generally, public utilities are afforded financial safeguards because of the unique position they occupy in the marketplace, and it is the policy of the state to prevent rather than to promote competition among public utilities, since method of regulation of public utilities is based on theory of regulated monopoly rather than competition. | Is the regulation of public utilities based on the theory of regulated monopolies ? | Public Utilities - Memo 175 - AM.docx | ROSS-003300185-ROSS-003300187 |
| KKW Enterprises v. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42 | 25T+113 | Any analysis of a party's challenge to the enforcement of an arbitration agreement must begin by recognizing the FAA's strong policy in favor of rigorously enforcing arbitration agreements. 9 U.S.C.A. S 1 et seq. | How do courts begin their analysis of a partys challenge to the enforcement of an arbitration agreement? | Alternative Dispute Resolution - Memo 218 - RK.docx | ROSS-003301990-ROSS-003301991 |
| Way v. House, 315 S.W.3d 216 | 307A+501 | While the rules of civil procedure allow a party to nonsuit its own cause of action, they do not authorize dismissing another party's claims. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "While the rules of civil procedure allow a party to  nonsuit its own cause of action, do they authorize dismissing another party's claims?" | Pretrial Procedure - Memo # 939 - C - KG.docx | ROSS-003303752-ROSS-003303753 |
| Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen, 525 S.W.3d 671 | 308+1 | An agency relationship, which can be formed by oral agreement between the parties or simply by the parties' conduct, entitles the agent to act on the principal's behalf with the same force and effect as if the principal had performed the act himself. | Can an agency relationship be formed by oral agreement? | Principal and Agent - Memo 544 - RK_64002.docx | ROSS-003305449-ROSS-003305450 |
| Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018 | 172H+1556 | Three year period governing Truth in Lending Act (TILA) rescission claims only required that borrower exercise his right to rescind within the three-year period; it did not require that he file a rescission claim within that period. Truth in Lending Act, S 125(f), 15 U.S.C.A. S 1635(f). | Does a borrower need to file a rescission claim within three years after a transaction is consummated or must he only assert his right to rescission within that period under TILA?  ? | Consumer Credit - Memo 203 - RK_61865.docx | ROSS-003306418-ROSS-003306419 |
| Stewart v. Citizens & S. Nat. Bank, 138 Ga. App. 209 | 8.30E+27 | Check is merely an order on bank to pay from drawer's account, and may be revoked at any time by the drawer before it has been certified, accepted, or paid by the bank, and may be revoked by operation of the law on the death of the drawer. Code, S 109A-4-405. | Is a check a mere order to the bank that can be revoked? | Bills and Notes - Memo 1454 - RK_66510.docx | ROSS-003308340 |
| Threadgill v. Peabody Coal Co., 34 Colo. App. 203 | 113+8 | In order for a trade custom or usage to be binding upon a person who has not expressly agreed to be bound by it, it must be reasonable and must not be illegal or in violation of public policy. | "Must a trade custom or usage be reasonable, in order to be binding upon a person?" | Customs & Usage - Memo 15 - JS.docx | ROSS-003309901 |
| United States v. Murphy, 84 F. 609 | 221+212 | Providing the means of transportation for a known military enterprise to be carried on from the United States against Spanish rule in Cuba is an offense, under Rev.St. S 5286, 18 U.S.C.A. S 25. | Is providing the means of transportation for a known military enterprise an offense under Rev.St.  5286? | Neutrality Laws - Memo 34- RK_63925.docx | ROSS-003309949-ROSS-003309950 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 366+1 | In considering equitable subrogation, determination of what equity requires in a particular case, and the balancing of the equities, is a matter for the discretion of the trial court. | Is the determination of what equity requires in a particular case and the balancing of the equities a matter for the discretion of the trial court? | Subrogation - Memo 140 - VP C.docx | ROSS-003311028-ROSS-003311029 |
| Dees v. Logan, 281 Ga. App. 837 | 307A+3 | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Does the grant of a motion in limine foreclose the admission of the evidence at trial? | Pretrial Procedure - Memo # 913 - C - TJ.docx | ROSS-003311519-ROSS-003311520 |
| Lorber Indus. of California v. Los Angeles Printworks Corp., 803 F.2d 523 | 25T+112 | Arbitration, however favored by courts and Congress, is a contractual right, and may not be invoked by one who is not a party to the agreement and who does not otherwise possess the right to compel arbitration. | Can a person who is not a party to the agreement invoke the contractual right of arbitration? | Alternative Dispute Resolution - Memo 83 - AKA.docx | ROSS-003312233-ROSS-003312234 |
| Lifanda v. Elmhurst Dodge, 237 F.3d 803 | 172H+1342 | Court views the sufficiency of TILA-mandated disclosures from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or English professor. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Is the sufficiency of TILA-mandated disclosures to be viewed from the standpoint of an ordinary consumer? | Consumer Credit - Memo 239 - RK_66306.docx | ROSS-003321461-ROSS-003321462 |
| State Farm Mut. Auto. Ins. Co. v. Johnson, 18 So. 3d 1099 | 366+1 | The doctrine of equitable subrogation is based on the policy that no person should benefit by another's loss, and it may be invoked wherever justice demands its application, irrespective of technical legal rules. | How is equitable subrogation created? | Subrogation - Memo 201 - RM C.docx | ROSS-003322607-ROSS-003322609 |
| In re Bledsoe, 41 S.W.3d 807 | 307A+746 | A "death penalty sanction" is any sanction that adjudicates a claim and precludes the presentation of the case on the merits; any sanction that is "case determinative" may constitute a death penalty sanction. | "Is a ""death penalty sanction"" any sanction that adjudicates a claim and precludes the presentation of the case on the merits?" | Pretrial Procedure - Memo # 7079 - C - KG_57506.docx | ROSS-003323148-ROSS-003323149 |
| Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | Equitable subrogation is not allowed if it works any injustice to the rights of others; a party's entitlement to subrogation therefore depends upon the equities and attending facts of each case. | Is subrogation allowed if it works any injustice to the rights of others? | Subrogation - Memo 390 - VP C.docx | ROSS-003326251-ROSS-003326252 |
| Kickasola v. Jim Wallace Oil Co., 144 Ga. App. 758 | 30+4173 | It is error to refuse to grant a pretrial hearing and order where a timely motion to this effect has been entered; but where, in the instant case, plaintiff's petition was filed October 10, 1974, and thereafter numerous special hearings were had, a record of 658 pages was built up, mostly due to the efforts of plaintiff's counsel, and no demand for a pretrial hearing was made until January 17, 1977, the day the case was scheduled for trial, the motion was untimely and the failure to enter a pretrial order would not require reversal of the case. Code, S 81A-116. | Is it an error to refuse to grant a pretrial hearing and order where a timely motion to this effect has been entered? | Pretrial Procedure - Memo # 1346 - C - TJ.docx | ROSS-003326596-ROSS-003326597 |
| State v. Lambert, 263 Or. App. 683 | 203+566 | To convict defendant of murder, state must offer evidence from which it can be reasonably inferred that deceased died by virtue of criminal act and that act was committed by defendant. | "To convict a defendant of murder, what evidence needs to be offered by the State?" | Homicide - Memo 112 - RK.docx | ROSS-003326752-ROSS-003326753 |
| In re Potash Antitrust Litig., 686 F. Supp. 2d 816 | 221+342 | The act-of-state doctrine, which generally forbids an American court to question the act of a foreign sovereign that is lawful under the sovereign's laws, is only invoked when the court must decide the effect of an official action by a foreign sovereign. | Is the act-of-state doctrine only invoked when the court must decide the effect of an official action by a foreign sovereign? | International Law - Memo # 207 - C - MLS.docx | ROSS-003327982-ROSS-003327984 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bradford Partners II v. Fahning, 231 S.W.3d 513 | 366+7(1) | The right of a guarantor to pursue his subrogation rights is not dependent upon the contract or an assignment to him from the creditor; rather, the guarantor's subrogation rights result from the payment of the principal's debt. | Do the guarantor's subrogation rights result from the payment of the principal's debt? | Subrogation - Memo # 738 - C - SU.docx | ROSS-003328889-ROSS-003328890 |
| United States v. Sanchez Vazquez, 585 F. Supp. 990 | 111H+8 | If financial institution, i.e., bank, or in particular, any of its branches, is aware of cash transaction in excess of $10,000 on a particular day, the bank or its particular branch must file a currency transaction report. 31 U.S.C.A. SS 5312, 5312(a)(2), 5313. | When does a financial institution file a currency transaction report? | 000111.docx | LEGALEASE-00115394-LEGALEASE-00115396 |
| Merrill Lynch, Pierce, Fenner & Smith v. Chem. Bank, 57 N.Y.2d 439 | 172H+622 | Ordinarily, drawee bank may not debit its customer's account when it pays check over forged indorsement because underlying relationship between bank and its depositor is contractual one of debtor and creditor, implicit in which is understanding that bank will pay out its customer's funds only in accordance with customer's instructions. McKinney's Uniform Commercial Code S 3-405(1)(c). | Is the relationship between a bank and its depositor one of a debtor-creditor? | Banks and Banking - Memo 4 - MS.docx | ROSS-003284415-ROSS-003284418 |
| People v. Lapcheske, 73 Cal. App. 4th 571 | 20+67 | An adverse possessor is merely a "trespasser," i.e., a person who enters on the land of another with the specific intent of injuring, interfering with or obstructing that other person's property rights. West's Ann.Cal.Penal Code S 602(j). | Is an adverse possessor a trespasser? | 000055.docx | LEGALEASE-00115508-LEGALEASE-00115509 |
| People v. Wesley, 238 A.D.2d 939 | 181+9 | To come within ambit of forgery statute describing when person "falsely makes" written instrument, it is necessary that actual maker or drawer be someone other than ostensible maker or drawer and that actual maker or drawer not have authority to act for ostensible maker or drawer. McKinney's Penal Law S 170.00, subd. 4. | "To constitute forgery, is it necessary that the actual maker or drawer be someone other than the ostensible maker or drawer of the instrument?" | Forgery - Memo 11 - RM.docx | LEGALEASE-00000135-LEGALEASE-00000137 |
| People v. Parker, 152 Ill. App. 3d 732 | 181+1 | Crime of forgery is complete when one makes or passes an incorrectly named instrument with intent to defraud, prejudice or damage, and proof of loss or detriment is immaterial. | When is a crime of forgery complete under law? | Forgery - Memo 14 - RM.docx | ROSS-003289545-ROSS-003289546 |
| Wagner v. Moseley, 104 So. 2d 86 | 315+134 | A life tenant owes certain duties to remainderman, and relationship of life tenant to remainderman is frequently designated as that of a trustee or quasi-trustee in sense that life tenant cannot injure or dispose of property to detriment to rights of remainderman. | Does the life tenant have any duties towards the remainderman? | 04812.docx | LEGALEASE-00077098-LEGALEASE-00077099 |
| In re Allen, 174 B.R. 293 | 315+131 | Under Ohio law, "life estate" is freehold estate whereby tenant holds property for his or her own life, or lives of one or more other persons, with fee then vesting in one or more remainderman at life-in-being's death. | Are life estates freehold estates? | Life Estates - Memo 9 - RM.docx | ROSS-003301158-ROSS-003301160 |
| Dyess v. Bay John Developers II, 13 So. 3d 390 | 414+1000 | The field of zoning is primarily concerned with the regulation of the use of property, the structural and architectural designs of buildings, and the character or type of use to which the property or buildings within classified or designated districts may be put, that planning relates to the systematic and orderly development of a community. | Does the law of zoning govern the use of the land itself? | 000297.docx | LEGALEASE-00115713-LEGALEASE-00115715 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mercury Oil Ref. Co. v. Oil Workers Int'l Union, CIO, 187 F.2d 980 | 25T+321 | Arbitration award need not be in technical or exact language but certainty is an essential and indispensable element to its validity and award must be sufficiently definite that only ministerial acts of parties are needed to carry it into effect. | Will arbitration help in settling disputes and controversies between parties? | Alternative Dispute Resolution - Memo 38 - JS.docx | ROSS-003281940-ROSS-003281942 |
| Midfirst Bank v. Agho, 121 A.D.3d 343 | 21+15 | A certificate of conformity is separate and distinct from a certificate of authentication, sometimes colloquially referred to as a "flag," which attests to the oathgiver's authority under the foreign jurisdiction to administer oaths, in that a certificate of conformity speaks to the manner in which a foreign oath is taken. McKinney's CPLR 2309(c). | What distinguishes certificate of conformity from certificate of authentication? | 003773.docx | LEGALEASE-00115791-LEGALEASE-00115792 |
| Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, 982 F.2d 686 | 170A+2536.1 | Unsworn statement signed under penalty of perjury could be used, in lieu of sworn statement or affidavit, in support of opposition to motion to dismiss which was treated as motion for summary judgment. Fed.Rules Civ.Proc.Rule 56(e), 28 U.S.C.A.; 28 U.S.C.A. S 1746. | Are unsworn statements signed under the penalty of perjury permitted in lieu of affidavits? | Affidavits - Memo 2-MS.docx | ROSS-003286217-ROSS-003286218 |
| Ctr. for Biological Diversity v. FPL Grp., 166 Cal. App. 4th 1349 | 1.49E+04 | The concept of a public trust over natural resources supports exercise of the police power by public agencies. | Will the concept of public trust over natural resources support exercise of the police power by public agencies? | 07368.docx | LEGALEASE-00077595-LEGALEASE-00077596 |
| Buechel v. State Dep't of Ecology, 125 Wash. 2d 196 | 414+1004 | Governmental zoning power may not be forfeited by action of local officers in disregard of statute and ordinance; public has interest in zoning that cannot be destroyed. | Can governmental zoning power be forfeited by actions of local officials? | Zoning and Planning - Memo 12 -LK.docx | ROSS-003298121-ROSS-003298123 |
| Thompson v. Taylor, 192 So. 2d 609 | 25+3 | Addition of name of another maker to negotiable instrument is material alteration which absolves original nonconsenting maker of liability on the note to anyone except holder in due course. LSA-R.S. 7:124, 7:125 and (4). | What constitutes an alteration of a negotiable instrument? | 003929.docx | LEGALEASE-00115870-LEGALEASE-00115871 |
| Macon-Atlanta State Bank v. Gall, 666 S.W.2d 934 | 277+9 | Statutes that impose certain technical requirements for notice should not be strictly enforced where party seeking enforcement had actual notice and cannot show prejudice as result of failure to follow technical requirements. | Can a party with actual notice be prejudiced by the failure to receive statutory notice? | 07103.docx | LEGALEASE-00089130-LEGALEASE-00089131 |
| Girard v. M/V ‚ÀòBlacksheep‚Àô, 840 F.3d 1351 | 344+1 | In order to obtain a salvage award for assisting a ship at sea, a salvor must prove three elements: (1) a marine peril; (2) service voluntarily rendered when not required as an existing duty or from a special contract; and (3) success in whole or in part, or that service rendered contributed to such success. | What elements must a plaintiff prove to succeed on a salvage claim pursuant to the general maritime law? | 003704.docx | LEGALEASE-00116025-LEGALEASE-00116026 |
| English v. Carter, 300 Ky. 580 | 315+134 | Life tenant has the same interest in the land during the existence of his estate that remainderman has in it after it comes into latter's possession, except that life tenant may not commit waste. | Is the nature of interest of the life tenant in the property the same as that of a remainderman after it comes into his possession? | 004246.docx | LEGALEASE-00115987-LEGALEASE-00115988 |
| Wagner v. Moseley, 104 So. 2d 86 | 315+134 | A life tenant owes certain duties to remainderman, and relationship of life tenant to remainderman is frequently designated as that of a trustee or quasi-trustee in sense that life tenant cannot injure or dispose of property to detriment to rights of remainderman. | What is the nature of relationship between a life tenant and a remainderman? | Life Estate - Memo 18-JS.docx | ROSS-003309672-ROSS-003309673 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| E.E.O.C. v. Waffle House, 534 U.S. 279 | 25T+112 | The Federal Arbitration Act (FAA) directs courts to place arbitration agreements on equal footing with other contracts, but it does not require parties to arbitrate when they have not agreed to do so. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) consider arbitration agreements on equal footing with other contracts? | Alternative Dispute Resolution - Memo 58-JS.docx | ROSS-003284047-ROSS-003284048 |
| Linnebrink v. First Nat. Bank of Lee's Summit, Mo., 839 S.W.2d 618 | 195+9 | Guaranty agreement must contain express conditions of guaranty, specifically stating, within four corners of documents, liability and obligations of each party. | Will a guaranty contract contain express conditions on the guarantors liability? | 05017.docx | LEGALEASE-00078103-LEGALEASE-00078104 |
| Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela, 991 F.2d 42 | 25T+112 | In determining arbitrability of particular dispute, court must decide whether parties agreed to arbitrate, and, if so, whether scope of that agreement encompasses asserted claims. | What aspects are considered by courts to determine arbitrability of a particular dispute? | 003746.docx | LEGALEASE-00116144-LEGALEASE-00116145 |
| Mitev v. Resort Sports Ltd., 133 F. Supp. 3d 1365 | 106+489(1) | The saving to suitors clause in statute providing that federal courts have original jurisdiction over any case of admiralty or maritime jurisdiction allows state courts to exercise concurrent jurisdiction over maritime tort claims. 28 U.S.C.A. S 1333(1). | How is the saving to suitors clause defined? | Admiralty Law - Memo 6 - JS.docx | ROSS-003325043-ROSS-003325044 |
| Silverman v. Major League Baseball Player Relations Comm., 880 F. Supp. 246 | 231H+1141 | Interest arbitration clauses are nonmandatory topic of collective bargaining because they involve mechanism for resolving disputes which may arise as to terms of future contracts, as opposed to existing terms and conditions of employment. | What is interest arbitration? | 004164.docx | LEGALEASE-00116247-LEGALEASE-00116249 |
| United States v. Jicarilla Apache Nation, 564 U.S. 162 | 311H+126 | Unless applicable law provides otherwise, government may invoke attorney-client privilege in civil litigation to protect confidential communications between government officials and government attorneys. | Can a governmental entity claim attorney-client privilege as private litigants? | Privileged Communications and Confidentiality - Memo 10 - VP.docx | LEGALEASE-00001594-LEGALEASE-00001596 |
| Matter of Grand Jury Proceeding, Cherney, 898 F.2d 565 | 311H+146 | Client's motive for seeking legal advice is "confidential communication" and, accordingly, attorney-client privilege protects unknown client's identity where its disclosure would reveal such motive. | Is the identity of a client protected by attorney-client privilege? | 05866.docx | LEGALEASE-00089218-LEGALEASE-00089220 |
| Fathom Exploration v. Unidentified Shipwrecked Vessel or Vessels, 857 F. Supp. 2d 1269 | 354+213 | If title to a shipwrecked vessel meets the criteria of the Abandoned Shipwrecks Act (ASA), title vests in the State and no salvage is awarded. Abandoned Shipwreck Act of 1987, SS 6(c), 7(a), 43 U.S.C.A. SS 2105(c), 2106(a). | Can the United States assert title to an abandoned shipwreck under the Abandoned Shipwreck Act? | Admiralty Law - Memo 25 - JS.docx | ROSS-003285530-ROSS-003285532 |
| Flueras v. Royal Caribbean Cruises, Ltd., 69 So. 3d 1101 | 348+29(3) | The shipowner's warranty of seaworthiness extends to the vessel's crew; the shipowner breaches the duty of seaworthiness by manning the vessel with an unfit, incompetent, inadequate, defective, or improperly trained or supervised crew. | Is a vessel operated by an incompetent crew considered seaworthy? | 004087.docx | LEGALEASE-00116320-LEGALEASE-00116322 |
| Amerine v. Bd. of Cty. Comm'rs of Jefferson Cty., 7 Kan. App. 2d 491 | 414+1333(1) | Function of planning commission is advisory only and final authority in zoning matters rests with governing body possessing legislative power. | Does the governing body have the final authority in zoning matters? | Zoning and Palnning - Memo 31 - JS.docx | ROSS-003298763-ROSS-003298764 |
| Moretti v. Moretti, 766 A.2d 925 | 134+706 | "Enterprise goodwill" is an asset of the business and accordingly is property that is divisible in a dissolution to the extent that it inheres in the business, independent of any single individual's personal efforts and will outlast any person's involvement in the business. | What distinguishes enterprise goodwill from personal goodwill? | 004745.docx | LEGALEASE-00116398-LEGALEASE-00116400 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. ITT Consumer Fin. Corp., 816 F.2d 487 | 253+757 | Absent agreement, separation, or change of domicile to noncommunity property state, earnings acquired during marriage are community property, and earnings acquired after dissolution of the community by death or divorce will be the separate property of the acquiring spouse. | Are the earnings of a spouse during marriage considered community property? | 004788.docx | LEGALEASE-00116394-LEGALEASE-00116395 |
| In re City of Shelley, 151 Idaho 289 | 104+58 | Counties and city governments are considered local governing bodies rather than agencies for purposes of obtaining judicial review under the Idaho Administrative Procedure Act; the Act is intended to govern the judicial review of decisions made by state administrative agencies, and not local governing bodies. West's I.C.A. S 50-222. | Are Counties and city governments considered as agencies for purposes of the Administrative Procedures Act? | 004279.docx | LEGALEASE-00116612-LEGALEASE-00116613 |
| QT Trading v. M/V SAGA MORUS, 641 F.3d 105 | 50+5 | A claim of bailment does not arise under admiralty law unless (1) delivery to the bailee is complete and (2) he has exclusive possession of the bailed property, even as against the property owner. | Does a claim of bailment arise under admiralty law? | Bailment - Memo 29 - ANG.docx | ROSS-003327682-ROSS-003327683 |
| People v. Krupnick, 165 Cal. App. 2d 755 | 110+1159.5 | Where only asserted basis of appeal from theft conviction is insufficiency of evidence, judgment must be affirmed if there is sufficient evidence to support judgment on theory of theft by trick and device, or by false pretenses, or by embezzlement. West's Ann.Pen.Code, S 484. | What does the crime of theft comprise of? | 004300.docx | LEGALEASE-00116438-LEGALEASE-00116439 |
| In re Thomas' Estate, 1943 OK 115 | 192+1 | Under Pennsylvania law, "goodwill" is positive reputation that business may enjoy in eyes of public, which creates probability that old customers will continue their patronage. | Is goodwill a probability that old customers will resort to the old place? | 004381.docx | LEGALEASE-00116628-LEGALEASE-00116629 |
| Dugan v. Dugan, 92 N.J. 423 | 192+1 | Attorney's future earning capacity per se is not goodwill in exclusively owned professional corporation, but when that future earning capacity has been enhanced because reputation leads to probable future patronage from existing and potential clients, goodwill may exist and have value. | Is future earning capacity per se goodwill? | 004386.docx | LEGALEASE-00116654-LEGALEASE-00116656 |
| In re Thomas' Estate, 1943 OK 115 | 192+1 | Under Pennsylvania law, "goodwill" is positive reputation that business may enjoy in eyes of public, which creates probability that old customers will continue their patronage. | Is goodwill the positive reputation of a business? | 004396.docx | LEGALEASE-00116538-LEGALEASE-00116540 |
| Moriarty v. Curran, 18 F.R.D. 461 | 170A+633.1 | Pleadings in federal courts serve purpose of mere notice giving, and it is not only unnecessary but improper to plead evidentiary matter, but, in libel actions, notice of defenses must be given with sufficient particularity to inform plaintiff of what he must be prepared to meet. | Do pleadings in the federal court serve a mere notice giving purpose? | Pleading -Memo 4 - VP.docx | ROSS-003281686-ROSS-003281687 |
| People v. Krupnick, 165 Cal. App. 2d 755 | 110+1159.5 | Where only asserted basis of appeal from theft conviction is insufficiency of evidence, judgment must be affirmed if there is sufficient evidence to support judgment on theory of theft by trick and device, or by false pretenses, or by embezzlement. West's Ann.Pen.Code, S 484. | What is the statutory crime of theft comprised of? | 004533.docx | LEGALEASE-00116553-LEGALEASE-00116554 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ray v. Mason Cty. Drain Com'r, 393 Mich. 294 | 149E+577 | Findings of fact under Environmental Protection Act should include a consideration of whether plaintiff has established a prima facie case that defendant's conduct "has or is likely to pollute, impair or destroy the air, water, or other natural resources," whether defendant has rebutted plaintiff's prima facie case with evidence to contrary, and whether defendant has established as an affirmative defense that "there is no feasible and prudent alternative * * * and that such conduct is consistent with the promotion of the public health, safety and welfare in light of the state's paramount concern for the protection of its natural resources from pollution, impairment or destruction." GCR 1963, 517.1 et seq.; M.C.L.A. SS 691.1201 et seq., 691.1203, 691.1203(1), 691.1204(1); M.C.L.A.Const.1963, art. 4, S 52. | What is a plaintiff required to show to make a prima facie case under the EPA? | 004551.docx | LEGALEASE-00116518-LEGALEASE-00116519 |
| Commonwealth v. 1997 Chevrolet & Contents Seized from Young, 160 A.3d 153 | 174+1.3 | The Eighth Amendment's Excessive Fines Clause applies to civil in rem forfeitures that are punitive and criminal in personam forfeitures. U.S. Const. Amend. 8. | Does the Eighth Amendment's Excessive Fines Clause apply to civil forfeitures? | 004566.docx | LEGALEASE-00116596-LEGALEASE-00116597 |
| Innovative Data Sys. of Louisiana v. Ellender, 316 So. 2d 12 | 302+34(1) | Technical objections and harsh rules of pleading are not favored and pleadings are to be liberally construed to yield as little as possible to technicality in order that ends of justice may be served. | Do courts favor harsh rules of pleading? | 004852.docx | LEGALEASE-00116717-LEGALEASE-00116718 |
| Ingersoll-Rand Fin. Corp. v. Nunley, 11 B.R. 528 | 50+1 | While acceptance is necessary to create a bailment, the acceptance need not be actual but may be constructive, as in a case where a person comes into possession of chattels by mistake or takes possession of goods which have been left by the owner. | Is acceptance required to establish a bailment? | Bailment - Memo 31 - ANG.docx | ROSS-003298641-ROSS-003298642 |
| Dayton Gold & Silver Min. Co. v. Seawell, 11 Nev. 394 | 148+14 | In construing the meaning of the words "public use," as contained in the constitution of this state, held, that any appropriation of private property, under the right of eminent domain, for any purpose of great public benefit, interest, or advantage to the community, is a taking for a public use. The object must not only be of great public benefit, and for the paramount interests of the community, but the necessity must exist for the exercise of the right of eminent domain. | What does the term public use encompass in relation to eminent domain? | Eminent Domain - Memo 22 - AKA.doc | LEGALEASE-00002812-LEGALEASE-00002814 |
| Nat'l Wildlife Fed'n v. Adamkus, 936 F. Supp. 435 | 1.49E+18 | Environmental Protection Agency's (EPA's) responsibility to respond to public comments on proposed rulemaking is required by Administrative Procedure Act (APA). 5 U.S.C.A. S 553(c). | Is the Environmental Protection Agency (EPA) responsible to respond to public comments on proposed rulemaking under 5 U.S.C. 553(c)? | Environmental Law - Memo 54 - AKA.doc | LEGALEASE-00002839-LEGALEASE-00002840 |
| Granite City Div. of Nat. Steel Co. v. Illinois Pollution Control Bd., 155 Ill. 2d 149 | 1.49E+18 | Regulations adopted by Illinois Pollution Control Board pursuant to statutory authority will not be set aside unless they are arbitrary and capricious. | Will the regulations adopted by the Pollution Control Board be set aside if they are arbitrary or capricious? | Environmental Law - Memo 56 - AKA.doc | LEGALEASE-00002843-LEGALEASE-00002844 |
| Sierra Pac. Power Co. v. U.S. E.P.A., 647 F.2d 60 | 1.49E+18 | EPA was not strictly bound by its earlier interpretations of is regulations, even though they might have been apparently inconsistent, and EPA was free to make reasonable changes in interpretation of the regulations. | Is the Environmental Protection Agency (EPA) free to make reasonable changes in the interpretations of its regulations? | Environmental Law - Memo 59 - AKA.doc | LEGALEASE-00002849-LEGALEASE-00002850 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cohen v. UBS Fin. Servs., 799 F.3d 174 | 25T+200 | Under Federal Arbitration Act (FAA), if parties intended to arbitrate a dispute, courts are generally required to enforce such agreements according to their terms; however, enforceability can be overridden by a contrary congressional command. 9 U.S.C.A. S 2. | Do courts consider the intention of parties for settling arbitration disputes? | 005241.docx | LEGALEASE-00116795-LEGALEASE-00116796 |
| Bratcher v. State, 999 N.E.2d 864 | 350H+1963 | Convicted individuals do not enjoy the same constitutional protections as law-abiding citizens, and probation conditions that intrude upon constitutionally protected rights are not necessarily invalid. | Do convicts enjoy the same constitutional protections as that of law-abiding citizens? | Convicts - Memo 9 - RK.docx | ROSS-003298255-ROSS-003298256 |
| Brooklyn Bridge Park Legal Def. Fund v. State Urban Dev. Corp., 50 A.D.3d 1029 | 149E+578 | An agency may rely on consultants to conduct the analyses that support their environmental review of proposed projects. McKinney's ECL S 8-0101 et seq. | "When conducting an environmental review of a project, may an agency rely on consultants to conduct analyses, and exercise discretion when considering conflicting expert testimony?" | 01052.docx | LEGALEASE-00079320-LEGALEASE-00079322 |
| Lincoln v. Farnkoff, 26 Wash. App. 717 | 233+1110 | At common law under principle of caveat emptor, landlord had no duty to repair rental property, tenant taking it as he found it, but, with time, this legal position gave way to modern realities and residential tenants were afforded protection of implied covenant of habitability, and following this lead, legislature enacted in 1973 the Residential Landlord-Tenant Act, which modified common law so as to require decent, safe and sanitary housing, and added covenant to repair to most residential rental agreements. West's RCWA 59.18.060, 59.18.060(2). | Is the landlord under a common law duty to repair rental property? | 005081.docx | LEGALEASE-00117235-LEGALEASE-00117236 |
| Pawlovich v. Linke, 688 N.W.2d 21 | 237+45(1) | The common interest defamation privilege applies where persons having a common interest in a particular matter correctly or reasonably believe that there is information that another sharing the common interest is entitled to know. SDCL 20-11-5(3). | When does common interest privilege apply in defamation? | 005103.docx | LEGALEASE-00117279-LEGALEASE-00117280 |
| United States v. Scales, 231 F. Supp. 2d 437 | 98+22 | Under Virginia law, there is no automatic restoration of civil rights of convicted felons; rather, a convicted felon is required to petition the Governor or other appropriate authority if he wishes to have his civil rights restored. West's V.C.A. S 24.2-101. | When are the rights of a convicted felon restored? | 000390.docx | LEGALEASE-00117291-LEGALEASE-00117292 |
| Jacques v. State, 409 So. 2d 876 | 98+20 | "Convict" is a person proved guilty by competent tribunal of criminal offense, especially person convicted of and under sentence for felony or serious crime; hence, in popular use, a "convict" is a person serving a prison sentence, usually for a long term. | Who is a convict? | 004977.docx | LEGALEASE-00117307-LEGALEASE-00117308 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kellis v. Farber, 523 So. 2d 843 | 401+16 | Orleans Parish was proper venue for action arising out of automobile accident that happened in Jefferson Parish against alleged tort-feasor who was Jefferson Parish domiciliary, his employer, which was domestic corporation domiciled in Jefferson Parish, liability carrier for alleged tort-feasor and his employer, that was foreign insurer, and plaintiff's uninsured motorist carrier, that was different foreign insurer, where plaintiff was domiciled in Orleans Parish; Orleans Parish was proper venue for plaintiff's suit against her uninsured motorist carrier, statutory exception to general venue rule authorizes action against joint or solidary obligors to be brought in any parish of proper venue as to any obligor who was made defendant, and plaintiff's suit was action against solidary obligors. LSA-C.C.P. arts. 42, 43, 73, 76. | "Under the general rules of venue, where should an action against an individual, domestic corporation or a foreign insurer be brought?" | Venue - Memo 24 - RKJS.docx | ROSS-003289680-ROSS-003289681 |
| Millers Mut. Ins. Ass'n of Illinois v. Graham Oil Co., 282 Ill. App. 3d 129 | 386+10 | One may be liable in trespass for causing thing or third person to enter land of another either through negligent act or intentional act. | Can trespass be caused by negligent and intentional acts? | Trespass - Memo 33 - RK.docx | ROSS-003282733-ROSS-003282734 |
| City of Columbus v. Anderson, 27 Ohio App. 3d 307 | 48A+144.1(1.5) | Statute which required court in traffic case to determine whether defendant had met requirements of Financial Responsibility Act violated separation of powers by making judge agent of registrar of motor vehicles and by conferring appellate jurisdiction on administrative agency, and thus, is unconstitutional. R.C. S 4509.101; Const. Art. 4, S 3. | Does an Act conferring appellate jurisdiction upon an administrative officer or an administrative board violate the doctrine of separation of powers? | 000321.docx | LEGALEASE-00117673-LEGALEASE-00117674 |
| Cooper v. Ratley, 916 S.W.2d 868 | 233+517 | "Attornment" is means by which person holding leasehold interest in real estate agrees to become tenant of purchaser who has acquired fee in the land, or remainder or reversion, or right to rent or services by which tenant holds; if this occurs, there is new agreement pursuant to which purchaser of property may seek recovery as original lessor. V.A.M.S. SS 535.040, 535.070. | What is an atttornment? | Landlord and Tenant - Memo 26 - TH.docx | ROSS-003288615-ROSS-003288617 |
| Gen. Prod. Co. v. Meredith Corp., 526 F. Supp. 546 | 237+120(2) | Punitive damages in a defamation action are recoverable only if plaintiff proves by clear and convincing evidence that defendant published the article with knowledge of its falsity or with reckless disregard for the truth. | How can a plaintiff recover punitive damages in a defamation suit? | 000578.docx | LEGALEASE-00117920-LEGALEASE-00117921 |
| Haller v. State, 217 Ark. 646 | 207+1 | "Incest" is statutory offense consisting of sexual intercourse, either habitual or in a single instance, either under form of marriage or without it, between persons too closely related to intermarry. | Does the act of incest have to be habitual in order to constitute an offense? | Incest - Memo 24 - ANG.docx | ROSS-003283940-ROSS-003283942 |
| Sutter v. Oxford Health Plans LLC, 675 F.3d 215 | 25T+324 | By contractually restricting the issues they will arbitrate, the individuals with whom they will arbitrate, and the arbitration procedures that will govern, parties to an arbitration agreement may place limits upon the arbitrator's powers that are enforceable by the courts; an arbitrator oversteps those limits, and subjects his award to judicial vacatur, when he decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether. 9 U.S.C.A. S 10(a)(4). | Can an arbitrator decide an issue if the parties have not authorized him to do so? | 000995.docx | LEGALEASE-00117993-LEGALEASE-00117994 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Butterkrust Bakeries v. Bakery, Confectionery & Tobacco Workers Int'l Union, AFL-CIO, Local No. 361, 726 F.2d 698 | 25T+113 | Public policy favors arbitration as alternative means of dispute resolution; therefore, judicial review of arbitration awards is necessarily quite restricted. | Are there any restrictions on the judicial review of arbitration awards? | 001043.docx | LEGALEASE-00118044-LEGALEASE-00118045 |
| Com. v. Pestinikas, 421 Pa. Super. 371 | 203+710 | Failure to perform duty imposed by contract may be basis for charge of criminal homicide if such failure causes death of another person and all other elements of offense are present. 18 Pa.C.S.A. S 301(b)(2). | Can a persons failure to act lead to criminal liability? | 001064.docx | LEGALEASE-00118064-LEGALEASE-00118065 |
| People v. Converse, 74 Mich. 478 | 146+17 | An attorney who collects money for a client acts as agent as well as attorney, and may be convicted of embezzlement for appropriating the money to his own use, with intent to deprive the owner thereof. | Can attorney appropriating money collected for his client be guilty of embezzlement? | Embezzlement - Memo 41 - VP.docx | LEGALEASE-00004992-LEGALEASE-00004993 |
| Xcel Energy Servs. Inc. v. F.E.R.C., 815 F.3d 947 | 145+11.3(6) | Federal Energy Regulatory Commission (FERC) acted arbitrarily in declining to weigh equities of energy utility's request for retroactive refund of unlawful rates it paid for transmission service as result of regional transmission organization's implementation of formula rate of non-jurisdictional participating transmission owner, which FERC erroneously allowed to take effect in ultra vires order that violated FPA's requirement that FERC first ensure rates were just and reasonable, and thus matter would be remanded to FERC; FERC had misapprehended its broad remedial powers under FPA in area where FERC's consumer protection responsibilities were at their most fundamental. Electric Utility Companies Act, S 205(a, e), 16 U.S.C.A. S 824d(a, e); Federal Power Act, S 309, 16 U.S.C.A. S 825h; 18 C.F.R. S 2.4(a). | Can Federal Energy Regulatory Commission action be ultra vires when it acts contrary to the Federal Power Act? | 000899.docx | LEGALEASE-00118219-LEGALEASE-00118220 |
| In re Stoltz, 197 F.3d 625 | 233+531 | Under Vermont law, a "lease" is a contract between the landlord and the tenant wherein the landlord promises to deliver and maintain the demised premises in habitable condition and the tenant promises to pay rent for such habitable premises. | Is a lease a contract between a landlord and a tenant? | 05371.docx | LEGALEASE-00080844-LEGALEASE-00080845 |
| Estate of Prather v. Sherman Hosp. Sys., 2015 IL App (2d) 140723 | 401+33 | A plaintiff's right to select the forum is substantial, and unless the factors weigh strongly in favor of transfer or dismissal, the plaintiff's choice of forum should rarely be disturbed. | Is a plaintiffs right to select forum substantial? | Venue - Memo 30 - TH.docx | ROSS-003284165-ROSS-003284167 |
| Kuehner v. Dickinson & Co., 84 F.3d 316 | 25T+113 | Federal Arbitration Act (FAA) not only reversed judicial hostility to enforcement of arbitration contracts, but also created rule of contract construction favoring arbitration. 9 U.S.C.A. S 1 et seq. | Did the Federal Arbitration Act (FAA) reverse judicial hostility to arbitration agreements? | Alternative Dispute Resolution - Memo 197 - RK.docx | ROSS-003282719-ROSS-003282720 |
| Appeal of Swidzinski, 134 Pa. Cmwlth. 330 | 148+8 | While right of eminent domain is exclusively in sovereign, legislature may delegate that power; however, body to which power is entrusted has no authority beyond that legislatively granted. | Can the sovereign delegate its right of eminent domain? | Eminent Domain - Memo 47 - RK.docx | ROSS-003302227-ROSS-003302228 |
| In re Yan, 381 B.R. 747 | 289+426(2) | Under California law, the parties to a partnership agreement may agree that all members shall participate in the profits and that only some of them shall bear the losses; also, the contributions of the respective parties need not be equal or of the same character. | Do the shares of the parties in a partnership need to be of equal contribution? | 022251.docx | LEGALEASE-00118177-LEGALEASE-00118178 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Burton v. Comm'r of Envtl. Prot., 291 Conn. 789 | 149E+656 | Claim that discharge permit renewal proceeding was inadequate to protect rights recognized by state Environmental Protection Act, alleging that hearing officer and state department of environmental protection did not conduct proceeding fairly and impartially because impact of operations of nuclear electric power plant on marine life in neighboring bodies of water was more harmful than that permitted by applicable regulatory scheme, was cognizable, and thus trial court had subject matter jurisdiction and interested person, as plaintiff, had standing to bring action on basis that unreasonable pollution, impairment, or destruction of natural resource probably would result from such operation. C.G.S.A. S 22a-16. | What is required to set forth a colorable claim to have a standing under 22a16 of the General Statutes? | 000922.docx | LEGALEASE-00118229-LEGALEASE-00118230 |
| Elec. Power Supply Ass'n v. F.E.R.C., 753 F.3d 216 | 145+1 | Jurisdiction of the Federal Energy Regulatory Commission (FERC) over the sale of electricity has been specifically confined to the wholesale market. Federal Power Act, S 201(b)(1), 16 U.S.C.A. S 824(b)(1). | Is the jurisdiction of the Federal Energy Regulatory Commission (FERC) over the sale of electricity specifically confined to the wholesale market? | Electricity - Memo 6 - RM.docx | ROSS-003310956-ROSS-003310958 |
| Toledo City Sch. Dist. Bd. of Edn. v. State Bd. of Edn., 146 Ohio St.3d 356 | 1.41E+18 | State constitution's retroactivity clause does not protect political subdivisions, including school districts, that are created by the state to carry out its governmental functions. Const. Art. 2, S 28. | Do retroactivity clauses protect political subdivisions like school districts? | Education - Memo 7 - JS.docx | ROSS-003311150-ROSS-003311151 |
| State v. Thomes, 126 Me. 230 | 146+28 | Indictment for stealing money, stating only aggregate amount, without specifying number, kind or denomination or alleging lack of knowledge thereof, is insufficient. Rev.St. c. 122, S 10. | "Is it necessary in an indictment for embezzlement the coin, number, denomination or any kind of money be specified?" | 001236.docx | LEGALEASE-00118585-LEGALEASE-00118586 |
| State v. Kittitas Cty., 107 Wash. 326 | 148+1 | The power of a quasi public corporation or a public corporation to condemn property owned by a municipality does not exist unless clearly created by statute. | When may a quasi public corporation or a public corporation condemn property owned by a municipality? | 001278.docx | LEGALEASE-00118690-LEGALEASE-00118691 |
| Hutner v. Greene, 734 F.2d 896 | 13+17 | Under doctrine of "depecage" applied by New York courts, rules of one legal system are applied to regulate certain issues arising from given transaction or occurrence, while those of another system regulate other issues. | What is doctrine of depecage in defamation cases? | Libel and Slander - Memo 100 - JS.docx | LEGALEASE-00006008-LEGALEASE-00006010 |
| Bautista v. Jones, 25 Cal. 2d 746 | 92+4260 | The right to work, either in employment or independent business, is fundamental and enjoys the protection of the personal liberty guarantee of the Fourteenth Amendment and of State Constitution. Const.Cal. art. 1, SS 1, 13; U.S.C.A.Const. Amend. 14. | Is there a fundamental right to work? | Labor and Employment - Memo 24 - VP.docx | ROSS-003283404-ROSS-003283405 |
| John R. Sand & Gravel Co. v. United States, 457 F.3d 1345 | 241+95(7) | A takings claim accrues when all the events have occurred which fix the liability of the government and entitle the claimant to institute an action; in addition, the claim only accrues if the plaintiff knew or should have known of the existence of the events fixing the government's liability. 28 U.S.C.A. S 2501. | When does a takings claim accrue? | Eminent Domain -Memo 54- VP.docx | ROSS-003284765-ROSS-003284766 |
| AFT Michigan v. State of Michigan, 497 Mich. 197 | 148+2.1 | To generate a compensable taking, the government must assert its authority to seize title or impair the value of property, which does not occur if the property in question is voluntarily relinquished to the government. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 10, S 2. | How will the government generate a compensable taking? | Eminent Domain -Memo 58- VP.docx | ROSS-003297951-ROSS-003297952 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hunziker v. State, 519 N.W.2d 367 | 148+2.10(1) | Land-use regulation does not effect taking requiring compensation if it substantially advances legitimate state interest. | Does land-use regulation effect a taking if it substantially advances a legitimate state interest? | 001458.docx | LEGALEASE-00118659-LEGALEASE-00118660 |
| Benham v. State, 637 N.E.2d 133 | 110+108(1) | Venue statutes and rules do not confer jurisdiction but rather prescribe location at which trial proceedings are to occur from among courts empowered to exercise jurisdiction. | Do venue statutes and rules confer jurisdiction? | Venue  - Memo 37 - RM.docx | ROSS-003283783-ROSS-003283784 |
| Gotham Holdings, LP v. Health Grades, 580 F.3d 664 | 25T+113 | People do not violate or undermine any federal policy if they litigate rather than arbitrate; that is, federal policy favors arbitration only in the sense that it favors contracts in general. | "When people litigate rather than arbitrate, do they violate or undermine federal policy?" | Alternative Dispute Resolution - Memo 215 - RK.docx | ROSS-003298541-ROSS-003298542 |
| Mazera v. Varsity Ford Mgmt. Servs., 565 F.3d 997 | 25T+113 | Mandatory arbitration agreements in the employment context are governed by the Federal Arbitration Act, which evidences a strong policy preference in favor of arbitration. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act govern mandatory arbitration agreements in employment contracts? | Alternative Dispute Resolution - Memo 221 - RK.docx | ROSS-003286018-ROSS-003286019 |
| Unalachtigo Band of Nanticoke-Lenni Lenape Nation v. State, 375 N.J. Super. 330 | 209+120 | The federal Indian Nonintercourse Act protects only Indian tribes or nations, and not individual Indians, and creates a trust relationship between the federal government and American Indian tribes with respect to tribal lands covered by the Act. 25 U.S.C.A. S 177. | Can individual Indians bring an action under the Indian Nonintercourse Act? | Indians - Memo 22 - TH.doc | LEGALEASE-00006245-LEGALEASE-00006246 |
| Miracle v. New Yorker Magazine, 190 F. Supp. 2d 1192 | 379+103 | Under Hawaii law, rights and liabilities of parties with respect to issue in tort are determined by local law of state which, with respect to that issue, has most significant relationship to occurrence and parties. Restatement (Second) of Conflict of Laws S 145. | What is the significant relationship test? | 002274.docx | LEGALEASE-00118486-LEGALEASE-00118487 |
| Rosas v. IBP, 869 F. Supp. 912 | 231H+40(2) | Under Kansas law, employer-employee relationship is governed by doctrine of employment-at-will, which holds that, in absence of contract, express or implied, between employee and her employer covering duration of employment, the employment is terminable at will of either party. | What is an employment at will doctrine? | 001420.docx | LEGALEASE-00118930-LEGALEASE-00118931 |
| State v. Young, 136 Idaho 113 | 203+510 | The common law "year and a day rule," which has been part of the basic law of New Jersey, does not conform to present-day medical realities, principles of equity or public policy, and the rule will therefore be rejected as an anachronism and declared to be no longer part of the State's common law. N.J.S.A. 2A:113-2. | Does the year and a day rule conform to present-day medical realities? | 001561.docx | LEGALEASE-00119015-LEGALEASE-00119016 |
| Zafer Chiropractic & Sports Injuries, P.A. v. Hermann, 501 S.W.3d 545 | 302+350(6) | Although the motion court on a motion for judgment on the pleadings must accept facts pled by a plaintiff, legal conclusions cannot be pleaded as ultimate facts; rather, conclusions must be supported by facts that demonstrate how or why the conclusion is reached. | Can legal conclusions be pleaded as ultimate facts? | 001594.docx | LEGALEASE-00119066-LEGALEASE-00119067 |
| Military Highway Water Supply Corp., 114 S.W.3d 728 | 317A+101 | The commensurate-with-the-danger standard of duty for public utilities does not impose a duty higher than that of ordinary care; rather, it more fully defines what constitutes ordinary care under the facts presented. | Should the duty to exercise ordinary and reasonable care of the public utility commensurate with the danger? | 001617.docx | LEGALEASE-00118965-LEGALEASE-00118966 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Motor Cargo v. Bd. of Twp. Trustees of Richfield Twp., 117 N.E.2d 224 | 414+1219 | Interstate trucking company operating by authority of law upon public highways as a common carrier in interstate commerce and devoting its equipment solely for the purpose of carrying freight was a "public utility," exempt in rural area from zoning regulations, even though it did not have power of eminent domain. Gen.Code, S 3180-46. | Is the determination of whether a particular entity is a public utility a questions of law and fact? | 001626.docx | LEGALEASE-00118985-LEGALEASE-00118986 |
| Carlisle v. U.S., 83 U.S. 147 | 384+10 | Aliens domiciled in the United States owe a local and temporary allegiance to the government thereof; they are bound to obey all laws not immediately relating to citizenship during their residence in the country, and are equally amenable with citizens for any infraction of those laws. Those aliens who, being domiciled in the country prior to the Rebellion, gave aid and comfort to the Rebellion, were, therefore, subject to be prosecuted for violation of the laws of the United States against treason and for giving aid and comfort to the Rebellion. | Can an alien be prosecuted for treason? | 001632.docx | LEGALEASE-00119078-LEGALEASE-00119079 |
| Murrell v. Murrell, 33 La.Ann. 1233 | 302+34(1) | Courts consistently look beyond the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding. | Do courts look beyond the caption and style of pleadings to determine its true nature? | 001876.docx | LEGALEASE-00118887-LEGALEASE-00118888 |
| John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132 | 25T+114 | The Federal Arbitration Act (FAA) federalizes arbitration law and creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) create a body of federal substantive law? | Alternative Dispute Resolution - Memo 263 - RK.docx | ROSS-003298560-ROSS-003298561 |
| Dhaliwal v. Dhaliwal, 124 So.3d 470 | 289+421 | There are no hard and fast rules in determining whether a partnership exists and each case must be considered, based on its own facts and circumstances. | Are there any hard and fast rules used to determine whether a partnership exists? | 002308.docx | LEGALEASE-00119164-LEGALEASE-00119165 |
| Bell v. Moores, 832 S.W.2d 749 | 13+1 | Right to maintain action depends upon the existence of cause of action, which involves combination of right on part of plaintiff and violation of such right by defendant. | Does the right to maintain an action depend upon the existence of a cause of action? | Action - Memo 22 - MS.docx | ROSS-003297304-ROSS-003297305 |
| Auvil v. CBS 60 Minutes, 800 F. Supp. 928 | 237+28 | Under Washington law, person who republishes defamatory statements made by another does not escape liability for defamation even if republisher is careful to ascribe statements to original speaker. | Is a person who republishes a defamatory statement liable for defamation? | 002094.docx | LEGALEASE-00119393-LEGALEASE-00119395 |
| People v. Knapp, 15 Ill. 2d 450 | 207+4 | Statute defining crime of incest of father with daughter does not limit guilt to actual sexual intercourse between father and daughter and includes unlawful carnal knowledge of the body even though abnormal and perverted and even though the carnal knowledge is of a sort to invoke the statutory definition of a crime against nature. S.H.A. ch. 38, S 374. | Is cardinal knowledge an element of incest? | 002263.docx | LEGALEASE-00119259-LEGALEASE-00119260 |
| Nugent v. Pilgrim's Pride Corp., 30 S.W.3d 562 | 386+2 | One may be liable in trespass who intentionally acts to cause or permit a thing to cross the boundary of a property. | Can a person be held liable for trespass if they cause or permit a thing to cross the boundary of a property? | Trespass - Memo 63 - JS.docx | ROSS-003283600-ROSS-003283601 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Minnesota Chapter of Associated Builders & Contractors v. Bd. of Educ. of Minnetonka Indep. Sch. Dist. No. 276, 567 N.W.2d 761 | 73+21 | Certiorari will lie to review quasi-judicial acts and proceedings of administrative bodies; however, certiorari is not available when acts sought to be reviewed are of legislative or administrative character. | Is certiorari available when the acts sought to be reviewed are of legislative or administrative character? | Administrative Law - Memo 173 - RK.docx | LEGALEASE-00007620-LEGALEASE-00007621 |
| O'Connor v. Davis, 126 F.3d 112 | 231H+1 | Courts turn to common-law principles to analyze character of economic relationship only in situations that plausibly approximate employment relationship. | When does the court turn to common-law principles to analyze the character of an economic relationship? | Labor and Employment - Memo 8 - VP.docx | LEGALEASE-00007940-LEGALEASE-00007941 |
| Grayson Rural Elec. Corp. v. City of Vanceburg, 4 S.W.3d 526 | 145+8.1(2.1) | A municipally-owned or municipally-franchised electric utility has no exclusive service rights even within municipal boundaries in the absence of statutory authority. | Does a municipally-owned or municipally-franchised electric utility have exclusive service rights within municipal boundaries? | 002382.docx | LEGALEASE-00119483-LEGALEASE-00119485 |
| TrinCo Inv. Co. v. United States, 722 F.3d 1375 | 148+2.1 | Under the "doctrine of necessity" or the "necessity defense," the state is absolved of liability under the Fifth Amendment's Takings Clause for the destruction of real and personal property in cases of actual necessity, to prevent or forestall grave threats to the lives and property of others. U.S.C.A. Const.Amend. 5. | What is the doctrine of necessity? | 002395.docx | LEGALEASE-00119496-LEGALEASE-00119497 |
| U.S. v. Neel, 235 F.2d 395 | 220+4153(2) | A husband and wife may become partners for business purposes even though the partnership results in a decrease of their total tax liability. | Can a husband and wife become business partners? | Partnership - Memo 75 - RK.docx | ROSS-003297207-ROSS-003297208 |
| O'Connor v. Davis, 126 F.3d 112 | 231H+1 | Courts turn to common-law principles to analyze character of economic relationship only in situations that plausibly approximate employment relationship. | When does the court turn to common-law principles to analyze the character of an economic relationship? | 001434.docx | LEGALEASE-00119462-LEGALEASE-00119463 |
| Arkansas State Highway Comm'n v. Barker, 326 Ark. 403 | 148+138 | Three recognized formulas for measuring just compensation in partial-taking cases are value of part taken, value of part taken plus damages to remainder, and before- and after-value rule. | What are the formulas recognized for measuring just compensation in partialtaking cases? | 01260.docx | LEGALEASE-00081617-LEGALEASE-00081618 |
| Teller v. McCoy, 162 W. Va. 367 | 233+1444 | Since lease of residential dwelling unit is to be treated and construed as any other contract, covenant to pay rent and warranty of habitability are mutually dependent. Code, 37-6-30. | Are leases of urban dwelling units construed like any other contract? | 001941.docx | LEGALEASE-00119662-LEGALEASE-00119663 |
| Teller v. McCoy, 162 W. Va. 367 | 233+1444 | Since lease of residential dwelling unit is to be treated and construed as any other contract, covenant to pay rent and warranty of habitability are mutually dependent. Code, 37-6-30. | Are leases of urban dwelling units construed like any other contract? | Landlord and Tenant - Memo 62 - ANG.docx | LEGALEASE-00008176-LEGALEASE-00008177 |
| People v. Burke, 400 Ill. 24 | 207+6 | The term "cohabit," when used in connection with charge of incest, means living together as man and wife and any sexual intercourse, whether within common dwelling or elsewhere. S.H.A. ch. 38, S 374. | What is cohabitation under incest laws? | 01083.docx | LEGALEASE-00081769-LEGALEASE-00081771 |
| City of Fairhope v. Raddcliffe, 48 Ala. App. 224 | 386+3 | It is not the descriptive words "willful or wanton" which determine an act to be in trespass, but whether act producing injury was one of application of direct force. | Can the descriptive words willful or wanton acts always connote a trespass? | 002953.docx | LEGALEASE-00119821-LEGALEASE-00119822 |
| Gottlieb v. Cty. of Orange, 84 F.3d 511 | 211+1835 | If there is objectively reasonable basis for believing that parental custody constitutes threat to child's health or safety, government officials may remove child from his or her parents' custody at least pending investigation. | Do parents have a liberty interest in the custody of their children? | 003064.docx | LEGALEASE-00119569-LEGALEASE-00119571 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Trevino v. Allstate Ins. Co., 651 S.W.2d 8 | 13+10 | A condition precedent to the right to maintain an action must be performed and the fact of performance or excuse of nonperformance must be alleged and proved in order to warrant a recovery. | Is it necessary to prove the fact of performance to warrant a recovery? | Action - Memo 50 - MS.docx | LEGALEASE-00008745-LEGALEASE-00008746 |
| Merchants' & Miners' Transp. Co. v. Robinson-Baxter-Dissosway Towing & Transp. Co., 191 F. 769 | 366+1 | The doctrine of subrogation is one of equity and not of the common law, and, in its application, no attention should be paid to technicalities which are not of an insuperable character, but the broad equities should always be sought out as far as possible. | Should courts pay attention to technicalities which are not of an insuperable character in deciding whether to apply the doctrine of equitable subrogation? | Subrogation - Memo 27 - VP.docx | LEGALEASE-00008809-LEGALEASE-00008810 |
| Tucker v. Holder, 359 Mo. 1039 | 366+14.3 | Subrogation is a device of equity to prevent unjust enrichment and to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it, and where purchaser assumed and agreed to pay pre-existing note and deed of trust, which were valid, and preexisting charges on land and estate of remaindermen, and such payment was made and the land was thereafter acquired by successor in interest for $2,000, subrogation would be enforced against estate of remaindermen, not to the full extent of the $4,500 note and mortgage but proportionately in the sum of $2,000 which successor in interest paid for the land. | Does subrogation exist to prevent unjust enrichment? | Subrogation - Memo 28 - VP.docx | ROSS-003299832-ROSS-003299834 |
| Bank of Am., N.A. v. Diamond Fin., 88 Mass. App. Ct. 564 | 366+1 | In determining whether equitable subrogation applied, the subrogee's behavior is an important consideration that the court must balance in its equitable analysis of the interests. | Is a subrogee's behavior an important consideration that the court must balance in its equitable analysis of interests of both mortgages? | Subrogation - Memo 43 - RM.docx | ROSS-003325824-ROSS-003325825 |
| Braxton v. O'Charley's Rest. Properties, 1 F. Supp. 3d 722 | 25T+116 | The Federal Arbitration Act (FAA) establishes a procedural framework applicable in both federal and state courts, and also mandates that substantive federal arbitration law be applied in both. 9 U.S.C.A. SS 1-9. | Is the Federal Arbitration Act applicable in both state and federal courts? | 002648.docx | LEGALEASE-00120034-LEGALEASE-00120036 |
| Walker v. Brigham City, 856 P.2d 347 | 145+11.2(3) | Fixing rates for electric power supplied by municipally owned utility is a legislative act. | Is fixing rates for electric power supplied by municipally owned utility a legislative act? | Electricity - Memo 50 - RK.docx | ROSS-003295568-ROSS-003295569 |
| Moche v. Leno, 227 N.C. 159 | 315+116 | A lease, as distinguished from sale, of real estate, is treated as "chattel real", falling within classification of personal property, except as modified by statute. | Is a lease a chattel real falling within the classification of personal property? | 002749.docx | LEGALEASE-00120238-LEGALEASE-00120239 |
| Lanuza v. Love, 134 F. Supp. 3d 1290 | 249+30 | Under Washington law, prosecution of an action undertaken for improper or wrongful motives or in reckless disregard for the rights of the plaintiff satisfies the malice element of a malicious prosecution claim. | Can an improper motive in initiating legal proceedings show the malice required to prove malicious prosecution? | 002760.docx | LEGALEASE-00120254-LEGALEASE-00120255 |
| Brodsky v. U.S. Nuclear Regulatory Comm'n, 578 F.3d 175 | 145+8.7(2) | Nuclear Regulatory Commission (NRC) order exempting nuclear power plant operator from certain fire safety regulations was exemption outside of Court of Appeals' Hobbs Act jurisdiction, rather than an amendment to operator's license within Court's jurisdiction; although NRC could have alternatively treated the order as an amendment to the operator's license, it applied its regulations reasonably in opting instead to grant an exemption. Atomic Energy Act of 1954, S 189(a), 42 U.S.C.A. S 2239(a); 10 C.F.R. S 50.12. | Is the Nuclear Regulatory Commission order exempting nuclear plant operator from fire safety regulations reviewable under the Hobbs Act? | Electricity - Memo 38 - JS.docx | LEGALEASE-00009023-LEGALEASE-00009025 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Madison v. Frazier, 539 F.3d 646 | 237+22 | The so-called "innocent construction rule" in Illinois requires a court to consider an allegedly defamatory statement in context and give the words of the statement, and any implications arising from them, their natural and obvious meaning. | What is the innocent construction rule? | Libel and Slander - Memo 129 - JS.docx | ROSS-003325013-ROSS-003325015 |
| Kizer v. Burk, 439 So. 2d 1051 | 233+531 | A lease is a synallagmatic contract whereby the owner of the thing leased grants to the lessee the enjoyment of the thing for a certain time; it does not give the lessee the power to alienate all or part of the leased thing. LSA-C.C. arts. 2669, 2674, 2719. | Can a lease be a synallagmatic contract? | 003286.docx | LEGALEASE-00120222-LEGALEASE-00120223 |
| Reading v. Gazzam, 200 Pa. 70 | 253+1102 | The gist of the action is not the loss of assistance but the loss of consortium of the spouse. Hence, to entice away or corrupt the mind of one's consort is a civil wrong for which the offender is liable to the injured wife. | Can a person be liable for a civil wrong if he entices or corrupts the mind of one's consort? | 003680.docx | LEGALEASE-00120288-LEGALEASE-00120291 |
| Lyle v. Waddle, 144 Tex. 90 | 386+1 | An unlawful act committed with violence, actual or implied, causing injury to the person, property, or relative rights of another, constitutes a "trespass." | Can any unlawful act with violence against the person of another be categorized as a trespass? | 003687.docx | LEGALEASE-00120299-LEGALEASE-00120300 |
| State v. Besson, 110 N.J. Super. 528 | 386+1 | "Trespass" is an unlawful act committed with violence, actual or implied, causing injury to the person, property, or relative rights of another. | Can any unlawful act with violence against the person of another be categorized as a trespass? | Trespass - Memo 96 - RK.docx | LEGALEASE-00009149-LEGALEASE-00009150 |
| Merchants' & Miners' Transp. Co. v. Robinson-Baxter-Dissosway Towing & Transp. Co., 191 F. 769 | 366+1 | The doctrine of subrogation is one of equity and not of the common law, and, in its application, no attention should be paid to technicalities which are not of an insuperable character, but the broad equities should always be sought out as far as possible. | Should courts pay attention to technicalities which are not of an insuperable character in deciding whether to apply the doctrine of equitable subrogation? | 002562.docx | LEGALEASE-00120045-LEGALEASE-00120046 |
| 767 Third Ave. Assocs. v. Permanent Mission of Republic of Zaire to United Nations, 988 F.2d 295 | 221+179 | Vienna Convention on Diplomatic Relations provides for inviolability of United Nations mission premises, archives documents, and official correspondence. | Does the Vienna Convention on Diplomatic Relations provide for the inviolability of mission premises? | Ambassadors and Consuls - Memo 11 - RK.docx | ROSS-003282339-ROSS-003282341 |
| People v. Zajaczkowski, 293 Mich. App. 370 | 207+12.1 | While the civil presumption of legitimacy cannot be used in a criminal case to conclusively establish a "blood" relationship, in the absence of a determinative DNA test, the prosecution may use evidence that a person was born during a marriage as evidence that the defendant is related to the victim by blood to the fourth degree, as would support conviction for first-degree criminal sexual conduct. M.C.L.A. S 750.520b(1)(b)(ii). | Can a civil presumption of legitimacy be used to conclusively establish a blood relationship? | 003211.docx | LEGALEASE-00120570-LEGALEASE-00120571 |
| Piccone v. Bartels, 40 F. Supp. 3d 198 | 92+2161 | Under the First Amendment, short of imposing liability without fault, states may define appropriate standards regarding defamation of private individuals, but, on the other hand, public officials and public figures may only recover if they can prove that the publication that harmed them contained a false statement of fact that was made with actual malice; "actual malice," in this context, means knowledge of or reckless disregard for the falsity of the statement. U.S.C.A. Const.Amend. 1. | Can the states impose liability without fault under the law of defamation? | 003307.docx | LEGALEASE-00120592-LEGALEASE-00120593 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schmidt v. Cal-Dive International, 240 F.Supp.3d 532 | 237+32 | Under Louisiana law, when the words at issue are not defamatory per se, plaintiff must prove, in addition to defamatory meaning and publication, falsity, malice or fault, and injury. | What does the plaintiff need to prove when the words at issue are not defamatory per se? | Libel and Slander - Memo 150 - RK.docx | ROSS-003310971-ROSS-003310973 |
| Schleicher v. Walker, 28 Fla. 680 | 289+928 | Where one partner transfers his entire interest in the partnership concerns to his copartner, so as to vest in the latter the partnership assets as his sole property, a dissolution of the partnership results. | Does a transfer of partnership assets from one partner to another dissolve the partnership? | 003443.docx | LEGALEASE-00120652-LEGALEASE-00120653 |
| Hempstead Cty. Hunting Club v. Arkansas Pub. Serv. Comm'n, 2010 Ark. 221 | 317A+102 | Utility regulation does not arise from the common law but rather is a creature of statute; as such, the statutes must be strictly construed, and nothing may be taken that is not clearly expressed. | Should utility regulations be strictly construed? | 003495.docx | LEGALEASE-00120321-LEGALEASE-00120322 |
| Adams v. N. Illinois Gas Co., 211 Ill. 2d 32 | 317A+102 | The Public Utilities Act is in derogation of the common law; accordingly, the Act is to be strictly construed in favor of persons sought to be subjected to its operation, and thus, the statute is to be strictly construed in favor of the utility company. S.H.A. 220 ILCS 5/9-102. | Is the Public Utilities Act in derogation of the common law? | 003499.docx | LEGALEASE-00120330-LEGALEASE-00120331 |
| Town of Sterlington v. Greater Ouachita Water Applicant Co., 149 So. 3d 952 | 317A+181 | Fact that a party to an action qualifies as a public utility does not automatically divest a court of original jurisdiction; however, that fact renders state constitutional article, providing that Public Service Commission shall regulate all common carriers and public utilities and have such other regulatory authority as provided by law, arguably applicable. LSA-Const. Art. 4, S 21(B). | Can the Public Service Commission (PSC) regulate all common carriers and public utilities? | 003508.docx | LEGALEASE-00120361-LEGALEASE-00120362 |
| Wilhite v. Schendle, 92 F.3d 372 | 366+1 | Under Louisiana law, "conventional subrogation" occurs when obligee receives performance from third person and in express terms subrogates that person to rights of obligee, even without obligor's consent; "legal subrogation" takes place by operation of law in favor of obligor who pays debt he owes with others and who has recourse against those others as result of the payment. LSA-C.C. arts. 1825, 1827, 1829. | When does subrogation take place by operation of law? | Subrogation - Memo 70 - VP C.docx | ROSS-003285741-ROSS-003285742 |
| Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765 | 366+1 | "Equitable subrogation," i.e., "legal subrogation" does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | How is a contractual subrogation created? | Subrogation - Memo 82 - RM C.docx | ROSS-003285503-ROSS-003285504 |
| Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765 | 366+1 | "Equitable subrogation," i.e., "legal subrogation" does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | How is a contractual subrogation created? | Subrogation - Memo 82 - RM C.docx | LEGALEASE-00010312-LEGALEASE-00010313 |
| Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765 | 366+1 | "Equitable subrogation," i.e., "legal subrogation" does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | How is a contractual subrogation created? | 14763.docx | LEGALEASE-00082000-LEGALEASE-00082002 |
| Se. Arkansas Hospice v. Sebelius, 1 F. Supp. 3d 915 | 148+2.2 | Government price regulation does not constitute a taking of property under the Takings Clause where the regulated group is not required to participate in the regulated industry. U.S.C.A. Const.Amend. 5. | Does the government price regulation constitute a taking of property where the regulated group is not required to participate in the regulated industry? | 003103.docx | LEGALEASE-00120691-LEGALEASE-00120692 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Native Am. Arts v. Mangalick Enterprises, 633 F. Supp. 2d 591 | 92+3704 | Indian Arts and Crafts Act, which, inter alia, imposed penalties for selling Indian-style goods in a manner that falsely suggested that the goods were Indian made, was rationally related, under equal protection principles, to a legitimate government interest in protecting Indian artists from unfair competition from counterfeiters and to protect consumers from unknowingly purchasing imitation products. U.S.C.A. Const.Amend. 5; Indian Arts and Crafts Enforcement Act of 2000, 25 U.S.C.A. S 305e et seq. | What is the purpose of Indian Arts and Crafts Act (IACA)? | 003224.docx | LEGALEASE-00120719-LEGALEASE-00120720 |
| John P. Harris, M.D. v. Parmley, 480 So.2d 500 | 289+421 | Three elements necessary for formation of partnership under LSA-C.C. art. 2801 are mutual consent, participation in profits and/or losses, and proprietary interest in community of property. | Is proprietary interest in the business a necessary element in partnership? | Partnership - Memo 111 - RK.docx | ROSS-003297270-ROSS-003297271 |
| Aaron v. Dausch, 313 Ill. App. 524 | 302+8(3) | Generally, a mere averment that an act was done with a certain purpose or intent, without a statement of the facts showing such purpose or intent, is a "conclusion of law". | "Are statements of purpose or intent without factsshowing such purpose or intent, conclusions of law?" | 003460.docx | LEGALEASE-00120865-LEGALEASE-00120866 |
| Rawson v. City of Omaha, 212 Neb. 159 | 366+22 | Doctrine of equitable subrogation applies where a party is compelled to pay the debt of a third person to protect his own rights or interest or to save his own property. | Is equitable subrogation available when one person pays debt for which another is primarily liable? | Subrogation - Memo 113 - VP C.docx | ROSS-003330170-ROSS-003330172 |
| Norkin v. U. S. Fire Ins. Co., 237 Cal. App. 2d 435 | 302+8(15) | Fraud must be pleaded in specific language descriptive of the acts relied upon to constitute fraud, and it is not sufficient to allege fraud in general terms or terms amounting to mere conclusions. | Should fraud be specifically pleaded? | 003468.docx | LEGALEASE-00120929-LEGALEASE-00120930 |
| Replay v. Sec'y of Treasury of Puerto Rico, 778 F. Supp. 2d 207 | 92+3936 | Fifth Amendment applies to actions of the federal government, not those of private individuals, or of state, local or municipal governments. U.S.C.A. Const.Amend. 5. | "Does the Fifth Amendment apply to private individuals, or of state, local or municipal governments?" | 017354.docx | LEGALEASE-00120905-LEGALEASE-00120906 |
| Zarmach Oil Servs. v. U.S. Dep't of the Treasury, 750 F. Supp. 2d 150 | 148+2.2 | The blocking of assets pursuant to an executive order is not a taking within the meaning of the Fifth Amendment. U.S.C.A. Const.Amend. 5. | Is blocking of assets pursuant to an executive order a taking within the meaning of the Fifth Amendment? | 017356.docx | LEGALEASE-00120915-LEGALEASE-00120916 |
| In re Honolulu Rapid Transit Co., Ltd., 54 Haw. 402 | 70+16 | Burden was on transportation company, a public utility, to show that leases of air space above two of its parcels would not so encumber parcels as to interfere, at least in some significant manner, with performance of utility's duties to the public, in order to obtain Public Utilities Commission's approval of the leases. HRS S 269-19. | Is the purpose of transport statutes such as the HRS 269-19 to safeguard the public interest? | 042557.docx | LEGALEASE-00120919-LEGALEASE-00120920 |
| Duran v. Texas Dep't of Protective & Regulatory Servs., 281 S.W.3d 9 | 30+775 | Courts liberally construe the rules of appellate procedure to protect a party's right to appeal. | Do Courts liberally construe the rules of appellate procedure to protect a party's right to appeal? | 008276.docx | LEGALEASE-00121544-LEGALEASE-00121545 |
| Monclava v. Arnett, 145 N.Y.S.2d 759 | 358+79 | One exception to general rule that courts will not specifically enforce contract to enter into partnership is where membership in the partnership will vest property right in the one seeking enforcement. | Do courts specifically enforce a contract to form a partnership? | 021846.docx | LEGALEASE-00121088-LEGALEASE-00121089 |
| Huber v. Rohrig, 280 Neb. 868 | 307A+3 | A motion in limine is but a procedural step to prevent prejudicial evidence from reaching the jury; it is not the purpose of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence. | Is a motion in limine a procedural step to prevent prejudicial evidence from reaching the jury? | Pretrial Procedure - Memo # 27 - C - KI.docx | LEGALEASE-00011058-LEGALEASE-00011059 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Klapp v. Dayton Power & Light Co., 10 Ohio St. 2d 14 | 317A+114 | Miller Act which requires public utility or political subdivision, in termination, withdrawal or abandonment of public utility services, to make application to Public Utilities Commission for authority to do so has purpose of placing disputes between municipalities and public utilities before the Public Utilities Commission as agency best adapted to resolve them initially. R.C. SS 4905.20, 4905.21. | Should a dispute concerning public interest be brought initially before a Public Utilities Commission under the Miller Act? | 042583.docx | LEGALEASE-00121055-LEGALEASE-00121056 |
| Acuity v. McGhee Eng'g, 297 S.W.3d 718 | 366+1 | Equitable subrogation will not be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal and equitable rights of others. | "Will equitable subrogation be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others?" | 043638.docx | LEGALEASE-00121034-LEGALEASE-00121036 |
| Kinetic Co. v. Medtronic, 672 F. Supp. 2d 933 | 366+1 | Under Minnesota law, equitable subrogation arises from the common law; it aims to place the charge where it ought to rest, by compelling the payment of the debt by him who ought in equity to pay it. | Does equitable subrogation arise from the common law or a common law concept? | 043646.docx | LEGALEASE-00121076-LEGALEASE-00121077 |
| Casstevens v. Smith, 269 S.W.3d 222 | 366+1 | The doctrine of equitable subrogation exists to prevent the unjust enrichment of the debtor who owed the debt being paid. | Does the doctrine of equitable subrogation exist to prevent the unjust enrichment of the debtor who owed the debt being paid? | Subrogation - Memo # 448 - C - NO.docx | ROSS-003297099-ROSS-003297100 |
| Hill v. Cross Country Settlements, 402 Md. 281 | 366+1 | Although there is substantial overlap between the legal theories of unjust enrichment and subrogation, the remedy of subrogation requires an underlying and independent legal basis. | Is there substantial overlap between the legal theories of unjust enrichment and subrogation? | Subrogation - Memo # 477 - C - SA.docx | ROSS-003310852-ROSS-003310853 |
| JPMorgan Chase Bank v. Howell, 883 N.E.2d 106 | 366+1 | The application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case. | Does the application of the doctrine of equitable subrogation depend on the equities and attending facts and circumstances of each case? | 043730.docx | LEGALEASE-00121463-LEGALEASE-00121464 |
| Petta v. ABC Ins. Co., 2005 WI 18 | 366+1 | The purpose of subrogation is to prevent an injured party from being unjustly enriched by obtaining double payment. | Is the purpose of subrogation to prevent an injured party from being unjustly enriched by obtaining double payment? | Subrogation - Memo # 606 - C - SA.docx | ROSS-003287171-ROSS-003287172 |
| Ohio Cas. Ins. Co. v. Harbor Ins. Co., 259 Cal. App. 2d 207 | 217+2923 | Although a coinsurer may be required to share in the costs of defense, the doctrine of equitable subrogation on which such obligation is based does not apply unless both insurers cover the same risk. | When does equitable subrogation not apply? | Subrogation - Memo # 618 - C - SU.docx | ROSS-003323540-ROSS-003323541 |
| Kenney v. United States, 458 F.3d 1025 | 366+1 | Equitable subrogation is not a fixed and inflexible rule of California law, and its development is the natural consequence of a call for the application of justice and equity to particular situations. | Is equitable subrogation a fixed and inflexible rule of law? | Subrogation - Memo # 656 - C - SA.docx | ROSS-003315318-ROSS-003315319 |
| Cont'l Cas. Co. v. Ryan Inc. E., 974 | 366+7(1) | A surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed. | "Under the doctrine of ""equitable subrogation,"" is a surety who pays the debt of another entitled to all the rights of the person he paid to enforce his right to be reimbursed?" | Subrogation - Memo # 659 - C - NO.docx | ROSS-003287201-ROSS-003287202 |
| Progressive Elec. Servs. v. Task Force Const., 327 Ga. App. 608 | 309+185 | Statute subrogating surety who has paid debt of his principal to rights of the creditor does not impose obligation on principal to indemnify surety for amounts paid creditor. West's Ga.Code Ann. S 10-7-56. | Does a statute subrogating a surety who has paid the debt of his principal to the rights of the creditor impose obligation on principal to indemnify the surety for amounts paid to the creditor? | 044041.docx | LEGALEASE-00121671-LEGALEASE-00121672 |
| In re Doctors Hosp. of Hyde Park, 474 F.3d 421 | 366+7(1) | When a guarantor pays a debt, he is subrogated to the rights of a creditor against the corporation on whose behalf he paid the debt. | "When a guarantor pays a debt, is he subrogated to the rights of a creditor against the corporation on whose behalf he paid the debt?" | Subrogation - Memo # 719 - C - NO.docx | ROSS-003300924-ROSS-003300926 |
| Dimeo v. Gesik, 195 Or. App. 362 | 366+1 | Because the doctrine of equitable subrogation is founded on principles of equity and benevolence, it necessarily is a flexible concept. | "Because the doctrine of equitable subrogation is founded on principles of equity and benevolence, is it necessarily a flexible concept?" | Subrogation - Memo # 885 - ES.docx | ROSS-003297548-ROSS-003297549 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Vertis Holdings, 536 B.R. 589 | 386+6 | Generally, under New Jersey law, a cognizable claim for trespass exists when personal property, in the actual use of the owner, is injured or taken by a trespasser, so that the owner is deprived of the use of it. | At what instance can a cognizable claim for trespass exist? | Trespass - Memo 127 - AKA.docx | ROSS-003314336-ROSS-003314337 |
| In re Mintze, 434 F.3d 222 | 25T+121 | Congressional intent to preclude waiver of judicial remedies for particular statutory rights, as required for the Federal Arbitration Act (FAA) not to compel courts to enforce an otherwise applicable arbitration agreement, may be discerned in one of three ways: (1) the statute's text, (2) the statute's legislative history, or (3) an inherent conflict between arbitration and the statute's underlying purposes. 9 U.S.C.A. S 1 et seq. | How do courts determine whether there was congressional intent to create an exception to the FAAs mandate with respect to a party's statutory claims? | 007076.docx | LEGALEASE-00122420-LEGALEASE-00122421 |
| Baker v. Goldsmith, 582 S.W.2d 404 | 228+335(1) | A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial. Rules of Civil Procedure, rule 329b, subd. 5. | What is bill of review? | Appeal And Error - Memo 25 - BP.docx | ROSS-003310496-ROSS-003310497 |
| Almota Farmers Elevator & Warehouse Co. v. United States, 409 U.S. 470 | 148+122 | "Just compensation," within meaning of constitutional provision that private property shall not be taken for public use without just compensation, means the full monetary equivalent of the property taken; the owner is to be put in the same position monetarily as he would have occupied if his property had not been taken. U.S.C.A.Const. Amend. 5. | Does the full monetary equivalent of the taken property constitute just compensation? | Eminent Domain - Memo 191 - GP.docx | ROSS-003298921-ROSS-003298922 |
| Mounts v. Evansville Redevelopment Comm'n, 831 N.E.2d 784 | 148+2.2 | The process of declaring an area blighted and adding property to an acquisition list does not result in the taking of property; rather, only after proceeding with these preliminary steps may a redevelopment commission begin the process of actually acquiring property by eminent domain. | Does the process of declaring an area blighted and adding property to the acquisition list result in the taking of property? | Eminent Domain - Memo 195 - GP.docx | ROSS-003283338-ROSS-003283339 |
| State v. Knight, 140 Ohio App. 3d 797 | 2.31E+18 | Kidnapping is a specific intent crime, and the State had to prove that defendant unlawfully restrained, confined, or removed victim for one of the specified purposes outlined in the statute. West's N.C.G.S.A. S 14-39(a)(2). | Is kidnapping a specific intent crime? | 021004.docx | LEGALEASE-00121844-LEGALEASE-00121846 |
| Am. Italian Pasta Co. v. New World Pasta Co., 371 F.3d 387 | 29T+22 | "Puffery," nonactionable as false advertising under Lanham Act, consists of exaggerated statements of bluster or boast upon which no reasonable consumer would rely, or vague or highly subjective claims of product superiority, including bald assertions of superiority. Lanham Trade-Mark Act, S 43(a), 15 U.S.C.A. S 1125(a). | What is puffery? | 021064.docx | LEGALEASE-00122221-LEGALEASE-00122222 |
| Warberg Opportunistic Trading Fund L.P. v. GeoResources, 151 A.D.3d 465 | 278+10 | A novation will not discharge obligations created under a prior agreement unless it was so intended; this question may be determined from the writings and conduct of the parties or, in certain cases, from the documents exclusively. | "Is novation unlikely to be found upon the mere issuance of a new security, without any affirmative indication that the parties were changing the terms underlying the warrant being transferred?" | 021766.docx | LEGALEASE-00122391-LEGALEASE-00122392 |
| In re Decker, 10 B.R. 440 | 289+561 | A partner's right in specific partnership property cannot be assigned by the partner, nor is it subject to attachment or execution without the consent of all the partners, and the consent of all the partners, express or implied, is the source and limit of a partner's right to deal with partnership property for whatever purpose. Code Va.1950, S 50-25(2)(a-c). | Is a partners right in specific partnership property subject to attachment or execution? | 021815.docx | LEGALEASE-00122473-LEGALEASE-00122474 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. L.M., 57 So. 3d 518 | 307A+3 | A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court. | Does a motion in limine present an evidentiary matter that is subject to the great discretion of the trial court? | 024033.docx | LEGALEASE-00121952-LEGALEASE-00121953 |
| State v. Lewis, 224 N.C. 774 | 110+1147 | An abuse of discretion occurs when a trial court applies an incorrect legal standard or reaches a conclusion that is illogical or unreasonable and causes an injustice to the party complaining. | "Although rulings on motions in limine are within the discretion of the trial court, are discretionary choices left to a court's inclination?" | 024232.docx | LEGALEASE-00121856-LEGALEASE-00121857 |
| Gunter v. Murphy's Lounge, 141 Idaho 16 | 307A+3 | The trial court may deny the motion in limine and wait until trial to determine if the evidence should be admitted or excluded. | Can the trial court deny the motion in limine and wait until trial to determine if the evidence should be admitted or excluded? | 027558.docx | LEGALEASE-00122321-LEGALEASE-00122323 |
| Guski v. Raja, 409 Ill. App. 3d 686 | 307A+3 | When trial court makes its evidentiary rulings before trial pursuant to the parties' motions in limine, the rulings are interlocutory and remain subject to reconsideration by the court throughout the trial. | Are rulings on motions in limine considered interlocutory in nature subject to reconsideration at trial? | 028064.docx | LEGALEASE-00122094-LEGALEASE-00122095 |
| Citibank, N.A. v. McGladrey & Pullen, LLP, 2011 IL App (1st) 102427 | 307A+3 | Evidentiary motions, such as motions in limine, are within the trial court's discretion and are reviewed under an abuse of discretion standard; the trial court abuses its discretion when the ruling is arbitrary or unreasonable or no reasonable person would agree with the position taken by the court. | "Are evidentiary motions, such as motions in limine, within the trial court's discretion and are reviewed under an abuse of discretion standard?" | Pretrial Procedure - Memo # 266 - C - MLS.docx | ROSS-003285212-ROSS-003285213 |
| Babikian v. Mruz, 2011 IL App (1st) 102579 | 30+242(4) | Rulings on motions in limine are interlocutory and remain subject to reconsideration by the court throughout the trial, and, consequently, an adverse ruling on pretrial motion to exclude evidence is not sufficient to preserve the issue for appeal. | Are rulings on motions in limine interlocutory and therefore remain subject to reconsideration by the court throughout the trial? | Pretrial Procedure - Memo # 439 - C - TJ.docx | ROSS-003302472-ROSS-003302474 |
| Romanek-Golub & Co. v. Anvan Hotel Corp., 168 Ill. App. 3d 1031 | 307A+3 | Motion in limine, like any other interlocutory order, remains subject to reconsideration by court throughout trial. | Are rulings on motions in limine interlocutory and therefore remain subject to reconsideration by the court throughout the trial? | 030850.docx | LEGALEASE-00122178-LEGALEASE-00122180 |
| Rush v. Wallace, 23 Ark. App. 61 | 307A+16 | Goal of all discovery is to permit litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing onerous burden on his adversary; furthermore, trial court has duty in lengthy and complex cases where possibility of abuse is present to protect parties and witnesses from annoyance, excessive expense, and harassment. | What is the goal of discovery? | Pretrial Procedure - Memo # 472 - C - SB.docx | ROSS-003288558-ROSS-003288559 |
| Halpin v. Frankenberger, 231 Kan. 344 | 366+7(1) | Surety or guarantor, on paying debt of principal, is entitled to be subrogated to rights of creditor in all or any of securities, means or remedies which creditor has for enforcing payment against principal debtor or against other sureties or guarantors. | Is a surety who pays a creditor of the principal subrogated to all of the rights that creditor has to collect the debt from the principal? | 044148.docx | LEGALEASE-00121799-LEGALEASE-00121800 |
| White v. Household Fin. Corp., 158 Ind. App. 394 | 366+7(1) | Accommodation makers are entitled to right of subrogation to any rights in collateral that creditor obtains from principal debtor. IC 1971, 26-1-3-606, Burns' Ind.St.Ann. S 19-3-606. | Are accommodation makers entitled to a right of subrogation to any rights in collateral that a creditor obtains from a principal debtor? | Subrogation - Memo # 904 - C - VA.docx | ROSS-003316066-ROSS-003316067 |
| In re QC Piping Installations, 225 B.R. 553 | 366+7(1) | Under New York law, surety that satisfies its obligations under payment or performance bond is subrogated to rights of party that he paid. | Is a surety that satisfies its obligations under payment or performance bond subrogated to rights of party that he paid? | Subrogation - Memo # 916 - C - CAR.docx | ROSS-003325212-ROSS-003325213 |
| Matter of Estates of Hibbard, 118 Wash. 2d 737 | 241+95(1) | "Discovery rule," which states that cause of action accrues at time plaintiff knew or should have known of all essential elements of cause of action, applies in certain torts where injured parties do not or cannot know that they have been injured. | Does a cause of action accrue at the time the act or omission occurs? | 05178.docx | LEGALEASE-00084917-LEGALEASE-00084918 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fetzer v. Wood, 211 Ill. App. 3d 70 | 13+61 | Discovery rule does not actually provide for new accrual rules and, instead, tolls the running of the statute of limitations until plaintiff's discovery of an existing cause of action. | Does discovery rule provide for new accrual rules? | Action - Memo # 146 - C - CS.docx | ROSS-003284684-ROSS-003284685 |
| Dunlap v. Travelers Ins. Co., 223 S.C. 150 | 13+61 | In actions brought for payment of installments required by contract, as each installment becomes due, a new cause of action arises. | Does a new cause of action arise as each contractual installment becomes due in actions brought for payment of installments? | Action - Memo # 160 - C - CS.docx | ROSS-003281739-ROSS-003281740 |
| Bonita Oil Co. v. Wrather, 461 S.W.2d 451 | 13+61 | "Accrual" of a cause of action means the right to initiate and maintain a suit, and whenever one person may sue another the cause of action has accrued. | "Does ""Accrual"" mean the right to initiate and maintain a suit?" | Action - Memo # 176 - C - CS.docx | ROSS-003299522-ROSS-003299524 |
| Matter of Swift, 129 F.3d 792 | 13+61 | Under Texas law, accrual of cause of action means right to institute and maintain suit, and whenever one person may sue another, cause of action has accrued. | "Does ""Accrual"" mean the right to initiate and maintain a suit?" | Action - Memo # 176 - C - CS.docx | LEGALEASE-00012607-LEGALEASE-00012609 |
| Last Chance Ranch Co. v. Erickson, 82 Utah 475 | 241+43 | Cause or right of action arises the moment action may be maintained to enforce it, and statute of limitations is then set in motion. Comp.Laws 1917, SS 6445, 6467, 6474. | Does a cause or right of action arise the moment action may be maintained to enforce it? | Action - Memo # 181 - C - CS.docx | ROSS-003298617-ROSS-003298619 |
| Matter of Swift, 129 F.3d 792 | 241+95(1) | Under Texas law, discovery is relevant to determination of when statute of limitations begins to run, but it is not element necessary for cause of action to accrue for purposes beyond statute of limitations. | Is discovery of an injury relevant to the determination of when a cause of action accrues? | Action - Memo # 26 - C - LK.docx | ROSS-003300569-ROSS-003300570 |
| In re Cantu, 784 F.3d 253 | 13+61 | Cause of action accrues when there is a right to institute and maintain suit; whenever one person may sue another, a cause of action has accrued. | Does a cause of action accrue only when one has the right to institute a suit? | Action - Memo # 42 - C - LK.docx | ROSS-003287526-ROSS-003287527 |
| Williams v. Stewart, 137 N.M. 420 | 241+95(1) | The discovery rule provides that the cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that a claim exists. | Does a cause of action arise when the plaintiff discovers or with reasonable diligence should have discovered that a claim exists? | Action - Memo # 44 - C - LK.docx | ROSS-003284689-ROSS-003284690 |
| E.E.O.C. v. Woodmen of World Life Ins. Soc., 479 F.3d 561 | 25T+121 | Arbitration agreements encompassing federal statutory claims are enforceable as long as the potential litigant can effectively vindicate her statutory rights through arbitration. | Are arbitration agreements encompassing federal statutory claims enforceable? | Alternative Dispute Resolution - Memo 401 - RK.docx | ROSS-003302936-ROSS-003302937 |
| Harrington v. Upchurch, 331 So. 2d 506 | 113+1 | In absence of statute, "custom" is a rule of action having force of law resulting from a long series of actions constantly repeated which, by uninterrupted acquiescence, acquires its force by common consent. | "In absence of a statute, what is custom defined as?" | 014264.docx | LEGALEASE-00123909-LEGALEASE-00123910 |
| Fry v. Guillote, 577 S.W.2d 346 | 113+12(1) | To establish custom and usage that would be included in contract without being expressed therein, it is necessary to show that it is a custom generally known to parties or that parties contracted with reference thereto. | "In order to establish custom and usage, what is necessary?" | 014268.docx | LEGALEASE-00123921-LEGALEASE-00123922 |
| Osman v. Osman, 285 Va. 384 | 203+530 | To be found guilty of murder, a person must have acted maliciously; in other words, he must possess the necessary mens rea. West's V.C.A. S 18.2-32. | Should a person possess necessary mens rea to be found guilty of murder? | 019347.docx | LEGALEASE-00123474-LEGALEASE-00123475 |
| Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 61 F. Supp. 3d 372 | 221+342 | Act of state doctrine does not prevent examination of validity of foreign state's act with respect to thing located, or interest localized, outside of its territory. | "Does the act of state doctrine prevent examination of validity of foreign state's act with respect to thing located, or interest localized, outside of its territory?" | International Law - Memo # 138 - C - SA.docx | LEGALEASE-00013064-LEGALEASE-00013065 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Louisiana, 470 U.S. 93 | 405+2652 | An "historic bay" is a bay over which a coastal nation has traditionally asserted and maintained dominion with acquiescence of foreign nations. | Are historic bay bays over which a coastal nation has traditionally asserted and maintained dominion with the acquiescence of foreign nations? | International Law - Memo # 148 - C - CAR.docx | ROSS-003312135-ROSS-003312136 |
| Mathews v. Halford, 374 F. Supp. 1003 | 221+138 | When ship enters territorial limits of another country, she subjects herself to jurisdiction of the foreign sovereign. | "When a ship enters territorial limits of another country, does she subject herself to jurisdiction of the foreign sovereign?" | International Law - Memo # 152 - C - CAR.docx | ROSS-003324653-ROSS-003324654 |
| United States v. Smith, 680 F.2d 255 | 221+134 | Under international law a state does not have jurisdiction to enforce a rule of law enacted by it unless it has jurisdiction to prescribe conduct in question. | "Under international law, does a state have jurisdiction to enforce rule of law prescribed by it if it has jurisdiction to prescribe conduct in question?" | International Law - Memo # 176 - C - PHS.docx | ROSS-003309582-ROSS-003309584 |
| Gov't of Dominican Republic v. AES Corp., 466 F. Supp. 2d 680 | 221+342 | Act of state doctrine, which precludes judicial review of the acts of a foreign government, applies when: (1) the act undertaken by the foreign state is public, and (2) the foreign state completes the act within the its territory. | "Does the act of state doctrine apply when the act undertaken by the foreign state is public, and the foreign state completes the act within its territory?" | International Law - Memo # 220 - C - MLS.docx | ROSS-003289657-ROSS-003289658 |
| Guar. Tr. Co. of New York v. United States, 304 U.S. 126 | 221+134 | The rights of a sovereign state are vested in the state rather than in any particular government which may purport to represent the state. | "Are the rights of a sovereign state vested in the state, rather than in any particular government which may purport to represent the state?" | 020083.docx | LEGALEASE-00123345-LEGALEASE-00123346 |
| Employers Mut. Cas. Co. v. Samuels, 407 S.W.2d 839 | 221+136 | High sea does not form part of the territory of any nation, and no nation can have over it any right of ownership, sovereignty or jurisdiction. | "Does the high sea form part of the territory of any nation and can any nation have any right of ownership, sovereignty or jurisdiction over it?" | 020105.docx | LEGALEASE-00123151-LEGALEASE-00123152 |
| Bolmer v. Edsall, 90 N.J. Eq. 299 | 221+137 | The rivers, havens, bays, and other arms of the sea extending into a state or country are within the jurisdiction of such state or country. | "Are the rivers, havens, bays, and other arms of the sea extending into a state or country within the jurisdiction of such state or country?" | International Law - Memo # 441 - C - MLS.docx | ROSS-003296052-ROSS-003296053 |
| Canada S. Ry. Co. v. Gebhard, 109 U.S. 527 | 221+146 | As to all matters within its authority, the Parliament of the Dominion of Canada has plenary legislative powers as large and of the same nature as those of the imperial parliament. | "Does a state, as to all matters within its authority, have plenary legislative powers as large and of the same nature as those of the imperial parliament?" | 020380.docx | LEGALEASE-00123739-LEGALEASE-00123740 |
| Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 61 F. Supp. 3d 372 | 221+342 | Act of state doctrine does not prevent examination of validity of foreign state's act with respect to thing located, or interest localized, outside of its territory. | Will the considerations underlying the act of state doctrine still be present when acts of foreign states affect property outside of its territory? | 020785.docx | LEGALEASE-00123661-LEGALEASE-00123663 |
| Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909 | 106+512 | International comity does not impose unremitting obligation upon any nation to enforce foreign interests fundamentally prejudicial to those of the domestic forum, and case law on subject is extensive and recognizes current validity of this exception to comity. | A nation is not under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum? | 020822.docx | LEGALEASE-00124073-LEGALEASE-00124074 |
| Miller v. United States, 921 F. Supp. 494 | 221+342 | Act-of-state doctrine precludes United States courts from reviewing acts of foreign sovereigns. | Does the act-of-state doctrine preclude United States courts from reviewing acts of foreign sovereigns? | 020855.docx | LEGALEASE-00124175-LEGALEASE-00124177 |
| Ellison v. Parts Distributors, 302 S.C. 299 | 388+250 | Jury instructions should be confined to issues raised by pleadings and supported by evidence and, where issue is implicitly suggested by pleadings and supported by evidence, trial judge is obligated to instruct jury concerning it. | Should jury instructions be confined to the issues raised by the pleadings? | 022961.docx | LEGALEASE-00123506-LEGALEASE-00123507 |
| Homebuilders Ass'n of Georgia v. Morris, 238 Ga. App. 194 | 30+3366 | The admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. | Is admission or exclusion of evidence within the sound discretion of the trial court and how should the court exercise its power while granting of a motion in limine excluding evidence? | Pretrial Procedure - Memo # 111 - C - ANC (1).docx | LEGALEASE-00013567-LEGALEASE-00013568 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brandy Hills Estates v. Reeves, 237 S.W.3d 307 | 307A+3 | The nature of a motion in limine is a temporary, non-steadfast, interim ruling that is subject to modification before or during the trial. | "Is the nature of a motion in limine a temporary, non-steadfast, interim ruling that is subject to modification before or during the trial?" | Pretrial Procedure - Memo  # 199 - C - CRB.docx | ROSS-003284744-ROSS-003284745 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A motion in limine is not the proper vehicle by which to attempt to preclude a claim or defense; it is not equivalent to, or a substitute for, a motion to dismiss or a motion for summary judgment. | Is a motion in limine an equivalent to or a substitute for a motion to dismiss or a motion for summary judgment? | 05220.docx | LEGALEASE-00084912-LEGALEASE-00084914 |
| Headley v. Williams, 162 N.C. App. 300 | 307A+3 | A trial court's ruling on a motion in limine is not final, but rather interlocutory and subject to modification. | Is a trial court's ruling on a motion in limine final or rather interlocutory and subject to modification? | PreTrial Procedure - Memo - 74 - C - SK.docx | ROSS-003298857-ROSS-003298859 |
| Bartlett Milling Co. v. Walnut Grove Auction & Realty Co., 192 N.C. App. 74 | 307A+3 | A motion in limine is interlocutory, and by its nature subject to being revisited by the trial court, as circumstances warrant. | "Is a motion in limine interlocutory, and by its nature subject to being revisited by the trial court, as circumstances warrant?" | 029263.docx | LEGALEASE-00123103-LEGALEASE-00123105 |
| Columbia Mut. Ins. Co. v. Long, 258 S.W.3d 469 | 30+4179 | Grant of a motion in limine is an interlocutory order and therefore not a potential source of reversible error. | Is the grant of a motion in limine an interlocutory order and therefore not a potential source of reversible error? | Pretrial Procedure - Memo # 333 - C - ANC.docx | ROSS-003285412-ROSS-003285413 |
| Rogers v. Hester ex rel. Mills, 334 S.W.3d 528 | 307A+3 | The grant of a motion in limine is an interlocutory order, and therefore not a potential source of reversible error. | "Is the grant of a motion in limine an interlocutory order, and therefore not a potential source of reversible error?" | Pretrial Procedure - Memo # 524 - C - RY.docx | ROSS-003298743-ROSS-003298744 |
| Lederer v. Dir. of Div. of Aging, 865 S.W.2d 682 | 307A+684 | Motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by preponderance of evidence, that court is without jurisdiction, and decision is left to sound discretion of trial court and will not be reversed on appeal absent abuse of that discretion. | Is a dismissal for lack of subject matter jurisdiction proper whenever it appears? | Pretrial Procedure - Memo # 541 - C - CRB.docx | ROSS-003288318-ROSS-003288319 |
| ADP Marshall v. Brown Univ., 784 A.2d 309 | 307A+3 | A decision on a motion in limine need not be taken as a final determination of the admissibility of the evidence referred to in the motion. | Does a decision on a motion in limine need not be taken as a final determination of the admissibility of the evidence referred to in the motion? | Pretrial Procedure - Memo # 941 - C - MLS.docx | ROSS-003328283-ROSS-003328284 |
| Drakeford v. Univ. of Chicago Hosps., 2013 IL App (1st) 111366 | 307A+3 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence. | Is a motion in limine addressed to the trial court's inherent power to admit or exclude evidence? | Pretrial Procedure - Memo 351 - TH.docx | ROSS-003298233-ROSS-003298234 |
| Colella v. JMS Trucking Co. of Illinois, 403 Ill. App. 3d 82 | 307A+3 | A trial court maintains broad discretion in both the admission of evidence and in ruling upon a motion in limine, and a decision on a motion in limine will not be disturbed absent an abuse of discretion. | Does a trial court have broad discretion in determining whether to grant a motion in limine? | 041140.docx | LEGALEASE-00124003-LEGALEASE-00124004 |
| Residential Util. Consumer Office v. Arizona Corp. Comm'n, 238 Ariz. 8 | 317A+124 | The constitutional requirement that the Corporation Commission determine the fair value of a utility's property when setting rates is intended to avoid the harsh extremes of the rate spectrum and to ensure that both consumers and public service corporations are treated fairly. A.R.S. Const. Art. 15, S 14. | What is the fair value of the property of public service corporations? | 042226.docx | LEGALEASE-00122602-LEGALEASE-00122604 |
| Jones v. Ohio Edison Co., 2014-Ohio-5466 | 317A+111 | "Public utility tariffs" are books or compilations of printed materials filed by public utilities with, and approved by, the public utilities commission that contain schedules of rates and charges, rules and regulations, and standards for service. | What are public utility tariffs? | 042254.docx | LEGALEASE-00123639-LEGALEASE-00123640 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821 | 13+61 | A cause of action "accrues" when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim. | Does cause of action accrue when all essential elements forming basis for claim have occurred? | 005373.docx | LEGALEASE-00124602-LEGALEASE-00124603 |
| Meracle v. Children's Serv. Soc. of Wisconsin, 149 Wis. 2d 19 | 241+43 | A cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has present right to enforce it. | Does a cause of action accrues when there exists a claim capable of present enforcement? | 005818.docx | LEGALEASE-00124900-LEGALEASE-00124901 |
| P & A Real Estate v. Am. Bank of Texas, 323 S.W.3d 618 | 30+5 | When a party files a timely post-judgment motion, the appellate court lacks jurisdiction over a restricted appeal. Rules App.Proc., Rule 30. | When a party files a timely post-judgment motion does the appellate court lacks jurisdiction over a restricted appeal? | 008158.docx | LEGALEASE-00125088-LEGALEASE-00125090 |
| United States v. Keen, 676 F.3d 981 | 63+1(1) | Statute prohibiting bribery of a government official does not require government to prove a specific official act for which a bribe was received. 18 U.S.C.A. S 666(a)(1)(B). | Does Statute prohibiting bribery of a government official require the government to prove a specific official act for which a bribe was received? | 011002.docx | LEGALEASE-00124341-LEGALEASE-00124343 |
| United States v. Ring, 706 F.3d 460 | 63+1(1) | That the official need not accept an offer of something of value with the intent to influence an official act for the act of bribery to be complete is evident from the structure of the statute, which defines two separate crimes: the act of offering a bribe and the act of soliciting or accepting a bribe. 18 U.S.C.A. S 201(b)(1, 2). | Is offering a bribe and receiving a crime two different crimes? | 011007.docx | LEGALEASE-00125415-LEGALEASE-00125416 |
| Weiner v. State, 273 A.D.2d 95 | 79+66 | The normal work of a court clerk who participates in the processing of legal proceedings is generally viewed as "quasi-judicial", thereby cloaking the clerk with judicial immunity. | Is a clerk of court a quasi-judicial officer protected by judicial immunity? | 013348.docx | LEGALEASE-00124912-LEGALEASE-00124913 |
| Westside Quik Shop v. Stewart, 341 S.C. 297 | 148+107 | Collateral damages, which include lost business profits and goodwill, are not recoverable on a federal or state takings claim. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 13. | "Are collateral damages, including lost business profits, recoverable on a takings claim?" | Eminent Domain - Memo 239 - GP.docx | ROSS-003282729-ROSS-003282730 |
| Mibbs v. S.C. Dep't of Revenue, 337 S.C. 601 | 148+81.1 | An interest that depends totally upon regulatory licensing is not a "property interest" that is compensable under the takings clause. U.S.C.A. Const.Amend. 5. | Is an interest that depends totally upon regulatory licensing a property interest that is compensable under the takings clause? | Eminent Domain - Memo 240 - GP.docx | ROSS-003288588-ROSS-003288589 |
| Fowler Irrevocable Tr. 1992-1 v. City of Boulder, 17 P.3d 797 | 148+143 | The basic measure of compensation in a temporary taking case is the fair rental value of the property during the period of the taking. West's C.R.S.A. Const. Art. 2, S 15. | "Is the measure of compensation for a temporary taking, the fair rental value of the property for the period of the taking?" | Eminent Domain - Memo 244 - GP.docx | ROSS-003283954-ROSS-003283955 |
| In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+351 | Act of state doctrine is not diluted by commercial activity exception which limits doctrine of sovereign immunity. | Is the act of state doctrine diluted by the commercial activity exception which limits the doctrine of sovereign immunity? | 019722.docx | LEGALEASE-00125180-LEGALEASE-00125182 |
| Drexel Burnham Lambert Grp. Inc. v. Galadari, 610 F. Supp. 114 | 221+342 | Although act of state doctrine is not jurisdictional, it does preclude a court from examining validity of a foreign act. | "Although the act of state doctrine is not jurisdictional, does it preclude a court from examining the validity of a foreign act?" | 020418.docx | LEGALEASE-00124242-LEGALEASE-00124243 |
| Williams v. Curtiss-Wright Corp., 694 F.2d 300 | 221+422 | Act of state doctrine is policy of judicial abstention from inquiry into validity of act by foreign state within its own territory and within scope of its sovereignty and, because doctrine may be invoked by private litigants, it differs from sovereign immunity, which may be pleaded only by foreign state itself, and also differs from defense of governmental compulsion, which is available only when offending action was mandated by foreign sovereign. | In invoking act-of-state doctrine must a litigant establish that what is involved is a public act committed by a recognized foreign power exclusively within its own territory? | International Law - Memo # 499 - C - NC.docx | LEGALEASE-00014567-LEGALEASE-00014568 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| The Sapphire, 78 U.S. 164 | 221+134 | Each nation is the true and real owner of its public vessels of war and the emperor or party in power in the nation is but the "agent" and "representative" of the national sovereignty. | Is each nation the true and real owner of its public vessels of war? | 020453.docx | LEGALEASE-00125258-LEGALEASE-00125259 |
| Shen v. Japan Airlines, 918 F. Supp. 686 | 221+343 | Party may assert act of state doctrine where its conduct has been compelled by foreign government. | May a party assert the act of state doctrine where its conduct has been compelled by a foreign government? | 020533.docx | LEGALEASE-00124878-LEGALEASE-00124879 |
| In re Refined Petroleum Prod. Antitrust Litig., 649 F. Supp. 2d 572 | 221+387 | Burden of proving that the court should apply the act of state doctrine is on the party asserting its applicability. | Is the burden of proving that the court should apply the act of state doctrine on the party asserting its applicability? | International Law - Memo # 779 - C - NO.docx | ROSS-003285345-ROSS-003285346 |
| United States v. Pizdrint, 983 F. Supp. 1110 | 221+334 | Generally, under international law, vessels are under the exclusive jurisdiction of the countries whose flag they fly. | "Generally, under international law, are vessels under the exclusive jurisdiction of the countries whose flag they fly?" | 020641.docx | LEGALEASE-00125095-LEGALEASE-00125097 |
| Kadic v. Karadzic, 70 F.3d 232 | 221+120 | Customary international law of human rights, such as proscription of official torture, applies without distinction between recognized and unrecognized states. Restatement (Third) of Foreign Relations SS 207, 702. | "To allege state action for purpose of claim under the Alien Tort Statute, must the challenged conduct be official conduct?" | 020837.docx | LEGALEASE-00124979-LEGALEASE-00124980 |
| Kadic v. Karadzic, 70 F.3d 232 | 221+118 | Law of nations, as understood in modern era for purposes of action brought under Alien Tort Claims Act, does not confine its reach to state action, in that certain forms of conduct violate law of nations whether undertaken by those acting under auspices of state or only as private individuals, such as piracy, slave trade, and war crimes. 28 U.S.C.A. S 1350; Restatement (Third) of the Foreign Relations S 404; note preceding S 201. | "To determine whether state action has been alleged in action under the Alien Tort Statute for human rights violations, does a district court consider tests contained in Restatement section and ""under color of law"" jurisprudence of 1983?" | International Law - Memo 478 - TH.docx | LEGALEASE-00014728-LEGALEASE-00014729 |
| Fed. Republic of Germany v. Elicofon, 358 F. Supp. 747 | 221+342 | The acts of an unrecognized power are normally given effect where it pertains to rights within its own borders but United States courts are not obliged to give effect to acts of nonrecognized powers that grant rights in derogation of authority of the President of the United States in foreign affairs. | Are the acts of an unrecognized power normally given effect where it pertains to rights within its own borders? | International Law - Memo 614 - TH.docx | ROSS-003312200-ROSS-003312202 |
| Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680 | 221+342 | In the extreme case, a lawsuit that challenges the validity per se of an act of foreign government is nonjusticiable under the act of state doctrine. | "In the extreme case, is a lawsuit that challenges the validity per se of an act of foreign government non-justiciable under the act of state doctrine?" | International Law- Memo # 775 - C - SU.docx | ROSS-003310871-ROSS-003310872 |
| Junkins v. Branstad, 448 N.W.2d 480 | 307A+2 | Application for adjudication of law points and motion for summary judgment are appropriate only when issue in question should be decided by court as matter of law rather than presented to fact finder. | Is the motion for summary judgment a matter of law? | Pretrial Procedure - Memo # 602 - C - SSB.docx | ROSS-003285663-ROSS-003285664 |
| In re Marriage of Dunn-Kato & Dunn, 103 Cal. App. 4th 345 | 307A+1 | Litigants are entitled to oral argument where called for by the context of a statute referring to a "hearing" or where there are critical pretrial matters involving a real and genuine dispute. | Are litigants entitled to oral argument? | Pretrial Procedure - Memo # 512 - LK.docx | ROSS-003296206-ROSS-003296207 |
| Boyd v. State, 564 N.E.2d 519 | 110+632(4) | Purpose of motion in limine is to prevent proponent of potentially prejudicial matter from presenting such matter to jury before trial court has had chance to rule upon its admissibility in context of trial itself. | What is a motion in limine designed to prevent? | Pretrial Procedure - Memo # 817 - C - SK.docx | ROSS-003310717-ROSS-003310718 |
| Gunter v. Murphy's Lounge, 141 Idaho 16 | 307A+3 | The trial court may deny the motion in limine and wait until trial to determine if the evidence should be admitted or excluded. | If a trial court denies a motion in limine can it wait until trial to determine if the evidence should be admitted or excluded? | Pretrial Procedure - Memo # 830 - C - KA.docx | ROSS-003297027-ROSS-003297028 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ayala v. Lee, 215 Md. App. 457 | 307A+3 | An evidentiary ruling on a motion in limine is left to the sound discretion of the trial judge and will only be reversed upon a clear showing of abuse of discretion. | Will a reviewing court reverse a trial courts motion in limine if the trial courts discretion was not abused? | 036863.docx | LEGALEASE-00125187-LEGALEASE-00125188 |
| Drago v. Tishman Const. Corp. of New York, 4 Misc. 3d 354 | 307A+3 | A "motion in limine" challenges evidence which is claimed to be inadmissible, immaterial, or prejudicial, or requests a limitation on the use of evidence. | Does a motion in limine challenge evidence which is claimed to be inadmissible or requests a limitation on the use of evidence? | Pretrial Procedure - Memo # 927 - C - TJ.docx | ROSS-003327962-ROSS-003327963 |
| Warren v. Sharp, 139 Idaho 599 | 307A+3 | The motion in limine is based upon an alleged set of facts rather than the actual testimony in order to for the trial court to make its ruling and therefore is not a final order. | Does a motion in limine seek an advance ruling on the admissibility of evidence? | Pretrial Procedure - Memo 561 - RK.docx | ROSS-003326234-ROSS-003326236 |
| In re Filing Requirements for Complaints & Applications Filed Under Michigan Telecommunications Act, 210 Mich. App. 681 | 317A+161 | Public Service Commission (PSC) is within its authority in requesting information regarding both regulated and unregulated services when reviewing request to alter rates for regulated service. | Does the Public Service Commission (PSC) have the authority to request information about unregulated affiliates or services? | 042300.docx | LEGALEASE-00125477-LEGALEASE-00125478 |
| Sw. Bell Tel. Co. v. Pub. Util. Comm'n of Texas, 745 S.W.2d 918 | 317A+111 | Court will follow Public Utility Commission's construction of Public Utility Regulatory Act provided agency's construction does not contradict plain language of statute and provided it is reasonable construction. Vernon's Ann.Texas Civ.St. art. 1446c, S 1 et seq. | Can the construction of the Public Utility Regulatory Act (PURA) contradict the plain language of the statute? | 042308.docx | LEGALEASE-00125596-LEGALEASE-00125597 |
| Kroeker v. State Farm Mut. Auto. Ins. Co., 466 S.W.2d 105 | 366+1 | "Subrogation" originated as a creature of the common law; basically, it is classified as either legal or conventional; "legal subrogation" arises out of a condition or relationship by operation of law, whereas "conventional subrogation" arises by act or agreement of the parties. | How is subrogation classified under the law? | 044281.docx | LEGALEASE-00124638-LEGALEASE-00124640 |
| In re Monaco, 514 B.R. 477 | 366+1 | Under Texas law, the general purpose of equitable subrogation is to prevent unjust enrichment of the debtor that owed the debt being paid. | Is equitable subrogation used to prevent unjust enrichment of the debtor that owed the debt being paid? | Subrogation - Memo 1006 -- C- CAT.docx | ROSS-003328109-ROSS-003328110 |
| Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765 | 366+1 | "Equitable subrogation," i.e., "legal subrogation" does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Is contractual subrogation created by agreement? | Subrogation - Memo 1014 - C- CAT.docx | ROSS-003316326-ROSS-003316327 |
| San Diego Metro. Transit Dev. Bd. v. Handlery Hotel, 73 Cal. App. 4th 517 | 148+45 | Power of eminent domain extends beyond real property, to personal and even intangible property. West's Ann.Cal. Const. Art. 1, S 19. | "Does the power of eminent domain extend beyond real property, to personal and even intangible property?" | 017550.docx | LEGALEASE-00125602-LEGALEASE-00125603 |
| Parks v. State, 254 Ga. 403 | 203+657 | Intent to kill is essential element of both murder and voluntary manslaughter; provocation, or lack thereof, is what distinguishes the two offenses. O.C.G.A. SS 16-5-1, 16-5-2. | Is intent to kill considered as essential element of both murder and voluntary manslaughter? | Homicide - Memo 164 - VG.docx | ROSS-003298630-ROSS-003298632 |
| Parks v. State, 254 Ga. 403 | 203+657 | Intent to kill is essential element of both murder and voluntary manslaughter; provocation, or lack thereof, is what distinguishes the two offenses. O.C.G.A. SS 16-5-1, 16-5-2. | Is intent to kill considered as essential element of both murder and voluntary manslaughter? | 019380.docx | LEGALEASE-00125743-LEGALEASE-00125745 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Appeal of Easton, 125 N.H. 205 | 317A+111 | Public Utilities Commission has a role in determining whether proposed financing on part of utility is in the public good and that role encompasses considerations beyond merely terms of proposed financing. | Does the Public Utilities Commission (PUC) have a duty to determine whether a proposed financing is in the public good? | 042310.docx | LEGALEASE-00125600-LEGALEASE-00125601 |
| Jamgotchian v. Slender, 170 Cal. App. 4th 1384 | 386+6 | Under California law, trespass to chattels lies where an intentional interference with the possession of personal property has proximately caused injury. Restatement (Second) of Torts S 218. | Does a claim of trespass to chattels require that an injury be proximately caused by intentional interference? | 047181.docx | LEGALEASE-00125782-LEGALEASE-00125783 |
| Intel Corp. v. Hamidi, 30 Cal. 4th 1342 | 386+6 | While a harmless use or touching of personal property may be a technical trespass, an interference, not amounting to dispossession, is not actionable, without a showing of harm. Restatement (Second) of Torts SS 217, 218. | Is a trespass lacking harm actionable? | 047209.docx | LEGALEASE-00125812-LEGALEASE-00125813 |
| Smith v. Minnesota Mut. Life Ins. Co., 86 Cal. App. 2d 581 | 13+61 | A cause of action "accrues" at the moment when the party owning it is entitled to begin and prosecute an action thereon. | Does a cause of action accrue at the moment when the party owning it is entitled to begin and prosecute an action thereon? | 005347.docx | LEGALEASE-00126116-LEGALEASE-00126117 |
| Cantonwine v. Fehling, 582 P.2d 592 | 13+61 | When a wrong has been committed, or a breach of duty has occurred, the cause of action has accrued, although claimant may be ignorant of it. | Can a cause of action accrue when a wrong has been committed or a breach of duty has occurred? | 006474.docx | LEGALEASE-00126240-LEGALEASE-00126241 |
| Baxter v. Danny Nicholson, 191 N.C. App. 168 | 316P+232(3) | There is no difference between the acts of de facto and de jure officers so far as the public and third persons are concerned. | Is there any difference between the acts of a de facto officer and a de jure officer as far as the public and third persons are concerned? | 013499.docx | LEGALEASE-00126313-LEGALEASE-00126314 |
| United States v. Ibarguen-Mosquera, 634 F.3d 1370 | 221+334 | The law places no restrictions upon a nation's right to subject stateless vessels to its jurisdiction. | Does the law place restrictions upon a nation's right to subject stateless vessels to its jurisdiction? | International Law - Memo # 805 - C - KI.docx | ROSS-003300250-ROSS-003300252 |
| Webster v. Rushing, 316 So. 2d 111 | 302+427 | General rule is that pleadings may be enlarged by evidence adduced without objection when such evidence is not pertinent to any other issue raised by pleadings and, hence, would have been excluded if objected to timely. LSA-C.C.P. art. 1154. | Can pleadings be enlarged by evidence adduced? | Pleading - Memo 174 - RMM.docx | ROSS-003298687-ROSS-003298688 |
| Drago v. Tishman Const. Corp. of New York, 4 Misc. 3d 354 | 307A+3 | A "motion in limine" challenges evidence which is claimed to be inadmissible, immaterial, or prejudicial, or requests a limitation on the use of evidence. | Does a motion in limine challenge evidence which is claimed to be immaterial or request a limitation on the use of such evidence? | Pretrial Procedure - Memo # 869 - C - TJ.docx | ROSS-003313101-ROSS-003313102 |
| Rohrkaste v. City of Terre Haute, 470 N.E.2d 738 | 307A+3 | Trial court may grant a motion in limine any time there is a need to protect the jury from possibly objectionable questions and statements the prejudicial effect of which might not be correctible by admonition of the jury. | If a motion in limine is designed to prevent potential prejudice can it have the effect of suppressing evidence? | Pretrial Procedure - Memo # 874 - C - SK.docx | LEGALEASE-00016087-LEGALEASE-00016088 |
| State v. Richmond, 708 So. 2d 1272 | 352H+101 | To support conviction for crime against nature State must prove that defendant solicited another person with intent to engage in unnatural carnal copulation for compensation. LSA-R.S. 14:89, subd. A(2). | Is solicitation an element in crime against nature? | 042932.docx | LEGALEASE-00126252-LEGALEASE-00126253 |
| Wint v. Alabama Eye & Tissue Bank, 675 So. 2d 383 | 386+6 | There is no material difference between conversion and trespass to chattels when there is wrongful taking and carrying away of property of another; thus, there is no need to treat conversion and trespass to chattels claims separately. | Should conversion and trespass to chattels claims be treated separately? | 047236.docx | LEGALEASE-00126032-LEGALEASE-00126033 |
| Bradley v. Fed. Life Ins. Co., 216 Ill. App. 602 | 13+61 | A cause of action accrues when facts exist which authorize one party to maintain an action against another. | Can a cause of action accrue when facts exist which authorize one party to maintain an action against another? | Action - Memo # - C 317-TJ.docx | ROSS-003326186-ROSS-003326187 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ohio-Sealy Mattress Mfg. Co. v. Sealy, 669 F.2d 490 | 13+38(4) | In context of a continuing scheme to violate antitrust laws, cause of action accrues to plaintiff each time defendant engages in antitrust conduct that harms plaintiff. | Does cause of action accrue when plaintiff suffers an actionable harm? | 005494.docx | LEGALEASE-00126389-LEGALEASE-00126390 |
| Cantonwine v. Fehling, 582 P.2d 592 | 13+61 | When a wrong has been committed, or a breach of duty has occurred, the cause of action has accrued, although claimant may be ignorant of it. | Does the cause of action accrue when a wrong has been committed or a breach of duty has occurred? | Action - Memo # 261 - C - ES.docx | ROSS-003303347-ROSS-003303348 |
| Crosby v. Georgia Realty Co., 138 Ga. 746 | 13+62 | A cause of action must exist at the institution of a suit, and the fact that, pending the suit, the time arrives for performance, does not authorize the action to proceed for the relief sought. | Is existence of a cause of action necessary at the time of the institution of the suit? | 006363.docx | LEGALEASE-00126456-LEGALEASE-00126457 |
| Polizos v. Nationwide Mut. Ins. Co., 255 Conn. 601 | 13+61 | Applied to a cause of action, the term "to accrue" means to arrive, to commence, to come into existence, or to become a present enforceable demand. | What does the term accrue mean when applied to a cause of action? | Action memo# 295 C-PC.docx | ROSS-003298431-ROSS-003298432 |
| Smyth v. Strader, 45 U.S. 404 | 8.30E+04 | Under the statutes of Alabama, the negotiability of bills of exchange, foreign and inland, and promissory notes payable in bank, depends on the general commercial law. | Should the negotiability and character of bills of exchange be governed by the general commercial law? | 010691.docx | LEGALEASE-00126434-LEGALEASE-00126435 |
| McKenzie v. City of White Hall, 112 F.3d 313 | 148+2.2 | Appropriation of public easement across landowner's property is taking of property interest rather than mere restriction on land's use. U.S.C.A. Const.Amend. 5. | Is appropriation of a public easement across a landowner's property a taking? | 017613.docx | LEGALEASE-00126477-LEGALEASE-00126478 |
| Constance v. State Through Dep't of Transp. & Dev. Office of Highways, 626 So. 2d 1151 | 148+2.19(1) | Public body has right, under its police power, to divert traffic without subjecting itself to liability in inverse condemnation action. LSA-Const. Art. I, S 4. | "Does a public body have the right, under its police power, to divert traffic without subjecting itself to liability?" | Eminent Domain - Memo 287 - GP.docx | ROSS-003285119-ROSS-003285120 |
| McGhee v. Witcher, 81 Ark. App. 255 | 414+1778 | Landowners who sought to enjoin neighbors from operating a day care center out of their home acquiesced to introduction of neighbors' argument that landowners waived right to assert bill of assurance prohibiting commercial use of property, by failing to assert it until three years after they were notified that neighbors had filed for a permit to operate a day care in their home, even though neighbors did not raise the waiver issue in their initial responsive pleading, or even before the hearing on the merits, but instead first mentioned the theory in a letter to the court some time after the hearing had been concluded, where landowners never objected at a posttrial hearing to the untimely manner in which the waiver issue was raised. | Should waiver be specifically plead? | 023048.docx | LEGALEASE-00126698-LEGALEASE-00126699 |
| Hickory Springs Mfg. Co. v. Evans, 541 S.W.2d 97 | 366+7(1) | The doctrine of subrogation is an equitable one and it is recognized that payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. | Can a surety paying the debt of his principal be entitled to stand in the condition of the creditor? | 043970.docx | LEGALEASE-00126489-LEGALEASE-00126490 |
| Archer v. Utah State Land Bd., 15 Utah 2d 321 | 361+1551 | Ordinarily, facts and law in given lawsuit are to be applied as of date of filing of original complaint. | "Ordinarily, are facts and law in a given lawsuit to be applied as of the date of filing of the original complaint?" | Action - Memo # 869 - C - KBM.docx | ROSS-003285839-ROSS-003285840 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nearing v. Golden State Foods Corp., 52 Wash. App. 748 | 241+3(2) | Statute providing that action shall be deemed commenced for purposes of tolling statute of limitations when complaint is filed or summons is served, whichever occurs first, has not been superseded by Supreme Court rules governing commencement of actions or amended or impliedly repealed by housekeeping legislation that repealed statutes in conflict with rules. West's RCWA 2.04.190, 2.04.200, 4.16.170; CR 3, 81(b); RAP 1.1(g); West's RCWA Const. Art. 2, S 37. | Is the statute of limitations tolled by commencement of action? | 006241.docx | LEGALEASE-00127143-LEGALEASE-00127144 |
| Nearing v. Golden State Foods Corp., 52 Wash. App. 748 | 241+3(2) | Statute providing that action shall be deemed commenced for purposes of tolling statute of limitations when complaint is filed or summons is served, whichever occurs first, has not been superseded by Supreme Court rules governing commencement of actions or amended or impliedly repealed by housekeeping legislation that repealed statutes in conflict with rules. West's RCWA 2.04.190, 2.04.200, 4.16.170; CR 3, 81(b); RAP 1.1(g); West's RCWA Const. Art. 2, S 37. | Is the statute of limitations tolled by commencement of action? | Action - Memo # 872 - C - KBM.docx | LEGALEASE-00016743-LEGALEASE-00016744 |
| Daniman v. Bd. of Higher Educ. of City of New York, 306 N.Y. 532 | 141E+440 | Teachers may work for state school system only on reasonable terms prescribed by proper state authorities. | Can teachers work for state school system only on reasonable terms prescribed by proper state authorities? | 016865.docx | LEGALEASE-00127015-LEGALEASE-00127016 |
| State v. Wandermere Co., 89 Wash. App. 369 | 148+137 | Larger parcel test requires that landowner establish that parcel being condemned is part of single tract, and test has three elements: unity of ownership, unity of use, and contiguity; determination is for jury unless reasonable minds could not differ. West's RCWA Const. Art. 1, S 16 as amended by Amend. 9. | What are the requirements of the larger parcel test under the taking laws? | 017679.docx | LEGALEASE-00127269-LEGALEASE-00127270 |
| State v. Deines, 268 Kan. 432 | 200+158 | Where there is an obstruction across a public right-of-way which obstructs the travel of an individual, the obstruction is a nuisance per se and the affected individual may remove the obstruction by way of abatement. | Can an individual remove the obstruction by way of abatement which obstructs his travel across a highway? | 018674.docx | LEGALEASE-00126990-LEGALEASE-00126991 |
| Estate of Djeljaj, 38 Misc. 3d 618 | 308+66 | Although not every agency relationship entails a duty to account, an agent who receives money or other things on behalf of a principal has a duty to keep and render to the principal an account for such transactions. | Is an agent obligated to maintain an account for funds collected on behalf of principal? | 041864.docx | LEGALEASE-00127166-LEGALEASE-00127167 |
| In re Monaco, 514 B.R. 477 | 366+41(6) | Under Texas law, the party seeking to establish a right to equitable subrogation bears the burden of proof to show that the right exists. | "Who bears the burden of proof to show the existence of the right to equitable subrogation, under law?" | 044251.docx | LEGALEASE-00127106-LEGALEASE-00127107 |
| McIndoe v. Dep't of Labor & Indus., 144 Wash. 2d 252 | 413+1 | Under the Industrial Insurance Act, injured workers receive less than full tort damages but are spared the expense and uncertainty of litigation. West's RCWA 51.04.010. | Are workers receiving less than full tort damages spared with the expense and uncertainty of litigation? | 048052.docx | LEGALEASE-00126966-LEGALEASE-00126967 |
| Turner v. Hunt, 131 Tex. 492 | 13+63 | The plea of laches is not controlled by mere passage of time and always presents a question of fact. | Is the plea of laches controlled by mere passage of time and always presents a question of fact? | Action - Memo # 648 - C - KA.docx | ROSS-003312697-ROSS-003312698 |
| Jones v. Foote, 165 Conn. 516 | 13+65 | A court will grant equitable relief, injunctive or otherwise, only on situation as it exists at the time of trial. | "Does the court grant equitable relief, injunctive or otherwise, on a situation as it exists at the time of trial? " | Action - Memo # 659 - C - TM.docx | LEGALEASE-00017215-LEGALEASE-00017216 |
| Hawkins v. N. Carolina Dental Soc., 230 F. Supp. 805 | 13+65 | Determinations of fact and conclusions of law applicable to request for mandatory injunction are to be made from facts and law as they are at closing of evidence in case. | Are determinations of fact and conclusions of law applicable to a request for mandatory injunction? | 005905.docx | LEGALEASE-00127631-LEGALEASE-00127632 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Ole Olsen, Ltd., 38 A.D.2d 967 | 13+65 | Court may, in equity action, mold relief to be granted to exigencies of case as they exist at close of trial, with reference to facts, law and equities then existing. | Will equity administer such relief as exigencies of a case demand at the close of the trial? | Action - Memo # 771 - C - SK.docx | LEGALEASE-00017322-LEGALEASE-00017323 |
| Tull v. Turek, 38 Del. Ch. 182 | 13+65 | Once equity has acquired jurisdiction of a cause, it will retain that jurisdiction to give final relief to end the controversy even though circumstances have arisen after the filing of the complaint which made the equitable relief prayed for impracticable. 10 Del.C. S 342. | "Once equity has acquired jurisdiction of a cause, will it retain that jurisdiction to give final relief to end the controversy?" | 006064.docx | LEGALEASE-00127610-LEGALEASE-00127611 |
| Town of Newington v. Mazzoccoli, 133 Conn. 146 | 13+65 | In action for declaratory judgment, rights should be determined upon the facts in existence when the case is tried. | "In action for declaratory judgment, should the rights be determined upon the facts in existence when the case is tried?" | Action - Memo # 902 - C - TM.docx | ROSS-003286383-ROSS-003286384 |
| People v. Montoya, 7 Cal. 4th 1027 | 67+3 | One may be liable for burglary upon entry with the requisite intent to commit felony or theft, regardless of whether the felony or theft committed is different than that contemplated at time of entry or whether any felony or theft is actually committed. West's Ann.Cal.Penal Code S 459. | Does burglary require a theft to be committed? | Burglary - Memo 5 - RK.docx | ROSS-003326931-ROSS-003326932 |
| Univ. Interscholastic League v. Midwestern Univ., 152 Tex. 124 | 1.41E+30 | Public schools of state are quasi public entities and are subject to direct statutory control by Legislature. Vernon's Ann.Civ.St. arts. 2656, 2780. | Are public schools of state quasi public entities and subject to direct statutory control by Legislature? | 016898.docx | LEGALEASE-00127588-LEGALEASE-00127589 |
| Baird v. United States, 5 Cl. Ct. 324 | 148+2.1 | Plaintiffs must prove an intent on part of defendant to take plaintiffs' property or an intention to do an act the natural consequence of which was to take property to establish compensable taking. | "For a taking to occur should there be an intent on the part of defendant to take plaintiffs' property, or an intention to do an act the natural consequence of which was to take their property?" | 017690.docx | LEGALEASE-00127364-LEGALEASE-00127365 |
| Harris v. Shotwell, 490 S.W.2d 860 | 307A+517.1 | Plaintiffs have absolute right to obtain a nonsuit of their affirmative action, and where there is no affirmative relief sought to be obtained by defendant, such nonsuit operates as a dismissal of the entire case. | Do plaintiffs have an absolute right to obtain a nonsuit of their affirmative action? | 026123.docx | LEGALEASE-00127990-LEGALEASE-00127991 |
| Delta Elec. Power Ass'n v. Mississippi Power & Light Co., 250 Miss. 482 | 317A+113 | Awards by public service commission of grandfather certificates under Public Utility Act are made on area rather than facility basis. Laws 1956, c. 372, S 5(b). | Are awards of grandfather certificates under Section 5 made on area rather than facility basis? | Public Utilities - Memo 223 - AM.docx | ROSS-003298788-ROSS-003298789 |
| S. Bell Tel. & Tel. Co. v. City of Meridian, 241 Miss. 678 | 317A+113 | A utility may maintain cooperative relationship with municipality without waiving its rights under statutory grant. | Does a utility have a right to maintain cooperative relationships with a municipality without waiving its rights under a statutory grant? | 042454.docx | LEGALEASE-00127490-LEGALEASE-00127491 |
| Ed & F Man Biofuels Ltd. v. MV FASE, 728 F. Supp. 2d 862 | 386+8 | Under Texas law, a trespass to chattels is a wrongful interference with or injury to property that causes actual damage to the property or deprives the owner of its use for a substantial period of time. | Is wrongful interference with the property of another a trespass to chattels? | 047293.docx | LEGALEASE-00128032-LEGALEASE-00128033 |
| Birklid v. Boeing Co., 127 Wash. 2d 853 | 413+1 | Statement "blood of the workman is a cost of production" no longer reflects the public policy or law of Washington. | Does the statement blood of the workman is a cost of production reflect a states public policy or law? | 048471.docx | LEGALEASE-00127368-LEGALEASE-00127369 |
| Estate of Underwood v. Nat'l Credit Union Admin., 665 A.2d 621 | 413+1 | Workers' Compensation Act provides comprehensive scheme for compensating private sector employees for their work-related injuries. D.C.Code 1981, S 36-303. | Does the workers compensation act provide a comprehensive scheme for compensating private sector employees for their work-related injuries? | 048475.docx | LEGALEASE-00127396-LEGALEASE-00127397 |
| Bradshaw v. Park, 29 Cal. App. 4th 1267 | 413+1 | Underpinnings of workers' compensation system rest upon employer's obligation to secure payment of workers' compensation. | Do the underpinnings of the workers compensation system rest upon the employers obligation to secure payment of workers compensation? | 048514.docx | LEGALEASE-00127455-LEGALEASE-00127456 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Werber v. Atkinson, 84 A.2d 111 | 13+65 | A plaintiff's right to recover depends upon his right at inception of suit, and nonexistence of a cause of action when suit was begun is a fatal defect which cannot be cured by accrual of a cause of action pending suit. | Is the nonexistence of a cause of action when suit is commenced fatal? | 005995.docx | LEGALEASE-00128289-LEGALEASE-00128290 |
| Deas v. Sammons, 126 Ga. 431 | 13+65 | The general rule is that there can be no recovery unless the plaintiff had a complete cause of action at the time the suit was filed. A cause of action accruing pending the suit will not entitle the plaintiff to recover. | Can there be a recovery unless the plaintiff has a complete cause of action at the time suit is filed? | 006113.docx | LEGALEASE-00128247-LEGALEASE-00128248 |
| Texas State Optical v. Optical Workers Union, 257 S.W.2d 493 | 13+65 | The right to temporary relief ordinarily is determined as of the time trial court hears the prayer for that relief. | Is the right to temporary relief ordinarily determined as of the time the trial court hears the prayer for that relief? | 006125.docx | LEGALEASE-00128314-LEGALEASE-00128315 |
| Gibreal Auto Sales v. Missouri Val. Mach. Co., 186 Neb. 763 | 13+65 | Facts that transpire after institution of replevin action are immaterial in consideration and determination of merits of the case. | Are facts that transpire after the institution of a replevin action immaterial in consideration and determination of merits of the case? | 006134.docx | LEGALEASE-00128403-LEGALEASE-00128404 |
| Encore Prods. v. Promise Keepers, 53 F. Supp. 2d 1101 | 25T+210 | When a dispute arises under an expired contract that contained a broad arbitration provision, courts must presume that the parties intended to arbitrate their dispute, even if the facts of the dispute occurred after the contract expired. | Can courts order arbitration when the contract requiring arbitration has expired? | Alternative Dispute Resolution - Memo 460 - RK.docx | LEGALEASE-00018090-LEGALEASE-00018091 |
| Richter v. United States, 181 F.2d 591 | 34+20.1(1) | Congress can compel military service for all able-bodied citizens in peacetime or wartime, whenever it declares that it is necessary or that emergency exists requiring raising of army. Selective Service Act, S 1 et seq., 50 U.S.C.A.Appendix, S 451 et seq. | Does Congress have the power to compel military service in peacetime? | Armed Forces - Memo 20 RK.docx | ROSS-003300742-ROSS-003300743 |
| Easley v. Hunter, 209 F.2d 483 | 34+1 | Power of Congress in government of land and naval forces of United States is not affected by any of constitutional amendments. U.S.C.A.Const. Amends. 5, 6, 8. | Is the power of congress to govern the land and naval forces affected by any constitutional amendments? | 008324.docx | LEGALEASE-00128610-LEGALEASE-00128611 |
| Hunt v. Jacobson, 178 Misc. 201 | 34+34.2(3) | Statutes enacted for the benefit of persons engaged in military service are a recognized institution in the United States, and being remedial are to be construed liberally. Soldiers' and Sailors' Civil Relief Act of 1940, S 100 et seq., 50 U.S.C.A.Appendix S 501 et seq. | Should statutes enacted for the benefit of persons engaged in military service be liberally construed? | Armed Forces - Memo 26 RK.docx | LEGALEASE-00018152-LEGALEASE-00018153 |
| Jacobsen v. Ragsdale, 160 Ill. App. 3d 656 | 307A+501 | Voluntary dismissal statute grants plaintiffs absolute privilege to dismiss regardless of circumstances or motive. S.H.A. ch. 110, P 2-1009. | Do the voluntary dismissal statute grant plaintiffs the absolute privilege to dismiss regardless of the circumstances or motive? | 038996.docx | LEGALEASE-00128219-LEGALEASE-00128220 |
| Page v. Holiday Inns, 245 Ga. 12 | 307A+501 | A voluntary dismissal is a matter of right and terminates the action; it is not a judgment of the court but is order in the case by virtue of statute. Code, SS 81A-141(a). | Is voluntary dismissal of an action a matter of right and terminates the action? | Pretrial Procedure - Memo # 964 - C - TJ.docx | ROSS-003286878-ROSS-003286879 |
| James v. Calkins, 446 S.W.3d 135 | 307A+501 | Although typically parties have an absolute right to a nonsuit, the decision to nonsuit does not affect a non-moving party's independent claims for affirmative relief, which may include a motion for sanctions. | "Can a party nonsuit a cause of action, a claim, or a party?" | 039174.docx | LEGALEASE-00128312-LEGALEASE-00128313 |
| Cook v. Nacogdoches Anesthesia Grp., L.L.P., 167 S.W.3d 476 | 307A+501 | The party requesting a nonsuit has an absolute right to a nonsuit at the moment the motion is filed with the clerk, so long as the motion is timely filed. | Does the party requesting a nonsuit have an absolute right to a nonsuit at the moment the motion is filed with the clerk? | Pretrial Procedure - Memo # 977 - C - SB.docx | ROSS-003327363-ROSS-003327364 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Travelers Ins. Co. v. Hartford Acc. & Indem. Co., 222 Pa. Super. 546 | 366+35 | Right of subrogation is not self-executing once payment has been made to, or on behalf of, legal plaintiff, and notice has been given to defendant; subrogee must exercise reasonable diligence to protect his interest. | Can subrogation be self-executing? | 043268.docx | LEGALEASE-00128407-LEGALEASE-00128408 |
| In re Hussain, 508 B.R. 417 | 83E+658 | Under California law, checks that were signed without a payee were payable to bearer and, thus, were enforceable by any person in possession of the checks. West's Ann.Cal.Com.Code SS 3109, 3205, 3301. | Are checks signed without a payee enforceable by any person in possession of them? | 009358.docx | LEGALEASE-00129010-LEGALEASE-00129011 |
| Battle v. Wichita Falls Jr. Coll. Dist., 101 F. Supp. 82 | 1.41E+13 | State has right and power to regulate method of providing for education of its youth at public expense. Vernon's Ann.St.Const. art. 7, S 7; Vernon's Ann.Civ.St. art. 2900. | Does a state have right and power to regulate the method of providing for the education of its youth at public expense? | Education - Memo # 65 - C - SU.docx | LEGALEASE-00018635-LEGALEASE-00018636 |
| In re Judiciary Tower Associates, 175 B.R. 796 | 289+821 | Where partner withdraws from partnership under agreement with former partners, and remaining partners continue business, departing partner remains liable for partnership obligations incurred prior to his withdrawal, under District of Columbia law, unless creditor modifies obligation or agrees to release partner. D.C.Code 1981, S 41-135. | Will a retiring partner be discharged from liabilities if the creditor consents to it? | Partnership - Memo 223 - RK.docx | LEGALEASE-00018681-LEGALEASE-00018682 |
| Second Measure v. Kim, 143 F. Supp. 3d 961 | 289+945 | The continuing fiduciary duty which survives dissolution of the partnership under California law is breached if the ex-partner attempts to divert partnership opportunities for his personal benefit to the detriment of his former partners or when the remaining partners exclude the ex-partner from the benefits of an existing partnership opportunity. | Do partners continue to have a fiduciary duty after the dissolution of a partnership? | 022026.docx | LEGALEASE-00128952-LEGALEASE-00128954 |
| Lampert Lumber Co. v. Joyce, 405 N.W.2d 423 | 307A+587 | Failure to plead or prove case goes to substantive legitimacy of case itself and is not kind of procedural problem to be resolved by dismissal under rule permitting trial court on its own motion, or upon motion of party, to dismiss action or claim for failure to prosecute or to comply with rules or court order. 48 M.S.A., Rules Civ.Proc., Rule 41.02(1). | Does a failure to plead or prove a case go to a substantive legitimacy of a case itself? | Pretrial Proceedure - Memo # 1141 - C - TJ.docx | ROSS-003313695-ROSS-003313696 |
| Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218 | 25T+143 | Under narrow arbitration clause, dispute is subject to arbitration only if it is over issue that is on its face within purview of clause, or over collateral issue that is somehow connected to main agreement that contains arbitration clause, and collateral matter will generally be beyond its purview. | How do courts construe narrow arbitration clauses? | 007310.docx | LEGALEASE-00129101-LEGALEASE-00129102 |
| State ex rel. Yale Univ. v. Sartorius, 349 Mo. 1039 | 250+4(1) | A party cannot simultaneously pursue both the remedies of appeal and writ of error, and, if a party is entitled to an appeal, Supreme Court will not deny mandamus to compel allowance thereof because of his failure to apply for a special appeal under statute or to sue out a writ of error. R.S.1939, SS 1189, 1200 (V.A.M.S. SS 512.101 note, 512.060, 512.080). | Can a party pursue an appeal and a writ of error simultaneously? | Appeal and error - Memo 44 - RK.docx | ROSS-003327527-ROSS-003327529 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Koota v. Parkway Gen. Hosp., 346 So. 2d 124 | 30+307.1 | Judicial referee of medical mediation panel was not a "judge of a lower court" within meaning of rule providing that judge of lower court may certify question or proposition of law for instruction and had no authority to certify question to the District Court of Appeal, which therefore declined to answer certified question and remanded cause to referee to proceed in accordance with his general statutory authority to supervise and direct mediation proceedings. 32 West's F.S.A. Florida Appellate Rules, rules 4.6, 4.6, subd. a; West's F.S.A. SS 768.44, 768.44(2)(g). | Can certified questions of law be submitted for review to courts of appeal? | 008209.docx | LEGALEASE-00129091-LEGALEASE-00129092 |
| State ex rel. D.L.S., 446 S.W.3d 506 | 30+23 | Subject-matter jurisdiction is fundamental to the court's authority to dispose of cases, and the Court of Appeals may raise the issue sua sponte at any time. | Is subject-matter jurisdiction fundamental to a courts authority to dispose of cases? | 008219.docx | LEGALEASE-00129105-LEGALEASE-00129106 |
| Scarborough v. Hunter, 288 Ga. 687 | 268+657(2) | All questions necessary to be determined in order to decide whether a street shall be vacated or abandoned and the interest of the public therein released are referred to the wisdom and discretion of the lawmaking power. West's Ga.Code Ann. S 32-7-2(b)(1). | Are economic factors proper considerations for abandoning a road? | 018732.docx | LEGALEASE-00129030-LEGALEASE-00129031 |
| Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126 | 30+21 | No agreement between or among parties may confer jurisdiction on the Appellate Division in the absence of a final order. | Can an agreement between parties confer jurisdiction on the Appellate Division in the absence of a final order? | Appeal and error - Memo 66 - RK.docx | ROSS-003286577-ROSS-003286579 |
| Sluss v. State, 436 N.E.2d 907 | 67+41(2) | In order to establish corpus delicti of burglary, it is necessary to show breaking and entering into dwelling house of another with intent to commit felony therein. | How can the corpus delicti of burglary be established? | 013234.docx | LEGALEASE-00129647-LEGALEASE-00129648 |
| Kilhafner v. Harshbarger, 245 Ill. App. 3d 227 | 79+6 | Although chief judge may exercise general control over circuit clerk's office, and although county board may control pay of deputy clerks, it is circuit clerk who employs deputies. | Is the chief judge the employer of deputy clerks? | 013360.docx | LEGALEASE-00129679-LEGALEASE-00129681 |
| Estep v. Commissioners of Boundary Cty., 122 Idaho 345 | 79+6 | Constitutional provision that clerk of district court shall be empowered by county commissioners to appoint deputies and clerical assistants who shall receive compensation fixed by commissioners does not authorize commissioners to order hiring policies to govern clerk, but authorizes clerk to hire deputy clerks. Const. Art. 18, S 6. | Can clerks of the district court appoint deputy clerks? | 013363.docx | LEGALEASE-00129682-LEGALEASE-00129683 |
| Crooks v. Maynard, 112 Idaho 312 | 79+65 | District judge in exercise of supervisory power over clerical activities of district court clerk may set guidelines for hiring deputy clerks that perform judicial functions, control assignment of persons hired by clerk, and refuse assignment of personnel considered unacceptable for judicial function. Act March 3, 1863, 12 Stat. 808; Const. Art. 2, S 1; Art. 5, SS 1 et seq., 16; Art. 18, S 6; I.C. SS 1-1002, 31-3107. | Can a district judge control the assignment of persons hired by the clerk? | Clerks of court - Memo 108 - RK.docx | ROSS-003287279-ROSS-003287280 |
| Giesler v. City of Omaha, 175 Neb. 706 | 307A+502 | Right of plaintiff to dismiss cause of action before submission to court is statutory and is not matter of judicial grace or discretion. R.R.S.1943, S 25-601. | Is the right of a plaintiff to dismiss an action without prejudice as a matter of right at any time before final submission a statutory right? | 024005.docx | LEGALEASE-00129478-LEGALEASE-00129479 |
| Sink v. Hire, 210 N.C. 402 | 307A+501 | Plaintiff can take a nonsuit, as a matter of right, at any time before verdict, in absence of some right attaching which defendant is entitled to have determined in the action. | "Can a plaintiff take a nonsuit, as a matter of right, at any time before verdict?" | Pre-trial Procedure - Memo # 1054 - C - KG.docx | ROSS-003313869-ROSS-003313870 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brockman v. Turin, 130 A.D.2d 616 | 307A+501 | Absent prejudice to substantial right of defendant or some other inequity, plaintiff is entitled to leave to discontinue action. McKinney's CPLR 3217(b). | "Absent prejudice to substantial right of the defendant or some other inequity, is a plaintiff entitled to leave to discontinue an action?" | 025270.docx | LEGALEASE-00129569-LEGALEASE-00129570 |
| Rills v. Shell Petroleum Corp., 177 La. 906 | 302+8(11) | Allegation of heirship, without stating pleader's kinship to person through whom he claims title to realty by inheritance, does not state cause of action for recovery thereof. | "Does allegation of heirship, without stating pleader's kinship, allege a cause of action?" | 023145.docx | LEGALEASE-00129829-LEGALEASE-00129830 |
| Harris v. Ward Greenberg Heller & Reidy LLP, 151 A.D.3d 1808 | 307A+501 | Plaintiff has an absolute and unconditional statutory right to discontinue an action prior to the service of a responsive pleading, which requires no intervention from the court. McKinney's CPLR 3217(a)(1). | Does a plaintiff have an absolute and unconditional statutory right to discontinue an action prior to the service of a responsive pleading? | Pretrial Procedure - Memo # 1281 - C - KS.docx | ROSS-003314630-ROSS-003314632 |
| Kickasola v. Jim Wallace Oil Co., 144 Ga. App. 758 | 30+4173 | It is error to refuse to grant a pretrial hearing and order where a timely motion to this effect has been entered; but where, in the instant case, plaintiff's petition was filed October 10, 1974, and thereafter numerous special hearings were had, a record of 658 pages was built up, mostly due to the efforts of plaintiff's counsel, and no demand for a pretrial hearing was made until January 17, 1977, the day the case was scheduled for trial, the motion was untimely and the failure to enter a pretrial order would not require reversal of the case. Code, S 81A-116. | Is it an error to refuse to grant a pretrial hearing and orderwhere a timely motion to this effect has been entered? | 026280.docx | LEGALEASE-00129891-LEGALEASE-00129892 |
| La Plante v. Implement Dealers Mut. Fire Ins. Co., 73 N.D. 159 | 307A+742.1 | An effective pre-trial conference should result in narrowing issues, settling pleadings, limiting number of witnesses, and in general shortening the actual period of trial. Laws 1943, c. 216. | What should an effective pre-trial conference result in? | 026311.docx | LEGALEASE-00129766-LEGALEASE-00129767 |
| Bertschy v. McLeod, 32 Wis. 205 | 307A+501 | The right of discontinuance is not affected by the code, but remains the same as under the former practice, both in legal and equitable actions. | "Is the right of discontinuance affected by the code, but remains the same as under the former practice, both in legal and equitable actions?" | 026319.docx | LEGALEASE-00129803-LEGALEASE-00129804 |
| Riley v. Carter, 22 Tenn. 230 | 307A+501 | By the common law, a party plaintiff has a right to dismiss his suit whenever he may choose. | "At common law, does a party plaintiff has a right to dismiss his suit whenever he may choose?" | 026331.docx | LEGALEASE-00129907-LEGALEASE-00129908 |
| Herring v. Poritz, 6 Ill. App. 208 | 307A+501 | A "nonsuit" is the name of a judgment given against the plaintiff when he is unable to prove his case, or when he refuses or neglects to proceed to the trial of a cause after it has been put at issue, without determining such issue. | Is an instance where the plaintiff does not proceed to trial be a non-suit? | 026586.docx | LEGALEASE-00129899-LEGALEASE-00129900 |
| Norton Farms v. Anadarko Petroleum Corp., 32 Kan. App. 2d 899 | 307A+742.1 | The essential purpose of pretrial conference procedure is to prevent surprise and enable the parties to prepare for trial with the assurance that contentions, issues, and evidence will not be moving targets. | What is not the function of trial court at pretrial conference? | 026607.docx | LEGALEASE-00130013-LEGALEASE-00130014 |
| Show & Tell of New Orleans v. Fellowship Missionary Baptist Church, 156 So.3d 1234 | 307A+747.1 | Trial courts have wide discretion to implement pretrial orders and insure that their terms are enforced. LSA-C.C.P. art. 1551. | Does the trial court have wide discretion to implement a pretrial order and insure that its terms are enforced? | 026625.docx | LEGALEASE-00130251-LEGALEASE-00130252 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Waffle House v. Williams, 314 S.W.3d 1 | 307A+742.1 | A trial court may conduct a pretrial hearing to consider written trial objections to a party's exhibits and such other matters as may aid in the disposition of the action, and at the hearing, the court can issue an order that controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice; this rule does not suggest that it is necessary to go through the same procedure during the course of the trial. | When can a trial court conduct a pretrial hearing? | Pretrial Procedure - Memo # 1643 - C - PB.docx | ROSS-003287676-ROSS-003287678 |
| Jordan v. Cent. Piedmont Cmty. Coll., 124 N.C. App. 112 | 413+51 | Broad intent of Workers' Compensation Act is to provide compensation for employees who sustain injury arising out of and in course of their employment; the Act is to be liberally construed and no technical or strained construction should be employed to defeat this purpose. Workers' Compensation Act. | Are technical excuses for denying workmens compensation favored by law? | 047818.docx | LEGALEASE-00130137-LEGALEASE-00130138 |
| Popper v. Monroe, 673 F. Supp. 1228 | 25T+143 | If alleged defamation arose directly out of dispute regarding terms of parties contractual relationship, if defamatory statements were integrally linked to contractual relationship between parties, or if defamatory statements arose from performance of contract, under arbitration clause of agreement, arbitration must be compelled. 9 U.S.C.A. SS 1 et seq., 3. | Can defamation claims be settled through arbitration? | 007401.docx | LEGALEASE-00131362-LEGALEASE-00131363 |
| Bruton v. Carnival Corp., 916 F. Supp. 2d 1262 | 170B+2556 | Federal district court lacked ancillary jurisdiction over fee dispute between plaintiff and her former attorney in personal injury action, where attorney never appeared as counsel of record in case, his claims arose out of legal relationship that pre-dated and was terminated prior to litigation, court would be unable to resolve fee dispute without substantial new fact-finding, discharge of any untimely equitable charging lien would not dispose of or adjudicate any such claim attorney or his firm might have in another jurisdiction, and resolution of dispute was not necessary to protect integrity of underlying litigation or to insure that its disposition was not frustrated. 28 U.S.C.A. S 1367. | How do court exercise jurisdiction over attorney client fee disputes? | Alternative Dispute Resolution - Memo 543 - RK.docx | ROSS-003286531-ROSS-003286532 |
| United States v. Sweet, 372 F. Supp. 72 | 34+20.6(3) | Conscientious objector has no constitutional right to avoid military service; conscientious objector status is merely a privilege extended to registrants meeting criteria established by Congress. | Does a conscientious objector have a constitutional right to avoid military service? | 008480.docx | LEGALEASE-00131429-LEGALEASE-00131430 |
| United States v. Dimora, 750 F.3d 619 | 63+1(1) | Official acts may come in the guise of formal and informal influence, and gifts exchanged solely to cultivate friendship are not bribes. | Are gifts exchanged solely to cultivate friendship bribes? | 011081.docx | LEGALEASE-00130387-LEGALEASE-00130388 |
| State v. Davis, 160 Conn. App. 251 | 63+1(1) | The state was required to establish the following in trial for bribery of a witness: (1) that the defendant offered, conferred or agreed to confer a benefit, (2) to a witness, (3) with the intent of influencing the witness' testimony or conduct in relation to an official proceeding. C.G.S.A. SS 53a-146, 53a-149(a). | When is a person guilty of bribery of a witness? | 011108.docx | LEGALEASE-00130623-LEGALEASE-00130624 |
| Fenton v. Thompson, 352 Mo. 199 | 307A+509 | The plaintiff's right to voluntarily dismiss without prejudice was controlled by statute, and plaintiff lost that right when she voluntarily submitted her cause to the jury. V.A.M.S. SS 510.130, 510.150. | "When a cause is voluntarily submitted to the jury, will a plaintiff lose his right to voluntarily dismiss without prejudice?" | Pretrial Procedure - Memo # 1279 - C - PC.docx | ROSS-003313929-ROSS-003313930 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Doe v. Doe, 122 Md. App. 295 | 307A+742.1 | Rule providing that a "pre-trial conference shall be held in any action if requested by any party in writing at least 20 days before trial" does not require that the pre-trial conference be conducted at least 20 days before trial, but rather only requires that a request for the conference must be made at least 20 days in advance of trial. Rules Civ.Proc., Rule 16(d). | Is there a requirement that a pre-trial conference must be conducted 20 days before trial? | 026436.docx | LEGALEASE-00130351-LEGALEASE-00130352 |
| Hoerner v. ANCO Insulations, 2000-2333 (La. App. 4 Cir. 1/23/02), 812 So. 2d 45 | 157+546 | Discretion of a trial judge to determine whether to allow a witness to testify as an expert includes the right to determine the admissibility of a witness' testimony, whether that witness is brought in rebuttal or one that was not listed on the pre-trial order. LSA-C.C.P. art. 1551. | Are rebuttal witnesses required to be listed on a pre-trial order? | Pretrial Procedure - Memo # 1442 - C - SKG.docx | LEGALEASE-00020493-LEGALEASE-00020494 |
| Succession of Harrell v. Erris-Omega Plantation, 2012-696 (La. App. 3 Cir | 307A+747.1 | Trial court has wide discretion to provide for pretrial orders and to ensure that the terms of the order are enforced. LSA-C.C.P. art. 1551. | Does a trial court have wide discretion to provide for pretrial orders and to ensure that the terms of the order are enforced? | Pretrial Procedure - Memo # 1453 - C - PC.docx | ROSS-003314011-ROSS-003314012 |
| Clouser v. Spaniol Ford, 522 P.2d 1360 | 307A+747.1 | A pretrial order should be entered sufficiently ahead of time to allow litigants time to prepare for trial. | Should a pretrial order be entered sufficiently ahead of time to allow litigants time to prepare for trial? | 026657.docx | LEGALEASE-00130400-LEGALEASE-00130401 |
| Blackford v. Boone Cty. Area Plan Comm'n, 43 N.E.3d 655 | 307A+717.1 | Continuances to allow time for additional preparation are generally disfavored and require a showing of good cause and how it is in the interests of justice; furthermore, a continuance requested for the first time on the morning of trial is not favored. Trial Procedure Rule 53.5. | Are continuances to allow time for additional preparation generally disfavored by the court? | Pretrial Procedure - Memo # 1603 - C - PC.docx | ROSS-003300599-ROSS-003300600 |
| Hirsch v. Gen. Motors Corp., 266 N.J. Super. 222 | 379+316 | For destruction of evidence to be intentional, it need not rise to level of malicious or evil minded act; intent can be inferred where action has not been commenced and there is only a potential for litigation, litigant is under duty to preserve evidence which it knows or reasonably should know is relevant to the action, and litigant fails to do so. | Is a defendant under a duty to preserve evidence which it knows or reasonably should know is relevant to the action? | 026826.docx | LEGALEASE-00130621-LEGALEASE-00130622 |
| Livernois v. Brandt, 225 Cal. App. 2d 301 | 307A+749.1 | The pretrial order supersedes issues raised by pleadings and controls subsequent course of case as long as it remains unmodified. Cal.Rules of Court, rule 216. | Does an issue raised in a pretrial order supersede an issue raised in the pleadings? | Pretrial Procedure - Memo # 1705 - C - DA.docx | LEGALEASE-00020688-LEGALEASE-00020689 |
| Murcott v. Best W. Int'l, 198 Ariz. 349 | 307A+749.1 | A joint pre-trial statement controls the subsequent course of litigation and may amend the pleadings. | Does a joint pre-trial statement control the subsequent course of litigation and may amend the pleadings? | 026932.docx | LEGALEASE-00130453-LEGALEASE-00130454 |
| Ridley v. Turner, 335 Ga. App. 108 | 307A+750 | Generally, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order. West's Ga.Code Ann. S 9-11-16(b). | "Can a party advance theory or offer evidence that violate the terms of a pretrial order, unless the pretrial order is modified at or before trial?" | 026959.docx | LEGALEASE-00130776-LEGALEASE-00130778 |
| Schowalter v. Washington Mut. Bank, 275 Ga. App. 182 | 307A+750 | Claim or issue, though previously raised in pleadings, is waived when it is omitted from the pretrial order. | "Does a claim or issue get waived if it is omitted from a pretrial order, though previously raised in pleadings?" | Pretrial Procedure - Memo # 1768 - C - PC.docx | ROSS-003301227-ROSS-003301228 |
| Chapital v. Orleans Par. Sch. Bd., 780 So. 2d 1110 | 307A+749.1 | Pretrial conference is an invaluable tool for promoting a fair and speedy trial, and thus pretrial orders should be strictly adhered to by the parties. | Is pretrial conference an invaluable tool for promoting a fair and speedy trial? | 026989.docx | LEGALEASE-00131223-LEGALEASE-00131224 |
| Bump v. Firemens Ins. Co. of Newark, N.J., 221 Neb. 678 | 307A+750 | Pretrial conferences are conducted to simplify and narrow issues presented in a case, and issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | "Do issues specified at pretrial conference, control issues on which case is tried?" | 027360.docx | LEGALEASE-00130559-LEGALEASE-00130560 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Elwood v. Panhandle Concrete Co., 236 Neb. 751 | 307A+750 | Issues specified at pretrial conference control course of action and, unless altered by court, constitute issues on which case is tried. | "Do the issues specified at a pretrial conference, control the course of an action?" | 027362.docx | LEGALEASE-00130988-LEGALEASE-00130989 |
| Dunlop v. Dist. Court of Greene Cty., 214 Iowa 389 | 307A+331 | Statutory proceeding for production of material papers is analogous to equity practice under bill of discovery (Code 1931, SS 11129, 11316, 11317). | Is the statutory proceeding for production of material papers analogous to equity practice under a bill of discovery? | 027370.docx | LEGALEASE-00130689-LEGALEASE-00130690 |
| Carle Found. v. Illinois Dep't of Revenue, 396 Ill. App. 3d 329 | 361+1384 | Statutes are to be construed in reference to the principles of common law and it is not to be presumed that the legislature intends to make any innovation upon the common law further than the case absolutely requires. | Are exposition statutes to be construed in reference to the principles of the common law? | 027373.docx | LEGALEASE-00130743-LEGALEASE-00130744 |
| In re Marcucci, 256 B.R. 685 | 371+2001 | "Taxes" are generally defined as pecuniary burdens laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it. | Do taxes have a regard to an individual's consent? | 044523.docx | LEGALEASE-00130986-LEGALEASE-00130987 |
| Hennepin Cty. v. Fed. Nat. Mortg. Ass'n, 933 F. Supp. 2d 1173 | 371+2001 | "Capitations" are taxes paid by every person, without regard to property, profession, or any other circumstance. | "Are ""capitations"" taxes paid by every person, without regard to property, profession, or any other circumstance?" | Taxation - Memo # 111 - C - CK.docx | ROSS-003328873-ROSS-003328875 |
| State ex rel. City of Seattle v. Dep't of Pub. Utilities of Wash., 33 Wash. 2d 896 | 371+2001 | A "tax" is an enforced contribution of money assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities and it is not a debt or contract in the ordinary sense but it is an exaction in the strictest sense of the word. | Is tax a debt? | Taxation - Memo # 123 - C - CK.docx | LEGALEASE-00021094-LEGALEASE-00021095 |
| Am. Life & Acc. Ins. Co. of Kentucky v. Com., 173 S.W.3d 910 | 371+2001 | The character of a tax is determined by its operation, effect, and incidents, not by the label the legislature appends in the statute. | "Is the character of a tax determined by its operation, effect, and incidents, not by the label the legislature appends in the statute?" | 044741.docx | LEGALEASE-00130919-LEGALEASE-00130920 |
| In re George, 361 F.3d 1157 | 371+2001 | "Tax" is a pecuniary burden laid upon individuals or property for the purpose of supporting the government, as distinguished from a "penalty," which is an exaction imposed by statute as punishment for an unlawful act. | Is penalty an exaction? | 044762.docx | LEGALEASE-00130976-LEGALEASE-00130978 |
| United States v. Reorganized CF & I Fabricators of Utah, 518 U.S. 213 | 51+2954.1 | For priority purposes, when determining whether exaction is tax, or penalty or debt, "tax" is enforced contribution to provide for support of government while "penalty" is exaction imposed by statute as punishment for unlawful act. | Is penalty an exaction imposed by statute as punishment for an unlawful act? | 044765.docx | LEGALEASE-00130992-LEGALEASE-00130993 |
| Silicon Valley Taxpayers Ass'n v. Santa Clara Cty. Open Space Auth., 44 Cal. 4th 431 | 371+2061 | Unlike a special assessment, a tax can be levied without reference to peculiar benefits to particular individuals or property. | Can a tax be levied without reference to peculiar benefits to particular individuals or property? | 046117.docx | LEGALEASE-00130740-LEGALEASE-00130742 |
| Mediterranean Enterprises v. Ssangyong Corp., 708 F.2d 1458 | 25T+143 | Counts alleging breach of agreement and breach of fiduciary duty created by agreement clearly fell within scope of arbitration clause providing for arbitration of "any disputes arising hereunder," and thus were proper subjects for arbitration. | Can claims of breach of contract and breach of fiduciary duty be subject to arbitration? | 007440.docx | LEGALEASE-00131811-LEGALEASE-00131812 |
| Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship, 784 F. Supp. 1223 | 95+179 | Under New York law, where contract is signed by individual who does not indicate that individual is signing as agent on behalf of disclosed principal, individual is deemed to be contracting on individual's own behalf. | Is an agent deemed to be contracting on his own behalf when he does not indicate that he is signing as agent on behalf of a disclosed principal? | Alternative Dispute Resolution - Memo 570 - RK.docx | ROSS-003312536-ROSS-003312537 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Aktepe v. USA, 105 F.3d 1400 | 34+3(1) | Political branches of government are accorded particularly high degree of deference in area of military affairs. | Are the political branches of government accorded a higher degree of deference in the area of military affairs? | Armed Services - Memo 83 - RK.docx | ROSS-003286623-ROSS-003286624 |
| Pierce v. Hand, Arendall, Bedsole, Greaves & Johnston, 678 So.2d 765 | 46H+160 | Partnership agreements, such as law firm partnership agreement, avoid automatic dissolution of firm upon withdrawal of a partner by fixing the amount of deferred compensation the partner will be allowed upon withdrawal; otherwise, partnership would automatically dissolve upon withdrawal of partner and he would be entitled to an accounting for the amount of his interest in the dissolved partnership. | Does the withdrawal of a partner constitute an automatic dissolution? | 022195.docx | LEGALEASE-00132493-LEGALEASE-00132494 |
| Indep. Tr. Corp. v. Stan Miller, 796 P.2d 483 | 307A+749.1 | Pretrial conferences and orders are tools for simplifying issues with eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether. | "What are pretrial conferences and orders, tools for?" | Pretrial Procedure - Memo # 1482 - C - ES.docx | ROSS-003328291-ROSS-003328292 |
| Ingbretson v. Louisiana-Pac. Corp., 272 Mont. 294 | 307A+750 | Pretrial order should be liberally construed to permit any issues at trial that are embraced within its language. | Should a Pretrial order be liberally construed to permit any issues at trial that are embraced within its language? | 027244.docx | LEGALEASE-00131864-LEGALEASE-00131865 |
| Bass-Davis v. Davis, 122 Nev. 442 | 307A+331 | The prelitigation duty to preserve evidence is imposed once a party is on notice of a potential legal claim. | Is the prelitigation duty to preserve evidence imposed once a party is on notice of a potential legal claim? | 027246.docx | LEGALEASE-00131883-LEGALEASE-00131884 |
| Jabbia v. Sanders, 499 So. 2d 1070 | 307A+717.1 | Party moving for continuance, to be entitled to mandatory continuance, may not merely show that material witness has absented himself, but must also demonstrate materiality of testimony of missing witness. LSA-C.C.P. art. 1602. | "To be entitled to a mandatory continuance, must a mover demonstrate the materiality of the testimony of the missing witness?" | 027422.docx | LEGALEASE-00131998-LEGALEASE-00131999 |
| Mobile Cab & Baggage Co. v. Busby, 277 Ala. 292 | 307A+717.1 | To warrant continuance because of absence of witness movant must show that testimony of absent witness would be more than cumulative. | "To warrant continuance because of the absence of a witness, must a movant show that testimony of an absent witness would be more than cumulative?" | 027467.docx | LEGALEASE-00132284-LEGALEASE-00132285 |
| Stephens v. Bi-State Dev. Agency, 439 S.W.2d 252 | 307A+717.1 | Generally, in order for absence of a witness to be grounds for a continuance there must be a probability the testimony can be obtained at a certain future time or within a reasonable time. V.A.M.R. Civil Rule 65.04(2, 3). | When will the absence of a witness be grounds for a continuance? | Pretrial Procedure - Memo # 2243 - C - SKG.docx | ROSS-003301629-ROSS-003301630 |
| J & J Container Mfg. v. Cintas-R U.S., 516 S.W.3d 635 | 307A+517.1 | Nonsuits and dismissals other than those made on the merits put the parties in the positions they occupied before suit was filed. | Do nonsuits and dismissals other than those made on the merits put the parties in the positions they occupied before suit was filed? | 027625.docx | LEGALEASE-00132372-LEGALEASE-00132374 |
| Fox v. Hinderliter, 222 S.W.3d 154 | 198H+805 | Trial court had duty to determine whether expert's report met statutory requirements in medical malpractice action and to determine whether defendant physician was entitled to costs, attorney fees, and sanctions for inadequate report after patient filed motion for nonsuit, given that motion for nonsuit had no effect on physician's motion under procedural rules, and physician properly renewed his request for ruling on his original motion. V.T.C.A., Civil Practice & Remedies Code S 74.351(b). | "Although rule regarding nonsuits allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after a nonsuit is filed, does the rule forestall the nonsuit's effect of rendering the merits of the case moot?" | 027666.docx | LEGALEASE-00132311-LEGALEASE-00132312 |
| A.T. ex rel. T.T. v. Cohen, 445 N.J. Super. 300 | 307A+515.1 | The decision whether to dismiss a matter without prejudice under the rule authorizing a voluntary dismissal of an action by an order of the court lies within the judge's sound discretion. N.J. Ct. R. 4:37-1(b). | "When a party moves to voluntarily dismiss an action, what are all the matters that lie within the court's sound discretion?" | 027676.docx | LEGALEASE-00132325-LEGALEASE-00132326 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Vargas v. Chavez ex rel. Chavez, 327 S.W.3d 338 | 307A+517.1 | After a nonsuit, a trial court retains jurisdiction to consider defendant's motion for certain types of sanctions. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "After a nonsuit, does a trial court retain jurisdiction to consider defendant's motion for certain types of sanctions?" | 027733.docx | LEGALEASE-00131871-LEGALEASE-00131872 |
| CHCA Woman's Hosp. v. Lidji, 369 S.W.3d 488 | 307A+517.1 | A voluntary nonsuit extinguishes a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court, and it renders the merits of the nonsuited case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit render the merits of the nonsuited case moot? | Pretrial Procedure - Memo # 2345 - C - KG.docx | ROSS-003313500-ROSS-003313501 |
| J.G. v. Gavigan, 487 S.W.3d 509 | 307A+517.1 | When a plaintiff has voluntarily dismissed his or her petition, the legal situation is as though the suit had never been brought; no steps can be taken, and any step attempted in the dismissed suit is a nullity. | "When a plaintiff has voluntarily dismissed his or her petition, is the legal situation as though the suit had never been brought?" | Pretrial Procedure - Memo # 2361 - C - VP.docx | ROSS-003301694-ROSS-003301695 |
| Long v. Bellamy, 296 Ga. App. 263 | 307A+517.1 | A renewed lawsuit is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew. West's Ga.Code Ann. S 9-2-61(a). | Is a renewed lawsuit an action de novo? | Pretrial Procedure - Memo # 2379 - C - TM.docx | LEGALEASE-00021959-LEGALEASE-00021960 |
| Joachim v. Travelers Ins. Co., 279 S.W.3d 812 | 307A+517.1 | A nonsuit extinguishes a case or controversy the moment it is filed with the court clerk or requested in open court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit extinguish a case or controversy the moment it is filed with the court clerk or requested in open court? | Pretrial Procedure - Memo # 2382 - C - TM.docx | ROSS-003286604-ROSS-003286606 |
| Bryant v. Williams, 161 N.C. App. 444 | 307A+517.1 | Where the complaint is voluntarily dismissed, plaintiff is returned to the legal position enjoyed prior to filing of the complaint. | "Where the complaint is voluntarily dismissed, is the plaintiff returned to the legal position enjoyed prior to filing of the complaint?" | Pretrial Procedure - Memo # 2385 - C - TM.docx | ROSS-003288235-ROSS-003288237 |
| Kelly v. Colston, 977 So. 2d 692 | 307A+517.1 | If the petitioner files a voluntary dismissal before "submission" of case to the court occurs, any further orders are null and void. West's F.S.A. RCP Rule 1.420. | "If the petitioner files a voluntary dismissal before ""submission"" of case to the court occurs, are any further orders null and void?" | Pretrial Procedure - Memo # 2406 - C - ES.docx | ROSS-003314960-ROSS-003314961 |
| Bldg. Indus. Ass'n of the Bay Area v. City of San Ramon, 4 Cal. App. 5th 62, 85,Äì86, 208 Cal. Rptr. 3d 320 | 371+2001 | A tax is a "special tax" under state constitution whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which revenues may be spent. Cal. Const. art. 13C, S 1(d). | Do special taxes provide revenue for a specific or limited purpose? | 044653.docx | LEGALEASE-00131532-LEGALEASE-00131533 |
| City of Pasadena v. Chamberlain, 1 Cal. App. 2d 125 | 268+426 | Where there is legislative authority therefor, property owned by municipality and devoted to public use may be liable for special assessment for public improvements. | "Is legislative authority essential for a ""special assessment"" made on a public property?" | Taxation - Memo # 307 - C - CK.docx | ROSS-003286860-ROSS-003286861 |
| Com. v. Thomas Heavy Hauling, 889 S.W.2d 807 | 371+2001 | Designation given particular monetary burden by legislature is not conclusive in determining whether it is a tax. | "Is a designation given to a particular monetary burden by the legislature, conclusive in determining whether it is a tax?" | 044990.docx | LEGALEASE-00132169-LEGALEASE-00132170 |
| Town of Amherst v. Brewster Mews Hous. Co., 133 A.D.3d 1317 | 371+2001 | Taxes do not rest upon contract, express or implied; they are obligations imposed upon citizens to pay the expenses of government. | Are taxes obligations imposed upon citizens to pay the expenses of government? | Taxation - Memo # 92 - C - SU.docx | LEGALEASE-00022309-LEGALEASE-00022311 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 399+1 | The loitering and prowling statute is not to be used as a "catchall" provision whereby police may arrest citizens where there is no other basis which would justify their detention; instead, the proper application of this statute requires a delicate balancing between the protection of the rights of individuals and the protection of individual citizens from imminent criminal danger to their persons or property. West's F.S.A. S 856.021(1). | Can the loitering statute be used as a catchall provision? | Vagrancy - Memo 10 - SB.docx | ROSS-003314733-ROSS-003314734 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Cavan, 84 Misc. 2d 510 | 63+1(1) | Benefit offered, within statute proscribing bribery in second degree, must not be so remote, abstract, or theoretical as to create speculation as to its ultimate value to the receiver. Penal Law SS 10.00, subd. 17, 200.00. | "Can a benefit be remote, abstract, or theoretical as to create speculation as to its ultimate value to the receiver?" | Bribery - Memo #227 - C-CSS.docx | LEGALEASE-00022387-LEGALEASE-00022388 |
| United States v. McDonnell, 792 F.3d 478 | 63+1(1) | The solicitation or acceptance of a bribe completes the crime, regardless of whether recipient completes, or even commences, the "official act" the bribe payor sought to influence. 18 U.S.C.A. S 201(b)(2). | Is bribery of a public official complete when the bribe is solicited or accepted? | Bribery - Memo #247 - C-LB.docx | ROSS-003285753-ROSS-003285754 |
| United States v. Tomblin, 46 F.3d 1369 | 63+1(1) | Intending to make campaign contribution does not constitute bribery, even though many contributors hope that official will act favorably because of their contributions. 18 U.S.C.A. S 201. | Does intending to make a campaign contribution constitute bribery? | 011416.docx | LEGALEASE-00133296-LEGALEASE-00133297 |
| United States v. Peleti, 576 F.3d 377 | 63+1(1) | Public official can act "corruptly," as would support conviction for bribery, without intending to be influenced; officer need only solicit or receive the money on the representation that the money is for the purpose of influencing his performance of some official act. 18 U.S.C.A. S 201(b)(2)(A). | Is it possible for a public official to corrupt bribery statute without intending to be influenced? | 011453.docx | LEGALEASE-00133060-LEGALEASE-00133061 |
| Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48 | 289+741(1) | Under New York law, a partnership cause of action belongs only to the partnership itself or the partners jointly, and an individual member of the partnership may only sue and recover on a partnership obligation on the partnership's behalf. | Does a partnership cause of action belong only to the partnership itself? | Partnership - Memo 252 - RK.docx | ROSS-003287349-ROSS-003287350 |
| U.S. v. Wilson, 59 F.2d 97 | 23H+731 | On employing agent to sell compound, containing, or popularly known to contain, qualities and substances designed for use in manufacturing alcoholic liquors, and so used must see that it is sold in harmony with sovereign will. | Will a partner or a principal be liable for the criminal acts of his associates or agent? | 022137.docx | LEGALEASE-00133543-LEGALEASE-00133544 |
| Life Ins. Co. of Ga. v. Chenault, 252 S.W.2d 851 | 302+8(15) | Mere averments of fraud and misrepresentation, without statement of facts showing wherein and how they were committed, is only the conclusion of the pleader, and facts constituting the fraud or misrepresentation must be alleged to sustain a cause of action or defense. | "Is an averment of fraud and misrepresentation, without statement of facts, only the conclusion of the pleader?" | 023251.docx | LEGALEASE-00133138-LEGALEASE-00133139 |
| Carroll v. Pfeffer, 262 F.3d 847 | 170A+1935.1 | Although an order on a final pretrial conference normally controls the subsequent course of action, the order can be modified to prevent manifest injustice. Fed.Rules Civ.Proc.Rule 16(e), 28 U.S.C.A. | Does a pretrial order control subsequent course of action? | 027146.docx | LEGALEASE-00133166-LEGALEASE-00133167 |
| King v. Thompkins, 186 Ga. App. 12 | 307A+749.1 | Pretrial order controls subsequent course of action unless modified at trial to prevent manifest injustice; if claim or issue is omitted from pretrial order, it is waived. O.C.G.A. S 9-11-16(b). | Is an issue not raised in pretrial order treated as waived? | 027155.docx | LEGALEASE-00133121-LEGALEASE-00133122 |
| Walters v. First Fed. Sav. & Loan Ass'n of Phoenix, 131 Ariz. 321 | 307A+750 | Trial court may refuse to give an instruction to jury on an issue not embodied in pretrial order. 16 A.R.S. Rules Civ.Proc., Rule 16(a). | Can a court refuse to give an instruction to jury on an issue not embodied in pretrial order? | Pretrial Procedure - Memo # 1910 - C-SJ.docx | ROSS-003301499-ROSS-003301500 |
| Dean v. Gainesville Stone Co., 120 Ga. App. 315 | 307A+331 | Under Civil Practice Act, trial judge is authorized to direct parties to action to produce pertinent documents for inspection, copying or photographing. Code, S 81A-134(a). | Can an inspection of books and papers of a party be obtained through a proceeding or authorization for such inspection? | 027167.docx | LEGALEASE-00133103-LEGALEASE-00133104 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sanders v. City of Kansas City, 18 Kan. App. 2d 688 | 307A+331 | Party to lawsuit may request another party to produce documents which are within scope of discovery and which are in possession, custody, or control of party upon whom request is served, and if party fails to respond to such request district court in which action is pending may upon motion dismiss action. Rules Civ.Proc., K.S.A. 60-234(a)(1), 60-237(b)(2)(C), (d)(3). | "Can a party be required to produce only those items which are in its possession, custody or control?" | Pretrial Procedure - Memo # 1955 - C - VA.docx | ROSS-003286422-ROSS-003286424 |
| City of Dallas v. Albert, 354 S.W.3d 368 | 307A+517.1 | If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "If a claim is timely nonsuited, is the controversy as to that claim extinguished, the merits become moot, and jurisdiction as to the claim is lost? " | Pretrial Procedure - Memo # 2421 - C - SHS.docx | LEGALEASE-00022864-LEGALEASE-00022865 |
| Roberts v. Wells Fargo Bank, N.A., 406 S.W.3d 702 | 307A+517.1 | When nonsuit is filed after an unfavorable partial summary judgment has been entered against a claimant, the nonsuit is with prejudice as to those claims of which the judgment has disposed; this concept promotes judicial efficiency, protects parties from multiple lawsuits, and prevents inconsistent judgments through the preclusion of matters that have already been decided or which could have been litigated in a prior suit. Vernon's Ann.Texas Rules Civ.Proc., Rules 162, 166a(c). | "When a claimant nonsuits after an unfavorable partial summary judgment, is the nonsuit with prejudice as to the claims disposed of by the judgment?" | Pretrial Procedure - Memo # 2423 - C - SHS.docx | ROSS-003287516-ROSS-003287517 |
| Herrell v. Maddux, 217 Kan. 192 | 307A+749.1 | Generally, a pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | "Generally, does a pretrial order which specifies the issues to be tried supersede and replace the pleadings?" | 027944.docx | LEGALEASE-00132658-LEGALEASE-00132659 |
| Bevard v. Kelly, 15 Neb. App. 960 | 307A+517.1 | When a case is voluntarily dismissed by a party, the controversy between the parties upon which a court may act ends. | "When a case is voluntarily dismissed by a party, may the controversy between the parties upon which a court may act ends?" | 028001.docx | LEGALEASE-00133368-LEGALEASE-00133369 |
| Syufy Enterprises v. City of Oakland, 104 Cal. App. 4th 869 | 336H+85 | Master lessor's voluntary dismissal without prejudice of its unlawful detainer action against subtenant, before commencement of trial on remand from Appellate Division of Superior Court, was not a final judgment on the merits, and thus, master lessor was not collaterally estopped from relitigating the issue of whether, after master lessee was deemed to have rejected the nonresidential real estate lease in bankruptcy, subtenant had right to remain in possession of the property. West's Ann.Cal.C.C.P. S 581. | Is a voluntary dismissal without prejudice a final judgment on the merits? | Pretrial Procedure - Memo # 2506 - C - RY.docx | ROSS-003288068-ROSS-003288069 |
| Skevofilax v. Aventis Pasteur, 167 Md. App. 1 | 307A+517.1 | A plaintiff's motion for voluntary dismissal may be granted with or without prejudice, a decision that is discretionary with the trial court. Md.Rule 2-506(b). | "Can a motion for voluntary dismissal be granted with or without prejudice, a decision that is discretionary with the trial court?" | Pretrial Procedure - Memo # 2555 - C - NS.docx | ROSS-003301563-ROSS-003301564 |
| State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs., 100 Ohio App. 3d 592 | 307A+517.1 | Filing of voluntary dismissal immediately divests trial court of jurisdiction to go forward in matter. Rules Civ.Proc., Rule 41(A)(1). | Does the filing of a voluntary dismissal immediately divest a trial court of jurisdiction to go forward in a matter? | 028364.docx | LEGALEASE-00132706-LEGALEASE-00132707 |
| Leon Springs Gas Co. v. Rest. Equip. Leasing Co., 961 S.W.2d 574 | 307A+517.1 | Nonsuit rendered moot matters raised in pending motion for partial summary judgment. | Does a nonsuit render moot matters raised in pending motion for partial summary judgment? | 028391.docx | LEGALEASE-00132884-LEGALEASE-00132885 |
| Rakes v. Fulcher, 210 Va. 542 | 307A+359 | Discovery procedures were not intended to open an attorney's files to opposing counsel; nor were they intended to afford an attorney the luxury of having opposing counsel investigate his case for him. Supreme Court of Appeals Rules, rule 4:9. | Are discovery procedures not intended to open an attorney's files to opposing counsel? | 028609.docx | LEGALEASE-00133164-LEGALEASE-00133165 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stubbs v. Strickland, 129 Nev. Adv. Op. 15 | 307A+517.1 | After plaintiff files a notice of voluntary dismissal, the file is closed and defendant may not revive the action. Rules Civ.Proc., Rule 41(a)(1)(i). | "After plaintiff files a notice of voluntary dismissal, is the file closed and a defendant may not revive the action?" | 028611.docx | LEGALEASE-00132980-LEGALEASE-00132981 |
| Molczyk v. Molczyk, 285 Neb. 96 | 307A+517.1 | An order of dismissal or dismissal by operation of law divests a court of jurisdiction to take any further action in the matter. | Does an order of dismissal or dismissal by operation of law divest a court of jurisdiction to take any further action in the matter? | 028613.docx | LEGALEASE-00132984-LEGALEASE-00132985 |
| Ilagan v. McAbee, 634 N.E.2d 827 | 307A+517.1 | Under common law, where action is voluntarily dismissed without prejudice situation is as though no action had ever been brought. Trial Procedure Rule 41(A)(1). | "Under common law, where action is voluntarily dismissed without prejudice, is the situation as though no action had ever been brought?" | 028627.docx | LEGALEASE-00133036-LEGALEASE-00133037 |
| Rondeau v. State, 48 N.E.3d 907 | 307A+486 | Whether to grant a request to withdraw or amend admissions, including in a postconviction proceeding, is a matter within the trial court's discretion. Trial Procedure Rule 36(B). | Is the question of whether to grant a request for leave to withdraw admissions a matter committed to the sound discretion of the trial court? | Pretrial Procedure - Memo # 2857 - C - NS.docx | ROSS-003286738-ROSS-003286739 |
| Coastal Oil & Gas Corp. v. Garza Energy Tr., 268 S.W.3d 1 | 386+7 | A trespass against a possessory interest does not require actual injury to be actionable and may result in an award of nominal damages. | Can nominal damages be awarded for a trespass against a possessory interest without an actual injury? | 047308.docx | LEGALEASE-00133253-LEGALEASE-00133254 |
| State v. Christensen, 517 S.W.3d 60 | 386+10 | In law every entry upon the soil of another, in the absence of a lawful authority, without the owner's license, is a trespass. | Is the entry upon the soil of another without the owner's license regarded as a trespass? | 047346.docx | LEGALEASE-00133444-LEGALEASE-00133445 |
| Jewell v. United States, 274 F. Supp. 381 | 413+1 | The compensation laws look not to the cause of the injury nor to the negligence involved but to the actual injury, the damage to the workman. 18 U.S.C.A. S 4126. | "Do compensation laws look to the cause of the injury and the negligence involved, or to the actual injury, being the damage to the workman?" | 047854.docx | LEGALEASE-00132892-LEGALEASE-00132893 |
| Deauville v. Hall, 188 Cal. App. 2d 535 | 413+1 | Under Workmen's Compensation Act, liability is imposed, neither strictly in tort nor in contract, incident to the status of employment. | "Under the Workmens Compensation Act, is the liability imposed incident to the status of employment?" | 047895.docx | LEGALEASE-00133086-LEGALEASE-00133087 |
| Stover v. Washington Cty., 63 Idaho 145 | 413+1 | The administration of Workmen's Compensation Law and benefits accruing thereunder to workmen and employees is a fixed principle of public policy of Idaho. Code 1932, S 43-902. | Does the administration or enactment of workmens compensation laws demonstrate the public policy of the various states? | 047967.docx | LEGALEASE-00133430-LEGALEASE-00133431 |
| Employers' Liab. Assur. Corp. v. Matlock, 151 Kan. 293 | 413+1 | The Compensation Act is a comprehensive act and covers every phase of a workman's right to compensation and the procedure for obtaining it. Gen.St.1935, 44-501 et seq. | Is the Workers Compensation Act a comprehensive act that covers every phase of a workmans right to compensation and the procedure for obtaining it? | 047973.docx | LEGALEASE-00133452-LEGALEASE-00133453 |
| Mehler v. Terminix Int'l Co. L.P., 205 F.3d 44 | 25T+213(5) | Court of Appeals reviews de novo district court's determination of whether claims are within scope of arbitration clause, either because claims arise under contract containing broad arbitration clause, or because they relate to contract containing the clause. | Does the question of whether a claim or a set of claims arises out of or relates to the particular contract in which the arbitration clause is found comes under the purview of courts? | 007538.docx | LEGALEASE-00133630-LEGALEASE-00133631 |
| Werths v. Dir., Div. of Child Support Enf't, 95 S.W.3d 136 | 307A+517.1 | Voluntary dismissal of an action is effective when filed and needs no order or judgment of the court confirming the dismissal. V.A.M.R. 67.02. | Is a voluntary dismissal of an action effective when filed and needs no order or judgment of the court confirming the dismissal? | Pretrial Procedure - Memo # 2606 - C - KA.docx | ROSS-003302959-ROSS-003302960 |
| Saddle Signs v. Adrian, 272 Ill. App. 3d 132 | 307A+501 | Plaintiff's absolute right to voluntary dismissal without prejudice is not affected by any hardship to defendant. S.H.A. 735 ILCS 5/2-1009. | Is the plaintiff's absolute right to a voluntary dismissal without prejudice affected by any hardship to a defendant? | 028257.docx | LEGALEASE-00133614-LEGALEASE-00133615 |
| Tire Distributors v. Cobrae, 132 Cal. App. 4th 538 | 307A+517.1 | When a voluntary dismissal has properly been filed by the plaintiff, the trial court loses jurisdiction to act in the case. West's Ann.Cal.C.C.P. S 581(b, c). | "When a voluntary dismissal has properly been filed by the plaintiff, does the trial court lose jurisdiction to act in the case?" | Pretrial Procedure - Memo # 2618 - C - KG.docx | ROSS-003290727-ROSS-003290728 |
| State ex rel. Melbourne Hotel Co. v. Hostetter, 344 Mo. 472 | 413+1 | The Workmen's Compensation Act is a complete code governing all questions of substantive right under its terms. V.A.M.S. S 287.010 et seq. | Is the workmens compensation act a complete code governing all questions of substantive rights under its terms? | Workers Compensation - Memo #259 ANC.docx | ROSS-003290992-ROSS-003290993 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Owens v. Brown, 455 F. Supp. 291 | 34+3(1) | A high degree of deference is owed to the political branches of government in the area of military affairs. U.S.C.A.Const. art. 1, S 8, cl. 14; art. 2, S 2, cl. 1. | Is a high degree of deference owed to the political branches of government in the area of military affairs? | 008376.docx | LEGALEASE-00133742-LEGALEASE-00133744 |
| United States v. Haese, 162 F.3d 359 | 63+1(1) | Statute prohibiting the giving, offering, or promising anything of value to witness for or because of his testimony is not intended to be used when prosecutors offer lenity for witness' truthful testimony; to interpret statute in any other way would apply shackles to government in its pursuit to enforce the law. 18 U.S.C.A. S 201(c)(2). | Does leniency in exchange for testimony of a co-conspirator violate the anti-bribery statute? | 011196.docx | LEGALEASE-00133844-LEGALEASE-00133845 |
| United States v. King, 351 F.3d 859 | 110+772(5) | A deliberate ignorance jury instruction allows the jury to impute knowledge to the defendant of what should be obvious to him, if it finds, beyond a reasonable doubt, a conscious purpose to avoid enlightenment. | What is a deliberate ignorance jury instruction? | 011204.docx | LEGALEASE-00133872-LEGALEASE-00133874 |
| Keeler v. Gen. Prod., 137 Conn. 247 | 308+116(1) | If agent is within apparent scope of his authority, principal is bound even though agent acts contrary to instructions of principal. | "If an agent acts within the scope of his authority, will principal be liable for acts that are contrary to his instructions?" | 042136.docx | LEGALEASE-00133745-LEGALEASE-00133746 |
| Cty. of Westchester v. Town of Harrison, 201 Misc. 211 | 371+2001 | "General taxes" are those imposed for general support of government and in return for government's benefits which are general in character and for the common welfare. Real Property Law, S 500 et seq.; Tax Law, S 4, subd. 3. | Are taxes or general taxes those imposed for general support of government and in return for government's benefits that are general in character and for the common welfare? | 045123.docx | LEGALEASE-00133902-LEGALEASE-00133903 |
| Mayor & City Council of Baltimore v. Perrin, 178 Md. 101 | 371+2411 | The "levying" or "imposition" of taxes is constituted of the provisions of law which determine or work out the determination of the persons or property to be taxed, the sums to be raised, the rate, and the time and manner of levying, receiving, and collecting, and it conclusively establishes the sum to be paid by each person taxed or to be borne by property specially assessed, creates a fixed demand in favor of the state or a subordinate governmental agency, and a definite obligation, and prescribes the manner of its voluntary or enforced fulfillment. | What does levying of taxes constitute? | 045128.docx | LEGALEASE-00133891-LEGALEASE-00133892 |
| Banks v. United States, 119 Fed. Cl. 254 | 34+5(6) | Where a member of the military resigns or retires, his decision is presumed to be voluntary, so that his case does not fit within the scope of the Military Pay Act, and to overcome this presumption of voluntary separation from service, it is a plaintiff's burden to demonstrate otherwise, essentially showing that his decision was not freely made, which may be accomplished by showing that his separation was a result of government misrepresentation, coercion, or duress. 37 U.S.C.A. S 204. | Who has the burden of proving otherwise that a decision to resign or retire was not voluntary? | 008453.docx | LEGALEASE-00134102-LEGALEASE-00134103 |
| United States v. Butler, 637 F.3d 519 | 34+5(3) | The general prerequisites for military discharge are delivery of a valid discharge certificate, a final accounting of pay made, and the clearing process required under appropriate service regulations. 10 U.S.C.A. S 1168(a). | What are the general perquisites of a valid military discharge? | 008455.docx | LEGALEASE-00134112-LEGALEASE-00134113 |
| Alhassan v. Hagee, 424 F.3d 518 | 34+5(4) | A conscientious objector has no constitutional or statutory right to be discharged from active service after voluntary enlistment. | Does a conscientious objector have a constitutional or statutory right to be discharged from active service after voluntary enlistment? | 008474.docx | LEGALEASE-00134206-LEGALEASE-00134207 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mason v. Blayton, 119 Ga. App. 203 | 172H+593 | Drawer of check has right, at any time prior to acceptance by bank, to stop payment, but stopping of payment does not discharge drawer's liability to payee or holder. | Is therevocation of the bank's authority to pay the check discharge the drawers liability to the payee or holder? | 010217.docx | LEGALEASE-00133956-LEGALEASE-00133957 |
| United States v. Terry, 707 F.3d 607 | 63+1(1) | As most bribery agreements will be oral and informal, the question of whether alleged bribery of a public official involves the requisite payments in connection with an agreement is one of inferences taken from what the participants say, mean, and do, all matters that juries are fully equipped to assess. 18 U.S.C.A. S 201(b)(2). | Can bribery agreements be oral and informal? | 011232.docx | LEGALEASE-00134031-LEGALEASE-00134033 |
| United States v. Ganim, 510 F.3d 134 | 63+14 | Although inclusion of word "rewarded" in jury instruction for bribery involving programs receiving federal funds introduced unnecessary ambiguity, by possibly implying illegal gratuity theory not pursued by government, it was not clear or obvious that using word "reward" was error, particularly when phrase "influenced or rewarded" appeared in statute, and, in light of requirement that jury find "specific quid pro quo," jury necessarily convicted defendant of bribery, rather than lesser included offense of receiving illegal gratuities, and therefore any error was not "plain error" warranting reversal. 18 U.S.C.A. S 666. | Is gratuity a lesser-included offense of bribery? | 011268.docx | LEGALEASE-00134367-LEGALEASE-00134368 |
| Tom Green Cty. v. Moody, 116 Tex. 299 | 200+121 | Legislature has full discretion to adopt method of taxing all properties in county at assessed values for cost of highway to be improved within it. | Can the Legislature tax the properties at assessed values for road improvement? | Highways-Memo 97-DB.docx | ROSS-003290623-ROSS-003290624 |
| Rook v. Pub. Sch. Ret. Sys. of City of St. Louis, 593 S.W.2d 905 | 302+1 | Purpose of pleadings is to present, define and isolate controverted issues so as to advise trial court and parties of issues to be tried and expedite trial of cause on merits. | Does pleading expedite the trial of a cause on the merits? | 023287.docx | LEGALEASE-00134661-LEGALEASE-00134662 |
| Long v. Bellamy, 296 Ga. App. 263 | 307A+517.1 | A renewed lawsuit is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew. West's Ga.Code Ann. S 9-2-61(a). | Is the lawsuit that has been renewed after having been discontinued or dismissed by plaintiff an action de novo? | Pretrial Procedure - Memo # 2713 - C - PC.docx | ROSS-003304105-ROSS-003304106 |
| Paselk v. Rabun, 293 S.W.3d 600 | 307A+517.1 | A nonsuit is effective upon filing; the order dismissing the suit, while the starting point for determining when a trial court's plenary power expires, is purely a ministerial act. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is a nonsuit effective upon the date of its filing? | 028449.docx | LEGALEASE-00134442-LEGALEASE-00134443 |
| Crockett v. Cassels, 95 Fla. 851 | 307A+69.1 | Statutes respecting taking of depositions must be substantially complied with; no material deviation from statutes respecting taking of depositions will be allowed, except by parties' agreement or waiver. Statutes respecting the taking of depositions must be substantially complied with and no material deviation therefrom will be allowed, except by the agreement or waiver of the parties. | Should statutes respecting the taking of depositions be substantially complied with? | Pretrial Procedure - Memo # 2915 - C - NS.docx | ROSS-003316532 |
| Cont'l Carbon Co. v. Sea-Land Serv., 27 S.W.3d 184 | 307A+486 | Matters addressed in plaintiff's request for admissions were deemed admitted and conclusively established as to defendant, even though defendant filed a motion to withdraw the admissions, where defendant failed to answer request for admissions within time required under the rules, and trial court never ruled on its motion to withdraw. Vernon's Ann.Texas Rules Civ.Proc., Rules 198.2(a, c), 198.3. | Are matters admitted are conclusively established unless the court on motion permits withdrawal or amendment of the admission? | 028723.docx | LEGALEASE-00134810-LEGALEASE-00134811 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stocum v. Oakley, 185 N.C. App. 56 | 307A+517.1 | Generally, when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew; it is as if the suit had never been filed. Rules Civ.Proc., Rule 41(a), West's N.C.G.S.A. S 1A-1. | "Where a party is granted a voluntary dismissal in an original claim, is it as if refiling the action begins the case anew?" | Pretrial Procedure - Memo # 2939 - C - SK.docx | ROSS-003317662-ROSS-003317663 |
| Osborne Truck Lines v. Langston, 454 So. 2d 1317 | 363+17(1) | Agreements and stipulations made in a pretrial order are binding on the parties and control the subsequent course of the action. Rules Civ.Proc., Rule 16. | "Agreements made in pretrial order are binding on parties, and do they order control subsequent course of action?" | Pretrial Procedure - Memo # 2987 - C - AP.docx | ROSS-003317676-ROSS-003317677 |
| Tank v. Munstedt, 504 N.W.2d 866 | 307A+486 | Civil defendants' motion to permit late filing of answers to requests for admissions, which was tantamount to motion for withdrawal or amendment of admissions, should not have been denied on grounds that defendants failed to strictly comply with rules of procedure; presentation of merits of action would have been served by permitting withdrawal of admissions inasmuch as admissions resulted in summary judgment for plaintiffs, and cost, time, and delay that would be occasioned by plaintiffs being required to prove items otherwise admitted was not type of prejudice justifying denial of motion. SDCL 15-6-36(b). | Does the Supreme Court views motions to permit a late filing of answers to the requests for admissions as tantamount to a motion for withdrawal or amendment of the admissions? | 028832.docx | LEGALEASE-00134467-LEGALEASE-00134468 |
| Roberts v. Ausable Chasm Co., 47 A.D.2d 979 | 307A+69.1 | A witness may make changes in substance as well as form in the transcript of an examination before trial. CPLR 3116(a). | Can a witness make changes in substance as well as form in the transcript of an examination before trial? | 028864.docx | LEGALEASE-00133940-LEGALEASE-00133941 |
| State ex rel. Lucas v. Moss, 498 S.W.2d 289 | 102+154 | Party is permitted to utilize videotape at deposition if done in addition to traditional recording and transcription method, but expense of videotape will be borne by party utilizing it; parties may agree to dispense with traditional recording method and utilize videotape alone and may stipulate with respect to taxable costs. V.A.M.R. Civil Rules 57.03, 57.21, 57.22, 57.29, 57.29(a). | Is a party permitted to utilize videotape at deposition and the expense of the videotape borne by the party utilizing it? | 028869.docx | LEGALEASE-00134003-LEGALEASE-00134004 |
| Turner v. Mize, 280 Ga. App. 256 | 307A+486 | If a movant to withdraw or amend admissions that have resulted from failure to answer or object to requests for admission fails to make the required showing to satisfy the first prong of the test, that presentation of the merits of the action will be subserved by withdrawal or amendment, then the trial court is authorized to deny the motion to withdraw the admissions. West's Ga.Code Ann. S 9-11-36(b). | Will the trial court permit the withdrawal of admissions when the presentation of the merits of the action is subserved? | 028877.docx | LEGALEASE-00134042-LEGALEASE-00134043 |
| City of Muncie v. Peters, 709 N.E.2d 50 | 307A+486 | "Prejudice" to a party who has obtained admissions which the admitting party is seeking to withdraw does not mean that the obtaining party will lose the benefit of the admissions; rather, it means that the obtaining party has suffered a detriment in the preparation of his case. Trial Procedure Rule 36(B). | Does prejudice mean that the obtaining party has suffered a detriment in the preparation of his case? | 028926.docx | LEGALEASE-00134325-LEGALEASE-00134326 |
| Smith v. Loftis Bros. & Co., 43 Ga. App. 354 | 307A+69.1 | Testimony taken by deposition should be reduced to writing by officer or disinterested stenographer and subscribed by deponent (Civ.Code 1910, S 5905 et seq.). | Should testimony taken by a deposition be reduced to writing by an officer or disinterested stenographer and subscribed by a deponent? | 029031.docx | LEGALEASE-00134208-LEGALEASE-00134209 |
| Bueb v. Dreessen, 104 Ill. App. 409 | 307A+69.1 | A commissioner appointed to take depositions has, within reasonable limits and for reasonable cause, power to adjourn the taking of depositions. | "Does a commissioner appointed to take depositions have, within reasonable limits and for reasonable cause, the power to adjourn the taking of depositions?" | 029055.docx | LEGALEASE-00134355-LEGALEASE-00134356 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Faber v. Loveless, 249 Iowa 593 | 371+2001 | While the name given a tax by the legislature is not determinative, such legislative designation is an important factor in determining the character of the tax. | "Is a legislative designation an important factor in determining the character of the tax, while the name given a tax by the legislature is not determinative?" | 045045.docx | LEGALEASE-00134298-LEGALEASE-00134300 |
| Carr v. Town of Fleming, 122 A.D.2d 540 | 148+2.1 | Entry cannot be both trespass and taking in that trespass is temporary, while de facto taking is permanent ouster of owner or permanent interference with his physical use, possession and enjoyment of property by one having condemnation powers. | Is the nature of a defacto taking more permanent than that of a trespass? | 047350.docx | LEGALEASE-00134826-LEGALEASE-00134827 |
| City of Evanston v. Texaco, 19 F. Supp. 3d 817 | 386+11 | Under Illinois law, trespass claim does not require plaintiff to allege and show total deprivation of the use of its land; instead, trespass claim may be premised on defendant having caused a thing to enter the land of another through a negligent act. | Does a trespass claim require plaintiff to allege and show total deprivation of the use of its land? | 047407.docx | LEGALEASE-00134816-LEGALEASE-00134817 |
| People v. Rissman, 154 Cal. App. 2d 265 | 63+9 | The intent essential to commission of offense of soliciting another to offer or join in the offer of a bribe may be gathered from the surrounding circumstances. West's Ann.Pen.Code, S 653f. | Can the intent of soliciting another to join in an offer of a bribe be gathered from surrounding circumstances? | 011512.docx | LEGALEASE-00135508-LEGALEASE-00135509 |
| United States v. Hood, 343 U.S. 148 | 63+1(1) | Statute prohibiting receipt or solicitation of thing of value in consideration for promise of support or use of influence in obtaining appointive office or place under United States for any person was directed at evil of purchased influence in determining occupants of federal office, and outlawed solicitation of such purchase thereto for reason that sale of influence in anticipation of job may be as equally damaging to proper operation of federal service. 18 U.S.C.A. S 215. | Is it a crime to solicit or receive political contributions for a promise to help any person obtain any appointive office or place under the United States? | Bribery - Memo #373 - C-CSS.docx | ROSS-003303984-ROSS-003303985 |
| United States v. Teller, 107 U.S. 64 | 92+2632 | Pensioners of the United States have no vested legal rights to their pensions, and it was competent for congress by Act July 25, 1882, c. 349, S 5, 38 U.S.C.A. S 29, to provide that no person receiving a pension under a special act should receive in addition a pension under the general law. | Can a person receiving a pension under a special act receive an additional pension under the general law? | 022768.docx | LEGALEASE-00135526-LEGALEASE-00135527 |
| Stouper v. Jones, 284 F.2d 240 | 296+2 | Pension granted by government confers no right which cannot be revised, modified or recalled by subsequent legislation. | "Can a pension granted by government confer a right which can be revised, modified or recalled by subsequent legislation?" | 022786.docx | LEGALEASE-00135755-LEGALEASE-00135756 |
| Cardiff Equities v. Superior Court, 166 Cal. App. 4th 1541 | 307A+517.1 | With limited exceptions, a voluntary dismissal deprives the court of subject matter jurisdiction and personal jurisdiction in that case. West's Ann.Cal.C.C.P. S 581. | "With limited exceptions, does a voluntary dismissal deprive the court of subject matter jurisdiction and personal jurisdiction in that case?" | Pretrial Procedure - Memo # 2772 - C - DA.docx | LEGALEASE-00025103-LEGALEASE-00025104 |
| In re Sewell, 472 S.W.3d 449 | 307A+486 | The burden of proof on all three requirements of rule allowing for withdrawal of deemed admissions is on the party seeking withdrawal. Tex. R. Civ. P. 198.3. | Is the burden of proof on all three requirements of rule allowing for withdrawal of deemed admissions on the party seeking withdrawal? | Pretrial Procedure - Memo # 2778 - C - DA.docx | ROSS-003290311-ROSS-003290312 |
| Jankelson v. Cisel, 3 Wash. App. 139 | 307A+716 | The withdrawal of an attorney in a civil case or his discharge does not give party an absolute right of continuance. | Does the withdrawal of an attorney in a civil case or his discharge give a party an absolute right of continuance? | 029260.docx | LEGALEASE-00135741-LEGALEASE-00135742 |
| Chapman v. St. Louis Cty. Bank, 649 S.W.2d 920 | 307A+716 | Mere fact that attorney withdraws from case does not give party absolute right to a continuance. | Does the mere fact that attorney withdraws from case not give party an absolute right to a continuance? | 029554.docx | LEGALEASE-00135386-LEGALEASE-00135387 |
| Rhodes v. Blair, 919 S.W.2d 561 | 307A+483 | Admissions by party to civil action by failure to respond to request for admissions compare with admissions contained in pleadings and eliminate need for further proof of those matters. V.A.M.R. 59.01(a, c). | "Do admissions by the party to a civil action by failure to respond to a request for admissions, like admissions in pleadings, eliminate any need to further prove such matters?" | Pretrial Procedure - Memo # 3536 - C - SK.docx | ROSS-003318657-ROSS-003318658 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Martin v. Wyatt, 243 Ga. App. 31 | 307A+716 | Continuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge. O.C.G.A. S 9-10-155. | Is continuance because of the absence of counsel not favored? | 029683.docx | LEGALEASE-00135077-LEGALEASE-00135078 |
| Robbins v. Allstate Ins. Co., 362 Ill. App. 3d 540 | 307A+483 | A party having admitted a fact for failure to respond to a request for admission may not later deny it at trial. Sup.Ct.Rules, Rule 216(a). | May a party having admitted a fact for failure to respond to a request for admission not later deny it at trial? | 029712.docx | LEGALEASE-00135477-LEGALEASE-00135478 |
| Ruge v. Posey, 114 Idaho 890 | 307A+485 | Judge may not refuse to award reasonable expenses for failure to admit solely because expenses of proving matter contained in requests for admission might also have been incurred with respect to another issue. Rules Civ.Proc., Rule 37(c). | "If a party fail to admit the truth of any matter requested, should the party requesting the admissions prove the truth of the matter to apply to the court for an order requiring the other party to pay the reasonable expenses and reasonable attorney's fees?" | Pretrial Procedure - Memo # 3576 - C - SS.docx | LEGALEASE-00025504-LEGALEASE-00025505 |
| Estate of DePew, 511 S.W.3d 420 | 30+3259 | Awarding costs and expenses is within the sound discretion of the trial court and should not be reversed absent a showing that the trial court abused its discretion. | Is awarding costs and expenses within the sound discretion of the trial court? | Pretrial Procedure - Memo # 3633 - C - CK.docx | ROSS-003331399-ROSS-003331400 |
| Treadwell v. Greene, 89 A.D. 60 | 307A+69.1 | While ordinarily, the court will reserve questions on the settlement of interrogatories and cross-interrogatories until trial, where the right to cross-examine has been abused the court will on motion restrict the examination to a proper cross-examination. | Will the court reserve questions on the settlement of interrogatories and cross-interrogatories until trial? | 029865.docx | LEGALEASE-00135208-LEGALEASE-00135209 |
| In re Estate of Leichman, 2016-Ohio-4592 | 307A+483 | When a party fails to timely respond to a request for admissions, the admissions become facts of record, which the court must recognize. Rules Civ.Proc., Rule 36(A)(1). | "Where a party fails to timely respond to the request for admissions, do those admissions become fact?" | Pretrial Procedure - Memo # 3663 - C - NE.docx | ROSS-003290871-ROSS-003290873 |
| City of San Antonio v. Bynum, 937 S.W.2d 596 | 307A+483 | Requests for admissions that were not answered within 30 days of service were deemed admitted by operation of law. | Are requests for admissions that are not answered within 30 days of service deemed admitted by operation of law? | 029914.docx | LEGALEASE-00135613-LEGALEASE-00135614 |
| State Bd. of Assessors v. State, 48 N.J.L. 146 | 371+3400 | All taxes, whether levied for state, county or municipal purposes, are state taxes; they can be imposed by no other authority than that of the state, and the state appropriates the proceeds to whatever purposes it sees fit. | "Are all taxes, whether levied for state, county, or municipal purposes, ""state taxes""?" | 045219.docx | LEGALEASE-00135911-LEGALEASE-00135912 |
| Aberdeen Apartments v. Cary Campbell Realty All., 820 N.E.2d 158 | 386+12 | In a civil claim for trespass, a plaintiff must prove that he was in possession of the land and that the defendant entered the land without right. | Is the plaintiff required to prove the defendant entered the land without right for a claim of trespass? | Trespass - Memo 259 - JS.docx | ROSS-003291315-ROSS-003291316 |
| United States v. Varner, 13 F.3d 1503 | 83E+801 | Under the Uniform Commercial Code (UCC), mere production of note establishes its prima facie authenticity and is sufficient to make note admissible. U.C.C. S 3-307 (1989). | Does the mere production of a note establish prima facie authenticity and is sufficient to make a promissory note admissible? | Bills and Notes- Memo 236-VP.docx | ROSS-003302593-ROSS-003302594 |
| United States v. Dimora, 879 F. Supp. 2d 718 | 63+1(1) | For purposes of a prosecution for bribery, "official acts" are not limited to those acts performed pursuant to the public official's actual power; it is enough that the person for whom the acts are performed has a reasonable expectation that the public official had that power. 18 U.S.C.A. S 201. | Should the action of an official be considered as an official act if the person for whom the acts are performed has a reasonable expectation that the public official had that power? | Bribery - Memo #209 - C-JL.docx | ROSS-003302651-ROSS-003302653 |
| Perez v. United States, 274 F. Supp. 2d 330 | 63+1(1) | Government, particularly the United States Attorney's office, may offer an accomplice leniency in exchange for truthful testimony without improperly enticing witnesses. | Can the government offer leniency in exchange for truthful testimony without being considered guilty of bribery? | 011695.docx | LEGALEASE-00136552-LEGALEASE-00136553 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| White v. Edwards, 222 Mich. 321 | 48A+221 | One injured while momentarily standing in the highway and when not in motion is not per se guilty of contributory negligence, and the offending party is not exonerated from all duty and liability by the fact that he is not in motion. | Can an offender be exonerated from liability if he was not in motion when the accident occurred? | 019250.docx | LEGALEASE-00136834-LEGALEASE-00136835 |
| Mora v. Ferguson, 145 Tex. 498 | 307A+716 | Statute requiring a court to continue a cause where a party or his attorney is a member of the legislature, makes it mandatory on court to grant a continuance. Vernon's Ann.Civ.St. art. 2168a. | "Does the statute requiring a court to continue a cause where a party or his attorney is a member of the legislature, make it mandatory on court to grant a continuance?" | 029420.docx | LEGALEASE-00136260-LEGALEASE-00136261 |
| Bibbins v. City of New Orleans, 2002-1510 (La. App. 4 Cir. 5/21/03) | 307A+483 | When a party receives a request for admissions and fails to respond to the request by any means, facts are deemed admitted. | "When a party receives a request for admissions and fails to respond to the request by any means, are facts deemed admitted?" | Pretrial Procedure - Memo # 3612 - C - VP.docx | ROSS-003290504-ROSS-003290505 |
| Bibbins v. City of New Orleans, 2002-1510 (La. App. 4 Cir. 5/21/03) | 307A+483 | Failure to answer a requested admission of fact within the prescribed delay constitutes conclusive admission of those facts. | Does failure to answer a requested admission of fact within the prescribed delay a constitute conclusive admission of those facts? | 029784.docx | LEGALEASE-00136615-LEGALEASE-00136616 |
| Deloge v. Cortez, 131 Idaho 201 | 307A+483 | Conclusiveness of matters admitted pursuant to a request for admissions applies equally to admissions made affirmatively and those made by default. Rules Civ.Proc., Rule 36(a). | Does conclusiveness of matters apply equally to admissions made affirmatively pursuant to a request for admissions? | 029959.docx | LEGALEASE-00136242-LEGALEASE-00136244 |
| Norrell v. Giles, 343 Ark. 504 | 307A+483 | When a party fails to timely answer requests for admission, or otherwise fails to object to them, the requested matters are deemed admitted. Rules Civ.Proc., Rule 36(a). | Does the trial court have no discretion whether to deem matters admitted when party fails to answer request for admission by the deadline? | 029985.docx | LEGALEASE-00136654-LEGALEASE-00136655 |
| Medbury v. Walsh, 190 Mich. App. 554 | 307A+483 | If party served with request for admissions neither answers nor objects to request, matters in request are deemed admitted. | "If a party served with a request for admission neither answers nor objects to request, are the matters in the request deemed admitted?" | Pretrial Procedure - Memo # 3913 - C - RF.docx | ROSS-003289884-ROSS-003289885 |
| Culp v. Hawkins, 711 S.W.2d 726 | 307A+483 | Defendant's failure to timely answer requests for admissions, to timely file written objections, or to timely file motion to file late answers resulted in each request for admission being deemed admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Is a request for admission automatically deemed admitted if it is not timely answered? | 030183.docx | LEGALEASE-00136722-LEGALEASE-00136723 |
| Smith v. Home Indem. Co., 683 S.W.2d 559 | 307A+483 | Admissions, once made or deemed admitted by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Can deemed admissions not be contradicted by other summary judgment evidence? | Pretrial Procedure - Memo # 3919 - C - NE.docx | ROSS-003290946-ROSS-003290947 |
| Lucas v. Casady, 12 Iowa 567 | 307A+723.1 | Under section 3014, an application for a continuance should be overruled if not made the second day of the term, or does not state facts constituting a sufficient excuse for the delay in making it. | Should an application for a continuance be overruled if not made the second day of the term? | 030245.docx | LEGALEASE-00136832-LEGALEASE-00136833 |
| City of Brownsville v. Crixell, 275 S.W. 430 | 307A+720 | Court must permit defendant to withdraw announcement of ready, and grant postponement or continuance, if amendment sets up different cause of action. | Should a court permit a defendant to withdraw an announcement of ready? | 030329.docx | LEGALEASE-00136414-LEGALEASE-00136415 |
| City of Brownsville v. Crixell, 275 S.W. 430 | 307A+720 | Defendant should not be required to proceed to trial, where pleadings are so materially changed as to require new pleadings and different testimony. | "Should a defendant be not required to proceed to trial, where pleadings are so materially changed as to require new pleadings and different testimony?" | 030357.docx | LEGALEASE-00136597-LEGALEASE-00136598 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clodfelder v. Walker, 234 Ind. 219 | 307A+723.1 | An application or motion for continuance should be made at the earliest practicable time after knowledge of necessity for a continuance is acquired, and unless a good reason appears for allowing it thereafter, where a party has not been diligent in seeking continuance prior thereto, a motion for continuance after a case has been called for trial, or after trial has been commenced, is not timely. Burns' Ann.St. S 2-1301. | Should an application or motion for continuance be made at the earliest practicable time after knowledge of necessity for a continuance is acquired? | Pretrial Procedure - Memo # 4055 - C - SU.docx | ROSS-003304099-ROSS-003304100 |
| Hoskins v. Caplis, 431 So. 2d 846 | 307A+483 | Failure to answer requested admission of fact within prescribed delay constitutes conclusive admission of that fact. LSA-C.C.P. arts. 1467, 1468. | Does failure to answer a requested admission of fact within a prescribed delay constitute a conclusive admission of that fact? | Pretrial Procedure - Memo # 4097 - C - ES.docx | ROSS-003317985-ROSS-003317986 |
| Davis v. Barnes, 158 Ga. App. 89 | 388+26 | Absence of a plaintiff's counsel, without leave, to attend proceeding in other court is no ground for continuance or postponement of a case. | Is absence of counsel without leave to attend trial of cases pending in other courts no ground for continuance? | 030768.docx | LEGALEASE-00136201-LEGALEASE-00136202 |
| Lyles v. Com., 21 Va. App. 187 | 307A+723.1 | Trial court is not prevented from granting appropriate continuance even after jeopardy has attached and trial has begun. | Is a trial court prevented from granting an appropriate continuance even after jeopardy has attached and trial has begun? | Pretrial Procedure - Memo # 4348 - C - NA.docx | ROSS-003290004 |
| Swanson's v. Scott, 578 S.W.2d 345 | 307A+723.1 | In absence of compliance with rule requiring that request for continuance be in writing, there can be no abuse of discretion in denying continuance. V.A.M.R. Civil Rule 65.03. | "In absence of compliance with requirements of a rule governing a request for continuance, can there be no abuse of discretion in denying continuance?" | 030784.docx | LEGALEASE-00136407-LEGALEASE-00136408 |
| State ex rel. Houser v. Goodman, 406 S.W.2d 121 | 307A+91 | Authority granted by rule of civil procedure to take depositions is a "right" or "privilege" of party to litigation. V.A.M.R. Civil Rule 57.01(a). | "Is the authority granted by rule of civil procedure to take depositions a ""right"" or ""privilege"" of a party to litigation?" | 030917.docx | LEGALEASE-00136940-LEGALEASE-00136941 |
| Del Vecchio v. Danielle Assocs., 94 A.D.3d 941 | 157+219.50 | Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control. McKinney's CPLR 3101(a). | Is evidence of subsequent repairs generally not discoverable or admissible in a negligence case? | Pretrial Procedure - Memo # 4555 - C - SU.docx | ROSS-003303570-ROSS-003303571 |
| Maria E. v. 599 W. Assocs., 188 Misc. 2d 119 | 307A+36.1 | Evidence of subsequent repairs is widely held to be discoverable in negligence case if there are issues of control and maintenance. | Is evidence of subsequent repairs widely held to be discoverable in negligence case if there are issues of control and maintenance? | Pretrial Procedure - Memo # 4566 - C - SU.docx | ROSS-003290078-ROSS-003290079 |
| Pierce v. Morris, 192 A.D. 502 | 307A+91 | Upon compliance with Code Civ.Proc. SS 870, 871, and with General Rules of Practice, rule 82, an order for the examination of a party before trial is usually granted. | Is an order for the examination of a party before trial usually granted? | Pretrial Procedure - Memo # 4752 - C - SB.docx | ROSS-003331527-ROSS-003331528 |
| Keon v. New York Traprock Corp., 228 A.D. 795 | 307A+91 | Order for examination of parties before trial and for discovery and inspection of books and papers may be combined. | May an order for examination of parties before trial and for discovery and inspection of books and papers be combined? | Pretrial Procedure - Memo # 4791 - C - BP.docx | ROSS-003289401-ROSS-003289402 |
| Lake v. Premier Transp., 246 S.W.3d 167 | 308+142 | The use of a trade name is generally an insufficient disclosure of the principal's identity and the fact of agency so as to protect the agent against personal liability. | Is the use of a trade name sufficient for disclosure of the principals identity? | Principal and Agent - Memo 97 - KC.docx | ROSS-003318266-ROSS-003318267 |
| Koszdin v. State Comp. Ins. Fund, 186 Cal. App. 4th 480 | 413+2 | The right to receive workers' compensation benefits is wholly statutory and is not derived from common law. West's Ann.Cal.Labor Code S 3200 et seq. | "Is the right to receive workers compensation benefits wholly statutory, or is it derived from common law?" | 048016.docx | LEGALEASE-00136971-LEGALEASE-00136973 |
| Hathaway Lighting v. Indus. Claim Appeals Office, 143 P.3d 1187 | 413+2 | Statutorily created benefits such as workers' compensation exist only to the extent provided by the applicable statutes. | Do statutorily created benefits such as a workers compensation exist only to the extent provided or allowed by the applicable statutes? | 048082.docx | LEGALEASE-00136990-LEGALEASE-00136991 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Kurti v. Maricopa Cty., 201 Ariz. 165 | 92+3072 | Under rational basis scrutiny, when challenging the constitutionality of a federal law on equal protection grounds, federal classifications distinguishing among groups of aliens are valid unless wholly irrational. U.S.C.A. Const.Amend. 14. | Are federal classifications distinguishing or differentiating among groups of aliens valid? | Aliens_Immigration and Citizenship_Memo 10 - GP.docx | ROSS-003331948-ROSS-003331949 |
| Application of Tavlos, 429 F.2d 859 | 34+20.6(3) | Claims of conscientious objection are to be viewed by the same standards whether made before or after entering military service. Military Selective Service Act of 1967, S 6(j), 50 U.S.C.A. App. S 456(j). | Should claims of conscientious objection be viewed by the same standards whether made before or after entering military service? | Armed Services - Memo 158 - JS.docx | ROSS-003303770-ROSS-003303771 |
| Hillyer v. Hillyer, 59 S.W.3d 118 | 134+893(6) | Former husband's post-divorce waiver of military retirement pay in order to receive a corresponding amount of tax-free disability benefits, which cut off former wife's receipt of her portion of retirement pay which had been awarded to her in distribution of marital property in divorce proceeding, was an impermissible modification, by former husband rather than by the court, of court decree under which former wife had obtained vested right to 40 percent of former husband's gross military retirement benefits. 38 U.S.C.A. S 5305; 10 U.S.C. (2000 Ed.) S 1408(a)(4)(B), (c)(1). | "Should a former service member waive a corresponding portion of his or her retirement pay to avoid double payment, in order to receive Veterans Affairs disability pay?" | 008506.docx | LEGALEASE-00137375-LEGALEASE-00137376 |
| Econ. Fuse & Mfg. Co. v. Standard Elec. Mfg. Co., 359 Ill. 504 | 8.30E+186 | Memoranda placed on back of check contemporaneously with execution thereof, or with intention of making memoranda part of contract for payment of money, constitute part of check as though incorporated therein. S.H.A. ch. 98, S 21, subds. 2, 3; SS 24, 147, 206, 207. | Is a memorandum written contemporaneously with the execution of the note form a part of the contract? | 010842.docx | LEGALEASE-00137846-LEGALEASE-00137849 |
| United States v. Neville, 82 F.3d 1101 | 63+1(2) | Defendant, a District of Columbia corrections officer, was "public official" subject to conviction under federal bribery statute, whether such statute was read to encompass all District employees or only those acting in an official function; defendant was permanently employed by District government, protecting public from incarcerated criminals was quintessentially sovereign and governmental function carrying with it significant measure of public trust, and no blanket requirement existed that in order to be subject to conviction under federal bribery statute District government employee must have made policy or spending decisions. 18 U.S.C.A. S 201(a)(1) | Should a public official's function carry with it a significant measure of public trust? | 011787.docx | LEGALEASE-00138013-LEGALEASE-00138014 |
| United States v. Bonito, 57 F.3d 167 | 63+1(2) | Under federal statute proscribing bribery of officials of public and private entities receiving federal funds, in connection with any "business, transaction or series of transactions" of such entities involving at least $5,000, term "business" means something different from, and often broader than, "transaction" and includes dealings of government official in connection with discrete transaction, as such definition complements the sense of "transaction," which implies concluded business agreement. 18 U.S.C.A. S 666(a)(2). | Does business mean the dealings of a government official in connection with a discrete transaction? | 011794.docx | LEGALEASE-00137991-LEGALEASE-00137992 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Scruggs, 916 F. Supp. 2d 670 | 63+1(1) | In bribery cases, corruption of office occurs when the officeholder agrees to misuse his office in the expectation of gain, whether or not he has correctly assessed the worth of the bribe; the requirement of value is satisfied if the thing has sufficient value in the mind of the person concerned so that his actions are influenced. 18 U.S.C.A. SS 201(b), 666(a)(2). | Is the value requirement satisfied if the thing has sufficient value in the mind of the person concerned so that his actions are influenced? | 011828.docx | LEGALEASE-00137664-LEGALEASE-00137665 |
| Reuille v. Bowers, 409 N.E.2d 1144 | 48A+244(21) | Proof of violation of motor vehicle safety statute is prima facie evidence of negligence, subject to being overcome by proof to the contrary. | Can proof of violation of a motor vehicle statute be an evidence of negligence? | 018880.docx | LEGALEASE-00137792-LEGALEASE-00137793 |
| People ex rel. Vance v. Ross, 275 Ill. 70 | 200+121 | The power to levy a hard road tax is not inherent in the voters of a township, but is granted by act of the Legislature, and must be strictly construed. | Do the voters of a road district or township have power to levy tax? | 019206.docx | LEGALEASE-00137820-LEGALEASE-00137821 |
| Belliveau v. Bozoian, 46 R.I. 83 | 48A+216 | A pedestrian using highway, and exercising ordinary care for his own safety, may assume until he has knowledge or notice to contrary, that drivers of automobiles will exercise reasonable care to avoid injuring him, and that they will observe law. | Can a person walking on a street assume vehicles will be driven safely? | Highways -Memo 82-IS.docx | LEGALEASE-00027191-LEGALEASE-00027195 |
| Bell v. Nat'l Life & Acc. Ins. Co., 41 Ala. App. 94 | 302+9 | It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support such conclusion, and it is only "mere conclusions" or "bald conclusions" without supporting facts which are objectionable in pleading. | Can a pleader draw his conclusion from the facts alleged? | Pleading - 302-1-8 - Memo 352 - RMM - 11.09.17.docx | ROSS-003302909-ROSS-003302910 |
| Brown's Ex'r v. Faulk's Adm'r, 12 La. 598 | 307A+716 | The voluntary absence in another court of party's counsel, especially if not in possession of important papers that cannot be obtained from him, and where other counsel is engaged and attending, is no ground for a continuance. A party, by requesting his principal counsel to absent himself, might otherwise always obtain a continuance. | "Is the voluntary absence in another court of party's counsel, especially if not in possession of important papers that cannot be obtained from him, and where other counsel is engaged and attending, ground for a continuance?" | 030134.docx | LEGALEASE-00137379-LEGALEASE-00137381 |
| Sinea v. Denman Tire Corp., 135 Ohio App. 3d 44 | 307A+485 | The decision whether to grant sanctions to a party for establishing at trial the truth of matters that the opposing party had denied in a pretrial request for admissions rests within the sound discretion of the trial court. Rules Civ.Proc., Rule 37(C). | Does the decision whether to grant sanctions to a party rest within the sound discretion of the court? | Pretrial Procedure - Memo # 3881 - C - BP.docx | ROSS-003331446-ROSS-003331447 |
| Judd v. Ladd & Co., 1 Haw. 11 | 307A+724 | Some specific time should be mentioned in a motion to postpone trial because of absence of material witnesses, and affidavit on which motion is founded should state that witnesses can be had at the time to which the trial is to be deferred. | Should some specific time be mentioned in a motion to postpone trial because of the absence of material witnesses? | Pretrial Procedure - Memo # 4029 - C - DA.docx | ROSS-003290606-ROSS-003290607 |
| Columbus Tr. Co. v. Upper Hudson Elec. & R. Co., 190 N.Y.S. 737 | 307A+91 | The provisions of the Civil Practice Act, S 290, for the examination of witnesses before trial on notice by counsel are not unworkable or revolutionary, since similar proceedings have been conducted under United States statutes and have been found satisfactory. | "Are the provisions of the Civil Practice Act, for the examination of witnesses before trial on notice by counsel, not unworkable or revolutionary?" | 030990.docx | LEGALEASE-00137363-LEGALEASE-00137364 |
| In re Glasgow's Estate, 121 Misc. 613 | 307A+91 | In every discovery proceeding, petitioner opens the door as to any transaction concerning which he examines respondent. | "In every discovery proceeding, does the petitioner open the door as to any transaction concerning the examination of the respondent?" | 031020.docx | LEGALEASE-00137753-LEGALEASE-00137754 |
| State ex rel. King v. Turpin, 581 S.W.2d 929 | 307A+91 | Right to take deposition is absolute excepting as provided in rule specifying general provisions governing discovery. (Per Crist, J., with one Judge concurring in result only.) V.A.M.R. Civil Rule 56.01. | Is the right to take deposition absolute except as provided in rule specifying general provisions governing discovery? | 031022.docx | LEGALEASE-00137757-LEGALEASE-00137758 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Young Circle Garage LLC v. Koppel, 916 So. 2d 22 | 307A+36.1 | A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under a rule of relevancy. | "Are a party's finances, if relevant to the disputed issues of the underlying action, not excepted from discovery under a rule of relevancy?" | 031254.docx | LEGALEASE-00137219-LEGALEASE-00137220 |
| Slatten v. City of Chicago, 12 Ill. App. 3d 808 | 307A+91 | Right of any party to discovery deposition is basic and fundamental to adversary system and accordingly the right of one party imposes a duty on the other which cannot be avoided by technical maneuvers or other conduct which results in destroying purpose of modern discovery principles. Supreme Court Rules, rules 201, 202, 212(b), S.H.A. ch. 110A, SS 201, 202, 212(b). | Is the right of any party to discovery deposition basic and fundamental to an adversary system? | 031435.docx | LEGALEASE-00137466-LEGALEASE-00137467 |
| Madden v. Kaiser Found. Hosps., 17 Cal. 3d 699 | 308+102(3) | Agent or other fiduciary who contracts for medical treatment on behalf of his beneficiary retains the authority to enter into an agreement providing for arbitration of claims for medical malpractice. West's Ann.Civ.Code, SS 2319, 2330. | Does an agent have the authority to arbitrate malpractice claims? | Principal and Agent - Memo 72 - KC.docx | ROSS-003317900-ROSS-003317901 |
| Moss v. First Premier Bank, 835 F.3d 260 | 25T+149 | Where the arbitral forum agreed upon by the parties is exclusive, but is unavailable, the district court may not use the section of the Federal Arbitration Act (FAA) governing a lapse in naming an arbitrator to circumvent the parties' designation of an exclusive arbitral forum. 9 U.S.C.A. S 5. | Can the court use Section 5 to circumvent the parties designation of an exclusive arbitral forum where the forum is exclusive? | 007584.docx | LEGALEASE-00138975-LEGALEASE-00138976 |
| Torres v. United Healthcare Servs., 920 F. Supp. 2d 368 | 25T+124 | Employment arbitration agreement's collective action waiver did not prevent employees from vindicating their statutory rights under FLSA; neither plain language of FLSA nor its relevant legislative history evidenced a congressional intent to preclude employees from waiving their right to bring their FLSA claims as part of a collective action. 9 U.S.C.A. S 2; Fair Labor Standards Act of 1938, S 16(b), 29 U.S.C.A. S 216(b). | Can the right to proceed collectively under the Fair Labor Standards Act (FLSA) waived in an arbitration agreement? | 007599.docx | LEGALEASE-00138997-LEGALEASE-00138998 |
| In re Mason's Estate, 194 Misc. 308 | 8.30E+76 | A check is a mere order for payment of money and authority of payee as agent of maker is revoked by death of maker prior to time check is cashed. | Does the authority of the payee as agent of the maker is revoked by the death of the maker? | Bills and Notes -Memo 199 -DB.docx | ROSS-003302583-ROSS-003302584 |
| In re Anonymous Online Speakers, 661 F.3d 1168 | 92+1498 | The right to speak, whether anonymously or otherwise, is not unlimited, under the First Amendment, and the degree of scrutiny varies depending on the circumstances and the type of speech at issue. U.S.C.A. Const.Amend. 1. | Is right to speak protected by the First Amendment? | 014428.docx | LEGALEASE-00138746-LEGALEASE-00138747 |
| Phelps v. Gilbreth, 68 So. 2d 360 | 302+9 | It is rule of construction of pleadings that specific statements of facts will control over general statement, and that conclusions of law contained in pleading will be construed as drawn from facts plead. | It is a rule of pleadings that specific statements of facts will control over general statement? | 023381.docx | LEGALEASE-00138535-LEGALEASE-00138537 |
| Morgan v. Crowley, 91 Ga. App. 58 | 302+208 | A demurrer must itself be free from imperfection, and a special demurrer must put its finger upon exact weakness which it seeks to point out. | Must a special demurrer put its finger on the exact point of weakness? | Pleading - Memo 356 - RMM.docx | ROSS-003289473-ROSS-003289474 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reserve Life Ins. Co. v. Gay, 99 Ga. App. 661 | 307A+725 | Prior notice of intention to apply for continuance of any matter need not be given to opposing party or his counsel, trial judge has authority to grant a continuance ex parte if he desires, but exercise of such authority is manifestly a matter of judicial discretion, and once such a continuance is granted, such grant is not subject to revocation for mere reason that it was ex parte and without notice to opposing counsel. | Should prior notice of intention to apply for continuance of any matter be given to opposing party or his counsel? | 030838.docx | LEGALEASE-00138645-LEGALEASE-00138646 |
| Loomis v. Marsh, 215 A.D. 691 | 307A+91 | A plaintiff is entitled to examine a witness under Civil Practice Act, S 288, where the record shows a refusal by the defendants to furnish the plaintiff with information in their possession to which he is entitled. | Is a plaintiff entitled to examine a witness where the record shows a refusal by the defendants to furnish the plaintiff with information in their possession to which he is entitled? | 031082.docx | LEGALEASE-00138314-LEGALEASE-00138315 |
| Friedman v. Heart Inst. of Port St. Lucie, 863 So. 2d 189 | 307A+36.1 | The disclosure of personal financial information during discovery may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. | Can the disclosure of a party's financial or confidential business information in discovery cause irreparable harm where the information is irrelevant to any pending matter? | 031099.docx | LEGALEASE-00138409-LEGALEASE-00138411 |
| Show & Tell of New Orleans v. Fellowship Missionary Baptist Church, 156 So.3d 1234 | 307A+747.1 | Trial courts have wide discretion to implement pretrial orders and insure that their terms are enforced. LSA-C.C.P. art. 1551. | Do courts have wide discretion to implement pre-trial orders and insure that their terms are enforced? | Pretrial Procedure - Memo # 4534 - C - VA.docx | ROSS-003303562-ROSS-003303564 |
| Petition of B & F Towing & Salvage Co., 551 A.2d 45 | 307A+36.1 | Amount of information which will be reasonable and necessary to value shares of stock and which may be ordered is to be determined by facts and circumstances about corporation itself. 8 Del.C. S 220. | Is the amount of information which will be reasonable and necessary to value shares of stock will be determined by facts about a corporation itself? | Pretrial Procedure - Memo # 4824 - C - BP.docx | ROSS-003291775-ROSS-003291776 |
| Yeboah v. Gaines Serv. Leasing, 250 A.D.2d 453 | 307A+36.1 | It is error to permit a defaulting defendant to conduct discovery of the plaintiff in preparation for an appearance at inquest. McKinney's CPLR 3215. | Is it error to permit a defaulting defendant to conduct discovery of the plaintiff in preparation for an appearance at inquest? | 031631.docx | LEGALEASE-00138454-LEGALEASE-00138455 |
| Nixon v. Harris, 31 Ill. App. 3d 204 | 307A+716 | In determining propriety of continuance due to counsel's absence, important if not determinative factor was degree of due diligence exercised by party seeking continuance. Supreme Court Rules, rules 231, 231(f), S.H.A. ch. 110A, SS 231, 231(f); S.H.A. ch. 110, S 59. | What is an important factor in determining the propriety of a continuance due to counsel's actions? | 031657.docx | LEGALEASE-00138728-LEGALEASE-00138729 |
| Henderson v. Williams, 57 S.C. 1 | 307A+74 | Placing of the names of the witnesses on envelopes containing depositions is a matter of practice and convenience only, and failure to do so did not affect the admissibility of the depositions. | Is placing of the names of the witnesses on envelopes containing depositions a matter of practice and convenience only or does the failure to do so affect the admissibility of the depositions? | 031817.docx | LEGALEASE-00138513-LEGALEASE-00138514 |
| StreetScenes v. ITC Entm't Grp., 103 Cal. App. 4th 233 | 307A+36.1 | Though it may not be a defendant's burden to prove its net worth following a determination of liability for punitive damages, if it is ordered to produce that evidence it is under an obligation to do so. West's Ann.Cal.Civ.Code S 3295(c). | "Though it cannot be a defendant's burden to prove its net worth, if it is ordered to produce that evidence, is it under an obligation to do so?" | Pretrial Procedure - Memo # 5057 - C - CK.docx | ROSS-003331585-ROSS-003331586 |
| Chambarry v. Mount Sinai Hosp., 161 Misc. 2d 1000 | 307A+36.1 | Plaintiff is entitled to disclosure of information regarding incidents giving rise to claims similar to his or her own. | Is a plaintiff entitled to disclosure of information regarding incidents giving rise to claims similar to his or her own? | Pretrial Procedure - Memo # 5071 - C - SN.docx | ROSS-003291264-ROSS-003291265 |
| State ex rel. Newman v. O'Malley, 54 S.W.3d 695 | 307A+36.1 | A party claiming punitive damages is entitled to reasonable discovery of the opposing party's financial status. | Is a party claiming punitive damages entitled to reasonable discovery of the opposing party's financial status? | Pretrial Procedure - Memo # 5101 - C - CK.docx | ROSS-003291196-ROSS-003291197 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Colton v. Rupert, 60 Mich. 318 | 307A+74 | A certificate purporting to be that of the clerk of the county in which a deposition is taken, and of the courts thereof under the seal of the court, but signed "J. E. W., Deputy Clerk," is in effect the certificate of the clerk by such deputy and is a sufficient authentication under How.Ann.St. S 7475. | Is a certificate purporting to be that of the clerk of the county in which a deposition is taken in effect the certificate of the clerk by such deputy? | 032379.docx | LEGALEASE-00138884-LEGALEASE-00138885 |
| Carbide & Carbon Chemicals Corp. v. Cook, 304 Ky. 63 | 307A+202 | The provision of Civil Code of Practice prohibiting reading of a deposition on trial unless filed with papers of case before commencement of trial must be strictly followed. Civ.Code Prac. S 585. | "Shall depositions not be read on a trial, unless filed with the papers in the suit before its commencement?" | Pretrial Procedure - Memo # 5354 - C - SS.docx | ROSS-003302757-ROSS-003302759 |
| In re Mountain Glacier LLC, 564 B.R. 314 | 308+163(1) | "Ratification" is a person's binding adoption of an act already completed but either not done in a way that originally produced a legal obligation, or done by third party having at the time no authority to act as the person's agent. | What does the term Ratification encompasses? | 041353.docx | LEGALEASE-00138566-LEGALEASE-00138567 |
| Zeese v. Siegel's Estate, 534 P.2d 85 | 308+175(1) | Ratification relates back to time when unauthorized act was done and though act may have been done without any precedent authority, ratification creates relation of principal and agent. | Does ratification of an act relate back to the time the unauthorized act had occurred? | 041358.docx | LEGALEASE-00138594-LEGALEASE-00138595 |
| Caughman v. Columbia Y.M.C.A., 212 S.C. 337 | 413+2 | Workmen's Compensation Acts are in derogation of, or departures from, the common law, and are not amendatory, cumulative or supplemental thereto, nor declaratory thereof, but wholly substitutional in character. | Is it true that workers compensation statutes are in derogation of common law? | Workers' Compensation - Memo #284 ANC.docx | ROSS-003291824-ROSS-003291825 |
| Tracy v. Jefferson Par. Through Dep't of Pub. Works, 523 So. 2d 266 | 388+62(1) | Trial court's discretion in conducting trial includes the order of presentation of witnesses as well as the admissibility of witness' testimony, whether the witness is brought in rebuttal or as one not listed on the pretrial order. LSA-C.C.P. arts. 1551, 1631, 1632. | Are rebuttal witnesses required to be listed on the pre-trial order? | Pretrial Procedure - Memo # 1356 - C - TJ.docx | ROSS-003288572-ROSS-003288573 |
| Shankle v. Shankle, 289 N.C. 473 | 307A+725 | Before ruling on motion to continue, judge should hear evidence pro and con, consider it judicially and then rule with a view to promoting substantial justice. Rules of Civil Procedure, rule 40(b), G.S. S 1A-1. | Should a judge find out whether moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice? | 031554.docx | LEGALEASE-00139197-LEGALEASE-00139198 |
| Donelson v. Fritz, 70 P.3d 539 | 307A+36.1 | The right of parties to discover evidence of bias or prejudice in a witness, while broad, is not unlimited; the need for discovery must be balanced against the right of the party from whom discovery is sought to privacy and protection from harassment. Rules Civ.Proc., Rule 45(b). | "Is the right of parties to discover evidence, while broad, unlimited?" | Pretrial Procedure - Memo # 5003 - C - CK.docx | ROSS-003302171 |
| Herbster v. N. Am. Co. for Life & Health Ins., 150 Ill. App. 3d 21 | 46H+432 | Because of confidential nature of attorney-client relationship, client has exclusive control over subject matter of litigation and may dismiss or settle cause of action regardless of attorney's advice; client, despite contingent fee contract and service of attorney's lien, can dismiss his lawsuit at will, and attorney has no cause of action absent proof of settlement. | "Does a client have a right to dismiss his suit at will, even if he had a contingent-fee agreement with his lawyer and the lawyer had served notice of his attorney's lien?" | 032227.docx | LEGALEASE-00139077-LEGALEASE-00139078 |
| Lewis C. Nelson & Sons v. Lynx Iron Corp., 174 Cal. App. 4th 67 | 307A+501 | A plaintiff's subjective lack of good faith in seeking a dismissal does not, by itself, terminate the statutory right to dismiss. West's Ann.Cal.C.C.P. S 581. | Does plaintiff's subjective lack of good faith in seeking a dismissal terminate the statutory right to dismiss? | Pretrial Procedure - Memo # 5501 - C - SB.docx | ROSS-003302807-ROSS-003302808 |
| Slowke v. Altermatt, 293 Mich. 360 | 307A+501 | A plaintiff's common law right to dismiss action or submit to voluntary nonsuit still exists, except as modified by statute or court rule. | Does a common-law right of a plaintiff to submit to nonsuit at any time before verdict still exist? | 039519.docx | LEGALEASE-00139091-LEGALEASE-00139092 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ward v. United States, 133 Fed. Cl. 418 | 34+5(7) | Military correction boards are required to make rational connections between the facts found and the choices made. | Are the Military correction boards required to make rational connections between the facts found and the choices made? | 008518.docx | LEGALEASE-00139377-LEGALEASE-00139378 |
| Martin v. Sec'y of Army, 455 F. Supp. 634 | 34+21.1 | Resolution of soldier's substantive claims, involving as they did matters of personnel management, was, in first instance, for military. | "Is the resolution of plaintiff's substantive claims, involving matters of personnel management is, in the first instance, for the military?" | Armed Services - Memo 225 - SB.docx | ROSS-003288707-ROSS-003288708 |
| Reed v. State, 157 Tex. Crim. 585 | 63+1(1) | An accused charged with the felony offense of bribery may not be convicted of a misdemeanor under the general attempt statute. Code of Ala.1975, SS 13-5-31, 13-9-3. | Can an accused charged with the felony offense of bribery be convicted of a misdemeanor under the general attempt statute? | Bribery - Memo #613 - C-JL.docx | ROSS-003288154-ROSS-003288155 |
| United States v. Strand, 574 F.2d 993 | 63+1(1) | Under bribery sections of statute, heightened criminal intent, i. e., "corrupt" intent, was required, as opposed to simple mens rea required for violation of the gratuity sections of the statute. 18 U.S.C.A. S 201(c)(3). | "Under bribery sections of statute, what heightened criminal intent is required to prove a case of bribery?" | Bribery - Memo #622 - C-JL.docx | ROSS-003290900-ROSS-003290902 |
| In re 2111 Associates-Chicago, 580 F.2d 705 | 289+530 | Any conversion of partnership property into property of an individual partner must be bona fide and without intent to hinder, delay, or defraud creditors. | Can a partnership property be converted into property of an individual partner by a transfer as long as it is bona fide in nature? | 022308.docx | LEGALEASE-00139546-LEGALEASE-00139548 |
| Booth v. Attorneys' Title Guaranty Fund, 20 P.3d 319 | 289+457 | Partners may make any agreement between themselves so long as it is not in violation of public policy or the common law, and their agreement generally controls as to matters between them. | Can partners make an agreement between themselves regarding partnership as long as it does not violate public policy? | 022332.docx | LEGALEASE-00139622-LEGALEASE-00139623 |
| Doe v. Bd. of Regents of Univ. of Nebraska, 280 Neb. 492 | 307A+554 | A trial court may properly address a claim of sovereign immunity under a motion to dismiss for failure to state a claim. Neb. Ct. R. Pldg. S 6-1112(b)(6). | Can a trial court properly address a claim of sovereign immunity under a motion to dismiss for failure to state a claim? | Pretrial Procedure - Memo # 5554 - C - PB.docx | ROSS-003302830-ROSS-003302831 |
| Shatswell v. Shatswell, 758 F. Supp. 662 | 34+34.2(1) | Provisions of Soldiers' and Sailors' Civil Relief Act may be applied by federal and state courts. Soldiers' and Sailors' Civil Relief Act of 1940, S 102(1), 50 U.S.C.A.App. S 512(1). | Can the provisions of Soldiers and Sailors Civil Relief Act be applied by federal and state courts? | Armed Services - Memo 197 - SNJ.docx | ROSS-003287088-ROSS-003287089 |
| Talbot v. United States, 40 Fed. Cl. 801 | 393+996 | Fact that a service member is faced with inherently unpleasant alternatives does not make the service member's separation involuntary, for purpose of ascertaining whether Tucker Act jurisdiction exists over member's pay claim. 28 U.S.C.A. S 1491. | Does the fact that a service member is faced with inherently unpleasant alternatives make the service member's separation involuntary? | 008558.docx | LEGALEASE-00140045-LEGALEASE-00140046 |
| Diemar & Kirk Co. v. Smart Styles, 261 N.C. 156 | 8.30E+76 | Revocation by drawer of check of authority of bank to pay check does not discharge drawer's liability to payee or holder, and situation becomes same as if check had been dishonored and notice thereof given to drawer. | Is the drawer liable to the holder of the check when the drawer has stopped the payment or had the check been dishonored? | 009074.docx | LEGALEASE-00140086-LEGALEASE-00140087 |
| Com. v. Albert, 310 Mass. 811 | 63+3 | The collection of a bribe through an intermediary makes the public officer just as liable under statute as if he personally received it. G.L.(Ter.Ed.) c. 268, S 8 (M.G.L.A.). | Does the collection of a bribe through an intermediary makes the public officer as liable under the statute as if he personally receives it? | 012089.docx | LEGALEASE-00140694-LEGALEASE-00140695 |
| Lake Cty. Tr. Co. v. Lane, 478 N.E.2d 684 | 320+82(5) | In view of rule that owner of property whereon public highway lies holds property in fee, subject only to public's easement, owners of property that abutted county road on the east, rather than the county, were owners to whom one half of abandoned railroad right-of-way easement reverted where the east edge of the right-of-way met the abutting property at approximately the outerline of the highway. | "Does the owner of a property, whereon public highway lies, hold property in fee, subject only to publics easement?" | 019011.docx | LEGALEASE-00140358-LEGALEASE-00140359 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Word of Faith World Outreach Ctr. Church v. Oechsner, 669 S.W.2d 364 | 119+53 | When a road or street is dedicated to the public, the governmental entity exercising jurisdiction over the street ordinarily acquires only an easement in the street. | "When a street is dedicated to the public, does a governmental entity exercising jurisdiction over the street acquires only easement in the street?" | Highways -Memo 159 - DB.docx | ROSS-003304525-ROSS-003304526 |
| Com. v. Funk, 323 Pa. 390 | 48A+5(1) | Legislature, in exercise of right to regulate use of highways and of inherent police power of state alone, has power to regulate circumstances under which automobiles may be operated upon highways of commonwealth. | Who has the right to prescribe on what may be operated in a highway? | 019027.docx | LEGALEASE-00140212-LEGALEASE-00140213 |
| In re Whittington, 530 B.R. 360 | 289+548 | Under Texas law, partners owe each other a duty to make full disclosure of all material facts within their knowledge relating to partnership affairs. | Does a partner have the right to disclose all material facts within his knowledge relating to partnership affairs? | 022287.docx | LEGALEASE-00140155-LEGALEASE-00140156 |
| Bd. of Trustees of Policemen's & Firemen's Ret. Fund v. Cardwell, 400 So. 2d 402 | 316P+381 | Since right to pension is purely statutory, courts do not have power to grant benefits to classes of people not included as beneficiaries by legislature, but merely to determine whether it was constitutional for legislature to exclude them. | Is a right to a pension statutory? | 022804.docx | LEGALEASE-00140572-LEGALEASE-00140573 |
| Dolman v. Saltzman, 100 R.I. 327 | 307A+725 | Conditions imposed on grant of continuance must be made by trial justice at time motion for continuance is granted, and cannot be made thereafter. | Should conditions imposed on grant of continuance be made by trial justice at time motion for continuance is granted? | Pretrial Procedure - Memo # 4672 - C - SU.docx | ROSS-003302153-ROSS-003302154 |
| Eisenmeyer v. Sauter, 77 Ill. 515 | 307A+74 | A deposition taken before a master in chancery, and reported by him, but not signed by the witness, should, on motion, be stricken from the record. | "Should a deposition taken before a master in chancery, and reported by him, but not signed by the witness, upon motion be stricken from the record?" | Pretrial Procedure - Memo # 5285 - C - TM.docx | ROSS-003288774-ROSS-003288775 |
| Conboy v. State, 292 Conn. 642 | 106+39 | If the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. | "If the question of jurisdiction is intertwined with the merits of the case, can a court resolve the jurisdictional question on a motion to dismiss for lack of subject matter jurisdiction without a hearing to evaluate those merits?" | 032753.docx | LEGALEASE-00139739-LEGALEASE-00139740 |
| Ex parte Gregory, 947 So. 2d 385 | 307A+36.1 | A plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case; to be permitted jurisdictional discovery, plaintiff must at least allege facts that would support a colorable claim of jurisdiction. | Does a plaintiff not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case? | 032780.docx | LEGALEASE-00139989-LEGALEASE-00139990 |
| Gold v. Rowland, 296 Conn. 186 | 307A+554 | A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. | "Does a motion to dismiss test whether, on the face of the record, the court is without jurisdiction?" | 032850.docx | LEGALEASE-00139937-LEGALEASE-00139938 |
| Mayer v. Biafore, Florek & O'Neill, 245 Conn. 88 | 13+6 | Justiciability requires: (1) that there be an actual controversy between or among the parties to the dispute; (2) that the interests of the parties be adverse; (3) that the matter in controversy be capable of being adjudicated by judicial power; and (4) that the determination of the controversy will result in practical relief to the complainant. | Should a case that is non-justiciable be dismissed for lack of subject matter jurisdiction? | Pretrial Procedure - Memo # 5668 - C - SN.docx | ROSS-003304807-ROSS-003304808 |
| Town of Trumbull v. Palmer, 104 Conn. App. 498 | 307A+531 | Generally speaking, a nonsuit is the name of a judgment rendered against a party in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with orders of the court. | What is a nonsuit? | 033269.docx | LEGALEASE-00140704-LEGALEASE-00140705 |
| Audubon Ins. Co. v. Bernard, 434 So. 2d 1072 | 371+2001 | Not every imposition of a charge or fee by government constitutes demand for money under its power to tax. LSA-Const. Art. 3, S 2; Art. 5, S 5(D)(1); Art. 7, SS 1, 2. | Does every imposition of a charge or fee by government constitute a demand for money under its power to tax? | 044867.docx | LEGALEASE-00140241-LEGALEASE-00140242 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Crenshaw v. Jackson, 6 Ga. 509 | 352+22(1) | Upon the transfer of a note payable to bearer, by delivery, the transferer ceases to be a party to it, and is not, generally, responsible thereon to the transferee, or any subsequent holder; but if he undertake to guarantee the payment of the note, he will be liable to the transferee on that special contract, and it is a proper matter of set-off. | Does the person making the transfer ceases to be a party when a promissory note payable to bearer is transferred by mere delivery? | Bills and Notes - Memo 172 - PR.docx | ROSS-003290807 |
| Smyth v. Carden, 31 Tenn. 28 | 83E+423 | If the payee of a note or bill payable to himself or bearer transfer it by indorsement, he will incur the ordinary liability of an indorser; but, if by delivery, he will cease to be deemed a party to the note or bill. | Does the person making the transfer ceases to be a party when a promissory note payable to bearer is transferred by mere delivery? | Bills and Notes - Memo 172 - PR.docx | LEGALEASE-00030549-LEGALEASE-00030550 |
| Thweatt v. Jackson, 838 S.W.2d 725 | 83E+481 | Assignee of promissory notes stands in shoes of assignor and obtains rights, title, and interest that assignor had at time of assignment. | Does an assignee of a promissory note obtain the title as that of the assignor at the time of assignment? | Bills and Notes -Memo 489 -DB.docx | ROSS-003288097-ROSS-003288098 |
| Citizens Nat. Bank v. Waltman, 344 So. 2d 725 | 8.30E+274 | Execution of a renewal note with full knowledge of the facts constituting defense to the original note waives such defense as to the renewal. | Does execution of a renewal note with full knowledge of the facts constituting a defense to the original note waive all defenses? | Bills and Notes- Memo 593-IS.docx | ROSS-003288811-ROSS-003288812 |
| State v. Pounds, 522 So. 2d 1119 | 63+6(1) | Failure of bill of information charging defendant with public bribery to state that defendant was a public employee was not a fatal defect. LSA-R.S. 14:118; LSA-C.Cr.P. art. 472. | "In charge of bribery, is the failure of the bill of information to state that the defendant was a public employee a fatal defect?" | 012125.docx | LEGALEASE-00141146-LEGALEASE-00141147 |
| State v. Soukup, 656 N.W.2d 424 | 129+127 | To prove disorderly conduct, the state must show that an offender knew, or should have known, that his conduct would alarm, anger or disturb others or would provoke an assault or breach of the peace. M.S.A. S 609.72. | "To convict a person of disorderly conduct, should there be an actual commotion?" | 014445.docx | LEGALEASE-00141041-LEGALEASE-00141042 |
| Tarr v. Timberwood Park Owners Ass'n Inc., 510 S.W.3d 725 | 108+49 | When interpreting a restrictive covenant, if a person comes to a place temporarily, without any intention of making that place his or her home, that place is not considered the person's residence; instead, those persons are using a home for transient purposes. | Is a place considered a person's residence if a person comes to a place temporarily without any intention of making that place his or her home? | 014544.docx | LEGALEASE-00140730-LEGALEASE-00140731 |
| Ouachita Watch League v. Henry, 59 F. Supp. 3d 922 | 149E+595(5) | Allegation that United States Forest Service and Bureau of Land Management (BLM) were continuing to issue and approve oil and gas leases and permits in national forest, following updated Reasonably Foreseeable Development Scenario (RFDS) and Changed Conditions Analysis (CCA), were sufficient to state a National Environmental Policy Act (NEPA) claim under Administrative Procedure Act (APA) to compel agency action unlawfully withheld or unreasonably delayed; allegations sufficiently allowed inference that agencies were taking major Federal action requiring preparation of environmental impact statement (EIS). 5 U.S.C.A. S 706(1); National Environmental Policy Act of 1969, S 2, 42 U.S.C.A. S 4321. | if the Forest Service chooses not to retain authority to preclude all surface disturbing activities must an EIS (Environmental Impact Statement) be prepared when the leases are issued? | Mines and Minerals - Memo # 107- C - EB.docx | LEGALEASE-00030875-LEGALEASE-00030876 |
| Shearer v. Allegheny Land & Mineral Co., 152 W. Va. 616 | 260+73.1(2) | Discovery of oil within term vests an estate, terminates mere right of exploration, and creates relation of landlord and tenant until end of fixed term. | Does discovery of oil within the term vest an estate and terminate the mere right of exploration? | 021147.docx | LEGALEASE-00140816-LEGALEASE-00140817 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Arnold v. Morton, 529 F.2d 1101 | 260+5.1(2) | A mere application for a mineral lease of public land vests no right in the applicant except the right to have the application fairly considered under applicable statutory criteria. Mineral Lands Leasing Act, S 1 et seq., 30 U.S.C.A. S 181 et seq. | Does a mere application for a lease vest no rights in the applicant except the right to have the application fairly considered under the applicable statutory criteria? | 021271.docx | LEGALEASE-00141166-LEGALEASE-00141167 |
| Chang Hyun Moon v. Kang Jun Liu, 2015 IL App (1st) 143606 | 302+48 | Illinois is a fact pleading jurisdiction, and a pleading which merely paraphrases the elements of a cause of action in conclusory terms is not sufficient. | "Is a pleading that merely paraphrases the elements of a cause of action in conclusory terms, sufficient?" | Pleading - Memo 385 - RMM.docx | LEGALEASE-00031020-LEGALEASE-00031021 |
| In re Guardian Tr. Co., 260 B.R. 404 | 170A+1686 | In deciding whether to allow party to withdraw his or her admissions, court must consider effect upon litigation and prejudice to opposing party, rather than focus on moving party's excuses for having made erroneous admission. Fed.Rules Civ.Proc.Rule 36(b), 28 U.S.C.A. | Will a court focus on a moving partys excuses for an erroneous admission? | Pretrial Procedure - Memo # 3243 - C - PB.docx | ROSS-003287735-ROSS-003287736 |
| Arvedson v. Luby, 498 S.W.2d 253 | 307A+723.1 | Before trial court may exercise its discretion on motion for continuance, there must be a motion presented in conformity with rule. Rules of Civil Procedure, rule 251. | "Before a trial court may exercise its discretion on a motion for continuance, should there be a motion presented in conformity with the rule?" | 030703.docx | LEGALEASE-00141366-LEGALEASE-00141367 |
| Dijkstra v. Millar Elevator Indus., 228 A.D.2d 469 | 307A+36.1 | Products liability defendant is entitled to know which parts of product are claimed to be defective and nature of alleged defects. McKinney's CPLR 3101(a). | Is a products liability defendant entitled to know which parts of product are claimed to be defective and nature of alleged defects? | 032149.docx | LEGALEASE-00141356-LEGALEASE-00141357 |
| Kern v. Gleason, 840 S.W.2d 730 | 307A+36.1 | In action where exemplary damages may be recovered, party's net worth is relevant and discoverable. | "In action where exemplary damages may be recovered, is a party's net worth relevant and discoverable?" | Pretrial Procedure - Memo # 5194 - C - SN.docx | ROSS-003288741-ROSS-003288742 |
| Cleland v. 60-02 Woodside Corp., 221 A.D.2d 307 | 157+219.50 | Evidence of subsequent repairs and remedial measures is not discoverable or admissible in negligence case unless there is issue of maintenance or control. | Is evidence of subsequent repairs not discoverable or admissible in a negligence case? | Pretrial Procedure - Memo # 5209 - C - AC.docx | ROSS-003289239-ROSS-003289240 |
| Williams v. Richardson, 12 S.C. 584 | 307A+74 | Where commissioners to take testimony certify, in their return, that under the instructions contained in the commission, they have qualified each other and also the witness, whose signature is appended to his deposition, the commission is competent testimony, although the form of the oath taken by the commissioners and witness, and their signatures thereto, and the jurat, are omitted. | "Should commissioners to take testimony certify, in their return, that they have qualified each other and also the witness?" | 032560.docx | LEGALEASE-00141706-LEGALEASE-00141707 |
| In re R.M., 234 S.W.3d 619 | 307A+684 | Dismissal for lack of subject matter jurisdiction is proper when it appears, by a preponderance of the evidence, that the court is without jurisdiction. | "Is a dismissal for lack of subject matter jurisdiction proper when it appears, by a preponderance of the evidence?" | 033336.docx | LEGALEASE-00140903-LEGALEASE-00140904 |
| Forth v. Allstate Indem. Co., 151 S.W.3d 732 | 307A+554 | If a plaintiff lacks standing, the trial court has no jurisdiction and must dismiss the entire case. | "If a plaintiff lacks standing, does the trial court have no jurisdiction and must dismiss the entire case?" | 033350.docx | LEGALEASE-00140953-LEGALEASE-00140954 |
| Thomas v. Long, 207 S.W.3d 334 | 307A+554 | It is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction. | Is it proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction? | Pretrial Procedure - Memo # 6023 - C - VP.docx | ROSS-003289737-ROSS-003289738 |
| Tompkins v. Williams, 19 Ga. 569 | 307A+74 | A deposition is not excluded by a discrepancy as to the witness' name between the interrogatories and the deposition, if the opposite party knew what person was intended to be examined, and directed his cross-examination accordingly. | Is a deposition not excluded by a discrepancy as to the witness' name between the interrogatories and the deposition? | Pretrial Procedure - Memo # 6083 - C - AP.docx | ROSS-003303243-ROSS-003303244 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Peplinski's Estate, 155 Pa. Super. 564 | 268+405 | General taxation is enforced to serve the necessary purposes of government, while local assessments are enforced to serve mere local convenience and for additional benefit of private property holders. | What is general taxation enforced to serve? | 045134.docx | LEGALEASE-00140840-LEGALEASE-00140842 |
| In re Peplinski's Estate, 155 Pa. Super. 564 | 268+405 | General taxation is enforced to serve the necessary purposes of government, while local assessments are enforced to serve mere local convenience and for additional benefit of private property holders. | What are local assessments enforced to serve? | Taxation - Memo # 402 - C- NA.docx | ROSS-003288768-ROSS-003288769 |
| Nw. Mut. Life Ins. Co. v. State Bd. of Equalization, 73 Cal. App. 2d 548 | 268+405 | The terms "tax" and "assessment" except in the case of specific taxation both include the idea of some ratio or rule of apportionment. | Do the terms tax and assessment both include the idea of some ratio or rule of apportionment? | 045209.docx | LEGALEASE-00141216-LEGALEASE-00141217 |
| Leo Feist, v. Young, 46 F. Supp. 622 | 371+2005 | A state has the power to levy a tax against corporations or associations transacting business within its borders. | Does a state have the power to levy a tax against corporations or associations transacting business within its borders? | Taxation - Memo # 564 - C - ES.docx | ROSS-003288845-ROSS-003288846 |
| City of Los Angeles v. Tannahill, 105 Cal. App. 2d 541 | 371+2135 | It is inherent quality of a state to possess power to tax and to select its subjects of taxation, and it is not bound to tax every member of a class or none. | Is a state bound to tax every member of a class? | 045445.docx | LEGALEASE-00141380-LEGALEASE-00141381 |
| Shannon v. Streckfus Steamers, 279 Ky. 649 | 371+2005 | A state is free to exercise its taxing power unless there is some direct and substantial, and not merely incidental or gratuitous, interference with a federal right. | Can a state exercise its taxing power when there is direct interference with a federal right? | 045465.docx | LEGALEASE-00141559-LEGALEASE-00141560 |
| Pelouze v. City of Richmond, 183 Va. 805 | 371+2392 | The state and its municipalities' property, held for governmental purposes, are presumptively exempted from operation of general tax laws, though taxable if state sees fit. | Are the state and its municipalities' property exempted from operation of general tax laws? | Taxation - Memo # 615 - C - SS.docx | LEGALEASE-00031757-LEGALEASE-00031759 |
| Holland Furnace Co. v. City of Chaffee, 279 S.W.2d 63 | 268+956(1) | The city has no inherent power to tax, and such power rests primarily in state but state may delegate power by constitutional provision or by statutory enactment. Section 94.110 RSMo 1949, V.A.M.S. | Can the power to tax be delegated by constitutional provision or by statutory enactment? | 045538.docx | LEGALEASE-00141801-LEGALEASE-00141802 |
| Joslin v. Regan, 63 A.D.2d 466 | 371+2060 | An "ad valorem tax" is one that is assessed on the value of property at a certain rate or at a fixed proportion. Const. art. 16, S 3. | "Is ""ad valorem tax"" the one that is assessed on the value of property at a certain rate or at a fixed proportion?" | 045556.docx | LEGALEASE-00142013-LEGALEASE-00142014 |
| Sunshine Towing v. Fonseca, 933 So. 2d 594 | 413+45 | Workers' compensation is purely a creature of statute and, as such, is subject to the basic principles of statutory construction. | "Is workers compensation purely a creature of statute and, as such, is it subject to the basic principles of statutory construction?" | 048098.docx | LEGALEASE-00141049-LEGALEASE-00141050 |
| Sease v. PaineWebber, 697 F. Supp. 1190 | 25T+154 | Plaintiff cannot avoid broad language agreeing to arbitration by pleading cause of action in tort. | Can a plaintiff avoid broad language agreeing to arbitration by pleading a cause of action in tort? | 007637.docx | LEGALEASE-00143351-LEGALEASE-00143352 |
| Pierson v. Dean, Witter, Reynolds, 742 F.2d 334 | 25T+155 | Where less than all alleged claims are arbitrable, court may proceed with nonarbitrable claims, but is obliged to honor arbitration clause agreed to by parties and to lay aside arbitrable claims. | May a court proceed with non-arbitrable claims if all the claims alleged in the civil action are not arbitrable? | 007641.docx | LEGALEASE-00143361-LEGALEASE-00143362 |
| Miletic v. Holm & Wonsild, 294 F. Supp. 772 | 25T+155 | Putting party to expense of pursuing arbitration of one claim before arbitration tribunal and trial of another claim in court should be avoided if possible. 9 U.S.C.A. S 3. | Should pursuing arbitration of one claim before an arbitration tribunal and trial of another claim in court be avoided? | 007643.docx | LEGALEASE-00143363-LEGALEASE-00143364 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Redzic, 569 F.3d 841 | 63+1(1) | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. 18 U.S.C.A. S 666(a)(2). | Is it necessary for the government to link any particular payments to any particular action in bribery? | 012057.docx | LEGALEASE-00142603-LEGALEASE-00142604 |
| United States v. Hernandez, 731 F.2d 1147 | 282+105 | Witness bribery statute is to be broadly construed in order to effectuate its legislative purpose of deterring corruption. 18 U.S.C.A. S 201. | "In order to effectuate its legislative purpose of deterring corruption, should witness bribery statute be broadly construed?" | 012170.docx | LEGALEASE-00142382-LEGALEASE-00142383 |
| United States v. Lipscomb, 299 F.3d 303 | 63+1(1) | Federal funds need not be directly affected by local official's acceptance of bribe in order for acceptance to constitute violation of federal programs bribery statute. 18 U.S.C.A. S 666(a)(1)(B). | Should the federal funds be directly affected by local official's acceptance of bribe in order for acceptance to constitute violation of federal programs bribery statute? | Bribery - Memo #789 - C-JL.docx | LEGALEASE-00032112-LEGALEASE-00032113 |
| Garman v. Conoco, 886 P.2d 652 | 260+73 | Fundamental purpose of oil and gas lease is to provide for exploration, development, production, and operation of property for mutual benefit of lessor and lessee. | What is the fundamental purpose of an oil and gas lease? | 021323.docx | LEGALEASE-00142595-LEGALEASE-00142596 |
| Rankin v. Naftalis, 557 S.W.2d 940 | 390+102(1) | While relationship between parties in oil and gas lease was fiduciary in character, the fiduciary duties extended only to dealings within scope of underlying relationship of parties, that of joint venturers for development of particular lease; and, though joint enterprise extended to paying production costs of wells on lease and sharing benefits derived proportionately, no impropriety as by one party's appropriating operating expense account to purchase land in his own name occurred within scope of those activities, no breach of fiduciary relationship between parties occurred so as to require imposition of a resulting or constructive trust to escape application of unquestioned general rule that land titles must not rest in parol. Vernon's Ann.Civ.St. arts. 7425b-2, 7425b-7. | Does the fiduciary relationship created by a joint drilling venture forbid further acquisition and development of leases in the general area by individual ventures if these leases are not embraced within the scope of the enterprise? | Mines and Minerals - Memo #152 - C - CSS.docx | ROSS-003289102-ROSS-003289103 |
| Bays Expl. v. PenSa, 771 F. Supp. 2d 1289 | 184+7 | Under Oklahoma law, joint operating agreements between operator of jointly owned oil and gas wells and non-operator did not create fiduciary obligations on part of operator toward non-operator, where the agreements expressly provided that the parties to the agreements were not considered fiduciaries; rather, any duties imposed by the agreements were contractual obligations. | "Do oil and gas operators have a fiduciary duty to non-operators arising solely from contracts such as leases, communitization agreements, or joint operating agreements?" | 021335.docx | LEGALEASE-00142740-LEGALEASE-00142741 |
| McCulloh v. Dashiell's Adm'r, 1 H. & G. 96 | 289+711 | Creditors of a partnership can only look to the surplus of the separate estate of the members of the firm after the payment of the separate debts, and separate creditors can only seek indemnity from the surplus of the joint fund after the satisfaction of the joint creditors. | Can the joint creditors of a partnership look to the surplus of the separate estates of the partners after payment of the separate debts? | Partnership - Memo 425 - JK.docx | ROSS-003288997-ROSS-003288998 |
| Richardson v. Adler, Goldman & Co., 46 Ark. 43 | 163+61 | The members of an insolvent firm are not entitled to the exemptions allowed by law, out of the partnership property, after it has been seized to satisfy the demands of the creditors of the firm. | Is a member of an insolvent firm entitled to exemptions out of the partnership property? | Partnership - Memo 427-JK.docx | ROSS-003291138-ROSS-003291139 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Richardson v. Adler, Goldman & Co., 46 Ark. 43 | 163+61 | The members of an insolvent firm are not entitled to the exemptions allowed by law, out of the partnership property, after it has been seized to satisfy the demands of the creditors of the firm. | Is a member of an insolvent firm entitled to exemptions out of the partnership property? | 022426.docx | LEGALEASE-00143410-LEGALEASE-00143411 |
| People v. Northbrook Sports Club, 53 Ill. App. 3d 331 | 302+9 | Allegations of legal conclusions and allegations of evidence constitute merely formal defects and not defects of substance in pleadings; thus conclusory allegation does not impair informational function or sufficiency of pleading. S.H.A. ch. 110, SS 1-94, 33(1, 3), 42(2). | Do allegations of evidence constitute defects of substance? | Pleading - Memo 403 - RMM.docx | ROSS-003291176-ROSS-003291177 |
| Powers v. Delnor Hosp., 135 Ill. App. 3d 317 | 302+41 | Drafter of a complaint must strike a balance between inclusion of too little and too much factual detail; if too little factual detail is included, complaint is objectionable for stating conclusions, but if too much detail is included, complaint improperly pleads evidence. | Must the drafter of a complaint strike a balance between inclusion of too little and too much factual detail? | Pleading - Memo 406 - RMM.docx | ROSS-003288552-ROSS-003288553 |
| Oravek v. Cmty. Sch. Dist. 146, 264 Ill. App. 3d 895 | 302+11 | Allegation of defendant's knowledge is allegation of ultimate fact, not a conclusion, and thus plaintiff need not plead evidentiary facts upon which such statement is based. | Is a statement of a defendant's knowledge an allegation of ultimate fact? | 023500.docx | LEGALEASE-00143112-LEGALEASE-00143113 |
| Georgetown Steel Corp. v. Chaffee, 519 N.E.2d 574 | 307A+485 | Defendant failed duty to answer requests for admission without equivocation or evasion, and thus was not substantially justified in its opposition to motion to compel and was subject to payment of plaintiffs' expenses. Trial Procedure Rules 37, 37(A)(4); Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A. | "Will a defendant be subject to payment of plaintiffs' expenses, if he fails duty to answer requests for admission without equivocation or evasion?" | 030663.docx | LEGALEASE-00142818-LEGALEASE-00142819 |
| Fisk v. Tank, 12 Wis. 276 | 307A+74 | A deposition should not be suppressed or excluded for want of a venue or statement of the place where it was taken, either in its caption or in the certificate of the commissioner before whom it was taken. | Should a deposition not be suppressed or excluded for want of a venue or statement of the place where it was taken? | 032506.docx | LEGALEASE-00142270-LEGALEASE-00142271 |
| Glidden v. Moore, 14 Neb. 84 | 307A+74 | A certificate of a notary public to a deposition which omits the "venue" at the head thereof is not thereby invalidated when the same (state and county) appears in the body of the certificate. | "Is a certificate of a notary public to a deposition which omits the ""venue"" at the head thereof not thereby invalidated when the same state and county appears in the body of the certificate?" | Pretrial Procedure - Memo # 5420 - C - SN.docx | ROSS-003288825-ROSS-003288826 |
| Texas Educ. Agency v. Am. YouthWorks, 496 S.W.3d 244 | 307A+554 | If the pleadings affirmatively negate the existence of jurisdiction, court may grant plea to the jurisdiction and render judgment dismissing the plaintiffs' case without an opportunity to amend. | "If the pleadings or record affirmatively negate the existence of jurisdiction, should the suit be dismissed?" | Pretrial Procedure - Memo # 5703 - C - VA.docx | ROSS-003289417-ROSS-003289419 |
| Steward v. Green, 189 N.C. App. 131 | 15A+2161 | When a party has not exhausted administrative remedies, the case should be dismissed for lack of subject matter jurisdiction. | "When a party has not exhausted administrative remedies, should the case be dismissed for lack of subject matter jurisdiction?" | Pretrial Procedure - Memo # 6060 - C - AP.docx | ROSS-003316736-ROSS-003316737 |
| MMMG v. Seminole Tribe of Florida, 196 So. 3d 438 | 307A+554 | A motion to dismiss is a proper procedural vehicle to challenge jurisdiction based on sovereign immunity. | Is a motion to dismiss a proper procedural vehicle to challenge jurisdiction based on sovereign immunity? | Pretrial Procedure - Memo # 6107 - C - KG.docx | ROSS-003329560-ROSS-003329561 |
| Montgomery Trading Co. v. Cho, 193 Misc. 2d 468 | 307A+560 | Failure to specify the time and place of hearing on a petition is a jurisdictional defect requiring dismissal. McKinney's CPLR 3211(a), par. 7. | Is failure to specify the time and place of hearing on a petition a jurisdictional defect requiring dismissal? | Pretrial Procedure - Memo # 6277 - C - NS.docx | ROSS-003289141-ROSS-003289142 |
| Gulf, C. & S.F. Ry. Co. v. Brown, 75 S.W. 807 | 307A+726 | A second application for a continuance, not made in strict compliance with the statute, is addressed to the sound discretion of the court. | "Can a second application for a continuance, not made in strict compliance with the statute, be addressed to the sound discretion of the court? " | Pretrial Procedure - Memo # 6290 - C - RF.docx | LEGALEASE-00032777-LEGALEASE-00032778 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reecy v. Reecy, 132 Ill. App. 2d 1024 | 307A+726 | Fact that there has been one previous continuance does not indicate intention of party seeking second continuance to delay administration of justice. | "If there has been one previous continuance, would it indicate the intention of the party seeking a second continuance to delay administration of justice?" | 033795.docx | LEGALEASE-00142167-LEGALEASE-00142168 |
| Taylor v. Margo, 508 S.W.3d 12 | 307A+554 | If a plaintiff is without standing to assert one of his claims, the court lacks jurisdiction over that claim and is required to dismiss it. | "If a plaintiff lacks standing to assert one of his claims, does the court lack jurisdiction over that claim and must dismiss it?" | 033828.docx | LEGALEASE-00142722-LEGALEASE-00142723 |
| Kramer v. Crout, 279 S.W.2d 932 | 307A+726 | Granting or refusing of second motion for continuance is matter in discretion of trial court, which will not be disturbed in absence of clear showing of abuse of discretion. | Would it be within the sound discretion of the court to grant or refuse a second application for a continuance? | 033857.docx | LEGALEASE-00143492-LEGALEASE-00143493 |
| Houston Transp. Co. v. Paine, 193 S.W. 188 | 307A+726 | Tender of witness fees is necessary to show diligence in an application for a second continuance to secure attendance of such witness. | Is the tender of witness fees necessary to show diligence in an application for a second continuance to secure attendance of such witness? | 033893.docx | LEGALEASE-00142254-LEGALEASE-00142255 |
| State Farm Fire & Cas. Co. v. Smith, 39 So. 3d 1172 | 307A+560 | Under the rule permitting a 120-day period for service of process, an action may not be dismissed for insufficient service before the expiration of the 120-day period. Rules Civ.Proc., Rule 4(b). | "Can an action be dismissed for insufficient service before the expiration of a 120-day period, under the rule permitting the period for service of process?" | Pretrial Procedure - Memo # 6390 - C - CK.docx | ROSS-003301787-ROSS-003301788 |
| Jimenez v. DeRosa, 109 Conn. App. 332 | 313+78 | Abode service of process is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed. C.G.S.A. S 52-57(a); Practice Book 1998, S 10-13. | Should an action be dismissed if it was commenced by improper service of process? | Pretrial Procedure - Memo # 6426 - C - NS.docx | ROSS-003316668-ROSS-003316670 |
| Chris Keefe Builders v. Hazzard, 71 A.D.3d 1599 | 307A+746 | Courts have the discretion to issue appropriate sanctions for a party's failure to comply with a scheduling order. | Do courts have the discretion to issue appropriate sanctions for a party's failure to comply with a scheduling order? | Pretrial Procedure - Memo # 6437 - C - AP.docx | ROSS-003289689-ROSS-003289690 |
| Lunding v. New York Tax Appeals Tribunal, 522 U.S. 287 | 371+2005 | State legislatures must draw some distinctions in light of local needs, and they therefore have considerable discretion in formulating tax policy; thus, where question is whether state taxing law contravenes rights secured by Federal Constitution, decision must depend not upon any mere question of form, construction, or definition, but upon practical operation and effect of tax imposed. | Do the State legislatures have considerable discretion in formulating tax policy? | Taxation - Memo # 496 - C - SKG.docx | ROSS-003290167-ROSS-003290168 |
| Revenue Cabinet v. Estate of Field, 864 S.W.2d 930 | 371+3302 | "Ad valorem taxes" are direct taxes on property based upon value of property, while "inheritance taxes" are imposed not on property, but upon privilege or right of succession thereto. | "Is an ""ad valorem tax"" direct tax on property based upon value of property?" | 045569.docx | LEGALEASE-00142219-LEGALEASE-00142220 |
| State ex rel. Tillman v. Dist. Court of Tenth Judicial Dist. in & for Fergus Cty., 101 Mont. 176 | 371+2005 | Constitutional provisions with regard to taxation constitute limitation upon legislative power and not grant of power, since such power is inherent in sovereign state. | Do Constitutional provisions with regard to taxation constitute limitation on legislative power rather than grant of power? | Taxation - Memo # 667 - C - KBM.docx | ROSS-003303584-ROSS-003303585 |
| State ex rel. Vill. of Leipsic v. Moenter, 99 Ohio St. 110 | 371+2060 | In a general sense a tax is an "assessment" and an assessment is a "tax," but there is a well-recognized distinction between them, an assessment being confined to local imposition upon property to pay cost of public improvement in its immediate vicinity, and levied with reference to special benefits to property assessed. | "Is there a distinction between a ""tax"" and an ""assessment""?" | 045587.docx | LEGALEASE-00142467-LEGALEASE-00142468 |
| Centorino v Tewksbury Twp., 18 N.J. Tax 303 | 371+2060 | Inherent in local property tax law is principle that, in dealing with the public, government must turn square corners. | "Must the government ""turn square corners"", when dealing with the public regarding tax disputes?" | Taxation - Memo # 676 - C - KBM.docx | ROSS-003303586-ROSS-003303587 |
| Alabama Warehousing Co. v. State, 227 Ala. 258 | 371+2005 | Congress cannot, by exercise of police power, impinge or destroy state's power over legitimate subjects of taxation within its jurisdiction. | Can the police power of congress destroy the state's power of taxation within its jurisdiction? | 10071.docx | LEGALEASE-00096198-LEGALEASE-00096199 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cassinos v. Union Oil Co., 14 Cal. App. 4th 1770 | 260+51(1) | Causing subsurface migration of fluids into a mineral estate without consent constitutes trespass. | Can causing subsurface migration of fluids into a mineral estate without consent constitute a trespass? | 047424.docx | LEGALEASE-00142616-LEGALEASE-00142617 |
| Dallas v. Cips, 402 Ill. App. 3d 307 | 413+2 | Proceedings under the Workers' Compensation Act are purely statutory, and courts can obtain jurisdiction only in the manner provided by that Act. S.H.A. 820 ILCS 305/19(g). | "Are proceedings under the Workers Compensation Act purely statutory, and how can courts obtain jurisdiction?" | 048019.docx | LEGALEASE-00143332-LEGALEASE-00143333 |
| Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877 | 413+2 | The right to workers' compensation benefits is a unique concept in the law, derived solely from statutory provisions, rather than from the common law. | "Are workers compensation benefits a unique concept, and where is it solely derived from?" | 048134.docx | LEGALEASE-00142088-LEGALEASE-00142089 |
| Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc., 626 F.3d 156 | 25T+178 | A litigant is not entitled to use arbitration as a means of aborting a suit that did not proceed as planned in the district court. | Can litigants use arbitration as a means of aborting a suit that does not proceed as planned in court? | Alternative Dispute Resolution - Memo 686 - RK.docx | ROSS-003290736-ROSS-003290737 |
| Cabinetree of Wisconsin v. Kraftmaid Cabinetry, 50 F.3d 388 | 25T+182(1) | To establish waiver of contractual right to arbitrate, party need not show that it would be prejudiced if stay were granted and arbitration ensued. | Does a party have to show prejudice to establish a waiver of the contractual right to arbitrate? | 007699.docx | LEGALEASE-00144814-LEGALEASE-00144815 |
| White v. Sunoco Inc., 189 F. Supp. 3d 486 | 25T+182(1) | For the alleged wrongs to be related to a non-signatory's contractual obligations and duties, as required to apply the "alternative estoppel" theory for a non-signatory third-party to compel arbitration against a signatory, the moving party must show that the claims are intimately founded in and intertwined with the underlying contract obligations. | What is alternative estoppel theory? | Alternative Dispute Resolution - Memo 698 - RK.docx | ROSS-003301933-ROSS-003301935 |
| Noble Drilling Servs. v. Certex USA, 620 F.3d 469 | 25T+182(1) | For direct benefits estoppel to bind a non-signatory to an arbitration agreement, the non-signatory must have had actual knowledge of the contract containing the arbitration clause. | Does the non-signatory need to have actual knowledge of the contract containing the arbitration clause to satisfy the knowledge requirement for direct benefits estoppel? | 007743.docx | LEGALEASE-00145005-LEGALEASE-00145006 |
| United States v. Turner, 421 F.2d 1251 | 34+20.8(1) | It is mandatory duty of draft board to supply registrant with requested form for making claim for conscientious objector status, and failure to perform such duty will vitiate conviction for failure to report for induction. | Is supplying registrants with requested forms a mandatory duty of the board? | Armed Services - Memo 264 - RK.docx | ROSS-003288520-ROSS-003288521 |
| United States v. Goodman, 439 F.2d 810 | 34+20.8(1) | Purpose for a medical interview of selective service registrant is to screen and disqualify those registrants who have obvious physical defects, and right to a medical interview at registrant's request only exists before registrant has had an armed forces physical examination. | Does the right to a medical interview at the registrant's request exist before the registrant has had an Armed Forces physical examination? | Armed Services - Memo 276 - RK.docx | ROSS-003290801-ROSS-003290802 |
| United States v. Terry, 707 F.3d 607 | 63+1(1) | If a public official receives money through promises to improperly employ his public influence, he has accepted a bribe. 18 U.S.C.A. S 201(b)(2). | "If a public official receives money through promises to improperly employ his public influence, has he accepted a bribe?" | 012223.docx | LEGALEASE-00143810-LEGALEASE-00143811 |
| Hearts With Haiti v. Kendrick, 192 F. Supp. 3d 181 | 135+1 | A person's domicile is a place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. | "Is a person's domicile a place where he has his true, fixed home and principal establishment?" | Domicile - Memo # 23 - C - SA.docx | ROSS-003300891-ROSS-003300892 |
| Padilla-Mangual v. Pavia Hosp., 516 F.3d 29 | 135+1 | Person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. 28 U.S.C.A. S 1332(a)(1). | "Is a person's domicile a place where he has his true, fixed home and principal establishment?" | 014498.docx | LEGALEASE-00144441-LEGALEASE-00144442 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Altman v. Blake, 712 S.W.2d 117 | 260+55(2) | Five essential attributes of severed mineral estate are right to develop, right to lease, right to receive bonus payments, right to receive delay rentals, and right to receive royalty payments. | what are the five essential attributes of a mineral estate? | 021494.docx | LEGALEASE-00145027-LEGALEASE-00145028 |
| Sivigliano v. Harrah's N. Kansas City Corp., 188 S.W.3d 46 | 302+370 | The purpose of fact-pleading is to present, define, and isolate the controverted issues so as to advise the trial court and the parties of the issues to be tried and to expedite the trial of a cause on the merits; the pleadings limit and define the issues of the case. V.A.M.R. 55.05. | "Does fact-pleading present, define and isolate the contested issues?" | 023524.docx | LEGALEASE-00144423-LEGALEASE-00144424 |
| Texas Educ. Agency v. Am. YouthWorks, 496 S.W.3d 244 | 307A+554 | If the pleadings affirmatively negate the existence of jurisdiction, court may grant plea to the jurisdiction and render judgment dismissing the plaintiffs' case without an opportunity to amend. | Should the suit be dismissed if pleadings or record affirmatively negate the existence of jurisdiction? | 032912.docx | LEGALEASE-00143814-LEGALEASE-00143815 |
| Coast to Coast Mktg. Co. v. G & S Metal Prod. Co., 130 Ariz. 506 | 307A+683 | When defendant moves to dismiss complaint for lack of personal jurisdiction, plaintiff has burden of establishing that such jurisdiction is proper. | "Once the defendant has moved for dismissal for lack of jurisdiction, does the plaintiff have the burden of establishing that jurisdiction is proper?" | 033103.docx | LEGALEASE-00144067-LEGALEASE-00144068 |
| City of W. St. Paul v. Krengel, 748 N.W.2d 333 | 307A+554 | When there is no injury that a court can redress, the case must be dismissed for lack of justiciability, except in certain narrowly-defined circumstances. | "When there is no injury that a court can redress, must the case be dismissed for lack of justiciability?" | 033237.docx | LEGALEASE-00144460-LEGALEASE-00144461 |
| Krinitt v. Idaho Dep't of Fish & Game, 398 P.3d 158 | 307A+746 | Upon motion or on its own initiative, a district court may impose sanctions for failure to obey a scheduling or pretrial order. Idaho R. Civ. P. 16(i) (2015). | Can courts impose sanctions for a party's failure to obey a scheduling or pretrial order? | Pretrial Procedure - Memo # 6143 - C - AP.docx | ROSS-003329576-ROSS-003329577 |
| Giemme USA v. La Sala Grp., 92 So. 3d 920 | 307A+746 | To order a default based on a party's failure to attend a case management conference, the court must find in its order that the party's conduct was willful and contumacious, and the failure to do so constitutes reversible error. West's F.S.A. RCP Rule 1.200(c). | Is a finding that the party's conduct was willful and contumacious necessary for entering a default based on the party's failure to attend a case management conference? | Pretrial Procedure - Memo # 6157 - C - PC.docx | ROSS-003289584-ROSS-003289585 |
| Israel v. Flick Mortg. Inv'rs, 23 So. 3d 1196 | 307A+560 | A motion to dismiss based on lack of jurisdiction over the person lies when the service of process effected, although proper in manner, is not authorized by a statute that confers jurisdiction. | "Does a court lack jurisdiction over a defendant, where there is no valid service of process?" | 033586.docx | LEGALEASE-00143784-LEGALEASE-00143785 |
| Jimenez v. DeRosa, 109 Conn. App. 332 | 313+78 | Abode service of process is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed. C.G.S.A. S 52-57(a); Practice Book 1998, S 10-13. | Should an action commenced by improper service be dismissed? | Pretrial Procedure - Memo # 6165 - C - AP.docx | ROSS-003303281-ROSS-003303282 |
| Moyers v. Moyers, 284 S.W.3d 182 | 307A+554 | No prejudice attaches when a court dismisses an action because it lacks jurisdiction; and a dismissal based on forum non conveniens is necessarily a dismissal without prejudice. | Does prejudice attach when a court dismisses an action because it lacks jurisdiction? | 033877.docx | LEGALEASE-00143796-LEGALEASE-00143797 |
| TBF Fin. v. Houston, 298 Ga. App. 657 | 228+17(1) | The failure to file a responsive pleading raising a defect in service waives any defense on that ground; however, where there has been no legal service on the defendant and no waiver of service, the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction. West's Ga.Code Ann. S 18-4-1. | Does the failure to file a responsive pleading raising a defect in service waive any defense on that ground? | 034194.docx | LEGALEASE-00144718-LEGALEASE-00144719 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Armstrong v. McNoughton, 183 La. 697 | 307A+726 | In mother's proceeding to obtain custody of child from persons into whose custody she was placed by father who was awarded custody by Texas juvenile court, refusal to grant further time to procure court records, affidavits, and testimony from Texas after continuance had once been granted to enable father to appear held error, where father did not bring child to Louisiana to place it beyond reach of mother or to evade processes of Texas courts and it was impossible for father to get ready for trial within time allowed. Code Prac. art. 468. | "Will the court grant additional time to get ready for the trial as all witnesses, court records and documents, were in another State?" | 034377.docx | LEGALEASE-00144051-LEGALEASE-00144052 |
| Virginia Dep't of State Police v. Elliott, 48 Va. App. 551 | 307A+552 | When it appears that there is no actual controversy between the litigants, or that, if it once existed it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. | What should a court do when it appears that there is no actual controversy between the litigants? | Pretrial Procedure - Memo # 6715 - C - SK.docx | ROSS-003302802-ROSS-003302803 |
| Palmer v. Hofman, 745 N.W.2d 745 | 307A+560 | When there is no service within 90 days after filing of the petition and no order extending the time for service, the delay is presumptively abusive under rule providing for dismissal for failure to timely serve original notice. I.C.A. Rule 1.302(5). | "When there is no service within ninety days after filing of the petition and no order extending the time for service, is the delay presumptively abusive?" | Pretrial Procedure - Memo # 6740 - C - SK.docx | ROSS-003302818-ROSS-003302819 |
| Roehrdanz v. Brill, 668 N.W.2d 217 | 307A+560 | When service of process is invalid, the district court lacks jurisdiction to consider the case, and the case is properly dismissed. | "When service of process is invalid, does the district court lack jurisdiction to consider the case?" | Pretrial Procedure - Memo # 6747 - C - ES.docx | ROSS-003328946-ROSS-003328947 |
| Willis v. RCA Corp., 12 Ohio App. 3d 1 | 307A+746 | Dismissal with prejudice for nonappearance at pretrial hearing is drastic remedy which should be used sparingly and in extreme situations. Rules Civ.Proc., Rule 41(B). | Is dismissal with prejudice for nonappearance at a pretrial hearing a drastic remedy which should be used sparingly and in extreme situations? | 034602.docx | LEGALEASE-00143983-LEGALEASE-00143984 |
| Hastings v. Estate of Hastings, 960 So. 2d 798 | 307A+563 | Although a trial court may dismiss an action as a sanction for violation of a court order, it should do so only in extreme circumstances. West's F.S.A. RCP Rule 1.420(b). | "Although a trial court can dismiss an action as a sanction for violation of a court order, should it do so only in extreme circumstances?" | 035415.docx | LEGALEASE-00145039-LEGALEASE-00145040 |
| Thorkelson v. NY Pizza & Pasta Inc., 956 So. 2d 542 | 413+2 | Workers' compensation is purely a creature of statute and, as such, is subject to the basic principles of statutory construction. West's F.S.A. S 440.01 et seq. | "Is workers compensation purely a creature of statute, and, as such, is subject to the basic principles of statutory construction?" | 048070.docx | LEGALEASE-00144137-LEGALEASE-00144138 |
| Yakowich v. Dep't of Consumer & Indus. Servs., 239 Mich. App. 506 | 92+2340 | Workers' compensation proceedings are purely statutory, and it is the sole prerogative of the legislature to alter or modify a provision of the Worker's Disability Compensation Act (WDCA). M.C.L.A. S 418.101 et seq. | Is workers compensation the sole prerogative of the Legislature to alter or modify a provision of the statute? | Workers Compensation - Memo #415 ANC.docx | ROSS-003289008-ROSS-003289009 |
| Adkins v. R & S Body Co., 58 S.W.3d 428 | 413+11 | The Workers' Compensation Act is social legislation, the purpose of which is to compensate workers who are injured in the course of their employment for necessary medical treatment and for a loss of wage-earning capacity, without regard to fault. KRS 342.0011 et seq. | Is an employee or workers right to workers compensation benefits purely statutory and does it come within or under the ambit of the Constitution? | 048187.docx | LEGALEASE-00144219-LEGALEASE-00144220 |
| Reynolds Metals v. Rogers, 157 Or. App. 147 | 413+2 | Workers' Compensation Act is complete statement of parties' rights and obligations, and they are sui generis. ORS 656.001 et seq. | "Is the Workers Compensation Act the complete statement of the parties rights and obligations, and are they sui generis?" | Workers Compensation - Memo #424 ANC.docx | ROSS-003303403 |
| Woods v. Harry B. Woods Plumbing Co., 967 S.W.2d 768 | 413+2 | Workers' Compensation Act is based on a mutual renunciation of common law rights and defenses. West's Tenn.Code, S 50-6-108 | Is the Workers Compensation Act based on a mutual renunciation of common law rights and defenses? | 048200.docx | LEGALEASE-00144259-LEGALEASE-00144260 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Taylor Timber Co. v. Baker, 226 Ga. App. 211 | 413+51 | Workers' Compensation Act is legislative act in complete derogation of common law, and its provisions must be strictly construed. O.C.G.A. S 34-9-1 et seq. | What is the Workers Compensation Act in derogation of and how must the provisions be construed? | 048223.docx | LEGALEASE-00144325-LEGALEASE-00144326 |
| Wilson v. Waverlee Homes, 954 F. Supp. 1530 | 25T+179 | Under Alabama law, entity that is neither party to, nor agent for, nor beneficiary of contract lacks standing to compel arbitration of contractual dispute. | Does an entity that is neither party nor agent for the beneficiary of a contract lack standing to compel arbitration? | 007753.docx | LEGALEASE-00146412-LEGALEASE-00146413 |
| Fox v. Merrill Lynch & Co., 453 F. Supp. 561 | 25T+178 | If it is not practical to separate a party's arbitrable and nonarbitrable claims, it may be appropriate to deny arbitration of any of the claims, or to defer arbitration until after adjudication of nonarbitrable disputes; however, if arbitrable and nonarbitrable portions of controversy are separable, it is proper to stay judicial proceedings pending arbitration. | Is it proper to stay judicial proceedings pending arbitration if the arbitrable and non arbitrable portions of the controversy are separable? | 007757.docx | LEGALEASE-00146416-LEGALEASE-00146417 |
| United States v. Allen, 459 F.2d 563 | 34+20.8(4) | Because rights to a personal appearance and to an administrative appeal are crucial to fairness of selective service process, a local board may not, by arbitrarily refusing to reopen, deny those rights to a registrant; rather, where board is presented with a prima facie claim for reclassification, board must reopen, thereby preserving registrant's right to a personal appearance, a substantive evaluation of merits of his claim, and an appeal. | Can the board arbitrarily refuse to reopen a registrant's classification? | Armed Services  - Memo 283 - JK.docx | ROSS-003287078-ROSS-003287079 |
| Ex parte Beaver, 271 F. 493 | 197+522.1 | A minor of the authorized enlistment age cannot, after having enlisted, obtain his release from military service by a writ of habeas corpus; but nonconsenting parents may by timely application secure his release. | Does the ability to obtain release from enlistment for a minor exist only in the absence of the consent of the parents to the enlistment? | 008606.docx | LEGALEASE-00146521-LEGALEASE-00146522 |
| Lucey v. Prudential Ins. Co. of America, 783 F.Supp.2d 207 | 13+3 | The Servicemembers Group Life Insurance Act (SGLIA) confers a private right of action on beneficiaries of life insurance policies with no apparent limitations. 38 U.S.C.A. S 1970; 38 C.F.R. S 9.13. | Does the Servicemembers Group Life Insurance Act confer a private right of action on beneficiaries of life insurance policies without limitations? | 008699.docx | LEGALEASE-00146541-LEGALEASE-00146542 |
| People v. Holmes, 711 N.E.2d 965 | 63+1(1) | Bribe receiving is committed when public servant accepts or agrees to accept benefit upon understanding that his official actions will be influenced; it is defendant's state of mind which is controlling. Penal Law SS 200.10, 200.12. | When is the crime of bribe receiving committed? | Bribery - Memo #859 - C - LB.docx | ROSS-003288723-ROSS-003288724 |
| United States v. Orenuga, 430 F.3d 1158 | 63+3 | Possible lawful and proper performance of act by public official had there been no bribe was not defense to crime of bribery. 18 U.S.C.A. S 201(b)(2)(A). | Is it a defense to crime of bribery where possible lawful and proper performance of act will be done by public official had there been no bribe? | 012295.docx | LEGALEASE-00145401-LEGALEASE-00145402 |
| Scholastic v. Harris, 259 F.3d 73 | 289+942 | The statute governing partnerships in New York draws a distinction between the dissolution of a partnership, occurring when a partner ceases to be associated with the partnership, and the partnership's ultimate termination, which occurs when the partnership is wound-up; dissolution is not termination, instead the partnership "continues" until the winding-up of its affairs is completed. N.Y.McKinney's Partnership Law SS 60, 61. | Is there a distinction between the dissolution of a partnership and the partnership's ultimate termination? | 022454.docx | LEGALEASE-00146347-LEGALEASE-00146348 |
| Teamsters Pension Trust Fund of Philadelphia v. Brigadier Leasing Associates, 880 F.Supp. 388 | 289+950 | Under Pennsylvania law, a dissolved partnership remains liable for its preexisting debts, but after the dissolution it generally does not incur liability unrelated to winding up process. | Can the partnership incur liability unrelated to the winding up process after dissolution? | 022459.docx | LEGALEASE-00146358-LEGALEASE-00146359 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rodriguez v. Yenawine, 556 S.W.2d 410 | 302+18 | To force a party to plead his entire case, with exactness, is not concordant with spirit of rules governing pleading. Rules of Civil Procedure, rules 45, 47. | Is it concordant with the spirit of the rules governing pleading to force a party to plead his entire case with exactness? | 023551.docx | LEGALEASE-00145723-LEGALEASE-00145724 |
| George v. George, 274 So. 2d 494 | 307A+726 | Where wife who was sued for, and reconvened for, separation was granted three continuances on ground that she was receiving emergency treatment in hospital and, in connection with request for fourth continuance, her counsel offered memorandum from two doctors, one indicating she needed hospitalization and the other indicating she did not, refusal to grant the fourth request, based on emergency hospitalization, was not abuse of discretion. | Would the refusal to grant the fourth request for continuance based on emergency hospitalization be an abuse of discretion? | 033129.docx | LEGALEASE-00146110-LEGALEASE-00146111 |
| State Farm Fire & Cas. Co. v. Smith, 39 So. 3d 1172 | 307A+560 | Under the rule permitting a 120-day period for service of process, an action may not be dismissed for insufficient service before the expiration of the 120-day period. Rules Civ.Proc., Rule 4(b). | "Under the rule permitting a 120-day period for service of process, can an action not be dismissed for insufficient service before the expiration of the 120-day period?" | Pretrial Procedure - Memo # 6169 - C - DHA.docx | ROSS-003315142-ROSS-003315144 |
| Long v. Swofford, 805 So. 2d 882 | 307A+551 | A trial court has a duty and an obligation to dismiss a cause of action based upon fraud. | Does a trial court have a duty and an obligation to dismiss a cause of action based upon fraud? | Pretrial Procedure - Memo # 6502 - C - SK.docx | ROSS-003302691-ROSS-003302692 |
| Kiser v. Caudill, 210 W. Va. 191 | 307A+44.1 | In formulating the appropriate sanction, a court shall be guided by equitable principles; initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction, and the court must explain its reasons clearly on the record if it decides a sanction is appropriate. Rules Civ.Proc., Rule 37(b). | "In formulating appropriate sanction, shall a court be guided by equitable principles?" | 034080.docx | LEGALEASE-00145234-LEGALEASE-00145235 |
| Brew v. Stern, 254 N.J. Super. 237 | 307A+560 | Ordinarily, in absence of demonstrable prejudice to defendant, complaint should not be dismissed because of untimely issuance of summons; in determining whether prejudice exists, court is primarily concerned with impairment of defendant's ability to defend on merits. R. 1:13-7; R. 4:37-2(a). | "In absence of demonstrable prejudice to defendant, should a complaint not be dismissed because of an untimely issuance of a summons?" | 034157.docx | LEGALEASE-00145486-LEGALEASE-00145487 |
| In re Blansett's Estate, 28 Ill. App. 3d 552 | 307A+552 | Motion to dismiss a bill to construe a will lies when record shows that no question of construction exists. | Does a motion to dismiss a bill to construe a will lie when record shows that no question of construction exists? | 034706.docx | LEGALEASE-00146240-LEGALEASE-00146241 |
| Smith v. Alabama Dry Dock & Shipbuilding Co., 293 Ala. 644 | 307A+552 | Lack of a justiciable controversy may be raised either by a motion to dismiss or a motion for summary judgment. Rules of Civil Procedure, rules 12, 56. | Can a lack of a justiciable controversy be raised either by a motion to dismiss or a motion for summary judgment? | 034712.docx | LEGALEASE-00146254-LEGALEASE-00146255 |
| Marchand v. Dir., U. S. Prob. Office, 421 F.2d 331 | 307A+552 | Desirability of judicial determination of important questions, standing alone, does not prevent case from being dismissed as moot. | Does desirability of judicial determination of important questions prevent case from being dismissed as moot? | 034750.docx | LEGALEASE-00145113-LEGALEASE-00145114 |
| Smith v. Alabama Dry Dock & Shipbuilding Co., 293 Ala. 644 | 307A+552 | Lack of a justiciable controversy may be raised either by a motion to dismiss or a motion for summary judgment. Rules of Civil Procedure, rules 12, 56. | Can the lack of a justiciable controversy be raised either by a motion to dismiss or a motion for summary judgment? | Pretrial Procedure - Memo # 6989- C - NC.docx | ROSS-003288574-ROSS-003288575 |
| Fulton v. Van Slyke, 447 N.E.2d 628 | 307A+563 | Lesser sanctions than dismissal or default should be imposed on parties unless there has been contumacious disregard for court or lesser sanctions have not been effective. | Should lesser sanctions than dismissal or default be imposed on parties unless there has been contumacious disregard for court or lesser sanctions have not been effective? | 035213.docx | LEGALEASE-00145863-LEGALEASE-00145864 |
| TransAmerican Nat. Gas Corp. v. Powell, 811 S.W.2d 913 | 307A+44.1 | Court must consider availability of less stringent discovery sanction and whether such lesser sanction would fully promote compliance. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | Will the requirement that sanctions for violations of pre-trial orders not be excessive requires trial courts to consider whether the imposition of lesser sanctions promote compliance? | Pretrial Procedure - Memo # 7275 - C - KG.docx | LEGALEASE-00035982-LEGALEASE-00035983 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Peoples, 296 N.C. 109 | 307A+552 | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Should the action be dismissed if issues become moot at any time during the proceedings? | Pretrial Procedure - Memo # 7279 - C - NS.docx | ROSS-003303505-ROSS-003303506 |
| Jones v. Otero, 156 Cal. App. 3d 754 | 307A+563 | Dismissal can never be appropriate remedy for attorney's noncompliance with an order imposing monetary sanctions on the attorney. | Can dismissal never be appropriate remedy for an attorney's noncompliance with an order imposing monetary sanctions on the attorney? | Pretrial Procedure - Memo # 7384 - C - ES.docx | ROSS-003330522-ROSS-003330523 |
| Young v. Curgil, 358 So. 2d 58 | 307A+552 | Trial court has inherent authority to dismiss actions based on fraud and collusion as well as to strike sham pleadings; however, such power should be cautiously and sparingly exercised and only on the most blatant showing of fraud, pretense, collusion or other similar wrongdoing. | Does a trial judge have the inherent authority to dismiss actions based on collusion? | 035484.docx | LEGALEASE-00146186-LEGALEASE-00146187 |
| Weaver v. ZeniMax Media, 175 Md. App. 16 | 307A+563 | The rules and the courts do not favor imposition of the ultimate sanction of dismissal for misconduct absent clear support. Md.Rule 1-101 et seq. | Do the rules and the courts not favor imposition of the ultimate sanction of dismissal for misconduct absent clear support? | 035492.docx | LEGALEASE-00146319-LEGALEASE-00146320 |
| Vaughan v. Swift Transp. Co., 14-208 (La. App. 5 Cir. 10/29/14), 164 So. 3d 235 | 13+70 | To avoid abandonment, it is required (1) that a party take some step in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party, and in this context, taking an action "before the court," so as to have taken a "step" in the prosecution or defense of a case, means that the step must appear in the court record. LSA-C.C.P. art. 561. | "To avoid dismissal of a claim based on abandonment, should a step in the prosecution of a claim or defense must be evident from the record?" | 035550.docx | LEGALEASE-00146337-LEGALEASE-00146338 |
| Miranda v. Volvo N.A. Corp., 763 So. 2d 536 | 307A+590.1 | A notice of deposition is more than a mere passive effort to keep a suit on the docket, got purpose of motion to dismiss for lack of prosecution. West's F.S.A. RCP Rule 1.420(e). | Is a notice of deposition more than a mere passive effort to keep a suit on the docket? | Pretrial Procedure - Memo # 7470 - C - DHA.docx | ROSS-003316584-ROSS-003316585 |
| Olcott v. Fond du Lac Cty., 83 U.S. 678 | 371+2005 | The taxing power of a State extends no farther than to raise money for public use, as distinguished from a private use. | Can the taxing power of a State extend farther than to raise money for public use? | 11411.docx | LEGALEASE-00094765-LEGALEASE-00094766 |
| 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2001 | Traditionally, differences between assessment and tax include: assessment supports local improvements, while tax finances general operations; assessment is one-time charge, while tax is annual; and assessment requires that benefit be direct, while tax requires no such direct benefit. | What are the differences between assessment and tax? | 11419.docx | LEGALEASE-00094533-LEGALEASE-00094534 |
| Amos v. Mathews, 99 Fla. 1 | 104+190.1 | Constitution contemplates that exclusively county purpose, in which state has no sovereign interest or responsibility, shall be accomplished by county taxation. F.S.A. Const. art. 9, SS 2, 5. | Does the constitution contemplate that exclusively state purpose be accomplished by state taxation? | Taxation - Memo # 823 - C - CK.docx | ROSS-003317277-ROSS-003317278 |
| Employers Ins. of Wausau v. Plaid Pantries, 10 F.3d 605 | 413+2 | Although workers' compensation system is often statutorily, rather than contractually, mandated, system is nonetheless plan of compensation available to workers, and employer's payment of insurance premiums funds it. | "While the insurance is often statutorily-as opposed to contractually-mandated, is the workers compensation system nonetheless a plan of compensation available to the workers?" | 048266.docx | LEGALEASE-00145633-LEGALEASE-00145634 |
| State v. Labor & Indus. Review Comm'n, 136 Wis. 2d 281 | 413+2 | Worker's compensation benefits derive solely from legislative enactments, and only if rights and benefits are specifically conferred by Worker's Compensation Act can it be said that they exist. W.S.A. 102.01 et seq. | When does the rights and benefits under workers compensation act said to exist? | 11478.docx | LEGALEASE-00094508-LEGALEASE-00094509 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ryan v. Travelers Ins. Co., 715 S.W.2d 172 | 413+2 | Rights and obligations of parties in suit brought under Worker's Compensation Act are entirely controlled by statute, except for those matters of form and procedure that are not prescribed. Vernon's Ann.Texas Civ.St. art. 8306 et seq. | Has the Worker's Compensation Act greatly modified the rights of workers and employers under the English common law? | 11486.docx | LEGALEASE-00094121-LEGALEASE-00094122 |
| Brown v. United States, 65 F.2d 65 | 34+62 | Obligation of United States under war risk insurance policy is governed by federal statute. 38 U.S.C.A. S 750. | Is the obligation of the United States under a war risk insurance policy governed by federal statute? | 10749.docx | LEGALEASE-00094303-LEGALEASE-00094304 |
| Hair v. Morton, 36 So. 3d 766 | 307A+683 | The burden of proving that a party's conduct warrants dismissal based on fraud rests with the party alleging fraudulent conduct. | Does the burden of proving that a party's conduct warrants dismissal based on fraud rest with the party alleging the fraudulent conduct? | Pretrial Procedure - Memo # 7044 - C - DHA_58299.docx | ROSS-003282695-ROSS-003282696 |
| Landise v. Mauro, 141 A.3d 1067 | 307A+563 | Dismissal should not be imposed as a sanction for failing to comply with a court order where the failure of a party to comply with the order is inadvertent or excusable. Civil Rule 41(b). | Should a dismissal for failure to comply with court order not be imposed where failure of party is inadvertent or excusable? | 034932.docx | LEGALEASE-00146794-LEGALEASE-00146795 |
| Estate of Paulk v. Lott, 217 So. 3d 747 | 307A+581 | The threshold question in determining whether to dismiss for failure to prosecute is whether there is a clear record of delay or contumacious conduct by the plaintiff. | Is the central question whether there is a clear record of delay or contumacious conduct by the plaintiff in determining whether to dismiss a lawsuit? | 10990.docx | LEGALEASE-00094372-LEGALEASE-00094373 |
| Chevron Oil Co. v. Traigle, 436 So. 2d 530 | 307A+590.1 | Abandonment of action article requires plaintiff, to avoid dismissal for want of prosecution, to take some "step" in prosecution of lawsuit, to do so in trial court, and to do so within five years of last "step" taken by either party. LSA-C.C.P. art. 561. | "To preclude abandonment of action, should a plaintiff take some ""step"" in prosecution of lawsuit?" | 11040.docx | LEGALEASE-00094805-LEGALEASE-00094806 |
| Outlaw v. United States, 293 F. Supp. 935 | 34+60 | A suit cannot be maintained to compel issuance of valid contract of national service life insurance. 38 U.S.C.A. S 784. | Can a suit be maintained to compel issuance of valid contract of National Service Life Insurance? | Armed Services - Memo 303 - RK_57612.docx | ROSS-003281330-ROSS-003281331 |
| Wilson v. United States, 230 F.2d 521 | 63+1(2) | Where defendant was still an officer on active duty with the Army and was a close personal friend of the current insurance officer, defendant could be convicted of bribery in connection with the sale of life insurance to military personnel even though defendant was no longer directly in the chain of supervision of the regulation of insurance sales, where it was still within his practical power to influence the regulation thereof; it being immaterial that he had no actual authority to carry out his commitments under the bribery scheme, or that he may have taken no affirmative action to perform his part of his corrupt bargain. 18 U.S.C.A. S 202. | "If the public official does not have the authority to grant or deny the requested action in exchange for something, is the defendant still guilty of bribery?" | 012003.docx | LEGALEASE-00147676-LEGALEASE-00147677 |
| People ex rel. Koehler v. Cleveland, C., C. & St. L. Ry. Co., 354 Ill. 342 | 200+127(1) | Filing of proper certificate, properly executed, of levy of road and bridge taxes, with county clerk, is jurisdictional, and clerk cannot extend tax without such certificate. S.H.A. ch. 121, S 62. | Does the county clerk have authority to extend the road and bridge tax? | 10805.docx | LEGALEASE-00094151-LEGALEASE-00094152 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Loser v. Bd. of Managers of Soldiers' Home, 92 Mich. 633 | 296+9 | Rule 14 adopted by the board of management of the soldiers' home, providing: 1. Every pensioner residing at the home shall turn over to the commander, on receipt of his quarterly pension check, any sum in excess of five dollars per month, the same to be held subject to the disposal of the board. 3. In cases where improper use is made of the allowance of five dollars per month leading to misconduct, the allowance shall be suspended. 5. It shall be competent to admit any ex-soldier, etc., now eligible under the law, who may be willing to pay into the home treasury all pension received by him over five dollars per month,-does not constitute an assignment or transfer of a pension, within the meaning of Act Cong. Feb. 28, 1883, S 2, 22 Stat. 432, which makes void any "pledge, mortgage, sale, assignment, or transfer of any right, claim, or interest in any pension." | Is the assignment of a pension interest void? | 022858.docx | LEGALEASE-00147858-LEGALEASE-00147859 |
| Impey v. Hart, 471 S.W.3d 776 | 228+181(6) | Pretrial dismissal on an affirmative defense lies only by summary judgment, subject to a narrow exception when the defense appears from the face of the petition. | Does pretrial dismissal on an affirmative defense lie by summary judgment? | 035591.docx | LEGALEASE-00147525-LEGALEASE-00147526 |
| Am. Eagle v. Employers' Liab. Assur. Corp., 389 So. 2d 1339 | 307A+590.1 | Term "step in the prosecution," within statute governing dismissal for abandonment by failure to take any step in the prosecution for five years, is formal action before the court that is intended to hasten the suit to judgment. LSA-C.C.P. art. 561. | Is a term step in the prosecution a formal action before the court that is intended to hasten the suit to judgment? | Pretrial Procedure - Memo # 7487 - C - ES_57526.docx | ROSS-003282009 |
| Tiffany v. Brenton State Bank of Jefferson, 508 N.W.2d 87 | 307A+590.1 | Mere filing of motion for continuance before mandatory dismissal date fails to stay dismissal of case. Rules Civ.Proc., Rule 215.1. | Does a mere filing of a motion for continuance before the mandatory dismissal date fail to stay dismissal of a case? | Pretrial Procedure - Memo # 7493 - C - NE_57531.docx | ROSS-003282744-ROSS-003282745 |
| Utz v. Auregury, 109 Cal. App. 2d 803 | 307A+552 | Superior Court has inherent power to dismiss action which is made to appear fictitious and sham. | Does a Superior Court have inherent power to dismiss action which is made to appear fictitious and sham? | Pretrial Procedure - Memo # 7513 - C - KG.docx | ROSS-003299692-ROSS-003299693 |
| Florida Lime Growers v. Bloomer Plastics, 665 So. 2d 1154 | 307A+563 | Severity of sanction must be commensurate with violation, and dismissal of action should be imposed upon party only in extreme situations for flagrant or aggravated cases of disobedience. | Should the severity of sanction be commensurate with a violation? | 10125.docx | LEGALEASE-00095300-LEGALEASE-00095301 |
| Pac. Ins. Co. v. Botelho, 891 So. 2d 587 | 307A+561.1 | A motion to dismiss cannot be granted based on an affirmative defense unless the defense appears upon the face of a pleading. | Will the motion to dismiss be granted based on an affirmative defense which appears on the face of pleading? | 035713.docx | LEGALEASE-00147335-LEGALEASE-00147336 |
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 192 | 307A+581 | Because the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly. Rules Civ.Proc., Rule 41(b). | Is dismissal for lack of prosecution employed reluctantly as law favors a trial of the issues on the merits? | 035743.docx | LEGALEASE-00147650-LEGALEASE-00147651 |
| Doe v. Univ. of Chicago Med. Ctr., 2015 IL App (1st) 133735 | 307A+686.1 | While a motion for involuntary dismissal and a motion for summary judgment share similarities and may, in certain circumstances, be functionally equivalent, there are critical differences between the two; most importantly, a party may not rely solely on her complaint to oppose a properly-supported motion for summary judgment, while a motion for involuntary dismissal admits allegations of complaint, as well as admitting that complaint states a viable cause of action. S.H.A. 735 ILCS 5/2-619. | "Will a motion for involuntary dismissal admit allegations of complaint, as well as admit that complaint states a viable cause of action?" | 035750.docx | LEGALEASE-00147746-LEGALEASE-00147747 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Marriage of Baumgartner, 2014 IL App (1st) 120552 | 307A+679 | A combined motion with respect to the pleadings, for involuntary dismissal, and for summary judgment allows a litigant to file a motion to dismiss raising both pleading defects and affirmative defenses; all well-pleaded facts in such a motion are taken as true, and all reasonable inferences from those facts will be construed in favor of the nonmoving party. S.H.A. 735 ILCS 5/2-619. | Can a litigant be allowed to file a motion to dismiss raising both pleading defects and affirmative defenses? | 11010.docx | LEGALEASE-00094665-LEGALEASE-00094666 |
| Jones v. Montgomery Ward & Co., 103 N.M. 45 | 307A+590.1 | Although discovery alone is not sufficient to avert dismissal under Rule 41(e) governing failure to prosecute, discovery should be considered along with other factors indicating activity to bring litigation to a final determination. Rules Civ.Proc., Rule 41(e). | Is discovery alone sufficient to avert a dismissal? | 11305.docx | LEGALEASE-00094577-LEGALEASE-00094578 |
| Com. v. Marzilli, 457 Mass. 64 | 352H+48 | To prove intent, as an element of indecent assault and battery, the Commonwealth must prove that the defendant intended, or had a conscious purpose, to commit an indecent or offensive touching of the complainant without her consent. | Is indecent touching an element of indecent assault and battery? | Sex Offence - Memo 1 - RK.docx | LEGALEASE-00037727-LEGALEASE-00037728 |
| Jimenez v. State, 507 S.W.3d 438 | 211+1753(2) | A child victim's outcry statement alone can be sufficient to sustain a conviction for a sexual offense. | Is a child victim's outcry statement alone sufficient to sustain a conviction for sexual offenses? | 042956.docx | LEGALEASE-00147937-LEGALEASE-00147938 |
| Diego v. Sessions, 857 F.3d 1005 | 352H+16 | A person commits the federal offense of sexual abuse of a minor if a person knowingly engages in a sexual act with another person who is at least 12 years old, but less than 16, and at least four years younger than the defendant. 18 U.S.C.A. S 2243. | Is it illegal to have sex with a minor? | Sex Offence - Memo 5 - RK.docx | LEGALEASE-00037778-LEGALEASE-00037779 |
| State v. Barefoot, 241 N.C. 650 | 352H+46 | An indictment for rape under section 14-21 and under section 14-26 involves separate and distinct offenses, in that under the former if the victim is over twelve years of age the intercourse must be by force and against her will and her former chastity is immaterial and her consent is a complete defense while in the latter her former chastity is a material part of a charge and must be proved and her consent is not a defense. G.S. SS 14-21, 14-26. | Is chastity a defense for rape? | 043061.docx | LEGALEASE-00147892-LEGALEASE-00147893 |
| WorldSource Coil Coating v. McGraw Const. Co., 946 F.2d 473 | 25T+182(1) | Parties can modify general waiver rule by mutual agreement either in contract or by contractually designating arbitration rules that speak to waiver. | Can parties modify the general waiver rule by mutual agreement? | 007880.docx | LEGALEASE-00148935-LEGALEASE-00148936 |
| S & R Co. of Kingston v. Latona Trucking, 159 F.3d 80 | 25T+182(2) | "No waiver" clause in contractual arbitration provision was intended to permit parties to seek provisional remedies or other judicial proceedings that would not function to displace arbitration on underlying dispute, and incorporation of such clause did not prevent court from finding that party had waived arbitration by actively participating in protracted litigation of an arbitrable dispute; presence of "no waiver" clause did not alter ordinary analysis undertaken to determine if party had waived its right to arbitration. 9 U.S.C.A. S 4. | What is the purpose of a no waiver clause? | 007893.docx | LEGALEASE-00148954-LEGALEASE-00148955 |
| Kingsley Capital Mgmt. v. Sly, 820 F. Supp. 2d 1011 | 25T+179 | Those who have not signed a contract containing an arbitration clause may sometimes benefit from it through doctrines such as assumption, agency, veil-piercing/alter ego, and estoppel. | Is it possible for parties who have not signed a contract containing an arbitration clause to benefit from it? | 007908.docx | LEGALEASE-00148983-LEGALEASE-00148984 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Crosby v. Roub, 16 Wis. 616 | 83E+435 | An indorsement of a note may be on another paper attached to and made a part of the note, called an "allonge"; and it is not essential that there should have been a physical impossibility of writing the indorsement on the note, but it may be on another paper attached to the note, whenever necessity or the convenience of the parties requires it. | Can an indorsement or transfer of a promissory note be on another paper attached to and made a part of the note? | 010410.docx | LEGALEASE-00148681-LEGALEASE-00148682 |
| Zuendt v. Doerner, 101 Mo. App. 528 | 8.30E+270 | The surrender and cancellation of an old note is sufficient consideration for the execution of a new one given in lieu thereof. | Is the surrender and cancellation of the old note a good and sufficient consideration for the giving of new ones in lieu thereof? | 010420.docx | LEGALEASE-00148456-LEGALEASE-00148457 |
| Dunnington v. Bank of Crewe, 144 Va. 36 | 8.30E+05 | The negotiable instruments law (Code of 1919, secs. 5563-5757) was enacted to secure uniformity and solve doubts, and it will be held to solve all questions with reference to negotiable paper which it undertakes to settle. | Was Negotiable Instruments Law enacted to secure uniformity in law? | 010499.docx | LEGALEASE-00148167-LEGALEASE-00148168 |
| Phelps v. Sargent, 69 Minn. 118 | 195+32 | A general guaranty by the payee of the payment of a negotiable note, written thereon, passes with the assignment and delivery of the note to the holder thereof. | Can a general guaranty of payment of a negotiable promissory note pass with the assignment and delivery of the note to the holder? | Bills and Notes- Memo 611-IS_57882.docx | ROSS-003282604-ROSS-003282605 |
| United States v. Fernandez, 722 F.3d 1 | 63+1(1) | The $5,000 value transactional element of the federal bribery statute refers to the value of the business, transaction, or series of transactions sought to be influenced by the bribe, not the value of the bribe actually offered or paid; in other words, the subject matter of the bribe must be valued at $5,000 or more, and the bribe itself need only be "anything of value." 18 U.S.C.A. S 666(a)(1)(B), (a)(2). | "Should the subject matter of the bribe be valued at $5,00 or more, the bribe itself only being anything of value?" | Bribery - Memo #956 - C - CSS_57741.docx | ROSS-003293537-ROSS-003293538 |
| Cracker Barrel Old Country Store v. Epperson, 284 S.W.3d 303 | 156+68(2) | While the doctrine of judicial estoppel is applied to prohibit a party from taking a position that is directly contrary to or inconsistent with a position previously taken by the party, the doctrine generally only applies to sworn statements made in the course of judicial proceedings. | Does judicial estoppel arise from sworn statements made in the course of judicial proceedings? | Estoppel - Memo #6 - C - CSS_58264.docx | ROSS-003280742-ROSS-003280743 |
| New York State Public Employees Federation, AFL-CIO v. City of Albany, 269 A.D.2d 707 | 48A+4 | Right to use public highways rests with the whole people of the State, and municipalities cannot grant proprietary rights to the use thereof to their residents in priority to the general public. | What are the rights provided to the public for the use of state highways? | Highways-Memo 251-IS_57973.docx | ROSS-003307674-ROSS-003307675 |
| Ionno v. Glen-Gery Corp., 2 Ohio St. 3d 131 | 260+68(1) | Absent express provisions to the contrary, a mineral lease includes an implied covenant to reasonably develop the land. | Does a mineral lease include an implied covenant to reasonably develop the land? | 021588.docx | LEGALEASE-00148207-LEGALEASE-00148208 |
| Babcock Coal & Coke Co. v. Brackens Creek Coal Land Co., 128 W. Va. 676 | 260+70(3) | Where coal mining lease requires that a stipulated amount of minerals shall be mined and does not require lessee to assume risk of exhaustion of minerals, lessee's obligation to pay minimum royalty designated in lease is discharged if no minerals exist. | Is an obligation to pay the minimum royalty discharged if the minerals do not exist? | 021616.docx | LEGALEASE-00148180-LEGALEASE-00148181 |
| Ivy v. Walker, 58 Miss. 253 | 289+604 | An action at law cannot be maintained by one partner against his copartner, to recover moneys alleged to be due him on account of partnership transactions, where no settlement of the accounts and business has been had. | Can an action at law be maintained by one partner against his associate for money arising out of and connected with partnership business before there had been a settlement of the partnership accounts? | Partnership - Memo 473 - JK_58158.docx | ROSS-003298849-ROSS-003298850 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Loch Sheldrake Beach & Tennis Inc. v. Akulich, 141 A.D.3d 809 | 83T+64 | To prevail on a breach of fiduciary duty claim against residential cooperative board members, the cause of action must allege the existence of a fiduciary relationship, misconduct by the individual board members, and damages directly caused by a board member's misconduct. | Should a breach of fiduciary duty be plead with specificity? | 023602.docx | LEGALEASE-00148524-LEGALEASE-00148525 |
| Kinship Inspection Serv. v. Newcomer, 231 Wis. 2d 559 | 307A+581 | Courts have discretion to sanction parties for their refusal to comply with court orders and for failure to prosecute an action. | Do courts have discretion to sanction parties for their refusal to comply with court orders and for failure to prosecute an action? | Pretrial Procedure - Memo # 7105 - C - KBM_57779.docx | ROSS-003279858-ROSS-003279859 |
| Fin. Freedom Acquisition v. Standard Bank & Tr. Co., 2014 IL App (1st) 120982 | 307A+561.1 | A motion to dismiss pursuant to statute governing involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of a plaintiff's complaint but raises defects, defenses, or other affirmative matters appearing on the face of the complaint or which are established by external submissions acting to defeat the complaint's allegations; in contrast, a motion to dismiss pursuant to statute governing motions with respect to pleadings attacks the legal sufficiency of a complaint by alleging defects on the face of the complaint. S.H.A. 735 ILCS 5/2-615, 5/2-619. | Will a motion to dismiss attack the legal sufficiency of a complaint by alleging defects on the face of the complaint? | Pretrial Procedure - Memo # 7597 - C - SKG_57805.docx | ROSS-003296357-ROSS-003296358 |
| Weirton Sav. & Loan Co. v. Cortez, 157 W. Va. 691 | 8.30E+200 | Whether signer of promissory note was the original maker or an accommodation party he would be primarily liable to holder for value on defaulted note if note was proved to have been properly executed and delivered in the first instance. Code 1931, 46-1-15, 46-1-16. | Is an accommodation party liable to the holder? | 009661.docx | LEGALEASE-00149688-LEGALEASE-00149689 |
| In re AppOnline.com, 321 B.R. 614 | 8.30E+10 | Under New York choice-of-law rules, when promissory note is executed in one state and payable in another, it is governed, as to its nature, validity, interpretation, and effect, by laws of state where it is made payable. | Does the law of the place where the note is made payable govern a note executed in another place? | Bills and Notes - Memo 779 -KC_58625.docx | ROSS-003295528-ROSS-003295529 |
| Hopple v. Cleveland Disc. Co., 25 Ohio App. 138 | 83E+481 | Bona fide purchaser of instrument in nature of chose in action takes free from collateral equities, though subject to obligor's defenses against original owner. | What happens to a bonafide purchaser of instrument of a chose in action? | 010650.docx | LEGALEASE-00149651-LEGALEASE-00149652 |
| Becker v. Dean, 854 So. 2d 864 | 135+8 | The question of domicile is one of intention as well as fact, and where it appears domicile has been assumed in another location, the party seeking to show it has been changed must overcome the legal presumption that it has not been changed; the opposing party must overcome this legal presumption by positive and satisfactory proof of establishment of domicile as a matter of fact with the intention of remaining in the new place and of abandoning the former domicile. LSA-C.C. art. 38. | Does domicile essentially consist of two elements? | 014528.docx | LEGALEASE-00149317-LEGALEASE-00149318 |
| Best Foods v. Mitsubishi Shoji Kaisha, 224 A.D. 24 | 302+20 | Under Civil Practice Act, SS 211, 213, entitling plaintiff to plead in alternative against various defendants, branch of pleading which deals with each defendant must show some basis of liability against such defendant. | Can a plaintiff plead in the alternative? | 023630.docx | LEGALEASE-00149362-LEGALEASE-00149363 |
| Nalen v. Jenkins, 113 Idaho 79 | 302+20 | Under modern pleading practice, plaintiff may advance alternative theories relating to an alleged set of facts. | Can the plaintiff advance alternative theories relating to an alleged set of facts? | 023646.docx | LEGALEASE-00149742-LEGALEASE-00149743 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Temple v. Guideone Specialty Mut. Ins. Co., 330 S.W.3d 318 | 307A+581 | In rendering judgment dismissing a lawsuit for want of prosecution, a trial court must refrain from rendering judgment on the merits of the lawsuit; if the order dismissing for want of prosecution purports to make any disposition on the merits, it is error. | "Should a court refrain from rendering judgment on the merits of the lawsuit, in rendering judgment dismissing a lawsuit for want of prosecution?" | 036400.docx | LEGALEASE-00149406-LEGALEASE-00149407 |
| Ray v. Greer, 212 N.C. App. 358 | 307A+581 | The trial court must consider lesser sanctions before imposing the most severe sanction available for failure to prosecute or violation of court order; after considering lesser sanctions, the trial court may determine the appropriate sanction in its discretion. Rules Civ.Proc., Rule 41(b), West's N.C.G.S.A. S 1A-1. | Can the court determine the appropriate sanction in its discretion after considering lesser sanctions? | 036461.docx | LEGALEASE-00149137-LEGALEASE-00149138 |
| Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 192 | 307A+581 | Because the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly. Rules Civ.Proc., Rule 41(b). | "Is a dismissal for lack of prosecution employed reluctantly, because the law favors a trial of the issues on the merits?" | 036480.docx | LEGALEASE-00149199-LEGALEASE-00149200 |
| Ridgell v. McDermott, 427 S.W.3d 310 | 307A+622 | A motion to dismiss for failure to state a cause of action attacks adequacy of plaintiff's pleadings. | Does a motion to dismiss for failure to state a cause of action attack adequacy of a plaintiff's pleadings? | Pretrial Procedure - Memo # 8147 - C - SKG_58749.docx | ROSS-003292438-ROSS-003292439 |
| Zeeb v. Atlas Powder Co., 32 Del. Ch. 486 | 308+92(1) | Except as to acts so peculiarly personal that their performance may not be delegated, or except as to acts regulated by statute which are required to be performed personally, an individual may do all acts through an agent which he could do himself. | Can acts which are required to be performed personally by statute be delegated? | 041391.docx | LEGALEASE-00149847-LEGALEASE-00149848 |
| United States v. Stefanik, 674 F.3d 71 | 3.77E+13 | Person may be convicted for making a threat if he should have reasonably foreseen that the statement he uttered would be taken as a threat by those to whom it is made; the ultimate standard is objective, asking whether a reasonable person would understand the statement to be threatening, but the fact-finder may consider other evidence, including the effect of the statement on the recipient. 18 U.S.C.A. S 115(a)(1)(B). | Can a defendant be convicted for making a threat if he should have reasonably foreseen that the statement would be taken as a threat? | 046748.docx | LEGALEASE-00149764-LEGALEASE-00149765 |
| In re Interest of Jeffrey K., 273 Neb. 239 | 3.77E+05 | Given the language of stalking statute, an objective construction is appropriate, and the victim's experience resulting from the perpetrator's conduct should be assessed on an objective basis. Neb.Rev.St. S 28-311.02. | "Given the language of stalking statutes, what type of construction is appropriate? " | 047088.docx | LEGALEASE-00149553-LEGALEASE-00149555 |
| Overton v. Hardin, 46 Tenn. 375 | 83E+467 | An indorser for value, has no remedy against the maker for costs incurred by him in his own defense, but an accommodation indorser may recover from the maker the cost incurred in resisting, in good faith and upon reasonable grounds, a recovery against him upon his indorsement. | Can an accommodation indorser recover the cost incurred upon his indorsement? | Bills and Notes - Memo 792 - ANM _58947.docx | ROSS-003295505-ROSS-003295506 |
| Colantuno v. A. Tenenbaum & Co., 23 P.3d 708 | 8.30E+208 | Where promissory note imposed joint and several liability on debtors, creditor could have sought full payment on note from one or all debtors upon default; however, such contractual joint and several liability was severed by operation of law when creditor released one debtor from liability, and remaining debtors were only liable for their "proportionate shares" of debt. West's C.R.S.A. SS 13-50-102, 13-50-103. | Can a party recover its liability from one or only some of the debtors? | 010982.docx | LEGALEASE-00150440-LEGALEASE-00150441 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tobin v. Univ. of Maine Sys., 59 F. Supp. 2d 87 | 141E+1168 | Even if submission of law school application gave rise to contractual relationship under Maine law, imposing on school implied duty of good faith and fair dealing, such duty was not breached by school's consideration of applicant's 30-year-old college grade point average rather than more recent grade point average he had achieved in legal technology program. | Do Law Schools owe students a duty of good faith and fair dealing? | 017024.docx | LEGALEASE-00150072-LEGALEASE-00150073 |
| Silver Lake Consol. Sch. Dist. v. Parker, 238 Iowa 984 | 141E+913 | The word "all", as used in various parts of school laws, does not embrace pupils of both public and private schools, since school laws refer only, except where otherwise stated, to public schools. Code 1946, SS 257.1 to 305.51. | "Does the word ""schools"" in statutes refer to public or private schools?" | 017026.docx | LEGALEASE-00150106-LEGALEASE-00150107 |
| Univ. of Utah v. Shurtleff, 144 P.3d 1109 | 141E+990 | As a corporate entity engaged in the enterprise of higher education, the University of Utah is distinct from an administrative agency that may exert authority over an entire industry or occupation. | Can a university exert policy and authority over an industry? | 017044.docx | LEGALEASE-00150436-LEGALEASE-00150437 |
| Perkins v. Kerby, 308 So. 2d 914 | 156+21 | An estoppel by deed or similar instrument arises only where a party has conveyed a precise or definite legal estate or right by a solemn assurance that he will not be permitted to vary or deny. | Is a distinct and precise assertion or admission of fact necessary for an estoppel by deed? | 017988.docx | LEGALEASE-00150616-LEGALEASE-00150617 |
| Stephen L. Winternitz v. Nat'l Bank of Monmouth, 289 Ill. App. 3d 753 | 302+53(1) | It is permissible to argue claims in the alternative, even though such arguments are based upon inconsistent facts. | "Is it permissible to argue in the alternative, even though such arguments are based upon inconsistent facts?" | 023664.docx | LEGALEASE-00150592-LEGALEASE-00150593 |
| Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp., 885 S.W.2d 771 | 307A+624 | Court may not dismiss petition for failure to state claim unless it appears plaintiff can prove no set of facts in support of his claim entitling him to relief. | Should the petition state allegations of fact in support of each essential element of the cause pled? | Pretrial Procedure - Memo # 8234 - C - BP_58807.docx | ROSS-003292687-ROSS-003292688 |
| Mississi Dept. of Human Services v. Guidry, 830 So. 2d 628 | 307A+581 | Because law favors trial of issues on merits, dismissal for lack of prosecution is employed reluctantly. Rules Civ.Proc., Rule 41(b). | Is dismissal for lack of prosecution employed reluctantly because the law favors trial of issues on the merits? | 037013.docx | LEGALEASE-00150674-LEGALEASE-00150675 |
| Santorso v. Bristol Hosp., 2010 WL 1545785 | 307A+622 | In determining whether to grant a motion to dismiss, the inquiry usually does not extend to the merits of the case. | "In determining whether to grant a motion to dismiss, does the inquiry usually not extend to the merits of the case?" | 037054.docx | LEGALEASE-00150388-LEGALEASE-00150389 |
| Giles v. Gen. Motors Corp., 344 Ill. App. 3d 1191 | 307A+561.1 | A motion to dismiss under statute governing involuntary dismissal based upon defects or defenses should not be granted when it cannot be determined with reasonable certainty that movant's alleged defense exists. S.H.A. 735 ILCS 5/2-619. | Should a motion to dismiss be granted when it cannot be determined with reasonable certainty that movant's alleged defense exists? | Pretrial Procedure - Memo # 8430 - C - SHB_59129.docx | ROSS-003292620-ROSS-003292622 |
| Silver v. Halifax Cty. Bd. of Commissioners, 805 S.E.2d 320 | 307A+689 | Although courts must take the factual allegations of the complaint as true when considering a motion to dismiss for failure to state a claim, the courts do not accept allegations of legal conclusions as correct. N.C. R. Civ. P. 12(b)(6). | Do the courts accept allegations of legal conclusions as correct? | 037118.docx | LEGALEASE-00150744-LEGALEASE-00150745 |
| Schmuck v. Hartman, 222 Pa. 190 | 371+2001 | Liability to pay taxes arises from no contractual relation between the taxable and the taxing power, and cannot be enforced by common-law proceedings, unless the statute so provides. | Does liability to pay taxes arise from contractual relation? | Taxation - Memo # 862 - C - JL.docx | LEGALEASE-00040425-LEGALEASE-00040426 |
| Galion Iron Works & Mfg. Co. v. J.D. Adams Mfg. Co., 128 F.2d 411 | 25T+182(2) | Commencement of an action in court rather than a reliance on arbitration, with answer by the opposing party on the merits, is a "waiver" of the right to arbitrate by both parties. | Is commencement of a suit in court followed by an answer by the opposing party upon the merits considered a waiver of the right to arbitrate by both parties? | Alternative Dispute Resolution - Memo 797 - RK_59482.docx | ROSS-003294066-ROSS-003294068 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Lopez, 486 B.R. 221 | 172H+117 | So long as a borrower receives one notice of right to cancel, the rescission period may not be extended under either the Truth in Lending Act (TILA) or the Massachusetts Consumer Credit Cost Disclosure Act (MCCCDA). Consumer Credit Protection Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq.; M.G.L.A. c. 140D, S 10 et seq. | Is the rescission period extended as long as the borrower received one notice of right to cancel? | 014003.docx | LEGALEASE-00150974-LEGALEASE-00150975 |
| Am. Viscose Corp. v. City of Roanoke, 205 Va. 192 | 371+2510 | Evidence of purchase price of assessed property is to be accorded substantial weight on issue of fair market value of property for tax purposes. | Should the evidence of the recent sale of the properties be accorded substantial weight on the issue of fair market value? | 018348.docx | LEGALEASE-00151002-LEGALEASE-00151003 |
| Monette Rd. Imp. Dist. v. Dudley, 144 Ark. 169 | 200+121 | Under Road Laws 1919, vol. 1, p. 105, creating the Monette Road Improvement District, as amended at January, 1920, special session, the functions of the board of assessors in assessing benefits, and of the board of commissioners in adjusting them, on the complaint of the property owners, is not judicial in the ordinary sense, but is in the nature of a legislative power. | Are the assessments by the commissioners judicial in nature? | 019161.docx | LEGALEASE-00151010-LEGALEASE-00151011 |
| Aldrich v. Collins, 3 S.D. 154 | 200+130 | Under Comp. Laws, S 772, town supervisors have charge of such affairs "as are not by law committed to other town officers." Section 1272 provides for the assessment of a road tax, whose collection and expenditure, under section 1266, are under the control of road supervisors. Const. art. 10, S 2, provides that funds raised by "taxation, loan, or assessment for one purpose shall not be diverted to any other." Held, that the supervisors have no authority to appropriate the ordinary town funds to the improvement of highways. | Can the funds raised by taxation for one purpose diverted for another purpose? | Highways -Memo 380 - DB.docx | LEGALEASE-00040758-LEGALEASE-00040759 |
| Cochran v. Securitas Sec. Servs. USA, 2016 IL App (4th) 150791 | 307A+561.1 | Rule governing motion to dismiss complaint when motion admitted legal sufficiency of plaintiff's complaint and required assertion of affirmative defense did not apply to motion to dismiss complaint against provider of security services for morgue for wrongful interference with mother's right to possession of her son's remains, where provider did not identify any affirmative matter that would defeat mother's claim, and provider argued that underlying facts were insufficient to state claim. S.H.A. 735 ILCS 5/2-619(a). | Will a motion to dismiss based upon certain defects or defenses admit the legal sufficiency of the complaint? | 037035.docx | LEGALEASE-00150968-LEGALEASE-00150969 |
| Belcher Ctr. LLC v. Belcher Ctr., 883 So. 2d 338 | 307A+561.1 | If the court is required to consider matters outside of the four corners of the complaint, then the cause is not subject to dismissal on the basis of an affirmative defense. | When is the cause subject to dismissal on the basis of an affirmative defense? | 037252.docx | LEGALEASE-00151022-LEGALEASE-00151023 |
| Fenlon v. Union Elec. Co., 266 S.W.3d 852 | 307A+679 | A motion to dismiss for failure to state a claim assumes that all averments in plaintiff's petition are true and tests only the adequacy of plaintiff's petition. | Are all factual allegations contained in the petition assumed to be true on a motion to dismiss for failure to state a claim? | 037274.docx | LEGALEASE-00150796-LEGALEASE-00150797 |
| Providence Volunteer Fire Dep't v. Town of Weddington, 800 S.E.2d 425 | 307A+554 | If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, for example an affidavit, along with the motion to dismiss, the complaint's allegations can no longer be taken as true or controlling and the plaintiff cannot rest on the allegations of the complaint. | When can the complaint's allegations no longer be taken as true or controlling? | 037294.docx | LEGALEASE-00150830-LEGALEASE-00150831 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fillmore v. Taylor, 80 N.E.3d 835 | 307A+679 | Dismissal with respect to pleadings is only proper where, when construing the allegations of the complaint in the light most favorable to plaintiff, it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover. 735 Ill. Comp. Stat. Ann. 5/2-615. | When is a dismissal with respect to pleadings only proper? | 037382.docx | LEGALEASE-00151212-LEGALEASE-00151213 |
| Mechanics' Bank of Alexandria v. Bank of Columbia, 18 U.S. 326 | 308+92(1) | The liability of the principal depends on whether the act of his agent was done in the exercise and within the limits of the powers delegated. The profession on their face that an agent's acts were in the exercise of his agency does not give them their validity. | Does the liability of the principal depend on whether the act was done in the exercise of powers delegated? | 041426.docx | LEGALEASE-00151176-LEGALEASE-00151177 |
| Kasson v. Noltner, 43 Wis. 646 | 308+92(1) | A principal is responsible for the act of his agent when he has either given the agent authority to do the act, or justified the party dealing with the agent in believing that the latter had such authority. | Is a principal responsible for an agents act if he justified the party dealing with the agent in believing that he has given the agent authority? | 041465.docx | LEGALEASE-00151312-LEGALEASE-00151314 |
| British Am. & E. Co. v. Wirth Ltd., 592 F.2d 75 | 308+92(1) | An agent serves under the control and supervision of his principal; so long as he acts within the ambit of his authority to represent his principal, he binds the principal. | Can an agent bind his principal if he acts within the ambit of his authority to represent his principal? | Principal and Agent - Memo 192 - KC_59473.docx | ROSS-003285747-ROSS-003285748 |
| Hage v. United States, 35 Fed. Cl. 147 | 316H+106 | Forest Service personnel cannot contractually bind United States without proper legal authority. | Can the Forest Service personnel contractually bind United States without proper legal authority? | Woods and Forest - Memo 21 - ANM_59391.docx | ROSS-003293519-ROSS-003293520 |
| Envtl. Barrier Co. v. Slurry Sys., 540 F.3d 598 | 25T+171 | If party voluntarily and unreservedly submits issue to arbitration, he cannot later argue that arbitrator had no authority to resolve it. | Can a party who voluntarily and unreservedly submits an issue to arbitration later argue that the arbitrator had no authority to resolve it? | 007958.docx | LEGALEASE-00151421-LEGALEASE-00151423 |
| Martin v. Yasuda, 829 F.3d 1118 | 25T+182(2) | A statement by a party that it has a right to arbitration in pleadings or motions is not enough to defeat a claim of waiver. | Is a statement made by a party in pleadings or motions that it has a right to arbitration enough to defeat a claim of waiver? | 008020.docx | LEGALEASE-00151495-LEGALEASE-00151497 |
| Thompson v. Irwin Home Equity Corp., 300 F.3d 88 | 25T+182(1) | Although loan agreement indicated that arbitration provision did not limit parties' right to exercise self-help remedies, borrowers' attempt to exercise right to rescind transaction did not affect lender's right to have arbitrator decide whether grounds for rescission existed in light of additional language providing that "exercise of a remedy does not waive the right of either party to resort to arbitration." | Does Alternative Dispute Resolution limit the right of any party to exercise self-help remedies? | Alternative Dispute Resolution - Memo 841 - RK_59526.docx | ROSS-003282028-ROSS-003282029 |
| United States v. Andrews, 530 F.3d 1232 | 108H+14 | Court should not employ an equitable fiction to elevate one claim over the claims of other creditors if those creditors are similarly situated. | Can a court employ an equitable fiction to elevate one claim over the claims of other creditors if those creditors are similarly situated? | 014085.docx | LEGALEASE-00151542-LEGALEASE-00151543 |
| Bolin Farms v. Am. Cotton Shippers Ass'n, 370 F. Supp. 1353 | 95+2 | Codal article relating to governing law for public and private written instruments has developed general rule that validity and construction of contract is determined by lex loci contractus and the remedy according to lex fori. LSA-C.C. art. 10. | Is the validity and construction of a contract determined by lex loci contractus? | Bills and Notes - Memo 926 - RK_59558.docx | ROSS-003320524-ROSS-003320525 |
| Castrillo v. Am. Home Mortg. Servicing, 670 F. Supp. 2d 516 | 172H+1362 | Mortgagor's loan modification agreement constituted a mere modification of mortgagor's existing debt and not a "refinancing" by a different creditor, such that it did not give rise to disclosure requirements or rescission rights under Truth in Lending Act (TILA). Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b). | Will a mortgagor's loan modification agreement constitute a mere modification of mortgagor's existing debt or a refinancing by a different creditor? | 013884.docx | LEGALEASE-00151568-LEGALEASE-00151569 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chamness v. Mays, 2014 IL App (5th) 130381 | 200+75 | An established public highway does not lose its character as a public road unless it is either vacated by the authorities in the manner prescribed by statute or abandoned. | How does an established public highway lose its character as a public road? | Highways - Memo 297 - RK_59590.docx | ROSS-003297023-ROSS-003297024 |
| Powers v. Aberdeen Golf & Country Club, 886 So. 2d 312 | 307A+561.1 | Affirmative defenses are not properly considered on a motion to dismiss; however, affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense. West's F.S.A. RCP Rule 1.110(d). | Can affirmative defenses appearing on the face of a prior pleading be asserted as grounds for a motion or defense? | Pretrial Procedure - Memo # 8609 - C - DA_59681.docx | ROSS-003280109-ROSS-003280110 |
| Henderson v. Johnson, 97 So. 3d 946 | 307A+678 | Whether a complaint is sufficient to state a cause of action and survive a motion to dismiss is an issue of law. | "Is whether a complaint is sufficient to state a cause of action an issue of law, on motion to dismiss?" | 037735.docx | LEGALEASE-00151787-LEGALEASE-00151788 |
| Barrie v. Hosts of Am., 94 Wash. 2d 640 | 21+2 | An attorney is not disqualified from making an affidavit based upon his or her personal knowledge of the facts set forth therein. | Can an attorney make an affidavit based upon his personal knowledge of the facts? | Affidavits - Memo 39 - _1W1JcTDzlbW5DMRIqm Y-YzfjAPPiuXfDe.docx | ROSS-000000174-ROSS-000000175 |
| Raven v. Panama Canal Co., 583 F.2d 169 | 92+3072 | Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the equal protection clause. U.S.C.A.Const. Amend. 14. | Is it invidious when aliens are treated differently from citizens? | 006866.docx | LEGALEASE-00152544-LEGALEASE-00152545 |
| Mathews v. Diaz, 426 U.S. 67 | 24+116 | A legitimate distinction between citizens and aliens may justify attributes and benefits for one class not accorded to the other. | Can distinctions between citizens and aliens justify attributes and benefits for one class not accorded to the other? | "Aliens, Immigration and Citizenship  -Memo 41 - RK_60120.docx" | ROSS-003307455-ROSS-003307456 |
| Drill Masters-Eldorado Tool v. PCC Specialty Prod., 49 F. Supp. 3d 188 | 8.30E+183 | Under Connecticut law, a promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies; where there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. | Is contract law applicable to promissory notes? | 009721.docx | LEGALEASE-00152564-LEGALEASE-00152565 |
| Horvath v. Bank of New York, N.A., 641 | 83E+426 | Under Virginia law, negotiable instruments like mortgage notes that are endorsed in blank may be freely transferred; whoever possesses an instrument endorsed in blank has full power to enforce it. West's V.C.A. SS 8.3A-104, 8.3A-201(b), 8.3A-203(b), 8.3A-205(b). | Can negotiable instruments like mortgage notes that are endorsed in a bank be transferred for nine-tenth of the possession? | 010283.docx | LEGALEASE-00152361-LEGALEASE-00152362 |
| Gardner v. Universal Life & Acc. Ins. Co., 164 S.W.2d 582 | 378+5 | A "month" as employed in a statute, judicial proceeding, or contract is not to be computed by counting days but by looking at the calendar and it runs from a given day in one month to a corresponding number in the next or specified succeeding month. V.A.T.S., Insurance Code, art. 3.44. | What is the interpretation of the word month? | Bills and Notes- Memo 494-IS.docx | LEGALEASE-00041735-LEGALEASE-00041736 |
| Bank of New York v. Raftogianis, 418 N.J. Super. 323 | 83E+426 | A note initially made payable "to order" that becomes a bearer instrument by being endorsed in blank can be both transferred and negotiated by delivery alone. N.J.S.A. 12A:3-109(c). | Can a note initially made payable to order become a bearer instrument if it is endorsed in blank? | 010830.docx | LEGALEASE-00152311-LEGALEASE-00152312 |
| Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114 | 172H+1322 | A court must construe TILA's provisions liberally in favor of the consumer and require absolute compliance by creditors. Truth in Lending Act, S 102, 15 U.S.C.A. S 1601. | "To effectuate the purpose of TILA, do courts construe its provisions liberally in favor of the consumer?" | Consumer Credit -Memo 100-SB_60168.docx | ROSS-003321780-ROSS-003321781 |
| Fin. Freedom Acquisition v. Standard Bank & Tr. Co., 2014 IL App (1st) 120982 | 172H+1555 | The right to rescind a loan transaction under the Truth in Lending Act (TILA) may be exercised only by the obligor, that is, the person to whom credit is extended; thus, an individual who is not named on the promissory note executed by his or her spouse is not an obligor, and does not have a right to rescind. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | Can the right to rescind be exercised only by the person whom credit is extended to? | Consumer Credit -Memo 102 -SB_60170.docx | ROSS-003319959-ROSS-003319960 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fin. Freedom Acquisition v. Standard Bank & Tr. Co., 2014 IL App (1st) 120982 | 172H+1555 | The right to rescind a loan transaction under the Truth in Lending Act (TILA) may be exercised only by the obligor, that is, the person to whom credit is extended; thus, an individual who is not named on the promissory note executed by his or her spouse is not an obligor, and does not have a right to rescind. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | Can the right to rescind be exercised only by the person whom credit is extended to? | 013998.docx | LEGALEASE-00152615-LEGALEASE-00152616 |
| Walker v. Atwood Chevrolet-Olds, 189 F. Supp. 2d 594 | 360+18.19 | Congress specifically has reserved the prerogative of states to enforce the requirements of the Truth-in-Lending Act (TILA), and has not displaced state law in this area completely. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Has Congress specifically reserved prerogative of states to enforce the requirements of TILA? | Consumer Credit -Memo 95-SB_60173.docx | ROSS-003309205-ROSS-003309206 |
| Norfolk & W. Ry. Co. v. Gee, 104 Va. 806 | 320+305(1) | In an action against a railroad company for negligently frightening plaintiff's horse at a public crossing, it is not sufficient to charge that the defendant negligently placed a hand-car with long projecting arms at or so near the crossing as to render it unsafe for the travelling public in vehicles drawn by horses to cross on the highway, and that, in consequence thereof, the plaintiff's horse took fright and caused the injury declared on in the declaration. Nor is a count good which makes similar charges and adds that defendant's servants, negligently hung wearing apparel and bright tin buckets on the arms of the hand-car, and that these objects caused the plaintiff's horse to take fright. In each instance it was necessary to aver that the hand-car was, under the circumstances stated, an object of such unusual or extraordinary appearance as to have a natural tendency to frighten horses of ordinary gentleness and training, although that was a question to be determined by the jury from all the circumstances of the case, under proper instructions from the court. | "Can liability be subjective, if one uses apparatus for a reasonable time in a highway and if it frightens the horse?" | 019127.docx | LEGALEASE-00152634-LEGALEASE-00152636 |
| Rolle v. Cold Stone Creamery, 212 So. 3d 1073 | 307A+681 | Unlike a motion for summary judgment, when ruling on a motion to dismiss, a court may not go beyond the four corners of the complaint in considering the legal sufficiency of the allegations. | Does a motion to dismiss test the legal sufficiency of the complaint and not determine a factual issue? | 037639.docx | LEGALEASE-00152095-LEGALEASE-00152096 |
| Pennsylvania Life Ins. Co. v. Simoni, 641 N.W.2d 807 | 307A+680 | Where the facts pertinent to the determinative issue in a motion to dismiss are disputed, the case usually cannot be resolved on such a motion. | "Where the facts pertinent to the determinative issue in a motion to dismiss are disputed, can the case usually be resolved on such a motion?" | Pretrial Procedure - Memo # 8790 - C - NC_59789.docx | ROSS-003282564-ROSS-003282565 |
| Total Access v. Caddo Elec. Co-op., 9 P.3d 95 | 307A+680 | Purpose of a motion to dismiss is to test the legal sufficiency of the pleadings, not to evaluate the underlying facts. | "Is the purpose of a motion to dismiss to test the legal sufficiency of the pleadings, not to evaluate the underlying facts?" | Pretrial Procedure - Memo # 8799 - C - RY_59798.docx | ROSS-003281343-ROSS-003281344 |
| Davis By & Through Davis v. Bell, 705 So. 2d 108 | 307A+680 | Purpose of motion to dismiss is to test legal sufficiency of complaint, not to determine issues of fact. | Is the purpose of a motion to dismiss to test legal sufficiency of complaint and not to determine issues of fact? | Pretrial Procedure - Memo # 8807 - C - NS_59806.docx | ROSS-003294863-ROSS-003294864 |
| Chicago City Day Sch. v. Wade, 297 Ill. App. 3d 465 | 307A+561.1 | Motion to dismiss does not raise affirmative factual defenses, but alleges only defects on face of complaint. S.H.A. 735 ILCS 5/2-615. | Will a motion to dismiss raise affirmative factual defenses and allege defects on face of complaint? | 037825.docx | LEGALEASE-00152039-LEGALEASE-00152040 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stein v. Chiera, 130 A.D.3d 912 | 307A+679 | On a motion to dismiss a complaint for failure to state a cause of action, the complaint is to be afforded a liberal construction; the facts alleged in it are presumed to be true and are to be accorded every favorable inference. | "On a motion to dismiss a complaint for failure to state a cause of action, is the complaint to be afforded a liberal construction?" | Pretrial Procedure - Memo # 8924 - C - TM_60377.docx | ROSS-003278579-ROSS-003278580 |
| Zeeb v. Atlas Powder Co., 32 Del. Ch. 486 | 308+92(1) | Except as to acts so peculiarly personal that their performance may not be delegated, or except as to acts regulated by statute which are required to be performed personally, generally an individual may do all acts through an agent which he could do himself. | Can a principal delegate an act which is regulated by the statute to be performed personally? | 041499.docx | LEGALEASE-00152259-LEGALEASE-00152260 |
| Hidden Brook Air v. Thabet Aviation Int'l Inc., 241 F. Supp. 2d 246 | 308+99 | "Actual authority" exists when an agent has the power to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do because of the principal's manifestation to him. Restatement (Second) of Agency S 7 comment. | Does authority exist when an agent has the power to do an act on account of the principal? | Principal and Agent - Memo 226 - KC_60112.docx | ROSS-003293427-ROSS-003293428 |
| James L. Gang & Assocs. v. Abbott Labs., 198 S.W.3d 434 | 228+185.1(4) | Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment. | Are conclusory statements in an affidavit unsupported by facts insufficient to support or defeat summary judgment? | Affidavit - Memo 64 - _1eYZDGzXeCaZlNmcy5HPr1CWtMpZLCmcx.docx | ROSS-000000166-ROSS-000000167 |
| Waldron v. Harring, 28 Mich. 493 | 38+121 | Under Comp.Laws S 5775, providing that the assignee of any chose in action not negotiable may sue and recover on it in his own name, subject to any equities arising before notice of the assignment, the holder may sue in his own name, but an allegation of the transfer of the cause of action would be required. | Can the assignee of a chose in action sue and recover upon it in his own name? | 009742.docx | LEGALEASE-00153039-LEGALEASE-00153040 |
| In re AppOnline.com, 321 B.R. 614 | 8.30E+10 | Under New York choice-of-law rules, when promissory note is executed in one state and payable in another, it is governed, as to its nature, validity, interpretation, and effect, by laws of state where it is made payable. | Is a note goverened according to its nature when it is executed in one state and payable in another? | Bills and Notes - Memo 895 - RK_60694.docx | ROSS-003294465-ROSS-003294466 |
| Richmond Cedar Works v. West, 152 Va. 533 | 156+27(2) | Privies, or those who derive title from or through the parties, ordinarily stand in the same position as the parties, and are bound by every estoppel that would have been binding on the parties. | Are those who derive title from or through the parties bound by every estoppel that would have been binding on the parties? | Estoppel - Memo #53 - C - CSS_60345.docx | ROSS-003291882-ROSS-003291883 |
| Whitaker v. McMinn Cty., 491 S.W.2d 844 | 156+32(1) | Although a grantor is estopped by recital in his deed from denying consideration expressed, he is not estopped from showing there was another consideration other than one expressed in deed and other consideration may be shown by parol evidence. | "While a grantor is estopped from denying consideration, is he estopped from denying another consideration?" | 018035.docx | LEGALEASE-00152925-LEGALEASE-00152926 |
| London v. Adams, 1998 S.D. 41 | 307A+581 | Dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay. SDCL 15-6-41(b), 15-11-11. | Is dismissal of an action for failure to prosecute an extreme remedy and to be used only when there is an unreasonable and unexplained delay? | 037926.docx | LEGALEASE-00153267-LEGALEASE-00153268 |
| Kilburg v. Mohiuddin, 2013 IL App (1st) 113408 | 307A+624 | The court must construe the complaint liberally and dismiss only when it appears that plaintiff cannot recover under any set of facts. S.H.A. 735 ILCS 5/2-615. | Should the court construe the complaint liberally and dismiss only when it appears that plaintiff cannot recover under any set of facts? | Pretrial Procedure - Memo # 8945 - C - DA_60398.docx | ROSS-003280672 |
| Coughlin v. City of Waterbury, 61 Conn. App. 310 | 307A+678 | A motion to dismiss may raise issues of fact and would, therefore, require a hearing to determine the facts, and affidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists. | Can a motion to dismiss raise issues of fact and would require a hearing to determine the facts? | 038161.docx | LEGALEASE-00153059-LEGALEASE-00153060 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Otte v. City of Ste. Genevieve, 926 S.W.2d 559 | 307A+680 | In considering motion to dismiss, trial court must treat all facts alleged in petition as true and construe all allegations most favorably to plaintiff. | "Are all facts alleged in a petition are regarded as true, for purposes of a motion to dismiss?" | Pretrial Procedure - Memo # 9030 - C - PC_60436.docx | ROSS-003292422-ROSS-003292423 |
| 25 Bay Terrace Assocs. v. Pub. Serv. Mut. Ins. Co., 144 A.D.3d 665 | 307A+681 | On a motion to dismiss for failure to state a cause of action, any deficiencies in the complaint may be amplified by supplemental pleadings and other evidence. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss for failure to state a cause of action, can any deficiencies in the complaint be amplified by supplemental pleadings and other evidence?" | Pretrial Procedure - Memo # 9052 - C - MS_60457.docx | ROSS-003282886-ROSS-003282887 |
| Rychnovsky v. Cole, 119 S.W.3d 204 | 307A+681 | Consideration of a motion to dismiss for failure to state a claim must be based solely on the sufficiency of the facts appearing on the face of the petition; the issue is not whether the plaintiff is entitled to a judgment in his favor, rather it is whether he is entitled to be heard on his claim. | Is an issue on a motion to dismiss not whether the plaintiff is entitled to a judgment in his favor? | 038234.docx | LEGALEASE-00153213-LEGALEASE-00153214 |
| Doe No. 3 v. Nur-Ul-Islam Acad., 217 So. 3d 85 | 307A+561.1 | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss; otherwise an affirmative defense may not be considered on motion to dismiss a complaint. Fla. R. Civ. P. 1.110(d). | Should defenses be considered only if the allegations of the complaint demonstrate the existence of an affirmative defense? | Pretrial Procedure - Memo # 9190 - C - NS_60499.docx | ROSS-003285059-ROSS-003285060 |
| Kennedy v. Microsurgery & Brain Research Inst., 18 S.W.3d 39 | 241+180(2) | When an affirmative defense is asserted, such as a statute of limitations, the petition may not be dismissed unless it clearly establishes on its face, and without exception, that the action is barred. | Can a motion to dismiss be sustained if the defense is irrefutably established by the petition? | 038407.docx | LEGALEASE-00152955-LEGALEASE-00152956 |
| Papa John's Int'l v. Cosentino, 916 So. 2d 977 | 307A+561.1 | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense, then such a defense may be considered on a motion to dismiss, otherwise, affirmative defenses may not be considered. West's F.S.A. RCP Rule 1.110(d). | Can affirmative defense be considered if the allegations demonstrate the existence of affirmative defense on the face of the complaint? | 038437.docx | LEGALEASE-00153342-LEGALEASE-00153343 |
| Bolz v. State Farm Mut. Auto. Ins. Co., 679 So. 2d 836 | 307A+680 | Motion to dismiss is designed to test legal sufficiency of complaint, not to determine issues of fact. | "Is a motion to dismiss designed to test legal sufficiency of a complaint, not to determine issues of fact?" | Pretrial Procedure - Memo # 9306 - C - VA_60885.docx | ROSS-003278900-ROSS-003278901 |
| Cameron Cty. Sav. Ass'n v. Stewart Title Guar. Co., 819 S.W.2d 600 | 308+96 | "Actual authority" includes both express and implied authority and usually denotes that authority which principal intentionally confers upon agent, intentionally allowed agent to believe that he possesses or, by want of due care, allows agent to believe that he possesses. | What is an actual authority in the context of a principal-agent relationship? | 041564.docx | LEGALEASE-00153119-LEGALEASE-00153120 |
| Landmark Inv. Grp. v. Chung Family Realty P'ship, 125 Conn. App. 678 | 308+92(1) | Agents who lack authority to bind their principals to contracts nevertheless may have authority to negotiate or to transmit or receive information on their behalf. Restatement (Third) of Agency S 1.01 comment. | "Do agents lacking authority to bind their principals to contract, have authority to negotiate on behalf of the principal?" | 041577.docx | LEGALEASE-00153291-LEGALEASE-00153292 |
| Bank of Nova Scotia v. San Miguel, 214 F.2d 102 | 8.30E+11 | Under the conflict of laws rule of Puerto Rico, the questions as to the execution, the interpretation and the validity of a negotiable instrument are to be determined by the law of the place where it is made. | Under what law is the interpretation and validity of a negotiable instrument determined? | Bills and Notes - Memo 1009 - RK_61288.docx | ROSS-003309686-ROSS-003309687 |
| Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416 | 8.30E+10 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | Are the obligations of the maker of a note determined by the law of the state designated on the instrument as the place of payment? | Bills and Notes - Memo 6 - KC_62136.docx | ROSS-003293779 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Anderson v. Stayton State Bank, 82 Or. 357 | 95+184 | A joint and several contract is with each promisor, and also with all jointly, with result that they are all liable jointly, and each individual is liable upon his separate obligation, and that they may be sued jointly or severally as promisee elects. | Can parties be sued jointly or severally when they are jointly liable? | Bills and Notes -Memo 971 - RK_61276.docx | ROSS-003292007-ROSS-003292008 |
| Powers v. Wallis, 258 S.W.2d 360 | 156+19 | Where deed by guardian of mineral interest of ward was not based on a valid consideration, deed was not sufficient to convey mineral interest owned by guardian personally, under doctrine of estoppel by deed, since in order that a covenant work an estoppel, it must be contained in a deed that is good and valid in law as well as in equity. | "In order to work an estoppel, must a covenant be contained in a valid deed?" | Estoppel - Memo #76 - C - CSS.docx | LEGALEASE-00043870-LEGALEASE-00043871 |
| Foren v. Dealey, 4 Or. 92 | 302+354 | To justify striking out an answer as false and, therefore, sham, it must be obviously false, or it must be shown to be false and in bad faith, and court should not proceed on mere probabilities. | "To justify striking out an answer as sham, should it be obviously false?" | Pleading - Memo 529-RMM_61217.docx | ROSS-003294785-ROSS-003294786 |
| Zamouski v. Gerrard, 1 Ill. App. 3d 890 | 302+34(1) | Pleadings are to be liberally construed and formal or technical allegations are unnecessary; still, the complaint must allege facts necessary to state a cause of action. | Are formal or technical allegations unnecessary in a pleading? | Pleading - Memo 540 - RM_61960.docx | ROSS-003280962-ROSS-003280963 |
| Birge v. Town of Linden, 57 N.E.3d 839 | 307A+622 | A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. Trial Procedure Rule 12(B)(6). | "Does a motion to dismiss for a failure to state a claim test the legal sufficiency of the pleading, and not the facts which support it?" | Pretrial Procedure - Memo # 8999 - C - SKG_61348.docx | ROSS-003280367-ROSS-003280368 |
| McCann v. Lakewood, 95 Ohio App. 3d 226 | 30+78(4) | Dismissal for failure to prosecute is involuntary dismissal and is deemed to be dismissal on the merits and thus is a final appealable order unless court expressly states otherwise. Rules Civ.Proc., Rule 41(B)(1). | Is the dismissal for failure to prosecute deemed to be the dismissal on the merits? | 038445.docx | LEGALEASE-00154515-LEGALEASE-00154516 |
| Weil & Assocs. v. Urban Renewal Agency of Wichita, 206 Kan. 405 | 307A+687 | Legal sufficiency of claim for relief must be decided from well-pleaded facts of petition; when motion to dismiss raises issue concerning legal sufficiency, it may be treated as modern equivalent of demurrer. K.S.A. 60-208(a), 60-212(b) (6). | Is the legal sufficiency of claim determined from well-pled facts in a petition? | 038511.docx | LEGALEASE-00154352-LEGALEASE-00154353 |
| Hoffman v. Paracelsus Health Care Corp., 752 So. 2d 1030 | 307A+583 | The power to dismiss an action for want of prosecution is part of a trial court's inherent authority. | Is the power to dismiss an action for want of prosecution part of a trial court's inherent authority? | Pretrial Procedure - Memo # 9326 - C - PB_60904.docx | ROSS-003293318 |
| Hoff v. Goyer, 160 So. 3d 768 | 307A+681 | When materials outside the pleadings accompany a motion to dismiss, the trial court is not bound to limit itself to the pleadings. | "When materials outside the pleadings accompany a motion to dismiss, is the trial court not bound to limit itself to the pleadings?" | 038620.docx | LEGALEASE-00154567-LEGALEASE-00154568 |
| Doe 30's Mother v. Bradley, 58 A.3d 42 | 307A+681 | Generally, the universe of facts considered in a motion to dismiss are those plead within the confines of the complaint; however, parties may submit matters outside the pleading when presenting or opposing a motion to dismiss. Superior Court Civil Rule 12(b). | "Generally, is the universe of facts considered in a motion to dismiss those pleaded within the confines of the complaint?" | Pretrial Procedure - Memo # 9385 - C - PB_60923.docx | ROSS-003295021-ROSS-003295022 |
| Succession of Knox, 579 So. 2d 1164 | 307A+581 | Suit for nullity of judgment of possession is not "succession proceeding," and thus is subject to five-year abandonment rule. LSA-C.C.P. art. 561, subd. A. | Is suit for nullity of judgment of possession subject to the five-year abandonment rule? | 038782.docx | LEGALEASE-00153986-LEGALEASE-00153987 |
| Bishop v. Wollyung, 705 S.W.2d 312 | 307A+581 | Trial court is entitled to consider history of suit in determining whether a dismissal should be granted for want of prosecution. | Is the court entitled to consider history of suit in determining whether a dismissal should be granted for want of prosecution? | Pretrial Procedure - Memo # 9460 - C - SPB_60952.docx | ROSS-003280318-ROSS-003280319 |
| In re Marriage of Dague, 136 Ill. App. 3d 297 | 307A+581 | Dismissal for want of prosecution is error unless party has been guilty of inexcusable delay in prosecuting that suit. | Is dismissal for want of prosecution error unless party has been guilty of inexcusable delay in prosecuting that suit? | 038806.docx | LEGALEASE-00154087-LEGALEASE-00154088 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Harris v. Cleveland, 979 So. 2d 78 | 307A+581 | The entry of a judgment of dismissal for a defendant as a matter of law for want of prosecution of a civil action is a drastic sanction, only to be used in extreme situations. Rules Civ.Proc., Rule 41(b). | Is dismissal for lack of prosecution a drastic sanction to be applied only in extreme situations? | 039025.docx | LEGALEASE-00154785-LEGALEASE-00154786 |
| Kawaguchi v. Gainer, 361 Ill. App. 3d 229 | 307A+686.1 | When affidavits supporting a motion to dismiss have not been challenged or contradicted by counteraffidavits or other appropriate means, the facts contained in the supporting affidavits are deemed admitted. | "When a supporting affidavit has not been refuted by a counter-affidavit or other appropriate means on a motion for involuntary dismissal, are the facts in that supporting affidavit deemed admitted?" | Pretrial Procedure - Memo # 9808 - C - SN_61425.docx | ROSS-003293755-ROSS-003293756 |
| Trendmark Homes v. Bank of N. Georgia, 314 Ga. App. 886 | 157+420(7) | Because a promissory note is an unconditional promise, and the contract is complete as written, parol evidence may not be used to impose conditions which are not apparent from the face of the note. | Can a promissory note be modified by imposition of conditions which are not apparent on its face? | Bills and Notes - Memo 18 - KC_61942.docx | ROSS-003296733-ROSS-003296734 |
| Beaudry v. TeleCheck Services , 579 F.3d 702 | 172H+1649 | Any actual damages sustained by a consumer as a result of a failure to comply with the Fair Debt Collection Practices Act are available as an alternative to the recovery of statutory damages. Fair Debt Collection Practices Act, S 813(a), 15 U.S.C.A. S 1692k(a). | Is the Fair Debt Collection Protection Act (FDCPA) a statute for which damages are a necessary precondition to suit? | 013729.docx | LEGALEASE-00155732-LEGALEASE-00155734 |
| Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895 | 172H+1561 | A borrower must allege an ability to tender the principal balance of the subject loan in order to state a claim for rescission under TILA. Truth in Lending Act, S 125(a, b), 15 U.S.C.A S 1635(a, b); 12 C.F.R. S 226.23(d)(3). | What is required to be alleged by borrowers in order to state a claim for rescission under TILA? | Consumer Credit - Memo 184 - RK.docx | LEGALEASE-00044659-LEGALEASE-00044660 |
| Rudisell v. Fifth Third Bank, 622 F.2d 243 | 172H+1561 | Rescission under provision of Truth in Lending Act is an equitable remedy and court may condition return of monies to debtor upon return of property to creditor. Truth in Lending Act, S 125 as amended 15 U.S.C.A. S 1635. | Can the court condition the return of monies to the debtor upon return of property to the creditor? | Consumer Credit - Memo 186 - RK_61848.docx | ROSS-003293446-ROSS-003293447 |
| King v. Long Beach Mortg. Co., 672 F. Supp. 2d 238 | 172H+1556 | Delivery of a single copy of the notice does not trigger extension of rescission right to three years under Truth in Lending Act (TILA). 12 C.F.R. S 226.23(a)(3), (b)(1). | Does the delivery of a single copy of the notice trigger an extension of the right to rescission? | 013785.docx | LEGALEASE-00155514-LEGALEASE-00155515 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does the standardization of credit terms benefit just the individual claimant? | Consumer Credit - Memo 208 - RK_61870.docx | ROSS-003308805-ROSS-003308806 |
| Domico v. Rapides Par. Sch. Bd., 675 F.2d 100 | 141E+740 | At public college level, hairstyle regulations cannot, absent exceptional circumstances, be justified by school's asserted educational and disciplinary needs, while in public elementary and secondary schools, such regulations are always justified by school's needs. U.S.C.A.Const.Amends. 5, 14. | Can college impose hairstyle regulations? | 016860.docx | LEGALEASE-00155853-LEGALEASE-00155854 |
| Wiele v. Bd. of Assessment Appeals of City of Bridgeport, 119 Conn. App. 544 | 156+52(1) | Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed. | Does estoppel have its roots in equity? | Estoppel - Memo #96 - C - CSS.docx | LEGALEASE-00044867-LEGALEASE-00044868 |
| Woolam v. Tussing, 54 S.W.3d 442 | 302+34(1) | Pleadings will generally be construed as favorably as possible to the pleader; the court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged, and every fact will be supplied that can reasonably be inferred from what is specifically stated. | Will the pleading be upheld even if some element of a cause of action has not been specifically alleged? | 023771.docx | LEGALEASE-00155424-LEGALEASE-00155425 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Missouri Highway & Transp. Comm'n v. Moulder, 726 S.W.2d 812 | 307A+581 | Delay alone does not mandate sustaining of motion to dismiss for failure to prosecute but delay in prosecution without valid excuse requires that motion be sustained. | Does delay alone mandate sustaining of motion to dismiss for failure to prosecute? | Pretrial Procedure - Memo # 9636 - C - MS_61389.docx | ROSS-003281876-ROSS-003281877 |
| State ex rel. Missouri Highway & Transp. Comm'n v. Moulder, 726 S.W.2d 812 | 307A+581 | Delay alone does not mandate sustaining of motion to dismiss for failure to prosecute but delay in prosecution without valid excuse requires that motion be sustained. | Does delay in prosecution without valid excuse require that motion be sustained? | 039055.docx | LEGALEASE-00154958-LEGALEASE-00154959 |
| Esworthy v. Williams, 100 Nev. 212 | 307A+583 | In addition to statutory authority to dismiss action for failure to comply with rules or orders of court, trial court has inherent power to dismiss case for failure to prosecute or to comply with its order, and court may exercise such power within bounds of sound judicial discretion. Rules Civ.Proc., Rule 41. | Does court have inherent power to dismiss case for failure to prosecute or to comply with its order? | 039082.docx | LEGALEASE-00155152-LEGALEASE-00155153 |
| Preston v. Kaiser Found. Hosps., 126 Cal. App. 3d 402 | 307A+581 | Policy of law is to require a plaintiff to expedite resolution of his or her claim and court should not enforce claims unless plaintiff acts in timely fashion. West's Ann.C.C.P. S 583. | Is policy of law to require a plaintiff to expedite resolution of his or her claim? | 039103.docx | LEGALEASE-00155309-LEGALEASE-00155310 |
| The Florida Bar v. O'Connor, 945 So. 2d 1113 | 46H+984 | Attorney's emergency suspension from practice of law was not automatically dissolved when 60-day deadline passed without state bar filing a formal complaint against him, as time limit of bar rule was not self-executing; bar rule was silent with regard to effect of failure by state bar to file formal complaint within 60 days, cases in which Supreme Court had dismissed attorney disciplinary proceedings for undue delay by state bar were initiated by motion to dismiss or motion to cease and desist, and rule of civil procedure governing dismissal of civil claims for failure to prosecute had been held to require some affirmative action and not to be self-executing. West's F.S.A. Bar Rules 3-5.2(d), 3-7.11(a), 3-7.16; West's F.S.A. RCP Rule 1.420(e). | Does the rule governing dismissal for failure to prosecute self-executing? | 039227.docx | LEGALEASE-00155273-LEGALEASE-00155274 |
| GMAC Mortg. v. Bisceglie, 109 A.D.3d 874 | 266+1798 | Mortgagor's unrefuted allegation that mortgagee's affidavit in support of its motion for summary judgment, purportedly based upon personal knowledge, was in fact signed by limited signing officer who had no personal knowledge of facts, was proper basis upon which to set aside determination awarding summary judgment to mortgagee in foreclosure action, and to preclude any successive motions for summary judgment, but did not warrant dismissal with prejudice in favor of mortgagor. McKinney's CPLR 5015(a)(3). | "Where a motion for summary judgment is based solely upon an affidavit of someone with no personal knowledge of the facts, does that circumstance generally present only a ground for the denial of summary judgment?" | Pretrial Procedure - Memo # 9846 - C - UG_61441.docx | ROSS-003292381-ROSS-003292382 |
| Booker v. United Am. Ins. Co., 700 So. 2d 1333 | 308+54 | Principal is bound by acts of purported subagent only if (1) agent had express authority to appoint subagent; (2) agent had implied authority to appoint subagent; or (3) principal ratified appointment. | Is a principal liable for the act of a purported agent if the agent had implied or express authority to appoint the subagent? | 041638.docx | LEGALEASE-00155686-LEGALEASE-00155687 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Diehl v. Ohio Dep't of Agric., 102 Ohio St. 3d 50 | 178+3 | Ohio Department of Agriculture's (ODA's) milk inspection fee, which required Ohio milk processors to pay an assessment calculated on the total amount of raw milk received without regard to the state of origin, was a fee rather than a tax; fees were charges imposed by government in return for a service provided, and the assessment was collected to fund milk inspections. R.C. S 917.031. | "Is a fee, which is imposed by a government in return for a service it provides, a tax?" | Taxation - Memo # 979 - C - JL_61813.docx | ROSS-003283218 |
| Stoner v. Howard Sober, 128 Ind. App. 371 | 413+9 | The provisions of Workmen's Compensation Act form and become terms of contract voluntarily adopted by employer and workmen and are binding on them and their dependents; and therefore deceased workman's common-law wife was in no position to challenge statutory requirement (that common-law marriage relationship have existed for five years) as violative of her constitutional right to equal protection of laws. Burns' Ann.St. SS 40-1201 et seq., 40-1403(a); U.S.C.A.Const. Amend. 14; Const. art. 1, S 13. | Is the Compensation Act binding? | 048440.docx | LEGALEASE-00155132-LEGALEASE-00155133 |
| Gerlich v. Leath, 861 F.3d 697 | 92+2007 | If a state university creates a limited public forum for speech, it may not discriminate against speech on the basis of its viewpoint. U.S. Const. Amend. 1. | "f a state university creates a limited public forum for speech, can it discriminate against speech on the basis of its viewpoint?" | Education - Memo # 279 - C - KS.docx | LEGALEASE-00045652-LEGALEASE-00045653 |
| Buttny v. Smiley, 281 F. Supp. 280 | 141E+1025 | University authorities have inherent general power to maintain order on campus and to exclude those who are detrimental to its well-being. | Do university authorities have an inherent general power to maintain order on campus and to exclude those who are detrimental to its wellbeing? | Education - Memo # 283 - C - KS.docx | LEGALEASE-00045654-LEGALEASE-00045655 |
| McCune v. Kilpatrick, 53 F. Supp. 80 | 402+1095 | A military voyage for the purpose of transporting army troops and supplies during present war is a military expedition "in the field" within Articles of War relating to persons subject to military law. Articles of War, art. 2(d), 10 U.S.C.A. S 1473(d). | Is a military voyage for the purpose of transporting army troops and supplies during war is a military expedition? | Neutrality Laws - Memo 3 - KC_62360.docx | ROSS-003294536-ROSS-003294537 |
| Ruwe v. Farmers Mut. United Ins. Co., 238 Neb. 67 | 302+34(2) | In actions not involving extraordinary remedies, general pleadings are to be liberally construed in favor of pleader. Neb.Rev.St. S 25-804(2). | "In actions not involving extraordinary remedies, are general pleadings liberally construed in favor of the pleader?" | Pleading - Memo 563 - RMM_62371.docx | ROSS-003281866-ROSS-003281867 |
| Volkman v. Hanover Investments, 843 N.W.2d 789 | 307A+685 | If a motion to dismiss for lack of personal jurisdiction is supported by affidavits, the nonmoving party cannot rely on general statements in her pleading. M.S.A. S 543.19. | "If a motion to dismiss is supported by affidavits, can the nonmoving party rely on general statements in her pleading?" | Pretrial Procedure - Memo # 10037 - C - DA_62053.docx | ROSS-003281192 |
| New Bedford Educators Ass'n v. Chairman of Massachusetts Bd. of Elementary & Secondary Educ., 83 N.E.3d 166 | 13+13 | Standing is an issue of subject matter jurisdiction that is properly challenged by way of a motion to dismiss. Mass. R. Civ. P. 12(b)(1). | Is standing an issue of subject matter jurisdiction that is properly challenged by way of motion to dismiss? | Pretrial Procedure - Memo # 10068 - C - AC_62398.docx | ROSS-003294724 |
| Seip v. Rogers Raw Materials Fund, 408 Ill. App. 3d 434 | 307A+685 | Facts contained in an affidavit in support of a motion to dismiss which are not contradicted by a counteraffidavit must be taken as true for purposes of the motion. | "When the facts alleged in an affidavit are not contradicted, are those facts taken as true for purposes of a motion to dismiss?" | 024529.docx | LEGALEASE-00156216-LEGALEASE-00156217 |
| Bourke v. Grey Wolf Drilling Co., LP, 2013 WY 93 | 307A+694 | Dismissal for failure to state a claim is a dismissal on the merits, and it is with prejudice, unless the court otherwise specifies. Rules Civ.Proc., Rules 12(b)(6), 41(b)(1). | "Is a dismissal for failure to state a claim a dismissal on the merits, and it is with prejudice, unless the court otherwise specifies?" | 024693.docx | LEGALEASE-00155970-LEGALEASE-00155971 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Olson v. Alick's Drugs, 863 N.E.2d 314 | 307A+690 | A dismissal for failure to prosecute is a dismissal with prejudice unless the trial court provides otherwise, and, consequently, reinstatement must be sought pursuant to a motion for relief from judgment. Trial Procedure Rules 41(E, F), 60(B). | Is a dismissal for failure to prosecute a dismissal with prejudice unless the trial court provides otherwise? | 024733.docx | LEGALEASE-00156118-LEGALEASE-00156119 |
| State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, 387 N.J. Super. 469 | 307A+690 | A motion to dismiss a complaint for failure to state a cause of action should be granted only in rare instances, ordinarily without prejudice. | "Should a motion to dismiss a complaint for failure to state a cause of action be granted only in rare instances, ordinarily without prejudice?" | Pretrial Procedure - Memo # 10359 - C - BP_62084.docx | ROSS-003279883-ROSS-003279884 |
| State v. Fleming, 296 N.C. 559 | 67+22 | Burglary informations must allege ownership of premises burglarized, but in burglary prosecutions "ownership" is not confined to title but also encompasses occupancy and possession. Section 560.070 RSMo 1969, V.A.M.S. | Is ownership of the premises burglarized confined to title in burglary? | 013057.docx | LEGALEASE-00156430-LEGALEASE-00156431 |
| State v. Peck, 539 N.W.2d 170 | 67+22 | It is not necessary in an information for burglary to allege the legal status of the owner or occupant of the burglarized premises, that is, whether it is a corporation, partnership or individual. Section 560.070 RSMo 1969, V.A.M.S.; V.A.M.R. Crim. Rule 24.01. | Is it necessary to allege the legal status of the owner in burglary? | Burglary - Memo 284 - RK.docx | LEGALEASE-00046243-LEGALEASE-00046244 |
| State v. Peck, 539 N.W.2d 170 | 67+22 | It is not necessary in an information for burglary to allege the legal status of the owner or occupant of the burglarized premises, that is, whether it is a corporation, partnership or individual. Section 560.070 RSMo 1969, V.A.M.S.; V.A.M.R. Crim. Rule 24.01. | Is it necessary to allege the legal status of the owner in burglary? | 013086.docx | LEGALEASE-00156569-LEGALEASE-00156570 |
| Nw. Mut. Life Ins. Co. v. State Bd. of Equalization, 73 Cal. App. 2d 548 | 371+2002 | There is a broad and well recognized distinction between a tax levied for general governmental or public purposes, and a special assessment levied for improvements made under special laws of a local character. | Is there a broad distinction between a tax and a special assessment? | Taxation - Memo # 1008 - C - JL_62480.docx | ROSS-003292615-ROSS-003292617 |
| State v. Chung, 75 Haw. 398 | 3.77E+12 | Conduct proscribed by the offense of terroristic threatening is a threat to cause bodily injury to another person and terrorization as the result of the proscribed conduct; with respect to the latter, statute alternatively enumerates intent or reckless disregard as the requisite state of mind and, although statute is silent as to the requisite state of mind applicable to the proscribed conduct, no purpose plainly appears to apply a different state of mind. HRS S 707-715. | What is the conduct proscribed by the offense of terroristic threatening? | 046669.docx | LEGALEASE-00156484-LEGALEASE-00156485 |
| Rodriguez ex rel. Rodriguez v. United States, 169 F.3d 1342 | 24+101 | Where Congress makes a judgment that immigration is creating, or adding to, financial burdens, it lies within Congress's plenary sovereign power over immigration to take action to alleviate such burdens. | Is the Congress power to regulate immigration plenary? | Aliens Immigration and_1aIhtr2BgI77qcOJZfUwYbEnbMnKGMdSI.docx | ROSS-000000276-ROSS-000000277 |
| Greater Kansas City Baptist & Cmty. Hosp. Ass'n v. Businessmen's Assur. Co., 585 S.W.2d 118 | 38+31 | Any language which clearly evidences intent of owner of property or chose in action to transfer it clearly and unconditionally and which sufficiently identifies subject matter will be sufficient to constitute assignment. | Is the intention of the owner sufficient to identify the subject matter? | 009089.docx | LEGALEASE-00157145-LEGALEASE-00157146 |
| Cockrell v. Taylor, 347 Mo. 1 | 83E+481 | While "endorsement of note" must be made by written signature on back of instrument itself, "assignment of note or mortgage" may be by separate instrument, or even by parol. | Can an assignment of a note be made by separate instrument or parol? | 009110.docx | LEGALEASE-00157223-LEGALEASE-00157224 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Snow Ingredients v. SnoWizard, 833 F.3d 512 | 307A+690 | Dismissal without prejudice indicates that a suit is dismissed without a decision on the merits, and is not conclusive of the rights of the parties, and thus does not count as a bona fide termination required for a Louisiana-law malicious prosecution claim. | "Does a dismissal without prejudice indicate that a suit is dismissed without a decision on the merits, and is not conclusive of the rights of the parties?" | 024916.docx | LEGALEASE-00157351-LEGALEASE-00157352 |
| Hug v. James, 197 P.3d 22 | 307A+690 | Dismissals under statute permitting dismissals without prejudice for failure to prosecute cannot and do not address the merits of an action, particularly with the legislative directive that such dismissals are to be without prejudice. 12 Okl.St.Ann. S 683. | Can dismissals under statute permitting dismissals without prejudice for failure to prosecute not address the merits of an action? | 025001.docx | LEGALEASE-00157584-LEGALEASE-00157585 |
| Sepulveda v. Cty. of El Paso, 170 S.W.3d 605 | 307A+690 | As a general rule, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect; however, dismissal with prejudice is appropriate when the pleadings affirmatively negate the existence of jurisdiction because of sovereign immunity bar. | "As a general rule, is a dismissal with prejudice improper when the plaintiff is capable of remedying the jurisdictional defect?" | Pretrial Procedure - Memo # 10534 - C - SJ_62434.docx | ROSS-003279137-ROSS-003279138 |
| Creek v. Clark, 91 Ill. App. 3d 429 | 307A+693.1 | Dismissal of a charge "with prejudice" is as conclusive of the rights of the parties as if the suit has been prosecuted to a conclusion adverse to the complainant. | "Is a dismissal of a charge ""with prejudice"" as conclusive of the rights of the parties as if the suit has been prosecuted to a conclusion adverse to the complainant?" | Pretrial Procedure - Memo # 10659 - C - KI_62472.docx | ROSS-003280771-ROSS-003280772 |
| Whitaker v. Wright, 100 Fla. 282 | 307A+693.1 | Parties after nonsuit or dismissal are out of court for all purposes other than to carry order into effect or to vacate or modify same. | Are parties after nonsuit or dismissal out of court for all purposes other than to carry an order into effect or to vacate or modify the same? | Pretrial Procedure - Memo # 10697 - C - SN_62676.docx | ROSS-003295900-ROSS-003295901 |
| Texas Parks & Wildlife Dep't v. Garland, 313 S.W.3d 920 | 307A+554 | Generally, the proper remedy when a court lacks subject matter jurisdiction is to dismiss the case without prejudice, but when a dispositive defect cannot be remedied, dismissal with prejudice is proper. | "When a dispositive defect cannot be remedied, is dismissal with prejudice proper?" | Pretrial Procedure - Memo # 10895 - C - RF_63893.docx | ROSS-003280488-ROSS-003280489 |
| Kendrick v. Earl's Inc., 987 So. 2d 589 | 307A+690 | A period of inactivity followed by resumed activity in a case is not a sufficient basis for a dismissal with prejudice. | Is a period of inactivity followed by resumed activity in a case not a sufficient basis for a dismissal with prejudice? | 025627.docx | LEGALEASE-00157630-LEGALEASE-00157631 |
| Calhoun v. Supreme Court of Ohio, 61 Ohio App. 2d 1 | 302+350(10) | A judgment on pleadings is generally a decision on merits, while dismissal for failure to state a claim constitutes a finding that statement of claim for relief is insufficient on its face. Civ.R. 12(C), 57. | Is a judgment on pleadings generally a decision on merits? | 025825.docx | LEGALEASE-00157660-LEGALEASE-00157661 |
| Van Arsdale v. Caswell, 311 S.W.2d 404 | 307A+693.1 | An order of dismissal is final ten days after it is entered and the court loses jurisdiction of the cause. | Is an order of dismissal final ten days after it is entered and the court loses jurisdiction of the cause? | Pretrial Procedure - Memo # 11039 - C - PC_63428.docx | ROSS-003294117 |
| Barlage v. Valentine, 210 Ariz. 270 | 308+1 | The law of agency is based on the principle of qui facit per alium, facit per se, i.e., one acting by another is acting for himself; thus, when an agent acts, it is as if the principal herself has acted. | "Is the law of agency based on the principle of qui facit per alium, facit per se?" | Principal and Agent - Memo 435 - RK_63555.docx | ROSS-003284508-ROSS-003284509 |
| Hollister v. Thomas, 110 Conn. App. 692 | 308+1 | The labels used by the parties in referring to their relationship are not determinative of an agent/principal relationship; rather, a court must look to the operative terms of their agreement or understanding. | Are the labels used by the parties in referring to their agency relationship determinative? | Principal and Agent - Memo 436 - RK_63556.docx | ROSS-003294672-ROSS-003294673 |
| Johnson v. LeBonheur Children's Med. Ctr., 74 S.W.3d 338 | 231H+25 | A person may be the servant of two masters, not joint employers, at one time as to one act, if the service does not involve abandonment of the service to the other. Restatement (Second) of Agency, S 226, comment b. | Can a person be the servant of two masters if the service does not involve abandonment of the service to the other? | Principal and Agent - Memo 445 - RK_63565.docx | ROSS-003293780-ROSS-003293781 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Del Pilar v. DHL Glob. Customer Sols. (USA), 993 So. 2d 142 | 308+3(2) | A particularly significant factor in determining whether one laboring on behalf of another is an agent or an independent contractor is the degree of control exercised by the employer or owner over the agent; it is the right of control, and not actual control, which determines the relationship between the parties. Restatement (Second) of Agency S 220(2)(a) (1958). | Is it the actual control by the employer over the agent that determine the relationship between the parties? | Principal and Agent - Memo 495 - KK.docx | LEGALEASE-00047539-LEGALEASE-00047540 |
| Bd. of Overseers of The Bar v. Lee, 422 A.2d 998 | 371+2002 | "Tax" is a charge either to raise money for public purposes or to accomplish some governmental end; exactions, which are not imposed for main purpose of revenue but are imposed in exercise of police power and as a part of a program for regulation of a particular business, occupation or profession, are "license fees" and not taxes. | Is tax a charge either to raise money for public purposes or to accomplish some governmental end? | Taxation - Memo # 1019 - C - JL_63297.docx | ROSS-003305867-ROSS-003305868 |
| Safety Net for Abused Persons v. Segura, 692 So. 2d 1038 | 371+2002 | "Tax" is charge that is unrelated to or materially exceeds special benefits conferred upon those assessed. | Is a tax a charge that is unrelated to or materially exceeds the special benefits conferred upon those assessed? | 044525.docx | LEGALEASE-00157391-LEGALEASE-00157392 |
| Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 92+3250 | Statute providing that all persons within jurisdiction of United States shall have same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws, and the Fourteenth Amendment, protect all persons against state legislation bearing unequally on them either because of alienage or color. 8 U.S.C.A. S 41; U.S.C.A.Const. Amend. 4. | Does the Fourteenth Amendment protect all persons against state legislation bearing unequally upon them because of alienage? | "Aliens, Immigration, and Citizenship - Memo 55 - RK_63923.docx" | ROSS-003320188-ROSS-003320189 |
| Heffron v. Hanaford, 40 Mich. 305 | 289+673 | A partner's declarations will not bind his associates in matters foreign to the partnership, nor will his mere admission or declaration bring a transaction within the scope of the partnership business. | Does a partners declaration about concerns foreign to the partnership bind his associates? | 022631.docx | LEGALEASE-00158739-LEGALEASE-00158740 |
| Barnard v. Lapeer & P.H. Plank Road Co., 6 Mich. 274 | 289+776 | Knowledge and assent to bind a partner as to contract of a copartner must be established by evidence affirmatively showing it, or from which it may be clearly inferred. | Is the knowledge and assent required to bind the copartner needed to be established by evidence affirmatively showing it? | 022633.docx | LEGALEASE-00158741-LEGALEASE-00158742 |
| Waterford Exec. Grp., Ltd. v. Clark/Bardes, 261 Ill. App. 3d 338 | 307A+561.1 | For purposes of statute providing for dismissal of complaint when underlying claim is barred by affirmative matter, "affirmative matter" includes something in nature of defense that completely negates alleged cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | What does an affirmative matter include for the purpose of providing for dismissal of complaint when underlying claim is barred? | 025420.docx | LEGALEASE-00158050-LEGALEASE-00158051 |
| Amos v. Amos, 282 Ark. 532 | 307A+561.1 | Although preferred method to assert affirmative defense such as res judicata is in an answer and not a motion to dismiss, when raised in motion to dismiss it may be treated as if it were properly raised. | What would be the preferred method to assert affirmative defense? | 025440.docx | LEGALEASE-00158184-LEGALEASE-00158185 |
| Harrison v. Allied Mut. Cas. Co., 253 Iowa 728 | 307A+687 | A motion to dismiss assumes truth of facts well pleaded in pleading attacked but is not a proper vehicle for submission of affirmative defenses. | Is a motion to dismiss a proper vehicle for submission of affirmative defenses? | 025477.docx | LEGALEASE-00158510-LEGALEASE-00158511 |
| Binner v. Limestone Cty., 129 S.W.3d 710 | 307A+699 | Motion to reinstate is the failsafe to prevent improper dismissal of cases for failure to appear, for failure to dispose of case within Supreme Court's time standards for disposition, and for failure to diligently prosecute case. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subds. 1, 2. | Is a motion to reinstate the failsafe to prevent improper dismissal of cases for failure to appear? | 025520.docx | LEGALEASE-00158854-LEGALEASE-00158855 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Strickland, 2002 WL 58482 | 307A+699 | An unverified reinstatement motion does not extend trial court's plenary power beyond 30 days from dismissal. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Does an unverified reinstatement motion not extend a trial court's plenary power beyond 30 days from dismissal? | Pretrial Procedure - Memo # 10832 - C - SN_64095.docx | ROSS-003293757-ROSS-003293758 |
| Obenschain v. Williams, 750 So. 2d 771 | 307A+622 | Dismissal with prejudice is an abuse of discretion where a pleader may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory. | Should a court dismiss a complaint with prejudice if it is actionable on any ground? | 025545.docx | LEGALEASE-00158516-LEGALEASE-00158517 |
| Rohlwing v. Myakka River Real Properties, 884 So. 2d 402 | 307A+690 | Because a dismissal with prejudice is the ultimate sanction in the civil justice system, it is reserved for the most aggravating circumstances. | "Because a dismissal with prejudice is the ultimate sanction in the civil justice system, is it reserved for the most aggravating circumstances?" | 025663.docx | LEGALEASE-00158108-LEGALEASE-00158109 |
| Hager v. City of Devils Lake, 2009 ND 180 | 307A+693.1 | After a court enters an order of dismissal without prejudice, the action is ended, and there is no longer an action pending before the court. | "After a court enters an order of dismissal without prejudice, is the action ended, and is it no longer an action pending before the court?" | Pretrial Procedure - Memo # 10964 - C - SKG.docx | LEGALEASE-00048429-LEGALEASE-00048430 |
| Pratt v. Staton, 147 N.C. App. 771 | 307A+693.1 | An order granting a motion to dismiss certain claims in an action, while leaving other claims in the action to go forward, is plainly an interlocutory order. | Is an order granting a motion to dismiss certain claims in an action plainly an interlocutory order? | 025768.docx | LEGALEASE-00158798-LEGALEASE-00158799 |
| Silvagnoli v. Consol. Edison Employees Mut. Aid Soc., 112 A.D.2d 819 | 307A+693.1 | Special term had no jurisdiction to rule on motions to dismiss for failure to prosecute after plaintiff's death, but before legal representative was substituted and, thus, its order denying those motions was a nullity. McKinney's CPLR 1015(a), 3216. | Does a special term have no jurisdiction to rule on motions to dismiss for failure to prosecute after a plaintiff's death? | 025817.docx | LEGALEASE-00158506-LEGALEASE-00158507 |
| Harrigan v. Mason & Winograd, 121 R.I. 209 | 307A+693.1 | When a motion made by one or more defendants is not joined in by other defendants and complaint is dismissed without specifying that it is dismissed only as to moving defendants, it will ordinarily be construed as a dismissal only as to those moving defendants. | "When a motion made by one or more defendants is not joined in by other defendants, will it ordinarily be construed as a dismissal?" | 025821.docx | LEGALEASE-00158502-LEGALEASE-00158503 |
| Cooney v. Chicago Pub. Sch., 407 Ill. App. 3d 358 | 307A+561.1 | A complaint is properly dismissed based on certain defects or defenses where no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law. S.H.A. 735 ILCS 5/2-619. | Can a complaint be dismissed when no genuine issue of material fact exists? | Pretrial Procedure - Memo # 11069 - C - BP_63456.docx | ROSS-003280058-ROSS-003280059 |
| Cooney v. Chicago Pub. Sch., 407 Ill. App. 3d 358 | 307A+561.1 | A complaint is properly dismissed based on certain defects or defenses where no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law. S.H.A. 735 ILCS 5/2-619. | Can a complaint be dismissed when the defendant is entitled to judgment as a matter of law? | Pretrial Procedure - Memo # 11070 - C - BP_63457.docx | ROSS-003280381-ROSS-003280382 |
| Duk Hea Oh v. Natl Capital Revitalization Corp., 7 A.3d 997 | 307A+561.1 | For an affirmative defense to stand in the sense of entitling the defendant to proceed with discovery as to the defense, facts establishing the elements of the defense must be particularized in some detail. | Why should the facts establishing the element of defense be particularized in detail? | Pretrial Procedure - Memo # 11073 - C - NE_63460.docx | ROSS-003283815-ROSS-003283816 |
| St. Louis Univ. v. Hesselberg Drug Co., 35 S.W.3d 451 | 30+3889 | When reviewing the trial court's dismissal of a cause of action, Court of Appeals examines the pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing the allegations favorably to the pleader. | Will a motion to dismiss be sustained if the defense is irrefutably established by the pleadings? | 025936.docx | LEGALEASE-00158252-LEGALEASE-00158253 |
| Peters v. M & O Const., 119 Ariz. 34 | 307A+693.1 | If complaint is dismissed without prejudice, general rule is that situation is the same as if the suit had never been brought. | "If a complaint is dismissed without prejudice, is the general rule that the situation is the same as if the suit had never been brought?" | Pretrial Procedure - Memo # 11118 - C - VP_63776.docx | ROSS-003280300-ROSS-003280301 |
| Turman v. Turman, 46 S.W.2d 447 | 307A+693.1 | Whenever dismissal order is not based on settlement of cause, plaintiff may bring new action. | "Whenever a dismissal order is not based on settlement of cause, can a plaintiff bring a new action?" | 026011.docx | LEGALEASE-00158400-LEGALEASE-00158401 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bushendorf v. Freightliner Corp., 13 F.3d 1024 | 308+3(1) | Automobile dealer or other similar type of dealer who merely buys goods from manufacturers or other suppliers for resale to consuming public is not his supplier's agent. | Is an automobile dealer who merely buys goods from a supplier considered the suppliers agent? | 041695.docx | LEGALEASE-00158907-LEGALEASE-00158909 |
| Jones v. Royal Admin. Servs., 866 F.3d 1100 | 308+1 | Under California law, "agency" is the fiduciary relationship that arises when one person, a principal, manifests assent to another person, an agent, that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act. | Is an agency a fiduciary relationshiip? | Principal and Agent - Memo 404 - RK_63959.docx | ROSS-003309402-ROSS-003309403 |
| Meyers v. Matthews, 270 Wis. 453 | 308+1 | An agency is created by contract, express or implied, and the relation arises when one is authorized to represent another in bringing, or aiding in bringing, latter into contractual relation with a third party, however, such authority may be conferred. | Who is a soliciting agent? | 041858.docx | LEGALEASE-00158458-LEGALEASE-00158459 |
| Anita's New Mexico Style Mexican Food v. Anita's Mexican Foods Corp., 201 F.3d 314 | 308+1 | Under the law of agency in Virginia, the power of control is ordinarily a determinative factor in ascertaining the alleged agent's status. | Is power of control a determinative factor in ascertaining an alleged agent's status? | Principal and Agent - Memo 482 - RK_63967.docx | ROSS-003293742-ROSS-003293743 |
| Washington Mut. Bank v. Chiappetta, 584 F. Supp. 2d 961 | 308+1 | Under Ohio law, the relationship of principal and agent exists only when one party exercises the right of control over the actions of another, and those actions are directed toward an attainment of an objective which the principal seeks; the basic test is whether the principal has the right of control over the manner and means of the work being done. | When does the relationship of a principal and an agent exist? | Principal and Agent - Memo 522 - RK_63980.docx | ROSS-003281252-ROSS-003281253 |
| McAfee v. Agilysys, 316 S.W.3d 820 | 308+1 | The critical element of an agency relationship is the right to control, and the principal must have control of both the means and details of the process by which the agent is to accomplish his task in order for an agency relationship to exist. | What is the critical element of agency relationship? | 041985.docx | LEGALEASE-00159049-LEGALEASE-00159050 |
| Scott v. Ford Motor Credit Corp., 706 S.W.2d 453 | 308+1 | The critical element which establishes the existence of an agency relationship is the right to control the physical conduct of the agent in the performance of the service for the principal. | What critical element establishes the existence of an agency relationship? | Principal and Agent - Memo 536 - RK_63994.docx | ROSS-003321247-ROSS-003321248 |
| Am. Envtl. v. 3-J Co., 222 Ill. App. 3d 242 | 308+1 | Attorney, broker, auctioneer, and other persons similarly employed for single transaction or for series of transactions are agents, although as to their physical activities they are independent contractors. | Are persons employed for a single transaction agents? | Principal and Agent - Memo 539 - RK_63997.docx | ROSS-003320746-ROSS-003320747 |
| Am. Envtl. v. 3-J Co., 222 Ill. App. 3d 242 | 308+1 | Attorney, broker, auctioneer, and other persons similarly employed for single transaction or for series of transactions are agents, although as to their physical activities they are independent contractors. | Are persons employed for a series of transactions considered agents? | Principal and Agent - Memo 540 - RK_63998.docx | ROSS-003319339-ROSS-003319340 |
| Am. Envtl. v. 3-J Co., 222 Ill. App. 3d 242 | 308+1 | Attorney, broker, auctioneer, and other persons similarly employed for single transaction or for series of transactions are agents, although as to their physical activities they are independent contractors. | Is an attorney employed for a single transaction an agent? | Principal and Agent - Memo 541 - RK_63999.docx | ROSS-003294111-ROSS-003294112 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Illinois Publ'g& Printing Co. v. Indus. Comm'n, 299 Ill. 189 | 413+101 | Workmen's Compensation Act, S 3, S.H.A. ch. 48, S 139, providing that its terms shall apply to all employers and their employees engaged in any of the enterprises or businesses declared extrahazardous, is not separable, but general, and includes all the employees of an employer engaged in an extrahazardous business. | Do the provisions of the Compensation Act apply automatically and without election to all employers and their employees engaged in enterprises or businesses declared to be extrahazardous? | 048646.docx | LEGALEASE-00158220-LEGALEASE-00158221 |
| Bologna v. City & Cty. of San Francisco, 192 Cal. App. 4th 429 | 268+727 | An incident in which an illegal immigrant fatally shot three motorists who were stopped in traffic was not the particular kind of injury that Congress sought to prevent by enacting the statute invalidating all restrictions on the voluntary exchange of immigration information between government officials and immigration authorities, and thus no statutory cause of action was available to motorists' family members against city based on negligence per se or a public entity's violation of a mandatory duty, for city's "sanctuary" policy of shielding immigrants from deportation. Illegal Immigration Reform and Immigrant Responsibility Act of 1996, S 642(a), 8 U.S.C.A. S 1373(a); West's Ann.Cal.Evid.Code S 669; West's Ann.Cal.Gov.Code S 815.6. | Can the sending of information to a local governmental entity regarding the immigration status of an individual be prohibited by a state? | 006830.docx | LEGALEASE-00160382-LEGALEASE-00160383 |
| Fonseca v. Fong, 167 Cal. App. 4th 922 | 360+18.43 | State statute requiring an arresting agency to notify the appropriate federal agency having charge of deportation matters when there is reason to believe that any person arrested for a violation of a specified drug offense may not be a citizen of the United States did not stand as an obstacle to the accomplishment and execution of the Immigration and Nationality Act (INA), but rather furthered the purposes and objectives of the INA, which prohibited any state from restricting information to or from federal immigration authorities regarding citizenship or immigration status, and thus INA did not preempt the state statute. U.S.C.A. Const. Art. 6, cl. 2; 8 U.S.C.A. S 1373; West's Ann.Cal.Health & Safety Code S 11369. | Can a state or local governmental entity or official prohibit or restrict any governmental entity or official from sending federal immigration authorities information regarding the immigration status of any individual? | "Aliens, Immigration and Citizenship - Memo 140 - RK_64779.docx" | ROSS-003310535-ROSS-003310536 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Mario S., 38 Misc. 3d 444 | 24+179 | Juvenile court's function in deciding motion for special findings which would permit juvenile to file application for adjustment of status as a special immigrant juvenile (SIJ) is limited in scope: court must determine whether, under state law, juvenile is under age 21, unmarried, dependent upon court through order of placement or other court order, whether reunification with one or both parents is not possible due to abuse, neglect, or abandonment, and whether it would be contrary to juvenile's best interest to be returned to his or her previous country of nationality, and court need not determine any other issues, such as juvenile's motivation in moving for required findings, whether allowing particular child to remain in the country might pose threat to public safety, or whether United States Customs and Immigration Services (USCIS), the federal agency charged with enforcing immigration laws, may or may not grant juvenile's application for adjustment of status as a SIJ. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); 8 C.F.R. S 204.11(c). | "Did Congress require that a court must find that reunification is not possible because of abuse, neglect, or abandonment?" | "Aliens, Immigration and Citizenship - Memo 150 - RK_64788.docx" | ROSS-003307261-ROSS-003307262 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+330 | A deportation proceeding is a purely civil action to determine eligibility to remain in country, not to punish unlawful entry, though entering or remaining unlawfully in country is itself a crime. Immigration and Nationality Act, SS 262, 266, 275, 8 U.S.C.A. SS 1302, 1306, 1325. | Is entering or remaining unlawfully in the country a crime? | "Aliens, Immigration and Citizenship - Memo 62 - RK_64796.docx" | ROSS-003282678-ROSS-003282679 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+423 | Since person and identity of alien are not themselves suppressible as fruit of an illegal arrest, Immigration and Naturalization Service must prove only alienage in a deportation proceeding and that will sometimes be possible using evidence gathered independently of, or sufficiently attenuated from, original arrest. | Is the identity of a respondent suppressible in a civil proceeding? | "Aliens, Immigration and Citizenship - Memo 94 - RK_64827.docx" | ROSS-003281849-ROSS-003281850 |
| Arizona v. United States, 567 U.S. 387 | 360+18.43 | Even if State may make violation of federal law a crime in some instances, it cannot do so in field, like field of alien registration, that has been occupied by federal law. U.S.C.A. Const. Art. 6, cl. 2. | Can a State make a violation of alien registration a crime? | 006967.docx | LEGALEASE-00160260-LEGALEASE-00160261 |
| Barlow v. Cornwell, 125 A.2d 63 | 289+692 | Generally notice to, or knowledge of, an acting partner with respect to any matter relating to a transaction within the ordinary scope of firm's business is notice or knowledge as to all the partners, however where one member is acting beyond his power, or is conducting a fraud on his partners, or is the person whose duty it is to give his firm notice of what he himself has done, notice on his part is not equivalent to notice by all partners. | Is knowledge to one partner with respect to any matter relating to the partnership knowledge to all partner? | 022570.docx | LEGALEASE-00160180-LEGALEASE-00160181 |
| Venn-Severin Mach. Co. v. John Kiss Sons Textile Mills, 2 F.R.D. 4 | 170A+631 | The Federal Rules of Civil Procedure require simplicity, conciseness and directness in pleading, and technical forms are eschewed. Fed.Rules Civ.Proc., rules 8(e), (1)(2), 8(f), 28 U.S.C.A. | "Do the Federal Rules of Civil Procedure require simplicity, conciseness and directness in pleading?" | 023844.docx | LEGALEASE-00159356-LEGALEASE-00159357 |
| Cain v. Am. Nat. Bank & Tr. Co. of Chicago, 26 Ill. App. 3d 574 | 307A+561.1 | Defenses which are factual in their nature rather than legal are not available to defendants on a motion to dismiss but should be set forth in their answer. S.H.A. ch. 110, S 45. | Are defenses which are factual rather than legal available to defendants on a motion to dismiss? | Pretrial Procedure - Memo 11149 - C - KG_64211.docx | ROSS-003291898 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sierra Madre Dev. v. Via Entrada Townhouses Ass'n, 20 Ariz. App. 550 | 302+360 | Affirmative defenses, such as privilege, may be raised and determined on a motion to dismiss, where facts constituting the defense appear on face of complaint or counterclaim. | When are affirmative defenses raised and determined on a motion to dismiss? | Pretrial Procedure - Memo 11150 - C - KG_64212.docx | ROSS-003312542 |
| Sierra Madre Dev. v. Via Entrada Townhouses Ass'n, 20 Ariz. App. 550 | 302+360 | Affirmative defenses, such as privilege, may be raised and determined on a motion to dismiss, where facts constituting the defense appear on face of complaint or counterclaim. | When can an affirmative defense be raised and determined on a motion to dismiss? | Pretrial Procedure - Memo 11155 - C - KG_64368.docx | ROSS-003307662 |
| Dorin v. Occidental Life Ins. Co. of Cal., 132 Ill. App. 2d 387 | 302+354 | Defenses which are in their nature factual rather than legal do not constitute grounds for a motion to dismiss, but must be set forth in an answer to plaintiff's pleading. | What defenses do not constitute grounds for a motion to dismiss? | 039584.docx | LEGALEASE-00159489-LEGALEASE-00159490 |
| Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730 | 307A+699 | Application for reinstatement is addressed to trial court's discretion, and trial court's ruling will not be disturbed absent abuse of discretion. | "Is an application for reinstatement addressed to a trial court's discretion, and trial court's ruling will not be disturbed absent abuse of discretion?" | Pretrial Procedure - Memo 11196 - C - KS_64404.docx | ROSS-003280715 |
| Brazinsky v. Brazinsky, 610 N.W.2d 707 | 307A+693.1 | A dismissal with prejudice is a final judgment that ends the case and leaves nothing further to be resolved between the parties. | Is a dismissal with prejudice a final judgment that ends the case and leaves nothing further to be resolved between the parties? | 039856.docx | LEGALEASE-00159607-LEGALEASE-00159608 |
| Carinha v. Carinha, 178 Misc. 2d 635 | 307A+693.1 | Fact that main action has been dismissed, either on merits or voluntarily, does not prevent adjudication on counterclaim. McKinney's CPLR 3018(a). | "Does a fact that a main action has been dismissed, either on merits or voluntarily, not prevent adjudication on a counterclaim?" | Pretrial Procedure - Memo 11365 - C - SHB_64432.docx | ROSS-003295354-ROSS-003295355 |
| Young v. Jones, 140 Ga. App. 66 | 307A+693.1 | A counterclaim is not subject to dismissal simply because main action has been dismissed; where counterclaim can be adjudicated without regard to main claim, it should be judicially considered even though main claim has been dismissed. Code, S 81A-113(i). | Is a counterclaim not subject to dismissal simply because a main action has been dismissed? | Pretrial Procedure - Memo 11367 - C - UG_64434.docx | ROSS-003283790-ROSS-003283791 |
| Armstrong v. Armstrong, 117 R.I. 83 | 307A+693.1 | Judgment dismissing action because of lack of subject matter jurisdiction is not considered judgment upon the merits. | Is judgment dismissing an action because of lack of subject matter jurisdiction not considered judgment upon the merits? | 039875.docx | LEGALEASE-00159681-LEGALEASE-00159682 |
| Se. Integrated Med., P.L. v. N. Florida Women's Physicians, P.A., 50 So. 3d 21 | 307A+561.1 | An affirmative defense that appears on the face of the complaint may be considered by the trial court in a motion to dismiss. | Can an affirmative defense that appears on the face of the complaint be considered by court in a motion to dismiss? | 039889.docx | LEGALEASE-00159756-LEGALEASE-00159757 |
| Solak v. Sarowitz, 153 A.3d 729 | 307A+562 | Because the Court generally is limited to the facts appearing on the face of the pleadings in ruling on a motion to dismiss, affirmative defenses, such as laches, are not ordinarily well-suited for disposition on such a motion. | Why are affirmative defenses not well suited for treatment when deciding a motion to dismiss? | 039916.docx | LEGALEASE-00159559-LEGALEASE-00159560 |
| Vicencio v. Ramirez, 211 Mich. App. 501 | 307A+697 | Where party has not received adequate notice for dismissal of lawsuit, reinstatement of case is matter of right. | "Where a party has not received adequate notice for dismissal of the lawsuit, is the reinstatement of a case a matter of right?" | Pretrial Procedure - Memo 11496 - C - DA_64690.docx | ROSS-003291980-ROSS-003291981 |
| Anthony v. City of Omaha, 283 Neb. 868 | 238+1 | The "legal incidence test," as applied to distinguish between occupation taxes and sales taxes, requires a determination of who the law declares has the ultimate burden of the tax: the legal incidence of a sales tax falls upon the purchaser, because it is a tax upon the privilege of buying tangible personal property, while the legal incidence of an occupation tax falls upon the retailer, because it is a tax upon the act or privilege of engaging in business activities. | "Does the application of ""legal incidence test"" requires a determination of who the law declares has the ultimate burden of the tax?" | 046179.docx | LEGALEASE-00160134-LEGALEASE-00160135 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Am. Beverage Ass'n v. City of Chicago, 404 Ill. App. 3d 682 | 238+1 | A tax on tangible personal property is not considered an "occupation tax" when the ordinance enacting it declares its legal incidence falls on the purchaser, rather than the seller. S.H.A. Const. Art. 7, S 6(e)(2). | "Is a tax on tangible personal property an ""occupation tax""?" | 046200.docx | LEGALEASE-00159768-LEGALEASE-00159769 |
| Music City Ctr. Mgmt. v. Dir. of Revenue, 295 S.W.3d 465 | 371+3646 | The resale exemption from sales tax system complies with the purpose of Missouri's sales tax system, which is to tax property once and not at various stages in the stream of commerce, regardless of who is receiving the benefit of the property. V.A.M.S. SS 144.010(1)(10), 144.020(1)(2). | What is the purpose of state's sales tax system? | 046243.docx | LEGALEASE-00159860-LEGALEASE-00159861 |
| Globe Life & Acc. Ins. Co. v. Oklahoma Tax Comm'n, 913 P.2d 1322 | 371+3602 | Sales tax code provides for sales tax on tangible and intangible personal property and certain services identified in statute. 68 Okl.St.Ann. S 1350 et seq. | Does the sales tax code provide for sales tax on tangible and intangible personal property? | 046273.docx | LEGALEASE-00159911-LEGALEASE-00159912 |
| Walgreen Co. v. Charnes, 819 P.2d 1039 | 371+3602 | Use and sales taxes are part of a comprehensive legislative scheme to equally tax the purchase of goods. | Are use and sales taxes part of a comprehensive legislative scheme to equally tax the purchase of goods? | 046286.docx | LEGALEASE-00160152-LEGALEASE-00160153 |
| Holmes v. State, 291 Ga. App. 196 | 3.77E+35 | Overt threats of bodily harm are not required for a person to commit the offense of aggravated stalking. West's Ga.Code Ann. SS 16-5-90(a)(1), 16-5-91(a). | Are overt threats of bodily harm required for a person to commit the offense of aggravated stalking? | 046904.docx | LEGALEASE-00160286-LEGALEASE-00160287 |
| Stewart v. Citizens & S. Nat. Bank, 138 Ga. App. 209 | 8.30E+27 | Check is merely an order on bank to pay from drawer's account, and may be revoked at any time by the drawer before it has been certified, accepted, or paid by the bank, and may be revoked by operation of the law on the death of the drawer. Code, S 109A-4-405. | Can a check be revoked before it has been paid by the bank? | Bills and Notes -Memo 62-DB_65108.docx | ROSS-003293214-ROSS-003293215 |
| White v. Gen. Motors Corp., 908 F.2d 675 | 170A+2829 | Parties claiming inability to pay Rule 11 sanctions have burden to come forward with evidence of financial status. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A. | Is it the burden of the parties being sanctioned to come forward with evidence of their financial status in order to demonstrate an inability to pay? | 012549.docx | LEGALEASE-00161425-LEGALEASE-00161426 |
| Talley Indus. Inc. v. C.I.R., 116 F.3d 382 | 135H+25 | Under double jeopardy clause, civil penalties generally are considered to do no more than make government whole, and civil penalty may constitute "second punishment" if penalty bears no rational relation to goal of compensating the government for its loss. U.S.C.A. Const.Amend. 5. | "Under double jeopardy clause, are civil penalties generally considered to do no more than make government whole?" | 015215.docx | LEGALEASE-00160602-LEGALEASE-00160603 |
| People ex rel. Hoffmaster v. La Duc, 329 Mich. 716 | 200+167 | By the common law, fee in soil remains in original owner where public road is established over it, but the use of the road is in the public, and the owner parts with the use only. | Does the fee in the soil remain with the original owner when a public road is established over it? | 018819.docx | LEGALEASE-00161647-LEGALEASE-00161648 |
| McGrath v. Stevenson, 194 Wash. 160 | 200+77(2) | A man may have more than one place of "residence," within meaning of statute authorizing vacation of county road on petition of freeholders residing in the vicinity, though he can have only one place of residence for voting and other purposes. Rem.Rev.Stat. S 6503. | Can a person have more than one place of residence for the purpose of a signing a petition for a road vacation? | 018852.docx | LEGALEASE-00161747-LEGALEASE-00161748 |
| In re Pub. Roads in E. Fallowfield&NewlinTps., 183 Pa. Super. 426 | 200+77(2) | It is proper to join in one petition the request for vacation of a public road, and the request for its relocation over a more satisfactory route, to join in one petition, the request for vacation of two roads which are physically connected and in essence but one road, and to petition for the laying out of a road and the vacation of a road which will thereby be made useless. | Is it proper to join in one petition the request for vacation of a road and the request for its relocation over a more satisfactory route? | Highways - Memo 472 - RK_66372.docx | ROSS-003281639-ROSS-003281640 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wayne v. Staples, 135 Cal. App. 4th 466 | 217+1001 | Statute defining insurance requires two elements: shifting one party's risk of loss to another party and distributing that risk among similarly situated persons. West's Ann.Cal.Ins.Code S 22. | What are the two elements that are required by statute defining insurance? | Insurance - Memo 85 - SNJ_65575.docx | ROSS-003294094-ROSS-003294095 |
| Fellhauer v. Alhorn, 361 Ill. App. 3d 792 | 217+1001 | So-called "self-insurance" is not insurance at all, but rather is the antithesis of insurance; the essence of an insurance contract is the shifting of the risk of loss from the insured to the insurer, while the essence of self-insurance, a term of colloquial currency rather than of precise legal meaning, is the retention of the risk of loss by the one upon whom it is directly imposed by law or contract. | What is the essence of self-insurance? | 019632.docx | LEGALEASE-00161851-LEGALEASE-00161852 |
| Brown Leasing v. Stone, 284 Ill. App. 3d 1035 | 307A+690 | If plaintiff can state cause of action by amending its complaint, dismissal with prejudice on the pleadings should not be granted. | "Should dismissal with prejudice on the pleadings be granted, if a plaintiff can state a cause of action by amending its complaint?" | 023875.docx | LEGALEASE-00160761-LEGALEASE-00160762 |
| Phillips v. Bradshaw, 859 S.W.2d 232 | 30+193(9) | Failure to state cause of action is jurisdictional, and may be raised at any time during proceedings, even for first time on appeal from default judgment. | Can failure to state cause of action be raised at any time during the proceedings? | 023877.docx | LEGALEASE-00161154-LEGALEASE-00161155 |
| Boyles v. Sullivan, 230 Pa. Super. 453 | 307A+699 | Criteria for opening a judgment of non pros are: (1) the petition must be timely filed, (2) the reason for the default reasonably explained or excused and (3) the facts constituting grounds for the cause of action be alleged. | What are the criteria for opening a judgment of non-pros? | Pretrial Procedure - Memo 11213 - C - KG.docx | LEGALEASE-00050918-LEGALEASE-00050919 |
| Sturmthal v. All Transp., 22 A.D.2d 863 | 307A+699 | A proper affidavit of merits is an essential to open a default on a motion to dismiss for lack of prosecution. | Is a proper affidavit of merits an essential to open a default on a motion to dismiss for lack of prosecution? | Pretrial Procedure - Memo 11226 - C - PC_65258.docx | ROSS-003280766-ROSS-003280767 |
| Adams Eng'g Co. v. Constr. Prod. Corp., 156 So. 2d 497 | 307A+699 | Determination of whether good cause has been shown for reinstatement of a cause of action that has been dismissed for lack of prosecution requires the exercise of a judicial discretion based upon evidence and not judicial discretion of an arbitrary character. F.S.A. S 45.19. | Does the statutory standard of good cause for reinstatement require the exercise of a sound judicial discretion which is not arbitrary? | 039682.docx | LEGALEASE-00160622-LEGALEASE-00160623 |
| Maierhofer v. Gerhardt, 29 Ill. App. 2d 45 | 307A+699 | While petition to vacate order of dismissal must be filed in proceeding in which order was entered, it is not continuation of original suit, but is institution of new suit with petition standing in lieu of complaint. S.H.A. ch. 110, S 50(6). | "While a petition to vacate an order of dismissal must be filed in a proceeding in which an order was entered, is it not a continuation of an original suit?" | Pretrial Procedure - Memo 11245 - C - DA_65267.docx | ROSS-003293458-ROSS-003293459 |
| Jepson v. New, 164 Ariz. 265 | 307A+583 | In exercising its discretion to grant continuance of case on inactive calendar, trial court considers the same conditions that permit relief from judgment of dismissal, provided that good cause required by rule governing continuance on inactive calendar is shown; thus, litigant must first establish any bases under rule for relief and where basis is any other reason must show extraordinary circumstances of hardship or injustice justifying relief. 16 A.R.S. Rules Civ.Proc., Rule 60(c); 17B A.R.S. Super.Ct.Uniform Prac.Rules, Rule 5(e). | "To obtain relief from judgment for ""any other reason justifying relief from the operation of the judgment,"" should a plaintiff show extraordinary circumstances of hardship?" | Pretrial Procedure - Memo 11515 - C - NE_65331.docx | ROSS-003296502-ROSS-003296503 |
| Life Gen. Sec. Ins. Co. v. Horal, 667 So. 2d 967 | 302+233.1 | Leave to amend pleading should not be denied unless privilege has been abused, there is prejudice to opposing party, or amendment would be futile. West's F.S.A. RCP Rule 1.190(a). | "Can leave to amend be denied where there is prejudice to the opposing party, or an amendment would be futile?" | Pretrial Procedure - Memo 11612 - C - TJ_65349.docx | ROSS-003310218 |
| Kouba v. Febco, 543 N.W.2d 245 | 307A+695 | Dismissal for failure to state claim bars subsequent action and generally involves merits of action. Rules Civ.Proc., Rule 12(b)(5). | Does a dismissal for failure to state claim bar a subsequent action and generally involves merits of action? | 040297.docx | LEGALEASE-00160927-LEGALEASE-00160928 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mehlman v. Gold, 183 A.D.2d 634 | 307A+695 | Leave to replead should not be granted unless party has good grounds to support the cause of action. McKinney's CPLR 3211(e). | Should leave to replead not be granted unless a party has good grounds to support the cause of action? | 040328.docx | LEGALEASE-00161086-LEGALEASE-00161087 |
| Wheeler v. Eftink, 507 S.W.3d 598 | 307A+583 | While exercising sound judicial discretion, trial courts have an inherent power to dismiss a case for failure to prosecute with due diligence. | Is the ultimate determination regarding a motion to dismiss for lack of diligence within the sound discretion of the trial court? | 040380.docx | LEGALEASE-00160547-LEGALEASE-00160548 |
| Oversole v. Manci, 216 P.3d 621 | 307A+583 | The dismissal of an action for failure to prosecute lies within the sound discretion of the trial court. | Does the dismissal of an action for failure to prosecute lie within the sound discretion of the trial court? | Pretrial Procedure - Memo 11721 - C - NE_65438.docx | ROSS-003293793-ROSS-003293794 |
| Jimenez v. Walgreens Payless, 106 N.M. 256 | 307A+583 | Trial court does not possess inherent power to dismiss for failure to prosecute, independent of any statute or rule. SCRA 1986, Rule 1-041, subd. E. | "Does the court possess inherent power to dismiss for failure to prosecute, independent of any statute or rule?" | 040531.docx | LEGALEASE-00161567-LEGALEASE-00161568 |
| Stone v. Bd. of Review of Pike Cty., 354 Ill. 594 | 371+2003 | Citizen's obligation to pay taxes is clearly statutory creation, and taxes can be levied, assessed, and collected only in modes pointed out by express statutes. | Is the obligation of the citizen to pay taxes a statutory creation? | 046316.docx | LEGALEASE-00160789-LEGALEASE-00160790 |
| Anderson v. Dep't of Labor & Indus., 173 Wash. 483 | 413+105 | Whether occupation is extrahazardous, and so within compensation act, depends on whether act has so declared it, or it has been so found by Department of Labor and Industries. Rem.Rev.Stat. S 7674. | "Is whether an occupation is extrahazardous depends on whether the act has so declared it, or it has been so found by the Department of Labor and Industry?" | 048701.docx | LEGALEASE-00161289-LEGALEASE-00161290 |
| Handy v. Anchor Mortg. Corp., 464 F.3d 760 | 172H+1581 | Whether a particular disclosure is clear for purposes of TILA is a question of law that depends on the contents of the form, not on how it affects any particular reader. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Do the contents of the form determine whether a disclosure is clear for purposes of TILA? | 013831.docx | LEGALEASE-00162614-LEGALEASE-00162615 |
| United States v. Bergquam, 911 F. Supp. 453 | 135H+25 | Jeopardy does not attach where potential claimant fails to assert claim in administrative forfeiture proceedings. U.S.C.A. Const.Amend. 5. | Does jeopardy not attach where a potential claimant fails to assert a claim in administrative forfeiture proceedings? | Double Jeopardy - Memo 123 - C - BP_65902.docx | ROSS-003295057-ROSS-003295058 |
| Robinson v. State Farm Mut. Auto. Ins. Co., 52 So. 3d 416 | 135H+96 | Double jeopardy is generally no bar to reprosecution where mistrial is granted following defense motion. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | Is double jeopardy generally no bar to reprosecution where mistrial is granted following a defense motion? | 015356.docx | LEGALEASE-00162558-LEGALEASE-00162559 |
| W. Pac. Mut. Ins. Co. v. Davies, 267 Ga. App. 675 | 95+205.30 | A contract or warranty that is worded to exclude virtually all risk of loss or that fails to provide protection from loss ceases to be a contract of insurance or warranty. | Is a contract that excludes all risk of loss or that fails to provide protection from loss a contract of insurance? | 019640.docx | LEGALEASE-00161990-LEGALEASE-00161991 |
| Recreational Data Services v. Trimble Navigation Limited, 404 P.3d 120 | 289+502 | If there is no written partnership agreement, the existence of a partnership must be proven by credible evidence, which may include the transactions, conduct and declarations of the parties; co-ownership of a business is evidenced by shared management authority and profit-sharing. Alaska St. S 32.06.202(a). | "Can the existence of a partnership be proven by transactions, conduct and declarations?" | 022684.docx | LEGALEASE-00162196-LEGALEASE-00162197 |
| Estate of Dormaier ex rel. Dormaier v. Columbia Basin Anesthesia, P.L.L.C., 177 Wash. App. 828 | 302+48 | A complaint is insufficient if it does not give the defendant fair notice of what the claim is and the ground upon which it rests. CR 8. | "Is a complaint insufficient, if it does not give the defendant a fair notice of what the claim is and the ground upon which it rests?" | Pleading - Memo 623-RMM_66423.docx | ROSS-003278315-ROSS-003278316 |
| Smalls v. Wells Fargo Bank, N.A., 180 So. 3d 910 | 13+13 | When standing is at issue, the court asks whether the plaintiffs are the proper parties to bring the action. | "When standing is at issue, does the court ask whether the plaintiffs are the proper parties to bring the action?" | 023913.docx | LEGALEASE-00162332-LEGALEASE-00162333 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Waters v. Smith, 586 So. 2d 22 | 307A+583 | Dismissal of case for lack of prosecution and subsequent refusal to reinstate it are discretionary with the trial court. | Are dismissal of case for lack of prosecution and subsequent refusal to reinstate it discretionary with the trial court? | 040569.docx | LEGALEASE-00162488-LEGALEASE-00162489 |
| McPherson v. Scher Rental & Leasing Enterprises, 541 So. 2d 1356 | 307A+697 | Nonrecord activity consisting of efforts to serve one defendant was not sufficient to require trial court to reinstate action after dismissal for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Is non-record activity consisting of efforts to serve one defendant not sufficient to require a trial court to reinstate action after dismissal for failure to prosecute? | 040589.docx | LEGALEASE-00162328-LEGALEASE-00162329 |
| Pheasant Lane Realty Tr. v. City of Nashua, 143 N.H. 140 | 371+2003 | Because the power to tax arises solely by statute, the right to tax must be found within the letter of the law and is not to be extended by implication. | Must the right to tax be found within the letter of the law? | 046348.docx | LEGALEASE-00161978-LEGALEASE-00161979 |
| Haavik v. Alaska Packers' Ass'n, 263 U.S. 510 | 371+2003 | Unless restrained by constitutional provision, the sovereign has power to tax all persons and property actually within its jurisdiction and enjoying the benefit and the protection of its laws. | What can restrain a sovereigns power to tax? | Taxation - Memo 1177 - C -JL_65994.docx | ROSS-003296331-ROSS-003296332 |
| Excel v. Clayton, 269 N.C. 127 | 371+3602 | A sales tax is a tax on the freedom of purchase, and, when applied to interstate transactions, is a tax on the privilege of doing interstate commerce, and creates a burden on interstate commerce, and runs counter to the commerce clause of the Federal Constitution. U.S.C.A. Const. Art. 1, S 8, cl. 3. | "Is ""sales tax"" a tax on the freedom of purchase?" | 046411.docx | LEGALEASE-00162520-LEGALEASE-00162521 |
| Arlan's Dep't Store of Huntington v. Conaty, 162 W. Va. 893 | 307A+699 | Court is without jurisdiction to reinstate case where all parties to action are not given notice of reinstatement motion. R.C.P. rule 41(b). | Is a court without jurisdiction to reinstate a case where all parties to action are not given notice of a reinstatement motion? | 040989.docx | LEGALEASE-00162729-LEGALEASE-00162730 |
| Dewey v. Merrill, 124 Idaho 201 | 413+186 | Whether employer was acting for sake of pecuniary gain, and thus is not within exemption to worker's compensation law, is not determined by whether party makes profit or loses money on certain transactions; in addressing issue of pecuniary gain, what is considered is whether party is supplying service and receiving remuneration for it. | "In addressing pecuniary gain, do courts consider whether one is supplying a service and receiving remuneration for it?" | 048736.docx | LEGALEASE-00162693-LEGALEASE-00162694 |
| United States v. Goland, 897 F.2d 405 | 135H+96 | In certain circumstances, defendant goes free when mistrial occurs, provided defendant neither requested nor consented to mistrial; however, if manifest necessity justifies mistrial, even though neither requested nor consented to by defendant, defendant can be retried. U.S.C.A. Const.Amend. 5. | "In certain circumstances, does a defendant go free when a mistrial occurs, provided a defendant neither requested nor consented to the mistrial?" | Double Jeopardy - Memo 343 - C - NE_66533.docx | ROSS-003294577-ROSS-003294578 |
| People v. Hohensee, 251 Cal. App. 2d 193 | 135H+95.1 | Dismissal of juror and replacement by alternate did not constitute discharge of jury for double jeopardy purposes. West's Ann.Pen.Code, S 1089. | Does dismissal of a juror and replacement by an alternate constitute discharge of jury for double jeopardy purposes? | 015566.docx | LEGALEASE-00162861-LEGALEASE-00162862 |
| Dellaporta v. United States, 27 F. Supp. 839 | 34+79(3.1) | A disagreement between the Veterans' Bureau and the claimant having an interest in the policy are indispensable prerequisites to jurisdiction of the District Court over controversies arising from contracts of was risk insurance. | Is disagreement an indispensable prerequisite to commencement of an action for benefits under a war risk policy? | 008828.docx | LEGALEASE-00163889-LEGALEASE-00163890 |
| United States v. Wilfore, 66 F.2d 255 | 34+79(28) | Fact that disability arising during military service is found to be incurable long after war risk policy has lapsed, while some evidence of conditions existing at date of lapse, would not of itself warrant finding that ailment was incurable at earlier date. | Is the government liable for a total disability occurring subsequent to the lapse of an insurance policy? | Armed Services - Memo 357 - RK_66877.docx | ROSS-003294209-ROSS-003294210 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jarrell v. Nicholson, 20 Vet. App. 326 | 34+136 | Once the Board of Veterans Appeals (BVA) has jurisdiction over a claim, it has the authority to address all issues related to that claim, even those not previously decided by the regional officer (RO). 38 U.S.C.A. SS 7104(a), 7105(a). | Does the Board of Veterans Appeals (BVA) have authority to address all issues related to a claim once it has jurisdiction? | Armed Services - Memo 366 - RK_66886.docx | ROSS-003279318-ROSS-003279319 |
| Friedman v. Schneider, 238 Mo. App. 778 | 38+97 | In absence of express warranty, the assignor of a chose in action for valuable consideration impliedly warrants that the chose is a valid subsisting obligation in his favor against debtor to extent to which it purports to be such. | Does an assignor warrant that the assignment of a written instrument is valid? | 009314.docx | LEGALEASE-00162967-LEGALEASE-00162968 |
| U.S. v. Jackson, 904 F. Supp. 118 | 92+1170 | First Amendment does not imply explicit quid pro quo element into every state bribery offense. U.S.C.A. Const.Amend. 1. | Does the First Amendment imply an explicit quid pro quo elementstate law bribery statute? | 012574.docx | LEGALEASE-00162903-LEGALEASE-00162904 |
| Certification from the United States Dist. Court for the E. Dist. of Washington in Crossler v. Hille, 136 Wash. 2d 287 | 104+48 | Absent specific authority to the contrary, a board of county commissioners has no authority to interfere with an elected official's hiring decision. | Do county commissioners have the authority to interfere with the hiring decisions of an elected official? | 013583.docx | LEGALEASE-00164088-LEGALEASE-00164089 |
| Crabtree Investments v. Merrill Lynch, Pierce, Fenner & Smith, 577 F. Supp. 1466 | 83H+1 | Provision of Commodity Exchange Act which requires futures commission merchant to separately account for its customers' funds which must be treated as belonging to the customers allows investment of customer funds in government and government-guaranteed instruments and also permits the Commission to regulate use of these segregated accounts, and permits futures commission merchant to retain interest from authorized investment of customer funds. Commodity Exchange Act, S 4d, 7 U.S.C.A. S 6d. | Is a Futures Commission Merchant (FCM) permitted to retain interest from the authorized investment of customer funds? | 013640.docx | LEGALEASE-00164162-LEGALEASE-00164163 |
| State v. Leroy, 604 N.W.2d 75 | 135H+59 | Jeopardy attaches in a jury trial when the jury is empaneled and sworn and continues, absent an interim order terminating the trial, until there is a verdict. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | Will jeopardy attach when there is a verdict even though an interim order terminating the trial is absent? | 014792.docx | LEGALEASE-00163946-LEGALEASE-00163947 |
| United States v. Ursery, 518 U.S. 267 | 135H+25 | Civil forfeitures do not impose "punishment" for double jeopardy purposes; in rem civil forfeiture is not additional penalty for commission of criminal act, but rather is separate civil sanction, remedial in nature. U.S.C.A. Const.Amend. 5. | Is in rem civil forfeiture an additional penalty for commission of a criminal act? | 015145.docx | LEGALEASE-00163465-LEGALEASE-00163466 |
| United States v. Levine, 905 F. Supp. 1025 | 135H+25 | Jeopardy attaches in civil forfeiture proceeding at beginning of hearing, when evidence is first presented to trier of fact; jeopardy does not attach when defendant does not make claim and thus does not become party to forfeiture, nor does it attach when there is no trial and property sought to be forfeited is forfeited without opposition. U.S.C.A. Const.Amend. 5. | "For double jeopardy purposes, does jeopardy not attach when a defendant does not make a claim?" | 015177.docx | LEGALEASE-00163533-LEGALEASE-00163534 |
| United States v. Barber, 906 F. Supp. 424 | 135H+25 | In order for previous civil forfeiture proceeding to constitute "punishment" for purposes of double jeopardy, defendant must have been party to forfeiture proceeding, jeopardy must have attached to proceeding, and forfeiture must not have been solely remedial in nature. U.S.C.A. Const.Amend. 5. | "Can civil forfeiture sometimes constitute ""punishment"" for purposes of double jeopardy?" | 015179.docx | LEGALEASE-00163537-LEGALEASE-00163538 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Espinoza, 233 Ariz. 176 | 135H+59 | Defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again. U.S.C.A. Const.Amend. 5. | Is a defendant placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again? | 015203.docx | LEGALEASE-00163641-LEGALEASE-00163642 |
| People v. Hicks, 447 Mich. 819 | 135H+95.1 | Retrial is not automatically barred by prohibition against double jeopardy whenever circumstances compel discharge of fact finder before verdict has been rendered. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 1, S 15. | Does double jeopardy automatically bar retrial whenever circumstances compel the discharge of a factfinder before a verdict has been rendered? | 015253.docx | LEGALEASE-00163129-LEGALEASE-00163130 |
| United States v. Allen, 984 F.2d 940 | 135H+96 | Double jeopardy clause does not generally preclude reprosecution if defendant requests or consents to mistrial. U.S.C.A. Const.Amend. 5. | Does a double jeopardy clause not generally preclude reprosecution if a defendant requests or consents to mistrial? | Double Jeopardy - Memo 316 - C - TJ_66610.docx | ROSS-003292674-ROSS-003292675 |
| United States v. Nichols, 977 F.2d 972 | 135H+96 | Motion by defendant for mistrial is ordinarily assumed to remove any double jeopardy barrier to reprosecution. U.S.C.A. Const.Amend. 5. | Is a motion by a defendant for mistrial ordinarily assumed to remove any double jeopardy barrier to reprosecution? | Double Jeopardy - Memo 318 - C - TJ_66612.docx | ROSS-003296465-ROSS-003296466 |
| State v. Reid, 166 Wis. 2d 139 | 135H+96 | Public's interest in fair trials and just judgment will not tolerate defendant benefiting from defrauding court and, therefore, common-law establishes that fraud does not bar second trial. | Will the public interest in fair trials and just judgment not tolerate a defendant benefiting from defrauding a court? | 015346.docx | LEGALEASE-00163336-LEGALEASE-00163337 |
| Harrison v. State, 772 S.W.2d 556 | 135H+96 | Defendant's consent to mistrial need not be expressed, but may be implied from totality of circumstances attendant to declaration of mistrial. U.S.C.A. Const.Amend. 5. | "Should a defendant's consent to mistrial not be expressed, but may be implied from the totality of circumstances attendant to the declaration of a mistrial?" | Double Jeopardy - Memo 350 - C - MS_66628.docx | ROSS-003295131-ROSS-003295132 |
| Pohle v. Cheatham, 724 N.E.2d 655 | 156+52.10(3) | "Waiver" is affirmative act and mere silence, acquiescence or inactivity does not constitute waiver unless there was duty to speak or act. | "Does mere silence, acquiescence, or inactivity constitute waiver if there was no duty to speak or act?" | 018208.docx | LEGALEASE-00162963-LEGALEASE-00162964 |
| State v. Andrews, 665 So. 2d 454 | 203+558 | Though specific intent to inflict great bodily harm may support conviction for murder, specific intent to inflict great bodily harm will not support conviction for attempted murder. LSA-R.S. 14:27, 14:30.1. | Is specific intent to inflict great bodily harm considered sufficient to support a murder conviction? | 019387.docx | LEGALEASE-00164048-LEGALEASE-00164049 |
| Com. v. Cargill, 357 Pa. 510 | 203+1380 | Where jury in murder prosecution must have understood from charge on voluntary manslaughter the vital difference between that degree of homicide and first-degree murder and that in former there must be heat of passion and in latter the cool depravity and hardness of heart constituting legal "malice", instruction was adequate. | Does malice include hardness of heart? | Homicide - Memo 181 - RK.docx | LEGALEASE-00053483-LEGALEASE-00053484 |
| Wright v. Brush, 115 F.2d 265 | 260+79.1(2) | An "overriding royalty", as applied to an existing oil and gas lease, means an interest carved out of the lessee's share of the oil, also called the "working interest," as distinguished from the "owner's interest," or "royalty interest". | Can an overriding royalty be carved out of a working interest in an oil and gas lease? | 021681.docx | LEGALEASE-00163282-LEGALEASE-00163283 |
| Wright v. Brush, 115 F.2d 265 | 260+79.1(2) | An "overriding royalty", as applied to an existing oil and gas lease, means an interest carved out of the lessee's share of the oil, also called the "working interest," as distinguished from the "owner's interest," or "royalty interest". | "Is an overriding interest an interest carved out of the lessees share of the oil, as distinguished from the owners share?" | 021696.docx | LEGALEASE-00163331-LEGALEASE-00163332 |
| People v. Burnham, 176 Cal. App. 3d 1134 | 352H+191 | For affirmative defense of consent to prevail, defendant accused of rape has burden of proving that he had bona fide and reasonable belief that victim consented. | Does the defendant have the burden of proving the victims consent in order to prevail on the affirmative defense of consent? | Sex Offenses - Memo 139 - RK.docx | LEGALEASE-00053852-LEGALEASE-00053853 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. Otis Eng'g Corp., 670 S.W.2d 750 | 413+208 | "Employer" for purposes of workers' compensation, is the entity with the right to control the employee at the time of the accident. Vernon's Ann.Texas Civ.St. art. 8306 et seq. | Is the entity with the right to control the employee at the time of the accident the employer for workers compensation purposes? | 048759.docx | LEGALEASE-00164142-LEGALEASE-00164143 |
| CD Partners v. Grizzle, 424 F.3d 795 | 25T+179 | A nonsignatory can enforce an arbitration clause against a signatory to the agreement when the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided. | When can a non-signatory enforce an arbitration clause against a signatory? | 008055.docx | LEGALEASE-00164991-LEGALEASE-00164992 |
| Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411 | 25T+141 | In an appropriate case, a nonsignatory can enforce, or be bound by, an arbitration provision within a contract executed by other parties. | "Can a nonsignatory enforce, or be bound by, an arbitration provision within a contract executed by other parties?" | 008072.docx | LEGALEASE-00165028-LEGALEASE-00165030 |
| Rush v. Oppenheimer & Co., 779 F.2d 885 | 25T+182(2) | Waiver of right to compel arbitration due to participation in litigation may be found only when prejudice to other party is demonstrated. | Under what circumstances is the waiver of the right to compel arbitration due to participation in litigation found? | 008083.docx | LEGALEASE-00165021-LEGALEASE-00165022 |
| PPG Indus. v. Webster Auto Parts, 128 F.3d 103 | 25T+182(2) | Prejudice, in context of waiver of right to arbitration, refers to inherent unfairness, in terms of delay, expense, or damage to party's legal position, that occurs when party's opponent forces it to litigate issue and later seeks to arbitrate that same issue. | What does the term prejudice mean when used in the context of arbitration? | 008085.docx | LEGALEASE-00165023-LEGALEASE-00165025 |
| Cotton v. Slone, 4 F.3d 176 | 25T+182(2) | Waiver of right to arbitration will be inferred when party engages in protracted litigation that results in prejudice to opposing party. | Can waiver of the right to arbitration be inferred when a party engages in protracted litigation that results in prejudice to opposing party? | 008088.docx | LEGALEASE-00165079-LEGALEASE-00165080 |
| Cornell & Co. v. Barber & Ross Co., 360 F.2d 512 | 25T+182(2) | A party waives right to arbitrate when he actively participates in lawsuit or takes other action inconsistent with that right. 9 U.S.C.A. S 3. | Has a party waived its right to arbitrate when it actively participates in a lawsuit or takes other action inconsistent with that right? | Alternative Dispute Resolution - Memo 874 - RK_67479.docx | ROSS-003281789-ROSS-003281790 |
| Bhatia v. Johnston, 818 F.2d 418 | 25T+184 | Federal district courts do not have discretion to order arbitration under Arbitration Act, as Act mandates that district courts "shall" direct parties to proceed to arbitration on issues as to which arbitration agreement has been signed. 9 U.S.C.A. SS 1-14. | Do courts have the discretion to order arbitration under the Federal Arbitration Act (FAA)? | 008127.docx | LEGALEASE-00165038-LEGALEASE-00165039 |
| Dreyling v. Comm'r of Revenue, 711 N.W.2d 491 | 135+2 | One may live in another state for a period of time without affecting one's Minnesota domicile. Minnesota Rules, part 8001.0300, subp. 2. | Can one live in another state for a period of time without affecting one's domicile? | Domicile - Memo 57 - C - MV_67136.docx | ROSS-003278816-ROSS-003278817 |
| Brogan v. Brogan, 59 Mass. App. Ct. 398 | 135+2 | "Inhabitant" imports domicile; "resident" imports making a home in a place for purposes of employment or to live with a child, without necessarily giving up another more permanent abode. | "Does ""inhabitant"" import domicile?" | Domicile - Memo 65 - C - NK_67144.docx | ROSS-003283101-ROSS-003283102 |
| People v. White Eagle, 48 Cal. App. 4th 1511 | 135H+30 | Recidivist statutes do not impose second punishment for first offense in violation of double jeopardy. U.S.C.A. Const.Amend. 5. | Do recidivist statutes impose second punishment for first offense in violation of double jeopardy? | Double Jeopardy - Memo 1245 - C - NE_67382.docx | ROSS-003281224 |
| Raulerson v. State, 609 So. 2d 1301 | 350H+1216 | Habitual violent felony offender statute did not violate constitutional prohibition against ex post facto laws. West's F.S.A. S 775.084; U.S.C.A. Const. Art. 1, SS 9, cl. 3, 10, cl. 1. | Does the habitual violent felony offender statute violate the constitutional prohibitions against double jeopardy? | Double Jeopardy - Memo 1256 - C - CK_67558.docx | ROSS-003291992 |
| State v. Thomas, 124 So. 3d 1049 | 135H+1 | Double jeopardy stands for the proposition that no person shall twice be put in jeopardy of punishment for the same offense. U.S.C.A. Const.Amend 5. | Does double jeopardy stand for the proposition that no person shall twice be put in jeopardy of punishment for the same offense? | 016392.docx | LEGALEASE-00165189-LEGALEASE-00165190 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S.K. v. Anoka-Hennepin Indep. Sch. Dist. No. 11, 399 F. Supp. 2d 963 | 141E+741 | School board's weapons policies, as enacted under Minnesota law, were not impermissibly vague as applied to middle school students expelled due to BB gun shooting incident; students' conduct in calling victim away from bus stop and over to their house, where they shot him in back with BB gun, was clearly proscribed by policies at issue, which provided that school board would not tolerate weapons on school property or in school zone. M.S.A. S 121A.45. | What constitutes a weapon under school districts' rule prohibiting the possession of weapons on school property? | 017303.docx | LEGALEASE-00164339-LEGALEASE-00164340 |
| Mattingly's Ex'r v. Brents, 155 Ky. 570 | 233+531 | A "lease" is a conveyance of an estate in realty and divests the owner for a given time of a certain estate therein leaving in him the reversion. | Does a lease divest the owner of a certain estate for a given time leaving him in the reversion? | 021030.docx | LEGALEASE-00164969-LEGALEASE-00164970 |
| People v. Mata, 217 Ill. 2d 535 | 284+21 | The clemency power granted by the Illinois Constitution to the Governor is not subject to control by the courts or the legislature, but can be controlled only by the Governor's conscience and sense of public duty. S.H.A. Const. Art. 5, S 12. | Can the Governors clemency power be controlled by the legislature or the courts? | 021774.docx | LEGALEASE-00164923-LEGALEASE-00164924 |
| Gen. Elec. Co. v. Bucyrus-Erie Co., 563 F. Supp. 970 | 101+2052 | Where corporate shareholder in its complaint prays for money damages for itself and not for corporation in which it holds shares, any failure to pray for proper relief is not fatal to validity of complaint since court, if judgment is entered, is capable of fashioning correct relief. Fed.Rules Civ.Proc.Rule 23.1, 28 U.S.C.A. | Is the failure to pray for the proper relief fatal to a complaint? | Pleading - Memo 659 - RMM_68614.docx | ROSS-003280597-ROSS-003280598 |
| Ex parte Arenivas, 6 S.W.3d 631 | 135H+1 | Double jeopardy clause protects against more than the actual imposition of two punishments for the same offense; by its terms, it protects a criminal defendant from being twice put in jeopardy for such punishment. | Can a criminal defendant be put in jeopardy twice for the same offense? | 041028.docx | LEGALEASE-00164395-LEGALEASE-00164396 |
| Mississippi Dept. of Human Services v. Guidry, 830 So. 2d 628 | 307A+583 | Power to dismiss action for want of prosecution is part of trial court's inherent authority. | Is the power to dismiss action for want of prosecution a part of trial court's inherent authority? | 041080.docx | LEGALEASE-00164595-LEGALEASE-00164596 |
| Veteto v. Swanson Servs. Corp., 886 So. 2d 756 | 307A+583 | A dismissal for want of prosecution is a matter within the discretion of the trial court, and its judgment will be reversed on appeal only if there is an abuse of that discretion. | Does a dismissal for want of prosecution a matter within the discretion of the trial court? | 041108.docx | LEGALEASE-00164941-LEGALEASE-00164942 |
| Hillsborough Cty. v. Kortum, 585 So. 2d 1029 | 371+2311 | When road right-of-way easement encumbers property, owners of realty still are responsible for property taxes. | "When a road right-of-way easement encumbers property, are owners of realty still responsible for property taxes?" | 046466.docx | LEGALEASE-00164651-LEGALEASE-00164652 |
| Utah State Ret. Office v. Salt Lake Cty., 780 P.2d 813 | 371+2315 | Real estate owned by state or any of its political subdivisions is exempt from ad valorem property taxes. Const. Art. 13, S 2. | Is a real estate owned by state or any of its political subdivisions exempt from ad valorem property taxes? | 046468.docx | LEGALEASE-00164671-LEGALEASE-00164672 |
| Abbott v. State, 190 Md. App. 595 | 3.77E+18 | A threat may be considered a true threat, for purposes of threatening to injure a State official, even if it is premised on a contingency. West's Ann.Md.Code, Criminal Law, S 3-708. | Can a threat be considered a true threat for purposes of threatening to injure a state official even if it is premised on a contingency? | 047049.docx | LEGALEASE-00164583-LEGALEASE-00164584 |
| Allen v. Phinney Oil Co., 241 S.C. 173 | 92+2528 | Courts may not enlarge meaning of terms of Workmen's Compensation Act or extend by construction its scope so as to include persons not embraced by its terms. | "In workmens compensation, may the courts enlarge the meaning of the terms in the law?" | Workers Compensation - Memo 765 - C - ANC.docx | LEGALEASE-00054837-LEGALEASE-00054838 |
| Baldwin v. Wrecking Corp. of Am., 464 F. Supp. 185 | 413+203 | Under Virginia law, mere fact that employee had statutory employer, a general contractor, who complied with Workmen's Compensation Act did not excuse subcontractor employer from its duty to secure insurance. Code Va.1950, SS 65.1-103 to 65.1-106. | Does the Act demand that every employer insure the compensation of its employees? | 048789.docx | LEGALEASE-00164341-LEGALEASE-00164342 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Feldman, 879 F. Supp. 2d 231 | 135H+59 | As jeopardy does not attach until a defendant is put before the trier of fact, the constitutional prohibitions against double jeopardy cannot be applied to judicial proceedings where no prosecution occurs. U.S.C.A. Const.Amend. 5. | When will the constitutional prohibitions against double jeopardy not be applied to judicial proceedings? | Double Jeopardy - Memo 1018 - C - KG_67634.docx | ROSS-003283398-ROSS-003283399 |
| St. John v. State, 529 N.E.2d 371 | 135H+30 | Sentence enhancements based on prior criminal convictions do not invoke principles of double jeopardy and do not constitute multiple punishment in violation of double jeopardy clause. U.S.C.A. Const.Amend. 5. | Do enhancement allegations based on defendant prior convictions constitute double jeopardy? | 014948.docx | LEGALEASE-00165481-LEGALEASE-00165482 |
| Harrison v. Gillespie, 640 F.3d 888 | 135H+100.1 | Since acquittals are the touchstone for double-jeopardy protection in capital-sentencing proceedings, jury verdicts are an essential element in finding double jeopardy. U.S.C.A. Const.Amend. 5. | Are acquittals the touchstone for double-jeopardy protection in capital-sentencing proceedings? | 015626.docx | LEGALEASE-00166110-LEGALEASE-00166111 |
| State v. Tabone, 292 Conn. 417 | 135H+1 | An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. U.S.C.A. Const.Amend. 5; C.G.S.A. Const. Art. 1, S 8; Practice Book 1998, S 43-22. | What is an illegal sentence? | 016013.docx | LEGALEASE-00165732-LEGALEASE-00165733 |
| People v. Sienkiewicz, 208 Ill. 2d 1 | 135H+1 | The prohibition against double jeopardy protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | Does the double jeopardy clause protect the defendant from a second prosecution after a conviction? | 016066.docx | LEGALEASE-00165813-LEGALEASE-00165814 |
| Llorens v. State, 520 S.W.3d 129 | 135H+1 | The Double Jeopardy Clause protects criminal defendants from three things: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense; and when a defendant is convicted of two or more crimes in a single trial, only the third of these protections is implicated. U.S. Const. Amend. 5. | Does double jeopardy protect criminal defendants? | Double Jeopardy - Memo 702 - C - VA_67915.docx | ROSS-003295002-ROSS-003295003 |
| Ex Parte Milner, 394 S.W.3d 502 | 135H+5.1 | The Double Jeopardy Clause protects criminal defendants from three things: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy protect criminal defendants? | 016084.docx | LEGALEASE-00165831-LEGALEASE-00165832 |
| Garfias v. State, 424 S.W.3d 54 | 135H+134 | A multiple-punishments double jeopardy violation can arise either in the context of lesser-included offenses, where the same conduct is punished under a greater and a lesser-included offense, and when the same conduct is punished under two distinct statutes where the Legislature only intended for the conduct to be punished once. U.S.C.A. Const.Amend. 5. | What are the distinct types of double jeopardy claims? | 016092.docx | LEGALEASE-00165841-LEGALEASE-00165842 |
| Patton v. State of N.C., 381 F.2d 636 | 135H+5.1 | "Double jeopardy", rather than being a single doctrine, is comprised of three separate though related rules prohibiting (1) reprosecution for same offense following acquittal, (2) reprosecution for same offense following conviction, and (3) multiple punishment for same offense. U.S.C.A.Const. Amend. 5. | "Rather than being a single doctrine, is double jeopardy comprised of three separate though related rules prohibiting reprosecution for a same offense following acquittal?" | Double Jeopardy - Memo 728 - C - BP.docx | LEGALEASE-00055259-LEGALEASE-00055261 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Deninno, 103 F.3d 82 | 135H+25 | Civil forfeiture does not constitute punishment for purposes of Fifth Amendment's prohibition on double jeopardy. U.S.C.A. Const.Amend. 5. | Does civil forfeiture not constitute punishment for purposes of a Fifth Amendment's prohibition on double jeopardy? | Double Jeopardy - Memo 747 - C - VP.docx | LEGALEASE-00055297-LEGALEASE-00055298 |
| Phillippe v. State, 458 N.E.2d 1159 | 135H+100.1 | Acquittal is absolute shield protecting defendant from retrial even if acquittal is on defective charging instrument. IC 35-41-4-3 (1982 Ed.); Const. Art. 1, S 14; U.S.C.A. Const.Amend. 14. | Is an acquittal an absolute shield protecting a defendant from retrial even if an acquittal is on a defective charging instrument? | 016296.docx | LEGALEASE-00165621-LEGALEASE-00165622 |
| State v. Thomas, 124 So. 3d 1049 | 135H+1 | Double jeopardy exists in a second trial when the charge in that trial is for the same offense for which defendant was in jeopardy in the first trial and acquitted. U.S.C.A. Const.Amend. 5. | Does double jeopardy exist in the second trial when the charge in that trial is for the same offense for which defendant was in jeopardy in the first trial and acquitted? | 016444.docx | LEGALEASE-00165239-LEGALEASE-00165240 |
| State v. Schubert, 212 N.J. 295 | 135H+1 | A core principal of the jurisprudence of England and America is that no man can be twice lawfully punished for the same offense. | Is the core principal of the jurisprudence of England and America that no man can be twice lawfully punished for the same offense? | 016467.docx | LEGALEASE-00165267-LEGALEASE-00165268 |
| Craig v. State, 244 So. 2d 151 | 135H+1 | The constitutional guarantee against double jeopardy protects a defendant from being subjected to multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does the constitutional guarantee against double jeopardy protect a defendant from being subjected to multiple punishments for the same offense? | 016605.docx | LEGALEASE-00165421-LEGALEASE-00165422 |
| People v. Cross, 114 P.3d 1 | 135H+1 | State and federal Double Jeopardy Clauses protect individuals against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's C.R.S.A. Const. Art. 2, S 18. | Does State and federal Double Jeopardy Clauses protect individuals against multiple punishments for the same offense? | Double Jeopardy - Memo 960 - C - SKG_67834.docx | ROSS-003305850-ROSS-003305851 |
| Thomas v. State, 105 Fla. 332 | 135H+1 | The Fifth Amendment does not allow an individual to be twice put in jeopardy of life or limb for the same offense. U.S.C.A. Const.Amend. 5. | Does the Fifth Amendment allow an individual to be twice put in jeopardy of life or limb for the same offense? | Double Jeopardy - Memo 962 - C - SKG_67836.docx | ROSS-003280648-ROSS-003280649 |
| In re Gateway Ethanol, 415 B.R. 486 | 349A+10 | Under Illinois law, when the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, the court must consider "the facts of each case." S.H.A. 810 ILCS 5/1-201(37) (2005). | "When the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, should the court consider ""the facts of each case""?" | 042766.docx | LEGALEASE-00165936-LEGALEASE-00165937 |
| State v. Kelley, 168 Wash. 2d 72 | 135H+30 | The decisions in Apprendi, Blakely, Ring, and Sattazahn, allegedly requiring sentencing factors to be treated as elements under the Blockburger test for determining whether multiple punishments are for the same offense, did not alter the double jeopardy analysis that imposition of a firearm enhancement does not violate double jeopardy when an element of the underlying offense is use of a firearm. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Does imposition of a firearm enhancement violate double jeopardy when an element of the underlying offense is use of a firearm? | 014881.docx | LEGALEASE-00166236-LEGALEASE-00166237 |
| People v. Barnum, 217 P.3d 908 | 135H+30 | Although the Federal Constitution's prohibition on double jeopardy does not apply to habitual criminal proceedings, the Colorado Constitution provides double jeopardy protection in such proceedings. U.S.C.A. Const.Amend. 5; West's C.R.S.A. Const. Art. 2, S 18. | Does federal constitutional double jeopardy protections apply to habitual-criminal proceedings? | 014915.docx | LEGALEASE-00166210-LEGALEASE-00166211 |
| St. John v. State, 529 N.E.2d 371 | 135H+30 | Sentence enhancements based on prior criminal convictions do not invoke principles of double jeopardy and do not constitute multiple punishment in violation of double jeopardy clause. U.S.C.A. Const.Amend. 5. | Do sentencing enhancements for prior criminal conduct constitute multiple punishments for the prior offenses? | 014919.docx | LEGALEASE-00166206-LEGALEASE-00166207 |
| State v. Mazique, 951 So. 2d 1182 | 135H+30 | A defendant can be retried on a multiple offender bill since double jeopardy does not attach to multiple offender hearings. U.S.C.A. Const.Amend. 5. | Can a defendant be retried on a multiple offender bill since double jeopardy does not attach to multiple offender hearings? | 014929.docx | LEGALEASE-00166196-LEGALEASE-00166197 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brock v. State, 955 N.E.2d 195 | 135H+95.1 | Unlike a trial that has ended with a judgment on the merits, declaration of a mistrial does not automatically bar retrial. U.S.C.A. Const.Amend. 5. | "Unlike a trial that has ended with a judgment on the merits, does a declaration of a mistrial not automatically bar retrial?" | Double Jeopardy - Memo 501 - C - SN_68280.docx | ROSS-003278964-ROSS-003278965 |
| State v. Linton, 122 Wash. App. 73 | 135H+100.1 | Acquittal of an offense terminates jeopardy and prohibits the State from trying the defendant a second time for the same offense. (Per Fairhurst, J., with three Justices concurring and five Justices concurring in the result.) U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Does an acquittal of an offense terminates jeopardy and prohibits the State from trying the defendant a second time for the same offense? | Double Jeopardy - Memo 511 - C - SN_68290.docx | ROSS-003281157-ROSS-003281158 |
| State v. Akin, 484 S.W.3d 257 | 135H+1 | Double jeopardy is most commonly associated with forms of relief that bar the prosecution of a suit entirely. U.S. Const. Amend. 5. | Is Double jeopardy most commonly associated with forms of relief that bar the prosecution of a suit entirely? | 015958.docx | LEGALEASE-00166315-LEGALEASE-00166316 |
| Magee v. State, 189 So. 3d 658 | 135H+1 | The three primary purposes of the double jeopardy clause are that (1) it protects against a second prosecution for the same offense after an acquittal, (2) it protects against a second prosecution for the same offense after a conviction, and (3) it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | What are the three primary purposes of double jeopardy clause? | 015967.docx | LEGALEASE-00166324-LEGALEASE-00166326 |
| State v. Velez, 829 N.W.2d 572 | 135H+1 | Federal Double Jeopardy Clause protects against a second prosecution after acquittal, a second prosecution after conviction, and multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does federal Double Jeopardy Clause protect against a second prosecution after acquittal? | 015986.docx | LEGALEASE-00166341-LEGALEASE-00166342 |
| State v. Picchini, 463 So. 2d 714 | 135H+5.1 | Constitutional safeguard against double jeopardy protects a defendant in a criminal proceeding from repeated prosecutions for the same offense, and prevents repeated convictions and punishments for the same offense. LSA-C.Cr.P. art. 591; U.S.C.A. Const.Amend. 5. | Is Double jeopardy constitutionally created safeguard for criminal proceedings? | 016007.docx | LEGALEASE-00166361-LEGALEASE-00166362 |
| OP Sols. v. Crowell & Moring, LLP, 72 A.D.3d 622 | 13+27(1) | A simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. | Is a simple breach of contract not to be considered a tort unless a legal duty independent of the contract itself has been violated? | Action - Memo 966 - C _1wXpkZ8C7LacahsxQ1Iy 76rn40Ixcnr3_.docx | ROSS-000000057-ROSS-000000058 |
| United States v. Schwimmer, 924 F.2d 443 | 63+14 | Instruction, in prosecution of defendant for receiving illegal payments to influence operations of employee benefit plans, regarding "bona fide" compensation exception, defining bona fide to mean "in good faith or without deceit or fraud" and that fiduciary must disclose actual commission he is charging, was supported by the evidence; evidence indicated that plan defendant was advising did not know that defendant was receiving compensation from financial institutions, and statute was meant to reach defendant's intentional failure to inform trustees that he was extracting commission from placement of their investments. 18 U.S.C.A. S 1954. | Does the court correctly instruct the jury about bribery by defining bona fide to mean in good faith or without deceit or fraud? | 012585.docx | LEGALEASE-00167007-LEGALEASE-00167008 |
| Ricci v. Chicago Mercantile Exch., 409 U.S. 289 | 83H+1 | Commodity Exchange Act contemplates membership organization and existence of criteria for acquisition, transfer, and loss of membership. Commodity Exchange Act, S 1 et seq. as amended 7 U.S.C.A. S 1 et seq. | "Does Commodity Exchange Act contemplate a membership organization and existence of criteria for acquisition, transfer, and loss of membership?" | 013609.docx | LEGALEASE-00167063-LEGALEASE-00167064 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Birenbaum v. Bache & Co., 555 S.W.2d 513 | 83+62.4 | Under section of Commodity Exchange Act, Jurisdiction of Commodity Futures Trading Commission over futures is exclusive, and Securities and Exchange Commission and state securities agencies are precluded from regulating commodity futures accounts. Commodity Exchange Act, SS 1-10, 2(a) as amended 7 U.S.C.A. SS 1-17, 2. | What government agency has the exclusive jurisdiction to regulate commodity futures accounts? | 013652.docx | LEGALEASE-00166995-LEGALEASE-00166996 |
| United States v. 817 N.E. 29th Drive, Wilton Manors, Fla., 175 F.3d 1304 | 135H+25 | Civil in rem forfeiture action cannot serve as basis for claim under double jeopardy clause. U.S.C.A. Const.Amend. 5. | Can a civil in rem forfeiture action serve as a basis for a claim under a double jeopardy clause? | 015720.docx | LEGALEASE-00166441-LEGALEASE-00166442 |
| Lukkason v. 1993 Chevrolet Extended Cab Pickup, 590 N.W.2d 803 | 135H+25 | If the legislature designates forfeiture as civil, the court presumes that forfeiture does not implicate double jeopardy concerns. U.S.C.A. Const.Amend. 5. | "If the legislature designates forfeiture as civil, does the court presume that forfeiture does not implicate double jeopardy concerns?" | Double Jeopardy - Memo 528 - C - DHA_68307.docx | ROSS-003293803-ROSS-003293804 |
| Farrell v. State, 364 Md. 499 | 135H+100.1 | An intentionally rendered verdict of not guilty is final and precludes, under common law, any further prosecution for the same offense. | "Is an intentionally rendered verdict of not guilty final and precludes, under common law, any further prosecution for the same offense?" | Double Jeopardy - Memo 545 - C - KG_68324.docx | ROSS-003283353-ROSS-003283354 |
| State v. Joyner, 255 Conn. 477 | 135H+100.1 | The federal constitutional guarantee against double jeopardy protects against a second prosecution for the same offense after acquittal. U.S.C.A. Const.Amend. 5. | Does the federal constitutional guarantee against double jeopardy protect against a second prosecution for the same offense after acquittal? | Double Jeopardy - Memo 547 - C - KG.docx | LEGALEASE-00056297-LEGALEASE-00056298 |
| People v. Dawson, 431 Mich. 234 | 135H+95.1 | Being twice put in jeopardy includes being subjected to retrial after initial prosecution ends in mistrial. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 1, S 15. | Does being twice put in jeopardy include being subjected to a retrial after initial prosecution ends in mistrial? | 015776.docx | LEGALEASE-00166496-LEGALEASE-00166497 |
| State v. Stevenson, 147 W. Va. 211 | 135H+95.1 | Double jeopardy does not result in every instance in which a mistrial is declared after the impaneled jury has been sworn. U.S.C.A.Const. Amend. 5. | Does double jeopardy not result in every instance in which a mistrial is declared after the impaneled jury has been sworn? | Double Jeopardy - Memo 569 - C - SK_68348.docx | ROSS-003279494-ROSS-003279495 |
| Bravo-Fernandez v. United States, 137 S. Ct. 352 | 135H+100.1 | A verdict of acquittal is final, the last word on a criminal charge, and therefore operates as a bar under the Double Jeopardy Clause to a subsequent prosecution for the same offense. U.S.C.A. Const.Amend. 5. | Is a verdict of acquittal final and the last word on a criminal charge? | 015861.docx | LEGALEASE-00166667-LEGALEASE-00166668 |
| In re Greenville Auto Mall, 278 B.R. 414 | 349A+10 | Under Illinois' revised definition of security interest, the primary focus is on the economic realities of the transaction rather than the intent of the parties. S.H.A. 810 ILCS 5/1-201(37). | When is the primary focus on the economic realities of the transaction rather than the intent of the parties? | Secured Transactions - Memo 102 - C - SHB_68735.docx | ROSS-003295240-ROSS-003295241 |
| State v. City of Hudson, 231 Minn. 127 | 371+2275 | There is a distinction between "exemption" and "immunity" from taxation in that "exemption" involves supposition that property so exempted otherwise would be subject to taxation, and "immunity" involves the idea that, absent a constitutional or statutory provision, property would not be subject to taxation because of its public nature. | "What is the distinction between ""exemption"" and ""immunity"" from taxation?" | 046533.docx | LEGALEASE-00166765-LEGALEASE-00166766 |
| Baldwin Union Free Sch. Dist. v. County of Nassau, 9 N.E.3d 351 | 371+2016 | Delegation to a subdivision of the state of any part of state's power of taxation must be made in express terms and cannot be inferred. McKinney's Const. Art. 16, S 1. | Should the delegation to a subdivision of the state of any part of state's power of taxation be made in express terms? | 046552.docx | LEGALEASE-00166516-LEGALEASE-00166517 |
| City of Harrisburg v. Sch. Dist. of City of Harrisburg, 675 A.2d 758 | 371+2016 | If General Assembly delegates right to tax, grant of such right is to be strictly construed, and not extended by implication. | Is the grant of right to tax delegated by the General Assembly strictly construed or extended by implication? | Taxation - Memo 1323 - C - AD_68517.docx | ROSS-003279815-ROSS-003279816 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Joe Hatton v. Conner, 240 So. 2d 145 | 371+2016 | Legislative power to tax may be exercised through subordinate governmental agencies within definite limitations fixed by law. | Should the Legislative power to tax be exercised through subordinate governmental agencies? | 046624.docx | LEGALEASE-00166807-LEGALEASE-00166808 |
| Merrill Lynch, Pierce, Fenner & Smith v. Chem. Bank, 57 N.Y.2d 439 | 172H+622 | Ordinarily, drawee bank may not debit its customer's account when it pays check over forged indorsement because underlying relationship between a bank and its depositor is contractual one of debtor and creditor, implicit in which is understanding that bank will pay out its customer's funds only in accordance with customer's instructions. McKinney's Uniform Commercial Code S 3-405(1)(c). | Is the relationship between a bank and its depositor one of a debtor-creditor? | 03627.docx | LEGALEASE-00077157-LEGALEASE-00077160 |
| Gilbride v. Trunnelle, 620 N.W.2d 244 | 21+1 | "Professional statement" is statement of fact presented to the court by an attorney in connection with a matter then before such court, verified in effect by the oath of such attorney, and designed or calculated to aid or influence the court in the determination of a given cause or issue. | How is a professional statement defined? | 07313.docx | LEGALEASE-00077637-LEGALEASE-00077638 |
| Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, 982 F.2d 686 | 170A+2536.1 | Unsworn statement signed under penalty of perjury could be used, in lieu of sworn statement or affidavit, in support of opposition to motion to dismiss which was treated as motion for summary judgment. Fed.Rules Civ.Proc.Rule 56(e), 28 U.S.C.A.; 28 U.S.C.A. S 1746. | Are unsworn statements signed under the penalty of perjury permitted in lieu of affidavits? | 06607.docx | LEGALEASE-00077715-LEGALEASE-00077716 |
| Williams v. Dan River Mills, 286 Ala. 703 | 21+18 | Where it appears from face of affidavit that affiant had no personal knowledge of matters to which he deposed and that he must have secured his information concerning those matters from others, then affidavit is based on hearsay and should not be admitted. | Can the contents of an affidavit become inadmissible hearsay in the absence of allegation of personal knowledge? | 03743.docx | LEGALEASE-00078285-LEGALEASE-00078286 |
| Williams v. Dan River Mills, 286 Ala. 703 | 21+18 | Where it appears from face of affidavit that affiant had no personal knowledge of matters to which he deposed and that he must have secured his information concerning those matters from others, then affidavit is based on hearsay and should not be admitted. | Can the contents of an affidavit become inadmissible hearsay in the absence of allegation of personal knowledge? | 03456.docx | LEGALEASE-00078294-LEGALEASE-00078295 |
| In re Stoltz, 197 F.3d 625 | 233+531 | Under Vermont law, a "lease" is a contract between the landlord and the tenant wherein the landlord promises to deliver and maintain the demised premises in habitable condition and the tenant promises to pay rent for such habitable premises. | Is a lease a contract between a landlord and a tenant? | 05845.docx | LEGALEASE-00080899-LEGALEASE-00080900 |
| Kuehner v. Dickinson & Co., 84 F.3d 316 | 25T+113 | Federal Arbitration Act (FAA) not only reversed judicial hostility to enforcement of arbitration contracts, but also created rule of contract construction favoring arbitration. 9 U.S.C.A. S 1 et seq. | Did the Federal Arbitration Act (FAA) reverse judicial hostility to arbitration agreements? | 06658.docx | LEGALEASE-00080932-LEGALEASE-00080933 |
| Arkansas State Highway Comm'n v. Barker, 326 Ark. 403 | 148+138 | Three recognized formulas for measuring just compensation in partial-taking cases are value of part taken, value of part taken plus damages to remainder, and before- and after-value rule. | What are the formulas recognized for measuring just compensation in partialtaking cases? | 00777.docx | LEGALEASE-00081571-LEGALEASE-00081572 |
| Gottlieb v. Cty. of Orange, 84 F.3d 511 | 211+1835 | If there is objectively reasonable basis for believing that parental custody constitutes threat to child's health or safety, government officials may remove child from his or her parents' custody at least pending investigation. | Do parents have a liberty interest in the custody of their children? | 00765.docx | LEGALEASE-00081591-LEGALEASE-00081593 |
| Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765 | 366+1 | "Equitable subrogation," i.e., "legal subrogation" does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | How is a contractual subrogation created? | 07782.docx | LEGALEASE-00081918-LEGALEASE-00081920 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Burke, 400 Ill. 24 | 207+6 | The term "cohabit," when used in connection with charge of incest, means living together as man and wife and any sexual intercourse, whether within common dwelling or elsewhere. S.H.A. ch. 38, S 374. | What is cohabitation under incest laws? | 15012.docx | LEGALEASE-00083525-LEGALEASE-00083527 |
| Citizens State Bank v. Raven Trading Partners, 786 N.W.2d 274 | 366+1 | Although equitable subrogation is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case; equitable subrogation will not be applied when the parties' equities are equal or rights are unclear. | Is equitable subrogation an absolute right? | Subrogation - Memo 222 - MS C.docx | ROSS-003285044-ROSS-003285045 |
| Rodriguez ex rel. Rodriguez v. United States, 169 F.3d 1342 | 24+101 | Where Congress makes a judgment that immigration is creating, or adding to, financial burdens, it lies within Congress's plenary sovereign power over immigration to take action to alleviate such burdens. | Does Congress have plenary power over immigration? | 00807.docx | LEGALEASE-00083948-LEGALEASE-00083949 |
| Feigenbaum v. Guaracini, 402 N.J. Super. 7 | 366+1 | Doctrine of equitable subrogation is only appropriately imposed against the one who in good conscience ought to pay the debt. | Is the doctrine of equitable subrogation only appropriately imposed against the one who in good conscience ought to pay the debt? | 00842.docx | LEGALEASE-00083958-LEGALEASE-00083959 |
| Feigenbaum v. Guaracini, 402 N.J. Super. 7 | 366+1 | Doctrine of equitable subrogation is only appropriately imposed against the one who in good conscience ought to pay the debt. | Is the doctrine of equitable subrogation only appropriately imposed against the one who in good conscience ought to pay the debt? | Subrogation - Memo 300 - RM C.docx | ROSS-003297827-ROSS-003297828 |
| People v. Burke, 400 Ill. 24 | 207+6 | The term "cohabit," when used in connection with charge of incest, means living together as man and wife and any sexual intercourse, whether within common dwelling or elsewhere. S.H.A. ch. 38, S 374. | What is cohabitation under incest laws? | 01417.docx | LEGALEASE-00084173-LEGALEASE-00084175 |
| Matter of Grand Jury Proceeding, Cherney, 898 F.2d 565 | 311H+146 | Client's motive for seeking legal advice is "confidential communication" and, accordingly, attorney-client privilege protects unknown client's identity where its disclosure would reveal such motive. | Is the identity of a client protected by attorney-client privilege? | 10848.docx | LEGALEASE-00089293-LEGALEASE-00089295 |
| Macon-Atlanta State Bank v. Gall, 666 S.W.2d 934 | 277+9 | Statutes that impose certain technical requirements for notice should not be strictly enforced where party seeking enforcement had actual notice and cannot show prejudice as result of failure to follow technical requirements. | Can a party with actual notice be prejudiced by the failure to receive statutory notice? | 10513.docx | LEGALEASE-00089326-LEGALEASE-00089327 |
| Am. Agr. Chem. Co. v. Thomas, 206 S.C. 355 | 13+62 | Generally, an action cannot properly be commenced until all essential elements of cause of action are in existence, and subsequent occurrence of a material fact will not avail in maintaining action. | Can an action properly be commenced until all essential elements of a cause of action are in existence? | 01670.docx | LEGALEASE-00092022-LEGALEASE-00092023 |
| Warriner v. Ferraro, 177 So. 2d 723 | 307A+563 | Whether or not to impose sanction of dismissal for plaintiff's failure to comply with court order is in large measure discretionary matter with trial judge. 30 F.S.A. Rules of Civil Procedure, rule 1.35(b). | Does the trial judge have discretion on a sanction of dismissal to be imposed for plaintiff's failure to comply with court order? | Pretrial Procedure - Memo # 7453 - C - SB.docx | ROSS-003286170 |
| Florida Lime Growers v. Bloomer Plastics, 665 So. 2d 1151 | 307A+563 | Severity of sanction must be commensurate with violation, and dismissal of action should be imposed upon party only in extreme situations for flagrant or aggravated cases of disobedience. | Should the severity of sanction be commensurate with a violation? | 10941.docx | LEGALEASE-00094394-LEGALEASE-00094395 |
| Alabama Warehousing Co. v. State, 227 Ala. 258 | 371+2005 | Congress cannot, by exercise of police power, impinge or destroy state's power over legitimate subjects of taxation within its jurisdiction. | Can the police power of congress destroy the state's power of taxation within its jurisdiction? | 11423.docx | LEGALEASE-00094430-LEGALEASE-00094431 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tosar v. Sladek, 393 So. 2d 61 | 307A+590.1 | Nonrecord activity was not sufficient to show good cause for the denial of defendant's motion to dismiss wrongful death action for failure to prosecute. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.420(e). | "Can non record activity constitute ""good cause"" so as to prevent dismissal for failure to prosecute?" | 10361.docx | LEGALEASE-00094898-LEGALEASE-00094899 |
| 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2001 | Traditionally, differences between assessment and tax include: assessment supports local improvements, while tax finances general operations; assessment is one-time charge, while tax is annual; and assessment requires that benefit be direct, while tax requires no such direct benefit. | What are the differences between assessment and tax? | 10603.docx | LEGALEASE-00095024-LEGALEASE-00095025 |
| Brown v. United States, 65 F.2d 65 | 34+62 | Obligation of United States under war risk insurance policy is governed by federal statute. 38 U.S.C.A. S 750. | Is the obligation of the United States under a war risk insurance policy governed by federal statute? | 09397.docx | LEGALEASE-00095859-LEGALEASE-00095860 |
| Estate of Paulk v. Lott, 217 So. 3d 747 | 307A+581 | The threshold question in determining whether to dismiss for failure to prosecute is whether there is a clear record of delay or contumacious conduct by the plaintiff. | Is the central question whether there is a clear record of delay or contumacious conduct by the plaintiff in determining whether to dismiss a lawsuit? | 09638.docx | LEGALEASE-00096038-LEGALEASE-00096039 |
| Adkins Ltd. P'ship v. O St. Mgmt., 56 A.3d 1159 | 25T+501 | Ordinarily, a trial court's role in reviewing an appraisal is limited, as is its role in reviewing arbitration awards; however, when the parties have agreed only for the appraisal of a specific thing and the contract does not provide for an appraiser to settle a particular dispute, an appraiser's role is more limited than the role of an arbitrator, i.e., the appraiser's task is merely that of fixing value. | c | 004227.docx | LEGALEASE-00115616-LEGALEASE-00115617 |
| Davidson Cty. Broad. Co. Inc. v. Iredell Cty., 790 S.E.2d 663 | 414+1345 | Zoning ordinances and special use permits act as limitations to forbid arbitrary and unduly discriminatory interference with property rights in the exercise of a municipality's delegated authority. West's N.C.G.S.A. S 153A-340(a, c). | Why are limitations imposed on the zoning power by the enabling statute? | 000303.docx | LEGALEASE-00115732-LEGALEASE-00115733 |
| Green v. Superior Court (1974) 10 Cal.3d 616 | 233+1444 | Tenant's duty to pay rent is mutually dependent upon landlord's fulfillment of his implied warranty of habitability. | Is the tenants duty to pay rent dependent on implied warranty of habitability? | 001092.docx | LEGALEASE-00118673-LEGALEASE-00118674 |
| Sluss v. Commonwealth, 450 S.W.3d 279 | 48A+354(13) | Evidence of whether victim was wearing a seatbelt at the time of a fatal vehicular collision and evidence of the functionality of the airbag in victim's vehicle was irrelevant to the issue of causation at a trial for vehicular homicide; the evidence did not go to whether defendant was able to foresee the result of his conduct. | Is foreseeability by the defendant necessary to constitute causation of homicide? | 002234.docx | LEGALEASE-00119288-LEGALEASE-00119289 |
| Trevino v. Allstate Ins. Co., 651 S.W.2d 8 | 13+10 | A condition precedent to the right to maintain an action must be performed and the fact of performance or excuse of nonperformance must be alleged and proved in order to warrant a recovery. | Is it necessary to prove the fact of performance to warrant a recovery? | Action - Memo 50 - MS.docx | ROSS-003296497 |
| Rogers v. Hester ex rel. Mills, 334 S.W.3d 528 | 307A+3 | The grant of a motion in limine is an interlocutory order, and therefore not a potential source of reversible error. | " Is the grant of a motion in limine an interlocutory order, and therefore not a potential source of reversible error?" | 032247.docx | LEGALEASE-00122869-LEGALEASE-00122870 |
| Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 61 F. Supp. 3d 372 | 221+342 | Act of state doctrine does not prevent examination of validity of foreign state's act with respect to thing located, or interest localized, outside of its territory. | "Does the act of state doctrine prevent examination of validity of foreign state's act with respect to thing located, or interest localized, outside of its territory?" | 019930.docx | LEGALEASE-00123504-LEGALEASE-00123505 |
| Matter of Swift, 129 F.3d 792 | 13+61 | Under Texas law, accrual of cause of action means right to institute and maintain suit, and whenever one person may sue another, cause of action has accrued. | "Does ""Accrual"" mean the right to initiate and maintain a suit?" | 005625.docx | LEGALEASE-00124018-LEGALEASE-00124020 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Webb's Fabulous Pharmacies v. Beckwith, 449 U.S. 155 | 222+32 | Although none of debtor's creditor claimants had any right to interpleader fund deposited in registry of county court until their claims were recognized and distribution was ordered, that lack of immediate right did not automatically bar claimant ultimately determined to be entitled to all or a share of the fund from claiming proper share of the interest, nor did statute requiring interest to be earned on deposited funds require conclusion that state or its designate was entitled to assume ownership of interest. West's F.S.A. SS 28.24, 28.33; U.S.C.A.Const. Amends. 5, 14. | Does the State having mandated the accrual of interest mean the State or its designate is entitled to assume ownership of the interest? | 017520.docx | LEGALEASE-00124850-LEGALEASE-00124851 |
| Biosafe-One v. Hawks, 639 F. Supp. 2d 358 | 386+6 | Under New York law, on the intent element of a trespass to chattels claim, the defendant must act with the intention of interfering with the property or with knowledge that such interference is substantially certain to result. | Does the defendant have to act with the intention of interfering with property for a trespass to chattel claim to be successful? | 047167.docx | LEGALEASE-00125756-LEGALEASE-00125757 |
| Jones v. Foote, 165 Conn. 516 | 13+65 | A court will grant equitable relief, injunctive or otherwise, only on situation as it exists at time of trial. | "Does the court grant equitable relief, injunctive or otherwise, on a situation as it exists at the time of trial?" | 005880.docx | LEGALEASE-00127483-LEGALEASE-00127484 |
| State v. Ole Olsen, Ltd., 38 A.D.2d 967 | 13+65 | Court may, in equity action, mold relief to be granted to exigencies of case as they exist at close of trial, with reference to facts, law and equities then existing. | Will equity administer such relief as exigencies of a case demand at the close of trial? | 006062.docx | LEGALEASE-00127596-LEGALEASE-00127597 |
| Page v. Holiday Inns, 245 Ga. 12 | 307A+501 | A voluntary dismissal is a matter of right and terminates the action; it is not a judgment of the court but is order in the case by virtue of statute. Code, SS 81A-141(a). | Is voluntary dismissal of an action a matter of right and terminates the action? | 039059.docx | LEGALEASE-00128255-LEGALEASE-00128256 |
| Hunt v. Jacobson, 178 Misc. 201 | 34+34.2(3) | Statutes enacted for the benefit of persons engaged in military service are a recognized institution in the United States, and being remedial are to be construed liberally. Soldiers' and Sailors' Civil Relief Act of 1940, S 100 et seq., 50 U.S.C.A.Appendix S 501 et seq. | Should statutes enacted for the benefit of persons engaged in military servicebe liberally construed? | 008328.docx | LEGALEASE-00128614-LEGALEASE-00128615 |
| Battle v. Wichita Falls Jr. Coll. Dist., 101 F. Supp. 82 | 1.41E+13 | State has right and power to regulate method of providing for education of its youth at public expense. Vernon's Ann.St.Const. art. 7, S 7; Vernon's Ann.Civ.St. art. 2900. | Does a state have right and power to regulate the method of providing for the education of its youth at public expense? | 016943.docx | LEGALEASE-00128815-LEGALEASE-00128816 |
| S. Ry. Co. v. Kay, 62 S.C. 28 | 200+121 | The board of county commissioners of O. county have the power, under Const. art. 10, and Act 1896, 22 St. at Large, p. 238, authorizing county commissioners to levy annually a sum not exceeding one mill for road purposes, to levy such taxes, which was not taken away by the appropriation act of 1899, authorizing a levy not exceeding one-half of one mill for road purposes for such county. | Can a board of county commissioners levy taxes ? | 019165.docx | LEGALEASE-00129045-LEGALEASE-00129048 |
| Hoerner v. ANCO Insulations, 2000-2333 (La. App. 4 Cir. 1/23/02), 812 So. 2d 45 | 157+546 | Discretion of a trial judge to determine whether to allow a witness to testify as an expert includes the right to determine the admissibility of a witness' testimony, whether that witness is brought in rebuttal or one that was not listed on the pre-trial order. LSA-C.C.P. art. 1551. | Are rebuttal witnesses required to be listed on a pre-trial order? | 026450.docx | LEGALEASE-00130479-LEGALEASE-00130480 |
| Patterson v. Allstate Ins. Co., 884 So. 2d 178 | 307A+501 | Until the line drawn by rule limiting right to voluntarily dismiss action is crossed, the plaintiff's right to a voluntary dismissal is absolute. West's F.S.A. RCP Rule 1.420(a). | Is a plaintiff's right to take a nonsuit or voluntary dismissal under a rule providing that an action may be dismissed by a plaintiff without an order of a court by service before trial absolute? | 026068.docx | LEGALEASE-00130701-LEGALEASE-00130702 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Livernois v. Brandt, 225 Cal. App. 2d 301 | 307A+749.1 | The pretrial order supersedes issues raised by pleadings and controls subsequent course of case as long as it remains unmodified. Cal.Rules of Court, rule 216. | Does an issue raised in a pretrial order supersede an issue raised in the pleadings? | 026851.docx | LEGALEASE-00130913-LEGALEASE-00130914 |
| Wildman v. Rider, 23 Conn. 172 | 307A+501 | It is no valid objection to a motion to erase a cause from the docket of a court that such motion is made by the party who brought the cause to such court. | Is it a no valid objection to a motion to erase a cause from the docket of a court that such motion is made by the party who brought the cause to such court? | Pretrial Procedure - Memo # 1443 - C - PC.docx | ROSS-003287804-ROSS-003287805 |
| State ex rel. City of Seattle v. Dep't of Pub. Utilities of Wash., 33 Wash. 2d 896 | 371+2001 | A "tax" is an enforced contribution of money assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities and it is not a debt or contract in the ordinary sense but it is an exaction in the strictest sense of the word. | Is tax a debt? | 044627.docx | LEGALEASE-00131187-LEGALEASE-00131188 |
| Boydston v. Bd. of Regents for State of Kan., 242 Kan. 94 | 307A+743 | Primary purposes of pretrial conference are to reduce, if not eliminate, surprise from trial and to determine exactly what issues are to be tried and what procedures are to be followed. | How will the pretrial conference procedure help to eliminate the element of surprise at trials? | 026874.docx | LEGALEASE-00131250-LEGALEASE-00131251 |
| Church v. State, 206 Tenn. 336. State v. Herrin, 6 Ohio App. 3d 68 | 67+2 | Burglary requires only that person by force, stealth, or deception trespass in occupied structure with purpose to commit therein theft offense or any felony, and does not require that felony offense actually be committed; if in fact felony is committed, that gives life to new and separately chargeable offense. | "Does burglary require stealth, force or deception?" | 013270.docx | LEGALEASE-00131335-LEGALEASE-00131336 |
| Town of Amherst v. Brewster Mews Hous. Co., 133 A.D.3d 1317 | 371+2001 | Taxes do not rest upon contract, express or implied; they are obligations imposed upon citizens to pay the expenses of government. | Are taxes obligations imposed upon citizens to pay the expenses of government? | 046049.docx | LEGALEASE-00132144-LEGALEASE-00132146 |
| Long v. Bellamy, 296 Ga. App. 263 | 307A+517.1 | A renewed lawsuit is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew. West's Ga.Code Ann. S 9-2-61(a). | Is a renewed lawsuit an action de novo? | 027853.docx | LEGALEASE-00132202-LEGALEASE-00132203 |
| City of Dallas v. Albert, 354 S.W.3d 368 | 307A+517.1 | If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "If a claim is timely nonsuited, is the controversy as to that claim extinguished, the merits become moot, and jurisdiction as to the claim is lost?" | 027930.docx | LEGALEASE-00132927-LEGALEASE-00132928 |
| Fireman's Fund Ins. Co. v. Whirlpool Corp,2002 WL 228208 | 307A+485 | Plaintiff did not waive its right to attorney fees for defendant's failure to respond to requests for admissions by not moving to compel defendant to properly respond, where defendant responded with blunt denials and boilerplate objections, not evasive or incomplete responses. West's Ann.Code Civ.Proc. S 2033(l)(1), (o) | Will a plaintiff be waiving his right to attorney fees for defendant's failure to respond to requests for admissions by not moving to compel defendant to properly respond? | 030072.docx | LEGALEASE-00135055-LEGALEASE-00135056 |
| Belliveau v. Bozoian, 46 R.I. 83 | 48A+216 | A pedestrian using highway, and exercising ordinary care for his own safety, may assume until he has knowledge or notice to contrary, that drivers of automobiles will exercise reasonable care to avoid injuring him, and that they will observe law. | Can a person walking on a street assume vehicles will be driven safely? | 019231.docx | LEGALEASE-00137929-LEGALEASE-00137930 |
| Kreis v. Sec'y of Air Force, 866 F.2d 1508 | 34+6.2 | Decision of Secretary of Air Force not to take certain corrective action with respect to major's record was reviewable under Administrative Procedure Act, albeit by an unusually deferential application of arbitrary and capricious standard. 5 U.S.C.A. S 706; 10 U.S.C.A. S 1552(a). | Do courts review decisions of the Military Corrections Board under an unusually deferential application of the arbitrary or capricious standard of the Administrative Procedure Act? | 008535.docx | LEGALEASE-00139510-LEGALEASE-00139512 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ouachita Watch League v. Henry, 59 F. Supp. 3d 922 | 149E+595(5) | Allegation that United States Forest Service and Bureau of Land Management (BLM) were continuing to issue and approve oil and gas leases and permits in national forest, following updated Reasonably Foreseeable Development Scenario (RFDS) and Changed Conditions Analysis (CCA), were sufficient to state a National Environmental Policy Act (NEPA) claim under Administrative Procedure Act (APA) to compel agency action unlawfully withheld or unreasonably delayed; allegations sufficiently allowed inference that agencies were taking major Federal action requiring preparation of environmental impact statement (EIS). 5 U.S.C.A. S 706(1); National Environmental Policy Act of 1969, S 2, 42 U.S.C.A. S 4321. | If the Forest Service chooses not to retain authority to preclude all surface disturbing activities must an EIS (Environmental Impact Statement) be prepared when the leases are issued? | 021143.docx | LEGALEASE-00140788-LEGALEASE-00140789 |
| Crenshaw v. Jackson, 6 Ga. 509 | 352+22(1) | Upon the transfer of a note payable to bearer, by delivery, the transferer ceases to be a party to it, and is not, generally, responsible thereon to the transferee, or any subsequent holder; but if he undertake to guarantee the payment of the note, he will be liable to the transferee on that special contract, and it is a proper matter of set-off. | Does the person making the transfer ceases to be a party when a promissory note payable to bearer is transferred by mere delivery? | 009395.docx | LEGALEASE-00141047-LEGALEASE-00141048 |
| Ex parte Covell, 63 Okla. Crim. 256 | 63+3 | A person who holds himself out as an officer under color of authority, and who solicits and accepts a bribe, cannot defend on ground that, as a matter of law, he had no right to act as such officer. 21 Okl.St.Ann. S 381. | Can a person holding himself out as an officer defeat a charge of bribery on the ground that he had no legal right to act in the capacity he assumed? | 012116.docx | LEGALEASE-00141124-LEGALEASE-00141125 |
| Pelouze v. City of Richmond, 183 Va. 805 | 371+2392 | The state and its municipalities' property, held for governmental purposes, are presumptively exempted from operation of general tax laws, though taxable if state sees fit. | Are the state and its municipalities' property exempted from operation of general tax laws ? | 045502.docx | LEGALEASE-00141768-LEGALEASE-00141770 |
| Gulf, C. & S.F. Ry. Co. v. Brown, 75 S.W. 807 | 307A+726 | A second application for a continuance, not made in strict compliance with the statute, is addressed to the sound discretion of the court. | "Can a second application for a continuance, not made in strict compliance with the statute, be addressed to the sound discretion of the court?" | 033779.docx | LEGALEASE-00142871-LEGALEASE-00142872 |
| Com. v. Marzilli, 457 Mass. 64 | 352H+48 | To prove intent, as an element of indecent assault and battery, the Commonwealth must prove that the defendant intended, or had a conscious purpose, to commit an indecent or offensive touching of the complainant without her consent. | Is indecent touching an element of indecent assault and battery? | 042938.docx | LEGALEASE-00147862-LEGALEASE-00147863 |
| Diego v. Sessions, 857 F.3d 1005 | 352H+16 | A person commits the federal offense of sexual abuse of a minor if a person knowingly engages in a sexual act with another person who is at least 12 years old, but less than 16, and at least four years younger than the defendant. 18 U.S.C.A. S 2243. | Is it illegal to have sex with a minor? | 043025.docx | LEGALEASE-00147886-LEGALEASE-00147887 |
| Whitbeck v. Minch, 48 Ohio St. 210 | 294+88 | Since Rev.St. S 5848 (See Gen.Code, S 12075), provides for enjoining the assessment or collection of illegal taxes and for the recovery of such taxes paid, to entitle one to recover such taxes after payment it must appear that the treasurer was about to levy on his property; payment with a simple protest against the validity of the assessment, and notice to the treasurer that action would be brought to recover it back, not being sufficient. | Can an alleged illegal assessment be recovered unless involuntarily paid? | 019120.docx | LEGALEASE-00148699-LEGALEASE-00148700 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hoch v. Doughty, 224 A.2d 54 | 48A+170(2) | It should be statutory duty to seasonably turn to right at blind corner, or turn in road, when motorist is legally bound to anticipate that approaching vehicle may at any moment appear. 29 M.R.S.A. S 941. | What is the nature of the duty to seasonably turn to the right while travelling on a road? | 019053.docx | LEGALEASE-00148701-LEGALEASE-00148702 |
| Overton v. Hardin, 46 Tenn. 375 | 83E+467 | An indorser for value, has no remedy against the maker for costs incurred by him in his own behalf, but an accommodation indorser may recover from the maker the cost incurred in resisting, in good faith and upon reasonable grounds, a recovery against him upon his indorsement. | Can an accommodation indorser recover the cost incurred upon his indorsement? | 009695.docx | LEGALEASE-00150484-LEGALEASE-00150485 |
| Schmuck v. Hartman, 222 Pa. 190 | 371+2001 | Liability to pay taxes arises from no contractual relation between the taxable and the taxing power, and cannot be enforced by common-law proceedings, unless the statute so provides. | Does liability to pay taxes arise from contractual relation? | 045948.docx | LEGALEASE-00150506-LEGALEASE-00150507 |
| Pitman Place Dev. v. Howard Investments, 330 S.W.3d 519 | 308+99 | "Apparent authority" exists when a principal, either by its acts or representations, has led third persons to believe authority has been conferred upon an agent. | To establish apparent authority should a third person have reason to believe that the agent possessed that authority? | 041443.docx | LEGALEASE-00151182-LEGALEASE-00151183 |
| Gardner v. Universal Life & Acc. Ins. Co., 164 S.W.2d 582 | 378+5 | A "month" as employed in a statute, judicial proceeding, or contract is not to be computed by counting days but by looking at the calendar and it runs from a given day in one month to a corresponding number in the next or specified succeeding month. V.A.T.S., Insurance Code, art. 3.44. | What is the interpretation of the word month? | 010447.docx | LEGALEASE-00152425-LEGALEASE-00152426 |
| Wiele v. Bd. of Assessment Appeals of City of Bridgeport, 119 Conn. App. 544 | 156+52(1) | Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed. | Does estoppel have its roots in equity? | Estoppel - Memo #96 - C - CSS_61547.docx | ROSS-003298865-ROSS-003298866 |
| Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895 | 172H+1561 | A borrower must allege an ability to tender the principal balance of the subject loan in order to state a claim for rescission under TILA. Truth in Lending Act, S 125(a, b), 15 U.S.C.A. S 1635(a, b); 12 C.F.R. S 226.23(d)(3). | What is required to be alleged by borrowers in order to state a claim for rescission under TILA? | 013744.docx | LEGALEASE-00155627-LEGALEASE-00155628 |
| Rudisell v. Fifth Third Bank, 622 F.2d 243 | 172H+1561 | Rescission under provision of Truth in Lending Act is an equitable remedy and court may condition return of monies to debtor upon return of property to creditor. Truth in Lending Act, S 125 as amended 15 U.S.C.A. S 1635. | Can the court condition the return of monies to the debtor upon return of property to the creditor? | 013748.docx | LEGALEASE-00155631-LEGALEASE-00155632 |
| Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does the standardization of credit terms benefit just the individual claimant? | 013797.docx | LEGALEASE-00155643-LEGALEASE-00155644 |
| Gerlich v. Leath, 861 F.3d 697 | 92+2007 | If a state university creates a limited public forum for speech, it may not discriminate against speech on the basis of its viewpoint. U.S. Const. Amend. 1. | "If a state university creates a limited public forum for speech, can it discriminate against speech on the basis of its viewpoint?" | 016826.docx | LEGALEASE-00156200-LEGALEASE-00156201 |
| Buttny v. Smiley, 281 F. Supp. 280 | 141E+1025 | University authorities have inherent general power to maintain order on campus and to exclude those who are detrimental to its well-being. | Do university authorities have an inherent general power to maintain order on campus and to exclude those who are detrimental to its wellbeing? | 016830.docx | LEGALEASE-00156276-LEGALEASE-00156277 |
| Creek v. Clark, 91 Ill. App. 3d 429 | 307A+693.1 | Dismissal of a charge "with prejudice" is as conclusive of the rights of the parties as if the suit has been prosecuted to a conclusion adverse to the complainant. | "Is a dismissal of a charge ""with prejudice"" as conclusive of the rights of the parties as if the suit has been prosecuted to a conclusion adverse to the complainant ?" | 025258.docx | LEGALEASE-00156855-LEGALEASE-00156856 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Boyles v. Sullivan, 230 Pa. Super. 453 | 307A+699 | Criteria for opening a judgment of non pros are: (1) the petition must be timely filed, (2) the reason for the default reasonably explained or excused and (3) the facts constituting grounds for the cause of action be alleged. | What are the criteria for opening a judgment of non-pros? | 039660.docx | LEGALEASE-00160859-LEGALEASE-00160860 |
| People v. Trujillo, 62 P.3d 1034 | 135H+96 | A defendant's motion for a mistrial is generally a waiver of protection from retrial under the Double Jeopardy Clause. U.S.C.A. Const.Amend 5; West's C.R.S.A. Const. Art. 2, S 18. | Is a defendant's motion for a mistrial generally a waiver of protection from retrial under the Double Jeopardy Clause? | 015251.docx | LEGALEASE-00163125-LEGALEASE-00163126 |
| Com. v. Cargill, 357 Pa. 510 | 203+1380 | Where jury in murder prosecution must have understood from charge on voluntary manslaughter the vital difference between that degree of homicide and first-degree murder and that in former there must be heat of passion and in latter the cool depravity and hardness of heart constituting legal "malice", instruction was adequate. | Does malice include hardness of heart? | 019408.docx | LEGALEASE-00164036-LEGALEASE-00164037 |
| People v. Burnham, 176 Cal. App. 3d 1134 | 352H+191 | For affirmative defense of consent to prevail, defendant accused of rape has burden of proving that he had bona fide and reasonable belief that victim consented. | Does the defendant have the burden of proving the victims consent in order to prevail on the affirmative defense of consent? | 043147.docx | LEGALEASE-00164068-LEGALEASE-00164069 |
| Com. v. Cumming, 466 Mass. 467 | 135H+1 | The double jeopardy clause represents a constitutional policy of finality for the defendant's benefit in criminal proceedings. U.S.C.A. Const.Amend. 5. | Does double jeopardy represent a constitutional policy of finality for the defendant's benefit in criminal proceedings? | 016402.docx | LEGALEASE-00165199-LEGALEASE-00165200 |
| United States v. Deninno, 103 F.3d 82 | 135H+25 | Civil forfeiture does not constitute punishment for purposes of Fifth Amendment's prohibition on double jeopardy. U.S.C.A. Const.Amend. 5. | Does civil forfeiture not constitute punishment for purposes of a Fifth Amendment's prohibition on double jeopardy? | 016179.docx | LEGALEASE-00165932-LEGALEASE-00165933 |
| State v. Joyner, 255 Conn. 477 | 135H+100.1 | The federal constitutional guarantee against double jeopardy protects against a second prosecution for the same offense after acquittal. U.S.C.A. Const.Amend. 5. | Does the federal constitutional guarantee against double jeopardy protect against a second prosecution for the same offense after acquittal | 015764.docx | LEGALEASE-00166484-LEGALEASE-00166485 |
| McAfee v. Agilysys, 316 S.W.3d 820 | 308+1 | The critical element of an agency relationship is the right to control, and the principal must have control of both the means and details of the process by which the agent is to accomplish his task in order for an agency relationship to exist. | What is the critical element of agency relationship? | Principal and Agent - Memo 534 - RK_63992.docx | ROSS-003278729-ROSS-003278731 |
| In re Shurtz's Will, 242 Iowa 448 | 371+2001 | A "tax" is a charge to pay the cost of government without regard to special benefits conferred. | Is tax a charge to pay the cost of government without regard to special benefits conferred? | Taxation - Memo # 933 - C - JL_61485.docx | ROSS-003279048-ROSS-003279049 |
| Bus. Servs. of Am. II v. WaferTech LLC, 174 Wash. 2d 304 | 307A+583 | The dismissal of an action for want of prosecution is in the discretion of the court in the absence of a guiding statute or rule of court. | Is the dismissal of an action for want of prosecution in the discretion of the court in the absence of a guiding statute or rule of court? | Pretrial Procedure - Memo 11694 - C - SKG_65413.docx | ROSS-003280123-ROSS-003280124 |
| Cockrell v. Taylor, 347 Mo. 1 | 83E+481 | While "endorsement of note" must be made by written signature on back of instrument itself, "assignment of note or mortgage" may be by separate instrument, or even by parol. | Can an assignment of a note be made by separate instrument or parol? | Bills and Notes - Memo 1261 - RK_62557.docx | ROSS-003280261-ROSS-003280262 |
| Ash v. Royal Caribbean Cruises Ltd., 991 F. Supp. 2d 1214 | 308+1 | In order to show an agency relationship, under Florida law, the plaintiff must show: (1) acknowledgment by the principal that the agent will act for it, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the action of the agent. | Can acknowledgment by the principal that the agent will act on his or her behalf establish the agency relationship? | Principal and Agent - Memo 549 - RK_64007.docx | ROSS-003280484-ROSS-003280485 |
| State v. Keel, 333 N.C. 52 | 135H+100.1 | Acquittal by trial court based on insufficiency of evidence is absolute bar to retrial, even if acquittal is based on egregiously erroneous grounds. U.S.C.A. Const.Amend. 5. | "Is an acquittal by court based on insufficiency of evidence an absolute bar to retrial, even if acquittal is based on egregiously erroneous grounds?" | Double Jeopardy - Memo 803 - C - SKG_67920.docx | ROSS-003281720-ROSS-003281721 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Anderson v. Dep't of Labor & Indus., 173 Wash. 483 | 413+105 | Whether occupation is extrahazardous, and so within compensation act, depends on whether act has so declared it, or it has been so found by Department of Labor and Industries. Rem.Rev.Stat. S 7674. | " Is whether an occupation is extrahazardous, and so within compensation act, depends on whether the act has so declared it, or it has been so found by the Department of Labor and Industry?" | Workers' Compensation - Memo 692 - C - ANC_65525.docx | ROSS-003282083-ROSS-003282084 |
| Kingsley Capital Mgmt. v. Sly, 820 F. Supp. 2d 1011 | 25T+179 | Those who have not signed a contract containing an arbitration clause may sometimes benefit from it through doctrines such as assumption, agency, veil-piercing/alter ego, and estoppel. | Is it possible for parties who have not signed a contract containing an arbitration clause to benefit from it? | Alternative Dispute Resolution - Memo 787 - RK_58120.docx | ROSS-003282628-ROSS-003282629 |
| Shen v. Japan Airlines, 918 F. Supp. 686 | 221+343 | Party may assert act of state doctrine where its conduct has been compelled by foreign government. | May a party assert the act of state doctrine where its conduct has been compelled by a foreign government? | International Law - Memo # 573 - TH.docx | ROSS-003282847-ROSS-003282848 |
| People v. Cook, 186 A.D.2d 879 | 37+120 | The elements of assault with a firearm include (1) an assault, which requires the intent to commit a battery, and (2) the foreseeable consequence of which is the infliction of great bodily injury upon the subject of the assault. West's Ann.Cal.Penal Code S 245(a)(2). | What are the elements of assault with a firearm? | Homicide - Memo 110 - RK.docx | ROSS-003284289-ROSS-003284290 |
| Bass v. Bass, 814 S.W.2d 38 | 289+453 | Although contract of partnership, either express or implied, is essential to creation of "partnership" status, it is not essential that parties actually intend to become partners. T.C.A. SS 61-1-105(a), 61-1-106(4), (4)(A-E). | Is an express or implied partnership contract essential to the creation of a partnership? | Partnership - Memo 151 - JS.docx | ROSS-003284840-ROSS-003284841 |
| Nationwide Mut. Fire Ins. Co. v. T & N Master Builder & Renovators, 2011 IL App (2d) 101143 | 366+1 | As an action in equity, a claim may be subrogated only in order to prevent injustice or unjust enrichment and will not be maintained when it would be inequitable to do so. | Can a claim be subrogated only in order to prevent injustice as an action in equity? | Subrogation - Memo 221 RM C.docx | ROSS-003285676-ROSS-003285677 |
| Bradshaw v. Park, 29 Cal. App. 4th 1267 | 413+1 | Underpinnings of workers' compensation system rest upon employer's obligation to secure payment of workers' compensation. | Do the underpinnings of the workers' compensation system rest upon the employer's obligation to secure payment of workers' compensation? | Workers Compensation - Memo #80 ANC.docx | ROSS-003286449-ROSS-003286450 |
| Estate of Underwood v. Nat'l Credit Union Admin., 665 A.2d 621 | 413+1 | Workers' Compensation Act provides comprehensive scheme for compensating private sector employees for their work-related injuries. D.C.Code 1981, S 36-303. | Does the workers' compensation act provide a comprehensive scheme for compensating private sector employees for their work-related injuries? | Workers Compensation - Memo #65 ANC.docx | ROSS-003286925-ROSS-003286926 |
| Popper v. Monroe, 673 F. Supp. 1228 | 25T+143 | If alleged defamation arose directly out of dispute regarding terms of parties contractual relationship, if defamatory statements were integrally linked to contractual relationship between parties, or if defamatory statements arose from performance of contract, under arbitration clause of agreement, arbitration must be compelled. 9 U.S.C.A. SS 1 et seq., 3. | Can defamation claims be settled through arbitration? | Alternative Dispute Resolution - Memo 534 - RK.docx | ROSS-003287016-ROSS-003287017 |
| State ex rel. D.L.S., 446 S.W.3d 506 | 30+23 | Subject-matter jurisdiction is fundamental to the court's authority to dispose of cases, and the Court of Appeals may raise the issue sua sponte at any time. | Is subject-matter jurisdiction fundamental to a court's authority to dispose of cases? | Appeal and error - Memo 50 - RK.docx | ROSS-003287271-ROSS-003287272 |
| Fry v. Guillote, 577 S.W.2d 346 | 113+12(1) | To establish custom and usage that would be included in contract without being expressed therein, it is necessary to show that it is a custom generally known to parties or that parties contracted with reference thereto. | "In order to establish custom and usage, what is necessary?" | Customs & Usage - Memo 43 - TB.docx | ROSS-003288320-ROSS-003288321 |
| United States v. Teller, 107 U.S. 64 | 92+2632 | Pensioners of the United States have no vested legal rights to their pensions, and it was competent for congress by Act July 25, 1882, c. 349, S 5, 38 U.S.C.A. S 29, to provide that no person receiving a pension under a special act should receive in addition a pension under the general law. | Can a person receiving a pension under a special act receive an additional pension under the general law? | Pension - Memo 17 - SB.docx | ROSS-003288514-ROSS-003288515 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| White v. Gen. Motors Corp., 908 F.2d 675 | 170A+2829 | Parties claiming inability to pay Rule 11 sanctions have burden to come forward with evidence of financial status. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A. | Is it the burden of the parties being sanctioned to come forward with evidence of their financial status in order to demonstrate an inability to pay? | Bribery - Memo 1105 - C - ML_65564.docx | ROSS-003293380-ROSS-003293381 |
| McCann v. Lakewood, 95 Ohio App. 3d 226 | 30+78(4) | Dismissal for failure to prosecute is involuntary dismissal and is deemed to be dismissal on the merits and thus is a final appealable order unless court expressly states otherwise. Rules Civ.Proc., Rule 41(B)(1). | Is the dismissal for failure to prosecute deemed to be the dismissal on the merits? | Pretrial Procedure - Memo # 9235 - C - SN_61139.docx | ROSS-003293748-ROSS-003293749 |
| Kouba v. E. Joliet Bank, 135 Ill. App. 3d 264 | 308+1 | Attorney, broker, auctioneer and similar persons employed for single transaction or series of transactions are "agents," although as to their physical activities they are "independent contractors." | Is a broker employed for a single transaction an agent? | Principal and Agent - Memo 524 - RK_63982.docx | ROSS-003293821-ROSS-003293822 |
| Illinois Publ'g& Printing Co. v. Indus. Comm'n, 299 Ill. 189 | 413+101 | Workmen's Compensation Act, S 3, S.H.A. ch. 48, S 139, providing that its terms shall apply to all employers and their employees engaged in any of the enterprises or businesses declared extrahazardous, is not separable, but general, and includes all the employees of an employer engaged in an extrahazardous business. | Do the provisions of the Compensation Act apply automatically and without election to all employers and their employees engaged in enterprises or businesses declared to be extrahazardous? | Workers' Compensation - Memo #625 - C - ANC_63846.docx | ROSS-003294504-ROSS-003294505 |
| Bavand v. OneWest Bank, F.S.B., 176 Wash. App. 475 | 307A+622 | Any hypothetical situation conceivably raised by a complaint defeats a motion to dismiss for failure to state a claim if it is legally sufficient to support the plaintiff's claim. CR 12(b)(6). | Should motions to dismiss for failure to state a claim be granted only sparingly and with care? | Pretrial Procedure - Memo # 8193 - C - KBM_58768.docx | ROSS-003296380-ROSS-003296381 |
| St. John v. State, 529 N.E.2d 371 | 135H+30 | Sentence enhancements based on prior criminal convictions do not invoke principles of double jeopardy and do not constitute multiple punishment in violation of double jeopardy clause. U.S.C.A. Const.Amend. 5. | Do sentencing enhancements for prior criminal conduct constitute multiple punishments for the prior offenses? | Double Jeopardy - Memo 1172 - C - SHB_68246.docx | ROSS-003296681-ROSS-003296682 |
| Gunter v. Murphy's Lounge, 141 Idaho 16 | 307A+3 | The trial court may deny the motion in limine and wait until trial to determine if the evidence should be admitted or excluded. | Can the trial court deny the motion in limine and wait until trial to determine if the evidence should be admitted or excluded? | Pretrial Procedure - Memo # 22 - C - KA.docx | ROSS-003297214-ROSS-003297216 |
| Sch. of Visual Arts v. Kuprewicz, 3 Misc. 3d 278 | 386+6 | To establish trespass to chattels, plaintiff must prove that defendant intentionally, and without justification or consent, physically interfered with use and enjoyment of personal property in plaintiff's possession, and that plaintiff was harmed thereby. | What constitutes a trespass to chattel? | Trespass - Memo 112 - JS.docx | ROSS-003297728-ROSS-003297729 |
| Grosch v. Tunica Cty., Mississippi, 569 F. Supp. 2d 676 | 386+7 | Under Mississippi law, difference between trespass to chattels and conversion is primarily one of degree; trespass to chattels involves interference or damage that is of less serious or substantial nature, but conversion claims involve substantial interference or damage. | What is the difference between trespass to chattels and conversion? | Trespass - Memo 122 - RK.docx | ROSS-003298458-ROSS-003298459 |
| Able v. United States, 863 F. Supp. 112 | 34+2 | When military regulation is at issue Congress is permitted to legislate with both greater breadth and with greater flexibility, than in civilian context, before statute can be declared void for vagueness. | Is Congress permitted to legislate with both greater breadth and with greater flexibility when military regulation is at issue? | Armed Forces - Memo 43 RK.docx | ROSS-003299165-ROSS-003299166 |
| Dix Mut. Ins. Co. v. LaFramboise, 149 Ill. 2d 314 | 366+1 | There is no general rule to determine whether right of subrogation exists since right depends upon equities of each particular case. | Is there a general rule to determine whether a right of subrogation exists? | Subrogation - Memo 267 - ANG C.docx | ROSS-003299401-ROSS-003299402 |
| McCarthy v. Azure, 22 F.3d 351 | 25T+112 | Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit; thus, party seeking to substitute in arbitral forum or judicial forum must show, at a bare minimum, that protagonists have agreed to arbitrate some claims. | What should a party seeking to substitute arbitral forum or judicial forum prove? | Alternative Dispute Resolution - Memo 81 - AKA.docx | ROSS-003299413-ROSS-003299414 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| JPMorgan Chase Bank v. Howell, 883 N.E.2d 106 | 366+1 | The application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case. | Does the application of the doctrine of equitable subrogation depend on the equities and attending facts and circumstances of each case? | Subrogation - Memo # 482 - C - SA.docx | ROSS-003299545-ROSS-003299546 |
| Gen. Motors Corp. v. Pamela Equities Corp., 146 F.3d 242 | 25T+111 | "Arbitration" is the reference of a particular dispute to an impartial third person chosen by the parties to the dispute who agree, in advance, to abide by the arbitrator's award issued after a hearing at which both parties have an opportunity to be heard. LSA-C.C. art. 3099. | What is arbitration? | Alternative Dispute Resolution - Memo 24 - JS.docx | ROSS-003299631-ROSS-003299632 |
| Molczak v. Molczyk, 285 Neb. 96 | 307A+517.1 | An order of dismissal or dismissal by operation of law divests a court of jurisdiction to take any further action in the matter. | Does an order of dismissal or dismissal by operation of law divest a court of jurisdiction to take any further action in the matter? | Pretrial Procedure - Memo # 2835 - C - RF.docx | ROSS-003301625-ROSS-003301626 |
| In re Frankum, 399 B.R. 498 | 366+1 | "Subrogation" simply means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against defendant. | Does subrogation simply mean substitution of one person for another? | Subrogation - Memo 323 RM C.docx | ROSS-003302845-ROSS-003302846 |
| Reuille v. Bowers, 409 N.E.2d 1144 | 48A+244(21) | Proof of violation of motor vehicle safety statute is prima facie evidence of negligence, subject to being overcome by proof to the contrary. | Can proof of violation of a motor vehicle statute be an evidence of negligence? | Highways - Memo 45-IS.docx | ROSS-003303949-ROSS-003303950 |
| Acuity v. McGhee Eng'g, 297 S.W.3d 718 | 366+1 | Equitable subrogation will not be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others. | "Will equitable subrogation be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others? " | Subrogation - Memo # 437 - C - SU.docx | ROSS-003309732-ROSS-003309734 |
| Phillipe v. State, 458 N.E.2d 1159 | 135H+100.1 | Acquittal is absolute shield protecting defendant from retrial even if acquittal is on defective charging instrument. IC 35-41-4-3 (1982 Ed.); Const. Art. 1, S 14; U.S.C.A. Const.Amend. 14. | Is an acquittal an absolute shield protecting a defendant from retrial even if an acquittal is on a defective charging instrument? | Double Jeopardy - Memo 809 - C - SKG_67926.docx | ROSS-003310240-ROSS-003310241 |
| Employers Mut. Cas. Co. v. Samuels, 407 S.W.2d 839 | 221+136 | High sea does not form part of the territory of any nation, and no nation can have over it any right of ownership, sovereignty or jurisdiction. | "Does the high sea form part of the territory of any nation and can any nation have any right of ownership, sovereignty or jurisdiction over it? " | International Law - Memo # 25 - C - LK.docx | ROSS-003310549-ROSS-003310550 |
| Trendmark Homes v. Bank of N. Georgia, 314 Ga. App. 886 | 157+420(7) | Because a promissory note is an unconditional promise, and the contract is complete as written, parol evidence may not be used to impose conditions which are not apparent from the face of the note. | Can a promissory note be modified by the imposition of conditions which are not apparent on its face? | Bills and Notes - Memo 18 - RK.docx | ROSS-003310621-ROSS-003310622 |
| Grosch v. Tunica Cty., Mississippi, 569 F. Supp. 2d 676 | 386+7 | Under Mississippi law, difference between trespass to chattels and conversion is primarily one of degree; trespass to chattels involves interference or damage that is of less serious or substantial nature, but conversion claims involve substantial interference or damage. | Is there a difference between trespass to chattel and conversion? | Trespass - Memo 119 - RK.docx | ROSS-003311012-ROSS-003311013 |
| Mut. Serv. Cas. Ins. Co. v. Elizabeth State Bank, 265 F.3d 601 | 366+1 | Under Illinois law, right to subrogation does not invariably depend upon existence of agreement; rather, right of equitable subrogation can arise simply from fact of payment. | Do equitable subrogation claims depend on the existence of an agreement and arise simply from the fact of payment? | Subrogation - Memo 236-VG C.docx | ROSS-003311019-ROSS-003311021 |
| City of Quincy v. Diamond Const. Co., 327 Ill. App. 3d 338 | 307A+3 | A trial court has broad discretion to grant or deny a motion in limine as part of its inherent power to admit or exclude evidence. | Is it within the discretion of the trial judge to grant or deny a motion in limine? | Pretrial Procedure - Memo # 955 - C - MLS.docx | ROSS-003311185-ROSS-003311186 |
| AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 360+18.15 | When state law prohibits outright the arbitration of a particular type of claim, the conflicting state rule is displaced by the Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Will the Federal Arbitration Act (FAA) displace a state rule that prohibits arbitration? | Alternative Dispute Resolution - Memo 333 - RK.docx | ROSS-003311347-ROSS-003311348 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brokamp v. Mercy Hosp. Anderson, 132 Ohio App. 3d 850 | 307A+3 | Power to grant a motion in limine lies within the sound discretion of the trial court. | Does the power to grant a motion in limine lie within the sound discretion of the trial court? | Pretrial Procedure - Memo # 951 - C - MLS.docx | ROSS-003314331-ROSS-003314332 |
| Lake Cty. Tr. Co. v. Lane, 478 N.E.2d 684 | 320+82(5) | In view of rule that owner of property whereon public highway lies holds property in fee, subject only to public's easement, owners of property that abutted county road on the east, rather than the county, were owners to whom one half of abandoned railroad right-of-way easement reverted where the east edge of the right-of-way met the abutting property at approximately the outerline of the highway. | "Does the owner of a property, whereon public highway lies, hold property in fee, subject only to publics easement? " | Highways -Memo 157 - DB.docx | ROSS-003314371-ROSS-003314372 |
| Acuity v. McGhee Eng'g, 297 S.W.3d 718 | 366+1 | Equitable subrogation will not be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others. | "Will subrogation or equitable subrogation be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others?" | Subrogation - Memo 324 - VP.docx | ROSS-003314825-ROSS-003314826 |
| Gold v. Rowland, 296 Conn. 186 | 307A+554 | A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. | "Does a motion to dismiss test whether, on the face of the record, the court is without jurisdiction?" | Pretrial Procedure - Memo # 5652 - C - KG.docx | ROSS-003314949-ROSS-003314950 |
| Miller v. Miller, 1981-NMSC-078 | 307A+716 | Continuance is not ipso facto allowed when party's attorney withdraws; motion to continue is addressed to sound discretion of trial judge. | Is continuance not ipso facto allowed when party's attorney withdraws because the motion to continue is addressed to sound discretion of a trial judge? | Pretrial Procedure - Memo # 3362 - C - SB.docx | ROSS-003317770-ROSS-003317771 |
| State v. Chung, 75 Haw. 398 | 3.77E+12 | Conduct proscribed by the offense of terroristic threatening is a threat to cause bodily injury to another person and terrorization as the result of the proscribed conduct; with respect to the latter, statute alternatively enumerates intent or reckless disregard as the requisite state of mind and, although statute is silent as to the requisite state of mind applicable to the proscribed conduct, no purpose plainly appears to apply a different state of mind. HRS S 707-715. | What is the conduct proscribed by the offense of terroristic threatening? | Threats - Memo #116 - C - LB_62504.docx | ROSS-003320238-ROSS-003320239 |
| Horvath v. Bank of New York, N.A., 641 | 83E+426 | Under Virginia law, negotiable instruments like mortgage notes that are endorsed in blank may be freely transferred; whoever possesses an instrument endorsed in blank has full power to enforce it. West's V.C.A. SS 8.3A-104, 8.3A-201(b), 8.3A-203(b), 8.3A-205(b). | Can negotiable instruments like mortgage notes that are endorsed in a bank be transferred for nine-tenth of the possession? | Bills and Notes- Memo 347-PR_60210.docx | ROSS-003320794 |
| Kouba v. E. Joliet Bank, 135 Ill. App. 3d 264 | 308+1 | Attorney, broker, auctioneer and similar persons employed for single transaction or series of transactions are "agents," although as to their physical activities they are "independent contractors." | Is an auctioneer employed for a single transaction an agent? | Principal and Agent - Memo 543 - RK_64001.docx | ROSS-003322430-ROSS-003322431 |
| Kamm's Estate v. C.I.R., 349 F.2d 953 | 308+15 | Fact that an agent represents several sellers who have given various instructions concerning disposition of their several shares and proceeds does not derogate from individual agency relation between each seller and common agent. | Can an agent represent multiple sellers or principals? | Principal and Agent - Memo 9 -RK.docx | ROSS-003323456-ROSS-003323457 |
| State Bar of California v. Statile, 168 Cal. App. 4th 650 | 366+2 | The true nature of subrogation is that it is applied in all cases in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter. | What is the true nature of subrogation? | Subrogation - Memo 303 - RM C.docx | ROSS-003324542-ROSS-003324543 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 61 F. Supp. 3d 372 | 221+342 | Act of state doctrine does not prevent examination of validity of foreign state's act with respect to thing located, or interest localized, outside of its territory. | "Does the act of state doctrine prevent examination of validity of foreign state's act with respect to thing located, or interest localized, outside of its territory?" | International Law - Memo # 138 - C - SA.docx | ROSS-003326152-ROSS-003326153 |
| Alemayehu v. Abere, 199 F. Supp. 3d 74 | 9+1 | An accounting is a detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation; such relief may be appropriate when a plaintiff is unable to determine how much, if any, money is due him from another. | What is accounting? | 01477.docx | LEGALEASE-00077038-LEGALEASE-00077039 |
| State v. Wooderd, 20 Iowa 541 | 181+1 | The making or alteration of any writing, with a fraudulent intent, whereby another may be prejudiced, is forgery; it is not essential that any person should be actually injured. | "In forgery, is it essential that the person must be actually injured?" | Forgery - Memo 15 - RM.doc | ROSS-003288691-ROSS-003288692 |
| State v. White, 115 Wis. 2d 696 | 181+19 | Crimes of forgery and attempting to utter a forged instrument are separate and distinct offenses; conviction of one is not dependent upon conviction of other. K.S.A. 21-621. | Are forgery and uttering forged instrument two separate crimes? | Forgery - Memo 9 - RMMM.docx | ROSS-003281708-ROSS-003281709 |
| Fallarino v. Fallarino, 56 Misc. 3d 67 | 315+185 | Because the life tenant has the exclusive right to the property during his or her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy. | What is the substance of right conferred on a life tenant? | Life Estates - Memo 2 - RM.docx | ROSS-003295180-ROSS-003295182 |
| Melnick v. Pennsylvania Co. for Banking & Trusts, 180 Pa. Super. 441 | 38+31 | A "legal assignment" is a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one whole interest in an estate, chattel or other thing. | What is an assignment? | Assignments - Memo 3 - MS.docx | LEGALEASE-00000459-LEGALEASE-00000460 |
| Joule v. Simmons, 459 Mass. 88 | 25T+112 | Federal Arbitration Act (FAA) directs courts to place arbitration agreements on equal footing with other contracts, but it does not require parties to arbitrate when they have not agreed to do so; arbitration under the FAA is a matter of consent, not coercion. 9 U.S.C.A. S 1 et seq. | What is the basic precept of arbitration imposed by Federal Arbitration Act (FAA)? | 003717.docx | LEGALEASE-00115756-LEGALEASE-00115758 |
| Nat'l Football League Players Ass'n on behalf of Peterson v. Nat'l Football League, 831 F.3d 985 | 231H+1576 | When parties to a labor contract elect to resolve disputes through arbitration, a grievant can ask no more impartiality than inheres in the method they have chosen. Labor Management Relations Act, 1947 S 301, 29 U.S.C.A. S 185. | Can parties to arbitration ask for more impartiality than inheres in the method they have chosen? | 003725.docx | LEGALEASE-00115748-LEGALEASE-00115750 |
| Saint John Marine Co. v. United States, 92 F.3d 39 | 393+986 | Anti-Assignment Act generally prohibits voluntary assignment of demands against the government, but does not prohibit assignments or transfers of claims against the United States that occur involuntarily by operation of law, without regard to whether assignment by operation of law produces some of the inconveniences sought to be avoided by the Act. 31 U.S.C.A. S 3727. | Does the Anti- Assignments Act prohibit voluntary assignments? | Assignments - Memo 14 - JS.docx | ROSS-003284584-ROSS-003284586 |
| Hall v. Elrac, 79 A.D.3d 427 | 21+15 | As long as the oath for a foreign affidavit is duly given, authentication of the oathgiver's authority can be secured later, and given nunc pro tunc effect if necessary. McKinney's CPLR 2309(c); McKinney's Real Property Law S 299-a. | Can the authentication of the oathgivers authority be secured later? | 003775.docx | LEGALEASE-00115824-LEGALEASE-00115825 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Strange's Estate, 164 Misc. 929 | 38+9 | Equity courts will support post-obit agreements assigning contingent interests, provided agreements are fairly entered into, and it would not be against public policy to uphold them, and no special type of agreement need be present to support such contracts. | Does equity uphold assignments of contingent interests? | Assignments - Memo 21 - AKA.docx | ROSS-003297046-ROSS-003297048 |
| Keese v. Zerbst, 88 F.2d 795 | 181+10 | Erasing words from instrument or severing portion thereof so that its effect is changed is material alteration and constitutes "forgery" at common law. | Does erasing words from an instrument constitute forgery? | 003938.docx | LEGALEASE-00115941-LEGALEASE-00115942 |
| Howard Univ. v. Metro. Campus Police Officer's Union, 512 F.3d 716 | 25T+112 | Arbitration is a matter of consent; if a party submits to arbitration without objecting to the arbitrator's jurisdiction, then it may fairly be said to have consented to the arbitration, and the other party, having gone forward with the proceeding, may fairly be said to have relied upon that consent. | When can the court infer that parties have consented to the arbitration? | 005236.docx | LEGALEASE-00115872-LEGALEASE-00115874 |
| Complaint of Valley Towing Services, 629 F. Supp. 139 | 16+1(2) | Admiralty is essentially the law of equity, and courts are privileged to exercise flexibility and award what is fair; hands of court are not tied by the rigidity of common law. | Does an admiralty court have the privilege to exercise flexibility? | Admiralty Law - Memo 8 - JS.docx | ROSS-003329512-ROSS-003329514 |
| Ellis v. Riverport Enterprises, 957 F. Supp. 105 | 16+17.1 | Plaintiff seeking to invoke admiralty tort jurisdiction must show: that the tort occurred on navigable water or if the injury occurred on land, that it was caused by vessel on navigable water; and that the general character of the incident had a potentially disruptive impact upon maritime commerce and a substantial relationship to traditional maritime activity. | Does a tort claim for an injury that occurred at the dock of a vessel come under admiralty jurisdiction? | 04995.docx | LEGALEASE-00078095-LEGALEASE-00078096 |
| State v. Mitton, 37 Mont. 366 | 181+10 | Changing a writing from a nonnegotiable instrument into a negotiable note is such a material alteration as constitutes forgery, where done with a criminal intent. | Is a change of a writing from a non-negotiable instrument into a negotiable instrument a material alteration of the original instrument? | 004007.docx | LEGALEASE-00115999-LEGALEASE-00116000 |
| Gable v. Raftery, 65 N.Y.S.2d 513 | 277+12 | Persons notified of an action or proceeding in which they are directly interested may be required to exercise reasonable diligence to protect their interests. | What is required from a person who is notified of an action or proceeding in which he is directly interested? | 03842.docx | LEGALEASE-00078149-LEGALEASE-00078150 |
| Fleming v. Fleming, 141 Ga. App. 51 | 21+16 | Since, by definition, an "affidavit" is a statement of fact confirmed by oath, it cannot be enlarged or amended by adding other statements without verification. | Can an affidavit be enlarged or amended by adding other statements without verification? | Affidavits - Memo 26 - JS.docx | LEGALEASE-00001334-LEGALEASE-00001335 |
| People v. Nesseth, 127 Cal. App. 2d 712 | 181+10 | Alteration of a document without authority with intent to defraud, so as to constitute forgery, may consist of the insertion of matter in the document in question after it has been signed. West's Ann.Pen.Code, S 470. | Does alteration of a document without authority amount to forgery? | 03833.docx | LEGALEASE-00078166-LEGALEASE-00078167 |
| Fleming v. Fleming, 141 Ga. App. 51 | 21+16 | Since, by definition, an "affidavit" is a statement of fact confirmed by oath, it cannot be enlarged or amended by adding other statements without verification. | Can an affidavit be enlarged or amended by adding other statements without verification? | 03815.docx | LEGALEASE-00078164-LEGALEASE-00078165 |
| Kiefer Specialty Flooring v. Tarkett, 174 F.3d 907 | 25T+112 | Whether particular issue is subject to arbitration is matter of contract interpretation, because party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. | Is an issue subject to arbitration a matter of contract interpretation? | Alternative Dispute Resolution - Memo 65 - JS.docx | ROSS-003284635-ROSS-003284636 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| World Rentals & Sales v. Volvo Const. Equip. Rents, 517 F.3d 1240 | 25T+182(1) | Party ordinarily is not compelled to arbitrate unless that party has entered into agreement to do so; however, signatory may bind non-signatory to arbitration agreement under theories of: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter-ego; and (5) estoppel. | Do common law principles of contract and agency law allow a signatory to bind a non-signatory to an arbitration agreement? | 003750.docx | LEGALEASE-00116152-LEGALEASE-00116153 |
| Parvataneni v. E*Trade Fin. Corp., 967 F. Supp. 2d 1298 | 25T+210 | It is impermissible for the Court to presume the parties agreed to class arbitration simply because an arbitration agreement exists; therefore, if an arbitration agreement is silent as to whether class arbitration is permitted, it should not be presumed that the parties agreed to submit to class arbitration. | If there is no contract can parties be submitted to class arbitration? | Alternative Dispute Resolution - Memo 53-JS.docx | LEGALEASE-00001447-LEGALEASE-00001448 |
| Gen. Motors Corp. v. Pamela Equities Corp., 146 F.3d 242 | 25T+111 | "Arbitration" is the reference of a particular dispute to an impartial third person chosen by the parties to the dispute who agree, in advance, to abide by the arbitrator's award issued after a hearing at which both parties have an opportunity to be heard. LSA-C.C. art. 3099. | What is arbitration? | 004162.docx | LEGALEASE-00116245-LEGALEASE-00116246 |
| Oasis Int'l Waters v. United States, 110 Fed. Cl. 87 | 311H+156 | The attorney-client privilege protects an attorney's communication to a client only when it reveals, directly or indirectly, the substance of a confidential communication by the client made for the purpose of obtaining legal advice. | What protection is afforded under an attorney-client privilege? | 005300.docx | LEGALEASE-00116209-LEGALEASE-00116211 |
| Kevin Messina v. John A. White (In re Kevin Messina), 574 F.3d 119 | 354+80 | "Seaworthiness" is a relative term depending upon its application to the type of vessel and the nature of the voyage; the general rule is that the vessel must be staunch, strong, well equipped for the intended voyage, and manned by a competent and skillful master of sound judgment and discretion. | Is a vessel operated by an incompetent crew considered seaworthy? | Admiralty Law - Memo 26 - JS.docx | ROSS-003297679-ROSS-003297681 |
| Nannie Lee's Strawberry Mansion v. City of Melbourne, 877 So. 2d 793 | 414+1575 | Landowners were required to bring any constitutional challenges to zoning ordinance approving developer's site plan in an original declaratory judgment action or other equitable circuit court proceeding, and could not raise such challenges in a certiorari proceeding. | Can a zoning ordinance be challenged by certiorari? | 004262.docx | LEGALEASE-00116340-LEGALEASE-00116342 |
| May v. May, 214 W. Va. 394 | 134+706 | For purposes of equitable distribution analysis in dissolution proceedings, "enterprise goodwill" is an asset of the business and may be attributed to a business by virtue of its existing arrangements with suppliers, customers or others, and its anticipated future customer base due to factors attributable to the business. | How does one define enterprise goodwill? | Good Will - Memo 5 - SK.docx | ROSS-003288432-ROSS-003288433 |
| In re Mississippi Valley Livestock, 745 F.3d 299 | 50+1 | Although bailment takes many forms, the characteristics common to every bailment under Illinois law are the intent to create a bailment, delivery of possession of the bailed items, and the acceptance of the items by the bailee. | Does a creation of a bailment require intent to create a bailment? | 07375.docx | LEGALEASE-00079087-LEGALEASE-00079089 |
| Adams v. State Farm Mut. Auto. Ins. Co., 264 S.W.3d 424 | 146+1 | "Embezzlement" is a statutory crime involving breach of duty or trust in respect to property in alleged embezzler's possession belonging to another and alleged embezzler's wrongful or fraudulent appropriation thereof to his own use. Code 1940, Tit. 14, SS 126, 133. | Is embezzlement a statutory offence? | 004327.docx | LEGALEASE-00116497-LEGALEASE-00116498 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Innovant Pharmacy v. Morganstern, 390 F. Supp. 2d 179 | 95+116(2) | Under Pennsylvania law, goodwill of business is interest protectable by restrictive covenant, even when that goodwill has been acquired with assistance, or through efforts, of employee whose activities are sought to be restrained. | Is goodwill protectable by a restrictive covenant? | 004389.docx | LEGALEASE-00116663-LEGALEASE-00116664 |
| City of Santa Barbara v. Superior Court, 41 Cal. 4th 747 | 272+233 | "Ordinary negligence," an unintentional tort, consists of a failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm. | What is Ordinary Negligence? | 10823.docx | LEGALEASE-00089272-LEGALEASE-00089273 |
| Zissu v. IH2 Prop. Illinois, 157 F. Supp. 3d 797 | 50+1 | A bailment occurs under Illinois law when goods, or other personal property, are delivered to another, who under contract either express or implied has agreed to accept delivery and deal with the property in a particular way. | When does a bailment occur? | Bailment - Memo 4 - JS.docx | ROSS-003297943-ROSS-003297944 |
| Simmons v. State, 208 Md. App. 677 | 234+8 | In "embezzlement," as distinguished from "larceny," defendant must convert property to his own use or steal it before it rests ultimately, actually or constructively, in the possession of the owner, and, if the taking of the property is after it is in possession of the owner, then the taking is but "larceny." Code, S 26-2803. | How is larceny distinguished from embezzlement? | 004530.docx | LEGALEASE-00116541-LEGALEASE-00116543 |
| People v. Tostado, 92 Ill. App. 3d 837 | 210+869 | Identity of victim as charged in criminal homicide indictment must be proved by State so that defendant can prepare his defense and also to avoid double jeopardy problems. S.H.A. ch. 38, S 9-3; U.S.C.A.Const. Amend. 5. | Is proof of identity of the decedent a necessity in the case of a homicide? | 004572.docx | LEGALEASE-00116560-LEGALEASE-00116561 |
| Gen Ads v. Breitbart, 435 F. Supp. 2d 1116 | 253+901 | Although community property can be held liable for an obligation incurred by one spouse for the benefit of the community, the marital community is not a separate legal entity from the spouses. | Is the marital community a separate legal entity? | Marriage and Cohabitation - Memo 22 - RK.docx | ROSS-003281705-ROSS-003281707 |
| Pettingill v. Moede, 129 Colo. 484 | 272+275 | A failure to act in prevention of accident, or omitting to weigh consequences of conduct, is "simple negligence," but a mentally active restraint from preventing accident or refusing to weigh consequences of conduct is "willful negligence". '35 C.S.A. c. 16, S 371. | How do the courts differentiate between simple negligence and willful act? | 004436.docx | LEGALEASE-00116633-LEGALEASE-00116634 |
| St. Cloud Newspapers v. Dist. 742 Cmty. Sch., 332 N.W.2d 1 | 15A+1067(1) | Minnesota Open Meeting Law does not apply to chance or social gatherings, nor does it prohibit meetings of affected public bodies; it merely requires that such meetings be open to public. M.S.A. S 471.705. | Does Open Meetings Act prohibit political discussions between or among members of public bodies? | 004602.docx | LEGALEASE-00117029-LEGALEASE-00117031 |
| S. Indiana Gas & Elec. Co. v. City of Boonville, 215 Ind. 552 | 148+4 | The power of eminent domain is an attribute of sovereignty which inures in every independent state and cannot be surrendered, and if attempted to be contracted away it may be resumed at will. | Can the power of eminent domain be surrendered? | Eminent Domain - Memo 25 - AKA.doc | LEGALEASE-00002819-LEGALEASE-00002820 |
| Greer v. City of Memphis, 356 S.W.3d 917 | 30+3801 | The arguments of counsel and the recitation of facts contained in a brief, or a similar pleading, are not evidence; the same is true of statements made by counsel during the course of a hearing, trial, or argument in the Court of Appeals. | Are arguments of a counsel evidence? | Pleading - Memo 16 - VP.docx | ROSS-003297836-ROSS-003297838 |
| DDJ Mgmt. v. Rhone Grp. L.L.C., 78 A.D.3d 442 | 302+18 | Plaintiff alleging aiding-and-abetting fraud claim may plead actual knowledge generally, particularly at prediscovery stage, so long as such intent may be inferred from surrounding circumstances. McKinney's CPLR 3016(b). | Are pleading requirements narrowly construed? | 004847.docx | LEGALEASE-00116970-LEGALEASE-00116971 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rojas-Buscaglia v. Taburno-Vasarhelyi, 199 F. Supp. 3d 520 | 50+1 | Under Puerto Rico law, a "depositum contract" is a contract whereby one person, the depositor, hands a piece of personal property to another person, the depositary, for the sole purpose of having the depositary keep, conserve, and return the property. 31 L.P.R.A. S 4641. | What is a depositum? | Bailment - Memo 44 - RK.docx | ROSS-003311753-ROSS-003311754 |
| People v. Beaver, 186 Cal. App. 4th 107 | 146+10 | The crime of embezzlement requires the existence of a relation of trust and confidence, similar to a fiduciary relationship, between the victim and the perpetrator. | Does embezzlement require the existence of trust and confidence between the victim and perpetrator? | 005009.docx | LEGALEASE-00117105-LEGALEASE-00117106 |
| Horizon Health Corp. v. Tyler-Holmes Mem'l Hosp., 284 F. Supp. 2d 439 | 25T+141 | Because arbitration is a creature of contract law, when asked to enforce an arbitration agreement against a non-signatory, courts should ask whether she is bound by that agreement under traditional principles of contract and agency law. | What is the determining factor in enforcing an arbitration agreement against a non-signatory to the contract? | 005214.docx | LEGALEASE-00116871-LEGALEASE-00116873 |
| Rader v. Levenson, 290 Ga. App. 227 | 302+1 | The Civil Practice Act does not require any technical forms of pleadings, and a pleading will be deemed sufficient if it provides a party with fair notice of a claim asserted against her. West's Ga.Code Ann. S 9-11-1 et seq. | Are technical forms of pleading required? | 004828.docx | LEGALEASE-00116774-LEGALEASE-00116775 |
| Adkins v. Labor Ready, 303 F.3d 496 | 25T+113 | Federal Arbitration Act (FAA) reflects a liberal federal policy favoring arbitration agreements; underlying this policy is Congress's view that arbitration constitutes a more efficient dispute resolution process than litigation. 9 U.S.C.A. S 1 et seq. | Is arbitration a more efficient dispute resolution process than litigation? | 004923.docx | LEGALEASE-00117169-LEGALEASE-00117171 |
| Valentino v. Cty. of Tompkins, 45 A.D.3d 1235 | 15A+1861 | Fee setting by municipal agencies is correctly viewed as a quasi-legislative act of an administrative agency, and the proper review procedure depends on the nature of the challenge raised. | "Is anAdministrative agency's decision to impose a fee, charge, or other exaction a quasi-legislative act?" | 000383.docx | LEGALEASE-00117417-LEGALEASE-00117419 |
| Roxfort Holding Co. v. United States, 176 F. Supp. 587 | 233+709 | A "tenant at sufferance" is one who has a possessory interest in land by virtue of a conveyance and wrongfully remains in possession after termination of his estate without claiming a superior title. | What is a tenant at sufferance? | Landlord and Tenant - Memo 18 - RK.docx | ROSS-003298090-ROSS-003298091 |
| In re Valenti, 178 Cal. App. 3d 470 | 350H+594 | Compelling state interest in protecting its law-abiding citizens by discouraging criminal element from repeatedly violating its laws would be advanced by not applying statute limiting consecutive felony sentences, West's Ann.Cal.Penal Code S 1170.1, to misdemeanants, and thus, unavailability of such statute as bar to unlimited consecutive misdemeanor sentences does not violate equal protection, in light of fact that misdemeanant completes sentence with neither further obligation nor disability, while typical felon is uniquely burdened by diverse collection of statutorily imposed disabilities long after release from prison. West's Ann.Cal.Penal Code S 1170.1(a, g); U.S.C.A. Const.Amend. 14. | Are convicted felons burdened by statutorily imposed disabilities? | 004979.docx | LEGALEASE-00117311-LEGALEASE-00117313 |
| Buckholts v. Buckholts, 251 Ga. 58 | 93+33 | Where superior court other than superior court rendering original divorce decree has acquired jurisdiction and venue to modify decree, it also has jurisdiction and venue to entertain counterclaim alleging plaintiff is in contempt of original decree. | "Are questions as to which superior court may properly consider a case, one of venue or subject matter jurisdiction?" | 005169.docx | LEGALEASE-00117287-LEGALEASE-00117288 |
| Lindeman v. Lesnick, 268 Va. 532 | 237+36 | Absolute privilege, sometimes called judicial privilege, is broad in scope and applies to communications made in proceedings pending in a court or before a quasi-judicial body. | What ae the statements to which absolute judicial privilege applies? | 000542.docx | LEGALEASE-00117458-LEGALEASE-00117459 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tennant v. Chase Home Fin., 187 So. 3d 1172 | 386+23 | In order to be actionable, the entry on the land of another must not be authorized; that is, if a party enters property under a legal right, entry pursuant to that right cannot constitute a "trespass." | Is trespass to property a wrong against the right of both possession and entry? | Trespass - Memo 8 - RK.docx | ROSS-003287092-ROSS-003287093 |
| Marmaduke v. CBL & Assocs. Mgmt., 521 S.W.3d 257 | 307A+14.1 | The purpose of pretrial discovery includes facilitating and expediting the preparation of cases for trial, guarding against surprise and concealment, reducing delay, and assisting in determining the truth. | What is the purpose of discovery rules? | 001338.docx | LEGALEASE-00117468-LEGALEASE-00117469 |
| Bouquett v. Ohio State Med. Bd., 123 Ohio App. 3d 466 | 92+4262 | Notice and hearing are necessary to comply with due process in an administrative proceeding which revokes an individual's license to practice a profession. U.S.C.A. Const.Amend. 14; Const. Art. 1, S 16. | Are the due process rights of notice and hearing required in an administrative proceeding? | Administrative Law - Memo 58 - RK.docx | ROSS-003296726-ROSS-003296728 |
| People v. Hardy, 128 A.D.3d 1453 | 203+503 | A victim who is born alive may be a person for the purposes of a homicide pursuant to homicide statute, regardless of whether he or she is less than 24 weeks of gestational age. McKinney's Penal Law S 125.00. | Is a fetus who is born alive but later dies due to injuries inflicted before birth a victim of homicide? | Homicide - Memo 16 - RK.docx | LEGALEASE-00004369-LEGALEASE-00004370 |
| People v. Taylor, 32 Cal. 4th 863 | 203+503 | Viability is not an element of fetal homicide, but the state must demonstrate that the fetus has progressed beyond the embryonic stage of seven to eight weeks. West's Ann.Cal.Penal Code S 187(a). | Is viability an element of fetal homicide? | 000427.docx | LEGALEASE-00117740-LEGALEASE-00117741 |
| Haller v. State, 217 Ark. 646 | 207+1 | "Incest" is statutory offense consisting of sexual intercourse, either habitual or in a single instance, either under form of marriage or without it, between persons too closely related to intermarry. | Is incest a statutory crime? | 000448.docx | LEGALEASE-00117732-LEGALEASE-00117733 |
| Thiokol Chem. Corp. v. Morris Cty. Bd. of Taxation, 41 N.J. 405 | 233+522 | If ambiguity or doubt as to whether a particular agreement is a lease gives rise to a factual question as to intention of the parties, burden is on the party asserting it to demonstrate existence of lease. | "When ambiguity arises, is the burden on the party asserting to demonstrate the existence of the lease?" | 000527.docx | LEGALEASE-00117621-LEGALEASE-00117623 |
| Thai v. Cayre Grp., Ltd., 726 F. Supp. 2d 323 | 237+51(1) | Under New York law of defamation, "constitutional malice" or "actual malice" means publication with a high degree of awareness of the publication's probable falsity or while the defendant in fact entertained serious doubts as to the truth of the publication. | What does the term constitutional malice mean? | 000574.docx | LEGALEASE-00117667-LEGALEASE-00117668 |
| Milner v. Milner, 361 S.W.3d 615 | 315+782 | "Record title" typically refers to legal evidence of a person's ownership rights in property. | Does record title refer to legal evidence of a person's ownership rights in property? | Property - Memo 27 - TH.docx | ROSS-003312480-ROSS-003312481 |
| Landshire Food Serv. v. Coghill, 709 S.W.2d 509 | 48A+20 | Certificate of title to motor vehicle is not conclusive proof of ownership of such vehicle, but is only prima facie evidence of ownership, capable of being rebutted by other evidence. | Can a certificate of title be prima facie evidence of vehicle ownership? | Property - Memo 28 - TH.docx | LEGALEASE-00004655-LEGALEASE-00004656 |
| People v. Converse, 74 Mich. 478 | 146+17 | An attorney who collects money for a client acts as agent as well as attorney, and may be convicted of embezzlement for appropriating the money to his own use, with intent to deprive the owner thereof. | Can attorney appropriating money collected for his client be guilty of embezzlement? | 000399.docx | LEGALEASE-00117850-LEGALEASE-00117851 |
| Com. v. Barton, 20 Pa. Super. 447 | 146+17 | Where money is intrusted to an attorney, to be paid to the borrower on satisfactory security being given, the relation of attorney and client is established, subjecting him to punishment, under Act March 31, 1860, 18 P.S. S 4201 et seq., for embezzlement as an attorney, on his fraudulently converting it to his own use. | Can attorney appropriating money collected for his client be guilty of embezzlement? | Embezzlement - Memo 41 - VP.docx | LEGALEASE-00004670-LEGALEASE-00004671 |
| Pennsylvania Trout v. Dep't of Envtl. Prot., 863 A.2d 93 | 1.49E+20 | When an appeal is taken from Department of Environmental Protection (DEP) to the Environmental Hearing Board (EHB), the EHB is required to conduct a hearing de novo. | Is the Environmental Hearing Board (EHB) required to conduct a hearing de novo where a Department of Environmental Protection (DEP) decision is appealed to the EHB? | Environmental Law - Memo 79 - MS.docx | LEGALEASE-00004680-LEGALEASE-00004681 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Coggins v. Gregorio, 97 F.2d 948 | 233+508 | The principal distinction between the relation of lodging house keeper and lodger and landlord and tenant is that the "tenant" acquires an interest in the realty and has the exclusive possession of the leased premises, whereas the "lodger" acquires no estate and has merely the use without the actual or exclusive possession. | What is the distinction between a tenant and a lodger? | Landlord and Tenant - Memo 23 - TH.docx | ROSS-003296600-ROSS-003296601 |
| Choctaw & Chickasaw Nations v. Bd. of Cty. Comm'rs of Love Cty., Okl., 239 F. Supp. 650 | 260+55(1) | Under Oklahoma statute providing that every estate in land "granted, conveyed or demised by deed or will" shall be deemed estate in fee simple and of inheritance unless limited by express words, recital in deed that land was conveyed "for cemetery purposes only" did not reserve minerals, nor did any title or estate remain in grantor. 16 Okl.St.Ann. S 29. | "Are tenure, transfer, control, and disposition of land subject to the exclusive jurisdiction of a state?" | 000673.docx | LEGALEASE-00118007-LEGALEASE-00118008 |
| Martin v. State, 10 Md. App. 274 | 207+1 | "Incest" is sexual commerce, either habitual or in a single instance, and either under a form of marriage or without it, between persons too nearly related in consanguinity or affinity to be entitled to intermarry. | Does the act of incest have to be habitual in order to constitute an offense? | 000785.docx | LEGALEASE-00117852-LEGALEASE-00117854 |
| Keymer v. Mgmt. Recruiters Int'l, 169 F.3d 501 | 25T+113 | Although federal policy favors arbitration, it does not disregard the intent of the contracting parties as evidenced by their agreement. | Does the federal policy favoring arbitration disregard the intent of the contracting parties? | 001019.docx | LEGALEASE-00118020-LEGALEASE-00118021 |
| Riley Mfg. Co. v. Anchor Glass Container Corp., 157 F.3d 775 | 25T+213(5) | The Court of Appeals reviews de novo a district court's order denying a stay of a federal suit pending arbitration pursuant to the Federal Arbitration Act. 9 U.S.C.A. S 3. | What standard of review is used by the court when hearing the appeal of a district court's denial of a motion to stay pending arbitration? | Alternative Dispute Resolution - Memo 166 - RK.docx | LEGALEASE-00004902-LEGALEASE-00004903 |
| Chavarria v. Ralphs Grocery Co., 733 F.3d 916 | 25T+113 | Federal law favoring arbitration is not a license to tilt the arbitration process in favor of the party with more bargaining power. 9 U.S.C.A. S 1 et seq. | Does federal law tilt the arbitration process in favor of the party with more bargaining power? | 001034.docx | LEGALEASE-00118035-LEGALEASE-00118036 |
| Flanagan v. State, 675 S.W.2d 734 | 203+505 | Shotgun is a deadly weapon per se, unless in manner of its use it is reasonably apparent that death or serious bodily injury could not result. V.T.C.A., Penal Code S 19.02(a)(2). | Is a shotgun considered a deadly weapon per se? | 001074.docx | LEGALEASE-00118074-LEGALEASE-00118075 |
| Covington v. State, 262 Ind. 636 | 203+505 | Instrumentalities that are harmless in their general usage may, nevertheless, be regarded as lethal when utilized in a harmful manner. IC 1971, 35-1-54-1, Burns' Ind.St.Ann. S 10-3404. | Can instrumentalities that are harmless in their general usage be considered as lethal when utilized in a harmful manner? | 001076.docx | LEGALEASE-00118076-LEGALEASE-00118077 |
| Smith v. People, 142 Colo. 523 | 203+909 | Generally malice is implied only when a homicide is committed by use of a deadly weapon or instrument in such a manner that death would probably result, and ordinarily, fists are not classified as deadly weapons since they are not means likely to produce death unless used in such a manner and under such circumstances as are reasonably calculated to produce death. | Are fists or hands classified as deadly weapons? | Homicide - Memo 32 - RK.docx | ROSS-003285048-ROSS-003285049 |
| Norber v. Marcotte, 134 S.W.3d 651 | 289+449 | A partnership agreement may be oral or written, express or implied, from the acts and conduct of the parties; however, the primary criteria in determining the creation of a partnership is the intention of the parties. | Can the partnership agreement be an oral agreement? | 000617.docx | LEGALEASE-00118288-LEGALEASE-00118289 |
| Smith v. Smith, 160 N.W. 756 | 76D+569 | Custody should not be changed when to do so would punish parent for past behavior when there is no proof of detrimental effect on children; interference with custody alone is not sufficient reason to change custody absent showing of detrimental effect on children. | Is an award of child custody a tool to regulate human behavior? | Child Custody - Memo 4 - ANG.docx | ROSS-003283324-ROSS-003283325 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Johnson v. State, 138 Md. App. 539 | 48A+347 | An automobile can be a deadly weapon if used or intended to be used in a manner readily capable of causing serious bodily harm, notwithstanding that an automobile is not particularly defined as a deadly weapon in the criminal code. IC 35-41-1-2 (1982 Ed.). | Are automobiles considered to be deadly weapons? | Homicide - Memo 36 - MS.docx | ROSS-003282570-ROSS-003282571 |
| Tomasek v. State, 196 Or. 120 | 148+1 | The state's inherent power of eminent domain lies dormant until called into existence by express legislative authority, subject to constitutional limitations. ORS Const. art. 1, S 18. | Until when does the power of eminent domain stays dormant under the law? | 001255.docx | LEGALEASE-00118332-LEGALEASE-00118333 |
| Morton Grove Park Dist. v. Am. Nat. Bank & Tr. Co., 78 Ill. 2d 353 | 148+1 | Law by which loss by condemnation is occasioned is no act of owner of property but act of government that owner has no power to repeal or modify so as to avoid loss. U.S.C.A.Const. Amends. 5, 14. | Does the owner have power to repeal or modify condemnation to avoid loss? | Eminent Domain - Memo 39 - RK.docx | ROSS-003301220-ROSS-003301222 |
| Egiazaryan v. Zalmayev, 880 F. Supp. 2d 494 | 237+6(1) | Under New York law, if the predicate facts are stated but are themselves false, to a degree that the difference between the stated facts and the actual truth would cause a reader to question the validity of the opinion, then that opinion may be an actionable defamatory opinion. | Are opinions actionable as defamation? | 001316.docx | LEGALEASE-00118253-LEGALEASE-00118254 |
| Schweihs v. Burdick, 96 F.3d 917 | 241+95(6) | Under Illinois law, discovery rule could not apply so as to save prisoner's otherwise untimely defamation suit against publishers of book; in context of defamation, discovery rule applied only when defamatory material was published in manner likely to be concealed from plaintiff, such as in credit reports or confidential memoranda. | When is the discovery rule applied by Courts in defamation suits? | Libel and Slander - Memo - 96 - JS.docx | ROSS-003283664-ROSS-003283665 |
| Bautista v. Jones, 25 Cal. 2d 746 | 92+4260 | The right to work, either in employment or independent business, is fundamental and enjoys the protection of the personal liberty guarantee of the Fourteenth Amendment and of State Constitution. Const.Cal. art. 1, SS 1, 13; U.S.C.A.Const. Amend. 14. | Is the right to work absolute? | 001385.docx | LEGALEASE-00118438-LEGALEASE-00118439 |
| Am. Fed'n of Labor v. Reilly, 113 Colo. 90 | 231H+998 | In absence of statute, workmen have right to organize in labor or trade unions for purpose of promoting their common welfare by lawful means. | Do laborers have a right to organize as labor unions to promote their welfare? | 001394.docx | LEGALEASE-00118462-LEGALEASE-00118463 |
| Miadeco Corp. v. Miami-Dade Cty., 249 F. Supp. 3d 1296 | 148+2.1 | Just compensation is required not only for physical takings, but also for regulatory takings, in which government regulation of private property is so onerous that its effect is tantamount to a direct appropriation. U.S. Const. Amend. 5. | Is just compensation required for regulatory takings? | Eminent Domain -Memo 60- VP.docx | ROSS-003286067-ROSS-003286068 |
| Rooney v. Murphy, 62 S.W.2d 659 | 401+68 | Plaintiff, in suit for malicious prosecution to maintain venue over defendants in county other than of their residence, must show prima facie that defendants instigated, participated in, or ratified illegal acts which were committed in county of suit. Vernon's Ann.Civ.St. art. 1995, subds. 4, 9. | Which is the proper venue for a malicious prosecution action? | 001495.docx | LEGALEASE-00118653-LEGALEASE-00118654 |
| Brown v. Gulf Television Co., 157 Tex. 607 | 401+1.5 | Where the venue depends on the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof. Vernon's Ann.Civ.St. art. 1995. | "Do the facts alleged in the plaintiffs petition, the rights asserted and the relief sought have any bearing on the nature of the suit?" | 001527.docx | LEGALEASE-00118544-LEGALEASE-00118546 |
| McCarthy v. Azure, 22 F.3d 351 | 25T+113 | Federal policy favoring arbitration does not extend to situations in which identity of parties who have agreed to arbitrate is unclear. | Does federal policy in favor of arbitration extend to situations in which the identity of the parties who have agreed to arbitrate is unclear? | Alternative Dispute Resolution - Memo 207 - RK.docx | ROSS-003284005-ROSS-003284007 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Cooley, 362 B.R. 514 | 25T+113 | There is strong federal policy favoring arbitration, and valid arbitration agreements must be enforced unless it can be determined that Congress intended to create an exception to the mandate of the Federal Arbitration Act (FAA) for a particular claim. 9 U.S.C.A. S 1 et seq. | When may a valid arbitration agreement not be enforced? | 001659.docx | LEGALEASE-00118703-LEGALEASE-00118704 |
| Dobbins v. Hawk's Enterprises, 198 F.3d 715 | 25T+113 | Federal Arbitration Act (FAA) expresses strong national policy in favor of arbitration, and from this strong policy flows a broad principle of enforceability of arbitration provisions. 9 U.S.C.A. S 1 et seq. | Does the national policy in favor of arbitration create a broad principle of enforceability of arbitration provisions? | 001683.docx | LEGALEASE-00118727-LEGALEASE-00118728 |
| Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655 | 25T+113 | Federal Arbitration Act establishes liberal policy in favor of arbitration, as means to reduce costliness and delays of litigation. 9 U.S.C.A. S 1 et seq. | Was the Federal Arbitration Act enacted as a means to reduce the cost and delays of litigation? | 001709.docx | LEGALEASE-00118753-LEGALEASE-00118754 |
| Mashpee Tribe v. Sec'y of Interior, 820 F.2d 480 | 209+174 | Indian Nonintercourse Act permits recovery, in form of recognition of aboriginal title to land, only if plaintiffs show they are or properly represent entities that were tribes at time land was alienated and remain tribes at time of suit. 25 U.S.C.A. S 177. | When does a Plaintiff have standing to bring a claim under the Indian Nonintercourse Act? | Indians - Memo 21 - TH.doc | LEGALEASE-00006243-LEGALEASE-00006244 |
| United States v. Calloway, 116 F.3d 1129 | 110+44 | General rule is that attempt crimes require proof of specific intent to complete acts constituting substantive offense; intent to finish crime, coupled with affirmative acts toward that end, is sine qua non of punishable attempt. | Is specific intent sine qua non of a crime of incest? | Incest -  Memo 38 - RM.docx | LEGALEASE-00006495-LEGALEASE-00006496 |
| Fauntleroy v. Rainbow Marketers, 888 So. 2d 1045 | 231H+33 | The employer-employee relationship is contractual in nature, and as such, an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited by law or public policy. | Is an employer-employee relationship contractual in nature? | 001416.docx | LEGALEASE-00118922-LEGALEASE-00118923 |
| San Antonio Water Sys. v. Overby, 429 S.W.3d 716 | 148+266 | To prevail on a takings claim under the state constitution, the plaintiff must prove the governmental actor acted intentionally to take or damage property for a public use. Vernon's Ann.Texas Const. Art. 1, S 17. | What should be proved by the plaintiff to prevail on a taking claim? | 001535.docx | LEGALEASE-00118971-LEGALEASE-00118972 |
| AAA Pharmacy v. United States, 112 Fed. Cl. 387 | 148+2.1 | Regulatory takings jurisprudence is characterized by essentially ad hoc, factual inquiries designed to allow careful examination and weighing of all the relevant circumstances. U.S. Const. Amend. 5. | How is regulatory taking jurisprudence characterized? | 001540.docx | LEGALEASE-00118998-LEGALEASE-00118999 |
| Potomac Dev. Corp. v. D.C., 28 A.3d 531 | 148+2.1 | Delay in the regulatory process cannot give rise to takings liability unless the delay is extraordinary; if the delay is extraordinary, the question of temporary regulatory takings liability is to be determined by analyzing the factors for whether a regulatory taking has occurred. | Can extraordinary delays give rise to takings liability? | 001542.docx | LEGALEASE-00119002-LEGALEASE-00119003 |
| Smith v. City of League City, 338 S.W.3d 114 | 148+2.1 | To establish a takings claim, a claimant must show a governmental actor: (1) intentionally; (2) took or damaged property; (3) for a public use. Vernon's Ann.Texas Const. Art. 1, S 17. | What should a claimant show in order to establish a takings claim? | Eminent Domain -Memo 78-VP.docx | LEGALEASE-00006730-LEGALEASE-00006731 |
| Litz v. Maryland Dep't of Env't, 446 Md. 254 | 148+266 | An inverse condemnation claim is pleaded adequately where a plaintiff alleges a taking caused by a governmental entity's or entities' failure to act, in the face of an affirmative duty to act. West's Ann.Md. Const. Art. 3, S 40. | Can the governments inaction support a claim for inverse condemnation? | 001554.docx | LEGALEASE-00119008-LEGALEASE-00119009 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Englewood v. Miami Valley Lighting, 182 Ohio App. 3d 58 | 317A+101 | A public utility provides an essential good or service to the general public which has a legal right to demand or receive this good or service, which must be provided generally and indiscriminately. | Should the goods and services by a public utility be provided generally and indiscriminately to the general public? | 001603.docx | LEGALEASE-00119013-LEGALEASE-00119014 |
| People v. Ryan, 125 A.D.3d 695 | 203+507 | In order to be held criminally liable for a person's death, a defendant must have engaged in conduct that actually contributed to that person's death. | Must defendant's actions have been an actual contributory cause of death of victim to be held criminally liable for homicide? | 001739.docx | LEGALEASE-00118856-LEGALEASE-00118857 |
| Cheyenne River Sioux Tribe v. Jewell, 205 F. Supp. 3d 1052 | 209+124 | When interpreting provisions of a treaty between an Indian tribe and the United States, the Indian law canons of construction require that the treaty be construed liberally in favor of the Indians with ambiguous provisions interpreted for their benefit. | How should courts interpret Indian treaties? | 001785.docx | LEGALEASE-00118843-LEGALEASE-00118844 |
| Reinoehl v. Trinity Universal Ins. Co., 130 Ohio App. 3d 186 | 249+16 | Lack of probable cause generally becomes the essence of a claim for malicious prosecution for the reason that malice may be inferred if probable cause was not present. | When is malice inferred in a malicious prosecution claim? | Malicious Prosecution - Memo 13 - MS.docx | ROSS-003281774-ROSS-003281775 |
| Sundeen v. Kroger, 355 Ark. 138 | 249+24(3) | While the entry of a nolle prosequi is a sufficiently favorable termination of a proceeding in favor of the accused, it is not, standing alone, evidence that probable cause for prosecution was lacking in context of claim for malicious prosecution. | "Does an order of nolle prosequi, by itself, establish a lack of probable cause?" | 001815.docx | LEGALEASE-00118943-LEGALEASE-00118944 |
| Cox v. Superior Court of Amador County, 205 Cal.Rptr.3d 188 | 302+4 | The label given a petition, action, or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading. | How is the nature of a cause of action determined? | 001869.docx | LEGALEASE-00118880-LEGALEASE-00118882 |
| Smith v. City of League City, 338 S.W.3d 114 | 148+2.1 | To establish a takings claim, a claimant must show a governmental actor: (1) intentionally; (2) took or damaged property; (3) for a public use. Vernon's Ann.Texas Const. Art. 1, S 17. | What should a claimant show in order to establish a takings claim? | 001548.docx | LEGALEASE-00119025-LEGALEASE-00119026 |
| Rhodes v. Jones, 351 F.2d 884 | 13+1 | "Cause of action" is situation or state of facts which entitles party to sustain action and gives him right to seek judicial interference in his behalf. | Does a cause of action include a right to judicial interference? | 002036.docx | LEGALEASE-00119245-LEGALEASE-00119247 |
| Angio-Med. Corp. v. Eli Lilly & Co., 720 F. Supp. 269 | 237+130 | Elements of trade libel claim which must be proved are falsity of statement, publication to third person, express or implied malice, and proven special damages. | What are the elements of trade libel? | Libel and Slander - Memo 121 - ANG.docx | ROSS-003283680-ROSS-003283682 |
| Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp., 908 So. 2d 459 | 145+4 | Crossing agreement that required municipal electric utility to indemnify railroad was binding and enforceable as a contract fairly authorized by state law. | Is a crossing agreement that requires a municipal electric utility to indemnify a railroad binding and enforceable? | Electricity - Memo 29 - RK.docx | LEGALEASE-00007518-LEGALEASE-00007519 |
| Sluss v. Commonwealth, 450 S.W.3d 279 | 203+507 | Issue of causation in homicide cases is framed in terms of whether or not the result as it occurred was either foreseen or foreseeable by the defendant as a reasonable probability. | Is foreseeability by the defendant necessary to constitute causation of homicide? | Homicide - Memo 47 - JS.docx | LEGALEASE-00007524-LEGALEASE-00007525 |
| Hostler v. Green Park Dev. Co., 986 S.W.2d 500 | 386+2 | Liability for trespass exists whether or not done in good faith and with reasonable care, in ignorance or under mistake of law or fact. | Can a liability for trespass exist when acts are done in good faith? | Trespass - Memo 68 - JS.docx | ROSS-003297368-ROSS-003297369 |
| Roberts v. City of Cranston Zoning Bd. of Review, 448 A.2d 779 | 15A+1058 | Term "judicial proceedings" is not limited to only those proceedings that occur in court of law, but rather, term incompasses any proceeding wherein judicial action is invoked and taken. | Is the term judicial proceeding limited to proceedings that occur in a court of law? | Administrative Law - Memo 168 - RK.docx | ROSS-003285042-ROSS-003285043 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Citizens Concerned for Kids v. Yellow Med. E. Indep. Sch. Dist. No. 2190, 703 N.W.2d 582 | 15A+1059 | The three indicia of administrative agency's quasi-judicial actions are: (1) investigation into a disputed claim and weighing of evidentiary facts, (2) application of those facts to a prescribed standard, and (3) a binding decision regarding the disputed claim. | What are the three indicia of quasi judicial actions? | Administrative Law - Memo 172 - RK.docx | ROSS-003309111-ROSS-003309112 |
| Morrison v. Labor and Indus. Relations Com'n, 23 S.W.3d 902 | 289+501 | The law never presumes that a partnership exists, but rather the burden is upon the party asserting its existence to establish all elements of a partnership by clear, cogent and convincing evidence. | Can the existence of a partnership be presumed? | 002425.docx | LEGALEASE-00119520-LEGALEASE-00119521 |
| Cortiza v. Rosenblat, 291 So.2d 425 | 289+701 | Since a commercial partnership is exclusively confined to dealing in movables, a partnership which has as its purpose the sale or rental of immovable property is by nature an ordinary partnership and its partners are not bound in solido for debts of partnership. LSA-C.C. arts. 2872, 2873. | Is a commercial partnership confined to movable property? | 002435.docx | LEGALEASE-00119530-LEGALEASE-00119531 |
| In re Siegal, 190 B.R. 639 | 289+946 | Although "dissolution" does not mean termination of partnership or cessation of its business, because partnership is consensual and because general partner is agent for partnership and derivatively for other partners, dissolution terminates departing partner's power to act for partnership and to participate in further managerial decisions. | Does dissolution end the partnership? | 01027.docx | LEGALEASE-00081676-LEGALEASE-00081677 |
| State v. Jones, 105 N.J. Super. 493 | 203+511 | In a homicide case, the corpus delicti requires proof of the death of the victim and evidence that the criminal agency of another person caused the death. | Does Corpus delicti requires proof of death? | 001921.docx | LEGALEASE-00119603-LEGALEASE-00119604 |
| R.J.W. v. State, 910 So. 2d 357 | 203+929 | At trial in a murder prosecution, the state bears the burden of establishing the corpus delicti beyond a reasonable doubt, based on direct or circumstantial evidence. | Can the corpus delicti be established by circumstantial evidence? | 001931.docx | LEGALEASE-00119640-LEGALEASE-00119641 |
| Campus Lodge of Columbia, Ltd. v. Jacobson, 319 S.W.3d 549 | 233+574 | A lease in Missouri acts as both a conveyance and a contract, and a damaged party has available the usual contract remedies in the event a provision of a lease is breached, including damages, reformation, and rescission of the contract. | Is a lease a contract and also a conveyance? | 001933.docx | LEGALEASE-00119628-LEGALEASE-00119629 |
| Hous. Auth. & Urban Redevelopment Agency of City of Atl. City v. Taylor, 171 N.J. 580 | 233+590 | A court must enforce a lease as it is written, absent some superior contravening public policy. | Must a court enforce a lease as it is written if it does not violate a superior contravening public policy? | Landlord and Tenant - Memo 65 - ANG.docx | ROSS-003297010-ROSS-003297012 |
| United States v. City of Philadelphia, 482 F. Supp. 1274 | 170A+1788.6 | In civil rights cases, vague and conclusory allegations will not survive a motion to dismiss; rather, the claim for relief must be supported by specific factual averments. Fed.Rules Civ.Proc. Rule 12(b), 28 U.S.C.A. | Should facts in a complaint be plead with specificity? | 00797.docx | LEGALEASE-00081562-LEGALEASE-00081563 |
| Petition of Boston & Maine Corp., 109 N.H. 324 | 317A+141 | The Public Utilities Commission was established, with important judicial duties and large administrative and supervisory powers, for the purpose of providing comprehensive provisions for the establishment and control of public utilities in the state. RSA 362:2, 362:3, 365:22, 373:3, 373:7, 373:8, 373:10, 373:22, 373:23, 541:1 et seq. | Was the Public Utilities Commission (PUC) established to provide comprehensive provisions for the control of public utilities in the State? | Public utilities - Memo 26 - RM.docx | ROSS-003287312-ROSS-003287313 |
| Page v. Town of Newbury, 113 Vt. 336 | 401+4 | The statutes regulating the places where actions shall be brought supersede the common law rule as to the trial of local actions, and no options are local unless made so by statute. P.L. 1366, 1565. | Can actions be local unless made so by statute? | Venue - Memo 58 - ANG.docx | ROSS-003287581-ROSS-003287583 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Iberia Credit Bureau v. Cingular Wireless LLC, 379 F.3d 159 | 360+18.15 | While generally applicable contract defenses may be applied to invalidate arbitration agreements without contravening Federal Arbitration Act, state court or legislature may not invalidate arbitration agreements on basis of rule of law that applies only to such agreements. 9 U.S.C.A. S 2. | Can a state court or legislature invalidate arbitration agreements based on rule of law? | 002764.docx | LEGALEASE-00119699-LEGALEASE-00119700 |
| Salsman v. State, 244 Ind. 180 | 207+1 | "Sexual intercourse," necessary to the crime of incest, means carnal copulation of male and female implying actual penetration of the organs of the latter. Burns' Ann.St. S 10-4206. | What is sexual intercourse under incest laws? | Incest - Memo 64 - JS.docx | ROSS-003312295-ROSS-003312296 |
| Jones v. Americar, 283 Ala. 638 | 386+46(1) | Evidence, in action arising out of defendant's refusal, upon cancellation of franchise agreement for operation of automobile rental agencies, to give up possession of automobiles leased to him by plaintiff pursuant to agreement, was insufficient to show any such force, actual or constructive, to constitute action of trespass, and therefore general affirmative charge should have been given for defendant under count seeking damages for wrongful taking of automobiles. | Should force be proved to maintain an action for trespass? | 002964.docx | LEGALEASE-00119807-LEGALEASE-00119808 |
| Broughton v. State, 37 N.Y.2d 451 | 168+2 | Action for false imprisonment is derived from ancient common-law action of trespass and protects personal interest of freedom from restraint of movement. | Are assault and false imprisonment including false arrest derived from the ancient action of trespass? | 002971.docx | LEGALEASE-00119795-LEGALEASE-00119796 |
| Wall v. Brim, 138 F.2d 478 | 37+704 | An operation cannot be performed without patient's consent, and one performed without consent, express or implied, is a technical battery or trespass for which surgeon is liable. | Can an operation performed without a patient's consent be considered as a battery or trespass? | 002973.docx | LEGALEASE-00119792-LEGALEASE-00119794 |
| Briere v. Greater Hartford Orthopedic Grp., P.C | 241+127(11.1) | For purposes of inquiry as to whether a plaintiff's proposed amendment relates back, centering on whether the proposed amendment set forth new causes of action, the facts which establish the existence of a right of action and a delict that invades that right constitute a "cause of action." | "When does a ""right of action"" arise?" | Action - Memo 36 - ANG.docx | ROSS-003283708-ROSS-003283710 |
| In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class, 868 F.3d 132 | 13+2 | A litigant has probable cause to initiate a suit if the litigant has a reasonable belief that there is a chance that a claim may be held valid upon adjudication. | When does a litigant have probable cause to initiate a suit? | Action - Memo 44 - MS.docx | ROSS-003328525-ROSS-003328527 |
| Doe #1 v. Indiana Dep't of Child Servs., 81 N.E.3d 199 | 13+3 | The court will usually not infer a statutory private right of action when a statute (1) primarily protects the public at large and (2) contains an independent enforcement mechanism. | When will a court not infer a private right of action? | 05239.docx | LEGALEASE-00082098-LEGALEASE-00082099 |
| Am. Ins. Co. v. City of Milwaukee, 51 Wis. 2d 346 | 366+1 | Subrogation is recognized or denied on equitable principles, without differentiation between legal subrogation, arising by application of equity, or conventional subrogation, arising from contracts or acts of the parties. | Is subrogation applied or denied on equitable principles? | Subrogation - Memo 20 - VP.docx | ROSS-003283529-ROSS-003283530 |
| AJJ Enterprises, LLP v. Jean-Charles, 160 Conn. App. 375 | 366+2 | Subrogation is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter. | What is subrogation intended to do? | 07776.docx | LEGALEASE-00081899-LEGALEASE-00081901 |
| Daniczek v. Spencer, 156 F. Supp. 3d 739 | 249+32 | In Virginia, under certain circumstances, the want of probable cause alone can serve as legally sufficient evidence to support an inference of malice. | Can lack of probable cause alone infer malice for malicious prosecution? | 003362.docx | LEGALEASE-00120258-LEGALEASE-00120259 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Boyd v. Hodson, 117 Ind. App. 296 | 249+33 | Termination of a prosecution in favor of the accused is not prima facie evidence that the prosecution was malicious or without probable cause. | Does the termination of a prosecution in favor of the accused create a prima facie evidence of malicious prosecution? | 003364.docx | LEGALEASE-00120260-LEGALEASE-00120261 |
| Dade Coal Co. v. Haslett, 83 Ga. 549 | 384+1 | At common law, one convicted of treason forfeited all rights of citizenship and was deemed to be civiliter mortuus. | Will a person convicted of treason forfeit all his rights of citizenship and be deemed to be civiliter mortuus? | 003660.docx | LEGALEASE-00120268-LEGALEASE-00120269 |
| Chandler v. U.S. Air Force, Sec'y, 320 F.3d 828 | 384+6 | Under constitutional provision providing that treason against the United States shall consist only in levying war against them, or in adhering to their enemies, giving them aid and comfort, Congress has power to punish treason committed abroad. U.S.C.A.Const. art. 3, S 3. | Does adherence to the enemy and rendering them aid and comfort constitute treason? | Treason - Memo 14 - RK.docx | ROSS-003283429-ROSS-003283430 |
| In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class, 868 F.3d 132 | 13+2 | A litigant has probable cause to initiate a suit if the litigant has a reasonable belief that there is a chance that a claim may be held valid upon adjudication. | When does a litigant have probable cause to initiate a suit? | Action - Memo 44 - MS.docx | LEGALEASE-00009201-LEGALEASE-00009203 |
| Egiazaryan v. Zalmayev, 880 F. Supp. 2d 494 | 237+6(1) | Since falsity is a necessary element of a defamation cause of action under New York law, and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action. | Is falsity an element of defamation? | Libel and Slander - Memo 149 - RK.docx | ROSS-003285288-ROSS-003285289 |
| In re Perry, 423 B.R. 215 | 237+4 | Under Texas law, "negligence" may be defined, in defamation context, as a failure to investigate truth or falsity of statement prior to publication, and a failure to act as reasonably prudent person. | How is negligence defined in the context of defamation? | Libel and Slander - Memo 157 - RK.docx | ROSS-003324262-ROSS-003324263 |
| In re Jackson, 28 B.R. 559 | 289+449 | Although, under Pennsylvania law, partnership is created by contract, express or implied, partnership agreement need not be in writing but, whether in writing or not, or whether express or implied, must be composed of clear, mutual assent on part of two or more persons. 59 Pa.C.S.A. SS 301 et seq., 311(a). | Is it required for a partnership agreement to be in writing? | 003449.docx | LEGALEASE-00120658-LEGALEASE-00120659 |
| UGI Utilities v. City of Lancaster, 125 A.3d 858 | 317A+102 | The General Assembly's intent in enacting the Public Utility Code and its predecessor statute was to provide for the uniform, statewide regulation of public utilities and public utility facilities. 66 Pa.C.S.A. S 101 et seq. | What is the intent of the General Assembly concerning public utilities? | 003493.docx | LEGALEASE-00120319-LEGALEASE-00120320 |
| Kroeker v. State Farm Mut. Auto. Ins. Co., 466 S.W.2d 105 | 366+1 | "Subrogation" originated as a creature of the common law; basically, it is classified as either legal or conventional; "legal subrogation" arises out of a condition or relationship by operation of law, whereas "conventional subrogation" arises by act or agreement of the parties. | How is subrogation classified? | 003599.docx | LEGALEASE-00120407-LEGALEASE-00120409 |
| Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | Equitable subrogation is not allowed if it works any injustice to the rights of others; a party's entitlement to subrogation therefore depends upon the equities and attending facts of each case. | Is a party's entitlement to subrogation dependent upon the equities and attendant facts of each case? | 003653.docx | LEGALEASE-00120471-LEGALEASE-00120472 |
| Massey v. State, 955 N.E.2d 247 | 203+938 | If there is no evidence of sudden heat, the State is not required to prove the absence of sudden heat beyond a reasonable doubt to obtain a murder conviction; only when evidence of sudden heat is presented does the State assume the burden of proving the absence of sudden heat to obtain a murder conviction. West's A.I.C. 35-42-1-1. | Does the state bear the burden of disproving the existence of sudden heat beyond a reasonable doubt? | Homicide - Memo 101 - RK.docx | ROSS-003298647-ROSS-003298648 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cobell v. Norton, 240 F.3d 1081 | 209+119 | The federal government has substantial trust responsibilities toward Native Americans; such duties are grounded in the very nature of the government-Indian relationship. | What is the basis of the trust responsibility the federal government owes to the Native Americans? | 003220.docx | LEGALEASE-00120717-LEGALEASE-00120718 |
| Washington v. Confederated Bands & Tribes of Yakima Indian Nation, 439 U.S. 463 | 209+110 | Unique legal status of Indian tribes under federal law permits the federal government to enact legislation singling out tribal Indians, which might otherwise be constitutionally offensive, but states do not enjoy the same unique relationship with Indians. U.S.C.A.Const. Amend. 14. | Is separate classification and treatment of Indians as a race constitutionally permissible? | 003232.docx | LEGALEASE-00120737-LEGALEASE-00120738 |
| Wilmot v. Tracey, 938 F. Supp. 2d 116 | 249+30 | Arrestee's conclusory allegations that town police officers acted maliciously in connection with his being charged with abusing his two minor adoptive daughters, without any factual allegations to support improper motive, were insufficient to state malice element of malicious prosecution claim against officers under Massachusetts law. | Are conclusory allegations that defendant acted with malice sufficient to allege malice for malicious prosecution claim? | 003393.docx | LEGALEASE-00120766-LEGALEASE-00120767 |
| Coffee Bay Investors v. W.O.G.C. Co., 878 So.2d 665 | 226H+1 | A "joint venture" is a special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation; the object and the motive behind a joint venture are the anticipated profits derived from a specific business enterprise. | Does a joint venture have a partnership designation? | 003399.docx | LEGALEASE-00120839-LEGALEASE-00120840 |
| Massey v. State, 955 N.E.2d 247 | 203+938 | If there is no evidence of sudden heat, the State is not required to prove the absence of sudden heat beyond a reasonable doubt to obtain a murder conviction; only when evidence of sudden heat is presented does the State assume the burden of proving the absence of sudden heat to obtain a murder conviction. West's A.I.C. 35-42-1-1. | Does the state bear the burden of disproving the existence of sudden heat beyond a reasonable doubt? | 003155.docx | LEGALEASE-00120751-LEGALEASE-00120752 |
| Washington v. Confederated Bands & Tribes of Yakima Indian Nation, 439 U.S. 463 | 209+110 | Unique legal status of Indian tribes under federal law permits the federal government to enact legislation singling out tribal Indians, which might otherwise be constitutionally offensive, but states do not enjoy the same unique relationship with Indians. U.S.C.A.Const. Amend. 14. | Is separate classification and treatment of Indians as a race constitutionally permissible? | Indians - Memo 47 - BP.docx | LEGALEASE-00010677-LEGALEASE-00010678 |
| Norkin v. U. S. Fire Ins. Co., 237 Cal. App. 2d 435 | 302+8(15) | Fraud must be pleaded in specific language descriptive of the acts relied upon to constitute fraud, and it is not sufficient to allege fraud in general terms or terms amounting to mere conclusions. | Is there a cardinal rule of pleading in actions for fraud? | 003470.docx | LEGALEASE-00120931-LEGALEASE-00120932 |
| Cty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159 | 148+277 | Because the Fifth Amendment bars not just the "taking" of property, but the taking of property "without just compensation," a plaintiff cannot claim a violation of the Just Compensation Clause until he or she has exhausted a state's procedure forseeking just compensation; only then can a takings claimant allege that he or she has actually been denied just compensation, and, thus, only then is his or her takings claim ripe. U.S.C.A. Const.Amend. 5. | Should there be an exhaustion of the states procedure for seeking just compensation in takings? | 017373.docx | LEGALEASE-00120965-LEGALEASE-00120967 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Purolator Courier Corp. v. Com., Pub. Util. Comm'n, 13 Pa. Cmwlth. 444 | 317A+102 | Provisions of Public Utility Law relating to event from which time for appeal is to be computed or measured and requiring that appeals be taken within 30 days "after service of the order by the commission" conflict with provision of Appellate CourtJurisdiction Act requiring that an appeal from any order be filed "within 30 days of its entry" and have been repealed. 17 P.S. SS 211.502, 211.509; 66 P.S. SS 1101 et seq., 1431. | "Was Section 1101 of the Public Utility Law, being in conflict with Section 502, ACJA, repealed?" | 042555.docx | LEGALEASE-00120913-LEGALEASE-00120914 |
| Lewiston, Greene & Monmouth Tel. Co. v. New England Tel. & Tel. Co., 299 A.2d 895 | 317A+183 | Before jurisdiction of the law court may be invoked to review order of the public utilities commission on claim of constitutional infirmity, it is necessary that the claim be "ripe" for judicial consideration and action. 35 M.R.S.A. SS 303, 305. | Does the Court review the proceedings of the Public Utilities Commission only when it is ripe for judicial consideration and action? | 042559.docx | LEGALEASE-00120927-LEGALEASE-00120928 |
| Watkins v. Debusk, 286 S.W.3d 58 | 30+2 | Courts liberally construe the rules of appellate procedure to protect a party's right to appeal. | Do Courts liberally construe the rules of appellate procedure to protect a party's right to appeal? | Appeal And Error - Memo 8 - BP.docx | ROSS-003285325-ROSS-003285326 |
| Mar-Jac Poultry v. Katz, 773 F. Supp. 2d 103 | 92+2165 | There is no wholesale First Amendment protection for expressions of opinion; opinions are actionable when a reasonable trier of fact could interpret the statement to imply an assertion of objective fact that is defamatory. U.S.C.A. Const.Amend. 1. | Are all opinions protected against defamation by the First Amendment of the Constitution? | 021046.docx | LEGALEASE-00121664-LEGALEASE-00121666 |
| In re Marriage of Martin, 641 N.W.2d 203 | 307A+2 | Adjudication of law points is confined to a determination of legal matters on uncontroverted pleadings. Rules Civ.Proc., Rule 116. | Is the adjudication of law points confined to a determination of legal matters on uncontroverted pleadings? | Pretrial Procedure - Memo # 3 - C - SU.docx | ROSS-003310082-ROSS-003310083 |
| State ex rel. Utilities Comm'n v. Gen. Tel. Co. of Se., 285 N.C. 671 | 317A+102 | Primary purpose of the Public Utilities Act is not to guarantee to stockholders of public utility constant growth in value of and in dividend yield from their investment, but is to assure public of adequate service at reasonable charge. G.S. SS 62-1 et seq., 63-32(b), 62-94(c), 62-110, 62-131, 62-133, 62-133(e), 62-135. | What is the primary purpose of Chapter 62 of the General Statutes? | Public Utilities - Memo 64 - AM.docx | ROSS-003285027-ROSS-003285029 |
| Simpson Cty. Water Dist. v. City of Franklin, 872 S.W.2d 460 | 317A+121 | Rates and service exception to city's exemption from Public Service Commission (PSC) regulatory jurisdiction is not avoidable by contract; thus, where contracts have been executed between utility and city, statute prohibiting change of rate or service standard, or any contract franchise or agreement affecting it, until hearing has been had before PSC is applicable and requires that by so contracting city relinquishes PSC exemption and is rendered subject to PSC rates and service regulation. KRS 278.010(3), 278.040(2), 278.200. | Does the Public Service Commission (PSC) have jurisdiction over city-owned utilities? | 042609.docx | LEGALEASE-00121767-LEGALEASE-00121768 |
| Roberts v. State, 2001 OK CR 14 | 352H+61 | Consent induced by fear is not the free consent required to prevent the act from constituting rape, but such consent is the mere product of force within the meaning of the statute. O.C.G.A. S 16-6-1(a)(1). | Will it become rape if the consent to sexual intercourse is obtained by force or fear? | 042905.docx | LEGALEASE-00121412-LEGALEASE-00121413 |
| Citizens State Bank v. Raven Trading Partners, 786 N.W.2d 274 | 366+1 | Equitable subrogation need not be applied merely to prevent a party from obtaining a windfall or unjust enrichment. | Should equitable subrogation be applied merely to prevent a party from obtaining a windfall? | 043667.docx | LEGALEASE-00121156-LEGALEASE-00121157 |
| Star Ins. Co. v. Cont'l Res., 89 F. Supp. 3d 1015 | 366+1 | Under North Dakota law, "subrogation" is an equitable remedy that provides for an adjustment between parties to secure the ultimate discharge of a debt by the person who, in equity and good conscience, ought to pay for it. | Is subrogation an equitable remedy? | Subrogation - Memo # 515 - C - SU.docx | ROSS-003284370-ROSS-003284371 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sapiano v. Williamsburg Nat. Ins. Co., 28 Cal. App. 4th 533 | 366+1 | "Legal or equitable subrogation" has its source in equity and arises by operation of law, while "conventional subrogation" arises by contract of parties. | Does legal or equitable subrogation has its source in equity and arises by operation of law? | Subrogation - Memo # 520 - C - SU.docx | ROSS-003324308-ROSS-003324309 |
| Corley v. Wichita Elec. Co., 163 F.R.D. 12 | 366+1 | Under Kansas law, doctrine of subrogation is creature of chancery; it is method whereby one who has involuntarily paid debt or claim of another succeeds to rights of other with respect to claim or debt so paid. | Is the doctrine of subrogation a creature of chancery? | Subrogation - Memo # 521 - C - SU.docx | ROSS-003310996-ROSS-003310997 |
| United Sec. Ins. Co. v. Sciarrota, 885 P.2d 273 | 366+1 | Equitable subrogation is not matter of right and will not be enforced when it would work injustice to rights of those having equal equities. | Is subrogation purely equitable in nature and will not be enforced when it would work an injustice to the rights of those having equal equities? | Subrogation - Memo # 572 - C - AP.docx | LEGALEASE-00011385-LEGALEASE-00011386 |
| Sav. Bank of Manchester v. Kane, 35 Conn. Supp. 82 | 366+4 | A comaker's right of subrogation cannot be enforced until whole debt is paid and until creditor is fully satisfied. | Can a comaker's right of subrogation be enforced until whole debt is paid and until creditor is fully satisfied? | 043918.docx | LEGALEASE-00121195-LEGALEASE-00121196 |
| Chem. Bank v. Meltzer, 245 A.D.2d 214 | 366+7(1) | Obligation assumed by surety runs to creditor and subrogation may not in any way defeat creditor's rights. | Can an obligation assumed by a surety run to the creditor and subrogation in any way defeat creditor's rights? | Subrogation - Memo # 649 - C - SA.docx | ROSS-003299230-ROSS-003299231 |
| In re Gibbs, 11 B.R. 320 | 366+7(1) | Regardless of agreements of indemnity, surety is subrogated to rights of creditor whose claim it pays, and surety's right to reimbursement is of the same character as the creditor's claim. | Does a surety subrogate to the rights of a creditor whose claim it pays? | 043982.docx | LEGALEASE-00121274-LEGALEASE-00121275 |
| In re Darosa, 318 B.R. 871 | 366+1 | "Subrogation" is derivative right, that is acquired by satisfaction of loss or claim that third party has against another. | "Is subrogation a derivative right, that is acquired by satisfaction of loss or claim that third party has against another?" | Subrogation - Memo # 863 - ES.docx | ROSS-003282036-ROSS-003282037 |
| Chanslor v. State, 697 S.W.2d 393 | 203+762 | Aiding a suicide is separate offense and is not defense to the crime of solicitation to commit murder. V.T.C.A., Penal Code SS 15.03, 22.08. | Is aiding a suicide a defense to the crime of solicitation to commit murder? | 044455.docx | LEGALEASE-00121501-LEGALEASE-00121502 |
| In re Ryan N., 92 Cal. App. 4th 1359 | 368+3 | Nothing in the statute defining the crime of aiding, advising or encouraging a suicide indicates that actual accomplishment of the intended suicide is not a necessary element of the crime, or that mere intent to assist a suicide and participation in bringing about a suicide attempt are by themselves sufficient for conviction; rather, the crime requires active and intentional participation in events leading to the commission of an actual, overt act of suicide. West's Ann.Cal.Penal Code S 401. | Do suicide statutes require active participation by one in the overt act directly causing death of a person? | 044456.docx | LEGALEASE-00121125-LEGALEASE-00121126 |
| Foster v. Vilsack, 820 F.3d 330 | 23+3.1 | Substantial evidence supported determination by the United States Department of Agriculture (USDA) that portion of farmland had requisite hydrology to qualify as a wetland, as required to support decision that it was protected under the Swampbuster provisions of the Food Security Act, which prohibited conversion of wetlands into crop lands; unchallenged expert testimony of agricultural engineer established that aerial photographs showed that the site in question displayed 10 wetness signatures, and that such signatures were found in seven out of ten years in which the area had normal rainfall. Food Security Act of 1985, S 1201(a)(27), 16 U.S.C.A. S 3801(a)(27); 7 C.F.R. S 12.2. | What are the Swampbuster provision of the Food Security Act of 1985? | 006743.docx | LEGALEASE-00121984-LEGALEASE-00121985 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ciago v. Ameriquest Mortg. Co., 295 F. Supp. 2d 324 | 25T+210 | Federal statutory claims can be subject of arbitration, absent contrary Congressional intent, and burden of showing such legislative intent lies with party opposing arbitration. | Are federal statutory claims arbitrable? | Alternative Dispute Resolution - Memo 375 - RK.docx | ROSS-003286038-ROSS-003286039 |
| Ball v. Iowa Dep't of Job Serv., 308 N.W.2d 54 | 392T+450 | Right of judicial review in unemployment compensation case is conferred by statute and procedures prescribed to obtain such review must be followed to confer jurisdiction on district court. | Is it necessary to follow the statutorily prescribed procedure where a right to judicial review is statutory? | 008146.docx | LEGALEASE-00121808-LEGALEASE-00121809 |
| Rosin v. Lawrence Byars Used Car Post, 30 Ala. App. 576 | 8.30E+76 | The drawer's right to countermand payment of a check can be exercised only at his own risk, and ordinarily its exercise does not discharge his liability to the holder. | Does the drawer's right to revoke or countermand the payment of check discharge his liability towards the holder? | Bills and Notes - Memo 35 - DB.docx | ROSS-003298017-ROSS-003298018 |
| United States v. Lemons, 67 F. Supp. 985 | 8.30E+11 | The law of the state in which a check or negotiable instrument is executed determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | Which law determines the validity of a check or negotiable instrument? | 06960.docx | LEGALEASE-00085350-LEGALEASE-00085351 |
| Pucinski v. Cty. of Cook, 192 Ill. 2d 540 | 104+137 | Although clerks of the circuit courts are nonjudicial officers of the judicial branch of state government, and not employees of the counties, responsibility for maintaining the clerks' offices belongs to the counties, not the state. S.H.A. Const. Art. 6, S 18(b); S.H.A. 705 ILCS 105/20, 27.3, 27.3a, 27.3c, 27.8. | Are clerks of the court nonjudicial members of the court? | Clerks of Court - Memo 2 - RK.docx | ROSS-003315999-ROSS-003316001 |
| Walcek v. United States, 49 Fed. Cl. 248 | 148+2.1 | The focus of the "economic impact" factor of regulatory takings analysis is on the change in the fair market value of the subject property caused by the regulatory imposition; thus, the court must compare the value that has been taken from the property with the value that remains in the property. U.S.C.A. Const.Amend. 5. | How does the court analyze the economic impact of the regulatory action? | 017457.docx | LEGALEASE-00122225-LEGALEASE-00122226 |
| State v. Richard, 525 So. 2d 1097 | 203+1146 | Evidence was sufficient to establish defendant had specific intent to kill or to inflict great bodily harm when he stabbed victim, so as to support second-degree murder conviction; victim was stabbed 19 times, and severity of attack permitted finding intent to kill or inflict great bodily harm. LSA-R.S. 14:10(1), 14:30.1, 15:445. | Can the severity of an attack indicate the defendant's specific intent to kill? | 019333.docx | LEGALEASE-00122452-LEGALEASE-00122453 |
| Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030 | 221+342 | Pursuant to act of state doctrine, American courts will not sit in judgment on acts of another country. | "Pursuant to act of state doctrine, will American courts sit in judgment on acts of another country?" | International Law - Memo # 497 - C - SB.docx | ROSS-003311415-ROSS-003311416 |
| Fortson v. Colangelo, 434 F. Supp. 2d 1369 | 237+6(1) | "Pure opinion," in the context of analyzing a defamation claim, under Florida law, occurs when the defendant makes a comment or opinion based on facts which are set forth in a publication or which are otherwise known or available to the reader or listener as a member of the public. | What is a pure opinion? | 021055.docx | LEGALEASE-00122151-LEGALEASE-00122153 |
| Ratajack v. Brewster Fire Department of the Brewster-Southeast Joint Fire District, 178 F.Supp.3d 118 | 237+36 | Under New York law, pure opinion is not actionable as libel, because expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation. | Are pure opinions actionable as defamation? | 021058.docx | LEGALEASE-00122169-LEGALEASE-00122171 |
| High v. Batte, 18 Tenn. 335 | 150+167 | A plea of purchase for valuable consideration without notice, must aver that the consideration money was bona fide and truly paid; a recital of that fact in the deed is not sufficient. | "Is the averment that the consideration money was bona fide and truly paid, necessary to constitute a good plea?" | 022917.docx | LEGALEASE-00121890-LEGALEASE-00121891 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Morrow v. McDaniel, 70 S.W.2d 329 | 83E+855 | Though under plea of total failure of consideration for notes sued upon, defendants could prove partial failure, proof must show extent thereof. | Can a defendant prove partial failure under the plea of total failure of consideration? | 022922.docx | LEGALEASE-00121959-LEGALEASE-00121961 |
| Hedrick v. Graham, 245 N.C. 249 | 302+34(1) | Where defendants have demurred to complaint, court is required to liberally construe pleading challenged with a view to substantial justice between the parties and to make every reasonable intendment in favor of the pleader. G.S. S 1-151. | Should pleadings challenged by a demurrer be liberally construed? | 022938.docx | LEGALEASE-00122223-LEGALEASE-00122224 |
| Chicago Exhibitors Corp. v. Jeepers! of Illinois, 376 Ill. App. 3d 599 | 307A+3 | In ruling on a motion in limine, a trial court must exercise its discretion within the bounds of the law. | "In ruling on a motion in limine, must a trial court exercise its discretion within the bounds of the law?" | 024105.docx | LEGALEASE-00121966-LEGALEASE-00121967 |
| Conagra v. Strother, 340 Ark. 672 | 307A+3 | A motion in limine is a threshold motion, and thus, the trial judge is at liberty during the course of the trial to reconsider his or her ruling on such motion. | "Is a motion in limine a threshold motion, and thus, the trial judge is at liberty during the course of the trial to reconsider his or her ruling on such motion?" | Pretrial Procedure - Memo  # 175 - C - AP.docx | ROSS-003282505-ROSS-003282506 |
| Poff v. Elkins, 2014 Ark. App. 663 | 307A+3 | A trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory, tentative, or preliminary in nature. | Is a trial court's decision to grant or deny a motion in limine an interlocutory and preliminary order? | 024234.docx | LEGALEASE-00121860-LEGALEASE-00121861 |
| Romanek-Golub & Co. v. Anvan Hotel Corp., 168 Ill. App. 3d 1031 | 307A+3 | Motion in limine, like any other interlocutory order, remains subject to reconsideration by court throughout trial. | Are in limine orders interlocutory and do they remain subject to reconsideration throughout the trial? | Pretrial Procedure - Memo  # 425 - C - SHS.docx | ROSS-003288248-ROSS-003288249 |
| Ayala v. Lee, 215 Md. App. 457 | 307A+3 | An evidentiary ruling on a motion in limine is left to the sound discretion of the trial judge and will only be reversed upon a clear showing of abuse of discretion. | Does a trial judge have discretion in granting a motion in limine? | 027707.docx | LEGALEASE-00122319-LEGALEASE-00122320 |
| Gerken v. Hy Vee, 11 Neb. App. 778 | 307A+3 | It is not the office of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence. | Is it the purpose of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence? | 027979.docx | LEGALEASE-00121950-LEGALEASE-00121951 |
| Ayala v. Lee, 215 Md. App. 457 | 307A+3 | An evidentiary ruling on a motion in limine is left to the sound discretion of the trial judge and will only be reversed upon a clear showing of abuse of discretion. | Can a trial court make an evidentiary ruling as part of motion in limine? | 028314.docx | LEGALEASE-00122066-LEGALEASE-00122067 |
| Cty. of Monroe v. Raytheon Co., 156 Misc. 2d 445 | 366+7(1) | As a rule, surety is subrogated to rights of both party it pays and party on whose behalf it makes the payments. | Is a surety subrogated to the rights of both the party it pays and party on whose behalf it makes the payments? | Subrogation - Memo # 909 - C - CAR.docx | ROSS-003283602-ROSS-003283603 |
| Ferro Corp. v. Solutia Inc., 588 F. Supp. 2d 1022 | 13+61 | Under New York law, a cause of action for breach of contract accrues when the breach occurs or when a party to the agreement fails to perform an obligation. | Does a breach of contract cause of action accrue at the time of breach? | Action - Memo  # 96 - C - NO.docx | ROSS-003297167-ROSS-003297169 |
| Memphis Const. v. Vill. of Moravia, 59 A.D.2d 646 | 13+61 | Contractor's cause of action against village did not accrue until it possessed the legal right to be paid and to enforce the right to payment, which did not occur until the vouchers and work orders were audited and rejected by the village. Village Law S 5-524. | Does a claimant's cause of action accrue before the claimant possesses the legal right to be paid? | 005534.docx | LEGALEASE-00123865-LEGALEASE-00123866 |
| R.S.B. Ventures v. Berlowitz, 211 So. 3d 259 | 13+61 | Rule stating that, since redressable harm is not established until final judgment is rendered, a legal malpractice claim is hypothetical and damages are speculative until the underlying action is concluded with an adverse outcome to the client merely establishes a bright line for establishing when the client has suffered some loss as a consequence of the attorney's negligence; it does not require that there be a determination of the full extent of all losses suffered by the client due to the lawyer's negligence. | Should there be a determination of the full extent of all losses suffered by the client due to the lawyer's negligence? | Action - Memo # 36 - C - LK.docx | ROSS-003283974-ROSS-003283975 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Mobile Infirmary v. Delchamps, 642 So. 2d 954 | 241+55(3) | Cause of action accrues under two-year statute of limitations for commencing actions against health care providers when act complained of results in legal injury to plaintiff. Code 1975, S 6-5-482. | Does a cause of action accrue when the act complained of results in legal injury to the plaintiff? | Action - Memo # 41 - C - LK.docx | ROSS-003314255-ROSS-003314256 |
| Kruse v. AFLAC Int'l, 458 F. Supp. 2d 375 | 25T+121 | Equal Pay Act (EPA) claims are subject to arbitration, absent indication that Congress intended them to be exempt from arbitration under Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq.; Equal Pay Act of 1963, S 3(d), 29 U.S.C.A. S 206(d). | Are claims under the Equal Pay Act (EPA) exempt from arbitration under the FAA? | 007124.docx | LEGALEASE-00123858-LEGALEASE-00123859 |
| United States v. Terry, 707 F.3d 607 | 63+1(1) | If a public official receives money through promises to improperly employ his public influence, he has accepted a bribe. 18 U.S.C.A. S 201(b)(2). | Has a public official accepted bribe if he accepts money through promises to improperly employ his public influence? | 011032.docx | LEGALEASE-00123250-LEGALEASE-00123252 |
| Jones v. Jitney Jungle Stores of Am., 730 So. 2d 555 | 113+1 | For custom and usage evidence to be admissible, its relevancy and probative value must be clearly shown and must outweigh its prejudicial effect. | What must be shown for custom and usage evidence to be admissible? | 014255.docx | LEGALEASE-00122627-LEGALEASE-00122628 |
| Welcker v. Welcker, 342 So. 2d 251 | 113+1 | The French civil law acknowledges the legitimacy of custom "praeter legem," i. e., custom as to a matter not covered by legislation, as a source of law. | Does civil law acknowledge the legitimacy of custom praeter legem? | 014263.docx | LEGALEASE-00123896-LEGALEASE-00123897 |
| United States v. Keller, 451 F. Supp. 631 | 221+134 | Under international law, state does not have jurisdiction to enforce rule of law prescribed by it unless it has jurisdiction to prescribe conduct in question. | "Under international law, does a state have jurisdiction to enforce a rule if it had jurisdiction to prescribe the conduct in question?" | International Law - Memo # 192 - C - PHS.docx | ROSS-003300763-ROSS-003300764 |
| Streine v. Comm'rs of Campbell Courthouse Dist., 149 Ky. 641 | 302+8(6) | The allegation of the petition that the courthouse district commission was indebted in a certain sum for an indebtedness incurred during a previous year beyond the income of the year, and without the assent of two-thirds of the voters of the district, voting at an election held for that purpose, so that their payment thereof out of the levy for a subsequent year was a diversion, is simply a legal conclusion, instead of the necessary allegation of facts. | Should facts be alleged to show municipality indebtedness? | 022949.docx | LEGALEASE-00123490-LEGALEASE-00123491 |
| Bacon v. Wahrhaftig, 97 Cal. App. 2d 599 | 302+204(1) | A demurrer which attacks an entire pleading should be overruled if one of the counts therein is not vulnerable to the objection. | Should a demurrer which attacks an entire pleading be overruled if one of the counts is not vulnerable to the objection? | 022972.docx | LEGALEASE-00123526-LEGALEASE-00123527 |
| Jessen v. Jessen, 450 S.W.3d 425 | 228+300 | Circuit court is vested with considerable discretion in ruling on a motion to amend judgment, and Court of Appeals will not reverse a circuit court's decision on motion to amend judgment unless there is abuse of discretion. V.A.M.R. 75.01. | Is the circuit court vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence? | 024171.docx | LEGALEASE-00122863-LEGALEASE-00122864 |
| Austin v. Shampine, 948 S.W.2d 900 | 307A+3 | In granting motion in limine, trial judge does not exclude evidence, but instead defers ruling on admissibility until such time as party wishes to introduce the evidence, and at that time, party must obtain ruling on evidence before introducing it; purpose of procedure is to prevent presentation of potentially prejudicial information before ruling can be obtained. | Is the purpose of filing a motion in limine to prevent the presentation of potentially prejudicial information in front of a jury before a ruling can be obtained? | 024196.docx | LEGALEASE-00123120-LEGALEASE-00123121 |
| Junkins v. Branstad, 448 N.W.2d 480 | 307A+2 | Application for adjudication of law points and motion for summary judgment are appropriate only when issue in question should be decided by court as matter of law rather than presented to fact finder. | When is the application for separate adjudication of law points properly considered? | 041132.docx | LEGALEASE-00123938-LEGALEASE-00123939 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Commitment of Kelley, 2012 IL App (1st) 110240 | 307A+3 | A ruling on a motion in limine is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. | "Is the admission of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court?" | 041142.docx | LEGALEASE-00124025-LEGALEASE-00124026 |
| Jefferson v. Lyon Sheet Metal Works, 376 S.W.3d 37 | 307A+3 | Ordinarily, a motion in limine is used to exclude evidence in a jury trial which would be unfairly prejudicial or inflammatory; it is appropriate when the mere asking of an improper question in front of a jury may be so prejudicial that a party will be denied a right to a fair trial. | Should a motion in limine be used as a substitute for a dispositive motion such as a motion for summary judgment? | 041173.docx | LEGALEASE-00124095-LEGALEASE-00124096 |
| Residential Util. Consumer Office v. Arizona Corp. Comm'n, 238 Ariz. 8 | 317A+124 | The State Constitution's requirement that the Corporation Commission ascertain the fair value of property when it sets rates is an imperative; the Commission is charged with an affirmative duty to act. A.R.S. Const. Art. 15, S 14. | Was Section 14 written into the Constitution for the Corporation Commission to act intelligently between public service corporations doing business in the state and the public? | 042229.docx | LEGALEASE-00122607-LEGALEASE-00122608 |
| Gregg v. Laird, 121 Md | 372+926 | The purpose of Acts 1910, c. 180, creating the Public Service Commission, and giving it the power to regulate the prices of public service corporations, was to place all public service corporations under the control of the commission, but Acts 1892, c. 387, fixing telephone rates, as amended by Acts 1894, c. 207, should remain unimpaired and in force until the commission acted. | Should all public utilities be placed under the supervision and control of the Public Service Commission? | Public Utilities -Memo 122 - AM.docx | ROSS-003283839-ROSS-003283841 |
| Gentry v. State Farm Mut. Auto. Ins. Co., 726 F. Supp. 2d 1160 | 368+3 | Murder requires that defendant knowingly or intentionally perform act which leads to death of another human being while crime of causing or assisting suicide requires only that defendant cause or assist another human being in taking their own life. West's A.I.C. 35-42-1-1, 35-42-1-2. | What is the difference between murder and assisted suicide? | 044480.docx | LEGALEASE-00122723-LEGALEASE-00122724 |
| Loyal Order of Moose, Lodge 1785 v. Cavaness, 1977 OK 70 | 13+61 | Generally, cause of action accrues at moment party owning it has legal right to sue. | Does a cause of action accrue at the moment party owning it has a legal right to sue? | 006355.docx | LEGALEASE-00124326-LEGALEASE-00124327 |
| United States v. O'Brien, 994 F. Supp. 2d 167 | 63+1(1) | In order to prove a bribery offense, government must prove that the bribe-giver intended to effect a quid pro quo. 18 U.S.C.A. S 666. | Must the Government present evidence of a quid pro quo to prove the payment of an illegal bribe? | 012589.docx | LEGALEASE-00124334-LEGALEASE-00124335 |
| Weber City Sanitation Comm'n v. Craft, 196 Va. 1140 | 268+589 | The police power embraces regulations designed to promote public convenience or general prosperity, as well as regulations designed to promote public health, public morals or public safety. | Do a State need to compensate a property owner for the effects of reasonable regulations designed to protect the public health and safety? | 017510.docx | LEGALEASE-00124556-LEGALEASE-00124557 |
| Sharon v. Time, 599 F. Supp. 538 | 221+342 | Actions of official acting outside scope of his authority as an agent of state are not acts of state within meaning of act of state doctrine. | Are actions of official acting outside the scope the authority of an agent of state are not acts of state within meaning of act of state doctrine? | 020442.docx | LEGALEASE-00125213-LEGALEASE-00125215 |
| DeRoburt v. Gannett Co., 733 F.2d 701 | 221+342 | Act of state doctrine is balancing test with critical element being potential for interference with foreign relations. | Is the act of state doctrine a balancing test with a critical element being potential for interference with foreign relations? | International Law - Memo # 562 - C - SA.docx | ROSS-003297463-ROSS-003297464 |
| Tucker v. Interarms, 186 F.R.D. 450 | 313+62 | Principles of international comity impact requirements for service of process where one of defendants is domiciled in foreign country. | Do principles of international comity impact requirements for service of process where one of the defendants is domiciled in a foreign country? | International Law - Memo 345 - SB.docx | ROSS-003310748-ROSS-003310749 |
| Airline Pilots Ass'n, Int'l, AFL-CIO v. Taca Int'l Airlines, S.A., 748 F.2d 965 | 221+342 | Under act of state doctrine, courts will not question the validity of actions of foreign governments within their own borders. | Will US courts question the validity of actions of foreign governments within their own borders? | International Law - Memo 611 - TH.docx | ROSS-003314674-ROSS-003314675 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Duci v. Daily Gazette Co., 102 A.D.2d 940 | 237+123(2) | In determining whether published article is libelous, it is role of court to decide, as matter of law, whether words complained of are susceptible of defamatory meaning ascribed to them. | How is it determined if an article is libelous per se? | 021104.docx | LEGALEASE-00125475-LEGALEASE-00125476 |
| Cortiza v. Rosenblat, 291 So.2d 425 | 289+701 | Since a commercial partnership is exclusively confined to dealing in movables, a partnership which has as its purpose the sale or rental of immovable property is by nature an ordinary partnership and its partners are not bound in solido for debts of partnership. LSA-C.C. arts. 2872, 2873. | Are commercial partnerships confined to movable property? | 021875.docx | LEGALEASE-00124854-LEGALEASE-00124855 |
| State Farm Mut. Auto. Ins. Co. v. Berg, 70 Or. App. 410 | 307A+1 | Fundamental purpose of rule governing pretrial motions is to curb the excessive use of motions for purposes of harassment and delay, and litigants should not be permitted to disregard its provisions with impunity. Rules Civ.Proc., Rules 21, 21, subds. F, G(3). | What is the fundamental purpose of the rule governing pretrial motion? | 024293.docx | LEGALEASE-00124861-LEGALEASE-00124862 |
| Junkins v. Branstad, 448 N.W.2d 480 | 307A+2 | Application for adjudication of law points and motion for summary judgment are appropriate only when issue in question should be decided by court as matter of law rather than presented to fact finder. | When is the motion for summary judgment appropriate? | Pretrial Procedure - Memo # 600 - C - SSB.docx | ROSS-003312047-ROSS-003312048 |
| Oliver v. Martin, 460 A.2d 594 | 307A+1 | Failure to file responsive pretrial memorandum is grounds for imposition of sanctions, including default, and such imposition of default is reviewable only for abuse of discretion. Rules Civ.Proc., Rule 16(a)(1). | Is failure to file a responsive pre-trial memorandum grounds for imposition of sanctions? | 031242.docx | LEGALEASE-00125315-LEGALEASE-00125316 |
| Reese v. Proppe, 3 Ohio App. 3d 103 | 307A+1 | No sanction could be imposed for defendant's failure to submit a trial memorandum, which was ordered to be submitted seven days prior to trial date, where court never journalized a date certain on which trial would commence. | Could a sanction be imposed for the failure to submit a trial memorandum? | 031529.docx | LEGALEASE-00124840-LEGALEASE-00124841 |
| Palmer v. State, 140 So. 3d 448 | 110+2030 | Motions in limine are granted for purpose of ensuring defendant a fair determination of his guilt or innocence and it is incumbent upon parties to alert their witnesses to court's order. | What is a motion in limine designed to prevent? | Pretrial Procedure - Memo # 817 - C - SK.docx | LEGALEASE-00015182-LEGALEASE-00015183 |
| Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+3 | The granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | Is the granting or denying of a motion in limine within the sound discretion of the trial court as an adjunct of the trial courts inherent power? | 036716.docx | LEGALEASE-00125464-LEGALEASE-00125465 |
| Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+3 | The granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | Is the granting of a motion in limine an adjunct of the inherent power of trial courts which will not be reversed absent an abuse of discretion? | Pretrial Procedure - Memo # 820 - C - KA.docx | ROSS-003287571-ROSS-003287572 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A motion in limine is not the proper vehicle by which to attempt to preclude a claim or defense; it is not equivalent to, or a substitute for, a motion to dismiss or a motion for summary judgment. | Should a motion in limine be used as a vehicle to preclude a claim or defense? | 036762.docx | LEGALEASE-00125489-LEGALEASE-00125490 |
| Castaneda v. Texas Dep't of Protective & Regulatory Servs., 148 S.W.3d 509 | 30+4179 | The grant or denial of a motion in limine has no bearing on the ultimate admissibility of the evidence and is never reversible error. | Does the grant or denial of a motion in limine have any bearing on the ultimate admissibility of the evidence? | Pretrial Procedure - Memo # 917 - C - TJ.docx | ROSS-003301672-ROSS-003301673 |
| Stoehr v. Natatorium Co., 34 Idaho 217 | 317A+111 | Dedication of the property of a corporation to public use is never presumed without evidence of unequivocal intention. | Is the dedication of the property of a corporation to public use presumed without evidence of unequivocal intention? | Public Utilities - Memo 153 - AM.docx | ROSS-003300169-ROSS-003300172 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilhite v. Schendle, 92 F.3d 372 | 366+1 | Under Louisiana law, "conventional subrogation" occurs when obligee receives performance from third person and in express terms subrogates that person to rights of obligee, even without obligor's consent; "legal subrogation" takes place by operation of law in favor of obligor who pays debt he owes with others and who has recourse against those others as result of the payment. LSA-C.C. arts. 1825, 1827, 1829. | When does subrogation take place as a matter of law? | 044279.docx | LEGALEASE-00124623-LEGALEASE-00124624 |
| Chase v. Ameriquest Mortg. Co., 155 N.H. 19 | 366+1 | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | When does subrogation or equitable subrogation apply to a debt? | 044290.docx | LEGALEASE-00124715-LEGALEASE-00124716 |
| Suffolk Const. Co. v. Benchmark Mech. Sys., 475 Mass. 150 | 366+32 | "Implied subrogation" is an equitable adjustment of rights that operates when a creditor is entitled to recover from two sources, one of which bears a primary legal responsibility; if the secondary source, the subrogee, pays the obligation, it succeeds to the rights of the party it has paid, the subrogor, against the third, primarily responsible party. | Is implied subrogation an equitable adjustment? | 044314.docx | LEGALEASE-00124872-LEGALEASE-00124873 |
| XL Specialty Ins. Co. v. Com., Dep't of Transp., 47 Va. App. 424 | 366+1 | The right of subrogation is not founded on contract; it is a creation of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Is equitable subrogation administered in the furtherance of justice? | 044322.docx | LEGALEASE-00125032-LEGALEASE-00125034 |
| Washington Mut. Bank v. Chiappetta, 584 F. Supp. 2d 961 | 366+1 | Under Ohio law, the right to equitable subrogation depends upon the facts and circumstances of each case, and the basis for the claim must be readily apparent. | Does the doctrine of equitable subrogation depend upon facts? | Subrogation - Memo 977 - C - CAT.docx | ROSS-003311871-ROSS-003311872 |
| Coserv Liab. Corp. v. Sw. Bell Tel. Co., 350 F.3d 482 | 25T+125 | If voluntary negotiations between competitive local exchange carrier (CLEC) and incumbent local exchange carrier (ILEC) regarding ILEC's obligations under the Telecommunications Act result in only a partial agreement, or in no agreement at all, either party can petition for compulsory arbitration of any open issue. Communications Act of 1934, SS 251, 252, as amended, 47 U.S.C.A. SS 251, 252. | When can a party petition for compulsory arbitration of any open issue? | 007144.docx | LEGALEASE-00125644-LEGALEASE-00125645 |
| Stewart v. Citizens & S. Nat. Bank, 138 Ga. App. 209 | 8.30E+27 | Check is merely an order on bank to pay from drawer's account, and may be revoked at any time by the drawer before it has been certified, accepted, or paid by the bank, and may be revoked by operation of the law on the death of the drawer. Code, S 109A-4-405. | Can a check be revoked at anytime by the drawer? | Bills and Notes - Memo 37 - DB.docx | ROSS-003284471-ROSS-003284472 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| King v. Richmond Cty., Ga., 331 F.3d 1271 | 79+1 | In absence of evidence of original purpose in adopting design of superior court clerk's seal which included a sword and an outline of stone tablets representing the Ten Commandments, state's proffered secular justification that, in the context of authenticating legal documents, using a pictograph of the Ten Commandments intertwined with the sword helped viewers, many of whom were illiterate at the time the seal was adopted, recognize the legal validity of documents, was plausible and therefore satisfied the secular purpose prong of the Lemon test for determining whether a governmental practice violates the Establishment Clause. U.S.C.A. Const.Amend. 1. | Does an outline of the Ten Commandments enable illiterate citizens to recognize the legal validity of documents displaying the seal? | 013394.docx | LEGALEASE-00125723-LEGALEASE-00125724 |
| Lewis v. Smith, 198 Ark. 244 | 79+2 | Under constitutional amendment providing that the county clerk shall be ex-officio clerk of the probate court, unless otherwise provided by the General Assembly, county clerks continue as ex-officio clerks of the probate court until otherwise provided by the General Assembly. Const. Amend. 24, see Acts 1937, p. 1400. | Are county clerks ex officio clerks of other courts? | 013407.docx | LEGALEASE-00125731-LEGALEASE-00125732 |
| Gerawan Farming v. Kawamura, 33 Cal. 4th 1 | 92+1615 | Partial delegation of authority for creation of generic advertising programs, under California Marketing Act (CMA), to agricultural producers does not by itself constitutionally invalidate such programs as interference with dissenting growers' free speech rights; that program must be approved by majority of producers does not preclude finding of valid governmental interest. U.S.C.A. Const.Amend. 1; West's Ann.Cal. Const. Art. 1, S 2(a); West's Ann.Cal.Food & Agric.Code S 58601 et seq. | Whether the partial delegation of authority by itself constitutionally invalidates generic advertising programs? | Agriculture - Memo 16-SB.docx | ROSS-003289982-ROSS-003289983 |
| Kaley v. Musgrave, 26 Ill. App. 509 | 13+61 | A plaintiff must have a right of action against defendant at the time he commences suit to entitle him to recover. | Should a plaintiff have a right of action against defendant at the time he commences suit to entitle him to recover? | 005340.docx | LEGALEASE-00126084-LEGALEASE-00126085 |
| Hart v. Guardian Tr. Co., 75 N.E.2d 570 | 13+61 | Consequential damages usually arise after original injury or losses sustained, but no new cause of action arises when such consequential damages accrue. | Does consequential damage arise after the original injury or sustaining loss? | Action- memo # - PC335.docx | ROSS-003316975 |
| Casey v. United States, 8 Cl. Ct. 234 | 34+2 | Army regulations must be in accordance with those promulgated by the Department of Defense, and to extent that Army regulations conflict with those of DOD, the service regulations must give way. 10 U.S.C.A. S 1169. | Does a service regulation give way when it conflicts with a Department of Defense regulation? | 008853.docx | LEGALEASE-00126292-LEGALEASE-00126293 |
| United States v. Synowiec, 333 F.3d 786 | 63+1(1) | Statute prohibiting bribery of a public official is satisfied if a defendant expresses an ability and a desire to pay the bribe. 18 U.S.C.A. S 201(b). | Is the term offer under the statute prohibiting bribery of a public official satisfied if a defendant expresses an ability and a desire to pay the bribe? | 011053.docx | LEGALEASE-00126056-LEGALEASE-00126057 |
| Baxter v. Danny Nicholson, 191 N.C. App. 168 | 316P+231 | A "de jure officer" is one who is regularly and lawfully elected or appointed and inducted into office and exercises the duties as his right; in contrast, a "de facto officer" is one who goes in under color of authority. | What is the difference between a de facto officer and a de jure officer? | 013501.docx | LEGALEASE-00126311-LEGALEASE-00126312 |
| United States v. Martinez, 599 F. Supp. 2d 784 | 221+393 | When determining whether a statute applies extraterritorially, courts presume that Congress did not intend to violate principles of international law. | Does the extraterritorial application of a statute violate principles of international law? | 020587.docx | LEGALEASE-00126018-LEGALEASE-00126019 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gordon v. Dino De Laurentiis Corp., 141 A.D.2d 435 | 95+337(2) | Allegations by group of investors who had sought to acquire corporation's subsidiary, that successful purchaser disclosed confidential information to corporation in violation of agreement investors and purchaser had entered when unsuccessfully attempting to form joint venture, and that investors were damaged in sum of $35 million as result, were insufficient to sustain breach of contract cause of action; investors did not identify any confidential information imparted to successful purchaser other than specifics of prior proposal to corporation and financial due diligence with respect to subsidiary, and such information was already in corporation's possession before investors disclosed it to successful purchaser. | Are vague and conclusory allegations sufficient to sustain a breach of contract cause of action? | Pleading - Memo 172 - RMM.docx | ROSS-003286640-ROSS-003286641 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A motion in limine is not the proper vehicle by which to attempt to preclude a claim or defense; it is not equivalent to, or a substitute for, a motion to dismiss or a motion for summary judgment. | Should a motion in limine not be used as a vehicle to preclude a claim or defense? | Pretrial Procedure - Memo # 879 - C - KA.docx | ROSS-003299658-ROSS-003299659 |
| Seely v. State, 191 So. 2d 78 | 352H+100(1) | "Assault with intent to commit rape" may be committed even though female who at first resists subsequently gives her consent and intercourse is achieved. | Will it become assault to commit rape if the victim consented after resistance? | 042930.docx | LEGALEASE-00126242-LEGALEASE-00126243 |
| In re Vertis Holdings, 536 B.R. 589 | 386+6 | Generally, under New Jersey law, a cognizable claim for trespass exists when personal property, in the actual use of the owner, is injured or taken by a trespasser, so that the owner is deprived of the use of it. | When does a cognizable claim for trespass occur? | Trespass - Memo 151 - RK.docx | ROSS-003326874-ROSS-003326875 |
| Nationwide Mut. Ins. Co. v. Marcinko, 436 N.E.2d 551 | 13+61 | A cause of action does not "accrue" until suit may be legally instituted upon it, that is, when it becomes immediately enforceable. | Does a cause of action accrue until suit may be legally instituted upon it? | 005466.docx | LEGALEASE-00126340-LEGALEASE-00126341 |
| In re Cantu, 784 F.3d 253 | 13+61 | Cause of action accrues when there is a right to institute and maintain suit; whenever one person may sue another, a cause of action has accrued. | Does a cause of action accrue when right to maintain suit arises? | 005699.docx | LEGALEASE-00126454-LEGALEASE-00126455 |
| Kleinwort v. Klingender, 14 La. Ann. 96 | 13+61 | Mere insolvency is not sufficient to render a debt due which by its terms is payable at a future day. | Is insolvency sufficient to render a debt due which by its terms is payable at a future day? | 006349.docx | LEGALEASE-00126479-LEGALEASE-00126480 |
| Bame v. City of Del Mar, 86 Cal. App. 4th 1346 | 268+592(1) | State agencies enjoy immunity from local regulation unless the state, through statute or provision of the California Constitution, has consented to waive such immunity; consent to waive the immunity must be stated in express words in a statute. | Can a state waive its right to sovereign immunity? | Agriculture - Memo 18-SB.docx | ROSS-003312817-ROSS-003312818 |
| Graham v. White-Phillips Co., 296 U.S. 27 | 8.30E+05 | Negotiable Instrument Law must be interpreted in view of intended end, such as free circulation of negotiable paper, and meaning attributed by courts to language employed. S.H.A. ch. 98, SS 72, 76. | How should the Negotiable Instrument Law be interpreted? | Bills and Notes - Memo 105 - ANG.docx | ROSS-003312867-ROSS-003312868 |
| Rodriguez v. State, 45 So. 3d 938 | 79+1 | The clerk of county court acts as the clerk of Supreme Court and is a county officer and not a state or judicial officer except that, when actually engaged as clerk of the courts, he is part of the judicial system of the state. Const. art. 6, S 21. | Is a county clerk part of the judicial system of a state? | 013454.docx | LEGALEASE-00126780-LEGALEASE-00126781 |
| People ex rel. Vanderburg v. Brady, 275 Ill. 261 | 79+1 | "Clerk of court" is officer of court, belonging to judicial department of state, who has charge of clerical part of its business and keeps its records and seal, issues process, etc. | Is the clerk of a court in charge of the clerical part of the courts business? | 013481.docx | LEGALEASE-00126804-LEGALEASE-00126805 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hale v. Colorado River Mun. Water Dist., 818 S.W.2d 537 | 148+2.1 | Compensable takings may result from burdensome governmental restrictions on property use, including not only the construction of public works, but also their subsequent maintenance and operation. Vernon's Ann.Texas Const. Art. 1, S 17. | Can there be a claim of compensation if an injury results from either the construction of public works or their subsequent maintenance and operation? | Eminent Domain - Memo 279 - GP.docx | ROSS-003286545-ROSS-003286546 |
| Tobias v. Pletzke, 933 F. Supp. 2d 892 | 386+6 | Gist of "trespass to personalty," also known as "trespass to chattels," under Michigan law, is injury to, or interference with, possession, unlawfully, with or without the exercise of physical force. | Is gist of trespass to personalty an injury to its possession? | 047269.docx | LEGALEASE-00126361-LEGALEASE-00126362 |
| Echostar Satellite Corp. v. Gen. Elec. Co., 797 F. Supp. 855 | 25T+134(3) | Allegations of fraud in the inducement relating specifically to arbitration provision may suspend application of provision. | Can allegations of fraud in the inducement relating specifically to an arbitration provision suspend application of such a provision? | 007229.docx | LEGALEASE-00127225-LEGALEASE-00127226 |
| Nat'l Union Fire Ins. Co. Pittsburgh, Pa. v. Proskauer Rose Goetz & Mendelsohn, 165 Misc. 2d 539 | 83E+416 | Certificate of deposit, even if nonnegotiable, can be assigned and can be passed by delivery without endorsement by person to whose order it is made payable. | Can a certificate of deposit be assigned by delivery without endorsement? | 009134.docx | LEGALEASE-00126944-LEGALEASE-00126945 |
| United Accounts v. Dachtler, 100 N.W.2d 93 | 104+1 | A "public corporation" is one created by the State for political purposes, to act as an agency in administration of civil government, such as a county, city, town, or school district. | What is a public corporation? | 016731.docx | LEGALEASE-00127138-LEGALEASE-00127140 |
| United States of America V.S. W.H.I., and Michael and Virginia McGee, 855 F.Supp. 1207 | 200+79.2 | Whether road has been abandoned involves question of intent and acts of public, and nonuse is not enough, unless coupled with affirmative evidence of clear intention to abandon. West's C.R.S.A. S 43-2-106. | Is intent to abandon necessary to prove abandonment of a public road? | 018680.docx | LEGALEASE-00127064-LEGALEASE-00127065 |
| United States v. Best, 172 F. Supp. 2d 656 | 221+397 | Seizure of vessel in the contiguous zone beyond the twelve-mile territorial sea of the United States was subject to established international law of the high seas. | Is the power of the United States over foreign vessels in the contiguous zone limited to the preservation of specific interests? | 019872.docx | LEGALEASE-00127040-LEGALEASE-00127041 |
| Moseley v. City of Mountain Grove, 524 S.W.2d 444 | 302+8(9) | An allegation, in a suit for injunction, that plaintiffs have no adequate remedy at law is itself a mere legal conclusion and is not, standing alone, a sufficient allegation of the inadequacy of a remedy at law. | Is an allegation that the plaintiffs have no adequate remedy at law a mere legal conclusion? | 023070.docx | LEGALEASE-00126896-LEGALEASE-00126897 |
| State ex rel. Utilities Comm'n v. Gen. Tel. Co. of Se., 281 N.C. 318 | 92+2621 | Neither the Utilities Commission nor the courts may add to the types of business defined by the legislature as public utilities. G.S. S 62-3(23)c. | Do the courts add to the types of business defined by the Legislature as public utilities? | 042436.docx | LEGALEASE-00127052-LEGALEASE-00127053 |
| Citizens State Bank v. Raven Trading Partners, 786 N.W.2d 274 | 366+38 | A party seeking equitable subrogation has the burden of establishing that equities weigh in the party's favor, which also requires that no injury to innocent third parties will result if subrogation is applied; there is no injury to a party if the party's position remains unchanged or the party received that for which the party bargained. | "Who bears the burden of proving the applicability of the ""equitable subrogation"" doctrine?" | Subrogation - Memo # 988 - C - SKG.docx | LEGALEASE-00017111-LEGALEASE-00017112 |
| City Council of City of N. Miami Beach v. Trebor Const. Corp., 277 So. 2d 852 | 13+65 | In law action, right of plaintiff to recover must be measured by facts as they existed when suit was instituted. | Should right of a plaintiff to recover be measured by the facts as they existed when the suit was instituted? | 005873.docx | LEGALEASE-00127392-LEGALEASE-00127393 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Don Medow Motors v. Grauman, 446 N.E.2d 651 | 30+4619 | A civil case is determined on the common law as it stands when the judgment is to be rendered and not as it stood when suit was brought even where the case is pending before an intermediate court. | Is a case determined on law as it stands when judgment is rendered and not when suit is brought? | Action - Memo # 660 - C - TM.docx | ROSS-003303358-ROSS-003303360 |
| Walton v. Kern Cty., 39 Cal. App. 2d 32 | 13+65 | Ordinarily, the plaintiff's cause of action must have arisen before the filing of complaint, and he may not recover in a cause of action arising after suit is filed. | Must the plaintiff's cause of action have arisen before the filing of a complaint? | 005885.docx | LEGALEASE-00127502-LEGALEASE-00127503 |
| Calhoun v. Edwards, 202 Ga. 95 | 13+65 | Ordinarily, status of suit becomes fixed when it is instituted, so that there can be no recovery therein when there is no cause of action at commencement of suit, though such a cause may accrue respecting same subject matter while suit is pending. | Does the status of a suit become fixed when it is instituted? | 005922.docx | LEGALEASE-00127726-LEGALEASE-00127727 |
| Heisig v. Uvalde Rock Asphalt Co., 48 S.W.2d 1109 | 13+65 | Cause of action arising subsequent to commencement of suit, and not declared on, cannot furnish basis for recovery. | Can a cause of action arising subsequent to commencement of suit furnish basis for recovery? | 006037.docx | LEGALEASE-00127323-LEGALEASE-00127324 |
| People ex rel. Voltz v. Metro. Disposal Co., 345 Ill. App. 570 | 13+65 | Equity grants relief as circumstances require, not at the time of the inception of the litigation, but at time of entry of decree. | "Does equity grant relief as circumstances require i.e not at the time of the inception of the litigation, but at time of entry of decree?" | 006054.docx | LEGALEASE-00127511-LEGALEASE-00127512 |
| Knapp-Monarch Co. v. Casco Prod. Corp., 342 F.2d 622 | 13+65 | Plaintiff in patent infringement action was precluded from urging violations alleged to have occurred after filing of complaint. | Is a plaintiff in a patent infringement action precluded from urging violations alleged to have occurred after filing of the complaint? | 006070.docx | LEGALEASE-00127688-LEGALEASE-00127689 |
| People v. Bryant, 31 A.D.2d 934 | 350H+591 | Burglary and robbery are separate and distinct criminal acts for which cumulative punishment may properly be imposed; imposition of consecutive sentences for such crimes does not constitute double punishment in violation of statute. Penal Law 1909, SS 406, 1938. | Are burglary and robbery separate acts? | Burglary - Memo 6 - RK.docx | ROSS-003313582-ROSS-003313584 |
| People v. Bryant, 31 A.D.2d 934 | 350H+591 | Burglary and robbery are separate and distinct criminal acts for which cumulative punishment may properly be imposed; imposition of consecutive sentences for such crimes does not constitute double punishment in violation of statute. Penal Law 1909, SS 406, 1938. | Are burglary and robbery separate acts? | 013242.docx | LEGALEASE-00128051-LEGALEASE-00128053 |
| Wyland v. W. Shore Sch. Dist., 52 A.3d 572 | 1.41E+30 | A court generally should not interfere with a school district's discretion regarding educational policy; nonetheless, a school district does not have the discretion to disregard a statutory mandate. | Does a school district have the discretion to disregard a statutory mandate? | Education - Memo # 34 - C - SU.docx | ROSS-003330558-ROSS-003330559 |
| Poorbaugh v. United States, 27 Fed. Cl. 628 | 148+2.1 | For taking to occur, there must be intent on part of United States to take plaintiffs' property, or intention to do an act the natural consequence of which was to take their property. U.S.C.A. Const.Amend. 5. | "For a taking to occur should there be an intent on the part of defendant to take plaintiffs' property, or an intention to do an act the natural consequence of which was to take their property?" | Eminent Domain - Memo 321 - GP.docx | ROSS-003290146-ROSS-003290147 |
| White v. Nat'l Bondholders Corp., 191 Misc. 536 | 307A+501 | In absence of special circumstances, a defendant cannot compel plaintiff to prosecute an action against his will, and it is only when substantial rights of a defendant have accrued that the court will refuse plaintiff a discontinuance of the action. | Can a defendant compel a plaintiff to prosecute the action against his will? | Pretrial Procedure - Memo # 1253 - C - SKG.docx | ROSS-003287506-ROSS-003287507 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Petition of Pub. Serv. Coordinated Transp., 103 N.J. Super. 505 | 48A+83 | Predominating and controlling element in determining "necessity" for consolidation of two bus routes into one through route is factor of public need for proposed service and necessity need not be shown in sense of absolutely indispensable element. R.S. 48:2-14, N.J.S.A. | Should public necessity be shown as essential or absolutely indispensible? | 042443.docx | LEGALEASE-00127292-LEGALEASE-00127293 |
| Colonial Hill Co. v. Mortg. Bond & Tr. Co., 174 Ga. 204 | 366+41(6) | Person paying off prior lien must show unequivocal agreement for subrogation, or facts from which agreement will be implied. | Should a person paying off a prior lien show an unequivocal agreement for subrogation? | 043380.docx | LEGALEASE-00127986-LEGALEASE-00127987 |
| In Matter of CUA Autofinder, 387 B.R. 906 | 366+35 | Under Georgia law, right to subrogation can be modified or extinguished by contract or may be waived either expressly or by implication. | Can a right to subrogation be modified or extinguished by contract or waived either expressly or by implication? | 043547.docx | LEGALEASE-00127762-LEGALEASE-00127763 |
| Gary Friedrich Enterprises v. Marvel Enterprises, 713 F. Supp. 2d 215 | 386+7 | Under New York law, a "trespass to chattels" is an intentional use or intermeddling with a chattel in the possession of another where the chattel is impaired as to its condition, quality, or value. Restatement (Second) of Torts SS 217(b), 218(b). | Does intermeddling with chattel in the possession of another constitute a trespass to chattel? | Trespass - Memo 221 - RK.docx | ROSS-003312395-ROSS-003312396 |
| Intel Corp. v. Hamidi, 30 Cal. 4th 1342 | 386+7 | Though not amounting to conversion, the defendant's interference must, to be actionable as trespass to chattels, have caused some injury to the chattel or to the plaintiff's rights in it. | Is injury to chattel or to the plaintiff's rights in it required for a trespass to chattel to be actionable? | Trespass - Memo 223 - RK.docx | ROSS-003299893-ROSS-003299894 |
| Ellis v. Am. Fed'n of Labor, 48 Cal. App. 2d 440 | 13+65 | In an action for injunction the issues are to be determined on the basis of the situation as it exists at the time of the trial, not at the time of bringing the action. | Should the issues in an action for injunction be determined on the basis of the situation as it exists at the time of the trial? | 006101.docx | LEGALEASE-00128145-LEGALEASE-00128146 |
| Fairfield-Noble Corp. v. Pressman-Gutman Co., 475 F. Supp. 899 | 25T+135 | Unilateral insertion of arbitration clause constitutes per se material alteration of contract. Uniform Commercial Code N.Y. S 2-207. | Is a unilateral insertion of an arbitration clause a per se material alteration of a contract? | Alternative Dispute Resolution - Memo 461 - RK.docx | ROSS-003287179-ROSS-003287180 |
| Even v. Clifford, 287 F. Supp. 334 | 34+1 | Power of Congress to preserve efficiency of armed forces is not limited by absence of military emergency. U.S.C.A.Const. art. 1, S 8. | Is the power of congress to preserve the efficiency of the armed forces limited by the absence of a military emergency? | Armed Forces - Memo 16 RK.docx | LEGALEASE-00018133-LEGALEASE-00018134 |
| Winchester Homes v. Osmose Wood Preserving, 37 F.3d 1053 | 307A+517.1 | Under Virginia law, party may nonsuit either cause of action, claim, or party, and nonsuit does not operate as bar to subsequent suit between same parties on same cause of action. | Does nonsuit operate as bar to a subsequent suit between the same parties on same cause of action? | 039155.docx | LEGALEASE-00128283-LEGALEASE-00128284 |
| City of Philippi v. Tygarts Valley Water Co., 99 W. Va. 473 | 317A+113 | Public service corporation must fulfill obligations to public directly or impliedly arising from franchise as long as it maintains such franchise. | Should a public corporation or utility fulfill the obligation to the public arising from a franchise it maintains? | 042481.docx | LEGALEASE-00128257-LEGALEASE-00128258 |
| Sw. Bell Tel. v. Emmett, 459 S.W.3d 578 | 317A+114 | Under the common law, a utility company must relocate facilities located in a public right-of-way at its own expense. | Should a utility company relocate facilities located in a public right-of-way at its own expense? | Public Utilities - Memo 245 - AM.docx | ROSS-003286781-ROSS-003286783 |
| Ray v. Donohew, 177 W. Va. 441 | 366+35 | Right of subrogation may be modified or extinguished through express contractual language or by action of surety inconsistent with right of subrogation, such as surety's taking of different and independent security as exclusive remedy in event of principal's default. | Can a right to subrogation be waived either expressly or by implication? | 043404.docx | LEGALEASE-00128259-LEGALEASE-00128260 |
| Calhoun v. Edwards, 202 Ga. 95 | 13+65 | Ordinarily, status of suit becomes fixed when it is instituted, so that there can be no recovery therein when there is no cause of action at commencement of suit, though such a cause may accrue respecting same subject matter while suit is pending. | "When there is no cause of action at the commencement of suit, can there be recovery?" | 006160.docx | LEGALEASE-00128678-LEGALEASE-00128679 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Richmond, 534 B.R. 479 | 266+711 | Under Maine law, unlike a note, a mortgage, is not a negotiable instrument, and therefore, possession alone, without proof of all assignments, is insufficient to establish standing in a foreclosure action. | Is a mortgage a negotiable instrument? | Bills and Notes - Memo 144 - RK.docx | ROSS-003285702-ROSS-003285703 |
| Bank of New York Mellon v. Deane, 41 Misc. 3d 494 | 83E+417 | Whatever the rights of a person to enforce an instrument by reason of delivery or assignment, a person is not a "holder" by reason of delivery or assignment alone, unless delivery is made of a bearer instrument. | Does a person become a holder by reason of delivery or assignment alone? | Bills and Notes - Memo 156 - RK.docx | ROSS-003286635-ROSS-003286637 |
| Hunt v. Westlake City Sch. Dist., 100 Ohio App. 3d 233 | 141E+443 | Statutory chapter governing teachers is remedial legislation which must be construed liberally in favor of teachers. R.C. S 3319.01 et seq. | Is statutory chapter governing teachers a remedial legislation which must be construed liberally in favor of teachers? | 016956.docx | LEGALEASE-00128832-LEGALEASE-00128833 |
| Thomas v. American Nat. Bank, 694 S.W.2d 543 | 289+927 | When one partner withdraws from partnership, partnership is dissolved as to that party, although remaining parties may elect to continue to operate as partnership. Vernon's Ann.Texas Civ.St. art. 6132b, S 29. | Can the remaining partners elect to continue operating as a partnership if one partner withdraws from the business? | 021999.docx | LEGALEASE-00128923-LEGALEASE-00128924 |
| Stone v. First Wyoming Bank N. A., Lusk, 625 F.2d 332 | 226H+53 | As a general rule, the substantive law of partnerships is applicable in determining rights and liabilities of joint venturers and third parties. | Is the substantive law of partnership applicable to joint ventures? | 022036.docx | LEGALEASE-00128962-LEGALEASE-00128963 |
| Watkins v. Fairfax Cty. Dep't of Family Servs., 42 Va. App. 760 | 30+422 | Notice, in and of itself, that an appeal has been taken is insufficient to confer an appellate court with jurisdiction over the indispensable party against whom no appeal has been properly perfected. West's V.C.A. SS 8.01-675.3, 17.1-407, 17.1-408; Sup.Ct.Rules, Rule 5A:16(a). | Does an appellate court acquire jurisdiction over an appeal if a party fails to properly perfect it? | Appeal and error - Memo 28 - RK.docx | LEGALEASE-00018888-LEGALEASE-00018889 |
| Wills v. Wills, 104 Tenn. 382 | 30+4 | A writ of error coram nobis, one of the means prescribed by Shannon's Code, S 4834, for correcting errors, is within the prohibition of section 4890 that, "in divorce cases, an appeal shall be the only mode of revising errors." | Is an appeal the only mode of revising errors in divorce cases? | Appeal and error - Memo 39 - RK.docx | ROSS-003300021-ROSS-003300022 |
| Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383 | 30+6 | Ordinarily, question of correctness of a general finding or decision cannot be raised by an exception or claim of report, which lies only to questions of law. | Can the question of correctness of a general finding be raised by an exception or claim of report? | 008211.docx | LEGALEASE-00129093-LEGALEASE-00129094 |
| Turner v. Hunt, 131 Tex. 492 | 13+63 | Except in case of extreme delay, a delay which works no injury or no disadvantage to another is not such "laches" as will bar a right. | Can a delay which works no injury or no disadvantage to another is laches that bar a right? | Action - Memo # 924 - C - KA.docx | ROSS-003300620-ROSS-003300621 |
| Branch Banking & Tr. Co. v. Eid, 114 A.3d 955 | 30+21 | Parties cannot waive issues regarding appellate jurisdiction and cannot confer jurisdiction on the Supreme Court by agreement. | Can parties waive issues regarding appellate jurisdiction and confer jurisdiction on the Supreme Court by agreement? | Appeal and error - Memo 67 - RK.docx | ROSS-003300724-ROSS-003300726 |
| Casillas v. Cano, 79 S.W.3d 587 | 30+331.1 | An appeal is not permitted to proceed after the death of a party unless the judgment affects the property rights, as opposed to purely personal rights, of the parties. Rules App.Proc., Rule 7.1. | Is an appeal permitted to proceed after the death of a party? | Appeal and error - Memo 81 - RK.docx | ROSS-003299151-ROSS-003299152 |
| Dixon v. State, 43 S.W.3d 548 | 67+2 | Elements of burglary of a habitation are: (1) a person enters a habitation, (2) without the effective consent of the owner, and (3) with the intent to commit a felony, theft, or assault, or (4) the person commits or attempts to commit a felony, theft, or assault. V.T.C.A., Penal Code S 30.02(a)(1, 3). | What are the elements of burglary of a habitation? | Burglary - Memo 54 - RK.docx | ROSS-003300895-ROSS-003300896 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Hawkins, 125 Ill. App. 3d 520 | 210+815 | Residential burglary requires a different mental element from home invasion and therefore is not a lesser included offense. S.H.A. ch. 38, PP 12-11, 19-3. | Is residential burglary a lesser included offense of home invasion? | 013258.docx | LEGALEASE-00129669-LEGALEASE-00129670 |
| DuBray v. Warner Bros. Records, 236 A.D.2d 312 | 307A+501 | Motion for discontinuance should not be used to circumvent order of court or to enable plaintiffs to do indirectly what they are not permitted to do directly. | Can motions for discontinuance be used to enable plaintiffs to do indirectly what they are not permitted to do directly? | 024435.docx | LEGALEASE-00129526-LEGALEASE-00129527 |
| Harris Cty. Appraisal Dist. v. Wittig, 881 S.W.2d 193 | 307A+501 | Plaintiff has absolute right to nonsuit of its case at moment plaintiff files motion with clerk or makes motion in open court. | Does a plaintiff generally have an absolute right to nonsuit at the moment a motion is filed with a clerk? | Pretrial Procedure - Memo #  1094 - C - NE.docx | ROSS-003286007-ROSS-003286009 |
| Bremer v. Doctor's Bldg. P'ship, 251 Va. 74 | 307A+517.1 | Defenses asserted in response to motion for judgment, such as equitable defense seeking affirmative relief, are not barred or otherwise lost by reason of a nonsuit but may be reasserted if motion for judgment is subsequently refiled, and thus plaintiff is entitled to one nonsuit as a matter of right if provisions of statute governing nonsuit are met, without further analysis of prejudice to defendant. Code 1950, SS 8.01-380, 8.01-380, subd. C. | Can a plaintiff take one nonsuit as a matter of right? | 024704.docx | LEGALEASE-00129247-LEGALEASE-00129248 |
| In re Cross' Estate, 309 Pa. 418 | 307A+501 | Plaintiff has no absolute right to discontinue, dismiss, or take nonsuit; right often depending on effect on defendant's rights or timeliness of application. | "Does a plaintiff have absolute right to discontinue, dismiss, or take nonsuit?" | 024823.docx | LEGALEASE-00129552-LEGALEASE-00129553 |
| In re Cross' Estate, 309 Pa. 418 | 307A+501 | Plaintiff has no absolute right to discontinue, dismiss, or take nonsuit; right often depending on effect on defendant's rights or timeliness of application. | "Do a plaintiff has an absolute right to discontinue, dismiss, or take a nonsuit?" | 025038.docx | LEGALEASE-00129361-LEGALEASE-00129362 |
| Hutchinson v. Mitchell, 143 W. Va. 280 | 307A+501 | The right of plaintiff to take a voluntary nonsuit comes from the common law and is not statutory. Code, 56-6-25. | Does the right of a plaintiff to take a voluntary nonsuit come from common law? | Pretrial Procedure - Memo # 1112 - C - CK.docx | ROSS-003287469-ROSS-003287470 |
| Palmer v. Palmer, 212 Ga. 616 | 307A+501 | An action may always be dismissed by plaintiff if no right of defendant is prejudiced thereby. Code, S 3-510. | Can an action always be dismissed by a plaintiff if no right of a defendant is prejudiced thereby? | Pretrial Procedure - Memo # 1113 - C - CK.docx | ROSS-003312985-ROSS-003312987 |
| Goldberger v. Gallagher, 11 Misc. 448 | 307A+501 | An action may be abandoned and discontinued by express agreement of the parties, and entry of a formal order of discontinuance is not necessary. | "When an action is abandoned and discontinued by express agreement of the parties, is it necessary to have an entry of a formal order of discontinuance by court?" | Pretrial Procedure - Memo # 1312 - C - SB.docx | ROSS-003299603-ROSS-003299604 |
| Tongren v. D&L Gas Mktg., Ltd., 149 Ohio App. 3d 508 | 317A+114 | The Public Utilities Commission of Ohio (PUCO) possesses exclusive jurisdiction over consumer complaints concerning quality of service. R.C. S 4905.26. | Does the Public Utilities Commission (PUC) possess exclusive jurisdiction over quality of service consumer complaints? | 042514.docx | LEGALEASE-00129197-LEGALEASE-00129198 |
| Whitlow v. California, 203 F. Supp. 3d 1079 | 212+1044 | One does not have to await the consummation of threatened injury to obtain preventive relief; if the injury is certainly impending, that is enough. | Should one await the consummation of the threatened injury to obtain preventive relief? | Action - Memo # 930 - C - SPB.docx | ROSS-003286471-ROSS-003286472 |
| Dobson v. Crews, 164 So. 2d 252 | 307A+501 | Statute relating to nonsuit is but recognition of existence of common law right of plaintiff to be nonsuited. F.S.A. S 54.09. | Is a statute relating to a nonsuit a recognition of the existence of a common law right of a plaintiff to be nonsuited? | 025289.docx | LEGALEASE-00129874-LEGALEASE-00129875 |
| White v. Nat'l Bondholders Corp., 191 Misc. 536 | 307A+501 | In absence of special circumstances, a defendant cannot compel plaintiff to prosecute an action against his will, and it is only when substantial rights of a defendant have accrued that the court will refuse plaintiff a discontinuance of the action. | When can the court refuse a plaintiff a discontinuance of the action? | Pretrial Procedure - Memo # 1184 - C - VA.docx | ROSS-003287480-ROSS-003287482 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Atl. Oil Producing Co. v. Jackson, 116 Tex. 570 | 307A+501 | Right of plaintiff to take voluntary nonsuit in court where action was instituted, in case tried without jury, at any time before announcement of decision under Rev. St. 1925, art. 2182, held not lost by filing by defendant of uncontested plea of privilege under articles 2007 and 2008. | May a plaintiff at any time take a nonsuit and dismiss the cause of action asserted by him? | 026148.docx | LEGALEASE-00130110-LEGALEASE-00130111 |
| Garfield Tr. Co. v. Teichmann, 24 N.J. Super. 519 | 307A+742.1 | Pretrial conference is designed to prevent surprise and eliminate maneuvering, but it should not be used to establish a case of liability where no liability initially appears under terms of contract in issue. Rule 3:16. | What is pretrial conference is designed to do? | Pretrial Procedure - Memo # 1347 - C - TJ.docx | ROSS-003328225-ROSS-003328226 |
| Peterson v. McCawley, 135 Idaho 282 | 307A+747.1 | Rule governing scheduling of pretrial conferences empowers trial courts to fashion pretrial orders for efficient case management. Rules Civ.Proc., Rule 16(a). | Are trial courts empowered to fashion pretrial orders for efficient case management? | Pretrial Procedure - Memo # 1383 - C - MS.docx | LEGALEASE-00019826-LEGALEASE-00019827 |
| Meyers v. Ackerlund, 224 Ill. App. 417 | 307A+501 | If a plaintiff is present and does not want to proceed with the prosecution of the case, he must elect either to suffer a nonsuit or the case should go to the jury. | "If a plaintiff does not want to proceed with the prosecution of the case, should he suffer a nonsuit or should the case go to the jury?" | Pretrial Procedure - Memo # 1385 - C - DA.docx | ROSS-003287779 |
| Ransom v. Robinson, 249 N.C. 634 | 307A+742.1 | Unless otherwise provided by stipulation, only the documents constituting the record proper are before the court at pretrial conference. | What documents are filed before the court at pretrial conference unless otherwise provided by stipulation? | 026556.docx | LEGALEASE-00129701-LEGALEASE-00129702 |
| Gestetner Holdings, PLC v. Nashua Corp., 784 F. Supp. 78 | 25T+143 | Where claims may be understood to raise an arbitrable issue, arbitration must be compelled even if claims can also be characterized another way. | Can arbitration be compelled if claims can be characterized in another way? | Alternative Dispute Resolution - Memo 533 - RK.docx | ROSS-003287230-ROSS-003287231 |
| Apollo Computer v. Berg, 886 F.2d 469 | 25T+143 | Parties may agree to allow arbitrator to decide both whether particular dispute is arbitrable as well as merits of dispute. 9 U.S.C.A. S 1 et seq. | Can parties agree to allow an arbitrator to decide both the arbitrability of a dispute as well as the merits of the dispute? | 007421.docx | LEGALEASE-00131382-LEGALEASE-00131383 |
| State v. Robertson, 511 So. 2d 1237 | 67+41(1) | To prove crime of aggravated burglary, State must prove beyond reasonable doubt that defendant made unauthorized entry of structure with intent to commit theft or felony and must prove beyond reasonable doubt one of the aggravating circumstances listed in statute: that defendant is armed with dangerous weapon, or after entering arms himself with dangerous weapon, or commits battery upon any person while in such place or in entering or leaving such place. LSA-R.S. 14:60. | What is aggravated burglary? | Burglary - Memo 35 - RK.docx | ROSS-003285807-ROSS-003285808 |
| Pena v. Minidoka Cty., 133 Idaho 222 | 104+113(6) | Power of county commissioners is limited, and cannot be exercised to override every hiring decision, or to impose qualifications in the hiring process. | Is the county commissioners power to override hiring decisions limited? | 013527.docx | LEGALEASE-00131256-LEGALEASE-00131257 |
| People v. Brooks, 396 P.3d 480 | 2.31E+22 | If believed by the fact finder, defendant's honest and reasonable, albeit mistaken, belief in the victim's consent is a complete defense to a charge of kidnapping or rape. Cal. Penal Code S 207. | Is consent a defense to kidnapping? | Kidnapping - Memo 11 - SB.docx | ROSS-003286815-ROSS-003286816 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reagan v. Dyrenforth, 87 Colo. 126 | 307A+509 | Withdrawal of juror and declaration of mistrial to permit amendment of complaint after denial of judgment on pleadings did not entitle plaintiffs to dismiss action (Code Civ. Proc. 1921, S 184). Plaintiffs moving for judgment on pleadings after jury was sworn, and granted permission to withdraw juror and declaration of mistrial on their statement that they desired only to amend complaint after adverse ruling on such motion, held not entitled, as matter of right, to dismiss action under Code Civ. Proc. 1921, S 184; trial having begun before motion was made. | "Is a plaintiff entitled to dismiss his action as a matter of right after the trial has begun, but only as a matter of favor?" | Pretrial Procedure - Memo # 1211 - C - MS.docx | ROSS-003287488-ROSS-003287489 |
| Nat'l Bank of Commerce v. Jupiter Mortg. Corp., 890 So. 2d 553 | 307A+501 | Rule governing dropping parties is appropriate vehicle to drop a party where plaintiff intends to dismiss only one of several parties; however, if there is only one defendant or if plaintiff intends to dismiss action as to all defendants, operative rule is rule governing voluntary dismissal by parties. West's F.S.A. RCP Rules 1.250(b), 1.420(a)(1). | Is there a rule to drop a party where a plaintiff intends to dismiss only one of several parties? | Pretrial Procedure - Memo # 1275 - C - PC.docx | LEGALEASE-00020464-LEGALEASE-00020465 |
| Straub v. Smith, No. 31955, 2006 WL 1982878 | 307A+501 | A voluntary dismissal is a matter of right and does not require the consent or permission of the district court so long as a notice of dismissal or a signed stipulation to dismiss is filed with the district court. Rules Civ.Proc., Rule 41(a)(1). | Is a voluntary dismissal a matter of right and terminates the action? | 026491.docx | LEGALEASE-00131137-LEGALEASE-00131138 |
| Johnson v. Sikorski, 100 P.3d 420 | 30+3273 | The decision to allow amendment to pleadings is vested within the sound discretion of the district court and is, therefore, subject to reversal only for an abuse of discretion. | When is the decision to allow amendment to pleadings reversed? | 026637.docx | LEGALEASE-00130305-LEGALEASE-00130306 |
| Campbell v. Lee, 12 Tenn. App. 293 | 307A+501 | The plaintiff's right to take a voluntary non-suit is absolute, and cannot be denied him when applied for within the time prescribed by section 4689. | Is the plaintiff's right to take a voluntary non-suit absolute? | 026647.docx | LEGALEASE-00130336-LEGALEASE-00130337 |
| Senseley v. First Nat. Life Ins. Co., 205 La. 61 | 307A+501 | Plaintiff has control of a suit and the right to discontinue or dismiss it at any time except where rights of defendant are prejudiced, and as respects a reconventional demand the defendant has similar control and rights. Code Prac. art. 491. | "Can a plaintiff discontinue a suit at any time, unless there is a re-conventional demand or prejudice to a defendant's rights?" | 026765.docx | LEGALEASE-00130321-LEGALEASE-00130322 |
| Herrell v. Maddux, 217 Kan. 192 | 307A+749.1 | Generally, a pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | Does a pretrial order which specifies the issues to be tried supersede and replace the pleading? | 026886.docx | LEGALEASE-00130331-LEGALEASE-00130332 |
| Siegel v. Kepa Homes Corp., 2000 Mass. App. Div. 170 | 363+17(1) | Trial should be confined to the issues disclosed in a pretrial report, and the admissions or stipulations of counsel in pretrial conferences and memoranda are binding on the parties. Rules Civ.Proc., Rule 16, 43A M.G.L.A. | Should the trial be confined to the issues disclosed in a pretrial report? | 026936.docx | LEGALEASE-00130487-LEGALEASE-00130488 |
| Awanderlust Travel v. Kochevar, 21 P.3d 876 | 307A+749.1 | When no objection is made to a pre-trial order, the matters determined by the order have the force and effect of a stipulation among the parties. | Do the matters determined by the order have the force and effect of a stipulation among the parties? | Pretrial Procedure - Memo # 1779 - SKG.docx | ROSS-003287245-ROSS-003287246 |
| Reinhardt v. Bennett, 45 Mich. App. 18 | 307A+743 | Pretrial conference is conducted to simplify and narrow issues of case for expeditious trial and to avoid traps and surprises. GCR 1963, 301.1. | Are pretrial conferences conducted to simplify and narrow issues presented in a case? | 027041.docx | LEGALEASE-00131064-LEGALEASE-00131065 |
| Keon v. New York Traprock Corp., 228 A.D. 795 | 307A+91 | Order for examination of parties before trial and for discovery and inspection of books and papers may be combined. | Can an order for examination of parties before trial and for discovery and inspection of books and papers be combined? | 027320.docx | LEGALEASE-00130950-LEGALEASE-00130951 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Siegel v. Kepa Homes Corp., 2000 Mass. App. Div. 170 | 363+17(1) | Trial should be confined to the issues disclosed in a pretrial report, and the admissions or stipulations of counsel in pretrial conferences and memoranda are binding on the parties. Rules Civ.Proc., Rule 16, 43A M.G.L.A. | Should trial be confined to the issues disclosed in a pretrial report? | Pretrial Procedure - Memo # 2177 - C - AP.docx | LEGALEASE-00021028-LEGALEASE-00021029 |
| In re Mytinger, 31 F. Supp. 977 | 371+2001 | Generally, a "tax" is a pecuniary burden laid upon individuals or property to support the government, and is a payment exacted by legislative authority. | Is tax a payment exacted by legislative authority? | 044553.docx | LEGALEASE-00131000-LEGALEASE-00131001 |
| In re Oshkosh Foundry Co., 28 F. Supp. 412 | 371+3260 | Under provisions of Wisconsin Unemployment Compensation Act, the contributions required by employers are a pecuniary burden imposed by authority of the state and made for a public purpose and are not a voluntary payment or donation, and although such contributions are not designated as a "tax," they come within definition of quoted term. St.Wis.1937, S 108.01 et seq. (W.S.A.). | Is tax a voluntary payment or donation? | 044565.docx | LEGALEASE-00131006-LEGALEASE-00131007 |
| In re Olde Florida Investments, Ltd., 272 B.R. 779 | 371+2001 | Under Florida law, a "tax" is an enforced burden of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform. | What is the purpose of a tax under state laws? | Taxation - Memo # 126 - C - CK.docx | ROSS-003290524-ROSS-003290525 |
| In re George, 361 F.3d 1157 | 371+2001 | "Tax" is a pecuniary burden laid upon individuals or property for the purpose of supporting the government, as distinguished from a "penalty," which is an exaction imposed by statute as punishment for an unlawful act. | What is a penalty? | 044711.docx | LEGALEASE-00130826-LEGALEASE-00130828 |
| City & Cty. of San Francisco v. Flying Dutchman Park, 122 Cal. App. 4th 74 | 371+2001 | A distinction is made between the taxation of real estate ownership on an ad valorem basis, and a tax on the use of that real property; a tax on the separate use of the property, known as an "excise tax," is permissible, and does not constitute double taxation. West's Ann.Cal. Const. Art. 13, S 1. | "Does a tax on the separate use of the property, known as an ""excise tax,"" constitute double taxation?" | 044747.docx | LEGALEASE-00130935-LEGALEASE-00130936 |
| Klingenschmitt v. United States, 119 Fed. Cl. 163 | 34+5(8) | The decisions of military officials regarding which individuals are fit to serve and in what capacity are not for the courts to decide. | Is it for the courts to decide the decisions of military officials regarding which individuals are fit to serve? | 008914.docx | LEGALEASE-00132433-LEGALEASE-00132434 |
| State v. Perez, 147 Conn. App. 53 | 63+1(1) | A public servant is guilty of bribe receiving if he accepts, agrees to accept, or solicits a benefit as consideration for his decision, opinion, recommendation, or vote. C.G.S.A. S 53a-148(a). | When is a public servant guilty of bribe receiving? | 011131.docx | LEGALEASE-00131484-LEGALEASE-00131485 |
| Veale v. Rose, 657 S.W.2d 834 | 289+560 | Misappropriation by one partner to his own use of property of the partnership is considered in law as constructive if not actual fraud on the partnership and is actionable. | Does misappropriation by a partner for his own use of partnership property lead to constructive fraud? | 022191.docx | LEGALEASE-00132497-LEGALEASE-00132498 |
| Gill v. Caribbean Home Remodeling Co., 73 A.D.2d 609 | 302+18 | Bare allegations of fraud without any allegation of the details constituting the wrong are clearly not sufficient to sustain such a cause of action. CPLR 3016(b). | Are bare allegations of fraud sufficient to sustain a cause of action? | Pleading - Memo 262 - RMM.docx | ROSS-003300853-ROSS-003300854 |
| SNA Nut Co. v. Haagen-Dazs Co., 302 F.3d 725 | 170A+1939 | Because the parties rely on the pretrial conference to inform them precisely what is in controversy, the pretrial order is treated as superceding the pleadings and establishes the issues to be considered at trial. | What do parties rely on pretrial conferences for? | 026544.docx | LEGALEASE-00131891-LEGALEASE-00131892 |
| Structural Pres. Sys. v. Petty, 927 A.2d 1069 | 307A+750 | The pre-trial order limits the issues for trial and controls the subsequent course of the action, thereby precluding the interjection of new issues, absent modification of the order upon good cause. | What does a pretrial order do? | 027081.docx | LEGALEASE-00131486-LEGALEASE-00131487 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Olson v. England, 206 Neb. 256 | 307A+749.1 | Subsequent course of an action is controlled by agreements made at pretrial conference so long as they remain unmodified. | Is a subsequent course of an action controlled by agreements made at pretrial conference? | Pretrial Procedure - Memo # 1922 - C-BP.docx | ROSS-003287302-ROSS-003287303 |
| Dillard Dep't Stores v. Hall, 909 S.W.2d 491 | 307A+331 | Unlike depositions and interrogatories, requests for document production may not be used simply to explore. Vernon's Ann.Texas Rules Civ.Proc., Rule 167. | "Unlike depositions and interrogatories, can requests for document production be used simply to explore?" | 027211.docx | LEGALEASE-00132305-LEGALEASE-00132306 |
| Banks ex rel. Banks v. Sunrise Hosp., 120 Nev. 822 | 307A+331 | When a potential for litigation exists, the litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action. | "When a potential for litigation exists, is the litigant under a duty to preserve evidence which it knows or reasonably should know is relevant to the action?" | 027254.docx | LEGALEASE-00132061-LEGALEASE-00132062 |
| Scott Paper Co. v. Griffin, 409 So. 2d 1375 | 307A+749.1 | A pretrial order may govern the future course of litigation in the action before the trial court. | Could a pretrial order govern the future course of litigation in the action before the trial court? | 027261.docx | LEGALEASE-00132227-LEGALEASE-00132228 |
| Harris v. Ward Greenberg Heller & Reidy LLP, 151 A.D.3d 1808 | 307A+517.1 | When plaintiff's voluntary notice of discontinuance is timely, the action is discontinued and it is as if it had never been; everything done in the action is annulled and all orders in the case are nullified. McKinney's CPLR 3217(a). | Can an action be discontinued if a plaintiff's voluntary notice of discontinuance is timely? | 027561.docx | LEGALEASE-00131803-LEGALEASE-00131804 |
| Aerojet-Gen. Corp. v. Commercial Union Ins. Co., 155 Cal. App. 4th 132 | 307A+517.1 | Common law retraxit, i.e., a voluntary renunciation by plaintiff in open court of his suit and cause thereof by which plaintiff forever lost his action, is now accomplished by a dismissal with prejudice. | Is common law retraxit now accomplished by a dismissal with prejudice? | Pretrial Procedure - Memo # 2220 - C - KA.docx | LEGALEASE-00021754-LEGALEASE-00021755 |
| U.S. Bank Nat. Ass'n v. Anthony-Irish, 204 So. 3d 57 | 106+30 | Though a court may lack procedural jurisdiction, losing power over a specific dispute by entering an order prior to the filing of proper pleadings, granting relief beyond the scope of the pleadings, or entering additional orders after a voluntary dismissal or a final judgment, it retains "subject-matter jurisdiction," the power to decide matters within a general category of cases. | Does a court lack procedural jurisdiction if it enters additional orders after a voluntary dismissal? | 028040.docx | LEGALEASE-00131805-LEGALEASE-00131806 |
| White v. Tariq, 299 S.W.3d 1 | 307A+517.1 | A voluntary dismissal without prejudice renders that cause of action a nullity; it is treated as never having been filed. | Does a voluntary dismissal without prejudice render that cause of action a nullity? | Pretrial Procedure - Memo # 2518 - C-BP.docx | ROSS-003300107-ROSS-003300108 |
| Orbison v. Welsh, 242 Ind. 385 | 371+2750 | The payment of a tax is compulsory and not optional, and it entitles taxpayer to receive nothing in return, other than rights of government which are enjoyed by all citizens alike. | What does a tax entitle the taxpayer to receive in return? | Taxation - Memo # 140 - C - KBM.docx | ROSS-003288215-ROSS-003288216 |
| Efros v. Russo, 68 N.J. Super. 110 | 268+405 | "Assessments" are special and local impositions upon property in the immediate vicinity of municipal improvements which are necessary to pay for improvement, and are laid with reference to special benefit which property is supposed to have derived therefrom. | What do differences between assessment and tax include? | 044662.docx | LEGALEASE-00131570-LEGALEASE-00131571 |
| Wright v. Steers, 179 N.E.2d 721 | 371+2001 | The nature of tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | Is the nature of tax determined by its operation and incidence rather than by its legislative title or designation? | 044788.docx | LEGALEASE-00131493-LEGALEASE-00131494 |
| In re Opinion of the Justices, 133 Me. 525 | 371+2002 | A "tax" is an enforced contribution to raise revenue and not to reimburse state for special services rendered to a given party. | Is tax an enforced contribution to reimburse the State for special services? | 044824.docx | LEGALEASE-00131565-LEGALEASE-00131567 |
| Gross v. Ocean Twp., 184 N.J. Super. 144 | 371+2001 | Essential characteristic of a tax is a compulsory contribution to the support of government, imposed upon individuals or property pursuant to legislative authority. | Is tax a compulsory contribution to support the government? | 044844.docx | LEGALEASE-00131630-LEGALEASE-00131631 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Golden State Bank v. Dolan, 37 Colo. App. 29 | 371+2001 | Nature of a tax must be determined by its operation rather than by the particular descriptive language that may have been applied to it. | Should the nature of a tax be determined by its operation rather than its particular descriptive language? | Taxation - Memo # 263 - C - SU.docx | ROSS-003304061-ROSS-003304062 |
| Golden State Bank v. Dolan, 37 Colo. App. 29 | 371+2001 | Nature of a tax must be determined by its operation rather than by the particular descriptive language that may have been applied to it. | Should the nature of a tax be determined by its operation rather than its particular descriptive language? | 044877.docx | LEGALEASE-00131887-LEGALEASE-00131888 |
| State, ex rel. Emrick, v. Wasson, 62 Ohio App. 3d 498 | 268+405 | Although "tax" and "assessment" are similar concepts in that they are government-imposed financial burdens for public or quasi-public purpose, functional distinction exists between the two; tax is burden levied on citizens for general operation of government, and assessment is narrower burden levied on specific property owners to cover costs of benefits bestowed on property by public improvements. | "Does a functional distinction exist between a ""tax"" and an ""assessment""?" | Taxation - Memo # 288 - C - KBM.docx | ROSS-003301951-ROSS-003301952 |
| Reed v. City of New Orleans, 593 So. 2d 36 | 371+2001 | Nature of tax is determined not by its title, but by its incidents, attributes, and operational effect; realities and substance of tax must be examined, not its form. LSA-Const. Art. 6, S 29. | Should the nature of a tax be determined by its attributes and operational effect? | 044992.docx | LEGALEASE-00132188-LEGALEASE-00132189 |
| Hecht v. Components Int'l, 22 Misc. 3d 360 | 386+7 | For tort of trespass to chattel, dispossession of the chattel may be committed in a variety of ways, including taking the chattel from the possession of another without the other person's consent or destroying the chattel while it is in the other person's possession. Restatement (Second) of Torts S 221. | How can dispossession of chattel be committed for the tort of trespass to chattel? | 047301.docx | LEGALEASE-00132489-LEGALEASE-00132490 |
| Calvert v. Indus. Claim Appeals Office, 155 P.3d 474 | 92+4186 | Because receipt of workers' compensation benefits does not implicate a fundamental right, a review under a substantive due process analysis is governed by the rational basis standard. U.S.C.A. Const.Amend. 14. | Is workmens compensation a fundamental right? | 047790.docx | LEGALEASE-00131744-LEGALEASE-00131745 |
| Wolfe v. Sibley, Lindsay & Curr Co., 36 N.Y.2d 505 | 413+1910 | Workmen's compensation liability should not be extended indefinitely and court must consider record before it in light of commonsense viewpoint of average man. | Should workmens liability be extended indefinitely and from what viewpoint should the court consider the record before it? | 047807.docx | LEGALEASE-00131721-LEGALEASE-00131722 |
| People v. Gordon, 32 P.3d 575 | 63+1(1) | Solicitation of bribe need not be stated in any particular language but may be in form of words which carry import of bribe and were evidently intended to be so understood. West's Ann.Pen.Code, S 653f. | Must the offer or solicitation of a bribe be stated in any particular language? | 011342.docx | LEGALEASE-00133338-LEGALEASE-00133339 |
| People v. Ginsberg, 80 Misc. 2d 921 | 63+1(1) | A traditional element of the crime of bribery is a promised or actual influence on official powers or duties. Penal Law 1965, SS 10.00, subd. 15, 200.10. | Is a promised or actual influence upon official powers or duties a traditional element of bribery? | 011352.docx | LEGALEASE-00133269-LEGALEASE-00133270 |
| People v. Wallace, 57 Ill. 2d 285 | 63+1(1) | Mere offer or promise with requisite intent is sufficient to constitute the completed offense of bribery. S.H.A. ch. 38, S 33-1(a, c). | Is the mere offer or promise with requisite intent sufficient to constitute the completed offense of  briber? | Bribery - Memo #255 - C-CSS.docx | ROSS-003300632-ROSS-003300633 |
| United States v. Jennings, 160 F.3d 1006 | 63+11 | Government is not required to prove an expressed intention or agreement to engage in a quid pro quo in order to prove bribery of public official; such an intent may be established by circumstantial evidence. 18 U.S.C.A. S 201(b)(1)(A). | How can the prosecution prove the intent element in a bribery case? | 011402.docx | LEGALEASE-00133180-LEGALEASE-00133181 |
| State v. Italiano, 18 Ohio St. 3d 38 | 63+1(1) | For purposes of prosecution for bribery of a public official, official duty can arise from usage as well as from a written rule or regulation. R.C. S 2921.02. | "When can a public official's ""official duties"" arise from for purposes of prosecution for bribery of a public official?" | Bribery - Memo #283 - C - LB.docx | ROSS-003286690-ROSS-003286691 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Roberts, 119 Ohio St. 3d 294 | 289+1331 | Either partner has the right to sell products of partnership, and, in absence of fraud, such acts would not be a criminal offense. R.C. S 1777.01. | Does each partner have the right to sell the products produced by partnership? | 022133.docx | LEGALEASE-00133539-LEGALEASE-00133540 |
| Small v. Fritz Companies, 30 Cal. 4th 167 | 302+34(1) | The policy of liberal construction of the pleadings will not ordinarily be invoked to sustain a pleading defective in any material respect. | Will the policy of liberal construction of the pleadings be invoked to sustain a pleading defective in any material respect? | 023243.docx | LEGALEASE-00132964-LEGALEASE-00132965 |
| Arizona State Highway Dep't v. Bechtold, 105 Ariz. 125 | 307A+750 | Purpose of pretrial order is to simplify issues and shorten trial time, but such orders are not absolute and do not completely jell issues in action. | Are pretrial orders that simplify issues and shorten trial time absolute? | 027083.docx | LEGALEASE-00132808-LEGALEASE-00132809 |
| Rust-Oleum Corp. v. Fitz, 801 N.E.2d 754 | 307A+749.1 | Binding effect of pretrial order does not mean that order must be rigidly and pointlessly adhered to at trial. Trial Procedure Rule 16(J). | Does the binding effect of pretrial order mean that order must be rigidly and pointlessly adhered to at trial? | Pretrial Procedure - Memo # 1891 - C - VP.docx | ROSS-003287291-ROSS-003287292 |
| Grammas v. Colasurdo, 48 N.J. Super. 543 | 388+251(1) | Trial judge is not required to instruct jury concerning matters not within scope of pretrial order where issue is not tried by consent. | Can a court refuse to give an instruction to jury on an issue not embodied in pretrial order? | 027159.docx | LEGALEASE-00133123-LEGALEASE-00133124 |
| Lydon v. Eagle Food Centers, 297 Ill. App. 3d 90 | 307A+517.1 | Plaintiff who voluntarily dismisses action can refile action only once under statute creating absolute right to refile complaint within one year or within remaining limitation period, whichever is greater. S.H.A. 735 ILCS 5/13-217. | Can a plaintiff dismiss an action that originally was filed within the statute of limitations and then refile the action after the statute of limitations ordinarily would have expired? | Pretrial Procedure - Memo # 2297 - C - SK.docx | ROSS-003313471-ROSS-003313472 |
| Geo. C. Christopher & Son v. Kansas Paint & Color Co., 215 Kan. 185 | 307A+749.1 | Listing of exhibits by parties at a pretrial conference is for identification purposes only, and authenticity of exhibits must be provided at time of trial. | Is a listing of exhibits by parties at a pretrial conference for identification purposes only? | Pretrial Procedure - Memo # 2529 - C - PB.docx | ROSS-003288295-ROSS-003288296 |
| CHCA Woman's Hosp. v. Lidji, 369 S.W.3d 488 | 307A+517.1 | A voluntary nonsuit extinguishes a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court, and it renders the merits of the nonsuited case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit become effective from the moment the motion for nonsuit is filed? | 028579.docx | LEGALEASE-00132752-LEGALEASE-00132753 |
| Israel v. Carpenter, 120 F.3d 361 | 307A+517.1 | Massachusetts law allows and requires inquiry into intended scope and effect of stipulation of dismissal. | Does law allows and requires inquiry into the intended scope and effect of stipulation of dismissal? | 028583.docx | LEGALEASE-00132766-LEGALEASE-00132767 |
| Veillion v. Knapp & E., 158 So. 2d 336 | 413+1 | Workmen's compensation is supposed to cover loss of earnings resulting to employee during time of his disability and it is not necessarily designed to make him whole again. LSA-R.S. 23:1021 et seq. | What is workmens compensation supposed to cover and what is it not necessarily designed to do? | 047879.docx | LEGALEASE-00132962-LEGALEASE-00132963 |
| Tampa Aluminum Prod. Co. v. Watts, 132 So. 2d 414 | 413+1 | Workmen's compensation cases, like other lawsuits, must generally be determined by their peculiar facts. | "Should workmens compensation cases, like other lawsuits, generally be determined by their peculiar facts?" | 047891.docx | LEGALEASE-00133056-LEGALEASE-00133057 |
| Shelter Mut. Ins. Co. v. Vulgamott, 96 S.W.3d 96 | 307A+517.1 | Once a plaintiff voluntarily dismisses a claim prior to the introduction of evidence, it is as if the suit were never brought. | "Once a plaintiff voluntarily dismisses a claim prior to the introduction of evidence, is it as if the suit were never brought?" | 028243.docx | LEGALEASE-00133596-LEGALEASE-00133597 |
| Liberman v. Liberman, 844 S.W.2d 79 | 307A+517.1 | When plaintiff voluntarily dismisses action without prejudice before introduction of evidence at trial, trial court loses jurisdiction as of date of dismissal. V.A.M.R. 67.01. | Does the trial court lose jurisdiction as of the date of dismissal of a case? | 028269.docx | LEGALEASE-00133632-LEGALEASE-00133633 |
| Brye v. Brakebush, 32 F.3d 1179 | 307A+517.1 | Under Wisconsin law, where dismissal is voluntary, it is presumed that dismissal is not on the merits unless otherwise specified in order. W.S.A. 805.04(2). | "Under the law, where dismissal is voluntary, is it presumed that dismissal is not on the merits unless otherwise specified in an order?" | 028287.docx | LEGALEASE-00133650-LEGALEASE-00133651 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | When a nonsuit is filed while a matter was pending on interlocutory appeal from a pretrial plea to the jurisdiction, the nonsuit extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court; the only requirement is the mere filing of the motion with the clerk of the court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit terminate a case from the moment the motion is filed? | 028291.docx | LEGALEASE-00133654-LEGALEASE-00133655 |
| Ethredge v. Hail, 56 F.3d 1324 | 34+4 | Military officials need not demonstrate actual harm before implementing regulation restricting speech. U.S.C.A. Const.Amend. 1. | Do military officials demonstrate actual harm before implementing regulation restricting speech? | Armed Services - Memo 107 - JS.docx | ROSS-003290266-ROSS-003290267 |
| Walls v. United States, 582 F.3d 1358 | 34+4 | The Physical Evaluation Board (PEB) process is designed to identify individuals who should be separated or retired for disability because of a permanent disabling medical condition, not to identify those individuals requiring further treatment for a temporarily disabling condition. 10 U.S.C.A. S 640. | Is the question of disability regarding a service member decided by the Physical Evaluation Board (PEB)? | 008392.docx | LEGALEASE-00133790-LEGALEASE-00133791 |
| Rodriguez v. Dep't of Def., 236 F. Supp. 3d 26 | 34+5(1) | The Military Whistleblower Protection Act (MWPA) is a statute designed to provide a degree of protection from retaliation to military personnel who report information on improper or illegal activities by other military personnel. 10 U.S.C.A. S 1034. | What is the purpose of the Military Whistleblower Protection Act (MWPA)? | 008408.docx | LEGALEASE-00133814-LEGALEASE-00133815 |
| Baker v. United States, 34 Fed. Cl. 645 | 34+3(1) | Decisions by Congress and the Executive regarding the needs of the military must be accorded considerable deference. U.S.C.A. Const. Art. 1, S 8, cl. 14; Art. 2, S 2, cl. 1. | Should the decisions by Congress and the Executive regarding the needs of the military be accorded considerable deference? | Armed Services - Memo 95 - JS.docx | ROSS-003289092-ROSS-003289093 |
| Sargisson v. United States, 12 Cl. Ct. 539 | 34+3(1) | Evidence proffered to federal court to show military decision to be arbitrary or unsupported must be clear and convincing. | Should the evidence proffered to a federal court be clear and convincing to show a decision to be arbitrary or unsupported? | Armed Services - Memo 99 - JS.docx | LEGALEASE-00023590-LEGALEASE-00023591 |
| Helmerich & Payne v. State ex rel. Comm'rs of the Land Office, 935 P.2d 1179 | 352H+155 | An indictment which charges a rape by fraud, by personating the husband, must allege that the injured female is a married woman, and not the wife of the defendant. | Is a rape indictment required to state that the injured female is married? | Sex Offence - Memo 67 - SB.docx | ROSS-003290931-ROSS-003290932 |
| Fisher v. Carolina Door Prod., 286 S.C. 5 | 83E+670 | Antedating of promissory note does not affect its negotiability, and time when antedated note is payable is determined by stated date if instrument is payable at fixed period after date. Code 1976, SS 36-1-201(31), 36-3-114. | "If a promissory note is predated or antedated, does it affect its validity? " | Bills and Notes - Memo 290 -DB.docx | LEGALEASE-00023855-LEGALEASE-00023856 |
| State v. Lopez, 522 So. 2d 997 | 63+1(1) | Bribery statute prohibits any payment intended to influence performance of any act by public servant, even if person pays for doing of act the public servant is legally bound to do. West's F.S.A. S 838.015(1). | Can a defendant be convicted of bribery if he pays a public official to do something the official was legally obligated to do? | Bribery - Memo #201-C-LB.docx | ROSS-003305036-ROSS-003305037 |
| York Motor Exp. Co. v. State, for Use of Hawk, 195 Md. 525 | 48A+168(8) | Degree of care to be exercised by motorist in fog varies with conditions of fog, the highway, and the traffic, and may be affected by the type, size and weight of vehicle. | What is the standard of the degree of care that is required to be exercised by a driver or a motorist? | 019235.docx | LEGALEASE-00134732-LEGALEASE-00134733 |
| Jensen v. Pritchard, 120 Ind. App. 439 | 296+2 | A "pension" is in nature of a bounty springing from the appreciation and graciousness of the sovereign and may be given, withheld, distributed, or recalled at its pleasure. | Is pension a bounty springing from appreciation and graciousness of the sovereign? | 022829.docx | LEGALEASE-00134110-LEGALEASE-00134111 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Corby v. Swank, 670 N.E.2d 1322 | 307A+474 | Party seeking withdrawal of admission has burden of demonstrating that presentation of merits will be subserved by withdrawal; however, party who has obtained admissions has burden of demonstrating that it will be prejudiced if trial court permits withdrawal. Trial Procedure Rule 36(B). | Does the party seeking to have the admissions enforced must show that it will have difficulty proving its case as a result of the withdrawal of the admissions? | 028417.docx | LEGALEASE-00133948-LEGALEASE-00133949 |
| Yarbrough v. Magbee Bros. Lumber & Supply Co, 189 Ga. App. 299 | 307A+486 | Any attempt to withdraw or amend admissions must be accompanied by showing that merits of case will be subserved. O.C.G.A. SS 9-11-16, 9-11-36(b). | Should any attempt to withdraw or amend admissions be accompanied by showing that merits of case will be subserved? | Pretrial Procedure - Memo # 2949 - C - SK.docx | ROSS-003304271-ROSS-003304272 |
| Tucker v. McQuery, 107 Ohio Misc. 2d 31 | 307A+486 | Trial court has the discretion to permit a party to amend an answer deemed admitted. Rules Civ.Proc., Rule 36(B). | Does a trial court have the discretion to permit a party to amend an answer deemed admitted? | 028891.docx | LEGALEASE-00134090-LEGALEASE-00134091 |
| Motor Car Classics v. Abbott, 316 S.W.3d 223 | 307A+486 | Good cause necessary to obtain relief from deemed admissions is established when the failure to respond to the request for admissions is accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Is good cause necessary to obtain relief from deemed admissions? | Pretrial Procedure - Memo # 3120 - C - MS.docx | LEGALEASE-00024426-LEGALEASE-00024427 |
| People v. Giardino, 82 Cal. App. 4th 454 | 352H+62(1) | By itself, the existence of actual consent is not sufficient to establish a defense to a charge of rape, because the supposed victim's actual consent to sexual intercourse disproves rape only if he or she had sufficient capacity to give that consent. West's Ann.Cal.Penal Code S 261. | Is a victims consent a defense to rape? | Sex Offence - Memo 40 - SB.docx | LEGALEASE-00024564-LEGALEASE-00024565 |
| Appeal of News Pub. Co., 12 Kan. App. 2d 328 | 371+2016 | Entire matter of taxation is legislative and does not exist apart from statute; legislature is empowered to provide means and agencies for carrying out its responsibilities in matter of taxation. | Does the matter of taxation exist apart from statute? | 045009.docx | LEGALEASE-00134517-LEGALEASE-00134518 |
| City of Lake Elmo v. 3M Co., 237 F. Supp. 3d 877 | 386+10 | Under Minnesota law, a "trespass" is committed where a plaintiff has the right of possession to the land at issue, and there is a wrongful and unlawful entry upon such possession by defendant. | Can trespass be committed only when a plaintiff has the right of possession to the land? | 047354.docx | LEGALEASE-00134855-LEGALEASE-00134856 |
| Envtl. Processing Sys., L.C. v. FPL Farming Ltd., 457 S.W.3d 414 | 386+10 | Consent, or lack thereof, is an element of the trespass cause of action rather than an affirmative defense; otherwise, a trespass cause of action would require plaintiffs to prove only an entry onto their property, which ignores the well-established definition that the entry is actionable only if it is unauthorized or without consent; abrogating Stone Res., Inc. v. Barnett, 661 S.W.2d 148, Carr v. Mobile Video Tapes, Inc., 893 S.W.2d 613, Ward v. NE. Tex. Farmers Co-op. Elevator, 909 S.W.2d 143, Cain v. Rust Indus. Cleaning Servs., Inc., 969 S.W.2d 464, Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, and Stukes v. Bachmeyer, 249 S.W.3d 461. | Does consent to enter defeat the cause of action for trespass? | 047391.docx | LEGALEASE-00134789-LEGALEASE-00134790 |
| Whiteman v. Chesapeake Appalachia, 729 F.3d 381 | 386+10 | Under West Virginia law, a continuing trespass occurs when one person leaves on the land of another, with a duty to remove it, a structure, chattel, or other thing. Restatement (Second) of Torts S 160. | When does a continuing trespass occur? | Trespass - Memo 276 - SB.docx | ROSS-003291318-ROSS-003291319 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fox v. Sheriff, Clark Cty., 86 Nev. 21 | 63+1(1) | Statute making it unlawful to bribe a witness to influence his testimony requires an agreement or understanding between the giver of the bribe and the receiver; if the giver makes an offer and he reasonably believes that the receiver has accepted, then there is an understanding between the parties. N.R.S. 199.240. | Is an agreement or understanding between the giver of the bribe and the receiver required? | 011483.docx | LEGALEASE-00135889-LEGALEASE-00135890 |
| U.S. v. Jackson, 904 F. Supp. 118 | 92+1170 | First Amendment does not imply explicit quid pro quo element into every state bribery offense. U.S.C.A. Const.Amend. 1. | Is quid pro quo required to be an element in a state bribery offense? | Bribery - Memo #349 - C-JL.docx | ROSS-003303978-ROSS-003303979 |
| United States v. Dorr, 636 F.2d 117 | 110+2077 | Test in determining existence of prosecutorial misconduct regarding closing argument is whether the remarks were improper and whether they prejudicially affected substantial rights of defendant. | What is the test for evaluating allegations of prosecutorial misconduct? | 011587.docx | LEGALEASE-00135095-LEGALEASE-00135096 |
| Shockley v. State, 695 S.W.2d 754 | 67+41(3) | Intent, as an essential element of burglary, must be proved by state beyond a reasonable doubt; it may not be left simply to speculation and surmise; however, as a question of fact for jury, intent may be inferred from surrounding circumstances. V.T.C.A., Penal Code S 30.02. | Does burglary require proof beyond a reasonable doubt? | Burglary - Memo 112-jS.docx | ROSS-003305053-ROSS-003305054 |
| People v. Lewis, 2002 WL 18325 | 203+598 | Under the "escape rule" extending felony-murder liability, a burglary committed by more than one person continues during the burglars' escape until all burglars reach a place of temporary safety. | Does a burglary continue until the burglar reaches a place of safety? | Burglary - Memo 114 - JS.docx | ROSS-003329761-ROSS-003329763 |
| Shankle v. Shankle, 289 N.C. 473 | 307A+716 | General rule is that attorney's withdrawal on eve of trial of civil case is not ipso facto grounds for continuance. Rules of Civil Procedure, rule 40(b), G.S. S 1A-1. | Is the withdrawal of counsel on eve of trial not ipso facto grounds for continuance? | 029294.docx | LEGALEASE-00135202-LEGALEASE-00135203 |
| Guzman v. Carnevale, 964 S.W.2d 311 | 307A+483 | Evasive or incomplete answer to request for admissions may be treated by trial court as deemed admission. Vernon's Ann.Texas Rules Civ.Proc., Rule 215, subd. 4, par. a. | May an evasive or incomplete answer to a request for admissions be treated by the trial court as a deemed admission? | Pretrial Procedure - Memo # 3548 - C - KA.docx | ROSS-003290485-ROSS-003290486 |
| Riggin v. Rea Riggin & Sons, 738 N.E.2d 292 | 307A+716 | The withdrawal of legal counsel does not entitle a party to an automatic pretrial continuance, and the moving party must show diligence in procuring counsel. Trial Procedure Rule 53.5. | Does the withdrawal of legal counsel does not entitle a party to an automatic continuance? | 029693.docx | LEGALEASE-00135190-LEGALEASE-00135191 |
| Duff v. Spearman, 322 S.W.3d 869 | 92+3986 | A trial court's discretion in deeming a request for admissions to have been admitted is limited by due process. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Is a trial court's discretion in deeming a request for admissions to have been admitted limited by due process? | 029752.docx | LEGALEASE-00135980-LEGALEASE-00135982 |
| Gonzales v. Surplus Ins. Servs., 863 S.W.2d 96 | 307A+483 | Admissions, once deemed admitted, are judicial admissions, and party against whom admissions are deemed admitted may not then introduce controverting testimony in any legal proceeding related to action. Vernon's Ann.Texas Rules Civ.Proc., Rules 21a, 169. | " Are deemed admissions, resulting from a party's failure to answer a request for admissions, judicial admissions and may not be controverted with testimony?" | Pretrial Procedure - Memo # 3625 - C - KBM.docx | LEGALEASE-00025535-LEGALEASE-00025536 |
| Dodd v. Cowgill, 85 Nev. 705 | 307A+716 | Where party whose attorney is ill is represented by other counsel, denial of continuance may be justified. | "Where a party whose attorney is ill is represented by other counsel, is denial of continuance be justified?" | Pretrial Procedure - Memo # 3649 - C - SN.docx | ROSS-003289811-ROSS-003289812 |
| Schleimer v. Winter, 2002 WL 120561 | 307A+485 | A trial court has broad discretion to determine amount of a reasonable attorney fee on motion for costs of proof. West's Ann.Cal. C.C.P. S 2033, subd. o. | Does a court have broad discretion to determine amount of a reasonable attorney fee on motion for costs of proof? | Pretrial Procedure - Memo # 3825 - C - DA.docx | ROSS-003290927-ROSS-003290928 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hudson v. Winn, 859 S.W.2d 504 | 307A+483 | Copy of requests for admissions, together with proof of service, must be filed with clerk of court, and proof of service is required before admissions will be deemed against a party. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | "Must a copy of requests for admissions, together with proof of service, be filed with the clerk of court, and proof of service is required before admissions will be deemed against a party?" | Pretrial Procedure - Memo # 4139 - C - SJ.docx | LEGALEASE-00025753- LEGALEASE-00025754 |
| City of Austin v. Nalle, 102 Tex. 536 | 148+1 | "Eminent domain" is the sovereign power in the state to take private property for public use, providing first a just compensation therefor. | "Does the exercise of the power of ""eminent domain"" take property?" | 045217.docx | LEGALEASE-00135961- LEGALEASE-00135962 |
| Alabama Power Co. v. Fed. Power Comm'n, 134 F.2d 602 | 371+2001 | "Taxes" are annual compensation paid to government for annual protection and for current support of government and are generally an "expense" and not an "investment". | Are taxes the annual compensation paid to government for annual protection and for the current support of government? | 045246.docx | LEGALEASE-00135061- LEGALEASE-00135062 |
| People v. Siciliano, 4 Ill. 2d 581 | 63+1(1) | Gist of offense of "bribery" is giving to and receiving or accepting money or other valuable thing by a public officer to influence him with respect to performance of his official duty. | What is the gist of the offense of bribery? | 011645.docx | LEGALEASE-00136198- LEGALEASE-00136200 |
| United States v. Gallo, 863 F.2d 185 | 63+1(1) | Whether there was a federal official to whom bribes were actually paid was not determinative of the issue of defendants' intent to bribe a public official. 18 U.S.C.A. S 201(b). | Is the actual payment to a federal officer determinative of the issue of defendants' intent to bribe a public official? | 011864.docx | LEGALEASE-00136041- LEGALEASE-00136043 |
| Blackmon v. State, 2002 WL 31627094 | 210+815 | Aggravated assault is not a lesser-included offense of burglary of a habitation with intent to commit aggravated assault, since evidence showing a completed aggravated assault is not part of the facts legally required to show burglary with intent to commit aggravated assault. V.T.C.A., Penal Code S 30.02(a)(1). | Is aggravated assault a lesser included offense than burglary? | Burglary - Memo 135 - JS.docx | ROSS-003305055-ROSS-003305057 |
| Forrest v. Masters, 158 Neb. 506 | 48A+245(72) | In absence of restrictive applicable statutes or ordinances, a pedestrian has a right to walk longitudinally in a street or highway, and is not, as a matter of law, contributorily negligent in doing so. | Does a pedestrian have a right to walk longitudinally in the highway? | Highways - Memo 93 - VP.docx | ROSS-003302795-ROSS-003302796 |
| Matter of Cupples, 952 S.W.2d 226 | 289+592 | Partner's fiduciary duty includes duty to be candid concerning business opportunities, duty to be fair, duty not to put self-interests before interests of partnership, and duty not to compete with partnership in the business of partnership. | Do partners have a duty to not compete with the partnership in the business of partnership? | 022281.docx | LEGALEASE-00136396- LEGALEASE-00136397 |
| Time Savers v. LaSalle Bank, N.A., 371 Ill. App. 3d 759 | 302+18 | A complaint for common-law fraud must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made. | Will conclusionary allegations of fraud substitute for well-pled facts with specificity and particularity? | Pleading - Memo 325 - RMM.docx | ROSS-003305093-ROSS-003305094 |
| State Highway Dep't v. Hewitt Contracting Co., 115 Ga. App. 606 | 302+8(2) | Allegations stating knowledge and intention of opposite party usually constitute allegations of fact rather than conclusions, even as against special demurrer. | Is the allegation of knowledge of the opposite party a conclusion? | 023328.docx | LEGALEASE-00136316- LEGALEASE-00136317 |
| Nance v. Nance, 880 S.W.2d 341 | 307A+716 | Fact that attorney withdraws from case does not automatically give party an absolute right to continuance. | Does the fact that an attorney withdraws from a case not automatically give party an absolute right to continuance? | Pretrial Procedure - Memo # 3402 - C - SKG.docx | LEGALEASE-00026239- LEGALEASE-00026240 |
| Nance v. Nance, 880 S.W.2d 341 | 307A+716 | Fact that attorney withdraws from case does not automatically give party an absolute right to continuance. | Does the fact that an attorney withdraws from a case not automatically give party an absolute right to continuance? | 029456.docx | LEGALEASE-00136444- LEGALEASE-00136445 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Duff v. Spearman, 322 S.W.3d 869 | 307A+483 | When requests for admissions are used as intended, i.e., addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents, deeming admissions by default is unlikely to compromise presentation of the merits; nevertheless, due process concerns arise when a party uses deemed admissions to preclude presentation of the merits of a case. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "When a party relies on merit-preclusive deemed admissions, may due process concerns arise?" | 029991.docx | LEGALEASE-00136686-LEGALEASE-00136687 |
| Hungerford v. Great Bay Casino Corp., 213 N.J. Super. 398 | 307A+483 | Requests for admissions may not be used as tactical device to trap unwary pro se litigants. | May requests for admissions not be used as a tactical device to trap unwary pro se litigants? | Pretrial Procedure - Memo # 3749 - C - SHB.docx | LEGALEASE-00026394-LEGALEASE-00026395 |
| Mosley v. Bridges, 65 Ga. App. 64 | 307A+723.1 | Where counsel, requesting continuance on ground that his client, was providentially prevented from attending trial, stated only that client "was ill and unable to appear in court," court did not err in refusing continuance and denying motion to set aside verdict on ground of error in denying continuance. Code, S 81-1412. | "Can an attorney, in case of illness of his client, make a showing for a continuance of a case?" | 030365.docx | LEGALEASE-00136646-LEGALEASE-00136647 |
| Texas Utilities Co. v. Clark, 269 S.W. 903 | 30+3276 | Action of court in granting leave to file trial amendment, or in refusing continuance on account thereof, will be reviewed on appeal only if abuse of discretion is shown. | Is the refusal of continuance on account of trial amendment discretionary with a court? | 030379.docx | LEGALEASE-00136698-LEGALEASE-00136699 |
| Pancake v. Hite, 105 W. Va. 366 | 307A+720 | Amendment of declaration at trial to make it correspond to proof does not require continuance, except on showing of necessity to enable defendant to make defense (Code, ch. 131, S 8). | Does an amendment of declaration at trial to make it correspond to proof not require continuance? | Pretrial Procedure - Memo # 4070 - C - KBM.docx | ROSS-003290985-ROSS-003290986 |
| Brown v. Abilene Nat. Bank, 70 Tex. 750 | 307A+723.1 | Under Rev.St. art. 1277, providing that an applicant for continuance for want of testimony shall state "that he has used due diligence to procure the same, stating such diligence," such an application, which does not show when the subpoenas for the absent witnesses were placed in the hands of an officer for service, or when they were served, is properly refused. | "Does a failure by an applicant for continuance for want of testimony to state ""that he has used due diligence to procure the same, stating such diligence,"" leave the matter of continuance to the discretion of the court?" | 030817.docx | LEGALEASE-00136858-LEGALEASE-00136859 |
| First Nat. Bank v. Yakey, 253 Ill. App. 128 | 8.30E+05 | The object of the adoption of Negotiable Instruments Act by number of states was to codify the law merchant and to establish a uniformity as to the rights and liabilities of parties to negotiable instruments. S.H.A. ch. 98 S 21 et seq. | What is the object of the Negotiable Instruments Act? | 009419.docx | LEGALEASE-00137731-LEGALEASE-00137732 |
| Tallahassee Bank & Tr. Co. v. Raines, 125 Ga. App. 263 | 83E+405 | Separate paper pinned or clipped to an instrument is an insufficient indorsement, but rather paper must be so firmly affixed to instrument as to become an extension or part of it. Code, S 109A-3-202. | Whether a separate paper pinned or clipped to an instrument is considered as a sufficient indorsement? | 009425.docx | LEGALEASE-00138033-LEGALEASE-00138034 |
| Shapleigh Inv. Co. v. Miller, 193 S.W.2d 931 | 266+1133 | Promise of owner of realty subject to trust deed to pay interest on debt secured thereby for three years and relinquishment of right to pay entire principal before extended maturity constituted sufficient consideration for agreement extending loan three years. | Is promise to pay interest a valid consideration? | 010240.docx | LEGALEASE-00137828-LEGALEASE-00137829 |
| Rogowski v. Brill, 131 N.Y.S. 589 | 83E+413 | In order for a pre-existing debt to constitute consideration for an indorsement of a note, the holder must show that he has parted with something, that he has given up the original debt, or the right to sue on it. | When does a pre-existing debt constitute a consideration? | 010242.docx | LEGALEASE-00137944-LEGALEASE-00137945 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Hazellief, 148 So. 2d 28 | 63+1(1) | "Payola" denotes unsavory practice of making gifts to receptive representatives of powerful governmental agencies as means of currying favor and enhancing prospects of economic or other advantages. | "What is the definition of ""payola"" in regards to bribery?" | 011836.docx | LEGALEASE-00137633-LEGALEASE-00137634 |
| People v. Shaffer, 130 A.D.2d 431 | 63+1(1) | All that is required for bribery of witness to be complete is offer or agreement to confer benefit upon defendant's agreement or understanding that testimony will thereby be influenced; there is no requirement that benefit actually be conferred or that testimony actually be influenced. McKinney's Penal Law S 215.00. | What is required for the crime of bribery of a witness to be complete? | 011850.docx | LEGALEASE-00137524-LEGALEASE-00137525 |
| Thayer v. King Cty., 46 Wash. App. 734 | 92+2580 | Power of county to vacate streets is a political function and in the absence of collusion, fraud, or interference with vested rights, such function will not be judicially reviewed. West's RCWA 36.87.030, 36.87.040. | Can the vacation of a street be reviewed in the absence of fraud or collusion? | 019317.docx | LEGALEASE-00137736-LEGALEASE-00137737 |
| Hutchinson v. Des Moines Hous. Corp., 248 Iowa 1121 | 302+9 | To constitute proper and effective pleading a conclusion concerning negligence must be based on proper and pertinent facts. | Should a conclusion be based on proper and pertinent facts to constitute a proper and effective pleading? | 023377.docx | LEGALEASE-00137763-LEGALEASE-00137764 |
| Mermigis v. Servicemaster Indus., 437 N.W.2d 242 | 307A+725 | Denial of prejudgment interest is not "cost" that district court may assess in granting continuance to plaintiff. Rules Civ.Proc., Rule 184; I.C.A. S 535.3. | Is the denial of prejudgment interest a cost that the court may assess in granting a continuance? | 030859.docx | LEGALEASE-00137320-LEGALEASE-00137321 |
| Levine v. Behn, 169 Misc. 601 | 307A+91 | Ordinarily the courts exercise the greatest liberality with respect to the allowance and the scope of examination before trial. | Do the courts exercise the greatest liberality with respect to the allowance and the scope of examination before trial? | 030995.docx | LEGALEASE-00137537-LEGALEASE-00137538 |
| Mellon v. Beebe, 51 N.Y.S.2d 142 | 307A+91 | The privilege of examining defendants before trial has been much extended and is permitted, rather than hampered by technical rules, if inquiry is directed to relevant issues. | Is the privilege of examining defendants before trial permitted? | Pretrial Procedure - Memo # 4475 - C - NC.docx | ROSS-003318127-ROSS-003318129 |
| Fulton v. Nat'l Aniline & Chem. Co., 214 A.D. 846 | 307A+91 | A liberal construction should be placed on Civil Practice Act, SS 288, 289, permitting examination of adverse party or his assignor. | Should a liberal construction be placed permitting examination of an adverse party or his assignor? | 031050.docx | LEGALEASE-00138062-LEGALEASE-00138064 |
| Mazzenga v. Dorfman, 272 Pa. Super. 379 | 307A+725 | Imposition of an appropriate sanction is a more appropriate device than denial of continuance to employ to ensure the speedy disposition of cases. | Is imposition of an appropriate sanction a more appropriate device than denial of continuance to employ to ensure the speedy disposition of cases? | Pretrial Procedure - Memo # 4580 - C - RF.docx | ROSS-003291755-ROSS-003291756 |
| Soto v. BorgWarner Morse TEC Inc., 239 Cal. App. 4th 165, 191 Cal. Rptr. 3d 263 | 307A+36.1 | The plaintiff may make a motion for discovery regarding the defendant's financial condition, as required for punitive damages, at any time during the proceedings, and the court may issue its order at any time, including after a finding of liability has been made. Cal. Civ. Code S 3295. | Can the plaintiff make a motion for discovery regarding the defendant financial condition? | 031230.docx | LEGALEASE-00137159-LEGALEASE-00137160 |
| Jack v. P & A Farms, Ltd., 822 N.W.2d 511 | 307A+726 | Denial of request by employee's counsel for a continuance of trial in negligence action against employer, when employee failed to appear personally for trial, was not abuse of discretion, where case had been continued six times and had been on file for four years. | "Would it be an abuse of discretion if a request by employee's counsel is denied for a continuance of trial in negligence action against employer, when employee failed to appear personally for trial?" | 031262.docx | LEGALEASE-00137242-LEGALEASE-00137243 |
| Hulton v. Phaneuf, 85 R.I. 406 | 307A+720 | If a defendant's ability to defend is impaired by amendment to pleadings after trial has begun, he may move that the case be passed and where he does not do so, only question presented is whether trial justice abused discretion in allowing amendment. | "If a defendant's ability to defend is impaired by amendment to pleadings after trial has begun, may he move that the case be passed?" | 031297.docx | LEGALEASE-00137400-LEGALEASE-00137401 |
| Brake v. Murphy, 693 So. 2d 663 | 307A+725 | Trial court does not abuse its discretion in conditioning eve of trial continuance on payment of attorney fees caused by delay. | Will an eve-of-trial motion for continuance be granted by the court which conditioned payment of attorneys fees caused by the delay? | 031360.docx | LEGALEASE-00137561-LEGALEASE-00137562 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Odom v. Williams, 74 Wash. 2d 714 | 307A+725 | Deliberate absence from proceedings of movant seeking continuance bespeaks neither due diligence nor good faith. | Does a defendants deliberate absence from the proceedings on a motion for continuance bespeak due diligence or good faith? | 031362.docx | LEGALEASE-00137577-LEGALEASE-00137578 |
| Knapp v. Vill. of Beaver City, 273 Neb. 156 | 307A+517.1 | A dismissal without prejudice and a continuance are not the same; the former removes the case from the court's docket and subjects the plaintiff to the running of a limitations period, while the latter does not. | Is dismissal without prejudice and a continuance the same? | Pretrial Procedure - Memo # 4716 - C - ES.docx | ROSS-003290767-ROSS-003290768 |
| Garza v. Serrato, 699 S.W.2d 275 | 307A+91 | Right to take deposition of witness depends entirely on statutes and provisions of statutes must be strictly complied with. Vernon's Ann.Texas Civ.St. art. 3746; art. 3744 et seq. (Repealed); Vernon's Ann.Texas Rules Civ.Proc., Rules 202, 203; Rules 193, 194 (Repealed). | Does the right to take deposition of witness depend entirely on statutes? | Pretrial Procedure - Memo # 4734 - C - PC.docx | ROSS-003291194-ROSS-003291195 |
| Wolfe v. Decker, 221 Iowa 600 | 307A+720 | Whether continuance should be allowed because of filing of amendment to pleading rests largely in discretion of trial court. | Does the question of whether continuance should be allowed because of filing of amendment to pleading rest largely in discretion of trial court? | 031488.docx | LEGALEASE-00137124-LEGALEASE-00137126 |
| City of Santa Cruz v. Superior Court, 40 Cal. App. 4th 1146 | 92+2487 | Discovery into subjective motives or mental processes of legislators is forbidden and this proscription may not be circumvented by deposing others about factors that may have lead to legislators' votes. | Is discovery into the subjective motives or mental processes of city council members prohibited? | 031517.docx | LEGALEASE-00137244-LEGALEASE-00137245 |
| Record v. Indem. Ins. Co. of N. Am., 103 Cal. App. 2d 434 | 413+1 | Liability under Workmen's Compensation Act is incident to status of employment and is neither in tort nor in contract. | "Is liability under the Workmens Compensation Act incident to the status of employment, not in tort or in contract?" | 047918.docx | LEGALEASE-00137161-LEGALEASE-00137163 |
| Pickett v. Bank of Ellijay, 182 Ga. 540 | 83E+426 | Statute providing that blank indorsements of negotiable paper may always be explained between parties themselves, or those taking with notice of dishonor or of actual facts of indorsements, and Negotiable Instruments Act provision that person placing signature on instrument other than as maker, drawer, or acceptor is deemed to be indorser, unless he clearly indicates contrary intention, must be construed in pari materia so as to make parol evidence admissible to explain blank indorsement as between parties themselves, or those taking with notice of dishonor or of actual facts but not as between third persons or those taking without notice (Code 1933, SS 14-604, 14-605, 38-114, 38-509). | How can blank endorsements of negotiable paper be explained? | 009431.docx | LEGALEASE-00138291-LEGALEASE-00138292 |
| State v. Hebert, 402 So. 2d 675 | 63+1(1) | Bribery statute proscribes both giving and offering to give without provision that offer and taking shall together constitute single offense. LSA-R.S. 14:118. | "According to bribery statute, should offering and taking of bribes constitute single offense?" | 011881.docx | LEGALEASE-00138572-LEGALEASE-00138573 |
| Bragdon v. Kellogg, 118 Me. 42 | 268+706(3) | One failing to obey the mandate of Rev.St. c. 26, S 2, that persons with a team approaching to meet on a way shall seasonably turn to the right of the middle of the traveled part, is prima facie guilty of negligence, and has the burden of excusing his presence on the wrong side. | What does the phrase seasonably turn mean under the statute? | 019258.docx | LEGALEASE-00138890-LEGALEASE-00138891 |
| Landeche v. McSwain, 96-0959 (La. App. 4 Cir. 2/5/97), 688 So. 2d 1303 | 307A+44.1 | Trial court is endowed with inherent power to enforce its lawful pretrial orders and to attach sanctions for noncompliance and is vested with much discretion in selecting appropriate sanctions. | Do courts have powers to enforce pre-trial orders? | Pretrial Procedure - Memo # 4413 - C - ES.docx | ROSS-003302135-ROSS-003302136 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Soto v. BorgWarner Morse TEC Inc., 239 Cal. App. 4th 165, 191 Cal. Rptr. 3d 263 | 307A+36.1 | It may not be a defendant's burden to prove its net worth when the plaintiff seeks punitive damages, but if it is ordered to produce that evidence it is under an obligation to do so. Cal. Civ. Code S 3295. | Can it be a defendant's burden to prove its net worth when the plaintiff seeks punitive damages? | 030940.docx | LEGALEASE-00138946-LEGALEASE-00138947 |
| Stone v. Jarbalo State Bank of Jarbalo, 107 Kan. 332 | 307A+74 | Depositions, by leave of court, may be withdrawn from the files and be returned to the officer before whom they were taken for proper certification. | Could depositions be withdrawn from the files and returned to the officer before whom they were taken for proper certification? | 031671.docx | LEGALEASE-00138655-LEGALEASE-00138656 |
| Ft. Worth & D.C. Ry. Co. v. Walker, 48 Tex. Civ. App. 86 | 307A+74 | The return on a deposition envelope serves the purpose only to preserve the purity of the return of the deposition, and is a matter properly for the court, and not for the jury, as evidence. | Does the return on a deposition envelope serve the purpose only to preserve the purity of the return of the deposition? | 031705.docx | LEGALEASE-00138429-LEGALEASE-00138430 |
| McFaddin v. Sims, 43 Tex. Civ. App. 598 | 307A+74 | Rev.St.1895, art. 2284, Rules of Civil Procedure, rule 196, requires the officer taking a deposition to certify that the witness signed and swore to the answers "before" him. Held, that a certificate reciting that the witness was sworn by the officer before the interrogatories were propounded to him, and that his answers were reduced to writing and subscribed and sworn to by him, was defective. | Is the officer taking a deposition required to certify that the witness signed and swore to the answers before him? | 031728.docx | LEGALEASE-00138113-LEGALEASE-00138114 |
| Blades v. Woods, 107 Md. App. 178 | 307A+36.1 | Comparative information that may demonstrate pattern of discriminatory conduct is relevant in race discrimination cases, but discovery should be restricted to practices at issue in case, and applied to employees in similar circumstances. Md.Rule 2-402(a). | Is comparative information that may demonstrate pattern of discriminatory conduct relevant in race discrimination cases? | 031740.docx | LEGALEASE-00138211-LEGALEASE-00138212 |
| Heit & Weisenthal v. Licht, 218 A.D. 753 | 410+297(4.1) | That examination before trial may result in compelling witness to give evidence against himself is no ground for denying examination, since right to refuse to incriminate one's self is personal, and must be claimed when questions are asked. | Is that the examination before trial may compel a witness to give evidence against himself ground for denying examination? | 031745.docx | LEGALEASE-00138217-LEGALEASE-00138218 |
| Krstulja v. Krstulja, 200 Misc. 186 | 307A+91 | Generally, a party will not be allowed to obtain an examination before trial prior to furnishing a bill of particulars. | Will a party not be allowed to obtain an examination before trial prior to furnishing a bill of particulars? | 031759.docx | LEGALEASE-00138324-LEGALEASE-00138325 |
| Davis v. Rose, 278 Ky. 752 | 307A+74 | Permitting depositions for plaintiffs to be filed after time fixed by trial court for plaintiffs to take proof was discretionary. | Is permitting depositions for plaintiffs to be filed after the time fixed by the trial court for plaintiffs to take proof discretionary? | 031838.docx | LEGALEASE-00138722-LEGALEASE-00138723 |
| StreetScenes v. ITC Entm't Grp., 103 Cal. App. 4th 233 | 307A+36.1 | Following a determination of liability for punitive damages, once the court orders defendant to produce evidence of financial condition, there is no justification for not specifically following that order; if counsel has problems with the court's orders, he or she may seek a pretrial writ or argue the validity of that ruling on appeal. West's Ann.Cal.Civ.Code S 3295(c). | "Following a determination of liability for punitive damages, once the court orders defendant to produce evidence of financial condition, is there no justification for not specifically following that order?" | Pretrial Procedure - Memo # 5079 - C - CK.docx | ROSS-003291266-ROSS-003291267 |
| In re House of Yahweh, 266 S.W.3d 668 | 307A+36.1 | Information regarding net worth is discoverable in cases in which exemplary damages may be awarded. V.T.C.A., Civil Practice & Remedies Code S 41.003. | Can information regarding net worth discoverable in cases in which exemplary damages are awarded? | 032015.docx | LEGALEASE-00138233-LEGALEASE-00138235 |
| Dufresne v. Duemler, 108 A.D.2d 1102 | 307A+36.1 | Financial resources of either party to civil suit are not discoverable before trial, even where complaint seeks punitive damages. | Are financial resources of either party to a civil suit not discoverable before trial? | 032057.docx | LEGALEASE-00138414-LEGALEASE-00138415 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Greener v. Workers' Comp. Appeals Bd., 6 Cal. 4th 1028 | 413+13 | Exemption of Workers' Compensation Appeals Board from constitutional provision prohibiting administrative agencies from determining constitutional validity of statutes would be permissible exercise of legislature's plenary power over workers' compensation only if it were necessary to effectiveness of system of workers' compensation. West's Ann.Cal. Const. Arts. 3, S 3.5, 14, S 4. | When is the exercise of the Legislatures plenary powers over workers compensation permissible? | Workers' Compensation - Memo #291 ANC.docx | ROSS-003291004-ROSS-003291005 |
| United States v. Robinson, 663 F.3d 265 | 63+1(1) | For purposes of establishing threshold amount to support charge for violating statute prohibiting bribery intended to influence an organization that received federal funds in excess of $10,000 in one-year period, amount of bribe may suffice as proxy for value. 18 U.S.C.A. S 666(a). | Can the amount of a bribe suffice as a proxy for value for purposes of establishing the threshold amount to support a charge of federal funds bribery? | 011889.docx | LEGALEASE-00139319-LEGALEASE-00139320 |
| United States v. Zwick, 199 F.3d 672 | 63+1(1) | A highly attenuated implication of a federal interest will suffice to prove that a federal interest is implicated by a defendant's offense conduct, as required for a conviction for the acceptance or solicitation of bribes by an agent of a local government that is receiving federal funds. 18 U.S.C.A. S 666(a)(1)(B). | Is the government required to prove that a federal interest has been implicated by the defendants conduct in order to prosecute him for violation of 666? | Bribery - Memo #572 - C - LB.docx | ROSS-003329117-ROSS-003329118 |
| Rice v. State, 861 S.W.2d 925 | 135H+144 | Defendant's prior conviction for theft did not bar, under double jeopardy clause, his subsequent conviction for burglary of building with intent to commit theft, even though both convictions arose out of same transaction; theft charge required state to prove appropriation of property without owner's effective consent, while burglary charge did not, and burglary charge required state to prove entry into building not open to public without effective consent of owner, while theft charge did not. V.T.C.A., Penal Code SS 30.02(a)(1), 31.03; U.S.C.A. Const.Amend. 5. | Does burglary require proof of entry without consent? | Burglary - Memo 201 - KNR.docx | ROSS-003301735-ROSS-003301736 |
| Universal Underwriters Ins. Co. v. Superior Court for Los Angeles Cty., 250 Cal. App. 2d 722 | 307A+742.1 | Principal purposes of pretrial are to find out what lawsuit is about, to simplify and define issues to be litigated, and to determine how trial may proceed most expeditiously; and another purpose is to give notice of matters not necessarily revealed by pleadings where such matters may be issues in case. Cal. Rules of Court, rules 210, 216; West's Ann.Code Civ.Proc. SS 473, 2030. | Is principal purpose of a pretrial in a lawsuit to determine what the lawsuit is about? | 026355.docx | LEGALEASE-00139025-LEGALEASE-00139026 |
| Peter Polly Togs v. Silverman, 169 Misc. 780 | 307A+91 | The limitations prevailing in regard to an examination before trial in a negligence suit do not apply to an action for fraud. | Do the limitations prevailing in regard to an examination before trial in a negligence suit not apply to an action for fraud? | 030963.docx | LEGALEASE-00139153-LEGALEASE-00139154 |
| Syken v. Elkins, 644 So. 2d 539 | 307A+36.1 | In discovery, opposing medical expert witness may be asked as to the pending case, what he or she has been hired to do and what the compensation is to be. | "In discovery, may opposing medical expert witness be asked as to the pending case?" | 031880.docx | LEGALEASE-00139228-LEGALEASE-00139230 |
| In re Tecore, 371 S.W.3d 603 | 307A+501 | The plaintiff's right to take a nonsuit is unqualified and absolute, as long as the defendant has not made a claim for affirmative relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is a plaintiff's right to take a non-suit unqualified and absolute? | 032201.docx | LEGALEASE-00139027-LEGALEASE-00139028 |
| In re Tecore, 371 S.W.3d 603 | 307A+501 | The plaintiff's right to take a nonsuit is unqualified and absolute, as long as the defendant has not made a claim for affirmative relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is a plaintiff's right to take a non-suit unqualified and absolute? | Pretrial Procedure - Memo # 5212 - C - KBM.docx | LEGALEASE-00029085-LEGALEASE-00029086 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fritz v. Resurgent Capital Services, LP, 955 F.Supp.2d 163 | 289+1174 | Under Delaware law, the basic premise of limited partnership law is that general partners are personally liable for partnership obligations but limited partners are not. | Is the basic premise of a limited partnership that the general partners are personally liable for partnership obligations and limited partners are not? | 022306.docx | LEGALEASE-00139544-LEGALEASE-00139545 |
| Gilcrease v. Gilcrease, 438 So. 2d 658 | 307A+748 | Theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of case; accordingly, pretrial order or agreement controls subsequent course of action, though it can be modified at trial to prevent substantial injustice. LSA-C.C.P. art. 1551. | Is the theory inherent in pretrial procedure to avoid surprise and to allow orderly disposition of case? | Pretrial Procedure - Memo # 2471 - C - SJ.docx | ROSS-003318186-ROSS-003318187 |
| Lenoir v. Marino, 469 S.W.3d 669 | 307A+554 | If governmental immunity applies on a motion to dismiss, the trial court lacks subject matter jurisdiction over the case. | "If governmental immunity applies on a motion to dismiss, does the trial court lack subject matter jurisdiction over the case?" | Pretrial Procedure - Memo # 5578 - C - BP.docx | ROSS-003291334-ROSS-003291335 |
| Joslyn v. United States, 90 Fed. Cl. 161 | 34+5(8) | The Army's decision of whether to accept a withdrawal of a service member's resignation must be granted substantial deference. | Should the Armys decision of whether or not to accept a withdrawal of a resignation be granted substantial deference? | 008552.docx | LEGALEASE-00139731-LEGALEASE-00139732 |
| Pauls v. Sec'y of Air Force, 457 F.2d 294 | 34+7(1) | Military officers serve at pleasure of the President and have no constitutional right to be promoted or retained in service and the services of an officer may be terminated with or without reason. | Can a military officer be terminated with or without reason? | 008578.docx | LEGALEASE-00139821-LEGALEASE-00139822 |
| Delta Loan Co. v. Riley, 199 So. 671 | 83E+839 | Where note has been transferred by delivery, delivery may be shown by parol evidence subject to restrictions contained in statute respecting obligations for payment of money exceeding $500. Civ.Code, art. 2277. | Are promissory notes transferable by mere delivery? | Bills and Notes - Memo 399 - RK.docx | LEGALEASE-00029558-LEGALEASE-00029559 |
| Thweatt v. Jackson, 838 S.W.2d 725 | 38+90 | Assignee of debt ordinarily obtains all remedies which were available to assignor against debtor before enforcement of obligation. | Does the assignee of a debt obtain all remedies which were available to the assignor against the debtor for the enforcement of any obligation? | Bills and Notes - Memo 512 - RK.docx | ROSS-003302022-ROSS-003302023 |
| Betz v. Bank of Miami Beach, 95 So. 2d 891 | 8.30E+05 | The intention of the legislature in enacting the Uniform Negotiable Instruments Law was to clear up the confusion in, and to fix with certainty the rights and liabilities of holders, makers and endorsers of negotiable instruments. F.S.A. S 674.01 et seq. | What was the legislative intent behind the Uniform Negotiable Instruments Act? | 009584.docx | LEGALEASE-00140538-LEGALEASE-00140539 |
| Darby v. Chambers, 70 Ohio App. 287 | 8.30E+05 | The Uniform Negotiable Instruments Act was not intended as a mere codification of existing law, but, where there was a conflict in the law of the different states, the act was intended to make a change so as to create uniformity. Gen.Code, S 8106 et seq. | What is the purpose of the Uniform Negotiable Instruments Act? | Bills and Notes - Memo 569 - RK.docx | ROSS-003302024-ROSS-003302025 |
| Parkinson v. Caldwell, 126 Cal. App. 2d 548 | 83E+481 | Parties to contract may show by apt words therein that rights created thereby shall not be assignable, and provision of note for money loaned maker by payee that note is not assignable means that payee's right to money loaned is nonassignable. | Is it possible for the parties to show by apt words that rights created by the contract shall not be assignable? | Bills and Notes -Memo 425 -DB.docx | ROSS-003288089-ROSS-003288090 |
| Perrin v. United States, 444 U.S. 37 | 63+1(1) | Bribery of private employee prohibited by state criminal statute violates the Travel Act which makes it a federal offense to travel or to use any facility in interstate commerce to commit "bribery * * * in violation of the laws of the State in which committed." 18 U.S.C.A. S 1952. | Does bribery of private employee prohibited by state criminal statute violate the Travel Act? | Bribery - Memo #609 - C- JL.docx | LEGALEASE-00029754-LEGALEASE-00029755 |
| State v Ackerman, 380 N.W.2d 922 | 129+131 | Abusive language and behavior directed at police officers may constitute disorderly conduct. M.S.A. S 609.72, subd. 1(1, 3). | Does abusive language and behavior directed at police officers constitute disorderly conduct? | 014443.docx | LEGALEASE-00140133-LEGALEASE-00140134 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Allen v. State ex rel. Ernest N. Morial--New Orleans Exhibition Hall Auth., 814 So. 2d 644 | 200+183 | State has duty to exercise reasonable conditions from injuring travellers, and if highways are in dangerously defective condition and State has notice of condition, State is negligent if it does not notify or warn public of condition. | Is the State negligent if it does not notify or warn the public if a highway is dangerously defective? | Highways -Memo 127 - KC.docx | ROSS-003328818 |
| Luf v. Town of Southbury, 188 Conn. 336 | 200+80 | Public highway creates no interest in fee, the presumption being that landowners whose lands abut highway continue to be owners of soil to middle of roadway. | Does the public highway create no interest in fee? | 019017.docx | LEGALEASE-00140376-LEGALEASE-00140377 |
| Paso Robles War Mem'l Hosp. Dist. v. Negley, 29 Cal. 2d 203 | 198H+233 | The Local Hospital District Law, in imposing an ad valorem levy on all real and personal property within district, not upon basis of special benefit, imposes a "general tax" and not a "special assessment". Health and Safety Code, SS 32200-32205. | Are special assessments levied only on specific property benefited in the district? | 019029.docx | LEGALEASE-00140221-LEGALEASE-00140222 |
| Interstate Busses Corp. v. Blodgett, 276 U.S. 245 | 200+121 | State may impose more than one form of tax on use of highways in interstate commerce, if aggregate charge bears reasonable relation to privilege granted. | Can the State impose more than one form of tax on use of highways in interstate commerce? | Highways-Memo 19-DB.docx | ROSS-003288365-ROSS-003288366 |
| Hozer v. State, Dep't of Treasury, Consol. Police & Firemen's Pension Fund Comm'n, 95 N.J. Super. 196 | 296+2 | One fundamental purpose of the pensioning of civil servants is to secure good behavior and the maintenance of reasonable standards of discipline during service. | What is the fundamental purpose of the pensioning of civil servants? | Pension - Memo 21 - SB.docx | ROSS-003288516-ROSS-003288517 |
| Jensen v. Pritchard, 120 Ind. App. 439 | 296+2 | A "pension" is in nature of a bounty springing from the appreciation and graciousness of the sovereign and may be given, withheld, distributed, or recalled at its pleasure. | Is a pension a bounty springing from the appreciation and graciousness of the sovereign? | Pension - Memo 31-SB.docx | ROSS-003301994-ROSS-003301995 |
| Knapp v. Vill. of Beaver City, 273 Neb. 156 | 307A+517.1 | A dismissal without prejudice and a continuance are not the same; the former removes the case from the court's docket and subjects the plaintiff to the running of a limitations period, while the latter does not. | Is a dismissal without prejudice and a continuance the same? | 028034.docx | LEGALEASE-00139759-LEGALEASE-00139760 |
| State ex rel. Nichols v. Killoren, 285 S.W.2d 38 | 307A+63 | The right of deposition is, in a sense, an absolute right, but manner of taking deposition of a witness is dependent on circumstances, and court is clothed with wide discretion in controlling manner in which deposition may be taken. Section 492.080 RSMo 1949, V.A.M.S. | Is the right of a party litigant to take the deposition of any witness an absolute right and is the manner of taking deposition dependent upon circumstances? | Pretrial Procedure - Memo # 3218 - C - NS.docx | ROSS-003289323-ROSS-003289324 |
| Corby v. Swank, 670 N.E.2d 1322 | 307A+486 | Party deemed to have admitted matter in response to request for admissions has burden of making motion for withdrawal of admission; test for withdrawal of admission is not self-executing. Trial Procedure Rule 36. | Does the party who is deemed to have admitted matter in response to request for admissions have the burden of making a motion for withdrawal of admission? | Pretrial Procedure - Memo # 3227 - C - SHS.docx | ROSS-003302568-ROSS-003302570 |
| Bell v. Toluca Coal Co., 272 Ill. 576 | 30+3239 | The discretion of the court as to the granting or refusing of time to prepare an affidavit for continuance on account of amendment of pleading will not be disturbed unless abused. | Is the matter of granting continuance because of amendment to the pleadings within a trial court's discretion? | 031332.docx | LEGALEASE-00140708-LEGALEASE-00140709 |
| Garvin v. Jennerson, 20 Kan. 371 | 378+9(1.5) | Under Civ.Code, S 361, providing that "every deposition intended to be read in evidence on the trial must be filed at least one day before the day of trial," one entire day must elapse between the day of filing and the day of trial. To properly compute the time within such statute, both the day of filing and the day of trial should be excluded. | Are depositions inadmissible unless they have been filed one entire day before the commencement of the trial? | 032324.docx | LEGALEASE-00139817-LEGALEASE-00139818 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Firmes v. Chase Manhattan Auto. Fin. Corp., 50 A.D.3d 18 | 307A+36.1 | As a general rule, discovery of collateral source issues is to be conducted prior to the filing of a note of issue, and post-trial discovery is disallowed. McKinney's CPLR 4545(c). | Is discovery of collateral source issues to be conducted prior to the filing of a note of issue? | Pretrial Procedure - Memo # 5391 - C - KG.docx | ROSS-003301399-ROSS-003301400 |
| Simek v. Nolan, 64 N.E.3d 1237 | 307A+554 | A motion to dismiss is a proper method for challenging the personal jurisdiction of a trial court. Trial Procedure Rule 12(B)(2). | Is a motion to dismiss a proper method of challenging the personal jurisdiction of a trial court? | Pretrial Procedure - Memo # 5594 - C - ES.docx | ROSS-003289589-ROSS-003289590 |
| State v. Oral H., 125 Conn. App. 276 | 110+752.5 | A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the state cannot as a matter of law and fact state a cause of action that should be heard by the court. | Does court has jurisdiction to hear the case of motion to dismiss tests on the face of the record? | Pretrial Procedure - Memo # 5597 - C - NC.docx | ROSS-003302850-ROSS-003302851 |
| Ex parte Gregory, 947 So. 2d 385 | 307A+36.1 | A request for jurisdictional discovery must offer the court more than conjecture and surmise in support of the jurisdictional theory. | Should a request for jurisdictional discovery offer the court more than conjecture and surmise in support of the jurisdictional theory? | 032803.docx | LEGALEASE-00139703-LEGALEASE-00139704 |
| Finks v. Middleton, 795 S.E.2d 789 | 13+13 | Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a motion to dismiss for lack of jurisdiction. N.C. R. Civ. P. 12(b)(1). | Does standing concern the trial court's subject matter jurisdiction? | 032862.docx | LEGALEASE-00139973-LEGALEASE-00139974 |
| Reliance Nat. Indem. Co. v. Gen. Star Indem. Co., 72 Cal. App. 4th 1063 | 217+3512 | There is no general rule that where contract for indemnification exists between insured and third party an insurer is entitled to bring a subrogation action on agreement based on rights of its insured. | "Where a contract for indemnification exists, is an insurer entitled to bring a subrogation action on the agreement?" | Subrogation - Memo # 1252 - C - RY.docx | ROSS-003289649-ROSS-003289650 |
| In Matter of CUA Autofinder, 387 B.R. 906 | 366+35 | Under Georgia law, right to subrogation can be modified or extinguished by contract or may be waived either expressly or by implication. | "Can a right to subrogation be modified or extinguished by contract, waived either expressly or by implication?" | Subrogation - Memo # 1263 - C - SJ.docx | ROSS-003290128-ROSS-003290129 |
| In re Marriage of Bradley, 282 Kan. 1 | 34+34.2(3) | The federal Servicemembers Civil Relief Act is to be liberally construed to prevent the civil rights of a servicemember from being adversely affected while serving in the military. Servicemembers Civil Relief Act, S 1(a) et seq., 50 App.U.S.C.A. S 501 et seq. | Should the Service Members Civil Relief act be construed liberally? | 008641.docx | LEGALEASE-00141638-LEGALEASE-00141639 |
| Salisbury v. New York Cent. R. Co., 220 A.D. 491 | 113+3 | A binding "custom" must be certain, definite, uniform, and known, or so notorious that it would have been known to any person of reasonable prudence, who dealt with its subject, with the exercise of ordinary care. | What is required for a custom to become binding? | 014138.docx | LEGALEASE-00141728-LEGALEASE-00141729 |
| New York, N. H. & H. R. Co. v. First Nat. Bank, 105 Conn. 33 | 113+3 | Local usage or customs of banks in transacting business must not be unlawful, unreasonable, contrary to express agreement of parties, or change intrinsic character of undertaking. | May local usage or custom change the intrinsic character of an undertaking? | 014142.docx | LEGALEASE-00141732-LEGALEASE-00141733 |
| Smith v. U.S. Shipping Bd. Emergency Fleet Corp., 2 F.2d 390 | 113+3 | Custom or usage, to acquire force of law, must be general and uniform in business affected, and have been peaceably acquiesced in for long time. | Must a custom or usage have been peaceably acquiesced in order to be effective? | 014149.docx | LEGALEASE-00141740-LEGALEASE-00141741 |
| W. Petroleum Co. v. Tidal Gasoline Co., 284 F. 82 | 113+3 | A usage, in order to change the plain import of language, must be general, certain, uniform, and of sufficient duration to justify an inference that the parties had it in view in making their contract. | "When a general custom exists in a particular trade, is it presumed that all those engaged in that trade are familiar with its existence and requirements?" | 014155.docx | LEGALEASE-00141746-LEGALEASE-00141747 |
| Jacobs v. Shorey, 48 N.H. 100 | 113+3 | A custom of merchants is valid where it is shown to be reasonable in itself, and is well established, and uniformly acted on, so as to raise a fair presumption that it is generally known. | Is a custom of merchants valid where it is shown to be reasonable in itself and uniformly acted on? | 014209.docx | LEGALEASE-00141898-LEGALEASE-00141899 |
| In re Orshansky, 804 A.2d 1077 | 135+1 | The place where a person lives is properly taken to be her domicile until facts adduced establish the contrary. | "Is the place where a person lives, taken to be his domicile until facts adduced establish the contrary?" | 014480.docx | LEGALEASE-00141091-LEGALEASE-00141092 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State of Cal. By & Through Brown v. Watt, 668 F.2d 1290 | 260+5.1(3) | Secretary of the Interior properly interpreted Outer Continental Shelf Lands Act provision that location of oil and gas leasing be designed to obtain proper balance between potential for environmental damage, potential for discovery of oil and gas, and potential for adverse impact on coastal zone to mean that area should be included within the program for further consideration when its potential benefits exceed its potential costs; it was reasonable to conclude that within section's "proper balance" there was some notion of "costs" and "benefits." Outer Continental Shelf Lands Act, S 18(a)(3) as amended 43 U.S.C.A. S 1344(a)(3). | "Does the Secretary select the timing and location of leasing, to the maximum extent practicable?" | Mines and Minerals - Memo # 109- C - EB.docx | ROSS-003288853-ROSS-003288854 |
| Ross v. Justice, 229 So. 2d 756 | 302+237(8) | Where divorced wife originally averred that divorced husband's sale to brother-in-law of property acquired during coverture was a simulation but subsequently amended petition to allege fraud and evidence admitted on issue of fraud substantially supported simulation contention, interests of justice required that wife have her day in court on simulation issue and to so amend pleadings, on condition of prior payment of all court costs related to issue of fraud and to pay defendants a reasonable sum to cover their added personal expense in returning to Louisiana, notwithstanding refusal to allow petition to be amended on date of trial to reallege simulation was not abuse of discretion. LSA-C.C.P. art. 2164. | Is it no abuse of discretion to refuse plaintiff's application for a continuance to file an amended petition and take proof thereunder? | 030682.docx | LEGALEASE-00141521-LEGALEASE-00141522 |
| Decesare v. Lembert, 144 Cal. App. 3d 20 | 307A+725 | A court faced with motion for continuance is not limited to taxable costs in awarding costs as condition under Code of Civil Procedure section providing, inter alia, that when application is made to postpone trial, payment of costs occasioned by postponement may be imposed as condition of granting same. West's Ann.Cal.C.C.P. S 1024. | Does the rule relating to motion for continuance require the payment of taxable costs for continuance of the case? | 031328.docx | LEGALEASE-00140718-LEGALEASE-00140719 |
| Lazar v. Black & White Cab Co., 50 Ga. App. 567 | 307A+74 | Depositions cannot be admitted in evidence or treated as having force and effect of evidence, unless it appears that they were properly transmitted to court in which legal proceeding was pending. | Can depositions be admitted in evidence or treated as having force and effect of evidence? | 032161.docx | LEGALEASE-00141429-LEGALEASE-00141430 |
| Webb v. Carpenter, 168 Ga. 398 | 307A+725 | Error in overruling motion for continuance rendered subsequent proceedings and verdict nugatory and void. | Can an error in overruling motion for continuance render subsequent proceedings and verdict nugatory and void? | 032171.docx | LEGALEASE-00141463-LEGALEASE-00141464 |
| Ford v. Cheever, 105 Mich. 679 | 307A+74 | Where the instructions annexed to a commission to take testimony required an oath to be publicly administered, the commissioner's return showing that the testimony was taken at his office, after the oath "prescribed by the instructions annexed to the commission" had been given, sufficiently shows that the oath was publicly administered, as required by How.Ann.St. S 7439. | "Where the instructions annexed to a commission to take testimony required an oath to be publicly administered, when is it sufficiently shown that the oath was publicly administered?" | 032546.docx | LEGALEASE-00141908-LEGALEASE-00141909 |
| Pelamourges v. Clark, 9 Iowa 1 | 307A+74 | When a deposition is taken upon interrogatories propounded by both parties, and is returned and filed in the clerk's office, neither party has a right to withdraw it, and either may use it in evidence. | "When a deposition is taken upon interrogatories propounded by both parties, does neither party have a right to withdraw it?" | 032601.docx | LEGALEASE-00141362-LEGALEASE-00141363 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ashmore v. Mississippi Auth. on Educ. Television, 148 So. 3d 977 | 307A+531 | The power to dismiss is inherent in any court of law or equity, being a means necessary for orderly expedition of justice and the court's control of its own docket. | Is the power to dismiss inherent in any court of law or equity? | 033289.docx | LEGALEASE-00140732-LEGALEASE-00140733 |
| Simek v. Nolan, 64 N.E.3d 1237 | 307A+554 | A motion to dismiss is a proper method for challenging the personal jurisdiction of a trial court. Trial Procedure Rule 12(B)(2). | Is a motion to dismiss a proper method for challenging the personal jurisdiction of a trial court? | Pretrial Procedure - Memo # 5957 - C - KA.docx | ROSS-003289713-ROSS-003289714 |
| Pullar v. Cappelli, 148 A.3d 551 | 307A+554 | Defendant may move to dismiss for lack of personal jurisdiction so long as the defendant previously raised that defense in an answer. R.I. Super. Ct. R. Civ. P. 12(b)(2). | When can a defendant move to dismiss lack of personal jurisdiction? | 033367.docx | LEGALEASE-00141033-LEGALEASE-00141034 |
| Texas Parks & Wildlife Dep't v. Garland, 313 S.W.3d 920 | 307A+554 | If a trial court lacks jurisdiction over some claims but not others, the trial court should dismiss those claims over which it does not have subject matter jurisdiction but retain those claims over which it does. | "If a trial court lacks jurisdiction over some claims but not others, should the trial court dismiss those claims over which it does not have subject matter jurisdiction?" | 033375.docx | LEGALEASE-00141043-LEGALEASE-00141044 |
| Walbridge v. Kibbee, 20 Vt. 543 | 307A+74 | Where a deposition is not attached to its wrapper, and the filing of the clerk was indorsed upon the wrapper, which is lost, the question of the identity of the deposition is one of fact, to be determined by the county court, and their determination is final. | "Where a deposition is not attached to its wrapper, is the question of the identity of the deposition one of fact to be determined by the county court?" | Pretrial Procedure - Memo # 6089 - C - DHA.docx | ROSS-003318349-ROSS-003318350 |
| 260 N. 12th St. v. State of Wisconsin Dep't of Transportation, 338 Wis. 2d 34 | 307A+746 | A party's failure to follow a scheduling order is grounds for sanctions at the circuit court's discretion. W.S.A. 802.10(7). | Is a party's failure to follow a scheduling order grounds for sanctions at the trial court's discretion? | 033787.docx | LEGALEASE-00142059-LEGALEASE-00142060 |
| People ex rel. Manifold v. Wabash Ry. Co., 386 Ill. 149 | 371+2413 | Taxes are levied only to defray necessary expenses of government and not to enrich the public treasury, and any unnecessary accumulation of such funds is unjust and unwise. | Are unnecessary accumulations of taxes unjust and unwise? | 045201.docx | LEGALEASE-00141202-LEGALEASE-00141203 |
| Leathers v. Active Realty, 317 Ark. 214 | 371+2005 | Tax cannot be imposed except by express words indicating that purpose and where there is ambiguity or doubt, it must be resolved in favor of taxpayer. | Can a tax be imposed by express statutory words indicating that purpose? | 045364.docx | LEGALEASE-00141350-LEGALEASE-00141351 |
| Cota v. McDermott, 73 N.D. 459 | 371+2013 | The power to tax is a proper power inherent in the state, and it is vested in the Legislature, which can exercise the power as it sees fit, subject only to constitutional limitations. | Can the state exercise its power to tax as it sees fit without any limitations? | 045416.docx | LEGALEASE-00140988-LEGALEASE-00140990 |
| Bessemer Theatres v. City of Bessemer, 261 Ala. 632 | 371+2010 | If tax is prohibitive of a useful and harmless sort of business, its purpose is not to raise revenue and it is not legitimate exercise of taxing power. | "Is prohibition of a useful or harmless business, a legitimate exercise of taxing power?" | 045437.docx | LEGALEASE-00141029-LEGALEASE-00141030 |
| Otterberg v. Farm Bureau Mut. Ins. Co., 696 N.W.2d 24 | 413+2084 | The workers' compensation system supplants the common law, and a cause of action for negligence by an employee against the employer or co-employee is no longer recognized. | Does workers compensation supplant common law? | Workers Compensation - Memo #374 ANC.docx | ROSS-003288989-ROSS-003288990 |
| Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 723 F.2d 155 | 361+1520 | Puerto Rico arbitration statute, which allegedly did not recognize any arbitration agreement that "obligates a dealer to * * * arbitrate * * * any controversy * * * regarding (the) dealer's contract outside of Puerto Rico, or under foreign law or rule of law," was preempted by federal law declaring arbitration agreements valid and enforceable. 9 U.S.C.A. S 2; 10 L.P.R.A. S 278b-2. | Do courts reject the argument that arbitration clauses which provide for arbitration of controversies under foreign law should be void? | 007486.docx | LEGALEASE-00143083-LEGALEASE-00143084 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wal-Mart Stores v. Helferich Patent Licensing, 51 F. Supp. 3d 713 | 25T+210 | In an action to compel arbitration under the Federal Arbitration Act (FAA), party seeking to invalidate or oppose the arbitration agreement bears the burden of demonstrating that the arbitration agreement is unenforceable and that the claims are unsuitable for arbitration. 9 U.S.C.A. S 4. | Who bears the burden of demonstrating that the arbitration agreement is unenforceable? | 007523.docx | LEGALEASE-00143254-LEGALEASE-00143256 |
| Remy Amerique v. Touzet Distribution, S.A.R.L., 816 F. Supp. 213 | 25T+139 | Under distributorship contract providing for arbitration of any controversy or claim arising out of or relating to the agreement or breach thereof, distributor's claims that producers and marketers of wine products at issue had repudiated and breached contract was arbitrable even though distributor sought equitable relief of specific performance and despite contract provision allowing parties to seek from courts equitable relief by way of temporary and permanent injunctions, in that any ambiguity in agreement had to be resolved in favor of arbitration. | Can a party seek equitable relief by way of temporary and permanent injunction from any judicial courts of proper jurisdiction? | Alternative Dispute Resolution - Memo 674 - RK.docx | ROSS-003287044-ROSS-003287045 |
| Murray Oil Prod. Co. v. Mitsui & Co., 146 F.2d 381 | 25T+156 | The existence of an arbitration clause in contract did not deprive promisee of the usual provisional remedies, including right to attachment, even if promisee had agreed that dispute was arbitrable. Arbitration Act S 1 et seq., and SS 3, 9, 9 U.S.C.A. S 1 et seq., and SS 3, 9. | Does the existence of an arbitration clause in a contract deprive a promisee of usual provisional remedies? | Alternative Dispute Resolution - Memo 675 - RK.docx | LEGALEASE-00031957-LEGALEASE-00031958 |
| Dameron v. Brodhead, 345 U.S. 322 | 34+34.10 | Supreme Court would not be justified in establishing condition that state of serviceman's original residence must have imposed a property tax before Soldiers' and Sailors' Civil Relief Act provision that taxable domicile of servicemen shall not be changed by military assignments should become applicable, in absence of suggestion in such Act that Congress intended to establish such condition. Soldiers' and Sailors' Civil Relief Act of 1940, SS 1 et seq., 514 as amended 50 U.S.C.A.App. SS 501 et seq., 574; 28 U.S.C.A. S 1257(3); U.S.C.A.Const. art. 1, S 8, cls. 11, 12. | Can the taxable domicile of servicemen be changed by military assignments according to the Soldiers' and Sailors' Civil Relief Act? | Armed Services - Memo 249 - JS.docx | ROSS-003302177-ROSS-003302178 |
| United States v. Frega, 933 F. Supp. 1536 | 63+1(1) | Federal bribery statute did not apply to prosecution of California Superior Court judges and attorney, based on allegation that attorney gave gifts, which judges accepted, with intent to influence or reward judges in cases that they presided over and in which attorney was counsel of record; indictment did not allege that federal funds were corruptly administered, were in danger of being corruptly administered, or even could have been corruptly administered. 18 U.S.C.A. S 666. | "Under the federal bribery statute, is it necessary to allege in the indictment that federal funds were corruptly administered?" | 011527.docx | LEGALEASE-00142284-LEGALEASE-00142285 |
| State v. Hingle, 677 So. 2d 603 | 63+1(1) | One of essential elements of public bribery is conscious knowing intent to influence person's conduct. LSA-R.S. 14:118. | Is an intent to influence a person's conduct an essential element of public bribery? | 011563.docx | LEGALEASE-00142547-LEGALEASE-00142548 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Dixson v. United States, 465 U.S. 482 | 63+1(2) | To be a "public official" under terms of federal bribery statute, an individual must possess some degree of official responsibility for carrying out a federal program or policy; mere presence of some federal assistance does not bring a local organization and its employees within jurisdiction of statute, nor are all employees of local organizations responsible for administering federal grant programs "public officials" within meaning of statute. 18 U.S.C.A. SS 201, 201(a). | What is the requirement for an individual to be a public official under terms of federal bribery statute? | 012186.docx | LEGALEASE-00142451-LEGALEASE-00142452 |
| Geosearch v. Andrus, 508 F. Supp. 839 | 260+5.1(1) | Purpose of Mineral Leasing Act, which sets up system to lease land subject to disposition under the Act, is to promote orderly development of oil and gas deposits in publicly owned lands of the United States by private enterprise. Mineral Leasing Act, S 1 et seq. as amended 30 U.S.C.A. S 181 et seq. | What is the purpose of the Mineral Leasing Act of 1920? | 021243.docx | LEGALEASE-00143248-LEGALEASE-00143249 |
| MacDonald v. Follett, 142 Tex. 616 | 260+79.1(0.5) | The term "overriding royalty" as used in oil and gas lease agreement meant a given percentage of the gross production carved from the working interest but, by agreement, not chargeable with any of the expenses of operation. | "What does the term ""overriding royalty"" mean?" | 021321.docx | LEGALEASE-00142587-LEGALEASE-00142588 |
| Piper Jaffray & Co. v. Severini, 443 F. Supp. 2d 1016 | 334+94 | A district court has broad discretion in deciding whether a plaintiff has waived its right to object to procedural irregularities in removal proceedings. | "Where a continuance was granted as to one of defendants, has the plaintiff waived the right to object to the irregularity of the continuance?" | 030681.docx | LEGALEASE-00142903-LEGALEASE-00142904 |
| Grant v. Espiritu, 470 S.W.3d 198 | 13+13 | If a plaintiff lacks standing to assert one of his claims, the court lacks jurisdiction over that claim and must dismiss it. | "If a plaintiff is without standing to assert one of his claims, does the court lack jurisdiction over that claim and is required to dismiss it?" | 033287.docx | LEGALEASE-00142531-LEGALEASE-00142532 |
| Hall v. State Farm Fire & Cas. Co., 937 F.2d 210 | 210+844 | Fatal variance between allegations in an indictment and proof of those allegations presented at trial exists when the State fails to adduce any proof of a material allegation of the indictment or where the only proof adduced is contrary to a material allegation in the indictment. | Is a variance in the form of the offense charged in the indictment and the proof presented at trial fatal? | 043072.docx | LEGALEASE-00143396-LEGALEASE-00143397 |
| Olson v. City of Golden, 53 P.3d 747 | 371+2005 | The objective of Taxpayers' Bill of Rights (TABOR) is to prevent state and local government from enacting taxing and spending increases above TABOR's limits without voter approval. West's C.R.S.A. Const. Art. 10, S 20. | What is the objective of the Taxpayers' Bill of Rights (TABOR)? | 045311.docx | LEGALEASE-00142632-LEGALEASE-00142633 |
| United States v. State of Md., 471 F. Supp. 1030 | 371+2005 | The implied immunity of one government and its agencies from taxation by other should as a principle of statutory construction be narrowly restricted. | Should the implied immunity of one government and its agencies from taxation by other be narrowly restricted? | Taxation - Memo # 509 - C - NS.docx | ROSS-003317163-ROSS-003317165 |
| City of Fairmont v. Pitrolo Pontiac-Cadillac Co., 172 W. Va. 505 | 371+2061 | Essential characteristic of ad valorem tax is that tax is levied according to value of property, and assessment on regular basis is common characteristic. | Is assessment on regular basis a common characteristic of ad valorem tax? | 045708.docx | LEGALEASE-00142118-LEGALEASE-00142119 |
| Manion v. Nagin, 2003 WL 21459680 | 25T+156 | In a case involving the Federal Arbitration Act (FAA), courts should not grant injunctive relief unless there is qualifying contractual language which permits it, that is, language which provides the court with clear grounds to grant relief without addressing the merits of the underlying arbitrable dispute. 9 U.S.C.A. S 1 et seq. | How is the term qualifying contractual language used in arbitration? | 007673.docx | LEGALEASE-00144703-LEGALEASE-00144704 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| E.A.S.T. of Stamford, Conn. v. M/V Alaia, 673 F. Supp. 796 | 25T+178 | With respect to maritime actions, section 8 of the Federal Arbitration Act does not of itself confer an in rem right against vessel, and to proceed in rem under that section there must exist an independent in rem admiralty claim. 9 U.S.C.A. SS 1 et seq., 8. | Do provisions of Federal Arbitration Act (FAA) confer an in rem right against a vessel? | 007682.docx | LEGALEASE-00144755-LEGALEASE-00144756 |
| Florida v. Seminole Tribe of Florida, 181 F.3d 1237 | 209+235 | Waivers of tribal sovereign immunity cannot be implied on the basis of a tribe's actions, but must be unequivocally expressed. | Can the waiver of tribal sovereign immunity be implied on the basis of a tribe's actions? | 007696.docx | LEGALEASE-00144809-LEGALEASE-00144811 |
| United States v. Sisson, 294 F. Supp. 515 | 34+40.1(1) | "Wilfully", within statute penalizing wilful refusal to perform duty under Military Selective Service Act, means intentionally, deliberately, or voluntarily. Universal Military Training and Service Act, S 1 et seq. as amended 50 U.S.C.A. App. S 451 et seq. | What does the word willfully mean under the Selective Service Act? | 008661.docx | LEGALEASE-00144637-LEGALEASE-00144638 |
| United States v. Christensen, 828 F.3d 763 | 63+1(1) | California law does not require any specific action to be pending on date that bribe is received in order to convict official of bribery. West's Ann.Cal.Penal Code S 68. | Does law require any specific action to be pending on the date that the bribe is received for bribery of a public official? | 012198.docx | LEGALEASE-00143641-LEGALEASE-00143642 |
| People v. Boose, 139 Ill. App. 3d 471 | 67+3 | Criminal intent formulated after lawful entry will satisfy offenses of larceny, i.e., retail theft, or burglary by illegally remaining; it will not, however, satisfy the offense of burglary by illegal entry. S.H.A. ch. 38, P 19-1(a). | Does criminal intent formed after a lawful entry satisfy the burglary statute? | Burglary - Memo 221 - SB.docx | ROSS-003288277-ROSS-003288280 |
| United States v. Matchett, 802 F.3d 1185 | 350H+1285 | Although the definition of a crime of violence under federal sentencing guidelines specifically includes the crime of burglary of a dwelling, the Florida offense of burglary of an unoccupied dwelling does not fall under that definition; the inclusionof curtilage takes Florida's underlying offense of burglary outside the federal definition of generic burglary, which requires an unlawful entry into, or remaining in, a building or other structure. U.S.S.G. S 4B1.2(a)(2), 18 U.S.C.A.; West's F.S.A. S 810.02(1)(b), (3)(b). | Is burglary of a dwelling a crime of violence? | Burglary - Memo 232 - SB.docx | ROSS-003315963-ROSS-003315966 |
| Nat'l Am. Ins. Co. of California v. Certain Underwriters at Lloyd's London, 93 F.3d 529 | 113+8 | Under California law, court should not use evidence of custom and usage to evade legislative enactment, but principle that custom or usage could not overcome rule of law applies with less force when law derives from common law, not statute. | Should a court use evidence of custom and usage to evade legislative enactment? | Customs & Usage - Memo 276 - TB.docx | ROSS-003302259-ROSS-003302260 |
| In re Estate of Slaughter, 305 S.W.3d 804 | 260+47 | A "mineral estate" consists of five interests: (1) the right to develop, (2) the right to lease, (3) the right to receive bonus payments, (4) the right to receive delay rentals, and (5) the right to receive royalty payments. | What are the five interests that a mineral estate consists of? | 021365.docx | LEGALEASE-00144053-LEGALEASE-00144054 |
| Townsend v. Feinberg, 659 So. 2d 1218 | 307A+563 | Prior to exercising its discretion to grant dismissal based on failure to comply with court order, court must make finding that failure to comply was willful or contumacious, and failure to make requisite findings in order of dismissal constitutes reversible error, and inclusion of "magic words" does not necessarily cure error. | "In the requisite written finding of wilfulness, are magic words required or only a finding that the conduct upon which the order is based was equivalent to wilfulness or deliberate disregard?" | 033118.docx | LEGALEASE-00144267-LEGALEASE-00144268 |
| Blair v. Collins, 15 La. Ann. 683 | 307A+74 | It is sufficient, in the execution of a commission to take testimony, if the caption and proc®'s verbal show that the witnesses were duly sworn and where, when, and by what authority the commission was executed, and it is not necessary that it would appear by whom the depositions was written. | "Is it sufficient, in the execution of a commission to take testimony, if the caption shows that the witnesses were duly sworn?" | 033548.docx | LEGALEASE-00143649-LEGALEASE-00143650 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barrow v. Gen. Motors Corp., 172 Ga. App. 287 | 401+32(1) | Where complaint fails to set forth facts establishing venue it is subject to dismissal. O.C.G.A. S 9-11-8(a)(2). | "Where the complaint fails to set forth facts establishing venue, is it subject to dismissal?" | Pretrial Procedure - Memo # 6152 - C - KG.docx | ROSS-003303062-ROSS-003303063 |
| Verploegh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+560 | In response to motion to dismiss, the plaintiff has the burden to prove reasonable diligence to obtain service of process. Sup.Ct.Rules, Rule 103(b). | "In response to motion to dismiss, does the plaintiff have the burden to prove reasonable diligence to obtain service of process?" | Pretrial Procedure - Memo # 6248 - C - DHA.docx | ROSS-003289822-ROSS-003289823 |
| Hunt ex rel. Chiovari v. Dart, 612 F. Supp. 2d 969 | 307A+560 | Standard for determining reasonable diligence, under Illinois alias summons rule permitting dismissal for lack of diligence, is an objective one, and plaintiffs have the burden of showing that they exercised such diligence in their efforts to obtain service. Ill.Sup.Ct.Rules, Rule 103(b). | "In response to motion to dismiss, does the plaintiff have the burden to prove reasonable diligence to obtain service of process?" | 033716.docx | LEGALEASE-00144429-LEGALEASE-00144430 |
| Sullivan-Sanford Lumber Co. v. Cooper, 59 Tex. Civ. App. 536 | 307A+726 | A second application for continuance for want of testimony, failing to allege, as required by Rev.St.1895, art. 1278, Vernon's Ann.Civ.St. art. 2168, that the testimony sought to be elicited from the absent witnesses "cannot be obtained from any source," ruling thereon rests in the sound discretion of the trial court. | "To meet the requirements of the statute for a second application for continuance, is it required to allege that the testimony to be elicited from the witnesses could not be procured from any other source?" | Pretrial Procedure - Memo # 6483 - C - SU.docx | ROSS-003289211-ROSS-003289212 |
| Gerbino v. Isle of Paradise B, 149 So. 3d 69 | 307A+563 | After considering the Kozel factors for determining if the ultimate sanction of dismissal should be imposed on a client for an attorney's neglect, if a sanction less severe than dismissal of the suit is a viable alternative, then the court should employ such an alternative. | "If a sanction is less severe than dismissal of the suit, should the court employ an alternative?" | 034234.docx | LEGALEASE-00144753-LEGALEASE-00144754 |
| Dillion v. Mabbutt, 265 Neb. 814 | 307A+560 | At the time trial court sustained defendant's special appearance due to improper service in personal injury action, more than six months had passed since plaintiff had filed her petition, and thus trial court's ruling triggered statute providing for dismissal of unserved petitions, and order sustaining special appearance had the effect of formalizing dismissal of case. Neb.Rev.St. S 25-217. | Is statutory language providing that an action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed self-executing and mandatory? | 034437.docx | LEGALEASE-00143733-LEGALEASE-00143734 |
| Landise v. Mauro, 141 A.3d 1067 | 307A+563 | Dismissal should not be imposed as a sanction for failing to comply with a court order where the failure of a party to comply with the order is inadvertent or excusable. Civil Rule 41(b). | Should a dismissal be imposed as a sanction for failing to comply with a court order where the failure of a party to comply with the order is inadvertent or excusable? | Pretrial Procedure - Memo # 6777 - C - NS.docx | ROSS-003302837-ROSS-003302838 |
| Stuckey v. The Provident Bank, 912 So. 2d 859 | 307A+747.1 | Attorneys and parties must take seriously the deadlines established in pre-trial orders; they should not complain about the consequences when they consciously fail to adhere to trial judges' orders. | Must attorneys and parties take the deadlines established in pre-trial orders seriously? | 034542.docx | LEGALEASE-00144617-LEGALEASE-00144618 |
| Ex parte Bole, 103 So. 3d 40 | 307A+554 | When a party who lacks standing purports to commence an action, the trial court has no alternative but to dismiss the action. | "When a party who lacks standing purports to commence an action, does the trial court have no alternative but to dismiss the action?" | 034553.docx | LEGALEASE-00143923-LEGALEASE-00143924 |
| Bachmeier v. Wallwork Truck Centers, 507 N.W.2d 527 | 307A+44.1 | Inherent power sanctions require case-by-case analysis of all circumstances present in case, including culpability of party against whom sanctions are being imposed, finding of prejudice against moving party, degree of prejudice, including impact it has on presenting or defending case, and availability of less severe alternative sanctions. (Per Neumann, J., with one Judge concurring and two Judges concurring in the result.) | "When using courts inherent power to sanction a party, is a case-by-case analysis of all the circumstances presented in the case required?" | 034583.docx | LEGALEASE-00144319-LEGALEASE-00144320 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Trinity Broad. of Denver v. City of Westminster, 848 P.2d 916 | 307A+682.1 | Trial court may receive any competent evidence pertaining to motion to dismiss for lack of subject matter jurisdiction, if motion is factual attack on jurisdictional allegations of complaint including claim of untimeliness of required notice. | Must a district court consider competent evidence pertaining to a motion to dismiss for lack of jurisdiction over the subject matter without converting the motion into a motion for summary judgment? | 034626.docx | LEGALEASE-00144977-LEGALEASE-00144978 |
| Laguna Auto Body v. Farmers Ins. Exch., 231 Cal. App. 3d 481 | 307A+563 | Prerequisite to imposition of dismissal sanction is that party has willfully failed to comply with court order. West's Ann.Cal.C.C.P. S 2023. | Is a prerequisite to imposition of a dismissal sanction that a party has willfully failed to comply with a court order? | 035036.docx | LEGALEASE-00144545-LEGALEASE-00144547 |
| Olavarrieta v. St. Pierre, 902 So. 2d 566 | 13+70 | Statute governing abandonment of action imposes three requirements on plaintiffs to avoid abandonment: (1) plaintiffs must take some step towards prosecution of lawsuit, and in this context, a "step" is defined as taking formal action before the court which is intended to hasten suit toward judgment, or the taking of a deposition with or without formal notice; (2) the step must be taken in the proceeding and, with exception of formal discovery, must appear in record of suit; and (3) the step must be taken within the legislatively prescribed time period of the last step taken by either party, and sufficient action by either plaintiff or defendant will be deemed a step. LSA-C.C.P. art. 561. | Is an action abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years? | Pretrial Procedure - Memo # 7117 - C - SN.docx | LEGALEASE-00034637-LEGALEASE-00034638 |
| Fox v. Merrill Lynch & Co., 453 F. Supp. 561 | 25T+178 | If it is not practical to separate a party's arbitrable and nonarbitrable claims, it may be appropriate to deny arbitration of any of the claims, or to defer arbitration until after adjudication of nonarbitrable disputes; however, if arbitrable and nonarbitrable portions of controversy are separable, it is proper to stay judicial proceedings pending arbitration. | Is it appropriate to deny arbitration if it is not practical to separate a partys arbitrable and non arbitrable claims? | 007759.docx | LEGALEASE-00146418-LEGALEASE-00146419 |
| In re Kellogg Brown & Root, 166 S.W.3d 732 | 25T+182(1) | Under "direct benefits estoppel," a non-signatory plaintiff seeking the benefits of a contract is estopped from simultaneously attempting to avoid the contract's burdens, such as the obligation to arbitrate disputes. | When does direct benefits estoppel apply in arbitration? | 007781.docx | LEGALEASE-00146440-LEGALEASE-00146441 |
| McDonnell v. United States, 136 S. Ct. 2355 | 63+1(1) | To qualify as an "official act," for purposes of the federal bribery statute, which makes it a crime for a public official to demand anything of value in return for being influenced in the performance of any official act, the public official must make a decision or take an action on a question, matter, cause, suit, proceeding or controversy, or agree to do so; that decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official. 18 U.S.C.A. SS 201(a)(3), (b)(2). | "What qualifies as an ""official act""?" | Bribery - Memo #864 - C - LB.docx | ROSS-003288940-ROSS-003288941 |
| In re DeFelice, 172 B.R. 130 | 135+4(2) | Under Florida law, person is "domiciled" in Florida if he has voluntarily fixed his abode in that state, not for mere special or temporary purpose, but with present intention of making it his permanent home. | When is a person domiciled in a state under state law? | 014511.docx | LEGALEASE-00145918-LEGALEASE-00145919 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Greer v. Shook, 503 S.W.3d 571 | 260+64 | The possibility of a reverter under a mineral lease is a separate estate, and just like any other mineral interest or estate, the landowner may then convey his possibility of reverter, or a fraction thereof, to a third party. | Can the owner of a mineral estate sell or assign the possibility of reverter? | Mines and Minerals - Memo #230 - C - CSS.docx | ROSS-003287541-ROSS-003287542 |
| Brady v. Sec. Home Inv. Co., 640 S.W.2d 731 | 260+55(1) | Grantor may reserve mineral rights and may also reserve royalties, bonuses and rentals, either one, more, or all. | "Can a grantor reserve minerals or mineral rights and also royalties, bonuses and rentals?" | Mines and Minerals - Memo #239 - C - CSS.docx | ROSS-003289137-ROSS-003289138 |
| Caldwell v. Fulton, 31 Pa. 475 | 260+55(1) | The minerals beneath the surface of a tract of land may be conveyed by deed, distinct from the right to the surface. | "Can minerals beneath the surface of a tract of land be conveyed by deed, distinct from the right to the surface?" | Mines and Minerals - Memo #243 - C - CSS.docx | LEGALEASE-00035125-LEGALEASE-00035126 |
| MacLeod v. Fernandez, 101 F.2d 20 | 296+2 | A "pension" granted by public authorities is not a contractual obligation but a gratuitous allowance, in the continuance of which the pensioner has no vested right, and the pension is terminable at the will of the grantor, either in whole or in part. | Are pensions terminable at the will of the grantor? | Pension - Memo 40 - MS.docx | ROSS-003289028 |
| State, to Use of Mosher v. Bennett, 31 Mo. 462 | 307A+726 | The affidavit must also show that due diligence has been used to procure the testimony of the witness, or some excuse for the want of it. | Should an affidavit show that due diligence has been used to procure the testimony of the witness? | 033135.docx | LEGALEASE-00146036-LEGALEASE-00146037 |
| Larus v. Bank of Commerce & Tr. Co., 149 Tenn. 126 | 307A+726 | Where a will contest had been once reset for accommodation of contestant, and in order that he might procure the testimony of a witness, which he did not attempt to do, held, that the court properly refused to grant contestant a second continuance on account of the absence of such witness. | "Will the court grant a second continuance due to absence of witness so that he might procure the testimony of a witness, which he did not attempt to do?" | Pretrial Procedure - Memo # 5850 - C - NS.docx | ROSS-003288995-ROSS-003288996 |
| Masons Concrete of Crystal River v. Corbin Well Pump & Supply, 364 So. 2d 824 | 307A+746 | When party fails to comply with pretrial order, the sanction imposed must be commensurate with the offense. | "When a party fails to comply with a pretrial order, must sanctions be commensurate with offense?" | Pretrial Procedure - Memo # 6554 - C - SKG.docx | ROSS-003304877-ROSS-003304879 |
| Landeche v. McSwain, 96-0959 (La. App. 4 Cir. 2/5/97), 688 So. 2d 1303 | 307A+44.1 | Trial court is endowed with inherent power to enforce its lawful pretrial orders and to attach sanctions for noncompliance and is vested with much discretion in selecting appropriate sanctions. | "Where a party fails to follow a trial court's pretrial order, is it the burden of that party to show why he failed to comply it?" | Pretrial Procedure - Memo # 6991 - C - CK.docx | ROSS-003331855-ROSS-003331856 |
| In re Estate of Gordon, 222 Mich. App. 148 | 307A+560 | Complete failure of service, such as failure to serve summons with complaint within time for service, warrants dismissal for improper service of process. | Does complete failure of service warrant dismissal for improper service of process? | Pretrial Procedure - Memo # 7068 - C - AP.docx | ROSS-003288582-ROSS-003288583 |
| Eckman v. Centennial Sav. Bank, 757 S.W.2d 392 | 307A+483 | No motion to deem unanswered requests for admissions admitted need be filed, regardless of whether court signed order deeming requests admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Should no motion to deem unanswered requests for admissions admitted be filed? | 035209.docx | LEGALEASE-00145798-LEGALEASE-00145799 |
| Lindquist v. Mid-Am. Orthopaedic Surgery, 325 S.W.3d 461 | 307A+552 | A case must be dismissed as moot whenever an event occurs that renders a decision unnecessary. | "Should a case be dismissed as moot, whenever an event occurs that renders a decision unnecessary?" | Pretrial Procedure - Memo # 7238 - C - SK.docx | ROSS-003330465-ROSS-003330466 |
| Thomas v. N. Carolina Dep't of Human Res., 124 N.C. App. 698 | 170B+2109 | In state court, exclusion of moot questions is considered principle of judicial restraint, while in federal court mootness doctrine is considered to have constitutional jurisdictional underpinnings. | When does exclusion of moot questions in state courts apply? | 035259.docx | LEGALEASE-00145981-LEGALEASE-00145982 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stewart v. Butler, 27 Misc. 708 | 13+9 | Plaintiff claims to be the heir of a person alleged to have died intestate in 1876, leaving a widow who died in 1886. In 1891 plaintiff brought ejectment to recover possession of certain premises owned by the deceased at his death, and the complaint was twice dismissed on the ground that plaintiff had not proved that he was an heir of the deceased. An appeal was taken, but not prosecuted, and plaintiff never paid any of the costs awarded against him, and is irresponsible. At the time of beginning the ejectment suit at bar, plaintiff began several other similar actions against persons owning and holding real estate which was owned by the deceased at his death. In his motion to dismiss the action, defendant alleges, and plaintiff does not deny, that the suit is brought in bad faith, without any reasonable expectation of success, with full information of the want of relationship between plaintiff and the deceased, and that the deceased died testate, and his will was probated, and that the action is to compel defendant to buy peace. Counsel for plaintiff do not make affidavit that they believe plaintiff has a cause of action, nor is it shown how the 20-year statute of limitations is to be avoided. It is not alleged that plaintiff has any other or further evidence as to his status as heir than that produced at the trial in 1891. Held, that the action is vexatious and harassing. | Can a complaint be dismissed on motion where litigation is vexatious and clearly without merit? | 035281.docx | LEGALEASE-00145482-LEGALEASE-00145483 |
| Birdo v. Schwartzer, 883 S.W.2d 386 | 307A+552 | Trial courts have broad discretion in dismissing frivolous or malicious in forma pauperis actions. V.T.C.A., Civil Practice & Remedies Code S 13.001. | Do courts have broad discretion in dismissing frivolous or malicious in forma pauperis actions? | Pretrial Procedure - Memo # 7292 - C - TM.docx | ROSS-003290020-ROSS-003290021 |
| Vieira v. Doe, 813 So. 2d 1030 | 307A+563 | Where a party perpetrates a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper; this power should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing. | Is dismissal of the entire case proper where a party perpetrates a fraud on the court which permeates the entire proceedings? | 035340.docx | LEGALEASE-00145729-LEGALEASE-00145730 |
| A.D. v. State, 736 N.E.2d 1274 | 307A+552 | When the controversy at issue in a case has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will be dismissed. | Will a case be dismissed when the controversy at issue in a case has been ended or settled? | Pretrial Procedure - Memo # 7379 - C - VA.docx | ROSS-003290053-ROSS-003290054 |
| Cherubino v. Fenstersheib & Fox, P.A., 925 So. 2d 1066 | 307A+563 | Where a party perpetrates a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper. | "Where a party perpetrates a fraud on the court which permeates the entire proceedings, is a dismissal of the entire case proper?" | 035469.docx | LEGALEASE-00145841-LEGALEASE-00145842 |
| Allwein v. Horn, 558 So. 2d 810 | 307A+746 | Dismissal with prejudice is a severe penalty and should be imposed only in extreme circumstances where plaintiff is clearly aware that his noncompliance with statutory provision outlining pretrial procedure and empowering district court with discretion to order pretrial conference and issue orders concerned therewith will result in dismissal of action. LSA-C.C.P. art. 1551. | Is dismissal with prejudice a severe penalty and should be imposed only in extreme circumstances? | Pretrial Procedure - Memo # 7440 - C - CK.docx | ROSS-003288698-ROSS-003288699 |
| Livingston v. State, Dep't of Corr., 481 So. 2d 2 | 307A+563 | Court may dismiss case as sanction for failure to comply with any legitimate order. West's F.S.A. RCP Rule 1.200. | Can a court dismiss case as sanction for failure to comply with any legitimate order? | Pretrial Procedure - Memo # 7451 - C - RF.docx | ROSS-003302158 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S. Gum Co. v. Laylin, 66 Ohio St. 578 | 371+2005 | Franchise tax may be imposed by general assembly on corporations, both foreign and domestic, doing business in state. | Can franchise tax be imposed by general assembly on both foreign and domestic corporations that are doing business in the state? | 045863.docx | LEGALEASE-00146281-LEGALEASE-00146282 |
| State ex rel. Owen v. Donald, 160 Wis. 21 | 371+2005 | In making the fundamental law a government was created with limited functions, specified expressly or by necessary inference, and the power of taxation limited to carry out such functions. | Was the government created with limited functions towards taxation? | 045879.docx | LEGALEASE-00146299-LEGALEASE-00146300 |
| Long v. Silver, 248 F.3d 309 | 25T+179 | A non-signatory may invoke an arbitration clause under ordinary state-law principles of agency or contract. | Can a non-signatory invoke an arbitration clause under ordinary state-law principles of agency or contract? | Alternative Dispute Resolution - Memo 748 - RK.docx | ROSS-003285943-ROSS-003285944 |
| Wilson v. Harris, 304 S.W.3d 824 | 307A+561.1 | A complaint is subject to dismissal for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint. Rules Civ.Proc., Rule 12.02(6). | Will a defense be available on a motion to dismiss for failure to state a claim? | 036199.docx | LEGALEASE-00146860-LEGALEASE-00146861 |
| Niewiadomski v. United States, 159 F.2d 683 | 34+58(3) | Government officers may not waive the provisions of the National Service Life Insurance Act. National Service Life Insurance Act of 1940, SS 601-618, 601(f), 602(g), 38 U.S.C.A. SS 801-818, 801(f), 802(g). | Can government officers waive the provisions of the National Service Life Insurance Act? | 008727.docx | LEGALEASE-00148018-LEGALEASE-00148019 |
| United States v. Bell, 476 F.2d 1046 | 34+20.8(10) | Limitation of 120 days on postponements of induction orders does not apply to a registrant who has failed to appear for and submit to induction. Military Selective Service Act, S 12, 50 U.S.C.A. App. S 462. | Does the one-hundred-twenty (120) day limitation apply to a registrant who has failed to appear for and submit to induction? | Armed Services - Memo 307 - RK.docx | LEGALEASE-00036729-LEGALEASE-00036730 |
| United States v. Rucker, 435 F.2d 950 | 34+20.10(2) | Registrant who refuses to be inducted must be warned of felonious nature of his act and penalties attached to it. Military Selective Service Act of 1967, S 12, 50 U.S.C.A. App. S 462. | Does a registrant who refuses to be inducted have to be warned of the felonious nature of his act and the penalties attached to it? | 008742.docx | LEGALEASE-00147992-LEGALEASE-00147993 |
| People v. Holmes, 711 N.E.2d 965 | 63+1(1) | Bribe receiving is committed when public servant accepts or agrees to accept benefit upon understanding that his official actions will be influenced; it is defendant's state of mind which is controlling. Penal Law SS 200.10, 200.12. | Whose state of mind does the prosecution look at when trying to determine whether a bribery exists? | 011994.docx | LEGALEASE-00147541-LEGALEASE-00147542 |
| United States v. Jennings, 160 F.3d 1006 | 63+11 | Government is not required to prove an expressed intention or agreement to engage in a quid pro quo in order to prove bribery of public official; such an intent may be established by circumstantial evidence. 18 U.S.C.A. S 201(b)(1)(A). | "Is the government, in a bribery prosecution, obligated to prove a specific intent or quid pro quo?" | 011996.docx | LEGALEASE-00147562-LEGALEASE-00147564 |
| Williams v. Christian, 335 So. 2d 358 | 63+1(1) | Elements of offense of bribery are: knowledge on part of accused of official capacity of person to whom bribe is offered; offering of thing of value; and intent to influence official action of person to whom bribe is offered. West's F.S.A. S 838.012. | What are the elements of the offense of bribery? | 09438.docx | LEGALEASE-00096441-LEGALEASE-00096442 |
| United States v. Rooney, 37 F.3d 847 | 63+2 | Manifest purpose of statute prohibiting theft or bribery concerning programs receiving federal funds is to safeguard finite federal resources from corruption and to police those with control of federal funds. 18 U.S.C.A. S 666. | Is safeguarding finite federal resources from corruption one of federal bribery statutes purposes? | Bribery - Memo #915 - C-JL_57453.docx | ROSS-003296627-ROSS-003296629 |
| Patterson v. Twp. Bd. of Ravenna Twp., 229 Mich. 133 | 200+77(1) | Where members of township board were interested as stockholders in power corporation for whose benefit portion of highway was discontinued, board's action thereon was a nullity. | "Will the interest of members of the board as stockholders in Power Corporation for whose benefit portion of the highway was discontinued, make its actions a nullity?" | 10809.docx | LEGALEASE-00094135-LEGALEASE-00094136 |
| Neff v. Brady, 527 S.W.3d 511 | 302+16 | Pleadings must provide the opposing party with enough information to enable him to prepare a defense. Tex. R. Civ. P. 45. | Should pleadings provide the opposing party with enough information to enable him to prepare a defense? | 023586.docx | LEGALEASE-00147748-LEGALEASE-00147749 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Yeager v. Yeager, 228 N.C. App. 562 | 307A+552 | Because a moot claim is not justiciable, and a trial court does not have subject matter jurisdiction over a non-justiciable claim, mootness is properly raised through a motion to dismiss for lack of subject matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1), West's N.C.G.S.A. S 1A-1. | Does the court have subject matter jurisdiction over a non-justiciable claim? | 10066.docx | LEGALEASE-00095688-LEGALEASE-00095689 |
| Paternostro v. Falgoust, 2003-2214 | 307A+590.1 | To avoid dismissal of an action as abandoned, plaintiff must: (1) take some "step" such as formal action before the court, which is intended to hasten suit toward judgment, or take deposition with or without formal notice, (2) step must be taken in proceeding and, with exception of formal discovery, must appear in record of suit, and (3) step must be taken within the legislatively prescribed time period of last step taken by either party. LSA-C.C.P. art. 561. | When does a party take a step in court? | 035587.docx | LEGALEASE-00147698-LEGALEASE-00147699 |
| Davis v. Kewanee Hosp., 2014 IL App (2d) 130304 | 307A+561.1 | An "affirmative matter," for purposes of a motion to dismiss on ground that a claim is barred by other affirmative matter, is a type of defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | What is an affirmative matter? | 035601.docx | LEGALEASE-00147574-LEGALEASE-00147575 |
| Estate of Paulk v. Lott, 217 So. 3d 747 | 307A+581 | The presence of an aggravating factor may serve to bolster or strengthen the case for a dismissal; however, neither contumacious conduct nor an aggravating factor is required to support a dismissal for failure to prosecute under the rules of civil procedure. Miss. R. Civ. P. 41(b). | Is contumacious conduct or an aggravating factor required to support a dismissal for failure to prosecute under law? | 10968.docx | LEGALEASE-00094087-LEGALEASE-00094088 |
| Speedy Gonzalez Landscaping v. O.C.A. Const., 385 Ill. App. 3d 699 | 307A+561.1 | A motion to involuntarily dismiss an action based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts an affirmative defense or other legal matter effectively defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Will a motion for involuntary dismissal assert a defense defeating the claim? | Pretrial Procedure - Memo # 7584 - C - KBM_57568.docx | ROSS-003293946-ROSS-003293947 |
| Caruthers v. State, 58 N.E.3d 207 | 307A+581 | It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so. Trial Procedure Rule 41(E). | is it the duty of the trial court to contact a counsel and urge or require him to go to trial? | 10184.docx | LEGALEASE-00095050-LEGALEASE-00095051 |
| Niesner v. Kusch, 186 Cal. App. 3d 291 | 307A+590.1 | If action is referred to arbitration or if arbitration is pending during six-month period preceding five-year deadline for bringing an action to trial, provision allowing tolling of five-year period due to judicial arbitration is applicable. West's Ann.Cal.C.C.P. S 1141.17; S 583 (Repealed). | Is the limitations period for bringing action to trial after action is commenced not tolled if a case is sent to arbitration? | 10290.docx | LEGALEASE-00094974-LEGALEASE-00094975 |
| Sellers v. Rudert, 395 Ill. App. 3d 1041 | 307A+679 | In ruling on a motion to dismiss based on certain defects or defenses, the court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. S.H.A. 735 ILCS 5/2-619. | When will all pleadings and supporting documents be interpreted most favourable to the non-moving party? | 11110.docx | LEGALEASE-00094174-LEGALEASE-00094176 |
| Wilson v. Molda, 396 Ill. App. 3d 100 | 307A+561.1 | For a motion to be properly brought under statute governing involuntary dismissal based on certain defects or defenses, the motion must be filed within the time for pleading, and must concern one of nine listed grounds. S.H.A. 735 ILCS 5/2-619. | What are the factors involved for a motion to dismiss to be properly filed? | 11140.docx | LEGALEASE-00094539-LEGALEASE-00094540 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Tate v. Dep't of Transp., 261 Ga. App. 192 | 307A+593 | An agreement to continue the case is insufficient to prevent an automatic dismissal; only a written order from the court that is actually entered in the record suffices. West's Ga.Code Ann. SS 9-2-60(b), 9-11-41(e). | Is an agreement to continue the case insufficient to prevent an automatic dismissal? | Pretrial Procedure - Memo # 7726 - C - SK.docx | ROSS-003313514-ROSS-003313515 |
| Voisin v. Int'l Companies & Consulting, 924 So. 2d 277 | 307A+581 | Article on abandonment of actions is to be liberally construed in favor of maintaining plaintiff's suit. LSA-C.C.P. art. 561. | Is the article governing abandonment of an action to be liberally construed in favor of maintaining a plaintiff's suit? | 11220.docx | LEGALEASE-00094267-LEGALEASE-00094268 |
| In re Scarlett Z.-D., 2015 IL 117904 | 134+10 | Lack of standing under the Marriage and Dissolution of Marriage Act is an affirmative defense that is forfeited unless raised in a motion to dismiss during the time of the pleadings. S.H.A. 750 ILCS 5/601(b)(2). | Can lack of standing be raised in a motion to dismiss based upon certain defects or defenses? | 11329.docx | LEGALEASE-00094089-LEGALEASE-00094090 |
| Vanguard Energy Servs. v. Shihadeh, 2017 IL App (2d) 160909, 11, 82 N.E.3d 1284 | 307A+686.1 | A motion to dismiss based on defect or defense admits the legal sufficiency of the complaint, but asserts an affirmative defense or matter that avoids or defeats the claim. 735 Ill. Comp. Stat. Ann. 5/2-619. | What are the purposes of a motion to dismiss based upon certain defects and defenses? | 036224.docx | LEGALEASE-00147545-LEGALEASE-00147546 |
| Am. Family Mut. Ins. Co. v. Tyler, 2016 IL App (1st) 153502 | 307A+561.1 | "Affirmative matter," as basis for a motion to dismiss based on certain defects or defenses, includes any defense other than a negation of an essential allegation of plaintiff's cause of action. S.H.A. 735 ILCS 5/2-619. | What does affirmative matter for a motion to dismiss based on certain defects or defenses include? | 036317.docx | LEGALEASE-00147622-LEGALEASE-00147623 |
| State v. Owen, 133 N.C. App. 543 | 352H+26 | Even though a woman is physically incapable of committing rape upon another woman, she may still be convicted of rape if she aids and abets a male assailant in the rape of another woman. N.C.G.S. S 14-27.2(a)(1). | Can a woman be convicted of rape? | Sex Offence - Memo 8 - RK_57684.docx | ROSS-003283095-ROSS-003283096 |
| People v. Dancy, 102 Cal. App. 4th 21 | 352H+30 | Rape of an unconscious person is not a strict liability offense, because it has not just one, but two separate mens rea requirements; a defendant may be convicted of rape of an unconscious person only if he had both knowledge of the person's unconsciousness and the wrongful intent to engage in an act of sexual intercourse with an unconscious person. West's Ann.Cal.Penal Code S 261(a)(4). | Can a person be convicted of rape if he had sexual intercourse with a person who was unconscious? | 043099.docx | LEGALEASE-00147898-LEGALEASE-00147899 |
| United States v. Babcock, 339 F. Supp. 1281 | 34+20.6(6) | Registrant seeking to present prima facie showing of qualification for IV-D classification must show that the ministry is his vocation rather than merely an avocation and must show he regularly conducts religious activities and that he had recognized standing as a minister to a congregation. | Will a registrant qualify for a ministerial classification if ministry is his vocation? | 008760.docx | LEGALEASE-00148822-LEGALEASE-00148823 |
| State Fid. Mortg. Co. v. Varner, 740 S.W.2d 477 | 38+90 | Assignee obtains only right, title and interest of his assignor at time of assignment and thus, may recover only those damages potentially available to assignor. | What rights does an assignee obtain from the assignor at the time of assignment? | Bills and Notes -Memo 608 -DB_57856.docx | ROSS-003280151-ROSS-003280152 |
| Green v. Burrows, 47 Mich. 70 | 195+76 | Under Comp.Laws, S 1564, so providing, a guaranty of the payment of a note is negotiable, and an assignment of the note operates as an assignment of the guaranty, and allows the holder to sue in his own name on such guaranty, subject only to the equities between the guarantor and the person to whom it was given. | Can a general guaranty of payment of a negotiable promissory note pass with the assignment and delivery of the note to the holder? | 010526.docx | LEGALEASE-00148506-LEGALEASE-00148507 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Triffin v. Pomerantz Staffing Servs., 370 N.J. Super. 301 | 83E+521 | A "holder in due course" is one who takes an instrument for value, in good faith, and without notice of dishonor or any defense against or claim to it on the part of any person. N.J.S.A. 12A:3-302, subd. a(1). | Who is a holder in due course? | 010567.docx | LEGALEASE-00148711-LEGALEASE-00148712 |
| Nat'l Bank of La Crosse v. Funke, 215 Wis. 541 | 309+128(1) | Provision in Negotiable Instruments Law that release of principal debtor releases person secondarily liable on the instrument unless the holder's right of recourse against party secondarily liable is expressly reserved held to have changed common-law rule that consent by the surety to release of the principal leaves surety bound (St.1933, S 117.38(5)). | Can holder retain right of action against person secondarily liable? | 010577.docx | LEGALEASE-00148496-LEGALEASE-00148497 |
| O'Gasapian v. Danielson, 284 Mass. 27 | 83E+412 | Assignment of note and mortgage under seal held valid and irrevocable by assignor even without consideration. G.L.(Ter.Ed.) c. 183, appendix, form (9). | Can assignment of note and mortgage under seal held valid and irrevocable by assignor even without consideration? | Bills and Notes- Memo 680-PR_57910.docx | ROSS-003292242-ROSS-003292243 |
| Austin, Nichols & Co. v. Gross, 98 Conn. 782 | 8.30E+05 | The Negotiable Instruments Law should be given a liberal construction so as to secure to its sections a reasonable meaning and to effectuate the intention of its framers to codify the law upon the subject and to adopt therein the best rule prevailing in this country, or occasionally a rule adopted from another country contrary to the rule in this country. | Should Negotiable Instruments Law be given liberal construction? | 010608.docx | LEGALEASE-00148745-LEGALEASE-00148746 |
| Robertson Banking Co. v. Brasfield, 202 Ala. 167 | 172H+622 | Rule that bank paying depositor's check on forged indorsement is liable to him, unless payment was proximate result of his conduct or negligence, applies to check payable to fictitious person, unless it was so payable to drawer's knowledge, making it, under Code 1907, S 4966, subd. 3, payable to bearer. | When is the payment made upon forged indorsements are at the peril of the bank? | 010623.docx | LEGALEASE-00148735-LEGALEASE-00148736 |
| State v. Adcox, 312 Mo. 55 | 63+1(1) | There can be no bribery of any official to do particular act unless law requires or imposes upon him duty of acting. | Can there be bribery of a public official to do a particular act if the law does not require or impose upon him a duty of acting? | 012434.docx | LEGALEASE-00148242-LEGALEASE-00148243 |
| State v. Huffman, 141 W. Va. 55 | 63+10 | In a prosecution for bribery, circumstantial evidence to show conspiracy on the part of the defendant and others to fabricate a defense is competent in chief. | Is evidence which tends to show a conspiracy to fabricate a defense to an indictment for bribery competent in chief? | Bribery - Memo #962 - C - CSS.docx | LEGALEASE-00038228-LEGALEASE-00038229 |
| State v. Huffman, 141 W. Va. 55 | 63+10 | In a prosecution for bribery, circumstantial evidence to show conspiracy on the part of the defendant and others to fabricate a defense is competent in chief. | Is evidence which tends to show a conspiracy to fabricate a defense to an indictment for bribery competent in chief? | 012455.docx | LEGALEASE-00148294-LEGALEASE-00148295 |
| United States v. Evans, 572 F.2d 455 | 316P+1056 | Both conflict of interest statute and unlawful gratuity statute must be broadly construed in order to accomplish legislative purpose which they manifest. 18 U.S.C.A. SS 201(g), 203(a). | "Why should  201, prohibiting bribery of public officials and witnesses, be broadly construed?" | 012460.docx | LEGALEASE-00148642-LEGALEASE-00148643 |
| People v. Rodriguez, 1 Misc. 3d 8 | 67+6 | "Inhabited dwelling house," under first degree burglary statute, is a structure where people ordinarily live and which is currently being used for dwelling purposes. West's Ann.Cal.Penal Code SS 459, 460. | What are inhabited dwelling houses in the context of burglary? | Burglary - Memo 259 - RK.docx | LEGALEASE-00038287-LEGALEASE-00038288 |
| LaRouche v. Fed. Election Comm'n, 28 F.3d 137 | 156+1 | Private party asserting estoppel against United States Government must demonstrate that the latter has engaged in affirmative misconduct. | Should a party asserting estoppel against the government show affirmative misconduct? | 017902.docx | LEGALEASE-00149015-LEGALEASE-00149016 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Brown v. Novak, 17 Conn. Supp. 76 | 200+77(1) | Under statute providing that public highway can be discontinued by action of town selectmen and approbation of the town, in discontinuing a highway, the statutory method must be strictly followed, and the approbation of the town must be of the precise act of discontinuance made by the selectmen, and this approbation might be given before or after action by the selectmen. Gen.St.1949, S 2147 (C.G.S.A. S 13-31). | Should the approbation of the town be of the precise act of discontinuance of highway? | Highway- Memo 195-ANM_57957.docx | ROSS-003278561 |
| State v. State Highway Comm'n, 129 Kan. 192 | 200+146 | Highway commission in making reimbursement for assessments held not authorized to pay interest on assessments or on bonds. Laws 1929, c. 225, SS 17, 18. | Is the state highway commission authorized to pay interest on reimbursement of assessments? | Highways -Memo 337 - DB_58277.docx | ROSS-003319872-ROSS-003319873 |
| Champlin Ref. Co. v. Corp. Comm'n of State of Okl., 286 U.S. 210 | 260+92.2 | State's power to prevent unnecessary waste of oil and gas extends to taker's unreasonable and wasteful use of natural gas pressure and to unreasonable and wasteful depletion of common supply to injury of others. | Does every person have the right to drill wells on his own land and take from the pools below all the oil that he may be able to reduce to possession? | Mines and Mineral -Memo #46 - C - CSS_57751.docx | ROSS-003282279-ROSS-003282280 |
| Multiple Use v. Morton, 353 F. Supp. 184 | 260+17(1) | "Marketability" and "prudent man" test applicable in determining whether there has been discovery of valuable deposits so as to permit patent of mining claim are not distinct standards, but rather are complementary in that former is refinement of latter. 30 U.S.C.A. SS 22, 23. | Are the prudent-man test and the marketability test distinct standard or are they complementary? | 021183.docx | LEGALEASE-00148219-LEGALEASE-00148220 |
| Vogel v. Warsing, 146 F. 949 | 260+21(4) | Where the validity of a location had been unchallenged for more than five years up to the commencement of ejectment, and the original locators were absent from the country, the certificate of location created a presumption of discovery of mineral and of a valid location, especially on an application for a preliminary injunction depending on affidavits in which plaintiff appeared as a subsequent locator and attached the title of the prior locator and that of his successor in interest. | "Where mining claims have passed out of the hands of the original owners and have stood unchallenged for years, can the certificate of location be deemed presumptive evidence of discovery of a valid location?" | 021596.docx | LEGALEASE-00148188-LEGALEASE-00148190 |
| Sexual Minorities Uganda v. Lively, 960 F. Supp. 2d 304 | 221+103 | Treaties, judicial decisions of the courts of justice of appropriate jurisdictions, and controlling legislative or executive decisions are among the variety of sources that can be used to determine the content of international law. | Are treaties a part of law? | 021747.docx | LEGALEASE-00148492-LEGALEASE-00148493 |
| Buchanan v. Gen. Cas. Co., 191 Wis. 2d 1 | 307A+563 | Sanction of claim dismissal is appropriate only when party has not complied with court order and such conduct is egregious. | Is a sanction of claim dismissal appropriate only when party has not complied with court order and such conduct is egregious? | 035019.docx | LEGALEASE-00148099-LEGALEASE-00148100 |
| State ex rel. W. Virginia Secondary Sch. Activities Comm'n v. Oakley, 152 W. Va. 533 | 307A+552 | Even if there is no actual controversy existing in the case it will not be dismissed as moot where there is anything further to be done in connection with it. | Will a case be dismissed as moot if there is no actual controversy existing and where there is anything further to be done in connection with it? | Pretrial Procedure - Memo # 7129 - C - KG_58022.docx | ROSS-003281520 |
| Carlson v. Hannah, 6 N.J. 202 | 308+92(1) | The power of an agent to bind his principal is limited to such acts as are within his actual or apparent authority. | Is the power of an agent to bind his principal with his acts within his actual or apparent authority? | Principal and Agent - Memo 134 - KC_58048.docx | ROSS-003323684-ROSS-003323685 |
| Zeeb v. Atlas Powder Co., 32 Del. Ch. 486 | 308+92(1) | Except as to acts so peculiarly personal that their performance may not be delegated, or except as to acts regulated by statute which are required to be performed personally, generally an individual may do all acts through an agent which he could do himself. | Can peculiarly personal acts be delegated through an agent? | 041375.docx | LEGALEASE-00148618-LEGALEASE-00148619 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. H. B. Gregory Co., 502 F.2d 700 | 178+5 | Federal Food, Drug, and Cosmetic Act prohibits any act which results in adulteration of the product, and food is adulterated if it has been held under insanitary conditions whereby it may have become contaminated with filth. Federal Food, Drug, and Cosmetic Act, SS 1 et seq., 301(k), 21 U.S.C.A. SS 301 et seq., 331(k). | Does law prohibit food contaminated with filth? | 006562.docx | LEGALEASE-00149348-LEGALEASE-00149349 |
| United States v. Maxwell, 254 F.3d 21 | 34+40(5) | Unauthorized entry itself can constitute prohibited purpose necessary to sustain conviction under statute proscribing entry upon naval reservation for purpose prohibited by law. 18 U.S.C.A. S 1382. | Does unauthorized entry itself constitute the prohibited purpose necessary to sustain a conviction under Section 1382? | Armed Services - Memo 329 - RK.docx | LEGALEASE-00038851-LEGALEASE-00038852 |
| United States v. Cottier, 759 F.2d 760 | 34+40(5) | Where entry alone is basis for prosecution for unlawful entry into military installation, knowledge that entry is unauthorized is essential element of such offense. 18 U.S.C.A. S 1382. | Is knowledge that entry is unauthorized an essential element of a prosecution for unlawful entry into a military installation under Section 1382? | 008788.docx | LEGALEASE-00149768-LEGALEASE-00149769 |
| R.A. Brown & Co. v. Chancellor, 61 Tex. 437 | 83E+675 | One of the leading objects of Act January 11, 1862 (Pasch.Dig. 234, Rev.St. 276), which was amendatory of Act March 20, 1848, was to place on the same footing such negotiable paper as was therein contemplated, whether made between merchant and merchant, their factors and agents, or between other persons, in so far as allowing days of grace thereon was concerned. | Is days of grace allowed in contracts between merchant and merchant? | 010674.docx | LEGALEASE-00149730-LEGALEASE-00149731 |
| Dillard v. Thomasville Auto Sales, 221 F. Supp. 3d 677 | 172H+1344 | Car dealership's used car loan disclosure form, on which payment amount and dates were slightly misaligned, such that number of payments, amount of payments, and dates of first and last payments were printed on line separating rows, was sufficiently clear to satisfy dealership's obligation under Truth-in-Lending Act (TILA) to disclose the number, amount, and due dates or period of payments scheduled to repay the total of payments; no reasonable consumer could have construed form as requiring first 19 payments to be made weekly, with the final monthly payment to be made 15 months later, and only plausible interpretation was that two lines in question belonged in rows in which characters' lower halves sat, such that first 19 payments were to be made monthly beginning one month after closing. Truth in Lending Act S 128, 15 U.S.C.A. S 1638(a)(6); 12 C.F.R. S 226.18(g). | Is a creditor required to disclose the due dates or periods of payments scheduled under the federal law? | 013933.docx | LEGALEASE-00149539-LEGALEASE-00149540 |
| E. Cleveland v. Landingham, 97 Ohio App. 3d 385 | 135+1 | "Domicile" implies such nexus between person and place of permanence as to control creation of legal relations and responsibilities of the utmost significance. | Does domicile imply a nexus between a person and a place of permanence? | 014536.docx | LEGALEASE-00149337-LEGALEASE-00149338 |
| Masgas v. Anderson, 310 S.W.3d 567 | 156+12 | Estoppel by deed or contract precludes parties to a valid instrument from denying its force and effect. | Does estoppel by contract preclude parties to a valid instrument from denying its force and effect? | Estoppel - Memo #28 - C - CSS_58260.docx | ROSS-003292385-ROSS-003292386 |
| Chaput v. Clarke, 26 Conn. App. 785 | 200+167 | Existence of public highway creates public easement of travel permitting general traveling public to pass over highway, and private easement of access permitting landowners who abut highway to have access to highway and to connecting system of public roads. | What are the two easements of a public highway? | 019063.docx | LEGALEASE-00149237-LEGALEASE-00149238 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Barry v. The D.M. Drennen & Emma Houston Drennen & Drennen Mem'l Tr. of Saint Mary's Church, 982 So. 2d 478 | 268+657(2) | Because there was a prohibition against vacation of a public road at common law, statutes authorizing such a vacation are in derogation of the common law and therefore must be strictly construed. | Should statutes authorizing road vacation be strictly construed? | Highways-Memo 219-ANM_58283.docx | ROSS-003279336-ROSS-003279337 |
| Anzalone v. Admin. Office of Trial Court, 457 Mass. 647 | 228+250 | Modern rules of pleading permit alternative pleading; relief may be granted if one of the alternative grounds pleaded is sufficient, despite the insufficiency of any remaining alternative grounds. | Do modern rules of pleading permit alternative pleading? | 023634.docx | LEGALEASE-00149583-LEGALEASE-00149584 |
| Nelson v. Mercy Health Ctr., 241 P.3d 276 | 307A+581 | A dismissal for failure to prosecute should not be used against the momentarily negligent, but should be used to prod attorneys to bring cases to trial and to dismiss the truly dormant cases. | Should a dismissal for failure to prosecute be used against the momentarily negligent? | 036376.docx | LEGALEASE-00149115-LEGALEASE-00149116 |
| In re Ernesto H., 125 Cal. App. 4th 298 | 3.77E+06 | Purpose of statute prohibiting threats against public officers and employees is to prevent threatening communications to public officers or employees designed to extort their action or inaction. West's Ann.Cal.Penal Code S 71. | Does the penal code prevent threatening communications to public officers or employees? | 047070.docx | LEGALEASE-00149746-LEGALEASE-00149747 |
| Bell v. Kelso Oil Co., 597 S.W.2d 731 | 413+2 | Law of tort causation, wherein liability is predicated upon fault and nullified by contributory fault, is not applicable in workmen's compensation cases. | Does the law of tort causation apply in workmens compensation? | Workers Compensation - Memo #546 - C - ANC_58928.docx | ROSS-003281292-ROSS-003281293 |
| XTO Energy Inc. v. Nikolai, 357 S.W.3d 47 | 322H+49 | A "recital" in a deed is a statement that is used to explain the reasons upon which the transaction is based; the recital of facts binds both the parties to the deed and their privies. | Does the recital of facts bind both the parties to the deed and their privies? | Estoppel - Memo #42 - C - CSS_59031.docx | ROSS-003279038-ROSS-003279039 |
| Virginia Elec. & Power Co. v. Buchwalter, 228 Va. 684 | 156+25 | Party who purports to convey estate is estopped as against his grantee from asserting anything in derogation thereof; grantor cannot deny his title to prejudice of his grantee. | Is a party who purports to convey an estate estopped from asserting anything in derogation thereof? | 018002.docx | LEGALEASE-00150632-LEGALEASE-00150633 |
| Wilder v. Wilder, 146 N.C. App. 574 | 307A+581 | Trial court must consider lesser sanctions before dismissing a case for failure to prosecute. Rules Civ.Proc., Rule 41(b), G.S. S 1A-1 | Should court consider lesser sanctions before dismissing a case for failure to prosecute? | Pretrial Procedure - Memo # 8070 - C - RY_58747.docx | ROSS-003279088-ROSS-003279089 |
| Lamka v. KeyBank, 250 Or. App. 486 | 307A+622 | On a pretrial motion to dismiss, under the rule governing defenses and objections to pleadings, the trial court can dismiss only if the pleading on its face fails to state a claim. Rules Civ.Proc., Rule 21. | "On a pre-trial motion to dismiss, can the trial court dismiss only if the pleading on its face fails to state a claim?" | Pretrial Procedure - Memo # 8213 - C - SKG_58788.docx | ROSS-003279679 |
| Silicon Valley Taxpayers Ass'n v. Santa Clara Cty. Open Space Auth., 44 Cal. 4th 431 | 371+2061 | Unlike a special assessment, a tax can be levied without reference to peculiar benefits to particular individuals or property. | Must a tax be levied with reference to peculiar benefits to particular individuals or property? | 045946.docx | LEGALEASE-00150502-LEGALEASE-00150503 |
| Aboye v. United States, 121 A.3d 1245 | 3.77E+12 | An "ordinary hearer," within meaning of statute governing the offense of threats to do bodily harm, is one aware of all the surrounding circumstances, including what the actual hearer knew. D.C. Official Code, 2001 Ed. S 22-407. | "Who is an ""ordinary hearer"" within the meaning of the statute governing the offense of threats to do bodily harm?" | 046837.docx | LEGALEASE-00150348-LEGALEASE-00150349 |
| State v. Phillips, 130 So. 3d 416 | 3.77E+10 | The crime of coercion has three distinct elements: (1) the defendant must compel a victim to do something; (2) which victim has a right not to do; (3) by making the victim afraid that if he or she does not do it, one of the statutorily-enumerated consequences will result. West's Or.Rev. Stat. Ann. S 163.275(1). | What are the elements of the crime of coercion? | 046860.docx | LEGALEASE-00150398-LEGALEASE-00150399 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| THI of New Mexico at Vida Encantada v. Lovato, 848 F. Supp. 2d 1309 | 25T+182(2) | An important consideration in assessing waiver of the right to arbitration is whether the party now seeking arbitration is improperly manipulating the judicial process; evidence of such manipulation includes a delay in suggesting arbitration until substantial discovery has been completed, or until the eve of trial. | Is improperly manipulating the judicial process considered when assessing waiver? | 007927.docx | LEGALEASE-00151390-LEGALEASE-00151391 |
| Strickler v. Marx, 246 Va. 384 | 83E+416 | Transferee may become holder of order paper only by "negotiation," that is by endorsement and delivery, and endorsement must be by or on behalf of person who is himself holder. Code 1950, S 8.1-201(20) (1991). | Can a transferee become a holder of an order paper only by negotiation? | 010783.docx | LEGALEASE-00151276-LEGALEASE-00151277 |
| Robinson v. Gentry, 106 S.W.2d 913 | 83E+429 | Generally, transfer of negotiable promissory note which has been indorsed "for collection" does not pass title to indorsee nor authorize indorsee to sell or indorse note to another, and purchaser from indorsee does not get title. | Is the transfer of a negotiable promissory note which has been indorsed for collection pass title in the instrument to an indorsee? | 010785.docx | LEGALEASE-00151306-LEGALEASE-00151307 |
| Auerbach v. Parker, 544 So. 2d 943 | 200+79.1 | Fact that travel on the road may have decreased did not work an abandonment so long as the road remained open for use by the public generally and was being used by those who desired or had occasion to use it. Code 1975, S 23-4-1 et seq. | Is a public road considered to be abandoned when it is open for use by the public? | 019182.docx | LEGALEASE-00151062-LEGALEASE-00151063 |
| Scarborough v. Hunter, 288 Ga. 687 | 200+76 | Under statute permitting a county to close a public road, the function of county board of commissioners is to determine whether the road serves substantial public purpose; if the board determines that the road has ceased to be used by public to the extent that no substantial public purpose is served by it, the board may exercise its discretion to close the road. West's Ga.Code Ann. S 32-7-2(b)(1). | Can a board exercise discretion to close the road? | 019305.docx | LEGALEASE-00151317-LEGALEASE-00151318 |
| Piggly Wiggly Operators' Warehouse v. Piggly Wiggly Operators' Warehouse Indep. Great Truck Drivers Union, Local No. 1, 611 F.2d 580 | 25T+316 | Judicial deference to arbitration does not grant carte blanche approval to any decision an arbitrator might make; arbitrator's authority is circumscribed by the arbitration agreement, and he can bind parties only on issues that they have agreed to submit to him, and whether an arbitrator has exceeded those bounds is an issue for judicial resolution. | Does judicial deference to arbitration grant carte blanche approval to any decision an arbitrator makes? | 007955.docx | LEGALEASE-00151418-LEGALEASE-00151420 |
| Siam Feather & Forest Prod. Co. v. Midwest Feather Co., 503 F. Supp. 239 | 25T+182(2) | Party may file answer to complaint, or even file answer and counterclaim without waiving its right to arbitration. | Can a party file an answer to a complaint without waiving its right to arbitration? | 008018.docx | LEGALEASE-00151493-LEGALEASE-00151494 |
| Kreps v. C. I. R., 351 F.2d 1 | 108H+9 | The equity test of "insolvency" equates insolvency with a lack of liquid funds, or the inability to pay one's debts in the ordinary course of business as the debts mature. | What does the equity test of insolvency equate insolvency to? | 014067.docx | LEGALEASE-00151526-LEGALEASE-00151527 |
| Case v. Beauregard, 101 U.S. 688 | 108H+14 | Whenever a creditor has a trust in his favor, or a lien upon property for the debt due him, he may go into equity without exhausting his remedy at law. | When can a creditor go into equity without exhausting legal processes or remedies? | 014069.docx | LEGALEASE-00151528-LEGALEASE-00151529 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pickett v. Bank of Ellijay, 182 Ga. 540 | 83E+426 | Statute providing that blank indorsements of negotiable paper may always be explained between parties themselves, or those taking with notice of dishonor or of actual facts of indorsements, and Negotiable Instruments Act provision that person placing signature on instrument other than as maker, drawer, or acceptor is deemed to be indorser, unless he clearly indicates contrary intention, must be construed in pari materia so as to make parol evidence admissible to explain blank indorsement as between parties themselves, or those taking with notice of dishonor or of actual facts but not as between third persons or those taking without notice (Code 1933, SS 14-604, 14-605, 38-114, 38-509). | How do blank endorsements of negotiable paper be explained? | 009715.docx | LEGALEASE-00151768-LEGALEASE-00151769 |
| Haberl v. Bigelow, 855 P.2d 1368 | 8.30E+299 | Promissory note secured by deed of trust on real property, and containing both unconditional promise to pay and fixed date of payment, was "negotiable instrument," such that transactions involving the note were governed by Commercial Code. West's C.R.S.A. SS 4-3-101 to 4-3-805. | Is a note containing an unconditional promise to pay a fixed sum on a definite date a negotiable instrument? | 009886.docx | LEGALEASE-00151604-LEGALEASE-00151605 |
| Cockrell v. Taylor, 347 Mo. 1 | 83E+481 | While "endorsement of note" must be made by written signature on back of instrument itself, "assignment of note or mortgage" may be by separate instrument, or even by parol. | Can an assignment of a note be made by a separate instrument? | 009931.docx | LEGALEASE-00151829-LEGALEASE-00151830 |
| Bologna Bros. v. Morrissey, 154 So. 2d 455 | 83E+433(1) | Every endorsement, accommodation or otherwise, is essentially original contract, equivalent to new note or bill in favor of holder, and accommodation paper is governed by same rules as other paper. | Is an accommodation paper governed by the same laws as other paper? | 009728.docx | LEGALEASE-00152582-LEGALEASE-00152583 |
| Deutsche Bank Nat. Tr. Co. v. Monica, 131 A.D.3d 737 | 83E+426 | Where a plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears special indorsement payable to the order of the plaintiff, such party is a holder of the note and entitled to enforce the instrument. | Who can be a holder of a note? | Bills and Notes- Memo 1104- ANM_60030.docx | ROSS-003280629-ROSS-003280630 |
| In re AppOnline.com, 321 B.R. 614 | 83E+335 | Under New York law, mere recitals in a promissory note of existence of separate agreement, or references to it for information, do not affect note's negotiability. N.Y.McKinney's Uniform Commercial Code SS 3-105, 3-119. | "Do mere recitals of the existence of a separate agreement, or references to it for information, affect note's negotiability ?" | 010690.docx | LEGALEASE-00152574-LEGALEASE-00152575 |
| Harry H. White Lumber Co. v. Crocker-Citizens Nat. Bank, 253 Cal. App. 2d 368 | 172H+622 | Where checks were payable to two joint payees, and indorsement of first joint payee was forged on checks by second joint payee, and collecting bank paid the checks, and first joint payee sued collecting bank, applicable sections of Civil Code were those dealing with effect of forged signature and indorsement where instrument is payable to two or more persons, and not section dealing with discharge of negotiable instrument by any act which will discharge simple contract for payment of money, and section providing that obligation in favor of several persons is extinguished by performance rendered to any one of them, except in case of deposit made by owners in common, or in joint ownership. West's Ann.Civ.Code, SS 1475, 3104, 3122, 3200(4). | Should all indorse when an instrument is payable to the order of two or more payees? | Bills and Notes-Memo 1089-IS_60058.docx | ROSS-003294593-ROSS-003294594 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stone v. Mehlberg, 728 F. Supp. 1341 | 83E+524 | A mortgage which was not payable to order or bearer was not a negotiable instrument and thus assignees of the mortgagee were not protected by the UCC's holder in due course doctrine. U.C.C. S 3-101 et seq. | "Is mortgage a negotiable instrument, when it is not payable to the bearer or order?" | 010807.docx | LEGALEASE-00151877-LEGALEASE-00151878 |
| Brown v. ACMI Pop Div., 375 Ill. App. 3d 276 | 307A+680 | The trial court must deny a motion to dismiss if there is a material and genuine disputed question of fact. S.H.A. 735 ILCS 5/2-619(c). | Should the trial court deny a motion to dismiss if there is a material and genuine disputed question of fact? | Pretrial Procedure - Memo # 8762 - C - NS_59763.docx | ROSS-003319596-ROSS-003319597 |
| LaChance v. U.S. Smokeless Tobacco Co., 156 N.H. 88 | 307A+622 | A motion seeking judgment based solely on the pleadings is generally in the nature of a motion to dismiss for failure to state a claim. | Is a motion to dismiss for failure to state a claim based on pleadings? | 037831.docx | LEGALEASE-00152045-LEGALEASE-00152046 |
| Skarin Custom Homes v. Ross, 388 Ill. App. 3d 739 | 307A+561.1 | A motion to dismiss based on other affirmative matter should be granted only where the claim asserted by the plaintiff is barred by an affirmative matter defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Can a motion to dismiss be granted when the claim asserted is barred by some affirmative matter defeating the claim? | 037857.docx | LEGALEASE-00152122-LEGALEASE-00152123 |
| Lane v. Oustalet, 873 So. 2d 92 | 308+177(1) | The law of agency generally imputes knowledge and information received by an agent in conducting the business of a principal to the principal, even where that knowledge or information is not communicated by the agent to the principal. | Does law of agency impute knowledge of an agent to principal? | Principal and Agent - Memo 203 - KC_59871.docx | ROSS-003281977-ROSS-003281978 |
| Power Travel Int'l v. Am. Airlines, 257 F. Supp. 2d 701 | 360+18.15 | Airline Deregulation Act (ADA), preempting state law relating to price, route, or service or air carrier, did not bar suit by travel agents claiming that airlines breached covenant or good faith and fair dealing, under laws of Virginia and Texas, when they ceased paying any commissions to agents booking flights. 49 U.S.C.A. S 41713(b)(1). | What does the Airline Deregulation Act state with respect to breach of contract claims? | 042018.docx | LEGALEASE-00152243-LEGALEASE-00152244 |
| Morton v. J.I. Case Threshing Mach. Co., 99 Mo. App. 630 | 308+86 | Where a sale of property is effected owing to an agent having introduced the purchaser to the owner or disclosed the name of the purchaser to the owner, the agent is entitled to his commissions, though the sale is actually made by the owner. | Is an agent entitled to get commission for a sale he initiated or introduced to principal even though he has not completed the sale process? | 042095.docx | LEGALEASE-00152261-LEGALEASE-00152262 |
| State v. Bishop, 431 S.W.3d 22 | 21+1 | Affidavit requires that affiant make conscious and unequivocal act, in the presence of officer authorized to administer oath, that causes her to assume obligations of oath; if one was not sworn to before official or person in authority, it is not valid. | Should an affidavit be sworn to before an authorized officer? | Affidavits - Memo 51 - SNJ_60986.docx | ROSS-003279890-ROSS-003279891 |
| In re Mason's Estate, 194 Misc. 308 | 8.30E+76 | A check is a mere order for payment of money and authority of payee as agent of maker is revoked by death of maker prior to time check is cashed. | Does the death of a principal revoke the authority of an agent to collect the check? | 010680.docx | LEGALEASE-00153445-LEGALEASE-00153446 |
| Com. v. Weiner, 230 Pa. Super. 245 | 129+110 | For noise to constitute disorderly conduct under statute, it must be "unseemly," that is, it must be not fitting or proper in respect to the conventional standards of organized society or a legally constituted community. 18 P.S. S 4406. | Does noise constitute disorderly conduct? | 014393.docx | LEGALEASE-00153451-LEGALEASE-00153452 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Torres-Serrant v. Dep't of Educ. of Puerto Rico, 100 F. Supp. 3d 138 | 141E+890 | Department of Education of Puerto Rico, rather than the parents of student who filed an IDEA action seeking judicial review of the administrative decision, was responsible for the costs of translating from Spanish to English relevant parts of the administrative record that were necessary for District Court to conduct its judicial review; the IDEA granted aggrieved party the right to file for judicial review in either state or federal court, all proceedings in District Court were required to be conducted in English, the Commonwealth waived its sovereign immunity by applying for and accepting federal funds under the IDEA, and requiring parents to pay translation costs would be inconsistent with the IDEA. U.S.C.A. Const.Amend. 11; Individuals with Disabilities Education Act, S 615(c), (i)(2), 20 U.S.C.A. S 1415(c), (i)(2); 48 U.S.C.A. S 864. | What is the take of Congress on Parent's rights under Individuals with Disabilities Education Act? | Education - Memo #164 - C - BR.docx | LEGALEASE-00042745-LEGALEASE-00042746 |
| Lawrence v. Cain, 144 Ind. App. 210 | 141E+990 | By common usage, "school" is considered local school corporations and does not generally include higher seats of learning such as colleges or universities. | "Under common usage, does ""school"" include colleges and universities?" | 017099.docx | LEGALEASE-00153736-LEGALEASE-00153737 |
| Barrett v. Hand, 158 Neb. 273 | 200+77(2) | A public highway, while being used as such, can only be vacated by county board in the manner prescribed by law, and a proper petition for such purpose is necessary. R.R.S.1943, SS 39-102, 39-105. | Is a proper petition necessary for the vacating of a public highway? | 019302.docx | LEGALEASE-00153639-LEGALEASE-00153640 |
| Diaz v. Bell MicroProducts-Future Tech, 43 So. 3d 138 | 302+308 | Creditor's attachment, to its complaint seeking to hold individual personally liable for certain dishonored checks issued by debtor, of an untranslated Spanish-language document purporting to be individual's personal guaranty of debtor's obligations was insufficient to satisfy procedural rule requiring a written contract or document that forms the basis of a claim for relief to be attached to or incorporated in the pleading; absence of an English translation of the document was equivalent to complete failure to attach the document. West's F.S.A. RCP Rule 1.130. | Are pleadings required to be in the English language? | Pleading - Memo 526-RMM_61214.docx | ROSS-003294014-ROSS-003294015 |
| Coleman v. City of Mesa, 230 Ariz. 352 | 307A+624 | Dismissal is appropriate for failure to state claim only if, as a matter of law, plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof. 16 A.R.S. Rules Civ.Proc., Rule 12(b)(6). | When is a dismissal under Rule 12(b)(6) for failure to state a claim appropriate? | 037969.docx | LEGALEASE-00152915-LEGALEASE-00152916 |
| Dee v. Rakower, 112 A.D.3d 204 | 307A+624 | A complaint is legally sufficient, on a motion to dismiss for failure to state a cause of action, if the trial court determines that the plaintiff would be entitled to relief on any reasonable view of the facts stated. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, should the court accept the plaintiff's allegations as true and construe the allegations liberally?" | 037971.docx | LEGALEASE-00152917-LEGALEASE-00152918 |
| Bryson v. News Am. Publications, 174 Ill. 2d 77 | 307A+561.1 | Motion to dismiss for failure to state claim does not raise affirmative factual defenses but alleges only defects on face of complaint. S.H.A. 735 ILCS 5/2-615. | Does a motion to dismiss not raise affirmative factual defenses but alleges only defects on the face of the complaint? | 038164.docx | LEGALEASE-00153065-LEGALEASE-00153066 |
| Robin v. Bellsouth Advert. & Pub. Co., 221 Ga. App. 360 | 307A+680 | Court takes as true all factual allegations of complaint when determining merits of motion to dismiss. | Does a court take as true all factual allegations of complaint when determining merits of a motion to dismiss? | Pretrial Procedure - Memo # 9043 - C - MS_60449.docx | ROSS-003279056-ROSS-003279057 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gens v. Casady Sch., 2008 OK 5 | 307A+624 | No dismissal for failure to state a claim upon which relief may be granted should be allowed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle relief; plaintiffs need neither identify a specific theory of recovery nor set out the correct remedy or relief to which they may be entitled. | Is a plaintiff required to identify a specific theory of recovery? | 038421.docx | LEGALEASE-00153077-LEGALEASE-00153078 |
| Baske v. Burke, 125 Cal. App. 3d 38 | 307A+531 | Law favors trial on the merits and looks with disfavor upon party who seeks to take advantage of excusable mistake or neglect of his adversary. | Does law favor trial on the merits? | Pretrial Procedure - Memo # 9202 - C - BP_60509.docx | ROSS-003279807-ROSS-003279808 |
| Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 | 308+99 | Acts of an agent, within the scope of his real or apparent authority, bind the principal under Florida law. | "Do the acts of an agent, within the scope of his real or apparent authority, bind the principal? " | Principal Agent- Memo 29 -AM_60515.docx | ROSS-003296268-ROSS-003296269 |
| Hartford Elevator v. Lauer, 94 Wis. 2d 571 | 308+60 | An agent is liable for damages in the event of breach of duty to his principal and any losses he causes may be offset against any claim he may have for compensation. | Can any loss caused by an agent offset any claim he may have for compensation? | 041558.docx | LEGALEASE-00152990-LEGALEASE-00152991 |
| Morton v. J.I. Case Threshing Mach. Co., 99 Mo. App. 630 | 308+86 | Where a sale of property is effected owing to an agent having introduced the purchaser to the owner or disclosed the name of the purchaser to the owner, the agent is entitled to his commissions, though the sale is actually made by the owner. | "Is an agent entitled to a commission if he introduces the purchaser and through such introduction, a property is sold?" | 041560.docx | LEGALEASE-00153087-LEGALEASE-00153088 |
| Morton v. J.I. Case Threshing Mach. Co., 99 Mo. App. 630 | 308+86 | Where a sale of property is effected owing to an agent having introduced the purchaser to the owner or disclosed the name of the purchaser to the owner, the agent is entitled to his commissions, though the sale is actually made by the owner. | Can an agent be entitled to a commission even if the sale is made by the owner? | 041562.docx | LEGALEASE-00153099-LEGALEASE-00153100 |
| Amarillo Nat. Bank v. Dilday, 693 S.W.2d 38 | 8.30E+184 | Rules of construction governing contracts are applicable to bills and notes, and bill or note must be construed as whole so as to give effect, if possible, to every part of such instrument. V.T.C.A., Bus. & C. S 3.104(a). | Does a note have to be construed as a whole? | 008990.docx | LEGALEASE-00154703-LEGALEASE-00154704 |
| Amarillo Nat. Bank v. Dilday, 693 S.W.2d 38 | 8.30E+184 | Rules of construction governing contracts are applicable to bills and notes, and bill or note must be construed as whole so as to give effect, if possible, to every part of such instrument. V.T.C.A., Bus. & C. S 3.104(a). | Should notes be construed as a whole? | Bills and Notes - Memo 1001 - IS RK_61279.docx | ROSS-003323714-ROSS-003323715 |
| United States v. Turner, 32 U.S. 132 | 181+5 | The making of a false instrument which is the subject of forgery with a fraudulent intent, although in the name of a nonexisting person, constitutes "forgery" as much as if it had been made in the name of a person known to exist and to whom credit was due. | Will a note be deemed a forgery if it is made with intent to defraud? | Bills and Notes - Memo 1006 - RK.docx | LEGALEASE-00043636-LEGALEASE-00043637 |
| Thornton v. Crowther, 24 Mo. 164 | 83E+481 | An assignment of a promissory note, written on a separate paper, although not transferring the legal ownership, transfers the beneficial ownership in the note, so as to enable the assignee to sue on it in his own name. | Does a note written on a separate instrument enable the assignee to sue upon it in his own name? | 009953.docx | LEGALEASE-00153782-LEGALEASE-00153783 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rubio v. Capital One Bank, 613 F.3d 1195 | 172H+1344 | Truth in Lending Act (TILA) and its regulation Z prohibited a Schumer Box in a credit card solicitation from making misleading annual percentage rate (APR) disclosures, where "misleading" meant a disclosure that a reasonable consumer would either not understand or not readily notice. Truth in Lending Act, S 127(c)(1)(A)(i)(I), 15 U.S.C.A. S 1637(c)(1)(A)(i)(I); 12 C.F.R. S 226.5a(b)(1). | Do disclosures required under TILA have to be clear and conspicuous? | 013942.docx | LEGALEASE-00153921-LEGALEASE-00153922 |
| Smith v. C. I. R., 537 F.2d 972 | 220+3179 | To determine whether a transaction is a sale or exchange a court may look to the intent of the parties as well as to what was actually done. 26 U.S.C.A. (I.R.C.1954) S 1031(a). | Does the intent of the parties determine whether the transaction constituted a sale or an exchange of property? | 018303.docx | LEGALEASE-00154621-LEGALEASE-00154622 |
| Myers v. City of Palmyra, 355 S.W.2d 17 | 302+48 | Petition is not to be held insufficient merely because of lack of definiteness or certainty in allegation or because of informality in statement of essential fact. | Will a petition be held insufficient for lack of definiteness or certainty in allegation? | 023738.docx | LEGALEASE-00154322-LEGALEASE-00154323 |
| Williams v. Mueller Copper Tube Co., 149 So. 3d 527 | 307A+681 | Trial court was precluded from considering Workers' Compensation Commission's file regarding employee's death when deciding employer's motion to dismiss for failure to state a claim upon which relief can be granted in action in which employee's estate asserted that employer failed to provide safe working environment, where file was outside the pleadings. Rules Civ.Proc., Rule 12(b)(6). | Should a motion to dismiss for failure to state a claim be decided on the face of the pleadings alone? | 038570.docx | LEGALEASE-00153947-LEGALEASE-00153948 |
| In re Paternity of G.W., 983 N.E.2d 1193 | 307A+556.1 | A successful motion to dismiss alleging lack of standing requires that the lack of standing be apparent on the face of the complaint; however, if, on a motion to dismiss for lack of standing, matters outside the pleading are presented and not excluded by the court, the motion shall be treated as one for summary judgment. Trial Procedure Rules 12(B)(6), 56. | Does a successful 12(B)(6) motion to dismiss alleging lack of standing require that the lack of standing be apparent on the face of the complaint? | 038643.docx | LEGALEASE-00154022-LEGALEASE-00154023 |
| K.R. Exch. Servs. v. Fuerst, Humphrey, Ittleman, PL, 48 So. 3d 889 | 307A+681 | On a motion to dismiss, the court must consider an exhibit attached to the complaint together with the complaint's allegations, and the exhibit controls when its language is inconsistent with the complaint's allegations. | "On a motion to dismiss, do the exhibit control when its language is inconsistent with the complaint's allegations?" | 038681.docx | LEGALEASE-00154030-LEGALEASE-00154031 |
| O.S.G. by L.G. v. G.B., Jr., 805 S.W.2d 704 | 307A+581 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only the length of the delay but attendant circumstances. | What should the court consider in determining whether to dismiss for want of prosecution? | 05802.docx | LEGALEASE-00096739-LEGALEASE-00096740 |
| Utah Oil Co. v. Harris, 565 P.2d 1135 | 307A+581 | Statute providing for notice to appoint successor attorney is not a court directive nor does it exact any penalty against litigant who fails for one reason or another to engage in counsel; consequently, when a litigant does fail to engage new counsel, that, in and of itself, is not an adequate basis to default him or to dismiss as against him with prejudice. U.C.A.1953, 78-51-36; Rules of Civil Procedure, rule 41(b). | "Is a failure to engage a new council by litigant, an adequate basis to default him or to dismiss as against him with prejudice?" | Pretrial Procedure - Memo # 9517 - C - NC_61108.docx | ROSS-003294624-ROSS-003294625 |
| Arriola v. Time Ins. Co., 296 Ill. App. 3d 303 | 307A+561.1 | Motion for involuntary dismissal under the statute authorizing such dismissal based on certain enumerated defects or defenses must go to an entire claim or demand. S.H.A. 735 ILCS 5/2-619. | Should a motion for involuntary dismissal go to an entire claim or demand under the statute authorizing such dismissal? | 038978.docx | LEGALEASE-00154523-LEGALEASE-00154524 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 | 170B+2791 | Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, plaintiff bears burden of demonstrating that jurisdiction is appropriate. | "When a defendant supports its motion to dismiss for lack of personal jurisdiction with affidavits, is the burden on a plaintiff to make a prima facie showing of personal jurisdiction over a defendant?" | 039291.docx | LEGALEASE-00154765-LEGALEASE-00154766 |
| Berman v. Griggs, 145 Me. 258 | 308+92(1) | Attorney within scope of authority represents client, and his acts of omission as well as of commission are regarded as acts of party he represents. | Do attorneys acts of omission and commission regard as acts of the party he represents? | Principal and Agent - Memo 247 - KC_61128.docx | ROSS-003281571-ROSS-003281572 |
| Bank of U.S. v. Daniel, 37 U.S. 32 | 8.30E+26 | Kentucky and Louisiana, as political communities, being distinct and sovereign, are foreign to each other in regard to the regulation of contracts, so that a bill drawn in one payable in the other is a "foreign bill." | "Is a bill of exchange drawn in one of the states of the United States, payable in another, a foreign bill?" | 008983.docx | LEGALEASE-00155458-LEGALEASE-00155459 |
| Palmer v. Champion Mortg., 465 F.3d 24 | 172H+1342 | Courts must evaluate the adequacy of Truth in Lending Act (TILA)disclosures from the vantage point of a hypothetical average consumer, a consumer who is neither particularly sophisticated nor particularly dense. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Can a person who is particularly sophisticated be considered an average consumer? | Consumer Credit - Memo 171 - RK_61833.docx | ROSS-003306602-ROSS-003306603 |
| Rudisell v. Fifth Third Bank, 622 F.2d 243 | 172H+1556 | Right to rescind for violation of terms of Truth in Lending Act is not dependent upon one-year statute of limitations period for claim for damages. Truth in Lending Act, SS 125, 130(e) as amended 15 U.S.C.A. SS 1635, 1640(e). | Is the right to rescind dependent upon the one-year statute of limitations period for a claim for damages under TILA? | 013758.docx | LEGALEASE-00155484-LEGALEASE-00155485 |
| Telles v. Dewind, 140 A.D.3d 1701 | 129+107 | Conduct does not have to take place in public in order for a person to be found guilty of disorderly conduct, so long as the person recklessly creates a risk of a public disturbance. McKinney's Penal Law S 240.20(1). | Does the conduct have to take place in public in order for a person to be found guilty of disorderly conduct? | 014300.docx | LEGALEASE-00155474-LEGALEASE-00155475 |
| Univ. of Med. & Dentistry of New Jersey v. Univ. of Med. & Dentistry of New Jersey, Council of Am. Ass'n of Univ. Professors Chapters, 223 N.J. Super. 323 | 141E+990 | Public institutions of higher education are creatures of the State and can exercise only those powers granted to them by legislation, either expressly or by necessary implication. | Are institutions of higher education creatures of the State? | Education - Memo #252 - C - ATS_61344.docx | ROSS-003294555-ROSS-003294556 |
| Atl. Cmty. Coll. v. Civil Serv. Comm'n, 59 N.J. 102 | 141E+990 | County colleges are not agencies of county government but, rather, are separate political subdivisions which serve separate purpose and operate apart from governing bodies of counties in which they are situated. N.J.S.A. 18A:64A-3, 4, 7 to 9, 15. | Is a college a separate political subdivision of government? | 017108.docx | LEGALEASE-00155267-LEGALEASE-00155268 |
| Roberts v. Clark, 188 S.W.3d 204 | 156+52(1) | "Estoppel" is defined in general as conduct which causes the other party to materially alter his position in reliance on that conduct. | Is estoppel defined as conduct which causes the party to materially alter his position in reliance on that conduct? | Estoppel - Memo #116 - C - CSS_61684.docx | ROSS-003278875-ROSS-003278876 |
| Klaas v. Haueter, 49 Wash. App. 697 | 253+922 | Signatures of both spouses are required to transfer community real property; joinder requirement extends to agreement to list community real property for sale with broker. | Does the law require joinder of both spouses for contracts to convey or transfer community property? | 018408.docx | LEGALEASE-00155034-LEGALEASE-00155035 |
| Bush v. Murray, 209 A.D. 563 | 302+38 | Part of a complaint may not be attacked for insufficiency as a cause of action, unless a separate cause of action is claimed by pleader to be set forth. | Can part of a complaint be attacked for insufficiency as a cause of action? | 023759.docx | LEGALEASE-00155235-LEGALEASE-00155236 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Avon Hardware Co. v. Ace Hardware Corp., 2013 IL App (1st) 130750 | 307A+679 | In ruling on a motion to dismiss, the complaint's factual allegations are to be interpreted in the light most favorable to the plaintiff. S.H.A. 735 ILCS 5/2-615. | "In ruling on a motion to dismiss, are the complaint's factual allegations to be interpreted in the light most favorable to the plaintiff? " | Pretrial Procedure - Memo # 10018 - C - AC.docx | LEGALEASE-00044966-LEGALEASE-00044967 |
| Fitzgerald v. Bixler, 350 Mich. 688 | 302+354 | Where defendant filed answer of general denial in which he failed to raise defenses of election of remedies, waiver, estoppel and res judicata and where no amended answer was timely filed raising or incorporating such defenses, motion to dismiss and motion for new trial attempting to raise such defenses should have been denied. Michigan Court Rules, rule No. 18. | When will a motion to dismiss and motion for new trial be denied? | Pretrial Procedure - Memo # 9645 - C - KS_61398.docx | ROSS-003280078 |
| St. Clair Area Sch. Dist. Bd. of Educ. v. E.I. Assocs., 733 A.2d 677 | 307A+585.1 | A grant of a judgment of non pros is based on the equitable principle of laches and not upon a statute of limitations. | "Is granting of non pros. founded on equitable principle of laches, and not statute of limitations?" | 039237.docx | LEGALEASE-00155390-LEGALEASE-00155391 |
| Olson v. Accessory Controls & Equip. Corp., 54 Conn. App. 506 | 307A+687 | Motion to dismiss admits all facts well-pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. | "In addition to admitting all facts well pleaded, does a motion to dismiss invoke any record that accompanies the motion?" | Pretrial Procedure - Memo # 9852 - C - SHB.docx | LEGALEASE-00045345-LEGALEASE-00045346 |
| Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 307A+685 | If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven; to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit, and the failure to do so results in the facts of the defendant's affidavits being deemed admitted. S.H.A. 735 ILCS 5/2-619(a)(9); Sup.Ct.Rules, Rule 191. | "To refute evidentiary facts contained in the defendants supporting affidavits, should the plaintiff provide a counter affidavit?" | 039419.docx | LEGALEASE-00155587-LEGALEASE-00155588 |
| Bankmark of Florida v. Star Fin. Card Servs., 679 N.E.2d 973 | 21+9 | Party complaining that affidavit is defective has a duty to direct this complaint to trial court, and failure to do so constitutes waiver. Trial Procedure Rule 56(E). | Will a complaining partys failure to raise a defective affidavit constitute waiver? | Affidavits - Memo 69 - _1-suDGcJXF-YJF49JSQQaeEcfRjNOnJ9w.docx | ROSS-000000233-ROSS-000000234 |
| United States v. Sun-Diamond Growers of California, 526 U.S. 398 | 63+1(1) | To convict under federal bribery statute, there must be a quid pro quo, a specific intent to give or receive something of value in exchange for an official act, while illegal gratuity may constitute merely a reward for some future act that public official will take and may already have determined to take, or for a past act that he has already taken. 18 U.S.C.A. S 201(b)(1, 2), (c). | Does bribery require a specific intent to perform a quid pro quo? | Bribery-Memo#1009-C-SG_62016.docx | ROSS-003295227-ROSS-003295228 |
| Greany v. W. Farm Bureau Life Ins. Co., 973 F.2d 812 | 360+18.51 | ERISA preempts state claims based on equitable estoppel. Employee Retirement Income Security Act of 1974, S 514(a), as amended, 29 U.S.C.A. S 1144(a). | Does Employee Retirement Income Security Act (ERISA) preempt state claims based on equitable estoppel? | 017777.docx | LEGALEASE-00156158-LEGALEASE-00156159 |
| Bethesda Lutheran Church v. Twin City Const. Co., 356 N.W.2d 344 | 156+52(1) | Equitable estoppel is a doctrine designed to prevent a party from taking unconscionable advantage of its own actions. | Is equitable estoppel designed to prevent a party from taking unconscionable advantage of his own actions? | 017795.docx | LEGALEASE-00156262-LEGALEASE-00156263 |
| O'Brien & Gere Engineers v. City of Salisbury, 222 Md. App. 492 | 307A+680 | In ruling on a motion to dismiss for failure to state a claim, the circuit court is not to make factual findings. | "In ruling on a motion to dismiss for failure to state a claim, is the circuit court not to make factual findings?" | Pretrial Procedure - Memo # 10029 - C - AC_61701.docx | ROSS-003279441-ROSS-003279442 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pusakulich v. City of Ironwood, 247 Mich. App. 80 | 228+185(3) | Before trial court may review documents outside the pleadings in ruling on motion for summary disposition, substance or content of the supporting materials must be admissible into evidence. MCR 2.116(C)(7), (G)(5). | "If a party supports a motion for summary disposition by submitting affidavits, depositions, admissions, or other documentary evidence, should the substance or content of the supporting materials be admissible into evidence?" | 024525.docx | LEGALEASE-00156204-LEGALEASE-00156205 |
| Olson v. Accessory Controls & Equip. Corp., 54 Conn. App. 506 | 307A+687 | Motion to dismiss admits all facts well-pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. | Does a motion to dismiss admit all facts well pleaded and invokes any record that accompanies the motion? | Pretrial Procedure - Memo # 10178 - C - NC.docx | LEGALEASE-00045918-LEGALEASE-00045919 |
| Atkins v. Jester, 309 S.W.3d 418 | 30+78(3) | A dismissal without prejudice for failure to state a claim upon which relief can be granted can be tantamount to a determination that the plaintiff has no cause of action and can result in a final, appealable judgment. | "Does the dismissal without prejudice for failure of the petition to state a claim, when the party elects not to plead further, amount to a determination that the plaintiff has no action?" | 024699.docx | LEGALEASE-00155978-LEGALEASE-00155979 |
| Univ. of Texas at El Paso v. Herrera, 281 S.W.3d 575 | 360+191.1 | When a lawsuit is barred by sovereign immunity, the trial court lacks subject-matter jurisdiction, and dismissal with prejudice is proper. | Is a dismissal with prejudice appropriate when trial court lacks subject matter jurisdiction because of a sovereign immunity bar? | 024735.docx | LEGALEASE-00156122-LEGALEASE-00156123 |
| Johnson v. Com., 221 Va. 872 | 67+9(1) | Actual breaking, as an element of crime of burglary, involves application of some force, slight though it may be, whereby entrance is obtained; merely turning key, lifting latch, opening door or resorting to other slight physical force is sufficient to constitute this element of burglary. Code 1950, S 18.2-92. | Does an actual breaking in burglary involve use of force? | 013071.docx | LEGALEASE-00156446-LEGALEASE-00156447 |
| Gayoso Sav. Inst. v. Fellows, 46 Tenn. 467 | 83E+481 | If the instrument transferred was filed in a court, as evidence in a pending suit, so that it could not be withdrawn and actual delivery made, notice to the attorney having the control of the suit, and the responsibility of the collection, and his undertaking, express or implied, to pay over the money to the assignee, or to act as his attorney in the collection, would be sufficient; especially where the instrument or note, at the time of the assignment, had not ripened into a judgment; then the delivery in this case was all that it was possible to make, and was sufficient; and no notice to the debtor was necessary. | Is it necessary to give notice to a debtor of a debt if it was represented at the time of the assignment by the original note? | 009063.docx | LEGALEASE-00156512-LEGALEASE-00156513 |
| Cockrell v. Taylor, 347 Mo. 1 | 83E+481 | While "endorsement of note" must be made by written signature on back of instrument itself, "assignment of note or mortgage" may be by separate instrument, or even by parol. | May assignment of a note be done by separate instrument? | 010066.docx | LEGALEASE-00156621-LEGALEASE-00156622 |
| State v. Gerard, 627 So. 2d 174 | 67+24 | Date and time are not essential elements of burglary, and bill of information charging that offense occurred "on or about" a certain date is valid, especially when a date reasonably near is established. | Is time an element of burglary? | 013084.docx | LEGALEASE-00156567-LEGALEASE-00156568 |
| People v. Wilson, 11 Cal. App. 4th 1483 | 67+9(2) | One who enters a store with intent of committing larceny is guilty of burglary although entry was made through public entrance during business hours. West's Ann.Pen.Code, S 666, subd. 3. | Does entry during business hours constitute burglary? | Burglary - Memo 310 - RK_62312.docx | ROSS-003283552-ROSS-003283554 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Stagnitta, 74 Conn. App. 607 | 67+9(2) | For purposes of statute providing that person is guilty of burglary in the first degree when he enters or remains unlawfully in building with intent to commit a crime therein, to "enter unlawfully" means to accomplish an entry by unlawful means, while to "remain unlawfully" means that the initial entering of the building was lawful but the presence therein became unlawful because the right, privilege or license to remain was extinguished. C.G.S.A. SS 53a-100(b), 53a-101(a). | What is unlawful entry in the context of burglary? | 013160.docx | LEGALEASE-00156595-LEGALEASE-00156596 |
| Pardue v. State, 571 So. 2d 333 | 67+10 | Burglar who acquired firearm as loot during course of burglary was "armed with deadly weapon," within meaning of first-degree burglary statute, even though he did not use or possess firearm for purpose of its use or potential use as weapon; overruling Buchannon v. State, 554 So.2d 477. Code 1975, S 13-7-5(a). | When is a person armed with a deadly weapon under the burglary statute? | Burglary - Memo 321 - RK_62321.docx | ROSS-003283639-ROSS-003283640 |
| Clear Channel Outdoor v. Mayor & City Council of Baltimore, 153 F. Supp. 3d 865 | 371+2001 | The "classic tax" is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large. | Is a classic tax imposed by the legislature upon a large segment of society? | Taxation - Memo # 995 - C - JL.docx | LEGALEASE-00046401-LEGALEASE-00046402 |
| People v. Adams, 19 Cal. App. 4th 412 | 3.77E+10 | Under statute proscribing menacing committed by use of deadly weapon, word "use" includes physical possession of deadly weapon at time of crime. West's C.R.S.A. S 18-3-206. | "Under the statute proscribing menacing by use of a deadly weapon, what does the word ""use"" include?" | 046671.docx | LEGALEASE-00156480-LEGALEASE-00156481 |
| Cockrell v. Taylor, 347 Mo. 1 | 83E+481 | While "endorsement of note" must be made by written signature on back of instrument itself, "assignment of note or mortgage" may be by separate instrument, or even by parol. | Can the assignment of a note or mortgage be made by parol? | 009108.docx | LEGALEASE-00157177-LEGALEASE-00157178 |
| Sterling & Snapp v. Bender, 7 Ark. 201 | 83E+426 | A bill or note indorsed in blank is transferable by delivery only, and so long as the indorsement continues in blank, it makes the bill or note in effect payable to bearer. | Whether indorsement in blank makes the bill or note payable to bearer? | Bills and Notes-Memo 1278-ANM_63204.docx | ROSS-003283332-ROSS-003283333 |
| Martin Glennon v. First Fid. Bank, N.A., 279 N.J. Super. 48 | 83E+452 | Under statutes, instrument is converted when it is paid on a forged endorsement, and depository bank warrants to the drawees that all signatures are genuine, also making it liable to the drawer for conversion. N.J.S.A. 12A:3-417(2), 12A:3-419(1)(c). | When does conversion of an instrument take place under the UCC? | 010969.docx | LEGALEASE-00157870-LEGALEASE-00157871 |
| Atl. Bank of New York v. Israel Disc. Bank Ltd., 108 Misc. 2d 342 | 172H+820 | Where proceeds of forged check reach intended payee, there can, as general rule, be no cause of action by anyone on forged instrument. Uniform Commercial Code, SS 4-207, 4-401. | Will there be a cause of action if the proceeds of a forged check reach the intended payee? | 010971.docx | LEGALEASE-00157872-LEGALEASE-00157873 |
| Simon v. Pettit, 687 P.2d 1299 | 200+9 | Two 18-inch footpaths over private land in populated, residential, urban area were not roads within purview of statute providing all roads over private lands that have been used adversely without interruption or objection on part of owners of such lands for 20 consecutive years are public highways. C.R.S. 43-2-201(1)(c). | What is a public highway? | Highways - In genral-Memo 6 - AM_62578.docx | ROSS-003307280-ROSS-003307281 |
| In re Atkins, 67 Ohio App. 3d 783 | 307A+587 | Where a party fails to appear on the date set for a hearing, court may order a dismissal. Rules Civ.Proc., Rule 41(B)(1). | "Where a party fails to appear on the date set for a hearing, can a court order a dismissal?" | 024809.docx | LEGALEASE-00157504-LEGALEASE-00157505 |
| Hubbard v. Mercantile Bank of Kansas City, 773 S.W.2d 517 | 307A+551 | Pendency of prior action is not ground for dismissal with prejudice, but ground only to stay or abate later action. V.A.M.R. 55.27(a)(10); V.A.M.S. S 509.290, subd. 1(8). | "Is pendency of a prior action not ground for dismissal with prejudice, but ground only to stay or abate the later action?" | 024886.docx | LEGALEASE-00157119-LEGALEASE-00157120 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Reilly v. Reid, 45 N.Y.2d 24 | 336H+17 | Considerations of judicial economy as well as fairness to parties mandate, at some point, an end to litigation, and afterthoughts or after discoveries, however understandable and morally forgivable, are generally not enough to create a right to litigate anew. | Does the considerations of judicial economy as well as fairness to the parties mandate an end to litigation? | Pretrial Procedure - Memo # 10455 - C - KG_64148.docx | ROSS-003280994 |
| Adams v. Bear, 87 Ariz. 172 | 307A+694 | Generally, dismissals "without prejudice" indicate that dismissals affect no right or remedy of the parties and that there has been no decision of the case on the merits. | "Does a dismissal ""without prejudice,"" mean that no right or remedy of the parties is affected?" | Pretrial Procedure - Memo # 10574 - C - KI_62611.docx | ROSS-003310212-ROSS-003310213 |
| Keim v. Kalbfleisch, 57 Ill. App. 3d 621 | 336H+117 | A dismissal "with prejudice" is as conclusive of rights of parties as if suit had been prosecuted to a final adjudication adverse to plaintiffs. | Is dismissal with prejudice deemed to be as conclusive of rights of parties as if a matter had proceeded to trial and been resolved by final judgment adverse to a plaintiff? | 025209.docx | LEGALEASE-00157291-LEGALEASE-00157292 |
| Governale v. Nw. Cmty. Hosp., 147 Ill. App. 3d 590 | 307A+693.1 | When case is dismissed, parties are out of court and any further proceedings are unauthorized until judgment of dismissal is vacated and cause reinstated, except where parties actively participate in further proceedings or where party in whose favor dismissal was entered otherwise conducts himself in manner inconsistent with order of dismissal; such action operates to nullify order of dismissal and revests trial court with jurisdiction. | "When case is dismissed, does such action operate to nullify an order of a dismissal and revests a trial court with jurisdiction?" | 025221.docx | LEGALEASE-00157307-LEGALEASE-00157308 |
| Bryan v. Smith, 174 F.2d 212 | 307A+518 | Ancillary proceeding could not be had to enforce interlocutory order made in a suit that was later voluntarily dismissed, as long as judgment of dismissal remained on record. | Can there be no ancillary proceeding to enforce an interlocutory order where a suit has been dismissed? | 025247.docx | LEGALEASE-00156815-LEGALEASE-00156816 |
| Mills v. Berry, 395 S.W.2d 228 | 307A+693.1 | Inasmuch as plaintiff's cause of action was dismissed without prejudice, he might still prosecute his cause of action if he cared to do so. | "Inasmuch as plaintiff's cause of action was dismissed without prejudice, can he still prosecute his cause of action if he cared to do so?" | 025299.docx | LEGALEASE-00157005-LEGALEASE-00157006 |
| Klineline v. Klineline, 481 S.W.3d 551 | 241+180(7) | When an affirmative defense is asserted, such as a statute of limitations, the petition may not be dismissed unless it clearly establishes on its face, and without exception, that the action is barred. | Can affirmative defense be sustained upon motion to dismiss? | Pretrial Procedure - Memo # 10735 - C - KI_63390.docx | ROSS-003281550-ROSS-003281551 |
| McLeod v. Marion Labs., 600 S.W.2d 656 | 307A+561.1 | For affirmative defense to be sustained upon bare motion to dismiss, defense must be irrefutably established by plaintiff's pleading. V.A.M.R. Civil Rule 55.27(a)(1). | Can affirmative defense be sustained upon motion to dismiss? | 025385.docx | LEGALEASE-00157974-LEGALEASE-00157975 |
| Klineline v. Klineline, 481 S.W.3d 551 | 241+180(7) | When an affirmative defense is asserted, such as a statute of limitations, the petition may not be dismissed unless it clearly establishes on its face, and without exception, that the action is barred. | Can affirmative defense be established by plaintiffs' pleadings? | 025387.docx | LEGALEASE-00157976-LEGALEASE-00157977 |
| Mettler v. Ellen Tracy, 648 So. 2d 253 | 307A+561.1 | Motion to dismiss for failure to state cause of action should not be granted on basis of affirmative defenses unless affirmative defenses appear on face of pleading. | Will a motion to dismiss be granted on basis of affirmative defenses that appear on face of pleading? | Pretrial Procedure - Memo # 10755 - C - TJ_63397.docx | ROSS-003282337-ROSS-003282338 |
| Johnson v. LeBonheur Children's Med. Ctr., 74 S.W.3d 338 | 231H+25 | A person may be the servant of two masters, not joint employers, at one time as to one act, if the service does not involve abandonment of the service to the other. Restatement (Second) of Agency, S 226, comment b. | When can a person be the servant of two masters at one time? | Principal and Agent - Memo 412 - RK_63532.docx | ROSS-003281080-ROSS-003281081 |
| Clinton v. Miller, 124 Mont. 463 | 308+1 | The maxim, "qui facit per alium, facit per se," enunciates the general doctrine on which the law relative to rights and liabilities of principal and agent depends. | "What does the principle qui facit per alium, facit per se mean?" | Principal and Agent - Memo 416 - RK_63536.docx | ROSS-003292691-ROSS-003292692 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bunger v. Demming, 40 N.E.3d 887 | 308+1 | An agency relationship arises from the consent of the parties in the form of a contractual agreement, but it is not necessary that the contract or the authority of the agent to act be in writing. | Is it necessary that the authority of the agent to act be in writing? | 041798.docx | LEGALEASE-00157876-LEGALEASE-00157877 |
| In re Hirsch Elec. Co., 461 B.R. 167 | 308+1 | Under New York law, agency relationship can be either express or implied and can be established by conduct of parties, or by written or oral agreement. | Can an agency relationship be implied by the conduct of parties? | 041808.docx | LEGALEASE-00157908-LEGALEASE-00157909 |
| Columbia Univ. Club v. Higgins, 23 F. Supp. 572 | 308+1 | Two essential elements of "agency" are that the agent is a representative and acts not for himself but for another and that his acts within the scope of his authority are binding on his principal. | Are the acts of the agent within the scope of his authority binding on the principal? | Principal and Agent - Memo 440 - RK_63560.docx | ROSS-003306278-ROSS-003306279 |
| Durias v. Boswell, 58 Wash. App. 100 | 308+24 | Agency relationship exists when one agrees to act for another under latter's direction and control; agency is usually factual question for jury. West's RCWA 19.52.030(2). | Can an agency relationship exist when one agrees to act for another under the latter's direction? | Principal and Agent - Memo 457-PR_63471.docx | ROSS-003292461-ROSS-003292462 |
| Roberson Advert. Serv. v. Winnfield Life Ins. Co., 453 So. 2d 662 | 308+1 | Under Louisiana law, an agency relationship is created by either express appointment of a mandatory under statute or by implied appointment arising from apparent authority. LSA-C.C. art. 2985. | Can an agency relationship be created by implied appointment? | 041910.docx | LEGALEASE-00157371-LEGALEASE-00157372 |
| Jones v. Royal Admin. Servs., 866 F.3d 1100 | 308+1 | Under California law, "agency" is the fiduciary relationship that arises when one person, a principal, manifests assent to another person, an agent, that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act. | What is agency? | Principal and Agent - Memo 494 - KK_63273.docx | ROSS-003319902-ROSS-003319903 |
| Bowman v. Benouttas, 519 S.W.3d 586 | 308+1 | The most indicative factor in determining whether a principal-agent relationship exists is the right of the principal to control the conduct of the work of the agent. | What factors determine whether a principal-agent relationship exists? | Principal and Agent - Memo 500 - KK_63279.docx | ROSS-003306504-ROSS-003306505 |
| Case v. St. Mary's Bank, 164 N.H. 649 | 308+1 | Control by the principal, as required to establish agency, does not mean actual or physical control at every moment; rather, it turns upon the principal manifesting some continuous prescription of what the agent shall or shall not do. | Does control by the principal mean physical control? | Principal and Agent - Memo 567-SB_63583.docx | ROSS-003320577-ROSS-003320578 |
| In re NetBank, 459 B.R. 801 | 308+1 | Essential characteristic of agency relationship is that agent acts subject to principal's direction and control. | Is it an essential characteristic of agency relationship that the agent acts are subject to principal's control? | 042070.docx | LEGALEASE-00157854-LEGALEASE-00157855 |
| Roberson Advert. Serv. v. Winnfield Life Ins. Co., 453 So. 2d 662 | 308+1 | Under Louisiana law, an agency relationship is created by either express appointment of a mandatory under statute or by implied appointment arising from apparent authority. LSA-C.C. art. 2985. | Can an agency relationship be created by express appointment? | Principal and Agent - Memo 576-SB_63592.docx | ROSS-003309490-ROSS-003309491 |
| CX Reinsurance Co. Ltd. v. Leader Realty Co., 252 F. Supp. 3d 439 | 308+177(1) | Under Maryland law, an agent is an agent for the limited purposes entrusted to him by the principal; knowledge gained by the agent that is material to the performance of the agent's duties within the scope of the agent's authority can be considered knowledge of the principal. | "Is an agent an agent for all intents and purposes, or is an agent an agent for the limited purposes entrusted to him by the principal?" | 042173.docx | LEGALEASE-00157580-LEGALEASE-00157581 |
| State v. Commercial Loan Co., 251 Ala. 672 | 371+2002 | The word "tax," unless expressly defined, is inclusive of both levies for revenue purposes and levies for regulatory purposes, and thus license fees are commonly called taxes, though strictly speaking they may be a charge or fee rather than a tax. | "Without expressly defined, can the word tax be inclusive of both levies for revenue purposes and levies for regulatory purposes?" | 044537.docx | LEGALEASE-00157454-LEGALEASE-00157455 |
| Gorney v. City of Madison Heights, 211 Mich. App. 265 | 371+2002 | If revenue generated by regulatory "fee" exceeds cost of regulation, "fee" is actually "tax" in disguise, which must comport with constitutional tax provisions. M.C.L.A. Const. Art. 4, S 32; Art. 9, S 3. | "If revenue generated by a regulatory fee exceeds the cost of regulation, is the fee actually a tax?" | 044549.docx | LEGALEASE-00157552-LEGALEASE-00157553 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Williams v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 491 | 3.77E+11 | For the purpose of the offense of making a terroristic threat, "imminent" means near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous. V.T.C.A., Penal Code S 22.07(a)(2). | What does imminent mean for the purposes of a conviction for making threats? | 046706.docx | LEGALEASE-00157099-LEGALEASE-00157100 |
| In re C.S.G., 241 Ga. App. 37 | 3.77E+11 | Displaying a handgun to another under threatening circumstances may constitute an act constituting a terroristic threat. O.C.G.A. S 16-11-37(a). | Can displaying a handgun to another under threatening circumstances be considered an act constituting a terroristic threat? | 046880.docx | LEGALEASE-00157696-LEGALEASE-00157697 |
| Sykes v. State, 578 N.W.2d 807 | 3.77E+48 | Effect of a terroristic threat is not an essential element of the offense, but the victim's reaction to the threat is circumstantial evidence relevant to the element of intent. M.S.A. S 609.713, subd. 1. | "In regards to the offense of terroristic threats, what is the victim's reaction circumstantial evidence of?" | "Threats, Stalking and Harassment - Memo #147 - C - LB_63322.docx" | ROSS-003293612-ROSS-003293613 |
| Postell v. United States, 282 A.2d 551 | 3.77E+13 | To sustain conviction for a threat to do bodily harm, it is necessary only that threats impart expectation of bodily harm thereby inducing fear and apprehension in person threatened. D.C.C.E. S 22-507. | "To sustain a conviction for a threat to do bodily harm, what is necessary for the threat to impart?" | 046890.docx | LEGALEASE-00157345-LEGALEASE-00157346 |
| In re C.S.G., 241 Ga. App. 37 | 377E+48(2) | Slight corroboration of the circumstances during which a terroristic threat is uttered is all that is necessary to satisfy requirement that the victim's account of the terroristic threat be corroborated. O.C.G.A. S 16-11-37(a). | What is necessary to satisfy the requirement that the victim's account of the terroristic threat be corroborated? | 047064.docx | LEGALEASE-00157704-LEGALEASE-00157705 |
| Baskin v. State ex rel. Worker's Comp. Div., 722 P.2d 151 | 413+102 | In law of worker's compensation, determinations of whether employee is engaged in extrahazardous employment are made by reference to employer's business. W.S.1977, S 27-12-106(a), (a)(xviii, xix). | "Under Worker's Compensation Act, what determines whether an employee is engaged in extrahazardous employment?" | Worker's Compensation - Memo #631 - C - ANC_63491.docx | ROSS-003293498-ROSS-003293499 |
| Baskin v. State ex rel. Worker's Comp. Div., 722 P.2d 151 | 413+102 | In law of worker's compensation, determinations of whether employee is engaged in extrahazardous employment are made by reference to employer's business. W.S.1977, S 27-12-106(a), (a)(xviii, xix). | Are determinations of whether an employee is engaged in extra-hazardous employment made by reference to the employers business? | Workers' Compensation - Memo 669 - C - ANC_64587.docx | ROSS-003293448-ROSS-003293449 |
| Bonhivre v. State Bank of Clearing, 29 Ill. App. 3d 794 | 83E+481 | A nonnegotiable time certificate of deposit is transferable by assignment; the bank's obligation is to pay the payee or assignee but the assignee stands in no better position than his assignor when demand for payment is made. | Is a bank is obliged to pay the payee when demand for payment is made? | 009289.docx | LEGALEASE-00158214-LEGALEASE-00158215 |
| Rankin v. Colman, 476 So. 2d 234 | 307A+561.1 | Where an affirmative defense appears on face of a pleading, it may be argued as basis for motion to dismiss. | Can an affirmative defense that appears on face of a pleading be argued as basis for motion to dismiss? | Pretrial Procedure - Memo # 10769 - C - NC_63411.docx | ROSS-003295135-ROSS-003295136 |
| Sanchez v. Mercy Hosp., 386 So. 2d 42 | 307A+561.1 | Only affirmative defenses appearing on face of prior pleading may be asserted in motion to dismiss. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.110(d). | Will affirmative defenses appearing on face of prior pleading be asserted in motion to dismiss? | Pretrial Procedure - Memo # 10784 - C - NS_63651.docx | ROSS-003280006-ROSS-003280007 |
| Whitfield v. Whitfield, 161 So. 2d 256 | 302+354 | Affirmative defenses should be pleaded in answer to complaint and are not properly presented for trial on hearing on motion to dismiss. | Are affirmative defenses properly presented for trial on hearing on motion to dismiss? | 025475.docx | LEGALEASE-00158508-LEGALEASE-00158509 |
| Palladium Holdings v. Zuni Mortg. Loan Tr. 2006-OA1, 775 N.W.2d 168 | 228+392(2) | The party moving for relief from judgment bears the burden of showing that Finden v. Klaas factors, governing relief under the rule, are satisfied, and a weak showing on one factor may be offset by a strong showing on other factors. 48 M.S.A., Rules Civ.Proc., Rule 60.02. | Can a weak showing on one factor in a motion to vacate a dismissal be offset by strong showing on other factors? | 025580.docx | LEGALEASE-00158294-LEGALEASE-00158295 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Murray v. Fleischaker, 949 S.W.2d 203 | 307A+561.1 | For affirmative defense to be sustained merely upon motion to dismiss, defense must be irrefutably established by plaintiffs' pleadings. | Will a motion to dismiss be sustained if the defense is irrefutably established by the pleadings? | Pretrial Procedure - Memo # 11088 - C - KS.docx | LEGALEASE-00048585-LEGALEASE-00048586 |
| Duk Hea Oh v. Natl Capital Revitalization Corp., 7 A.3d 997 | 307A+561.1 | Unless facts supporting an affirmative defense are particularized in an answer or are detailed on the face of the complaint, an affirmative defense expressed only as a legal conclusion is insufficient. | When is an affirmative defense expressed as a legal conclusion only sufficient? | 039879.docx | LEGALEASE-00159041-LEGALEASE-00159042 |
| Pinkerton v. Gilbert, 22 Ill. App. 568 | 308+92(1) | The doctrine of respondeat superior applies only to acts performed by an agent within scope of his employment. | Does the doctrine of respondeat superior apply only when the agent has acted within the scope of his employment? | 041744.docx | LEGALEASE-00158973-LEGALEASE-00158974 |
| In re RnD Eng'g, 546 B.R. 738 | 308+48 | Under Michigan law, an agent is a fiduciary and owes to his principal the duty of good faith and loyalty, and the agent is under the duty to use care, skill and diligence, and to obey the instructions of his principal. | Does an agent owe a fiduciary duty to his principal? | Principal and Agent - Memo 517 - RK_63976.docx | ROSS-003306693-ROSS-003306694 |
| Moblard v. Klippenstein, 239 F. Supp. 274 | 308+1 | Under Michigan law, an agent is a business representative whose function it is to bring about, modify, effect, accept performance of, or terminate contractual obligations between his principal and third persons. | What is the function of an agent who is a business representative? | Principal and Agent - Memo 529 - RK_63987.docx | ROSS-003280418-ROSS-003280419 |
| Jones v. Royal Admin. Servs., 866 F.3d 1100 | 308+1 | Under California law, for an agency relationship to exist, an agent must have authority to act on behalf of the principal and the person represented must have a right to control the actions of the agent. | Does an agent have authority to act on behalf of the principal? | Principal and Agent - Memo 545 - RK_64003.docx | ROSS-003295588-ROSS-003295589 |
| In re Hughes, 513 S.W.3d 28 | 308+1 | For an agency relationship to exist, there must be (1) a meeting of the minds between the parties to establish the relationship, and (2) some act constituting the appointment of the agent. | Should there be some act constituting the appointment of an agent for an agency relationship to exist? | 042012.docx | LEGALEASE-00159097-LEGALEASE-00159098 |
| Ash v. Royal Caribbean Cruises Ltd., 991 F. Supp. 2d 1214 | 308+1 | In order to show an agency relationship, under Florida law, the plaintiff must show: (1) acknowledgment by the principal that the agent will act for it, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the action of the agent. | Can acknowledgment by the principalthat the agent will act on his or her behalf establish the agency relationship? | 042016.docx | LEGALEASE-00159101-LEGALEASE-00159102 |
| In re Kobayashi, 44 Haw. 584 | 371+3403 | General Excise Tax Law imposes tax on privilege of doing business and is applied to gross income at rates varying according to occupation or activity of taxpayer. R.L.H.1955, SS 117-7, 117-14(c)(1) and S 117-3 as amended by Laws 1957, Sp.Sess., c. 1. | What is a General Excise Tax (GET)? | Taxation - Memo 1070 - C - KI_64710.docx | ROSS-003292767-ROSS-003292768 |
| Adams v. Hicks Co., 149 So. 242 | 413+105 | Compensation Law only applies to businesses specially named therein, those electing to come under its terms, and those determined hazardous in advance by courts. Act No. 20 of 1914, S 1, subsec. 3, LSA-R.S. 23:1035. | "The compensation laws only apply to, what?" | Worker's Compensation - Memo #608 - C - ANC_63486.docx | ROSS-003278444-ROSS-003278445 |
| McAllister v. Peoples Homestead &Sav. Ass'n, 171 So. 130 | 413+101 | Nature of trade, business, or occupation of employer and not particular duty of service of employee determines right to compensation. Act No. 20 of 1914, S 1, subd. 2, LSA-R.S. 23:1035. | "Does the nature of the business, and not the duty or service of the employee determine the right to compensation?" | Workers' Compensation - Memo #617 - C - ANC_63839.docx | ROSS-003278549-ROSS-003278550 |
| Brown v. Underwood Lumber Co., 172 Or. 261 | 413+112 | The principal business of an employer may be nonhazardous, but, if it departs therefrom and engages in an occupation declared hazardous by the Compensation Act the employer is subject to the act. ORS 656.002 et seq., 656.026, 656.030, 656.082, 656.084, 656.152, 656.154. | When is the principal business of an employer subject to the Workmen's Compensation Act? | 048664.docx | LEGALEASE-00158903-LEGALEASE-00158904 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Arizona v. United States, 567 U.S. 387 | 24+690 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the power of the government over the status of aliens rest on the federal governments power to control relations with foreign nations? | 006817.docx | LEGALEASE-00160402-LEGALEASE-00160403 |
| League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755 | 24+103 | Since power to regulate immigration is unquestionably exclusively federal power, any state statute which regulates immigration is constitutionally proscribed. | Are state statutes that regulate immigration per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution? | 006842.docx | LEGALEASE-00160392-LEGALEASE-00160393 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+330 | Consistent with civil nature of a deportation proceeding, various protections that apply in context of a criminal trial do not apply in a deportation hearing. | Do protections which apply in the context of a criminal trial apply in a deportation hearing? | 006927.docx | LEGALEASE-00160216-LEGALEASE-00160217 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+330 | A deportation proceeding is a purely civil action to determine eligibility to remain in country, not to punish unlawful entry, though entering or remaining unlawfully in country is itself a crime. Immigration and Nationality Act, SS 262, 266, 275, 8 U.S.C.A. SS 1302, 1306, 1325. | Are deportation proceedings civil actions? | "Aliens, Immigration and Citizenship - Memo 77 - RK_64811.docx" | ROSS-003280184-ROSS-003280185 |
| Mathews v. Diaz, 426 U.S. 67 | 92+3921 | Even one whose presence in the United States is unlawful, involuntary, or transitory is entitled to protection, under the Fifth and Fourteenth Amendments, from deprivation of life, liberty or property without due process of law. U.S.C.A.Const. Amends. 5, 14. | Are aliens entitled to protection under the Fifth Amendment? | "Aliens, Immigration and Citizenship - Memo 82 - RK_64815.docx" | ROSS-003292552-ROSS-003292553 |
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+340 | Deportation hearing looks prospectively to alien's right to remain in country in future; past conduct is relevant only insofar as it may shed light on alien's right to remain. Immigration and Nationality Act, SS 241, 242(b), 8 U.S.C.A. SS 1251, 1252(b). | Is a respondents right to remain in the future determined in deportation proceedings? | "Aliens, Immigration and Citizenship - Memo 96 - RK_64829.docx" | ROSS-003294888-ROSS-003294889 |
| Schafer v. City of Los Angeles, 237 Cal. App. 4th 1250, 188 Cal. Rptr. 3d 655 | 156+52(8) | Estoppel can be invoked in the land use context in only the most extraordinary case where the injustice is great and the precedent set by the estoppel is narrow. | Can estoppel be invoked in the land use context only in the most extraordinary case? | 017932.docx | LEGALEASE-00160030-LEGALEASE-00160031 |
| Burton v. Nat'l Bank of Commerce of Dallas, 679 S.W.2d 115 | 156+52.10(1) | Waiver is a unilateral act performed solely by a party in whom a legally enforceable right exists; estoppel arises when his adversary acts in accordance therewith, to his detriment. | Is waiver a unilateral act? | Estoppel - Memo #224 - C - CSS_64622.docx | ROSS-003280641-ROSS-003280642 |
| Greater Wilmington Transp. Auth. v. Kline, 285 A.2d 819 | 183+2 | Granting of franchises to operate a public utility is an exercise of legislative function of the sovereign, which may be delegated by statute to a duly designated agency or commission. | Is granting of a franchise a legislative act? | 018492.docx | LEGALEASE-00159925-LEGALEASE-00159926 |
| Koester v. Weber, Cohn & Riley, 193 Ill. App. 3d 1045 | 307A+561.1 | Term "affirmative matter" within meaning of rule allowing involuntary dismissal of claims when they are barred by such affirmative matter included defenses that defeat cause of action completely. S.H.A. ch. 110, P 2-619(a)(9). | Does affirmative matter include defenses that defeat cause of action completely? | Pretrial Procedure - Memo 11139 - C - TM_64201.docx | ROSS-003283215 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| A.F.P. Enterprises v. Crescent Pork, 243 Ill. App. 3d 905 | 307A+680 | Although similar to summary judgment motion, motion to dismiss differs in that court may, in its discretion, decide questions of fact upon hearing of motion, but, in deciding merits of motion, trial court cannot determine disputed factual issues solely upon affidavits and counteraffidavits; if affidavits present disputed facts, parties must be afforded opportunity to have evidentiary hearing. Ill.Rev.Stat.1991, ch. 110, P 2-619. | Will a motion to dismiss be allowed if it cannot be determined with certainty that alleged defense exists? | Pretrial Procedure - Memo 11147 - C - TM_64209.docx | ROSS-003282568-ROSS-003282569 |
| Reid v. Spazio, 970 A.2d 176 | 307A+561.1 | Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate when deciding a motion to dismiss for failure to state a claim upon which relief can be granted. Chancery Court Rule 12(b)(6). | When will the dismissal of a complaint be considered inappropriate? | 039920.docx | LEGALEASE-00159573-LEGALEASE-00159574 |
| Anderson v. Beach, 386 Ill. App. 3d 246 | 307A+561.1 | A motion to dismiss based on certain defects or defenses concedes that the plaintiff's claim is legally sufficient but argues that defects or affirmative defenses defeat the claim. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss concede that plaintiff's claim is legally sufficient? | 039926.docx | LEGALEASE-00159593-LEGALEASE-00159594 |
| McCoy v. Martinez, 480 S.W.3d 420 | 307A+561.1 | Dismissal based on an affirmative defense may be appropriate if the petition clearly establishes on its face and without exception that the claim is barred. | When can a dismissal based on an affirmative defense be considered appropriate? | 039931.docx | LEGALEASE-00159601-LEGALEASE-00159602 |
| Ex parte Beck, 988 So. 2d 950 | 307A+561.1 | A trial court errs when it dismisses a case on the basis of an affirmative defense not asserted by the defendant. Rules Civ.Proc., Rule 8(c). | Can a court err when it dismisses a case on the basis of an affirmative defense not asserted by the defendant? | Pretrial Procedure - Memo 11404 - C - MS_64457.docx | ROSS-003283312-ROSS-003283313 |
| O'Halloran v. PricewaterhouseCoopers LLP, 969 So. 2d 1039 | 307A+561.1 | A complaint may be dismissed if its allegations show the existence of an affirmative defense to the claims asserted in the complaint. West's F.S.A. RCP Rule 1.110(d). | Can a complaint be dismissed if its allegations show the existence of an affirmative defense to the claims asserted in the complaint? | Pretrial Procedure - Memo 11410 - C - MS_64463.docx | ROSS-003279717-ROSS-003279718 |
| Licking v. Hays Lumber Co., 146 Neb. 240 | 371+3249 | An excise tax, using the term in its broad meaning as opposed to a property tax, includes taxes sometimes designated by statute as privilege taxes, license taxes, occupation taxes, and business taxes. | "Are occupation taxes and sales taxes ""excise taxes?"" | 046190.docx | LEGALEASE-00159744-LEGALEASE-00159745 |
| Anthony v. City of Omaha, 283 Neb. 868 | 371+3602 | A "sales tax" is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | "Is a ""sales tax"" a tax on the sale of tangible personal property?" | 046199.docx | LEGALEASE-00159762-LEGALEASE-00159763 |
| People v. Zieg, 841 P.2d 342 | 3.77E+25 | Menacing, whether misdemeanor or felony, is general intent crime that requires only that defendant be aware that his conduct is practically certain to cause result. West's C.R.S.A. SS 18-1-501(6), 18-3-206. | "Is ""menacing"" a general intent crime?" | 046900.docx | LEGALEASE-00160284-LEGALEASE-00160285 |
| Com. v. Elliffe, 47 Mass. App. Ct. 580 | 3.77E+10 | Elements of threatening a crime include an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat. | What are the elements of threatening a crime? | 046918.docx | LEGALEASE-00160300-LEGALEASE-00160301 |
| Kroncke v. Caddo Par. Sch. Bd., 183 So. 86 | 413+103 | An employee of a school board has a right and cause of action against the school board for compensation for injuries received while in the employ of the board, and it is immaterial whether the functions of the school board are entirely governmental or whether its business is hazardous or nonhazardous. Act No. 20 of 1914, as amended, LSA-R.S. 23:1021 et seq. | Can school employees have a right to compensation? | 048670.docx | LEGALEASE-00160182-LEGALEASE-00160183 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| I.N.S. v. Lopez-Mendoza, 468 U.S. 1032 | 24+330 | A deportation proceeding is a purely civil action to determine eligibility to remain in country, not to punish unlawful entry, though entering or remaining unlawfully in country is itself a crime. Immigration and Nationality Act, SS 262, 266, 275, 8 U.S.C.A. SS 1302, 1306, 1325. | Are deportation proceedings conducted to provide punishment for unlawful entry? | 006997.docx | LEGALEASE-00161257-LEGALEASE-00161258 |
| Guernsey v. Imperial Bank of Canada, 188 F. 300 | 8.30E+14 | The law of the place where commercial paper is payable governs the time and manner of presentment, demand and the protest, and notice of dishonor. | "When commercial paper is indorsed in one jurisdiction and is payable in another, which law governs the time and mode of presentment for payment?" | 009640.docx | LEGALEASE-00161239-LEGALEASE-00161240 |
| United States v. Lemons, 67 F. Supp. 985 | 8.30E+11 | The law of the state in which a check or negotiable instrument is executed determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | Which law determines the formal and essential validity of a check? | Bills and Notes -Memo 1374- JK_66277.docx | ROSS-003310041-ROSS-003310042 |
| People v. Prospect, 50 A.D.3d 1064 | 63+14 | Trial court's jury charge, in prosecution for, inter alia, second-degree bribe receiving, regarding that offense, was proper; charge was in accordance with the language in the pattern jury instructions. | Was the courts second degree bribery charge proper and in accordance with the language in the pattern jury instructions? | 012523.docx | LEGALEASE-00161493-LEGALEASE-00161494 |
| State v. Nunez, 129 N.M. 63 | 135H+25 | Civil forfeiture under the Controlled Substances Act is punishment for double-jeopardy purposes under the state constitution, and thus all forfeiture complaints and criminal charges for violations of the Act may both be brought only in a single, bifurcated proceeding. Const. Art. 2, S 15; NMSA 1978, SS 30-1-10, 30-31-34. | Is civil forfeiture under the Controlled Substances Act punishment for double-jeopardy purposes under the state constitution? | 014954.docx | LEGALEASE-00160560-LEGALEASE-00160561 |
| Nat'l Life Real Estate Holdings v. Scarlato, 2017 IL App (1st) 161943, 83 N.E.3d 44 | 156+52.10(2) | Waiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right; conversely, forfeiture is the failure to make the timely assertion of the right. | Does waiver arise from an affirmative act? | Estoppel - Memo 237 - C - CSS_65213.docx | ROSS-003294530-ROSS-003294531 |
| People v. Borriello, 155 Misc. 2d 261 | 360+18.87 | State regulation or statute is preempted by Federal Copyright Revision Act if right is equivalent to any of those exclusive rights within general scope of copyright provided by Act, and if state law applies to work of authorship within subject matter of copyright as defined in Act. 17 U.S.C.A. S 301. | Is state common law protection in fraudulent activities preempted under 17 USCA 301 if the subject matter comes within the federal copyright statute? | 018456.docx | LEGALEASE-00161892-LEGALEASE-00161893 |
| Burtchell v. Willey, 147 Me. 339 | 48A+168(8) | One driving an automobile in heavy fog has the right to proceed at a reasonable speed consistent with the existing conditions. | Will the driver of an automobile in heavy fog be held liable for negligence if he proceeds at a reasonable speed consistent with the existing conditions? | Highways - Memo 389 - RK_66319.docx | ROSS-003281165-ROSS-003281166 |
| State v. Muolo, 119 Conn. 323 | 200+80 | Abutting owner is presumed, in absence of contrary evidence, to own fee to center of highway, subject to an easement for public travel and such uses as are incident thereto. | Does an abutting owner have all the rights incompatible with a public easement? | Highways - Memo 398 - RK_66327.docx | ROSS-003279005-ROSS-003279007 |
| Barrett v. Hand, 158 Neb. 273 | 200+77(2) | A public highway, while being used as such, can only be vacated by county board in the manner prescribed by law, and a proper petition for such purpose is necessary. R.R.S.1943, SS 39-102, 39-105. | Is a proper petition necessary for vacating a public highway? | 018847.docx | LEGALEASE-00161741-LEGALEASE-00161742 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Farm Bureau Lumber Corp. v. State, for Use of Saline Cty., 211 Ark. 95 | 200+182 | Conviction for violation of statute prohibiting use of tractors, trucks, etc., having corrugated, spiked or other rough-surfaced metal tires, on improved hard-surfaced public highway without license, is not condition precedent to civil liability under same statute for damages caused by such violation, as criminal liability arises from such use of highway without authority irrespective of damage thereto. Pope's Dig. SS 7151, 7154. | Are spiked tires prohibited on a highway? | Highways - Memo 453 - RK_66353.docx | ROSS-003325544-ROSS-003325545 |
| Chamness v. Mays, 2014 IL App (5th) 130381 | 200+75 | An established public highway does not lose its character as a public road unless it is either vacated by the authorities in the manner prescribed by statute or abandoned. | Can a public highway lose its character as a public road? | Highways - Memo 471 - RK_66371.docx | ROSS-003295864-ROSS-003295865 |
| Phillips v. Bradshaw, 859 S.W.2d 232 | 307A+622 | Pleading which states no cause of action confers no subject matter jurisdiction on court and is subject to dismissal. | Can a pleading which states no cause of action confer subject matter jurisdiction on a court? | Pleading - Memo 612 - RMM_65797.docx | ROSS-003292526-ROSS-003292527 |
| St. Louis Univ. v. Hesselberg Drug Co., 35 S.W.3d 451 | 307A+561.1 | Sustaining a motion to dismiss based on an affirmative defense requires that the defense be irrefutably established by the pleadings. | Would a motion to dismiss be sustained based on an affirmative defense which requires that the defense be established by the pleadings? | 039962.docx | LEGALEASE-00160877-LEGALEASE-00160878 |
| Rabos v. R & R Bagels & Bakery, 100 A.D.3d 849 | 307A+695 | Standard on a motion for leave to replead, to defeat a motion to dismiss, is consistent with the standard governing motions for leave to amend, i.e., that motions for leave to amend pleadings should be freely granted absent prejudice or surprise to the opposing party, unless the proposed amendment is devoid of merit or palpably insufficient. McKinney's CPLR 3025, 3211(e). | Is the standard to be applied for granting a motion for leave to replead pursuant to a motion to dismiss consistent with the standard governing motions for leave to amend? | 040181.docx | LEGALEASE-00161355-LEGALEASE-00161356 |
| In re Gen. Motors Corp., 296 S.W.3d 813 | 307A+583 | Every court has power, in the absence of statutory prohibition, to dismiss a suit for want of prosecution. | "Does a court have the power, in the absence of statutory prohibition, to dismiss a suit for want of prosecution?" | Pretrial Procedure - Memo 11718 - C - NE_65435.docx | ROSS-003282837-ROSS-003282838 |
| Villarreal v. San Antonio Truck & Equip., 974 S.W.2d 275 | 307A+582 | In addition to the trial court's authority to dismiss a case for want of prosecution provided by the rules of civil procedure, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a court have inherent power to dismiss a case for want of prosecution? | 040459.docx | LEGALEASE-00161174-LEGALEASE-00161175 |
| Nall v. Woolfolk, 451 S.W.2d 389 | 307A+583 | Power of dismissal for want of prosecution is a power inherent in the courts and necessary to preserve the judicial process, and power exists independent of statute. CR 41.02. | Is the power of dismissal for want of prosecution an inherent power in the courts? | 040471.docx | LEGALEASE-00161221-LEGALEASE-00161222 |
| Farrell v. Greater Houston Transp. Co., 908 S.W.2d 1 | 307A+674 | Trial court has inherent powers to dismiss suit for want of prosecution and may do so on its own motion. | Does the trial court have inherent powers to dismiss suit for want of prosecution and do so on its own motion? | 040515.docx | LEGALEASE-00161381-LEGALEASE-00161382 |
| Brymerski v. City of Great Falls, 195 Mont. 428 | 307A+583 | It is within sound discretion of trial court to dismiss action for failure of plaintiff to prosecute. Rules Civ.Proc., Rule 41(b). | Does the decision to dismiss an action for failure to prosecute lie within the sound discretion of the trial court? | 040550.docx | LEGALEASE-00160911-LEGALEASE-00160912 |
| Evans v. Anderson, 78 Ill. 558 | 8.30E+10 | The existing laws of the state at the time of making a note therein form a portion of the contract, and the liability of the maker must be determined under them. | Does the existing law of a State form a portion of a contract? | Bills and Notes - Memo 1321 - RK_66224.docx | ROSS-003296913 |
| James v. Home Const. Co. of Mobile, 621 F.2d 727 | 172H+1581 | Truth in Lending Act creates a right of action for attorneys to seek fee awards after settlement of plaintiff's claim. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Does the Truth-in-Lending Act (TILA) create a right of action for attorneys to seek fee awards? | Consumer Credit - Memo 228 - RK_66297.docx | ROSS-003321644-ROSS-003321645 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Clark v. United States, 913 F. Supp. 441 | 135H+25 | Civil forfeiture may constitute punishment so as to invoke protection of double jeopardy clause. U.S.C.A. Const.Amend. 5. | Can civil forfeiture constitute punishment so as to invoke protection of a double jeopardy clause? | Double Jeopardy - Memo 110 - C - SB_65889.docx | ROSS-003322034-ROSS-003322035 |
| United States v. One 1989, 23 Foot, Wellcraft Motor Vessel, Puerto Rico Registration No. PR 2855GG, 910 F. Supp. 46 | 135H+25 | Civil forfeiture of drug proceeds is a remedial sanction that does not constitute punishment for double jeopardy purposes. U.S.C.A. Const.Amend. 5; Comprehensive Drug Abuse Prevention and Control Act of 1970, S 511(a)(6), 21 U.S.C.A. S 881(a)(6). | Is the civil forfeiture of drug proceeds not punishment for double jeopardy purposes? | Double Jeopardy - Memo 112 - C - BP_65891.docx | ROSS-003292718-ROSS-003292719 |
| United States v. One Parcel of Real Prop. with Bldgs., Appurtenances, & Improvements, 908 F. Supp. 1070 | 135H+25 | Double jeopardy clause is not limited to "life or limb" sanctions; clause also applies to imprisonment and monetary penalties. U.S.C.A. Const.Amend. 5. | "Is a double jeopardy clause is not limited to ""life or limb"" sanctions?" | Double Jeopardy - Memo 119 - C - BP.docx | LEGALEASE-00051781-LEGALEASE-00051782 |
| United States v. Blumberg, 903 F. Supp. 33 | 135H+25 | Jeopardy attaches in civil forfeiture proceeding when final judgment is entered, unless case goes to trial. U.S.C.A. Const.Amend. 5. | "Where a civil forfeiture case does not go to trial, does jeopardy attach at the time of final judgment?" | Double Jeopardy - Memo 122 - C - BP_65901.docx | ROSS-003282137-ROSS-003282138 |
| Oldham v. State, 5 S.W.3d 840 | 181+44(1) | Culpable mental state for offense of forgery requires proof of knowledge that instrument is forged, and if state proves that actor has knowledge that particular instrument is forged, proof of intent to defraud is inferred. V.T.C.A., Penal Code S 32.21(a). | "In the case of forgery, what does culpable mental state require?" | Forgery - Memo 58 - SNJ.docx | LEGALEASE-00051974-LEGALEASE-00051975 |
| Wood v. Phillips, 823 So.2d 648 | 289+421 | There is no settled test for determining the existence of a partnership; that determination is made by reviewing all the attendant circumstances, including the right to manage and control the business. | Can the existence of a partnership be determined by all the attendant circumstances? | 022686.docx | LEGALEASE-00162210-LEGALEASE-00162211 |
| Khan v. Valliani, 439 S.W.3d 528 | 307A+583 | A trial court has the inherent authority to manage its own docket and dismiss a case for want of prosecution. | Does a court have the inherent authority to manage its own docket and dismiss a case for want of prosecution? | Pretrial Procedure - Memo 11833 - C - DA_66117.docx | ROSS-003293699-ROSS-003293700 |
| Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So. 2d 178 | 307A+583 | Power to dismiss an action for want of prosecution is part of a trial court's inherent authority; this power is a means necessary to the orderly expedition of justice and the court's control of its own docket. | Is the power to dismiss an action for want of prosecution a part of a court's inherent authority? | Pretrial Procedure - Memo 11840 - C - DA_66445.docx | ROSS-003281220-ROSS-003281221 |
| Phillips Petroleum Co. v. Moore, 179 Kan. 482 | 371+2431 | The power of taxation is legislative in character, and all matters relating to the levy, assessment and collection of taxes are statutory and do not exist apart from statute. Const. art. 11, S 1. | Does the power of taxation still exist if it is apart from the statute? | 046354.docx | LEGALEASE-00161986-LEGALEASE-00161987 |
| Miller Bros. Co. v. State of Md., 347 U.S. 340 | 371+2008 | Visible territorial boundaries do not always establish the limits of a state's taxing power or jurisdiction, and if there is some jurisdictional fact or event to serve as a conductor, the reach of the state's taxing power may be carried to objects of taxation beyond its borders. | Do visible territorial boundaries establish the limits of a state's taxing power or jurisdiction? | 046397.docx | LEGALEASE-00162124-LEGALEASE-00162125 |
| Hutton v. State, 313 S.W.3d 902 | 3.77E+29 | Stalking statute's requirement that events occur "on more than one occasion" does not require the elapse of a particular or minimum interval of time. V.T.C.A., Penal Code S 42.072. | "For purposes of the stalking statutes requirement that events occur on more than one occasion, is a minimum amount of time required?" | 046959.docx | LEGALEASE-00162172-LEGALEASE-00162173 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Bologna Bros. v. Morrissey, 154 So. 2d 455 | 83E+433(1) | Every endorsement, accommodation or otherwise, is essentially original contract, equivalent to new note or bill in favor of holder, and accommodation paper is governed by same rules as other paper. | Is an endorsement considered an original contract? | Bills and Notes - Memo 1370 - RK_66271.docx | ROSS-003306107-ROSS-003306108 |
| Holck v. Laursen, 2002 WL 31309257 | 307A+699 | Failure to file a timely motion for reinstatement deprives the court of jurisdiction to reinstate a case that has been dismissed. Rules Civ.Proc., Rule 1.944(6). | Does failure to file a timely motion for reinstatement deprive the court of jurisdiction to reinstate a case that has been dismissed? | 040974.docx | LEGALEASE-00162721-LEGALEASE-00162722 |
| Gutierrez v. Williams, 60 A.D.2d 827 | 307A+699 | Affidavit of merit must allege evidentiary facts which establish a viable cause of action. | Should an affidavit of merit allege evidentiary facts which establish a viable cause of action? | 040992.docx | LEGALEASE-00162733-LEGALEASE-00162734 |
| Cookson v. Knauff, Pennsylvania Threshermen & Farmers Mut. Cas. Ins. Co., Intervenor, 157 Pa. Super. 401 | 413+186 | Under Workmen's Compensation Act, the terms "employer" and "employee" are synonymous with "master" and "servant". 77 P.S. SS 21, 22. | "Under the Workmens Compensation Act, are the terms employer and employee synonymous with master and servant?" | Workers' Compensation - Memo 729 - C - ANC_67096.docx | ROSS-003311064-ROSS-003311065 |
| Marshall v. Toys-R-Us Nytex, 825 S.W.2d 193 | 413+186 | Under Worker's Compensation Act, employer must provide employees with notice that employer has provided for payment of compensation for their injuries, and employer's compensation insurer is required to notify Industrial Accident Board that insurer has provided compensation coverage for employer. Vernon's Ann.Texas Civ.St. art. 8306, S 3. | "Under the Workers Compensation Act, must an employer provide employees with a notice that the employer has provided the payment of compensation for their injuries?" | 048749.docx | LEGALEASE-00162678-LEGALEASE-00162679 |
| Reeves v. Shinseki, 682 F.3d 988 | 34+132(2) | Any communication can qualify as an informal claim for veterans' benefits if it: (1) is in writing; (2) indicates an intent to apply for veterans' benefits; and (3) identifies the particular benefits sought. 38 C.F.R. S 3.155. | What communications will qualify as an informal claim for veterans' benefits? | 008834.docx | LEGALEASE-00163893-LEGALEASE-00163894 |
| United States v. Perry, 55 F.2d 819 | 34+73(3) | "Total disability," as applied to war risk insurance, does not mean incapacity to do any work, and question is not whether insured works, but whether he is able to carry on gainful occupation. | Does the term total and permanent disability mean that there is proof of absolute incapacity to do any work at all? | 008842.docx | LEGALEASE-00163908-LEGALEASE-00163909 |
| In re Miller, 114 F. 838 | 135+2 | "Domicile" is individual's permanent place of abode, where he need not be physically present, while "residence" is where he is physically present much of the time. | "Is ""domicile"" an individual's permanent place of abode, where he need not be physically present?" | 014561.docx | LEGALEASE-00164196-LEGALEASE-00164197 |
| United States v. Doyer, 907 F. Supp. 1519 | 135H+25 | For double jeopardy purposes, jeopardy attaches in civil forfeiture proceeding when evidence is first presented to the trier of fact. U.S.C.A. Const.Amend. 5. | Are forfeiture proceedings under the Uniform Controlled Substances Act criminal in nature and jeopardy attaches when evidence is first presented to the trier of fact? | 015087.docx | LEGALEASE-00163673-LEGALEASE-00163674 |
| United States v. Mask | 135H+25 | When a civil forfeiture proceeding is in personam in nature, imposition can violate the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "When a civil forfeiture proceeding is in personam in nature, can an imposition violate the Double Jeopardy Clause?" | 015120.docx | LEGALEASE-00163794-LEGALEASE-00163795 |
| Ortiz v. State, 849 S.W.2d 921 | 135H+97 | Exception to rule that, generally, prior jeopardy does not constitute bar to retrial when defendant consents to new trial, exists when governmental conduct, either by judge or prosecutor, is designed to goad defendant into moving for retrial; then, double jeopardy clause will bar reprosecution despite defendant's consent to new trial. U.S.C.A. Const.Amend. 5. | Does prior jeopardy not constitute a bar to retrial when a defendant consents to a new trial? | Double Jeopardy - Memo 314 - C - TJ_66608.docx | ROSS-003325591-ROSS-003325592 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Torres v. State, 614 S.W.2d 436 | 135H+96 | Consent to be retried need not be express but may be implied from totality of circumstances attendant to declaration of mistrial. U.S.C.A.Const. Amend. 5. | "Should a defendant's consent to mistrial not be expressed, but may be implied from the totality of circumstances attendant to the declaration of a mistrial?" | 015383.docx | LEGALEASE-00163127-LEGALEASE-00163128 |
| Jones v. State Bd. of Ed. Of & For State of Tenn., 279 F. Supp. 190 | 156+52.10(4) | Almost any right, constitutional and statutory, may be waived by the failure to make timely and specific objection. | Can almost any right be waived by failure to make a timely and specific objection? | 018244.docx | LEGALEASE-00163225-LEGALEASE-00163226 |
| People v. Beltran, 56 Cal. 4th 935 | 203+530 | The mens rea element required for murder is a state of mind constituting either express or implied malice; a person who kills without malice does not commit murder. West's Ann.Cal.Penal Code SS 187, 188. | "Is the mens rea required for murder malice, expressed or implied?" | 019405.docx | LEGALEASE-00164032-LEGALEASE-00164033 |
| Brenimer v. Cockburn, 254 F.2d 821 | 260+79.1(0.5) | An overriding royalty may be carved out of a working interest in an oil and gas lease and may be satisfied out of oil attributed to that working interest. | Can an overriding royalty be carved out of a working interest in an oil and gas lease? | Mines and Minerals - Memo 338 - C - ML_66663.docx | ROSS-003283491-ROSS-003283492 |
| Edmond v. City of Colorado Springs, 226 P.3d 1248 | 302+46 | A complaint must name a plaintiff and a defendant in order to present a claim that may be litigated. Rules Civ.Proc., Rule 10(a) . | "Should a complaint name a plaintiff and a defendant, in order to present a claim that may be litigated?" | 023953.docx | LEGALEASE-00163826-LEGALEASE-00163827 |
| Rabos v. R & R Bagels & Bakery, 100 A.D.3d 849 | 307A+695 | Standard on a motion for leave to replead, to defeat a motion to dismiss, is consistent with the standard governing motions for leave to amend, i.e., that motions for leave to amend pleadings should be freely granted absent prejudice or surprise to the opposing party, unless the proposed amendment is devoid of merit or palpably insufficient. McKinney's CPLR 3025, 3211(e). | "Is the standard on a motion for leave to replead, to defeat a motion to dismiss consistent with the standard governing motions for leave to amend?" | 040796.docx | LEGALEASE-00163847-LEGALEASE-00163848 |
| In re Parker, 363 B.R. 769 | 349A+10 | Determination of whether agreement is lease or sale on credit is made at time parties sign agreement. | Is the determination of whether an agreement is a lease or sale on credit made at a time parties sign agreement? | 042805.docx | LEGALEASE-00164016-LEGALEASE-00164017 |
| People v. Krawiec, 262 Ill. App. 3d 152 | 3.77E+06 | Aim of legislature in enacting stalking statute was not only to prevent violent attacks by outlawing those actions which serve as prelude to such attacks, but to prevent terror produced by harassing actions in and of themselves. S.H.A. 720 ILCS 5/12-7.3(a)(2). | What was the aim or intent of the legislature in enacting stalking statute? | 047023.docx | LEGALEASE-00163487-LEGALEASE-00163488 |
| Red Cross Line v. Atl. Fruit Co., 264 U.S. 109 | 95+127(2) | An agreement for arbitration is valid, even if it provides for the determination of liability, and, if executory, a breach will support an action for damages, or, if executed and the award has been made, effect will be given to the award in an appropriate proceeding at law or in equity. | Does a breach of an arbitration agreement support an action for damages if the agreement is executory? | 008047.docx | LEGALEASE-00165014-LEGALEASE-00165015 |
| State v. Davis, 160 Conn. App. 251 | 135H+30 | The principles of double jeopardy do not apply to sentence enhancement proceedings, and a defendant may be retried as a habitual offender. U.S.C.A. Const.Amend. 5. | Do double jeopardy principles apply to sentence enhancement proceedings? | 014987.docx | LEGALEASE-00164847-LEGALEASE-00164848 |
| United States v. Watson, 189 F.3d 496 | 350H+98 | Sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction; for this reason, a sentencing court may consider conduct of which a defendant has been acquitted as long as that conduct has been proven by a preponderance of the evidence. | Do sentencing enhancements increase defendant sentence because of manner in which he committed crime of conviction? | Double Jeopardy - Memo 1238 - C - NE_67375.docx | ROSS-003294643 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Montoya v. State, 386 P.3d 344 | 135H+1 | The double jeopardy provisions of federal and Wyoming constitutions provide an accused three protections: (1) protection against a second prosecution for the same offense following an acquittal; (2) protection against a second prosecution for the same offense after a conviction; and (3) protection against multiple punishments for the same offense. U.S. Const. Amend. 5; Wyo. Const. art. 1, S 11. | What protection would an accused receive through double jeopardy provision? | 016372.docx | LEGALEASE-00165141-LEGALEASE-00165142 |
| State v. Shaon, 145 S.W.3d 499 | 135H+1 | Constitutional protection provided by double jeopardy clause prohibits: (1) second prosecution for same offense after acquittal; (2) second prosecution for same offense after conviction; and (3) multiple punishments for same offense. U.S.C.A. Const.Amend. 5. | What protection does a double jeopardy clause provide? | Double Jeopardy - Memo 849 - C - PC_67638.docx | ROSS-003293281-ROSS-003293282 |
| State v. Roberts, 119 Ohio St. 3d 294 | 135H+59 | Double jeopardy protections attach only when a jury is impaneled and sworn, or, in a bench trial, when the judge begins to receive evidence. U.S.C.A. Const.Amend. 5; K.S.A. Const.Bill of Rights, S 10. | Does the jeopardy attach when the judge begins to receive evidence in a bench trial? | 016651.docx | LEGALEASE-00165109-LEGALEASE-00165110 |
| State Farm Ins. Co. v. Lofstad, 278 A.D.2d 224 | 156+53 | Innocent misleading of another party may estop one from claiming the benefits of his or her deception. | Can an innocent misleading of another party estop one from claiming the benefits of his deception? | 018256.docx | LEGALEASE-00164405-LEGALEASE-00164406 |
| One Beacon Ins. Co. v. Old Williamsburg Candle Corp., 386 F. Supp. 2d 394 | 156+53 | Under New York law, an innocent misleading of another party, as well as deliberate misleading, may estop one from claiming the benefits of his or her deception. | Can an innocent misleading of another party estop one from claiming the benefits of his deception? | Estoppel - Memo 306 - C - CSS.docx | LEGALEASE-00054394-LEGALEASE-00054395 |
| Gaylord v. C.I.R., 153 F.2d 408 | 156+95 | A person knowing the facts, or in a position to know them, cannot claim benefit of estoppel, and to constitute estoppel there must be a misrepresentation of a fact or a wrongful misleading silence with respect to a fact. | Can a party knowing the facts claim the benefit of estoppel? | 018285.docx | LEGALEASE-00164443-LEGALEASE-00164444 |
| State v. Martin, 505 S.W.3d 492 | 135H+1 | Three fundamental principles underlie the prohibition against double jeopardy: (1) protection against a second prosecution after an acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense. U.S. Const. Amend. 5; Tenn. Const. art. 1, S 10. | What are the fundamental principles that underlie double jeopardy? | Pretrial Procedure - Memo 12192 - C - AC_67286.docx | ROSS-003281251 |
| Namelo v. Broyles, 33 Kan. App. 2d 349 | 307A+583 | A district court's authority to dismiss a case for lack of prosecution is not limited by a defendant's motion to dismiss. Rules Civ.Proc., K.S.A. 60-241(b)(1). | Is a court's authority to dismiss a case for lack of prosecution limited by a defendant's motion to dismiss? | 041066.docx | LEGALEASE-00164559-LEGALEASE-00164560 |
| Allen v. Rushing, 129 S.W.3d 226 | 307A+583 | Trial courts have inherent and express authority to dismiss cases for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the trial court have the inherent authority to dismiss any case before it for want of prosecution? | Pretrial Procedure - Memo 12209 - C - PC.docx | LEGALEASE-00054615-LEGALEASE-00054616 |
| Sweed v. City of El Paso, 139 S.W.3d 450 | 307A+583 | Trial courts have inherent power to dismiss cases for want of prosecution, and courts have express authority to do so under rule providing that a case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a trial court have the inherent power to dismiss cases for want of prosecution? | Pretrial Procedure - Memo 12210 - C - PC_67304.docx | ROSS-003296732 |
| Osagie v. Peakload Temp. Services, 91 S.W.3d 326 | 307A+583 | Trial court's decision to dismiss case for failure to prosecute is within its sound discretion. Rules Civ.Proc., Rule 41.02. | Is a court's decision to dismiss case for failure to prosecute within its sound discretion? | 041089.docx | LEGALEASE-00164890-LEGALEASE-00164891 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Martin, 102 N.J.L. 388, 400, 132 A. 93, 98 (1926) | 352H+76 | Causing and intent to cause "bodily harm" are not essential elements of second-degree sexual assault, but rather, they are permissive elements which may, but need not be, proved in order to convict. W.S.A. 940.225(2)(a). | Is bodily injury an element of sexual assault? | 043151.docx | LEGALEASE-00164912-LEGALEASE-00164913 |
| Sacramento Mun. Util. Dist. v. County of Sonoma, 1 Cal. Rptr. 2d 99 | 371+2311 | Public ownership of property alone confers exemption from property taxation under State Constitution; exemption is not conditioned on use of property exclusively for governmental purposes. West's Ann.Cal. Const. Art. 13, S 3(a, b). | Does public ownership alone confer the exemption for taxation of public property? | 046435.docx | LEGALEASE-00164531-LEGALEASE-00164532 |
| Caughman v. Columbia Y.M.C.A., 212 S.C. 337 | 413+186 | The definitions of "employer" contained in the compensation acts, or statements as to who shall be deemed employers, should be liberally construed in order to effectuate the purpose of the legislation. | How should the definition of employer in the compensation acts be construed? | 048569.docx | LEGALEASE-00164617-LEGALEASE-00164618 |
| Ex parte Necessary, 333 S.W.3d 782 | 135H+59 | Jeopardy attaches in a jury trial when the jury is empaneled and sworn, or, in the case of a bench trial, when the defendant pleads to the indictment. U.S.C.A. Const.Amend. 5. | Will jeopardy attach in case of bench trial when the defendant pleads to the indictment? | Double Jeopardy - Memo 1033 - C - KI_67855.docx | ROSS-003281530-ROSS-003281531 |
| Kopp v. Fischer, 811 F. Supp. 2d 696 | 135H+59 | In a nonjury trial, jeopardy does not attach until the court begins to hear evidence from which a factual determination of guilt or innocence can be made. U.S.C.A. Const.Amend. 5. | Does jeopardy attach when the court begins to hear evidence? | Double Jeopardy - Memo 1038 - C - KI_67860.docx | ROSS-003278481-ROSS-003278482 |
| State v. Bainter, 2006 WL 1527131 | 230+148(1) | Swearing a jury is not a mere formality; jeopardy attaches when a jury is empaneled and sworn, and double jeopardy protection may be applicable thereafter. U.S.C.A. Const.Amend. 5. | Will double jeopardy be applicable when swearing a jury and jeopardy attaches? | 014710.docx | LEGALEASE-00165730-LEGALEASE-00165731 |
| People v. Douglas, 24 A.D.3d 1019 | 135H+59 | Because no witness was ever sworn during the stipulated-fact, "nonjury trial" on charge of burglary in the third degree, defendant was not "prosecuted for an offense" and, thus, jeopardy did not attach. U.S.C.A. Const.Amend. 5; McKinney's CPL S 40.30. | Will jeopardy attach when no witness was ever sworn during the stipulated-fact? | Double Jeopardy - Memo 1055 - C - BP_67877.docx | ROSS-003285073-ROSS-003285074 |
| Stanley v. State, 687 So. 2d 19 | 135H+59 | Constitutional prohibition against double jeopardy prevents state from nol prossing and refiling criminal charge after jury has been sworn. U.S.C.A. Const.Amend. 5. | Will constitutional prohibition against double jeopardy prevent state from nolprossing and refiling charge? | 014803.docx | LEGALEASE-00166054-LEGALEASE-00166055 |
| State v. Duplechin, 922 So. 2d 655 | 135H+30 | Enhancement proceedings such as habitual offender adjudications are generally not subject to double jeopardy considerations. | Are enhancement proceedings such as habitual offender adjudications not subject to double jeopardy considerations? | Double Jeopardy - Memo 1184 - C - BP_67747.docx | ROSS-003280782-ROSS-003280783 |
| United States v. Frayer, 9 F.3d 1367 | 135H+132.1 | Double jeopardy bar applies only to prosecutions or convictions that cannot survive "same elements" test, which inquires whether each offense contains element not contained in the other; if so, they are not same offense and double jeopardy clause does not bar additional punishment and subsequent prosecution. U.S.C.A. Const.Amends. 5, 14. | Does double jeopardy bar a subsequent prosecution? | 016175.docx | LEGALEASE-00165928-LEGALEASE-00165929 |
| Bullard v. Estelle, 665 F.2d 1347 | 135H+100.1 | Acquittal of defendant creates what is, in most instances, absolute prohibition against retrial under double jeopardy clause. U.S.C.A. Const.Amend. 5. | Does an acquittal of a defendant create absolute prohibition against retrial under a double jeopardy clause? | 016312.docx | LEGALEASE-00165637-LEGALEASE-00165638 |
| State v. Fowler, 197 N.C. App. 1 | 135H+1 | The principle of double jeopardy, or former jeopardy, benefits the government by guaranteeing finality to decisions of a court and of the appellate system, thus promoting public confidence in and stability of the legal system. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19. | How does the principle of double jeopardy benefit the government? | 016513.docx | LEGALEASE-00165331-LEGALEASE-00165332 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Howell, 158 N.H. 717 | 135H+1 | In general, the Double Jeopardy Clause provides that a defendant may not be twice placed in jeopardy for the same offense. Const. Pt. 1, Art. 16. | Does the Double Jeopardy Clause provide that a defendant may not be twice placed in jeopardy for the same offense? | Double Jeopardy - Memo 917 - C - SHB_67706.docx | ROSS-003279164-ROSS-003279165 |
| State v. Nommensen, 305 Wis. 2d 695 | 135H+1 | The double jeopardy clause protects in three areas: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; W.S.A. Const. Art. 1, S 8. | What are the three areas protected by the double jeopardy clause? | 016563.docx | LEGALEASE-00165381-LEGALEASE-00165382 |
| Calamari v. Drammis, 286 Ill. App. 3d 420 | 302+236(1) | Whether to allow amendment to complaint is within sound discretion of circuit court, and court does not abuse that discretion in denying party leave to amend pleading if that amendment will not cure defects in original pleading. | Is the decision of the circuit court to grant or deny a party leave to amend its pleadings within its sound discretion? | 040804.docx | LEGALEASE-00166072-LEGALEASE-00166073 |
| Boca Burger v. Forum, 912 So. 2d 561 | 302+231 | The filing of a motion to dismiss does not terminate a plaintiff's absolute right to amend the complaint once as a matter of course. West's F.S.A. RCP Rule 1.190(a). | Does the filing of a motion to dismiss not end the plaintiff's absolute right to amend the complaint once? | Pretrial Procedure - Memo 12024 - C - TM_68448.docx | ROSS-003305908-ROSS-003305909 |
| In re Wade, 501 B.R. 870 | 349A+10 | Under Kansas law, lessee's furniture and television leases were true leases, rather than security interests, since leases could be cancelled at any time by lessee surrendering or returning the property without penalty. Kan. Stat. Ann. S 84-1-203(b). | Can leases be cancelled at any time by a lessee surrendering or returning the property without penalty? | 042689.docx | LEGALEASE-00165710-LEGALEASE-00165711 |
| State v. S.L.D., 997 So. 2d 759 | 336H+401 | A habitual offender sentencing proceeding is not a trial, and legal principles such as res judicata, double jeopardy, the right to a jury trial, and the like do not apply. U.S.C.A. Const.Amend. 5. | Is a habitual offender sentencing proceeding a trial? | 014898.docx | LEGALEASE-00166224-LEGALEASE-00166225 |
| People v. Trotter, 371 Ill. App. 3d 869 | 135H+100.1 | Following a general acquittal, a criminal case ends, and a defendant who has been acquitted and declared not guilty may not be retried on the same offense. U.S.C.A. Const.Amend. 5. | Can a defendant who has been acquitted and declared not guilty not be retried on the same offense and his verdict cannot be reviewed? | 015687.docx | LEGALEASE-00166409-LEGALEASE-00166410 |
| Neff v. State, 915 N.E.2d 1026 | 135H+100.1 | An acquittal is a ruling that actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged. | Is an acquittal a ruling that actually represents a resolution of some or all of the factual elements of the offense charged? | 015885.docx | LEGALEASE-00166248-LEGALEASE-00166249 |
| David v. Hett, 293 Kan. 679 | 13+27(1) | Whether a claim sounds in tort or contract is determined by the nature and substance of the facts alleged in the pleadings. | "Is the nature of a claim, whether it sounds in tort or contracts, determined from the pleadings?" | Action - Memo 978 - C _1T2N3-a_KEn_YPnfY0ONCvA1WWDW8cpSj.docx | ROSS-000000080-ROSS-000000081 |
| United States v. Ruiz, 59 F.3d 1151 | 110+772(6) | Criminal defendant has right to have jury instructed on her theory of defense, separate and apart from instructions given on elements of charged offense. | Does a defendant have the right to a theory of defense that explains their intent to be included in bribery jury instruction? | Bribery - Memo 1139 - C - AV.docx | LEGALEASE-00056198-LEGALEASE-00056199 |
| People v. Demes, 220 Cal. App. 2d 423 | 135H+95.1 | Double jeopardy defense is not available if a jury is discharged prior to verdict for some recognized proper cause. | Is the double jeopardy defense not available if a jury is discharged prior to a verdict for some recognized proper cause? | 015833.docx | LEGALEASE-00166603-LEGALEASE-00166604 |
| Watson v. City of Orangeburg, 229 S.C. 367 | 371+2003 | Taxes can be assessed and collected only under statutory authority, since power of taxation, being an attribute of sovereignty, has been vested in legislature, subject to constitutional restrictions. Code 1952, SS 47-241, 47-253, 65-2701 et seq.; Const. art. 8, S 8. | Can the legislature delegate the authority to assess and collect taxes to a city? | 046595.docx | LEGALEASE-00166635-LEGALEASE-00166636 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Campbell v. Area Vocational Tech. Sch. No. 2, 183 Neb. 318 | 1.41E+91 | Legislature has power to provide for administration of school district by appointive rather than elective boards and to authorize such appointive board to levy taxes. | Does the legislature have power to provide for administration of school district? | Taxation - Memo 1358 - C - AB_68552.docx | ROSS-003296708-ROSS-003296709 |
| People ex rel. Tuohy v. City of Chicago, 399 Ill. 551 | 268+1.1 | The constitutional provision that municipal corporations "may" be vested with authority to assess and collect taxes is permissive, and taxing power is not a prerequisite to existence of municipal corporation. S.H.A. Const. art 9, S 9. | Can the Legislature vest the power to assess and collect taxes in any municipal corporation other than the one for whose corporate purpose the tax is to be levied? | Taxation - Memo 1359 - C - SD.docx | LEGALEASE-00056730-LEGALEASE-00056731 |
| Florida-Georgia Chem. Co. v. Nat'l Labs., 153 So. 2d 752 | 308+39 | Revocation of agency becomes operative as to agent from time he has actual notice thereof, but notice to third parties will not effect revocation as to agent. | Does revocation of agency become operative from the time the agent has actual notice? | 041402.docx | LEGALEASE-00167343-LEGALEASE-00167344 |
| Monterey Bay Military Hous. v. Pinnacle Monterey LLC, 116 F. Supp. 3d 1010 | 308+33 | Under California law, the statutory power of a principal to revoke an agency is independent and distinguishable from a contractual right to terminate that relationship. Cal. Civ. Code S 2356. | Is the statutory power of a principal to revoke an agency independent from a contractual right? | 041412.docx | LEGALEASE-00167345-LEGALEASE-00167346 |
| United States v. Heineman, 767 F.3d 970 | 92+1831 | First Amendment required government to prove, in any "true-threat" prosecution, that defendant intended the recipient of speech to feel threatened. U.S.C.A. Const.Amend. 1. | "What does the First Amendment require the government to prove in any ""true-threat"" prosecution?" | Threats - Memo #68 - C - LB_61636.docx | ROSS-003283568-ROSS-003283569 |
| Com. v. McDonald, 462 Mass. 236 | 3.77E+25 | Conduct is wilful for purposes of criminal harassment when the actor intends both the conduct and its harmful consequences and may be wilful and malicious although its harmful consequences are neither substantial nor highly likely. M.G.L.A. c. 265, S 43A(a). | "When is conduct ""willfull"" for the purposes of criminal harassment?" | 046796.docx | LEGALEASE-00167366-LEGALEASE-00167367 |
| Com. v. Sholley, 432 Mass. 721 | 3.77E+11 | "Threat," as element of offense of threatening to commit a crime, must be made in circumstances that would reasonably justify apprehension on the part of an ordinary person. M.G.L.A. c. 275, S 2. | "Under what circumstances must a ""threat,"" as an element of the offense of threatening to commit a crime, be made?" | "Threats, Stalking and Harassment - Memo #139 - C - LB_63317.docx" | ROSS-003279550-ROSS-003279551 |
| Alemayehu v. Abere, 199 F. Supp. 3d 74 | 9+1 | An accounting is a detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation; such relief may be appropriate when a plaintiff is unable to determine how much, if any, money is due him from another. | What is accounting? | 01786.docx | LEGALEASE-00077060-LEGALEASE-00077061 |
| Matapos Tech. Ltd. v. Compania Andina de Comercio Ltda, 68 A.D.3d 672 | 21+13.1 | The absence of a certification of foreign affidavits is a mere irregularity, and not a fatal defect. McKinney's CPLR 2309(c); McKinney's Real Property Law S 299-a. | Is the absence of a certificate of conformity for a foreign affidavit a fatal defect? | 07311.docx | LEGALEASE-00077628-LEGALEASE-00077629 |
| Erlandson v. Erskine, 76 Mont. 537 | 83E+489 | Assignee of nonnegotiable note takes subject to existing defenses in favor of maker, and to cut off subsequent defenses such as payment or release notice is necessary, in view of Rev.Codes 1921, SS 8772, 9068. | Does the assignee stand on the same footing with regard to the equities and defenses available to the maker? | 07359.docx | LEGALEASE-00077630-LEGALEASE-00077632 |
| Fleming v. Fleming, 141 Ga. App. 51 | 21+16 | Since, by definition, an "affidavit" is a statement of fact confirmed by oath, it cannot be enlarged or amended by adding other statements without verification. | Can an affidavit be enlarged or amended by adding other statements without verification? | 04997.docx | LEGALEASE-00078093-LEGALEASE-00078094 |
| People v. Nesseth, 127 Cal. App. 2d 712 | 181+10 | Alteration of a document without authority with intent to defraud, so as to constitute forgery, may consist of the insertion of matter in the document in question after it has been signed. West's Ann.Pen.Code, S 470. | Does alteration of a document without authority amount to forgery? | 05015.docx | LEGALEASE-00078107-LEGALEASE-00078108 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gable v. Raftery, 65 N.Y.S.2d 513 | 277+12 | Persons notified of an action or proceeding in which they are directly interested may be required to exercise reasonable diligence to protect their interests. | What is required from a person who is notified of an action or proceeding in which he is directly interested? | 05024.docx | LEGALEASE-00078111-LEGALEASE-00078112 |
| Complaint of Valley Towing Services, 629 F. Supp. 139 | 16+1(2) | Admiralty is essentially the law of equity, and courts are privileged to exercise flexibility and award what is fair; hands of court are not tied by the rigidity of common law. | Does an admiralty court have the privilege to exercise flexibility? | 04285.docx | LEGALEASE-00078200-LEGALEASE-00078201 |
| Dep't of Revenue of Montana v. Kurth Ranch, 511 U.S. 767 | 180+23(1) | Criminal fines, civil penalties, civil forfeitures, and taxes all are sanctions subject to constitutional constraints. | "Are criminal fines, civil penalties, civil forfeitures, and taxes subject to constitutional constraints? " | 06357.docx | LEGALEASE-00078363-LEGALEASE-00078365 |
| State v. Union Tank Car Co., 439 So. 2d 377 | 1.49E+08 | Environmental legislation is not exempt from due process requirement of definiteness, especially where serious criminal sanctions are involved. LSA-Const. Art. 1, SS 13, 16; U.S.C.A. Const.Amend. 14. | Is the environmental legislation exempt from the due process requirement of definiteness? | Environmental Law - Memo 14 - ANG.docx | ROSS-003301322-ROSS-003301323 |
| Dep't of Revenue of Montana v. Kurth Ranch, 511 U.S. 767 | 180+23(1) | Criminal fines, civil penalties, civil forfeitures, and taxes all are sanctions subject to constitutional constraints. | "Are criminal fines, civil penalties, civil forfeitures, and taxes subject to constitutional constraints?" | 05510.docx | LEGALEASE-00078494-LEGALEASE-00078496 |
| In re Mississippi Valley Livestock, 745 F.3d 299 | 50+1 | Although bailment takes many forms, the characteristics common to every bailment under Illinois law are the intent to create a bailment, delivery of possession of the bailed items, and the acceptance of the items by the bailee. | Does a creation of a bailment require intent to create a bailment? | 06662.docx | LEGALEASE-00079152-LEGALEASE-00079154 |
| In re Siegal, 190 B.R. 639 | 289+946 | Although "dissolution" does not mean termination of partnership or cessation of its business, because partnership is consensual and because general partner is agent for partnership and derivatively for other partners, dissolution terminates departing partner's power to act for partnership and to participate in further managerial decisions. | Does dissolution end the partnership? | 00795.docx | LEGALEASE-00081566-LEGALEASE-00081567 |
| Maryland Cas. Co. v. Nationwide Mut. Ins. Co., 81 Cal. App. 4th 1082 | 217+3513(3) | "Equitable subrogation" allows an insurer who paid coverage or defense costs to be placed in the insured's position to pursue a full recovery from another insurer who was primarily responsible for the loss. | What is the aim of equitable subrogation? | 07785.docx | LEGALEASE-00081902-LEGALEASE-00081904 |
| Maryland Cas. Co. v. Nationwide Mut. Ins. Co., 81 Cal. App. 4th 1082 | 217+3513(3) | "Equitable subrogation" allows an insurer who paid coverage or defense costs to be placed in the insured's position to pursue a full recovery from another insurer who was primarily responsible for the loss. | What is the aim of equitable subrogation? | 06510.docx | LEGALEASE-00081932-LEGALEASE-00081934 |
| AJJ Enterprises, LLP v. Jean-Charles, 160 Conn. App. 375 | 366+2 | Subrogation is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter. | What is subrogation intended to do? | 14757.docx | LEGALEASE-00081979-LEGALEASE-00081981 |
| Maryland Cas. Co. v. Nationwide Mut. Ins. Co., 81 Cal. App. 4th 1082 | 217+3513(3) | "Equitable subrogation" allows an insurer who paid coverage or defense costs to be placed in the insured's position to pursue a full recovery from another insurer who was primarily responsible for the loss. | What is the aim of equitable subrogation? | 14766.docx | LEGALEASE-00081982-LEGALEASE-00081984 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Meas v. State Farm Fire & Cas. Co., 130 Wash. App. 527 | 366+1 | Subrogation has two features: the right to reimbursement and the mechanism for the enforcement of that right, which may arise by operation of law, termed "legal" or "equitable" subrogation, or by contract, called "conventional" subrogation. | What are the features to subrogation? | 05084.docx | LEGALEASE-00083730-LEGALEASE-00083731 |
| R.S.B. Ventures v. Berlowitz, 211 So. 3d 259 | 13+61 | Rule stating that, since redressable harm is not established until final judgment is rendered, a legal malpractice claim is hypothetical and damages are speculative until the underlying action is concluded with an adverse outcome to the client merely establishes a bright line for establishing when the client has suffered some loss as a consequence of the attorney's negligence; it does not require that there be a determination of the full extent of all losses suffered by the client due to the lawyer's negligence. | Should there be a determination of the full extent of all losses suffered by the client due to the lawyer's negligence? | 05666.docx | LEGALEASE-00084988-LEGALEASE-00084989 |
| City of Santa Barbara v. Superior Court, 41 Cal. 4th 747 | 272+233 | "Ordinary negligence," an unintentional tort, consists of a failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm. | What is Ordinary Negligence? | 05841.docx | LEGALEASE-00089238-LEGALEASE-00089239 |
| Williams v. Christian, 335 So. 2d 358 | 63+1(1) | Elements of offense of bribery are: knowledge on part of accused of official capacity of person to whom bribe is offered; offering of thing of value; and intent to influence official action of person to whom bribe is offered. West's F.S.A. S 838.012. | What are the elements of the offense of bribery? | 10790.docx | LEGALEASE-00094444-LEGALEASE-00094445 |
| Yeager v. Yeager, 228 N.C. App. 562 | 307A+552 | Because a moot claim is not justiciable, and a trial court does not have subject matter jurisdiction over a non-justiciable claim, mootness is properly raised through a motion to dismiss for lack of subject matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1), West's N.C.G.S.A. S 1A-1. | Does the court have subject matter jurisdiction over a non-justiciable claim? | 10882.docx | LEGALEASE-00094587-LEGALEASE-00094588 |
| Caruthers v. State, 58 N.E.3d 207 | 307A+581 | It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so. Trial Procedure Rule 41(E). | is it the duty of the trial court to contact a counsel and urge or require him to go to trial? | 11000.docx | LEGALEASE-00094769-LEGALEASE-00094770 |
| Williams v. Christian, 335 So. 2d 358 | 63+1(1) | Elements of offense of bribery are: knowledge on part of accused of official capacity of person to whom bribe is offered; offering of thing of value; and intent to influence official action of person to whom bribe is offered. West's F.S.A. S 838.012. | What are the elements of the offense of bribery? | 09974.docx | LEGALEASE-00094880-LEGALEASE-00094881 |
| In re Scarlett Z.-D., 2015 IL 117904 | 134+10 | Lack of standing under the Marriage and Dissolution of Marriage Act is an affirmative defense that is forfeited unless raised in a motion to dismiss during the time of the pleadings. S.H.A. 750 ILCS 5/601(b)(2). | Can lack of standing be raised in a motion to dismiss based upon certain defects or defenses? | 10513.docx | LEGALEASE-00095258-LEGALEASE-00095259 |
| City of Baton Rouge/Par. of E. Baton Rouge v. Smuggy's Corp., 156 So. 3d 202 | 13+70 | A party takes a step in the prosecution or defense of a suit, as would preclude a finding of abandonment, when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. (Per Crain, J., with two judges concurring in result.) LSA-C.C.P. art. 561. | "Is a proper mail of discovery request to another party, a step that can preclude a dismissal for abandonment?" | 10363.docx | LEGALEASE-00095423-LEGALEASE-00095424 |
| Estate of Paulk v. Lott, 217 So. 3d 747 | 307A+581 | The threshold question in determining whether to dismiss for failure to prosecute is whether there is a clear record of delay or contumacious conduct by the plaintiff. | Is the central question whether there is a clear record of delay or contumacious conduct by the plaintiff in determining whether to dismiss a lawsuit? | 10174.docx | LEGALEASE-00095608-LEGALEASE-00095609 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wilson v. Molda, 396 Ill. App. 3d 100 | 307A+561.1 | For a motion to be properly brought under statute governing involuntary dismissal based on certain defects or defenses, the motion must be filed within the time for pleading, and must concern one of nine listed grounds. S.H.A. 735 ILCS 5/2-619. | What are the factors involved for a motion to dismiss to be properly filed? | 09788.docx | LEGALEASE-00096353-LEGALEASE-00096354 |
| O.S.G. by L.G. v. G.B., Jr., 805 S.W.2d 704 | 307A+581 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only the length of the delay but attendant circumstances. | What should the court consider in determining whether to dismiss for want of prosecution? | 05328.docx | LEGALEASE-00096680-LEGALEASE-00096681 |
| Morton Grove Park Dist. v. Am. Nat. Bank & Tr. Co., 78 Ill. 2d 353 | 148+1 | Law by which loss by condemnation is occasioned is no act of owner of property but act of government that owner has no power to repeal or modify so as to avoid loss. U.S.C.A.Const. Amends. 5, 14. | Does the owner have power to repeal or modify condemnation to avoid loss? | 001257.docx | LEGALEASE-00118334-LEGALEASE-00118335 |
| Caltabiano v. L & L Real Estate Holdings II, 128 Conn. App. 84 | 30+154(2) | If the allegations in a complaint filed subsequent to one that has been stricken are not materially different than those in the earlier, stricken complaint, the party bringing the subsequent complaint cannot be heard to appeal from the action of the trial court striking the subsequent complaint. | What are the options available to the plaintiff after a grant of motion to strike by the court? | 008167.docx | LEGALEASE-00122062-LEGALEASE-00122063 |
| United States v. Louisiana, 470 U.S. 93 | 405+2652 | An "historic bay" is a bay over which a coastal nation has traditionally asserted and maintained dominion with acquiescence of foreign nations. | Are historic baybays over which a coastal nation has traditionally asserted and maintained dominion with the acquiescence of foreign nations? | 019945.docx | LEGALEASE-00122719-LEGALEASE-00122720 |
| Moore v. Serafin, 163 Conn. 1 | 212+1037 | The granting of injunctive relief in each case is within sound discretion of trial court exercised according to recognized principles of equity. | Should an injunction ordinarily issued in the sound discretion of the court be granted on the basis of the situation as it exists at the time of trial? | 006293.docx | LEGALEASE-00127983-LEGALEASE-00127985 |
| Even v. Clifford, 287 F. Supp. 334 | 34+1 | Power of Congress to preserve efficiency of armed forces is not limited by absence of military emergency. U.S.C.A.Const. art. 1, S 8. | Is the power of congress to preserve the efficiency of the armed forces limited by the absence of a military emergency? | 008305.docx | LEGALEASE-00128595-LEGALEASE-00128596 |
| Aranda v. Indus. Comm'n of Arizona, 195 Ariz. 403 | 413+1 | Although workers' compensation payments are property, they are not fundamental rights in the sense of the Constitution but statutory benefits provided by and to the extent of the legislation. U.S.C.A. Const.Amend. 14. | Is the right to workers compensation a fundamental right under the constitution? | 047745.docx | LEGALEASE-00128751-LEGALEASE-00128753 |
| In re Richmond, 534 B.R. 479 | 266+711 | Under Maine law, unlike a note, a mortgage, is not a negotiable instrument, and therefore, possession alone, without proof of all assignments, is insufficient to establish standing in a foreclosure action. | Is a mortgage a negotiable instrument? | 009311.docx | LEGALEASE-00128988-LEGALEASE-00128989 |
| Watkins v. Fairfax Cty. Dep't of Family Servs., 42 Va. App. 760 | 30+422 | Notice, in and of itself, that an appeal has been taken is insufficient to confer an appellate court with jurisdiction over the indispensable party against whom no appeal has been properly perfected. West's V.C.A. SS 8.01-675.3, 17.1-407, 17.1-408; Sup.Ct.Rules, Rule 5A:16(a). | Does an appellate court acquire jurisdiction over an appeal if a party fails to properly perfect it? | 008175.docx | LEGALEASE-00129057-LEGALEASE-00129058 |
| Conte v. Conte, 45 Conn. App. 235 | 30+5 | Where nonparty is aggrieved by ruling made in the context of ongoing action, that person's remedy is by writ of error rather than by appeal. | What remedy is available to a nonparty who is aggrieved by a ruling made in context of an on-going action? | 008217.docx | LEGALEASE-00129099-LEGALEASE-00129100 |
| Peterson v. McCawley, 135 Idaho 282 | 307A+747.1 | Rule governing scheduling of pretrial conferences empowers trial courts to fashion pretrial orders for efficient case management. Rules Civ.Proc., Rule 16(a). | re trial courts empowered to fashion pretrial orders for efficient case management? | 026342.docx | LEGALEASE-00130050-LEGALEASE-00130051 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Meyers v. Ackerlund, 224 Ill. App. 417 | 307A+501 | If a plaintiff is present and does not want to proceed with the prosecution of the case, he must elect either to suffer a nonsuit or the case should go to the jury. | "f a plaintiff does not want to proceed with the prosecution of the case, should he suffer a nonsuit or should the case go to the jury?" | 026346.docx | LEGALEASE-00130071-LEGALEASE-00130072 |
| Nat'l Bank of Commerce v. Jupiter Mortg. Corp., 890 So. 2d 553 | 307A+501 | Rule governing dropping parties is appropriate vehicle to drop a party where plaintiff intends to dismiss only one of several parties; however, if there is only one defendant or if plaintiff intends to dismiss action as to all defendants, operative rule is rule governing voluntary dismissal by parties. West's F.S.A. RCP Rules 1.250(b), 1.420(a)(1). | Is there a rule to drop a party where a plaintiff intends to dismiss only one of several parties? | 026158.docx | LEGALEASE-00130404-LEGALEASE-00130405 |
| Siegel v. Kepa Homes Corp., 2000 Mass. App. Div. 170 | 363+17(1) | Trial should be confined to the issues disclosed in a pretrial report, and the admissions or stipulations of counsel in pretrial conferences and memoranda are binding on the parties. Rules Civ.Proc., Rule 16, 43A M.G.L.A. | Should trial be confined to the issues disclosed in a pretrial report? | 027524.docx | LEGALEASE-00130800-LEGALEASE-00130801 |
| Matter of Foreclosure of Liens for Delinquent Land Taxes By Action In Rem Collector of Revenue v. Parcels of Land Encumbered With Delinquent Tax Liens, 504 S.W.3d 880 | 307A+517.1 | Once all claims have been voluntarily dismissed, the case is over and nothing remains before the circuit court upon which it can act. | "Once all claims have been voluntarily dismissed, is the case over and nothing remains before the circuit court upon which it can act?" | Pretrial Procedure - Memo # 2485 - C - PC.docx | ROSS-003327110-ROSS-003327111 |
| Autin v. Goetz, 524 S.W.3d 617 | 307A+509 | Subject to certain exceptions and limitations, rule of civil procedure affords a plaintiff the free and unrestricted right to voluntary dismissal without prejudice before the jury retires. Tenn. R. Civ. P. 41.01(1). | Is a voluntary dismissal a dismissal without prejudice unless it otherwise states? | 027857.docx | LEGALEASE-00132229-LEGALEASE-00132230 |
| United States v. Lewis, 824 F. Supp. 2d 169 | 34+3(2) | Although the Posse Comitatus Act (PCA) forbids the use of only Army or Air Force personnel in non-military law enforcement activities, Naval Criminal Investigative Service (NCIS) acts as agents of the Navy and is bound by the provisions of the PCA. 10 U.S.C.A. S 375. | Is the Naval Criminal Investigative Service (NCIS) bound by the provisions of the PCA? | 008960.docx | LEGALEASE-00133704-LEGALEASE-00133705 |
| Sargisson v. United States, 12 Cl. Ct. 539 | 34+3(1) | Evidence proffered to federal court to show military decision to be arbitrary or unsupported must be clear and convincing. | Should the evidence proffered to a federal court be clear and convincing to show a decision to be arbitrary or unsupported? | 008975.docx | LEGALEASE-00133734-LEGALEASE-00133735 |
| State v. Lopez, 522 So. 2d 997 | 63+1(1) | Bribery statute prohibits any payment intended to influence performance of any act by public servant, even if person pays for doing of act the public servant is legally bound to do. West's F.S.A. S 838.015(1). | Can a defendant be convicted of bribery if he pays a public official to do something the official was legally obligated to do? | 011293.docx | LEGALEASE-00134532-LEGALEASE-00134533 |
| Fisher v. Carolina Door Prod., 286 S.C. 5 | 83E+670 | Antedating of promissory note does not affect its negotiability, and time when antedated note is payable is determined by stated date if instrument is payable at fixed period after date. Code 1976, SS 36-1-201(31), 36-3-114. | "If a promissory note is predated or antedated, does it affect its validity?" | 009494.docx | LEGALEASE-00134707-LEGALEASE-00134708 |
| People v. Giardino, 82 Cal. App. 4th 454 | 352H+62(1) | By itself, the existence of actual consent is not sufficient to establish a defense to a charge of rape, because the supposed victim's actual consent to sexual intercourse disproves rape only if he or she had sufficient capacity to give that consent. West's Ann.Cal.Penal Code S 261. | Is a victims consent a defense to rape? | 043007.docx | LEGALEASE-00134756-LEGALEASE-00134757 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hungerford v. Great Bay Casino Corp., 213 N.J. Super. 398 | 307A+483 | Requests for admissions may not be used as tactical device to trap unwary pro se litigants. | May requests for admissions not be used as a tactical device to trap unwary pro se litigants? | Pretrial Procedure - Memo # 3749 - C - SHB.docx | ROSS-003291012-ROSS-003291013 |
| Delta Loan Co. v. Riley, 199 So. 671 | 83E+839 | Where note has been transferred by delivery, delivery may be shown by parol evidence subject to restrictions contained in statute respecting obligations for payment of money exceeding $500. Civ.Code, art. 2277. | Are promissory notes transferable by mere delivery? | Bills and Notes - Memo 399 - RK.docx | ROSS-003287142-ROSS-003287143 |
| Jones v. Woods, 158 Ga. App. 391 | 307A+621 | Where a complaint does not set forth facts which court's venue depends, it is subject to dismissal. Code, S 81A-108(a)(1). | "Where the complaint fails to set forth facts establishing venue, is it subject to dismissal?" | 033576.docx | LEGALEASE-00143723-LEGALEASE-00143724 |
| Caldwell v. Fulton, 31 Pa. 475 | 260+55(1) | The minerals beneath the surface of a tract of land may be conveyed by deed, distinct from the right to the surface. | "Can minerals beneath the surface of a tract of land be conveyed by deed, distinct from the right to the surface?" | 021484.docx | LEGALEASE-00146220-LEGALEASE-00146221 |
| United States v. Bell, 476 F.2d 1046 | 34+20.8(10) | Limitation of 120 days on postponements of induction orders does not apply to a registrant who has failed to appear for and submit to induction. Military Selective Service Act, S 12, 50 U.S.C.A. App. S 462. | Does the one-hundred-twenty (120) day limitation apply to a registrant who has failed to appear for and submit to induction? | 008740.docx | LEGALEASE-00147996-LEGALEASE-00147997 |
| Eisler v. United States, 170 F.2d 273 | 34+20.4(2) | Alien resident may be required to contribute to support of United States, and may lawfully be inducted for national defense service in time of war. | Can an alien be called or inducted for the national defense of the country? | 007025.docx | LEGALEASE-00149207-LEGALEASE-00149208 |
| United States v. Maxwell, 254 F.3d 21 | 34+40(5) | Unauthorized entry itself can constitute prohibited purpose necessary to sustain conviction under statute proscribing entry upon naval reservation for purpose prohibited by law. 18 U.S.C.A. S 1382. | Does unauthorized entry itself constitute the prohibited purpose necessary to sustain a conviction under Section 1382? | 008784.docx | LEGALEASE-00149766-LEGALEASE-00149767 |
| Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 | 308+99 | Acts of an agent, within the scope of his real or apparent authority, bind the principal under Florida law. | "Do the acts of an agent, within the scope of his real or apparent authority, bind the principal?" | 041299.docx | LEGALEASE-00153121-LEGALEASE-00153122 |
| United States v. Turner, 32 U.S. 132 | 181+5 | The making of a false instrument which is the subject of forgery with a fraudulent intent, although in the name of a nonexisting person, constitutes "forgery" as much as if it had been made in the name of a person known to exist and to whom credit was due. | Will a note be deemed a forgery if it is made with intent to defraud? | 009007.docx | LEGALEASE-00154717-LEGALEASE-00154718 |
| Avon Hardware Co. v. Ace Hardware Corp., 2013 IL App (1st) 130750 | 307A+679 | In ruling on a motion to dismiss, the complaint's factual allegations are to be interpreted in the light most favorable to the plaintiff. S.H.A. 735 ILCS 5/2-615. | "In ruling on a motion to dismiss, are the complaint's factual allegations to be interpreted in the light most favorable to the plaintiff?" | Pretrial Procedure - Memo # 10018 - C- AC_61692.docx | ROSS-003279782 |
| Clear Channel Outdoor v. Mayor & City Council of Baltimore, 153 F. Supp. 3d 865 | 371+2001 | The "classic tax" is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large. | s a classic tax imposed by the legislature upon a large segment of society? | 046145.docx | LEGALEASE-00156452-LEGALEASE-00156453 |
| Chicago Title & Tr. Co. v. Tilton, 256 Ill. 97 | 150+367 | On the dismissal of a suit the parties are out of court, and all further proceedings are unauthorized until the judgment of dismissal is vacated, and the cause reinstated. | "Upon dismissal of suit, are parties out of court and no further proceedings authorized until judgment of dismissal is vacated and cause reinstated?" | 025322.docx | LEGALEASE-00157052-LEGALEASE-00157053 |
| Oldham v. State, 5 S.W.3d 840 | 181+44(1) | Culpable mental state for offense of forgery requires proof of knowledge that instrument is forged, and if state proves that actor has knowledge that particular instrument is forged, proof of intent to defraud is inferred. V.T.C.A., Penal Code S 32.21(a). | "In the case of forgery, what does culpable mental state require? " | 018477.docx | LEGALEASE-00162035-LEGALEASE-00162036 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People ex rel. Tuohy v. City of Chicago, 399 Ill. 551 | 268+1.1 | The constitutional provision that municipal corporations "may" be vested with authority to assess and collect taxes is permissive, and taxing power is not a prerequisite to existence of municipal corporation. S.H.A. Const. art 9, S 9. | Can the Legislature vest the power to assess and collect taxes in any municipal corporation other than the one for whose corporate purpose the tax is to be levied? | 046616.docx | LEGALEASE-00166709-LEGALEASE-00166710 |
| U.S. v. Jackson, 904 F. Supp. 118 | 63+14 | Jury instruction explaining that defendant does not commit bribery unless gift or favor is made with intent to influence official action in exchange for it adequately covered issues raised at trial and accurately stated law, despite claim that instruction should have specified particular quid pro quo element alleged in indictment, which asserted that administrator and marketing representative of psychiatric hospital had paid employee assistance counselor with Postal Service $3,000 per month for referral of three patients per month to psychiatric hospital. | Is bribery jury instruction misleading by explaining that a defendant does not commit bribery unless a gift or favor is made with intent to influence official action? | 012583.docx | LEGALEASE-00166945-LEGALEASE-00166946 |
| United States v. Ruiz, 59 F.3d 1151 | 110+772(6) | Criminal defendant has right to have jury instructed on her theory of defense, separate and apart from instructions given on elements of charged offense. | Does a defendant have the right to a theory of defense that explains their intent to be included in bribery jury instruction? | 012584.docx | LEGALEASE-00166967-LEGALEASE-00166968 |
| In re Grubbs Const. Co., 319 B.R. 698 | 349A+10 | Revised section of the Uniform Commercial Code (UCC) setting forth the process for determining whether a transaction creates a disguised security interest or a true lease shifts the focus from "the intent of the parties" to the "economic realities" of a given transaction. U.C.C. S 1-201(37). | Is the focus of the new objective test on the agreement's economic realities? | 042881.docx | LEGALEASE-00167085-LEGALEASE-00167086 |
| Bogan v. Byrom, 151 So. 2d 718 | 307A+563 | The court has the right and power to order a litigant to perform some act, procedural in character, and, upon his failure or refusal to do so, to dismiss his suit. LSA-C.C.P. art. 933. | Does a court have the right and power to order a litigant to perform some act? | Pretrial Procedure - Memo # 7141 - C - SU_58033.docx | ROSS-003279150-ROSS-003279151 |
| Farrell v. Greater Houston Transp. Co., 908 S.W.2d 1 | 307A+674 | Trial court has inherent powers to dismiss suit for want of prosecution and may do so on its own motion. | Does the trial court have inherent powers to dismiss suit for want of prosecution and do so on its own motion? | Pretrial Procedure - Memo 11769 - C - BP_65637.docx | ROSS-003280182-ROSS-003280183 |
| Martin Glennon v. First Fid. Bank, N.A., 279 N.J. Super. 48 | 83E+452 | Under statutes, instrument is converted when it is paid on a forged endorsement, and depository bank warrants to the drawees that all signatures are genuine, also making it liable to the drawer for conversion. N.J.S.A. 12A:3-417(2), 12A:3-419(1)(c). | When does conversion of an instrument take place under the UCC? | Bills and Notes-Memo 961 - JK_63525.docx | ROSS-003280894-ROSS-003280895 |
| Rabos v. R & R Bagels & Bakery, 100 A.D.3d 849 | 307A+695 | Standard on a motion for leave to replead, to defeat a motion to dismiss, is consistent with the standard governing motions for leave to amend, i.e., that motions for leave to amend pleadings should be freely granted absent prejudice or surprise to the opposing party, unless the proposed amendment is devoid of merit or palpably insufficient. McKinney's CPLR 3025, 3211(e). | "Is the standard on a motion for leave to replead, to defeat a motion to dismiss consistent with the standard governing motions for leave to amend?  " | Pretrial Procedure - Memo 12018 - C - TM_67051.docx | ROSS-003281001-ROSS-003281002 |
| United States v. Lue, 134 F.3d 79 | 24+120 | Although foreign nationals on American soil are protected from federal governmental action under equal protection component of Fifth Amendment, such protection is constrained in light of responsibility of political branches to regulate relationship between the United States and noncitizens. U.S.C.A. Const.Amend. 5. | Is it the responsibility of the political branches to regulate the relationship between the United States and noncitizens? | "Aliens, Immigration and Citizenship - Memo 68 - RK_64802.docx" | ROSS-003281052-ROSS-003281053 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Frayer, 9 F.3d 1367 | 135H+132.1 | Double jeopardy bar applies only to prosecutions or convictions that cannot survive "same elements" test, which inquires whether each offense contains element not contained in the other; if so, they are not same offense and double jeopardy clause does not bar additional punishment and subsequent prosecution. U.S.C.A. Const.Amends. 5, 14. | Does double jeopardy bar a subsequent prosecution? | Double Jeopardy - Memo 745 - C - VP_68058.docx | ROSS-003282079-ROSS-003282080 |
| Chanslor v. State, 697 S.W.2d 393 | 203+762 | Aiding a suicide is separate offense and is not defense to the crime of solicitation to commit murder. V.T.C.A., Penal Code SS 15.03, 22.08. | Is aiding a suicide a defense to the crime of solicitation to commit murder? | Suicide - Memo 26 - AKA.docx | ROSS-003283578-ROSS-003283579 |
| Smith v. Lutz, 149 S.W.3d 752 | 148+2.1 | The three-part test to identify a constitutional taking requires: (1) the State intentionally performed certain acts, (2) that resulted in a taking of property, (3) for public use. Vernon's Ann.Texas Const. Art. 1, S 17. | What is the three-part test for identifying a constitutional taking? | Eminent Domain - Memo 151 - RK.docx | ROSS-003283923-ROSS-003283924 |
| Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362 | 25T+112 | Although the presumption in favor of arbitration is strong, the law still requires that parties actually agree to arbitration before it will order them to arbitrate a dispute. 9 U.S.C.A. S 1 et seq. | Does the law require agreement between the parties if the presumption in favor of arbitration is strong? | Alternative Dispute Resolution - Memo 86 - AKA.docx | ROSS-003284808-ROSS-003284810 |
| Innoviant Pharmacy v. Morganstern, 390 F. Supp. 2d 179 | 95+116(2) | Under Pennsylvania law, goodwill of business is interest protectable by restrictive covenant, even when that goodwill has been acquired with assistance, or through efforts, of employee whose activities are sought to be restrained. | Is goodwill protectable by a restrictive covenant? | Goodwill - Memo 14 - ANG..docx | ROSS-003284853-ROSS-003284854 |
| Austin v. Shampine, 948 S.W.2d 900 | 307A+3 | In granting motion in limine, trial judge does not exclude evidence, but instead defers ruling on admissibility until such time as party wishes to introduce the evidence, and at that time, party must obtain ruling on evidence before introducing it; purpose of procedure is to prevent presentation of potentially prejudicial information before ruling can be obtained. | Is the purpose of filing a motion in limine to prevent the presentation of potentially prejudicial information in front of a jury before a ruling can be obtained? | Pretrial Procedure - Memo # 215 - C - CRB.docx | ROSS-003285030-ROSS-003285031 |
| Structural Pres. Sys. v. Petty, 927 A.2d 1069 | 307A+750 | The pre-trial order limits the issues for trial and controls the subsequent course of the action, thereby precluding the interjection of new issues, absent modification of the order upon good cause. | What does a pretrial order do? | Pretrial Procedure - Memo # 1830 - C - KS.docx | ROSS-003286379-ROSS-003286380 |
| Teamsters Pension Trust Fund of Philadelphia v. Brigadier Leasing Associates, 880 F.Supp. 388 | 289+950 | Under Pennsylvania law, a dissolved partnership remains liable for its preexisting debts, but after the dissolution it generally does not incur liability unrelated to winding up process. | Does a partnership remain liable for preexisting debts upon dissolution? | Partnership - Memo 443 - RK.docx | ROSS-003289006-ROSS-003289007 |
| Verploegh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+560 | In response to motion to dismiss, the plaintiff has the burden to prove reasonable diligence to obtain service of process. Sup.Ct.Rules, Rule 103(b). | Does a plaintiff have the burden to prove reasonable diligence to obtain service of process in response to a motion to dismiss? | Pretrial Procedure - Memo # 6299 - C - SS.docx | ROSS-003289640-ROSS-003289641 |
| Ex parte Bole, 103 So. 3d 40 | 307A+554 | When a party who lacks standing purports to commence an action, the trial court has no alternative but to dismiss the action. | "When a party who lacks standing purports to commence an action, does the trial court have no alternative but to dismiss the action?" | Pretrial Procedure - Memo # 6828 - C - KG.docx | ROSS-003289870-ROSS-003289871 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pickett v. Bank of Ellijay, 182 Ga. 540 | 83E+426 | Statute providing that blank indorsements of negotiable paper may always be explained between parties themselves, or those taking with notice of dishonor or of actual facts of indorsements, and Negotiable Instruments Act provision that person placing signature on instrument other than as maker, drawer, or acceptor is deemed to be indorser, unless he clearly indicates contrary intention, must be construed in pari materia so as to make parol evidence admissible to explain blank indorsement as between parties themselves, or those taking with notice of dishonor or of actual facts but not as between third persons or those taking without notice (Code 1933, SS 14-604, 14-605, 38-114, 38-509). | How can blank endorsements of negotiable paper be explained? | Bills and Notes - Memo 221 - PR.docx | ROSS-003291561-ROSS-003291562 |
| Stiles v. Farrar, 18 Vt. 444 | 83E+484 | The interest of the payee in a note not negotiable may be assigned; and if assigned, and notice thereof is given to the maker, and an action is commenced upon the note in the name of the payee for the benefit of the assignee, the equitable interest of the assignee will be protected at law. This is not now an open question. | Is the equitable interest of the assignee protected by law upon his giving proper notice? | Bills and Notes - Memo 1259 - RK_62548.docx | ROSS-003292517 |
| Reeves v. Shinseki, 682 F.3d 988 | 34+132(2) | Any communication can qualify as an informal claim for veterans' benefits if it: (1) is in writing; (2) indicates an intent to apply for veterans' benefits; and (3) identifies the particular benefits sought. 38 C.F.R. S 3.155. | What communications will qualify as an informal claim for veterans' benefits? | Armed Services - Memo 350 - RK_66870.docx | ROSS-003292693-ROSS-003292694 |
| In re Miller, 114 F. 838 | 135+2 | "Domicile" is individual's permanent place of abode, where he need not be physically present, while "residence" is where he is physically present much of the time. | " Is ""domicile"" an individual's permanent place of abode, where he need not be physically present?" | Domicile - Memo 50 - C - AD_67129.docx | ROSS-003295165-ROSS-003295166 |
| In re NetBank, 459 B.R. 801 | 308+1 | Essential characteristic of agency relationship is that agent acts subject to principal's direction and control. | Is it an essential characteristic of agency relationship that the agent acts are subject to principal's control? | Principal and Agent - Memo 574-SB_63590.docx | ROSS-003295517-ROSS-003295519 |
| United States v. Babcock, 339 F. Supp. 1281 | 34+20.6(6) | Registrant seeking to present prima facie showing of qualification for IV-D classification must show that the ministry is his vocation rather than merely an avocation and must show he regularly conducts religious activities and that he had recognized standing as a minister to a congregation. | Will a registrant qualify for a ministerial classification if ministry is his vocation? | Armed Services - Memo 317 - RK_58131.docx | ROSS-003296416-ROSS-003296417 |
| State Farm Mut. Auto. Ins. Co. v. Du Page Cty., 2011 IL App (2d) 100580 | 366+1 | The right of equitable subrogation arises when a party pays a debt for which another is primarily liable and that in equity and good conscience should have been discharged by the latter. | When does the right of equitable subrogation arise? | Subrogation - Memo 271 - ANG C.docx | ROSS-003297226-ROSS-003297228 |
| Love Terminal Partners v. United States, 126 Fed. Cl. 389 | 148+2.1 | Unlike a categorical taking, a non-categorical regulatory taking falls short of eliminating all economically beneficial use of property. U.S. Const. Amend. 5. | Does a non-categorical takings fall short of eliminating all economically beneficial use of property? | Eminent Domain - Memo 170 - GP.docx | ROSS-003297290-ROSS-003297292 |
| Am. Sterling Bank v. Johnny Mgmt. LV, 126 Nev. 423 | 366+1 | Equitable subrogation is an equitable remedy that requires a court to balance the equities based on the facts and circumstances of each particular case. | "As with any equitable remedy, should the court consider the facts and circumstances of each particular case?" | Subrogation - Memo 198 - RM C.docx | ROSS-003298499-ROSS-003298501 |
| Fairholme Funds v. United States, 132 Fed. Cl. 49 | 27+1 | There is no right to file an amicus brief in the Court of Federal Claims; the decision whether to allow participation by amici curiae is left entirely to the discretion of the court. | Is filing an amicus curiae brief considered a right? | Amicus Curiae - Memo 2 - JS.docx | ROSS-003298554-ROSS-003298555 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| S. Bell Tel. & Tel. Co. v. City of Meridian, 241 Miss. 678 | 317A+113 | A utility may maintain cooperative relationship with municipality without waiving its rights under statutory grant. | Does a utility have a right to maintain cooperative relationships with a municipality without waiving its rights under a statutory grant? | Public Utilities - Memo 226 - AM.docx | ROSS-003298790-ROSS-003298791 |
| Muller Fuel Oil Co. v. Ins. Co. of N. Am., 95 N.J. Super. 564 | 249+15 | The essence of an action for malicious prosecution is that the proceeding was instituted without probable cause, that the complainant was actuated by a malicious motive in making the charge. | What is the essence of a cause of action for malicious prosecution? | Malicious Prosecution - Memo 22 - JS.docx | ROSS-003298817-ROSS-003298818 |
| Gentry v. State Farm Mut. Auto. Ins. Co., 726 F. Supp. 2d 1160 | 368+3 | Murder requires that defendant knowingly or intentionally perform act which leads to death of another human being while crime of causing or assisting suicide requires only that defendant cause or assist another human being in taking their own life. West's A.I.C. 35-42-1-1, 35-42-1-2. | What is the difference between murder and assisted suicide? | Suicide - Memo 42 - JS.docx | ROSS-003298960-ROSS-003298961 |
| DuBray v. Warner Bros. Records, 236 A.D.2d 312 | 307A+501 | Motion for discontinuance should not be used to circumvent order of court or to enable plaintiffs to do indirectly what they are not permitted to do directly. | Can motions for discontinuance be used to enable plaintiffs to do indirectly what they are not permitted to do directly? | Pretrial Procedure - Memo #  1092 - C - NE.docx | ROSS-003301100-ROSS-003301101 |
| Kimball Union Acad. v. Genovesi, 165 N.H. 132, 136, 70 A.3d 435 | 307A+554 | On motion to dismiss for lack of personal jurisdiction, the plaintiff ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts. | "On a motion to dismiss for lack of personal jurisdiction, can the plaintiff ordinarily rest upon the pleadings but must adduce evidence of specific facts?" | Pretrial Procedure - Memo # 5647 - C - SN.docx | ROSS-003302355-ROSS-003302357 |
| Luf v. Town of Southbury, 188 Conn. 336 | 200+80 | Public highway creates no interest in fee, the presumption being that landowners whose lands abut highway continue to be owners of soil to middle of roadway. | Does the public highway create no interest in fee? | Highways -Memo 160 - DB.docx | ROSS-003302510-ROSS-003302511 |
| Record v. Indem. Ins. Co. of N. Am., 103 Cal. App. 2d 434 | 413+1 | Liability under Workmen's Compensation Act is incident to status of employment and is neither in tort nor in contract. | "Is liability under the Workmens Compensation Act incident to the status of employment, not in tort or in contract?  " | Workers Compensation - Memo #222 ANC.docx | ROSS-003303698-ROSS-003303700 |
| People v. Beltran, 56 Cal. 4th 935 | 203+530 | The mens rea element required for murder is a state of mind constituting either express or implied malice; a person who kills without malice does not commit murder. West's Ann.Cal.Penal Code SS 187, 188. | "Is the mens rea required for murder malice, expressed or implied? " | Homicide - Memo 179 - RK_66922.docx | ROSS-003308851-ROSS-003308852 |
| AJJ Enterprises, LLP v. Jean-Charles, 160 Conn. App. 375 | 366+2 | Subrogation is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter. | What is subrogation intended to do? | Subrogation - Memo 38 - RM.docx | ROSS-003313058-ROSS-003313060 |
| Bank of Am., N.A. v. Ping, 879 N.E.2d 665 | 366+1 | Ultimately, the key to subrogation is an equitable result that depends on the attending facts and circumstances of each case. | Is the key to subrogation an equitable result that depends on the attending facts and circumstances of each case? | Subrogation - Memo # 410 - C - SA.docx | ROSS-003314570-ROSS-003314571 |
| Williams v. Richardson, 12 S.C. 584 | 307A+74 | Where commissioners to take testimony certify, in their return, that under the instructions contained in the commission, they have qualified each other and also the witness, whose signature is appended to his deposition, the commission is competent testimony, although the form of the oath taken by the commissioners and witness, and their signatures thereto, and the jurat, are omitted. | "Should commissioners to take testimony certify, in their return, that they have qualified each other and also the witness?" | Pretrial Procedure - Memo # 5455 - C - SK.docx | ROSS-003315814-ROSS-003315815 |
| In re Hirsch Elec. Co., 461 B.R. 167 | 308+1 | Under New York law, agency relationship can be either express or implied and can be established by conduct of parties, or by written or oral agreement. | Can an agency relationship be implied by the conduct of parties? | Principal and Agent - Memo 438 - RK_63558.docx | ROSS-003319752-ROSS-003319753 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re AppOnline.com, 321 B.R. 614 | 83E+335 | Under New York law, mere recitals in a promissory note of existence of separate agreement, or references to it for information, do not affect note's negotiability. N.Y.McKinney's Uniform Commercial Code SS 3-105, 3-119. | "Do mere recitals of the existence of a separate agreement, or references to it for information, affect note's negotiability ?" | Bills and Notes-Memo 1029 - SB_60155.docx | ROSS-003321589 |
| Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638 | 366+1 | Doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | Is equitable or legal subrogation created by a contract or by the legal consequences of the acts and relationships of the parties? | Subrogation - Memo 350 - NE.docx | ROSS-003324676-ROSS-003324677 |
| Essex v. Com., 228 Va. 273 | 203+656 | Malice, a requisite element for murder of any kind, is unnecessary in manslaughter cases and is the touchstone by which murder and manslaughter cases are distinguished; malice may be either express or implied by conduct; whether defendant acted with malice is a question for the trier of fact. | Is implied or express malice required to consider a homicide as murder? | Homicide - Memo 98 - RK.docx | ROSS-003325536-ROSS-003325537 |
| Citizens State Bank v. Raven Trading Partners, 786 N.W.2d 274 | 366+1 | Equitable subrogation need not be applied merely to prevent a party from obtaining a windfall or unjust enrichment. | Should equitable subrogation be applied merely to prevent a party from obtaining a windfall? | Subrogation - Memo # 453 - C - NO.docx | ROSS-003325643-ROSS-003325644 |
| All. for Wild Rockies v. Kruger, 950 F. Supp. 2d 1172 | 411+8 | Forest plan amendments are permitted by National Forest Management Act (NFMA) and can modify the plan in any way if the Forest Supervisor determines the changes will be insignificant to the plan's overall objectives. National Forest Management Act of 1976, SS 6, 12(a), 16 U.S.C.A. S 1604(f)(4); 36 C.F.R. S 219.10(f) (2000). | Can Forest Plans be amended? | Woods and Forests - Memo 6 - RK.docx | ROSS-003326131-ROSS-003326132 |
| United Accounts v. Dachtler, 100 N.W.2d 93 | 104+1 | A "public corporation" is one created by the State for political purposes, to act as an agency in administration of civil government, such as a county, city, town, or school district. | What is a public corporation? | Education - Memo # 13 - C - SU.docx | ROSS-003327168-ROSS-003327170 |
| Doe #1 v. Indiana Dep't of Child Servs., 81 N.E.3d 199 | 13+3 | The court will usually not infer a statutory private right of action when a statute (1) primarily protects the public at large and (2) contains an independent enforcement mechanism. | When will a court not infer a private right of action? | Action - Memo 45 - MS.docx | ROSS-003327791-ROSS-003327792 |
| Houston v. Bank of Am. Fed. Sav. Bank, 119 Nev. 485 | 366+1 | "Equitable subrogation" is an equitable remedy to avoid a person's receiving an unearned windfall at the expense of another. | Is equitable subrogation is an equitable remedy to avoid a person's receiving an earned windfall at the expense of another? | Subrogation - Memo 231 - VG C.docx | ROSS-003328271-ROSS-003328273 |
| Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd., 117 F.Supp.2d 394 | 195+1 | Under New York law, valid guaranty must be written instrument guaranteeing payment of another's debt, describing with precision obligation to which person is bound. | Does a valid guaranty need to be a written instrument? | Guaranty - Memo 9 - RM.docx | LEGALEASE-00000186-LEGALEASE-00000187 |
| Albert J. Hoppe v. St. Louis Pub. Serv. Co., 361 Mo. 402 | 92+3974 | Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to lawful exercise of court's power. | What is a prerequisite to the lawful exercise of the courts power? | 04821.docx | LEGALEASE-00077089-LEGALEASE-00077091 |
| Murray Oil Prod. Co. v. Mitsui & Co., 146 F.2d 381 | 25T+111 | "Arbitration" is merely a form of trial to be adopted in the action itself, in place of the trial at common law, and it is like a "reference" to a master or an "advisory trial" under federal Rule. Arbitration Act S 1 et seq., and S 3, 9 U.S.C.A. S 1 et seq., and S 3; Fed.Rules Civ.Proc. rule 39(c), 28 U.S.C.A. | Is arbitration a form of trial? | 004131.docx | LEGALEASE-00115626-LEGALEASE-00115628 |
| Sims v. Clarendon Nat. Ins. Co., 336 F. Supp. 2d 1311 | 25T+110 | Federal law recognizes judicial proceedings and arbitration proceedings as separate, albeit equally important, fora for adjudicating claims. | Is there any difference between judicial proceedings and arbitration proceedings under Federal law? | 04787.docx | LEGALEASE-00077075-LEGALEASE-00077077 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Stone v. Doerge, 245 F. Supp. 2d 878 | 25T+137 | Arbitration depends on agreement, and nothing beats normal rules of contract law to determine what the parties' agreement entails. | Do normal rules of contract law determine arbitration? | Alternative Dispute Resolution - Memo 101 - JS.docx | LEGALEASE-00000759-LEGALEASE-00000761 |
| Wilson v. State ex rel. State Election Bd., 2012 OK 2 | 21+12 | To make a valid affidavit the affiant must swear to it, and the fact of his swearing must be certified by a proper officer; there must be something done which amounts to the administration of an oath. | Does an affidavit always involve the administration of oath? | Affidavits - Memo 10-ANG.docx | LEGALEASE-00000813-LEGALEASE-00000814 |
| Simitar Entm't v. Silva Entm't, 44 F. Supp. 2d 986 | 25T+113 | Federal Arbitration Act's proarbitration policy does not operate without regard to the intent of the contracting parties, for arbitration is a matter of consent, not of coercion. 9 U.S.C.A. S 1 et seq. | Doesthe pro-arbitration policy operate without the intent of the contracting parties? | Alternative Dispute Resolution - Memo 67-JS.docx | LEGALEASE-00001428-LEGALEASE-00001429 |
| Illinois Tool Works v. Commerce & Indus. Ins. Co., 2011 IL App (1st) 093084 | 38+4 | As with all contracts, a valid assignment requires proof of intent to make the assignment and manifestation of that intent and the assignor must have either actually or potentially the thing he attempts to assign. | Does the occurrence of an assignment depend upon proof of intent? | Assignments - Memo 35 - JS.docx | LEGALEASE-00001461-LEGALEASE-00001463 |
| Sands v. Union Pac. R. Co., 148 F. Supp. 422 | 25T+222 | Although arbitrators should be impartial, fact that members of tribunal may be somewhat biased by reason of their affiliations, where such fact is known to the parties at the time of their agreement, it will not prevent enforcement of agreement to arbitrate. | What is the nature of arbitration? | Alternative Dispute Resolution - Memo 40-JS.docx | LEGALEASE-00001558-LEGALEASE-00001559 |
| Martensen v. Koch, 301 F.R.D. 562 | 311H+168 | Under Colorado law, a client impliedly waives the attorney-client privilege by placing privileged communications or material at issue or by disclosing the privileged information to a third party. | How does a party impliedly waive the attorney-client privilege? | 005321.docx | LEGALEASE-00116122-LEGALEASE-00116123 |
| Phillips Dev. & Realty v. LJA Eng'g, 499 S.W.3d 78 | 106+39 | A trial court has discretion to allow the party opposing a special appearance to contest personal jurisdiction to file late affidavits or to enter other orders as are just. Tex. R. Civ. P. 120a(3). | Does a trial court have the discretion to allow late affidavits? | Affidavits- Memo 34 - JS.docx | LEGALEASE-00001856-LEGALEASE-00001858 |
| Tucker v. State Farm Mut. Auto. Ins. Co., 2002 UT 54 | 361+1122 | Where legislature has defined a word, Court of Appeals is bound by that definition in construing statute, even though the definition may conflict with common meaning of the word; where legislature has not defined a word, Court of Appeals must attribute common and ordinary meaning to the word. | Are courts bound to follow the definition provided by the legislature? | 004528.docx | LEGALEASE-00116384-LEGALEASE-00116385 |
| United States v. Aguasvivas-Castillo, 668 F.3d 7 | 174+1.3 | In challenging disproportionality of a forfeiture, it is the defendant's burden, not the government's, to raise the issue of future deprivation of livelihood. U.S.C.A. Const.Amend. 8. | Is it the defendants burden to raise the issue of future deprivation of livelihood to challenge the disproportionality of forfeiture? | 07077.docx | LEGALEASE-00089101-LEGALEASE-00089103 |
| Fodor v. Kunie, 92 N.J. Eq. 301 | 253+204 | The consent of parent or guardian is not necessary to the validity of a minor's marriage unless a statute expressly declares that a marriage contracted without it shall be void, and there is no such statute in this state. | Can minors marry without the consent of their parents? | Marriage and Cohabitation - Memo 9 - RK.docx | ROSS-003283336-ROSS-003283337 |
| State v. McLean, 209 N.C. 38 | 146+5 | Necessary element of embezzlement is fraudulent intent which, within statute, is intent to embezzle or otherwise willfully and corruptly use or misapply money of another for purposes other than that for which it is held (C.S. S 4268). | Is fraudulent or criminal intent necessary to constitute embezzlement? | 004319.docx | LEGALEASE-00116463-LEGALEASE-00116464 |
| Postema v. Pollution Control Hearings Bd., 142 Wash. 2d 68 | 1.49E+17 | Administrative Procedure Act governs proceedings before the Pollution Control Hearings Board. West's RCWA 34.05.010 et seq. | Does the Administrative Procedure Act govern the proceedings before the Pollution Control Hearings Board? | Environmental Law - Memo 36 - AKA.doc | ROSS-003287431-ROSS-003287432 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Get In Shape Franchise v. TFL Fishers, 167 F. Supp. 3d 173 | 95+116(2) | Under Massachusetts law, "customer goodwill," in the context of non-compete agreements, is a company's positive reputation in the eyes of its customers or potential customers and is generated by repeat business with existing customers or by referrals to potential customers. | Is goodwill generated by repeat business with existing customers? | Goodwill - Memo 15 - ANG..docx | ROSS-003289257-ROSS-003289259 |
| In re Marriage of Luckey, 73 Wash. App. 201. In re Marriage of Luckey, 73 Wash. App. 201 | 134+797 | Hall methods of valuation of professional goodwill in marriage dissolution proceeding, which include straight capitalization, capitalization of excess earnings, Internal Revenue Service (IRS) variation of capitalized excess earnings, market value method, and buy/sell agreement method, are not exclusive; overall goal is to achieve just and fair evaluation of existence and value of professional's goodwill. | What are the different methods in valuing goodwill? | Goodwill - Memo 16 - ANG..docx | LEGALEASE-00002172-LEGALEASE-00002173 |
| Reaves v. State, 979 So. 2d 1066 | 48A+342.1 | Proximate causation, or a causal connection between the defendant's reckless driving and the victim's death, is an essential element of vehicular homicide. West's F.S.A. S 782.071. | Is death considered to be an essential element in vehicular homicide? | 004412.docx | LEGALEASE-00116701-LEGALEASE-00116702 |
| Smith v. Smith, 160 N.W. 756 | 253+225 | In order to enter into a valid marriage, an incapacitated person who has had his or her right to contract removed must first ask the court to approve his or her right to marry. West's F.S.A. S 744.3215(2)(a). | Is a marriage entered into by a person who lacks mental capacity to consent void? | 004431.docx | LEGALEASE-00116630-LEGALEASE-00116632 |
| Dominguez-Pulido v. Lynch, 821 F.3d 837 | 24+385 | Alien's argument that his removal would violate Eighth Amendment's prohibition on excessive fines was not colorable constitutional claim, and thus Court of Appeals lacked jurisdiction to consider claim in alien's proceeding seeking judicial review of removal order, which was issued following alien's conviction for crime involving moral turpitude, where Court of Appeals held in prior case that a removal order was not a fine, and prior case was indistinguishable from alien's case and therefore binding on Court of Appeals' analysis. U.S.C.A. Const.Amend. 8; Immigration and Nationality Act, S 242(a)(2)(D), 8 U.S.C.A. S 1252(a)(2)(D). | Does the Excessive Fine Clause of the Eighth Amendment apply to a removal order? | 004565.docx | LEGALEASE-00116589-LEGALEASE-00116590 |
| Found. Coal Res. Corp. v. Dep't of Envtl. Prot., 993 A.2d 1277 | 1.49E+04 | Department of Environmental Protection (DEP), as an administrative agency, may only exercise those powers vested in it by the General Assembly. | Is the Department of Environmental Protection (DEP) limited to exercise those powers vested in it by the General Assembly? | 005278.docx | LEGALEASE-00116758-LEGALEASE-00116759 |
| Bd. of Health of Weehawken Twp., Hudson Cty. v. New York Cent. R. Co., 4 N.J. 293 | 92+2435 | Under statute authorizing local boards of health to enact health ordinances, local boards exercise not an administrative function but rather a portion of the police power to serve the public health and the delegation of the law making function is an exception to the general doctrine of constitutional legislation. R.S. 26:3-64; R.S. 26:3-64, N.J.S.A. | Are functions of local boards of health an administrative function? | Administrative Law - Memo 32 - RM.docx | ROSS-003284875-ROSS-003284876 |
| Montana Power Co. v. Envtl. Prot. Agency, 608 F.2d 334 | 1.49E+18 | Environmental Protection Agency is free to make reasonable changes in the interpretation of its regulations and in the application of the regulations to specific cases. | Is the Environmental Protection Agency (EPA) free to make reasonable changes in the interpretations of its regulations? | Environmental Law - Memo 59 - AKA.doc | ROSS-003301652-ROSS-003301653 |
| Mortensen v. Stewart Title Guar. Co., 149 Idaho 437 | 302+1 | Pleading is necessary to put the opposing party on notice of the claims it is facing and thereby insure that a just result is accomplished. | Do pleadings put the opposing party on notice of the claims? | Pleading - Memo 15 - VP.docx | ROSS-003282123-ROSS-003282125 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Major Millworks v. MAE Hardwoods, 187 So. 3d 714 | 102+208 | A trial court may not order one party to pay another party's attorneys fees without first receiving evidence of the amount of those fees and then determining the reasonableness of that amount. | Are statements of a counsel in a pleading evidence? | 004840.docx | LEGALEASE-00116948-LEGALEASE-00116949 |
| State v. Blair, 227 N.C. 70 | 146+1 | The embezzlement statute creates an offense unknown at common law and applies only to the classes of persons therein named. G.S. S 14-90. | Can an embezzlement statute be applied to persons outside its purview? | Embezzlement  - Memo 33 - RK.docx | LEGALEASE-00002971-LEGALEASE-00002972 |
| Waldrop v. State, 12 Md. App. 371 | 146+13 | Embezzlement statute does not require that embezzled property be entrusted to the accused directly by the master; it may be entrusted by another person on his behalf. Code 1957, art. 27, S 129. | Must embezzled property be entrusted to the accused directly by the master? | 004999.docx | LEGALEASE-00117097-LEGALEASE-00117098 |
| State v. McCaskill, 300 S.C. 256 | 146+14 | Where agency is not established, there cannot be a conviction based on that relation within meaning of statute prescribing punishment for embezzlement. G.S. S 14-90. | "When agency is not established, can there be a conviction under the statute prescribing punishment for embezzlement?" | 005011.docx | LEGALEASE-00117107-LEGALEASE-00117108 |
| Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362 | 25T+112 | Although the presumption in favor of arbitration is strong, the law still requires that parties actually agree to arbitration before it will order them to arbitrate a dispute. 9 U.S.C.A. S 1 et seq. | Does the law require an agreement of the parties if the presumption in favour of arbitration is strong? | 005206.docx | LEGALEASE-00116861-LEGALEASE-00116863 |
| Wheat, First Sec. v. Green, 993 F.2d 814 | 25T+113 | National policy favoring arbitration, through enactment of Federal Arbitration Act, does not require parties to arbitrate without agreeing to do so. 9 U.S.C.A. S 2. | "Does the national policy favoring arbitration, require parties to arbitrate without agreeing to do so?" | 004860.docx | LEGALEASE-00117122-LEGALEASE-00117123 |
| Harris v. Green Tree Fin. Corp., 183 F.3d 173 | 25T+210 | Federal Arbitration Act (FAA) makes agreements to arbitrate enforceable to the same extent as other contracts, and, thus, federal law presumptively favors the enforcement of arbitration agreements. 9 U.S.C.A. S 1 et seq. | Does federal law favors the enforcement of arbitration agreement? | 004901.docx | LEGALEASE-00117153-LEGALEASE-00117154 |
| Ingle v. Circuit City Stores, 328 F.3d 1165 | 25T+113 | The Federal Arbitration Act (FAA) articulates a strong public policy in favor of arbitration agreements. 9 U.S.C. S 2. | Does the Federal Arbitration Act articulate a strong public policy in favor of arbitration? | 004912.docx | LEGALEASE-00117164-LEGALEASE-00117166 |
| City of Chicago Heights v. Living Word Outreach Full Gospel Church & Ministries, 196 Ill. 2d 1 | 414+1625 | When a legislative body acts in a legislative capacity in ruling on a permit application, a landholder's compliance with any special use criteria listed in the zoning ordinance is merely a factor to consider, not the dispositive consideration, in determining whether the granting or denial of the permit application was arbitrary and unreasonable. | Does a board of supervisors when granting a permit under a zoning ordinance act in an administrative capacity? | 000373.docx | LEGALEASE-00117407-LEGALEASE-00117409 |
| Slue v. New York Univ. Med. Ctr., 409 F. Supp. 2d 349 | 233+540 | Landlord-tenant relationship may be created orally, and such oral leases may be enforceable. Restatement (Second) of Property: Landlord & Tenant S 2.1. | Can a Landlord  Tenant relationship be created orally? | 000483.docx | LEGALEASE-00117301-LEGALEASE-00117302 |
| City of Junction City v. Cadoret, 263 Kan. 164 | 316P+129 | Felons, upon conviction, are ineligible to hold public office, vote in any election, or serve as jurors in any civil or criminal case, and they are barred from possessing weapons and firearms for five years following their convictions. K.S.A. 21-4615. | Are felons prohibited from voting? | 004986.docx | LEGALEASE-00117318-LEGALEASE-00117320 |
| Dargis v. Paradise Park, 354 Ill. App. 3d 171 | 233+1245 | Generally, no special relationship exists between a landlord and a tenant, and thus a landlord has no duty to protect tenants against foreseeable third-party criminal acts; such a duty arises, however, when a landlord, under the facts of the case, assumed the duty. | Does a special relationship exist between the landlord and the tenant? | 005095.docx | LEGALEASE-00117350-LEGALEASE-00117352 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Maxwell v. Maxwell, 217 So. 3d 1227 | 253+833 | When separate and community funds are deposited into one bank account, this fact does not convert the entire account into community property. La. Civ. Code Ann. art. 2340. | Will it become a community property if separate funds and community funds are deposited in one account? | Marriage and Cohabitation- Memo 40 - JS.docx | LEGALEASE-00003878-LEGALEASE-00003879 |
| In re Hooper, 555 B.R. 47 | 315+40 | Under Alabama law, a "thing in action" is a right to demand money or property by an action, and there can in the nature of things be no present possession of a thing which lies merely in action. | Can a thing in action be termed as a right to demand money or property? | Property - Memo 15 - JS.docx | ROSS-003283077-ROSS-003283079 |
| City of Junction City v. Cadoret, 263 Kan. 164 | 316P+129 | Felons, upon conviction, are ineligible to hold public office, vote in any election, or serve as jurors in any civil or criminal case, and they are barred from possessing weapons and firearms for five years following their convictions. K.S.A. 21-4615. | Are felons prohibited from voting? | Convicts- Memo 08 - JS.docx | LEGALEASE-00004028-LEGALEASE-00004030 |
| Maxwell v. Maxwell, 217 So. 3d 1227 | 253+833 | When separate and community funds are deposited into one bank account, this fact does not convert the entire account into community property. La. Civ. Code Ann. art. 2340. | Will it become a community property if separate funds and community funds are deposited in one account? | Marriage and Cohabitation- Memo 40 - JS.docx | LEGALEASE-00004045-LEGALEASE-00004046 |
| Aronson v. Creditrust Corp., 7 F. Supp. 2d 589 | 237+32 | Term "special harm," in context of alleging claim for defamation under Pennsylvania law, requires that plaintiff allege direct economic or pecuniary injury. | What is economic or pecuniary loss in defamation? | 000548.docx | LEGALEASE-00117460-LEGALEASE-00117461 |
| U.S. ex rel. Preece v. Coiner, 150 F. Supp. 511 | 207+1 | Incest is a statutory crime, and was not a crime at common law, and therefore, whatever elements are necessary to constitute such offense are prescribed wholly by statute. | Is incest a common law crime? | Incest - Memo 12 - TH.docx | LEGALEASE-00004392-LEGALEASE-00004393 |
| Salsman v. State, 244 Ind. 180 | 207+1 | "Sexual intercourse," necessary to the crime of incest, means carnal copulation of male and female implying actual penetration of the organs of the latter. Burns' Ann.St. S 10-4206. | How is sexual intercourse defined? | 000443.docx | LEGALEASE-00117754-LEGALEASE-00117755 |
| Stoltz, Wagner & Brown v. Duncan, 417 F. Supp. 552 | 328+16 | Where top leases, which were to commence either on August 8, 1975 or from and after expiration of existing oil and gas leases as extended by drilling operations and production, whichever was later, for one-year term and which provided that if well started in base lease terms was determined not to be a producer before August 8, 1976, plaintiffs could have valid leases for remaining balance of terms of top leases, appeared to violate Oklahoma rule against perpetuities, top leases would be reformed to give effect to "general intent" of lessors by separation and elimination of proviso which offended rule under reformation power provided by Oklahoma statutes. 60 O.S.1971, SS 75-77. | What violates the rule against perpetuities ? | Landlord and Tenant - Memo 29 - TH.docx | LEGALEASE-00004429-LEGALEASE-00004430 |
| Green v. Cosby, 138 F. Supp. 3d 114 | 237+32 | "Incremental harm doctrine" measures harm inflicted by allegedly defamatory statements beyond harm imposed by rest of publication, and if that harm is determined to be nominal or nonexistent, statements are dismissed as not actionable. | What is the incremental harm doctrine? | 000563.docx | LEGALEASE-00117660-LEGALEASE-00117662 |
| Monarch Min. Co. v. State Highway Comm'n, 128 Mont. 65 | 64+33 | A distinction exists between taxes and tolls, in that a tax is a demand of the sovereignty levied for support of the government, and its amount is regulated by its necessities, while "tolls" are the demands of proprietorship, exacted as compensation for use of another's property. | Does paying a road toll constitute the payment of taxes? | 000317.docx | LEGALEASE-00117969-LEGALEASE-00117970 |
| Shaffer v. ACS Gov't Servs., 454 F. Supp. 2d 330 | 231H+1 | Court will not pass judgment on wisdom or fairness of employer's legitimate employment-related business decisions. | Will the courts pass judgment on the wisdom or fairness of an employer's legitimate business decisions? | Labor and Employment - Memo 5 - VP.docx | LEGALEASE-00004774-LEGALEASE-00004775 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hukic v. Aurora Loan Servs., 588 F.3d 420 | 241+55(1) | When the single publication rule applies under Illinois law, as an exception to the general rule that each communication of the same defamatory matter by the same defamer is a distinct publication giving rise to a separate cause of action, a claim for defamation accrues, and one-year statute of limitations begins to run, on the single date of first publication. S.H.A. 740 ILCS 165/1. | Is the single publication rule an exception to the general rule? | 000829.docx | LEGALEASE-00117902-LEGALEASE-00117904 |
| Wolfe v. Wolfe, 393 S.W.3d 42 | 106+85(1) | The rules of civil procedure apply to special statutory proceedings, but any procedures that the General Assembly prescribes control where they conflict with the civil rules. Rules Civ.Proc., Rule 1. | Do Civil Rules apply to special statutory proceedings? | 000853.docx | LEGALEASE-00117883-LEGALEASE-00117884 |
| Zink v. Merrill Lynch Pierce Fenner & Smith, 13 F.3d 330 | 25T+413 | Arbitration clause in account agreement between investor and securities broker applied to dispute arising from bond transactions, even though transactions occurred prior to execution of agreement; agreement stated that any controversy between parties arising out of investor's business or agreement would be submitted to arbitration, and inclusion of disputes arising out of investor's business evinced intent to cover more than just those matters set forth in agreement. | How do the Courts construe arbitration agreements? | 001012.docx | LEGALEASE-00118015-LEGALEASE-00118017 |
| Weeks v. Harden Mfg. Corp., 291 F.3d 1307 | 25T+113 | Although previously disfavored by the courts, arbitration agreements to resolve disputes between parties have now received near universal approval. | Has arbitration as an alternative dispute resolution received universal approval? | 001021.docx | LEGALEASE-00118022-LEGALEASE-00118023 |
| D.R. Horton v. N.L.R.B., 737 F.3d 344 | 25T+210 | When considering whether contrary congressional command is present, courts must remember that questions of arbitrability must be addressed with healthy regard for federal policy favoring arbitration; party opposing arbitration bears burden of showing whether congressional command exists, and any doubts are resolved in favor of arbitration. 9 U.S.C.A. S 1 et seq. | Question What burden is placed upon the party who opposes arbitration? | Alternative Dispute Resolution - Memo 169 - RK.docx | LEGALEASE-00004909-LEGALEASE-00004910 |
| Covalt v. High, 675 P.2d 999 | 289+564 | Except where partners expressly agreed to contrary, all partners have equal rights in management and conduct of business of partnership, and where there is difference of opinion between partners as to management or conduct of partnership business, decision of majority must govern. N.M.S.A. 1978, S 54-1-18, subds. E, H. | Do partners in a partnership business have rights in the management and conduct of the business? | 022165.docx | LEGALEASE-00117977-LEGALEASE-00117978 |
| Shaffer v. ACS Gov't Servs., 454 F. Supp. 2d 330 | 231H+1 | Court will not pass judgment on wisdom or fairness of employer's legitimate employment-related business decisions. | Will the courts pass judgment on the wisdom or fairness of an employer's legitimate business decisions? | 000804.docx | LEGALEASE-00117791-LEGALEASE-00117792 |
| Zimmerer v. Clayton, 7 N.J.Tax 15 | 315+306 | "Partnership" describes kind of legal entity whereas term "tenancy in common" describes form of property ownership, and the two terms are not interchangeable. N.J.S.A. 42:1-6. | How is tenancy in common different from a partnership? | 000630.docx | LEGALEASE-00118275-LEGALEASE-00118276 |
| In re Bub, 528 B.R. 555 | 315+606 | Under New York case law, title to motor vehicle is transferred when the parties intend such a transfer to occur. | Does the title to motor vehicle get transferred when the parties intend such a transfer to occur? | Property - Memo 30 - RM.docx | ROSS-003286411-ROSS-003286413 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Booker v. Robert Half Int'l, 315 F. Supp. 2d 94 | 25T+140 | Pursuant to severability provision in employment agreement, unenforceable provision in arbitration clause of agreement excluding punitive damages as remedy in arbitration would be severed, so as to permit enforcement of clause in employment discrimination suit brought under the District of Columbia Human Rights Act (DCHRA), where there was no evidence that employer drafted the agreement, or the arbitration clause specifically, in bad faith or in an attempt to contravene public policy, and the agreement was not permeated with invalid provisions. D.C. Official Code, 2001 Ed. S 2-1401.01 et seq. | Can a punitive damage clause be severed from an arbitration agreement? | 001170.docx | LEGALEASE-00118410-LEGALEASE-00118412 |
| Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, 7 F.3d 1110 | 25T+114 | Federal Arbitration Act (FAA) was enacted to reverse centuries of judicial hostility to arbitration agreements by placing arbitration agreements upon same footing as other contracts; it was not enacted to promote expeditious resolution of claims. 9 U.S.C.A. S 2. | Did the Federal Arbitration Act (FAA) reverse judicial hostility to arbitration agreements? | 05337.docx | LEGALEASE-00080813-LEGALEASE-00080814 |
| In re Pearl Companies, 435 B.R. 742 | 51+3031 | Bankruptcy courts should enforce arbitration agreements, even in core matters, so long as they do not conflict with the underlying purposes of the Bankruptcy Code. | Can arbitration agreements be enforced in bankruptcy courts? | Alternative Dispute Resolution - Memo 201 - RK.docx | ROSS-003302160-ROSS-003302162 |
| Atterburg v. Anchor Motor Freight, 425 F. Supp. 841 | 25T+132 | Although arbitration is a matter of contract, the agreement to arbitrate a particular issue need not be express; it may be implied from conduct of parties. | Can an agreement to arbitrate a particular issue be implied? | 001191.docx | LEGALEASE-00118426-LEGALEASE-00118427 |
| Lee v. Bankers Tr. Co., 166 F.3d 540 | 237+1.6 | Under New York choice-of-law rules in defamation cases, the state of the plaintiff's domicile will usually have the most significant relationship to the case, and its law will therefore govern. | What is the choice of law rule in defamation law? | 05377.docx | LEGALEASE-00080817-LEGALEASE-00080819 |
| Navajo Health Found.-Sage Mem'l Hosp., Inc v. Burwell, 220 F. Supp. 3d 1190 | 209+109 | The Indian canon of construction requires that courts liberally construe treaties, agreements, statutes, and executive orders in favor of American Indians. | Will the courts construe Indian law liberally? | 019421.docx | LEGALEASE-00118231-LEGALEASE-00118232 |
| Swinomish Indian Tribal Cmty. v. BNSF Ry. Co., 228 F. Supp. 3d 1171 | 209+109 | When construing statutes that touch on Indian law, special principles of construction apply that are rooted in the unique trust relationship between the United States and the Indians. | How do courts construe statutes with regard to Indian tribes? | 019429.docx | LEGALEASE-00118261-LEGALEASE-00118263 |
| United States v. Tarbell, 242 F. Supp. 3d 200 | 209+119 | In the absence of a clear expression to the contrary, general acts of Congress apply to Indians, like all other citizens. | Do the general acts of Congress apply to Indians like other citizens? | 019438.docx | LEGALEASE-00118317-LEGALEASE-00118319 |
| Florida Paraplegic, Ass'n v. Miccosukee Tribe of Indians of Florida, 166 F.3d 1126 | 209+235 | Where Indian tribe has not waived sovereign immunity under statute, tribe retains its common law immunity from private suit unless Congress unequivocally expressed its intent to abrogate Indian tribes' sovereign immunity under the statute. | How do Indian tribes enjoy their tribal sovereign immunity? | 019446.docx | LEGALEASE-00118311-LEGALEASE-00118313 |
| Ramos v. U.S., 260 F.Supp. 479 | 289+408 | "Partnership" is group of persons having common business interests, working together in their respective spheres toward successful operation and conduct of that business interest and it is not required that each and every working partner must devote entire time and attention to partnership. | Is common interest in a business necessary to form a partnership? | 022120.docx | LEGALEASE-00118271-LEGALEASE-00118272 |
| U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637 | 315+607 | Like a sale of land itself, the assignment of a mortgage is a conveyance of an interest in land that requires a writing signed by the grantor. M.G.L.A. c. 183, S 3. | Does a conveyance of an interest in land require a writing signed by the grantor? | Property - Memo 37 - RM.docx | ROSS-003283506-ROSS-003283507 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State v. Jackson, 112 Wash. 2d 867 | 207+5 | Under incest statute prohibiting sexual intercourse with ancestor, descendant, brother, or sister of either whole or half blood, defendant accused of indecent liberties with his nine-year-old first cousin could not have been charged and thus was properly charged under indecent liberty statute (West's RCWA 9A.44.100). | Does sexual intercourse between first cousins constitute incest? | 001282.docx | LEGALEASE-00118512-LEGALEASE-00118513 |
| State v. Flores, 2015 WL 5038535 | 207+2 | Provision of aggravated incest statute prohibiting lewd fondling or touching with intent of arousing sexual desires of child or relative was not unconstitutionally vague. U.S.C.A. Const.Amend. 14; LSA-R.S. 14:78.1, subd. B(2). | Does lewd fondling amount to incest? | 001284.docx | LEGALEASE-00118518-LEGALEASE-00118519 |
| Boylston Hous. Corp. v. O'Toole, 321 Mass. 538 | 92+1114 | Every person has a right to dispose of his own labor as he wishes, and to work for whom he pleases, and he may refuse to work with another because that person is distasteful to him, or for any other reason. | Does a person have a legal right to dispose of his own labor as he wishes? | Labor and Employment - Memo 26 - VP.docx | ROSS-003297081-ROSS-003297083 |
| State v. James E., 154 Conn. App. 795 | 207+4 | To support a conviction for attempted aggravated incest, the State is required to prove that the defendant specifically intended to engage in an act listed in the aggravated incest statute; such proof is indispensable, as specific intent to accomplish the offense is the sine qua non of the criminal offense of attempt. LSA-R.S. 14:27, 14:78.1. | Is specific intent sine qua non of a crime of incest? | 001479.docx | LEGALEASE-00118661-LEGALEASE-00118662 |
| Debrincat v. Fischer, 217 So. 3d 68 | 249+40 | Litigation privilege does not bar the filing of a claim for malicious prosecution that was based on adding a party defendant to a civil suit; disapproving Wolfe v. Foreman, 128 So. 3d 67. | Does litigation privilege bar an action for malicious prosecution? | 001489.docx | LEGALEASE-00118618-LEGALEASE-00118619 |
| Jackson ex rel. Jackson v. Reid, 363 Ill. App. 3d 271 | 401+2 | Statutes relating to venue reflect a legislative determination that a party should not be required to defend an action in a county that has little or no relation to the party or the transaction that is the subject of the suit. | What is the legislative intent behind the venue statute? | 001521.docx | LEGALEASE-00118508-LEGALEASE-00118509 |
| Adamovic v. METME Corp., 961 F.2d 652 | 25T+113 | Scales tip in favor of arbitration when Court of Appeals construes arbitration clause, but only after court finds, as initial matter, that enforceable arbitration clause exists. | Do the scales tip in favor of arbitration when courts construe an arbitration clause? | Alternative Dispute Resolution - Memo 213 - RK.docx | ROSS-003285456-ROSS-003285457 |
| David L. Threlkeld & Co. v. Metallgesellschaft Ltd. (London), 923 F.2d 245 | 25T+113 | Federal policy favoring arbitration is even stronger in context of international business transactions. | Is federal policy favoring arbitration stronger in the context of international business transactions? | 001712.docx | LEGALEASE-00118757-LEGALEASE-00118758 |
| Oneida Cty., N.Y. v. Oneida Indian Nation of New York State, 470 U.S. 226 | 209+245 | Although there is no federal statute of limitations governing federal common-law actions by Indians to enforce property rights, borrowing of a state limitations period would be inconsistent with federal policy against application of state statutes of limitations in context of Indian land claims. 28 U.S.C.A. SS 2415, 2415(c); Indian Claims Limitation Act of 1982, SS 3-6, 5(c), 28 U.S.C.A. S 2415 note. | What is the general federal policy regarding statute of limitations applicable to Indian land claims? | Indians - Memo 24 - TH.doc | LEGALEASE-00006249-LEGALEASE-00006250 |
| Barber v. H & H Muller Enterprises, 197 Ga. App. 126 | 168+3 | Difference between "malicious prosecution" and "malicious arrest" is that malicious prosecution contains additional element of showing that prosecution, whatever its extent, was carried on and terminated in favor of plaintiff. O.C.G.A. S 51-7-40. | What is the difference between malicious prosecution and malicious arrest? | 001842.docx | LEGALEASE-00118807-LEGALEASE-00118808 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Adelson v. Harris, 973 F. Supp. 2d 467 | 379+103 | Under New York law, "conduct-regulating rules," for choice-of-law purposes, are those governing conduct to prevent injuries from occurring, while "loss allocating rules" are those that prohibit, assign, or limit liability after tort occurs. | What are conduct regulating rules and loss allocating rules in defamation? | 002279.docx | LEGALEASE-00118571-LEGALEASE-00118572 |
| Caspar v. Lewin, 82 Kan. 604 | 231H+2769 | The protection of the Factory Act (Laws 1903, c. 356) extends only to persons acting within the scope of some labor or employment. | Does the protection of the Factory Act extend only to persons acting within the scope of some employment or labor? | Labor and Employment - Memo 36 - VP.docx | ROSS-003288915-ROSS-003288916 |
| Sabine Pilot Serv. v. Hauck, 687 S.W.2d 733 | 231H+786 | Public policy requires a narrow exception to the employment-at-will doctrine for an employee who was discharged for the sole reason that the employee refused to perform an illegal act. | Is there any judicial exception to the employment-at-will doctrine? | 001422.docx | LEGALEASE-00118932-LEGALEASE-00118933 |
| Stephan v. United States, 133 F.2d 87 | 384+6 | An intent to give aid and comfort to the enemy is an essential element of the crime of "treason", since without an intent to give aid and comfort to the enemy there is no treason. 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3, cl. 1. | Does an intent to give aid and comfort to the enemy constitute an essential element of the crime of treason? | 001640.docx | LEGALEASE-00119074-LEGALEASE-00119075 |
| Reszka v. Collins, 136 A.D.3d 1299 | 249+14 | Where the underlying action is civil in nature, the party asserting a claim for malicious prosecution must allege a special injury. | Is special injury or special damages an essential element in a civil malicious prosecution action? | 001798.docx | LEGALEASE-00118904-LEGALEASE-00118906 |
| Gem Trading Co. v. Cudahy Corp., 92 Wash. 2d 956 | 249+55 | Common-law action of civil malicious prosecution requires that plaintiff plead and prove both special injury and arrest of person or seizure of property. | What is the requirement for malicious prosecution claim arising from a civil action? | 001844.docx | LEGALEASE-00118826-LEGALEASE-00118827 |
| Frazier v. CitiFinancial Corp., 604 F.3d 1313 | 25T+374(1) | There is a presumption under the Federal Arbitration Act (FAA) that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible. 9 U.S.C.A. S 1 et seq. | Is there a presumption under Federal Arbitration Act (FAA) that arbitration awards will be confirmed? | 002141.docx | LEGALEASE-00119101-LEGALEASE-00119102 |
| E.E.O.C. v. Waffle House, 534 U.S. 279 | 25T+114 | Employment contracts, except for those covering workers engaged in transportation, are covered by the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | Are employment contracts covering workers engaged in transportation covered by the Federal Arbitration Act (FAA)? | Alternative Dispute Resolution - Memo 253 - RK.docx | ROSS-003287475-ROSS-003287477 |
| McWaters v. Gardner, 37 Ala. App. 418 | 386+3 | The taking of property without the knowledge or consent of the possessor is not alone the equivalent of taking by constructive force, so as to constitute a trespass. | Can the taking of property without the knowledge or consent of the possessor be equivalent to taking by constructive force? | 002959.docx | LEGALEASE-00118981-LEGALEASE-00118982 |
| Angio-Med. Corp. v. Eli Lilly & Co., 720 F. Supp. 269 | 237+133 | Trade libel or product disparagement is action to recover for words or conduct which tend to disparage or negatively reflect upon condition, value or quality of product or property. | What is trade libel? | Libel and Slander - Memo 120 - ANG.docx | ROSS-003297910-ROSS-003297911 |
| Exelon Corp. v. Dep't of Revenue, 234 Ill. 2d 266 | 145+2.1 | An electric utility company is not a purely manufacturing or mercantile company; rather, it belongs to that unique class of corporations known as public utilities. | Is an electric utility company a manufacturing or mercantile company? | Electricity - Memo 16 - RK.docx | ROSS-003302342-ROSS-003302343 |
| Mosteller v. Naiman, 416 N.J. Super. 632 | 115+112 | Ordinarily, the measure of damages in cases involving the destruction or removal of trees and ornamental shrubs is the resulting depreciation in the value of the land on which the trees or shrubs stood. | How are damages calculated when someone wrongfully removes or mutilates a property owners trees? | Electricity - Memo 21 - RK.docx | ROSS-003297505-ROSS-003297507 |
| Acuna v. Brown & Root Inc., 200 F.3d 335 | 149E+494 | Price Anderson Act sets up an indemnification and limitation of liability scheme for public liability arising out of the conduct of the nuclear energy and weapons industries. Atomic Energy Act of 1954, S 1 et seq., as amended, 42 U.S.C.A. S 2011 et seq. | What is the purpose of Price Anderson Act? | Electricity - Memo 26 - RK.docx | ROSS-003310608-ROSS-003310610 |
| United States v. S. California Edison Co., 300 F. Supp. 2d 964 | 145+13 | Under California law, operation of a power plant was not an ultrahazardous activity for the purposes of strict liability doctrine. | Are the activities of power plants classified as ultrahazardous for the purposes of the strict liability doctrine? | Electricity - Memo 27 - RK.docx | ROSS-003322024-ROSS-003322025 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Gendreau v. Radtke, 68 R.I. 372 | 162+11 | Under statute requiring probate court of city to grant administration on estate of decedent residing in such city at time of his death, it is not necessary to prove that such a decedent left assets to be administered as prerequisite to appointment of administrator, but prima facie showing that there is an estate or a bona fide claim that decedent left property to be administered is sufficient to authorize granting of letters. Gen.Laws 1938, c. 569, S 3. | Is it necessary to prove the time of death? | 002238.docx | LEGALEASE-00119292-LEGALEASE-00119293 |
| Murawski v. Pataki, 514 F. Supp. 2d 577 | 237+28 | Communications Decency Act immunizes Internet service providers (ISP) from defamation and other, non-intellectual property, state law claims arising from third-party content. Communications Act of 1934, S 230(c), 47 U.S.C.A. S 230(c). | Can internet service providers be held liable for defamation? | 002287.docx | LEGALEASE-00119282-LEGALEASE-00119283 |
| Borden v. City of Olympia, 113 Wash. App. 359 | 386+2 | A trespass claim is viable where there is an intentional or negligent intrusion onto or into the property of another. | Can a trespass claim be viable when there is an intentional or negligent intrusion onto or into the property of another? | 002324.docx | LEGALEASE-00119194-LEGALEASE-00119195 |
| Camp Clarke Ranch v. Morrill Cty. Bd. of Comm'rs, 17 Neb. App. 76 | 15A+1058 | A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner; "adjudicative facts" are facts that relate to a specific party and are adduced from formal proof, pertaining to questions of who did what, where, when, how, why, and with what motive or intent, and are roughly the kind of facts which would go to a jury in a jury case. | In what situation has a board or tribunal exercised a judicial function? | Administrative Law - Memo 164 - RK.docx | ROSS-003311498-ROSS-003311499 |
| Camp Clarke Ranch v. Morrill Cty. Bd. of Comm'rs, 17 Neb. App. 76 | 15A+1058 | A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner; "adjudicative facts" are facts that relate to a specific party and are adduced from formal proof, pertaining to questions of who did what, where, when, how, why, and with what motive or intent, and are roughly the kind of facts which would go to a jury in a jury case. | In what situation has a board or tribunal exercised a judicial function? | Administrative Law - Memo 164 - RK.docx | LEGALEASE-00007879-LEGALEASE-00007880 |
| Norton v. City Bank & Tr. Co., 294 F. 839 | 8.30E+67 | A negotiable instrument is drawn to a fictitious payee, whenever the payee named therein, although in existence, has no right to it, and the maker does not intend that such payee shall take anything by it; "fictitiousness" depending on the intention to pay, rather than on the payee's existence. | When can it be considered that a negotiable instrument is drawn to a fictitious payee? | 002050.docx | LEGALEASE-00119452-LEGALEASE-00119453 |
| City of Houston v. Carlson, 451 S.W.3d 828 | 148+266 | Where a property owner believes compensation is due for the State's exercise of eminent domain, he may seek redress via an inverse-condemnation claim. | What redress is available to a property owner who believes that compensation is due? | Eminent Domain - Memo 71 - RK.docx | ROSS-003284603-ROSS-003284604 |
| Gilbert Wheeler v. Enbridge Pipelines (E. Texas), 449 S.W.3d 474 | 115+110 | Economic feasibility exception to the general rule that the cost to restore is the proper measure of damages to real property applies when the cost of required repairs or restoration exceeds the diminution in the property's market value to such a disproportionately high degree that the repairs are no longer economically feasible; in those circumstances, a temporary injury is deemed permanent, and damages are awarded for loss in fair market value. | What is the appropriate measure of damages available to the owner when property is permanently damaged? | 001888.docx | LEGALEASE-00119605-LEGALEASE-00119606 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Application of City of Great Bend, Kan., 254 Kan. 699 | 148+131 | Market data approach is most common method of valuing real property and should be used when there have been sales of comparable properties in same local, near time of taking; when property is so unique that there is no ascertainable market and there are no sales of reasonably similar or comparable property, other methods, i.e., depreciated replacement cost approach or income approach, may be used. | What is market data approach under eminent domain? | 001912.docx | LEGALEASE-00119636-LEGALEASE-00119637 |
| Gilbert Wheeler v. Enbridge Pipelines (E. Texas), 449 S.W.3d 474 | 115+208(1) | Whether an injury to real property is temporary or permanent is a question of law for the court to decide. | Is the determination whether an injury to real property is temporary or permanent a question of law? | 001913.docx | LEGALEASE-00119638-LEGALEASE-00119639 |
| Richardson v. Big Indian Creek Watershed Conservancy Dist. of Gage & Jefferson Ctys., 181 Neb. 776 | 148+146 | Benefits resulting from public improvement where property is taken by condemnation are of two kinds, special and general. | How are benefits resulting from public improvements where property is taken by condemnation classified? | 001917.docx | LEGALEASE-00119647-LEGALEASE-00119648 |
| Chicago Transparent Prod. v. Am. Nat. Bank & Tr. Co. of Chicago, 337 Ill. App. 3d 931 | 233+590 | Where the terms of lease are unambiguous, they should be strictly enforced as written; however, where the terms are ambiguous, the language must be construed in the lessee's favor and against the lessor. | Should the construction of the lease be in favor of the lessee when its terms are ambiguous? | Landlord and Tenant - Memo 64 - ANG.docx | LEGALEASE-00008180-LEGALEASE-00008181 |
| Chicago Transparent Prod. v. Am. Nat. Bank & Tr. Co. of Chicago, 337 Ill. App. 3d 931 | 233+590 | Where the terms of lease are unambiguous, they should be strictly enforced as written; however, where the terms are ambiguous, the language must be construed in the lessee's favor and against the lessor. | Should the construction of the lease be in favor of the lessee when its terms are ambiguous? | 001945.docx | LEGALEASE-00119674-LEGALEASE-00119675 |
| French-Tex Cleaners v. Cafaro Co., 893 N.E.2d 1156 | 233+590 | Under the law of Ohio, in interpreting lease provisions, courts have applied traditional contract principles. | Do the courts apply traditional contract principles while interpreting lease provisions? | Landlord and Tenant - Memo 66 - ANG.docx | ROSS-003289557-ROSS-003289558 |
| Gap v. GK Dev., 843 F.3d 744 | 157+461(1) | When the parties' intent becomes a question of fact because a lease contains an ambiguity, that question is answered under North Dakota law with reference to extrinsic evidence. NDCC S 9-07-12. | Could extrinsic evidence be referred to for inferring intent of the parties to a lease? | 001952.docx | LEGALEASE-00119692-LEGALEASE-00119693 |
| Marano v. Gibbs, 45 Ohio St. 3d 310 | 317A+101 | While it is important that an entity be subject to regulatory control, such regulation does not necessarily require entity to be considered a public utility. R.C. SS 519.01 et seq., 519.21, 4905.02, 4905.03, 5727.01. | Should an entity be subject to regulatory control in order to be considered as a public utility? | 001973.docx | LEGALEASE-00119660-LEGALEASE-00119661 |
| Clark v. TAP Pharm. Prod., 343 Ill. App. 3d 295 | 401+4 | It is in the best interest of the public that when a dispute arises over a product that is purchased locally, the best interests of justice are served by resolving that dispute in local courts. | Is it in the best interest of the public that local disputes are settled in local courts? | Venue - Memo 60 - ANG.docx | ROSS-003311728-ROSS-003311729 |
| KPMG LLP v. Cocchi, 565 U.S. 18 | 25T+114 | The Federal Arbitration Act reflects an emphatic federal policy in favor of arbitral dispute resolution; this policy, as contained within the Act, requires courts to enforce the bargain of the parties to arbitrate, and cannot possibly require the disregard of state law permitting arbitration by or against nonparties to the written arbitration agreement. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act reflect an emphatic federal policy in favor of arbitral dispute resolutions? | Alternative Dispute Resolution - Memo 275 - RK.docx | ROSS-003284280-ROSS-003284282 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ziegler v. Whale Sec. Co., 786 F. Supp. 739 | 25T+139 | In construing arbitration agreement, court must resolve all doubts in favor of arbitration, and party should be required to arbitrate all matters, not explicitly excluded, that reasonably fit within language used. | How do courts determine if the parties have agreed to arbitration? | 002798.docx | LEGALEASE-00119733-LEGALEASE-00119735 |
| Aliments Krispy Kernels v. Nichols Farms, 851 F.3d 283 | 25T+116 | Federal court uses the forum state's choice-of-law rule to determine the applicable state law to apply when determining whether the parties agreed to arbitrate their dispute. | How do courts determine which state's choice of law rules apply? | 002801.docx | LEGALEASE-00119736-LEGALEASE-00119738 |
| Datatreasury Corp. v. Wells Fargo & Co., 522 F.3d 1368 | 25T+141 | Federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead, ordinary contract principles determine who is bound. | How do courts determine the validity of an agreement to arbitrate? | 002808.docx | LEGALEASE-00119743-LEGALEASE-00119745 |
| Smith v. Com., 220 Va. 696 | 203+564 | While the motive is not an essential element of the crime of murder, the motive is usually an element relevant to establish intent when a conviction is based primarily on circumstantial evidence; "motive" is defined as "Cause or reason that moves the will and induces action. An inducement, or that which leads or tempts the mind to indulge a criminal act". | Is motive an essential element of murder? | 002860.docx | LEGALEASE-00119759-LEGALEASE-00119760 |
| Cochran v. Hasty, 378 So. 2d 1131 | 386+3 | To be a trespass, the act resulting in injury must come as a result of the application of direct force. Code of Ala.1975, S 6-2-34(2). | Must the act resulting in injury come as a result of the application of direct force to constitute a trespass? | 002955.docx | LEGALEASE-00119819-LEGALEASE-00119820 |
| Calop Bus. Sys. v. City of Los Angeles, 984 F. Supp. 2d 981 | 231H+8 | Preemption of employment standards within the traditional police power of the State should not be lightly inferred. | Is pre-emption of employment standards within the traditional police power of the state that should not be lightly inferred? | Labor and Employment - Memo 60 - VP.docx | ROSS-003285593-ROSS-003285595 |
| Rogers v. Brown, 986 F. Supp. 354 | 95+47 | Under Louisiana law, mere will of parties will bind them to contract, without what common-law courts would deem to be consideration to support contract, so long as parties have lawful cause, which need not have any economic value. | Can an obligation exist without a lawful cause? | 002452.docx | LEGALEASE-00119893-LEGALEASE-00119894 |
| Green v. State Civil Serv. Comm'n, 90 Ohio St. 252 | 162+423 | Separate action must be filed upon claim against estate to which objection has been filed rather that filing petition for payment of claim in probate action. West's F.S.A. S 733.705(3). | Do independent action requires the filing of a separate action upon a claim against an estate? | 002482.docx | LEGALEASE-00120052-LEGALEASE-00120053 |
| Com. v. Lafferty, 426 Pa. 541 | 317A+101 | The distinction between a public utility and business entity which is not a "public utility" is that the public utility holds itself out to the public generally and may not refuse any legitimate demand for service whereas the private business independently determines whom it will serve. 66 P.S. S 1101 et seq. | How is a public utility distinguished from any other business entity? | Public utilities - Memo 37 - RM.docx | LEGALEASE-00008763-LEGALEASE-00008764 |
| In re Jones, 534 B.R. 588 | 366+1 | Under Vermont law, application of equitable subrogation is not based simply on whether a lender paid another's debt; rather, it contemplates a balancing of the equities between competing claimants. | Is the application of equitable subrogation based on whether a lender paid another's debt? | Subrogation - Memo 14 - VP.docx | ROSS-003287819-ROSS-003287821 |
| Ysasaga v. Nationwide Mut. Ins. Co., 279 S.W.3d 858 | 366+27 | Contractual subrogation clauses express the parties' intent that reimbursement should be controlled by agreed contract terms rather than external rules imposed by the courts. | How is a contractual subrogation created? | 002594.docx | LEGALEASE-00119977-LEGALEASE-00119978 |
| Ali v. Dist. Dir., 209 F. Supp. 3d 1268 | 221+179 | The determination of whether a person has diplomatic immunity is a mixed question of fact and law. | Is the determination of whether a person has diplomatic immunity a mixed question of fact and law? | 002821.docx | LEGALEASE-00119858-LEGALEASE-00119859 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Detroit Edison Co. v. F.E.R.C., 334 F.3d 48 | 145+11(4) | Federal Energy Regulatory Commission (FERC) exceeded its statutory jurisdiction by accepting a tariff filing by operator of electric transmission facilities which allowed unbundled retail customers to take distribution service under a FERC tariff; section of the Federal Power Act (FPA) denies FERC jurisdiction over local distribution facilities and any unbundled retail service occurring over those facilities. Federal Power Act, S 201(b)(1), as amended, 16 U.S.C.A. S 824(b)(1). | Does the FERC have jurisdiction over the transmission of electric energy? | 002844.docx | LEGALEASE-00119952-LEGALEASE-00119953 |
| Beroth Oil Co. v. Whiteheart, 173 N.C. App. 89 | 249+23 | Want of probable cause may not be inferred from malice for purposes of determining whether there is a cause of action for malicious prosecution but malice may be inferred from want of probable cause. | Can lack of probable cause be inferred from malice in a malicious prosecution claim? | 05263.docx | LEGALEASE-00082083-LEGALEASE-00082084 |
| Rogers v. Brown, 986 F. Supp. 354 | 95+47 | Under Louisiana law, mere will of parties will bind them to contract, without what common-law courts would deem to be consideration to support contract, so long as parties have lawful cause, which need not have any economic value. | Can an obligation exist without a lawful cause? | Action - Memo 30 - ANG.docx | LEGALEASE-00009169-LEGALEASE-00009170 |
| Waltier v. Thomson, 189 F. Supp. 319 | 221+180 | A consular official is immune from suit when acts complained of were performed in the course of his official duties. | Is a consular official immune form suit when the acts complained of were performed in the course of his official duties? | Ambassadors and Consuls - Memo 16 - RK.docx | ROSS-003284388-ROSS-003284389 |
| United States v. Archer, 51 F. Supp. 708 | 221+176 | The United States has authority to confer on a consul, within limits of consulate or embassy, power to administer oath, and, to extent of such power, consul becomes a magistrate. | Does the United States have the authority to confer on a counsel the power to administer oaths? | 003022.docx | LEGALEASE-00120537-LEGALEASE-00120538 |
| State v. Rogers, 2007 MT 227 | 352H+184 | State need not prove direct evidence of arousal, or intent to be aroused, in order to meet its burden of proving the sexual contact element of sexual assault; the jury may infer intent of sexual arousal from the defendant's acts. MCA 45-5-502. | Can the jury infer the intent of sexual arousal from the defendants acts? | 003213.docx | LEGALEASE-00120572-LEGALEASE-00120573 |
| Howard v. Cty. of Amador, 220 Cal. App. 3d 962 | 233+531 | Distinguishing characteristics of a "leasehold estate" are that the lease gives the lessee exclusive possession of the premises against all the world, including the owner, and its term is limited to endure for a definite and ascertained period, however short or long the period may be. | Are leases characterized by the exclusive possession of premises they provide against the world? | 003292.docx | LEGALEASE-00120483-LEGALEASE-00120484 |
| Indus. Gas Co. v. Pub. Utilities Comm'n of Ohio, 135 Ohio St. 408 | 317A+101 | Whether a corporation is operating as a public utility is determined by the character of the business in which it is engaged, rather than by the purpose clause of its charter. Gen.Code, SS 614-2, 614-2a, 614-3. | Do the powers conferred upon a corporation by charter determine whether it is a public utility or not? | 003491.docx | LEGALEASE-00120317-LEGALEASE-00120318 |
| Washington Mut. Bank v. Chiappetta, 584 F. Supp. 2d 961 | 366+1 | Under Ohio law, the right to equitable subrogation depends upon the facts and circumstances of each case, and the basis for the claim must be readily apparent. | What does the doctrine of equitable subrogation depend upon? | Subrogation - Memo 102 - VP C.docx | ROSS-003297533-ROSS-003297534 |
| In re Saenz, 516 B.R. 423 | 366+29 | Under Texas law, the doctrine of equitable subrogation allows a party who would otherwise lack standing to step into the shoes of and pursue the claims belonging to a party with standing. | Do courts interpret the doctrine of equitable subrogation liberally? | 003555.docx | LEGALEASE-00120359-LEGALEASE-00120360 |
| Sun Valley Fin. Servs. of Phoenix v. Guzman, 212 Ariz. 495 | 366+1 | Application of the doctrine of equitable subrogation depends upon the particular facts and circumstances of each case, and subrogation can only be granted when an equitable result will be reached. | What does the application of equitable subrogation depend upon? | Subrogation - Memo 76 - ANG C.docx | ROSS-003301438-ROSS-003301440 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nebraska Beef, Ltd. v. Universal Sur. Co., 9 Neb. App. 40 | 366+1 | Doctrine of subrogation does not rest on contract, and no general rule can be laid down which will afford a test for its application in all cases; rather, the facts and circumstances of each case determine whether the doctrine is applicable. | Does the doctrine of subrogation rest on a contract? | 003643.docx | LEGALEASE-00120429-LEGALEASE-00120430 |
| Nebraska Beef, Ltd. v. Universal Sur. Co., 9 Neb. App. 40 | 366+1 | Doctrine of subrogation does not rest on contract, and no general rule can be laid down which will afford a test for its application in all cases; rather, the facts and circumstances of each case determine whether the doctrine is applicable. | Does the doctrine of subrogation rest on a contract? | Subrogation - Memo 92 - VP C.docx | LEGALEASE-00009967-LEGALEASE-00009968 |
| Amaya v. City of San Antonio, 980 F. Supp. 2d 771 | 148+81.1 | To recover under Texas's constitutional takings clause, one must first demonstrate an ownership interest in the property taken; plaintiff must then prove that (1) the government's intentional acts (2) resulted in a taking of the plaintiff's property (3) for public use. Vernon's Ann.Texas Const. Art. 1, S 17. | What must be demonstrated to recover under the constitutional takings clause? | 003151.docx | LEGALEASE-00120817-LEGALEASE-00120818 |
| Howard v. State, 400 So. 2d 1329 | 203+656 | An accidental killing may support a conviction for murder, manslaughter, or negligent homicide, depending on the circumstances of the case. Code 1975, SS 13A-5-40(a), 13A-6-2(a)(2), 13A-6-3(a)(1). | Can an accidental killing support a conviction for murder or homicide? | 05052.docx | LEGALEASE-00083711-LEGALEASE-00083713 |
| First Citizens Bank & Tr. Co. v. Harrison, 181 Wash. App. 595 | 209+129 | Statutes passed for the benefit of dependent Indian tribes are to be liberally construed, doubtful expressions being resolved in favor of the Indians. | Will the courts construe the statutes liberally in favor of the Indians Tribes? | Indians - Memo 44 - BP.docx | ROSS-003296536-ROSS-003296537 |
| Martin v. O'Daniel, 507 S.W.3d 1 | 249+40 | The false testimony of a witness given in the course of a judicial proceeding is privileged and will not support a cause of action against him for malicious prosecution. | Will the testimony of a witness in a judicial proceeding privileged for malicious prosecution? | 003376.docx | LEGALEASE-00120713-LEGALEASE-00120714 |
| Barrett Mobile Home Transp. v. McGugin, 530 So. 2d 730 | 249+44 | A malicious prosecution action does not accrue until time for filing notice of appeal in underlying case has expired, and, if appeal is taken, action for malicious prosecution will not accrue until appeal has been finally decided. | When does a cause of action for malicious prosecution accrue? | Malicious Prosecution - Memo 88 - AKA.docx | ROSS-003283698-ROSS-003283699 |
| New York Life Ins. Co. v. Hageman, 80 F.2d 446 | 289+856 | Interest of deceased partner in partnership property does not pass to his personal representative, but vests in surviving partners for purposes of liquidation and settlement. S.H.A. ch. 3, SS 88-90. | "On the death of a partner, does his right in partnership property vest in the surviving partner?" | Partnership - Memo 112 - RK.docx | ROSS-003283392-ROSS-003283393 |
| Chadron Energy Corp. v. First Nat. Bank of Omaha, 236 Neb. 173 | 366+2 | Doctrine of subrogation includes every instance in which one person pays debt for which another is primarily liable and which in equity and good conscience should have been discharged by the latter, so long as payment was made under compulsion or for protection of some interest of one making payment and in discharge of existing liability. | Is equitable subrogation available when one person pays debt for which another is primarily liable? | 003547.docx | LEGALEASE-00120679-LEGALEASE-00120681 |
| New York State Ass'n of Enrolled Agents v. New York State Dep't of Taxation & Fin., 29 Misc. 3d 332 | 148+2.4 | A reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services. U.S.C.A. Const.Amend. 5. | "Is reasonable user fee a taking, if it is imposed for the reimbursement of the cost of government services?" | 017363.docx | LEGALEASE-00120924-LEGALEASE-00120926 |
| Cummins v. Robinson Twp., 283 Mich. App. 677 | 148+2.1 | The Taking Clause does not guarantee property owners an economic profit from the use of their land. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 10, S 2. | Does the Taking Clause guarantee property owners an economic profit from the use of their land? | Eminent Domain - Memo 163 - GP.docx | ROSS-003288345-ROSS-003288346 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nat'l Sur. Co. v. Seymour, 46 Ga. App. 109 | 360+52 | Short-term fertilizer inspectors are not subject to removal by commissioner of agriculture, except on cause shown, with notice and opportunity to be heard (Park's Ann.Civ.Code, S 1780). | Are fertilizer inspectors subject to removal by the commissioner of agriculture? | 019475.docx | LEGALEASE-00121252-LEGALEASE-00121253 |
| Pring v. Penthouse Int'l, Ltd., 695 F.2d 438 | 237+19 | Test in defamation action is whether story is not characterized as "fiction," "humor," or anything else in publication, but whether charged portions in context could be reasonably understood as describing actual facts about plaintiff or actual events in which plaintiff participated. | "How are humorous, fictional publications dealt with under defamation law?" | 021037.docx | LEGALEASE-00121604-LEGALEASE-00121605 |
| Christian v. Smith, 276 Neb. 867 | 307A+3 | A motion in limine is only a procedural step to prevent prejudicial evidence from reaching the jury, and it is not the office of such a motion to obtain a final ruling upon the ultimate admissibility of the evidence. | Is a motion in limine a procedural step to prevent prejudicial evidence from reaching the jury? | Pretrial Procedure - Memo # 27 - C - KI.docx | ROSS-003284020-ROSS-003284021 |
| Clausen v. State, 622 N.E.2d 925 | 110+632(4) | Ruling on motion in limine does not determine ultimate admissibility of evidence; determination as to admissibility is made by trial court in context of trial itself, and thus denial of motion in limine alone is insufficient to preserve error for incorrect ruling on motion. | Does the trial court's ruling on a motion in limine determine the ultimate admissibility of the evidence? | Pretrial Procedure - Memo # 28 - RM C.docx | ROSS-003282229-ROSS-003282230 |
| Maldonado v. Kiewit Louisiana Co., 152 So. 3d 909 | 307A+3 | The trial court has great discretion in its consideration of evidentiary matters such as motions in limine. LSA-C.C.P. art. 1635. | Does the trial court have great discretion in its consideration of evidentiary matters such as motions in limine? | Pretrial Procedure - Memo # 52 - C - AP.docx | ROSS-003283810-ROSS-003283812 |
| Ryan v. Case New Holland, 211 So. 3d 611 | 307A+3 | A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court. | Does the trial court have great discretion in its consideration of evidentiary matters such as motions in limine? | 032183.docx | LEGALEASE-00121140-LEGALEASE-00121141 |
| Patterson v. Thompson, 277 S.W.2d 314 | 317A+102 | Public Service Commission Law was intended to supplement, not to repeal, existing law except where in direct conflict with it. Section 389.610 RSMo 1949, V.A.M.S. | Does the Public Service Commission Law repeal the existing law in conflict with it? | 042591.docx | LEGALEASE-00121311-LEGALEASE-00121312 |
| Neal v. State Farm Fire & Cas. Co., 300 Ga. App. 68 | 352H+51(1) | Defendant who was charged with attempted statutory rape was not entitled to cross-examine victim as to whether she told him she was 16; knowledge of the age of the victim was not an element of the offense of statutory rape, and reasonable belief that the victim was of the age of consent was not a defense to statutory rape. | Is knowledge of victims age an element in the offense of statutory rape? | 042895.docx | LEGALEASE-00121228-LEGALEASE-00121229 |
| State v. Gray, 292 N.C. 270 | 352H+69 | When deadly weapon is displayed in threatening manner in course of single transaction of forcible rape or sodomy, offense is aggravated rape or aggravated sodomy. V.A.M.S. SS 566.030, 566.060. | Question Will it become aggravated rape if the actor used a deadly weapon during the offense? | Sex Offence - Memo 18 - BP.docx | LEGALEASE-00011141-LEGALEASE-00011142 |
| Goodin v. State, 726 S.W.2d 956 | 352H+72 | Physical resistance is not required for a rape conviction when the victim failed to resist out of reasonable fear of great bodily harm. | Is a rape victims physical resistance required for a rape conviction? | 042910.docx | LEGALEASE-00121485-LEGALEASE-00121486 |
| W. Cas. & Sur. Co. v. Bowling, 39 Colo. App. 357 | 38+73 | Subrogation and assignment are distinct and legal concepts in that subrogation operates only to secure contribution and indemnity, whereas assignment transfers the whole claim. | Do assignment and subrogation remain distinct legal concepts? | Subrogation - Memo # 427 - C - SA.docx | ROSS-003297673-ROSS-003297674 |
| Williams v. Erie Ins. Grp., 86 Ohio App. 3d 660 | 217+3513(3) | "Equitable subrogation" is essentially theory of unjust enrichment wherein insured is unjustly enriched if amount he receives from tort-feasor and his own insurance company exceeds amount of his loss and, thus, recovery may be had by insurer despite lack of proof of agreement, as insured is not prejudiced thereby. | Is unjust enrichment related to the doctrine of equitable subrogation? | Subrogation - Memo # 456 - C - NO.docx | ROSS-003283650-ROSS-003283652 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Cont'l Cas. Co. v. Ryan Inc. E., 974 | 366+1 | Basically, equitable subrogation is an equitable remedy created by the legal consequences of the acts and relationships of the parties. | Is equitable subrogation an equitable remedy created by the legal consequences of the acts and relationships of the parties? | Subrogation - Memo # 469 - C - SA.docx | ROSS-003311529-ROSS-003311530 |
| Kirwan v. Chicago Title Ins. Co., 9 Neb. App. 372 | 366+1 | Subrogation is an equitable doctrine and depends upon a just resolution of a dispute under a particular set of facts. | "As an equitable principle, does subrogation depend upon a just resolution of a dispute under a particular set of facts?" | Subrogation - Memo # 479 - C - SA.docx | ROSS-003301501-ROSS-003301503 |
| Wimer v. Pennsylvania Employees Benefit Tr. Fund, 595 Pa. 627 | 366+1 | Doctrine of subrogation is based on principles of equity and is enforced to bring about substantial justice. | Is the doctrine of subrogation based on principles of equity and enforced to bring about substantial justice? | Subrogation - Memo # 490 - C - SA.docx | ROSS-003311128-ROSS-003311130 |
| Lincoln Nat'l Health & Cas. v. Mitsubishi Motor Sales, 778 So. 2d 392 | 366+22 | The right to pursue a claim for equitable subrogation arises when the person discharging the obligation is under a legal duty to do so or when the person discharges the obligation to protect an interest in, or a right to, the property. | Is the purpose of equitable subrogation to prevent unjust enrichment by assuring that the person responsible for the debt ultimately answers for its discharge? | 043761.docx | LEGALEASE-00121589-LEGALEASE-00121590 |
| In re V. Pangori & Sons, 53 B.R. 711 | 366+21 | Reimbursement is equitable right implied in law in favor of surety against the principal; although both subrogation and reimbursement are rights which arise at time the surety becomes obligated to pay debts on behalf of the principal, neither ripens into an enforceable cause of action until the surety is actually called upon to satisfy a claim. | Does the right of subrogation arise when a surety becomes obligated to satisfy the debts of its principal? | 043906.docx | LEGALEASE-00121106-LEGALEASE-00121107 |
| In re Big Idea Prods., 372 B.R. 388 | 366+8 | Under Texas law, a surety can be subrogated not only to the rights of the creditor, but also to the rights of the principal on whose behalf the surety paid. | "Can a surety be subrogated not only to the rights of the creditor, but also to the rights of the principal on whose behalf the surety paid?" | 043951.docx | LEGALEASE-00121160-LEGALEASE-00121161 |
| Kim v. Lee, 145 Wash. 2d 79 | 366+1 | Subrogation is fundamentally an equitable concept designed to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | What is the concept of Subrogation? | Subrogation - Memo # 635 - C - SA.docx | ROSS-003284804-ROSS-003284805 |
| DePuy v. Farmer, 847 N.E.2d 160 | 366+1 | The main goals of common law subrogation are to reimburse the subrogee for payments made by it, and prevent unjust enrichment of the subrogor. | What are the main goals of common law subrogation? | Subrogation - Memo # 711 - C - SA.docx | ROSS-003311638-ROSS-003311639 |
| In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | Equity rules are not absolute and competing equities must be considered in any subrogation-restitution situation; the subrogee must have clear equity, and subrogation is defeated by countervailing equities. | Should competing equities be considered in any subrogation-restitution situation? | Subrogation - Memo # 724 - C - NO.docx | ROSS-003295834-ROSS-003295835 |
| Smith Land Co. v. Christensen, 148 F.2d 184 | 23+3.3(5) | The provisions in Agricultural Adjustment Act establishing procedure for claim for refund of penalty on surplus wheat provides an exclusive method for obtaining refund. Agricultural Adjustment Act of 1938, S 372, as amended, 7 U.S.C.A. S 1372. | "According to the Agricultural Adjustment Act of 1938, who should collect and remit all penalties on surplus wheat?" | 006755.docx | LEGALEASE-00122389-LEGALEASE-00122390 |
| Herrington v. Union Planters Bank, N.A., 113 F. Supp. 2d 1026 | 25T+121 | Contractual waiver of punitive damages under statute is not valid ground for refusing to compel arbitration of statutory claim. | Is the contractual waiver of punitive damages a valid ground for refusing to compel arbitration? | 007064.docx | LEGALEASE-00122408-LEGALEASE-00122409 |
| CompuCredit Corp. v. Greenwood, 565 U.S. 95 | 25T+121 | Contractually required arbitration of claims satisfies the statutory prescription of civil liability in court. | Do arbitration claims satisfy the statutory prescription of civil liability in courts? | 007071.docx | LEGALEASE-00122413-LEGALEASE-00122415 |
| State v. Kosewicz, 174 Wash. 2d 683 | 203+583 | While a predicate felony is an element of felony murder charge, the defendant is not actually charged with the underlying crime, and predicate felony merely substitutes for the mental state the state is otherwise required to prove. West's RCWA 9A.32.030(1)(c). | Is kidnapping an element of murder? | 019327.docx | LEGALEASE-00122446-LEGALEASE-00122447 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Rockwell v. Allegheny Health, Educ. & Research Found., 19 F. Supp. 2d 401 | 237+6(1) | Under Pennsylvania law, opinion that is not based on disclosed facts is "mixed opinion," comprising factual statements that surpass mere expressions of opinion; mixed opinion implies existence of undisclosed facts and is therefore actionable. 42 Pa.C.S.A. S 8343; Restatement (Second) of Torts S 566. | What is a mixed opinion? | 021049.docx | LEGALEASE-00122103-LEGALEASE-00122104 |
| Butler v. Adecco USA Inc., 189 F. Supp. 3d 305 | 237+6(1) | Although a statement of fact is not shielded from an action for defamation under Massachusetts law by being prefaced with the words "in my opinion," a statement that does not contain objectively verifiable facts is not actionable. | Are statements that do not contain verifiable facts actionable as defamation? | 021069.docx | LEGALEASE-00122263-LEGALEASE-00122265 |
| Harris v. Wallette, 538 So.2d 728 | 289+502 | Income tax returns were entitled to some evidentiary weight for purpose of determining if business was partnership. | Are income tax returns given evidentiary weight when determining if a business is a partnership? | Partnership - Memo 102 - RK.docx | ROSS-003284243-ROSS-003284244 |
| Thompson v. U.S., 87 Fed.Cl. 728 | 289+1145 | Under either the ULPA or RULPA, a limited partner would lose his limited liability status if he participated in the control of the business, that is, a limited partner's level of participation in the business dictates whether or not he enjoyed limited liability; but, the converse is not true, so that a limited partner who takes part in control of the business becomes liable as a general partner. Uniform Limited Partnership Act, S 303(a). | Does a limited partner lose his limited liability status if he participates in the control of the business? | Partnership - Memo 104 - RK.docx | ROSS-003312579-ROSS-003312580 |
| Blocker Exploration Co. v. Frontier Exploration, 740 P.2d 983 | 260+97 | Three essential elements of mining partnership are joint ownership, joint operation, and express or implied agreement to share profits and losses; if mining partnership exists, partners are characterized as operators and have a limited power (less than the power of a general partner) to bind other members of the partnership. | What are the essential elements of a mining partnership? | 021835.docx | LEGALEASE-00122496-LEGALEASE-00122497 |
| Shalett v. Brownell-Kidd Co., 153 So.2d 425 | 289+412 | Determination of whether partnership is a commercial partnership or an ordinary partnership depends upon intention of parties and nature of business. LSA-C.C. arts. 2825, 2826. | What is the test for determining whether a partnership is a commercial or an ordinary partnership? | 021872.docx | LEGALEASE-00122538-LEGALEASE-00122539 |
| Hardy v. Gen. Motors Corp., 126 Ohio App. 3d 455 | 307A+3 | Motion in limine seeks a preliminary and temporary exclusion of evidence by trial court. | Does a motion in limine seek a preliminary and temporary exclusion of evidence by trial court? | Pretrial Procedure - Memo # 165 - C - CRB.docx | ROSS-003282397-ROSS-003282398 |
| Taylor v. Dowling Gosslee & Assocs., 22 So. 3d 246 | 307A+3 | A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court; this great discretion extends to the trial court's assessment of the probative value of evidence. | A motion in limine is an evidentiary matter and great discretion is given to the trial court on its rulings on such evidentiary matters. | 024107.docx | LEGALEASE-00121968-LEGALEASE-00121969 |
| Ratcliff v. Sprint Missouri, 261 S.W.3d 534 | 307A+3 | Trial court's ruling on a motion in limine is interlocutory and subject to change during the course of trial. | Is a trial court's ruling on a motion in limine interlocutory and subject to change during the course of trial? | 024242.docx | LEGALEASE-00121882-LEGALEASE-00121883 |
| Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+3 | The granting or denying of a motion in limine is within the sound discretion of the trial court. | Is the granting or denying of a motion in limine within the sound discretion of the trial court? | Pretrial Procedure - Memo # 11 - C - KA.docx | ROSS-003324512-ROSS-003324513 |
| Cass Bank & Tr. Co. v. Mestman, 888 S.W.2d 400 | 307A+3 | Motion in limine is appropriate when mere asking of improper question in front of jury may be so prejudicial that party will be denied right to fair trial. | Is a motion in limine a substitute for a summary judgment motion? | 029654.docx | LEGALEASE-00122172-LEGALEASE-00122173 |
| Johnson v. Chiu, 199 Cal. App. 4th 775 | 307A+3 | In limine motions are not designed to replace the dispositive motions prescribed by the Code of Civil Procedure. | Are in limine motions designed to replace the dispositive motions prescribed by the Code of Civil Procedure? | Pretrial Procedure - Memo # 367 - C - TJ.docx | ROSS-003324035-ROSS-003324036 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | A multistep evidentiary analysis applies to the first "admissibility of evidence" factor in the motion in limine analysis. | "Does a multistep evidentiary analysis apply to the first ""admissibility of evidence"" factor in the motion in limine analysis?" | 029900.docx | LEGALEASE-00122201-LEGALEASE-00122202 |
| Hous. Auth. of Macon v. Younis, 279 Ga. App. 599 | 307A+3 | A motion in limine should be granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | Should a motion in limine be granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? | Pretrial Procedure - Memo # 31 - C - TJ.docx | ROSS-003284192-ROSS-003284194 |
| Fergus v. Songer, 150 Cal. App. 4th 552 | 30+3959 | Where the granting of a motion in limine disposes of one or more causes of action, it is the functional equivalent of the granting of a nonsuit as to those causes of action, and in such circumstances, the appellate court must view the evidence most favorably to appellants, resolving all presumptions, inferences, and doubts in their favor, and must uphold the judgment for appellee on the applicable causes of action only if it was required as a matter of law. | Is the granting of a motion in limine the functional equivalent of the granting of a nonsuit as to those causes of action? | Pretrial Procedure - Memo # 32 - C - TJ.docx | ROSS-003288391-ROSS-003288392 |
| In re Flamingo 55, 378 B.R. 893 | 366+1 | Under California law, given the equitable origins of subrogation, sometimes equitable concerns may override the stated elements of the judge-made doctrine. | Can equitable concerns override the stated elements of the judge-made doctrine? | Subrogation - Memo # 535 - C - NO.docx | ROSS-003297741-ROSS-003297742 |
| Brooks v. Pennington, 995 So. 2d 733 | 13+61 | A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. | Does a cause of action accrue when it comes into existence as an enforceable claim? | Action - Memo # 82 - C - NO.docx | ROSS-003283172-ROSS-003283173 |
| In re Brown, 226 B.R. 39 | 13+61 | Under Montana law, a cause of action arises when it springs up, originates, comes into being, becomes operative, or presents itself. | "Does a cause of action arise when it springs up, originates, comes into being, becomes operative, or presents itself?" | Action - Memo # 84 - C - NO.docx | ROSS-003310665 |
| Weiss v. Smulders, 313 Conn. 227 | 51+2154.1 | First specialty food business and its owner had standing to pursue their promissory estoppel claim against second specialty food business and its owner, regardless of the approach used to determine whether the promissory estoppel claim existed as of first owner's bankruptcy petition date; under the state law approach, the cause of action accrued when the defendant failed to fulfill its promise, or after the bankruptcy filing, and the claim would not have been the property of the bankruptcy estate, and under the federal approach, even if the promissory estoppel claim had some prepetition roots, any promise supporting the promissory estoppel claim did not occur until after the bankruptcy petition was filed. 11 U.S.C.A. S 541. | Does a cause of action for promissory estoppel accrue when the defendant fails to fulfill its promise? | Action - Memo # 97 - C - NO.docx | ROSS-003310736-ROSS-003310737 |
| Dep't of Transp. v. Soldovere, 519 So. 2d 616 | 13+61 | Cause of action for negligence of another accrues at time injury is first inflicted, whether action is against private party or the state. West's F.S.A. S 768.28(5). | Does cause of action for negligence of another accrues at time injury is first inflicted? | Action - Memo # 130 - C - CS.docx | ROSS-003298228-ROSS-003298230 |
| Gen. Motors Acceptance Corp. v. Howard, 487 S.W.2d 708 | 13+61 | Cause of action accrues when facts come into existence which entitle one to institute and maintain a suit. | Does a cause of action accrue when facts come into existence which entitle one party to maintain an action against another? | 005614.docx | LEGALEASE-00124007-LEGALEASE-00124009 |
| Milde v. Leigh, 75 N.D. 418 | 13+61 | A cause of action does not "accrue" until the party owning it is entitled to begin and prosecute an action thereon. | Does a cause of action accrue before the party owning it is entitled to begin and prosecute an action thereon? | 005632.docx | LEGALEASE-00124027-LEGALEASE-00124028 |
| Milde v. Leigh, 75 N.D. 418 | 13+61 | A cause of action does not "accrue" until the party owning it is entitled to begin and prosecute an action thereon. | "Does a cause of action ""accrue"" before the party owning it is entitled to begin and prosecute action thereon?" | Action - Memo # 180 - C - CS.docx | ROSS-003283741-ROSS-003283742 |
| In re S & D Foods, 144 B.R. 121 | 13+1 | To pursue cause of action under Colorado law, plaintiff must suffer actual injury to legally protected interest. | Does harm to the plaintiff's legally protected interest need to be finally established for a cause of action to accrue? | 005820.docx | LEGALEASE-00123046-LEGALEASE-00123047 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Saylor v. Hall, 497 S.W.2d 218 | 117+9 | Right of action for negligence proximately causing injury or death, which is constitutionally protected, requires more than mere conduct before recovery can be attempted; recovery is not possible until a cause of action exists, and a cause of action does not exist until the conduct causes injury that produces loss or damage. Const. SS 14, 54, 241. | Does a cause of action exist before the conduct causes injury that produces loss or damage? | Action - Memo # 40 - C - LK.docx | ROSS-003312990-ROSS-003312991 |
| Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821 | 13+61 | Cause of action exists when some damages occurs even though the ultimate damage is unknown or unpredictable. | Does a cause of action exist even though the ultimate damage is unknown or unpredictable? | 005842.docx | LEGALEASE-00123225-LEGALEASE-00123226 |
| Sierra Club v. Otter Tail Power Co., 615 F.3d 1008 | 241+43 | A claim first accrues as soon as the right to institute and maintain a suit arises. | Does a claim or cause of action first accrue as soon as the right to institute and maintain a suit arises? | Action - Memo # 54 - C - LK.docx | ROSS-003298513 |
| Konecny v. United States, 388 F.2d 59 | 13+61 | A cause of action accrues as soon as the right to institute and maintain a suit arises. | Does a claim or cause of action first accrue as soon as the right to institute and maintain a suit arises? | 005852.docx | LEGALEASE-00123285-LEGALEASE-00123286 |
| Monsanto Co. v. Miller, 455 N.E.2d 392 | 241+43 | Cause of action accrues when injury, wrongfully inflicted, causes damage; it is not necessary that extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred. | Should the full extent of the damage be known for an action to accrue? | Action- Memo # 73 - C - LK.docx | ROSS-003308870-ROSS-003308871 |
| United States v. Kemp, 500 F.3d 257 | 372+1021 | District Court did not misstate the law when instructing jury on the bribery theory of honest services wire fraud; Court repeatedly emphasized the quid pro quo element, explained that it was not necessary to show that any specific benefit was given in exchange for any specific official act, and explained that specific intent to engage in a quid pro quo exchange was required. 18 U.S.C.A. S 1346. | Is it required to show that any specific benefit was given in exchange for a specific official act under the stream of benefits theory of bribery? | 011029.docx | LEGALEASE-00123240-LEGALEASE-00123242 |
| A-1 Cigarette Vending v. United States, 49 Fed. Cl. 345 | 148+2.1 | The mere assertion of jurisdiction by an agency and the issuing of proposed regulations cannot effect a regulatory taking. U.S.C.A. Const.Amend. 5. | Can the mere assertion of jurisdiction by an agency and the issuing of proposed regulations effect a taking? | Eminent Domain - Memo 217 - GP.docx | ROSS-003285223-ROSS-003285224 |
| Cobb v. United States, 191 F.2d 604 | 221+139 | Regardless of invasion, occupation or cession, the law of a particular area continues in force until it is changed. | "Does the law of a particular area continue in force regardless of invasion, occupation, or cession until it is changed?" | 019910.docx | LEGALEASE-00123247-LEGALEASE-00123249 |
| Jovic v. L-3 Servs., 69 F. Supp. 3d 750 | 221+387 | The act of state doctrine is an affirmative defense, on which the defendant carries the burden of proof. | Is the act of state doctrine an affirmative defense on which the defendant carries the burden of proof? | International Law - Memo # 139 - C - SA.docx | LEGALEASE-00013066-LEGALEASE-00013067 |
| Theye Y Ajuria v. Pan Am. Life Ins. Co., 154 So. 2d 450 | 221+134 | Recognized sovereign nation can make laws binding upon its nationals within its bounds. | Can a recognized sovereign nation make laws binding upon its nationals within its bounds? | International Law - Memo # 149 - C - CAR.docx | ROSS-003311409 |
| Republic of Liberia v. Bickford, 787 F. Supp. 397 | 221+142 | Basic principle of international law is that change in government's leadership works no change in national sovereignty or its rights. | Does a change in a government's leadership work a change in the national sovereignty or its right? | International Law - Memo # 15 - C - LK.docx | ROSS-003311375-ROSS-003311377 |
| Brown v. Brown, 110 Me. 280 | 221+136 | Every state or nation possesses exclusive sovereignty and jurisdiction within its own territory. | Does every state or nation possess exclusive sovereignty and jurisdiction within its own territory? | International Law - Memo # 155 - C-CAR.docx | ROSS-003284537-ROSS-003284538 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ricaud v. Am. Metal Co., 246 U.S. 304 | 221+359 | Action of Mexican military commander representing the Carranza government in seizing and selling bullion for military purposes held not subject to re-examination and modification in the American courts, though title was in an American citizen, who was not in or a resident of Mexico at the time. | Can an act within the boundaries of one sovereign state become the subject of re-examination and modification in the courts of another state? | 019978.docx | LEGALEASE-00123171-LEGALEASE-00123172 |
| United States v. Sum of $70,990,605, 4 F. Supp. 3d 189 | 221+387 | Party invoking the act of state doctrine bears the burden to prove its applicability. | Does the party invoking the act of state doctrine bear the burden to prove its applicability? | International Law - Memo # 180 - C - PHS.docx | ROSS-003314033-ROSS-003314034 |
| Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+134 | Rights of a sovereign state are vested in the state rather than in any particular government which may purport to represent it; however, notwithstanding the distinction between a state and its government, a government may bind the sovereign it represents. | Are the rights of a sovereign vested in the state or any particular government which may represent it? | International Law - Memo # 20 - C - LK.docx | ROSS-003330179-ROSS-003330180 |
| Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | Fact that foreign sovereign has disregarded its own laws does not establish that its acts were private in nature, for purposes of determining applicability of act of state doctrine. | Does the fact that a foreign sovereign has disregarded its own laws establish that its acts were private in nature? | International Law - Memo # 228 - C - ES.docx | ROSS-003324869-ROSS-003324870 |
| Snyder v. Motorists Mut. Ins. Co., 2 Ohio App. 2d 19 | 221+138 | Sovereignty of nations bordering seas does not stop at shoreline but extends over and under the ocean for some distance. | Does the sovereignty of nations bordering seas stop at shoreline or does it extend over and under the ocean for some distance? | 020115.docx | LEGALEASE-00123144-LEGALEASE-00123146 |
| In re Kandu, 315 B.R. 123 | 221+136 | As a general matter, the laws of one nation do not have force or effect beyond its borders. | Do laws of one nation as a general matter have force or effect beyond its borders? | International Law - Memo # 4 - C - LK.docx | ROSS-003286081-ROSS-003286082 |
| Hennefeld v. Twp. of Montclair, 22 N.J. Tax 166 | 221+321 | As a general matter, the laws of one nation do not have force or effect beyond its borders. | Do laws of one nation as a general matter have force or effect beyond its borders? | 020300.docx | LEGALEASE-00123659-LEGALEASE-00123660 |
| Phillips v. Powers Discount Furniture Center, 686 So.2d 349 | 289+426(1) | Critical factor in determining whether partnership relationship exists is existence of legally binding obligation to share in losses of business. | What is the critical factor in determining the existence of a partnership? | Partnership - Memo 172 - BP.docx | ROSS-003295161-ROSS-003295162 |
| Dixon v. Sol Loeb Co., 31 Ga.App. 165 | 289+961 | The word "creditors," as used in Civ.Code 1895, S 2634, declaring that the dissolution of a partnership by the retiring of an ostensible partner must be made known to the creditors and to the world, is not limited to persons who were creditors at the time of the dissolution, but a person who had previously sold goods and given credit to the firm during its continuance was within its meaning. | Is it necessary to declare the dissolution of a partnership by the retiring of an ostensible partner to the creditor and to the world? | 021900.docx | LEGALEASE-00123179-LEGALEASE-00123180 |
| Peoples v. Fred's Stores of Tennessee, 38 So. 3d 1209 | 307A+3 | A motion in limine is an evidentiary matter in which the trial court is afforded great discretion. | Is a motion in limine an evidentiary matter in which the trial court is afforded great discretion? | 024052.docx | LEGALEASE-00123007-LEGALEASE-00123008 |
| Anderson v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll. ex rel. Louisiana State Univ. Health Sci. Ctr., 943 So. 2d 1198 | 307A+3 | The trial court has great discretion when ruling on evidentiary matters, such as motions in limine. | "Does the trial court have great discretion when ruling on evidentiary matters, such as motions in limine?" | 024167.docx | LEGALEASE-00123231-LEGALEASE-00123232 |
| State v. Whitwell, 215 S.W.3d 760 | 110+1023(3) | A ruling in limine is interlocutory only and is subject to change during the course of trial; the motion in limine, in and of itself, presents nothing for appeal. | Is a ruling in limine interlocutory only and subject to change during the course of the trial? | Pretrial Procedure - Memo # 404 - C - SN.docx | LEGALEASE-00013677-LEGALEASE-00013678 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Commitment of Kelley, 2012 IL App (1st) 110240 | 307A+3 | A ruling on a motion in limine is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. | Is a ruling on a motion in limine reversed absent an abuse of that discretion? | 024303.docx | LEGALEASE-00123846-LEGALEASE-00123847 |
| Blanks v. Shaw, 171 Cal. App. 4th 336 | 307A+3 | What in limine motions are not designed to do is to replace the dispositive motions prescribed by the Code of Civil Procedure. | Are limine motions designed to replace the dispositive motions prescribed by the Code of Civil Procedure? | 028797.docx | LEGALEASE-00122978-LEGALEASE-00122979 |
| Rhodes v. Blair, 919 S.W.2d 561 | 307A+3 | Motion in limine is traditionally used as form of motion to suppress designated testimony or evidence. | Is a motion in limine traditionally used as form of motion to suppress designated testimony or evidence? | Pretrial Procedure - Memo # 529 - C - RY.docx | LEGALEASE-00013831-LEGALEASE-00013832 |
| Albersworth v. Albersworth, 184 S.W.3d 81 | 307A+3 | "In limine" is defined as in or at the beginning and a motion in limine is traditionally used as a way of suppressing testimony or evidence at the beginning of litigation. | Is a motion in limine traditionally used as form of motion to suppress designated testimony or evidence? | 032304.docx | LEGALEASE-00122842-LEGALEASE-00122843 |
| State v. French, 1995-Ohio-32 | 307A+3 | Purpose of motion in limine is to avoid injection into the trial of matters which are irrelevant, inadmissible, and prejudicial. | Is a motion in limine designed to avoid injection into trial of potentially prejudicial matter which is not relevant and is inadmissible? | 032469.docx | LEGALEASE-00122709-LEGALEASE-00122710 |
| Hancock v. Shook, 100 S.W.3d 786 | 307A+3 | The court's ruling on a motion in limine is interlocutory and subject to change during the course of the trial. | Is the court's ruling on a motion in limine interlocutory and subject to change during the course of the trial? | Pretrial Procedure - Memo # 564 - C - SU.docx | ROSS-003302755-ROSS-003302756 |
| Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | To prevent confusion and misunderstanding during trial, both the motion in limine and the resulting order should be in writing. | "To prevent confusion and misunderstanding during trial, should both the motion in limine and the resulting order be in writing?" | 034826.docx | LEGALEASE-00122701-LEGALEASE-00122702 |
| Cunningham v. Millers Gen. Ins. Co., 227 Ill. App. 3d 201 | 307A+3 | Court should make whatever correction or interpretation of an in limine order is necessary during the trial. | Should a court make whatever correction or interpretation of an in limine order as necessary during trial? | 041161.docx | LEGALEASE-00124065-LEGALEASE-00124066 |
| Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | Motions in limine serve fundamentally different purposes than motions for summary judgment; they are not subject to the same procedural safeguards. | Do motions in limine serve different purposes than motions for summary judgment? | 041167.docx | LEGALEASE-00124077-LEGALEASE-00124078 |
| Sher v. Deane H. Tank, 269 Ill. App. 3d 312 | 30+3209 | Reviewing court will not reverse trial court's order allowing or excluding evidence in limine absent clear showing of abuse of that discretion. | Is the question of whether a motion in limine should be granted subject to the trial court's discretion? | 041181.docx | LEGALEASE-00124138-LEGALEASE-00124139 |
| City of Mission Hills v. Sexton, 284 Kan. 414 | 307A+3 | Courts employ a two-part test to evaluate alleged violations of a motion in limine: (1) whether there was a violation of the order in limine and (2) if the order in limine was violated, whether the testimony substantially prejudiced the defendant. | "When a party alleges that an order in limine has been violated, what must the trial court determine?" | 041183.docx | LEGALEASE-00124147-LEGALEASE-00124148 |
| Sacramento Mun. Util. Dist. v. F.E.R.C., 616 F.3d 520 | 317A+111 | Federal Energy Regulatory Commission's (FERC) interpretation of its own statutory jurisdiction is entitled to Chevron deference. | Is the Federal Energy Regulatory Commissions (FERC) interpretation of its own statutory jurisdiction entitled to Chevron deference? | 042244.docx | LEGALEASE-00123411-LEGALEASE-00123412 |
| Ben-Tom Supply Co. v. V. N. Green & Co., 338 F. Supp. 59 | 366+7(1) | A surety paying claims of materialmen and laborers is subrogated to their rights with respect to the contractor. | Is a surety paying claims of materialmen and laborers subrogated to their rights with respect to the contractor? | Subrogation - Memo # 947 - C - MLS.docx | ROSS-003295084-ROSS-003295086 |
| People v. Duffy, 79 N.Y.2d 611 | 368+3 | Defendant may be convicted of second-degree manslaughter for engaging in reckless conduct which results in another person's committing suicide. McKinney's Penal Law SS 15.05, subd. 3, 125.15, 125.15, subds. 1, 1(b), 3, 125.15 comment. | If a person intentionally causes or aids another person to commit suicide does it amount to second-degree manslaughter? | 044471.docx | LEGALEASE-00122619-LEGALEASE-00122620 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sanitary & Imp. Dist. No. 57 of Douglas Cty. v. City of Elkhorn, 248 Neb. 486 | 13+61 | Cause of action accrues when aggrieved party has right to institute and maintain suit. | Does a cause of action accrue when aggrieved party has the right to institute and maintain a suit? | Action - Memo #  215 - C - NO.docx | ROSS-003312733-ROSS-003312734 |
| Wright v. Wright, 567 S.W.2d 371 | 13+61 | Cause of action accrues when all essential elements forming basis for claim have occurred. | Does cause of action accrue when all essential elements forming basis for claim have occurred? | Action - Memo #  217 - C - NO.docx | ROSS-003322546-ROSS-003322547 |
| In re Certified Questions from U.S. Court of Appeals for the Sixth Circuit, 416 Mich. 558 | 361+1559 | Once a cause of action accrues, that is, all facts become operative and are known, it becomes a "vested right," for purposes of determining whether new statute may be applied retrospectively with respect thereto. | Does a cause of action become a vested right when it accrues? | 005391.docx | LEGALEASE-00124762-LEGALEASE-00124763 |
| United States v. Lovknit Mfg. Co., 189 F.2d 454 | 13+61 | A cause of action will "accrue" when all the facts exist, whether known or not, which will authorize a suit. | "Does a cause of action ""accrue"" when all the facts exist, whether known or not, and will authorize a suit?" | 006351.docx | LEGALEASE-00124371-LEGALEASE-00124372 |
| In re Gullone, 301 B.R. 683 | 13+61 | Cause of action arises when cognizable "interest" arises, i.e., when legal relationship relevant to purported interest from which interest may flow is established. | "Does a cause of action arise when a cognizable ""interest"" arises?" | Action - Memo #186 - C - PHS.docx | ROSS-003312404-ROSS-003312405 |
| Lambeth v. Lewis, 114 Ga. App. 191 | 162+221(4.1) | Check is revoked by drawer's death but may in proper action be used as evidence in support of payee's claim of indebtedness against decedent but not as evidence of indebtedness itself. Code, SS 109A-3-409, 109A-4-405. | Can a check be used as evidence in support of the payees claim of indebtedness? | Bills and Notes - Memo 38 - DB VP.docx | ROSS-003284881 |
| Galbraith v. Planning Dep't of City of Anderson, 627 N.E.2d 850 | 148+277 | Action for inverse condemnation is premature until such time as landowner can establish that there are not available avenues by which landowner can put his property to economically beneficial or productive use. | Until when is an inverse condemnation premature? | Eminent Domain - Memo 248 - GP.docx | ROSS-003286012-ROSS-003286013 |
| United States v. Noriega, 746 F. Supp. 1506 | 221+342 | In order for act of state doctrine to apply, defendant must show that activities were taken on behalf of state and were not private acts taken on behalf of actor himself. | "In order for act of state doctrine to apply, must acts be public acts of a sovereign?" | 019837.docx | LEGALEASE-00124645-LEGALEASE-00124647 |
| Flatow v. Islamic Republic of Iran, 999 F. Supp. 1 | 221+342 | Act of state doctrine applies only with respect to actions taken within foreign state's own territory; although acts complained of may have occurred within foreign state defendant's territory, such acts will not invoke act of state doctrine. | Does the Act of State doctrine apply only when the actions of the foreign state occur within that foreign state? | 020191.docx | LEGALEASE-00124305-LEGALEASE-00124307 |
| S. Pac. R. Co. of Mexico v. Gonzalez, 48 Ariz. 260 | 221+324 | Under international law, no law has any effect of its own force beyond limits of sovereignty from which its authority is derived. | Under international law does law have any effect of its own force beyond limits of sovereignty from which its authority is derived? | International Law - Memo # 300 - C - NS.docx | ROSS-003324771-ROSS-003324772 |
| Sampson v. Fed. Republic of Germany, 975 F. Supp. 1108 | 221+342 | Act of state doctrine presumes that official public acts of a foreign country are valid. | Does the act of state doctrine presume that official public acts of a foreign country are valid? | International Law - Memo # 383 - C - NC.docx | ROSS-003301379-ROSS-003301381 |
| United States v. Vetco Inc., 691 F.2d 1281 | 221+386 | Party relying on foreign law to excuse production of documents has burden of showing that such law bars production. 26 U.S.C.A. SS 6103(a), 7852(d). | Does a party relying on foreign law to excuse production of documents have the burden of showing that such law bars production? | 020425.docx | LEGALEASE-00124426-LEGALEASE-00124427 |
| Beharry v. Reno, 183 F. Supp. 2d 584 | 221+109 | In general, customary international law has the same status as domestic legislation. Restatement (Third) of Foreign Relations Law S 701 comment. | Does customary international law have the same status as domestic legislation? | 020835.docx | LEGALEASE-00124971-LEGALEASE-00124972 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Honduras Aircraft Registry Ltd. v. Gov't of Honduras, 883 F. Supp. 685 | 221+342 | District court can only reach decision regarding whether to decline inquiry into validity of foreign sovereign's acts, under "act of state" doctrine, after considering international comity, respect for sovereignty of foreign nations on their own territory, and avoidance of embarrassment to the Executive Branch in its conduct of foreign affairs. | What are some of the reasons underlying the act of state doctrine? | International Law - Memo 575 - TH.docx | LEGALEASE-00014749-LEGALEASE-00014750 |
| Paraschos v. YBM Magnex Int'l, 130 F. Supp. 2d 642 | 221+162 | Comity is not extended to foreign proceedings when doing so would be contrary to public policy of the United States. | Is comity extended to foreign proceedings when doing so would be contrary to public policy of the United States? | 020947.docx | LEGALEASE-00124480-LEGALEASE-00124481 |
| Spadafore v. Gardner, 330 F.3d 849 | 91+635 | Conspiracy claims must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under S 1983. 42 U.S.C.A. S 1983. | Should allegations of conspiracy be specific and nonconclusory? | 022980.docx | LEGALEASE-00125384-LEGALEASE-00125385 |
| Ulusal v. Lentz Eng'g, L.C., 491 S.W.3d 910 | 302+34(4) | When determining whether a pleading properly includes an allegation, the court must look at the pleading from the perspective of the person against whom the pleading is made. | How do courts determine whether a pleading properly includes an allegation? | 022987.docx | LEGALEASE-00125398-LEGALEASE-00125399 |
| Roark v. Allen, 633 S.W.2d 804 | 302+48 | A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. Vernon's Ann.Rules Civ.Proc., Rules 45, 47. | "If a petition gives fair and adequate notice of facts, is it sufficient?" | 022995.docx | LEGALEASE-00125423-LEGALEASE-00125424 |
| Hardy v. Cordero, 399 Ill. App. 3d 1126 | 307A+3 | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated. | What is the purpose of a motion in limine? | Pretrial Procedure - Memo # 413 - C - SSB.docx | ROSS-003311228-ROSS-003311229 |
| Dove v. Dir., State Employees Workers' Comp. Div., 857 S.W.2d 577 | 413+1946 | Cumulative effect of violations by Director of State Employees Workers' Compensation Division of trial court's order granting claimant's motion in limine caused rendition of improper verdict and called for reversal of judgment denying total and permanent disability benefits for injury allegedly incurred in course and scope of claimant's employment with Department of Corrections, despite instructions to disregard given to jury, in view of number of improper questions and their prejudicial content, which jury heard in each case. Rules App.Proc., Rule 81(b)(1). | Does an appellate court review a violation of an order granting a motion in limine to see if the violation is curable by an instruction to the jury to disregard it? | Pretrial Procedure - Memo # 414 - C - SSB.docx | ROSS-003284619-ROSS-003284620 |
| Weidner v. Sanchez, 14 S.W.3d 353 | 30+4582 | The cumulative effect of repeated violations of a trial court's order in limine may be grounds for reversal. | Can repeated violations of a court order granting a motion in limine be grounds for reversal? | Pretrial Procedure - Memo # 568 - C - SSB.docx | ROSS-003324879-ROSS-003324880 |
| Weidner v. Sanchez, 14 S.W.3d 353 | 388+133.6(2) | Where a trial court's order on a motion in limine is violated, an appellate court reviews the violations to see if they are curable by an instruction to the jury to disregard them. | When are violations of a court order granting a motion in limine incurable? | Pretrial Procedure - Memo # 570 - C - SSB.docx | ROSS-003297300-ROSS-003297301 |
| City of Wichita v. Denton, 296 Kan. 244 | 307A+3 | The purpose of an order in limine is to assure a fair and impartial trial to all parties by excluding from trial inadmissible evidence, prejudicial statements, and improper questions. | Is a motion in limine used to provide an impartial trial? | Pretrial Procedure - Memo # 614 - C - SSB.docx | ROSS-003299708-ROSS-003299709 |
| Brazzell v. State, 481 S.W.2d 130 | 267+66 | Violation of a motion in limine may entitle a party to relief, but any remedies available with regard to such a violation are with the trial court which may apply sanction of contempt or take other appropriate action. | Does the violation of a motion in limine entitle a party to relief? | Pretrial Procedure - Memo # 433 - C - SSB.docx | ROSS-003296266-ROSS-003296267 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Theriot v. State Dep't of Wildlife & Fisheries, 661 So. 2d. 986 | 307A+1 | Theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. | Is allowing orderly disposition of cases inherent to the theory of pretrial procedure? | 031295.docx | LEGALEASE-00125335-LEGALEASE-00125336 |
| Fergus v. Songer, 150 Cal. App. 4th 552 | 30+3959 | Where the granting of a motion in limine disposes of one or more causes of action, it is the functional equivalent of the granting of a nonsuit as to those causes of action, and in such circumstances, the appellate court must view the evidence most favorably to appellants, resolving all presumptions, inferences, and doubts in their favor, and must uphold the judgment for appellee on the applicable causes of action only if it was required as a matter of law. | Is the granting of a motion in limine the functional equivalent of the granting of a nonsuit as a cause of action? | Pretrial Procedure - Memo # 854 - C - TJ.docx | ROSS-003284631-ROSS-003284632 |
| Headley v. Williams, 162 N.C. App. 300 | 307A+3 | A trial court's ruling on a motion in limine is not final, but rather interlocutory and subject to modification. | Is a trial court's ruling on a motion in limine interlocutory and subject to modification? | Pretrial Procedure - Memo # 909 - C - SK.docx | ROSS-003284518-ROSS-003284520 |
| Sun Valley Fin. Servs. of Phoenix v. Guzman, 212 Ariz. 495 | 366+1 | Application of the doctrine of equitable subrogation depends upon the particular facts and circumstances of each case, and subrogation can only be granted when an equitable result will be reached. | Does the application of the doctrine of equitable subrogation depend upon the particular facts and circumstances of each case? | Subrogation - Memo # 554 - C - TJ.docx | ROSS-003281874-ROSS-003281875 |
| XL Specialty Ins. Co. v. Com., Dep't of Transp., 47 Va. App. 424 | 366+1 | The right of subrogation is not founded on contract; it is a creation of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Is equitable subrogation administered in the furtherance of justice? | Subrogation - Memo 1024 - C- CAT.docx | LEGALEASE-00015408-LEGALEASE-00015410 |
| Leatherby Ins. Co. v. City of Tustin, 76 Cal. App. 3d 678 | 366+7(1) | When a surety pays the obligation of its principal, it is subrogated to all the rights the payees may have against others. | "When a surety pays the obligation of its principal, is it subrogated to all the rights the payees may have against others?" | Subrogation - Memo 919 - RK.docx | ROSS-003300540-ROSS-003300542 |
| Carrols Equities Corp. v. Villnave, 57 A.D.2d 1044 | 366+7(1) | Where surety became such, not with the consent of principal, but at behest of obligee, surety was entitled to be subrogated to rights of obligee against principal after surety would satisfy judgment in obligee's favor. | Is a surety entitled to be subrogated to the rights of an obligee against a principal after the surety would satisfy judgment in the obligee's favor? | Subrogation - Memo 925 - RK.docx | ROSS-003285454-ROSS-003285455 |
| In re Saenz, 516 B.R. 423 | 366+29 | Under Texas law, the doctrine of equitable subrogation allows a party who would otherwise lack standing to step into the shoes of and pursue the claims belonging to a party with standing. | Do courts liberally interpret the doctrine of equitable subrogation? | Subrogation - Memo 982 - C- CAT.docx | ROSS-003324805-ROSS-003324806 |
| A. Copeland Enterprises v. Slidell Mem'l Hosp., 657 So. 2d 1292 | 366+27 | Subrogation may result from either agreement of obligor or obligee or both with third person or directly from operation of law. LSA-C.C. art. 1825. | Will subrogation result from the agreement of the obligor or the obligee? | Subrogation - Memo 989 - C- CAT.docx | ROSS-003287253 |
| In re Coats, 849 A.2d 254 | 79+1 | Office of the clerk of the orphans' court is not sui juris but is dependent on county and legislative provisions to implement its function. 42 Pa.C.S.A. S 2774. | Is the office of the clerk of the orphans' court sui juris? | 013373.docx | LEGALEASE-00125714-LEGALEASE-00125715 |
| State v. DeBarros, 58 Conn. App. 673 | 37+152(1) | To act intentionally, as is required for conviction for first-degree assault, defendant must have had conscious objective to cause physical injury to victim. C.G.S.A. S 53a-59(a). | Does the defendant have conscious objective to cause the death of the victim to consider his act was intentional? | 019363.docx | LEGALEASE-00125654-LEGALEASE-00125655 |
| City of Evansville v. S. Indiana Gas & Elec. Co., 167 Ind. App. 472 | 317A+111 | Under traditional regulatory concepts, the utility company shareholders and bondholders, not the consumers, furnish the capital necessary for the operation of the business. | Who furnishes the capital required for the operation of a public utility business? | 042328.docx | LEGALEASE-00125698-LEGALEASE-00125699 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., 708 F. Supp. 2d 669 | 386+6 | Even an electronic trespass to chattels claim must be based on some link to a physical object. | Does an electronic trespass to chattels claim have to be based on some link to a physical object? | Trespass - Memo 150 - RK.docx | ROSS-003287100-ROSS-003287101 |
| BITT Int'l Co. v. Fletcher, 259 Ga. App. 406 | 233+2155 | Stakes furnished by landlord for crops raised by tenant came within crop lien under Crop Lien Foreclosure Act by operation of law, though there was no agreement as to the use of the stakes in landlord's and tenant's written contract, where stakes were furnished for use in making the crop, were necessary to making the crop, and were used by tenant in making the crop. West's Ga.Code Ann. S 44-14-340(1). | What are some of the conditions that must be satisfied under the Crop Lien Foreclosure Act? | 006745.docx | LEGALEASE-00125826-LEGALEASE-00125827 |
| US Fax Law Ctr. v. iHire, 374 F. Supp. 2d 924 | 386+6 | To establish cause of action in trespass to chattel under Colorado law, there must be intentional interference with possession or physical condition of chattel in possession of another. | How is a cause of action for trespass to chattel established? | 047199.docx | LEGALEASE-00125802-LEGALEASE-00125803 |
| McCoy v. Emrich, 72 Wash. 2d 850 | 13+61 | A cause of action for removal of lateral support arises when the damage occurs, not when the excavation is made. | Does a cause of action for removal of lateral support arise when the damage occurs? | Action - Memo #  140 - C - MS.docx | ROSS-003286433-ROSS-003286434 |
| Hart v. Guardian Tr. Co., 75 N.E.2d 570 | 13+61 | A cause of action "accrues" when there is a demand capable of present enforcement, a suing party in existence against whom the demand may be then enforced, and a party in being who has a present right to enforce it. | "Does a cause of action ""accrue"" when there is a demand capable of present enforcement?" | Action- memo # - PC333.docx | ROSS-003285875-ROSS-003285876 |
| Rogers v. United States, 124 Fed. Cl. 757 | 34+2 | Military departments, like other federal agencies, are bound by their own regulations; even when Congress has given the military discretion in conducting its affairs, the military is bound to follow its own procedural regulations should it choose to promulgate them. | Is the military bound to follow its own procedural regulations? | Armed Services - Memo 33 - RK.docx | LEGALEASE-00015850-LEGALEASE-00015851 |
| Indep. Guard Ass'n of Nevada, Local No. 1 v. O'Leary on Behalf of U.S. Dep't of Energy, 57 F.3d 766 | 15A+1227 | "Military function" exception to notice and comment provisions of the Administrative Procedure Act (APA) can be invoked only where activities being regulated directly involve a military function. 5 U.S.C.A. S 553(a)(1). | Are rules involving military or foreign affairs exempted from the notice and comment provisions of the Administrative Procedures Act? | 008880.docx | LEGALEASE-00126299-LEGALEASE-00126300 |
| United States v. Alfisi, 308 F.3d 144 | 63+1(2) | Bribery involves the giving of value to procure a specific official action from a public official. 18 U.S.C.A. S 201(b)(1)(A). | Does bribery involve the giving of value to procure a specific official action from a public official? | 011050.docx | LEGALEASE-00126042-LEGALEASE-00126044 |
| United States v. Harvey, 532 F.3d 326 | 63+1(1) | Not every gift, favor or contribution to a government or political official constitutes bribery; bribery occurs only if the gift is coupled with a particular criminal intent to receive a specific benefit in return for the payment. 18 U.S.C.A. S 201(b)(1)(A), (b)(2)(A). | "Does every gift, favor or contribution to a government or political official constitute bribery?" | Bribery - Memo # 41 - C-NA.docx | LEGALEASE-00015890-LEGALEASE-00015891 |
| United States v. Laden, 92 F. Supp. 2d 189 | 221+392 | Congress has the power to regulate conduct performed outside United States territory. | Does Congress have the power to regulate conduct performed outside United States territory? | International Law - Memo # 802 - C - RY.docx | ROSS-003299592-ROSS-003299593 |
| United States v. Vasquez-Velasco, 15 F.3d 833 | 221+324 | Exercise of extraterritorial jurisdiction on bases recognized by international law still violates international principles if it is unreasonable. Restatement (Third) of Foreign Relations Law of the United States S 403 comment. a. | Does exercise of jurisdiction violate international principles if it is unreasonable? | International Law Memo # C - 841- PC.docx | ROSS-003327087 |
| Schaefer v. Kumar, 804 N.E.2d 184 | 307A+3 | The purpose of a motion in limine is to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility. | If a motion in limine is designed to prevent potential prejudice can it have the effect of suppressing evidence? | 037677.docx | LEGALEASE-00125993-LEGALEASE-00125994 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| State ex rel. Utilities Comm'n v. Gen. Tel. Co. of Se., 281 N.C. 318 | 317A+114 | A public utility is under a present duty to anticipate, within reason, demands to be made on it for service in the near future; substantial latitude must be allowed the directors in making the determination as to what plant is presently required to meet the service demand of the immediate future. G.S. S 62-133. | Is a public utility obligated to anticipate future demands for its service? | Public Utilities - Memo 180 - AM.docx | ROSS-003300196-ROSS-003300198 |
| Miller v. CitiMortgage, 970 F. Supp. 2d 568 | 386+6 | Under Texas law, to recover for trespass to personalty, plaintiff must prove that defendant, with or without the use of force, unlawfully injured or interfered with the possession plaintiff's personal property. | What constitutes a trespass to personalty? | 047215.docx | LEGALEASE-00126004-LEGALEASE-00126005 |
| Wint v. Alabama Eye & Tissue Bank, 675 So. 2d 383 | 386+6 | There is no material difference between conversion and trespass to chattels when there is wrongful taking and carrying away of property of another; thus, there is no need to treat conversion and trespass to chattels claims separately. | Is there a difference between conversion and trespass to chattels? | Trespass - Memo 191 - RK.docx | ROSS-003314044 |
| MacDonald v. Univ. of N. Carolina at Chapel Hill, 299 N.C. 457 | 13+61 | Cause of action does not accrue until right which belonged to person is invaded in some manner by another. | Does a cause of action accrue until right which belonged to a person is invaded in some manner by another? | 005468.docx | LEGALEASE-00126342-LEGALEASE-00126343 |
| Beadle v. Bonham State Bank, 880 S.W.2d 160 | 13+61 | For venue purposes, cause of action accrues when facts come into existence which entitle one to institute and maintain suit. V.T.C.A., Civil Practice & Remedies Code S 15.001. | Can a cause of action accrue when facts exist which authorize one party to maintain an action against another? | 005473.docx | LEGALEASE-00126350-LEGALEASE-00126351 |
| Giles v. Wilmott, 59 Fla. 271 | 13+61 | In ordinary actions commenced by summons, plaintiff, to succeed, must show that his right of action was complete when the action was commenced. | "Should the plaintiff show that his right of action was complete when the action was commenced, in ordinary actions commenced by summons?" | Action - Memo # - C 321-TJ.docx | ROSS-003289834-ROSS-003289835 |
| Boulder City v. Miles, 85 Nev. 46 | 13+61 | A cause of action accrues only when the forces wrongfully put in motion produce an injury. | Does a cause of action accrue only when the forces wrongfully put in motion produce an injury? | 005701.docx | LEGALEASE-00126458-LEGALEASE-00126459 |
| Royal Imperial Grp. v. Joseph Blumberg & Assocs., 240 Ill. App. 3d 360 | 13+61 | Crucial date for determining applicability of statute is not when rights are asserted by filing complaint, but rather when cause of action accrues. | What date is crucial for determining applicability of statute? | 005703.docx | LEGALEASE-00126462-LEGALEASE-00126463 |
| Hyde Const. Co. v. Koehring Co., 321 F. Supp. 1193 | 13+61 | Under Mississippi law, the cause of action for abuse of process is complete as soon as the acts complained of are committed. | Is the cause of action for an abuse of process complete as soon as the acts complained of are committed? | Action - Memo # 283 - C - TJ.docx | ROSS-003312688-ROSS-003312689 |
| Giles v. Wilmott, 59 Fla. 271 | 13+61 | In ordinary actions commenced by summons, plaintiff, to succeed, must show that his right of action was complete when the action was commenced. | "In ordinary actions commenced by summons, should the plaintiff show that his right of action was complete at the time when action was commenced?" | Action - Memo # 293 - C - SHB.docx | ROSS-003284825-ROSS-003284826 |
| City of New Port Richey v. Fid. & Deposit Co. of Maryland, 105 F.2d 348 | 8.30E+05 | The purpose of the Uniform Negotiable Instruments Law was to establish uniform rules in the states adopting it, with acceptance of its solutions where differences had previously existed. F.S.A. S 674.01 et seq. | How does the courts construe the Uniform Negotiable Instruments Law? | 010659.docx | LEGALEASE-00126393-LEGALEASE-00126394 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Drury v. McLean Cty., 89 Ill. 2d 417 | 104+139 | Under State Constitution of 1970 clerks of circuit court are not county officials, but are nonjudicial members of the judicial branch of state government; therefore, circuit clerk was not an agent of the county, and county was thus not liable for fine money paid by criminal defendants to circuit clerk but never received in its treasury for purposes of suit by those criminal defendants against the county seeking reimbursement of fine money after they had been convicted under a statute later held unconstitutional. S.H.A.Const.Art. 6, S 18(b). | Are clerks of the circuit court county officials? | 013440.docx | LEGALEASE-00126768-LEGALEASE-00126769 |
| Walker v. McGuire, 2015 IL 117138 | 79+12 | Clerks of circuit courts did not fall within state constitutional provision prohibiting fee officers in judicial system, and, thus, provision of civil procedure code, which imposed $50 filing fee in residential mortgage foreclosure cases, two percent of which was retained by clerk for court in which complaint was filed, was not unconstitutional; clerks were officers of judicial branch of government, but they were non-judicial officers, and clerks performed no quasi-judicial functions. S.H.A. Const. Art. 6, S 14; S.H.A. 735 ILCS 5/15-1504.1. | Is a circuit clerk a non-judicial officer of the judicial branch of the government? | 013486.docx | LEGALEASE-00126808-LEGALEASE-00126809 |
| Raydon Exploration v. Ladd, 902 F.2d 1496 | 95+24 | Under Oklahoma law, immaterial variances between offer and acceptance will be disregarded and mere addition of collateral or immaterial matters will not prevent formation of contract. | Can immaterial variances between the offer and its acceptance affect the formation of a contract? | Exchange Of Property - Memo 57 - ANG.docx | ROSS-003313000-ROSS-003313001 |
| Town of Rogersville ex rel. Rogersville Water Comm'n v. Mid Hawkins Cty. Util | 317A+113 | The sole remedy available to parties dissatisfied with a utility's service is to modify a utility district's exclusive franchise. West's T.C.A. S 7-82-301(a)(1). | What is the sole remedy available to parties dissatisfied with a utilitys service? | Public Utilities - Memo 198 - AM.docx | LEGALEASE-00016639-LEGALEASE-00016640 |
| Berea Coll. Utilities v. City of Berea, 691 S.W.2d 235 | 405+1916 | Provisions of ordinances requiring minimum bid amount equal to three percent of gross service revenues generated by franchises for distribution of electricity and water within city corporate limits were not prohibited by statute or Constitution. Const. S 164; KRS 96.010. | What is the minimum annual franchise fee for any utility operating without a valid franchise? | 042408.docx | LEGALEASE-00126814-LEGALEASE-00126815 |
| Matador Serv. v. Missouri Basin Well Serv., 367 N.W.2d 749 | 317A+194 | Issue of public convenience and necessity is ordinarily one of fact and determination of what is consistent with public convenience and necessity is one of which is peculiarly for determination of regulatory authority. | Is the issue of public convenience and necessity one of fact? | 042410.docx | LEGALEASE-00126816-LEGALEASE-00126817 |
| Seus v. John Nuveen & Co., 146 F.3d 175 | 25T+134(6) | Unequal bargaining power is not alone enough to make an agreement to arbitrate a contract of adhesion. | Does unequal bargaining power make an agreement to arbitrate a contract of adhesion? | 007224.docx | LEGALEASE-00127220-LEGALEASE-00127222 |
| Penn Sch. Dist. No. 7 v. Bd. of Ed. of Lewis-Cass Intermediate Sch. Dist. of Cass Cty., 14 Mich. App. 109 | 1.41E+34 | Manner of selection of school officials rests entirely within discretion of legislature. | Does the manner of selection of school officials rest entirely within discretion of the legislature? | 016734.docx | LEGALEASE-00127129-LEGALEASE-00127131 |
| Sisters of the Holy Child Jesus at Old Westbury v. Corwin, 51 Misc. 3d 44 | 1.41E+31 | The courts are an inappropriate forum to test the efficacy of educational programs and pedagogical methods. McKinney's Education Law S 5003. | Are courts an inappropriate forum to test the efficacy of educational programs and pedagogical methods? | Education - Memo # 19 - C - SU.docx | ROSS-003298546-ROSS-003298548 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wiemerslage Through Wiemerslage v. Maine Twp. High Sch. Dist. 207, 824 F. Supp. 136 | 1.41E+31 | Federal judicial intervention in day to day operations of public schools is highly undesirable and requires significant restraint; federal courts must not intervene in resolution of conflicts which arise in daily operation of school systems and which do not directly and sharply implicate basic constitutional values. | Does judicial intervention or interposition in the operation of the public-school system requires restraint? | Education - Memo # 25 - C - SU.docx | ROSS-003299497-ROSS-003299498 |
| State v. Patzer, 382 N.W.2d 631 | 141E+440 | State has power to impose reasonable regulations as to quality of education and instruction furnished. | Does the state has the power to impose reasonable regulations as to quality of education and instruction furnished? | Education - Memo # 27 - C - NA.docx | ROSS-003313629-ROSS-003313631 |
| Minneapolis Post Office Rifle & Pistol Club v. United States, 32 Fed. Cl. 562 | 148+81.1 | Interests or rights which are not legally protected do not constitute "property" for purposes of Fifth Amendment's takings clause. U.S.C.A. Const.Amend. 5. | Do the interests or rights which are not legally protected constitute property for purposes of the Fifth Amendment? | 017650.docx | LEGALEASE-00126890-LEGALEASE-00126891 |
| Third & Catalina Assocs. v. City of Phoenix, 182 Ariz. 203 | 148+2.2 | Requiring money to be spent to comply with regulation is not unconstitutional taking of private property. U.S.C.A. Const.Amend. 5. | Is requiring money to be spent to comply with a regulation an unconstitutional taking of private property? | 017654.docx | LEGALEASE-00126968-LEGALEASE-00126969 |
| United States v. Stands, 105 F.3d 1565 | 2.31E+21 | Federal kidnapping statute applies to any person who kidnaps another "for ransom or reward or otherwise," and Court of Appeals interprets "or otherwise" language broadly; thus, conviction is proper if victim was taken for some reason that defendant considered of sufficient benefit to him, or for some purpose of his own. 18 U.S.C.A. S 1201(a). | Does kidnapping require the captor to receive some benefit? | 020991.docx | LEGALEASE-00127239-LEGALEASE-00127240 |
| Gavin v. Swain, 113 Cal. 324 | 315+70 | Ownership or seisin of real property is a fact that may be pleaded, proved, and found as a material, ultimate fact in any case involving title to the property. | Can ownership be pleaded as an ultimate fact? | 023084.docx | LEGALEASE-00127151-LEGALEASE-00127153 |
| Palpar v. Thayer, 82 Cal. App. 2d 578 | 302+8(11) | Although pleading of ownership may be that of an ultimate fact, when it appears that allegation of ownership is based on evidentiary facts likewise pleaded, allegation becomes a mere conclusion of law. | Is the allegation of ownership a conclusion of law? | 023089.docx | LEGALEASE-00127156-LEGALEASE-00127157 |
| Stone Container Corp. v. Stapler, 263 Ala. 524 | 302+8(11) | Averment that complainants were owners of homes situated on described real estate was an averment of an ultimate fact and not a conclusion of law. | "Is the allegation that a party is the owner of described real estate, an allegation of an ultimate fact?" | 023091.docx | LEGALEASE-00127158-LEGALEASE-00127159 |
| New World Fashions v. Lieberman, 429 So. 2d 1276 | 308+69(7) | An agent may not, without principal's knowledge and consent, enter into any business in competition with his principal and keep for himself any profit accruing from such transaction. | Can an agent enter into business in competition with his principal? | 041902.docx | LEGALEASE-00127175-LEGALEASE-00127176 |
| Bastian v. Wausau Homes, 635 F. Supp. 201 | 366+35 | Waiver of subrogation clause is not necessarily unconscionable even in adhesion contract; rather, one looks to specific term in factual context to see if the term is unreasonable under circumstances. | Is a waiver of subrogation clause necessarily unconscionable even in an adhesion contract? | Subrogation - Memo # 1061 - C - NS.docx | ROSS-003300267-ROSS-003300268 |
| Nat'l Freight v. Consol. Container Co., LP, 166 F. Supp. 3d 1320 | 366+41(6) | Under Georgia law, the party seeking to recover payment through equitable subrogation bears the burden of showing the inapplicability of the voluntary payment doctrine, under which party's voluntary payment does not give rise to a right of subrogation. | "Who bears the burden of showing the inapplicability of the voluntary payment doctrine, under law?" | 044249.docx | LEGALEASE-00127095-LEGALEASE-00127096 |
| Green v. Hill, 954 F.2d 694 | 413+1 | Federal Employees' Compensation Act covers liability created both by negligent and intentional acts on part of government. 5 U.S.C.A. SS 8102, 8116(c). | Does the employees compensation act cover liability created both by negligent and intentional acts on the part of government? | 047725.docx | LEGALEASE-00127201-LEGALEASE-00127202 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Janus v. Tarasewicz, 135 Ill. App. 3d 936 | 106+100(1) | Even though case setting forth standards for determining when legal death occurs was decided after deaths in issue in action challenging disposition of life insurance proceeds, trial court properly applied those standards which existed when judgment was rendered; furthermore, application of the standards was not unfair since treating physicians had made pertinent diagnoses at time of the deaths and the parties presented evidence relevant under the standards. | Is a civil case governed by law as it exists when judgment is rendered? | Action - Memo # 698 - C - NE.docx | ROSS-003286311-ROSS-003286312 |
| Watkins v. Watkins, 76 Idaho 316 | 150+38 | Where equity has obtained jurisdiction of subject matter of dispute it will retain it for settlement of entire controversy between parties with respect thereto and will grant all proper relief consistent with case made and embraced within issues whether particular relief be prayed for or not, except in default cases. I.C. S 10-704. | "Once equity has acquired jurisdiction of a cause, will it retain that jurisdiction to give final relief to end the controversy?" | Action - Memo # 772 - C - SK.docx | LEGALEASE-00017324-LEGALEASE-00017325 |
| Murray v. State, 214 Tenn. 51 | 13+65 | Trial courts are bound to apply law as it exists when final judgment is entered. | Are trial courts bound to apply law as it exists when final judgment is entered? | 006214.docx | LEGALEASE-00127356-LEGALEASE-00127357 |
| Elston v. Wilborn, 186 S.W.2d 662 | 13+65 | The right to an action or to judgment or relief depends upon facts existing at time of commencement of the action and not at subsequent time. | Does the right to an action or to judgment or relief depend upon facts existing at time of the commencement of the action? | Action - Memo # 864 - C - PC.docx | ROSS-003326834-ROSS-003326836 |
| Browar v. Paul Hardeman, 183 Cal. App. 2d 708 | 13+65 | Plaintiff's cause of action must exist at time he files his complaint, and rights of parties must be judged by conditions existing at time action is commenced. | Should a cause of action exist at the time of the filing of the action? | Action - Memo # 865 - C - PC.docx | ROSS-003289938-ROSS-003289940 |
| Girschowitch v. DeLong, 51 N.Y.S.2d 499 | 13+63 | Laches is not a defense to an action at law where a plaintiff has an absolute right to the relief demanded. | Is laches a defense to an action at law where a plaintiff has an absolute right to the relief demanded? | 006253.docx | LEGALEASE-00127744-LEGALEASE-00127745 |
| Marjon v. Altman, 120 N.J.L. 16 | 150+67 | "Laches," in its legal signification, ordinarily connotes delay that works detriment to another. | "Does ""laches,"" in its legal signification, ordinarily connote a delay that works detriment to another?" | Action - Memo # 882 - C - CK.docx | ROSS-003300027-ROSS-003300029 |
| Rodgers v. United States, 158 F. Supp. 670 | 13+65 | The question of injunction is to be determined by the facts existing at time of trial and not at the time the suit was instituted. | Is the question of injunction to be determined by the facts existing at time of trial and not at the time the suit was instituted? | Action - Memo # 884 - C - CK.docx | ROSS-003312780-ROSS-003312782 |
| Murray v. United Food & Commercial Workers Int'l Union, 289 F.3d 297 | 25T+134(6) | Equity may require invalidation of an arbitration agreement that is unconscionable, as well as an arbitration agreement that allows an employer to ignore the arbitration result. | Can equity require invalidation of an arbitration agreement that is unconscionable? | 007222.docx | LEGALEASE-00127457-LEGALEASE-00127458 |
| People v. Cahill, 2 N.Y.3d 14 | 67+2 | Burglary is an aggravated form of criminal trespass, in which the aggravating factor is the trespasser's intent to commit a separate crime. (Per opinion of Rosenblatt, J., with two judges concurring, one judge concurring in result, and two judges concurring in part and dissenting in part.) McKinney's Penal Law S 140.25, subd. 1(b). | Is burglary an aggravated form of criminal trespass? | Burglary - Memo 10 - RK.docx | ROSS-003299445-ROSS-003299446 |
| Lucas v. Belcher, 20 Ala. App. 507 | 79+6 | Deputy clerk, who has not taken oath of office as prescribed by law, is nevertheless a de facto officer, whose acts are valid as to public or third persons. | Is a deputy clerk a de facto officer? | 013515.docx | LEGALEASE-00128022-LEGALEASE-00128023 |
| Laidlaw Waste Sys. v. Bay Cities Servs., 43 Cal. App. 4th 630 | 1.41E+30 | Public schools of state are matter of statewide, rather than local or municipal, concern. | "Are public schools of a state matter of statewide, rather than local or municipal, concern? " | Education - Memo # 35 - C - SU.docx | LEGALEASE-00017562-LEGALEASE-00017564 |
| Delta Elec. Power Ass'n v. Mississippi Power & Light Co., 250 Miss. 482 | 317A+113 | Certificate of convenience and necessity issued by public service commission is valuable right entitled to protection by courts. Code 1942, SS 7716-01 to 7716-38. | Is a certificate of convenience and necessity granted to a utility a valuable right to be protected by the courts? | 042449.docx | LEGALEASE-00127366-LEGALEASE-00127367 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hanks v. Transcon. Gas Pipe Line Corp., 953 F.2d 996 | 208+30(1) | Contract for construction of intermediate segment of interstate gas transmission pipeline did not "pertain to a well" within meaning of Louisiana Oilfield Anti-Indemnity Act; thus, Act did not prohibit waiver of subrogation provisions in that contract and in policy issued by workers' compensation insurer. LSA-R.S. 9:2780. | "Does a contract for construction of an intermediate segment of a pipeline ""pertain to a well""?" | 043348.docx | LEGALEASE-00127969-LEGALEASE-00127970 |
| Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 366+1 | The right of equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | Can subrogation be a contractual matter? | 043420.docx | LEGALEASE-00127671-LEGALEASE-00127672 |
| Hughes v. Hartford Fire Ins. Co., 17 Ill. App. 518 | 366+35 | While the right of subrogation does not arise by contract, such a right like all other legal or equitable rights may be qualified or extinguished by contract. | Can right of subrogation like all other legal or equitable rights be qualified or extinguished by contract? | 043496.docx | LEGALEASE-00127633-LEGALEASE-00127634 |
| Pettengill v. New Hampshire Ins. Co., 129 Vt. 23 | 366+35 | While rights of subrogation may be relinquished, they are not to be surrendered or compromised without specific authority from subrogee. | Can rights of subrogation be surrendered or compromised without specific authority from the subrogee? | 043587.docx | LEGALEASE-00127433-LEGALEASE-00127434 |
| Fifth Ave. Peace Parade Comm. v. Gray, 480 F.2d 326 | 118A+312.1 | In a declaratory judgment action, complaint must stand or fall on its own merits and cannot be used as vehicle for searching out and discovering a right of action. | Must a complaint stand or fall upon its own merits? | 006020.docx | LEGALEASE-00128457-LEGALEASE-00128458 |
| S. Mfg. Co. v. R.L. Moss Mfg. Co., 13 Ga. App. 847 | 13+65 | There can be no recovery unless the plaintiff has a complete cause of action at the time the suit is filed. | Can there be a recovery unless the plaintiff has a complete cause of action at the time suit is filed? | Action - Memo # 800 - C - UG.docx | LEGALEASE-00018032-LEGALEASE-00018033 |
| Caputo v. Bd. of Appeals of Somerville, 330 Mass. 107 | 13+65 | Final relief in equity should be adapted to facts existing at time of entry of decree. | Should final relief in equity be adapted to facts existing at the time of entry of decree? | 006123.docx | LEGALEASE-00128328-LEGALEASE-00128329 |
| Knapp-Monarch Co. v. Casco Prod. Corp., 342 F.2d 622 | 13+65 | Cause of action is to be tested as of time of filing of complaint and if no active infringement occurred before filing of complaint, it is fatally defective and cannot be cured by infringement after filing. | Must a cause of action for patent infringement be tested at the time of filing of a complaint? | 006136.docx | LEGALEASE-00128459-LEGALEASE-00128460 |
| Drake Bakeries v. Local 50, Am. Bakery & Confectionery Workers Int'l, AFL-CIO, 370 U.S. 254 | 25T+135 | Arbitration provisions, which themselves have not been repudiated, are meant to survive breaches of contract, in many contexts, even total breach. | Are arbitration provisions that have not been repudiated meant to survive breaches of other parts of a contract? | 007257.docx | LEGALEASE-00128658-LEGALEASE-00128659 |
| Whitis v. United States, 368 F. Supp. 822 | 34+3(1) | Not all military action is beyond judicial review; the Constitution does not grant the military absolute immunity against assertion of individual freedoms protected by the Bill of Rights. U.S.C.A.Const. art. 1, S 8; Amend. 5. | Is the military immune to the provisions of the constitution? | 008301.docx | LEGALEASE-00128591-LEGALEASE-00128592 |
| Nicholson v. Brown, 599 F.2d 639 | 34+2 | Like any administrative agency, Air Force may at its discretion announce and apply new rules in an adjudicatory proceeding. 5 U.S.C.A. S 552(a)(2)(A). | Can the Air Force apply new rules in an adjudicative proceeding? | 008351.docx | LEGALEASE-00128634-LEGALEASE-00128635 |
| Moseley v. Behringer, 184 S.W.3d 829 | 307A+501 | In the ordinary case, absent special statutory provisions, plaintiff has an absolute right to take a nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "In ordinary case, does the plaintiff have an absolute right to take a nonsuit?" | 039031.docx | LEGALEASE-00128238-LEGALEASE-00128239 |
| Hoffman v. Pub. Serv. Comm'n, 99 Pa. Super. 417 | 317A+113 | Propriety of permitting competition within same field is within discretion of Public Service Commission. | Is the propriety of permitting competition in the same field within the discretion of the Public Service Commission? | 042478.docx | LEGALEASE-00128216-LEGALEASE-00128218 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Transamerica Ins. Co. v. Barnett Bank of Marion Cty., N.A., 524 So. 2d 439 | 366+35 | Remedy of equitable subrogation is customarily denied to party who could have protected himself but who had been negligent in doing so. | Is a remedy of equitable subrogation customarily denied to a party who could have protected himself but who had been negligent in doing so? | 043245.docx | LEGALEASE-00128493-LEGALEASE-00128494 |
| Ford v. Jones, 174 Ky. 252 | 366+7(1) | A surety on sale bonds for price at mortgage foreclosure sale, on being compelled by legal proceedings to pay the bonds, is subrogated to the rights of the mortgagee. | Is a surety entitled to be subrogated to the position of a mortgagee when he is compelled to pay debt? | 043254.docx | LEGALEASE-00128350-LEGALEASE-00128351 |
| Archer Daniels Midland Co. v. Ralston Purina Co., 321 F. Supp. 262 | 13+65 | Cause of action for patent infringement must be tested at time of filing of complaint and acts of infringement occurring subsequent to its filing cannot cure complaint filed when no other acts of infringement had occurred. 28 U.S.C.A. S 1400(b). | Is a cause of action to be tested as of the time of filing of a complaint? | 006072.docx | LEGALEASE-00128676-LEGALEASE-00128677 |
| Browar v. Paul Hardeman, 183 Cal. App. 2d 708 | 13+65 | Plaintiff's cause of action must exist at time he files his complaint, and rights of parties must be judged by conditions existing at time action is commenced. | Are rights of parties to be determined as they existed when an action was commenced? | 006162.docx | LEGALEASE-00128734-LEGALEASE-00128736 |
| Integrity Tr. Co. v. Posch, 13 N.Y.S.2d 973 | 13+63 | "Laches' is an equitable defense and available only where the court has discretion in granting or denying relief. | Is laches an equitable defense and available only where the court has discretion in granting or denying relief? | 006173.docx | LEGALEASE-00128684-LEGALEASE-00128685 |
| S. Ry. Co. v. Gregg, 101 Va. 308 | 13+63 | Laches is only permitted to defeat an acknowledged right on the ground that it affords evidence of the abandonment of the right. The doctrine, therefore, can have no application to a case where a demand has been continuously asserted and as continuously acknowledged. | Is laches only permitted to defeat an acknowledged right on the ground that it affords evidence of the abandonment of the right? | 006195.docx | LEGALEASE-00128768-LEGALEASE-00128769 |
| Moncrief v. Atlanta & Lowry Nat. Bank, 36 Ga. App. 371 | 278+4 | Part payment of principal and execution of new note extending time of payment for balance at same interest was renewal and not novation. | Does partial payment of principal and the execution of a new note amount to a novation? | 009352.docx | LEGALEASE-00129004-LEGALEASE-00129005 |
| Rodgers v. RAB Investments, Ltd., 816 S.W.2d 543 | 289+924 | Every partner has inherent power to dissolve partnership even though dissolution would violate partnership agreement; dissolution may breach partnership contract, but it may be accomplished nonetheless. | Does the power to dissolve a partnership exist when the dissolution constitutes a breach of the contract? | 022004.docx | LEGALEASE-00128929-LEGALEASE-00128930 |
| Swiger v. Allegheny Energy, 540 F.3d 179 | 170B+2447 | Partnerships and other unincorporated associations, unlike corporations, are not considered "citizens" within meaning of diversity jurisdiction statute; court looks to citizenship of all partners, or members of unincorporated association, to determine whether federal district court has diversity jurisdiction. 28 U.S.C.A. S 1332. | Are partnerships considered to be citizensfor diversity purposes? | Partnership - Memo 249 - RK.docx | LEGALEASE-00018736-LEGALEASE-00018737 |
| Ex parte Diamond, 596 So. 2d 423 | 401+5.1 | "Subject matter" within meaning of venue statute for actions where real estate is subject matter refers to nature of cause of action and of relief sought. Code 1975, S 6-3-2. | Does subject matter refer to the nature of the cause of action and the nature of the relief sought? | Venue - Memo 103 - RK.docx | ROSS-003301302-ROSS-003301304 |
| Reed v. City Nat. Bank of Selma, Ala., 406 So. 2d 906 | 401+4 | "Transitory actions" are universally founded on supposed violation of rights which, in contemplation of law, have no locality and are brought for enforcement of purely personal rights or obligations; if transaction on which action is founded could have taken place anywhere, action is generally regarded as "transitory", but if transaction could only have happened in a particular place, or, when cause of action could only have arisen in particular place, action is "local". | Is an action that can only arise in a particular locality a local action? | Venue - Memo 108 - RK.docx | ROSS-003314748-ROSS-003314750 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Interstate Transit v. Lindsey, 283 U.S. 183 | 83+63.15 | State may impose on motor vehicles engaged exclusively in interstate commerce charge as compensation for use of highways. | Can the State tax the use of highways in interstate commerce? | 018782.docx | LEGALEASE-00129034-LEGALEASE-00129035 |
| Memphis & C. Ry. Co. v. Pace, 282 U.S. 241 | 200+121 | Construction and maintenance of serviceable roads is public purpose for which property may be taxed by state. | Is the construction and maintenance of serviceable roads a typical purpose for which property may be taxed by the state? | Highways - Memo 38 - RK.docx | LEGALEASE-00018960-LEGALEASE-00018961 |
| Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773 | 25T+141 | Nonsignatory may compel arbitration against party to arbitration agreement when that party has entered into separate contractual relationship with nonsignatory which incorporates existing arbitration clause. | When can a nonsignatory compel arbitration against a party to an arbitration agreement? | Alternative Dispute Resolution - Memo 502 - RK.docx | ROSS-003300651-ROSS-003300652 |
| In re Van Ingen's Will, 100 N.Y.S.2d 244 | 162+202.10 | A check which was uncashed at maker's death could not thereafter be honored, but the holder could present his claim against maker's estate for the amount thereof. | Can a holder present his claim against the maker's estate after the maker's death? | 009377.docx | LEGALEASE-00129173-LEGALEASE-00129174 |
| In re Bakri's Estate, 109 N.Y.S.2d 654 | 8.30E+76 | Death of drawer of check operates as a revocation or countermanding of authority of drawee to make payment. | Does the death of the drawer operate as a revocation or countermanding of the authority of the drawee to make payment? | 009381.docx | LEGALEASE-00129177-LEGALEASE-00129178 |
| Second Nat. Bank of Paintsville v. Meek Appliance Co., 244 S.W.2d 769 | 172H+593 | Bank which paid check despite receipt and acquiescence in stop-payment order from drawer was properly adjudged liable for net loss caused to drawer of check. KRS 287.405. | Is a bank liable for payment of a check after receiving a stop payment order? | Bills and Notes - Memo 168 - RK.docx | LEGALEASE-00019088-LEGALEASE-00019089 |
| Duke v. Sun Oil Co., 320 F.2d 853 | 294+21 | In absence of express agreement delivery of check to payee is merely conditional payment which does not become absolute until check is actually paid by drawee bank. | When does a check constitute absolute payment? | Bills and Notes - Memo 169 - RK.docx | ROSS-003300100-ROSS-003300101 |
| Baucom v. Friend, 52 A.2d 123 | 8.30E+186 | References to time of payment, made both in body of note and by marginal notation, will be construed together unless so contradictory as to be irreconcilable. | Are marginal notations on a note construed with the body of the instrument? | Bills and Notes - Memo 170 - RK.docx | LEGALEASE-00019092-LEGALEASE-00019093 |
| People v. Woods, 112 Cal. App. 3d 226 | 67+9(0.5) | Reasonable interpretation of statute defining offense of burglary of a vehicle, in a case where entry occurs through window deliberately left open, requires some evidence of forced entry before prosecution's burden of proof is satisfied. West's Ann.Pen.Code, S 459. | Is locking as an essential element of common vehicular burglary? | Burglary - Memo 46 - RK.docx | LEGALEASE-00019106-LEGALEASE-00019107 |
| Blankenship v. Kootenai Cty., 125 Idaho 101 | 79+66 | While performing clerical judicial functions for court, deputy clerks and bailiffs are subject to control and direction of administrative court judge. I.C. S 1-907. | Does an administrative judge have the authority over the assignment and supervision of deputy court clerks? | 013371.docx | LEGALEASE-00129690-LEGALEASE-00129691 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Freeman v. Bd. of Educ. of Hempstead Sch. Dist., 205 A.D.2d 38 | 141E+574 | School nurse teacher's lack of certification in health did not necessarily preclude her from being appointed to health position, after her position as school nurse teacher was "excessed," even though lack of certification for position sought rendered it not "similar" to position abolished and section of Education Law regarding filling of existing and future vacancies when position is abolished or consolidated without creation of new position neither compelled nor authorized hiring of teacherfor position for which he or she was not certified; teacher was to be certified to teach health upon resolution of dispute regarding employment as health teacher, and thus Board of Education would not have been hiring uncertified teacher, and Board 's procrastination was at least partially responsible for delay in obtaining certification to teach health. McKinney's Education Law S 2510, subd. 3. | Is the burden of obtaining teaching certificate the primary responsibility of a teacher? | 016972.docx | LEGALEASE-00129269-LEGALEASE-00129270 |
| Lombard v. Bd. of Educ. of City of New York, 645 F. Supp. 1574 | 316P+88 | Fact that plaintiff possessed teaching license did not give him legitimate claim of entitlement to employment. | Does possession of a teaching license give a legitimate claim of entitlement to employment? | 016974.docx | LEGALEASE-00129271-LEGALEASE-00129272 |
| Gossman v. Gossman, 52 Cal. App. 2d 184 | 388+404(2) | A "conclusion of law" does not lose its character as such because placed among the findings of fact, and a "finding" may be regarded as "finding of fact" although mistakenly placed among the conclusions of law. | Will a conclusion of law lose its characteristic if placed among the findings of fact? | Pleading - Memo 227 - RMM.docx | ROSS-003287375-ROSS-003287376 |
| Juen v. Juen, 12 Ill. App. 3d 284 | 307A+501 | Terms "nonsuit" and "voluntary dismissal without prejudice" are used interchangeably because there is no difference in effect between them. S.H.A. ch. 110, S 52. | "Can the terms ""nonsuit"" and ""voluntary dismissal without prejudice"" be used interchangeably?" | Pretrial Procedure - Memo # 1035 - C - Kl.docx | ROSS-003287440-ROSS-003287441 |
| Hartquist v. Tamiami Trail Tours, 139 Fla. 328 | 307A+501 | One instituting civil action may voluntarily terminate it by dismissal, discontinuance, or nonsuit. | "Can a plaintiff instituting a civil action voluntarily terminate it by dismissal, discontinuance, or nonsuit?" | Pretrial Procedure - Memo # 1114 - C - CK.docx | ROSS-003314586-ROSS-003314587 |
| Carter v. Clegg, 557 So. 2d 1187 | 307A+501 | Trial court should grant voluntary dismissal unless some legal prejudice occurs. Rules Civ.Proc., Rule 41. | Should a trial court grant a voluntary dismissal unless some legal prejudice occurs? | Pretrial Procedure - Memo # 1268 - C - PC.docx | ROSS-003299583-ROSS-003299584 |
| Black Radio Network v. NYNEX Corp., 44 F. Supp. 2d 565 | 317A+114 | Federal Communications Act's (FCA) two-year statute of limitations on complaints against carriers for recovery of damages applies to actions filed either in court or with Federal Communications Commission (FCC). Communications Act of 1934, S 415(b), 47 U.S.C.A. S 415(b). | Should all complaints against carriers for the recovery of damages be filed with the Federal Communications Commission (FCC) within two years after the cause of action accrues? | 042525.docx | LEGALEASE-00129299-LEGALEASE-00129300 |
| Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773 | 25T+141 | In absence of signature, party may be bound by arbitration clause if its subsequent conduct indicates that it is assuming obligation to arbitrate. | Can a party be bound by an arbitration clause in the absence of signature? | 007374.docx | LEGALEASE-00130231-LEGALEASE-00130232 |
| Prudential Lines v. Exxon Corp., 704 F.2d 59 | 25T+143 | If a dispute arises under a collateral agreement, arbitration of that dispute cannot be compelled merely based upon existence of an arbitration clause in main agreement. 9 U.S.C.A. S 4. | Can disputes arising in a collateral agreement be compelled to arbitration? | 007384.docx | LEGALEASE-00130247-LEGALEASE-00130248 |
| Serrano v. Priest, 5 Cal. 3d 584 | 1.41E+19 | The word "system" as used in constitutional direction to legislature to provide system of common schools means one system which shall be applicable to all common schools within state. West's Ann.Const. art. 9, S 5. | What does the word system implies with respect to a system of common schools? | 017004.docx | LEGALEASE-00129763-LEGALEASE-00129765 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Smith v. Reynolds, 54 Conn. App. 381 | 307A+501 | Statutory right of plaintiff to withdraw action before a hearing on merits is absolute and unconditional. C.G.S.A. S 52-80. | Is a statutory right of plaintiff to withdraw action before a hearing on merits absolute and unconditional? | Pretrial Procedure - Memo # 1255 - C - TM.docx | ROSS-003299578-ROSS-003299579 |
| Duffy v. Gross, 121 Colo. 198 | 307A+742.1 | The pre-trial conference rule is designed to expedite trials when certain facts may be admitted and necessity of proof thereof obviated. Rules of Civil Procedure, rule 16. | What is the pre-trial conference rule designed to do? | Pretrial Procedure - Memo # 1349 - C - TJ.docx | ROSS-003301231-ROSS-003301232 |
| Hunt v. Griffin, 49 Miss. 742 | 307A+501 | A discontinuance is either voluntary or involuntary,-voluntary, where the plaintiff withdraws his suit; involuntary when, in consequence of some technical omission, mispleading, or the like, the suit is regarded as out of court. | When is a discontinuance either voluntary or involuntary? | Pretrial Procedure - Memo # 1359 - C - SJ.docx | ROSS-003287765-ROSS-003287766 |
| Eddings v. Gillespie, 59 Tenn. 548 | 25T+174 | An agreement made out of court to arbitrate matters involved in a suit pending, operates as a discontinuance of the suit. | Does an agreement made out of court to arbitrate matters involved in a suit pending operate as a discontinuance of the suit? | Pretrial Procedure - Memo # 1364 - C - BP.docx | ROSS-003287042-ROSS-003287043 |
| Davidson v. Fornicola, 38 N.J. Super. 365 | 307A+742.1 | A primary purpose of pretrial conference is preliminarily to elicit controversial issues to be litigated, particularly those which would not otherwise be reasonably anticipated. | What is the primary purpose of pretrial conference? | Pretrial Procedure - Memo # 1630 - C - NS.docx | ROSS-003314576-ROSS-003314577 |
| Conlen Grain & Mercantile v. Texas Grain Sorghum Producers Bd., 519 S.W.2d 620 | 371+2001 | "Tax" is burden or charge imposed by legislative power of state upon persons or property to raise money for public purposes. Vernon's Ann.Civ.St. art. 55c. | Are taxes imposed to raise money? | 044782.docx | LEGALEASE-00130160-LEGALEASE-00130161 |
| Newman v. State, 336 Ga. App. 760 | 399+3 | If a rational trier of fact does not think the explanation given by the person suspected of loitering or prowling, when explaining his presence and conduct to a police officer, is sufficient to dispel the police officer's concern for the safety of persons or property in the vicinity, it may find the defendant guilty of loitering. West's Ga.Code Ann. S 16-11-36(b). | What makes a person guilty of loitering? | 047439.docx | LEGALEASE-00130173-LEGALEASE-00130174 |
| Acevedo v. State, 200 So. 3d 196 | 399+1 | The purpose of the statute criminalizing loitering and prowling is to punish a certain type of incipient criminal behavior before it ripens into the commission or attempted commission of a substantive criminal act. West's F.S.A. S 856.021. | What is the purpose of criminalizing loitering? | 047444.docx | LEGALEASE-00130177-LEGALEASE-00130178 |
| Gifford v. Nottingham, 68 Idaho 330 | 413+2084 | Workmen's Compensation Act is a remedial law providing compensation for injured employees without reference to negligence either on part of employer or employee, explicitly does away with common law actions previously applicable to controversies within the scope of the statute and abolishes every remedy against an employer for all injuries negligent and not negligent received by a workman in course of his employment. I.C.A. S 43-902 et seq. | Is the Workers Compensation Act a remedial statute? | 047786.docx | LEGALEASE-00129929-LEGALEASE-00129930 |
| Fleet Tire Serv. of N. Little Rock v. Oliver Rubber Co., 118 F.3d 619 | 25T+143 | In determining whether arbitration clause applies, court asks whether clause is broad or narrow, and if clause is narrow, whether dispute involves agreement collateral to agreement containing arbitration clause. | How do courts determine whether an arbitration provision applies? | 007393.docx | LEGALEASE-00131354-LEGALEASE-00131355 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Pick Quick Food v. United Food & Commercial Workers Local 342, 952 F. Supp. 2d 494 | 231H+1556(7) | Presumption of arbitrability, which attaches where arbitration clause is broad, is not firmly affixed; rather, party resisting arbitration bears burden of showing that disputed issue should not proceed to arbitration and may do so by showing that express provision in collective bargaining agreement (CBA) excludes particular grievance from arbitration, or by presenting forceful evidence of purpose to exclude claim from arbitration. | Do courts find a presumption of arbitrability in contracts containing broad arbitration provisions? | 007456.docx | LEGALEASE-00131425-LEGALEASE-00131426 |
| Klingenschmitt v. United States, 119 Fed. Cl. 163 | 34+5(1) | Military Whistleblower Protection Act (MWPA) does not provide plaintiffs with private cause of action to enforce their rights under the Act in court, but instead plaintiffs must follow the administrative scheme set forth in the Act. 10 U.S.C.A. S 1034(c). | Does the Military Whistleblower Act (MWPA) provide for a private cause of action? | 008421.docx | LEGALEASE-00130276-LEGALEASE-00130278 |
| State v. Perez, 147 Conn. App. 53 | 63+11 | In a bribery case involving a public servant, if direct evidence of the requisite intent is unavailable, it may be established by circumstantial evidence; the quid pro quo requirement is satisfied as long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. C.G.S.A. S 53a-148(a). | Can the requisite corrupt intent in a bribery case be established by circumstantial evidence if direct evidence is unavailable? | Bribery - Memo # 65 - C - LB.docx | ROSS-003285725-ROSS-003285726 |
| United States v. Whetzel, 594 F.3d 624 | 67+2 | Housebreaking is a generic burglary crime because the offense includes the elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. 10 U.S.C.A. S 930. | Are all the elements of housebreaking included in burglary? | 013180.docx | LEGALEASE-00131319-LEGALEASE-00131320 |
| Stegmaier v. Trammell, 597 F.2d 1027 | 79+6 | Even though, under the Alabama judicial scheme, deputy circuit clerk did not stand in a confidential relationship to a policy maker or to a policy-making process, deputy circuit clerk fell within the "confidential employee" exception to the general proscription of patronage dismissals where, under Alabama statutes, deputy clerks were empowered to conduct all business which the elected clerk was authorized to conduct and where the clerk was statutorily subject to civil liability and fines for failure to perform statutory duties, thus making it necessary for circuit clerk to select a deputy in whom he has total trust and confidence and from whom he can expect undivided loyalty. Code of Ala.1975, SS 12-17-93, 12-17-93(2), 12-17-94, 12-17-94(b). | Can a deputy circuit clerk who is in a confidential relationship to a policymaker be discharged solely upon the basis of political affiliation? | Clerks of court - Memo 120 - RK.docx | LEGALEASE-00020326-LEGALEASE-00020327 |
| Kilhafner v. Harshbarger, 245 Ill. App. 3d 227 | 79+6 | Although chief judge may exercise general control over circuit clerk's office, and although county board may control pay of deputy clerks, it is circuit clerk who employs deputies. | Who is the employer of deputy clerks? | 013537.docx | LEGALEASE-00131274-LEGALEASE-00131275 |
| Juen v. Juen, 12 Ill. App. 3d 284 | 307A+501 | Terms "nonsuit" and "voluntary dismissal without prejudice" are used interchangeably because there is no difference in effect between them. S.H.A. ch. 110, S 52. | "Are ""non-suit"" and ""voluntary dismissal without prejudice"" used interchangeably because there is no difference in effect between them?" | 026070.docx | LEGALEASE-00130709-LEGALEASE-00130710 |
| Stubblefield v. Seals, 485 S.W.2d 126 | 307A+501 | That plaintiff who voluntarily dismisses his cause of action does so under some judicial compulsion or professional expediency does not, ipso facto, make plaintiff "disobedient" or act of dismissal improper. Section 510.130 RSMo 1969, V.A.M.S. | Does a plaintiff who voluntarily dismisses his cause of action do so under some judicial compulsion or professional expediency? | Pretrial Procedure - Memo # 1245 - C - SKG.docx | ROSS-003301175-ROSS-003301176 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Fenton v. Thompson, 352 Mo. 199 | 307A+501 | The taking of a nonsuit is essentially the act of the plaintiff rather than of the court, which records and gives sanction to plaintiff's act. V.A.M.S. SS 510.130, 510.150. | Is the taking of a nonsuit an act of a plaintiff or of a court which records and gives sanction to the plaintiff's act? | Pretrial Procedure - Memo # 1278 - C - PC.docx | ROSS-003313030-ROSS-003313032 |
| Herring v. Poritz, 6 Ill. App. 208 | 307A+501 | A "nonsuit" is the name of a judgment given against the plaintiff when he is unable to prove his case, or when he refuses or neglects to proceed to the trial of a cause after it has been put at issue, without determining such issue. | What is a nonsuit judgement? | 026440.docx | LEGALEASE-00130420-LEGALEASE-00130421 |
| Wildman v. Rider, 23 Conn. 172 | 307A+501 | It is no valid objection to a motion to erase a cause from the docket of a court that such motion is made by the party who brought the cause to such court. | Is it a no valid objection to a motion to erase a cause from the docket of a court that such motion is made by the party who brought the cause to such court? | Pretrial Procedure - Memo # 1443 - C - PC.docx | LEGALEASE-00020495-LEGALEASE-00020496 |
| Trickey v. Superior Court In & For Sacramento Cty., 252 Cal. App. 2d 650 | 307A+747.1 | Pretrial conference reaches its close only with the signing and filing of the pretrial conference order, and the latter may be modified. Cal. Rules of Court, rule 216. | Does a pre-trial conference reach its close only with the signing and filing of the pre-trial conference order and can the latter be modified? | 026757.docx | LEGALEASE-00130293-LEGALEASE-00130294 |
| 150 Centreville v. Lin Assocs. Architects, PC, 39 Misc. 3d 513 | 307A+331 | A party has a duty to preserve, protect, and safeguard evidence when it has notice that the evidence is relevant to litigation or should have known that the evidence might be relevant to future litigation. | Does a party in litigation have an affirmative duty to preserve potentially relevant evidence? | Pretrial Procedure - Memo # 1682 - C - BP.docx | LEGALEASE-00020650-LEGALEASE-00020651 |
| Boydston v. Bd. of Regents for State of Kan., 242 Kan. 94 | 307A+743 | Primary purposes of pretrial conference are to reduce, if not eliminate, surprise from trial and to determine exactly what issues are to be tried and what procedures are to be followed. | What is the primary purpose of the pretrial conference? | 026831.docx | LEGALEASE-00130656-LEGALEASE-00130657 |
| Livingstone v. Greater Washington Anesthesiology & Pain Consultants, P.C., 187 Md. App. 346 | 307A+749.1 | A scheduling order does not enlarge or constrict the scope of discovery, but rather, it sets time limits on certain discovery events. | Does a scheduling order enlarge or constrict the scope of discovery? | 026847.docx | LEGALEASE-00130859-LEGALEASE-00130860 |
| King v. Zimmerman, 266 Mont. 54 | 307A+743 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | Is the purpose of a pretrial order to clarify and simplify issues to be tried? | 026863.docx | LEGALEASE-00131097-LEGALEASE-00131098 |
| Arfor-Brynfield v. Huntsville Mall Assocs., 479 So. 2d 1146 | 307A+745 | Purpose of pretrial procedure is to clarify and simplify issues to be tried and resulting pretrial order controls subsequent course of action. Rules Civ.Proc., Rule 16. | Does a pretrial order control the subsequent course of the action and trial? | 027049.docx | LEGALEASE-00131219-LEGALEASE-00131220 |
| Clark v. Randalls Food, 317 S.W.3d 351 | 307A+331 | The duty to preserve evidence is not raised unless (1) a party knows or reasonably should know that there is a substantial chance a claim will be filed, and (2) evidence is relevant and material. | When is the duty to preserve evidence not raised? | Pretrial Procedure - Memo # 2157 - C - PC.docx | ROSS-003328596 |
| Town of Tiburon v. Bonander, 180 Cal. App. 4th 1057 | 371+2001 | Unlike a special assessment, a tax may be levied without regard to whether the property or person subject to the tax receives a particular benefit. | Is special assessment similar to tax? | Taxation - Memo # 176 - C - SS.docx | ROSS-003304029-ROSS-003304030 |
| NetJets Aviation v. Guillory, 207 Cal. App. 4th 26 | 371+2013 | Every system of taxation consists of two parts, which are (1) the elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection; the former is a legislative function, while the latter is mere machinery, and is delegable to other than governmental agencies. | What parts does a system of taxation consist of? | 044769.docx | LEGALEASE-00131002-LEGALEASE-00131003 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Walton v. New York State Dep't of Corr. Servs., 13 N.Y.3d 475 | 238+7(9) | Municipalities and administrative agencies engaged in regulatory activity can assess fees that need not be legislatively authorized, as long as fees charged are reasonably necessary to accomplishment of regulatory program. | Is tax a charge that a government exacts from a citizen to defray the general costs of government unrelated to any particular benefit received by that citizen? | Taxation - Memo # 40 - C - CK.docx | ROSS-003300334-ROSS-003300335 |
| United States v. Flower, 452 F.2d 80 | 34+2 | Wide discretion exists in executive department in both formulation and application of military regulations, as well as in their interpretation as to what constitutes "for the good of the service." | Is wide discretion given to the military to decide what constitutes good service? | 008895.docx | LEGALEASE-00132409-LEGALEASE-00132410 |
| Pramer S.C.A. v. Abaplus Int'l Corp., 76 A.D.3d 89 | 13+5 | Private right of action is not implied under the commercial bribery provisions of the Penal Law. | Is a private right of action implied under the commercial bribery provisions of the penal law? | 011150.docx | LEGALEASE-00132212-LEGALEASE-00132213 |
| State v. Redmon, 244 N.W.2d 792 | 37+152(2) | Assault and battery is properly classified as general intent crime, while assault with intent to inflict great bodily injury and breaking and entering with intent to commit public offense are specific intent crimes; and this would also be true when inability to formulate the specific intent required for conviction was due to mental state produced by ingestion of drugs. I.C.A. SS 694.1, 708.1. | Does burglary require a public offense? | Burglary - Memo 107 - JS.docx | LEGALEASE-00021468-LEGALEASE-00021469 |
| Wozniak v. Lucutz, 102 Cal. App. 4th 1031 | 307A+742.1 | Among the ways a question about the sufficiency of a complaint may be resolved are: (1) by the voluntary withdrawal as an issue, (2) by directing an appropriate amendment, and continuing the pretrial conference until the pleading issue is resolved, (3) by reformulating the issue at the pretrial conference and setting it forth in the pretrial order, or (4) by a ruling that no issue is raised with respect to the allegations in question. | "If the question of the sufficiency of a pleading is raised at a pretrial conference, when should it be resolved?" | Pretrial Procedure - Memo # 1507 - C - VP.docx | ROSS-003301308-ROSS-003301309 |
| Eilen v. Tappin's, 14 N.J. Super. 162 | 307A+331 | Rules concerning discovery and inspection are liberal in spirit and should be accorded a broad construction. Rules 3:30-2, 3:34-1. | Are rules concerning discovery and inspection liberal in spirit and should be accorded a broad construction? | 027285.docx | LEGALEASE-00131709-LEGALEASE-00131710 |
| In re Advanced Powder Sols., 496 S.W.3d 838 | 307A+331 | A person has a duty to preserve evidence only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | When does the duty to preserve evidence arise? | 027454.docx | LEGALEASE-00132128-LEGALEASE-00132129 |
| MRT v. Vounckx, 299 S.W.3d 500 | 307A+331 | The duty to preserve evidence arises only when a party knows or reasonably should know (1) there is a substantial chance that a claim will be filed and (2) the evidence in the party's possession or control will be material and relevant to that claim. | When does the duty to preserve evidence arise? | Pretrial Procedure - Memo # 2125 - C - NC.docx | LEGALEASE-00021689-LEGALEASE-00021690 |
| Ideal Mut. Ins. Co. v. Sullivan, 678 S.W.2d 98 | 307A+749.1 | Where there has been no compliance with rule requiring agreements reached at pretrial conferences to be in writing and entered of record, any agreement, even if made, is unenforceable. Vernon's Ann.Texas Rules Civ.Proc., Rule 11. | Should agreements entered at the pretrial conference be in writing or entered of record to be enforceable? | 027552.docx | LEGALEASE-00131769-LEGALEASE-00131770 |
| Cole v. N. Carolina Dep't of Pub. Safety, 800 S.E.2d 708 | 307A+517.1 | Once a voluntary dismissal has been taken, the petitioner has terminated the action, leaving nothing in dispute. N.C. R. Civ. P. 41(a)(1). | "Once a voluntary dismissal has been taken, did the petitioner terminate the action leaving nothing in dispute?" | 027564.docx | LEGALEASE-00131860-LEGALEASE-00131861 |
| Antisdel v. Ashby, 279 Va. 42 | 307A+501 | Defendant is not limited in a new action to raising only the defenses asserted in a previously nonsuited action; new action stands independently of any prior nonsuited action. | Does a new action stand independently of any prior nonsuited action? | Pretrial Procedure - Memo # 2215 - C - KA.docx | ROSS-003301409-ROSS-003301410 |
| Life Care Ambulance v. Hosp. Auth. of Gwinnett Cty., 202 Ga. App. 864 | 307A+749.1 | Pretrial order supersedes pleadings and controls subsequent scope and course of action. | Does a pretrial order supersede the pleadings and controls the subsequent scope and course of the action? | 027650.docx | LEGALEASE-00132336-LEGALEASE-00132337 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Wickman v. Opper, 188 Cal. App. 2d 129 | 307A+749.1 | Pretrial order did not foreclose trial court from thereafter permitting amendment of pleadings. West's Ann.Superior Court Rules, rule 8.8. | Does a pretrial order foreclose a trial court from thereafter permitting an amendment of the pleadings? | 027687.docx | LEGALEASE-00132366-LEGALEASE-00132367 |
| Escude ex rel. Escude v. King Cty. Pub. Hosp. Dist. No. 2, 117 Wash. App. 183 | 307A+502 | Upon a motion for voluntary dismissal of a claim, the trial court's discretion to order dismissal with prejudice should only be exercised in limited circumstances where dismissal without prejudice would be pointless. CR 41(a)(4). | Will a court enter a dismissal with prejudice only if a dismissal without prejudice would be pointless? | Pretrial Procedure - Memo # 2334 - C - KG.docx | ROSS-003328676 |
| Gogri v. Jack In The Box Inc., 166 Cal. App. 4th 255 | 307A+517.1 | If a plaintiff's written request for voluntary dismissal is in proper form, the dismissal is effective immediately. West's Ann.Cal.C.C.P. S 581. | "If a plaintiff's written request for voluntary dismissal is in proper form, is the dismissal effective immediately?" | 027840.docx | LEGALEASE-00131983-LEGALEASE-00131984 |
| Bank of Am., N.A. v. Mitchell, 204 Cal. App. 4th 1199 | 307A+506.1 | A plaintiff may voluntarily dismiss an action with prejudice at any time before the submission of the cause. West's Ann.Cal.C.C.P. S 581. | Can a plaintiff voluntarily dismiss an action with prejudice at any time before the submission of the cause? | Pretrial Procedure - Memo # 2396 - C - KS.docx | ROSS-003301505-ROSS-003301506 |
| Gallagher v. Fiderion Grp., 300 Ga. App. 434 | 307A+517.1 | Effect of a voluntary dismissal of an action is so complete that situation is the same as if the action had never been brought in the first place. | Is the effect of a voluntary dismissal of an action so complete that situation is the same as if the action had never been brought in the first place? | 028094.docx | LEGALEASE-00132250-LEGALEASE-00132251 |
| Hodge v. Johnson, 852 N.E.2d 650 | 307A+517.1 | An open and voluntary renunciation by a plaintiff of his suit, a "retraxit," operates as a dismissal with prejudice. | "An open and voluntary renunciation by a plaintiff of his suit, does a ""retraxit,"" operate as a dismissal with prejudice?" | 028421.docx | LEGALEASE-00132176-LEGALEASE-00132177 |
| Citizens' Util. Ratepayer Bd. v. State Corp. Comm'n of the State of Kan., 24 Kan. App. 2d 222 | 371+2001 | "Tax" is forced contribution to raise revenue for maintenance of governmental services offered to the general public. | "Is ""tax"" used for the maintenance of governmental services offered to the general public?" | Taxation - Memo # 128 - C - CK.docx | ROSS-003286795-ROSS-003286796 |
| Nw. Fire Dist. v. U.S. Home of Arizona Const. Co., 213 Ariz. 489 | 371+2001 | Assessment imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class. | s an assessment imposed upon a broad class of parties more likely to be a tax than an assessment imposed upon a narrow class? | Taxation - Memo # 214 - C - KI.docx | LEGALEASE-00022120-LEGALEASE-00022121 |
| Pub. Advocate & Consumers Educ. & Protective Ass'n v. City of Philadelphia, 662 A.2d 686 | 371+2001 | Necessary predicate to finding of unlawful tax is direct taking of customer funds. | "Is direct taking of customer funds, a necessary predicate to finding of unlawful tax?" | 044873.docx | LEGALEASE-00131875-LEGALEASE-00131876 |
| German v. Com., 410 Mass. 445 | 371+2001 | "Tax" is revenue-raising exaction imposed through generally applicable rates to defray public expense; nature of monetary exaction will be decided by studying its operation rather than how it has been characterized by legislature. | Will the nature of monetary exaction be decided by studying its operation rather than how it has been characterized by legislature? | Taxation - Memo # 305 - C - CK.docx | ROSS-003287769-ROSS-003287770 |
| Chicago & N. W. Transp. Co. v. Webster Cty. Bd. of Sup'rs, 880 F. Supp. 1290 | 371+2001 | Levies raising revenues for public benefit are not "taxes" when they are charges for use of public facilities. | Are levies that are charges for use of public facilities considered taxes raising revenues for public benefit? | Taxation - Memo # 317 - C - KI.docx | ROSS-003301965-ROSS-003301966 |
| Sellers v. Daniel Const. Co., 285 S.C. 484 | 413+1 | Worker's Compensation Act is concerned with substantive rights and liabilities of employee and employer. Code 1976, S 42-1-10 et seq. | Is the Workers Compensation Act concerned with the substantive rights and liabilities of the employee and employer? | 047758.docx | LEGALEASE-00131897-LEGALEASE-00131898 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Buenrostro, 781 F.3d 864 | 63+1(1) | The $5,000 element of federal bribery statute pertains to subject matter of bribe, which must be valued at $5,000 or more; in other words, the business or transaction sought to be influenced must have a value of $5,000 or more. 18 U.S.C.A. S 666(a)(2). | "What does the $5,000 element of the offense of bribery pertain to?" | 011334.docx | LEGALEASE-00133517-LEGALEASE-00133518 |
| State v. Walker, 130 S.W.3d 18 | 63+1(1) | Crime of bribery is complete when offer is made; it is not element of offense that act to be influenced was actually performed or accomplished. V.A.M.S. S 576.010. | Does it matter whether the act to be influenced by the bribery is actually performed or accomplished? | 011426.docx | LEGALEASE-00133370-LEGALEASE-00133371 |
| State v. Gora, 148 N.J. Super. 582 | 63+1(1) | A conviction under statute making it a misdemeanor for a judge, magistrate or public officer to receive or take, by color of his office, any fee or reward not allowed by law for performing his duties will be sustained if the proofs show that the services rendered, or to be rendered, or even pretended to be rendered, were "apparently, or pretended to be, within official power or authority, and the money must be taken in such an apparent or claimed capacity"; it is not necessary that there be actual power or authority reposed in defendant to render such services. N.J.S.A. 2A:105-1. | What is the definition of under color of office for purposes of bribery? | 011440.docx | LEGALEASE-00132994-LEGALEASE-00132995 |
| Putnam v. Shoaf, 620 S.W.2d 510 | 289+559 | An individual's right in specific partnership property is the partnership tenancy possessory right of equal use or possession by partners for partnership purposes; that possessory right is incident to the partnership and the possessory right does not exist in the absence of the partnership; the possessory right is not the partner's interest in the assets of the partnership as the real interest of the partner is his share of the profits and surplus. T.C.A. SS 61-1-123 to 61-1-125. | Does each partner have equal right to possess partnership property for partnership purpose? | 022084.docx | LEGALEASE-00133482-LEGALEASE-00133483 |
| Outlet Co. v. Wade, 377 So.2d 722 | 289+1110 | Under limited partnership statute providing that rule that statutes in derogation of common law are to be strictly construed shall have no application to limited partner statutes, limited partnership may exist in Florida without strict compliance with statute although limited partnership was not recognized at common law. West's F.S.A. S 620.28. | Are limited partnerships recognized at common law? | 022100.docx | LEGALEASE-00133501-LEGALEASE-00133502 |
| In re Saunders, 155 B.R. 405 | 289+559 | Although member of partnership owns interest in partnership and thereby owns interest in its property, partner does not hold title to any specific property belonging to partnership, and therefore cannot unilaterally grant security interest in partnership property. Vernon's Ann.Texas Civ.St. art. 6132b, SS 25-27. | Does a member of a partnership hold title to any specific partnership property? | 022108.docx | LEGALEASE-00133509-LEGALEASE-00133510 |
| Rose v. Summers, Compton, Wells & Hamburg, P.C., 887 S.W.2d 683 | 46H+627 | Attorney representing limited partnership owes duty of loyalty to limited partnership as organization and not to limited partners as individuals. | Does the duty of loyalty owed by an attorney to a limited partnership extend to the individual partners? | Partnership - Memo 278 - RK.docx | ROSS-003289397-ROSS-003289398 |
| In re Palilla, 493 B.R. 248 | 289+674(4) | Under Colorado law, partner may be liable for another partner's embezzlement of funds, despite fact that innocent partner had no knowledge of or participation in guilty partner's activities. Colo. Rev. Stat. Ann. SS 7-64-305(2), 7-64-306(1). | Can a partner be held liable for the embezzlement of client funds by another partner? | 022139.docx | LEGALEASE-00133545-LEGALEASE-00133546 |
| Soley v. VanKeppel, 656 N.E.2d 508 | 289+429 | Lack of daily involvement by one partner is not per se indicative of absence of partnership. West's A.I.C. 23-4-1-7. | Is the lack of daily involvement by one partner per se indicative of an absence of a partnership? | Partnership - Memo 291 - RK.docx | LEGALEASE-00022581-LEGALEASE-00022582 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Taylor v. Washington Hosp. Ctr., 407 A.2d 585 | 307A+747.1 | Parties' pretrial statements are incorporated into an order which narrows the issues in order to simplify the trial. D.C.C.E. SCR, Civil Rule 16. | Are parties' pretrial statements incorporated into an order which narrows the issues in order to simplify the trial? | 027089.docx | LEGALEASE-00132828-LEGALEASE-00132829 |
| Am. Nat. Rent-A-Car v. McNally, 8 Ariz. App. 208 | 307A+747.1 | In absence of proper pretrial order, minutes entered with respect to pretrial may be as binding as formal order. | "In absence of proper pretrial order, are minutes entered with respect to pretrial binding?" | 027105.docx | LEGALEASE-00133014-LEGALEASE-00133015 |
| Cotton v. Ostroski, 250 Neb. 911 | 307A+749.1 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | Do issues set out in pretrial order supplant those raised in pleadings? | 027120.docx | LEGALEASE-00133213-LEGALEASE-00133215 |
| Hannah v. Heeter, 213 W. Va. 704 | 307A+331 | A party who reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. | Does a party who reasonably anticipates litigation have an affirmative duty to preserve relevant evidence? | Pretrial Procedure - Memo # 1941 - C - RY.docx | ROSS-003287824-ROSS-003287826 |
| Fada Indus. v. Falchi Bldg. Co., 189 Misc. 2d 1 | 307A+331 | No duty to preserve evidence arises unless the party possessing the evidence has notice of its relevance. | Does no duty to preserve evidence arise unless the party possessing the evidence has notice of its relevance? | Pretrial Procedure - Memo # 1944 - C - RY.docx | ROSS-003301515-ROSS-003301517 |
| Green v. Spriggs, 930 So. 2d 1052 | 307A+749.1 | Pretrial order controls the subsequent course of action, though it can be modified at trial to prevent substantial injustice. | Does a pretrial order control the subsequent course of action? | 027228.docx | LEGALEASE-00132656-LEGALEASE-00132657 |
| Polansky v. Berenji, 393 S.W.3d 362 | 307A+506.1 | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit render the merits of a plaintiff's claims moot? | Pretrial Procedure - Memo # 2294 - C - SK.docx | ROSS-003328446-ROSS-003328447 |
| Murphy v. Colorado Aviation, 41 Colo. App. 237 | 307A+749.1 | Trial court had broad discretion in allowing deviations from terms of pretrial orders. Rules of Civil Procedure, rule 16. | Does a trial court have broad discretion in allowing deviations from the terms of pretrial orders? | 027719.docx | LEGALEASE-00132816-LEGALEASE-00132817 |
| Sieben v. Sieben, 231 Kan. 372 | 307A+749.1 | Under Supreme Court rule counsel has ten days to object to a pretrial order; unless a pretrial order is modified by the trial court to prevent manifest injustice that order controls the subsequent course of litigation. | "Under Supreme Court rules, does counsel have ten days to object to a pretrial order?" | Pretrial Procedure - Memo # 2440 - C - VA.docx | ROSS-003300084-ROSS-003300085 |
| Hous. Auth. of City of Wilmington v. Sparks Eng'g, PLLC, 212 N.C. App. 184 | 307A+517.1 | A voluntary dismissal strips the trial court of authority to enter further orders in the case; the effect of a judgment of voluntary dismissal is to leave the plaintiff exactly where he or she was before the action was commenced. Rules Civ.Proc., Rule 41(a), West's N.C.G.S.A. S 1A-1. | Does a voluntary dismissal strip the trial court of authority to enter further orders in the case? | 027977.docx | LEGALEASE-00133050-LEGALEASE-00133051 |
| Brumby v. Brooks, 140 Ga. App. 210 | 371+3295 | In action brought to collect unpaid unemployment compensation taxes from person who was president of corporation at time taxes became due, trial court correctly charged jury on stipulations and issue for determination as set forth in pretrial order, despite contentions that stipulation was incomplete and prejudicial, and that instructions on issue for determination improperly stated time period; such objections could not be raised for first time on appeal; furthermore, charge clearly set forth issue and was not harmful or prejudicial. Code, SS 54-650.2, 81A-116. | "Does the pretrial order control a subsequent trial, unless objected to?" | 028060.docx | LEGALEASE-00133412-LEGALEASE-00133413 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Jamison v. Lloyd, 51 Mich. App. 570 | 307A+749.1 | Pretrial summary issued by court after pretrial conference controlled subsequent course of litigation. GCR 1963, 301.3. | Does a pretrial summary issued by a court after a pretrial conference control a subsequent course of litigation? | Pretrial Procedure - Memo # 2531 - C - PB.docx | LEGALEASE-00022952-LEGALEASE-00022953 |
| Bump v. Firemens Ins. Co. of Newark, N.J., 221 Neb. 678 | 307A+750 | Pretrial conferences are conducted to simplify and narrow issues presented in a case, and issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | Do issues stipulated to at a pre-trial conference constitute the issues on which the case is to be tried? | 028142.docx | LEGALEASE-00132627-LEGALEASE-00132628 |
| Brisson v. Kathy A. Santoriello, M.D., P.A., 134 N.C. App. 65 | 307A+517.1 | The effect of a judgment of voluntary dismissal is to leave the plaintiff exactly where he or she was before the action was commenced. | Is the effect of a judgment of voluntary dismissal to leave the plaintiff exactly where he or she was before the action was commenced? | 028347.docx | LEGALEASE-00132654-LEGALEASE-00132655 |
| Hobbs v. Arthur, 264 Ga. 359 | 307A+517.1 | Defenses which are raised in renewal action will be adjudicated only with respect to that which occurred subsequent to refiling. O.C.G.A. S 9-2-61(a). | Will defenses which are raised in renewal action be adjudicated only with respect to that which occurred subsequent to refiling? | 028625.docx | LEGALEASE-00133030-LEGALEASE-00133031 |
| Ilagan v. McAbee, 634 N.E.2d 827 | 307A+517.1 | "Retraxit" is open and voluntary renunciation by plaintiff of suit in court, made when trial is called on, by which plaintiff forever loses action, or is barred from commencing another action in same cause; retraxit operates as dismissal of cause with prejudice. | "What does the term ""retraxit"" encompasses?" | 028629.docx | LEGALEASE-00133044-LEGALEASE-00133045 |
| Hadley v. United States, 45 F.3d 1345 | 170A+1686 | Prejudice contemplated to prevent withdrawal of admission is not simply that party who obtained admission will now have to convince fact finder of its truth; rather, such prejudice relates to difficulty that party may face in proving its case, for example, due to unavailability of key witnesses, because of sudden need to obtain evidence with respect to questions previously deemed admitted. Fed.Rules Civ.Proc.Rule 36(b), 28 U.S.C.A. | "Does prejudice to party who initially obtained an admission, as would preclude the withdrawal of an admission, result simply because that party will now have to convince the fact finder of its truth?" | 028653.docx | LEGALEASE-00133170-LEGALEASE-00133171 |
| Hoffman v. Vulcan Materials Co., 91 F. Supp. 2d 881 | 386+7 | Under both North Carolina and common law, trespass as a result of negligent or reckless conduct or ultra-hazardous activity requires a showing of actual damages to plaintiffs or their properties. | Can trespass occur as a result of an ultrahazardous activity? | 047326.docx | LEGALEASE-00133377-LEGALEASE-00133378 |
| Gary Friedrich Enterprises v. Marvel Enterprises, 713 F. Supp. 2d 215 | 97C+108 | Owners of copyrighted material, who alleged that comic book publisher and other defendants infringed upon the owners' intellectual property rights, failed to state a claim for conversion or trespass to chattels under New York or Illinois law because the defendants never assumed "physical control" over the intellectual property. | Can trespass to chattels be committed on intellectual property? | 047332.docx | LEGALEASE-00133408-LEGALEASE-00133409 |
| Wheeler v. Del Duca, 151 A.D.3d 1005 | 386+10 | The essential elements of a cause of action sounding in trespass are the intentional entry into the land of another without justification or permission. | What are the elements of a cause of action sounding in trespass? | Trespass - Memo 245 - RK.docx | LEGALEASE-00023277-LEGALEASE-00023278 |
| Truck Ins. Exch. v. Cartmill, 385 S.W.2d 277 | 413+8 | Workmen's compensation benefits are paid for disability rather than for actual earnings received. | Are workmen's compensation benefits paid for disability rather than actual earnings received? | 047772.docx | LEGALEASE-00132623-LEGALEASE-00132624 |
| Houston Gen. Ins. Co. v. Offshore Logistics, 587 F. Supp. 824 | 413+1 | Longshoremen's and Harbor Workers' Compensation Act provides a comprehensive scheme governing the rights of an injured longshoreman. Longshoremen's and Harbor Workers' Compensation Act, S 1 et seq., 33 U.S.C.A. S 901 et seq. | Does the Longshoremen's Act provide a comprehensive scheme governing the rights of an injured longshoreman? | 047774.docx | LEGALEASE-00132645-LEGALEASE-00132646 |
| Simpkins v. Gen. Motors Corp. Delco Moraine Div., 3 Ohio App. 3d 275 | 413+1 | The essential element of the workers' compensation legislation is the legal relationship between employer and employee. | Is the legal relationship between employer and employee the essential element of the workers compensation legislation? | 047782.docx | LEGALEASE-00132734-LEGALEASE-00132735 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Protectu Awning Shutter Co. v. Cline, 154 Fla. 30 | 413+1 | Workmen's Compensation Act is based primarily on social responsibility of one to another, and its benefits should not be extended in a less degree to those less fortunate than the average worker. | What is the workmens compensation law primarily based on? | 047949.docx | LEGALEASE-00133249-LEGALEASE-00133250 |
| Logsdon v. Indus. Comm'n, 67 N.E.2d 823 | 413+1 | In Workmen's Compensation case the sole issue is whether claimant is entitled to participate or to continue to participate in State Insurance Fund. Gen.Code, S 1465-90, 111 Ohio Laws, p. 227. | What is the sole issue in a workmens compensation case? | Workers Compensation - Memo #243 ANC.docx | ROSS-003286992-ROSS-003286993 |
| Howry v. Eppinger, 34 Mich. 29 | 8.30E+186 | The words "secured by mortgage," written in the margin of a promissory note, form no part of the note, and do not operate to limit or impair its value; nor are they sufficient to notify third parties of the contents of the mortgage, or that it contained some clause inconsistent with the note, or to put them on inquiry. If it be the intent to limit the effect of the note by the terms or conditions of the mortgage securing its payment, language appropriate to express it must be employed. | Do words like secured by mortgage form a part of the note? | 010228.docx | LEGALEASE-00133626-LEGALEASE-00133627 |
| Bank of New York Mellon v. Poker Run Acquisitions, 208 So. 3d 199 | 307A+517.1 | A voluntary dismissal divests the trial court of continuing jurisdiction over a case; however, where the parties, prior to dismissal, present a settlement agreement to the trial court for approval and the trial court enters an order of dismissal predicated on the parties' settlement agreement, the trial court retains jurisdiction to enforce the terms of the settlement agreement. West's F.S.A. RCP Rule 1.420(a). | Does a voluntary dismissal divest the trial court of continuing jurisdiction over the case? | 028237.docx | LEGALEASE-00133588-LEGALEASE-00133589 |
| Maier v. Orr, 754 F.2d 973 | 34+18 | No one has an individual right, constitutional or otherwise, to enlist in armed forces, composition of those forces being within purview of Congress and the military. | Is composition of the armed forces a matter of Congress and military? | Armed Services - Memo 116 - JS.docx | ROSS-003289064-ROSS-003289065 |
| Kurlan v. Callaway, 510 F.2d 274 | 34+5(1) | Under army regulation, automatically classifying as being on active duty status those reservists who are on active duty for training at the time their units are called to active duty, term "active duty" denotes a formal status within the military establishment which is not dependent upon called-up individual's activities while on such duty as long as the definition encompasses him. | Is active duty a formal status? | Armed Services - Memo 128 - JS.docx | ROSS-003305020-ROSS-003305021 |
| United States v. Chon, 210 F.3d 990 | 34+3(2) | Although the Posse Comitatus Act (PCA), prohibiting Army and Air Force military personnel from participating in civilian law enforcement activities, does not directly reference the Navy or Marine Corps, this omission does not constitute congressional approval for Navy involvement in enforcing civilian laws. 10 U.S.C.A. S 375; 18 U.S.C.A. S 1385. | Does the Posse Comitatus Act apply to the Navy? | Armed Services - Memo 89 - JS.docx | LEGALEASE-00023571-LEGALEASE-00023572 |
| Mason v. Blayton, 119 Ga. App. 203 | 172H+593 | Drawer of check has right, at any time prior to acceptance by bank, to stop payment, but stopping of payment does not discharge drawer's liability to payee or holder. | "Does a drawer of a check have the right, at any time prior to acceptance by the bank, to stop its payment?" | 010209.docx | LEGALEASE-00133782-LEGALEASE-00133783 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Com. v. Trudell, 371 Pa. Super. 353 | 63+13 | Notwithstanding fact that one of two reputed mob hit men admittedly testified differently before grand jury in same case, such discrepancy between witness' trial testimony and prior inconsistent statements did not prevent jury from making rational consideration of credibility of witness at trial, and thus, testimony of reputed hit men was not so unreliable or contradictory that it could not support verdict against former police officers for bribery in official matters and criminal conspiracy. | "In a bribery case where testimony is contradictory, who determines whether the witnesses are to be believed?" | 011198.docx | LEGALEASE-00133842-LEGALEASE-00133843 |
| Paniagua v. Orange Cty. Fire Auth., 149 Cal. App. 4th 83 | 307A+517.1 | When an action is wilfully dismissed by the plaintiff against a sole defendant, it is as though no action had ever been filed. | "When an action is wilfully dismissed by the plaintiff against a sole defendant, is it as though no action had ever been filed?" | Pretrial Procedure - Memo # 2653 - C - NE.docx | LEGALEASE-00023657-LEGALEASE-00023658 |
| Arena v. Borough of Jamesburg, Middlesex Cty., 309 N.J. Super. 106 | 307A+517.1 | Voluntary dismissal without prejudice leaves situation as if action had never been filed. | Does a voluntary dismissal without prejudice leave the situation as if the action had never been filed? | Pretrial Procedure - Memo # 2658 - C - NE.docx | LEGALEASE-00023663-LEGALEASE-00023665 |
| Shordan v. Kyler, 87 Ind. 38 | 308+136(1) | An agent may bind himself personally, although the consideration move to his principal and the agent's want of interest in the transaction, except as agent be known to the other contracting party. | Can an agent bind himself personally? | 042131.docx | LEGALEASE-00133730-LEGALEASE-00133731 |
| State v. Gray, 292 N.C. 270 | 352H+154 | In a prosecution for first-degree rape, state must allege in indictment and prove that defendant was more than 16 years of age at time of alleged rape. G.S. S 14-21(a)(2). | Is a first degree rape indictment required to state that the defendants age is more than sixteen years? | 043051.docx | LEGALEASE-00133836-LEGALEASE-00133837 |
| Urie v. Roche, 209 F. Supp. 2d 412 | 34+5(2) | The National Guard is an essential reserve component of the Armed Forces of the United States. | Is the National Guard an essential reserve component of the Armed Forces of the United States? | 008439.docx | LEGALEASE-00133950-LEGALEASE-00133951 |
| Kilgore Nat. Bank v. Moore Bros. Lumber Co., 129 Tex. 92 | 172H+591 | Purpose of provisions of Negotiable Instruments Act that acceptance of bill was signification by drawee of his assent to order of drawer, and that acceptance must be in writing and signed by drawee, and that check of itself did not operate as assignment of any part of funds to credit of drawer with bank, and that bank was not liable to holder until it accepted or certified check, was to prevent any liability to holder of check from arising from bare oral promise of drawee bank to pay the check (Vernon's Ann.Civ.St. art. 5941, S 132; art. 5947, S 189). | Is the bank liable to the holder of the check without it accepts or certifies the check? | 010215.docx | LEGALEASE-00133988-LEGALEASE-00133989 |
| Fisher v. Carolina Door Prod., 286 S.C. 5 | 83E+670 | Antedating of promissory note does not affect its negotiability, and time when antedated note is payable is determined by stated date if instrument is payable at fixed period after date. Code 1976, SS 36-1-201(31), 36-3-114. | Is a promissory note invalidated by the virtue of being antedated? | Bills and Notes -Memo 295 -DB.docx | LEGALEASE-00023875-LEGALEASE-00023876 |
| United States v. Ring, 706 F.3d 460 | 63+1(1) | The official is not required to agree to or actually complete a corrupt exchange for an offer of something of value with the intent to influence an official act to amount to honest-services fraud by bribery. 18 U.S.C.A. S 1346. | Does a charge of bribery require an official to complete a corrupt exchange for an offer of something of value with the intent to influence an official act? | 011239.docx | LEGALEASE-00134116-LEGALEASE-00134118 |
| State v. Hebert, 402 So. 2d 675 | 63+1(1) | Bribery statute proscribes both giving and offering to give without provision that offer and taking shall together constitute single offense. LSA-R.S. 14:118. | Are giving and offering to give a bribe a single offense under the bribery statute? | 011280.docx | LEGALEASE-00134460-LEGALEASE-00134462 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Nylander v. Potter, 38 Mass. App. Ct. 605 | 200+80 | Abutters to a public way ordinarily hold the title to the fee to the center of the public way, subject only to the easement of travelers to pass and repass. | Do the abutters to a public way hold the title to the centerline of the public way? | Highways -Memo 103 - DB.docx | ROSS-003305065-ROSS-003305066 |
| Newman v. Mayor of City of Newport, 73 R.I. 385 | 59+20(1) | In absence of special circumstances, owner of land abutting on highway owns the fee to middle line of the highway. | Does the owner of the abutting land on a highway own the fee to the middle line of the highway? | Highways -Memo 106- DB.docx | ROSS-003318573-ROSS-003318574 |
| Bailey v. Schaaf, 293 Mich. App. 611 | 307A+486 | The court may allow a party to amend or withdraw an admission for good cause. MCR 2.312. | May the court allow a party to amend or withdraw an admission for good cause? | 028491.docx | LEGALEASE-00134637-LEGALEASE-00134638 |
| State ex rel. Lucas v. Moss, 498 S.W.2d 289 | 307A+69.1 | Videotape is recording device, use of which on deposition is not prohibited by rules, and its use is therefore permissible. V.A.M.R. Civil Rules 57.01 et seq., 57.21, 57.22. | Is videotape a recording device the use of which is permissible on deposition as is not prohibited by rules? | Pretrial Procedure - Memo # 2921 - C - ES.docx | ROSS-003317658-ROSS-003317659 |
| Coffel v. Spradley, 495 S.W.2d 735 | 307A+69.1 | Deponent's signature to his deposition goes to the form, rather than the substance, of the deposition and is not in all events indispensable. V.A.M.R. Civil Rule 57.22. | "Does the deponent's signature to his deposition go to the form, rather than the substance, of the deposition and is not in all events indispensable?" | 028715.docx | LEGALEASE-00134384-LEGALEASE-00134385 |
| Buckeye Union Ins. Co. v. Reg'l Transit Auth., 14 Ohio Misc. 2d 11 | 307A+486 | It is within trial court's discretion to allow service of amended answers in response to request for admission. Rules Civ.Proc., Rules 36(A), 37(A)(4). | Is it within a trial court's discretion to allow service of amended answers in response to request for admission? | Pretrial Procedure - Memo # 3073 - C - PC.docx | ROSS-003289619-ROSS-003289620 |
| Cleveland v. Taylor, 397 S.W.3d 683 | 307A+483 | The party seeking withdrawal of the deemed admissions has the burden to establish good cause. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Does the party seeking withdrawal of the deemed admissions have the burden to establish good cause? | 029007.docx | LEGALEASE-00134040-LEGALEASE-00134041 |
| Texas & P. Ry. Co. v. Mix, 193 S.W.2d 542 | 410+244 | Leading questions to hostile witness whether on the stand or testifying by deposition are permitted. Rules of Civil Procedure, rule 188. | Are leading questions to hostile witness whether on the stand or testifying by deposition permitted? | Pretrial Procedure - Memo # 3148 - C - VP.docx | ROSS-003290843-ROSS-003290844 |
| Grynberg v. Karlin, 134 P.3d 563 | 307A+486 | Trial courts should be cautious in exercising their discretion to permit withdrawal or amendment of an admission. Rules Civ.Proc., Rule 36. | Should trial courts be cautious in exercising their discretion to permit withdrawal or amendment of an admission? | 029059.docx | LEGALEASE-00134373-LEGALEASE-00134374 |
| In re Umans Bleachery, 34 F. Supp. 694 | 371+2001 | "Tax" is not debt, nor in nature of debt, but is impost levied by government upon its citizens or subjects, for support of state. | Is tax an impost levied by authority of government upon its citizens or subjects? | 045027.docx | LEGALEASE-00134408-LEGALEASE-00134409 |
| Rainwater v. Haynes, 244 Ark. 1191 | 371+2001 | The word "taxes" refers to exactions laid by the government for purposes of general revenue. | "Does the word ""taxes"" refer to exactions laid by the government for purposes of general revenue?" | 045029.docx | LEGALEASE-00134392-LEGALEASE-00134393 |
| State ex rel. & to Use of Moore v. Wabash R. Co., 357 Mo. 380 | 371+2001 | Taxation, which is taking of private property for public use, requires strict compliance with law, and tax may be levied only when proceedings therefor are wholly within terms of statute. | Can tax only be levied when proceedings are wholly within terms of statute authorizing it? | 045094.docx | LEGALEASE-00133954-LEGALEASE-00133955 |
| Boeing Airplane Co. v. Bd. of Comm'rs of Sedgwick Cty., 164 Kan. 149 | 371+2001 | Taxes are not classed as "debts" in usual sense of term, and actions prescribed by Civil Code do not lie for their recovery. | "Are taxes classed as ""debts"" in usual sense of the term?" | 045096.docx | LEGALEASE-00133970-LEGALEASE-00133972 |
| Snow v. City of Columbia, 305 S.C. 544 | 386+2 | To constitute actionable trespass, there must be affirmative act, invasion of land must be intentional, and harm caused must be direct result of that invasion. | Should there be an affirmative act to constitute actionable trespass? | Trespass - Memo 269 - SB.docx | ROSS-003291260-ROSS-003291261 |
| Schulz v. Dattero, 104 A.D.3d 831 | 386+10 | Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass. | Can the innocent entry upon the land of another without permission cause a trespass? | 047400.docx | LEGALEASE-00134802-LEGALEASE-00134803 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Chicago Title Land Tr. Co. v. JS II, 2012 IL App (1st) 063420 | 141+57 | In the context of easements, trespass occurs when there is a material interference with the right of the owner of the dominant estate to reasonable use of the easement. | Can a trespass occur when a person interferes with another's right to use an easement? | Trespass - Memo 287 - SB.docx | ROSS-003291820-ROSS-003291821 |
| Chicago Title Land Tr. Co. v. JS II, 2012 IL App (1st) 063420 | 141+57 | In the context of easements, trespass occurs when there is a material interference with the right of the owner of the dominant estate to reasonable use of the easement. | Can a trespass occur when a person interferes with another's right to use an easement? | 047412.docx | LEGALEASE-00134818-LEGALEASE-00134819 |
| Stop & Shop Supermarket Co. v. United Food & Commercial Workers' Union Local 342, AFL-CIO, CLC, 407 F. Supp. 2d 515 | 231H+1549(2) | When a dispute is in respect of a matter that, on its face, is clearly collateral to a collective bargaining agreement (CBA), a court should test the arbitrability presumption by reviewing the allegations underlying the dispute and asking whether the claim alleged implicates issues of contract construction or the parties' rights and obligations under it. | When does a court test the arbitrability presumption? | 007545.docx | LEGALEASE-00135803-LEGALEASE-00135804 |
| Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217 | 25T+134(1) | Arbitration agreement is not impermissibly vague solely because it includes the universe of the parties' potential claims against each other. | "Is an arbitration agreement considered vague solely, when it includes the universe of the parties' potential claims against each other?" | 007549.docx | LEGALEASE-00135807-LEGALEASE-00135808 |
| Kuklachev v. Gelfman, 600 F. Supp. 2d 437 | 25T+143 | An arbitrability analysis must focus on the factual allegations in the complaint rather than the legal causes of action asserted; the mere fact that a complaint alleges a tort claim, rather than one for breach of contract, does not make the claim any less arbitrable. | Does a tort claim make it less arbitrable? | Alternative Dispute Resolution - Memo 626 - SB.docx | ROSS-003303740-ROSS-003303742 |
| Kuklachev v. Gelfman, 600 F. Supp. 2d 437 | 25T+143 | An arbitrability analysis must focus on the factual allegations in the complaint rather than the legal causes of action asserted; the mere fact that a complaint alleges a tort claim, rather than one for breach of contract, does not make the claim any less arbitrable. | Does a tort claim make it less arbitrable? | 007551.docx | LEGALEASE-00135813-LEGALEASE-00135815 |
| United States v. Kabot, 295 F.2d 848 | 63+14 | Court in prosecution for bribery of internal revenue agent properly instructed jury to disregard question of merits of tax case involved. | Was it proper for the court in a bribery case of an internal revenue agent to disregard the question of the merits of the tax case involved and exclude it from evidence? | Bribery - Memo #329 - C-EB.docx | LEGALEASE-00024816-LEGALEASE-00024817 |
| United States v. Madeoy, 912 F.2d 1486 | 63+13 | Whether individual is public official within meaning of bribery statute is question of law. 18 U.S.C.A. S 201(a)(1). | Is whether an individual is a public official within the meaning of the statute a question of law? | 011585.docx | LEGALEASE-00135107-LEGALEASE-00135108 |
| United States v. Ring, 706 F.3d 460 | 63+13 | The question whether an action constitutes an "official act," within meaning of the illegal-gratuity statute, is treated as one of sufficiency of the evidence. 18 U.S.C.A. S 201(a)(3). | "Is the question of whether an action constitutes an ""official act"" a ""sufficiency of the evidence""?" | 011616.docx | LEGALEASE-00135843-LEGALEASE-00135844 |
| Stuckey v. State, 141 Md. App. 143 | 63+1(1) | Whether public servant was actually controlled or influenced is irrelevant to bribery offense, so long as payment was accepted or solicited with the intent to control the public servant. West's A.I.C. 35-44-1-1. | Is the fact that a public servant was controlled or influenced relevant to an offense of bribery? | 011766.docx | LEGALEASE-00135423-LEGALEASE-00135424 |
| Darling v. Charleston Cmty. Mem'l Hosp., 50 Ill. App. 2d 253 | 302+35 | A clause in complaint for injuries resulting from hospital's alleged negligence "that the defendant corporation then owed to the said plaintiff a duty", etc., was not a substantial averment of fact, but a conclusion of law and not traversable and hence was surplusage. S.H.A. ch. 110, SS 31, 33. | Are conclusions of law surplusage? | 023295.docx | LEGALEASE-00135299-LEGALEASE-00135300 |
| Careau & Co. v. Sec. Pac. Bus. Credit, 222 Cal. App. 3d 1371 | 302+34(1) | General rule is that allegations of complaint are to be liberally construed with view to substantive justice between parties. | Should allegations of a complaint be liberally construed with a view to substantive justice between the parties? | 023303.docx | LEGALEASE-00135309-LEGALEASE-00135310 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Employers Ins. of Wausau v. Halton, 792 S.W.2d 462 | 307A+483 | Trial court possesses broad discretion to permit or deny withdrawal of deemed admissions, and its ruling on withdrawal will be set aside only upon clear showing of abuse of discretion; such abuse occurs when court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Does a trial court have broad discretion to permit or deny the withdrawal of admissions? | Pretrial Procedure - Memo # 2965- C - KG.docx | ROSS-003318621-ROSS-003318622 |
| Langeland v. Monarch Motors, 952 P.2d 1058 | 30+3317 | Review of decision to grant motion to amend or withdraw answers to request for admissions is not a typical review for "abuse of discretion;" instead, appellate court uses "conditional" discretionary standard under which, in the first step, it reviews trial court's determinations as to whether amendment or withdrawal would serve the presentation of the merits and whether amendment or withdrawal would result in prejudice to the nonmoving party, and in the second step, reviews the trial court's discretion to grant or deny the motion. Rules Civ.Proc., Rule 36(a). | "Does the trial court have discretion to deny a motion to amend or withdraw admissions, but its discretion to grant such a motion comes into play only after the preliminary requirements of the rule governing such requests are satisfied?" | 028769.docx | LEGALEASE-00135097-LEGALEASE-00135098 |
| Bloodworth v. Caldwell, 150 Ga. App. 443 | 30+3239 | Continuance or postponement of case is discretionary matter and will not be controlled unless manifestly abused. | Is the continuance or postponement of a case a discretionary matter and will not be controlled unless manifestly abused? | Pretrial Procedure - Memo # 3543 - C - KA.docx | ROSS-003290483-ROSS-003290484 |
| Brown v. Kentucky Lottery Corp., 891 S.W.2d 90 | 307A+483 | Party served with request for admissions to which it fails to respond admits allegations asserted. | Does a party served with a request for admissions to which it fails to respond admit allegations asserted? | Pretrial Procedure - Memo # 3568 - C - KG.docx | ROSS-003290491-ROSS-003290492 |
| Willowbrook Foods v. Grinnell Corp., 147 S.W.3d 492 | 228+185.2(8) | Admissions, once deemed by the court, may not be contradicted by any evidence, including summary judgment affidavits. | "Can deemed admissions not be contradicted by any evidence, including summary judgment affidavits?" | 029722.docx | LEGALEASE-00135647-LEGALEASE-00135648 |
| Garrett v. Bracy, 187 Kan. 207 | 30+3239 | Whether action should be continued on account of absence of particular attorney is matter resting within sound discretion of trial court and Supreme Court will not review action of trial court in such case unless clear abuse of discretion appears. | Is the granting or refusing of a motion for a continuance rests within the sound discretion of the trial court? | 029728.docx | LEGALEASE-00135695-LEGALEASE-00135696 |
| Mora v. Ferguson, 145 Tex. 498 | 307A+716 | Statute requiring a court to continue a cause where a party or his attorney is a member of the legislature, makes it mandatory on court to grant a continuance. Vernon's Ann.Civ.St. art. 2168a. | Is the statute requiring a court to continue cause where party or his attorney is member of Legislature mandatory? | 029835.docx | LEGALEASE-00135664-LEGALEASE-00135665 |
| Dobbelaere v. Cosco, 120 Ohio App. 3d 232 | 228+185(4) | Motion for summary judgment may be based on matter which is admitted due to party's failure to answer requests for admissions. | Do unanswered requests for admissions render the matter requested conclusively established and a motion for summary judgment may be based on such admitted matter? | 029874.docx | LEGALEASE-00135224-LEGALEASE-00135225 |
| Nance v. Nance, 880 S.W.2d 341 | 307A+716 | Fact that attorney withdraws from case does not automatically give party an absolute right to continuance. | Does the fact that an attorney withdraws from a case not give a party an absolute right to a continuance? | 030116.docx | LEGALEASE-00135924-LEGALEASE-00135925 |
| Mack v. Arnold Gregory Mem'l Hosp., 90 A.D.2d 969 | 307A+483 | One defendant's failure to respond to notice to admit of another defendant is not binding on plaintiff. | Is one defendant's failure to respond to notice to admit of another defendant not binding on a plaintiff? | Pretrial Procedure - Memo # 4108 - C - SB.docx | ROSS-003291088-ROSS-003291089 |
| Redfield v. Norblad, 135 Or. 180 | 371+2001 | In determining nature of tax, practical operation of statute and its actual effect are persuasive circumstances. | Are the practical operation of the statute and its actual effect important circumstances in determining the nature of the tax? | 045234.docx | LEGALEASE-00134998-LEGALEASE-00134999 |
| Hoery v. United States, 64 P.3d 214 | 386+12 | An actor, without himself entering the land, may invade another's interest in its exclusive possession, as element of trespass, by placing a thing either on or beneath the surface of the land. Restatement (Second) of Torts SS 158(a) Comment, 159(1). | Can a trespass occur if individuals set in motion actions that intrude on another's land and cause damage? | 047374.docx | LEGALEASE-00135262-LEGALEASE-00135263 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Marmolejo, 89 F.3d 1185 | 63+1(2) | To determine whether transaction with government official that involves intangibles has value of $5,000 or more, as required to establish violation of bribery statute, courts should look to traditional valuation methods. 18 U.S.C.A. S 666(a)(1)(b). | "How should the juries decide whether a bribe of intangibles has a value of $5,000 or more?" | 011325.docx | LEGALEASE-00136905-LEGALEASE-00136906 |
| Com. v. Schultz, 168 Pa. Super. 435 | 67+3 | Under statute providing that whoever, at any time, "willfully and maliciously" enters any building with intent to commit any felony therein is guilty of burglary, entry is "willful and malicious", or felonious, within statute, when made with intent to commit felony in building, and fact that building entered was store, tavern, or restaurant, and open to public, does not prevent crime from being "burglary" if entry is willful and malicious, that is made, with intent to commit felony therein. 18 P.S. S 4901. | Does entry into a structure with intent to commit any felony constitute burglary? | Burglary - Memo 136 - JS.docx | ROSS-003317436-ROSS-003317438 |
| Indiahoma Refining Co. v. Wood, 255 S.W. 212 | 260+99(2) | In mining partnerships, the delectus personae, the right of members to agree upon the persons to be admitted into the relation of mutual trust as in ordinary trading partnerships, does not exist. | Does the term delectus personae mean the right of a partner to exercise his choice in relation to the admission of new members to the firm? | 022257.docx | LEGALEASE-00136217-LEGALEASE-00136218 |
| Arnett v. Keith, 582 S.W.2d 363 | 307A+716 | Fact that attorney withdraws from case does not give party absolute right to continuance. | Does the fact that an attorney withdraws from case give party absolute right to continuance? | 029436.docx | LEGALEASE-00136351-LEGALEASE-00136352 |
| K.H. v. Jefferson Cty. Dep't of Human Res., 106 So. 3d 420 | 307A+716 | Even in situations in which a party has a right to counsel and counsel is not present, a continuance may not be required. U.S.C.A. Const.Amend. 6. | "Even in situations in which a party has a right to counsel and counsel is not present, may a continuance not be required?" | 029480.docx | LEGALEASE-00136521-LEGALEASE-00136522 |
| Montalbano Builders v. Rauschenberger, 341 Ill. App. 3d 1075 | 307A+483 | The facts set out in a request to admit that was not answered are, by virtue of the failure to respond, deemed admitted. | "Are the facts set out in a request to admit that was not answered by the plaintiff, by virtue of the failure to respond, deemed admitted?" | Pretrial Procedure - Memo # 3609 - C - VP.docx | ROSS-003289793-ROSS-003289794 |
| Lucas v. Clark, 347 S.W.3d 800 | 307A+483 | Overly broad, merits-preclusive requests for admissions are improper and may not result in deemed admissions. | "Are overly broad, merits-preclusive requests for admissions improper and may not result in deemed admissions?" | 029855.docx | LEGALEASE-00136860-LEGALEASE-00136861 |
| Cross v. Cross, 891 N.E.2d 635 | 307A+483 | Matters admitted under the rule that provides that failure to respond in a timely manner to a request for admissions causes those matters to be admitted are deemed conclusively established, eliminating the need to prove them at trial. Trial Procedure Rule 36. | Do matters deemed to be conclusively established eliminate the need to prove them at trial? | 030167.docx | LEGALEASE-00137039-LEGALEASE-00137040 |
| Cazenovia Coll. v. Patterson, 45 A.D.2d 501 | 307A+483 | Under statute, failure to deny item contained in notice to admit would normally be deemed an admission. CPLR 3123. | "Under statute, will the failure to deny an item contained in a notice to admit normally be deemed an admission?" | 030189.docx | LEGALEASE-00136700-LEGALEASE-00136701 |
| Dobbelaere v. Cosco, 120 Ohio App. 3d 232 | 307A+483 | Unanswered requests for admission render matter requested conclusively established for purpose of suit. | Do unanswered requests for admission render a matter requested conclusively established for the purpose of the suit? | 030214.docx | LEGALEASE-00136207-LEGALEASE-00136208 |
| Bullistron v. Augustana Hosp., 52 Ill. App. 3d 66 | 307A+723.1 | Failure to comply with relevant statutory provisions is, of itself, grounds for denial of a motion for continuance. Supreme Court Rules, rule 231, S.H.A. ch. 110A, S 231. | "Is the failure to comply with relevant statutory provisions, of itself, grounds for denial of a motion for continuance?" | 030247.docx | LEGALEASE-00136878-LEGALEASE-00136879 |
| Mangelsdorf Bros. v. Harnden Seed Co., 132 Mo. App. 507 | 307A+723.1 | The court may, on application of defendant for a continuance after the allowance of an amendment to the petition, call on defendant to show that he is not prepared to meet issues tendered by the amendment, which showing may be made either by affidavit or oral testimony. | Can the court call on a defendant to show that he is not prepared to meet issues tendered by the amendment? | Pretrial Procedure - Memo # 4034 - C - NS.docx | ROSS-003316921-ROSS-003316922 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lucas v. Casady, 12 Iowa 567 | 307A+723.1 | Under section 3014, an application for a continuance should be overruled if not made the second day of the term, or does not state facts constituting a sufficient excuse for the delay in making it. | Should a motion for continuance be made on the second day of the term? | Pretrial Procedure - Memo # 4044 - C - SK.docx | ROSS-003305183-ROSS-003305184 |
| Christian v. Mansfield, 25 Ga. 628 | 307A+723.1 | When the party resides out of the county, the attorney may make the showing for a continuance, provided by the 35th rule of Court. The case is the same, when the privy liable over to the party, resides out of the county, if it is he that defends the suit. | "When the party resides out of the county, can the attorney make the showing for a continuance?" | 030385.docx | LEGALEASE-00136710-LEGALEASE-00136711 |
| Merrick v. Britton, 26 Ark. 496 | 307A+723.1 | Where a party, for any good cause, is unprepared to go to trial, and fails by motion to postpone or continue, to show the fact to the court, at the proper time, he waives his want of preparation, and all right to afterwards object. | Should a party who is unprepared to go to trial move for a continuance at the proper time? | Pretrial Procedure - Memo # 4087 - C - KG.docx | LEGALEASE-00026642-LEGALEASE-00026643 |
| Hudson v. Winn, 859 S.W.2d 504 | 307A+483 | Where trial court lacked personal jurisdiction over defendants, both its default judgment and its order deeming requests for admissions admitted as a matter of law were void. | "Where a trial court lacks personal jurisdiction over defendants, is the default judgment entered by the court void at law?" | 030466.docx | LEGALEASE-00136065-LEGALEASE-00136066 |
| Terrell v. Mississippi Bar, 662 So. 2d 586 | 307A+723.1 | No abuse of discretion will be found in denial of motion for continuance, where party fails to follow procedures outlined by statutes and case law for timely bringing such a motion. Code 1972, S 99-15-29. | Will trial court held in error in denying a motion for continuance where a party fails to follow procedures outlined by statutes and case law? | 030786.docx | LEGALEASE-00136461-LEGALEASE-00136462 |
| Halsey v. Whitlock, 3 N.J.L. 869 | 231+107(1) | Before an adjournment can take place in the justice's court, a summons must be returned and the parties in court, or at least the plaintiff must appear. | Should the summons be returned and the plaintiff appear before an adjournment can take place? | 030821.docx | LEGALEASE-00137045-LEGALEASE-00137046 |
| Chenango Cty. Nat. Bank & Tr. Co. of Norwich v. Lyon, 190 Misc. 358 | 307A+91 | Great liberality is permitted in the examination of an adverse party before trial particularly when the party sought to be examined stands in a fiduciary capacity. | Should there be great liberality in examinations of an adverse party before trial? | Pretrial Procedure - Memo # 4558 - C - SK.docx | ROSS-003331174-ROSS-003331175 |
| Ned v. Union Pac. Corp., 2014-1310 (La. App. 3 Cir. 4/15/15) | 307A+747.1 | A trial court has wide discretion to provide for pretrial orders and to ensure that the terms of the order are enforced. LSA-C.C.P. art. 1551. | Does a trial court have wide discretion to provide for pre-trial orders? | 031192.docx | LEGALEASE-00137035-LEGALEASE-00137036 |
| Appeal of Jenks, 158 N.H. 174 | 413+2 | Because the right to compensation is statutory in its origin, injured workers' rights can be no greater than what the legislature has provided. RSA 281-A:1 et seq. | "Since the right to compensation is statutory in its origin, can injured workers rights be greater than what the legislature has provided?" | 048046.docx | LEGALEASE-00136982-LEGALEASE-00136983 |
| Mathews v. Diaz, 426 U.S. 67 | 3.16E+38 | Congress, which has broad power over immigration and naturalization and regularly makes rules regarding aliens that would be unacceptable if applied to citizens, has no constitutional duty to provide all aliens with the welfare benefits provided to citizens. Social Security Act, SS 1831 et seq., 1836(2) as amended 42 U.S.C.A. SS 1395j et seq., 1395o (2). | Can the Government make rules as to aliens that would be unacceptable if applied to citizens? | 007015.docx | LEGALEASE-00137650-LEGALEASE-00137651 |
| Morbeto v. United States, 293 F. Supp. 313 | 34+5(4) | There is no vested right to a discharge for conscientious objector status and such discharge lies within discretion of military, and requests will be granted to extent practicable and equitable. Universal Military Training and Service Act, S 6(j) as amended 50 U.S.C.A. App. S 456(j). | Does the right to discharge a conscientious objector lie with the military? | 008500.docx | LEGALEASE-00137349-LEGALEASE-00137350 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lawson v. Fin. Am. Private Brands, 537 S.W.2d 483 | 83E+813 | Negotiation of commercial paper not payable to bearer takes effect only when endorsement is made and until that time there is no presumption that a transferee is the owner. V.T.C.A., Bus. & C. SS 1.201(20), 3.201(c), 3.301, 3.307. | Whether Negotiation of Commercial paper takes place only when an indorsement is made? | 009415.docx | LEGALEASE-00137709-LEGALEASE-00137710 |
| Chicago, R.I. & P. Ry. Co. v. Daniel, 169 Ark. 23 | 388+141 | If testimony is undisputed, and all reasonable minds must draw same conclusion of fact therefrom, court has duty to declare, as matter of law, conclusion to be reached therefrom. | Is it the duty of courts to declare conclusions? | 023359.docx | LEGALEASE-00137127-LEGALEASE-00137128 |
| Juen v. Juen, 12 Ill. App. 3d 284 | 307A+501 | Terms "nonsuit" and "voluntary dismissal without prejudice" are used interchangeably because there is no difference in effect between them. S.H.A. ch. 110, S 52. | "Is there a difference in effect between the terms ""nonsuit"" and ""voluntary dismissal without prejudice""?" | 024739.docx | LEGALEASE-00137806-LEGALEASE-00137807 |
| Robinson v. Burton, 49 So. 3d 660 | 307A+713 | Trial judges are vested with broad discretionary powers in granting or refusing to grant a continuance. | Are trial court judges vested with broad discretionary powers in granting or refusing to grant a continuance? | 030305.docx | LEGALEASE-00137468-LEGALEASE-00137469 |
| Excel Staffing Serv. v. HP Reidsville, 172 N.C. App. 281 | 307A+477.1 | An answer to allegations in a complaint does not serve as a response to a request for admission, even if the matters addressed in both are identical. Rules Civ.Proc., Rule 36, West's N.C.G.S.A. S 1A-1. | Does an answer to allegation in a complaint serve as a response to a request for admission? | 030309.docx | LEGALEASE-00137470-LEGALEASE-00137471 |
| Teitelbaum v. Reliable Welding Co., 106 Ill. App. 3d 651 | 307A+723.1 | There is no duty imposed upon a trial court to continue a case where no request for a continuance has been made. S.H.A. ch. 110, P 59. | Is there no duty imposed upon a trial court to continue a case where no request for a continuance has been made? | 030506.docx | LEGALEASE-00137195-LEGALEASE-00137196 |
| Osagie v. Peakload Temp. Services, 91 S.W.3d 326 | 307A+723.1 | Burden to explain to trial court circumstances for continuance falls on asking party. | Does the burden to explain to a trial court circumstances for continuance fall on an asking party? | 030512.docx | LEGALEASE-00137252-LEGALEASE-00137253 |
| Wooldridge v. Rickert, 33 La. Ann. 234 | 307A+723.1 | Though, by Act Jan. 29, 1858, the absence of leading counsel is a peremptory cause for continuance, failure to except to the overruling of a motion for continuance on such ground is a waiver of the right. | Is the absence of leading counsel a peremptory cause for continuance? | 030575.docx | LEGALEASE-00137883-LEGALEASE-00137885 |
| Schmelzer v. Farrar, 40 Ohio App. 2d 440 | 307A+483 | Denial, in part, of request to admit is admission of part not denied, unless party qualifies answer; to extent there is no answer, there is admission, and this is particularly true where there is request to file answers out of rule upon representation that there is no prejudice to opposing party. Civ.R. 36(A, B). | "Is denial, in part, of a request to admit an admission of part not denied, unless a party qualifies the answer?" | Pretrial Procedure - Memo # 4192 - C - NE.docx | ROSS-003289994-ROSS-003289995 |
| Brutus v. Wright, 163 Ind. App. 366 | 307A+725 | The awarding of expenses incurred from delay rests within the sound discretion of the trial court. Rule TR. 53.4. | Does the awarding of expenses as a result of delay rest within the sound discretion of the trial court? | 030848.docx | LEGALEASE-00137180-LEGALEASE-00137181 |
| State ex rel. King v. Turpin, 581 S.W.2d 929 | 307A+91 | Local court rules cannot infringe upon right of party to take deposition. (Per Crist, J., with one Judge concurring in result only.) V.A.M.R. Civil Rule 56.01. | Can local court rules infringe upon the right of a party to take a deposition? | 030991.docx | LEGALEASE-00137382-LEGALEASE-00137383 |
| Moffat v. Phoenix Brewery Corp., 247 A.D. 552 | 307A+91 | Defendant should not be required to submit to examination before trial if complaint makes it obvious that there is no cause of action against defendant. | Should the defendant be required to submit to examination before trial if a complaint makes it obvious that there is no cause of action against a defendant? | Pretrial Procedure - Memo # 4495 - C - NS.docx | ROSS-003290704-ROSS-003290705 |
| Campbell v. Campbell, 130 Ill. 466 | 307A+720 | Whether to grant a continuance because of an amendment to pleadings rests in the sound discretion of the trial judge and, in exercising his discretion, he is to consider all circumstances in the case. | Should the trial judge consider all circumstances in the case? | 031280.docx | LEGALEASE-00137314-LEGALEASE-00137315 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Sabelli v. Sec. Ins. Co. of New Haven, 372 S.W.2d 348 | 307A+713 | Question whether continuance is to be granted is largely within discretion of trial judge in light of facts before him. | "Is the question of whether a continuance should be granted, to be judged in light of facts, before a judge, at the time a motion is presented?" | 031298.docx | LEGALEASE-00137404-LEGALEASE-00137405 |
| Flynn v. Royal Dev. Co., 54 N.Y.S.2d 585 | 307A+91 | Where answer contains no affirmative defense and only general denials, defendant, in proper case, may examine plaintiff before trial. | Does the mere general denial in the answer preclude examination of a defendant before trial? | 031300.docx | LEGALEASE-00137406-LEGALEASE-00137407 |
| Lerner v. Kraus, 147 N.Y.S. 32 | 307A+91 | That plaintiff's cause of action is denied by defendant under oath, while not ground for denial of an application to examine defendant before trial, may be considered on the question of plaintiff's good faith. | Can the plaintiff's cause of action be considered on the question of plaintiff's good faith? | 031448.docx | LEGALEASE-00137559-LEGALEASE-00137560 |
| McDaniel v. Plumbe, 3 Greene 331 | 307A+91 | A bill of discovery is subject to equity jurisdiction only, and cannot come up for correction of error at law. | Is a bill of discovery subject to equity jurisdiction only and cannot come up for a correction of error at law? | Pretrial Procedure - Memo # 4757 - C - TM.docx | LEGALEASE-00027726-LEGALEASE-00027727 |
| Kleitman v. Superior Court, 74 Cal. App. 4th 324 | 307A+36.1 | Discovery into the subjective motives or mental processes of city council members is prohibited. | Is discovery into the subjective motives or mental processes of city council members prohibited? | Pretrial Procedure - Memo # 4773 - C - RF.docx | ROSS-003291123-ROSS-003291124 |
| Hall v. Florida State Drainage Land Co., 89 Fla. 312 | 307A+724 | In deciding upon sufficiency of motion and affidavit for continuance, no presumption is indulged in favor of applicant. In deciding upon the sufficiency of a motion and affidavit for continuance, no presumption favorable to the applicant is to be indulged. | "Should a presumption favorable to the applicant be indulged, in deciding the sufficiency of an affidavit for continuance?" | Pretrial Procedure - Memo # 5042 - C - PB.docx | ROSS-003291258-ROSS-003291259 |
| Hetter v. Eighth Judicial Dist. Court of State In & For Cty. of Clark, 110 Nev. 513 | 307A+36.1 | Defendant's financial condition is proper subject of discovery on issue of punitive damages. N.R.S. 49.225. | Is a defendant's financial condition a proper subject of discovery on the issue of punitive damages? | Pretrial Procedure - Memo # 5049 - C - SN.docx | ROSS-003290865-ROSS-003290866 |
| Suffield Bank v. Berman, 25 Conn. App. 369 | 307A+36.1 | Defenses relating to mathematical calculation of mortgage debt need not be disclosed, but defenses that go to issue of liability for debt must be disclosed in timely manner. Practice Book of 1978, SS 206, 236, 367, 372, 374, 527. | Need defenses relating to mathematical calculation of mortgage debt not be disclosed? | 031971.docx | LEGALEASE-00138097-LEGALEASE-00138098 |
| Patterson v. Merrill Lynch, Pierce, Fenner & Smith, 266 N.C. 489 | 308+105(2) | Authority to sell, even when coupled with possession of goods by agent, does not necessarily authorize agent to collect price or estop principal from collecting from purchaser who pays agent. | Does authority to sell imply the agent has authority to collect? | 042119.docx | LEGALEASE-00137826-LEGALEASE-00137827 |
| Wehe v. Montgomery, 711 F. Supp. 1035 | 308+99 | "Unauthorized signature" is one made without actual, implied or apparent authority, and any unauthorized signature is wholly inoperative unless principal certifies it or is precluded from denying it. | What is an unauthorized signature? | Principal and Agent - Memo 78 - KC.docx | LEGALEASE-00027873-LEGALEASE-00027874 |
| H.C. Lawton, Jr. v. Truck Drivers, Chauffeurs & Helpers Local Union No. 384, 755 F.2d 324 | 25T+213(3) | Agreement to arbitrate legal dispute is considered "equitable defense," for purposes of rule that stay of proceeding is appealable interlocutory order under statute if stay is sought to permit prior determination of equitable defense and underlying action is at law rather than in equity. 28 U.S.C.A. S 1292(a)(1). | Whether an agreement to arbitrate a legal dispute is considered as an equitable defense by court? | 007597.docx | LEGALEASE-00138995-LEGALEASE-00138996 |
| State v. Garcia, 236 P.3d 853 | 67+3 | Plain language of burglary statute requires that the actor's intent be formed at the time of entry or at any time while the actor remains unlawfully in the building or dwelling. West's U.C.A. S 76-6-202(1). | Can intent be formed at any time in burglary? | Burglary - Memo 183 - KNR.docx | ROSS-003300800-ROSS-003300803 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Nat'l Dairy Prod. Corp., 372 U.S. 29 | 92+1130.10 | Statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language. | When does a statute become invalid because of vagueness? | 014424.docx | LEGALEASE-00138738-LEGALEASE-00138739 |
| Smith v. Bd. of Comm'rs of Hamilton Cty., 173 Ind. 364 | 200+121 | In matters of taxation for the improvement of public highways, the power of the Legislature is unlimited, except as restricted by the Constitution. | Does Legislature has unlimited powers in matters of taxation for the improvement of public highways? | 018985.docx | LEGALEASE-00138703-LEGALEASE-00138705 |
| Pinkerton v. Pritchard, 71 Ariz. 117 | 302+9 | If a pleading sets up facts from which the ultimate conclusions may clearly be drawn the ultimate conclusions themselves need not be alleged. | Should conclusions be alleged if a pleading sets up facts from which ultimate conclusions may be drawn? | 023396.docx | LEGALEASE-00138563-LEGALEASE-00138565 |
| Scott v. Scott, 147 S.W. 3d 887 | 307A+723.1 | In the absence of compliance with the requirements of the court rule for applying for a continuance, there can be no abuse of discretion in denying a continuance. V.A.M.R. 65.03. | "In the absence of compliance with the requirements of the court rule for applying for a continuance, can there be no abuse of discretion in denying a continuance?" | 030593.docx | LEGALEASE-00138195-LEGALEASE-00138196 |
| Brannin v. Voorhees, 14 N.J.L. 590 | 307A+723.1 | Query, is it a discontinuance of the suit, if the justice, prevented by sickness or urgent business from attending on the return day of the summons, or on the day to which the cause has been adjourned, out of court, and in the absence of the parties, adjourns the cause to another day. | "Is it a discontinuance of the suit, if the justice, prevented by sickness or urgent business from attending on the return day of the summons, adjourns the cause to another day?" | 030825.docx | LEGALEASE-00138542-LEGALEASE-00138543 |
| Woodruff v. Garner, 39 Ind. 246 | 307A+69.1 | Although a party may not be at liberty to retake the deposition of a witness, except by leave of court, yet the taking of the deposition of a witness by one party to a suit does not prevent the other party from taking his deposition also. | Does the taking of the deposition of a witness by one party to a suit prevent the other party from taking his deposition also? | Pretrial Procedure - Memo # 4406 - C - VA.docx | ROSS-003291042-ROSS-003291043 |
| Application of Cohen, 179 Misc. 6 | 307A+91 | The right to examine before the action is commenced is accorded to a prospective party only where necessary for the protection of his rights. Civil Practice Act, S 295. | Is the right to examine before the action is commenced accorded to a prospective party only where necessary for the protection of his rights? | 030922.docx | LEGALEASE-00138936-LEGALEASE-00138937 |
| Atchison, T. & S.F. Ry. Co. v. Jones, 110 Ill. App. 626 | 307A+725 | Terms to be composed upon granting a continuance rest largely in the sound discretion of the court. | Do the terms to be composed upon granting a continuance rest in the sound discretion of the court? | Pretrial Procedure - Memo # 4860 - C - SKG.docx | ROSS-003291226-ROSS-003291227 |
| Palumbo v. Innovative Commc'ns Concepts, 175 Misc. 2d 156 | 307A+224 | Where deposition witness is a party, and transcript has been certified pursuant to statute by officer before whom deposition was taken, then deposition transcript is usable as an admission. McKinney's CPLR 3116(b). | Could the transcript that has been certified by the officer before whom the deposition was taken be used as an admission? | 031685.docx | LEGALEASE-00138663-LEGALEASE-00138664 |
| Garcia v. Texas Employers' Ins. Ass'n, 622 S.W.2d 626 | 307A+726 | Trial court could not be charged with an abuse of discretion in overruling plaintiff's second motion for continuance in light of fact that application for continuance did not conform to provisions of rules and trial court had previously granted motion for continuance on identical grounds that discovery was not complete. Vernon's Ann.Rules Civ.Proc., Rules 251, 252. | Would the court be charged with an abuse of discretion in overruling plaintiff's second motion for continuance? | 031772.docx | LEGALEASE-00138458-LEGALEASE-00138459 |
| Moore v. Willard, 30 S.C. 615 | 307A+74 | Under Act 1883, 18 St. at Large, p. 373, relating to the taking of depositions, the admission of depositions in evidence cannot be objected to on the ground that they were taken without interrogatories having been first served, the statute not providing for interrogatories. | Can the admission of depositions in evidence be objected to on the ground that they were taken without interrogatories having been first served? | 032349.docx | LEGALEASE-00138880-LEGALEASE-00138881 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Boose, 139 Ill. App. 3d 471 | 67+3 | Criminal intent formulated after lawful entry will satisfy offenses of larceny, i.e., retail theft, or burglary by illegally remaining; it will not, however, satisfy the offense of burglary by illegal entry. S.H.A. ch. 38, P 19-1(a). | Can criminal intent with lawful entry constitute burglary? | Burglary - Memo 197 - KNR.docx | LEGALEASE-00028859-LEGALEASE-00028860 |
| People v. Richardson, 117 Cal. App. 4th 570 | 67+9(0.5) | Entry into any type of room, such as an office, women's restroom, or ticket office, with the requisite intent, constitutes a burglary. West's Ann.Cal.Penal Code SS 459, 460. | "Does entry into any type of room, with the requisite intent, constitute burglary?" | Burglary - Memo 200 - KNR.docx | ROSS-003300811-ROSS-003300812 |
| Marin v. Exxon Mobil Corp., 2009-2368 | 260+121 | Duty to remediate oilfield contamination exists under the prudent operator standard of the Mineral Code and under the Civil Code; where the lessee has operated unreasonably or excessively, lessee has additional obligations, e.g., to correct the damage due to the unreasonable or excessive operations. | Is there a duty to remediate oilfield contamination under the prudent operator standard? | 021643.docx | LEGALEASE-00139358-LEGALEASE-00139360 |
| Vill. of Fontana-On-Geneva Lake v. Hoag, 57 Wis. 2d 209 | 307A+747.1 | A proper record of the pretrial conference should be held and that record should include any stipulations that are agreed to by the parties. W.S.A. 269.65(2). | Should a proper record of the pretrial conference be held and that record should include any stipulations that are agreed to by the parties? | 026803.docx | LEGALEASE-00139191-LEGALEASE-00139192 |
| Whisman v. Fawcett, 470 N.E.2d 73 | 307A+749.1 | Pretrial order, though having a binding effect, should not be rigidly and pointlessly adhered to at trial. | "Should a pretrial order, though having a binding effect, be rigidly and pointlessly adhered to at trial?" | 027293.docx | LEGALEASE-00139258-LEGALEASE-00139259 |
| Flournoy v. Marx, 33 Tex. 786 | 307A+723.1 | Though on a first application for a continuance for the absence of a witness it is not necessary to disclose the facts to be proved by the absent witness, yet if those facts are disclosed the court should take them into consideration in determining on the application. | "On an application for a first continuance, need a party not state the facts which he expects to prove by an absent witness?" | Pretrial Procedure - Memo # 4324 - C - CK.docx | ROSS-003302842-ROSS-003302844 |
| Mihlon v. Superior Court, 169 Cal. App. 3d 703 | 307A+36.1 | Plaintiff has right to conduct discovery with regard to issue of jurisdiction to develop facts necessary to sustain burden of demonstrating that minimum contacts exist between defendant and forum state. | Is a plaintiff generally entitled to conduct discovery with regard to jurisdiction issue before court rules on motion to quash? | 031899.docx | LEGALEASE-00139271-LEGALEASE-00139272 |
| Giambrone v. Giambrone, 140 A.D.2d 206 | 134+139 | Husband who had commenced divorce action by service of summons with notice had unconditional right to discontinue action by serving notice of discontinuance at time defendant wife had not filed responsive pleading and 20 days had not passed from time of service; concern for granting wife who was not represented by counsel her day in court and for protecting her from possible financial hardship as a result of the action being discontinued would not support denying husband his statutory right to discontinuance. McKinney's CPLR 3217(a), par. 1. | "Where no pleadings have been served, does a plaintiff have the absolute and unconditional right to discontinue an action without seeking judicial permission by serving a notice upon the defendant?" | Pretrial Procedure - Memo # 931 - C - SHS.docx | ROSS-003302174-ROSS-003302176 |
| In Matter of CUA Autofinder, 387 B.R. 906 | 366+35 | Under Georgia law, right to subrogation can be modified or extinguished by contract or may be waived either expressly or by implication. | Can the right to subrogation be modified or extinguished by contract or waived expressly or by implication? | 043189.docx | LEGALEASE-00139327-LEGALEASE-00139328 |
| Ramsey v. Ramsey, 96 Idaho 672 | 34+5(6) | Generally, retirement pay based on military or naval service is not a gratuity, but is an earned property right accruing by reason of individual's years of military service. | Is military retirement considered a gratuity or pension? | 008512.docx | LEGALEASE-00139367-LEGALEASE-00139368 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| United States v. Porter, 591 F.2d 1048 | 316H+458 | Showing that laboratory, having received lawful fee under medicare program, shared it with doctor who had referred specimen to lab did not establish bribery or "kickbacks" within meaning of statute providing for punishment of anyone furnishing items or services to individuals for which payment was to be made under subchapter and who solicited, offered or received any kickback or bribe; in ordinary parlance, "kickback" is secret return to earlier possessor of part of sum received. Social Security Act, S 1877(b) as amended 42 U.S.C.A. S 1395nn(b). | What does kickback mean in bribery statute? | Bribery - Memo #615 - C-JL.docx | ROSS-003287258-ROSS-003287260 |
| Hanson v. Birmingham, 92 F.Supp. 33 | 289+1073 | Limited partnerships were unknown to common law and are solely creations of local legislative bodies. | Were limited partnerships unknown at common law and creations of legislative bodies? | 022350.docx | LEGALEASE-00139418-LEGALEASE-00139420 |
| Colonial Properties Realty Ltd. P'ship v. Lowder Const. Co., 256 Ga. App. 106 | 366+35 | Waiver-of-subrogation clauses are valid and binding, and are not void as against public policy when a business relieves itself from its own negligence; however, such clauses do not relieve a party from liability for acts of gross negligence or wilful or wanton conduct. | "Are exculpatory clauses valid and binding, and are void as against public policy when a business relieves itself from its own negligence?" | Subrogation - Memo # 1109 - C - SK.docx | ROSS-003318452-ROSS-003318453 |
| Vockroth v. First Circuit Family Court of Hawaii, 747 F. Supp. 2d 1297 | 34+34.2(3) | No right or jurisdiction was vested by Servicemembers Civil Relief Act (SCRA) in federal district courts to vacate or impede state court's order or judgment or to interfere with exercise by state court of jurisdiction conferred on it by SCRA. Servicemembers Civil Relief Act, S 201(g)(1), 50 App.U.S.C.A. S 521(g)(1). | "Does the Soldiers and Sailors Civil Relief Act (SCRA) empower federal district court to collaterally review, vacate or impede decisions of a state court?" | 008546.docx | LEGALEASE-00139699-LEGALEASE-00139700 |
| Tigue v. Swaim, 585 F.2d 909 | 34+32.1 | Military officers during peacetime are not automatically clothed with absolute immunity in every situation. | During peacetime are military officers automatically clothed with absolute immunity in every situation? | Armed Services - Memo 207 - JS.docx | ROSS-003300551-ROSS-003300552 |
| Kagan v. Wattendorf& Co., 294 Mass. 588 | 38+31 | Valid assignment may be made by any words or acts which fairly indicate intention to make assignee the owner of the claim. | Are assignments made by words or acts valid? | 009518.docx | LEGALEASE-00140606-LEGALEASE-00140608 |
| Gaines v. Morris, 6 Rob. (LA) 4 | 83E+440 | A note indorsed in blank may be considered as one payable to bearer, and all indorsements posterior to that of the payee may be stricken out on the trial. But in an action against the maker, drawer, or acceptor, all indorsements stated in the petition, though unnecessarily, must be proved. | Can a blank indorsement be stricken out at the trial? | 009536.docx | LEGALEASE-00140668-LEGALEASE-00140669 |
| Georgi v. First Nat. Bank of Louisville, 557 S.W.2d 442 | 8.30E+273 | Where note is given not in payment but in renewal of another note, which is then surrendered, renewal does not extinguish original debt or in any way change debt except for postponing time of payment. | Does renewal change the original debt? | 010270.docx | LEGALEASE-00140251-LEGALEASE-00140252 |
| Gidden Motor Co. v. Johnston, 155 Miss. 328 | 83E+418 | Nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery. | Whether nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery? | 010303.docx | LEGALEASE-00139877-LEGALEASE-00139878 |
| Hager v. Coleman, 307 Ky. 74 | 186+15 | A transfer made by a debtor in anticipation of a suit against him, or after a suit has been begun and while it is pending against him, is a badge of fraud. KRS 378.010, 378.020, 404.020. | "Is a transfer made by a debtor in anticipation of a suit against him or after a suit has been begun, and while it is pending against him, a badge of fraud?" | 010454.docx | LEGALEASE-00140280-LEGALEASE-00140281 |
| Hurlbut v. Quigley, 180 Cal. 265 | 83E+629 | The words above indorsers' name, "I hereby waive presentment," etc., are governed by Civ.Code, S 1660, declaring that a promise made in the singular number, but executed by several persons, is presumed to be joint and several. | "Is a promise, made in the singular number, but executed by several persons, presumed to be joint and several?" | 010461.docx | LEGALEASE-00140303-LEGALEASE-00140304 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| People v. Holmes, 711 N.E.2d 965 | 63+1(1) | Bribe receiving is committed when public servant accepts or agrees to accept benefit upon understanding that his official actions will be influenced; it is defendant's state of mind which is controlling. Penal Law SS 200.10, 200.12. | What is the controlling factor to determine the existence of bribery? | 011920.docx | LEGALEASE-00139748-LEGALEASE-00139750 |
| United States v. Michelson, 165 F.2d 732 | 110+29(5.5) | To "offer" and to "give" bribes are distinct crimes even when parts of a single transaction. Cr.Code, S 39, 18 U.S.C.A. S 201. | Are offering and giving bribes the same or distinct crimes even when they're part of the same or a single transaction? | 012075.docx | LEGALEASE-00140688-LEGALEASE-00140689 |
| Ruggiero v. Town of E. Hartford, 2 Conn. App. 89 | 200+80 | Taking of highway creates no interest in fee, presumption being that landowners whose lands abut highway continue to be owners of fee of land to center of highway. | Does the taking of a highway create an interest in the fee? | Highways -Memo 158 - DB.docx | ROSS-003301832-ROSS-003301833 |
| Gerke v. City of Kansas City, 493 S.W.3d 433 | 302+11 | Although a petition need not plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement. Mo. Sup. Ct. R. 55.05. | Should a petition plead ultimate facts? | 023417.docx | LEGALEASE-00139935-LEGALEASE-00139936 |
| Brock v. Blackwood, 143 S.W.3d 47 | 302+48 | To properly plead a cause of action, the petition must state allegations of fact in support of each essential element of the cause pleaded. | Does a properly pleaded cause of action require allegations of fact? | 023428.docx | LEGALEASE-00140259-LEGALEASE-00140260 |
| In re OSG Ship Mgmt., 514 S.W.3d 331 | 307A+554 | Forum-selection clauses are presumptively valid unless shown to be unreasonable, and they may be enforced through a motion to dismiss. | Are forum-selection clauses presumptively valid unless shown to be unreasonable? | 032821.docx | LEGALEASE-00139835-LEGALEASE-00139836 |
| Laflamme v. Goodwin, 911 N.E.2d 660 | 106+35 | A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss, and in either case, once the party contesting jurisdiction challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. | Can a challenge to personal jurisdiction be raised either as an affirmative defense in the answer or in a motion to dismiss for lack of jurisdiction over the person? | Pretrial Procedure - Memo # 5640 - C - DHA.docx | LEGALEASE-00030271-LEGALEASE-00030272 |
| Jackson v. Pleasonton, 95 Va. 654 | 308+69(5) | An agent may deal directly with his principal, and sell to him property he was employed to buy for him, provided he makes fair and full disclosure to his principal of all the facts and circumstances within his knowledge in any way calculated to enable his principal to judge of the propriety of the transaction, and there is no deception or concealment on the part of the agent; and, in a controversy between a principal and his agent over the validity of such an agreement, the burden of proof is on the agent to show such disclosure, and the perfect fairness of the transaction. | On whom does the burden proof lie to prove that the principal was informed of all the facts? | Principal and Agent - Memo 105 - GP.docx | ROSS-003317090-ROSS-003317091 |
| In re Conseco, 299 B.R. 875 | 308+145(2) | Agent, acting under actual authority, has power to enter into binding contract on behalf of undisclosed principal. | Can an Agent enter into a binding contract on behalf of undisclosed principal? | 041332.docx | LEGALEASE-00140315-LEGALEASE-00140316 |
| State Farm Mut. Auto. Ins. Co. v. Long, 129 N.C. App. 164 | 371+2001 | Insurance regulatory charge levied on insurers was not "tax" under San Juan Cellular test, even though it was imposed by legislature rather than by agency, where it applied only to insurers, was segregated from general fund, could be used only to help defray state's costs of regulating insurance, and was subject to annual adjustments to assure that no surplus resulted. G.S. S 58-6-25. | Is San Juan Cellular test used to determine whether an assessment is a tax? | 044641.docx | LEGALEASE-00140123-LEGALEASE-00140124 |
| Esty v. Beal Bank S.S.B., 298 S.W.3d 280 | 307A+746 | Trial court has the authority to impose sanctions for the failure to comply with a pretrial order. | Does the trial court have the authority to impose sanctions for the failure to comply with a pretrial order? | 045520.docx | LEGALEASE-00140427-LEGALEASE-00140428 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Hillman v. City of McKinney, 70 F. Supp. 3d 790 | 386+12 | Under Texas law, a person trespasses when he intentionally causes a third person to enter land in the possession of another. | Does a person commit a trespass if he intentionally causes a third person to enter land in the possession of another? | 047433.docx | LEGALEASE-00140637-LEGALEASE-00140638 |
| Wyoming v. U.S. Dep't of Agric., 661 F.3d 1209 | 411+8 | Forest Service acted within its authority to regulate National Forest System (NFS) lands for conservation purposes, under Organic Act and Multiple-Use Sustained-Yield Act (MUSYA), in promulgating final rule that prohibited road construction and commercial timber harvesting in inventoried roadless areas of NFS lands; Forest Service had broad rulemaking authority under Organic Act to regulate "occupancy and use" of NFS lands and "to preserve the forests thereon from destruction", and Forest Service had supplemental authority under MUSYA to regulate NFS lands for multiple uses, such as "outdoor recreation," "watershed," and "wildlife and fish purposes." Lieu Lands Act, S 1, 16 U.S.C.A. S 551; Multiple-Use Sustained-Yield Act of 1960, SS 1, 2, 4(a), 16 U.S.C.A. SS 528, 529, 531(a); Forest Transfer Act, S 1, 16 U.S.C.A. S 472; 36 C.F.R. SS 294.10-294.14. | Who can make rules to regulate occupancy and use of National Forests? | Woods and Forest - Memo 70 - ANM.docx | ROSS-003288955-ROSS-003288956 |
| People v. Powers, 33 Misc. 2d 624 | 258A+896 | In time of peace a person in the armed forces who commits a state crime punishable under state law is amenable to state courts, and even in time of war, offenses cognizable by court martial, as a matter of comity or expediency, may be prosecuted in state courts, or in federal civil courts, and failure of the military authority to assume jurisdiction constitutes a waiver of jurisdiction to the civil courts. 10 U.S.C.A. S 802. | Does the failure of military authority to assume jurisdiction constitute a waiver of jurisdiction to the civil courts? | 008623.docx | LEGALEASE-00141694-LEGALEASE-00141695 |
| United States v. Walsh, 156 F. Supp. 3d 374 | 110+12.7(1) | When evaluating the scope of a federal criminal statute, court must look closely to its language, legislative history, and purpose. | What does the court look to when evaluating the scope of bribery statute? | 011969.docx | LEGALEASE-00141083-LEGALEASE-00141084 |
| United States v. Orenuga, 430 F.3d 1158 | 63+3 | Possible lawful and proper performance of act by public official had there been no bribe was not defense to crime of bribery. 18 U.S.C.A. S 201(b)(2)(A). | "Is it a defense to the crime of bribery that had there been no bribe, the public official might have lawfully and properly performed the same act?" | 011974.docx | LEGALEASE-00140887-LEGALEASE-00140888 |
| United States v. Azadian, 436 F.2d 81 | 63+3 | Conviction for aiding and abetting bribing of a public official, an employee of a draft board, could be sustained, notwithstanding that the principal had been found not guilty because of entrapment, where defendant desired and intended to go forward when the principal announced an intent to withdraw. 18 U.S.C.A. SS 2, 201(c). | Can a person be convicting for aiding and abetting bribing of a public official when the principal had been found not guilty because of entrapment? | 012041.docx | LEGALEASE-00141835-LEGALEASE-00141836 |
| United States v. Michelson, 165 F.2d 732 | 110+29(5.5) | To "offer" and to "give" bribes are distinct crimes even when parts of a single transaction. Cr.Code, S 39, 18 U.S.C.A. S 201. | Are offering a bribe and giving a bribe two distinct crime even when it is a part of a single transaction? | 012067.docx | LEGALEASE-00140774-LEGALEASE-00140775 |
| Blanchard v. Ashby Const. Co., 95 So. 2d 670 | 200+175 | A person who attempts to make a left turn or attempts to turn from a direct line on public highways must ascertain before turning that turn can be made safely. LSA-R.S. 32:235, subd. A, 32:236, subd. A. | How should a person making a left turn on a highway proceed? | Highways -Memo 163-IS.docx | LEGALEASE-00030863-LEGALEASE-00030864 |
| Templeton v. Wolverton, 142 Tex. 422 | 260+97 | A "mining partnership" may be created by express contract, and without express contract by joint ownership and operation of mineral interests. | Can a mining partnership be created by express contract or without express contract? | 021309.docx | LEGALEASE-00140859-LEGALEASE-00140860 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Oxford Oil Co. v. Atl. Oil Producing Co., 22 F.2d 597 | 260+86 | State has power, through administrative board to make regulations for protection of mineral rights of adjoining owners of land. | "Is it within the power of the legislature to lay down a general rule for the protection of the mineral rights of the owners of adjoining lands, and to leave the details of enforcing that rule to an administrative agency or board?" | 021513.docx | LEGALEASE-00142025-LEGALEASE-00142026 |
| Williams v. Barnes & Noble, 174 S.W.3d 556 | 302+11 | Although a petition need not plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement; a plaintiff cannot merely assert conclusions in his petition. V.A.M.R. 55.05. | Should a petition plead operative facts? | 023458.docx | LEGALEASE-00141310-LEGALEASE-00141311 |
| Indep. Sch. Dist. No. 404 v. Castor, 670 N.W.2d 758 | 307A+485 | Following teacher and part-time superintendent prevailing on school district's conversion claim, trial court acted within its discretion when it denied teacher and part-time superintendent's request for attorney fees under rule allowing sanctions if party fails to admit pursuant to request for admissions and if truth of matter is proven at trial, although school district had denied requests for admissions concerning compensation earned by teacher and provided to teacher, since there was discrepancy as to meaning of term compensation, and school district provided evidence about master employment agreement and about past practice regarding assignment in attempt to prove school district's interest in unassigned amounts. 48 M.S.A., Rules Civ.Proc., Rule 37.03. | Will the court deny a motion for sanctions when it is found that there had been evidence introduced at trial that would have supported a finding contrary to most of the moving party's requests for admission? | 030615.docx | LEGALEASE-00141184-LEGALEASE-00141185 |
| Thilman & Co. v. Esposito, 87 Ill. App. 3d 289 | 307A+723.1 | No duty is imposed upon trial court to continue case when no request for continuance has been made. | Is a duty imposed upon a trial court to continue a case when no request for continuance has been made? | Pretrial Procedure - Memo # 4223 - C - UG.docx | ROSS-003291224-ROSS-003291225 |
| Kansas City, M. & O. Ry. Co. of Tex. v. Wells, 142 S.W. 670 | 307A+723.1 | An application for a continuance on the ground of the absence of material witnesses, which fails to state that the applicant used due diligence to obtain such testimony, or to set out facts showing that the applicant had used such diligence, is defective. | "Is an application for a continuance, on the ground of the absence of witnesses, which fails to state in terms that due diligence was used, held properly denied for want of due diligence?" | Pretrial Procedure - Memo # 4303 - C - CK.docx | ROSS-003331640-ROSS-003331641 |
| Gregg v. Cecil, 844 S.W.2d 851 | 307A+713 | There is no requirement for granting a first motion for continuance merely because it meets all of the statutory requirements and is uncontroverted by the opposing party. | Is there a rule relating to continuances requiring granting of a first motion merely because it is in statutory form and not controverted by affidavit of opposite party? | 032130.docx | LEGALEASE-00141304-LEGALEASE-00141305 |
| Morris v. McElroy, 219 Ala. 369 | 307A+725 | Power to set aside continuance and reset case for trial resides in court, not trial judge. | Does the power to set aside continuance and reset case for trial reside in court or trial judge? | 032132.docx | LEGALEASE-00141306-LEGALEASE-00141307 |
| Palomar Ref. Co. v. Prentice, 57 Cal. App. 2d 954 | 228+344 | Trial court should be vested with reasonable discretion in passing on motions to vacate order denying continuances and motions to vacate judgment. | Should court be vested with reasonable discretion in passing on motions to vacate order denying continuances and motions to vacate judgment? | 032187.docx | LEGALEASE-00141541-LEGALEASE-00141542 |
| Brown v. Ellis, 103 F. 834 | 307A+74 | Where depositions are taken for use in a federal court, upon a commission issued to a notary public, under Rev.St. SS 863-865, 28 U.S.C.A. SS 639-641, providing for the taking of the deposition of an absent, sick, or infirm witness, which shall be subscribed by deponent, and sealed up and directed to the court by the notary taking it, and remain under his seal until broken in court, it is not essential that the notary should attach his official seal to his certificate. | "Where depositions are taken for use in a federal court, is it not essential that the notary should attach his official seal to his certificate?" | 032231.docx | LEGALEASE-00141170-LEGALEASE-00141171 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| McWilliams v. McWilliams, 68 Ga. 459 | 307A+74 | The interrogatories prepared prior to the issuance of a commission must state the place of residence of the witness if known. Code, S 3879. | Must the interrogatories prepared prior to the issuance of a commission state the place of residence of the witness if known? | 032544.docx | LEGALEASE-00141925-LEGALEASE-00141926 |
| Temby v. William Brunt Pottery Co., 229 Ill. 540 | 307A+74 | Where a commission to take depositions is directed to a competent person, he derives his authority from the commission, and because he is described therein as a notary public does not render necessary the affixing of a certificate of his official character to the depositions. | Does a competent person derive his authority from the commission where a commission to take depositions is directed to him? | 032590.docx | LEGALEASE-00141449-LEGALEASE-00141450 |
| Read v. Patterson, 79 Tenn. 430 | 307A+74 | It is sufficient if the official character of the commissioner appears from his signature at the end, though not stated in the body, of the certificate. | "Is it sufficient if the official character of the commissioner appears from his signature at the end, though not stated in the body, of the certificate?" | 032596.docx | LEGALEASE-00141399-LEGALEASE-00141400 |
| Dunham v. Halloway, 2 Okla. 78 | 307A+74 | Where a certificate fails to show that depositions were taken at the place named in the notice, and where it further appears that the adverse party was not present when such depositions were taken, the depositions should be suppressed. | "Where a certificate fails to show that depositions were taken at the place named in the notice, should the depositions be suppressed?" | 032619.docx | LEGALEASE-00141244-LEGALEASE-00141246 |
| Grott v. Jim Barna Log Sys. Midwest, 794 N.E.2d 1098 | 307A+554 | A motion to dismiss is a proper method of challenging the personal jurisdiction of a trial court. Trial Procedure Rule 12(B)(2). | Is a motion to dismiss a proper method for challenging the personal jurisdiction of a trial court? | 033295.docx | LEGALEASE-00140740-LEGALEASE-00140741 |
| Burley v. Kitchell, 20 N.J.L. 305 | 307A+74 | It is not necessary that it should appear upon the face of the deposition that the witness was cautioned "to testify the whole truth." | "Is it necessary that it should appear upon the face of the deposition that the witness was cautioned ""to testify the whole truth""?" | 033394.docx | LEGALEASE-00141370-LEGALEASE-00141371 |
| Quinn v. Clayton Const. Co., 111 S.W.3d 428 | 307A+684 | For purposes of court rule providing that court shall dismiss action whenever it appears, by suggestion of parties or otherwise, that court lacks jurisdiction, term "appears" suggests quantum of proof is not high; it must appear by preponderance of evidence that court is without jurisdiction. V.A.M.R. 55.27(g)(3). | "Where it appears that the court lacks jurisdiction, shall the court dismiss the action?" | 033412.docx | LEGALEASE-00141620-LEGALEASE-00141621 |
| Morss v. Palmer, 15 Pa. 51 | 307A+74 | Where a number of witnesses are examined, it is only necessary that the officer should sign the general caption and certificate. | "Where a number of witnesses are examined, is it only necessary that the officer should sign the general caption and certificate?" | 033414.docx | LEGALEASE-00141624-LEGALEASE-00141625 |
| Texas Co. v. Cohn, 8 Wash. 2d 360 | 92+3562 | The requirement that exercise of power of taxation must not deny equal protection of laws does not compel adoption of ironclad rule of equal taxation nor prevent differences or discretion in selection of subjects or classification. | Is the power of taxation fundamental to the existence of a government? | Taxation - Memo # 419 - C - SU.docx | ROSS-003290154-ROSS-003290155 |
| Bd. of Comm'rs of Johnson Cty. v. Robb, 161 Kan. 683 | 371+2001 | The word "taxes" has two well recognized meanings, one inclusive and the other exclusive of special assessments of local improvements, and which meaning is intended where the word is used in a written contract must be determined by the contract. | Does the word tax have meanings inclusive and exclusive of special assessments? | Taxation - Memo # 437 - C - SS.docx | ROSS-003289687-ROSS-003289688 |
| Riverton Produce Co. v. State, 871 P.2d 1213 | 371+2005 | States retain flexibility to fashion taxes in any manner not inconsistent with constitutional principles. | Do states retain flexibility to fashion taxes in any manner not inconsistent with constitutional principles? | Taxation - Memo # 528 - C - DHA.docx | ROSS-003289715-ROSS-003289717 |
| Nebraska Pub. Power Dist. v. Hershey Sch. Dist., 207 Neb. 412 | 371+2100 | Provisions of the constitution in relation to taxation are not grants of power but are limitations on taxing power of the state. | "Are the provisions of the Constitution in relation to taxation, grants of power or limitations on taxing power of state lodged in the legislature?" | 045396.docx | LEGALEASE-00141557-LEGALEASE-00141558 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Lee v. Atl. Coast Line R. Co., 145 Fla. 618 | 371+2005 | Statutory taxing power is as potent to taxing districts as it is to the state, counties, municipalities, unless restrained by a paramount law. Const. art. 9, SS 1, 10, and S 6, as amended; art. 12, SS 10, 11, 17. | Is the statutory taxing power as potent to taxing districts as it is to the state? | Taxation - Memo # 630 - C - SB.docx | ROSS-003330250-ROSS-003330251 |
| Alaska S.S. Co. v. State, 31 Wash. 2d 328 | 371+2005 | The taxing power of a state is one of its attributes of sovereignty and may be exercised at discretion of state subject to constitutional limitations. U.S.C.A.Const. art. 1, S 10, cl. 2. | Is the taxing power of a state subject to constitutional limitations? | Taxation - Memo # 637 - C - SN.docx | LEGALEASE-00031794-LEGALEASE-00031795 |
| Honer v. Treasurer of State, 192 S.W.3d 526 | 413+46 | When interpreting the workers' compensation law, courts ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and, if possible, give effect to that intent. V.A.M.S. S 287.010 et seq. | Is workers compensation law entirely statutory? | 048108.docx | LEGALEASE-00141172-LEGALEASE-00141173 |
| In re New Hampshire Youth Dev. Ctr., 152 N.H. 86 | 413+2 | Because the right to workers' compensation is statutory in its origin, injured workers' rights can be no greater than what the legislature has provided. | "Is the right to compensation statutory in origin, and can an injured workers rights be greater than what the legislature has provided?" | 048132.docx | LEGALEASE-00141465-LEGALEASE-00141466 |
| Ortho Pharm. Corp. v. Amgen, 882 F.2d 806 | 25T+156 | Preservation of status quo does not operate as separate test for determining whether district court acted within its jurisdictional authority in issuing injunction; rather, preservation of status quo represents goal of preliminary injunctive relief in any litigation, including arbitrable dispute. | What does preservation of the status quo represent in arbitration? | Alternative Dispute Resolution - Memo 670 - RK.docx | ROSS-003300497-ROSS-003300498 |
| Thweatt v. Jackson, 838 S.W.2d 725 | 83E+481 | Assignee of promissory notes stands in shoes of assignor and obtains rights, title, and interest that assignor had at time of assignment. | Does the assignee of a promissory note stand in the shoes of the assignor? | 009516.docx | LEGALEASE-00142638-LEGALEASE-00142639 |
| United States v. Parlavecchio, 903 F. Supp. 788 | 36+2 | Terms "extortion," "bribery," and "arson" contained in Travel Act are to be read more broadly than their strict common law definitions. 18 U.S.C.A. S 1952(b). | "Should the term bribery be read generically, and is the generic definition of the crime broader than its strict common law definition?" | Bribery - Memo #386 - C - LB.docx | ROSS-003288624-ROSS-003288625 |
| United States v. Rasco, 853 F.2d 501 | 63+1(1) | In obtaining conviction of defendant for bribery of bank official, Government need not establish that bribe was actually paid; crime of offering bribe is completed when defendant expressed ability and desire to pay bribe. 18 U.S.C.A. S 201. | Is the crime of offering a bribe complete when a defendant expresses an ability and a desire to pay the bribe? | Bribery - Memo #389 - C - LB.docx | ROSS-003287238-ROSS-003287239 |
| Powers v. Sims & Levin, 542 F.2d 1216 | 172H+1561 | Under Truth in Lending Act, when rescission is attempted under circumstances which would deprive lender of its legal due, attempted rescission will not be judicially enforced unless it is so conditioned that lender will be assured of receiving its legal due. Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b). | Can  attempted rescission be judicially enforced? | 013822.docx | LEGALEASE-00142828-LEGALEASE-00142829 |
| Cyprus Indus. Minerals Co. v. Fed. Mine Safety & Health Review Comm'n, 664 F.2d 1116 | 260+92.5(2) | Mine owners are strictly liable for independent contractor violations of the Coal Act and present Federal Mine Safety and Health Act. Federal Coal Mine Health and Safety Act of 1969, S 3(d) as amended 30 U.S.C.A. S 802(d). | Are mine owners strictly liable for the actions of independent contract violations under the coal act? | Mines and Minerals - Memo # 56 - C - CSS.docx | ROSS-003289078 |
| Burglin v. Morton, 527 F.2d 486 | 260+5.1(2) | Permissive word "may" in section of Mineral Lands Leasing Act providing that the lands known or believed to contain oil or gas deposits may be leased by the Secretary of the Interior allows Secretary to lease such lands but does not require him to do so, and Secretary has discretion to refuse to issue any lease at all on any given tract. Mineral Lands Leasing Act, S 17(a, c) as amended 30 U.S.C.A. S 226(a, c). | Does the Secretary have the discretion to refuse to issue any lease at all on a given tract? | 021255.docx | LEGALEASE-00143257-LEGALEASE-00143258 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Ridge Oil Co. v. Guinn Investments, 148 S.W.3d 143 | 260+74(6) | Partial assignee of oil and gas lessee's interest in producing tract owed no duty to the owners or partial assignee of interest in adjacent non-producing tract to continue the original lease in effect, but the owners and partial assignee of the producing tract were free to mutually agree to terminate the original lease as to their respective interests, even though a collateral effect of that agreement was that the only producing wells permanently ceased to be produced by a lessee under the original lease and that the lease terminated by its own terms leading to a washout of assignee's interest because there was no other production on the lands described in it. | Does a lease which says as long as oil or gas is produced automatically terminate if actual production permanently ceases during the secondary term? | Mines and Minerals - Memo #211 - C - EB.docx | ROSS-003289127-ROSS-003289128 |
| Wallace v. Steagall, 52 Ill.App. 471 | 289+719(5) | A partnership, though insolvent, may sell its property to whomsoever it desires, though thereby the individual creditor of one partner is preferred to the exclusion of the partnership creditors. | Does a firm have the same rights to sell its property as that of an individual to sell his separate estate? | 022430.docx | LEGALEASE-00143428-LEGALEASE-00143429 |
| Sider v. Outboard Marine Corp., 160 Ill. 3d 290 | 302+41 | While drafters of complaint must strike balance between pleading too little or too much factual detail, drafter must plead ultimate facts. | Must the drafter of a complaint plead ultimate facts? | 023488.docx | LEGALEASE-00142849-LEGALEASE-00142850 |
| RoTec Servs. v. Encompass Servs., 359 S.C. 467 | 302+11 | Ultimate facts in a pleading fall somewhere between the verbosity of evidentiary facts and the sparsity of legal conclusions. Rules Civ.Proc., Rule 8(b). | Do ultimate facts fall somewhere between the verbosity of evidentiary facts and the sparsity of legal conclusions? | Pleading - Memo 407 - RMM.docx | ROSS-003289255-ROSS-003289256 |
| Michael v. Matheis, 77 Mo. App. 556 | 307A+74 | Where a certificate to a deposition taken before a commissioner, under Rev.St.1889, S 4448, V.A.M.S. S 492.220, is authenticated by the private seal or scrawl of the commissioner, it is sufficient; he not being a public official and having no official seal. | "Where a certificate to a deposition taken before a commissioner is authenticated by the private seal or scrawl of the commissioner, is it sufficient?" | Pretrial Procedure - Memo # 5513 - C - NS.docx | LEGALEASE-00032480-LEGALEASE-00032481 |
| Am. Coll. Connection v. Berkowitz, 332 Ga. App. 867 | 307A+554 | A defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. | Does a defendant who files a motion to dismiss for lack of personal jurisdiction have the burden of proving lack of jurisdiction? | Pretrial Procedure - Memo # 5705 - C - KBM.docx | ROSS-003291342-ROSS-003291343 |
| Voltz v. Dyess, 148 So. 3d 425 | 307A+560 | The purpose of the 14-day-notice requirement in rule governing dismissal of a case for lack of service of process is to give the plaintiff an opportunity to show good cause to extend the time for service. Rules Civ.Proc., Rule 4(b). | Does 14 days' notice gives the plaintiff opportunity to present good cause for the failure to perfect service? | Pretrial Procedure - Memo # 6223 - C - SHS.docx | ROSS-003289813 |
| Gutierrez v. Baldridge, 2010-1528 (La. App. 3 Cir. 5/11/11) | 307A+45 | Trial court's exclusion of partner's summary judgment witness affidavits as a sanction for failure to comply with pretrial order did not constitute an abuse of discretion, even though partner's counsel took full responsibility for failing to timely file a witness and exhibit list, where witness had not been previously identified in partner's discovery responses, and where the trial court determined the misconduct was not solely counsel's, but was in part due to partner's failure to identify potential witnesses at his deposition. LSA-C.C.P. art. 967. | "In determining the appropriate sanctions for failure to comply with a pretrial order, should the trial court consider whether the action results in prejudice to the opposing party's trial preparations?" | Pretrial Procedure - Memo # 6292 - C - SB.docx | ROSS-003289638-ROSS-003289639 |
| Arpino v. F.J.F. & Sons Elec. Co., 102 A.D.3d 201 | 307A+531 | Public policy strongly favors the resolution of actions on the merits whenever possible. | Does public policy strongly favor the resolution of actions on the merits whenever possible? | 033861.docx | LEGALEASE-00143524-LEGALEASE-00143525 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Maki v. Hansen, 694 N.W.2d 78 | 307A+560 | Parties are expected to follow the requirements for service of process, and failure to do so can result in dismissal of a claim. | Will failure to follow the requirements for service of process result in dismissal of a claim? | 033976.docx | LEGALEASE-00142967-LEGALEASE-00142968 |
| Rump v. Woods, 50 Ind. App. 347 | 307A+74 | Where plaintiff, whose deposition was taken before trial, desired to make corrections, they should be made before the notary and an opportunity given to the other side to cross-examine with reference thereto. | "Where a plaintiff desires to make corrections, should they be made before the notary and an opportunity given to the other side to cross-examine with reference thereto?" | 033984.docx | LEGALEASE-00142997-LEGALEASE-00142998 |
| Roberts v. Corwin, 118 A.D.3d 571 | 307A+563 | Dismissal of complaint as sanction is penalty aimed to punish misconduct by party to litigation, and, as with any sanction, dismissal of complaint must be commensurate with particular disobedience it is designed to punish. | Is dismissal of complaint as sanction a penalty aimed to punish misconduct by a party to litigation? | 034003.docx | LEGALEASE-00143174-LEGALEASE-00143175 |
| Hospice & Palliative Care Charlotte Region v. N. Carolina Dep't of Health & Human Servs., Div. of Facility Servs., Certificate of Need Section, 185 N.C. App. 109 | 307A+552 | If a case becomes moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Will an action be dismissed if a case becomes moot at any time during the course of the proceedings? | Pretrial Procedure - Memo # 6606- C - NC.docx | ROSS-003291411-ROSS-003291412 |
| Com. v. Kelley, 444 Pa. Super. 377 | 352H+21(4) | Construing "sexual intercourse" according to the fair import of its terms, digital penetration cannot be considered intercourse within its ordinary meaning. 18 Pa.C.S.A. S 3101. | Can digital penetration be considered sexual intercourse? | Sex Offence - Memo 75 - RK.docx | LEGALEASE-00033050-LEGALEASE-00033051 |
| Pasco v. State, 563 N.E.2d 587 | 352H+21(1) | Evidence of slightest degree of penetration of female sex organ by male sex organ is sufficient to sustain rape conviction, and such penetration can be inferred from circumstantial evidence. | Can penetration be inferred from circumstantial evidence? | 043089.docx | LEGALEASE-00143420-LEGALEASE-00143421 |
| Briceno v. State, 580 S.W.2d 842 | 211+1585 | The elements of offenses of indecency with a child and indecent exposure are identical except that indecency with a child requires defendant to know that a child is present, whereas indecent exposure requires that defendant is reckless as to presence of other person; proof of the higher degree of culpability, knowing, is proof of lower culpable mental state, reckless, and hence proof that a child is present necessarily would be proof of presence of a person, so that indecency with a child requires, in addition to proving all the elements of indecent exposure, a showing of higher culpable mental state and that the person is a child. V.T.C.A., Penal Code SS 21.08, 21.11(a)(2). | Are the elements of indecency with a child and indecent exposure identical? | Sex Offence - Memo 98 - RK.docx | LEGALEASE-00033096-LEGALEASE-00033097 |
| Hoechst Celanese Corp. v. Franchise Tax Bd., 25 Cal. 4th 508 | 371+2008 | Under the federal due process and commerce clauses, a state may not tax value earned outside its borders. U.S.C.A. Const. Art. 1, S 8, cl. 3; Amend. 14. | Can a state tax value earned outside its borders? | 045297.docx | LEGALEASE-00142760-LEGALEASE-00142761 |
| People v. Chenango Cty., 39 N.Y.S.2d 785 | 371+2001 | A "tax" is a statutory liability imposed upon all inhabitants of the state defined as taxable, so that they may contribute their just share to expenses of government. Const. art. 16. | "Is ""tax"" a contribution toward expense of government?" | Taxation - Memo # 702 - C - NS.docx | ROSS-003317243-ROSS-003317244 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Land Title Bank & Tr. Co. v. Ward, 20 F. Supp. 810 | 371+2064 | "According to its value" as used in statute retaining in the states and their subdivisions the power to tax real property of a national bank to the same extent, according to its value as other real property is taxed, does not limit the manner of collection of state taxes but merely limits the tax which a state might levy to an ad valorem tax levied upon the same basis as all real estate similarly situated in the taxing district. 12 U.S.C.A. S 548(3). | "How is an ""ad valorem property taxes"" levied?" | 045669.docx | LEGALEASE-00143047-LEGALEASE-00143048 |
| City of Boca Raton v. State, 595 So. 2d 25 | 268+405 | Legally imposed special assessment is not a tax; taxes and special assessments are distinguishable in that, while both are mandatory, there is no requirement that taxes provide any specific benefit to the property and they may be levied throughout the particular tax unit for general benefit of residents and property; special assessment must confer specific benefit upon land burdened by the assessment. | Must special assessments confer a specific benefit upon the land burdened by the assessment? | Taxation - Memo # 750 - C - SHB.docx | ROSS-003290270-ROSS-003290271 |
| State ex rel. Larkin v. Oxenhandler, 159 S.W.3d 417 | 413+2 | The Workers' Compensation Law supplants the common law in determining remedies for on-the-job injuries. V.A.M.S. S287.120, subd. 1. | Does the workers compensation law supplant the common law in determining remedies for on-the-job injuries? | 048140.docx | LEGALEASE-00142096-LEGALEASE-00142097 |
| Com-Tech Assocs. v. Computer Assocs. Int'l, 938 F.2d 1574 | 25T+182(1) | Mere delay in seeking arbitration, absent prejudice to opposing party, does not constitute waiver. 9 U.S.C.A. SS 1-15. | Does a delay in seeking arbitration without prejudice to the opposing party constitute a waiver? | Alternative Dispute Resolution - Memo 694 - RK.docx | ROSS-003288454-ROSS-003288456 |
| United States v. Whitfield, 590 F.3d 325 | 63+1(2) | Under the statute governing federal program bribery, the funds in question need not be purely federal, nor must the conduct in question have a direct effect on federal funds; rather, the statute possibly can reach misuse of virtually all funds of an agency that administers the federal program in question. 18 U.S.C.A. S 666. | Should the funds in question under the bribery statute be purely federal and the conduct in question have a direct effect on federal funds? | 011668.docx | LEGALEASE-00144331-LEGALEASE-00144332 |
| Etna Forge & Bolt Co v. Youngstown Sheet & Tube Co, 782 F. 786 | 113+4 | To give a custom the force of law, it must be notorious and have existed long enough to justify the inference that the parties had it in view in making their contract. | May a custom be loose and variable to have the force of law? | 014229.docx | LEGALEASE-00144930-LEGALEASE-00144931 |
| Anderson Living Tr. v. WPX Energy Prod., 306 F.R.D. 312 | 260+79.3 | Under New Mexico law governing natural gas industry, the term "post-production costs" refers to costs associated with making the natural gas marketable after the gas is severed or removed from the ground. | What does the term post-production costs refer to? | 021359.docx | LEGALEASE-00144013-LEGALEASE-00144014 |
| Zeitz v. Vill. of Glenview, 227 Ill. App. 3d 891 | 302+11 | Pleader is not required to set forth his evidence; pleading is only required to allege ultimate facts, not evidentiary facts tending to prove such ultimate facts. | Is a pleader required to set forth evidentiary facts? | 023518.docx | LEGALEASE-00144085-LEGALEASE-00144086 |
| E. Tennessee, V. & G. R. Co. v. Arnold, 89 Tenn. 107 | 307A+74 | Certificate to deposition is fatally defective which shows that the deposition was reduced to writing, not by the witness or the officer taking it, but by some third person under the officer's direction. | Is a certificate to deposition fatally defective which shows that the deposition was reduced to writing by some third person under the officer's direction? | 032671.docx | LEGALEASE-00144354-LEGALEASE-00144355 |
| Teva Pharm. Indus. v. Ruiz, 181 So. 3d 513 | 106+39 | Evidentiary hearing, which is held when a plaintiff comes forward with proof to refute allegations in a defendant's affidavit, which fully disputes jurisdictional allegations in the plaintiff's complaint, resolves the factual disputes necessary to determine jurisdiction pursuant to long-arm statute as well as whether minimum contacts exist to satisfy due process concerns. U.S.C.A. Const.Amend. 14; West's F.S.A. S 48.193. | "If a plaintiff fails to come forward with sworn proof to refute the allegations in a defendant's affidavit and to prove jurisdiction, must the defendant's motion to dismiss be granted?" | Pretrial Procedure - Memo # 5543 - C - SPB.docx | ROSS-003289354-ROSS-003289355 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| In re Gen. Motors Corp., 296 S.W.3d 813 | 106+39 | A court has the power to determine its own jurisdiction and to take the appropriate action of dismissing claims over which it does not have jurisdiction. | Does a court have the power to determine its own jurisdiction and to take the appropriate action of dismissing claims over which it do not have jurisdiction? | Pretrial Procedure - Memo # 5808 - C - PC.docx | ROSS-003289469-ROSS-003289470 |
| Brezinski v. Vohra, 258 Ill. App. 3d 702 | 307A+560 | Trial court abused its discretion in granting physician's motion to dismiss on ground that medical malpractice plaintiff failed to exercise reasonable diligence to obtain service on physician, even though attempts at service were somewhat sporadic; plaintiff issued summons on date complaint was filed and sheriff promptly made attempt to serve physician at his office, subsequent attempts at service of alias summons at that address were not unreasonable, plaintiff was responding to dismissal motions of other defendants during period in which physician went unserved, and plaintiff's counsel had been left short-handed by departure of associate. Sup.Ct.Rules, Rule 103(b). | Is an indication of diligence a plaintiff's efforts to obtain service through an alias summons? | 033556.docx | LEGALEASE-00143675-LEGALEASE-00143676 |
| Black v. Jackson, 82 S.W.3d 44 | 307A+552 | Trial court has broad discretion to determine whether action should be dismissed as frivolous for purposes of statute authorizing court to dismiss action in which affidavit of inability to pay is filed if action is frivolous. V.T.C.A., Civil Practice & Remedies Code S 13.001. | Does court have broad discretion to determine whether action should be dismissed as frivolous? | 034190.docx | LEGALEASE-00144714-LEGALEASE-00144715 |
| Davis v. Byrd Meml. Hosp., 628 So. 2d 1284 | 307A+746 | Where party fails to follow court's pretrial order, the burden is on that party to show why he failed to so comply. | "Where party fails to follow a court's pretrial order, is the burden on that party to show why he failed to so comply?" | Pretrial Procedure - Memo # 6609 - C - DHA.docx | ROSS-003315330-ROSS-003315331 |
| Taylor v. Taylor, 20 Ill. 650 | 307A+746 | Precluding a party from calling any fact witnesses and offering any tangible evidence as a sanction for violation of pretrial order is tantamount to a death penalty sanction. | Can the sanction of precluding calling of witnesses not listed in valid pretrial order be upheld if less harsh sanctions are available and appropriate? | 034297.docx | LEGALEASE-00144117-LEGALEASE-00144118 |
| Harrison v. Bd. of Prof'l Discipline of Idaho State Bd. of Med., 145 Idaho 179 | 307A+560 | The party who failed to effect timely service has the burden to demonstrate good cause for such failure, in order to survive dismissal of the complaint. Rules Civ.Proc., Rule 4(a)(2). | Does the party who failed to effect timely service have the burden to demonstrate good cause? | Pretrial Procedure - Memo # 6700 - C - SK.docx | ROSS-003316308 |
| Gordon v. Gatlin Commons Prop. Owners Ass'n, 199 So. 3d 1120 | 307A+746 | Trial court failed to analyze six Kozel factors when choosing dismissal as sanction for failure to comply with amended pre-trial order in plaintiff's personal injury action against property owners association, warranting remand; trial court found only that plaintiff failed to disclose her expert witness list, expert reports, expert opinion summaries, fact witnesses, and failure to appear at docket call, and then found that plaintiff's multiple violations of amended pre-trial order were willful or contumacious. | "Before a court may dismiss a cause as a sanction for counsel's noncompliance with court order, should it first consider six factors, and set forth explicit findings of fact in the order that imposes the sanction of dismissal?" | Pretrial Procedure - Memo # 6789 - C - TM.docx | LEGALEASE-00034467-LEGALEASE-00034468 |
| Billerbeck v. Caterpillar Tractor Co., 292 Ill. App. 3d 350 | 313+63 | Plaintiff must act with reasonable diligence in effecting service of process on defendant; if plaintiff fails to act with reasonable diligence after statute of limitations expires, cause of action shall be dismissed with prejudice. Sup.Ct.Rules, Rule 103(b). | Should a plaintiff act with reasonable diligence in effecting service of process on a defendant? | 034563.docx | LEGALEASE-00143985-LEGALEASE-00143986 |
| Denson v. T.D.C.J.-I.D., 63 S.W.3d 454 | 307A+552 | Trial court may dismiss a claim as frivolous when it has no arguable basis in law or fact. V.T.C.A., Civil Practice & Remedies Code S 14.003(a)(2), (b)(2). | Can court dismiss a claim as frivolous when it has no arguable basis in law or fact? | 10866.docx | LEGALEASE-00094485-LEGALEASE-00094486 |

| Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Memo Question | Memo Filename | Bates Number |
|---|---|---|---|---|---|
| Commonwealth v. Union Pac. R. Co., 214 Ky. 339 | 371+2005 | State may levy personal tax on persons subject to its jurisdiction and property tax on property within territory. | Can a state levy personal tax on persons subject to its jurisdiction and property tax on property within territory? | 045763.docx | LEGALEASE-00144470-LEGALEASE-00144471 |
| Davidson Cty. v. Kirkpatrick, 150 Tenn. 546 | 371+2005 | Legislature's power to act within its sphere with respect to public revenue is unlimited except by Constitution. | Is the legislature's power to act within its sphere with respect to public revenue unlimited? | 045771.docx | LEGALEASE-00144490-LEGALEASE-00144491 |
| Greene v. Paschall Truck Lines, 239 S.W.3d 94 | 413+2084 | Workers' compensation is a creature of statute, and the remedies and procedures described therein are exclusive. KRS 342.0011 et seq. | "Is workers compensation a creature of statute, and are the remedies and procedures described therein exclusive?" | 048062.docx | LEGALEASE-00144079-LEGALEASE-00144080 |
| Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 | 25T+178 | Mere involvement of administrative agency in enforcement of statute is not sufficient to preclude arbitration of dispute concerning alleged statutory violation. 9 U.S.C.A. S 1 et seq. | Is mere involvement of an administrative agency in the enforcement of a statute sufficient to preclude arbitration? | 007772.docx | LEGALEASE-00146431-LEGALEASE-00146433 |
| Nadeau v. Equity Residential Properties Mgmt. Corp., 251 F. Supp. 3d 637 | 25T+178 | When an employer enters into an arbitration agreement with its employees, the employer must itself participate in properly initiated arbitration proceedings or forego its right to compel arbitration; that is, the employer cannot compel the employee to honor an arbitration agreement of which the employer is itself in material breach. | What will happen if an employer enters into an arbitration agreement with their employees? | 007775.docx | LEGALEASE-00146434-LEGALEASE-00146435 |
| State v. Bradley, 31 Mo.App. 308 | 210+814 | As theoretical proposition, defendant could commit aggravated burglary without committing aggravated assault, as aggravated burglary may require no more than that burglar be armed with deadly weapon and being armed with deadly weapon would not, in and of itself, amount to assault, but when element that burglar uses or threatens immediate use of dangerous or deadly weapon against any person who is not participant in crime is relied upon by prosecution to prove aggravated burglary, aggravated assault is simultaneously proven, for purposes of determining whether aggravated assault is lesser included offense of aggravated burglary. U.C.A.1953, 76-5-103(1)(b), 76-6-203(b, c). | Does aggravated burglary involve use of deadly weapon? | Burglary - Memo 211 - JS.docx | ROSS-003304464-ROSS-003304467 |
| Sanders v. State, 293 Ga. App. 534 | 67+4 | A house under construction that is so far completed as to be capable of providing shelter to people, animals, or property constitutes a building under the burglary statute. West's Ga.Code Ann. S 16-7-1. | "If a house is under construction, then is it a building under the burglary statute?" | 012958.docx | LEGALEASE-00146529-LEGALEASE-00146530 |
| In re Bycura, 540 B.R. 211 | 135+1 | Under South Carolina law, party's "residence" is the place where he actually lives or has his home, his dwelling place or place of habitation, his abode, house where his home is, or dwelling house. | "Is the place where a party lives or has his home, a party's residence under State law?" | 09978.docx | LEGALEASE-00095304-LEGALEASE-00095305 |
| United States v. Pepper, 697 F. Supp. 2d 1171 | 260+9 | While the regulation of mining per se is not within Forest Service jurisdiction, where mining activity disturbs National Forest System lands, Forest Service regulation is proper. | Does the Secretary of Agriculture have the power to adopt reasonable rules and regulations regarding mining operations within the national forests? | 021444.docx | LEGALEASE-00146042-LEGALEASE-00146043 |
| Teamsters Pension Trust Fund of Philadelphia v. Brigadier Leasing Associates, 880 F.Supp. 388 | 289+950 | Under Pennsylvania law, a dissolved partnership remains liable for its preexisting debts, but after the dissolution it generally does not incur liability unrelated to winding up process. | Does a partnership remain liable for preexisting debtsupon dissolution? | 022455.docx | LEGALEASE-00146351-LEGALEASE-00146352 |